## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et. al., | ) | Case No. 07-11047 (CSS) |
| | ) | Jointly Administered |
| Debtors, | ) | |
| | ) | |
| | ) | |
| | ) | |
| PAULA RUSH | ) | **Objection Deadline: February 26, 2009** |
| | ) | **Hearing Date: TBD** |
| | ) | |
| MOVANTs | ) | |
| | ) | |

*(court filing stamp: 2009 FEB 11  2:52  FILED  US BANKRUPTCY COURT  DISTRICT OF DELAWARE)*

## MOTION OF PAULA RUSH  FOR ORDER TO AMEND  PROOF OF CLAIMS

PAULA RUSH ("Movant"), party in interest herein, hereby moves this Honorable Court

for an order to amend my proofs of claim filed herewith. In support of this Motion, PAULA

RUSH  respectfully state as follows:

1. Rules were changed at the last minute regarding consolidation.

2. Intercompany borrowings were not unscrambled in the plan.

3. It was revealed that 20 billion dollars was paid out in the ninety days leading up to the bankruptcy, 16 billion from American Home Mortgage Corp.

4. EPD Breach Claims may compete with my recovery under plan and do not account for my rights of rescission, set off and recoupment.

5. American Home has NEVER answered disclosure request, nor has Wells Fargo, Goldman Sachs or Deutsche Bank.

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979);  American Home Mortgage Servicing, Inc.( "AHM Servicing"), aMaryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and
1344. This matter is a core proceeding pursuant to 28 U.S. C. §§157(b)(2)(A).

2.      Venue is appropriate pursuant to 28 U.S.C…. §§1408 and 1409.

3.      The statutory predicates for relief are 11 U.S.C. § 1085 and Fed. R. Bankr. P.
3003(c)(3).

## BACKGROUND

4.      Movant believes that the allegations constitute the enforcement of regulatory
remedies *§ 362(b)(4)*, sound in fraud,  and may carry criminal penalties. All of these remedies
can't be avoided by bankruptcy. Congress clearly intended that perpetrators of fraud should
not be given the opportunity to wipe out debts in bankruptcy, and disallowing the acceptance
of this AMENDED Proof of Claim, will severely prejudice Movants right of due process.

5.      American Home is using this Court and its protections to protect its officers,
directors and third party loan purchasers, and have directly and continuously refused to
answer my RESPA request and disclose the true owner of Movants loan under TILA
1641(f)(2).

6.      Former financing partners, both on book and off book investors, Master
servicers, and Indenture Trustees sitting on the unsecured creditors committee,  are using this
Court and the bankrupt Debtor to hide behind and not answer to allegations, at the same time
they are filing hundreds of million of dollars of Claims, which may include claims related to
Movant's loan. In this manner, they complete the agenda to trample Movant's rights.

7.      Movant originally requested a complete loan file, and the true owner of the note,
through a RESPA letter in April 2007, petitioned this Court for the owner of the note on Oct.

31, 2007 and repeatedly thereafter. Complete information has never been provided. However

servicing records showed various investor numbers, some Movant has been able to identify

and some she as not.  The records show the loan went from a warehouse funding line of credit

#021/0000001 to #514/0000014 to #330/0000001. Movant has identified #21 as AHMSI

Trust  account Interim Serviced Warehouse, and #514 is unidentified but #14 is associated with

a Melville acct, and #330 is Goldman Sachs Trust GSR 2006-OA1.

     8.    Movant has petitioned for this information and participated in hearings,

requesting the information on the true owner of the note or master servicer repeatedly as in

Docket #1489, #1997, #2816, #2951  under TILA 1641(f)(2).  In Docket #1656 Page 2, Counsel

for American Home asserts that Movant's loan is owned by a "third party securitized trust." Now

it is obvious to Movant that the party who they were protecting was a third party purchaser

(Goldman Sachs) who at the time of the bankruptcy filing were the next largest stockholder in

American Home Mortgage second only to CEO Michael Strauss.

     9.    Clearly there has been no lack of due diligence in attempting to obtain correct

information. At the time Movant attempted to file a proof of claim **the case was consolidated**,

no complete information had been provided on intercompany claims, or how the final

plan may be administered.

    10.    It was in this final hour that all the rules were change and a plan was revealed.

This  Plan's design revealed a great disparity of recovery depending on which entity a claim was

held against, did not unscramble intercompany claims, and revealed substantial relevant

information such as the amount of money that was paid out of the estate in the 90 days leading

up to the bankruptcy. All of these items and others only revealed in this final hour affect

potential recovery.

    11.    In the 90 days leading up to the bankruptcy American Home now reveals over 20

billion dollars was paid out. The majority, 16 billion dollars came out of American Home

3

Mortgage Corporation. Not surprising this is the entity that American Home claims most borrowers claims fall, including mine.

12.      In fact when I received my Proof of Claim form, this entity was already typed in. At the time, acting on incomplete information I just filled it out and sent it in. Again, it wasn't my lack of due diligence, but the Debtors obfuscation of numerous facts as named herein.

13.      The next issue is the substantial bank claims in the form of EPD/Breach claims, which in a normal course of business would result in a repurchase claim.  The repurchase claims are based on some sort of breach of warranty or early payment default. However in this context, the banks will get a monetary claim, plus keep the loan. A loan which may include my loan, which I am seeking recovery out of the same pot.

14.      Considering my loan may be in a Goldman Sachs TRUST GSR 2006-OA1 (still unknown/unconfirmed) and Deutsche Bank and Wells Fargo have both submitted claim under the Debtors protocal, on GSR 2006-OA1, why shouldn't my recovery come before there recovery? They are the holders of the note, they received the fruits of the fraud.  They also would be the beneficiary of the TRIAD mortgage insurance policy, which I paid for vicariously in the interest rate charged on my loan. TRIAD also issues bulk supplemental and master policies on TRUSTS. American Home, Goldman Sachs, Deutsche Bank and others participate in ISDA swap

agreements to cover losses. Yet all parties are looking to recover even more after all insurances and the protocal is very unclear, not transparent, and most disturbing to me. In fact, according to the protocal for my loan, these parties would actually make money over 100% recovery and still refuse to address my  issues.

15.      The EPD/Breach Claims which should have resulted in repurchase of loans is also troubling for Movant considering according to this disclosed formula, American Home should have repurchased my loan from GSR 2006-OA1 long ago.  However, American Home

insisted in Court they do not own my loan.  **Movant sent a follow up RESPA QWR letter** directly

to the new Ross owned servicing entity, Goldman Sachs, Deutsche Bank, and Wells Fargo

demanding they disclose if they owned the note. Not one party replied.  So Movant is left to

wonder if American Home is holding her note as a repurchase or if these parties are asserting a

claim now when they didn't assert one when they should have.  Perhaps because the American

Home Debtor was advancing payments to them all along under the MLPSA or some other

mechanism of insurance or swaps.

     16.      Also considering Goldman Sachs held a large investment in American Home

Mortgage, and had voting securities, and Deutsche Bank is one of several others on the unsecured

Creditor's committee I can see how this protocal was designed in favor of the banks.

     17.      To date no mechanism has been put in place to assist borrowers in streamlining

claims Administration, but the banks made sure they got one in place.  The fundamental fairness

issue of equitable subordination has not been considered. The fact remains as borrowers are left in

the dark about who holds the note, the note holders are making claims against the estate based on

those notes. The borrowers will be left in the dark fighting to defend theirs homes and again the

banks have every advantage. They have the note, streamlined claims against the estate,

insurances, and TARP money. When is it going to end. Borrowers don't stand a chance.

     18.      Movant must file against **ALL** Debtor entities at this time until American

Home discloses **ALL** the information. Although, American Home ran the bankruptcy as

**consolidated,** they are proposing a  Chapter 11 plan which is **not consolidated**. Due to the

substantial intercompany claims, and  the Proof of Claims value of recovery based on what entity

claims fall against, Movant must have a blanket claim which can be changed if Debtor complies

with disclosure. In its current form the estimated recovery against American Home Mortgage

Holdings of 5.01% for unsecured claims, and in contrast only 1.30% out of AHM Corp.

19.    American Home originated loans through American Home Mortgage

Acceptance, American Home Mortgage Holdings, American Home Mortgage

Corporation, and American Brokers Conduit, as well as several non-debtor subsidiaries.

American Home entities then passed loans through SPE entities like American Home

Mortgage Securities LLC, American Home securities LLC, and American Home Mortgage

Assets LLC, to over 78 AHM securitized trust, and numerous other third party purchasers.

20.    These individual Trusts have a MLPSA agreements, ISDA contracts, Lender Paid

Mortgage insurance policies, REMIC, IRS, SEC and other rules, which the servicer must follow.

21.    Movants loan was registered in MERS under Org ID # 1000242 which is

**American Home Mortgage Holdings**, and American Home asserted various entities in Court

filings against Movant. The eggs in this company were definitely scrambled and now American

Home doesn't want to unscramble them or can't to the detriment of claimants like Movant.

American Home sent Movant a claim form for American Home Mortgage Corp. Movant now

knows Homegate Settlement Services, American Home Mortgage Holdings, American Brokers

Conduit, American Home Mortgage Servicing, and other American Home entities may also have

been involved in the origination and servicing of her loan.

22. American Home Mortgage Corporation and agents Cohn, Goldberg & Deutsch

LLC submitted that Mortgage Electronic Registration Systems Inc (MERS) was nominee for

American Home Mortgage Corporation, and American Home Mortgage Corporation was the

holder of the note securing Movant's property. According to MERS, American Home

Mortgage Holdings Inc, is the owner, and according to Movant's servicing records the true

party holding Movant's loan is Goldman Sachs Trust GSR 2006-OA1.

23.    Movants loan documents say American Brokers Conduit was

assigned Movant's loan at inception before closing. ServiceLink/Chicago Title is accusing

American Brokers Conduit of responsibility for all mistakes in preparing  Movant's closing

documents.

24.    Movant believes that ServiceLink/Chicago Title had some sort of fee splitting or

lender affiliated platform with American Home through Great Oak Abstract, Homegate, CNI,

CNIRE, or other American Home entity.

25.    Movant has discovered that the Appraiser, Jonathan Zetts,  who Movant has a

pending lawsuit against for inflating the value was an agent of American Home through

Homegate Settlement Services. The overvalue of Movants home benefited American Home in

selling the house on the secondary market, the insurance premium is lower for better LTV, and

investors based decisions on purchasing American Home mortgage stock on the "so-called"

quality of the borrower and the value of the collateral securing the loans.


26. American Home is well aware of where the loans are located, MERS job is tracking

these loans, And as of this date Movant's loan is still shown as active in MERS.  Who is
currently

the holders in due course, could be discovered and proven by the parties by producing complete

chain of title  as recorded on the MERS system.

27.  American Home is choosing to obfuscate this information. This information

is critical to understanding what entity a borrower may have a claim against.  At the hearing on

October 31, 2007, Mr. Brady, Attorney for the Debtor, asserted in this Court that American
Home

Mortgage did not have to comply with TILA 1641(f)(2).  Mr. Dickman, as witness for American

Home Mortgage servicing, asserted that mortgage investors did not want American Home

Mortgage Servicing to comply with TILA 1641(f)(2),  stating they pay us to service and field all

7

inquiries. Mr. Dickman stated clearly that the investor and the master servicer **does not** want them

to give the borrowers this information, and generally speaking they do not give that information

to the borrower. This is not a **choice** they get to make.

Title 15  §1641(a)(b)(c) is clear - All liability in civil action may be maintained

against anyone who is an assignee therefore making the owner of the note an absolute

requirement for the borrowers. Title 15  §1641(f)(2) is clear - Upon written request by the

obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with

the name, address, and telephone number of the <u>owner of the obligation or the master

servicer</u> of the obligation. Title 12  § 2605(e)(A) is clear – The loan servicer has a duty to

respond to borrower inquiries. The Lender has a duty to respond as required under Title

12  §2605 (2)(A)(B)(C).

## NOTIFICATION

28.   Although Movant was aware of a requirement to file a proof of claim, Movant

was sent a POC based on the Debtor entity which American Home chose. Incomplete

information avaliable at that time made it impossible for Movant to know the significance of a

claim against that Debtor entity vs. others. Obviously this was not due to any lack of due

diligence on Movant's part. This originates completely from obfuscation on American Home's

part.

29.   Sadly Movant has spent thousands of hours trying to figure it all out. Most

borrowers are far behind Movant and to this day are largely unaware of  the issues asserted
herein.

By the time they figure it out it will be too late unless a mechanism is put in place, as part of this

plan to fix the problems.

30. Most other borrowers had no way of knowing loan files may be destroyed, deadlines were occurring, or rights of due process may be violated. In fact, most consumers would think all their rights were being protected. The proof of claim deadline closed in January of 2008 not even a full year after the bankruptcy filing. This is not a reasonable amount of time.

31.    Movant did all she could by demanding protections under 363(o), and attempting to solve problems with disclosure under TILA 1641(f)(2), but now the fast tack finale approaching. So as most borrowers still stand in the dark, American Home is trying to pull down the final curtain on all our rights.

32.    Movant has also become aware that certain loans were compromised, and certain parties were noticed after the Debtor said they could not notify ALL borrowers. In fact, when Movant petitioned for the notice and request to purchase loans on par with the banks on relatively small pools of loans, the Debtor fought vigorously against it. Yet in #3239 petition a few months later the Debtors did exactly that. Special Notice and special treatment of loans. Over 20,000 of them.

33.    Under close examination of petition #3239, Exhibit B (HELOC LOANS) & C ( CONSTRUCTION LOANS), it is clear there are many parties on this list are insiders, employees, and joint venture partners of the Debtors. These names include excutives; Stephen Hozie CFO, David Friedman EVP Servicing, Tim Neer SVP, Craig Pino CIO, Michael McManus Senior Executive; joint venture partners, Frank Catalano – 1st Home Mortgage – Mid West; and  employees such as Seth Harris Senior loan officer and his wife Meredith Harris. So it is unjust for those parties to have  received a  direct notification of a proof of claim deadline, and given an extended deadline. It is also unfair that those parties loans may have also been given special treatment and compromised as part of this bankruptcy.

## BASIS FOR RELIEF

34. Section 105 of the Bankruptcy Code authorizes the Court to exercise

equitable powers to, "issue any order, process, or judgment that is necessary or appropriate

to carry out the provisions of this title." Bankruptcy Rule 3003(c)(3) provides that the

Court, "for cause shown may extend time within which proofs of claim or interest may be

filed."

35. This Court should view the need for filing an amended claim under the reasoning

that the need is not due to lack of due diligence but obfuscation of the Debtor.

## CONCLUSION

36. American Home is still objecting to claims and as the process is still ongoing there

is no prejudice to American Home to accept Movant's AMENDED Proof of Claim. American

Home has not yet objected to Movant's Proof of Claim. This acceptance in no way prejudices

American Home's right to object to my AMENDED proof of claim.

37. For the reasons stated above, Movants respectfully request that

this Honorable Court enter an order, in substantial conformity with the proposed form of

order submitted herewith, (i) deeming Movants AMENDED Proof of Claim against each of the

Debtors accepted, (ii)granting the Motion, and (iii) granting to Movants such other and further

relief as the Court deems just and proper.


Dated: February 9, 2009

_____

Paula Rush
2651 Peery Drive
Churchville Md. 21028
410-914-5315
paularush@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of February, 2009, a copy of the foregoing Motion was

mailed first -class postage paid to:

Counsel for Debtors:
Pauline K. Morgan, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box. 391
Wilmington DE 19899-0391
Phone: 302-571-6600
Fax: 302-571-0453

Joseph  M. McMahon Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Phone: 302-573-6491
Fax: 302-573-6497

Official Committee of Unsecured Creditors
Mark Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Ave. 14th & 15th Floor
New York,  NY 10022

Dated: February 9, 2009

Paula Rush
2651 Peery Drive
Churchville Md. 21028
410-914-5315
paularush@comcast.net

11

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>         Debtors,<br><br><br><br>PAULA RUSH<br><br><br>MOVANTs | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>)<br>)<br>)<br>) **Objection Deadline: February 20, 2009**<br>) **Hearing Date: TBD**<br>)<br>)<br>) |

## <u>ORDER</u>

Upon consideration of the *Motion of* PAULA RUSH *for an*

*order Accepting Amended Proofs of Claim (* the "Motion"); and appearing that the Court has

jurisdiction in this matter; and it appearing that notice of the Motion as set forth therein is

sufficient, and that no other or further notice need be provided; and it appearing based on the

evidence presented that the relief is warranted; and after consideration of any responses,

objections, answers, and replies to the Motion; and after due deliberation and sufficient cause

appearing therefore, it is hereby:

**ORDERED** that the Motion is Granted in all respects; and it is further

**ORDERED** that the Amended Proofs of Claim shall be, and hereby

are, deemed accepted.


Dated:_____        _____

                                 The Honorable Christopher S. Sontchi

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

*Debtor*

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof of Claim*

A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

*Secured Claim*

A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

*Unsecured Claim*

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

*Unsecured Priority Claim*

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**

Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**

Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

**6. Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

**7. Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

#8743 Claim ~~XXXXXX~~ ORIGINAL *Deadline*

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE American Home Mortgage Claims Processing Center FDR Station, P.O. Box 5076 New York, NY 10150-5076 | PROOF OF CLAIM |
|---|---|

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered | Filed: USBC - District of Delaware American Home Mortgage Holdings, Inc., Et Al. |
|---|---|---|
| Name of Debtor Against Which Claim is Held AMERICAN HOME MORTGAGE CORP | Case No. of Debtor 07-11051(CSS) | 07-11047 (CSS)          0000008743 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Filed w/

THIS OFFICE IS FOR COURT USE ONLY

| Name and address of Creditor : (and name and address where notices should be sent if different from Creditor) | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751121380***** RUSHWMN-07-CV-854 2651 PEERY DRIVE CHURCHVILLE MD 21028 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |

Your claim is scheduled by the Debtors as:
UNSECURED
UNLIQUIDATED
DISPUTED
CONTINGENT
UNDETERMINED

Telephone number: 443-676-3509
Email Address: paularush@comcast.net

Account or other number by which creditor identifies debtor:
00012 22 336

Check here if this claim:
☐ replaces     ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other  LAWSUIT - Rescission (explain)    "See Attached"

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: 2 7 3 8
Unpaid compensation for services performed
from _____ to _____
        (date)              (date)

**2. Date debt was incurred:**  April 3, 2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,090,000 + 700,000 + _____ = 1,790,000
(Unsecured nonpriority)   (Secured)   (unsecured priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff.)
Brief Description of Collateral:
☑ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ 700,000
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 700,000

**6. Unsecured Nonpriority Claim:** $ 1,090,000
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10.** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED
JAN 11 2008
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date 1-9-08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) _Paul M._ Paula Rush |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: | Chapter 11 |
| --- | --- |
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| --- | --- |
| ALL DEBTORS | 07-11047 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Paula Rush
2651 Peery Drive
Churchville MD 21028

Telephone number: 410-914-5315
Email Address: paularush@comcast.net

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:**
0001222336

**Check here if this claim:** ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other LAWSUIT - Rescission (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: 2738
Unpaid compensation for services performed
from _____ (date) to _____ (date)

**2. Date debt was incurred:** 4/3/2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,090,000 (unsecured nonpriority) + 700,000 (secured) + _____ (unsecured priority) = 1,790,000 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☑ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ 700,000
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 700,000

**6. Unsecured Nonpriority Claim:** $ 1,090,000
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
| --- | --- |
| 2/9/09 | Paula M    Paula Rush |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|

Name of Debtor Against Which Claim is Held: *American Home Mortgage Holdings*    Case No. of Debtor: *07-11047*

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

*Paula Rush*
*2651 Peery Drive*
*Churchville Md 21028*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Telephone number:** *410 414-5315*
**Email Address:** *paula.rush@comcast.net*

**Account or other number by which creditor identifies debtor:** *0001222336*

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated: _____

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | |
| ☐ Personal injury/wrongful death | Last Four Digits of your SS#: _2_ _7_ _3_ _8_ |
| ☐ Taxes | Unpaid compensation for services performed |
| ☑ Other *Lawsuit - Rescission* (explain) | from _____ to _____<br>(date)         (date) |

| 2. Date debt was incurred: *4/3/06* | 3. If court judgment, date obtained: |
|---|---|

4. **Total Amount of Claim at Time Case Filed:** $ *1,090,000* (unsecured nonpriority) + *700,000* (secured) + _____ (unsecured priority) = *1,790,000* (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☑ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ *700,000*
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ *700,000*

6. **Unsecured Nonpriority Claim:** $ *1,090,000*
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: *2/9/09*

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Paula Rush*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| American Home Mortgage Servicing | 07-11050 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Paula Rush
3651 Peery Drive
Churchville MD 21028

Telephone number: 410 914-5315
Email Address: Paularush@comcast.net

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:**
0001222336

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other  LAWSUIT - Rescission (explain)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#:  2 7 3 8

Unpaid compensation for services performed

from _____ to _____
     (date)      (date)

**2. Date debt was incurred:** 4/3/2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,090,000 (unsecured nonpriority) + 700,000 (secured) + _____ (unsecured priority) = 1,790,000 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☑ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ 700,000
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 700,000

**6. Unsecured Nonpriority Claim:** $ 1,090,000
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

THIS SPACE IS FOR COURT USE ONLY

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 2/9/09 |  Paula Rush |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



AMENDED

In re  AMERICAN HOME MORTGAGE CORP.

Debtor

Case No.  07-11051

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    RURAHOU<br><br>RURAL HOUSING<br>MAIL STOP 1510<br>1400 INDEPENDENCE AVE<br>WASHINGTON, DC 20250 | | | AP VENDOR | | | | $28,306.70 |
| ACCOUNT NO.<br><br>RUSH V. AMERICAN HOME MORTGAGE INC.<br>07-854<br>PAULA RUSH<br>2651 PEERY DRIVE<br>CHURCHVILLE, MD 21028 | | | LITIGATION | X | X | X | Undetermined |
| ACCOUNT NO.    RUTHCOU<br><br>RUTHERFORD COUNTY<br>REGISTER OF DEEDS<br>319 N. MAPLE ST<br>MURFREESBORO, TN 37130 | | | AP VENDOR | | | | $12.00 |
| ACCOUNT NO.    RUTHCOU37133<br><br>RUTHERFORD COUNTY HOME<br>PO BOX 331479<br>MURFREESBORO, TN 37133-1479 | | | AP VENDOR | | | | $15.00 |
| ACCOUNT NO.    RWCMANA<br><br>RWC MANAGEMENT, LLC.<br>300 RIVERWALK TERRACE<br>SUITE 280<br>JENKS, OK 74037 | | | AP VENDOR | | | | $674.61 |

Sheet no. 660 of 876 sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | $29,008.31 |
| Total<br>(Use only on the last page of the completed Schedule F) | |

(Report total also on Summary of Schedules

**TO: ALL PARTICIPANTS IN GSR 2006-OA1 TRUST**
**AND Account # 0001222336**

**GSR Mortgage Loan Trust 2006-OA1  (0001371773)**
85 BROAD STREET
NEW YORK NY 10004
New York, New York 10004
Attention: Eugene Gorelik new contact Roger Yao
Tel: (212) 902-5008
Fax: (212) 902-3000

*No REPLY*

**American Home Mortgage Compliance**
John Kalas Senior Vice President
Deputy General Counsel
538 Broadhollow Road
Melville NY 11747
Phone  631-622-6476
Fax  516-495-5418

*No REPLY*

**American Home Mortgage Servicing, Inc.**
4600 Regent Blvd, Suite 200
Irving, TX 75063
Attention: David Friedman, Executive Vice President
E-mail: david.friedman@americanhm.com

*No REPLY*

**Deutsche Bank National Trust Company**
1761 East St. Andrew Place
Santa Ana, California 92705
Attention: GSR 2006-OA1
Telephone: (714) 247-6000
Facsimile: (714) 247-6329

*— No REPLY*

**WELLS FARGO Corporate Trust Services**
9062 Old Annapolis Road Columbia, MD 21045-1951
Attention: Corporate Trust Group (GSR 2006-OA1)
Telephone: (410) 884-2000
Facsimile: (410) 715-2380

*— No REPLY*

**Foreclosure**
Cohn, Goldberg & Deutsch LLC
600 Baltimore Ave
Towson Md. 21204

*Removed Foreclosure Action From Harford County*

FROM: Paula Rush
2651 Peery Drive
Churchville Md. 21028
443-6476-3509
410-914-5315

RE: **Account # 0001222336**

8/11/2008

Please treat this letter as a **"qualified written request"** under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).

Previously I sent American Home Mortgage Servicing a RESPA letter, that has been disputed as to whether or not it was a RESPA letter, and a TILA loan rescission letter, which went unanswered. Keep this in mind.

A LENDER'S SUBJECTIVE BELIEF THAT IT HAS RESPONDED FULLY TO QUALIFIED WRITTEN REQUESTS IS IMMATERAL. *Holland v. GMAC Mortgage Corp.*, No. 03-2666-CM, 2006 U.S. Dist. LEXIS 25723 (D. Kan. 2006)

On the response to QWRs issue, the Court determined that, although GMACM had replied in writing to two of plaintiff's QWRs, its responses violated RESPA because GMACM **failed to explain that it had conducted an investigation into the plaintiff's inquiries and failed to address the bulk of the plaintiff's inquiries**. GMACM contended that there were no RESPA violations because it had subjectively believed that it responded fully to the plaintiff's correspondence. The Court rejected the relevancy of mortgage **companies' subjective beliefs regarding the RESPA rules for QWR compliance.**

Subsequently, when no assistance was offered, I filed a Federal Court action WMN 07-854. This was then stayed due to American Home Mortgage Bankruptcy.

During that time, I petitioned over and over again for the true owner of the note under TILA 1641(f)(2) which, not only was never answered, but testimony was given in court that the Investors **"did not want"** American Home to provide this information to borrowers. The parties this referred to are: Goldman Sachs, Deutsche Bank and Wells Fargo.

On July 17, 2008 I received Relief From Stay to proceed with my case in Federal Court. Before I proceed I'm attempting one last time to communicate to parties with an interest in this loan. Up until this point you have allowed American Home Mortgage and Weiner, Brodsky, Sidman, Kider, to represent your interest as you have hidden in the background. They did not negotiate in good faith and have failed miserably in ways that will cost all parties to this action. Damages have continued to escalate for all parties to this loan including you.

I have found my loan in SEC filings for GSR 2006-OA1 Trust, so it is pointless to continue to try to hide behind American Home Mortgage. If American Home Mortgage repurchased this loan, I demand to know when, and all proof of assignments. IF a

certificate of non-recoverability has been issued to GSR 2006-OA1 Trust certificate holders, I demand to know.  I have viewed the SEC filings and found my loan in this trust, so the game is pointless.

Young Conway Stargatt and Taylor certified in Federal Court on October 31, 2007 that this loan is owned by a third party, sold "prepetition." Recently I contacted, YCST and Ken Enos reaffirmed that it was their belief that nothing had changed since they asserted that on October 31, 2008 and that this loan is still in the same place.

Cohen Goldberg & Deutsch asserted in District of Maryland Bankruptcy Court in Baltimore filings that my note holder is American Home Mortgage Holdings. In the Harford County Circuit Court foreclosure action, CGD asserts that American Home Mortgage Servicing is the note holder. American Home Mortgage attorneys, Young Conaway Stargatt Taylor insist that my loan was sold pre-petition and then securitized, which is consistent with that fact that I have found my loan in GSR 2006-OA1 Trust. Obviously someone is falsely certifying certain information to Courts and certain parties are obfuscating the truth.

Cohn Goldberg Deutsch should take notice that a Federal Appeals Court has ruled that Debt collectors cannot blame their mistakes on creditors. *Reichert v. National Credit Systems.* This letter hereby notifies Cohn Goldberg Deutsche that if they are asked to conduct a foreclosure they should reasonably ensure that when asserting to the Court who the owner of the note is, they should give correct information, and should be aware that a rescission remedy has been asserted and fraud, which until fully adjudicated and resolved will put Cohn Goldberg Deutsch in a position to be held accountable if they chose to ignore these issues and attempt to foreclose. As a result of this notification and facts asserted herein, any "bona fide error" defense will not apply if CGD chooses to proceed. Also recent changes have occurred in Maryland regarding what information needs to be presented in a foreclosure action. I'm sure CGD are well aware of those new rules.

American Home Mortgage Servicing, is now wholly owned by AH Acquistions as of the final close and now are responsible for any foreclosure and refusal to respond under TILA 1641(f)(2). Does the new entity want to act in a manner that is inconsistent with Federal Law and continue the irresponsible behaviors of the Debtor, American Home? It's now your choice.

Wells Fargo as master servicer is well aware of this situation as I have communicated directly with Frank Top of Chapman Cutler requesting the information under TILA 1641(f)(2). Even after giving Frank Top the trust information GSR 2006-OA 1, Chapman Cutler chose not to answer and to obfuscate. In addition, going back to my first appearance in the bankruptcy court, Frank Top was the attorney to follow me in questioning Mr. Love on the stand therefore he heard every assertion I made. More recently, Wells Fargo and Deutsche Bank filed petitions with practically identical paragraphs naming me by name and requesting indemnifications. Clearly all parties who have been hiding, are well aware of my issues and have chosen to conceal from me their identity and to refuse to engage in loss mitigation. This letter will be mailed to the party listed on the SEC filings in which I found my loan. Wells Fargo 9062 Old Annapolis Road Columbia, MD 21045-1951

Deutsche Bank as Indenture Trustee is receiving this request for the first time and has the opportunity to come forward and discuss the problems I have encountered in this two year debacle. As Indenture Trustee you are the holder of the note and the responsible party of interest therein.

Goldman Sachs was the next largest shareholder second only Michael Strauss, so it will be very difficult to assert any innocent party purchaser on the secondary market defenses. Also, as revealed in filings and disclosed to me by YCST, I have been informed that Michael Strauss no longer is in charge of this company and it is the board of directors that has terminated his employment. Goldman Sachs is one of the board members with voting securities which has taken over the management and/or restructuring of American Home.

I fully realize why all the parties to this loan are hiding behind American Home. No one wants to held accountable, however it is too late as I have already discovered this information so wouldn't it make more sense to just come forward. As ongoing concerns you can no longer hide behind the bankrupt American Home Mortgage.

I have asserted my issues repeatedly and the parties of which I refer to above are well aware that they are aiding and abetting the obfuscation of the true owner of the note. In the overwhelming effort to hide, you have let American Home actions affect the investors in your trusts. Damages on all sides are just escalating. I have also been participating in the TRIAD investigation after discovering they were the insurer on my note. Investors, insurers, and numerous other parties are very interested in the conduct alleged in my complaint as the issues affect more than just victim borrowers of AHM.

If you are in agreement that American Home has been negligent in handling my issues, and wish to negotiate a settlement and resolve this matter in an efficient and timely matter and to mitigate the damages to all parties involved, please respond and inform me of how you would like to proceed. If not I will be forced to proceed and use every available means I have available to me to seek restitution and continue to make public disclosures of all I have learned about this company.

Up until this point you have been able to stay in the background and pretend you are unaware of the actions which have taken place. Upon receipt of this letter that will no longer be the case. I request a timely response by August 18, 2008 and if you fail to respond I will add Wells Fargo, Goldman Sachs, and Deutsche Bank to my complaint.

If Cohn Goldberg Deutsch make any more affirmative actions and fail to remove the current pending action from Harford County which asserts the incorrect party as owner of the note, then I will enjoin them as well.

Sincerely,

_____    DATE: 8/11/2008

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore



| | |
|---|---|
| IN RE:<br><br>Paula Lynn Rush<br><br>　　DEBTOR(S) | Case No.: 07-10250-RAG<br>Chapter 13 |
| Mortgage Electronic Registration Systems,<br>Inc., as Nominee for American Home<br>Mortgage Corporation<br>　　　　MOVANT<br>　　　　vs.<br>Paula Lynn Rush<br>　　RESPONDENT(S) | NOT OWNER<br>OF NOTE<br>GSR OA1 |

* * * * * **CERTIFICATION OF SERVICE** * * * * *
ON
**MOTION SEEKING RELIEF FROM AUTOMATIC STAY**

　　　I, the undersigned counsel of COHN, GOLDBERG & DEUTSCH, LLC, 600 BALTIMORE AVENUE, SUITE 208, TOWSON, MD 21204, certify that I am, and at all times hereinafter mentioned was, 18 years of age and that on April 13, 2007, I served a copy of the MOTION SEEKING RELIEF FROM AUTOMATIC STAY, by FIRST CLASS MAIL, and/or ELECTRONIC FILING NOTIFICATION on the respondent(s) in this proceeding to:

Paula Lynn Rush
2651 Peery Drive
Churchville, MD 21028


and respondent(s)' counsel:　　　　　　　Ellen W. Cosby, Trustee
Pro Se　　　　　　　　　　　　　　　　PO Box 20016
　　　　　　　　　　　　　　　　　　　Baltimore, MD. 21284-0016

I certify under penalty of perjury that the foregoing is true and correct.


Executed on April 13, 2007　　　　　　　/s/Richard J. Rogers
　　　　　　　　　　　　　　　　　　　Richard J. Rogers, Esquire

COHN, GOLDBERG &
DEUTSCH, LLC

ATTORNEYS AT LAW
600 BALTIMORE AVENUE
SUITE 208
TOWSON, MD 21204

)-296-2550

File #: 414505

FIVE

That MOVANT has been and continues to be irreparably injured by the Stay of S. 362(a) of the Bankruptcy Code which prevents the MOVANT from enforcing its right under its Deed of Trust.

WHEREFORE, MOVANT, prays this Honorable Court grant the following relief:

A.  That the Court enter an Order lifting the Stay of S. 362  to enable Mortgage Electronic Registration Systems, Inc., as Nominee for American Home Mortgage Corporation, or its successors and assigns, to enforce its rights under its Deed of Trust, which would enable it to foreclose on the property.

B.  That the Court grant such other and further relief as may be necessary.

/s/Richard J. Rogers
Richard J. Rogers, Esquire
Cohn, Goldberg & Deutsch, LLC
600 Baltimore Avenue, Suite 208
Towson, MD  21204
410-296-2550
Attorney for Movant

COHN, GOLDBERG &
DEUTSCH, LLC

ATTORNEYS AT LAW
600 BALTIMORE AVENUE
SUITE 208
TOWSON, MD 21204

0-296-2550

File #: 414505

ATTEST:                                    American Home Mortgage Servicing

_Jaime L Wheeler_                          _[signature]_

                                           By: Darlene Buzzard, Attorney in Fact

STATE OF Maryland      :

COUNTY OF Baltimore    :

The undersigned, JAIME L Wheeler, a Notary Public in and for the State and County aforesaid, do hereby certify that Darlene Buzzard, Attorney in Fact, personally appeared before me in the jurisdiction aforesaid, and, being duly sworn and personally well known to me or reasonably proven to be the persons who executed the said Deed of Appointment of Substitute Trustee, acknowledged the same to be his/her willful act and deed in his/her corporate capacity and that of the said party of the first part, and that he/she has lawful authority execute same.

Given under my hand and seal this 11th day of December, 2006

_Jaime L Wheeler_
Notary Public

My Commission Expires:

```
┌─────────────────────────────────────┐
│        JAIME L. WHEELER              │
│         NOTARY PUBLIC                │
│      BALTIMORE COUNTY, MD            │
│  MY COMM. EXPIRES. MARCH 30, 2009    │
└─────────────────────────────────────┘
```

     I hereby certify that this instrument was prepared under the supervision of Edward S. Cohn, an attorney admitted to practice before the Court of Appeals of Maryland.

                                           _[signature]_
                                           Edward S. Cohn

AFTER RECORDING, RETURN TO:
Cohn, Goldberg & Deutsch, LLC
600 Baltimore Avenue, Suite 208
Towson, MD  21204

COHN, GOLDBERG &
DEUTSCH, LLC

ATTORNEYS AT LAW
600 BALTIMORE AVENUE
SUITE 208
TOWSON, MD 21204

410-296-2550

File #: 414505

## EXHIBIT A -- LEGAL DESCRIPTION

ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE COUNTY OF HARFORD, AND STATE OF MARYLAND BEING KNOWN AND DESIGNATED AS FOLLOWS:

LOT NO. 4 AS SHOWN ON THE PLAT ENTITLED "REVISED FINAL PLAT, LOT 4 SECTION 1, HARLAN'S GLANCE", WHICH SAID PLAT IS RECORDED AMONG THE LAND RECORDS OF HARFORD COUNTY, MARYLAND IN LIBER 112, FOLIO 78.

TAX ID: 03-366189

COHN, GOLDBERG &
DEUTSCH, LLC

ATTORNEYS AT LAW
600 BALTIMORE AVENUE
SUITE 208
ON, MD 21204
0-296-2550

File #: 414505

LIBER 7 1 1 8 FOLIO 0 2 8 3

*RPS*
*# 4637*

# COHN, GOLDBERG & DEUTSCH, LLC

### ATTORNEYS AT LAW
### 600 BALTIMORE AVENUE
### SUITE 208
### TOWSON, MARYLAND 21204

EDWARD S. COHN *
STEPHEN N. GOLDBERG *
RONALD S. DEUTSCH *
RICHARD E. SOLOMON *
———
RICHARD J. ROGERS *
———
*ALSO ADMITTED IN D.C.

JEROME F. COHN
(1935 – 1982)
———
TEL: 410-296-2550
FAX: 410-296-2558

April 26, 2007

Paula Lynn Rush
2651 Peery Drive
Churchville, MD 21028

RE:    2651 Peery Drive
Churchville, MD 21028
Loan #1001222336
Our File #414505

Dear Paula Lynn Rush:

*Corp*

On April 3, 2006 you executed a Deed of Trust and Note secured by the above referenced property, and borrowed money in connection with a loan made by American Brokers Conduit. The current holder of the Note is Mortgage Electronic Registration Systems, Inc., as Nominee for American Home Mortgage Corporation. The loan has been referred to this office for legal action based upon a default under the terms of the loan agreement.

The amount owed pursuant to the terms of the Deed of Trust and Note through the date of this letter is $636,714.95. Be advised, however, that interest continues to accrue on the principal balance of the loan at a rate of $129.72 per day. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day paid may be greater than the above-referenced "amount owed." Hence, if the above "amount owed," is paid, an adjustment may be necessary after we receive the funds, in which event we will inform the person making payment before depositing the check for collection.

If within thirty (30) days from receipt of this letter you fail to dispute all or part of the debt, the amount recited herein will be assumed as valid. If you notify this office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt and a copy of such verification will be mailed to you. Upon your written request within the thirty (30) day period, this office will provide the name and address of the original creditor if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have obtained an order of discharge from the United States Bankruptcy Court, which includes this debt, and have not reaffirmed your liability for the debt, or if you have not signed a Note in connection with this loan, this firm is not attempting to obtain a judgment against you, nor are we alleging that you have any personal liability for this debt. We may, however, take action against the property pledged as collateral for the debt, which may include repossession and/or foreclosure of the property.

For further information, write or call Darlene Buzzard of this office.

Very truly yours,

Cohn, Goldberg & Deutsch, LLC

*Letter 12/1/06*

*B4*

Via Regular Mail

Edward S. Cohn

*Jane Meyer & May Meyer*
*v.*
*Countrywide agent (37).*

*Phila*

1  element of justifiable reliance.  And, again, starting from the

2  proposition that the plaintiffs themselves admitted they were

3  unsure who owned their loan, continuing with the fact that the

4  March 30 letter never expressly stated that Countrywide owned

5  the loan.  And that most importantly, Countrywide's March 16,

6  2007 answer expressly denied that it owned the loan, and merely

7  stated it was the servicer.

8       At the very least, all of that should have put the

9  plaintiffs on notice that there was, indeed, a continuing issue

10  here.  They had more than enough time to engage in the -- in

11  the requisite discovery which candidly would not have been

12  rocket science, simply a matter of an interrogatory directed to

13  Countrywide and they could have gotten to the bottom of this

14  issue.

15       It's regrettable they didn't.  But there's simply no

16  legal basis for saddling Countrywide entirely with that -- with

17  that failure.

18       THE COURT:  Well, I don't agree with that at all.  I

19  mean, frankly, I found your client's conduct reprehensible.

20  And I don't know what portion of it is assignable to your firm.

21  I think the conduct was reprehensible.  I think that you -- it

22  was a concerted effort to lull them into inaction.  All you had

23  to do was tell them who owned it, and you obfuscated.  Whether

24  that was your decision, your client's decision, it was

25  somebody's decision.  It was a very misguided decision.

13

1          MR. BRYCE:  Well, Your Honor, I -- I think you're

2   giving us more credit than we're due in this respect.  And that

3   is I can --

4          THE COURT:  This isn't credit, this is blame.

5          MR. BRYCE:  Well, blame then, Your Honor.  I can

6   assure you that at the time the March 30 letter was sent, no

7   one sat down and thought, well, the Statute is going to run in

8   another two and a half or whatever months, and this will be a

9   neat way to, you know, pull a fast one on the plaintiffs.

10  Nobody thought that far ahead.  There was simply no thought

11  given to it.

12         THE COURT:  Well, we'll never know that.

13         MR. BRYCE:  Well, you can take my word for it.  If

14  Your Honor chooses not to, then, of course, that's Your Honor's

15  -- that's Your Honor's right.  But --

16         THE COURT:  I'm simply saying that's what it looks

17  like.

18         MR. BRYCE:  I -- I understand that, Your Honor.  And

19  -- and --

20         THE COURT:  It looks very bad.

21         MR. BRYCE:  I -- I understand that, Your Honor.  And

22  -- and that's why I acknowledged once before that I wish that

23  we had simply identified both the owner and -- and the

24  servicer.

25         THE COURT:  Didn't you guys have this case close to

# American Home Mortgage

538 Broadhollow Road • Melville, NY 11747

John Kalas
Senior Vice President
Legal Department

March 11, 2008

Laura Beall
11002 Blue Roan Road
Oakton, Virginia 22124

Re:   **Loan Number: 1000570969.**

Dear Ms. Beall:

Your letters to David Friedman and others requesting information on the above referenced loan obligation pursuant to the Truth in Lending Act, have been forwarded to me for response.

Section 1641(f)(2) of the Truth in Lending Act requires that upon your written request, the servicer provide information on the owner <u>or</u> the master servicer on your loan; nothing further.

The owner of the loan is **American Home Mortgage Investment Trust 2004-2.**

Contact information for this owner is as follows:

Care of:
American Home Mortgage Servicing, Inc.
4600 Regent Blvd Suite 200
Irving, TX 75063
Tel: 214-260-6902
Attn:  Scott G. Ellerbee

So that we can be sure that we respond to your requests, and that your requests do not get misdirected, please limit further communications so they are to Mr. Ellerbee's attention.

Sincerely,

John J. Kalas