## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

FILED

2009 FEB 13  AM 11: 41

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>Debtors,<br><br><br><br>Mona Dobben<br><br><br>MOVANT | )  Chapter 11<br>)<br>)<br>)  Case No. 07-11047 (CSS)<br>)  Jointly Administered<br>)<br>)<br>)<br>)  **Objection Deadline: February 19, 2009**<br>)  **Hearing Date: TBD**<br>)<br>)<br>) |

## MOTION OF MONA  DOBBEN  FOR ORDER DEEMING

## PROOFS OF CLAIMS #10607, #10608, #10609 TIMELY FILED OR, IN THE

## ALTERNATIVE, ALLOWING PROOFS OF LATE FILED CLAIMS

MONA  DOBBEN ("Movant"),  party in interest herein, and in reference to a property

known as 38645 37th St.,  Palmdale CA, 93550, loan number #1001702441,  hereby moves

this Honorable Court for an order deeming her proofs of claim filed herewith, to be timely

filed or, in the alternative allowing the late-filing of her Proofs of Claim("The Motion"). In

support of her Motion, MONA  DOBBEN respectfully state as follows:

---

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are:
American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment
Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc.
("AHM Investment"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "AHM
Servicing"), aMaryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York
corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability
company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great
Oak Abstract Corp. ( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538
Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd.,
Suite 200, Irving, Texas 75063.

1

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1344. This matter is a core proceeding pursuant to 28 U.S. C. §§157(b)(2)(A).

2.  Venue is appropriate pursuant to 28 U.S.C.… §§1408 and 1409.

3.  The statutory predicates for relief are 11 U.S.C. § 1085 and Fed. R. Bankr. P. 3003(c)(3).

## BACKGROUND

4.  In August of 2007 Movant attempted to communicate with American Home regarding being a victim of a mortgage fraud ring in CA. In October, Movant filed a petition docket # 1490 requesting various relief including loan file and true owner of her note. The loan file was sent by YCST to Movant to her correct address in Sun City AZ. This address was acknowledged by American Home and American Home's attorneys. However in April 2008 Movant's loan was foreclosed on with no notice to Movant. This foreclosure was conducted during the bankruptcy so Mona Dobben's claim should be a administrative priority claim.

5.  MGIC was the insurer and a claim was made on the illegal foreclosure. MGIC insurance premiums were paid from this Debtors estate funds however the beneficiary of that insurance was American Home Mortgage Assets LLC AHMA 2007-5 TRUST. Movant sent certified letters to Pauline Morgan as signatory on the trust, the US Trustee Joseph McMahon, John Kalas American Home Compliance attorney, MGIC, Wilbur Ross and AHMSI. No one stopped the sale. This is taken directly off SEC filings for this trust. American Home Mortgage Assets LLC.

Formed in the State of Delaware on <u>May 20, 2005</u> as a **wholly-owned subsidiary** of American Home Mortgage Corp., a New York corporation. The company was organized for the purpose of serving as a private secondary mortgage market conduit. The company maintains its principal office at 538 Broadhollow Road, Melville, New York, 11747
Process of Service: Corporation Service Company, 2711 Centerville Road, Suite 400, <u>Wilmington, DE 19808</u>

**<u>Trust Information:</u>**
American Home Mortgage Assets Trust 2007-5 - Mortgage-Backed Pass-Through Certificates, Series 2007-5
Delaware # 72-1600641 Filed On <u>7/2/07</u> · SEC File <u>333-143253-01</u> · Accession Number 882377-7-1854
American Home Mortgage Corp. - Sponsor
American Home Mortgage Assets LLC -Depositor
Countrywide Securities Corporation underwriter
Deutsche Bank National Trust Company, as trustee and Custodian

**<u>AH Mortgage Acquisition Co., Inc., an affiliate of WL Ross & Co. LLC,</u>** entered into an agreement to acquire substantially all of the servicing assets of AHM Servicing. American Home Mortgage Servicing, Inc., whose address is 4600 Regent Blvd., Suite 200, <u>Irving, Texas 75063</u>. AH Mortgage Acquisition Co., Inc. doing business as American Home Mortgage Servicing, Inc. <u>David M. Friedman</u> Executive Vice President and Director of Servicing AH Mortgage Acquisition Co., Inc., an affiliate of WL Ross & Co. LLC

<u>Underwriting Agreement</u>, dated <u>June 25, 2007</u>, among American Home Mortgage Corp., as seller, American Home Mortgage Assets LLC, as depositor, and <u>Countrywide Securities Corporation, as underwriter</u>, originally filed on Form 8-K on <u>July 20, 2007</u>.

Pooling and Servicing Agreement, dated as of <u>June 1, 2007</u>, among <u>American Home Mortgage Assets LLC</u>, as depositor, <u>Wells Fargo Bank, N.A.</u>, as master servicer and securities administrator, and <u>Deutsche Bank National Trust Company</u>, as trustee, originally filed on Form 8-K on <u>July 20, 2007</u>

American Home Mortgage Assets LLC (Depositor) <u>Stephen A. Hozie</u>, Executive Vice President (senior officer in charge of securitization of the depositor)

American Home Mortgage Assets Trust 2007-5 (Issuing Entity) By: *<u>Wells Fargo Bank, N.A.</u>* as Master Servicer By: /s/ *<u>Elisabeth A. Brewster</u>* as Vice President By: *<u>Elisabeth A. Brewster</u>* as Vice President Date: <u>August 9, 2007</u>

**<u>Signature of Attorney X /s/ Pauline K. Morgan</u>** Signature of Attorney for Debtor(s) James L. Patton, Jr., Esq. <u>Pauline K. Morgan</u>, Esq. Young Conaway Stargatt & Taylor, LLP The Brandywine Building 1000 West Street, 17th Floor <u>Wilmington, Delaware 19801</u>

**The Master Servicer**
The master servicer, if any, for a series of securities will be named in the related prospectus supplement and may be an affiliate of the depositor. The master servicer is required to

3

maintain a fidelity bond and errors and omissions policy with respect to its officers and employees and other persons acting on behalf of the master servicer in connection with its activities under a pooling and servicing agreement or a servicing agreement.

The master servicer shall supervise, monitor and oversee the obligation of the servicers to service and administer their respective mortgage loans in accordance with the terms of the applicable servicing agreements and shall have full power and authority to do any and all things which it may deem necessary or desirable in connection with such master servicing and administration.

In addition, the Master Servicer shall oversee and consult with each servicer as necessary from time-to-time to carry out the master servicer's obligations under the pooling and servicing agreement or servicing agreement, shall receive, review and evaluate all reports, information and other data provided to the master servicer by each servicer and shall cause each servicer to perform and observe the covenants, obligations and conditions to be performed or observed by such servicer under its applicable servicing agreement. Each pooling and servicing agreement or servicing agreement, as applicable, for a series of securities, will provide that in the event a servicer fails to perform its obligations in accordance with its servicing agreement, the master servicer shall terminate such servicer and act as servicer of the related mortgage loans or cause the trustee to enter into a new servicing agreement with a successor servicer selected by the master servicer.

**The Servicers**

Each of the servicers, if any, for a series of securities will be named in the related prospectus supplement and may be an affiliate of the depositor or the Seller of the mortgage loans for which it is acting as servicer. Each servicer will servicer the mortgage loans pursuant to a servicing agreement between the master servicer and the related servicer, which servicing agreement will not contain any terms which are inconsistent with the related pooling and servicing agreement or other agreement that governs the servicing responsibilities of the master servicer, as specified in the related prospectus supplement. Each servicer is required to maintain a fidelity bond and errors and omissions policy with respect to its officers and employees and other persons acting on behalf of the servicer in connection with its activities under a servicing agreement.

The master servicer for any mortgage pool will also be required to perform, or cause the servicers of the mortgage loans in the mortgage pool to perform, other customary functions of a servicer of comparable loans, including maintaining escrow or impound accounts for payment of taxes, insurance premiums and similar items, or otherwise monitoring the timely payment of those items; adjusting mortgage rates on ARM Loans; maintaining Buydown Accounts; supervising foreclosures and similar proceedings; managing REO properties; and maintaining servicing records relating to the mortgage loans in the mortgage pool. The master servicer will be responsible for filing and settling claims in respect of particular mortgage loans under any applicable instrument of credit enhancement. See *"Description of Credit Enhancement."*

**Realization Upon or Sale of Defaulted Mortgage Loans**

Except as described below, **the master servicer** will be required, in a manner consistent with the servicing standard, to, or to <u>cause the servicers of the mortgage loans to, foreclose upon</u> or otherwise comparably convert the ownership of properties securing any mortgage loans in the related mortgage pool that come into and continue in default and as to which no satisfactory arrangements can be made for collection of delinquent payments. Generally, the foreclosure process will commence no later than 90 days after delinquency of the related mortgage loan. The master servicer and each servicer will be authorized to institute foreclosure proceedings, exercise any power of sale contained in the related mortgage, obtain a deed in lieu of foreclosure, or otherwise acquire title to the related mortgaged property, by operation of law or otherwise, if the action is consistent with the servicing standard. The master servicer's or applicable **<u>servicer's actions in this regard must be conducted, however, in a manner that will permit recovery under any instrument of credit enhancement included in the related issuing</u>**

**AMERICAN HOME MORTGAGE ASSETS LLC**
By: /s/ *Thomas McDonagh*
Title:  Executive Vice President
Address for Notice Purposes: 538 Broadhollow Road  <u>Melville</u>, <u>New York</u> <u>11747</u>

A judicial or nonjudicial foreclosure may be required, the lender may be required to give notice of default and the borrower may be <u>granted some grace period during which the installment contract may be reinstated upon full payment of the defaulted amount and the borrower may have a post-foreclosure statutory redemption right.</u>

## ARTICLE II ORGANIZATION

The trust created hereby (the *"Trust"*) shall be known as *"<u>American Home Mortgage Assets LLC Trust Series 200 - ,</u>"* in which name the Owner Trustee may conduct the business of the Trust, make and execute <u>contracts</u> and other instruments on behalf of the Trust and <u>sue and be sued</u>. Section

**Section 2.08 TITLE TO TRUST PROPERTY.**
 Legal title to the Owner Trust Estate shall be vested at all times in the Trust as a separate legal entity except where applicable law in any jurisdiction requires title to any part of the Owner Trust Estate to be vested in a trustee or trustees, in which case title shall be deemed to be vested in the Owner Trustee, a co-trustee and/or a separate trustee, as the case may be.

IN WITNESS WHEREOF, this Limited Liability Company Agreement is executed and delivered as of the date first written above by the undersigned, being the Member, which does hereby agree to be bound by the terms and provisions set forth in this Agreement.
AMERICAN HOME MORTGAGE CORP., as Member By: /s/ *Michael Strauss* ---- Name: Michael Strauss Title: President

6.      Movant believes that the allegations constitute the enforcement of

5

regulatory remedies *§ 362(b)(4)*, sound in fraud,  and may carry criminal penalties. All of

these remedies can't be avoided by bankruptcy. Congress clearly intended that perpetrators of

fraud should not be given the opportunity to wipe out debts in bankruptcy, and disallowing

the acceptance of our Proof of Claim, will severely prejudice our right of due process.

The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor."

Congress did not favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws. Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

The Supreme Court has ruled that it is not just the value of the property, but that

also includes treble and punitive damages.

It is not only the actual value of the "money, property, services, or . . . credit" the debtor obtained through fraud that is non-dischargeable in bankruptcy, but also treble "punitive" damages and attorneys fees and costs related to the fraud. This was made clear in a March 25, 1998 decision of the Supreme Court of the United States in Cohen v. de la Cruz.

7.    The loan foreclosure was initiated by American Home while in

Bankruptcy and finished after by Wilbur Ross after the final close of the servicing unit.

Numerous parties had a hand in this illegal foreclosure including, Ross, Wells Fargo,

Deutsche Bank, Stephen Hozie, Michael Strauss, Thomas McDonagh, Alan Horn, David

Friedman, Orlando Figueroa, MGIC, and TD Service Co, who conducted the foreclosure.

All of these parties have either earned ordinary course professional fees, Premium

employment compensation, or made claims against the estate.  All of these parties claims

should be equitably subordinated to Mona Dobben's claims for the gross  negligence and

abuse of the bankruptcy system.

## ARTICLE IV RIGHTS AND DUTIES OF BOARD OF MANAGERS

The initial Managers of <u>the Company</u> shall be <u>Thomas McDonagh and Alan Horn.</u>
The initial <u>Independent Manager shall be Orlando Figueroa.</u>

**Delaware General Corporation Law**
The initial Officers of <u>the Company</u> shall be as follows, each to hold office until his successor
is elected by the Board: <u>President: Michael Strauss Executive Vice President: Thomas</u>
<u>McDonagh Treasurer and Executive Vice President: Stephen Hozie Secretary and Executive</u>
<u>Vice President: Alan Horn</u>

<b>DUTY OF CARE</b>

The duty of care in the discharge of a Manager's duties to <u>the Company</u> <u>is limited to</u>
**refraining from engaging in gross negligence or intentional misconduct.**

8.      All former financing partners, AHM created trusts an SPE, Master servicers,
and Indenture Trustees,  are using this Court and the bankrupt Debtor to hide behind and not
answer the allegations, at the same time they are filing hundreds of millions of dollars of
Claims, which may include claims related to Movant's loan. In this manner, they complete the
agenda to trample Movant's rights.

9.      Movant has repeatedly petitioned in this Court, docket #14790, #1654, #2873,
#5376, #5789, #6150 and has a pending relief from stay Motion.  Despite all of this Movant
was never notified she needed to file a proof of claim. Movant like most other borrowers does
not understand this process.

10.      Movant can not know beyond a reasonable doubt which Debtor entity her
claims may fall against. In addition, although American Home ran the bankruptcy
as **consolidated,** they are proposing a  Chapter 11 plan which is not consolidated. Due to the
substantial intercompany claims, and  the value of recovery on claims based on what
entity claims fall against, Movant must  have a blanket claim which can be changed if Debtor
complies with disclosure.

10.      Although American Home never complied with TILA 1641(f)(2), upon
information and belief Movants loan was found in AHMA 2007-5 Trust. Movant must file
against **ALL** Debtor entities at this time until American Home discloses the definitive

7

information. American Home originated loans through American Home Mortgage

Acceptance, American Home Mortgage Holdings, American Home Mortgage

Corporation, and American Brokers Conduit, as well as several non-debtor subsidiaries.

American Home entities then passed loans through SPE entities like American Home

Mortgage Securities LLC, and American Home Mortgage Assets LLC, to over 78 AHM

securitized trust, and numerous other third party purchasers.

12.    Complete disclosure is essential and critical to understanding what entity a

borrower may have a claim against. Certain associated parties including Wells Fargo and

Deutsche Bank are making EPD and breach claims which most likely will include Movants

loan.

13.  At the hearing on October 31, 2007, Mr. Brady, Attorney for the Debtor,

asserted in this Court that American Home Mortgage did not have to comply with TILA

1641(f)(2). Mr. Dickman, as witness for American Home Mortgage servicing, asserted

that mortgage investors did not want American Home Mortgage Servicing to comply

with TILA 1641(f)(2),  stating they pay us to service and field all inquiries. Mr. Dickman

stated clearly that the investor and the master servicer **does not** want them to give the

borrowers this information, and generally speaking they do not give that information to

the borrower. This is not a **choice** they get to make.

Title 15  §1641(a)(b)(c) is clear - All liability in civil action may be maintained

against anyone who is an assignee therefore making the owner of the note an absolute

requirement for the borrowers. Title 15  §1641(f)(2) is clear - Upon written request by the

obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with

the name, address, and telephone number of the <u>owner of the obligation or the master</u>

8

servicer of the obligation. Title 12  § 2605(e)(A) is clear – The loan servicer has a duty to respond to borrower inquiries. The Lender has a duty to respond as required under Title 12  §2605 (2)(A)(B)(C).

## NOTIFICATION

14.  Movant, like most other borrowers was unaware of any requirement to file a proof of claim, and **I was not notified or sent a proof of claim form.** Movant had sent a **RESPA QWR** letter, made numerous inquiries to the servicing unit, petitioned the Court, and at no time did anyone make Movant aware of a need to file a proof of claim or that a deadline existed.  **Contrary to American Home's** assertion they noticed all borrowers who had asserted problems with loans.

15.  Movant, like most other borrowers had no way of knowing deadlines were occurring, or rights of due process may be violated.  In fact, most consumers would think all their rights were being protected. The proof of claim deadline closed in January of 2008 not even a full year after the bankruptcy filing. This is not a reasonable amount of time.

16.  The fast tack finale is approaching as all borrowers still stand in the dark, American Home is trying to pull down the final curtain on all our rights.

17.  Movant has also become aware that certain loans were compromised, and certain parties were noticed after the Debtor said they could not notify **ALL** borrowers. Under close examination of petition #3239, Exhibit B (HELOC LOANS) & C ( CONSTRUCTION LOANS), it is clear that many parties on this list are insiders, employees, and joint venture partners of the Debtors. These names include executives; Stephen Hozie CFO, David Friedman EVP Servicing, Tim Neer SVP, Craig Pino CIO, Michael McManus Senior Executive; joint venture partners, Frank Catalano – 1st Home Mortgage – Mid West; and

9

employees such as Seth Harris Senior loan officer and his wife Meredith Harris. So it is unjust for those parties to have received a direct notification of a proof of claim deadline, and given an extended deadline. It is also unfair that those parties loans may have also been given special treatment and compromised as part of this bankruptcy.

## BASIS FOR RELIEF

18. Section 105 of the Bankruptcy Code authorizes the Court to exercise equitable powers to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 3003(c)(3) provides that the Court, "for cause shown may extend time within which proofs of claim or interest may be filed."

19. This Court could view the lack of timely filing under the excusable neglect standard which is obviously premised on some acknowledged mistake or fault on the part of the movant or, in the alternative, inadequate notice of the bar date, which in and of itself, is a separate ground upon which a late proof of claim is allowed to be filed. In this case the Court should find this to be an administrative priority claim, as the bulk of the issues and the conversion of the illegal foreclosure was conducted during the bankruptcy.

20. Movants are entitled to due process under the Fifth Amendment, and is "unsophisticated" which affected the adequacy of the bar date notice. Movant does not read the publications which it was published in, and did not get any direct notice although American Home could have easily notified Movant knowing the correct address.

21. The Court can take note, the Debtors have accepted other borrowers Proof of Claims which were late as timely filed.

22. The Court can also take note that in the petition #4739, the lawyer in the Thomas and Sara Chavez case asserted they did not receive any bar date notices, nor were

they aware of the necessity to file a proof of Claim.

23.  If lawyers are unaware, it is unreasonable to expect the average consumer to know with no notice alerting them of an impending deadline.

24.  Due to identity theft, mortgage fraud, material misrepresentations of the character and nature of this loan, Movant has suffered financial damage and irreparable harm. Movant has a Relief from Stay motion pending.

### CONCLUSION

American Home is still objecting to claims and as the process is still ongoing there is no prejudice to American Home to accept Movant's Proof of Claim as timely filed. This filing in no way prejudices American Home's right to object to our proof of claim.

For the reasons stated above, Movant respectfully requests that this Honorable Court enter an order, in substantial conformity with the proposed form of order submitted herewith, (i) deeming **Movant Proofs of Claims #10607, #10608, #10609** against each of the Debtors timely filed or, in the alternative. Allowing the late-filing of their Proofs of Claim, (ii) granting the Motion, and (iii) granting to Movant such other and further relief as the Court deems just and proper.

Movant hereby requests this Court consider the circumstances and rapid progression of the  case  and allow this late filed proof of claim.

Dated: February 7, 2009

*Mona Dobben*

**Mona Dobben**
**9208 107th Drive Sun City AZ 85351**
**Alex Yamamura(daughter) 480-474-4748**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February 2009, a copy of the foregoing Motion was

mailed first -class postage paid to:

Counsel for Debtors:                              Official Committee of Unsecured Creditors
Pauline K. Morgan, Esquire                        Mark Indelicato, Esq.
Young, Conaway, Stargatt & Taylor, LLP            Hahn & Hessen LLP
1000 West Street, 17th Floor                 488 Madison Ave. 14th & 15th Floor
P.O. Box. 391                                     New York,  NY 10022
Wilmington DE 19899-0391
Phone: 302-571-6600
Fax: 302-571-0453

Joseph  M. McMahon Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Phone: 302-573-6491
Fax: 302-573-6497

Dated: February 7, 2009

*C Mona Dobben*

**Mona Dobben**
**9208 107th Drive Sun City AZ 85351**

**Alex Yamamura(daughter)Power of Attorney**
**480-474-4748**