## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                          :        Chapter 11
                                                :
AMERICAN HOME MORTGAGE                          :        Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation,         :
et al.,                                         :        Jointly Administered
                                                :
                            Debtors.[1]         :        **Hearing Date: March 13, 2009 at 11:30 a.m. (ET)**
                                                :        **Objection Deadline: March 6, 2009 at 4:00 p.m. (ET)**
                                                :

------------------------------------------------------- x

### DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN FURNITURE, FIXTURES, AND EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (II) GRANTING RELATED RELIEF

American Home Mortgage, a Delaware corporation, and certain of its direct and indirect subsidiaries, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the private sale (the "Sale") of certain furniture, fixtures, and equipment and related assets currently located at the Debtors' former corporate headquarters in Melville, New York (as summarized more fully on Exhibit A, and described below, the "FF&E") on an "as is, where is" basis, free and clear of all liens,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

claims, encumbrances and interests to Michael Strauss, the Debtors' former Chief Executive

Officer ("Strauss"), or such other entity or entities (collectively, the "Purchasers") that submit

the highest or otherwise best offer for the FF&E as determined by the Debtors pursuant to the

solicitation process identified below, and (ii) granting related relief.  In support of the Motion,

the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the

relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, along with

Bankruptcy Rules 2002, 6004 and 9014.

## GENERAL BACKGROUND

2.      On August 6, 2007 (the "Petition Date") each of the Debtors filed with this

Court a voluntary petition for relief under the Bankruptcy Code.  Each Debtor is continuing to

operate its business and manage its properties as a debtor-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases have been consolidated

for procedural purposes only and are being jointly administered pursuant to an order of this

Court.

3.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed the official committee of unsecured creditors (the "Committee").  No trustee or

examiner has been appointed.

4.      In the weeks prior to the Petition Date, an unprecedented disruption in the

credit markets caused major write-downs of the Debtors' loan and security portfolios and

DB02:7763981.2

066585.1001

consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

5.    The Debtors' inability to originate loans and the exercise of remedies by certain warehouse lenders against the Debtors created a severe liquidity crisis and forced the Debtors to discontinue their retail and indirect loan origination business. As a result, on August 3, 2007, the Debtors implemented a massive reduction in workforce, resulting in the termination of over 6,500 employees.

6.    Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

## THE FF&E

7.    In connection with the winding down of the Debtors' business operations, the Debtors seek to sell the furniture, fixtures, equipment and related assets located at the Debtors' former corporate headquarters, which since March, 2008, the Debtors have been actively marketing. Specifically, as of the date hereof, the Debtors have conducted three auctions (collectively, the "Auctions") for the FF&E. The first auction was conducted online via Dovebid, and occurred on March 3-5, 2008. The second auction was a live auction, and occurred on April 15, 2008. The third auction was conducted online via Dovebid, and occurred on July 29-30, 2008. Despite their best efforts, the Debtors were unable to liquidate the FF&E through the Auctions.

3

8.    At this time, having been unsuccessful with the Auctions, the Debtors now propose to go forward with the Sale to Strauss, the former Chief Executive Officer of the Debtors.  Notably, the offer submitted by Strauss, which is set forth in greater detail in <u>Exhibit A</u>, exceeds the purchase price obtained for similar items at the Auctions by twenty-five percent (25%).

**RELIEF REQUESTED**

9.    By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, (i) authorizing the Sale of the FF&E to the Purchasers, and (ii) granting related relief.  For the reasons set forth herein, the Debtors' submit that their decision to sell the FF&E through a private sale to the Purchasers is a sound exercise of the Debtors' business judgment.

**A.    The Sale of the FF&E Should Be Approved**

10.    Section 363(b)(1) of the Bankruptcy Code provides:  "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Code provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  In pertinent part, Bankruptcy Rule 6004 states that, "all sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bankr. P. 6004(f)(1).  With respect to the notice required in connection with a private sale, Bankruptcy Rule 2002(c)(1) states, in pertinent part, that,

> . . . the notice of a proposed use, sale or lease of property . . . shall include . . . the terms and conditions of any private sale and the deadline for filing objections.  The notice of a proposed use, sale or lease of property, including real estate, is sufficient if it generally describes the property.

Fed. R. Bankr. P. 2002(c)(1).

4

11.    To approve the use, sale, or lease of property outside the ordinary course of business, this Court must find "some articulated business justification" for the proposed action.  See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the "articulated business justification" and good faith tests of Committee of Equity Sec.  Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983)); see also In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991) (concluding that the Third Circuit had adopted a "sound business purpose" test in Abbotts Dairies); Titusville Country Club v. PennBank (In re Titusville Country Club), 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc., 77 B.R. 15, 19 (Bankr. E.D. Pa. 1987).

12.    Generally, courts have applied four (4) factors in determining whether a sale of a debtor's assets should be approved:  (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided.  See Lionel, 722 F.2d at 1071 (setting forth the "sound business purpose" test); Abbotts Dairies, 788 F.2d at 145-57 (implicitly adopting the articulated business justification test and adding the "good faith" requirement); Delaware & Hudson Ry., 124 B.R. at 176 ("Once a court is satisfied that there is a sound business reason or an emergency justifying the pre-confirmation sale the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the purchaser is proceeding in good faith.").

13.    This fundamental analysis does not change if the proposed sale is private, rather than public.  See, e.g., In re Ancor Exploration Co., 30 B.R. 802, 808 (Bankr. N.D. Okla.

1983) ("[T]he bankruptcy court should have wide latitude in approving even a private sale of all

or substantially all of the estate assets not in the ordinary course of business under § 363(b)."").

The bankruptcy court "has ample discretion to administer the estate, including authority to

conduct public or private sales of estate property." In re WPRV-TV, Inc., 143 B.R. 315, 319

(D.P.R. 1991), vacated on other grounds, 165 B.R. 1 (D.P.R. 1992); accord, In re Canyon

Partnership, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).  Here, the Sale of the FF&E to the

Purchasers meets these requirements and should be approved.

    14. More than ample business justification exists to sell the FF&E to the

Purchasers as proposed herein.  Initially, the Debtors have already marketed the FF&E to the

public at large without success.  Thus, there exists empirical evidence that the consideration

offered by Strauss provides the Debtors' estates and creditors with the greatest return that they

will be obtain for the FF&E, while avoiding the added costs associated with additional public

auctions.  Further, not only is Strauss's offer the lone offer received by the Debtors, but it is also

more than reasonable; exceeding the amount obtained for similar items at the Auctions by

twenty-five percent (25%).  Additionally, to ensure that the potential for a greater return does not

exist, the Debtors intend to market-test Strauss's offer by subjecting it to higher and better offers.

    15. Finally, the Sale is being proposed in good faith.  The Sale will be the

product of good faith, arm's length negotiations between the Debtors, on the one hand, and the

Purchasers, on the other.  The Debtors believe that the Sale of the FF&E to the Purchasers will

not be the product of collusion or bad faith.  No evidence exists to suggest that the Sale will be

anything but the product of arm's length negotiations between the Debtors and the Purchasers.

6

**B.        Adequate and Reasonable Notice of the Sale Will Be Provided**

16.     The Debtors will provide adequate notice of the Motion to parties-in-interest, as required by the applicable procedural rules.  See Fed. R. Bankr. P. 2002(c)(1) (notice must contain "the terms and conditions of any private sale and the time fixed for filing objections."); see also Delaware & Hudson Ry., 124 B.R. at 180 (the disclosures necessary in such a sale notice need only include the terms of the sale and the reasons why such a sale is in the best interests of the estate and do not need to include the functional equivalent of a disclosure statement).

17.     The Debtors will serve this Motion on all parties that have expressed interest, or the Debtors believe may have an interest in purchasing the FF&E, including those parties who expressed interest to the Debtors in similar assets.  Those parties will have the opportunity to submit other or additional offers during the period prior to the objection deadline noted in the caption of this Motion.  Consistent with their fiduciary duties to their estates, the Debtors will consider all such offers.

18.     To summarize, in the Debtors' informed business judgment, there is very little, if anything, to be gained by conducting an additional, formal auction for the FF&E.  Even if there were other entities willing and able to submit a higher offer for the FF&E, which the Debtors believe to be unlikely, the delay, uncertainty and added administrative expenses attendant to the auction process would be unfavorable to the Debtors, their estates and creditors.  For these reasons, the Court should not force the Debtors to conduct a public sale or to establish bidding procedures, but instead should approve the private sale of the FF&E to the Purchasers selected by the Debtors as having submitted the highest or otherwise best offer.

C.     **The Sale is Proposed in Good Faith Within the Meaning of 11 U.S.C. §363(m)**

19.     Here, the Sale of the FF&E being proposed by the Debtors is in good faith. There is no evidence of fraud or collusion.  To the contrary, as discussed throughout this Motion, and as will be further demonstrated at the hearing, the agreement to purchase the FF&E will be the culmination of a solicitation and negotiation process.  All negotiations have been and will continue to be conducted on an arms length, good faith basis.  Under the circumstances, the Purchasers should be afforded the protections that section 363(m) of the Bankruptcy Code provides to a good faith purchaser.  See generally Marin v. Coated Sales, Inc. (In re Coated Sales, Inc.), No. 89 Civ. 3704 (KMW), 1990 WL 212899 (S.D.N.Y.) (holding that to show lack of good faith, a party must demonstrate "fraud, collusion, or an attempt to take grossly unfair advantage of other bidders"); see also generally In re Sasson Jeans, Inc., 90 B.R. 608, 610 (S.D.N.Y. 1988) (quoting In re Bel Air Assocs., Ltd., 706 F.2d 301, 305 (10th Cir. 1983)); In re Pisces Leasing Corp., 66 B.R. 671, 673 (E.D.N.Y. 1986) (examining the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings" (quoting In re Rock Indus. Mach. Corp., 572 F.2d 1195, 1198 (7th Cir. 1978))).

D.     **The Sale Should be Free and Clear of Liens, Claims, and Interests (Except as Set Forth Herein)**

20.     In accordance with section 363(f) of the Bankruptcy Code, a debtor in possession may sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:  (i) such a sale is permitted under applicable non-bankruptcy law; (ii) the party asserting such a lien, claim, or interest consents to such sale; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a *bona fide* dispute; or (v) the party asserting the lien, claim, or interest could be compelled, in a

legal or equitable proceeding, to accept a money satisfaction for such interest. 11 U.S.C. §

363(f); see In re Elliot, 94 B.R. 343, 354 (E.D. Pa. 1988) (sale "free and clear" may be approved

provided the requirements of at least one subsection are met).

      21.    Considering that any objections to this Motion must be resolved by

consent of the objecting party or by the Court, the Debtors expect that they can satisfy at least the

second and fifth subsections of section 363(f) of the Bankruptcy Code. Furthermore, courts have

held that they have the equitable power to authorize sales free and clear of interests that are not

specifically covered by section 363(f). See, e.g., In re Trans World Airlines, Inc., 2001 WL

1820325, at *3, 6 (Bankr. D. Del. Mar. 27, 2001); Volvo White Truck Corp. v. Chambersburg

Beverage, Inc. (In re White Motor Credit Corp.), 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987).

Accordingly, the Debtors request that the Sale be approved "free and clear," with any liens,

claims, encumbrances, and interests to attach to proceeds of the Sale.

**E.**     **Relief from the Ten-Day Waiting Period Under**
               **Bankruptcy Rule 6004(h) is Appropriate**

      22.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale,

or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless

the court orders otherwise." The Debtors request that the Order approving the Sale be effective

immediately upon its entry by providing that the ten (10) day stay under Bankruptcy Rule

6004(h) is waived.

      23.    The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for

an objecting party to appeal before an order can be implemented. See Advisory Committee

Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory

Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce

the ten-day stay period, at least one leading commentator suggests that the ten (10) day stay

                        

period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 15th Ed. Rev., ¶6004.10 (L. King, 15th rev. ed. 1988).  Furthermore, Collier's provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.  Id.

24.    Since promptly closing the Sale is of importance to the Debtors' efforts to minimize costs and to maximize the value of their estates, the Debtors request that the Court waive the ten-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

25.    Notice of this Motion will be provided to:  (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors' prepetition secured lenders; (iv) parties known by the Debtors to have expressed an interest in the FF&E and/or similar assets; and (v) all parties entitled to notice under Del. Bankr. L.R. 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

DB02:7763981.2                                    066585.1001

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the proposed order,

substantially in the form attached hereto as Exhibit B, (i) approving the Sale of the FF&E to the

Purchasers, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      February /6, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

DB02:7763981.2

066585.1001