IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                            : Chapter 11
                                                  :
AMERICAN HOME MORTGAGE                            : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[2] :
                                                  : Jointly Administered
        Debtors.                                  :
                                                  :
                                                  :
                                                  : Related Document Nos. 4233, 4338, 4359
                                                  :
                                                  :
------------------------------------------------------- x

## PROTECTIVE ORDER

Based upon the agreement of the above-captioned debtors and debtors-in-possession (the "Debtors"), the Official Committee of Unsecured Credits (the "Committee") and American Home Mortgage Servicing, Inc., ("AHMSI"), a Delaware corporation formerly known as Mortgage Acquisition Co., Inc., and for good cause shown, the Court enters the following protective order pursuant to Fed. R. Bank. P. 7033(c) to govern disclosure of information and documents in connection with the Amended Motion of American Home Mortgage Servicing, Inc. For An Order Granting the Allowance and Payment of an Administrative Expense Claim For Breaches by Certain Debtors of the Asset Purchase Agreement For the Sale of the Debtors' Mortgage Servicing Business ("Amended Motion"):

---

[2] The above-captioned Debtors and Debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtors' federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

1. A "Supplying Party" is a person or entity that produces documents or provides information in response to discovery in connection with this litigation regarding the Amended Motion, whether or not such person or entity is a party to this litigation.

2. A "Receiving Party" is a person or entity to whom a Supplying Party produces documents or provides information in response to discovery or otherwise in connection with the litigation regarding the Amended Motion.

3. "Confidential Information" shall mean any nonpublic information of the Supplying Party, including, without limitation, (a) information concerning the Supplying Party's assets, liabilities, business operations, business practices, business plans, intellectual property and trade secrets, financial projections, financial and business analyses and compilations and studies relating to the foregoing, and other documents prepared by the Supplying Party or any of its affiliates or their respective employees, agents, attorneys, professionals, consultants or other agents and (b) any and all information required to be maintained confidential by federal, state or local laws, rules, regulations or ordinances governing or relating to privacy rights, including any and all "personally identifiable financial information" and "nonpublic personal information" of "customers" and "consumers" (as those terms are defined in the Gramm-Leach-Bliley Act and federal regulations promulgated pursuant thereto) (such information described in this subsection (b) being referred to herein as "Private Information"), which are furnished, disclosed or made known to a Receiving Party, whether intentionally or unintentionally and in any manner, including in written form, orally or through any electronic, facsimile or computer-related means of communication. Confidential Information shall include, without limitation: (i) any notes, summaries, compilations, presentations, memoranda or similar written materials disclosing, discussing or that is based on or reflects Confidential Information; (ii) any written Confidential

Information that is discussed or presented orally; and (iii) any other Confidential Information conveyed to a Receiving Party orally that the Supplying Party or their advisors or other agents advise the Receiving Party should be treated as confidential.

4. Upon a good faith determination by the Supplying Party that any document or thing being produced or disclosed to the Receiving Party in connection with the Amended Motion, whether formally or informally, including, but not limited to, documents, transcripts of depositions, and any other discovery or disclosure, contains Confidential Information, the Supplying Party shall identify in good faith such Confidential Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "PROTECTED MATERIAL" (collectively, "CONFIDENTIAL") on all or any part of the document or thing, other than Private Information which the Receiving Party shall treat as confidential without the need for the Supplying Party to affix any such words to it. Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL" or that constitutes Private Information shall be treated as provided by this Protective Order. The "CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 9.

5. Each Receiving Party agrees that any Confidential Information will be disseminated only to employees, agents, and attorneys and professionals retained by the Receiving Party and any consultants or expert witnesses retained by the Receiving Party ("Representatives") whose review of this data is reasonably necessary to assist in connection with the Amended Motion; provided that each Receiving Party (i) informs each of its Representatives of the confidential nature of the Confidential Information and of this Protective

Order and (ii) directs each of its Representatives to treat such information confidentiality and not use it otherwise than in connection with these proceedings. Notwithstanding the foregoing, each Receiving Party will be responsible for the unauthorized disclosure by each of its Representatives.

6. To the extent that any documents or things designated as "CONFIDENTIAL" or containing Private Information are to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of the Court in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This [receptacle] contains documents or things that are the subject of a Protective Order and cannot be opened or its contents made available to anyone other than the Court and counsel of record for the parties."

To the extent necessary, the party filing the Confidential Information with the Court shall obtain an order of the Court permitting the Confidential Information to be filed and maintained under seal. If such order is necessary and not obtained, if the filing party is not otherwise permitted to file the Confidential Information under seal, or if the filing party is not otherwise permitted by order of the Court to file the Confidential Information, the filing party shall promptly withdraw its filing of the Confidential Information or obtain the Supplying Party's written consent to disclosure of the Confidential Information. The mere inclusion in a pleading of factual information derived from documents or things designated "CONFIDENTIAL" will not require that pleading be filed under seal if the parties agree in writing prior to filing the pleading that the factual information actually contained in that pleading would not itself be properly subject to such designation. If the

parties cannot resolve a dispute regarding the inclusion in a pleading of facts from documents or things marked "CONFIDENTIAL," the procedures of this paragraph shall be followed prior to the filing of any such pleading.

7. Except as otherwise approved by the Supplying Party or by an order of the Court, the Receiving Party may use the Confidential Information in deposing only (a) an individual who has had or who is eligible to have access to the Confidential Information by virtue of his or her employment with the Supplying Party, (b) an individual identified in the Confidential Information as an author, addressee, or copy recipient of such information, (c) an individual who, although not identified as an author, addressee, or copy recipient of such Confidential Information, has seen such Confidential Information in the ordinary course of business, (d) any of the professionals retained by Supplying Party including the Supplying Party's accountants, or (e) any other non-party witness who has executed a Signature Page.

8. No one may attend or review the transcripts of the portions of any depositions at which Confidential Information is shown or discussed, other than the Court and its personnel, the court reporter, outside counsel for the Supplying Party and the Receiving Party and counsel for a non-party deponent (who shall first have executed a Signature Page if such counsel is not also counsel for one of the parties) and the employees, agents, attorneys, professionals, consultants or expert witnesses retained by the Receiving Party whose review of this data is reasonably necessary to assist in connection with the Amended Motion.

9. The portions of any deposition transcript that the Supplying Party has designated on the record as "CONFIDENTIAL" and any Confidential Information that is marked as a deposition exhibit shall be treated as Confidential Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for

3 days after the transcript is delivered to counsel for the Supplying Party. During the 3-day period, the Supplying Party may designate by page and line number any portion of a deposition transcript, to the extent not previously designated, as Confidential Information. Transcript pages and exhibits containing Confidential Information shall be distributed only in accordance with this Protective Order and to the deponent, and the deponent's counsel (who shall first have executed a Signature Page if such counsel is not also counsel for one of the parties).

10. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information, counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL." Any presentation of Confidential Information to the Court at or prior to trial shall be made in the presence of only the presiding officer and other court personnel, an authorized court reporter, counsel for the parties and persons authorized to receive Confidential Information under this Protective Order. Prior to any presentation of Confidential Information to the Court, the presiding officer or the Clerk of the Court shall advise all court personnel, and court reporters of the highly confidential nature of the Confidential Information, and of the duty to maintain the confidentiality of such information

11. Each Receiving Party hereby agrees that it, its Representatives or other persons acting under its direction or supervision will use the Confidential Information solely in connection with the Amended Motion, unless otherwise agreed to by the parties thereto or approved by order of the Court. The Receiving Party hereby agrees that it will cause each of them to hold in strict confidence the Confidential Information that may be disclosed or obtained in discovery as set forth hereunder and be responsible for any unauthorized disclosure of Confidential Information by any of them. This Protective Order does not restrict in any manner

the use or disclosure by the Supplying Party of any information in its own documents and things. If such disclosure is made by the Supplying Party in a document filed with the Court not under seal, in a court hearing or a deposition and not designated Confidential, such information shall no longer be considered Confidential Information.

12. When counsel for any party or attorney who has executed this Protective Order or a Signature Page becomes aware of any violation of this Protective Order, or of facts constituting good cause to believe that a violation of this Protective Order may have occurred, such attorney shall promptly report, with appropriate particulars to assist in aiding any investigation, to counsel for the Supplying Party that there may have been a violation of this Protective Order.

13. The parties to this Protective Order (including parties executing Signature Pages) agree that prior to and after the Court's resolution of the Amended Motion, the provisions of this Protective Order shall continue to be binding and the Court shall retain jurisdiction over the parties and any other person who has had access to Confidential Information pursuant to this Protective Order, in order to enforce the provisions of this Protective Order.

14. Within 30 days after the entry of a final order resolving the Amended Motion and upon the written request of the Supplying Party, all Confidential Information (other than pleadings and exhibits contained in the official court record) produced by the Supplying Party, including any copies of documents or reproductions of things, shall either (a) be returned to the Supplying Party without keeping a copy thereof, which includes erasing any electronically stored information or (b) destroyed by the Supplying Party without keeping a copy thereof, which includes erasing any electronically stored information. Counsel for any party or non-party receiving Confidential Information shall provide written certification of compliance with this

provision to counsel for the Supplying Party within 30 days of any request by the Supplying Party in accordance with this paragraph.

15. The parties to this Protective Order acknowledge that a breach of any of the terms and conditions of this Protective Order might result in irreparable damage to the Supplying Party.

16. Upon entry by the Court, this Protective Order is a binding agreement upon the signatories hereto (and to any Signature Pages) and may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

17. The headings used in this Protective Order are supplied for convenience only and shall not be taken into account in the interpretation of this Protective Order.

SO ORDERED THIS 17th day of February, 2009.

UNITED STATES BANKRUPTCY COURT JUDGE

Agreed to:

*Victoria W Counihan* (signature)

Victoria W. Counihan (BAR #3488)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

Keith C. McDole (TX 13533740)
Daniel P. Winikka (TX 00794873)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
(214) 220-3939

COUNSEL FOR AMERICAN HOME
MORTGAGE SERVICING, INC.,
FORMERLY KNOWN AS AH MORTGAGE
ACQUISITION CO., INC.

---

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

and

Mark S. Indelicato
Mark T. Power
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

CO-COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
MORTGAGE HOLDINGS, INC., ET AL

Agreed to:

Victoria W. Counihan (BAR #3488)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

Keith C. McDole (TX 13533740)
Daniel P. Winikka (TX 00794873)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
(214) 220-3939

COUNSEL FOR AMERICAN HOME
MORTGAGE SERVICING, INC.,
FORMERLY KNOWN AS AH MORTGAGE
ACQUISITION CO., INC.

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400

and

Mark S. Indelicato
Mark T. Power
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
(212) 478-7200

CO-COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
MORTGAGE HOLDINGS, INC., ET AL

/s/ [signature]
John T. Dorsey (No. 2988)
Erin Edwards (No. 4392)
Patrick A. Jackson (No.4976)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 :
                                                                 : **Related Document Nos. 4233, 4338, 4359**
                                                                 :
---------------------------------------------------------------- x

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

This is to certify that (a) I am being given access to Confidential Information under the Protective Order entered in this litigation; (b) I have read the Protective Order ; and (c) I agree to be bound by the terms and conditions thereof as a "Receiving Party"; including without limitation the obligations regarding the use, non-disclosure, and return to such Confidential Information. I further agree that in addition to being contractually bound by the Protective Order, I am subject to the powers of this Court for any violation of the Protective Order.

_____
Name (Printed)

Date: _____         _____
                                          Signature

