066585.1001

# EXHIBIT B

## Order to Show Cause and Cease and Desist Order

State of New Hampshire Banking Department

In re the Matter of:                    ) Case No.: 07-216
                                        )
State of New Hampshire Banking          )
                                        )
Department,                             )
                                        ) Adjudicative Decision:
        Complainant,                    ) Order to Pay Fines and for Revocation
                                        ) of License as Result of Violation of
    and                                 ) RSA 397-A:14-b
                                        )
American Home Mortgage Corp, Michael    )
                                        )
J. Strauss, Stephen A. Hozie, Alan B.   )
                                        )
Horn, and American Home Mortgage        )
                                        )
Holdings, Inc.,                         )

        Respondent

## PROCEDURAL CASE HISTORY

The Commissioner issued an Order to Show Cause and Cease and Desist Order (along with a Staff Petition) in this case on August 2, 2007. The Petitioner alleged violations of RSA 397-A:14-b (entitled "Compliance with Requirements for Funding of Loans at Real Estate Closings") and New Hampshire Administrative Rule BAN 2407.01 (entitled "Notice of Significant Events"). The Presiding Officer held an adjudicative hearing on these two issues on September 29, 2007 at the New Hampshire Banking Department.

Subsequent to the hearing, the Commissioner requested briefs related to the issues of an omission of RSA 397-A:10, the statute which is implemented by New Hampshire Administrative Rule BAN 2407.01. Both parties submitted these briefs.

1  Subsequent to the requested briefs, the Presiding Officer received
2  numerous motions and requests, ranging from motions to dismiss to motions to
3  stay the proceedings.  The Presiding Officer has reviewed the file in its
4  entirety (including the transcript, the briefs and evidence.)

### STATUTORY AUTHORITY

The Commissioner has the power, as granted by RSA 397-A:21 (entitled "Penalty"), to suspend, revoke or deny any license and also to impose administrative penalties of up to $2,500 for each violation of New Hampshire banking laws.  Pursuant to RSA 397-A:21, V, this includes liability by every person who directly or indirectly controls a person liable under RSA Section 397-A:21, every partner, principal executive officer or director of such person…

RSA 397-A:14-b states:

> A licensee shall comply with the provisions of RSA 477:52 relative to the requirements for the funding of loans at real estate closings.  At a minimum, a closing requires the delivery of a deed if the transaction is a conveyance, the signing of a note, and the disbursement of the mortgage loan funds.

RSA 397-A:17 states:

> The Commissioner may be order, revoke a license…if it is in the public interest and…the licensee: (a) has violated any provision of this chapter; or…(j) is not qualified on the bases of such factors as…financial integrity.

RSA 397-A:18, II allows the Commissioner to make permanent the Cease and Desist order

## FACTUAL FINDINGS

A. *Identification and Activity of Respondents*

1. American Home Mortgage Corp (hereinafter "Respondent AHMC") was at the time of the August 2, 2007 Staff Petition licensed by the New Hampshire Banking Department (hereinafter "Department") as a mortgage licensee. See Respondents' Ex. B (i.e., Petitioner's Ex. 1) and Tr. at 29.

2. Respondent AHMC was also doing business as American Broker Conduit (hereinafter "ABC"), which funded wholesale loans. See Respondents' Ex. C2 and Tr. at 139-141.

3. Respondent Michael J. Strauss (hereinafter "Respondent Strauss") was at the time of the August 2, 2007 Staff Petition the Chairman, Chief Executive Officer and President of American Home Mortgage Investment Corp, which is a Maryland Corporation and parent company of Respondent American Home Mortgage Holdings, Inc, a Delaware Corporation (hereinafter "Respondent AHMH"). See Respondents' Ex. A and Tr. at 145.

4. Respondent Stephen A. Hozie (hereinafter "Respondent Hozie"), was the time of the August 2, 2007 Staff Petition the Chief Financial Officer of American Home Mortgage Investment Corp. and its subsidiary companies. See Tr. at 141.

5. Respondent Alan B. Horn (hereinafter "Respondent Horn") was at the time of the August 2, 2007 Staff Petition the Executive Vice President, General Counsel and Corporate Secretary of Respondent AHMC. See Respondents' Ex. B (i.e. Petitioner's Ex. 1), Respondents' List of Witnesses and Exhibits dated September 21, 2007, and Tr. at 112-113.

6. Respondent AHMC is wholly owned subsidiary of Respondent AHMH. See Respondent's Ex. A.

7. Respondents Horn, Hozie and Strauss were at the time of the August 2, 2007 Staff Petition corporate officers of Respondent AHMC and Respondent AHMH. See Tr. at 111-113 and 116-117.

8. The law firm of Weiner, Brodsky, Sidman & Kider, at Respondent Horn's directive, submitted the July 31, 2007 to regulators informing them of the Respondent AHMC's liquidity and funding problems. See Respondent's Ex. B and Tr. at 132.

9. Respondents Horn, Hozie and Strauss also actively participated in efforts to obtain new warehouse lines, sell parts of the business and undertake efforts to obtain funding or the ability for Respondent AHMC to continue funding. See Tr. at 129-131 and 141.

B. Failure to Fund Loans: Timeline and Analysis

1. Respondent AHMC temporarily ceased funding loans due to an inability draw upon its warehouse lines. See Respondents' Ex. B (also Petitioner's Ex. 1) and Tr. at 141-142 and Tr. at 156.

2. There were inconsistencies with the pipeline report, which is the list of loans in the licensee's account for funding. See Tr. at 33-34.

3. Four borrowers were affected by Respondent AHMC's (and therefore Respondent AHMH's) failure to fund loans. See Tr. at 35.

4. However, only two (2) borrowers (Kristen Jernigan and Ashley Noseworthy/Frederick Bassett) actually went through a closing; ABC closed their loans but did not have their loans funded. See Petitioner's Ex. 4 and 5 and Tr. at 74 and 86-87.

5. The Bruno Bernard loan was scheduled to close with ABC at 4pm on July 31, 2007 but did not close with ABC because ABC contacted Title

Mortgage Solution at 1:30 pm to inform them of the freeze on funding. See Petitioner's Ex. 2 and Tr. at 74 and 86-87.

6. The Katarina Prieberova/Earnest Leonard III loan was scheduled to close with ABC at noon on July 31, 2007 but did not actually close with ABC because ABC contacted The Loan Arranger LLC the morning of July 31st to inform them that nothing from the previous day had funded and to give them the option to continue with closing this loan. See Petitioner's Ex. 3 and Tr. at 74 and 86-87.

7. The Kristen Jernigan loan did close on July 31, 2007 with ABC but was not funded. See Petitioner's Ex. 4 and Tr. at 35 and 46-57.

8. The Kristen Jernigan loan did not close with another lender until on or about August 8, 2007 with GN Mortgage, a subsidiary of Guaranty Bank. See Petitioner's Ex. 4 and Tr. at 35 and 46-57.

9. The Ashley Noseworthy/Frederick Bassett loan did close on July 24, 2007 at the Law Office of Gould and Burke (the settlement agent) with a three day right of rescission expiring at midnight on July 27, 2007. See Petitioner's Ex. 5 and Tr. 35 and 74-76.

10. The Noseworthy/Bassett loan was set to fund on July 30, 2007. See Petitioner's Ex. 5 and Tr. 74-76.

11. Sarah Lasata, a paralegal with Gould and Burke, recorded the mortgage documents with the Merrimack County Registry of Deeds on July 30, 2007. See Petitioner's Ex. 5.

12. Communications ensued between Sarah Lasata, ABC and Noseworthy/Bassett because ABC informed Ms. Lasata it was have trouble with its wire transfers and the loan had not yet funded. See Petitioner's Ex. 5.

13. On July 31, 2007, the closing agent's title insurer sent Gould & Burke a notice that ABC was no longer funding loans and was facing liquidation of assets. See Petitioner's Ex. 5.

14. On or about July 31, 2007, Nancy E. O'Connor, Mortgage Underwriter for Financial Resources & Assistance of the Lakes Region, Inc. received notice from ABC that would not be funding loans due to a loss of confidence by its investors. See Petitioner's Ex. 5.

15. Gould & Burke had to discharge the previously recorded mortgage in order to remove the encumbrance from an unfunded loan. See Petitioner's Ex. 5.

16. The Noseworthy/Bassett loan did not close with another lender until August 24, 2007 and did not fund until August 29, 2007 with Mortgage IT. See Petitioner's Ex. 5.

17. Respondent AHMC (again whose dba is ABC) did not file bankruptcy until August 6, 2007. See Defendant's Ex. A and Tr. at 123-124.

18. Templated pipeline reports dated August 8th and 9th reveal Respondent AHMC failed to fund loans on or after August 8th, 2007, as well. See Respondents' Ex. C2 and C1, respectively, and Tr. at 139-141.

19. Respondent AHMC, directly or through its dba of ABC, submitted letters similar to the templated ones in evidence to its customer, both in the wholesale and retail lines. See Respondents' Ex. C1 and C2 Tr. at 139-141.

20. These templated letters explained that Respondents would no longer be able to process or fund the customer's loan. See Respondents' Ex. C1 and C2 and Tr. at 139-141.

31. The bankruptcy hearing date was schedule for October 17, 2007. See Defendant's Ex. D.

### CONCLUSIONS OF LAW

1. Respondents collectively have violated RSA 397-A:14-b by failing to fund the Jernigan loan after the closing.
2. Respondents collectively have violated RSA 397-A:14-b by failing to fund the Noseworthy/Bassett loan after the closing.
3. The active participation of all natural person Respondents (Hoxie, Horn and Strauss) makes each of them liable for the failure of Respondents AHMH, AHMC, and ABC (a dba for Respondent AHMC) to fund the Jernigan loan.
4. The active participation of all natural person Respondents (Hoxie, Horn and Strauss) makes each of them liable for the failure of Respondents AHMH, AHMC, and ABC (a dba for Respondent AHMC) to fund the Noseworthy/Bassett loan.
5. Respondent AHMH, as the sole shareholder and parent of Respondent AHMC, is liable for the failure to fund the Jernigan loan.
6. Respondent AHMH, as the sole shareholder and parent of Respondent AHMC, is liable for the failure to fund the Noseworthy/Bassett loan.
7. Respondent AHMC, whose dba was ABC, is liable for the failure to fund the Noseworthy/Bassett loan.
8. Respondent AHMC, whose dba was ABC, is liable for the failure to fund the Jernigan loan.
9. The bankruptcy filed by Respondents and the inability to fund loans indicates that Respondents lacked the financial integrity to continue operating its mortgage lending operations.

## ORDER

Having considered the evidence and motions submitted by the parties and the Presiding Officer, it is this ___ day of March, 2008 ORDERED:

1. I find in favor of the Department on the following proposed findings of fact submitted by Hearing Counsel James Shepard: 7 through 10 and 15 through 18.
2. I find against the Department on the following proposed findings of fact submitted by Hearing Counsel James Shepard: 11 through 14.
3. I find the following proposed findings of fact submitted by Hearing Counsel James Shepard to be moot: 1 through 6.
4. I find in favor of the Respondents collectively on the following proposed findings of fact submitted by Respondents' counsel: 4-6, 10, 11, 13, 16, 18, 19-24 and 26-32.
5. I find against Respondents collectively on the following proposed findings of fact submitted by Respondents' counsel since these are inaccurate reflections of the record: 8, 9, 12, 14, 15, 17, 25
6. I find the following proposed findings of fact submitted by Respondents' counsel to be moot in that they do not address the substantive facts of the case: 1-3.
7. I find the following proposed findings of fact submitted by Respondents' counsel to be moot since the recommended decision(s) herein shall be solely based on violations of RSA 397-A:14-b and therefore, any proposed findings of fact regarding violations of BAN 2407.01 are moot: 7, 9
8. I hereby find each above-named Respondent, jointly and severally liable for the violation of RSA 397-A:14-b in the Kristen Jernigan loan.

9. I hereby find each above-named Respondent, jointly and severally liable for the violation of RSA 397-A:14-b in the Ashley Noseworthy/Frederick Bassett loan.

10. I hereby find that Respondent American Home Mortgage Corp. shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

11. I hereby find that Respondent American Home Holdings, Inc. shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

12. I hereby find that Respondent Michael J. Strauss shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

13. I hereby find that Respondent Stephen A. Hozie shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

14. I hereby find that Respondent Alan B. Horn shall be assessed a fine of $2,500 for each violation of RSA 397-A:14-b, for a total of $5,000.

15. I hereby find that for the approximate eight day delay in finding replacement funding for the Kristen Jernigan loan, Ms. Jernigan shall be awarded $2,500.

16. I hereby find that for the approximate one month delay in finding replacement funding for the Ashley Noseworthy/Frederick Bassett loan, Ms. Noseworthy and Mr. Bassett shall each be awarded $6,000.

17. Therefore, each Respondent is jointly and severally liable for a total fine of $39,500 to be paid within sixty days from the date of

1 | this Order, unless an agreement is reached between the New Hampshire
2 | Banking Department and Respondents for a later time.
3 | 18. I hereby order that Respondent and Licensee American Home
4 | Mortgage Corp.'s license is hereby revoked.
5 | 19. I hereby order that the Petitioner's cease and desist order shall
6 | be made permanent.
7 | 20. I hereby order that the remaining allegation of a BAN 2407.01
8 | violation is hereby moot due to the ordered revocation and permanent
9 | cease and desist order.

_Maryam Torban-Desforges_ 3-5-08
Maryam Torban-Desforges
Presiding Officer

This 5th day of March 2008.

_Peter C. Hildreth_
Peter Hildreth,
Bank Commissioner

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Adjudicative Decision, Docket No. 07-216, has been sent via certified mail on March 5, 2008 to Mr. David M. Souders, Esq., Weiner Brodsky Sidman Kider PC, 1300 Nineteenth Street NW 5th Floor, Washington, DC 20036-1609, and Mr. Martin P. Honigberg, Sulloway & Hollis PLLC, PO Box 1256, Concord, NH 03302.

*(signed)* Rebekah Becker

Rebekah Becker
Paralegal, Banking Division