# EXHIBIT C

## Administrative Order

DB02:7737430.3

066585.1001

State of New Hampshire Banking Department

| | |
|---|---|
| In re the Matter of: | Case No.: 07-216 |
| State of New Hampshire Banking Department, | Order to Show Cause And |
| and | Cease and Desist Order |
| American Home Mortgage Corp, Michael J. Strauss, Stephen A. Hozie, and Alan B. Horn, | |
| Respondents | |

### NOTICE OF ORDER

This Order commences an adjudicative proceeding under the provisions of RSA 397-A, RSA 383:10-d RSA 541-A:31 and BAN 200 et seq.

### LEGAL AUTHORITY AND JURISDICTION

Pursuant to RSA 397-A:18 II, the Banking Department of the State of New Hampshire (hereinafter the "Department") has the authority to issue and cause to be served an order requiring any person engaged in any act or practice constituting a violation of RSA 397-A or any rule or order thereunder, to cease and desist from violations of RSA 397-A.

Pursuant to RSA 397-A:20, the Commissioner may issue, amend, or rescind such orders as are reasonably necessary to comply with the provisions of the Chapter.

Pursuant to RSA 397-A:21, the Commissioner has the authority to suspend, revoke or deny any license and to impose administrative penalties of up to $2,500.00 for each violation of New Hampshire banking law and rules.

Pursuant to RSA 383:10-d, the Commissioner shall have exclusive authority and jurisdiction to investigate conduct that is or may be an unfair

or deceptive act or practice under RSA 358-A and exempt under RSA 358-A:3, I or that may violate any of the provisions of Titles XXXV and XXXVI and administrative rules adopted thereunder. The Commissioner may hold hearings relative to such conduct and may order restitution for a person or persons adversely affected by such conduct.

### NOTICE OF RIGHT TO REQUEST A HEARING

The above named respondent has the right to request a hearing on this Cease and Desist Order and Order to Show Cause, as well as the right to be represented by counsel. Likewise, the Respondent has 30 calendar days to request a hearing on the Order to Show Cause. If the person to whom an order is issued fails to request a hearing within 30 calendar days of receipt of such order, then such person shall be deemed in default, and the Cease and Desist Order shall, on the thirty-first day, become permanent and shall remain in full force and effect until and unless later modified or vacated by the commissioner, for good cause shown, the facts alleged in the Staff Petition may be deemed admitted, and penalties imposed. Any such request for a hearing shall be in writing, signed by the respondent or by the duly authorized agent of the above named respondent, and shall be delivered either by hand or certified mail, return receipt request, to the Banking Department, State of New Hampshire, 64B Old Suncook Road, Concord, NH 03301.

A hearing shall be held not later than 10 days after the request for such hearing is received by the commissioner. Within 20 days of the date of any such hearing the commissioner shall issue a further order either vacating the cease and desist order or making it permanent as the facts require. All hearings shall comply with 541-A. If the person to whom a cease and desist order is issued fails to appear at the requested hearing after being duly notified of the date and time, such person shall be deemed in default, and the proceeding may be determined against him or her upon consideration of the cease and desist order, the allegations of which may be deemed to be true.

## STATEMENT OF ALLEGATIONS

The allegations contained in the Staff Petition dated August 2, 2007 (a copy of which is attached hereto) are incorporated by reference hereto.

## ORDER

WHEREAS, finding it necessary and appropriate and in the public interest, and consistent with the intent and purposes of the New Hampshire banking laws, and

WHEREAS, finding that the allegations contained in the Staff Petition, if proved true and correct, form the legal basis of the relief requested,

It is hereby ORDERED, that:

1. The Respondents are hereby Ordered to immediately cease and desist from violations of New Hampshire law.
2. The Respondents are hereby Ordered to cease taking applications for mortgage loans until such time as this Order is rescinded.
3. The Respondents are hereby Ordered to Show Cause why their license should not be Revoked.
4. Failure to request a hearing within 30 days of the date of receipt of this Order shall result in a default judgment being rendered, administrative penalties being imposed upon the defaulting Respondents, and such further action as is necessary to determine the proper amount of restitution.

SIGNED,

Dated: 8/2/07

/S/
PETER C. HILDRETH
BANK COMMISSIONER

NOTE: VIOLATION OF A CEASE AND DESIST ORDER IS A CRIMINAL OFFENSE.

Cease and Desist Order - 3

```
                    State of New Hampshire Banking Department

In re the Matter of:              )  Case No.: 07-216
                                  )
State of New Hampshire Banking    )  Staff Petition
                                  )
Department,                       )  August 2, 2007
                                  )
        Petitioner,               )
                                  )
    and                           )
                                  )
American Home Mortgage Corp, Michael )
                                  )
J. Strauss, Stephen A. Hozie, Alan B. )
                                  )
Horn, and American Home Mortgage
Holdings Inc.

        Respondents
```

## STATEMENT OF ALLEGATIONS

I. The Staff of the Banking Department, State of New Hampshire (hereinafter referred to as the "Department) alleges the following facts:

1. American Home Mortgage Corp (hereinafter, "Respondent AHMC") is currently licensed as a Mortgage Banker.

2. Respondent Michael J. Strauss (hereinafter "Respondent Strauss") is the President of Respondent AHMC.

3. Respondent Stephen A. Hozie (hereinafter "Respondent Hozie") is the Chief Financial Officer of Respondent AHMC.

4. Respondent Alan B. Horn (hereinafter "Respondent Horn") is the Secretary of Respondent AHMC.

5. Respondent AHMC is a wholly owned subsidiary of Respondent American Home Mortgage Holdings Inc, a publicly traded real estate investment trust listed on the New York Stock Exchange.

6. On or about July 31, 2007 the Department became aware of the financial instability of Respondent AHMC.

7. Respondent failed to notify the Department of problems related to its lines of credit and of its repurchase liabilities.

8. Respondents are currently unable to operate with the financial integrity necessary to warrant the public confidence.

9. In a letter dated July 31, 2007 to the Department AHMC advised via counsel that they would no longer fund loans.

10. There are currently at least three New Hampshire consumers affected by Respondents' decision to cease funding loans according to Respondent AHMC's pipeline report.

11. Respondent AHMC's Northern New England District Manage informed the Department that Respondent AHMC did not have any closed but unfunded loans in New Hampshire.

12. Contrary to the agent's assertion, the Department has learned that Respondent AHMC closed or committed to close at least three New Hampshire loans and subsequently failed to fund them forcing those consumers to find financing elsewhere under conditions disadvantageous to the consumer.

13. The Department has information that Respondent AHMC continues to accept mortgage applications despite its apparent inability to fund loans.

14. If these conditions existed at time of Respondent's application the Commissioner would have been justified in denying the license.

### ISSUES OF LAW

II. The staff of the Department, alleges the following issues of law:

1. The Department realleges the above stated facts in paragraphs 1 through 11.

2. The Department has jurisdiction over the licensing and regulation of persons engaged in mortgage banker activities pursuant to NH RSA 397-A:3.

3. Pursuant to New Hampshire Banking law, RSA 397-A:5 the Commissioner at time of completed application has 120 days to determine whether the applicant's financial resources, experience, personnel, and record of past or proposed conduct warrant the public's confidence and issuance of a license.

4. Licensees must notify the Department within 5 business days of the occurrence of certain events according to BAN 2407.01. Said events include the termination or default of existing lines of credit and the exercise of recourse rights by investors.

5. Pursuant to RSA 397-A:14-b licensee's must fund loans at closing.

6. Pursuant to RSA 397-A:17 the Commissioner may issue an order requiring a person to whom any license has been granted or any person under the commissioner's jurisdiction to show cause why the license should not be revoked, suspended, or penalties imposed, or both, for violations of this chapter.

7. Pursuant to RSA 397-A:17 the Commissioner may issue an order requiring a person to whom any license has been granted or any person under the commissioner's jurisdiction to show cause why the license should not be revoked, suspended, or penalties imposed when the licensee or a person under its control is not qualified on the basis of such factors as experience, knowledge, and financial integrity.

8. Pursuant to RSA 397-A:18 the Department may issue a Cease and Desist Order against anyone who it has reasonable cause to believe is in violation of the provisions of the Chapter or a rule or order under the Chapter.

9. Pursuant to RSA 397-A:20 the Commissioner may issue such order as are reasonably necessary to carry out the provisions of the Chapter.

10. RSA 397-A:21 IV provides that any person who, either knowingly or negligently, violates any provision of this chapter may, upon notice and opportunity for hearing, and in addition to any such other penalty provided for by law, be subject to suspension, revocation or denial of any registration or license, including forfeiture of any application fee, or an administrative fine not to exceed $2,500, or both.  Each of the acts specified shall constitute a separate violation, and such administrative action or fine may be imposed in addition to any criminal penalties or civil liabilities imposed by New Hampshire Banking laws.

**RELIEF REQUESTED**

III. The staff of the Department requests the Commissioner take the following Action:

1. Find as fact the allegations contained in section I of this petition;

2. Make conclusions of law relative to the allegations contained in section II of the this petition;

3. Assess fines and administrative penalties in accordance with RSA 397-A:21, for violations of Chapter 397-A, in the number and amount equal to the violations set forth in section II of this petition against each Respondent; and

4. Order Respondents to show cause why their license should not be Revoked; and

5. In accordance with RSA 397-A:18, Order the Respondents to Cease and Desist from violations of New Hampshire Law; and

6. In accordance with RSA 397-A:20, Order the Respondents to immediately cease taking mortgage applications; and

7. Take such other administrative and legal actions as necessary for enforcement of the New Hampshire Banking Laws, the protection of New Hampshire citizens, and to provide other equitable relief.

**RIGHT TO AMEND**

IV. The Department reserves the right to amend this Staff Petition and to request that the Commissioner take additional administrative action. Nothing herein shall preclude the Department from bringing additional enforcement action under RSA 397-A or the regulations thereunder.

1

2   Respectfully submitted by:

3

4   ___/S/_____              8/2/07
    James Shepard                        Date
5   Staff Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25