IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., et al. | ) | Case No. 07-11047 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) OBJECTION DEADLINE: March 9, 2009 | |

## COVER SHEET FOR THE SECOND MONTHLY APPLICATION OF GILBERT OSHINSKY LLP FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS FOR THE PERIOD NOVEMBER 1, 2008 THROUGH NOVEMBER 30, 2008

Name of Applicant:                                 Gilbert Oshinsky LLP

Authorized to Provide
Professional Services to:                          The Official Committee of Borrowers

Date of Retention:                                 October 22, 2008

Period for which Compensation and
Reimbursement is sought:                           November 1, 2008 through November 30, 2008

Amount of Compensation sought as
actual, reasonable and necessary:                  $44,991.50

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:               $555.90

This is a __X__ monthly _____ interim _____ final application

    80% of Fees for the Period            $35,993.20 (Holdback: $8,998.30)
    100% of Expenses:                           $555.90
    Total Due:                              $36,549.10

## SUMMARY OF ATTORNEY/PARALEGAL FEES

| Name of Professional | Position of Applicant; Year Licensed to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Stephen Weisbrod | Partner; 1991 | $525 | 40.7 | $21,157.50 |
| Hunter Winstead | Associate; 2003 | $360 | 38.7 | $13,302.00 |
| Andrea Hopkins | Associate; 2008 | $275 | 26.8 | $7,370.00 |
| Gabriel LeChevallier | Associate; 2007 | $275 | 10.8 | $2,970.00 |
| Caitlin Kahler | Paralegal | $160 | 1.2 | $192.00 |
| | Total | | 118.2 | $44,991.50 |
| | Blended Rate | $380.64 | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Disclosure Statement/Plan of Reorganization | 108.1 | $41,568.50 |
| Retention | 5.8 | $2,583.00 |
| Non-Working Travel (Billed @ 50%) | 4.3 | $840.00 |
| Total | 118.2 | $44,991.50 |

## EXPENSE SUMMARY

| Expense Category | Total |
|---|---|
| Travel – Lodging | $126.45 |
| Travel – Meals | $24.45 |
| Travel – Taxi Fare | $37.00 |
| Travel – Train Fare | $368.00 |
| Total | $555.90 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., et al. | ) | Case No. 07-11047 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) OBJECTION DEADLINE: March 9, 2009 | |

**SECOND MONTHLY APPLICATION OF GILBERT OSHINKY LLP FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS FOR THE PERIOD OF NOVEMBER 1, 2008 THROUGH NOVEMBER 30, 2008**

Pursuant to 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code, entered September 3, 2007 (the "Administrative Order"), the law firm of Gilbert Oshinsky LLP ("GO"), as co-counsel to the Official Committee of Borrowers of American Home Mortgage Holdings, Inc., et al., submits its Second Monthly Application for Allowance of Fees and Reimbursement of Expenses (the "Application") seeking allowance of fees in the amount of $35,993.20 (80% of $44,991.50) and reimbursement of expenses in the amount of $555.90, for the period November 1, 2008 through November 30, 2008 (the "Application Period"), and in support thereof, states as follows:

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al., and certain of it affiliates (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On October 10, 2008, an order was entered approving the appointment of an Official Committee of Borrowers (the "Borrowers' Committee), a copy of which is attached hereto as **Exhibit "A-1."** On October 21, 2008, the United States Trustee appointed Mr. Sam Acquisito, Mr. Christopher Bilek, Ms. Florence Dandridge, Ms. Grace Graves, Mrs. Delena Lamacchia, Ms. Penny Montague and Ms. Paula Rush as members of the Borrowers' Committee.

3. On November 4, 2008, an order was entered supplementing the order approving the Borrowers' Committee (the "Supplemental Order"), which gave the Borrowers' Committee authority to retain counsel, capped the compensation and reimbursement of expenses at $250,000.00 that the Borrowers' Committee's counsel collectively could receive from the estates, and limited the scope of the work to be performed by counsel. A copy of the Supplemental Order is attached hereto as **Exhibit "A-2."** The Borrowers Committee subsequently has filed an application seeking to increase the cap on amounts that may be paid to its counsel. That application is pending.

4. On December 8, 2008, an order was entered approving retention of GO and Zuckerman Spaeder LLP as co-counsel for the Borrowers' Committee, as of October 22, 2008, *nunc pro tunc*. A copy of the order is attached hereto as **Exhibit "A-3."**

5. Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may file objections or responses thereto. If there is no objection or response filed by any parties within twenty (20) days of the date of filing and service of the Application, and if the Court does not schedule a hearing on the Application, then the Debtor is authorized and directed to pay the professional 80% of fees and 100% of expenses requested for the Application Period.

### Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Compensation Paid and Its Source

7. All services for which GO requests compensation were performed for or on behalf of the Borrowers' Committee.

### Fee Statements

8. GO devoted 118.2 hours of professional time to provide legal services to the Borrowers' Committee during the Application Period. The invoice attached hereto as **Exhibit "B"** details the time recorded, the professionals of the firm providing services, and provides a daily breakdown of the total time spent by each professional, in each project category, and of the disbursements during the Application Period.

9. During the Application Period, GO performed legal services for the Borrowers' Committee in the project categories described below, as set forth in the Administrative Order. GO maintained separate matter numbers for each of the following project areas. Following is a summary of the work performed by GO in each substantive area:

(a) <u>Disclosure Statement/Plan of Reorganization</u>: The services provided in this category for the Application Period involved analyzing the Debtors' disclosure statement and related pleadings and materials and performing legal research to develop a strategy related to the disclosure statement and plan of reorganization. To that end, GO prepared for and attended meetings, participated in conference calls and communications with the Borrowers' Committee, co-counsel, Debtors' counsel and counsel for the Unsecured Creditors' Committee, participated

in conferences calls and communications regarding various issues pertaining to the disclosure statement and plan of reorganization. Total Hours: 108.1; Total Fees $41,568.50.

(b) Retention: The services provided in this category for the Application Period involved conflicts analysis, preparation of GO's retention application and related pleadings and communications with co-counsel regarding coordination of efforts. Total Hours: 5.8; Total Fees $2,583.00.

(c) Non-Working Travel: During the Application Period, GO attorneys traveled to New York, NY to attend a meeting regarding the disclosure statement and to Wilmington, DE for a hearing. All non-working travel time is reflected in this category and billed at 50% pursuant to Local Rule 2016-2(d). Total Hours: 4.3; Total Fees $840.00.

**Actual and Necessary Expenses**

10. A breakdown of the actual and necessary expenses incurred by GO for the Application Period are reflected within the invoice for the Application Period which is attached hereto as **Exhibit "B."** The invoices may not contain all expenses incurred during the Application Period and GO reserves the right to request reimbursement of additional expenses for such amounts for the Application Period in future monthly applications.

**Relief Requested by GO**

11. GO spent a total of 118.2 hours in the above project categories and incurred total professional fees during the Application Period in the amount of $44,991.50. GO requests 80% of fees ($35,993.20) in connection professional services rendered to the Borrowers' Committee as described above. The blended hourly rate for these services is $380.64. In addition, GO requests reimbursement for costs incurred during the administration of this case in the amount of $555.90.

12. All of the professional services and expenses for which GO requests compensation and reimbursement have been strictly related to its representation of the Borrowers' Committee and has provided benefit to the estates. GO accordingly submits that it is proper to compensate it for the actual time spent and to reimburse it for the actual expenses incurred in connection with this case.

13. Except for the Debtor's promise to pay compensation and reimbursement as allowed by the Court, GO has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

14. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, GO has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all the foregoing reasons, GO respectfully requests that the Court allow GO the sum of $35,993.20 (80% fees of $44,991.50) and expenses of $555.90 for a total interim compensation of $36,549.10, that such sums be authorized for payment, and for such other and further relief as this Court may deem just and proper.

GILBERT OSHINSKY LLP

/s/ Stephen A. Weisbrod
Stephen A. Weisbrod
1100 New York Avenue, N.W.
Washington, DC 20005-3987
(202) 772-2200
CO-COUNSEL TO THE OFFICIAL
COMMITTEE OF BORROWERS

Date: February 16, 2009

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., et al. | ) | Case No. 07-11047 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## DECLARATION

I, Stephen A. Weisbrod, am a partner of the applicant law firm, Gilbert Oshinsky LLP ("GO"), and am familiar with the rules of this Court.

I am familiar with the work performed on behalf of the Official Committee of Borrowers In Re American Home Mortgage Holdings, Inc., et. al., by the lawyers, legal assistants, and other professionals of GO as set forth in the attached invoice.

I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have reviewed the requirements of Local Rule 2016-2 and the Administrative Order, and I believe the Application to be in compliance therewith.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Stephen A. Weisbrod
Stephen A. Weisbrod

Dated: February 16, 2009