IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | **Re: D.I. 7034** |
| | ) | |

## CERTIFICATION OF COUNSEL

I, Thomas G. Macauley, a partner at Zuckerman Spaeder LLP and co-counsel to the Official Committee of Borrowers (the "Borrowers Committee"), hereby certify as follows:

1. This Certification responds to the Certification of Counsel submitted yesterday afternoon by Patrick Jackson requesting that the Court enter the debtors' proposed form of confirmation order.

2. The Borrowers Committee has only one objection with the form of order. In Paragraph 51(i)(B), we request that the Court strike the words, "for declaratory and/or injunctive relief" (the "Objectionable Language").

3. Paragraph 51(i) addresses the modification of injunctions and stays for borrowers. Prior to the confirmation hearing, there was no dispute between the parties on the concept that the stays and injunctions should not prevent a borrower against whom a foreclosure is commenced from taking legal action to prevent foreclosure. Therefore, counsel's reference to the Court's overruling of the objections of the Borrowers Committee has no relevance.

4. In reviewing the prior version of Paragraph 51(i) -- which consisted only of the language contained in subsection (A) and did not contain a subsection (B) -- I realized that the

2130726.1

provision did not apply to the case of nonjudicial foreclosures. A number of states outside Delaware permit foreclosures to occur without the initiation of a foreclosure proceeding.

5. Yesterday, Debtors' counsel advised me that the Debtors, the Creditors Committee and Bank of America had all agreed to insert a provision into the form of order providing that "a borrower subject to a non-judicial foreclosure is permitted to file an action in the appropriate jurisdiction to halt the foreclosure." *See* Email from S. Beach to T. Macauley (Feb. 18, 2009 at 7:27 p.m.) (annexed as Exhibit A hereto).

6. The language inserted into the form of order as subsection (B) of Paragraph 51(i), however, is narrower and exempts the borrower only if the action to halt the foreclosure is for declaratory and/or injunctive relief.

7. As is the case in Delaware and presumably other jurisdictions, the filing of a complaint is a necessary prerequisite to seeking injunctive relief. Under the provision as drafted, the filing of a complaint which seeks damages in addition to declaratory and injunctive relief would violate the stays and injunctions and subject the borrower and his attorney to sanctions.

8. Moreover, subsections (A) and (B) should be coextensive. Subsection (A) allows a borrower to assert any defenses or counterclaims to a foreclosure action. In contrast, a borrower rushing to Court to prevent a non-judicial foreclosure is limited to seeking declaratory and injunctive relief under subsection (B).

9. All along, the parties have acknowledged that borrowers facing foreclosure require extra latitude. The insertion of the Objectionable Language negates that extra latitude in states authorizing non-judicial foreclosures.

WHEREFORE, the Borrowers Committee requests that the Court strike the Objectionable Language prior to entering the form of confirmation order.

Dated: Wilmington, Delaware
February 20, 2009

        ZUCKERMAN SPAEDER LLP

        Thomas G. Macauley (ID No. 3411)
        919 Market Street, Suite 990
        Wilmington, DE 19801
        Telephone: (302) 427-0400
        Facsimile: (302) 427-8242

        Attorneys for the Official Committee
        of Borrowers

2130726.1