# EXHIBIT A

419772.3

**Macauley, Thomas G.**

**From:** Beach, Sean [SBEACH@ycst.com]
**Sent:** Wednesday, February 18, 2009 8:17 PM
**To:** Macauley, Thomas G.; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** Re: AHM - Revised Confirmation Order

I think we can get the clerk to do that. We will circulate the language to you first. BofA and the commitee have agreed in concept.

**From:** Macauley, Thomas G.
**To:** Beach, Sean; Jackson, Patrick; weisbrods@gotofirm.com
**Sent:** Wed Feb 18 19:59:16 2009
**Subject:** RE: AHM - Revised Confirmation Order

The only other thing I would suggest with the ombudsman is to list that person as a party on the docket so that the ombudsman is listed right when someone pulls up the docket. I think the clerk has mentioned that it can be done. Are you familiar with that?

As I mentioned, our concern was the ability of a borrower to halt a non-judicial foreclosure so that is the concept. Patrick might circulate the language to us prior to circulating to all other parties so you only have to go around the merry go round once.

**From:** Beach, Sean [mailto:SBEACH@ycst.com]
**Sent:** Wednesday, February 18, 2009 7:27 PM
**To:** Macauley, Thomas G.; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** RE: AHM - Revised Confirmation Order

We can put the ombudsman information in the notice of effective date, list the information on the EPIQ website, and file a notice with the Court.

On the nonjudicial foreclosure issue, if it finally resolves the BC issues with the Order we will insert a provision indicating that a borrower subject to a non-judicial foreclosure is permitted to file an action in the appropriate jurisdiction to halt the foreclosure. Patrick will send language, but please confirm that this resolves your issue in concept.

**From:** Macauley, Thomas G. [mailto:TMacauley@zuckerman.com]
**Sent:** Wednesday, February 18, 2009 5:41 PM
**To:** Beach, Sean; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** RE: AHM - Revised Confirmation Order

The Borrowers Committee voted not to appeal the rulings by the Court at the hearing last week.

Separately, our members raised a concern as to how will borrowers find out that there is an ombudsman. Do you know who that person/firm will be? You should list the contact info for the name or person in the notice of confirmation even if most borrowers will not receive that notice. What else can be done?

**From:** Beach, Sean [mailto:SBEACH@ycst.com]
**Sent:** Wednesday, February 18, 2009 5:34 PM
**To:** Macauley, Thomas G.; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** Re: AHM - Revised Confirmation Order

Does that mean the BC will not appeal? If so, then let's discuss the other issue.


**From:** Macauley, Thomas G.
**To:** Beach, Sean; Jackson, Patrick; weisbrods@gotofirm.com
**Sent:** Wed Feb 18 17:31:13 2009
**Subject:** RE: AHM - Revised Confirmation Order

Sean, so you know, the Borrowers Committee is not going to ask for language relating to its continuation to prosecute an appeal. However, we are going to insist on language to address nonjudicial foreclosures in the confirmation order as discussed below -- indeed, one of the members of the committee is in such a State and had to file an action in order to halt the foreclosure.


**From:** Beach, Sean [mailto:SBEACH@ycst.com]
**Sent:** Wednesday, February 18, 2009 4:26 PM
**To:** Macauley, Thomas G.; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** RE: AHM - Revised Confirmation Order

The idea of this provision was to allow a borrower to assert defenses and counterclaims in judicial foreclosure proceeding commenced by a debtor or the Plan Trustee, because there was minimal impact on the Plan trustee to deal with such claims in that proceeding. I do not want to broaden the langauge any further.


**From:** Macauley, Thomas G. [mailto:TMacauley@zuckerman.com]
**Sent:** Wednesday, February 18, 2009 4:02 PM
**To:** Beach, Sean; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** RE: AHM - Revised Confirmation Order

I don't see how Item 1 realistically goes beyond nonjudicial foreclosures. But if that's your concern, you could say "prosecute claims relating to such foreclosure or any defense or counterclaims"

Let me know -- I'm getting my call now.


**From:** Beach, Sean [mailto:SBEACH@ycst.com]
**Sent:** Wednesday, February 18, 2009 3:31 PM
**To:** Macauley, Thomas G.; Jackson, Patrick; weisbrods@gotofirm.com
**Subject:** RE: AHM - Revised Confirmation Order

Tom,
We have made every effort to address the concerns you raised yesterday and certainly addressed the only 2 issues you discussed with us at the hearing (i.e. 363(o) and adding Art. 17 to the Confirmation Order). The language you changed in item 1 below was not discussed at the hearing, was not discussed yesterday, has been in the Plan for several weeks, and goes beyond the issue of nonjudicial foreclosures. We will not make those changes. With respect to the second item, we will clarify that it relates to violations of the stay, Plan injunctions or the injunction section of the Confirmation Order, but believe that "knowledge of" is the appropriate standard and

not "having first reviewed" the Plan and Confirmation Order. If you would like us to identify your objection to these two provisions in the COC, please let us know in the next 30 minutes.

**From:** Macauley, Thomas G. [mailto:TMacauley@zuckerman.com]
**Sent:** Wednesday, February 18, 2009 2:47 PM
**To:** Jackson, Patrick; weisbrods@gotofirm.com
**Cc:** Beach, Sean
**Subject:** RE: AHM - Revised Confirmation Order

Patrick, I appreciate your efforts. We have just the following comments to para 51 of the Order which should not be troublesome:

1) subsection (i), third line of blackline: delete "in such action" and add "claims," in front of "defenses" -- the reason for this change is to cover the case of nonjudicial foreclosures where there is no pending action.

2) subsection (ii), proviso: delete "for violation of the automatic stay" and also insert "having first reviewed" in place of "knowledge of" -- the first deletion is for clarification because one could seek sanctions for violation of the injunction or the order as well; the second change also is for clarification.

With those changes, we have no objection to the form of order. If you intend to submit the form of order under COC today, you should note for the Court that the BC is meeting later this afternoon and that its counsel will contact chambers first thing in the am if we need protective language. Rgds, Tom

**From:** Jackson, Patrick [mailto:PJackson@ycst.com]
**Sent:** Wednesday, February 18, 2009 12:22 PM
**To:** weisbrods@gotofirm.com; Macauley, Thomas G.
**Cc:** Beach, Sean
**Subject:** AHM - Revised Confirmation Order

Tom, Steve,

Attached is a redline of the confirmation order to the last version circulated. BofA has signed off on this form of order. I believe this resolves the issues we dicussed yesterday (subject to the inclusion of language in the cert of counsel referencing possible amendments in the event of an appeal). Please confirm. Thanks,

-PAJ

Patrick A. Jackson
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-576-3588
Facsimile: 302-576-3544
PJackson@ycst.com

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for

your cooperation.

2/20/2009