**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDING, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | **Hearing Date: 3/13/09 @ 11:30 a.m.** |
| | ) | **Objections Due: 3/06/09 @ 4:00 p.m.** |

**APPLICATION FOR ORDER UNDER 11 U.S.C. § 1103(A)**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**MARGOT SAUNDERS AS TESTIFYING EXPERT FOR THE OFFICIAL**
**COMMITTEE OF BORROWERS *NUNC PRO TUNC* TO JANUARY 20, 2009**

The Official Committee of Borrowers in the above-captioned cases (the "Borrowers Committee'), hereby applies for an order under 11 U.S.C. § 1103(a) authorizing the employment and retention of Margot Saunders as testifying expert for the Borrowers Committee, *nunc pro tunc* to January 20, 2009 (the "Application"). In support of this Application, the Borrowers Committee relies on the Declaration of Margot Saunders, sworn to on February 20, 2009 (the "Saunders Declaration"), and respectfully represent as follows:

**BACKGROUND**

1.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). No trustee or examiner has been appointed in these cases.

2.    On September 11, 2008, certain individuals moved for the appointment of the Borrowers Committee. On October 10, 2008, this Court entered an order granting the motion

and directing the formation of the Borrowers Committee.  On October 21, 2008, the Office of the

United States Trustee officially formed the Borrowers Committee.

3.      On November 4, 2008, the Court entered a supplemental order regarding the

appointment of the Borrowers Committee (the "Supplemental Order"), which limited the

Borrowers Committee to retention of legal professionals.

4.      On January 20, 2009, the Borrowers Committee sought to modify the

Supplemental Order to allow, among other things, the Borrowers Committee to retain Ms.

Saunders as a testifying expert in connection with confirmation of the Debtors' liquidation plan

(the "Plan").

5.      On January 28, 2009, the Court entered an order modifying the Supplemental

Order to allow the Borrowers Committee to apply to retain Ms. Saunders as a testifying expert.

6.      Ms. Saunders testified as an expert during the three day trial on confirmation of

the Plan.

7.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28

U.S.C. §157(b)(2).

## RELIEF REQUESTED

8.      By this Application, the Borrowers Committee seeks to employ and retain Ms.

Saunders as their testifying expert pursuant to sections 1103(a) of the Bankruptcy Code in

connection with these chapter 11 cases *nunc pro tunc* to January 20, 2009.

## BASIS FOR RELIEF

9.      The Borrowers Committee has selected Ms. Saunders as testifying expert because

of her extensive experience and knowledge, among other things, in the areas of predatory

21170I0.1

lending, particularly with respect to pay option ARM loans, and preservation of homeownership. Accordingly, the Borrowers Committee desires to employ Ms. Saunders under a general retainer in connection with her expert testimony that will be required in connection with these chapter 11 cases.

## Services Rendered

10.    Ms. Saunders has already provided the testifying expert testimony at the confirmation hearing.

## Disinterestedness of Professionals

11.    To the best of the Borrowers Committee's knowledge, Ms. Saunders (i) does not have any connection with any of the Borrowers Committee, their affiliates, or any other party in interest, or their respective attorneys and accountants, the United States Trustee or any person employed thereby, (ii) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) does not hold or represent any interest adverse to the estates, except as set forth herein and in the Saunders Declaration filed concurrently herewith.

12.    Based on the Saunders Declaration, Ms. Saunders does not represent or hold any interest adverse to either of the Debtors, their estates, creditors, or equity security holders in the matters on which Ms. Saunders is to be engaged, and is a "disinterested person" under Bankruptcy Code section 101(14).

## Professional Compensation

13.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Saunders on an hourly basis, plus reimbursement of actual, necessary expenses incurred in connection with her testimony.  The hourly rate is set

2117010.1

forth in the Saunders Declaration and is set at a level designed to compensate fairly for the work and to cover fixed and routine overhead expenses.

14.    The expenses for which reimbursement may be sought include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.15 per page, travel expenses, and expenses for "working meals." Ms. Saunders will charge for these expenses based on her actual costs as incurred.

15.    Ms. Saunders intends to apply to this Court for allowance of compensation and reimbursement of expenses pursuant to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable orders entered by this Court with respect to management of fees and expenses in these cases.

16.    Approval of Saunders retention *nunc pro tunc* to January 20, 2009, is appropriate under the standards articulated in this Circuit. There has not been an unreasonable delay in presenting this application, which was presented after appropriate conflict searches were performed by Ms. Saunders. Moreover, it was necessary for the Borrowers Committee to have its testifying expert on board to prepare for the contested confirmation hearing.

4

2117010.1

WHEREFORE, the Borrowers Committee respectfully requests that the Court enter an order substantially in the form of the annexed form of order and grant such other and further relief as is just.

Dated: Wilmington, Delaware
      February 20, 2009

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

- and -

GILBERT OSHINSKY LLP
Stephen A. Weisbrod
W. Hunter Winstead
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-1962
Facsimile: (202) 772-3962

Attorneys for the Official Committee
of Borrowers

2117010.1