IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDING, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## DECLARATION OF MARGOT SAUNDERS IN SUPPORT OF APPLICATION UNDER 11 U.S.C. § 1103(a) FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MARGOT SAUNDERS AS A TESTIFYING EXPERT FOR THE OFFICIAL COMMITTEE OF BORROWERS

I, Margot Saunders, hereby state as follows:

1. I am an attorney at law admitted and in good standing to practice in the State of North Carolina.

2. I make this Declaration in support of the Application of the Official Borrowers Committee (the "Borrowers Committee") for an Order authorizing my employment and retention as a testifying expert for the Borrowers Committee in this matter (the "Application"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I would testify to them. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

2131226.1

3. I am Of Counsel to the National Consumer Law Center ("NCLC"), a non-profit corporation that specializes in low-income consumer issues. My primary duties at the NCLC include analyzing predatory lending, creditor reporting, debt collection, electronic commerce transfers, preservation of homeownership and other consumer credit issues and serving as an expert or consultant to consumer claimants in these areas. This Court concluded at the confirmation hearing regarding the Debtors' proposed plan of reorganization that I am qualified to serve and assist the Borrowers Committee as a testifying expert.

4. The Borrowers Committee proposed to retain me to provide expert testimony on the matters described in my report, a copy of which is attached hereto as Attachment A.

5. In preparing my report and testimony for the Court, my colleagues at NCLC and I determined that neither I nor the National Consumer Law Center has worked for or on behalf of any members of the Borrowers Committee; the Debtor or its affiliates; non-Debtor subsidiaries of the Debtor or entities engaged in joint ventures with the Debtors; members of the Committee of Unsecured Creditors; or any of the listed professionals in this Bankruptcy Proceedings. However, I, as well as other attorneys at NCLC, have worked in situations adverse to many of the lenders on the list of unsecured creditors.

6. I represent and/or provide advice to several public interest organizations and private lawyers on fair housing and predatory lending issues. Some of those entities and lawyers represent individual borrowers on their claims against the Debtors. As far as I have been able to ascertain, I have not advised such entities and lawyers on such claims.

7. Neither I, NCLC, nor any attorney thereof, insofar as I have been able to ascertain, represents any interest materially adverse to the Borrowers Committee herein or the Debtors' estates in the matters upon which I am to be engaged.

2131226.1

8.    In light of the scope of my representation of the Borrowers Committee and the nature of the relationships described above, I believe that I am a "disinterested party" as such term is defined in section 101(14) of the Bankruptcy Code and as referenced in section 328(c) of the Bankruptcy Code, and that I do not "represent any other entity having an adverse interest in connection with the case" within the meaning of section 1103 of the Bankruptcy Code. If any new facts or relationships are discovered that bear on those conclusions, I will supplement my disclosures to the Court.

9.    Subject to this Court's approval, NCLC charges for my services on an hourly basis, plus reimbursement for the actual, necessary expenses that it incurs. The current hourly rate is $300. I have maintained detailed, contemporaneous records of my time and any actual and necessary expenses incurred in connection with the rendering of the services described above.

10.    This compensation arrangement is consistent with and typical of the arrangements entered into between myself, on behalf of NCLC, and other entities regarding the provision of similar services.

11.    My employment in this regard is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. I am qualified to serve the Borrowers Committee in the matters for which it is proposed that I be retained.

12.    I intend to apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

13.    I have no understandings or agreements as to fees other than the hourly fee

2131226.1

arrangement described above.

14.   I have no agreement with any other entity to share with such entity any compensation received in connection with these chapter 11 cases.

15.   I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 20, 2008                    /s/ Margot Saunders
                                                      Margot Saunders

2131226.1