# **EXHIBIT A**

WLM 503957.1

WRIGHT, FINLAY & ZAK, LLP
Jonathan M. Zak, Esq., State Bar No. 167280
Jarlath M. Curran, II, Esq., State Bar No. 239352
4665 Mac Arthur Court, Suite 280
Newport Beach, California 92660 (Webb, Christopher/Pleadings/Complaint)
Tel. (949) 477-5050 Fax (949) 477-9200

Attorneys for Plaintiff
CITIFINANCIAL SERVICES, INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 11 2007

ALAN SLATER, Clerk of the Court

BY ___ Y. MEJIA ___, DEPUTY

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CITIFINANCIAL SERVICES, INC. <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER G. WEBB, an individual, EDWARD N. SOONG, an individual, ROSALIA SOONG, an individual, C&H TRUST DEED SERVICE, a California company, AMERICAN BROKERS CONDUIT, a New York corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **07CC06744** <br><br> VERIFIED COMPLAINT FOR: <br> 1) QUIET TITLE; <br> 2) DECLARATORY RELIEF; <br> 3) LOAN FRAUD; <br> 4) CONSPIRACY TO DEFRAUD; <br> 5) CONVERSION; <br> 6) CONSTRUCTIVE TRUST; <br> 7) UNJUST ENRICHMENT; <br> 8) WRONGFUL FORECLOSURE <br> 9) SET ASIDE FORECLOSURE SALE; <br> 10) CANCELLATION OF TRUSTEE'S DEED UPON SALE; AND <br> 11) BREACH OF PROMISSORY NOTE; <br><br> JUDGE DAVID A. THOMPSON <br> DEPT. C28 |

PLAINTIFF, CITIFINANCIAL SERVICES, INC. ("Plaintiff" or "CitiFinancial") alleges and complains as follows:

## VENUE

Venue is proper in Orange County because the real property at issue is a one-unit condominium located at 1420 Scholarship, Unit 296, Irvine, California 92603 (the "Property"), as part of the "Avenue One" condominium complex.

///

///

-1-

COMPLAINT

## PARTIES

1. Plaintiff is a California corporation authorized to conduct business in the State of California.

2. Plaintiff is informed, believes, and based thereon alleges that Defendant Christopher G. Webb ("Webb") is an individual who resides in the State of California.

3. Plaintiff is informed, believes, and based thereon alleges that Defendant Edward N. Soong ("Soong") is an individual who resided in the State of California.

4. Plaintiff is informed, believes, and based thereon alleges that Defendant Rosalia Soong ("Rosalia") is an individual who resided in the State of California.

5. Plaintiff is informed, believes, and based thereon alleges that Defendant C&H Trust Deed Service ("C&H") is and was, at all times relevant herein, a company licensed to conduct business in California and whose principal place of business is located in California.

6. Plaintiff is informed, believes, and based thereon alleges that Defendant American Brokers Conduit ("American Brokers") is and was, at all times relevant herein, is a New York Corporation, licensed to conduct business in the State of California.

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed, believes, and based thereon alleges that each of the Defendants herein and Defendant DOES 1 through 50 are the employees, agents, independent contractors, or other persons who acted on behalf of the other Defendants in this action. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, each Defendant was an agent of each of the other Defendants, acted jointly with the other Defendants, assisted or acted in concert with the other Defendants, and otherwise participated in, or directed, or otherwise was responsible for, directly or indirectly, the occurrences alleged herein..

9. Plaintiff is informed and believes and, on that basis, alleges that the Defendants, Does 1 through 50, and each of them, ratified, consented to and/or approved the conduct of each of the remaining Defendants so named.

-2-

COMPLAINT

## GENERAL ALLEGATIONS

10. Plaintiff is informed, believes, and thereon alleges that, prior to July, 2006, an entity known as K. Hovanian at Avenue One, LLC ("Hovanian") developed the Avenue One condominium complex, and held an ownership interest in the Property. Plaintiff is informed, believes, and based thereon alleges that, on or about July 10, 2006, Hovanian sold the unit and transferred its ownership interest in the Property to Webb and Soong, as joint tenants. This conveyance is evidenced by a Grant Deed, which was recorded in the Orange County Recorder's Office on August 10, 2006, as instrument number 06-535989 (the "Hovanian Grant Deed"). (A true and correct copy of the Hovanian Grant Deed is attached hereto as Exhibit "A.")

11. Plaintiff is informed, believes, and based thereon alleges that on or about August 8, 2006, in consideration for the Hovanian Grant Deed, Webb and Soong executed a Deed of Trust in favor of Hovanian that secured a first priority loan in the principal amount of $490,850.00 (the "Hovanian Purchase Money Deed of Trust"). The Hovanian Purchase Money Deed of Trust was recorded in the Orange County Recorder's Office on August 10, 2006, as instrument number 06-535992. (A true and correct copy of the Hovanian Purchase Money Deed of Trust is attached hereto as Exhibit "B.")

12. Plaintiff is informed, believes, and based thereon alleges that a portion of the purchase price conveyed to Hovanian, in consideration for the Hovanian Purchase Money Grant Deed, was advanced by Soong only, although title was transferred to Soong and Webb as joint tenants. Plaintiff is further informed, believes, and based thereon alleges that, on or about August 26, 2006, Webb secured Soong's advance with Webb's ownership interest in the Property. Such security is evidenced by a Deed of Trust executed by Webb in favor of Soong for the principal sum of $235,340.04 (the "Soong Deed of Trust"). The Soong Deed of Trust was recorded in the Orange County Recorder's Office on August 28, 2006, as instrument number 06-574267. (A true and correct copy of the Soong Deed of Trust is attached hereto as Exhibit "C.")

13. Plaintiff is informed, believes, and based thereon alleges that merely two weeks later, due to Webb's failure to make the required September payment under the Soong Deed of Trust, Soong, via his foreclosure trustee C&H, caused a Notice of Default and Election to Sell

-3-

1  Under Deed of Trust to be recorded (the "Soong NOD"). The Soong NOD was recorded in the
2  Orange County Recorder's Office on September 12, 2006, as instrument number 06-608407. (A
3  true and correct copy of the Soong NOD is attached hereto as Exhibit "D.")

4      14. Approximately one month later, in October, 2006, Webb initiated negotiations
5  with Plaintiff to obtain a loan from Plaintiff that would be secured by his ownership interest in
6  the Property. During these negotiations, Webb represented to Plaintiff that he had previously
7  satisfied the loan secured by the Soong Deed of Trust, thereby releasing Soong's lien on the
8  Property. As evidence of this representation, Webb provided to Plaintiff a letter, purportedly
9  signed by Soong, which states that Soong had been paid in full for the amount of $235,340.04
10 owed by Webb in the form of a Note created in lieu of the Soong Deed of Trust. Plaintiff is
11 informed, believes, and thereon alleges that Soong has represented that his signature on this letter
12 is a forgery. (A true and correct copy of this letter is attached hereto as Exhibit "E.")

13     15. Based on this representation, and the belief that Plaintiff's lien would be second
14 priority lien on the Property, behind the Hovanian Purchase Money Deed of Trust, Plaintiff
15 issued a loan to Webb in the amount of $72,967.06 (the "First Loan"). The First Loan was
16 evidenced by a Note and secured by a Deed of Trust ("the First Loan Deed of Trust"). The First
17 Loan Deed of Trust was recorded in the Orange County Recorder's Office on November 22,
18 2006, as instrument number 06-788747. (A true and correct copy of the First Loan Deed of
19 Trust is attached hereto as Exhibit "F.")

20     16. Plaintiff is informed, believes, and based thereon alleges that on or about
21 December 12, 2006, Soong, via his foreclosure trustee C&H, executed a Notice of Trustee's Sale
22 (the "Soong NOTS"). The Soong NOTS stated that, due to Webb's default under the Soong
23 Deed of Trust, the Property would be sold at a foreclosure sale scheduled for January 18, 2007.
24 The Soong NOTS was recorded in the Orange County Recorder's Office on December 19, 2006,
25 as instrument number 06-847481. Plaintiff is informed, believes, and thereon alleges that the
26 assessor's parcel number indicated on the Soong NOTS is incorrect. (A true and correct copy of
27 the Soong NOTS is attached hereto as Exhibit "G.")

28     17. Plaintiff is informed, believes, and based thereon alleges that, prior to executing

-4-

COMPLAINT

1  and recording the Soong NOTS, Soong had full and actual knowledge of (1) Plaintiff's First
2  Loan Deed of Trust; (2) Plaintiff's lien on the Property provided by the First Loan; (3) the letter
3  purportedly signed by Soong that states that the loan secured by the Soong Deed of Trust was
4  satisfied; and (4) Plaintiff's belief that the loan secured by the Soong Deed of Trust had been
5  fully satisfied. Plaintiff is further informed, believes, and based thereon alleges that, despite such
6  knowledge, Soong intentionally and fraudulently failed to provide Plaintiff with notice of the
7  Soong NOTS and the pending foreclosure sale.

8      18. In or about December, 2006, Webb initiated negotiations with Plaintiff to
9  refinance the Hovanian Purchase Money Deed of Trust and First Loan Deed of Trust. As part of
10 the negotiations, Webb represented to Plaintiff that he had obtained full ownership of the
11 Property. This representation was supported by a December 29, 2006, Grant Deed, which
12 evidences Soong's purported transfer of his ownership interest in the Property to Webb (the
13 "Soong Grant Deed"). The Soong Grant Deed was recorded in the Orange County Recorder's
14 Office on December 29, 2006, as instrument number 06-875625. Plaintiff is informed, believes,
15 and based thereon alleges that Soong has represented that his signature contained on the Soong
16 Grant Deed is a forgery. (A true and correct copy of the Soong Grant Deed is attached hereto as
17 Exhibit "H.")

18     19. Plaintiff is informed, believes, and based thereon alleges that the Soong Grant
19 Deed is a forgery. Plaintiff's belief lies in the fact that the notary acknowledgment attached to
20 the Soong Grant Deed is almost identical to a notary acknowledgment that was attached to a
21 separate Declaration of Homestead Webb, which Webb caused to be recorded on December 19,
22 2006. Plaintiff is informed, believes, and based thereon alleges that Webb photocopied the
23 notary acknowledgment attached to the Declaration of Homestead, forged the name "Eddie N.
24 Soong" on the acknowledgment itself, placed this now forged acknowledgement on the back of
25 the Soong Grant Deed, and represented said acknowledgment as the proper and valid notary
26 acknowledgment for the Soong Grant Deed. A true and correct copy of the Declaration of
27 Homestead is attached hereto as Exhibit "I.")
28 ///

-5-

COMPLAINT

20. At the time Webb presented the Soong Grant Deed to Plaintiff, Plaintiff was ignorant of the supposed forgery identified above and relied on Webb's representations that the notary acknowledgment attached to the Soong Grant Deed was valid and that Soong had conveyed his ownership interest in the Property to Webb.

21. Based on Webb's representations identified in Paragraphs 17 - 19 above, Plaintiff issued a refinance loan to Webb in the principal amount of $592,807.11 (the "Refinance Loan"). The Refinance Loan was evidenced by a note and secured by a Deed of Trust on the Property (the "Refinance Deed of Trust"). Furthermore, due to Webb's representations as to (1) the paid-off status of the loan secured by the Deed of Trust and (2) Soong's transfer of his ownership in the Property to Webb, Plaintiff reasonably believed its Refinance Deed of Trust would be a first priority lien on the Property. The Refinance Deed of Trust was recorded in the Orange County Recorder's Office on January 9, 2007, as instrument number 07-14925. (A true and correct copy of the Refinance Deed of Trust is attached hereto as Exhibit "J.")

22. Pursuant to the terms of the Refinance Loan, the proceeds from that loan went to pay off the remaining balances due under the Hovanian Purchase Money and First Loan Deeds of Trust, thereby extinguishing the liens under said Deeds of Trust. As a result, full reconveyances of both the Hovanian and First Loan Deed of Trust were recorded in the Orange County Recorder's Office on January 19, 2007, and January 29, 2007, respectively. (True and correct copies Hovanian and First Loan Deed of Trust reconveyances are attached hereto as Exhibits "K" and "L," respectively.)

23. Plaintiff is informed, believes, and based thereon alleges that, on January 18, 2007, subsequent to the execution and recordation of the Refinance Deed of Trust, Soong's foreclosure sale, pursuant to the Soong NOD and NOTS, was completed (the "Foreclosure Sale"). As a result of the Foreclosure Sale, the Property reverted back to Soong for the amount allegedly due under the Soong Deed of Trust. (A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "M.").

24. Plaintiff is informed, believes, and based thereon alleges that, prior to completing the Foreclosure Sale, Soong had actual and/or constructive knowledge of (1) Plaintiff's

-6-

COMPLAINT

Refinance Loan; (2) Plaintiff's lien on the Property pursuant to the Refinance Deed of Trust; (3) the satisfaction of the Hovanian Purchase Money and First Loan Deed of Trust that resulted from Plaintiff's Refinance Loan; (4) Plaintiff's belief that the loan secured by the Soong Deed of Trust was completely satisfied; and (5) Plaintiff's belief that Soong had transferred his ownership interest in the Property pursuant to the Soong Grant Deed and Webb's representations. Plaintiff is further informed, believes, and based thereon alleges that, despite such knowledge, Soong intentionally and fraudulently failed to provide Plaintiff with notice of the Foreclosure Sale.

25. Plaintiff is informed, believes, and based thereon alleges that, although Soong had actual knowledge of the facts set forth in Paragraph 23 above, Soong deliberately failed to provide Plaintiff with notice of the Foreclosure Sale in order to guarantee Soong's ability to purchase the Property at the Foreclosure Sale. Plaintiff believes that Soong knew that, if Plaintiff had knowledge of the Foreclosure Sale, Plaintiff would have made attempts to cure or satisfy the amounts owed to Soong in order to prevent foreclosure and protect its interest in the Property. However, by intentionally and fraudulently failing to inform Plaintiff of the Foreclosure Sale, Soong was able to purchase the Property and, as a consequence, wipe out Plaintiff's Refinance Deed of Trust and take the property free and clear of the recently paid-off Hovanian Purchase Money Deed of Trust. Plaintiff is informed, believes, and based thereon alleges that Soong committed the above actions in furtherance of a fraudulent scheme to intentionally harm and prejudice Plaintiff for Soong's personal benefit.

26. Plaintiff is informed, believes, and based thereon alleges that, following the Foreclosure Sale, Soong granted his alleged ownership interest in the Property to himself and Defendant Rosalia, as husband and wife as joint tenants. This transfer is evidenced by an Interspousal Transfer Grant Deed that was recorded in the Orange County Recorder's Office on February 28, 2007, as instrument number 07-132346. (A true and correct copy of the Interspousal Transfer is attached hereto as Exhibit "N.")

27. Plaintiff is informed, believes, and based thereon alleges that, in concurrence with the Interspousal Transfer, Soong and Rosalia obtained a loan from American Brokers Conduit ("American Brokers") in the principal amount of $487,500.00 (the "American Brokers Loan").

-7-

COMPLAINT

1  Plaintiff is further informed and believes that the American Brokers Loan is secured by a Deed
2  of Trust that was recorded in the Orange County Recorder's Office on February 28, 2007, as
3  instrument number 07-132347 (the "American Brokers Deed of Trust"). (A true and correct
4  copy of the American Brokers Deed of Trust is attached hereto as Exhibit "O.")

5  28.  Due to, among other things, Soong's personal liability as a debtor under the
6  Hovanian Purchase Money Deed of Trust, Plaintiff's full payment of the Hovanian Purchase
7  Money Deed of Trust via the Refinance Loan, and Soong's actual knowledge of that fact, Soong
8  is personally liable for the amounts due under the Refinance Loan and, as a result, is required to
9  apply the proceeds derived from the American Brokers Loan to the amounts owed under the
10 Refinance Loan. Although such a demand has been made, Soong has failed and refused to do so.

11 29.  Plaintiff is informed, believes, and based thereon alleges that, despite his
12 obligation to apply the proceeds from the American Brokers Loan to the amounts owing under
13 the Refinance Loan, Soong has used the loan proceeds to, among other things, pay down
14 outstanding mortgages on his separately owned properties.

## FIRST CAUSE OF ACTION

(Quiet Title Against Defendants Soong, American Brokers, and DOES 1-50, Inclusive)

17 30.  Plaintiff repeats and incorporates paragraphs 1 through 29, inclusive, of the
18 Complaint as if fully set forth herein.

19 31.  Plaintiff is informed, believes, and based thereon alleges that Defendants Soong
20 and American Brokers, and each of them, claim an interest in the Property adverse to Plaintiff's
21 interest under the Refinance Deed of Trust. Specifically, Soong and American Brokers claim
22 that, by virtue of the Foreclosure Sale, any lien Plaintiff had on the Property was wiped out and
23 the American Brokers Deed of Trust a first priority lien on the Property.

24 32.  The claims of Soong and American Brokers, and each of them, referenced in
25 Paragraph 31 above are without any legal basis. Plaintiff is informed, believes, and based
26 thereon alleges that, by virtue of Plaintiff's refinance of the loan secured by the Hovanian
27 Purchase Money Deed of Trust, Plaintiff has equitably stepped into the shoes of Hovanian, with
28 respect to the Hovanian Purchase Money Deed of Trust. As such, Plaintiff's Refinance Deed of

-8-

1  Trust is and remains the current first priority lien on the Property.

2  33. Plaintiffs name as Defendants in this action all person and parties unknown claiming any legal or equitable right, title, estate, lien, or interest in the Property described in the Complaint adverse to Plaintiff's interest.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Defendants Soong, American Brokers, and DOES 1-50, Inclusive)

34. Plaintiff repeats and incorporates paragraphs 1 through 33, inclusive, of the Complaint as if fully set forth herein.

35. A present and actual controversy exists between Plaintiff and Defendants Soong and American Brokers in that Soong and American Brokers contend (1) that the Foreclosure Sale, and corresponding Trustee's Deed Upon Sale, are valid; (2) that any interest Plaintiff had in the Property was wiped out by the Foreclosure Sale; (3) that Plaintiff does not have a lien on the Property by virtue of the Refinance Deed of Trust; and (4) that the American Brokers Deed of Trust is a first priority lien on the Property.

36. Plaintiff, on the other hand, contends that (1) the Foreclosure Sale, and corresponding Trustee's Deed Upon Sale, are invalid and should be set aside; (2) Plaintiff's interest in the Property was not wiped out by the Foreclosure Sale; (3) by virtue of Plaintiff's refinance of the loan secured by the Hovanian Purchase Money Deed of Trust, Plaintiff has equitably stepped into the shoes of Hovanian, with respect to the Hovanian Purchase Money Deed of Trust, and currently holds a first priority lien on the Property with the Refinance Deed of Trust; and (4) American Brokers' lien on the property is junior and subordinate to Plaintiff's interest.

34. As such, Plaintiff desires a judicial determination and declaration that (1) the Foreclosure Sale, and corresponding Trustee's Deed Upon Sale, are invalid and should be set aside; (2) Plaintiff's interest in the Property was not wiped out by the Foreclosure Sale; (3) by virtue of Plaintiff's refinance of the loan secured by the Hovanian Purchase Money Deed of Trust, Plaintiff has equitably stepped into the shoes of Hovanian, with respect to the Hovanian

-9-

COMPLAINT

1. Purchase Money Deed of Trust, and currently holds a first priority lien on the Property with the Refinance Deed of Trust; and (4) American Brokers' lien on the property is junior and subordinate to Plaintiff's interest. Such a declaration and determination by the Court is necessary and appropriate at this time, in order that Plaintiffs may ascertain its rights and duties and priority with respect to the Refinance Deed of Trust.

### THIRD CAUSE OF ACTION

(Loan Fraud Against Defendants Webb and DOES 1 through 50 Inclusive)

38. Plaintiff repeats and incorporates paragraphs 1 through 28, inclusive, of the Complaint as if fully set forth herein.

39. Plaintiff is informed, believes, and based thereon alleges that Defendant Webb knowingly and intentionally made false and material misrepresentations to Plaintiff in order obtain the First Loan. Such misrepresentations include, but are not limited to, the following: (1) Webb had fully satisfied the debt secured by the Soong Deed of Trust; (2) the lien caused by the Soong Deed of Trust has been released; and (3) Plaintiff's First Loan Deed of Trust would be a second priority lien on the Property.

40. Plaintiff is informed, believes, and based thereon alleges that Defendant Webb knowingly and intentionally made false and material misrepresentations to Plaintiff in order to obtain the Refinance Loan. Such misrepresentations include, but are not limited to, the following: (1) that Webb had obtained full ownership of the Property via the Soong Grant Deed; (2) the notary acknowledgment attached to the Soong Grant Deed was valid and enforceable; and (3) as a result of Webb's full payment of the loan secured by the Soong Deed of Trust, Plaintiff's Refinance Deed of Trust would be a first priority lien on the Property.

41. Plaintiff now knows that the representations identified in Paragraphs 39 & 40 above were false. Instead, Plaintiff has been informed that (1) Webb did not fully satisfy the loan secured by the Soong Deed of Trust; (2) the Soong Deed of Trust was not released; and (3) the Soong Grant Deed was forged, thereby failing to convey full ownership of the Property to Webb.

-10-

COMPLAINT

42. These false representations were knowingly and intentionally made with the intent to deceive Plaintiff into issuing the First Loan and Refinance Loan. Plaintiff reasonably relied upon Webb's representations, and each of them, to its detriment in that Plaintiff issued a refinance loan in the amount of $592,807.11 that is unsecured.

43. Had Plaintiff known of the true facts, it would not have executed the First Loan and Refinance Loan.

44. As a direct and proximate result of Webb's fraudulent misrepresentations identified above, Plaintiff has been damaged in an amount to be proven at the time of trial, but believed to be in excess of $592,807.11, plus interest and costs.

## FOURTH CAUSE OF ACTION

(Conspiracy to Commit Loan Fraud

Against Defendants Webb, Soong, and Does 1-50, inclusive)

45. Plaintiff repeats and incorporates paragraphs 1 through 44, inclusive, of the Complaint as if fully set forth herein.

46. Plaintiff is informed, believes, and based thereon alleges that Defendant Soong had actual knowledge of, ratified, consented to, directed, and/or approved of the wrongful conduct and/or misrepresentations committed by Webb, as identified in Paragraphs 40-41 above. Plaintiff is further informed, believes, and based thereon alleges that Defendant Webb had actual knowledge of, ratified, consented to, directed, and/or approved of the wrongful conduct and/or misrepresentations committed by Soong, as identified in Paragraphs 17 & 24 above.

47. As such, by the conduct of Webb and Soong, as described above, Plaintiff is informed and believes and thereon alleges that Webb and Soong formed and operated a conspiracy whereby Webb and Soong acted in concert and took intentional overt actions to commit loan fraud against Plaintiff in derogation of their duties and obligations.

48. As a direct and proximate result of Defendants' conspiracy to commit loan fraud, as identified above, Plaintiff has been damaged in an amount to be proven at the time of trial, but believed to be in excess of $592,807.11, plus interest and costs.

## FIFTH CAUSE OF ACTION

-11-

COMPLAINT

(For Conversion Against Defendant Soong and DOES 1-50, inclusive)

49. Plaintiff repeats and incorporates paragraphs 1 through 48, inclusive, of the Complaint as if fully set forth herein.

50. Plaintiff is informed and believes and thereon alleges that it has a right to the proceeds derived from the American Brokers Loan.

51. Plaintiff is informed and believes and thereon alleges that Soong has converted the proceeds derived from the American Brokers Loan for his own use, benefit, and enjoyment.

52. Although demand has been made by Plaintiff for the application American Brokers Loan proceeds to the amounts owed under the Refinance Loan, Soong has refused to apply the money without any legal cause or justification and has tortuously converted the American Brokers Loan.

53. As a direct and proximate result of Soong's acts as herein alleged, Plaintiff has been damaged in an amount to be proven at the time of trial, but believed to be in excess of $592,807.11, plus interest and costs.

54. Plaintiff is informed and believes and thereon alleges that Plaintiff took the actions alleged herein with the intention of depriving Plaintiff of its legal right to receive payment of the amounts owing under the Refinance Loan, and such conduct was malicious, fraudulent, and oppressive so as to justify an award of exemplary and punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

(For Constructive Trust Against Defendant Soong and DOES 1-50, inclusive)

55. Plaintiff repeats and incorporates paragraphs 1 through 54, inclusive, of the Complaint as if fully set forth herein.

56. Plaintiff is informed and believes and thereon alleges that Soong wrongfully diverted proceeds derived from the American Brokers Loan that rightfully belonged to Plaintiff as payment towards the Refinance Loan. As such, a constructive trust should be imposed on all proceeds Soong received from the American Brokers Loan.

## SEVENTH CAUSE OF ACTION

-12-

**(For Unjust Enrichment Against Defendants Soong and DOES 1-50, Inclusive)**

57. Plaintiff repeats and incorporates paragraphs 1 through 56, inclusive, of the Complaint as if fully set forth herein.

58. Plaintiff is informed, believes, and based thereon alleges that Soong is not entitled to the proceeds derived from the American Brokers Loan. Plaintiff is further informed, believes, and based thereon alleges that Soong received, and continues to receive, a benefit from the proceeds derived from the American Brokers Loan and has unjustly retained those funds at the expense and prejudice of Plaintiff.

59. Plaintiff is entitled to the proceeds derived from the American Brokers Loan in an amount to be proven at the time of trial, but is believed to be in excess of $487,500.00, plus interest and costs.

## EIGHTH CAUSE OF ACTION

**(Wrongful Foreclosure as against Defendants Soong, C&H, and DOES 1-50, inclusive)**

60. Plaintiff repeats and incorporates paragraphs 1 through 59, inclusive, of the Complaint as if fully set forth herein.

61. On January 18, 2007, Soong held a non-judicial foreclosure sale on the Property. Plaintiff is informed, believes and thereon alleges that, through the Foreclosure Sale, the Property reverted to Soong for the amount of the outstanding debt secured by the Soong Deed of Trust.

62. Plaintiff is informed, believes, and thereon alleges that Soong violated *Civil Code* § 2924, *et. seq.*, by commencing and proceeding with the Foreclosure Sale. Specifically, the Soong NOTS did not provide a proper description of the Property because the assessor's parcel number was incorrect. Therefore, proper notice of the Foreclosure Sale was not provided and, as a result, Soong had no legal authority to commence foreclosure proceedings against the Property.

63. Furthermore, if it is discovered that Soong did in fact execute the letter referenced in Paragraph 14 above, Plaintiff is informed, believes, and based thereon alleges that Soong violated *Civil Code* § 2924, et.seq., by commencing and proceeding with the Foreclosure Sale because, as evidenced by that letter, the debt secured by the Soong Deed of Trust was fully

-13-

COMPLAINT

1 satisfied. Therefore, Soong had no legal authority to commence foreclosure proceedings against the Property.

64. As a direct, actual, and proximate result of Soong's wrongful foreclosure of the Property, Plaintiff has been damaged in an amount to be proven at the time of trial

## NINTH CAUSE OF ACTION

**(Set Aside Foreclosure Sale Against Defendants Soong, C&H, and DOES 1-50, inclusive)**

65. Plaintiff repeats and incorporates paragraphs 1 through 64, inclusive, of the Complaint as if fully set forth herein.

66. Plaintiff is informed, believes and thereon alleges that the Foreclosure Sale conducted on January 18, 2007, was unlawful in that it was executed under a Notice of Trustee's Sale that was invalid and unenforceable. Specifically, the Soong NOTS did not provide a proper description of the Property because the assessor's parcel number was incorrect. As such, the Soong NOTS did not comply with the requirements of Civil Code § 2924 et seq. Consequently, the Foreclosure Sale was improperly held and the Trustee's Deed Upon Sale was wrongfully executed, delivered and recorded.

67. Furthermore, if it is discovered that Soong did in fact execute the letter referenced in Paragraph 14 above, Plaintiff is informed, believes, and based thereon alleges that the Foreclosure Sale conducted on January 18, 2007, was unlawful in that the loan secured by the Soong Deed of Trust was fully satisfied. Said letter indicates that the amounts owed under the Soong Deed of Trust has been fully paid, thereby releasing the Soong Deed of Trust lien. With the satisfaction of the debt secured by the Soong Deed of Trust, the Foreclosure Sale was improperly held and the Trustee's Deed Upon Sale was wrongfully executed, delivered, and recorded.

68. Plaintiff has no speedy or adequate remedy at law and the inequitable forfeiture of Plaintiff's interest in the Property would work a great and immeasurable hardship upon Plaintiff and provide a substantial and unjust windfall to Defendants.

69. Accordingly, Plaintiff requests that the Court issue a judgment and order setting aside the Foreclosure Sale.

## TENTH CAUSE OF ACTION

(Cancellation of Trustee's Deed Upon Sale

Against Defendants Soong, C&H, and DOES 1-50, Inclusive)

70. Plaintiff repeats and incorporates paragraphs 1 through 69, inclusive, of the Complaint as if fully set forth herein.

71. Plaintiff is informed, believes and thereon alleges that the Foreclosure Sale conducted on January 18, 2007, was unlawful in that it was executed under a Notice of Trustee's Sale that was invalid and unenforceable. Specifically, the Soong NOTS did not provide a proper description of the Property because the assessor's parcel number was incorrect. As such, the Soong NOTS did not comply with the requirements of Civil Code § 2924 et seq. Consequently, the Foreclosure Sale was improperly held and the Trustee's Deed Upon Sale was wrongfully executed, delivered and recorded.

72. Furthermore, if it is discovered that Soong did in fact execute the letter referenced in Paragraph 14 above, Plaintiff is informed, believes, and based thereon alleges that the Foreclosure Sale conducted on January 18, 2007, was unlawful in that the loan secured by the Soong Deed of Trust was fully satisfied. Said letter indicates that the amounts owed under the Soong Deed of Trust has been fully paid, thereby releasing the Soong Deed of Trust lien. With the satisfaction of the debt secured by the Soong Deed of Trust, the Foreclosure Sale was improperly held and the Trustee's Deed Upon Sale was wrongfully executed, delivered, and recorded.

73. Due to the foregoing, the Trustee's Deed Upon Sale should not have been recorded.

74. Plaintiff is informed, believes and thereon alleges that the Trustee's Deed Upon Sale, although apparently valid on its face, is void on the grounds, *inter alia*, that (1) The Soong NOTS did not provide sufficient notice of the Foreclosure Sale because the assessor's parcel number stated on the Soong NOTS is incorrect; and (2) the loan secured by the Soong Deed of Trust was fully satisfied, thereby extinguishing Soong's lien on the Property and ability to sell.

75. The invalid and unenforceable Trustee's Deed Upon Sale and Foreclosure Sale

-15-

COMPLAINT

has caused serious injury to Plaintiff in that its interest in the Property via the Refinance Loan and Deed of Trust was wrongfully extinguished.

76. Plaintiff is informed, believes, and thereon alleges that despite the execution and recordation of the Trustee's Deed Upon Sale as described, Plaintiff maintains a lien on the Property via the Refinance Deed of Trust and the Trustee's Deed Upon Sale is void and unenforceable.

77. Accordingly, Plaintiff requests that the court issue a judgment and order cancelling the Trustee's Deed Upon Sale as of the date of recordation.

## ELEVENTH CAUSE OF ACTION

(Breach of Promissory Note Against Defendant Webb and DOES 1 through 50, Inclusive)

78. Plaintiff repeats and incorporates paragraphs 1 through 77, inclusive, of the Complaint as if fully set forth herein.

79. For valuable consideration, on or about January 2, 2007, Plaintiff made, executed and delivered to Webb a Promissory Note in the principal sum of $592,807.11. The Note was secured by the Refinance Deed of Trust.

80. Pursuant to the terms of the Note, Webb agreed that they would pay the principal sum of $592,807.11, plus interest and other charges set forth therein by making monthly payments in the amount of $5654.76, due on the 17th of each month, beginning March 17, 2007.

81. Plaintiff has performed all terms and conditions precedent on its part to perform pursuant to the terms of the Note.

82. Webb has defaulted under the terms of the Note by failing to make any payments of principal and interest due thereunder.

83. Plaintiff has retained the law offices of Wright, Finlay & Zak, duly licensed attorneys, to enforce the terms and provisions of the Note as a result of Webb's default thereunder.

84. As of June 1, 2007, there is due and owing and payable to Plaintiff, pursuant to the Note, the principal sum of $592,807.11, plus interest, attorneys' fees, costs and other advances in an amount to be proven at trial.

WHEREFORE, Plaintiff prays judgment of this court:

## FIRST CAUSE OF ACTION

(Quiet Title Against Defendants Soong, American Brokers, and DOES 1-50, Inclusive)

1. For a Court ordered Quiet Title such that Plaintiff's Refinance Deed of Trust is a first priority lien on the Property.

2. For a Court ordered Quiet Title such that any interest of Soong and American Brokers is junior, subordinate, and subject to Plaintiff's Refinance Deed of Trust.

## SECOND CAUSE OF ACTION

(Declaratory Relief Defendants Soong, America Brokers, and DOES 1-50, Inclusive)

1. For a declaration of the respective rights, duties, liabilities and obligations of the parties, including, but no limited to, the following:

   a. A declaration that the Foreclosure Sale, and corresponding Trustee's Deed Upon Sale, are invalid and should be set aside;

   b. A declaration that Plaintiff's interest in the Property was not wiped out by the Foreclosure Sale;

   c. A declaration that by virtue of Plaintiff's refinance of the loan secured by the Hovanian Purchase Money Deed of Trust, Plaintiff has equitably stepped into the shoes of Hovanian, with respect to the Hovanian Purchase Money Deed of Trust, and currently holds a first priority lien on the Property with the Refinance Deed of Trust; and

   d. A declaration that American Brokers' lien on the property is junior and subordinate to Plaintiff's interest.

## THIRD CAUSE OF ACTION

(Loan Fraud Against Defendants Webb and DOES 1-50, Inclusive)

1. For actual damages in an amount to be proven at the time trial, but believed to be in excess of $592,807.11, plus interest, fees and costs;

2. For exemplary and punitive damages in an amount to be determined at trial;

///

///

-17-

COMPLAINT

## FOURTH CAUSE OF ACTION

(Conspiracy to Commit Loan Fraud

Against Defendants Webb, Soong and DOES 1-50, Inclusive)

1. For actual damages in an amount to be proven at the time trial, but believed to be in excess of $592,807.11, plus interest, fees and costs;

2. For exemplary and punitive damages in an amount to be determined at trial;

## FIFTH CAUSE OF ACTION

(Conversion Against Defendants Soong and DOES 1-50, Inclusive)

1. For actual damages in an amount to be proven at the time trial, but believed to be in excess of $592,807.11, plus interest, fees and costs;

2. For exemplary and punitive damages in an amount to be determined at trial;

## SIXTH CAUSE OF ACTION

(Constructive Trust Against Defendants Soong and DOES 1-50, Inclusive)

1. For imposition of a constructive trust with respect to any and all funds received by Defendant Soong that were advanced for the benefit of Soong by American Brokers Conduit, pursuant to the American Brokers Loan, and that such funds be ordered to be paid to Plaintiff;

## SEVENTH CAUSE OF ACTION

(Unjust Enrichment Against Defendants Soong and DOES 1-50, Inclusive)

1. For general damages in an amount to be proved at trial, but which is estimated to be in excess of $487,500.00;

2. For interest at the legal rate.

## EIGHTH CAUSE OF ACTION

(Wrongful Foreclosure Against Defendants Soong, C&H, and DOES 1-50, Inclusive)

3. For compensatory damages in an amount to be proven at the time of trial, but which is believed to be in excess of $592,807.11, plus interest, fees, and costs.

///

///

///

### NINTH CAUSE OF ACTION

(Set Aside Foreclosure Sale Against Defendants Soong, C&H, and DOES 1-50, Inclusive)

1. For an order setting aside the Foreclosure Sale held under the Soong Deed of Trust on January 18, 2007.

### TENTH CAUSE OF ACTION

(Cancellation of Trustee's Deed Upon Sale

Against Defendants Soong, C&H, and DOES 1-50, Inclusive)

1. For an order cancelling the Trustee's Deed Upon Sale recorded in the Orange County Recorder's Office on January 22, 2007, as Instrument No. 07-41546.

### ELEVENTH CAUSE OF ACTION

(Breach of Promissory Note Against Defendants Webb and DOES 1-50, Inclusive)

1. For general damages in an amount to be proven at the time of trial, but which is believed to be in excess of $592,807.11, plus interests, fees and costs.

2. For reasonably attorney's fees and costs incurred herein; and

### ALL CAUSES OF ACTION

1. For general damages in an amount to be proved at trial;
2. For all actual and consequential damages to be proven at trial;
3. For prejudgment interest at the legal rate;
4. For reasonable attorneys' fees and costs of suit; and
5. For such other relief as the court deems just and proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: June 11, 2007      By: _____
Jonathan M. Zak, Esq.
Jarlath M. Curran, II, Esq.
Attorneys for Plaintiff,
CITIFINANCIAL SERVICES, INC.

-19-

COMPLAINT