# **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | : : : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : : | Re: Docket No. 6824 |

### DEBTORS' OBJECTIONS AND DESIGNATIONS IN RESPONSE TO CALYON'S NOTICE OF 30(b)(6) DEPOSITION OF DEBTORS

<u>General Objections</u>

A.   The Notice purports to require that the Debtors designate a person with "personal knowledge" of the topics set forth in the Notice. Debtors object to any requirement that the designee have personal knowledge as that requirement is directly antithetical to the entire purpose of a 30(b)(6) deposition.

B.   Debtors object to the attempt by Calyon to fix the location of the deposition.

C.   Debtors object to the Notice to the extent that it purports to provide that the deposition will continue "day-to-day." Under the Federal Rules of Civil Procedure, Calyon will have a total of seven (7) hours to depose the Debtors' designees responsive to the Notice.

D.   Debtors object to the Notice to the extent that it purports to afford Calyon the right to supplement and/or amend the topics set forth in the Notice. Pursuant to the Stipulated Scheduling Order, Calyon was required to submit such topics to Debtors on or before February 16, 2009. Accordingly, Calyon is limited to the topics provided to Debtors prior to the applicable deadline.

E.   Debtors object to the definition of "Expert" to the extent it includes non-testifying and/or consulting experts.

F.   Debtors reserve the right to supplement and/or amend the designations set forth herein.

### Objections/Designations

1.   The collection and production of documents in response to, and the preparation and substance of the Debtors' answers to, the Request for Production of Documents by Calyon New York Branch, dated February 3, 2009.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to the topic to the extent it seeks to depose Debtors relating to their attorneys' written objections and responses to the Request for Production of Documents. Without waiving these objections, Debtors designate Bret Fernandes and Jason Burzenski to testify related to this topic.

2.   The preparation and substance of the Debtors' answers to the Interrogatories to the Debtors by Calyon New York Branch, dated February 3, 2009.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving this objection, Debtors designate Bret Fernandes and Simon Sakamoto to testify related to this topic.

3.   The Debtor's document retention policies from August 1, 2007 through the present.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving this objection, Debtors designate Jason Burzenski and Carlo Colagiacomo to testify related to this topic.

4.   The topics identified in the Request for Production of Documents by Calyon New York Branch, dated February 3, 2009.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and unintelligible

2

as well as overly broad.

5. The topics identified in the Interrogatories to the Debtors by Calyon New York Branch, dated February 3, 2009.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and unintelligible as well as overly broad.

6. The allegations set forth in the Claims Objection and all facts and circumstances concerning such allegations.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Bret Fernandes to testify related to this topic.

7. The allegations set forth in the Response and all facts and circumstances concerning such allegations.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to this topic in that Debtors did not make any allegations in the Response.

8. The facts and circumstances concerning the value of the Mortgage Loans on or about August 1, 2007.

**RESPONSE:** Debtors object to this topic to the extent it requires expert testimony. Debtors further object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify relating to this topic.

9. The facts and circumstances concerning the value of the Mortgage Loans on or about September 30, 2007.

**RESPONSE:** Debtors object to this topic to the extent it requires expert testimony. Debtors further object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify relating to this topic.

3

10. The facts and circumstances concerning the value of the Mortgage Loans on or about January 30, 2008.

**RESPONSE:** Debtors object to this topic to the extent it requires expert testimony. Debtors further object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify relating to this topic.

11. The facts and circumstances concerning the value of the Mortgage Loans on or about August 15, 2008.

**RESPONSE:** Debtors object to this topic to the extent it requires expert testimony. Debtors further object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify relating to this topic.

12. The facts and circumstances concerning your contention that Commercially Reasonable Determinants of Value existed for the Mortgage Loans on August 1, 2007.

**RESPONSE:** Debtors object to this topic on the basis that Debtors do not make the contention that forms the basis of this topic. Rather, the requesting party must make the contention that no Commercially Reasonable Determinate of Value existed on August 1, 2007. Debtors reserve the right to rebut any such contention made by the requesting party.

13. The facts and circumstances concerning your contention, if you so contend, that Commercially Reasonable Determinants of Value existed for the Mortgage Loans on September 30, 2007.

**RESPONSE:** Debtors object to this topic on the basis that Debtors do not make the contention that forms the basis of this topic. Rather, the requesting party must make the contention that no Commercially Reasonable Determinate of Value existed on September 30, 2007. Debtors reserve the right to rebut any such contention made by the requesting party.

14. The facts and circumstances concerning your contention, if you so contend, that

Commercially Reasonable Determinants of Value existed for the Mortgage Loans on January 30, 2008.

**RESPONSE:** Debtors object to this topic on the basis that Debtors do not make the contention that forms the basis of this topic. Rather, the requesting party must make the contention that no Commercially Reasonable Determinate of Value existed on January 30, 2008. Debtors reserve the right to rebut any such contention made by the requesting party.

15. The facts and circumstances concerning your contention, if you so contend, that Commercially Reasonable Determinants of Value existed for the Mortgage Loans on August 15, 2008.

**RESPONSE:** Debtors object to this topic on the basis that Debtors do not make the contention that forms the basis of this topic. Rather, the requesting party must make the contention that there was or was not a Commercially Reasonable Determinate of Value on August 15, 2008. Debtors reserve the right to rebut any such contention made by the requesting party.

16. The facts and circumstances concerning the transfer of any Proceeds to Calyon from January 1, 2007 through August 15, 2008.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

17. The facts and circumstances concerning the transfer of any Mortgage Files to Calyon from January 1, 2007 through August 15, 2008.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

18. The facts and circumstances concerning Calyon's possession of any Mortgage Files from January 1, 2007 through August 15, 2008.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to this topic since it purports to request testimony from Debtors relating to a topic that only the requesting party would have.

19. The facts and circumstances concerning whether, from August 1, 2007 through August 15, 2008, you took the position that you owned the Mortgage Loans.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to the extent this topic appears to contradict the Court's ruling in January 2008 from which Debtors did not appeal. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

20. The facts and circumstances concerning whether, from August 1, 2007 through August 15, 2008, you took the position that you owned the Proceeds.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

21. The facts and circumstances whether, from August 1, 2007 through August 15, 2008, you took the position that you owned the MSRs.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to this topic as Debtors did not cease taking the position that the MSRs were severable from the Repurchase Agreement. Ultimately, the requesting party purchased such MSRs after losing on the issue in Bankruptcy Court. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

22. The facts and circumstances concerning whether, from August 1, 2007 through August 15, 2008, you took the position that you did not need to transfer the Proceeds to Calyon.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this

topic.

23. The facts and circumstances concerning whether, from August 1, 2007 through August 15, 2008, you took the position that you did not need to transfer the Proceeds to Calyon.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object in that this topic is duplicative of the topic set forth in No. 22, above.

24. The facts and circumstances concerning whether, from August 1, 2007 through August 15, 2008, you transferred information to Calyon regarding the Proceeds concerning the Mortgage Loans received by Servicing.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to this topic to the extent it relates to information not in the possession of Debtors after the sale of the servicing platform and servicing business in conjunction with the bankruptcy case. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

25. The facts and circumstances regarding whether, and the extent to which, from August 1, 2007 through August 15, 2008, you had complete and accurate copies of the original documents regarding the Mortgage Loans.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify related to this topic.

26. The facts and circumstances regarding whether MERS reflected you as the owners of the Mortgage Loans on its electronic mortgage recording system from August 1, 2007 through January 30, 2008.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Bret Fernandes to testify related to this topic.

27. The facts and circumstances concerning whether, from August 1, 2007 through August 15, 2008, Calyon could make the representations and warranties required to sell the Mortgage Loans in a commercially reasonable manner.

7

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Debtors further object to this topic as Debtors cannot testify regarding whether Calyon could make any representations and/or warranties. Debtors further object to this topic to the extent it implies that the Mortgage Loans could not be sold in a commercially reasonable manner without making representations and/or warranties. Debtors further object to this topic to the extent it fails to take into account efforts that Calyon could have taken in order to mitigate or remove any impediment that it believed may exist that would limit its ability or willingness to make any such representations and/or warranties.

28. The facts and circumstances concerning the Debtors' ongoing market analysis in the ordinary course of the Debtors' business on or about August 1, 2007 as identified in Paragraph 41 of the Claims Objection.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify related to this topic.

29. The facts and circumstances concerning other market analyses that concern the Mortgage Loans.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify related to this topic.

30. The facts and circumstances concerning Comparable Loan Sales.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify related to this topic.

31. The facts and circumstances concerning your contention in Paragraph 41 of the Claims Objection that as of August 1, 2007, the combined value of the Mortgage Loans "and the cash collateral held in connection with the Repurchase Agreement exceeded the repurchase

obligations under the Repurchase Agreement."

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Simon Sakamoto and Damian Voulo to testify related to this topic.

32. The facts and circumstances concerning your contention that the Repurchase Agreement Claims should be disallowed in full and expunged.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad. Without waiving these objections, Debtors designate Bret Fernandes, Simon Sakamoto and Damian Voulo to testify related to this topic.

33. The facts and circumstances concerning the statements in the Strauss Declaration.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous, unintelligible and overly broad.

34. Persons with personal knowledge of the facts and circumstances described in the Claims Objection and the Response.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous, unintelligible and overly broad.

35. Any admissions and/or declarations against interest which you allege have been made by any of the parties to this dispute.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous, unintelligible and overly broad.

36. Any communications between the Debtors and Calyon regarding the facts and circumstances concerning the allegations and denials in the Claims Objection and the Response, including without limitation any communications between the Debtors and Calyon between August 1, 2007 and August 15, 2008.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous, unintelligible and overly broad.

37. Any communications between or among the Debtors and any expert.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous and overly broad.

38. Any communications concerning the above areas of testimony.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous, unintelligible and overly broad.

39. Any documents concerning the above areas of testimony.

**RESPONSE:** Debtors object to this topic as being vague, ambiguous, unintelligible and overly broad.

Dated: February 19, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John T. Dorsey (No. 2988)
Curtis J. Crowther (No. 3238)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and
Debtors-in-Possession