# **EXHIBIT D**

## Ingersoll, Josy

**From:** jjf_civil@ded.uscourts.gov
**Sent:** Friday, January 16, 2004 1:16 PM
**To:** Ingersoll, Josy
**Cc:** rkirk@morrisjames.com
**Subject:** Re: Enzo/Digene deposition issue

Dear Counsel,

1) The request for Protective Order is GRANTED.

2) Mr. Fedus need not answer the questions.

Joseph J. Farnan, Jr.
United States District Judge

JJFjr/dlk

"Ingersoll, Josy" <jIngersoll@ycst.com>

01/16/04 01:09 PM

To: jjf_civil@ded.uscourts.gov
cc: rkirk@morrisjames.com
Subject: Enzo/Digene deposition issue

Dear Judge Farnan,

A dispute arose between the parties this morning, during the deposition of plaintiff Enzo's in-house patent counsel, Ronald C. Fedus, Esq. As a result of that dispute, Enzo respectfully requests a protective order preventing Digene's counsel from undertaking a line of questioning that Enzo believes is irrelevant, inadmissible and designed solely for the purpose of harassing the witness.

The question that Enzo's counsel asked Digene's counsel to withdraw during the deposition on that basis is: "Do you know if you have ever been accused of violating OED regulations?" "OED" stands for the Office of Enrollment and Discipline at the USPTO. Thus, Digene is seeking to ask Mr. Fedus whether he has ever been accused of inequitable conduct before the USPTO. Digene is not asking whether he has ever been FOUND to have commited inequitable conduct, a question which would be acceptable, although still of doubtful admissibility.

In this case, Digene has alleged that Enzo committed inequitable conduct in the prosecution of the patent-in-suit (which was handled for Enzo by Mr. Fedus). Enzo denies that allegation. Moreover, the fact that Digene made the allegation should not enable it to ask Mr. Fedus if he has ever been accused of such a violation concerning any patent that he has ever prosecuted. Such accusations have no relationship or relevance to whether any such violation occurred in

1/16/2004

this case, which Enzo denies in any case.

Digene's line of questioning appears intended to harass Mr. Fedus. Further, it would be excluded from any trial in this case under Fed. R. Evid. 608(b) and 404(b). Therefore, Digene should not be able to pursue these questions in this deposition, except to ask whether Mr. Fedus has ever been found to have committed inequitable conduct.

Respectfully submitted,

Josy Ingersoll

*Josy W. Ingersoll*
*Young Conaway Stargatt & Taylor, LLP*
*The Brandywine Building*
*1000 West St., Wilmington, DE 19801*
*phone (direct) 302 571-6672*
*fax (direct) 302 576-3301*
*jingersoll@ycst.com*

1/16/2004