IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Bankruptcy Case No. 07-11047-CSS |
| HOLDINGS, INC., a Delaware | : |
| Corporation, et al., | : |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| WELLS FARGO BANK, N.A., | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 08-307-JJF |
| | : |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware | : |
| Corporation, et al., | : |
| | : |
| Appellees. | : |

Franklin H. Top, III, Esquire of CHAPMAN AND CUTLER LLP, Chicago, Illinois.
Todd C. Schiltz, Esquire of WOLFBLOCK, LLP, Wilmington, Delaware.

Attorneys for Appellant.

James L. Patton, Jr., Esquire; Pauline K. Morgan, Esquire; Sean M. Beach, Esquire; Margaret Whiteman Greecher, Esquire and Patrick A. Jackson, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Debtors/Appellees.

**MEMORANDUM OPINION**

March 3, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is an appeal by Appellant, Wells Fargo Bank, N.A. ("Wells Fargo"), from the April 14, 2008 Order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")[1] denying its motion for relief from the automatic stay to enable it to recover a payment of $462,049.83 made in error to the Debtor, American Home Mortgage Investment Corp., as the holder of a Class IV-M-4 certificate in the American Home Mortgage Trust 2007 SD1 (the "Trust"). For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

I.   THE PARTIES' CONTENTIONS

Wells Fargo contends that the Bankruptcy Court erred in failing to enable it to recoup the payment it erroneously made to the Debtor from future distributions that came due to the Debtor. Wells Fargo contends that recoupment is an appropriate remedy in this case, that would not violate the automatic stay, because the offset of mutual debts in this case arises under the same transaction, namely the securitization transactions governed by the Indenture dated March 13, 2007.

In response, the Debtor contends that Wells Fargo waived its argument that recoupment should be permitted with respect to notes issued by the 2007-A Trust, and more broadly, any of the

---

[1] This matter was decided by the Honorable Christopher S. Stonchi.

over 70 securitizations in which Wells Fargo played some role, because it failed to preserve those issues on appeal. With respect to allowing overpayment from future distributions on the Class IV-M-4, Class IV-M-5 and Class IV-M-6 Notes, the Debtor contends that the Bankruptcy Court did not err in failing to permit recoupment because the overpayment and the Trust's obligations to make payments on the notes it issued do not arise from the same transaction under the Third Circuit's "integrated transaction" test. The Debtor also contends that the Bankruptcy Court correctly found that Wells Fargo was not entitled to the equitable remedy of recoupment because it had "unclean hands" to the extent that it sought to exercise certain self-help remedies once it realized the overpayment. As for recoupment against distributions on the Class IV-M-4 Note in particular, the Debtor points out that those distributions are not due for another sixteen years, and therefore, the Bankruptcy Court properly declined to provide Wells Fargo with what would amount to an advisory opinion providing Wells Fargo with no immediate relief.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass

Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Mullarkey, 536 F.3d 215, 220 (3d Cir. 2008) ("Our review of the District Court's ruling in its capacity as an appellate court is plenary, and we review the bankruptcy judge's legal determinations de novo.") (emphasis added); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002). Indeed, it is not unusual as a procedural matter for the Third Circuit holding or decision to directly address the Bankruptcy Court decision.[2]

---

[2] In re Winstar Communications, Inc., 554 F.3d 382, 404 (3d Cir. 2009) ("We therefore will affirm the Bankruptcy Court's decision, approved by the District Court, that the Trustee may recover the $188.2 million paid to Lucent.") (emphasis added).

## III. DISCUSSION

There is no dispute among the parties concerning the legal principles underlying the common law doctrine of recoupment. The question for the Court's review is whether the Bankruptcy Court correctly concluded that recoupment should not be applied in the circumstances of this case. As the Third Circuit explained in In re University Medical Center:

> For purposes of recoupment, a mere logical relationship is not enough: the "fact that the same two parties are involved, and that a similar subject matter gave rise to both claims, ... does not mean that the two arose from the 'same transaction.'" Rather, both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations. Use of this stricter standard for delineating the bounds of a transaction in the context of recoupment is in accord with the principle that this doctrine, as a non-statutory, equitable exception to the automatic stay, should be narrowly construed.

973 F.2d 1065, 1081 (3d Cir. 1992). Based on this narrow approach to recoupment, the Bankruptcy Court concluded that the transactions at issue in this case were separate and distinct. The Bankruptcy Court's conclusion is based upon testimony it heard concerning the distinct nature of the securitizations at issue, as well as the distinct nature of the notes involved, and the Court cannot conclude that the Bankruptcy Court's findings of fact and conclusions of law in this regard were erroneous.[3] (See

---

[3] It is apparent to the Court that the Bankruptcy Court's holding in this regard applied with equal force to the Class IV-

4

Bankr. D.I. No. 3736, Hearing Tr. ("Tr.") 4/14/08 at 128-131).

Although the Bankruptcy Court did not base its holding on the doctrine of unclean hands, the Bankruptcy Court noted that, while Wells Fargo ultimately returned the funds, it did take two post-petition deductions to offset the overpayment, which violated the automatic stay. Wells Fargo admitted to these deductions, and the Court concludes that the Bankruptcy Court did not err in considering them, together with the evidence concerning the distinct nature of the transactions at issue here and the legal principles requiring recoupment to be narrowly applied, to conclude that the circumstances weighed against application of the equitable doctrine of recoupment.

## IV.  CONCLUSION

For the reasons discussed, the Court will affirm the Bankruptcy Court's April 14, 2008 Order.

An appropriate Order will be entered.

---

M-4 Note. To the extent the Bankruptcy Court suggested a lack of jurisdiction or an otherwise inequitable circumstance regarding that Note, it made those remarks as an alternative holding suggesting that "[a]t best in this case, [recoupment] would be on the M-4 note . . ." (Tr. at 154.) Because the Court cannot conclude that the Bankruptcy Court's findings of fact and conclusions of law concerning the distinct nature of the transaction were erroneous, the Court declines to address this alternate holding.

5