IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             : Jointly Administered
    Debtors.                                                 :
                                                             : Re: D.I. 5789
                                                             :
------------------------------------------------------------ x

## LIMITED OBJECTION OF THE DEBTORS TO THE AMENDED EMERGENCY MOTION OF MONA DOBBEN FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "Debtors"), hereby file this limited objection (the "Objection") to the *Amended Emergency Motion of Mona Dobben for an Order for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code* [Docket No. 5789] (the "Motion"), and in support thereof respectfully state as follows:

### PRELIMINARY STATEMENT

1. Scheduled for this hearing are two motions filed by Ms. Dobben: (i) a motion seeking allowance of late-filed claims against the Debtors, and (ii) this Motion, which essentially requests relief from the stay to adjudicate these late-filed claims in connection with a larger litigation in the United States District Court for the Central District of California. The Debtors have reviewed these motions and discussed the relief requested therein with Ms. Alex Yamamura, Ms. Dobben's daughter and power of attorney. As part of these discussions, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Debtors advised Ms. Yamamura that they would consent to the late-filing of claims and, consistent with the Plan and Confirmation Order, to the relief requested in this Motion to the extent that Ms. Dobben needed to name the Debtors (i) to reverse the foreclosure related to the Dobben Loan or (ii) nominally to go against third-party defendants. The Debtors believe that this offer is consistent with the terms of the Plan and recent Confirmation Order.

2.  Ms. Dobben and Ms. Yamamura have determined that the action in the California Litigation should go forward to adjudicate Ms. Dobben's claims against the Debtors. Because the adjudication of the claims is a core proceeding in these bankruptcy cases, and Ms. Dobben has offered no "cause" to lift the stay, the Debtors believe that the reconciliation of Ms. Dobben's claims should be addressed by this Court. Ms. Dobbens in not harmed by adjudicating her claims in this Court becaues the Plan provides additional protections for Ms. Dobben in the claims reconciliation process, including, among other things, the ability to appear telephonically and to receive a reasonable settlement offer prior to objection. In contrast, to require the Debtors to litigate these claims in California would divert the Debtors' resources from fulfilling the requirements to make the Plan become effective, thereby creating a substantial hardship to the Debtors and their creditors.

## BACKGROUND

3.  On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

5. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

6. By Order dated October 30, 2007 [Docket No. 1711] (the "Servicing Sale Order"), this Court approved the sale of the Debtors' servicing business (the "Servicing Business") to AH Mortgage Acquisition Co., Inc. (the "Purchaser"). The Servicing Sale closed in two steps, consisting of an "economic" close and a "legal" close. The "economic" close of the Servicing Sale occurred on November 16, 2007 (the "Initial Closing"). Following the Initial Closing, the Debtors operating the Servicing Business in the ordinary course of business, subject to the Bankruptcy Exceptions (as defined in the Servicing APA), for the economic benefit and risk of the Purchaser. The "legal" or final closing (the "Final Closing") occurred on April 11, 2008.

7. On or about June 23, 2008, Ms. Dobben and her daughter, Alex Yamamura, filed a complaint (the "Complaint") against multiple entities in the United States District Court for the Central District of California, case numbered 08-cv-04142 (the "California Litigation"). The Complaint in the California Litigation, which is over 450 pages, appears to assert that Ms. Dobben was the victim of an identity theft/fraud scheme and that none of the parties related to the loan (the "Dobben Loan"), including the Debtors, discovered or stopped the perpetration of the fraud.

8. As noted in the Motion, the Dobben Loan was previously securitized as part of the AHMA 2007-5 Trust and the Debtors' servicing rights were sold as part of the Servicing Sale. The foreclosure related to the Dobben Loan was completed after the Final Closing of the

Servicing Business. The AHMA 2007-5 Trust and the Purchaser are already named defendants in the California Litigation.

9. On or about August 11, 2008, Mona Dobben (the "Ms. Dobben") filed the instant Motion.

10. Following an unanswered order to show cause, on December 19, 2008, the California Litigation was dismissed for lack of prosecution.

11. On or about December 26, 2008, Movant filed three (3) proofs of claim asserting claims against American Home Mortgage Holdings, Inc. (Claim No. 10607), American Home Mortgage Servicing, Inc. (Claim No. 10608) and American Home Mortgage Corporation (Claim No. 10609) (collectively, the "Claims"). As of the date of this Objection, neither the Debtors nor any other party-in-interest have objected to the timeliness of or otherwise challenged the Claims.

12. The Court confirmed the Debtors' proposed chapter 11 plan of liquidation [Docket No. 7029] (as may be amended or supplemented, the "Plan") on February 23, 2009. See Docket No. 7042 (the "Confirmation Order"). The Plan provides borrowers with certain protections, including a deemed modification of the automatic stay to permit

> (i) the borrower(s) under any mortgage loan against whom a foreclosure action is commenced by or on behalf of the Plan Trust or any Debtor, . . . (b) in the case of a nonjudicial foreclosure, solely to commence and prosecute an action against the Plan Trust, Debtor and/or loan servicer as necessary to halt and for the purpose of halting the foreclosure;
>
> (ii) borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence … an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party;

Plan, Art. 17(E)(i) and (ii) (as modified by the Confirmation Order, ¶51(i) and (ii)). The Plan is not yet effective.

## LIMITED OBJECTION

13. The purpose of the automatic stay provided under 11 U.S.C. § 362 is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991), *quoting St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982), *as quoted in In re Rexene Products, Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

14. Section 362(d)(1) permits the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. The movant has the initial burden to produce evidence that cause exists to grant relief from the automatic stay. *See In re Rexene Products, Co.*, 141 B.R. at 577. If the movant has met its initial burden to establish a prima facie case that "cause" exists to lift the automatic stay pursuant to section 362(d), the party opposing such relief then has the burden on all issues other than the debtor's equity in the property. *Id., see also* 11 U.S.C. § 362(g). Courts determining whether cause exists have generally used a three-part balancing test: (1) whether allowing relief will result in any great prejudice to the debtor; (2) whether maintaining the stay will cause any hardship to the non-bankrupt party and whether this hardship is greater than the resulting prejudice to the debtor; and (3) whether the non-bankrupt party has a probability of prevailing on the merits of the litigation. *See In re Rexene Products Co.*, 141 B.R. at 576. The most important factor to consider when addressing whether to lift the automatic stay is the effect on the administration of the Debtors' chapter 11 cases. *See In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984); *In re Penn-Dixie Industries, Inc.*, 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980).

15. The Debtors do not oppose the relief requested if it is consistent with the provisions of the Plan and Confirmation Order; however, the Debtors object to the Motion to the extent Ms. Dobben seeks to adjudicate the Claims in the California Litigation. Because the Debtors do not own or service the Dobben Loan, the Debtors are not the appropriate party to reverse the foreclosure.[1] Moreover, the Debtors do not oppose the relief requested in the Motion, if Ms. Dobben wishes to name one or more of the Debtors in the California Litigation as a nominal defendant only.[2]

16. However, Ms. Dobben is requesting stay relief to obtain an adjudication on her Claims, which is not appropriate under the circumstances. By filing her Claims with this Court, Ms. Dobben has already consented to the Court's jurisdiction. *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). As the adjudication of Ms. Dobben's Claims is a "core" proceeding "arising under" these Chapter 11 Cases, this Court is clearly the most appropriate place for her Claims to be resolved. *See* 28 U.S.C. § 157(b)(2)(B). Ms. Dobben's Claims can be adequately addressed through the claim reconciliation process as have thousands of other claim of a similar priority level. Ms. Dobben has provided no basis for exemption from the claims reconciliation process or harm that will result by the continuation of the stay. Indeed, given the ability for Ms. Dobben and/or her power of attorney to attend hearings in these cases telephonically and the requirement that the Debtors and/or Plan Trustee must provide a reasonable offer of settlement as to the Allowed amount of such Claims before objection (Confirmation Order, ¶ 52), the claims

---

[1] The non-judicial foreclosure against Ms. Dobben has already been completed. The California Litigation appears to seek, among other things, to undo the foreclosure due to an improper notice argument.

[2] The Plan will permit "borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence . . . an action or cross-claim against . . . Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party." Plan, Art. 17(E)(ii); Confirmation Order, ¶51(ii).

reconciliation process could result in less cost and expense for Ms. Dobben compared to full litigation against the Debtors in the California Litigation.

17. In contrast, Debtors would face a significant burdern if forced to defend themselves in the California Litigation. The Debtors would have to expend time and limited resources in a jurisdiction far away from their home offices and this Court where the Debtors are currently focusing on fulfilling the requirements to make the Plan become effective.

- 7 -

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the Motion with prejudice and providing for any other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>March 6, 2009 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Margaret Whiteman Greecher*<br>Sean M. Beach (No. 4070)<br>Margaret Whiteman Greecher (No. 4652)<br>Nathan D. Grow (No. 5014)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel for Debtors and Debtors in Possession* |