# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                          :   Chapter 11
In re:                                    :
                                          :   Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al, [1]  :   (Jointly Administered)
                                          :
                     Debtors.             :
                                          :   Re: D.I. 5789 and 7003
                                          :
-----------------------------------------------------------x
```

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) THE MOTION OF MONA DOBBEN FOR ORDER DEEMING PROOFS OF CLAIMS #10607, #10608, #10609 TIMELY FILED OR, IN THE ALTERNATIVE, ALLOWING PROOFS OF LATE FILED CLAIMS, AND (II) AMENDED EMERGENCY MOTION OF MONA DOBBEN FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this response (the "*Response*") to the (i) *The Motion of Mona Dobben for Order Deeming Proofs of Claims #10607, #10608, #10609 Timely Filed or, in the Alternative, Allowing Proofs of Late Filed Claims* [Docket No. 7003] (the "*Claims Motion*") and (ii) *Amended Emergency Motion of Mona Dobben for an Order for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code* [Docket No. 5789] (the "*Stay Relief Motion*"), and in support thereof respectfully states as follows:

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

- 2 -

**BACKGROUND**

1. On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with this Court.

2. On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed seven of the largest unsecured creditors to serve as members of the Committee.

3. On October 30, 2007, the Court entered an *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* which set January 11, 2008 as the deadline for filing prepetition claims against the Debtors' estates [Docket No. 1373] (the "*Bar Date*").

4. On or about August 11, 2008, Mona Dobben (the "*Movant*") filed the Stay Relief Motion.

5. On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the Debtors* [Docket No. 5450] (as amended, the "*Plan*").

6. On October 10, 2008, this Court entered an order directing the appointment of an official committee of borrowers (the "*Borrowers Committee*") [Docket No. 6220]. On October 21, 2008, the U.S. Trustee appointed seven borrowers to serve as members of the Borrowers Committee, including Movant.

7. On or about December 26, 2008, Movant filed three (3) proofs of claim asserting claims against Debtor American Home Mortgage Holdings, Inc. (Claim No. 10607), Debtor American Home Mortgage Servicing, Inc. (Claim No. 10608) and Debtor American Home Mortgage Corporation (Claim No. 10609) arising from a purported "illegal loan & illegal foreclosure" (collectively, the "*Claims*"). As of the date of this Response, neither the Debtors

nor any other party-in-interest have objected to the timeliness of or otherwise challenged the Claims.

8. On or about February 13, 2009, Movant filed the Claims Motion.

9. On February 23, 2009, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "*Confirmation Order*").

## The Claims Motion

10. By the Claims Motion, Movant seeks the entry of an order deeming the Claims to be timely filed, without prejudice to the Debtors' (and, presumably, other parties-in-interests') right to object to the validity of the Claims.

11. The Committee has reviewed the Claims Motion and the facts underlying Movant's failure to file the Claims prior to the Bar Date. Based upon that investigation, the Committee does not object to having the Claims deemed timely filed and reserves all rights to object to the Claims.

## The Stay Relief Motion

12. By the Stay Relief Motion, Movant seeks relief from the automatic stay to purportedly file a complaint asserting claims arising from the origination and servicing of a certain mortgage loan (number #0001702441, the "*Loan*") and the subsequent foreclosure on the property securing the Loan against the Debtors and certain other non-Debtor third parties in the United States District Court for the Central District of California.

13. However, by filing the Claims, Movant has already asserted against the Debtors' estates the very claims that she now seeks to assert in the proposed California action. Those claims – like each of the other thousands of claims asserted against the Debtors' estates – will be

- 3 -

adjudicated and ultimately allowed or disallowed by this Court pursuant to the claims allowance procedure set forth in section 502 of the Bankruptcy Code.

14. The allowance or disallowance of the Claims is a "core" proceeding "arising under" these Chapter 11 Cases. *See* 28 U.S.C. § 157(b)(2)(B). Title 28 of the United States Code provides that

> [e]xcept as otherwise provided in subsection (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

28 U.S.C. § 1409(a).[2] Accordingly, the proper venue to adjudicate the Claims is in this Court, where the Chapter 11 Cases are pending and where the Claims were filed. Indeed, by filing the Claims in the Chapter 11 Cases, Movant has consented to this Court's jurisdiction. *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). Consequently, this Court will determine the merits of the Claims in connection with the claims allowance and objection process under section 502 of the Bankruptcy Code. To do otherwise would be inconsistent with the Bankruptcy Code and vitiate the protections afforded to the Debtors by the automatic stay.

15. Once effective, the Plan provides borrowers with certain protections, including a deemed modification of the automatic stay to permit

> borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence … an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party ….

Plan, Art. 17(E)(ii); Confirmation Order, ¶51(ii). Therefore, to the extent that Movant seeks relief from the automatic stay to *nominally* commence an action in California against the Debtors

---

[2] The exceptions to the general venue rule of 28 U.S.C. § 1409(a), i.e., subsection (b)(money judgments within certain threshold amounts) and subsection (d)(claims arising from operation of the debtors' business after the commencement of a debtors' cases), are not applicable here.

for the purpose of proceeding against non-Debtor defendants, the Committee has no objection to this Court granting Movant the protections afforded borrowers in Article 17(E)(ii) and ¶51(ii) of the Confirmation Order *prior* to the effectiveness of the Plan.

16. In the event that Movant seeks to commence an action other than nominally against the Debtors, Movant has failed to establish "cause" as the harm suffered by the Debtors if the automatic stay is lifted would outweigh the harm (if any at all) suffered by the Movant if the automatic stay remains in place. Here, continuation of the automatic stay will result in no harm to Movant as (i) the claims she seeks to assert in California against the Debtors are already pending in theses Chapter 11 Cases and (ii) she is not precluded from commencing an action against third-party non-Debtor defendants to the extent necessary (and may even bring an action nominally against the Debtors to do so). The Debtors on the other hand would suffer substantial harm if forced to litigate the Claims in California as such litigation is likely to be costly and unnecessarily burdensome to the Debtors' estates, diverting the Debtors' limited resources away from their efforts toward consummation of the Plan. As such, Movant has failed to make the requisite showing to warrant relief from the automatic stay.

17. Movant should be afforded all of the protections provided borrowers under the Plan, protections which Movant, as a member of the Borrowers' Committee, is well aware. Movant should not, however, be permitted to circumvent the claims allowance process or granted relief in excess of that bargained for under Article 17 of the Plan or paragraph 51 of the Confirmation Order.

- 6 -

**WHEREFORE**, the Committee respectfully requests that the Court grant Movant relief consistent with this Response and any such other and further relief as it deems just and proper.

Dated:   March 6, 2009

        **BLANK ROME LLP**

        By:   */s/ David W. Carickhoff*
             Bonnie Glantz Fatell (No. 3809)
             David W. Carickhoff (No. 3715)
             1201 Market Street, Suite 800
             Wilmington, Delaware  19801
             (302) 425-6400 - Telephone
             (302) 425-6464 - Facsimile

        - and -

        **HAHN & HESSEN LLP**
        488 Madison Avenue
        New York, New York 10022
        (212) 478-7200 - Telephone
        (212) 478-7400 - Facsimile
        Attn:   Mark S. Indelicato
                 Edward L. Schnitzer
                 Jeffrey Zawadzki

        *Co-Counsel to the Official Committee*
        *of Unsecured Creditors of American Home*
        *Mortgage Holdings, Inc.*, *et al.*