# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                            :    Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                :
                                                                  :    Jointly Administered
                                                                  :
      Debtors.                                                    :    **Response Deadline: March 30, 2009 at 4:00 p.m. (ET)**
                                                                  :    **Hearing Date: April 6, 2009 at 2:00 p.m. (ET)**

------------------------------------------------------------------ x

## DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby

object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed in

Exhibits A, B, C, D, E, F, G, H, I, and J to the proposed form of order (the "Proposed Order")

attached hereto as Exhibit XII,[2] pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") and request the entry of an order disallowing and expunging in full or in part,

reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein.

In support of this Objection, the Debtors rely on the Declaration of Puneet Agrawal in Support of

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as surviving claims, and the term "Disputed Claims" as used herein does not include such surviving claims.

the Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)

of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached

hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are sections 502(b), 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3003 and

3007.

## BACKGROUND

2.    On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.    On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee").  No trustee or

examiner has been appointed.

5.    On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6.     On August 17, 2007, this Court entered an order appointing Epiq

Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases

[Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors

and (ii) an official claims register by docketing all proofs of claim in a claims database

containing, inter alia, information regarding the name and address of each claimant, the date the

proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the

asserted amount and classification of the claim.

7.     On October 30, 2007, this Court entered an order [Docket No. 1708] (the

"Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final

date and time for filing proofs of claim against the Debtors' estates on account of claims arising,

or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition

Date and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date

Order, actual notice of the Bar Date was sent to (i) all known entities holding potential

prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these

cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and

Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors

do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the

Saint Louis Post-Dispatch and the national edition of The New York Times on November 6,

2007. Affidavits of service and publication confirming such actual and publication notice of the

Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.     To date, in excess of 10,000 proofs of claim have been filed in these

chapter 11 cases.

## RELIEF REQUESTED

9.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F, G, H, I, and J to the Proposed Order for the reasons set forth below.  This Objection complies in all respects with Local Rule 3007-1.

### I.     No Liability Claims

10.     After reconciling each of the Disputed Claims and supporting materials against their books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims").  Upon review of the No Liability Claims, the Debtors cannot justify these claims as valid.  Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety.  Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in this case.  Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### II.     Multiple Debtor Claims

11.     The claimants asserting the claims listed in Exhibit B to the Proposed Order (the "Multiple Debtor Claims") filed identical claims against multiple Debtors.  After review of their books and records, the Debtors have determined that the claims listed under the column titled "Objectionable Claims" in Exhibit B were filed against the wrong Debtor.  As indicated in the column titled "Comments" in Exhibit B, each claimant has a surviving claim filed against the correct Debtor.  The Debtors believe that it was not the intention of the

claimants asserting the Multiple Debtor Claims to seek a double recovery against the Debtors' estates. Rather, the claimants may not have known which Debtor to assert their claims against and therefore filed claims against multiple Debtors. Regardless of the claimants' reasons for filing the Multiple Debtor Claims, however, only one claim against the appropriate Debtor should be allowed for each claimant.

12.     Failure to disallow the Multiple Debtor Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Debtors hereby object to the Multiple Debtor Claims and request entry of an order disallowing and expunging in full each of the Multiple Debtor Claims identified in Exhibit B.

### III.   Modified Amount Claims

13.     The Debtors have reconciled the claims identified in Exhibit C to the Proposed Order (the "Modified Amount Claims") against their books and records. The claimants asserting the Modified Amount Claims either failed to assert claim amounts or asserted amounts that were higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified under the column titled "Objectionable Claims" in Exhibit C should be modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit C. The Debtors believe Exhibit C contains the appropriate amounts of liability for each of the Modified Amount Claims. Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order reducing the value of the Modified Amount Claims as set forth in Exhibit C.

IV.    **Reclassified Claims**

14.    The claimants asserting the claims identified in <u>Exhibit D</u> to the Proposed Order (the "<u>Reclassified Claims</u>") asserted that all or a portion of their claims is secured or entitled to priority. After reconciling the Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Reclassified Claims should be adjusted. For many of the Reclassified Claims, no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Reclassified Amount" column in <u>Exhibit D</u>. Failure to reclassify the Reclassified Claims would award the claimants undue priority. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in <u>Exhibit D</u>.

V.    **Reclassified Wrong Debtor Claims**

15.    The claimants asserting the claims identified in <u>Exhibit E</u> to the Proposed Order (the "<u>Reclassified Wrong Debtor Claims</u>") asserted that all or a portion of their claims were either secured or entitled to priority. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimants asserting the Reclassified Wrong Debtor Claims asserted their claims against the wrong Debtor entities. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claims should be reclassified to the priority levels indicated in <u>Exhibit E</u> and reassigned to the case numbers listed under the column titled "New Case Number" in <u>Exhibit E</u>. Failure to reclassify the Reclassified Wrong Debtor Claims would allow the claimants to recover at an undue level of priority against the wrong Debtor entities.

Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claims as indicated in Exhibit E.

## VI.    Modified Amount Wrong Debtor Claims

16.    Similar to the Modified Amount Claims, the Debtors have reconciled the claims identified in Exhibit F to the Proposed Order (the "Modified Amount Wrong Debtor Claims") against their books and records. The claimants asserting the Modified Amount Wrong Debtor Claims either failed to assert a claim amount, or asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Additionally, the Debtors' books and records indicate that the claimants asserting the Modified Amount Wrong Debtor Claims asserted their claims against the wrong Debtors. The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should be (i) modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit F, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit F. Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claims and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claims as indicated in Exhibit F.

## VII.    Modified Amount Reclassified Claims

17.    The Debtors have reconciled the claims identified in Exhibit G to the Proposed Order (the "Modified Amount Reclassified Claims") against their books and records. The claimants asserting the Modified Amount Reclassified Claims asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and records. Additionally, the claimants asserting the Modified Amount Reclassified Claims asserted that all or a portion of their claims is secured or entitled to priority. After reconciling the Modified Amount Reclassified Claims against their books and records, the Debtors have determined that the

priority level of the Modified Amount Reclassified Claims should be adjusted. For some of the

Modified Amount Reclassified Claims, no basis for secured status or priority exists under

sections 506 or 507 of the Bankruptcy Code. Consequently, the Debtors believe the Modified

Amount Reclassified Claims identified under the column titled "Objectionable Claims" in

Exhibit G should be reclassified and their amounts should be modified by reducing or fixing

them to the dollar values listed under the column titled "Modified Amount" in Exhibit G. The

Debtors believe Exhibit G contains the appropriate amounts of liability and priority levels for

each of the Modified Amount Reclassified Claims. Accordingly, the Debtors hereby object to

the Modified Amount Reclassified Claims and request entry of an order reclassifying and

reducing the value of the Modified Amount Reclassified Claims as set forth in Exhibit G.

### VIII.    Modified Amount Reclassified Wrong Debtor Claims

18.    The Debtors have reconciled the claims identified in Exhibit H to the

Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claims") against their books

and records. The claimants asserting the Modified Amount Reclassified Wrong Debtor Claims

asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and

records. Additionally, the claimants asserting the Modified Amount Reclassified Wrong Debtor

Claims asserted that all or a portion of their claims is secured or entitled to priority and asserted

their claims against the wrong Debtor. After reconciling the Modified Amount Reclassified

Wrong Debtor Claims against their books and records, the Debtors have determined that the

priority level of the Modified Amount Reclassified Wrong Debtor Claims should be adjusted.

For some of the Modified Amount Reclassified Wrong Debtor Claims, no basis for secured

status or priority exists under sections 506 or 507 of the Bankruptcy Code. Consequently, the

Debtors believe the Modified Amount Reclassified Wrong Debtor Claims identified under the

column titled "Objectionable Claims" in Exhibit H should be reclassified, reassigned to the

"New Case Numbers" listed in Exhibit H, and their amounts should be modified by reducing or

fixing them to the dollar values listed under the column titled "Modified Amount" in Exhibit H.

The Debtors believe Exhibit H contains the appropriate amounts of liability, priority levels and

case numbers for each of the Modified Amount Reclassified Wrong Debtor Claims.

Accordingly, the Debtors hereby object to the Modified Amount Reclassified Wrong Debtor

Claims and request entry of an order reclassifying and reducing the value of the Modified

Amount Reclassified Wrong Debtor Claims as set forth in Exhibit H.

## IX.   Insufficient Documentation Claims

19.   The claims listed in Exhibit I to the Proposed Order (the "Insufficient

Documentation Claims") were submitted without sufficient documentation or alleged facts to

support the asserted claims.  The Insufficient Documentation Claims all have some

documentation attached, but such documentation is not adequate to allow the Debtors to

determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged

claim.[3]  To comply with the requirements for filing a claim, "a claimant must allege facts

sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this

standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal

Rules of Bankruptcy Procedure."  In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D.

Del. 2001).  The claimants asserting the Insufficient Documentation Claims failed to allege facts

sufficient to support their claims and/or facts sufficient to determine the appropriate amount of

their claims.  Therefore their claims are not *prima facie* valid.  See In re Allegheny Int'l, Inc.,

954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the

claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*'

---

[3]      Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto."  However, if a claimant attaches any supporting documents to a claim, regardless of the contents of such documents, a debtor may only object to such claim on a substantive basis.

valid."). Because the Insufficient Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing in full and expunging each of the Insufficient Documentation Claims.

### X.    Equity Fraud Claims

20.    The claims listed on Exhibit J to the Proposed Order (the "Equity Fraud Claims") were filed by claimants who own or owned equity interests in the Debtors and allege that, as a result of the Debtors' alleged fraud, misstatements or other securities violations, they suffered harm. Pursuant to section 510(b) of the Bankruptcy Code, the Equity Fraud Claims are subordinated to other claims filed against the Debtors because they are claims "arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim." Moreover, the Equity Fraud Claims fall into the category of Subordinated Claims (as that term is defined in Plan), which, pursuant to the terms of the Plan are included in Classes 1D, 2D, 3D, 4D, 5D, 6D, 7D, and 8D and are subordinated in right of payment to other claims. Plan, Article IV.K. The claimants asserting the Equity Fraud Claims "shall receive no distribution or dividend on account of such Claims" pursuant to the terms of the Plan. Id.

21.    While the Debtors submit that the claimants asserting the Equity Fraud Claims are not entitled to distribution under the Plan regardless of the merits of their claims, the Debtors submit and reserve the right to further argue that the allegations contained in the Equity Fraud Claims are untrue and the Debtors are not liable in whole or in part for any of the amounts alleged in the Equity Fraud Claims.

22.    The Debtors believe that section 510(b) of the Bankruptcy Code and the terms of the Plan with respect to the Equity Fraud Claims are self-executing and that there is no

need to object to the Equity Fraud Claims in order to ensure that they are treated in accordance with the terms of the Plan. However, out of an abundance of caution, the Debtors have included the Equity Fraud Claims in this Objection as a means of giving additional notification to the claimants asserting the Equity Fraud Claims of their classification under the Plan. As the Equity Fraud Claims are not entitled to distribution under section 510 of the Bankruptcy Code and the terms of the Plan, the Debtors request that the Court enter an order finding that the Equity Fraud Claims are Subordinated Claims under the Plan and are therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

## RESERVATION OF RIGHTS

23.    To the extent any basis for substantive objection to any of the Disputed Claims is not explicitly discussed herein, the Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases or any other claims (filed or not) against the Debtors. The Debtors also reserve all rights, defenses and counterclaims related to the Disputed Claims. Furthermore, the Debtors reserve their rights to argue that (i) they are not liable under any theory of law for all or part of the amounts asserted in any of the Disputed Claims, (ii) the Debtors' books and records reflect a different amount of liability or no liability with respect to any of the Disputed Claims, (iii) all or part of any of the Disputed Claims should be reclassified to a different priority level, or (iv) the documentation attached to any of the Disputed Claims is insufficient to allow the Debtors to determine the extent of their liability, if any.

## NOTICE

24.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to Bank of America, N.A., as administrative agent for the lenders under that certain Second Amended and Restated Credit

Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

       25.     The Debtors have also provided an individualized notice, in the forms attached hereto as <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, <u>VI</u>, <u>VII</u>, <u>VIII</u>, <u>IX</u>, <u>X</u> and <u>XI</u> to each of the claimants identified respectively in <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, <u>I</u>, and <u>J</u> to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, the number and amount of their claim that is covered by this Objection, and any other information relevant to the Debtors' objection. Because <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, <u>VI</u>, <u>VII</u>, <u>VIII</u>, <u>IX</u>, <u>X</u> and <u>XI</u> hereto and <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, <u>I</u>, and <u>J</u> to the Proposed Order are voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, <u>V</u>, <u>VI</u>, <u>VII</u>, <u>VIII</u>, <u>IX</u>, <u>X</u> and <u>XI</u> hereto or <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, <u>I</u>, and <u>J</u> to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit XI, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: March 6, 2009
     Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Margaret B. Whiteman-Greecher (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Puneet Agrawal**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                             :
                                                             :   Jointly Administered
         Debtors.                                            :
------------------------------------------------------------ x
```

## DECLARATION OF PUNEET AGRAWAL IN SUPPORT OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Puneet Agrawal, pursuant to 28 U.S.C. § 1746, declare:

1.      I am a manager for Zolfo Cooper, LLC, the court-approved financial advisor for the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims

---

¹       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These

efforts resulted in the identification of the "No Liability Claims," "Multiple Debtor Claims,"

"Modified Amount Claims," "Reclassified Claims," "Reclassified Wrong Debtor Claims,"

"Modified Amount Wrong Debtor Claims," "Modified Amount Reclassified Claims," "Modified

Amount Reclassified Wrong Debtor Claims," "Insufficient Documentation Claims," and "Equity

Fraud Claims" as defined in the Objection and identified respectively in Exhibits A, B, C, D, E,

F, G, H, I, and J to the Proposed Order.

3.    The information contained in Exhibits A, B, C, D, E, F, G, H, I, and J to the

Proposed Order is true and correct to the best of my knowledge.

4.    The Debtors have reviewed their books and records and determined that they have

no record of any liability on account of the claims identified in Exhibit A to the Proposed Order.

Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek

to expunge and disallow in full the No Liability Claims.

5.    The Debtors have reviewed their books and records and determined that the

claimants asserting the claims identified in Exhibit B to the Proposed Order filed identical claims

against multiple Debtors. The Debtors have determined that these claims are duplicative of other

claims that were filed against the correct Debtor. Therefore, the Debtors seek to expunge and

disallow in full the Multiple Debtor Claims.

6.    The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit C to the Proposed Order should be modified to the amounts listed in

Exhibit C. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the

Debtors seek to expunge and disallow in part the Modified Amount Claims.

7.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit D to the Proposed Order should be reclassified to different priority levels as indicated in Exhibit D. Accordingly, to prevent these claims from receiving undue priority, the Debtors seek to reclassify the Reclassified Claims.

8.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit E to the Proposed Order should be reclassified to different priority levels, as indicated in Exhibit E, and reassigned to a different case number. Accordingly, to prevent these claims from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to reclassify and reassign the Reclassified Wrong Debtor Claims.

9.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit F to the Proposed Order should be modified to the amounts listed in Exhibit F and reassigned to the new case numbers listed in Exhibit F. Accordingly, to prevent the claimants from receiving an unwarranted recovery against the wrong Debtors, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Wrong Debtor Claims.

10.     The Debtors have reviewed their books and records and determined that the claims identified in Exhibit G to the Proposed Order should be modified to the amounts listed in Exhibit G and reclassified to the new priority levels listed in Exhibit G. Accordingly, to prevent the claimants from receiving an unwarranted recovery at the wrong priority level, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Reclassified Claims.

11.     The Debtors have reviewed their books and records and determined that the claims identified in Exhibit H to the Proposed Order should be modified to the amounts listed in Exhibit H, reclassified to the new priority levels listed in Exhibit H and reassigned to the new case number listed in Exhibit H. Accordingly, to prevent the claimants from receiving an unwarranted recovery at the wrong priority level and against the wrong Debtor, the Debtors seek

to expunge and disallow in part and reassign the Modified Amount Reclassified Wrong Debtor Claims.

12.    The Debtors have determined based upon a review of the claims docket and the claims identified on Exhibit I to the Proposed Order that such claims were filed without sufficient documentation or alleged facts and the claimants have failed to provide additional requested documentation. Accordingly, the Debtors seek to expunge and disallow in full the Insufficient Documentation Claims.

13.    The Debtors have determined that the claims identified on Exhibit J to the Proposed Order should be subordinated pursuant section 510 of the Bankruptcy Code and the terms of the Plan. Accordingly, the Debtors request that the Court find that the Equity Fraud Claims are Subordinated Claims (as that term is defined in the Plan) and are therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on March 6, 2009

Puneet Agrawal
Manager
Zolfo Cooper LLC

March 6, 2009

# EXHIBIT II

**Notice for Claimants Listed in <u>Exhibit A</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]              :
                                                :   Jointly Administered
        Debtors.                                :
                                                :   Response Deadline: March 30, 2009 at 4:00 p.m. (ET)
                                                :   Hearing Date: April 6, 2009 at 2:00 p.m. (ET)
------------------------------------------------------------ x
```

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name       **Basis for Objection:**  <u>No Liability Claim</u> – the Debtors' books and
and Address]                                         records show no liability on account of this claim

|  | Claim Number | Claim Amount |
|---|---|---|
| **Expunged Claim:** | [Claim Number] | [Claim Amount] |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors seek by this Objection to disallow the claim listed above because the Debtors have determined, after review of their books and records, that they have no record of any liability on account of this claim. The Objection seeks to alter your rights by disallowing the claim listed above in the "Expunged Claim" row.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                    Nathan D. Grow (No. 5014)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    Counsel to the Debtors and Debtors in Possession

# EXHIBIT III

**Notice for Claimants Listed in <u>Exhibit B</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                    :   Chapter 11
                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹          :
                                          :   Jointly Administered
       Debtors.                           :
                                          :   Response Deadline: March 30, 2009 at 4:00 p.m. (ET)
                                          :   Hearing Date: April 6, 2009 at 2:00 p.m. (ET)
-------------------------------------------------------------- x
```

### NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name
and Address]

**Basis for Objection:** <u>Multiple Debtor Claim</u> - Identical claims against multiple Debtors

|  | **Claim Number** | **Claim Amount** |
|---|---|---|
| **Expunged Claim:** | [Claim Number] | [Claim Amount] |
| **Surviving Claim:** | [Claim Number] | [Claim Amount] |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors seek by this Objection to disallow the claim listed above because you have filed identical claims against multiple Debtors. The Debtors have determined, after review of their books and records, that the claim listed above in the "Claim to be Expunged Claim" row was filed against the wrong Debtor. However, as noted above, the Debtors do not object at this time to your surviving claim(s). The Objection seeks to alter your rights by disallowing the claim listed above in the "Claim to be Expunged Claim" row.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

¹       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

           **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
           Nathan D. Grow (No. 5014)
           The Brandywine Building
           1000 West Street, 17th Floor
           Wilmington, Delaware  19801
           Telephone: (302) 571-6756
           Facsimile: (302) 571-1253

           Counsel to the Debtors and Debtors in Possession

# EXHIBIT IV

**Notice for Claimants Listed in <u>Exhibit C</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                     : Chapter 11
                                                           :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                         :
                                                           : Jointly Administered
                                                           :
        Debtors.                                           :
                                                           :  **Response Deadline: March 30, 2009 at 4:00 p.m. (ET)**
                                                           :  **Hearing Date: April 6, 2009 at 2:00 p.m. (ET)**

------------------------------------------------------------ x

### NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

**TO:** [Claimant's Name        **Basis for Objection:**    <u>Modified Amount Claim</u> - Debtors' books and records
and Address]                                                show a modified amount of liability

| Claim Number<br>[Claim Number] | Date Filed<br>[Date Filed] | Case Number<br>[Case Number] | Total Amount Claimed<br>[Amount]<br>[Priority level] | Modified Amount<br>[Amount]<br>[Priority level] |
|---|---|---|---|---|

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the
**Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the
"<u>Objection</u>"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the
amount of the claim listed above because the Debtors have determined, after review of their books
and records, that the amount asserted should be reduced or fixed to the amount indicated above in
the "Modified Amount" column. The Objection seeks to alter your rights by modifying or fixing the
amount of your claim as indicated above in the "Modified Amount" column.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m.
(ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of
Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must
also serve a copy of the response upon the counsel to the Debtors listed below so that the response is
received on or before the Response Deadline.

---

[1]         The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New
York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407);
Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York
corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York
11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                    Nathan D. Grow (No. 5014)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    Counsel to the Debtors and Debtors in Possession

# EXHIBIT V

**Notice for Claimants Listed in <u>Exhibit D</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,   :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                        :
                                                          :    Jointly Administered
         Debtors.                                         :
                                                          :    Response Deadline: March 30, 2009 at 4:00 p.m. (ET)
                                                          :    Hearing Date: April 6, 2009 at 2:00 p.m. (ET)

------------------------------------------------------------ x

### NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name          **Basis for Objection:**      <u>Reclassified Claim</u> - Debtors' books and records show
     and Address]                                            claim should be reclassified

| Claim Number [Claim Number] | Date Filed [Date Filed] | Case Number [Case Number] | Total Amount Claimed [Amount] [Priority level] | Reclassified Amount [Amount] [Priority level] |
|---|---|---|---|---|

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors have determined, after review of their books and records, that your claim should be reclassified as indicated above in the column titled "Reclassified Amount." The Objection seeks to alter your rights by reclassifying the priority level of your claim.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]         The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
      Nathan D. Grow (No. 5014)
      The Brandywine Building
      1000 West Street, 17th Floor
      Wilmington, Delaware  19801
      Telephone: (302) 571-6756
      Facsimile: (302) 571-1253

      Counsel to the Debtors and Debtors in Possession

# EXHIBIT VI

**Notice for Claimants Listed in <u>Exhibit E</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Response Deadline: March 30, 2009 at 4:00 p.m. (ET)<br>Hearing Date: April 6, 2009 at 2:00 p.m. (ET) |

----------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

**TO:** [Claimant's Name and Address]     **Basis for Objection:**     <u>Reclassified Wrong Debtor Claim</u> - Debtors' books and records show claim should be reclassified and reassigned to a new case number

| Claim Number | Date Filed | Case Number | New Case Number | Total Amount Claimed | Reclassified Amount |
|---|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [New Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors have determined, after review of their books and records, that your claim should be reclassified as indicated above in the column titled "Reclassified Amount." Additionally, the Debtors have determined that your claim should be reassigned to the case number listed above in the column titled "New Case Number." The Objection seeks to alter your rights by reclassifying and reassigning your claim as detailed above.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT VII

**Notice for Claimants Listed in <u>Exhibit F</u> of the Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------ x

In re:                                                                : Chapter 11
                                                                      :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                    :
                                                                      : Jointly Administered
Debtors.                                                              :
                                                                      : **Response Deadline: March 30, 2009 at 4:00 p.m. (ET)**
                                                                      : **Hearing Date: April 6, 2009 at 2:00 p.m. (ET)**

------------------------------------------------------------------ x

**NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

TO: [Claimant's Name        **Basis for Objection:**    <u>Modified Amount Wrong Debtor Claim</u> - Debtors' books
and Address]                                             and records show amount of claim should be modified
                                                         and reassigned to a new case number

| Claim Number | Date Filed | Case Number | New Case Number | Total Amount Claimed | Modified Amount |
|---|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [New Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |
| [Comment] | | | | | |

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the
**Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the
"<u>Objection</u>"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the
amount of the claim listed above because the Debtors have determined, after review of their books
and records, that the amount asserted should be reduced or fixed at the amount indicated above in the
"Modified Amount" column. Additionally, the Debtors have determined that your claim should be
reassigned to the case number listed above in the column titled "New Case Number." The Objection
seeks to alter your rights by modifying the amount of your claim as indicated above in the "Modified
Amount" column listed above and by reassigning your claim to the "New Case Number" listed
above.

---
[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New
York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407);
Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York
corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York
11747.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT VIII

**Notice for Claimants Listed in <u>Exhibit G</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------- x
```

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Response Deadline: March 30, 2009 at 4:00 p.m. (ET)** |
| | : **Hearing Date: April 6, 2009 at 2:00 p.m. (ET)** |

```
---------------------------------------------------------------- x
```

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name and Address]    **Basis for Objection:**    <u>Modified Amount Reclassified Claim</u> - Debtors' books and records show amount of claim should be modified and reclassified

| Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified, Reclassified Amount |
|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the amount of the claim listed above because the Debtors have determined, after review of their books and records, that the amount asserted should be either increased, reduced or fixed at the amount indicated above in the "Modified, Reclassified Amount" column. Additionally, the Debtors have determined that your claim should be reclassified as indicated above in the "Modified, Reclassified Amount" column. The Objection seeks to alter your rights by modifying the amount of your claim and by reclassifying your claim.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT IX

**Notice for Claimants Listed in <u>Exhibit H</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                        :
                                                          :    Jointly Administered
                                                          :
    Debtors.                                              :    Response Deadline: March 30, 2009 at 4:00 p.m. (ET)
                                                          :    Hearing Date: April 6, 2009 at 2:00 p.m. (ET)

------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION
## TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
## BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| TO: [Claimant's Name and Address] | **Basis for Objection:** | Modified Amount Reclassified Wrong Debtor Claim - Debtors' books and records show amount of claim should be modified, reclassified and assigned to a new Debtor |
|---|---|---|

| Claim Number | Date Filed | Case Number | New Case Number | Total Amount Claimed | Modified, Reclassified Amount |
|---|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [New Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |
| [Comment] | | | | | |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the amount of the claim listed above because the Debtors have determined, after review of their books and records, that the amount asserted should be either increased, reduced or fixed at the amount indicated above in the "Modified, Reclassified Amount" column. Additionally, the Debtors have determined that your claim should be reclassified as indicated above in the "Modified, Reclassified Amount" column and reassigned to the case number in the "New Case Number" column. The Objection seeks to alter your rights by modifying the amount of your claim, by reclassifying your claim, and by assigning it to a new case number.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

    A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

    IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

                **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                Nathan D. Grow (No. 5014)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware  19801
                Telephone: (302) 571-6756
                Facsimile: (302) 571-1253

                Counsel to the Debtors and Debtors in Possession

# EXHIBIT X

**Notice for Claimants Listed in <u>Exhibit I</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Response Deadline: March 30, 2009 at 4:00 p.m. (ET) |
| | : Hearing Date: April 6, 2009 at 2:00 p.m. (ET) |

----------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| | | | |
|---|---|---|---|
| **TO:** [Claimant's Name and Address] | **Basis for Objection:** | Insufficient Documentation Claim | |
| | | **Claim Number** | **Claim Amount** |
| | **Claim to be Expunged:** | [Claim Number] | [Claim Amount] |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors hereby object to your claim listed above in the "Claim to be Expunged" row because this claim was filed without sufficient supporting documentation or facts to support a legal basis for a claim. Based on your claim and any documentation filed with your claim, the Debtors submit that they have no liability for any amounts alleged. The Objection seeks to alter your rights by disallowing the above-listed claim.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

               **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
               Nathan D. Grow (No. 5014)
               The Brandywine Building
               1000 West Street, 17th Floor
               Wilmington, Delaware  19801
               Telephone: (302) 571-6756
               Facsimile: (302) 571-1253

               Counsel to the Debtors and Debtors in Possession

# EXHIBIT XI

**Notice for Claimants Listed in <u>Exhibit J</u> of the Proposed Order**

066585.1001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------- x
In re:                                            :  Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                  :
                                                  :  Jointly Administered
        Debtors.                                  :
                                                  :  Response Deadline: March 30, 2009 at 4:00 p.m. (ET)
                                                  :  Hearing Date: April 6, 2009 at 2:00 p.m. (ET)
-------------------------------------------------------------- x
```

**NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

| TO: [Claimant's Name and Address] | Basis for Objection: | Equity Fraud Claim | |
|---|---|---|---|
| | | **Claim Number** | **Claim Amount** |
| | Claim to be Expunged: | [Claim Number] | [Claim Amount] |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors hereby object to your claim listed above in the "Claim to be Expunged" row because this claim alleges fraud, misstatements or other securities violations arising out of the purchase or sale of securities. Pursuant to section 510 of title 11 of the United States Code (the "Bankruptcy Code") and the provisions of the Debtors' confirmed plan of liquidation [Docket No. 7029] (the "Plan"), your claim is subordinated in right of payment to other claims against the Debtors. Through the Objection, the Debtors seek an order from the Court finding that your claim is a Subordinated Claim (as that term is defined in the Plan) and is therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

Responses to the Objection, if any, must be filed on or before **March 30, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **APRIL 6, 2009 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
      Wilmington, Delaware

                **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                Nathan D. Grow (No. 5014)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware  19801
                Telephone: (302) 571-6756
                Facsimile: (302) 571-1253

                Counsel to the Debtors and Debtors in Possession