IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
In re:                                               :   Chapter 11
                                                     :
AMERICAN HOME MORTGAGE                               :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation,              :
et al.,                                              :   Jointly Administered
                                                     :
                                    Debtors.         :   Ref. Docket No. 7010
---------------------------------------------------- x

**ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN FURNITURE, FIXTURES & EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage, Inc., a Delaware corporation, and certain of its direct and indirect subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"),[2] for entry of an order, pursuant to pursuant to 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Sale of the FF&E on an "as is, where is" basis, free and clear of all liens, claims, encumbrances and interests to Michael Strauss or such other purchasers who make higher and better offers for the FF&E (collectively, the "Purchasers"), and (ii) granting related relief; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other

---

[1] Capitalized terms not defined herein shall have the meanings provided to them in the Motion.
[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the entire record in these chapter 11 cases; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

D. Due and adequate notice of the Motion, the proposed Sale, the hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E. The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

F. The Sale was negotiated and proposed in good faith, from arms-length bargaining positions, and without collusion. The Purchasers are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and are entitled to the protection thereof. Neither the Debtors nor the Purchasers have engaged in any conduct that would cause or permit

the sales of the FF&E to the Purchasers pursuant thereto and hereto, to be avoided under section 363(n) of the Bankruptcy Code.

    G.    The consideration provided by the Purchasers to the Debtors for the FF&E (i) is fair and reasonable, (ii) is the highest or best offer for the FF&E, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

    H.    The Debtors are authorized to sell the FF&E to the Purchasers free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, with such liens, claims, interests and encumbrances transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the FF&E immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of liens, claims, interests and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests and encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the FF&E.

    I.    The Debtors have represented that they not selling personally identifiable information pursuant to the Motion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is granted.

DB02:7763981.2                                                                                                                            066585.1001

2. All objections to the Motion or relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3. The Debtors are hereby authorized to sell, transfer and convey the FF&E to the Purchasers.

4. The FF&E shall be sold free and clear of all liens, mortgages, leases or other rights or claims of right to use or occupancy, encumbrances, security interest, claims, charges, or other legal or equitable encumbrances and any other matter affecting title (collectively, "Liens"), with any Liens in such FF&E, or the proceeds thereof, to attach to the proceeds of such sale with the same validity, priority and effect as they have against the FF&E.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and the Purchaser, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the sale of the FF&E. Any actions taken by the Debtors and the Purchasers necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

6. This Order shall be binding upon the Debtors, all creditors of the Debtors and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

7. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Order.

Dated: Wilmington, Delaware
       March 12, 2009

Christopher S. Sontchi
United States Bankruptcy Judge