IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
In re:                                          :
                                                :
                                                :    Chapter 11
AMERICAN HOME MORTGAGE                          :
HOLDINGS, INC., a Delaware corporation, et al., :    Case No. 07-11047 (CSS)
                                                :
                                                :    Jointly Administered
                          Debtors.              :
-------------------------------------------------------------x

**SEVENTEENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS
COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
PERIOD FROM DECEMBER 1, 2008 THROUGH DECEMBER 31, 2008**

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to August 10, 2007) |
| Period for which compensation and reimbursement is sought: | December 1, 2008 - December 31, 2008 |
| Amount of compensation requested: | $29,893.00 |
| Amount of expense reimbursement requested: | $648.22 |

This is an:___ X ____ interim _____ final application.

This is the seventeenth monthly fee application filed by Quinn Emanuel Urquhart & Hedges, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007  / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007  / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008  / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008  / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | February 1, 2008 - February 29, 2008 | $172,483.00 | $9,484.53 | $172,483.00 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | $171,026.25 | $6,421.36 |
| June 13, 2008 / Docket No. 4626 | April 1, 2008 - April 30, 2008 | $122,547.00 | $4,743.47 | $122,547.00 | $4,743.47 |
| August 21, 2008 / Docket No. 5512 | May 1, 2008 - May 31, 2008 | $ 210,227.00 | $ 7,320.78 | $210,227.00 | $ 7,320.78 |
| September 12, 2008 / Docket No. 5855 | June 1, 2008 - June 30, 2008 | $233,945.75 | $3,513.35 | $233,945.75 | $3,513.35 |
| September 12, 2008 / Docket No. 5856 | July 1, 2008 - July 31, 2008 | $124,699.50 | $8,811.09 | $124,699.50 | $8,811.09 |
| October 29, 2008 / Docket No. 6471 | August 1, 2008 - August 30, 2008 | $18,508.50 | $3,951.15 | $18,508.50 | $3,951.15 |
| November 26, 2008 / Docket No. 6634 | September 1, 2008 - September 30, 2008 | $39,181.50 | $407.00 | $39,181.50 | $407.00 |
| December 12, 2008 / Docket No. 6713 | October 1, 2008- October 31, 2008 | $64,936.25 | $3,812.94 | $64,936.25 | $3,812.94 |
| February 13, 2009 / Docket No. 7005 | November 1, 2008- November 30, 2008 | $12,811.00 | $4,296.32 | $10,248.80 | $4,296.32 |

ATTACHMENT TO SEVENTEENTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP:  SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| James Tecce | Of Counsel for 2 years; admitted in 1995 | 605.00 | 11.50 | $6957.50 |
| Daniel Holzman | Of Counsel for 1 year; admitted in 1999 | 605.00 | 4.00 | $2,420.00 |
| Harrison Denman | Associate for 3 years, admitted in 2006 | 375.00 | 42.9 | $16,087.50 |
| Christopher Clark | Attorney | 320.00 | 0.40 | $128.00 |
| Katherine Silva | Law Clerk | 275.00 | 8.80 | $2,420.00 |
| Martine Lacroix | Paralegal | 235.00 | 8.00 | $1,880.00 |
| **TOTAL** | | **$395.41 (BLENDED RATE)** [1] | **75.60 HOURS** | **$29,893.00** |

---

[1]  The blended rate <u>excluding</u> paraprofessionals is $414.39 per hour.

**SUMMARY TABLE OF SERVICES RENDERED DURING
SEVENTEENTH MONTHLY FEE PERIOD
(DECEMBER 1, 2008 TO DECEMBER 31, 2008 )**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application/Fee Issues | 16.80 | $5,158.00 |
| Lender Claims | 58.80 | $24,735.00 |
| **TOTAL** | **75.60** | **$29,893.00** |

**SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED**
**(DECEMBER 1, 2008 TO DECEMBER 31, 2008 )**

| Disbursements | Amount |
|---|---|
| Postage | $5.61 |
| Telecopier | $2.64 |
| Westlaw | $378.29 |
| Client Meals | $104.48 |
| Taxi | $33.30 |
| Printing | $100.90 |
| Telephone | $23.00 |
| **Total Disbursements** | **$648.22** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                              :
                                                    :
                                                    :   Chapter 11
AMERICAN HOME MORTGAGE                              :
HOLDINGS, INC., a Delaware corporation, et al.,    :   Case No. 07-11047 (CSS)
                                                    :
                                                    :   Jointly Administered
                                Debtors.            :
-----------------------------------------------------------x   Objection Deadline:
```

### SEVENTEENTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, SPECIAL INVESTIGATORY LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM DECEMBER 1, 2008 THROUGH DECEMBER 31, 2008

Quinn Emanuel Urquhart Oliver & Hedges, LLP (**"Quinn Emanuel"**), special investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the **"Debtors"** or **"American Home"**), hereby submits its application (the **"Application"**) to this Court pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of Delaware (**"Local Rule No. 2016-2"**), for an order (i) allowing compensation of $29,893.00 for actual, reasonable and necessary professional services rendered, and reimbursement of $648.22 for actual, reasonable and necessary expenses incurred during the period from December 1, 2008

through December 31, 2008 (the "**Seventeenth Monthly Fee Period**"),[2] and (ii) authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $24,562.62, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.   INTRODUCTION

### A.   Background

1.   Bankruptcy Filing.  On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.   Jurisdiction.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by this Court.

---

[2]   Certain fees or expenses requested by Quinn Emanuel in the Application relate to services rendered in prior fee application periods.  Quinn Emanuel has not previously requested such fees or expenses in any prior application.

### B.    Retention Of Quinn Emanuel And Billing History

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's Seventeenth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order. No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.   CASE STATUS

7.     On August 15, 2008, the Debtors filed that certain Chapter 11 Plan of Liquidation of the Debtors. That same day, the Debtors filed that certain Disclosure Statement Pursuant To Section 1125 Of The Bankruptcy Code With Respect To The Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of August 15, 2008. On September 30, 2008, the Debtors filed an amended plan and disclosure statement. On October 8, 2008, the Debtors filed a further amended plan and disclosure statement. On November 25, 2008, the Court approved the amended disclosure statement and the solicitation procedures for the amended plan. On February 18, 2009 the Debtors filed an amended chapter 11 plan of liquidation. On February 23, 2009, the Court entered an order confirming the amended plan.

## III.   APPLICATION

8.     By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Seventeenth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Seventeenth Monthly Fee Period.

9.     Specifically, Quinn Emanuel seeks approval of the sum of  $29,893.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Seventeenth Monthly Fee Period, and $648.22 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 75.60 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Seventeenth Monthly Fee Period, at a

blended average hourly rate of $395.41 for both professionals and paraprofessionals. The blended hourly rate for professionals only is $414.39.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Seventeenth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.     Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet.  The summary lists the amounts and categories of expenses for which reimbursement is sought.  Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.   SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.     To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines, Quinn Emanuel has established the following separate project billing categories in connection with these cases:

a)  Bank/Thrift Issues
b)  Cash Collateral and DIP Financing
c)  Case Management/Calendar Maintenance/Service of
d)  Class Actions
e)  Court Hearings
f)  Creditor Inquiries
g)  Employee Issues
h)  Fee Application Preparation/Fee Issues
i)  Government Issues/Investigations
j)  Insurance Issues
k)  Lender Claims
l)  Meetings
m)  Non-Working Travel (Only 50% Requested)
n)  Other Conflicts
o)  Plan and Disclosure Statement
p)  Recharacterization
q)  Retention of Professionals
r)  Rule 2004 Investigations
s)  Servicing Platform Issues
t)  Stay Relief Matters
u)  Travel Time

15.     The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel

expended a considerable number of hours on behalf of the Debtors. It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the Seventeenth Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was heavily involved in the performance of services for the Debtors on a daily basis, including night and weekend work, often under extreme time pressure to meet the needs of the Debtors in these cases.

A.    **Lender Claims**:  (Total Hours: 58.80; Total Fees: $24,735.00)

*Wells Fargo Litigation*

16.    On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns. Quinn Emanuel attorneys, on behalf of the Debtors, filed an Answer to Wells Fargo's complaint on December 11, 2007. The parties entered into the finalized scheduling stipulation on January 14, 2008. Thereafter, American Home and Bear Stearns engaged in substantial discovery related to the disputed monthly payment. Specifically, Quinn Emanuel attorneys and Bear Stearns exchanged initial disclosures, requests for production of documents, and contention interrogatories, as well as each party's responses to same. Moreover, Quinn Emanuel attorneys deposed Bear Stearns' hearing witness on June 4, 2008 and defended a deposition of American Home's hearing witness on June 6, 2008.

17.     On July 2, 2008, Quinn Emanuel attorneys, on American Home's behalf, filed a motion for summary judgment on its claim to the disputed monthly payment. That same day Bear Stearns filed a motion for summary judgment on its claim to the disputed payment (the "**Bear Stearns Summary Judgment Motion**"). On July 16, 2008, Quinn Emanuel attorneys, on behalf of American Home, filed a response to the Bear Stearns Summary Judgment Motion. The Court held a hearing on both summary judgment motions on October 14, 2008. On October 30, 2008, the Court entered an order and issued an opinion granting summary judgment in favor of American Home and against Bear Stearns (the "**Bankruptcy Court Opinion**"). On November 10, 2008, Bear Stearns appealed the Bankruptcy Court Opinion (the "**Appeal**"). On November 20, 2008, Bear Stearns filed its statement of issues and designations of record on appeal ("**Statement of Issues**").

18.     During the Seventeenth Monthly Fee Period, Quinn Emanuel attorneys, on American Home's behalf, reviewed substantive and procedural issues relating to the Wells Fargo Appeal. In addition to finalizing American Home's counter-designation of items to be included on the record on appeal, filed with the District Court on December 1, 2008, during the Seventeenth Monthly Fee Period, Quinn Emanuel attorneys researched procedural issues relating to the Appeal and prepared for mediation. Ultimately, as required by the District Court's local rules, Quinn Emanuel attorneys submitted a confidential mediation statement to the Appeal's designated mediator on February 2, 2009 and participated in a mediation on February 11, 2009.

### U.S. Bank Litigation

19.     On April 21, 2008, U.S. Bank National Association ("**U.S. Bank**") filed a complaint in the nature of interpleader against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, U.S. Bank seeks to resolve competing claims

asserted by the Debtors and Bear Stearns to a monthly payment owing on account of a trust

certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns. Thereafter, the

parties entered into a stipulation extending the Debtors and Bear Stearns' time to answer or

otherwise respond to U.S. Bank's complaint, which was entered by the Court on June 9, 2008.

20.    In light of the Bankruptcy Court Opinion holding for American Home in the

Wells Fargo litigation, during the Seventeenth Monthly Fee Period Quinn Emanuel attorneys, on

American Home's behalf, reviewed and analyzed the relevant provisions of the trust certificate

and related securitization documents underlying the U.S. Bank litigation. Concluding that the

facts and relevant legal documents underlying the U.S Bank litigation were substantively

identical to those underlying the Wells Fargo litigation, Quinn Emanuel attorneys, on American

Home's behalf, initiated a campaign to compel U.S. Bank to immediately pay the disputed

payment to American Home (the "**Demand Letter**"). On December 8, 2008, Quinn Emanuel

attorneys sent the Demand Letter to counsel for U.S. Bank and Bear Stearns. On December 9,

2008, Bear Stearns responded to the Demand Letter, insisting that U.S. Bank refrain from

making the disputed payment. On December 10, 2008, Quinn Emanuel prepared a letter in

response to Bear Stearns, and in further support of its Demand Letter. Ultimately, on December

11, 2008, U.S. Bank responded to American Home's requests by stating its intention to refrain

from making the disputed payment. Thereafter, Quinn Emanuel attorneys prepared a final

response on December 23, 2008.

## V.    FACTORS TO BE CONSIDERED IN AWARDING ATTORNEYS' FEES

21.    The factors to be considered in awarding attorneys fees have been enumerated in

In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert.

denied, 431 U.S. 904, which standards have been adopted by most courts. See, e.g., In re Lan

Assoc., 192 F.3d 109, 123 n.8 (3d. Cir. 1999) (suggesting First Colonial factors apply to § 330

compensation requests).  Quinn Emanuel respectfully submits that a consideration of these

factors should result in this Court's allowance of the full compensation sought.

(1)    The Time and Labor Required.  The professional services rendered by Quinn
       Emanuel on behalf of the Debtors have required the continuous expenditure of
       substantial time and effort, under time pressures which sometimes required the
       performance of services late into the evening and, on a number of occasions, over
       weekends. The services rendered required a high degree of professional
       competence and expertise in order to be administered with skill and dispatch.

(2)    The Novelty and Difficulty of Questions.  Novel and complex issues have already
       arisen in the course of the Chapter 11 Cases, and it can be anticipated that other
       such issues will be encountered.  In these cases, as in many others in which the
       firm is involved, Quinn Emanuel's effective advocacy and creative approach to
       problem solving have helped clarify and resolve difficult issues and will continue
       to prove beneficial.

(3)    The Skill Requisite to Perform the Legal Services Properly.  Quinn Emanuel
       believes that its recognized expertise in the area of bankruptcy related litigation
       and its practical approach to the resolution of issues are contributing to
       maximizing the size of the Debtors' estate.

(4)    The Preclusion of Other Employment by Applicant Due to Acceptance of the
       Case.  The matters in which Quinn Emanuel's bankruptcy litigation practice group
       are involved need attention on a continuous basis and require several of Quinn
       Emanuel's attorneys to commit significant portions of their time to these cases.

(5)    The Customary Fee.  The compensation sought herein is based upon Quinn
       Emanuel's normal hourly rates for services of this kind. Quinn Emanuel
       respectfully submits that the compensation sought herein is not unusual given the
       magnitude and complexity of these cases and the time dedicated to the
       representation of the Debtors.  Such compensation is commensurate with fees
       charged by other attorneys of comparable experience.

(6)    Whether the Fee is Fixed or Contingent.  Quinn Emanuel charges customary
       hourly rates for the time expended by its attorneys and paraprofessionals in
       representing the Debtors and Quinn Emanuel's fee is not outcome dependent.
       Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by
       professionals retained under section 327 or 1103 of the Bankruptcy Code are
       contingent pending final approval by the Court, and are subject to adjustment by
       the Court depending upon the services rendered and the results obtained.

(7)    Time Limitation Imposed by Client or Other Circumstances.  As stated above,
       Quinn Emanuel has been required to attend to various issues as they have arisen

in these cases.  Occasionally, Quinn Emanuel has had to perform those services under significant time constraints requiring attorneys and paraprofessionals assigned to these cases to work evenings and on weekends.

(8)     The Amount Involved and Results Obtained.  Through the efforts of Quinn Emanuel, the Debtors are poised to initiate actions against Third Parties and maximize value for the Debtors' estates.

(9)     The Experience, Reputation and Ability of the Attorneys.  Quinn Emanuel's attorneys involved in this representation have played a major role in numerous complex restructurings including, for example, the chapter 11 cases of Refco Inc., Enron Corp., et al., Safety-Kleen Corp., et al., and Adelphia Communications Corp., et al.  Quinn Emanuel's experience enables it to perform the services described herein competently and expeditiously.

(10)    The "Undesirability" of the Case.  These cases are not undesirable, but as already indicated, have required a significant commitment of time from several of Quinn Emanuel's attorneys.

(11)    Nature and Length of Professional Relationship.  Quinn Emanuel was selected as the Debtors special investigatory, litigation and conflicts counsel shortly after the Petition Date, on August 10, 2007, and was retained nunc pro tunc to that date pursuant to an order of this Court dated September 13, 2007.

## VI.     ALLOWANCE OF COMPENSATION

22.     The professional services rendered by Quinn Emanuel have required a high

degree of professional competence and expertise so that the numerous issues requiring evaluation

and action by the Debtors could be addressed with skill and dispatch.  It is respectfully submitted

that the services rendered to the Debtors were performed efficiently, effectively and

economically, and the results obtained to date have benefited the Debtors' estates.

23.     The allowance of interim compensation for services rendered and reimbursement

of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331. This Court has authorized the filing of this Application in the Compensation Order.

24.    With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person: "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3)(A), in turn, provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a) (3) (A).

25.    The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases.  See In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts") (citation and internal quotation marks omitted).

26.    The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Seventeenth Monthly Fee Period was 75.6 hours, which services have a fair market value of $29,893.00. As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## VII.    EXPENSES

27.    Quinn Emanuel has expended the total amount of $648.22 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Seventeenth Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

28.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

29.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than

the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

30.     In providing or obtaining from third parties services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of equipment.

31.     Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

32.     Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Seventeenth Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII.  NOTICE

33.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee. Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## IX.    CONCLUSION

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $29,893.00 for actual, reasonable and necessary professional services rendered and reimbursement of $648.22 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $24,562.62 which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
     March 13, 2009

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By _____
     James C. Tecce
     Susheel Kirpalani
     Harrison L. Denman

     51 Madison Avenue, 22nd Floor
     New York, New York  10010
     Telephone:  (212) 849-7000
     Telecopier: (212) 849-7100

**EXHIBIT A**

AHM - Fee Application Preparation/Fee Issues

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/04/08 | HLD | Review/prepare Exhibit A and B to QE November fee application (1.1); Review/revise QE October fee application (1.1). | 2.20 |
| 12/05/08 | HLD | Prepare/revise October fee application. | 0.50 |
| 12/08/08 | HLD | Draft/revise QE October fee application, prepare exhibits. | 0.70 |
| 12/09/08 | HLD | Reviewed payment issues re September application. | 0.30 |
| 12/09/08 | ML4 | Revised QE November AHM Fee Application. | 2.20 |
| 12/10/08 | HLD | Draft/revise QE October fee application, emails re same. | 2.10 |
| 12/10/08 | ML4 | Prepare QE October AHM Fee Application. | 4.90 |
| 12/12/08 | HLD | Revise/finalize QE October fee applications, emails with local counsel re same. | 2.10 |
| 12/16/08 | HLD | Emails with Jackson (YC) re CNO for September fee application. | 0.20 |
| 12/19/08 | CC4 | Review QE interim fee application. | 0.40 |
| 12/22/08 | HLD | Reviewed CNO and related issues. | 0.30 |
| 12/22/08 | ML4 | Revised November QE Fee Application. | 0.90 |
| | | Total Hours | 16.80 |

<u>AHM – Lender Claims</u>

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 12/01/08 | HLD | Reviewed/finalized AHM's designations for Wells Fargo litigation appeal, emails re same with Sakamoto (AHM). | 0.50 |
| 12/02/08 | HLD | TCs/emails with Sakamoto and Tecce re next steps in US Bank interpleader litigation (.7); Reviewed trust agreement re same (.4). | 1.10 |
| 12/02/08 | JCT | Calls with US Bank Counsel, confs w/ H. Denman, call w/ S. Sakamoto re payments for Trust Certificates (1.1); call w/ YCST re Broadhollow (.2). | 1.30 |
| 12/03/08 | ·HLD | Draft/revise letter to counsel for US Bank (2.7); TCs/emails with Sakamoto and Tecce re same (.6); reviewed relevant trust documents and trust certificates re same (2.8). | 6.10 |
| 12/04/08 | HLD | Revise letter to US Bank re US Bank adversary proceeding. | 0.50 |
| 12/04/08 | JCT | Calls with bondholder counsel re Broadhollow interests (.7); emails to AHM re same (.2); calls with Sakamoto re same (.3); review and revise letter to US Bank re August Payment (1.0). | 2.20 |
| 12/05/08 | DH3 | Revise term sheet and discuss same with James Tecce. | 4.00 |
| 12/05/08 | HLD | Draft/revise/finalize letter and exhibits to US Bank, emails with Sakamoto and QE team re same. | 2.40 |
| 12/05/08 | JCT | Review noteholders position regarding Broadhollow interests (1.0); calls w/ YCST (Beach and Greer) re same (.5); call w/ S. Sakamoto re same (.3); review results of research re: same (.5); review term sheet issues w/ D. Holzman (.5); review plan and disclosure statement (.5). | 3.30 |
| 12/05/08 | KS | Research re: Broadhollow interests (4.6); discussion with J.Tecce re: same (.5). | 5.10 |
| 12/08/08 | HLD | Draft/revise/finalize letter to US Bank re request for payment. | 2.80 |
| 12/08/08 | JCT | Revise AHM letter regarding US Bank litigation, demand for August payment. | 1.00 |
| 12/09/08 | HLD | Reviewed US Bank letter (.4); Draft/revise reply letter to US Bank (2.9). | 3.30 |
| 12/10/08 | HLD | TCs with Edwards (YC) re appeal issues and deadlines in Wells adversary (.4); research re same and emails re same with Tecce (.6); review Bear Stearns·response to AHM demand in US Bank litigation (.3); TC Sakamoto re next steps (.4); Draft/revise/finalize supplemental letter to US Bank, emails re same with Tecce (2.2). | 3.60 |
| 12/10/08 | JCT | Call w/ S. Sakamoto re Broadhollow interests (.2); revise letter to US Bank re payment of August 2007 Interest (.8). | 1.00 |

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/11/08 | HLD | Reviewed US Bank response to AHM demand (.4); Draft/revise supplemental reply letter re same, research re trust document re same (2.8); emails/confs with Tecce re same (.4); reviewed appeal docket and status in Wells adversary, emails with Tecce re same (.7). | 4.30 |
| 12/11/08 | JCT | Review US Bank letter and outline response w/ H. Denman. | 0.50 |
| 12/12/08 | HLD | Research re claims under Trust Agreements with US Bank (.9); research trust agreements re same (2.4); TC/emails with Tecce, Sakamoto and Nystrom re same (.4); Revised supplemental letter to US Bank re same (.4). | 4.10 |
| 12/12/08 | JCT | Review next steps on Wells Fargo and US Bank (.6); revise letters to US Bank (1.0); calls w/ AHM (Sakamoto and Nystrom) re same and Broadhollow interests (.6). | 2.20 |
| 12/15/08 | KS | Research re open claim issues. | 1.60 |
| 12/16/08 | HLD | Emails with Sakamoto and Tecce re review of facts for US Bank litigation. | 0.60 |
| 12/16/08 | KS | Follow up research re open claim issues. | 2.10 |
| 12/17/08 | HLD | TCs/emails with Sakamoto re review of facts for US Bank litigation. | 1.10 |
| 12/22/08 | HLD | Reviewed relevant facts in US Bank litigation per Sakamoto TC and related emails. | 1.10 |
| 12/23/08 | HLD | Draft/revise/finalize follow up letter to US Bank re request for payment. | 1.80 |
| 12/24/08 | HLD | TCs/emails with Jackson (YC) re next steps on Wells Fargo appeal. | 0.60 |
| 12/29/08 | HLD | TCs/emails with Sakamoto re review of documents in US Bank litigation. | 0.60 |
| | | Total Hours | 58.80 |

**EXHIBIT B**

Summary by Expenses Incurred
(December 1, 2008 through December 31, 2008)

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 12/02/08 | Printing | $7.90 |
| 12/02/08 | Printing | $4.90 |
| 12/02/08 | Printing | $13.30 |
| 12/02/08 | Printing | $7.60 |
| 12/02/08 | Printing | $12.70 |
| 12/02/08 | Printing | $5.50 |
| 12/04/08 | Printing | $0.40 |
| 12/04/08 | Printing | $0.70 |
| 12/04/08 | Telephone | $23.00 |
| 12/04/08 | Taxi; H. Denman on 10/12/08 | $12.50 |
| 12/04/08 | Taxi; H. Denman on 10/14/08 | $9.80 |
| 12/05/08 | Printing | $7.90 |
| 12/05/08 | Printing | $0.90 |
| 12/05/08 | Printing | $0.70 |
| 12/05/08 | Printing | $1.60 |
| 12/05/08 | Printing | $0.60 |
| 12/05/08 | Telecopier | $2.64 |
| 12/08/08 | Printing | $0.30 |
| 12/08/08 | Printing | $1.50 |
| 12/08/08 | Printing | $0.40 |
| 12/08/08 | Printing | $0.30 |
| 12/08/08 | Printing | $0.90 |
| 12/09/08 | Printing | $0.30 |
| 12/09/08 | Printing | $0.30 |
| 12/09/08 | Printing | $1.70 |
| 12/09/08 | Printing | $0.30 |
| 12/09/08 | Printing | $0.40 |
| 12/09/08 | Printing | $0.30 |
| 12/09/08 | Printing | $0.30 |
| 12/09/08 | Printing | $0.10 |
| 12/09/08 | Printing | $2.20 |
| 12/09/08 | Printing | $1.50 |
| 12/09/08 | Postage | $4.38 |
| 12/10/08 | Printing | $0.40 |
| 12/10/08 | Printing | $0.30 |
| 12/10/08 | Printing | $0.40 |
| 12/10/08 | Printing | $0.10 |
| 12/10/08 | Printing | $1.70 |
| 12/11/08 | Postage | $1.23 |
| 12/12/08 | Printing | $3.70 |
| 12/12/08 | Printing | $3.70 |

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 12/12/08 | Printing | $4.10 |
| 12/15/08 | Printing | $1.00 |
| 12/22/08 | Printing | $0.30 |
| 12/22/08 | Printing | $0.30 |
| 12/22/08 | Printing | $0.30 |
| 12/22/08 | Printing | $0.40 |
| 12/22/08 | Printing | $0.30 |
| 12/22/08 | Printing | $0.40 |
| 12/24/08 | Taxi; H. Denman on 12/11/08 | $11.00 |
| 12/30/08 | Printing | $1.20 |
| 12/30/08 | Printing | $1.30 |
| 12/30/08 | Printing | $3.40 |
| 12/30/08 | Printing | $0.80 |
| 12/30/08 | Printing | $1.30 |
| 12/31/08 | Client Meal; S. Sakamoto, J. Tecce, H. Denman on 10/10/08 | $28.39 |
| 12/31/08 | Westlaw | $375.30 |
| 12/31/08 | Westlaw | $2.99 |
| 12/31/08 | Client Meal; H.. Denman on 10/13/08 | $26.68 |
| 12/31/08 | Client Meal; H. Denman on 10/14/08 | $27.00 |
| 12/31/08 | Client Meals; H. Denman on 10/15/08 | $22.41 |
| **TOTAL** | | **$648.22** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                  :
                                        :
                                        :        Chapter 11
                                        :
AMERICAN HOME MORTGAGE                   :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                        :
                                        :        Jointly Administered
                    Debtors.            :
-----------------------------------------------------------x
```

### <u>CERTIFICATION OF JAMES C. TECCE</u>

James C. Tecce, an attorney-at-law, duly admitted in good standing to practice in the State of New York hereby certifies that:

1.      I am counsel in the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP (**"Quinn Emanuel"**), and I am duly authorized to make this Certification on behalf of Quinn Emanuel.  Quinn Emanuel was retained by the Debtors as special investigatory litigation and conflicts counsel  pursuant to an order of the Court.  This certification is made in support of Quinn Emanuel's Seventeenth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses During the Period from December 1, 2008 Through December 31, 2008 (the "**Application**"), and in compliance with Local Rule 2016-2 of this Court (the "**Rule**"), and with the United States Trustee's Guidelines for Review Of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**").

76802/2825185.1

2.      I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

Dated: 13
March 2009

**Quinn Emanuel Urquhart Oliver & Hedges, LLP**

James C. Tecce
55 Madison Avenue - 22nd Floor
New York, NY 10010
(212) 849 - 7200

76802/2825185.1