IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN re:                                          : Chapter 11
                                                : Case No.: No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS,                :
INC., Delaware corporation, et al.,             : RESPONSE
                                                :
         Debtors.                               :
                                                :
SUROWIEC, MICHAEL S                             :
116 RALPH AVE                                   :
S PLAINFIELD, NJ 070802814                      :
                                                :

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

To The Honorable Christopher S. Stonchi:

I am in receipt of Debtor's objection on the basis that my claim is structured solely on the payment of a corporate bonus. That is false. The claim as filed in my Proof of Claim is not only for the earned bonus, but also for moving expenses that were to be reimbursed as provided for in my Employment Agreement and additionally agreed upon in Exhibit A of the same agreement, which I have included for your review. The contract was executed by Alan Horn as Executive Vice President and General Counsel for the debtor American Home Mortgage. The contract provided for the debtor to pay for moving expenses of up to $20,000. The total moving expense came to $14,970.21 as is evidenced by the bill from United Van Lines (UVL) which I have now settled with UVL directly because of the debtor's failure to pay for the expense.

I performed my duties of the Employment Agreement to the letter. Moved my entire family to New York within the required time frame, and was subsequently forced to sell the home and relocate back to New Jersey under extreme circumstances. The bonus evidenced in my claim was told to me by senior management of the Debtor that it would be paid in the month of July 2007. At that time I had earned the bonus as structured in the Employment Agreement, and was employed through the entire month of July 2007 to qualify my eligibility to receive said bonus since senior management expressed that it would be paid at that time.

It is my belief that the Debtor intentionally delayed the payment of the bonus clearly with the knowledge that it would be firing approximately 7,000 employees and then subsequently filing for protection under Chapter 11 bankruptcy to avoid having to pay its obligations. I request that the court maintain my claim in its entirety, but now make clear the distinction of the $14,970.21 due for moving expenses and the $23,780.00 for the bonus pay and other claims that I should be entitled to.

1

Dated this 19th day of March, 2009

*[signature]*
Michael S. Surowiec

Enclosures

Cc:
    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
    Nathan D. Grow (No. 5014)
    The Brandy Wine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware 19801
    Telephone: 302-571-6756
    Facsimile: 302-571-1253

    Counsel to the Debtors and Debtors in Possession