IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN re:                                          : Chapter 11
                                                : Case No.: No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS,                :
INC., Delaware corporation, et al.,             : RESPONSE
                                                :
        Debtors.                                :
                                                :
SUROWIEC, MICHAEL S                             :
116 RALPH AVE                                   :
S PLAINFIELD, NJ 070802814                      :
                                                :

**NOTICE OF DEBTORS' TWENTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

To The Honorable Christopher S. Stonchi:

I am in receipt of Debtor's objection after the response deadline of February 10, 2009. To that I am quite unclear as to how my claim was asserted against the wrong debtor since the Proof of Claim form was provided to me either by epiq systems or the Debtor's attorney with the Debtors' information already printed on the form. My claim is filed against American Home Mortgage Holdings Inc. et al, which would include the Debtor as my previous employer as is described in my employment agreement as filed in my proof of claim.

I performed my duties of the Employment Agreement to the letter. Moved my entire family to New York within the required time frame, and was subsequently forced to sell the home and relocate back to New Jersey under extreme circumstances. The bonus evidenced in my claim was told to me by senior management of the Debtor that it would be paid in the month of July 2007. At that time I had earned the bonus as structured in the Employment Agreement, and was employed through the entire month of July 2007 to qualify my eligibility to receive said bonus since senior management expressed that it would be paid at that time.

Please note that the reimbursement of moving expenses as described in Exhibit A of my Employment Agreement was to be guaranteed. The only contingency would be if I terminated my employment then I was to pay it back to the Debtor. At no time did I ever terminate my employment with the Debtor. I ask that the court accept this late response and maintain my claim in its entirety.

Dated this 19th day of March, 2009

_____
Michael S. Surowiec

Enclosures

Cc:

    Via:  Regular and Certified Mail
           7003 3110 0005 0051 7759
    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
    Nathan D. Grow (No. 5014)
    The Brandy Wine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware 19801
    Telephone:  302-571-6756
    Facsimile:  302-571-1253

    Counsel to the Debtors and Debtors in Possession