IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
                    Debtors.                                     :
                                                                 :   Objection Deadline: Objections can be raised at the Hearing.
                                                                 :   Hearing Date (proposed): March 31, 2009 at 2:00 p.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER
APPROVING AND AUTHORIZING STIPULATION WITH DB STRUCTURED
PRODUCTS, INC. RESOLVING APPEAL FROM THE SERVICING SALE ORDER**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), by this motion (the "Motion"), seek entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and sections 105(a) and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") approving the stipulation attached hereto as Exhibit A (the "Stipulation") by and among the Debtors, Bank of America, N.A., as Administrative Agent (the "Administrative Agent"), and DB Structured Products, Inc. ("DBSP"), resolving DBSP's appeal from the *Findings of Fact, Conclusions of Law, and Order on Remand* [D.I. 7101] (the "Order on Remand") entered March 13, 2009. In support of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. AHM Corp., AHM SV, and DBSP are parties to that certain Master Mortgage Loan Purchase and Servicing Agreement dated as of May 1, 2006 (the "MLPSA"), pursuant to which DBSP purchased loans from time to time from AHM Corp. on a servicing-retained basis, and AHM SV serviced such loans.

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). As of the Petition Date, DBSP owned a portfolio of loans purchased from AHM Corp. and serviced by AHM SV pursuant to the MLPSA (the "DBSP Portfolio").

4. On October 30, 2007, the Court entered the *Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief* [D.I. 1711] (the "Sale Order"), which, among other things, authorized AHM SV to transfer its rights and obligations with respect to the servicing of the DBSP Portfolio to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Buyer") pursuant to the terms of that certain Asset

Purchase Agreement dated as of September 25, 2007, by and among AHM Investment, AHM Acceptance, AHM Corp., AHM SV, and the Buyer (as subsequently amended, the "APA").

5. DBSP timely appealed the Sale Order to the United States District Court, whereupon the APA was amended to provide, among other things, that the approximately $1.6 million purchase price paid by the Buyer for the transfer of the rights and obligations under the MLPSA with respect to the servicing for the DBSP Portfolio would be escrowed pending resolution of DBSP's appeal (such amount, in addition to any interest and earnings allocable thereto, the "Dispute Escrow Amount").

6. The APA closed in two steps: first, an "economic" close occurring on November 16, 2007 (the "Initial Closing"), at which the Buyer tendered the purchase price and after which the Debtors continued to operate their mortgage loan servicing business in the ordinary course for the benefit and risk of the Buyer, using working capital to be provided by the Buyer; and second, a "legal" close occurring on April 11, 2008 (the "Final Closing"), at which legal title to the assets of the servicing business vested in the Buyer, and the actual transfer of such assets was deemed to have occurred. However, the rights and obligations under the MLPSA with respect to the servicing of the DBSP Portfolio were not transferred on the Final Closing because the Sale Order had not yet become a final, non-appealable order vis-à-vis DBSP. Accordingly, pending the resolution of the appeal, the Buyer has been sub-servicing the DBSP Portfolio on behalf of the Debtors.

7. On August 5, 2008, the Court entered the *Order Approving and Authorizing the Stipulation of Settlement Among (i) the Debtors, (ii) Bank of America, N.A., as Administrative Agent, and (iii) the Official Committee of Unsecured Creditors and Granting Related Relief* [D.I. 5308] (the "BofA Settlement Stipulation"). Pursuant to the BofA Settlement

Stipulation, the Debtors' litigation, settlement or other resolution of DBSP's appeal from the Sale Order (or any subsequent appeal) is subject to the Administrative Agent's consent.

8.  By Order dated October 16, 2008, the District Court remanded DBSP's appeal from the Sale Order to this Court for consideration of the issues raised on appeal. On March 13, 2009, the Court issued the Order on Remand, whereby it ratified the Sale Order in its entirety, effective as of its original date of entry.

9.  On March 20, 2009, DBSP timely filed a notice of appeal of the Order on Remand to the District Court [D.I. 7128] (the "Notice of Appeal").

10. Under the APA as amended, if the Sale Order does not become a final, non-appealable order by March 31, 2009, the Buyer will have the option to treat the rights and obligations under the MLPSA with respect to the servicing of the DBSP Portfolio as an "Excluded Asset" and reclaim the Dispute Escrow Amount.

## THE STIPULATION

11. The principal terms of the Stipulation are set forth below:[2]

   a.  Effectiveness. The Stipulation shall become effective immediately upon entry of an order by the Bankruptcy Court approving the Stipulation (the "Approval Order") and shall remain binding upon and enforceable against each of the Administrative Agent and DBSP notwithstanding any vacatur, reversal, or modification of the Approval Order on appeal or reconsideration.

   b.  Withdrawal of Notice of Appeal. As soon as possible after entry of the Approval Order, but in no event later than March 31, 2009, DBSP shall withdraw its Notice of Appeal unconditionally and with prejudice. DBSP acknowledges that (i) the withdrawal of its Notice of Appeal shall be unaffected by any vacatur, reversal, or modification of the Approval Order on appeal or reconsideration and (ii) upon such withdrawal, the Sale Order shall constitute a final, non-appealable order authorizing the Debtors to

---

[2] The terms of the Stipulation set forth herein are a summary only, and all terms not defined herein shall be given the meanings ascribed to them in the Stipulation. To the extent of any inconsistency between this summary and the Stipulation, the terms of the Stipulation shall govern.

transfer of the rights and obligations under the MLPSA with respect to the servicing for the DBSP Portfolio in accordance with the APA.

 c. <u>Consent Payment.</u> As soon as practicable after the release of the Dispute Escrow Amount to the Administrative Agent pursuant to the APA, the Administrative Agent shall cause the first $900,000 of the Dispute Escrow Amount (the "<u>Consent Payment</u>") to be transferred to DBSP in accordance with wire instructions to be provided by DBSP. For the avoidance of doubt, the release of the Disputed Escrow Amount to the Administrative Agent shall be an express condition precedent to payment of the Consent Payment, <u>provided</u>, <u>however</u>, that the Debtors and the Administrative Agent shall use commercially reasonable efforts to procure the release of the Dispute Escrow Amount in accordance with the APA as soon as practicable after entry of the Approval Order.

## **RELIEF REQUESTED AND BASIS THEREFOR**

12. By this Motion, the Debtors are seeking this Court's approval of the Stipulation pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

13. Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. <u>In re Penn Central Transp. Co.</u>, 596 F.2d 1002 (3d Cir. 1979). The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical manner, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." <u>In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson</u>, 390 U.S. 414 (1986).

14. Approval of a proposed settlement is within the "sound discretion" of the Bankruptcy Court. <u>In re Neshaminy Office Building Associates</u>, 62 B.R. 798, 803 (Bankr. E.D. Pa. 1986). The court must determine whether the proposed settlement is in the "best interests of the estate." <u>See</u> <u>In re Energy Cooperative, Inc.</u>, 886 F.2d 921, 927 (7th Cir. 1989). In

determining whether to approve an motion to settle a controversy, a Bankruptcy Court must determine whether it is fair, reasonable and adequate by examining four factors:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection: (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Official Comm. of Unsec. Cred. Of Penn. Truck Lines, Inc., v. Penn Truck Lines, Inc. (In re Penn Truck Lines, Inc.), 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992). The Court should not substitute its judgment for that of a trustee. Neshaminy, 62 B.R. at 803. The Court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." Neshaminy, 62 B.R. at 803 (citing In re Patel, 43 B.R. 500, 505 (Bankr. N.D. Ill. 1984)).

15. The Debtors believe that the terms of the Stipulation are reasonable and provide for a fair and practical resolution of the litigation over the servicing rights to the DBSP Portfolio. The Stipulation was the product of significant and lengthy discussions and negotiations between the Debtors, the Administrative Agent, and DBSP, and the settlement embodied therein falls well above the lowest point in the range of reasonableness. The Stipulation will permit the Sale Order to become a final, non-appealable order within the time limit established by the APA, thus permitting the release of more than $700,000 of the Dispute Escrow Amount to the Administrative Agent to be applied against the balance of the Debtors'

prepetition secured indebtedness. Absent the Stipulation, the Sale Order would not become a final, non-appealable order within the time limit established by the APA, giving the Buyer the option to walk away from the sale and reclaim the Dispute Escrow Amount. If the Buyer exercised this option, DBSP's appeal would be mooted and the Debtors would need to arrange for an alternative disposition of the servicing rights to the DBSP Portfolio, which would be costly, time consuming, and may lead to more litigation with DBSP in the absence of a definitive pronouncement from the District Court or the Third Circuit on the legal issues presented. Moreover, even if the Buyer did not exercise its option immediately, it would presumably be free to do so in the future, and in the meantime the Debtors could have no assurance that continued defense of the Sale Order against DBSP's appeal would result in value added for the Debtors' estates. Accordingly, a review of the four factors set forth above clearly demonstrates that the Stipulation is reasonable, fair and equitable and in the best interest of the Debtors, the Debtors' estates and creditors.

## NOTICE

16.  Notice of this Motion will be provided via hand delivery (local) or overnight courier (non-local) to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Administrative Agent; (iv) counsel to DBSP; (v) counsel to the Buyer; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In addition, email and/or facsimile service will be provided to parties (i)-(v). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as <u>Exhibit B</u> approving the Stipulation and granting the Debtors such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
March 30, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT A

DB02:7998692.1

066585.1001

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                     :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,1           :
                                                           :   Jointly Administered
                    Debtors.                               :
---------------------------------------------------------- x

### STIPULATION BETWEEN THE DEBTORS, BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, AND DB STRUCTURED PRODUCTS, INC. RESOLVING APPEAL FROM THE SERVICING SALE ORDER

This stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Bank of America, N.A., as Administrative Agent (the "Administrative Agent"), and DB Structured Products, Inc. ("DBSP" and, collectively with the Debtors and the Administrative Agent, the "Parties"), by and through their undersigned counsel.

### RECITALS

**WHEREAS**, AHM Corp., AHM SV, and DBSP are parties to that certain Master Mortgage Loan Purchase and Servicing Agreement dated as of May 1, 2006 (the "MLPSA"), pursuant to which DBSP purchased loans from time to time from AHM Corp. on a servicing-

---

1   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

retained basis, and AHM SV serviced such loans;

**WHEREAS**, on August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, as of the Petition Date, DBSP owned a portfolio of loans purchased from AHM Corp. and serviced by AHM SV pursuant to the MLPSA (the "DBSP Portfolio");

**WHEREAS**, on October 30, 2007, the Bankruptcy Court entered the *Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief* [D.I. 1711] (the "Sale Order"), which, among other things, authorized AHM SV to transfer its rights and obligations with respect to the servicing of the DBSP Portfolio to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Buyer") pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007, by and among AHM Investment, AHM Acceptance, AHM Corp., AHM SV, and the Buyer (as subsequently amended, the "APA");

**WHEREAS**, DBSP timely appealed the Sale Order to the United States District Court for the District of Delaware (the "District Court"), whereupon the APA was amended to provide, among other things, that the purchase price paid by the Buyer for the transfer of the rights and obligations under the MLPSA with respect to the servicing for the DBSP Portfolio

would be escrowed pending resolution of DBSP's appeal (such amount, in addition to any interest and earnings allocable thereto, the "Dispute Escrow Amount");

**WHEREAS**, pursuant to the *Order Approving and Authorizing the Stipulation of Settlement Among (i) the Debtors, (ii) Bank of America, N.A., as Administrative Agent, and (iii) the Official Committee of Unsecured Creditors and Granting Related Relief* [D.I. 5308] the Debtors' litigation, settlement or other resolution of DBSP's appeal from the Sale Order (or any subsequent appeal) is subject to the Administrative Agent's consent;

**WHEREAS**, by Order dated October 16, 2008, the District Court remanded DBSP's appeal of the Sale Order to the Bankruptcy Court for consideration of the issues raised on appeal, and on March 13, 2009, the Bankruptcy Court issued its *Findings of Fact, Conclusions of Law, and Order on Remand* [D.I. 7101] (the "Order on Remand") whereby it ratified the Sale Order in its entirety, effective as of its original date of entry;

**WHEREAS**, on March 20, 2009, DBSP timely filed a notice of appeal of the Order on Remand to the District Court [D.I. 7128] (the "Notice of Appeal");

**WHEREAS,** the Parties desire to avoid continued litigation concerning the transfer of the rights and obligations under the MLPSA with respect to the servicing for the DBSP Portfolio and, to that end, have engaged in good-faith settlement negotiations to attempt to reconcile their positions;

**WHEREAS,** as a result of such negotiations, the Parties have reached an agreement which each believes represents a fair and reasonable compromise in light of the costs, uncertainties, and risks attendant to continued litigation, subject to the terms and conditions set forth herein;

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby stipulate, consent and agree as follows:

A.  <u>Effectiveness.</u>  Immediately after this Stipulation has been executed by each of the Parties, the Debtors shall seek Bankruptcy Court approval of this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019 and a waiver of the 10-day stay provided in Federal Rule of Bankruptcy Procedure 6004(h). This Stipulation shall become effective immediately upon entry of an order by the Bankruptcy Court approving this Stipulation (the "Approval Order") and shall remain binding upon and enforceable against each of the Administrative Agent and DBSP notwithstanding any vacatur, reversal, or modification of the Approval Order on appeal or reconsideration.

B.  <u>Withdrawal of Notice of Appeal.</u>  As soon as possible after entry of the Approval Order, but in no event later than March 31, 2009, DBSP shall withdraw its Notice of Appeal unconditionally and with prejudice. DBSP acknowledges that (i) the withdrawal of its Notice of Appeal shall be unaffected by any vacatur, reversal, or modification of the Approval Order on appeal or reconsideration and (ii) upon such withdrawal, the Sale Order shall constitute a final, non-appealable order authorizing the Debtors to transfer of the rights and obligations under the MLPSA with respect to the servicing for the DBSP Portfolio in accordance with the APA.

C.  <u>The Consent Payment.</u>  As soon as practicable after the release of the Dispute Escrow Amount to the Administrative Agent pursuant to the APA, the Administrative Agent shall cause the first $900,000 of the Dispute Escrow Amount (the "Consent Payment") to

be transferred to DBSP in accordance with wire instructions to be provided by DBSP. For the avoidance of doubt, the release of the Dispute Escrow Amount to the Administrative Agent shall be an express condition precedent to payment of the Consent Payment, provided, however, that the Debtors and the Administrative Agent shall use commercially reasonable efforts to procure the release of the Dispute Escrow Amount in accordance with the APA as soon as practicable after entry of the Approval Order.

        D.      <u>No Evidence.</u> The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms herein.

        E.      <u>Binding Effect.</u> The terms and provisions of this Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors and assigns.

        F.      <u>Execution and Counter-Parts and By Telecopy.</u> This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: March __, 2009        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Wilmington, Delaware

                                              _____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Attorneys for the Debtors and Debtors in Possession*

Dated: March __, 2009  
    Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

Laurie Selber Silverstein (No. 2396)  
P.O. Box 951  
1313 N. Market Street, 6th Floor  
Wilmington, Delaware 19899  
Telephone: (302) 984-6000

-and-

**KAYE SCHOLER LLP**  
Margot B. Schonholtz  
Ana M. Alfonso  
425 Park Avenue  
New York, New York 10022  
Telephone: (212) 836-8000  
Facsimile: (212) 836-8689

*Attorneys for the Bank of America, N.A., in its capacity as Administrative Agent*

Dated: March __, 2009  
    Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

William P. Bowden (No. 2553)  
Amanda M. Winfree (No. 4615)  
500 Delaware Avenue, 8th Floor  
P.O. Box 1150  
Wilmington, Delaware 19899  
Telephone: (302) 654-1888

-and-

**BINGHAM McCUTCHEN LLP**  
Steven Wilamowsky  
399 Park Avenue  
New York, New York 10022  
Telephone: (212) 705-7000

*Attorneys for DB Structured Products, Inc.*