IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
                        Debtors.                                 :
                                                                 :   Objection Deadline: Objections may be raised at the Hearing.
                                                                 :   Hearing Date: March 31, 2009, at 2:00 p.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' MOTION PURSUANT TO DEL. BANKR. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER APPROVING AND AUTHORIZING STIPULATION WITH DB STRUCTURED PRODUCTS, INC. RESOLVING APPEAL FROM THE SERVICING SALE ORDER**

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), by and through their undersigned attorneys, hereby submit this motion (the "Motion to Shorten") for entry of an order shortening the applicable notice period for the *Debtors' Motion Pursuant to Section 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a) for an Order Approving and Authorizing Stipulation with DB Structured Products, Inc. Resolving Appeal from the Servicing Sale Order* (the "Settlement Motion," filed contemporaneously herewith),[2] pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Del. Bankr. L.R.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion.

2002-1(b) and 9006-1(e) (the "Local Rules") and 11 U.S.C. § 105(a). The Debtors propose that the hearing to consider the Settlement Motion be conducted on March 31, 2009 at 2:00 p.m. (ET), and that objections to the relief requested therein be raised at the hearing. In support of the Motion to Shorten, the Debtors respectfully state as follows:

1. Bankruptcy Rule 2002(a) requires twenty (20) days' notice prior to the hearing date for motions filed in chapter 11 cases involving the relief requested in the Settlement Motion. *See* Fed.R.Bankr.P. 2002(a). Pursuant to Local Rule 9006-1(e), however, such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the relief requested in the Settlement Motion.

2. As set forth more fully in the Settlement Motion, the proposed Stipulation with DBSP will fully and finally resolve the only appeal from the Court's Sale Order dated October 30, 2007, authorizing the sale of the assets of the Debtors' mortgage loan servicing business, making that order a final, non-appealable order for purposes of the APA with the Buyer. Under the APA, if the Sale Order does not become a final, non-appealable order authorizing the transfer of the servicing rights and obligations with respect to the DBSP Portfolio by March 31, 2009, the Buyer has the option to treat such rights and obligations as "Excluded Assets" for purposes of the APA and reclaim the more than $1.6 million Dispute Escrow Amount that has been set aside pending resolution of the appeal.

3. Under the proposed Stipulation, DBSP agrees to accept $900,000 of the Dispute Escrow Amount in consideration for its withdrawal of its appeal unconditionally and

with prejudice. However, DBSP has conditioned such withdrawal on the Court's prior approval of the Stipulation pursuant to the Settlement Motion.[3]

4. Expedited consideration of the Stipulation is thus critical to the bargain struck by the Debtors and the Administrative Agent with DBSP. Unless the Stipulation is approved by March 31, 2009, the Debtors risk losing all of the Dispute Escrow Amount and having to arrange for an alternative disposition of the servicing rights to the DBSP Portfolio, which may be fraught with additional litigation with DBSP.

5. The Debtors submit that the shortened notice period requested herein will not prejudice any party in interest, because the Second Amendment to the APA [D.I. 1996] (at § 4) expressly provided the Debtors, subject to the consent of the Administrative Agent and consultation with the Official Committee of Unsecured Creditors (the "UCC"), plenary authority with respect to the defense of the DBSP appeal, including the discretion not to defend the appeal at all. The UCC has been apprised of the essential terms of the Stipulation and, while it reserves the right to review the Settlement Motion and the Stipulation, it does not oppose shortening notice so as to have a hearing on March 31, 2009, at 2:00 p.m. (ET).

6. The Debtors will serve the Settlement Motion on all parties in the notice section thereof by hand delivery (local) or overnight courier (non-local) and, additionally, will provide email and/or facsimile service to the United States Trustee, counsel to the UCC, counsel to the Administrative Agent, counsel to DBSP, and counsel to the Buyer.

---

[3] DBSP did, however, agree that withdrawal of its appeal would *not* be conditioned upon the order approving the Stipulation becoming final and non-appealable, and would *not* be affected by any vacatur, reversal, or modification of such order on appeal or reconsideration.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving this Motion to Shorten, scheduling a hearing on the Settlement Motion for March 31, 2009, at 2:00 p.m. (ET), and permitting that any responses or objections to the Settlement Motion be raised at the hearing.

Dated:  Wilmington, Delaware  YOUNG CONAWAY STARGATT & TAYLOR, LLP
    March 30, 2009

/s/ Patrick A. Jackson
_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Attorneys for the Debtors and Debtors in Possession