**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE, ) | (Jointly Administered) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] ) | Obj. Deadline: March 30, 2009 @ 4:00 p.m. |
| ) | Hr'g Date: April 6, 2009 @ 2:00 p.m. |
| Debtors. ) | |
| ) | **SEPARATE HR'G REQUESTED** |
| ) | Related Docket Item No. 7084 |

**RESPONSE OF NORMAN LOFTIS TO
DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

COMES NOW Norman Loftis ("Dr. Loftis"), by and through undersigned counsel, and hereby responds (the "Response") to the Debtors' Thirty-First Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Thirty-First Substantive Omnibus Objection") as follows:

**Background**

1.      On August 6, 2007 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747.

Dr. Loftis disputes the accuracy of the foregoing statements as they relate to Debtor "American Home Mortgage Servicing, Inc., a Maryland corporation (7267)," which he understands is currently named "AHM SV, Inc." and whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75036.

U.S.C. §§ 101-1532 (the "Bankruptcy Code").  The Debtors continue to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 14, 2007, the United States Trustee appointed an Official Committee of Unsecured Creditors.  No trustee or examiner has been appointed.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On October 30, 2007, the Court entered an order setting January 11, 2008 as the general bar date for filing pre-petition proofs of claim (the "General Bar Date Order").  (D.I. 1708).

5. The General Bar Date Order expressly provides that, "any entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable bar date." General Bar Date Order, at ¶14.

6. Dr. Loftis timely filed an identical proof of claim against each of the eight Debtors (collectively, the "Proofs of Claim") in these jointly administered cases and expressly stated in the addenda thereto as follows:

> Because, at this time, Claimant is unable to locate all of the relevant loan documents, and because, inter alia, the documents that he has located (copies attached) reflect the lender's name as "American Home Mortgage", which is not included among the legal names of the Debtors as listed on the instructions to this proof of claim form, Claimant, out of an abundance of caution, asserts his Claim against each of the Debtors.  However, Claimant seeks only one satisfaction of his Claim.

Proof of Claim Addenda, at pp. 1-2.

7. Moreover, each of Dr. Loftis's Proofs of Claim expressly states as follows:

> Claimant's aggregate Claim is asserted in a priority unsecured amount of $2,425.00 pursuant to 11 U.S.C. § 507(a)(7) **plus a secured and unsecured portion in an unliquidated amount in excess of $1,186,625.00**.

Proof of Claim Addenda, at p. 3 (emphasis supplied).

8. On or about May 12, 2008, the Debtors filed their Eighth Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1 (the "Eighth Substantive Omnibus Objection"), wherein they object to all but two of Dr. Loftis's claims on grounds that, based on a review of their books and records, the Debtors have determined that six claims, designated claim numbers 8679, 8982, 8984, 9011, 9012, and 9013 (together, the "Original Subject Claims"), were filed against the wrong Debtors. Eighth Obj., at ¶¶10-11, Ex. B. (D.I. 4029). Additionally, it appears that the Debtors are seeking to reduce the asserted amount of Dr. Loftis's putative "surviving" claim(s) to $2,425.00.

9. On June 4, 2008, Dr. Loftis filed his response to the Eighth Substantive Omnibus Objection (the "Eighth Substantive Omnibus Objection Response"). (D.I. 4360). In his Eighth Substantive Omnibus Objection Response, Dr. Loftis stated, *inter alia*, that although the Debtors had purported to object to all of the Original Subject Claims, the Notice of the Objection (the "Notice") served upon Dr. Loftis stated only that the Debtors were seeking to expunge Claim No. 8679 and leave Claim No. 8678 as the "surviving" claim.

10. The Debtors have never clarified this obvious discrepancy between the Notice and Exhibit B to the Eighth Substantive Omnibus Objection. Dr. Loftis and the Debtors have agreed to continue the hearing on the Eighth Substantive Omnibus Objection from month to month.

11. On February 23, 2009, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated

February 18, 2009 (the "Plan"). (D.I. 7042). The Plan does not provide for substantive consolidation of the Debtors' estates, but rather expressly provides, in relevant part, as follows:

> ALLOWED CLAMS AGAINST ANY ONE DEBTOR WILL BE SATISFIED SOLELY FROM THE ASSETS OF SUCH DEBTOR AND ITS ESTATE CONTRIBUTED TO THE PLAN TRUST, GIVING EFFECT TO THE STIPULATED ASSET ALLOCATION SET FORTH IN ARTICLE 6 HEREOF. NOTHING IN THE PLAN OR THE DISCLOSURE STATEMENT SHALL CONSTITUTE OR BE DEEMED TO CONSTITUTE AN ADMISSION THAT ANY ONE OF THE DEBTORS IS SUBJECT TO OR LIABLE FOR ANY CLAM AGAINST ANY OTHER DEBTOR. **A CLAIM AGAINST MULTIPLE DEBTORS CO-LIABLE ON SUCH CLAIM, TO THE EXTENT ALLOWED IN EACH DEBTOR'S CASE, WILL BE TREATED AS A SEPARATE CLAIM AGAINST EACH DEBTOR'S ESTATE FOR ALL PURPOSES (INCLUDING, BUT NOT LIMITED TO, VOTING AND DISTRIBUTION, PROVIDED, HOWEVER, THAT THERE SHALL BE ONLY A SINGLE RECOVERY ON ACCOUNT OF SUCH CLAIM AND ANY DISTRIBUTION FROM AN ESTATE ON ACCOUNT OF SUCH CLAIM SHALL TAKE INTO ACCOUNT THE LEGAL EFFECT, IF ANY, OF DISTRIBUTIONS MADE OR TO BE MADE BY OTHER ESTATES ON ACCOUNT OF SUCH CLAIM PURSUANT TO THE PLAN), AND SUCH CLAIM WILL BE ADMINISTERED AND TREATED IN THE MANNER PROVIDED IN THE PLAN. NO HOLDER OF A CLAIM AGAINST MULTIPLE DEBTORS CO-LIABLE ON SUCH CLAIM SHALL RECEIVE MORE THAN 100% OF THE ALLOWED AMOUNT OF SUCH CLAIM.**

Plan at Art. 2(B)(3), p. 24 (capitalization in original, additional emphasis supplied). (D.I. 7029).

### The Thirty-First Substantive Omnibus Objection

12. On March 6, 2009, the Debtors filed the Thirty-First Substantive Omnibus Objection, wherein they assert that, based on a review of their books and records, the Debtors have determined that one claim, designated as claim number 8983 (the "Subject Claim"), was filed against the wrong Debtor. Thirty-First Obj., at ¶11, Ex. B. Dr. Loftis understands the Subject Claim to have been asserted against Debtor American Home Mortgage Investment Corp.

13. Although clearly not the case, the Thirty-First Substantive Omnibus Objection also asserts that no unliquidated secured or unsecured claim has been asserted by Dr. Loftis and that the total amount claimed is $2,425.00, general unsecured priority status. Thirty-First Obj., at Ex. B.

14. The Debtors are proposing to leave claim number 8678 as the "surviving" claim, apparently in the reduced priority amount of $2,425.00. Dr. Loftis understands that the "surviving" claim is asserted against Debtor American Home Mortgage Corp.

15. The Thirty-First Substantive Omnibus Objection is accompanied by the Declaration of Puneet Agrawal, manager at Zolfo Cooper, LLC, the Court-approved financial advisor for the Debtors, which recounts the "[c]onsiderable resources and time [that] have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases." Agrawal Decl., at ¶2 (bracketed material supplied). Further, Mr. Agrawal declares: "The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel...." Agrawal Decl., at ¶2 , and goes on to state, somewhat tautologically, as follows:

> The Debtors have reviewed their books and records and determined that the claimants asserting the claims identified in <u>Exhibit B</u> to the Proposed Order filed identical claims against multiple Debtors. The Debtors have

> determined that these claims are duplicative of other claims that were filed against the correct Debtor. Therefore, the Debtors seek to expunge and disallow in full the Multiple Debtor Claims.

Agrawal Decl., at ¶5.

### Response to the Thirty-First Substantive Omnibus Objection

16. The Subject Claim was timely filed in accordance with the procedure instituted at the Debtors' behest. That procedure requires that, "any entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor on or before the applicable bar date." General Bar Date Order, at ¶14.

17. Where a proof of claim is executed and filed in accordance with the Bankruptcy Rules, the validity and amount of the claim is thereby established *prima facie*. Fed.R.Bankr.P. 3001(f). In that regard, the filing of a proof of claim has been likened to the filing of a complaint at the opening of a civil case. In re Simmons, 765 F.2d 547, 552 (5th Cir. 1985). In order to challenge successfully the *prima facie* validity of a proof of claim, an objector must produce evidence negating an essential allegation of the claim. In re Allegheny International, Inc., 954 F.2d 167, 173 (3d Cir. 1992). The Subject Claim establishes *prima facie* Dr. Loftis's right to payment from Debtor American Home Mortgage Investment Corp.

18. The Thirty-First Substantive Omnibus Objection and its supporting declaration fail to rebut the *prima facie* validity of the Subject Claim because a "books and records" objection is logically insufficient to resolve the legal issue of whether Debtor American Home Mortgage Investment Corp. is co-liable to Dr. Loftis. To be sure, the Plan confirmed in these cases does not provide for substantive consolidation. Rather, the Plan expressly provides as follows:

> A CLAIM AGAINST MULTIPLE DEBTORS CO-LIABLE ON SUCH CLAIM, TO THE EXTENT ALLOWED IN EACH DEBTOR'S CASE, WILL BE TREATED AS A SEPARATE CLAIM AGAINST EACH DEBTOR'S ESTATE FOR ALL PURPOSES (INCLUDING, BUT NOT LIMITED TO, VOTING AND DISTRIBUTION, PROVIDED, HOWEVER, THAT THERE SHALL BE ONLY A SINGLE RECOVERY ON ACCOUNT OF SUCH CLAIM AND ANY DISTRIBUTION FROM AN ESTATE ON ACCOUNT OF SUCH CLAIM SHALL TAKE INTO ACCOUNT THE LEGAL EFFECT, IF ANY, OF DISTRIBUTIONS MADE OR TO BE MADE BY OTHER ESTATES ON ACCOUNT OF SUCH CLAIM PURSUANT TO THE PLAN), AND SUCH CLAIM WILL BE ADMINISTERED AND TREATED IN THE MANNER PROVIDED IN THE PLAN. NO HOLDER OF A CLAIM AGAINST MULTIPLE DEBTORS CO-LIABLE ON SUCH CLAIM SHALL RECEIVE MORE THAN 100% OF THE ALLOWED AMOUNT OF SUCH CLAIM.

Plan at Art. 2(B)(3), p. 24 (capitalization in original).

19. Although expressly raised in the Plan, the declaration of Mr. Argawal fails utterly to assert any fact or legal theory relevant to the legal issue of co-liability. To the extent that Dr. Loftis reasonably believes that more than one Debtor may be liable to him for his Proofs of Claim, he should be permitted to maintain the Proofs of Claim against each such Debtor. Dr. Loftis has acknowledged from the very beginning, of course, that he is entitled to only one satisfaction of his Proofs of Claim.

20. The Debtors' conclusory assertion that based on a review of their books and records Dr. Loftis has a claim against only one Debtor, Thirty-First Objection, at Ex. B, is insufficient to rebut Dr. Loftis's right to payment as established *prima facie* by his Subject Claim. Allegheny International, 954 F.2d at 173 (the objector must produce evidence "equal in force" to the evidence submitted by the claimant); Simmons, 765 F.2d at 552 (same). Moreover, the Debtors' assertion that the Subject Claim is, "duplicative of other claims that were filed against he correct Debtor," Thirty-First Objection, at ¶5, is a legal conclusion that remains

subject to judicial determination and that is not necessarily readily determinable from a simple review of "books and records". To the extent that more than one Debtor may be co-liable on Dr. Loftis's Proofs of Claim, he should be entitled to an allowed claim against each such Debtor so long as the aggregate distribution on all of his allowed claims does not exceed 100% of the face value of the largest such claim.

21. The Objection offers no reasonable evidence to negate any essential element of the Subject Claim, much less evidence that is "equal in force" to that set forth therein. Allegheny International, 954 F.2d at 173 (the objector must produce evidence "equal in force" to the evidence submitted by the claimant); Simmons, 765 F.2d at 552 (same). Moreover, the Debtors' attempt to shift the burden of proof is improper. Accordingly, Dr. Loftis respectfully submits that the Debtors' request to have the Subject Claim disallowed should be denied.

### Request for Separate Hearing

22. As Dr. Loftis believes that significant discovery will be required to ascertain each of the Debtors' potential liability to him, he respectfully requests, pursuant to this Court's Local Rules, that the Court schedule a separate hearing for the Thirty-First Substantive Omnibus Objection and the Thirty-First Substantive Omnibus Objection Response for a date and time convenient to the Court and the parties. Del.Bankr. LR 3007-1(h).

### Reservation of Rights

23. As this Court's Local Rules require that, "[a]n Objection based on substantive grounds shall include all substantive objections to such claim...," Dr. Loftis respectfully requests that the Debtors be prohibited from raising additional substantive objections to the Proofs of Claim that are subject to the Eighth Substantive Omnibus Objection and the Thirty-First Substantive Omnibus Objection. Del.Bankr.LR 3007-1(f)(iii) (bracketed material supplied).

24. Dr. Loftis expressly reserves all of his rights and remedies, including, without limitation, (i) to take any and all discovery he deems appropriate to prepare for further proceedings in this matter, (ii) to submit additional papers to the Court in support of his Proofs of Claim, including the Subject Claim, (iii) to amend any portion of any of his claims, (iv) to assert any portion of any of his claims, whether currently known or unknown, as secured and/or as an administrative expenses of the Debtors' estates, and (v) to seek appropriate relief from this Court as Dr. Loftis, in his sole discretion, deems appropriate.

25. Additionally, Dr. Loftis expressly reserves all of his rights and remedies, including, without limitation, those he currently has or may in the future have against any other entity or person, including non-debtor American Home Mortgage Servicing, Inc., a Delaware corporation; Credit Suisse First Boston; and Select Portfolio Servicing, Inc.

## Conclusion

WHEREFORE, based on the foregoing, Dr. Loftis respectfully requests that this Honorable Court enter an Order (i) sustaining the Thirty-First Substantive Omnibus Objection Response, (ii) denying the Thirty-First Substantive Omnibus Objection, (iii) allowing each of his Proofs of Claim, including the Subject Claim, in full, and (iv) granting to Dr. Loftis such other and further relief as the Court deems just and proper.

Dated: March 30, 2009
      Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON** LLC

*/s/ E.E. Allinson III*
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
zallinson@sha-llc.com
*Attorneys for Norman Loftis*

## **CERTIFICATE OF SERVICE**

I, Elihu E. Allinson, III, do hereby certify I am not less than 18 years of age and that on this 30th day of March 2009, I caused a copy of the within *Response of Norman Loftis to Debtors' Thirty-First Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* to be served upon the parties listed below via First Class U.S. Mail postage pre-paid.

James L. Patton, Jr., Esq.
Pauline K. Morgan, Esq.
Edward J. Kosmowski, Esq.
Margaret B. Whiteman-Greecher, Esq.
Nathan D. Grow, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Under penalty of perjury, I declare the foregoing to be true and correct.

March 30, 2009                                         */s/ Elihu E. Allinson, III*
Date                                                            Elihu E. Allinson, III