IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    : Jointly Administered
    Debtors.                                        :
                                                    : **Re: D.I. 7058**
                                                    :
---------------------------------------------------------------- x

## LIMITED OBJECTION OF THE DEBTORS TO THE MOTION OF CITIFINANCIAL SERVICES, INC. FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "Debtors"), hereby file this limited objection (the "Objection") to the *Motion of CitiFinancial Services, Inc. for Relief from Stay Under Section 362 of the Bankruptcy Code* [Docket No. 7058] (the "Motion"), and in support thereof respectfully state as follows:

### BACKGROUND

1.    By the Motion, CitiFinancial Services, Inc. ("CitiFinancial") requests relief from the automatic stay, pursuant to section 362 of the title 11 of the United States Code (the "Bankruptcy Code") to continue pending litigation (the "California Litigation") in the Superior Court for the State of California relating to real property located in Irvine, California (the "Property"). Pursuant to the Motion and complaint in the California Litigation, CitiFinancial was a victim of fraud, whereby a purported owner of the Property misrepresented to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

CitiFinancial that it's security interest would be afforded first priority status.  In fact, the security interest relating to a loan provided by American Home Mortgage Corp. d/b/a American Brokers Conduit (the "ABC Loan") in the principal amount of $487,500.00 has first priority status.  By the California Litigation, CitiFinancial seeks, among other things, to quiet title and declaratory relief providing that CitiFinancial's interest in the property is superior to the Debtors' lien.

2.     Upon reviewing their books and records, the Debtors have determined that the ABC Loan was sold on March 30, 2007 to the AHMIT 2007-1 securitization trust.  Upon information and belief, the ABC Loan remains with AHMIT 2007-1 and is being serviced by American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. ("AHMSI").

**LIMITED OBJECTION**

3.     The purpose of the automatic stay provided under 11 U.S.C. § 362 is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor."  *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991), *quoting St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982), *as quoted in In re Rexene Products, Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

4.     Section 362(d)(1) permits the Court to grant relief from the automatic stay "for cause."  11 U.S.C. § 362.  The movant has the initial burden to produce evidence that cause exists to grant relief from the automatic stay.  *See In re Rexene Products, Co.*, 141 B.R. at 577.  If the movant has met its initial burden to establish a prima facie case that "cause" exists to lift the automatic stay pursuant to section 362(d), the party opposing such relief then has the burden on all issues other than the debtor's equity in the property.  *Id., see also* 11 U.S.C. § 362(g).

Courts determining whether cause exists have generally used a three-part balancing test: (1) whether allowing relief will result in any great prejudice to the debtor; (2) whether maintaining the stay will cause any hardship to the non-bankrupt party and whether this hardship is greater than the resulting prejudice to the debtor; and (3) whether the non-bankrupt party has a probability of prevailing on the merits of the litigation. *See In re Rexene Products Co.*, 141 B.R. at 576. The most important factor to consider when addressing whether to lift the automatic stay is the effect on the administration of the Debtors' chapter 11 cases. *See In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984); *In re Penn-Dixie Industries, Inc.*, 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980).

5.     Since the Debtors sold the ABC Loan to AHMIT 2007-1, the Debtors no longer have any interest in the Property. Accordingly, the Debtors believe that the California Litigation should be pursued against AHMIT 2007-1 as the real party in interest, and object to the relief requested by the Motion to the extent the California Litigation seeks to force the Debtors defend themselves in litigation to which they have no interest. Such relief would require the Debtors to unnecessarily expend time and limited resources in a jurisdiction far away from their home offices and this Court where the Debtors are currently focusing on fulfilling the requirements to make the Plan become effective.

6.     However, it is unclear by the Motion whether the Debtors are specifically named on the mortgage relating to the ABC Loan and, thus, potentially are a necessary party to quiet title. To the extent they are a necessary party to quiet title, the Debtors do not oppose the relief requested for the sole purpose of the including the Debtors as a nominal defendant in the California Litigation. Should this limited relief be granted, CitiFinancial should also include AHMIT 2007-1 and AHMSI as defendants in the California Litigation.

**RESERVATION OF RIGHTS**

7. The Debtors have not fully investigated the facts and allegations set forth in the Motion or complaint in the California Litigation. Accordingly, this Objection should not be construed to be an admission by the Debtors of any statement or allegation made therein. The Debtors explicitly reserve all rights with respect to the California Litigation, including, but not limited to, any and all defenses and counterclaims.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court deny the Motion with prejudice and providing for any other and further relief as it deems just and proper.

Dated: Wilmington, Delaware
March 30, 2009

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*