UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br><br>Response Deadline: March 30, 2009 at 4:00 p.m. (ET)<br>Hearing Date: April 6, 2009 at 2:00 p.m. (ET)<br><br>Re: Docket Ref. No. 7084 |

**RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3003 AND 3007 AND LOCAL RULE 3007-1**

The undersigned, counsel for Lead Plaintiffs (the "Lead Plaintiffs") in the securities fraud class action entitled *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) (the "Securities Litigation"), pending in the United States District Court for the Eastern District of New York (the "District Court"), hereby submits this response (the "Response") to the Debtors' thirty-first omnibus Objection[1] and states the following:

## BACKGROUND

1. On January 11, 2008, the Institutional Investor Group ("IIG") filed Proof of Claim No. 8620 on behalf of a putative class (the "Class") of persons who purchased or otherwise acquired common or preferred shares of stock of American Home Mortgage Investment Corp. ("AHMIC"), one of the Debtors herein. At that time, IIG's motion for appointment as lead plaintiff in the eighteen (18) putative securities class actions was pending in the District Court. Because the District Court had not yet appointed a lead plaintiff, IIG filed the Proof of Claim on behalf of the putative Class to preserve the rights of the putative Class in light of the then impending claims bar date (the "Bar Date").

---

[1] Capitalized terms shall have the meanings ascribed to them in Objection unless defined otherwise herein.

21214/2
03/30/2009 11174842.1

2.  In addition, order to preserve the rights of certain members of the putative Class, individual proofs of claim were filed by the following:

| Claim No. | Claimant |
|---|---|
| 8619 | Alaska Laborers Employees Retirement Fund |
| 8618 | City of Philadelphia Board of Pensions & Retirement |
| 8614 | Greenberg, Elliot |
| 8613 | Hafron, Joshua F. |
| 8617 | Iron Workers Local No. 25 Pension Fund |
| 8616 | Iron Workers Tennessee Valley Pension Fund |
| 8612 | Massung, Larry |
| 8615 | New England Teamsters & Trucking Industry Pension Fund |

3.  On March 19, 2008, the District Court appointed the Teachers' Retirement System of Oklahoma and Oklahoma Police Pension and Retirement System as Lead Plaintiffs in the Securities Litigation.

4.  On September 22, 2008, Lead Plaintiffs filed an amended Proof of Claim on behalf of the Class, amending Claim No. 8620 filed by IIG, solely to reflect the name of the District Court-appointed Lead Plaintiffs. The amended Proof of Claim was assigned Claim No. 10551.[2]

5.  Claim Nos. 8612 through 8620 and Claim No. 10551 are collectively the "Claims".

6.  Each of the Claims arises from the purchase by the respective Claimant or the putative Class of certain securities of AHMIC. The grounds for each of the Claims against the Debtors and asserted or to be asserted against non-Debtor defendants in the Securities Litigation (the "Non-Debtor Defendants") are for damages based upon violations of federal securities laws,

---

[2] The Claims Register maintained by the Debtors' Claims Agent does not reflect that Claim No. 8620 was amended (*see* Exhibit A annexed hereto).

including Sections 10(a) and 20(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933.

## THE CLAIM OBJECTION

7. On March 6, 2009, the Debtors filed the Thirty-First Omnibus (Substantive) Objection to Claims seeking, *inter alia*, to subordinate those claims (defined as Equity Fraud Claims in the Objection and listed on Exhibit J to the Proposed Order) pursuant to 11 U.S.C. § 510(b) and in accordance with the Debtors' confirmed Plan. *See* Objection, ¶ 20-22.

8. Exhibit J to the Proposed Order includes Claim Nos. 8612 through 8620, but not the amended Class Proof of Claim, No. 10551. However, for purposes of this Response, amended Proof of Claim No. 10551 should be deemed included and Lead Plaintiffs respectfully request that any Order entered with respect to the relief requested in the Objection, but only as modified by this Response, be deemed applicable to Claim No. 10551.[3]

## RESPONSE

9. Claimants, including Lead Plaintiffs, do not dispute that their respective Claims are subject to subordination under 11 U.S.C. § 510(b), as such Claims are claims for damages arising from the purchase or sale of securities of AHMIC, and shall have whatever priorities, if any, that statute and the Plan (to the extent consistent with Section 510(b)) provide.

10. Claimants, including Lead Plaintiffs, will consent to entry of an order subordinating their respective Claims in accordance with 11 U.S.C. § 510(b) and the Plan, solely with respect to their Claims against the Debtors, provided that (i) any such Order shall be without prejudice to, shall not be deemed a waiver or release of and shall not impact in any way Claimants' and Lead Plaintiffs' Claims against any Non-Debtor Defendants; and (ii) the statutory subordination of the Claims in connection with any distribution in this Case shall have no impact on the rights of Lead Plaintiffs and the purported Class and its members to the proceeds of any available directors and officers liability insurance covering the Claims, including the Class Claim, as amended.

---

[3] Lead Plaintiffs reserve their right to respond to a separate objection to Claim No. 10551 on these or any grounds.

-4-

WHEREFORE, the undersigned, on behalf of the Claimants and Lead Plaintiffs, respectfully requests that to the extent the Court allows the Objection, any Order entered incorporates the language substantially similar to that contained in paragraph 10, *supra*.

Dated: March 30, 2009
Wilmington, Delaware

CROSS & SIMON LLC

By: /s/ CPS
Christopher P. Simon (Bar No. 3967)
913 North Market St., 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)
csimon@crosslaw.com

**LOWENSTEIN SANDLER PC**
Michael S. Etkin (ME 0570)
Ira M. Levee (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Putative Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Steven B. Singer
Avi Josefson
1285 Avenue of the Americas
New York, New York 10019
212.554.1400 (Telephone)
212.554.1444 (Facsimile)

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
Jeffrey C. Block
Kathleen M. Donovan-Maher
Autumn W. Smith
One Liberty Square
Boston, Massachusetts 02109
617.542.8300 (Telephone)
617.542.1194 (Facsimile)

*Co-Lead Counsel to Lead Plaintiffs and the
   Putative Class*