March 23, 2009

Honorable Christopher S. Sontchi
United States Bankruptcy Court for District of Delaware
824 Market Street
5th Floor, courtroom no 6
Wilmington, De 19801



Young, Conaway Stargatt & Taylor, LLP
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Subject: Objection to plan to expunge claim number 7833, case no. 07-11047 (CSS)

Dear Sirs:

This letter is being filed in objection to your plan to expunge claim #7833 filed via short letter included with proof of claim 01/05/2008.  Since I am neither a lawyer nor financial expert, I object to this being classified as a fraud claim since I have neither the knowledge nor expertise to claim fraud.  I simply feel that American Home Mortgage (AHM) acted improperly via my last (of three) stock purchases. I can only give the questionable timeline of my last purchase as follows:

 Date

06/15/07  - Reduced dividend of $.70 declared (just a 38% reduction)

07/06/07  - Seeing the dividend declaration, sometime thereafter (perhaps a week or more)
            I purchased an additional 1000 shares at $17.48

07/28/07 - AHM dividend delay announced (the dividend had actually been posted to my
            account then later withdrawn)

08/07/07  - AHM filed Chapter 11.

I make no claims on my first two purchases totaling 2000 shares but feel AHM was less than honest on the above.  To me it's inconceivable that a large financial company would declare a large dividend with only a 38% decrease, just a month before pulling the dividend and starting bankruptcy proceedings.  This after all was a financial company surely they were aware of their financial weakness long before the dividend declaration.

Creditors fell they have first claim on any assets yet they had the expertise, resources and rational to assess AHM's financial situation and take corrective action long before the bankruptcy filing.  The average small investor such as myself lack the above resources and knowledge, therefore must rely on the actions and statements of the company.  When the dividend was announced I felt AHM was solvent and purchased the last increment.

While creditors may legally receive preference over stockholders, I feel the questionable actions of AHM in the June-July period of 2007 should be a consideration when allocating disbursements.  When we view the questionable decisions and lack of oversight made by the banking and financials institutions country-wide during the past two years, I question why debtors who allowed this to happen and had the fiduciary duty to monitor their loans should now go to the front of the line in securing redress.

I would ask that the court which after all is the final word would consider the small investor who have been hit so hard (AHM represented almost 10% of my total assets) by the unsound actions taken by these lending institutions.


Respectfully,

Donald Imwold
1109 Longbrook Road
Lutherville, Md 21093

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | **Case No. 07-11047 (CSS)** |
| HOLDINGS, INC., Delaware corporation, <u>et al.</u>, | ) | |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |
| | ) | **Response Deadline: March 30, 2009 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: April 6, 2009 at 2:00 p.m. (ET)** |
| | ) | |

AHM OB31 3/6/2009 (merge2.txnum2) 4000100188 EPIQ Use - 191

IMWOLD, DONALD J.
1109 LONGBROOK ROAD
LUTHERVILLE, MD 21093

## NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO:  IMWOLD, DONALD J.
1109 LONGBROOK ROAD
LUTHERVILLE, MD 21093

**Basis For Objection:**  Equity Fraud Claim

| | Claim Number | Claim Amount |
|---|---|---|
| **Claim to be Expunged** | 7833 | Unspecified |

    The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the Debtors' Thirty-First (Substantive) **Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the** "<u>Objection</u>"), a copy of which is attached hereto. The Debtors hereby object to your claim listed above in the "Claim to be Expunged" row because this claim alleges fraud, misstatements or other securities violations arising out of the purchase or sale of securities. Pursuant to section 510 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and the provisions of the Debtors' confirmed plan of liquidation [Docket No. 7029] (the "<u>Plan</u>"), your claim is subordinated in right of payment to other claims against the Debtors. Through the Objection, the Debtors seek an order from the Court finding that your claim is a Subordinated Claim (as that term is defined in the Plan) and is therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

    Responses to the Objection, if any, must be filed on or before March 30, 2009 at 4:00 p.m. (ET) (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

    A HEARING ON THE OBJECTION WILL BE HELD ON APRIL 6, 2009 AT 2:00 P.M. (ET) BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

    IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 6, 2009
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession