IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    : Jointly Administered
        Debtors.                                    :
                                                    : Re: D.I. 7097
                                                    :
---------------------------------------------------------------- x

### LIMITED OBJECTION OF THE DEBTORS TO THE MOTION OF BAYVIEW LOAN SERVICING, LLC FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "Debtors"), hereby file this limited objection (the "Objection") to the *Motion for Relief from Stay* [Docket No. 7097] (the "Motion"), filed by Bayview Loan Servicing, LLC ("Bayview"), and in support thereof respectfully state as follows:

### BACKGROUND

1.  By the Motion, Bayview requests relief from the automatic stay, pursuant to section 362 of the title 11 of the United States Code (the "Bankruptcy Code") to file a complaint against one or more of the Debtors in connection with a boundary dispute related to a property located on Meansville Road, Union, South Carolina ("Property A"). Bayview claims that it is a holder of a perfected secured claim against Property A and that American Home Mortgage Holdings, Inc. ("AHM Holdings") is listed as a lienholder for a lot adjacent to the Property A

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

("Property B"). Upon review of their books and records, the Debtors have determined that AHM Holdings transferred its interest in Property B to the AHMIT 2006-3 securitization trust on December 28, 2006. Upon information and belief, the loan related to Property B remains with AHMIT 2006-3 and is being serviced by American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. ("AHMSI").

## LIMITED OBJECTION

2. The purpose of the automatic stay provided under 11 U.S.C. § 362 is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991), *quoting St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982), *as quoted in In re Rexene Products, Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

3. Section 362(d)(1) permits the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. The movant has the initial burden to produce evidence that cause exists to grant relief from the automatic stay. *See In re Rexene Products, Co.*, 141 B.R. at 577. If the movant has met its initial burden to establish a prima facie case that "cause" exists to lift the automatic stay pursuant to section 362(d), the party opposing such relief then has the burden on all issues other than the debtor's equity in the property. *Id., see also* 11 U.S.C. § 362(g). Courts determining whether cause exists have generally used a three-part balancing test: (1) whether allowing relief will result in any great prejudice to the debtor; (2) whether maintaining the stay will cause any hardship to the non-bankrupt party and whether this hardship is greater than the resulting prejudice to the debtor; and (3) whether the non-bankrupt party has a

probability of prevailing on the merits of the litigation. *See In re Rexene Products Co.*, 141 B.R. at 576. The most important factor to consider when addressing whether to lift the automatic stay is the effect on the administration of the Debtors' chapter 11 cases. *See In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984); *In re Penn-Dixie Industries, Inc.*, 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980).

    4.    Since Holdings transferred its interest in Property B to AHMIT 2006-3, the Debtors no longer have any interest in the Property. Accordingly, the Debtors believe that any complaint filed by Bayview should be alleged against AHMIT 2006-3 as the real party in interest. The Debtors' object to the relief requested by the Motion to the extent that Bayview seeks to force the Debtors defend themselves in litigation in which they have no interest. Such relief would require the Debtors to unnecessarily expend time and limited resources, presumably in a jurisdiction far away from their home offices and this Court where the Debtors are currently focusing on fulfilling the requirements to make the Plan become effective.

## **RESERVATION OF RIGHTS**

    5.    The Debtors have not fully investigated the facts and allegations set forth in the Motion. Accordingly, this Objection should not be construed to be an admission by the Debtors of any statement or allegation made therein. The Debtors explicitly reserve all rights with respect to the border dispute referenced in the Motion, including, but not limited to, any and all defenses and counterclaims.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the Motion with prejudice and providing for any other and further relief as it deems just and proper.

Dated: Wilmington, Delaware  
March 30, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

Sean M. Beach (No. 4070)  
Margaret Whiteman Greecher (No. 4652)  
Nathan D. Grow (No. 5014)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*