IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                          :    Case No. 07-11047-CSS
                                                :
**AMERICAN HOME MORTGAGE,**                     :    Chapter 11
**HOLDINGS, INC.,** *et al,*                    :    Jointly Administered
                                                :
                                                :    **Response Deadline: March 30, 2009 at 4:00 pm**
                Debtors.                        :    **Hearing Date: April 6, 2009 at 2:00 pm**
---------------------------------------------------------x

### OBJECTION OF BP KINGSTOWNE OFFICE BUILDING K LLC TO DEBTORS' THIRTIETH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1
(Related Items 7083, 510, 779, 6182 and 6281)

BP Kingstowne Office Building K LLC ("BP Kingstowne"), through the undersigned counsel, hereby objects to the Debtors' Thirtieth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection to Claims"), and respectfully states as follows:

1.  On or about August 6, 2007 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  As of the Petition Date, debtor American Home Mortgage Corp. (the "Debtor") and BP Kingstowne were parties to a certain office lease (the "Lease") in which the Debtor leased approximately 3,877 rentable square feet of non-residential real property in the building having an address of 5911 Kingstowne Village Parkway, Suite 130, in Kingstowne, Virginia (the "Premises") from BP Kingstowne.

3.  On or about August 30, 2007, the Debtors filed a motion (D.I. 510) (the "Motion to Reject") for authority to reject certain unexpired leases for non-residential real property,

including the Lease, and to abandon certain furniture, fixtures and equipment ("FF&E") on the subject premises. BP Kingstowne raised an informal objection to the Motion to Reject.

4. By order dated September 18, 2007 (D.I. 779), the Motion to Reject was granted an effective date of rejection was established as August 31, 2007. The Debtor did not remove all of the FF&E from the Premises by this effective date of rejection.

5. On or about January 10, 2008, BP Kingstowne filed a proof of claim (Claim No. 8485) asserting, *inter alia*, a general unsecured claim for damages arising out of the breach/rejection of the Lease.

6. On or about March 15, 2008, the Debtor removed the remaining FF&E from the Premises.

7. On or about October 3, 2008, the Debtor and BP Kingstowne entered into a Stipulation (D.I. 6182) regarding the surrender of the Premises and abandonment of the FF&E on the Premises. Under this Stipulation, the Debtor agreed to pay pro rata rent under the Lease for the period of time between the Petition Date and the date on which the FF&E were removed for the Premises. The total amount of pro rata rent due under the Stipulation was $78,841.92 (the "Pro-Rata Rent").

8. The Stipulation was approved by Order entered on October 10, 2008 (D.I. 6281).

9. On or about October 20, 2008, the Debtor paid BP Kingstowne the Pro-Rata Rent pursuant to the Stipulation.

10. On or about March 6, 2009, the Debtor filed the Objection to Claims in which the Debtor objects to Claim No. 8485. The stated basis for the objection is as follows:

> <u>Per Debtors' books and records, amount due paid on 10/20/2008.</u>

Objection to Claims, Exhibit F.

**Argument**

11. The objection should be overruled with respect to Claim No. 8485 because (1) the Debtor has failed to meet its burden to overcome the presumption of validity of the Claim and (2) the payment made by the Debtor on or about October 20, 2008 was not on account of the Claim.

12. The timely-filed Claim is presumptively valid and the Objection to Claim has done nothing to overcome this validity. The Debtor has failed to provide evidence of payment on the Claim. For this reason alone, the Objection to Claims should be overruled as to Claim No. 8485.

13. Moreover, the record in this case reflects that only payment referenced by the Debtor in the objection to Claim No. 8485 was based on a claim for post-petition, pro-rata rent for the period during which the Debtor continued to use and occupy the Premises after the effective date of rejection, as set forth in the Stipulation. This claim is distinguishable for a general unsecured claim for damages arising out of the breach/rejection of a lease, as limited by Section 365(d)(2) of the Bankruptcy Code.

For these reasons, BP Kingstowne respectfully requests that the Court deny the Objections to Claims with respect to Claim No. 8485.

Dated: March 30, 2009

**FLASTER/GREENBERG P.C.**

_____
William J. Burnett, Esq. (ID No. 4078)
901 Market Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919

and

J. David Folds, Esq.
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Tel: (202) 496-7436
Fax: (202) 496-7756

Counsel to BP Kingstowne Office Building K LP