IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :    Jointly Administered
     Debtors.                                                   :
                                                                :    **Ref. Dkt. Nos. 547, 7042, and 7047**
---------------------------------------------------------------- x

### ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR THE REVIEW OF PROFESSIONAL CLAIMS

The Bankruptcy Court having entered (i) the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code* [D.I. 547] (the "Interim Compensation Order"), (ii) the *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* [D.I. 7042] (the "Plan Confirmation Order"), and (iii) the *Order Directing Appointment of Fee Examiner* [D.I. 7047] (the "Fee Examiner Order"); and the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and Stephen D. Sass (the "Plan Trustee"), having conferred pursuant to the Fee Examiner Order and submitted a proposal regarding the appointment of a fee examiner and the establishment of related procedures (the "Review Procedures") concerning the fee examiner's review of the Professional Claims[1]; and the Bankruptcy Court having concluded that appointment of the fee examiner and establishment of the Review Procedures in accordance with this Order is in the best interests of the Debtors' estates, creditors, and all parties in interest; and it appearing that (a) the Bankruptcy Court has subject-matter jurisdiction over this matter

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan Confirmation Order or, if not defined therein, in the *Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* [D.I. 7029].

1

pursuant to 11 U.S.C. §§ 1334 and 157 and (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

**NOW, THEREFORE, it is hereby ORDERED as follows:**

1. <u>Appointment of Fee Examiner.</u> M. Jacob Renick is hereby appointed and shall be employed as the fee examiner (the "<u>Fee Examiner</u>") to act as special consultant to the Bankruptcy Court in these cases for professional fee and expense review and analysis, as described in this Order. The Fee Examiner shall file a verified statement in accordance with Bankruptcy Rule 2014(a) and Local Rule 2014-1 within ten (10) business days from the date of entry of this Order.

2. <u>Scope of Order.</u> This Order applies to Claims of Professionals or other Persons requesting compensation and/or reimbursement of expenses pursuant to any of §§ 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered on or before the Confirmation Date, including any compensation requested by any Professional or any other Person for making a substantial contribution in the Chapter 11 Cases, <u>but excluding</u> any Claims of Professionals retained pursuant to the Bankruptcy Court's *Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business* Nunc Pro Tunc *to the Petition Date* [D.I. 643] (as subsequently amended, the "<u>OCP Order</u>") that are not subject to the Interim Compensation Order. The parties subject to the terms of this Order are referred to herein as "<u>Applicants</u>," and requests for payment of fees and expenses subject to the terms of this Order are referred to herein as "<u>Fee Applications</u>."

3. <u>Purpose of Order.</u> The Bankruptcy Court has determined that, in conjunction with the appointment of the Fee Examiner, it is necessary to establish uniform

procedures for the review, allowance, and payment of fees and expenses of Applicants and to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[2]

4. <u>Effect on Interim Compensation Procedures.</u> The Interim Compensation Order shall remain in full force and effect to the extent not expressly modified herein.

5. <u>Duties of Fee Examiner and Related Procedures.</u>

(a) The Fee Examiner shall review interim monthly, quarterly, and final Fee Applications filed from and after the date of entry of this Order solely to the extent of any fees and expenses not previously approved by the Bankruptcy Court on an interim basis after notice and a hearing (hereinafter, "<u>Unreviewed Fees/Expenses</u>").

(b) During the course of its review and examination, the Fee Examiner shall consult with each Applicant concerning any Unreviewed Fees/Expenses if the Fee Examiner notes any areas of concern regarding reasonable, actual and necessary fees and expenses.

(c) During the course of its review, the Fee Examiner may review any documents filed in the Chapter 11 Cases to the extent necessary to fulfill its duties hereunder. The Fee Examiner shall be deemed to have filed a request for notice of papers under Bankruptcy Rule 2002 in these cases. The Fee Examiner shall be served with all papers relating in any way to the Fee Applications.

(d) On or prior to (i) the objection deadline for any interim monthly or quarterly Fee Application filed pursuant to the Interim Compensation Order, or (ii) forty-five

---

[2] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996.

(45) days after the Professional Claims Bar Date with respect to a final Fee Application filed in accordance with paragraph 47 of the Confirmation Order, as applicable, the Fee Examiner shall communicate in writing to the Applicant concerning the Fee Examiner's initial findings regarding any Unreviewed Fees/Expenses in such Fee Application (the "Fee Report"). The Fee Report shall be in a format designed to recommend to the Bankruptcy Court whether the Unreviewed Fees/Expenses meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2 and any other applicable law. A Fee Report timely provided to an Applicant in response to a Fee Application shall constitute a timely filed objection for purposes of the Interim Compensation Order. In the event that the Applicant and Fee Examiner are unable to resolve any issues identified in the Fee Report within twenty (20) days after the date of such Fee Report, the Applicant may either (i) file the Fee Report and a response thereto with the Bankruptcy Court, together with a request for payment of the Incremental Amount (as defined in the Interim Compensation Order) to be heard at the next interim hearing or the final fee hearing, or (ii) defer payment of the Incremental Amount until the next interim fee hearing or the final hearing in order to continue discussions with the Fee Examiner. The deadlines herein relating to Fee Reports and responses thereto may be extended by agreement of the Fee Examiner and the Applicant.

       (e)     The Fee Examiner and all Applicants shall use best efforts to have the undisputed portion of any Fee Application allowed by the Bankruptcy Court and paid as soon as reasonably practicable, even if the Incremental Amount remains disputed and subject to the procedures set forth above.

       6.     <u>Fees and Expenses of the Fee Examiner.</u> The Debtors or the Plan Trustee, as applicable, shall pay the reasonable fees and expenses of the Fee Examiner in the ordinary

course of business, and such reasonable fees and expenses will not be subject to Bankruptcy Court approval. The compensation of the Fee Examiner for its services in accordance with this Order shall be at the ordinary hourly rates of the Fee Examiner (and those other persons employed by the Fee Examiner's firm) for services of this nature and shall not include any contingency or success fee. A copy of the Fee Examiner's engagement agreement identifying rates to be charged shall be attached to the Verified Statement and shall be subject to Bankruptcy Court approval in the event an objection to the engagement agreement is filed by any party in interest. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e).

7. **Statutory Rights and Obligations of Interested Parties Unaffected.** This Order does not limit the statutory rights or obligations of interested parties in these cases.

8. **Service of Order.** Counsel for the Debtors shall promptly serve a copy of this Order upon each of the Applicants retained in these cases and shall file a certificate of service upon completion of such service.

9. **Effect of Order.** This Order hall be effective immediately as of the date hereof and shall remain in effect unless and until the Court orders otherwise. Nothing contained in this Order shall be interpreted or construed so as to prejudice the rights of any Applicant to submit a Fee Application for reimbursement of any fees and expenses incurred as a result of the defense of any Fee Application, which right to such reimbursement shall be adjudicated in accordance with applicable law, or to impair any defense thereto.

10. **Power of the Court.** The Bankruptcy Court shall retain the authority to modify this Order after notice and a hearing. The Bankruptcy Court shall retain the ultimate

authority and responsibility to determine whether the fees and expenses requested in these cases are properly allowed.

Dated: ~~March ___, 2009~~ 4/1/09

*(signature)*
Christopher S. Sontchi
United States Bankruptcy Judge