# EXHIBIT A

## SALE PROCEDURES ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x    Chapter 11
In re:                                                       :
                                                             :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,¹             :    Jointly Administered
                                                             :
       Debtors.                                              :
                                                             :
                                                             :
------------------------------------------------------------ x    Ref. Docket No. _____
```

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING PROCEDURES FOR THE SALE OF ALL SHARES OF AMERICAN HOME BANK STOCK OWNED BY AMERICAN HOME MORTGAGE HOLDINGS, INC.; (B) APPROVING BREAK-UP FEE FOR THE BANCORP, INC.; (C) SCHEDULING A HEARING TO CONSIDER THE SALE OF THE SHARES; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")² of American Home Mortgage

Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries, as debtors and

debtors in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to

sections 105(a), 363 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code")

and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of an order (a) approving the sale procedures substantially in the

form annexed hereto as Exhibit 1 (the "Sale Procedures") in connection with the Debtors'

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Unless otherwise indicated, all capitalized terms used herein shall have the meaning ascribed to them in the Motion or the Sale Procedures.

solicitation of higher or better bids than the bid reflected in the Stock Purchase Agreement dated as of April 1, 2009 (the "SPA") by and among The Bancorp, Inc. (the "Purchaser"), American Home Mortgage Holdings, Inc. ("AHM Holdings") and American Home Bank, a federal savings association organized under the laws of the United States of America (the "Bank"); (b) approving the Break-Up Fee for the Purchaser under the SPA; (c) directing that a notice be given of the Sale, the SPA and the Auction, substantially in the form annexed hereto as Exhibit 2 (the "Sale Notice"); and (d) granting related relief; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT:**

   A.  The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

   B.  Due and proper notice of the Motion was provided as set forth in the Motion, and no other or further notice need be provided.

   C.  The Sale Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

   D.  The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Break-Up Fee under the circumstances set forth in the SPA and the Motion.

E.      The Break-Up Fee are fair and reasonable, and were negotiated by the parties in good faith and at arm's length.

F.      The Debtor's payment of the Break-Up Fee to the Purchaser, as set forth in the SPA, is (i) an actual and necessary cost and expense of preserving the Debtors' bankruptcy estates, within the meaning of section 503(b) of the Bankruptcy Code, (ii) of substantial benefit to the Debtors' estates, (iii) reasonable and appropriate, including in light of the size, complexity and nature of the Sale and the efforts that have been and will be expended by the Purchaser even though the proposed Sale to the Purchaser is subject to higher or better offers, and (iv) necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Shares.

G.      The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as provided herein.

2.      All objections to the Motion or to the relief provided herein that have not been withdrawn, waived, or settled, are hereby overruled and denied on the merits.

3.      The Break-Up Fee as set forth in the SPA are approved.

4.      The Sale Procedures, substantially in the form annexed hereto as Exhibit 1, are hereby incorporated herein as if set forth fully herein, are approved and shall apply with respect to the Sale.

5.      The deadline for submitting bids by a Qualified Bidder (the "Bid Deadline") shall be **May 8, 2009 at 4:00 PM (prevailing Eastern Time)**.

6.      AHM Holdings may sell its Shares of the Bank by conducting an auction (the "Auction") in accordance with the Sale Procedures.

DB02:6848654.3                                                                          066585.1001

7.      The Auction, if any, shall take place on **May 12, 2009 at 10:00 a.m.**
**(prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West
Street, 17th Floor, Wilmington, Delaware 19899, or such later time and place as the Debtors may
provide so long as such change is communicated reasonably in advance by the Debtors to all
Qualified Bidders that submitted Qualified Bids, counsel to the Committee, and other invitees.

8.      A Qualified Bidder that desires to make a bid shall comply with the
requirements set forth in the Sale Procedures for making such bid.

9.      A hearing (the "Sale Hearing") to consider the Sale to the Successful
Bidder shall be held before this Court on **May 15, 2009 at 1:00 p.m. (prevailing Eastern**
**Time)**, or as soon thereafter as the parties may be heard.

10.     The Sale Notice is hereby approved.  On or before three (3) business days
after the entry of this Sale Procedures Order, the Debtors will serve copies of the Sale Notice, the
SPA, the Sale Procedures Order, and the proposed form of Sale Approval Order by first class
mail, postage prepaid, to (a) all entities known to have expressed a bona fide interest in acquiring
the Shares; (b) counsel to the Bank of America, N.A., as administrative agent; (c) counsel to the
Committee; (d) counsel to the Purchaser; (e) the Office of the United States Trustee for the
District of Delaware; (f) the Office of Thrift Supervision; (g) the Federal Deposit Insurance
Corporation; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission;
(j) all parties who are known to possess or assert a secured claim; and (k) all parties that have
requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the entry of this Sale
Procedures Order.

11.     Not later than three (3) business days after entry of this Sale Procedures
Order, the Debtors will serve copies of the Sale Notice by first class mail, postage prepaid to all

4

known creditors of the Debtors.

12.    Not later than five (5) business days after entry of this Sale Procedures Order, the Debtors will publish the Sale Notice in the national edition of the *Wall Street Journal*.

13.    Notice, as described herein, shall constitute good and sufficient notice of the Auction, the Sale, the Sale Hearing, the SPA and the proposed Sale Approval Order (as such term is defined in the SPA).

14.    Objections, if any, to the Sale and the entry of any order approving the Sale (including the Sale Approval Order) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 PM (prevailing Eastern Time) on May 8, 2009, or such later date as the Debtors may agree and (d) be served so as to actually be received no later than 4:00 (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.:  Carlo Colagiacomo, Esq.); (ii) Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes); (iii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.:  Craig Grear and Sean M. Beach) and Cadwalader, Wickersham & Taft, LLP, One World Financial Center, New York, New York 10281 (Attn.: Lou Bevilacqua and Jeffrey Weissmann, counsel to the Debtors; (iv) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.:  Gene Weil and John J. Nelligan); (v) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Mark Indelicato, Mark Power and Don Grubman), counsel to the Committee; and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware  (Attn: Joseph

McMahon, Esq.).

       15.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than the announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for such hearing.

       16.    As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

       17.    The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or enforcement of this Order.

Dated: _____, 2009
      Wilmington, Delaware

                                  _____
                                  Christopher S. Sontchi
                                  United States Bankruptcy Judge

                                     

## **EXHIBIT 1**

### **SALE PROCEDURES**

# SALE PROCEDURES

Set forth below are the procedures (the "Sale Procedures") through which the debtors and debtors in possession in the chapter 11 bankruptcy cases styled as Case No. 07-11047 (CSS) (collectively, the "Debtors")[1] are authorized to conduct an auction for the sale (the "Sale") subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of all of the shares of common stock (the "Shares") of American Home Bank, a federal savings association organized under the laws of the United States of America (the "Bank") owned by its sole shareholder American Home Mortgage Holdings, Inc. ("AHM Holdings"), pursuant to terms substantially in the form of that certain Stock Purchase Agreement dated as of April 1, 2009 (the "SPA") by and among The Bancorp, Inc. (the "Purchaser"), AHM Holdings and the Bank, a copy of which is on file with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and is available to interested parties by contacting Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn:  Craig Grear, Esq.), counsel to the Debtors.  These Sale Procedures have been approved by the Bankruptcy Court pursuant to an order dated [_____] [D.I. •] (the "Sale Procedures Order").

## Participation Requirements

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person, other than the Purchaser, interested in the acquisition of the Shares (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel (copies of which the Debtors shall provide to counsel for the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Committee")):

(a)    An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

(b)    The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of the Sale, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and (y) the written commitment acceptable to the Debtors of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with the Sale.  In the event that a Potential Bidder is unable to provide Financials, the Debtors may accept such other information sufficient to demonstrate to the satisfaction of the Debtors that such Potential Bidder has the financial wherewithal to consummate the Sale.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate and perform obligations in connection with the Sale and that the Debtors, in consultation with the Committee, determine is reasonably likely to make a bona fide offer that may lead to a higher or otherwise better value than the value being received for the benefit of the Debtors' creditors under the SPA.  The Debtors, in consultation with the Committee, will promptly advise the Potential Bidder in writing of the Debtors' determination whether or not the Potential Bidder is a Qualified Bidder.  For purposes of these Sale Procedures, the Purchaser shall be deemed a Qualified Bidder.

**Obtaining Due Diligence Access**

The Debtors shall provide each Qualified Bidder reasonable due diligence information as requested.  Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment.  The due diligence period will end on the Bid Deadline (as such term is defined below).

In connection with providing information to parties interested in acquiring the Shares, the Debtors shall not furnish any confidential information relating to the Debtors, the Bank, the Shares, or the Sale to any person except a Qualified Bidder and the Committee.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be May 8, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder (other than Purchaser) that desires to make a bid shall deliver written copies of its bid (each, a "Bid") to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.:  Carlo Colagiacomo, Esq.); (ii) Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes); (iii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.:  Craig Grear and Sean Beach) and Cadwalader, Wickersham & Taft, LLP, One World Financial Center, New York, New York 10281 (Attn.:  Lou Bevilacqua and Jeffrey Weissmann), counsel to the Debtors; (iv) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.:  Gene Weil and John J. Nelligan); and (v) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn:  Mark Indelicato, Mark Power and Don Grubman), counsel to the Committee.

> ***Bids may also be submitted by email, on or prior to the Bid
> Deadline, to each of the following:***
> **Carlo.Colagiacomo@americanhm.com;
> knystrom@zolfocooper.com; bfernandes@zolfocooper.com;
> cgrear@ycst.com; sbeach@ycst.com;
> louis.bevilacqua@cwt.com; Jeffrey.weissmann@cwt.com;
> gweil@milestonecap.com; jnelligan@milestonecap.com;
> mpower@hahnhessen.com; mindelicato@hahnhessen.com;
> and dgrubman@hahnhessen.com.**

## Due Diligence From Bidders

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation with the Committee, to determine that a bid made by such Qualified Bidder is not a Qualified Bid.

## Bid Requirements

A Bid (other than the SPA) must be a written irrevocable offer from a Qualified Bidder and:

1.      State that the Qualified Bidder offers to consummate the Sale pursuant to an agreement that has been marked to show amendments and modifications to the SPA, including price and terms, that are being proposed by the Qualified Bidder, as applicable, (the "Marked Purchase Agreement");

2.      The value of such Bid must be higher or otherwise better, as determined by the Debtors in consultation with the Committee, than the value of (i) the Purchase Price (as defined in the SPA), (ii) the amount of the Break-Up Fee (as defined in the SPA) which, for purposes of determining this calculation, shall be deemed to equal $400,000, and (iii) $500,000;

3.      Attach a proposed business plan for the Bank that, in the Debtors' discretion after consultation with the Committee, is likely to be accepted by the Office of Thrift Supervision (the "OTS");

4.      Confirm that the offer shall remain open and irrevocable until the entry of a final non-appealable order by the Bankruptcy Court approving the Sale to the Successful Bidder;

5.      Enclose a copy of the proposed Marked Purchase Agreement;

6.      Be accompanied with a certified or bank check or wire transfer in an amount equal to $1 million as a minimum good faith deposit (the "Minimum Deposit"),

which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the Bid;

7.    Be on terms that are not materially more burdensome to the Debtors or conditional than the terms of the SPA;

8.    Not be conditioned on obtaining financing or the outcome of any due diligence by the Qualified Bidder;

9.    Not request or entitle the Qualified Bidder to any break-up fee or similar type of payment; and

10.   Fully disclose the identity of each entity that will be bidding for the Shares or otherwise participating in connection with such Bid, and the complete terms of any such participation.

A Bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee, that such Bid would be consummated if selected as a Successful Bid (as defined herein).  Notwithstanding anything herein to the contrary, the SPA submitted by Purchaser shall be deemed a Qualified Bid, which shall remain open and irrevocable until the closing of the Sale to the Successful Bidder.

After the Bid Deadline, and after consulting with the Committee, the Debtors shall determine which Qualified Bid represents the then-highest or otherwise best bid (the "Initial Bid").  Prior to the commencement of the Auction, the Debtors shall distribute copies of the Initial Bid to each Qualified Bidder.

## Auction

If the Debtors receive a Qualified Bid from a Qualified Bidder (other than the SPA) by the Bid Deadline, an auction (the "Auction") with respect to the Sale will take place on **May 12, 2009 at 10:00 a.m. (prevailing Eastern Time)** (the "Auction Date") at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, or such later time and place as the Debtors may provide so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders, and other invitees. If, however, no such Qualified Bid other than the SPA is received by the Bid Deadline, the Auction will be deemed canceled, the SPA will be deemed the Successful Bid, and the Debtors will seek authority from the Bankruptcy Court to consummate the Sale contemplated by the SPA.

If an Auction is held, the following rules for its conduct (the "Auction Rules") shall be observed:

1.    Only a Qualified Bidder who has submitted a Qualified Bid by the Bid Deadline will be eligible to participate at the Auction.  Only the authorized representatives of the Qualified Bidders that submitted a Qualified Bid, the Committee and the Debtors shall be permitted to attend the Auction.

2.    At the Auction, Qualified Bidders will be permitted to increase their Qualified Bids. The bidding at the Auction shall start at the value of the highest or otherwise best Initial Bid, as determined by the Debtors in consultation with the Committee, and then continue in value increments of at least $250,000. The Debtors, in consultation with the Committee, reserve the right to increase or decrease the bid increment at their discretion.

3.    Each Qualified Bidder will be permitted a fair, but limited, amount of time (no more than one half hour, unless otherwise agreed by the Debtors in consultation with the Committee) to respond to the previous bid at the Auction. Bidding at the Auction will continue until such time as the highest or otherwise best offer is determined in accordance with these Sale Procedures.

4.    The Debtors will, from time to time, in an open forum, advise Qualified Bidders participating in the Auction of the then highest or otherwise best bid(s).

5.    The Auction may be adjourned by the Debtors, in consultation with the Committee. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee and other invited parties.

6.    Immediately prior to concluding the Auction, the Debtors, in consultation with the Committee, shall (a) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale process and the best interests of the Debtors' estates and creditors; (b) determine and identify the highest or otherwise best Qualified Bid (the "Successful Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"); and (c) have the right to reject any and all bids.

7.    Within one business day of the completion of the Auction, the Successful Bidder shall complete and execute all agreements, instruments, or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing (as defined below), at which certain findings may be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Shares and is in the best interests of the Debtors and their creditors.

If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction and (ii) definitive documentation has been executed in respect thereof. Such acceptance is conditioned upon

approval by the Bankruptcy Court of the Successful Bid and the entry of an Order approving such Successful Bid.

## Sale Hearing

A hearing to consider approval of the Sale to the Successful Bidder (or to approve the SPA if no Auction is held) will take place on **May 15, 2009 at 1:00 p.m. (prevailing Eastern Time)** before the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801 (the "Sale Hearing").

## Return of Minimum Deposit

Except as otherwise provided in this paragraph with respect to any Successful Bidder, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within three (3) business days after entry of a final non-appealable order approving the Sale by the Bankruptcy Court. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale and applied in accordance with the Successful Bid.

## Reservation of Rights

The Debtors in consultation with the Committee reserve the right as they may reasonably determine to be in the best interests of their estates and creditors to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or otherwise best bid, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures, the Sale Procedures Order or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtors and their estates; (v) determine whether the business plan for the Bank proposed by a Qualified Bidder is likely to be acceptable to the OTS; (vi) waive terms and conditions set forth herein with respect to all potential bidders, (vii) impose additional terms and conditions with respect to all potential bidders, (viii) extend the deadlines set forth herein, (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Sale Motion at any time with or without prejudice.

**EXHIBIT 2**

**SALE NOTICE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
```
|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et | : |
| al., | : Jointly Administered |
|  | : |
| Debtors. | : |
```
------------------------------------------------------------x
```

## NOTICE OF AUCTION AND SALE HEARING

     **PLEASE TAKE NOTICE** that on _____, 2009, the above-captioned debtors and debtors in possession (the "Debtors"),[1] filed the Motion of the Debtors for Orders: (a)(i) Approving Sale Procedures with Respect to the Sale of the Shares of American Home Bank Stock, Including Auction Protections for The Bancorp, Inc., (ii) Scheduling a Hearing to Consider the Sale of Such Shares, (iii) Approving the form and Manner of Notice Thereof, and (iv) Granting Related Relief; and (b)(i) Authorizing the Sale of the Shares of American Home Bank Stock Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (ii) Authorizing and Approving Proposed Stock Purchase Agreement, and (iii) Granting Related Relief (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

     **PLEASE TAKE FURTHER NOTICE** that the sale procedures (the "Sale Procedures") have been approved by the Bankruptcy Court pursuant to an order dated [_____] [D.I. •] (the "Sale Procedures Order"). Pursuant to the Sale Procedures Order, the Debtors are authorized to conduct an auction for the sale (the "Sale") subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of all of the shares of common stock (the "Shares") of American Home Bank, a federal savings association organized under the laws of the United States of America (the "Bank") owned by its sole shareholder American Home Mortgage Holdings, Inc. ("AHM Holdings"), pursuant to terms substantially in the form of that certain Stock Purchase Agreement dated as of April 1, 2009 (the "SPA") by and among The Bancorp, Inc. (the "Purchaser"), AHM Holdings and the Bank, a copy of which is on file with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and is available to interested parties by contacting Young Conaway Stargatt & Taylor,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Craig Grear, Esq.), counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Sale Procedures Order, an auction (the "Auction") with respect to the Sale shall take place on **May 12, 2009, 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801. Only parties that have submitted a Qualified Bid (as defined in the Sale Procedures attached to the Sale Procedures Order) by no later than **May 8, 2009 at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline") may participate in the Auction. Any party that wishes to take part in this process and submit a bid for the Shares must submit their competing bid prior to Bid Deadline and in accordance with the Sale Procedures.

**PLEASE TAKE FURTHER NOTICE** that the Court also scheduled a hearing to consider approval of the sale of the Shares to the Successful Bidder (as defined in the Sale Procedures), before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801-3024 on **May 15, 2009 at 1:00 p.m. (prevailing Eastern Time)**, or at such other time thereafter as counsel may be heard (the "Sale Hearing"). The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 p.m. (prevailing Eastern Time) on May 8, 2009**, or such later date and time as the Debtors may agree and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Carlo Colagiacomo, Esq.); (ii) Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes); (iii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Craig Grear and Sean M. Beach) and Cadwalader, Wickersham & Taft, LLP, One World Financial Center, New York, New York 10281 (Attn.: Lou Bevilacqua and Jeffrey Weissmann, counsel to the Debtors; (iv) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Gene Weil and John J. Nelligan); (v) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Mark Indelicato, Mark Power and Don Grubman), counsel to the Committee; and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware (Attn: Joseph McMahon, Esq.).

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Sale Hearing is subject to the full terms and conditions of the Sale Motion, the Sale Procedures Order and the Sale Procedures, which shall control in the event of any conflict and the Debtors encourage parties in interest to review such documents in their entirety. Copies of the Sale Motion, the SPA, the Sale Procedures and/or the Sale Procedures Order may be obtained by written request to counsel to the Debtors, c/o Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attention: Debbie Laskin. In addition,

copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801.

Dated:     Wilmington, Delaware          YOUNG CONAWAY STARGATT & TAYLOR, LLP
           _____, 2009

                                          _____
                                          James L. Patton, Jr. (No. 2202)
                                          Robert S. Brady (No. 2847)
                                          Sean M. Beach (No. 4070)
                                          The Brandywine Building
                                          1000 West Street, 17th Floor
                                          Wilmington, Delaware 19801
                                          Telephone: (302) 571-6600
                                          Facsimile: (302) 571-1253

                                          Counsel for Debtors and Debtors in Possession