# EXHIBIT B

# SALE APPROVAL ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x  Chapter 11
In re:                                                         :
                                                               :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                         :
HOLDINGS, INC., a Delaware corporation, et al.,                :  Joint Administered
                                                               :
                                   Debtors.                    :  **Ref. Docket No.:**_____
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 363, 503(b), 507 AND 1146(a) OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING THE SALE OF ALL SHARES OF AMERICAN HOME BANK STOCK OWNED BY AMERICAN HOME MORTGAGE HOLDINGS, INC. FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING STOCK PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc. ("AHM Holdings" or "Parent") and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors-in-possession in the above cases (collectively, the "Debtors")[2], pursuant to sections 105(a), 363, 365, 503, 507 and 1146(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order: (i) authorizing the sale of all of the issued and outstanding shares (the "Shares") of capital stock of American Home Bank, a federal savings association organized under the laws of the United States (the "Bank") owned by AHM Holdings free and clear of liens, claims

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the SPA (as defined herein) or the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak

encumbrances, and other interests, (ii) authorizing and approving that certain Stock Purchase Agreement dated as of April 1, 2009, by and among The Bancorp, Inc. (the "Purchaser" or "Successful Bidder"), AHM Holdings and the Bank, substantially in the form attached hereto as Exhibit 1 (the "SPA"), and (iii) granting related relief; and the Court having entered the Sale Procedures Order on _____, 2009 [D.I.___], which, *inter alia*, approved the Sale Procedures and notice of the Sale and the Sale Hearing and scheduled the Auction and the Sale Hearing; and the Court having reviewed and considered (a) the Motion, (b) the objections thereto, if any, and (c) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing, including that the Debtors have entered into the SPA with the Successful Bidder, and the Court having determined that the remaining relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and the remainder of the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:[3]

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

B.    The Court has jurisdiction over this Motion and the transactions contemplated by the SPA pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

C.  The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code, and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014.

D.  As evidenced by the affidavits of service and publication previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) due, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Auction, the SPA and the Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014, and in compliance with the Sale Procedures Order to each party entitled thereto, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the SPA or the Auction is or shall be required.

E.  As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors have marketed the Shares and conducted the sale process in compliance with the Sale Procedures Order and the Auction was duly noticed.

F.  The Auction was fair in substance and procedure.

G.  The Debtors (i) have full corporate power and authority to execute the SPA and all other documents contemplated thereby, and the Sale of the Shares by the Debtors has been duly and validly authorized by all necessary corporate action, (ii) have all of the corporate power and authority necessary to consummate the transaction contemplated by the SPA, (iii) have taken all corporate action necessary to authorize and approve the SPA and the consummation of the transaction contemplated thereby, and (iv) require no consents or approvals, other than those expressly provided for in the SPA, to consummate such transaction.

H.  The issuance, transfer or exchange of the Shares, or the making or delivery of an instrument of transfer pursuant to the Sale, this Order and the SPA are being implemented and authorized under the Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of February 18, 2009 (the "Plan"), which Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009, and the Debtors have demonstrated (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code in that, among other things, absent the Sale the value of the Debtors' estates will be harmed.

I.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (a) all entities known to have expressed a bona fide interest in acquiring the Shares; (b) counsel to the Bank of America, N.A., as administrative agent; (c) counsel to the Committee; (d) counsel to the Purchaser; (e) the Office of the United States Trustee for the District of Delaware; (f) the Office of Thrift Supervision; (g) the Federal Deposit Insurance Corporation; (h) the Internal Revenue Service; (i) the U.S. Securities and Exchange Commission; (j) all parties who are known to possess or assert a claim against, or interest in, the Shares; and (k) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the entry of this Sale Procedures Order.

J.  The SPA was negotiated, proposed and entered into by the Debtors and the Successful Bidder without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor the Successful Bidder have engaged in any conduct that would cause or permit the SPA or Sale to be avoided under section 363(n) of the Bankruptcy Code.

K. The Successful Bidder is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

L. The Successful Bidder is not an "insider" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

M. The consideration provided by the Successful Bidder for the Shares pursuant to the SPA (i) is fair and reasonable, (ii) is the highest and/or best offer for the Shares, and (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practical available alternative.

N. The Sale must be approved and consummated promptly in order to preserve the value of the Shares.

O. As of the closing of the transactions contemplated by the SPA and pursuant to the terms of the SPA, the transfer of the Shares to the Successful Bidder will be a legal, valid, and effective transfer of the Shares, and will vest the Successful Bidder with all right, title, and interest of the Debtors to the Shares free and clear of all interests, including, but not limited to those (A) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtors' or the Successful Bidder's interest in the Shares, or any similar rights, (B) relating to taxes arising under or out of, in connection with, or in any way relating to the Shares prior to the Closing Date, and (C)(i) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal or charges or any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, and (ii) all debts arising in any way in connection with any agreements, acts, or failures to act, of the Debtors or any of the Debtors'

5

predecessors or affiliates, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guaranties, options, rights contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, claims otherwise arising under doctrines of successor liability to the extent permitted by law (collectively, the "Liens and Interests").

P.   The Successful Bidder would not have entered into the SPA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the Sale of the Shares to the Successful Bidder was not free and clear of all Liens and Interests of any kind or nature whatsoever, or if the Successful Bidder would, or in the future could, be liable for any of the Liens and Interests.

Q.   The Debtors may sell all of their Shares free and clear of all Liens and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied, subject to the terms and conditions of this Order. Those holders of Liens and Interests who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens and Interests who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens and Interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest.

R.   The Successful Bidder is not a successor to the Debtors or their bankruptcy estates by reason of any theory of law or equity, and the Successful Bidder shall not

assume or in any way be responsible for any liability or obligation of the Debtors and/or their bankruptcy estates, except as otherwise expressly provided in the SPA.

S. The Court finds that good, adequate and sufficient cause exists to waive the ten-day stay of orders authorizing the sale for use of a Debtors' property under Fed. R. Bankr. P. 6004(h).

T. Approval of the SPA and consummation of the Sale of the Shares at this time are in the best interests of the Debtors, their creditors, their estates and other parties in interest and are an exercise of the Debtors' sound business judgment.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted, as further described herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

## APPROVAL OF THE AGREEMENT

3. The SPA substantially in the form attached hereto, including all of the terms and conditions thereof, is hereby approved.

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to perform their obligations under and comply with the terms of the SPA, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the SPA.

5. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the SPA, together with all additional instruments, documents, and

agreements that may be reasonably necessary or desirable to implement the SPA, and to take all further actions as may be requested by the Successful Bidder the purpose of assigning, transferring, granting, conveying and conferring to the Successful Bidder or reducing to possession, the Shares, or as may be necessary or appropriate to the performance of the obligations as contemplated by the SPA.

6. This Order and the SPA shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, all successors and assigns of the Successful Bidder, the Debtors, and any subsequent trustee appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection.

7. The SPA and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court; provided, that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

## **TRANSFER OF SHARES**

8. Except as expressly permitted or otherwise specifically provided for in the SPA or this Order, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Shares shall be transferred to the Successful Bidder, and upon consummation of the SPA (the "Closing"), shall be free and clear of all Liens and Interests of any kind or nature whatsoever.

9. All such Liens and Interests of any kind or nature whatsoever shall attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Shares, subject to any claims and defenses the Debtors may possess with respect thereto.

10. Except as expressly permitted or otherwise specifically provided by the SPA or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, parties to executory contracts, customers, lenders, trade and other creditors, holding Liens and Interests of any kind or nature whatsoever against or in the Debtors or the Shares (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Shares, the operation of the Debtors businesses prior to the Closing, or the transfer of the Shares to the Successful Bidder, hereby are forever barred, estopped, and permanently enjoined from asserting against the Successful Bidder, its successors or assigns, its property, or the Shares, such persons' or entities' Liens and Interests.

11. Transfer of the Shares to the Successful Bidder pursuant to the SPA shall constitute a legal, valid, and effective transfer of the Shares, and shall vest the Successful Bidder with all right, title, and interest of the Debtors in and to the Shares free and clear of all Liens and Interests of any kind or nature whatsoever.

12. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and Interests in the Shares shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Interests which the person or entity has with respect to the Debtors or the Shares or otherwise, then (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Shares and (b) the Successful Bidder is hereby authorized to file, register, or

otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and Interests in the Shares of any kind or nature whatsoever.

## **ADDITIONAL PROVISIONS**

13. The consideration provided by the Successful Bidder for the Shares under the SPA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

14. Effective upon the Closing, the Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their Liens and Interests in the Shares, if any, as such Liens and Interests may have been recorded or may otherwise exist.

15. This Order shall be effective as a determination that, on the Closing, all Liens and Interests of any kind or nature whatsoever existing as to the Debtors or the Shares prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected.

16. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the SPA, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, and retains jurisdiction over any disputes with respect thereto.

17. Notwithstanding anything in this Order or the SPA, the Debtors and the Successful Bidder acknowledge that following the Closing, the Debtors, their successors or assigns, or the Committee or a trustee appointed under either Chapter 11 or 7 of the Bankruptcy Code may need access to the books and records, information or other documents in the control or

possession of the Successful Bidder for the purposes of concluding the Debtors' bankruptcy proceedings (the "Bankruptcy Cases"). Accordingly, the Successful Bidder agrees that until the Bankruptcy Cases are closed, it shall make reasonably available to the Debtors, their representatives, agents, professionals, successors or assigns; the Committee and its professionals; or a trustee appointed under either Chapter 11 or 7 of the Bankruptcy Code and at the expense of the requesting party, such books and records, information and documents as may be available relating to the Shares for periods prior and subsequent to the Closing to the extent necessary to facilitate concluding the Bankruptcy Cases, audits, compliance with governmental requirements and regulations, and the prosecution or defense of claims or other causes of action retained by the Debtors or a statutory committee or trustee appointed under either Chapter 11 or 7 of the Bankruptcy Code.

18. The issuance, transfer or exchange of the Shares, or the making or delivery of an instrument of transfer pursuant to the Sale, this Order and the SPA are being implemented and authorized under the confirmed Plan and, pursuant to 1146(a) of the Bankruptcy Code, may not be taxed under any law imposing a stamp tax or similar tax.

19. The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Order and execute any and all documents necessary to implement the Sale to the Successful Bidder.

20. As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

21. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

                                          Christopher S. Sontchi
                                          United States Bankruptcy Judge