**AHMSI**
American Home Mortgage Servicing, at a higher power.

P.O. Box 631730
Irving, TX 75063-1730

Case # 07-11050 (CCS)

FILED 2009 APR -3 AM 11:00
CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

February 27, 2009

Laura M Rawlings
2348 W Impala Ave
Mesa, AZ 85202-

Re: American Home Mortgage Servicing, Inc.    Loan No.: 0031431232
Borrower Name: Laura M Rawlings
Property Address: 22345 E Via Del Palo, Queen Creek AZ 85242

Dear Laura M Rawlings :

This letter agreement ("Agreement") will confirm that American Home Mortgage Servicing, Inc., ("AHMSI") and Borrowers hereby agree to a short payoff of their Loan, subject to the following terms and conditions:

1. The net proceeds to AHMSI from the sale of the Property must not be less than $109,316.00.

2. The Net Proceeds are calculated based on a total Property sales price of $115,000.00. If the actual Property sales price is more than the Total Sales Price, all additional funds over the Total Sales Price shall be paid to AHMSI at closing. The broker's commission should not exceed 5%, based on the actual property sales price.

3. No more than $00.00. out of the Total Sales Price shall be paid to any junior lien holder.

4. No portion of the Total Sales Price shall be payable to the Borrowers or rebated to the purchaser of the Property.

5. The difference between the Total Sales Price and the combined amount paid to AHMSI and any junior lien holder(s) shall be applied to the Borrowers' portion of the closing costs and the real estate sales commission relating to the sale of the Property. Any amount remaining shall be paid to AHMSI at closing.

6. Any funds held in Borrowers' escrow/impound account and/or any insurance claim proceeds relating to the Loan will be considered the property of AHMSI and will be applied toward AHMSI's loss, with any excess going to junior lien holder.

Page 1 of 3



P.O. Box 631730
Irving, TX 75063-1730

7. The Net Proceeds (plus any additional amounts due AHMSI under the terms of this Agreement) must be "Wired" to AHMSI's offices by no later than 03/31/09, pursuant to the instructions appearing below. If funds are not received in accordance with the terms of this Agreement by such date, per diem interest of $.00 will accrue each day until the Net Proceeds (plus any accrued per diem interest) are received at AHMSI's offices. If funds are not received at AHMSI by 03/31/09, this Agreement shall be nullified and of no force or effect. The short payoff offer as set forth in this Agreement will expire if a signed original of this Agreement is not received at AHMSI's offices by 03/31/09.

8. A copy of the final HUD1 Settlement Statement relating to the sale of the subject property, signed by both sellers (Borrowers) and buyer, must simultaneously be faxed to AHMSI at 1-866-452-1837 and mailed to our corporate offices at 4600 Regent Blvd. Suite 200 Irving, TX 75063-1730. If such HUD1 Settlement Statement, signed by both seller and buyer, is not simultaneously faxed to AHMSI and mailed to our corporate offices, or should the dollar amounts and distribution of loan proceeds on the HUD1 Settlement Statement fail to reflect the terms of this Agreement, the Net Proceeds check will be returned to the closing agent and this Agreement shall be nullified and or no force or effect.

9. Upon Borrower's compliance with all of the terms and conditions of this Agreement, and upon clearing of any Net Proceeds "Funds", AHMSI will prepare and submit for recording through its normal channels a release of the mortgage or deed of trust that secures the Loan.

10. The Borrowers understand that any principal balance on the Loan that is written off as a result of this Agreement, will be subject by law to any applicable legal reporting requirements promulgated by the IRS, which could, mean that the borrower is subject to the receipt of a 1099C.

If any of the terms of this Agreement are changed without prior written consent of AHMSI, this Agreement becomes null and void in its entirety.

Please "Wire" funds to AHMSI as follows:

> Account Number 099-0526
> ABA Number 043 000 261
> Receiving Bank: Mellon Bank Pittsburg, PA
> Borrower Name/Loan Number



**AHMSI**
AMERICAN HOME MORTGAGE
Servicing
at a higher power

P.O. Box 631730
Irving, TX 75063-1730

If you have any further questions regarding the matter, please contact the undersigned, using our toll free number, 877-304-3100 43324.

American Home Mortgage Servicing Inc.:

By: _____
Printed Name: Samantha Mai
Its: _____

Borrowers:

Laura Rawlings  3/21/09
Laura M Rawlings

Below is a synopsis of how American Home Mortgage Servicing (AHMSI) handled our request for loan modification and eventual short sale. This does not change the agreement above:

- On 2/25/08, I sent a letter to AHMSI requesting help in getting out of the Option ARM loan on this property. The cost of the loan was $261,000.
- On 4/3/08, I received a letter from AHMSI to go to www.americanhm.com and download their loss mitigation package.
- On 05/8/08, the completed loss mitigation package was sent to AHMSI. In this packet, I included a letter to AHMSI advising of the circumstance of the loan and that I had a buyer who was willing to buy the house for $240,000. I received no response.
- On 9/26/08, I sent a letter to AHMSI advising them that that same buyer would buy the house for $160,000. I received no response.
- In 10/08 or 11/08, I retained a realtor to work on a short sale on the house since I was getting no cooperation from AHMSI.
- On 2/27/09, AHMSI provided me with an agreement to sign stating that the net proceeds of the sale of the house is $109,316. Attached to this agreement is an agreement between Triad Guaranty (mortgage insurance company) and AHMSI advising that the offer on the house is $115,000 and the net proceeds of the house is $107,316 (difference of $2,000 that AHMSI will reimburse Triad).
- On 3/8/09, I sent the AHMSI agreement to Matt Stewart (my negotiator on the short sale) with the revisions I wanted added to the agreement.
- On 3/18/09, Matt advised me that he had tried to reach the negotiator from AHMSI for two weeks regarding my revisions but could get no response.
- On 3/19/09, I signed the AHMSI agreement and included the following language after my signature: Laura Rawlings (on behalf of David Rawlings) (on behalf of the attached addendum to this agreement). *This signature is null and void without the attached addendum. I included a check for $2,000 made out to $2,000 with the following wording on the back: Deposit of this check reflects the following: Payment is made in full to AHMSI. No further funds are due to Triad Guaranty. All funds due are the responsibility of David Rawlings. Whoever accepts these funds acknowledge the above and agrees to the above. I attached a signed and notarized agreement by David Rawlings acknowledging that he is responsible for any further funds owed on this property.
- On 3/19/09, I sent all signed documents for closing, the above-referenced agreement, and the above-referenced check to Lawyers Title for closing. The buyers signed all documents.
- On 3/20/09, I was advised by Lawyers Title that AHMSI would not accept the check with the verbiage on the back and would not accept the agreement with the wording added.
- On 3/21/09, I went to my bank and got a cashier's check for $2,000 and signed the agreement, adding this synopsis.

CC: United States Bankruptcy Court


▲Triad Guaranty
Insurance

February 27, 2009

SAMANTHA MAI
AMERICAN HOME MORTGAGE
4600 REGENT BLVD SUITE 200
IRVING, TX  75063

Re: Certificate : 06-44912
    Loan#:       0031431232
    Borrower:    Rawlings Laura
    Property:    22345 East Via Del Palo
                 Queen Creek, AZ  85242

Dear SAMANTHAMAI :

Thank you for your workout request. Triad Guaranty Insurance Corporation ("Triad Guaranty") will participate in a sale of the above referenced property as submitted for review. This approval is predicated on the completion of the following conditions:

The mortgagor(s) shall forfeit all funds currently held in the escrow account and any anticipated insurance refunds due. These funds will be shown as a credit on the claim for loss submitted to Triad Guaranty.

No funds may be dispersed to the mortgagor(s) of this loan from the sale of this property or any other entity not disclosed and approved by Triad Guaranty. The mortgagor(s) are to net zero from the sale of this property.

The closing is to take place on or before 03/31/2009. Interest will be limited on the claim for loss to the actual closing date of the property sale or the anticipated sale date approved by Triad Guaranty, whichever shall occur first. Any delays in closing must first be approved by Triad Guaranty.

The offer presented is  $115,000.00. The net proceeds from this sale are to be no less than  $107,316.00. All contract negotiations are the responsibility of the servicer and/or investor of this loan. Any changes to the values presented in this letter are to be approved by Triad Guaranty prior to closing. The claim for loss will be calculated utilizing the greater of actual net proceeds or those approved by Triad Guaranty. In no event shall Triad Guaranty's participation in this sale exceed the contracutal obligation for this certificate.

The mortgagor shall participate in the sale of this property by:

   Making a one-time cash settlement in the amount of  $2,000.00. This participation is over and above the net proceeds amount required. These funds are to be retained by the servicer and will be deducted from the final settlement issued by Triad Guaranty.

Any and all funds contributed by the mortgagor shall be applied towards the payoff of this debt and utilized in calculation of the claim for loss.

Approved, pending QA review.

The foreclosure process should not be delayed or suspended during the short sale process unless first approved by Triad Guaranty. In the event the short sale closing cannot occur prior to a scheduled foreclosure sale you should notify Triad Guaranty for approval to postpone the sale.

Your coverage under this Certificate of Insurance is  25%. Triad Guaranty will participate the maximum contractual obligation required under this certificate of insurance. In no event will Triad Guaranty be liable for any amount in excess of our contractual liability. Be advised only expenses allowed under the master policy will be allowed on the claim for loss submitted. Should you wish to recoup any expenses outside those allowable, these funds should be directly requested from the mortgagor(s).

Within sixty days of the closing date of this sale you must forward your claim for loss to Triad Guaranty at the letterhead address along with a copy of the final settlement statement and a copy of the proceeds check or wire for request for benefits. Any participation funds required by Triad Guaranty or the investor will be retained by you and deducted from the final settlement of your claim for loss.

This offer in no way constitutes any admission by Triad Guaranty of liability under the master policy with

Triad Guaranty Insurance Corporation
101 South Stratford Road, Winston-Salem, NC 27104
336-723-1282/800-451-4872
(Fax) 336-723-1001/(Email) Loss-Management@tgic.com

CLML0011



February 27, 2009

respect to the above referenced certificate of insurance and is subject to Triad Guaranty's determination of liability. Triad Guaranty is unable to determine if all provisions of the master policy have been complied with until our review of the claim for loss has been completed.

Should you have any further questions please do not hesitate to give me a call at (800) 451-4872, extension 7003.

Sincerely,
Loss Management Department
TRIAD GUARANTY INSURANCE CORPORATION

Brian Fre

Below is a synopsis of how American Home Mortgage Servicing (AHMSI) handled our request for loan modification and eventual short sale. This does not change the agreement above:

- On 2/25/08, I sent a letter to AHMSI requesting help in getting out of the Option ARM loan on this property. The cost of the loan was $261,000.
- On 4/3/08, I received a letter from AHMSI to go to www.americanhm.com and download their loss mitigation package.
- On 05/8/08, the completed loss mitigation package was sent to AHMSI. In this packet, I included a letter to AHMSI advising of the circumstance of the loan and that I had a buyer who was willing to buy the house for $240,000. I received no response.
- On 9/26/08, I sent a letter to AHMSI advising them that that same buyer would buy the house for $160,000. I received no response.
- In 10/08 or 11/08, I retained a realtor to work on a short sale on the house since I was getting no cooperation from AHMSI.
- On 2/27/09, AHMSI provided me with an agreement to sign stating that the net proceeds of the sale of the house is $109,316. Attached to this agreement is an agreement between Triad Guaranty (mortgage insurance company) and AHMSI advising that the offer on the house is $115,000 and the net proceeds of the house is $107,316 (difference of $2,000 that AHMSI will reimburse Triad).
- On 3/8/09, I sent the AHMSI agreement to Matt Stewart (my negotiator on the short sale) with the revisions I wanted added to the agreement.
- On 3/18/09, Matt advised me that he had tried to reach the negotiator from AHMSI for two weeks regarding my revisions but could get no response.
- On 3/19/ 09, I signed the AHMSI agreement and included the following language after my signature: Laura Rawlings (on behalf of David Rawlings) (on behalf of the attached addendum to this agreement). *This signature is null and void without the attached addendum. I included a check for $2,000 made out to $2,000 with the following wording on the back: Deposit of this check reflects the following: Payment is made in full to AHMSI. No further funds are due to Triad Guaranty. All funds due are the responsibility of David Rawlings. Whoever accepts these funds acknowledge the above and agrees to the above. I attached a signed and notarized agreement by David Rawlings acknowledging that he is responsible for any further funds owed on this property.
- On 3/19/09, I sent all signed documents for closing, the above-referenced agreement, and the above-referenced check to Lawyers Title for closing. The buyers signed all documents.
- On 3/20/09, I was advised by Lawyers Title that AHMSI would not accept the check with the verbiage on the back and would not accept the agreement with the wording added.
- On 3/21/09, I went to my bank and got a cashier's check for $2,000 and signed the agreement, adding this synopsis.

Triad Guaranty Insurance Corporation
101 South Stratford Road, Winston-Salem, NC 27104
336-723-1282/800-451-4872
(Fax) 336-723-1001/(Email) Loss-Management@tgic.com

CLMIL0911