# Exhibit A

(Relevant Portions of the Sale Order)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 :
---------------------------------------------------------------- x  Docket Ref: 11, 674, 865 & 937

**ORDER PURSUANT TO SECTIONS 105, 363, 364, 365, AND 503(b) OF THE BANKRUPTCY CODE, AND RULES 2002, 4001, 6004, 6006, 7062, 9007, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING (i) THE SALE OF THE DEBTORS' MORTGAGE SERVICING BUSINESS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (ii) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO, AND (B) GRANTING CERTAIN RELATED RELIEF**

This matter coming on to be heard on the Emergency Motion of the Debtors for Orders: (A) (i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used In the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B) (i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief **[Docket No. 11]** (the "Servicing Sale Motion") and the subsequent Motion of the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

30-day period set forth above shall be forever barred from asserting a Transfer Cost Claim. All Setoff Claims (as defined *infra*) with respect to any Assumed Contract must be filed by the Counterparty to such Assumed Contract and served within thirty (30) days of the entry of this Order. Any Person who does not file and serve a Setoff Claim within such 30-day period shall be forever barred from asserting a Setoff Claim.

35. The Initial Cure Amount and the Interim Cure Amount (together with all amounts payable in respect of Transfer Cost Claims and Setoff Claims, the "Sellers' Cure Amount") shall constitute all amounts owed, if any, with respect to defaults relating to the Assumed Contracts relating to acts or omissions that occurred prior to the Initial Closing; provided, however, that the maximum amount of the Sellers' Cure Amount shall be $10,000,000; and provided, further, that all payments on account of and related to the Sellers' Cure Amount shall be limited to and satisfied from the Cure Escrow; and provided, further, that the Debtors, the Committee and the Administrative Agent shall have the right to object to any Sellers' Cure Amount, including, but not limited to, those asserted by any Certain Objector (as designated on Schedule I to this Order) and such Sellers' Cure Amount shall be deemed disputed and may only be allowed pursuant to further Order of the Court. In the event an objection to a Sellers' Cure Amount is filed by the Debtors, the Committee or the Administrative Agent, the procedures for resolving such Sellers' Cure Amount shall be established by a further Order of the Court. In the event the undisputed or allowed Sellers' Cure Amount with respect to all Assumed Contracts exceeds the funds available in the Cure Escrow for the payment thereof (which in no event shall exceed $10,000,000), the right of a Counterparty to an Assumed Contract to assert a general unsecured claim against the Debtors (but not against the Purchaser) with respect to the difference

between the pro rata Sellers' Cure Amount paid by the Debtors to such Counterparty and the allowed Sellers' Cure Amount with respect to such Assumed Contract is preserved.

36. Subject to the APA, the Purchaser shall fund and be liable to the Debtors for all amounts owed, if any, with respect to defaults arising under the Assumed Contracts with respect to acts or omissions occurring during the period from the Initial Closing until the Final Closing (the "Purchaser's Cure Amount"). As between the Debtors and the Counterparties to the Assumed Contracts, pursuant to the requirements of section 365(b)(1) of the Bankruptcy Code or otherwise, the Debtors are and remain liable to pay or otherwise satisfy the Sellers' Cure Amount, if any, from the Cure Escrow, and the Purchaser's Cure Amount, if any, to Counterparties under Assumed Contracts; provided, however, all payments on account of and related to the Sellers' Cure Amount shall be limited to and satisfied from the Cure Escrow and upon the Debtors' receipt of the Purchaser's Cure Amount, the Debtors shall earmark and segregate such funds. Subject to further Order of the Court, the Debtors shall promptly pay any undisputed Purchaser's Cure Amount to the respective Counterparty. Notwithstanding the foregoing and for the avoidance of doubt, the Purchaser shall, in accordance with the terms of the APA, fund and be liable to the Debtors for the Purchaser's Cure Amount. No Person shall be entitled to exercise or assert any right of setoff, recoupment or any defense that arose from any act or omission that occurred prior to the Initial Closing, against any amounts due by such Person to (a) the Sellers on and after the Initial Closing but prior to the Final Closing, or (b) the Purchaser on and after the Initial Closing. All such rights of setoff, offset and/or recoupment, to the extent established pursuant to the terms of this Order (individually a "Setoff Claim" and collectively, the "Setoff Claims"), shall (i) constitute a Sellers' Cure Amount, (ii) be paid

exclusively from the funds in the Cure Escrow, and (iii) be governed by and resolved in accordance with the procedures set forth in paragraphs 33-35 of this Order.

37. Cash shall be released from the Cure Escrow in accordance with the terms of the Cure Escrow Agreement, which are incorporated herein by reference.

38. After the establishment and funding of the Cure Escrow in accordance with the terms of this Order and the payment to a Counterparty of its applicable portion of the Sellers' Cure Amount from the Cure Escrow in accordance with the terms of this Order and the Cure Escrow Agreement, Sellers shall have no further Liability to a Counterparty with respect to such Counterparty's Assumed Contract other than Sellers' obligation to perform such duties under such Assumed Contract that arise from acts or omissions that occurred after the Initial Closing but prior to the assignment or transfer of such Assumed Contract to the Purchaser; provided, however, that after the establishment of the Cure Escrow, no Liability for any Sellers' Cure Amount may be satisfied from the Purchased Assets or Purchaser's Collateral. Other than the Purchaser's obligation with respect to the payment of the applicable Purchaser's Cure Amount, if any, to the Debtors, the Purchaser shall have no Liability to a Counterparty with respect to such Counterparty's Assumed Contract other than the Purchaser's obligation to perform such duties under such Assumed Contract that arise from acts or omissions that occurred on and after the assignment or transfer of such Assumed Contract to the Purchaser.

39. Except as otherwise provided in the APA, notwithstanding anything to the contrary herein, there shall be no rent accelerations, assignment fees, increases, or any other fees or costs charged to the Purchaser or the Sellers as a result of the assumption and assignment or transfer to the Purchaser of an Assumed Contract pursuant to the provisions of this Order, except for reasonable out of pocket costs and expenses incurred by a Counterparty as a result of such

assumption and assignment or transfer and chargeable under the Assumed Contracts (the "Transfer Costs"), which Transfer Costs, to the extent the Sellers are obligated to pay such Transfer Costs, shall be (a) to the extent allowed, paid solely out of the Cure Escrow, and (b) subject to challenge by the Debtors, the Administrative Agent and the Committee on any grounds whatsoever, including that such costs and expenses constitute an unenforceable restraint on assignment under applicable provisions of the Bankruptcy Code. To the extent a Counterparty asserts that the Sellers are liable for any unpaid Transfer Costs, such Counterparty must within ten (10) business days after the filing and service of a notice of the occurrence of the Final Closing, file and serve on the Debtors, the Committee and the Administrative Agent a claim for the alleged amount of such Transfer Costs, which amount shall not exceed the good faith estimate provided to the Debtors pursuant to paragraph 34 of this Order (a "Transfer Cost Claim"). Upon the filing and service of such Transfer Cost Claim, such Transfer Cost Claim shall become a Sellers' Cure Amount and shall be governed and resolved by the procedures set forth in paragraphs 33-35 of this Order. Except as otherwise provided in the APA, in no event shall the Purchaser have any liability for, and no Purchaser Collateral shall be used to pay, any such Transfer Costs.

40. All defaults and all other obligations or Liabilities under any Assumed Contract arising or accruing prior to the date of the assignment or transfer to the Purchaser shall be deemed cured or satisfied upon payment by the Sellers of the Sellers' Cure Amount and the Purchaser's Cure Amount, and, without limiting the foregoing, no effect shall be given to any default of the type set forth in section 365(b)(2) of the Bankruptcy Code, or the type of default concerning an unexpired lease of real property described in section 365(b)(1) of the Bankruptcy