## EXHIBIT C

## Sale Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket No. _____ |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF MORTGAGE LOANS AND
REO PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE
AGREEMENT THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the consideration of the motion (the "Motion")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"),[2] pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for entry of an order: (i) authorizing the sale or sales (the "Sale") of certain pools of mortgage loans and REO properties (collectively, the "Asset Pools") free and clear of liens, claims, encumbrances, and interests, pursuant to the Sale Agreements, (ii) authorizing and approving the Sale Agreements related thereto, and (iii) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Sale Procedures.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and the Court having entered an order on April __, 2009 [Docket No. ____], approving the Sale Procedures and the form of Notice of Auction annexed thereto, and scheduling the Auction and a hearing (the "Sale Hearing") to approve the Sale of the Asset Pools; and upon the record of the hearing on the Motion held on [_____], 2009, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C. For the reasons set forth in the Motion, due and adequate notice of the Motion, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

D. Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested herein.

E.  The Sale Agreements between the Debtors and the Successful Bidder for each Asset Pool annexed hereto as <u>Exhibit A-1</u> through <u>A-4</u> (the "<u>Successful Bidder Sale Agreements</u>") and the Sale Agreements between the Debtors and the Second Best Bidder (together with the Successful Bidder, the "<u>Purchaser</u>") annexed hereto as <u>Exhibits B-1</u> through <u>B-[x]</u> (the "<u>Second Best Bidder Sale Agreement</u>") (together with the Successful Bidder Sale Agreements, the "<u>Sale Agreements</u>") have been entered into by the parties in good faith, from arms-length bargaining positions and without collusion. The Purchaser purchasing each Asset Pool set forth in the appropriate Sale Agreement, in accordance with the Sale Procedures and pursuant to the Sale Agreement, is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof. Neither the Debtors nor any Purchaser have engaged in any conduct that would cause or permit the Sale Agreements, or the Sale of any of the Asset Pools set forth in the Sale Agreements, to be avoided under 11 U.S.C. § 363(n).

F.  Under the circumstances, and due and adequate notice having been provided, it is in the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the Asset Pools set forth in each of the Sale Agreements be sold to the Purchaser of that Asset Pool under section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.  The consideration provided by each Purchaser of each Asset Pool, as set forth in the appropriate Sale Agreement, (i) is fair and reasonable, (ii) is the highest for such Asset Pool, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair

3

consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H. The Debtors are authorized to sell each of the Asset Pools as set forth in the appropriate Sale Agreement free and clear of all interests of any kind or nature whatsoever, with such interests transferring and attaching to the proceeds of such Sale with the same validity and priority as such interests had in the corresponding Asset Pool set forth in the Sale Agreement immediately prior to the Sale, because one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the sale pursuant to 11 U.S.C. § 363(f)(2). Those holders of interests who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the appropriate Asset Pool.

I. The Debtors are not selling personally identifiable information to the Purchasers. Additionally, (i) the privacy policy given by the Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreements and (ii) each Sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. Except as otherwise expressly provided in this Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.  The Sale Agreements are hereby approved and shall apply with respect to the Asset Pools set forth in the Sale Agreements.

4.  Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors, the Interim Servicer and each Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreements and to sell, transfer, and convey the assets in each Asset Pool set forth in the Sale Agreements. The Debtors shall transfer each Asset Pool set forth in the appropriate Sale Agreement to the appropriate Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of such Asset Pool.

5.  The Purchaser of each Asset Pool shall deliver the Purchase Price for the Asset Pool, as set forth in the appropriate Sale Agreement, to the Sellers. To the extent such Sale Agreement includes ABN Mortgage Loans, the proceeds from such ABN Mortgage Loans shall be distributed to ABN AMRO Bank, N.V. ("ABN") by Debtors after deducting and retaining the Marketing Fee. After distribution of such proceeds to ABN in accordance with this paragraph, the Debtors and their estates shall have no further obligations with respect to the ABN Mortgage Loans and ABN shall have no further claim against Debtors for such proceeds or interests in the assets transferred pursuant to such Sale Agreement.

6.  Upon consummation of each Sale, the Asset Pool set forth in the appropriate Sale Agreement shall be transferred to the appropriate Purchaser free and clear of all liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code sections 105 and 363.

7. This Order and each Sale Agreement shall be binding upon the Debtors, the appropriate Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

8. Each Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

9. Notwithstanding anything to the contrary in this Order or the appropriate Sale Agreement, to the extent any of the Asset Pools consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser of such Asset Pool shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as such Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

10. The failure specifically to include any particular provisions of any Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that each Sale Agreement be authorized and approved in its entirety.

11. To the extent that there are any inconsistencies between any Sale Agreement and this Order, the terms of this Order shall govern.

12. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

13. This Court shall retain exclusive jurisdiction over any matters related to arising from the implementation of this Order and each Sale Agreement.

Dated: _____, 2009
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT A TO SALE ORDER

**Successful Bidder Sale Agreements (to be filed)**

## EXHIBIT B TO SALE ORDER

**Second Best Bidder Sale Agreement(s) (to be filed)**

## EXHIBIT D

**Mortgage Loan and REO Property Auction and Sale Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case Nos. 07-11047 (CSS)<br>)<br>) Jointly Administered<br>)<br>) Bid Deadline: May 11, 2009 at 5:00 p.m. (ET)<br>) Auction Date: May 13, 2009 at 10:00 a.m. (ET)<br>) Hearing Date: May 15, 2009 at 11:30 a.m. (ET)<br>) Objection Deadline: May 8, 2009 at 4:00 p.m. (ET) |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that on April ___, 2009 the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a motion (the "Motion") of the Debtors for Orders: (a)(i) Approving Sale Procedures; (ii) Approving Payment of Expense Reimbursements; (iii) Scheduling a Hearing to Consider Sale of Certain Mortgage Loans and REO Properties; (iv) Approving Form and Manner of Notice Thereof; and (v) Granting Related Relief; and (b)(i) Authorizing the Sale of Mortgage Loans and REO Properties Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Sale Agreements Thereto; and (iii) Granting Related Relief.

**PLEASE TAKE FURTHER NOTICE** that on April __, 2009, the Bankruptcy Court entered an order (the "Order") granting the Motion and (i) approving the sale procedures (the "Sale Procedures")[2] with respect to the proposed sales (the "Sales") of each asset pool pursuant to an auction (the "Auction"), (ii) approving payment of the Expense Reimbursements; (iii) scheduling a hearing (the "Sale Hearing") for the Sales and setting objection and bidding deadlines with respect to the Sales; (iv) approving the form of this Notice of Auction, and (v) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that all Qualified Bids (as defined in the Sale Procedures) must be submitted in writing so that they are **actually** received no later than 5:00 PM (ET) on **May 11, 2009** (the "Bid Deadline").

**PLEASE TAKE FURTHER NOTICE** that, with respect to any Asset Pool, in the event that two or more Qualified Bids are submitted by the Bid Deadline, the Auction for shall take place on **May 13, 2009, at 10:00 a.m.** (**prevailing Eastern Time**) at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391,

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] All terms not otherwise defined herein are to be given the meanings ascribed to them in the Sale Procedures.

Wilmington, Delaware 19899-0391. Only parties who have submitted a Qualified Bid will be eligible to participate at the Auction.

**PLEASE TAKE FURTHER NOTICE** that the Court scheduled the Sale Hearing before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801 on **May 15, 2009 at 11:30 a.m. (prevailing Eastern Time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sales, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **May 8, 2009 at 4:00 p.m. (prevailing Eastern Time)**, and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the same day, upon: (i) the Debtors, American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Damian Voulo); (ii) advisors to the Debtors, Kroll Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Bret Fernandes and Scott Martinez), and Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Darryl Conway); (iii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn.: Sean M. Beach and Andy Kostoulas); and (iv) counsel to the Official Committee of Unsecured Creditors, Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022 (Attn.: Mark S. Indelicato and Mark Power).

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction is subject to all of the terms and conditions of the Motion, the Order and the Sale Procedures and the Debtors encourage parties in interest to review such documents in their entirety. Copies of the Motion, the Sale Agreements (as defined in the Sale Procedures), the Sale Procedures and the Order may be obtained by written request to counsel to the Debtors, c/o Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391, Attention: Debbie Laskin. In addition, copies of the aforementioned pleadings may be found on the website of the Debtors' notice and claims agent, Epiq Bankruptcy Solutions LLC, at http://www.epiqbankruptcysolutions.com, the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801.

Dated: Wilmington, Delaware
April ____, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Counsel for Debtors and Debtors in Possession

DB02:7870581.4

066585.1001