**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------ x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware                          :
corporation, et al.,[1]                             : Jointly Administered
                                                    :
    Debtors.                                        :
------------------------------------------------------ x

**DEBTORS' MOTION PURSUANT TO DEL. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE FOR MOTION OF THE DEBTORS FOR ORDERS:  (A)(I) APPROVING SALE PROCEDURES; (II) APPROVING PAYMENT OF EXPENSE REIMBURSEMENTS; (III) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN MORTGAGE LOANS AND REO PROPERTIES; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF MORTGAGE LOANS AND REO PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENTS THERETO; AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move (the "Motion to Shorten") this Court, pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and section 102 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for the entry of an order shortening the time for notice for the *Motion of the Debtors for Orders:  (A)(I) Approving Sale Procedures; (II) Approving*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*Payment of Expense Reimbursements; (III) Scheduling a Hearing to Consider Sale of Certain Mortgage Loans and REO Properties; (IV) Approving Form and Manner of Notice Thereof; and (V) Granting Related Relief; and (B)(I) Authorizing the Sale of Mortgage Loans and REO Properties Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Sale Agreements Thereto; (III) Granting Related Relief* (the "<u>Sale Motion</u>").[2]  In support of the Motion to Shorten, the Debtors respectfully represent as follows:

1.      The Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides for twenty (20) days' notice prior to a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . . ." Fed. R. Bankr. Proc. 2002(a)(3).  Further, Local Rule 9006-1(e) provides that such period may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.  <u>See</u>, Del. Bankr. L.R. 9006-1(e).

2.      The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on approval of the initial relief requested in the Sale Motion.  The Debtors seek shortened notice of only (i) the approval of sale procedures, (ii) payment of certain expense reimbursements, (iii) scheduling a hearing to consider the sale of the Asset Pools, and (iv) approving form and manner of related notice to allow the Debtors to maximize the value of remaining loan-related assets.  As more specifically set forth in the Sale Motion, the Sale Procedures for these assets are relatively similar to those previously approved by the Court in these cases, providing for a limited expense reimbursement and open auction process for each of the Asset Pools.

---

[2]  All capitalized terms used, but not defined herein, shall have the meanings given to them in the Sale Motion.

3.      The Debtors have been marketing the Asset Pools for a significant period of time and have been working with interested parties to identify a Stalking Horse Bidder for each Asset Pool. Now that the Stalking Horse Bidder has been identified, the Debtors, submit that proceeding expeditiously to approve sale procedures, and thus establishing specific bidding requirements, is in the best interests of all parties. Accordingly, the Debtors submit that no parties in interest will be prejudiced by the shortened timeframe.

4.      Moreover, the remaining relief (i.e., approval of the sale of the assets) will not be considered until May 15, 2009 at 1:00 p.m., a date and time well beyond the required 20-day notice requirements. Based on the foregoing, the Debtors submit that cause exists to justify shortening the notice period for the hearing on approval of the relief requested in the Sale Motion.

5.      Accordingly, the Debtor requests that a hearing on the relief requested in the Sale Motion be scheduled for April 21, 2009 at 2:00 p.m. (ET), with objections due on or before 12:00 p.m. (ET) on April 20, 2009. In light of the shortened notice period, the Debtor will serve the Sale Motion via Federal Express, overnight delivery, fax or email, (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) all parties who are known to possess or assert a secured claim or ownership interest against any Asset Pool; (iv) the Internal Revenue Service; (v) the U.S. Securities and Exchange Commission; and (vi) all parties entitled to notice under Local Rule 2002-1(b).

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
April 10, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

<u>/s/ Margaret Whiteman Greecher</u>
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------------x<br>In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,<br><br>    Debtors.<br>------------------------------------------------------------------x | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Ref. Docket Nos. _____ & _____** |

**ORDER SHORTENING THE TIME FOR NOTICE FOR MOTION OF THE DEBTORS FOR ORDERS: (A)(I) APPROVING SALE PROCEDURES; (II) APPROVING PAYMENT OF EXPENSE REIMBURSEMENTS; (III) SCHEDULING A HEARING TO CONSIDER SALE OF CERTAIN MORTGAGE LOANS AND REO PROPERTIES; (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (V) GRANTING RELATED RELIEF; AND (B)(I) AUTHORIZING THE SALE OF MORTGAGE LOANS AND REO PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENTS THERETO; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion to Shorten</u>")[1] of the above captioned debtors and debtors-in-possession (the "<u>Debtors</u>") for entry of an order providing that the applicable notice period for the Sale Motion be shortened pursuant to Local Rule 9006-1(e) and section 102 of the Bankruptcy Code; and the Court having determined that granting the relief requested in the Motion to Shorten is appropriate; and it appearing that due and adequate notice of the Motion to Shorten has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

    ORDERED, that the Motion to Shorten is granted; and it is further

    ORDERED, that the Sale Motion shall be heard on April 21, 2009 at 2:00 p.m. (ET); and it is further

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Sale Motion.

2

ORDERED, that objections to the relief requested in the Sale Motion shall be filed and served no later than 12:00 p.m. (ET) on April 20, 2009; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      April ____, 2009

_____
Christopher S. Sontchi
United States Bankruptcy Judge