## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| | : Case No. 08-13432 (PJW) |
| CONSTAR INTERNATIONAL INC., <u>et al.</u>,[1] | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### JOINT APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CONSTAR INTERNATIONAL INC., <u>ET AL.</u> AND THE DEBTORS TO RETAIN AND EMPLOY HEIDRICK & STRUGGLES INTERNATIONAL, INC. AS AN EXECUTIVE RECRUITER AND CONSULTANT, <u>NUNC PRO TUNC</u> TO MARCH 3, 2009

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases of Constar International Inc. ("<u>Constar</u>") and certain affiliated entities (collectively, the "<u>Debtors</u>"), along with the Debtors, respectfully submit this joint application (the "<u>Application</u>") pursuant to sections 327(a), 328(a)[2] and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Constar International Inc. (XX-XXX9304); BFF, Inc. (XX-XXX1229); DT, Inc. (XX-XXX7693); Constar, Inc. (XX-XXX0950); Constar Foreign Holdings, Inc. (XX-XXX8591) and Constar International U.K. Limited. The address of Constar International Inc., BFF, Inc., DT, Inc., Constar, Inc., and Constar Foreign Holdings, Inc. is One Crown Way, Philadelphia, Pennsylvania, 19154. The address of Constar International U.K. Limited is Moor Lane Trading Estate, Sherburn in Elmet, Nr Leeds, North Yorkshire LS25 6ES, UK.

[2] The Committee and the Debtors are seeking approval of this Application pursuant to section 328 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that pursuant to the terms of the Engagement Letter (as defined below), in the event the engagement is terminated by the Committee prior to the completion of the identification and selection of at least five directors as contemplated herein, the fee due and owing to HSII by the Debtors shall be determined by the Court based on a reasonableness standard, and not any other standard that may be applied based on the retention of HSII under section 328 of the Bankruptcy Code.

the Committee and the Debtors to retain and employ Heidrick & Struggles International, Inc. ("HSII"), nunc pro tunc to March 3, 2009, to assist the Committee, in consultation with the Debtors, with the identification and selection of proposed Non-Executive Directors for Constar pursuant to Article IV.K.2 of the Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code, filed on February 3, 2009 [Docket No. 161] (the "Second Amended Plan"). In support of the Application, the Committee and the Debtors also submit the Declaration of Theodore Dysart, annexed hereto as Exhibit B (the Dysart Declaration"), and respectfully represents as follows:

## BACKGROUND

1.    On December 30, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). As of the date of this Application, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On January 14, 2009, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. On January 15, 2009, the U.S. Trustee filed the Notice of Appointment of Committee of Unsecured Creditors [Docket No. 85]. The following creditors currently serve as members on the Committee: (1) Peritus Asset Management, LLC (Chair); (2) U.S. Bank, National Association, in its capacity as indenture trustee; (3) AEGON USA Investment Management, LLC; (4) R&D Tool and Engineering Co.; and (5) ROI Printing Companies.

## JURISDICTION

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 327, 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002.

## RELIEF REQUESTED

4.    Pursuant to sections 327(a), 328(a) and 1103(a) of the Bankruptcy Code, the Committee  and the Debtors seek authority to retain and employ HSII to assist the Committee, in consultation with the Debtors, with the identification and selection of proposed Non-Executive Directors for Constar pursuant to the terms of the Second Amended Plan.

5.    The Committee and the Debtors selected HSII because of its extensive experience and preeminent reputation in executive recruiting and more specifically, board of directors' evaluation and recruitment.  Likewise, the Committee and the Debtors believe that HSII is well qualified to advise them with respect to the proposed submission of candidates for the board of directors for Constar, pursuant to the terms of the Second Amended Plan, and related matters.

6.    The Committee and the Debtors seek to retain HSII pursuant to an engagement letter executed on March 26, 2009 (the "Engagement Letter").  A copy of the Engagement Letter is attached to this Application as Exhibit C.

## SERVICES TO BE PROVIDED BY HSII

7.    The Committee and the Debtors respectfully submit that it will be necessary to employ and retain HSII to render the following services, among others, as directed by the Committee, in consultation with the Debtors:

(a)    advise the Committee and the Debtors with respect to the qualifications, suitability, credentials and availability of potential candidates for Debtors' board of directors;

(b)    assist and advise the Committee and the Debtors with respect to evaluating, interviewing and recommending final candidates for Debtors' board of directors;

(c)    assist and advise the Committee and the Debtors in establishing an appropriate compensation program structure for Debtors' directors;

(d)    assist the Committee and the Debtors with the development of director on-boarding and other new director confirmation programs; and

(e)    assisting the Committee and the Debtors generally in performing such other services as may be desirable or required.

8.    The Committee and the Debtors believe that it is necessary to employ HSII to provide the services described above and such other services as may be necessary for the Committee to acquit its obligations to the Debtors' unsecured creditor constituency and for the Debtors to acquit their obligations to all creditors of the estates and that such employment is in the best interests of the Debtors' estates and their creditors.

## HSII'S CONNECTIONS IN THESE CASES

9.    The Committee and the Debtors have reviewed the Dysart Declaration, including all of the "connections" (as such term is used in Bankruptcy Rule 2014(a)) to these cases disclosed therein and has no objection to any of the matters set forth therein.  Except to the extent set forth in the Dysart Declaration, to the best of the Committee's and the Debtors' knowledge, information and belief, based on the Dysart Declaration, the Committee and the Debtors believe that HSII does not have any connection with or represent any interest adverse (within the meaning of section 1103(b) of the Bankruptcy Code) to the Debtors, their creditors or any other party in interest or their respective attorneys or professionals in the matter upon which HSII is to be engaged.

## HSII COMPENSATION

10.    The Committee and the Debtors request that all fees and related costs and expenses incurred by the Debtors on account of services rendered by HSII in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code.  Subject to this Court's approval, HSII will charge for its services on a flat fee basis, plus reasonable expenses incurred.  More specifically, HSII will charge the Debtors a fee of $362,500 (the "HSII Fee") to identify and vet the requisite number of potential director candidates to fill five board seats.  There will be no additional charge if the Committee decides, in consultation with the Debtors, to fill six board seats from this same pool of potential director candidates.  Should the Committee, in consultation with the Debtors, recruit more than six directors, HSII will charge the Debtors a fee for such additional directors as mutually agreed by the Committee, the Debtors, and HSII but such fee shall in no event be more than $72,500 for such additional director recruited.

11.    It is HSII's policy to charge its clients for all reasonable disbursements and expenses incurred in the rendition of director search services.  These disbursements and expenses include, among other things, costs for long-distance telephone calls, facsimile charges, photocopying, travel, business meals, messengers, couriers, postage, word processing, secretarial staff and other fees related to the services rendered.   HSII will maintain reasonable documentation of any necessary expenses incurred in connection with the rendering of the services described above, and be reimbursed subject to the expense guidelines imposed by the Court.

## **TERMS OF HSII'S COMPENSATION**

12.    Pursuant to the terms of the Engagement Letter, the HSII Fee will be invoiced in three increments of $120,833 each, the first increment on the date of entry of an order approving this Application (the "<u>Effective Date</u>"), the second increment 30 days following the Effective Date, and the third increment 60 days following the Effective Date.

13.    The Committee and the Debtors believe that the director search fees and expense policies of HSII, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the Committee and the Debtors of HSII as an advisor and executive recruiter in accordance with section 328(a) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that pursuant to the terms of the Engagement Letter, in the event the engagement is terminated by the Committee prior to the completion of the identification and selection of at least five directors as contemplated herein, the fee due and owing to HSII by the Debtors shall be determined by the Court based on a reasonableness standard, and not any other standard that may be applied based on the retention of HSII under section 328 of the Bankruptcy Code.

14.    The Committee and the Debtors request that HSII be allowed compensation for its services and reimbursement for its expenses in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, upon submission of appropriate applications therefor in compliance with all applicable orders, rules and guidelines, subject to the review and approval of this Court.

## NOTICE

15.    Notice of this Application has been given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the Debtors' secured lenders; (iv) counsel to the indenture trustee for each of the Senior Subordinated Notes and the Senior Secured Floating Rate Notes; and (v) those parties requesting notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 2001-1.  In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

16.    No prior application for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

**WHEREFORE,** the Committee and the Debtors respectfully request that the Court enter the order annexed hereto as Exhibit A approving the Committee's and the Debtors' retention of HSII as an advisor and executive recruiter, nunc pro tunc to March 3, 2009, and that the Court grant the Committee and the Debtors such other and further relief as is just.

Dated:  April 10, 2009

THE    OFFICIAL    COMMITTEE    OF    UNSECURED CREDITORS OF CONSTAR INTERNATIONAL, INC., ET AL.

Peritus Asset Management, LLC, solely in its capacity as Chair of the Committee and not in its individual capacity,

Name: Jason Pratt

CONSTAR INTERNATIONAL, INC.

Name: Michael J. Hoffman
Title: President and Chief Executive Officer

**WHEREFORE**, the Committee and the Debtors respectfully request that the Court enter the order annexed hereto as Exhibit A approving the Committee's and the Debtors' retention of HSII as an advisor and executive recruiter, nunc pro tunc to March 3, 2009, and that the Court grant the Committee and the Debtors such other and further relief as is just.

Dated:  April 10, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CONSTAR INTERNATIONAL INC., ET AL.

Peritus Asset Management, LLC, solely in its capacity as Chair of the Committee and not in its individual capacity,

_____

Name: Jason Pratt

CONSTAR INTERNATIONAL INC.

_____/s/ Michael J. Hoffman_____
Name: Michael J. Hoffman
Title: President and Chief Executive Officer