## **EXHIBIT A**

LIBNY/4803311.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------x
In re                               :   Chapter 11
                                    :
                                    :   Case No. 08-13432 (PJW)
CONSTAR INTERNATIONAL INC., et al., :
                                    :   (Jointly Administered)
                    Debtors.        :
                                    :
------------------------------------x
```

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CONSTAR INTERNATIONAL INC. ET AL. AND THE DEBTORS TO RETAIN AND EMPLOY HEIDRICK & STRUGGLES INTERNATIONAL, INC. AS AN EXCEUTIVE RECRUITER AND CONSULTANT, NUNC PRO TUNC TO MARCH 3, 2009

Upon the joint application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Constar International Inc. ("Constar"), and certain affiliated entities (collectively, the "Debtors") and the Debtors for an order, pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee and the Debtors to retain and employ Heidrick & Struggles International, Inc. ("HSII") to assist the Committee, in consultation with the Debtors, with the identification and selection of Non-Executive Directors for Constar pursuant to the Second Amended Plan, and upon the Declaration of Theodore Dysart, an employee of HSII, dated April 9, 2009 (the "Dysart Declaration"); and it appearing that the employees of HSII who will perform services on behalf of the Committee and the Debtors in these chapter 11 cases are duly qualified to provide such services; and the Court finding, based

---

[1] Capitalized terms not defined herein are defined in the Application.

2

on the representations made in the Application and the Dysart Declaration, that HSII does not represent any interest adverse to the Committee and/or the Debtors, their creditors or any other party in interest or their respective attorneys or professionals with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application has been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED,** that the Application is approved in its entirety; and it is further

**ORDERED,** that in accordance with sections 1103(a) and, with respect to HSII's Fee, 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002, the Committee and the Debtors are hereby authorized and empowered to employ and retain HSII as an executive recruiter and consultant and such retention is hereby approved; <u>provided</u>, <u>however</u>, that pursuant to the terms of the Engagement Letter, in the event the engagement is terminated by the Committee prior to the completion of the identification and selection of at least five directors as contemplated herein, the fee and expenses due and owing to HSII by the Debtors shall be determined by the Court based on a section 330 reasonableness standard, and not any other standard that may be applied based on the retention of HSII under section 328 of the Bankruptcy Code; and it is further

**ORDERED** that HSII shall be compensated in accordance with the procedures set forth in sections 330(a), 331, 503(b) and 507(a)(1) of the Bankruptcy Code, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

Dated: _____,2009
Wilmington, Delaware

_____
United States Bankruptcy Judge