# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
        Debtors.                                                 :
                                                                 :   Ref. Docket Nos. 7084, 7188, and 7234
---------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL SUBMITTING THIRD ORDER REGARDING THE DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

On March 6, 2009, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 7084] (the "Objection").[2] In the Objection, the Debtors objected to, *inter alia*, the claims (the "Class Action Plaintiff Claims") filed by certain of the plaintiffs and the putative class in *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) (the "Class Action Plaintiffs").[3] The Class Action Plaintiffs filed a response to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

[3] The Class Action Plaintiffs and the Class Action Plaintiff Claims are as follows: Lead Plaintiffs (the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension and Retirement System) on behalf of the Class, in the securities fraud class action entitled *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) [POC No. 10551] ("Claim 10551"), Alaska Laborers Employees Retirement Fund [POC No. 8619], City of Philadelphia Board of Pensions & Retirement [POC No. 8618], Elliot Greenberg [POC No. 8614], Joshua F. Hafron [POC No. 8613], Iron Workers Local No. 25 Pension Fund [POC No. 8617], Iron Workers

Objection on March 30, 2009 [Docket No. 7188], in which the Class Action Plaintiffs did not contest the relief requested in the Objection with respect to the Class Action Plaintiff Claims, but requested that language be added to the order sustaining the Objection to protect their rights in the pending litigation.

On April 6, 2009, the Court entered a first order [Docket No. 7234] sustaining the Objection in part and adjourning the Objection in part with respect to, *inter alia*, the Class Action Plaintiff Claims. The Debtors and the Class Action Plaintiffs have since come to an agreement on a proposed form of order (the "Third Order") that will (i) subordinate the Class Action Plaintiff Claims in right of payment to other claims against the Debtors as provided for in the Plan, and (ii) reserve certain rights of the Class Action Plaintiffs, the Debtors and other parties in interest, if any.

Therefore, the Debtors respectfully request that the Court enter the Third Order, attached hereto as Exhibit A, at its earliest convenience.

Dated: Wilmington, Delaware
April 13, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Margaret B. Whiteman-Greecher (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

---

Tennessee Valley Pension Fund [POC No. 8616], Larry Massung [POC No. 8612], New England Teamsters & Trucking Industry Pension Fund [POC No. 8615], and Institutional Investor Group [POC No. 8620]. Claim 10551 was not originally included in the Objection. It is included herein because the Class Action Plaintiffs and the Debtors identified Claim 10551 as a claim that should receive the same treatment as all the other Class Action Plaintiff Claims.

DB02:8047743.1                                                                                          066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 : Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       : Jointly Administered
       Debtors.                                                        :
                                                                       : **Ref. Docket Nos. 7084, 7188, and 7234**
---------------------------------------------------------------------- x

### THIRD ORDER REGARDING THE DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the thirty-first omnibus (substantive) objection [Docket No. 7084] (the "Objection")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), in which the Debtors objected to, *inter alia*, the claims (the "Class Action Plaintiff Claims") filed by certain of the plaintiffs and the putative class in *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) (the "Class Action Plaintiffs")[3];

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

[3] The Class Action Plaintiffs and the Class Action Plaintiff Claims are as follows: Lead Plaintiffs (the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension and Retirement System) on behalf of the Class, in the securities fraud class action entitled *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) [POC No. 10551] ("Claim 10551"), Alaska Laborers Employees Retirement Fund [POC No. 8619], City of Philadelphia Board of Pensions & Retirement [POC No. 8618], Elliot Greenberg [POC No. 8614], Joshua F. Hafron [POC No. 8613], Iron Workers Local No. 25 Pension Fund [POC No. 8617], Iron Workers Tennessee Valley Pension Fund [POC No. 8616], Larry Massung [POC No. 8612], New England Teamsters & Trucking Industry Pension Fund [POC No. 8615], and Institutional Investor Group [POC No. 8620]. Claim 10551 was not originally included in the Objection. It is included herein because the Class Action Plaintiffs and the Debtors identified Claim 10551 as a claim that should receive the same treatment as all the other Class Action Plaintiff Claims.

DB02:8047743.1                                                                                          066585.1001

and the Court having entered a first order sustaining the Objection in part and adjourning in part with respect to, *inter alia*, the Class Action Plaintiff Claims [Docket No. 7234]; and the Debtors and the Class Action Plaintiffs having come to an agreement that the Class Action Plaintiff Claims should receive the treatment set forth herein; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing thereof; it is hereby

ORDERED that, pursuant to section 510 of the Bankruptcy Code and the terms of the Plan, the Class Action Plaintiff Claims are Subordinated Claims (as that term is defined in the Plan) and are therefore subordinated in right of payment to other claims against the Debtors and shall have whatever priorities section 510 of the Bankruptcy Code and the Plan (to the extent consistent with section 510) provide;

ORDERED that notwithstanding any provision herein regarding the Class Action Plaintiff Claims or the Class Action Plaintiffs, this Order is without prejudice to, shall not be deemed a waiver or release of, and shall not impact in any way claims filed by the Class Action Plaintiffs against non-Debtors; and it is further

ORDERED that the statutory subordination of the Class Action Plaintiff Claims in connection with any distribution in the Debtors' Chapter 11 cases shall have no impact on the rights of the Class Action Plaintiff Claimants to the proceeds of any available directors and officers liability insurance covering the Claims, if any; and it is further

ORDERED that the rights, claims and counterclaims of the Debtors and any other parties in interest, if any, with respect to the claims and rights asserted by the Class Action Plaintiffs are hereby reserved, except as set forth herein; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      April ___, 2009

                                                              _____
                                                              CHRISTOPHER S. SONTCHI
                                                              UNITED STATES BANKRUPTCY JUDGE