IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.,* <br><br> Debtors. | Chapter 11 <br> Case No. 07-11047(CSS) <br> Jointly Administered <br> **Date of Hearing: May 8, 2009 at 11:30 a.m..** <br> **Objection Deadline:  May 1, 2009** |

## NOTICE OF MOTION

  PLEASE TAKE NOTICE that James D. Rucker hereby presents his Motion for Relief to Exercise Recoupment Rights (the "Motion").

  If you oppose the Motion or if you want the court to consider your views regarding the Motion, you must file a written response with the Bankruptcy Court, 824 Market Street, Wilmington, DE 19801 detailing your objection or response by the objection deadline of **May 1, 2009.**  You must also serve a copy of your response upon the following:

Charles C. Brown, III (#3368)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Phone:  (302) 777-4350/Fax: (302) 777-4352
([cbrown@archerlaw.com](cbrown@archerlaw.com))

  **THE HEARING IS SCHEDULED FOR MAY 8, 2009 AT 11:30 A.M. IN COURTROOM  6, ON THE 5TH FLOOR OF THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.**

IF YOU DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.

-2-

|  |  |  |
|---|---|---|
|  |  | ARCHER & GREINER, P.C. |
| Dated:  April 14, 2009 | By: | /S/ *Charles J. Brown, III* |
|  |  | Charles J. Brown, III (No. 3368) |
|  |  | 300 Delaware Avenue, Suite 1370 |
|  |  | Wilmington, DE  19801 |
|  |  | Phone: 302.777.4350 / Fax: 302.777.4352 |
|  |  | cbrown@archerlaw.com |
|  |  | *Counsel to James D. Rucker* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.,*<br><br>                    Debtors. | Chapter 11<br>Case No. 07-11047(CSS)<br>Jointly Administered |

## MOTION OF JAMES D. RUCKER FOR RELIEF TO EXERCISE RECOUPMENT RIGHTS

James D. Rucker ("Rucker") by and through its undersigned counsel hereby files this Motion of James D. Rucker, and in support thereof, states the following:

1. Prior to the Debtor's bankruptcy filing, Rucker applied for and obtained a construction loan to construct a new residence for himself.

2. Rucker had the opportunity to go with a different lender and indeed another lender had approved his loan application.

3. The Debtor approved Rucker's loan just prior to its bankruptcy filing.

4. The Debtor ceased funding the construction loan to Rucker. The decision to stop funding the loan was a breach of the Debtor's obligations to Rucker.

5. As a result of the Debtor's breach of its agreement with Rucker, Rucker was not able to complete construction and numerous mechanic's liens have been filed against Rucker's property. Rucker was serving as the general contractor for the construction of his residence so the mechanic's lien claims have not only subjected his property to various lien claims but Rucker himself has had personal judgments entered against him.

6.  As a result of the judgments and liens that have been entered against Rucker and his property, Rucker was not able to obtain substitute financing and move forward with the construction of his residence.

7.  Following the Debtor's breach of its obligations to Rucker, Rucker timely filed a proof of claim against the Debtor alleging a secured claim of approximately $3.3 million.

8.  The Debtor has filed an objection to Rucker's proof of claim and Rucker has filed a response to the Debtor's claim objection. The Court has not yet ruled on the objection to Rucker's claim.

9.  Ultimately Rucker was himself forced to file bankruptcy, on or about January 29, 2009.

10. On or about April 1, 2009, Rucker received notice, in the violation of the automatic that the Rucker bankruptcy imposed, that foreclosure proceedings had been instituted against the Property.

11. The amount that the Debtor claims it is owed from Rucker under the loan that it failed to fund is approximately $600,000.00. Rucker believes that he has setoff and/or recoupment claims against the Debtor that greatly exceed the amount that the Debtor claims Rucker is owed.

12. As a result of the Debtor's decision to stop funding the Rucker construction loan, construction stopped and a partially constructed building has been exposed to the elements for more than a year such that the structure has mold as well as other problems.

13. While the objection to Rucker's claim has been pending, the Debtor contacted Rucker directly and suggested that Rucker pay the sum of $250,000 in satisfaction of the Debtor's claim against Rucker.

14. More recently, after Rucker's counsel explained one basis for Rucker claiming that his loan is secured is due to his recoupment rights against the Debtor, the Debtor has threatened to sell the Rucker loan to a third party.

15. The sale of the Rucker loan could potentially prejudice Rucker as such third party purchaser would presumably claim that they are a holder in due course and not subject to any claims and/or defenses that Rucker has against the Debtor. Rucker fears that the Debtor would also argue that the sale of Rucker loan eliminates Rucker's recoupment claims against the Debtor.

16. To date, the Debtor has not sold the Rucker loan and the Court should not countenance the Debtor's tactics to extort money from Rucker, who is presently in bankruptcy himself and when such actions are potentially in violation of the automatic stay from Rucker's bankruptcy.

17. Rucker seeks relief from this Court to immediately exercise his recoupment rights against the Debtor. Rucker further seeks an order prohibiting the Debtor from selling or attempting the sell the Rucker loan until his claim against the Debtor has been reconciled.

18. The Debtor is not prejudice by such relief as the Rucker loan has yet to be sold and it was only when Rucker's counsel explained that Rucker had potential recoupment claims against the Debtor that the Debtor apparently began considering selling the loan.

19. In the alternative, Rucker seeks the entry of an order from this Court holding that any and all of Rucker's recoupment and/or setoff claims attach to the proceeds from any sale of the Rucker loan.

**WHEREFORE,** James D. Rucker respectfully requests that this Court enter an Order permitting Rucker to exercise his recoupment rights against the Debtor and enjoining the Debtor from selling his loan until he has exercised his recoupment rights and grant such other relief as this Court deems just and proper.

Dated: April 14, 2009

Respectfully submitted,
ARCHER & GREINER, P.C.

*/s/Charles J. Brown, III*
Charles J. Brown, III, Esq. (#3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Attorneys for James D. Rucker*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served upon all parties requesting notice via CM/ECF and via regular mail upon the following:

Nathan D. Grow, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899-0391


Dated:  April 14, 2009                                                         /s/ *Charles J. Brown, III*
                                                                                          Charles J. Brown, III (#3368)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.,* <br><br> Debtors. | Chapter 11 <br> Case No. 07-11047(CSS) <br> Jointly Administered |

## **ORDER**

IT IS HEREBY ORDERED AND DECREED that James D. Rucker is permitted to exercise his recoupment rights against the Debtor and enjoins the Debtor from selling his loan until he has exercised his recoupment rights.

Dated:_____

_____
UNITED STATES BANKRUPTCY JUDGE

3970732v1