IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**AMERICAN HOME MORTGAGE HOLDINGS, INC., a DELAWARE CORPORATION, et al.**<br><br>**Debtors.** | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered |

**AFFIDAVIT OF M. JACOB RENICK IN SUPPORT OF THE ORDER APPOINTING FEE EXAMINER AND ESTABLISHING PROCEDURES FOR THE REVIEW OF PROFESSIONAL CLAIMS**

STATE OF NEW JERSEY    )
                       )  ss:.
COUNTY OF MORRIS       )

M. JACOB RENICK, being duly sworn, deposes and says:

1. I am a Certified Public Accountant, a Certified Insolvency and Restructuring Advisor, a Certified Fraud Examiner and a Managing Director at the firm of NachmanHaysBrownstein, Inc. ("NHB"), with offices at 645 Fifth Avenue, New York, New York 10022 and other locations, and I am duly authorized to make this statement on behalf of NHB.

2. This Affidavit is given in support of the Order appointing me as Fee Examiner and establishing procedures for the review of professional claims in the above named matter and is given in accordance with Bankruptcy Rule 2014(a) and Local Rule 2014-1 in part on personal knowledge and in part on information and belief based on discussions

{00746769;v1}

with individuals at NHB who I consider reliable for the purposes of the matters discussed, and in part on reviewing records provided to me by NHB colleagues and employees.

3. I have extensive familiarity with the practices in insolvency matters, including fee claims, before the Bankruptcy Court, having served as an accountant and financial advisor to debtors, creditors and trustees and as an examiner, litigation trustee and plan administrator in various matters.

4. With headquarters near Philadelphia and offices in New York, Boston, Dallas and Wilmington, NHB, whose professionals I will utilize, has extensive experience and expertise as financial advisors and turnaround management specialists in bankruptcy and reorganization proceedings.

5. NHB is not a law firm and does not "represent" clients in the sense that attorneys do, nor is NHB subject to licensing requirements or conflicts of interest regulations pursuant to state law.

6. NHB has four Shareholder Principals: Thomas D. Hays, III, CTP, Howard Brod Brownstein, CTP, Edward T. Gavin, CTP; and John Tittle, Jr. CIRA (collectively, the "Principals"), two non-shareholder Principals, several Managing Directors, several Senior Consultants and other associates (collectively, the "Associates"). NHB's Principals each own a separate business entity (corporation, limited liability company, or other legal entity) of which the Principal is the sole employee except possibly for family members. Each of these entities does all or substantially all of its business with NHB. These entities provide the services of the Principals to NHB and its clients pursuant to written agreements between each such entity and NHB. Compensation received by the Principals' business entities is substantially unrelated to fees received by NHB from any particular client. The

Associates each have written independent contractor agreements with NHB pursuant to which they provide services to NHB and, through NHB, to its clients, through a business entity owned by each Associate and of which the Associate is the sole employee, except possibly for family members. Each of the Associates or their respective business entities does all or substantially all of its business with NHB, and all of them are considered regular members of NHB's professional staff, and are featured in NHB's marketing literature and on its website. Compensation received by the Associates or their respective entities is based in substantial part upon fees received by NHB from each of NHB's clients.

7. I and NHB have undertaken an extensive examination of our databases of existing and former clients to determine whether I or NHB have or had any connections with any of the professionals or parties in interest in these cases. Specifically, based upon the information provided by the professionals in the above named matter, my and NHB's analysis included: the Debtors; the Debtors' insiders, the twenty (20) largest unsecured creditors of the Debtors as listed on the Debtors' voluntary petition; professionals for the in this matter; the United States Trustee's Office; current officers and directors; and any known parties to any known executory contracts sought to be rejected by the Debtors.

8. Based on the database examination specified above, I and NHB wish to disclose as follows: I am currently engaged as Litigation Trustee *In Re TW, Inc.* (Bankr. Del. Case No. 03-10785 ) in which Hahn & Hessen, LLP is my counsel and in which BDO Seidman, LLP is one of my experts. All significant matters in that matter have been resolved and I am currently reviewing all final fee claims. NHB and I have in the past worked in the same cases as, and may currently work in the same cases as, some of the

3

professional firms that are involved in these cases, in connection with matters wholly unrelated to these Chapter 11 proceedings.

9. Additionally, neither I nor NHB, nor any Principal or professional of NHB, nor any Associate of NHB, insofar as I have been able to ascertain:

    a. is a creditor of the Debtors;

    b. is a direct or indirect equity interest holder of the Debtors;

    c. is or has been an officer within two years before commencement of these Chapter 11 cases, director or employee of the Debtors or an "insider" of the Debtors as that term is defined in § 101(31) of Title 11 of the United States Code, 11 U.S.C. § 101 (the "Bankruptcy Code");

    d. presently provides services to any professional, creditor or equity interest holder of the Debtors, or a person otherwise adverse or potentially adverse to the Debtors or the Debtors' estates on any matter that is related to the Debtors or the Debtors' estates or, except as described in paragraph 8 above, on any matter that is unrelated to the Debtors or the Debtors' estates;

    f. except as described in paragraph 8 above, has any other connection with the Professionals, the Debtors, their creditors, the Office of the United States Trustee or any employee of that office or any other parties in interest; or

    g. has any other interest, direct or indirect, which may affect or be affected by the provision of services proposed hereunder.

10. Neither I nor NHB will provide services to no entity other than the Court in connection with these Chapter 11 cases.

4

11. To the best of my knowledge, information and belief, except as set forth herein, there are no other instances where I or NHB has had, or might be deemed to have or have had connections with the Professionals, Debtors, creditors, or other parties in interest.

12. Neither I nor NHB has received a retainer in this matter.

13. I and NHB have agreed to be employed by the Court at the firm's customary, hourly rates for comparable matters and understands that the firm's compensation is to be paid and the expenses and costs are to be reimbursed upon application to the Court and is subject to the Court's approval and/or pursuant to any administrative procedures established by order of the Court, after notice and a hearing. The hourly rate to be charged for my services is:

        M. Jacob Renick, CIRA        $ 450.00 per hour

14. Other professionals, Principals and Associates at NHB may be called upon from time to time as the need arises to assist me in providing services to the Court in my capacity as Fee Examiner. Hourly rates of Principals, professionals and associates of NHB range from $250.00 to $525.00 per hour. Reasonable travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged. My and NHB's rates may change from time to time in accordance with NHB's established billing practices and procedures. I and NHB will maintain detailed, contemporaneous records of time and necessary expenses provided or incurred in connection with the rendering of services to the Court in these matters.

15. NHB customarily and generally charges clients for the costs of support services the firm provides in connection with provision of professional services, including, without limitation, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial and administrative overtime and temporary services, travel, lodging and catering for meetings. Some of these services are provided by NHB, in which case the charges are set by NHB, and others are provided by third party service providers, in which case the charges are set by the providers. NHB will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which NHB seeks payment are subject to Court approval and/or pursuant to any administrative procedure established by Order of the Court.

16. No agreement or understanding exists between me, NHB, and any other person (other than members or employees of the firm as disclosed herein) to share compensation received for services to be rendered in connection with services to be provided hereunder. No representations have been received or made by me, NHB nor any member or associate thereof, in respect of compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

17. I submit this Affidavit based upon information available to me as of this date so executed and will promptly supplement it should it become inaccurate or incomplete.

Dated: April 14, 2009                     By: *s/M. Jacob Renick*
                                                  M. Jacob Renick

Subscribed and sworn to before me
this 14 day of April, 2009

*s/June A. Ottaviano*
June A. Ottaviano
Notary Public- State of New Jersey

My commission expires: October 5, 2011