## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) |  |
|  | ) | **Hearing Date: 5/08/09 @ 11:30 a.m.** |
| Debtors. | ) | **Objections Due: 5/01/09 @ 4:00 p.m.** |
|  | ) |  |

### FIRST INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:  Zuckerman Spaeder LLP

Date of Retention:  October 22, 2008 (Order entered December 9, 2008)

Period for which compensation and
Reimbursement is sought:  October 22, 2008 through March 31, 2009

Amount of Compensation sought
as actual, reasonable and necessary:  $177,434.50

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:  $9,235.38

No time was expended during the Application Period in preparation of this Application.
This is Applicant's first fee application.

2178273.1

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| James Sottile | Partner, 23rd year, complex litigation involving insurance coverage, professional malpractice, securities fraud; admitted 1986 | $650.00 | 0.40 | $260.00 |
| Thomas G. Macauley (I.D. # 3411) | Partner, 10th year, chapter 11 and bankruptcy litigation; 1 year as federal appellate law clerk; admitted 1995 | $475.00 (2008)<br>$490.00 (2009) | 109.70<br>173.50 | $52,107.50<br>$85,015.00 |
| Linda Singer | Of Counsel, 18th year, public client representation; 13 years non-profit; Attorney General; admitted 1991 | $500.00 (2008)<br>$520.00 (2009) | 6.40<br>7.60 | $3,200.00<br>$3,952.00 |
| Virginia W. Guldi (ID # 2792) | Associate, 20th year, chapter 11 and bankruptcy litigation; 1 year as Delaware Supreme Court Clerk; admitted 1989 | $325.00 | 62.10 | $20,182.50 |
| Benjamin L. Krein | Sr. Staff Attorney, 8th year, litigation; admitted 2001 | $355.00 | 28.20 | $10,011.00 |
| Ashley M. Weaver | Litigation Support Manager, 2nd year; 8 years litigation experience | $210.00 | 0.50 | $105.00 |
| Lam-Anh Ngoc Nguyen | Litigation Support Analyst, 1 year experience | $185.00 | 3.50 | $647.50 |
| Alan Mathis | Litigation Support Analyst, 1 year experience | $185.00 | 2.00 | $370.00 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 3rd year; 7 years Federal Retirement Thrift Investment Board | $165.00 | 4.00 | $660.00 |

| Diana Gillig | Paralegal Assistant; 9 years experience | $110.00 (2008) | 1.50 | $165.00 |
| | | $115.00 (2009) | 6.60 | $759.00 |

Grand Totals:  406.00   hours and $177,434.50
Blended Rate:  $437.03   per hour

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|---|
| 0001 | - | Committee General | 150.70 | $ 62,642.00 |
| 0002 | - | Retention/Fee Application | 31.90 | $ 12,048.00 |
| 003 | - | Plan/Disclosure Statement | 222.30 | $ 102,214.00 |
| 0004 | - | Global Stay Relief | 1.10 | $ 530.50 |
| | | Totals: | 406.00 | $ 177,434.50 |

2178273.1

## ITEMIZED EXPENSES

EXPENSES

| | | |
|---|---|---|
| Express Delivery – FedEx | $ | 530.15 |
| Court Fees | $ | 150.00 |
| Court Reporters | $ | 2,896.46 |
| Outsourced E-Rile – Parcels | $ | 25.00 |
| Outsourced Facsimile – Parcels | $ | 50.00 |
| Outsourced Copy Service – IKON | $ | 421.60 |
| Outsourced Copy Service – Parcels | $ | 1,816.38 |
| Courier Service – Parcels | $ | 195.00 |
| Courier – Blue Marble | $ | 99.00 |
| Courier Service NY – Washington Express | $ | 15.86 |
| Courier Service – Tri State | $ | 19.50 |
| In-house – Facsimile | $ | 478.00 |
| Docket Research – Pacer | $ | 473.52 |
| Long Distance Telephone | $ | 17.28 |
| In-house Photocopy | $ | 704.70 |
| Lexis/Nexis Research | $ | 590.93 |
| Transportation – Local and Non-Local | $ | 507.91 |
| Meal Reimbursements | $ | 92.67 |
| Secretarial Overtime | $ | 75.00 |
| Postage | $ | 76.42 |

| | | |
|---|---|---|
| TOTAL EXPENSES | $ | 9,235.38 |

2178273.1

# NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP ("Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered to the Official Committee of Borrowers (the "Borrowers Committee"), in the amount of $177,434.50 together with reimbursement for actual and necessary expenses incurred in the amount of $9,235.38 for the period October 22, 2008, through and including March 31, 2009 (the "Application Period"), and respectfully represents as follows:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      On October 10, 2008, the Court entered an order directing the appointment of the Borrowers Committee (D.I. 6220).  On October 21, 2008, the United States Trustee appointed Mr. Sam Acquisito, Mr. Christopher Bilek, Ms. Florence Dandridge, Ms. Grace Graves, Mrs. Delena Lamacchia, Ms. Penny Montague and Ms. Paula Rush as members of the Borrowers' Committee.

4.      At a hearing on October 22, 2008 – prior to the first meeting of the Borrowers Committee or its retention of counsel – the Court placed monetary and scope limitations on

6

counsel to be retained by the Borrowers Committee, without prejudice to the right of the Borrowers Committee to revisit such restrictions with the Court. Based on this ruling, the Court entered an order on November 4, 2008, supplementing the order directing the appointment of the Borrowers Committee (D.I. 6495). The Borrowers Committee subsequently has filed an application seeking to increase the cap on amounts that may be paid to its counsel. That application remains pending.

5.    On December 8, 2008, an order was entered approving retention of co-counsel for the Borrowers Committee *nunc pro tunc* to October 22, 2008 (D.I. 6687).

6.    Zuckerman has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

7.    This First Interim Fee Application seeks compensation for fees of $177,434.50 and reimbursement of expenses of $9,235.38 incurred during the Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases and the novel role of the Borrowers Committee, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

8.    During the Application Period, Zuckerman provide legal services to the Borrowers Committee and worked closely with Gilbert Oshinsky LLP. The invoices attached as Exhibit A hereto detail the time recorded, the professionals of the firm providing services, and

2178273.1

provides a daily breakdown of the total time spent by each professional, in each project category, and of the disbursements during the Application Period.

9.     Zuckerman performed legal services for the Borrowers' Committee in the project categories described below and maintained separate matter numbers for each of the following project areas.  The primary services provided by matter are described by subject matter below.

10.     <u>Committee General</u>:  During the Application Period, Zuckerman worked closely with co-counsel and the Borrowers Committee to determine what issues were relevant and important to borrowers and to develop a settlement and litigation strategy as a result.  Zuckerman spoke regularly with co-counsel and conducted regular meetings with the Borrowers Committee. Zuckerman drafted bylaws for the Borrowers Committee and worked out the terms of a confidentiality agreement with the Debtors.

11.     Zuckerman reviewed documents produced by the Debtors or obtained through other sources to gain familiarity both with specific case issues as well as with borrower issues generally.    Zuckerman also attempted to gain information through third-party sources. Zuckerman attended meetings with counsel for the Debtors and counsel for the Creditors Committee in an effort to identify issues and seek acceptable resolution of such issues.  As a result of these meetings, the Borrowers Committee was able to obtain agreement to ensure that rights of borrowers would be protected notwithstanding the chapter 11 plan process.

12.     Zuckerman attempted to obtain discovery from the Debtors of their production to the SEC as an efficient and easy way to obtain information without undertaking a laborious, formal discovery process.    Zuckerman reviewed the SEC subpoenas and participated in discussions with counsel to facilitate production.  When Zuckerman's efforts did not appear to be bearing fruit, Zuckerman promptly drafted an application to have the Court allow such discovery.  On the eve of the hearing and the eve of trial, the Debtors produced substantial

2178273.1

information to the Borrowers Committee. Zuckerman promptly reviewed the information and obtained nuggets of useful information that it was able to use at the confirmation hearing.

13.     Zuckerman monitored the docket, reviewed hearing agenda, schedules and filed claims and other documents filed in the cases, and coordinated with the Court and opposing counsel regarding hearings, filings and forms of order. Zuckerman participated on regular calls with counsel for the Debtors and counsel for the Creditors Committee and attended relevant hearings. Zuckerman attorneys also traveled to New York, NY to attend meetings and to take a deposition. Zuckerman attorneys also traveled to Washington, DC to attend a meeting of the Borrowers Committee. All non-working travel time has been billed at 50% pursuant to Local Rule 2016-2(d).

14.     Retention / Fee Applications:  During the Application Period, Zuckerman drafted a joint retention application to retain both law firms engaged by the Borrowers Committee. Zuckerman prepared the necessary disclosure declaration and coordinated with co-counsel regarding his declaration. Zuckerman also worked with the Chair of the Borrowers Committee to ensure her understanding with the retention process.

15.     When it appeared that litigation over the Plan was imminent, Zuckerman speedily drafted an application to allow the Borrowers Committee to exceed its cap on fees and expenses of legal professionals and to allow the Borrowers Committee to retain a testifying expert. The Court promptly authorized the Borrowers Committee to retain a testifying expert, so Zuckerman drafted a retention application and disclosure declaration for Margot Saunders as the testifying expert for the Borrowers Committee. Zuckerman then addressed the comments of the Debtors and the Creditors Committee to obtain approval of the retention application.

16.     Disclosure Statement / Liquidation Plan:  During the Application Period, Zuckerman reviewed the various versions of the Debtors' Disclosure Statement and Plan and

9

determined what parts were objectionable. With a hearing on approval of the Disclosure Statement coming quickly after appointment of the Borrowers Committee, Zuckerman drafted the Borrowers Committee's objection to approval of the Disclosure Statement. Zuckerman then negotiated with counsel for the Debtors to resolve the objection by obtaining substantial additional disclosure in the document in the Disclosure Statement.

17.    Zuckerman participated in negotiations with other counsel concerning the Plan and communicated with the Borrowers Committee regarding the status and goals of such negotiations. When such negotiations did not appear to prove conclusive, Zuckerman then prepared for and jointly took the deposition of the Debtors' Rule 30(b)(6) representative. Zuckerman also began researching and drafting objections to the Plan. As a result, the Borrowers Committee filed a comprehensive objection to the Plan which required the adjournment of the confirmation hearing.

18.    Zuckerman assisted co-counsel in connection with the testimony of Margot Saunders and motions in limine regarding her testimony and the testimony of the witnesses supporting the Plan. Zuckerman also promptly prepared to take the deposition of the Creditors Committee's witness when informed that she would be testifying at trial and traveled to New York to take the deposition. Zuckerman also reviewed the revised Plan containing Article 17 governing rights of borrowers as well as the versions of the proposed Confirmation Order.

19.    Zuckerman participated in all aspects of the three-day trial at confirmation, although the two firms divided responsibilities for efficiency. Zuckerman prepared and conducted cross examinations of two of the three witnesses offered by the Debtors and the Creditors Committee and then prepared and delivered closing argument on the issues relating to the stipulated asset allocation, the liquidation analysis and the automatic stay.

20.     After the Court overruled the objections of the Borrowers Committee to confirmation of the Plan, Zuckerman worked with counsel for the Debtors to ensure that maximum protection was provided to borrower rights under the Plan and form of Confirmation Order.  Zuckerman even drafted and filed a certification of counsel to address one final point on the form of Confirmation Order when the Debtors and their constituencies did not agree.  As a result of Zuckerman's efforts, the Confirmation Order provides broader protections to borrowers generally.

21.     <u>Global Stay Relief</u>:  During the Application Period, Zuckerman briefly analyzed issues regarding pursuit of global relief for borrowers from the automatic stay outside of the Plan.

## DISBURSEMENTS

22.     Zuckerman's list of out-of-pocket disbursements during the Application Period, set forth on Exhibit B hereto, contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings.

23.     Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions and there is no surcharge for computerized research.

2178273.1

WHEREFORE, Zuckerman requests that the Court enter an interim order allowing

Zuckerman $177,434.50 in fee compensation and $9,235.38 for reimbursement of expenses

incurred during the Application Period, and granting Zuckerman such other and further relief as

is just.

Dated:  Wilmington, Delaware
        April 17, 2009

                                    ZUCKERMAN SPAEDER LLP

                                    _Virginia W. Guldi_

                                    Thomas G. Macauley (ID No. 3411)
                                    Virginia W. Guldi  (ID No. 2792)
                                    919 Market Street, Suite 990
                                    P.O. Box 1028
                                    Wilmington, DE 19899
                                    (302) 427-0400

                                    Co-Counsel to Official Committee
                                    of Borrowers

**VERIFICATION**

STATE OF DELAWARE )

                      )      SS:

NEW CASTLE COUNTY )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1.      I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2.      I have personally performed the legal services rendered by Zuckerman Spaeder LLP as Delaware counsel to the Official Committee of Borrowers (the "Borrowers Committee"), and am thoroughly familiar with all work performed on behalf of the Borrowers Committee)

3.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

12

2178273.1