**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., <u>et al.</u>, | ) ) ) | Case No. 07-11047 (CSS) |
| | ) | Jointly Administered |
| Debtors. | ) ) | |
| | ) | [Relates to Docket No. 7084] |

**JOINT RESPONSE OF JERROLD PALMER AND BRETT S. LOTSOFF TO DEBTORS'
THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Jerrold Palmer ("Palmer") and Brett S. Lotsoff ("Lotsoff"), by and through their undersigned counsel, hereby file their joint response (this "Response") to Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") [Docket No. 7084].

## BACKGROUND

A.  **Introduction**

1.  On January 10, 2004, American Home Mortgage Corp. ("AHMC") entered into certain agreements entitled "Offer of Equity Branch Membership" (as amended, modified, supplemented and restated from time to time, the "Agreements") with Palmer, Lotsoff, and others, to form and operate branches of AHMC (the "Branches") in and around Chicago, Illinois.

2.  This arrangement continued from January 10, 2004 until August 3, 2007 (the "Termination Date") when AHMC terminated the employment of all of the Branches' employees, including Palmer and Lotsoff.

3. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

B. **The Palmer Claim**

4. From January 2004 through the Termination Date, Palmer was employed as Senior Vice President / Branch Manager at the Northbrook, Illinois office (Branch 426) (the "Northbrook, Illinois Office") of AHMC. (Affidavit of Jerrold Palmer ¶ 1, a copy of which is attached hereto as **Exhibit A**.) In that capacity, Palmer was authorized to, among other things, instruct AHMC to pay bonuses to himself and other employees based upon merit and/or performance. (Palmer Aff. ¶ 2.)

5. During the course of his employment with AHMC, Palmer was consistently ranked among the very top producing loan officers at AHMC, both at the Northbrook, Illinois Office and nationally among AHMC's various branches. (Palmer Aff. ¶ 3.)

6. Prior to the Petition Date, Palmer earned a performance-based bonus of $80,000.00 (the "Palmer Performance Bonus") and an additional bonus of $150,000.00 (the "Branch-Based Bonus", and together with the Palmer Performance Bonus, the "Palmer Bonus") based upon 2007 sale volume. (Palmer Aff. ¶ 4.)

7. Pursuant to AHMC's policies and procedures, during the week of July 23, 2007, Palmer entered instructions into AHMC's internal web-based system (the "AHMC System") directing AHMC to pay the Palmer Performance Bonus. (Palmer Aff. ¶ 5.)

8. Michael Axelrood ("Axelrood"), Regional Vice President of AHMC and Palmer's immediate supervisor, subsequently approved the Palmer Performance Bonus, consistent with and pursuant to AHMC's policies and procedures. (Palmer Aff. ¶ 6.)

2

9. Pursuant to AHMC's policies and procedures, no further approvals were required to effectuate Palmer's entitlement to the Palmer Performance Bonus. (Palmer Aff. ¶ 7.)

10. Prior to the Termination Date, Palmer received notice of Axelrood's approval of the Palmer Performance Bonus via the AHMC System. (Palmer Aff. ¶ 8.)

11. Consistent with past practices, Palmer was not required to access the AHMC System for payment of the Branch-Based Bonus. (Palmer Aff. ¶ 9.) Rather, payment of such bonus was agreed to by Thomas Fiddler (an AHMC Executive Vice President and Axelrood's supervisor), and should have been paid but for the bankruptcy filing. (Palmer Aff. ¶ 10.)

12. On January 11, 2008, Palmer timely filed Proof of Claim No. 9048 for unpaid wages, salaries, and compensation for $240,950.00, $10,950.00 of which was filed as an unsecured priority claim. (Palmer Aff. ¶ 11.) Due to a mathematical error, Proof of Claim No. 9048 should be reduced by $10,950.00; thus, Proof of Claim No. 9048 should be reduced to $230,000.00 (the "Palmer Claim"), of which $10,950.00 is an unsecured priority claim (the "Palmer Priority Claim") pursuant to 11 U.S.C. § 507(a)(4). (Palmer Aff. ¶ 12.)

13. As of the Termination Date, Palmer has been unable to access the AHMC System to obtain documentation supporting the Palmer Claim. (Palmer Aff. ¶ 13.)

C. **The Lotsoff Claim**

14. From January 2004 through the Termination Date, Lotsoff was employed as Vice President / Senior Loan Officer at the Northbrook, Illinois Office. (Affidavit of Brett S. Lotsoff ¶ 1, a copy of which is attached hereto as **Exhibit B**.)

15. During the course of his employment with AHMC, Lotsoff was consistently ranked among the very top producing loan officers at AHMC, both at the Northbrook, Illinois Office and nationally among AHMC's various branches. (Lotsoff Aff. ¶ 2.)

3

16. Prior to the Petition Date, Lotsoff earned a performance-based bonus of $45,000.00 (the "Lotsoff Bonus"). (Lotsoff Aff. ¶ 3.)

17. Pursuant to AHMC's policies and procedures, during the week of July 23, 2007, Palmer entered instructions into the AHMC System, directing AHMC to pay the Lotsoff Bonus. (Lotsoff Aff. ¶ 4.)

18. Axelrood subsequently approved the Lotsoff Bonus, consistent with and pursuant to AHMC's policies and procedures. (Lotsoff Aff. ¶ 5.)

19. Pursuant to AHMC's policies and procedures, no further approvals were required to effectuate Lotsoff's entitlement to the Lotsoff Bonus. (Lotsoff Aff. ¶ 6.)

20. Prior to the Termination Date, Palmer received notice of Axelrood's approval of the Lotsoff Bonus via the AHMC System. (Lotsoff Aff. ¶ 7.)

21. On November 20, 2007, Lotsoff timely filed Proof of Claim No. 2861 for unpaid wages, salaries, and compensation for $45,000.00 (the "Lotsoff Claim"), of which $10,950.00 is an unsecured priority claim (the "Lotsoff Priority Claim") pursuant to 11 U.S.C. § 507(a)(4). (Lotsoff Aff. ¶ 8.)

22. As of the Termination Date, Lotsoff has been unable to access the AHMC System to obtain documentation supporting the Lotsoff Claim. (Lotsoff Aff. ¶ 9.)

D. **The Objection**

23. On October 30, 2007, this Court entered the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 1708], establishing January 11, 2008 as the deadline to file proofs of claims against the Debtors' estates.

24. On March 6, 2009, the Debtors filed the Objection, seeking disallowance of, *inter alia*, (i) the Palmer Claim on the basis that "[n]o amounts are due per Debtors' books and

4

records.  Per contract, employee needs to be employed on payment date to receive bonus", and (ii) the Lotsoff Claim on the basis that there is "[i]nsufficient documentation to assess validity of claim.  Debtors' books and records indicate no amounts are owed."

## **RESPONSE**

25.    Both the Palmer Claim and the Lotsoff Claim were timely filed in accordance with the Bar Date Order.  Moreover, both the Palmer Bonus and the Lotsoff Bonus were earned prior to the Petition Date.  Pursuant to AHMC's policies and procedures, Palmer properly entered instructions into the AHMC System to pay the Palmer Performance Bonus and the Lotsoff Bonus, and Axelrood subsequently approved such bonuses.  Additionally, consistent with the Debtors' practices, Palmer also earned the Branch-Based Bonus.  No further steps were necessary under AHMC's policies and procedures to approve the Palmer Bonus and the Lotsoff Bonus.

26.    As of the Termination Date, neither Palmer nor Lotsoff have been able to access the AHMC System to locate and provide documentation supporting their respective claims.

27.    Palmer's and Lotsoff's inability to access the AHMC System due to their termination, which was undoubtedly due to the Debtors' bankruptcy filings less than three days later, should not preclude allowance and payment of their respective claims.

WHEREFORE, Palmer and Lotsoff respectfully request that the Court enter an order (i) denying the Objection; (ii) allowing the Palmer Priority Claim and the Lotsoff Priority Claim in full as priority claims, with the remainder of the Palmer Claim and Lotsoff Claim allowed as unsecured claims; and (iii) granting such other and further relief as is appropriate.

Dated: April 17, 2009                                   Respectfully Submitted,

                                                                     **VEDDER PRICE P.C.**

                    By:      /s/ Ryan O. Lawlor
                          Attorneys for Jerrold Palmer and
                                Brett S. Lotsoff

Ryan O. Lawlor, Esq.
Michael M. Eidelman, Esq.
Stephanie K. Hor-Chen, Esq.
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone:     (312) 609-7500
Facsimile:     (312) 609-5005