## **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

## AFFIDAVIT OF JERROLD PALMER

I, Jerrold Palmer, having been properly deposed and sworn under oath, do hereby swear and affirm the following to be true:

1. From January 2004 through August 3, 2007 (the "Termination Date"), I was employed as Senior Vice President / Branch Manager at the Northbrook, Illinois office (Branch 426) (the "Northbrook, Illinois Office") of American Home Mortgage Corp. ("AHMC").

2. In that capacity, I was authorized to, among other things, instruct AHMC to pay bonuses to myself and other employees based upon merit and/or performance.

3. During the course of my employment with AHMC, I was consistently ranked among the very top producing loan officers at AHMC, both at the Northbrook, Illinois Office and nationally among AHMC's various branches.

4. Prior to August 6, 2007 (the "Petition Date"), I earned a performance-based bonus of $80,000.00 (the "Performance Bonus") and an additional bonus of $150,000.00 (the "Branch-Based Bonus", and together with the Performance Bonus, the "Bonus") based upon 2007 sale volume.

5. Pursuant to AHMC's policies and procedures, during the week of July 23, 2007, I entered instructions into AHMC's internal web-based system (the "AHMC System") directing AHMC to pay the Performance Bonus.

6. Michael Axelrood ("Axelrood"), Regional Vice President of AHMC and my immediate supervisor, subsequently approved the Performance Bonus, consistent with and pursuant to AHMC's policies and procedures.

7. Pursuant to AHMC's policies and procedures, no further approvals were required to effectuate my entitlement to the Performance Bonus.

8. Prior to the Termination Date, I received notice of Axelrood's approval of the Performance Bonus via the AHMC System.

9. Consistent with past practices, I was not required to access the AHMC System for payment of the Branch-Based Bonus.

10. Rather, payment of the Branch-Based Bonus was agreed to by Thomas Fiddler (an AHMC Executive Vice President and Axelrood's supervisor), and should have been paid but for the bankruptcy filing.

11. On January 11, 2008, I timely filed Proof of Claim No. 9048 for unpaid wages, salaries, and compensation for $240,950.00, $10,950.00 of which was filed as an unsecured priority claim.

12. Due to a mathematical error, Proof of Claim No. 9048 should be reduced by $10,950.00; thus, Proof of Claim No. 9048 should be reduced to $230,000.00 (the "Claim"), of which $10,950.00 is an unsecured priority claim (the "Priority Claim") pursuant to 11 U.S.C. § 507(a)(4).

13. As of the Termination Date, I have been unable to access the AHMC System to obtain documentation supporting the Claim.

FURTHER AFFIANT SAYETH NOT.

_____
JERROLD PALMER

Subscribed and sworn to before me
this 17 day of April, 2009.

_____
NOTARY PUBLIC

OFFICIAL SEAL
BETH D LEWIS
Notary Public - State of Illinois
My Commission Expires Oct 20, 2010

CHICAGO/#1926819.1