## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

---------------------------------------------------------------------x

KATHY S. KOCH, JARRETT PERRY,
GINA PULLIAM, MICHAEL S. SUROWIEC,
KATHLEEN WIELGUS, and PATRICIA WILLIAMS,
on their own behalf and on behalf of all other persons
similarly situated,

Plaintiffs,

- against-

AMERICAN HOME MORTGAGE CORP.,
AMERICAN HOME MORTGAGE ACCEPTANCE,
INC., AMERICAN HOME MORTGAGE
SERVICING, INC., AMERICAN HOME
INVESTMENT CORP., and AMERICAN
HOME MORTGAGE HOLDINGS, INC.,

Defendants.

Adv. Pro. No. 07-51688 (CSS)

---------------------------------------------------------------------x

### STIPULATION SETTING RESERVE WITH RESPECT TO CLAIMS
### ASSERTED BY WARN ACT CLASS ACTION PLAINTIFFS

This stipulation (the *"Stipulation"*) is made and entered into by and among (i) the above-

captioned debtors (the *"Debtors"*), (ii) the Official Committee of Unsecured Creditors of the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: AHM Holdings (6303); American Home Mortgage Investment Corp. (*"AHM Investment"*), a Maryland
corporation (3914); American Home Mortgage Acceptance, Inc. (*"AHM Acceptance"*), a Maryland
corporation (1979); American Home Mortgage Servicing, Inc. (*"AHM Servicing"*), a Maryland corporation
(7267); American Home Mortgage Corp. (*"AHM Corp."*), a New York corporation (1558); American Home
Mortgage Ventures LLC (*"AHM Ventures"*), a Delaware limited liability company (1407); Homegate
Settlement Services, Inc. (*"Homegate"*), a New York corporation (7491); and Great Oak Abstract Corp.
(*"Great Oak"*), a New York corporation (8580).

703159.011-1606822.3

Debtors (the "*Committee*") and (iii) Kathy S. Koch, Jarrett Perry, Gina Pulliam, Michael S. Surowiec, Kathleen Wielgus, and Patricia Williams (each a "*Class Representative*" and collectively, the "*Class Representatives*"), on behalf of themselves and similarly-situated class members (the "*Class Members*" and together with the Debtors, the Committee and the Class Representatives, the "*Parties*").

### RECITALS

WHEREAS, on August 6, 2007 (the "*Petition Date*"), each of the Debtors filed with the Bankruptcy Court for the District of Delaware (the "*Court*") a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "*Bankruptcy Code*"), initiating the Debtors' chapter 11 cases (the "*Chapter 11 Cases*") which are being jointly administered as *In re American Home Mortgage Holdlings, Inc., et al.* under Bankruptcy Case No. 07-11047 (CSS);

WHEREAS, on August 8, 2007, the Class Representatives filed a class-action complaint (the "*Initial Complaint*") commencing the above-captioned adversary proceeding (the "*WARN Action*") against Debtors American Home Mortgage Corp., American Home Acceptance, Inc., American Home Mortgage Servicing, Inc., American Home Investment Corp., and American Home Mortgage Holdings, Inc. (collectively, the "*Debtor-Defendants*"), on behalf of themselves and the Class Members, alleging that the Debtor-Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "*Federal WARN Act*") by ordering plant closings and/or mass layoffs on or about August 3, 2007 and thereafter, without providing sixty (60) days advance notice thereof. The Class Representatives further asserted that, as a consequence of this alleged failure, the affected employees have an administrative expense claim pursuant to § 503(b)(1)(A) and/or priority claim pursuant to § 507(a)(4)-(5) against the Debtor-Defendants for damages for the alleged sixty (60) day violation period;

WHEREAS, on August 14, 2007, the Committee was appointed;

WHEREAS, between August 30, 2007 and March 10, 2008, the Class Representatives

filed three (3) amended complaints containing allegations similar to those in the Initial

Complaint but also asserting claims under California Labor Code § 1400 *et seq*. (collectively

with the Federal WARN Act, the "*WARN Act*");

WHEREAS, certain Class Members filed proofs of claim against the Debtor-Defendants

in the Chapter 11 Cases for amounts allegedly owed under the WARN Act (the "*Individual*

*WARN Act Claims*");

WHEREAS, on November 20, 2007, the Class Representatives filed a motion for class

certification and other relief;

WHEREAS, on February 1, 2008, subsequent to an agreement between the Debtors, the

Committee and the Class Representatives, the Court granted class certification (the "*Class*

*Certification Order*");[2]

WHEREAS, on or about May 23, 2008, the Court entered an Order approving a joint

stipulation and agreement permiting the Committee to intervene in the WARN Action;

WHEREAS, on August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation*

*of the Debtors* (as amended, the "*Plan*") which provides that the Plan Trustee (as defined in the

Plan) shall establish reserves for disputed secured, administrative, priority and/or unsecured

claims or such claims which are allowed but not paid prior to the effective date of the Plan;

WHEREAS, on February 23, 2009, the Court entered an order confirming the Plan;

---

[2]   Further orders certifying a class and granting related relief were entered on May 21, 2008 and September 16, 2008.

WHEREAS, the Parties desire to set a reserve on account of the claims of the Class Members arising out of the WARN Action and the Individual WARN Act Claims for distribution purposes only;

NOW, THEREFORE, the Debtors, the Committee, the Class Representatives and the Class Members, by and through their counsel, stipulate and agree as follows:

1.      Upon the effective date of the Plan and *solely* for the purpose of satisfying Article 9 thereof, a reserve in the amount of $1.7 million (the "*WARN Reserve Amount*") shall be established on account of (i) any and all claims of the Class Members arising out of the termination of their employment with the Debtor-Defendants, whether based on the WARN Act or any other federal, state or local law, regulation or ordinance, (ii) the Individual WARN Act Claims, and (iii) any other claims asserting claims under the WARN Act or other law, regulation or ordinance of similar effect.

2.      For avoidance of doubt, this Stipulation shall establish a reserve for distribution purposes only.  This Stipulation shall not be construed in any manner to determine the validity, priority or amount of the claims asserted in the WARN Action or the Individual WARN Act Claims and all of the Parties' rights with respect thereto are expressly reserved.

3.      This Stipulation may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

4.      The Court shall retain jurisdiction to enforce the terms and conditions of this Stipulation to the full extent allowed under law.

Dated:  April 20, 2009

YOUNG CONAWAY STARGATT & TAYLOR LLP

By: _____
Scott A. Holt (No. 3399)
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors


Dated:  April 10, 2009

MARGOLIS EDELSTEIN

By: _____
James E. Huggett (No. 3956)
750 S. Madison Street, Suite 102
Wilmington, DE  19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119

-and-

LANKENAU & MILLER LLP
Stuart J. Miller
132 Nassau Street, Suite 423
New York, NY  10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

-and-

THE GARDNER FIRM, P.C.
Mary E. Olson
M. Vance McCrary
J. Cecil Gardner
1119 Government Street
Post Office Drawer 3103

Mobile, AL 36652
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

Cooperating Attorneys for the NLG Maurice and Jane
Sugar Law Center for Economic and Social Justice

-and-

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Justin M. Swartz
Jack A. Raisner
Rene S. Roupinian
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Counsel for the Class

Dated: April 20, 2009                    **BLANK ROME LLP**

By: _____
Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801    David Carickhoff (3715)
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

**HAHN & HESSEN LLP**
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Counsel for the Committee