IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | Objections due: April 20, 2009[1] |
| ) | Related D.I. 7084 |

**RESPONSE OF VOYAGER INDEMNITY INSURANCE COMPANY TO DEBTORS' THIRTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Voyager Indemnity Insurance Company ("Voyager"), by and through its undersigned counsel, hereby submits its response and objection (the "Response") to the *Debtors' Thirty-First Omnibus (Substantive) Objection To Claims Pursuant To Section 502(B) Of The Bankruptcy Code, Bankruptcy Rules 3003 And 3007, And Local Rule 3007-1* [D.I. 7084] (the "Objection"). In support of its Response, Voyager respectfully represents as follows:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.

2. On October 30, 2007, this Court entered an order [Docket No. 1708] (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (the "Bar Date") as the final date and time for filing of proofs of claim against the Debtors' estates on account of claims arising prior to the Petition Date.

3. On January 9, 2008, Epiq Bankruptcy Solutions, LLC, the Debtors' court-appointed claims and noticing agent, received a copy of Voyager's proof of claim, which has

---

[1] Extended by agreement between the Debtors and Voyager.

{00284790;v1}

been designated claim number 7965 (the "Voyager Claim"). A copy of the Voyager Claim is attached hereto as "Exhibit A." The Voyager Claim consisted of the official proof of clam form and a narrative explanation of the basis for the Voyager Claim that, in part, provided:

> The Claim relates to the Compliance Plus Insurance Administration Agreement, dated effective April 1, 2005 (the "Administration Agreement"), the Hazard Plus and Compliance Plus Outsourcing Agreement, dated effective April 1, 2005 (the "Outsourcing Agreement"), the Hazard Plus Insurance Administration Agreement, dated effective April 1, 2005 (the "Hazard Administration Agreement"), as amended to add additional party in the Amendment – Additional Party – VIIC, dated effective November 1, 2006, the Confidentiality and Non-disclosure and Joint Marketing Agreement, dated effective August 31, 2006 (the "Non-disclosure Agreement"), the Billing and Collections Services Agreement, dated effective August 17, 2006 (the "Billing Agreement"), and Operations Manual, dated effective August 17, 2006 (the "Manual"). All of the agreements listed above will be collectively referred to as the "Insurance Agreements"). The Insurance Agreements are voluminous and therefore copies have not been filed with the Claim but are available upon request to counsel to the Insurance Companies listed below.

## RESPONSE

4. On March 9, 2009, the Debtors filed the Objection in which they object to the Voyager Claim on the grounds that Voyager has not provided sufficient documentation to allow the Debtors to determine whether they are liable for the Voyager Claim and/or the amount of the Voyager Claim. (Objection, ¶19).

5. Attached hereto as "Exhibits B" through "E" are copies of certain of the Insurance Agreements from which the Voyager Claim arises.[2] The Insurance Agreements provide sufficient information for the Debtors to confirm the validity of the Voyager Claim.

6. Voyager reserves all of its rights to amend or further supplement the Voyager Claim and/or this Response as may be appropriate.

---

[2] By the time of filing of this Response, copies of the Non-disclosure Agreement, Billing Agreement and Manual were not available. However, Voyager will supplement this Response with copies of those agreements if necessary.

{00284790;v1}    2

WHEREFORE Voyager respectfully requests that the Court overrule the Objection as it relates to the Voyager Claim and for such additional relief as the Court deems appropriate.

Dated: April 20, 2009

          ASHBY & GEDDES, P.A.

          /s/ Don A. Beskrone
          Don A. Beskrone (I.D. #4380)
          Gregory A. Taylor (I.D. #4008)
          500 Delaware Avenue, 8th Floor
          P.O. Box 1150
          Wilmington, DE 19801
          Telephone: 302-654-1888
          Facsimile: 302-654-2067

          -and-

          JORDEN BURT LLP
          Raul A. Cuervo
          1025 Thomas Jefferson Street, NW
          Suite 400 East
          Washington, D.C. 20007
          Telephone: (202) 965-8100
          Facsimile: (202) 965-8104

          Counsel to Voyager Indemnity Insurance Company