# EXHIBIT 1

## SALE PROCEDURES

## SALE PROCEDURES

Set forth below are the procedures (the "Sale Procedures") through which the debtors and debtors in possession in the chapter 11 bankruptcy cases styled as Case No. 07-11047 (CSS) (collectively, the "Debtors")[1] are authorized to conduct an auction for the sale (the "Sale") subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of all of the shares of common stock (the "Shares") of American Home Bank, a federal savings association organized under the laws of the United States of America (the "Bank") owned by its sole shareholder American Home Mortgage Holdings, Inc. ("AHM Holdings"), pursuant to terms substantially in the form of that certain Stock Purchase Agreement dated as of April 1, 2009 (the "SPA") by and among The Bancorp, Inc. (the "Purchaser"), AHM Holdings and the Bank, a copy of which is on file with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and is available to interested parties by contacting Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Craig Grear, Esq.), counsel to the Debtors. These Sale Procedures have been approved by the Bankruptcy Court pursuant to an order dated [_____] [D.I. •] (the "Sale Procedures Order").

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person, other than the Purchaser, interested in the acquisition of the Shares (a "Potential Bidder") must first deliver the following materials to the Debtors and their counsel (copies of which the Debtors shall provide to counsel for the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Committee")):

(a) An executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

(b) The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of the Sale, (x) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors and (y) the written commitment acceptable to the Debtors of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with the Sale. In the event that a Potential Bidder is unable to provide Financials, the Debtors may accept such other information sufficient to demonstrate to the satisfaction of the Debtors that such Potential Bidder has the financial wherewithal to consummate the Sale.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A "Qualified Bidder" is a Potential Bidder whose Financials or other information demonstrate the financial capability to consummate and perform obligations in connection with the Sale and that the Debtors, in consultation with the Committee, determine is reasonably likely to make a bona fide offer that may lead to a higher or otherwise better value than the value being received for the benefit of the Debtors' creditors under the SPA. The Debtors, in consultation with the Committee, will promptly advise the Potential Bidder in writing of the Debtors' determination whether or not the Potential Bidder is a Qualified Bidder. For purposes of these Sale Procedures, the Purchaser shall be deemed a Qualified Bidder.

**Obtaining Due Diligence Access**

The Debtors shall provide each Qualified Bidder reasonable due diligence information as requested. Site access shall be provided upon reasonable request to the Debtors at the discretion of the Debtors within their reasonable business judgment. The due diligence period will end on the Bid Deadline (as such term is defined below).

In connection with providing information to parties interested in acquiring the Shares, the Debtors shall not furnish any confidential information relating to the Debtors, the Bank, the Shares, or the Sale to any person except a Qualified Bidder and the Committee.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**Bid Deadline**

**The deadline for submitting bids by a Qualified Bidder shall be May 8, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").**

Prior to the Bid Deadline, a Qualified Bidder (other than Purchaser) that desires to make a bid shall deliver written copies of its bid (each, a "Bid") to: (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Carlo Colagiacomo, Esq.); (ii) Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes); (iii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Craig Grear and Sean Beach) and Cadwalader, Wickersham & Taft, LLP, One World Financial Center, New York, New York 10281 (Attn.: Lou Bevilacqua and Jeffrey Weissmann), counsel to the Debtors; (iv) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Gene Weil and John J. Nelligan); and (v) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Mark Indelicato, Mark Power and Don Grubman), counsel to the Committee.

> *Bids may also be submitted by email, on or prior to the Bid Deadline, to each of the following:*
> Carlo.Colagiacomo@americanhm.com;
> knystrom@zolfocooper.com; bfernandes@zolfocooper.com;
> cgrear@ycst.com; sbeach@ycst.com;
> louis.bevilacqua@cwt.com; Jeffrey.weissmann@cwt.com;
> gweil@milestonecap.com; jnelligan@milestonecap.com;
> mpower@hahnhessen.com; mindelicato@hahnhessen.com;
> and dgrubman@hahnhessen.com.

**Due Diligence From Bidders**

Each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtors, in consultation with the Committee, to determine that a bid made by such Qualified Bidder is not a Qualified Bid.

**Bid Requirements**

A Bid (other than the SPA) must be a written irrevocable offer from a Qualified Bidder and:

1. State that the Qualified Bidder offers to consummate the Sale pursuant to an agreement that has been marked to show amendments and modifications to the SPA, including price and terms, that are being proposed by the Qualified Bidder, as applicable, (the "Marked Purchase Agreement");

2. The value of such Bid must be higher or otherwise better, as determined by the Debtors in consultation with the Committee, than the value of (i) the Purchase Price (as defined in the SPA), (ii) the amount of the Break-Up Fee (as defined in the SPA) which, for purposes of determining this calculation, shall be deemed to equal $400,000, and (iii) $500,000;

3. Attach a proposed business plan for the Bank that, in the Debtors' discretion after consultation with the Committee, is likely to be accepted by the Office of Thrift Supervision (the "OTS");

4. Confirm that the offer shall remain open and irrevocable until the entry of a final non-appealable order by the Bankruptcy Court approving the Sale to the Successful Bidder;

5. Enclose a copy of the proposed Marked Purchase Agreement;

6. Be accompanied with a certified or bank check or wire transfer in an amount equal to $1 million as a minimum good faith deposit (the "Minimum Deposit"),

3

which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the Bid;

7. Be on terms that are not materially more burdensome to the Debtors or conditional than the terms of the SPA;

8. Not be conditioned on obtaining financing or the outcome of any due diligence by the Qualified Bidder;

9. Not request or entitle the Qualified Bidder to any break-up fee or similar type of payment; and

10. Fully disclose the identity of each entity that will be bidding for the Shares or otherwise participating in connection with such Bid, and the complete terms of any such participation.

A Bid received from a Qualified Bidder and that meets the requirements set forth above will be considered a "Qualified Bid" if the Debtors believe, in consultation with the Committee, that such Bid would be consummated if selected as a Successful Bid (as defined herein). Notwithstanding anything herein to the contrary, the SPA submitted by Purchaser shall be deemed a Qualified Bid, which shall remain open and irrevocable until the closing of the Sale to the Successful Bidder.

After the Bid Deadline, and after consulting with the Committee, the Debtors shall determine which Qualified Bid represents the then-highest or otherwise best bid (the "Initial Bid"). Prior to the commencement of the Auction, the Debtors shall distribute copies of the Initial Bid to each Qualified Bidder.

**Auction**

If the Debtors receive a Qualified Bid from a Qualified Bidder (other than the SPA) by the Bid Deadline, an auction (the "Auction") with respect to the Sale will take place on **May 12, 2009 at 10:00 a.m. (prevailing Eastern Time)** (the "Auction Date") at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, or such later time and place as the Debtors may provide so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders, and other invitees. If, however, no such Qualified Bid other than the SPA is received by the Bid Deadline, the Auction will be deemed canceled, the SPA will be deemed the Successful Bid, and the Debtors will seek authority from the Bankruptcy Court to consummate the Sale contemplated by the SPA.

If an Auction is held, the following rules for its conduct (the "Auction Rules") shall be observed:

1. Only a Qualified Bidder who has submitted a Qualified Bid by the Bid Deadline will be eligible to participate at the Auction. Only the authorized representatives of the Qualified Bidders that submitted a Qualified Bid, the Committee and the Debtors shall be permitted to attend the Auction.

4

2. At the Auction, Qualified Bidders will be permitted to increase their Qualified Bids. The bidding at the Auction shall start at the value of the highest or otherwise best Initial Bid, as determined by the Debtors in consultation with the Committee, and then continue in value increments of at least $250,000. The Debtors, in consultation with the Committee, reserve the right to increase or decrease the bid increment at their discretion.

3. Each Qualified Bidder will be permitted a fair, but limited, amount of time (no more than one half hour, unless otherwise agreed by the Debtors in consultation with the Committee) to respond to the previous bid at the Auction. Bidding at the Auction will continue until such time as the highest or otherwise best offer is determined in accordance with these Sale Procedures.

4. The Debtors will, from time to time, in an open forum, advise Qualified Bidders participating in the Auction of the then highest or otherwise best bid(s).

5. The Auction may be adjourned by the Debtors, in consultation with the Committee. Reasonable notice of the time and place for the resumption of the Auction will be given to all Qualified Bidders, the Committee and other invited parties.

6. Immediately prior to concluding the Auction, the Debtors, in consultation with the Committee, shall (a) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale process and the best interests of the Debtors' estates and creditors; (b) determine and identify the highest or otherwise best Qualified Bid (the "Successful Bid") and the Qualified Bidder submitting such bid (the "Successful Bidder"); and (c) have the right to reject any and all bids.

7. Within one business day of the completion of the Auction, the Successful Bidder shall complete and execute all agreements, instruments, or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.

**Acceptance of the Successful Bid**

The Debtors will present the results of the Auction to the Bankruptcy Court at the Sale Hearing (as defined below), at which certain findings may be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Sale Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Shares and is in the best interests of the Debtors and their creditors.

If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction and (ii) definitive documentation has been executed in respect thereof. Such acceptance is conditioned upon

approval by the Bankruptcy Court of the Successful Bid and the entry of an Order approving such Successful Bid.

**Sale Hearing**

A hearing to consider approval of the Sale to the Successful Bidder (or to approve the SPA if no Auction is held) will take place on **May 15, 2009 at 1:00 p.m. (prevailing Eastern Time)** before the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801 (the "Sale Hearing").

**Return of Minimum Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bidder, the Minimum Deposits of all Qualified Bidders required to submit such a deposit under the Sale Procedures shall be returned upon or within three (3) business days after entry of a final non-appealable order approving the Sale by the Bankruptcy Court. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale and applied in accordance with the Successful Bid.

**Reservation of Rights**

The Debtors in consultation with the Committee reserve the right as they may reasonably determine to be in the best interests of their estates and creditors to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or otherwise best bid, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures, the Sale Procedures Order or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtors and their estates; (v) determine whether the business plan for the Bank proposed by a Qualified Bidder is likely to be acceptable to the OTS; (vi) waive terms and conditions set forth herein with respect to all potential bidders, (vii) impose additional terms and conditions with respect to all potential bidders, (viii) extend the deadlines set forth herein, (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Sale Procedures as they may determine to be in the best interests of their estates or to withdraw the Sale Motion at any time with or without prejudice.