UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware corporation, ) | Case No. 07-11047 (CSS) |
| et. al., ) | Jointly Administered |
| ) | |
| Debtors, ) | |
| ) | |
| Dr. David and Elisabeth Jackson ) | |
| Movants, ) | **Objection Deadline:** April 16, 2009 |
| ) | **Hearing Date: TBD** |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS., et. al., ) | |
| ) | |
| Respondent. | |

FILED 2009 APR 13 PM 12:39 CLERK US BANKRUPTCY COURT DISTRICT OF DELAWARE

### EMERGENCY MOTION OF Dr. David and Elisabeth Jackson

### FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY

### UNDER SECTION 362 OF THE BANKRUPTCY CODE

Dr. David and Elisabeth Jackson ("Movants"), party in interest herein, hereby move the Court for an emergency order terminating or annulling the automatic stay, imposed in this case by § 362(a) of Title 11, United States Code, to permit Movants to file a civil action complaint against one or more Debtor-related entities. A copy of the complaint, which has not been served on any Defendant as of the date of this Motion, is attached. No summonses have been issued pending the disposition of this Motion.

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303);

1

American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "AHM Servicing"), a Maryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Due to the tremendous hardship of Movants being located hundreds of miles away and unsuccessful efforts to enlist the help of a Delaware attorney, Movants respectfully ask for a telephonic hearing if Debtors object to this Relief from Stay motion. In support of this Motion to terminate stay, the Movants respectfully represents to the Court as follows:

## BACKGROUND

(1) This complaint and relief from stay motion focuses on the originator of this mortgage loan #0001215617 on property known as **12787 Lavender Keep Circle Fairfax VA., 22033**. American Home and all parties to the **American Home Mortgage Investment Trust 2006-2**, acted in conspiracy with broker, Carteret, an agent of American Home through debtor entity American Brokers Conduit. This loan was table funded in fact and assigned to American Home immediately after making loan application.

2

(2) The complaint is in reference to a refinance transaction and the related security interest held on the property, identified as being held in **American Home Mortgage Investment Trust 2006-2**, a Delaware Statutory Trust. The origination involved multiple parties acting in collusion and civil conspiracy with one another to defraud Movants.

(3) The loan was originated for the benefit of all of the following parties:

**The Originator - American Home Mortgage Investment Corp.** is a Maryland corporation that originates mortgage loans through its direct and indirect wholly-owned subsidiaries. The Originator conducts lending through retail and wholesale loan production offices and its correspondent channel as well as its direct-to-consumer channel supported by the Originator's call center. The Originator operates more than 600 retail and wholesale loan production offices located in 45 states and the District of Columbia and makes loans throughout all 50 states and the District of Columbia. The Originator has been originating mortgage loans since its incorporation in 1988, and has been originating hybrid mortgage loans since such date. The principal executive offices of the Originator are located at 538 Broadhollow Road, Melville, New York 11747.

**THE TRUST**
**American Home Mortgage Investment Trust 2006-2** (Subject) (**0001365771**)
IRS No.: | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **FWP** | Act: **34** | File No.: **333-131636-01** | Film No.: **06935311**
SIC: **6189** Asset-Backed Securities

Commission File Number of issuing entity: **333-131636-01 American Home Mortgage Investment Trust 2006-2** (Exact name of issuing entity as specified in its charter)

Business Address
520 BROADHOLLOW RD
MELVILLE NY 11747
(516) 620-1072

Mailing Address
520 BROADHOLLOW ROAD
MELVILLE NY 11747

**PARTIES ASSOCIATED WITH TRUST**

American Home Mortgage Investment Trust 2006-2 created pursuant to a Trust Agreement, dated as of June 27, 2006 (such agreement, as amended by the Amended and Restated Trust Agreement, dated June 30, 2006, being referred to herein as the "Trust Agreement") among **American Home Mortgage Securities LLC**, as depositor, **Wilmington Trust Company**, as owner trustee (the "Owner Trustee") and **Deutsche Bank Trust Company Americas**, solely in its capacity as indenture trustee (the "Indenture Trustee"), **Wells Fargo Bank, N.A.**, as securities administrator, as certificate registrar (the "Certificate Registrar").

3

**SPONSOR**
**American Home Mortgage Acceptance, Inc**. (Exact name of **sponsor** as specified in its charter)
New York (State or other jurisdiction of incorporation or organization of the issuing entity)

**ISSUING ENTITY**
**American Home Mortgage Investment Trust 2006-2 (Issuing Entity)** Wells Fargo Bank, N.A. (Master Servicer) /s/ Kelly Rentz Kelly Rentz, Officer Date: December 11, 2006 27,

**DEPOSITOR**
Commission File Number of depositor: **333-131636 American Home Mortgage Securities LLC** (Exact name of **depositor** as specified in its charter)

Limited Liability Company: *American Home Mortgage Securities LLC*
Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808

*(Exact name of registrant as specified in its charter)*

| Delaware | 333-131641-01 | 20-0103914 |
|---|---|---|
| *(State or Other Jurisdiction of Incorporation)* | *(Commission File Number)* | *(I.R.S. Employer Identification No.)* |
| 538 Broadhollow Road Melville, New York | | 11747 |

By:    /s/ Alan B. Horn
Name:  Alan B. Horn
Title: Executive Vice President


**AHMIT 2006-2 – American Home Mortgage Securities LLC**

| | |
|---|---|
| Issuing Entity or Trust | American Home Mortgage Investment Trust 2006-2. |
| Title of Series | Mortgage-Backed Notes, Series 2006-2. |
| Cut-off Date | With respect to the mortgage loans June 1, 2006 and the HELOCs, June 20, 2006. |
| Closing Date | On or about June 30, 2006. |
| Depositor | American Home Mortgage Securities LLC. |
| Sponsor | American Home Mortgage Acceptance, Inc., an affiliate of the depositor and the RMBS Servicer, and one or more special purpose entities established by American Home Mortgage Acceptance, Inc. or one of its subsidiaries. |
| RMBS Master Servicer | Wells Fargo Bank, N.A. |
| RMBS Servicer | American Home Mortgage Servicing, Inc. |
| Indenture Trustee | Deutsche Bank Trust Company Americas. |
| Owner Trustee | Wilmington Trust Company. |

4

Credit Enhancer                           For the benefit of the Class V-A Notes only, CIFG Assurance North America, Inc.

Securities Administrator                  Wells Fargo Bank, N.A.

(4) This loan was serviced by the predatory loan servicing unit known as American Home Mortgage Servicing (AHMSI). American Home Mortgage Servicing did violate RESPA by not responding appropriately to a RESPA qualified written request, and failing to rescind the loan as requested.

(5) American Home never informed MOVANTS that an investigation was conducted and the outcome because they failed to conduct an investigation.

(6) American Home Mortgage Servicing did not respond as required under TILA 1641 (f)(2), and, together with other parties named in the Complaint, obfuscated and failed to provide material information to Plaintiffs in order to hinder Plaintiffs' investigation and efforts, and with the end of seeking to shelter ALL parties to the TRUST from legitimate claims.

American Home Mortgage Investment Trust 2006-2, **American Home Mortgage Securities LLC**, as depositor, **Wilmington Trust Company**, as owner trustee (the "Owner Trustee") and **Deutsche Bank Trust Company Americas**, solely in its capacity as indenture trustee (the "Indenture Trustee"), **Wells Fargo Bank, N.A.**, as securities administrator, as certificate registrar (the "Certificate Registrar").

(7) After American Home originated Movants loan, Movants loan was transferred to **American Home Mortgage Securities LLC**, and parked in a separate legal entity and statutory trust known in the bankruptcy Court as AHMIT 2006-2. This Trust entity is outside the Bankruptcy, and it is believed at this time the Debtor sold all residual interest in this trust. Breach and EPD claims have been made for the benefit of this Trust.

(8) Movants originally tried to negotiate with American Home Servicing at 4600 Regent

5

Boulevard, Suite 200 Irving, TX 75063 and negotiation continued after the unit transferred to Wilbur Ross and AH Mortgage Acquisition Co., Inc., an affiliate of WL Ross & Co. LLC ( New Owner of American Home Servicing after 4/11/08)1166 Avenue of the Americas New York New York 10036.

(9) Neither American Home Mortgage Servicing or the new AHMSI under Ross ever complied with disclosure and named Wells Fargo Bank, N.A. as Master Servicer or disclosed the true owner of the note.

(10) American Home has refused all pleas for dialogue, for information, or offered any assistance to resolve the issues presented herein. American Home Mortgage never complied as required under TILA 1641(f)(2), which was requested in a RESPA LETTER dated May 10, 2008, which was confirmed as received.

(11) Other parties were complicit in these activities including, Wells Fargo as Master Servicer, and all other owners of record in American Home Mortgage Securities LLC, and parties to American Home Mortgage Investment Trust 2006-2.

(12) This loan was originated through fraud and deception arising, in part, out of an undisclosed YSP-based incentive and other material misrepresentations and material omissions designed to induce Plaintiffs, by Fraud, to enter into the loan transaction. Said conduct was accomplished by, inter alia, asserting certain detrimental terms in the loan contract. American Home negligently processed this loan with lax underwriting standards, kickback incentives and fraud.

(13) AHM was negligent in the origination underwriting and monitoring of vendors it controlled, negligent in the securitization and insuring of the loans, and negligent in

6

the subsequent servicing of this loan.

(14) AHM lax underwriting and internal corporate culture allowed and facilitated additional misrepresentations to pass the loan to the next level of securitization and credit enhancement insurance. To add to the damage AHM failed to engage in any loss mitigation.

## **RELIEF FROM STAY**

(15) Movants are seeking relief from the automatic stay to file a complaint in the United States District Court for the Eastern District of New York against, among others, a wholly owned subsidiary of Debtor American Home Mortgage Holdings, *et al.*, ("Debtor"), and other associated non debtor parties.

(16) Movants have been unable to initiate the action due to the automatic stay imposed and have exhausted every other means of a remedy other than legal action. The Movants financial and emotional health is at substantial risk.

(17) The complaint further includes, multiple Defendants in various jurisdictions, therefore it would be inequitable and impossible to prosecute this action in Delaware.

(18) Maintaining the stay will cause Movants irreparable harm that far outweighs any harm it may cause to the Debtor.

(19) Movants have exhausted every other avenue for resolution, and it is abundantly clear, short of a lawsuit, complete with discovery, interrogatories, and subpoenas, Movants will never get any resolution, and the due process they are entitled to. Denying relief from stay will significantly prejudice Movants. Debtor is a necessary and indispensable party to Movants suit.

## THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

**(20)** Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 3269(d). There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines), 152 B.R. 420, 424 (D.Del. 1993).

(21) Cause may be established by a single factor such as a desire to permit an action to proceed in another tribunal or the lack of any connection with or interference with the pending bankruptcy case. Izzarelli v. Rexene (In re Rexene), 141 B.R. 574, 576 (Bankr.D.Del.1992); American Airlines, Inc., 152 B.R. at 426, ("Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.") (Emphasis added)

(22) In determining whether to grant relief from stay, courts generally consider three factors: (1) whether any great prejudice to either the bankrupt estate or the Debtor will result from continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor and (3) whether the creditor has a probability of prevailing on the merits. American Airlines, 152 B.R. at 424;   Izzarelli, 141 B.R. at 576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit Athletic Footwear), 193 B.R. 713, 718 (Bankr.D.Del 1996).

(23) The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor." Congress did not favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws.

Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt ..... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. §

8

523(a)(2)(A).

It is not only the actual value of the "money, **property,** services, or . . . credit" the debtor obtained through alleged fraud that is **non-dischargeable** in bankruptcy, but also treble "punitive" damages and attorney's fees and costs related to the alleged fraud. This was made clear in a March 25, 1998 decision of the Supreme Court of the United States in Cohen v. de la Cruz.

Debts which can't be discharged in bankruptcy....

(8) Debts incurred due to false statements made with the intent to deceive

(9) Fraud committed in a fiduciary capacity, such as embezzlement or larceny

(10) Punitive damage claims for "willful and malicious" acts

In re Arm, 87 F.3d 1046 (9th Cir. 1996)

§ 523(a)(2) Indirect benefit from fraud in which debtor participates is sufficient to find debt is nondischargeable.

In re Arm, 87 F.3d 1046 (9th Cir. 1996)

"We make clear, what we have not held before, that the indirect benefit to the debtor from a fraud in which he participates is sufficient to prevent the debtor from receiving the benefits that bankruptcy law accords the honest person. *See In re Ashley*, 903 F.2d 599, 604, n. 4 (9th Cir. 1990)."

In re Arm, 175 B.R. 349 (9th Cir. B.A.P. 1994), *aff'd*, 87 F.3d 1046 (9th Cir. 1996)

Benefit to debtor need not be direct.

In re Begun, 136 B.R. 490, 494 (Bankr. S.D. Ohio 1992)

"False Pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression . . . . A false pretense has been defined to include a "mute charade" where the debtor's conduct is designed to convey an impression without oral representation. . . . . A "false representation" on the other hand is an expressed misrepresentation.

In re Levy, 951 F.2d 196 (9th Cir. 1991), *cert. denied*, 504 U.S. 985 (1992)

Punitive damage award not excepted from discharge under § 523(a)(2).

In re Britton, 950 F.2d 602 (9th Cir. 1991)Punitive damages not discharged under § 523(a)(6). Review of standard.

In re Graziano, 35 B.R. 589, 594 (Bankr. E.D.N.Y. 1983)
Embezzlement = "fraudulent appropriation by a person to whom such property has been entrusted or into whose hands it has lawfully come."

## LIFTING THE STAY WILL NOT PREJUDICE AMERICAN HOME OR THE BANKRUPT ESTATE

(24)  American Home Mortgage Holdings, Inc., et. al., is a large corporation, which prior to the bankruptcy was conducting business on a nation-wide scale. In addition, it is possible that the Trust, which owns Movants loan will be the party who will have to defend the suit. This Trust is a separate legal entity which can be sued and which holds insurance.

(25) In the event of a ruling in favor of Movants in the Federal Court Action, the insurers and other parties, and not the Debtor, will potentially be saddled with the burden and cost of defending the suit and any subsequent recovery. See, Collier on Bankruptcy, 15th Ed. Revised, § 362.07[3][a][i]
("When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the Debtor, if necessary, or directly against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets...[m]oreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.")

## THE HARDSHIP TO MOVANT OUTWEIGHS ANY HARDSHIP TO DEBTOR

(26) Movants will be severely prejudiced if relief from stay is not granted.  American Home is a necessary and indispensable party in the action, whose participation as a

defendant is critical to Movants presentation of case. The harm to the Movants maintaining the stay considerably outweighs any prejudice to the Debtor or the estate.

(27) Movants complaint is attached and needs to be filed immediately without delay due to statutory constraints.

(28) It is urgent that Movants get relief from the automatic stay to ensure the right to due process.

## MOVANTS WILL PREVAIL ON THE MERITS

(29) The facts as fully set forth in the complaint, demonstrate the seriousness of the allegations and the substantial likelihood that Movants will prevail on the merits.

(30) Based on the foregoing, Movants has demonstrated a sufficiently strong possibility of prevailing on the merits to justify granting relief from the automatic stay. ( See, American Airlines, Inc., 152 B.R. at 426, ("Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay.")

(31) A copy of Movants civil action Complaint is attached hereto.

## CONCLUSION

(32) Movants are entitled to relief from the automatic stay for the reasons stated herein. Movants right to petition for redress of grievances would not be adequately protected if the stay is to remain in full force and effect, in that Debtor will not be made to answer for its alleged tortious and negligent acts.

(33) Borrowers/Movants have no alternative but to file lawsuits to address the issues they face. AHM is not engaging in any loss mitigation, or any other specific rules set forth by loan insurers, investors and others.

11

**WHEREFORE**, Movants pray:

(1) For an Order granting Movants relief from the automatic stay provisions of section 362 of the Bankruptcy Code;

(2) For an Order permitting Movants to initiate the Court Action to prosecute the complaint against American Home Mortgage Holdings., *et. al.*; and

(3) For such other and further relief as is to the Court deems just and proper.

_____  Dated: MARCH 30, 2009
Dr. David Jackson

_____  Dated: MARCH 30, 2009
Elisabeth Judith Jackson

_____  Dated: April 1, 2009
Jeff Barnes, Esq.
e-mail: wjbarnes@cox.net

Las Vegas, Nevada office:
6655 West Sahara Avenue, Suite B200
Las Vegas, Nevada 89146
Tel: (702) 222-3202
Fax: (702) 804-8137
e-mail: info@InternationalMedArb.com

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>            Debtors,<br><br>Dr. David and Elisabeth Judith Jackson<br><br>Movants,<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS., et., al.,<br><br>            Respondent. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered |

## ORDER GRANTING EMERGENCY MOTION FOR

## **RELIEF FROM AUTOMATIC STAY**

Upon the emergency motion (the "Motion") of Dr. David and Elisabeth Judith Jackson ("Movants"), for relief from the automatic stay; and adequate notice was sufficient and proper; and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the automatic stay imposed by Section 362 of Bankruptcy Code is modified to enable Movants to file a lawsuit against Debtor entities.

Dated;_____

                                                                    _____
                                                                    The Honorable Christopher S. Sontchi
                                                                    United States Bankruptcy Judge

13

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___6___ day of ~~March,~~ April 2009, a copy of the foregoing Motion was mailed first class postage paid to:

Counsel for Debtors:
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box. 391
Wilmington DE 19899-0391
Phone: 302-571-6600
Fax: 302-571-0453

Official Committee of Unsecured Creditors
Mark Indelicato, Esq.
Hahn & Hessen LLP
488 Madison Ave. 14th & 15th Floor
New York, NY 10022

Joseph M. McMahon Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
Phone: 302-573-6491
Fax: 302-573-6497

_____ Dated: MARCH 30, 2009
Dr. David Jackson

_____ Dated: MARCH 30, 2009
Elisabeth Judith Jackson

_____ Dated: ~~MARCH~~ April 1, 2009
Jeff Barnes, Esq.
e-mail: wjbarnes@cox.net
Las Vegas, Nevada office:
6655 West Sahara Avenue, Suite B200
Las Vegas, Nevada 89146
Tel: (702) 222-3202
Fax: (702) 804-8137
e-mail: info@InternationalMedArb.com

14

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

_____ Dated: MARCH 30, 2009
Dr. David Jackson

_____ Dated: MARCH ___, 2009
Elisabeth Judith Jackson

_____ Dated: MARCH 1, 2009 (4pm)
Jeff Barnes, Esq.
 e-mail: wjbarnes@cox.net

Las Vegas, Nevada office:
6655 West Sahara Avenue, Suite B200
Las Vegas, Nevada 89146
Tel: (702) 222-3202
Fax: (702) 804-8137
e-mail: info@InternationalMedArb.com

16