# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                                   :   Chapter 11
                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                         :
                                                         :   Jointly Administered
                                                         :
        Debtors.                                         :   Objection Deadline: May 8, 2009 at 4:00 p.m. (ET)
                                                         :   Hearing Date: May 15, 2009 at 1:00 p.m.
-------------------------------------------------------- x
```

**DEBTORS' MOTION TO ENFORCE THIS COURT'S *SECOND ORDER PURSUANT TO 11 U.S.C. § 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT  OF REASONABLE COSTS AND EXPENSES* [D.I. 3010] OR, IN THE ALTERNATIVE, TO AUTHORIZE DEBTORS TO DESTROY CERTAIN LOAN FILES REQUESTED BY DEUTSCHE BANK NATIONAL TRUST COMPANY**

The above-captioned debtors and debtors in possession (the "Debtors"), by and

through their undersigned counsel, request entry of an order pursuant to section 105 of title 11 of

the United States Code (the "Bankruptcy Code") enforcing the terms of this Court's previous

orders regarding the return or destruction of certain Hard Copy Loan Files or, in the alternative,

authorizing the destruction of certain Hard Copy Loan Files requested by Deustche Bank

National Trust Company ("DBNTC"). In support of their Motion, the Debtors respectfully state

as follows:

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this

case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The

statutory predicates for the relief requested herein are sections 105, 363 and 554 of the

Bankruptcy Code, as complimented by Rule 6007 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").

## BACKGROUND

**A.     General Background**

2.     On the Petition Date each of the Debtors filed with this Court a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor is continuing to

operate its business and manage its properties as a debtor in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

3.     The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.     An official committee of unsecured creditors (the "Committee") was

appointed on August 14, 2007, and an official committee of borrowers (the "Borrowers

Committee") was appointed on October 21, 2008.  No trustee or examiner, other than a fee

examiner, has been appointed.

5.     The Debtors filed an Amended Chapter 11 Plan of Liquidation (as

amended, supplemented and/or modified, the "Plan") with the Court on November 25, 2008.

The Court confirmed the Plan on February 23, 2009.

2

**B.**    **Hard Copy Loan Files and Related Orders**

6.    In the ordinary course of the Debtors' pre-petition loan origination business, the Debtors maintained individual loan files, including copies of consumer loan applications, closing documents, titles and home appraisals.  The Debtors' loan origination personnel transmitted their mortgage loan files to the Debtors' headquarters in Melville, NY (collectively, the "Hard Copy Loan Files") for central storage in compliance with applicable federal and state laws.

7.    On December 14, 2007, the Debtors filed their motion [D.I. 2395] (the "Document Destruction/Return Motion") seeking entry of an order, pursuant to sections 105, 363 and 554 of the Bankruptcy Code, authorizing the Debtors to abandon and destroy the Duplicate Hard Copy Loan Files or, alternatively, to return Hard Copy Loan Files (to the extent a request was received prior to destruction of same) to the owner of such loans upon written request (the "Loan File Return Declaration") and payment of all reasonable costs and expenses associated with the retrieval, review and return.

8.    On January 14, 2008, the Court entered an order (the "First Disposition Order")[2] authorizing the immediate abandonment and destruction of only those Duplicate Hard Copy Loan Files for loan applications that did not close (i.e., files related to withdrawn, cancelled or rejected loans) (the "Imaged Withdrawn/Denied Files") [Docket No. 2724]. Consistent with the First Destruction Order, the Debtors destroyed the hard copies of approximately 130,945 Imaged Withdrawn/Denied Files.

9.    After the Debtors supplemented the Document Destruction/Return Motion, the Court entered a second order on February 19, 2008 [Docket No. 3010] (the "Second

---

[2]    A copy of the First Disposition Order is attached hereto as Exhibit A.

066585.1001

Disposition Order"),[3] which, among other things, authorized the Debtors to return Hard Copy

Loan Files to the legal owners and/or Master Servicers (each, a "Requesting Party") of the

underlying loans upon request, upon the filing a Loan File Return Declaration by March 14,

2008 (the "Return Request Deadline"). The Second Disposition Order expressly provided that

the Requesting Party shall be responsible for the reasonable costs and expenses (the "Return

Costs") associated with the return of the requested loan files depending upon the preferred

delivery method. The Court determined that $3.50 per folder was a reasonable estimate of the

costs and expenses for the return of such files if the Requesting Party picked up the documents at

a location specified by the Debtors.

> 10.    The Debtors received fourteen (14) timely Loan File Return Declarations,

requesting approximately 278,995 Hard Copy Loan Files in the aggregate. See D.I. 3271, 3275,

3289, 3290, 3291, 3294, 3297, 3300, 3302, 3304, 3305, 3307, 3327, and 3347.[4]

> 11.    On June 5, 2008, the Debtors filed their motion [Docket No. 4387]

seeking authority, pursuant to sections 105, 363, and 554 of the Bankruptcy Code, to destroy the

Non-Requested Loan Files in accordance with applicable non-bankruptcy law. On June 25,

2008, the Court authorized the Debtors to destroy the Non-Requested Loan Files [Docket No.

4858] (the "Third Disposition Order").[5]

---

[3]    A copy of the Second Disposition Order is attached hereto as Exhibit B.

[4]    Of these fourteen Loan File Return Declarations, three did not comply with the terms of the Second Order. Pursuant to their respective Loan File Return Declarations, Deutsche Bank National Trust Company [D.I. 3305] and LaSalle Bank National Association [D.I. 3347] have agreed to pay applicable Return Costs "only to the extent that sufficient funds are made available from the respective Trusts." In lieu of a Loan File Return Declaration, Wells Fargo Bank, N.A. filed an objection and reservation of rights to the Return Request Deadline established pursuant to the Second Order [D.I. 3307]. The Debtors have reserved all of their rights with respect to these Loan File Return Declarations, including, but not limited to, refusal to deliver Hard Copy Loan Files requested pursuant to the non-compliant Loan File Return Declarations.

[5]    A copy of the Third Disposition Order is attached hereto as Exhibit C.

C.     The DBNTC Loan File Return Declaration

12.     Prior to the Return Request Deadline, DBNTC, in its capacity as trustee for numerous securitization trusts, filed a Loan File Return Declaration [Docket No. 3305] (the "DBNTC Declaration"), a copy of which is attached hereto as Exhibit D.  Pursuant to the DBNTC Declaration, DBNTC requested Hard Copy Loan Files for all outstanding loans with missing loan file documents as listed on that certain "Document Exception Reports."  The Document Exception Reports were provided to Debtors' counsel via email on March 14, 2008.[6]

13.     In reliance on the DBNTC Declaration, the Debtors have (i) reconciled the loans requested by DBNTC (the "DBNTC Requested Loan Files"), not only with their books and records, but also compared to the other Loan File Return Declarations and various orders or agreements addressing the transfer of loan files; (ii) segregated the DBNTC Requested Loan Files for temporary storage in the Debtors' headquarters in Melville, New York; and (iii) attempted to coordinate the return of the DBNTC Requested Loan Files with DBNTC.

14.     To date, the Debtors have segregated approximately 101,842 DBNTC Requested Loan Files (approximately seven (7) truckloads); however, the DBNTC has failed to retrieve these documents despite repeated requests starting in July of 2008.  The Return Costs for the DBNTC Requested Loan Files is approximately $356,447.00.

15.     As a result of DBNTC's refusal to retrieve the DBNTC Requested Loan Files in accordance with the Second Disposition Order, the Debtors have been forced to maintain the DBNTC Requested Loan Files at their former headquarters in Melville, NY.  Maintenance of such a large volume of requested loan files in the headquarters has hindered the Debtors' ability to sort and destroy loan files and has required the Debtors to, among other things, maintain loan

---

[6]     Due to the volume of the Document Exception Reports, such reports are not attached to the Motion, but are available upon request.

066585.1001

files and related workforce well beyond the anticipated completion date of the loan file return

and destruction process.

## RELIEF REQUESTED

16.    Since entry of the DBNTC Declaration, the Debtors have actively tried to

return the DBNTC Requested Loan Files to DBNTC and have endeavored to provide additional

information requested by DBNTC regarding such files.  Despite the Debtors' best efforts,

DBNTC has not paid the applicable Return Costs and retrieved the requested files.  By this

Motion, the Debtors respectfully request an order of this Court that (i) enforces the terms of the

Second Disposition Order, (ii) requires DBNTC, within ten (10) days of entry of the Order to pay

the applicable Return Costs to the Debtors and retrieve the DBNTC Requested Loan Files; and

(iii) awards the Debtors (a) damages relating to the continued maintenance of the DBNTC

Requested Loan Files, and (b) fees and expenses associated with prosecuting this Motion.

17.    In the alternative, the Debtors request authority to immediately destroy the

DBNTC Requested Loan Files and the right to file a separate application to recover from

DBNTC the Return Costs and other damages relating to the filing of the DBNTC Declaration.

## BASIS FOR RELIEF REQUESTED

**A.    The Court Should Compel DBNTC to Pay the Return Costs, Retrieve the DBNTC
Requested Loan Files and Pay Damages Incurred By the Debtors**

18.    Pursuant to the Second Disposition Order, the Court "retain[s] jurisdiction

over all affected parties with respect to any matters, claims, or rights arising from or related to

the implementation and interpretation of th[e] order."  Moreover, section 105(a) of the

Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of the Bankruptcy Code," and the Court has

expansive equitable powers to fashion any order or decree which is in the interest of preserving

6

or protecting the value of the Debtors' remaining assets. See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986).

19.    Furthermore, it is well-established that bankruptcy courts, based on the reference of the inherent power of the district court contained in section 157(c) of title 28 of the United State Code, and on the broad statutory grant of equitable powers in section 105 of the Bankruptcy Code, have the inherent authority to enforce compliance with their lawful orders, to the extent such power is not restricted by statute. LaTrobe Steel Co. v. United Steel Workers, Etc., 545 F.2d 1336, 1350 (3d Cir. 1976); United States Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Indus.), 68 B.R. 690, 695-97 (Bankr. S.D.N.Y. 1986); Johns-Manville Sales Corp. v. Doan (In re Johns-Manville Corp.), 26 B.R. 919, 924 (Bankr. S.D.N.Y. 1983).

20.    Here, there are ample reasons to enforce the Second Disposition Order. A full year has passed since DBNTC affirmatively requested the DBNTC Requested Loan Files in accordance with the procedures set forth in the Second Disposition Order. Since that time, the Debtors have worked diligently on the reconciliation process and maintained the DBNTC Requested Loan Files for the benefit of DBNTC, yet, despite numerous attempts to turnover the DBNTC Requested Files on a rolling basis throughout this past year, DBNTC has refused to take responsibility for these files.

21.    Instead, DBNTC has requested that the Debtors provide information above and beyond what is required under the Second Disposition Order. In fact, the Debtors have provided loan detail manifests broken down by truckload and by trust. As a direct result of DBNTC's refusal to retrieve the loan files, the Debtors have had to bear direct administrative costs associated with the continued maintenance of the DBNTC Requested Loan Files, as well as indirect costs associated with the delay that such maintenance has caused with respect to the

entire loan file reconciliation process. It has become abundantly clear that DBNTC desires to force the Debtors to maintain the DBNTC Requested Loan Files, but has little interest in paying the Debtors for its work.

22.     As a result of DBNTC's failure to pay the appropriate Return Costs and retrieve the requested files, the Debtors have no choice but to move for the instant relief, pursuant to section 105 of the Bankruptcy Code, to enforce the terms of the Second Disposition Order and require that DBNTC comply with its requirements.

23.     Bankruptcy courts also have substantial discretion to impose a wide variety of sanctions to compel compliance with their orders and compensate the movant for actual losses suffered. Common sanctions include attorneys' fees, see Thomas v. Resolution Trust Corp. (In re Thomas), 184 B.R. 237, 242 (Bankr. M.D.N.C. 1995); In re Snider Farms, Inc., 125 B.R. 993, 996 (Bankr. N.D. Ind. 1991) (citing cases), coercive fines, see McLean Indus., 68 B.R. at 701 ($5,000 for each day defendant fails to comply); In re Affairs with a Flair, Inc., 123 B.R. 724, 727 (Bankr. E.D. Pa. 1991) (actual damages); Thomas, 184 B.R. at 241-42; Williams v. Clark (In re Milton Clark), 91 B.R. 324, 337 (Bankr. E.D. Pa. 1988), opinion supplemented, 96 B.R. 569 (Bankr. E.D. Pa. 1989); In re Haddad, 68 B.R. 944, 954 (Bankr. D. Mass. 1987), and imprisonment until the contempt is purged. In re Spanish River Plaza Realty Co., 155 B.R. 249, 254-56 (Bankr. S.D. Fla. 1993); In re Crabtree, 39 B.R. 702, 712-13 (Bankr. E.D. Tenn. 1984). Indeed, the United States Court of Appeals for the Second Circuit has held that, once a movant proves damages stemming from the contumacious behavior, a court has no discretion but to issue the appropriate remedial order. See Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir. 1979). Thus, the Debtors submit that this Court has ample

authority to grant the relief requested herein, including awarding the Debtors their fees and expenses in filing and prosecuting this Motion.

24.     Moreover, a failure to comply with a bankruptcy court order may also result in the issuance of a civil contempt order upon the showing of the following three elements: (i) the existence of a valid, final court order; (ii) contemnor had actual knowledge of the order; and (iii) contemnor disobeyed the order. Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995); see also In re Continental Airlines Inc., 236 B.R. 318, 331 (Bankr. D. Del. 1999) (Walrath, J.) (citing authorities).

25.     While the ultimate burden of proof lies with the movant, once a *prima facie* showing has been made, the burden of production shifts to the alleged contemnor to demonstrate an "inability" to comply with the order. Shervin v. Liebersohn (In re Shervin), 200 B.R. 109, 112 (E.D. Pa. 1996); In re Affairs with a Flair, 123 B.R. at 727 (burden on contemnor "strictly construed," and a showing of "substantial" or "good faith" efforts will not suffice). The movant's burden must be established by clear and convincing evidence. In re Shervin, 200 B.R. at 112.

26.     Here, there can be no dispute that DBNTC requested the files pursuant to the Second Disposition Order and has refused to pay the Return Costs and retrieve the files.

27.     For the foregoing reasons, the Debtors submit that not only does the Court have the inherent authority to grant the relief requested herein pursuant to section 105 of the Bankruptcy Code, but all the elements exist for this Court to enter an order of civil contempt against DBNTC, (i) enforcing the terms of the Second Disposition Order and the related DBNTC Declaration, (ii) requiring DBNTC to pay the Return Costs and retrieve the DBNTC Requested Loan Files; (iii) awarding the Debtors costs related to the maintenance of the DBNTC Requested

9

Loan Files since July, 2008; and (iv) awarding the Debtors fees and expenses in filing and

prosecuting this Motion.

**B.      Destruction of DBNTC Requested Loan Files Is an
          Appropriate and Necessary Alternative**

28.      Section 554 of the Bankruptcy Code provides that "[a]fter notice and a

hearing, the trustee may abandon any property of the estate that is burdensome to the estate or

that is of inconsequential value and benefit to the estate." Additionally, section 105(a) of the

Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title." The purpose

of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take

whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier

on Bankruptcy, ¶ 105.01 at 105-6 (15th ed. rev. 1999).

29.      Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee,

after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b)(1) of the Bankruptcy Code,

courts should generally approve a non-ordinary course transaction if the proposed use of estate

assets is within the debtor's reasonable business judgment. See e.g., In re Martin, 91 F.3d 389,

395 (3d Cir. 1996) (stating that the court generally defers to the trustee's judgment so long as

there is a legitimate business justification); In re Montgomery Ward Holding Corp., 242 B.R.

147, 153 (D. Del. 1999) (noting that courts have applied the "sound business purpose" test to

evaluate motions brought pursuant to section 363(b)); In re Delaware & Hudson R.R. Co., 124

B.R. 169, 175-76 (D. Del. 1991) (same).

30.    The Court should apply the business judgment standard in reviewing the Debtors' decision to abandon property that is either of inconsequential value or burdensome to the estate.  See In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("The trustee's power to abandon property is discretionary. . . .  The court only needs to find the trustee made:  1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted); Reich v. Burke (In re Reich), 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985) ("[I]f a trustee feels an asset is of inconsequential value and benefit to the estate or that it is 'burdensome to the estate,' he may abandon it." (emphasis in original)).

31.    Given that the Debtors have shut down the loan origination business, sold the servicing business, and are liquidating their remaining assets, the abandonment of the DBNTC Requested Loan Files is warranted under section 554(a) of the Bankruptcy Code, and the destruction, including the incurrence of costs associated with destruction, is not only permitted under section 363 of the Bankruptcy Code, but required under applicable consumer privacy laws.  The Debtors no longer need the DBNTC Requested Loan Files for their business operations and any continuing expenses relating to the DBNTC Requested Loan Files is an unnecessary administrative burden on the estates.  Indeed, the cost of maintaining the DBTNC Requested Loan Files is significant and must be reduced and eliminated as quickly as possible.

32.    Moreover, the maintenance of the DBNTC Requested Loan Files are having a direct detrimental impact on the Debtors' estates and their creditors.  The Debtors are utilizing the Debtors' headquarters, located in Melville, NY, as temporary space to conduct the sorting, return and destruction of the Hard Copy Loan Files.  Most significantly, failure to destroy the DBNTC Requested Loan Files is significantly impairing the Debtors' ability to return other Requested Loan Files, complete this process, and exit or reduce the amount of space

required at the Debtors' headquarters.  The Debtors' ability to continue the retrieval, sorting, and return of the Requested Loan Files is dependent upon having sufficient space to conduct such activities and provide temporary storage for the requesting parties to pick up their requested loan files.  The Debtors have analyzed, and continue to analyze, alternatives; however, the cost associated with transferring the equipment and the Hard Copy Loan Files already relocated to the Melville, NY headquarters is cost prohibitive.  Indeed, but for the DBNTC Declaration, the Debtors would have been authorized to destroy the DBNTC Requested Loan Files pursuant to the Third Disposition Order.

33.    In furtherance of its liquidation efforts, the Debtors are currently exploring office space alternatives.  As a result of any move, the Debtors would be forced to incur additional administrative expenses to transport and store the Hard Copy Loan Files (including the DBNTC Requested Loan Files) and necessary equipment to another location or require additional storage space at their current location.  Given the volume of the DBNTC Requested Loan Files, many of the Debtors' office location options will be eliminated if the Debtors are required to continue to store the files.  Such expenses and obstacles could be greatly reduced, if not eliminated, if the Debtors were authorized to destroy the DBNTC Requested Loan Files.  Accordingly, the Debtors submit that destruction of the DBNTC Requested Loan Files is the most appropriate under the circumstances.

## NOTICE

34.    Notice of this Motion will be provided to (i) counsel to DBNTC; (ii) the United States Trustee for the District of Delaware; (iii) counsel to the Creditors Committee; (iv) counsel to the Borrowers Committee; (v) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated

12

August 10, 2006; (vi) counsel to the Agent for the Debtors' Postpetition Lender; (vii) AH

Mortgage Acquisition Co.; and (viii) all parties entitled to notice under Del. Bankr. LR 2002-

1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or

further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter order that (i)

enforces the terms of the Second Disposition Order, (ii) requires DBNTC, within ten (10) days of

entry of the Order to pay the applicable Return Costs to the Debtors and retrieve the DBNTC

Requested Loan Files, and (iii) awards the Debtors (a) damages relating to the continued

maintenance of the DBNTC Requested Loan Files, and (b) fees and expenses associated with

prosecuting this Motion.  In the alternative, the Debtors request authority to destroy the DBNTC

Requested Loan Files and reserve the Debtors' rights to assert an action against DBNTC to

recover the Return Costs and other damages relating to the filing of the DBNTC Declaration.

Dated: April 27, 2009
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Margaret Whiteman Greecher
Robert S. Brady (No. 2847)
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher(No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession

DB02:7944670.1

066585.1001

## Exhibit A

**First Disposition Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------- x
In re:                                               :    Chapter 11
                                                     :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,               :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                     :
                                                     :    Jointly Administered
       Debtors.                                      :
----------------------------------------------------------------- x    Ref. Docket No. 2395
```

### ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554
### AUTHORIZING THE ABANDONMENT AND DESTRUCTION
### OF CERTAIN DUPLICATE MORTGAGE LOAN FILES

Upon consideration of the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363

and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan

Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of

Reasonable Costs and Expenses (the "Motion")² and it appearing that the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good and

sufficient cause to grant the Motion to the extent set forth herein, and good and adequate notice

of the Motion having been given, it is hereby

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage
Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland
corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267);
American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a
Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491);
and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538
Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd.,
Suite 200, Irving, Texas 75063.

[2]      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Motion.

*and subject to the comments of the Court at the hearing on the motion*

ORDERED that the Motion is granted to the extent set forth herein, and it is further

ORDERED that the Debtors are authorized to immediately abandon and destroy only those Duplicate Hard Copy Loan Files for loans that the Debtors did not fund (the "Duplicate Withdrawn or Denied Loan Files") in a manner consistent with the standard set forth in 16 C.F.R. § 682.3(a) and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

ORDERED that the Debtors may expend resources of the estate for the purposes of disposing of the Duplicate Withdrawn or Denied Loan Files; and it is further

ORDERED that any objections relating to the abandonment and destruction of Duplicate Withdrawn or Denied Loan Files are hereby overruled; and it is further

ORDERED that the remainder of the relief sought in the Motion is adjourned to February 1, 2008 at 11:00 AM (ET); and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this order.

Dated: January 14, 2008
       Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

## Exhibit B

**Second Disposition Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                       :    Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :    Jointly Administered
                                                             :
        Debtors.                                             :
------------------------------------------------------------- x    Ref. Docket Nos. 2395 and 2888

### SECOND ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES

Upon consideration of the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363

and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan

Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of

Reasonable Costs and Expenses [D.I. 2395] and the Debtors' Limited Reply and Supplement

related thereto [D.I. 2888] (the "Motion");[2] and it appearing that the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good and sufficient

cause to grant the Motion, and good and adequate notice of the Motion having been given, it is

hereby

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that any objections to the Motion related to the relief granted herein are hereby overruled, withdrawn or resolved; and it is further

ORDERED that the Debtors are authorized to return the Hard Copy Loan Files to the legal owners and/or Master Servicers (each, a "Requesting Party") of the underlying loans upon request as set forth below and upon payment of reasonable expenses for the retrieval, shipment and/or imaging as requested; and it is further

ORDERED that, within five (5) business days of entry of this Order, the Debtors shall serve this Order on all known entities holding an interest in the Hard Copy Loan Files and shall cause a notice, substantially in the form attached hereto as Exhibit A, to be published in the national edition of *The Wall Street Journal* or national edition of *The New York Times*; and it is further

ORDERED that any Requesting Party seeking the return of their Hard Copy Loan Files must file and serve a completed Loan File Return Declaration so that it is received no later than March 14, 2008 (the "Return Request Deadline") to: (i) the Debtors, 538 Broadhollow Road, Melville, NY 11747, Attn. Chris Cavaco; and (ii) Debtors' counsel, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn. Margaret B. Whiteman, Esq.; and it is further

ORDERED that the Loan File Return Declaration must, at a minimum, include: (i) a list of each Hard Copy Loan File requested, identified by AHM loan number; (ii) the name and contact information of the Requesting Party and a contact person; (iii) a sworn declaration that the Requesting Party legally owns (or has a legal right to receive) each loan requested and that the declarant has the requisite corporate authority to make such a declaration; (iv) the Requesting Party's preferred method to receive the Hard Copy Loan Files, including

(a) retrieval/pick-up; (b) delivery (with location); or (c) imaged DVD; (v) an attestation that the Requesting Party shall pay all reasonable costs and expenses of associated with the preferred delivery method (as outlined more fully below) Hard Copy Loan Files; and (iv) an acknowledgment that such costs are subject to increase upon further order of the Court; and it is further

ORDERED that the Requesting Party shall be responsible for the Return Costs applicable to the method of delivery selected within the Loan File Return Declaration; provided, however, that payment of such Return Costs is without prejudice to the Requesting Party's rights to file proofs of claim, administrative or otherwise, or motions for administrative expenses against the Debtors seeking recovery of the Return Costs, and to the Debtors' and/or Committee's rights to object to the validity, extent and priority of the same; and it is further

ORDERED that the Return Costs for each method of delivery, as follows, shall be deemed reasonable costs and expenses for the return of such files for the duration of the ACRC Term Sheet:

Retrieval Costs (Owner shall pick up documents at AHM-specified location): $3.50 per folder
Shipping Costs (AHM shall deliver files at Owner-specified domestic location): $6.25 per folder
DVD Costs (AHM shall image files and deliver to Owner a DVD of imaged files): $13.00 per folder

and it is further

ORDERED that the Return Costs are only subject to increase upon further order of the Court after proper notice and a hearing, and all Requesting Parties and the United States Trustee retain their rights to object to any increase in the Return Costs; and it is further

ORDERED that collateral documents (i.e., original note, mortgage copy (recorded mortgage if received from the applicable recording agency), title insurance (binder or commitment); related addenda to mortgage or note; and paper assignments) (the "Collateral Documents") shall continue to be maintained by the respective custodian; and it is further

ORDERED that, in the event that the Debtors discover any original Collateral Documents in the Hard Copy Loan Files during their review of such files pursuant to this Order or other order of the Court, the Debtors shall forward such Collateral Documents to the respective custodian at the Debtors' cost; and it is further

ORDERED that nothing herein shall be deemed a modification of the Debtors' obligation to forward to the custodian or Owner, as applicable under the relevant agreements, any recorded documents received from recording agencies (i.e., "trailing documents") without further cost to the Owner; and it is further

ORDERED that, notwithstanding anything to the contrary in this Order, absent further order of the Court, the Debtors shall not return any Servicing Files or Mortgage Loan Documents pertaining to the servicing of the Mortgage Loans as provided in the Servicing Agreements (as such terms are defined in that certain Asset Purchase Agreement between certain of the Debtors and AH Mortgage Acquisition Co., Inc. dated as of September 25, 2007, as amended) to a third party, and the Debtors and AH Mortgage Acquisition Co., Inc. shall consult on the scope of such defined terms and the process the Debtors intend to implement to identify any requests for the return of Servicing Files or Mortgage Loan Documents pertaining to the servicing of the Mortgage Loans as provided in the Servicing Agreements. To the extent that the Debtors seek further relief from the Court relating to return of the Servicing Files or Mortgage Loan Documents referenced above, the rights of parties in interest to object to such relief are reserved; and it is further

ORDERED that nothing herein shall be deemed to be a modification or interpretation of the Debtors' obligations under any other order of this Court, including orders (i) approving agreements or stipulations entered into by the Debtors post-petition, and/or (ii) approving sale procedures, sales, or asset purchase agreements relating to loans or servicing rights of such loans; and it is further

ORDERED that this Order shall not be applicable to Hard Copy Loan Files relating to loans owned by the Debtors; and it is further

ORDERED that nothing herein shall be deemed to be an authorization to destroy or otherwise dispose of documents relating to pending or threatened litigation against the Debtors or claims filed against the Debtors' estates; and it is further

ORDERED that nothing herein shall impair or otherwise affect the rights of mortgagors under applicable law (if any) to obtain copies of their respective Hard Copy Loan Files from the Debtors; and it is further

ORDERED that the remaining relief requested in the Motion and all objections related thereto are hereby adjourned to March 27, 2008 at 11:00AM; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this order.

Dated: February 19 , 2008
      Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
|  | : Jointly Administered |
| Debtors. | : |
---------------------------------------------------------- x    Ref. Docket Nos. 2395

## NOTICE OF DEADLINE TO REQUEST MORTGAGE LOAN FILES

### TO ALL OWNERS OF LOAN FILES BEING HELD BY AMERICAN HOME MORTGAGE:

On February 14, 2008, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Order") establishing a deadline by which legal owners or Master Servicers of loans may request the return of any loan files (the "Hard Copy Loan Files") being maintained by the above-captioned debtors and debtors in possession (the "Debtors") in connection with their loan origination business.

**Please take notice that collateral documents (i.e., original note, mortgage, title insurance (binder or commitment) related addenda to mortgage or note, and paper assignments) shall continue to be maintained by the respective custodian. Failure to adhere to the procedures described herein will not affect the Owners' or Master Servicers' rights to obtain these original documents.**

By the Order, the Court required that any and all legal owners and/or Master Servicers (each, a "Requesting Party"), must file and serve a completed declaration (the "Loan File Return Declaration") so that it is received no later than **March 14, 2008** (the "Return Request Deadline") to: (i) the Debtors, 538 Broadhollow Road, Melville, NY 11747, Attn. Chris Cavaco; and (ii) Debtors' counsel, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801, Attn. Margaret B. Whiteman, Esq.

The Loan File Return Declaration must, at a minimum, include: (i) a list of each Hard Copy Loan File requested, identified by AHM loan number; (ii) the name and contact information of the Requesting Party and a contact person; (iii) a sworn declaration that the Requesting Party legally owns, or has a right to receive, each loan requested and that the declarant has the requisite corporate authority to make such a declaration; (iv) the Owner's preferred method to receive the Hard Copy Loan

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Files, including (a) retrieval/pick-up; (b) delivery (with location); or (c) imaged DVD; (v) an attestation that the Requesting Party shall pay all reasonable costs and expenses of associated with the preferred delivery method (as outlined more fully below) Hard Copy Loan Files; and (vi) an acknowledgment that such costs are subject to increase upon further order of the Court.

By the Order, the Court has determined that Requesting Parties shall be responsible for the Return Costs applicable to the method of delivery selected within the Loan File Return Declaration. The Return Costs are as follows:

Retrieval Costs (Owner shall pick up documents at AHM-specified location):  $3.50 per folder
Shipping Costs (AHM shall deliver files at Owner-specified domestic location):  $6.25 per folder
DVD Costs (AHM shall image files and deliver to Owner a DVD of imaged files): $13.00 per folder

**Failure to submit a completed Loan File Return Declaration by the Return Request Deadline may result in the Debtors seeking authority to destroy or abandon the Hard Copy Loan Files.**

Questions concerning the contents of this Notice or the return of the Hard Copy Loan Files should be directed to **[insert name]**. Please note that such party is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of the Loan File Return Declaration.

Dated: February ___, 2008
Wilmington, DE

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Margaret B. Whiteman (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Counsel to the Debtors and Debtors in Possession

## Exhibit C

**Third Disposition Order**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------- x

In re:                              Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC.,     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]

                                 Jointly Administered

       Debtors.                    Ref. Docket No. 4387

-------------------------------------------- x

### ORDER AUTHORIZING THE DEBTORS
### TO DESTROY NON-REQUESTED LOAN FILES

Upon consideration of the Motion for an Order Authorizing the Debtors to

Destroy Non-Requested Loan Files (the "Motion")[2] and it appearing that the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good

and sufficient cause to grant the Motion to the extent set forth herein, and good and adequate

*and any objections to the Motion have either been resolved, withdrawn or overruled;*

notice of the Motion having been given, it is hereby

ORDERED that the Motion is granted; and it is further

*based upon the evidence at the hearing*

ORDERED that the Debtors are authorized to immediately abandon and destroy

the Non-Requested Loan Files in a manner consistent with the standard set forth in 16 C.F.R. §

682.3(a) and shall be exempt from any other inconsistent federal or state laws or regulations,

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.
[2]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

15

including with respect to the disposal or retention of non-public consumer information; and it is further

ORDERED that collateral documents (i.e., original note, mortgage copy (recorded mortgage if received from the applicable recording agency), title insurance (binder or commitment); related addenda to mortgage or note; and paper assignments) (the "Collateral Documents") shall continue to be maintained by the respective custodian; and it is further

ORDERED that, in the event that the Debtors discover any original Collateral Documents in the Hard Copy Loan Files during their review of such files pursuant to this Order or other order of the Court, the Debtors shall forward such Collateral Documents to the respective custodian at the Debtors' cost; and it is further

ORDERED that nothing herein shall be deemed a modification of the Debtors' obligation to forward to the custodian or Owner, as applicable under the relevant agreements, any recorded documents received from recording agencies (i.e., "trailing documents") without further cost to the Owner; and it is further

ORDERED that nothing herein shall be deemed to be a modification or interpretation of the Debtors' obligations under any other order of this Court, including (i) approving agreements or stipulations entered into by the Debtors post-petition, and/or (ii) approving sale procedures, sales, or asset purchase agreements relating to loans or servicing rights of such loans; and it is further

ORDERED that this Order shall not be applicable to Hard Copy Loan Files relating to loans owned by the Debtors; and it is further

16

ORDERED that nothing herein shall be deemed to be an authorization to destroy or otherwise dispose of documents relating to pending or threatened litigation against the Debtors or claims filed against the Debtors' estates; and it is further

ORDERED that nothing herein shall impair or otherwise affect the rights of mortgagors under applicable law (if any) to obtain copies of their respective Hard Copy Loan Files from the Debtors; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this order.

Dated: June 25, 2008
      Wilmington, Delaware

                                     The Honorable Christopher S. Sontchi
                                     United States Bankruptcy Judge

066585.1001

**Exhibit D**

**DBNTC Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, et al., | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

### LOAN FILE RETURN DECLARATION OF
### DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS
### TRUSTEE, AND ON BEHALF OF CERTAIN SECURITIZATION TRUSTS

1.      This Declaration is made by Deutsche Bank National Trust Company ("Deutsche

Bank") solely in its capacity as trustee ("Trustee") for the securitization trusts listed on

Schedule 1 attached hereto (together with any other trusts of which it is trustee and which hold

mortgage loans originated or sold by any Debtor, the "Trusts") pursuant to this Court's *Second*

*Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and*

*Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to*

*the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses* (the "Order").

2.      The Trustee or other document custodian has furnished Debtors, on an ongoing

basis, document exception reports with respect to missing loan file documents, and the Trustee is

informed and believes that Debtors are in possession of additional document exception reports

from other document custodians (the "Document Exception Reports"). The Trustee, on behalf of

the Trusts, is requesting the Hard Copy Loan Files for all outstanding loans with missing loan

file documents as listed on the most recently available Document Exception Reports, copies of

which have been provided to the Debtors under separate cover (the "Requested Hard Copy Loan

Files"). The Document Exception Reports include, among other things, the loan numbers and the name of each mortgagor.

3.    All contact with respect to this Declaration and the matters contained herein should be made to:

> Ronaldo R Reyes
> Deutsche Bank National Trust Company
> Global Transaction Banking Trust & Securities Services
> Structured Finance Services
> 1761 East St. Andrew Place
> Santa Ana, CA  92705-4934
> Tel: (714) 247-6320
> Fax: (714) 247-6478
> ronaldo.r.reyes@db.com

4.    To the best of the Trustee's knowledge, the Trusts are the legal owners of the mortgage loans relating to the Requested Hard Copy Loan Files and the Trustee, acting on behalf of the Trusts, has the requisite corporate authority to make this Declaration.

5.    The Trustee requests that it receive the Hard Copy Loan Files via pick up from the Debtors (unless a different delivery method is subsequently agreed upon by Debtors and the Trustee). The Trustee is only requesting hard copies of such files and is not requesting files to be imaged on DVD.

6.    To the extent any other party, including any servicer, master servicer, or other party who has a legal right to receive the Requested Hard Copy Loan Files (the "Other Requesting Party"), makes a similar or identical request for any of the Requested Hard Copy Loan Files on behalf of a Trust, the Trustee hereby withdraws its request for such Requested Hard Copy Loan Files and shall not be liable or responsible for any costs or expenses related to the request for such files by the Other Requesting Party.

7.      The Trusts shall pay the required costs associated with this delivery method (the "File Return Costs") but only to the extent that (i) sufficient funds are made available from the respective Trusts to pay for such File Return Costs, and (ii) the Trusts actually receive delivery of the Requested Hard Copy Loan Files.  The Trustee, on behalf of the Trusts, acknowledges that such File Return Costs are subject to increase upon further order of the Court.

8.      Deutsche Bank makes this Declaration solely in its capacity as Trustee on behalf of the Trusts and not in its individual capacity, and in no case whatsoever shall Deutsche Bank be liable for the statements or agreements of the Trusts hereunder.  All persons asserting any claim against Deutsche Bank, the Trustee or the Trusts by reason of this Declaration shall look solely to the property of Trusts for payment or satisfaction thereof.

9.      Nothing contained herein constitutes a waiver of, or a bar to, any rights or remedies that may be available to the Deutsche Bank, the Trustee or the Trusts.  Deutsche Bank, the Trustee and the Trusts hereby reserve any and all rights and remedies available under any applicable trust agreement or any other related agreements, at law or in equity, all without prejudice.

> Deutsch Bank National Trust Company, solely in its capacity as Trustee and not individually
>
> By:_____
>      Ronaldo Reyes, Vice President

3

# SCHEDULE 1
### Deutsche Bank National Trust Company
### Loan File Return Declaration

| Issue ID | Deal Name |
| --- | --- |
| AH0501 | American Home Mortgage Inv Trust, 2005-1 |
| AH0502 | American Home Mortgage Inv Trust, 2005-2 |
| AH0503 | American Home Mortgage Inv Trust, 2005-3 |
| AH05A1 | American Home Mortgage Assets Trust, 2005-1 |
| AH05A2 | American Home Mortgage Assets Trust, 2005-2 |
| AH05S1 | American Home Mortgage Inv Trust, 2005-SD1 |
| AH0601 | American Home Mortgage Inv Trust, 2006-1 |
| AH0602 | American Home Mortgage Inv Trust, 2006-2 |
| AH0603 | American Home Mortgage Inv Trust, 2006-3 |
| AH06A1 | American Home Mortgage Assets Trust, 2006-1 |
| AH06A2 | American Home Mortgage Assets Trust, 2006-2 |
| AH06A5 | American Home Mortgage Assets Trust, 2006-5 |
| AH06A6 | American Home Mortgage Assets Trust, 2006-6 |
| AH0701 | American Home Mortgage Inv Trust, 2007-1 |
| AH0702 | American Home Mortgage Inv Trust, 2007-2 |
| AH07A1 | American Home Mortgage Assets Trust, 2007-1 |
| AH07A2 | American Home Mortgage Assets Trust, 2007-2 |
| AH07A3 | American Home Mortgage Assets Trust, 2007-3 |
| AH07A4 | American Home Mortgage Assets Trust, 2007-4 |
| AH07A5 | American Home Mortgage Assets Trust, 2007-5 |
| AH07AS/ AH07S1 | American Home Mortgage Inv Trust, 2007-A/2007-SD1 |
| AH07S2 | American Home Mortgage Inv Trust, 2007-SD2 |
| GC06H6 | Harborview 2006-6 |
| GC0614 | Harborview 2006-14 |
| GC06H7 | Harborview 2006-7 |
| GC07H2 | Harborview 2007-2 |
| GC07H5 | Harborview 2007-5 |
| GS0610 | GSAA 2006-10 |
| GS0611 | GSAA 2006-11 |
| GS064S | GSAMP 2006-S4 |
| GS06O1 | GSR 2006-OA1 |

**SCHEDULE 1**
**Deutsche Bank National Trust Company**
**Loan File Return Declaration**

| Issue ID | Deal Name |
| --- | --- |
| HB07A1 | HSI Asset Loan Obligation Trust 2007-1 |
| HB07L1 | HSI Asset Loan Obligation Trust 2007-AR1 |
| HB07L2 | HSI Asset Loan Obligation Trust 2007-AR2 |
| GS066S | GSAMP 2006-S6 |
| MS0406 | Morgan Stanley 2004-AR6  (MSML) |
| MS0409 | Morgan Stanley 2004-9    (MSML) |
| MS0501 | Morgan Stanley 2005-1    (MSML) |
| MS0403 | Morgan Stanley 2004-3    (MSML) |
| MS0404 | Morgan Stanley 2004-4    (MSML) |