## EXHIBIT C

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x   Chapter 11
In re:                                                       :
                                                             :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC.,                                              :   Jointly Administered
a Delaware corporation, et al.,[1]                           :
                                                             :
        Debtors.                                             :   Ref. Docket No.: ___
------------------------------------------------------------ x

**ORDER, PURSUANT TO SECTIONS 105, 363, 365, AND 1146(a) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE SALE OF THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) APPROVING THE TERMS OF THE PURCHASE AGREEMENT; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF AND TRANSFER OF THE DEBTORS' INTERESTS IN CERTAIN REAL PROPERTY LEASES; (IV) AUTHORIZING THE EXEMPTION OF THE SALE FROM STAMP AND SIMILAR TAXES; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by American Home Mortgage Corp. ("AHM Corp."), one of the above-captioned post-confirmation debtors (collectively, the "Debtors"), for entry of an order, pursuant to 105(a), 363, 365 and 1146(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Sale; (ii) approving the terms of the Purchase Agreement; (iii) authorizing the assumption, assignment and transfer of the Leases; (iv) authorizing the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

DB02:7968452.4                                                                              066585.1001

exemption of the Sale from stamp and similar taxes; and (v) granting related relief; and upon the entire record in these chapter 11 cases; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.   The statutory predicates for the relief sought in the Motion are sections 105, 363, 365 and 1146(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

D.   Due and adequate notice of the Motion, the proposed Sale, the hearing, and the subject matter thereof has been provided to all parties-in-interest herein, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

E.   The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

F.   The Sale was negotiated and proposed in good faith, from arm's length bargaining positions, and without collusion. The Equitable Funds LLC (the "Purchaser") is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is

entitled to the protection thereof. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale to the Purchaser, to be avoided under section 363(n) of the Bankruptcy Code.

G. The consideration provided by the Purchaser under the terms of the Purchase Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Property, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession.

H. The Sellers are authorized to sell the Property, which includes the transfer of their interests in the Leases, to the Purchaser free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, with such liens, claims, interests and encumbrances transferring and attaching to the proceeds of the Sale with the same validity and priority as such interests had in the Property immediately prior to the consummation of the Sale, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of liens, claims, interests and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, interests and encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the proceeds of the Sale of the Property.

I.  The Leases have not been rejected or terminated by the Debtors and are in full force and effect as of the date hereof.

J.  The Debtors are further authorized to assume and assign the Leases pursuant to the Purchase Agreement attached to the Motion as <u>Exhibit A</u>.  Assumption and assignment of the Leases is in the best interests of the Debtors' estates and the counter-parties to the Leases are adequately assured of future performance.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted as set forth herein.

2.  All objections to the Motion or relief provided herein that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits.

3.  The Purchase Agreement is hereby approved, pursuant to sections 105, 363, 365 and 1146(a) of the Bankruptcy Code.

4.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code and the terms of the Purchase Agreement, the Sellers are hereby authorized to privately sell the Property, which includes the assumption, assignment and transfer of the Debtors' interests in the Leases.

5.  Pursuant to section 365 of the Bankruptcy Code, the assumption and the assignment of the Leases pursuant to the terms of the Purchase Agreement, is hereby authorized and approved in all respects; <u>provided, however</u>, that the assumption of the Leases by the Debtors is conditioned upon and subject to the occurrence of the closing of the Sale to the Purchaser.

6.  Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the sale of the Property to the Purchaser, upon the closing under the Purchase Agreement, is authorized and approved in all respects.

7.     The sale of the Property, which includes the transfer of the Debtors' interest in the Leases, to the Purchaser, as provided in the Purchase Agreement, is "AS IS-WHERE IS," without any representations or warranties of any kind from the Debtors, other than as expressly provided in the Purchase Agreement.

8.     The Property, which includes the assumption, assignment and/or transfer of the Leases, shall be sold free and clear of all liens, mortgages, or other rights or claims of right, encumbrances, security interest, claims, charges, or other legal or equitable encumbrances and any other matter affecting the Property (collectively, "Liens"), with any Liens in the Property, or the proceeds thereof, to attach to the proceeds of the Sale with the same validity, priority and effect as they have against the Property.

9.     The provisions of this Order authorizing the sale and assignment of the Property free and clear of liens, claims and encumbrances shall be self-executing, and neither the Debtors nor the Purchaser shall be required to procure or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. Notwithstanding the foregoing, however, each of the Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to clear and release their liens, claims or encumbrances. If any person or entity that has filed financing statements or other documents or agreements evidencing liens, claims and encumbrances on the Property to be sold or assigned pursuant to this Order has not delivered to the Debtors prior to the closing of the Purchase Agreement, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, claims and encumbrances, the Purchaser is hereby authorized and directed to execute and file such termination statements, instruments, releases and other

documents on behalf of the person or entity with respect to the Property to be sold or assigned. This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, registrars of deeds, secretaries of state, and all other persons and entities who may be required by operation of law to accept, file, register or otherwise record or release any documents or instruments.

10. Pursuant to section 363(b) of the Bankruptcy Code, AHM Corp. and the other Debtors and the Purchaser, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Motion. Any actions taken by AHM Corp. and the other Debtors and the Purchaser necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

11. The cure amounts for the Leases are as set forth on Exhibit A annexed hereto (the "Cure Amounts").

12. Any party having the right to consent to the assumption or assigment of the Leases that failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment as required by section 365(c) of the Bankruptcy Code.

13. Upon assignment to the Purchaser, the Leases shall remain in full force and effect for the benefit of the Purchaser notwithstanding any provision in the Leases that may prohibit such assignment.

14. Any non-debtor party to the Leases is hereby barred, enjoined and prohibited from asserting any claim or debt against the Debtors or their property or estates other than the Cure Amounts or from offsetting, seeking to offset, recoup, deduct or set-off any Claims

(as defined by the Bankruptcy Code) such party may have against the Debtors from any amounts that may be or may become due in the future under the Leases.

15. Adequate assurance of future performance has been demonstrated by or on behalf of the Purchaser with respect to the Leases. Subject to the closing of the Sale, AHM Corp. is authorized to assume and assign the Leases to the Purchaser, pursuant to section 365 of the Bankruptcy Code.

16. The Debtors are not and will not be in default in any of their obligations under the Leases with the possible exception of defaults identified in section 365(b)(2) of the Bankruptcy Code, which defaults, if any, are null and void and without effect.

17. The Purchaser is not a successor to the Debtors or to their bankruptcy estates by reason of any theory of law or equity and the Purchaser shall not assume, nor be deemed to have assumed, any liability of the Debtors or their bankruptcy estates except as expressly provided in this Order, the Bankruptcy Code or the Purchase Agreement.

18. Pursuant to section 365(k) of the Bankruptcy Code, other than the Cure Amounts, the Debtors shall be relieved from any further liability with respect to the Leases after the assignment of the Leases to the Purchaser.

19. The transfer of the Property pursuant to the Sale is a transfer pursuant to section 1146(a) of the Bankruptcy Code, and accordingly, the transfer of the Property (including without limitation both real and personal property) to the Purchaser does not and will not subject AHM Corp., the other Debtors or the Purchaser, their affiliates or designees to any liability for any transfer, stamp, sales, use or similar tax or any so called "bulk sale", to the fullest extent permitted by Section 1146(a) of the Bankruptcy Code. Each and every federal, state and local government agency or department is directed to accept any and all documents and instruments

8

necessary and appropriate to consummate the transfer of any of the Property, all without imposition or payment of any stamp tax, transfer tax, or similar tax.

20. This Order shall be binding upon the Debtors, all creditors of the Debtors and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest herein.

21. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

22. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Order.

Dated: Wilmington, Delaware
_____, 2009

_____
Christopher S. Sontchi
United States Bankruptcy Judge

## **EXHIBIT A**

**Cure Amounts**

DB02:7968452.4

066585.1001

| Counterparty | Counterparty Address | Type of Contract | Proposed Cure (in dollars) |
|---|---|---|---|
| T.M.P. Investments | 950 N. Elmhurst Road, Mt. Prospect, IL 60056 | Nonresidential Real Property Lease Agreement | 0.00 |
| Greg Hahaj Personal Training Center, Inc. | 150 W. Rand Road, Mt. Prospect, IL 60056 | Nonresidential Real Property Lease Agreement | 0.00 |
| The Darkside Tanning Studio, Ltd. | 150 W. Rand Road, Mt. Prospect, IL 60056 | Nonresidential Real Property Lease Agreement | 0.00 |
| John Anda (Farmers Insurance Group) | 950 N. Elmhurst Road, Mt. Prospect, IL 60056 | Nonresidential Real Property Lease Agreement | 0.00 |