## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                                                     :    Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                :

                                                                             :    Jointly Administered

       Debtors.                                                       :

                                                                             :    **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
                                                                             :    **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**

------------------------------------------------------------- x

### DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby

object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on

Exhibits A, B, C, D, and E to the proposed form of order (the "Proposed Order") attached hereto

as Exhibit VI,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of

an order reassigning or disallowing and expunging in full each of the Disputed Claims as

indicated in further detail below.  In support of this Objection, the Debtors rely on the

Declaration of Eileen Wanerka in Support of the Debtors' Thirty-Fourth Omnibus (Non-

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]       The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I.  In

further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee").  No trustee or

examiner has been appointed.

5.      On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6.      On August 17, 2007, this Court entered an order [Docket No. 1708]

appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these

chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7.     On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.     To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below. This Objection complies in all respects with Local Rule 3007-1.

### I.    Duplicate Claims

10.    The claims identified under the column titled "Objectionable Claims" on Exhibit A to the Proposed Order (the "Duplicate Claims") are duplicative of the previously-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit A. The Debtors believe that it was not the intention of the claimants asserting such claims to seek a double recovery against the Debtors' estates. Instead, the filing of Duplicate Claims appears to be a function of claimants filing multiple Proof of Claim forms on account of a single claim or filing the same claim with multiple parties (e.g. Epiq, the Debtors, Debtors' Counsel and/or the Clerk of the Bankruptcy Court). Regardless of the claimants' reasons for filing the Duplicate Claims, however, only one claim should be allowed for each claimant.

11.    Failure to disallow the Duplicate Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Debtors hereby object to the Duplicate Claims and request entry of an order disallowing and expunging in full each of the Duplicate Claims identified on Exhibit A.

### II.    Amended Claims

12.    The claims identified under the column titled "Objectionable Claims" on Exhibit B to the Proposed Order (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit B (the "Surviving Claims"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

13.    Failure to disallow the Amended Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases.  Furthermore, no prejudice will result to the holders of Amended Claims because they will receive the same treatment as other similarly-situated claimants for their Surviving Claims.  Accordingly, the Debtors hereby object to the Amended Claims and request entry of an order disallowing and expunging in full each of the Amended Claims.

### III.    Wrong Debtor Claims

14.    The claims listed in Exhibit C to the Proposed Order (the "Wrong Debtor Claims") were filed by the claimants against certain of the Debtors under the case numbers listed under the column titled "Objectionable Claims" on Exhibit C.  Most of the claimants asserting the Wrong Debtor Claims failed to list any Debtor in their claims.  On Exhibit C, these claimants have "unspecified" listed in the column titled "Objectionable Claims."  After reviewing their books and records, the Debtors believe they have determined which Debtor each Wrong Debtor Claim should have been filed against and have listed a new case number for each Wrong Debtor Claim under the column titled "New Case Number" (the "New Case Numbers").  The Debtors believe that the claimants asserting the Wrong Debtor Claims intended to file their claims under the respective New Case Numbers.

15.    Failure to reassign the Wrong Debtor Claims would result in claims being improperly asserted.  Therefore, to correct the claims register, the Debtors hereby object to the Wrong Debtor Claims and request entry of an order reassigning each of the Wrong Debtor Claims to their respective New Case Numbers.

## IV.    No Supporting Documentation Claims

16.    The claims listed in Exhibit D to the Proposed Order (the "No Supporting Documentation Claims") were submitted without any documentation supporting the alleged claims. Local Rule 3007-1(d)(vi) provides that debtors may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001). The claimants asserting the No Supporting Documentation Claims failed to allege any facts to support their claims and therefore their claims are not *prima facie* valid. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the No Supporting Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing in full and expunging each of the No Supporting Documentation Claims.

## V.    Satisfied Claims

17.    The Debtors have reviewed their books and records, which the Debtors believe to be correct, and determined that the claims listed in Exhibit E to the Proposed Order (the "Satisfied Claims") have been satisfied by the Debtors post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Failure to disallow and expunge the Satisfied Claims would result in the applicable claimants receiving and unwarranted double recovery. Therefore, the Debtors hereby object to the Satisfied Claims and request entry of an order disallowing in full and expunging each of the Satisfied Claims.

## BORROWER CLAIMS

18.    The Disputed Claims addressed in this Objection do not include any claims of borrowers arising from or relating to any act or omission of any Debtor in connection with the origination, sale, or servicing of a mortgage loan originated, sold, or serviced by any Debtor (the "Borrower Claims"). Therefore, the provisions of the Plan regarding Borrower Claims do not apply to this Objection.

## RESERVATION OF RIGHTS

19.    The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

20.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel Bank of America, N.A. as administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

21.    The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, and V corresponding to each of the claimants identified on Exhibits A, B, C, D, and E to the Proposed Order. Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, as well as the amount of and the claim number assigned to their claim that is covered by this Objection and the number and amount of their surviving claim, if any. Because Exhibits II, III, IV, and V hereto and Exhibits A, B, C, D, and E to the Proposed Order are voluminous, the Debtors have omitted them from the copies of

the Objection served on the claimants who asserted the Disputed Claims. All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice. However, to the extent a claimant wishes to receive a copy of <u>Exhibits II</u>, <u>III</u>, <u>IV</u>, and <u>V</u> hereto or <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit VI, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated:  May 6, 2009
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Margaret B. Whiteman-Greecher (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                                       :    Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :    Jointly Administered
                                                             :
Debtors.                                                     :
------------------------------------------------------------- x

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.        I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.        Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Duplicate Claims," "Amended Claims," "Wrong Debtor Claims," "No Supporting Documentation Claims," and "Satisfied Claims" as defined in the Objection and identified on Exhibits A, B, C, D, and E to the Proposed Order, respectively.

3.      The information contained in Exhibits A, B, C, D, and E to the Proposed Order is true and correct to the best of my knowledge.

4.      The Debtors have determined based upon a review of the claims docket that the claims identified on Exhibit A to the Proposed Order are duplicative of other claims filed in these chapter 11 cases. Accordingly, to prevent the claimants from receiving potential double recovery based on the filing of two separate, but identical proofs of claim, the Debtors seek to expunge and disallow in full the Duplicate Claims.

5.      The Debtors have further determined based upon a review of the claims docket that the claims identified on Exhibit B to the Proposed Order have been amended and superseded by subsequently filed claims. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the Amended Claims.

6.      The Debtors have further determined based upon a review of the claims docket and their books and records that the parties asserting the claims identified on Exhibit C to the Proposed Order asserted them against the wrong Debtor entities or against no Debtor entity. Accordingly, to correct the claims register and prevent the claimants from receiving a recovery from the wrong Debtor, the Debtors seek to reassign the Wrong Debtor Claims to the appropriate Debtor as outlined in Exhibit C to the Proposed Order.

7.      The Debtors have further determined based upon a review of the claims docket and the claims identified on Exhibit D to the Proposed Order that such claims were filed without any supporting documentation or any facts sufficient to support a legal basis for a claim.

Accordingly, the Debtors seek to expunge and disallow in full the No Supporting Documentation Claims.

8.    The Debtors have further determined based upon a review of the claims docket and the claims identified on Exhibit E to the Proposed Order that such claims have been satisfied post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Accordingly, to prevent the claimants from recovering on claims that have already been satisfied, the Debtors seek to expunge and disallow in full the Satisfied Claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 6, 2009

Eileen Wanerka
Assistant Vice President

# EXHIBIT II

**Notice for Claimants Listed in <u>Exhibits A and B</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)** |
| | : **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)** |

------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name
　　and Address]

| | Basis for Objection: | [Amended Claim or Duplicate Claim] |
|---|---|---|
| | | **Claim Number**　　**Claim Amount** |
| | **Claim to be Expunged:** | [Claim Number]　　[Claim Amount] |
| | **Surviving Claim:** | [Claim Number]　　[Claim Amount] |

　　　The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto.  The Debtors have received multiple claims filed on your behalf and by this Objection seek to disallow one of your claims as amended or duplicative.  The Objection seeks to alter your rights by disallowing your above-listed claim in the "Claim to be Expunged" row, but does not seek to alter your claim listed in the "Surviving Claim" row.

　　　Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]　　　The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

　　　　　　　　　　　　　　　　　　　　　　　066585.1001

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                      Nathan D. Grow (No. 5014)
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      Wilmington, Delaware  19801
                      Telephone: (302) 571-6756
                      Facsimile: (302) 571-1253

                      Counsel to the Debtors and Debtors in Possession

# EXHIBIT III

**Notice for Claimants Listed in <u>Exhibit C</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)** |
| | : **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)** |

---------------------------------------------------------------- x

### NOTICE OF DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| | | |
|---|---|---|
| **TO:** [Claimant's Name and Address] | **Basis for Objection:** | <u>Wrong Debtor Claim</u> - Claim asserted against wrong Debtor |

| | **Claim Number** | **Claim Amount** | **New Case Number** |
|---|---|---|---|
| **Claim to be Reassigned:** | [Claim Number] | [Claim Amount] | [New Case Number] |

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors assert that your claim has been asserted under the wrong case number and against the wrong Debtor. Therefore, the Debtors seek, by this Objection, to alter your rights by reassigning your claim listed above in the "Claim Number" column to the case number listed in the "New Case Number" column.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                    Nathan D. Grow (No. 5014)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    Counsel to the Debtors and Debtors in Possession

# EXHIBIT IV

**Notice for Claimants Listed in <u>Exhibit D</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x
In re:                       :   Chapter 11

                                   :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]             :

                                   :   Jointly Administered

      Debtors.                        :

                                   :   **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
                                   :   **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**
----------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| TO: [Claimant's Name and Address] | Basis for Objection:<br><br>Claim to be Expunged: | No Documentation Claim | |
|---|---|---|---|
| | | **Claim Number** | **Claim Amount** |
| | | [Claim Number] | [Claim Amount] |

      The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto.  The Debtors hereby object to the claim listed above in the "Claim to be Expunged" row because this claim was filed without any supporting documentation or facts sufficient to support a legal basis for a claim.  The Objection seeks to alter your rights by disallowing the above-listed claim.

      Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
    Wilmington, Delaware

        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
        Nathan D. Grow (No. 5014)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware  19801
        Telephone: (302) 571-6756
        Facsimile: (302) 571-1253

        Counsel to the Debtors and Debtors in Possession

# EXHIBIT V

**Notice for Claimants Listed in <u>Exhibit E</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
In re:                                             :    Chapter 11
                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,  :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                   :
                                                   :    Jointly Administered
                                                   :
       Debtors.                                    :    Response Deadline: May 29, 2009 at 4:00 p.m. (ET)
                                                   :    Hearing Date: June 5, 2009 at 10:00 a.m. (ET)
-------------------------------------------------- x
```

## NOTICE OF DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| | | |
|---|---|---|
| **TO:** [Claimant's Name and Address] | **Basis for Objection:** | <u>Satisfied Claim</u>: Claim has been satisfied postpetition |
| | **Claim to be Expunged:** | **Claim Number**  **Claim Amount**<br>[Claim Number]  [Claim Amount] |

  The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors assert that your claim has already been satisfied post-petition in accordance with the Bankruptcy Code, applicable rules or an order of the Court, and therefore, the Debtors seek by this Objection to disallow your claim. The Objection seeks to alter your rights by disallowing your above listed claim in the "Claim to be Expunged" row.

  Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

                            066585.1001

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
     Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                    Nathan D. Grow (No. 5014)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    Counsel to the Debtors and Debtors in Possession