## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                              :   Jointly Administered
      Debtors.                                                :
                                                              :   Response Deadline: May 29, 2009 at 4:00 p.m. (ET)
                                                              :   Hearing Date: June 5, 2009 at 10:00 a.m. (ET)
------------------------------------------------------------- x
```

### DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests listed herein in Exhibits A, B, C, D, E, F, G, and H to the proposed form of order (the "Proposed Order") attached hereto as Exhibit X, including the New York Tax Claims (as defined below) (the "Disputed Claims"),[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as surviving claims, and the term "Disputed Claims" as used herein does not include such surviving claims.

Declaration of Eileen Wanerka in Support of the Debtors' Thirty-Fifth Omnibus (Substantive)

Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003

and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Debtors

respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are sections 502(b), 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3003 and

3007.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or

examiner has been appointed.

5.      On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan").

6.      On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

7.      On August 17, 2007, this Court entered an order appointing Epiq

Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases

[Docket No. 222].  Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors

and (ii) an official claims register by docketing all proofs of claim in a claims database

containing, inter alia, information regarding the name and address of each claimant, the date the

proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the

asserted amount and classification of the claim.

8.      On October 30, 2007, this Court entered an order [Docket No. 1708] (the

"Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final

date and time for filing proofs of claim against the Debtors' estates on account of claims arising,

or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition

Date and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date

Order, actual notice of the Bar Date was sent to (i) all known entities holding potential

prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these

cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and

Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors

do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the

Saint Louis Post-Dispatch and the national edition of The New York Times on November 6,

2007.  Affidavits of service and publication confirming such actual and publication notice of the

Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

9.     To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

10.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F, G, and H to the Proposed Order for the reasons set forth below.  This Objection complies in all respects with Local Rule 3007-1.

### I.     No Liability Claims

11.     After reconciling each of the Disputed Claims and supporting materials against their books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims").  Upon review of the No Liability Claims, the Debtors cannot justify these claims as valid.  Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety.  Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in this case.  Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### II.    Modified Amount Claims

12.     The Debtors have reconciled the claims identified in Exhibit B to the Proposed Order (the "Modified Amount Claims") against their books and records.  The claimants asserting the Modified Amount Claims either failed to assert claim amounts or asserted amounts

that were higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified under the column titled "Objectionable Claims" in <u>Exhibit B</u> should be modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in <u>Exhibit B</u>. The Debtors believe <u>Exhibit B</u> contains the appropriate amounts of liability for each of the Modified Amount Claims.  Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order reducing the value of the Modified Amount Claims as set forth in <u>Exhibit B</u>.

**III.    Reclassified Claims**

13.    The claimants asserting the claims identified in <u>Exhibit C</u> to the Proposed Order (the "<u>Reclassified Claims</u>") asserted that all or a portion of their claims is secured or entitled to priority.  After reconciling the Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Reclassified Claims should be adjusted. For many of the Reclassified Claims, no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code.  Consequently, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Reclassified Amount" column in <u>Exhibit C</u>. Failure to reclassify the Reclassified Claims would award the claimants undue priority. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in <u>Exhibit C</u>.

**IV.    Modified Amount Wrong Debtor Claims**

14.    Similar to the Modified Amount Claims, the Debtors have reconciled the claims identified in <u>Exhibit D</u> to the Proposed Order (the "<u>Modified Amount Wrong Debtor Claims</u>") against their books and records.  The claimants asserting the Modified Amount Wrong Debtor Claims either failed to assert a claim amount, or asserted an amount that was higher than

the amount of liability reflected in the Debtors' books and records.  Additionally, the Debtors'

books and records indicate that the claimants asserting the Modified Amount Wrong Debtor

Claims asserted their claims against the wrong Debtors.  The Debtors' books and records, which

the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should

be (i) modified by reducing or fixing the amounts to the dollar values listed under the column

titled "Modified Amount" in Exhibit D, and (ii) reassigned to the case numbers listed under the

column titled "New Case Number" in Exhibit D.  Accordingly, the Debtors hereby object to the

Modified Amount Wrong Debtor Claims and request entry of an order modifying and

reassigning the Modified Amount Wrong Debtor Claims as indicated in Exhibit D.

### V.   Modified Amount Reclassified Claims

15.   The Debtors have reconciled the claims identified in Exhibit E to the

Proposed Order (the "Modified Amount Reclassified Claims") against their books and records.

The claimants asserting the Modified Amount Reclassified Claims asserted amounts that are

higher than the amounts of liability reflected in the Debtors' books and records.  Additionally,

the claimants asserting the Modified Amount Reclassified Claims asserted that all or a portion of

their claims is secured or entitled to priority.  After reconciling the Modified Amount

Reclassified Claims against their books and records, the Debtors have determined that the

priority level of the Modified Amount Reclassified Claims should be adjusted.  For some of the

Modified Amount Reclassified Claims, no basis for secured status or priority exists under

sections 506 or 507 of the Bankruptcy Code.  Consequently, the Debtors believe the Modified

Amount Reclassified Claims identified under the column titled "Objectionable Claims" in

Exhibit E should be reclassified and their amounts should be modified by reducing or fixing

them to the dollar values listed under the column titled "Modified Amount" in Exhibit E.  The

Debtors believe Exhibit E contains the appropriate amounts of liability and priority levels for

each of the Modified Amount Reclassified Claims.  Accordingly, the Debtors hereby object to

the Modified Amount Reclassified Claims and request entry of an order reclassifying and

reducing the value of the Modified Amount Reclassified Claims as set forth in Exhibit E.

### VI.    Modified Amount Reclassified Wrong Debtor Claims

16.    The Debtors have reconciled the claims identified in Exhibit F to the

Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claims") against their books

and records.  The claimants asserting the Modified Amount Reclassified Wrong Debtor Claims

asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and

records.  Additionally, the claimants asserting the Modified Amount Reclassified Wrong Debtor

Claims asserted that all or a portion of their claims is secured or entitled to priority and asserted

their claims against the wrong Debtor.  After reconciling the Modified Amount Reclassified

Wrong Debtor Claims against their books and records, the Debtors have determined that the

priority level of the Modified Amount Reclassified Wrong Debtor Claims should be adjusted.

For some of the Modified Amount Reclassified Wrong Debtor Claims, no basis for secured

status or priority exists under sections 506 or 507 of the Bankruptcy Code.  Consequently, the

Debtors believe the Modified Amount Reclassified Wrong Debtor Claims identified under the

column titled "Objectionable Claims" in Exhibit F should be reclassified, reassigned to the "New

Case Numbers" listed in Exhibit F, and their amounts should be modified by reducing or fixing

them to the dollar values listed under the column titled "Modified Amount" in Exhibit F.  The

Debtors believe Exhibit F contains the appropriate amounts of liability, priority levels and case

numbers for each of the Modified Amount Reclassified Wrong Debtor Claims.  Accordingly, the

Debtors hereby object to the Modified Amount Reclassified Wrong Debtor Claims and request

entry of an order reclassifying and reducing the value of the Modified Amount Reclassified

Wrong Debtor Claims as set forth in Exhibit F.

## VII.    Insufficient Documentation Claims

17.    The claims listed in Exhibit G to the Proposed Order (the "Insufficient Documentation Claims") were submitted without sufficient documentation or alleged facts to support the asserted claims.  The Insufficient Documentation Claims all have some documentation attached, but such documentation is not adequate to allow the Debtors to determine (i) whether they are liable for the alleged claim and/or (ii) the amount of the alleged claim.[3]  To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure."  In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001).  The claimants asserting the Insufficient Documentation Claims failed to allege facts sufficient to support their claims and/or facts sufficient to determine the appropriate amount of their claims.  Therefore their claims are not *prima facie* valid.  See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid.").  Because the Insufficient Documentation Claims are not *prima facie* valid, the Debtors hereby object to them and request that an order be entered disallowing in full and expunging each of the Insufficient Documentation Claims.

## VIII.    Equity Fraud Claims

18.    The claims listed on Exhibit H to the Proposed Order (the "Equity Fraud Claims") were filed by claimants who own or owned equity interests in the Debtors and allege that, as a result of the Debtors' alleged fraud, misstatements, securities violations or other

---

[3]    Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto."  However, if a claimant attaches any supporting documents to a claim, regardless of the contents of such documents, a debtor may only object to such claim on a substantive basis.

misconduct, they suffered harm.  Pursuant to section 510(b) of the Bankruptcy Code, the Equity

Fraud Claims are subordinated to other claims filed against the Debtors because they are claims

"arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the

debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or

contribution allowed under section 502 on account of such a claim."  Moreover, the Equity Fraud

Claims fall into the category of Subordinated Claims (as that term is defined in Plan), which,

pursuant to the terms of the Plan are included in Classes 1D, 2D, 3D, 4D, 5D, 6D, 7D, and 8D

and are subordinated in right of payment to other claims.  Plan, Article IV.K.  The claimants

asserting the Equity Fraud Claims "shall receive no distribution or dividend on account of such

Claims" pursuant to the terms of the Plan.  Id.

19.      While the Debtors submit that the claimants asserting the Equity Fraud

Claims are not entitled to distribution under the Plan regardless of the merits of their claims, the

Debtors submit and reserve the right to further argue that the allegations contained in the Equity

Fraud Claims are untrue and the Debtors are not liable in whole or in part for any of the amounts

alleged in the Equity Fraud Claims.

20.      The Debtors believe that section 510(b) of the Bankruptcy Code and the

terms of the Plan with respect to the Equity Fraud Claims are self-executing and that there is no

need to object to the Equity Fraud Claims in order to ensure that they are treated in accordance

with the terms of the Plan.  However, out of an abundance of caution, the Debtors have included

the Equity Fraud Claims in this Objection as a means of giving additional notification to the

claimants asserting the Equity Fraud Claims of their classification under the Plan.  As the Equity

Fraud Claims are not entitled to distribution under section 510 of the Bankruptcy Code and the

terms of the Plan, the Debtors request that the Court enter an order finding that the Equity Fraud

Claims are Subordinated Claims under the Plan and are therefore subordinated in right of

payment to other claims against the Debtors as provided for in the Plan.

### IX.    New York Tax Claims

21.    The Debtors object to claim number 10696 ("Claim 10696") and claim

number 10693 ("Claim 10693," and together with Claim 10696, the "New York Tax Claims")

filed by the New York State Department of Taxation and Finance ("New York State").  The

Debtors request that Claim 10696 be disallowed and expunged in full.  Claim 10696 seeks

payment of additional income taxes, interest, and penalties totaling $4,299,964.48 based upon an

income tax audit for the 2003, 2004, 2005, and 2006 income tax years (the "Subject Period").

The Debtors filed their income tax returns for each year during the Subject Period, reporting all

income, which they properly apportioned to New York State.  According to the Debtors'

properly filed returns and applicable laws and regulations, no other tax liability is due for the

Subject Period.  New York State had previously audited the Debtors' 2000 through 2003 income

tax returns and made no changes to the earlier returns under audit.  Because the Debtors' method

of apportionment was consistent from 2000 through and including 2006, and because New York

State previously accepted the Debtors' 2000 to 2003 returns, which utilized the same

apportionment method as that used on the returns filed for the Subject Period, it would be

unreasonable to allow New York State to now assert that additional income taxes are due for the

tax years in the Subject Period based upon the same apportionment method that was previously

permitted by New York State without adjustment.

22.    New York State alleged Claim 10693 in the amount of $860,238.85

unsecured priority and $3,193.35 general unsecured.  The Debtors request that that the Court

reduce the amount of Claim 10693 to $303,220.98 unsecured priority and $3,193.35 general

unsecured.  New York State completed its audit of the sales and use tax period ending

05/31/2007, and the Debtors have agreed to the amounts determined to be due under audit. The

total tax due under audit has been determined to be $301,313.89 (the "NYS Tax"), which amount

should be reduced by prior overpayments due to the Debtors in the aggregate amount of

$55,211.17. Interest on the NYS Tax to the Petition Date should equal not more than

$58,359.47, and should be further reduced by interest in the amount of $13,151.28 that has

accrued on the prior overpayments and is due to the Debtors. Claim 10693 also includes

amounts of $5,311.56 and $6,598.51. Therefore, the Debtors believe the calculation of the

appropriate unsecured priority amount of Claim 10693 is as follows:

$301,313.89 − 55,211.17 + 58,359.47 − 13,151.28 + 5,311.56 + 6,598.51 = $303,220.98

## BORROWER CLAIMS

23.     The Disputed Claims addressed in this Objection do not include any

claims of borrowers arising from or relating to any act or omission of any Debtor in connection

with the origination, sale, or servicing of a mortgage loan originated, sold, or serviced by any

Debtor (the "Borrower Claims"). Therefore, the provisions of the Plan regarding Borrower

Claims do not apply to this Objection.

## RESERVATION OF RIGHTS

24.     To the extent any basis for substantive objection to any of the Disputed

Claims is not explicitly discussed herein, the Debtors expressly reserve the right to amend,

modify or supplement this Objection, and to file additional objections to any claims filed in these

chapter 11 cases or any other claims (filed or not) against the Debtors. The Debtors also reserve

all rights, defenses and counterclaims related to the Disputed Claims. Furthermore, the Debtors

reserve their rights to argue that (i) they are not liable under any theory of law for all or part of

the amounts asserted in any of the Disputed Claims, (ii) the Debtors' books and records reflect a

different amount of liability or no liability with respect to any of the Disputed Claims, (iii) all or

part of any of the Disputed Claims should be reclassified to a different priority level, or (iv) the documentation attached to any of the Disputed Claims is insufficient to allow the Debtors to determine the extent of their liability, if any.

## NOTICE

25.     The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to Bank of America, N.A., as administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

26.     The Debtors have also provided an individualized notice, in the forms attached hereto as Exhibits II, III, IV, V, VI, VII, VIII, and IX to each of the claimants identified respectively in Exhibits A, B, C, D, E, F, G, and H to the Proposed Order.  Each claimant's notice lists the claimant's name and address, the basis for the Debtors' objection, the number and amount of their claim that is covered by this Objection, and any other information relevant to the Debtors' objection.  Because Exhibits II, III, IV, V, VI, VII, VIII, and IX hereto and Exhibits A, B, C, D, E, F, G, and H to the Proposed Order are voluminous, the Debtors have omitted them from the copies of the Objection served on the claimants who asserted the Disputed Claims.  All pertinent information regarding each claimant's Disputed Claim is included in that claimant's respective individualized notice.  However, to the extent a claimant wishes to receive a copy of Exhibits II, III, IV, V, VI, VII, VIII, and IX hereto or Exhibits A, B, C, D, E, F, G, and H to the Proposed Order, such claimant may submit an email request to Debbie Laskin at dlaskin@ycst.com.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit X, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: May 6, 2009
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Edward J. Kosmowski (No. 3849)
Margaret B. Whiteman-Greecher (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                :
                                                :    Jointly Administered
      Debtors.                                  :
------------------------------------------------------------- x
```

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF
## DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
## PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
## BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.    I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.    Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq").  These

efforts resulted in the identification of the "No Liability Claims," "Modified Amount Claims,"

"Reclassified Claims," "Modified Amount Wrong Debtor Claims," "Modified Amount

Reclassified Claims," "Modified Amount Reclassified Wrong Debtor Claims," "Insufficient

Documentation Claims," "Equity Fraud Claims," and "New York Tax Claims" as defined in the

Objection and identified in Exhibits A, B, C, D, E, F, G, and H to the Proposed Order.

     3.     The information contained in the Objection and Exhibits A, B, C, D, E, F, G, and

H to the Proposed Order is true and correct to the best of my knowledge.

     4.     The Debtors have reviewed their books and records and determined that they have

no record of any liability on account of the claims identified in Exhibit A to the Proposed Order.

Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek

to expunge and disallow in full the No Liability Claims.

     5.     The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit B to the Proposed Order should be modified to the amounts listed in

Exhibit B.  Accordingly, to prevent the claimants from receiving an unwarranted recovery, the

Debtors seek to expunge and disallow in part the Modified Amount Claims.

     6.     The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit C to the Proposed Order should be reclassified to different priority

levels as indicated in Exhibit C.  Accordingly, to prevent these claims from receiving undue

priority, the Debtors seek to reclassify the Reclassified Claims.

     7.     The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit D to the Proposed Order should be modified to the amounts listed in

Exhibit D and reassigned to the new case numbers listed in Exhibit D.  Accordingly, to prevent

the claimants from receiving an unwarranted recovery against the wrong Debtors, the Debtors

seek to expunge and disallow in part and reassign the Modified Amount Wrong Debtor Claims.

8.      The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit E to the Proposed Order should be modified to the amounts listed in

Exhibit E and reclassified to the new priority levels listed in Exhibit E. Accordingly, to prevent

the claimants from receiving an unwarranted recovery at the wrong priority level, the Debtors

seek to expunge and disallow in part and reassign the Modified Amount Reclassified Claims.

9.      The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit F to the Proposed Order should be modified to the amounts listed in

Exhibit F, reclassified to the new priority levels listed in Exhibit F and reassigned to the new

case number listed in Exhibit F. Accordingly, to prevent the claimants from receiving an

unwarranted recovery at the wrong priority level and against the wrong Debtor, the Debtors seek

to expunge and disallow in part and reassign the Modified Amount Reclassified Wrong Debtor

Claims.

10.      The Debtors have determined based upon a review of the claims docket and the

claims identified on Exhibit G to the Proposed Order that such claims were filed without

sufficient documentation or alleged facts and the claimants have failed to provide additional

requested documentation. Accordingly, the Debtors seek to expunge and disallow in full the

Insufficient Documentation Claims.

11.      The Debtors have determined that the claims identified on Exhibit H to the

Proposed Order should be subordinated pursuant section 510 of the Bankruptcy Code and the

terms of the Plan. Accordingly, the Debtors request that the Court find that the Equity Fraud

Claims are Subordinated Claims (as that term is defined in the Plan) and are therefore

subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

12.    As described in the Objection, the Debtors have determined that Claim 10696 should be disallowed and expunged in full and the amount of Claim 10693 should be reduced to $303,220.98 unsecured priority and $3,193.35 general unsecured.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 6, 2009

Eileen Wanerka
Assistant Vice President

# EXHIBIT II

**Notice for Claimants Listed in <u>Exhibit A</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    :    Jointly Administered
                                                    :
    Debtors.                                        :    **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
                                                    :    **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**

------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

**TO:** [Claimant's Name          **Basis for Objection:** <u>No Liability Claim</u> – the Debtors' books and
     and Address]                                     records show no liability on account of this claim

|                     | **Claim Number** | **Claim Amount** |
|---------------------|------------------|------------------|
| **Expunged Claim:** | [Claim Number]   | [Claim Amount]   |

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "**Objection**"), a copy of which is attached hereto. The Debtors seek by this Objection to disallow the claim listed above because the Debtors have determined, after review of their books and records, that they have no record of any liability on account of this claim. The Objection seeks to alter your rights by disallowing the claim listed above in the "Expunged Claim" row.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                                      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                                      Nathan D. Grow (No. 5014)
                                      The Brandywine Building
                                      1000 West Street, 17th Floor
                                        Wilmington, Delaware  19801
                                        Telephone: (302) 571-6756
                                        Facsimile: (302) 571-1253

                                        Counsel to the Debtors and Debtors in Possession

# EXHIBIT III

**Notice for Claimants Listed in <u>Exhibit B</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                              :   Chapter 11
  : 
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                   :
  :   Jointly Administered
  :
Debtors.                                            :   **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
  :   **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**

---------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

**TO:** [Claimant's Name and Address]    **Basis for Objection:**    <u>Modified Amount Claim</u> - Debtors' books and records show a modified amount of liability

| Claim Number [Claim Number] | Date Filed [Date Filed] | Case Number [Case Number] | Total Amount Claimed [Amount] [Priority level] | Modified Amount [Amount] [Priority level] |
|---|---|---|---|---|

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the amount of the claim listed above because the Debtors have determined, after review of their books and records, that the amount asserted should be reduced or fixed to the amount indicated above in the "Modified Amount" column. The Objection seeks to alter your rights by modifying or fixing the amount of your claim as indicated above in the "Modified Amount" column.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
     Wilmington, Delaware

                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                    Nathan D. Grow (No. 5014)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    Counsel to the Debtors and Debtors in Possession

# EXHIBIT IV

**Notice for Claimants Listed in <u>Exhibit C</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,:         Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]              :
                                                :   Jointly Administered
                                                :
        Debtors.                                :   Response Deadline: May 29, 2009 at 4:00 p.m. (ET)
                                                :   Hearing Date: June 5, 2009 at 10:00 a.m. (ET)
------------------------------------------------------------ x
```

### NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name    **Basis for Objection:**    <u>Reclassified Claim</u> - Debtors' books and records show
and Address]                                        claim should be reclassified

| Claim Number<br>[Claim Number] | Date Filed<br>[Date Filed] | Case Number<br>[Case Number] | Total Amount Claimed<br>[Amount]<br>[Priority level] | Reclassified Amount<br>[Amount]<br>[Priority level] |
|---|---|---|---|---|

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto.  The Debtors have determined, after review of their books and records, that your claim should be reclassified as indicated above in the column titled "Reclassified Amount."  The Objection seeks to alter your rights by reclassifying the priority level of your claim.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                  **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                  Nathan D. Grow (No. 5014)
                  The Brandywine Building
                  1000 West Street, 17th Floor
                  Wilmington, Delaware  19801
                  Telephone: (302) 571-6756
                  Facsimile: (302) 571-1253

                  Counsel to the Debtors and Debtors in Possession

# EXHIBIT V

**Notice for Claimants Listed in <u>Exhibit D</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]              :
                                                :    Jointly Administered
                                                :
Debtors.                                        :    **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
                                                :    **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**

---------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name    **Basis for Objection:**    <u>Modified Amount Wrong Debtor Claim</u> - Debtors' books
and Address]                                          and records show amount of claim should be modified
                                                      and reassigned to a new case number

| Claim Number | Date Filed | Case Number | New Case Number | Total Amount Claimed | Modified Amount |
|---|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [New Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the
**Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the
"<u>Objection</u>"), a copy of which is attached hereto.  The Debtors seek by this Objection to modify the
amount of the claim listed above because the Debtors have determined, after review of their books
and records, that the amount asserted should be reduced or fixed at the amount indicated above in the
"Modified Amount" column.  Additionally, the Debtors have determined that your claim should be
reassigned to the case number listed above in the column titled "New Case Number."  The Objection
seeks to alter your rights by modifying the amount of your claim as indicated above in the "Modified
Amount" column listed above and by reassigning your claim to the "New Case Number" listed
above.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow
Road, Melville, New York 11747.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                      Nathan D. Grow (No. 5014)
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      Wilmington, Delaware  19801
                      Telephone: (302) 571-6756
                      Facsimile: (302) 571-1253

                      Counsel to the Debtors and Debtors in Possession

                                    

# EXHIBIT VI

**Notice for Claimants Listed in <u>Exhibit E</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
```
In re:                                                      :    Chapter 11
                                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                          :
                                                            :    Jointly Administered
                                                            :
          Debtors.                                          :    **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
                                                            :    **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**
```
------------------------------------------------------------ x
```

## NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO: [Claimant's Name    **Basis for Objection:**    <u>Modified Amount Reclassified Claim</u> - Debtors' books
and Address]                                         and records show amount of claim should be modified
                                                     and reclassified

| Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified, Reclassified Amount |
|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |

[Comment]

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto.  The Debtors seek by this Objection to modify the amount of the claim listed above because the Debtors have determined, after review of their books and records, that the amount asserted should be either increased, reduced or fixed at the amount indicated above in the "Modified, Reclassified Amount" column.  Additionally, the Debtors have determined that your claim should be reclassified as indicated above in the "Modified, Reclassified Amount" column.  The Objection seeks to alter your rights by modifying the amount of your claim and by reclassifying your claim.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.  At the same time, you must

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

           **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
           Nathan D. Grow (No. 5014)
           The Brandywine Building
           1000 West Street, 17th Floor
           Wilmington, Delaware  19801
           Telephone: (302) 571-6756
           Facsimile: (302) 571-1253

           Counsel to the Debtors and Debtors in Possession

# EXHIBIT VII

**Notice for Claimants Listed in <u>Exhibit F</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
```
In re:                                        : Chapter 11
                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :        Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]            :
                                              : Jointly Administered
                                              :
     Debtors.                                 :
                                              : **Response Deadline: May 29, 2009 at 4:00 p.m. (ET)**
                                              : **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)**
```
------------------------------------------------------------ x
```

## NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| TO: [Claimant's Name and Address] | **Basis for Objection:** | <u>Modified Amount Reclassified Wrong Debtor Claim</u> - Debtors' books and records show amount of claim should be modified, reclassified and assigned to a new Debtor |
|---|---|---|

| Claim Number | Date Filed | Case Number | New Case Number | Total Amount Claimed | Modified, Reclassified Amount |
|---|---|---|---|---|---|
| [Claim Number] | [Date Filed] | [Case Number] | [New Case Number] | [Amount] [Priority level] | [Amount] [Priority level] |
| [Comment] | | | | | |

 The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Objection</u>"), a copy of which is attached hereto. The Debtors seek by this Objection to modify the amount of the claim listed above because the Debtors have determined, after review of their books and records, that the amount asserted should be either increased, reduced or fixed at the amount indicated above in the "Modified, Reclassified Amount" column. Additionally, the Debtors have determined that your claim should be reclassified as indicated above in the "Modified, Reclassified Amount" column and reassigned to the case number in the "New Case Number" column. The Objection seeks to alter your rights by modifying the amount of your claim, by reclassifying your claim, and by assigning it to a new case number.

 Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "<u>Response Deadline</u>") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                  **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                  Nathan D. Grow (No. 5014)
                  The Brandywine Building
                  1000 West Street, 17th Floor
                  Wilmington, Delaware  19801
                  Telephone: (302) 571-6756
                  Facsimile: (302) 571-1253

                  Counsel to the Debtors and Debtors in Possession

# EXHIBIT VIII

**Notice for Claimants Listed in <u>Exhibit G</u> of the Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                              : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   : Jointly Administered
        Debtors.                                                   :
                                                                   : Response Deadline: May 29, 2009 at 4:00 p.m. (ET)
                                                                   : Hearing Date: June 5, 2009 at 10:00 a.m. (ET)

---------------------------------------------------------------- x

### NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| TO: [Claimant's Name and Address] | **Basis for Objection:** | Insufficient Documentation Claim | |
|---|---|---|---|
| | | **Claim Number** | **Claim Amount** |
| | **Claim to be Expunged:** | [Claim Number] | [Claim Amount] |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors hereby object to your claim listed above in the "Claim to be Expunged" row because this claim was filed without sufficient supporting documentation or facts to support a legal basis for a claim. Based on your claim and any documentation filed with your claim, the Debtors submit that they have no liability for any amounts alleged. The Objection seeks to alter your rights by disallowing the above-listed claim.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

                      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                      Nathan D. Grow (No. 5014)
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      Wilmington, Delaware  19801
                      Telephone: (302) 571-6756
                      Facsimile: (302) 571-1253

                      Counsel to the Debtors and Debtors in Possession

                      

# EXHIBIT IX

**Notice for Claimants Listed in <u>Exhibit H</u> of the Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:                                             : Chapter 11
                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                 :
                                                   : Jointly Administered
                                                   :
        Debtors.                                   : Response Deadline: May 29, 2009 at 4:00 p.m. (ET)
                                                   : Hearing Date: June 5, 2009 at 10:00 a.m. (ET)

-------------------------------------------------------------- x

## NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

| TO: [Claimant's Name and Address] | **Basis for Objection:** | Equity Fraud Claim | |
|---|---|---|---|
| | | **Claim Number** | **Claim Amount** |
| | **Claim to be Expunged:** | [Claim Number] | [Claim Amount] |

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto. The Debtors hereby object to your claim listed above in the "Claim to be Expunged" row because this claim alleges fraud, misstatements, securities violations, or other misconduct, which allegedly caused loss related to the purchase or sale of securities. Pursuant to section 510 of title 11 of the United States Code (the "Bankruptcy Code") and the provisions of the Debtors' confirmed plan of liquidation [Docket No. 7029] (the "Plan"), your claim is subordinated in right of payment to other claims against the Debtors. Through the Objection, the Debtors seek an order from the Court finding that your claim is a Subordinated Claim (as that term is defined in the Plan) and is therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

Responses to the Objection, if any, must be filed on or before **May 29, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801. At the same time, you must also serve a copy of the response upon the counsel to the Debtors listed below so that the response is received on or before the Response Deadline.

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A HEARING ON THE OBJECTION WILL BE HELD ON **JUNE 5, 2009 AT 10:00 A.M.** **(ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: May 6, 2009
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession