Frederick B. Rosner
MESSANA ROSNER & STERN, LLP
1000 N. West Street
Suite 1200
Wilmington, DE  19801
Telephone: (302) 777-1111

-and-

Norman S. Rosenbaum
Melissa A. Hager
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000

*Attorneys for American Home Bank,*
*a division of First National Bank of Chester County*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
AMERICAN HOME MORTGAGE                                       :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, <u>et</u> <u>al</u>.         :
                                                            :   (Jointly Administered)
                                                            :
                             Debtor.                        :
---------------------------------------------------------------- x

**LIMITED OBJECTION OF AMERICAN HOME BANK, A DIVISION OF FIRST**
**NATIONAL BANK OF CHESTER COUNTY, TO**
**DEBTORS MOTION FOR AN ORDER (I) AUTHORIZING THE SALE OF**
**DEBTORS' SHARES IN AMERICAN HOME BANK STOCK**
**FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER**
**INTERESTS, (II) AUTHORIZING AND APPROVING PROPOSED STOCK**
<u>**PURCHASE AGREEMENT, AND (III) GRANTING RELATED RELIEF**</u>

American Home Bank, a division of First National Bank of Chester County (formerly

American Home Bank, N.A.) ("<u>AHB</u>"), by its undersigned counsel, hereby submits its limited

objection (the "Objection") to the Motion of the Debtors[1] for an Order (I) Authorizing the Sale of

Debtors' Shares in American Home Bank Stock Free and Clear of Liens, Claims, Encumbrances,

and other Interests, (II) Authorizing and Approving Proposed Stock Agreement, and (III)

Granting Related Relief [Dkt. No. 7220] (the "Motion"), and to the Sale[2] which is the subject of

the Motion.  In support of this limited Objection, AHB states as follows:

## PRELIMINARY STATEMENT

1.      By the Motion, the Debtors seek to sell the Shares of American Home Bank, its

non-debtor affiliated bank (the "Bank") free and clear of all Liens and Liabilities pursuant to

Section 363(f) of the Bankruptcy Code.  AHB has no objection to the sale of the Shares, per se.

It is unclear, however, from a review of the Motion and the SPA if the Debtors are seeking to sell

the Shares free and clear of AHB's pending trademark infringement claims against certain of the

Debtors and non-debtor affiliates, including the Bank.  To the extent that the proposed Sale seeks

to sell the Shares free and clear of such trademark infringement claims, AHB objects to the

Motion and the Sale.  Based upon the forgoing, AHB is compelled to file this objection out of an

abundance of caution to preserve its trademark infringement claims against the Debtors and its

non-debtor subsidiary, American Home Bank, as described in more detail below.

## RELEVANT BACKGROUND

2.      On or about May 24, 2007, Debtors, American Home Mortgage Investment Corp.

and American Home Mortgage Corp., filed an action against AHB[3] in the United States District

---

[1]      The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage
Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement
Services, Inc.; and Great Oak Abstract Corp.
[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.
[3]      Effective December 31, 2008, American Home Bank, N.A. merged with and into First National Bank of
Chester County.  Following the merger, AHB continues to do business as American Home Bank, a division of First
National Bank of Chester County.

Court for the Southern District of New York styled *American Home Mortgage Investment, Corp., and American Home Mortgage Corp. v. American Home Bank, N.A.*, (Index No. 07 Civ. 4077 (LAP)) (the "Action"). The complaint filed in the Action (the "Complaint") alleges, among other things, service mark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); the use of false designations in commerce and false representations in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law service mark infringement, unfair competition, and deceptive trade practices under the laws of the State of New York.

3.      On or about July 13, 2007, AHB answered the Complaint and filed its own counterclaims, against the Debtors and the Bank for among other things, service mark infringement under Section 43(a) of the Lanham Act, common law service mark infringement, unfair competition and deceptive trade practices under the laws of the State of New York (the "Counterclaim")[4]. In its Counterclaim, AHB seeks, among other things: (i) a declaratory judgment that AHB's service mark is valid; (ii) a declaratory judgment that the American Home Mortgage service mark is invalid; (iii) cancellation of the American Home Mortgage United States service mark registration; (iv) a declaratory judgment that the American Home Mortgage Investment Corp. service mark is invalid; (v) cancellation of American Home Mortgage Investment Corp. United States service mark registration; and (vi) injunctions restraining and enjoining the Debtors and the Bank from using the name American Home Bank. In addition to injunctive relief, AHB is seeking monetary damages related to the Counterclaim and reasonable costs and attorneys' fees in connection with the Action.

4.      On or about August 2, 2007, Debtors and the Bank answered the Counterclaim.

---

[4]      The Counterclaim is annexed hereto as Exhibit A.

5.      The filing of the petition commencing the instant chapter 11 cases on August 6, 2007, stayed AHB's prosecution of the Counterclaim in the Action.  The prosecution of the Complaint has also been held in abeyance.

6.      On or about January 10, 2008, AHB timely filed proofs of claim against each of the Debtors in an unliquidated amount related to the Action and for the damages sought pursuant to its Counterclaim.

7.      On or about December 30, 2008, the United States Patent and Trademark Office registered AHB's service mark, "American Home Bank," on the principal register.

## THE MOTION

8.      The Motion seeks authorization to sell the Shares free and clear of all Liens and Liabilities pursuant to the terms of the SPA.  If the Motion is granted as requested by the Debtors, to the extent there are any existing Liens and Liabilities, they will only attach to the proceeds of the Sale.

9.      The Debtors failed to file the schedules to the SPA (the "Schedules") with the Motion seeking the Court's authorization and approval.  For example (and without limitation), the SPA filed with the Court does not include Schedule 4.8, which is supposed to list any pending lawsuits and proceedings against the Bank, or Schedule 4.21, which is suppose to identify all Intellectual Property owned or used by the Bank and the Bank Subsidiary.

10.      On or about April 30, 2009, counsel to the Debtors informed AHB's counsel, by telephone, that none of the Schedules attached to the SPA includes reference to the Action or the Counterclaim against the Debtors and the Bank.  AHB thus believes that neither the Action, the Counterclaim nor the intellectual property that is the subject of the Action and the Counterclaim is included in the Schedules attached to the SPA.

11.     It is important for AHB and any buyer of the Shares to know whether the Action and the Counterclaim and the intellectual property that is the subject of the Action and the Counterclaim is properly included in the Schedules.  Pursuant to Section 5.4(f) of the SPA, the Debtors, the Bank, the Bank Subsidiary and the Purchaser agreed to "transfer, assign and convey to the Bank and the Bank Subsidiary all right, title, and interest in and to any and all Intellectual Property in the name of the Parent or its Affiliates that is necessary for the Bank or Bank Subsidiary to carry on its business as currently conducted."  Thus, to the extent that the intellectual property that is involved in the Action and the Counterclaim is listed in applicable Schedule, it will be included in the proposed Sale.

12.     To the extent the Action, the Counterclaim and the intellectual property which is involved in the Action and Counterclaim are not properly disclosed in the SPA's Schedules, then the SPA contains patently false representations.  Such false representations would include, without limitation:  Section 4.8 of the SPA, which states, "Except as set forth on Schedule 4.8, there is no action, suit, inquiry, proceeding or investigation by or before any court … pending or threatened against or involving the Bank or the Bank Subsidiary…"; and Section 4.21 of the SPA, which states, "To the Knowledge of Parent, no claim by any third party has been made or threatened contesting the validity, enforceability, use or ownership of the Intellectual Property owned or used by the Bank or the Bank Subsidiary.  To the Knowledge of Parent neither the Bank, nor the Bank Subsidiary nor parent has received any written notices (including, without limitation, any cease-and-desist letters) alleging infringement or misappropriation of any third party rights."

13.     Based upon the foregoing, it is unclear if the Sale includes the transfer of the intellectual property involved in the Action and the Counterclaim or if the ultimate purchaser of the Shares has been or will be informed of the Action and Counterclaim.

## OBJECTION

14.     AHB objects to any transfer, assignment or conveyance of the Shares or the Debtors' or their Affiliates' Intellectual Property used by the Bank or Bank Subsidiary that is free and clear of AHB's Counterclaim.  Specifically, to the extent that the Motion seeks in anyway to preclude AHB from (a) continuing to prosecute its Counterclaim against the Debtors and the Bank, and (b) enforcing equitable, injunctive and/or monetary relief obtained by virtue of its Counterclaim, AHB objects to the Motion.

15.     The Action and the Counterclaim are still pending and have not been adjudicated. Based upon the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, AHB is precluded from prosecuting its Counterclaim.  The Debtors and the Bank should not be allowed to use section 363 of the Bankruptcy Code as a shield to effectively escape any liability on the Counterclaim.

16.     The fact that existing Liens and Liabilities will attach to the proceeds of the Sale is of no value AHB.  The Counterclaim seeks injunctive relief against the Debtors and the Bank, which relief cannot "attach" to the proceeds of the Sale.  Furthermore, the Counterclaim seeks monetary relief against the non-debtor Bank, the assets of which do not include the proceeds of the Sale.  Therefore, AHB's Counterclaim should be carved-out of the "free and clear" provisions of the Order such that a decision on the merits of its Counterclaim in its favor shall entitle AHB to enforce all equitable, injunctive, monetary and other relief against the Purchaser

and preserve all of its rights against the Debtors and their non-debtor Affiliates, including the Bank.

17.     Moreover, any Order approving and authorizing the Sale and the SPA should provide that the Sale is subject to AHB's Counterclaim and its ability to enforce all rights and all equitable, injunctive, monetary and other relief awarded pursuant to its Counterclaim.

### RELIEF REQUESTED

For all of the foregoing reasons, AHB respectfully requests that the Court modify the proposed Order granting the Motion to clarify that the sale is not free and clear of AHB's claims as asserted in the Counterclaim and include its ability to pursue and enforce the Counterclaim and any related judgment against the Bank and the Purchaser.

WHEREFORE , AHB respectfully requests that the Court: (a) modify the proposed Order granting the Motion as set forth herein, or (b) grant such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        May 7, 2009

/s/ Fredrick B. Rosner
Fredrick B. Rosner (DE #3995)
MESSANA ROSNER & STERN LLP
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone: (302) 777-1111

-and-

Norman S. Rosenbaum
Melissa A. Hager
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone: (212) 468-8000

*Attorneys for American Home Bank , a division of First National Bank of Chester County*