IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN re: | : Chapter 11 |
| | : Case No.: No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, | : |
| INC., Delaware corporation, et al., | : **Claim Support** |
| | : |
| Debtors. | : |
| | : |
| SUROWIEC, MICHAEL S | : |
| 116 RALPH AVE | : |
| S PLAINFIELD, NJ 070802814 | : |
| | : |

To The Honorable Christopher S. Stonchi:

I have been in contact with AHM's attorney Nathan Grow, and he agrees that I am entitled to a claim of $14,970, and I concur with the amount. However, Mr. Grow contends that it is not entitled to be a secured claim, but rather an unsecured claim. I disagree, and firmly believe that my claim should be a secured claim. My reasoning is as follows;

1. Mr. Grow keeps referring to my claim as a moving expense. However, my employment agreement calls it a "relocation benefit" which had eligibility requirements contingent on my performance of the covenants in my employment agreement. I met those conditions and became eligible on June 28, 2007.
2. The amount of my relocation benefit was established within 90 days of the bankruptcy filing, and had AHM paid the vendor in keeping with their end of my employment agreement the $14,970 would have been identified on my W-2 as income in the "wages, tips and other compensation" box on the form, and subsequently subject to taxes as wages earned.
3. The bankruptcy code does not specifically define wages, salary, and commissions, but has expanded to include vacation and personal time. Those <u>benefits</u> are typically accrued usually contingent on receiving more time as the length of employment throughout the year continues on. I.E.: You will accrue 2 vacation days every month of employment to a maximum of 15 days. I believe the theory concerning my "relocation benefit" is the same. I move to the Melville area within a specified time frame and I become eligible for the relocation benefit. The lack of a strict definition makes it difficult to interpret the meanings of those words on their own. Fortunately, another Federal branch of the government has already defined what wages are, and I would think that since all U.S. citizens rely on the Internal Revenue Service to define how much in taxes to pay on the wages they earn, it would be appropriate to use a definition of wages that is already proven and accepted throughout all 50 states.

1

Below I have provided you with the IRS' definition of wages, and I have made some specific comments to parts 18,19,21, and 22. Since the cost of the "relocation benefit" was not directly paid or incurred by me the only conclusion that I can make is that my claim of $14,970 is in fact wages and should be treated as a secured claim of priority.

I hope that you find this information useful, and maintain my claim as a secured claim. How AHM let 7000 employees go was shameful. They hired people within days of filing bankruptcy when they must have known. Many of us had to move again, but not because we wanted to, but because we had to. They left us liable for bills that they should have paid, and were aware of prior to their bankruptcy filing, and had they paid them they would have been all to eager to report it for us as wages to the IRS.

I want to thank you in advance for your time and consideration in this matter.

Title 26-Internal Revenue Code

Subtitle C-Employment Taxes

Chapter 24-Collection of Income Tax At Source on Wages Section 3401-Definition

(a)Wages For purposes of this chapter, the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash; except that such term shall not include remuneration paid-

(1) for active service performed in a month for which such employee is entitled to the benefits of section 112 (relating to certain combat zone compensation of members of the Armed Forces of the United States) to the extent remuneration for such service is excludable from gross income under such section; or

(2) for agricultural labor (as defined in section 3121 (g)) unless the remuneration paid for such labor is wages (as defined in section 3121 (a)); or

(3) for domestic service in a private home, local college club, or local chapter of a college fraternity or sorority; or

(4) for service not in the course of the employer's trade or business performed in any calendar quarter by an employee, unless the cash remuneration paid for such service is $50 or more and such service is performed by an individual who is regularly employed by such

employer to perform such service. For purposes of this paragraph, an individual shall be deemed to be regularly employed by an employer during a calendar quarter only if-

>(A) on each of some 24 days during such quarter such individual performs for such employer for some portion of the day service not in the course of the employer's trade or business; or
>
>(B) such individual was regularly employed (as determined under subparagraph
>>(A)) by such employer in the performance of such service during the preceding calendar quarter; or

(5) for services by a citizen or resident of the United States for a foreign government or an international organization; or

(6) for such services, performed by a nonresident alien individual, as may be designated by regulations prescribed by the Secretary; or

[(7) Repealed. Pub. L. 89-809, title I, ? 103(k), Nov. 13, 1966, 80 Stat. 1554]

(8)
>(A) for services for an employer (other than the United States or any agency thereof)-
>>(i) performed by a citizen of the United States if, at the time of the payment of such remuneration, it is reasonable to believe that such remuneration will be excluded from gross income under section 911; or

4

(ii) performed in a foreign country or in a possession of the United States by such a citizen if, at the time of the payment of such remuneration, the employer is required by the law of any foreign country or possession of the United States to withhold income tax upon such remuneration; or

(B) for services for an employer (other than the United States or any agency thereof) performed by a citizen of the United States within a possession of the United States (other than Puerto Rico), if it is reasonable to believe that at least 80 percent of the remuneration to be paid to the employee by such employer during the calendar year will be for such services; or

(C) for services for an employer (other than the United States or any agency thereof) performed by a citizen of the United States within Puerto Rico, if it is reasonable to believe that during the entire calendar year the employee will be a bona fide resident of Puerto Rico; or

(D) for services for the United States (or any agency thereof) performed by a citizen of the United States within a possession of the United States to the extent the United States (or such agency) withholds taxes on such remuneration pursuant to an agreement with such possession; or

(9) for services performed by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order; or

(10)

    (A) for services performed by an individual under the age of 18 in the delivery or distribution of newspapers or shopping news, not including delivery or distribution to any point for subsequent delivery or distribution; or

    (B) for services performed by an individual in, and at the time of, the sale of newspapers or magazines to ultimate consumers, under an arrangement under which the newspapers or magazines are to be sold by him at a fixed price, his compensation being based on the retention of the excess of such price over the amount at which the newspapers or magazines are charged to him, whether or not he is guaranteed a minimum amount of compensation for such services, or is entitled to be credited with the unsold newspapers or magazines turned back; or

(11) for services not in the course of the employer's trade or business, to the extent paid in any medium other than cash; or

(12) to, or on behalf of, an employee or his beneficiary-

    (A) from or to a trust described in section 401 (a) which is exempt from tax under section 501 (a) at the time of such payment unless such payment is made to an employee of the trust as remuneration for services rendered as such employee and not as a beneficiary of the trust; or

    (B) under or to an annuity plan which, at the time of such payment, is a plan described in section 403 (a); or

(C) for a payment described in section 402 (h)(1) and (2) if, at the time of such payment, it is reasonable to believe that the employee will be entitled to an exclusion under such section for payment; or

(D) under an arrangement to which section 408 (p) applies; or

(E) under or to an eligible deferred compensation plan which, at the time of such payment, is a plan described in section 457 (b) which is maintained by an eligible employer described in section 457 (e)(1)(A),[1] or

(13) pursuant to any provision of law other than section 5(c) or 6 (1) of the Peace Corps Act, for service performed as a volunteer or volunteer leader within the meaning of such Act; or

(14) in the form of group-term life insurance on the life of an employee; or

(15) to or on behalf of an employee if (and to the extent that) at the time of the payment of such remuneration it is reasonable to believe that a corresponding deduction is allowable under section 217 (determined without regard to section 274 (n)); or

(16)

    (A) as tips in any medium other than cash;

    (B) as cash tips to an employee in any calendar month in the course of his employment by an employer unless the amount of such cash tips is $20 or more; [2]

(17) for service described in section 3121 (b)(20); [2]

(18) for any payment made, or benefit furnished, to or for the benefit of an employee if at the time of such payment or such furnishing it is reasonable to believe that the employee will be able to exclude such payment or benefit from income under section 127, 129, or 134 (b)(4); [2]
**(This part 18 and the sections of the IRS code that it refers to relates to Educational Assistance Programs, Dependant Care Assistance Programs, and Certain Military Benefits)**

(19) for any benefit provided to or on behalf of an employee if at the time such benefit is provided it is reasonable to believe that the employee will be able to exclude such benefit from income under section
74 (c), 117, or 132; [2] **(This part 19 and the sections of the IRS code that it refers to relates to Employee Achievement Awards, Qualified Scholarships, and Working Condition Fringe Benefits.  The Working Condition Fringe Benefits section is further defined in Section 132(g) as:** *Qualified moving expense reimbursement For purposes of this section, the term "qualified moving expense reimbursement" means any amount received (directly or indirectly)by an individual from an employer as a payment for*

*(or a reimbursement of) expenses which would be deductible as moving expenses under section 217 if directly paid or incurred by the individual. Such term shall not include any payment for (or reimbursement of) an expense actually deducted by the individual in a prior taxable year.)* **If AHM had paid the "relocation benefit" to the vendor as agreed upon in my employment agreement it would have been considered wages because it would not have been directly paid or incurred by me.**

(20) for any medical care reimbursement made to or for the benefit of an employee under a self-insured medical reimbursement plan (within the meaning of section 105 (h)(6)); [2]

(21) for any payment made to or for the benefit of an employee if at the time of such payment it is reasonable to believe that the employee will be able to exclude such payment from income under section 106 (b); or

**(This part 21 and the sections of the IRS code that it refers to relates to Contributions by an Employer to Accident and Health Plans)**

(22) any payment made to or for the benefit of an employee if at the time of such payment it is reasonable to believe that the employee will be able to exclude such payment from income under section 106 (d).

**(This part 22 and the sections of the IRS code that it refers to relates to Contributions by an Employer to Health Savings Plans)**

Dated this 5th day of May, 2009

*Michael S. Surowiec*

Michael S. Surowiec

Enclosures

Cc:

Via: Regular and Certified Mail
7003 1010 0005 0701 3428
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Nathan D. Grow (No. 5014)
The Brandy Wine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: 302-571-6756
Facsimile: 302-571-1253

Counsel to the Debtors and Debtors in Possession