IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                                                                  Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE HOLDINGS,                         Chapter 11
INC., et al.,
                                                                                        Objection Deadline: May 8, 2009
                                    Debtors.                               Related Docket Nos. 7084
---------------------------------------------------------x

**RESPONSE OF DAVID MICHAUD TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 (DOCKET NO. 7084)**

David Michaud ("Michaud"), by and through his counsel, responds to the *Debtors' Thirty-First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy rules 3003 and 3007, and Local Rule 3007-1* ("31st Objection") and states as follows:

### FACTUAL BACKGROUND

1. Michaud was an employee of American Home Mortgage.

2. Michaud's employment was controlled by an employment contract which was executed by Michaud and American Home Mortgage.

3. Michaud was laid off suddenly.

4. On August 6, 2007, the Debtor and its debtor-affiliates (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

## THE CONTRACT

5. Pursuant to the terms of Michaud's employment contract, upon information and belief, he was to receive (i) deferred compensation from the Debtor, (ii) override payments from the Debtor and (iii) earned bonuses from the Debtor.

## THE DEBTOR'S TERMINATION OF THE CONTRACT

6. The Debtor terminated Michaud's employment contract leaving Michaud with unpaid deferred compensation, overrides and bonuses.

## THE PROOF OF CLAIM AND THE OBJECTION

7. On January 7, 2008, Michaud filed a proof of claim (POC 7184), seeking payment for unpaid deferred compensation, overrides and bonuses for which he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Michaud asserted a priority claim in the amount of $10,950.00 and an unsecured non-priority claim in the amount of $43,452.00.

8. On March 6, 2009, the Debtors filed their 31st Objection to Michaud's claim no. 7184. In the 31st Objection, the Debtors asserted that the unpaid deferred compensation, overrides and bonuses indicated by Michaud were not consistent with the "debtors' books and records for deferred compensation". Debtors are requesting the Court's permission to modify Michaud's claim to an unsecured non-priority claim in the amount of $27,390.10.

## RESPONSE TO THE OBJECTION

9. Pursuant to Fed. R. Bankr. P. 3001(f) the filing of a proof of claim with proper documentation provides prima facie evidence of the validity and amount of the claim. Michaud has previously provided the Debtors with proper documentation to

support his claim no. 7184. Additionally, the Debtors' own books and records should reflect that they have not paid Michaud for his deferred compensation or his overrides and earned bonuses. Attached hereto as Exhibit "A" is additional documentation supporting Michaud's claim.

10. It should also be noted that "the mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector." *Sloan's Furriers v. Bradley*, 146 F.2d 757 (C.C.A.6 1945). The Debtors have presented no evidence to prove their basis for their objection. Furthermore, "the Court will not sustain objections to claims based simply on the fact that the claim disagrees with the debtor's books and records. More evidence is needed to overcome the prima facie validity of a proof of claim." *In re American Business Financial Services, Inc.*, 2008 WL 1702095 (April 10, 2008 Bankr. D. Del.) (footnote). The Debtors have not provided the Court with proper evidence to overcome the prima facie validity of the proof of claim.

WHEREFORE, Michaud respectfully requests that this Court enter an order (i) overruling the Objection, (ii) allowing Michaud's proof of claim no. 7184 as submitted, and (iii) granting such other and further relief to Michaud as is appropriate.

Wilmington, Delaware
Dated: May 8, 2009

                                          Respectfully submitted,
                                          MARGOLIS EDELSTEIN

                                            /s/James E. Huggett
                                          James E. Huggett (No. 3956)
                                          750 Shipyard Drive, Suite 102
                                          Wilmington, DE  19801
                                          Telephone: (302) 888-1112
                                          Facsimile: (302) 888-1119

                                          Counsel to David Michaud