IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                                                    Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE HOLDINGS,                  Chapter 11
INC., et al.,

                                                                                              **Objection Deadline: May 8, 2009**
                                       Debtors.                 **Related Docket Nos. 6825 & 7084**
---------------------------------------------------------x

**RESPONSE OF DOUGLAS HUSTON TO DEBTORS' THIRTY-FIRST AND TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 (DOCKET NOS. 6825 AND 7084)**

Douglas Huston ("Huston"), by and through his counsel, responds to the *Debtors' Thirty-First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy rules 3003 and 3007, and Local Rule 3007-1* ("31st Objection") and *Twenty-Eighth Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy rules 3003 and 3007, and Local Rule 3007-1* ("28th Objection", and collectively with the 31st Objection, the "Objections"; D.I. 6825 and 7084) and states as follows:

**FACTUAL BACKGROUND**

1. Huston was an employee of American Home Mortgage.

2. Huston's employment was controlled by an employment contract which was executed by Huston and American Home Mortgage.

3. Huston was laid off suddenly.

4. On August 6, 2007, the Debtor and its debtor-affiliates (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

## THE CONTRACT

5.  Pursuant to the terms of Huston's employment contract, upon information and belief, he was to receive (i) deferred compensation from the Debtor, (ii) semi-monthly basis point payments from the Debtor and (iii) a yearly bonus based on the basis point compensation from the Debtor.

## THE DEBTOR'S TERMINATION OF THE CONTRACT

6.  The Debtor terminated Huston's employment contract leaving Huston with unpaid deferred compensation, semi-monthly salary payments and bonuses.

## THE PROOFS OF CLAIM AND THE OBJECTIONS

7.  On November 12, 2007, Huston filed a proof of claim (POC 2196), seeking payment for unpaid semi-monthly wages which he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Huston asserted a priority claim in the amount of $10,950.00 and an unsecured non-priority claim in the amount of $7,099.12.

8.  On March 6, 2009, the Debtors filed their 31st Objection to Huston's claim no. 2196. In the 31st Objection, the Debtors asserted that the unpaid semi-monthly wages indicated by Huston were not supported by sufficient documentation. Debtors are requesting the Court's permission to expunge Huston's entire claim.

9.  On November 12, 2007, Huston filed a proof of claim (POC 2197), seeking payment for an unpaid bonus which he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Huston asserted an unsecured non-priority claim in the amount of $96,200.00.

10. On January 9, 2009, the Debtors filed their 28th Objection to Huston's claim no. 2197. In the 28th Objection, the Debtors asserted that the proof of claim was filed without correlation to a debtor entity. Debtors are requesting the Court's approval to assign the claim to a specific debtor entity.

11. On November 12, 2007, Huston filed a proof of claim (POC 2196), seeking payment for unpaid semi-monthly wages which he suffered as a result of the Debtor's termination of his employment. In the proof of claim, Huston asserted a priority claim in the amount of $10,950.00 and an unsecured non-priority claim in the amount of $7,099.12.

12. On January 9, 2009, the Debtors filed their 28th Objection to Huston's claim no. 2196. In the 28th Objection, the Debtors asserted that the proof of claim was filed without correlation to a debtor entity. Debtors are requesting the Court's approval to assign the claim to a specific debtor entity.

## RESPONSE TO THE OBJECTIONS

13. Pursuant to Fed. R. Bankr. P. 3001(f) the filing of a proof of claim with proper documentation provides prima facie evidence of the validity and amount of the claim. Huston has previously provided the Debtors with proper documentation to support his claim no. 2196. Attached to Huston's claim no. 2196 was a spreadsheet indicating the amounts for which he claimed a pre-petition claim for and the months for which each amount was related. Additionally, the Debtors' own books and records should reflect that they have not paid Huston for his semi-monthly earnings for June and July. Attached hereto as Exhibit "A" is additional documentation supporting Huston's claim.

14. It should also be noted that "the mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector." *Sloan's Furriers v. Bradley*, 146 F.2d 757 (C.C.A.6 1945). The Debtors have presented no evidence to prove their basis for their objection. Furthermore, "the Court will not sustain objections to claims based simply on the fact that the claim disagrees with the debtor's books and records. More evidence is needed to overcome the prima facie validity of a proof of claim." *In re American Business Financial Services, Inc.*, 2008 WL 1702095 (April 10, 2008 Bankr. D. Del.) (footnote). The Debtors have not provided the Court with proper evidence to overcome the prima facie validity of the proof of claim.

15. The Debtors' 28th Objection seeks to assign Huston's claim no. 2196 and claim no. 2197, however, the Debtors do not indicate which debtor entity they wish to assign these claims. Therefore, without further information of assignment, Huston objects to such assignment.

WHEREFORE, Huston respectfully requests that this Court enter an order (i) overruling the Objections, (ii) allowing Huston's proof of claim no. 2196 as submitted, (iii) requiring the Debtors to identify the debtor entity assignment of claim no. 2196 and claim no. 2197, and (iv) granting such other and further relief to Huston as is appropriate.

Wilmington, Delaware
Dated: May 8, 2009

Respectfully submitted,
MARGOLIS EDELSTEIN

/s/James E. Huggett
James E. Huggett (No. 3956)
750 Shipyard Drive, Suite 102
Wilmington, DE 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119
Counsel to Douglas Huston