UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, et al.<br><br>                        Debtors, | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered |
| Manish Kothary<br><br>MOVANT | Objection Deadline:<br>Hearing Date: TBD |

**MOTION OF MANISH KOTHARY FOR AN ORDER RELIEVING MOVANT FROM THE DECISION IN THIS COURT'S ORDERS DATED OCTOBER 24, 2008 AND FEBRUARY 17, 2009 WHICH DISALLOWED AND EXPUNGED MOVANT'S CLAIMS NO. 8999 AND 9051, OVERRULE THE OBJECTIONS AND <u>ALLOW THE CLAIMS AS FILED</u>**

MANISH KOTHARY ("Movant"), a party in interest herein, and in reference to a property known as 129 Stoney Hill Road, Sag Harbor, New York, hereby moves this Honorable Court for an Order relieving Movant from the Orders issued by this Court on October 24, 2008 and February 17, 2009 which disallowed and expunged Movant's Proofs of Claim numbered 8999 and 9051 respectively, and allowing said claims in their entirety ("the Motion"). In support of his motion, Movant respectfully states as follows:

### <u>JURISDICTION</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1344. This matter is a core proceeding pursuant to 28 U.S. C. § § 157(b)(2)(A).

2. Venue is appropriate pursuant to 28 U.S.C. § § 1408 and 1409.

3. The statutory predicates for relief are Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60.

## BACKGROUND

4. On June 25, 2007 the Movant entered into a Construction Loan Agreement whereby the Debtor agreed to advance the funds necessary for the Movant to construct a single family dwelling at property located at 129 Stoney Hill Road, Sag Harbor, New York, up to the agreed amount of $1,639,582..45.

5. In connection therewith the Movant executed a Mortgage with a Construction Loan Rider which was subsequently recorded as a mortgage lien against said property with the Suffolk County Clerk's Office in Riverhead, New York.

6. Pursuant to the Construction Loan Agreement, the Debtor was to advance construction draws as work progressed according to a draw schedule provided by the Debtor to Movant.

7. At closing the Movant was required to pay substantial closing fees including $28,097.34 which were paid directly to Debtor for Appraisal, Credit Report, Processing, Construction Administration, Inspections, Applications, Per diem Interest, and Escrows.

8. In December, 2007, in connection with a draw request pursuant to the Construction Loan Agreement, Movant was advised that as a result of the bankruptcy filing by Debtor, the Debtor would not be advancing any additional loan draws as required by the Construction Loan Agreement.

9. On January 11, 2008, Movant filed a Proof of Claim with the Clerk of this Court alleging a total unsecured non-priority claim of $2,866,841.00 (Claim No. 9051). In support of that Claim Movant filed hundreds of documents in support of his losses as a result of the breach of the Construction Loan Agreement by the Debtors. Another claim had previously been filed by Movant in the amount of $772,300.00 (Claim No. 8999). As to both claims, Movant does assert

recoupment rights with respect to notes that the Debtor holds and the real estate against which the Debtor holds liens.

10. On July 13, 2008 a representative of Debtor, Karen Gowins, advised Movant that it would be at least another nine months before objections to his claims were filed. Movant had frequent communications with Debtor regarding his claims.

11. Contrary to the representations by Ms. Gowins, an Objection to Claim No. 8999 was filed by Debtors as part of their Nineteen Omnibus (Substantive) Objection to Claims. Movant received no notice of these objections as he was temporarily residing in India. An Order was signed on October 24, 2008 granting this objection as to the Movant, and others.

12. On January 9, 2009 an Objection to Claim No. 9051 was filed by Debtors as part of their Twenty-Ninth Omnibus (Substantive) Objection to Claims. Again, Movant received no notice of these objections as he was still residing in India. An Order was signed on February 17, 2009[1] granting this objection as to Movant, and others.

13. Movant did not become aware of these Orders disallowing and expunging his claims until April, 2009 at which point he contacted legal counsel in New York and New York legal counsel had to obtain Delaware counsel.

14. Pursuant to the dictates of *In re Inacom Corp.*, 2004 WL 2283599, (D.Del.2004); and *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 126-28 (3d Cir.1999), Movant can establish excusable neglect in not responding the claim objections.

WHEREFORE, Movant requests that claim numbers 8999 and 9051 be reinstated and such other relief as this Court deems just and proper.

---

[1] A Second Order Regarding Debtor's Twenty-Ninth Omnibus Objeciton to Claims was signed on April 1, 2009. This Second Order has no bearing on the Claims filed by Movant.

|  |  | ARCHER & GREINER, P.C. |
|---|---|---|
|  | By: | /S/ *Charles J. Brown, III* |
| Dated: May 8, 2009 |  | Charles J. Brown, III (No. 3368) <br> 300 Delaware Avenue, Suite 1370 <br> Wilmington, DE 19801 <br> Phone: 302.777.4350 / Fax: 302.777.4352 <br> cbrown@archerlaw.com <br><br> *Counsel to Manish Kothary* |

## CERTIFICATE OF SERVICE

     I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served upon all parties requesting notice via CM/ECF and via regular mail upon the following:

Nathan D. Grow, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391

Dated: May 8, 2009

/s/ *Charles J. Brown, III*
Charles J. Brown, III (#3368)