UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware corporation, et al. | ) | |
| | ) | Case No. 07-11047 (CSS) |
| Debtors, | ) | Jointly Administered |

**RESERVATION OF RIGHTS OF JAMES D. RUCKER REGARDING DEBTORS' NOTICE OF AUCTION AND SALE HEARING FILED APRIL 22, 2009**

JAMES D. RUCKER ("Rucker") objects to the Debtors' Notice of Auction and Sale Hearing filed April 22, 2009 to the extent that the Debtors' seek to the sell the loans that the Debtors made to Rucker or any real estate related to the Rucker loan prior to exercising his recoupment rights and in support of his objection states as follows:

1. On June 3, 2007 Rucker entered into a Construction Loan Agreement whereby the Debtor agreed to advance the funds necessary for Rucker to construct a single family dwelling at property located in California, up to an agreed amount of approximately $800,000.00. Rucker, who had owned and operated a successful construction company for more than 25 years was to serve as the general contractor for the construction of his residence.

2. In connection with the loan, Rucker executed a Mortgage with a Construction Loan Rider which was subsequently recorded as a mortgage lien against Rucker's property..

3. Pursuant to the Construction Loan Agreement, the Debtors were to advance construction draws as work progressed according to a draw schedule provided by the Debtors to Rucker.

4. A mere 41 days after committing to provide funding to Rucker, in August of 2007, and after construction had started, the Debtors filed for bankruptcy protection. Notwithstanding the bankruptcy filing, the Debtors represented that they would continue to fund the Rucker loan. Several months later, Rucker was advised that as a result of the bankruptcy filing by Debtors, the Debtors would not be advancing any additional loan draws as required by the Construction Loan Agreement. As a result of the Debtors' actions, many of the subcontractors working on the Rucker loan went unpaid and ultimately filed complaint and mechanic's lien claims against Rucker, his property and his construction company. Ultimately, Rucker had to shut down his construction company and file personal bankruptcy.

5. Rucker timely filed a proof claim asserting a $3.3 million claim and claiming that approximately $590,000.00 of his claim was secured. Rucker asserts recoupment rights with respect to notes that the Debtor holds and the real estate against which the Debtor holds liens.

6. The Debtors have objected to Rucker's claim and the hearing on the claim objection is presently scheduled for May 15, 2009. Rucker also filed a motion to exercise his recoupment rights and noticed this up for a hearing on May 15, 2009. In this motion, Rucker requested that the Debtors be barred from selling his loan or real estate related to this loan until he has had an opportunity to exercise his recoupment rights.

7. The Debtors have advised Rucker that his loan is not among the loans that were subject to the notices filed on April 22, 2009. Accordingly, so long as Rucker's loan is not being sold and his recoupment rights are not prejudiced, Rucker does not object to the sale of other loans in the Debtors' possession.

WHEREFORE, Rucker requests that until he has had an opportunity to exercise his recoupment rights, the Rucker related notes or real estate should not be sold. Alternatively, if the

Rucker related loans or real estate are sold, the Debtors should be required to segregate the proceeds from such sale and Rucker's claims should be paid out of the sale proceeds on a priority basis. Rucker demands such other relief as this Court finds just and proper.

|  |  | ARCHER & GREINER, P.C. |
|---|---|---|
|  | By: | /S/ *Charles J. Brown, III* |
| Dated: May 9, 2009 |  | Charles J. Brown, III (No. 3368) <br> 300 Delaware Avenue, Suite 1370 <br> Wilmington, DE  19801 <br> Phone: 302.777.4350 / Fax: 302.777.4352 <br> cbrown@archerlaw.com <br><br> *Counsel to Manish Kothary* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served upon all parties requesting notice via CM/ECF and via regular mail upon the following:

Sean Beach, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899-0391


Dated:  May 9, 2009                                                        */s/ Charles J. Brown, III*
                                                                                  Charles J. Brown, III (#3368)