## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case Nos.  07-11047 (CSS) |
| HOLDINGS, INC., et al.,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: June 5, 2009 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: May 29, 2009 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 105(a) FOR AN ORDER APPROVING AND AUTHORIZING STIPULATION BETWEEN THE DEBTORS AND ZURICH AMERICAN INSURANCE COMPANY AND ITS SUBSIDIARIES AND AFFILIATES

American Home Mortgage Holdings, Inc. ("AHMH"), a Delaware corporation,

and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in

possession in the above cases (collectively with AHMH, the "Debtors"), by this motion (the

"Motion"), seek entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure ("Bankruptcy Rules") and section 105(a) of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (a) approving a stipulation (the "Stipulation") by

and among the Debtors and Zurich American Insurance Company and its subsidiaries and

affiliates, including but not limited to Fidelity & Deposit Company of Maryland, Colonial

American Casualty and Surety Company and American Guarantee and Liability Insurance

Company (collectively, "Zurich" and, together with the Debtors, the "Parties"), a copy of which

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

is attached as Exhibit A to the proposed form of order annexed hereto (the "Order"). In support

of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the

relief requested herein is section 105(a) of the Bankruptcy Code as well as Bankruptcy Rule

9019(a).

### GENERAL BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor

is continuing to operate its business and manage its properties as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

(the "US Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

On October 21, 2008, the US Trustee appointed an Official Committee of Borrowers (the

"Borrowers Committee"). No trustee or examiner has been appointed.

5.      The Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of

February 18, 2009 (the "Plan") was confirmed under section 1129 of the Bankruptcy Code on

February 23, 2009 [D.I. 7042]. The Plan has not yet gone effective.

## RELEVANT BACKGROUND

6.      Prior to the Petition Date, the Debtors operated their businesses in a large number of states, counties, municipalities and other regulating governmental subdivisions (the "Governmental Subdivisions") throughout the United States.  Pursuant to regulations in certain Governmental Subdivisions, the Debtors engaged Zurich to issue Surety Bonds (the "Surety Bonds") on behalf of the Debtors to guaranty the Debtors compliance with regulations in such Governmental Subdivisions.  Whenever Governmental Subdivisions may make claims against the Surety Bonds, Zurich handles payment of such claims and then has a right to seek reimbursement from the Debtors.  Zurich has received a number of claims against the Surety Bonds and anticipates that it may receive more claims in the future.  As a result, Zurich filed eighty-four (84) proofs of claim (the "Zurich Claims") in the Debtors' bankruptcy cases, asserting mostly unliquidated amounts against the Debtors.

7.      The Debtors expect that Governmental Subdivisions will continue to assert claims against the Surety Bonds in the future.  Therefore, it is impossible to determine the exact value of the Zurich Claims.  Zurich and the Debtors have engaged in negotiations to resolve the Zurich Claims and estimate their value on the basis of past claims and future claims expected to be made against the Surety Bonds.  As a result of these negotiations, the Debtors and Zurich entered into the Stipulation.

## SUMMARY OF THE STIPULATION

8.      The Parties believe it is in their respective best interests to compromise and settle, without further litigation, the Zurich Claims on the terms and subject to the conditions

set forth in the Stipulation.  The effectiveness of the Stipulation is conditioned upon approval of

the Bankruptcy Court.  The principal terms of the Stipulation are as follows:[2]

    A.    Zurich is granted, in full settlement of the total value of their outstanding claims against the Debtors, allowed general unsecured claims in the following amounts against the following Debtors:

| $500,000 | American Home Mortgage Holdings, Inc. |
| $43,468 | American Home Mortgage Acceptance, Inc. |
| $370,946 | American Home Mortgage Corp. |
| $22,483 | American Home Mortgage Servicing, Inc. |
| $63,103 | American Home Mortgage Ventures LLC |

    B.    Upon approval of the Stipulation, Zurich, on behalf of themselves and any parent, affiliates, subsidiaries, successors, assigns, officers, directors, employees, attorneys, and agents forever waive and release any and all claims and/or causes of action of any nature against Debtors, irrespective of whether such claims are extant, vested, unvested, contingent, direct, indirect, derivative, matured, accrued, or otherwise outstanding, except for (i) those claims set forth in this Stipulation and (ii) any and all claims related to insurance policies issued by Zurich to any of the Debtors.

    C.    Upon approval of the Stipulation, the Debtors, on behalf of themselves and any parent, affiliates, subsidiaries, successors, assigns, officers, directors, employees, attorneys, and agents forever waive and release any and all claims and/or causes of action of any nature against Zurich, irrespective of whether such claims are extant, vested, unvested, contingent, direct, indirect, derivative, matured, accrued, or otherwise outstanding, except for any and all claims related to insurance policies issued by Zurich to any of the Debtors.

### RELIEF REQUESTED

9.    By this Motion, the Debtors respectfully request entry of an order,

pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code, approving the

---

[2]    The summary of the Stipulation is qualified in its entirety by the Stipulation.  If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall control.  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

Stipulation.  The Debtors have weighed the costs, risks and disruption that would arise from

litigating the Zurich Claims against the compromises contained within the Stipulation.  In the

Debtors' judgment, the Stipulation is fair and reasonable and serves the best interests of the

Debtors, their estates and creditors.

**BASIS FOR RELIEF REQUESTED**

**I.      Approval of the Stipulation**

        10.      Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after

a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a).  The

settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is

encouraged and "generally favored in bankruptcy." In re World Health Alternatives, Inc., 344

B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Central Transportation Co., 596 F.2d

1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical

manner it will often be wise to arrange the settlement of claims . . . .'"), quoting In re Protective

Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424

(1968).

        11.      In determining the fairness and equity of a compromise in bankruptcy, the

United States Court of Appeals for the Third Circuit has stated that it is important that the

bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective

opinion of the probabilities of ultimate success should the claims be litigated, and estimated the

complexity, expense and likely duration of such litigation, and other factors relevant to a full and

fair assessment of the [claims]." In re Penn Central Transportation Co., 596 F.2d 1127, 1153 (3d

Cir. 1979); see also In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998)

(quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

12.    The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved.  The four enumerated factors are:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); accord Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

13.    The decision to approve a settlement "is within the sound discretion of the bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in In re Martin, 91 F.3d 389.  The bankruptcy court should not substitute its judgment for that of the debtor.  See In re Neshaminy Office Building Associates, 62 B.R. at 803.  The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983); see also In re World Health Alternatives, Inc., 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

14.    The Debtors respectfully request that the Court approve the Stipulation because the Stipulation lies well above the lowest point in the range of reasonable potential

litigation possibilities.  The Stipulation is the result of extensive, arm's length negotiations between the Debtors, Zurich and their respective advisors.  The Debtors submit that the terms of the Stipulation are fair and reasonable and in the best interest of the Debtors' estates.  In addition, each of the applicable <u>Martin</u> factors weighs in favor of approving the Stipulation. Accordingly, the Stipulation should be approved pursuant to Bankruptcy Rule 9019.

### A.      The Probability of Success in Litigation

15.      As with all litigation, the probability that the Debtors will prevail in litigating the Appeal is uncertain.  Absent the Stipulation, the disputes between the Debtors and Zurich would have to be litigated before the Court with no assurances of a favorable outcome. The resolution of these disputes with Zurich under the terms of the Stipulation, without the need for further litigation, is a favorable outcome because it will save the Debtors significant time and expense.

### B.      The Complexity of the Litigation Involved, and the Expense, Inconvenience and Delay Necessarily Attending It

16.      The Stipulation satisfies the second factor in <u>Martin's</u> four-factor test largely for the reasons set forth above in the discussion of the Debtors' probability of success in litigation.  Litigation of the Zurich Claims would involve complex legal issues, which would be expensive for the estate and inconvenient for the Parties.

### C.      The Paramount Interest of Creditors

17.      Entry into the Stipulation serves the paramount interest of creditors of the Debtors.  The Stipulation's represents a savings for the creditors by obviating further litigation, thereby saving the expenses attendant to such litigation, while at the same time fixing a reasonable value for the Zurich Claims.  Moreover, the Committee has reviewed a copy of the Stipulation and has informed the Debtors that the Committee has no objection to the terms

thereof. Therefore, the third factor of <u>Martin's</u> four-factor test is satisfied and weighs in favor of the Court approving the Stipulation.

### D.    The Likely Difficulties in Collection

18.    Finally, the fourth factor enunciated by the Third Circuit in <u>Martin</u> is not applicable under these circumstances.

### E.    Summary

19.    The settlement of the Appeal embodied in the Stipulation:  (i) is fair and equitable; (ii) represents a settlement that rests well above the lowest point in the reasonable range of potential litigation outcomes; (iii) obviates the expense, delay, inconvenience and uncertainty that would attend any litigation of the Zurich Claims; and (iv) advances the paramount interests of creditors.  Therefore, the Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

## <u>NOTICE</u>

20.    Notice of this Motion will be provided to (i) the US Trustee; (ii) counsel to the Committee; (iii) counsel Bank of America, N.A. as administrative agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Debtors' postpetition lender; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## <u>NO PREVIOUS REQUEST</u>

21.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court issue and enter an

Order, in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9019 and section

105(a) of the Bankruptcy Code, (i) approving the Stipulation, and (ii) granting such other and

further relief as may be just and proper.

Dated:  Wilmington, Delaware
          May 11, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

      /s/ Nathan Grow
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Margaret B. Whiteman-Greecher (No. 4652)
Nathan Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors-in-Possession