**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x
In re:     :   Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]     :
    :   Jointly Administered
    :
    Debtors.     :
    :
----------------------------------------------------------------- x


## JOINT PRETRIAL ORDER REGARDING CLAIM OBJECTION HEARING

The above-captioned debtors and debtors in possession (the "Debtors") and Calyon New

York Branch as Administrative Agent Pursuant to Repurchase Agreement ("Calyon") submit the

following as their Joint Pretrial Order in advance of the hearing on Debtors' Objections to Claim

Nos. 8044, 8045, 8046, and 8047 filed by Calyon:


### (A)    Basis of Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are sections 502(b) and 562 of the title 11 of the United States Code (the "Bankruptcy

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### (B)      **Statement of Uncontested Facts**

The Debtors and Calyon have agreed upon certain uncontested facts identified in the Stipulation of Facts entered into by the Debtors and Calyon (the "Stipulation of Facts"). The Stipulation of Facts is attached to this Joint Pretrial Order as Exhibit 1. As a result of their size, the exhibits to the Stipulation of Facts are not attached to Exhibit 1 to this Joint Pretrial Order. The exhibits to the Stipulation of Facts will be included with the Stipulation of Facts presented to the Court at the Hearing. The Debtors and Calyon may use the Stipulation of Facts and any exhibits to the Stipulation of Facts as exhibits at the Hearing.

### (C)      **Statement of Facts which are in Dispute**

#### *1.      Debtors' Statement of Facts in Dispute*

a.      The appropriate date for determining the amount, if any, of Calyon's damage claim.

b.      The amount, if any, of Calyon's damage claim.

c.      Whether Calyon took steps to mitigate its alleged damage claim.

d.      If Calyon failed to properly mitigate its alleged damage claim, the amount, if any, of that claim.

e.      Whether Calyon's alleged damage claim is properly asserted against American Home Mortgage Servicing, Inc., American Home Mortgage Corp., American

Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp., and the amount, if any, of Calyon's claim against each estate.

~~2.    *Calyon's Statement of Facts in Dispute*~~

  a.    Whether there were commercially reasonable determinants of value for the Repurchase Agreement mortgage loans on August 1, 2007, September 30, 2007 or January 30, 2008.

  b.    Whether commercially reasonable determinants of value for the Repurchase Agreement mortgage loans first existed on August 15, 2008.

  c.    To the extent commercially reasonable determinants of value existed on such dates, the value of the Repurchase Agreement mortgage loans on the earliest of August 1, 2007, September 30, 2007, January 30, 2008 or August 15, 2008.

  d.    The amount of Calyon's allowed claims for damages under the Repurchase Agreement as set forth in Calyon's proofs of claim, excluding the portion of Calyon's damage claims related to costs and expenses, including attorneys' fees, which are not before the Court at this time.

### (D)  Damages or other Relief

  *1.    Debtors' Claim for Damages or Relief*

Debtors seek entry of an order, pursuant to sections 502(b) and 562 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging the Repurchase Claims

in full, or, alternatively, reducing the Repurchase Claims in an amount to be determined by this Court.

2.      *Calyon's Claim for Damages or Relief*

Calyon seeks entry of an order denying the relief requested in the Debtors' Objection to Claims of Calyon New York Branch, as Administrative Agent Pursuant to Repurchase Agreement [D.I. 6824] and allowing Calyon's damage claims in an amount to be determined by the Court; provided, however, that such amount would not include or affect the portion of Calyon's damage claims related to costs and expenses, including attorneys' fees, which are not before the Court at this time.

## (E)   **Legal Issues Presented**

### 1.      *Debtors' Statement of Legal Issues Presented*

**a**.      Whether Calyon has met its burden of proof that there were no commercially reasonable determinants of value as of the date it accelerated or terminated the Repurchase Agreement.

b.      If Calyon meets its burden of proving that there was no commercially reasonable determinants of value as of the date it accelerated and/or terminated the Repurchase Agreement, what the earliest date was, subsequent to acceleration and/or termination, on which there were commercially reasonable determinants of value.

c.      Whether Calyon took steps to mitigate its damage claim, and if not, the amount, if any, of its claim.

d.    Whether Calyon's alleged damage claim is properly asserted against American Home Mortgage Servicing, Inc., American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp.

2.    *Calyon's Statement of Legal Issues Presented*

a.    The meaning of the term "commercially reasonable determinants of value" as used in Bankruptcy Code Section 562, including without limitation whether the term commercially reasonable determinants of value takes into account the value owners of the assets in question could receive in a sale under the existing facts and circumstances.

b.    Whether there were commercially reasonable determinants of value for the Repurchase Agreement mortgage loans on August 1, 2007, September 30, 2007 or January 30, 2008.

c.    Whether commercially reasonable determinants of value for the Repurchase Agreement mortgage loans first existed on August 15, 2008.

d.    To the extent commercially reasonable determinants of value existed on such dates, the value of the Repurchase Agreement mortgage loans on the earliest of August 1, 2007, September 30, 2007, January 30, 2008 or August 15, 2008.

e.    The amount of Calyon's allowed claims for damages under the Repurchase Agreement as set forth in Calyon's proofs of claim, excluding the portion of Calyon's damage claims related to costs and expenses, including attorneys' fees, which are not before the Court at this time.

**(F)**  **Witnesses**

The Debtors and Calyon each reserve the right to (a) withdraw any of the witnesses identified below from testifying as part of their case-in-chief, (b) present their witnesses in the order they deem appropriate, (c) rely upon the testimony of any witnesses called by the other party at the Hearing and (d) call any witnesses necessary for rebuttal purposes, whether or not previously identified.  Therefore, the Debtors and Calyon each reserve the right to call additional witnesses on rebuttal and/or the other parties' witnesses.

The Debtors intend to call the following witnesses at the Hearing:

- Simon Sakamoto:   Mr. Sakamoto may testify generally about the existence and condition of a market for the sale of whole mortgage loans and/or securitizations involving mortgage loans during periods relevant to this case and matters relevant to such sales.

- Damian Voulo:  Mr. Voulo may testify generally about the existence and condition of a market for the sale of whole mortgage loans and/or securitizations involving mortgage loans during periods relevant to this cae and matters relevant to such sales.

- Dr. Ronnie Clayton:   Dr. Clayton will testify as an expert witness regarding the value of the mortgage portfolio and related matters.

Calyon intends to call the following witnesses at the Hearing:

- John-Charles Van Essche: Mr. Van Essche may testify generally about, among other things, the facts and circumstances related to Calyon's damage claims, the Repurchase Agreement mortgage loans and related matters, including without limitation the potential disposition of the Repurchase Agreement mortgage loans and the secondary mortgage loan market, if any, during the relevant periods.

- Robert Branthover: Mr. Branthover will testify as an expert witness regarding, among other things, the value of the Repurchase Agreement mortgage loans and related matters, including without limitation the potential disposition of the Repurchase Agreement mortgage loans and the secondary mortgage loan market, if any, during the relevant periods.

**(G)**    <u>**Exhibit List**</u>

The Debtors and Calyon have agreed upon certain uncontested facts identified in the Stipulation of Facts entered into by the Debtors and Calyon (the "Stipulation of Facts"). The Stipulation of Facts is attached to this Joint Pretrial Order as <u>Exhibit 1</u>. As a result of their size, the exhibits to the Stipulation of Facts are not attached to <u>Exhibit 1</u> to this Joint Pretrial Order. The exhibits to the Stipulation of Facts will be included with the Stipulation of Facts presented to the Court at the Hearing. The Debtors and Calyon may use the Stipulation of Facts and any exhibits to the Stipulation of Facts as exhibits at the Hearing.

The Debtors and Calyon reserve the right to object to any of the exhibits relied on by the other party on appropriate grounds. The Debtors and Calyon also reserve the right to use the other party's exhibits and/or to provide rebuttal exhibits, if necessary.

In addition to the Stipulation of Facts and any exhibits to the Stipulation of Facts, the Debtors may use the exhibits identified on the attached <u>Exhibit 2</u> in their case in chief at the Hearing.

In addition to the Stipulation of Facts and any exhibits to the Stipulation of Facts, Calyon may use the exhibits identified on the attached <u>Exhibit 3</u> in their case in chief at the Hearing.

**(H)     <u>Discovery Items to be Offered Into Evidence</u>**

The Debtors and Calyon will designate those portions of deposition transcripts to be submitted as evidence in accordance with a mutually agreed upon schedule. The mutually agreed upon schedule will provide an opportunity to identify counter-designations and to object to any designations or counter-designations.

**(I)**   <u>**Estimated Length of Trial**</u>

The Debtors and Calyon estimate the trial will take 1-2 days.

---

WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC

__/s/ Michael G. Busenkell_____
Michael G. Busenkell (DE No. 3933)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: 302.252.4324
Facsimile: 302.252.4330

-and-

Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Counsel to Calyon New York Branch*

YOUNG CONAWAY STARGATT & TAYLOR,
LLP

/s/ Michele Sherretta Budicak
John T. Dorsey (No. 2988)
Curtis J. Crowther (No. 3238)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and*
*Debtors-in-Possession*

SO ORDERED:

Dated:_____

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------  x   Chapter 11
In re:                                                        :
                                                              :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,              :   Jointly Administered
                                                              :
                        Debtors.                              :   Re: Docket No. 6824
                                                              :
```

## STIPULATION OF FACTS

Debtors and Debtors-in-Possession ("Debtors"), and Calyon New York Branch, as Administrative Agent Pursuant to Repurchase Agreement ("Calyon") hereby stipulate and agree to the following facts:

### I.    Background

1.    Calyon and Debtors American Home Mortgage Corp. ("AHM"), AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("Servicing"),[1] American Home Mortgage Acceptance, Inc. ("Acceptance"), and American Home Mortgage Investment Corp. ("Investment"; together with AHM, Servicing and Acceptance, the "Counter-Party Debtors") are parties to that certain Repurchase Agreement dated November 21, 2006 (the "Repurchase Agreement").[2] A true and correct copy of the Repurchase Agreement is attached as Exhibit A and is incorporated herein by reference.

---

[1]    Debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), changed its name from American Home Servicing, Inc. to AHM SV, Inc., on April 14, 2008 as a result of the sale of the servicing business.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Repurchase Agreement.

2.      Pursuant to the Repurchase Agreement, Calyon was requested to purchase and did purchase, from time to time, certain mortgage loans (the "Mortgage Loans").

3.      Deutsche Bank National Trust Company ("DBNTC") was the custodian under the Repurchase Agreement.

4.      DBNTC had possession of some documents relating to the Mortgage Loans.

5.      As the custodian under the Repurchase Agreement, DBNTC transmitted daily "Basic Status Reports" to Calyon; provided, however, that Calyon does not agree that the information contained in the Basic Status Reports was accurate and that such information shall not be deemed admitted based on this Stipulation of Facts.

6.      The Basic Status Report dated August 1, 2007 attached hereto and incorporated herein by reference as Exhibit B was transmitted to and received by Calyon; provided, however, that Calyon does not agree that the information contained in the Basic Status Report dated August 1, 2007 is accurate and that such information shall not be deemed admitted based on this Stipulation of Facts.

7.      As the custodian under the Repurchase Agreement, DBNTC transmitted "Collateral Agent Daily Reports" to Calyon; provided, however, that Calyon does not agree that the information contained in the Collateral Agent Daily Reports was accurate and that such information shall not be deemed admitted based on this Stipulation of Facts.

8.      The Collateral Agent Daily Report dated August 1, 2007 attached hereto and incorporated herein by reference as Exhibit C was transmitted to and received by Calyon; provided, however, that Calyon does not agree that the information contained in the Collateral

Agent Daily Report dated August 1, 2007 is accurate and that such information shall not be deemed admitted based on this Stipulation of Facts.

9.     As the custodian under the Repurchase Agreement, DBNTC transmitted "Borrowing Base Valuation Reports" to Calyon; provided, however, that Calyon does not agree that the information contained in the Borrowing Base Valuation Reports was accurate and that such information shall not be deemed admitted based on this Stipulation of Facts.

10.     The Borrowing Base Valuation Report dated August 1, 2007 attached hereto and incorporated hereby reference as Exhibit D was transmitted to and received by Calyon; provided, however, that Calyon does not agree that the information contained in the Borrowing Base Valuation Report dated August 1, 2007 is accurate and that such information shall not be deemed admitted based on this Stipulation of Facts.

11.     Pursuant to the Repurchase Agreement, Servicing was initially appointed Servicer of all of the Mortgage Loans. As Servicer, Servicing was responsible for administering the Mortgage Loans, including, without limitation, collecting monthly mortgage payments of principal and interest, monitoring past-due accounts, and reporting on defaulted loans.

12.     As of August 1, 2007, the Counter-Party Debtors had defaulted on certain obligations under the Repurchase Agreement.

13.     On August 1, 2007, Calyon delivered to the Counter-Party Debtors a Notice of Event of Default of Sellers ("Notice of Sellers' Default"). A true and correct copy of the Notice of Sellers' Default is attached as Exhibit E and is incorporated herein by reference, provided, however, that the Debtors do not agree to all of the assertions in the Notice of Sellers'

Default and none of the assertions contained in the Notice of Sellers' Default are deemed admitted.

14.    The Notice of Sellers' Default served as notice to the Counter-Party Debtors of defaults under the Repurchase Agreement and that the Termination Date under the Repurchase Agreement had occurred and accelerated all amounts due under the Repurchase Agreement.

15.    On August 1, 2007, Calyon accelerated the Repurchase Agreement.

16.    As a result of the acceleration of the Repurchase Agreement, as of August 1, 2007, the Counter-Party Debtors were obligated to pay Calyon the Repurchase Price to repurchase the Mortgage Loans.

17.    Prior to the Petition Date (as defined herein) the Debtors did not respond to the Notice of Sellers' Default or repurchase the Mortgage Loans.

18.    On August 1, 2007, Calyon delivered to Servicing the Notice of Event of Default to Servicer (the "Notice of Servicer's Default"). A true and correct copy of the Notice of Servicer's Default is attached as Exhibit F and is incorporated herein by reference, provided, however, that the Debtors do not agree to all of the assertions in the Notice of Servicer's Default and none of the assertions contained in the Notice of Sellers' Default are deemed admitted.

19.    Prior to the Petition Date, the Debtors did not respond to the Notice of Servicer's Default.

20.    A notice to Servicing from Calyon dated August 6, 2007, stated that Calyon designated Servicing as the interim servicer for the purchaser option adjustable rate Mortgage Loans (the "Purchaser Option Loans") for the one week period ending on August 15,

4

2007. A true and correct copy of the letter is attached hereto and is incorporated by reference as Exhibit G.

21.     A notice to Servicing from Calyon dated August 13, 2007, stated that Calyon designated Servicing as the interim servicer for the Purchaser Option Loans for the one week period ending on August 22, 2007. A true and correct copy of the letter is attached hereto and is incorporated herein by reference as Exhibit H.

22.     A notice to Servicing from Calyon dated August 20, 2007, stated that Calyon designated Servicing as the interim servicer for the Purchaser Option Loans for the one week period ending on August 29, 2007. A true and correct copy of the letter is attached hereto and is incorporated herein by reference as Exhibit I.

23.     A notice to Servicing from Calyon dated August 28, 2007, stated that Calyon designated Cenlar as the servicer for the Purchaser Option Loans and demanded that Servicing take all actions necessary to transfer the servicing of the Purchase Option Loans to Chase.

24.     On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

25.     On August 28, 2007, Calyon commenced Adversary Proceeding No. 07-51704 against the Counter-Party Debtors (the "Adversary Proceeding").

26.     On September 9, 2007, the Court entered the Stipulation and Order between Calyon and the Counter-Party Defendants (the "September Stipulation"). A true and correct copy of the September Stipulation is attached as Exhibit J and is incorporated herein by reference.

27.    In early November 2007, the Court conducted the Phase I Trial in the Adversary Proceeding.

28.    On January 10, 2008, Calyon timely filed Proof of Claim Number 8044 against Servicing (the "Servicing Claim"). A true and correct copy of the Servicing Claim is attached as Exhibit K and is incorporated herein by reference, provided, however, that the Debtors do not agree to all of the assertions in the Servicing Claim and none of the assertions contained in the Servicing Claim are deemed admitted.

29.    On January 10, 2008, Calyon timely filed Proof of Claim Number 8045 against Acceptance (the "Acceptance Claim"). A true and correct copy of the Acceptance Claim is attached as Exhibit L and is incorporated herein by reference, provided, however, that the Debtors do not agree to all of the assertions in the Acceptance Claim and none of the assertions contained in the Acceptance Claim are deemed admitted.

30.    On January 10, 2008, Calyon timely filed Proof of Claim Number 8046 against AHM (the "AHM Claim"). A true and correct copy of the AHM Claim is attached as Exhibit M and is incorporated herein by reference, provided, however, that the Debtors do not agree to all of the assertions in the AHM Claim and none of the assertions contained in the AHM Claim are deemed admitted.

31.    On January 10, 2008, Calyon timely filed Proof of Claim Number 8047 against Investment (the "Investment Claim"; together with the Servicing Claim, the Acceptance Claim and the AHM Claim, the "Repurchase Agreement Claims"). A true and correct copy of the Investment Claim is attached as Exhibit N and is incorporated herein by reference, provided, however, that the Debtors do not agree to all of the assertions in the Investment Claim and none of the assertions contained in the Investment Claim are deemed admitted

32.     On January 4, 2008, the Court entered the Opinion regarding the Phase I Trial.

33.     On January 15, 2008, the Court entered the Order on Phase I Trial.

34.     On January 25, 2008, Calyon filed a Motion to Reconsider the Order on Phase I Trial (the "Reconsideration Motion").

35.     On January 25, 2008, the Court entered the Stipulation and Order Regarding Mortgage Funds and Mortgage Files (the "January Stipulation"). A true and correct copy of the January Stipulation is attached as <u>Exhibit O</u> and is incorporated herein by reference.

36.     After August 1, 2007, none of the Debtors provided any of the funds, collections or payments of any type received by Servicing with respect to the Mortgage Loans (the "Proceeds") to Calyon prior to the January Stipulation.

37.     A chart of all of the Proceeds provided to Calyon from January 29, 2008 through August 15, 2008 is attached as <u>Exhibit P</u> and is incorporated herein by reference.

38.     On February 4, 2008, Calyon filed an Amended Complaint in the Adversary Proceeding.

39.     On March 10, 2008, the Reconsideration Motion was denied by the Court.

40.     On August 5, 2008, the Court entered the Order (I) Approving the Stipulation Between the Debtors and Calyon New York Branch, as Administrative Agent, and (II) Authorizing the Transfer of Service Mortgage Servicing Rights Relating Thereto (the "August Order").

## II.    August 1, 2007

41.    As of August 1, 2007, the Counter-Party Debtors were obligated to repurchase the Mortgage Loans for a Repurchase Price of $1,143,840,204.36. This amount does not include Calyon's claims asserted in the Repurchase Agreement Claims for all costs and expenses, including attorneys' fees, other professional services and disbursements, as provided in the Repurchase Agreement, which Calyon continues to assert, and nothing in this Stipulation of Facts limits or prohibits Calyon's ability to assert such claims or the Debtors' ability to contest such claims.

42.    As of August 1, 2007, Calyon was not receiving, and the Debtors were not sending to Calyon, the Proceeds until after entry of the January Stipulation.

43.    As of August 1, 2007, Calyon was not receiving, and the Debtors were not sending to Calyon, information concerning the Proceeds Servicing received regarding the Mortgage Loans until after entry of January Stipulation.

44.    As of August 1, 2007, Calyon did not have complete and accurate copies of the mortgage files related to the Mortgage Loans. However, nothing herein shall be deemed to be an admission by the Debtors that this fact constitutes a breach of any obligation of the Debtors.

45.    As of August 1, 2007, MERS reflected the Counter-Party Debtors as the owners of the Mortgage Loans on its electronic mortgage recording system.

46.    As of August 1, 2007, the Counter-Party Debtors asserted that they were the legal owners of the Mortgage Loans, the Proceeds and the MSRs.

### III.    September 30, 2007

47.    The Repurchase Price under the Repurchase Agreement as of on or about the Petition Date of $1,143,840,204.36, remained outstanding in its entirety as of September 30, 2007.  This amount does not include Calyon's claims asserted in the Repurchase Agreement Claims for all costs and expenses, including attorneys' fees, other professional services and disbursements, as provided in the Repurchase Agreement, which Calyon continues to assert, and nothing in this Stipulation of Facts limits or prohibits Calyon's ability to assert such claims or the Debtors' ability to contest such claims.

48.    As of September 30, 2007, Calyon was not receiving, and the Debtors were not sending to Calyon, the Proceeds until after entry of the January Stipulaton.

49.    As of September 30, 2007, Calyon was not receiving, and the Debtors were not sending to Calyon, information concerning the Proceeds Servicing received regarding the Mortgage Loans.

50.    As of September 30, 2007, Calyon did not have complete and accurate copies of the mortgage files related to the Mortgage Loans.  However, nothing herein shall be deemed to be an admission by the Debtors that this fact constitutes a breach of any obligation of the Debtors.

51.    As of September 30, 2007, MERS reflected the Counter-Party Debtors as the owners of the Mortgage Loans on its electronic mortgage recording system.

52.    As of September 30, 2007, the Counter-Party Debtors asserted that they were the legal owners of the Mortgage Loans, the Proceeds and the MSRs.

## IV.   January 30, 2008

53.    The Repurchase Price under the Repurchase Agreement as of on or about the Petition Date of $1,143,840,204.36, had been reduced by payments of $72,906,907.82 made to Calyon as of January 30, 2008, leaving an outstanding amount of $1,070,933,296.54 as of on or about January 30, 2008.   These amounts do not include Calyon's claims asserted in the Repurchase Agreement Claims for all costs and expenses, including attorneys' fees, other professional services and disbursements, as provided in the Repurchase Agreement, which Calyon continues to assert, and nothing in this Stipulation of Facts limits or prohibits Calyon's ability to assert such claims or the Debtors' ability to contest such claims.

54.    As of January 30, 2008, Calyon did not have complete and accurate copies of the mortgage files related to the Mortgage Loans.   However, nothing herein shall be deemed to be an admission by the Debtors that this fact constitutes a breach of any obligation of the Debtors.

55.    As of January 30, 2008, the Counter-Party Debtors asserted that they were the legal owners of the MSRs.

56.    As of January 30, 2008, the Court's Order on the Phase I Trial holding that the Purchasers own the Mortgage Loans was not a final order and was subject to appeal.

57.    The Debtors did not appeal, or file a post-order motion seeking to modify, the Court's Order on the Phase I Trial.

## V.   August 15, 2008

58.    The Repurchase Price under the Repurchase Agreement as of on or about the Petition Date of $1,143,840,204.36, had been reduced by payments of $149,423,974.04 made

10

to Calyon as of August 15, 2008, leaving an outstanding amount of $994,416,230.32 as of on or about August 15, 2008.    These amounts do not include Calyon's claims asserted in the Repurchase Agreement Claims for all costs and expenses, including attorneys' fees, other professional services and disbursements, as provided in the Repurchase Agreement, which Calyon continues to assert, and nothing in this Stipulation of Facts limits or prohibits Calyon's ability to assert such claims or the Debtors' ability to contest such claims.

## VI.  Authenticity of Documents Admitted

59.    The authenticity of all documents produced by Calyon and received by the Debtors during discovery is admitted by Calyon.  The authenticity of all documents produced by the Debtors and received by Calyon during discovery is admitted by the Debtors.  However, the admission of authenticity shall not be construed as a factual admission regarding the contents of any such document.

11

60.    As of August 15, 2008, no party in interest filed a Notice of Appeal with

respect to the August Order and the August Order became a final, non-appealable order.

| WOMBLE CARLYLE SANDRIDGE & RICE, PLLC | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

___/s/ Michael  G. Busenkell_____
Michael G. Busenkell (DE No. 3933)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: 302.252.4324
Facsimile: 302.252.4330

-and-

Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Counsel to Calyon New York Branch*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Michele Sherretta Budicak
John T. Dorsey (No. 2988)
Curtis J. Crowther (No. 3238)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and
Debtors-in-Possession*

**EXHIBIT "2"**

## THE DEBTOR'S LIST OF EXHIBITS

### This list excludes exhibits to be used for rebuttal or impeachment and demonstratives

| Exhibit Number | Bates Number | Identification of Document |
|---|---|---|
| 1 | Calyon-Claim-023195-023206 | Compass Analytics File Date Close 07/30/07 Price date 08/20/07 (Summary and supporting documents) |
| 2 | Calyon-Claim-022299 | Compass Comparison 7/30/07 and 08/20/07 |
| 3 | Calyon-Claim-022244-022256 | Compass Comparison File Date Close 12/31/07 Price Date 12/31/07 (Summary and supporting documents) |
| 4 | Calyon-Claim-002219-02233 | Compass Analytics File Date Close 07/27/07 Price date 07/27/07 (Summary and supporting documents) |
| 5 | Calyon-Claim-045582-045586 | Calyon Credit Agricole CIB Memorandum dated 08/17/07 from John Van Essche re: American Home Mortgage – Update |
| 6 | Calyon-Claim-045575-045581 | Calyon Credit Agricole CIB Memorandum dated 09/05/07 from John Van Essche re: American Home Mortgage – Update |
| 7 | Calyon-Claim-049526-049529 | Calyon Credit Agricole CIB Memorandum dated 11/09/07 from John Van Essche re: American Home Mortgage – Update |
| 8 | Calyon-Claim-054107-054113 | Calyon Credit Agricole CIB Memorandum dated 01/30/08 from John Van Essche re: American Home Mortgage – Update |
| 9 | Calyon-Claim-068167-068175 | Calyon Credit Agricole CIB Memorandum dated 04/30/08 from John Van Essche re: American Home Mortgage – Update |
| 10 | Calyon-Claim-072507-072512 | Calyon Credit Agricole CIB Memorandum dated 08/05/08 from John Van Essche re: American Home Mortgage – Update |
| 11 | Calyon-Claim-002183-002189 | Calyon Credit Agricole CIB Memorandum dated 10/31/08 from John Van Essche re: American Home Mortgage – Update |
| 12 | Calyon-Claim-002190-002196 | Calyon Credit Agricole CIB Memorandum dated 02/03/08 (2009) from John Van Essche re: American Home Mortgage – Update |
| 13 | Calyon-Claim-002197002201 | Exposure and Breakeven Realization for 03/31/08, 04/30/08, 06/30/08, 08/01/08 and 12/31/08 |
| 14 | Calyon-Claim-054172-054196 | Email dated 02/14/08 from John Van Essche to Jean Flecheux, Bernard Unger, Jean-Pierre Jacquier with cc: to Alan Sidrane and Sam Pilcer re: American Home-Calyon Repo  attaching Repo- |

| Exhibit Number | Bates Number | Identification of Document |
|---|---|---|
| | | Compass Valuation 071231 spreadsheet |
| 15 | Calyon-Claim-065217 | Email dated 05/06/08 from John Van Essche to William Fitzgerald re: AHM deficiency claim |
| 16 | Calyon-Claim-071034-071035 | Email dated 07/16/08 from John Van Essche to Nick Bruce re: American Home Mortgage |
| 17 | Calyon-Claim-073595-073597 | Email dated 08/14/08 from John Van Essche to Julian Harris with cc: Bernard Unger, Alan Sidrane and Sam Pilcer re: AHM |
| 18 | Calyon-Claim-068189 | Email dated 05/15/08 from John Van Essche to Dominique Gallen, Leslie Wertheim and Alan Sidrane with cc: Sam Pilcer re: American Home Mortgage |
| 19 | Calyon-Claim-068190, 068375-068376 | Email dated 05/15/08 from John Van Essche to Tammy Fancher re: Unencrypted version, attaching draft correspondence to William Humphries and Gerald Levine re: Notice of Appeal of Shared National Credit classification American Home Mortgage – Calyon Repurchase Facility |
| 20 | Calyon-Claim-068374-76 | Email dated 05/27/08 from John Van Essche to Dominique Gallen with cc: Leslie Wertheim, Alan Sidrane and Mary Florin-Mcbride re: AHM-SNC Appeal |
| 21 | Calyon-Claim-088057-58 | Calyon letter dated 05/28/08 from Dominque Gallen to William Humphries and Gerald Levine re: Notice of Appeal of Shared National Credit classification American Home Mortgage – Calyon Repurchase Facility |
| 22 | Calyon-Claim-071075-071078 | Letter dated 07/24/08 from Federal Reserve Bank of New York to Dominique Gallen responding to May 28, 2008 letter appealing the Doubtful rating assigned to one facility and extended to AHM SPV I LLC |
| 23 | Calyon-Claim-068382-068385 | Shared National Credit Account Officer Classification and Special Mention Certification for Disagreeing with Disposition – Calyon NY, dated 5/23/08 |
| 24 | Calyon-Claim-071073-071078 | Email dated 07/25/08 from John Van Essche to Bernard Unger re: Fed document AHM attaching response letter dated 07/24/08 from Federal Reserve Bank of New York |
| 25 | | Calyon's Responses to Debtors' Interrogatories |
| 26 | Calyon-Claim-091269-70 | Pricing Summary by Lien and Program: 8/1/07 |
| 27 | Calyon-Claim-091207-08 | Pricing Summary by Lien and Program: 9/28/07 |

**EXHIBIT "3"**

## EXHIBIT 3

| Calyon Exhibit 1 | AHM First Day Declaration |
|---|---|
| Calyon Exhibit 2 | AHM First Day Transcript |
| Calyon Exhibit 3 | Repo Loan Tape, dated 7/27/07 |
| Calyon Exhibit 4 | Repo Loan Tape, dated 12/31/07 |
| Calyon Exhibit 5 | Repo Loan Tape, dated 7/31/08 |
| Calyon Exhibit 6 | Branthover Expert Report |
| Calyon Exhibit 7 | Branthover Resume |
| Calyon Exhibit 8 | Loan Pricing Report as of 1/31/08 |
| Calyon Exhibit 9 | Loan Pricing Report as of 8/15/08 |
| Calyon Exhibit 10 | Loan Pricing Report - Loans that Failed to Price |
| Calyon Exhibit 11 | Proposed Settlement Options presentation by AHM, dated October 4, 2007 |
| Calyon Exhibit 12 | Settlement Proposal letter from Calyon, dated October 17, 2007 |
| Calyon Exhibit 13 | Notice of Change of Servicer to Custodian, dated August 1, 2007 (Exhibit E to Complaint) |
| Calyon Exhibit 14 | Notice of Replacement of Interim Servicer, dated August 27, 2007 (Exhibit I to the Complaint) |
| Calyon Exhibit 15 | Transcript of Deposition of Brett Fernandes, February 24, 2009 |
| Calyon Exhibit 16 | Transcript of Deposition of Simon Sakamoto, February 25, 2009 |
| Calyon Exhibit 17 | Transcript of Deposition of Damian Voulo, February 25, 2009 |
| Calyon Exhibit 18 | Transcript of Deposition of Damian Voulo, April 21, 2009 |
| Calyon Exhibit 19 | Transcript of Deposition of Ronnie Clayton, April 28, 2009 |
| Calyon Exhibit 20 | Debtors' Objections and Designations in Response to Calyon's Notice of 30(b)(6) Depositions of Debtors |
| Calyon Exhibit 21 | Letter to Counsel to Debtors dated February 18, 2009 re: Witnesses for Depositions |