IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11407 (CSS) |
| INC., a Delaware corporation, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 7307 and 7319 |
| | ) | |

**REPLY OF DR. DAVID AND ELISABETH JUDITH
JACKSON TO "LIMITED OBJECTION OF THE DEBTORS" TO
THEIR EMERGENCY MOTION FOR RELIEF FROM SECTION 362 STAY**

1.  Debtors, through their counsel Young, Conaway, Stargatt, and Taylor LLP (hereafter "YCST") have filed what they term a "Limited Objection" to the Motion for Relief From Stay filed by Dr. David Jackson and his wife Elisabeth Jackson (hereafter the "Jacksons"). Despite the title of this filing, same is nothing more than an attempt to:

    (a) limit the Jacksons' legal rights to seek relief and redress in the Courts;

    (b) interpose conditions on this Court's granting stay relief which has never previously been requested by the Debtors and has never been imposed on any other borrower/victim who has sought stay relief; and

    (c) alter and ignore the historical rulings, procedures, and dispositions of this Court as to stay relief motions filed by other borrowers.

2.  The position taken by the Debtors and their counsel YCST in the "Limited Objection" is also directly contradictory to the prior affirmative representations of YCST's counsel Brady made on the record (and docketed as set forth herein *infra*) as to both acknowledging the borrowers' legal rights to seek redress of their claims in courts outside of the instant forum and to the probable lack of objection by the Debtors upon amendment of any claim as a result of a judgment obtained in litigation instituted following stay relief.

Reply to Limited Objection.DOC

3. Specifically, and as set forth within Docket #6529, Debtors' counsel Brady, of the YCST Firm, previously stated the following on the record as to the liquidation of borrower claims:

> "They'll get liquidated like every other general unsecured claim. Either they'll seek relief from stay to liquidate their claim in a court of competent jurisdiction or their claim will be addressed through the bankruptcy process. It will either be objected or not, and it will become an allowed claim if appropriate. But that's the same for all creditors.
>
> And with respect to the liquidation of their claims, they really have an option, Your Honor. A number have come forward and sought relief from stay. Your Honor has granted it in each and every instance. I expect Your Honor would continue to grant borrowers' requests for relief from stay. So the borrower may litigate their claims in a court of competent jurisdiction or if they choose, they can attempt to litigate their claims in effect through the claims administration process here. **The borrowers have those options, but the fact is, if a borrower wants to have their claim litigated and resolved in a court of competent jurisdiction, that may be more convenient to them, that option exists, and Your Honor, I'm sure, would prefer to have those litigated elsewhere. So the plan does not do anything to prevent a borrower from being able to exercise their rights both against the debtors to liquidate their claims and against third parties."**

(transcript, pages 50, 59, 73).

4. In further direct contradiction to the position currently being taken by the Debtors and their counsel YCST, YCST attorney Brady also made the following admissions on the record as to borrower claims which were to be litigated outside of this Court and the Debtors' essential lack of objection thereto other than on priority grounds:

> "In other words, if those borrowers come back with a judgment from the state court and amend their claims to include that judgment, <u>the debtors are not likely to object to that claim unless they assert a priority that's not appropriate.</u> So that process will play itself out.

(transcript, page 49-50).

5. In view of these record admissions; the historical lack of objection by the Debtors or their counsel to prior borrower stay relief requests; and the historical and liberal granting of

stay relief by this Court to borrowers to pursue their claims elsewhere, the current (and never previously asserted) position of the Debtors and YCST defies explanation; is beyond reason; is totally unsupported by the record or any law applicable to this case; and has been interposed for no legitimate or proper purpose.

6. The end result of the suggestion made by the Debtors in the "Limited Objection" is the subjection of the Jacksons (and borrower/movant Mona Dobben, who has also moved for stay relief, to the extent of any similar "Limited Objection" of the Debtors) to a form of disparate treatment as to their stay relief request when viewed against the total lack of any objection by the Debtors or their counsel to prior stay relief requests filed by other borrower/victims.

7. Further, by attempting to limit the Jacksons' venue for relief solely to this Court through the submission of a Proof of Claim, the Debtors subject the Jacksons to the severe prejudice of possibly recovering nothing on their claim given the admission of the Debtors in paragraph "17." of their "Limited Objection" that "The Debtors, as they wind down their business, have limited resources remaining", and the fact that the Plan Trustee reserves the right to object to the Jacksons' claim at a later date. As such, the "Limited Objection" appears to be nothing more than an attempt to "set up" the Jacksons for a total lack of recovery on their claim both within this Court and through an impermissible denial of their legal right to seek redress in Courts outside of this forum, which legal rights this Court has consistently and historically permitted and which the Debtors have heretofore consistently not objected to with the Debtors' own counsel admitting, on the record, that such avenue of redress is proper.

8. Given the history of prior stay relief motions which have been filed, in at least one instance, "after the fact" (*e.g.* the stay relief motion filed by AARP which was filed after the filing of a separate civil action without first seeking stay relief) and this Court's granting of stay

relief to AARP without any finding of any violation of 11 USC sec. 362(a), the Debtors' arguments as to any alleged "stay violation" by the Jacksons is specious at best.

9. There is nothing in the Plan which supports the novel position presently being taken, for the first time, by the Debtors and their counsel in the "Limited Objection" as to the Jackson's stay relief request. In fact and in direct contradiction to the position taken by the Debtors and their counsel, paragraph 51 of the Plan and Confirmation Order (docket #7042) expressly provides, in pertinent part, that the automatic stay provided in Article 12 of the Plan and any corresponding provisions of the Confirmation Order shall be deemed modified to the extent necessary to permit the borrowers, under any mortgage loan originated or serviced by one or more Debtors, to commence or continue an action against such Debtors for the purpose of liquidating a Borrower Claim against such Debtors with leave of this Court.

10. It is of record that this Court has historically and liberally granted stay relief to borrower/victims without preconditions such as those now being suggested for the first time by the Debtors and their counsel (which are in direct contradiction to the position previously taken by Debtors and their counsel YCST), with this Court previously stating on the record, in at least one instance (the stay relief request filed by borrower/victim Laura Beall) that the borrower/victim has the right to select the forum for litigation of their claims: "Ms. Beall has a right, as the plaintiff, to choose her forum".

11. This intent to protect borrowers, repeatedly manifested on the record, is also reiterated in Docket #7042, paragraph 49 (Defenses, Nonmonetary Remedies, and Set off and Recoupment Rights of Borrowers Unaffected by Bar Dates) which provides that "Nothing in the Plan shall be construed to preclude or limit a borrower's right to seek relief from any applicable

Bar date pursuant to Bankruptcy Rule 9006(b) to obtain allowance of, and distribution upon, a Borrower Claim against any Debtor".

12. The practical result of the position being taken by the Debtors in their "Limited Objection" is either the litigation of a claim in multiple jurisdictions (the claims against the Debtors being processed in this Court while the non-debtor claims are litigated in a separate forum) which is an improper splitting of causes of action, or an attempt by the Debtors to cause the litigation of claims against non-Debtors set forth within the New York Federal action to be litigated in this Court when this Court has no jurisdiction over the subject matter of such non-debtor claims and no personal jurisdiction over the non-debtor Defendants in the New York Federal action. Again, significantly, Debtors offer no citation to decisional law to support their new position which has been asserted only and solely as to the stay relief Motions filed by the Jacksons.

13. Finally, Section "C." of the "Limited Objection" contains what is in effect an attempt to assert a pre-emptive Motion to Dismiss (*see* "Limited Objection", pages 9-11) which has been raised by the Debtors in this Court, in a response to a stay relief motion, as to claims set forth in a totally separate Federal civil action which is pending in the United States District Court for the Eastern District of New York, which Court has not been requested to nor has relinquished jurisdiction to this Court in order for this Court to entertain any such "motion" which is otherwise not properly before this Court. Significantly, Debtors fail to cite any decisional law which would permit the Debtors to even argue grounds for dismissal of an action which is not even pending in this Court, or for this Court to even entertain such argument. This entire section of the "Limited Objection" should thus be disregarded by this Court.

14. The inclusion of this pre-emptive Motion to Dismiss within the "Limited Objection" demonstrates that the Debtors have no intention whatsoever of negotiating the Jacksons' claim in good faith, and that they have already made the decision to challenge the claim *ab initio* and before it has even been permitted by this Court to be filed (notwithstanding the lack of objection thereto set forth in paragraph "1." of the "Limited Objection"). When the "motion to dismiss" is viewed together with the Debtors' objection to the Jacksons' request for stay relief to litigate their claims in the New York Federal action and the Debtors' attempt to limit the Jacksons' claim to being resolved solely within this Court, the intent of the Debtors and their counsel is more than obvious to even the casual observer.

15. Further, the "motion to dismiss" position of the Debtors and their counsel misrepresents the burden as to "likelihood of success on the merits" in the context of granting stay relief. The actual "burden" is far less stringent than the Debtors would have this Court believe, as the law is that even a slight probability on the merits is sufficient to support lifting the stay. In Re American Airlines, 152 B.R. 420 (D. Del. Bktcy, 1993), at 426, citing In Re Fernstrom Storage & Van Co., 938 F.2d 737.

16. As will be revealed in the New York action, the claims set forth are significant. Relevant issues include American Home Mortgage Servicing's failure to respond as required to TILA sec. 1641(f)(2); failure to provide material information; and obfuscation of material information resulting in damages to the Jacksons. The fact that one or more of the Debtors no longer own or service the Jacksons' loan is irrelevant in the context of the Jackson's request for stay relief and per the intent and provisions of the Plan and Confirmation Order. This matter of alleged defense raised by the Debtors can be asserted by the Debtors in their Answer in the New York Federal action.

17. Whether the Jacksons ultimately prevail on the multitude of the claims asserted in the New York Federal action does not and cannot determine whether stay relief herein is granted. Significantly, and as with the Debtors' other flawed positions set forth above, Debtors have cited no decisional law to support their novel (and again, previously unasserted) "position" as to the burden in order to be permitted stay relief, especially in the context of this Court's prior history of granting such relief freely and without preconditions under the totality of the circumstances previously placed on the record wherein this Court has characterized this proceeding as "complicated" to begin with.

18. The Jacksons have satisfied the "cause" requirement of 11 USC sec. 362(d)(1). Denial of their Motion for Relief From Stay would not only be prejudicial given the nature and severity of the claims asserted in the New York Federal action, but would also be prejudicial as any such denial (or imposition of preconditions suggested by the Debtors) would place the Jacksons in a class by themselves and being treated disparately from all other prior borrower/victims who have requested and have been granted stay relief without preconditions or limitations, thus resulting in a denial of both procedural and substantive due process to the Jacksons.

19. Having set forth no legal basis for the imposition of conditions on granting stay relief; no legal basis for the assertion of what is in effect a "motion to dismiss" an action which is not even within the jurisdiction of this Court; no basis for treating the Jacksons differently from any other borrower who has sought and obtained stay relief; and having taken a position which is directly contradictory to the prior affirmative representations of their own counsel to this Court and the intent of the Plan, Confirmation Order, and other borrower-claim related proceedings,

Debtors' "limited objection" should be overruled with the Jacksons being granted stay relief freely and without preconditions.

DATED: May 13, 2009 (supplanting and replacing prior Reply filed in error)

_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:         loizides@loizides.com

- and -

William Jeff Barnes, Esquire
1515 North Federal Highway, Suite 300
Boca Raton, FL 33432
Telephone:   (561) 864-1067
Facsimile:    (702) 804-8137
Email:         wjbarnes@cox.net

*Counsel for Dr. David and Elizabeth Judith Jackson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11407 (CSS) |
| INC., a Delaware corporation, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Christopher D. Loizides, hereby certify that on May 13, 2009, I did cause to be served true and correct copies of the foregoing **REPLY OF DR. DAVID AND ELISABETH JUDITH JACKSON TO "LIMITED OBJECTION OF THE DEBTORS" TO THEIR EMERGENCY MOTION FOR RELIEF FROM SECTION 362 STAY** on the parties listed on the attached service list in the manner indicated thereon.

DATED: May 13, 2009

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 654-0248
Facsimile:  (302) 654-0728
E-mail:  loizides@loizides.com

Reply to Limited Objection.DOC

**SERVICE LIST**

**VIA FACSIMILE AND FIRST CLASS MAIL**

Pauline K. Morgan, Esquire
Sean M. Beach, Esquire
Margaret B. Whiteman, Esquire
Nathan D. Grow, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Fax:   (302) 571-1253
*Counsel for Debtors*

Mark Indelicato, Esquire
HAHN & HESSEN LLP
488 Madison Avenue
New York, NY 10022
Fax:   (212) 478-7400
*Counsel for Official Committee of Unsecured Creditors*

Joseph M. McMahon, Esquire
OFFICE OF THE U.S. TRUSTEE
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19801
Fax:   (302) 573-6497