## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE, HOLDINGS, INC., a Delaware Corporation, *et al.*[1] | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | **Docket Ref. No. 6812** |

### DEBTORS' LIMITED OBJECTION TO CORRECTED MOTION OF JULIA TRISTER FOR (I) RETROACTIVE ANNULMENT AND (II) PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY OR (III) ALTERNATIVE RELIEF

The above captioned debtors and debtors-in-possession (collectively, the "Debtors") file this limited objection (the "Objection") to the *Corrected Motion of Julia Trister* ("Movant") *for (i) Retroactive Annulment and (ii) Prospective Relief from the Automatic Stay or (iii) Alternative Relief* [Docket No. 6812] (the "Motion"). In support of the Objection, the Debtors respectfully submit the following:

### PRELIMINARY STATEMENT

As set forth herein, the sole relief Movant's can obtain against the Debtors is the liquidation of a monetary claim against the Debtors (the "Claim") arising from the origination of her mortgage. Because the adjudication of the Claim is a core proceeding in these bankruptcy cases, and Movant has failed to demonstrate that "cause" exist to lift the stay to adjudicate that Claim in Connecticut, the Debtors believe that the reconciliation of the Claim should be addressed by this Court. Significantly, Movant is not harmed by adjudicating her claims in this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Court because the Plan provides additional protections for Movant in the claims reconciliation process, including, among other things, the ability to receive a reasonable settlement offer prior to objection. In contrast, to require the Debtors to defend the Claim in Connecticut would divert the Debtors' resources from fulfilling the requirements to make the Plan become effective, thereby creating a substantial hardship to the Debtors and their creditors.

## BACKGROUND

1.    On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.    On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the United States Trustee appointed an Official Committee of Borrowers (the "Borrowers Committee"). No trustee or examiner has been appointed.

4.    On February 23, 2009, the Court entered an order [Docket No. 7042] (the "Confirmation Order") confirming the Amended Chapter 11 Plan of Liquidation of the Debtors, dated as of February 18, 2009 [Docket No. 7029] (the "Plan").[2] The Plan provides borrowers with certain protections, including a deemed modification of the automatic stay to permit:

> (ii) the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence or continue an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party . . . ; and

---

[2] The Plan is incorporate herein by reference.

066585.1001

(iii) the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to compel third-party discovery from the Debtors and/or the Plan Trust in litigation with a non-Debtor party . . . ;

Plan, Art. 17(E)(ii) and (iii) (as modified by the Confirmation Order, ¶51(i) and (ii)). The Plan is not yet effective.

A.    *The Motion and Complaint*

5.    On February 5, 2008, Movant filed a complaint styled as *Julia Trister v. American Home Mortgage Corp. d/b/a American Brokers Conduit* ("AHMC"), *American Home Mortgage Servicing, Inc.* ("AHM SV"),[3] *First Ohio Banc & Lending, Inc., and American Title Solutions, Inc.* (together, the "non-Debtor Defendants") commencing a proceeding in the Superior Court for the state of Connecticut (the "Connecticut Action"). (Motion, at ¶ 5.) AHMC and AHM SV are Debtors in these cases.

6.    The Complaint alleges two causes of action arising out of a note and mortgage entered into between Movant and ABC (together with all collateral documents, collectively, the "Trister Mortgage") in or about November of 2006: (i) Count I of the Complaint alleges violations of the Truth-in-Lending Act ("TILA"), Federal Regulation Z ("Reg Z"), and similar Connecticut state statutes; and (ii) Count II alleges violations of the Connecticut Unfair Trade Practices Act. (Motion, at Exhibit B.) Ostensibly, the Complaint seeks (i) rescission of the Trister Mortgage, (ii) an injunction against foreclosing upon the Trister Mortgage, and (iii) an award of compensatory and punitive damages arising under the various federal and state statutes and regulations cited therein. (Motion, at ¶ 6.) Movant also contends that she intends to name certain non-debtor parties in the Complaint to the extent that such parties are appropriate parties against which to seek relief. (Motion, at ¶ 8.)

---

[3] Upon information and belief, the American Home Mortgage Servicing, Inc. named in the complaint is AHM SV, Inc., a Debtor in these cases and formerly known as "American Home Mortgage Servicing, Inc."

DB02:7915160.4                                                                    066585.1001

7.      Prior to the Petition Date, the Debtors transferred their ownership interest, other than servicing rights, in the Trister Mortgage to a third party who subsequently transferred the Trister Mortgage to a securitization trust (AHMA 2007-1) in January, 2007.  Debtor AHM SV has subsequently transferred the servicing rights to the Trister Mortgage.[4]  At this point in time, the Debtors are neither the owner or servicer of the Trister Mortgage.  Accordingly, the Debtors have no authority to rescind or otherwise modify the Trister Mortgage.  The Debtors have provided counsel to the Movant the contact information for AHMSI, as servicer, to negotiate a potential resolution of the matters raised in the Complaint.

8.      By the Motion, Movant requests: both retroactive and prospective relief from the automatic stay to prosecute the Complaint against the Debtor parties thereto, authority to recover any liquidated award in the Connecticut Action from applicable insurance coverage,[5] and allowance of an unsecured claim for any liquidated award against the Debtors in the Connecticut Action not covered by insurance proceeds.  (Motion, at p. 11.)

## OBJECTION

9.      As an initial matter, the Debtors do not oppose the relief requested to the extent the relief is narrowed to be consistent with the Plan and Confirmation Order, which provide, among other things, that "borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence . . . an action or cross-claim against . . . Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party." Plan, Art. 17(E)(ii); Confirmation Order, ¶ 51(ii).  However, the Debtors object to the Motion to the extent Movant

---

[4] By order dated October 30, 2007 [Docket No. 1711], the Court approved the sale of AHM SV's loan servicing business (the "Servicing Sale") to AH Mortgage Acquisition Co., Inc. n/k/a American Home Mortgage Servicing, Inc. ("AHMSI"), including the right to service the Trister Mortgage.

[5] The Debtors do not maintain insurance applicable to claims of the type asserted in the Complaint, so Movant is unable to "seek satisfaction of any monetary judgment (or other favorable disposition obtained against the

seeks to adjudicate the Claim in the Connecticut Action. Additionally, to the extent that Movant requests the ability to file a claim against the Debtors' estates, the Debtors do not object to Movant filing a proof of claim, notwithstanding the passage of the bar date, but submit that such claim should only be liquidated and allowed through the claims reconciliation process.[6]

10.    The purpose of the automatic stay provided under 11 U.S.C. § 362 is three-fold: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Borman v. Raymark Ind., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991), quoting *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982), as quoted in *In re Rexene Products, Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

11.    Section 362(d)(1) permits the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. A movant has the initial burden to produce evidence that cause exists to grant relief from the automatic stay. *See In re Rexene Products, Co.*, 141 B.R. at 577. If a movant has met its initial burden to establish a prima facie case that "cause" exists to lift the automatic stay pursuant to section 362(d), the party opposing such relief then has the burden on all issues other than the debtor's equity in the property. *Id.*; *see also* 11 U.S.C. § 362(g). Courts determining whether cause exists have generally used a three-part balancing test: (1) whether allowing relief will result in any great prejudice to the debtor; (2) whether maintaining the stay will cause any hardship to the non-bankrupt party and whether this hardship is greater than the resulting prejudice to the debtor; and (3) whether the non-bankrupt party has a probability of

---

Defendant Debtors from any insurance coverage available to the Debtors that may be applicable to Movants' claims." (*See* Motion, at p. 11.)

[6] To date, Movant has not filed a proof of claim in these cases. The Debtors reserve the right to object to any claim filed on all substantive grounds, subject to and in accordance with the terms of the Plan and Confirmation Order.

prevailing on the merits of the litigation. *See In re Rexene Products Co.*, 141 B.R. at 576. The most important factor to consider when addressing whether to lift the automatic stay is the effect on the administration of the Debtors' chapter 11 cases. *See In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984); *In re Penn-Dixie Industries, Inc.*, 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980).

A.    *The Debtors will be Prejudiced if the Motion is Granted*

12.    Here, requiring the Debtors to defend the Claim in the Connecticut Action would place a significant burden on the Debtors and their estates to the ultimate detriment of their creditors. The Debtors, as they wind down their businesses, have limited resources remaining, all of which are focused on fulfilling the requirements to make the Plan become effective. To that end, the Debtors have been focused on the sale of the stock related to the American Home Bank as well as the remaining loans and other assets owned by the Debtors. Additionally, the Debtors are working to reconcile their secured, administrative and priority obligations to reduce the amounts required to be set aside in the S/A/P Reserve (as defined in the Plan). Additional litigation cost and resource depletion at this state in these cases will likely result in a delay in the Plan becoming effective and a continuation of the monthly cash burn which will result in a diminished distribution to creditors.

B.    *Movant will not Suffer any Hardship if the Motion is Denied*

13.    Second, Movant faces no hardship if she continues the Connecticut Action against the Debtors on a nominal basis. The Debtors consent to being named as a nominal party in the Connecticut Action, to the extent necessary to allow Movant to obtain the substantive relief she seeks against the current owner and/or servicer of the Trister Mortgage. However, since the Debtors are neither the owner nor servicer of the Trister Mortgage, they do not have

any authority to address loss mitigation or loan modification. Litigation against the owner and/or servicer, not the Debtors, results in the potential to modify the loan or avoid foreclosure.[7]  While the Debtors do not believe they are necessary parties in the Connecticut Action for Movant to obtain the equitable relief she desires (i.e., rescission and/or injunction) identifying the Debtors nominally eliminates the potential for procedural hardships.

14.    Finally, by the Motion, Movant has requested an allowed claim for any liquidated damages she may have, thus consenting to this Court's jurisdiction. *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990). As the allowance of the Claim is a "core" proceeding "arising under" these Chapter 11 Cases, this Court is clearly the most appropriate place for such claim to be resolved. See 28 U.S.C. § 157(b)(2)(B). The Claim can be adequately addressed through the claim reconciliation process as have thousands of other claims of a similar priority level. Indeed, given the ability of borrowers to attend hearings in these cases telephonically and the requirement that the Debtors and/or Plan Trustee must provide a reasonable offer of settlement as to the allowed amount of such claims before objection (Confirmation Order, ¶ 52), the claims reconciliation process could result in less cost and expense for Movant compared to full litigation against the Debtors in the Connecticut Action.

C.    *Movant Cannot Obtain the True Relief Sought vis a vis the Debtors*

15.    As noted above, because the Debtors are neither the owner nor servicer of the Trister Mortgage, even if the Movant succeeds on the merits in the underlying Connecticut Action, the true relief requested (i.e., rescission and/or injunction) cannot be obtained through entry of a judgment against the Debtors. Therefore, the third factor, success on the merits, if applicable, weighs in favor of the denying the Motion.

---

[7]  To the Debtors' knowledge, no foreclosure proceedings have been commenced against Movant.

DB02:7915160.4                                                                                                    066585.1001

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion, except (i) to the extent that the Movant seeks to identify the Debtors nominally in the Connecticut Action, and (ii) to allow Movant to file a general unsecured claim against the appropriate Debtor(s).

Dated: Wilmington, Delaware
May 13, 2009

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Ryan M. Bartley*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Nathan D. Grow (No. 5014)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*