IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
                                                                 :
       Debtors.                                                  :
                                                                 :
---------------------------------------------------------------- x

## JOINT PRETRIAL ORDER REGARDING CLAIM OBJECTION HEARING

The above-captioned debtors and debtors in possession (the "Debtors") and Calyon New York Branch as Administrative Agent Pursuant to Repurchase Agreement ("Calyon") submit the following as their Joint Pretrial Order in advance of the hearing on Debtors' Objections to Claim Nos. 8044, 8045, 8046, and 8047 filed by Calyon:

### (A) Basis of Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) and 562 of the title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**(B)** **Statement of Uncontested Facts**

The Debtors and Calyon have agreed upon certain uncontested facts identified in the Stipulation of Facts entered into by the Debtors and Calyon (the "Stipulation of Facts"). The Stipulation of Facts is attached to this Joint Pretrial Order as Exhibit 1. As a result of their size, the exhibits to the Stipulation of Facts are not attached to Exhibit 1 to this Joint Pretrial Order. The exhibits to the Stipulation of Facts will be included with the Stipulation of Facts presented to the Court at the Hearing. The Debtors and Calyon may use the Stipulation of Facts and any exhibits to the Stipulation of Facts as exhibits at the Hearing.

**(C)** **Statement of Facts which are in Dispute**

1. *Debtors' Statement of Facts in Dispute*

    a. The appropriate date for determining the amount, if any, of Calyon's damage claim.

    b. The amount, if any, of Calyon's damage claim.

    c. Whether Calyon took steps to mitigate its alleged damage claim.

    d. If Calyon failed to properly mitigate its alleged damage claim, the amount, if any, of that claim.

    e. Whether Calyon's alleged damage claim is properly asserted against American Home Mortgage Servicing, Inc., American Home Mortgage Corp., American

Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp., and the amount, if any, of Calyon's claim against each estate.

2.  *Calyon's Statement of Facts in Dispute*

a.  Whether there were commercially reasonable determinants of value for the Repurchase Agreement mortgage loans on August 1, 2007, September 30, 2007 or January 30, 2008.

b.  Whether commercially reasonable determinants of value for the Repurchase Agreement mortgage loans first existed on August 15, 2008.

c.  To the extent commercially reasonable determinants of value existed on such dates, the value of the Repurchase Agreement mortgage loans on the earliest of August 1, 2007, September 30, 2007, January 30, 2008 or August 15, 2008.

d.  The amount of Calyon's allowed claims for damages under the Repurchase Agreement as set forth in Calyon's proofs of claim, excluding the portion of Calyon's damage claims related to costs and expenses, including attorneys' fees, which are not before the Court at this time.

**(D)  Damages or other Relief**

1.  *Debtors' Claim for Damages or Relief*

Debtors seek entry of an order, pursuant to sections 502(b) and 562 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging the Repurchase Claims

in full, or, alternatively, reducing the Repurchase Claims in an amount to be determined by this Court.

### 2. *Calyon's Claim for Damages or Relief*

Calyon seeks entry of an order denying the relief requested in the Debtors' Objection to Claims of Calyon New York Branch, as Administrative Agent Pursuant to Repurchase Agreement [D.I. 6824] and allowing Calyon's damage claims in an amount to be determined by the Court; provided, however, that such amount would not include or affect the portion of Calyon's damage claims related to costs and expenses, including attorneys' fees, which are not before the Court at this time.

## (E) Legal Issues Presented

### 1. *Debtors' Statement of Legal Issues Presented*

    **a.** Whether Calyon has met its burden of proof that there were no commercially reasonable determinants of value as of the date it accelerated or terminated the Repurchase Agreement.

    **b.** If Calyon meets its burden of proving that there was no commercially reasonable determinants of value as of the date it accelerated and/or terminated the Repurchase Agreement, what the earliest date was, subsequent to acceleration and/or termination, on which there were commercially reasonable determinants of value.

    **c.** Whether Calyon took steps to mitigate its damage claim, and if not, the amount, if any, of its claim.

    d. Whether Calyon's alleged damage claim is properly asserted against American Home Mortgage Servicing, Inc., American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., and American Home Mortgage Investment Corp.

2. *Calyon's Statement of Legal Issues Presented*

    a. The meaning of the term "commercially reasonable determinants of value" as used in Bankruptcy Code Section 562, including without limitation whether the term commercially reasonable determinants of value takes into account the value owners of the assets in question could receive in a sale under the existing facts and circumstances.

    b. Whether there were commercially reasonable determinants of value for the Repurchase Agreement mortgage loans on August 1, 2007, September 30, 2007 or January 30, 2008.

    c. Whether commercially reasonable determinants of value for the Repurchase Agreement mortgage loans first existed on August 15, 2008.

    d. To the extent commercially reasonable determinants of value existed on such dates, the value of the Repurchase Agreement mortgage loans on the earliest of August 1, 2007, September 30, 2007, January 30, 2008 or August 15, 2008.

    e. The amount of Calyon's allowed claims for damages under the Repurchase Agreement as set forth in Calyon's proofs of claim, excluding the portion of Calyon's damage claims related to costs and expenses, including attorneys' fees, which are not before the Court at this time.

**(F)    Witnesses**

The Debtors and Calyon each reserve the right to (a) withdraw any of the witnesses identified below from testifying as part of their case-in-chief, (b) present their witnesses in the order they deem appropriate, (c) rely upon the testimony of any witnesses called by the other party at the Hearing and (d) call any witnesses necessary for rebuttal purposes, whether or not previously identified. Therefore, the Debtors and Calyon each reserve the right to call additional witnesses on rebuttal and/or the other parties' witnesses.

The Debtors intend to call the following witnesses at the Hearing:

- Simon Sakamoto: Mr. Sakamoto may testify generally about the existence and condition of a market for the sale of whole mortgage loans and/or securitizations involving mortgage loans during periods relevant to this case and matters relevant to such sales.

- Damian Voulo: Mr. Voulo may testify generally about the existence and condition of a market for the sale of whole mortgage loans and/or securitizations involving mortgage loans during periods relevant to this cae and matters relevant to such sales.

- Dr. Ronnie Clayton: Dr. Clayton will testify as an expert witness regarding the value of the mortgage portfolio and related matters.

Calyon intends to call the following witnesses at the Hearing:

- John-Charles Van Essche: Mr. Van Essche may testify generally about, among other things, the facts and circumstances related to Calyon's damage claims, the Repurchase Agreement mortgage loans and related matters, including without limitation the potential disposition of the Repurchase Agreement mortgage loans and the secondary mortgage loan market, if any, during the relevant periods.

- Robert Branthover: Mr. Branthover will testify as an expert witness regarding, among other things, the value of the Repurchase Agreement mortgage loans and related matters, including without limitation the potential disposition of the Repurchase Agreement mortgage loans and the secondary mortgage loan market, if any, during the relevant periods.

(G) **Exhibit List**

The Debtors and Calyon have agreed upon certain uncontested facts identified in the Stipulation of Facts entered into by the Debtors and Calyon (the "Stipulation of Facts"). The Stipulation of Facts is attached to this Joint Pretrial Order as Exhibit 1. As a result of their size, the exhibits to the Stipulation of Facts are not attached to Exhibit 1 to this Joint Pretrial Order. The exhibits to the Stipulation of Facts will be included with the Stipulation of Facts presented to the Court at the Hearing. The Debtors and Calyon may use the Stipulation of Facts and any exhibits to the Stipulation of Facts as exhibits at the Hearing.

The Debtors and Calyon reserve the right to object to any of the exhibits relied on by the other party on appropriate grounds. The Debtors and Calyon also reserve the right to use the other party's exhibits and/or to provide rebuttal exhibits, if necessary.

In addition to the Stipulation of Facts and any exhibits to the Stipulation of Facts, the Debtors may use the exhibits identified on the attached Exhibit 2 in their case in chief at the Hearing.

In addition to the Stipulation of Facts and any exhibits to the Stipulation of Facts, Calyon may use the exhibits identified on the attached Exhibit 3 in their case in chief at the Hearing.

(H) **Discovery Items to be Offered Into Evidence**

The Debtors and Calyon will designate those portions of deposition transcripts to be submitted as evidence in accordance with a mutually agreed upon schedule. The mutually agreed upon schedule will provide an opportunity to identify counter-designations and to object to any designations or counter-designations.

**(I)** **Estimated Length of Trial**

The Debtors and Calyon estimate the trial will take 1-2 days.

| | |
|---|---|
| WOMBLE CARLYLE SANDRIDGE & RICE, PLLC | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ Michael G. Busenkell<br>Michael G. Busenkell (DE No. 3933)<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801<br>Telephone: 302.252.4324<br>Facsimile: 302.252.4330 | /s/ Michele Sherretta Budicak<br>John T. Dorsey (No. 2988)<br>Curtis J. Crowther (No. 3238)<br>Michele Sherretta Budicak (No. 4651)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253 |
| -and- | |
| Benjamin C. Ackerly<br>Jason W. Harbour (DE No. 4176)<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 E. Byrd Street<br>Richmond, Virginia 23219-4074<br>Telephone: (804) 788-8200<br>Facsimile: (804) 788-8218 | *Counsel for Debtors and Debtors-in-Possession* |
| *Counsel to Calyon New York Branch* | |

SO ORDERED:

Dated: 5/15/09

_____
UNITED STATES BANKRUPTCY JUDGE