**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

      Debtors.

----------------------------------------------------------------- x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

Ref. Docket No. 7326

**CONSENSUAL ORDER BY DEUTSCHE BANK NATIONAL TRUST COMPANY AND THE DEBTORS REGARDING THE SECOND ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES**

Upon consideration of the Motion to Enforce Prior Order or, in the Alternative, to Authorize the Debtors to Destroy Certain Hard Copy Loan Files (the "Motion"),[2] and the First, Second and Third Disposition Orders; and upon consideration of the resolution set forth herein by Deutsche Bank National Trust Company ("DBNTC") and the Debtors, it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court being satisfied that enforcing the terms of the Second Disposition Order and the resolution is in the best interests of the Debtors, their estates and creditors; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1.      The Motion is granted only to the extent set forth below.

2.      On the earlier date of (i) two (2) business days after the next regularly scheduled trust disbursement or (ii) June 24, 2009 (the "Payment Deadline"), DBNTC shall pay to the Debtors the applicable Return Costs of $356,447.00 (the "DBNTC Return Costs"). The Debtors shall hold $100,000 of the DBNTC Return Costs in a Debtor-maintained escrow account subject to the terms of this Order (the "Escrow Funds") pending DBNTC's reconciliation of the retrieved loan files with the Debtors' manifests as described below.

3.      No later than June 12, 2009, DBNTC shall retrieve the DBNTC Requested Loan Files from 538 Broadhollow Rd, Melville, NY 11747. The Debtors have placed the boxes containing the DBNTC Requested Loan Files on pallets, shrink-wrapped such pallets and will assist in loading the pallets into trucks provided by DBNTC's designated carrier during normal business hours.

4.      Unless the Debtors fail to make the DBNTC Loan Files available during normal business hours or DBNTC's failure is caused by an act of God, in the event that DBNTC fails to retrieve the DBNTC Requested Loan Files on or before June 12, 2009, (i) the Debtors are authorized to destroy the DBNTC Requested Loan Files without further notice or order of this Court, (ii) the DBNTC Return Costs shall be deemed due and payable to the Debtors, and (iii) DBNTC shall be liable for such reasonable out of pocket costs as may be agreed upon by the parties or determined by this Court.

5.      DBNTC may conduct a reconciliation of the DBNTC Requested Loan Files retrieved from the Debtors with the Debtors' loan file manifests within sixty (60) days from receipt of the loan files (the "Reconciliation Period"). DBNTC acknowledges that receipt of, and payment of the DBNTC Return Costs for, the DBNTC Requested Loan Files is on an "as is,

where is" basis. Accordingly, DBNTC is entitled to reimbursement of the DBNTC Return Costs from the Escrow Fund only for (i) duplicate loan folders, (ii) empty loan folders, (iii) files or folders set forth on the manifest that are not received; and (iv) loan files/folders that were not requested by DBNTC.

6.    On or before the last business day of the Reconciliation Period (the "Reconciliation Deadline"), DBNTC shall transmit to AHM a notice (a "Reconciliation Notice"), which shall identify any and all disputed DBNTC Requested Loan Files and the basis for DBNTC's dispute. The Reconciliation Notice shall be sent via overnight service to Jason Burzenski, American Home Mortgage, 538 Broadhollow Road, Melville NY 11747 along with a copy Margaret Whiteman, Young Conaway Stargatt & Taylor, The Brandywine Building, 1000 West Street, 17th floor, Wilmington, DE 19801.

7.    The Debtors shall have fifteen (15) days to transmit to DBNTC a written objection to the Reconciliation Notice. Such objection shall be sent via overnight service to Kristine Bailey, Morgan, Lewis & Bockius LLP, One Market, Spear Street Tower, San Francisco, CA 94105. If Debtors fail to transmit such objection within fifteen (15) days, DBNTC is entitled immediately to reimbursement of the DBNTC Return Costs from the Escrow Fund to the extent set forth in the Reconciliation Notice.

8.    In the event that DBNTC submits a Reconciliation Notice by the Reconciliation Deadline and Debtors transmit a written objection thereto, the Debtors and DBNTC hereby agree to work in good faith to resolve any such dispute(s). To the extent that the Reconciliation Notice disputes payment of DBNTC Return Costs (the "Disputed DBNTC Return Costs") in an amount that is less than the Escrow Funds, the Debtors shall be entitled to

3

immediately release only the amount of the Escrow Funds in excess of the Disputed DBNTC

Return Costs.

   9.   In the event that the parties do not reach such a resolution, DBNTC shall

be entitled to file a motion (the "Escrow Funds Motion") to seek the return of any portion of the

Escrow Funds within forty-five (45) days after the submission of the Reconciliation Notice (the

"Escrow Funds Motion Deadline").  The Debtors will maintain the Escrow Funds in the amount

of the Disputed DBNTC Return Costs, provided, however, that any excess funds will be

immediately released to the Debtors without further notice or order.

   10.   If DBNTC fails to submit a Reconciliation Notice by the Reconciliation

Deadline or file an Escrow Funds Motion by the Escrow Funds Motion Deadline, the Escrow

Funds shall be immediately and irrevocably released to the Debtors without further notice or

order.

   11.   This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation of this Order.

Dated: ___May 15___, 2009
       Wilmington, Delaware

                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge