Execution Version

## EXHIBIT A

### FORM OF BIDDING PROCEDURES ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al., [1] | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | |
| ------------------------------------------------------------ x | Ref. Docket No. ___ __ |

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 503(b) OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9007 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING PROCEDURES FOR THE SALE OF ALL SHARES OF AMERICAN HOME BANK STOCK OWNED BY AMERICAN HOME MORTGAGE HOLDINGS, INC.; (B) APPROVING BREAK-UP FEE; (C) DIRECTING THAT CERTAIN NOTICES OF SUCH SALE AND DEADLINE BE GIVEN; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of American Home Mortgage

Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries, as debtors and

debtors in possession in the above-captioned cases (collectively, the "Debtors"), pursuant to

sections 105(a), 363 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code")

and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for entry of an order (a) approving the sale procedures substantially in the

form annexed hereto as Exhibit 1 (the "Sale Procedures") in connection with the Debtors'

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]  Unless otherwise indicated, all capitalized terms used herein shall have the meaning ascribed to them in the Motion or the Sale Procedures.

solicitation of higher or better bids than the bid reflected in the Stock Purchase Agreement dated as of April 1, 2009 (the "SPA") by and among The Bancorp, Inc. (the "Purchaser"), American Home Mortgage Holdings, Inc. ("AHM Holdings") and American Home Bank, a federal savings association organized under the laws of the United States of America (the "Bank"); (b) approving the Break-Up Fee for the Purchaser under the SPA; (c) directing that a notice be given of the Sale, the SPA and the Auction, substantially in the form annexed hereto as Exhibit 2 (the "Sale Notice"); and (d) granting related relief; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT:**

A.       The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.       Due and proper notice of the Motion was provided as set forth in the Motion, and no other or further notice need be provided.

C.       The Sale Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

D.       The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Break-Up Fee under the circumstances set forth in the SPA and the Motion.

2

E.      The Break-Up Fee is fair and reasonable, and were negotiated by the parties in good faith and at arm's length.

F.      The Debtor's payment of the Break-Up Fee to the Purchaser, as set forth in the SPA, is (i) an actual and necessary cost and expense of preserving the Debtors' bankruptcy estates, within the meaning of section 503(b) of the Bankruptcy Code, (ii) of substantial benefit to the Debtors' estates, (iii) reasonable and appropriate, including in light of the size, complexity and nature of the Sale and the efforts that have been and will be expended by the Purchaser even though the proposed Sale to the Purchaser is subject to higher or better offers, and (iv) necessary to ensure that the Purchaser will continue to pursue its proposed acquisition of the Shares.

G.      The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as provided herein.

2.      All objections to the Motion or to the relief provided herein that have not been withdrawn, waived, or settled, are hereby overruled and denied on the merits.

3.      The Break-Up Fee as set forth in the SPA are approved.

4.      The Sale Procedures, substantially in the form annexed hereto as Exhibit 1, are hereby incorporated herein as if set forth fully herein, are approved and shall apply with respect to the Sale.

5.      The deadline for submitting bids by a Qualified Bidder (the "Bid Deadline") shall be [_____] **at 4:00 PM (prevailing Eastern Time).**

6.      AHM Holdings may sell its Shares of the Bank by conducting an auction (the "Auction") in accordance with the Sale Procedures.

3

7. The Auction, if any, shall take place on [_____] **at 10:00 a.m. (prevailing Eastern Time)** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19899, or such later time and place as the Debtors may provide so long as such change is communicated reasonably in advance by the Debtors to all Qualified Bidders that submitted Qualified Bids, counsel to the Committee, and other invitees.

8. A Qualified Bidder that desires to make a bid shall comply with the requirements set forth in the Sale Procedures for making such bid.

9. A hearing (the "Sale Hearing") to consider the Sale to the Successful Bidder shall be held before this Court on [_____] **(prevailing Eastern Time)**, or as soon thereafter as the parties may be heard.

10. The Sale Notice is hereby approved. On or before three (3) business days after the entry of this Sale Procedures Order, the Debtors will serve copies of the Sale Notice, the SPA, the Sale Procedures Order, and the proposed form of Sale Approval Order by first class mail, postage prepaid, to (a) all entities known to have expressed a bona fide interest in acquiring the Shares; (b) counsel to the DIP Agent; (c) counsel to the Committee; (d) counsel to the Purchaser; (e) the Office of the United States Trustee for the District of Delaware; (f) the Office of Thrift Supervision; (g) the Federal Deposit Insurance Corporation; and (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002 as of the date prior to the entry of this Sale Procedures Order.

11. Not later than three (3) business days after entry of this Sale Procedures Order, the Debtors will serve copies of the Sale Notice by first class mail, postage prepaid to all known creditors of the Debtors.

12. Not later than five (5) business days after entry of this Sale Procedures

4

Order, the Debtors will publish the Sale Notice in the national edition of the *Wall Street Journal*.

13.    Notice, as described herein, shall constitute good and sufficient notice of the Auction, the Sale, the Sale Hearing, the SPA and the proposed Sale Approval Order (as such term is defined in the SPA).

14.    Objections, if any, to the Sale and the entry of any order approving the Sale (including the Sale Approval Order) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before **4:00 PM (prevailing Eastern Time) on [         ]**, or such later date as the Debtors may agree and (d) be served so as to actually be received no later than 4:00 (prevailing Eastern Time) on the same day, upon (i) American Home Mortgage Holdings, Inc., 538 Broadhollow Road, Melville, New York 11747 (Attn.: Carlo Colagiacomo, Esq.); (ii) Zolfo Cooper, 1166 Avenue of the Americas, New York, New York 10036 (Attn: Kevin Nystrom and Bret Fernandes); (iii) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn.: Craig Grear and Sean M. Beach) and Cadwalader, Wickersham & Taft, LLP, One World Financial Center, New York, New York 10281 (Attn.: Lou Bevilacqua and Jeffrey Weissmann, counsel to the Debtors; (iv) Milestone Advisors, LLC, 1775 Eye Street, NW, Suite 800, Washington, DC 20006 (Attn.: Gene Weil and John J. Nelligan); (v) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Mark Indelicato, Mark Power and Don Grubman), counsel to the Committee; and (vi) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware (Attn: Joseph McMahon, Esq.).

15.    The Sale Hearing may be adjourned, from time to time, without further

notice to creditors or parties in interest other than the announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for such hearing.

16.    As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after entry thereof and shall be effective and enforceable immediately.

17.    The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or enforcement of this Order.

Dated: ___ __ ___ , 2009
     Wilmington, Delaware

                                      _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

USActive 15882318.1