ANNE MILGRAM
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625-0106
Attorney for Creditor, State of New Jersey, Division of Taxation

By:  Marikae G. Toye (MT 9551)
     Deputy Attorney General
     (609) 943-5262


                UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF DELAWARE

In re:                        )    Chapter 11

AMERICAN HOME MORTGAGE CORP.  )    Case No. 07-11047 (CSS)

                              )    Jointly Administered
          Debtor.
                              )

  OPPOSITION OF THE STATE OF NEW JERSEY, DIVISION OF TAXATION TO
   THE DEBTOR'S THIRTY-FIFTH (SUBSTANTIVE) OBJECTION TO CLAIMS


_____The State of New Jersey, Division of Taxation ("N.J.

Division"), objects to the Debtor's Motion as follows:

          1.  Debtor's motion requests that the N.J. Division's

priority claim, dated January 15, 2008, filed in case number 07-

11050 in the amount of $5,287.22 be reduced to reflect the amount

owed according to Debtor's records, $80.00.  Further, the Debtor's

motion seeks to reduce the N.J. Division's claim, dated January 16,

2008, filed in case number 07-11051 in the amount of $1,494,298.91

to reflect the amount owed of $149,826.31.  The N.J. Division

agrees that the appropriate amount of the priority claim filed in

case number 07-11051 is $149,826.31.  However, contrary to Debtor's

records, the N.J. Division's priority claim in the amount of $5,287.22 is due and owing in case number 07-11050. For the reasons set forth below, the N.J. Division requests that its priority claim in the amount of $5,287.22 not be reduced or expunged until debtor has submitted the required return and the claim has been amended as appropriate.

2.    The N.J. Division's priority proof of claim for $5,287.22, dated January 15, 2008, lists the debtor's liability for Corporate Business Tax ("CBT"), for 2005 and 2006. The liability for 2005 is marked "deficient," meaning that the debtor filed the required return but failed to remit the reported tax due. Further, the liability for 2006 is marked "delinquent," meaning that the liability is estimated because the debtor failed to file the required return.

3.    The debtor states in the motion that their records reflect only $80.00 is due, however, the return which was filed in 2005 alone shows a liability due of $287.00, including interest.

4.    A properly filed proof of claim is prima facie evidence of the validity and the amount of the claim. In re Fullmer, 962 F. 2d 1463 (10th Cir. 1994), Bankr. Rule 3001(f).

5.    To overcome this prima facie evidence, an objecting party must bring force evidence which is equal in probative force to that which underlies the proof of claim. See In re Wells, 51 B.R. 563, 566 (D. Colo 1985), Collier on Bankruptcy, § 502.02

-2-

("Should objection be taken, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

6.    "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." In re Domme, Jr., 163 B.R. 363 (D.Kan. 1994); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Resyn Corp. v. United States, 851 F.2d 660, 663-64 (3d Cir. 1988).  Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity.  In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994); see also Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

7.    Here, the debtor has asserted that the priority claim in the amount of $5,287.22 should be reduced to $80.00 because their records show that is what owed.  However, the debtor has failed a 2005 CBT which shows a liability of $287.22 and has failed to file a CBT return for 2006.

8.    Therefore, the N.J. Division respectfully requests that debtor's motion be denied since debtor has failed to overcome the prima facie validity of the N.J. Division's claim.

-3-

Respectfully submitted,

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY

By: __/s/ Marikae G. Toye_____
    Marikae G. Toye (MT 9551)
    Deputy Attorney General

Dated: 05/28/09