**LINEBARGER GOGGAN**
**BLAIR & SAMPSON, LLP**
Attorneys for Bexar County, Coppell ISD,
Dallas County, Harris County,
Nueces County, And Tarrant County
2700 Via Fortuna Dr., Ste 400
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)
Diane W. Sanders, Esq.

Hearing Date: June 5, 2009
Hearing Time: 10:00 a.m..

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: § <br> § <br> AMERICAN HOME MORTGAGE § <br> HOLDINGS, INC., ET AL § <br> § <br> Debtors § <br> § | CASE NO. 07-11047 (CSS) <br><br> CHAPTER 11 <br><br> JOINTLY ADMINISTERED |

### RESPONSE OF BEXAR COUNTY, COPPELL ISD, DALLAS COUNTY, HARRIS COUNTY, NUECES COUNTY, AND TARRANT COUNTY TO DEBTORS' 35TH OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Bexar County, Coppell ISD, Dallas County, Harris County, Nueces County, and Tarrant County, Texas ("Taxing Authorities") Respondents and tax claimants herein, and file this Response to the Debtors' 35th Omnibus Objection to Claims, and would show the Court as follows:

**PRELIMARY STATEMENT**

1. Taxing Authorities are fully secured ad valorem tax creditors of Debtors and the Estates, holding prior perfected liens against property of the Estates. Taxing Authorities' claims are secured pursuant to the Texas Property Tax Code §§32.01 and 32.07, *et seq*.

2. Section 32.01, *et seq*. (a) of the Texas property Tax Code states, in part:

> "…[(a)] On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

> "…[(b)] A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

> "…[(c)] The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit."

3. Section 33.01(a) of the Texas Property Tax Code states as follows:

> "…[A] delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent. A delinquent tax continues to incur the penalty provided by this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered…"]

4. Section 33.01(c) of the Texas property Tax Code states as follows:

> "…[A] delinquent tax accrues interest at a rate of one percent for each month or portion of each month the tax remains unpaid. Interest payable under this section is to compensate the taxing unit for revenue lost because of the delinquency. A delinquent tax continues to accrue interest under this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered…"

5. Section 33.07(a) of the Texas Property Tax Code states as follows:

"…[A] taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that become delinquent on or after February 1 of a year but not later than May 1 of that year and remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30. The amount of the penalty may not exceed the amount of the compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes…"

6. Section 33.07(b) of the Texas property Tax Code states as follows:

"…[A] tax lien attaches to the property on which the tax is imposed to secure payment of the penalty…"

## ASSERTIONS OF THE TAXING AUTHORITIES

7. Taxing Authorities assert that it is not necessary for them to file any response to the Objection to Claims, as the filing of a claim is tantamount to the filing of a complaint in a civil action and the filing of an objection is tantamount to an answer. *In re Simmons,* 765 F.2d 547, 552 (5th Cir. 1985). Taxing Authorities made a *prima facie* case when they filed their Proofs of Claim, and the burden is now on the Debtors to rebut it. *In re WHET, Inc.,* 33 B.R. 424, 437 (D. Mass 1983).

8. Nevertheless, out of an abundance of caution Taxing Authorities hereby reassert their secured claims against Debtors' Estates as fully as if the Proofs of Claim were repeated verbatim. To the extent that Debtor asserts it had no liability on Taxing Authorities' claims for 2008 and 2009, Taxing Authorities assert that Debtor should clarify the basis for its no liability assertion by providing, at a minimum, specific facts regarding the disposition of the assets which were the subject of taxation by Taxing Authorities. To the extent that Debtor asserts it had no liability on to pay accrued post-petition interest on Taxing Authorities' pre-petition claims for 2007, it should plead facts

3

and legal authority for its position.  Pursuant to the provisions of 11 U.S.C. §506, Taxing Authorities assert that they are entitled to collect post post-petition interest on pre-petition claims.

WHEREFORE, PREMISES CONSIDERED, Taxing Authorities pray that upon the scheduled hearing of this matter, admit their claims, deny the objection and award them such other and further relief as to which they may show themselves entitled.

        Respectfully Submitted,
        LINEBARGER GOGGAN
        BLAIR & SAMPSON, LLP
        2700 Via Fortuna Dr., Ste 400
        P.O. Box 17428
        Austin, Texas 78760
        (512) 447-6675 (Telephone)
        (512) 443-5114 (Facsimile)

By: */s/ Diane W. Sanders*
    DIANE W. SANDERS
    State Bar No. 16415500

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response to Debtors' 35th Omnibus Objection to Claims has been served by electronic or U. S. First Class Mail on the parties listed below on the 28th day May, 2009.

American Home Mortgage Holdings, Inc., et al
538 Broadhollow Road
Melville, NY  11747
**DEBTORS**


Nathan D. Grow
YOUNG CONAWAY
STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
**ATTORNEYS FOR DEBTORS**


Office of the United States Trustee
844 King Street, Rm 2207
Lockbox #35
Wilmington, DE 19899-0035
**TRUSTEE**


Bonnie Glantz Fatell
Blank Rome LLP
1201 Market Street, Ste 800
Wilmington, DE 19801
**ATTORNEY FOR COMMITTEE OF UNSEUCRED CREDITORS**

American Home Mortgage Claims Processing
P O Box 5076
FDR Station
New York, NY 10150-5076

 **CLAIMS AGENT**

                                          */s/ Diane W. Sanders*
                                               DIANE W. SANDERS