UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ X
In re                                                  :     Chapter 11
                                                       :
American Home Mortgage Holdings,                       :     Case No. 07-11047 (CSS)
Inc., et al.,                                          :
                                                       :     (Jointly Administered)
                                      Debtors.         :     Re: Docket 7335
------------------------------------------------------ X
```

### LIMITED OBJECTION BY PARK NATIONAL BANK
### TO DEBTOR'S MOTION TO HAVE A PRIVATE SALE
### OF PROPERTY IN MOUNT PROSPECT, ILLINOIS

Park National Bank, by its counsel, Womble Carlyle Sandridge & Rice, PLLC and Aronauer, Re & Yudell, LLP submits this limited objection to Debtor's motion [Docket No. 7335].

      1.     Debtor has moved to sell privately the property known by the street address 950 North Elmhurst Road, Mount Prospect, Illinois (the "Mount Prospect Property"). Park National Bank ("Park National") holds a first mortgage on the Mount Prospect Property. Park National agreed to a private sale of the Mount Prospect Property – and thereby would lose its right to credit bid – provided its mortgage was satisfied at closing. Debtor's motion does not provide for Park National to be paid at closing. Rather, it merely provides for Park National's mortgage lien to attach to the proceeds. Park National will only consent to the loss of its right to credit bid if it is paid at closing. Since Debtor's motion does not provide for such a pay-off, Park National objects to the private sale of the Mount Prospect Property.

      2.     Prior to Debtor's motion being made, Park National took steps to ensure it would be paid at closing. Legal title to the Mount Prospect Property is held by North Star Trust Company. Consistent with discussions between counsel, Park National consented to title being transferred by North Star subject to Park National's mortgage being paid-off at closing. See letter of direction annexed as Exhibit A.

      3.     In the absence of such a pay-off, Park National requests that the Mount Prospect Property be sold at a bankruptcy sale where it may credit bid pursuant to Bankruptcy

1

Code § 363(k).  Park National should not lose, over its objection, its right to credit bid.  <u>See generally</u>, <u>In Re SubMicron Systems Corp.</u>, 432 F.3d 448, 459-61 (3rd Cir. 2006).  Certainly, a private sale should not be allowed herein that is contrary to the agreed upon arrangement with the first mortgage, Park National.

<u>CONCLUSION</u>

WHEREFORE, Park National respectfully requests that the Court deny the motion unless it provides for Park National Bank's mortgage to be paid in full at closing.

Dated: Wilmington, Delaware
       May 28, 2009

        WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

        */s/ Michael Busnekell*
        By: Michael Busenkell (Del. Bar No. 3933)
        Attorneys for Park National Bank
        222 Delaware Avenue, Suite 1501
        Wilmington, DE 19801
        Telephone: (302) 252-4324

        - and -

        ARONAUER, RE & YUDELL, LLP
        Joseph Aronauer
        444 Madison Avenue, 17th Floor
        New York, NY 10022
        Telephone: (212) 755-6000

        Attorneys for Park National Bank

WCSR 4137208v2