IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
                Debtors.                                         :
                                                                 : Ref. Docket No. 6917
---------------------------------------------------------------- x

## ORDER DEEMING PROOF OF CLAIM #10647 TIMELY FILED OR, IN THE ALTERNATIVE, ALLOWING PROOFS OF LATE FILED CLAIMS

Upon consideration of the *Motion of Dr. David and Elizabeth Judith Jackson for Order Deeming Proofs of Claims Timely Filed or, in the Alternative, Allowing Proofs of Late Filed Claims* [Docket No. 6917] (the "Motion"); and it appearing that the Court has jurisdiction in this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it appearing that the relief requested in the Motion is warranted; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that the Jackson Claim (No. 10647) shall be and hereby is, deemed timely filed against American Home Mortgage Corp.; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

ORDERED that the Jacksons are granted leave to file proof(s) of claim against additional debtor entities (collectively with the Jackson Claim (No. 10647), the "Jackson Claims"); provided, however, that this Order shall not affect the validity or amount of the Jackson Claims, and the Debtors' rights to dispute such claims are fully reserved; and it is further

ORDERED that the Jacksons must file the Jacksons Claims with the Debtors' claims agent within twenty (20) days of entry of this Order (the "Claim Deadline") at the appropriate address: (i) if by first-class mail: American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076 or (ii) if by hand delivery or overnight mail: Epiq Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017. Failure to file the Jackson Claims as set forth herein by the Claim Deadline will result in the Jacksons not being treated as a creditor for the purposes of receiving distributions under the Plan in respect of any claims, other than claim numbered 10647, against the Debtors; and it is further

ORDERED that the Debtors' and any and all parties-in-interest's rights to contest the asserted merits of the Claims and their rights to all defenses and counterclaims against the Jacksons are hereby reserved. Furthermore, any and all rights pursuant to section 502(b) of the Bankruptcy Code to object to such claims on any and all grounds, including, without limitation, objections as to the amount, classification and status of the claims, are hereby reserved; and it is further

ORDERED that, other than the Claims, no claims shall be filed against any of the Debtors on behalf of the Jacksons; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 29, 2009
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge