IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x  Chapter 11
In re:                                                       :
                                                         :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :  Jointly Administered
                                                         :
        Debtors.      :  Hearing Date: July 2, 2009 at 10:00 a.m. (ET)
------------------------------------------------------------ x  Obj. Deadline: June 22, 2009 at 4:00 p.m. (ET)

**DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 9019, FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AGREEMENT AND RELEASE DATED AS OF MAY 4, 2009 BY AND AMONG, THE DEBTORS, AMERICAN LIEN FUND, L.P. AND AMERICAN HOME MORTGAGE SERVICING, INC. F/K/A AH MORTGAGE ACQUISITION CO., INC.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned attorneys, hereby respectfully move (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit 1, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), approving that certain *Settlement Agreement and Release* dated as of May 4, 2009 (the "Stipulation"), by and among the Debtors, American Lien Fund, L.P. ("ALF") and American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. ("AHMSI" and together with the Debtors and ALF, the "Parties"). A copy of the Stipulation is attached to the Proposed Order as Exhibit A. In support of this Motion, the Debtors respectfully represent:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9019 and Bankruptcy Code sections 105(a) and 362.

## BACKGROUND

2.  On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.  On August 14, 2007, the United States Trustee for the District of Delaware the Committee. No trustee or examiner has been appointed.

5.  On February 23, 2009, the Court entered an order [Docket No. 7042] (the "Confirmation Order") confirming the Amended Chapter 11 Plan of Liquidation of the Debtors, dated as of February 18, 2009 [Docket No. 7029] (the "Plan").[2]

*The Motion and Stipulation*

6.  On October 12, 2008, ALF filed the *Motion of American Lien Fund, L.P. Pursuant to 11 U.S.C. § 362(d) to Annul Automatic Stay as to Tax Sale and to Lift Stay as to Counterclaims* [Docket No. 6223] (the "ALF Motion"). On November 18, 2008, American

---

[2] The Plan is incorporate herein by reference.

Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. ("AHMSI") filed its response to the ALF Motion [Docket No. 6587] (the "AHMSI Response"). On November 19, 2008, the Debtors filed their objection to the ALF Motion [Docket No. 6592] (the "Debtors' Objection"). On December 5, 2008, ALF filed its reply to the AHMSI Response and the Debtors' Objection [Docket No. 6671] (the "Reply").

7. The Motion sought relief from the automatic stay with respect to at a tax sale conducted on September 4, 2007 (the "Tax Sale"), for a property located at 138 Little Street, City of Atlanta, Fulton County, Georgia (the "Property"). At the time of the Tax Sale, Debtor AHM SV, in its capacity as mortgage servicer, held title to the Property. ALF purportedly obtained title to the Property at the Tax Sale. In April, 2008, Litigation was commenced on behalf of AHM SV and/or AHMSI in the Georgia Superior Court to negate the Tax Sale, to clear title on the Property and to otherwise protect the interests of AHMSI/the Debtors in the Property (the "State Court Action"). By the ALF Motion, ALF sought retroactive stay relief with respect to the Tax Sale and prospective relief with respect to the State Court Action.

8. The Parties have engaged in extensive discussions regarding the consensual resolution of their dispute over the ownership of the Property. Following extensive good faith negotiations between the Parties, in which each of them were represented by counsel, the Parties have entered into that certain *Settlement Agreement and Release* dated as of May 4, 2009 (the "Stipulation") to resolve the matters surrounding the Tax Sale and the ownership of the Property.

## RELIEF REQUESTED

9. By this Motion, the Debtors respectfully request the entry of an order, pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019 authorizing and approving the Stipulation. The pertinent terms of the Stipulation are as follows:

- A. The Parties agree that AHMSI shall be entitled to apply for the Surplus Proceeds from the Tax Sale in the amount of not less than $134,052 being held by Fulton County.

- B. ALF will pay to AHMSI the amount of $5,000 by the later of the receipt of the Surplus Proceeds and the date that the Stipulation is approved by the Court.

- C. The ALF Motion shall be deemed withdrawn

- D. The Parties shall consent to an annulment of the stay, subject to receipt of the Surplus Proceeds by AHMSI and approval of the Stipulation by the Bankruptcy Court.

- E. AHMSI shall convey its interest in the Property to ALF by quitclaim deed by the later of the receipt of the Surplus Proceeds and the date that the Stipulation is approved by the Court.

- F. The Parties shall grant to each other the mutual releases set forth in section 6 of the Stipulation.

- G. The Stipulation shall be subject to Court approval.

- H. The underlying litigation pending among the parties in Georgia Superior Court shall be dismissed upon the satisfaction of all other conditions of the Stipulation.[3]

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc.*, 344

---

[3] AHMSI is also being provided a payment of $15,000 by the applicable title insurer as part of the resolution of the State Court Action which is not a component of the Stipulation.

B.R. 291, 296 (Bankr. D. Del. 2006); *see also In re Penn Central Transportation Co.*, 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'") (quoting *In re Protective Committee for Independent Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

11. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." *In re Penn Central Transportation Co.*, 596 F.2d 1127, 1153 (3d Cir. 1979); *see also In re Marvel Entertainment Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'").

12. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved. The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *accord Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).

13. The decision to approve a settlement "is within the sound discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296; *see also In re*

*Neshaminy Office Building Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986) (cited with approval in *Meyers v. Martin (In re Martin)*, 91 F.3d 389). The bankruptcy court should not substitute its judgment for that of the debtor. *See In re Neshaminy Office Building Associates*, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *See In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

14. The Debtors believe that the Stipulation achieves a fair result that is above the lowest point in the range of reasonableness and should be approved. The Stipulation is the result of extensive negotiations between the Parties and provides for a fair resolution of a complex dispute raising novel issues of Georgia law and would require litigation in both the Bankruptcy Court and in Georgia state court. Importantly, the Stipulation does not require any expenditure of estate funds, whereas, absent the stipulation, the Parties would be required to litigate the issues raised in the Motion and the State Court Action requiring significant resources and attention of the Debtors and their advisors – regardless of the Debtors' success on the merits. Moreover, the mutual releases contained in section 6 of the Stipulation ensure that the Debtors receive a full and complete resolution of the matters surrounding the Property and Tax Sale. Based on the foregoing considerations, the Debtors believe that the Stipulation is in the best interest of their estates and creditors.

## NOTICE

15. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to ALF; (iv) counsel to AHMSI; (v) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (vi) the Securities and Exchange Commission; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors request that the Court enter the Order approving the Stipulation and grant such other and further relief as the Court deems just and necessary.

Dated: Wilmington, Delaware
       June 3, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Ryan M. Bartley_
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession