# EXHIBIT 1

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
                        Debtors.                                 :
---------------------------------------------------------------- x  Ref. Docket No. _____

## ORDER APPROVING THE SETTLEMENT AGREEMENT AND RELEASE DATED AS OF MAY 4, 2009 BY AND AMONG, THE DEBTORS, AMERICAN LIEN FUND, L.P. AND AMERICAN HOME MORTGAGE SERVICING, INC. F/K/A AH MORTGAGE ACQUISITION CO., INC.

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order, pursuant to Bankruptcy Rule 9019 and sections 105(a) and 362 of the Bankruptcy Code, approving that certain *Settlement Agreement and Release* dated as of May 4, 2009 (the "Stipulation") by and among, the Debtors, American Lien Fund, L.P. and American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. (attached hereto as Exhibit A); and the Court being satisfied that approval of the Stipulation is in the best interests of the Debtors, their estates and creditors and is a proper exercise of the Debtors' business judgment; and due and proper notice of the Motion having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

ORDERED, that the Motion is GRANTED; and it is further

ORDERED that the Stipulation is approved; and it is further

ORDERED that the parties are authorized, pursuant to section 105(a) and 362 of the Bankruptcy Code, to take such other and further actions as are necessary to effectuate the terms of the Stipulation; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2009

                                            Christopher S. Sontchi
                                            United States Bankruptcy Judge

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

# EXHIBIT A

**Stipulation**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into this 4th day of May, 2009, by and among AHM SV, INC. ("AHM SV"), American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc., as successor in interest to AHM SV ("AHMSI"), and American Lien Fund, LLP ("ALF," and together with AHM SV and AHMSI, the "Parties").

### WITNESSETH

WHEREAS, there is pending in the Superior Court of Fulton County that certain lawsuit American Home Mortgage Servicing, Inc. v. American Lien Fund, LP, Civil Action File No. 2008CV150122 ("Lawsuit");

WHEREAS, AHM SV and AHMSI, as successor in interest to AHM SV, claimed title to that certain real estate more particularly described in the Lawsuit (the "Property");

WHEREAS, ALF claims an interest in the Property pursuant to a certain tax sale more particularly described in the Lawsuit (the "Tax Sale");

WHEREAS, the Sheriff of Fulton County has represented that the Sheriff currently holds $134,052.00 representing the surplus realized from the Tax Sale;

WHEREAS, on August 6, 2008, AHM SV and certain of its affiliated debtors and debtors-in-possession each filed voluntary petitions for chapter 11 relief with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered under the caption In re: American Home Mortgage Holdings, Inc., Case No. 07-11047 (the "Bankruptcy Case");

LIT\1066057.4

WHEREAS, ALF has filed a motion in the Bankruptcy Case to annul the automatic stay as to the Tax Sale and to lift the stay as to counterclaims, and certain responsive pleadings have been filed by AHM SV and AHMSI with regard to that motion (collectively, the "Bankruptcy Motion"); and

WHEREAS, the Parties now wish to document the compromise, settlement and accord and satisfaction of all claims, actions, causes of actions, damages, agreements and demands relating to those matters raised in the Lawsuit and Bankruptcy Motion;

NOW, THEREFORE, in consideration of the mutual promises and undertakings set forth in this Agreement, and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. <u>The Surplus Proceeds</u>:

Upon the execution of this Agreement, AHMSI shall be entitled to apply for and retain the surplus proceeds realized from the Tax Sale in an amount of not less than $134,052, which surplus is currently held by the Sheriff of Fulton County (the "Surplus Proceeds"). While AFL makes no representation concerning the amount of the Surplus Proceeds held by the Sheriff, ALF acknowledges that AHMSI has confirmed with the Sheriff the amount of the Surplus Proceeds. The Surplus Proceeds shall be held in escrow pending approval of the Agreement by the Bankruptcy Court.

2. <u>Payment of Money</u>:

Within ten days after the later of (i) the receipt by AHMSI of the Surplus Proceeds in an amount not less than $134,052, and (ii) approval of the Agreement by the Bankruptcy Court, ALF shall cause to be paid to AHMSI the total amount of $5,000.

3. <u>Withdrawal of the Bankruptcy Motion</u>

Upon Bankruptcy Court approval of the Agreement the Bankruptcy Motion shall be deemed withdrawn with prejudice.

4. <u>Annulment of the Automatic Stay</u>

Subject to (i) the receipt by AHMSI of the Surplus Proceeds in an amount not less than $134,052, and (ii) approval of the Agreement by the Bankruptcy Court, the automatic stay applicable to the Bankruptcy Case pursuant to 11 U.S.C. § 362(a) and AHM SV, shall be deemed annulled with respect to ALF solely for the purposes of effectuating the Tax Sale, without further order of the Court, <u>provided</u>, <u>however</u>, that no other or further relief from or annulment of the automatic stay is hereby granted.

5. <u>Disposition of Property</u>:

Within ten days after the later of (i) the receipt by AHMSI of the Surplus Proceeds in an amount not less than $134,052, and (ii) approval of the Agreement by the Bankruptcy Court, AHMSI shall cause a quitclaim deed to be executed by AHMSI conveying whatever interest it holds in the Property to ALF.

6. <u>Releases</u>:

Upon (i) the receipt by AHMSI of the Surplus Proceeds in an amount not less than $134,052, and (ii) the approval of the Agreement by the Bankruptcy Court, each of the Parties (each a "Releasor") shall have been deemed to have released and discharged each of the remaining Parties and their respective directors, officers, shareholders, members, partners, employees, representatives, assigns, successors in interest, agents and attorneys (collectively, the "Releasees") from any and all claims, actions, causes of action, damages, injuries, agreements and demands of any kind, whether

known or unknown, which such Releasor now has, or may have had, relating to the claims, transactions and occurrences stated or referenced or which could have been stated or referenced in the Lawsuit or in the Bankruptcy Motion. These Releases, on the part of each Releasor, shall be a fully binding and complete compromise, accord and satisfaction and settlement among such Releasor and the Releasees.

7. Cooperation:

The Parties agree to cooperate fully to execute any and all supplementary documents necessary to give effect to this Agreement and to take all reasonable additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement, including but not limited securing the Surplus Proceeds for the benefit of AHMSI.

8. Bankruptcy Court Approval

This Agreement is subject to Bankruptcy Court approval. Within five (5) business days of the execution of this Agreement, AHM SV shall cause to be filed a motion to approve the Agreement with the Bankruptcy Court.

9. No Admission of Liability:

By entering into this Agreement, the Parties agree that they are compromising a disputed claim and that this settlement and compromise is not an admission by any Party of any liability. Each Party shall bear their own respective costs including any expenses of litigation and attorneys' fees relating to the Lawsuit and the Bankruptcy Motion.

10. Entire Agreement:

This Agreement contains the entire agreement between the Parties with regard to the matters set forth herein and shall be binding upon the Parties' successors, transferees and assigns. All

LIT\1066057.4

previous discussions, undertakings, representations, promises, negotiations and agreements of any kind regarding the Lawsuit and the matters raised or which could have been raised therein, are incorporated into this Agreement and are integrated and merged herein.

11.  Counterparts:

This Agreement may be executed in several counterparts, each of which shall be an original, but all of which when taken together shall constitute one and the same instrument. Counterpart signature pages may be attached to a copy of this Agreement to form a single document containing all of the signatures of the Parties.

12.  Authority to Execute Agreement:

By entering into this Agreement, each Party represents that it is legally competent to execute this Agreement, that it has relied upon the legal advice of its respective attorneys, who are attorneys of its own choice, and who have fully and completely explained the nature and extent of the Agreement to each of them and that this Agreement has been completely read by the Parties and that the terms and conditions as set forth herein are fully understood and voluntarily accepted by them.

13.  Governing Law:

This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

14.  Dismissal of Lawsuit:

Upon (i) the Bankruptcy Court's approval of the Agreement, (ii) ALF's receipt of the quitclaim deed, (iii) AHMSI's receipt of ALF's payment of $5,000 and (iv) AHMSI's receipt of the Surplus Proceeds in an amount not less than $134,052, each Party shall cause to be filed a mutual Dismissal with Prejudice of the Lawsuit.

15. <u>Effect of Settlement Agreement</u>:

No term contained in this Agreement, including but not limited to the releases, shall be given effect until AHMSI has received the Surplus Proceeds in an amount not less than $134,052.

*[Signatures on Following Page]*

**AHM SV, INC.**

By: /s/ Bret W Fernandes
Name: Bret W Fernandes
Its: Director of Restructuring

**AMERICAN HOME MORTGAGE SERVICING, INC.**

By: _____
Name: _____
Its: _____

**AMERICAN LIEN FUND, LP**

By: _____
Name: _____
Its: _____

AHM SV, INC.

By:_____
Name:_____
Its:_____

AMERICAN HOME MORTGAGE
SERVICING, INC.

By:_____
Name:_____ Cary Sternberg
Its:_____ Senior Vice President

AMERICAN LIEN FUND, LP

By:_____
Name:_____
Its:_____

7

LIT\1066057.4

**AHM SV, INC.**

By:_____
Name:_____
Its:_____


**AMERICAN HOME MORTGAGE SERVICING, INC.**

By:_____
Name:_____
Its:_____


**AMERICAN LIEN FUND, LP**

By: *[signature]*
Name: David Lachtman
Its: G.P. (General Partner)