IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Case No. 07-11047 (CSS) |
| | : |
| AMERICAN HOME MORTGAGE | : Chapter 11 |
| HOLDINGS, INC., a Delaware | : |
| corporation, et al.,[1] | : Jointly Administered |
| | : |
| Debtors. | : Re: Docket No. 4084, 5272 |

**ORDER APPROVING STIPULATION REGARDING THE OBJECTION
OF THE BANK OF NEW YORK MELLON, IN VARIOUS
CAPACITIES, TO PROPOSED PURCHASER'S CURE AMOUNTS**

The Court having reviewed and considered the Stipulation Regarding the Objection of The Bank of New York Mellon, in Various Capacities, to Proposed Purchaser's Cure Amounts (the "<u>Stipulation</u>") attached hereto as Exhibit 1; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that there is just cause to approve the Stipulation.

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. The Clerk of this Court is authorized to take all actions necessary or appropriate to give effect to this Order and the Stipulation.

Dated: _____, 2009

                                                  Christopher S. Sontchi
                                                  United States Bankruptcy Judge

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

DLI-6242329v4

# **EXHIBIT 1**

**(Stipulation)**

DLI-6242329v4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | Case No. 07-11047 (CSS) |
| | : | |
| **AMERICAN HOME MORTGAGE HOLDINGS, INC.,** a Delaware corporation, et al., | : | Chapter 11 |
| | : | |
| | : | Jointly Administered |
| | : | |
| **Debtors.** | : | Re: Docket No. 4084, 5272 |

### STIPULATION REGARDING THE OBJECTION OF THE BANK OF NEW YORK MELLON, IN VARIOUS CAPACITIES, TO PROPOSED PURCHASER'S CURE AMOUNTS

RECITALS:

A. On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

B. Prior to the Petition Date, The Bank of New York Mellon, in various capacities ("BNYM"), and the Debtors entered into certain agreements in connection with securitizations (collectively, the "BNYM Agreements"),[1] pursuant to which, among other things, the Debtors agreed to service or subservice certain mortgage loans.

---

[1] The BNYM Agreements are listed in the Purchaser's Cure Amount Notice (as such term is defined below) as: (1) Assignment, Assumption and Recognition Agreement, dated as of April 28, 2006, among American Home Mortgage Servicing, Inc., American Home Mortgage Corp., GS Mortgage Securities Corp., and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-6, and as acknowledged by JPMorgan Chase Bank, National Association, as master servicer; (2) Servicing Agreement, dated as of December 21, 2004, among American Home Mortgage Servicing, Inc., as RMBS Master Servicer, American Home Mortgage Investment Trust 2002-4, as Issuer, and The Bank of New York, as Indenture Trustee (the "2004-4 RMBS Servicing Agreement"); (3) Mortgage Loan Sale and Servicing Agreement, dated as of December 1, 2005, between American Home Mortgage Corp., as Seller, American Home Mortgage Servicing, Inc., as Servicer, and Goldman Sachs Mortgage Company, as Purchaser; and (4) Assignment, Assumption and Recognition Agreement, dated as of April 26, 2006, among American Home Mortgage Servicing, Inc., GS Mortgage Securities Corp., and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-9, and as acknowledged by JP Morgan Chase Bank, National Association, as master servicer.

DLI-6242329v4

C.   On October 30, 2007, the Court entered an order (the "<u>Sale Order</u>") approving the sale of the Debtors' mortgage loan servicing business to American Home Mortgage Servicing, Inc., a Delaware corporation (f/k/a AH Mortgage Acquisition Co., Inc.) (the "<u>Purchaser</u>"). The Sale Order, among other things, authorized the Debtors to assume and assign and/or transfer to the Purchaser certain contracts (collectively, the "<u>Assumed Contracts</u>"). The Sale Order also apportioned the cure amounts related to the Assumed Contracts among the Debtors and the Purchaser such that the Debtors are responsible for all cure amounts arising from defaults based on acts or omissions occurring prior to the initial closing of the sale on November 16, 2007 (the "<u>Initial Closing</u>"), and the Purchaser is responsible for funding the Debtors' payment of cure amounts (the "<u>Purchaser's Cure Amounts</u>") arising from defaults based on acts or omissions occurring during the period from the Initial Closing to the final closing of the sale on April 11, 2008.

D.   On May 19, 2008, the Debtors filed the Notice of (I) Debtors' Proposed Purchaser's Cure Amounts and (II) Deadline for Filing Objections to the Proposed Purchaser's Cure Amounts (Docket No. 4084) (the "<u>Purchaser's Cure Amount Notice</u>"), which designates, among other things, the BNYM Agreements as Assumed Contracts and lists the proposed Purchaser's Cure Amounts associated with such contracts as $0.

E.   On July 30, 2008, BNYM filed its Objection of The Bank of New York Mellon, in Various Capacities, to Proposed Purchaser's Cure Amounts (Docket No. 5272) (the "<u>Objection</u>"), where, among other things, BNYM objected to the Debtors' failure to provide an Independent Public Accountants' Servicing Report for the year ending 2007 (the "<u>Annual Report</u>") pursuant to section 3.17 of the 2004-4 RMBS Servicing Agreement and requested payment of legal fees and expenses incurred in connection with its attempt to resolve the failure

- 2 -

DLI-6242329v4

to deliver such Annual Report in the amount of $10,968.00. Since the filing of the Objection, BNYM has incurred additional legal fees and expenses in the aggregate amount (including the amount asserted in the Objection) of $20,000 (the "Legal Fees").

F. The Purchaser and BNYM have reached an agreement, subject to Court approval, that resolves the Objection on the terms set forth below.

## AGREEMENT:

1. BNYM agrees that the officer's certificate and annual report attached hereto as Exhibit A will satisfy the Debtors' obligations to deliver the Annual Report for the year ending 2007 and satisfy all of the Purchaser's cure obligations with respect to the BNYM Agreements. BNYM hereby waives all rights it may have, if any, to assert any additional Purchaser Cure Amounts against the Purchaser in connection with the BNYM Agreements.

2. The Purchaser agrees to pay 50% of the Legal Fees and deliver the officer's certificate and annual report attached hereto as Exhibit A within 15 days after entry of the order approving this Stipulation.

3. The Court shall retain jurisdiction to interpret and enforce this Stipulation.

[Remainder of page intentionally left blank]

DLI-6242329v4

Dated: May 21, 2009

*[signature]*

Victoria W. Counihan (DE 3488)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7000

- and -

Daniel P. Winikka (TX 00794873)
Debra K. Simpson (TX 24027986)
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

ATTORNEYS FOR AMERICAN HOME
MORTGAGE SERVICING, INC. F/K/A AH
MORTGAGE ACQUISITION CO., INC.

Dated: May 21, 2009

*[signature]*

Russell C. Silberglied (DE 3462)
Christopher Samis (DE 4909)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

- and -

Leo T. Crowley
Margot P. Erlich
PILLSBURY WINTHROP SHAW PITTMAN
LLP
1540 Broadway
New York, NY 10036
Telephone (212) 858-1000

ATTORNEYS FOR THE BANK OF NEW
YORK MELLON

# EXHIBIT A

## OFFICER'S CERTIFICATE

American Home Mortgage Servicing, Inc.

American Home Mortgage Investment Trust 2004-4,
Mortgage-Backed Notes, Series 2004-4

I, David M. Friedman, a duly authorized officer of American Home Mortgage Servicing, Inc., as Servicer (the "Servicer"), in connection with the above referenced securitization transaction (the "Trust") and pursuant to the Servicing Agreement, dated as of December 21, 2004 to which the Servicer is a party (the "Servicing Agreement"), hereby certify as follows:

1. Attached hereto is a Report of Independent Registered Public Accounting Firm from KPMG, dated March 10, 2008 (the "Report") that is being delivered to The Bank of New York Mellon, as Trustee for the Trust, in satisfaction of the Servicer's obligations under Section 3.17(b) of the Servicing Agreement;

2. Although the Report does not strictly comply with the terms of Section 3.17(b) of the Servicing Agreement, the information and certifications contained therein satisfy the Servicer's obligation under such Section in all material respects.

IN WITNESS WHEREOF, the undersigned has duly executed this Certificate this 6th day of March, 2009.

By: _____
Name:   David M. Friedman
Title:      President



KPMG LLP
303 East Wacker Drive
Chicago, IL 60601-5212

## Report of Independent Registered Public Accounting Firm

The Board of Directors of American Home Mortgage Servicing, Inc, a subsidiary of American Home Mortgage Investment Corp.:

We have examined the compliance of American Home Mortgage Servicing, Inc. (the "Company"), a subsidiary of American Home Mortgage Investment Corp., with the servicing criteria set forth in Item 1122(d) of the Securities and Exchange Commission's Regulation AB for publicly issued residential mortgage-backed securities issued on or after January 1, 2006 (the Platform), except for servicing criteria 1122(d)(1)(i), 1122(d)(2)(iv), 1122(d)(3)(i)(C), 1122(d)(3)(ii) and 1122(d)(4)(xv), which the Company has determined are not applicable to the activities it performs with respect to the Platform, as of and for the twelve months ended December 31, 2007. Management is responsible for the Company's compliance with those servicing criteria. Our responsibility is to express an opinion on the Company's compliance based on our examination.

Our examination was conducted in accordance with the standards of the Public Company Accounting Oversight Board (United States) and, accordingly, included examining, on a test basis, evidence about the Company's compliance with the servicing criteria specified above and performing such other procedures as we considered necessary in the circumstances. Our examination included testing selected asset-backed transactions and securities that comprise the Platform, testing selected servicing activities related to the Platform, and determining whether the Company processed those selected transactions and performed those selected activities in compliance with the servicing criteria. Furthermore, our procedures were limited to the selected transactions and servicing activities performed by the Company during the period covered by this report. Our procedures were not designed to determine whether errors may have occurred either prior to or subsequent to our tests that may have affected the balances or amounts calculated or reported by the Company during the period covered by this report for the selected transactions or any other transactions. We believe that our examination provides a reasonable basis for our opinion. Our examination does not provide a legal determination on the Company's compliance with the servicing criteria.

As described in the accompanying Management Assertion of Compliance, for servicing criteria 1122(d)(4)(xi), 1122(d)(4)(xii) and 1122(d)(4)(xiii), the Company has engaged various vendors to perform the activities required by these servicing criteria. The Company has determined that none of these vendors is considered a "servicer" as defined in Item 1101(j) of Regulation AB, and the Company has elected to take responsibility for assessing compliance with the servicing criteria applicable to each vendor as permitted by Interpretation 17.06 of the SEC Division of Corporation Finance Manual of Publicly Available Telephone Interpretations ("Interpretation 17.06"). As permitted by Interpretation 17.06, the Company has asserted that it has policies and procedures in place designed to provide reasonable assurance that the vendors' activities comply in all material respects with the servicing criteria applicable to each vendor. The Company is solely responsible for determining that it meets the SEC requirements to apply Interpretation 17.06 for the vendors and related criteria as described in its assertion, and we performed no procedures with respect to the Company's eligibility to apply Interpretation 17.06.



Our examination disclosed the following material noncompliance with servicing criteria 1122(d)(2)(i) and 1122(d)(4)(iii), as applicable to the Company during the twelve months ended December 31, 2007:

- With respect to servicing criterion 1122(d)(2)(i), certain obligor remittances were not deposited into the appropriate custodial bank accounts within two business days of receipt as required by the related transaction agreements.

- With respect to servicing criterion 1122(d)(4)(iii), certain removals from the asset pool were not made within the timeframe required by the related transaction agreements.

In our opinion, except for the material noncompliance described above, the Company complied, in all material respects, with the aforementioned servicing criteria, including servicing criteria 1122(d)(4)(xi), 1122(d)(4)(xii) and 1122(d)(4)(xiii) for which compliance is determined based on Interpretation 17.06 as described above, as of and for the twelve months ended December 31, 2007.

*KPMG LLP*

Chicago, Illinois
March 10, 2008



American Home Mortgage Servicing
4600 Regent Boulevard, Suite 200
Irving, Texas 75063

## Management Assertion of Compliance

Management of American Home Mortgage Servicing, Inc. (the "Company"), a subsidiary of American Home Mortgage Investment Corp., is responsible for assessing compliance with the applicable servicing criteria set forth in Item 1122(d) of Regulation AB of the Securities and Exchange Commission relating to the servicing of publicly issued residential mortgage-backed securities issued on or after January 1, 2006 (the Platform), except for servicing criteria 1122(d)(1)(i), 1122(d)(2)(iv), 1122(d)(3)(i)(C), 1122(d)(3)(ii) and 1122(d)(4)(xv), which the Company has determined are not applicable to the activities it performs with respect to the Platform, as of and for the twelve months ended December 31, 2007.

With respect to servicing criteria 1122(d)(4)(xi), 1122(d)(4)(xii) and 1122(d)(4)(xiii), management has engaged various vendors to perform the activities required by these servicing criteria. The Company's management has determined that none of these vendors is considered a "servicer" as defined in Item 1101(j) of Regulation AB, and the Company's management has elected to take responsibility for assessing compliance with the servicing criteria applicable to each vendor as permitted by Interpretation 17.06 of the SEC Division of Corporation Finance Manual of Publicly Available Telephone Interpretations ("Interpretation 17.06"). Management has policies and procedures in place designed to provide reasonable assurance that the vendors' activities comply in all material respects with the servicing criteria applicable to each vendor. The Company's management is solely responsible for determining that it meets the SEC requirements to apply Interpretation 17.06 for the vendors and related criteria.

The Company's management has assessed the Company's compliance with the applicable servicing criteria as of and for the twelve months ended December 31, 2007. In making this assessment, management used the criteria set forth by the Securities and Exchange Commission in paragraph (d) of Item 1122 of Regulation AB.

Based on such assessment, the Company's management believes that, as of and for the twelve months ended December 31, 2007, the Company has complied in all material respects with the applicable servicing criteria set forth in Item 1122(d) of Regulation AB of the Securities and Exchange Commission relating to the servicing of the Platform, except as described below.

Our assessment of compliance disclosed the following material noncompliance with servicing criteria 1122(d)(2)(i) and 1122(d)(4)(iii), as applicable to the Company during the twelve months ended December 31, 2007:

- With respect to servicing criterion 1122(d)(2)(i), certain obligor remittances were not deposited into the appropriate custodial bank accounts within two business days of receipt as required by the related transaction agreements. Payments on pool assets were not deposited into the appropriate custodial bank accounts within two business days of receipt as specified in the transaction documents for various securitizations serviced by the Company as a result of a unilateral bank decision by JPMorgan Chase Bank, N.A., the depositary bank, to require a fully funded daily payment clearing bank account (called a "prefund status") between August 1, 2007 and December 20, 2007. This requirement added one day of delay to the funds transfer process during that period. The Company believes it is in compliance with the requirements of servicing criterion 1122(d)(2)(i) as of December 20, 2007.

- With respect to servicing criterion 1122(d)(4)(iii), certain removals from the asset pool were not made within the timeframe required by the related transaction agreements. For one of the 75 securitizations the Company serviced during 2007, the pooling and servicing agreement restricted the Company's ability to comply with that document while acting in the best interests of the trust. In particular, the pooling and servicing agreement for the transaction provided that the Company was required to charge-off any loans in the trust that were delinquent for 180 days, but did not provide for the simultaneous transfer of such loans to the depositor (or its designee). In January 2008, the pooling and servicing agreement for the transaction was amended to provide for such simultaneous transfer.

KPMG LLP, a registered public accounting firm, has issued an attestation report with respect to the Company's compliance with the applicable servicing criteria as of and for the twelve months ended December 31, 2007.

The Company filed for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware on August 6, 2007. AH Mortgage Acquisition Co., Inc., an entity formed by Wilbur L. Ross (the "Purchaser"), has entered into an agreement to acquire substantially all of the servicing assets of the Company. On November 15, 2007, the financial closing of the transaction, the Purchaser invested over $500 million in these servicing assets. The Company's management believes that the legal closing of the acquisition will occur during the second quarter of 2008. After the legal closing, the new servicing company will conduct business as AH Mortgage Acquisition Co., Inc. doing business as American Home Mortgage Servicing, Inc.

David M. Friedman
Executive Vice President and Director of Servicing

March 10, 2008