# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :    Jointly Administered
    Debtors.                                                    :
                                                                :    **Ref. Docket No. 7346**
---------------------------------------------------------------- x

## ORDER SUSTAINING DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the thirty-fourth omnibus (non-substantive) objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") reassigning or disallowing and expunging in full each of the Disputed Claims[2] identified on Exhibits A, B, C, D, and E; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained; and it is further

ORDERED that the Debtors shall not object to any claim listed as the "Surviving Claim" to an Amended Claim on the attached Exhibit A on the basis that such Surviving Claim was filed after the applicable bar date, if the corresponding Amended Claim was filed on or before the applicable bar date; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibits A, B, D, E are hereby disallowed and expunged in their entirety; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit C are hereby reassigned to the New Case Numbers listed in Exhibit C; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

ORDERED that the Debtors reserve the right to object to any of the Disputed Claims on any grounds in future omnibus objections to claims; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       June 5, 2009

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2