# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Ref. Docket No. 7347
---------------------------------------------------------------- x

## ORDER SUSTAINING DEBTORS' THIRTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the thirty-fifth omnibus (substantive) objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims[2] identified in Exhibits A, B, C, D, E, F, G, and H hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

ORDERED that the Objection is sustained as modified herein; and it is further

ORDERED that the Objection is adjourned with respect to the proofs of claim filed by Lee County Tax Collector [POC No. 10582], State of New Jersey [POC No. 9657], Bexar County [POC No. 10657], Coppell ISD [POC Nos. 10449 and 10677], Dallas County [POC Nos. 10448 and 10676], Harris County [POC Nos. 10590 and 10660], Nueces County [POC No. 10649], Tarrant County [POC Nos. 10450 and 10690], EMC Corporation [POC No. 10127], and Jennifer Luke [POC No. 8640]; and it is further

ORDERED that the Objection is withdrawn without prejudice solely with respect to the proof of claim filed by Tennessee Department of Revenue [POC No. 10600]; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit A and G are hereby disallowed and expunged in their entirety; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit B are hereby modified by reducing or fixing the amounts of such claims to the dollar values listed under the column titled "Modified Amount" in Exhibit B; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit C are hereby reclassified to the priority levels indicated in the column titled "Reclassified Amount" in Exhibit C; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit D are hereby (i) modified by reducing or fixing the amounts to the dollar values listed under the column titled

"Modified Amount" in Exhibit D, and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in Exhibit D; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit E are hereby (i) modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit E, and (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit E; and it is further

ORDERED that, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rules 3003 and 3007, the Disputed Claims identified on the attached Exhibit F are hereby (i) modified by reducing or fixing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit F, (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit F, and (iii) reassigned to the new case numbers listed in the column titled "New Case Number" in Exhibit F; and it is further

ORDERED that, pursuant to section 510 of the Bankruptcy Code and the terms of the Plan, the Equity Fraud Claims identified on the attached Exhibit H are Subordinated Claims (as that term is defined in the Plan) and are therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan; and it is further

ORDERED that Claim 10696 is hereby disallowed and expunged in full; and it is further

ORDERED the amount of Claim 10693 is hereby reduced to $303,220.98 unsecured priority and $3,193.35 general unsecured; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to claims filed in these chapter 11 cases; and it is further

ORDERED that the Debtors reserve the right to object to any of the Disputed Claims on any grounds in future omnibus objections to claims; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
June 5, 2009

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE