IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| *In re:*<br><br>American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.,*<br><br>Debtors. | Chapter 11<br>Case No. 07-11047(CSS)<br>Jointly Administered<br>**Date of Hearing: July 2, 2009 at 10:00 a.m..**<br>**Objection Deadline: TBD** |
|---|---|

## NOTICE OF MOTION

PLEASE TAKE NOTICE that James D. Rucker hereby presents his Motion to Compel the Debtor to Cancel the Foreclosure Sale that the Debtor has Scheduled for July 8, 2009 in California (the "Motion").

If you oppose the Motion or if you want the court to consider your views regarding the Motion, you must file a written response with the Bankruptcy Court, 824 Market Street, Wilmington, DE 19801 detailing your objection or response by the objection deadline. You must also serve a copy of your response upon the following:

Charles C. Brown, III (#3368)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: (302) 777-4350/Fax: (302) 777-4352
(cbrown@archerlaw.com)

**THE HEARING IS SCHEDULED FOR JULY 2, 2009 AT 10:00 A.M. IN COURTROOM 6, ON THE 5TH FLOOR OF THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.**

IF YOU DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY GRANT OR OTHERWISE DISPOSE OF THE MOTION BEFORE THE SCHEDULED HEARING DATE.

ARCHER & GREINER, P.C.

Dated: June 29, 2009

By: */S/ Charles J. Brown, III*

Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Counsel to James D. Rucker*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047(CSS)<br>Jointly Administered |

**MOTION OF JAMES D. RUCKER TO CANCEL THE FORECLOSURE SALE THAT THE DEBTOR HAS SCHEDULED FOR JULY 8, 2009 IN CALIFORNIA**

James D. Rucker ("Rucker") by and through his undersigned counsel hereby files this Motion of James D. Rucker to Cancel a Foreclosure Sale that the Debtor has scheduled for July 8, 2009 in California of Rucker's property, and in support thereof, states the following:

1. Prior to the Debtor's bankruptcy filing, Rucker applied for and obtained a construction loan to construct a new residence for himself and his family.

2. Rucker had the opportunity to go with a different lender and indeed another lender had approved his loan application.

3. The Debtor approved Rucker's loan just prior to its bankruptcy filing.

4. The Debtor ceased funding the construction loan to Rucker. The decision to stop funding the loan was a breach of the Debtor's obligations to Rucker.

5. As a result of the Debtor's breach of its agreement with Rucker, Rucker was not able to complete construction and numerous mechanic's liens have been filed against Rucker's property. Rucker was serving as the general contractor for the construction of his residence so the mechanic's lien claims have not only subjected his property to various lien claims but Rucker himself has had personal judgments entered against him.

6. As a result of the judgments and liens that have been entered against Rucker and his property, Rucker was not able to obtain substitute financing and move forward with the construction of his residence.

7. Following the Debtor's breach of its obligations to Rucker, Rucker timely filed a proof of claim against the Debtor alleging a secured claim of approximately $3.3 million.

8. The Debtor has filed an objection to Rucker's proof of claim and Rucker has filed a response to the Debtor's claim objection. The Court has not yet ruled on the objection to Rucker's claim.

9. Ultimately Rucker as a direct and proximate result of the Debtor's refusal to fund his loan, Rucker was himself forced to file bankruptcy, on or about January 29, 2009.

10. On or about April 1, 2009, Rucker received notice, in the violation of the automatic that the Rucker bankruptcy imposed, that foreclosure proceedings had been instituted against the Property.

11. The amount that the Debtor claims it is owed from Rucker under the loan that it failed to fund is approximately $600,000.00. Rucker believes that he has setoff and/or recoupment claims against the Debtor that greatly exceed the amount that the Debtor claims Rucker is owed.

12. As a result of the Debtor's decision to stop funding the Rucker construction loan, construction stopped and a partially constructed building has been exposed to the elements for more than a year such that the structure has mold as well as other problems.

13. While the objection to Rucker's claim has been pending, the Debtor contacted Rucker directly and suggested that Rucker pay the sum of $250,000 in satisfaction of the Debtor's claim against Rucker.

14. The Debtor noticed up the claim objection that they had filed against Rucker's claim as going forward on May 15, 2009. Prior to the May 15, 2009 hearing, Rucker provided the Debtor with a significant number of documents in support of his claim and Rucker's counsel spent considerable time preparing for a contesting hearing on May 15, 2009 to address the Debtor's claim objection. Rucker traveled from the West Coast to Delaware and was present and prepared to defend his claim to this Court.

15. After having Rucker travel to Delaware and having his counsel prepare for a contested hearing, at the court house, the Debtor suggested that the claim objection be continued and indicated a willingness to discuss settling the parties' respective claims against each other through a modification of the loan.

16. Rucker agreed to the continuance in large part because the Rucker family has a significant emotional investment in the property that was to be their family home. Indeed, while Rucker was traveling to the East Coast his 11 year old daughter told him that she was praying that the family would be able to keep and ultimately complete their house.

17. The May 15, 2009 hearing was on a Friday and on or about May 18, 2009, Rucker did convey an offer to Debtor in the form of a loan modification. Without getting into the specifics of the offer, the offer did involve a principal reduction in the loan, that Rucker pay interest at or near market rates and that the modified loan have a balloon provision such the loan would have to be paid in full prior to the Debtor making a final disbursement. The Debtor has not

provided a counter offer to Rucker's offer. The Debtor did contact Rucker about entering into a stipulation to address certain procedural concerns that the Debtor had. Rucker responded with some suggested changes and the Debtor asked Rucker to draft the additional provisions that Rucker wanted into the stipulation.

18. Prior to getting the stipulation formalized and with no counter offer to his proposed loan modification, Rucker received notice that his home was again scheduled for a foreclosure sale in California.

19. Rucker requested that the Debtor continue the foreclosure sale and to date the Debtor has refused to do so taking the position that the damages that Rucker suffered as a result of the Debtor's breach is to obtain substitute financing while largely ignoring the fact by failing to fund Rucker was himself forced into bankruptcy and is extremely limited in his ability to get financing of any sort.

20. If Rucker's property were to be sold at foreclosure, Rucker's damages would likely meet or exceed the price that would obtained at a sheriff sale. After all, Rucker's property is an incomplete structure located in a real estate market that has been devastated. Rucker has recoupment rights against the Debtor and believe that those recoupment rights would attach to the sale proceeds of a foreclosure sale such that proceeding forward with a foreclosure sale would generate little or no benefit to the Debtor while Rucker has made a proposal that would provide significant value to the Debtor.

21. It is outrageous for the Debtor to schedule a hearing in Delaware, continue that hearing after Rucker traveled across the country to appear at the hearing and was prepared to prosecute his claim before this Court, inform Rucker that the Debtor would consider a modification

of his loan to induce him to agree to the continuance and then schedule a foreclosure sale in California a month later without providing a counteroffer to his settlement proposal.

**WHEREFORE,** James D. Rucker respectfully requests that this Court enter an Order compelling the Debtor to cancel the foreclosure sale pending in California and grant Rucker such other relief as is just and proper.

Dated: June 19, 2009

Respectfully submitted,
ARCHER & GREINER, P.C.

*/s/ Charles J. Brown, III*
Charles J. Brown, III, Esq. (#3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Phone: 302.777.4350 / Fax: 302.777.4352
cbrown@archerlaw.com

*Attorneys for James D. Rucker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served upon all parties requesting notice via CM/ECF and via email upon the following:

Curtis Crowther, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391

Dated: June 19, 2009

*/s/ Charles J. Brown, III*
Charles J. Brown, III (#3368)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

*In re:*

American Home Mortgage Holdings, Inc, a Delaware Corporation, *et al.*,

Debtors.

Chapter 11
Case No. 07-11047(CSS)
Jointly Administered

**ORDER**

IT IS HEREBY ORDERED AND DECREED that the Motion of James D. Rucker to Compel the Debtor to Cancel the Sheriff Sale that the Debtor has scheduled for July 8, 2009 in Californian is GRANTED and the Debtor is hereby ORDERED to cancel the foreclosure sale of Rucker's property until such time as this Court orders otherwise.

Dated:____________________

______________________________
UNITED STATES BANKRUPTCY JUDGE

3970732v1