# Exhibit A

**Supplemental Order Amending Confirmation Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket No. 6626, 6942, 6965, 7029 & 7042 |

### SUPPLEMENTAL ORDER AMENDING THE ORDER CONFIRMING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED FEBRUARY 18, 2009

On the Court's own motion after further consideration of the Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors, dated as of February 18, 2009 [D.I. 7042] (the "Confirmation Order"),[2] and for the reasons set forth on the record at the June 5, 2009, hearing in these chapter 11 cases, it is hereby

**ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.  Amendment to Confirmation Order. Paragraph 47 of the Confirmation Order is hereby amended to read as follows:

> Bar Date for Professional Claims. This paragraph is subject to the Order Directing Appointment of Fee Examiner [D.I. 7047] entered by the Court on February 24, 2009, and the Order Appointing Fee Examiner and Establishing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Procedures for the Review of Professional Claims [D.I. 7218] entered by the Court on April 1, 2009. All Professionals or other Persons requesting compensation or reimbursement of expenses pursuant to any of §§ 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered on or before the Confirmation Date (including, *inter alia*, any compensation requested by any Professional or any other Person for making a substantial contribution in the Chapter 11 Cases) shall File and serve on counsel for the Debtors or the Plan Trustee (as applicable), counsel for the Creditors Committee or the Plan Oversight Committee (as applicable), and the Fee Examiner an application for final allowance of compensation and reimbursement of expenses accruing from the Petition Date to the Effective Date, no later than (a) sixty (60) days after a notice of the Effective Date is filed with the Bankruptcy Court and served, or (b) such later date as the Bankruptcy Court shall order upon application made prior to the end of such 60-day period (the later of (a) and (b), the "Professional Claims Bar Date"). Objections to Professional Claims or Claims of other Persons for compensation or reimbursement of expenses must be Filed and served on counsel for the Debtors or the Plan Trustee (as applicable), counsel for the Creditors Committee or the Plan Oversight Committee (as applicable), the Fee Examiner, and the Professionals or other Persons to whose application the objections are addressed on or before (a) forty-five (45) days after the Professional Claims Bar Date or (b) such later date as (i) the Bankruptcy Court shall order upon application made prior to the end of such 45-day period or (ii) is agreed between the Debtors, the Plan Trustee, or the Fee Examiner, as applicable, and the affected Professional or other Person. Any professional fees incurred by the Plan Trustee or the Plan Oversight Committee subsequent to the Effective Date may be paid by the Plan Trust without application to or Order of the Bankruptcy Court. The costs of the Plan Trust, including without limitation, the fees and expenses of the Plan Trustee and any Professionals retained by the Plan Trustee, shall be borne entirely by the Plan Trust.Mortgage Loans Remain Subject to Certain Claims and Defenses.

2. <u>Effectiveness; Ratification of Confirmation Order</u>. This Order shall be effective immediately, *nunc pro tunc* to the Confirmation Date. Except as modified by this Order, the Confirmation Order is hereby ratified in its entirety, effective as of the Confirmation Date.

Dated: _____, 2009
      Wilmington, Delaware

                                              _____
                                              Christopher S. Sontchi
                                              United States Bankruptcy Judge