# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
Debtors.                                                         :
---------------------------------------------------------------- x

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1. I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims," "Modified Amount Claims," "Reclassified Claims," "Reclassified Wrong Debtors Claim," and "Modified Amount Wrong Debtor Claim," as defined in the Objection and identified on Exhibits A, B, C, D, and E to the Proposed Order, respectively.

3. The information contained in Exhibits A, B, C, D, and E to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed their books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

5. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit B to the Proposed order should be modified to the amounts listed in Exhibit B. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in part the Modified Amount Claims.

6. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit C to the Proposed Order should be reclassified to different priority levels as indicated in Exhibit C. Accordingly, to prevent these claims from receiving undue priority, the Debtors seek to reclassify the Reclassified Claims.

7. The Debtors have reviewed their books and records and determined that the claim identified in Exhibit D to the Proposed Order should be reclassified to a different priority level, as indicated in Exhibit D, and reassigned to a different case number. Accordingly, to prevent the claim from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to reclassify and reassign the Reclassified Wrong Debtors Claim.

8.  The Debtors have reviewed their books and records and determined that the claim identified in <u>Exhibit E</u> to the Proposed Order should be modified to the amount listed in <u>Exhibit E</u> and reassigned to the new case number listed in <u>Exhibit E</u>. Accordingly, to prevent the claimant from receiving an unwarranted recovery against the wrong Debtor, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Wrong Debtor Claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 9, 2009

*Eileen Wanerka*
Eileen Wanerka
Assistant Vice President

# EXHIBIT II

**Certification of Counsel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   : Jointly Administered
        Debtors.                                                   :
                                                                   : Response Deadline: August 4, 2009 at 4:00 p.m. (ET)
                                                                   : Hearing Date: August 11, 2009 at 10:30 a.m. (ET)
------------------------------------------------------------------ x

**DEBTORS' CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

In connection with the Thirty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), the Debtors undersigned counsel hereby certifies that the Objection complies with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. With respect to the claim of McKeirnan (claim number 1892), the Debtor refunded the claimed amount less the cost of a flood certificate ($19.00) paid by the Debtor on behalf of the borrower-claimant. With respect to the claim of Arthurs (claim number 492), the borrower successfully negotiated a loan reduction with the Debtor and is thus not entitled to any refund of the loan modification fee paid by the borrower to the Debtor to obtain the reduction. The Debtors respectfully submit that (i) the

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

above-mentioned borrowers have no extant claims against the Debtors; and (ii) the Debtors are not required to contact or make any offer to the above-mentioned borrowers. With respect to the claim of Lussier (claim number 351), the borrower is not entitled to priority under the Bankruptcy Code, and her claim is asserted against the wrong Debtor. The Debtors have therefore requested that her claim be reassigned a new case number and reclassified to reflect the proper priority level. The Debtors respectfully submit that because the objection to Ms. Lussier's claim does not seek to diminish the amount of the claim asserted and will not result in a final resolution of the claim, they are not required to contact the borrower or make an offer of settlement prior to objecting on these grounds. Furthermore, the Debtors have served the Objection, along with a notice that apprises the claimant of her right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances, on the above-mentioned borrower-claimants. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Debtors will make reasonable efforts to notify the above-mentioned borrower-claimants as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: July 10, 2009
       Wilmington Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Margaret Whiteman Greecher
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Alex D. Thaler (No. 5279)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession