# EXHIBIT III

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x
In re:                                                                    : Chapter 11
                                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                    : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                        :
                                                                          : Jointly Administered
        Debtors.                                                          :
                                                                          : Ref. Docket No. _____
------------------------------------------------------------------------- x

## ORDER SUSTAINING DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Thirty-Ninth omnibus (substantive) objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") reassigning or disallowing and expunging in full each of the Disputed Claims[2] identified on Exhibits A, B, C, D, and E; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained; and it is further

ORDERED that the Disputed Claims identified on the attached <u>Exhibit A</u> are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claims identified on the attached <u>Exhibit B</u> are hereby modified to the dollar values listed under the column titled "Modified Amount" in <u>Exhibit B</u>; and it is further

ORDERED that the Disputed Claims identified on the attached <u>Exhibit C</u> are hereby reclassified to the priority levels indicated in the column titled "Reclassified Amount" in set forth in <u>Exhibit C</u>; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit D</u> is hereby (i) reclassified to the priority level indicated in the column titled "Modified Amount"; and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in <u>Exhibit D</u>; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit E</u> is hereby (i) modified to the dollar values under the column titled "Modified Amount"; and (ii) reassigned to the case numbers listed under the column titled "New Case Number" in <u>Exhibit E</u>; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

ORDERED that the Debtors reserve the right to object to any of the Disputed Claims on any grounds in future omnibus objections to claims; and it is further

2

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      August ___, 2009

                                                    _____
                                                    CHRISTOPHER S. SONTCHI
                                                    UNITED STATES BANKRUPTCY JUDGE

2

DB02:8392209.2　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　066585.1001

# EXHIBIT A

## Exhibit A
## No Liability Claims

### Objectionable Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | | Comments |
|---|---|---|---|---|---|---|
| ADKINS, THOMAS E. JR.<br>8298 WOODGROVE RD<br>JACKSONVILLE, FL 32256 | 1316 | 9/28/07 | No Case | -<br>-<br>$41,666.67<br>-<br>$41,666.67 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to 'Monthly Performance Incentive Bonus' under employee's contract. However, employee contract provides that, "To earn and receive payment of the Monthly Performance Incentive Bonus the Executive must be employed with the Company as of the scheduled payment date." The employee was not employed on the scheduled payment date and, thus, no amounts are owing. |
| ARTHURS, STEPHANIE<br>316 SILVER CLIFF DR<br>MOUNT HOLLY, NC 28120 | 492 | 9/10/07 | No Case | -<br>-<br>$560.00<br>-<br>$560.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim is for refund of a Loan Modification Fee claimant says was not completed. The Loan Modification was completed. It was signed by the borrower on 5/18/07 and recorded on 6/4/07 in Mecklenburg County. Debtor sent an e-mail to the borrower letting them know that we would be objecting to the claim and we did not receive a response. |
| CRAWFORD, CHARLOTTE<br>4601 LIPO LANE<br>HOUSTON, TX 77092 | 8685 | 1/11/08 | No Case | $324,202.00<br>-<br>-<br>-<br>$324,202.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claimant asserts claim arising from a loan obtained from the Debtors. The Debtors made a reasonable settlement offer to the claimant pursuant to the Debtors' confirmed Plan and the claimant agreed to release the claim and pay the Debtors $42,500.00 in satisfaction of the claimant's loan. |
| CRITES, TERRI E<br>6449 LAKEVIEW DRIVE<br>NINE MILE FALLS, WA 99026 | 3007 | 11/23/07 | No Case | -<br>-<br>$26,648.66<br>-<br>$26,648.66 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to 'Carry-over Contingent Compensation Bonus' for March 2008 and March 2009 under employee's contract. However, employee contract (attached to claim) provides that, "[t]o earn and be eligible to receive either installment of the Carry-over Contingent Compensation Bonus, the Employee must be employed on the payment date." The employee was terminated prior to March 2008 and, thus, no amounts are owing. |
| DELBRIDGE, JEFFREY W.<br>19409 NE 227TH CT<br>BRUSH PRAIRIE, WA 98606 | 8644 | 1/11/08 | No Case | -<br>-<br>$39,367.29<br>-<br>$39,367.29 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claimant asserts claim arising from a loan obtained from the Debtors. The Debtors made a reasonable settlement offer to the claimant pursuant to the Debtors' confirmed Plan and the claimant agreed to release the claim and pay the Debtors $100,000.00 in satisfaction of the claimant's loan. |
| ENNIS, WARREN J (JOE)<br>14555 RIVER OAKS DRIVE<br>COLORADO SPRINGS, CO 80921 | 3169 | 11/23/07 | 07-11051 | -<br>-<br>$1,616.85<br>-<br>$1,616.85 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claimant is a former employee of the Debtor and was terminated on 8/3/07. Claim is for unpaid medical bills for dates of service 8/21/07 and 8/22/07. Insurance coverage ended on the termination date of 8/3/07 and claimant did not elect to take COBRA to continue coverage. |

## Objectionable Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | | Comments |
|---|---|---|---|---|---|---|
| FARNAN, WILLIAM P<br>122 KNOLL WAY<br>JUPITER, FL 33477 | 3940 | 11/30/07 | No Case | -<br>-<br>$3,180.00<br>-<br>$3,180.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to unpaid expenses and override bonus. There are no outstanding expense reports as per debtors' books and records. Employee contract provides that "The Employee shall not be entitled to any bonus payments hereunder if the Employee is not employed by the Company on the bonus payment date." The employee was not employed on the bonus payment date and, thus, no amounts are owing. |
| KERR, KEVIN<br>1614 MYRTLEWOOD ST.<br>COSTA MESA, CA 92626 | 1639 | 10/16/07 | 07-11047 | -<br>-<br>$10,950.00<br>$49,994.44<br>$60,944.44 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to unpaid commissions and override bonuses. Employee was paid July commissions in their paycheck dated 8/7/07. Employee contract provides that "the Executive shall not earn or be entitled to receive any unpaid bonuses if the Executive is no longer employed by the Company as of the scheduled payment date." The employee was not employed on the scheduled payment dates and, thus, no amounts are owing. |
| LALIME, KATHERINE<br>4040 8TH PL<br>VERO BEACH, FL 32960 | 2316 | 11/16/07 | No Case | -<br>-<br>$5,500.00<br>-<br>$5,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to unpaid expenses, commissions and override bonuses. There are no outstanding expense reports as per the debtors' books and records. Employee was paid July commissions in her paycheck dated 8/7/07. Employee's contract provides that "the Employee shall not be entitled to any bonus payment if he or she is not employed by the Company on the bonus payment date." The employee was not employed on the bonus payment date and, thus, no amounts are owing. |
| LARSEN, LINDA<br>16252 TREASURE COVE<br>BULLARD, TX 75757 | 7333 | 1/7/08 | 07-11051 | -<br>-<br>$10,950.00<br>$7,767.51<br>$18,717.51 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Employee was retained post bankruptcy and signed a claim waiver. (SVP) |
| MATTHEWS, GEORGE T<br>41986 KUDU CT<br>ALDIE, VA 20105 | 7565 | 1/7/08 | 07-11051 | -<br>-<br>$10,000.00<br>-<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to 'Recoverable Minimum Compensation' under employee's contract. However, employee contract (attached to claim) provides that, "The Executive must be employed by the Company on the scheduled payment date." The employee was not employed on the scheduled payment date and, thus, no amounts are owing. |
| MCCONKEY, MILTON G<br>9325 BAKER STREET<br>OWINGS, MD 20736 | 10219 | 4/16/08 | 07-11051 | -<br>-<br>$666.41<br>-<br>$666.41 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to escrowed funds at time of settlement. The Debtors' records reflect that all funds were appropriately transferred to Countrywide upon sale of loan. Accordingly, to the extent that funds were misapplied, such claim is against Countrywide, a non-debtor third party. Debtors contacted claimant, but did not receive a response. |

## Objectionable Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | | Comments |
|---|---|---|---|---|---|---|
| MCKEIRNAN, BRYCE & KIMBERLY<br>5111 S REGAL # 35<br>SPOKANE, WA 99223 | 1892 | 11/5/07 | 07-11051 | -<br>-<br>$458.25<br>-<br>$458.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Claim relates to a loan deposit in the amount of $458.25. Debtor satisfied $439.25 and has no liability for the balance. The difference of $19.00 was for a flood certificate that was paid by Debtor, on claimant's behalf, to a third party vendor. |
| N.Y. STATE DEPT. OF TAXATION AND FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY 12205-0300 | 10704 | 4/20/09 | 07-11051 | -<br>-<br>$307,048.49<br>$3,193.35<br>$310,241.84 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Debtors objected to claim 10693 in their 35th Omnibus Objection and obtained a reduction of their liability for the claim. Claim 10704 restates a claim for the reduced amount and is thus duplicative of Debtor's extant liability under claim 10693. |
| Totals: | 14 Claims | | | $324,202.00<br>-<br>$392,596.67<br>$126,971.25<br>$843,769.92 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT B

**Exhibit B**

**Modified Amount Claims**

## Objectionable Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| LONG ISLAND LIGHTING COMPANY DBA LIPA<br>ELISA M PUGLIESE, ESQ<br>175 E OLD COUNTRY RD<br>HICKSVILLE, NY 11801 | 4436 | 12/4/07 | 07-11051 | - (S)<br>$25,951.65 (A)<br>- (P)<br>- (U)<br>$25,951.65 (T) | - (S)<br>$25,233.50 (A)<br>- (P)<br>- (U)<br>- (T) | Modified to reflect Debtors' March 21, 2008 payment of two of the bills referenced in the claim. |
| NETWORK TELEPHONE CORPORATION<br>DBA CAVALIER TELEPHONE<br>C/O R LEE GRANT JR<br>2134 W LABURNUN AVE<br>RICHMOND, VA 23227 | 10495 | 9/5/08 | 07-11051 | - (S)<br>$4,655.52 (A)<br>- (P)<br>- (U)<br>$4,655.52 (T) | - (S)<br>$957.32 (A)<br>- (P)<br>- (U)<br>- (T) | Modified to reflect (i) post-petition payment made by Debtor, and (ii) prorated amount due for services rendered in October and a portion of November. |
| **Totals:** | 2 Claims | | | - (S)<br>$30,607.17 (A)<br>- (P)<br>- (U)<br>$30,607.17 (T) | - (S)<br>$26,190.82 (A)<br>- (P)<br>- (U)<br>- (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

DB02:8392209.2

066585.1001

# Exhibit C

## Reclassified Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Reclassified Amount | Comments |
|---|---|---|---|---|---|---|
| COLE COUNTY, MISSOURI<br>ATTN LARRY VINCENT, COLLECTOR<br>311 E. HIGH ST.<br>ROOM 100<br>JEFFERSON CITY, MO 65101 | 2462 | 11/16/07 | 07-11051 | - (S)<br>- (A)<br>$84.52 (P)<br>$84.52 (U)<br>$84.52 (T) | - (S)<br>- (A)<br>$84.52 (P)<br>- (U)<br>$84.52 (T) | Claimed personal property tax which is unsecured priority. Claimant wrote the amount in the blank for unsecured nonpriority claims but checked off unsecured priority on proof of claim. |
| ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>100 W RANDOLPH ST #7-400<br>CHICAGO, IL 60601 | 10259 | 4/21/08 | 07-11051 | - (S)<br>$146.69 (A)<br>- (P)<br>- (U)<br>$146.69 (T) | - (S)<br>- (A)<br>$104.69 (P)<br>$42.00 (U)<br>$146.69 (T) | Period of tax is identified as August 2007, and the Debtors believe the amounts identified relate to prepetition taxes. Accordingly, the Debtors have reclassified the amounts to priority and unsecured nonpriority consistent with the Bankruptcy Code. |
| Totals: | 2 Claims | | | - (S)<br>$146.69 (A)<br>$84.52 (P)<br>$84.52 (U)<br>$231.21 (T) | - (S)<br>- (A)<br>$189.21 (P)<br>$42.00 (U)<br>$231.21 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

# Exhibit D

## Reclassified Wrong Debtor Claim

| Name/Address of Claimant | Objectionable Claim | | | | | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | | |
| LUSSIER, TRACY<br>4 OLD SUNDERLAND RD<br>MONTAGUE, MA 01351 | 351 | 9/6/07 | No Case | - (S)<br>- (A)<br>$15,742.00 (P)<br>- (U)<br>$15,742.00 (T) | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$15,742.00 (U)<br>$15,742.00 (T) | Claim is not entitled to priority under section 507 of the Bankruptcy Code. Section 507(a)(7) is inapplicable because claim does not relate to a deposit made with the Debtors. |
| Totals: | 1 Claim | | | - (S)<br>- (A)<br>$15,742.00 (P)<br>- (U)<br>$15,742.00 (T) | | - (S)<br>- (A)<br>- (P)<br>$15,742.00 (U)<br>$15,742.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT E

# Exhibit E

## Modified Amount Wrong Debtor Claim

| Name/Address of Claimant | Objectionable Claim |  |  |  | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
|  | Claim Number | Date Filed | Case Number | Total Amount Claimed |  |  |  |
| OAKLAND COUNTY TREASURER<br>ATTN DIANE L ROARK, DEPUTY TREASURER<br>1200 N TELEGRAPH<br>PONTIAC, MI 48341 | 1078 | 9/12/07 | 07-11047 | $45,473.15 (S)<br>- (A)<br>- (P)<br>- (U)<br>$45,473.15 (T) | 07-11051 | $171.66 (S)<br>- (A)<br>- (P)<br>- (U)<br>$171.66 (T) | Modified to match the Debtors' books and records for the outstanding 2007 personal property taxes. All other taxes have been paid. |
| **Totals:** | 1 Claim |  |  | $45,473.15 (S)<br>- (A)<br>- (P)<br>- (U)<br>$45,473.15 (T) |  | $171.66 (S)<br>- (A)<br>- (P)<br>- (U)<br>$171.66 (T) |  |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.