IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                 :
                                                :   Jointly Administered
                    Debtors.                    :
                                                :   Ref. Docket No.: ___
                                                :
------------------------------------------------------------- x
```

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) AUTHORIZING AND APPROVING STIPULATION BETWEEN (I) AMERICAN HOME MORTGAGE CORP., (II) AMERICAN HOME MORTGAGE HOLDINGS, INC., (III) AHM SPV II, LLC, AND (IV) BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING ALL CLAIMS AND DISPUTES RELATING TO THE BROADHOLLOW PROPERTY

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the *Stipulation Between (I) American Home Mortgage Corp., (II) American Home Mortgage Holdings, Inc., (III) AHM SPV II, LLC, and (IV) Bank of America National Association, Successor by Merger to LaSalle Bank National Association, as Trustee, Resolving all Claims and Disputes Relating to the Broadhollow Property*, attached hereto as Exhibit A (the "Stipulation")[1]; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this proceeding is a core proceeding under 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

given under the circumstances; and after due deliberation and cause appearing therefor, it is hereby

ORDERED, that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation attached hereto as <u>Exhibit A</u> is hereby APPROVED; and it is further

ORDERED that the Parties are hereby authorized to take all actions and execute all documents or instruments necessary to carry out the provisions of the Stipulation; and it is further

ORDERED that the automatic stay imposed by section 362(a) is hereby modified to the extent necessary to permit the Parties to carry out the provisions of the Stipulation; and it is further

ORDERED that, notwithstanding the 10-day stay provided in Bankruptcy Rule 6004(h), this Order shall become effective immediately upon entry by this Court; and it is further

ORDERED that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____ ___, 2009

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**The Stipulation**

**ORIGINAL**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------  x
In re:                                            :   Chapter 11
                                                  :
AMERICAN HOME MORTGAGE                            :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,¹  :
                                                  :   Jointly Administered
                           Debtors.               :
------------------------------------------------------------------  x
```

**STIPULATION BETWEEN (I) AMERICAN HOME MORTGAGE CORP.,
(II) AMERICAN HOME MORTGAGE HOLDINGS, INC., (III) AHM SPV II, LLC, AND
(IV) BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER
TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING ALL
CLAIMS AND DISPUTES RELATING TO THE BROADHOLLOW PROPERTY**

This stipulation (the "Stipulation") is entered into by and among debtors

American Home Mortgage Corp. ("AHM Corp") and American Home Mortgage Holdings, Inc.

("AHM Holdings" and, collectively with AHM Corp, the "Debtor Parties"), AHM SPV, II (the

"SPV"), and Bank of America National Association, successor by merger to LaSalle Bank

National Association (the "Trustee"), as Trustee for the Registered Holders of J.P. Morgan Chase

Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series

2004-PNC1 (the "Trust"), by and through their undersigned representatives.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

**WHEREAS**, the SPV is a Delaware limited liability company wholly owned by AHM Corp;

**WHEREAS**, in November 2003, the SPV undertook a series of transactions to acquire ownership of certain real property located at 538 Broadhollow Road, Melville, New York (the "Broadhollow Property") for the approximate amount of $26.5 million;

**WHEREAS**, contemporaneously with the acquisition of the Broadhollow Property, the SPV (i) sold the property to the Suffolk County Industrial Development Authority (the "IDA"), (ii) leased the property from the IDA pursuant to that certain Lease Agreement dated November 1, 2003 (the "Master Lease") for a term ending on January 31, 2015, and (iii) subleased the property to AHM Corp pursuant to that certain Agreement of Lease dated November 24, 2003 (the "Sublease");

**WHEREAS**, the Trust holds a first mortgage (the "Mortgage") on the Broadhollow Property;

**WHEREAS**, pursuant to the Mortgage, the IDA and the SPV pledged their respective interests in the Broadhollow Property to JP Morgan Chase Bank ("JP Morgan");

**WHEREAS**, JP Morgan assigned the Mortgage, the underlying note (the "Note") and all related loan documents (collectively, with the Note and the Mortgage, the "Loan Documents") to the Trust;

**WHEREAS**, the Loan Documents include that certain guarantee of AHM Holdings with respect to the payment and performance of certain obligations of SPV as set forth in that certain guaranty dated November 25, 2003 in favor of JP Morgan (the "Guaranty");

066585.1001

WHEREAS, part of the collateral pledged as part of the Loan Documents is the rents from the Broadhollow Property;

WHEREAS, the SPV, AHM Corp and the IDA are parties to that certain Payment-In-Lieu-Of-Tax Agreement dated November 1, 2003 (the "PILOT Agreement") which provided for the payment of certain taxes and assessments with respect to the Broadhollow Property jointly and severally by the SPV and AHM Corp, notwithstanding the tax-exempt status of the IDA as the owner of record of the Broadhollow Property.

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtor Parties and certain of their affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, since the Petition Date, AHM Corp has continued to occupy a portion of the Broadhollow Property;

WHEREAS, on February 23, 2009 (the "Plan Confirmation Date"), the Bankruptcy Court entered an order (the "Plan Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan");

WHEREAS, the Plan provides that executory contracts and unexpired leases not assumed prior or pursuant to the Plan (including, without limitation, the Sublease and the PILOT Agreement), will be rejected on the effective date of the Plan (the "Plan Effective Date"), *nunc pro tunc* to the Plan Confirmation Date;

WHEREAS, AHM Corp stopped paying rent to the SPV as of November 2008 and has not paid thereafter, and the Trustee asserts that the SPV has a valid, enforceable

3

administrative expense claim against AHM Corp for post-petition rent (the "Administrative Rent Claim");

        WHEREAS, AHM Corp asserts a right to set off any Administrative Rent Claim against certain inter-company receivables from the SPV to AHM Corp (the "Setoff Claims");

        WHEREAS, the SPV has not made the payments due under the Loan Documents from November 2008 and thereafter;

        WHEREAS, the SPV is not in bankruptcy;

        WHEREAS, the Trustee intends to bring a foreclosure action (the "Foreclosure Action") against, among others, AHM Corp, the SPV, and the IDA, with respect to the Broadhollow Property;

        WHEREAS, AHM Corp has determined, in its business judgment, that the interests of its estate and creditors would be served by AHM Corp's remaining in the Broadhollow Property while it liquidates its remaining assets and administers its estate pursuant to the Plan;

        WHEREAS, the Debtor Parties, the SPV, and the Trustee (each a "Party" and collectively, the "Parties") desire to avoid costly litigation concerning the Administrative Rent Claim, the Setoff Claims, and the Guaranty Claim, and believe that AHM Corp's continued occupation of a portion of the Broadhollow Property and cooperation in a marketing and sale process would be beneficial for all the Parties;

        WHEREAS, to these ends, the Parties have engaged in good-faith settlement negotiations to attempt to reconcile their positions and, as a result of such negotiations, have reached an agreement, subject to the terms and conditions set forth herein, which each believes

4

represents a fair and reasonable compromise in light of the costs, uncertainties, and risks attendant to litigation;

### STIPULATION

NOW, THEREFORE, in consideration of the foregoing and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby stipulate, consent and agree as follows:

1.    **Effectiveness.** As soon as practicable after this Stipulation has been executed by each of the Parties, the Debtor Parties shall file with the Bankruptcy Court a motion for an order (i) approving this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019, (ii) authorizing AHM Corp to enter into the License Agreement (as hereinafter defined) on the terms and conditions set forth below, and (iii) waiving the 10-day stay provided in Federal Rule of Bankruptcy Procedure 6004(h).  This Stipulation shall become effective upon entry of an order by the Bankruptcy Court approving this Stipulation (the "Stipulation Approval Order").  In the event the Stipulation Approval Order is not entered within 30 days after the date this Stipulation is executed by all the Parties, this Stipulation shall be null and void, unless extended by agreement of the Parties in writing.

2.    **Termination of Sublease.**  Subject to the entry of the Stipulation Approval Order, AHM Corp and the SPV, with the consent of the Trustee, agree that the Sublease shall be deemed rejected and terminated effective as of 11:59 p.m. (ET) on March 31, 2009 (the "Sublease Termination Date"), at which time (i) AHM Corp shall be deemed to have surrendered the Broadhollow Property to the SPV, and (ii) the SPV shall be deemed to have accepted such surrender.

(a)    **Agreement(s) with Existing Sub-Sublessee(s).**  With respect to any subleases between AHM Corp and other third-party subtenants (collectively the "Subtenants") for any portion of the Broadhollow Property (collectively the "Subtenant Subleases") which would otherwise be extinguished as of the Sublease Termination Date, the SPV covenants and agrees to enter into a recognition agreement with each such Subtenant whereby the Subtenant Subleases shall become a direct sublease with the SPV upon the same terms and conditions as set forth in Subtenant Subleases or such other terms and conditions as the Trustee, the SPV and the Subtenant may mutually agree upon.

(b)    AHM Corp and the SPV shall direct all tenants, subtenants, sub-sub-tenants and other occupants of the Broadhollow Property to pay rent and additional rent to a lockbox account or wire transfer account designated by the Trustee.  To the best of AHM Corp's knowledge formed after a reasonable inquiry, the party identified on Schedule 1 hereto is the only Subtenant.

3.    **License Agreement Between AHM Corp and the SPV.**  Subject to the entry of the Stipulation Approval Order, and effective *nunc pro tunc* to April 1, 2009, the SPV shall license certain office and warehouse space at the Broadhollow Property (the "Facilities") to AHM Corp pursuant to the License Agreement attached hereto as <u>Exhibit A</u> (the "License Agreement"), which is incorporated by reference as if set forth fully herein.  AHM Corp stipulates and agrees that the automatic stay of section 362(a) of the Bankruptcy Code shall be deemed modified to the extent necessary to permit the SPV and its successors and assigns (including, without limitation, the Trustee), to exercise any and all remedies available under the License Agreement or otherwise under applicable law in the event of a default by AHM Corp under the License Agreement without prior application to, or order of, the Bankruptcy Court.

6

AHM Corp further stipulates and agrees that any claim of the SPV or its successors or assigns (including, without limitation, the Trustee) for damages arising from a breach of AHM Corp's obligation to pay the License Fee under the License Agreement shall be entitled to administrative expense priority pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

4.      **Settlement Payment; Mutual Releases.**  Subject fully to AHM Corp's right to reimbursement of certain amounts in accordance with paragraph 11 hereof, within five (5) days after entry of the Stipulation Approval Order, the Debtor Parties shall remit the sum of seventy-five thousand dollars ($75,000) (the "Settlement Payment") to the SPV in accordance with wire instructions to be provided by the Trustee.  Upon the SPV's receipt of the Settlement Payment in accordance with this paragraph:

(a)      the SPV shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtor Parties or any of their affiliates, successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated, including, without limitation, any and all claims (i) arising from rejection of the Sublease, (ii) for damages resulting from the termination of the Sublease, (iii) relating to obligations of AHM Corp under the Sublease arising from and after the Petition Date, through and including the Sublease Termination Date (including, without limitation, the Administrative Rent Claim), (iv) for contribution or reimbursement from AHM Corp with respect to amounts paid or payable under the PILOT Agreement, or (v) arising from rejection of the PILOT Agreement; and

7

(b)     the Trustee, on behalf of the Trust, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtor Parties or any of their affiliates (other than the SPV), successors, assigns, officers, directors, employees, attorneys, and agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated, including, without limitation, the Guaranty Claim, the Administrative Rent Claim (to the extent enforceable by the Trustee), and any proofs of claim filed in the Debtor Parties' bankruptcy cases; and

(c)     the Debtor Parties shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that they may have against the SPV, the Trustee, or any of their successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated, including, without limitation, the Setoff Claims; and

(d)     the SPV shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Trustee or any of their successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated;

provided, however, that nothing in the preceding subparagraphs (a)-(d) shall constitute a waiver or release of (i) any claims arising under the License Agreement or this Stipulation or (ii) any claims recoverable by any Party from insurance or from a third party, provided that any such

8

claim may be asserted solely against such insurance or third party and not against any Party to this Stipulation.

5.     **Engagement of Property Manager and Broker.**  As soon as practicable after execution of this Stipulation by all the Parties, AHM Corp shall cause the SPV (i) to engage the services of a property manager (the "<u>Property Manager</u>") and a real-estate broker (the "<u>Broker</u>"), in each case reasonably acceptable to the Trustee, with respect to the on-going management and leasing and/or sale of the Broadhollow Property (the "<u>Property Activities</u>") and (ii) to reasonably cooperate with any such Property Manager and Broker in connection with any such Property Activities.  For the avoidance of doubt, AHM Corp shall have no responsibility or liability whatsoever with respect to the payment of the Property Manager or the Broker or any liability, costs or expenses attributable to the Property Activities.

6.     **Cooperation with Sale and/or Foreclosure Action.**  AHM Corp shall cooperate (and shall cause the SPV to cooperate) reasonably and in good faith with the Property Manager, the Broker, and the Trustee to effectuate a sale of the Broadhollow Property and/or the Foreclosure Action, including, without limitation, by causing the SPV to provide such consents, to execute such documents, and to take such other actions as are necessary or appropriate to that end.  AHM Corp and the SPV shall not oppose any Foreclosure Action except as, and only to the extent, necessary to enforce the rights of AHM Corp under paragraph 7 hereof.

7.     **Subordination, Nondisturbance, and Attornment.**  AHM Corp acknowledges that the License Agreement is and shall be subject and subordinate to the Mortgage and to all renewals, amendments, modifications, consolidations, replacements and extensions of the Mortgage to the extent of all amounts secured by the Mortgage from time to time.  Notwithstanding the foregoing, the Trustee agrees that, if the Trustee exercises any of its

9

rights under the Mortgage, including an entry by the Trustee or any sale or transfer in lieu thereof, so long as no event of default under the License Agreement shall have occurred and be continuing beyond the applicable cure period, the Trustee will not terminate or disturb AHM Corp's right of quiet possession of the Facilities under the terms of the License Agreement, and AHM Corp's other rights and privileges under the License Agreement will not be terminated, canceled or in any way disturbed, diminished or interfered with by the Trustee. The Trustee and AHM Corp agree that, in the event of a foreclosure upon the Mortgage which extinguishes the SPV's interest in the Master Lease and/or the License Agreement or any other succession of the Trustee to ownership of the SPV's interest in the Master Lease and/or the License Agreement, the Trustee or its successor upon such succession to ownership shall, subject to subparagraph (b) hereof, succeed to the SPV's interest under the License Agreement and be bound to AHM Corp under the terms of the License Agreement, and AHM Corp will attorn to and recognize the Trustee or its designee, as applicable, as Lessor under the License Agreement for the remainder of the term of the License Agreement (including all extension periods which have been or are hereafter exercised) upon the same terms and conditions as are set forth in the License Agreement.

8.    **No Assignment by the SPV.**  The SPV shall not, for a period of three (3) years from the date the Stipulation Approval Order is entered, assign its present interest, or any interest hereafter acquired, in the Broadhollow Property except as directed by the Trustee in writing. The Trustee is authorized, but not required, to record a memorandum to provide notice of such prohibition. AHM Corp shall cause the SPV to comply with the Trustee's direction regarding assignment of its present interest, or any interest hereafter acquired, in the

10

Broadhollow Property, provided, however, that any such assignment shall be subject fully to AHM Corp's rights under paragraph 8 hereof.

9.      **Cooperation Regarding the IDA.**  As soon as practicable after execution of this Stipulation by all the Parties, the Parties shall use commercially reasonable efforts to cause the IDA to transfer the Broadhollow Property to the SPV and to obtain waivers and releases from the IDA for the benefit of all the Parties.  For the avoidance of doubt, no Party shall be obligated to make any payment or to commence any litigation to obtain the IDA's agreement so to transfer, waive or release.

10.      **Indemnification of AHM Corp; Limitation of Liability.**

(a)      Subject to entry of the Stipulation Approval Order, the SPV hereby agrees to indemnify and hold harmless AHM Corp against any and all liability, claims, suits, losses, costs and legal fees arising from and after April 1, 2009, relating to the Broadhollow Property.  The SPV and the Trustee agree that, effective as of April 1, 2009, AHM Corp shall have no financial responsibility or liability whatsoever relating to the Broadhollow Property and, further, that AHM Corp shall be entitled to reimbursement from the SPV or the Trust for amounts expended prior to entry of the Stipulation Approval Order for utilities, maintenance, waste removal, cleaning, lawn care, security, and fire alarm relating to the Broadhollow Property which accrued from and after April 1, 2009, as set forth more fully in Schedule 2 hereto.  The sum due pursuant to Schedule 2 is in the aggregate amount of $236,558.75.  In lieu of AHM Corp paying the $75,000.00 Settlement Payment the $236,558.75 due as set forth on Schedule 2 shall be reduced by $75,000.00 to $161,558.75.

(b)      Trustee agrees to pay to AHM Corp or its order all reasonable out-of-pocket costs and expenses (including, but not limited to, attorneys' fees) incurred by AHM

11

Corp from and after April 1, 2009, with respect to the Broadhollow Property (including, without limitation, in connection with AHM Corp's performance of its obligations under paragraphs 5, 6, and 9 of this Stipulation); provided, however, that the Trustee shall have no obligation to indemnify AHM Corp for any costs or expenses incurred negotiating, drafting, or obtaining Bankruptcy Court approval of this Stipulation and the License Agreement.  In addition to the $75,000.00 offset referred to in 10(a) above, any other reimbursement to which AHM Corp may be entitled pursuant to this paragraph may take the form of a setoff or credit against any amounts otherwise payable to the SPV or the Trustee under this Stipulation or the License Agreement.

      11.    **No Implicit Waiver.**  Except as may be explicitly provided herein, the Parties agree that the Trust does not waive any prior default under the Loan Documents or any rights or remedies thereunder, whether at law or in equity.

      12.    **Advances by the Trust.**  The SPV stipulates and agrees that, to the extent not already provided in the Loan Documents, any advances made by or on behalf of the Trust relating to the Broadhollow Property shall constitute additional indebtedness secured by the Mortgage; provided, however, that any rents collected by or on behalf of the Trust relating to the Broadhollow Property shall constitute a credit against such indebtedness.

      13.    **Real Estate Tax Refunds.**  The SPV stipulates and agrees that, to the extent not already provided in the Loan Documents, all right, title, and interest in and to any real estate tax refund relating to the Broadhollow Property is hereby assigned to the Trustee as additional security for the indebtedness secured by the Mortgage.

      14.    **Effectuation of Stipulation.**  The Parties shall cooperate reasonably and in good faith to effectuate the terms and intent of this Stipulation and shall take such steps and execute such documents as may be necessary for this purpose.

15.    **No Evidence/Draftmanship.**  The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms herein.  The Parties further acknowledge and agree that this Stipulation has been thoroughly negotiated by and between the Parties and that if any ambiguity shall arise hereunder, there shall be no presumption that any particular Party drafted this Stipulation and no Party shall have such ambiguity resolved against it simply by virtue of its role in drafting or preparing this Stipulation.

16.    **Binding Effect.**  The terms and provisions of this Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors and assigns, including, without limitation, the Plan Trustee appointed pursuant to the Plan.

17.    **Entire Agreement.**  This Stipulation and all Exhibits and Schedules hereto (including, but not limited to, the License Agreement) shall constitute the entire agreement between the Parties and any prior discussions, negotiations, statements, understandings or representations of any kind preceding the date of execution of this Stipulation by all Parties shall not be binding upon any Party except to the extent incorporated in this Stipulation and any Exhibit or Schedule hereto.

18.    **Controlling Document.**  To the extent of any inconsistency between this Stipulation and the License Agreement, the provisions of this Stipulation shall control.

19.    **Execution and Counter-Parts and By Telecopy.**  This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument.  This

Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or

comparable format), which shall be deemed original signatures.

**Stipulated and Agreed.**

Dated: July 9 , 2009        **AMERICAN HOME MORTGAGE CORP.**
                            **AMERICAN HOME MORTGAGE HOLDINGS, INC.**

By: _____
Name: Bret Fernandes
Title:   Director of Restructuring

Dated: July 9 , 2009        **AHM SPV II, LLC**
                            By: American Home Mortgage Corp.

By: _____
Name: Bret Fernandes
Title:   Director of Restructuring

Dated: July 13 , 2009        **LASALLE BANK NATIONAL ASSOCIATION,**
                            as Trustee for the Registered holders of J.P. Morgan Chase
                            Commercial Mortgage Securities Corp., Commercial
                            Mortgage Pass-Through Certificates, Series 2004-PNC1

By:    Midland Loan Services, Inc., its Special Servicer

By: _____
Name: Kevin ~~Donoghue~~ Donahue
Title:   Senior Vice President

14

**STIPULATION EXHIBIT A**

**LICENSE AGREEMENT**

**ORIGINAL**

### LICENSE AGREEMENT BETWEEN AHM SPV II, LLC
### AND AMERICAN HOME MORTGAGE CORP.
### 538 BROADHOLLOW ROAD BUILDING

THIS LICENSE AGREEMENT (sometimes the "Agreement" or the "License") is made effective April 1, 2009 (the "Effective Date"), between AHM SPV II, LLC, a Delaware limited liability company (hereinafter "SPV"), and AMERICAN HOME MORTGAGE CORP., a New York corporation, having an address of 538 Broadhollow Road, Melville, New York 11747 (hereinafter "AHM CORP") in accordance with the consent and approval of the Trustee (as defined below).

WHEREAS, AHM CORP and American Home Mortgage Holdings, Inc. ("AHM Holdings", SPV, Bank of America National Association successor by merger to LaSalle Bank National Association ("Trustee"), as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-PNC1 are parties (collectively the "Parties") to that certain Stipulation of even date herewith (the "Stipulation") arising out of certain claims and proceedings under that Chapter 11 Bankruptcy proceeding filed in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al* Case No. 07-11047 (CSS) (the "Bankruptcy").

WHEREAS, the Suffolk County Industrial Development Authority (the "IDA") holds legal title to that certain real property located at 538 Broadhollow Road, Melville, New York (the "Broadhollow Property") which is encumbered by that certain Mortgage and Security Agreement (the "Mortgage") and an Assignment of Rents and Leases (the "Assignment") and other collateral loan documents (collectively the "Loan Documents") granted by the IDA and SPV, as applicable to JPMorgan Chase Bank ("Original Mortgagee") in connection with the loan to SPV in the original principal sum of $26,400,000 (the "Loan"). The Original Mortgagee subsequently assigned its right, title and interest in and to the Loan and the Loan Documents to the Trustee.

WHEREAS, the IDA entered into that certain Lease Agreement with SPV with respect to Broadhollow Property dated as of November 1, 2003 (the "Master Lease").

WHEREAS, the SPV subleased the Broadhollow Property to AHM CORP pursuant to that certain Agreement of Lease dated November 24, 2003 (the "Sublease").

WHEREAS, as of the Effective Date, AHM CORP has subleased space within the Broadhollow Property to those subtenants as generally described on the rent roll attached hereto and made a part hereof as Exhibit "A".

WHEREAS, AHM CORP has not paid any rent due under the Sublease to SPV since November, 2008.

WHEREAS, SPV has not paid any monthly loan payments or other sums due under the Loan Documents to the Trustee.

1

WHEREAS, in connection with the Stipulation, the Parties have reached certain agreements with respect to the Sublease whereby the Sublease has been deemed rejected and terminated effective as of 11:59 p.m. (ET) on March 31, 2009 (the "Sublease Termination Date").

WHEREAS, in addition to the termination of the Sublease, the SPV and the Trustee (as defined below) in furtherance of the Stipulation anticipate undertaking commercially reasonable efforts to enter into a series of transactions and agreements with the IDA that will provide, among other things, for the reconveyance of the Broadhollow Property to the SPV in accordance with the provisions of the Master Lease as well as the termination of the Master Lease (collectively the "IDA Release Documents").

WHEREAS, AHM CORP desires to use and occupy, on a short term basis commencing on April 1, 2009 and ending on September 30, 2009 (unless earlier terminated as provided herein) certain unused and unoccupied office and storage space within the Broadhollow Property consisting of approximately 8896 rentable square feet with respect to office space use, as more generally depicted in **Schedule "A"** attached hereto and made a part hereof as well as approximately 13,000 rentable square feet with respect to storage space use, as more generally depicted in **Schedule "A-1"** attached hereto and made a part hereof, together with the exclusive use of those certain twenty (20) parking spaces as generally depicted on **Schedule "B"** attached hereto and made a part hereof (collectively the "Facilities") for the purposes of general office use and storage space (the "Permitted Activity").

WHEREAS, SPV, with the consent and approval of the Trustee, either in its capacity as the lessee under the Master Lease or as the owner of the Broadhollow Property as a result of the IDA Release Documents, has agreed to allow AHM CORP to utilize the Facilities in connection with the Permitted Activity and AHM CORP has agreed to occupy and use the Facilities in connection with the Permitted Activities subject to the terms and conditions such forth in this License which include provisions for the benefit and protection of the Trustee.

NOW, THEREFORE, in consideration of the foregoing License Fees (as hereinafter defined) and other valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby covenant and agree as follows:

1.    Term of License.  The term of this License and the rights of occupancy and use created hereunder shall commence on the Effective Date and extend for six (6) months thereafter at 5:00 p.m. on September 30, 2009 (the "License Period"), subject to the right of AHM CORP to terminate this Agreement prior to the expiration of the License Period as provided herein below.  In the event AHM CORP has not otherwise elected to terminate this Agreement prior to September 30, 2009 as provided below, then the License Period shall automatically extend on a month to month basis, subject to termination by either AHM CORP or the Trustee upon no less than thirty (30) days prior written notice; provided, however, AHM CORP may terminate this Agreement at any time prior to September 30, 2009, by giving written notice to the SPV and the Trustee, specifying the date of termination, such notice to be given no less than sixty (60) days prior to the date specified in such notice as the date of termination.

2

2.     Possession/Condition of Facilities.  The Facilities shall be delivered to AHM CORP in the current "as is" "where is" condition without any representations or warranties of any kind or nature by SPV or any of the other Parties (hereinafter referred to as the "Delivery Condition").  AHM CORP acknowledges that AHM CORP has been afforded the opportunity to inspect the Facilities and agrees to accept the Facilities in the Delivery Condition without any additional betterments, alterations or improvements, including by way of illustration and not limitation any re-painting or re-carpeting of the Facilities. If SPV shall fail to give possession of the Facilities on the Effective Date, neither SPV or any of the other Parties shall be liable to AHM CORP for any damage or claim resulting from the failure to give or provide possession. No such failure to give occupancy and use to AHM CORP on the Commencement Date shall affect the validity of this License or the obligations of AHM CORP hereunder, nor shall it be construed to extend the License Period.

3.     Monthly License Fee.  AHM CORP shall pay for the credit of SPV, a monthly license fee of Fifteen Thousand and 00/100 Dollars ($15,000.00) payable in monthly installments commencing on the date hereof (the "License Fee") to be applied towards the obligations of SPV under and in accordance with the Mortgage and the other Loan Documents. The License Fee shall be payable by AHM CORP on the first day of each month during the License Period hereof to a lock box account designated by the Trustee from time to time in writing (the "Account") with at least fifteen (15) days prior notice of such account information prior to any such payment due date.  The License Fee for any period of less than one (1) month shall be pro-rated based on the number of days of that month.  The License Fee shall be payable without notice or demand and without deduction, offset, or abatement, in lawful money of the United States of America by wire transfer of good funds to the Account.  AHM and SPV shall direct all tenants, subtenants, sub-sub-tenants and other occupants of the Broadhollow Property to pay rent and additional rent to a lockbox account or wire transfer account designated by the Trustee.

4.     Security Deposit [Intentionally Omitted].

5.     Use of Facilities.  AHM CORP shall use and occupy the Facilities solely in connection with the Permitted Activity.  AHM CORP shall keep the Facilities and interior portions of windows, doors and all other glass or plate glass fixtures in a neat, clean, sanitary and safe condition, and shall not solicit business nor distribute advertising matter in the common areas of the Broadhollow Property without the Trustee's approval.  No sign, advertisement, or notice shall be exhibited, painted or affixed by AHM CORP on any part of the exterior or interior of the Broadhollow Property; provided, however, AHM CORP at its sole cost and expense may install within the standard tenant directory and lobby appropriate signage identifying AHM CORP and the location of the Facilities. In addition, no sign, advertisement, or notice shall be exhibited, painted or affixed on or near the Facilities without the prior written consent of the Trustee, or be placed upon or near windows in a manner so as may be viewed from the exterior of the Broadhollow Property, without the prior written consent of the Trustee which Trustee agrees not to unreasonably withhold, condition or delay.

a. AHM CORP shall not at any time use or occupy the Facilities in violation of any statute, ordinance, law, certificate of occupancy issued for the Broadhollow Property or other requirement of any governmental authority.  In the event any governmental

authority shall hereafter at any time declare by notice, violation, order or in any other manner whatsoever that the Facilities are being used for a purpose or in a manner which violates any such statute, ordinance, law or other requirement, then AHM CORP shall, upon five (5) days' written notice from Trustee or such governmental authority, discontinue any use or occupancy of the Facilities which is declared by any governmental authority having jurisdiction to be a violation and fully comply with any directive of any governmental authority having jurisdiction which shall, by reason of the nature of AHM CORP's use or occupancy of the Facilities, impose any duty upon AHM CORP with respect to the Facilities or with respect to the use or occupation thereof.

b. AHM CORP shall not generate, use, store, handle, process or dispose of any Hazardous Material in or about the Facilities or any part of the Broadhollow Property, including, but not limited to any Common Areas.  Hazardous Materials shall mean any such substances involving quantities, levels, scope or degree which are defined or regulated under all applicable Federal, State and local environmental laws, rules, ordinances, and regulations, but not limited to, the Federal Resource Conservation and Recovery Act of 1976, as amended, 42 U.S.C. §§ 6690, et. seq., the Federal Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, et. seq., and the regulations promulgated under said Acts (collectively the "Environmental Laws"), which would subject AHM CORP or the Trustee to any liability, including damages, penalties or fines, or any restriction on the use of the Facilities or the Broadhollow Property under such Environmental Laws or under the Federal common law or the common law of the State of New York. AHM CORP covenants and agrees to indemnify and hold SPV and the Trustee harmless from and against any and all claims, damages, fines, judgments, penalties, costs, liabilities or losses arising from AHM CORP's breach of the foregoing covenants either during or after the License Period.

c. In no event shall AHM CORP be obligated to perform any alterations or improvements to the Facilities or elsewhere in the Broadhollow Property in order to comply with applicable law unless the need for such alterations or improvements shall result from AHM CORP's particular manner of use of the Facilities, as opposed to the mere use of the Facilities for the Permitted Activity.

6.    Utilities and Services.    SPV and AHM CORP acknowledge and understand that the Facilities are not separately metered, and that AHM CORP shall not be liable for or responsible to pay for any normal and customary utility costs, existing security services, janitorial and cleaning services and trash removal related to the normal and customary use and occupancy of the Facilities in connection with the Permitted Activity (collectively the "Utilities and Services") and consistent with the level, scope and degree currently provided to other areas of the Broadhollow Property, in general. AHM CORP covenants and agrees that AHM CORP shall not directly cause or indirectly cause an increase in the costs for the supply of any Utilities and Services consumed or used by or provided to AHM CORP which are not otherwise normal and customary, and which are attributable to the negligent or intentional acts or commissions of the AHM CORP.  All such Utilities and Services are included in (and not in addition to) the License Fee. AHM CORP at all times agrees to reasonably cooperate with Trustee and to abide by all reasonable regulations and requirements which Trustee may prescribe for the proper functioning and protection of the HVAC (heating, ventilating, and air conditioning) system in the

4

Broadhollow Property. Trustee shall have free access to any and all HVAC facilities in the Facilities.

       7.    <u>Repairs, Maintenance and Alterations</u>.  AHM CORP shall not decorate, paint, or in any manner alter the Facilities, or any part thereof, and shall not install or affix any sign, device, fixture or attachment on or to the Facilities or the Broadhollow Property without first obtaining the Trustee's prior written consent which, other than to structural alterations or improvements, or alterations or improvements adversely affecting mechanical, electrical, plumbing, HVAC or life safety systems, SPV and Trustee agree not to unreasonably withhold or delay, and if AHM CORP shall do any of the foregoing acts in contravention of this provision, Trustee shall have the right to restore the Facilities to the condition thereof prior to such act, and the cost of such removal and restoration shall be paid by AHM CORP payable for the month next following such removal or restoration. AHM CORP shall, at its own cost and expense maintain the interior of the Facilities throughout the term of this License in the same general "as is" condition which existed as of the Effective Date, reasonable wear and tear and casualty loss excepted and shall be responsible for replacing all light bulbs.  Notwithstanding anything in this Agreement to the contrary, in no event shall AHM CORP, SPV or the Trustee be obligated to perform any capital repairs, maintenance, repairs or improvements to the Broadhollow Property, including but not limited to the Facilities or to perform any maintenance to the Broadhollow Property, including but not limited to the Facilities or its equipment other than as provided above.

       a. AHM CORP shall pay for all repairs to and replacements of any part of the Broadhollow Property, and its equipment and furnishings, necessitated by damage or injury occurring in moving AHM CORP's property into or out of the Facilities or the Broadhollow Property or in installing therein or removing therefrom furniture, fixtures and all other types of property of AHM CORP or resulting from the negligence of AHM CORP. All repairs and replacements required by any of the foregoing provisions shall be of quality and class equal to the original materials and workmanship as reasonably determined by SPV, subject to the review and approval of the Trustee. AHM CORP shall not permit any mechanics' or other liens for work, labor, services or materials to attach to the Facilities or to the Broadhollow Property as a result of the installation of or removal of AHM CORP's furniture, fixtures, partitions or other property of AHM CORP.

       b. There shall be no allowance to AHM CORP for a diminution of rental value and no liability on the part of SPV or the Trustee by reason of inconvenience, annoyance or injury to business arising from any of the Parties, as well as AHM CORP or others making any repairs, alterations, additions or improvements in, or to any portion of, the Facilities, the Common Areas or the Broadhollow Property or to fixtures, appurtenances or equipment thereof. Trustee shall be allowed, upon twenty-four (24) hours prior notice to AHM CORP, except in the case of an emergency, in which event no prior notice shall be required, to take all material into and upon the Facilities that may be required for SPV (or at the election and not the obligation of Trustee) to perform its repair, maintenance and other obligations under the terms of this License without the same constituting an eviction of AHM CORP in whole or in part and the License Fee reserved shall not abate while the decorations, repairs, alterations, improvements, or additions are being made, by reason of any loss or interruption of business to AHM CORP, or otherwise. Notwithstanding the foregoing, SPV and Trustee, as applicable shall exercise reasonable efforts

5

to minimize interference with AHM CORP's operations as a result of any such entry into the Facilities by SPV and/or Trustee. In the event AHM CORP is unable to use the Facilities for its normal business operations for any continuous period in excess of seven (7) business days due to the performance of any alterations, repairs or improvements to the Facilities or elsewhere in the Broadhollow Property by SPV (or at the election and not the obligation of Trustee), if electricity or other service to the Facilities required for AHM CORP to use the Facilities for its normal business operations shall be lost or interrupted due to events or circumstances within the SPV's or, if applicable, Trustee's reasonable control for any continuous period in excess of seven (7) business days, the License Fee shall abate during the period AHM CORP is so unable to use for the Facilities for its normal business operations as a result of such conditions.

        8.     <u>Access to Facilities</u>.  Subject to Section 7 above, SPV and the Trustee or their respective agents shall have the right to enter the Facilities at all times to examine the same, and to show them to mortgagees, prospective purchasers, or lessees of the Broadhollow Property, or to make such decorations, repairs, alterations, improvements or additions to the Facilities, or the Broadhollow Property as SPV may reasonably deem necessary or desirable, and SPV and the Trustee, as applicable shall be allowed to take all material into and upon the Facilities that may be required without the same constituting an eviction of AHM CORP in whole or in part and the License Fee reserved shall not abate while the decorations, repairs, alterations, improvements, or additions are being made, by reason of any loss or interruption of business to AHM CORP, or otherwise.

        a. If AHM CORP shall not be personally present to open and permit an entry into the Facilities or shall refuse to do so, at any time, when for any reason, an entry therein shall be necessary or reasonable, SPV or the Trustee as well as their respective agents may enter the same by a master key, or may forcibly enter the same, without rendering SPV or the Trustee or their respective agents liable (provided that during such entry SPV or the Trustee or their respective agents, as applicable shall accord reasonable care to AHM CORP's property), and without in any manner affecting the obligations and covenants of this License.

        b. All the outside walls, floors, and ceilings are hereby expressly reserved to SPV and the Trustee and the SPV shall take no actions with respect to such improvements with out the prior written consent and approval of the Trustee.

        c. <u>Common Areas</u>.  AHM CORP and its invitees and guests shall have the non-exclusive use, in common with others entitled to the use thereof, of any Common Areas by AHM CORP subject to the existing rules and conditions applicable to other occupants and tenants within the Broadhollow Property as reasonably determined by Trustee, (and such changes or modifications thereof) which shall be applied and enforced in a non-discriminatory manner. Nothing herein contained, however, shall be deemed or construed to impose upon SPV or the Trustee any obligation, responsibility or liability whatsoever, for the care, supervision or repair, of the Broadhollow Property or any part thereof, other than such maintenance, repair and services as Trustee, in its sole judgment, considers necessary for the proper management of the Broadhollow Property. In addition, within the final thirty (30) days of the License Period (as may be renewed or extended) AHM CORP shall be permitted, at its own expense, to utilize a portion of the parking lot (such location to be mutually agreed upon by and between AHM CORP and the Trustee) for the lawful temporary storage of not more than two (2) storage trailers

6

to be utilized in connection with its Permitted Activities and the winding down of its business activities at the Property; provided, however, that AHM CORP shall (i) pay for any increase in insurance costs related to the trailer(s) and (ii) be liable for the costs of removal of the trailer(s) from the Broadhollow Property.

9.    Performance by SPV.  AHM CORP agrees that it will perform all of its obligations under this License, and that AHM CORP will, upon receipt of written notice from SPV and/or Trustee of AHM CORP's noncompliance with its obligations hereunder, comply with the requirement of such notice and further, if AHM CORP shall fail to do so in a timely manner, Trustee may at its option do or cause to be done any or all of the things provided by this Lease and in so doing Trustee shall have the right to cause its agents, employees, and contractors to enter upon the Facilities and in such event shall have no liability to AHM CORP for any loss or damage resulting in any way from such action unless resulting from gross negligence; and AHM CORP agrees to pay within five (5) days of demand any monies paid or expenses reasonably incurred by Trustee in taking such action, including counsel fees, any such sum to be collectible from AHM CORP hereunder. AHM CORP shall not do, or permit to be done, any act which unreasonably interferes with the use and enjoyment of the Broadhollow Property by SPV or the rights and interests of Trustee under the Loan Documents with respect to the Broadhollow Property or by any other tenant or occupant of the Broadhollow Property.

10.    Insurance Requirements.  AHM CORP shall procure and maintain at its own expense, insurance of the type and with the minimum limits hereinafter set forth: AHM CORP agrees at all times to carry public liability insurance covering activities at the Facilities for the benefit of SPV, Trustee, and AHM CORP as their interests may appear, in an amount of not less than One Million Dollars ($1,000,000.00) in respect of bodily injury or death in respect of any one occurrence, and in an amount of not less than Five Hundred Thousand Dollars ($500,000.00) for property damage in respect of any one occurrence, such policy to contain a written waiver of any rights of subrogation that such company may have, if any, against the SPV and/or the Trustee; and to pay premiums for such insurance and furnish SPV and Trustee with certificates from the insurance companies for all the above policies, such insurance companies to be acceptable to Trustee.

a. In the event that AHM CORP brings employees into the Facilities, AHM CORP shall maintain worker's compensation insurance to the fullest extent required by the laws of the State of New York, which insurance shall cover all employees of AHM CORP that may enter the Facilities or any other portions of the Property from time to time.

b. It is specifically agreed that, if AHM CORP fails to obtain the insurance specified above, and does not cure such failure within a reasonable time after notice from either SPV or Trustee, then Trustee is authorized to do so on AHM CORP'S behalf, and AHM CORP shall promptly reimburse Trustee for all reasonable costs of obtaining such insurance.

c. Certificate of Insurance. AHM CORP shall furnish to SPV and Trustee before occupying the Facilities, certificates of insurance indicating (a) type and amount of insurance required by the above paragraphs, (b) insurance company or companies carrying said coverage, (c) effective and/or expiration dates of policies, (d) insurer waives its right of subrogation in favor of SPV and Trustee as requested, (e) that SPV and Trustee are additional

insureds, (f) that SPV and Trustee be advised 15 days in advance of any material change in coverage and/or policy limits and/or intent to cancel.

11.    Limitation of Liability.  Unless any of the same shall be caused solely by the negligence of Trustee, or its agents, servants, and employees, Trustee and its agents, servants and employees shall not be liable for, and AHM CORP hereby agrees to indemnify and hold Trustee and its agents, servants, and employees harmless from, any and all loss, liability, injury to person, including death, and property damage (including loss or interruption of business) resulting from or in connection with any fire, accident, or occurrence or condition in, on or about the Facilities or the Broadhollow Property, arising from AHM CORP's occupation or use of the Facilities or from any breach or default on the part of AHM CORP in the performance of any covenant or agreement on the part of AHM CORP to be performed pursuant to the terms of this License Agreement or from any act or negligence of AHM CORP, its agents, servants, employees or invitees in or about the Facilities or the Broadhollow Property. AHM CORP. represents and warrants that, to its knowledge, there have been no claims or threatened claims by any third parties in connection with personal injury or property damage in, on or about the Broadhollow Property.

12.    Compliance with Laws.  Subject to the provisions of Section 5(c) above, AHM CORP will not at anytime use or occupy the Facilities or permit or suffer the same to be used or occupied in violation of any statute, ordinance or other requirement of any governmental authority, and in the event any governmental authority shall hereafter at any time declare by notice, violation, order or in any other manner whatsoever that the Facilities are being used for a purpose which is a violation of any such statute, ordinance or other requirement, AHM CORP shall, upon five (5) days' written notice from SPV, immediately discontinue such use of the Facilities. Failure by AHM CORP to discontinue such use after such notice shall be considered a default under this License and Trustee shall have the right to terminate this License immediately, and in addition thereto shall have the right to exercise any and all rights and privileges and remedies given to Trustee pursuant to Article 22 and the Stipulation.

13.    Surrender of Facilities.  Upon the expiration or termination of this License and AHM CORP's right of occupancy and use of the Facilities, AHM CORP shall surrender and vacate the Facilities immediately and deliver possession thereof to SPV or as Trustee may otherwise direct in writing, clean and in the same condition as of the Delivery Date, approved alterations and improvements, damage due to casualty or condemnation and ordinary wear excepted; provided AHM CORP immediately shall repair all damage resulting from such removal.  In the event possession of the Facilities is not immediately delivered to SPV or as otherwise directed by Trustee in writing or if AHM CORP shall fail to remove any movable trade fixture or personal property which belongs to AHM CORP (but excluding the personal property), Trustee may remove same without any liability to AHM CORP or any third party. Any movable trade fixtures and personal property which may be removed from the Facilities by AHM CORP but which are not so removed, and all improvements made by AHM CORP to the Facilities, shall be conclusively presumed to have been abandoned by AHM CORP and title to such property shall pass to SPV without any payment or credit, and Trustee may, at its option and at AHM CORP's expense, store, keep and/or dispose of such property.

8

14.     Holding Over.   Any holding over after the expiration or sooner termination of the License Period hereof, shall, at Trustee's sole option, be construed to be a license for a term of month to month at two (2) times the then License Fee hereunder, and shall otherwise be on the same terms and conditions herein provided, however, AHM CORP shall have no option to renew or extend the License Period.

15.     Default and Remedies.   Each of the following shall constitute an event of default by AHM CORP under this License: AHM CORP fails to pay any installment of the License Fee within ten (10) days of Trustee's delivery of notice that same is overdue; AHM CORP fails to observe or perform any of the other covenants, conditions or provisions of this License to be observed or performed by AHM CORP and fails to cure such default within twenty (20) days after written notice to AHM CORP (or such longer period as shall be required to cure using commercially reasonable diligent efforts), the interest of AHM CORP in this License is levied upon under execution or other legal process; or AHM CORP abandons the Facilities.

a. Upon the occurrence of an event of default by AHM CORP under this License, Trustee, at its option, without further notice or demand to AHM CORP, may in addition to all other rights and remedies provided in this License, at law or in equity terminate this License and AHM CORP's right of possession of the Facilities, and recover possession of the Facilities without the need or requirement for any court issued writ or other judicial proceeding or approval or authorization from or by the Court and recover all damages to which SPV or Trustee is entitled under law, specifically including, without limitation, all expenses or reletting (including repairs, alterations, improvements, additions, decorations, reasonable legal fees and brokerage commissions) by the Trustee.

b. AHM CORP shall pay upon demand, all costs and expenses, including reasonable attorneys' fees, incurred by Trustee in enforcing AHM CORP's obligations under this License or resulting from AHM CORP's default under this License.

c. The remedies of Trustee provided in this Article are in addition to and not exclusive of any other remedy of Trustee herein given or which may be permitted by law or in equity or as otherwise provided in the Stipulation. Any re-entry as provided herein shall be allowed by AHM CORP without hindrance, and Trustee shall not be liable in damage or guilty of trespass because of any such re-entry.

16.     Destruction.   In the event that the Facilities are partially or totally destroyed or damaged by fire or other casualty to the extent that the Facilities are rendered untenantable, this License shall terminate automatically as of the date of such casualty and the License Fee and all sums payable under this License shall abate for the balance of the License Period.   In such event, AHM CORP shall surrender the Facilities immediately to SPV (or as Trustee otherwise directs in writing) which may enter upon and repossess them. Neither SPV, nor Trustee shall not be responsible for any rebuilding, repairing or restoration of any leasehold improvements to the Facilities, whether such leasehold improvements had been provided at the expense of SPV, Trustee, or AHM CORP; nor will SPV or Trustee be responsible for rebuilding, repairing, or restoring any furniture, fixtures or other property of AHM CORP.

9

17.    <u>Condemnation.</u> In the event of the taking by eminent domain of the whole or any part of the Facilities to such an extent as to render the remainder of the Facilities untenantable, this License shall terminate as of the date of such taking. In any such event, AHM CORP waives all claims against SPV and Trustee for or on account of or incident to such taking. In any such event, the License Fee shall be apportioned to said date of termination of this License and AHM CORP waives all claims against SPV or Trustee for or on account of or incident to such taking.

18.    <u>Assignment/Sublicensing.</u> AHM CORP shall not assign or sublicense the Facilities without the prior written consent of Trustee which consent may be withheld in its sole and absolute discretion.

19.    <u>Notices.</u> Except as may be specifically provided otherwise herein, all bills, statements, notices or communications which SPV or Trustee may desire or be required to give to AHM CORP shall be deemed sufficiently given or rendered if, in writing, delivered by a reputable overnight courier service with a signed receipt or sent by registered or certified mail addressed to AHM CORP at the address set forth below or such other address provided to SPV and Trustee in writing from time to time. Any notice by AHM CORP to SPV or Trustee must be served by certified mail addressed to SPV and Trustee as follows (or such other address as SPV, Trustee may provide to AHM CORP in writing from time to time):

<u>To SPV:</u>

AHM SPV II, LLC
c/o American Home Mortgage
Attn:   General Counsel
538 Broadhollow Rd.
Melville, NY 11747

<u>With copy to:</u>

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Attn:   Sean M. Beach, Esq.
          Patrick A. Jackson, Esq.
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

<u>To Trustee:</u>

LASALLE BANK NATIONAL ASSOCIATION, as Trustee
c/o Midland Loan Services, Inc.
Attn:   Jonathan S. Clark
10851 Mastin, Suite 700
Overland Park, KS 66210

DB02:8200280.11                                          066585.1001

<u>With copy to:</u>

ARONAUER, RE & YUDELL, LLP
Attn:  Joseph Aronauer, Esq.
444 Madison Avenue, 17th Floor
New York, NY 10022

<u>To AHM CORP:</u>

American Home Mortgage
Attn:   General Counsel
538 Broadhollow Rd.
Melville, NY 11747

<u>With a copy to:</u>

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Attn:   Sean M. Beach, Esq.
        Patrick A. Jackson, Esq.
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

     20.    <u>Commissions.</u>  SPV, Trustee and AHM CORP each warrant to the other that none of them has dealt with any agent, broker or finder with respect to the negotiation of this Agreement or the transaction in general contemplated by this Agreement.  In the event that any claim for commission or finder's fees is brought by any person or entity as a consequence of the transaction contemplated hereby and as a result of any action or omission of either SPV, Trustee or AHM CORP, SPV, Trustee or AHM CORP, as the case may be, shall indemnify, protect, defend and hold harmless the other party(ies) against loss, cost and reasonable attorney's fees arising as the consequence of the claim for the commission or fee.

     21.    <u>Nonwaiver of Contract Rights</u>.  The failure of either SPV or Trustee to seek redress for violation of, or to insist upon the strict performance of, any covenant or condition of this License shall not prevent a subsequent act by AHM CORP, which would have originally constituted a violation, from having all the force and effect of an original violation. The receipt by Trustee of the License Fee or other payment with knowledge of the breach of any covenant of this License shall not be deemed a waiver of such breach. No provision of this License shall be deemed to have been waived by SPV or Trustee, unless such waiver is in writing signed by SPV or Trustee, as applicable.

     22.    <u>Miscellaneous.</u>

     a. <u>Severability</u>.  Any provision(s) of this License which shall be invalid or void shall in no way affect, impair or invalidate any other provisions hereof, and the remaining provisions hereof shall nevertheless remain in full force and effect.

11

b. <u>Captions</u>.  The captions to the Articles hereof are inserted only as a matter of convenience and in no way define, limit or describe the scope of this License nor any provision hereof.

c. <u>Applicable Laws</u>.  This License and all covenants contained herein shall be construed in accordance with the laws of the State of New York.  Each of the parties to this License participated in the drafting of the terms and conditions of this License and the interpretation of any ambiguity contained in this License shall not be construed or interpreted more strongly against or more favorably for either party based solely on the customary rules of construction pertaining to drafting of instruments.

d. <u>Force Majeure</u>.  In the event that SPV Trustee or AHM CORP shall be delayed, or hindered or prevented from the performance of any act (other than the payment of money) required hereunder, by reason of a force majeure, including an act of God, fire, casualty, action of the elements, strikes, lockouts, other labor troubles, inability to procure, or general shortage of labor, equipment, facilities, materials or supplies, failure of transportation or of power, restrictive governmental laws or regulations, riots, insurrection, war or any other cause beyond the control of SPV, Trustee or AHM CORP (as the case may be), the performance of such act shall be excused for the period of delay, and the period for the performance of any such act shall be extended for the period necessary to complete performance after the end of the period of such delay.

e. <u>Indemnities to Benefit Trustee</u>.  All covenants, agreements and stipulations in the nature of indemnification, limitation of liability, and waiver of claims, of AHM CORP, contained in this License Agreement which benefit or operate in favor of SPV, shall be deemed to inure to the benefit of Trustee, and their respective agents, servants and employees.

f. <u>Entirety</u>.  Except as herein otherwise provided, no subsequent alteration, amendment, change or addition to this License shall be binding upon either party unless reduced to writing and signed by both parties hereto.

g. <u>Successors and Assigns</u>.  All rights, obligations and liabilities herein given to, or imposed upon, the respective parties hereto, shall extend to and bind the successors, and assigns of the parties, except as otherwise expressly provided herein.

h. <u>Modification For Trustee</u>.  If, in connection with any disposition of the Broadhollow Property, Trustee may request reasonable modifications to this License and AHM CORP will not unreasonably withhold, condition or delay its consent thereto, provided that such modifications do not increase the monetary obligations of AHM CORP hereunder, diminish the services provided by SPV or others to AHM CORP hereunder or adversely affect the license interest hereby created or AHM CORP's rights and remedies hereunder.

i. <u>Superior Agreements</u>.  If the Broadhollow Property, or any part of it, is or becomes at any time during the term covered by and subject to any underlying ground leases or sublease(s), reciprocal easement agreement(s), and/or recorded covenants, conditions, agreements or restrictions, then this License shall be subject to all of the provisions of such

12

instruments and all modifications, amendments, replacements, and extensions thereof.  If there shall be any conflict between the provisions of this License and the provisions of any such instruments, the provisions of any such instruments shall prevail and control, provided, however, no such instruments shall materially affect AHM CORP's rights and remedies under this License.

j. Subordination/Nondisturbance/Attornment.    This  License  shall  be subject and subordinate at all times to the lien of the Mortgage or any other mortgages now or hereafter placed upon the Broadhollow Property without the necessity of any further instrument or act on the part of SPV or Trustee to effectuate such subordination.  AHM CORP further agrees to execute and deliver upon demand such further instrument or instruments evidencing such subordination of this License to the lien of any such mortgage(s) and such further instrument or instruments of attornment as shall be desired by any mortgagee or proposed mortgagee or by any other person or entity.  Trustee acknowledges that the licensed rights granted to AHM CORP under this License will not be terminated or disturbed by reason of the foreclosure of the Mortgage held by Trustee, so long as AHM CORP shall not be in default under this License and shall pay all sums due under this License without offsets or defenses thereto and shall fully perform and comply with all of the terms, covenants and conditions of this License on the part of AHM CORP to be performed and/or complied with, and in the event a future mortgagee or its respective successor or assigns shall enter into and lawfully become possessed of the Broadhollow Property including the Facilities covered by this License and shall succeed to the rights of SPV or Trustee hereunder, then AHM CORP will attorn to the successor as its licensor under this License.

k. Damages.  Notwithstanding anything in this Agreement to the contrary, in no event shall any of the parties to this Agreement, including but not limited to SPV, AHM CORP, or the Trustee shall be liable to the other(s) for any consequential, special or exemplary damages.

l. Master Lease.  Notwithstanding anything contained in this License to the contrary, AHM CORP shall not be deemed to have assumed any obligations of any party under the Master Lease.

m. Counterparts.   This Agreement may be executed in one or more counterparts, by original or facsimile signatures, each of which when combined shall constitute a single and complete agreement.

[SIGNATURE PAGE FOLLOWS]

13

066585.1001

IN WITNESS WHEREOF, SPV and AHM CORP have caused this Agreement to be executed by their duly authorized representatives.

AHM SPV II, LLC
By: American Home Mortgage Corp, Member

By: _____
Name:    Bret Fernandes
Title:    Director of Restructuring


AMERICAN HOME MORTGAGE CORP.

By: _____
Name:    Bret Fernandes
Title:    Director of Restructuring

14

Consent and Approval of Trustee

Bank of America National Association, successor by merger to LaSalle Bank National Association ("Trustee"), as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-PNC1 has joined in the execution of this Agreement solely to acknowledge its consent to the license arrangement created by this Agreement with respect to the Broadhollow Property. The acknowledgment of the Trustee herein below neither expressly or by implication creates or imposes any liability, duty or obligation upon the Trustee with respect to this License or any third party whatsoever except as may be expressly provided under this License.

LASALLE BANK NATIONAL ASSOCIATION, as Trustee for the Registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-PNC1

By:    Midland Loan Services, Inc., its Special Servicer

WITNESS!

_Jonathan S. Clark_

By: _____ (SEAL)
Name:    Kevin ~~Donoghue~~ Donahue
Title:    Senior Vice President

066585.1001

**EXHIBIT A**

**RENT ROLL**

**Tenant:**            Four Soft USA, Inc.

**Space Rented:**      9,228 sq ft (4th Floor East)

**Expiration Date:**   June 1, 2010

**Rent Schedule:**     $25,262.57 from April 1, 2009 through February 28, 2010

                       $20,616.16 from March 1, 2010 through March 31, 2010

                       $0 from April 1, 2010 through May 31, 2010

**SCHEDULE A**

**FACILITIES DESCRIPTION**

# 3rd Floor East

7360 sq Feet





3rd Floor West

768 SQ FEET



4th Floor West

765 sq. Feet

**SCHEDULE A-1**

**FACILITIES DESCRIPTION**

# Basement
13000 sq. Feet

## SCHEDULE B

## RESERVED PARKING SPACES



## STIPULATION SCHEDULE 1

## SUBTENANT INFORMATION

**Tenant:**            Four Soft USA, Inc.

**Space Rented:**      9,228 sq ft (4th Floor East)

**Expiration Date:**   June 1, 2010

**Rent Schedule:**     $25,262.57 from April 1, 2009 through February 28, 2010

                       $20,616.16 from March 1, 2010 through March 31, 2010

                       $0 from April 1, 2010 through May 31, 2010

**STIPULATION SCHEDULE 2**

**POST-MARCH 2009 UTILITIES AND MAINTENANCE**

**American Home Mortgage**
**538 Broadhollow Utility and Building Maintenance Bills Paid for Post March 2009 Activity**

| Check# | Check Date | Vendor ID | Vendor Class | Ref# | Billing Period | Invoice Date | Invoice Amt. | Vendor Name | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 336759 | 3/6/2009 | SOUTHUN26129680 | UTILITY | 3522619 | 1/1/09 - 12/31/09 | 3/6/2009 | $ 1,125.00 | South Huntington W.D. | The total was divided by the number of months in the cycle and multiplied by 9 months remaining 4/09 - 12/09 - Water |
| 336856 | 4/7/2009 | ONGUSEC | MISC | 3522728 | 3/11/09 - 4/7/09 | 3/11/2009 | 6,326.32 | On Guard Security | The total was divided by the number of days in the cycle multiplied by the number of days billed from 4/1 - 4/7 - Building Security |
| 336893 | 4/27/2009 | MICHJAMAMERHM | MISC | 3522819 | 4/1/09 - 4/30/09 | 4/29/2009 | 6,477.31 | Michael James Industries | HVAC Maint 4/09 |
| 336921 | 5/1/2009 | NATIGRI58002867 | UTILITY | 3522813 | 3/9/09 - 4/13/09 | 4/14/2009 | 5,248.46 | National Grid | The total was divided by the number of days in the cycle multiplied by the number of days billed from 4/1 - 4/13 - Gas |
| 336917 | 5/1/2009 | LIPA02558002859 | UTILITY | 3522843 | 3/11/09 - 4/13/09 | 4/14/2009 | 20,561.66 | Lipa | The total was divided by the number of months in the cycle and multiplied by 8 months remaining 4/09 - 11/09 4/13 - Electric |
| 336904 | 5/1/2009 | ACAWAST | MISC | 3522812 | 4/26/2009 | 4/24/2009 | 678.91 | ACA Waste Svcs | Waste removal services |
| 336927 | 5/1/2009 | THYSELE7314455 | MISC | 3522787 | 4/1/09 - 4/30/09 | 4/1/2009 | 1,820.03 | THYSSENKRUPP ELEVATOR CORP | Elevator Maint. |
| 336925 | 5/1/2009 | SIMPGRI01674388 | MISC | 3522854 | 12/1/08 - 11/30/09 | 1/27/2009 | 666.67 | Simplexgrinnel | |
| 336913 | 5/1/2009 | EASTBUI | MISC | 3555815 | 4/1/09 - 4/30/09 | 5/1/2009 | 2,787.32 | Eastco Building Services | Building Cleaning |
| 336951 | 5/12/2009 | ONGUSEC | MISC | 3522885 | 4/8/09 - 5/5/09 | 4/8/2009 | 27,112.80 | On Guard Security | Building Security |
| 336971 | 5/18/2009 | NATIGRI58002867 | UTILITY | 3522916 | 4/13/09 - 5/7/09 | 5/11/2009 | 5,320.06 | National Grid | Gas |
| 336972 | 5/18/2009 | ONGUSEC | MISC | 3522914 | 5/6/09 - 6/2/09 | 5/6/2009 | 27,112.80 | On Guard Security | Building Security |
| 336975 | 5/18/2009 | THYSELE7314455 | MISC | 3522921 | 5/1/09 - 5/30/09 | 5/1/2009 | 1,820.01 | THYSSENKRUPP ELEVATOR CORP | Elevator Maint. |
| 336985 | 5/29/2009 | EASTBUI | Misc | 3522939 | 5/1/09 - 4/30/09 | 5/31/2009 | 2,787.32 | Eastco Building Services | Building Cleaning |
| 336985 | 5/29/2009 | EASTBUI | MISC | 3522937 | | 4/28/2009 | 164.89 | Eastco Building Services | Cleaning supplies |
| 336985 | 5/29/2009 | EASTBUI | MISC | 3522938 | | 5/7/2009 | 162.18 | Eastco Building Services | Cleaning supplies |
| 336985 | 5/29/2009 | LIPA02558002859 | UTILITY | 3522940 | 4/13/09 - 5/8/09 | 5/15/2009 | 38,309.65 | Lipa | Electric |
| 336986 | 5/29/2009 | EMPILAN | MISC | 3522940 | 5/9/2009 | 5/9/2009 | 625.00 | Empire Landsape & Design, Inc. | Lawn care |
| 336986 | 5/29/2009 | EMPILAN | MISC | 3522940 | 5/23/2009 | 5/23/2009 | 625.00 | Empire Landsape & Design, Inc. | Lawn care |
| 336990 | 5/29/2009 | MICHJAMAMERHM | MISC | 3522943 | 5/15/2009 | 5/15/2009 | 1,907.95 | Michael James Industries | HVAC repairs |
| 337020 | 6/19/2009 | ACAWAST | MISC | 3522978 | 6/2/2009 | 6/3/2009 | 678.91 | ACA Waste Svcs | Waste removal services |
| 337025 | 6/19/2009 | EMPILAN | MISC | 3522981 | 6/6/2009 | 6/6/2009 | 625.00 | Empire Landsape & Design, Inc. | Lawn care |
| 337049 | 6/26/2009 | THYSELE7314455 | MISC | 3522999 | 6/3/09 - 6/30/09 | 6/1/2009 | 1,820.01 | THYSSENKRUPP ELEVATOR CORP | Elevator Maint. |
| 337044 | 6/26/2009 | ONGUSEC | MISC | 3523000 | 6/3/09 - 6/30/09 | 6/3/2009 | 27,112.80 | On Guard Security | Building Security |
| 337040 | 6/26/2009 | LIPA02558002859 | UTILITY | 3522992 | 5/8/09 - 5/31/09 | 6/16/2009 | 49,934.83 | Lipa | Electric |
| 337043 | 6/26/2009 | NATIGRI58002867 | UTILITY | 3522991 | 5/7/09 - 6/9/09 | 6/10/2009 | 4,747.63 | National Grid | Gas |

**Total Paid as of 06-26-09**                     $ 236,558.75