**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------------x
In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*, [1]

                                        Debtors.

-----------------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

Hearing Date: August 11, 2009 at 10:30 a.m.
Responses Due: August 4, 2009 by 4:00 p.m.

**APPLICATION FOR AN ORDER AUTHORIZING THE *NUNC PRO TUNC*
RETENTION AND EMPLOYMENT OF THE RECEIVABLE MANAGEMENT
SERVICES CORPORATION AS COLLECTIONS AGENT FOR THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), hereby submits this application (the "*Application*") for the entry of an order, in substantially the form attached hereto as *Exhibit A*, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 2014-1(a) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*") authorizing the Committee to retain and employ The Receivable Management Services Corporation ("*RMS*") as its collections agent effective as of July 1, 2009. In support of this Application, the Committee relies on the Declaration of Hugh Kelly, a vice president of RMS, sworn to on July 9, 2009 (the "*Kelly Declaration*"), a true and complete copy of which is attached hereto as *Exhibit B* and which is incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

**JURISDICTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The statutory predicates for the relief requested herein are §§ 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1(a).

**BACKGROUND**

3. On August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court commencing the above-captioned cases (the "*Chapter 11 Cases*").

4. The Debtors have continued in possession of their property and management of their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

5. On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed seven of the Debtors' largest unsecured creditors to the Committee.[2]

6. On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the Debtors* (as amended, the "*Plan*") which, *inter alia*, contemplates the creation of a liquidating trust (the "*Liquidating Trust*" and its representative, the "*Liquidating Trustee*"). In relevant part, the Plan provides that the Liquidating Trustee is permitted to act in accordance with the terms of the *Plan Trust Agreement* as of confirmation of the Plan through the effective date of the Plan (the "*Effective Date*"), and after the Effective Date, the Liquidating Trustee (i) may retain

---

[2] The Committee presently consists of Deutsche Bank National Trust Company; Impac Funding Corporation; Law Debenture Trust Company of New York; Nomura Credit & Capital, Incorporated, United Parcel Service; and the Wilmington Trust Company.

professionals and other agents on behalf of the Liquidating Trust as necessary or desirable to carry out the obligations of the Liquidating Trustee, and (ii) is authorized and obligated to investigate, prosecute, litigate, compromise, or settle all causes of actions under chapter 5 of the Bankruptcy Code (the "*Avoidance Actions*").

7. On or about January 5, 2009, the Committee, after conducting an extensive review and interview process of the various candidates for the position of Liquidating Trustee, selected Steven D. Sass, Esq. of Steven D. Sass, LLC to serve as Liquidating Trustee. Committee Member United Parcel Service ("*UPS*") abstained from the Liquidating Trustee selection process as Mr. Sass is Assistant Vice President/Legal Services for RMS, who serves on the Committee as agent for UPS.

8. On February 23, 2009, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "*Confirmation Order*") [Docket No. 7042].

9. To date, however, the Plan has yet to become effective.

*Prosecution of the Estates' Avoidance Actions*

10. The Committee, with the assistance of the Debtors, has analyzed the Debtors' books and records to determine the nature and extent of the potential Avoidance Actions and has identified in excess of 1,000 potential claims.

11. The Committee and the Debtors have consulted regarding the efficient pursuit and transition of the Avoidance Actions for the period prior to the occurrence of the Effective Date and have determined that any and all Avoidance Actions should be pursued by the Committee since it is the unsecured creditors who hold the pecuniary interest in the Avoidance Actions under the Plan.

12. On July 6, 2009, the Committee and the Debtors executed a stipulation (the

"*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee, for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all Avoidance Actions, subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan.

### RELIEF REQUESTED

13.     By this Application, the Committee seeks entry of an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, approving the retention and employment of RMS as its collections agent with respect to the Avoidance Actions *nunc pro tunc* to July 1, 2009.  The Committee proposes to retain RMS to perform certain professional services (the "*Services*") as more fully described herein which shall be performed in accordance with the terms and conditions set forth in the written agreement between the Committee and RMS (the "*Engagement Letter*"), a true and complete copy of which is attached hereto as *Exhibit C*.

### BASIS FOR RELIEF REQUESTED

14.     The Committee seeks approval to retain RMS pursuant to section 1103 of the Bankruptcy Code which, in relevant part, provides that an official committee may select and authorize the employment of agents and other professionals, such as RMS, to perform services for such committee. 11 U.S.C. § 1103(a).  Pursuant to the Stipulation, the Committee is tasked with investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and

all Avoidance Actions on behalf of the Debtors' estates prior to the Effective Date.  RMS is being employed by the Committee (on a contingent fee basis) to perform these services.  RMS is a consulting/debt collection firm with extensive experience dealing with liquidating companies in complex chapter 11 cases.  Moreover, RMS has a sophisticated debt collection division, staffed with experienced personnel, specializing in identifying and pursuing preferences and other avoidance actions.

15.     RMS is a highly respected and experienced professional services firm that offers a comprehensive suite of services in all areas of credit, collection, litigation and recovery.  In fact, RMS is one of the largest collection firm in the United States and employs over three thousand (3000+) associates in their various facilities worldwide.  Given RMS' experience in these matters, the Committee submits that RMS is well-qualified to serve as the Committee's collections agent.

16.     RMS has indicated a desire and willingness to act in these Chapter 11 Cases and render the necessary professional services to the Committee on the terms set forth in the Engagement Letter and described herein.

17.     RMS will assist the Committee in pursuing the Avoidance Actions by providing Services that the Committee deems necessary and beneficial, including, but not limited to:

- Identifying and analyzing outstanding accounts receivable owed to the Debtors' estates;

- Identifying, analyzing, and investigating transactions with non-debtor entities and other related parties;

- Performing a preliminary investigation and assessment of Avoidance Actions;

- Identifying and analyzing recipients of avoidable transfers;

- Issuing demand letters to entities identified as recipients of avoidable transfers;

- Performing collections services on behalf of the Committee with respect to Avoidance Actions;

- Assisting the Committee and its counsel in negotiating settlement of Avoidance Actions;

- Communicating findings to the Committee; and

- Performing such other services as the Committee and its counsel deem necessary.

18. The Services to be rendered by RMS will not duplicate the services to be rendered by any other professionals retained by the Committee in these Chapter 11 Cases, or the Liquidating Trustee when the Plan goes effective, and every effort will be made to ensure that RMS' services are rendered in the most cost-effective manner possible.

19. Due to the number of emergent matters pending with the Court in these Chapter 11 Cases, the Committee requested RMS to immediately begin many of the tasks outlined in paragraph 17 above so that a complete identification and assessment of the Avoidance Actions would be concluded prior to the occurrence of the two (2) year anniversary of the Petition Date set to occur on August 6, 2009.

20. The Committee submits that the retention of RMS, on the terms and conditions described herein, is necessary, appropriate and in the best interests of the Debtors' estates, creditors and all other parties-in-interest, and should be granted in all respects.

21. RMS is not a creditor of the Debtors; however, RMS serves as the agent for UPS, as a member of the Committee. By way of further disclosure, Mr. Sass is employed by RMS as Assistant Vice President/Legal Services. Therefore, to the extent that potential Avoidance Actions exist against UPS (or any other client of RMS), such Avoidance Actions will be handled by the Committee without RMS' assistance.

22. Based upon the Kelly Declaration, and to the best of the Committee's knowledge,

information and belief, neither RMS nor any professional employee of RMS has any connection with, or any interest adverse to, the Debtors, their creditors, or any other party-in-interest, or their respective attorneys and accountants, except as may be set forth herein or in the Kelly Declaration.

23.     Based upon the Kelly Declaration, the Committee submits that RMS is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.  The Committee has been informed that RMS will conduct an ongoing review of its internal files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, RMS will supplement its disclosure to the Court.

24.     Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain RMS on reasonable terms and conditions of employment.  In particular, that section provides that a committee "with court's approval, may employ or authorize the employment of a professional person under section … 1103 … on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

25.     As recognized by numerous courts, Congress' intent in enacting section 328(a) of the Bankruptcy Code was to enable debtors and statutory committees to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *see also Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-63 (5th Cir.) ("If the most competent professionals are to be available for complicated capital restructuring and the development of

successful corporate reorganization, they must know what they will receive for their expertise and commitment.").

26. Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals, including agents such as RMS, on terms that reflect the nature of their services and market conditions. The Committee has engaged in arms' length negotiations over the terms of the Engagement Letter, which reflect a commercially reasonable compensation and employment arrangement. Thus, the Committee requests approval of the Engagement Letter, including the fee structure and expense reimbursement provisions contained therein (the "*Fee Structure*"), pursuant to section 328(a) of the Bankruptcy Code.

27. The Fee Structure contemplates reimbursing RMS for Services rendered on a contingent fee basis ranging from 25% to 10% of the recovery for domestic collections and 35% to 15% of the recovery for foreign collections as determined by a temporal sliding scale.

- Collections made prior to the filing of an answer to a complaint to avoid a target transfer ("*Tier 1*") would entitle RMS to 25% fee if domestic, or a 35% fee if foreign.

- Collections made after Tier 1 but prior to the commencement of discovery ("*Tier 2*") would entitle RMS to 20% fee if domestic, or a 28% fee if foreign.

- Collections made after Tier 2 but prior to the commencement of motion practice and/or substantial discovery ("*Tier 3*") would entitle RMS to 15% fee if domestic, or a 20% fee if foreign.

- Collections made after Tier 3 would entitle RMS to 10% fee if domestic, or a 15% fee if foreign.

28. To the extent any compensation would be due prior to the Effective Date, RMS intends to apply to the Court for allowance of compensation and the reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Court. Post-Effective Date, RMS will comply with the applicable procedures set forth in the Confirmation Order, the Plan and the Plan Trust Agreement.

29. Considering the services that RMS will provide and the market prices for such services, the Committee submits that the Fee Structure (including reasonable reimbursement of expenses) is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfill the requirements of Local Rule 2014-1(a).

30. RMS has no agreement or understanding in any form to share any of its compensation in this matter with any other person or firm, other than as permitted by section 504 of the Bankruptcy Code.

## **NO PRIOR REQUEST**

31. No prior request for the relief requested herein has been made to this or any other Court.

## **NOTICE**

32. Notice of this Application has been given to (i) the Office of the U.S. Trustee, (ii) counsel to the Debtors, and (iii) all parties who have filed a notice of appearance pursuant to Bankruptcy Rule 2002 in these cases. The Committee respectfully submits that no further notice of the relief requested herein need be provided.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

...

**WHEREFORE**, the Committee respectfully requests that this Court (i) enter an order authorizing the retention of RMS *nunc pro tunc* to July 1, 2009 as collections agent for the Committee on the terms and conditions set forth in the Engagement Letter, and (ii) grant such other and further relief as the Court deems just and proper.

Dated:   Wilmington, Delaware
         July 15, 2009

                                                BLANK ROME LLP

                                      By:  *David W. Carickhoff*
                                           Bonnie Glantz Fatell (No. 3809)
                                           David W. Carickhoff (No. 3815)
                                           1201 Market Street, Suite 800
                                           Wilmington, DE  19801
                                           Telephone: (302) 425-6400
                                           Facsimile:  (302) 425-6464

                                                  and

                                           HAHN & HESSEN LLP
                                           Mark S. Indelicato
                                           Mark T. Power
                                           Edward L. Schnitzer
                                           Jeffrey Zawadzki
                                           488 Madison Avenue
                                           New York, NY 10022
                                           Telephone: (212) 478-7200
                                           Facsimile:  (212) 478-7400

                                           *Counsel for the Committee*