UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x
In re                                                              Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,                                   Case No. 07-11047 (CSS)
INC., *et al.*,[1]                                                 (Jointly Administered)

                            Debtors.
-----------------------------------------------------------------x

## DECLARATION OF HUGH KELLY

I, HUGH KELLY, hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.   I am Vice President of The Receivable Management Services Corporation ("*RMS*"), which maintains its headquarters at 240 Emery Street, Bethlehem, PA 18015 and an office located at 307 International Circle, Suite 270, Hunt Valley, Maryland. I submit this Declaration (the "*Declaration*") on behalf of RMS is support of the application of The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al.* (the "*Debtors*") for an order authorizing the retention of RMS as collections agent for the Committee. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

## QUALIFICATIONS

2. RMS is a consulting/debt collection firm with extensive experience dealing with liquidating companies in complex chapter 11 cases. RMS offers a comprehensive suite of services to customers in all areas of credit, collection, litigation and recovery. RMS is one of the largest collection agencies in the United States, and employs over three thousand (3,000+) associates in its various facilities worldwide. RMS has a sophisticated debt collection division, staffed with experienced personnel, specializing in identifying and pursuing preferences and other avoidance actions.

3. RMS is a highly respected and experienced professional services firm that has been successfully representing trustees, creditors' committees and debtor's estates in the pursuit of avoidance actions and collection of accounts receivable on a contingent fee basis. RMS' expertly-trained staff, which includes attorneys, paralegals and support staff are experienced in the pursuit of preference actions and the associated negotiation techniques, are perfectly poised to fully maximize all recoveries due to the Debtors' estates while minimizing the costs associated with such collection efforts.

## DISINTERESTEDNESS AND ELIGIBILITY

4. Except as may be set forth below, upon information and belief, insofar as I have been able to ascertain after due inquiry, (i) RMS does not represent or hold any interest adverse to the Debtors or the Debtors' estates, creditors or any other known party-in-interest herein in the matters upon which it is to be employed; (ii) RMS is not related professionally to the Debtors, their creditors or any other known party in interest, the United States Trustee or anyone employed in the United States Trustee's office; and (iii) RMS does not have any connection with

the Debtors' creditors, any United States District Judge or United States Bankruptcy Judge for the District of Delaware or any other party-in-interest, other than indicated herein below.

5. RMS conducted an extensive conflicts check, through a search of its client database and direct communications with employees of RMS, regarding its connections, if any, with the Debtors and other parties in interest (collectively, the "*Parties in Interest*"). A search of RMS' client database is designed to reveal any representation of, or potential conflict or connections with, the entity searched. A list of the potential Parties in Interest that were the subject matter of RMS' conflicts search is annexed hereto as *Exhibit A*. This search was as complete as possible under the circumstances, but RMS recognizes that additional parties-in-interest may surface during the course of these chapter 11 cases (the "*Chapter 11 Cases*"). As parties become known or make appearances in these Chapter 11 Cases, RMS will supplement its disclosures as necessary or appropriate.

6. During our conflicts check and inquiry, we found the following connections with potential Parties in Interest revealed by the investigations described above:

- RMS serves as the agent for United Parcel Service ("*UPS*"), as a member of the Committee. By way of further disclosure, Steven D. Sass, Esq. of Steven D. Sass, LLC, selected to serve as Liquidating Trustee in these Chapter 11 Cases, is also employed by RMS as Assistant Vice President/Legal Services.
- RMS serves as the agent for the following creditors, either in collection matters or in this or other bankruptcies: ADP, Inc., CDW Direct, LLC, D&B, and EMC Corporation.

7. RMS will not represent the Committee with respect to any Avoidance Actions involving any of the entities listed in paragraph 6 above. Such Avoidance Actions will be handled by the Committee without RMS' assistance.

8. RMS does not believe that it is a "creditor" with respect to fees and expenses of any of the Debtors within the meaning of section 101(10) of title 11 of the United States Code

(the "Bankruptcy Code"). Further, neither I nor any other member of the RMS engagement team serving the Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

9. To the best of my knowledge, neither RMS nor any employee of RMS is or was an investment banker for any outstanding security of the Debtors.

10. To the best of my knowledge, neither RMS nor any employee at RMS is or was, within three (3) years before the filing of the Debtors' cases (the "*Petition Date*"), an investment banker for any security of the Debtors, or an attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

11. To the best of my knowledge, neither RMS nor any employee at RMS is or was, within two (2) years before the Petition Date, a director, officer or employee of the Debtors.

12. To the best of my knowledge, RMS does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or an investment banker specified in the foregoing paragraphs, for any other reason.

13. As such, to the best of my knowledge, RMS is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code, in that RMS:

- is not a creditor, an equity security holder, or insider of the Debtors;

- is not and was not, within two (2) years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

- does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or any other reason.

**PROFESSIONAL COMPENSATION**

14. Subject to the Court's approval, RMS shall perform certain services to assist the Committee in investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all of the Debtors' claims arising under chapter 5 of the Bankruptcy Code (the "Avoidance Actions") on behalf of the Debtors' estates. The compensation structure for these services contemplates reimbursing RMS on a contingent fee basis ranging from 10% to 25% of the recovery for domestic collections and 15% to 35% of the recovery for foreign collections as determined by a temporal sliding scale.

- Collections made prior to the filing of an answer to a complaint to avoid a target transfer ("*Tier 1*") would entitle RMS to 25% fee if domestic, or a 35% fee if foreign.

- Collections made after Tier 1 but prior to the commencement of discovery ("*Tier 2*") would entitle RMS to 20% fee if domestic, or a 28% fee if foreign.

- Collections made after Tier 2 but prior to the commencement of motion practice and/or substantial discovery ("*Tier 3*") would entitle RMS to 15% fee if domestic, or a 20% fee if foreign.

- Collections made after Tier 3 would entitle RMS to 10% fee if domestic, or a 15% fee if foreign.

15. To the extent any compensation would be due prior to the Effective Date, RMS intends to apply to the Court for allowance of compensation and the reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court. Post-Effective Date, RMS will comply with the applicable procedures set forth in the Confirmation Order, the Plan and the Plan Trust Agreement.

16. RMS has not received any compensation from any party with respect to its engagement in the Chapter 11 Cases. No promises have been received by RMS or by any employee thereof as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. RMS has no agreement with any other

entity to share with such entity any compensation received by RMS in connection with the Chapter 11 Cases.

17. The proposed engagement of RMS is not prohibited by or improper under Bankruptcy Rule 5002. RMS and the professionals it employs are qualified to serve as collections agent to the Committee for which RMS is proposed to be engaged.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Bethlehem, Pennsylvania on July 9, 2009.

_____
Hugh Kelly, Vice President
Receivable Management Services
240 Emery Street
Bethlehem, PA 18015