**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------------- x
|  |  |
|---|---|
| In re: | Chapter 11 |
| | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket Nos. 3879, 4661, 4662, 5181, 5447, 7084 and 7280** |
----------------------------------------------------------------- x

**SUPPLEMENTAL DECLARATION OF EILEEN WANERKA IN SUPPORT
OF DEBTORS' FIFTH, TENTH, ELEVENTH, THIRTEENTH, FIFTEENTH,
THIRTY-FIRST, AND THIRTY-THIRD OMNIBUS OBJECTIONS TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
<u>BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1</u>**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>").  In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I submit this Supplemental Declaration to supplement the various declarations filed in support of (i) the Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 3879] (the "<u>Fifth Objection</u>"); (ii) the Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 4661] (the "<u>Tenth Objection</u>"); (iii) the Debtors' Eleventh

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

066585.1001

Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 4662] (the "Eleventh Objection"); (iv) the Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5181] (the "Thirteenth Objection"); (v) the Debtors' Fifteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5447] (the "Fifteenth Objection"); (vi) the Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7084] (the "Thirty-First Objection")and (vii) the Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7280] (the "Thirty-Third Objection") (collectively, the "Objections").

      2.      This Supplemental Declaration is intended to provide additional legal, factual and documentary support for the relief requested by the Debtors in the Objections with respect to certain proofs of claim that are addressed herein (the "Claims"). The Objections have been previously adjourned with respect to these Claims. The Debtors have conducted further review of their books and records and have identified several documents that lend additional support to the Objections which are attached hereto as exhibits. The Debtors reserve the right to supplement this declaration and the right to further object to the proofs of claims discussed herein on any substantive or non-substantive grounds.

A.    **Robert W. Sullivan**

3.    Pursuant to the Fifth Objection, the Debtors objected to the claim [POC No. 9979] ("Claim 9979") of Robert W. Sullivan, a copy of which is attached hereto as Exhibit A, on the grounds that Claim 9979 was filed after the applicable bar date.  Mr. Sullivan filed a response [Docket No. 4339] in which he claimed that he is entitled to his claim for $23,643.25, unsecured priority, because failed to appreciate the meaning of "Bar Date Order."  While the Debtors do not concede that Claim 9979 was filed in a timely manner, the Debtors further object to Claim 9979 on the following substantive grounds.

4.    Claim 9979 is composed of two portions.  The first portion consists of a claim for $23,000 on account of unpaid bonus payment due to Mr. Sullivan pursuant to an amendment to his employment contract, which he attached to Claim 9979.  True and correct copies of his employment contract and the amendment are attached hereto as Exhibit B.  **[REDACTED]** of the amendment to his employment contract provides as follows:

# [REDACTED]

5.    The Debtors' records indicate that Mr. Sullivan was terminated on August 3, 2007 and the applicable payment date for this performance bonus was August 10, 2007.  Because Mr. Sullivan was not employed on the scheduled payment date for this performance bonus, he is not entitled to it pursuant to the terms of his employment contract.

6.    Mr. Sullivan also asserts that he is entitled to $643.25 due to payments he made to a flexible spending account while employed by the Debtor, American Home Mortgage Corp. This portion of Claim 9979 should be disallowed because the Flexible Spending Account was a benefit program related to medical expense funds offered by, and administered through, ADP, a

non-debtor, third party.  The Debtors were not responsible for maintaining or dispensing such funds.

7.      In addition, the Flexible Spending Account program was a "use it or lose it" benefit program, which ADP terminated on the same date of an employee's termination of employment.  Employees were required to submit claims for reimbursement of medical expenses incurred prior to the termination date to ADP (rather than the Debtors) by October 31, 2007.  Upon information and belief, Mr. Sullivan did not seek reimbursement for any such expenses.

**B.      Audrey M. Andrews**

8.      Pursuant to the Tenth Objection, the Debtors objected to the claim [POC No. 291] ("Claim 291") of Audrey M. Andrews, a copy of which is attached hereto as Exhibit C, on the basis that Ms. Andrews failed to include any documentation to support her claim.  Ms. Andrews filed a response [Docket No. 4984] in which she claimed that she is owed $5,000 in minimum compensation for the month of August, 2007, pursuant to an amendment to her employment contract, which she attached to her response.  A true and correct copy of this employment contract and amendment is attached hereto as Exhibit D.  **[REDACTED]** of the amendment to her employment contract (which amends **[REDACTED]** of her employment contract) provides as follows:

# [REDACTED]

9.      The employment contract only provides for minimum compensation payments for a period ending on July 15, 2007; as a result, Ms. Andrews is not entitled to minimum compensation for the month of August 2007.  Moreover, even if Ms. Andrews was entitled to payment for the month of August, 2007, Ms. Andrews was terminated on August 3, 2007 and

DB02:8325649.3                                                                                        066585.1001

was therefore not employed on the scheduled payment date as required by her employment contract.

### C.    Kathleen Heck

10.    Pursuant to the Eleventh Objection, the Debtors objected to the claim [POC No. 7449] ("Claim 7449") of Kathleen Heck, a copy of which is attached hereto as Exhibit E, on the basis that Ms. Heck is not entitled to the amounts claimed according to the terms of her employment contract. Ms. Heck filed a response [Docket No. 5016] in which she claimed that she is entitled to $233,500.38 in commissions and retroactive pay that was approved by her superiors. She also attached a copy of her employment contract to her response, a copy of which is attached hereto as Exhibit F.

11.    Specifically, Ms. Heck asserts that she is entitled to a $200,000 performance bonus pursuant to her employment contract. However, **[REDACTED]** of the addendum to her employment contract provides as follows:

# [REDACTED]

The Debtors records indicate that the Division referenced in Ms. Heck's employment contract did not meet the requirements for issuance of a Performance Bonus. Ms. Heck has not provided any documentation dispute these records. Moreover, because Ms. Heck was terminated on August 3, 2007, she was not employed on the scheduled payment date for this performance bonus and is therefore not entitled to it pursuant to the terms of her employment contract.

DB02:8325649.3                                                                                                          066585.1001

12.     Ms. Heck also asserts that she is owed retroactive minimum compensation payments for the first five months of 2007.  The Debtors did agree to pay Ms. Heck additional minimum compensation payments over the last seven months of 2007 and made additional minimum compensation payments to Ms. Heck in June and July 2007.  However, [REDACTED] of Ms. Heck's employment contract states, "[----------------------------------REDACTED------------ -------------------------------------------REDACTED----------------------------------------------]"  Ms. Heck is not entitled to the additional minimum compensation payments for August through December 2007 because she was terminated on August 3, 2007 and was therefore not employed on the applicable scheduled payment dates for those payments.

**D.     Thomas Furey**

13.     Pursuant to the Eleventh Objection, the Debtors objected to the claim [POC No. 7105] ("Claim 7105") of Thomas Furey, a copy of which is attached hereto as <u>Exhibit F</u>, on the basis that Mr. Furey is not entitled to the amounts claimed according to the terms of his employment contract.  Mr. Furey filed a response [Docket No. 5056] in which he asserts he is entitled to quarterly bonus payment for 2nd quarter through June 30, 2007.  However, pursuant to the addendum to his employment contract, Mr. Furey is not entitled to the bonus payment. Copies of the employment contract and addendum are attached hereto as <u>Exhibit G</u>.

14.     Specifically, **[REDACTED]** of the addendum to his employment contract provides as follows:

# [REDACTED]

The Debtors' records indicate that Mr. Furey received a Quarterly Bonus in the amount of $4,773.65 on June 25, 2007 and the next Quarterly Bonus would have been scheduled for

payment on September 25, 2007.  Mr. Furey was terminated on August 3, 2007.  Thus, he is not

entitled to the claimed bonus payment because he was not employed on the applicable scheduled

payment date as required by his employment contract.

###### E.    **Calvin Kammeyer**

15.    Pursuant to the Thirteenth Objection, the Debtors objected to the claim [POC No.

7606] ("Claim 7606") of Calvin Kammeyer, a copy of which is attached hereto as Exhibit H, on

the basis that Mr. Kammeyer is not entitled to the amounts claimed according to the terms of his

employment contract.  Mr. Kammeyer did not file a response to the Thirteenth Objection with

the Court, however, the Court asked that the Debtors provide additional information regarding

their objection to Claim 7606.  The Debtors have communicated with Mr. Kammeyer and

determined that Mr. Kammeyer believes he is entitled to minimum compensation payments

referenced in his employment contract, which is attached to Claim 7606 annexed hereto as

Exhibit I.  **[REDACTED]** of Mr. Kammeyer's employment contract provides as follows:

# [REDACTED]

16.    Upon information and belief, Claim 7606 is for $40,000 of minimum

compensation for the months of August through November of 2007.  Mr. Kammeyer was

terminated on August 3, 2007 and was therefore not employed on the scheduled payment dates

for the August through November minimum compensation payments.  Therefore, pursuant to the

terms of his employment contract, Claim 7606 should be expunged.

7

**F.    Minda Boxer**

17.    Pursuant to the Thirteenth Objection, the Debtors objected to the claim [POC No. 7990] ("Claim 7990") of Minda Boxer, a copy of which is attached hereto as Exhibit J, on the basis that Ms. Boxer is not entitled to the amounts claimed according to the terms of her employment contract.  Ms. Boxer did not file a response to the Thirteenth Objection with the Court, however, the Court asked that the Debtors provide additional information regarding their objection to Claim 7990.  Pursuant to Claim 7990, Ms. Boxer asserts that she is entitled to minimum compensation for the months of July and August 2007 pursuant to the terms of her employment contract, a copy of which is attached to Claim 7990 annexed hereto as Exhibit K.  [REDACTED] of Ms. Boxer's employment contract provides as follows:

# [REDACTED]

# [REDACTED]

18.    Ms. Boxer was terminated on August 3, 2007, before the scheduled payment date for the August 2007 minimum compensation payment.  Therefore, pursuant to the terms of her employment contract, Ms. Boxer is not entitled to a claim for that amount.  July, 2007, was Ms. Boxer's fourth month of employment.  Although she was employed on the scheduled payment date for the July 2007 minimum compensation payment, she was not entitled to this payment

DB02:8325649.3

066585.1001

because here branch failed to originate a minimum of $5 million of application volume and a

minimum of $2.5 million of aggregate internal closed loan production during the month of June

as required by her employment contract.

    **G.**    **Tammy L. Pederson**

    19.    Pursuant to the Fifteenth Objection, the Debtors objected to the claim [POC No.

183] ("Claim 183") of Tammy L. Pedersen, a copy of which is attached hereto as Exhibit L, on

the basis that Ms. Pedersen is not entitled to the amounts claimed according to the terms of her

employment contract. Ms. Pedersen filed a response to that objection [Docket No. 5794] arguing

that she is entitled to receive a minimum compensation payment of $2,000 for the month of

August 2007. Ms. Pedersen included a copy of her employment contract with Claim 183, a copy

of which is attached hereto as Exhibit M. The applicable provision of Ms. Pedersen's

employment contract appears on **[REDACTED]** and reads in pertinent part as follows:

# [REDACTED]

    20.    Ms. Pedersen was terminated on August 3, 2007 and was not employed on the

scheduled payment date for the August 2007 minimum compensation payment and is therefore

not entitled to the payment according to the terms of her employment contract.

    **H.**    **Robert Sweeney**

    21.    Pursuant to the Seventeenth Objection, the Debtors objected to the claim [POC

No. 7469] ("Claim 7469") of Robert Sweeney, a copy of which is attached hereto as Exhibit N,

on the basis that Mr. Sweeney is not entitled to the amounts claimed according to the terms of his

employment contract. Mr. Sweeney filed a response to that objection [Docket No. 6123] arguing

that he is owed for a commission earned in July 2007 in the amount of $32,581.00. Mr. Sweeney

included with his response a copy of his employment contract, which is attached hereto as

Exhibit O.  **[REDACTED]** of Addendum A to Mr. Sweeney's employment contract provides as

follows:

# [REDACTED]

22.    Mr. Sweeney was terminated on August 3, 2007 and the scheduled payment date

for the July 2007 commission that he claims was August 25, 2007.  Therefore, pursuant to the

terms of his employment contract, Claim 7469 should be expunged.

**I.      Faith Camille Wilkinson**

23.    Pursuant to the Thirty-First Objection, the Debtors objected to the claim [POC

No. 8026] ("Claim 8026") of Faith Camille Wilkinson, a copy of which is attached hereto as

Exhibit P, on the basis that Ms. Wilkinson is not entitled to the amounts claimed according to the

terms of her employment contract.  Ms. Wilkinson filed a response [Docket No. 7202] asserting

that she is entitled to an unsecured priority claim in the amount of $12,000 on the grounds that

she was employed at the time the sign-on bonus was payable.  A copy of Ms. Wilkinson's

employment agreement with addendum is attached hereto as Exhibit Q.    **[REDACTED]**

of Addendum A to Ms. Wilkinson's employment contract provides, in pertinent part, as follows:

# [REDACTED]

DB02:8325649.3                                                      066585.1001

24.    Ms. Wilkinson was terminated on August 3, 2007 and the scheduled payment date for the sign-on bonus that she claims was August 10, 2007. Therefore, pursuant to the terms of her employment contract, Claim 8026 should be expunged.

**J.    Eileen Lavan**

25.    Eileen Lavan filed a proof of claim [POC No. 4052] ("Claim 4052"), a copy of which is attached hereto as Exhibit R, stating that she is owed $6,041.25 for three weeks of unused vacation time. The Debtors objected to Claim 4052 in the Thirty-Third Objection requesting that the Court reduce the claim to $4,027.46 (priority unsecured) which is the amount equal to two weeks of unused vacation time. Ms. Lavan filed a response to the Debtors' objection reasserting the her belief that she is entitled to three weeks vacation time [Docket No. 7340].

26.    Pursuant to the Debtors' vacation policy, a true and correct copy of which is attached hereto as Exhibit S, Ms. Lavan is only entitled to two weeks of unused vacation time This policy states as follows:

# [REDACTED]

27.    Ms. Lavan was on a three week vacation schedule and is therefore entitled to the lesser of two weeks of unused vacation time or $6,000. Two weeks of vacation time at Ms. Lavan's payment level is equal to $4,027.46. Therefore Ms. Lavan is only entitled to a claim of $4,027.46, priority unsecured.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on July 1, 2009

Eileen Wanerka
Assistant Vice President

066585.1001

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

## PROOF OF CLAIM

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000009979

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCH #: 40608*****
SULLIVAN, ROBERT W

Telephone number:
Email Address:

Account or other number by which creditor identifies debtor:

### THIS SPACE IS FOR COURT USE ONLY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Check here if this claim:
☐ replaces   ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☒ Taxes
☒ Other  Flex benefits                    (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: ~~_____~~

Unpaid compensation for services performed
from 1/1/07 (date) to 7/31/07 (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ + _____ + 23,000.00 = 23,000.00
(unsecured nonpriority)   (secured)   (unsecured priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below. *DANS Short of recurring production compensation on closed loans w/ AHM*
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**7. ☒ Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ 643.25 / 23,000
Specify the priority of the claim:   Total 23,643.25
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(4).

**6. Unsecured Nonpriority Claim.** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

FEB 19 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date  2-2-08

Sign and print the name and title if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)  Sullivan

POA  For Robert W. Sullivan

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[REMAINDER REDACTED IN FULL]

# EXHIBIT B

[REDACTED IN FULL]

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al... Debtors. | Case No. 07-11047 (CSS) Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Audrey M. Andrews

Telephone number:
Email Address:

Account or other number by which creditor identifies debtor:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000000291

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☒ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: _____
Unpaid compensation for services performed 8-1-07 — 8-3-07
from August 1, 2007 to August 3, 2007
(date)        (date)

2. Date debt was incurred: _____

3. If court judgment, date obtained: N/A

4. **Total Amount of Claim at Time Case Filed:** $ Ø + Ø + _____ = _____
   (unsecured nonpriority)    (Secured)    (unsecured priority)    (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☒ Real Estate    ☐ Motor Vehicle
   ☐ Other _____

   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in
   secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $_____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☒ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ 5,000.00
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

SEP 4 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 8/31/07 | Audrey M Andrews     Audrey M Andrews |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# **EXHIBIT D**

[REDACTED IN FULL]

## EXHIBIT E

[REDACTED IN FULL]

**EXHIBIT F**

[REDACTED IN FULL]

**EXHIBIT G**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

**PROOF OF CLAIM**

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)                    0000007105

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

　　　AHM (MERGE2.DBF,SCHED_NO) SCH #: 39015*****
　　　FUREY, THOMAS

Telephone number: ▓▓▓▓
Email Address: ▓▓▓▓

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☒ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: ▓▓▓▓
Unpaid compensation for services performed
from 1/1/07 to 8/3/07
　　　　(date)　　　　　(date)

2. **Date debt was incurred:** 1/1/07 – 8/3/07

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 0 (unsecured nonpriority) + 0 (secured) + 10,950 (unsecured priority) = 10,950 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim:** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 10,950
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**JAN - 4 2008**

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 11/17/07 | _signature_    Thomas J. Furey |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

US Bankruptcy Court
In Re: American Home Mortgage
Case No. 07-11047

January 3, 2008

To Whom It May Concern:

As a branch manager of American Home Mortgage I was part of a bonus plan that was structured to only pay half of actual bonus earned every quarter. The other ½ of was paid in a lump sum at year end. The total amount of bonus income earned (but not paid) is in excess of the $10,950, which represents the maximum "unsecured priority claim" per the form attached.

Secondly, I was not reimbursed for cable advertising in the amount of $1,406.55 which aired during the series "The Bronx is Burning" on ESPN. I paid the creditor "Comcast" on my American express and my expense report submitted on July 30th, 2007 was never processed. That report also included a charity golf tournament on Cape Cod for $750. The tournament which I purchased a foursome was for the benefit of the "Scotty fund" and was run by AHM's Cape Cod office. Per AHM mgmt, this was to be reimbursed as well.

If you have any further questions, please do not hesitate to contact me at ▬▬▬▬▬

Regards,

Thomas J. Furey
Former Branch Manager of AHM of Danbury, CT

# EXHIBIT H

[REDACTED IN FULL]

**EXHIBIT I**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |

Name of Debtor Against Which Claim is Held   Case No. of Debtor
AMERICAN HOME MORTGAGE   07-11047 (CSS)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCH #: 40015*****
KAMMEYER, CALVIN

Telephone number:
Email Address:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., El Al.
07-11047 (CSS)          0000007606

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: ▓▓▓
Unpaid compensation for services performed
from 6/2007 (date) to 10/2007 (date)

**2. Date debt was incurred:**
5/11/2007

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 40,000.00 + _____ + _____ = 40,000.00
(unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim:** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 40,000.00
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

JAN - 7 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12/29/2007 | CALVIN C. KAMMEYER |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# **EXHIBIT J**

[REDACTED IN FULL]

# EXHIBIT K

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | Filed: USBC - District of Delaware<br>American Home Mortgage Holdings, Inc., Et Al.<br>07-11047 (CSS)         0000007990 |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCH #: 39946*****
BOXER, MINDA

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:
Email Address:

| Account or other number by which creditor identifies debtor: | Check here if this claim: |
|---|---|
| | ☐ replaces    ☐ amends a previously filed claim, dated:_____ |

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS _____
Unpaid compensation for services performed
from _July 1, 2007_ to _Aug 4, 2007_
        (date)                    (date)

**2. Date debt was incurred:**
07/01/2007

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ + _____ + _____ = $16,000.—
                                                         (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim:** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

JAN - 9 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>1/5/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any.) |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[REMAINDER REDACTED IN FULL]

# EXHIBIT L

[REDACTED IN FULL]

**EXHIBIT M**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|

Name of Debtor Against Which Claim is Held
American Home Mortgage Corp    Case No. of Debtor  07-11051

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Tammy Pedersen

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:
Email Address:

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)     0000000183

Account or other number by which creditor identifies debtor:

Check here if this claim
☐ replaces      ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: _____

Unpaid compensation for services performed
from  7/23/07  to  8/3/07
      (date)        (date)

**2. Date debt was incurred:**  8/3/07

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $_____ + _____ + 2000 = 2000
(unsecured nonpriority)   (secured)   (unsecured priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim:** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.** ☒ Unsecured Priority Claim.
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 2000
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

AUG 3 0 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date  8/27/07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Tammy L. Pedersen

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[REMAINDER REDACTED IN FULL]

# EXHIBIT N

[REDACTED IN FULL]

# EXHIBIT O

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| AMERICAN HOME MORTGAGE CORP | 07-11051 |

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000007469

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,Txnum2) Txnum2 #: 4000000286*****
SWEENEY, ROBERT E.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number
Email Address:

**Account or other number by which creditor identifies debtor:**

Check here if this claim:  ☐ replaces  ☐ amends a previously filed claim, dated:_____

| 1. **Basis for Claim** | |
|---|---|
| ☐ Goods sold | ☒ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☒ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | JULY 2007 (COMMISSIONS) |
| ☐ Personal injury/wrongful death | Last Four Digits of your SS#: _____ |
| ☐ Taxes | Unpaid compensation for services performed |
| ☐ Other_____ (explain) | from 7/1/07 to 7/30/07 |

2. **Date debt was incurred:**
7/1/07 - 7/30/07

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ _____ (unsecured nonpriority) + _____ (secured) + 32,581.00 (unsecured priority) = 32,581.00 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

7. **Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 32,581.00
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4). JULY 2007 COMMISSIONS
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

6. **Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

JAN - 7 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1/4/08 | ROBERT E. SWEENEY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EXHIBIT P**

[REDACTED IN FULL]

## **EXHIBIT Q**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | **PROOF OF CLAIM** |
|---|---|---|

American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000008026

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751149430*****
WILKINSON, FAITH

Telephone number:
Email Address:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:**

**Check here if this claim:** ☐ replaces ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#:____ ___ ___
Unpaid compensation for services performed
from 7/10/07 (date) to 8/3/07 (date)

**2. Date debt was incurred:** 8/10/07

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $_____(unsecured nonpriority) + _____(secured) + 12,000.00 (unsecured priority) = 12,000.00 (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim:** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $12,000.00
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED
JAN - 9 2008
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 12/30/07 | Faith Camill Wilkinson |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[REMAINDER REDACTED IN FULL]

# EXHIBIT R

[REDACTED IN FULL]

# EXHIBIT S

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)       0000004052

| Name of Debtor Against Which Claim is Held AMERICAN HOME MORTGAGE CORP | Case No. of Debtor 07-11051(CSS) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

    AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751080750*****
    LAVAN, EILEEN M

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Your claim is scheduled by the Debtors as: $4,027.56 PRIORITY CONTINGENT

6,041.25

Telephone number:
Email Address:

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces    ☑ amends a previously filed claim, dated: 10/22/07

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: ~~_____~~

Unpaid compensation for services performed
from _1/1/07_ (date) to _8/3/07_ (date)

**2. Date debt was incurred:** 1/1/07 - 8/3/07

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $_____ + _____ + 6,041.25 = 6,041.25
  (unsecured nonpriority)     (secured)     (unsecured priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**7. Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ 6,041.25

VACATION PAY
SEE ATTACHED

Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**6. Unsecured Nonpriority Claim:** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

NOV 30 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date 11/23/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Eileen M Lavan    EILEEN M. LAVAN |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[REMAINDER REDACTED IN FULL]

# EXHIBIT T

[REDACTED IN FULL]