**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| *et al.*[1], | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: September 1, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: September 8, 2009 at 10:00 a.m.** |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF FERRY, JOSEPH & PEARCE, P.A. AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* AS OF JULY 6, 2009**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submits this application (the "Application") for entry of an order in substantially the form attached hereto as Exhibit A, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Committee to retain Ferry, Joseph & Pearce, P.A. ("FJ&P") as special Delaware conflicts counsel to the Committee in these chapter 11 cases *nunc pro tunc* to July 6, 2009. In support of this Application, the Committee relies on the Miller Declaration (as defined herein), filed concurrently herewith. In further support of this Application, the Committee respectfully represents and states as follows:

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

**JURISDICTION**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

**BACKGROUND**

2.  On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  On August 14, 2007, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases. Pursuant to the First Amended Notice of Appointment of Committee of Unsecured Creditors, dated December 7, 2007, the current members of the Committee are: (a) Wilmington Trust Company; (b) Law Debenture Trust Company of New York; (c) Deutsche Bank National Trust Co.; (d) Nomura Credit & Capital, Inc.; (e) Impac Funding Corporation; and (f) United Parcel Service.

4.  The Committee retained the law firm of Hennigan, Bennett & Dorman, LLP ("HBD") of Los Angeles, California, as special conflicts counsel for the purpose of resolving the Committee's claims against Bank of America and JPMorgan Chase Bank, N.A. ("JPMorgan"), arising out of certain secured credit agreements between debtor entities and those banks. The

Committee has resolved its disputes with Bank of America, however certain disputes with JPMorgan remain unresolved including without limitation, the disputes set forth in the Stipulation Settling Motion of JPMorgan Chase Bank, N.A. For Relief From Automatic Stay And Providing For Mediation of Certain Disputes which was dated and filed with the Court on November 25, 2008.

5. HBD's retention as special conflicts counsel was approved by this Court on May 1, 2008. On September 26, 2008, HBD contacted the law firm of Bifferato Gentilotti LLC (n/k/a Bifferato LLC) ("BG") and requested its engagement as Delaware Counsel in its role as special conflicts counsel. On December 23, 2008, BG filed its Application for Order Authorizing Employment of Bifferato Gentilotti LLC, as Special Conflicts Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* as of September 26, 2008, which was approved by this Court on January 26, 2009.

6. On April 7, 2009 HBD contacted the law firm of Ferry, Joseph & Pearce, P.A. about taking over the representation as local special conflicts counsel for the Committee from BG. FJ&P has notified HBD of its acceptance of such representation. BG has indicated that it will withdraw its appearance as local special conflicts counsel for the Committee upon the Court's approval of the retention of FJ&P.

## RELIEF REQUESTED

7. By this Application, the Committee seeks the entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ FJ&P (a) as special conflicts counsel in certain matters, as described more fully below, related to representing the Committee's interests in

connection with any matter in which the Committee may be adverse to JPMorgan, including any contested matter or adversary proceeding in which the Committee is adverse to JPMorgan; and (b) to perform all other necessary or appropriate legal services in connection with these chapter 11 cases as the Committee may so request. Because of the need to retain Delaware special conflicts counsel to be in compliance with local rules and procedures, the Committee requests authority to retain FJ&P immediately.

## FACTS RELEVANT TO THE RELIEF REQUESTED

8. Due to certain existing relationships, the Committee's principal bankruptcy counsel cannot assert claims against or otherwise be directly adverse to JPMorgan in any contested matter or adversary proceeding. HBD and the Committee have approved the selection of FJ&P as its Delaware special conflicts counsel in connection with the prosecution of any claims against JPMorgan.

9. The Committee has selected FJ&P because of its attorneys' experience and knowledge and its Firm location in Delaware. The Committee believes that FJ&P is well qualified to represent the Committee as Delaware special litigation counsel in the Debtors' bankruptcy cases.

*Services to Be Provided by FJ&P*

10. Subject to further Order of the Court, the Committee proposes that FJ&P be employed to represent the Committee, to provide, among other things, ordinary and necessary legal services as may be required in connection with the following:

    a. Any matter in which the Committee may be adverse to JPMorgan;

   b. Representing the Committee in other bankruptcy and/or commercial litigation matters in this Court or in other courts having jurisdiction over particular matters; and

   c. Providing such other advice and representation as may be necessary or appropriate in these chapter 11 cases relating to the foregoing.

  11. Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. FJ&P has advised the Committee that FJ&P does not hold or represent any other entity having an adverse interest in connection with the Debtors' bankruptcy cases and does not have any connections with the United States Trustee or any person employed by the Office of the United States Trustee. Submitted herewith is the Declaration of Rick S. Miller, a stockholder of FJ&P, which sets forth FJ&P's connection with the Debtors, their creditors, and other parties-in-interest (the "Miller Declaration").

  12. Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures which this Court may fix, the Committee requests that FJ&P be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that FJ&P incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. FJ&P's hourly rates are as follows:

   Stockholders:  $325.00 to $450.00

   Associates:  $250.00 to $300.00

   Paralegals
   & Law Clerks:  $150.00

13. The charges set forth in paragraph 18 hereof are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth in paragraph 18 hereof are subject to periodic adjustments to reflect economic and other conditions.

14. The Committee understands that any compensation and expenses paid FJ&P must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Orders of this Court respecting compensation of professionals.

15. To the best of the Committee's knowledge and subject to the Miller Declaration submitted herewith, FJ&P represents no other entity in connection with these cases, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

16. FJ&P has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in the Miller Declaration. Further, FJ&P has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

## **NOTICE**

17. The Committee has provided notice of this Application in accordance with Del. Bankr. L.R. 2002-1(b) to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtors; (c) counsel for the Administrative Agent; (d) counsel for the DIP Agent; (e) Milestone Advisors, LLC; and (f) those parties timely requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Committee submits that no other or further notice is necessary or required.

## NO PRIOR REQUEST

18.  No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant this Application in all respects and grant such other and further relief as is just and proper.

Dated: July 20, 2009

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*

Wilmington Trust Company, as Trustee

By: _____
James J. McGinley
Co-Chair of the Committee

By: _____
Steven D. Sass
Co-Chair of the Committee

## NO PRIOR REQUEST

18.  No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court grant this Application in all respects and grant such other and further relief as is just and proper.

Dated: July 2e, 2009

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
MORTGAGE HOLDINGS, INC., *et al.*

Wilmington Trust Company, as Trustee

By: _____

James J. McGinley
Co-Chair of the Committee

By: _____

Steven D. Sass
Co-Chair of the Committee

7