**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------x

In re                                                                                  Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,                    Case No. 07-11047 (CSS)
INC., *et al.*,[1]                                                          (Jointly Administered)

                                            Debtors.

------------------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,                                    Adv. Proc. No. 09-        (        )

                                            Plaintiff,

        - against -

HELIOS & MATHESON NORTH AMERICA INC. d/b/a
HELIOS & MATHESON,

                                            Defendant.

------------------------------------------------------------------------x

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL AND/OR FRAUDULENT TRANSFERS**

        Plaintiff, the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*")

of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), by and

through their co-counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this *Complaint*

*to Avoid and Recover Preferential and/or Fraudulent Transfers* and, in support thereof, states:

**<u>NATURE OF THE ACTION</u>**

        1.        This is an adversary proceeding brought in the above-captioned bankruptcy cases

pursuant to Part VII of the Bankruptcy Rules seeking to avoid certain preferential and/or

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
        Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
        Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
        Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

fraudulent transfers made by the above-captioned debtors to the above-captioned defendant

("*Defendant*") and to recover the value thereof, pursuant to 11 U.S.C. §§ 547, 548, 550 and 551.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§ 1334(b).

3.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C.

§ 157(a).

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(F).

5.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C.

§ 1409(a).

## PARTIES

6.      On August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for

relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code (the

"*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the

"*Court*").

7.      On August 14, 2007, the Office of the United States Trustee formed the

Committee.

8.      On August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the

Debtors [Docket No. 5450] (as amended, the "*Plan*").  This Court entered an order confirming

the Plan on February 23, 2009, but the Plan is not yet effective.

9.      On July 6, 2009, the Committee and Debtors executed and filed a stipulation (the

"*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors'

estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan.

10.     On July 8, 2009, the Court entered an order approving the Stipulation.

11.     Defendant is a corporation or other legal entity who sold goods to, or performed services for, the Debtors prior to the Petition Date.

## THE TRANSFERS

12.     On or within 90 days prior to the Petition Date (the "*Preference Period*"), one of the Debtors, made one or more transfer to or for the benefit of Defendant, as set forth on Exhibit "A" annexed hereto.

13.     Exhibit "A" reflects the Plaintiff's present knowledge of the transfers made to the Defendant by the Debtors during the Preference Period.  During the course of this proceeding the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtors to the Defendant during the Preference Period.  The Plaintiff is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit "A" or not.  Collectively, all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of

-3-

Defendant during the Preference Period (whether such transfers presently are reflected on Exhibit "A" hereto or not) are referred to herein as the "*Transfers*".

14.     On or about July 8, 2009, the Committee's agent sent a letter to Defendant (the "*Demand Letter*") demanding the return of the Transfers to Plaintiff.  As of the date hereof, Defendant has not returned the Transfers to Plaintiff.

## FIRST CAUSE OF ACTION
### (Preference Claim Against Defendant)

15.     The Plaintiff repeats and realleges paragraphs "1" through "14" hereof as if fully set forth herein.

16.     The Transfers were made within 90 days prior to the Petition Date.

17.     The Transfers were transfers of an interest of one or more of the Debtors in property.

18.     The Transfers were made to or for the benefit of Defendant, a creditor of one or more of the Debtors.

19.     The Transfers were made for or on account of antecedent debts owed to Defendant by one or more of the Debtors before such Transfers were made.

20.     The Transfers were made while the Debtors were insolvent.

21.     The Transfers enabled Defendant to receive more than Defendant would receive if: (i) the Chapter 11 Cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

22.     The Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code § 547 and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

-4-

## SECOND CAUSE OF ACTION
## (Fraudulent Transfer Claim Against Defendant)

23.     The Plaintiff pleads this Second Cause of Action in the alternative and restates and realleges the allegations of paragraphs "1" through "22" above as if fully set forth herein. Plaintiff brings this Second Cause of Action in the event that Defendant asserts that (i) one or more of the Transfers was made on behalf of a Debtor other than the Debtor that owed the corresponding antecedent debt and/or (ii) one or more of the Transfers was a pre-payment and not on account of antecedent debt.

24.     The Transfers constitute transfers of an interest of the transferring Debtor(s) in property.

25.     The transferring Debtor(s) received less than a reasonably equivalent value in exchange for the Transfers.

26.     The transferring Debtor(s) (i) were insolvent on the date that the Transfers were made, or became insolvent as a result of such Transfers; (ii) were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the transferring Debtor(s) was an unreasonably small capital, or (iii) intended to incur, or believed that they would incur, debts that would be beyond the transferring Debtor(s)'s ability to pay as such debts matured.

27.     The Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code § 548 and are recoverable from Defendant pursuant to Bankruptcy Code § 550.

## THIRD CAUSE OF ACTION
## (Disallowance of Defendant's Proof of Claim or Scheduled Claim)

28.     The Plaintiff restates and realleges the allegations of paragraphs "1" through "27" above as if fully set forth herein.

128189.01600/40182417v.1

29.     The Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code.

30.     The Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

31.     To the extent that Defendant currently possesses filed or scheduled claims against the Debtors, whether pre-petition or administrative (collectively, the "*Claims*"), the Claims should be disallowed until the Transfers are repaid in full to Plaintiff pursuant to section 502(d) of the Bankruptcy Code.

**WHEREFORE,** for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.      That the Transfers be avoided;

B.      That judgment be entered in favor of the Plaintiff and against the Defendant, in an amount at least $54,360.00 (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtors to the Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C.      That any Claims be disallowed until the Transfers are repaid to the Debtors pursuant to 11 U.S.C. § 502(d); and

D.    That the Plaintiff be granted such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
        July 30, 2009

**BLANK ROME LLP**

*/s/ Bonnie Glantz Fatell*
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
Victoria Guilfoyle (No. 5183)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone:   (302) 425-6400
Facsimile:    (302) 425-6464

-and-

**HAHN & HESSEN LLP**
Mark S. Indelicato, Esq.
Edward L. Schnitzer, Esq.
Joseph Orbach, Esq.
488 Madison Avenue
New York, NY  10022
Telephone:   (212) 478-7200
Facsimile:    (212) 478-7400

*Co-Counsel for the Committee*