IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re                                                                                    Jointly Administered
                                                                                              Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,                                                     Chapter 11

                                        Debtors.
---------------------------------------------------------------X
AMERICAN HOME MORTGAGE CORP.,                        Adv. Proc. No. 09-_____
AMERICAN HOME MORTGAGE INVESTMENT
CORP. and THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF AMERICAN
HOME MORTGAGE HOLDINGS, INC., *et al.*,

                                        Plaintiffs,

        - against -

JPMORGAN CHASE BANK, N.A.,

                                        Defendant.
---------------------------------------------------------------X

**COMPLAINT**

American Home Mortgage Corp. ("**AHM**"), American Home Mortgage Investment Corp. ("**AHMIC**"), and the Official Committee of Unsecured Creditors (the "**Committee**") of American Home Mortgage Holdings, Inc., *et al.*, (collectively, the "**Plaintiffs**") for their Complaint against defendant JPMorgan Chase Bank, N.A. ("**JPMorgan**" or the "**Defendant**"), (i) to determine the validity and extent, if any, of JPMorgan's lien on property of the estate, (ii) to avoid the lien, if any, of JPMorgan on assets of these estates, (iii) to avoid and recover preferential payments previously made to JPMorgan, (iv) to avoid and recover certain unauthorized post-petition transfers to JPMorgan, and (v) for related relief, allege as follows:

751885

## PARTIES

1. Plaintiffs, AHM and AHMIC (collectively referred to herein as the "**Debtors**"), are two of the debtors and debtors in possession in the bankruptcy cases captioned *In re: American Home Mortgage Holdings, Inc., et al.*, Chapter 11 Case No. 07-11047 (CSS) (Jointly Administered) currently pending before the United States Bankruptcy Court for the District of Delaware (the "**Chapter 11 Cases**").

2. Plaintiff, the Committee, was appointed by the United States Trustee for the District of Delaware on August 14, 2007. Pursuant to the "Stipulation For Joint Prosecution of Claims and Defense of Claims by and Against JPMorgan Chase Bank, N.A." approved by Order of this Court dated December 22, 2008 [Docket No. 6764], the Committee has joint standing with AHM and AHMIC to prosecute this Complaint.

3. On information and belief, Defendant JPMorgan is a national banking association organized under the laws of the United States having its principal place of business in New York, NY.

4. On or about February 23, 2009, this Court entered its "Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009" [Docket No. 7042] (the "**Confirmation Order**"). As of the date of the filing of this Complaint, the "**Effective Date**" (as that term is defined in the "Amended Chapter 11 Plan of Liquidation of the Debtors" (the "**Plan**") and the Confirmation Order), has not occurred. At such time as the Effective Date occurs, pursuant to Paragraph 16 of the Confirmation Order, all of the claims for relief contained in this Complaint will be vested in and shall constitute Assets of the Plan Trust (as defined in the Plan and the Confirmation Order) and each Debtor shall be deemed for all purposes to have transferred legal and equitable title to the claims for relief set forth in this Complaint to the Plan Trust. In addition, as provided in Paragraph 17 of the Confirmation Order, on the Effective Date Steven D. Sass shall become the

751885

Plan Trustee (as defined in the Plan and the Confirmation Order). Pursuant to the "Order Approving Stipulation Between the Debtors and the Official Committee of Unsecured Creditors, Granting Authority and Standing to Pursue Avoidance Actions," entered on July 8, 2009 [Docket No. 7604], on the Effective Date Mr. Sass, as Plan Trustee, shall be automatically substituted without further action as Plaintiff in this Adversary Proceeding and all references to "Plaintiff" or "Plaintiffs" contained herein shall refer also to Mr. Sass, as Plan Trustee, from and after the Effective Date.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

7. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b), arising in a case under title 11 of the Bankruptcy Code.

## FACTUAL BACKGROUND

8. Prior to August 6, 2007 (the "**Petition Date**"), the business of the Debtors, together with their affiliates, primarily entailed the origination, servicing, and sale of mortgage loans. In connection with the origination business, the Debtors maintained a variety of credit and security agreements to fund the origination of new mortgage loans to customers.

9. On or about January 24, 2006, the Debtors entered into that certain "1/06 Senior Secured Credit Agreement" (the "**1/06 Credit Agreement**") with JPMorgan, as administrative agent and sole lender, pursuant to which JPMorgan provided a revolving line of credit to the Debtors to be secured by mortgage loans that were originated and/or owned by the Debtors. Since the execution of the 1/06 Credit Agreement, the parties amended it four separate times. (The 1/06 Credit Agreement as amended by the parties is hereinafter referred to as the

"**Amended Credit Agreement**").  As a result of these amendments, the amount of revolving credit available to the Debtors pursuant to the Amended Credit Agreement totaled $200 million.

10. The Amended Credit Agreement provided that, as security for repayment of the funds advanced pursuant to the Amended Credit Agreement, JPMorgan would have security interests in certain mortgage loans that were owned or would later be originated and/or owned by the Debtors (the "**JPMorgan Collateral Mortgages**").[1]

11. The Amended Credit Agreement also provides that the Debtors would grant a security interest in "each lot, parcel, tract or leasehold estate (as the case may be) of present or future real property owned by [the Debtors] after foreclosure or conveyance in lieu of foreclosure of any Underperforming Loan or other Pledged Loan … by executing, acknowledging sufficiently for recording and delivering to the Agent or (where appropriate) to a trustee designated by the Agent, a recordable mortgage, deed of trust or security deed . . ." Amended Credit Agreement, § 7.4, at 44.  Accordingly, pursuant to Section 7.4 of the Amended Credit Agreement, JPMorgan could have obtained a security interest in "each lot, parcel, tract or leasehold estate (as the case may be) of present or future real property owned by [the Debtors] after foreclosure or conveyance in lieu of foreclosure" *only* by obtaining an appropriate mortgage or other security document.  However, no mortgages, deeds of trust or security deeds were ever executed by the Debtors or recorded in any real property records.

12. Prior to and following the Petition Date, certain of the borrowers under the JPMorgan Collateral Mortgages defaulted in their obligations.  As a result of such defaults, the Debtors and/or their authorized agent foreclosed on those defaulted JPMorgan Collateral Mortgages.  As a result thereof, the Debtors and/or their authorized agent acting on behalf of the

---

[1] The foregoing allegation is intended to provide background facts and no admission or concession is made by Plaintiff regarding the perfection of the security interest of JPMorgan in the JPMorgan Collateral Mortgages.

751885

Debtors acquired the real property that previously secured the defaulted JPMorgan Collateral Mortgages or, in some cases acquired the real property through a deed in lieu of foreclosure from the borrowers under the defaulted JPMorgan Collateral Mortgages.  (The parcels of real property acquired from the borrowers subject to defaulted JPMorgan Collateral Mortgages by the Debtors and/or their authorized agent on behalf of the Debtors through foreclosure or deed in lieu of foreclosure are hereinafter referred to collectively as the "**REO Assets**").  Attached hereto as Exhibit A is a listing of the REO Assets acquired by the Debtors in their own names or through title held in the name of their authorized agent at any time after the date which was ninety (90) days prior to the Petition Date, together with the loan number and other information relating to the loan that was the subject of a foreclosure or deed in lieu of foreclosure pursuant to which the Debtors acquired the REO Assets.

13. To the extent the Debtors' agent acquired title to such REO Assets, such agent holds only legal title on behalf of the Debtors and the Debtors own equitable title to, and ownership of, such REO Assets.

14. Neither of the Debtors nor their agents ever executed any mortgages, deeds of trust, security deeds or similar instruments granting JPMorgan any security interest in such REO Assets and, accordingly, no such instruments granting a security interest in such real property to JPMorgan have been or at any time were recorded in any real property records.

15. Notwithstanding the foregoing, JPMorgan has alleged that it has, or, prior to the disposition of such REO Assets by the Debtors, had a valid, perfected security interest in the REO Assets, as well as any proceeds from the disposition of the REO Assets (the "**REO Proceeds**") by the Debtors.

16. Because at no time were any mortgages, deeds of trust or security deeds granting JPMorgan a security interest in the REO Assets ever executed by the Debtors or their authorized agent, JPMorgan never acquired a valid, perfected security interest in any of the REO

751885

Assets or the REO Proceeds. Because JPMorgan never acquired a valid, perfected security interest in any of the REO Assets or the REO Proceeds, the REO Assets that are still owned by the Debtors (either directly or through title held by their authorized agent) constitute unencumbered property of the estates of AHM and/or AHMIC and the REO Proceeds constitute unencumbered property of the estates of AHM and/or AHMIC and JPMorgan has no lien on such REO Assets or REO Proceeds.

17. On various dates following the Petition Date, the Debtors and/or their agent sold REO Assets and paid funds to JPMorgan that constituted REO Proceeds under the mistaken belief that JPMorgan had a valid perfected security interest in such REO Proceeds. Attached hereto as Exhibit B is a list of each such payment of REO Proceeds made by one of the Debtors following the Petition Date and the related mortgage loan that had previously been a part of the JPMorgan Collateral Mortgages prior to foreclosure (or deed in lieu of foreclosure) by one of the Debtors or their authorized agent (the "**Post-Petition REO Transfers**").

18. On December 22, 2007 the Debtors filed the "Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Approving Payment of Expense Reimbursement; (III) Scheduling a Hearing to Consider Sale of Certain Non-Performing Loans; (IV) Approving Form and Manner of Notice Thereof; and (V) Granting Related Relief; and (B)(I) Authorizing the Sale of Non-Performing Loans Free and Clear of Liens, Claims, Encumbrances and Other Interests; (II) Authorizing and Approving Sale Agreement Thereto; (III) Authorizing the Distribution of the Proceeds; and (IV) Granting Related Relief" [Docket No. 2490] (the "**Sale Motion**") seeking to establish procedures for the sale of certain non-performing loans that were the property of the Debtors' estates.

19. Pursuant to the Sale Motion, the Debtors proposed to sell, among other assets, certain loans that were part of the JPMorgan Collateral Mortgages. The Committee

751885

objected to the Motion, contending that certain of the assets to be sold were REO Assets in which JPMorgan did not have a valid, perfected and unavoidable security interest.

20. On or about March 14, 2008, the Court entered its "Order Pursuant to Sections 105 and 363 of the Bankruptcy Code: (i) Authorizing the Sale of JPM Non-Performing Loans and REO Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Sale Agreement Thereto; (iii) Authorizing the Distribution of the Proceeds; and (iv) Granting Related Relief" [Docket No. 3314] (the "**Sale Order**"). As a result of the objection of the Committee, Paragraph 10(iv) of the Sale Order provides that the proceeds of the sale attributable to REO Assets that were derived from the JPMorgan Collateral Mortgages would be placed in escrow pending a further Order of this Court. In accordance with the Sale Order, funds totaling $5,775,405.46 from the closing of the sale authorized in the Sale Order representing the proceeds of REO Assets included in the Sale Order were deposited in an account at Capital One Bank, account number 701703 966 5 (the "**Escrow Account**"), to be held in escrow in accordance with the Sale Order. Since that time, additional funds have been deposited in the Escrow Account as a result of interest earned and other deposits and expenses as alleged below.

21. On December 1, 2008, the Court entered its order approving that certain "Stipulation Settling Motion of JPMorgan Chase Bank, N.A. for Relief from the Automatic Stay and Providing for Mediation of Certain Disputes" [Docket No. 6643] (the "**Stay Relief Stipulation**").

22. Pursuant to Paragraph 13 of the Stay Relief Stipulation, additional proceeds from the liquidation of REO Assets have been added to the Escrow Account. Attached hereto as Exhibit C is a list of all amounts deposited in the Escrow Account from the proceeds of REO Assets. As of July 2, 2009, the Escrow Account contained approximately $13,990,690.69 in proceeds from the sale of REO Assets during the Chapter 11 Cases, plus interest accrued

through May of 2009 and net of applicable fees.  Attached hereto as <u>Exhibit D</u> is a reconciliation of the amounts deposited in the Escrow Account, with the date of such deposit and the source of the funds deposited.

        23.     Shortly prior to July 20, 2007, a date that is within the ninety (90) days prior to the Petition Date, JPMorgan demanded Margin Payments (as defined in the Amended Credit Agreement) from AHM and/or AHMIC.  In response to such demand, on or about July 20, 2007, a date that is within (90) ninety days prior to the Petition Date, the Debtors and/or their agent paid to JPMorgan the sum of $2.3 million (the "**Margin Preference Payment**").

        24.     Prior to the Transfer Date (as defined in the Stay Relief Stipulation), the Debtors incurred reasonable and necessary costs and expenses in preserving and/or disposing of the JPM Collateral Mortgages that were not foreclosed by the Debtors and/or their authorized Agent (collectively, the "**Preservation Costs**").  These Preservation Costs include servicing fees, servicing advances, deboarding fees and attorneys fees incurred in disposing of the JPM Collateral Mortgages in an amount to be proven at trial.  Pursuant to Paragraphs 5 and 6 the Stay Relief Stipulation, the Debtors were required to deliver certain information to JPMorgan and all such information was delivered to JPMorgan prior to the date hereof.  Pursuant to Paragraph 7 of the Stay Relief Stipulation, JPMorgan agreed to pay all such amounts to the Debtors or deposit such amounts as were disputed into an escrow account.  As of the Date hereof, JPMorgan has not paid any such Preservation Costs to the Debtors nor deposited such amounts in escrow as required by the Stay Relief Stipulation.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment That the REO Assets, as Well as the REO Proceeds,**
**Constitute Unencumbered Property of the Debtors' Estates)**

        25.     Plaintiffs repeat and reallege paragraphs 1 through 24 as if fully set forth herein.

751885

26.  The Amended Credit Agreement provides that the Debtors would grant JPMorgan a security interest in REO Assets "by executing, acknowledging sufficiently for recording and delivering to the Agent … a recordable mortgage, deed of trust or security deed . . ." Inasmuch as no such recordable mortgages, deeds of trust or security deeds were executed, acknowledged or delivered by the Debtors, under the express terms of the Amended Credit Agreement, JPMorgan never obtained a security interest in the REO Assets or the REO Proceeds.

27.  As no security interest or lien was ever obtained by JPMorgan with respect to the REO Assets or the REO Proceeds, such REO Assets and REO Proceeds, including, without limitation, the funds in the Escrow Account, constitute unencumbered property belonging to the Debtors' estates.

28.  There exists an actual, justiciable and substantial controversy between the Plaintiffs and JPMorgan regarding whether or not the REO Assets and the REO Proceeds are unencumbered property belonging to the Debtors' estates or whether JPMorgan has a security interest in such REO Assets and REO Proceeds. In connection with this controversy, the Plaintiffs and JP Morgan have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A declaratory judgment will serve the useful purpose of clarifying and settling the legal relations in issue, enabling the Escrow Account to be distributed, and facilitating the administration of the Debtors' estates. A declaratory judgment would be conclusive as to the controversy, and will terminate and afford relief from the uncertainty, insecurity, and controversy**.**

29.  Pursuant to 28 U.S.C. § 2201, Plaintiffs are therefore entitled to (a) a declaration that JPMorgan does not have, and never had, a security interest in the REO Assets or the REO Proceeds (including the funds in the Escrow Account), and (b) such other and further relief as may be appropriate in connection therewith.

## SECOND CLAIM FOR RELIEF
**(Bankruptcy Code Section 544 – Avoidance of Unperfected Lien Against JPMorgan)**

30. Plaintiffs repeat and reallege paragraphs 1 through 29 as if fully set forth herein.

31. While Plaintiffs deny that JPMorgan acquired a security interest in the REO Assets and/or REO Proceeds, even if such a security interest in the REO Assets and/or REO Proceeds did exist in favor of JPMorgan, any such security interest would be voidable by a bona fide purchaser and/or a judgment lien creditor of the REO Assets or the REO Proceeds because no mortgage, deed of trust, security deed or similar instrument granting a security interest to JPMorgan was recorded in the real property records of the jurisdictions in which the REO Assets are located.

32. Pursuant to Section 544(a) of the Bankruptcy Code, any interests of JPMorgan in the REO Assets and REO Proceeds are therefore voidable by Plaintiffs.

33. Accordingly, Plaintiffs are entitled to a judgment from this Court avoiding the interest, if any, of JPMorgan in the REO Assets and REO Proceeds.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment That Funds in the Escrow Account Are Unencumbered Property of Debtors' Estates.)**

34. Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully set forth herein.

35. The funds in the Escrow Account constitute proceeds received (and interest earned thereon, less fees with respect to the Escrow Account) by the Debtors from REO Assets in which JPMorgan either (a) did not have a valid security interest, or (b) held only a security interest that was voidable as alleged in the Second Claim For Relief set forth above.

36. Accordingly, Plaintiffs are therefore entitled to a judgment from this Court declaring that the Debtors' estates are entitled to all of the funds in the Escrow Account and

751885

directing that all such funds shall be released to the appropriate representative of the Debtors' estates as unencumbered assets of their estates.

**FOURTH CLAIM FOR RELIEF**
**(Bankruptcy Code Section 549 – Post-Petition Transfer Action Against JPMorgan)**

37. Plaintiffs repeat and reallege paragraphs 1 through 36 as if fully set forth herein.

38. The Post-Petition REO Transfers were paid to JPMorgan on or after the Petition Date.

39. The Post-Petition REO Transfers were not subject to a valid, perfected security interest or lien.

40. The Post-Petition REO Transfers were transfers of property of the Debtors' estates.

41. The Post-Petition REO Transfers were either (a) authorized only under Bankruptcy Code Section 303(f) or 542(c); or (b) not authorized under the Bankruptcy Code or by this Court.

42. Plaintiffs are therefore entitled to judgment that the Post-Petition REO Transfers constitute avoidable post-petition transfers under Bankruptcy Code Section 549 and the value of such Post-Petition REO Transfers are recoverable from JPMorgan pursuant to Bankruptcy Code Section 550 as the initial transferee of such Post-Petition REO Transfers.

**FIFTH CLAIM FOR RELIEF**
**(Bankruptcy Code Section 547 – Preference Action Against JPMorgan)**

43. Plaintiffs repeat and reallege paragraphs 1 through 42 as if fully set forth herein.

751885

44. The Margin Preference Payment was paid to JPMorgan within ninety (90) days prior to the Petition Date.

45. The Margin Preference Payment was not subject to a valid, perfected security interest or lien.

46. The Margin Preference Payment was a transfer of an interest of the Debtors in their property.

47. The Margin Preference Payment was made by the Debtors to or for the benefit of JPMorgan, a creditor of the Debtors.

48. The Margin Preference Payment was made for or on account of antecedent debts owed by the Debtors to JPMorgan.

49. The Margin Preference Payment was made while the Debtors were insolvent.

50. The Margin Preference Payment enabled JPMorgan to receive more than JPMorgan would receive if: (a) the Chapter 11 Cases were cases under Chapter 7 of the Bankruptcy Code; (b) the Margin Preference Payment had not been made; and (c) JPMorgan received payment of its claim against the Debtors as provided under Chapter 7 of the Bankruptcy Code.

51. Plaintiffs are therefore entitled to judgment that the Margin Preference Payment constitutes an avoidable preferential transfer pursuant to Bankruptcy Code Section 547 and the value of the Margin Preference Payment is recoverable from JPMorgan pursuant to Bankruptcy Code Section 550 as the initial transferee of the Margin Preference Payment.

## SIXTH CLAIM FOR RELIEF
**(Bankruptcy Code Section 506(c) – Recovery of Costs Incurred in Preserving and/or Disposing of Collateral Against JPMorgan)**

52. Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth herein.

53. Plaintiffs are entitled to judgment that, pursuant to Section 506(c) of the Bankruptcy Code and the Stay Relief Stipulation, Plaintiffs are entitled to recover the Preservation Costs from JPMorgan in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

(a) Judgment of the Court declaring that JP Morgan has no valid security interest in any of the REO Assets or REO Proceeds, and that the REO Assets and the REO Proceeds are and at all relevant times were unencumbered property belonging to the Debtors' estates;

(b) Judgment of the Court voiding the claimed security interest of JPMorgan in and to the REO Assets and the REO Proceeds;

(c) Judgment of the Court declaring that JPMorgan has no valid security interest in the Escrow Account and has no valid security interest in any of the funds in the Escrow Account, and/or avoiding any claimed security interest of JPMorgan in and to the Escrow Account and/or the funds in the Escrow Account, directing that all funds in the Escrow Account be released to AHM and/or AHMIC or the Plan Trust as successor to AHM and AHMIC, and awarding Plaintiffs interest at the legal rate from the

751885

        date of the deposits into the Escrow Account, net of interest earned in the Escrow Account;

(d)     Judgment of the Court avoiding and recovering from JPMorgan the Post-Petition REO Transfers as voidable post-petition transfers, plus pre and post-judgment interest at the legal rate from the date of the Post-Petition REO Transfers;

(e)     Judgment of the Court avoiding and recovering from JPMorgan the Margin Preference Payment as a preferential transfer, plus pre and post-judgment interest at the legal rate from the date of the Margin Preference Payment.

(f)     Judgment of the Court in favor of the Plaintiffs against JPMorgan for the full amount of the Preservation Costs in an amount to be proven at trial;

(g)     Judgment of the Court awarding Plaintiffs' costs and attorneys' fees; and

(h)     Any other, further relief the Court deems just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>July 31, 2009 | FERRY, JOSEPH AND PEARCE, P.A.<br><br>/s/Rick S. Miller<br>Rick S. Miller (No. 3418)<br>824 Market Street, Suite 1000<br>P.O. Box 1351<br>Wilmington, DE 19899-1351<br>Telephone: (302) 575-1555<br>Facsimile: (302) 575-1714<br><br>*Proposed Special Conflicts Local Counsel to the Official Committee of Unsecured Creditors*<br><br>-and-<br><br>HENNIGAN, BENNETT & DORMAN LLP<br>Michael A. Morris (admitted *pro hac vice*)<br>Jeanne Irving (admitted *pro hac vice*)<br>Joshua D. Morse (admitted *pro hac vice*)<br>865 S. Figueroa Street, Suite 2900<br>Los Angeles, California 90017<br>Telephone: (213) 694-1200<br>Facsimile: (213) 694-1234<br><br>*Special Conflicts Counsel to the Official Committee of Unsecured Creditors*<br><br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/Sean M. Beach<br>Robert S. Brady (No. 2202)<br>John T. Dorsey (No. 2988)<br>Sean M. Beach (No. 4070)<br>Erin Edwards (No. 4392)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel for the Debtors* |

751885