IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al., | : : : | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors. | : : : | |
| _____ | : | _____ |
| | : : | |
| BEAR STEARNS MORTGAGE CAPITAL CORP., BEAR STEARNS & CO. INC., BEAR STEARNS INTERNATIONAL LIMITED, and STRATEGIC MORTGAGE OPPORTUNITIES, REIT, INC., | : : : : : : | |
| Appellants, | : : | |
| v. | : : | Civ. Act. No. 08-925-JJF |
| AMERICAN HOME MORTGAGE INVESTMENT CORP., and AMERICAN HOME MORTGAGE ACCEPTANCE, INC., | : : : : : | |
| Appellees. | : | |

---

Andrew W. Stern, Esquire and Owen H. Smith, Esquire of SIDLEY AUSTIN LLP, New York, New York.
Frederick B. Rosner of MESSANA ROSNER & STERN, LLP, Wilmington, Delaware.

Attorneys for Appellants.

Susheel Kirpalani, Esquire; James C. Tecce, Esquire and Harrison L. Denman, Esquire of QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP, New York, New York.

John T. Dorsey, Esquire; Erin D. Edwards, Esquire; and Patrick A. Jackson, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Appellees.

---

**MEMORANDUM OPINION**

July 31, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is an appeal filed by Appellants, Bear Stearns Mortgage Capital Corp., Bear Stearns & Co. Inc., Bear Stearns International Limited, and Strategic Mortgage Opportunities REIT Inc. (collectively, "Bear Stearns") of the October 30, 2008 Order of the Bankruptcy Court denying summary judgment in favor of Bear Stearns, granting summary judgment in favor of American Home Mortgage Investment Corp. and American Home Mortgage Acceptance, Inc. (collectively, "American Home") and directing Wells Fargo Bank, N.A. to Distribute to American Home Mortgage Investment Corp. the August 2007 principal and interest payable with respect to the Series 2006-3 Trust Certificate. For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court.

I.  **PARTIES' CONTENTIONS**

By its appeal, Bear Stearns contends that the Bankruptcy Court erred in awarding the August 2007 principal and interest payment (the "August Payment") to American Home. Specifically, Bear Stearns contends that the Bankruptcy Court erroneously relied on the Trust Documents when it should have relied on the Repurchase Agreement as controlling the entitlement to payment and interest distrubtions on the Trust Certificate. Bear Stearns contends that the plain language of the Repurchase Agreement demonstrates that American Home transferred all of its right,

2

title, and interest in the Trust Certificate to Bear Stearns International Limited when it purchased the Trust Certificate "in blank" on May 1, 2007.[1] Once the Trust Certificate was sold, Bear Stearns contends that American Home enjoyed a limited right to the payment of interest distrubtions on the Trust Certificate solely from the terms of the Repurchase Agreement. However, once Bear Stearns International Limited terminated the Repurchase Agreement, Bear Stearns contends that American Home's contractual right to continued principal and interest payments ceased. In this regard, Bear Stearns points out that American Home never repurchased the Trust Certificate and never reassumed legal ownership of the Trust Certificate, but only remained the registered Certificateholder of the Trust Certificate in order to avoid the adverse tax consequences of registering the Trust Certificate to an entity that was not a Real Estate Investment Trust ("REIT").

In the alternative, Bear Stearns contends that even if the Repurchase Agreement does not, on its face, entitle Bear Stearns to the August Payment, then the Bankruptcy Court erred in not granting Bear Stearns equitable relief. In this regard, Bear

---

[1] An "in blank" transfer means that the transferree's identity in the transfer documents is left blank. In this case, the Trust Certificate was sold to Bear Stearns International Limited under the terms of a Repurchase Agreement and the Trust Certificate was transferred "in blank," meaning that the Trust Certificate would not be registered in the name of Bear Stearns International Limited because that entity was not a Real Estate Investment Trust and not affiliated with one at the time.

3

Stearns contends that American Home should not be entitled to the benefits of ownership of a security it no longer owned at the expense of the entity which owned it, in this case, Strategic Mortgage Opportunities REIT, Inc. ("SMOREIT"), the REIT entity formed by Bear Stearns & Co., Inc. in August 2007.

In response, American Home contends that the Bankruptcy Court did not err in interpreting the unambiguous documents at issue in this case. American Home contends that despite the transfer of the Trust Certificate, the Trust Certificate always remained subject to the Trust Documents and the Trust Documents expressly limit the payment of income to the Certificateholder of record identified in the Certificate Register on the Record Date for the August Payment. American Home further contends that Bear Stearns is not entitled to equitable relief because it failed to timely take the necessary steps to become the August record holder by forming a REIT and registering as the Certificateholder. American Home does acknowledge, however, that SMOREIT became the registered Certificateholder in September 2008, and therefore, only the August principal and interest payment is in dispute.

## II.  STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and

4

a plenary standard to its legal conclusions.[2] With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"[3] The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance.[4]

### III. DISCUSSION

After consideration of the parties' arguments in light of the applicable standard of review, the Court concludes that the Bankruptcy Court's decision was not erroneous. The Trust Documents unambiguously provide for the payment of monthly principal and interest to the Certificateholder of record on the Record Date. For the August Record Date, American Home was the Certificateholder.

---

[2] See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

[3] Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).

[4] In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

Bear Stearns contends that this dispute should be governed by the Repurchase Agreement, but the Court agrees with the Bankruptcy Court that the transfer of all right, title and interest in the Trust Certificate did not include an absolute right to the monthly payments and that these payments remained contingent upon Bear Stearns International taking the necessary steps to become the Certificateholder of record. In this regard, the Court further concludes that the Bankruptcy Court correctly interpreted the Repurchase Agreement in light of the facts and circumstances as required by English law, the law governing the Repurchase Agreement.

In addition, the Court concludes that the Bankruptcy Court did not err in concluding that Bear Stearns was not entitled to equitable relief. The ability to receive the monthly principal and interest payments was in the control of Bear Stearns in that Bear Stearns could have formed more promptly formed the REIT, transferred the Trust Certificate to the REIT, and registered the REIT's interest. However, Bear Stearns did not take these actions in time to receive the August Payment, and therefore, the Court is not persuaded that Bear Stearns is entitled to equitable relief.[5]

---

[5] See, e.g., Garcia v. Bd. of Educ. of Albuquerque Pub. Schools, 520 F.3d 1116, 1130 (10th Cir. 2008) (noting that equity helps those who help themselves); Picker Financ. Group LLC v. Horizon Bank, 293 B.R. 253, 263 (M.D. Fla. 2003) (declining to grant equitable relief where tertiary lienholder made no attempt to conduct title search, and thus, failed to discover intervening lien).

6

In sum, the Court agrees with and adopts the rationale of the Bankruptcy Court in its October 30, 2008 Letter Opinion denying Bear Stearn's Motion For Summary Judgment and granting summary judgment in favor of American Home. Accordingly, the Court will affirm the Bankruptcy Court's Order.

## IV. CONCLUSION

For the reasons discussed, the Court will affirm the October 30, 2008 Order of the Bankruptcy Court.

An appropriate Order will be entered.