## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                       :    Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, <u>et al.</u>,[1]          :

                               :    Jointly Administered

     Debtors.                 :

                               :    **Response Deadline: August 30, 2009 at 4:00 p.m. (ET)**
                               :    **Hearing Date: September 8, 2009 at 10:00 a.m. (ET)**

------------------------------------------------------------------ x

### DEBTORS' FORTIETH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby

object (the "<u>Objection</u>") to each of the claims and interests (the "<u>Disputed Claims</u>") listed on

Exhibits <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> to the proposed form of order (the "<u>Proposed Order</u>") attached hereto

as <u>Exhibit II</u>,[2] pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy</u>

<u>Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and request the entry of

an order reassigning or disallowing and expunging in full each of the Disputed Claims as

indicated in further detail below.  In support of this Objection, the Debtors rely on the

Declaration of Eileen Wanerka in Support of the Debtors' Fortieth Omnibus (Non-Substantive)

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>.  In further support, the Debtors respectfully represent as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

**BACKGROUND**

2.      On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware (the "<u>Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>").  On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5.      On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>").

## BAR DATE AND PROOFS OF CLAIM

6.      On August 17, 2007, this Court entered an order [Docket No. 1708]

appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these

chapter 11 cases [Docket No. 222].  Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims

database containing, inter alia, information regarding the name and address of each claimant, the

date the proof of claim was received by Epiq, the claim number assigned to the proof of claim,

and the asserted amount and classification of the claim.

7.      On October 30, 2007, this Court entered an order (the "Bar Date Order")

establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for

filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to

have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and

approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, the

Court established a bar date of February 4, 2008 for government entities.  Pursuant to the Bar

Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential

prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these

cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and

Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors

do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the

Saint Louis Post-Dispatch and the national edition of The New York Times on November 6,

2007.  Affidavits of service and publication confirming such actual and publication notice of the

Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.      To date, in excess of 10,000 proofs of claim have been filed in these

chapter 11 cases.

**RELIEF REQUESTED**

9.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below.  This Objection complies in all respects with Local Rule 3007-1.

**I.      Duplicative Claims**

10.      The claims identified under the column titled "Objectionable Claims" on Exhibit A to the Proposed Order (the "Duplicative Claims") are duplicative of earlier-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit A (the "Surviving Claims").  The Duplicative Claims, thus, do not represent valid distinct claims against the Debtors' estates.

11.      Failure to disallow the Duplicative Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases.  Furthermore, no prejudice will result to the holders of Duplicative Claims because they will receive the same treatment as other similarly-situated claimants for their Surviving Claims.  Accordingly, the Debtors hereby object to the Duplicative Claims and request entry of an order disallowing and expunging in full each of the Duplicative Claims.

**II.      Amended Claims**

12.      The claims identified under the column titled "Objectionable Claims" on Exhibit B to the Proposed Order (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Surviving Claims" on

Exhibit B (the "Surviving Amended Claims"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

13. Failure to disallow the Amended Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Furthermore, no prejudice will result to the holders of Amended Claims because they will receive the same treatment as other similarly-situated claimants for their Surviving Amended Claims. Accordingly, the Debtors hereby object to the Amended Claims and request entry of an order disallowing and expunging in full each of the Amended Claims.

### III.    Wrong Debtor Claims

14. The claims listed in Exhibit C to the Proposed Order (the "Wrong Debtor Claims") were filed by the claimants against certain of the Debtors or against none of the Debtors, under the case numbers listed under the column titled "Objectionable Claims" on Exhibit C. After reviewing their books and records, the Debtors believe they have determined which Debtor each Wrong Debtor Claim should have been filed against and have listed a new case number for each Wrong Debtor Claim under the column titled "New Case Number" (the "New Case Numbers"). The Debtors believe that the claimants asserting the Wrong Debtor Claims intended to file their claims under the respective New Case Numbers.

15. Failure to reassign the Wrong Debtor Claims would result in claims being improperly asserted. Therefore, to correct the claims register, the Debtors hereby object to the Wrong Debtor Claims and request entry of an order reassigning each of the Wrong Debtor Claims to their respective New Case Numbers.

IV.    **Satisfied Claim**

16.    The Debtors have reviewed their books and records, which the Debtors

believe to be correct, and determined that the claim listed in <u>Exhibit D</u> to the Proposed Order (the

"<u>Satisfied Claim</u>") has been satisfied by the Debtors post-petition in accordance with the

Bankruptcy Code, applicable rules or an order of this Court.  Failure to disallow and expunge the

Satisfied Claim would result in the applicable claimant receiving an unwarranted double

recovery.  Therefore, the Debtors hereby object to the Satisfied Claim and request entry of an

order disallowing in full and expunging the Satisfied Claim.

V.    **Late Filed Claims**

17.    The claims listed in <u>Exhibit E</u> to the Proposed Order (the "<u>Late Filed</u>

<u>Claims</u>") were filed after the deadline for submitting such claims had passed.   As set forth in the

Bar Date Order (docket no. 1708), the deadline for filing claims was January 11, 2008, or, in the

case of government units, February 4, 2008.   The claims listed in <u>Exhibit E</u> were filed after the

applicable bar date, on the dates listed under the column labeled "Date Filed."  Therefore, the

Debtors hereby object to the Late Filed Claims and request entry of an order disallowing in full

and expunging each of the Late Filed Claims.

## BORROWER CLAIMS

18.    The Disputed Claims addressed in this Objection do not include any

claims of borrowers arising from or relating to any act or omission of any Debtor in connection

with the origination, sale, or servicing of a mortgage loan originated, sold, or serviced by any

Debtor (the "<u>Borrower Claims</u>").  Therefore, the provisions of the Plan regarding Borrower

Claims do not apply to this objection.

## RESERVATION OF RIGHTS

19.    The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

20.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*Intentionally left blank*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in

the form attached hereto as Exhibit II, sustaining this Objection in all respects and granting such

other and further relief as the Court deems just and proper.

Dated:  August 7, 2009
        Wilmington, Delaware

                              **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

                              Sean M. Beach (No. 4070)
                              Margaret Whiteman Greecher (No. 4652)
                              Alex D. Thaler (No. 5279)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware  19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                           :   Chapter 11

                                                 :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]               :

                                                 :   Jointly Administered

         Debtors.                                :

------------------------------------------------------------------ x

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' FORTIETH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors").  In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Debtors' Fortieth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases.  The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These

efforts resulted in the identification of the "Duplicative Claims," "Amended Claims," "Wrong

Debtor Claims," "Satisfied Claim," and "Late Filed Claims," as defined in the Objection and

identified on Exhibits A, B, C, D, and E to the Proposed Order, respectively.

3.      The information contained in Exhibits A, B, C, D, and E to the Proposed Order is

true and correct to the best of my knowledge.

4.      The Debtors have further determined based upon a review of the claims docket

that the claims identified on Exhibit A to the Proposed Order are duplicative of earlier-filed

claims.  Accordingly, to prevent the claimants from receiving an unwarranted recovery, the

Debtors seek to expunge and disallow in full the Duplicative Claims.

5.      The Debtors have further determined based upon a review of the claims docket

and their books and records that the parties asserting the claims identified on Exhibit B to the

Proposed Order have been amended and superseded by subsequently filed claims.  Accordingly,

to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge

and disallow in full the Amended Claims.

6.      The Debtors have further determined based upon a review of the claims docket

and their books and records that the parties asserting the claims identified on Exhibit C to the

Proposed Order asserted them against the wrong Debtor entities or against no Debtor entity.

Accordingly, to correct the claims register and prevent the claimants from receiving a recovery

from the wrong Debtor, the Debtors seek to reassign the Wrong Debtor Claims to the appropriate

Debtor as outlined in Exhibit C to the Proposed Order.

7.      The Debtors have further determined based upon a review of the claims docket

and the claim identified on Exhibit D to the Proposed Order that such claim has been satisfied

post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court.

Accordingly, to prevent the claimant from recovering on a claim that have already been satisfied, the Debtors seek to expunge and disallow in full the Satisfied Claim.

8.      The Debtors have further determined based upon a review of the claims docket and the claims identified on <u>Exhibit E</u> to the Proposed Order that such claims have been filed after the deadline for filing claims had passed, as set forth in the Bar Date Order. Accordingly, the Debtors seek to expunge and disallow in full the Late Filed Claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August __10__, 2009

_Eileen Wanerka_
Eileen Wanerka
Assistant Vice President