## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:                                              :   Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, <u>et al.</u>,[1]             :
                                                    :   Jointly Administered
                                                    :
Debtors.                                            :   **Response Deadline: August 30, 2009 at 4:00 p.m. (ET)**
                                                    :   **Hearing Date: September 8, 2009 at 10:00 a.m. (ET)**

-------------------------------------------------------------- x

### DEBTORS' FORTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby

object (the "<u>Objection</u>") to each of the claims and interests (the "<u>Disputed Claims</u>") listed on

Exhibits <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, and <u>H</u> to the proposed form of order (the "<u>Proposed Order</u>")

attached hereto as <u>Exhibit III</u>,[2] pursuant to section 502(b) of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local</u>

<u>Rules</u>") and request the entry of an order disallowing and expunging in full or in part,

reclassifying, reassigning, and/or otherwise modifying such Disputed Claims as described herein.

In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

the Debtors' Forty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)

of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached

hereto as Exhibit I.  In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.    On August 4, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.    On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "Committee").  On October 21,

2008, the Trustee appointed an Official Committees of Borrowers.

5.    On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6.    On August 17, 2007, this Court entered an order [Docket No. 1708]

appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these

chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7.      On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

disallowing and expunging in full or in part, reclassifying, reassigning and/or otherwise modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F, G, and H to the Proposed Order for the reasons set forth below.  This Objection complies in all respects with Local Rule 3007-1.

### I.      No Liability Claims

10.      After reconciling each of the Disputed Claims and supporting materials against their books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims").  Upon review of the No Liability Claims, the Debtors cannot justify these claims as valid.  Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety.  Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases.  Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### II.     Modified Amount Claim

11.      The Debtors have reconciled the claim identified in Exhibit B to the Proposed Order (the "Modified Amount Claim") against their books and records.  The claimant asserting the Modified Amount Claim asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amount of the Modified Amount Claim identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claims" in Exhibit B should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit B.  The Debtors believe Exhibit B contains the appropriate

amounts of liability for the Modified Amount Claim. Failure to modify the Modified Amount Claim as set forth herein will result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Claim and request entry of an order reducing the value of the Modified Amount Claim as set forth in Exhibit B.

### III.   Reclassified Claims

12.   The claimants asserting the claims identified in Exhibit C to the Proposed Order (the "Reclassified Claims") asserted that all or a portion of their claims is entitled to secured status or priority. After reconciling the Reclassified Claims against their books and records, the Debtors have determined that the priority level of the Reclassified Claims should be adjusted. Specifically, the claims identified in Exhibit C are not entitled, under the Bankruptcy Code, to the status or priority set forth in each claim's proof of claim. Consequently, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Reclassified Amount" column in Exhibit C. Failure to reclassify the Reclassified Claims would award the claimants undue priority or status. Accordingly, the Debtors request entry of an order reclassifying the Reclassified Claims as indicated in Exhibit C.

### IV.   Reclassified Wrong Debtor Claim

13.   The claimant asserting the claim identified in Exhibit D to the Proposed Order (the "Reclassified Wrong Debtor Claim") asserted that its claim was entitled to secured status. After reconciling the Reclassified Wrong Debtor Claim against their books and records, the Debtors have determined that no basis for secured status or priority exists under the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimant asserting the Reclassified Wrong Debtors Claim asserted its claim against the wrong Debtor entity. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claim should be

reclassified to the priority level indicated in Exhibit D and reassigned to the case number listed under the column titled "New Case Number" in Exhibit D.  Failure to reclassify the Reclassified Wrong Debtors Claim would allow the claimant to recover at an undue level of priority against the wrong Debtor entity.  Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claim as indicated in Exhibit D.

V.    **Modified Amount Wrong Debtor Claims**

14.    Similar to the Modified Amount Claims, the Debtors have reconciled the claim identified in Exhibit E to the Proposed Order (the "Modified Amount Wrong Debtor Claims") against their books and records.  The claimants asserting the Modified Amount Wrong Debtor Claims asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records.  Additionally, the Debtors' books and records indicate that the claimants asserting the Modified Amount Wrong Debtor Claims asserted their claims against the wrong Debtor.  The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claims should be (i) modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit E, and (ii) reassigned to the case number listed under the column titled "New Case Number" in Exhibit E.  Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claim and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claim as indicated in Exhibit E.

VI.    **Modified Amount Reclassified Claims**

15.    The claimants asserting the claims identified in Exhibit F to the Proposed Order (the "Modified Amount Reclassified Claims") asserted that all or a portion of their claims is entitled to secured status or priority.  After reconciling the Modified Amount Reclassified Claims against their books and records, the Debtors have determined that the priority level of the

Modified Amount Reclassified Claims should be adjusted. Despite the claimants' assertions regarding classifications, no basis for secured status exists under the applicable sections of the Bankruptcy Code. Consequently, the Debtors believe that the Modified Amount Reclassified Claims should be reclassified as indicated in the "Modified Amount" column in Exhibit F. Additionally, the claimants asserting the Modified Amount Reclassified Claims asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amount of the Modified Amount Reclassified Claim identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claims" in Exhibit F should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit F. Failure to modify and reclassify the Modified Amount Reclassified Claims as set forth herein will result in the applicable claimant receiving undue priority or status and an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Claims and request entry of an order reclassifying and reducing the value of the Modified Amount Reclassified Claims as set forth in Exhibit F.

## VII.    Modified Amount, Reclassified, Wrong Debtor Claim

16.    The claimant asserting the claim identified in Exhibit G to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claim") asserted that all or a portion of her claim is entitled to secured status. After reconciling the Modified Amount Reclassified Wrong Debtor Claim against their books and records, the Debtors have determined that the priority level of that claim should be adjusted. Despite the claimant's assertions regarding classifications, no basis for secured status exists under the applicable sections of the Bankruptcy Code. Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor

Claim should be reclassified as indicated in the "Modified Amount" column in <u>Exhibit G</u>.

Additionally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim

asserted an amount that was higher than the amount of liability reflected in the Debtors' books

and records. Consequently, the Debtors believe the amount of the Modified Amount

Reclassified Wrong Debtor Claim identified, or otherwise substantiated by the claimant's

supporting documentation, under the column titled "Objectionable Claims" in <u>Exhibit G</u> should

be modified by reducing or fixing the amount to the dollar values listed under the column titled

"Modified Amount" in <u>Exhibit G</u>. Finally, the Debtors' books and records indicate that the

claimant asserting the Modified Amount Reclassified Wrong Debtor Claim asserted her claim

against the wrong Debtor entity. Consequently, the Debtors believe that the Modified Amount

Reclassified Wrong Debtor Claim should be reassigned to the new case number listed in the

"New Case Number" column in <u>Exhibit G</u>. Failure to modify, reclassify, and reassign the

Modified Amount Reclassified Wrong Debtor Claim as set forth herein will result in the

applicable claimant receiving undue priority or status and an unwarranted recovery against the

wrong Debtor entity to the detriment of other creditors in these cases. Accordingly, the Debtors

hereby object to the Modified Amount Reclassified Wrong Debtor Claim and request entry of an

order reclassifying, reassigning, and reducing the value of the Modified Amount Reclassified

Wrong Debtor Claim as set forth in <u>Exhibit G</u>.

### VIII.   Insufficient Documentation Claims

17.    The claim listed in <u>Exhibit H</u> to the Proposed Order (the "<u>Insufficient</u>

<u>Documentation Claim</u>") was submitted without sufficient documentation or alleged facts to

support the asserted claims. The Insufficient Documentation Claim had some documentation

attached, but such documentation was not adequate to allow the Debtors to determine (i) whether

they are liable for the alleged claim and/or (ii) the amount of the alleged claim.[3]  To comply with

the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal

basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim

is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure."  In

re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001).  The claimant asserting the

Insufficient Documentation Claim failed to allege facts sufficient to support its claims and/or

facts sufficient to determine the appropriate amount of its claims.  Therefore its claims are not

*prima facie* valid.  See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (2d Cir. 1992) ("[T]he

claimant must allege facts sufficient to support the claim.  If the averments in his filed claim

meet this standard of sufficiency, it is *'prima facie'* valid.").  Because the Insufficient

Documentation Claim is not *prima facie* valid, the Debtors hereby object to it and request that an

order be entered disallowing in full and expunging the Insufficient Documentation Claim.

## BORROWER CLAIMS

18.    This Objection includes at least one claim of a borrower arising from or

relating to any act or omission of any Debtor in connection with the origination, sale, or

servicing of a mortgage loan originated, sold, or serviced by any Debtor (the "Borrower

Claims").  Article 17 of the Plan and the Findings of Fact, Conclusions of Law and order

Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18,

2009, set forth certain requirements with respect to objections to Borrower Claims.  As required

by Article 17 of the Plan, the Debtors have attached a certification of counsel hereto as Exhibit

---

[3]      Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to
"claim[s] without any supporting documents attached thereto."  However, if a claimant attaches any
supporting documents to a claim, regardless of the contents of such documents, a debtor may only object
to such claim on a substantive basis.

II, which states that the Debtors have complied with the requirements of Article 17 of the Plan and the Confirmation Order.

### **RESERVATION OF RIGHTS**

19.    The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

### **NOTICE**

20.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*Intentionally left blank*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit III</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated:  August 7, 2009
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____

Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Alex D. Thaler (No. 5279)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                              :    Chapter 11

                                        :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                        :    Jointly Administered

        Debtors.                                   :

------------------------------------------------------------------- x

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' FORTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Forty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These

efforts resulted in the identification of the "No Liability Claims," "Modified Amount Claims,"

"Reclassified Claims," "Reclassified Wrong Debtors Claim," and "Modified Amount Wrong

Debtor Claim," as defined in the Objection and identified on Exhibits A, B, C, D, E, F, G, and H

to the Proposed Order, respectively.

3.      The information contained in Exhibits A, B, C, D, E, F, G, and H to the Proposed

Order is true and correct to the best of my knowledge.

4.      The Debtors have reviewed their books and records and determined that they have

no record of any liability on account of the claims identified in Exhibit A to the Proposed Order.

Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek

to expunge and disallow in full the No Liability Claims.

5.      The Debtors have reviewed their books and records and determined that the claim

identified in Exhibit B to the Proposed order should be modified to the amounts listed in Exhibit

B. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors

seek to expunge and disallow in part the Modified Amount Claim.

6.      The Debtors have reviewed their books and records and determined that the

claims identified in Exhibit C to the Proposed Order should be reclassified to different priority

levels as indicated in Exhibit C. Accordingly, to prevent these claims from receiving undue

priority, the Debtors seek to reclassify the Reclassified Claims.

7.      The Debtors have reviewed their books and records and determined that the claim

identified in Exhibit D to the Proposed Order should be reclassified to a different priority level,

as indicated in Exhibit D, and reassigned to a different case number. Accordingly, to prevent the

claim from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to

reclassify and reassign the Reclassified Wrong Debtors Claim.

8.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit E to the Proposed Order should be modified to the amount listed in Exhibit E and reassigned to the new case numbers listed in Exhibit E.  Accordingly, to prevent the claimants from receiving an unwarranted recovery against the wrong Debtor, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Wrong Debtor Claims.

9.      The Debtors have reviewed their books and records and determined that the claims identified in Exhibit F to the Proposed Order should be modified to the amounts listed in Exhibit F and reclassified to the priority level listed in Exhibit F.  Accordingly, to prevent claimants from receiving an unwarranted recovery and undue priority, the Debtors seek to expunge and disallow in part and reclassify the Modified Amount Reclassified Claims.

10.     The Debtors have reviewed their books and records and determined that the claim identified in Exhibit G to the Proposed Order should be modified to the amount listed in Exhibit G, reclassified to the priority level listed in Exhibit G, and reassigned to the new case number listed in Exhibit G.  Accordingly, to prevent the claimant from receiving an unwarranted recovery and undue priority against the wrong Debtor, the Debtors seek to expunge and disallow in part, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claim.

11.     The Debtors have determined based upon a review of the claims docket and the claim identified on Exhibit H to the Proposed Order that such claim was filed without sufficient documentation or alleged facts and the claimants have failed to provide additional requested documentation.  Accordingly, the Debtors seek to expunge and disallow in full the Insufficient Documentation Claim.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on August ___6___, 2009

Eileen Wanerka
Assistant Vice President

# EXHIBIT II

**Certification of Counsel**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Response Deadline: August 30, 2009 at 4:00 p.m. (ET)** |
| | : **Hearing Date: September 8, 2009 at 10:00 a.m. (ET)** |

------------------------------------------------------------- x

## DEBTORS' CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE DEBTORS' FORTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

In connection with the Forty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") filed by the above-captioned debtors and debtors in possession (the "Debtors"), the Debtors undersigned counsel hereby certifies that the Objection complies with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. With respect to the claim of Hoffman (claim number 10139), the proof of claim appears to state an amount owed to the Debtors, and the Debtors therefore believe that the claim was filed due to claimant's misunderstanding of the Bar Date Notice. The Debtors have not received anything in response to correspondence sent to the claimant by the Debtors to solicit additional information regarding the claim. The Debtors respectfully submit that (i) the above-mentioned borrower has no extant

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

claims against the Debtors; and (ii) the Debtors are not required to contact or make any offer to the above-mentioned borrowers. Furthermore, the Debtors have served the Objection, along with a notice that apprises the claimant of her right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances, on the above-mentioned borrower-claimant. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Debtors will make reasonable efforts to notify the above-mentioned borrower-claimants as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: August 7, 2009
    Wilmington Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Alex D. Thaler (No. 5279)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession