**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., _et al._.[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors | : | **Objections Due By**: August 27, 2009 at 4:00p.m. |
|  | : |  |

---------------------------------------------------------

**SIXTEENTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
THE PERIOD FROM NOVEMBER 1, 2008 THROUGH NOVEMBER 30, 2008**

**SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | November 1, 2008 through November 30, 2008 |
| Amount of Compensation sought as actual, reasonable and necessary: | $216,169.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $  4,286.36 |

This is a ☒ monthly ☐ interim ☐ final application.

| | | |
|---|---|---|
| 80% OF FEES FOR PERIOD 11/1/08-11/30/08: | $172,935.20 | (Holdback: $43,233.80) |
| 100% OF DISBURSEMENTS: | $  4,286.36 | |
| TOTAL DUE: | $177,221.56 | |

---

[1] The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $18,483.01 | Approved | Approved |
| 3/20/2008 | 11/1/2007-11/30/2007 | $234,223.00 | $9,396.14 | Approved | Approved |
| 3/20/2008 | 12/1/2007-12/31/2007 | $160,662.50 | $4,795.49 | Approved | Approved |
| 3/20/2008 | 1/1/2008-1/31/2008 | $226,308.50 | $5,000.27 | Approved | Approved |
| 6/17/2008 | 2/1/2008-2/29/2008 | $186,108.50 | $5,693.64 | Approved | Approved |
| 6/17/2008 | 3/1/2008-3/31/2008 | $208,726.00 | $6,406.70 | Approved | Approved |
| 6/17/2008 | 4/1/2008-4/30/2008 | $315,741.00 | $15,570.65 | Approved | Approved |
| 12/3/2008 | 5/1/2008-5/30/2008 | $181,783.50 | $4,606.22 | Approved | Approved |
| 12/5/2008 | 6/1/2008-6/30/2008 | $196,630.50 | $6,470.09 | Approved | Approved |

| 12/5/2008 | 71/2008-7/31/2008 | $206,217.50 | $3,157.08 | Approved | Approved |
| 12/5/2008 | 8/1/2008-8/31/2008 | $194,188.00 | $7,255.74 | Approved at 80% | Approved |
| 8/7/2009 | 9/1/2008-9/30/2008 | $249,088.50 | $9,037.16 | Pending | Pending |
| 8/7/2009 | 10/1/2008-10/31/2008 | $223,356.50 | $22,482.48 | Pending | Pending |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $745.00 | 45.30 | $33,748.50 |
| Mark T. Power | Partner (1989) | $745.00 | 18.60 | $13,857.00 |
| Edward L. Schnitzer | Partner (2008) | $525.00 | 27.20 | $14,280.00 |
| Don D. Grubman | Partner (1979) | $695.00 | 14.80 | $10,286.00 |
| John P. McCahey | Partner (1986) | $735.00 | 49.20 | $36,162.00 |
| Zachary Newman | Partner (1994) | $640.00 | 6.40 | $4,096.00 |
| Robert Malatak | Special Counsel (1994) | $560.00 | 24.10 | $13,496.00 |
| Christina J. Kang | Associate (2002) | $485.00 | 63.20 | $30,652.00 |
| Jeffrey Zawadzki | Associate (2004) | $375.00 | 24.30 | $9,112.50 |
| Emmet Keary | Associate (2006) | $320.00 | 51.70 | $16,544.00 |
| Alison Schrag | Associates (2006) | $320.00 | 5.90 | $1,888.00 |
| Nicholas Rigano | Associates (2008) | $270.00 | 1.60 | $432.00 |
| Annie Power | Associates (2008) | $270.00 | 58.50 | $15,795.00 |
| Jason W. Smith | Paralegal (N/A) | $245.00 | 31.00 | $7,595.00 |

| Jason Tucker | Paralegal (N/A) | $235.00 | 35.00 | $8,225.00 |
|---|---|---|---|---|
| **Grand Totals:** | | | **456.80** | **$216,169.00** |
| **Blended Rate:** | | | **473.22** | |
| **Blended Rate excluding Paraprofessionals:** | **$ 512.67** | | | |

## **COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Creditors' Committee | 83.00 | $33,671.50 |
| Retentions | .30 | $112.50 |
| Plan and Disclosure Statement | 64.20 | $35,337.00 |
| Sale of Assets | 20.20 | $14,423.00 |
| Professional Fees | 12.20 | $3,605.50 |
| Ltigation | 49.40 | $26,467.00 |
| Employee Issues | 6.80 | $3,993.00 |
| Claims Administration | 8.30 | $3,307.50 |
| Investigation of Company | 212.40 | $95,252.00 |
| **Total:** | **456.80** | **$216,169.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $580.42 |
| Search Fees | Pacer Service Center | $.64 |
| Courier Service | Deluxe Delivery Systems, Inc. | $25.44 |
| Duplicating [at 10¢ per page] | | $2,820.10 |
| Lexis | Lexis-Nexis | $3.99 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, Inc. | $191.15 |
| Overnight Delivery | Federal Express | $33.59 |
| Postage | | $12.62 |
| Long Distance Telephone | | $2.50 |
| Court Call Conference | | $139.91 |
| Travel | | $476.00 |
| Total: | | **$4,286.36** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., _et al._. [2] | : | (Jointly Administered) |
|  | : |  |
| Debtors | : |  |

-----------------------------------------------------------

### SIXTEENTH MONTHLY APPLICATION OF HAHN & HESSEN LLP,
### FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
### TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
### FOR THE PERIOD NOVEMBER 1, 2008 THROUGH NOVEMBER 30, 2008

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
       UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its sixteenth monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of November 1, 2008 through November 30, 2008 (the "Compensation Period"), and in support thereof respectfully represents:

1.    H&H submits this sixteenth monthly application for allowance of $220,455.36 for services provided to the Committee during the Compensation Period consisting

of (i) fees in the amount of $216,169.00, and (ii) out-of-pocket expenses in the amount of $4,286.36.

**<u>Background</u>**

2.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' cases.

3.      On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members:  Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4.      The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee.  The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[2]      The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5.    Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6.    The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

7.    This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

   8. From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case.  Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts to be able to respond appropriately to the myriad of expedited matters filed in the case.  Given the nature of this case, the Debtors and the Committee are continually called upon to deal with matters on an accelerated basis.  During the month of November 2008, H&H expended 456.80 hours in connection with its services on behalf of the Committee.  H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest.  H&H's services concentrated in, but were not limited to, the following areas:

**(a)**  **Creditors' Committee**

   9. H&H expended 83.00 hours with respect to services under this category, for which total compensation amounts to $33,671.50.  Applicant's services included reviewing the numerous motions filed by the Debtors and the various responses and/or objections filed to these motions.  Pleadings were summarized for distribution and consideration by the Committee during regularly scheduled meetings.  Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss among other things, BDO's report to the Committee, the D&O insurance stipulation and report, Northwest decision, the debtors' proposed common interest agreement and update on status of the case and plan discussions.  Applicant also prepared for and attended a meeting with proposed counsel to the Borrowers' committee.  Applicant also addressed each of these issues with the Debtors'

professionals as well as spent time preparing for and attending omnibus hearings before this Court.

**(b)** <u>**Retentions**</u>

   10. H&H expended .30 hours with respect to services under this category, for which total compensation amounts to $112.50.  Applicant's services included the review of retention application.

**(c)** <u>**Sale of Assets**</u>

   11. H&H expended 20.20 hours with respect to services under this category, for which total compensation amounts to $14,423.00.  Applicant's services include preparing and participated in multiple conference calls and e-mails with the Debtors and Debtors' counsel and Committee professionals to address issues with respect to the sale of the remaining loans and proposal of liquidation and sale of the balance of owned loans.  Applicant also reviewed the revised American Home bank stock purchase agreement (the "SPA"), BDO and Milestone analyses regarding the SPA.

**(d)** <u>**Profession Fees**</u>

   12. H&H expended 12.20 hours with respect to services under this category, for which total compensation amounts to $3,605.50.  Applicant's services included extensive attention to and review of certain professionals' fee applications and updating a spreadsheet detailing the fees and expenses of professionals and summaries thereto for distribution to Committee members.

**(e)** <u>**Litigation**</u>

   13. H&H expended 49.40 hours with respect to services under this category, for which total compensation amounts to $26,467.00.  Applicant reviewed all pleadings and

related issues regarding various adversary proceeding including but not limited to, the

Broadhollow, Lehman, U.S. Bank National, and Wells Fargo adversary proceedings.

Applicant's service included a coordinated effort to index, track and update production materials

provided by the Debtors into an efficient database.  Applicant also reviewed proposed document

request, deposition papers, and the Debtors response to Ross amended motion for administration

claim.  Applicant participated in discussion with counsel for all parties regarding the status of

these various litigations and the issues central to each case.

**(f)    Plan and Disclosure Statement**

14.    H&H expended 64.20 hours with respect to services under this category,

for which total compensation amounts to $35,337.00.  Applicant's services included the review

of Debtors' chapter 11 plan of liquidation and disclosure statement, formal and informal

objections thereto, indenture trustee's issues raised by the plan and plan protocols.  Applicant

also revised and edited the plan based on comments from committee members and analyzed the

proposed liquidation analysis.  Applicant also had numerous conference calls with Committee

professionals, Debtors' counsel and Bank of America to discuss the forgoing.

**(g)    Employee Issues**

15.    H&H expended 6.80 hours with respect to services under this category, for

which total compensation amounts to $3,993.00.  Applicant's services included a review of

pleadings and discovery issues and related issues regarding the WARN Act Litigation.

**(h)    Claims Administration**

16.    H&H expended 8.30 hours with respect to services under this category, for

which total compensation amounts to $3,307.50.  Applicant's services included a review of

various motions and claims objections.  Applicant prepared for and participated in various

teleconferences regarding the forgoing.

**(i)**     **Investigation of Company**

17.     H&H expended 212.40 hours with respect to services under this category,

for which total compensation amounts to $95,252.00.  Applicant's services included reviewing

documents produced by the Debtors, including but not limited to, directors' documents, lose and

repurchase reserve, privilege log, contracts, internal audit reports and annual and quarterly

reports filed with the securities and exchange commission.  Applicant also reviewed and

analyzed investigation chart prepared by BDO and the status of Union Federal litigation.

Applicant's participated in conference call to address issues relating to the forgoing.

### H&H Fees for the Compensation Period

18.     Under all of the criteria normally examined in Chapter 11 reorganization

cases, H&H's total requested compensation of $216,169.00 is reasonable in light of the

significant work performed by H&H to date.  The hourly rate for each attorney and

paraprofessional who performed the foregoing services on behalf of the Committee is set forth

in detail in the prefixed Summary Cover Sheet.

19.     Annexed hereto and made a part hereof as Exhibit "B" are computer-

generated invoices taken from the timesheets maintained by the individuals who performed

services during the Compensation Period.  The invoices indicate the dates of and description of

the services for which H&H seeks compensation, and the hours spent in performance of such

services.

20.     In certain instances, H&H's time records may indicate that two or more

attorneys attended the same meeting or hearing.  Where more than one attorney attended a

meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing.  Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented.  Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

21.     Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for November 2008 in the amount of $216,169.00, and payment of $172,935.20 representing eighty percent (80%) of such compensation.

**Disbursements Incurred During the Compensation Period**

22.     The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period.  Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet.  H&H charges its clients $0.10 per page photocopying expense.  Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page.  Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges.  H&H believes these expenses are reasonable and were necessarily made.  H&H respectfully requests reimbursement thereof in the sum of $4,286.36.

23.     In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

24.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation in the amounts set forth herein and provide such other and further relief as may be just and equitable.

Dated:    New York, New York
          August 7, 2009

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of
Unsecured Creditors of American Home Mortgage
Holdings, Inc., et al. Debtors

By:      __/s/ Mark S. Indelicato_____ ____
         Mark S. Indelicato (A Member of the Firm)
         488 Madison Avenue
         New York, NY  10022
         (212) 478-7200
         (212) 478-7400 facsimile