ORIGINAL

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x

In re:                                                        :    Chapter 11
                                                              :
AMERICAN HOME MORTGAGE                                        :    Case No.  07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :
                                                              :    Jointly Administered
                                                              :
                                     Debtors.                 :
----------------------------------------------------------------- x

### STIPULATION BETWEEN (I) AMERICAN HOME MORTGAGE CORP., (II) AMERICAN HOME MORTGAGE HOLDINGS, INC., (III) AHM SPV II, LLC, AND (IV) BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING ALL CLAIMS AND DISPUTES RELATING TO THE BROADHOLLOW PROPERTY

This stipulation (the "Stipulation") is entered into by and among debtors

American Home Mortgage Corp. ("AHM Corp") and American Home Mortgage Holdings, Inc.

("AHM Holdings" and, collectively with AHM Corp, the "Debtor Parties"), AHM SPV, II (the

"SPV"), and Bank of America National Association, successor by merger to LaSalle Bank

National Association (the "Trustee"), as Trustee for the Registered Holders of J.P. Morgan Chase

Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series

2004-PNC1 (the "Trust"), by and through their undersigned representatives.

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

**WHEREAS**, the SPV is a Delaware limited liability company wholly owned by AHM Corp;

**WHEREAS**, in November 2003, the SPV undertook a series of transactions to acquire ownership of certain real property located at 538 Broadhollow Road, Melville, New York (the "Broadhollow Property") for the approximate amount of $26.5 million;

**WHEREAS**, contemporaneously with the acquisition of the Broadhollow Property, the SPV (i) sold the property to the Suffolk County Industrial Development Authority (the "IDA"), (ii) leased the property from the IDA pursuant to that certain Lease Agreement dated November 1, 2003 (the "Master Lease") for a term ending on January 31, 2015, and (iii) subleased the property to AHM Corp pursuant to that certain Agreement of Lease dated November 24, 2003 (the "Sublease");

**WHEREAS**, the Trust holds a first mortgage (the "Mortgage") on the Broadhollow Property;

**WHEREAS**, pursuant to the Mortgage, the IDA and the SPV pledged their respective interests in the Broadhollow Property to JP Morgan Chase Bank ("JP Morgan");

**WHEREAS**, JP Morgan assigned the Mortgage, the underlying note (the "Note") and all related loan documents (collectively, with the Note and the Mortgage, the "Loan Documents") to the Trust;

**WHEREAS**, the Loan Documents include that certain guarantee of AHM Holdings with respect to the payment and performance of certain obligations of SPV as set forth in that certain guaranty dated November 25, 2003 in favor of JP Morgan (the "Guaranty");

2

WHEREAS, part of the collateral pledged as part of the Loan Documents is the rents from the Broadhollow Property;

WHEREAS, the SPV, AHM Corp and the IDA are parties to that certain Payment-In-Lieu-Of-Tax Agreement dated November 1, 2003 (the "PILOT Agreement") which provided for the payment of certain taxes and assessments with respect to the Broadhollow Property jointly and severally by the SPV and AHM Corp, notwithstanding the tax-exempt status of the IDA as the owner of record of the Broadhollow Property.

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtor Parties and certain of their affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, since the Petition Date, AHM Corp has continued to occupy a portion of the Broadhollow Property;

WHEREAS, on February 23, 2009 (the "Plan Confirmation Date"), the Bankruptcy Court entered an order (the "Plan Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan");

WHEREAS, the Plan provides that executory contracts and unexpired leases not assumed prior or pursuant to the Plan (including, without limitation, the Sublease and the PILOT Agreement), will be rejected on the effective date of the Plan (the "Plan Effective Date"), *nunc pro tunc* to the Plan Confirmation Date;

WHEREAS, AHM Corp stopped paying rent to the SPV as of November 2008 and has not paid thereafter, and the Trustee asserts that the SPV has a valid, enforceable

3

administrative expense claim against AHM Corp for post-petition rent (the "Administrative Rent Claim");

WHEREAS, AHM Corp asserts a right to set off any Administrative Rent Claim against certain inter-company receivables from the SPV to AHM Corp (the "Setoff Claims");

WHEREAS, the SPV has not made the payments due under the Loan Documents from November 2008 and thereafter;

WHEREAS, the SPV is not in bankruptcy;

WHEREAS, the Trustee intends to bring a foreclosure action (the "Foreclosure Action") against, among others, AHM Corp, the SPV, and the IDA, with respect to the Broadhollow Property;

WHEREAS, AHM Corp has determined, in its business judgment, that the interests of its estate and creditors would be served by AHM Corp's remaining in the Broadhollow Property while it liquidates its remaining assets and administers its estate pursuant to the Plan;

WHEREAS, the Debtor Parties, the SPV, and the Trustee (each a "Party" and collectively, the "Parties") desire to avoid costly litigation concerning the Administrative Rent Claim, the Setoff Claims, and the Guaranty Claim, and believe that AHM Corp's continued occupation of a portion of the Broadhollow Property and cooperation in a marketing and sale process would be beneficial for all the Parties;

WHEREAS, to these ends, the Parties have engaged in good-faith settlement negotiations to attempt to reconcile their positions and, as a result of such negotiations, have reached an agreement, subject to the terms and conditions set forth herein, which each believes

4

represents a fair and reasonable compromise in light of the costs, uncertainties, and risks

attendant to litigation;

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing and other valuable

consideration, the receipt of which is hereby acknowledged, the Parties hereby stipulate, consent

and agree as follows:

1.    **Effectiveness.**  As soon as practicable after this Stipulation has been

executed by each of the Parties, the Debtor Parties shall file with the Bankruptcy Court a motion

for an order (i) approving this Stipulation pursuant to Federal Rule of Bankruptcy Procedure

9019, (ii) authorizing AHM Corp to enter into the License Agreement (as hereinafter defined) on

the terms and conditions set forth below, and (iii) waiving the 10-day stay provided in Federal

Rule of Bankruptcy Procedure 6004(h).  This Stipulation shall become effective upon entry of an

order by the Bankruptcy Court approving this Stipulation (the "Stipulation Approval Order").  In

the event the Stipulation Approval Order is not entered within 30 days after the date this

Stipulation is executed by all the Parties, this Stipulation shall be null and void, unless extended

by agreement of the Parties in writing.

2.    **Termination of Sublease.**  Subject to the entry of the Stipulation

Approval Order, AHM Corp and the SPV, with the consent of the Trustee, agree that the

Sublease shall be deemed rejected and terminated effective as of 11:59 p.m. (ET) on March 31,

2009 (the "Sublease Termination Date"), at which time (i) AHM Corp shall be deemed to have

surrendered the Broadhollow Property to the SPV, and (ii) the SPV shall be deemed to have

accepted such surrender.

DB02:8180274.11                                                                    066585.1001

(a)    **Agreement(s) with Existing Sub-Sublessee(s).**  With respect to
any subleases between AHM Corp and other third-party subtenants (collectively the
"Subtenants") for any portion of the Broadhollow Property (collectively the "Subtenant
Subleases") which would otherwise be extinguished as of the Sublease Termination Date, the
SPV covenants and agrees to enter into a recognition agreement with each such Subtenant
whereby the Subtenant Subleases shall become a direct sublease with the SPV upon the same
terms and conditions as set forth in Subtenant Subleases or such other terms and conditions as
the Trustee, the SPV and the Subtenant may mutually agree upon.

(b)    AHM Corp and the SPV shall direct all tenants, subtenants, sub-
sub-tenants and other occupants of the Broadhollow Property to pay rent and additional rent to a
lockbox account or wire transfer account designated by the Trustee.  To the best of AHM Corp's
knowledge formed after a reasonable inquiry, the party identified on Schedule 1 hereto is the
only Subtenant.

3.    **License Agreement Between AHM Corp and the SPV.**  Subject to the
entry of the Stipulation Approval Order, and effective *nunc pro tunc* to April 1, 2009, the SPV
shall license certain office and warehouse space at the Broadhollow Property (the "Facilities") to
AHM Corp pursuant to the License Agreement attached hereto as Exhibit A (the "License
Agreement"), which is incorporated by reference as if set forth fully herein.  AHM Corp
stipulates and agrees that the automatic stay of section 362(a) of the Bankruptcy Code shall be
deemed modified to the extent necessary to permit the SPV and its successors and assigns
(including, without limitation, the Trustee), to exercise any and all remedies available under the
License Agreement or otherwise under applicable law in the event of a default by AHM Corp
under the License Agreement without prior application to, or order of, the Bankruptcy Court.

DB02:8180274.11                                                                                    066585.1001

AHM Corp further stipulates and agrees that any claim of the SPV or its successors or assigns (including, without limitation, the Trustee) for damages arising from a breach of AHM Corp's obligation to pay the License Fee under the License Agreement shall be entitled to administrative expense priority pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

    4.    **Settlement Payment; Mutual Releases.**  Subject fully to AHM Corp's right to reimbursement of certain amounts in accordance with paragraph 11 hereof, within five (5) days after entry of the Stipulation Approval Order, the Debtor Parties shall remit the sum of seventy-five thousand dollars ($75,000) (the "Settlement Payment") to the SPV in accordance with wire instructions to be provided by the Trustee.  Upon the SPV's receipt of the Settlement Payment in accordance with this paragraph:

        (a)    the SPV shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtor Parties or any of their affiliates, successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated, including, without limitation, any and all claims (i) arising from rejection of the Sublease, (ii) for damages resulting from the termination of the Sublease, (iii) relating to obligations of AHM Corp under the Sublease arising from and after the Petition Date, through and including the Sublease Termination Date (including, without limitation, the Administrative Rent Claim), (iv) for contribution or reimbursement from AHM Corp with respect to amounts paid or payable under the PILOT Agreement, or (v) arising from rejection of the PILOT Agreement; and

DB02:8180274.11

066585.1001

(b)      the Trustee, on behalf of the Trust, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtor Parties or any of their affiliates (other than the SPV), successors, assigns, officers, directors, employees, attorneys, and agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated, including, without limitation, the Guaranty Claim, the Administrative Rent Claim (to the extent enforceable by the Trustee), and any proofs of claim filed in the Debtor Parties' bankruptcy cases; and

(c)      the Debtor Parties shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that they may have against the SPV, the Trustee, or any of their successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated, including, without limitation, the Setoff Claims; and

(d)      the SPV shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Trustee or any of their successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, fixed, contingent, liquidated or unliquidated;

provided, however, that nothing in the preceding subparagraphs (a)-(d) shall constitute a waiver or release of (i) any claims arising under the License Agreement or this Stipulation or (ii) any claims recoverable by any Party from insurance or from a third party, provided that any such

DB02:8180274.11                                                                                                                                    066585.1001

claim may be asserted solely against such insurance or third party and not against any Party to this Stipulation.

        5.      **Engagement of Property Manager and Broker.**  As soon as practicable after execution of this Stipulation by all the Parties, AHM Corp shall cause the SPV (i) to engage the services of a property manager (the "Property Manager") and a real-estate broker (the "Broker"), in each case reasonably acceptable to the Trustee, with respect to the on-going management and leasing and/or sale of the Broadhollow Property (the "Property Activities") and (ii) to reasonably cooperate with any such Property Manager and Broker in connection with any such Property Activities.  For the avoidance of doubt, AHM Corp shall have no responsibility or liability whatsoever with respect to the payment of the Property Manager or the Broker or any liability, costs or expenses attributable to the Property Activities.

        6.      **Cooperation with Sale and/or Foreclosure Action.**  AHM Corp shall cooperate (and shall cause the SPV to cooperate) reasonably and in good faith with the Property Manager, the Broker, and the Trustee to effectuate a sale of the Broadhollow Property and/or the Foreclosure Action, including, without limitation, by causing the SPV to provide such consents, to execute such documents, and to take such other actions as are necessary or appropriate to that end.  AHM Corp and the SPV shall not oppose any Foreclosure Action except as, and only to the extent, necessary to enforce the rights of AHM Corp under paragraph 7 hereof.

        7.      **Subordination, Nondisturbance, and Attornment.**  AHM Corp acknowledges that the License Agreement is and shall be subject and subordinate to the Mortgage and to all renewals, amendments, modifications, consolidations, replacements and extensions of the Mortgage to the extent of all amounts secured by the Mortgage from time to time.  Notwithstanding the foregoing, the Trustee agrees that, if the Trustee exercises any of its

DB02:8180274.11

066585.1001

rights under the Mortgage, including an entry by the Trustee or any sale or transfer in lieu thereof, so long as no event of default under the License Agreement shall have occurred and be continuing beyond the applicable cure period, the Trustee will not terminate or disturb AHM Corp's right of quiet possession of the Facilities under the terms of the License Agreement, and AHM Corp's other rights and privileges under the License Agreement will not be terminated, canceled or in any way disturbed, diminished or interfered with by the Trustee. The Trustee and AHM Corp agree that, in the event of a foreclosure upon the Mortgage which extinguishes the SPV's interest in the Master Lease and/or the License Agreement or any other succession of the Trustee to ownership of the SPV's interest in the Master Lease and/or the License Agreement, the Trustee or its successor upon such succession to ownership shall, subject to subparagraph (b) hereof, succeed to the SPV's interest under the License Agreement and be bound to AHM Corp under the terms of the License Agreement, and AHM Corp will attorn to and recognize the Trustee or its designee, as applicable, as Lessor under the License Agreement for the remainder of the term of the License Agreement (including all extension periods which have been or are hereafter exercised) upon the same terms and conditions as are set forth in the License Agreement.

        8.    **No Assignment by the SPV.**  The SPV shall not, for a period of three (3) years from the date the Stipulation Approval Order is entered, assign its present interest, or any interest hereafter acquired, in the Broadhollow Property except as directed by the Trustee in writing. The Trustee is authorized, but not required, to record a memorandum to provide notice of such prohibition. AHM Corp shall cause the SPV to comply with the Trustee's direction regarding assignment of its present interest, or any interest hereafter acquired, in the

DB02:8180274.11

066585.1001

Broadhollow Property, provided, however, that any such assignment shall be subject fully to AHM Corp's rights under paragraph 8 hereof.

        9.     **Cooperation Regarding the IDA.** As soon as practicable after execution of this Stipulation by all the Parties, the Parties shall use commercially reasonable efforts to cause the IDA to transfer the Broadhollow Property to the SPV and to obtain waivers and releases from the IDA for the benefit of all the Parties. For the avoidance of doubt, no Party shall be obligated to make any payment or to commence any litigation to obtain the IDA's agreement so to transfer, waive or release.

        10.     **Indemnification of AHM Corp; Limitation of Liability.**

        (a)     Subject to entry of the Stipulation Approval Order, the SPV hereby agrees to indemnify and hold harmless AHM Corp against any and all liability, claims, suits, losses, costs and legal fees arising from and after April 1, 2009, relating to the Broadhollow Property. The SPV and the Trustee agree that, effective as of April 1, 2009, AHM Corp shall have no financial responsibility or liability whatsoever relating to the Broadhollow Property and, further, that AHM Corp shall be entitled to reimbursement from the SPV or the Trust for amounts expended prior to entry of the Stipulation Approval Order for utilities, maintenance, waste removal, cleaning, lawn care, security, and fire alarm relating to the Broadhollow Property which accrued from and after April 1, 2009, as set forth more fully in Schedule 2 hereto. The sum due pursuant to Schedule 2 is in the aggregate amount of $236,558.75. In lieu of AHM Corp paying the $75,000.00 Settlement Payment the $236,558.75 due as set forth on Schedule 2 shall be reduced by $75,000.00 to $161,558.75.

        (b)     Trustee agrees to pay to AHM Corp or its order all reasonable out-of-pocket costs and expenses (including, but not limited to, attorneys' fees) incurred by AHM

11

Corp from and after April 1, 2009, with respect to the Broadhollow Property (including, without limitation, in connection with AHM Corp's performance of its obligations under paragraphs 5, 6, and 9 of this Stipulation); provided, however, that the Trustee shall have no obligation to indemnify AHM Corp for any costs or expenses incurred negotiating, drafting, or obtaining Bankruptcy Court approval of this Stipulation and the License Agreement.  In addition to the $75,000.00 offset referred to in 10(a) above, any other reimbursement to which AHM Corp may be entitled pursuant to this paragraph may take the form of a setoff or credit against any amounts otherwise payable to the SPV or the Trustee under this Stipulation or the License Agreement.

11.    **No Implicit Waiver.**  Except as may be explicitly provided herein, the Parties agree that the Trust does not waive any prior default under the Loan Documents or any rights or remedies thereunder, whether at law or in equity.

12.    **Advances by the Trust.**  The SPV stipulates and agrees that, to the extent not already provided in the Loan Documents, any advances made by or on behalf of the Trust relating to the Broadhollow Property shall constitute additional indebtedness secured by the Mortgage; provided, however, that any rents collected by or on behalf of the Trust relating to the Broadhollow Property shall constitute a credit against such indebtedness.

13.    **Real Estate Tax Refunds.**  The SPV stipulates and agrees that, to the extent not already provided in the Loan Documents, all right, title, and interest in and to any real estate tax refund relating to the Broadhollow Property is hereby assigned to the Trustee as additional security for the indebtedness secured by the Mortgage.

14.    **Effectuation of Stipulation.**  The Parties shall cooperate reasonably and in good faith to effectuate the terms and intent of this Stipulation and shall take such steps and execute such documents as may be necessary for this purpose.

12

066585.1001

15.    **No Evidence/Draftmanship.**  The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms herein.  The Parties further acknowledge and agree that this Stipulation has been thoroughly negotiated by and between the Parties and that if any ambiguity shall arise hereunder, there shall be no presumption that any particular Party drafted this Stipulation and no Party shall have such ambiguity resolved against it simply by virtue of its role in drafting or preparing this Stipulation.

16.    **Binding Effect.**  The terms and provisions of this Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors and assigns, including, without limitation, the Plan Trustee appointed pursuant to the Plan.

17.    **Entire Agreement.**  This Stipulation and all Exhibits and Schedules hereto (including, but not limited to, the License Agreement) shall constitute the entire agreement between the Parties and any prior discussions, negotiations, statements, understandings or representations of any kind preceding the date of execution of this Stipulation by all Parties shall not be binding upon any Party except to the extent incorporated in this Stipulation and any Exhibit or Schedule hereto.

18.    **Controlling Document.**  To the extent of any inconsistency between this Stipulation and the License Agreement, the provisions of this Stipulation shall control.

19.    **Execution and Counter-Parts and By Telecopy.**  This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument.  This

DB02:8180274.11                                                                066585.1001

Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

**Stipulated and Agreed.**

Dated: July 9, 2009    **AMERICAN HOME MORTGAGE CORP.**
**AMERICAN HOME MORTGAGE HOLDINGS, INC.**

By: _____
Name: Bret Fernandes
Title:   Director of Restructuring

Dated: July 9, 2009    **AHM SPV II, LLC**
By: American Home Mortgage Corp.

By: _____
Name: Bret Fernandes
Title:   Director of Restructuring

Dated: July 13, 2009    **LASALLE BANK NATIONAL ASSOCIATION,**
as Trustee for the Registered holders of J.P. Morgan Chase
Commercial Mortgage Securities Corp., Commercial
Mortgage Pass-Through Certificates, Series 2004-PNC1

By:    Midland Loan Services, Inc., its Special Servicer

By: _____
Name: Kevin ~~Donoghue~~ Donahue
Title:   Senior Vice President

DB02:8180274.11                                                                    066585.1001