IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware | ) | Case No. 07-11047 (CSS) |
| Corporation, et al.[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**FINAL FEE EXAMINER FEE REPORT LETTER REGARDING THE FIRST AND SEVENTH MONTHLY APPLICATION OF TRAXI, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION DURING THE PERIODS OCTOBER 2008 AND APRIL 2009.**

___

This is the report of M. Jacob Renick, CPA, CIRA, CFE, a Managing Director at NachmanHaysBrownstein, Inc., acting in his capacity as fee examiner in the above-captioned bankruptcy proceedings.

## BACKGROUND

1. On April 1, 2009, the court approved an administrative order appointing M. Jacob Renick as Fee Examiner ("Fee Examiner") and establishing procedures for the interim compensation and reimbursement of expenses of professionals pursuant to sections 331 and 105(a) of the Bankruptcy Code. As specifically detailed by the court, the fee applications subject to review by the Fee Examiner shall be limited solely to the extent of any fees and expenses not previously approved by the Bankruptcy Court on an interim basis after notice and a hearing ("Unreviewed Fees/Expenses").

2. The subject of this review is the 1st and 7th monthly fee applications submitted by Traxi, LLC (hereinafter referred to as either "Traxi" or "Applicant") requesting compensation of services and reimbursement of expenses incurred in its representation as Special Litigation Financial Advisor for the Debtors and Debtors in Possession during the periods October 2008 and April 2009. The Applicant is seeking allowance of $127,588.00 of interim fees and $10,141.00 of expenses.

## DISCUSSION

3. In conducting my examination and in reaching the conclusions and recommendations contained herein, I and/or NachmanHaysBrownstein, Inc. ("NHB") reviewed in detail the Application in its entirety, including the time and expense entries included therein for compliance with 11 U.S.C § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and

___

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

1

    the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("U.S. Trustee Guidelines").

4. During the course of his review and examination, the Fee Examiner has determined that several of the entries for Unreviewed Fees/Expenses detailed in the fee applications did not provide sufficient explanation and requested additional documentation to support these claims in accordance with the applicable standards of section 330 of the Bankruptcy Code, Local Rule 2016-2 and any other applicable law. The Fee Examiner also questioned certain entries that could be perceived as being clerical, excessive or duplicative of other professionals in the case. The total fee amount questioned by the Fee Examiner in that letter amounted to $11,725.00 and the total expenses questioned amount to $408.00.

5. Applicant provided a response via telephonic conference with the Fee Examiner's staff on July 23rd and again on August 7th. The Fee Examiner finds the Applicant satisfactorily addressed the issues raised in his letter to the Applicant dated July 21, 2009. The Applicant reviewed the issues raised by the Fee Examiner and agreed to reduce its fees by a total of $4,912.50 and its expenses by $166.00 for a total reduction of $5,078.50.

6. The Fee Examiner finds that the Applicant has provided a sufficient explanation to support the Applicant's request for reimbursement of the remaining time and expense entries, including those questioned by the Fee Examiner.

7. The time entries questioned from the 1st and 7th fee applications and their adjustments, as applicable, are detailed below:

| Time Entry Date | Professional | Hrs Adjusted | Amount | Comment |
|---|---|---|---|---|
| 10/21/08 and 10/27/08 | Peter Hoberman | 1.5 | $600.00 Deleted | Travel arrangements for meeting with A&M in Dallas. Applicant has agreed to delete its request for compensation of this billed time in response to the concern raised by the Fee Examiner. |
| April 2009 | Thomas A Korf | 44.5 | $23,362.50 billed. $11,125.00 questioned. $4,312.50 fee reduction negotiated calculated as 10 hrs at Korf's rate and 34.5 hrs at $400/hr. | The Fee Examiner questioned the billing rate for the work performed and suggested that because of its routine nature, it may have been more befitting for an analyst to perform the task. Applicant strongly disagreed with this assertion and explained in detail the more complicated nature of this task. Nonetheless, Applicant has agreed to reduce its billing rate for 34.5 of the hours questioned to the rate charged by the firm's Director (from $525 to $400) in response to the Fee Examiner's concerns. |

8. The expense entries questioned and their adjustments, as applicable, are detailed below:

2

| Time Entry Date | Type | Description | Amount | Comment |
|---|---|---|---|---|
| 10/29/08 | Peter Hoberman | n/a | $170.00 Reduced to $110.00 | Applicant has stated that this expense covered the dinner for both P. Hoberman and T Korf while at the client site. Applicant has agreed to reduce its request for reimbursement to $110.00. |
| 10/21/09 | Thomas A Korf | n/a | $65.00 Deleted | Applicant was unable to provide a receipt to confirm this charge. Applicant has therefore agreed to delete its request for reimbursement of this amount. |
| 4/09 | Firm | n/a | $66.00 No reduction. | Applicant has stated that this expense covered a working dinner for both P. Hoberman and T Korf and as such the Fee Examiner finds the amount billed to be acceptable. |
| 10/08 4/09 | Firm | n/a | $16.00 No reduction $41.00 Deleted | Applicant has stated that the $16.00 charge was for train travel to the client site. The Fee Examiner accepts this explanation and does not object to this charge. Applicant has agreed to delete its request for reimbursement of $41.00 for supplies in response to the concern raised by the Fee Examiner. |

## CONCLUSION

9. As only the amount requested in the Applicant's 7th application awaits approval by the Court, , the Fee Examiner recommends approval of the adjusted allowance of $27,025.50 a credit due for expenses of <$7.00> for a total of $27,032.50.

10. The Fee Examiner notes that it had previously reviewed the Applicant's 2nd through 5th fee applications in which a reduction of $5,430.00 of fees and $340.91 of expenses was agreed upon. The Fee Examiner is of the understanding that these amounts were reduced from the amount approved by the Court for the Applicant's 6th application.

August 11, 2009

Respectfully submitted,
s/ **M. Jacob Renick**
M. Jacob Renick, CPA, CIRA, CFE
Fee Examiner
NachmanHaysBrownstein, Inc.
Olympic Tower
645 Fifth Avenue, 8th Floor
New York, NY 10022
(212) 848-0252
(212) 751-3512 (fax)
jrenick@nhbteam.com

3