## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., <u>et al</u>,[1] | : |  |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------

## <u>AGREEMENT OF SETTLEMENT AND COMPROMISE</u>

This Agreement of Settlement and Compromise (the "Agreement") is entered into by, between and among:  (i) the below described debtors and debtors-in-possession (collectively the "Debtors"), including American Home Mortgage Investment Corp. ("AHM Investment"); (ii) the Official Committee of Unsecured Creditors of the Debtors (the "Committee"); and (iii) the following former officers and directors of AHM Investment:  Michael Strauss ("Strauss"), Stephen Hozie ("Hozie"), Robert Bernstein ("Bernstein"), John A. Johnston ("Johnston"), Nicholas R. Marfino ("Marfino"), Michael A. McManus, Jr. ("McManus"), C. Cathleen Raffaeli ("Raffaeli"), Irving J. Thau ("Thau"), Kenneth P. Slosser ("Slosser"), and Kristian R. Salovaara ("Salovaara") (each a "Settling Director and Officer" and collectively the "Settling D&Os"; and the Debtors, Committee and Settling D&Os the "Parties"; and the Debtors, Committee and each Settling Director and Officer, each a "Party").

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), A Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for each of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## RECITALS

A.      On August 6, 2007 (the "Petition Date"), each of the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.      The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure.

C.      Since the Petition Date, the Debtors have continued in the operation and management of their businesses and properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D.      On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, consisting of seven of the Debtors' largest unsecured creditors. Hahn & Hessen LLP ("H&H") is co-counsel to the Committee.

E.      As of the date of this Agreement, no trustee or examiner has been appointed

F.      On August 15, 2008, the Debtors filed a "Chapter 11 Plan of Liquidation of the Debtors" (as thereafter amended, the "Amended Plan").

G.      On February 23, 2009, the Bankruptcy Court entered its "Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009" (the "Confirmation Order").

H.      The Amended Plan has not yet become effective.

I.      The Amended Plan, upon becoming effective, contemplates the creation of a Liquidating Trust (the "Liquidating Trust") and the appointment of a Liquidating Trustee (the "Liquidating Trustee") for the purpose of liquidating the Debtors' remaining assets, including

any claims or causes of action that the Debtors may have, for the benefit of the Debtors' creditors.

J.      The Committee has selected Steven D. Sass to serve as Liquidating Trustee upon the Amended Plan becoming effective.  The selection of Mr. Sass as Liquidating Trustee has been approved by the Bankruptcy Court pursuant to the Confirmation Order, subject to the Amended Plan becoming effective.

K.      Prior to the Petition Date, Marfino, McManus, Raffaeli, Thau, Slosser and Salovaara each served as an independent director of AHM Investment.

L.      Prior to the Petition Date, Strauss and Johnston each served as a director and officer of AHM Investment.

M.      Prior to the Petition Date, Hozie and Bernstein each served as an officer of AHM Investment.

N.      Prior to the Petition Date, the Debtors had obtained a "Directors, Officers and Corporate Liability/General Partners and Limited Partnership Insurance Policy" (the "Primary Policy") from National Union Fire Insurance Company of Pittsburgh, Pa. (Policy Number 673-84-28) ("National Union"), as well as four excess insurance policies (the "Excess Policies" and together with the Primary Policy, the "Policies") from (a) those underwriters at Lloyd's subscribing to Policy Number 146/LDUSA0601849 ("Lloyd's"); (b) ACE American Insurance Company (Policy Number DOX G23651439 001) ("ACE"); (c) Zurich American Insurance Company (Policy Number 9680911 00) ("ZAI"); and (d) Illinois National Insurance Company (Policy Number 673-86-10) ("Illinois National") (National Union, Lloyd's, ACE, ZAI and Illinois National are collectively referred to as the "Insurers")

3

O.      In or about January 2009, the Committee and several of the Settling D&Os, by their respective counsel, began discussions concerning potential pre-petition claims that the Committee believed the Debtors and Debtors' estates may have against the Settling D&Os (the "Potential Claims").

P.      On April 9, 2009, the Committee, the Settling D&Os, ZAI, and Illinois National, by their respective counsel, attended a mediation of the Potential Claims in New York City that was mediated by David Geronemus (the "Mediation").

Q.      At the Mediation, the Settling D&Os, the Committee, ZAI, and Illinois National, by their respective counsel, reached an agreement to settle and compromise the Potential Claims on the terms and conditions set forth below, subject to the approval thereof by the Debtors and Committee, the execution of this Agreement by all Parties, and the entry by the Bankruptcy Court of an order approving this Agreement.

R.      The Debtors and Committee have approved the settlement of the Potential Claims on the terms and conditions set forth below, and the Committee, by its counsel, intends to seek the entry of an order approving this Agreement upon its execution by all Parties and their respective counsel.

S.      The Parties have agreed to settle and compromise the Potential Claims to avoid the cost, expense and uncertainty of litigation, and neither this Agreement nor its terms and conditions shall be deemed to be an acknowledgment by any Party as to the merits or lack thereof of the Potential Claims.

**NOW, THEREFORE, IT IS HEREBY AGREED** by, between and among the undersigned parties and their respective counsel, as follows:

4

1.      This Agreement is subject to the express condition of the entry of a Final Order approving its terms and conditions, authorizing the Insurers to make payment under the Policies as provided in paragraphs 2 and 3, and authorizing the Debtors' performance thereunder. "Final Order," as used herein, shall mean an order, judgment or other decree of the Bankruptcy Court, the operation or effect of which has not been reversed, stayed or modified, and as to which order, judgment or decree:  (a) any timely-taken appeal therefrom that has been finally determined or dismissed, or (b) the time to appeal, to move for reconsideration or leave to appeal, or to petition for certiorari therefrom has expired by reason of statute, applicable law or otherwise, and as to which no appeal, motion for reconsideration or leave to appeal, or petition for certiorari has been taken or is pending (or if such appeal, motion or petition has been taken, it has been finally determined or dismissed), as a result of which such order judgment or decree shall have become final in accordance with applicable statute or law.

2.      The Settling D&Os agree to cause to be paid by the Insurers, on behalf of the Settling D&Os, and the Debtors (with the Committee's approval) agree to accept, the sum of Five Million Six Hundred and Twenty-Five Thousand Dollars ($5,625,000) in full settlement, satisfaction and discharge of the Potential Claims (the "Settlement Sum").

3.      The Settlement Sum shall be paid by check or wire transfer, subject to collection and payable to "Hahn & Hessen LLP, as counsel for the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.," within fifteen (15) business days after the entry of a Final Order (the "Settlement Payment").  In the event the Amended Plan has become effective before the Settlement Sum is due to be paid, the Settlement Payment shall be paid by check or wire transfer, subject to collection and payable to "Hahn & Hessen LLP, as counsel for the American Home Mortgage Holdings, Inc. Liquidating Trust."

4.    Upon the execution of this Agreement by Strauss, Hozie and Bernstein (each a "Representing Party" and collectively, the "Representing Parties"), each Representing Party shall prepare, execute and deliver to H&H, in form satisfactory to H&H, a "Statement of Net Worth," wherein the Representing Party will certify as to his net worth as of April 15, 2009 (the "Net Worth Representation"). Except as may be necessary under paragraph 7, the Net Worth Representation shall not be voluntarily disclosed by H&H except to the following: (a) the Committee's members and its professionals, and the Debtors and their professionals; (b) upon the Amended Plan becoming effective, the Liquidating Trustee and his/her professionals and the members of the plan oversight committee; and (c) any other successor (including its professionals) to the Debtors approved and/or appointed by the Bankruptcy Court.

5.    Upon the entry of a Final Order approving this Agreement, each of Strauss, Hozie and Bernstein agree to reasonably cooperate with respect to requests for information concerning the Debtors' business and affairs before the Petition Date made of him by the following: (a) the Committee's professionals; (b) upon the Amended Plan becoming effective, the Liquidating Trustee and his/her professionals; and (c) any other successor (including its professionals) to the Debtors approved and/or appointed by the Bankruptcy Court.

6.    Subject to both (i) the entry of a Final Order approving this Agreement and (ii) H&H's receipt and collection of the Settlement Payment:

(a)    Strauss, Hozie, Bernstein, Johnston, Marfino, McManus, Raffaeli, Thau, Slosser and Salovaara (collectively the "Releasing D&O Parties"), for good, lawful and valuable consideration, receipt of which is hereby acknowledged, hereby release and discharge the Debtors and Debtors' estates and their respective predecessors, successors and assigns (collectively, the "Estate Released Parties") from any and all claims, rights, demands, actions, liabilities, obligations, proofs of claim, and causes of action of any and all kind, nature and character whatsoever, whether known or unknown, whether based on tort (negligent or intentional), contract (implied, oral or written), statute or any other theory of liability, at law or equity and whether for damages or equitable relief, which each of the Releasing D&O Parties and their respective heirs, executors, administrators,

6

successors and assigns ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement against the Estate Released Parties, provided, however, that nothing in this Agreement releases (i) any obligation that the Debtor or Debtors' estates or any of their respective predecessors, successors or assigns may owe to Marfino, McManus, Raffaeli, Thau and Salovaara for the payment of fees previously approved by the board of directors of AHM Investment for their service as directors of AHM Investment after the Petition Date through to the date the Amended Plan becomes effective, or (ii) any claim that Johnston may have against the Estate Released Parties relating to the Johnston Reserved Claims (as defined below);

(b)     Debtors and Debtors' estates (the "Estate Releasing Parties"), for good, lawful and valuable consideration, receipt of which is hereby acknowledged, hereby release and discharge Marfino, McManus, Raffaeli, Thau, Slosser and Salovaara, and their respective heirs, executors, administrators, successors and assigns (collectively the "Released D&O Parties"), from any and all claims, rights, demands, actions, liabilities, obligations, proofs of claim and causes of action of any and all kind, nature and character whatsoever, whether known or unknown, whether based on tort (negligent or intentional), contract (implied, oral or written), statute or any other theory of liability, at law or equity and whether for damages or equitable relief, which each of the Estate Releasing Parties and their respective predecessors, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement against the Released D&O Parties;

(c)     The Estate Releasing Parties, for good, lawful and valuable consideration, receipt of which is hereby acknowledged, hereby release and discharge Strauss, Hozie and Bernstein, and their respective executors, administrators, heirs, successors and assigns (collectively the "Released Representing Parties") from any and all claims, rights, demands, actions, liabilities, obligations, proofs of claim and causes of action of any and all kind, nature and character, whether known or unknown, whether based on tort (negligent or intentional), contract (implied, oral or written), statute or under any theory of liability, at law or equity and whether for damages or equitable relief, which each of the Estate Releasing Parties and their respective predecessors, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement against the Released Representing Parties, except under the circumstances set forth below in paragraph 7;

(d)     The Estate Releasing Parties, for good, lawful and valuable consideration, receipt of which is hereby acknowledged, hereby release and discharge Johnston and his executors, administrators, heirs, successors and assigns from any and all claims, rights, demands, actions, liabilities, obligations, proofs of claim and causes of action of any and all kind, nature and character, whether known or unknown, whether based on tort (negligent or intentional), contract (implied, oral or written), statute or under any theory of liability, at law or equity and whether for damages or equitable relief, which each of the Estate Releasing Parties and their respective predecessors, successors and assigns

7

ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement against Johnston, <u>excluding</u>, however, those arising out of or related to a payment in the amount of $1,244,182 made on or about May 25, 2007 by or on behalf of the Debtors to or for the benefit of Johnston (the "Johnston Reserved Claims");

(e)    The Estate Releasing Parties, for good, lawful and valuable consideration, receipt of which is hereby acknowledged, hereby release and discharge the former officers and/or directors of the Debtors (other than the Released D&O Parties, the Released Representing Parties and Johnston) and their respective heirs, executors, administrators, successors and assigns (the "Limited Released D&O Non-Parties") from claims and causes of action which each of the Estate Releasing Parties and their respective predecessors, successors and assigns may have limited only to those claims and causes of action for which the Limited Released D&O Non-Parties would be entitled to indemnification under the Policies, and the Estate Releasing Parties are not releasing or discharging the Limited Released D&O Non-Parties from any other claims and causes of action, including but not limited to those under chapter 5 of title 11 of the Bankruptcy Code; and

(f)    The Estate Releasing Parties, for good, lawful and valuable consideration, receipt of which is hereby acknowledged, hereby release and discharge the Insurers and their respective predecessors, successors and assigns (the "Limited Released Insurers") from claims and causes of action which each of the Estate Releasing Parties and their respective predecessors, successors and assigns ever had, now have or hereafter can, shall or may have limited only to those arising out of or related to the Policies (Policy Numbers 673-84-28; 146/LDUSA0601849; DOX G23651439 001; 9680911 00; and 673-86-10), provided, however, that nothing in this Agreement releases any claim, right or interest of any other person to coverage under the Policies to the extent that such claim, right or interest exists and coverage is available under the Policies.

7.    If a Net Worth Representation provided pursuant to paragraph 4 by a

Representing Party (a) was materially false or misleading as to the net worth of such

Representing Party as of April 15, 2009 (a "Breaching Representing Party"); and (b) H&H

provides written notice to the Breaching Representing Party's undersigned counsel no later than

March 15, 2010, which written notice shall identify the manner in which the Net Worth

Representation was materially false or misleading (the "Representation Breach Notice"); and (c)

the Breaching Representing Party cannot satisfy the Debtors and Debtors' estates or their

respective successors and assigns (including the Liquidating Trustee) within twenty (20)

business days that the Net Worth Representation was not materially false or misleading as of

April 15, 2009; then (d) the Debtors and Debtors' estates or their respective successors and assigns (including the Liquidating Trustee) may commence an action or proceeding under any or all of sections 542, 544, 547, 548, 549, 550 and 551 of chapter 5 of title 11 of the Bankruptcy Code (the "Chapter 5 Claims") against the Breaching Representing Party to the extent such Chapter 5 Claims may exist against him. The Chapter 5 Claims can be brought no earlier than twenty (20) business days from the date of the Representation Breach Notice and may not be brought later than April 15, 2010. Each Representing Party hereby agrees that the statute of limitations applicable to the Chapter 5 Claims shall be tolled as of the date of entry of a Final Order approving this Agreement, provided that any action or proceeding as to the Chapter 5 Claims is commenced on or before April 15, 2010.

8.    Promptly following the execution of this Agreement by all of the undersigned, H&H shall file a motion requesting the Bankruptcy Court to approve this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

9.    Contingent upon both the Bankruptcy Court's approval of this Agreement and H&H's receipt and collection of the Settlement Payment, the Committee and Debtors agree not to object to the payment by the Insurers under the Policies of (a) defense costs incurred by the counsel for the Settling D&Os in the defense of the action *In re American Home Mortgage Securities Litigation*, 07-MD-1898 (TCP) (E.D.N.Y.) (the "Class Action Litigation") and in the representation of them in connection with government investigations, and (b) the settlement amount on behalf of the Settling D&Os in the Class Action Litigation.

10.    In the event that this Agreement is not approved by a Final Order, then this Agreement and all of its terms, excluding this paragraph 10 and paragraph 11, shall be deemed null and void and of no force and effect.

11.    Each Settling D&O hereby agrees that the statute of limitations applicable to the Potential Claims and other claims (excluding the Johnston Reserved Claims) that the Debtors and Debtors' estates and their successors and assigns have or may have against him/her (the "Tolled Claims") shall be tolled as of the date of this Agreement, provided that any action or proceeding on the Tolled Claims is commenced on or before December 15, 2009. It is agreed and understood that this paragraph is intended to allow the Debtors and Debtors' estate adequate time to commence actions or proceedings on the Tolled Claims in the event a Final Order approving this Agreement is not entered, and that the Debtors and Debtors' estates and their respective successors and assigns (including the Liquidating Trustee) shall not commence any action or proceeding on the Tolled Claims during the time a Final Order approving this Agreement is being sought. Upon the entry of a Final Order approving this Agreement, the Tolled Claims will be released to the extent provided for in paragraphs 6(b), (c) and (d).

12.    This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of law principles. All matters relating to the interpretation of this Agreement or any other controversy arising out of this Agreement shall be determined by the Bankruptcy Court, and the Parties submit to the Bankruptcy Court's jurisdiction for such purposes.

13.    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

14.    This Agreement represents a compromise and settlement of the Potential Claims and shall not be deemed or construed as an admission or acknowledgment by any Party of any liability or defense thereto.

15.     Each Party represents that it, he or she owns and has not assigned or otherwise transferred to any other person or entity all or part of such Party's rights and/or claims as are being altered or otherwise affected by this Agreement and possesses the full right and power to alter or otherwise affect such rights and/or claims as provided herein, subject only to the approval of the Bankruptcy Court to the extent required.  No Party is an infant or incompetent person for whom a committee or conservatee has been appointed.

16.     Each person signing this Agreement hereby covenants and warrants to the Parties that he or she is fully authorized to sign this Agreement on behalf of the Party indicated, and is fully authorized to bind such Party to all terms of this Agreement.

17.     Each Party represents and acknowledges that, in executing this Agreement, it, he or she did not rely and has not relied upon any representation or statement, including those made by any other Party or the agents, representatives or attorneys of any other Party, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than representations or statements specifically set forth in this Agreement.  Each Party further represents and acknowledges that, in making this Agreement, it, he or she has relied entirely upon their own judgment, beliefs and interest and upon the advice of their counsel and that they have had a reasonable period of time to consider this Agreement.

18.     This Agreement sets forth the entire agreement between and among the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between and among the Parties pertaining to the subject matter hereof.

19.     No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

20.     This Agreement shall be deemed dated as of June 19, 2009.

21.     This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

[THE BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated: June 19, 2009

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_James L. Patton, Jr. (No. 2202)_
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Tel: (302) 571-6600
Fax: (302) 571-1253

*Counsel for the Debtors and Debtors-in-
Possession*

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al., Debtors and
Debtors-In-Possession

By: _____
    Bret Fernandes
    Director of Restructuring

BLANK ROME LLP

_____
Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464

and

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
MORTGAGE HOLDINGS, INC., et al.

By: _____
    A Member of the Committee

HAHN & HESSEN, LLP
John P. McCahey
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

*Counsel for the Official Committee of
Unsecured Creditors of American Home
Mortgage Holdings, Inc., et al.*

Dated: June 19, 2009

YOUNG CONAWAY STARGATT &
TAYLOR, LLP


James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Tel: (302) 571-6600
Fax: (302) 571-1253

*Counsel for the Debtors and Debtors-in-Possession*


BLANK ROME LLP

Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: (302) 425-6400
Fax: (302) 425-6464

and

HAHN & HESSEN, LLP
John P. McCahey
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Tel: (212) 478-7200
Fax: (212) 478-7400

*Counsel for the Official Committee of
Unsecured Creditors of American Home
Mortgage Holdings, Inc., et al.*


AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al., Debtors and
Debtors-In-Possession

By:

    Bret Fernandes
    Director of Restructuring


OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
MORTGAGE HOLDINGS, INC., et al.

By:

    A Member of the Committee

13

Dated: June 19, 2009

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

———————————————————
James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253

*Counsel for the Debtors and Debtors-in-
Possession*

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al., Debtors and
Debtors-In-Possession

By: ————————————————
      Bret Fernandes
      Director of Restructuring


BLANK ROME LLP

———————————————————
Bonnie Glantz Fatell (No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel:  (302) 425-6400
Fax:  (302) 425-6464

and

———————————————————
HAHN & HESSEN, LLP
John P. McCahey
Mark S. Indelicato
Mark T. Power
488 Madison Avenue
New York, NY 10022
Tel:  (212) 478-7200
Fax:  (212) 478-7400

*Counsel for the Official Committee of
Unsecured Creditors of American Home
Mortgage Holdings, Inc., et al.*

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME
MORTGAGE HOLDINGS, INC., et al.


By: ————————————————
      A Member of the Committee

13

SIMPSON THACHER & BARTLETT LLP

_____

Paul C. Curnin
425 Lexington Avenue
New York, new York  10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Michael Strauss*


MICHAEL STRAUSS


GIBSON, DUNN & CRUTCHER LLP


_____

Wesley G. Howell
Marshall R. King
Kenneth Juan Figueroa
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

*Counsel for John A. Johnston*


JOHN A. JOHNSTON


MORRISON & FOERSTER


_____

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, NY 10104-0050
Tel:  (212) 468-8046
Fax:  (212) 468-7900

*Counsel for Stephen Hozie*


STEPHEN HOZIE


14

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin                                    MICHAEL STRAUSS
425 Lexington Avenue
New York, new York  10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Michael Strauss*

GIBSON, DUNN & CRUTCHER LLP

Wesley G. Howell                                  JOHN A. JOHNSTON
Marshall R. King
Kenneth Juan Figueroa
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

*Counsel for John A. Johnston*

MORRISON & FOERSTER

Jack C. Auspitz                                   STEPHEN HOZIE
Larry Gerschwer
1290 Avenue of the Americas
New York, NY 10104-0050
Tel: (212) 468-8046
Fax: (212) 468-7900

*Counsel for Stephen Hozie*

14

SIMPSON THACHER & BARTLETT LLP

_____                    _____
Paul C. Curnin                                 MICHAEL STRAUSS
425 Lexington Avenue
New York, new York  10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Michael Strauss*


GIBSON, DUNN & CRUTCHER LLP

_____                    _____
Wesley G. Howell                               JOHN A. JOHNSTON
Marshall R. King
Kenneth Juan Figueroa
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

*Counsel for John A. Johnston*


MORRISON & FOERSTER

_____                    _____
Jack C. Auspitz                                STEPHEN HOZIE
Larry Gerschwer
1290 Avenue of the Americas
New York, NY 10104-0050
Tel:  (212) 468-8046
Fax:  (212) 468-7900

*Counsel for Stephen Hozie*

LANKLER SIFFERT & WOHL LLP

_____

Frank H. Wohl
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*


ALLEN & OVERY LLP


_____
Patricia M. Hynes
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6363

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*


_____
ROBERT BERNSTEIN


_____
NICHOLAS R. MARFINO


_____
MICHAEL A. McMANUS, JR.


_____
C. CATHLEEN RAFFAELI


_____
KRISTIAN R. SALOVAARA


_____
KENNETH P. SLOSSER


_____
IRVING J. THAU


Acknowledged and Approved


_____
STEPHEN D. SASS

15

LANKLER SIFFERT & WOHL

_____

Frank H. Wohl
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*


ALLEN & OVERY LLP

_____

Patricia M. Hynes
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6363

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*


Acknowledged and Approved


_____

STEPHEN D. SASS

_____

ROBERT BERNSTEIN




_____

NICHOLAS R. MARFINO


_____

MICHAEL A. McMANUS, JR.


_____

C. CATHLEEN RAFFAELI


_____

KRISTIAN R. SALOVAARA


_____

KENNETH P. SLOSSER


_____

IRVING J. THAU

15

LANKLER SIFFERT & WOHL

Frank H. Wohl                              ROBERT BERNSTEIN
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*


ALLEN & OVERY LLP

Patricia M. Hynes
1221 Avenue of the Americas
New York, NY 10020                         NICHOLAS R. MARFINO
Tel: (212) 610-6300
Fax: (212) 610-6363

*Counsel for Nicholas R. Marfino, Michael A.*     MICHAEL A. McMANUS, JR.
*McManus, Jr., C. Cathleen Raffaeli,*
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*
                                           C. CATHLEEN RAFFAELI


                                           KRISTIAN R. SALOVAARA


                                           KENNETH P. SLOSSER


                                           IRVING J. THAU

Acknowledged and Approved


STEPHEN D. SASS


15

LANKLER SIFFERT & WOHL

_____

Frank H. Wohl
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*

ALLEN & OVERY LLP

_____

Patricia M. Hynes
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6363

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*

_____
ROBERT BERNSTEIN

_____
NICHOLAS R. MARFINO

_____
MICHAEL A. McMANUS, JR.

_____
C. CATHLEEN RAFFAELI

_____
KRISTIAN R. SALOVAARA

_____
KENNETH P. SLOSSER

_____
IRVING J. THAU

Acknowledged and Approved

_____
STEPHEN D. SASS

15

LANKLER SIFFERT & WOHL

Frank H. Wohl                                    ROBERT BERNSTEIN
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*

ALLEN & OVERY LLP

Patricia M. Hynes                                NICHOLAS R. MARFINO
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6363                              MICHAEL A. McMANUS, JR.

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*            C. CATHLEEN RAFFAELI
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*

                                                 KRISTIAN R. SALOVAARA

                                                 KENNETH P. SLOSSER

                                                 IRVING J. THAU

Acknowledged and Approved

STEPHEN D. SASS

15

LANKLER SIFFERT & WOHL

_____          ROBERT BERNSTEIN
Frank H. Wohl
500 Fifth Avenue
New York, NY 10110
Tel:  (212) 921-8399
Fax:  (212) 764-3701

*Counsel for Robert Bernstein*


ALLEN & OVERY LLP

_____          NICHOLAS R. MARFINO
Patricia M. Hynes
1221 Avenue of the Americas
New York, NY 10020
Tel:  (212) 610-6300                      _____
Fax:  (212) 610-6363                      MICHAEL A. McMANUS, JR.

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*        _____
*Kristian R. Salovaara, Kenneth P. Slosser,* C. CATHLEEN RAFFAELI
*and Irving J. Thau*

                                          _____
                                          KRISTIAN R. SALOVAARA


                                          _____
                                          KENNETH P. SLOSSER


                                          _____
                                          IRVING J. THAU


Acknowledged and Approved


_____
STEPHEN D. SASS

15

LANKLER SIFFERT & WOHL

_____        _____  _____

Frank H. Wohl                                          ROBERT BERNSTEIN
500 Fifth Avenue
New York, NY 10110
Tel:  (212) 921-8399
Fax:  (212) 764-3701

*Counsel for Robert Bernstein*


ALLEN & OVERY LLP

_____        _____

Patricia M. Hynes                                      NICHOLAS R. MARFINO
1221 Avenue of the Americas
New York, NY 10020
Tel:  (212) 610-6300                                   _____
Fax:  (212) 610-6363
                                                       MICHAEL A. McMANUS, JR.
*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*                  _____
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*                                   C. CATHLEEN RAFFAELI


                                                       _____

                                                       KRISTIAN R. SALOVAARA

                                                       _____

                                                       KENNETH P. SLOSSER


                                                       _____

                                                       IRVING J. THAU


Acknowledged and Approved


_____

STEPHEN D. SASS

LANKLER SIFFERT & WOHL

_____     _____

Frank H. Wohl                        ROBERT BERNSTEIN
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*

ALLEN & OVERY LLP

_____     _____

Patricia M. Hynes                    NICHOLAS R. MARFINO
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300                  _____
Fax: (212) 610-6363
                                     MICHAEL A. McMANUS, JR.

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*        _____
*Kristian R. Salovaara, Kenneth P. Slosser,*
*and Irving J. Thau*                 C. CATHLEEN RAFFAELI


                                     _____

                                     KRISTIAN R. SALOVAARA


                                     _____

                                     KENNETH P. SLOSSER

                                     _____

                                     IRVING J. THAU

Acknowledged and Approved


_____

STEPHEN D. SASS

LANKLER SIFFERT & WOHL

Frank H. Wohl                          ROBERT BERNSTEIN
500 Fifth Avenue
New York, NY 10110
Tel: (212) 921-8399
Fax: (212) 764-3701

*Counsel for Robert Bernstein*

ALLEN & OVERY LLP

Patricia M. Hynes                      NICHOLAS R. MARFINO
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6363                    MICHAEL A. McMANUS, JR.

*Counsel for Nicholas R. Marfino, Michael A.*
*McManus, Jr., C. Cathleen Raffaeli,*
*Kristian R. Salovaara, Kenneth P. Slosser,*   C. CATHLEEN RAFFAELI
*and Irving J. Thau*

KRISTIAN R. SALOVAARA

KENNETH P. SLOSSER

IRVING J. THAU

Acknowledged and Approved

2/27/09

~~STEPHEN~~ D. SASS
STEVEN

15