IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re: | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., et al., | Chapter 11 |
| | Objection Deadline: August 18, 2009 at 4:00 p.m. |
| Debtors. | Related Docket Nos. 7610 |

------------------------------------------------------------x

**RESPONSE OF KEVIN KERR TO DEBTORS' THIRTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 (DOCKET NO. 7610)**

Kevin Kerr ("Kerr"), by and through his counsel, responds to the *Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy rules 3003 and 3007, and Local Rule 3007-1* ("39th Objection") and states as follows:

## FACTUAL BACKGROUND

1. Kerr was an employee of American Home Mortgage.

2. Kerr's employment was controlled by an employment contract which was executed by Kerr and American Home Mortgage.

3. Kerr was laid off suddenly on August 6, 2007.

4. On August 6, 2007, the Debtor and its debtor-affiliates (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court.

## THE CONTRACT

5. Pursuant to the terms of Kerr's employment contract, upon information and belief, he was to receive (i) deferred compensation from the Debtor, (ii) override bonuses from the Debtor and (iii) commission bonuses from the Debtor.

**THE DEBTOR'S TERMINATION OF THE CONTRACT**

6.      The Debtor terminated Kerr's employment contract leaving Kerr with unpaid deferred compensation, override bonuses and commission bonuses which were due and owing as of August 1, 2007.

**THE PROOF OF CLAIM AND THE OBJECTION**

7.      On October 16, 2007, Kerr filed a proof of claim (POC 1639), seeking payment for unpaid override bonuses and commission bonuses for which he suffered as a result of the Debtor's termination of his employment.  In the proof of claim, Kerr asserted a priority claim in the amount of $10,950.00 and an unsecured non-priority claim in the amount of $49,994.44.

8.      On July 10, 2009, the Debtors filed their 39th Objection to Kerr's POC 1639.  In the 39th Objection, the Debtors asserted that the unpaid override bonuses and commission bonuses sough by Kerr were not due.  The Debtors state in the 39th Objection that Kerr was paid his entire due override bonuses and commission bonuses in his final paycheck of August 7, 2007, however, this is incorrect.

9.      The Debtors further state in the 39th Objection that any amounts which are claimed as bonuses are no longer valid in accordance with the employment contract that provides that "the Executive shall not earn or be entitled to receive any unpaid bonuses if the Executive is no longer employed by the Company as of the scheduled payment date." The amounts which Kerr seeks via POC 1639 were to be paid to Kerr in his August 10, 2007 pay and the payments were for the period covering February 2007 through July 2007.

9.      Debtors are requesting the Court's permission to expunge Kerr's claim.

## RESPONSE TO THE OBJECTION

10.     Pursuant to Fed. R. Bankr. P. 3001(f) the filing of a proof of claim with proper documentation provides prima facie evidence of the validity and amount of the claim. Kerr has timely and properly filed a valid claim against the Debtors. Additionally, the Debtors' own books and records should reflect that they have not paid Kerr for his override bonuses and commission bonuses which were due and owing as of August 1, 2007.

11.     It should also be noted that "the mere filing of a proof of claim is prima facie evidence of its validity, with the burden of disproving it upon the objector." *Sloan's Furriers v. Bradley*, 146 F.2d 757 (C.C.A.6 1945). The Debtors have presented no evidence to prove their basis for their objection. The Debtors have not provided the Court with proper evidence to overcome the prima facie validity of the proof of claim.

12.     When a claim objection is filed in a bankruptcy case, the burden of proof as to the validity of the claim shifts between parties. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir.1992). These shifting burdens of proof are described in *Allegheny Int'l* as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case...In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim,

        the burden reverts to the claimant to prove the validity of
the claim by a preponderance of the evidence...The burden
of persuasion is always on the claimant.

*Allegheny Int'l,* 954 F.2d at 173-74. Kerr has meet his burden of persuasion by way of his proof of claim filing. The burden going forward is on the Debtors to present evidence that Kerr's claim is insufficient.

        WHEREFORE, Kerr respectfully requests that this Court enter an order (i) overruling the Objection, (ii) allowing Kerr's proof of claim no. 1639 as submitted, and (iii) granting such other and further relief to Kerr as is appropriate.

Wilmington, Delaware
Dated: August 17, 2009

                                Respectfully submitted,
                                MARGOLIS EDELSTEIN

                                /s/James E. Huggett
                                James E. Huggett (No. 3956)
                                750 Shipyard Drive, Suite 102
                                Wilmington, DE  19801
                                Telephone: (302) 888-1112
                                Facsimile: (302) 888-1119

                                Counsel to Kevin Kerr