## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., a Delaware | ) | Jointly Administered |
| Corporation, et al. [1] | ) | |
| | ) | **Hearing Date: 09/08/09 at 10:00 a.m. (E.D.T.)** |
| Debtors. | ) | **Response Deadline: 08/30/09 at 4:00 p.m. (E.D.T.)** |
| | ) | **Related to Docket No. 7915** |

### RESPONSE OF LOS ANGELES COUNTY TAX COLLECTOR IN OPPOSITION TO DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS

The Los Angeles County Treasurer and Tax Collector ("Los Angeles County"), by and through its undersigned counsel, hereby objects to the *Forty-First Omnibus Objection to Claims* ("Forty-First Omnibus Objection") filed by debtors American Home Mortgage Holdings, Inc., et al. (collectively referred to herein as "AHMH" or the "Debtors") and, in support thereof, respectfully states as follows:

1.    On August 4, 2007, (the "Petition Date"), the above-referenced Debtors each filed a voluntary chapter 11 petition for relief under title 11 of the United States Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The cases have been consolidated for procedural purposes only and are being *jointly administered* pursuant an order by this Court under Case No. 07-11047 (CSS).

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHMSV, Inc. (f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures, LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all Debtors is 538 Broadhollow Road, Melville, New York 11747.

2.    On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee").  On October 21, 2008, the Trustee appointed an Official Committee of Borrowers.

3.    On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors, dated February 18, 2009 [Docket No. 7029] (the "Plan").

4.    On August 17, 2007, this Court entered an order appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as the claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain all proofs of claim filed against the Debtors, as well as maintaining an official claims register by docketing all claims in a claims database, inter alia, all information regarding the names and addresses of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to each proof of claim, and the asserted amount and classification of each claim.

5.    On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008, at 4:00 p.m. (E.S.T.), as the final date and time for the filing of proofs of claim against the Debtors' estates pursuant to section 501(d) of the Bankruptcy Code. Pursuant to the Bar Date Order, the Court established February 4, 2008 as the last day for government entities to file proofs of claim in these chapter 11 cases.

6.    Prior to the Petition Date, Los Angeles County was owed unpaid property taxes designated as secured.

7.    On December 4, 2007, Los Angeles County timely filed its secured Proof of Claim No. 8832 in the amount of $107,421.79 (the "Secured Claim"). This claim reflects outstanding secured property taxes owed to Los Angeles County by the Debtors for property

owned, operated or controlled by the Debtors.  The property for which the tax was assessed was for the tax years beginning 2005 through 2008.

8.      On September 11, 2008, Los Angeles County timely filed its first amended Proof of Claim No. 10517 in the amount of $298,176.83 (the "First Amended Claim"). This claim amended secured Claim No. 8832, and is for outstanding secured property taxes owed to Los Angeles County by the Debtors for property owned, operated or controlled by the Debtors.  The property for which the tax was assessed was for the tax years beginning 2005 through 2008.

9.      On September 15, 2008, Los Angeles County timely filed its second amended Proof of Claim No. 10553 in the amount of $304,363.41 (the "Second Amended Claim"). This claim amended secured Claim No. 10517, and is for outstanding secured property taxes owed to Los Angeles County by the Debtors for property owned, operated or controlled by the Debtors. The property for which the tax was assessed was for the tax years beginning 2005 through 2008.

10.     On April 24, 2009, Los Angeles County timely filed its third amended Proof of Claim No. 10705 in the amount of $324,612.16 (the "Third Amended Claim"). This claim amended secured Claim No. 10553, and is for outstanding secured property taxes owed to Los Angeles County by the Debtors for property owned, operated or controlled by the Debtors.  The property for which the tax was assessed was for the tax years beginning 2005 through 2008.

11.     On June 22, 2009, Los Angeles County timely filed its fourth amended Proof of Claim No. 10517 in the amount of $292,044.76 (the "Fourth Amended Claim"). This claim amended secured Claim No. 10705, and is for outstanding secured property taxes owed to Los Angeles County by the Debtors for property owned, operated or controlled by the Debtors.  The property for which the tax was assessed was for the tax years beginning 2005 through 2008.

12.    On December 12, 2008 [Docket No. 6715], the Debtors served and filed their *Twenty-Sixth Omnibus Objection to Claims* (the "Twenty-Sixth Omnibus Objection"). The Twenty-Sixth Omnibus Objection includes the Debtors' objection to the allowance of Los Angeles County's secured Claim No. 10517 for $298,176.83 (First Amended Claim) and secured Claim No. 10553 for $304,363.41 (Second Amended Claim), as late-filed claims.

13.    On January 7, 2009 [Docket No. 6830], Los Angeles County served and filed its response to the Debtors' Twenty-Sixth Omnibus Objection to its First Amended Claim and its Second Amended Claim (the "First Response"), and hereby incorporates its First Response in these moving papers.

14.    On July 10, 2009 [Docket No. 7609], the Debtors served and filed their *Thirty-Eighth Omnibus Objection to Claims* (the "Thirty-Eighth Omnibus Objection"). The Thirty-Eighth Omnibus Objection includes the Debtors' objection to the allowance of Los Angeles County's secured Claim No. 10705 for $324,612.16 (Third Amended Claim), as a late-filed claim.

15.    On August 4, 2009 [Docket No. 7876], Los Angeles County served and filed its response to the Debtors' Thirty-Eighth Omnibus Objection to its Third Amended Claim (the "Second Response"), and hereby incorporates its Second Response in these moving papers.

16.    Then, on or about August 7, 2009, Debtors filed and served their *Forty-First Omnibus Objection* [Docket No. 7915] which includes the Debtors' objection to the allowance of Los Angeles County's Fourth Amended Claim, designated as secured, in the amount of $292,044.76. The Debtors' objection to the allowance of Los Angeles County's Fourth Amended Claim is set forth on Schedule A ("No Liability Claims") of its Forty-First Omnibus Objection, and is based solely upon the grounds that, according to the Debtors' books and

4

records, the real estate taxes are not the responsibility of the Debtors because the "*loans have been either sold, or escrows were waived and are the borrower's responsibility to pay*" or, "*the Debtor no longer has an interest in the properties for the claimed tax years as AHMSI was sold in November 2007.*"

17.    The Fourth Amended Claim No. 10726, in the amount of $292,044.76, along with its supporting documents, reflects amounts that are due and owing to Los Angeles County for secured taxes based upon its books and records. However, with the exception the Debtors' blanket statement that it is *not the responsibility of the Debtors* to pay such taxes, the Debtors have not presented any evidence to support its objection to the allowance of the Fourth Amended Claim No. 10726.

### THE DEBTORS' OBJECTION TO THE ALLOWANCE OF LOS ANGELES COUNTY'S FOURTH AMENDED CLAIM MUST BE DENIED BECAUSE IT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

18.    "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." See, *In Re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (*emphasis added*).

19.    Moreover, pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the Proof of Claim constitutes prima facie evidence of the validity and the amount of the Claim. Fed. R. Bankr. P. 3001(f). "To overcome this presumed validity, the Debtor must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." (See, *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).

20.    The Debtors' believe that because they no longer *own* the parcels of land for which Los Angeles County's Fourth Amended Claim is based upon, they are also no longer the *responsible party* for outstanding property taxes. However, the Debtors offer no other explanation or evidence to support their objection. Without such substantial evidence, the

Debtors' Forty-First Omnibus Objection to the allowance of Los Angeles County's Fourth Amended Claim No. 10726 must be denied.

### THE DEBTORS' OBJECTION TO THE ALLOWANCE OF LOS ANGELES COUNTY'S FOURTH AMENDED CLAIM MUST BE DENIED BECAUSE UNDER CALIFORNIA LAW THE TAX LIABILITY FIXES ON THE LIEN DATE WHICH IS BEFORE THE TAX YEAR

21.    California state tax law is comprised of a complex set of rules and procedures designed to ensure fair and even-handed application of its property tax system among its many taxpayers. Under the California system, the obligation to pay California property taxes fixes on the lien date preceding the fiscal year for which the tax is due (the "Tax Year"). Cal. Rev. & Tax Code §§ 401.3, 2192.

22.    The Fourth Amended Claim No. 10726, filed by Los Angeles County, covers the following Tax Years:

| Lien Date | Fiscal Year | Tax Year |
|---|---|---|
| January 1, 2004 (fiscal year 2004-2005): | Property Tax Year is 2005 | |
| January 1, 2005 (fiscal year 2005-2006): | Property Tax Year is 2006 | |
| January 1, 2006 (fiscal year 2006-2007): | Property Tax Year is 2007 | |
| January 1, 2007 (fiscal year 2007-2008): | Property Tax Year is 2008 | |
| January 1, 2008 (fiscal year 2008-2009): | Property Tax Year is 2009 | |

23.    This means that the property owned, controlled or operated by the Debtors was assessed for *purposes of taxation* prior to the commencement of the Debtors' chapter 11 bankruptcy cases. These taxes are still unpaid.

24.    The Debtors do not deny that they *owned* the parcels of land for which the secured property taxes assessed by Los Angeles County are based upon. Nor do the Debtors deny that Los Angeles County is due unpaid property taxes in connection with the Debtors' previously owned property. Instead, the Debtors argue that because the property in question was

sold (or the loans were sold or escrow was waived), post-petition, they are not subject to any property taxes due in connection with Los Angeles County's Fourth Amended Claim, whatsoever.

25.    However, Debtors' argument fails because lack of ownership or control over the property during the Tax Year is irrelevant to the tax obligation.

**THE DEBTORS' OBJECTION TO ALLOWANCE OF LOS ANGELES COUNTY'S FOURTH AMENDED CLAIM MUST BE DENIED BECAUSE THE TAXPAYER IS LIABLE FOR TAXES OWED ON THE LIEN DATE EVEN IF THE TAXPAYER NO LONGER OWNS, CONTROLS OR POSSESSES THE PROPERTY DURING THE TAX YEAR**

26.    Under the California system, the taxpayer is liable for the taxes on the property the taxpayer owns on the lien date even if the taxpayer no longer owns, controls or possess the property during the assessment year.

27.    This is supported in the case of *In re Western States Wire Corp.*, 490 F.2d 1065 (9th Cir. 1974), whereby the trustee in bankruptcy owned, possessed and controlled property on the lien date and, thus, was obligated to pay the tax on the property, even though the property was sold prior to the year corresponding the tax assessment date.

28.    Moreover, in the case of *Seegmiller  v. City of Nevada,* (1997) 53 Cal.App.4[th] 1397, the taxpayer's possession of property on the lien date made him responsible for the full amount of property taxes.  The fact that neither he nor the property that had been taxed were in the county or state during the full tax year was irrelevant.

29.    In fact, *Seegmiller's* multiple taxation argument was based on the assumption that the 1994-1995 tax bill operated prospectively only in return for future benefits and protection provided by the County to the taxpayer during the upcoming tax year.  However, the Court disagreed and explained that the tax lien date (here January 1) "… is *simply a practical*

7

method for determining that the taxpayer enjoyed the benefit of governmental services during the
year preceding the assessment. The fact that the County permitted the taxpayer to pay the taxes
in a subsequent fiscal year did not mitigate the fact that he was subject to the opportunities,
benefits and protection afforded by the county and the state during the year in which the tax was
assessed." (See, Seegmiller at pp. 1402-03.)

30.    This was made more clear in the case of City of Bayonne v. Int'l Nickel Co.,
(1986) 104 N.J.Super. 45 [428 A.2d 547] (aff'd. 54 N.J. 94 [523 A.2d 545], app. dismissed
(1969) 396 U.S. 111 [90 S. Ct. 396, 224 L. Ed 2d 304]), whereby the New Jersey appellate court
rejected a parallel claim, but with stronger facts favoring the taxpayer.

31.    In Bayonne, a taxpayer who removed all of its personal property from the state in
1964, was assessed on the property for 1965. The taxpayer contended that since it removed all
of its property before the tax year in question, levying of the tax violated the due process clause
(248 A.2d at p. 550). However, the Bayonne court disagreed and stated that "the tax ... was for
governmental services and protection which the taxpayer's personal property was receiving
from Bayonne and from New Jersey as of January 1, 1964 (the lien date) when the property was
permanently situated in Bayonne. The fact that in the statutory tax scheme the tax is
denominated as 'for' 1965 and permits the taxpayer to pay it in the later calendar year does not
gainsay the truth of the foregoing assertion. Nor does the fact palliate the escape from tax
contribution for the governmental services and protection as of the date referred to ...".
(248 A.2d at pp. 552-553, quoting from Norfoldk & W.R. Co. v. Tax Comm'n (1968) 390 U.S.
317, 325, fn. 5 [88 S. Ct. 885, 1001, 19 L .Ed .2d 1201, 1207]).

32.    It is clear that the Debtors have failed to demonstrate to the Court that the outstanding tax obligations due Los Angeles County, as set forth in its Fourth Amended Claim No. 10726, are not the obligations of the Debtors. Moreover, the Debtors' attempt to refute the validity of Claim No. 10726, by merely stating that the property for which the tax liability is based upon is not currently owned or operated by the Debtors is, simply put, not good enough. The Debtors must support their objection with substantial evidence in order to overcome the *prima facie* validity of the claim. Therefore, the Debtors' objections to the allowance of Los Angeles County's Fourth Amended Claim No. 10726, as set forth in the Debtors' Forty-First Omnibus Objection, should be denied.

33.    However, to the extent that this Court does not summarily overrule the Debtors' objections, Los Angeles County respectfully requests that the Court enter a scheduling order, permitting Los Angeles County and the Debtors time to exchange documents concerning the Fourth Amended Claim No. 10726, as well as to take discovery, and to conduct a full evidentiary hearing (if required) with respect to Claim No. 10726 and the Debtors' objections.

**WHEREFORE**, based upon the foregoing, Los Angeles County respectfully requests an Order, as follows:

(1)    That the Court overrule the Debtors' Forty-First Omnibus Objection as it applies to Los Angeles County's secured Fourth Amended Claim No. 10726, in the amount of $292,044.76, and allow Claim No. 10726, in its entirety; and

(2)    For such other and further relief as this Court deems just and proper.

Dated: August 28, 2009                    CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey C. Wisler (No. 2795)
Marc J. Phillips (No. 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141

-and-

Barry S. Glaser
Steckbauer Weinart Jaffe, LLP
333 S. Hope Street
36th Floor
Los Angeles, CA  90071
(213) 229-2868

*Attorneys for Los Angeles County Treasurer and Tax Collector*

#713638v1