# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Related to Docket Nos. 4738 and 7248 |

### AMERICAN HOME MORTGAGE SERVICING, INC.'S RESPONSE AND OBJECTION TO CITIMORTGAGE, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

American Home Mortgage Servicing, Inc. ("AHMS"), by and through its undersigned counsel, hereby submits its response and objection to CitiMortgage, Inc.'s ("CMI") Request for Production of Documents (the "Discovery Requests") in connection with AHMS' objection to CMI's Proposed Purchaser's Cure Claim Amounts (the "Contested Matter"), as follows:

### GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS

1. With the limited exception set forth below, AHMS will not produce any documents in response to the Discovery Requests, as CMI has not alleged any acts or omissions constituting a default by AHMS and/or the above captioned Debtors between November 16, 2007 and April 11, 2008 which would give rise to a Purchaser's Cure Amount under the October 30, 2007 order approving, *inter alia*, the sale of the Debtors' mortgaging servicing business to

---

[1] The above-captioned debtors and debtors in possession in these cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation, formerly known as American Home Mortgage Servicing, Inc. (7267); American Home Mortgage Corp., a New York Corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

575104.1 6/26/09

AHMS [Docket No. 1711]. Accordingly, the Discovery Requests are wholly inappropriate, and seek the production of documents that are irrelevant and/or will not lead to the discovery of admissible evidence.

2. This response is made without waiving or intending to waive, but on the contrary intending to preserve and preserving: (a) the right to object, on the rounds of competency, relevancy, materiality, privilege or admissibility as evidence for any purpose, or any other ground, to the use of these responses, in this or any subsequent or other proceeding; and (b) the right to object on any ground to interrogatories, other document requests or other discovery proceedings involving or relating to the subject matter of the Discovery Requests.

3. AHMS objects to the Discovery Requests to the extent they seek the disclosure of any documents or information that are protected from discovery, including documents or information within the scope of the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other privilege existing under law and will not disclose such information or produce such documents.

4. AHMS objects to the Discovery Requests to the extent that they impose upon AHMS obligations which exceed or which are not contemplated by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States District Court for the District of Delaware or the Local Rules for the United States Bankruptcy Court for the District of Delaware.

5. AHMS objects to the Discovery Requests to the extent that they seek the disclosure of information or production of documents that are not within AHMS' possession, custody or control.

6. AHMS objects to the Discovery Requests on the grounds that they seek information or documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of evidence admissible at trial.

7. AHMS objects to the Discovery Requests to the extent that they fail to reasonably limit the scope of the answer requested to a limited number of documents with the result that providing a response would be unduly burdensome and would necessitate the expenditure of substantial effort to ascertain information irrelevant to this Contested Matter and not reasonably calculated to lead to the discovery of admissible evidence.

8. AHMS objects to the Discovery Requests to the extent that they seek the disclosure of confidential or proprietary documents or information including, but not limited to, trade secrets (*e.g.*, pricing information). AHMS further objects to the disclosure of the confidential or proprietary documents or information of third parties which AHMS is required to maintain as confidential pursuant to agreements with such parties and/or pursuant to statute, administrative decree or court order. AHMS will not disclose such confidential or proprietary documents or information absent an agreement on an appropriate protective order.

9. AHMS objects to the extent that the Discovery Requests assume facts not in evidence.

10. AHMS objects to the Discovery Requests on the grounds that they are overly broad, vague ambiguous, repetitious, unduly burdensome, oppressive, fail to specify adequately the information or materials sought and because CM has failed to define terms necessary to provide a meaningful answer.

11. AHMS objects to the Discovery Requests to the extent they seek the production of emails as being unduly burdensome and oppressive.

12. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right, and AHMS reserves its right to demand that CM return any such document and all copies thereof.

13. AHMS reserves the right to supplement and update its responses to the Discovery Requests. Any supplemental answer provided in response to the Discovery Requests shall not function as a waiver of any privilege or objection AHMS has or may assert herein.

Subject to the general objections and reservation of rights (collectively the "General Objections") outlined above, AHMS responds and objects specifically to the individual requests as follows:

## DOCUMENTS REQUESTED

1. All Documents that evidence, refer or otherwise relate to the loan documentation AHM Servicing has delivered to CMI during the period beginning with the Initial Closing on November 16, 2007 and continuing through the Final Closing on April 11, 2008, including, but not limited to: (a) Documents showing the AHM Servicing and CMI loan numbers to which that documentation refers; and (b) Documents that describe (by date, document name and/or document type) the documents delivered, and identify the date on which AHM Servicing delivered each document.

**RESPONSE**: AHMS objects to the foregoing Request on the grounds stated in the General Objections above and to the extent it purports to require AHMS to produce documents in the possession or control of persons other than AHMS. AHMS further objects on the grounds that the request is overbroad, vague, ambiguous and unduly burdensome. AHMS also objects to the extent that the request seeks the production of documents the discovery of which is cumulative or duplicative, or is obtainable from some other source that is more convenient or

less burdensome. Finally, AHMS objects to the extent the request does not describe the documents sought pursuant to the request with reasonable particularity in accordance with Fed.R.Civ.P. 34(b).

2.   All Documents that evidence, refer or otherwise relate to the involvement, if any, of AHM Servicing, or the debtors from which it purchased servicing assets, in the debtors' business decisions with respect to: (a) the grounds for and filing of the "Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses" [Docket No. 2395]; and (b) the grounds for, any opposition to, and the continuance of the hearing on "CitiMortgage, Inc.'s Motion to Lift the Automatic Stay and to Compel Debtors to Release Loan Documents" [Docket No. 2155].

**RESPONSE**: AHMS objects to the foregoing Request on the grounds stated in the General Objections above and to the extent it purports to require AHMS to produce documents in the possession or control of persons other than AHMS. AHMS further objects on the grounds that the request is overbroad, vague, ambiguous and unduly burdensome. AHMS also objects to the extent that the request seeks the production of documents the discovery of which is cumulative or duplicative, or is obtainable from some other source that is more convenient or less burdensome. Finally, AHMS objects to the extent the request does not describe the documents sought pursuant to the request with reasonable particularity in accordance with Fed.R.Civ.P. 34(b). Without waving the foregoing objections and the General Objections set forth above, AHMS is producing the limited documents attached hereto as Exhibit "A," which

demonstrate AHMS' response in connection with the document destruction motion described above.

3. All Documents that evidence, refer or otherwise relate to the reasons why AHM Servicing delivered that loan documentation to CitiMortgage, and delivered it when it did between the Initial Closing on November 16, 2007 and the Final Closing on April 11, 2008.

**RESPONSE**: AHMS objects to the foregoing Request on the grounds stated in the General Objections above and to the extent it purports to require AHMS to produce documents in the possession or control of persons other than AHMS. AHMS further objects on the grounds that the request is overbroad, vague, ambiguous and unduly burdensome. AHMS also objects to the extent that the request seeks the production of documents the discovery of which is cumulative or duplicative, or is obtainable from some other source that is more convenient or less burdensome. Finally, AHMS objects to the extent the request does not describe the documents sought pursuant to the request with reasonable particularity in accordance with Fed.R.Civ.P. 34(b).

Dated: June 26, 2009

SAUL EWING LLP

By: _____
Mark Minuti (No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840

*Counsel to American Home Mortgage Servicing, Inc., fka AH Mortgage Acquisition Co., Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

Debtors.

Case No. 07-11047 (CSS)

Jointly Administered

Hearing Date: February 14, 2008 at 11:00 a.m.
Objection Deadline (By Agreement): February 12, 2008 at 10:00 a.m.

Related Document Nos. 2395 and 2888

---------------------------------------------------------------- x

### RESPONSE AND RESERVATION OF RIGHTS OF AH MORTGAGE ACQUISITION CO., INC. TO DEBTORS' MOTION TO AUTHORIZE THE (I) ABANDONMENT AND DESTRUCTION OF CERTAIN DUPLICATE MORTGAGE LOAN FILES OR (II) RETURN OF MORTGAGE LOAN FILES TO THE OWNER OF SUCH LOANS UPON PAYMENT OF REASONABLE COSTS AND EXPENSES

AH Mortgage Acquisition Co., Inc. (the "Purchaser") hereby submits this Response and Reservation of Rights (the "Response") to the *Motion to Authorize the (I) Abandonment and Destruction of Certain Duplicate Mortgage Loan Files or (II) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses* (the "Initial Motion") (D.I. 2395) and *Limited Reply and Supplement To Motion For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The (I) Abandonment And Destruction Of Certain Duplicate Mortgage Loan Files Or (II) Return of Mortgage Loan Files To The Owner Of Such Loans Upon Payment Of Reasonable Costs And Expenses* (the "Supplemental Motion", together with the Initial Motion, the "Motion") (D.I. 2888) filed by American Home Mortgage Holdings,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases. In support of the Response, the Purchaser respectfully states as follows:

## BACKGROUND

### The Sale of the Servicing Business

1. By that certain *Order (A) Approving (i) The Sale Of The Debtors' Mortgage Servicing Business Free And Clear Of Liens, Claims And Interests, (ii) The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto, And (B) Granting Certain Related Relief* [D.I. 1711] dated October 30, 2007 (the "Sale Order"), the Court authorized the sale of the Servicing Business to AH Mortgage Acquisition Co., Inc. pursuant to the terms of that certain Asset Purchase Agreement dated as of September 25, 2007 (as subsequently amended, the "APA").

2. Under the APA, the Servicing Business sale will close in two steps.[2] At the "economic" close, which occurred on November 16, 2007 (the "Initial Closing Date"), the Purchaser paid the Purchase Price[3] in the manner and to the parties in interest as contemplated by the APA. From the Initial Closing Date until the "legal" close on the Final Closing Date, the Sellers will continue to operate the servicing business in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, but for the economic benefit (and risk) of the Purchaser.

### The Debtors' Obligations Under the APA

3. Pursuant to the terms of the APA, the Sellers are obligated to sell, convey, transfer, assign and deliver to Purchaser all of the right, title and interest of the Sellers and their Affiliates in and to all assets and properties Related to the Business, including all of Sellers'

---

[2] The description of the APA in this Motion is by way of summary only. To the extent there is any discrepancy between such description and the actual terms of the APA, the latter are controlling.

[3] Capitalized terms not otherwise defined herein have the meanings given to them in the APA.

"Servicing Rights" as of the Final Closing, APA, § 2.1(a), p.17, which include the Sellers' "right of ownership, possession, control or use of any and all Servicing Files and Mortgage Loan Documents pertaining to the servicing of the Mortgage Loans as provided in the Servicing Agreements[.]" APA, § 1.1, p.14-15.

4. "Mortgage Loan Documents" means "for each Mortgage Loan, all documents pertaining to such Mortgage Loan, including the Mortgage Note, the mortgage or deed of trust and all assignments of the mortgage or deed of trust, all endorsements and allonges to the Mortgage Note, the title insurance policy with all endorsements thereto, any security agreement and financing statements, any account agreements, and any assignments, assumptions, modifications, continuations or amendments to any of the foregoing." APA, § 1.1, p.10.

5. "Servicing File" means, "for each Mortgage Loan, copies of the Mortgage Loan Documents and all other documents, files and other items related thereto required to be maintained by the servicer pursuant to the applicable Servicing Agreement, and, if not specifically set forth in the applicable Servicing Agreement, pursuant to the applicable servicing standard." APA, § 1.1 p.14.

6. In addition, the APA provides that the "Sellers covenant and agree that, after the date hereof and through the Final Closing Date, with respect to the Purchased Assets, the Assumed Contracts and the Business, except as expressly provided in this Agreement or as may be agreed in writing by Purchaser . . . the Business shall be conducted in the Ordinary Course of Business, subject to the Bankruptcy Exceptions, and Sellers shall use commercially reasonable efforts, to preserve the business organization of the Business intact . . . [and] Sellers and their Affiliates shall not . . . purchase, transfer, sell or dispose of any assets of the Business other than in the Ordinary Course of Business . . . ." APA, § 6.1 p.36-37.

### The Motion

7.  By the Initial Motion, the Debtors sought authority, outside of the ordinary course of business, to abandon and destroy the Duplicate Hard Copy Loan Files (as defined in the Initial Motion) and to authorize the expenditure of estate funds to complete the process or, alternatively, to return the Duplicate Hard Copy Loan Files to the owner of such loans upon written request and payment of all reasonable costs and expenses. Initial Motion, ¶ 21.

8.  On January 14, 2008, the Court entered an order authorizing the Debtors to immediately abandon and destroy *only* those Duplicate Hard Copy Loan Files for loans that the Debtors did not fund (the "Duplicate Withdrawn or Denied Loan Files") (D.I. 2724). The remainder of the relief sought in the Initial Motion was adjourned.

9.  By the Supplemental Motion, the Debtors seek authority, outside of the ordinary course of business, to return the Hard Copy Loan Files (as defined in the Supplemental Motion) to the owner of such loans upon written request, received no later than March 14, 2008 at 4:00 p.m. (ET), and payment of all reasonable costs and expenses associated with the retrieval, review and return. Supplemental Motion, ¶¶ 21 and 24.

### RESPONSE AND RESERVATION OF RIGHTS

10. As referenced above, the Hard Copy Loan Files relating to the Servicing Business constitute Purchased Assets under the APA, and the Debtors are obligated under the APA to deliver those files to the Purchaser at the Final Closing. At this point, the Debtors have neither sought nor obtained either a waiver of this obligation or the Purchaser's consent to dispose of any of these documents. The Purchaser has not at this time determined whether, and to what extent, the return of these Hard Copy Loan Files to the owners of the loans, particularly if the Debtors do not possess or make a duplicate copy, may adversely affect the operation of the Servicing Business. Accordingly, the Purchaser has informed the Debtors, through counsel, that

the Purchaser objects to the return of any Hard Copy Loan Files relating to the Servicing Business absent the Purchaser's express consent.

11. The Purchaser understands from Debtors' counsel that the Debtors do not intend to return documents relating to the Servicing Business at this time and that the Debtors will work to put in place a process for identifying and handling such return requests in compliance with the APA. However, the relief requested in the Motion is not limited in this respect. Accordingly, the Purchaser respectfully submits that the Debtors should not be authorized to return or destroy the Hard Copy Loan Files relating to the Servicing Business, absent the Purchaser's consent. To the extent that the Debtors return or destroy any such files without the Purchaser's consent, the Purchaser hereby reserves its rights in all respects under the APA, including, without limitation, the right to file a claim for damages against the Sellers' estates.

WHEREFORE, the Purchaser hereby reserves its right in all respects under the APA and respectfully requests that the Court (a) condition any return or destruction of Hard Copy Loan Files relating to the Servicing Business on the Debtors obtaining express consent of the Purchaser, and (b) grant the Purchaser such other and further relief as is just and appropriate.

Dated:    Wilmington, Delaware
February 12, 2008

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*

Victoria W. Counihan (BAR #3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

JONES DAY
Benjamin Rosenblum (BAR #4752)
222 East 41st Street
New York, NY 10017-6702
(212) 326-3939

Counsel for AH Mortgage Acquisition Co., Inc.