## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| American Home Mortgage Holdings, Inc., a Delaware Corporation, *et al.,*[1] | Case No.  07-11047 (CSS) |
| | (Jointly Administered) |
| Debtors. | |
| | **Hearing Date:** TBD<br>**Objection Deadline:** September 21, 2009 at 4:00 p.m. (EST) |

**FIRST INTERIM APPLICATION OF BIFFERATO LLC[2],**
**AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF SEPTEMBER 26, 2008**
**THROUGH DECEMBER 31, 2008**

| | |
|---|---|
| Name of Applicant: | Bifferato LLC |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | *Nunc Pro Tunc* September 26, 2008 |
| Compensation Period: | September 26, 2008 through December 31, 2008 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 7,519.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $ 3,541.57 |

---

[1] The Debtors' in these cases, along with the last four digits of each Debtors' federal tax identification numbers are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland Corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland Corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland Corporation (7267); American Home Mortgage Corp. ("AHM Corporation"), a New York Corporation (1558); American Home Mortgage Ventures LLC, a Delaware Limited Liability Company (1407); Homegate Settlement Services, Inc., a New York Corporation (7491); and Great Oak Abstract Corporation, a New York Corporation (8580).  The address for all of the Debtors' is 538 Broadhollow Road, Melville, New York  11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas  75063.

[2] Effective, March 13, 2009, Bifferato Gentilotti LLC changed its name to Bifferato LLC.

This is an:                          First Interim Fee Application

## PRIOR APPLICATION HISTORY

| Date Filed | Period Covered | Requested | | Approved | | Certificate of No Objection |
|---|---|---|---|---|---|---|
| | | 100% Fees | Expenses | 80% Fees | Expenses | |
| **FIRST** 4/02/09 [D.I. 7225] | September 26, 2008 through December 31, 2008 | $4,684.50 | $1,419.80 | $3,747.60 | $1,419.80 | Filed 4/27/09 [D.I. 7322] |
| **SECOND** 4/13/09 [D.I. 7262] | November 1, 2008 through November 31, 2008 | $586.00 | $8.16 | $468.80 | $8.16 | Filed 5/7/09 [D.I. 7348] |
| **THIRD** 4/22/09 [D.I. 7308] | December 1, 2008 through December 31, 2008 | $2,248.50 | $2,113.61 | $1,798.80 | $2,113.61 | Filed 5/18/09 [D.I. 7404] |

## SUMMARY OF TIMEKEEPERS

| Name of Professional Person | Position | Total Hours Billed | Hourly Billing Rate | Total Fees Billed |
|---|---|---|---|---|
| Ian Connor Bifferato | Managing Director | 7.50 hrs | $425.00 | $3,187.50 |
| Garvan F. McDaniel | Associate | 7.00 hrs | $310.00 | $2,170.00 |
| Jennifer Randolph | Paralegal | 13.10 hrs | $165.00 | $2,161.50 |
| | TOTAL | 27.60 hrs | ************ | $7,519.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| American Home Mortgage Holdings, Inc., a Delaware Corporation, *et al.*,[3] | Case No.  07-11047 (CSS) |
| | (Jointly Administered) |
| Debtors. | |
| | **Hearing Date: TBD**<br>**Objection Deadline: September 21, 2009 at 4:00 p.m. (EST)** |

## FIRST INTERIM APPLICATION OF BIFFERATO LLC[4],
## AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF
## UNSECURED CREDITORS OF COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF SEPTEMBER 26, 2008
## THROUGH DECEMBER 31, 2008

Bifferato LLC ("Bifferato"), as special conflicts counsel to the Official Committee of

Unsecured Creditors submits this First Interim Application for Compensation of Services

Rendered and Reimbursement of Expenses for the Period of September 26, 2008 to December

31, 2008 (the "Application"), and in support of this Application respectfully represents as

follows:

## BACKGROUND

1.  On August 6, 2007 (the "Petition Date"), the Debtors filed a voluntary petition for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The cases are

---

[3]  The Debtors' in these cases, along with the last four digits of each Debtors' federal tax identification numbers are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., ("AHM Investment") a Maryland Corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland Corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland Corporation (7267); American Home Mortgage Corp. ("AHM Corporation"), a New York Corporation (1558); American Home Mortgage Ventures LLC, a Delaware Limited Liability Company (1407); Homegate Settlement Services, Inc., a New York Corporation (7491); and Great Oak Abstract Corporation, a New York Corporation (8580).  The address for all of the Debtors' is 538 Broadhollow Road, Melville, New York  11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas  75063.

[4]  Effective, March 13, 2009, Bifferato Gentilotti LLC changed its name to Bifferato LLC.

administered jointly pursuant to an Order of the Court.

2.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.  On August 14, 2007 the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. § 1102.  Applicant was retained as counsel to the Committee effective January 26, 2009.

4.  On September 3, 2007, the Court entered an *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Interim Compensation Order) [Docket No. 547].

### JURISDICTION

5.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 327 and 330, and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

### RELIEF REQUESTED

6.  This Application is made for an allowance of compensation for professional services rendered for and on behalf of the Debtors for the period of September 26, 2008 to December 31, 2008 (the "Fee Period").  In addition, Bifferato seeks reimbursement of actual and necessary costs and expenses incurred during the applicable Fee Period.

7.  Bifferato has filed the following Monthly Fee Applications for compensation and reimbursement of expenses, copies of which are attached hereto as **Exhibits "A", "B", and "C"** respectively;

> (i)    First Monthly Application for period September 26, 2008 through October 31, 2008, filed April 2, 2009 [D.I. 7225];
>
> (ii)   Second Monthly Application for period November 1, 2008 through November 31, 2008, filed April 13, 2009 [D.I. 7262];

(iii)   Third Monthly Application for period December 1, 2008 through December 31, 2008, filed April 22, 2009 [D.I. 7308];

8.   The period for objecting for the First, Second and Third Monthly Fee Applications passed without any objections being filed, whereupon Bifferato filed a certificate of no objection with the Court.

9.   Specifically, Bifferato seeks an allowance of $7,519.00 for services rendered during the Fee Period. A detailed description of services is annexed hereto as **Exhibit "D"**. Bifferato also seeks reimbursement of actual and necessary costs and expenses incurred during the Fee Period in the sum of $3,541.57. A schedule of disbursements incurred is annexed hereto as **Exhibit "E"**.

10. Bifferato is retained as Delaware special conflicts counsel to the Committee. In this role, Bifferato has advised the Committee of Delaware local rules and procedures, filed all pleadings, and attended all hearings.

11. Bifferato has rendered professional services as special conflicts counsel to the Committee as requested and necessary and appropriate in furtherance of the Committee's duties and functions in these chapter 11 cases.

12. In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.

### Disbursements

13.  Bifferato incurred reasonable and necessary out-of-pocket expenses in the sum of $3,541.57 in connection with rendering legal services to the Debtors during the Fee Period. A description of the expenses is set forth in **Exhibit "E"** annexed hereto. Such disbursements include postage, messenger service, photocopying, travel expenses, Federal Express and telecopy

expenses. Bifferato has sought to utilize the most cost efficient method of communication consistent with the necessary time constraints. Bifferato's regular charge for photocopy expenses is $0.10 per page. Westlaw and Lexis charges represent computerized legal research facility charges for computer assisted research. Use of Westlaw and Lexis greatly enhances legal research and access to case law from all jurisdictions, and is cost efficient, saving substantial attorney research time. Other disbursements are itemized in the annexed schedule. These disbursements were necessary to effectively render legal services in this case.

14. During the course of this case, Bifferato has incurred and paid its actual and necessary disbursements and expenses.

15. This is Bifferato's first interim fee application pursuant to the Interim Compensation Order. Bifferato has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case, and there is no agreement or understanding between Bifferato and any other person, other than members of Bifferato, for the sharing of compensation to be received for services rendered in this case.

16. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

## CONCLUSION

WHEREFORE, Bifferato respectfully requests that this Court enter an order in the form annexed as **Exhibit "F"** hereto, directing the Debtors to pay Bifferato (less any amount previously paid to Bifferato pursuant to the Monthly Fee Applications) the sum of $7,519.00, representing 100% of fees incurred during the Application Period, plus $3,541.57, representing 100% of expenses incurred during the Fee Period, for a total outstanding amount to be paid by the Debtor of $11,060.57, all pursuant to the Administrative Orders, and that it be granted such other and further relief as the Court may deem just and proper

Dated:  September 1, 2009
       Wilmington, Delaware

BIFFERATO LLC


Ian Connor Bifferato (#3273)
Thomas F. Driscoll III (#4703)
800 N. King Street, Plaza Level
Wilmington, DE  19801
Telephone: (302) 255-7600
Facsimile: (302) 254-5383