IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  :  Chapter 11
                                                        :
AMERICAN HOME MORTGAGE                                  :  Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                         :
a Delaware corporation, et al.,[1]                      :  Jointly Administered
                                                        :
　　　　Debtors.                                         :
                                                        :  **Proposed Objection Deadline: At the Hearing**
                                                        :  **Proposed Hearing Date: September 8, 2009 at 10:00 a.m.**
                                                        :  **(ET)**
------------------------------------------------------- x

**DEBTORS' MOTION PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE
FOR AN ORDER AUTHORIZING AND DIRECTING THE FILING UNDER SEAL
OF THE SUPPLEMENTAL DECLARATION OF EILEEN WANERKA IN SUPPORT
OF DEBTORS' THIRTEENTH, FIFTEENTH, NINETEENTH, TWENTY-FIRST,
TWENTY-FIFTH, THIRTY-FIRST, THIRTY-FIFTH, AND THIRTY-SEVENTH
OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL
RULE 3007-1**

AHM Holdings, a Delaware corporation, and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"), having filed contemporaneously herewith the *Supplemental Declaration of Eileen Wanerka in Support of Debtors' Thirteenth, Fifteenth, Nineteenth, Twenty-First, Twenty-Fifth, Thirty-First, Thirty-Fifth, and Thirty-Seventh Omnibus Objections to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Supplemental

---

[1]　　The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Declaration"),[2] hereby move (the "Seal Motion") for entry of an order, pursuant to section 107(b) and (c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing that the Supplemental Declaration shall remain under seal and shall not be made available to anyone other than the Court, the Debtors, and the respective claimants. In support of the Seal Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 107(b) and (c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Since the Petition Date, the Debtors have filed numerous objections to proofs of claim filed by various claimants against the Debtors. Pertinent to the Supplemental

---

[2]     The Debtors shall file a redacted version of the Supplemental Declaration for public disclosure. In addition, the Debtors will deliver true and accurate copies of the complete and unredacted Supplemental Declaration with Exhibits (as defined below) to chambers in accordance with Local Rule 9018-1(b). Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Supplemental Declaration.

Declaration and this motion, the Debtors have filed the following: (i) the Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5181] (the "Thirteenth Objection"); (ii) the Debtors' Fifteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5447] (the "Fifteenth Objection"); (iii) the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6009] (the "Nineteenth Objection"); (iv) the Debtors' Twenty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6216] (the "Twenty-First Objection"); (v) the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6610] (the "Twenty-Fifth Objection"); (vi) the Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7084] (the "Thirty-First Objection") (vii) the Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7347] (the "Thirty-Fifth Objection"); and (viii) the Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7473] (the "Thirty-Seventh Objection") (collectively, the "Objections").

4. The Supplemental Declaration is intended to provide additional legal, factual and documentary support for the relief requested by the Debtors in the Objections with respect to certain proofs of claim (the "Claims") as a reply to various responses filed by the respective claimant (each a "Claimant" and collectively, the "Claimants") or inquiries by the Court. The Objections have been previously adjourned with respect to the Claims. The Debtors have identified certain facts and several documents pertinent to the Objections. Many of these facts and documents contain confidential, personal, financial, and/or employment information of the Claimants.

## RELIEF REQUESTED

5. By this Seal Motion, the Debtors respectfully request that the Court enter an order authorizing and directing that the Supplemental Declaration, including the facts and documents which contain sensitive personal, financial and/or employment information such as the Claimants' social security numbers, home addresses, employment contracts, and financial statements, be filed under seal and not made publicly available.

## BASIS FOR RELIEF

6. Section 107 of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in pertinent part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. . . .

6

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosures of such information would create undue risk of identity theft or other unlawful injury to the individual or individual's property:
>
>> (A) any means of identification . . . contained in a paper filed, or to be filed, in a case under this title . . . .

11 U.S.C. § 107(b) and (c).

7. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107 of the Bankruptcy Code. Local Rule 9018-1 requires that any party seeking to file documents under seal file a motion to that effect. See Del. Bankr. L.R. 9018-1(b).

8. Unlike the analogous provision in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking to file documents under seal to demonstrate "good cause." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); see Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (citation omitted)). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27 (emphasis in original).

9. Notwithstanding the fact that "good cause" is not a prerequisite, the Debtors submit that good cause exists for the Court to grant the relief requested herein. As noted

above, a majority of the information contained in the Supplemental Declaration is sensitive personal, financial and/or employment information such as the Claimants' social security numbers, home addresses, employment contracts and records, and financial statements. The Debtors submit that the contents of any employment contracts constitute confidential, commercial information regarding the Debtors' prepetition compensation activities for its employees. Moreover, public disclosure of such information is unnecessary to a full and fair resolution of the Objections and merely opens the door for personal and/or financial harm to the Claimants, including a significant potential for identity theft. As such, the Supplemental Declaration should be protected from public disclosure based on the protections provided pursuant to section 107 of the Bankruptcy Code.[3]

## NOTICE

10.    Notice of this Motion will be provided to the Office of the United States Trustee for the District of Delaware; counsel for the Official Committee of Unsecured Creditors; each Claimant; and those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no other or further notice is necessary under the circumstances.

*[Signature page follows]*

---

[3]    As noted above, the Debtors will file a redacted version of the Supplemental Declaration for public disclosure.

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form attached hereto (i) authorizing and directing the filing under seal of the Supplemental Declaration; and (ii) granting such other relief as the Court deems just and proper.

Dated:  Wilmington, Delaware  YOUNG CONAWAY STARGATT & TAYLOR, LLP
         September 2, 2009

/s/ *Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession