## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket Nos. 5181, 5447, 6009, 6216, 6610, 7084, 7347, and 7473** |

------------------------------------------------------------------- x

## SUPPLEMENTAL DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' THIRTEENTH, FIFTEENTH, NINETEENTH, TWENTY-FIRST, TWENTY-FIFTH, THIRTY-FIRST, THIRTY-FIFTH, AND THIRTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.     I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors").  In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I submit this declaration (the "Supplemental Declaration") to supplement the various declarations filed in support of (i) the Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5181] (the "Thirteenth Objection"); (ii) the Debtors' Fifteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5447] (the "Fifteenth

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Objection"); (iii) the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6009] (the "Nineteenth Objection"); (iv) the Debtors' Twenty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6216] (the "Twenty-First Objection"); (v) the Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6610] (the "Twenty-Fifth Objection"); (vi) the Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7084] (the "Thirty-First Objection"); (vii) the Debtors' Thirty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7347] (the "Thirty-Fifth Objection"); and (viii) the Debtors' Thirty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7473] (the "Thirty-Seventh Objection") (collectively, the "Objections").

2.      This Supplemental Declaration is intended to provide additional legal, factual and documentary support for the relief requested by the Debtors in the Objections with respect to certain proofs of claim that are addressed herein (the "Claims") as a reply to various responses by claimants or inquiries by the Court. The Objections have been previously adjourned with respect to these Claims. The Debtors have identified several documents that lend additional support to the Objections, true and correct copies of which are attached hereto as exhibits. The

2

Debtors reserve the right to supplement this declaration and the right to further object to the proofs of claims discussed herein on any substantive or non-substantive grounds.

### A.    GE Money Bank/WMC Mortgage

3.        Pursuant to proof of claim numbered 2946 filed by GE Money Bank/WMC Mortgage ("Claim 2946"), a copy of which is attached hereto as Exhibit A, GE Money Bank/WMC Mortgage ("GE") asserts a claim for $216,836.37, general unsecured, pursuant to a broker origination agreement between GE and American Home Mortgage Corp. Pursuant to the Thirteenth Objection, the Debtors objected to Claim 2946 on the grounds that (i) the Debtors' records showed no amount was owed to GE and (ii) GE provided insufficient documentation to support Claim 2946.

4.        GE did not file a response, however, the Court requested that the Debtors provide additional information regarding their objection to Claim 2946. Although Claim 2946 provides certain loan numbers and borrower last names, the Debtors have not been able to reconcile this information with any of their records. Moreover, GE has not identified any breach of the requisite agreement by the Debtors that would give rise to any liability thereunder.

5.        On June 22, 2009, the Debtors sent GE a letter (the "Request Letter") by which the Debtors specifically requested that GE provide certain information which might support Claim 2946. A copy of the Request Letter is attached hereto as Exhibit B. Specifically, the Debtors asked GE to provide information concerning the subject property addresses and/or American Home Mortgage loan numbers that coincide with the loans referenced in Claim 2946, all of which would allow the Debtors to properly examine the validity of Claim 2946. Despite this request, GE has failed to provide any information substantiating Claim 2946. Without providing the information sought in the Request Letter, GE cannot sufficiently support Claim

066585.1001

2946. Moreover, without such information, the Debtors are unable to ascertain either the identity of any loan alleged to be subject to the agreement with GE or the validity of the amounts claimed on account of such loans. Accordingly, Claim 2946 should be disallowed and expunged in its entirety.

>    **B.    Joseph Dionisio**

6.       By proof of claim numbered 3240 ("Claim 3240"), a copy of which is attached hereto as Exhibit C, Joseph Dionisio asserts a claim for $5,701.15 on account of unused vacation time as well as $8,333.33 for unpaid quarterly bonuses in 2007. Pursuant to the Fifteenth Objection, the Debtors objected to Claim 3240 on the basis that the Debtors' records indicated that Claim 3240 should be modified and reduced. Mr. Dionisio filed a response [Docket No. 5521] in which he simply argued that he is entitled to the full amount claimed, however, he provided no additional information or supporting documentation.

7.       Pursuant to the Debtors' vacation policy, a copy of which is attached hereto as Exhibit D, Mr. Dionisio is only entitled to two weeks of unused vacation time. This policy states as follows:

# [REDACTED]

8.       Mr. Dionisio was on a three week vacation schedule and therefore is entitled to the lesser of two weeks of unused vacation time or $6,000. Two weeks of vacation time at Mr. Dionisio's payment level ([---**REDACTED**---]) is equal to $3,596.25. Thus, Mr. Dionisio is only entitled to a priority unsecured claim of $3,596.25 on account of unused vacation time.

9.      With respect to the amounts claimed for unpaid quarterly bonuses, Mr. Dionisio is not entitled to the claimed amounts for the periods of April 1, 2007 through June 30, 2007 and July 1, 2007 through September 1, 2007 in accordance with the terms of his employment contract. The Debtors' employment contracts require that employees must be employed on the scheduled payment date to receive such quarterly bonuses.

10.     The scheduled payment dates for the quarterly bonus applicable to the periods of April 1, 2007 through June 30, 2007 and July 1, 2007 through September 30, 2007 were September 30, 2007 and November 10, 2007, respectively. Mr. Dionisio was terminated on August 3, 2007. Accordingly, he was not employed on the applicable scheduled payment dates and, therefore, he is not entitled to such payments pursuant to the express terms of his employment contract.

11.     Based on the foregoing, Mr. Dionisio is only entitled to a claim for $3,596.25, priority unsecured on account of unused vacation time, and Claim 3240 should be modified and reduced accordingly.

**C.      Michael Kalmonson**

12.     In accordance with proof of claim numbered 708 filed by Michael Kalmonson ("Claim 708"), a copy of which is attached hereto as Exhibit E, Mr. Kalmonson asserts that he is entitled to $10,096.00 on account of unused vacation time. Pursuant to the Fifteenth Objection, the Debtors objected to Claim 708 on the basis that Mr. Kalmonson is not entitled to the amounts claimed according to the terms of the Debtors' vacation policy. Mr. Kalmonson filed a response [Docket No. 5816] in which he argued that he is entitled to the full amount claimed because he was a salaried employee. Mr. Kalmonson further stated that he had taken vacations throughout the previous ten (10) years for which he had received vacation pay.

5

13.     The Debtors agree that Mr. Kalmonson was previously employed in positions for which he was entitled to, and did in fact, receive vacation pay for time away from the office. However, in October 2006, Mr. Kalmonson changed positions to be a Retail Relationship Account Executive at which time he was no longer entitled to vacation pay pursuant to the Debtors' vacation policy, a copy of which is attached hereto as <u>Exhibit F</u>.  This policy states in pertinent part as follows:

# [REDACTED]

14.     As a Retail Relationship Account Executive throughout the relevant time period, Mr. Kalmonson was a full time commissioned employee who was entitled to time away from the office, but was not paid for such time.  Indeed, Mr. Kalmonson's pay history, attached hereto as <u>Exhibit G</u>, illustrates that, while he did receive vacation pay in 2006, he received no vacation pay in 2007.  Thus, in accordance with the Debtors' vacation policy, Mr. Kalmonson is not entitled to payment for unused vacation time and Claim 708 should be disallowed and expunged in its entirety.

**D.     Judy McGaha**

15.     By proof of claim numbered 527 ("<u>Claim 527</u>"), a copy of which is attached hereto as <u>Exhibit H</u>, Judy McGaha asserts that she is entitled to $1,358.23 on account of unpaid commissions as well as an unspecified amount for a bonus payment owed to her which was based on a percentage of the annual profit of her district in 2007 (the "<u>NOI Bonus</u>").  Pursuant to the Fifteenth Objection, the Debtors objected to Claim 527 on the basis that Ms. McGaha is not entitled to the amounts claimed on account of unpaid commissions and NOI Bonus.  Ms.

McGaha did not file a response to the Fifteenth Objection with the Court, however, the Court asked that the Debtors provide additional information regarding their objection to Claim 527.

16.    As noted above, Claim 527 is composed of two portions. The first portion consists of an unsecured priority claim in the amount of $1,358.23 on account of unpaid commissions. The Debtors have been unable to locate sufficient documentation to refute this portion of Claim 527 and therefore consent to an allowed priority unsecured claim in the amount of $1,358.23 against American Home Mortgage Corp. (Case 07-11051) on account of unpaid commissions.

17.    By the second portion of Claim 527, Ms. McGaha asserts that she is entitled to an undetermined amount due to a NOI Bonus she earned during 2007. This portion of Claim 527 should be disallowed pursuant to addendum A to her employment contract, copies of which are attached hereto as Exhibit I. Specifically, **[REDACTED]** of addendum A to her employment contract provides as follows:

# [REDACTED]

18.    Ms. McGaha was terminated in August 2007 and the scheduled payment date for the NOI Bonus was the first quarter of 2008. Because Ms. McGaha was not employed on the scheduled payment date for such bonus, she is not entitled to it pursuant to the terms of her employment contract. Based on the foregoing, the Debtors request that Claim 527 be modified and reduced to an unsecured priority claim in the amount of $1,358.23.

**E.    Baron O'Brien**

19.    In accordance with proof of claim numbered 6650 filed by Baron O'Brien ("Claim 6650"), a copy of which is attached hereto as Exhibit J, Mr. O'Brien asserts a claim

for (i) deferred compensation, (ii) recruitment commissions, and (iii) business expense

reimbursements, all of which are due and owing to him by the Debtors. Pursuant to the

Nineteenth Objection, the Debtors objected to Claim 6650 and sought to modify and reduce such

claim on the basis that the Debtors' records indicated that Mr. O'Brien is not entitled to the total

amount claimed. By Claim 6650, Mr. O'Brien seeks a total amount of $254,266.15, of which

$10,950 is priority unsecured and the remainder, $243,316.15, is general unsecured. Mr.

O'Brien filed a response [Docket No. 6235] in which he argued that he is entitled to the full

amount claimed pursuant to the terms of his employment contract. For the reasons set forth

below, the Debtors request that Claim 6650 be modified so that it is reduced and reclassified to

an unsecured non-priority claim in the amount of $125,138.44.

20.    As noted above, Claim 6650 is composed of three portions. The first portion

consists of a claim for $101,038.68 on account of unpaid deferred compensation due to Mr.

O'Brien. The Debtors agree to allow this portion of Claim 6650 as an unsecured non-priority

claim in the amount of $101,038.68.

21.    By the second portion of Claim 6650, Mr. O'Brien also asserts that he is entitled

to certain commissions in the total amount of $110,000.00. The Debtors object to this portion of

Claim 6650 on the basis that Mr. O'Brien is not entitled to such commissions pursuant to the

terms of his employment contract and related compensation plan, copies of which are attached

hereto as Exhibit K. Specifically, [----**REDACTED**----] of the compensation plan provide, in

pertinent part, as follows:

8

# [REDACTED]

## [REDACTED]

22.    Mr. O'Brien was terminated on August 3, 2007, and he received the last of his July commission owed in his August 7, 2007 pay check in the amount of $8,500. A copy of the pay stub evidencing such payment is attached hereto as Exhibit L. The applicable payment dates for the claimed commissions were after the termination of Mr. O'Brien's employment with the Debtors. Accordingly, Mr. O'Brien is not entitled to such commissions because he was not employed by the Debtors on the applicable scheduled payment dates as required by his employment contract.

23.    Lastly, Mr. O'Brien asserts that he is entitled to $43,226.56 for unreimbursed expenses in connection with expense reports he submitted to the Debtors in July and August 2007. However, pursuant to the pay stub attached hereto as Exhibit M, on September 10, 2007, Mr. O'Brien received a payment of $19,126.80 as reimbursement for portions of the claimed business expenses. Accordingly, this portion of Claim 6650 should be modified and reduced to $24,099.76.

24.    Based on the foregoing, the Debtors request that Claim 6650 should reduced and reclassified to a general unsecured claim in the amount of $125,138.44.

DB02:8684907.2                                                                                    066585.1001

**F.      LeTort Mortgage Group Inc.**

25.      By proof of claim numbered 2624 filed by LeTort Mortgage Group Inc. ("Claim

2624"), a copy of which is attached hereto as Exhibit N, LeTort Mortgage Group Inc. ("LeTort

Mortgage") asserts that it is entitled to $2,230.13 for services rendered to the Debtors in

connection with a certain residential mortgage loan.  Pursuant to the Twenty-First Objection, the

Debtors objected to Claim 2624 on the basis that the mortgage referenced in Claim 2624 (the

"Mortgage") did not close and therefore no amount was due and owing to LeTort Mortgage by

the Debtors.

26.      LeTort Mortgage did not file a response to the Twenty-First Objection, however,

at the hearing in connection with the Twenty-First Objection, the Court requested additional

documentation evidencing that the mortgage did not close.

27.      Pursuant to the mortgage broker loan application between the Debtors and LeTort

Mortgage (the "LeTort Agreement"), a copy of which is attached hereto as Exhibit O, LeTort

Mortgage has no entitlement to the claimed broker fees.  Specifically, [REDACTED] of the LeTort

Agreement  reads, in pertinent part, as follows:

# [REDACTED]

28.      Here, the Mortgage was not funded and therefore the Mortgage is deemed

rescinded.  As a result, LeTort Mortgage is not due any broker fees in accordance with the terms

of the LeTort Agreement and the Debtors request that Claim 2624 should be disallowed and

expunged in its entirety.

DB02:8684907.2                                                                                                                                                      066585.1001

**H.    Riverside County Tax Collector**

29.    By proof of claim numbered 10504 ("Claim 10504"), a copy of which is attached

hereto as Exhibit P, the Riverside County Treasurer – Tax Collector ("Riverside County") asserts

a secured claim for $638,855.31 on account of unpaid taxes.  Pursuant to the Twenty-Fifth

Objection, the Debtors objected to Claim 10504 on the basis that Riverside County provided

insufficient documentation to enable the Debtors to determine its validity.

30.    Riverside County informally responded to the Twenty-Fifth Objection, a copy of

which is attached as Exhibit Q, pursuant to which Riverside County asserted that the taxes were

due from the Debtors for certain "assessments."  The Debtors reviewed the information received

from Riverside County and the Debtors' records relating to the properties with respect to which

Riverside County asserted a liability, all of which information is summarized in the table

attached hereto as Exhibit R.  Based upon the information summarized in Exhibit R, the Debtors

submit they have no liability for any part of Claim 10504.

31.    As shown in Exhibit R, two of the properties that were included in Claim 10504

(Assessments 612243003-7 and 123550015-2) are properties with respect to which the Debtors

have no information at all.  Because the Debtors were not lenders with respect to these

properties, the Debtors do not owe any taxes with respect to these properties.

32.    Additionally, as reflected on Exhibit R, many of the property owners had declined

to have the Debtors collect funds in escrow and pay the real estate taxes (as reflected by an

affirmative response in the column titled "Escrows Waived"), so the Debtors are clearly not

liable for the taxes on those properties.  Further, the loans for all of the properties in question

were sold before January 1, 2008 (some were sold as early as 2005), so the Debtors would not

DB02:8684907.2                                                                                                          066585.1001

have collected taxes for 2008 in any event.  As a result, even for borrowers for whom escrow

funds were collected, the Debtors are clearly not liable for the 2008 property taxes.

33.     With respect to the years prior to 2008, four of the five properties subject to loans

from one of the Debtors were properties where the borrowers had waived escrows.  The final

property on the list is subject to 2004 taxes that were imposed prior to the Debtors' loan on the

property.  As a result, the Debtors do not owe any taxes to Riverside County and Claim 10504

should be disallowed and expunged in its entirety.

**I.      Adele Elder Hill**

34.     In accordance with proof of claim numbered 251 filed by Adele Elder Hill

("Claim 251"), a copy of which is attached hereto as Exhibit S, Ms. Hill asserts that, pursuant to

her employment contract, she is entitled to $11,156.25 on account of four weeks of pay and two

weeks of vacation pay after providing notice of her resignation.  Pursuant to the Thirty-First

Objection, the Debtors objected to Claim 251 on the basis that the Debtors had no liability with

respect to the amounts claimed.  Ms. Hill filed a response [Docket No. 7194] (the "Hill

Response") in which she argues that, per the terms of her employment contract, she is entitled to

the full amount claimed because she was told not to return after August 15, 2007 even though

she alleges she was willing to work until the end of her notice period, i.e. September 13, 2007.

Thus, she asserts that the applicable date of resignation should be September 13, 2007 which

would entitle her to an additional four weeks of regular pay and two week vacation pay.

35.     The Debtors agree that Ms. Hill's employment contract, a copy of which is

attached hereto as Exhibit T, provides that she is entitled to four weeks of regular pay following

her resignation.  Specifically, |REDACTED| of her employment contract provides, in pertinent part,

as follows:

12

# [REDACTED]

Here, despite Ms. Hill's apparent assertions that the applicable resignation date should be September 13, 2007, she was no longer employed by the Debtors as of August 15, 2007 (the "Resignation Date") and, therefore, per the terms of her employment contract, she was entitled to, and did in fact receive, four weeks of regular pay and two weeks of vacation pay from the Resignation Date. As set forth in detail below, Ms. Hill has been paid in full with respect to the claimed amounts.

36.     In accordance with the pay stub Ms. Hill attached to Claim 251, her bi-monthly pay rate was **[REDACTED]**. Therefore, her yearly salary was **[REDACTED]** (**[REDACTED]** x 24 bi-monthly pay periods). This annual salary equates to a **[REDACTED]** weekly salary (**[REDACTED]**/ 52 weeks). Accordingly, Ms. Hill was entitled to receive $6,865.38 worth of regular pay (**[REDACTED]**) following the Resignation Date pursuant to her employment contract. In addition, she was entitled to $3,432.69 for two weeks of vacation pay. Thus, Ms. Hill was entitled to receive $6,8565.38 of regular pay and $3,432.69 of vacation pay, for a total amount of $10,298.07 following the Resignation Date.

37.     The Debtors' records indicate that Ms. Hill received two paychecks following the Resignation Date, copies of which are attached hereto as Exhibit U. Specifically, she received a paycheck in the amount of $7,785.51 on September 10, 2007 for the period of August 16, 2007 through August 31, 2007. Ms. Hill also received a paycheck in the amount of $4,067.76 on September 24, 2007 for the period ending September 15, 2007. The total amount of these two paychecks is $11,854.27, which is more than the amount Ms. Hill was entitled to receive under her employment contract and, moreover, more than the amount she seeks by Claim 251.

DB02:8684907.2                                                                                                                     066585.1001

38.    Based on the foregoing, the Debtors have no liability with respect to Claim 251 and request that it should be disallowed and expunged in its entirety.

**J.    Promotional Products Partners, LLC**

39.    By proof of claim numbered 10511 ("Claim 10511"), a copy of which is attached hereto as Exhibit V, Promotional Products Partners, LLC ("Promotional Products") asserts a claim for $301,376.00 against American Home Mortgage Holdings Inc. (Case No. 07-11047) ("AHM Holdings") on account of goods allegedly sold to AHM Holdings.  In addition, pursuant to proof of claim numbered 202 ("Claim 202"), Promotional Products asserts an identical claim in the amount of $301,376.00 against American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.") on account of goods allegedly sold to AHM Corp.

40.    Pursuant to the Thirty-First Objection, the Debtors objected to Claim 10511 on the basis that Promotional Products filed identical claims against multiple Debtors and that Claim 10511 pertained to the wrong Debtor and was duplicative of Claim 202.  The Thirty-First Objection further stated that Claim 202 was filed against the correct Debtor, AHM Corp., and should be the surviving claim.  Promotional Products did not file a response, however, the Court requested that the Debtors provide additional information regarding their objection to Claim 10511.

41.    AHM Holdings is a holding company and, therefore, it is not an operating entity that would have any need for the types of goods, i.e. marketing materials, sold by Promotional Products.  AHM Corp., on the other hand, prior to and shortly after the Petition Date, was an operating entity that did purchase marketing materials from vendors such as Promotional Products.  Additionally, as evidenced by a check issued by AHM Corp. to Promotional Products on June 29, 2007 (the "Check"), a copy of which is attached hereto as Exhibit W, Promotional

14

Products received payment from AHM Corp., and not AHM Holdings, in connection with the sale of goods to AHM Corp. Thus, any alleged claim that Promotional Products may have for the sale of marketing materials to the Debtors should pertain to AHM Corp., not AHM Holdings.

42.     Based on the foregoing, the Debtors submit that Claim 10511 is both duplicative of Claim 202 and asserted against the wrong Debtor and, therefore, the Debtors request that Claim 10511 be disallowed and expunged in its entirety.

### K.     Jennifer Luke

43.     In accordance with proof of claim numbered 8640 ("Claim 8640"), a copy of which is attached hereto as Exhibit X, Jennifer Luke asserts that she is entitled to (i) unpaid yearly bonus for 2007; (ii) two weeks of unused vacation time; (iii) one week unused sick time; and (iv) sixty days of pay as compensation for violation of W.A.R.N. Act. Pursuant to the Thirty-Fifth Objection, the Debtors objected to Claim 8640 on the basis that Claim 8640 failed to contain sufficient documentation to support allowance of the amounts claimed. Ms. Luke filed a response [Docket No. 7467] in which she argued that she is entitled to the claimed yearly bonus, unused vacation time and unused sick time per the terms of her employment contract. With respect to the claimed compensation for violation of W.A.R.N. Act, Ms. Luke asserts that the Debtors failed to provide the required sixty advance notice.

44.     As noted above, Claim 8640 is composed of four portions. The first portion of Claim 8640 is comprised of a claim for $19,200, which is the prorated Management Evaluation Bonus that Ms. Luke asserts she is entitled to pursuant to the terms of her employment contract, a copy of which is attached hereto as Exhibit Y. Specifically, **[REDACTED]** of Ms. Luke's employment contract provides, in pertinent part, as follows:

# [REDACTED]

45.    Ms. Luke was terminated on August 3, 2007, and the scheduled payment date for the claimed Management Evaluation Bonus was the first quarter of 2008. Thus, pursuant to the terms of her employment contract, Ms. Luke is not entitled to such bonus payment and this portion of Claim 8640 should be expunged.

46.    The second portion consists of a claim for two weeks unused vacation time in the amount of $4,000. Based on Ms. Luke's annual salary of $96,000, her pay for two weeks of vacation should be $3,692.31 rather than the claimed $4,000. The Debtors agree to allow this portion of Claim 8640 in the modified and reduced amount of $3,692.31, priority unsecured.

47.    Ms. Luke also asserts of claim for $2,000 on account of one week worth of unused sick/personal time. In accordance with the Debtors' sick and personal day policy, a copy of which is attached hereto as Exhibit Z, Ms. Luke has no entitlement to such pay. The policy, in pertinent part, states that "[----------------------------**REDACTED** --------------------------------------**REDACTED** ---------------**REDACTED**]" (Emphasis added). Ms. Luke's employment was terminated on August 3, 2007, and, therefore, she was not employed by the Debtors for the entirety of 2007. As a result, pursuant to the terms of the Debtors' sick and personal day policy, this portion of Claim 8640 should be disallowed and expunged.

48.    The last portion of Claim 8640 is for $16,400 as compensation for the Debtors' purported W.A.R.N. Act violation. However, Ms. Luke is listed as a W.A.R.N. Act claimant in that certain action entitled *Koch, et al. v. American Home Mortgage Corp., et al.*, Adv. Pro. No.

07-51688 (CSS) (Bankr. D. Del.) (the "WARN Action") and, therefore, any payment she is entitled to receive as compensation for the Debtors' purported violation of the W.A.R.N. Act will be made through the settlement of the WARN Action.[2]  Accordingly, this portion of Claim 8640 seeks duplicative compensation due to Ms. Luke's status as a W.A.R.N. Act claimant and, therefore, it should be disallowed and expunged.

49.    Based on the foregoing, the Debtors request that Claim 8640 should be modified and reduced from $41,600.00 to $3,692.31, priority unsecured.

### L.    James Zimmerman

50.    By proof of claim numbered 262 ("Claim 262"), a copy of which is attached hereto as Exhibit AA, James Zimmerman asserts a claim for $5,003.10 for unused vacation and sick days as well compensation pursuant to the W.A.R.N. Act.  Pursuant to the Thirty-Seventh Objection, the Debtors objected to Claim 262 on the bases that Claim 262 (i) should be modified and reduced, and (ii) was asserted against the wrong debtor.  The Debtors received an informal response to the Thirty-Seventh Objection from Mr. Zimmerman in which he argued that he is entitled to the full amount claimed because he is eligible to receive WARN payments and his own calculations with respect to amount owed for unused vacation, $882.90, was accurate.

51.    As a preliminary matter, Mr. Zimmerman was employed by American Home Mortgage Corp. and, therefore, any allowed portion of Claim 262 should be against American Home Mortgage Corp. (Case No. 07-11051), not Homegate Settlement Services (Case No. 07-11053).  Accordingly, the Debtors request that Claim 262 should be reassigned to American Home Mortgage Corp. (Case No. 07-11051).

---

[2]        In early 2009, the Debtors and the W.A.R.N. Act claimants agreed to a settlement of the WARN Action. The Debtors anticipate that the parties to the WARN Action will be a filing a motion, pursuant to Fed. Bankr. R. 9019, seeking the Court's approval of such settlement agreement in the near future.

52.     Claim 262 is for a total amount of $5003.10 and consists of three portions, the first of which is a claim for $392.40 on account of thirty hours of unused vacation time. Based on Mr. Zimmerman's annual salary of $25,500, his pay for this unused vacation time should be $392.31. Thus, the Debtors agree to allow this portion of Claim 262 in the modified and reduced amount of $392.31, priority unsecured as against American Home Mortgage Corp. (Case No. 07-11051).

53.     By the second portion, Mr. Zimmerman also asserts of claim for $490.50 on account of approximately thirty-seven hours worth of unused sick/personal time. In accordance with the Debtors' sick and personal day policy, a copy of which is attached hereto as <u>Exhibit BB</u>, Mr. Zimmerman has no entitlement to such pay. The policy, in pertinent part, states that "[-------
---**REDACTED** -------------------------------------**REDACTED** ----------------------------------
**REDACTED**]" (Emphasis added).

54.     Because Mr. Zimmerman's employment was terminated on August 3, 2007, he was not employed by the Debtors for the entirety of 2007. As a result, pursuant to the terms of the Debtors' sick and personal day policy, this portion of Claim 262 should be disallowed and expunged.

55.     The last portion of Claim 262 is for $4,120.20 as compensation for the Debtors' purported W.A.R.N. Act violation. However, Mr. Zimmerman is listed as a W.A.R.N. Act claimant in the WARN Action and, therefore, any payment he is entitled to receive as compensation for the Debtors' purported violation of the W.A.R.N. Act will be made through the settlement of the WARN Action.[3] Accordingly, this portion of Claim 262 seeks duplicative

---

[3]      In early 2009, the Debtors and the W.A.R.N. Act claimants agreed to a settlement of the WARN Action. The Debtors anticipate that the parties to the WARN Action will be a filing a motion, pursuant to Fed. Bankr. R. 9019, seeking the Court's approval of such settlement agreement in the near future.

compensation due to Mr. Zimmerman's status as a W.A.R.N. Act claimant and, therefore, the Debtors submit it should be disallowed and expunged.

56.    Based on the foregoing, the Debtors request that Claim 262 should be modified and reduced from $5003.10 to $392.31, priority unsecured, and reassigned to American Home Mortgage Corp. (Case No. 07-11051).

DB02:8684907.2

066585.1001

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on September $\underline{2}$, 2009

Eileen Wanerka
Assistant Vice President

# **EXHIBIT A**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | Filed: USBC - District of Delaware<br>American Home Mortgage Holdings, Inc., Et Al.<br>07-11047 (CSS)    0000002946 |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Corp. | Case No. of Debtor<br>07-11051 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

| Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)<br><br>AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #751157920*****<br>GE MONEY BANK / WMC MORTGAGE<br>3100 THORNTON AVENUE<br>BURBANK, CA 91504<br>ATTN: LEGAL DEPT. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|

Telephone number: (800) 542-6508
Email Address:

| Account or other number by which creditor identifies debtor: | Check here if this claim:<br>☐ replaces   ☐ amends a previously filed claim, dated:_____ |
|---|---|

| 1.  **Basis for Claim**<br>    ☐ Goods sold<br>    ☐ Services performed<br>    ☐ Money loaned<br>    ☐ Personal injury/wrongful death<br>    ☐ Taxes<br>    ☑ Other   Contract - Indemnification - Losses on Loans   (explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last Four Digits of your SS#: ___ ___ ___ ___  ___ ___  ___ ___ ___ ___<br>Unpaid compensation for services performed<br>from _____ to _____<br>                  (date)                         (date) |
|---|---|

2.  Date debt was incurred:
    08/30/2006 to 03/28/2007

3.  If court judgment, date obtained:

4.  **Total Amount of Claim at Time Case Filed:** $ 216,836.67 + _____ + _____ = $215,836.67
    (unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
    If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
    ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5.  **Secured Claim.**
    ☐ Check this box if your claim is secured by collateral (including a right of setoff).
    Brief Description of Collateral:
    ☐ Real Estate   ☐ Motor Vehicle
    ☐ Other _____
    Value of Collateral: $ _____
    Amount of arrearage and other charges at time case filed included in
    secured claim, if any: $ _____

6.  **Unsecured Nonpriority Claim:** $ 216,836.67
    ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7.  **Unsecured Priority Claim.**
    ☐ Check this box if you have an unsecured priority claim
    Amount entitled to priority $ _____
    Specify the priority of the claim:
    ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
    ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
    ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
    ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
    ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
    ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9.  **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
    **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

NOV 2 1 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>11/15/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Sharon L. Mason<br>SHARON L. MASON, VICE PRESIDENT |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

# DEFINITIONS

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
   Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
   Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

7. **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

8. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

9. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**[REMAINDER REDACTED IN FULL]**

# EXHIBIT B

 **American Home Mortgage**

GE Money Bank/WMC Mortgage
Sharon L. Mason
3100 Thornton Avenue
Burbank, CA 91504

June 22, 2009

Re:  American Home Mortgage Holdings, Inc., *et al.*
      Case No. 07-11047 (CSS)

On August 6, 2007, American Home Mortgage Holdings, Inc., and its affiliated entities (collectively, the "Debtors"),[1] commenced the above referenced case in the United States Bankruptcy Court for District of Delaware (the "Court").  Our records indicate that on or about November 21, 2007 you filed a Proof of Claim, which has been designated as claim number 2946 (the "Claim").

In order to properly evaluate the Claim, we are requesting that you provide us with the following information:

- **Subject property addresses and/or American Home Mortgage loan numbers that coincide with the loans referenced in the claim.**

Upon receipt of your response, we will once again attempt to verify the Claim.  Please note, however, that the Debtors may require information, in addition to that requested above, in order to determine the validity of the Claim.

We ask that you provide us with the above information by July 2, 2009.  If a response is not received by that date, it may be necessary to file an objection with the Court to have the Claim disallowed.

Finally, please be advised that providing the Debtors with the above requested information will not automatically give rise to allowance of the Claim.  After review of the requested information, the Debtors may seek to disallow, modify or reclassify the Claim and nothing in this request should be deemed to affect the Debtors' rights to seek such disallowance, modification or reclassification of the Claim.

If you have any questions regarding the above request, please contact me at the address below or via email at mlamonica@americanhm.com.

Sincerely ,

**Michele LaMonica**
American Home Mortgage Corp.
538 Broadhollow Road
Melville, NY 11747

---

[1]          The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

538 Broadhollow Road, Melville, New York 11747

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|

| Name of Debtor Against Which Claim is Held AMERICAN HOME MORTGAGE CORP | Case No. of Debtor 07-11051(CSS) |
|---|---|

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)           0000003240

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751040060*****
DIONISIO, JOSEPH

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Your claim is scheduled by the Debtors as:
$5,701.15 PRIORITY CONTINGENT

Telephone number:
Email Address:

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces           ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and comm. _____
Last Four Digits of your SS#:
Unpaid compensation for services performed
from *April 1 2007* to *July 31 2007*
     (date)              (date)

**2. Date debt was incurred:**
*8/3/2007*

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ *3084.48* (unsecured nonpriority) + _____ (secured) + *10,950.00* (unsecured priority) = $ *14,034.48* (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6.** Unsecured Nonpriority Claim: $ *3084.48*
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ *10,950.00*
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

NOV 2 6 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date *11/20/2007* | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Joseph Dionisio    Joseph Dionisio* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**[REMAINDER REDACTED IN FULL]**

# **EXHIBIT D**

**[REDACTED IN FULL]**

# EXHIBIT E

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | PROOF OF CLAIM |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered<br>Case No. of Debtor |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

MICHAEL KALMONSOW

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)    0000000708

Telephone number:
Email Address:

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other SALARY/WAGES for unused vacation (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#

Unpaid compensation for services performed
from 1/1/2007 (date) to 8/3/2007 (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ + _____ + _____ = _____
(unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim:** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 10,096.00
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10.** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**
SEP 13 2007
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 9/12/2007 | Meelu R Kalmelleu |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**EXHIBIT F**

**[REDACTED IN FULL]**

**EXHIBIT G**

**[REDACTED IN FULL]**

# EXHIBIT H

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
| American Home Mortgage Holdings, Inc., et al. | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| *Name of Debtor Against Which Claim is Held* | *Case No. of Debtor* |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Judy A. McGaha

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☑ Check box if you have never received any notices from the bankruptcy court in this case.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)                0000000527

Telephone num
Email Address:

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

| 1. | Basis for Claim | ☑ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| | ☐ Goods sold | ☑ Wages, salaries, and com~~pensation (fill out below)~~ |
| | ☐ Services performed | Last Four Digits of your SS#: |
| | ☐ Money loaned | Unpaid compensation for services performed |
| | ☐ Personal injury/wrongful death | from _1-07_    to _8-3-07_ |
| | ☐ Taxes | (date)         (date) |
| | ☐ Other _____ (explain) | |

2. Date debt was incurred:

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ _____ + _____ + _____ = _____
(unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. Unsecured Nonpriority Claim: $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim *any*
Amount entitled to priority $ _1,358.23 + No1 Bonus due for 2007_
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 1 0 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
| _8-28-07_ | Judy A. McGaha |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**[REMAINDER REDACTED IN FULL]**

**EXHIBIT I**

[REDACTED IN FULL]

**EXHIBIT J**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| **AMERICAN HOME MORTGAGE CORP** | **07-11051(CSS)** |

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)      0000006650

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751100130*****
O'BRIEN, BARON

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Your claim is scheduled by the Debtors as $98,538.72 UNSECURED CONTINGENT

Telephone number
Email Address:

Account or other number by which creditor identifies debtor: N/A

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated: _____

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☒ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last Four Digits of your SS#: ~~_____~~ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from NOV 11, 1999 to Aug 5, 2007 |
| ☐ Other_____ (explain) | (date)          (date) |

2. Date debt was incurred: 11/11/99 - 8/5/07

3. If court judgment, date obtained: N/A

4. Total Amount of Claim at Time Case Filed: $ 243,316.15 + _____ + 10,950 = 254,266.15
   (unsecured nonpriority)      (secured)      (unsecured priority)      (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $ 243,316.15
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☒ Check this box if you have an unsecured priority claim.
   Amount entitled to priority $ 10,950
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☒ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

DEC 3 1 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>12/28/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any.)<br>BARON O'BRIEN<br>VICE PRESIDENT |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**[REMAINDER REDACTED IN FULL]**

# **EXHIBIT K**

**[REDACTED IN FULL]**

**EXHIBIT L**

**[REDACTED IN FULL]**

# EXHIBIT M

**[REDACTED IN FULL]**

# **EXHIBIT N**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | PROOF OF CLAIM |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered<br>Case No. of Debtor |

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000002624

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCH #: 4101*****
LETORT MORTGAGE GROUP INC

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:
Email Address:

**Account or other number by which creditor identifies debtor:**

38800 KD

Check here if this claim: ☐ replaces  ☐ amends a previously filed claim, dated:_____

| 1. | **Basis for Claim**<br>☐ Goods sold<br>☒ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other_____ (explain) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Last Four Digits of your SS#: ___ ___ ___ ___<br>Unpaid compensation for services performed<br>from _____ to _____ |

**2. Date debt was incurred:** July 31, 2007

**3. If court judgment, date obtained:** N/A

**4. Total Amount of Claim at Time Case Filed:** $ _____ (unsecured nonpriority) + 382.06 (secured) + 1848.07 (unsecured priority) = 2230.13 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☒ Real Estate   ☐ Motor Vehicle   *Appraisal Credit Report*
☐ Other_____
Value of Collateral: $ 382.06
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 1848.07
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**6. Unsecured Nonpriority Claim.** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

NOV 19 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>11.11.07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

**[REMAINDER REDACTED IN FULL]**

**EXHIBIT O**

**[REDACTED IN FULL]**

**EXHIBIT P**

**ORIGINAL**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>*American Home Mortgage Holdings, Inc., et al.*<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered<br>Case No. of Debtor |
|---|---|

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)**

Martha E. Romero
Paul McDonnell
Riverside County Treasurer-Tax Collector
6516 Bright Ave.
Whittier, CA 90601

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)                    0000010504

Telephone number:  (562) 907-6800
Email Address:    Romero@mromerolawfirm.com

| Account or other number by which creditor identifies debtor: | Check here if this claim:<br>☐ replaces   ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1.  Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☑ Taxes
☐ Other_____ (explain)

☐ Retire benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#:  ____  ____  ____  ____
Unpaid compensation for services performed
from_____to_____
              (date)                    (date)

**2.  Date debt was incurred:**

**3.  If court judgment, date obtained:**

**4.  Total Amount of Claim at Time Case Filed:** $_____ + $ 638,855.31 + _____ = $ 638,855.31
                                (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.  Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☑ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.  Unsecured Nonpriority Claim.** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

THIS SPACE IS FOR COURT USE ONLY

**8.  Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.  Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

FILED / RECEIVED

SEP 10 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>9/8/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>*Martha Romero* |
|---|---|

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

In re

AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,

          Debtors.

)   Case No. 07-11047
)
)   Chapter 11
)
)   **CERTIFICATE OF SERVICE TO**
)   **PROOF OF CLAIM FILED BY**
)   **SECURED CREDITOR RIVERSIDE,**
)   **CALIFORNIA**
)
)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via first class U.S. Mail (fed ex) on EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, 757 Third Avenue, 3rd Floor, New York, NY 10017 this 9th day of September 2008.

                         Respectfully submitted,


                         ROMERO LAW FIRM


                         By._____
                         MARTHA E. ROMERO, State Bar No. 128144
                         ROMERO LAW FIRM
                         BMR Professional Building
                         6516 Bright Avenue
                         Whittier, California 90601
                         Phone (562) 907-6800
                         Facsimile (562) 907-6820
                         Attorneys for SECURED CREDITORS
                         COUNTY OF RIVERSIDE, CALIFORNIA



| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE American Home Mortgage Claims Processing Center FDR Station, P.O. Box 5076 New York, NY 10150-5076 | PROOF OF CLAIM |
|---|---|

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Martha E. Romero
Paul McDonnell
Riverside County Treasurer-Tax Collector
6516 Bright Ave.
Whittier, CA 90601

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (562) 907-6800
Email Address:    Romero@mromerolawfirm.com

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☑ Taxes
   ☐ Other_____ (explain)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: ____ ____ ____ ____
   Unpaid compensation for services performed
   from _____ to _____
        (date)         (date)

2. **Date debt was incurred:**

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $_____ + $ 638,855.31 + _____ = $ 638,855.31
   (unsecured nonpriority)      (secured)      (unsecured priority)      (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☑ Check this box if your claim is secured by collateral (including a right of setoff.)
   Brief Description of Collateral:
   ☑ Real Estate    ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $_____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

SEP 10 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date 9/8/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Martha ___ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

fedex.com 1.800.GoFedEx 1.800.463.3339.

**FedEx** Express

**US Airbill**

FedEx
Tracking
Number    8544 7529 8290

RECIPIENT: PEEL HERE

**1 From** This portion can be removed for Recipient's records.

Date  9/4/8

Sender's
Name  Martha Romero

FedEx Tracking Number  8544 7529 8290

Company  ROMERO LAW FIRM

Phone  562 907-6800

Address  6516 BRIGHT AVE

City  WHITTIER    State  CA    ZIP  90601-4503

**2 Your Internal Billing Reference**  Riverside

**3 To**

Recipient's
Name  EPIQ Bankruptcy Solutions

Company  American Home Mortgage Claims Processing

Address  757 Third Avenue. 3rd Floor.

City  New York    State  NY    ZIP  10017

0324693591

8544 7529 8290

100

REF. 0215

**4a Express Package Service**    Packages up to 150 lbs.

**4b Express Freight Service**    Packages over 150 lbs.

**5 Packaging**
☐ FedEx Envelope*  ☐ FedEx Pak*  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other

**6 Special Handling**

**7 Payment**  Bill to:
☒ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

**8 NEW Residential Delivery Signature Options**
☐ No Signature Required  ☐ Direct Signature  ☐ Indirect Signature

Total Packages  Total Weight 1.0

Recipients.com

519

# EXHIBIT Q

**[REDACTED IN FULL]**

**EXHIBIT R**

**[REDACTED IN FULL]**

# **EXHIBIT S**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

In Re:
American Home Mortgage Holdings, Inc., et al.
Debtors.

Chapter 11
Case No. 07-11047 (CSS)
Jointly Administered

Name of Debtor Against Which Claim is Held
Case No. of Debtor    07-11050
American Home Mtg Servicing, Inc

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Adele K Elder-Hill,

Telephone number:
Email Address:
Account or other _____ btor:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000000251

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated: _____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☑ Other  Notice given + 2 weeks VAC (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#:
Unpaid compensation for services performed
from 8-15-07  to 9-12-07
     (date)      (date)

2. **Date debt was incurred:**
   8-15-07

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ _____ + _____ + 11,156.25 = 11,156.25
   (unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ _____
   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____

6. **Unsecured Nonpriority Claim.** $ _____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☑ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ 11,156.25
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(8).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☑ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

See attached

THIS SPACE IS FOR COURT USE ONLY

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**FILED / RECEIVED**

SEP - 4 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date
8/26/07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Adele K Elder-Hill
Adele K Elder-Hill

**[REMAINDER REDACTED IN FULL]**

## EXHIBIT T

**[REDACTED IN FULL]**

**EXHIBIT U**

**[REDACTED IN FULL]**

**EXHIBIT V**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |

**PROOF OF CLAIM**

Name of Debtor Against Which Claim is Held
*American home mortgage holdings Inc. 07-11047*

Case No. of Debtor

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY, LLC

SEP 15 2009

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

*Promotional Products Partners, LLC*
*405 Washington Blvd.*
*Mundelein, IL 60060*
*Attn: Michael Gomberg*

*(847) 970-9797*
Telephone number:
Email Address: *mgomberg@ppco-op.com*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy on in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

*Newly filed claim*
*see (nmn)*
*Attached*

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)            0000010511

Account or other number by which creditor identifies debtor:

Check here if this cl____:
☐ replaces    ☑ amends a previously filed claim, dated: *7/29/07*

| 1. | Basis for Claim |
| ☑ | Goods sold |
| ☐ | Services performed |
| ☐ | Money loaned |
| ☐ | Personal injury/wrongful death |
| ☐ | Taxes |
| ☐ | Other _____ (explain) |

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#:  ___  ___  ___  ___
Unpaid compensation for services performed
from _____ to _____
        (date)              (date)

2. Date debt was incurred:
*05/07 to 08/07*

3. If court judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed: $ *301,376.00* + _____ + _____ = *301,376.00*
                                              (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in
secured claim, if any: $ _____

6. Unsecured Nonpriority Claim: $ *301,376.00*
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

AUG 31 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date *7/29/07*

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
*Michael D. [signature]    Manager*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Michael D Gomberg*



**PROMOTIONAL PRODUCTS**
— **PARTNERS** —

405 Washington Blvd., Mundelein, IL 60060
p: 847.970.9797, 888.772.6674
f: 847.970.9707
www.pppartners.net

September 10, 2008

To whom it may concern:

Please find attached a revised claim form for American Home Mortgage Bankruptcy claim. The original form did not include the "name of the Debtor which claim is held", since we were not informed of it. The current form includes it as "American Home Mortgage Holding, Inc. 07-11047)

Thank you,

Einat Berkman
Promotional Products Accounting



PROMOTIONAL PRODUCTS PARTNERS

PPP

405 Washington Blvd.
Mundelein, IL 60060

PALATINE IL 600

1 ‡ SEP 2008 PM 1 T

SEP 1 5 2008

United States Bankruptcy Court
for the district of Delaware
American Home Mortgage Claims Processing Center
FDR Station
P.O. Box 5076
NY, NY 10150-5076

10150‡5076

# EXHIBIT W

**[REDACTED IN FULL]**

# EXHIBIT X

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered | Filed: USBC - District of Delaware American Home Mortgage Holdings, Inc., Et Al. 07-11047 (CSS)        0000008640 |
|---|---|---|
| Name of Debtor Against Which Claim is Held AMERICAN HOME MORTGAGE CORP | Case No of Debtor 07-11051(CSS) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751084520*****
LUKE, JENNIFER

Telephone number:
Email Address:

THIS SPACE IS FOR COURT USE ONLY

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Your claim is scheduled by the Debtors as:
$3,692.31 PRIORITY CONTINGENT

Account or other number by which creditor identifies debtor:

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☑ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last Four Digits of your SS#: ___ ___ ___ ___ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | |
| ☐ Other_____(explain) | from _____ to _____ (date)          (date) |

2. Date debt was incurred:

3. If court judgment, date obtained:

4. **Total Amount of Claim at Time Case Filed:** $_____ + _____ + _____ = _____
(unsecured nonpriority)      (secured)      (unsecured priority)      (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

JAN 1 1 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date 1/10/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) [signature] Jennifer L Luke |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Proof of Claim – of Jennifer L. Luke
Re: AHM (MERGE2.DBF,SCHED_No) Schedule #: 751084520

In addition to the original claim amount noted on the enclosed Proof of Claim, please see below noted claim items:

1.  In accordance with Employment Contract (copy attached hereto), under the bonus provisions, I am making a claim for a prorated bonus deemed earned through the date of end of business, August 4, 2007. Premised upon the contract terms and conditions with respect to same, a possible amount of up to 20% of the annual salary (which consistently was in the range of 20% of my respective annual salary) could have been paid out. Said amount as prorated through August, 2007, would be $19, 200.00 gross, less all applicable local, state and federal taxes.
2.  Unpaid/unused remaining vacation time of two (2) weeks.
3.  Unpaid/unused sick/personal time of five (5) days.
4.  Sixty (60) days of pay for violation of proper notice to employees under the W.A.R.N. Act.

**[REMAINDER REDACTED IN FULL]**

**EXHIBIT Y**

**[REDACTED IN FULL]**

# EXHIBIT Z

**[REDACTED IN FULL]**

## **EXHIBIT AA**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| American Home Mortgage Holdings, Inc., et al. Debtors. | Case No. 07-11047 (CSS) Jointly Administered |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Homegate Settlement Services | 07-11053 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)  James Zimmerman

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000000262

Telephone number:
Email Address:

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

Check here if this clai☐ replaces    ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____ (explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: _____
Unpaid compensation for services performed
from 1-1-07 (date) to 8-3-07 (date)

**2. Date debt was incurred:** 8-3-07

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 4120.20 (unsecured nonpriority) + 0 (secured) + 882.90 (unsecured priority) = 5003.10 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ 4120.20
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 8-27-07 | James Zimmerman |

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**
SEP – 4 2007
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Vacation days = $392.40
Personal days = $490.50

Warn Act = $4120.20
Total = $5003.10

**[REMAINDER REDACTED IN FULL]**

**EXHIBIT BB**

**[REDACTED IN FULL]**