UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x
In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*,[1]

                           Debtors.
----------------------------------------------------------------x
KATHY S. KOCH, JARRETT PERRY,
GINA PULLIAM, MICHAEL S. SUROWIEC,
KATHLEEN WIELGUS, and PATRICIA WILLIAMS,
on their own behalf and on behalf of all other persons
similarly situated,

                           Plaintiffs,

- against-

AMERICAN HOME MORTGAGE CORP.,
AMERICAN HOME MORTGAGE ACCEPTANCE,
INC., AMERICAN HOME MORTGAGE
SERVICING, INC., AMERICAN HOME
INVESTMENT CORP., and AMERICAN
HOME MORTGAGE HOLDINGS, INC.,

                           Defendants.
----------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

Adv. Pro. No. 07-51688 (CSS)

**Re: Docket No. __**

## ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 9019 AND 7023 TO (I) PRELIMINARILY APPROVING THE SETTLEMENT, (II) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (III) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (VI) GRANTING RELATED RELIEF

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

128189.01600/40183666v.1

The Court has considered the joint motion of the above-captioned debtors and debtors-in-possession (the "*Debtors*"), the Official Committee of Unsecured Creditors of the Debtors (the "*Committee*") and class representatives Kathy S. Koch, Jarrett Perry, Gina Pulliam, Michael S. Surowiec, Kathleen Wielgus, and Patricia Williams (the "*Class Representatives*"), on behalf of themselves and similarly situated class members (together with the Class Representatives, but excluding the Opt-Outs, the "*Class Members*"), for an order (1) preliminarily approving the proposed *Settlement and Release Agreement* (the "*Settlement Agreement*") settling WARN Act class claims and certain other claims; (2) approving the form and manner of notice to the Class Members of the proposed Settlement Agreement and their right to object to the Settlement Agreement; and (3) scheduling a Fairness Hearing to consider the final approval of the Settlement Agreement (the "*Joint Motion*"). The Court finds that:

A. On September ___, 2009, the notice of the Joint Motion ("*Notice*") was served by First Class Mail on the parties listed on the proof of service of the Notice filed herein.

B. The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given.

C. A full opportunity has been offered to the parties in interest to participate in the hearing on the Joint Motion.

D. Notice should be given to all the Class Members, affording them the opportunity to object to the proposed Settlement Agreement.

E.  Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

F.  The Settlement Agreement should be preliminarily approved.

G.  Notice to all individuals identified in *Exhibit B* to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated in the Debtors' records (and as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within ten (10) business days following the entry of this Order.

H.  The contents of the notice of settlement (the "*Class Notice*") annexed to the Settlement Agreement as *Exhibit D* meet the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice states the nature of the action, and the issues and defenses. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Class Notice also summarizes the terms of the Settlement Agreement, the right of each Class Member to object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees. *See* FED. R. CIV. P. 23(h).

I. A hearing on the final approval of the Settlement Agreement ("*Fairness Hearing*") should be held no sooner than the earliest date for entry of a binding order under 28 U.S.C. § 1715 so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, to object to the proposed Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

J. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

## THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Joint Motion is **GRANTED**.

2. The Settlement Agreement is hereby preliminarily approved.

3. The form of the Class Notice and the service of the Class Notice by Class Counsel by first class mail, postage prepaid, to each individual identified in *Exhibit B* to the Settlement Agreement at his or her last known address contained in the Debtors' records (as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is hereby approved.

4. The Class Notice shall be mailed by first class mail by Class Counsel to the individuals identified in *Exhibit B* to the Settlement Agreement within ten (10) business days following the entry of this Order.

5. Objections or other responses to the final approval of the Settlement Agreement are to be filed with the Clerk of the Court and mailed to the entities listed

in the Class Notice, via certified mail, return receipt requested so that they are received by all entities no later than ten (10) days prior to the Fairness Hearing on final consideration and approval of the Settlement Agreement.

6. The Court shall conduct a Fairness Hearing on _____, 2009 at _____ \_\_.m.

7. Notwithstanding any order of discharge under Chapter 7 of the Bankruptcy Code, any order of confirmation under Chapter 11 of the Bankruptcy Code, or any order of dismissal under Section 349 of the Bankruptcy Code, this Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

Dated: Wilmington, Delaware
       October \_\_\_, 2009

_____
UNITED STATES BANKRUPTCY JUDGE