# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re

AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,[1]

Debtors.

---------------------------------------------------------------x
KATHY S. KOCH, JARRETT PERRY,
GINA PULLIAM, MICHAEL S. SUROWIEC,
KATHLEEN WIELGUS, and PATRICIA WILLIAMS,
on their own behalf and on behalf of all other persons
similarly situated,

Plaintiffs,

- against-

AMERICAN HOME MORTGAGE CORP.,
AMERICAN HOME MORTGAGE ACCEPTANCE,
INC., AMERICAN HOME MORTGAGE
SERVICING, INC., AMERICAN HOME
INVESTMENT CORP., and AMERICAN
HOME MORTGAGE HOLDINGS, INC.,

Defendants.

---------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

Adv. Pro. No. 07-51688 (CSS)

Hearing Date: October 13, 2009 at 10:00 a.m.
Responses Due: October 6, 2009 by 4:00 p.m.

## JOINT MOTION PURSUANT TO SECTIONS 105 AND 107 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 FOR AN ORDER AUTHORIZING THE PARTIES TO FILE UNDER SEAL EXHIBITS A AND B TO THE SETTLEMENT AGREEMENT RESOLVING CERTAIN EMPLOYMENT-RELATED CLAIMS

The above-captioned debtors and debtors-in-possession (the "*Debtors*"), the Official

Committee of Unsecured Creditors of the Debtors (the "*Committee*") and class representatives

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

128189.01600/40183660v.1

Kathy S. Koch, Jarrett Perry, Gina Pulliam, Michael S. Surowiec, Kathleen Wielgus, and Patricia Williams (the "*Class Representatives*"), on behalf of themselves and similarly situated class members (together with the Class Representatives, the "*Class Members*") (the Debtors, the Committee and the Class Representatives, the "*Movants*"), by and through their respective counsel, hereby move (the "*Motion*") this Court, pursuant to Sections 105 and 107 of Title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 9018-1(b) of the Local Rules of United States Bankruptcy Court for the District of Delaware (the "*Local Rules*") for the entry of for an order authorizing the Parties to submit under seal *Exhibit A* through *Exhibit B* to the *Settlement and Release Agreement* (the "*Settlement Agreement*")[2] annexed to the *Joint Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to (I) Approve a Settlement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily Approve the Settlement Pursuant to Bankruptcy Rule 7023, (III) Approve the Form and Manner of Notice to Class Members of the Settlement, (IV) Schedule a Fairness Hearing to Consider Final Approval of the Settlement, (V) Finally Approve the Settlement Pursuant to Bankruptcy Rule 7023 after the Fairness Hearing, and (VI) Grant Related Relief* (the "*9019 Motion*") filed contemporaneously herewith, and respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a) and 107(c)(1) of the Bankruptcy Code, Bankruptcy Rule 9018,

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

and Local Rule 9018-1(b).

**Relief Requested**

2. *Exhibit A* and *Exhibit B* to the Settlement Agreement contain confidential employment information and sensitive personal information concerning the Debtors' former employees including, *inter alia*, their names, addresses, social security numbers, pay rates and the amounts they will receive pursuant to the Settlement Agreement (the "*Employment Information*"). As such, and as contemplated in the Settlement Agreement, the Parties request that this Court issue an order authorizing the Parties to file *Exhibit A* and *Exhibit B* to the Settlement Agreement under seal to protect the privacy of the employees by preventing the unnecessary disclosure of the Employment Information to the public at large.

3. Section 105(a) of the Bankruptcy Code provides bankruptcy courts with the power to "issue any order, process, or judgment that is necessary or appropriate [.]" 11 U.S.C § 105(a). The Court may use the broad grant of authority provided under this section to protect entities from the potential harm that may result from the disclosure of certain confidential information. *See Gegert v. Trans. Admin. Servs.*, 260 F.3d 909, 918-19 (8th Cir. 2001) (noting that plaintiff "could have prevented public disclosure ... [by seeking] a protective order under the 'necessary and appropriate' provision of 11 U.S.C. § 105(a)").

4. Congress, in enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, recognized the importance of protecting individuals from the undue risk of identity theft or other unlawful injury to themselves or their property by amending Section 107 of the Bankruptcy Code to specifically provide a mechanism for filing "any means of identification" under seal. *See* Pub. L. No. 109, § 234(a) 2005. Section 107(c) of the Bankruptcy Code now provides bankruptcy courts with the power to issue orders that will protect individuals from the

potential harm that may result from the disclosure of certain confidential personal information. This section provides, in relevant part, that

> [t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property ... (A) [a]ny means of identification ... contained in a paper filed, or to be filed, in a case under this title ... (B) other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

5. The Local Rules define the procedure by which a party may move for relief under Section 107 and require that "[a]ny party who seeks to file documents under seal must file a motion to that effect." DEL. BANKR. L.R. 9018-1(b).

6. Here, public disclosure of the Employment Information poses an unnecessary risk to the former employees and serves no useful purpose as the 9019 Motion itself, which is available to public scrutiny, contains all of the relevant information that a party requires to form an opinion on the Settlement's relative benefit to the estate. Given that the harm that can be inflicted from the disclosure of the Employment Information to an unscrupulous individual could be financially ruinous, the relief requested herein is an appropriate exercise of this Court's authority under both Section 105 and 107 of the Bankruptcy Code. *See Greidinger v. Davis*, 988 F.2d 1344, 1354 (4th Cir. 1993).

**WHEREFORE**, the Movants respectfully request that this Court enter an order, substantially in the form annexed hereto as *Exhibit A*, (i) authorizing the submission of *Exhibit A* and *Exhibit B* to the Settlement Agreement under seal, and (ii) granting such other and further relief as may be just and proper.

Dated: September 3, 2009

YOUNG CONAWAY STARGATT & TAYLOR LLP

By: */s/ Scott A. Holt*
Scott A. Holt (No. 3399)
James L. Patton, Jr. (No. 2202)
Joel A. Waite (No. 2925)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Donald J. Bowman, Jr. (No. 4383)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors*

MARGOLIS EDELSTEIN

By: *James E. Huggett*
James E. Huggett (No. 3956)
750 S. Madison Street, Suite 102
Wilmington, DE 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119

LANKENAU & MILLER LLP
Stuart J. Miller
132 Nassau Street, Suite 423
New York, NY 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen
M. Vance McCrary
J. Cecil Gardner
210 S. Washington Avenue
Post Office Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

*Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice*

OUTTEN & GOLDEN LLP
Jack A. Raisner
Rene S. Roupinian
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

*Counsel for the Class Members*

BLANK ROME LLP


By: */s/ David W. Carickhoff*
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

HAHN & HESSEN LLP
Mark S. Indelicato
Mark T. Power
Jeffrey Zawadzki
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Committee*