1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Case Number: 07-11047 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) Chapter 11 |
| INC., a Delaware corporation, <u>et</u> | ) |
| <u>al.,</u> | ) RESPONSE TO OBJECTION TO |
| | ) CLAIM OF RIVERSIDE COUNTY |
| | ) TAXING AUTHORITY, ONE OF |
| | ) THE  CALIFORNIA TAXING |
| Debtors. | ) AUTHORITY AND THE |
| | ) DECLARATION OF MARTHA E. |
| | ) ROMERO IN SUPPORT |
| | ) THEREOF(TWENTY-FIFTH |
| _____ | ) OMNIBUS OBJECTION) |

Date: September 8, 2009
Time: 11:30 a.m. ET

TO THE HONORABLE CHRISTOPHER S. SONTCHI UNITED STATES

BANKRUPTCY JUDGE AND TO INTERESTED PARTIES:

Riverside County, one of the California Taxing Authorities

hereby file its response to the Objection of its claim (Twenty

Fifth Omnibus Objection).

The California Taxing Authorities objected to the Disclosure

Statement and to the Amended Plan of Reorganization in order to

obtain language regarding payment of the secured real property

taxes in each taxing jurisdiction.  (This is discussed in more

detail below)

Riverside County Taxing Authority requests a further extension

to review the current properties still in the name of the debtor

versus those properties that have been resold to a third property.

This task is cumbersome as explained below but necessary to

determine which properties are in the debtor's names and require

the payment of taxes.

1

1    This is the first formal request for an extension from this

2   court.  The parcels have not been able to be reconciled with

3   debtor's counsel.  This is a long and arduous process but counsel

4   is committed to resolution of this claim and requests additional

5   time to do so.

6                  **MEMORANDUM OF POINTS AND AUTHORITIES**

7                       **I. PROCEDURAL POSTURE.**

8    In California as in many other jurisdictions, real property

9   taxes are secured by real estate.  These type of taxes are secured

10  by an automatic lien on the property by operation of law.  Real

11  property cannot be sold in California without the payment of the

12  automatic taxes or release of the tax lien by payment.

13   Additionally, real property tax revenue funds mandated

14  services by counties including police, fire services, schools and

15  hospitals.  These services are required to be provided to the

16  general public.

17   The California Taxing Authorities objected to the Amended Plan

18  of Reorganization because payment of these secured real property

19  taxes was not clear in the plan.  The California Taxing

20  Authorities obtained language in the disclosure statement which

21  stated:

22           Illustration: Assume a State taxing authority has a claim

23           for real property taxes secured by a first-priority lien

24           on REO property that is transferred from a Debtor to the

25           Plan Trust on the Effective Date.

26           Because the claim is not specifically identified in the

27           Plan, the claim is a Miscellaneous Secured Claim.  To the

28           extent there is value in the REO in excess of the taxes

owed, the Allowed Miscellaneous Secured Claim will
include interest and any reasonable fees, costs, or
charges payable under the State statute giving rise to
the claim.  Under the Plan, the Plan Trustee may elect
between reinstating the tax claim as it existed prior to
the Effective Date and paying the real property taxes in
accordance with State law (e.g., upon closing of a sale
of the REO), paying the tax claim in full (either in a
lump sum on the Effective Date, or over time, with
interest), or tendering the REO satisfaction of the tax
claim.  If the Plan Trustee chooses to pay the tax claim
over time, the tax lien will continue in the property
until the claim is paid in full.  If the Plan Trustee
chooses to reinstate the tax claim as it existed prior to
the Effective Date, then the rights of the taxing
authority will be unimpaired by the Plan, and the taxing
authority will be entitled to exercise any remedies
available to it under applicable State law to obtain
timely payment of the real estate taxes.

Debtor's counsel also confirmed that the confirmation order
also included language as follows:

"Notwithstanding any provisions to the contrary in the
Plan or this order, solely with respect tot he claims of
the Objection California Taxing Authorities (1) the
allowed pre-petition secured claims of the OCTA will be
paid with interest from the petition date through the
Effective Date pursuant to 11 U.S.C. Section 506(b) at
their statutory rate as required under 11 U.S.C. Section

511 and to the extent allowed will be paid with interest
from the Effective Date through the date of payment at
the statutory rate.  Such claims of the OCTA may be paid
at any time including during the ordinary course of
business when the real property is sold and or
transferred and if not objections have been filed, such
claims will be paid on the later of the claim objection
bar date or, if a timely objection is filed within 10
business days after entry of an order of the Court
allowing such claim. The OLTTA shall retain their liens
for such claims on the collateral or the proceeds
therefrom, until such time as the taxes are paid in full'
and (ii) the debtors shall timely pay the allowed ad
valorem taxes of the OCTA incurred post petition in the
ordinary course of business. If such taxes are not timely
paid, them the Debtor's or the Plan Trustee shall pay
such taxes and any additional allowed penalties and/or
interest arising pursuant to applicable non-bankruptcy
law.  Further the OCTA shall retain their liens on their
collateral or the proceeds therefrom if such collateral
has been sold until such time as the post-petition taxes
have been paid in full."

In the wake of this economy thousands of real property have
gone into foreclosure.  The debtor has taken title to numerous
properties upon foreclosure. The phenomena is that as the economy
worsened more real property was foreclosed upon and in the title of
the debtor.  For example, at the beginning of this case Placer

County, Taxing Authority, California had approximately (4) properties in the name of the debtor.  As the foreclosures continued and the bankruptcy case continued over 200 properties ended up being in the name of the debtor.  Many of these have since been resold.

Title of real property creates the responsibility of payment of the taxes. As the debtor resold foreclosed properties to third properties, the secured real estate taxes were paid, creating a moving target for most taxing authorities on which properties remained in the debtor's names and those that were resold.

Due to the numerous amount of properties within the county, it was a cumbersome task to update which properties were sold or remained in the debtor's name.

This objection must not be sustained just because the parties have not reconciled the parcels.  This would be extremely prejudicial to Riverside County Taxing Authority.

Riverside requests a short extension to reexamine the properties to ascertain which properties may have been resold. Originally there were ninety-two **(92)** parcels for a total of $638,855.31 dollars. After reconciling the parcels, the amount remaining is $193,498.62.

This amount has continued to accrue statutory interest under state law. Section 11 U.S.C. Section 511 which provides for interest at the state statutory interest rate.

The dollar amount is substantial and it would be prejudicial to Riverside County for the objection to be sustained given this revenue funds the county services as previously discussed.

Counsel for Riverside has been working with an associate

1  counsel but that counsel has now left the firm.  Counsel for

2  Riverside was contacted by a new contact person and would like to

3  work with this person to resolve the objection.  Declaration of

4  Martha E. Romero filed simultaneously.

5      Counsel for Riverside has submitted its list to counsel

6  regarding the parcels in questions and will resubmit its list to

7  counsel again for the purpose of resolving this dispute (especially

8  since a new contact has been assigned.)  Further documentation

9  including secured tax bills and title can be provided but has not

10  been formally requested in order to resolve the objection.

11                    **II.   INTRODUCTION.**

12      The subject property is comprised of real property in

13  Riverside County, California.  The debtor American Home Mortgage

14  has acquired real property interests in certain real property in

15  this county. The real property is subject to the assessment of

16  local property taxes under California State law.

17      If the real property is in the name of the debtor it doesn't

18  matter whether or not escrows have been waived or whether other

19  people have agreed to pay the taxes.  The secured real property

20  taxes must be paid.

21      **III. THIS COURT MUST LOOK AT CALIFORNIA STATE LAW WHEN**

22          **APPLYING WHEN DETERMINING TAX LIABILITY.**

23      It is well settled law that the bankruptcy court must apply

24  California state law and California tax principles when determining

25  the tax liability.

26      In In Re Fairchild Aircraft Corp, 124 B.R. 488 (Bankr. W. D.

27  Tex. 1991), the court held that the bankruptcy court's valuation of

28  property for purposes of determining property taxes must be

6

consistent with state law principles as the valuation is merely part and parcel of adjudication of a tax due and owing, which is a question controlled by state law. Id. at 492.

The bankruptcy court, additionally, must give full faith and credit to the law of the state upon which the tax is based. Id. at 492.  Also see In re Quality Beverage Co., Inc., 170 B.R. 310 (Bankr. S. D. Tex. 1994).

Likewise, in Arkansas Corp. Commission v. Thompson, 313 U.S. 132 (1941), the Supreme Court has held for 64 years, that whether or not taxes are legally due and owing to a state depends upon the valid laws of the state. Id. at 142.

This court then must apply California State law to determine the taxes.

## IV.    REAL PROPERTY TAX ASSESSMENTS ARE MANDATED
## UNDER CALIFORNIA LAW.

Under California State Law, every piece of real property is subject to taxation.[1]  California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value."

Under California State Law, real property is to be assessed at the same percentage of fair market value.[2]

California Revenue and Taxation Code Section 401.3 provides

---

[1] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."

[2] In California, property tax assessments consist of two components.  The first component is the assessed value.  The second is the tax rate.  The latter is applied against the former to calculate the amount of taxes due.  This equation is sometimes known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. California Constitution Article XIII section 1.

that: "The assessor shall assess all property subject to general property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

Real property taxes are assessed as of January 1 ("lien date") of the year in which taxes become due.[3]

In California, property taxes are in rem and are payable only through sale proceeds.  California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against the property assessed."  See Long Beach v. Aistrap, 164 Cal. App. 2d 41 (1958).

Additionally, the real property taxes are a first lien on the property. California Revenue and Taxation Code Section 2192.1 states:

Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation.  Any tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

---

[3] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

1    Since the taxes a first priority lien on the property they are

2    a secured claim.

3    Additionally, California law requires that upon sale the taxes

4    be paid first.   California Revenue and Taxation Code Section

5    2192.1 states:

6    Every tax declared in this chapter to be a lien on real

7    property . . . have priority over all other liens on the

8    property, regardless of the time of their creation.  Any tax .

9    . . described in the preceding sentence shall be given

10   priority over matters including but not limited to any

11   recognizance, deed, judgment, debt, obligation, or

12   responsibility with respect to which the subject real property

13   may become charged or liable.

14   Riverside respectfully requests that this court either allow

15   counsel to continue to work on the list of properties still in the

16   debtor's name or order that all the secure tax liens be paid.

17                    **V.    CONCLUSION.**

18   Riverside respectfully requests that this court order that the

19   payment of the tax liens be paid from the estate or directly from

20   each sale of the real property to the third party as explained

21   above.

22

23

24   Dated: September 7, 2009        ROMERO LAW FIRM

25                                   By. /s/ Martha E. Romero
                                     MARTHA E. ROMERO, State Bar No.
26                                   128144
                                     ROMERO LAW FIRM
27                                   BMR Professional Building
                                     Whittier, California 90601
28                                   Phone (562) 907-6800
                                     Facsimile (562)907-6820

                        9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for SECURED CREDITOR
COUNTY OF RIVERSIDE, CALIFORNIA
TAXING AUTHORITY