# EXHIBIT III

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                          :     Chapter 11

                                                                :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :     Case No. 07-11047 (CSS)
a Delaware corporation, <u>et al.</u>,[1]

                                                                :     Jointly Administered

                                                                :

Debtors.                                                        :     **Ref. Docket No. _____**

---------------------------------------------------------------- x

## ORDER SUSTAINING DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Forty-Second Omnibus (Substantive) Objection to

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007,

and Local Rule 3007-1 (the "<u>Objection</u>") of the above-captioned debtors and debtors in

possession (the "<u>Debtors</u>"), by which the Debtors respectfully request the entry of an order

pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules

3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") disallowing and expunging in

full or in part, reassigning, and/or otherwise modifying each of the Disputed Claims[2] identified

on <u>Exhibits A</u>, <u>B</u>, and <u>C</u>; and it appearing that the Court has jurisdiction over this matter pursuant

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been

given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained; and it is further

ORDERED that, the Disputed Claims identified on the attached Exhibit A are

hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit B is hereby

modified to the dollar value listed under the column titled "Modified Amount" in Exhibit B; and

it is further

ORDERED that the Disputed Claim identified on the attached Exhibit C is hereby

(i) modified to the dollar value under the column titled "Modified Amount"; and (ii) reassigned

to the case numbers listed under the column titled "New Case Number" in Exhibit C; and it is

further

ORDERED that the Debtors reserve the right to amend, modify or supplement

this Objection, and to file additional objections to any claims filed in these chapter 11 cases

including, without limitation, the claims that are the subject of this Objection.

ORDERED that the Debtors reserve the right to object to any of the Disputed

Claims on any grounds in future omnibus objections to claims; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with

respect to any matters, claims, or rights arising from or related to the implementation and

interpretation of this Order.

Dated: Wilmington, Delaware
        October ___, 2009

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DB02:8714222.1                                                    066585.1001

# EXHIBIT A

Exhibit A

No Liability Claims

─────── Objectionable Claims ───────

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| BEALL, LAURA A. 11002 BLUE ROAN RD OAKTON, VA 22124 | 9845 | 1/29/08 | 07-11047 | $525,000.00 (S) - (A) - (P) $525,000.00 (U) $525,000.00 (T) | Claimant asserted a secured claim and an unsecured nonpriority claim related to an allegedly illegal loan, and obtained stay relief in this Court to prosecute her claim in the Eastern District of Virginia. Claimant subsequently commenced suit in the Eastern District of Virginia and her case was transferred to the Alexandria Division for adjudication (docketed as 08-cv-1307). On February 6, 2009, the Virginia court dismissed with prejudice all of the counts asserted against the Debtors. Claimant was provided a full opportunity to litigate her claims in that court, and principles of collateral estoppel bar any further assertion of her claim in these bankruptcy proceedings. |
| COUNTRYWIDE HOME LOANS, INC. ATTN: DAVID SOBUL, ESQ. 4500 PARK GRANADA - MS: CH-11 CALABASAS, CA  91302 | 10476 | 8/28/08 | 07-11049 | $163,308,368.00 (S) - (A) - (P) - (U) $163,308,368.00 (T) | Claim relates to various breaches of a contract executed by and between claimant and American Home Mortgage Investment Corp. in January, 1995. The debtor entity against whom the claim is asserted did not exist until 2003 and cannot therefore be liable for alleged breaches of a contract that predated its existence. |
| COUNTRYWIDE HOME LOANS, INC. ATTN: DAVID SOBUL, EQ. 4500 PARK GRANADA - MS: CH-11 CALABASAS, CA  91302 | 10480 | 8/28/08 | 07-11047 | $163,308,368.00 (S) - (A) - (P) - (U) $163,308,368.00 (T) | Claim relates to various breaches of a contract executed by and between claimant and American Home Mortgage Investment Corp. in January, 1995. The debtor entity against whom the claim is asserted did not exist until 1999 and therefore cannot be liable for alleged breaches of a contract that predated its existence. |

—————— Objectionable Claims ——————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| DOBBEN, MONA S.<br>9208 N. 107TH DRIVE<br>SUN CITY, AZ  85351 | 10607 | 12/26/08 | 07-11050 | $451,723.00 (S)<br>- (A)<br>$903,446.00 (P)<br>- (U)<br>$1,355,169.00 (T) | Claimant asserted a claim for damages related to an alleged illegal loan and illegal foreclosure.  The claimant filed a related twenty-one (21) count complaint against American Home Mortgage Holdings, Inc. on June 23, 2008 in the United States District Court for the Central District of California. As set forth below, upon review of the claim and related complaint, the Debtors have determined that no liability exists.  In addition to numerous contradictory factual allegations contained in the complaint, the Debtors believe the legal bases for the claim are deficient for several reasons, which include, but are not limited to, the following:<br>1.  Because the claimant purchased the subject real estate properties for investment/rental purposes (and not personal occupancy), the Truth in Lending Act ("TILA"), Real Estate and Settlements Procedure Act ("RESPA"), California Civil Code §§ 1920 and 1921 are not applicable.  Thus, the claimant has no legally cognizable claims against the Debtors under such laws.<br>2.  The claimant does not assert valid claims for either: i) unfair competition under California Business and Professions Code Consumer Fraud ("UCL"); ii) fraud under California Civil Code §§ 1572 and 1573; iii) negligent and intentional misrepresentation under California Civil Code §§ 1709-10; or iv) fraud on public under California Civil Code § 1711, because the vague and general allegations contained in the complaint fail to meet the applicable law's pleading with particularity requirement.<br>3.  Claimant's negligent and intentional misrepresentation and concealment claims under California Civil Code §§ 1709-10 also lack sufficient legal bases due to fact that the Debtors were not bound to disclose information regarding the subject property under TILA or otherwise and, moreover, the fact that claimant has the Debtors' complete loan file (as admitted in the complaint) belies any argument that Debtors suppressed information.<br>4.  Recission or Cancellation under California Civil Code § 1689 is not an appropriate remedy because, as claimant acknowledges, the Debtors no longer own the mortgage or servicing rights.  As a result, rescission is an inappropriate remedy against the Debtors.<br>5.  The claimant's breach of contract claim fails because claimant has not identified, and cannot identify, a specific contractual provision that the Debtors allegedly breached.<br>6.  The claimant is not a resident of California.  Thus, her claim for Elder Abuse fails because California Welfare & Institutions Code § 15600 et seq is not applicable.  Thus, the claimant has no legally cognizable claim against the Debtors under such law.<br>7.  The claimant cannot assert a cause of action against the Debtors under the Fair Debt Collections Practices Act ("FDCPA") because creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are statutorily exempt from liability under the FDCPA.<br>8.  The cause of action for Illegal Foreclosure fails because applicable state law concerning foreclosures applies only to "owner-occupied residences."  The claim also fails because the purchaser of the Debtors' servicing business effectuated the foreclosure, not the Debtors. |

———— Objectionable Claims ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| DOBBEN, MONA S. 9208 N. 107TH DRIVE SUN CITY, AZ. 85351 | 10608 | 12/26/08 | 07-11051 | $451,723.00 (S) - (A) $903,446.00 (P) - (U) $1,355,169.00 (T) | Claimant asserted a claim for damages related to an alleged illegal loan and illegal foreclosure. The claimant filed a related twenty-one (21) count complaint against American Home Mortgage Holdings, Inc. on June 23, 2008 in the United States District Court for the Central District of California. As set forth below, upon review of the claim and related complaint, the Debtors have determined that no liability exists. In addition to numerous contradictory factual allegations contained in the complaint, the Debtors believe the legal bases for the claim are deficient for several reasons, which include, but are not limited to, the following: 1. Because the claimant purchased the subject real estate properties for investment/rental purposes (and not personal occupancy), the Truth in Lending Act ("TILA"), Real Estate and Settlements Procedure Act ("RESPA"), California Civil Code §§ 1920 and 1921 are not applicable. Thus, the claimant has no legally cognizable claims against the Debtors under such laws. 2. The claimant does not assert valid claims for either: i) unfair competition under California Business and Professions Code Consumer Fraud ("UCL"); ii) fraud under California Civil Code §§ 1572 and 1573; iii) negligent and intentional misrepresentation under California Civil Code §§ 1709-10; or iv) fraud on public under California Civil Code § 1711, because the vague and general allegations contained in the complaint fail to meet the applicable law's pleading with particularity requirement. 3. Claimant's negligent and intentional misrepresentation and concealment claims under California Civil Code §§ 1709-10 also lack sufficient legal bases due to fact that the Debtors were not bound to disclose information regarding the subject property under TILA or otherwise and, moreover, the fact that claimant has the Debtors' complete loan file (as admitted in the complaint) belies any argument that Debtors suppressed information. 4. Recission or Cancellation under California Civil Code § 1689 is not an appropriate remedy because, as claimant acknowledges, the Debtors no longer own the mortgage or servicing rights. As a result, rescission is an inappropriate remedy against the Debtors. 5. The claimant's breach of contract claim fails because claimant has not identified, and cannot identify, a specific contractual provision that the Debtors allegedly breached. 6. The claimant is not a resident of California. Thus, her claim for Elder Abuse fails because California Welfare & Institutions Code § 15600 et seq is not applicable. Thus, the claimant has no legally cognizable claim against the Debtors under such law. 7. The claimant cannot assert a cause of action against the Debtors under the Fair Debt Collections Practices Act ("FDCPA") because creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are statutorily exempt from liability under the FDCPA. 8. The cause of action for Illegal Foreclosure fails because applicable state law concerning foreclosures applies only to "owner-occupied residences." The claim also fails because the purchaser of the Debtors' servicing business effectuated the foreclosure, not the Debtors. |

—— Objectionable Claims ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| DOBBEN, MONA S. 9208 N. 107TH DRIVE SUN CITY, AZ 85351 | 10609 | 12/26/08 | 07-11047 | $451,723.00 (S) - (A) $903,446.00 (P) - (U) $1,355,169.00 (T) | Claimant asserted a claim for damages related to an alleged illegal loan and illegal foreclosure. The claimant filed a related twenty-one (21) count complaint against American Home Mortgage Holdings, Inc. on June 23, 2008 in the United States District Court for the Central District of California. As set forth below, upon review of the claim and related complaint, the Debtors have determined that no liability exists. In addition to numerous contradictory factual allegations contained in the complaint, the Debtors believe the legal bases for the claim are deficient for several reasons, which include, but are not limited to, the following: 1. Because the claimant purchased the subject real estate properties for investment/rental purposes (and not personal occupancy), the Truth in Lending Act ("TILA"), Real Estate and Settlements Procedure Act ("RESPA"), California Civil Code §§ 1920 and 1921 are not applicable. Thus, the claimant has no legally cognizable claims against the Debtors under such laws. 2. The claimant does not assert valid claims for either: i) unfair competition under California Business and Professions Code Consumer Fraud ("UCL"); ii) fraud under California Civil Code §§ 1572 and 1573; iii) negligent and intentional misrepresentation under California Civil Code §§ 1709-10; or iv) fraud on public under California Civil Code § 1711, because the vague and general allegations contained in the complaint fail to meet the applicable laws pleading with particularity requirement. 3. Claimant's negligent and intentional misrepresentation and concealment claims under California Civil Code §§ 1709-10 also lack sufficient legal bases due to fact that the Debtors were not bound to disclose information regarding the subject property under TILA or otherwise and, moreover, the fact that claimant has the Debtors' complete loan file (as admitted in the complaint) belies any argument that Debtors suppressed information. 4. Recission or Cancellation under California Civil Code § 1689 is not an appropriate remedy because, as claimant acknowledges, the Debtors no longer own the mortgage or servicing rights. As a result, rescission is an inappropriate remedy against the Debtors. 5. The claimant's breach of contract claim fails because claimant has not identified, and cannot identify, a specific contractual provision that the Debtors allegedly breached. 6. The claimant is not a resident of California. Thus, her claim for Elder Abuse fails because California Welfare & Institutions Code § 15600 et seq is not applicable. Thus, the claimant has no legally cognizable claim against the Debtors under such law. 7. The claimant cannot assert a cause of action against the Debtors under the Fair Debt Collections Practices Act ("FDCPA") because creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are statutorily exempt from liability under the FDCPA. 8. The cause of action for Illegal Foreclosure fails because applicable state law concerning foreclosures applies only to "owner-occupied residences." The claim also fails because the purchaser of the Debtors' servicing business effectuated the foreclosure, not the Debtors. |

——— Objectionable Claims ———

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| MACCORMACK, JOSEPH & MARY<br>4800 CHRISTIE JANE LANE<br>FAIRFAX, VA 22030 | 10655 | 2/5/09 | 07-11047 | $760,000.00 (S)<br>- (A)<br>- (P)<br>$1,520,000.00 (U)<br>$2,280,000.00 (T) | Asserted basis for claim is "Illegal loan/rescission." Claimant attached as Exhibit A to his proof of claim an unsigned letter, dated October 28, 2008, requesting loan modification or rescission due to allegedly fraudulent loan origination and fraudulent concealment of material loan terms. Debtors sold the mortgage relating to the subject property to the securitization trust, AHMA 2006-6 on October 30, 2006, and sold their servicing business on April 11, 2008 to a non-debtor third party. Accordingly, at the time the request was made, the Debtors were not responsible for servicing the loans and could not effectuate a rescission or modification of the loan. In addition, claimant's assertion that terms relating to the variable interest rate were fraudulently concealed is belied by the clear language of the Adjustable Rate Rider, dated September 19, 2006, contained in Exhibit B to the proof of claim, which provides, in part: "THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT…." The variable interest rate was also disclosed in the Truth-In-Lending Disclosure Statement. |
| STRAIGHT LINE ROOFING & CONTRUCTION<br>PORTER LAW GROUP, INC.<br>WILLIAM L. PORTER<br>7801 FOLSOM BLVD., SUITE 101<br>SACRAMENTO, CA 95826 | 10685 | 3/10/09 | 07-11047 | $26,041.33 (S)<br>- (A)<br>- (P)<br>- (U)<br>$26,041.33 (T) | Claim relates to a mechanic's lien asserted against residential real property located in El Dorado Hills, CA. The debtor is neither the owner of the property nor a party to any contract with the claimant. Rather, it appears that the property owner contracted with the claimant to perform work on their property. Thus, pursuant to applicable law, although the debtor's security interest in the property could potentially be impaired by the mechanic's lien, claimant cannot assert a claim against the debtor for the property owners' alleged breach of the subject construction contract. |

**Totals:**        8 Claims

$329,282,946.33 (S)<br>- (A)<br>$2,710,338.00 (P)<br>$2,045,000.00 (U)<br>$333,513,284.33 (T)

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT B

# Exhibit B
## Modified Amount Claim

| Name/Address of Claimant | | Objectionable Claim | | | | |
|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
| MONAGHAN, JOHN<br>SONIA C LAWSON, PA<br>PO BOX 320901<br>TAMPA, FL 33679 | 2746 | 11/19/07 | 07-11051 | - (S)<br>- (A)<br>$10,950.00 (P)<br>$389,998.00 (U)<br>$400,948.00 (T) | - (S)<br>- (A)<br>$2,884.62 (P)<br>- (U)<br>$2,884.62 (T) | Claim relates to unpaid wages and bonus payment as well as damages for an alleged breach of an employment contract. Pursuant to section 7 of the claimant's employment contract, attached to the proof of claim, the Debtor was entitled to discharge and terminate claimant's employment at any time and for any reason. Accordingly, the claimant does not have a valid breach of contract claim. In addition, the Debtors' books and records indicate that the claimant's employment was terminated on January 22, 2007. The records further indicate that claimant was paid wages for the period of January 1, 2007 through and including January 15, 2007, but that claimant was not paid wages for the period of January 16, 2007 through January 22, 2007. Thus, based on his annual salary, the claimant is entitled to a priority unsecured claim in the amount of $2,884.62 on account of unpaid wages. With respect to the claimed bonus, claimant is not entitled to payment for such bonus pursuant to the terms of his employment contract. Specifically, section 5 of his employment contract provides that the bonus to which claimant believes he is entitled was payable in March 2007. This section further provides that claimant would not be entitled to such bonus if he is not employed on the scheduled bonus payment date. Claimant was terminated on January 22, 2007. Accordingly, he was not employed on the scheduled payment date of such bonus and, therefore, he is not entitled to it per the terms of his employment contract. |

| Totals: | 1 Claim | | | - (S)<br>- (A)<br>$10,950.00 (P)<br>$389,998.00 (U)<br>$400,948.00 (T) | - (S)<br>- (A)<br>$2,884.62 (P)<br>- (U)<br>$2,884.62 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT C

# Exhibit C

## Modified Amount Wrong Debtor Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| ARAPAHOE COUNTY<br>ATTN GEORGE ROSENBERG, ASST ATTORNEY<br>5334 S PRINCE STREET<br>LITTLETON, CO 80166 | 9778 | 1/24/08 | 07-11047 | $11,945.13 (S)<br>- (A)<br>- (P)<br>- (U)<br>$11,945.13 (T) | 07-11051 | $2,329.04 (S)<br>- (A)<br>- (P)<br>- (U)<br>$2,329.04 (T) | Claim relates to personal property taxes and real estate taxes. The personal property taxes are still outstanding. Verified on the Arapahoe County Tax Collector's website that the real estate taxes have been paid. |
| **Totals:** | | | 1 Claim | $11,945.13 (S)<br>- (A)<br>- (P)<br>- (U)<br>$11,945.13 (T) | | $2,329.04 (S)<br>- (A)<br>- (P)<br>- (U)<br>$2,329.04 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.