IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:     :   Chapter 11

    :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,     :   Case No. 07-11047 (CSS)

a Delaware corporation, et al.,     :

    :   Jointly Administered

     Debtors.     :

---------------------------------------------------------------------- x

**EIGHTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
MAY 1, 2009 THROUGH JULY 31, 2009**

| | |
|---|---|
| Name of Applicant: | Cadwalader, Wickersham & Taft LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 6, 2007 |
| Period for which compensation and reimbursement is sought: | May 1, 2009 through July 31, 2009 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $1,010,638.50 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $43,201.95 |

This is an: __X__ interim   ___ final application

This application includes no hours incurred in connection with the preparation of fee applications.

Prior fee applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 11-19-2007/ 2084 | August 6, 2007 through October 31, 2007 | $807,207.50 | $37,279.54 | $807,207.50 | $37,279.54 |
| 3-13-2008/3269 | November 1, 2007 through January 31, 2008 | $290,952.00 | $16,093.60 | $286,002.00 | $15,194.20 |
| 6-13-2008/4621 | February 1, 2008 through April 30, 2008 | $124,007.00 | $48,359.21 | $124,007.00 | $48,359.21 |
| 9-12-2008/5854 | May 1, 2008 through July 31, 2008 | $198,689.00 | $610.91 | $198,689.00 | $610.91 |
| 12-12-2008/6712 | August 1, 2008 through October 31, 2008 | $199,942.00 | $9,162.94 | $199,942.00 | $9,162.94 |
| 3-17-2009/7113 | November 1, 2008 through January 31, 2009 | $446,623.00 | $4,994.86 | $446,623.00 | $4,994.86 |
| 6-15-2009/7527 | February 1, 2009 through April 30, 2009 | $1,687,243.00 | $7,312.25 | $1,687,243.00 | $7,312.25 |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Title/Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Louis Bevilacqua | Partner/Corporate | 1978 | 995.00 | 1 | 995.00 |
| Martin Seidel | Partner/Litigation | 1991 | 800.00 | 71.80 | 57,440.00 |
| Gregory Markel | Partner/Litigation | 1991 | 995.00 | 3.70 | 3,681.50 |
| Gregory Zimmer | Associate/Litigation | 2000 | 615.00 | 243.40 | 149,691.00 |
| Karen Walny | Associate/Tax | 2000 | 615.00 | .2 | 123.00 |
| Jeffrey Weissmann | Associate/Corporate | 2003 | 589.84 | 12.70 | 7,491.00 |
| Nathan Bull | Associate/Litigation | 2006 | 580.71 | 257.20 | 149,358.00 |
| Penny Williams | Associate/Corporate | 2007 | 545.00 | 8.70 | 4,741.50 |
| Peter Halpin | Associate/Litigation | 2008 | 175.00 | 325.00 | 56,875.00 |
| Sal Astorina | Associate/Litigation | 2008 | 175.00 | 491.60 | 86,030.00 |
| Justin Brenner | Associate/Litigation | 2009 | 175.00 | 316.10 | 55,317.50 |
| Bradley Pensyl | Associate/Litigation | 2009 | 175.00 | 468.00 | 81,900.00 |
| Jean Troast | Associate/Litigation | 2009 | 175.00 | 464.40 | 81,270.00 |
| Joshua Arnold | Associate/Litigation | 2009 | 175.00 | 521.80 | 91,315.00 |
| Heather Webb | Associate/Corporate | 2009 | 400.00 | 16.60 | 6,640.00 |
| Cynthia Ballard | Paralegal/Litigation | N/A | 175.00 | 239.90 | 41,982.50 |
| Kelly Bougere | Paralegal/Litigation | N/A | 175.00 | 279.90 | 48,982.50 |
| Daniel Streim | Paralegal/Litigation | N/A | 175.00 | 116.30 | 20,352.50 |
| Anthony Wong | Paralegal/Corporate | N/A | 100.00 | 142.50 | 14,250.00 |
| Jesse Raspler | Paralegal Litigation Support | N/A | 175.00 | 2.20 | 385.00 |
| Vishnu Deonandan | Paralegal Litigation Support | N/A | 175.00 | 271.50 | 47,512.50 |
| Indira Kinsella | Paralegal Litigation Support | N/A | 175.00 | 22.40 | 3,920.00 |
| C. Backes | Librarian | N/A | 175.00 | 1.20 | 210.00 |
| Josephine Gregorio | Librarian | N/A | 175.00 | .8 | 140.00 |
| Elizabeth Whittington | Librarian | N/A | 175.00 | .20 | 35.00 |
| **GRAND TOTAL:** | | | | **4,279.10** | **1,010,638.50** |

### INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Project Code | Total Hours | Total Fees ($) |
|---|---|---|---|
| Administrative | AHM-A | 404.30 | 70,752.50 |
| Waterfield Investigation | AHM-W | 3817.80 | 918,175.50 |
| Sale of Non-Debtor Bank Entity | AHM-X | 57.00 | 21,710.50 |
| **TOTALS** | | 4,279.10 | 1,010,638.50 |

### INTERIM EXPENSE SUMMARY

| Expenses Category | Total Expenses ($) |
|---|---|
| Copying | 6,899.65 |
| Outside Printing | 9,911.31 |
| Supplies | 143.27 |
| Publications | 20.00 |
| Telephone | 42.84 |
| Online Research | 22,190.53 |
| Delivery Services/Messengers | 257.00 |
| Local Travel | 1,481.16 |
| Meals | 1,397.87 |
| Litigation Support Vendors | 51.28 |
| Other | 807.04 |
| **TOTAL** | 43,201.95 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :    Jointly Administered
            Debtors.                                            :
---------------------------------------------------------------------- x

**EIGHTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
MAY 1, 2009 THROUGH JULY 31, 2009**

Pursuant to sections 330 and 331 of title 11, United States Code, 11 U.S.C.

§§ 101, et seq. (the "Bankruptcy Code") and rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Cadwalader, Wickersham & Taft LLP ("CWT") hereby

moves this Court for compensation for professional legal services rendered as special counsel to

American Home Mortgage Holdings, Inc., et al., the debtors and debtors in possession in the

above-captioned cases (the "Debtors"),[1] in the amount of $1,010,638.50 together with

reimbursement for actual and necessary expenses incurred in the amount of $43,201.95, for the

interim period May 1, 2009 through July 31, 2009 (the "Interim Fee Period"). In support of its

application (the "Eighth Application"), CWT respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1.     CWT was employed under a general retainer to represent the Debtors as special counsel in connection with certain matters, effective as of August 6, 2007 (the "Petition Date"), pursuant to an order entered by this Court on November 14, 2007 (the "Retention Order", see Docket No. 2000).  The Retention Order authorized CWT to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses related to the following matters:

(i)     from the Petition Date through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing business;

(ii)    non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity;

(iii)   from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission; and

(iv)    representation of the Debtors in a prepetition litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006).[2]

2.     All services for which compensation is requested by CWT were performed for or on behalf of the Debtors.

---

[2] On August 10, 2007, the Debtors filed an application with the Court (the "Employment Application") seeking entry of an order authorizing and approving the employment and retention of CWT as Special Counsel to the Debtors.  See Docket No. 133.  On November 14, 2007, the Court entered the Retention Order, which granted the Employment Application in part; the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Employment Application is adjourned by the Retention Order to a date to be determined by the Debtors, in consultation with the U.S. Trustee and the Official Committee of Unsecured Creditors.

## COMPENSATION PREVIOUSLY PAID

3.    CWT was employed by the Debtors in the prepetition period in connection with various matters.  On July 31, 2007, CWT received a retainer for its services in the amount of $2,000,000.00 (the "Retainer").  After applying the Retainer to CWT's prepetition fees and expenses, the balance of the Retainer totaling $1,080,899.46 was then applied to the fees and expenses sought in CWT's subsequent fee applications.

4.    On November 19, 2007, CWT filed its "First Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period August 6, 2007 through October 31, 2007" (the "First Application", see Docket No. 2084), which sought allowance of interim fees in the amount of $807,207.50 and interim expenses in the amount of $37,279.54.  On December 12, 2007, a Certificate of No Objection was filed with respect to the First Application (see Docket No. 2371).  On January 15, 2008, this Court entered an order (see Docket No. 2725) granting, among other things, the First Application and approving CWT's fees in the amount of $807,207.50 and expenses in the amount of $37,279.54.

5.    On March 13, 2008, CWT filed its "Second Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period November 1, 2007 through January 31, 2008" (the "Second Application", see Docket No. 3269), which sought allowance of interim fees in the amount of $290,952.00 and interim expenses in the amount of $16,093.60.  On May 2, 2008, this Court granted the Second Application (see Docket No. 3948) and approved fees in the amount of $286,002.00 and expenses in the amount of $15,194.20.

6.      On June 13, 2008, CWT filed its "Third Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period February 1, 2008 through April 30, 2008" (the "Third Application", see Docket No. 4621), which sought allowance of interim fees in the amount of $124,007.00 and interim expenses in the amount of $48,359.21. On August 11, 2008, a Certificate of No Objection was filed with respect to the Third Application (see Docket No. 5350). On August 18, 2008, this Court entered an order (see Docket No. 5459) granting, among other things, the Third Application and approving CWT's fees in the amount of $124,007.00 and expenses in the amount of $48,359.21.

7.      On September 12, 2008, CWT filed its "Fourth Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period May 1, 2008 through July 31, 2008" (the "Fourth Application", see Docket No. 5854), which sought allowance of interim fees in the amount of $198,689.00 and interim expenses in the amount of $610.91. On October 6, 2008, a Certificate of No Objection was filed with respect to the Fourth Application (see Docket No. 6188). On October 23, 2008, this Court entered an order (see Docket No. 6446) granting, among other things, the Fourth Application and approving CWT's fees in the amount of $198,689.00 and expenses in the amount of $610.91.

8.      On December 12, 2008, CWT filed its "Fifth Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period August 1, 2008 through October 31, 2008" (the "Fifth Application", see Docket No. 6712), which sought allowance of interim fees in the amount of $199,942.00 and interim expenses in the amount of

$9,162.94. On January 6, 2009, a Certificate of No Objection was filed with respect to the Fifth Application (see Docket No. 6806). On January 13, 2009, this Court entered an order (see Docket No. 6838) granting, among other things, the Fifth Application and approving CWT's fees in the amount of $199,942.00 and expenses in the amount of $9,162.94.

9.      On March 17, 2009, CWT filed its "Sixth Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period November 1, 2008 through January 31, 2009" (the "Sixth Application", see Docket No. 7113), which sought allowance of interim fees in the amount of $446,623.00 and interim expenses in the amount of $4,994.86. On April 20, 2009, a Certificate of No Objection was filed with respect to the Sixth Application (see Docket No. 7296, as amended by Docket No. 7298). On August 11, 2009, this Court entered an order (see Docket No. 7938) granting, among other things, the Sixth Application and approving CWT's fees in the amount of $446,623.00 and expenses in the amount of $4,994.86.

10.      On June 15, 2009, CWT filed its "Seventh Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Reimbursement of Expenses for the Interim Period February 1, 2009 through April 30, 2009" (the "Seventh Application", see Docket No. 7527), which sought allowance of interim fees in the amount of $1,687,243.00 and interim expenses in the amount of $7,312.25. On July 10, 2009, a Certificate of No Objection was filed with respect to the Seventh Application (see Docket No. 7611, as amended by Docket No. 7618). On August 11, 2009, this Court entered an order (see Docket No. 7938) granting, among other things, the Seventh Application and approving CWT's fees in the amount of $1,687,243.00 and expenses in the

amount of $7,312.25.

## SUMMARY OF SERVICES RENDERED

11.     Attached hereto as <u>Exhibit A</u> is a detailed statement of fees incurred during the Interim Fee Period, which shows total fees due in the amount of $1,010,638.50. Attached hereto as <u>Exhibit B</u> is a detailed statement of expenses paid during the Interim Fee Period, which shows total actual and necessary expenses in the amount of $43,201.95.

12.     The services rendered by CWT during the Interim Fee Period are grouped into categories as set forth in Exhibit A.  Specifically, the professional services rendered by CWT include:

(i)     Conducting non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity, including:

●     Attention to pre-closing matters (including settlement discussions relating to litigation over non-debtor bank name) and review of closing documents and certificates.

(ii)    Representing the Debtors in a prepetition litigation entitled <u>American Home Mortgage Corp. v. Union Federal Bank of Indianapolis</u>, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006), which involved:

●     Reviewing and analyzing all motions, memoranda, exhibits, pleadings, discovery requests, correspondence, transcripts and other documents filed or received relating to the litigation;

●     Conducting discovery related to adjudication of various filings including collecting, processing and reviewing documents provided by client and approximately 2.75 million pages produced in response to the Debtors' discovery requests, drafting correspondence with counterparties with respect to the scope and timing of discovery; drafting confidentiality stipulations and scheduling orders; researching, analyzing and preparing memoranda with respect to various discovery issues; and preparing for related depositions; and

●     Conducting numerous conferences with the Debtors' management as well as internal team conferences in order to discuss strategy for prosecuting the litigation and conducting discovery.

13.    The exhibits attached hereto identify the attorneys and paralegals who rendered services relating to each category, the number of hours expended by each individual and the total compensation sought for each category.[3]

## COSTS AND EXPENSES

14.    CWT has incurred out-of-pocket costs and expenses during the Interim Fee Period in the amount of $43,201.95. The expenses are broken down into categories of charges, including, among other things, managing attorney's charges, process service charges, photocopying charges, outside printing charges, telephone and telecopier charges, online research costs, delivery charges, postage charges, travel expenses, expenses for working meals and costs for litigation support vendors. A complete review by category of the expenses incurred for the Interim Fee Period may be found in Exhibit B.

15.    Costs incurred for overtime and computer assisted research are not included in CWT's normal hourly billing rates and, therefore, are itemized and included in CWT's expenses. Pursuant to rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), CWT's rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

16.    Attorneys, paralegals and other professionals of CWT have expended a total of 4,279.10 hours in connection with this matter during the Interim Fee Period. The amount

---

[3] This Eighth Application does not reflect the time charges of certain CWT attorneys who have provided services to AHM during the Interim Fee Period, but whose time has time has been voluntarily written off by CWT.

of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in Exhibit A. These are CWT's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by CWT for the Interim Fee Period as special counsel for the Debtors in these cases is $1,010,638.50.

17.    CWT believes that this Eighth Application, the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B attached hereto are in compliance with the requirements of Local Rule 2016-2.

18.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested in this Eighth Application are fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

19.    This Eighth Application covers the Interim Fee Period May 1, 2009 through July 30, 2009.

WHEREFORE, CWT respectfully requests that the Court enter an order allowing (i) compensation in the amount of $1,010,638.50 for necessary professional services rendered to the Debtors during Interim Fee Period, and (ii) reimbursement of actual necessary costs and expenses incurred during the Interim Fee Period in the amount of $43,201.95, and (iii) such other and further relief as this Court may deem just and proper.

Dated: September 14, 2009
      Wilmington, Delaware

CADWALADER, WICKERSHAM & TAFT LLP

*/s GREGORY M. PETRICK*
Gregory M. Petrick (GP 2175)
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

Special Counsel to the Debtors
and Debtors in Possession

<u>VERIFICATION</u>

STATE OF DELAWARE  )
                   )   SS:
NEW CASTLE COUNTY  )

      Gregory M. Petrick, Esquire, after being duly sworn according to law, deposes and says:

1.     I am a Partner at the applicant firm, Cadwalader, Wickersham & Taft LLP.

2.     I am admitted and in good standing as a member of the Bar of New York and the United States District Court for the Southern District of New York and I have been admitted <u>pro hac vice</u> in the above-captioned bankruptcy case of the Debtors pending in the United States Bankruptcy Court for the District of Delaware.

2.     I have personally performed some of the legal services rendered by Cadwalader, Wickersham & Taft LLP, as special counsel to the Debtors, and I am generally familiar with the other work performed on behalf of the lawyers and paraprofessionals in the firm.

3.     The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

      Respectfully Submitted,

      */s GREGORY M. PETRICK*
      GREGORY M. PETRICK

SWORN TO AND SUBSCRIBED before me this 14th day of September 2009.

      */s/ AGNES WYSOCZANSKI*
      Agnes Wysoczanski
      Notary Public, State of New York
      No. 01WY6121473
      Qualified in Richmond County
      My Commission Expires January 18, 2013