# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re

AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,[1]

Debtors.

---------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

Hearing Date: October 13, 2009 @ 10:00 a.m.
Objection Deadline: October 9, 2009 @ 4:00 p.m.

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS WITH CERTAIN PREFERENCE DEFENDANTS AND LIMITING NOTICE THEREOF

The Official Committee of Unsecured Creditors (the "*Committee*") of the above-captioned debtors and debtors-in-possession (the "*Debtors*"), by and through its undersigned counsel, pursuant to section 105 of Title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), moves (the "*Motion*") for an order approving settlements (the "*Settlements*") with seventeen (17) potential preference defendants (the "*Preference Defendants*") and limiting notice thereof. In support of the Motion, the Committee respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over these Cases (as hereinafter defined) and this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief sought herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.,; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

128189.01600/40183916v.1

## BACKGROUND

2.  On August 6, 2007 (the "*Petition Date*"), the Debtors commenced their chapter 11 cases (the "*Cases*") by filing voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*"). No trustee or examiner has been appointed in these Cases. Although the Debtors have remained in possession of their properties and the management of their businesses pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, they have ceased doing business as a going concern, liquidating substantially all of their operating assets and are in the process of liquidating their remaining assets.

3.  On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, consisting of seven of the Debtors' largest unsecured creditors. Thereafter on November 28, 2007, the Committee selected Blank Rome LLP and Hahn & Hessen LLP as co-counsel to the Committee.

4.  On August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"), which was confirmed pursuant to this Court's order entered on February 23, 2009, but the Plan has not yet become effective.

5.  On July 8, 2009, this Court entered an order approving a stipulation between the Committee and the Debtors which, *inter alia*, appointed the Committee as representative of the Debtors' estates for the purpose of investigating, pursuing, prosecuting, and if appropriate, compromising and settling any and all causes of action arising under chapter 5 of the Bankruptcy Code subject to approval of this Court.

6.  On August 10, 2009, this Court entered an order (effective as of July 1, 2009) authorizing the Committee, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code,

2

Bankruptcy Rule 2014(a) and Local Rule 2014-1(a), to retain and employ The Receivable Management Services Corporation ("RMS") as its agent with respect to the causes of action to avoid and recover for the benefit of their estates pre-petition and post-petition transfers under sections 544, 547, 548, 549 and 550 of the Bankruptcy Code (collectively, the *"Avoidance Claims"*).

## DEBTORS' AVOIDANCE CLAIMS

7. The Committee and the Debtors have diligently sought to maximize the value of the Debtors' bankruptcy estates for the benefit of the estates' creditors.

8. On or about July 8, 2009, RMS on behalf of the Committee sent approximately 500 demand letters to entities, including the Preference Defendants, that had received payments from the Debtors within 90 days prior to the Petition Date and for which the Committee believed there was a basis to seek the return of those transfers. To avoid the costs and risks of litigation, the Committee and the Preference Defendants determined to resolve all of their disputes relating to the Avoidance Claims in return for settlement payments totaling $111,794.67.

## RELIEF REQUESTED

9. By this Motion, the Committee requests the entry of an Order, substantially in the form attached hereto as *Exhibit B*, approving the Settlements pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

### A. Legal Standard

10. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

11. "[C]ompromises are favored in bankruptcy" in order to minimize litigation and expedite the administration of a bankruptcy estate. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Coram Healthcare, Inc.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004). Pursuant to Bankruptcy Rule 9019, "the authority to approve a compromise settlement is within the sound discretion of the bankruptcy court." *In re Key3Media Group, Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005); *see also In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). When exercising such discretion, the bankruptcy court must determine whether the compromise is "fair, reasonable, and in the best interests [sic] of the estate." *In re Key3Media Group*, 336 B.R. at 92; *see also In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Louise's, Inc.*, 211 B.R. at 801. In making that determination, the bankruptcy court need not find that the proposed settlement is the best possible compromise. *In re Key3Media Group*, 336 B.R. at 93-94. Rather, the settlement should be approved as long as it "falls within the reasonable range of litigation possibilities." *Coram*, 315 B.R. at 330; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983) (same). The bankruptcy court is also not required to consider the information necessary to resolve the factual dispute, nor is it necessary for the bankruptcy court to "conclusively determine claims subject to a compromise." *In re Key3Media Group*, 336 B.R. at 92.

12. Courts consider the following four factors to determine whether a settlement is in the best interests of the estate: (1) the probability of success in litigation; (2) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attendant to litigation; (3) the difficulties, if any, to be encountered in the matter of collection; and (4) the paramount interest of the creditors and a proper deference to their reasonable opinions. *See, e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424

(1968); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

**B.  The Settlement are in the Best Interests of the Debtors and their Estates**

13. The Settlements should be approved because under the applicable standards, the Settlements are fair and reasonable and in the best interests of the Debtors' estates and their creditors.

14. The Settlements call for total payments to the estates of $111,794.67 by the seventeen Preference Defendants, who collectively received transfers totaling $164,233.38. The Preference Defendants are divided into two categories:

> (A) six (6) entities who executed settlement agreements with the Committee which are attached hereto as *Exhibit A*, and paid settlement amounts in accordance with those agreements, and

> (B) eleven (11) entities who simply remitted payment to the Committee in response to demand letters and whose payments have been accepted by the Committee as settlement of their underlying preference liability.

15. The breakdown of the transfers received by the Preference Defendants and the agreed upon settlement amounts are as follows:

| Preference Defendant With Settlement Agreement | Total Preference Payments | Settlement Amount |
|---|---|---|
| Associated Software Consultants | $6,473.55 | $2,913.10 |
| Florida Business Furniture, Inc. | $10,921.48 | $1,283.48 |
| Hopewell Federal Credit Union | $7,560.00 | $1,644.00 |
| Icon Advisory Group, Ltd. | $16,197.35 | $4,369.95 |
| Mortgage References, Inc. | $16,086.95 | $6,265.50 |
| Wright, Lindsey & Jennings LLP | $6,524.73 | $2,610.00 |
| **Preference Defendant Without Settlement Agreement** | **Total Preference Payments** | **Settlement Amount** |
| 106th South Business Park | $9,046.50 | $8,141.85 |
| Clise Agency Trust | $9,163.86 | $9,163.86 |
| CORT Business Services Corp. | $8,911.67 | $7,405.98 |
| Deluxe Corporation | $10,560.48 | $10,560.48 |

5

128189.01600/40183916v.1

| First Advantage Credco LLC | $6,096.63 | $3,048.32 |
| Interthinx, Inc. | $15,609.93 | $15,609.93 |
| Judith Farrall | $6,687.16 | $6,018.44 |
| Lending Tree | $10,000.00 | $10,000.00 |
| Main Street DYL Associates | $8,060.00 | $8,060.00 |
| Mountainview Capital Group, LLC | $9,000.00 | $8,100.00 |
| Office Movers, Inc. | $7,333.09 | $6,599.78 |

16. The terms of the Settlements represent reasonable resolutions of the Avoidance Claims against each Preference Defendant. In arriving at those settlements, the Committee has considered the fact that the costs of litigating the Avoidance Claims against the Preference Defendants are likely to substantially reduce, if not completely subsume, the amount recoverable by the Debtors against the Potential Defendants for the benefit of the Debtors' creditors given the low amount of the transfers at issue. The terms of the Settlements provide for current total payments to the Debtors of $111,794.67, which is a significant economic benefit and approaches the amount which the Committee would likely recover through litigation while avoiding the expense, delay and uncertainty of litigated resolutions.

17. Taken as a whole, the Settlements fall well above the lowest point of reasonableness that this Court requires and, in the judgment of the Committee, is in the best interests of the estates and their creditors. Accordingly, the Settlements should be approved.

## NOTICE

18. Bankruptcy Rule 2002(a)(3) and Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*") govern Notice of the Motion.

19. Bankruptcy Rule 2002(a)(3) requires all creditors to be given at least 20-day notice of "the hearing on approval of a compromise or settlement of a controversy unless the court for cause shown directs that the notice be not sent..." Fed. R. Bankr. P. 2002(a)(3).

6

However, Local Rule 2002-1(b) provides in pertinent part that:

> In cases under chapter 11, all motions (except matters specified in Fed. R. Bankr. P. 2002(a)(1), (4), (5), (7) 2002(b) and 2002(f) and Local Rules 4001-1 and 9013-2) shall be served only upon counsel for the debtor, the United States Trustee, counsel for all official Trustees, all parties who file a request for service of notices pursuant to FED. R. BANKR. P. 2002(i), and all parties whose rights are affected by the motion.

Del. Bankr. L.R. 2002-1(b).

20. Consistent with Local Rule 2002-1(b), the Committee has provided a copy of this Motion to (i) the United States Trustee for the District of Delaware; (ii) the Preference Defendants or their counsel; and (iii) all parties which have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no other or further notice need be given.

21. No previous application for the relief sought herein has been made to this or any other Court.

128189.01600/40183916v.1

**WHEREFORE**, the Committee respectfully requests this Court to: (i) enter an order, substantially in the form attached hereto as Exhibit B, approving, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlements with each of the Preference Defendants; and (ii) grant such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
September 18, 2009

**BLANK ROME LLP**

*/s/ Victoria Guilfoyle*

Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
Victoria Guilfoyle (No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

-and-

**HAHN & HESSEN LLP**
Mark S. Indelicato, Esq.
Edward L. Schnitzer, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel for the Committee*