IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., ) | |
| a Delaware corporation, *et al.*,[2] ) | Jointly Administered |
| ) | |
| Debtors. ) | Objection Deadline: October 5, 2009, at 4:00 p.m. (ET) |
| ) | Hearing Date: October 13, 2009, at 10:00 a.m. (ET) |
| ) | |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO RULE 2004 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING
ISSUANCE OF A SUBPOENA TO GRM INFORMATION MANAGEMENT SERVICES
TO ACCESS AND INSPECT DEBTORS' RECORDS IN POSSESSION OF
GRM INFORMATION MANAGEMENT SERVICES AND RELATED ENTITIES**

American Home Mortgage, together with its affiliated debtors in possession (collectively, "AHM" or the "Debtors"), by its undersigned counsel, Young Conaway Stargatt & Taylor LLP, hereby move this Court for entry of an order, pursuant to rule 2004 ("Rule 2004") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to authorize the issuance of a subpoena to GRM Information Management Services[3] ("GRM") to access and inspect Debtors' records in possession of GRM Information Management Services and Related Entities. In support of the Motion, the Debtors state as follows:

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979): American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[3] GRM is currently storing Debtors' records. Debtors believe such records are kept at GRM's New Jersey storage facility. However, Debtors request access to all Debtors' records held by GRM, regardless of where they are physically kept by GRM or its related entities.

## SUMMARY OF RELIEF REQUESTED

1.      By this motion ("Motion"), the Debtors request that this Court enter an order, pursuant to Rule 2004, substantially in the form attached as Exhibit A (the "Proposed Order") authorizing the issuance of a subpoena to GRM to permit Debtors to access and inspect (but not remove) Debtors' records held by GRM and related entities in storage. Access is requested to all records held by GRM regardless of where they are held in storage. Debtors require access to such records to determine the nature of such records and to ascertain what value, if any, such records have to the estate.

## JURISDICTION

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATUS OF THE CASE

3.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      No trustee or examiner has been appointed. The Official Committee of Unsecured Creditors was appointed on August 14, 2007.

7. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan"). To date, the Plan is not yet effective.

### RELIEF REQUESTED AND REASONS THEREFOR

8. By this Motion, Debtors respectfully request that this Court enter an Order authorizing issuance of a subpoena to GRM to permit Debtors or their agents to access and inspect Debtors' records held by GRM or related entities in storage. Debtors are not seeking to remove any of the Debtors' records from any GRM's storage facility at this time. Instead, they are merely requesting access to all such records for purposes of inspection.

9. The requested order, and the resulting subpoena, authorizing issuance of a subpoena will effectively grant Debtors access to their records. These records must be examined by the Debtors to determine their nature and to ascertain their value, if any, to the estate. The Debtors have repeatedly requested access to such records; however, such requests have either been ignored or refused.

10. In addition to the applicable authority cited in this Motion, the Debtors possess the contractual right of access to inspect such records under Paragraph 7 of the Additional Terms and Conditions of the Document Storage Contract (the "Contract"), attached hereto as Exhibit B. Specifically, the Contract states under Paragraph 7 that "[t]he Depositor, his authorized agents, and employees shall have access to the business records in the company's depository on all regular business days...." GRM's refusal to grant the requested access to Debtors' records for purposes of inspection violates this express terms of the agreement.

### APPLICABLE AUTHORITY

11. Bankruptcy Rule 2004(a) provides, in relevant part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P.

2004(a). Parties in interest generally include the debtor and entities related to the debtor. *See In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989). Bankruptcy Rule 2004(b) states that the examination may relate to, among other things, "the acts, conduct, or property or to the liabilities and the financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Bankruptcy Rule 2004(c) provides that "the production of documentary evidence may be compelled in the manner provided in Rule 9016," which permits the issuance of a subpoena. Fed. R. Bankr. P. 2004(c). Furthermore, non-debtors are subject to examination under Bankruptcy Rule 2004. *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (citing *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993)); *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

          12.     A Rule 2004 examination is "designed to bring the Debtor's affairs to light, not to hide them." *In re PRS Ins. Group., Inc.*, 274 B.R. 381, 385 (Bankr. D. Del. 2001). "The purpose of Rule 2004 examination is to show the condition of the estate and to enable the court to discover its extent and whereabouts and to come into possession of it that the rights of creditors may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *Cameron v. United States*, 231 U.S. 710, 717 (1914)). *See also In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) ("Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."), *aff'd*, 17 F.3d 600 (2d Cir. 1994). The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can "legitimately be in the nature of a fishing expedition." *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). *See also In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (same); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (same).

13. The records held by GRM in storage are indisputably the Debtors' property. Furthermore, the Debtors require access to these records for purposes of examination and inspection in connection with the administration of this estate as well as ascertain the value of such records, if any. The determinations sought to be made may affect the administration of the Debtors' estates and falls squarely within the scope of Rule 2004(b). Despite numerous requests by the Debtors, GRM has repeatedly either refused or ignored to permit Debtors to access and/or inspect such records.

14. It is important to note that Debtors' requested access to their records is only for inspection. Debtors do not intend to remove any records from GRM's storage facility at this time.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

15. As required by Local Rule 2004-1(b), Debtors' counsel hereby certifies that on August 6, 2009, Debtors' counsel attempted to confer with GRM to arrange for a mutually agreeable date, time, and place for examination of Debtors' records. Counsel for Debtors requested the consent of GRM to voluntarily permit access to the Debtors' records in order to avoid the necessity of the filing of this motion pursuant to Rule 2004. That request, attached hereto as <u>Exhibit C</u>, specifically states that the Debtors did not request to remove any records from GRM's facilities. Rather, the request was merely to inspect such records. As of the time of filing this Motion, GRM has not indicated a willingness to permit inspection consensually and, in fact, has not responded to the communication at all.

## NOTICE

16. Notice of this Application will be provided to (i) the United States Trustee of the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; and (iii) GRM; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the

nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

17.   No prior Application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Court enter an order, in the form attached hereto as Exhibit A:

A.   granting this motion;

B.   authorizing the Debtors to issue a subpoena, pursuant to Federal Rule of Bankruptcy Procedure 9016, directing GRM to grant access to and permit examination of the Debtors' records that are being stored by GRM.

C.   granting the Debtors such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: Wilmington, Delaware
       September 21, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Curtis J. Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

DB02:8746986.2                                                                       066585.1001