IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :   Jointly Administered
                                                                 :
                    Debtors.                                     :   Re: Docket Nos. 8021, 8022 & 8073

**APPELLANT'S DESIGNATION OF RECORD AND
STATEMENT OF ISSUES PRESENTED ON APPEAL**

Calyon New York Branch, as Administrative Agent Pursuant to Repurchase Agreement ("Calyon") hereby designates the following items to be included in the record, and statement of issues to be resolved, on the appeal from (i) the Findings of Fact and Conclusions of Law entered in these cases on the 8th day of September, 2009 [Docket No. 8021] (the "Findings of Fact and Conclusions of Law"); and (ii) the order entered in these cases on the 8th day of September, 2009 regarding the Findings of Fact and Conclusions of Law [Docket No. 8022] (the "Claim Order").

**CONTENT OF RECORD ON APPEAL:**

1. Debtors' Objection to Claims of Calyon New York Branch as Administrative Agent Pursuant to Repurchase Agreement [Docket No. 6824].

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2. Response to the Debtors' Objection to Claims of Calyon New York, Branch as Administrative Agent Pursuant to Repurchase Agreement [Docket No. 6963].

3. Joint Pretrial Order Regarding Claim Objection Hearing including, without limitation, the Stipulation of Facts attached as Exhibit 1 thereto [Docket No. 7386].

4. Exhibit A to the Stipulation of Facts, the Repurchase Agreement.[2]

5. Exhibit J to the Stipulation of Facts, the September Stipulation.

6. Exhibit K to the Stipulation of Facts, the Servicing Claim.

7. Exhibit L to the Stipulation of Facts, the Acceptance Claim.

8. Exhibit M to the Stipulation of Facts, the AHM Claim.

9. Exhibit N to the Stipulation of Facts, the Investment Claim.

10. Exhibit O to the Stipulation of Facts, the January Stipulation.

11. Exhibit P to the Stipulation of Facts, the Proceeds chart.

12. Calyon Exhibit 1, Debtors' first day declaration.

13. Calyon Exhibit 2, transcript of August 7, 2007 hearing.

14. Calyon Exhibit 6, Calyon's expert's report.

15. Calyon Exhibit 6-A, Calyon's expert's corrected calculation.

16. Calyon Exhibit 7, Calyon's expert's resume.

17. Calyon Exhibit 8, Calyon's expert's loan pricing report as of January 31, 2008.

18. Calyon Exhibit 9, Calyon's expert's loan pricing report as of August 15, 2008.

19. Calyon Exhibit 10, Calyon's expert's loan pricing report of loans that failed to price.

20. Debtors' Exhibit 28, the designated and counter-designated transcript of the deposition of Mr. John-Charles van Essche.

---

[2] Capitalized terms used concerning the Exhibits to the Stipulation of Facts shall have the meanings ascribed to them in the Stipulation of Facts.

21. Transcript of hearing held on May 19, 2009 [Docket No. 7457].

22. Transcript of hearing held on May 20, 2009 [Docket No. 7458].

23. Findings of Fact and Conclusions of Law [Docket No. 8021].

24. Claim Order [Docket No. 8022].

25. Notice of Appeal [Docket No. 8073].

26. Opinion, dated January 4, 2008 [Adversary Proceeding No. 07-51704, Docket No. 74].

27. Order on Phase 1 Trial, dated January 15, 2008 [Adversary Proceeding No. 07-51704, Docket No. 77].

28. Transcript of hearing held on January 17, 2008 [Adversary Proceeding No. 07-51704, Docket No. 84].

29. Order (I) Approving the Stipulation Between the Debtors and Calyon New York Branch, as Administrative Agent, and (II) Authorizing the Transfer of Mortgage Servicing Rights Relating Thereto, dated August 5, 2008 [Adversary Proceeding No. 07-51704, Docket No. 148].

**STATEMENT OF ISSUES ON APPEAL:**

1. Whether the Bankruptcy Court erred in concluding that the term "commercially reasonable determinants of value" is ambiguous as used in Bankruptcy Code Section 562?

2. Whether the Bankruptcy Court erred in concluding that Bankruptcy Code Section 562, when considered together with the applicable legislative history and policy, fails to indicate the meaning of the term "commercially reasonable determinants of value", and that as a result the Bankruptcy Court was "on its own"?

3. Whether the Bankruptcy Court erred in failing to conclude that the term "commercially reasonable determinants of value" as used in Bankruptcy Code Section 562 means evidence of an asset's market price, such as the price actually received in a sale, the price available from a generally recognized source, the most recent bid quotation from that source, or expert testimony regarding the market price?

4.  Whether the Bankruptcy Court's conclusion that the Debtors' expert's Discounted Cash Flow valuation constituted a "commercially reasonable determinant of value" as used in Bankruptcy Code Section 562 rendered Bankruptcy Code Sections 562(b) and (c) nullities?

5.  Whether the Bankruptcy Court erred in concluding that the Debtors' expert's Discounted Cash Flow valuation constituted a "commercially reasonable determinant of value" as used in Bankruptcy Section 562, and that Calyon did not rebut this conclusion?

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

6. Whether the Bankruptcy Court erred in disallowing Calyon's claims and in concluding that damages under the Repurchase Agreement should be measured on the Acceleration Date, August 1, 2007, and that Calyon has no deficiency claim under the Repurchase Agreement?

Dated: Wilmington, Delaware
September 25, 2009

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/ Michael G. Busenkell
Michael G. Busenkell (DE No. 3933)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: 302.252.4324
Facsimile: 302.252.4330

-and-

Benjamin C. Ackerly
Jason W. Harbour (DE No. 4176)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Counsel to Calyon New York Branch*