IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

In re:

        Chapter 11

AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.

        Case No. 07-11047(CSS)

        **Hearing date: November 13, 2009 at 10:00 a.m.**
       Debtors.        **Objection date: October 19, 2009 at 4:00 p.m.**

------------------------------------------------------X

## MOTION OF RICHARD D. NELSON, CHAPTER 7 TRUSTEE, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)

Richard D. Nelson, Chapter 7 Trustee (the "**Movant**"), by and through its undersigned counsel, respectfully moves (the "**Motion**") this Court for entry of an Order granting him relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that he may proceed with an adversary proceeding that is pending against American Home Mortgage Acceptance, Inc. ("**AHMA**") seeking avoidance of a lien on real property. In support of his Motion, Movant states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (G).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are §§ 105 and 362 of the Bankruptcy Code, as well as Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Federal Rules**").

## BACKGROUND

4. On August 6, 2007 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors are debtors in possession and continue to operate their businesses pursuant to 11 U.S.C. §§ 1107 and 1108.

6. Movant is the Chapter 7 Trustee appointed by the United States Department of Justice and assigned to the case of David E. and Sherry A. Sparks, Case No. 06-12066, pending in the United States Bankruptcy Court for the Southern District of Ohio, which was initiated on July 2, 2006 (the "**Ohio Case**").

7. Pre Petition Date, on February 21, 2007, Movant filed a Complaint for Determination of Validity of Lien or Avoidance Thereof (the "**Complaint**") under Adversary Case No. 07-1033, also pending in the United States Bankruptcy Court for the Southern District of Ohio (the "**Adversary Proceeding**"). A copy of the Complaint is attached hereto as Exhibit A and incorporated herein by reference. AHMA is a named defendant in the Adversary Proceeding.

8. As more fully set forth in the Complaint, on or about January 26, 2006, Ohio Case debtor David Sparks entered into a Note with AHMA (the "**Note**"). On or about January 26, 2006, Ohio Case debtor David Sparks also entered into a mortgage with AHMA (the "**Mortgage**") on the real property communally known as 446 Crestline Avenue, Cincinnati, Ohio 45205 (the "**Property**"). The Mortgage was recorded with the Hamilton County Ohio Recorder's Office on January 31, 2006, Book 10154, Page 2645.

9. Ohio Case debtor Sherry Sparks did not sign the Note to AHMA. Sherry Sparks did not sign any documents indebting her to AHMA.

10. The Granting clause of the Mortgage only includes Ohio Case debtor David Sparks. Although Ohio Case debtor Sherry Sparks signed the Mortgage, she is not obligated on the underlying debt.

11. Therefore, the Complaint avers that AHMA does not have a valid lien against Ohio Case debtor Sherry Sparks' ½ interest in the Property.

12. Pursuant to § 362 of the Bankruptcy Code, the AHMA's filing of the Petition for Relief on the Petition Date halted the continuation of the Adversary Proceeding.

### REQUESTED RELIEF AND BASIS THEREFORE

13. Movant seeks relief from the automatic stay to continue with the Adversary Proceeding for determination of the status of the lien of AHMA on the Property.

14. Ample cause exists to modify the automatic stay under § 362(d)(1). Section 362(d)(1) provides that "[o]n request of a party in interest . . . the court shall grant relief from stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. § 362(d)(1).

15. The automatic stay, if applicable here, should be lifted for "cause" under § 362(d)(1). Relief from the stay is justified because there is no mechanism in this case to adequately protect Movant's interest. Without leave of this Court to pursue the Adversary Proceeding, same is subject to dismissal for lack of prosecution. Further, the Property is in essence, sitting in limbo awaiting a determination of the status of AHMA's lien on same.

16. Movant avers that the modification of the automatic stay to allow him to proceed with the determination of validity of AHMA's Mortgage lien will not cause any direct monetary damage to Debtor AHMA since Movant is simply seeking to avoid the AHMA Mortgage lien on

the Property as to Ohio Case debtor Sherry Sparks' ½ interest in same so that Movant may administrate same as an asset for the Ohio Case Chapter 7 estate.

**WHEREFORE,** Movant, respectfully requests this Court enter an order granting him relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code and granting Movant such other relief as the Court deems just and appropriate.

Dated: October 1, 2009
Wilmington, Delaware

**POLSINELLI SHUGHART PC**

By: */s/ Christopher A. Ward*
Christopher A. Ward (Bar No. 3877)
Shanti M. Katona, Esq.
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com

*Counsel for Chapter 7 Trustee,
Richard D. Nelson*

OF COUNSEL:

Donald W. Mallory (OH 0070875)
Cohen, Todd, Kite & Stanford, LLC
250 East Fifth Street, Suite 1200
Cincinnati, Ohio 45202
Telephone: (513) 333-5233
Fax: (513) 241-4490
dmallory@ctks.com

*Counsel for Chapter 7 Trustee,
Richard D. Nelson*