**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,<br><br>Debtors. | Case Number: 07-11047<br><br>Chapter 11<br><br>SUPPLEMENTAL RESPONSE TO OBJECTION TO CLAIM OF RIVERSIDE COUNTY TAXING AUTHORITY, ONE OF THE CALIFORNIA TAXING AUTHORITY AND THE DECLARATION OF MARTHA E. ROMERO IN SUPPORT THEREOF(TWENTY-FIFTH OMNIBUS OBJECTION)<br><br>Date: October 13, 2009<br>Time: 11:30 a.m. ET |

TO THE HONORABLE CHRISTOPHER S. SONTCHI UNITED STATES BANKRUPTCY JUDGE AND TO INTERESTED PARTIES:

Riverside County, one of the California Taxing Authorities hereby file its Supplemental Response to the Objection of its claim (Twenty Fifth Omnibus Objection).

Riverside's original response was filed on September 7, 2009.

Originally there were ninety-two **(92)** parcels for a total of $638,855.31 dollars. A proof of claim was filed in this amount. The majority of these parcels have been paid and currently only 11 parcels remained as more particularly discussed below.

One of the debtors in the original petition filing is American Home Mortgage Servicing Inc.  Attached hereto and made a part thereof as Exhibit A us a true and correct copy of Schedule I to the petition for the court's convenience indicated the name of this particular debtor.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTS.**

Riverside Taxing Authority is mandated by the Constitution in Article XIII to collect all real property taxes on any real property in its jurisdiction. The Riverside County Taxing Authority is the proper authority that collects the taxes. It does not determine ownership. Nor does it review title ownership reports.

In the Declaration of Melissa Johnson, concurrently filed with this supplemental response she states under penalty of perjury that the Taxing Authority does not determine title or ownership. Paragraph 6, page 2. Further that such responsibilities are that of the Office of the Assessor to determine the responsibility party for the purposes of real property tax assessment. Paragraph 6, page 2. Once the responsibility party is determined, that party is placed on the tax roll. Declaration of Johnson, paragraph 7, page 2. The Taxing Authority subsequently collects the real property taxes and sends out bills. Declaration of Johnson, paragraph 8, page 2.

The responsible party that owns a particular piece of property as of January 1 of any given year ("The lien date" under California state law) is responsibility for the payment of real property taxes. Declaration of Johnson, paragraph 9, page 2.

Lastly, Ms. Johnson states that the Taxing Authority does not maintain records of title or ownership. It does not have any access to public records of title or ownership. Declaration of Johnson, paragraph 10, page 2.

## II. REAL PROPERTY TAX ASSESSMENTS ARE MANDATED UNDER CALIFORNIA LAW.

Under California State Law, every piece of real property is subject to taxation.[1] California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value."

Under California State Law, real property is to be assessed at the same percentage of fair market value.[2]

California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ."

In this particular case, assessment includes determination of the responsible party as noted above in the Declaration of Johnson. Paragraphs 6 and 7, page 2.

Real property taxes are assessed as of January 1 ("lien date") of the year in which taxes become due.[3]

---

[1] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."

[2] In California, property tax assessments consist of two components. The first component is the assessed value. The second is the tax rate. The latter is applied against the former to calculate the amount of taxes due. This equation is sometimes known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. California Constitution Article XIII section 1.

[3] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of

3

In California, property taxes are in rem and are payable only through sale proceeds. California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against the property assessed." See Long Beach v. Aistrap, 164 Cal. App. 2d 41 (1958).

Additionally, the real property taxes are a first lien on the property. California Revenue and Taxation Code Section 2192.1 states:

> Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation. Any tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

Since the taxes a first priority lien on the property they are a secured claim.

Additionally, California law requires that upon sale the taxes be paid first. California Revenue and Taxation Code Section 2192.2 states:

> **Upon the sale**. . . conducted under judicial process or otherwise by any sheriff, constable, trustee, receiver, or other ministerial officer, **of any real property upon which ad valorem property taxes . . . are due and unpaid at the time of sale**, the

---

January preceding the fiscal year for which the taxes are levied..."

4

proceeds from that shall, after the payment of necessary and incidental sale expenses, **be first applied to the amount of those ad valorem property taxes** . . . and be transmitted by the conducting officer to the office responsible for the collection of those taxes and assessments. Emphasis added.

### III. ELEVEN PARCELS REMAIN THAT ARE PART OF THE CLAIM (81 PARCELS HAVE BEEN PREVIOUSLY PAID.

Only eleven properties remain in the Riverside Jurisdiction. The debtors have not discovered deeds or title ownership for any of the parcels listed below.

Counsel for Riverside has done and independent search of property profiles on each property and each property profile is hereby identified as an exhibit and is filed under separate cover.

The parcels are identified as follows:

| Parcel No. | Amount | as of 9/3/0/09 |
|---|---|---|
| 312290021-6 | $5255.04 | American Home Mortg. Servicing |

This property is in the name of one of the other debtors. (Exhibit A) This primary owner is listed on the North American Title Company Profile. The report further reveals that the trustee's deed upon sale was recorded on July 2, 2008. The profile is made a part thereof of this response as Exhibit B and filed under separate cover.

Since the property taxes were due on January 1, the lien date under California Revenue and Taxation Code Section 2192, the property taxes were due on that date.

The 2008-09 secured real property taxes have not been paid. R Additionally, the sale is subject to the lien and subject to

California Revenue and Taxation Code 2192.2

 316220003-1    $2791.64 American Home Mortg. Servicing

 This property is in the name of one of the other debtors. (Exhibit A) This primary owner is listed on the North American Title Company Profile.  The owner now shows Aida Debronia.  The report further reveals that the trustee's deed upon sale was recorded on July 29, 2008.  The seller was American Home Mortgage Servicing Inc. Incidently Ms. Debaraona just purchased the property from the debtor on September 24, 2009. The profile is made a part thereof of this response as Exhibit B and filed under separate cover.

 Since the property taxes were due on January 1, the lien date under California Revenue and Taxation Code Section 2192, the property taxes were due on that date.

 Riverside is not in the position to know whether or not an agreement was made with the new owner Aida Debarona to pay the 2008-09 secured real property taxes, but they have not been paid. Additionally, the sale is subject to the lien and subject to California Revenue and Taxation Code 2192.2

 389691001-7    $17,619.50 American Home Mortg.

 This property is in the name of one of the other debtors. (Exhibit A) This primary owner is listed on the North American Title Company Profile.  The report further reveals that the trustee's deed upon sale was recorded on February 7, 2008 to American Home Mortgage.  The profile is made a part thereof of this response as Exhibit D and filed under separate cover.

 Subsequently American Home Mortgage deeded the property to American Home Mortgage Servicing, Inc. on August 24, 2009.

6

1   Since the property taxes were due on January 1, the lien date
2 under California Revenue and Taxation Code Section 2192, the
3 property taxes were due on that date. The sales/transfers are
4 subject to the liens.
5   In this case the fiscal year taxes are due for fiscal tax
6 years 2006-07, 2007-08 and 2008-09. Riverside is not in the
7 position to know whether or not agreements were made with the prior
8 owners to pay these secured real property taxes, but they have not
9 been paid.  Additionally, the sale is subject to the lien and
10 subject to California Revenue and Taxation Code 2192.2
11 *   447174010-2           $ 839.79   American Home Mortg. Servicing
12   This property is in the name of one of the other debtors.
13 (Exhibit A) This primary owner is listed on the North American
14 Title Company Profile.  The report further reveals that the
15 trustee's deed upon sale was recorded on June 27, 2008 to American
16 Home Mortgage Servicing.  The profile is made a part thereof of
17 this response as Exhibit E and filed under separate cover.
18   Since the property taxes were due on January 1, the lien date
19 under California Revenue and Taxation Code Section 2192, the
20 property taxes were due on that date. The sales/transfers are
21 subject to the liens.
22   In this case the fiscal year taxes are due for fiscal tax
23 years 2008-09. Riverside is not in the position to know whether or
24 not agreements were made with the prior owners to pay these secured
25 real property taxes, but they have not been paid. Additionally,
26 the sale is subject to the lien and subject to California Revenue
27 and Taxation Code 2192.2
28     547212022-1            $1721.77   American Home Mortg. Servicing

7

1 This property is in the name of one of the other debtors.
2 (Exhibit A) This primary owner is listed on the North American
3 Title Company Profile.  The report further reveals that the
4 trustee's deed upon sale was recorded on May 12, 2008 to American
5 Home Mortgage.  The profile is made a part thereof of this response
6 as Exhibit F and filed under separate cover.

7 Since the property taxes were due on January 1, the lien date
8 under California Revenue and Taxation Code Section 2192, the
9 property taxes were due on that date. The sales/transfers are
10 subject to the liens.

11 In this case the fiscal year taxes are due for fiscal tax
12 years 2008-09. Riverside is not in the position to know whether or
13 not agreements were made with the prior owners to pay these secured
14 real property taxes, but they have not been paid.  Additionally,
15 the sale is subject to the lien and subject to California Revenue
16 and Taxation Code 2192.2

17     657082011-4        $14,005.80   American Home Mortg.

18 This property is in the name of the debtor. This primary owner
19 is listed on the North American Title Company Profile.  The report
20 further reveals that the trustee's deed upon sale was recorded on
21 May 30, 2007 to American Home Mortgage.  The profile is made a part
22 thereof of this response as Exhibit G and filed under separate
23 cover.

24 Since the property taxes were due on January 1, the lien date
25 under California Revenue and Taxation Code Section 2192, the
26 property taxes were due on that date. The sales/transfers are
27 subject to the liens.

28 In this case the fiscal year taxes are due for fiscal tax

8

years 2005-06, 2007-08 and 2008-09. It appears that the 2006-07 taxes were paid.

Riverside is not in the position to know whether or not agreements were made with the prior owners to pay these secured real property taxes, but they have not been paid. Additionally, the sale is subject to the lien and subject to California Revenue and Taxation Code 2192.2

677302207-6          $2033.95   American Home Mortg. Servicing

This property is in the name of one of the other debtors. (Exhibit A) This primary owner is listed on the North American Title Company Profile.  The report further reveals that the trustee's deed upon sale was recorded on July 17, 2008 to American Home Mortgage Servicing.  The profile is made a part thereof of this response as Exhibit H and filed under separate cover.

Since the property taxes were due on January 1, the lien date under California Revenue and Taxation Code Section 2192, the property taxes were due on that date. The sales/transfers are subject to the liens.

In this case the fiscal year taxes are due for fiscal tax years 2008-09. Riverside is not in the position to know whether or not agreements were made with the prior owners to pay these secured real property taxes, but they have not been paid. Additionally, the sale is subject to the lien and subject to California Revenue and Taxation Code 2192.2

916500042-7          $3242.16   American Home Mortg. Servicing

This property was in the name of one of the other debtors. (Exhibit A) This primary owner is listed on the North American Title Company Profile. It is now Olive Alfonso, however the

9

property was acquired just recently on August 28, 2009. The report further reveals that the trustee's deed upon sale was recorded on July 16, 2008 to American Home Mortgage Servicing. The profile is made a part thereof of this response as Exhibit I and filed under separate cover.

Since the property taxes were due on January 1, the lien date under California Revenue and Taxation Code Section 2192, the property taxes were due on that date. The sales/transfers are subject to the liens.

In this case the fiscal year taxes are due for fiscal tax years 2008-09. Riverside is not in the position to know whether or not agreements were made with the new owners to pay these secured real property taxes, but they have not been paid. Additionally, the sale is subject to the lien and subject to California Revenue and Taxation Code 2192.2

\*   964330029-2   $2940.81   American Home Mortg. Servicing

This property is in the name of one of the other debtors. (Exhibit A) This primary owner is listed on the North American Title Company Profile. The report further reveals that the trustee's deed upon sale was recorded on July 29, 2008 to American Home Mortgage Servicing. The profile is made a part thereof of this response as Exhibit J and filed under separate cover.

Since the property taxes were due on January 1, the lien date under California Revenue and Taxation Code Section 2192, the property taxes were due on that date. The sales/transfers are subject to the liens.

In this case the fiscal year taxes are due for fiscal tax years 2008-09. Riverside is not in the position to know whether or

not agreements were made with the prior owners to pay these secured real property taxes, but they have not been paid.  Additionally, the sale is subject to the lien and subject to California Revenue and Taxation Code 2192.2

    000229551-8             $1215.82   American Home Mortg.
    000229551-8             $ 937.64   American Home Mortg.

This property is a multi-suite office building and there are numerous owners to these parcel numbers. It does not appear that the debtor owns this property but may have a business at this location.  Riverside is currently obtaining additional information as to the tax liability as it may be on personal property.

The grand total of the secured real property taxes is $52,603.92.  This amount is subject to interest under 11 U.S. C. Section 511 and California Revenue and Taxation Code Section 4103.

The debtor has provided the following comments:

The owners of two properties 447174010-2 and 964330029-2 did not waive escrow. These loans were sold by AHM in 2005. It is my understanding, however, that the AHM servicing company did collect real estate taxes for these properties, and did, in fact, pay the first installments of the real estate taxes for these properties. When AHM sold its servicing business in 2007, the servicing for these loans was transferred to the Wilbur Ross entity that purchased the servicing business. Any outstanding taxes that are due should be addressed to them, as they would have the funds that were withheld for payment of the taxes.

**Query**: if the loan were sold in 2005, why are the tax bills still reflected in their name as owners.

11

Response to 447174010-2

The report, Exhibit E for 447174010-2 reveals that the trustee's deed upon sale was recorded on June 27, 2008 to American Home Mortgage Servicing.  The proper procedure for changing the name on these bills is to prepare the proper notice to the Assessor. The Assessor determines the responsible party.

Riverside shall provide additional time for the new entity Wilbur Ross and the old entity AHM Servicing to clear up the records with the Assessor.

In addition the real property secured taxes at stake are for the 2008-09 fiscal tax year and AHM Servicing acquired it on June 27, 2008.

Response to 964330029-2

\*    964330029-2    $2940.81   American Home Mortg. Servicing

This property is in the name of the servicing company and listed on the North American Title Company Profile.  The report further reveals that the trustee's deed upon sale was recorded on July 29, 2008 to American Home Mortgage Servicing.  See Exhibit J. The loan company may have sold the loans but the title to the real property is in the name of the debtor.

The debtors further stated with respect to the remaining properties for which statements were provided the property owners for these six of the properties waived escrows, meaning that AHM never collected the real estate taxes from these property owners. As a result, AHM has no funds to pay Riverside for these

properties and has no obligation, in the absence of proof of ownership, to pay these taxes.

**Query:** Nine parcels still exist with secured delinquent property taxes. (Not only six)

Again the bills are in the name of the debtor entity. Once the Assessor determines the responsible party the name appears on the tax bill until the taxpayer changes the record.

Again, Riverside will give the debtor ample time to change the record so that title will be reflected in other than the debtor's name.

### IV.  RIVERSIDE IS WILLING TO RESOLVE THE OBJECTION BY STIPULATING THAT THE SECURED REAL PROPERTY TAXES CAN BE PAID UPON SUBSEQUENT TRANSFERS OF THE PROPERTY IN THE NORMAL AND ORDINARY COURSE OF SALE/TRANSFER.

The type of situation that has existed in this case is that properties have been foreclosed without the payment of secured real property taxes. However, the foreclosures are subject to the lien. This is exactly what was contemplated in the Disclosure statement wherein it provided for payment in the normal and ordinary course of subsequent transfer and/or sale.

The California Taxing Authorities obtained language in the disclosure statement which stated:

> Illustration: Assume a State taxing authority has a claim
> for real property taxes secured by a first-priority lien
> on REO property that is transferred from a Debtor to the

13

> Plan Trust on the Effective Date.
>
> Because the claim is not specifically identified in the Plan, the claim is a Miscellaneous Secured Claim. To the extent there is value in the REO in excess of the taxes owed, the Allowed Miscellaneous Secured Claim will include interest and any reasonable fees, costs, or charges payable under the State statute giving rise to the claim. Under the Plan, the Plan Trustee may elect between reinstating the tax claim as it existed prior to the Effective Date and paying the real property taxes in accordance with State law (e.g., upon closing of a sale of the REO), paying the tax claim in full (either in a lump sum on the Effective Date, or over time, with interest), or tendering the REO satisfaction of the tax claim. If the Plan Trustee chooses to pay the tax claim over time, the tax lien will continue in the property until the claim is paid in full. If the Plan Trustee chooses to reinstate the tax claim as it existed prior to the Effective Date, then the rights of the taxing authority will be unimpaired by the Plan, and the taxing authority will be entitled to exercise any remedies available to it under applicable State law to obtain timely payment of the real estate taxes.

The trustee has the full right to have the taxes paid upon the closing of the REO and/or as if they were unimpaired under the plan ie in the normal course of sale/transfer.

14

This was confirmed in the confirmation order and further confirms that the secured real property taxes can be paid in the ordinary course of transfer/sale:

> "Notwithstanding any provisions to the contrary in the Plan or this order, solely with respect tot he claims of the Objection California Taxing Authorities (1) the allowed pre-petition secured claims of the OCTA will be paid with interest from the petition date through the Effective Date pursuant to 11 U.S.C. Section 506(b) at their statutory rate as required under 11 U.S.C. Section 511 and to the extent allowed will be paid with interest from the Effective Date through the date of payment at the statutory rate. **Such claims of the OCTA may be paid at any time including during the ordinary course of business when the real property is sold** and or transferred and if no objections have been filed, such claims will be paid on the later of the claim objection bar date or, if a timely objection is filed within 10 business days after entry of an order of the Court allowing such claim. The OLTTA shall retain their liens for such claims on the collateral or the proceeds therefrom, until such time as the taxes are paid in full' and (ii) the debtors shall timely pay the allowed ad valorem taxes of the OCTA incurred post petition in the ordinary course of business. If such taxes are not timely

>paid, them the Debtor's or the Plan Trustee shall pay such taxes and any additional allowed penalties and/or interest arising pursuant to applicable non-bankruptcy law.  Further the OCTA shall retain their liens on their collateral or the proceeds therefrom if such collateral has been sold until such time as the post-petition taxes have been paid in full."

Riverside requests assurance that these taxes will be paid in the normal course but the taxes do not need to be paid from the plan.

**V.   CONCLUSION.**

Riverside respectfully requests that this court order that the payment of the tax liens be paid from the estate or directly from each sale of the real property to the third party as explained above.

Dated: October 1, 2009          ROMERO LAW FIRM

> By. /s/ Martha E. Romero
> MARTHA E. ROMERO, State Bar No. 128144
> ROMERO LAW FIRM
> BMR Professional Building
> Whittier, California 90601
> Phone (562) 907-6800
> Facsimile (562)907-6820
> Attorneys for SECURED CREDITOR
> COUNTY OF RIVERSIDE, CALIFORNIA TAXING AUTHORITY

16