# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | CHAPTER 11 |
| ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, *et al.*[1], ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Re: Docket No. 8049 |
| ) | |

## LAURA BEALL'S RESPONSE TO DEBTORS' OBJECTION TO CLAIM

Laura Beall, though her undersigned counsel and pursuant to this Court's prior Order, files and serves her Response to the Debtors' Objection to her claim, and states:

1. Laura Beall has filed a Proof of Claim in this matter to which the Debtors have objected on the alleged grounds of collateral estoppel in connection with separate litigation which was previously instituted by Laura Beall, through separate counsel, in the United States District Court for the Eastern District of Virginia, Case No. 1:08cv1307 (LMB/TCB) (hereafter the "Virginia Federal action").

2. Debtors take the position that Laura Beall's claim herein is barred based on the doctrine of collateral estoppel, with Debtors asserting that the doctrine applies by virtue of an Order issued in the Virginia Federal action which dismissed, with prejudice, all counts in an Amended Complaint.

3. The subject Amended Complaint asserted four counts, one of which is not a cause of action at all, but a theory relating to the statute of limitations as to one of the other counts. The four counts asserted in the Amended Complaint were:

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; AHM SV, Inc. (f/ka American Home Mortgage Servicing, Inc.), a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability corporation; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

a) "Fraudulent concealment" (which requested the "relief" that the statute of limitations was tolled and that "all causes of action stand");

b) Breach of Fiduciary Duty (against an entity known as "Eagle Funding");

c) Equal Credit Opportunity Act (ECOA)(discrimination-based claim); and

d) Negligence.

4. The Order in the Virginia Federal action which Debtors rely upon granted a Motion to Dismiss filed by Defendants American Home Mortgage, Inc., American Brokers' Conduit, and AH Mortgage Acquisition Co., Inc.,; granted a Motion to Dismiss filed by Defendants Wells Fargo Bank and American Home Mortgage Securities LLC; and ruled that all counts of the Amended Complaint were dismissed with prejudice as to Defendants American Home Mortgage, Inc., American Brokers' Conduit, AH Mortgage Acquisition Co., Inc., American Home Mortgage Securities LLC, and Wells Fargo Bank.

5. The Debtors' Motion to Dismiss filed in the Virginia Federal action sought dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The Memorandum of Law which accompanied the Motion addressed the ECOA and Negligence counts, and asserted argument as to the fraudulent concealment doctrine as to the ECOA claim. Debtors acknowledged that the breach of fiduciary duty claim was asserted solely against Eagle Funding.

6. Laura Beall's Proof of Claim (hereafter POC) in this matter attaches a "Complaint in Support of Proof of Claim" which asserts legal theories under not only the ECOA and certain negligence theories, but also contains requests for relief under theories of breach of contract, consumer fraud and deceptive business practices act, common law fraud, RESPA, TILA, UCC sec. 3-305, gross negligence, negligent misrepresentation, unjust enrichment, RICO, vicarious

liability, and equitable estoppel. It is of record and without issue or dispute that none of these separate claims were ever asserted, litigated, or ruled upon in the Virginia Federal action.

7. As Debtors readily admit, the doctrine of collateral estoppel "bars relitigation of issues previously adjudicated in a separate action". Brown v. Nash, 2007 U.S. App. LEXIS 21696 at *4 (3d Cir. Sept. 10, 2007).

8. This Court has held that a court will bar re-litigation of an issue on collateral estoppel grounds when "(1) the *identical* issue was previously adjudicated; (2) the issue was *actually litigated*; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.." In Re Kaiser Group International, Inc., 375 B.R. 120, 127 (Bankr. Del. 2007)(Walrath, J., citing Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995)(emphasis supplied).

9. This Court has also held that collateral estoppel applies *only* where there is an identity of subject matter and issues and parties in the previous litigation. In Re American Film Technologies, Inc., 175 B.R. 847 (Bankr.Del. 1994)(emphasis supplied).

10. The Kaiser court also cited to Jean Alexander Cosmetics, Inv. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) as to the Third Circuit's consideration of whether there was a final and valid judgment in the prior action.

11. Debtors' Objection fails the collateral estoppel test as to all theories advanced in the POC other than the ECOA and Negligence claims (which were the only theories within the POC which were actually asserted in the Virginia Federal action), as there was no actual litigation or adjudication of the theories asserted in the POC herein other than the ECOA and negligence claims.

12. The Debtors' Objection to the POC of Laura Beall on alleged grounds of collateral estoppel should thus be denied except as to those theories within the POC which were

actually litigated between the same parties in the Virginia Federal action, which consist solely of the ECOA and negligence claims.

13.   Laura Beall's claim should thus be permitted to advance to final disposition.

WHEREFORE, Laura Beall respectfully requests that the Debtors' Objection to her POC be denied for the reasons set forth herein, and for any other and further relief which is just and proper.

DATED:  October 5, 2009

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
Email:          loizides@loizides.com

- and -

William Jeff Barnes, Esquire
c/o INTERNATIONAL MEDIATION ASSOCIATES
6655 W. Sahara Avenue, Suite B200
Las Vegas, NV  89146
Telephone:   (702) 222-3202
Email:          wjbarnes@cox.net

*Counsel for Laura Beal*