## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **AMERICAN HOME MORTGAGE** | ) | |
| **HOLDINGS, INC., a Delaware** | ) | **Case No. 07-11047 (CSS)** |
| **Corporation, et al.[1]** | ) | |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |

**FINAL FEE EXAMINER FEE REPORT LETTER REGARDING:**

> A) THE FIRST THROUGH FIFTH MONTHLY APPLICATIONS AND FIRST INTERIM FEE APPLICATION FILED BY GILBERT OSHINSKY, LLP FOR THE PERIOD OCTOBER 22, 2008 THROUGH FEBRUARY 28, 2009.

> B) THE INTERIM FEE APPLICATION SUBMITTED BY ZUCKERMAN SPAEDER, LLP ("ZS") FOR THE PERIOD OCTOBER 22, 2008 THROUGH MARCH 31, 2009.

**FEE APPLICANTS ARE REQUESTING COMPENSATION OF SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL IN THEIR REPRESENTATION OF THE OFFICIAL COMMITTEE OF BORROWERS OF AMERICAN HOME MORTGAGE, INC. ET AL. ("BORROWERS' COMMITTEE").**

**THIS REPORT LETTER ALSO ADDRESSES THE FIRST AND FINAL FEE APPLICATION FILED BY MARGOT SAUNDERS FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES INCURRED AS TESTIFYING EXPERT ON BEHALF OF THE OFFICIAL COMMITTEE OF BORROWERS FOR THE PERIOD JANUARY 20, 2009 THROUGH FEBRUARY 28, 2009.**

_____

This is the report of M. Jacob Renick, CPA, CIRA, CFE, and a Managing Director at NachmanHaysBrownstein, Inc., acting in his capacity as fee examiner in the above-captioned bankruptcy proceedings.

## BACKGROUND

1. On April 1, 2009, the court approved an administrative order appointing M. Jacob Renick as Fee Examiner ("Fee Examiner") and establishing procedures for the review of interim compensation and reimbursement of expenses of professionals pursuant to sections 331 and 105(a) of the Bankruptcy Code. As specifically detailed by the court, the fee applications subject to review by the Fee Examiner shall be limited solely to the extent of any fees and expenses not previously approved by the Bankruptcy Court on an interim basis after notice and a hearing ("Unreviewed Fees/Expenses").

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

2. The primary subject of this review are the fee applications submitted by Gilbert Oshinsky, LLP ("GO" or "Applicant"), Zuckerman Spaeder, LLP ("ZS" or "Applicant") (collectively, "Applicants") requesting compensation of services and reimbursement of expenses incurred in their representation as Co-Counsel to the Official Committee of Borrowers of American Home Mortgage, Inc. et al. ("Borrowers' Committee") for the period October 22, 2008 through March 31, 2009 ("Application Period").

3. Fee Examiner's review also addresses the fee application submitted by Margot Saunders, ("Saunders"), testifying expert to the Borrowers' Committee, for the period January 20, 2009 through February 28, 2009.

4. On November 20, 2008, the Court ruled that the compensation and reimbursement of expenses of counsel for the Borrowers' Committee would be subject to a cap of $250,000 ("Fee Cap"). On January 20, 2009, a request was filed by the Borrowers' Committee to increase the Fee Cap to $400,000 ("Requested Fee Cap"), an amount that would also include the compensation of its testifying expert, subject to a cap of $25,000. As of the date of this letter, the Court had not yet addressed the request.

5. The combined fee compensation requested by GO, ZS, and Saunders total $562,899.25 and combined expenses total $27,867.35 for the Application Period, for a combined total amount of $590,766.60, which exceeds the $250,000 Fee Cap by $340,766.60 (136%) and exceeds the $400,000 Requested Fee Cap by $190,766.60 (48%).

6. In its 1st Interim Fee application, GO is seeking allowance of $362,739.75 of interim fees and $16,253.82 of expenses for a total of $378,993.57, which represents 64% of the combined total fee compensation request and 95% of the $400,000 Requested Fee Cap.

7. In its 1st Interim Fee Application, ZS is seeking allowance of $177,434.50 of fees and $9,235.38 of expenses for a total of $186,669.88, which represents 32% of the combined total fee compensation request and 47% of the $400,000 Requested Fee Cap.

8. In her 1st and Final Fee Application, Saunders is seeking allowance of $22,725 of fees and $2,378.15 of expenses for a total of $25,103.15, which represents 4% of the combined total fee compensation request and 6% of the $400,000 Requested Fee Cap.

## DISCUSSION

9. In conducting my examination and in reaching the conclusions and recommendations contained herein, I and/or NachmanHaysBrownstein, Inc. ("NHB") reviewed, in detail, the Applications in their entirety, including the time and expense entries included therein for compliance with 11 U.S.C § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, issued January 30, 1996 ("U.S. Trustee Guidelines").

10. Fee Examiner notes that a discussion of the issues raised by the Debtor, Debtors' Counsel, Unsecured Creditor's Committee ("UCC"), and UCC Counsel in regards to the Court imposed fee cap and the defined scope of work established for the Borrowers' Committee is not within the scope of Fee Examiner's review. Nonetheless, Fee Examiner finds it is appropriate to summarize for the Court the fee compensation requested by GO, ZS, and Saunders as a percentage of the total combined fee compensation requested by all Applicants. The total

combined fees and expenses requested by Applicants amounted to a total $562,899.25 and exceed the $400,000 Requested Fee Cap by $190,766.60 (48%).

11. Fee Examiner prepared a summary chart (below) of the hours and cost billed by Applicants (excluding expenses) during the course of the Application Period, and the cumulative cost billed through key dates during the Application Period. The chart illustrates that Applicants had billed 59.6% of the $400,000 Requested Fee Cap at the time of its request to the Court on January 20, 2009 for the increased fee cap amount. Applicants state that at the time of their request, they were unaware that they would be unsuccessful in negotiating an acceptable settlement for the Borrower's Committee and as such, the actual litigation costs exceeded its proposed budget.

| Summary of Hrs / Cost by Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Period | TOTAL HRS | TOTAL Cost | Cumulative Cost | % of Proposed $400k Fee Cap | GO HRS | GO Cost | ZS HRS | ZS Cost |
| Prior 10/22/08 [1.] | - | - | - | 0.0% | - | - | - | - |
| 10/22/08 thru 11/20/08 [2.] | 225.7 | 92,813.00 | 92,813.00 | 23.2% | 127.9 | 50,243.50 | 97.8 | 42,569.50 |
| 11/21/08 thru 12/31/08 | 170.6 | 68,069.50 | 160,882.50 | 40.2% | 106.3 | 40,574.00 | 64.3 | 27,495.50 |
| 1/1/09 -1/19/2009 [3.] | 169.6 | 77,571.00 | 238,453.50 | 59.6% | 116.3 | 52,746.50 | 53.3 | 24,824.50 |
| 1/20/09 - 4/09 | 811.3 | 299,384.50 | 537,838.00 | 134.5% | 620.7 | 216,839.50 | 190.6 | 82,545.00 |
| TOTAL [4.] | 1,377.2 | 537,838.00 | 537,838.00 | 134.5% | 971.2 | 360,403.50 | 406.0 | 177,434.50 |

Notes:

1. The Court approved the retention of the Borrowers' Committee nunc pro tunc to October 22, 2008.

2. On November 21, 2008, Gilbert Oshinsky LLP ("GO") and Zuckerman Spaeder LLP ("ZS") filed its joint application ("Joint Application") for retention as co-counsel to the Borrowers Committee.

3. On January 20, 2009, GO and ZS filed an application to the Court requesting authorization to retain an expert and to increase the fee cap to $400,000.

4. Excludes reimbursement requested for travel and expenses.

12. Fee Examiner suggests that the overriding issue for Borrowers' Committee is the existence of the fee cap and its impact on the Applicants' scope of work. Moreover, GO's use of ZS as co-counsel rather than as "local counsel" seems to have had the effect of expanding the scope of work despite Applicants' assertion that as co-counsel, each Applicant was responsible for matters separate and distinct from the other. Fee Examiner noted in his review that numerous matters involved both firms, particularly the numerous strategy sessions, calls with the Borrower's Committee, and the review of expert testimony. Fee Examiner suggests that the role of ZS as co-counsel rather than as only "local" counsel had the effect of expanding its role and correspondingly, the amount charged by Applicants and the need for two partners to review each other's work appears unreasonable in view of the existence of a fee cap.

13. Applicants' responded to Fee Examiner's initial information requests by providing a substantially more detailed explanation of the issues raised by the Borrowers' Committee and the outcome of its litigation. Applicants also provided an explanation of the roles of each of the professionals engaged by GO and ZS. Fee Examiner appreciates the effort expended by Applicants to provide Fee Examiner with a detailed explanation of the work performed, in both its written response to Fee Examiner and in their verbal discussions. The explanations provided by Applicants were very helpful to the Fee Examiner in his review of the tasks performed and relationship of those tasks to the scope of work defined by the Court in its approval of the formation of the Borrowers' Committee.

14. Fee Examiner found that it was unable to conclude that the tasks performed by Applicants were within the scope of work as defined by the Court given the broad interpretation of those tasks by

Applicants and the contested nature of the litigation. Therefore, Fee Examiner finds that it is appropriate to provide the Court with its analysis of the tasks performed and the time and costs allocated to each task. The chart included below (page 5 and 6) illustrates the hours and costs associated for certain key tasks / litigation matters, as defined and categorized by Fee Examiner. This information was derived from the descriptions provided by Applicants in their fee applications and as such is Fee Examiner's best estimate based upon its interpretation of those descriptions. Fee Examiner notes that the classification of these entries to the tasks defined by the Fee Examiner may be subject to dispute or changes by the Applicants. Nonetheless, Fee Examiner believes that the chart below provides the Court with a reasonably accurate depiction of the work performed by Applicants with respect to the primary tasks / litigation matters addressed by the Borrowers' Committee.

15. Fee Examiner did conclude that certain tasks performed appear to be outside of the scope of work as defined by the Court and suggests that the time spent on certain tasks appears to be inconsistent with the value brought to the Debtor's Estate. However, Fee Examiner recognizes that that the Borrower's Committee believed its obligation to its client required it to zealously assert its claims and aggressively represent the interests of the Borrowers' Committee in the case. The timeline of hours charged in the case appear to support Applicants' position that the majority of time spent on the case in excess of the fee cap occurred after 1/19/09 and after settlement discussions between Debtor's counsel and Borrower's Committee counsel had proven ineffective. In view of the contentious nature of the issues addressed by Borrower's Committee and the resulting litigation that ensued, Fee Examiner notes that portions of the amount charged after 1/19/09 for strategy sessions, document review, and the final hearing are reasonable and justifiable. At the same time, Fee Examiner suggests that the amount of hours expended on certain tasks by both firms give the appearance of duplication of effort, and that the analysis and research of documents appears to be overly extensive and unreasonable in view of the anticipated outcome in the case, the position exerted by the Debtor in defense of the Borrower's Committee Claims, and a reasonable person's attempt to adhere to the fee cap imposed by the Court. Furthermore, Fee Examiner finds that Applicants' responses still left questions as to the necessity of two or more partners for Applicants and two or more of their associates to review and edit the same documents, attend the same meetings, develop strategy, research objections to the plan, and attend conference calls. Specifically, Applicants failed to fully convince Fee Examiner of the reasonableness and lack of duplicate effort for the following tasks:

    a. Borrowers' Committee: Joint calls between co-counsel and Borrower's Committee to review strategy, case issues, etc. This category also included amounts for tasks such as meetings and conferences that were frequently attended by both partners of GO and ZS as well as other members of each firm. The time expended on this matter totaled 102.3 hours or $47,251.50 for GO and 74.1 hours or $34,760.00 for ZS, for a total of 176.4 hours or $82,011.50.

    b. Objections: This task category refers to the preparation, review, and edit of the confirmation plan and Borrowers' Committee objections to the plan. The amount expended totaled 102.8 hours or $42,932.50 for GO, 35.9 hours or $13,734.00 for ZS, for a combined total of 138.7 hours or $59,050.50.

    c. Borrowers Claims: This task refers to the review of AHM documentation and files related to the analysis of Borrowers' Claims. The amount expended totaled 15.4 hours or $6,148 by GO, 35 hours or $13,734 by ZS, for a total of 50.4 hours or $19,882.00.

    d. SEC / Discovery: This task refers to the review of loan documents and correspondence by both Applicants regarding obtaining documents reviewed / prepared by the SEC that were thought to be relevant to the Borrowers' claims. This category also includes the

review of AHM documents obtained from the SEC or from Debtor subsequent to the filing of a subpoena. The time expended on this matter totaled 60.5 hours or $21,909.50 for GO and 55.3 hours or $21,189.50 for ZS, for a total of 115.8 hours or $43,099.00.

e.  Borrowers' Committee Expert Witness: This task encompassed the review and preparation of the expert witness, her report and its supporting documents. Fee Examiner suggests that the amount incurred by Applicants for these tasks appears unreasonable in view of the total amount expended by the expert witness for the actual preparation and completion of the report. Fee Examiner found that the total hours spent by Applicants on issues involving the retention, preparation, and review of Saunders expert testimony amounted to a total of 151.6 hours or $59,529.50 for GO, 30.5 hours or $14,607.50 for ZS; a total of 244.4 hours or $98,822.00 in comparison to Saunders' 62.3 hours or $18,675.00.

f.  Objections to Expert Witness: Applicants' spent additional time in matters related to the objections to Saunders as an expert witness that were filed by the Debtor and UCC. The additional time related to the objections of the expert witness amounted to 86.8 hours or $33,702.50 by GO and 20.9 hours or $9,663.50 by ZS for a total of 107.7 hours or $43,366.00.

g.  Debtor's Witnesses: Fee Examiner notes the magnitude of time expended by Applicants' relating to the depositions of the Debtors' experts, where such time totaled 32 hours or $10,674.50 requested by GO, 3.8 hours or $1,874.00 requested by ZS, or 3.8 hours and $1,125.00 requested by Saunders, for a total of 39.6 hours or $13,673.50.

## SUMMARY OF TOTAL HOURS / $ BY TASK

| TYPE TASK | | TOTAL HRS | TOTAL $ | % Total $ |
|---|---|---|---|---|
| Disclosure Statement / Plan of Liquidation | | | | |
| Discl / Plan Statement | Read & Review Plan and/or Disclosure Statemen, Related Orders, Docket Rev & Corr Rel to Plan Voting & Balloting | 54.3 | 21,525.00 | 3.8% |
| Plan Trust | Research obj. rel to asset alloc / structure of liquidating trust / stipulated asset allocation, incl trustee conflict of interest, confidentiality agee | 25.9 | 9,354.00 | 1.7% |
| Objections | Prepare & File Obj to Plan & Revised Term Sheet | 138.7 | 59,050.50 | 10.5% |
| Borr Claims | Research & Corr related to Borrowers' Claims and whether known to Borrower. Review Bylaws, Loan Files, AHM Docs. | 50.4 | 19,882.00 | 3.5% |
| Due Process | Research, Corr & Obj to bar dates and other due process arguments | 30.2 | 9,842.00 | 1.7% |
| Equit Sub | Address objection related to equitable subordination | - | - | 0.0% |
| EPD/BOW | Address objections related early pmt defaults and breach of warranty claims Review Docs rel to Ins Coverage (rel to EPD/BOW) | 47.3 | 15,913.00 | 2.8% |
| Stay | Research & Corr rel to automatic stay provisions | 7.3 | 2,758.50 | 0.5% |
| Res Tort Claims | Research Bankruptcy Court handling of non mtg related tort claims (eg insurance/asbestos) | 52.8 | 16,944.50 | 3.0% |
| SEC / Discovery | Review SEC docs, debtors f/s & corr rel to same, Discovery & review of AHM documents | 115.8 | 43,099.00 | 7.7% |
| Best Interest | Best Interest Test - Review FS, MOR | 2.9 | 1,075.00 | 0.2% |
| BC Expert Witness | Research & Corr ref retention of BC expert witness (Saunders) | 244.4 | 92,822.00 | 16.5% |
| Obj - BC Expert | Address objections to expert witness | 107.7 | 43,366.00 | 7.7% |
| Debtors Expert | Research & Corr ref Debtor's expert witness (Fernandes). Includes motions in limine | 39.6 | 13,673.50 | 2.4% |
| Borr Comm | Strategy. Prep & Attend Borrowers Committee Calls, related corr | 176.4 | 82,011.50 | 14.6% |
| Hearing | Prep & Attend Confirmation Hearing | 235.5 | 80,869.00 | 14.4% |
| Other | Unable to categorize Incl calls w/ Borr Committee, items related to Discl Statement - unexplained | 10.7 | 4,149.50 | 0.7% |
| **Total Disclosure Statement / Plan of Liquidation** | | **1,339.8** | **516,335.00** | **91.7%** |

## SUMMARY OF GILBERT OSHINSKY, LLP (GO) HOURS / $ BY TASK

| TYPE TASK | | GO Hrs | GO $ | % of Task $ | % Total ($) |
|---|---|---|---|---|---|
| Disclosure Statement / Plan of Liquidation | | | | | |
| Discl / Plan Statement | Read & Review Plan and/or Disclosure Statemen, Related Orders, Docket Rev & Corr Rel to Plan Voting & Balloting | 25.4 | 8,600.00 | 40.0% | 2.4% |
| Plan Trust | Research obj. rel to asset alloc / structure of liquidating trust / stipulated asset allocation, incl trustee conflict of interest, confidentiality agee | 23.2 | 8,044.50 | 86.0% | 2.2% |
| Objections | Prepare & File Obj to Plan & Revised Term Sheet | 102.8 | 42,932.50 | 72.7% | 11.8% |
| Borr Claims | Research & Corr related to Borrowers' Claims and whether known to Borrower.  Review Bylaws, Loan Files, AHM Docs. | 15.4 | 6,148.00 | 15.9% | 1.7% |
| Due Process | Research, Corr & Obj to bar dates and other due process arguments | 27.4 | 8,506.00 | 86.4% | 2.3% |
| Equit Sub | Address objection related to equitable subordination | - | - | | 0.0% |
| EPD/BOW | Address objections related early pmt defaults and breach of warranty claims Review Docs rel to Ins Coverage (rel to EPD/BOW) | 46.0 | 15,295.5 | 96.1% | 4.2% |
| Stay | Research Corr rel to automatic stay provisions | 5.9 | 2,085.50 | 75.6% | 0.6% |
| Res Tort Claims | Research Bankruptcy Court handling of non mtg related tort claims (eg insurance/asbestos) | 45.4 | 14,534.50 | 85.8% | 4.0% |
| SEC / Discovery | Review SEC docs, debtors f/s & corr rel to same, Discovery & review of AHM documents | 60.5 | 21,909.50 | 50.8% | 6.0% |
| Best Interest | Best Interest Test - Review FS, MOR | 2.2 | 735.00 | 68.4% | 0.2% |
| BC Expert Witness | Research & Corr ref retention of BC expert witness (Saunders) | 151.6 | 59,539.50 | 80.3% | 16.4% |
| Obj - BC Expert | Address objections to expert witness | 86.8 | 33,702.50 | 77.7% | 9.3% |
| Debtors Expert | Research & Corr ref Debtor's expert witness (Fernandes). Includes motions in limine | 32.0 | 10,674.50 | 78.1% | 2.9% |
| Borr Comm | Strategy. Prep & Attend Borrowers Committee Calls, related corr | 102.3 | 47,251.50 | 57.6% | 13.0% |
| Hearing | Prep & Attend Confirmation Hearing | 193.5 | 61,024.00 | 75.5% | 16.8% |
| Other | Unable to categorize Incl calls w/ Borr Committee, items related to Discl Statement - unexplained | 1.0 | 525.00 | - | 0.1% |
| Total Disclosure Statement / Plan of Liquidation | | 921.4 | 341,508.00 | 66.1% | 94.1% |

## SUMMARY OF ZUCKERMAN SPAEDER, LLP (ZS) TOTAL HOURS / $ BY TASK

| TYPE TASK | | ZS Hrs | ZS $ | % of Task $ | % Total ($) |
|---|---|---|---|---|---|
| Disclosure Statement / Plan of Liquidation | | | | | |
| Discl / Plan Statement | Read & Review Plan and/or Disclosure Statemen, Related Orders, Docket Rev & Corr Rel to Plan Voting & Balloting | 28.9 | 12,925.00 | 60.0% | 7.3% |
| Plan Trust | Research obj. rel to asset alloc / structure of liquidating trust / stipulated asset allocation, incl trustee conflict of interest, confidentiality agee | 2.7 | 1,309.50 | 14.0% | 0.7% |
| Objections | Prepare & File Obj to Plan & Revised Term Sheet | 35.9 | 16,118.00 | 27.3% | 9.1% |
| Borr Claims | Research & Corr related to Borrowers' Claims and whether known to Borrower.  Review Bylaws, Loan Files, AHM Docs. | 35.0 | 13,734.00 | 35.6% | 7.7% |
| Due Process | Research, Corr & Obj to bar dates and other due process arguments | 2.8 | 1,336.00 | 13.6% | 0.8% |
| Equit Sub | Address objection related to equitable subordination | - | - | | 0.0% |
| EPD/BOW | Address objections related early pmt defaults and breach of warranty claims Review Docs rel to Ins Coverage (rel to EPD/BOW) | 1.3 | 617.5 | 3.9% | 0.3% |
| Stay | Research & Corr rel to automatic stay provisions | 1.4 | 673.00 | 24.4% | 0.4% |
| Res Tort Claims | Research Bankruptcy Court handling of non mtg related tort claims (eg insurance/asbestos) | 7.4 | 2,410.00 | 14.2% | 1.4% |
| SEC / Discovery | Review SEC docs, debtors f/s & corr rel to same, Discovery & review of AHM documents | 55.3 | 21,189.50 | 49.2% | 11.9% |
| Best Interest | Best Interest Test - Review FS, MOR | 0.7 | 340.00 | 31.6% | 0.2% |
| BC Expert Witness | Research & Corr ref retention of BC expert witness (Saunders) | 30.5 | 14,607.50 | 19.7% | 8.2% |
| Obj - BC Expert | Address objections to expert witness | 20.9 | 9,663.50 | 22.3% | 5.4% |
| Debtors Expert | Research & Corr ref Debtor's expert witness (Fernandes). Includes motions in limine | 3.8 | 1,874.00 | 13.7% | 1.1% |
| Borr Comm | Strategy. Prep & Attend Borrowers Committee Calls, related corr | 74.1 | 34,760.00 | 42.4% | 19.6% |
| Hearing | Prep & Attend Confirmation Hearing | 42.0 | 19,845.00 | 24.5% | 11.2% |
| Other | Unable to categorize Incl calls w/ Borr Committee, items related to Discl Statement - unexplained | 9.7 | 3,624.50 | 87.3% | 2.0% |
| Total Disclosure Statement / Plan of Liquidation | | 352.4 | 155,027.00 | 30.0% | 87.4% |

16. During the course of his review and examination, Fee Examiner determined that several of the entries for Unreviewed Fees/Expenses detailed in the fee applications did not provide sufficient explanation or information and therefore requested additional documentation to support these claims in accordance with the applicable standards of section 330 of the Bankruptcy Code, Local Rule 2016-2 and any other applicable law.  Fee Examiner also questioned certain entries that could be perceived as being clerical, excessive or duplicative of other professionals in the case. The total fee amount questioned by Fee Examiner in his letter to GO dated May 27, 2009 amounted to $212,704.50 and the total expenses questioned amount to $4,003.70.  The total fee amount questioned by Fee Examiner in his letter to ZS dated May 27, 2009 amounted to $77,113.00 and the total expenses questioned amounted to $480.91.

17. Applicants provided their responses via letters dated July 20, 2009 and via telephonic conferences with the Fee Examiner and his associate on October 5th.

18. GO addressed certain issues raised in Fee Examiner's letter to Applicant by agreeing to reduce its fees by a total of $4,037.00 and its expenses by $1,087.27 for a total reduction of $5,124.27. These time entry and expense items are detailed in the chart below.

| Time Entry Date | Professional | Hrs Adjusted | Amount | Time Entry Description | Fee Examiner Comment | Applicant Response |
|---|---|---|---|---|---|---|
| 2/13/09, 2/14/09 2/16/09 | Holland | 1.6 2.8 0.8 3.1 | $1,992,00 | Draft fee app, revise Jan time and fee apps, review draft fee apps | Please provide an explanation as to the nature of these tasks, if deemed not to be clerical. Fee Examiner notes that the review of fee apps by Holland is in addition to reviews performed by either or both Weisbrod and Winstead. | Although the explanation is the same as above, GO is willing to withdraw its request for compensation for these particular time entries by Ms. Holland, in light of similar work performed by GO attorneys. |
| 1/22/09 | Kahler | 5.4 | $ 972.00 Reduced by $320. | Review court docket and prepare parties list. Prepare exhibits in support of filing. | These tasks appear to the examiner to be more clerical in nature. Please provide an explanation as to whether these tasks represent more than clerical activities. | Kahler's role included preparing court pleadings, analyses of recently filed pleadings which required reviewing the court docket and an understanding of the parties involved, and preparing exhibits, Even though CO believes these duties *are* not merely clerical in nature, GO agrees to reduce the fees requested in the amount of $320.00. |
| 2/2 - 2/10/09 | Casey | Various Reduced by 6.9 hrs over the period 2/9/09 – 2/11/09 | $13,250.00 T Fees reduced by a total of $1,725 at $250/hr/ | Preparation of documents for confirmation hearing. Prepare for Confirmation hearing. | Fee Examiner cites this entry as an example of "lumping" and requests a more detailed explanation of the specific tasks performed, | Casey revised time entries. Time *for 2/9/09, 2/10/09 and 2/11/09 was incorrectly calculated and has been reduced accordingly. |
| 10-7-08 10/10/08 , 11/20/08 | Weisbrod Gilbert Oshinsky | Expense | $256.92 $26.37 $248.50 | Meal, train, taxi Tel Conf Call Meal, train, taxi | Comment - expenses incurred prior to October 22, 2008 | Inadvertently billed; withdraw request for reimbursement |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | Weisbrod |  |  | for hearing dated 9/23/08 |  |  |
| 12/18/08. | Weisbrod | Expense | $444.53<br><br>Exp reduced by $222.26 | Lodging NYC 1 11/ 3- 11/4 | Receipt requested. Please comment on why an overnight stay was required | Receipt #1 attached. SW was in NY for 2 clients and could not perform all necessary tasks and return to D.C. the same day; lodging should have been split. GO reduces its request for reimbursement to $222.27 |
| 2/27/09 | Gilbert Oshinsky | Expense | $483.99<br><br>Exp reduced by $333.22 | FedX | Please comment as to nature/purpose of expense. | 2 FedEx boxes of materials sent to M. Saunders on 2127/09 in preparation for deposition; totaling $150.77. GO reduces its request for reimbursement to $150.77 |

19. ZS addressed certain issues raised in Fee Examiner's letter in reference to the perceived duplication of efforts with GO, duplicate phone calls same day, and discrepancies between time billed on joint calls with co-counsel. ZS provided various explanations which appear reasonable on their face.  These include typographical errors in the time entry descriptions, an explanation of the roles of various staff, and further information as to attendees on a call with counsel. The explanation provided by ZS for time discrepancies between co-counsel was said to be the result of one person either leaving late or arriving early to a call.  As an example, ZS points to the hearing on 11/25/08 which was noted in the transcript as being 2 hrs 10 min and which was charged 1.5 hrs by GO and 2.7 hrs by ZS.  Issues raised by Fee Examiner with regard to the perceived appearance of a duplication of effort on certain tasks are addressed in item #14 above.

ZS did not agree to reduce its fees by any amount in response to the issues raised by Fee Examiner.

20. Fee Examiner found that ZS increased its billing rates just over two months from the date fee applicant was retained in this case, and only 21 days after the submission of its Declaration was heard by the court, which included Applicant's expected billing rate. Fee Examiner believes that the increase in rates charged by ZS, though not excessive, should have been disclosed more fully at the time of its filing of its application with the Court.  The rate increase amounted to additional fees charged to the estate of $2,787.50.  Fee Examiner agrees with Applicant's contention that the retention application allowed for periodic increases in its rates, but respectfully disagrees with its assertion that it was unreasonable to anticipate said increase and to proactively advise the Court of the potential for an impending increase within just a few weeks of filing of the joint application to be retained.

21. Fee Examiner requested additional information regarding the issues involved in the filing of the retention application and conflict checks.  Fee Examiner notes that the amount expended by the Applicants on issues related to their retention, the review of their fee applications, the retention of the Borrowers' Committee's expert witness, and the preparation and review of their retention documents were significant at a total of 98.3 hours or $38,835.50.  Given the short time frame for which the Applicants' were engaged, the few number of fee applications filed, and the limitations of the fee cap, these amounts are perceived by Fee Examiner to be disproportionately high as compared to the total amounts charged in the case and to the value of the retention of the Borrowers' Committee to the Debtor's Estate.

## TOTAL HOURS / $ BY TASK RELATED TO RETENTION MATTERS

| TYPE TASK | | TOTAL HRS | TOTAL $ | % Total $ |
|---|---|---|---|---|
| Retention Matters (Incl Prep/Review of Fee Applications) | | | | |
| Conflicts | Conflict Checks | 3.7 | 1,292.00 | 0.2% |
| Docs | Prepare & Review Retention Application, Motion & Other Documents (Includes Corr w/ Co-Cousel and Other Professionals) | 28.0 | 11,226.50 | 2.0% |
| Objection | Address Objection Issues | 2.6 | 1,225.50 | 0.2% |
| Hearing | Retention Hearing - Prepare and Attend | 11.9 | 5,059.50 | 0.9% |
| Retention | Retention/Fee app related charged to Disclosure Statement Category | 22.1 | 10,571.50 | 1.9% |
| Fee App | Prep & Review Fee Apps | 29.8 | 9,365.50 | 1.7% |
| **Total Retention Matters (Incl Prep/Review of Fee Applications)** | | **98.1** | **38,740.50** | **6.9%** |

## SUMMARY OF GILBERT OSHINSKY, LLP HOURS / $ BY TASK RELATED TO RETENTION MATTERS

| TYPE TASK | | GO Hrs | GO $ | % of Task $ | % Total ($) |
|---|---|---|---|---|---|
| Retention Matters (Incl Prep/Review of Fee Applications) | | | | | |
| Conflicts | Conflict Checks | 1.7 | 612.00 | 47.4% | 0.2% |
| Docs | Prepare & Review Retention Application, Motion & Other Documents (Includes Corr w/ Co-Cousel and Other Professionals) | 5.3 | 2,551.50 | 22.7% | 0.7% |
| Objection | Address Objection Issues | 1.0 | 525.00 | 42.8% | 0.1% |
| Hearing | Retention Hearing - Prepare and Attend | 11.0 | 4,620.00 | 91.3% | 1.3% |
| Retention | Retention/Fee app related charged to Disclosure Statement Category | 3.4 | 1,647.50 | 0.0% | 0.5% |
| Fee App | Prep & Review Fee Apps | 27.4 | 8,939.50 | 95.5% | 2.5% |
| **Total Retention Matters (Incl Prep/Review of Fee Applications)** | | **49.8** | **18,895.50** | **48.8%** | **5.2%** |

## SUMMARY OF ZUCKERMAN SPAEDER, LLP HOURS / $ BY TASK RELATED TO RETENTION MATTERS

| TYPE TASK | | ZS Hrs | ZS $ | % of Task $ | % Total ($) |
|---|---|---|---|---|---|
| Retention Matters (Incl Prep/Review of Fee Applications) | | | | | |
| Conflicts | Conflict Checks | 2.0 | 680.00 | 52.6% | 0.4% |
| Docs | Prepare & Review Retention Application, Motion & Other Documents (Includes Corr w/ Co-Cousel and Other Professionals) | 22.7 | 8,675.00 | 77.3% | 4.9% |
| Objection | Address Objection Issues | 1.6 | 700.50 | 57.2% | 0.4% |
| Hearing | Retention Hearing - Prepare and Attend | 0.9 | 439.50 | 8.7% | 0.2% |
| Retention | Retention/Fee app related charged to Disclosure Statement Category | 18.7 | 8,924.00 | 84.4% | 5.0% |
| Fee App | Prep & Review Fee Apps | 2.4 | 426.00 | 4.5% | 0.2% |
| **Total Retention Matters (Incl Prep/Review of Fee Applications)** | | **48.3** | **19,845.00** | | **11.2%** |

In response to Fee Examiner's initial report regarding this matter, ZS states that it believes that amount of its fees for its retention fee matters, on its face, to be more than reasonable and stated that an extensive search was required to prepare its conflict check and four professionals were required (including the two partners of GO and ZS and two associates). Other than the magnitude of time (and consequently the fee amount involved) expended for retention matters, Fee Examiner finds no further basis on which to dispute these charges.

22. Fee Examiner finds that ZS has provided a reasonable explanation and adequate supplemental documentation (receipts) in support of Applicants' request for reimbursement of certain expense

entries questioned by Fee Examiner.

23. Fee Examiner finds that the Fee Application of Saunders was acceptable and, overall met the requirements and applicable standards of section 330 of the Bankruptcy Code, Local Rule 2016-2 and other applicable law. Fee Examiner noted that certain time entries were expressed in 15 minute increments rather than the required 6 minute increments but concluded that the explanations appeared reasonable in view of the time charged and that requesting a recalculation of those time entries would not result in any beneficial value to the Estate. Fee Examiner finds that Saunders has provided a reasonable explanation and adequate documentation in support of the Applicant's request for reimbursement of its expense entries.

## CONCLUSION

24. The full amount of fees and expenses requested by the Applicants in their First Interim Fee Application currently awaits approval by the Court. In view of the concessions agreed to by the Applicants, as described above, Fee Examiner recommends that the maximum amount to be approved by the Court should equal but not exceed the adjusted amounts, as follows:

   a. GO: $358,702.75 of fees and $15,166.55 of expenses, for a total of $373,869.30.
   b. ZS: $177,434.50 of fees and $9,235.38 of expenses for a total of $186,669.88.
   c. Saunders: $22,725 of fees and $2,378.15 of expenses for a total of $25,103.15.

The Fee Cap imposed by the Court and the Requested Fee Cap amount currently under consideration by the Court are matters not addressed by the Fee Examiner as part of his scope of work. Nevertheless, Fee Examiner is of the belief that Applicants' should have given more consideration to the allocation of their resources and time with respect to such fee constraints in pursuing the interests of their client.

Fee Examiner recommends that the Court consider the appropriateness of requesting an additional discount of the fee requests of GO and ZS, after giving consideration to the appearance of a duplication of effort and excessive time billed for certain case matters and tasks.

October 6, 2009

Respectfully submitted,
*s/ M. Jacob Renick*
M. Jacob Renick, CPA, CIRA, CFE
Fee Examiner
NachmanHaysBrownstein, Inc.
Olympic Tower
645 Fifth Avenue, 8th Floor
New York, NY 10022
(212) 848-0252
(212) 751-3512 (fax)
jrenick@nhbteam.com