IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 : Ref. Docket No. 8049 & 8237
                                                                 :
---------------------------------------------------------------- x

### REPLY IN SUPPORT OF DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 WITH RESPECT TO CLAIM OF LAURA BEALL

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this reply in support of their Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 8049] (the "Claim Objection") with respect to claim numbered 9845 (the Beall Claim), filed by Laura Beall ("Ms. Beall"). In support thereof, the Debtors respectfully represent as follows:

### RELEVANT BACKGROUND

1.  On January 29, 2008, Ms. Beall filed the Beall Claim, a copy of which is attached hereto as Exhibit A, against the Debtors. In support of the Beall Claim, Ms. Beall submitted a document entitled Complaint in Support of Proof of Claim (the "Supporting Documentation"). Pursuant to the Supporting Documentation, Ms. Beall enumerated approximately twenty (20) causes of action by which she contends the Debtors are collectively

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

liable. All of the causes of action arise out of a single loan transaction with Ms. Beall which closed on or about May 20, 2004 (over three years prior to the Debtors' bankruptcy filing).

2.  On or about April 8, 2008, Ms. Beall filed her *Emergency Motion of Laura Beall for an Order for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 3585] (the "Stay Motion"), a copy of which is attached hereto as Exhibit B. Pursuant to the Stay Motion, Ms. Beall requested relief from the automatic stay to permit her to file a complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, against American Home Mortgage Corp. Specifically, Ms. Beall sought permission to file a complaint alleging violations of Ms. Beall's rights under (1) the Consumer Protection Act, 15 U.S.C. § 1601, et seq.; (2) the Truth in Lending Act – Regulation Z of the Federal Reserve Board, 12 C.F.R. Part 226; and (3) the Real Estate Settlements Procedures Act, 12 U.S.C. § 2601 et seq., RICO violations, unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, breach of contract, civil conspiracy, and violation of the Fair Debt Collections Act. (Stay Motion, ¶ 1.)

3.  On or about April 22, 2008, the Debtors filed their *Limited Objection to Emergency Motion of Laura Beall for an Order for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 3796] (the "Debtors' Stay Objection"), a copy of which is attached hereto as Exhibit C. Pursuant to the Debtors' Stay Objection, the Debtor objected to Ms. Beall's Stay Motion on the basis that the Stay Motion failed to provide adequate information regarding the details of the planned lawsuit and requested that a draft complaint be provided prior to stay relief being granted. The Official Committee of Unsecured Creditors joined in the Debtors' Stay Objection [Docket No. 3800] and, in addition, argued that Ms. Beall failed to articulate why stay relief is granted rather than resolving such claim as part of the claims resolution process.

4.⠀⠀⠀⠀⠀On April 24, 2008, the Court held a hearing (the "Stay Hearing") to consider the Stay Motion. At the Stay Hearing, the Court determined to grant the relief requested in the Stay Motion basis that Ms. Beall should have the opportunity to choose her forum to address the merits of her claim:

> I would add that, you know, were we in a full litigation in connection with this proof of claim and the Court was faced with deciding the issue I don't know what I would do in connection with abstaining from deciding it and allowing the judges in Virginia to deal with it, but I would be very open to that kind of approach. And I think the reality is somebody's going to have to decide this claim at some point in the future. We've waited long enough. Ms. Beall has a right, as the plaintiff, to choose her forum. She's chosen the forum and the method of proceeding. I don't think the Debtors would be substantially prejudiced in any way in defending the case in Virginia as opposed to here.

4/28/08 Hr'g Tr. [Docket No. 4100], pp. 16-18. A copy of the transcript is attached hereto as Exhibit D.

5.⠀⠀⠀⠀⠀On April 24, 2008, the Court entered an *Order Granting Emergency Motion for Relief from the Automatic Stay* [Docket No. 3844] (the "Stay Relief Order"), a copy of which is attached hereto as Exhibit E, whereby the Court modified the automatic stay to permit Ms. Beall to initiate her claims against the Debtor (as defined in the Motion); and to satisfy any judgement [sic] awarded or settlement reached from the Debtors' insurance.

6.⠀⠀⠀⠀⠀Following entry of the Stay Relief Order, Ms. Beall retained the J.E. Bowman Law Firm and, on July 30, 2008, commenced her action against the Debtors in the Eastern District of Virginia, Richmond Division, case number 3:08-cv-482-RLW[2] (the "Virginia Action"). A copy of the complaint dated July 30, 2008 is attached hereto as Exhibit F.

7.⠀⠀⠀⠀⠀On October 8, 2008, the Debtors' counsel in the underlying litigation filed their *Motion to Dismiss Plaintiff's Complaint* and related *Memorandum of Law In Support of their Motion to Dismiss Plaintiff's Complaint* (the "Memo in Support of Motion to Dismiss"), a

---

[2]⠀⠀Following a transfer of venue to the Alexandria Division, the Virginia District Court Action was docketed as 08-cv-1307.

3

copy of which is attached hereto as Exhibit G. To the extent applicable, the Debtors incorporate the Memo in Support of Motion to Dismiss by reference, as if set forth fully within this Reply.

8. On or about December 17, 2008, Ms. Beall, through her counsel, filed an amended complaint (the "Amended Complaint"), a copy of which is attached hereto as Exhibit H. By the Amended Complaint, Ms. Beall voluntarily removed several causes of action from the Virginia Action, including violations of the Real Estate Settlement Procedures Act (RESPA), violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), and violations of the Truth in Lending Act (TILA). The causes of action remaining against the Debtors in the Amended Complaint were based on (i) fraudulent concealment; (ii) breach of fiduciary duty; (iii) Equal Credit Opportunity Act (ECOA); and (iv) negligence.

9. On February 6, 2009, the Virginia District Court held a hearing regarding the Memo in Support of Motion to Dismiss and subsequently dismissed, with prejudice, all counts of the Amended Complaint against the Debtors. Copies of the transcript of the hearing and order dismissing all counts against the Debtors are attached hereto as Exhibit I.

10. On September 11, 2009, following the rejection of a settlement offer by the Debtors, the Debtors filed the Claim Objection with respect to, among others, the Beall Claim. As noted in the Claim Objection, Ms. Beall was provided a full opportunity to litigate her claims in the Virginia Action.

11. On October 5, 2009, Ms. Beall, through counsel different than counsel representing her during the Virginia Action, filed her *Response to Debtors' Objection to Claim* [Docket No. 8237] (the "Response"). By the Response, Ms. Beall essentially argues that the Supporting Documentation should trump all subsequent actions by Ms. Beall following the entry of the Stay Relief Order and that the Beall Claim should be permitted to advance to final disposition.

4

## REPLY

### A. Ms. Beall Had a Full Opportunity to Litigate Her Claims

12. Ms. Beall's Response argues that she is collaterally estopped from proceeding only as to those theories that were specifically included in the Amended Complaint: violations of the Equal Credit Opportunity Act and negligence. As an initial matter, Ms. Beall fails to include the fraudulent concealment and breach of fiduciary duty claims, each of which were asserted as separate causes of action against the Debtors in the Virginia Action.

13. More important, however, is that Ms. Beall is attempting to utilize the overlay of the bankruptcy process to obtain a second bite at the apple. Indeed, by her Stay Motion, Ms. Beall requested, and was granted, Court authority to proceed against the Debtors for (1) allegations of violations of Ms. Beall's rights under (1) the Consumer Protection Act, 15 U.S.C. § 1601, et seq.; (2) the Truth in Lending Act – Regulation Z of the Federal Reserve Board, 12 C.F.R. Part 226; and (3) the Real Estate Settlements Procedures Act, 12 U.S.C. § 2601 et seq., RICO violations, unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, breach of contract, civil conspiracy, violation of Fair Debt Collections Act. (Stay Motion, ¶ 1.). Indeed, Ms. Beall reiterated her goal to address her issues relating to the origination and alleged predatory lending for her loan at the Stay Hearing, specifically highlighting her concerns with respect to RESPA, TILA and failing to honor borrwer rights (i.e., contracts) (Hr'g Tr. p. 3), origination issues (Hr'g Tr. p. 5), misrepresenting what loans were available to Ms. Beall (Hr'g Tr. p. 5), the true ownership of her loan (Hr'g Tr. p. 5), the yield spread premium as an incentive to defraud borrowers (Hr'g Tr. p. 6-8), and predatory lending (Hr'g Tr. p. 9).

14. As a result of the information contained in the Beall Claim, including the Supporting Documentation (See Hr'g Tr. 10-15), the Stay Motion and the representations made

on the record by Ms. Beall, the Court determined that Ms. Beall should be permitted to chose the forum and method in which she was to litigate all of her claims (Hr'g Tr. 16-18).

15. Ms. Beall should be judicially estopped from using the bankruptcy forum, which she affirmatively opted out of, to resurrect claims which this Court specifically intended to be litigated in the Virginia Action. See Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996) (Judicial estoppel, sometimes called the doctrine against the assertion of inconsistent positions, is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding.). Indeed, allowing the Beall Claim to move forward in this Court, in any manner, prejudices the Debtors by requiring them to litigate the Beall Claim in two separate forums. Id. (The basic principle . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.)

16. Even if Ms. Beall were not judicially estopped from asserting her remaining claims, Ms. Beall should be prohibited from litigating her other claims now because the alternative would allow her to engage in improper claim splitting. See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 Fed. Appx. 256, 265 (4th Cir. 2008) (The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.) (internal citations omitted); Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 490 (4th Cir. 1981) (The rule against claim splitting is one of the principles of res judicata.).

17. In a claim splitting situation, the second suit will be barred if the claim involves the same parties and arises out of the same transaction and occurrence or series of transactions as the first claim. Sensormatic Sec. Corp., 273 Fed. Appx. at 265 (citing Trustmark Insur. Co. v ESULU, Inc., 299 F.3d 1265, 1269-70 (11th Cir. 2002)); see also Bill Greever Corp.

v. Tazewell Nat'l Bank, 504 S.E.2d 854, 856 (Va. 1998) (Courts have imposed a rule prohibiting claim-splitting based on public policy considerations similar to those underlying the doctrine of res judicata: avoiding a multiplicity of suits, protecting against vexatious litigation, and avoiding the costs and expenses associated with numerous suits on the same cause of action.). Applying the doctrine of res judicata enforces the rule against claim-splitting by barring further litigation of claims which could have been litigated between the parties in an earlier proceeding. Bill Greever Corp., 504 S.E.2d at 856.

18.  Here, the facts and actions set forth in the Amended Complaint involve the same parties and arise out of the same transaction – the origination of a <u>single</u> loan to Ms. Beall - as those now being asserted in the Beall Claim. Specifically, the Amended Complaint asserts that AHM misrepresented material facts and knew of such misrepresentations (Am. Compl. ¶ 34), Ms. Beall was misled regarding the loans in which she qualified (Am. Compl. ¶ 36); the Debtors failed to disclose information regarding the loan program (Am. Compl. ¶ 39); the Debtors failure to comply with the qualified RESPA requests (Am. Compl. ¶ 42); the loan she obtained was "predatory" (Am. Compl. ¶ 45); the Debtors were offering improper yield spread premiums to incentive brokers to place borrowers in predatory loans (Am. Compl. ¶ 48-49, 52-54)[3]; Ms. Beall justifiably relied on Eagle (Am. Compl. ¶ 55); the Debtors actively misled Ms. Beall into thinking that she was getting the most favorable loan terms (Am. Compl. ¶ 65); Ms. Beall was targeted to fulfill needs for the Debtors' securitization pools (Am. Compl. ¶ 69); Ms. Beall was induced into believing she had the most favorable loan terms (Am. Compl. ¶ 71); the Debtors were acting as an agent and principal of Eagle (Am. Compl. ¶ 79); the Debtors had a legal duty to follow proper real estate procedures of mortgage lenders (Am. Compl. ¶ 80); and the Debtors' actions caused emotional distress and economic damages (Am. Compl ¶ 81).

---

[3]  All foregoing paragraphs of the Amended Complaint were realleged for each cause of action against the Debtors.

19. Because each of these facts are part and parcel of the <u>sole</u> loan origination transaction –all of the causes of action asserted under the Beall Claim (i.e., fraud, misrepresentation, concealment of contract terms, duties to Ms. Beall, emotional distress, justifiable reliance and unfair practices) relate to the same transaction and/occurrence with Ms. Beall. Accordingly, Ms. Beall should have brought <u>all</u> of her claims in the Virginia Action and should not now be permitted to split her claims between the Virginia Action and this Court.

**B.  To the Extent that Any Liability Remains Relating to the Beall Claim, Such Claim Should Be Immediately Reclassified as a General Unsecured Claim and Modified to Reflect Asserted Liability Against American Home Mortgage Corp.**

20. Pursuant to the Beall Claim, Ms. Beall asserts that she is entitled to a secured claim of $525,000 and an unsecured nonpriority claim of $525,000 for damages related to an alleged illegal loan. Ms. Beall alleges that the secured portion of amounts owing is secured by real estate, however, Ms. Beall does not have a security interest in any property of the Debtors. To the extent that Ms. Beall asserts an interest in her residence or related mortgage, the Debtors do not own such mortgage or property. Moreover, there is no other legal basis for a secured claim against the Debtors. Accordingly, the Beall Claim is not entitled to secured status and should be reclassified, to the extent a claim exists at all, to general unsecured status pending further disposition of the claim.

21. Additionally, the Beall Claim appears to assert causes of action against all of the Debtors by stating the claim is against "American Home Mortgage Holdings Inc. et al." Absent the requirement that a single proof of claim be filed for each debtor entity, Ms. Beall's causes of action arise from the origination of her loan with American Home Mortgage Corp., and

8

not with any other Debtor. Both the Complaint and Amended Complaint assert liability against the single debtor entity - American Home Mortgage Corporation.[4]

C.  **Assuming *arguendo* that Ms. Beall May Assert Additional Causes of Action, Such Causes of Action Should Be Limited**

22.  Assuming that the Beall Claim is not disallowed in its entirety due to the arguments asserted in the Objection and the Reply, the Court should narrow and/or limit the remaining claims in which the parties will be required to seek final disposition. Specifically, the Beall Claim identifies nearly 20 causes of action, of which multiple actions are barred by applicable statute of limitations (TILA, RESPA), are asserted under inapplicable statutes (Federal Trade Commission Act), and/or are repetitive of other asserted claims. For the Court's convenience, the Debtors have attached a list (Exhibit J hereto) of the asserted actions under the Beall Claim and the Debtors' preliminary responses thereto.

*Remainder of Page Left Blank By Intention*

---

[4] Ms. Beall does assert liability against American Broker Conduit, which is a d/b/a of American Home Mortgage Corp. Additionally, Ms. Beall asserts liability (which was also dismissed with prejudice in the Virginia Court Action) against the non-debtor purchaser of the Debtors' servicing business, AH Mortgage Acquisition Co., Inc.

## RESERVATION OF RIGHTS

23. To the extent that the Beall Claim is not disallowed in its entirety, the Debtors reserve their rights to supplement their Objection and this Reply, and to assert any defenses as necessary to contest any remaining causes of actions and facts alleged by Ms. Beall in support of her claim pending final disposition of any remaining claims.

Dated: October 7, 2009
      Wilmington Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession