## Exhibit B

**Stay Motion**

**IN THE UNITED STATES BANKARUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

In Re:                                              Chapter 11

AMERICAN HOME MORTGAGE                              Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation
et, al.,                                            **Objections Due By:** TBD
                        Debtors.                    **Hearing Date:** TBD

### NOTICE OF EMERGENCY MOTION

TO:  Debtor's Counsel, Counsel for the Official Committee of unsecured Creditors, The
     United States Trustee and all other parties directly affected by this motion.

     Laura Beall has filed an Emergency Motion for Relief from Automatic Stay which
seeks the following relief:
     To permit Laura Beall to initiate a complaint against Debtors in Federal Court to be
able to exercise her right of due process in order to preserve her home ownership.

   **HEARING ON THE EMERGENCY MOTION WILL BE HELD AT THE
COURT'S CONVENIENCE.**

     You are required to file a response and the supporting documentation required by
Local Rule 4001-1(d) to the attached motion at least five business days before the above
hearing date.

     At the same time, you must also serve a copy of the response upon Movant.

                         Laura Beall, pro see
                         11002 Blue Roan Road
                         Oakton, Virginia 22124
                         (703) 691-9092

     The hearing date specific above may be a preliminary hearing or may be
consolidated with the final hearing, as determined by the Court.

     The Debtor's counsel and Plaintiff shall confer with respect to the issues raised by
the motion in advance for the purpose of determining whether a consent judgment may be
entered and/or for the purpose of stipulating to relevant facts such as value of the
property, and the extent and validity of any security instrument.

 April 4, 2008                              By: /s/Laura Beall
                                               Laura Beall

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. At., | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered |
| Debtors, | )<br>) |
| LAURA BEALL,<br>Movant, | )<br>)<br>) |
| | ) **Objection Deadline: TBD** |
| AMERICAN HOME MORTGAGE CORP.,<br>et., al., | ) **Hearing Date: TBD**<br>)<br>) |
| Respondent. | )<br>) |

### EMERGENCY MOTION

### OF LAURA BEALL FOR AN ORDER FOR RELIEF FROM THE

### AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Laura Beall ("Movant"), party in interest herein, hereby moves the Court for an emergency order terminating or annulling the automatic stay, imposed in this case by § 362(a) of Title 11, United States Code, to permit Movant to file a complaint against Debtors in The Eastern District of Virginia to be able to exercise her legal right of due process in order to save her home of 22 years, which has been jeopardized by the predatory loan origination and predatory servicing practices of American Home Mortgage. In support of this Motion to terminate stay, the Movant respectfully represents to the Court as follows:

## INTRODUCTION

1.   Movant is seeking relief from the automatic stay to permit her to file a complaint in the United States District Court for the Eastern District of Virginia, Richmond Division, against Debtor American Home Mortgage Corp, *et al.,* ("Debtor"). The complaint Movant seeks to file originates from Debtor's participation in the allegations of violations of Movant's rights under (1) the Consumer Protection Act, 15 U.S.C. §1601 et seq.; (2) the Truth in Lending Act-Regulation Z of the Federal Reserve Board, 12 C.F.R. Part 226; and (3) the Real Estate Settlements Procedures Act, 12 U.S.C. § 2601 et seq., RICO violations, unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, breach of contract, civil conspiracy, violation of Fair Debt Collection Practices Act ("FDCPA").

2.  Movant has been unable to initiate her action due to the automatic stay imposed and has exhausted every other means of a remedy other than legal action. The Movant's home will be at risk of foreclosure making this an urgent matter for cause.

3.   The complaint further includes, American Home Mortgage Securities LLC, a non-debtor affiliated entity, which upon information and belief executives of American Home Mortgage  may be investors in American Home Mortgage Investment Trust 2004-2 through American Home Securities LLC.

4.   The complaint further includes Wells Fargo as Indenture Trustee and/or Master Servicer for American Home Mortgage Investment Trust 2004-2 which has been confirmed by a Standard and Poor's Rating Specialist of Structured Finance Surveillance. **SEE EXHIBIT A.**

5.   The complaint includes, American Home Bank. Movant's servicing records indicate that Movant's loan may have been used as collateral and pledged through American Home Bank's membership in Promontory Interfinancial Network CDARS and/or part of  a savings

2

account. Movant's servicing records state: "July 12, 2007 AHDLER X-sell-AH Bank CD cleared July 12, 2007". Later states "September 10, 2007, HPOPE X Sell – AH Bank Savings Acct". Clearly, the holder in due course at this point could be a number of parties yet unknown. **SEE EXHIBIT B.**

6.    In a letter dated March 11, 2008, John Kalas, compliance attorney for American Home Mortgage provided information that American Home Mortgage Investment Trust 2004-2 is the owner of the loan.. The only problem with this letter from John Kalas, is if the loan has been securitized in AHMIT 2004-2, then it is unclear how it could have also been involved in a CD and savings account at American Home Bank. **SEE EXHIBIT C.**

7.    Unless and until it is abundantly clear who "owns" Movant's loan, or who "owned" Movant's loan during all time periods of alleged violations in the complaint, all parties must be enjoined in the complaint. The only method to get the clear and concise answers is through the process of discovery is in the context of a lawsuit, making this an urgent matter for cause. Liability for TILA claims for monetary damages runs against assignees where the violation is apparent on the face of the loan documents.
15 U.S.C. § 1641(a).

8.    A RESPA "Qualified Written Request" was sent by Movant to both American Home Mortgage Servicing in Irving, Texas and American Home Mortgage in Mellville, New York on August 28, 2007, two copies to each location. It has yet to be fully complied with. Movant requested her complete loan file and it was only complied with when Ms. Beall was granted a hearing by this court on 10/31/07. Other issues raised in the request that American Home Mortgage is required to address, comply or to correct, have gone unacknowledged and ignored. No investigation was conducted. American Home Mortgage didn't provide a statement that an investigation was conducted. This leaves Movant no other viable alternative but to file a lawsuit and request the court to compel them to comply. **SEE EXHIBIT D.**

A LENDER'S SUBJECTIVE BELIEF THAT IT HAS RESPONDED FULLY TO QUALIFIED WRITTEN REQUESTS IS IMMATERAL. *Holland v. GMAC Mortgage Corp.*, No. 03-2666-CM, 2006 U.S. Dist. LEXIS 25723 (D. Kan. 2006)

GMAC failed to respond to QWRs in violation of 12 U.S.C. § 2605(e) by failing to respond "completely" to a borrower's QWR and to "explain its investigation."

On the response to QWRs issue, the Court determined that, although GMACM had replied in writing to two of plaintiff's QWRs, its responses violated RESPA because GMACM **failed to explain that it had conducted an investigation into the plaintiff's inquiries and failed to address the bulk of the plaintiff's inquiries**. The Court determined that GMACM also had violated RESPA when it failed to respond to the letter it received from the plaintiff's attorney, which constituted a separate QWR (even though GMACM promptly corrected the plaintiff's account information). GMACM contended that there were no RESPA violations because it had subjectively believed that it responded fully to the plaintiff's correspondence. The Court rejected the relevancy of mortgage **companies' subjective beliefs regarding the RESPA rules for QWR compliance.**

**(emphasis added)**

9.    In violation of RESPA, and good faith and fair dealing, an employee of American Home's servicing unit Mr. Baxter asserted on two different occasions they had not received the Qualified Written Request, that he wouldn't discuss it, and that he would only discuss her mortgage payments, and she would be breaking the law if she didn't pay them. Employee Ms. Waters asserted that they didn't have to comply because they were in bankruptcy and she ignored two follow up faxed copies of the Request in November 2007. This relief is an urgent matter for cause, based on the alleged pattern of practice of American Home and American Home Mortgage Servicing to disregard and ignore the legal rights of the Movant, time and time again

10.    Movant stands to lose her home of 23 years put at risk by the alleged predatory

lending practices and predatory loan servicing of American Home Mortgage, which will cause Movant irreparable harm that far outweighs any harm it may cause to the Debtor. Debtor cannot produce the original note evidencing legal proof of lien on Movant's home. According to American Home Mortgage Servicing it has been either lost, misplaced, or destroyed, and is unavailable. Given the conflicting statements and documents, it's not clear, nor conclusive by any legal certainty who owns Movant's loan. **SEE EXHIBIT E.**

11.    As this Court is well aware, Movant has exhausted every other avenue for resolution, resolution.and it is abundantly clear, short of a lawsuit, complete with discovery, interrogatories, and subpoenas, Movant will never get any resolution, and due process she is entitled to. Denying relief from stay will significantly prejudice Movant..Debtor is a necessary and indispensable party to Movant's suit.

## THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

12.    Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 3269(d). There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. American Airlines, Inc.    v. Continental Airlines, Inc. (In re Continental Airlines), 152 B.R. 420, 424 (D.Del. 1993)

13.    Cause may be established by a single factor such as a desire to permit an action to proceed in another tribunal or the lack of any connection with or interference with the pending bankruptcy case. Izzarelli v. Rexene (In re Rexene), 141 B.R. 574, 576 (Bankr.D.Del.1992); American Airlines, Inc., 152 B.R. at 426, ("Where neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.") (emphasis added)

14.    In determining whether to grant relief from stay, courts generally consider three

5

factors: (1) whether any great prejudice to either the bankrupt estate or the Debtor will result from continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor and (3) whether the creditor has a probability of prevailing on the merits. American Airlines, 152 B.R. at 424 Izzarelli, 141 B.R. at 576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit Athletic Footwear), 193 B.R. 713, 718 (Bankr.D.Del 1996).

15.    In the interest of justice and fairness, American Home Mortgage can't be protected from Fraud by the Bankruptcy court as stated clearly by the Supreme Court of the United States of America. Bankruptcy is for the honest but unfortunate Debtor. It would be inequitable to allow American Home Mortgage to use this Court to protect itself and it's CEO and other executives from allegations of fraud, potential misappropriation of assets, willful conversion, intentional infliction of emotional distress, punitive damages, and the equitable remedies of loan rescission.

16.    The Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, carrying forth a basic policy of affording relief only to an "honest but unfortunate debtor." Congress did not favor giving perpetrators of fraud a fresh start (by allowing them to wipe out their debts in bankruptcy) over the interest in protecting victims of fraud when it wrote the Bankruptcy Laws.

Accordingly, Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt ..... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).
It is not only the actual value of the "money, property, services, or . . . credit" the debtor obtained through alleged fraud that is **non-dischargeable** in bankruptcy, but also treble "punitive" damages and attorneys fees and costs related to the alleged fraud. This was made clear in a March 25, 1998 decision of the Supreme Court of the United States in Cohen v. de la Cruz.

Debts which can't be discharged in bankruptcy....

(8) Debts incurred due to false statements made with the intent to deceive  (9) Fraud committed in a fiduciary capacity, such as embezzlement or larceny (10) Punitive damage claims for "willful and malicious" acts

In re Arm, 87 F.3d 1046 (9th Cir. 1996)

§ 523(a)(2) Indirect benefit from fraud in which debtor participates is sufficient to find debt is nondischargeable.


In re Arm, 87 F.3d 1046 (9th Cir. 1996)

"We make clear, what we have not held before, that the indirect benefit to the debtor from a fraud in which he participates is sufficient to prevent the debtor from receiving the benefits that

bankruptcy law accords the honest person. *See In re Ashley*, 903 F.2d 599, 604, n. 4 (9th Cir. 1990)."


In re Arm, 175 B.R. 349 (9th Cir. B.A.P. 1994), *aff'd*, 87 F.3d 1046 (9th Cir. 1996)

Benefit to debtor need not be direct.


In re Begun, 136 B.R. 490, 494 (Bankr. S.D. Ohio 1992)

"False Pretense" involves an implied misrepresentation or conduct intended to create or foster a false impression . . . . A false pretense has been defined to include a "mute charade" where the debtor's conduct is designed to convey an impression without oral representation. . . . .

A "false representation" on the other hand is an expressed misrepresentation.


In re Levy, 951 F.2d 196 (9th Cir. 1991), *cert. denied*, 504 U.S. 985 (1992)

Punitive damage award not exempted from discharge under § 523(a)(2).


In re Britton, 950 F.2d 602 (9th Cir. 1991)

Punitive damages not discharged under § 523(a)(6). Review of standard.

## LIFTING THE STAY WILL NOT PREJUDICE AMERICAN HOME
## OR THE BANKRUPT ESTATE

17.    American Home Mortgage Holdings, Inc., et. al., is a large corporation, which prior to the bankruptcy was conducting business on a nation-wide scale. Because Movant's Federal Court Action concerns Debtor's alleged tortuous and negligent conduct, the action is presumably covered by Debtor's liability insurance.

18.    The title insurer, First American may have to defend the action due to an attack on the lender's title to the property, due to the alleged fraud in loan origination, and possibly in the future if American Home Mortgage Servicing intends to go forward and attempts a foreclosure without producing the actual note proving ownership.   Title insurance covers the lender for clouds on a title, losses due to a borrower's claim of fraud, undue influence and duress against the lender for found violations and remedies due the borrower. And claims post foreclosure when a non-judicial and trustee foreclosure's required procedure was not followed; and an adverse claim of equitable lien.  **SEE EXHIBIT F.**

19.    Other associated parties such as Wells Fargo, owners of AHMIT 2004-2, credit default swap partners, mortgage insurance policies, may also be required to cover any losses on loans securitized in AHMIT 2004-2, therefore the liability may be shared by numerous parties of interest.

20.    Thus in the event of a ruling in favor of Movant in the Federal Court Action, the insurers and other parties, and not the Debtor, will potentially be saddled with the burden and cost of defending the suit and any subsequent recovery. See, Collier on Bankruptcy, 15th Ed. Revised, § 362.07[3][a][i]

("When the court is reasonably confident that the policy proceeds will be sufficient to satisfy

all creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the Debtor, if necessary, or directly against the insurer because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets...[m]oreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.")

21.    It may be discovered that a substantial part of the recovery may potentially fall on an entirely different entity. Their may be other known and unknown parties including, but not limited to, American Home executives and other discrete holders of the AHMIT -2004 Trust.

## BACKGROUND FACTS

22.    On  March 15, 2004, Ms. Beall met with a loan officer of  Eagle Funding Group, LTD, agents/partners of "ABC" to refinance the first  trust on her residence at 11002 Blue Roan Road, Oakton, VA 22124.  Property is physically located in Fairfax County Virginia.

23,    The refinancing was provided by American Home Mortgage Corp. ("American Home"), for a loan to Ms. Beall in the amount of $525,000, secured by a first deed of trust on her home

24.    Ms. Beall paid a 1% loan origination fee of $5250 for the services of Eagle Funding Group, LTD.("Eagle Funding")  to submit her loan application after they processed it to several lenders to find the best rate and terms offered at that time for the loan Ms. Beall applied for,  a 20 year fixed rate loan at 4.8%. **SEE EXHIBIT G.**

25.    On or about May 7, 2004, 52 days after Ms. Beall applied, she was told by Eagle Funding that her loan application had been turned down by every lender Eagle Funding had submitted it to including Countrywide. Eagle Funding further asserted that the only lender that would accept her application was American Brokers Conduit ("ABC") for a "traditional" prime

3/1 Adjustable Rate Mortgage ("ARM") if she paid a discount point of $5250 to buy down the par rate to 5.625%. According to Ms. Beall's loan file recently obtained Eagle Funding decided to place Ms. Beall into the 3/27 "ARM" the day she made loan application and intentionally waited 52 days to tell her that she didn't qualify for any another loan program in order to give the impression they had made the efforts to find her good loan terms that they charged her a loan origination fee of $5250 to do. It is alleged that they purposely presented the 3/27 "ARM" as being the traditional 3/1 "ARM", a prime loan program, in the Federal Truth-in-Lending provided on 5/07/04.. **SEE EXHIBIT H.**

26.     Upon information and belief, Eagle Funding was "signed up" as a broker, partner and/or agent of "ABC" as was required of all brokers doing business with American Home Mortgage. It is alleged that in that capacity Eagle Funding was viewing loan terms based on commission incentives (YSP's) that "ABC" used to entice them into placing Ms. Beall into the high profit predatory loan for American Home to the detriment of Ms. Beall. Eagle Funding was rewarded with a kickback (YSP) of $6250.50 and given the discount point of $5250 charged to Ms. Beall which was not used to buy down her rate. Eagle Funding increased the par to 5.625% for a larger kickback (YSP) and was additionally rewarded by "ABC" with the $5250 Ms.Beall paid for the buy down. This has cost Ms. Beall over $15,000 in 3 years. "ABC" processed all loan paper work and would have been well aware of the fees charged including discount point, loan origination fee and the YSP. Fees paid to Eagle Funding are evidenced in Addendum D of the loan instructions American Home sent to the closing agent Dennis Cavanagh of Eastern Atlantic.Title, Inc.

**SEE EXHIBIT I.**

"By their very nature, yield spread premiums are not compensation given for services actually performed by the broker." *Mentecki v. Saxon Mortgage, Inc., 1997 WL 45088 (E.D. Va*

**FDIC March 27, 2007 statement of comparison between the 3/27 hybrid loan the 3/1 "traditional" prime loan:** "2/28s and 3/27s are hybrid ARMs typically marketed to subprime borrowers. These ARMs are similar to ARMS that are prevalent in the prime market (known

as 3/1 ARMs), in that they have a fixed rate for 2/3 years and then adjust to a variable rate for the remaining 28/27 years. However, the spread between the initial fixed rate of interest and the fully-indexed interest rate in effect at loan origination typically ranges from **300 to 600 basis points** on 2/28 and 3/27s, versus **100-250 basis points** on prime 3/1 ARMs".( Emphasis added)

27.    Under the Virginia Consumer Protection Act § 6.1.-422, Prohibited Predatory Practices and TILA, it is a requirement to disclose within 3 days of loan application any and all fees relating to the cost of a loan, including a YSP, total points and to disclose the terms of the loan.. Eagle Funding provided the Federal Truth-in-Lending and Good Faith Estimate on 5/07/04, as evidenced by the faxed date on the top of the pages, 52 days after Ms. Beall made loan application, and backdated it to 3/15/04.  The Federal Truth-in-Lending document presented terms of a  interest only 3/1 "ARM" with no prepayment penalty, 5.8% APR.
**SEE EXHIBIT J.**

According to the FDIC, predatory lending involves at least one of the three elements:
- making unaffordable loans based on the assets of the borrower rather than on the borrowers ability to repay;
- inducing a borrower to refinance a loan repeatedly in order to charge high points and fees each time the loan is refinanced (loan flipping); or
- engaging in fraud or deception to conceal the true nature of the loan obligation, or ancillary products (packing), from an unsuspecting or unsophisticated borrower.
(Housing Affairs Letter 2001e, 4).
Predatory Loan Commentary from FRB, FDIC, CRL, OTS, and OCC.
"The Federal Reserve, the FDIC and the Center for Responsible Lending have designated the 3/27 as a predatory loan. The Federal Reserve Bank (FRB), Office of Thrift Supervision (OTS), Office of the Comptroller the Currency (OCC) and the Federal Deposit Insurance Corporation (FDIC) issued guidelines on subprime loans, which give criteria to combat predatory lending.  According to the bank regulators, predatory loans "appear to have been designed to transfer wealth from the borrower to the lender/loan originator without a

commensurate exchange of value."

28.    It is alleged that Eagle Funding and "ABC" acted in collusion to defraud plaintiff, using steering, discrimination, and kickbacks in violation of RESPA and ECOA. Ms. Beall recently discovered that with her financial profile at that time she was considered a "prime borrower" by industry standards. And she qualified for a 5.25% rate on a traditional 5/1 "ARM" with zero points and no YSP with Countrywide. It has further been discovered, that Countrywide had agreed to approve Ms. Bealls loan with minor conditions that Ms. Beall could easily have met. This was never disclosed to Ms. Beall. This is evidenced on the lock in sheet, on the top right of the page where reference to Countrywide had been lined out. It is alleged that Countrywide offered lesser incentives to Eagle Funding for placing Ms. Beall into a prime loan program that she qualified for and that "ABC" used the kickbacks to induced Eagle Funding to commit fraud on Ms. Beall and assisted them thru the processing of the application and the loan transaction.. **SEE EXHIBIT K.**

29.    Even closing on 5/20/04 the loan terms were completely different from what had been disclosed on the 5/7/04 in the Federal Truth-In-Lending. Upon information and belief this "bait and switch" is a business model regularly employed by American Home Mortgage. It is alleged that Eagle Funding used "bait and switch." and material non-disclosure of terms, which saddled Ms. Beall with a predatory loan with onerous terms. **SEE EXHIBIT L.** Actual mortgage payments have increased from $2460.94 to $4184.00, interest rate from 5.625% to 9.625%, as of January 1, 2008 at the 2nd adjustment, month 42.

There are statutory "tolerances" for the APR and the amount financed and finance charge. Violations are deemed non-material if they fall within these tolerances. The APR tolerance is .125% for regular loans and .25% for irregular (variable-rate) loans. 12 C.F.R. 226.22(a).

30.    Ms. Beall has proof that another female borrower, with an almost an identical profile, self employed, credit score within the same underwriting criteria, did obtain a no-doc,

100% financed loan, on a "traditional" prime 5 year ARM at 5.25% with Countrywide with zero points charged. Ms. Beall's profile was stronger due to documenting income, and a 75% LTV. This borrower did not document income and had an 100% LTV. A former branch manager and underwriter for Countrywide and the borrower will testify to these facts at Ms. Beall's trial.

.    31.    American Brokers Conduit required Ms. Beall to escrow 8 months of real estate taxes totaling $3779 for the tax bill due 8 weeks after closing on 7/28/04. When the tax bill came due American Home Mortgage Servicing failed to make the required payment from Ms. Beall's escrow. This resulted in Ms. Beall being billed by Fairfax County on 5/07/05 for $3566.88, which included penalties and interest, which she had to pay in violation of  VCPA § **6.1-423**. **Escrow accounts.**  It has become evident from the numerous tax problems revealed through the bankruptcy proceeding that American Home Mortgage may have been using funds held in trust and failing to pay with funds collected from borrowers. Courts are split on whether this creates a private cause of action. Ms. Beall will assert this issue as private cause of action. **SEE EXHIBIT M.**    ..

**In re Gonzales, 22 B.R. 58 (9th Cir. B.A.P. 1982)Subcontractor used trust fund money to pay others. Held, "Not necessary to prove an intentional wrong by a debtor where it is shown that debtor committed a defalcation with respect to funds held in escrow.**

### BREACH OF CONTRACT

    32.    Ms. Beall alleges American Home Mortgage Servicing has tortuously interfered, and willfully acted in disregard for Ms. Beall's numerous attempts to resolve her issues. American Home Mortgage Servicing has conducted itself in violation of mandated standards under Federal and State laws, and licensing standards, which has frustrated Ms. Beall's ability to perform under the contract. American Home Mortgage breached the contract or its duty of good faith and fair dealing, which is implied in every contract. *Hill v. Harris Bank*, 329 Ill. App.3d 705, 710 (1st Dist. 2002).

The parties to a contract have a duty to honor their obligations thereunder, and they also have an implied duty of good faith and fair dealing. *Saunders v. Michigan Avenue National Bank*, 278 Ill. App. 3d 307, 315, 662 N.E.2d 602 (1st Dist. 1996).

33.    In the original contract, a lender and/or assignee or subsequent servicer as in this case, states clearly they will service the loan according to all Federal and State laws they are required to follow. They are further bound by licensing requirements, and a standard of good faith and fair dealing implied in every contract. American Home Mortgage and it's officers, owners, and directors have allegedly breached all Federal and State laws, licensing and ethical standards required of them. In the process, they have severely frustrated Ms. Beall's ability to perform under the contract. It is alleged that the entire contract was based in fraud, and therefore is not enforceable.

## BREACH OF FIDUCIARY DUTY

**Substantive requirements:**

The specific elements here are: (1) a fiduciary duty was created; (2) the fiduciary duty was breached; and (3) the breach proximately caused the injury of which the plaintiff complains. *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 53, 205 Ill. Dec. 443, 643 N.E.2d 734 (1994).

34.    Ms. Beall went to Eagle Funding, a broker, who asserted he would "shop" for the best loan terms available for Plaintiff's credit profile and overall financial profile, among many lenders claiming they were working for her. However, the broker had signed up with American Home Mortgage through "ABC" and accepted a rate sheet of incentives for certain types of loans and terms favorable to the lender, unbeknownst to Ms. Beall.

35.    The broker established a position of trust to act in the best interest of the borrower, but in effect was only working as an agent of the lender. It is alleged American Home Mortgage created "ABC" for the sole purpose of converting agents to act in their best interest

14

and breach their duty to the borrowers. This action was particularly egregious because Eagle Funding also took a one point origination fee of $5250.00 and a one point discount fee of $5250.00 to lower the rate, and then took a $6562.50 YSP to raise the rate, then took $950.00 for processing fees totaling $18,012.50 targeting Ms. Beall based on her profile; a single woman, and steering her to a predatory loan, when in fact she was a prime borrower for excess profit.

In re Jercich, 238 F.3d 1202 (9th Cir. 2001), *cert. denied*, 533 U.S. 930 (2001) Although a simple breach of contract is not actionable under § 523(a)(6), "where an intentional breach of contract is accompanied by tortuous conduct which results in willful and malicious injury, the resulting debt is excepted from discharge under § 523(a)(6)." Tortuous conduct does not have to be independent of the breach of contract. Here, debtor was found to have the "clear ability" to pay wages, but willfully "chose not to."
"We hold...that under *Geiger*, the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct."
In re Baldwin, 249 F.3d 912 (9th Cir. 2001)

36.   At the same time "Eagle Funding" nor "ABC" provided Ms. Beall with all the disclosures required within three days of making application as required for their 3/27 ARM program under the Virginia Consumer Protection Act § 6.1.-422, Prohibited Predatory Practices and TILA.  It is alleged that his was purposeful in order to bait and switch Ms. Beall into this loan for his personal gain. Otherwise it would have been senseless to place a prime borrower into an unaffordable predatory loan, and potentially misrepresent the loan during the entire process. And allegedly misrepresented the loan as a good loan through an inaccurate Truth in Lending and not disclosing the Libor history of the previous five years. Misrepresented the Libor as an idex with a historically low interest rate. And thought he was being truthful with her about other lenders rejecting her loan application, At settlement he told her that she had no

15

other option for a loan since the other lenders had turned her down.  And she is lucky that American Home Mortgage approved her for what she got. Ms. Beall had no reason or suspicion at that time that she was potentially given incorrect information.  Finally the entire truth of this was not revealed until Ms. Beall received her loan file on or about October 24, 2007 after petitioning the bankruptcy court, therefore all statute of limitations was tolled due to fraudulent concealment.

37.    American Home Mortgage, et al., has demonstrated a:
(A) a clear and consistent pattern or practice of violations,
(B) gross negligence, or
(C) a willful violation which was intended to mislead the person to whom the credit was extended. Notwithstanding the preceding sentence, except where such disclosure error resulted from a willful violation which was intended to mislead the person to whom credit was extended.
(D) using information provided to the consumer and that have not misled or otherwise deceived the consumer.

38.    This breach of Fiduciary duty has harmed and will continue to harm Ms. Beall, and in fact, has put Ms. Beall's home of 23 years at risk, making it a continuing tort that American Home Mortgage has refused repeatedly to address and seeks only to foreclose and take Ms. Beall's property. Short of court intervention this issue can't be resolved, making relief from stay an urgent matter for cause

**Remedies Requested:**
Actual damages, equitable relief.

**Statute of limitations:**
5 years for affirmative claims.
Unlimited as a defense to foreclosure in the nature of a recoupment or setoff.

39.    The standard to qualify for a loan rescission remedy when a borrower is in

16

foreclosure, is a $35 mistake or overcharge on the HUD-1.  Movant has the following overcharges:

**Title Insurance** overcharge - $381.13, as evidenced in   **SEE EXHIBIT N.**

**YSP** - $6,562.50 (to be included in finance charges if (a) not reasonable compensation for services rendered (b) $5250 discount point charged and rate not bought down.

Unlimited as a defense to foreclosure in the nature of a recoupment or setoff.
 735 ILCS 5/13-207. *Bank of New York v. Heath*, 2001 WL 1771825, at *1 (Ill. Cir. Oct. 26, 2001) 15 U.S.C. § 1640(e).

Failure to make clear, conspicuous, and accurate material disclosures also triggers an extended right of rescission. 12 C.F.R. 226.23(a)(3).
Material disclosures include the: (1) annual percentage rate, (2) finance charge, (3) amount financed, (4) total payments, (5) or payment schedule. 12 C.F.R. 226.23(a)(3) n.48.

There are statutory "tolerances" for the APR and the amount financed and finance charge.
Violations are deemed non-material if they fall within these tolerances.
The APR tolerance is .125% for regular loans and .25% for irregular (variable-rate) loans.
12 C.F.R. 226.22(a).

The finance charge tolerance for defendants in foreclosure actions is $35 (for rescission),
12 C.F.R. 226.23(h), and $100 (for monetary damages), "12 C.F.R. 226.18(d)(1).

Upon rescission, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge" (step one).
12 C.F.R. 226.23(d)(1). Within 20 days the creditor must take any action required to cancel the security interest and must return any money paid on the loan (step two). 12 C.F.R. 226.23(d)(2).
If and when the creditor does so, the consumer must tender to the creditor the value of the money or property received (step three). 12 C.F.R. 226.23(d)(3). The tender amount is reduced by any amount paid on the loan (unless previously returned). *White v. WMC Mortgage*, 2001 U.S. Dist. LEXIS 15907, at * 5 (E.D. Pa. July 31, 2001); *Williams v. Gelt*, 237 B.R. 590, 598-99 (E.D. Pa. 1999). Courts can modify steps two and three of the above rescission process. 12 C.F.R. 226.23(d)(4).

Creditors are also liable for actual damages, statutory damages in the amount of twice the finance charge, up to $2,000, and attorney's fees and costs.
15 U.S.C. § 1640(a). Failure to respond to the rescission notice as spelled out above results in another violation and an addition award of statutory damages. *White v. WMC Mortgage*, 2001 U.S. Dist. LEXIS 15907, at * 5 (E.D. Pa. July 31, 2001); *Mayfield v. Vanguard Savings & Loan*, 710 F. Supp. 143, 145 (E.D. Pa. 1989).

17

Liability for TILA claims for monetary damages runs against assignees where the violation is apparent on the face of the loan documents.
15 U.S.C. § 1641(a).

## THE HARDSHIP TO LAURA BEALL

## OUTWEIGHS ANY HARDSHIP TO DEBTOR

40.   Ms. Beall will be severely prejudiced if relief from stay is not granted.  American Home is a necessary and indispensable party in the Federal Court action, whose participation as a defendant is critical to Ms. Beall s presentation of her case. The harm to the Ms. Beall maintaining the stay considerably outweighs any prejudice to the Debtor or the estate.

41.   Ms. Beall's complaint is currently under preparation and upon completion needs to be filed immediately without delay due to Ms. Beall entering into default status. Ms. Beall may need to file for an injunction against foreclosure while the lawsuit is pending. In either event, Ms. Beall needs relief from the automatic stay to ensure she can exercise her rights to due process and protect her property and seek the relief and remedies she is entitled to.

## LAURA BEALL WILL PREVAIL ON THE MERIT

42.   The facts as fully set forth herein.demonstrate the seriousness of allegations and the substantial likelihood that she will prevail on the merits of her claim

43.   Based on the foregoing, Ms. Beall has demonstrated a sufficiently strong possibility of prevailing on the merits to justify granting relief from the automatic stay. ( See, American Airlines, Inc., 152 B.R. at 426, ( "Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay.")

## THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

44.    Section 362(d)(1) of the Bankruptcy Code provides that the court shall grant relief
from the automatic stay for "cause." 11 U.S.C. § 3269(d). There is no rigid test for determining
whether sufficient cause exists to modify an automatic stay. American Airlines, Inc. v.
Continental Airlines, Inc. (In re. Continental Airlines). 152 B.R. 420, 424 (D.Del. 1993) Cause
may be established by a single factor such as a desire to permit an action to proceed in another
tribunal or the lack fo any connection with or interference with the pending bankruptcy case.
Izzarelli v. Rexene ( In re Rexene), 141 B. R. 574, 576 ( Bankr. D. Del. 1992); American
Airlines Inc., 152 B.R. at 426, ( "Where neither prejudice to the bankruptcy estate nor
interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to
proceed in another forum is sufficient cause to warrant lifting the automatic stay.")( emphasis
added

 In determining whether to grant relief from stay, court generally consider three factors:
(1) whether any great prejudice to either the bankrupt estate or the Debtor will result from
continuation of the civil suit, (2) whether the hardship to the non-bankrupt party by
maintenance of the stay considerably outweighs the hardship to the Debtor and (3) whether the
creditor has a probability of prevailing on the merits. American Airlines, 152 B.R. at 424;
Izzarelli, 141 B.R.  at  576; Save Power Ltd. v. Pursuit Athletic Footwear, Inc., (In re Pursuit
Athletic Footwear), 193 B.R. 713, 718 ( Bankr. D. Del. 1996).  In re Kemble, 776 F.2d 802
(9th Cir. 1985) Judicial economy alone justifies lifting stay to permit state ct lawsuit to proceed.

## CONCLUSION

45.    Ms. Beall is entitled to relief from the automatic stay for the reasons stated herein.
Ms. Beall's right to petition for redress of her grievances would not be adequately protected
if the stay is to remain in full force and effect, in that Debtor will not be made to answer for its
alleged tortuous and negligent acts. Ms. Beall lives more then a three hour drive from Delaware

and would be substantially harmed by not being allowed to prosecute her claims in the State of Virginia.

**WHEREFORE**, Ms. Beall prays:
(1) For an Order granting Ms. Beall relief from the automatic stay provisions of section

362 of the Bankruptcy Code;

(2) For an Order permitting Ms. Beall to initiate the Federal Court Action to prosecute

her cause of action against American Home Mortgage Corp., *et. al.*; and

3) For such other and further relief as is to the Court just and proper.

**Dated; April 3, 2008** _____

> **Laura Beall pro se**
> **11102 Blue Roan Rd.**
> **Oakton VA 22124**
> **H) 703-691-9092**
> **O) 703-255-9700, ex. 234**
> **Fax) 703-352-9602**

# TABLE OF CONTENTS

A.   Standard & Poor confirmation that Wells Fargo is Master Servicer and/or Trustee of AHMIT 2004-2.

B.   Movant's servicing record with regards to her loan potential involved a CD and/or savings account in AH Bank.

C.   Letter from John Kalas stating Movant's loan in owned by AHMIT 2004-2.

D.   Delivery confirmation that American Home Mortgage and American Home Servicing received Movant's RESPA Qualified Written Request.

E.   Demand letter from American Home Mortgage Servicing.dated 11/13/07.

F.   First American Title Insurance Company with regards to their coverage of American Home Mortgage.

G.   First page of Movant's initial loan application for a 4.8% fixed, 20 year loan on 3/15/04.

H.   Lock in sheet stating Movant applied for the 3/27 "ARM" the day she made loan application on 3/15/04..

I.   Addendum D of loan instructions for closing showing the fees American Home Mortgage paid to broker to origination Movant's loan.

J.   Federal Truth-In-Lending Disclosure and Good Faith Estimate provided for the 3/27 "ARM" with American Home Mortgage.

K.   Lock in sheet showing Countrywide's acceptance of Movant's loan application subject to Movant meeting minor conditions.

L.   Truth-In-Lending disclosure statement provided at closing.

M.   Bill from Fairfax County, Department of Tax Administration showing where American Home Mortgage didn't pay taxes out of Movant's escrow.

N.   Statement from First American Title Insurance Company stating overcharge of title insurance of $381.13 at closing.

# EXHIBIT A



Securities Administration Services
8480 Stagecoach Circle
Frederick, MD 21701-4747
www.ctslink.com
Telephone:    1-866-846-4526
Fax:    240-586-8675

Mortgage-Backed Notes
Distribution Date:    25-Feb-2008

**American Home Mortgage Investment Trust**
**Mortgage-Backed Notes**
**Series 2004-1**

**Supplemental Reporting**

American Home Mortgage Investment Corporation Bankruptcy Note

On August 6, 2007, American Home Mortgage Holdings Inc. and its affiliated entities ("American Home"), filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. In its motion, American Home sought approval of the sale of its mortgage loan servicing business, the institution of bidding procedures, and the assumption and assignment of certain executory contracts and unexpired leases of American Home to the successful bidder. American Home named, as its stalking horse bidder, WLR Recovery Fund III, L.P. ("WLR").

The Court approved the revised sale procedures on September 25, 2007 and an auction was scheduled for October 9, 2007. The only other potential bidder dropped out, so the auction was cancelled. The Court approved the sale of American Home's servicing platform to WLR on October 23, 2007, requiring adequate assurances of future performance from WLR.

American Home and WLR are actively working to complete the transfer of the servicing platform. WLR has received assurances from Moody's, Fitch, and S&P of no ratings downgrade and is seeking Fannie Mae approval and the required state licensing. WLR has until September 30, 2008 to complete the Servicing transfer. American Home continues to service the loans in the interim.

Wells Fargo Bank, N.A., in its role as Master Servicer and/or Trustee, has retained Chapman and Cutler LLP as counsel to protect the interests of the certificate holders and monitor the servicing transfer. Fees and expenses are recoverable pursuant to the Pooling and Servicing Agreement and/or Indenture.

# EXHIBIT B

DATE: 10/30/07          AMERICAN HOME MTG SERVICING          PAGE:    30
TIME: 16:40:62          COLLECTIONS HISTORY PROFILE

Loan 1000370969   Inv # 593 Acst:R Stat:R Int% 8.625 Due 4,454.32 Due: 8/01/07
Laura      Beall              DPB    523,832.9%          PRI 3,765.0% TYPE    03
11032 Blue Roan Road         MSG    81:17 #2:     82:15      24,101.94 BPMTS 00003
Oakton     VA 22124   Phone (H) 703-691-9092  (W) 703-282-0533 CP: C.BAXTER

Cls Code Assgn/By    Entered   Time    Target      Amt/Pmt  Cleared       Amt/Pmt
                     t bl requesting to speak w/loss mit regarding possible shor
                     t sale

| Cls | Code | Assgn/By | Entered | Time | Target | Amt/Pmt | Cleared | Amt/Pmt |
|---|---|---|---|---|---|---|---|---|
| CS | INCO | AB.FAXR / AB.FAXR | 7/09/07 | 11:12 | 7/09/07 INBOUND ANI CAPTURE: 7036919092 | .00 | 7/09/07 | .00 |
| CS | TRFC | AB.FAXR / AB.FAXR | 7/09/07 | 11:11 | 7/09/07 TRANSFER: PAYOFF DEPARTMENT | .00 | 7/09/07 | .00 |
| CS | CCB1 | O.MONIARA / O.MONIARA | 7/09/07 | 11:17 | 7/09/07 BORROWER 1: CUSTOMER CARE CALL | .00 | 7/09/07 | .00 |
| CS | INCO | D.MONIARA / D.MONIARA | 7/09/07 | 11:23 | 7/09/07 INBOUND ANI CAPTURE: 7036919092 | .00 | 7/09/07 | .00 |
| CL | GEN | L.SANCHEZ / L.SANCHEZ | 7/09/07 | 11:22 | 7/09/07 | .00 | 7/09/07 | .00 |
| CL | QA | P.IRETON / P.IRETON | 7/09/07 | 11:23 | 7/09/07 | .00 | 7/21/07 | .00 |
| CL | TEMA | C.BAXTER / J.MOSIER | 7/10/07 | 14:36 | 7/10/07 TEL RES - N/A | .00 | 7/11/07 | .00 |
| DX | IN76 |  | 7/10/07 | 14:36 | 7/10/07 NO MESSAGE TO CALL | .00 |  | .00 |
| CL | TJRA | C.BAXTER / JR.GONBAL | 7/11/07 | 14:07 | 7/11/07 TEL JOB - N/A | .00 | 7/31/07 | .00 |
| DX | IN91 |  | 7/11/07 | 12:07 | 7/31/07 OUTBOUND NO ANSWER | .00 | 7/12/07 | .00 |
| CS | INC09 | AB / ABLIER | 7/12/07 | 13:23 | 8/11/07 X SELL-AR BANK CD | .00 | 7/12/07 | .00 |
| CL | TREA | C.BAXTER / C.BAXTER | 7/12/07 | 20:48 | 7/12/07 TEL RES - N/A | .00 | 7/31/07 | .00 |
| DX | IN91 | C.BAXTER | 7/12/07 | 20:48 | 7/12/07 OUTBOUND NO ANSWER | .00 | 7/13/07 | .00 |
| CL | TBLM | C.BAXTER / LOI.GARCI | 7/13/07 | 14:23 | 7/13/07 | .00 | 7/31/07 | .00 |

```
DATE: 10/30/07                 AMERICAN HOME MTG SERVICING
TIME: 16:40:42                 COLLECTION HISTORY PROFILE                        PAG!

Loan 1000570969    Inv # 593 Asum:N Stat:R Intt  8.625  Pmt 4,454.32 Due: (
Laura     Beall                UPB     523,832.98              P&I 3,765.06 TYPE
11002 Blue Roan Road           MSG     11:17 H2:    H3:15         14,101.94 HPMTS
Oakton        VA 22124  Phone (R) 703-691-9092  (W) 703-282-0533 CP: C.B!
========================================================================
Cls Code Assgn/By    Entered  Time  Target      Amt/Pmt  Cleared          J
                              djusted your payment amount to $4,447.31.  Please be (
                              , American Home Mortgage is not obligated to provide :
                              copies of our internal policies and procedures regardi
                              business practices.  Your correspondence has been for
                              to our Loss Mitigation Department, and they will addr
                              ur specific concerns regarding loss mitigation issues
                              separately.

CL   RVD   J.CHESHIE   9/07/07   9:21   9/10/07            .00   0/00/00
           J.CHESHIE

CL   R015  C.BAXTER    9/07/07   9:28   9/07/07            .00   9/07/07
           T.DAWSON    OTHER
                       talked to laura - says that we need to read the letter
                       sent - asked her what her intention with the loan woul
                       answer - then she hung up

CL   OA    C.BAXTER    9/07/07   10:01  9/07/07            .00   0/00/00
           T.DAWSON    "OTHER ACTIVITY"

DX   DX85              9/07/07   9:19   9/07/07            .00   9/10/07
                       REFUSED TO PAY

DX   DX62   CONCERTO   9/07/07   9:05   9/07/07            .00   9/10/07
                       NO VOICE DETECTED

DX   DX01   CONCERTO   9/07/07   8:56   9/07/07            .00   9/10/07
                       ABORT - CUSTOMER HUNG UP ON HOLD

CS   XSA9 **           9/10/07   9:32   9/10/07            .00   9/10/07
            KPOPH       X SELL - AH BANK SAVINGS ACCT

CL   R015  C.BAXTER    9/10/07   16:12  9/10/07            .00   9/10/07
           A.HENDRKS
```

NO. 9824   P. 40

AMERICAN HM MORTGAGE

15PM

# EXHIBIT C

 # American Home Mortgage

538 Broadhollow Road • Melville, NY 11747

John Kalas
Senior Vice President
Legal Department

March 11, 2008

Laura Beall
11002 Blue Roan Road
Oakton, Virginia 22124

Re:     **Loan Number: 1000570969.**

Dear Ms. Beall:

Your letters to David Friedman and others requesting information on the above referenced loan obligation pursuant to the Truth in Lending Act, have been forwarded to me for response.

Section 1641(f)(2) of the Truth in Lending Act requires that upon your written request, the servicer provide information on the owner or the master servicer on your loan; nothing further.

The owner of the loan is **American Home Mortgage Investment Trust 2004-2.**

Contact information for this owner is as follows:

Care of:
American Home Mortgage Servicing, Inc.
4600 Regent Blvd Suite 200
Irving, TX 75063
Tel: 214-260-6902
Attn:  Scott G. Ellerbee

So that we can be sure that we respond to your requests, and that your requests do not get misdirected, please limit further communications so they are to Mr. Ellerbee's attention.

Sincerely,

John J. Kalas

# EXHIBIT D

## Receipt 1 (top)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)  VICBILTCATHM   C. Date of Delivery  8/99/8T

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

American Home Mtg.
P.O. Box 631730
Irving, TX
75063-1730

3. Service Type
☐ Certified Mail  ☑ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  EB 700856344 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Receipt 2 (middle)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  9/1/08

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

AHM
P.O. Box 631300
Irving, TX
75063-1730

3. Service Type
☐ Certified Mail  ☐ Express Mail
☑ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  RA 196 086 153 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Receipt 3 (bottom)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  8/30

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

AHM
520 Broadhollow
Melville NY
11747

3. Service Type
☐ Certified Mail  ☐ Express Mail
☑ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  RA 196 086 167 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Postal Sales Receipt

```
        OAKTON BRANCH POST OFFICE
            OAKTON, Virginia
               221249998
            5165430232 -0097
08/27/2007   (800)275-8777    05:08:36 PM

               Sales Receipt
Product           Sale  Unit      Final
Description        Qty  Price      Price

Mail Pickup              Delivered
Label #: RD226720997TH
# of Mail Pieces :   1
Mail Pickup Date:  08/27/2007  04:49 PM
MELVILLE NY 11747                $16.25
Zone-3 Express Mail
PO-Add Flat Rate
2.40 oz.
Label #:      EB700856335US
Next Day Noon  / Normal
Delivery
Return Rcpt (Green Card)         $2.15
                             -----------
Issue PVI:                      $18.40

IRVING TX 75063 Zone-6          $16.25
Express Mail PO-Add
Flat Rate
2.60 oz.
Label #:      EB700856344US
Next Day Noon  / Normal
Delivery
Return Rcpt (Green Card)         $2.15
                             -----------
Issue PVI:                      $18.40

IRVING TX 75063 Zone-6           $4.60
Priority Mail
2.10 oz.
Return Rcpt (Green Card)         $2.15
Registered                       $9.50
Insured Value :        $0.00
Article Value :        $0.00
Label #:      RA196086153US
                             -----------
Issue PVI:                      $16.25

MELVILLE NY 11747                $4.60
Zone-3 Priority Mail
2.20 oz.
Return Rcpt (Green Card)         $2.15
Registered                       $9.50
Insured Value :        $0.00
Article Value :        $0.00
Label #:      RA196086167US
                             -----------
Issue PVI:                      $16.25


Total:                          $69.30

Paid by:
Personal Check                  $69.30
```

7006 2760 0002 0300 8997

**CERTIFIED MAIL**

7006 2760 0002 0300 8997
7006 2760 0002 0300 8997

Registered No. RA 196 086 167 US

Reg. Fee: NR17US3016

| Handling Charge | $7.50 | Return Receipt | |
| Postage | $0.00 | Restricted Delivery | $2.15 |
| Received by | | | $0.00 |

Date Stamp — OAKTON VA AUG 31 2007

Customer Must Declare Full Value $

☐ With Postal Insurance
☐ Without Postal Insurance

**OFFICIAL USE**

U.S. Postal Service
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Sent To: AH Mortgage 520 Broadhollow Rd Melville NY 11747

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here

**OFFICIAL USE**

FROM: Laura Beall
11002 Blue Roan Rd
Oakton VA 22124

TO: American Home mtg.
520 Broad Hollow Rd
Melville, NY 11747

PS Form **3806**, May 2004 (7530-02-000-9051)   **Receipt for Registered Mail**   Copy 1 - Customer
(See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

7006 2760 0002 0300 9000

**CERTIFIED MAIL**

7006 2760 0002 0300 9000
7006 2760 0002 0300 9000

Registered No. RA 196 086 153 US

Reg. Fee: $9.50

| Handling Charge | $2.00 | Return Receipt | $2.15 |
| Postage | $4.50 | Restricted Delivery | $0.00 |
| Received by | | | |

Date Stamp — OAKTON VA AUG 2007

Customer Must Declare Full Value $ $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

**OFFICIAL USE**

FROM: Laura Beall
11002 Blue Roan Rd
Oakton VA 22124

TO: American Home Mtg. Svc.
P.O. Box 631730
Irving TX 75063-1730

PS Form **3806**, May 2004 (7530-02-000-9051)   **Receipt for Registered Mail**   Copy 1 - Customer
(See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

U.S. Postal Service
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Sent To: AHM Servicing P.O. Box 631730 Irving TX 75063-1730

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here

**OFFICIAL USE**



# EXHIBIT E

☑003/008

# SAMUEL I. WHITE, P.

## ATTORNEYS AND COUNSELORS AT LAW
### 209 BUSINESS PARK DRIVE
VIRGINIA BEACH, VIRGINIA 23462
TELEPHONE (757) 490-9284
FACSIMILE (757) 497-2802

SAMUEL I. WHITE
WM. ADAM WHITE
ERIC D WHITE†
D. CAROL SASSER (VA & GA)
EMMANUEL D. VOCES (VA & WV)
JODY M. LA (VA & GA)
ROBERT E FRAZIER(VA,MD, DC & WV)
LAURA D. POLLARD (VA, MD, DC & GA)
DANIEL J. PESACHOWITZ (VA,MD & DC)††
RANDA H. AZZAM (VA & MD)††
MICHAEL T. FREEMAN
JASON L. HAMLIN
CHRISTOPHER L. WALKER
SARAH A. CRICHIGNO (WV & VA)†††
FABIO CRICHIGNO (WV & VA)†††
CHRISTOPHER R. ARTHUR (WV).††††
CRYSTAL S. FLANIGAN (WV) ††††
JOHN E. DRISCOLL, III (MD)††
ROSALIE K. DOGGETT
NINA AQUILINA
JOSHUA A. MOGEE
SARA K. TURNER

†1804 Staples Mill Road – Suite 200
RICHMOND, VIRGINIA 23230
TELEPHONE (804) 290-4290
FAX (804) 290-4298

††1913King Street
ALEXANDRIA, VIRGINIA 22314
TELEPHONE (703) 739-1070
FAX (703) 739-2619

†††235 High Street Suite 311
MORGANTOWN,WV 26505
TELEPHONE (304) 413-0810
TOLL FREE (866) 359-8856
FAX(304) 413-0814

††††300 Capitol Street, Suite 1600
CHARLESTON, WV 25301
TELEPHONE (304) 414-0200
FAX (304) 414-0202

November 13, 2007
CERTIFIED MAIL/RETURN RECEIPT REQUESTED
CERTIFIED MAIL TRACKING #7007 2560 0001 6128 9491
Laura Beall
11002 Blue Roan Road
Oakton, VA 22124

Re:   American Home Mortgage Servicing, Inc.
      4600 Regent Blvd
      Irving , TX 75063-24432
      Loan No. 1000570969
      Property Address: 11002 Blue Roan Road, Oakton, VA 22124

Dear Laura Beall:

You have defaulted in the terms of the deed of trust which American Home Mortgage Servicing, Inc. holds on your property due to your failure to make timely monthly installments as required by the terms of the deed of trust and note.

American Home Mortgage Servicing, Inc. has requested that this form be forwarded to you, on its behalf in accordance with Section 55-59.1B, Code of Virginia, 1950, as amended, as notice that the original Note evidencing your indebtedness has been either lost, misplaced or destroyed, and is unavailable.

As a result of your default, all sums due on said Deed of Trust Note have been accelerated and, upon the expiration of fourteen (14) days from the date of mailing of this notice, the trustee, or substitute trustees, will be requested to schedule the sale of the property secured by said deed of trust. The substitute trustee, as of the date of this notice, is Samuel I. White, P.C., whose mailing address is shown above. If the original note is located, then the Trustee or Substitute Trustee will be requested to proceed to schedule the sale of the property immediately.

Notice is further given that if you believe you may be subject to a claim by another person or entity other than American Home Mortgage Servicing, Inc. to enforce the instrument of indebtedness, you may petition the Circuit Court of Fairfax, Virginia for an order requiring the beneficiary to provide adequate protection against any such claims.

Very truly yours,
SAMUEL I. WHITE, P.C.

/mb/8769-07

## NOTICE
PURSUANT TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, WE ADVISE YOU THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE INDEBTEDNESS REFERRED TO HEREIN AND ANY INFORMATION WE OBTAIN FROM YOU WILL BE USED FOR THAT PURPOSE.

# EXHIBIT F



**First American**
**Title Insurance Company**

Sender's Direct Dial: 703-480-9510
Sender's email: amcdonnell@firstam.com

December 7, 2007

Laura Beall
11002 Blue Roan Road
Oakton, VA 22124

      Re:    Potential Claim regarding Loan

Dear Ms. Beall:

      We have received and reviewed your documentation regarding issues you experienced with your loan with Eagle Funding and American Home Mortgage, as well as with Eastern Atlantic Title, an agent for this Company.

      It appears that all of your issues are relative to the loan and lending practices.  It also appears that this transaction was a refinance, and therefore any policy issued through an agent of First American Title Insurance Company for this transaction would insure the lender only.

      Consequently, First American Title Insurance Company is unable to assist further with this matter.

      Sincerely,

      Alice P. McDonnell, Legal Assistant to
      Palma J. Collins, Vice President
      Agency Counsel/Regional Counsel

/apm

# EXHIBIT G

EAGLE FUNDING GROUP, LTD

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when [ ] the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or [ ] the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | [ ] VA  [ ] FHA  [X] Conventional  [ ] Other: [ ] USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount | Interest Rate | No. of Months | Amortization Type: |
|---|---|---|---|
| $ 500000.00 | 4.875 % | 360 | [X] Fixed Rate  [ ] Other (explain): [ ] GPM  [ ] ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & ZIP) | No. of Units |
|---|---|
| 11002 BLUE ROAN ROAD, OAKTON, FAIRFAX VA 22124 | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| See Preliminary Title Report | 1978 |

| Purpose of Loan: | [ ] Purchase  [ ] Construction  [ ] Other (explain): [X] Refinance  [ ] Construction-Permanent | Property will be: [X] Primary Residence  [ ] Secondary Residence  [ ] Investment |
|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements [X] made  [ ] to be made |
|---|---|---|---|---|
| 1984 | $ 185000.00 | $ 250000.00 | TO ACQUIRE A 20 YEAR LOAN | NEW ROOF NEW WINDOWS NEW CARPET FENCE  Cost: $ |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| LAURA A. BEALL | SOLE FEM | [X] Fee Simple  [ ] Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | LAURA BEALL | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|
| 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 | 703-691-9092 | | 16 | | | | |

| [ ] Married  [X] Unmarried (include single, divorced, widowed)  [ ] Separated | Dependents (not listed by Co-Borrower)  no. 0  ages | [ ] Married  [ ] Unmarried (include single, divorced, widowed)  [ ] Separated | Dependents (not listed by Borrower)  no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) [ ] Own [X] Rent ___ No. Yrs. | Present Address (street, city, state, ZIP) [ ] Own [ ] Rent ___ No. Yrs. |
|---|---|
| 11002 BLUE ROAN ROAD  OAKTON, VA 22124 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP) [ ] Own [ ] Rent ___ No. Yrs. | Former Address (street, city, state, ZIP) [ ] Own [ ] Rent ___ No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|

| Name & Address of Employer [ ] Self Employed | Yrs. on this job 27 | Name & Address of Employer [ ] Self Employed | Yrs. on this job |
|---|---|---|---|
| RE/MAX PREFERRED PROPERTIES  NANCY GALLER  380 WEST MAPLE AVENUE #100  VIENNA, VA 22180 | Yrs. employed in this line of work/profession 27 | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| BROKER ASSOCIATE | 703-255-9700 | | |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer [ ] Self Employed | Dates (from - to) | Name & Address of Employer [ ] Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name & Address of Employer [ ] Self Employed | Dates (from - to) | Name & Address of Employer [ ] Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

Freddie Mac Form 65 01/04                                Page 1 of 4                                Fannie Mae Form 1003 01/04
1003PG1 03/03                  Printed by The Loan Handler from Contour Software, Inc. (408) 370-1700  www.contoursoft.com

# EXHIBIT H

570969    Beall    NIFA    707

R+T Primary

**Application Date**
3/15/04

( ) Face-to-Face
( ) Phone
(✓) Mail

**TIL Date**
3/15/04

| | Credit Ltr |
**Credit Report Date**
4/21/04

VOE
2nd Signature

| | Verbal |
**VOE/PAYSTUB (B1) Date(s)**
NA

Vern for Countrywide Note
on Credit Supplement ?

| | Verbal |
**VOE/PAYSTUB (B2) Date(s)**

+ 3mo PITI Reserves Req'd
IRA info provided from 2002

**Bank Statement(s) Date**

**LOCK EXPIRES ON**
6/18/04
3/30    5.25%

| ✓ | License |
**Appraisal Date**
Date: 5/5/04
Value $ 204000
Taxes $ 472.42
Bed: 5    Year Built 1979
HOA $ NA    Det ✓ Att ___
( ) PUD / ( ) CONDO

| FEDERAL DISCLOSURES | Broker | ABC | Signature required | Signed at closing |
|---|---|---|---|---|
| ARM Disclosures | | X | No | |
| ✓ Good Faith Estimate | X | | No | |
| Mtg Servicing Disclosure | | X | Yes | Yes |
| ✓ Right to a Copy of Appr. | X | | No | |
| ✓ Truth-in-Lending (ext Mass.) | | X | No | |
| ✓ Assignment to ABC - Letter | | | | |
| ✓ B's Cert. & Auth. | | | | |
| ✓ ECOA | | | | |
| ✓ Mtg Broker Fee Discl. | | | | |
| ✓ Original True & Correct - Ltr | | | | |
| Rate Lock-in (PA) | X | | | Yes |
| Rate Lock Agreement (Req'd VA & MD) | | | | |
| STATE DISCLOSURES | | | | |
| (NC - Notice of Info.) | | | | |
| (MA. - Uniform Mtg. Info. Disc.) | | | | |

703-761-6075

LOE # 86994333?

# EXHIBIT I

Addendum D

# CORRESPONDENT/BROKER FEES

As the settlement agent, you are responsible for collecting from the borrower, all amounts due the correspondent / broker at the time of closing. The fees due are set forth below and on the Hud-1 statement. **These fees have not been deducted from the amount funded.**

The total amount due the correspondent must be deducted from the amount disclosed and a check issued by you for that amount, or you may collect certified funds for the amount due from the borrower.

In addition to the amounts due the correspondent /broker from the borrower, lender has included in the amount funded a servicing release premium in the amount of    $6,562.50    which is reflected on the Hud-1 as a P.O.C. item from the lender to the correspondent.

Please issue a check for the premium payable to the correspondent/broker and forward same along with the amount due from the borrower, $10,916.00    directly to the correspondent at the address set forth below.

Correspondent / Broker Address:

Eagle Funding Group, Inc.
3863-A Plaza Drive
Fairfax VA 22030

| HUD # | DESCRIPTION | POC | BAMT | SAMT | OAMT |
|-------|-------------|-----|------|------|------|
| 816 | Broker Application Fee<br>to Eagle Funding Group, Inc. | | | | |
| 817 | Broker Credit Fee<br>to Eagle Funding Group, Inc. | | 11.00 | | |
| 818 | Broker Appraisal          (      200.00 )<br>to Eagle Funding Group, Inc. | | | | |
| 819 | Broker vod Fee<br>to Eagle Funding Group, Inc. | | 10.00 | | |
| 820 | Processing<br>to Eagle Funding Group, Inc. | | 395.00 | | |
| 821 | Broker Origination<br>to Eagle Funding Group, Inc. | | 5,250.00 | | |
| 822 | Broker Discount<br>to Eagle Funding Group, Inc. | | 5,250.00 | | |
| 823 | <br>to Eagle Funding Group, Inc. | | | | |
| 824 | <br>to Eagle Funding Group, Inc. | | | | |

# EXHIBIT J

MAY. 7.2004   4:03PM   EAGLE FUNDING GROUP                    NO.795   P.7

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (MADE IN COMPLIANCE WITH FEDERAL LAW)

| | | |
|---|---|---|
| Lender/Broker: **EAGLE FUNDING GROUP, LTD** | | |
| Loan No.: **04CM-145A** | | Date: **03/15/04** |
| Borrower(s): **LAURA BEALL** | | |

Property Address: **11002 BLUE ROAN ROAD**
**OAKTON, VA 22124**

[X] Initial Disclosure estimated at time of application          [ ] Final Disclosure based on contract terms

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you assuming the annual percentage rate does not change. | AMOUNT FINANCED The amount of credit provided to you or on your behalf as of loan closing. | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled assuming the annual percentage rate does not change. |
|---|---|---|---|
| E 5.800 % | E $ 898856.87 | E $ 512079.53 | E $ 1410936.40 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | * AMOUNT OF PAYMENTS | MONTHLY PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | * AMOUNT OF PAYMENTS | MONTHLY PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 359 | 2480.94 | 07/01/2004 | | | |
| 1 | 527460.94 | 06/01/2034 | | | |

* includes mortgage insurance premiums, exclude taxes, hazard insurance or flood insurance

[ ] **DEMAND FEATURE:**  This loan transaction has a demand feature.
[X] **REQUIRED DEPOSIT:**  The annual percentage rate does not take into account your required deposit.
[ ] **VARIABLE RATE FEATURE:**  Your loan contains a Variable Rate Feature. Disclosures about the Variable Rate Feature have been provided to you separately.

**3/27 ARM**

**SECURITY INTEREST:**  You are giving a security interest in:
[ ] the goods or property being purchased.    [X] real property you already own.

**FILING OR RECORDING FEES:**   $ 79.00
**LATE CHARGE:**  If a payment is more than   15   days late, you will be charged $   129.05 /   5   % of the principal and interest past due.

**PREPAYMENT:**  If you pay off your loan early, you
[ ] may  [X] will not   have to pay a penalty.
[ ] may  [X] will not   be entitled to a refund of part of the finance charge.

**INSURANCE:**  Credit life, accident, health or loss of income insurance is not required in connection with this loan. This loan transaction requires the following insurance:
[X] Hazard Insurance  [ ] Flood Insurance  [ ] Private Mortgage Insurance  [ ] Mutual Mortgage Insurance
Borrower(s) may obtain hazard and flood insurance through any person of his/her choice, provided said carrier meets the requirements of the Lender. If Borrower desires Property Insurance to be obtained through the Lender's designated agency, the cost will be set forth in a separate insurance statement furnished by the Lender.

**ASSUMPTION:**  Someone buying your house
[ ] may  [ ] may, subject to conditions,  [X] may not  assume the remainder of your loan on the original terms.
See your contract documents for additional information regarding nonpayment, default, right to accelerate the maturity of the obligation, prepayment rebates and penalties, and the Lender's policy regarding assumption of the obligation.
[X] all dates and numerical disclosures except late payment disclosures are estimates.   E   means an estimate.

The undersigned hereby acknowledge receiving and reading a completed copy of this disclosure along with copies of the documents provided. The delivery and signing of this disclosure does not constitute an obligation on the part of the Lender to make, or the Borrower(s) to accept, the loan as identified.

Read, acknowledged and accepted this _____ day of _____     By: **CURTIS MAILLOUX**
                                                                            Title:

**LAURA BEALL** _____ (Borrower)    _____ (Borrower)

_____ (Borrower)    _____ (Borrower)

TIL024 (03/2000)

MAY. 7.2004  4:04PM  EAGLE FUNDING GROUP                    NO.795   P.8



# GOOD FAITH ESTIMATE
(Not a Loan Commitment)

This Good Faith Estimate is being provided by EAGLE FUNDING GROUP, LTD a mortgage broker, and no lender has yet been obtained. A lender will provide you with an additional Good Faith Estimate within three business days of receipt of your loan application.

| | |
|---|---|
| Applicant(s): LAURA BEALL | **Sales Price:** |
| | Base Loan Amount: 625000.00 |
| Property Address: 11002 BLUE ROAN ROAD | Total Loan Amount: 626000.00 |
| OAKTON, VA 22124 | Interest Rate: 5.625 |
| Preparation Date: 03/15/04 | Type of Loan: Conventional |
| | Loan Number: 04CM-145A |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed as estimates - actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 or HUD-1A settlement statement which you will be receiving at settlement. The HUD-1 or HUD-1A settlement statement will show you the actual cost of items paid at settlement.

"A" designates these costs affecting APR.    "P" designates compensation to Broker.
"(100.00 example)" designates those fees Paid Outside of Closing.

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | |
|---|---|---|---|
| 801 A | Origination Due Lender @ 1.000 | $ | 5250.00 |
| 802 A | Discount @ 1.000 | $ | 5250.00 |
| 803 A | Appraisal Fee (350.00) | $ | |
| 804 | Credit Report | $ | 11.00 |
| 805 A | Lender's Inspection Fee | $ | |
| 806 A | Mortgage Insurance Application Fee | $ | |
| 807 A | Assumption Fee | $ | |
| 808 A | Tax Service Contract | $ | |
| 809 A | Underwriting Review | $ | |
| 810 A | Administration Fee | $ | 495.00 |
| 811 A | Application Fee | $ | |
| 812 A | Commitment Fee | $ | |
| 813 A | Warehouse Fee / Interest Differential | $ | |
| 814 P | Yield Sprd. Prem. _____ % $ | | |
| 815 P | Serv. Rel. Prem. _____ % $ | $ | |
| 816 A | Origination Due Broker @ | $ | |
| 817 A | FHA Upfront MIP / VA Funding Fee | $ | |
| 818 A | Processing Fee | $ | 395.00 |
| 819 A | Flood Cert. & Courier Fee | $ | |
| 820 A | Ser. Rel. Prem. 0-4% | $ | |
| 821 A | | $ | |
| 822 A | | $ | |
| 823 A | | $ | |
| 824 A | | $ | |
| 825 A | | $ | |

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | |
|---|---|---|---|
| 901 A | Prepaid Interest  15 days @ $ 82.03 | $ | 1230.47 |
| 902 A | Mortgage Insurance Premium | $ | |
| 903 | Hazard Insurance Premium | $ | |
| 904 | Flood Insurance Premium | $ | |
| 905 | | $ | |

| 1000 | RESERVES DEPOSITED WITH LENDER: | | |
|---|---|---|---|
| 1001 | Hazard Insurance Impounds | $ | 207.65 |
| 1002 A | Mortgage Insurance Impounds | $ | |
| 1003 | City Property Tax Impounds | $ | |
| 1004 | Property Tax Impounds | $ | 3779.38 |
| 1005 | Annual Assessments | $ | |
| 1006 | Flood Insurance Impounds | $ | |
| 1007 | | $ | |
| 1008 | | $ | |
| 1009 | Aggregate Analysis Adjustment | $ | |

| 1100 | TITLE CHARGES: | | |
|---|---|---|---|
| 1101 A | Settlement or Closing Fee | $ | 300.00 |
| 1102 | Abstract or Title Search Fee | $ | |
| 1103 | Title Examination Fee | $ | 150.00 |
| 1104 | Title Insurance Binder | $ | 100.00 |
| 1105 | Document Preparation Fee | $ | 50.00 |
| 1106 | Notary Fee | $ | |
| 1107 A | Attorney Fee | $ | |
| 1108 | Title Insurance Premium | $ | 1000.00 |
| 1111 | Endorsement Fee | $ | |
| 1112 | RELEASE AND RECORDING FEES | $ | 150.00 |

| 1200 | GOVERNMENT RECORDER AND TRANSFER CHARGES: | | |
|---|---|---|---|
| 1201 | Recording Fee | $ | 75.00 |
| 1202 | City/County tax / stamps | $ | 1000.00 |
| 1203 | State tax / stamps | $ | |
| 1204 | | $ | |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | |
|---|---|---|---|
| 1301 | Survey | $ | |
| 1302 | Termite Inspection | $ | |
| 1303 | Property Inspection | $ | |
| 1304 | Photo Fee | $ | |
| 1305 | | $ | |
| 1306 | | $ | |
| 1307 | | $ | |
| 1308 | | $ | |

| TOTAL ESTIMATED MONTHLY PAYMENT: | | |
|---|---|---|
| Principal and Interest | $ | 2460.94 |
| Real Estate Taxes | $ | 472.42 |
| Hazard Insurance | $ | 103.85 |
| Mortgage Insurance | $ | |
| Homeowners Association Dues | $ | |
| Second Principal and Interest | $ | |
| Other | $ | |
| TOTAL MONTHLY PAYMENT | $ | 3037.19 |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | |
|---|---|---|
| Total Purchase Price / Existing Payoff | $ | 905225.10 |
| Estimated Closing Costs | $ | 14225.00 |
| Estimated Prepaid Items / Reserves | $ | 5217.49 |
| -Total Paid Items & Subordinate Financing | $ | |
| -Seller Paid Closing Costs | $ | |
| -FHA UFMIP/VA Funding Fee | $ | |
| -Base Loan Amount | $ | 625000.00 |
| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE | $ | -331.41 |

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your Mortgage Broker or lender if your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of a copy of the Special Information Booklet "Settlement Costs."

| Applicant LAURA BEALL | Date | Applicant | Date |
|---|---|---|---|

GFE0RND (01/02)    Printed by The Loan Handler Loan Origination Software, Inc. (408) 370-1700  www.contourslft.com

# EXHIBIT K

570969    Beall    NIFA    767

R+T Primary

VOE
2nd Signature
Vern for Countrywide Note
or Credit Supplement

* 3mo PITI Reserves Req'd
(IRA info provided from 2002

| Application Date | |
|---|---|
| 3/15/04 | |
| ( ) Face-to-Face | |
| ( ) Phone | |
| (✓) Mail | |

| TIL Date |
|---|
| 3/15/04 |

| Credit Report Date | Credit Ltr |
|---|---|
| 4/21/04 | |

| VOE/PAYSTUB (B1) Date(s) | Verbal |
|---|---|
| NA | |

| VOE/PAYSTUB (B2) Date(s) | Verbal |
|---|---|
| | |

| Bank Statement(s) Date |
|---|
| |

| LOCK EXPIRES ON |
|---|
| 6/18/04 |
| 3/27        5.25% |

| Appraisal Data | ✓ License |
|---|---|
| Date: 5/5/04 | |
| Value $ 204000 | |
| Taxes $ 472-42 | |
| Bed: 5    Year Built 1979 | |
| HOA $ NA    Det___ ✓ Att___ | |
| ( ) PUD / ( ) CONDO | |

| FEDERAL DISCLOSURES | Broker | ABC | Signature required | Signed at closing |
|---|---|---|---|---|
| ARM Disclosures | | X | No | |
| ✓ Good Faith Estimate | X | | No | |
| ✓ Mtg Servicing Disclosure | | X | Yes | Yes |
| ✓ Right to a Copy of Appr. | X | | No | |
| ✓ Truth-in-Lending (est Mass.) | | X | No | |
| ✓ Assignment to ABC - Letter | | | | |
| ✓ B's Cert. & Auth. | | | | |
| ✓ ECOA | | | | |
| ✓ Mtg Broker Fee Discl. | | | | |
| ✓ Original True & Correct - Ltr | | | | |
| Rate Lock-in (PA) | X | | | Yes |
| ✓ Rate Lock Agreement (Req'd VA & MD) | | | | |
| STATE DISCLOSURES | | | | |
| (NC - Notice of Info.) | | | | |
| (MA. - Uniform Mtg. Info. Disc.) | | | | |

703-761-6075

LOC # 8697143357

# EXHIBIT L

# TRUTH-IN-LENDING DISCLOSURE STATEMENT
## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT:  American Brokers Conduit
520 Broadhollow Road
Melville, NY  11747

☐ Preliminary    ☒ Final
DATE: 05/20/04
LOAN NO.:
Type of Loan: Conventional
APP NO.:0000570969

BORROWERS:  Laura Beall

ADDRESS:     11002 Blue Roan Road
CITY/STATE/ZIP: North Springfield, VA  22151
PROPERTY:  11002 Blue Roan Road
Oakton, VA 22124

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 6.411 % | $ 694,507.78 | $ 512,205.78 | $ 1,206,713.56 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 36 | $2,460.94 | July 1, 2004 | 24 | $2,789.06 | July 1, 2007 |

**DEMAND FEATURE:** ☒ This loan does not have a Demand Feature.    ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
☒ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.
**THE CURRENT INDEX RATE IS 1.348%**

**SECURITY:** You are giving a security interest in the property located at:    11002 Blue Roan Road
Oakton, VA 22124

**ASSUMPTION:** Someone buying this property ☒ cannot assume the remaining balance due under original mortgage terms.
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:**    $    75.00

**PROPERTY INSURANCE:** ☒ Property hazard insurance in the amount of $    525,000.00    with a mortgage clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of    N/A    for a    year term.

**LATE CHARGES:**    If your payment is more than    15    days late, you will be charged a late charge of    5.000    % of the overdue payment.

**PREPAYMENT:**    If you pay off your loan early, you
☒ may ☒ will not    have to pay a penalty.
☐ may ☐ will not    be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Laura Beall_    05/20/04
Laura Beall    BORROWER / DATE

_____
BORROWER / DATE

_____
BORROWER / DATE

_____
BORROWER / DATE

# EXHIBIT M



**DEPARTMENT OF TAX ADMINISTRATION (DTA)**
REVENUE COLLECTION DIVISION
12000 Government Center Parkway, Suite 223
Fairfax, Virginia 22035
VOICE: (703) 222-8234    FAX: (703) 324-3935
TTY: (703) 222-7594
E-MAIL ADDRESS: dtarcd@fairfaxcounty.gov

**FAIRFAX COUNTY**

V I R G I N I A

BEALL LAURA
11002 BLUE ROAN RD
OAKTON VA 22124

*Nov. 17, 2005*
*nov. 17 2954.55*

*Was july's payment*

Parcel Number:  0471 08  0011
11002 BLUE ROAN RD
OAKTON        VA 22124

Dear Property Owner:

According to our records, unpaid real estate taxes are owed on property under the above referenced tax map number.  The total amount due is        $3,566.88

Please send your payment by check made payable to the County of Fairfax.  For other payment options, please visit www.fairfaxcounty.gov/dta and click on 'Payment Options'.

Please note, payments made within the past two weeks may not be reflected in this notice.  If you have already paid the above amount, please excuse this notice.  If you have any questions, please contact the Department of Tax Administration (DTA) at dtarcd@fairfaxcounty.gov , or call DTA at 703-222-8234 between 8:00 a.m. - 4:30 p.m., Monday - Friday.

Sincerely,

Delinquent Collection Staff,
Revenue Collection Division, DTA

cc:     Elizabeth J. Cole, Director
        Revenue Collection Division, DTA

AMERICAN HOME MORTGAGE SERVICING
7142 COLUMBIA GATEWAY DRIVE
PO BOX 3050
COLUMBIA MD 21045-6050

1-800-444-7963

5437                              Page 1 of 1

aura Beall                        Your Loan Number: 1000570969
1002 Blue Roan Road
akton VA 22124                    Date: 12/22/04

## Annual Escrow Account Disclosure Statement — Projections

Please review this statement closely - Your mortgage payment may be affected.
This statement tells you of any changes in your mortgage payment, any surplus refunds, or
any shortage or deficiency that you must pay. It also shows you the anticipated escrow
activity for your escrow cycle beginning December,2004 and ending November,2005.

### Anticipated Payments From Escrow

| | |
|---|---|
| HAZARD INS | 672.00 |
| COUNTY TAX | 5,909.06 |
| TOTAL | 6,581.06 |
| Periodic Payment to Escrow | 548.42 (1/12 of "Total from Escrow") |

### Anticipated Escrow Activity – December,2004 through November,2005

| Month | -- Anticipated Payments -- to Escrow | from Escrow | Description | -- Escrow Balance Comparison -- Anticipated | Required |
|---|---|---|---|---|---|
| | | Actual starting balance ===> | | 3,984.92 | 548.42 |
| Dec,04 | 548.42 | 0.00 | | 4,533.34 | 1,096.84 |
| Jan,05 | 548.42 | 0.00 | | 5,081.76 | 1,645.26 |
| Feb,05 | 548.42 | 0.00 | | 5,630.18 | 2,193.68 |
| Mar,05 | 548.42 | 0.00 | | 6,178.60 | 2,742.10 |
| Apr,05 | 548.42 | 0.00 | | 6,727.02 | 3,290.52 |
| May,05 | 548.42 | 0.00 | | 7,275.44 | 3,838.94 |
| Jun,05 | 548.42 | 0.00 | | 7,823.86 | 4,387.36 |
| Jul,05 | 548.42 | 2,954.53 | COUNTY TAX | 4,745.75 | 1,309.25 |
| | | 672.00 | HAZARD INS | | |
| Aug,05 | 548.42 | 0.00 | | 5,294.17 | 1,857.67 |
| Sep,05 | 548.42 | 0.00 | | 5,842.59 | 2,406.09 |
| Oct,05 | 548.42 | 0.00 | | 6,391.01 | 2,954.51 |
| Nov,05 | 548.42 | 0.00 | | 6,939.43 | 3,502.93 |

### Determining Your Required Escrow Balance

If the Anticipated Low Point balance (ALP) is
greater than the Required Low Point balance
(RLP), then you have an escrow surplus....        your escrow surplus is.... 3,436.50

Federal law requires any surplus of $50.00 or more be automatically refunded to you.

### Calculations of Your New Payment Amount

| | |
|---|---|
| P&I | 2,460.94 * |
| ESCROW | 548.42 |
| DISCRETIONARY | 0.00 |
| Borrower payment starting with the payment due 12/01/04 ==> | 3,009.36 |

* If your loan is an adjustable rate mortgage, the principal & interest portion of
  your payment may change within this cycle in accordance with your loan documents.

Note: Your escrow balance may contain a cushion. A cushion is an amount of money
held in your escrow account to prevent your escrow balance from being overdrawn
when increases in the disbursements occur. Federal law authorizes a maximum
escrow cushion not to exceed 1/6th of the total annual anticipated escrow
disbursements made during the above cycle. Your loan documents or state law
may require a lesser cushion. When your escrow balance reaches its lowest point
during the above cycle, that balance is targeted to be your cushion amount.
Your escrow cushion for this cycle is $1,096.84.

(See Reverse Side)

*(handwritten notes: "# 460?", "12-22-04 overage taxes because taxes weren't paid 7/28/04")*



# EXHIBIT N



**First American**
**Title Insurance Company**

Sender's Direct Dial: 703-480-9510
Sender's email: amcdonnell@firstam.com

December 17, 2007

Laura Beall
11002 Blue Roan Road
Oakton, VA 22124

      Re:    FATIC Claim SC6470
             FATIC Policy: 102365160SF

Dear Ms. Beall:

    Enclosed please find our check numbered 511620, payable to your order in the amount of $381.13, representing a refund over overpayment for a lender's policy.

    Thank you for allowing First American Title Insurance Company to be of service to you.

                Sincerely,

                Alice P. McDonnell, Legal Assistant to
                Palma J. Collins, Vice President
                Agency Counsel/Regional Counsel

/apm
Enclosure

**First American Title Insurance Company**     Date    12-13-07    Check No.    511620

| Invoice | | Description | Account | Description | Distribution |
|---|---|---|---|---|---|
| Number | 2007-6560 | CLAIM# SC6470/SETTLEMENT<br>Doc ID: 435685 | 230-01-03<br>210-01 | Res Title/Esc Losses -<br>Accts Payable -Trade | 381.13<br>-381.13 |
| Vendor | 23350 | | | | |
| Date | 12-13-07 | | | | |
| Payment | 381.13 | | | | |



DO NOT CASH THIS CHECK UNLESS YOU CAN SEE THE WORD CHECK PROTECTED ON THE BACK OF THIS CHECK

3859 Centerview Drive, Suite 300
Chantilly, Virginia 20151
Ph: (800) 733-9284 / Fax: (703) 480-9614

Bank of America
Bank of America
225 Valencia Avenue, 2nd Floor
Brea, CA 92823-6340

16-66/1220

**THREE HUNDRED EIGHTY-ONE AND 13/100 DOLLARS**

Pay to the order of

**LAURA BEALL**

| APN: | FEDEX CHK TO |
| DESC: | DEBBIE ASERO |

***$381.13

Void after 90 days

⑈511620⑈ ⑆122000661⑆ 1235098589⑈

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., A Delaware Corporation,<br>et. al.,<br><br>            Debtors. | Chapter 11<br><br>Case Number 07-11047 (CSS)<br><br>Objections Due by: TBD<br><br>Hearing Date: TBD |

## ORDER GRANTING EMERGENCY MOTION FOR

## RELIEF FROM THE AUTOMATIC STAY

Upon the emergency motion (the "Motion") of Laura A. Beall ("Movant"), for relief from the automatic stay; and adequate notice was sufficient and proper; and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED  that the automatic stay imposed by Section 362 of Bankruptcy Code is modified in order to permit Movant to initiate her claims against the Debtor (as defined in the Motion); and to satisfy any judgement awarded or settlement reached from the Debtors' insurance; and it is further

ORDERED  that Movant may not pursue the Debtor for any judgement in her favor, other than from the Debtor's available insurance, and set off, without first seeking further modification of the automatic stay, except as might be permitted by future orders of this Court (including, but not limited to, any plan or plans of reorganization which may be confirmed in the above-captioned bankruptcy cases).

Dated_____                    _____
                                                         The Honorable Christopher S. Sontchi
                                                         United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, Laura A. Beall, certify that I am not less than 18 years of age:

and that service of the Notice of Emergency Motion and a copy of the Emergency

Motion of Laura A. Beall for an Order For Relief from Automatic Stay Under § 362

of the Bankruptcy Code was made on April 4, 2008, upon:

**Debtor's Counsel, Counsel for the Official Committee of Unsecured Creditors and
The United States Trusee.**

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: April 4, 2008

_/s/ Laura A. Beall_,
Laura A. Beall, pro se
11002 Blue Roan Road
Oakton, Virginia 22124
Telephone: (703) 691-9092
Facsimile: (703) 352-9602