IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDING, INC., a Delaware corporation, | ) | Jointly Administered |
| et al.,[1] | ) | |
| | ) | **Hearing Date: 10/13/09 @ 10:00 a.m.** |
| Debtors. | ) | **Objections Due: 10/8/09 @ 10:00 a.m.** |
| | ) | **(extended by agreement)** |

Re: **D.I. 8081**

## OPPOSITION OF OFFICIAL COMMITTEE OF BORROWERS TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF CERTAIN DOCUMENTS AND RECORDS

The Official Committee of Borrowers (the "Borrowers Committee") respectfully opposes the Motion of the above-captioned debtors and debtors-in-possession (the "Debtors" or "AHM") seeking an order authorizing the abandonment and destruction of certain documents and records (such motion, the "Motion").[2]

**I.    PRELIMINARY STATEMENT**

1.    In their Motion, the Debtors have identified several groups of documents for destruction, including: (a) documents related to the Debtors' review and approval of broker applications; (b) the desk contents of AHM employees involved in the origination and servicing of mortgage loans; (c) various hard copy reports from departments at AHM generated through the Debtors' information systems; and (d) documents maintained in connection with the Great

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc.; American Home Mortgage Ventures LLC; American Home Mortgage Corp.; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[2] This Court's November 4, 2008 order authorized the Borrowers Committee to represent borrowers' interests in "matters relating to the chapter 11 plan." The Debtors' Motion contravenes certain provisions of the Amended Plan. Thus, the Borrowers Committee is authorized to oppose the Motion. Nonetheless, should the Court disagree that its November 4, 2008 Order permits the Borrowers Committee to oppose the Motion, the Borrowers Committee hereby respectfully requests that the Court grant its professionals authority to file this opposition to the Motion.

1

2396673.1

Oak title abstract business (collectively, the "Subject Documents"). Borrowers likely will need many of the Subject Documents in connection with their claims and defenses against the Debtors and non-Debtor third parties. Under well-established non-bankruptcy law, the Debtors are required to preserve such documents. Moreover, during the Plan negotiation process, the Debtors agreed to include certain Plan provisions that are intended to help ensure access to such documents in connection with such claims. Authorizing the relief sought by the Debtors in their Motion would undermine these Plan provisions and, in addition, would be improper, separate and apart from the Plan, in that the relief sought would amount to a court order giving the Debtors advance permission to destroy documents relevant to borrowers' litigation.

## II.   BACKGROUND

2.   Borrowers with claims against the Debtors have asserted causes of action under federal, state, and common law. The legal bases of these claims include, among others: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (3) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (4) common law fraud; (5) civil conspiracy; (6) breach of contract; and (7) state deceptive and unfair practices, predatory lending, or usury laws.

3.   To date, approximately 450 borrowers have filed proof of claim forms in the Debtors' cases.[3] In addition, other borrowers have indicated a desire to file claims.

4.   Borrowers have also asserted claims against mortgage brokers and other participants in the mortgage underwriting and securitization processes.

---

[3] *See* Debtors' Objection to the Mot. for Order Appointing Official Comm. of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code at 9.

2396673.1

5.      On January 22, 2009, the Borrowers Committee filed the Objection of Official Committee of Borrowers to Debtors' Amended Chapter 11 Plan of Liquidation (the "Objection"). In the Objection, the Borrowers Committee noted that "earlier versions of the Plan were objectionable because they included a variety of provisions that would have impaired borrower claims and defenses against the Debtors and against non-debtors. As of this writing, the Borrowers Committee and the Debtors have agreed in principle on resolutions of those objections." Objection at 2.

6.      On February 5, 2009, the Debtors filed the Debtors' Amended Chapter 11 Plan of Liquidation (the "Amended Plan"). The Amended Plan included provisions that: (a) preserve borrowers' claims and defenses under mortgages transferred to third parties pursuant to the Plan or after the Effective Date (Amended Plan at Article 17 Section B); (b) preserve borrowers' rights to assert defenses to payment and pursue non-monetary remedies against any Debtor or the Plan Trust (including, without limitation, rescission under TILA) (Amended Plan at Article 17 Section C); and (c) preserve borrowers' claims, defenses, or remedies under mortgage loans originated or serviced by any Debtor as against any non-Debtor party (Amended Plan at Article 17 Section D).

7.      The Amended Plan also provided for the employment of a disinterested person as a Borrower Information Ombudsperson to respond to borrowers' information requests. (Amended Plan at Article 17 Section H). The Borrower Information Ombudsperson was authorized to provide information that borrowers would need, among other reasons, to pursue claims and assert defenses against the Debtors and non-Debtor third parties.

8.      On February 23, 2009, the Court entered an order confirming the Amended Plan. To date, the Amended Plan is not yet effective.

2396673.1

9.    On October 5, 2009, counsel to the Borrowers Committee contacted Debtors' counsel and sought clarification as to the content of the Subject Documents. *See* Exhibit A hereto. As of this writing, the Borrowers Committee has not obtained the clarification it seeks regarding the scope of documents that the Debtors request authority to abandon or destroy.

### III.    ARGUMENT

10.    The Debtors would have this Court believe that because the documents it seeks authority to abandon or destroy are "no longer needed for the Debtors' business or their chapter 11 efforts," they are worthless. This plainly is not true as to at least some of the Subject Documents, such as broker-related documents. And as to several other categories of Subject Documents, the Debtors have provided so little information that determining the documents' relevance to litigation involving borrowers is difficult given the current record. But the descriptions of the documents that have been provided strongly suggest that at least some of them are relevant to borrowers' litigation.

11.    The Debtors seek authorization in their Motion to destroy 49 boxes containing "broker packages," which include "hard copy documentation regarding various brokers' application and review process." Motion Ex. A.

12.    The Amended Plan specifically preserves "all claims, defenses, or remedies of borrowers under mortgage loans originated or serviced by any Debtor as against any non-Debtor party." Amended Plan art. 17.D. Many borrowers have in fact asserted claims against non-Debtor third parties, including brokers who participated in the origination of AHM mortgage loans. The "broker packages" described in the Debtors' Motion may include critical information regarding AHM's review and retention of brokers whose conduct is the basis for certain borrowers' claims.

2396673.1

13. In the Motion, the Debtors also seek authorization to destroy 3,174 boxes that contain "all paper documents that were left in employees' offices at the time of their termination, including but not limited to, printed emails and web pages, *employee handbooks and various employee manuals*, handwritten notes, industry articles, junk mail, unused letterhead and envelopes, reference books, and *copies of various borrower documentation used during the course of the employees' business*." Motion Ex. A (emphasis added).

14. As discussed above, hundreds of borrowers have filed proofs of claim in the Debtors' cases alleging various predatory lending claims against AHM. Borrowers have also asserted claims against non-Debtor third parties who hold mortgage loans originated by AHM and may be liable as successors to AHM under TILA and other statutes. *See e.g.* 15 U.S.C. 1641(a) (assignees of mortgages can be liable under TILA). Under Article 17.B of the Amended Plan, TILA liability is preserved for mortgage loans originated by the Debtors that are transferred under the Amended Plan or after the Effective Date.

15. Moreover, the Amended Plan expressly preserves borrowers' rights "to (i) assert defenses to payment of any amounts due and owing on a Mortgage Loan owned by any Debtor or the Plan Trust; (ii) to assert nonmonetary remedies (including, without limitation, rescission under TILA) against any Debtor or the Plan Trust as successor thereto, or (iii) to set off or recoup a Borrower Claim against amounts due and owing on a Mortgage Loan owned or contributed to the Plan Trust by any Debtor." Amended Plan art. 17.C.

16. Employee handbooks and manuals and copies of borrower documentation may provide critical evidence that support borrowers' claims and defenses against the Debtors (and

against non-Debtor third parties).[4] For example, the Borrowers Committee obtained a manual used to train AHM employees regarding how to place payment option arm loans. Although the Debtors refused to authenticate the manual, it was used in questioning AHM employees in depositions and at the confirmation hearing. *See, e.g.*, Deposition Transcript of Bret Fernandes at 60 (Jan. 15, 2009) (relevant pages attached as Exhibit B hereto). Similar manuals and handbooks may be included in the desk contents that the Debtors are seeking authorization to destroy. These contents could also include documents regarding default rates on payment option arm or teaser rate loans, or documents about compliance issues or brokers that may support borrowers' claims and defenses against AHM.

17. The Debtors have sought relief in their Motion for other groups of documents that are not described with sufficient specificity to enable borrowers to assess whether they may have evidentiary value in borrowers' litigation. For example, the Debtors seek authorization to destroy "Reports." Depending on the type of report, the date that it was generated or the purpose for which it was generated, a report generated by AHM could be important evidence that would support a borrowers' claim or defense. Similarly, documents referred to as "Great Oak Storage" are not described with sufficient specificity to enable borrowers to assess whether they would be prejudiced by the destruction of such documents.

18. Apart from any provisions of the Amended Plan, the Debtors are required to preserve the Subject Documents because they know that the documents are germane to

---

[4] The Debtors have noted in their Motion that "all desk content boxes were previously reviewed for loan file documentation prior to being boxed and stored by the Debtor. Loan files were destroyed or distributed pursuant to previous orders of the Court." Motion Ex. A. The Debtors have also stated that "a majority of the Documents and Records are not necessary to the Debtors' estates because they are either duplicative of other documentation being maintained … or contain information stored by electronic means." Motion at 8. The Borrowers Committee does not object to the destruction of any documents that have been preserved electronically or otherwise, provided that AHM maintains a record of the sources of its electronically maintained documents.

2396673.1

borrowers' pending and future claims against AHM and other parties. A party is obligated to preserve materials when there is: (1) pending or probable litigation involving that party; (2) knowledge by the party of the existence or likelihood of litigation; (3) foreseeable prejudice to other parties if evidence were discarded; and (4) the evidence is relevant to the litigation. *Winters v. Textron, Inc.*, 187 F.R.D. 518, 520 (M.D. Pa. 1999); *see also Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (duty to preserve arises when party in possession of evidence knows that litigation is pending or probable and that party can foresee harm or prejudice if evidence were to be discarded); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (obligation to preserve evidence arises when party should have known that evidence may be relevant to future litigation). Debtors in a chapter 11 case are required to comply with applicable non-bankruptcy law, including rules prohibiting the spoliation of evidence in their possession. *See* 28 U.S.C. § 959(b) (a trustee, receiver, or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver, or manager according to the valid laws of the state in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof); *see also In re Kmart Corp.*, 371 B.R. 823, 849 (Bankr. N.D. Ill. 2007) (noting that a Debtor's duty to preserve documents relevant to litigation arose upon the filing an administrative claim by a creditor during the pendency of its chapter 11 case).

19.     AHM has knowledge of borrowers' claims and defenses (both pending and those that are likely to be asserted in the future). As discussed above, the destruction of the Subject Documents will prejudice borrowers in their assertion of claims and defenses against the Debtor and non-Debtor third parties and the Subject Documents are relevant (or may be relevant) to

2396673.1

borrower claims and defenses. Accordingly, the Debtors are required to preserve the Subject Documents.

20.   Furthermore, destroying the Subject Documents would betray the Amended Plan's provisions that: (a) were intended to preserve borrowers' claims and defenses against the Debtors and non-Debtor third parties; and (b) require the provision of information needed by borrowers to assert such claims and defenses.

## IV.   CONCLUSION

Because the Motion improperly would allow the Debtors' to destroy documents needed for borrowers' litigation, the Motion should be denied.

Dated: Wilmington, Delaware
       October 8, 2009

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

- and -

GILBERT LLP
Stephen A. Weisbrod
W. Hunter Winstead
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone: (202) 772-1962
Facsimile: (202) 772-3962

Attorneys for the Official Committee
of Borrowers

2396673.1