# EXHIBIT A

Case 07-11047-CSS   Doc 8153-1   Filed 10/08/09   Page 2 of 3

## Gillig, Diana L.

| | |
|---|---|
| **From:** | Weisbrod, Stephen [weisbrods@gotofirm.com] |
| **Sent:** | Friday, October 02, 2009 6:07 PM |
| **To:** | mgreecher@ycst.com |
| **Cc:** | Macauley, Thomas G.; Winstead, Hunter |
| **Subject:** | AHM: Borrower Committee Concerns about Pending Document Destruction Motion |

Dear Maggie

As we discussed yesterday, the Borrowers Committee is concerned that AHM's proposed document destruction could result in the loss of evidence relevant to borrowers' claims against AHM and other entities. I write to briefly summarize the nature of these concerns.

At the outset, we note that AHM and its counsel have legal and ethical duties to preserve evidence that could be relevant to litigation. We do not construe the pending document destruction motion as seeking relief from such duties. The motion was not styled as such, and, even if it were, it is hard to imagine that any court would grant such a request.

Borrower claims against AHM and other entities may include allegations about, among other things, AHM's sales practices, its underwriting practices, its employee training practices, its compliance programs, its relationships with and supervision of brokers, its monitoring of loan defaults, its reserves, its disclosures to securitizers, due diligence performed by securitizers, and other facts suggesting that AHM and/or other entities knew or hard reason to know that AHM was engaged in practices that violated various state or federal requirements relating to mortgages. We noted yesterday that some of the materials included in the proposed document destruction request are likely to contain information about these and other relevant topics.

The most obvious example of this is the request to destroy "Broker Packages." Throughout the bankruptcy cases, AHM has asserted that much of the blame for borrower problems lies with the brokers. Under the circumstances, "Broker Packages" are almost certain to contain highly relevant information. You indicated that AHM may be willing to save the 49 boxes at issue or, in the alternative, to scan and preserve them electronically. Scanning and indexing the boxes seems appropriate, as many borrowers are likely to request them.

Another important category is "Non-Executive Employee Desk Contents." Some of these documents, such as junk mail, unused letterhead, reference books, and the like, are not likely to relate to borrower claims. But some of these documents, such as employee handbooks and manuals, almost certainly would be relevant to borrower claims. And to the extent that an employee had files or documents about particularly troublesome types of loans (such as payment option adjustable rate mortgages or mortgages with extremely low teaser rates) or files or documents about compliance issues, broker problems, or default rates, AHM has a duty to preserve those files and documents. To assist in our efforts to try to resolve our potential disagreements over these documents, we have requested that you provide an inventory of the documents at issue. The inventory should describe the documents, the individuals who had custody of them, and the roles played by those individuals at AHM.

AHM's document destruction request also includes a vague reference to "Reports." Depending on the type of report, these could be critical. However, if the reports are preserved electronically and the underlying data are also preserved, our concerns would be addressed. We must emphasize that the fact that a particular report was generated at a particular time or by a particular person or department could be highly relevant. Therefore, preserving the underlying data so that the reports can be "regenerated" will not be sufficient insofar as a report deals with matters relevant to borrower claims.

We are not quite sure what to make of AHM's request relating to "Great Oak Storage" and would ask you to clarify the contents of those documents.

Case 07-11047-CSS Doc 8153-1 Filed 10/08/09 Page 3 of 3

To the extent that "Risk Management" documents may include information about compliance issues, defaults, reserves, or other matters relevant to borrower claims against AHM or other parties, those documents also must be preserved. We would ask you to provide more detail about those documents.

It would be a sad irony if, after obtaining plan provisions that allow for borrower access to relevant AHM documents (including a plan provision creating an ombudsman), AHM frustrated the purpose of those plan provisions by destroying many of the relevant documents. Let's try to work together to ensure that doesn't happen.

We reserve the Borrowers Committee's right to object if we cannot reach agreement on these issues.

Sincerely,

Stephen Weisbrod

**Stephen A. Weisbrod**
Gilbert LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
T (202) 772-1962
F (202) 772-3962
weisbrods@gotofirm.com
www.gotofirm.com

PLEASE NOTE NEW EMAIL ADDRESS

This email and any attachments may contain confidential information that is privileged at law. If you are not a named recipient or have received this communication by error, please notify the sender immediately and destroy this email and its attachments, and all copies thereof, without further distributing or copying them.