IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,     Chapter 11
A Delaware Corporation, <u>et al.</u>,

                                                                     Case No. 07-11047 (CSS)

Debtors.                           Jointly Administered

------------------------------------------------------------------x

## ADDENDUM TO:
## CREDITOR JOHN MONAGHAN'S RESPONSE TO DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1:

COMES now Claimant, John Monaghan ("Monaghan"), by and through his undersigned counsel and files this Addendum to correct undersigned's substantive Scrivener's errors in the above referenced Response and to supplement same. The incorrect text is underlined and the replacement, redaction, or supplement is bold and italicized below in the requisite paragraphs.

**I.**

    **Paragraph 3:**     Incorrect: <u>memorized</u>       Correct: ***memorialized***

    **Paragraph 16:**    Incorrect: <u>my</u>                Correct: ***his***

    **Paragraph 18:**    Redact: <u>Tampa Division</u>

**II:**

    As to the section titled "Unpaid wages claim of $10,950.00"

    **Incorrect text underlined**:

    Debtor contends that Monaghan was terminated as of January 22, 2007. However, Monaghan was actually <u>terminated as of February 1, 2007</u> because under the terms of the

employment agreement his termination was not effective until four weeks following his discharge date. Moreover, Debtor's letter of January 22, <u>207</u> plainly states that Monaghan <u>is</u> terminated as of February 1, 2007 Therefore Debtors' Objection to modify the claim and reduce same from $10,950.00 to $2,884.62 should be overruled.

### Corrections and Supplements to text (bold italics):

Debtor contends that Monaghan was terminated as of January 22, 2007. However, Monaghan was actually ***employed until March 1, 2007*** because under the terms of the employment agreement his termination was not effective until four weeks following his discharge date of ***February 1, 2007***. Moreover, Debtor's letter of January 22, ***2007*** plainly states that Monaghan ***was*** terminated as of February 1, 2007. Therefore Debtors' Objection to modify the claim and reduce same from $10,950.00 to $2,884.62 should be overruled ***because Monaghan is owed four weeks pay for this portion of his claim instead of one week as claimed by Debtors.***

Dated October 5, 2009

*[signature]*
Sonia C. Lawson
Bar No. 0186678
Sonia C. Lawson, P.A.
100 N. Tampa Str., Ste. 2435
Tampa, Florida 33602
(813) 221-8383
(813) 944-3055 Fax
soniaclawson@aol.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Fax and US mail to delivery to Michael S. Neiburg of Young Conaway Staragatt & Taylor, LLP, The Brandywine Building 1000 West Street, 17th Floor Wilmington, Delaware 19801, fax 302-571-1253

*[signature]*
Sonia C. Lawson