IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1] | ) Case No. 07-11047 (CSS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Ref. Docket Nos. 7084 & 7190 |
| _____ | ) |

## CERTIFICATION OF COUNSEL RELATED TO THE STIPULATION BY AND AMONG THE DEBTORS AND CHAMPION & ASSOCIATES, P.C. RESOLVING CLAIM NUMBERED 7968

On March 6, 2009, American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors") filed their *Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 7084] (the "Objection"). By the Objection, among other things, the Debtors opposed liability for claim numbered 7968 ("Claim 7968") filed by Champion & Associates, P.C. ("Champion" and collectively with the Debtors, the "Parties").

Claim 7968 asserts secured and unsecured amounts totaling $497,197.00 for amounts relating to a real estate closing for a property located at 607 North Main Street, Brockton, Massachusetts (the "Main Street Property"). On July 19, 2007, Champion closed on a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

loan to Louis Jean Mompoint in the amount of $497,197.00 on behalf of American Home Mortgage related to the purchaser of the Main Street Property. On July 19, 2007, the mortgage granted by Louis Jean Mompoint to Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage, was recorded with Plymouth County Registry of Deeds, Book 34835, Page 226.

On March 30, 2009, Champion filed its response [Docket No. 7190] (the "Response") to the Objection. The Response provided additional information and supporting documentation for Claim 7968. Thereafter, the Parties entered into good-faith negotiations to resolve Claim No. 7968, the Objection and the Response, which have culminated with the Parties entry into *Stipulation by and among the Debtors and Champion & Associates, P.C. Resolving Claim Numbered 7968* (the "Stipulation"). Pursuant to the Stipulation, the Parties have agreed that:

1. On the Effective Date,[2] Claim 7968 shall be expunged in its entirety. Champion shall be prohibited from filing or asserting any further Claim (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors or amending Claim 7968.

2. On the Effective Date, all of the Debtors' rights, interests and liabilities in the Mortgage, existing as of the Effective Date shall be deemed assigned, to Champion, or its designee; provided, however, that the Debtors make no representations or warranties regarding the validity or priority of the Mortgage. The Debtors will cooperate with Champion to facilitate an assignment, substantially in the form attached hereto as Exhibit 1, of the Mortgage through MERS, provided that the Debtors shall only be required to cooperate to the extent commercially practicable in light of the Debtors' status as debtors and debtors in possession. For avoidance of doubt, Champion will pay all actual and necessary costs of transfer of the Mortgage.

The Committee has been apprised of the negotiations between the Parties and does not oppose the Debtors' entry into the Stipulation.

---

[2] For purposes of the Stipulation, the Effective Date is defined as the date in which a final and nonappealable order approving the Stipulation is entered by the Bankruptcy Court.

DB02:8859439.1                                                                                                                                          066585.1001

WHEREFORE, the Debtors respectfully request that the Court enter the order attached hereto as <u>Exhibit I</u> approving the Stipulation. A copy of the Stipulation is attached to the proposed order as Exhibit A.

Dated: Wilmington, Delaware  
      October 23, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret Whiteman Greecher

Sean M. Beach (No. 4070)  
Margaret Whiteman Greecher (No. 4652)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

# EXHIBIT I

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[3] | ) Case No. 07-11047 (CSS) <br> ) <br> ) Jointly Administered |
| Debtors. | ) <br> ) Ref. Docket No. 7084, 7190 & _____ <br> ) |

## ORDER APPROVING STIPULATION BY AND AMONG THE DEBTORS AND CHAMPION & ASSOCIATES, P.C. RESOLVING CLAIM NUMBERED 7968

Upon consideration of the *Stipulation by and among the Debtors and Champion & Associates, P.C. Resolving Claim Numbered 7968* (the "Stipulation"),[4] a copy of which is attached hereto as Exhibit A; and the Court having determined that due and adequate notice of the Stipulation has been provided under the circumstances; and the Court having determined that approval of the Stipulation is in the best interest of the Debtors and their estates; it is therefor

ORDERED that the Stipulation is hereby APPROVED.

Dated: _____, 2009
Wilmington, Delaware

                                                            Christopher S. Sontchi
                                                            United States Bankruptcy Judge

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Stipulation.

## **EXHIBIT A**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1] | ) Case No. 07-11047 (CSS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Ref. Docket No. 7084 & 7190 |
| | ) |

## STIPULATION BY AND AMONG THE DEBTORS AND CHAMPION & ASSOCIATES, P.C. RESOLVING CLAIM NUMBERED 7968

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"), and Champion & Associates, P.C. ("Champion" and collectively with the Debtors, the "Parties") hereby agree and stipulate as follows:

### RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon the filing of the Debtors' bankruptcy petitions, any prepetition actions were automatically stayed pursuant to section 362 of the Bankruptcy Code;

WHEREAS, on July 19, 2007, Champion closed on a loan to Louis Jean Mompoint in the amount of $497,197.00 on behalf of American Home Mortgage;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, on July 19, 2007, the mortgage granted by Louis Jean Mompoint to Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage, was recorded with Plymouth County Registry of Deeds, Book 34835, Page 226;

WHEREAS, Champion, not American Home Mortgage, provided the funds for the loan;

WHEREAS, on or about January 9, 2009, Champion filed claim numbered 7968 ("Claim 7968"), asserting secured and unsecured amounts totaling $497,197.00 for amounts relating to a real estate closing for a property located at 607 North Main Street, Brockton, Massachusetts (the "Main Street Property"). In connection with such funding, Champion recorded a mortgage (the "Mortgage"), in the name of MERS, on behalf of the Debtors;

WHEREAS, on March 6, 2009, the Debtors filed their Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 7084] (the "Objection"), pursuant to which the Debtors opposed liability for Claim 7968.

WHEREAS, on March 30, 2009, Champion filed its response [Docket No. 7190] (the "Response") to the Objection. The Response provided additional information and supporting documentation for Claim 7968.

WHEREAS, the Parties subsequently entered into good-faith negotiations to resolve Claim No. 7968, the Objection and the Response.

**IT IS THEREFORE STIPULATED, CONSENTED, AND AGREED** by and between the Parties, subject to entry of an Order by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approving this Stipulation, as follows:

1. On the Effective Date (defined below), Claim 7968 shall be expunged in its entirety. Champion shall be prohibited from filing or asserting any further Claim (as such term is defined in section 101(5) of the Bankruptcy Code) against the Debtors or amending Claim 7968.

2. On the Effective Date, all of the Debtors' rights, interests and liabilities in the Mortgage, existing as of the Effective Date shall be deemed assigned, to Champion, or its designee; provided, however, that the Debtors make no representations or warranties regarding the validity or priority of the Mortgage. The Debtors will cooperate with Champion to facilitate an assignment, substantially in the form attached hereto as Exhibit 1, of the Mortgage through MERS, provided that the Debtors shall only be required to cooperate to the extent commercially practicable in light of the Debtors' status as debtors and debtors in possession. For avoidance of doubt, Champion will pay all actual and necessary costs of transfer of the Mortgage.

3. It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

4. This Stipulation shall become effective on the date (the "Effective Date") in which a final and nonappealable order approving the Stipulation is entered by the Bankruptcy Court.

5. In the event that the Stipulation is not approved by the Bankruptcy Courts, all parties shall revert to their pre-settlement positions. Nothing herein shall be construed as an admission by either party.

*Remainder of Page Left Blank By Intention*

6. The Court shall retain jurisdiction to interpret, enforce and resolve any disputes arising under or related to this Stipulation. Any motion or application brought before the Court to resolve any dispute arising under or related to this Stipulation shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedures and the Local Rules of the Court.

Dated: Wilmington, Delaware
October 23, 2009

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Maureen Nu
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

PEABODY & ARNOLD LLP

/s/ Robert A. McCall
Robert A. McCall
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
Telephone: (617) 951-2061
Facsimile: (617) 235-3534

Counsel for Champion & Associates, P.C.

EXHIBIT 1

[To be Mutually Agreed Upon by the Parties and MERS]