## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                    :
                                                          :     Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                    :
HOLDINGS, INC., a Delaware corporation, et al.,           :     Case No. 07-11047 (CSS)
                                                          :
                                                          :     Jointly Administered
                                                          :
                                     Debtors.             :
------------------------------------------------------------x

**TWENTY FIFTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, SPECIAL INVESTIGATORY, LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM AUGUST 1, 2009 THROUGH AUGUST 31, 2009**

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to August 10, 2007) |
| Period for which compensation and reimbursement is sought: | August 1, 2009 - August 31, 2009 |
| Amount of compensation requested: | $9,019.50 |
| Amount of expense reimbursement requested: | $7,713.02 |

This is an:___ X ___ interim _____ final application.

This is the twenty fifth monthly fee application filed by Quinn Emanuel Urquhart Oliver & Hedges, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | March 1, 2008 - March 29, 2008 | $172,483.00 | $9,484.53 | $172,483.00 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | $171,026.25 | $6,421.36 |
| June 13, 2008 / Docket No. 4626 | April 1, 2008 - April 30, 2008 | $122,547.00 | $4,743.47 | $122,547.00 | $4,743.47 |
| August 21, 2008 / Docket No. 5512 | May 1, 2008 - May 31, 2008 | $ 210,227.00 | $ 7,320.78 | $210,227.00 | $ 7,320.78 |
| September 12, 2008 / Docket No. 5855 | June 1, 2008 - June 30, 2008 | $233,945.75 | $3,513.35 | $233,945.75 | $3,513.35 |
| September 12, 2008 / Docket No. 5856 | July 1, 2008 - July 31, 2008 | $124,699.50 | $8,811.09 | $124,699.50 | $8,811.09 |
| October 29, 2008 / Docket No. 6471 | August 1, 2008 - August 30, 2008 | $18,508.50 | $3,951.15 | $18,508.50 | $3,951.15 |
| November 26, 2008 / Docket No. 6634 | September 1, 2008 - September 30, 2008 | $39,181.50 | $407.00 | $39,181.50 | $407.00 |
| December 12, 2008 / Docket No. 6713 | October 1, 2008- October 31, 2009 | $64,936.25 | $3,812.94 | $64,936.25 | $3,812.94 |
| March 13, 2009 / Docket No. 7005 | November 1, 2008- November 30, 2008 | $12,811.00 | $4,296.32 | $10,248.80 | $4,296.32 |

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 13, 2009 / Docket No. 7102 | December 1, 2008- December 31, 2008 | $29,893.00 | $648.22 | $29,893.00 | $648.22 |
| March 13, 2009 / Docket No. 7103 | January 1, 2009- January 31, 2009 | $21,954.00 | $430.75 | $21,954.00 | $430.75 |
| April 15, 2009 / Docket No. 7275 | February 1, 2009- February 28, 2009 | $81,855.50 | $3,522.61 | $81,855.50 | $3,522.61 |
| June 10, 2009/ Docket No. 7517 | March 1, 2009- March 31, 2009 | $36,994.50 | $9809.67 | $36,994.50 | $9809.67 |
| June 10, 2009/ Docket No. 7518 | April 1, 2009- April 30, 2009 | $58,816.00 | $2939.45 | $58,816.00 | $2939.45 |
| August 18, 2009// Docket No. 7961 | May 1, 2009 - May 31, 2009 | $42,436.00 | $914.29 | $33,948.80 | $914.29 |
| August 18, 2009/ Docket No. 7962 | June 1, 2009 June 30, 2009 | $15,733.50 | $541.57 | $12,586.80 | $541.57 |
| September 14, 2009 Docket No. 8062 | July 1, 2009 - July 31, 2009 | $18,603.50 | $439.39 | $9,301.75 | $439.39 |

ATTACHMENT TO TWENTY FIFTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP:  SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| James Tecce | Partner effective January 1, 2009; admitted in 1995 | 720.00 | 2.8 | $2,016.00 |
| Olga M. Urbieta | Associate for 1 year; admitted in 2008 | 345.00 | 13.9 | $4,795.50 |
| Chris Clark | Attorney | 320.00 | 6.9 | $2,208.00 |
| **TOTAL** | | **$382.18 (BLENDED RATE)** | **23.60 HOURS** | **$9,019.50** |

SUMMARY TABLE OF SERVICES RENDERED DURING
TWENTY FIFTH MONTHLY FEE PERIOD
(AUGUST 1, 2009 TO AUGUST 31, 2009 )

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application Preparation/Fee Issues | 19.50 | $6,667.50 |
| Lender Claims | 4.10 | $2,352.00 |
| **Total** | **23.60** | **$9,019.50** |

**SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED**
**(AUGUST 1, 2009 TO AUGUST 31, 2009)**

| Disbursements | Amount |
|---|---|
| Local travel | $197.88 |
| Client meals | $112.85 |
| Printing | $63.70 |
| Telephone | $27.11 |
| Air Travel | $7,311.48[1] |
| **Total Disbursements** | **$7,713.02** |

---

[1] This air travel covers flights from June 2008 that were inadvertently not included in the August 2008 monthly fee application. The flights were for Duane Lyons and Andrew Allison to attend the depositions of certain witnesses with respect to insurance claims that were being litigated at the time. Mr. Lyons attended depositions in New York, North Carolina, Washington, D.C. and Philadelphia for Triad employees and IGT's expert. Mr. Allison attended a deposition in Washington, D.C. for IGT's expert. We have not previously requested reimbursement for these expenses.

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
In re:                                                  :
                                                        :
                                                        :        Chapter 11
AMERICAN HOME MORTGAGE                                   :
HOLDINGS, INC., a Delaware corporation, et al.,         :        Case No. 07-11047 (CSS)
                                                        :
                                                        :        Jointly Administered
                               Debtors.                 :
-----------------------------------------------------------x        **Objection Deadline: November 16, 2009**

**TWENTY FIFTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP, SPECIAL INVESTIGATORY, LITIGATION AND
CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING
THE PERIOD FROM AUGUST 1, 2009 THROUGH AUGUST 31, 2009**

Quinn Emanuel Urquhart Oliver & Hedges, LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $9,019.50 for

actual, reasonable and necessary professional services rendered, and reimbursement of $7,713.02

for actual, reasonable and necessary expenses incurred during the period from August 1, 2009

through August 31, 2009 (the "**Twenty Fifth Monthly Fee Period**"),[2] and (ii) authorizing and

directing the Debtors to pay to Quinn Emanuel the amount of $14,928.62, which is equal to the

sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of

expense reimbursement, and represents as follows:

## I.    **INTRODUCTION**

### A.    **Background**

1.    Bankruptcy Filing.  On August 6, 2007, (the "**Petition Date**"), each of the

Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their property as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    Jurisdiction.  This Court has jurisdiction over this Application pursuant to 28

U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the

Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This

Application is made pursuant to the Administrative Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and

105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on September 3, 2007 by

this Court.

---

[2]    Certain fees or expenses requested by Quinn Emanuel in the Application relate to
services rendered in prior fee application periods.  Quinn Emanuel has not previously
requested such fees or expenses in any prior application.

**B.**    **Retention Of Quinn Emanuel And Billing History**

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home nunc pro tunc to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn Emanuel Urquhart Oliver & Hedges, LLP, Nunc Pro Tunc, as Special Investigatory, Litigation and Conflicts Counsel for the Debtors (Docket No. 741) (the **"Retention Order"**).  The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's twenty fifth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order.  No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

3

## II.    <u>CASE STATUS</u>

7.    On August 15, 2008, the Debtors filed that certain Chapter 11 Plan of Liquidation

of the Debtors.  That same day, the Debtors filed that certain Disclosure Statement Pursuant To

Section 1125 Of The Bankruptcy Code With Respect To The Chapter 11 Plan Of Liquidation Of

The Debtors Dated As Of August 15, 2008.  On September 30, 2008, the Debtors filed an

amended plan and disclosure statement.  On October 8, 2008, the Debtors filed a further

amended plan and disclosure statement.  On November 25, 2008, the Court approved the

amended disclosure statement and the solicitation procedures for the amended plan.  On March

18, 2009 the Debtors filed an amended chapter 11 plan of liquidation.  On March 23, 2009, the

Court entered an order confirming the amended plan.

## III.    <u>APPLICATION</u>

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable

compensation for actual and necessary professional services rendered by Quinn Emanuel, as

special investigatory, litigation and conflicts counsel for the Debtors, during the Twenty Fifth

Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses

incurred by Quinn Emanuel in connection with such services during the Twenty Fifth Monthly

Fee Period.

9.    Specifically, Quinn Emanuel seeks approval of the sum of $9,019.50 for actual,

reasonable and necessary legal services rendered on behalf of the Debtors during the Twenty

Fifth Monthly Fee Period, and $7,713.02 for reimbursement of actual, reasonable and necessary

expenses incurred in connection with the rendition of such services.  The fees sought by the

Application reflect an aggregate of 23.60 hours of attorney and paraprofessional time spent and

recorded in performing services for the Debtors during the Twenty Fifth Monthly Fee Period, at a blended average hourly rate of $382.18 for professionals.

10.     Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.     Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors.  These records are maintained in the ordinary course of Quinn Emanuel's practice.  For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Twenty Fifth Monthly Fee Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested.  Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position.  The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.     Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.     Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet.  The summary lists the amounts and categories of expenses for which reimbursement is sought.  Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.   SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.     To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines, Quinn Emanuel has established the following separate project billing categories in connection with these cases:

a)  Bank/Thrift Issues
b)  Cash Collateral and DIP Financing
c)  Case Management/Calendar Maintenance/Service of
d)  Class Actions
e)  Court Hearings
f)  Creditor Inquiries
g)  Employee Issues
h)  Fee Application Preparation/Fee Issues
i)  Government Issues/Investigations
j)  Insurance Issues
k)  Lender Claims
l)  Meetings
m)  Non-Working Travel (Only 50% Requested)
n)  Other Conflicts
o)  Plan and Disclosure Statement
p)  Recharacterization
q)  Retention of Professionals
r)  Rule 2004 Investigations
s)  Servicing Platform Issues
t)  Stay Relief Matters
u)  Travel Time

15.     The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel expended a considerable number of hours on behalf of the Debtors. It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the Twenty Fifth Monthly Fee Period. Detailed descriptions of the day-to-day services provided by Quinn Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto. Such detailed descriptions show that Quinn Emanuel was heavily involved in the performance of services for the Debtors on a daily basis to meet the needs of the Debtors in these cases.

A.     **Lender Claims**: (Total Hours: 4.10; Total Fees: $2,352.00)

16.     ***Broadhollow Funding LLC, et al. v. Bank of America.*** The Broadhollow adversary proceeding ("**Broadhollow Action**") was commenced on October 22, 2007 in response to alleged breaches of swap fund agreements between the plaintiffs, Broadhollow Funding LLC and Melville Funding LLC. On May 11, 2009, applications to intervene in the proceeding were filed because a group of noteholders were dissatisfied with the pace of the litigation (the "**Noteholders' Intervention Motion**"). Quinn Emanuel attorneys researched, prepared and filed an opposition brief to the Noteholders' Intervention Motion. On May 27, 2009, the Court approved a stipulation extending the time Bank of America, N.A. ("**BofA**") had to file and serve their reply brief to the Noteholders' Intervention Motion.

17.     Quinn Emanuel attorneys filed an objection to the Noteholders' Intervention Motion (the "**Objection to Noteholders' Intervention Motion**") on June 15, 2009. On June 22, 2009 the noteholders filed a reply to Quinn Emanuel's objection. Throughout this fee period,

7

Quinn Emanuel attorneys continued to engage in negotiations with the Noteholders' counsel in order to explore options with respect to the Noteholders' Intervention Motion.

18.    *Wells Fargo Litigation.*  On October 25, 2007, Wells Fargo Bank N.A. ("**Wells Fargo**") filed an interpleader action against the Debtors and several Bear Stearns entities and affiliates ("**Bear Stearns**"). In its complaint, Wells Fargo seeks to resolve competing claims asserted by the Debtors and Bear Stearns regarding a monthly payment owing on account of a trust certificate owned by the Debtors and allegedly foreclosed upon by Bear Stearns.

19.    On July 2, 2008, Quinn Emanuel attorneys, on American Home's behalf, filed a motion for summary judgment on its claim to the disputed monthly payment. That same day Bear Stearns filed a motion for summary judgment on its claim to the disputed payment (the "**Bear Stearns Summary Judgment Motion**"). On October 30, 2008, the Court entered an order and issued an opinion granting summary judgment in favor of American Home and against Bear Stearns (the "**Bankruptcy Court Opinion**"). On November 10, 2008, Bear Stearns appealed the Bankruptcy Court Opinion (the "**Appeal**"). On November 20, 2008, Bear Stearns filed its statement of issues and designations of record on appeal. On December 1, 2008, American Home filed its counter-designation of items to be included on the record on appeal with the District Court.

20.    On February 10, 2009, the parties attended a confidential mediation but were unable to arrive at a consensual resolution of Bear Stearns' Appeal. On July 31, 2009, the District Court affirmed the Bankruptcy Court Opinion. During this fee period, Quinn Emanuel attorneys continued their review of the status of the appeal to the Third Circuit Court of Appeals.

21.     The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Twenty Fifth Monthly Fee Period was 23.6 hours, which services have a fair market value of $9,019.50.  As shown by this Application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals).  In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## V.     EXPENSES

22.     Quinn Emanuel has expended the total amount of $7,713.02 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Twenty Fifth Monthly Fee Period.[3]  Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services.  A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

23.     In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals,

---

[3]     This air travel covers flights from June 2008 that were inadvertently not included in the August 2008 monthly fee application.  The flights were for Duane Lyons and Andrew Allison to attend the depositions of certain witnesses with respect to insurance claims that were being litigated at the time.  Mr. Lyons attended depositions in New York, North Carolina, Washington, D.C. and Philadelphia for Triad employees and IGT's expert.  Mr. (footnote continued)

computerized research, transcription costs, as well as non-ordinary overhead expenses
particularly attributable to an individual client or cases such as secretarial and other overtime.

24.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with
those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than
the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks
reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents
per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance
with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel
will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

25.    In providing or obtaining third party services which are reimbursable by clients,
Quinn Emanuel does not include in such reimbursable amount any costs of investment,
equipment or capital outlay, except that the reimbursable cost of photocopying and faxes
includes a factor for the cost of the equipment.

26.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business
hour fees and expenses for secretarial, library, word processing, and other staff services because
such items are not included in the firm's overhead for the purpose of setting the billing rates.

27.    Attorneys at Quinn Emanuel have not incurred expenses for luxury
accommodations, deluxe meals or air travel in excess of coach fares. Throughout the Twenty
Fifth Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has
tried to minimize the expenses charged to the Debtors' estates.

---

Allison attended a deposition in Washington, D.C. for IGT's expert. We have not
previously requested reimbursement for these expenses.

## VI.    <u>NOTICE</u>

28.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee. Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## VII.   CONCLUSION

**WHEREFORE,** Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $9,019.50 for actual, reasonable and necessary professional services rendered and reimbursement of $7,713.02 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $14,928.62, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
    October __, 2009

                    **QUINN EMANUEL URQUHART OLIVER &
                    HEDGES, LLP**

                    By _____
                        James C. Tecce
                        Susheel Kirpalani

                    51 Madison Avenue, 22nd Floor
                    New York, New York  10010
                    Telephone:  (212) 849-7000
                    Telecopier: (212) 849-7100