IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :
a Delaware corporation, et al.,[1]                               :  Jointly Administered
                                                                 :
                Debtors.                                         :  Objection Deadline: n/a
                                                                 :  Hearing Date: n/a
                                                                 :
---------------------------------------------------------------- x

**DEBTORS' MOTION TO SHORTEN NOTICE WITH RESPECT TO DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER AUTHORIZING AND APPROVING STIPULATION BY AND AMONG THE DEBTORS AND THE BANK OF NEW YORK MELLON IN VARIOUS CAPACITIES (I) RESOLVING CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (f/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) PARTIALLY RESOLVING CERTAIN PROOFS OF CLAIM**

AHM Holdings, a Delaware corporation, and certain of its affiliates, debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"), having filed contemporaneously herewith the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for an Order Authorizing and Approving Stipulation By and Among the Debtors and The Bank of New York Mellon in Various Capacities (I) Resolving Cure Claims Asserted in Connection With the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. and (II) Partially Resolving Certain Proofs of Claim* (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

"Motion")[2] hereby move this Court (the "Motion to Shorten"), pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening the time for notice of the Motion so that the Motion may be heard at the hearing currently scheduled for November 13, 2009 at 2:00 p.m. (ET). The Debtors further request that the Court order that any objections to the relief requested in the Motion be filed and served upon the undersigned counsel to the Debtors no later than November 10, 2009 at 4:00 p.m. (ET). In support thereof, the Debtors respectfully submit as follows:

1. The Bankruptcy Rules require twenty (20) days' notice prior to the hearing date for motions such as the Motion. See Fed. R. Bankr. P. 2002(a). Pursuant to Local Rule 9006-1(c), however, such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing to consider the Motion.

2. By the Motion, the Debtors seek approval and authority to enter into the Stipulation with BNYM. The Debtors and BNYM believe it is in their respective best interests to compromise and settle, without further litigation, the matters set forth in the Motion on the terms and subject to the conditions set forth in the Stipulation. The Debtors' entry into the Stipulation provides for a fair and practical resolution of numerous disputed issues, including: (i) the Sellers' Cure Claims; (ii) the Acceptance EPD/Breach Claims; (iii) the Corp. EPD/Breach Claims; and (iv) the Omnibus Objections, and avoids the need to commence costly and time-consuming litigation to determine the validity of such claims and the extent of the Debtors' liability, if any, in connection therewith.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. A material term of the agreement embodied in the Stipulation was that the Debtors would seek to have the Stipulation heard at the November omnibus date so as to permit prompt payment of BNYM's Sellers' Cure Claims that have been pending for more than a year.

4. The Debtors have been in close communication with Bank of America, N.A., as Administrative Agent ("BofA"), which has an interest in any residual amounts held in the Cure Escrow, regarding the Stipulation at every stage of the negotiations with BNYM. BofA is currently reviewing the Motion and Stipulation and, while it reserves all rights as to the Motion, it does not oppose the shortened notice proposed herein.

5. The Debtors have also discussed the Stipulation with the Official Committee of Unsecured Creditors (the "Committee"), which, though it reserves its rights with respect to the Motion and the Stipulation, does not oppose the shortened notice proposed herein.

6. Under these circumstances, the Debtors submit that shortened notice will not prejudice any party in interest to the Sellers' Cure Claims dispute, and that relief from this Court, pursuant to Bankruptcy Rule 2002 and Local Rule 9006-1(e), to have the Motion heard on shortened notice as set forth herein is appropriate.

7. Notice of this motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to BNYM; and (iv) all parties entitled to notice under Bankr. Del. L.R. 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto granting the relief requested herein and any further relief the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: | Wilmington, Delaware<br>October 28, 2009 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ illegible<br>Sean M. Beach (No. 4070)<br>Patrick A. Jackson (No. 4976)<br>Michael S. Neiburg (No. 5275)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Counsel for Debtors and Debtors in Possession |