# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| American Home Mortgage Holdings, Inc., a Delaware corporation, *et al.*, | ) Case No. 07-11047 (CSS) <br> ) Jointly Administered |
| Debtors. | ) **Objection Deadline: November 6, 2009 at 4:00 p.m.** <br> ) **Hearing Date: November 13, 2009 at 10:00 a.m.** <br> ) **Related to Docket No. 8174** |

## RESPONSE OF WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION TO DEBTORS' FORTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Washington Mutual Mortgage Securities Corporation ("WaMu"), by and through its undersigned counsel, hereby objects to the *Debtors' Forty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 8174] (the "Objection"). In support hereof, WaMu respectfully states as follows:

### Background

1. On August 4, 2007 (the "Petition Date"), the above-captioned debtors ("Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtors, as sellers, and WaMu, as purchaser, entered into a loan purchase agreement pursuant to which WaMu purchased certain loans from the Debtors, and which provides, among other things, that (i) Debtors were required to repurchase certain loans if there was an early payment default by a borrower ("EPD

Claims"), and (ii) WaMu was entitled to certain damages for breach of representation or warranty under such agreements made by one or more of the Debtors ("Breach Claims", and together with EPD Claims, hereinafter referred to as "EPD/Breach Claims").

3. On January 11, 2008, WaMu timely filed proofs of claim regarding its EPD/Breach Claims against several of the Debtors. On November 25, 2008, WaMu amended its proofs of claim, which have been designated as Claim Nos. 10577, 10578, 10579, 10580 and 10581 (the "Amended Claims"). WaMu filed each of the amended proofs of claim for the same amount, $7,010,479.15.

4. In the fall of 2008, WaMu and certain of its affiliates were put into receivership with the Federal Deposit Insurance Corporation ("FDIC"), and a majority of their assets were sold to JPMorgan Chase.

5. On February 23, 2009, the Court entered an order confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Stated as of February 19, 2009 [Docket No. 7042] (the "Plan").

6. Under the Plan, an EPD/Breach Claim Protocol (the "Protocol") was established to resolve the EPD/Breach Claims because of the complexity and expense of litigating issues concerning the EPD/Breach Claims. The Protocol requires WaMu to supplement its EPD/Breach Claims with a questionnaire, which would permit the Debtors to calculate damages for distribution.

7. On October 13, 2009, the Debtors filed the Objection. In the Objection, the Debtors assert no liability for the Amended Claims due to WaMu's failure to complete questionnaires related to the Amended Claims.

**WaMu's Response to the Objection**

8.  WaMu objects to the relief requested in the Objection. For a variety of reasons, including the FDIC receivership and WaMu's asset sale, it is not clear who was responsible for completing the questionnaires and so WaMu has not completed the questionnaires. WaMu estimates that it will need ninety (90) days to gather the information necessary to complete the questionnaires. Accordingly, WaMu submits that WaMu should be granted additional time to find the requested information to complete the questionnaires before the Court rules on the Objection with respect to the Amended Claims.

9.  In addition, WaMu objects to the Debtors' totals listed on Exhibit A to the Objection with respect to the EPD/Breach Claims. On Exhibit A, the Debtors state that the total claimed amount for each of the Amended Claims is $3,819,269.48. However, as set forth in the Amended Claims, each of WaMu's EPD/Breach Claims increased by $3,191,209.67, which brings the grand total for each of the Amended Claims to $7,010,478.15. Therefore, the Debtors need to correct their books and records with respect to the proper amount claimed by WaMu in the Amended Claims.

WHEREFORE, for all the foregoing reasons, WaMu respectfully requests that this Court enters an order that adjourns the Objection with respect to the Amended Claims, that requires the Debtors to amend Exhibit A to the Objection so that it reflects the proper amounts for the Amended Claims, and that grants such other and further relief as the Court deems just and proper.

Dated: November 6, 2009   CONNOLLY BOVE LODGE & HUTZ LLP

*(signature)*

Karen C. Bifferato (No. 3279)
N. Christopher Griffiths (No. 5180)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, Delaware 19801
(302) 658-9141

*Attorneys for Washington Mutual Mortgage Securities Corporation*

#730914