## Exhibit A

**The Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                    :
                                                    : Jointly Administered
Debtors.                                            :
                                                    : Ref. Dkt. Nos. 1711, 2166, 2235, 2504,
                                                    : 3849, 7155, 8173, and 8174
---------------------------------------------------------------- x

## STIPULATION BY AND AMONG THE DEBTORS AND THE BANK OF NEW YORK MELLON IN VARIOUS CAPACITIES (I) RESOLVING CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) PARTIALLY RESOLVING CERTAIN PROOFS OF CLAIM

This stipulation (the "Stipulation") is entered into by and among AHM Holdings and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), and The Bank of New York Mellon f/k/a The Bank of New York, in various capacities ("BNYM" and, collectively with the Debtors, the "Parties"), by and through their undersigned counsel.

### RECITALS

WHEREAS, On August 6, 2007 (the "Petition Date"), the Debtors filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their

---

* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts;

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS the Assumed Contracts included certain contracts (i) to which BNYM, in its capacity as Indenture Trustee, Master Servicer, and/or Securities Administrator is a party or (ii) under which BNYM is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed BNYM Agreements");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor merger by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

2

WHEREAS, in accordance with the Sale Order, BNYM timely filed (i) the *Proof of Cure Claim and Estimate of Transfer Cost Claim of The Bank of New York, in Various Capacities* [D.I. 2235] (the "Initial Cure Claim"), (ii) the *Limited **Objection** of The Bank of New York, in Various Capacities, to Notice of Cure Interim Cure Claim Schedule* [D.I. 2504] (the "Interim Cure Claim"), and (iii) the *Proof of Transfer Cost Claim of The Bank of New York, in Various Capacities* [D.I. 3849] (the "Transfer Cost Claim" and, together with the Initial Cure Claim and the Interim Cure Claim, the "Sellers' Cure Claims"), which asserted aggregate claims of $629,976.46 as a Sellers' Cure Amount;

WHEREAS, BNYM timely filed proof of claim #8609 against AHM Acceptance, which was subsequently amended and superseded by proof of claim #10116, in which it asserted (i) contingent and unliquidated claims for breaches of representations, warranties, and obligations contained in certain contracts (the "Acceptance EPD/Breach Claims"); and (ii) an unliquidated claim for damages in connection with the Debtor's alleged diversion of principal collections on Home Equity Line of Credit following an alleged Rapid Amortization Event (as defined in the relevant documents) (the "Acceptance HELOC/RAE Claim");

WHEREAS, BNYM timely filed proof of claim #10117 against AHM SV asserting (i) Sellers Cure Claims, to the extent the Cure Escrow was insufficient to provide for their payment in full; (ii) contingent and unliquidated claims for breaches of representations, warranties, and obligations contained in certain contracts (the "Servicing Breach Claims"); and (iii) an unliquidated claim for damages in connection with the Debtor's alleged diversion of principal collections on Home Equity Line of Credit following an alleged Rapid Amortization Event (the "Servicing HELOC/RAE Claim").

WHEREAS, BNYM timely filed proof of claim #8610 against AHM Corp., in which it asserted contingent and unliquidated claims for breaches of representations, warranties, and obligations contained in certain contracts (the "Corp. EPD/Breach Claims");

WHEREAS, on March 25, 2009, the Debtors filed an objection to the Sellers' Cure Claims [D.I. 7155];

WHEREAS, on October 13, 2009, the Debtors filed omnibus claim objections [D.I. 8173 & 8174] (the "Omnibus Objections") which included objections to BNYM's claims #8609, 8610, 10116, and 10117;

WHEREAS, BNYM has agreed to withdraw the Initial Cure Claim to the extent of the claim for $72,159 relating to an apparent custodial account discrepancy, which was subsequently resolved;

WHEREAS, the Parties desire to avoid costly litigation over the remaining portions of the Sellers' Cure Claims and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness**. This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation and authorizing the

Cure Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to BNYM from the Cure Escrow. As soon as practicable following execution of this Stipulation by all Parties, the Debtors shall file a motion seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h). If the Approval Order is not entered within thirty (30) days after execution of this Stipulation by all Parties, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

2. **Allowed Cure Claim.** Upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $240,001 (the "Allowed Cure Claim"). The Allowed Cure Claim shall be paid to BNYM from the Cure Escrow within five (5) days following entry of the Approval Order, pursuant to wire instructions to be provided by BNYM.

3. **Withdrawal of Omnibus Objections**. Effective upon entry of the Approval Order, the Omnibus Objections shall be deemed withdrawn with prejudice (except as otherwise provided herein) as to proofs of claim ## 8609, 8610, 10116, and 10117.

4. **Allowed Claim Against AHM SV.** Effective upon entry of the Approval Order, proof of claim #10117 shall be allowed in part as a general unsecured claim in the amount of $317,816 on account of the Sellers' Cure Claims, without prejudice to the Debtors' right to object, on any basis whatsoever, to (i) the Servicing Breach Claims, to the extent they arise from a contract other than an Assumed BNYM Agreement, and (ii) the Servicing HELOC/RAE Claim.

5. **Allowed Claim Against AHM Corp**. Effective upon entry of the Approval Order, proof of claim #8610 shall be allowed as a general unsecured claim in the amount of $184,842 on account of the Corp. EPD/Breach Claims.

6. **Allowed Claim Against AHM Acceptance**. Effective upon entry of the Approval Order, proof of claim #8609 shall be expunged as amended and superseded, with proof of claim #10116 as the surviving claim. Proof of claim #10116 shall be allowed in part as a general unsecured claim in the amount of $18,640 on account of the Acceptance EPD/Breach Claims, without prejudice to the Debtors' right to object to the Acceptance HELOC/RAE Claim on any basis whatsoever.

7. **Release by BNYM**. Effective upon BNYM's receipt of payment of the Allowed Cure Claim from the Cure Escrow, BNYM, on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or the Cure Escrow arising out of or relating to the Assumed BNYM Agreements, whether such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated; provided, however, that BNYM does not waive or release any claims allowed pursuant to this Stipulation, nor does BNYM waive its right to assert (i) the Acceptance HELOC/RAE Claim, (ii) the Servicing HELOC/RAE Claim, or (iii) any Servicing Breach Claims arising from a contract other than an Assumed BNYM Agreement.

8. **No Evidence**. The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

9. **Entire Agreement**. This Stipulation constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes any prior agreement or understandings.

10. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

11. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

12. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

13. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

14. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

15. **Execution in Counter-Parts and By Telecopy.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[SIGNATURE PAGE FOLLOWS]

Dated: Wilmington, Delaware
October 27, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated: New York, New York
October 27, 2009

RICHARDS, LAYTON & FINGER, P.A.
Russell C. Silberglied (No. 3462)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

PILLSBURY WINTHROP SHAW PITTMAN LLP

_____
Leo T. Crowley
Margot P. Erlich
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000

Counsel for The Bank of New York Mellon,
in various capacities