IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :    Jointly Administered
         Debtors.                                                :
                                                                 :    Response Deadline: December 7, 2009 at 4:00 p.m. (ET)
                                                                 :    Hearing Date: December 14, 2009 at 11:30 a.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' FORTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C, and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reclassifying and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Forty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reassigning, reclassifying and/or otherwise

modifying the Disputed Claims listed in Exhibits A, B, C, and D to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A. No Liability Claims

10. After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Moreover, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### B. Modified Amount Claims

11. The Debtors have reconciled the claims identified in Exhibit B to the Proposed Order (the "Modified Amount Claims") against their books and records. The claimants asserting the Modified Amount Claims asserted amounts that were higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claims" in Exhibit B should be modified by reducing the amounts to the dollar value listed under the column titled "Modified Amount" in Exhibit B. The Debtors believe Exhibit B contains the appropriate amounts of liability for the Modified Amount Claims. Failure to modify the Modified Amount Claims as set forth herein will result in the applicable claimant receiving an unwarranted recovery against the

Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order reducing the value of the Modified Amount Claims as set forth in Exhibit B.

### C.     Modified Amount Reclassified Claims

12.    The claimants asserting the claims identified in Exhibit C to the Proposed Order (the "Modified Amount Reclassified Claims") asserted ambiguous priority levels and amounts claimed. Specifically, on their respective proof of claim form, each claimant wrote the same amount, e.g. $5,000, in the blank for unsecured nonpriority and again near the check box indicating the claimed amount is entitled to priority status. Thus, it is unclear as to whether the claimant is asserting: (i) a claim for $5,000 or $10,000 and/or (ii) that all or a portion of their claim is entitled to nonpriority or priority status. After reconciling the Modified Amount Reclassified Claims (and the materials submitted in support thereof) against their books and records, the Debtors have determined that the Modified Amount Reclassified Claims should be allowed as priority unsecured claims and the allowed amount of such claims should be fixed to the dollar values listed under the column titled "Modified Amount." Any failure to modify and fix the dollar value of these claims as set forth herein and on Exhibit C to the Proposed Order may result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates.

13.    Accordingly, the Debtors hereby object to the Modified Amount Reclassified Claims and request the Court to enter an order reclassifying and modifying by fixing the value of such claims, as provided for on Exhibit C to the Proposed Order.

### D.     Insufficient Documentation Claim

14.    The claim listed in Exhibit D to the Proposed Order (the "Insufficient Documentation Claim") was submitted without sufficient alleged facts or documentation to

support the alleged claim. The Insufficient Documentation Claim has some documentation attached, but such documentation is not adequate to allow the Debtors to determine the validity and amount of the claim. To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

15. As noted above, the claimant asserting the Insufficient Documentation Claim failed to allege facts sufficient and/or attach documentation sufficient to determine the validity and amount of her claim. Therefore her claim is not *prima facie* valid. See in re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claim is not *prima facie* valid, the Debtors hereby object to this claim and request the Court to enter an order disallowing in full and expunging the Insufficient Documentation Claim identified on Exhibit D to the Proposed Order.

## RESERVATION OF RIGHTS

16. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

*[Remainder of page intentionally left blank]*

## NOTICE

17. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; (iv) counsel for the Official Committee of Borrowers; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: November 13, 2009
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 : Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       : Jointly Administered
       Debtors.                                                        :
---------------------------------------------------------------------- x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS'
FORTY-SIXTH OMNIBUS (SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.     I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Forty-Sixth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.     Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims," "Modified Amount Claims," "Modified Amount Reclassified Claims," and "Insufficient Documentation Claim," as defined in the Objection and identified on Exhibits A, B, C, and D to the Proposed Order, respectively.

3. The information contained in Exhibits A, B, C, and D to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed the No Liability Claims, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

5. The Debtors have reviewed the Modified Amount Claims, related supporting documentation and the Debtors' own books and records and determined that the claims identified in Exhibit B to the Proposed order should be modified to the amounts listed in Exhibit B. Accordingly, to prevent the applicable claimant from receiving an unwarranted recovery, the Debtors seek to reduce the Modified Amount Claims.

6. The Debtors have reviewed the Modified Amount Reclassified Claims, related supporting documentation and the Debtors' own books and records and determined that the claims identified on Exhibit C to the Proposed Order should be modified and reclassified as provided for therein in order to correctly classify such claims and to prevent the claimants from receiving an unwarranted recovery to the detriment of other creditors of the Debtors' estates. As a result, the Debtors seek to both modify and reclassify the Modified Amount Reclassified Claims.

7.      The Debtors have further determined based upon a review of the claims docket and the claim identified on <u>Exhibit D</u> to the Proposed Order that such claim was filed without sufficient supporting documentation and/or failed to allege facts sufficient to support either the validity of the claim itself or the amount claimed.  Moreover, the Debtors have made reasonable efforts to reconcile the Insufficient Documentation Claim against their books and records and believe such claim does not provide *prima facie* evidence of the validity and amount of the claim.  Consequently, the Debtors seek to expunge and disallow in full the Insufficient Documentation Claim listed in <u>Exhibit D</u>.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2009

*/s/ E. Wanerka/*
Eileen Wanerka
Assistant Vice President