EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*, [1]

                    Debtors.

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

------------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

                    Plaintiff,

    - against -

**BERNARD HODES GROUP, INC.**

                    Defendant.

Adv. Proc. No. **09-51538 (CSS)**

------------------------------------------------------------------x

### SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **Bernard Hodes Group, Inc.** ("**Bernard Hodes**

**Group**," together with the Committee, the "*Parties*") sets forth the terms upon which the Parties

have agreed to settle the matter described below.

### RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS,** August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS,** on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on or about **July 29, 2009**, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against **Bernard Hodes Group** which asserted that

Bernard Hodes Group had received transfers from the Debtors totaling **$44,360.04** (the

"*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the

Bankruptcy Code; and

      **WHEREAS, Bernard Hodes Group** denies liability and asserts that **payment was**

**made in the Ordinary Course of Business and was a Contemporaneous Exchange for New**

**Value**; and

      **WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have

determined to resolve their disputes on the terms and subject to the conditions set forth in this

Settlement Agreement; and

      **NOW, THEREFORE**, in consideration of the promises and mutual covenants contained

herein and other valuable consideration, the receipt and sufficiency of which are hereby

acknowledged, it is stipulated and agreed by and between the Parties, as follows

      1.      The recitals set forth above are incorporated herein by reference.

      2.      In full and final settlement and satisfaction of the Preference Claims,

**Bernard Hodes Group** shall pay, as consideration for this settlement, the sum of **twenty**

**thousand dollars and 00/100's ($20,000.00)** (the "*Settlement Sum*").  The Settlement Sum shall

be paid by check made payable to the order of "American Home Mortgage", in the amount of

**$20,000.00**, and such check shall be delivered to Receivable Management Services; Attn: B.

Elizabeth Plank, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030; so that it is

received on or before **October 30, 2009.**

      3.      The Parties understand and acknowledge that this Settlement Agreement is

subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be

binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where

applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approval of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

      4.     If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **Bernard Hodes Group** and received by the Committee shall be returned within ten (10) calendar days of such order.

      5.     Upon **Bernard Hodes Group**'s receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **Bernard Hodes Group** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, and (b) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however,* that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement. This release shall not release or otherwise affect any claim previously filed by, or scheduled on behalf of, **Bernard Hodes Group**.

      6.     Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the

Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and discharges **Bernard Hodes Group** and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or relating to, the Preference Claims", and (b) shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the entry of the Final Order; provided, however, that nothing contained herein shall be deemed to release any obligations **Bernard Hodes Group** has under this Settlement Agreement.

      7.     The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

      8.     Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

      9.     The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

      10.     The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all

of which together constitute one and the same instrument.

Dated: _October 23_, 2009
New York, New York

| HAHN & HESSEN LLP | BERNARD HODES GROUP, INC. |
|---|---|
| Counsel for the Committee | |
| | By: _[signature]_ |
| | Name: BEN CAMACHO |
| By: _[signature]_ | Title: VP, Client Accounting MGR |
| Mark S. Indelicato | 220 E. 42ND STREET |
| Edward L. Schnitzer | Address: NEW YORK, NY 10017 |
| | |
| 488 Madison Avenue | Phone Number: 212 999 9830 |
| New York, NY 10022 | |
| (212) 478-7200 | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
```

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*,[1]

Debtors.

```
-------------------------------------------------------x
```

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

Plaintiff,

- against -

**BUILDING CHAMPIONS, INC.,**

Defendant.

```
-------------------------------------------------------x
```

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

Adv. Proc. No. **09-51546 (CSS)**

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned debtors (collectively, the "*Debtors*") and **Building Champions, Inc. ("Building Champions,"** together with the Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]   The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS,** August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS,** on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on or about **July 29, 2009**, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against **Building Champions** which asserted that

-2-

**Building Champions** had received transfers from the Debtors totaling **$78,820.00** (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS, Building Champions** denies liability and asserts that **payment was made in the Ordinary Course of Business and was a Contemporaneous Exchange for New Value**; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.    The recitals set forth above are incorporated herein by reference.

2.    In full and final settlement and satisfaction of the Preference Claims, **Building Champions** shall pay, as consideration for this settlement, the sum of **twenty-six thousand and two-hundred fifty dollars and 0/100's ($26,250.00)** (the "*Settlement Sum*"). The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of **$26,250.00**, and such check shall be delivered to Receivable Management Services; Attn: B. Elizabeth Plank, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030; so that it is received on or before **October 15, 2009**.

3.    The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where

applicable, of an order approving this Settlement Agreement (the "*Final Order*").  For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.  The Committee will seek approve of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

      4.     If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **Building Champions** and received by the Committee shall be returned within ten (10) calendar days of such order.

      5.     Upon **Building Champions**'s receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **Building Champions** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities,  and (b) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.  This release shall not release or otherwise affect any claim previously filed by, or scheduled on behalf of, **Building Champions**.

      6.     Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the

Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and discharges **Building Champions** and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, and (b) shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the entry of the Final Order; provided, however, that nothing contained herein shall be deemed to release any obligations **Building Champions** has under this Settlement Agreement.

7.      The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.      Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.      The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.     The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.     The Parties agree that each Party has reviewed this Settlement Agreement

and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: _October 14_, 2009
New York, New York

| | |
|---|---|
| **HAHN & HESSEN LLP**<br>Counsel for the Committee<br><br>By: _____<br>    Mark S. Indelicato<br>    Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | **BUILDING CHAMPIONS, INC.**<br><br>By: _____<br>    Name:<br>    Title:<br><br><br>Address: 5285 SW Meadows Rd., Suite 420<br>         Lake Oswego, OR 97035<br>Phone Number: (503) 670-1013 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

-------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **Curran and Connors, Inc.**, ("**Curran**" and, together

with the Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to

settle the matter described below.

## RECITALS

**WHEREAS,** on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of

Delaware (the "*Court*"); and

**WHEREAS,** on August 14, 2007, the Office of the United States Trustee formed the

Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation

of the Debtors (as amended, the "*Plan*"); and

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

**WHEREAS**, on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS**, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

**WHEREAS**, on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS**, on or about July 8, 2009, the Committee informed **Curran** that the Debtors' books and records indicated that **Curran** had received transfers from the Debtors totaling **$8,000.00** (the "*Transfers*"), which the Committee asserts are subject to avoidance as preferences (the "*Preference Claims*") pursuant to Bankruptcy Code § 547; and

**WHEREAS**, **Curran** denies liability; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

      1.      The recitals set forth above are incorporated herein by reference. In full and final settlement and satisfaction of the Preference Claims, **Curran** shall pay, as consideration for this settlement, the sum of **four-thousand dollars and 0/100's ($4,000.00)** (the "*Settlement Sum*").

      2.      The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of **$4,000.00**, and such check shall be delivered to Receivable Management Services, Attn: Elizabeth Plank; 307 International Circle, Suite 270; Hunt Valley, Maryland; 21030, so that it is received within fourteen (14) days of the execution of this Settlement Agreement.

      3.      The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "Final Order"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

      4.      If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the

Settlement Sum which has been paid in good funds by **Curran** and received by the Committee shall be returned within ten (10) calendar days of such order.

5.  Upon **Curran**'s receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **Curran** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, and (b) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.   This release shall not release or otherwise affect any claim previously filed by, or scheduled on behalf of, **Curran**.

6.  Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the Committee, on behalf of itself, and the Debtors' estates, hereby releases, acquits and discharges **Curran** and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or relating to, the Preference Claims; provided, however, that nothing contained herein shall be deemed to release any obligations **Curran** has under this Settlement Agreement.

7.  The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.  Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to

the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.      The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.     The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.     The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement.  The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.     The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.     Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be

affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns. This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: _____, 2009
       New York, New York

| | |
|---|---|
| **HAHN & HESSEN LLP**<br>Counsel for the Committee<br><br>By: _____<br>    Mark S. Indelicato<br>    Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | **CURRAN & CONNORS, INC.**<br><br>By: _____<br>    Name<br><br>_____<br>    Title   *VP Finance*<br><br>Address: _____<br>    *140 Adams Ave St. 20c*<br>    *Hauppauge NY 11788*<br><br>Phone Number: *631 435 0400* |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, [1]

Debtors.

------------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,

Plaintiff,

- against -

DELOITTE & TOUCHE LLP,

Defendant.

------------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)


Adv. Proc. No. 09-51596 (CSS)

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned debtors (collectively, the "*Debtors*"), for itself and on behalf of the Debtors and their estates, and Deloitte & Touche LLP ("*Deloitte & Touche*" and together with the Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS,** August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS,** on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the effective date of the Plan (the "*Effective Date*"), the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan; and

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on July 28, 2009, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against Deloitte & Touche, which asserted that Deloitte &

Touche had received transfers from the Debtors totaling $514,750.00 (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS**, Deloitte & Touche denies liability and asserts that (i) the Transfers were made in the ordinary course of business, and (ii) Deloitte & Touche provided the Debtors with subsequent new value; and

**WHEREAS**, in order to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      In full and final settlement and satisfaction of the Preference Claims (as defined above), Deloitte & Touche shall pay, as consideration for this settlement, the sum of forty-two thousand dollars and 00/100's ($42,000.00) (the "*Settlement Sum*").

2.      The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage" in the amount of $42,000.00, and such check shall be delivered to Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attention: Edward L. Schnitzer, so that it is received within fourteen (14) business days of the filing of a motion seeking approval of the Settlement Agreement..

3.      The Parties understand, acknowledge and agree that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall be binding upon the Parties pending, and subject only to, entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the

*"Final Order"*). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approval of this Settlement Agreement by filing a motion not later than thirty (30) days following receipt of a fully executed copy of the Settlement Agreement.

4.      If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void, and any portion of the Settlement Sum which has been paid in good funds by Deloitte & Touche and received by the Committee shall be returned within ten (10) calendar days of entry of such order.

5.      Effective upon Deloitte & Touche's receipt of a fully executed copy of this Settlement Agreement, and subject only to entry of a Final Order approving this Settlement Agreement, Deloitte & Touche hereby releases, acquits and discharges the Committee, the Debtors, their estates, and their respective successors and assigns, of and from any Deloitte & Touche right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement; and *provided, further,* that nothing in this Settlement Agreement shall or shall be deemed to impair or prejudice any defenses (legal, equitable and other) that exist or may be asserted by Deloitte & Touche and the other Deloitte U.S. Entities (as defined below),[2] to any or all claims, damages, actions, suits,

---

[2]      As used herein, "Deloitte U.S. Entities" means Deloitte & Touche LLP and its respective past and present officers, directors, employees, agents, representatives, partners, principals, attorneys, predecessors, successors, parents, subsidiaries, affiliates and assigns including, without limitation, Deloitte Tax LLP, Deloitte Financial

causes of action, rights, liens, demands, obligations and other liabilities other than the Preference

Claims that the Debtors, their estates and their successors or assigns have or may have against

Deloitte & Touche and the other Deloitte U.S. Entities and their respective successors and

assigns, including but not limited to those arising out of or related to audit and other accounting

services provided by Deloitte & Touche to the Debtors prior to the Petition Date, all of which

defenses are expressly preserved and reserved.

   6.  Effective upon the Committee's receipt of a fully executed copy of this

Settlement Agreement and the Debtors estates' receipt of the Settlement Sum in good funds, and

subject only to entry of a Final Order approving the Settlement Agreement, the Committee, on

behalf of itself, the Debtors and their estates, (a) hereby releases, acquits and discharges Deloitte

& Touche, the other Deloitte U.S. Entities, and their respective successors and assigns, solely

from the Preference Claims (as defined above), and (b) shall cause the Adversary Proceeding to

be dismissed with prejudice within five (5) business days after the later of (i) the Debtors estates'

receipt of the Settlement Sum in good funds or (ii) entry of the Final Order; *provided, however,*

that nothing contained herein is intended nor shall be deemed to prejudice, release, acquit or

discharge (i) any obligations Deloitte & Touche has under this Settlement Agreement and (ii)

any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and

other liabilities other than the Preference Claims that the Debtors, their estates and their

successors or assigns have or may have against Deloitte & Touche and its successors and

assigns, including but not limited to those arising out of or related to audit and other accounting

services provided by Deloitte & Touche to the Debtors prior to the Petition Date.

---

Advisory Services LLP, Deloitte Consulting LLP (successor to Deloitte Consulting Holding LLC), Deloitte
Consulting (Nevada) LLC, Deloitte Consulting LP, Deloitte Consulting (US) LLC, Deloitte Consulting
(HoldingSub) LLC and Deloitte LLP (successor to Deloitte & Touche USA LLP).

7.    The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.    Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.    The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.    The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be

-6-

construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.     Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.     This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.     No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.  The Deloitte U.S. Entities are intended third party beneficiaries solely with respect to the release given to the other Deloitte U.S. Entities from the Preference Claims contained in paragraph 6 above.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    November 13, 2009

**HAHN & HESSEN LLP**
Counsel for the Committee

By: _____
        Mark S. Indelicato
        Edward L. Schnitzer

488 Madison Avenue
New York, NY  10022
(212) 478-7200

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Counsel for Deloitte & Touche LLP

By: _____
        Mark S. Chehi

One Rodney Square, 7th Floor
Wilmington, Delaware 19801
(302) 651-3000

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------x
```

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*, [1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

```
-------------------------------------------------------------------x
```

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

Plaintiff,

- against -

DELOITTE TAX LLP,

Defendant.

Adv. Proc. No. 09-51595 (CSS)

```
-------------------------------------------------------------------x
```

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*"), for itself and on behalf of the Debtors and their estates,

and Deloitte Tax LLP ("*Deloitte Tax*" and together with the Committee, the "*Parties*") sets forth

the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of

Delaware (the "*Court*"); and

**WHEREAS,** August 14, 2007, the Office of the United States Trustee formed the

Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation

of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but

the Plan has not yet become effective; and

**WHEREAS**, on July 6, 2009, the Committee and Debtors executed and filed a

stipulation (the "*Stipulation*") which, *inter alia,* (i) appoints the Committee as representative of

the Debtors' estates, and confers standing upon the Committee for the purpose of investigating,

pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of

actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the

"*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the effective

date of the Plan (the "*Effective Date*"), the Liquidating Trustee (as defined in the Plan) would (a)

automatically be deemed to be substituted in the place and stead of the Committee and/or the

Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and

protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c)

have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims

asserted in the Avoidance Actions in accordance with the terms of the Plan; and

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on July 28, 2009, a complaint (the "*Adversary Proceeding*") in the instant

action was filed by the Committee against Deloitte Tax, which asserted that Deloitte Tax had

received transfers from the Debtors totaling $98,423.00 (the "*Transfers*") subject to avoidance

(the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS**, Deloitte Tax denies liability and asserts that (i) the Transfers were made in

the ordinary course of business, and (ii) Deloitte Tax provided the Debtors with subsequent new

value; and

**WHEREAS**, in order to avoid the costs and risks of further litigation, the Parties have

determined to resolve their disputes on the terms and subject to the conditions set forth in this

Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained

herein and other valuable consideration, the receipt and sufficiency of which are hereby

acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      In full and final settlement and satisfaction of the Preference Claims (as

defined above), Deloitte Tax shall pay, as consideration for this settlement, the sum of eighty-

eight thousand dollars and 00/100's ($88,000.00) (the "*Settlement Sum*").

2.      The Settlement Sum shall be paid by check made payable to the order of

"American Home Mortgage" in the amount of $88,000.00, and such check shall be delivered to

Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attention: Edward L.

Schnitzer, so that it is received within fourteen (14) business days of the filing of a motion

seeking approval of the Settlement Agreement.

3.      The Parties understand, acknowledge and agree that this Settlement

Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement

shall be binding upon the Parties pending, and subject only to, entry by the Bankruptcy Court or

an appellate court, where applicable, of an order approving this Settlement Agreement (the

"*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.  The Committee will seek approval of this Settlement Agreement by filing a motion not later than thirty (30) days following receipt of a fully executed copy of the Settlement Agreement.

4.      If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void, and any portion of the Settlement Sum which has been paid in good funds by Deloitte Tax and received by the Committee shall be returned within ten (10) calendar days of entry of such order.

5.      Effective upon Deloitte Tax's receipt of a fully executed copy of this Settlement Agreement, and subject only to entry of a Final Order approving this Settlement Agreement, Deloitte Tax hereby releases, acquits and discharges the Committee, the Debtors, their estates, and their respective successors and assigns, of and from any Deloitte Tax right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however,* that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement; and *provided, further,* that nothing in this Settlement Agreement shall or shall be deemed to impair or prejudice any defenses (legal, equitable and other) that exist or may be asserted by Deloitte Tax and the other Deloitte U.S. Entities (as defined below)[2], to any or all claims, damages, actions, suits, causes of

---

[2]      As used herein, "Deloitte U.S. Entities" means Deloitte & Touche LLP and its respective past and present officers, directors, employees, agents, representatives, partners, principals, attorneys, predecessors, successors, parents, subsidiaries, affiliates and assigns including, without limitation, Deloitte Tax LLP, Deloitte Financial

action, rights, liens, demands, obligations and other liabilities other than the Preference Claims

that the Debtors, their estates and their successors or assigns have or may have against Deloitte

Tax and the other Deloitte U.S. Entities and their respective successors and assigns, including

but not limited to those arising out of or related to tax services provided by Deloitte Tax to the

Debtors prior to the Petition Date, all of which defenses are expressly preserved and reserved.

6.      Effective upon the Committee's receipt of a fully executed copy of this

Settlement Agreement and the Debtors estates' receipt of the Settlement Sum in good funds, and

subject only to entry of a Final Order approving the Settlement Agreement, the Committee, on

behalf of itself, the Debtors and their estates, (a) hereby releases, acquits and discharges Deloitte

Tax , the other Deloitte U.S. Entities, and their respective successors and assigns, solely from the

Preference Claims (as defined above), and (b) shall cause the Adversary Proceeding to be

dismissed with prejudice within five (5) business days after the later of (i) the Debtors estates'

receipt of the Settlement Sum in good funds or (ii) entry of the Final Order; *provided, however,*

that nothing contained herein is either intended or shall be deemed to release, acquit or discharge

(i) any obligations Deloitte Tax has under this Settlement Agreement, or (ii) any claims,

damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities

other than the Preference Claims that the Debtors, their estates and their successors and assigns

has or may have against Deloitte Tax and its successors and assigns, including but not limited to

those arising out of or related to tax services provided by Deloitte Tax to the Debtors prior to the

Petition Date.

7.      The Parties acknowledge that this Settlement Agreement is a compromise

---

Advisory Services LLP, Deloitte Consulting LLP (successor to Deloitte Consulting Holding LLC), Deloitte
Consulting (Nevada) LLC, Deloitte Consulting LP, Deloitte Consulting (US) LLC, Deloitte Consulting
(HoldingSub) LLC and Deloitte LLP (successor to Deloitte & Touche USA LLP).

of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.     Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.     The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.     The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.     The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement.  The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.     The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the

Parties.

      13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

      14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

      15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

      16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns. The Deloitte U.S. Entities are intended third party beneficiaries solely with respect to the release given to the other Deloitte U.S. Entities from the Preference Claims contained in paragraph 6 above.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:        November 13, 2009

**HAHN & HESSEN LLP**
Counsel for the Committee


By: _____
        Mark S. Indelicato
        Edward L. Schnitzer


488 Madison Avenue
New York, NY  10022
(212) 478-7200

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Counsel for Deloitte Tax LLP


By: _____
        Mark S. Chehi


One Rodney Square, 7th Floor
Wilmington, Delaware 19801
(302) 651-3000