IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
```

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*,[1]

          Debtors.

```
-----------------------------------------------------------------x
```

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

          Plaintiff,

   - against -

**LLOYD STAFFING,**

          Defendant.

```
-----------------------------------------------------------------x
```

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)


Adv. Proc. No. **09-51711 (CSS)**

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **Lloyd Staffing ("Lloyd,"** together with the Committee,

the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter

described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

WHEREAS, August 14, 2007, the Office of the United States Trustee formed the Committee; and

WHEREAS, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

WHEREAS, on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

WHEREAS, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date (as defined in the Plan), the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan; and

WHEREAS, on July 8, 2009, the Court entered an order approving the Stipulation; and

WHEREAS, on or about **July 31, 2009**, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against **Lloyd** which asserted that **Lloyd** had received

transfers from the Debtors totaling **$62,666.19** (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS, Lloyd** denies liability and asserts that each of the Transfers **was made in the Ordinary Course of Business and that Lloyd provided subsequent New Value**; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.      The recitals set forth above are incorporated herein by reference.

2.      In full and final settlement and satisfaction of the Preference Claims, **Lloyd** shall pay, as consideration for this settlement, the sum of **Five Thousand Four Hundred Eighty-two and 38/100 dollars ($5,482.38)** (the "*Settlement Sum*").  The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of **$5,482.38**, and such check shall be delivered to Receivable Management Services; Attn: Kenneth S. Knuckey, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030; so that it is received within ten (10) calendar days of full execution of this Settlement Agreement.

3.      The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*").  For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which

has not been stayed, reversed or amended and as to which the time to appeal or move for review

or rehearing has expired and as to which no appeal or petition for review or rehearing was filed

or, if filed, remains pending.  The Committee will seek approval of this Settlement Agreement

within thirty (30) calendar days of the Committee's receipt of the Settlement Sum in good funds.

      4.      If this Settlement Agreement is not approved by the Bankruptcy Court or

the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a

higher court, the Settlement Agreement shall be deemed null and void and any portion of the

Settlement Sum which has been paid in good funds by **Lloyd** and received by the Committee

shall be returned within ten (10) calendar days of such order.

      5.      Upon **Lloyd**'s receipt of a fully executed copy of this Settlement

Agreement and entry of a Final Order, **Lloyd** hereby (a) releases, acquits and discharges the

Committee, the Debtors, and their estates, their respective retained professionals, and their

respective successors and assigns, of and from any claims, damages, actions, suits, causes of

action, rights, liens, demands, obligations and/or liabilities,  and (b) waives any right to file a

claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h);

*provided, however*, that nothing contained herein shall be deemed to release any obligations the

Committee has under this Settlement Agreement.  This release shall not release or otherwise

affect any claim previously filed by, or scheduled on behalf of, **Lloyd**.

      6.      Conditional upon the Committee's receipt of the Settlement Sum in good

funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the

Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and

discharges **Lloyd** and its successors and assigns from and against any claims, damages, actions,

suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or

relating to, the Preference Claims", and (b) shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the entry of the Final Order; provided, however, that nothing contained herein shall be deemed to release any obligations **Lloyd** has under this Settlement Agreement.

7.    The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.    Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.    The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.    The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product

of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    _October 26_, 2009
          New York, New York

| **HAHN & HESSEN LLP**<br>Counsel for the Committee | **LLOYD STAFFING** |
|---|---|
| By: _____<br>Mark S. Indelicato<br>Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | By: _____<br>Name: Jerry Stenhart<br>Title: Director of Debt Recovery<br><br>Address: 445 Broadhollow Rd. Suite 119<br>Melville, NY 11747<br>Phone Number: 631-777-7600 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
```
In re                                          Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,               Case No. 07-11047 (CSS)
INC., *et al.*,[1]                             (Jointly Administered)

                        Debtors.
```
-----------------------------------------------------------------x
```

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **Marriott International, Inc.**, ("**Marriott**" and,

together with the Committee, the "*Parties*") sets forth the terms upon which the Parties have

agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of

Delaware (the "*Court*"); and

**WHEREAS**, on August 14, 2007, the Office of the United States Trustee formed the

Committee; and

**WHEREAS**, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation

of the Debtors (as amended, the "*Plan*"); and

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

WHEREAS, on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

WHEREAS, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

WHEREAS, on July 8, 2009, the Court entered an order approving the Stipulation; and

WHEREAS, on or about July 8, 2009, the Committee informed **Marriott** that the Debtors' books and records indicated that **Marriott** had received transfers from the Debtors totaling **$64,938.95** (the "*Transfers*"), which the Committee asserts are subject to avoidance as preferences (the "*Preference Claims*") pursuant to Bankruptcy Code § 547; and

WHEREAS, **Marriott** denies liability; and

WHEREAS, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.    The recitals set forth above are incorporated herein by reference. In full and final settlement and satisfaction of the Preference Claims, **Marriott** shall pay, as consideration for this settlement, the sum of **Two Thousand Five Hundred and 00/100's ($2,500.00)** (the "*Settlement Sum*").

2.    The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of **$2,500.00**, and such check shall be delivered to Receivable Management Services, Attn: Kenneth S. Knuckey, Esq.; 307 International Circle, Suite 270; Hunt Valley, Maryland; 21030, so that it is received within fourteen (14) days of the execution of this Settlement Agreement.

3.    The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "Final Order"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

4.    If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the

Settlement Sum which has been paid in good funds by **Marriott** and received by the Committee shall be returned within ten (10) calendar days of such order.

5.    Upon **Marriott's** receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **Marriott** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, and (b) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.   This release shall not release or otherwise affect any claim previously filed by, or scheduled on behalf of, **Marriott**.

6.    Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the Committee, on behalf of itself, and the Debtors' estates, hereby releases, acquits and discharges **Marriott** and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or relating to, the Preference Claims; provided, however, that nothing contained herein shall be deemed to release any obligations **Marriott** has under this Settlement Agreement.

7.    The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.    Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to

the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.    The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.    The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be

affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.  This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    _November 6_, 2009
          New York, New York

| HAHN & HESSEN LLP<br>Counsel for the Committee<br><br>By: _Mark S. Indelicato_<br>Mark S. Indelicato<br>Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | MARRIOTT INTERNATIONAL, INC.<br><br>By: _____<br>Name<br><br>_Vice President & Senior Counsel_<br>Title<br><br>Address: _10400 Fernwood Road_<br>_Bethesda, MD 20817_<br><br>Phone Number: _301-380-1114_ |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
```

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.,* [1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

```
-----------------------------------------------x
```

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.,*

Plaintiff,

- against -

**MEETING MANAGEMENT SERVICES,**

Defendant.

Adv. Proc. No. **09-51716 (CSS)**

```
-----------------------------------------------x
```

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **Meeting Management Services ("MMS,"** together

with the Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to

settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]   The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS,** August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS,** on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on or about **July 31, 2009**, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against **MMS** which asserted that **MMS** had received

-2-

transfers from the Debtors totaling **$146,673.00** (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS, MMS** denies liability and asserts that **payment was made in the Ordinary Course of Business**; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.  The recitals set forth above are incorporated herein by reference.

2.  In full and final settlement and satisfaction of the Preference Claims, MMS shall pay, as consideration for this settlement, the sum of **Six Thousand Six Hundred and Seventy-five dollars and 00/100's ($6,675.00)** (the "*Settlement Sum*"). The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of **$6,675.00**, and such check shall be delivered to Receivable Management Services; Attn: Kenneth S. Knuckey, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030; so that it is received not later than thirty (30) days after execution of this Agreement.

3.  The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which

-3-

has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.  The Committee will seek approval of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

      4.      If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **MMS** and received by the Committee shall be returned within ten (10) calendar days of such order.

      5.      Upon **MMS**'s receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **MMS** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities,  and (b) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.  This release shall not release or otherwise affect any claim previously filed by, or scheduled on behalf of, **MMS**.

      6.      Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and discharges **MMS** and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or

-4-

relating to, the Preference Claims", and (b) shall cause the Adversary Proceeding to be dismissed

with prejudice within five (5) business days after the later of entry of the Final Order or receipt

of the Settlement Sum; provided, however, that nothing contained herein shall be deemed to

release any obligations **MMS** has under this Settlement Agreement.

7.    The Parties acknowledge that this Settlement Agreement is a compromise

of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.    Each person signing this Settlement Agreement represents and warrants

that he/she has been duly authorized and has the requisite authority to execute and deliver this

Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to

the terms and conditions of this Settlement Agreement and to act with respect to the rights and

claims that are being altered or otherwise affected by this Settlement Agreement.

9.    The Parties represent and acknowledge that, in executing this Settlement

Agreement, they do not rely and have not relied upon any representation or statement made by

any Party or any of their agents, shareholders, representatives or attorneys, with regard to the

subject matter, basis or effect of this Settlement Agreement or otherwise, other than as

specifically stated in this Settlement Agreement.

10.    The Parties further declare that, in making this Settlement Agreement,

they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel

(for whose expense each shall be solely responsible) and that they have had a reasonable period

of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement

and that each fully understands and voluntarily accepts all the provisions contained in this

Settlement Agreement. The Parties further agree that this Settlement Agreement was the product

of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    October 30        , 2009
          New York, New York

| **HAHN & HESSEN LLP**<br>Counsel for the Committee<br><br>By: _[signature]_<br>     Mark S. Indelicato<br>     Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY  10022<br>(212) 478-7200 | **MEETING MANAGEMENT SERVICES**<br><br>By: _[signature]_<br>Name: JOHN E McKennon III<br>Title: Vice President<br><br><br>Address: 1201 New Jersey Ave NW<br>     Washington DC 20001<br>Phone Number: 202-624-1784 |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, [1] | Case No. 07-11047 (CSS) (Jointly Administered) |

Debtors.

-----------------------------------------------------------------x

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | Adv. Proc. No. **09-51720 (CSS)** |

Plaintiff,

- against -

**MICHAEL JAMES INDUSTRIES,**

Defendant.

-----------------------------------------------------------------x

### SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned debtors (collectively, the "*Debtors*") and **Michael James Industries, Inc. ("MJI**" hereinafter collectively referred to together with the Committee as the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter described below.

### RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS,** August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS,** on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which the Committee and Debtors represent, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on or about **July 31, 2009**, a complaint (the "*Adversary Proceeding*") in the

-2-

instant action was filed by the Committee against **MJI** which asserted that **MJI** had received

transfers from the Debtors totaling **$45,467.45** (the "*Transfers*") subject to avoidance (the

"*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

      **WHEREAS**, **MJI** denies liability and asserts that Transfers were **made in the Ordinary**

**Course of Business and/or that Subsequent New Value was provided**; and

      **WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have

determined to resolve their disputes on the terms and subject to the conditions set forth in this

Settlement Agreement; and

      **NOW, THEREFORE**, in consideration of the promises and mutual covenants contained

herein and other valuable consideration, the receipt and sufficiency of which are hereby

acknowledged, it is stipulated and agreed by and between the Parties, as follows

      1.     The recitals set forth above are incorporated herein by reference.

      2.     In full and final settlement and satisfaction of the Adversary Proceeding,

including the Preference Claims, **MJI** shall pay, as consideration for this settlement, the sum of

**Five Thousand and 00/100's ($5,000.00)** (the "*Settlement Sum*").  The Settlement Sum shall be

paid by check made payable to the order of "American Home Mortgage", in the amount of

**$5,000.00**, and such check shall be delivered to Receivable Management Services; Attn: Kenneth

S. Knuckey, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030; so that it is

received on or before **November 11, 2009**.  The Settlement Sum shall be deposited and

maintained in an escrow account and shall not be disbursed until such time as the Court has

issued a Final Order as defined below, or declined to approve the settlement, as set forth below.

      3.     The Parties understand and acknowledge that this Settlement Agreement is

subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be

binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approval of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

        4.      If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **MJI** and received by the Committee shall be returned within ten (10) calendar days of such order.

        5.      Upon **MJI**'s receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **MJI** hereby waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement. This release shall not release or otherwise affect any claim previously filed by, or scheduled on behalf of, **MJI**.

        6.      Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the Committee, on behalf of itself, the Debtors, and the Debtors' estates, (a) hereby releases, acquits and discharges **MJI** and its successors and assigns from and against any claims arising out of the Transfers, the Preference Claims and all claims asserted in the Adversary Proceeding and (b)

shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the entry of the Final Order; provided, however, that nothing contained herein shall be deemed to release any obligations **MJI** has under this Settlement Agreement.   This release shall not release or otherwise affect any right of the Committee or the Debtors or their successors or assigns to object to any claim filed by, or scheduled on behalf of, **MJI**.

7.     The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.     Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.     The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.     The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.     The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this

Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    Nov. 9        , 2009
          New York, New York

| HAHN & HESSEN LLP<br>Counsel for the Committee<br><br>By: _Mark S. Indelicato_ <br>      Mark S. Indelicato<br>      Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY  10022<br>(212) 478-7200 | MICHAEL JAMES INDUSTRIES<br><br>By: _[signature]_ <br>Name:  James Carlson<br>Title:  President<br><br>Address:  380 Rabro Dr., Hauppauge, NY<br>              11788<br>Phone Number: 631-231-3434 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.,* [1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

-------------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.,*

Plaintiff,

- against -

OPEN ACCESS,

Defendant.

Adv. Proc. No. 09-51779 (CSS)

-------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official
Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned
debtors (collectively, the "*Debtors*") and Open Access ("*OA*," together with the Committee, the
"*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter described
below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary
petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

WHEREAS, OA has a scheduled general unsecured claim against the Debtors' in the amount of $28,032.42 (the "*OA Unsecured Claim*"); and

WHEREAS, August 14, 2007, the Office of the United States Trustee formed the Committee; and

WHEREAS, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

WHEREAS, on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

WHEREAS, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

WHEREAS, on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS**, on or about August 4, 2009, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against OA, which asserted that OA had received transfers from the Debtors totaling $106,238.87 (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS**, OA denies liability and asserts that Transfers were made in the ordinary course of the Parties' business dealings, and that OA provided subsequent New Value to the Debtors; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.    The recitals set forth above are incorporated herein by reference. In full and final settlement and satisfaction of the Preference Claims, OA shall pay, as consideration for this settlement, the sum of Twenty-Seven Thousand and 00/100 Dollars ($27,000.00) (the "*Settlement Sum*"). The Settlement Sum shall be paid in three (3) installments, as follows:  the First Installment in the amount of Ten Thousand and 00/100 Dollars ($10,000.00) shall be paid on or before December 1, 2009; the Second Installment in the amount of Ten Thousand and 00/100 Dollars ($10,000.00) shall be paid on or before January 1, 2010; and the Third Installment in the amount of Seven Thousand and 00/100 Dollars ($7,000.00) shall be paid on or before February 1, 2010.  Each of the foregoing Installments shall be paid by checks made payable to the order of "American Home Mortgage", and such checks shall be

delivered to Receivable Management Services, ATTN: Kenneth S. Knuckey, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030, so that each is received on or before the dates noted herein.

2.    In the event OA (a) defaults on the payment of the Settlement Sum as set forth in this Settlement Agreement, or (b) any of the payments delivered are not good funds, the Committee shall give written notice of the default(s) (the "*Default Notice*") to Mickee Hennessy, Esq., counsel for OA, by email at mhennessy@westermanllp.com. If OA has not completely cured any such default(s) within five (5) business days of the delivery of the Default Notice, the Committee, in its sole discretion, shall be entitled to direct the Clerk of the Bankruptcy Court to enter a judgment against OA in the amount of Fifty-Six Thousand Dollars ($56,000.00), less any payments made in good funds (pursuant to paragraph 1 above) to be credited against that judgment. In the event a judgment is entered against OA, the Committee shall be entitled to recover in full any expenses (including, but not limited to, attorneys' fees) incurred in the entry and/or enforcement/collection of said judgment and OA waives any right to challenge the recovery of such expenses. Nothing contained herein shall be deemed a waiver of the rights of the Committee to execute upon such judgment and recover assets of OA to and for the benefit of the Debtors' estates.

3.    The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review

or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approve of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

4.     If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by OA and received by the Committee shall be returned within ten (10) calendar days of such order.

5.     Upon OA's receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, OA hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, (b) releases, waives and agrees to the expunging of any claims for pre-Petition unpaid debt of the Debtor, without regard to whether any claim for such unpaid debt was filed by, or scheduled on behalf of, OA including, but not limited to, the OA Unsecured Claim, and (c) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h), and (d) waives any right to file a request for payment of an administrative expense, an administrative claim or otherwise receive payment for goods or services provided to the Debtors after the Petition Date; *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.

6.     Conditional upon the Committee's receipt of the entire Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order,

the Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and discharges OA and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, and (b) shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the later of (i) the entry of the Final Order or (ii) the Committee's receipt of the entire Settlement Sum in good funds; provided, however, that nothing contained herein shall be deemed to release any obligations OA has under this Settlement Agreement.

7.    The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.    Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.    The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.    The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all

of which together constitute one and the same instrument.

Dated: _Nov 10_____, 2009
New York, New York

| HAHN & HESSEN LLP<br>Counsel for the Committee | WESTERMAN BALL EDERER<br>MILLER & SHARFSTEIN, LLP |
|---|---|
| By: _Emil T ___<br>Mark S. Indelicato<br>Edward L. Schnitzer | Counsel for Open Access<br><br>By: _Mickee Hennessy_<br>Mickee M. Hennessy |
| 488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | 170 Old Country Road, Suite 400<br>Mineola, New York 11501<br>(516) 622-9200<br><br>*\*\* Firm Address as of November 23, 2009:*<br><br>*Westerman Ball Ederer Miller & Sharfstein, LLP*<br>**1201 RXR Plaza**<br>**Uniondale, New York 11556**<br>*(phone, fax & email will remain the same)* |