**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------

In re:

American Home Mortgage Holdings, Inc., *et al.* [1]

Debtors.

------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: **Objections Due By:  December 8, 2009 @ 4 p.m.**
: **Hearing Date:  Only in the Event of an Objection**

**NINETEENTH MONTHLY FEE APPLICATION OF BLANK ROME LLP,
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *ET AL.*, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD OF OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009</u>**

| | |
|---|---|
| *Name of Applicant*: | Blank Rome LLP |
| *Authorized to Provide Professional Services to*: | Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.* |
| *Date of Retention*: | November 28, 2007, *nunc pro tunc* to August 14, 2007 |
| *Period for which Compensation and Reimbursement is Sought*: | October 1, 2009 through October 31, 2009 |
| *Amount of Compensation Sought as Actual, Reasonable, and Necessary*: | $6,931.00 (50%[2] of $13,862.00) |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary*: | $975.61 |

This is a:   ✓  Monthly   _____  Quarterly   _____  Final Application

---

[1] The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[2] Holdback amount (originally calculated at 20% of fees sought by any given monthly fee application) is now calculated at 50% per agreement among the estate professionals.

Prior fee applications.

| Date Filed [Dkt. No.] | Period Covered | Requested | | Approved | | Amount of Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| 12/03/07 Combined First and Second Monthly [Dkt. 2254] | 08/14/07 – 09/30/07 | $194,724.50 | $10,296.24 | $194,724.50$^1$ Paid | $10296.24 Paid | $38,944.90 Paid |
| 12/05/07 Third Monthly [Dkt. 2304] | 10/01/07 – 10/31/07 | $137,968.00 | $9,712.25 | $137,968.00$^1$ Paid | $6,065.94 Paid | $53,547.30 Paid |
| 02/15/08 Combined Fourth and Fifth Monthly [Dkt. 2983] | 11/01/07 – 12/31/07 | $109,524.00 | $5,079.82 | $109,524.00$^2$ Paid | $5,079.82 Paid | $21,904.80 Paid |
| 03/20/08 Sixth Monthly [Dkt. 3372] | 01/01/08 – 01/31/08 | $43,313.00 | $584.53 | $43,313.00$^2$ Paid | $584.53 Paid | $8,662.60 Paid |
| 04/25/08 Seventh Monthly [Dkt. 3866] | 02/01/08 – 02/29/08 | $19,331.50 | $2,840.04 | $15,465.20$^3$ Paid | $2,840.04 Paid | $3,866.30 Paid |
| 06/18/08 Eighth Monthly [Dkt. 4719] | 03/01/08 – 03/31/08 | $38,443.00 | $948.85 | $30,754.40$^3$ Paid | $948.85 Paid | $7,688.60 Paid |
| 06/18/08 Ninth Monthly [Dkt. 4722] | 04/01/08 – 04/30/08 | $38,491.50 | $1,102.57 | $30,793.20$^3$ Paid | $1,102.57 Paid | $7,698.30 Paid |
| 07/23/08 Tenth Monthly [Dkt. 5198] | 05/01/08 – 05/31/08 | $26,585.00 | $1,051.38 | $21,268.00$^4$ Paid | $1,051.38 Paid | $5,317.00 Paid |
| 09/18/2008 Eleventh Monthly [Dkt. 5951] | 06/01/08 – 06/30/08 | $23,384.50 | $1,458.43 | $18,707.60$^4$ Paid | $1,458.43 Paid | $4,676.90 Paid |

---

[1] On January 15, 2008, the Court entered an Omnibus Order Approving First Interim Fee Applications of Professionals (the "First Interim Fee Order"). The First Interim Fee Order approved the fees and expenses sought by Blank Rome for the period of August 14, 2007 through October 31, 2007 on an interim basis.

[2] On April 14, 2008, the Court entered an Omnibus Order Approving Second Interim Fee Applications of Professionals (the "Second Interim Fee Order"). The Second Interim Fee Order approved the fees and expenses sought by Blank Rome for the period of November 1, 2007 through January 31, 2008 on an interim basis.

[3] On September 2, 2008, the Court entered an Omnibus Order Approving Third Interim Fee Applications of Professionals (the "Third Interim Fee Order"). The Third Interim Fee Order approved the fees and expenses sought by Blank Rome for the period of February 1, 2008 through April 30, 2008 on an interim basis.

[4] On October 22, 2008, the Court entered an Omnibus Order approving the Fourth Interim Fee Applications of Professionals (the "Fourth Interim Fee Order"), the Fourth Interim Fee Order approved the fees and expenses sought by Blank Rome of the period of May 1, 2008 through July 31, 2008 on an interim basis.

128189.01600/21830212v.1

|  |  | **Requested** |  | **Approved** |  |  |
|---|---|---|---|---|---|---|
| 09/29/08 Twelfth Monthly [Dkt. 6144] | 07/01/08 – 07/31/08 | $11,887.00 | $1,028.84 | $9,509.60[4] Paid | $1,028.84 Paid | $2,377.40 Paid |
| 11/26/08 Thirteenth Monthly [Dkt. 6632] | 08/01/08 – 08/31/08 | $14,547.00 | $1,177.48 | $11,637.60 Paid | $1,177.48 Paid | $2,909.40[5] *Pending* |
| 12/16/08 Fourteenth Monthly [Dkt. [6724] | 09/01/08 – 09/30/08 | $10,283.50 | $615.50 | $8,226.80 Paid | $615.50 Paid | $2,056.70[5] *Pending* |
| 12/16/08 Fifteenth Monthly [Dkt. 6735] | 10/01/08 – 10/31/08 | $16,372.00 | $510.34 | $13,097.60 Paid | $510.34 Paid | $3,274.40[5] *Pending* |
| 10/09/09 Sixteenth Monthly [Dkt. 8162] | 11/1/08 – 7/31/09 | $98,411.00 | $53,075.55 | $66,215.95 Paid | $53,075.55 Paid | $32,195.05 [5,6] *Pending* |
| 10/09/09 Seventeenth Monthly [Dkt. 8164] | 08/01/09 – 08/31/09 | $20,720.00 | $10,774.10 | $10,360.00 Paid | $10,774.10 Paid | $10,360.00[5,7] *Pending* |
| 10/30/09 Eighteenth Monthly [Dkt. 8237] | 09/01/09 – 09/30/09 | $14,032.00 | $7,553.42 | $7,016.00 *Pending* | $7,553.42 *Pending* | $7,016.00[5,7] *Pending* |

---

[5] A hearing on Blank Rome's fifth, sixth and seventh interim periods is scheduled for December 14, 2009.
[6] Holdback amount recalculated / adjusted to reflect 20% holdback for months November and December 2008 through April 2009; 50% holdback for months May 2009 through July 2009 in light of agreement among the estate professionals.
[7] Holdback amount (originally calculated at 20% of fees sought by any given monthly fee application) is now calculated at 50% per agreement among the estate professionals.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------
In re:

American Home Mortgage Holdings, Inc., *et al.* [1]

Debtors.
---------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: **Objections Due By: December 8, 2009 @ 4:00 p.m.**
: **Hearing Date: Only in the Event of an Objection**


**NINETEENTH MONTHLY FEE APPLICATION OF BLANK ROME LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *ET AL*., FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF <u>OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009</u>**

This nineteenth monthly fee application for compensation and reimbursement of expenses (the *"Fee Application"*) is filed by Blank Rome LLP (*"Blank Rome"*) requesting payment for services rendered and reimbursement of costs expended as co-counsel for the Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al.* (the *"Debtors"*) for the period of October 1, 2009 through October 31, 2009 (the *"Application Period"*). In support of this Fee Application, Blank Rome respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these chapter 11 cases in is district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

128189.01600/21830212v.1

**Background**

2.  On August 6, 2007 (the *"Petition Date"*), the Debtors commenced with this Court voluntary cases (the *"Chapter 11 Cases"*) under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*), which Chapter 11 Cases are being jointly administered pursuant to an order of this Court. The Debtors are continuing their businesses and managing their affairs as debtors and debtors in possession.

3.  On August 14, 2007, the Office of the United States Trustee for the District of Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the Committee: Wilmington Trust Company, Bank of New York Trust Company, N.A., Deutsche Bank National Trust Co., Nomura Credit & Capital, Inc., Impac Funding Corporation, Waldners Business Environments, Inc.[2], and United Parcel Service (Docket No. 156).

4.  Hahn & Hessen LLP ("*Hahn & Hessen*") and Blank Rome were selected by the Committee to serve as co-counsel to the Committee, and BDO Seidman LLP ("*BDO*") was selected by the Committee to serve as financial advisor to the Committee.

5.  On September 4, 2007, the Court entered the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the *"Administrative Order"*) (Docket No. 547).

6.  On September 14, 2007, the Committee filed with the Court the Application of the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.*, for an Order Authorizing the Committee to Retain and Employ Blank Rome LLP as Its Co-Counsel Pursuant to 11 U.S.C. Sections 328 and 1103 and Fed. R. Bankr. P. 2014 *Nunc Pro Tunc* as of August 14, 2007 (the *"Blank Rome Retention Application"*) (Docket No. 759). On

---

[2] Waldners Business Environments, Inc. has since resigned.

November 28, 2007, the Court entered an order approving the Blank Rome Retention Application (Docket No. 2202).

7. Blank Rome is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings, particularly with respect to the representation of debtors and creditors' committees.

8. Presently, the attorneys at Blank Rome having the day-to-day responsibility for representation of the Committee in the Chapter 11 Cases are Bonnie Glantz Fatell and David Carickhoff. Blank Rome has drawn and will draw upon the knowledge and skills of other firm attorneys to provide services as the need arises.

## Relief Requested

9. Blank Rome submits this Fee Application pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*), the Administrative Order, and Del. Bankr. LR 2016-2. By this Fee Application, Blank Rome seeks (i) interim allowance of compensation for actual and necessary professional services rendered in the amount of $13,862.00 for the Application Period, (ii) payment of 50%[3] of this amount ($6,931.00), and (iii) allowance and payment of 100% of its actual and necessary expenses in the amount of $975.61, in accordance with the terms of the Administrative Order.

10. Blank Rome has made all reasonable efforts to avoid duplication of work with its co-counsel, Hahn & Hessen.

## Summary of Fees

11. The total number of hours expended by Blank Rome professionals and paraprofessionals in performing professional services for the Committee during the Application

---

[3] Holdback amount (originally calculated at 20% of fees sought by any given monthly fee application) is now calculated at 50% per agreement among the estate professionals.

3

128189.01600/21830212v.1

Period was 50.9 hours at a blended billing rate of $272.33 per hour. The value of these services has been computed at the rates that Blank Rome customarily charges for similar services provided other clients.

12. A detailed chronological itemization of the services rendered by each attorney and paraprofessional during the Application Period, calculated by tenths of an hour and categorized in accordance with the appropriate project code, is attached hereto as **Exhibit "A"**. Every effort has been made by Blank Rome to categorize daily time entries in accordance with the correct project code. However, in some instances, services overlap between project codes. Thus, some services may appear under more than one code, although in no instance is a specific time entry recorded more than once.

13. Specifically, the services rendered by Blank Rome to the Committee during the Application Period included the following:

(Project Code 1)    <u>Blank Rome Fee/Employment Applications</u>:

Blank Rome filed its sixteenth combined monthly and its seventeenth monthly fee applications. Blank Rome also drafted its sixth interim fee application.

**Total Hours: 13.3    Total Fees: $3,501.00**

(Project Code 2)    <u>Other Professionals' Fee/Employment Application</u>:

Blank Rome reviewed and analyzed multiple fee applications filed by Debtors' counsel and by various Debtors' professionals. Blank Rome assisted BDO in filing and serving (i) its twenty-fourth monthly fee application and (ii) a certificate of no objection in connection with BDO's twenty-third monthly and its eleventh interim fee application. Further, Blank Rome drafted and filed a motion for pro hac vice admission of C. Jarvinen.

**Total Hours: 3.7    Total Fees: $1,140.50**

4

(Project Code 6)   Case Administration:

The time billed to this category includes services related to general administrative and case management matters, including, but not limited to, reviewing and filing pleadings, monitoring the docket, and reviewing pertinent pleadings and transcripts of court hearings, and reviewing motions, objections, responses and orders. This category also includes time that otherwise would not comport with an identified project code. Blank Rome also maintained and updated a case calendar of critical events which highlighted the deadlines and hearing dates of pertinent matters for all Committee professionals. Further, Blank Rome was responsible for monitoring changes to the 2002 service list, and reviewing and e-filing pleadings on behalf of the Committee and its professionals. Further, Blank Rome monitored various pleadings and notices, and communicated with Hahn & Hessen to discuss pertinent issues.

**Total Hours:  4.1     Total Fees:    $531.50**

(Project Code 7)   Debtors' Business Operations:

Blank Rome reviewed Borrower Committee's objection to Debtors' motion to abandon and destroy certain documents.

**Total Hours:  0.5     Total Fees:    $225.00**

(Project Code 12)   Sale of Assets / Asset Purchase Agreement:

Blank Rome corporate attorneys continued to provide services as needed in respect of the sale of the Debtors' interest in the bank.

**Total Hours:  1.4     Total Fees:    $875.00**

5

(Project Code 17)   Hearings - Attendance / Preparation:

The time billed to this matter relates to the attendance at hearings and related proceedings and includes time spent in preparation for the same. Typically, time billed to this matter involves hearings on multiple matters that cannot be segregated efficiently. Blank Rome spent a considerable amount of time preparing for and attending omnibus hearing (1), including reviewing the agenda and related pleadings, discussions with co-counsel and e-mail communications. Specifically, Blank Rome prepared for and attended the hearing that took place on October 13, 2009 (which hearing was adjourned to October 14, 2009), by reviewing the agenda, and the pleadings related to the various matters going forward.

**Total Hours:  3.6         Total Fees:    $1,174.00**

(Project Code 21)   Adversary Litigation

The time billed to this matter relates to adversary litigation filed against and by the Debtors, and Blank Rome's review and monitoring of such proceedings, pleadings, settlement stipulations, and other issues pertinent to the Committees' interests. Further, during this Application Period, Blank Rome prepared and filed certificates of no objection with respect to (i) the joint motion to approve WARN Act settlement agreement motion to approve WARN Act settlement and (ii) the related motion to file under seal.

**Total Hours:  2.2         Total Fees:    $579.50**

(Project Code 22)   Preference Actions:

The majority of the services performed by Blank Rome during this Application Period relate to the preference actions commenced by the Committee, including completing and filing complaints and certain amended complaints, monitoring answers as they are filed, communications with defendants' counsel, and preparation and filing of (i) summonses and

6

corresponding affidavits of service, (ii) notices of dismissal and coordination with Hahn & Hessen.  Blank Rome also followed up with regard to Committee's first omnibus 9019 settlement motion with certain of the Preference Defendants and filed a certificate of no objection with respect to same.  Further, Blank Rome finalized, efiled and served the Committee's second omnibus 9019 settlement motion with to certain other Preference Defendants.

**Total Hours:  22.1    Total Fees:    $5,835.50**

**Actual and Necessary Costs and Expenses Incurred**

14. Reimbursement of expenses in the amount of $975.61 is sought herein.  A categorized summary of the actual and necessary costs and expenses incurred by Blank Rome during the Application Period, and an itemization of each expense within each category, is attached as **Exhibit "B"**.  Blank Rome reserves the right to request, in subsequent fee applications, reimbursement of any additional expenses incurred during the Application Period, as such expenses may not have been captured to date in Blank Rome's billing system.

**Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules**

15. In accordance with Del. Bankr. LR 2016-2, a summary schedule of hours and fees for each attorney and paraprofessional, and a summary of hours and fees categorized by project code follow the cover sheet to this Fee Application.  The undersigned submits that this Fee Application complies with Del. Bankr. LR 2016-2.

16. Blank Rome submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code.

17. No agreement or understanding exists between Blank Rome and any other entity

7

(other than members or employees of Blank Rome) for the sharing of compensation received or to be received for services rendered in or in connection with the Chapter 11 Cases.

## **Notice**

18.    As required by the Administrative Order, a copy of this Fee Application has been served upon: (a) the Debtors; (b) Debtors' Counsel; (c) the Office of the United States Trustee; and (d) counsel to the DIP Lender.  Notice of this Fee Application was served upon all parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, Blank Rome respectfully requests an award of compensation for professional services rendered as co-counsel to the Committee during the Application Period in the sum of $6,931.00 (50%[4] of $13,862.00), together with the reimbursement of disbursements in the amount of $975.61; and such other and further relief that the Court deems just and proper.

Dated:   November 18, 2009

                                                BLANK ROME LLP

                                                */s/ Bonnie Glantz Fatell*
                                                Bonnie Glantz Fatell (No. 3809)
                                                David W. Carickhoff (No. 3715)
                                                1201 Market Street, Suite 800
                                                Wilmington, Delaware 19801
                                                Telephone:   (302) 425-6400
                                                Facsimile:    (302) 425-6464

                                                *Co-Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage, Inc., et al.*

---

[4] Holdback amount (originally calculated at 20% of fees sought by any given monthly fee application) is now calculated at 50% per agreement among the estate professionals.