**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, <u>et al.</u>, | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: December 14, 2009 at 11:30 a.m. (ET)** |
| | : | **Objection Deadline:  December 7, 2009 at 4:00 p.m. (ET)** |

------------------------------------------------------------x

**MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER**
**APPROVING THE THIRD STIPULATION BY AND AMONG THE DEBTORS,**
**CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE**
**DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO ENFORCE**
**<u>INSURANCE POLICY IN FAVOR OF INSURED PARTIES</u>**

AHM Holdings, a Delaware corporation, and certain of its affiliates, debtors and

debtors in possession in the above-captioned cases (collectively, "<u>AHM</u>" or the "<u>Debtors</u>"), by

this motion (the "<u>Motion</u>")[1] hereby move this Court for entry of an order approving the third

stipulation ("<u>Third Stipulation</u>")[2] by and among certain present and former directors, officers,

and employees of the Debtors (together with all other present and former directors, officers and

employees of any of the Debtors who are now, or in the future, named or otherwise required to

incur legal and related expenses covered by the Insurance Policies, the "<u>Insured Persons</u>"), the

Debtors, and the Official Committee of Unsecured Creditors (the "<u>Creditors Committee</u>")

granting relief from the automatic stay, to enforce the Insured Persons' rights to receive

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Stipulation.

payments of insurance policy proceeds up to $15.0 million in the aggregate for all Insured

Persons under the Debtors' primary directors, officers and corporate liability insurance policy

("Primary Insurance Policy") with American International Group, Inc., National Union Fire

Insurance Company of Pittsburgh, Pa. (the "Primary Insurer") and of the policy proceeds payable

under the excess insurance policies (collectively, the "Excess Policies").  A copy of the Third

Stipulation is attached as Exhibit 1 to the Order annexed hereto.

## JURISDICTION

1.        This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and

1134.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined

in 28 U.S.C. § 157(b)(2).  The basis for the relief requested herein is sections 105(a), 363(b)(1)

and 503(c)(3) of the Bankruptcy Code.

## GENERAL BACKGROUND

2.        On August 6, 2007 (the "Petition Date"), each of the Debtors commenced

voluntary cases under chapter 11 of title 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3.        The Debtors' chapter 11 cases are being jointly administered pursuant to

Rule 1005(b) of the Federal Rules of Bankruptcy Procedure.

4.        On August 14, 2007, the United States Trustee for the District of Delaware

(the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").  No

trustee or examiner has been appointed.

5.        On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan").

## BACKGROUND TO THE RELIEF REQUESTED

6.      Prior and subsequent to the Petition Date, certain of the Insured Parties were named as defendants in twenty complaints, which complaints generally fall into the category of Class Action Securities Litigation.  On December 19, 2007, the Judicial Panel on Multidistrict Litigation (the "Panel") transferred nineteen actions then pending to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1407, where they have been assigned to the Honorable Thomas C. Platt.  The Consolidated Amended Class Action Complaint was filed on June 4, 2008.  On April 2, 2008, an additional class action complaint was filed against certain of the Insured Parties, and on October 8, 2008, that action was transferred to the Eastern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Thomas C. Platt.  These twenty actions shall be referred to collectively as the "Actions."

7.      Subsequent to the Petition Date, on July 27, 2009, certain of the Insured Parties were named as defendants in an action generally falling into the category of securities litigation by Utah Retirement Systems.  The case, *Utah Retirement Systems v. Strauss, et al.*, No. 09 Civ. 3221 (TCP) is currently pending in the Eastern District of New York.  The action shall be referred to as the "Utah Retirement Action."  The defendants in the Actions and the Utah Retirement Action are certain of the Insured Parties.  Currently, because of the Debtors' bankruptcy cases, the Actions are stayed as against the Debtors.  However, the Actions, the Utah Retirement Action and certain Other Actions are proceeding as against certain of the other Insured Parties.  Accordingly, certain of the Insured Persons are incurring legal and related expenses in connection with defending themselves in those proceedings.  Although they believe that the allegations in the Actions, the Utah Retirement Action, and those certain Other Actions

that are currently proceeding are without merit, the Insured Persons face exposure with respect to costs of defense.

8.      On July 30, 2009, Judge Platt issued an Order preliminary approving settlement of the Actions.  Pursuant to the terms of the settlement agreement, defendants, including certain Insured Parties, agreed to pay a settlement amount of $24 million.  On September 8, 2009, this Court authorized the settling defendants to utilize the proceeds of the Insurance Policies to fund the settlement amount [Docket No. 8030].

9.      On September 4, 2009, this Court also approved a settlement on behalf of certain Insured Parties and the Committee for $5.625 million.  The Court authorized the settlement amount to be paid from the proceeds of the Insurance Policies [Docket No. 8009].

10.     Subsequent to the Petition Date, on April 28, 2009, certain of the Insured Parties were named as defendants in an enforcement action filed by the Securities and Exchange Commission in the Southern District of New York ("SEC Action").

11.     Prior to the commencement of the Actions, the Utah Retirement Action and the SEC Action, the Debtors purchased the Insurance Policies for the benefit of those identified as insureds within the meaning of the Insurance Policies.

## THE INSURANCE POLICIES

12.     Prior to the Petition Date, the Debtors purchased:  (i) the Primary Insurance Policy, which provides up to $10 million in coverage, (ii) three excess insurance policies, providing an additional $30 million in coverage, specifically for the benefit of the Debtors and the Insured Persons, and (iii) one excess insurance policy, providing an additional $10 million coverage for the benefit of the Insured Persons.

13.    Pursuant to the Insurance Policies, the Insured Persons are entitled to have certain legal fees and expenses incurred by them in the defense of the Actions, the Utah Retirement Action, the SEC Action and Other Actions, and covered by the Insurance Policies, advanced to them by the Insurers, subject to the Insurers' right to be repaid by an Insured Person any amount advanced to or on behalf of such Insured Person in the event and to the extent such Insured Person shall not be entitled under the terms and conditions of the Insurance Policies to payment of such legal fees and expenses.

14.    In accordance with the Insurance Policies, the Insured Persons have made, and will continue to make demands on the Insurers to advance the Defense Costs (as defined in the Insurance Policies) they have and will continue to incur in defending themselves in the Actions, the Utah Retirement Action, the SEC Action and in Other Actions.

15.    On April 13, 2008, this Court entered an Order Approving Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons [Docket No. 3520] (the "First Order"). The First Order permitted the Insured Persons to receive up to $5.0 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy for any past, present or future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

16.    On January 9, 2009, this Court entered an Order Approving Second Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an

Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons [Docket No. 6828] (the "Second Order").  The Second Order permitted the Insured Persons to receive up to $10 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy for any past, present or future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

17.     At this time however, the defense costs incurred by the Insured Parties in connection with the Actions, Other Actions and the SEC Action have exceeded the $10.0 million, in the aggregate, authorized under the First and Second Orders.

18.     Therefore, the parties have entered into the Third Stipulation requesting relief from the automatic stay, to the extent the stay applies, to enforce the Insured Persons rights and/or receive payments of Defense Costs (as that term is defined in the Primary Insurance Policy) under the Primary Insurance Policy and the Excess Policies, up to an additional $5.0 million in the aggregate for all Insured Persons.  As such, the Insured Persons will be able to access up to an additional $5.0, and because of the approval of the Third Stipulation, a total of $15.0 million of coverage, out of the $50.0 million in coverage available under the Debtors' various directors, officers and corporate liability policies.

19.     The Debtors submit that the resolution embodied in the Third Stipulation adequately protects the rights of the Insured Parties, while at the same time protecting the creditors of the Debtors' estates.  Accordingly, the Debtors believe that the Third Stipulation is a fair, reasonable and appropriate manner in which to apportion the Insurance Proceeds at this time.

**RELIEF REQUESTED**

20.     By this Motion, the Debtors request entry of an order approving the Third

Stipulation.

**BASIS FOR THE RELIEF REQUESTED**

21.     Section 362(a) of the Bankruptcy Code provides that the commencement

of a bankruptcy case operates as an "automatic stay" of any act to obtain property of the debtor's

estate.  11 U.S.C. § 362(a).  Section 541 of the Bankruptcy Code provides that a debtor's estate

is comprised of "all legal or equitable interests of the debtor in property as of the commencement

of the case."  11 U.S.C. § 541(a)(1).

22.     In <u>In re Allied Digital Technologies Corp.</u>, 306 B.R. 505 (Bankr. D. Del.

2004) the court considered whether and to what extent the proceeds of directors and officers

insurance policies constitute property of the estate.  In conducting this analysis, the court

explained that there are essentially three types of insurance policies that a corporation may

purchase.  The insurance policy may provide direct, unsubordinated coverage to the debtor

corporation.  In these instances, the court stated that the proceeds of the policy are clearly

property of the estate.  <u>Allied</u>, 306 B.R. at 512.  Alternatively, the insurance policy may provide

direct coverage solely to the directors and officers; providing only indemnification coverage to

the debtor.  In these instances, the court stated that the proceeds of the policy are not property of

the estate.  <u>Id.</u>  Lastly, and in between these extremes, are insurance policies in which coverage

exits for the directors and officers, as well as the debtor.  In this instance, the court stated that,

"the proceeds will be property of the estate if depletion of the proceeds would have an adverse

effect on the estate to the extent the policy actually protects the estate's other assets from

diminution."  <u>Id.</u>

23.    Assuming insurance proceeds are property of the estate, section 362(d) of

the Bankruptcy Code provides, in relevant part, as follows:

> (d) on request of a party in interest and after notice and a
> hearing, the court shall grant relief from the stay provided under
> subsection (a) of this section, such as by terminating, annulling,
> modifying, or conditioning such stay –
>
>> (1) for cause, including lack of adequate protection of an
>> interest in property;

11 U.S.C. § 362(d). The policy at issue in <u>Allied</u> provided direct coverage to directors and

officers, and limited coverage to the debtor for indemnification for amounts paid to defendants.

<u>Allied</u>, 306 B.R. at 513. Under those circumstances, the court held that the proceeds of the

policies were not property of the estate, but that, even if they were, cause existed to grant relief

from the stay to permit payment to the directors and officers. <u>Id.</u> The court went on to state that,

"[I]t is not uncommon for courts to grant stay relief to allow payment of defense costs or

settlement costs to directors and officers. ..." <u>Id.</u> Finally, the court explained that, "[W]ithout

funding, the Individual Defendants will be prevented from conducting a meaningful defense to

the Trustee's claims and may suffer substantial and irreparable harm. The directors and officers

bargained for this coverage." <u>Id.</u> at 515.

24.    In <u>In re Arter & Hadden L.L.P.</u>, the insurance policy at issue covered the

debtor, as well as certain of the debtor's officers and employees, who demanded coverage.

<u>Arter</u>, 335 B.R. 666 (Bankr. N.D. Ohio 2005). The Bankruptcy Court for the Northern District

of Ohio held that the proceeds were property of the estate. <u>Arter</u>, 335 B.R. at 674. However, it

found that there was "cause to lift the automatic stay because the Executive and Management

Committee members may suffer substantial and irreparable harm if prevented from exercising

their rights to defense payments to fund their defense of the Trustee's Complaint." <u>Id.</u>

25.    In these cases, the Debtors have determined in their business judgment, that the benefit to the estates from distributing the proceeds of the Insurance Policies on an ongoing basis on the terms and conditions set forth in the Third Stipulation warrant lifting the automatic stay, to the extent it may apply, without determining whether or to what extent the proceeds of the policies may constitute property of the estates.  Indeed, if such relief is not granted, and the Insured Persons do not receive access to the proceeds of the Insurance Policies, they may face irreparable harm.  The Parties believe that the negotiated Third Stipulation is fair, reasonable and in the best interests of the Debtors, their creditors and their estates.  See In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); see also Cosoff v. Rodman (In re W. T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (stating that the court should only reject negotiated compromise where it falls "below the lowest point in the range of reasonableness").

26.    Accordingly, the Debtors request that the Court enter an Order approving the Third Stipulation.

## NOTICE

27.    Notice of this Motion will be provided to: (i) the Trustee; (ii) counsel to the Creditors Committee; (iii) counsel to the Borrowers Committee; (iv) the Insured Persons identified in the Third Stipulation; (v) the Primary Insurer; and (vi) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

28.    No previous motion for the relief sought herein has been made to this or another Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November _19_, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Kenneth J. Enos (No. 4544)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession