# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER

DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY
ADAM W. POFF
SEAN M. BEACH
JOSEPH M. BARRY
SHARON M. ZIEG
DAVID R. HURST

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338
WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6755
DIRECT FAX: (302) 576-3445
ccrowther@ycst.com

RYAN M. BARTLEY
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
EMILY V. BURTON
ERIKA R. CAESAR
JEFFREY T. CASTELLANO
DOUGLAS T. COATS
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
MARIS FINNEGAN
WILLIAM E. GAMGORT
MARGARET WHITEMAN GREECHER
SEAN T. GREECHER
FRANK GRESE, III (NY ONLY)
MEGAN C. HANEY
A. DAVID HANSEN
STEPHANIE L. HANSEN
NICHOLAS D. HARPER-SMITH
    (MA & NY ONLY)
JAMES L. HIGGINS
LAUREN HUDECKI

SPECIAL COUNSEL
EDWARD J. KOSMOWSKI
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE

PATRICK A. JACKSON
KAREN E. KELLER
JENNIFER M. KINKUS
SARA BETH A. REYBURN KOHUT
EVANGELOS KOSTOULAS
PILAR G. KRAMAN
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JAIME N. LUTON
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
TAMMY L. MERCER
MARIBETH L. MINELLA
MICHAEL S. NEIBURG
JENNIFER R. NOEL
ROBERT F. POPPITI, JR.
JUSTIN H. RUCKI
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
ALEXANDER D. THALER
RICHARD J. THOMAS
JAMES M. YOCH, JR.

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

December 1, 2009

**BY HAND DELIVERY TO CHAMBERS**

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court - District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

> Re: American Home Mortgage Holdings, Inc., et al.;
> Objection to Claims of Mona Dobben; Case No. 07-11047
> **RESPONSE/OBJECTION TO REQUEST FOR CONTINUANCE**

Dear Judge Sontchi:

    This firm represents American Home Mortgage Holdings, Inc. and its direct and indirect affiliates and subsidiaries in this bankruptcy case. I am writing to the Court in response to the correspondence transmitted to Your Honor from Douglas Pettibone, Esquire, counsel for claimant Mona Dobben, requesting a continuance of the evidentiary hearing scheduled to be conducted before Your Honor on December 9, 2009 at 10:00 a.m. The request for a continuance, made ten (10) days before the evidentiary hearing, should be denied.

**Hearing Background**

    This matter was originally set for a hearing on October 14, 2009. At this hearing, the Court heard legal argument from Debtors' counsel on issues surrounding both the lack of any priority/secured/administrative claim status of Ms. Dobben's claims in this case as well as the lack of both underlying factual and legal merit to the underlying causes of action being asserted. At that hearing, either in person or by phone on behalf of Ms. Dobben, was Mr. Pettibone and Ms. Paula Rush.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Christopher S. Sontchi
December 1, 2009
Page 2

Your Honor commented during the hearing that it appeared, based upon what was before the Court, that there was nothing actually asserted against the Debtors but that any claims of Ms. Dobben were likely against third parties. The Court, *sua* sponte, suggested that Ms. Dobben get an allowed, general, unsecured, non-priority claim for $1. The Court suggested that this would provide a placeholder of sorts to permit Ms. Dobben to pursue state court litigation against other parties in California (for which Mr. Pettibone was already engaged as counsel). The Debtors did not object to the Court's suggested resolution. The Debtors had, prior to the hearing, offered to bifurcate the claim objection (to postpone or moot the objection to the claim on the merits) if Ms. Dobben would agree that any claim would be a general, unsecured, non-priority claim. Ms. Dobben, either herself or through her "representative" refused. Once again, even the Court's suggestion was essentially refused at the October 14, 2009. Ms. Dobben (or Ms. Rush) wanted an evidentiary hearing and the Court declined to entertain the issue of bifurcation further. The Court, after consulting with Debtors' counsel, Ms. Rush and Mr. Pettibone, then scheduled the evidentiary hearing for December 9th. Both Ms. Rush and Debtors' counsel indicated that some discovery and depositions would be necessary.

**Consensual Scheduling Order/Fact Discovery**

Thereafter, the Court entered a consensual Scheduling Order related to the claim objection on October 27, 2009. The Scheduling Order provided that Ms. Dobben's new complaint would be filed and served by October 28, 2009 (this was actually 5 days after the deadline that the Court had originally set but an extension was requested by Mr. Pettibone and agreed to by the Debtors). Mr. Pettibone served the 100+ page Complaint. All written fact discovery was required to be served by October 30, 2009. The Debtors served Ms. Dobben with Interrogatories and Requests for Production of Documents by the deadline (a mere two days later). Ms. Dobben served 160 document requests on Debtors which were later stricken, in their entirety, by the Court. Contrary to Mr. Pettibone's assertions otherwise, the Debtors initially produced 428 pages (not 400+ documents) on November 13, 2009. Of the 428 pages produced, 265 pages were of Ms. Dobben's actual loan file (which she already possessed). The balance of the documents were essentially the emails of individuals that "touched" Ms. Dobben's loan file that were obtained by searching either her name or her loan number in emails of the Debtors from January 1, 2007 through August 1, 2007 (the loan closed in April 2007) \

The Court, however, gave leave for Ms. Dobben to serve up to an additional 20 document requests after reviewing document that the Debtors voluntarily produced to Ms. Dobben which included her entire loan file (which had previously been provided to Ms. Dobben but was formally produced again anyway). The Court set a deadline of November 18th. Ms. Dobben, of course, served 20 additional document requests. The Court had instructed Debtors to respond within 3 business days. The Debtors responded as directed, on November 23, 2009. The Debtors produced approximately 56 pages of additional documents consisting entirely of the loan broker file. Thereafter, on November 30, 2009, Debtors produced an additional 7 pages of computer screenshots pertaining to the loan broker obtained from the UNIFI system. The Debtors have not heard anything from Mr. Pettibone about the document production until the

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Christopher S. Sontchi
December 1, 2009
Page 3

letter sent to Your Honor stating that he was preparing a "meet and confer" letter regarding certain "disputes."

The Debtors have previously brought to the Court's attention the fact that contention interrogatory responses served by Ms. Dobben were devoid of any factual (or legal theory) support for her asserted claims. The Court, in response, instructed Debtors' counsel to proceed to the scheduled depositions in Phoenix, Arizona of Ms. Dobben and her daughter, Alex Yamamura. The depositions were conducted on November 20, 2009.

**The Claimed Reasons for a Continuance Are Preposterous**

Mr. Pettibone's letter claims that he is unable to prepare for the hearing on December 9th. Mr. Pettibone, when he agreed to undertake the representation of Ms. Dobben, knew the hearing was scheduled for December 9th. Moreover, Mr. Pettibone prepared and filed a 100+ page Complaint in state court in California on this very subject matter on or about October 28, 2009. Unbelievably, Mr. Pettibone asserts that the fact that he sued 32 defendants in this action on behalf of Ms. Dobben and Ms. Yamamura should be grounds to postpone the evidentiary hearing.

Although settlement discussions are not admissible, the Debtors had repeatedly suggested (and basically implored) Mr. Pettibone not to proceed in this litigation. The Debtors suggested that it would make sense to agree that any resulting claim would be a general, unsecured, non-priority claim and simply moot the need for **any** hearing at this time (or perhaps at all). Mr. Pettibone repeatedly declined. This option was proposed on no less than four (4) occasions—two of which were before either party incurred any significant litigation time or costs. Instead, Mr. Pettibone, as Ms. Dobben's counsel, proceeded down the path of litigation.

At this juncture, discovery is closed. It is abundantly clear that Ms. Dobben has no factual or legal support for the claims asserted against the Debtors. Interestingly, even Mr. Pettibone's letter to the Court focuses on an alleged "illegal foreclosure" claim (apparently ceasing the baseless fraud and forgery allegations against the Debtors). The fundamental problem with this claim is that the Debtors did not own the mortgage (it was securitized into a trust in May 2007 and the owner of the mortgage was then the trust itself) and was not the servicer of the mortgage (the Debtors' servicing business was sold and had been run by the buyer for some time) when the property was sold at a Trustee's Sale under California law on April 29, 2008. Putting aside any other factual or legal defects in this "illegal foreclosure" claim, the Debtors cannot fathom what is so difficult or complex about this issue as it pertains to the Debtors (perhaps as opposed to the other 25+ parties in the state court litigation commenced by Ms. Dobben). Ms. Dobben has, under oath, authenticated her signature on all of the pertinent mortgage loan and disclosure documents, testified that she ceased paying the monthly mortgage payments, acknowledged receipt of the Notice of Trustee Sale of the subject real estate on April 11, 2008 and that she did not attend the Trustee Sale on April 29, 2008.

In addition to Mr. Pettibone's claims of being overwhelmed in this litigation (which situation he seemingly keeps perpetuating), he also claims that Ms. Dobben is somehow

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Christopher S. Sontchi
December 1, 2009
Page 4

unable to attend the hearing in December. I deposed Ms. Dobben. Any rumors that she is weak or frail are, to paraphrase Mark Twain, greatly exaggerated. She is a vibrant, lively, older woman. While she did cry at one point during the deposition (when asked what she thought about Mr. Downey), she did not want a break, but rather it was counsel that suggested a break would be helpful. She also chatted with counsel after the conclusion of her deposition and that of her daughters about matters completely unrelated to the hearing. She was pleasant and did not appear at all not to be "physically, emotionally or mentally prepared" to attend a hearing that she has, through her attorneys and/or other representatives, demanded be held.

The Debtors believe that Ms. Dobben, through her attorneys and "representatives," have put forth and continued to prosecute claims against the Debtors that lack even basic factual or legal support. This has become evident not only from the Complaint itself and the interrogatory responses submitted by Ms. Dobben, but also as a result of her deposition. At this juncture, the Debtors want the bleeding to stop and it appears the only way for that to occur is for the evidentiary hearing to continue as scheduled and for the Court to rule on the pending claim objection. This litigation has, in the Debtors' view, been enormously wasteful, but has only proceeded because of the insistence of Ms. Dobben, her representatives and attorneys.

Finally, the Debtors do not agree that any adjournment of the evidentiary hearing will facilitate resolution of this matter. The Debtors have already expended considerable time and expense defending against the preposterous allegations asserted by Ms. Dobben. The time for resolution outside of litigation has, in the Debtors' view, passed. The matter is now ripe for finality by decision. It is unfortunate, but it is a situation created by Ms. Dobben, her representatives and her legal counsel.

In light of all of the above, the Debtors request that the Court deny the request for a continuance of the December 9, 2009 evidentiary hearing. Should the Court have any questions, or need any additional information, counsel stands ready to assist and would welcome a teleconference with the Court.

Respectfully submitted,

Curtis J. Crowther

Enclosures

cc:   Douglas J. Pettibone, Esquire (by email)
      Vivian A. Houghton, Esquire (by email)
      Edward L. Schnitzer, Esquire (by email)