# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER

DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY
ADAM W. POFF
SEAN M. BEACH
JOSEPH M. BARRY
SHARON M. ZIEG
DAVID R. HURST

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338
WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6755
DIRECT FAX: (302) 576-3445
ccrowther@ycst.com

RYAN M. BARTLEY
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
EMILY V. BURTON
ERIKA R. CAESAR
JEFFREY T. CASTELLANO
DOUGLAS T. COATS
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
MARIS FINNEGAN
WILLIAM E. GAMGORT
MARGARET WHITEMAN GREECHER
SEAN T. GREECHER
FRANK GRESE, III (NY ONLY)
MEGAN C. HANEY
A. DAVID HANSEN
STEPHANIE L. HANSEN
NICHOLAS D. HARPER-SMITH
   (MA & NY ONLY)
JAMES L. HIGGINS
LAUREN HUDECKI

SPECIAL COUNSEL
EDWARD J. KOSMOWSKI
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE

PATRICK A. JACKSON
KAREN E. KELLER
JENNIFER M. KINKUS
SARA BETH A. REYBURN KOHUT
EVANGELOS KOSTOULAS
PILAR G. KRAMAN
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JAIME N. LUTON
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
TAMMY L. MERCER
MARIBETH L. MINELLA
MICHAEL S. NEIBURG
JENNIFER R. NOEL
ROBERT F. POPPITI, JR.
JUSTIN H. RUCKI
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
ALEXANDER D. THALER
RICHARD J. THOMAS
JAMES M. YOCH, JR.

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

December 3, 2009

**BY HAND DELIVERY TO CHAMBERS**

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court - District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

> Re: American Home Mortgage Holdings, Inc., et al.;
> Objection to Claims of Mona Dobben; Case No. 07-11047
> **RESPONSE TO MONA DOBBEN DISCOVERY DISPUTE LETTER**

Dear Judge Sontchi:

This firm represents American Home Mortgage Holdings, Inc. and its direct and indirect affiliates and subsidiaries in this bankruptcy case. I am writing to the Court in response to the correspondence transmitted to Your Honor from Douglas Pettibone, Esquire, counsel for claimant Mona Dobben, contending that a discovery dispute exists relating to documents produced by the Debtors in response to Ms. Dobben's 20 supplemental requests for production of documents.

**Document Production Background**

Under the Scheduling Order in this case, the parties were to serve requests for production of documents on or before October 30, 2009. Responses were due on November 13, 2009. Ms. Dobben, as the Court may recall, served 160 requests. The Court struck them, in their entirety, at the Debtors' request. At the same time, the undersigned counsel for the Debtors told the Court that a number of documents were already sent to Mr. Pettibone relating to the Dobben matter even without a request pending. The documents voluntarily produced by the Debtors and

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Christopher S. Sontchi
December 3, 2009
Page 2

received by Mr. Pettibone on November 13, 2009 were 428 pages that included 265 pages contained in Ms. Dobben's actual loan file in the possession, custody and control of the Debtors (which documents she already possessed[1]). The balance of the documents produced were emails of individuals that "touched" Ms. Dobben's loan file that were obtained by searching either her name or her loan number in emails of the Debtors from January 1, 2007 through August 1, 2007 (the loan closed in April 2007).

The Court gave leave for Ms. Dobben to serve up to an additional 20 document requests after reviewing document that the Debtors voluntarily produced to Ms. Dobben. The Court set a deadline of November 18, 2009 and the Debtors would be required to respond on or before November 23, 2009. Although Mr. Pettibone, in his letter to the Court on November 30, 2009 requesting a continuance claimed that he had not even reviewed the 400+ documents [sic] that were produced by the Debtors on November 13, 2009, Ms. Dobben served her additional 20 requests for production of documents.[2] The Debtors responded with its written Objections and Responses on November 23, 2009. The Debtors also produced approximately 56 pages of additional documents consisting entirely of the loan broker file. Thereafter, on November 30, 2009, Debtors produced an additional 7 pages of computer screenshots pertaining to the loan broker obtained from the UNIFI system. The Debtors did not hear anything from Mr. Pettibone about the document production at all until the letter sent to Your Honor on November 30, 2009. Mr. Pettibone sent his "meet and confer email" on December 1, 2009. Since that time, the Debtors have had to respond to Mr. Pettibone's continuance request and commence drafting the Pretrial Memorandum that is required by the Scheduling Order.

**The Debtors Stand by Their Objections to the Supplemental Document Requests**

The document requests served by Ms. Dobben are clearly overly broad and irrelevant. The Debtors will address each request seriatim. However, at the outset, the Court needs to be aware that Ms. Dobben has specifically authenticated her signature on each and every operative loan and mortgage document and therefore any claim of forgery, fraud or otherwise is entirely baseless.

REQUEST 1:    Although it has been repeated again and again, the Trust is a separate legal entity and it not owned by the Debtors. The request itself is overly broad as well. The Debtors did produce the documents relating to the

---

[1] Ms. Dobben had originally requested her file through American Home Mortgage Servicing, Inc. Of course, the loan file and the servicing file may differ. The Debtors produced the entire loan file in its possession, custody and control. As the Court is aware, the Debtors' servicing business was sold and transferred completely by April 2009. Accordingly, Debtors do not possession, custody and/or control of the servicing records.

[2] The Debtors are troubled by the fact that Mr. Pettibone ignored the Court's caution about overreaching in the additional requests for production and also specifically told him that the leave to serve additional requests was to obtain documents not already produced by the Debtors in its voluntary production. The Debtors viewed the Court's caution to Mr. Pettibone that any requests should be focused and limited. Of course, the requests that were served were far from focused and limited and were, quite simply, a reduced number of the broad, irrelevant requests previously stricken in their entirety by the Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Christopher S. Sontchi
December 3, 2009
Page 3

    securitization of the Dobben mortgage into the Trust, however. Ultimately, though, this has no relevance whatsoever to Ms. Dobben's claims against the Debtors.

REQUEST 2:     The Debtors stand by their objections. Specifically, the request is simply not relevant to any claims in this contested matter.

REQUEST 3:     Same as 2, above.

REQUEST 4:     Same as 2, above.

REQUEST 5:     Same as 2, above.

REQUEST 6:     The response itself says all such documents have been produced. What more can Ms. Dobben want? The Debtors cannot create or fabricate more documents or reconstruct any computer calculations that may have been done.

REQUEST 7:     The Debtors stand by their objections. Specifically, the request is simply not relevant to any claims in this contested matter.

REQUEST 8:     The response itself says all such documents have been produced. What more can Ms. Dobben want? The Debtors cannot create or fabricate more documents or reconstruct any computer calculations that may have been done. In addition, the request itself is essentially incomprehensible.

REQUEST 9:     The response, while interposing objections, says there are no such documents. What more does Ms. Dobben want? While Debtors also rely upon the objections to the request, the ultimate response is still "none."

REQUEST 10:     The Debtors stand by their very detailed objections. In addition, this request is not relevant to any claim in this contested matter.

REQUEST 11:     The Debtors stand by their very detailed objections. Ultimately, this request is not relevant to any claim in this contested matter.

REQUEST 12:     The Debtors stand by their very detailed objections. Ultimately, this request is not relevant to any claim in this contested matter.

REQUEST 13:     The Debtors stand by their very detailed objections. Moreover, the response itself states that all emails have been produced. What more can Ms. Dobben want?

REQUEST 14:     The Debtors stand by their very detailed objections. Moreover, the Debtors did not conduct a foreclosure sale on the 37th Street Property.

DB02:8908812.4                                                               066585.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Christopher S. Sontchi
December 3, 2009
Page 4

                        The Debtors were not involved in the Trustee sale on April 29, 2009. The Debtors did not own the mortgage and was not the servicer at the time.

REQUEST 15:      The Debtors stand by their objections to this request. It is incomprehensible and irrelevant.

REQUEST 16:      The Debtors stand by their very detailed objections. Moreover, the Debtors did not conduct a foreclosure sale on the 37th Street Property. The Debtors were not involved in the Trustee sale on April 29, 2009. The Debtors did not own the mortgage and was not the servicer at the time.

REQUEST 17:      There was no fraud in her mortgage and Ms. Dobben cannot assert a claim for fraud. She specifically authenticated her signature on all of the operative loan and mortgage documents during her deposition. Her only claim of "fraud" is that she says the loan broker essentially told her the rental income from the property would be more than the mortgage payment and she would make money. There is no fraud to investigate and there are no documents relating to any such investigation (as it says in the response).

REQUEST 18:      The Debtors stand by their very detailed objections. In addition, the response states that there are no such documents. What more can Ms. Dobben want?

REQUEST 19:      The Debtors stand by their very detailed objections as well as the fact that the entire broker file in the possession, custody and/or control of the Debtors was produced already as it states right there in the responses.

REQUEST 20:      The Debtors stand by their very detailed objections as well as the fact that the entire broker file in the possession, custody and/or control of the Debtors was produced already as it states right there in the responses.

       In light of all of the above, the Debtors request that the Court deny the request made on behalf of Ms. Dobben to compel any additional document production and, instead, uphold the objections interposed by the Debtors. Moreover, the Debtors ask that the Court consider awarding the Debtors sanctions and attorneys' fees under Fed. R. Civ. P. 37 and Fed. R. Bankr. 7037 for having to defend against this frivolous discovery dispute.

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Christopher S. Sontchi
December 3, 2009
Page 5

      Should the Court have any questions, or need any additional information, counsel stands ready to assist and would welcome a teleconference with the Court.

                                      Respectfully submitted,

                                      Curtis J. Crowther

cc:    Douglas J. Pettibone, Esquire (by email)
        Vivian A. Houghton, Esquire (by email)
        Edward L. Schnitzer, Esquire (by email)