## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | x | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | re:  Docket Nos. 8049, 8141 and |
| | : |     8149 |

### JOINT PRETRIAL/EVIDENTIARY HEARING MEMORANDUM

The parties, Claimant Mona Dobben and Debtors, hereby submit this Joint Pretrial/Evidentiary Hearing Memorandum, in connection with the evidentiary hearing to be held by the Court on December 9, 2009 commencing at 10:00 a.m. in connection with the Debtors' Objections to Claims of Mona Dobben.

### I.    Jurisdiction

The Court has jurisdiction over this claim objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The statutory predicates for the claim objection are 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3003 and 3007.

### II.    Uncontested Facts

[NONE]

### III.    Statement of Facts Which Are in Dispute

### 1.  CLAIMANT

  a.  Whether the broker Historic Real Estate/Patrick Downey was acting as an agent for Debtors during the time the loan origination.

  b.  Whether Debtors knew or should have known the loan was based upon fraud at the time of origination through foreclosure.

    c.   What is the responsibility of the Debtors for the acts of the broker?

    d.   Whether Debtors knew or should have known the Patrick Downey's license was revoked at the time the loan was funded?

    e.   What investigations were conducted regarding the broker's actions prior to foreclosure?

    f.   Whether Debtors, directly or through their agents and employees, made false representations, concealments and nondisclosures to Claimant, knowing the falsity of their representations, concealments and nondisclosures, and did so with the intent to defraud Claimant.

    g.   Whether Debtors had actual knowledge of the Broker's fraud, and aided and abetted, encouraged and rendered substantial assistance in accomplishing the Broker's wrongful conduct.

    h.   Whether Debtors intended to cause injury to Claimant and carried out their conduct in conscious disregard of Claimant's rights.

    i.   Whether Claimant's consent to the loan agreement which ultimately served as the basis for the foreclosure was free and mutual, due to the fraud committed upon her.

    j.   Whether Claimant received proper disclosures of fees and Good Faith Estimates as required by Federal Law.

    k.   What entity or person was the holder of the note or had the right to foreclose on the subject property?

    l.   Whether there were violations of the Truth and Lending Act.

    m.  Whether there was a violation of RESPA.

DB02:8989247.4

066585.1001

n.   Whether Debtors refused to respond to any inquiries from Claimant, or her agents even after a certified letters were sent alerting them an illegal foreclosure was being conducted by American Home Mortgage Servicing.

o.   Whether American Home Mortgage Servicing did conduct an illegal foreclosure without proper notification.

p.   Whether the foreclosure was conducted by American Home Mortgage Servicing, for the benefit of its own executives who are the owners and managers of, American Home Mortgage Assets LLC, and the Trust known as AHMA 2007-5 Trust.

q.   Whether Mona Dobben petitioned the American Home Bankruptcy Court, docket #1490 and a hearing was held on Oct. 31, 2007, in reference to numerous issues including demand to know the true owner of the note or master servicer under TILA 1641(f)(2) and American Home Mortgage Servicing ever complied.

r.   Whether there are multiple incidences of obfuscating the issue of true owner the note, refusal to respond to any inquiries.

s.   Whether Debtors have violated provisions of California's Rosenthal Fair Debt Collections Practices Act, including but not limited to California Civil Code §§ 1788(e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C. Title 41, Subchapter V, §§ 1692 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

t.   Whether Debtor's engaged in practices that were unfair, unlawful, immoral, and unethical.

3

u.  Whether Debtors should be required to tender a full disgorgement of monies and profits and the value of the Subject Property.

v.  Whether Debtor's conduct constitutes multiple, separate violations of Section 5(a) of the FTC Act, 15 U.S.C.§ 45(a), which prohibits "unfair or deceptive acts or practices in or affecting commerce," and violations of the Fair Credit Billing Act 15 U.S.C. 1666 *et seq*, and California Civil Code Section 1785.26 (b) (c).

w.  Whether Debtors damaged Claimants' Credit Reputation.

x.  Did Debtor's ignore red flags and warnings that the loan being processed was fraudulent?

y.  What if anything is the effect, in terms of liability of what happened on April 10 when the loan and funds were sent back to AHM

z.  Claimant reserves the right to assert additional issues following the Court's Order Compelling Debtor's to produce additional documents, if any, which is pending before this court, including but not limited issues relating to original documents, The notice of identity theft and fraud, The notice of proper address for foreclosure, The true holder of the note – chain of assignments, The mortgage insurance claim, The servicing records from 10/30/07 to time of foreclosure, The Trust documents, The management and structure of the LLC and the trust and management thereof, The emails between origination and foreclosure, The refusal to produce any investigation report, The refusal to produce any insurance claim reports, The refusal to produce any reports to the Master Servicer or Trust, The refusal to produce information about what happened on 4/10/07 to cause the return of funds to AHM and reset the closing and change documents, Any claims made and/or paid against the debtor specific to this loan, including repurchase,

4

breach claims, early payment default, or specific seizure of guarantee funds, or any other form of credit enhancement.

aa. The role that AHM debtor entities played in the choice to not assist Mona Dobben but to foreclose, and report negatively on credit.

bb. If true ownership is revealed would Mona Dobben be entitled to a secured claim which could be subject to a set off claim if the Debtor had not foreclosed on this loan?

cc. What role debtor in possession Wilbur Ross had in the foreclosure of this loan?

dd. Whether Claimant's claim should be allowed based upon the fact that the Debtor's Bankruptcy was used as a shield to protect Debtor's wrongful acts.

IV.    **Damages or other Relief Claimed**

Ms. Dobben has filed the following claims in these bankruptcy cases:

(a)    Claim #10609 against American Home Mortgage Holdings

Secured:              $451,723.00 (real estate)
Unsecured Priority:   $903,446.00 (§ 507(a)(2))

(b)    Claim #10608 against American Home Corp.

Secured:              $451,723.00 (real estate)
Unsecured Priority:   $903,446.00(§ 507(a)(2))

(c)    Claim #10607 against American Mtg. Servicing Inc.

Secured:              $451,723.00 (real estate)
Unsecured Priority:   $903,446.00(§ 507(a)(2))

5

V.    **Legal Issues Presented**

Claimant:    (1)    Whether Claimant presents sufficient facts to allow her claim against Debtors .

(2)    What are claimant's damages?

(3)    What is the status and classification of the claim if

allowed?

Debtors:    (1)    Whether Ms. Dobben states any claim upon which relief can be granted that may assert a legally cognizable claim against any of the Debtors.

(2)    If Ms. Dobben states any legally-cognizable claim against one or more of the Debtors, what damages can she prove/establish and what is the amount of the claim?

(3)    If Ms. Dobben states any legally-cognizable claim, against which Debtor or Debtors is such claim properly asserted?

(4)    If Ms. Dobben states any legally-cognizable claim, is such a claim a general, unsecured, non-priority claim?

VI.    **Witnesses**

Claimant:    Mona Dobben:  Loan origination, knowledge of the fraud, communications with Alex Yamamura and Paula Rush, Identification of documents and exhibits, Attempts to contact Debtors regarding illegal foreclosure and fraud, Damages and emotional distress, Credit damage.

Alex Ryan Yamamura:  Percipient knowledge of loan fraud and attempts to contact Debtors for relief, Identification of Documents, Communications with Debtors, Filing of Fraud Reports, Investigations into fraud, Communications with Mona Dobben and Paula Rush regarding loan and fraud from inception through foreclosure. Percipient knowledge of damage to her mother Mona Dobben. Identification and mailing of foreclosure notices.

Paula Rush:  Numerous attempts to contact AHM as Mona Dobben's attorney in fact. Letters to AHM and attempts to obtain information regarding mail forwarding and incorrect address for foreclosure.  Percipient communications with Mona Dobben.

DB02:8989247.4                    066585.1001

Percipient Examination of the file that was produced in October 2007. Statements made by Mona Dobben to Paula Rush at or near the time of the origination of the loan and foreclosure. Conversations with fraud investigators. Letters received from Debtors and Wells Fargo regarding the fraud and foreclosure. Letters received from Debtors counsel. Paula Rush's percipient investigation as Mona Dobben attorney in fact. Also depending on certain pretrial rulings from the court regarding the production of documents which is pending Claimant will offer Paula Rush's testimony as it relates to new issues involving the production of any additional documents or issues arising there from which cannot be determined at this time. Knowledge of documents in Debtors possession which were not produced in discovery.

Debtors:    Debtors do not intend to call any witnesses in their case in chief but expressly reserve the right to call one or more rebuttal witnesses.  The Debtors specifically reserve the right to call Eileen Wanerka to testify concerning any aspect of the loan/mortgage business, Ms. Dobben's loan file, broker procedures including approvals, and any other subject that Ms. Wanerka may be qualified to testify concerning for purposes of rebuttal of any evidence and/or testimony submitted on behalf of Claimant, Mona Dobben.

## VII.    List of Exhibits

Claimant:

1) Certified Letter to AHM regarding foreclosure

2) Certified Letter to Wells Fargo regarding foreclosure

3) Certified Letter to YCST- Pauline Morgan regarding foreclosure

4) Certified Letter to TD Service regarding foreclosure

5) Certified Letter to Wilbur Ross AH Mortgage Acquisitions Inc regarding foreclosure

6) Certified Letter to Trust American Home Mortgage Assets LLC

7) Certified Letter to Deutsche Bank National Trust Certified regarding foreclosure

8) Certified Letter to Chapman Cutler -Wells Fargo Letter Issues

9)  SEC filings on AHMA 2007-5 Trust –Prospectus

10) SEC filing  8K AHMA 2007-5 Trust

7

11) WELLS FARGO  Static Pool Data

12) Docket # 1490 – First petition for loan file & assertions of fraud issues

13) Credit Report Mona Dobben

14) Email Produced by Debtor – #345

15) Email Produced by Debtor - #349

16) Email Produced by Debtor - #380

17) Email Produced by Debtor -#378

18) Email Produced by Debtor -#350

19) Email Produced by Debtor -#351

20) Email Produced by Debtor -#302

21) Email Produced by Debtor -#353

22) Broker agreement

23) Broker Due Diligence

24) Grant Deed (CA CASE EXHIBIT )

25) Title Report (CA CASE EXHIBIT )

26) California Insurance Disclosure ( LENDER FILE 10/30/07)

27) First Payment Letter ( LENDER FILE 10/30/07)

28) Payment Statement ( LENDER FILE 10/30/07)

29) Good Faith Estimate ( LENDER FILE 10/30/07)

30) Loan Closing Letter ( LENDER FILE 10/30/07)

31) Notice of Loan Approval ( LENDER FILE 10/30/07)

32) Purchase Contract ( CA CASE EXHIBIT )

33) Loan Application ( LENDER FILE 10/30/07)

34) LandAmerica Gateway Title Preliminary Report

35) Amended Escrow Instructions ( LENDER FILE 10/30/07)

36) Verification Bureau Social Security ( LENDER FILE 10/30/07)

37) Real Estate Agency Disclosure ( LENDER FILE 10/30/07)

8

38) Mortgage Loan Origination Agreement ( LENDER FILE 10/30/07)

39) Borrower Certification and Authorization ( LENDER FILE 10/30/07)

40) Equal Credit Opportunity Act ( LENDER FILE 10/30/07)

41) Housing Financial Discrimination Act ( LENDER FILE 10/30/07)

42) Notice of Right to Receive Appraisal Report ( LENDER FILE 10/30/07)

43) Disclosure of Credit Score ( LENDER FILE 10/30/07)

44) Borrower Signature Authorization ( LENDER FILE 10/30/07)

45) Additional California Disclosures ( LENDER FILE 10/30/07)

46) HUD 1 FINAL ( LENDER FILE 10/30/07)

47) HUD 1 ( Borrower file)

48)  FINAL Truth in Lending ( LENDER FILE 10/30/07)

49) Payment Coupons

50) Underwriting Clear to Close ( LENDER FILE 10/30/07)

51) Correspondent Broker FEES ( LENDER FILE 10/30/07)

52) Servicing Records – Call 9/25/07 ( LENDER FILE 10/30/07)

53) Notice of Trustee Sale

54) RESPA letter to AHM 9/25/07

55) RESPA letter to AHM 11/13/07

56) Proof of Fed Ex 10/30/07 to Sun City Address Dobben ( LENDER FILE 10/30/07)

57) Proof of forward mail from TD Service

58) Rental Contract

59) Borrowers Closing Statement (Borrower Copy)

60) Borrowers Closing Statement ( LENDER FILE 10/30/07)

9

61) UCA field audit doc - #00360-00366

62) Custom DU Findings _ # 00045-00050

63) TD Service – Copy of Envelope Forwarded Documents

64) TD Service - Substitution of Trustee document– Hardman

65) FDIC Complaint

66) FTC Complaint #11467852 - Identity Theft

67) Email Complaint Los Angeles DA Miles Weiss

68) Emails FBI Los Angeles

69) RESPA letter 11/13/07 - Green Card 11/16/07

70) Patrick Downey CA DRE license information

71) Letter From YCST – 12/19/07 – To Call Scott Ellerbee

72) Letter From Chapman & Cutler (Wells Fargo) 3/6/2008

73) Power of Attorney Alex Yamamura

74) Power of Attorney Paula Rush

75) CA DRE action against AHM Insolvency

76) Loan Adjustment letter sent by AHMSI to Dobben April 27, 2009 at Sun
    City address.


Debtors:        1.      Proof of Claim #10607
                2.      Proof of Claim #10608
                3.      Proof of Claim #10609
                4.      Complaint filed on or about October 28, 2009 by Mona
                        Dobben in state court in California
                5.      Borrower's Certification & Authorization [Dobben
                        Deposition Exhibit 6]
                6.      Compliance Agreement [Dobben Deposition Exhibit 7]
                7.      California Insurance Disclosure [Dobben Deposition
                        Exhibit 8]
                8.      Adjustable Rate Mortgage Loan Disclosure Statement
                        [Dobben Deposition Exhibit 9]
                9.      Private Mortgage Insurance Disclosure [Dobben
                        Deposition Exhibit 10]
                10.     California Per Diem Interest Rate Disclosure [Dobben
                        Deposition Exhibit 11]
                11.     Occupancy Agreement [Dobben Deposition Exhibit 12]
                12.     Affiliated Business Arrangement Disclosure [Dobben
                        Deposition Exhibit 13]

13.    Equal Credit Opportunity Act Notice [Dobben Deposition Exhibit 14]

14.    Request for Transcript of Tax Return [Dobben Deposition Exhibit 15]

15.    Request for Taxpayer Identification Number and Certification [Dobben Deposition Exhibit 16]

16.    Deed of Trust between Mona S. Dobben as Borrower and American Home Mortgage Acceptance, Inc. as Lender [Dobben Deposition Exhibit 17]

17.    Signature/Name Affidavit [Dobben Deposition Exhibit 18]

18.    Adjustable Rate Note [Dobben Deposition Exhibit 19]

19.    Occupancy Certification [Dobben Deposition Exhibit 20]

20.    Copy of Mona Dobben's Driver's License from AHM loan file [Dobben Deposition Exhibit 21]

21.    RESPA Servicing Disclosure [Dobben Deposition Exhibit 22]

22.    Adjustable Rate Rider [Dobben Deposition Exhibit 23]

23.    Disclosure of Credit Score Information [Dobben Deposition Exhibit 24]

24.    Bank Account Statement from Mona Dobben from AHM loan file [Dobben Deposition Exhibit 25]

25.    HUD-1 Settlement Statement [Dobben Deposition Exhibit 26]

26.    Tax Escrow Account Designation [Dobben Deposition Exhibit 28]

27.    Truth-in-Lending Disclosure Statement [Dobben Deposition Exhibit 29]

28.    Preferred Real Estate & Inv. Management Fee Invoice dated 7/1/07 [Dobben Deposition Exhibit 30]

29.    Amended Escrow Instructions [Dobben Deposition Exhibit 31]

30.    Letter dated October 1, 2007 from Ilham Theodory to Mona Dobben [Dobben Deposition Exhibit 32]

31.    Notice of Trustee's Sale [Dobben Deposition Exhibit 33]

32.    American Home Mortgage Servicing Collection History Profile [Dobben Deposition Exhibit 34]

Debtors expressly reserve the right to use any document obtained in discovery or otherwise in its possession for purposes of impeachment and/or rebuttal whether or not such document is listed as an exhibit by any party.

11

## VIII.    <u>Discovery to be Offered into Evidence</u>

Claimant:        None.

Debtors:        Debtors intend to offer the following interrogatory responses/depositions transcripts into evidence for their case in chief:

        (1)    Claimant Mona Dobben's Responses to Debtors' Interrogatories Directed to Claimant Mona Dobben (Nos. 1-21)

        (2)    Deposition Transcript of Mona Dobben (taken November 20, 2009)(entire transcript is designated)

Debtors expressly reserve the right to offer any other discovery into evidence consistent with the Federal Rules of Civil Procedure for purposes of impeachment and/or rebuttal.

## IX.    <u>Length of Trial/Hearing</u>

The Court has scheduled this evidentiary hearing for one (1) day.

DB02:8989247.4                                                          066585.1001