IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>American Home Mortgage Holdings, Inc., *et al.* [1]<br><br>Debtors | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>(Jointly Administered)<br><br>Objection Due By: December 24, 2009 @ 4 p.m.<br>Hearing Date: Only in the Event of an Objection |

## TWENTY-FOURTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 1, 2009 THROUGH JULY 31, 2009

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | July 1, 2009 through July 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 199,320.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $ 3,557.19 |

This is a ☒ monthly ☐ interim ☐ final application.

    80% OF FEES FOR PERIOD 7/1/09-7/31/09: $159,456.00 (Holdback: $39,864.00)

    100% OF DISBURSEMENTS: $ 3,557.19

    TOTAL DUE: $163,013.19

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

703159.007-1747142.5

|  |  | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $18,483.01 | Approved | Approved |
| 3/20/2008 | 11/1/2007-11/30/2007 | $234,223.00 | $9,396.14 | Approved | Approved |
| 3/20/2008 | 12/1/2007-12/31/2007 | $160,662.50 | $4,795.49 | Approved | Approved |
| 3/20/2008 | 1/1/2008-1/31/2008 | $226,308.50 | $5,000.27 | Approved | Approved |
| 6/17/2008 | 2/1/2008-2/29/2008 | $186,108.50 | $5,693.64 | Approved | Approved |
| 6/17/2008 | 3/1/2008-3/31/2008 | $208,726.00 | $6,406.70 | Approved | Approved |
| 6/17/2008 | 4/1/2008-4/30/2008 | $315,741.00 | $15,570.65 | Approved | Approved |
| 12/3/2008 | 5/1/2008-5/30/2008 | $181,783.50 | $4,606.22 | Approved | Approved |

| | | | | | |
|---|---|---|---|---|---|
| 12/5/2008 | 6/1/2008-6/30/2008 | $196,630.50 | $6,470.09 | Approved | Approved |
| 12/5/2008 | 71/2008-7/31/2008 | $206,217.50 | $3,157.08 | Approved | Approved |
| 12/5/2008 | 8/1/2008-8/31/2008 | $194,188.00 | $7,255.74 | Approved at 80% | Approved |
| 8/7/2009 | 9/1/2008-9/30/2008 | $249,088.50 | $9,037.16 | Approved at 80% | Approved |
| 8/7/2009 | 10/1/2008-10/31/2008 | $223,356.50 | $22,482.48 | Approved at 80% | Approved |
| 8/7/2009 | 11/1/2008-11/30/2008 | $216,169.00 | $4,286.36 | Approved at 80% | Approved |
| 8/18/2009 | 12/1/2008-12/31/2008 | $192,413.50 | $2,776.74 | Approved at 80% | Approved |
| 8/18/2009 | 1/1/2009-1/31/2009 | $261,947.50 | $7,523.50 | Approved at 80% | Approved |
| 8/18/2009 | 2/1/2009-2/28/2009 | $265,100.00 | $11,448.78 | Approved at 80% | Approved |
| 8/18/2009 | 3/1/2009-3/31/2009 | $128,991.00 | $2,824.78 | Approved at 80% | Approved |
| 8/18/2009 | 4/1/2009-4/30/2009 | $121,285.50 | 4,664.28 | Approved at 80% | Approved |
| 12/3/2009 | 5/1/2009-5/31/2009 | $179,391.00 | $2,998.22 | Pending | Pending |

| | | | | | |
|---|---|---|---|---|---|
| 12/3/2009 | 6/1/2009-6/30/2009 | $126,055.00 | $1,863.05 | Pending | Pending |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $745.00 | 13.50 | $10,057.50 |
| Mark T. Power | Partner (1989) | $745.00 | 8.30 | $6,183.50 |
| John P. McCahey | Partner (1986) | $735.00 | 19.50 | $14,332.50 |
| Don D. Grubman | Partner (1979) | $695.00 | 2.10 | $1459.50 |
| Rhona Kisch | Partner (1998) | $640.00 | 1.20 | $768.00 |
| Edward L. Schnitzer | Partner (1998) | $525.00 | 92.00 | $48,300.00 |
| Christopher Jarvinen | Partner (2000) | $525.00 | 0.50 | $262.50 |
| Christina J. Kang | Associate (2002) | $485.00 | 37.80 | $18,333.00 |
| Katherine Craner | Associate (2002) | $460.00 | 25.70 | $11,822.00 |
| Jeffrey Zawadski | Associate (2003) | $375.00 | 65.60 | $24,600.00 |
| Huria Patwardhan | Associate (2005) | $350.00 | 20.30 | $7,105.00 |
| Graig Solow | Associate (2005) | $350.00 | 12.90 | $4,515.00 |

| Name | Title | Rate | Hours | Total |
|---|---|---|---|---|
| Joshua Zelkowitz | Associate (2004) | $320.00 | 29.20 | $9,344.00 |
| Joseph Orbach | Associate (2008) | $300.00 | 23.30 | $6,990.00 |
| Zahir Virani | Associate (2007) | $300.00 | 33.90 | $10,170.00 |
| Sarah Gilbert | Associate (2007) | $300.00 | 15.70 | $4,710.00 |
| Nicholas Rigano | Associate (2008) | $270.00 | 17.60 | $4,752.00 |
| Annie Power | Associate (2008) | $270.00 | 0.50 | $135.00 |
| Christopher Hunker | Summer Associate | $240.00 | 9.10 | $2,184.00 |
| Harris Wiener | Summer Associate | $240.00 | 26.60 | $6,384.00 |
| Ariele Strauss | Summer Associate | $240.00 | 0.50 | $120.00 |
| Jason W. Smith | Paralegal (N/A) | $245.00 | 19.30 | $4,728.50 |
| Lois Standig | Paralegal (N/A) | $240.00 | 8.60 | $2,064.00 |
| **Grand Totals:** | | | **483.70** | **$199,320.00** |
| **Blended Rate:** | | $412.07 | | |
| **Blended Rate excluding Paraprofessionals:** | | $438.13 | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Time | Total |
|---|---|---|
| Creditors' Committee | 43.50 | $16,333.00 |
| Retention | 17.30 | $6,783.50 |
| Sale of Assets | 0.20 | $149.00 |
| Professional Fees | 2.80 | $1,153.00 |
| Avoidance Actions | 363.30 | $145,239.50 |
| Litigation | 32.60 | $16,712.50 |
| Employee Issues | 6.40 | $2,400.00 |
| Claims Administration | 1.30 | $487.50 |
| Investigation of Company | 12.10 | $8,487.00 |
| Triad Workout | 4.20 | $1,575.00 |
| **Total:** | **483.70** | **$199,320.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $1,041.23 |
| Duplicating [at 10¢ per page] | | $798.10 |
| Lexis | Lexis-Nexis | $942.52 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, INC | $322.36 |
| Overnight Delivery | Federal Express, INC | $25.59 |
| Search Fees | Pacer Services Center | $2.48 |
| Telephone Conference Call | American Express | $112.91 |
| Word Processing Overtime | | $312.00 |
| Total: | | **$3,557.19** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------
In re:

American Home Mortgage Holdings, Inc., et al.[2]

                                    Debtors
------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: Objection Due By: December 24, 2009 @ 4 p.m.
: Hearing Date: Only in the Event of an Objection

**TWENTY-FOURTH MONTHLY APPLICATION OF HAHN & HESSEN LLP,
FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD JULY 1, 2009 THROUGH JULY 31, 2009**

TO:  THE HONORABLE CHRISTOPHER S. SONTCHI,
     UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its twenty-fourth monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of July 1, 2009 through July 31, 2009 (the "Compensation Period"), and in support thereof respectfully represents:

   1.   H&H submits this twenty-fourth monthly application for allowance of $202,877.19 for services provided to the Committee during the Compensation Period consisting

of (i) fees in the amount of $199,320.00, and (ii) out-of-pocket expenses in the amount of $3,557.19.

## Background

2. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4. The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[2] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5. Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6. The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H. Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law. Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law. Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School. In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks. Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area. Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases. As such, they are responsible for the day-to-day oversight of the case.

7. This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8. From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case. Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts to be able to respond appropriately to the myriad of expedited matters filed in the case. Given the nature of this case, the Debtors and the Committee are continually called upon to deal with matters on an accelerated basis. During the month of July 2009, H&H expended 483.70 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

(a) **Creditors' Committee**

9. H&H expended 43.50 hours with respect to services under this category, for which total compensation amounts to $16,333.00. Applicant's services included reviewing the numerous motions filed by the Debtors and the various responses and/or objections filed to these motions. Pleadings were summarized for distribution and consideration by the Committee during regularly scheduled meetings. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss among other things, BDO's report to the Committee as well as the motion seeking approval of the settlement of potential D&O actions. Applicant also addressed each of these issues with the Debtors' professionals as well as spent time preparing for and attending an omnibus hearing before this Court.

(b) **Retentions**

10. H&H expended 17.30 hours with respect to services under this category, for which total compensation amounts to $6,783.50. Applicant's services included drafting and finalizing retention application and proposed order for the retention of Receivable Management Services Corporation as Collections Agent for the Committee.

(c) **Sale of Assets**

11. H&H expended 0.20 hours with respect to services under this category, for which total compensation amounts to $149.00. Applicant's services include preparing and participating in conference calls and e-mails with the Debtors and Debtors' counsel and Committee professionals to address issues with respect to the proposed sale of certain construction loans.

(d) **Professional Fees**

12. H&H expended 2.80 hours with respect to services under this category, for which total compensation amounts to $1,153.00. Applicant's services included extensive attention to and review of certain professionals' fee applications and updating a spreadsheet detailing the fees and expenses of professionals and summaries thereto for distribution to Committee members. Applicant also reviewed and prepared appropriate objections to the fee applications submitted by the professionals for the Borrower's Committee.

(e) **Avoidance Actions**

13. H&H expended 363.30 hours with respect to services under this category, for which total compensation amounts to $145,239.50 Applicant services included analyzing and preparing complaints concerning 400 plus entities who received transfers in excess of $75

million. Applicants also had numerous communications with entities and Receivable Management Services, the committee's retained agent, to discuss the potential underlying claims. The analysis was intensified because of the delay in the Debtors' confirmed plan going effective and the two year anniversary of the petition date in August, 2009.

(f) **Litigation**

14. H&H expended 32.60 hours with respect to services under this category, for which total compensation amounts to $16,712.50. Applicant reviewed all pleadings and related issues regarding various adversary proceeding including but not limited to, the Broadhollow, Lehman, U.S. Bank National, and Wells Fargo adversary proceedings. In addition, applicant reviewed proposed document requests, deposition transcripts, and the Debtors response to Ross amended motion for administration claim. Applicant participated in discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.

(g) **Employee Issues**

15. H&H expended 6.40 hours with respect to services under this category, for which total compensation amounts to $2,400.00. Applicant's services included a review of pleadings and discovery issues regarding the WARN Act Litigation. Applicant participated in conferences with Debtors' counsel and BDO to discuss the WARN settlement.

(h) **Claims Administration**

16. H&H expended 1.30 hours with respect to services under this category, for which total compensation amounts to $487.50. Applicant's services included a review of various motions and claims objections. Applicant prepared for and participated in various teleconferences regarding the forgoing.

various motions and claims objections. Applicant prepared for and participated in various teleconferences regarding the forgoing.

(i) **Investigation of Company**

17. H&H expended 12.10 hours with respect to services under this category, for which total compensation amounts to $8,487.00. Applicant's services included reviewing documents produced by the Debtors. Applicant also researched and reviewed issues surrounding it's investigation of potential claims against Deloitte. Applicant's participated in conference call to address issues relating to the forgoing with BDO and the Debtors' counsel.

(j) **Triad Workout**

18. H&H expended 4.20 hours with respect to services under this category for which total compensation amounts to $1,575.00. Applicant's services included a review of the loan sale, servicing agreements, servicing fee structure and terms of retention of servicing rights. Applicant's participated in conference calls to address the forgoing.

**H&H Fees for the Compensation Period**

19. Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $199,320.00 in fees and $3,557.19 in expenses is reasonable in light of the significant work performed by H&H to date. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

20. Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period. The invoices indicate the dates of and description of

the services for which H&H seeks compensation, and the hours spent in performance of such services.

21.   In certain instances, H&H's time records for July indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

22.   Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for July 2009 in the amount of $199,320.00, and payment of $159,456.00 representing eighty percent (80%) of such compensation.

### Disbursements Incurred During the Compensation Period

23.   The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these

expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $3,557.19.

24. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

25. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation and reimbursement of expenses in the amounts set forth herein and provide such other and further relief as July be just and equitable.

Dated:  New York, New York
        December 3, 2009

           **HAHN & HESSEN LLP**
           Co-Counsel to The Official Committee of
           Unsecured Creditors of American Home Mortgage
           Holdings, Inc., et al. Debtors

           By: _____
           Mark S. Indelicato (A Member of the Firm)
           488 Madison Avenue
           New York, NY  10022
           (212) 478-7200
           (212) 478-7400 facsimile

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

American Home Mortgage Holdings, Inc., et al.[5]

Debtors

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
:
:

---

## AFFIDAVIT OF MARK S. INDELICATO

STATE OF NEW YORK    :
                     : ss.:
COUNTY OF NEW YORK   :

MARK S. INDELICATO, being duly sworn, deposes and says:

1. I am a member of the law firm of Hahn & Hessen LLP ("H&H"), co-counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed herein. I am the attorney responsible for the services rendered and to be rendered to the Committee as well as for compliance with the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. This affidavit is submitted in support of the foregoing Twenty-Fourth Monthly Fee Application (the "Application") for allowance of compensation and reimbursement of expenses incurred by H&H, as co-counsel to the Committee, for the period from July 1, 2009 through and including July 31, 2009.

---

[5] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

3.  I have personally performed many of the services rendered by H&H and am thoroughly familiar with all other services performed on behalf of the Committee by the lawyers and paraprofessionals in my firm.

4.  The facts contained in the Application are true and correct to the best of my knowledge, information and belief.

5.  The fees and disbursements requested in the Application are in accordance with practices customarily employed by H&H and generally accepted by H&H's clients.

6.  No agreement or understanding exists between H&H and any other person or persons or parties to share in any compensation received in connection with this case except as with respect to the terms of partnership agreements with members of H&H.

7.  To the best of my knowledge, information and belief, the application substantially complies with the Local Rules.

*/s/ Mark S. Indelicato*
MARK S. INDELICATO

Sworn to before me this
3rd day of December, 2009

*/s/ Anne S. Meldon*

ANNE S MELDON
Notary Public, State of New York
No. 01ME6047317
Qualified in New York County
Commission Expires July 31, 20 13