UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

--------------------------------------------------------------------- x
In re:                                                              : Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                  :
                                                                    : Jointly Administered
   Debtors.                                                         :
                                                                    : **Objection Deadline: December 10, 2009 at 4:00 p.m. (ET)**
                                                                    : **Hearing Date: December 14, 2009 at 11:30 a.m. (ET)**
--------------------------------------------------------------------- x

## MOTION OF DEBTORS FOR ORDER AUTHORIZING PAYMENT OF PREPETITION SALES AND USE TAXES

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their attorneys, hereby request the entry of an order (i) authorizing them to pay prepetition sales and use taxes that were collected or due and owing prepetition to New York State and (ii) authorizing and directing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks drawn on the Debtors' accounts that relate to such prepetition taxes and fees. In support of this motion, the Debtors respectfully represent as follows:

### JURISDICTION, VENUE AND STATUTORY BASIS

1.   This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105 and 541(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "US Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the US Trustee appointed an Official Committee of Borrowers (the "Borrowers Committee"). No trustee or examiner has been appointed.

5. The Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of February 18, 2009 (the "Plan") was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan has not yet gone effective.

6. In the weeks prior to the Petition Date, an unprecedented disruption in the credit markets caused major write-downs of the Debtors' loan and security portfolios and consequently resulted in margin calls for hundreds of millions of dollars with respect to the Debtors' loans. During this time, certain of the Debtors' warehouse lenders began to exercise remedies against the Debtors, thereby restricting the Debtors' ability to originate loans and threatening the company's continued viability.

7. These events forced the Debtors to discontinue their retail and indirect loan origination business. Unfortunately, in the short time available and given the severe financial pressures facing them, the Debtors were unsuccessful in their efforts to resolve their

liquidity crisis outside the bankruptcy forum and, accordingly, filed chapter 11 petitions to preserve and maximize the value of their estates through orderly sales of their assets.

8. Postpetition, New York State conducted an audit of the Debtors' previously paid and outstanding tax liability to the State. New York State concluded that the Debtors owed an additional amount of $301,313.89 (the "NYS Taxes"). The amount owing consists of Sales and Use taxes and accrued interest, for which the Debtors' former and current officers and directors may be personally liable. New York State has since issued a tax warrant against the Debtor's former director Michael Strauss ("Strauss") seeking immediate payment of that portion of the outstanding NYS Taxes for which Strauss can be held personally liable. The warrant effectively creates a lien against all of Strauss's personal and real property, limiting Strauss's ability to use his property, and has a negative impact on his credit.

**RELIEF REQUESTED**

9. By this motion, and in addition to the authority granted in the First Day Sales and Use Tax Order, the Debtors seek authority to pay prepetition sales and use taxes owing to New York State (the "NY Taxing Authority") in an aggregate amount of up to $325,000 which amount is in addition to the $150,000 approved in the First Day Sales and Use Tax Order.[2]

10. Prior to the Petition Date, the Debtors remitted payment to certain taxing authorities on account of sales and use taxes due and owing. However, the NY Taxing Authority has determined through a postpetition audit that the Debtors had mistakenly paid the incorrect amount. The Debtors have reviewed their account ledgers and agreed with the determination of the NY Taxing Authority, which found that more than $300,000 remains due to cover outstanding amounts owed on account of sales and use taxes.

---

[2] The Debtors reserve the right to request authority to pay additional amounts to the Taxing Authorities on account of prepetition sales and use taxes.

11. Because the authority requested in the First Day Sales and Use Tax Motion was based on initial estimates of the Debtors' expected sales and use tax liability, the Debtors had not included the unpaid prepetition sales and use taxes since determined under audit by the NY Taxing Authority.

12. In order to honor their prepetition sales and use tax obligations, the Debtors are accordingly requesting authority to pay up to $325,000, which amount is in addition to the $150,000 approved in the First Day Sales and Use Tax Order, in order to pay the unpaid prepetition sales and use tax obligations to the NY Taxing Authority.

13. If this Court approves the payment of the NYS Taxes to the NY Taxing Authority, the Debtors request that this Court also grant them a waiver of the United States Trustee's operating guidelines to the extent necessary to authorize the Debtors to make payment arrangements at their banks and other financial institutions, as appropriate, including issuing checks, drafts or wire transfers and direct such banks to receive, process, honor and pay such checks, drafts or wire transfers.

## **BASIS FOR RELIEF**

14. The payment of the Taxes will ultimately preserve the resources of the Debtors' estates, thereby promoting their liquidation and preventing personal liability of their former officers and directors. In the ordinary course of business, Debtors paid Taxes to thousands of Taxing Authorities levying numerous different types of taxes and fees. If the Taxes to the NY Taxing Authority are not timely paid, the Debtors' former directors and officers will be held personally liable for the outstanding debt. The Debtors and their former officers and directors desire to avoid disputes with governmental entities, including associated expenditures of time and money resulting from such disputes, that typically arise as governmental entities

attempt to enhance their rights to payment. As noted above in paragraph 8, the Warrant is having a negative impact on Strauss and will remain outstanding until the NYS Taxes are paid.

15. The Debtors' financial resources are sufficient to pay the NYS Taxes owed to the NY Taxing Authority. Accordingly, by this motion, the Debtors seek authority to pay prepetition Taxes to the NY Taxing Authority in an amount of up to $325,000, which amount is in addition to the $150,000 approved in the First Day Sales and Use Tax Order.

16. The claims for payment of the NYS Taxes would be afforded priority status under Section 507(a)(8) of the Bankruptcy Code and therefore would have to be paid in full, pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code, under the Plan. *See also* 11 U.S.C. § 523 (a)(1). The Debtors' payment of the NYS Taxes will thus affect only the timing of the payments and not the amount to be received by New York State. Therefore, other creditors and parties-in-interest will not be prejudiced if the relief sought herein is granted by this Court.

17. This Court also has authority to grant the relief requested in this motion pursuant to section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

18. A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Under section 105(a), a court "can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); *see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d

Cir. 1981); *In re Just For Feet, Inc.*, 242 B.R. 821, 824-825 (D. Del. 1999); *Ionosphere Clubs*, 98 B.R. at 176.

19. It is common for courts in this district to authorize payments of prepetition taxes and regulatory fees in the context of large bankruptcy cases. *See, e.g., In re Bob's Stores, Inc.*, Case No. 03-13254 (LHK) (Bankr. D. Del. Nov. 10, 2003); *In re Viatel, Inc.*, Case No. 01-01599 (JJF) (Bankr. D. Del. May 2, 2001); *In re Finova Group, Inc., et al.*, Case No. 01-00697 (PJW) (Bankr. D. Del. Mar. 7, 2001); *In re Harnischfeger Indus. Inc.*, Case No. 99-2171 (PJW) (Bankr. D. Del. June 7, 1999); *In re Goss Graphic Sys., Inc.*, Case No. 99-2756 (PJW) (Bankr. D. Del. July 30, 1999).

20. The payment of the NYS Taxes to the NY Taxing Authority is in the best interests of the Debtors' estates as it allows the Debtors to protect their officers and directors from personal liability. Such potential lawsuits would be extremely distracting for the Debtors, which must commit their immediate and full-time attention to the ongoing liquidation process, for the named officers and directors, who will be unfairly and unduly burdened by paying an obligation of the Debtors, and this Court, which might be asked to entertain various motions seeking injunctions relating to potential state court actions. It is in the best interest of the Debtors' estates and consistent with the policies of the Bankruptcy Code to eliminate the possibility of such time-consuming and potentially damaging distractions.

## NOTICE

21. Notice of this motion has been given to the United States Trustee, counsel for the Debtors' prepetition and postpetition bank group, counsel for the Committee, and those parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the Motion in all respects and granting such other and further relief as the Court deems just and proper.

Dated: December 4, 2009
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Sean M. Beach
_____
Sean M. Beach (No. 4070)
Jennifer R. Noel (No. 3987)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession