IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | **Ref. Docket Nos. 8049, 8141 and 8149** |

# DEBTORS' TRIAL BRIEF AND BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF MONA DOBBEN

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Curtis J. Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

Filed: December 4, 2009

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

# TABLE OF CONTENTS

PROCEDURAL HISTORY/BACKGROUND ................................................................................ 1

UNDISPUTED FACTUAL BACKGROUND ............................................................................... 2

ARGUMENT .................................................................................................................................. 4

    I.    Summary Judgment Standard ........................................................................... 4

    II.    Dobben's Claims are Legally and Factually Deficient. ..................................... 4

        A.  First Cause of Action – Fraud and Deceit ................................................. 6

        B.  Seventh Cause of Action – Aiding and Abetting Fraud ............................ 7

        C.  Ninth Cause of Action – Forgery ............................................................... 7

        D.  Tenth Cause of Action – Rescission .......................................................... 8

        E.  Twelfth Cause of Action – Violation of the Truth in Lending Act ("TILA") .................. 8

        F.  Thirteenth Cause of Action – Violation of the Real Estate Settlement Procedures Act ("RESPA") ................................................................ 9

        G.  Fourteenth Cause of Action - Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") ................................................. 9

        H.  Seventeenth Cause of Action – Wrongful Foreclosure ........................... 10

        I.  Eighteenth Cause of Action – Unfair Debt Collection Practices ............ 10

        J.  Nineteenth Cause of Action – Violation of Cal. Bus. and Prof. Code § 17200 .............. 11

        K.  Twentieth, Twenty-First, and Twenty- Second Causes of Action – Violations of the Fair Credit Reporting Act, Unfair Business Practices, and Damage to Credit Reputation and Tortious Interference with Credit Expectancy ...................................... 12

        L.  Twenty-Third Cause of Action – Violations of Elder Abuse Statutes ........................... 12

        M.  Twenty Fourth Cause of Action – Breach of Implied Covenant of Good Faith and Fair Dealing ..................................................................... 13

Conclusion .................................................................................................................................... 14

i

DB02:8956513.2                                                                                           066585.1001

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) .................................................................................................. 4

*Chasteen v. UNISIA JECS Corp.*,
 216 F.3d 1212 (10th Cir. 2000) .................................................................................. 4

*Denevi, Denevi v. LGCC*,
 18 Cal. Rptr. 3d 276 (Cal. Ct. App. 2004) .................................................................. 8

*Forman v. Salzano (In re Norvergence, Inc.)*,
 405 B.R. 709 (Bankr. D.N.J. 2009) ............................................................................ 7

*Hepler v. Wash. Mut. Bank, F.A.*,
 C.A. No. CV 07-4804 CAS, 2009 U.S. Dist. LEXIS 33883,
 at *11-12 (C.D. Cal. April 17, 2009) ................................................................. 10, 11

*In re Exide Tech.*,
 340 B.R. 222 n.7 (Bankr. D. Del. 2006) ..................................................................... 6

*In re Trans World Airlines, Inc.*,
 180 B.R. 386 (Bankr. D. Del. 19949) ......................................................................... 4

*Ines v. Countrywide Home Loans Inc.*,
 No. 08cv1267 WQH, 2008 U.S. Dist.
 LEXIS 88739, at *6 (S.D. Cal. Nov. 2, 2008) .......................................................... 11

*Sedima S.P.R.L. v. Imrex Co., Inc.*,
 473 U.S. 479 (1985) .................................................................................................. 10

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) .................................................................................... 6

**Federal Statutes**

11 U.S.C. § 503(b) ........................................................................................................... 5

11 U.S.C. § 507(a)(2) ............................................................................................... 1, 5, 6

11 U.S.C. § 1100 .............................................................................................................. 1

11 U.S.C. § 1107(a) ......................................................................................................... 1

11 U.S.C. § 1108 .................................................................................................................. 1

11 U.S.C. § 1129 .................................................................................................................. 1

12 U.S.C. § 2601 ............................................................................................................. 9, 11

12 U.S.C. § 2606(a)(1) ......................................................................................................... 9

15 U.S.C. § 1601 *et seq.* ............................................................................................. 8, 9, 11

15 U.S.C. § 1603 .............................................................................................................. 8, 9

15 U.S.C. § 1681, *et seq.* ................................................................................................... 12

15 U.S.C. § 1692, *et seq.* ............................................................................................. 10, 11

18 U.S.C. § 1961, *et seq.* ............................................................................................... 9, 10

18 U.S.C. § 1962(c) .............................................................................................................. 9

28 U.S.C. § 123 .................................................................................................................... 5

28 U.S.C. § 1930 .................................................................................................................. 5

**Rules**

Fed. R. Bankr. P. 7056 ......................................................................................................... 4

Fed. R. Bankr. P. 9014 ......................................................................................................... 4

Fed. R. Civ. P. 9(b) ........................................................................................................... 6, 7

Fed. R. Civ. P. 56 ................................................................................................................. 4

Fed. R. Civ. P. 56(c) ............................................................................................................. 4

**Other Authorities**

12 C.F.R. 226.3(a)-3 ............................................................................................................ 9

Ariz. Rev. Stat. § 46 (2009) ............................................................................................... 12

Ariz. Rev. Stat. § 46-456(A) (2009) .................................................................................. 12

Ariz. Rev. Stat. § 46-456(I)(4) (2009) ............................................................................... 13

Cal. Bus. And Prof. Code § 17200 (2009) ......................................................................... 11

DB02:8956513.2                                                                                                                               066585.1001

Cal. Civ. Code § 1566 ............................................................................................................... 8

Cal. Civ. Code § 1689(1) .......................................................................................................... 8

Cal. Civ. Code § 1689(b)(1) ..................................................................................................... 8

Cal. Civ. Code § 1689(b)(7) ..................................................................................................... 8

Cal. Civ. Code § 1788, *et seq.* ........................................................................................... 10, 11

Cal. Wel. & Inst. Code § 15600 *et seq.* ................................................................................. 12

Cal. Wel. & Inst. Code § 15610.27 ......................................................................................... 12

Consumer Affairs (Unfair Business Practices) Act, 1988 (Act No. 71 of 1988) ..................... 12

## PROCEDURAL HISTORY/BACKGROUND

On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of February 18, 2009 (the "Plan") was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan has not yet gone effective.

Mona Dobben ("Ms. Dobben" or "Dobben") asserts that she is entitled to a secured claim of $451,723.00 (secured by real estate) and an unsecured priority claim of $903,446.00 (pursuant to § 507(a)(2)) for damages related to an alleged illegal loan and illegal foreclosure. Ms. Dobben filed three (3) separate claims seeking the same monetary amount. Claim #10607 was filed against "American Mtg. Servicing Inc." Claim #10608 was filed against "American Home Corp." Claim #10609 was filed against "American Home Mtg Holdings."

Ms. Dobben and her daughter, Ms. Alex Yamamura ("Ms. Yamamura" and together with Ms. Dobben, the "Plaintiffs") initially filed a complaint (the "Original Complaint"), against "American Home Mortgage" on June 23, 2008 in the United States District Court for the Central District of California.

On September 3, 2009, in accordance with the procedures and requirements of the Plan, the Debtors sent a settlement proposal letter (the "Dobben Letter") to Ms. Dobben's then-counsel, Jeff Barnes, Esquire. The Dobben Letter provided the factual and legal analysis for each and every cause of action asserted against the Debtors in the Original Complaint and, in Debtors' view, offered a reasonable settlement in light of these facts and circumstances and the hardships of Ms. Dobben.

The Debtors did not receive a response with respect to the Dobben Letter and subsequently filed their Objection. On or about October 5, 2009, Ms. Dobben, through Paula Rush as her Attorney in Fact, filed her response to the Objection [D.I. 8141] (the "Response"). Thereafter, Debtors filed a Reply in Support of the Objection on October 7, 2009 [D.I. 8149].

The Objection was scheduled for a hearing on October 14, 2009. At the hearing, the Court determined that a one-day evidentiary hearing was required and it was scheduled for December 9, 2009.

Debtors and Ms. Dobben entered into a Scheduling Order governing the course of the litigation leading to the evidentiary hearing [D.I. 8211].

On or about October 28, 2009, the Plaintiffs, through their new counsel Douglas J. Pettibone, filed an amended complaint in the United States District Court of California (the "Amended Complaint"). The Amended Complaint was deemed to be the factual/legal basis of the previously-filed Proofs of Claim.

## UNDISPUTED FACTUAL BACKGROUND

Ms. Dobben is an experienced property investor, having previously owned investment/rental property for approximately twelve (12) years. (Dobben Dep. 14:8- 15:25[2]). Ms. Dobben purchased a property on 37th Street in Palmdale, California (the "37th Street Property"). The purchase was financed with a loan from American Home Mortgage Acceptance, Inc. and secured by a Deed of Trust on the 37th Street Property. Ms. Dobben purchased the 37th Street Property for the express purpose of real estate investment. (Dobben Dep. 11:9- 11:11, Nov. 20, 2009).

---

[2] All references are to the Deposition of Mona Dobben taken on November 20, 2009. A copy of the transcript of the deposition is attached hereto and made a part hereof as Exhibit A.

Ms. Dobben admits that she purchased the property through an acquaintance or friend of her daughter, Robert Downey ("Downey") without first: (i) viewing the property; (ii) viewing the neighborhood where the property was located; (iii) asking how much the property cost; (iv) reviewing rental payment history of the property; (v) reviewing rental receipts from previous tenants; or (vi) reviewing account statements of rents collected on the property. (Dobben Dep. 21:22-22:14, 26:23-27-8, 29:4- 29:15, Nov. 20, 2009).

Unfortunately, the rental payments on the property turned out not to be enough to cover the repairs, mortgage payments and other carrying costs of the 37th Street Property. Ms. Dobben ceased making monthly mortgage payments. Eventually, American Home Mortgage Servicing ("AHMSI") conducted a Trustee Sale on the property on April 29, 2008. At the time of the Trustee Sale, AHMSI was owned and operated by a non-Debtor third party that had acquired the Debtor's servicing business in a sale approved by the Court. In fact, the third party had been operating the business for a significant period of time between the time of the approval of the sale and the final closing while awaiting regulatory and other approvals.

Ms. Dobben authenticated her signature on each and every loan/mortgage document during the course of her deposition and thus any allegation of fraud in the loan itself or forgery are barred as a matter of law. *See, for example,* Exhibits 6-20, 22-24, 28-29 and 30 of Ms. Dobben's deposition and the discussions relating to the authentication of her signature on each and every document.

Ms. Dobben's description of the "fraud" that was allegedly perpetrated against her was that Mr. Downey had essentially told her that she would make income on the investment property or properties she purchased.

## ARGUMENT

### I. Summary Judgment Standard

The Debtors have filed an objection to Ms. Dobben's claims, therefore, this is a contested matter governed by Federal Rules of Bankruptcy Procedure 9014. *In re Trans World Airlines, Inc.*, 180 B.R. 386, 387 (Bankr. D. Del. 19949). That rule incorporates Federal Rule of Bankruptcy Procedure 7056 and therefore Federal Rule of Civil Procedure 56, the basis for this motion. *Id.* at 386-87. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Federal Rule of Civil Procedure 56(c) (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986). "A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-moving party based on the evidence presented." *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1216 (10th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). In applying the summary judgment standard, a court "views the evidence and draws reasonable inferences therefrom in a light most favorable to the non-moving party." *Id.*

Summary judgment is appropriate in this case since Ms. Dobben essentially fails to state a legally-cognizable claim as a matter of law. In addition, to the extent a claim is actually stated, Ms. Dobben's interrogatory responses and deposition testimony render any such claim factually and legally devoid of merit.

### II. Dobben's Claims are Legally and Factually Deficient.

The Debtors' believe that Ms. Dobben's claims are both legally and factually deficient. First, as noted above, Ms. Dobben asserts a secured claim of $451,723.00 and an unsecured priority claim of $903,446.00 for damages related to an alleged illegal loan and illegal

foreclosure. Assuming *arguendo*, that any of the Debtors are liable for damages to Ms. Dobben, such amounts would only be classified as a general, unsecured, nonpriority claim.

First, Ms. Dobben alleges that her damages are secured by real estate, however, Ms. Dobben does not have a security interest in any property of the Debtors. Ms. Dobben stated in her deposition that the property in which she has a security interest is the 37th Street Property. (Dobben Dep. 8:5- 8:7, Nov. 20, 2009). The 37th Street Property was purchased by Ms. Dobben with a loan from American Home Mortgage Acceptance, Inc. The 37th Street Property is not owned by the Debtors. Moreover, the mortgage/Deed of Trust itself was securitized into the AHMA 2007-5 Trust. Accordingly, there is simply no legal basis for a secured claim.

Second, Ms. Dobben alleges that the remaining amounts underlying the her claims are entitled to priority under section 507(a)(2) of the Bankruptcy Code, which provides:

> (a) The following expenses and claims have priority in the
> following order:
>
> ***
>
> (2) Second, administrative expenses allowed under section 503(b)
> of this title, and any fees and charges assessed against the estate
> under chapter 123 of title 28.

11 U.S.C. § 507(a)(2). Section 503(b) of the Bankruptcy Code relates to allowed administrative expenses, including, among other things, the actual, necessary costs and expenses of preserving the Debtors' estates. *See* 11 U.S.C § 503(b). Chapter 123 of title 28 relates, in relevant part, to payment of filing fees for commencement and continuation of the Debtors' bankruptcy cases. *See, e.g.*, 28 U.S.C. § 1930.

Because Ms. Dobben's claims neither relates to actual, necessary costs of preserving the Debtors' estate nor payment of filing fees, Ms. Dobben has not asserted an

appropriate basis for priority under section 507(a)(2) of the Bankruptcy Code. Moreover, no other basis for priority exists under the applicable sections of the Bankruptcy Code.

Further, each of the counts asserted against the Debtors in Ms. Dobben's Amended Complaint are factually and legally deficient. Despite the possible fraudulent acts of Downey or other Defendants, the Complaint does not plead any facts that would suggest the Debtors had any knowledge of, or otherwise participated in the fraud. Additionally, Ms. Dobben should now be barred from asserting further arguments due to her failure to supply any additional factual bases for her allegations in response to the Debtors' contention interrogatories. *See In re Exide Tech.*, 340 B.R. 222, 231 n.7 (Bankr. D. Del. 2006). The Debtors' take each cause of action asserted in the Amended Complaint, to the extent such claim is asserted against a Debtor, in turn:

### A.    First Cause of Action – Fraud and Deceit

Pursuant to Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), fraud must be plead with particularity. The United States Court of Appeals for the Ninth Circuit has required that:

> [a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis in original) (internal citations omitted). In the Amended Complaint, Ms. Dobben only pleads the fraud and deceit count with extremely general particularity (if actually plead at all). Ms. Dobben alleges she "justifiably relied upon the false representations, concealments, and nondisclosures made by these Defendants...." (Amended Comp. ¶ 185). She never identifies what, if any, specific statements or concealments she is referring to in the Amended Complaint. These general

statements cannot be a sufficient for the basis of a claim against the Debtors. The only allegation in relation to the Debtors contained in the over 100 page Amended Complaint is that the Debtors allegedly "ignor[ed] all red flags for fraud, and securitized this loan." (Amended Complaint ¶ 71). Ms. Dobben cannot point to any specific knowledge or fraudulent behavior on the part of the Debtors, therefore, there is no genuine issue of material fact for this cause of action. Simply stated, Ms. Dobben cannot assert a cognizable factual or legal basis for a fraud claim against any of the Debtors.

### B. Seventh Cause of Action – Aiding and Abetting Fraud

Ms. Dobben alleges that the Debtors aided and abetted the fraud of all the Defendants. As previously stated, fraud must be plead with particularity pursuant to Rule 9(b). To the extent that aiding and abetting allegations are premised on an underlying fraud, the aiding and abetting liability must also be plead with particularity. *Forman v. Salzano (In re Norvergence, Inc.)*, 405 B.R. 709, 746 (Bankr. D.N.J. 2009).

Again, Ms. Dobben makes general, bald assertions as to the alleged aiding and abetting of the Debtors. She states that she is "informed and believes" that the Debtors, along with other Defendants, had actual knowledge of and aided the fraud of other Defendants. (Amended Complaint ¶223). Both Ms. Dobben's deposition and contention interrogatories are devoid of facts supporting an aiding and abetting allegation. This cause of action is not plead with sufficient particularity to create a genuine issue of material fact.

Simply stated, Ms. Dobben cannot assert a cognizable factual or legal basis for this claim against any of the Debtors.

### C. Ninth Cause of Action – Forgery

Ms. Dobben alleges that the loan documents were forged. (Amended Complaint ¶ 231). Ms. Dobben, however, admitted in her deposition that all the actual loan documents bare

7

her signature and are not forgeries. (Dobben Dep. 49:19- 51:11, Nov. 20, 2009). Accordingly, the Debtors are entitled to judgment as a matter of law on this claim.

D. **Tenth Cause of Action – Rescission**

Ms. Dobben contends she is entitled to rescind her loan with the Debtors due to the alleged fraud. First, Ms. Dobben concedes in the Amended Complaint that the Debtors do not own the mortgage or servicing rights. As a result, rescission is an inappropriate remedy against the Debtors. *See Denevi, Denevi v. LGCC*, 18 Cal. Rptr. 3d 276, 283 (Cal. Ct. App. 2004) (where fraudulent party has transferred the property, there can be no rescission). Even if recission was appropriate, Ms. Dobben has failed to allege fraudulent misconduct sufficiently enough to give rise to a right of rescission. Section 1689(b)(1) of the California Civil Code provides that a party may seek to rescind a contract if that party's consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence." Cal. Civ. Code § 1689(b)(1)(2009). Dobben alleges, pursuant to Cal. Civ. Code §§ 1566, 1689(1) and 1689(b)(7), she may rescind her loan agreement with the Debtors due to the fraud in which the loan agreements were executed under. As discussed above, Dobben points to no fraudulent acts on the part of the Debtors that would indicate she is entitled to rescind her loan agreement. Moreover, she has admitted that all of the loan documents bear her signature.

E. **Twelfth Cause of Action – Violation of the Truth in Lending Act ("TILA")**

Dobben alleges next that the Debtors acted in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* Ms. Dobben admits numerous times that she purchased the 37th Street Property as an investment property. (Original Complaint ¶ 76; Dobben Dep. 11:11, Nov. 20, 2009). Because Ms. Dobben purchased the real estate properties for investment purposes, TILA is not applicable. *See* 15 U.S.C. § 1603 (TILA is not applicable to "[c]redit transactions

8

involving extensions of credit primarily for business, commercial, or agricultural purposes...."); *see also* 12 C.F.R. Pt. 226, Supp. I, cmt. 226.3(a)-3 (The Federal Reserve Board, in its Official Staff Interpretations, has interpreted § 1603 to mean that "[c]redit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes."). Dobben cannot argue that she essentially fraudulently represented to a lender that a transaction was a consumer transaction and therefore the law must ignore the reality that it was an investment property.

### F.   Thirteenth Cause of Action – Violation of the Real Estate Settlement Procedures Act ("RESPA")

Like TILA, RESPA is only applicable to consumer transactions. *See* 12 U.S.C. § 2606(a)(1) (stating that RESPA does not apply to transactions involving extensions of credit "primarily for business, commercial, or agricultural purposes."). Because Ms. Dobben purchased the real estate properties for investment/rental purposes (Original Complaint ¶ 76; Dobben Dep. 11:11, Nov. 20, 2009), RESPA is not applicable. Similarly, Dobben cannot argue that she essentially fraudulently represented to a lender that a transaction was a consumer transaction and therefore the law must ignore the reality that it was an investment property.

### G.   Fourteenth Cause of Action - Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")

Ms. Dobben seems to be pursuing a RICO civil conspiracy claim, pursuant to 18 U.S.C. § 1962(c), which makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c) (2009). In order to plead a violation of Section 1962(c), a plaintiff must plead the following elements:

9

(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Ms. Dobben alleges a supposed conspiracy among the Defendants; however she fails to allege a distinct RICO enterprise, and cannot allege a pattern of racketeering activity, then this claim cannot withstand summary judgment.

Essentially, Dobben fails to assert a cognizable factual or legal basis for this claim.

### H. Seventeenth Cause of Action – Wrongful Foreclosure

Ms. Dobben asserts that the Debtors conducted an illegal foreclosure of the 37th Street Property. She claims that she was not given proper notification at her home address in Arizona. However, she admits that the Debtors sold their servicing unit prior to the foreclosure (Amended Complaint ¶ 12). AH Mortgage Acquisition, owner of American Home Mortgage Servicing, not the Debtors, is the party responsible for initiating the foreclosure. (¶ 327). Thus, even if Ms. Dobben's Seventeenth Cause of Action is valid, it is not a valid claim against the Debtors.

Similarly, during her deposition, Ms. Dobben authenticated her signature on the Occupancy Certification dated March 20, 2007 that states that the 37th Street property was to be her primary residence. *See, e.g.*, Dobben Dep. 46:16-20 (Exhibit 20).

### I. Eighteenth Cause of Action – Unfair Debt Collection Practices

Ms. Dobben alleges violations of the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA") and the Fair Debt Collection Practices Act (the "FDCPA"). The FDCPA is inapplicable to the Debtors. *Hepler v. Wash. Mut. Bank, F.A.*, C.A. No. CV 07-4804 CAS, 2009 U.S. Dist. LEXIS 33883, at *11-12 (C.D. Cal. April 17, 2009) ("[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are

10

statutorily exempt from liability under the FDCPA.") (internal citations omitted). Similarly, mortgage companies collecting a debt are not debt collectors under the RFDCPA. *Ines v. Countrywide Home Loans Inc.*, No. 08cv1267 WQH, 2008 U.S. Dist. LEXIS 88739, at *6 (S.D. Cal. Nov. 2, 2008). Accordingly, Ms. Dobben's cause of action for violations of the RFDCPA and the FDCPA must fail as a matter of law.

### J. Nineteenth Cause of Action – Violation of Cal. Bus. and Prof. Code § 17200

Ms. Dobben next alleges a violation of the California Business and Professions Code Section 17200. To prove an unfair competition claim under section 17200, Ms. Dobben would have to first prove that the Debtors engaged in an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. and Prof. Code § 17200 (2009). Because Ms. Dobben's unfair competition claim essentially depends on the viability of her underlying claims of misconduct against the Debtors, for the reasons discussed previously, this claim fails.

Ms. Dobben has failed to provide any factual basis that specifies or defines the Debtors' particular role in any unlawful practices. Because she has not established the nature of the Debtors' underlying unlawful conduct, her Unfair Competition claim fails. *See Hepler v. Wash. Mut. Bank, F.A.*, C.A. No. CV 07-4804 CAS, 2009 U.S. Dist. LEXIS 33883, at *10 (C.D. Cal. Apr. 17, 2009) (granting summary judgment for lack of predicate where plaintiffs failed to state a claim for underlying allegations, including TILA and RESPA violations).

Accordingly, Ms. Dobben fails to establish a factually or legally-cognizable claim against any of the Debtors.

K.  **Twentieth, Twenty-First, and Twenty- Second Causes of Action – Violations of the Fair Credit Reporting Act, Unfair Business Practices, and Damage to Credit Reputation and Tortious Interference with Credit Expectancy**

In her Twentieth, Twenty-First, and Twenty-Second Causes of Action, Ms. Dobben alleges the Debtors violated numerous statutes by falsely reporting to credit reporting agencies that her various mortgages had gone into foreclosure. These claims must fail. Ms. Dobben admits that she stopped making payments on her mortgage. (Dobben Dep. 87:20-22, Nov. 20, 2009). Ms. Dobben makes no argument for how the report of foreclosure to the credit reporting agencies could be *false* when she had clearly stopped making the required mortgage payments and a Trustee Sale was undertaken.

Additionally, Ms. Dobben offers no factual evidence that any of the Debtors actually reported anything regarding Ms. Dobben to any credit agency must less anything false.

L.  **Twenty-Third Cause of Action – Violations of Elder Abuse Statutes**

Ms. Dobben alleges a violation of both California and Arizona's Elder Abuse statutes. First, because Ms. Dobben is not a resident of California (Amended Complaint ¶ 4), the California Welfare & Institutions Code is not applicable. Cal. Wel. & Inst. Code § 15610.27 ("Elder" means any person *residing in this state*, 65 years of age or older.) (emphasis added).

Second, the Arizona Elder Abuse Statute provides, "[a] person who is in a position of trust and confidence to a vulnerable adult shall use the vulnerable adult's assets solely for the benefit of the vulnerable adult and not for the benefit of the person who is in the position of trust and confidence to the vulnerable adult or the person's relatives." Ariz. Rev. Stat. § 46-456(A) (2009). Under the statute, a position of trust and confidence is defined as, "(a) A person who has assumed a duty to provide care to the vulnerable adult; (b) A joint tenant or a tenant in common with a vulnerable adult; (c) A person who is in a fiduciary relationship with a

12

vulnerable adult including a *de facto* guardian or *de facto* conservator; (d) A person who is in a confidential relationship with the vulnerable adult...." Ariz. Rev. Stat. § 46-456(I)(4) (2009). Ms. Dobben has failed to plead any facts that would establish that any Debtor was ever in a position of trust and confidence with her, as defined by the statute.

Accordingly, both the California and Arizona elder abuse statutes are inapplicable to Ms. Dobben and she fails to assert a factually or legally-cognizable claim against any of the Debtors.

### M. Twenty Fourth Cause of Action – Breach of Implied Covenant of Good Faith and Fair Dealing

Ms. Dobben alleges that the Debtors violated the Implied Covenant of Good Faith and Fair Dealing. However, she fails to specify facts which constitute a violation of the implied covenant. Ms. Dobben has previously argued that the Debtors breached their implied covenant of good faith and fair dealing through "willfully and maliciously refusing to disclose the true owner of the note and obfuscating information" required by law. (Original Complaint ¶ 284.) In fact, Ms. Dobben has admitted that Debtors provided the complete file to her per her request (Original Complaint ¶ 9), and she has identified the true owner of the loan (Original Complaint ¶¶ 27-28) as a defendant in the Complaint.

Additionally, Ms. Dobben's contentions are directly adverse to one another. On one hand she claims that she does not have any contract with any of the Debtors and then, on the other, claims that the Debtors violated an implied covenant in a contract with her.

Ultimately, Ms Dobben cannot assert a factually or legally-cognizable claim against any of the Debtors.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter summary judgment in their favor, and expunged all claims of Mona Dobben. Alternatively, the Debtors request that the Court enter partial summary judgment that any claim of Mona Dobben would not have any secured or priority status and could only be a general, unsecured, non-priority claim.

                         **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*

Sean M. Beach (No. 4070)
Curtis Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

Dated: December 4, 2009

14