IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket Nos. 8049, 8141 and 8149 |

**DEBTORS' MOTION PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING AND DIRECTING THE FILING UNDER SEAL THE EXHIBITS TO THE DEBTORS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THE CLAIMS OF MONA DOBBEN**

AHM Holdings, a Delaware corporation, and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"), having filed contemporaneously herewith the *Debtors' Trial Brief and Brief in Support on Their Motion for Summary Judgment on the Claims of Mona Dobben* (the "Summary Judgment Brief"),[2] hereby move (the "Seal Motion") for entry of an order, pursuant to section 107(b) and (c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing that the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] True and accurate copies of the complete and unredacted Exhibits to the Motion for Summary Judgment on the Claims of Mona Dobben (as defined below) will be delivered to chambers in accordance with Local Rule 9018-1(b). Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Supplemental Declaration.

Exhibits to the Summary Judgment Brief (the "Exhibits") shall remain under seal and shall not be made available to anyone other than the Court, the Debtors, the claimant, the committee, and the Office of the United States Trustee. In support of the Seal Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 107(b) and (c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

3. By this Seal Motion, the Debtors respectfully request that the Court enter an order authorizing and directing that the Exhibits to the transcript of the deposition of Mona Dobben, which contain sensitive personal, financial and other identifying information such as the Claimant's social security number, home address, and financial statements, be filed under seal and not made publicly available.

**BASIS FOR RELIEF**

4.      Section 107 of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in pertinent part:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosures of such information would create undue risk of identity theft or other unlawful injury to the individual or individual's property:
>
> >  (A) any means of identification . . . contained in a paper filed, or to be filed, in a case under this title . . . .

11 U.S.C. § 107(b) and (c).

5.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107 of the Bankruptcy Code. Local Rule 9018-1 requires that any party seeking to file documents under seal file a motion to that effect. See Del. Bankr. L.R. 9018-1(b).

6.      Unlike the analogous provision in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking to file documents under seal to demonstrate "good cause." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); see Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (citation omitted)). Rather, if the material sought to be protected satisfies one of the categories

identified in § 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27 (emphasis in original).

       7.     Notwithstanding the fact that "good cause" is not a prerequisite, the Debtors submit that good cause exists for the Court to grant the relief requested herein. As noted above, information contained in the Exhibits is sensitive personal, financial information, such as the Claimant's social security number, home address, and financial statements. Public disclosure of such information is unnecessary to a full and fair resolution of the Summary Judgment Brief and merely opens the door for personal and/or financial harm to the Claimant including a significant potential for identity theft.

## **NOTICE**

       8.     Notice of this Motion will be provided to the Office of the United States Trustee for the District of Delaware; counsel for the Official Committee of Unsecured Creditors; the attorney for the Claimant; and those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no other or further notice is necessary under the circumstances.

WHEREFORE, the Debtor respectfully requests that this Court enter an order substantially in the form attached hereto (i) authorizing and directing the filing under seal of the Exhibits; and (ii) granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
December 4, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Curtis Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession