# EXHIBIT 1

## Stipulation

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | ) Chapter 11 |
| ) | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., ) | ) Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.[1] ) | ) |
| ) | ) Jointly Administered |
| Debtors. ) | ) |
| ) | ) **Ref. Docket Nos.: 3720, 5602 & 5181** |
| --------------------------------------------------------------- ) | ) |

### STIPULATION BY AND AMONG THE DEBTORS AND AT&T RESOLVING (I) MOTION OF AT&T REQUESTING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b) AND (II) CLAIM NUMBER 9258 AS IT RELATES TO THE DEBTORS' THIRTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above cases (collectively, the "Debtors"), and AT&T Corp. on behalf of itself and certain of its affiliates, including AT&T Global Services (together, "AT&T" and collectively with the Debtors, the "Parties") hereby agree and stipulate as follows:

### RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, on April 17, 2008, AT&T filed the *Motion of AT&T Requesting Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* (the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

"Administrative Claim Motion") [D.I. 3720] pursuant to which AT&T sought the allowance and immediate payment of an administrative expense claim in the amount of $232,589.70 as a result of alleged post-petition services provided the Debtors.

WHEREAS, on September 8, 2008, the Debtors filed their *Limited Objection to the Motion of AT&T Requesting Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* (the "Objection") [D.I. 5602].

WHEREAS, while a genuine dispute arose as to the validity and amount of the administrative expense claim, the Parties agreed to adjourn the Administrative Claim Motion to allow the Parties to continue discussions in an attempt to reach a consensual resolution.

WHEREAS, on July 18, 2009, the Debtors filed the *Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* (the "Thirteenth Claim Objection") [D.I. 5181], pursuant to which the Debtors sought, among other things, to expunge the AT&T Global Services general unsecured claim in the amount of $241,891.20 ("Claim 9258") on the basis of insufficient documentation attached to the proof of claim.

WHEREAS, AT&T informally responded to the Debtors regarding the Thirteenth Claim Objection and subsequently provided the Debtors with documentation in support of Claim 9258.

WHEREAS, while a genuine dispute arose as to the validity and amount of Claim 9258, the Parties agreed to adjourn the Thirteenth Claim Objection as it related to Claim 9258 to allow the Parties to continue discussions in an attempt to reach a consensual resolution with respect to Claim 9258.

2

WHEREAS, on September 14, 2007, AT&T also filed a general unsecured claim in the amount of $48,759.86 ("Claim 1094") and, on October 2, 2007, filed a general unsecured claim in the amount of $8,477.47 ("Claim 1402").[2]

WHEREAS, the Parties continued in good-faith negotiations to in an attempt to reach a consensual resolution with respect to the Administrative Claim Motion and the Claim 9258.

**IT IS THEREFORE STIPULATED, CONSENTED, AND AGREED** by and between the Parties, as follows:

1. In a connection with the relief sought in the Administrative Claim Motion, AT&T shall have an allowed administrative expense claim against American Home Mortgage Corp. in the amount of $201,083.63.

2. AT&T's Claim 9258 shall be an allowed general unsecured claim against American Home Mortgage Corp. in the amount of $241,891.20.

3. AT&T's Claim 1094 and Claim 1402 shall also be allowed general unsecured claims against American Home Mortgage Corp. in the amount of $48,759.86 and $8,477.47, respectively.

4. AT&T and any of its affiliates shall be prohibited from filing or asserting any further Claim (as such term is defined in section 101(5) of the Bankruptcy Code) arising on or prior to the date hereof against the Debtors except for applicable defenses to claims brought under chapter 5 of the Bankruptcy Code, including claims under section 502(b) of the Bankruptcy Code, and as otherwise provided for in this Stipulation.

---

[2] Claim 1094 and Claim 1402 are not the subject of any objections.

5.  It is acknowledged that each party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

6.  This Stipulation shall become effective upon entry of an order by the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") approving this Stipulation. In the event that the Stipulation is not approved by the Bankruptcy Court, all parties shall revert to their pre-settlement positions. Nothing herein shall be construed as an admission by either party.

7.  The Bankruptcy Court shall retain jurisdiction to interpret, enforce and resolve any disputes arising under or related to this Stipulation. Any motion or application brought before the Court to resolve any dispute arising under or related to this Stipulation shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedures and the Local Rules of the Court.

Dated: December __/__, 2009

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | ARCHER & GREINER PC |
|---|---|
| *(signature)* | *(signature)* |
| Sean M. Beach (No. 4070) | Charles J. Brown, III (No. 3368) |
| Donald J. Bowman, Jr. (No. 4383) | 300 Delaware Avenue |
| Ryan M. Bartley (No. 4985) | Suite 1370 |
| The Brandywine Building | Wilmington, DE 19801 |
| 1000 West Street, 17th Floor | Telephone: (302) 777-4350 |
| Wilmington, Delaware 19801 | Facsimile: (302) 777-4352 |
| Telephone: (302) 571-6600 | |
| Facsimile: (302) 571-1253 | -and- |
| | |
| Counsel for Debtors and Debtors in Possession | LOWENSTEIN SANDLER PC |
| | Vincent A. D'Agostino, Esquire |
| | Joseph A. Becht, Jr., Esquire |
| | 65 Livingston Avenue |
| | Roseland, New Jersey 07068 |
| | Tele: (973)-597-2500 |
| | Fax: (973)-597-2400 |
| | |
| | Counsel for AT&T |