UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
In re:                                                                   Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC.,           Case No. 07-11047 (CSS)
a Delaware corporation, *et al.*,[1]                      (Jointly Administered)

                                  Debtors.            **Re:  Docket No. 8362**
---------------------------------------------------------------------x

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE MOTION OF DEBTORS FOR ORDER AUTHORIZING
PAYMENT OF PREPETITION SALES AND USE TAXES**

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel Hahn & Hessen LLP and Blank Rome LLP, hereby files this limited objection (the "*Objection*") to the *Motion of Debtors for Order Authorizing Payment of Prepetition Sales and Use Taxes* (the "*Motion*") [Docket No. 8362], and in support thereof respectfully states as follows:

### BACKGROUND

1.      On August 6, 2007 (the "*Petition Date*"), the Debtors made their initial request for the authority to pay certain prepetition taxes (the "*Initial Request*") [Docket No. 6].  The Initial Request was premised on avoiding a material adverse impact on the Debtors' ability to operate in the ordinary course arising from an impairment of the Debtors' ability to conduct

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

128189.01600/40185475v.1

business in particular jurisdictions and diverting their directors' and officers' attention from business operations and these chapter 11 cases.  *See* Initial Request, ¶ 19.

2. On or about August 7, this Court entered a first day sales and use tax order (the "*First Day Sales and Use Tax Order*") [Docket No. 62] authorizing, but not directing, the payment of prepetition taxes in an amount not to exceed $150,000.

3. On August 15, 2008, the Debtors filed their *Chapter 11 Plan of Liquidation of the Debtors* [Docket No. 5450] (as amended, the "*Plan*").  This Court entered an order confirming the Plan on February 23, 2009, but the Plan is not yet effective.

4. Postpetition, the NY Taxing Authority[2] conducted an audit of the Debtors' taxes, and concluded that the Debtors owe an additional $301,313.89 in outstanding taxes and interest. Based on that conclusion, the NY Taxing Authority issued a tax warrant against the Debtors' former director Michael Strauss seeking immediate payment of that portion of the outstanding NYS Taxes for which Mr. Strauss can be held personally liable.

5. By the Motion, the Debtors seek authority to pay the prepetition NYS Taxes owing to the NY Taxing Authority in an aggregate amount of up to $325,000, which amount is in addition to the $150,000 approved in the First Day Sales and Use Tax Order, and related relief.

## LIMITED OBJECTION

6. While the Committee does not object to the payment of the NYS Taxes, provided that the NYS Taxes represent a valid claim against the Debtors' estates in both amount and priority, the Committee asserts that there is no justification for the immediate payment of the NYS Taxes as neither the Plan, nor the Bankruptcy Code, require that payment be made prior to

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

128189.01600/40185475v.1

the Effective Date (as defined in the Plan) and objects to any payment of the NYS Taxes outside of the Plan.

7. At best, the NYS Taxing Authority possesses a priority tax claim that will be paid shortly after the Effective Date. The bases warranting immediate payment of the NYS Taxes as set forth in the Initial Request no longer exist. Requiring the NY Taxing Authority to wait along with other similarly-situated creditors will not have an adverse impact on the Debtors' ability to conduct business as such operations, and the management and oversight thereof by the Debtors' directors, have long since ceased. The funds that the NY Taxing Authority seek to have immediately disbursed should be preserved and directed toward bringing about the effectiveness of the Plan which, by comparison, would result in a substantially greater savings to the Debtors' estate than any potential cost associated with requiring the NY Taxing Authority wait for its Effective Date distribution like similarly-situated creditors.

8. Furthermore, the NY Taxing Authority's leverage against Mr. Strauss is nothing more than an inappropriate attempt to compel the Debtors to enhance the NY Taxing Authority's right to payment on its claim over that of its fellow creditors. In fact, not only is the NY Taxing Authority seeking to be treated better than other priority claims, it is actually seeking to have its right to payment placed ahead of administrative claims that would otherwise be ahead of the priority tax claims. This Court should not countenance such gamesmanship. Any distribution on account of the NYS Taxes should be made pursuant to the Plan and contemporaneously with distributions to the other creditors holding claims within the same class as the NYS Taxes.

**WHEREFORE**, the Committee respectfully requests that the Court sustain the Objection, deny the Motion pending distributions pursuant to the Plan, and grant such other and further relief as it deems just and proper.

- 4 -

Dated:  Wilmington, Delaware
          December 10, 2009

**BLANK ROME LLP**

By:  */s/ Victoria Guilfoyle*
      Bonnie Glantz Fatell (#3809)
      David W. Carickhoff (#3715)
      Victoria A. Guilfoyle (#5183)
      1201 Market Street, Suite 800
      Wilmington, Delaware  19801
      (302) 425-6400 - Telephone
      (302) 425-6464 - Facsimile

- and -

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn:   Mark S. Indelicato
        Edward L. Schnitzer
        Jeffrey Zawadzki

*Co-Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., et al.*