## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, [1]

                       Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

**Hearing Date: January 12, 2010 @ 9:00 a.m.**
**Objection Deadline: January 4, 2009 @ 4:00 p.m.**

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FOURTH OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS WITH CERTAIN PREFERENCE DEFENDANTS AND LIMITING NOTICE THEREOF

The Official Committee of Unsecured Creditors (the "*Committee*") of the above-captioned debtors and debtors-in-possession (the "*Debtors*"), by and through its undersigned counsel, pursuant to section 105 of Title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), moves (the "*Motion*") for an order approving settlements with certain preference and potential preference defendants and limiting notice thereof.   In support of the Motion, the Committee respectfully represents as follows:

### JURISDICTION

1.    This Court has jurisdiction over these Cases (as hereinafter defined) and this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for relief sought herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

2.       On August 6, 2007 (the "*Petition Date*"), the Debtors commenced their chapter 11 cases (the "*Cases*") by filing voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*").  No trustee or examiner has been appointed in these Cases.  Although the Debtors have remained in possession of their properties and the management of their businesses pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, they have ceased doing business as a going concern, liquidating substantially all of their operating assets and are in the process of liquidating their remaining assets.

3.       On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, consisting of seven of the Debtors' largest unsecured creditors. Thereafter on November 28, 2007, the Committee selected Blank Rome LLP and Hahn & Hessen LLP as co-counsel to the Committee.

4.       On August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*").  On February 23, 2009, this Court entered an order confirming the Plan, but the Plan has not yet become effective.

## THE AVOIDANCE CLAIMS

5.       On July 8, 2009, this Court entered an order approving a stipulation between the Committee and the Debtors which, *inter alia*, appointed the Committee as representative of the Debtors' estates for the purpose of investigating, pursuing, prosecuting, and

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.,; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

128189.01600/40185512v.1

if appropriate, compromising and settling any and all causes of action arising under chapter 5 of the Bankruptcy Code (collectively, the "*Avoidance Claims*") subject to approval of this Court.

6.      On August 10, 2009, this Court entered an order (effective as of July 1, 2009) authorizing the Committee, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1(a), to retain and employ The Receivable Management Services Corporation ("*RMS*") as its agent with respect to the Avoidance Claims.

7.      To maximize the value of the Debtors' bankruptcy estates for the benefit of the estates' creditors, RMS, on behalf of the Committee, sent demand letters on or about July 8, 2009 to approximately 500 entities (collectively, the "*Preference Entities*") that had received payments from the Debtors within 90 days prior to the Petition Date and for which the Committee believed there was a basis to seek the return of those transfers.  Subsequent to the delivery of those demand letters, the Committee initiated adversary proceedings against approximately 250 of the Preference Entities.

## THE SETTLEMENTS

8.      On or about September 18, 2009, the Committee filed its First Omnibus Motion for an Order Approving Settlements with Certain Preference Defendants and limiting notice thereof. [D.I. 8079] (the "*First Omnibus 9019*") seeking the approval of settlements with seventeen (17) preference transferees.  On October 13, 2009, this Court entered an order [D.I. 8170] approving the First Omnibus 9019.

9.      On or about October 15, 2009, the Committee filed its Second Omnibus Motion for an Order Approving Settlements with Certain Preference Defendants and limiting notice thereof. [D.I. 8190] (the "*Second Omnibus 9019*") seeking the approval of settlements

with nineteen (19) additional preference transferees.  On November 13, 2009, this Court entered

an order [D.I. 8295] approving the Second Omnibus 9019.

          10.     On or about November 16, 2009, the Committee filed its Third Omnibus

Motion for an Order Approving Settlements with Certain Preference Defendants and limiting

notice thereof. [D.I. 8305] (the "*Third Omnibus 9019*") seeking the approval of settlements with

twenty (20) additional preference transferees.  The Third Omnibus 9019 is scheduled to be heard

by this Court on December 14, 2009.

          11.     The Committee has resolved Avoidance Claims with fourteen (14)

additional preference and potential preference defendants (collectively, the "*Preference

Defendants*").  By this Motion, the Committee seeks approval of those settlements (collectively,

the "*Settlements*").  The breakdown of the transfers received by the Preference Defendants and

the agreed upon settlement amounts are as follows:

| Preference Defendant | Total Preference Payments | Settlement Amount |
|---|---|---|
| BRADLEY MARKETING GROUP | $ 33,924.74 | $ 2,500.00 |
| COLLIERS MEREDITH & GREW | $ 39,915.00 | $ 21,000.00 |
| COLUMBIA PROPERTIES MELVILLE, LLC d/b/a MARRIOTT MELVILLE | $ 130,236.62 | $ 15,000.00 |
| FIRST NEBRASKA TITLE | $ 11,000.00 | $ 5,735.00 |
| LEHR CONSTRUCTION CORP | $ 34,276.00 | $ 5,000.00 |
| MCKEE NELSON LLP | $ 102,323.86 | $ 60,000.00 |
| MGIC INVESTOR SERVICE CORP | $ 350,416.78 | $ 35,000.00 |
| MORTGAGE SUCCESS SOURCE LLC D/B/A MORTGAGE MARKET GUIDE | $ 64,905.00 | $ 12,000.00 |
| OAKWOOD CORPORATE HOUSING | $ 173,873.80 | $ 18,000.00 |
| REGENT'S SQUARE | $ 84,565.94 | $ 10,000.00 |
| SHPS, INC. | $ 90,073.60 | $ 70,000.00 |
| TEK SYSTEMS | $ 64,786.00 | $ 4,500.00 |
| TOWN PARK COMMONS | $ 42,632.20 | $ 1,691.53 |

128189.01600/40185512v.1

| | | | |
|---|---|---|---|
| WYMAN STREET ADVISORS | $  79,830.00 | $ | 39,915.00 |
| **Total** | **$  1,302,759.54** | **$** | **300,341.53** |

Copies of the applicable settlement agreements (collectively, the "*Settlements*") are attached hereto as *Exhibit A*.

**RELIEF REQUESTED**

12.    By this Motion, the Committee requests the entry of an Order, substantially in the form attached hereto as *Exhibit B*, approving the Settlements pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**A.    Legal Standard**

13.    Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

14.    "[C]ompromises are favored in bankruptcy" in order to minimize litigation and expedite the administration of a bankruptcy estate.  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Coram Healthcare, Inc.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004).  Pursuant to Bankruptcy Rule 9019, "the authority to approve a compromise settlement is within the sound discretion of the bankruptcy court."  *In re Key3Media Group, Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005); *see also In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  When exercising such discretion, the bankruptcy court must determine whether the compromise is "fair, reasonable, and in the best interests [sic] of the estate."  *In re Key3Media Group*, 336 B.R. at 92; *see also In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Louise's, Inc.*, 211

B.R. at 801.  In making that determination, the bankruptcy court need not find that the proposed settlement is the best possible compromise.  *In re Key3Media Group*, 336 B.R. at 93-94.  Rather, the settlement should be approved as long as it "falls within the reasonable range of litigation possibilities." *Coram*, 315 B.R. at 330; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983) (same).  The bankruptcy court is also not required to consider the information necessary to resolve the factual dispute, nor is it necessary for the bankruptcy court to "conclusively determine claims subject to a compromise." *In re Key3Media Group*, 336 B.R. at 92.

15.    Courts consider the following four factors to determine whether a settlement is in the best interests of the estate: (1) the probability of success in litigation; (2) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attendant to litigation; (3) the difficulties, if any, to be encountered in the matter of collection; and (4) the paramount interest of the creditors and a proper deference to their reasonable opinions.  *See, e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

**B.    The Settlement are in the Best Interests of the Debtors and their Estates**

16.    The Settlements should be approved because under the applicable standards, the Settlements are fair and reasonable and in the best interests of the Debtors' estates and their creditors.

17.    The Settlements call for total payments to the estates of $300,341.53 by the fourteen Preference Defendants, who collectively received transfers totaling $1,302,759.54. The terms of the Settlements represent reasonable resolutions of the Avoidance Claims against

each Preference Defendant.  In arriving at those settlements, the Committee has considered each

Preference Defendant's defenses under sections 547(c) of the Bankruptcy Code, as well as the

fact that the costs of litigating the Avoidance Claims against the Preference Defendants are likely

to substantially reduce the amount recoverable by the Debtors against the Preference Defendants

for the benefit of the Debtors' creditors given the amount of the transfers at issue.  The terms of

the Settlements provide for current total payments to the Debtors of $300,341.53, which is a

significant economic benefit and approaches the amount which the Committee would likely

recover through litigation while avoiding the expense, delay and uncertainty of litigated

resolutions.

18.    Taken as a whole, the Settlements fall well above the lowest point of

reasonableness that this Court requires and, in the judgment of the Committee, is in the best

interests of the estates and their creditors.  Accordingly, the Settlements should be approved.

## NOTICE

19.    Bankruptcy Rule 2002(a)(3) and Rule 2002-1(b) of the Local Rules of the

United States Bankruptcy Court for the District of Delaware (the "*Local Rules*") govern Notice

of the Motion.

20.    Bankruptcy Rule 2002(a)(3) requires all creditors to be given at least 20-

day notice of "the hearing on approval of a compromise or settlement of a controversy unless the

court for cause shown directs that the notice be not sent…"  Fed. R. Bankr. P. 2002(a)(3).

However, Local Rule 2002-1(b) provides in pertinent part that:

> In cases under chapter 11, all motions (except matters specified in
> Fed. R. Bankr. P. 2002(a)(1), (4), (5), (7) 2002(b) and 2002(f) and
> Local Rules 4001-1 and 9013-2) shall be served only upon counsel
> for the debtor, the United States Trustee, counsel for all official
> Trustees, all parties who file a request for service of notices

7

pursuant to FED. R. BANKR. P. 2002(i), and all parties whose rights are affected by the motion.

Del. Bankr. L.R. 2002-1(b).

21.     Consistent with Local Rule 2002-1(b), the Committee has provided a copy of this Motion to (i) the United States Trustee for the District of Delaware; (ii) the Preference Defendants or their counsel; and (iii) all parties which have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee submits that no other or further notice need be given.

22.     No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests this Court to: (i) enter an order, substantially in the form attached hereto as Exhibit B, approving, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlements with each of the Preference Defendants; and (ii) grant such other and further relief as may be just and proper.

Dated:   Wilmington, Delaware
         December 11, 2009

                              **BLANK ROME LLP**

                              _____/s/ Victoria Guilfoyle_____
                              Bonnie Glantz Fatell (No. 3809)
                              David W. Carickhoff (No. 3715)
                              Victoria Guilfoyle (No. 5183)
                              1201 Market Street, Suite 800
                              Wilmington, Delaware 19801
                              Telephone:  (302) 425-6400
                              Facsimile:  (302) 425-6464

                              -and-

128189.01600/40185512v.1

**HAHN & HESSEN LLP**
Mark S. Indelicato, Esq.
Edward L. Schnitzer, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel for the Committee*