IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
      Debtors.                                                   :
                                                                 :   Response Deadline: January 5, 2010 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: January 12, 2010 at 9:00 a.m. (ET)
---------------------------------------------------------------- x

## DEBTORS' FORTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C, D, E, F, G, and H to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reassigning, reclassifying and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Forty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reassigning, reclassifying and/or otherwise

modifying the Disputed Claims listed in Exhibits A, B, C, D, E, F, G, and H to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A. No Liability Claims

10. After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Moreover, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

### B. Multiple Debtor Claim

11. The claimant asserting the claim listed on Exhibit B to the Proposed Order (the "Multiple Debtor Claim") filed identical claims against multiple Debtors. After a review of their books and records, the Debtors have determined that the claim listed under the column titled "Objectionable Claims" in Exhibit B was filed against the wrong Debtor. As indicated in the comment section on Exhibit B, this claimant has a surviving claim filed against the correct Debtor. The Debtors believe that it was not the intention of the claimant asserting the Multiple Debtor Claim to seek a double recovery against the Debtors' estates. Rather, the claimant may not have known which Debtor to assert its claim against and therefore filed multiple claims against multiple Debtors. Regardless of the claimant's reason for filing the Multiple Debtor

Claim, only one claim against the appropriate Debtor entity should be allowed for such claimant, and any failure to disallow the Multiple Debtor Claim would result in the claimant receiving an unwarranted double recovery against the Debtors' estates.

12.   Accordingly, the Debtors hereby object to the Multiple Debtor Claim and request the Court to enter an order disallowing in full and expunging this claim, as provided for on Exhibit B to the Proposed Order.

C.   **Modified Amount Claim**

13.   The Debtors have reconciled the claim identified in Exhibit C to the Proposed Order (the "Modified Amount Claim") against their books and records. The claimant asserting the Modified Amount Claim asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amount of the Modified Amount Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit C should be modified by reducing and/or fixing the amount to the dollar value listed under the column titled "Modified Amount" in Exhibit C. The Debtors believe Exhibit C contains the appropriate amount of liability for the Modified Amount Claim. Failure to modify the Modified Amount Claim as set forth herein will result in the claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Claim and request entry of an order reducing and/or fixing the value of the Modified Amount Claim as set forth in Exhibit C.

D.   **Modified Amount Reclassified Claims**

14.   The claimants asserting the claims identified in Exhibit D to the Proposed Order (the "Modified Amount Reclassified Claims") either asserted that all or a portion of their claims is entitled to secured status or failed to indicate a priority level. After reconciling the

Modified Amount Reclassified Claims against their books and records, the Debtors have determined that the secured status and/or priority level of these claims should be adjusted or fixed, as applicable. Despite the applicable claimant's assertions regarding classifications, no basis for secured status exists since the claimant holds a security deposit equal to the amount of the secured portion of its claim. With respect to the other claimant listed on <u>Exhibit D</u>, this claimant failed to indicate a priority level for her claim for unpaid vacation pay, which is entitled to unsecured priority status. Based on the foregoing, the Debtors believe that the Modified Amount Reclassified Claims should be reclassified as indicated in the "Modified Amount" column in <u>Exhibit D</u>.

15.     Additionally, the claimants asserting Modified Amount Reclassified Claims either asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records or failed to assert a specific amount. Consequently, the Debtors believe the amount of the Modified Amount Reclassified Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claims" in <u>Exhibit D</u> should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in <u>Exhibit D</u>. Failure to modify and reclassify the Modified Amount Reclassified Claims as set forth in <u>Exhibit D</u> will result in the applicable claimant receiving undue priority or secured status and an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Claims and request entry of an order reclassifying and modifying by reducing or fixing the value of such claims as provided for on <u>Exhibit D</u> to the Proposed Order.

### E. Reclassified Wrong Debtor Claims

16. The claimants asserting the claims identified in <u>Exhibit E</u> to the Proposed Order (the "Reclassified Wrong Debtor Claims") asserted that theirs claims are entitled to priority status. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that no basis for priority exists under the Bankruptcy Code. Additionally, a review of the applicable proofs of claim indicates that the claimants asserting the Reclassified Wrong Debtors Claims failed to list any Debtor in their claims. After reviewing their books and records, the Debtors believe they have determined which Debtor the Reclassified Wrong Debtors Claims should have been filed against and have listed a new case number for each of the Reclassified Wrong Debtors Claims under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimants asserting the Reclassified Wrong Debtors Claims intended to file such claims under the respective New Case Number.

17. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claims should be reclassified to the priority level indicated in <u>Exhibit E</u> and reassigned to the New Case Number as indicated in <u>Exhibit E</u>. Failure to reclassify the Reclassified Wrong Debtors Claims would allow the claimants to recover at an undue level of priority against the wrong Debtor entity. Therefore, to correct the claims register, the Debtors hereby object to the Reclassified Wrong Debtor Claims and request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claims as indicated in <u>Exhibit E</u>.

### F. Modified Amount Wrong Debtor Claim

18. Similar to the Modified Amount Claim, the Debtors have reconciled the claim identified in <u>Exhibit F</u> to the Proposed Order (the "Modified Amount Wrong Debtor Claim") against their books and records. The claimant asserting the Modified Amount Wrong Debtor Claim asserted an amount that was higher than the amount of liability reflected in the

Debtors' books and records. Additionally, the Debtors' books and records indicate that the claimant asserting the Modified Amount Wrong Debtor Claim asserted its claim against the wrong Debtor. The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claim should be (i) modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit F, and (ii) reassigned to the case number listed under the column titled "New Case Number" in Exhibit F. Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claim and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claim as indicated in Exhibit F.

### G.     Modified Amount, Reclassified, Wrong Debtor Claim

19. The claimant asserting the claim identified in Exhibit G to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claim") asserted that all or a portion of such claim is entitled to secured status. After reconciling the Modified Amount Reclassified Wrong Debtor Claim against their books and records, the Debtors have determined that the priority level of that claim should be adjusted. Despite the claimant's assertions regarding classifications, no basis for secured status exists under the applicable sections of the Bankruptcy Code. Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor Claim should be reclassified as indicated in the "Modified Amount" column in Exhibit G.

20. Additionally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amount of the Modified Amount Reclassified Wrong Debtor Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit

G should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit G.

21. Finally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim failed to list any Debtor on its proof of claim form. After reviewing their books and records, the Debtors believe they have determined which Debtor the Modified Amount Reclassified Wrong Debtor Claim should have been filed against and have listed a new case number for such claim under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim intended to file such claim under the New Case Number. Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor Claim should be reassigned to the New Case Number as indicated in Exhibit G.

22. Failure to modify, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claim as set forth herein will result in the claimant receiving undue priority or status and an unwarranted recovery against the wrong Debtor entity to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Wrong Debtor Claim and request entry of an order reclassifying, reassigning, and reducing the value of the Modified Amount Reclassified Wrong Debtor Claim as set forth in Exhibit G.

**H.    Insufficient Documentation Claim**

23. The claim listed in Exhibit H to the Proposed Order (the "Insufficient Documentation Claim") was submitted without sufficient alleged facts or documentation to support the alleged claim. The Insufficient Documentation Claim has some documentation attached, but such documentation is not adequate to allow the Debtors to determine the validity and amount of the claim. To comply with the requirements for filing a claim, "a claimant must

allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

24. As noted above, the claimant asserting the Insufficient Documentation Claim failed to allege facts sufficient or attach documentation sufficient to determine the validity and amount of such claim. Therefore its claim is not *prima facie* valid. See in re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claim is not *prima facie* valid, the Debtors hereby object to this claim and request the Court to enter an order disallowing in full and expunging the Insufficient Documentation Claim identified on Exhibit H to the Proposed Order.

## RESERVATION OF RIGHTS

25. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

26. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; (iv) counsel for the Official Committee of Borrowers; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: December 11, 2009
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Sean M. Beach*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x
In re:                                                            :   Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                            :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                :
                                                                  :   Jointly Administered
        Debtors.                                                  :
----------------------------------------------------------------- x

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' FORTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.  I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Forty-Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.  Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims," "Multiple Debtor Claim," "Modified Amount Claim," "Modified Amount Reclassified Claims," "Reclassified Wrong Debtor Claims," "Modified Amount Wrong Debtor Claim," "Modified Amount Reclassified Wrong Debtor Claim," and "Insufficient Documentation Claim," as defined in the Objection and identified on Exhibits A, B, C, D, E, F, G, and H to the Proposed Order, respectively.

3. The information contained in Exhibits A, B, C, D, E, F, G, and H to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed the No Liability Claims, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

5. The Debtors have reviewed the claims docket as well as their books and records and determined that the claimant asserting the Multiple Debtor Claim identified on Exhibit B to the Proposed Order filed identical claims against multiple Debtors. The Debtors have determined that this claim is duplicative of another claim that was filed by the claimant against the correct Debtor entity. The Debtors therefore seek to expunge and disallow in full the Multiple Debtor Claim.

6. The Debtors have reviewed the Modified Amount Claim, related supporting documentation and the Debtors' own books and records and determined that the claim identified in Exhibit C to the Proposed order should be modified to the amount listed in Exhibit C. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Debtors seek to reduce the Modified Amount Claim.

2

7. The Debtors have reviewed the Modified Amount Reclassified Claims, related supporting documentation and the Debtors' own books and records and determined that the claims identified on Exhibit D to the Proposed Order should be modified and reclassified as provided for therein in order to correctly classify such claims and to prevent the claimants from receiving an unwarranted recovery to the detriment of other creditors of the Debtors' estates. As a result, the Debtors seek to both modify and reclassify the Modified Amount Reclassified Claims as set forth in Exhibit D to the Proposed Order.

8. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit E to the Proposed Order should be reclassified to different priority levels and reassigned to new case numbers as indicated in Exhibit E. Accordingly, to prevent the claimants from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to reclassify and reassign the Reclassified Wrong Debtors Claims.

9. The Debtors have reviewed their books and records and determined that the claim identified in Exhibit F to the Proposed Order should be modified to the amount listed in Exhibit F and reassigned to the new case number listed in Exhibit F. Accordingly, to prevent the claimant from receiving an unwarranted recovery against the wrong Debtor, the Debtors seek to reassign and modify by reducing the Modified Amount Wrong Debtor Claim.

10. The Debtors have reviewed their books and records and determined that the claim identified in Exhibit G to the Proposed Order should be modified to the amount listed in Exhibit G, reclassified to the priority level listed in Exhibit G, and reassigned to the new case number listed in Exhibit G. Accordingly, to prevent the claimant from receiving an unwarranted recovery and undue priority against the wrong Debtor, the Debtors seek to expunge and disallow in part, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claim.

11. The Debtors have further determined based upon a review of the claims docket and the claim identified on <u>Exhibit H</u> to the Proposed Order that such claim was filed without sufficient supporting documentation and/or failed to allege facts sufficient to support either the validity of the claim itself or the amount claimed. Moreover, the Debtors have made reasonable efforts to reconcile the Insufficient Documentation Claim against their books and records and believe such claim does not provide *prima facie* evidence of the validity and amount of the claim. Consequently, the Debtors seek to expunge and disallow in full the Insufficient Documentation Claim listed in <u>Exhibit H</u>.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 11, 2009

_____
Eileen Wanerka
Assistant Vice President