# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------x

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*, | Adv. Proc. Nos. [See Attached Exhibit A] (CSS) |
| Plaintiff, | |
| - against - | |
| [SEE ATTACHED EXHIBIT A], | |
| Defendants. | |

------------------------------------------------------------x

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED THAT:**

1. The above-captioned plaintiff (the "Plaintiff") and defendants (each a "Defendant" and, together with Plaintiff, the "Parties") shall complete the discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, by no later than January 22, 2010.

2. The Parties shall exchange their initial disclosures under Fed. R. Civ. P. 26(a)(1), made applicable by Fed. R. Bankr. P. 7026, by no later than February 26, 2010.

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

3. Written fact discovery (i.e., requests for the production of documents, interrogatories and requests for admission) may be served from and after March 1, 2010. Fact depositions may be noticed for a date on or after May 28, 2010. All fact discovery shall be noticed so as to be concluded by October 15, 2010.

4. Mediation shall be conducted pursuant to the Court's General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004 (as amended by general order entered on April 11, 2005) and as provided herein. On or prior to May 14, 2010, the Parties shall file a stipulation regarding appointment of a mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding. All mediations shall be concluded by September 10, 2010.

5. Any expert report required pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtors, by November 19, 2010. If any Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by November 19, 2010. Any Parties' expert report intended to rebut any other expert report, shall be provided by December 17, 2010. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by February 25, 2011.

6. All dispositive motions shall be filed and served by March 25, 2011, and shall be subject to Rule 7007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

7. The Court will hold a final status conference on a date to be determined at which time the Court will consider (among other things) setting a trial date(s) for these proceedings.

8. The Parties shall comply with the General Order Re: Pretrial Procedures in Adversary Proceedings Set for Trial before Judge Christopher S. Sontchi.

9. Plaintiff shall file a status report every sixty (60) days after the date of this scheduling order, and thirty (30), twenty (20) and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of any scheduled trial.

10. Deadlines contained in this Scheduling Order may be modified either by written consent of the Parties without further order of the Court or by the Court for good cause shown.

11. Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: December 14, 2009
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE