# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ---------------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, | : | Jointly Administered |
| | : | |
| | : | |
| Debtors. | : | **Docket Ref. No. 8101, 8226** |
| | : | |
| ---------------------------------------------------------------- x | | |

**AGREED ORDER GRANTING PARK NATIONAL BANK**
**RELIEF FROM THE AUTOMATIC STAY**

This Agreed Order (the "<u>Agreed Order</u>") is made by and among American Home Mortgage Corp. ("<u>AHM Corp.</u>"), one of the debtors and debtors in possession in the above-captioned cases (together with AHM Corp., the "<u>Debtors</u>"), and Park National Bank ("<u>Park National</u>"):

WHEREAS, on August 6, 2007 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors have continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 28, 2009, Park National filed a motion [D.I. 8101] (the "<u>Motion</u>") requesting relief from the automatic stay provisions of section 362 of the Bankruptcy Code in order to enforce its rights against certain real property located at 950 North Elmhurst Road/150 West Rand Road, Mount Prospect, Illinois (the "<u>Property</u>") serving as collateral for a debt owed by AHM Corp. to Park National;

WHEREAS, on October 28, 2009, the Debtors filed a limited objection [D.I. 8226] (the "Objection") to the Motion and requested the allowance and payment of a claim pursuant to section 506(c) of the Bankruptcy Code in the amount of $274,920.36 against the Property or Park National (as defined in the Objection, the "Section 506(c) Claim"); and

WHEREAS, the Debtors and Park National have agreed to resolve the Motion and Objection solely with respect to the requested relief from stay pursuant to the provisions of this Agreed Order;

**ACCORDINGLY, UPON DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR IT IS HEREBY AGREED AND ORDERED:**

1. The Motion is granted to the extent set forth herein.

2. The automatic stay provisions of section 362 of the Bankruptcy Code are hereby modified solely for the purpose of allowing Park National to protect its interest in the Property, including, without limitation, the commencement and prosecution of a mortgage foreclosure action through and including final judgment and foreclosure sale.

3. Effective as of the date of the entry of this Agreed Order, the Debtors shall be relieved of and have no further obligations to protect or maintain the Property or expend any funds, maintain insurance, or otherwise incur any costs or expenses in connection with or related to the Property.  In the event the Debtors expend any funds or incur any obligations in connection with, arising from or related to the Property from and after the date of the entry of this Agreed Order, Park National shall reimburse the Debtors for the expenditure of such funds and/or costs within three (3) business days of the presentment of an invoice to Park National's counsel; provided, however, the Debtors shall obtain Park National's prior written approval of any such expenditures, which prior written approval shall not be unreasonably withheld.

4. Nothing in this Agreed Order shall prejudice, modify, waive, limit, or otherwise affect in any way any claim or claims that the Debtors may have against Park National or the Property pursuant to section 506(c) of the Bankruptcy Code, including the Section 506(c) Claim.

5. No acts of dominion Park National takes over the Property as a result of the limited modification of the automatic stay, including, but not limited to taking possession of and/or transferring the Property, shall prejudice, modify, waive, limit, or otherwise affect in any way any claim or claims that the Debtors may have against Park National or the Property pursuant to section 506(c) of the Bankruptcy Code, including the Section 506(c) Claim.

6. Until further Order of this Court concerning the Section 506(c) Claim, if Park National sells or otherwise transfers the Property, including but not limited to a foreclosure sale in which Park National receives any funds, Park National shall place the sum of $274,920.36, or such lesser amount in the event Park National receives less than $274,920.36 in cash as a result of such sale or transfer, into an escrow account at a financial institution mutually agreed to between the Debtors and Park National.  The costs of such escrow account shall be sole obligation of Park National.

7. Other than as set forth in the paragraphs above, all protections afforded by section 362 of the Bankruptcy Code shall remain in full force and effect.

8. Notwithstanding Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (and as provided by Rule 7062 of the Federal Rules of Bankruptcy Procedure, to the extent applicable) or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, this Order shall be effective and enforceable immediately upon entry.

9. The Debtors' right to seek to re-impose the automatic stay for all purposes upon appropriate notice and an opportunity to be heard is preserved.

10. This Court shall, and hereby does, retain jurisdiction over any matter concerning, or in any way relating to, the Motion, the Objection, or this Agreed Order.

Dated: December ____, 2009

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**AGREED:**

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | WOMBLE CARLYLE SANDRIDGE & RICE, PLLC |
|---|---|
| */s/ Sean M. Beach* | */s/ Michael G. Busenkell* |
| Sean M. Beach (No. 4070) | Michael G. Busenkell (No. 3933) |
| Sharon M. Zieg (No. 4196) | 222 Delaware Avenue, Suite 1501 |
| Matthew B. Lunn (No. 4119) | Wilmington, Delaware 19801 |
| Justin H. Rucki (No. 5304) | Telephone: (302) 252-4324 |
| The Brandywine Building | |
| 1000 West Street, 17th Floor | and |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 571-6600 | ARONAUER, RE & YUDELL, LLP |
| Facsimile: (302) 571-1253 | Joseph Aronauer, admitted Pro Hac Vice |
| | 444 Madison Avenue, 17th Floor |
| Counsel for the Debtors and | New York, New York 10022 |
| Debtors in Possession | Telephone: (212) 755-6000 |
| | |
| | Counsel for Park National Bank |