# EXHIBIT "A"

## MEMORANDUM OF UNDERSTANDING, SETTLEMENT AGREEMENT, GENERAL RELEASE AND OPTION AGREEMENT TO PURCHASE REAL ESTATE

WHEREAS, James D. Rucker and Lorena I. Rucker ("Mr. Rucker" and Mrs. Rucker," individually, and the "Ruckers," collectively) were construction loan borrowers relating to real estate known as 336 Bodega Court, El Dorado Hills, California 95762 (the "Real Estate");

WHEREAS, the Ruckers' lender was American Home Mortgage ("AHM");

WHEREAS, Mr. Rucker filed a proof of claim in the amount of $3,037,153.36 in the bankruptcy case of American Home Mortgage Holdings, Inc. ("Proof of Claim");

WHEREAS, Mr. Rucker filed an adversary proceeding against American Home Mortgage Holdings, Inc., *et al.*, in the United States Bankruptcy Court for the District of Delaware assigned Adv. Proc. No. 09-52281 (CSS)(the "Adversary Proceeding");

WHEREAS, the Real Estate is currently held as a real-estate owned ("REO") property by AHM (or its wholly-owned subsidiary and/or affiliate);

WHEREAS, the parties are desirous of resolving all of their disputes and affording the Ruckers an opportunity to acquire the Real Estate;

NOW, THEREFORE, the parties agree as follows:

1. All recitals set forth above are expressly incorporated herein by reference.

2. Immediately upon execution of this Agreement, the Ruckers shall be deemed to have released, exonerated and otherwise discharged any and all claims, demands, causes of action, Proof of Claim, or any claim of right, title or interest in the Real Estate (except as specifically provided for herein) as to AHM and any of its affiliates, subsidiaries, agents, attorneys, officers or directors ("Released Claims") whether such Released Claim are accrued or unaccrued, now existing or hereinafter acquired or present or future.

3. Ruckers shall have an option[1] to purchase the Real Estate from AHM for the sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00) provided such closing shall occur, and net proceeds distributed to AHM, on or before January 31, 2010;

4. In the event that the Ruckers do not exercise and complete the exercise of the option to purchase the Real Estate on or before January 31, 2010, the Ruckers shall have the option to purchase the Real Estate from AHM for the sum of One Hundred Thirty Thousand Dollars ($130,000.00) provided such closing shall occur, and net proceeds distributed to AHM, on or before February 28, 2010;

5. In the event that the Ruckers do not exercise and complete the exercise of the option to purchase the Real Estate on or before February 28, 2010, the Ruckers may purchase a 60-day extension of the option to purchase the Real Estate by payment of the sum of Seven Thousand Five Hundred Dollars ($7,500.00) in certified funds that must be received by AHM on or before February 28, 2010 with written notification that the Ruckers desire to purchase the 60-day extension. Upon timely exercise of this right to extend the option period for 60-days, the Ruckers shall have the option to purchase the Real Estate from AHM for the sum of One Hundred Thirty Thousand Dollars ($130,000.00) provided such closing shall occur, and net proceeds distributed to AHM within such sixty (60) day period. It is expressly understood that the deadline to complete the purchase of the Real Estate, assuming the Ruckers exercise this extension right, is April 29, 2010.

6. In the event that the Ruckers do not exercise and complete the exercise of the option to purchase the Real Estate on or before April 29, 2010, the Ruckers may purchase an

---

[1] It is expressly understood that all prices for the Real Estate set forth in this Agreement are intended to mean net proceeds of sale actually to be received by AHM at closing of escrow or otherwise with the sole exception that any broker or other fees that may be incurred by AHM may reduce the net proceeds payable. However, AHM shall not

additional 60-day extension of the option to purchase the Real Estate by payment of the sum of Ten Thousand Dollars ($10,000.00) in certified funds that must be received by AHM on or before April 29, 2010 with written notification that the Ruckers desire to purchase the additional 60-day extension. Upon timely exercise of this right to extend the option period for an additional 60-days, the Ruckers shall have the option to purchase the Real Estate from AHM for the sum of One Hundred Thirty Thousand Dollars ($130,000.00) provided such closing shall occur, and net proceeds distributed to AHM within such sixty (60) day period. It is expressly understood that the deadline to complete the purchase of the Real Estate, assuming the Ruckers exercise this additional extension right, is June 28, 2010.

7. Any failure to timely exercise an option or an option extension shall extinguish and terminate any later or other options and/or option extensions that would have otherwise been available to the Ruckers.

8. The Ruckers shall have no other right, title, interest or option with respect to the Real Estate except as specifically provided for herein.

9. It is expressly understood that time is of the essence as strict compliance with all dates and deadlines stated herein is required.

10. Ruckers agree to dismiss the Adversary Proceeding, with prejudice, immediately upon this Agreement being executed by all parties.

11. Ruckers agree that the Proof of Claim shall be deemed to be voluntarily withdrawn, with prejudice, immediately upon this Agreement being executed by all parties.

---

be subject to its net proceeds being reduced by any transfer or other taxes or other settlement charges that may customarily be the responsibility of a seller of real estate.

12. AHM may obtain approval of this Agreement by the United States Bankruptcy Court for the District of Delaware. Ruckers agree to cooperate in such process as may be reasonably necessary, required and/or requested.

13. This Agreement shall be interpreted and construed under the laws of the State of Delaware existing as of the date of execution of this Agreement.

14. Jurisdiction over any disputes relating to this Agreement shall be in the United States Bankruptcy Court for the District of Delaware.

15. This Agreement represents the entire agreement and understanding of the parties. This Agreement may only be altered, changed or modified by a party or its authorized agent/attorney, in writing,

========================================================================

_____     _____
James D. Rucker                              Dated


_____     _____
Lorena I. Rucker                             Dated


AMERICAN HOME MORTGAGE HOLDINGS, INC.

By: _____[signature]_____

Printed Name: _Bret W Fernandes_

Title: _Director of Restructuring_

Dated: _Jan 7, 2010_

12. AHM may obtain approval of this Agreement by the United States Bankruptcy Court for the District of Delaware. Ruckers agree to cooperate in such process as may be reasonably necessary, required and/or requested.

13. This Agreement shall be interpreted and construed under the laws of the State of Delaware existing as of the date of execution of this Agreement.

14. Jurisdiction over any disputes relating to this Agreement shall be in the United States Bankruptcy Court for the District of Delaware.

15. This Agreement represents the entire agreement and understanding of the parties. This Agreement may only be altered, changed or modified by a party or its authorized agent/attorney, in writing,

_____          /-7-00
James D. Rucker                          Dated

_____          01/07/10
Lorena I. Rucker                         Dated

AMERICAN HOME MORTGAGE HOLDINGS, INC.

By: _____

    Printed Name:_____

    Title:_____

Dated:_____