IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                                        : Chapter 11
AMERICAN HOME MORTGAGE HOLDINGS,                             : Case No. 07-11047 (CSS)
INC., et al.,[1]                                             : (Jointly Administered)
                                    Debtors.                 :
------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED                          :
CREDITORS OF AMERICAN HOME MORTGAGE                          : Adv. Proc. No. 09-51771 (CSS)
HOLDINGS, INC., et al.,                                      :

                                    Plaintiff,

        - against -

VICOM COMPUTER SERVICES, INC.,

                                    Defendant.
------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned debtors (collectively, the "*Debtors*") and Vicom Computer Services, Inc. ( the "*Defendant*") and together with the Committee, ( the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS**, on August 14, 2007, the Office of the United States Trustee formed the Committee;

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

and

WHEREAS, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

WHEREAS, on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

WHEREAS, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan; and

WHEREAS, on July 8, 2009, the Court entered an order approving the Stipulation; and

WHEREAS, on or about August 3, 2009, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against Defendant, which asserted that Defendant had received transfers from the Debtors totaling $587,329.66 (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

WHEREAS, Defendant denies liability and asserts ordinary course and new value defenses; and

WHEREAS, in order to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The recitals set forth above are incorporated herein by reference.

2. In full and final settlement and satisfaction of the Preference Claims, **Defendant** shall pay, as consideration for this settlement, the sum of **Sixty-Five Thousand Dollars ($65,000)** (the "*Settlement Sum*"). The Settlement Sum shall be paid by wire transfer on or before December 31, 2009. The wire transfer information is as follows:

    Receivable Management Services
    Wachovia Bank
    Acct #2000006162306
    ABA #031201467

3. The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approval of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

4. If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **Defendant** and received by the Committee shall be returned within ten (10) calendar days of such order.

5. Upon receipt of **Defendant's** fully executed copy of this Settlement Agreement

12/30/2009  12:32   6316942640         VICOM COMPUTERS                    PAGE  05/07

and entry of a Final Order. **Defendant** and its successors forever waive, release and discharge the Committee and the Debtors' estates and their successors from any and all manner of action and actions, cause and causes of action, suits, debt, claims, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, including any claims filed or previously filed in the this Chapter 11 case, and demands whatever in law or in equity, now known or unknown, or hereafter becoming known, for, upon or by reason of any matter, cause or thing, and (b) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.

6. Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the Committee, on behalf of itself and the Debtors' estates, (a) forever waive, release and discharge **Defendant** and its successors from any and all manner of action and actions, cause and causes of action, suits, debt, claims, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatever in law or in equity, now known or unknown, or hereafter becoming known, for, upon or by reason of any matter, cause or thing, and (b) shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the entry of the Final Order; provided, however, that nothing contained herein shall be deemed to release any obligations Defendant has under this Settlement Agreement.

7. The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being

altered or otherwise affected by this Settlement Agreement.

9. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11. The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13. Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17. This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: December 30, 2009
New York, New York

| HAHN & HESSEN LLP<br>Counsel for the Committee<br><br>By: _____<br>Mark S. Indelicato<br>Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | VICOM COMPUTER SERVICES, INC.<br><br>By: _____<br>Name: VICTOR V. VEROLA<br>Title: PRESIDENT<br><br>60 Carolyn Boulevard<br>Farmingdale, NY 11735 |
|---|---|