IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
    Debtors.                                                     :
                                                                 :   Response Deadline: February 11, 2010 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: February 18, 2010 at 11:00 a.m. (ET)
---------------------------------------------------------------- x

### DEBTORS' FORTY-NINTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C, D and E to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Forty-Ninth Omnibus (Non-

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "<u>Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

9.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below. This Objection complies in all respects with Local Rule 3007-1.

A.     **Amended Claims**

10.    The claims identified under the column titled "Objectionable Claim" on Exhibit A to the Proposed Order (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Surviving Claim" on Exhibit A (the "Surviving Claim"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

11.    Failure to disallow the Amended Claims will result in the applicable claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Furthermore, no prejudice will result to the holders of the Amended Claims because they will receive the same treatment as other similarly-situated claimants for their Surviving Claims. Accordingly, the Debtors hereby object to the Amended Claims and request entry of an order disallowing and expunging in full the Amended Claims as indicated on Exhibit A.

B.     **Wrong Debtor Claims**

12.    The claims listed on Exhibit B to the Proposed Order (the "Wrong Debtor Claim") was filed by the applicable claimant against certain Debtors under the case numbers listed under the column titled "Objectionable Claims" on Exhibit B. After reviewing their books and records, the Debtors believe they have determined which Debtors the Wrong Debtor Claims should have been filed against and have listed the new case numbers for the Wrong Debtor

Claims under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimants asserting the Wrong Debtor Claims intended to assert such claims under the New Case Numbers.

13. Failure to reassign the Wrong Debtor Claims would result in claims being improperly asserted against the wrong Debtor. Therefore, to correct the claims register, the Debtors hereby object to the Wrong Debtor Claims and request entry of an order reassigning the Wrong Debtor Claims to the New Case Numbers as indicated on Exhibit B.

C. **Satisfied Claim**

14. The Debtors have reviewed their books and records, which the Debtors believe to be correct, and determined that the claim listed in Exhibit C to the Proposed Order (the "Satisfied Claims") has been satisfied by the Debtors post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Failure to disallow and expunge the Satisfied Claim would result in the claimant receiving an unwarranted double recovery. Therefore, the Debtors hereby object to the Satisfied Claim and request entry of an order disallowing in full and expunging the Satisfied Claim.

D. **No Documentation Claim**

15. The claim listed in Exhibit D to the Proposed Order (the "No Supporting Documentation Claim") was submitted without any documentation supporting the alleged claim. Local Rule 3007-1(d)(vi) provides that debtors may object on a non-substantive basis to "claim[s] without any supporting documents attached thereto." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 247 B.R. 391, 395 (Bankr. D. Del. 2001). The claimant asserting the No

Supporting Documentation Claim failed to allege any facts to support its claims and therefore their claims are not *prima facie* valid. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the No Supporting Documentation Claim is not *prima facie* valid, the Debtors hereby object to it and request that an order be entered disallowing in full and expunging the No Supporting Documentation Claim.

### E. Late Filed Claim

16. The claim listed in Exhibit E to the Proposed Order (the "Late Filed Claim") was filed after the deadline for submitting such claims had passed. As set forth in the Bar Date Order (docket no. 1708), the deadline for filing claims was January 11, 2008, or, in the case of government units, February 4, 2008. The claim listed in Exhibit E was filed after the applicable bar date, on the date listed under the column labeled "Date Filed." Therefore, the Debtors hereby object to the Late Filed Claim and request entry of an order disallowing in full and expunging the Late Filed Claim.

### RESERVATION OF RIGHTS

17. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

### NOTICE

18. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated:  January 19, 2010
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_/s/ Sean M. Beach_
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession