## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                 :    Chapter 11

                       :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)

a Delaware corporation, <u>et al.</u>,[1]         :

                       :    Jointly Administered

     Debtors.                :

                       :    **Response Deadline: February 11, 2010 at 4:00 p.m. (ET)**

                       :    **Hearing Date: February 18, 2010 at 11:00 a.m. (ET)**

------------------------------------------------------------------ x

### DEBTORS' FIFTIETH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, <u>BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1</u>

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby object (the "<u>Objection</u>") to each of the claims and interests (the "<u>Disputed Claims</u>") listed on Exhibits A, <u>B</u>, <u>C</u>, <u>D</u> and <u>E</u> to the proposed form of order (the "<u>Proposed Order</u>") attached hereto as <u>Exhibit II</u>, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") and request the entry of an order disallowing and expunging in full or in part, reassigning, reclassifying and/or otherwise modifying such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Fiftieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In

further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.      On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to an order of this Court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21,

2008, the Trustee appointed an Official Committees of Borrowers.

5.      On February 23, 2009, the Court entered an order [Docket No. 7042]

confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "<u>Plan</u>").

## BAR DATE AND PROOFS OF CLAIM

6.      On August 17, 2007, this Court entered an order [Docket No. 1708]

appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these

chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims

database containing, inter alia, information regarding the name and address of each claimant, the

date the proof of claim was received by Epiq, the claim number assigned to the proof of claim,

and the asserted amount and classification of the claim.

7.      On October 30, 2007, this Court entered an order (the "Bar Date Order")

establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for

filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to

have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and

approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, the

Court established a bar date of February 4, 2008 for government entities.  Pursuant to the Bar

Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential

prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these

cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and

Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors

do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the

Saint Louis Post-Dispatch and the national edition of The New York Times on November 6,

2007.  Affidavits of service and publication confirming such actual and publication notice of the

Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.      To date, in excess of 10,000 proofs of claim have been filed in these

chapter 11 cases.

## RELIEF REQUESTED

9.      By this Objection, the Debtors seek entry of an order, pursuant to section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

disallowing and expunging in full or in part, reassigning, reclassifying and/or otherwise

modifying the Disputed Claims listed in Exhibits A, B, C, D and E to the Proposed Order for the

reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A.    No Liability Claims

10.    After reviewing each of the Disputed Claims and supporting materials as

well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors

have determined that they are not liable with respect to the claims identified in Exhibit A to the

Proposed Order (the "No Liability Claims"). Moreover, the Debtors cannot justify these claims

as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit A

should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims

will result in the applicable claimants receiving an unwarranted recovery against the Debtors'

estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to

the No Liability Claims and request entry of an order disallowing and expunging in full each of

the No Liability Claims identified in Exhibit A.

### B.    Multiple Debtor Claim

11.    The claimant asserting the claim listed on Exhibit B to the Proposed Order

(the "Multiple Debtor Claim") filed identical claims against multiple Debtors. After a review of

their books and records, the Debtors have determined that the claim listed under the column

titled "Objectionable Claims" in Exhibit B was filed against the wrong Debtor. As indicated in

the comment section on Exhibit B, this claimant has a surviving claim filed against the correct

Debtor. The Debtors believe that it was not the intention of the claimant asserting the Multiple

Debtor Claim to seek a double recovery against the Debtors' estates. Rather, the claimant may

not have known which Debtor to assert its claim against and therefore filed multiple claims

against multiple Debtors. Regardless of the claimant's reason for filing the Multiple Debtor

Claim, only one claim against the appropriate Debtor entity should be allowed for such claimant,

and any failure to disallow the Multiple Debtor Claim would result in the claimant receiving an unwarranted double recovery against the Debtors' estates.

12.     Accordingly, the Debtors hereby object to the Multiple Debtor Claim and request the Court to enter an order disallowing in full and expunging this claim, as provided for on Exhibit B to the Proposed Order.

### C.    Modified Amount Claim

13.     The Debtors have reconciled the claim identified in Exhibit C to the Proposed Order (the "Modified Amount Claim") against their books and records.  The claimant asserting the Modified Amount Claim asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records.  Consequently, the Debtors believe the amount of the Modified Amount Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit C should be modified by reducing and/or fixing the amount to the dollar value listed under the column titled "Modified Amount" in Exhibit C.  The Debtors believe Exhibit C contains the appropriate amount of liability for the Modified Amount Claim.  Failure to modify the Modified Amount Claim as set forth herein will result in the claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases.  Accordingly, the Debtors hereby object to the Modified Amount Claim and request entry of an order reducing and/or fixing the value of the Modified Amount Claim as set forth in Exhibit C.

### D.    Modified Amount Wrong Debtor Claim

14.     Similar to the Modified Amount Claim, the Debtors have reconciled the claim identified in Exhibit D to the Proposed Order (the "Modified Amount Wrong Debtor Claim") against their books and records.  The claimant asserting the Modified Amount Wrong Debtor Claim asserted an amount that was higher than the amount of liability reflected in the

Debtors' books and records.  Additionally, the Debtors' books and records indicate that the claimant asserting the Modified Amount Wrong Debtor Claim asserted its claim against the wrong Debtor.  The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claim should be (i) modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit D, and (ii) reassigned to the case number listed under the column titled "New Case Number" in Exhibit D.  Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claim and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claim as indicated in Exhibit D.

> **E.**    **Modified Amount, Reclassified, Wrong Debtor Claim**

15.    The claimant asserting the claim identified in Exhibit E to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claim") asserted that all of such claim is entitled to secured status.  After reconciling the Modified Amount Reclassified Wrong Debtor Claim against their books and records, the Debtors have determined that the priority level of that claim should be adjusted because, despite the claimant's assertions, such claim is not entitled to wholly secured status.  Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor Claim should be reclassified as indicated in the "Modified Amount" column in Exhibit E.

16.    Additionally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records.  Consequently, the Debtors believe the amount of the Modified Amount Reclassified Wrong Debtor Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit

E should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit E.

17.    Finally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim asserted such claim against the wrong Debtor.  After reviewing their books and records, the Debtors believe they have determined which Debtor the Modified Amount Reclassified Wrong Debtor Claim should have been filed against and have listed a new case number for such claim under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim intended to file such claim under the New Case Number.  Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor Claim should be reassigned to the New Case Number as indicated in Exhibit E.

18.    Failure to modify, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claim as set forth herein will result in the claimant receiving undue priority or status and an unwarranted recovery against the wrong Debtor entity to the detriment of other creditors in these cases.  Accordingly, the Debtors hereby object to the Modified Amount Reclassified Wrong Debtor Claim and request entry of an order reclassifying, reassigning, and reducing the value of the Modified Amount Reclassified Wrong Debtor Claim as set forth in Exhibit E.

## RESERVATION OF RIGHTS

19.    The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

20.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; (iv) counsel for the Official Committee of Borrowers; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit II, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated:  January 19, 2010
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession