IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
    Debtors.                                  :
                                                                 : Response Deadline: February 11, 2010 at 4:00 p.m. (ET)
                                                                 : Hearing Date: February 18, 2010 at 11:00 a.m. (ET)
---------------------------------------------------------------- x

### DEBTORS' OBJECTION TO REPURCHASE AGREEMENT DEFICIENCY CLAIM OF ORIX CAPITAL MARKETS, LLC (CLAIM NO. 9211)

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to claim number 9211 (the "Repurchase Claim") filed by ORIX Capital Markets, LLC ("ORIX") and request the entry of an order disallowing and expunging the Repurchase Claim in its entirety or, in the alternative, reducing the Repurchase Claim in an amount to be determined by this Court. In support of this Objection, the Debtors respectfully represent as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) and 562 of title 11 of the United States Code (the "Bankruptcy Code")

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## GENERAL BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Creditors Committee"). On October 21, 2008, the United States Trustee for the District of Delaware appointed an Official Committee of Borrowers (the "Borrowers Committee"). No trustee or examiner has been appointed.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").

## RELEVANT BACKGROUND

A.  The Repurchase Agreement

6. American Home Mortgage Investment Corp ("AHM Investment"), a debtor and debtor in possession in the above-captioned bankruptcy cases, along with non-debtor AHM SPV III, LLC ("SPV III") and ORIX are parties to that certain Master Repurchase Agreement dated as of June 28, 2007 (the "Repurchase Agreement"). The Repurchase Agreement provides that, among other things, AHM Investment and SPV III (each a "Seller" and

collectively, the "Sellers") agree to transfer to ORIX, as buyer, mortgage-related securities ("Securities")[2] in exchange for the transfer of funds from ORIX, with a simultaneous agreement by ORIX to transfer to Seller such Securities at a date certain or on demand in exchange for the transfer of funds from the Seller (the "Repurchase Price").

**B.    Defaults Under the Repurchase Agreement and Acceleration Thereof**

7.    ORIX sent the Debtors a letter on August 2, 2007 captioned as "Master Repurchase Agreement: Notice of Event of Default" (the "Default Notice") pursuant to which ORIX (i) asserted that the Debtors were in default under the Repurchase Agreement, (ii) accelerated the obligations under the Repurchase Agreement, and (iii) demanded that the Debtors immediately repurchase all of the Securities in ORIX's possession under the Repurchase Agreement (the "Purchased Securities"). The Debtors did not respond to the Default Notice.

8.    On August 6, 2007, the Debtors filed for relief under chapter 11 of the Bankruptcy Code. Pursuant to section 11 of the Repurchase Agreement, the filing of the bankruptcy constituted an event of default.

**C.    The Repurchase Claim**

9.    On January 11, 2008, ORIX filed the Repurchase Claim against AHM Investment asserting a claim in the total amount of $74,362,091.00 under the Repurchase Agreement. The Repurchase Claim consists of several portions including, without limitation, (i) an asserted $54,362,091 secured claim (the "Secured Claim"); and (ii) an alleged $20,000,000 unsecured deficiency claim (the "Deficiency Claim") pursuant to section 562 of the Bankruptcy Code in connection with the Repurchase Agreement.

---

[2]    The Securities consisted of ownership interests in trusts wholly backed by mortgages that were securitized into such trusts.

## RELIEF REQUESTED

10. By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b) and 562 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging the Repurchase Claim in full, or, alternatively, reducing the Repurchase Claim in an amount to be determined by this Court after an evidentiary hearing.

11. As set forth below, the Repurchase Claim should be disallowed because, among reasons: (i) there is no basis for the Secured Claim as ORIX admittedly owns the Purchased Securities and such Purchased Securities are not property of the Debtors (and ORIX does not claim a security interest in any other property of the Debtors); (ii) ORIX overstates the amount of the repurchase obligations owed by AHM Investment in the Repurchase Claim; and (iii) ORIX undervalues the Purchased Securities on the applicable valuation measurement date and thus artificially inflates its alleged Deficiency Claim. The Purchased Securities, on the pertinent valuation date, were valued well in excess of the repurchase obligations. As such, ORIX has no damages and the Deficiency Claim must be disallowed in its entirety.

## OBJECTION

### A. The Deficiency Claim

12. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress added section 562 of the Bankruptcy Code to address the timing of damage measurement in connection with repurchase agreements. Section 562 states, in pertinent part, as follows:

> (a) If the trustee rejects a . . . repurchase agreement, . . ., or if a . . . repo participant . . . liquidates, terminates, or accelerates such contract or agreement, damages shall be measured as of the earlier of —
>
> (1) the date of such rejection; or
> (2) the date or dates of such liquidation, termination, or acceleration.

(b) If there are not any commercially reasonable determinants of value as of any date referred to in paragraph (1) or (2) of subsection (a), damages shall be measured as of the earliest subsequent date or dates on which there are commercially reasonable determinants of value.

(c) For the purposes of subsection (b), if damages re not measured as of the date or dates of rejection, liquidation, termination, or acceleration, and the . . . repo participant . . . or the trustee objects to the timing of the measurement of damages;

...

(2) the . . . repo participant . . ., in the case of an objection by the trustee,

has the burden of proving that there were no commercially reasonable determinants of value as of such date or dates.

11 U.S.C. § 562.

13.     Here, it cannot be undisputed that ORIX sent the Default Notice and accelerated the Repurchase Agreement on August 2, 2007 (the "<u>Acceleration Date</u>"). Thus, pursuant to section 562(a) of the Bankruptcy Code, the applicable measuring date for any alleged damages suffered by ORIX under the Repurchase Agreement is the Acceleration Date of August 2, 2007.[3]

14.     The import of § 562 is clear: any deficiency claim "damages" allegedly suffered by ORIX must be measured on the earliest date of liquidation, termination or acceleration, unless no "commercially reasonable determinants of value" existed as of the Acceleration Date. To the extent that ORIX asserts that no commercially reasonable determinants of value existed as of the Acceleration Date, ORIX has the burden of proof on the issue. Placing the burden on ORIX is consistent with the applicable law that the ultimate burden of proof rests upon the creditor. See <u>In re Fidelity Mortgage Holding Co., Ltd.</u>, 837 F.2d 696. 698 (5th Cir. 1988) (affirming disallowance of claim; "the claimant must . . . 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant.").

---

[3] Provided, of course, that there is exists a commercially reasonable determinant of value on this date.

15. The Deficiency Claim, in the amount set forth by ORIX, is meritless based on the standards established by § 562, because it fails to properly take into consideration the value of the Purchased Securities as of the Acceleration Date. Multiple determinants of value were in existence on or around the Acceleration Date, including, but not limited to, (i) ORIX's own determination on July 31, 2007 that the market value of the Purchased Securities was $75,143,592.00; and (ii) ORIX's own determination on July 26, 2007 that the market value of the Purchased Securities was $104,298,752.00. Although the Debtors were not provided with ORIX's market valuation of the Purchased Securities on August 2, 2007, the Debtors submit that no material market events occurred between July 31, 2007 and August 2, 2007 to justify a significant markdown of the market value previously assigned by ORIX to the Purchased Securities as of the Acceleration Date.[4] Thus, in accordance with ORIX's market valuation performed a mere two (2) days before the Acceleration Date, the Purchased Securities' value as of the Acceleration Date exceeded the actual repurchase price and therefore the Deficiency Claim portion of the Repurchase Claim is without merit.

16. In addition to the market valuations provided by ORIX, the discounted cash flow value of the Purchased Securities on the Acceleration Date was well in excess of the repurchase obligations under the Repurchase Agreement. Accordingly, the Deficiency Claim should be disallowed in full and expunged.

17. Alternatively, the Debtors request that the Court determine the value of the Purchased Securities as of the Acceleration Date, and reduce the Repurchase Claim accordingly.

---

[4] To the extent that ORIX contends that the market value decreased between July 31, 2007 and August 2, 2007, such decrease would evidence a disruption in the market and, therefore, market value would not be a commercially reasonable determinant of value.

**B.     The Secured Claim**

18.     As noted above, by the Repurchase Claim, ORIX contends it is entitled to a secured claim in the amount of approximately $54,000,000. However, despite ORIX's assertion that a significant portion of its claim is entitled to secured status, there is no basis for secured status because (as admitted by ORIX in the Repurchase Claim) the "Purchased Securities….are held by ORIX, as owner, and do not constitute property of the Debtor's estate." See – Exhibit 2 of the Repurchase Claim. Since ORIX admits (and the Debtors agree) that ORIX owns and possesses the Purchased Securities, it is undisputed that the Purchased Securities are not property of the Debtors' estate. ORIX does not, and cannot, assert any security interest in any other property of the Debtors. Accordingly, the Secured Claim is without merit and this portion of the Repurchase Claim must be reclassified or disallowed in its entirety.

**C.     Legal Expenses**

19.     By the Repurchase Claim, ORIX also seeks the allowance of approximately $300,000 in legal expenses, which, in the Debtors' view, is unreasonably high. Moreover, ORIX fails to provide any information to substantiate such amount. The Debtors submit there is no basis for this add-on by ORIX.

## RESERVATION OF RIGHTS

20.     This Objection is not an omnibus objection and is, therefore, not subject to the restrictions contained in Bankr. D. Del. L.R. 3007-1. Accordingly, the Debtors expressly reserve all rights, including without limitation: (i) the right to amend, modify or supplement this Objection and/or object in the future to any aspect of the Repurchase Claim, (ii) the right to bring any causes of action under applicable sections of the Bankruptcy Code or other applicable law, including, but not limited to, the right to seek turnover of any excess value of the Purchased

Securities; and (iii) the right to enforce any setoff or recoupment rights against ORIX. Separate notice and a hearing will be scheduled for any such objection or assertion of such further rights.

## NOTICE

21.     The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) ORIX; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, sustaining this Objection in all respects, disallowing in full and expunging the Repurchase Claim, and granting such other and further relief as the Court deems just and proper.

Dated:  January 19, 2010
        Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John T. Dorsey (No. 2988)
Sean M. Beach (No. 4070)
Curtis J. Crowther (No. 3238)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession