IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                                 :
                                                                 :   Jointly Administered
      Debtors.                                                   :
                                                                 :   Response Deadline: February 11, 2010 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: February 18, 2010 at 11:00 a.m. (ET)
---------------------------------------------------------------- x

# DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AND 6004(h) FOR AN ORDER APPROVING AND AUTHORIZING THE STIPULATION BETWEEN AMERICAN HOME MORTGAGE CORP. AND CORPORATE CENTER DRIVE HOLDINGS, LLC RESOLVING ALL CLAIMS AND DISPUTES RELATING TO THE STOCKBRIDGE PROPERTY

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an order pursuant to Rules 9019 and 6004(h) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") approving a stipulation and release (the "Stipulation"), attached hereto as Exhibit A, between debtor American Home Mortgage Corp. ("AHM Corp.") and Corporate Center Drive Holdings, LLC ("CCDH"). In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested is section 105(a) of the Bankruptcy Code along with Bankruptcy Rules 9019(a) and 6004(h).

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").

## RELEVANT BACKGROUND

6. On or about May 6, 1999, Tomac Construction, Inc. ("Tomac"), as landlord, and Old Kent Mortgage Company ("Old Kent"), as tenant, entered into a lease agreement (the "Lease") in connection with commercial real property located at 260 Corporate Center Drive, Suite A, Stockbridge, GA 30281 (the "Stockbridge Property").

7. Pursuant to the Lease, Old Kent was granted the right to have and hold the Stockbridge Property for a term of five (5) years beginning on July 1, 1999 and ending on

November 30, 2004. In accordance with the Lease, Old Kent was required to pay to Tomac an annual rental of approximately $27,000 payable in equal monthly installments of approximately $2,200.

8. Pursuant to the Lease, Tomac assigned its interests in the Stockbridge Property to Adams Standard, LLC ("A-S") which, in turn, later assigned its interests in the Stockbridge Property to CCDH. Similarly, pursuant to the Lease, Old Kent assigned its interests in the Stockbridge Property to AHM Corp. The Lease term was subsequently extended such that the Lease was for a term commencing on July 2004 and ending October 31, 2009.

9. By operation of section 365(d)(4) of the Bankruptcy Code, the Lease was deemed rejected as of March 3, 2008. However, since the Petition Date, certain of the Debtors' tangible personal business property (the "Personal Property") has remained at the Stockbridge Property. AHM Corp. stopped paying rent to A-S and CCDH as of the Petition Date and has not paid thereafter, and CCDH asserts that it has a valid, enforceable administrative expense claim against AHM Corp for post-petition rent (the "Administrative Rent Claim").

## THE STIPULATION

10. Although there is a bona fide dispute as to the validity and amount of the Administrative Rent Claim, AHM Corp and CCDH (each a "Party" and collectively, the "Parties") desire to avoid costly litigation concerning the Administrative Rent Claim and believe that a prompt resolution of this matter would be beneficial for all Parties. To these ends, the Parties have engaged in good-faith settlement negotiations to attempt to reconcile their positions and, as a result of such negotiations, have reached an agreement the terms of which are embodied in the executed Stipulation attached hereto as Exhibit A.

11. The principal terms of the Stipulation are as follows:[1]

    a. <u>Effectiveness</u>. The Stipulation shall become effective upon entry of an order by the Bankruptcy Court approving this Stipulation (the "<u>Approval Order</u>"). In the event the Approval Order is not entered within forty-five (45) days after the date the Stipulation is executed by all Parties, the Stipulation shall be null and void, unless extended by written agreement of the Parties;

    b. <u>Obligations of CCDH</u>. Pending the entry of the Approval Order, CCDH agrees to use reasonable care in packaging and placing into storage certain of the Personal Property consisting of various loan files and computer hardware (the "<u>Loan Files</u>"); provided, the Loan Files shall be delivered in as-is condition. With reasonable promptness upon receipt of the Settlement Payment (defined below), CCDH will ship the Loan Files to AHM Corp. in accordance with the instructions provided by AHM Corp. CCDH will also be responsible for removing or otherwise disposing of any and all furnishings, debris, unwanted fixtures and other items remaining at the Stockbridge Property;

    c. <u>Settlement Payment</u>. Within five (5) business days after entry of the Approval Order, the Debtors shall remit the sum of eighteen thousand dollars ($18,000) (the "<u>Settlement Payment</u>") to CCDH in accordance with instructions to be provided by CCDH. The Settlement Payment shall be deemed to satisfy in full the Administrative Rent Claim as well as the costs CCDH incurs in connection with packing and shipping the Loan Files to AHM Corp;

    d. <u>Mutual Releases</u>. Upon CCDH's receipt of the Settlement Payment, CCDH shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or any of their affiliates, successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, including, without limitation, any and all claims (i) arising from rejection of the Lease, (ii) relating to obligations of any of the Debtors under the Lease arising from and after the Petition Date (including the Administrative Rent Claim), or (iii) for contribution or reimbursement from AHM Corp. with respect to amounts paid or payable on account of packing and shipping the Loan Files and/or removing the remaining Personal Property; and

---

[1] The summary of the Stipulation is qualified in its entirety by the Stipulation. If there are any inconsistencies between the summary contained herein and the Stipulation, the Stipulation shall control. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Stipulation.

AHM Corp. shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against CCDH or any of its affiliates, successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time; <u>provided, however,</u> that nothing in the preceding subparagraphs shall constitute a waiver or release of any claims arising under the Stipulation.

## RELIEF REQUESTED

12. By this Motion, and in accordance with section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9019 and 6004(h), the Debtors respectfully requests this Court to enter an Order, (i) approving the Stipulation and (ii) authorizing the Debtors to take any and all actions necessary to effectuate the Stipulation. The Debtors and CCDH have weighed the costs and risks associated with litigating the matters described above against the compromises contained within the Stipulation and have concluded that it is in their respective best interests to compromise and settle the matter, pursuant to the terms of the Stipulation, without further litigation.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." <u>In re World Health Alternatives, Inc.</u>, 344 B.R. 291, 296 (Bankr. D. Del. 2006); <u>see also</u> <u>In re Penn Cent. Transp. Co.</u>, 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'" (quoting <u>In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968))).

14. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." In re Penn Cent. Transp. Co., 596 F.2d at 1153; see also In re Marvel Entm't Group, Inc., 222 B.R. 243 (D. Del. 1998) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'" (quoting In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997))).

15. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved. The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Martin, 91 F.3d 389, 393 (3d Cir. 1996); accord In re Nutraquest, Inc., 434 F.3d 639, 644 (3d Cir. 2006).

16. The decision to approve a settlement "is within the sound discretion of the bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re Neshaminy Office Bldg. Assoc., 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in In re Martin, 91 F.3d 389. The bankruptcy court should not substitute its judgment for that of the debtor. See In re Neshaminy Office Bldg. Assoc., 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983); see also In re World Health Alternatives,

Inc., 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

17.   In the Debtors' judgment, the resolutions embodied in the Stipulation are reasonable and in the best interest of the Debtors, their estates, their creditors and other parties in interest. Moreover, a review of the above-referenced Martin factors clearly demonstrates that the terms of the Stipulation are reasonable under the circumstances. Indeed, the amounts that will be paid to CCDH to satisfy the Administrative Rent Claim and the costs for packing and shipping the Loan Files are a fraction of the amounts potentially owed by the Debtors to CCDH. Although the Debtors may ultimately prevail, the Debtors acknowledge, as with all litigation, that there is an inherent risk in litigating these matters as well as incurring unavoidable expenditures of estate assets associated with any litigation. This settlement eliminates that need to continue in protracted litigation which would continue to drain valuable resources.

18.   In light of the above, the Debtors believe the Stipulation is fair, equitable, and in the best interests of the their creditors and their estates, represents an exercise of their sound business judgment, and should be approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

### Relief Under Bankruptcy Rule 6004(h) Is Appropriate

19.   Bankruptcy Rule 6004(h) provides an "order authorizing the use, sale, or lease of property is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). In light of the sensitive nature of the information contained within the Loan Files and the potential exposure of CCDH for costs it has already incurred in packing and removing the Loan Files from the Stockbridge Property prior to entry of

the proposed Approval Order, the Debtors respectfully request that the Approval Order, if granted, be effective immediately upon its entry.

### NOTICE

20. Notice of this Motion will be provided to: (i) the United States Trustee; (ii) counsel to the Committee; (iii) counsel to Corporate Center Drive Holdings, LLC; and (iv) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### NO PREVIOUS REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court issue and enter an Order, in the form attached hereto as Exhibit B, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9019 and 6004(h): (i) approving the Stipulation; (ii) authorizing the Debtors to take any and all actions necessary to effectuate the Stipulation; and (iii) granting such other and further relief as may be just and proper.

Dated: January 29, 2010  
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Sean M. Beach_____  
Sean M. Beach (No. 4070)  
Michael S. Neiburg (No. 5275)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

## **EXHIBIT A**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :    Jointly Administered
Debtors.                                                     :
                                                             :
------------------------------------------------------------ x

## STIPULATION BETWEEN AMERICAN HOME MORTGAGE CORP. AND CORPORATE CENTER DRIVE HOLDINGS, LLC RESOLVING ALL CLAIMS AND DISPUTES RELATING TO THE STOCKBRIDGE PROPERTY

This stipulation (the "Stipulation") is entered into between debtor American Home Mortgage Corp. ("AHM Corp.") and Corporate Center Drive Holdings, LLC ("CCDH"), by and through their undersigned representatives.

### RECITALS

WHEREAS, on or about May 6, 1999, Tomac Construction, Inc. ("Tomac"), as landlord, and Old Kent Mortgage Company ("Old Kent"), as tenant, entered into a lease agreement (the "Lease") in connection with commercial real property located at 260 Corporate Center Drive, Suite A, Stockbridge, GA 30281 (the "Stockbridge Property");

WHEREAS, pursuant to the Lease, Old Kent was granted the right to have and hold the Stockbridge Property for a term of five (5) years beginning on July 1, 1999 and ending on November 30, 2004. In accordance with the Lease, Old Kent was required to pay to Tomac

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

DB02:9193797.2                                                                          066585.1001

an annual rental of approximately $27,000 payable in equal monthly installments of approximately $2,200;

WHEREAS, pursuant to the Lease, Tomac assigned its interests in the Stockbridge Property to A-S;

WHEREAS, pursuant to the Lease, A-S later assigned its interests in the Stockbridge Property to CCDH;

WHEREAS, pursuant to the Lease, Old Kent assigned its interests in the Stockbridge Property to AHM Corp.;

WHEREAS, the Lease term had been extended such that the Lease was for a term commencing on July 2004 and ending October 31, 2009;

WHEREAS, on August 6, 2007 (the "Petition Date"), AHM Corp. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, by operation of section 365(d)(4) of the Bankruptcy Code, the Lease was deemed rejected as of March 3, 2008;

WHEREAS, since the Petition Date, certain of the Debtors' tangible personal business property (the "Personal Property") has remained at the Stockbridge Property;

WHEREAS, AHM Corp. stopped paying rent to A-S and CCDH as of the Petition Date and has not paid thereafter, and CCDH asserts that it has a valid, enforceable administrative expense claim against AHM Corp for post-petition rent (the "Administrative Rent Claim");

WHEREAS, although there is a bona fide dispute as to the validity and amount of the Administrative Rent Claim, AHM Corp and CCDH (each a "Party" and collectively, the

"Parties") desire to avoid costly litigation concerning the Administrative Rent Claim and believe that a prompt resolution of this matter would be beneficial for all Parties;

WHEREAS, to these ends, the Parties have engaged in good-faith settlement negotiations to attempt to reconcile their positions and, as a result of such negotiations, have reached an agreement, subject to the terms and conditions set forth herein, which each Party believes represents a fair and reasonable compromise in light of the costs, uncertainties, and risks attendant to litigation;

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate, consent and agree as follows:

1. **Effectiveness.** As soon as practicable after this Stipulation has been executed by each of the Parties (but no later than seven (7) days), the Debtors shall file with the Bankruptcy Court a motion for an order (i) approving this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019 and (ii) waiving the ten (10) day stay period provided in Federal Rule of Bankruptcy Procedure 6004(h). This Stipulation shall become effective upon entry of an order by the Bankruptcy Court approving this Stipulation (the "Approval Order"). In the event the Approval Order is not entered within forty-five (45) days after the date this Stipulation is executed by all Parties, this Stipulation shall be null and void, unless extended by written agreement of the Parties.

2. **Obligations of CCDH.** Pending the entry of the Approval Order, CCDH agrees to use reasonable care in packaging and placing into storage certain of the Personal Property consisting of various loan files and computer hardware (the "Loan Files"); provided, the Loan Files shall be delivered in as-is condition. With reasonable promptness upon receipt of the

3

Settlement Payment (defined below), CCDH will ship the Loan Files to AHM Corp. at the following address:

> ATTN: Antonio Marra
> American Home Mortgage
> 538 Broadhollow Road
> Melville, NY 11747

CCDH will also be responsible for removing or otherwise disposing of any and all furnishings, debris, unwanted fixtures and other items remaining at the Stockbridge Property.

      3.      <u>Settlement Payment; Mutual Releases</u>. Within five (5) business days after entry of the Approval Order, the debtors shall remit the sum of eighteen thousand dollars ($18,000) (the "<u>Settlement Payment</u>") to CCDH in accordance with instructions to be provided by CCDH. The Settlement Payment shall be deemed to satisfy in full the Administrative Rent Claim as well as the costs CCDH incurs in connection with packing and shipping the Loan Files to AHM Corp. Upon CCDH's receipt of the Settlement Payment in accordance with this paragraph:

      (a)      CCDH shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or any of their affiliates, successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time, including, without limitation, any and all claims (i) arising from rejection of the Lease, (ii) relating to obligations of any of the Debtors under the Lease arising from and after the Petition Date (including the Administrative Rent Claim), or (iii) for contribution or reimbursement from AHM Corp. with respect to amounts paid or payable on account of packing and shipping the Loan Files and/or removing the remaining Personal Property; and

(b) AHM Corp. shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against CCDH or any of its affiliates, successors, assigns, officers, directors, employees, attorneys, or agents arising prior to the execution of this Stipulation, whether known or unknown at this time;

provided, however, that nothing in the preceding subparagraphs (a)-(b) shall constitute a waiver or release of any claims arising under this Stipulation.

4. Jurisdiction. This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulated Order.

5. Prior Authorization. The undersigned represent that they have the authorization to execute this Stipulation on behalf of their respective client.

6. Execution and Counter-Parts. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 28nd day of January, 2010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*

CORPORATE CENTER DRIVE
HOLDINGS, LLC, a Georgia limited liability
company

Larry D. Adams, Manager
2010 Avalon Parkway, Suite 400
McDonough, Georgia 30253
Telephone: (770) 507-0013
Facsimile: (770) 507-8499