# EXHIBIT C

# Proposed Form of Order

.DB02:8837699.4                                                              066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :  Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :  Jointly Administered
                    Debtors.                                     :
                                                                 :  Ref. Docket No.: _____
                                                                 :
---------------------------------------------------------------- x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 1146(A) AND BANKRUPTCY RULES 2002, 6004, 9014 AND 9019 APPROVING AND AUTHORIZING: (I) (A) THE SALE, ASSIGNMENT AND TRANSFER OF LIMITED LIABILITY COMPANY INTEREST OF BROADHOLLOW FUNDING, LLC; AND (B) THE SALE, ASSIGNMENT AND TRANSFER OF LIMITED LIABILITY COMPANY INTEREST OF MELVILLE FUNDING, LLC; (II) SETTLEMENT OF CLAIMS, RELEASES AND WAIVERS; (III) RELEASE OF CERTAIN ESCROW FUNDS; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the private sale and settlement motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, "AHM," the "Debtors" or the "Sellers"), pursuant to sections 105, 363 and 1146(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (the "Order") approving and authorizing:

(I)(a) the terms of that certain agreement (the "Broadhollow Sale Agreement") entitled Sale,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] All capitalized terms included but not defined herein shall have the meaning ascribed to such terms in the Motion and Sale Agreements.

Assignment and Transfer of Limited Liability Company Interest of Broadhollow Funding, LLC[3] (the "Broadhollow LLC Interests"), dated _____, 2010, by and between AHM Corp., as seller thereunder, and B&M Management Corp., as buyer thereunder (the "Buyer"), attached hereto as Exhibit A; (b) the terms of that certain agreement (the "Melville Sale Agreement," and together with the Broadhollow Sale Agreement, the "Sale Agreements") entitled Sale, Assignment and Transfer of Limited Liability Company Interest of Melville Funding, LLC[4] (the "Melville LLC Interests," and together with the Broadhollow LLC Interests, the "LLC Interests"), dated _____, 2010, by and between AHM Acceptance, as seller thereunder, and the Buyer, as buyer thereunder, attached hereto as Exhibit B; (II) settlement of claims, releases and waivers; (III) release of certain escrow funds; and (IV) granting related relief; and the Court having reviewed the Sale Agreements, including the settlement of claims, releases and waivers contained therein or herein, the Motion and this Order and objections thereto, if any, and the arguments of counsel made, and the evidence proffered or adduced, at the hearing; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the remainder of the record herein; and

---

[3] Broadhollow Funding, LLC, as issuer ("Broadhollow"), and Deutsche Bank Trust Company Americas, in its capacity as Indenture Trustee (the "Broadhollow Indenture Trustee"), are parties to that certain Base Indenture dated as of May 27, 2004 (the "Broadhollow Base Indenture"), for the issuance from time to time of one or more series of Broadhollow's Residential Mortgage-Backed Notes (the "Broadhollow Senior Notes"), and one or more series of Broadhollow's Residential Mortgage-Backed Subordinated Notes (the "Broadhollow Subordinated Notes," and collectively with the Senior Notes, the "Broadhollow Notes"), issuable as provided in the Broadhollow Base Indenture.

[4] Melville Funding, LLC, as issuer ("Melville"), and Deutsche Bank Trust Company Americas, in its capacity as Indenture Trustee (the "Melville Indenture Trustee," and collectively with the Broadhollow Indenture Trustee, the "Indenture Trustees"), are parties to that certain Base Indenture dated as of May 27, 2004 (the "Melville Base Indenture"), for the issuance from time to time of one or more series of Melville's Residential Mortgage-Backed Notes (the "Melville Senior Notes"), one or more series of Melville's Variable Funding Notes (the "Variable Funding Notes"), and one or more series of Melville's Residential Mortgage-Backed Subordinated Notes (the "Melville Subordinated Notes," and collectively with the Melville Senior Notes and the Variable Funding Notes, the "Melville Notes"), issuable as provided in the Melville Base Indenture.

after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[5]

    A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the relief sought in the Motion are sections 105, 363 and 1146(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9014 and 9019.

    C.    For the reasons set forth in the Motion, due and adequate notice of the Motion, Sale Agreements, settlement of claims, releases, waivers, hearing, and the subject matter thereof has been provided to all parties-in-interest, and no other or further notice is necessary. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

    D.    Granting the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

    E.    The Sale Agreements, Motion and this Order and all terms contained therein were negotiated and proposed, and have been entered into by the parties, in good faith, from arm's-length bargaining positions, and without collusion. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections thereof. None of the Debtors or the Buyer have engaged in any conduct that would cause or permit the Sale Agreements, settlement of claims, releases, waivers, or the sale of

3

the LLC Interests to the Buyer pursuant thereto and hereto, to be avoided under 11 U.S.C. § 363(n). The Buyer is not an "insider" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

F.      Under the circumstances, and due and adequate notice having been provided, it is the best interests of the Debtors, their creditors, and all other parties-in-interest herein that the LLC Interests be sold to the Buyer in a private sale under Section 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002(c)(1) and 6004(f)(1).

G.      The direct and indirect benefits and consideration provided to all releasing parties pursuant to the Sale Agreements and this Order (i) is fair and reasonable, (ii) is the highest and best offer for the LLC Interests, (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, the District of Columbia, territory or possession.

H.      Each Debtor (i) has full corporate power and authority to execute each of the Sale Agreements, and the sale of the LLC Interests has been duly and validly authorized by all necessary corporate action of each of the Debtors; (ii) has all of the corporate power and authority necessary to consummate the transaction contemplated by each Sale Agreement; and (iii) has taken all corporate action necessary to authorize each Sale Agreement and the consummation of the transactions contemplated thereby. No consents or approvals are required to consummate such transactions.

I.      The Debtors are authorized to sell the LLC Interests free and clear of all interests of any kind or nature whatsoever, because one or more of the standards set forth in 11

---

[5] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

4

U.S.C. § 363(f)(1)-(5) have been satisfied. Those holders of interests who did not object to the Motion or the relief requested therein, or who imposed and then withdrew their objections, are deemed to have consented to the sale and the terms, conditions, settlement of claims, releases and waivers contained in the Sale Agreements and this Order.

      J.     The issuance, transfer or exchange of the LLC Interests, or the making or delivery of an instrument of transfer pursuant to the sale, this Order and the Sale Agreements are being implemented and authorized under the Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of February 18, 2009 (the "Plan"), which Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009.

      K.     The Debtors have demonstrated (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the sale pursuant to section 363(b) of the Bankruptcy Code in that, among other things, absent the sale the value of the Debtors' estates will be harmed.

      L.     The Court finds that good, adequate and sufficient cause exists to waive the ten-day stay of orders authorizing the sale for use of a Debtors' property under Fed. R. Bankr. P. 6004(h).

      M.     The Debtors currently hold the "Miscellaneous Funds Escrow Account" (as defined in the Order Approving And Authorizing the Stipulation Between the Debtors and Calyon New York Branch, as Administrative Agent [Docket No. 3918]).

      N.     The Buyer and the Sellers would not have entered into the Sale Agreements and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the sale of the LLC Interests to the Buyer was not free and clear of all liens and interests of any kind or nature whatsoever and if the

settlement of claims, releases and waivers contained in the Sale Agreements and this Order were not approved and effective against all parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

### Sale and Settlement

3. Pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are hereby authorized and empowered (i) to conduct a private sale of the LLC Interests; (ii) to enter into the Sale Agreements; (iii) to sell, transfer, and convey the LLC Interests to the Buyer; and (iv) to settle, release and waive claims as set forth in the Motion, this Order and Sale Agreements.

4. Upon Closing, the LLC Interests shall be transferred to the Buyer free and clear of all liens, claims, encumbrances, or other interests except as set forth herein, pursuant to Bankruptcy Code sections 105 and 363. The Sale Agreements and all of their terms are APPROVED, and this Order and the Sale Agreements shall be binding upon the Debtors, their estates, all creditors (whether known or unknown) of the Debtors, the official committee of unsecured creditors, the Plan Trustee (as defined in the Plan), the Plan Trust (as defined in the Plan) any and all successors and assigns to the foregoing, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

5. Subject to the terms of this Order, the transfer of the LLC Interests to the Buyer pursuant to the Sale Agreements constitutes legal, valid and effective transfers of the LLC Interests, and shall vest with the Buyer all right, title, and interest of the LLC Interests free and clear of any and all claims or interest of any kind or nature whatsoever.

6. Pursuant to 11 U.S.C. §§ 105(a) and 363(b), the Debtors and the Buyer, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions, settlements, releases and waivers contemplated by the Sale Agreements, the Motion and this Order, and to sell, assign, transfer, and convey the LLC Interests and all ancillary rights to the Buyer. Any actions taken by the Debtors and the Buyer necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

7. The Sale Agreements, substantially in the forms attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, including any amendments, supplements and modifications thereto, and all of the terms and conditions contained therein, are hereby approved. The Sale Agreements and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof and hereof, without further order of this Court; <u>provided</u> that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

8. The failure specifically to include any particular provisions of the Sale Agreements in this Order shall not diminish or impair the effectiveness of such provision, it

being the intent of the Court that the Sale Agreements, as modified herein, be authorized and approved in its entirety.

9. The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections thereof.

10. The consideration provided by the Buyer for the LLC Interests under the Sale Agreements is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

### Waivers and Releases

11. Any and all conditions or restrictions to the transfer of the LLC Interests or the removal and replacement of the managers of each of Broadhollow and Melville, including, without limitation, any requirement to obtain Rating Agency Confirmation (as defined (i) in the Broadhollow LLC Agreement for purposes of the Broadhollow Sale Agreement, transfer of the Broadhollow Interests, and resignation of AHM Corp. as the manager of Broadhollow; and (ii) in the Melville LLC Agreement for purposes of the Melville Sale Agreement, transfer of the Melville Interests, and resignation of AHM Acceptance as the manager of Melville), pursuant to the Broadhollow LLC Agreement, the Melville LLC Agreement or any other document, instrument or agreement, are waived.

12. The releases contained in the Sale Agreements are approved as set forth therein.

13. Except for the duties, liabilities, and obligations under the Sale Agreements and this Order, effective immediately upon the admission of the Buyer as a member of each of Broadhollow and of Melville, respectively, and the transfer of the LLC Interests to the Buyer, (i) the Debtor Releasors, on the one hand and solely with respect to any and all claims

arising out of or in connection with the issuance, sale, repayment, or other discharge of the Broadhollow Notes and Melville Notes, respectively, and (ii) the Broadhollow Indenture Trustee, the Melville Indenture Trustee and the holders of each of the Broadhollow Notes and Melville Notes, on the other hand and solely in their respective capacities as such and for no other purpose, on behalf of themselves and their respective current and former officers, members, agents, directors, predecessors, successors (including, without limitation, any plan trust established by order of the Bankruptcy Court to which any Debtors' assets are transferred as well as the trustee of any such trust), assigns, affiliates, and other representatives, in each case, solely in such capacity, fully and forever release, acquit, waive and discharge each other, of and from all and every manner of claims, including but not limited to, any action and actions, cause and causes of action, complaints, debts, covenants, rights, suits, judgments, representations, warranties, fees, demands, priority claims, unsecured claims, cure claims, deficiency claims, interest claims, penalty claims, administrative claims, counterclaims, and damages whatsoever, known or unknown, arising, accruing, assessed or assessable in respect of any periods and any transactions, contracts or agreements occurring or entered into in any periods (collectively, the "<u>Additional Released Claims</u>"), which Additional Released Claims shall be waived, released, forever barred, discharged and disallowed; <u>provided however</u>, that the foregoing releases shall not act as a waiver, release, bar, discharge or disallowance of any underlying claims or defenses related to the action styled as <u>American Home Mortgage Investment Corp. v. Lehman Brothers Inc. and Lehman Commercial Paper Inc.</u>, Civil Action No. 08-484-JJF, in the United States District Court for the District of Delaware.

### Escrow Funds

14. At Closing, the Debtors shall pay from the Miscellaneous Funds Escrow Account the sum of $703,162 to or on behalf of Broadhollow by wire transfer of immediately available funds to such account or accounts as shall be designated in writing to AHM Corp. by Assignee, including, without limitation, any account or accounts maintained by the Collateral Agent for the benefit of the Noteholders, and all remaining funds in the Miscellaneous Funds Escrow Account shall be released to the Debtors or the Plan Trust (as applicable). The Debtors shall have no further obligations to maintain the Miscellaneous Funds Escrow Account as described in the Order Approving And Authorizing the Stipulation Between the Debtors and Calyon New York Branch, as Administrative Agent [Docket No. 3918] and such funds may be used for general operating purposes and as set forth under the Plan.

### Additional Provisions

15. Unless and until a complaint is filed by Buyer against the Debtors, the Plan Trust and/or the Plan Trustee alleging a breach of any ongoing representation or warranty contained in the Sale Agreements and seeking damages therefor, the Debtors, the Plan Trust and/or the Plan Trustee shall not be required to establish any reserve under the terms of the Plan to satisfy any potential liability for a breach of any such representations or warranties.

16. To the extent that there are any inconsistencies between the Sale Agreements and this Order, the terms of this Order shall govern.

17. The issuance, transfer or exchange of the LLC Interests, or the making or delivery of an instrument of transfer pursuant to the sale, this Order and the Sale Agreements are being implemented and authorized under the confirmed Plan and, pursuant to 1146(a) of the Bankruptcy Code, may not be taxed under any law imposing a stamp tax or similar tax.

18. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Buyer are free to close under the Sale Agreements at any time, subject to the terms of the Sale Agreements.

19. The provisions of this order are nonseverable and mutually dependent.

20. The Court shall retain jurisdiction to resolve any dispute arising from or relating to the Sale Agreements or this Order.

Dated: Wilmington, Delaware
_____, 2010

_____
Christopher S. Sontchi
United States Bankruptcy Judge