UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------X

In re:

American Home Mortgage Holdings, Inc., et al[1]

Debtors.

------------------------------------------------------X

Chapter 11

Case No: 07-11047 (CSS)

Jointly Administered

**Objection Deadline: February 15, 2010 @ 4 p.m.**
**Hearing Date: February 18, 2010 @ 11 a.m.**

## FIRST APPLICATION OF THE RECEIVABLE MANAGEMENT SERVICES CORPORATION FOR COMPENSATION FOR SERVICES RENDERED AS COLLECTION AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD JULY 1, 2009 THROUGH DECEMBER 31, 2009

| | |
|---|---|
| Name of Applicant: | Receivable Management Services Corp. |
| Authorized To Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | July 1, 2009, Pursuant to Order Entered August 10, 2009 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2009 – December 31, 2009 |
| Amount of Compensation2 Sought as actual, reasonable and necessary: | $238,670.76 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0 |

This is a: ____ monthly  _X_  interim ____ final application

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.
[2] Pursuant to the RMS Engagement Letter (annexed hereto as Exhibit "A"), the Receivable Management Services Corporation, in absence of any objections, will be entitled to contingent compensation during the period, in the amount of $238,670.76.

Receivable Management Services Corporation
B. ELIZABETH PLANK, ESQ.
307 International Circle, Suite 270
Hunt Valley, Maryland 21030
Telephone Number:   (410) 773-4000
Facsimile Number:   (410) 773-4057

Collections Agent to the Committee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Case No.    07-11047 (CSS) |
| | ) | |
| American Home Mortgage Holdings, Inc., et al.[3] | ) | Chapter 11   Jointly Administered |
| | ) | |
| | ) | Date: |
| Debtors. | ) | Time: |
| | ) | Place: |

**Objection Deadline:  February 15, 2010 @ 4 p.m.**
**Hearing Date:  February 18, 2010 @ 11 a.m.**

FIRST APPLICATION OF THE RECEIVABLE MANAGEMENT SERVICES CORPORATION
FOR COMPENSATION FOR SERVICES RENDERED AS COLLECTION AGENT FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD JULY 1, 2009 THROUGH DECEMBER 31, 2009

TO THE HONORABLE CHRISTOPHER S. SONTCHI,

UNITED STATES BANKRUPTCY JUDGE:

The independent global collections firm of the Receivable Management Services Corporation
("RMS") hereby submits its First Application for Approval of Interim Compensation as
Collection Agent for the Official Committee of Unsecured Creditors for the Period July 1, 2009
Through December 31, 2009 (the "Application"). RMS respectfully represents:

---

[3] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment
Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home
Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak
Abstract Corp.

# I.

## INTRODUCTORY STATEMENT

1.    The Bankruptcy Services Department of the Receivable Management Services Corporation is a team of attorneys, paralegals and other professionals, experienced in all aspects of negotiating and, where appropriate, resolving avoidance actions arising under Chapter 5 of the bankruptcy Code.

2.    RMS has experience representing Trustees, Plan Administrators, Creditors Committees and debtor estates by pursuing avoidance actions and collecting recoveries on a contingent-fee basis. This function fulfills an important requirement of the fiduciary obligation of a committee and its members to all creditors: To recover money from those creditors who received payments in the ninety (90) days leading up to the bankruptcy that exceed the recovery to which they would otherwise be entitled under the U.S. Bankruptcy Code, while not unnecessarily pursuing or punishing creditors who have often already lost significant sums to the Debtor.

3.    This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    On August 6, 2007, the Debtors filed voluntary petitions for re-organization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware.

5.    On August 14, 2007, the Office of the United States Trustee (the "U.S. Trustee"), at an organizational meeting of creditors, appointed the following seven unsecured creditors to serve as members of the Official Committee of Unsecured Creditors (the "Committee"):

-3-

    a.  Wilmington Trust Company;

    b.  United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent;

    c.  The Bank of New York[4] Trust Company, N.A.;

    d.  Deutsche Bank National Trust Co.; as Trustee;

    e.  Nomura Credit & Capital, Inc.;

    f.  Impac Funding Corporation; and

    g.  Waldners[5] Business Environments, Inc.

6.    The Committee elected James McGinley of Wilmington Trust Company and Steven Sass, Esq. of The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then retained Hahn and Hessen, LLP as its counsel and the law firm of Blank Rome LLP as co-counsel.

7.    On July 15, 2009, the Committee filed the Application to Employ the Receivable Management Services Corporation as its Collections Agent *Nunc Pro Tunc* to July 1, 2009 (Docket No. 7614, the "Retention Application"), pursuant to the signed Engagement Letter (annexed hereto as Exhibit "A".) On August 10, 2009, an order was duly signed and entered by this Court authorizing the retention of RMS (Docket No. 7922, the "Retention Order"). RMS remains fully contingent, seeking payment only where recoveries are received. The percentage rate correlates with the case stage as outlined in the aforementioned Engagement Letter; here, no Answers were filed in the relevant proceedings, and thus, RMS is entitled to 25% of the recoveries actually received by the Committee.

8.    This is RMS' First Application for Compensation for professional services rendered on behalf of the Committee. RMS makes this Application pursuant to applicable provisions of the

---

[4] The Bank of New York Trust Company, N.A resigned from the Committee effective 11/13/07. The U.S. Trustee has appointed Law Debenture Trust Company of New York as a replacement member effective immediately.

[5] Waldners Business Environments, Inc. resigned from the Committee in the first quarter of 2008. The U.S. Trustee has not yet appointed a replacement.

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the District of Delaware, the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered September 4, 2007 (the "Compensation Procedures Order"), and additional orders entered by the Court.

9.    A detailed statement itemizing the settlements reached by RMS in this phase and fees in relation thereto are annexed hereto as Exhibit "B". The following is a summary of the total fees incurred by RMS during this application period:

|  | Total Settlements | Total Fees Due |
|---|---|---|
| 1st Omnibus | $111,794.67 | $27,948.69 |
| 2nd Omnibus | $283,976.64 | $70,994.16 |
| 3rd Omnibus | $298,483.51 | $74,620.88 |
| 4th Omnibus | $260,426.53 | $65,106.63 |
| | Total: | **$238,670.76** |

## II

## SUMMARY OF SERVICES RENDERED

10. By this Application, RMS seeks approval and payment for compensation for services rendered during the period from July 1, 2009 through December 31, 2009.

11. In rendering the services for which compensation is sought, attorneys, paralegals and staff of RMS negotiated the resolution of the enumerated avoidance actions on behalf of the Committee. Exhibit "B" annexed hereto contains a listing of each settlement amount, as well as the contingent fee due RMS.

12. The compensation RMS seeks is reasonable and is for actual and necessary services rendered by RMS. All of the services performed by RMS have been beneficial to the parties to these proceedings in that significant sums have been recovered, and this has enabled the case to proceed.

13.     The size and complexity of the Debtors' case as well as the numerous and complex issues of preference analysis required substantial expertise to resolve the issues. As a consequence, the demands of this case have been such that RMS' highly skilled professionals have devoted substantial time and effort to perform properly and expeditiously the required negotiation, case-by-case analysis and, where appropriate, resolution of the aforementioned avoidance actions on behalf of the Committee.

14. Each duty and task performed by RMS has been performed by the professional most qualified to render such services.

15. There is no agreement or understanding between RMS and any other person, other than the members, associates and employees of RMS, for the sharing of compensation received for services rendered in connection with this case.

## III

## CONCLUSION

For all of the reasons set forth in this application, RMS respectfully submits that the services it has rendered on behalf of the Committee during this case have been reasonably calculated to adequately represent and protect the interests of the Committee in this case. RMS submits further that it has provided such services in an economical and efficient manner, as the rates are fully contingent and paid only out of recoveries received. Accordingly, RMS requests that the relief requested in this Application be granted in all respects.

WHEREFORE, RMS PRAYS that this Court enter its order allowing RMS fees in the total amount of $238,670.76.

DATED in Hunt Valley, Maryland on this 28th Day of January, 2010.

Receivable Management Services Corporation
307 International Circle, Suite 270
Hunt Valley, Maryland 21030
Telephone Number:    (410)773-4000
Facsimile Number:    (410)773-4057

Collections Agent to the Committee

B. Elizabeth Plank, Esq.

Sworn and subscribed to before me this 28 day of January, 2010.

Notary Public

DENISE DIAZ
NOTARY PUBLIC
STATE OF MARYLAND
BALTIMORE COUNTY
MY COMM. EXP 12-7-12