Receivable Management Services Corporation
Hugh Kelly, Vice President of Operations
240 Emery Street
Bethlehem, PA 18015
Telephone Number:   (410) 773-4000
Facsimile Number:   (410) 773-4057

Collections Agent to the Committee

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Case No.   07-11047 (CSS) |
| | ) | |
| American Home Mortgage Holdings, Inc., et al[1] | ) | Chapter 11   Jointly Administered |
| | ) | |
| Debtors. | ) | |

DECLARATION OF HUGH KELLY IN SUPPORT OF
THE FIRST APPLICATION OF THE RECEIVABLE MANAGEMENT SERVICES
CORPORATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS COLLECTION AGENT FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD JULY 1, 2009 TO DECEMBER 31, 2009

STATE OF PENNSYLVANIA }
                      }SS:
COUNTY OF LEHIGH      }

I, HUGH KELLY, declare under the penalty of perjury as follows:

1. I am the Vice President of Operations for the Receivable Management Services Corporation ("RMS").

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

-1-

2. I have reviewed RMS' "First Application for Compensation and Reimbursement of Expenses as Collections Agent to the Official Committee of Unsecured Creditors" (the "Application") for the period July 1, 2009 to December 31, 2009 (the "Application Period") and this affidavit is submitted in support of the application.

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the Local Rule 2016-2, and the United States Trustees Guidelines issued April 22, 1995, by the U.S. Department of Justice.

4. All interested parties have received and are reviewing or have reviewed the application.

5. In charging for a particular service, RMS does not include the amortization of the cost of any investment equipment or capital outlay.

6. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines and the UST Guidelines, except as specifically noted herein and in the application and except to the extent that fees or disbursements sought are prohibited by the Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by RMS and generally accepted by RMS' customers.

7. A summary of the fees in this Chapter 11 case, during the Application Period are provided in <u>Exhibit "B"</u> annexed to the Application.

8. The following is a summary of the total fees incurred by RMS during this application period:

|  | Total Settlements | Total Fees Due |
| --- | --- | --- |
| 1st Omnibus | $111,794.67 | $27,948.69 |
| 2nd Omnibus | $283,976.64 | $70,994.16 |
| 3rd Omnibus | $298,483.51 | $74,620.88 |
| 4th Omnibus | $260,426.53 | $65,106.63 |
|  | **Total:** | **$238,670.76** |

11. RMS has received from, or on behalf, of the Debtors $0 for reimbursement of fees and expenses in this Chapter 11 case as Collections Agent to the Committee.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2010

_____
HUGH KELLY

Sworn and subscribed to before
me this 27 day of January, 2010

_____
Notary Public

NOTARIAL SEAL
PATRICIA A FIGURA
Notary Public
BETHLEHEM CITY, LEHIGH COUNTY
My Commission Expires Oct 11, 2010



# Exhibit A



**R·M·S**

RECEIVABLE MANAGEMENT SERVICES

307 International Circle, Ste.270
Hunt Valley, MD 21030
Tel: 410-773-4038
Fax: 410-773-4057
Wendy.Finnegan@rmsna.com
www.rmsna.com

Name: Wendy Finnegan
Managing Paralegal

July 2, 2009

James McGinley
Chairman of the Official Committee of Unsecured Creditors
 Of American home Mortgage Holdings, Inc., *et al*.

c/o Wilmington Trust Company
520 Madison Ave., 33rd Floor
New York, NY 10022

Re: American Home Mortgage, Inc. *et al*
    Management, Pursuit and Recovery of Avoidance Actions

Dear James,

This letter proposal, subject to approval by the United States Bankruptcy Court for the District of Delaware, when signed by you in your capacity as Chairman of the Unsecured Creditors Committee (hereinafter, "UCC") will serve as our authorization to assist the UCC by pursuing recovery on the Debtors' claims arising under Chapter 5 of the Bankruptcy Code (the "Avoidance Actions") for the UCC on behalf of the Debtors' estates.

As you may know, The Receivable Management Services Corporation is the largest commercial collection agency in the U.S. We service thousands of customers, ranging in size from the largest global corporations to the smallest "mom and pop" retail operations. We have nearly three thousand (3,000) associates worldwide in our facilities in the U.S., Canada, Mexico, Hong Kong and India. RMS and its predecessor, Dun & Bradstreet RMS, trace their heritage back more than 160 years to the earliest days of credit in the United States. We have more experience working with and for commercial creditors than any other organization in the world. We are known for our service and customer-satisfaction.

To complete our comprehensive suite of services to customers in all areas of credit, collection, litigation and recovery, some years ago we developed a Bankruptcy Services unit that offers a range of services to Debtors or creditors. Our Debtor Services division has been successfully representing

American Home Mortgage Holdings, Inc. Proposal
Page 2

trustees, creditors committees, and, occasionally, debtors' estates to pursue avoidance actions and collect recoveries on a contingent-fee basis. This is an important, but in the view of most creditors, unfortunate requirement of the fiduciary obligation of a committee member to all creditors: where appropriate, recover money for creditors at large from those who received a disproportionate share while not unduly pursuing creditors who have already lost great sums to a Debtors.

The case at hand provides a perfect opportunity for us to do what we do best – pursue the preference recoveries on behalf of the Creditors and convert those into money to distribute to creditors and fund the remaining activities required in the matter (litigation, etc.). Due to our contingent-fee structure, we are quite cost-effective, as <u>we are only paid out of recoveries received</u>.

There are no other fees, with the exception of a modest court-mandated "filing fee" which must be paid on those files where it is determined that suit would be appropriate. In addition, because we have been involved in the case since the outset, we are familiar with all aspects of the case and thus will not have the learning-curve issues that others that might seek to collect preferences would potentially have. These hallmarks of inexperience can both cause delay, and, even worse, at times result in the diminution of the recovery amount in a given case due to a lack of full understanding of the subtleties of arguments made by the other side (the defendants). Our expertly-trained staff, which includes attorneys and paralegals experienced in this type of preference pursuit and the associated negotiation techniques, are perfectly poised in this case to maximize all recoveries due.

After receiving data (as appropriate) from the Debtors and their Financial Advisors as well as the Financial Advisors to the UCC, an updated list of recipients of payments rendered by the Debtors (American Home Mortgage Holdings, Inc. *et al*) within the ninety (90) day period prior to the filing of their bankruptcy petition will be developed or verified. This typically arises from the check register, check copies and other corporate records. Rather than automatically send a letter to everyone who received any check in the ninety-day period as would be recommended by some of our competitors in the hope of "squeezing out a few dollars" from each creditor, it is our view that this is abusive and unnecessary. We build several steps into the process to avoid such action:

[1]   Use the records at hand as well as the official Court docket to quickly review the list of payment recipients in the preference period and determine those that clearly have complete or substantially complete defenses (e.g. their contracts were assigned and assumed, or they regularly were pre-paid for their products or services such that pursuing an avoidance action would fail as to the condition precedent of "antecedent debt".)

[2]   Where known from the records, determine those whose defenses appear complete or substantially so.

[3]   Identify those who, by virtue of the typical mode of doing business in their industry likely had a complete defense – ordinary course or otherwise. (An example of a preference defendant who may fit this last category is an insurance provider.)

American Home Mortgage Holdings, Inc.  Proposal
Page 4

After contacting each Target and demanding that they return the preference payments received, we arrange for and receive payments on behalf of the UCC. Unless otherwise instructed, we will direct preference recipients to remit payment via check made payable to "American Home Mortgage Holdings, Inc.". We then deposit the receipts into a separate account established on behalf of the Debtors' estates.

Since we are most effective at settling these matters if our professionals who negotiate with the Target are properly prepared in advance and armed with appropriate settlement authority, (thereby reducing the need to contact the client before negotiating or accepting a settlement offer) we track our efforts in a spreadsheet-style listing ("log") and can provide an update to you monthly or upon request.

As indicated, our rates are net of expenses and fully contingent at the rates indicated below (based on amounts actually collected for each file):

Domestic Files:

- 25% of amounts recovered on behalf of the UCC on each domestic file prior to the filing of an answer to the complaint ("Complaint") to avoid the target transfers ("Tier 1");
- 20% of amounts recovered on behalf of the UCC on each domestic file between Tier 1 and prior to the commencement of discovery ("Tier 2");
- 15% of amounts recovered on behalf of the UCC on each domestic file between Tier 2 and the commencement of motion practice and/or engagement in substantial discovery regarding the Complaint ("Tier 3"); and
- 10% of amounts recovered on behalf of the UCC on each domestic file after Tier 3.

Foreign Files:

- 35% of amounts recovered on behalf of the UCC on each foreign file prior to the filing of an answer to the complaint ("Complaint") to avoid the target transfers ("Tier 1");
- 28% of amounts recovered on behalf of the UCC on each foreign file between Tier 1 and prior to the commencement of discovery ("Tier 2");
- 20% of amounts recovered on behalf of the UCC on each foreign file between Tier 2 and the commencement of motion practice and/or engagement in substantial discovery regarding the Complaint ("Tier 3"); and
- 15% of amounts recovered on behalf of the UCC on each foreign file after Tier 3.

We agree that the foregoing terms will govern the retention of RMS subsequent to the effective date of the Debtors' plan of liquidation.

We recommend that you allow us to manage all files, even if counsel files suit where appropriate. We will continue to negotiate with those defendants who choose to negotiate rather than litigate.

American Home Mortgage Holdings, Inc.  Proposal
Page 5

Please sign below as our authorization to proceed. If you require additional information or have any questions or concerns, please do not hesitate to contact me directly.

Sincerely,

*Wendy Finnegan*
Wendy Finnegan

AGREEMENT ACCEPTED AND APPROVED:
American Home Mortgage Holdings, Inc.

By: James McGinley
Managing Director
Wilmington Trust Company
520 Madison Ave., 33rd Floor
New York, NY 10022

_____  7/14/09
Signature  Patrick J. Healy   Date
           Vice President

cc:
Mark Powers, Esq.
Mark Indelicato, Esq.
Jeffrey Zawadzki, Esq.
Edward Schnitzer, Esq.

# Exhibit B

# Exhibit B

| Preference Defendant | Settlement Amount | RMS Fee (%) | RMS Fee | 9019 Omnibus |
|---|---|---|---|---|
| Associated Software Consultants | $ 2,913.10 | 25% | $ 728.28 | First |
| Florida Business Furniture, Inc. | $ 1,283.48 | 25% | $ 320.87 | First |
| Hopewell Federal Credit Union | $ 1,644.00 | 25% | $ 411.00 | First |
| Icon Advisory Group, Ltd. | $ 4,369.95 | 25% | $ 1,092.49 | First |
| Mortgage References, Inc. | $ 6,265.50 | 25% | $ 1,566.38 | First |
| Wright, Lindsey & Jennings, LLP | $ 2,610.00 | 25% | $ 652.50 | First |
| 106th South Business Park | $ 8,141.85 | 25% | $ 2,035.46 | First |
| Clise Agency Trust | $ 9,163.86 | 25% | $ 2,290.97 | First |
| CORT Business Services Corp. | $ 7,405.98 | 25% | $ 1,851.50 | First |
| Deluxe Corporation | $ 10,560.48 | 25% | $ 2,640.12 | First |
| First Advantage Credco, LLC | $ 3,048.32 | 25% | $ 762.08 | First |
| Interthinx, Inc. | $ 15,609.93 | 25% | $ 3,902.48 | First |
| Judith Farrall | $ 6,018.44 | 25% | $ 1,504.61 | First |
| Lending Tree | $ 10,000.00 | 25% | $ 2,500.00 | First |
| Main Street DYL Associates | $ 8,060.00 | 25% | $ 2,015.00 | First |
| Mountainview Capital Group, LLC | $ 8,100.00 | 25% | $ 2,025.00 | First |
| Office Movers, Inc. | $ 6,599.78 | 25% | $ 1,649.95 | First |
| **First Omnibus 9019 Subtotal:** | **$ 111,794.67** | **Subtotal:** | **$ 27,948.69** | |

| Preference Defendant | Settlement Amount | RMS Fee (%) | RMS Fee | 9019 Omnibus |
|---|---|---|---|---|
| American Golf Corp. d/b/a Coyote Hills Golf Course | $ 12,500.00 | 25% | $ 3,125.00 | Second |
| Ballard Spahr, LLP | $ 17,463.30 | 25% | $ 4,365.83 | Second |
| Barsa Consulting Group | $ 3,030.00 | 25% | $ 757.50 | Second |
| Bayou Plaza Associates | $ 9,000.00 | 25% | $ 2,250.00 | Second |
| Careerbuilder, LLC | $ 15,000.00 | 25% | $ 3,750.00 | Second |
| Comsys IT Partners, Inc. | $ 24,044.80 | 25% | $ 6,011.20 | Second |
| Corporate Technologies, Inc. | $ 7,000.00 | 25% | $ 1,750.00 | Second |
| Diamond Parking Services, LLC | $ 1,500.00 | 25% | $ 375.00 | Second |
| East West Holdings, LLC | $ 16,835.89 | 25% | $ 4,208.97 | Second |
| eLynx, Ltd. | $ 6,500.00 | 25% | $ 1,625.00 | Second |
| Florida Association of Realtors | $ 1,000.00 | 25% | $ 250.00 | Second |
| Galaxie Coffee Service, Inc. | $ 500.00 | 25% | $ 125.00 | Second |
| HireRight, Inc. | $ 14,102.65 | 25% | $ 3,525.66 | Second |
| Inn on Biltmore Estate | $ 45,500.00 | 25% | $ 11,375.00 | Second |
| Kofax, Inc. d/b/a Kofax Image Products | $ 45,000.00 | 25% | $ 11,250.00 | Second |
| Ladenburg Thalmann & Company, LLP | $ 20,000.00 | 25% | $ 5,000.00 | Second |
| Sigmund Balaban & Company, LLP | $ 3,000.00 | 25% | $ 750.00 | Second |
| United Van Lines, Inc. | $ 30,000.00 | 25% | $ 7,500.00 | Second |
| Winston Support Services, LLC | $ 12,000.00 | 25% | $ 3,000.00 | Second |
| **Second Omnibus 9019 Subtotal:** | **$ 283,976.64** | **Subtotal:** | **$ 70,994.16** | |

| Preference Defendant | Settlement Amount | RMS Fee (%) | RMS Fee | 9019 Omnibus |
|---|---:|---:|---:|---|
| Bernard Hodes Group | $ 20,000.00 | 25% | $ 5,000.00 | Third |
| Building Champions | $ 26,250.00 | 25% | $ 6,562.50 | Third |
| Curran & Connors, Inc. | $ 4,000.00 | 25% | $ 1,000.00 | Third |
| Deloitte & Touche, LLP | $ 42,000.00 | 25% | $ 10,500.00 | Third |
| Deloitte Tax, LLP | $ 88,000.00 | 25% | $ 22,000.00 | Third |
| DialAmerica Marketing, Inc. | $ 2,109.13 | 25% | $ 527.28 | Third |
| Eeco Electric Corp. | $ 3,000.00 | 25% | $ 750.00 | Third |
| Greenberg Glusker Fields | $ 10,000.00 | 25% | $ 2,500.00 | Third |
| Gryphon Networks | $ 3,750.00 | 25% | $ 937.50 | Third |
| Helios & Matheson | $ 8,000.00 | 25% | $ 2,000.00 | Third |
| Lloyd Staffing | $ 5,482.38 | 25% | $ 1,370.60 | Third |
| Marriott International | $ 2,500.00 | 25% | $ 625.00 | Third |
| Meeting Management Services | $ 6,675.00 | 25% | $ 1,668.75 | Third |
| Michael James Industries, Inc. | $ 5,000.00 | 25% | $ 1,250.00 | Third |
| Progress Software | $ 49,500.00 | 25% | $ 12,375.00 | Third |
| Resume Mirror | $ 9,000.00 | 25% | $ 2,250.00 | Third |
| SAS Institute, Inc. | $ 3,217.00 | 25% | $ 804.25 | Third |
| Talx Corporation | $ 10,000.00 | 25% | $ 2,500.00 | Third |
| **Third Omnibus 9019 Subtotal:** | **$ 298,483.51** | **Subtotal:** | **$ 74,620.88** | |

| Preference Defendant | Settlement Amount | RMS Fee (%) | RMS Fee | 9019 Omnibus |
|---|---:|---:|---:|---|
| Bradley Marketing Group | $ 2,500.00 | 25% | $ 625.00 | Fourth |
| Colliers Meredith & Grew | $ 21,000.00 | 25% | $ 5,250.00 | Fourth |
| Columbia Properties Melville, LLC d/b/a Marriott Melville | $ 15,000.00 | 25% | $ 3,750.00 | Fourth |
| First Nebraska Title | $ 5,735.00 | 25% | $ 1,433.75 | Fourth |
| Lehr Construction Corp. | $ 5,000.00 | 25% | $ 1,250.00 | Fourth |
| McKee Nelson, LLP | $ 60,000.00 | 25% | $ 15,000.00 | Fourth |
| MGIC Investor Service Corp. | $ 35,000.00 | 25% | $ 8,750.00 | Fourth |
| Mortgage Success Source, LLC d/b/a Mortgage Market Guide | $ 12,000.00 | 25% | $ 3,000.00 | Fourth |
| Oakwood Corporate Housing | $ 18,000.00 | 25% | $ 4,500.00 | Fourth |
| Regent's Square | $ 10,000.00 | 25% | $ 2,500.00 | Fourth |
| SHPS, Inc. | $ 70,000.00 | 25% | $ 17,500.00 | Fourth |
| Tek Systems | $ 4,500.00 | 25% | $ 1,125.00 | Fourth |
| Town Park Commons | $ 1,691.53 | 25% | $ 422.88 | Fourth |
| **Fourth Omnibus 9019 Subtotal:** | **$ 260,426.53** | **Subtotal:** | **$ 65,106.63** | |
| **Grand Total:** | **$ 1,021,596.35** | **Total:** | **$ 238,670.76** | |