# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>Debtors, | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>)<br>) |
| <br>Mona Dobben<br><br><br>MOVANT | )<br>)<br>) Re: Docket No. 8424<br>)<br>)<br>) |

## MOTION FOR SUPERSEDEAS BOND

## TO PROTECT JUDGMENT FOR MONA DOBBEN

Mona Dobben respectfully requests that an appellant's bond on the judgment

entered by this Court is posted during the pendency of the appeal. Fed. R. Civ. P.

62(d); Fed. R. App. P. 8(b).

In support of this motion, claimant Mona Dobben states as follows:

## BACKGROUND

1.  After a full day evidentiary hearing before this Court on December 9, 2009, this

Court found in favor of Mona Dobben and on 12/17/2009 the judgment order was signed.

The Debtor appealed the decision on 12/24/2009.

2.  For some time now, a threat of insolvency has loomed over the American Home

Mortgage bankruptcy case.  Insolvency and ability to fund the confirmed plan depends in part on the successful pending sale of American Home Bank. A check of the OTS website has revealed that a decision is due of February 28, 2010. If this decision is negative, American Home may not have the funds to proceed with the confirmed plan.

| **Primary**<br>08462 - American Home Bank<br><br>CENTRAL Region | **Tracking #**<br>R3-2009-0340<br><br>**Delegation**<br>DELEGATED | |
|---|---|---|
| **Address**<br>220 West Huron Street, Suite 1000<br>Chicago, IL 60610<br><br>**Branch Address** | **Decision**<br><br><br>**Dates**<br>Date Filed: 12/03/2009<br>Decision Due Date: 02/28/2010 | **Application Information** |
| | **Type**<br>Type: OPERATIONS<br>Category: CAPITAL DISTRIBUTION(563.143)<br>Subcategory: IN EXCESS OF LIMITATIONS | |

3.  One criteria to consider for posting of a supersedeas bond includes the degree of confidence that the court has in the availability of funds to pay the judgment.

4.  Mona Dobben has not only suffered the loss of her good credit, but has out- of- pocketed tens of thousands of dollars trying to assert her rights in this case and undo the damages that have been done.

5.  American Home Mortgage has abused this senior citizen and continues to abuse

her beyond all conscionable measures. The continuation of this misery inflicted on Mona

Dobben goes on unabated as American Home is intent on running up expenses and

continuing to inflict injury on Mona Dobben. Mona Dobben has incurred substantial

costs and has no choice but to go forward.

6.    The Debtor on the other hand is in a wind down of business operations and

continues to spend millions on professional fees, and therefore paying a de minimis

judgment of $100,000 would have been in the best interest of the creditors and the estate.

It appears the Debtor will spend $100,000 to attempt to prevent Mona Dobben from

getting $100,000.  The Debtor may have other motives for this expense such as removing

this information from the docket. If this isn't an abuse of process, nothing is.

7.    The appeal of this Court's decision shows the utter lack of accountability and the

abuse of process is clear. The Debtor forced 70 year old Mona Dobben to expend more

resources in legal fees and fly half way across the Country for the evidentiary hearing in

direct contradiction to what American Home is bound to by the confirmed plan. The plan

language agreed to by the Debtors was as follows: "prior to objecting to a Borrower

claim…make a reasonable offer of settlement… giving due regard for the *prima facie*

validity....and the costs and relative hardships litigation would impose on…..the

borrower-claimant.  A reasonable offer was never made.

52.    Objections to Borrowers' Claims.  Prior to objecting to a Borrower Claim,

the Debtors, if before the Effective Date, or the Plan Trustee, if on or after the Effective Date,

shall (i) use reasonable efforts to contact the borrower-claimant to obtain information regarding

the factual and legal basis of the asserted Claim and (ii) make a reasonable offer of settlement as to the Allowed amount of such Claim, giving due regard for the *prima facie* validity of a properly filed proof of claim and the costs and relative hardships litigation would impose on the Plan Trust and the borrower-claimant. Any objection to a Borrower Claim (including, without limitation, any omnibus objection filed pursuant to Del. Bankr. L.R. 3007-1) shall be accompanied by a certification of counsel that the foregoing steps have been taken, and the notice of such objection shall (i) apprise the borrower-claimant of his or her right to appear telephonically at the hearing on such objection and (ii) be accompanied by a copy of the Bankruptcy Court's procedures regarding telephonic appearances. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Debtors or the Plan Trustee, as applicable, shall make reasonable efforts to notify borrower-claimants as soon as practicable concerning any adjournment of the hearing to consider the objection to their Borrower Claims.

8. Contrary to these provisions, the Debtors asserted that they believed Dobben had no claim but they were willing to give her a general unsecured non priority claim of $20,000. Accepting this would have meant an actual recoupment of $0- $100 as the confirmed plan is structured. This amount would not even cover one hour of her legal fees. The Debtors willfully ran up billable hours. When Dobben refused to give in, and concede her position without a fair hearing, the Debtor resorted to forcing Dobben to appear in Delaware.

In re Engel, 190 B.R. 206 (Bankr. D.N.J. 1995), appeal decided by 124 F.3d 567 (3rd Cir. 1997) Review of standard and cases - estate funds may not be used to benefit debtor's appeal Pursuant to Bankruptcy Code § 1141(a), all parties to a confirmed plan are bound by its terms. A confirmation order is a binding, final order, to be accorded full res judicata effect. *In re Heritage Hotel Partnership I*, 160 B.R. 374, 377 (9th Cir. B.A.P. 1993). *Aff'd without op.*, 59 F.3d 175 (9th Cir. 1995). As long as due process is complied with, a confirmed plan binds all entities that hold a claim or interest, even if they are not scheduled, have not filed a claim, have not received a distribution under the plan or are not permitted to retain an interest under such plan, *Id.*, A plan confirmation order

precludes the raising of issues which could or should have been raised during the pendency of the case. *Id.*

10.    The parties went to great measure to attempt to discredit Paula Rush. The Debtor's motivation for requiring Dobben to appear in Delaware was motivated by a desire to attack Dobben's representative, Paula Rush, whom they have seen as a threat to the Bankruptcy Proceedings.

9.    Both the unsecured creditors committee and the Debtors are using funds which do not belong to them, but belong to the estate, and as such they have no skin in the game. In fact, they benefit from fees earned engaging in this fight. It is unfair and unjust that these parties continue to abuse the bankruptcy process and waste estate funds.

10. This Court granted the Official Borrowers Committee recognizing the inherent conflict existed in unsecured committee when it involved borrower issues. In this case, Deutsche Bank is the Indenture Trustee on this loan, and Debtor in Possession Wilbur Ross is the new servicer who finished the foreclosure action. One wonders if this has anything to do with the extreme methods being used to quash Mona Dobben's claims and strike the record. The Borrower Committee went to great lengths to attempt to write language into the plan to avoid just this type of scenario. But the Debtor's willfully ignore what they agreed to. Is this a reasonable use of estate funds?

11. Mona Dobben sacrificed her claims, #10607, #10608, and #10609, for this settlement/judgment.

12. In this process, discovery was also never completed. The Debtors blocked a large part of the discovery.  Claimant reserves the right to seek this discovery.

13. The Debtor did not put any witness on the stand to counter any assertions made by Dobben in her lawsuit, proof of claim motions, or relief from stay motions. The only defense offered was they had nothing to do with problems Dobben encountered. The Debtor agreed the broker had committed extensive fraud, but the Debtor conducted no investigation into the Dobben claims and somehow determined that she had no claims.

14. American Home's defenses or lack thereof were  clear as they presented no evidence. On the other hand, the claimant's assertions were crystal clear in the overwhelming evidence presented at the evidentiary hearing even with the Debtor's substantial blocking of claimants discovery.

15.  This Courts decision was sound, fair and just. The Debtors offer no set of facts in the appeal statement that would lead to any other conclusion upon review.

16. Claimant Mona Dobben believes that the appeal will result in the same conclusion found in the first instance and this will be found to be a frivolous appeal.

Rule **8020**. Damages and Costs for Frivolous Appeal

If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or

bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Rule **8013**. Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

17.   Mona Dobben asserts that the Debtor should be found to lack standing to appeal, as there is no tangible or quantifiable benefit to the estate. The reversal of the de minimis amount of $100,000 after an estate outlay of more than half of this amount to contest it, will not materially change American Home's financial situation. The Debtor simply can't carry the burden of proof that pecuniary interest exists even if the appeal was successful.

Standing in bankruptcy appeals is more narrowly construed than Article III standing. See, e.g. Spenlinhauer v. O'Donnell ( In re Spenlinhauer), 261 F. 3d 113, 117 (1st. Cir. 2001)(standing in bankruptcy appeals is delimited "more stringently than the doctrine of Article III standing."

18.   In consideration of these facts, and what claimant believes is a frivolous appeal, Mona Dobben hereby requests that a bond or the equivalent cash is posted to ensure payment on the judgment which has been entered. Dobben hereby requests a bond of $300,000 is posted. This includes doubling the award to ensure payment if damages and costs are awarded for a frivolous appeal, plus at least $50,000 for legal costs of the appeal.

Respectfully submitted,

LAW OFFICE
DOUGLAS J. PETTIBONE

By: *Douglas J. Pettibone*

Tel: (714) 730-9091
Fax: (714) 245-7324
Pettibonelaw@hotmail.com
www.pettibonelaw.com

/S/ Vivian A. Houghton
Vivian Houghton
800 North West St, 2nd Floor
Wilmington, DE 19801
Phone: 302-658-0518
Fax: 302-658-5731
vivianhoughton@comcast.net