IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) |  |
| Corporation, et al., | ) | Courtroom 6 |
|  | ) | 824 Market Street |
| _____Debtors._____ | ) | Wilmington, Delaware |

January 12, 2010
9:14 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Debtors: | Young Conaway Stargatt & Taylor |
| | BY:  MICHAEL S. NEIBURG, ESQ. |
| | BY:   SEAN M. BEACH, ESQ. |
| | The Brandywine Building |
| | 1000 West Street |
| | 17th Floor |
| | Wilmington, DE 19801 |
| | (302) 571-6600 |
| | |
| ECRO: | LESLIE MURIN |
| | |
| Transcription Service: | DIAZ DATA SERVICES |
| | 331 Schuylkill Street |
| | Harrisburg, Pennsylvania 17110 |
| | (717) 233-6664 |

Proceedings recorded by electronic sound recording; transcript
produced by transcription service

APPEARANCES:
(Continued)


For AT&T:                       Archer & Greiner, P.C.
                                BY:  JENNIFER L. STORY, ESQ.
                                300 Delaware Avenue
                                Suite 1370
                                Wilmington, DE 19801
                                (302) 777-4350



For The Official Committee      Hahn & Hessen LLP
Of Unsecured Creditors:         BY:  EDWARD L. SCHNITZER, ESQ.
                                488 Madison Avenue
                                New York, NY 10022
                                (212) 478-7200

                                Blank Rome LLP
                                BY:  VICTORIA A. GUILFOYLE, ESQ.
                                1201 Market Street
                                Suite 800
                                Wilmington, DE 19801
                                (302) 425-6400


For ABN AMRO Bank:              Milbank Tweed Hadley & McCloy
                                BY:  ROBERT J. MOORE, ESQ.
                                BY:  FRED NEUFELD, ESQ.
                                601 South Figueroa Street
                                30th Floor
                                Los Angeles, CA 90017-5735
                                (213) 892-4000

For US Bank:                    Womble Carlyle Sandridge & Rice
                                BY:  MICHAEL BUSENKELL, ESQ.
                                222 Delaware Avenue
                                Wilmington, DE 19801
                                (302) 252-4320

For American Home Mortgage:     Eileen Wanerka


TELEPHONIC APPEARANCES:

For Eeco Electric:              Steven Breest

1    WILMINGTON, DELAWARE, TUESDAY, JANUARY 12, 2010, 9:14 A.M.

2              THE CLERK:  All rise.

3              THE COURT:  Please be seated.  You all right there,

4    Mr. Beach?

5              MR. BEACH:  Your Honor, I was going to apologize

6    when I got up, but I'm not trying to declare Tuesday casual

7    day, but I left my jacket in my office today, so I apologize.

8              THE COURT:  That's all right.  I'm not wearing mine

9    either, so.

10             MR. BEACH:  Well, you're allowed.

11             THE COURT:  Well, apology accepted.  You're not even

12   wearing a white shirt.  I should send you up to Judge Walsh.

13        (Laughter)

14             MR. BEACH:  Well, I figured since I wasn't in front

15   of Judge Walsh today I could get away with a blue shirt.

16             THE COURT:  Yeah, anything goes down here.

17             MR. BEACH:  Usually I hide it with a jacket a little

18   bit.

19             THE COURT:  Yeah.  All right.  And I apologize for

20   starting a little late.  The problem is, if I schedule these

21   hearings for 9:15 we won't start until 9:30, so all right.

22   Let's go.

23             MR. NEIBURG:  Good morning, Your Honor.  Michael

24   Neiburg from Young Conaway Stargatt and Taylor on behalf of the

25   debtors.  With respect to the agenda, Your Honor, Items Number

1  1 through 22 have either been resolved or adjourned.  And with

2  respect to Items 23 and 24, they were filed under cert. of no

3  objection.  I understanding that Your Honor has entered the

4  respective orders.

5            THE COURT:  Okay.

6            MR. NEIBURG:  Okay.

7            THE COURT:  Ms. Werkheiser (phonetic) says I do.

8            MR. NEIBURG:  Thank you, Your Honor.  Item Number 25

9  pertains to debtors 43rd omnibus objection to claims.  By this

10  objection, Your Honor, the debtors had objected to the Claim

11  10461 of the New York State Department of Taxation and Finance

12  on the grounds it was amended and superseded by a later filed

13  claim.  The -- New York responded and in their response they

14  basically said, we're objecting to the 43rd only if you're

15  saying 10693 is late filed.  We just want to put it forth on

16  the record that the debtors will not be objecting to Claim

17  Number 10693 as late filed, but they reserve the right to

18  object on any and other grounds.

19            THE COURT:  All right.

20            MR. NEIBURG:  So therefore -- and I notified New

21  York State of this decision and I do have a proposed form of

22  order reflecting that.

23            THE COURT:  Please approach.  Thank you.  All right,

24  anyone wish to be heard?

25      (No audible response)

1          THE COURT:  I hear none.  I'll sign the order on

2    consent.

3          MR. NEIBURG:  Thank you, Your Honor.  Next item,

4    Number 26, pertains to the debtors 44th omnibus objection to

5    claims, which had been adjourned with respect to, among other

6    claims, the claim of Huntington Paving and Eeco Electric Corp.

7    And Your Honor, with respect to the claim of Huntington Paving,

8    at a prior hearing Your Honor had asked for documentation

9    showing that the debtor did not own the subject property,

10   because I think the objection said that no liability as to this

11   claimant because a non-debtor entity owned it.  The debtor

12   entity, AHM Corp, was just a tenant.  And I -- if I may

13   approach, Your Honor, I have some documentation which reflects

14   that and this documentation is also pertinent to the objection

15   as to the claim of Eeco.

16          THE COURT:  All right.  Please do.  Thank you.  Go

17   ahead, I'm sorry.

18          MR. NEIBURG:  Okay.  Your Honor, I did not know it

19   at the time of the last hearing on the 44th, but the subject

20   property is located at 538 Broad Hollow Road in Melville, New

21   York.  I understand this property has been the subject of prior

22   filings, specifically by order dated August 10th, 2009.  Your

23   Honor approved the stipulation, which approved a license

24   agreement AHMSPV II, which is a non-debtor entity, American

25   Home Mortgage Corp., and the trustee of the subject mortgage.

1          And if you go to the where-as clauses, Your Honor,

2    in what I tagged, the license agreement, I think it goes right

3    through the fact that the Suffolk County Industrial Development

4    Authority holds legal title to this property.  The Development

5    Authority entered into a lease agreement with SPV, which is a

6    non-debtor entity with respect to this property on November

7    1st, 2003 and thereafter, on November 24th, 2003, the SPV

8    subleased this property to AHM Corp.

9          THE COURT:  Counsel on the telephone, please mute

10    your phone.

11          MR. NEIBURG:  So, Your Honor, I would indicate that

12    the license agreement would show that the debtor entity, HM

13    Corp., against which these claims are asserted, is not the

14    owner of the property, and therefore the claim of Huntington

15    Paving, which the debtors have no liability, that should be

16    expunged.  And I do have a proposed form of order reflecting

17    that.

18          THE COURT:  All right.  Thank you for that evidence.

19    I accept that as proof of ownership and I'll overrule the

20    objection.

21          MR. NEIBURG:  Overrule the objection, Your Honor?

22          THE COURT:  Overrule the -- grant the claim

23    objection and overrule the response.

24          MR. NEIBURG:  Okay.  Thank you, Your Honor.

25          THE COURT:  Is what I meant.

1      MR. NEIBURG:  May I approach with the order for

2   Huntington Paving?

3      THE COURT:  Yes.  Thank you for clarifying the

4   record.  Anyone wish to be heard in connection with this

5   matter?

6      (No audible response)

7      THE COURT:  Okay.  The Court hears --

8      MR. BREEST:  My name is Steven from Eeco Electric.

9      THE COURT:  Yes?

10     MR. BREEST:  Has that also been set for Eeco

11   Electric too or --

12     MR. NEIBURG:  I was going to get to Eeco Electric

13   next, Your Honor, because I understand that Steven Breest, who

14   I have communicated with, we tried to resolve it consensually.

15   And what I was trying to indicate to Steven was that, while the

16   debtors are not conceding to the fact they were actually the

17   contracting party with Eeco, in terms of the cost benefit

18   analysis going through and fighting whether or not HM Corp. was

19   a contracting party, we were going to allow the claim, but

20   wanted to reclassify it as a general unsecured claim, on the

21   basis that because HM Corp. does not own the property, there is

22   no proper basis as a secured claim.

23     THE COURT:  All right.  Mr. Breest, is it?

24     MR. BREEST:  Yes.

25     THE COURT:  All right, Mr. Breest, do you have a

1  response?

2          MR. BREEST:  You know, I'm not familiar with the

3  attorney aspect of all of this.  I'm just, you know, a

4  representative of the company.  As far as unsecured, secured,

5  I'm not really sure what that means --

6          THE COURT:  Well --

7          MR. BREEST:  -- but we were told that we couldn't

8  lien the building because it wasn't owned by American Home

9  Mortgage, it was a public entity.  So I mean, our contention is

10  that we've done all our work for American Home Mortgage and,

11  you know, we've supplied material and labor for items for the

12  building.

13          THE COURT:  Uh-huh.

14          MR. BREEST:  So I don't --

15          THE COURT:  All right.  So you contracted with --

16  well, someone and did work on the property.  You're

17  understanding --

18          MR. BREEST:  Correct.

19          THE COURT:  Your understanding is you were basically

20  working for this conglomerate company, American Home Mortgage.

21          MR. BREEST:  Correct.  And all our checks from them

22  were from American Home Mortgage, not from, you know, anyone

23  else that was stating that.

24          THE COURT:  All right.  And you want to assert, in

25  effect, what's probably generally known as a mechanics lien on

1  the property.

2            MR. BREEST:  Right, which we were also told by an

3  attorney at the time that we would be possibly held liable for

4  holding up the bankruptcy process and that we could be

5  prosecuted.

6            THE COURT:  All right.  Well, the problem is, first

7  of all, let me correct that.  To the extent that the debtors

8  are asserting they don't own this property, you can assert a

9  mechanics lien against it because it's not property of the

10 estate and it would not -- that would not be prohibited by the

11 bankruptcy code.

12           MR. BREEST:  It would not, but --

13           THE COURT:  Now you --

14           MR. BREEST:  I don't know if it holds true in all

15 states, but in New York they said that you can't file a lien

16 against a publicly owned property.  I mean, not publicly -- you

17 know, like say if the County owns it.

18           THE COURT:  Oh, well that's a different issue.  I'm

19 sorry, I didn't understand that.  This is a --

20           MR. BREEST:  Right, yeah, I may not have been clear.

21           THE COURT:  -- government owned property?

22           MR. BREEST:  Yeah, government.  Yeah.

23           THE COURT:  All right.  Well, whatever state law is,

24 listen to your attorney.  I thought you were talking about

25 bankruptcy law.  There is nothing in bankruptcy --

1          MR. BREEST:  Right.  No, he didn't mention the

2     bankruptcy though.  He said that could be considered impeding

3     the bankruptcy proceedings.

4          THE COURT:  All right.  Well, that's what I was

5     addressing.  It's not.

6          MR. BREEST:  It's not.

7          THE COURT:  Okay.  But if there's a reason under New

8     York law you can't do it, don't do it.  What it means in

9     connection with your claim against the debtors is that -- and

10    it's a big difference -- if your claim is secured by property

11    it's like do you own a home, sir?

12         MR. BREEST:  Yes.

13         THE COURT:  All right.  You got a mortgage, right?

14         MR. BREEST:  Yes.

15         THE COURT:  All right.  You don't pay your mortgage,

16    god forbid, the company -- the bank can come after you and sue

17    you for $100,000 and say look, you own me $100,000 you need to

18    pay it.  Most people don't have enough money hanging around to

19    pay off their mortgage, so what the bank can do is they can

20    say, all right he owes me a hundred grand, but he hasn't paid

21    me, I'm going to foreclose on his house and I'm going to sell

22    his house and I'm going to get what I'm owed out of selling his

23    house at a foreclosure sale.

24         They can only do that because they have something

25    called a security interest in your house.  You have pledged

1  your house as collateral to protect them in connection with

2  their loan, okay?  If they didn't have that, they couldn't go

3  after your house.

4           MR. BREEST:  Right.

5           THE COURT:  In this instance, under state law,

6  generally speaking, someone who does work on a property,

7  electric, construction, what have you, who doesn't get paid,

8  can assert a lien against that property, it's usually called a

9  mechanics lien, okay?  And that's the same thing as asserting a

10 mortgage.  So if they don't pay you, you can go say all right,

11 fine, I'm going to force you to sell the property and I'm going

12 to get paid out of what you get for the property, all right?

13          MR. BREEST:  Right.  No, I am somewhat familiar with

14 a mechanics lien.

15          THE COURT:  Oh, okay.  I apologize, but --

16          MR. BREEST:  No, no, that's fine.  Thank god our

17 company in 30 years has only had to do it like two or three

18 times.

19          THE COURT:  Well, yeah.

20          MR. BREEST:  And actually, American Home Mortgage,

21 we did lien them, but we were told after the second renewal of

22 the lien that it would, you know, be like impeding the

23 bankruptcy process and we were kind of advised to release the

24 lien, like not continue it.

25          THE COURT:  All right.

1          MR. BREEST:  Because it's only valid for one year

2    and then you have to renew it.

3          THE COURT:  All right.  Well --

4          MR. BREEST:  So, I mean, at this -- I'm sorry.

5          THE COURT:  Go ahead.  I'm sorry.

6          MR. BREEST:  So at this point, like our company,

7    it's not that big of a company, so the amount that we put --

8    are owed is not just money that's, say, our profit. It's all

9    money that we laid out for materials, goods, services, labor,

10   we had to pay other contractors --

11         THE COURT:  Sure.

12         MR. BREEST:  -- in that.  And I just don't know how

13   we go -- we -- when this bankruptcy happened, we were just

14   forwarded papers from the bank.  So how, all of a sudden, does

15   it go from being secured -- like who put us in the secured to

16   begin with and now they want to go unsecured, just so they

17   don't have to pay us the money.

18         THE COURT:  Yeah.  Well, here's the problem, you

19   don't have a security interest in anything they own, okay?

20         MR. BREEST:  Uh-huh.

21         THE COURT:  So as a result, they clearly owe you the

22   money, but whatever claim you have is not -- you don't have an

23   interest in anything they own, any collateral, because they

24   don't own the property you did the work on.  So you have a

25   claim, all right, that's the good news.  Here's the bad news,

1  it's -- if it was secured, it'd get paid in full in all

2  likelihood, or they could turn the property over to you.

3  Because it's unsecured, you're going to get somewhere between 1

4  and 2 cents on the dollar.

5          MR. BREEST:  Yeah and that's --

6          MR. NEIBURG:  Your Honor --

7          MR. BREEST:  Plus, I mean, just a little

8  backtracking.  I mean, not only did we have to lay out all of

9  this money, but we were also sued and we had to pay $3,000 and

10  some bankruptcy thing where they -- what was that called?

11  Where the payments weren't in a timely fashion for some point.

12  I'm trying to think of the name of that thing.

13          THE COURT:  Have you brought --

14          MR. BREEST:  Where they can get back all the money

15  that they paid 90 days previous to the bankruptcy.

16          THE COURT:  Yeah.

17          MR. BREEST:  So I mean, I'm -- not only are we out

18  this money, but they were also sued us for that money, which we

19  had to settle for $3,000.

20          THE COURT:  Yeah.

21          MR. BREEST:  I mean, I just don't understand this

22  whole concept.  And I mean, I'm probably just venting out of

23  line, but you know, for a small company it's like all of a

24  sudden this company we did work for, not only owes us money,

25  but we had to pay them and then now it's back down to say, we

1    only making $1,200 out of this.  And basically, this almost put

2    us bankrupt also.

3              THE COURT:  Yeah.  Well, sir, believe I hear you

4    completely and I understand -- well, two pieces.  One, that the

5    issue of getting paid 90 days before the bankruptcy and the

6    debtor being able to get that money back, you have a claim for

7    the money you gave up, but obviously hundreds and dollars in

8    the bank is better than one-and-a-half percent, by a lot.

9              MR. BREEST:  Right.

10             THE COURT:  There's not a lot I can do about that,

11   other than to tell you to write your Congressman.  I'm sorry to

12   say.  Unfortunately -- well, probably fortunately for the

13   world, I don't get to make the law.

14             MR. BREEST:  Right.

15             THE COURT:  Your -- and this is the place to vent,

16   so it's not inappropriate at all.

17             MR. BREEST:  Oh, okay.  No, because we were told in

18   the beginning that they -- you know, we saw the auctions, we

19   saw everything that they were doing, but in the beginning they

20   said the same thing that I'm being told now, that I'm only

21   going to get 1.2 percent or something like that.

22             THE COURT:  Well --

23             MR. BREEST:  So, you know, they were getting all of

24   this money back to pay everyone, but yet the money that I was

25   told I was going to supposedly get back has not changed.

1              THE COURT:  Well, unfortunately that's the case.

2    This company owes billions of dollars and it was a complete

3    meltdown of their business.  It went from, at least operating

4    at full bore, if not profitably, but actually I believe

5    profitably, to not having --

6              MR. BREEST:  No, we know full well kind of -- we

7    worked in the headquarters with the President, so we were kind

8    of hearing things at the time.  But, you know, from that point

9    on -- some of the people in there says, you know, we may have

10   enough to cover this.  But then they did all these auctions and

11   everything else and the dollar amount to people that were owed

12   hasn't changed, but yet they received all money from auctions

13   and selling stuff, you know.

14             THE COURT:  Well, unfortunately they didn't get very

15   much, because of the fact that at the time, and maybe even

16   continuing to today, we're in the worst recession, or you can

17   call it a depression, since the 1930s, the last 80 years.

18   There's not a lot -- well, there's nothing I can do for you.  I

19   mean, you have an unsecured claim under the law that --

20             MR. BREEST:  Right.  Well, what about the material

21   that we put into the building?  I mean, if that's not paid for,

22   that's still considered ours?

23             THE COURT:  Well, I can't tell you that today.  But

24   again, since the debtor doesn't own that material, they don't

25   own the property, and once it's affixed to the property, you're

1  doing electric work, I take it?

2            MR. BREEST:  Correct.

3            THE COURT:  Once you run the wires, et cetera, it's

4  part of the building.  So the only person or entity you can go

5  after is the person who owns the building, in connection with a

6  lien, but what I'm hearing from you, and I certainly strongly

7  encourage you to listen to New York counsel on what you can and

8  can't do as a matter of New York law -- I'm not a New York

9  lawyer and I couldn't give legal advice anyway -- but I

10 strongly -- but here is some, or at least practical advice.

11 Listen to your lawyer about what you can or can't do with the

12 property that's not property of the estate.  But what I'm

13 telling you today at least is, as far as the bankruptcy is

14 concerned, there is no reason that you could not assert a lien

15 against property that the debtor does not own, which would

16 include this property according to their admission and

17 assertion today.

18           MR. BREEST:  Well, there's a time limit on filing

19 liens too.

20           THE COURT:  Well, yeah, I understand.  I can't help

21 you there.  It is what it is.

22           MR. BREEST:  Yeah.

23           THE COURT:  The bottom line is, you don't have a

24 secured claim.  You're going to have an allowed secured claim

25 in the amount you've asserted, but the payout is miniscule and

1  there's -- frankly, there's nothing I can do for you on that.

2         MR. BREEST:  All right.

3         THE COURT:  All right.  I wish you all the best,

4  sir.

5         MR. BREEST:  All right, thank you.  So at this

6  point, what does this mean?  They're going to go from secured

7  to unsecured and then you guys do whatever you do?

8         THE COURT:  You'll get paid --

9         MR. NEIBURG:  Well, once the plan goes effective, I

10 think it's a general unsecured claim, I don't know the timing

11 of payouts of allowed general unsecured claims.

12        THE COURT:  So you'll get paid sometime in the

13 future.

14    (Laughter)

15        THE COURT:  Yeah, I know, and I can't tell you

16 today, and you won't get interest on it.

17        MR. BREEST:  Well, I'll be honest with you, I won't

18 be holding my breath for the $1,200.

19        THE COURT:  Well, please don't.

20        MR. BREEST:  No, no.

21        THE COURT:  All right.

22        MR. BREEST:  It's just, you know, we've been a

23 strong company for 30 years now and it's just, this really took

24 a hit on us, especially with this economy, and it's just -- I

25 have no recourse and I just feel like I've been getting the

1  brunt of it.  And then it was almost an insult to injury when

2  they say I owe them another $3,000.

3          THE COURT:  Yeah.  Yeah.  When I was a lawyer, I

4  represented a lot of people who got sued, just like you did,

5  and to say they weren't pleased is the understatement of the

6  year.  I mean, it's absolutely maddening to be owed that kind

7  of money and then have to give some back.

8          MR. BREEST:  No, I mean, I will be honest I do

9  understand that law, because there is unscrupulous people out

10  there that will be like, well I'm going to go bankrupt, here's

11  $5 million Cousin Joe, you know, and then you know, they could

12  get that money back to pay people such as myself who

13  legitimately worked and paid material for this money.

14          THE COURT:  Yeah, it's a slightly different issue,

15  but I understand.  I understand.

16          MR. BREEST:  Yeah.

17          THE COURT:  All right, sir.  I've -- I'm going to

18  sustain the debtors' objection to your claim and I'm going to

19  reclassify it from a secured claim to an unsecured claim.

20          MR. BREEST:  Okay.

21          THE COURT:  All right.

22          MR. NEIBURG:  Thank you, Your Honor.  I just -- for

23  the record, Mr. Breest and I have had several conversations

24  along the same lines, and I understand his frustration.  We

25  tried to reach a consensual resolution prior to this hearing,

1    just wasn't able to get an agreement on the classification of

2    the claim.

3              THE COURT:  I understand.

4              MR. NEIBURG:  May I approach with the order, Your

5    Honor?

6              THE COURT:  Yes, you may.  Thank you.  All right,

7    I'll sustain the objection and overrule the response.  Mr.

8    Breest, if you want to hang up, please feel free to do so,

9    because we do have some more business to --

10             MR. BREEST:  All right.  Thank you for your time.

11             THE COURT:  You're welcome, sir.

12             MR. BREEST:  All right.  Bye-bye.

13             MR. NEIBURG:  And, Your Honor, if I may suggest that

14   we skip over Item Number 27 to go to 28, the last claim issue

15   and then we'll come back to 27.

16             THE COURT:  Okay.

17             MR. NEIBURG:  I'll cede the podium to Mr. Beach.

18             MR. BEACH:  Your Honor, with respect to the debtors

19   forty-eighth omnibus objection, we received one informal

20   response by Transwestern, and we adjourned that matter, but

21   everything else is going forward, with respect to the 48th

22   omnibus objection.  And, Your Honor, I also have subsequent to

23   the adjournment, but prior to this hearing, the debtors and

24   Transwestern have reached a form of stipulated order, which the

25   parties have executed, and subject to Court approval, will

1  resolve the objection and also the claim.

2          THE COURT:  Okay.

3          MR. NEIBURG:  May I approach with -- I guess, with

4  respect to the forty-eighth omnibus objection, Your Honor?

5          THE COURT:  I have two issues.

6          MR. NEIBURG:  Okay.

7          THE COURT:  Very minor, but Exhibit A, no liability

8  claims.  It appears that, in connection with the Cole County,

9  Missouri, and the Forsyth County claims, which are Claims 10729

10 and 10730 for Cole County, and 10635 for Forsyth, that the

11 claims should be disallowed as no -- not as no-liability

12 claims, but as duplicate claims, and maybe you can address, if

13 you can on the fly, that question.

14         MR. NEIBURG:  I think, Your Honor, the reason why we

15 didn't stick with the duplicate claim objection is that the

16 claim -- proof of claim form itself did not stick with your

17 prototypical duplicate.  It was filed on different dates, but

18 what it is, is the amount claimed by these numbers subsumed

19 within a prior court order and another proof of claim.  So say

20 for instance, the 8452 claim by Cole County on account of 10729

21 is part of a larger amount that had been claimed, but for the

22 same services or taxes.

23         THE COURT:  All right.  What about Forsyth?

24         MR. NEIBURG:  I believe it's the same --

25         THE COURT:  Same issue?

1        MR. NEIBURG:  -- analysis, Your Honor.

2        THE COURT:  Let me look at it.

3     (Pause in proceedings)

4        THE COURT:  Sorry, I'm just checking something.

5        MR. NEIBURG:  No problem.

6        THE COURT:  That's fine.  I'll sign the order.

7        MR. NEIBURG:  Your Honor, I have the proposed form

8  of order with the exhibits, as well as a blackline of the

9  order.

10        THE COURT:  Please approach.  Having provided the

11  other order would have been helpful.  The subsuming and the

12  other claim.

13        MR. NEIBURG:  Oh, sorry.

14        THE COURT:  That's all right.  And by that I mean at

15  the time of the claim.

16        All right.  I'll -- based on the additional

17  information, I will overrule the response and grant the claim

18  objection.

19        MR. NEIBURG:  Thank you, Your Honor.  And with

20  respect to the objection as to the claim of Transwestern 535

21  Connecticut LLC, prior to the hearing, Your Honor, the parties

22  have reached a proposed form of stipulated order, whereby

23  Transwestern will be granted limited stay relief to offset the

24  claimed amount against the security deposit currently held by

25  Transwestern, which is owed to American Home Mortgage Corp.

1   After that has happened, Claim 1881 would be deemed satisfied

2   and within 90 days Transwestern is required to submit a check

3   for approximately $7,000 to the debtor, which is the excess of

4   the security deposit, minus the claimed amount, which is about

5   $10,000.  So the security deposit is about $17,000, Your Honor.

6            THE COURT:  Okay.  All right, please approach.

7            MR. NEIBURG:  Thank you, Your Honor.

8            THE COURT:  Does anyone wish to be heard in

9   connection with this matter?

10       (No audible response)

11           THE COURT:  Okay.  The Court hears none.  I'll

12  approve the agreement.

13           MR. NEIBURG:  Thank you, Your Honor, that's all I

14  have.  At this time I'd like to cede the podium to Sean Beach

15  for Item Number 27 on the agenda.

16           THE COURT:  All right, Mr. Beach.

17           MR. BEACH:  Good morning, Your Honor.  For the

18  record, Sean Beach from Young Conaway on behalf of the debtors.

19  Your Honor, Item Number -- what I'd like to do if it's

20  acceptable to Your Honor is skip Item Number 27.  I have two

21  other items that I think will be pretty quick and then parties

22  who are here for Item Number 29 and the other matter I wanted

23  to raise with Your Honor can leave the courtroom.

24           Item Number 29, Your Honor, is with respect to three

25  preference actions and it's -- we have a consensual scheduling

1    order that we'd like to submit to Your Honor.

2                THE COURT:  All right.  Please approach.

3                MR. BEACH:  May I approach?

4                THE COURT:  Yep.  Thank you.  I can't wait to call

5    Judge Shannon.

6                MR. BEACH:  Oh, Your Honor.  I am embarrassed the

7    way -- I thought about switching jackets with Mr. Neiburg, but

8    I figured changing midstream would just look more silly.

9        (Laughter)

10               THE COURT:  I think it'd look like a cloak on you if

11   you changed with Mr. Neiburg.

12               MR. BEACH:  Well, maybe Mr. Schnitzer would be

13   closer.

14               Your Honor, the next item I'd like to address is

15   Item Number 15, which was adjourned on the agenda.  It's

16   related to a claim of Mr. Rucker.  You've heard issues related

17   to Mr. Rucker in this case.  I'm pleased to report that we do

18   have a consensual resolution of the claim, and in connection

19   with that settlement, Mr. Rucker will be dismissing the

20   preliminary injunction, or TRO, that it filed against the

21   debtors as well.

22               Your Honor, the settlement is relatively simple, but

23   what is -- what we view it as is a win-win for both parties.

24   It allows Mr. Rucker a six month period, with certain

25   extensions that he can purchase, to purchase the property in

1  question for a certain price.  It starts out at $125,000 if he

2  doesn't repurchase -- or purchase the property by the end of

3  January, it goes up to $130,000, and then Mr. Rucker can

4  purchase some additional extensions in order to buy the

5  property, which you know, he has been working to keep in his

6  family.  So we have reached that consensual resolution.

7            In connection with that resolution, he will withdraw

8  his claim and the litigation and release any other claims

9  against the estate.  And again, it provides him a runway to

10  come up with the financing to purchase that property.  Unless

11  Your Honor has any questions, I have a consensual order that

12  the committee consents to and Mr. Rucker's counsel has

13  consented to.  May I approach?

14            THE COURT:  Yes.  I understand Mr. Rucker's on the

15  phone.  Do you wish to be heard, sir?

16            MS. WANERKA:  Your Honor, he is not present right

17  now.

18            THE COURT:  Oh, he is not.  Okay.

19            MS. WANERKA:  Okay.

20            THE COURT:  Well, does anyone wish to be heard?  Mr.

21  Stang or Stang or -- I can't -- Stange?  I'm going to give up.

22  I'm going to give up.

23            MS. STORY:  Story?

24            THE COURT:  Oh, there you are.  I'm sorry.

25            MS. STORY:  We're in agreement.

1          THE COURT:  All right.  Thank you.

2          MS. STORY:  Thank you.

3          THE COURT:  No, but I'm looking for Mr. Rucker's

4    counsel, but thank you.  All right, I don't hear anyone.  I'll

5    sign the order.

6          MR. BEACH:  Thank you, Your Honor.  Your Honor, that

7    brings us to Item Number 27 on the agenda.

8          Item Number 27 is the request of the debtors for the

9    allowance of a 506(c) claim against certain real property that

10   the debtors owned, recently a consensual stay relief order was

11   entered and now Park National has control of that property.

12   The debtors reserved, or preserved, all of their 506(c) rights,

13   including the 506(c) claim related to certain ad valorem

14   property taxes.  What the parties have agreed to is to go

15   forward today only with respect to legal argument related to

16   the 506(c) ad valorem tax portion of the 506(c) claim.  And the

17   specific question that I think that's before Your Honor today

18   is whether, as a matter of law, the $274,920 of ad valorem

19   property taxes paid by the debtors during these Chapter 11

20   cases is recoverable pursuant to Section 506(c) of the

21   Bankruptcy Code from the property securing the secured claim of

22   Park National.

23         The other 506(c) claims the debtors have preserved,

24   as well as certain other defenses, will be held for another day

25   and potentially an evidentiary hearing, but I believe that the

1  parties are in agreement that the resolution of this issue may

2  help bridge the gap towards a consensual resolution and we

3  think that it's most efficient to go forward with legal

4  argument on this point today.

5           THE COURT:  Let me ask you a couple questions, if I

6  may.  I take it the taxes were paid?

7           MR. BEACH:  Yes, they were paid into an escrow that

8  Park National maintains.  And I'm presuming that Park National

9  has made those tax payments on the property.

10           THE COURT:  All right.  We'll -- I'll ask Mr.

11  Busenkell when we get there, but what would have been the --

12  and maybe this is more to Mr. Busenkell, what would have been

13  the effect on the property if those taxes were not paid in a

14  timely manner by the debtor.

15           MR. BEACH:  Well --

16           THE COURT:  Presumably a lien would attach -- or

17  could attach?

18           MR. BEACH:  Yes, Your Honor.  A lien and pursuant to

19  Illinois Code Section 2175, a lien for taxes, the taxes -- and

20  I'll quote, "The taxes upon a property, together with all

21  penalties, interest and costs that may accrue thereon, shall be

22  prior and first lien on the property, superior to all other

23  liens and encumbrances, from and including the first day of

24  January in the year in which the taxes are levied until the

25  taxes are paid or until the property is sold under the code."

1            So those tax liens would be superior to the mortgage

2   of Park National.  So, Your Honor, as you might have gleaned

3   from the properties, our primary --

4            THE COURT:  So the issue then becomes, if you don't

5   pay these taxes, Park National's mortgage is -- sits behind

6   $290,000 worth of taxes?

7            MR. BEACH:  Absolutely, Your Honor.

8            THE COURT:  And a lien for those taxes.  And how is

9   it that the claim -- the maintenance and payment of those taxes

10  was a necessary cost of preserving the estate?  In other words,

11  if you hadn't paid them, how would it have affected the estate,

12  as opposed to Park National?

13           MR. BEACH:  Your Honor, I'm not trying to be

14  evasive, but I will get to that in one second.  I do want to

15  make clear that the debtors' primary argument is you don't even

16  need to get to that argument based on the new statutory

17  amendments under the 2005 amendments, which expressly state

18  that the --

19           THE COURT:  Well, no.  Trustee may recover from

20  property securing an allowed secured claim reasonable,

21  necessary costs and expenses of preserving the property.  Okay,

22  so you're saying State's out of the picture.  It's an issue of

23  reasonable and necessary costs and expenses of preserving the

24  property, to the extent of the holder of the claim and then

25  there's an inclusion, I'm sure, that doesn't -- you know,

1  including doesn't mean anything other than -- well, including

2  means including.  So if the taxes were paid by the debtor and

3  the taxes were reasonable necessary costs of preserving the

4  property, you get paid.  Not the estate, but the property.

5           MR. BEACH:  I -- that is absolutely true, Your

6  Honor.  We also --

7           THE COURT:  So my question -- my previous question

8  is irrelevant.

9           MR. BEACH:  That's what we would assert.  Although,

10 Your Honor, we do certainly believe that had we not paid those

11 taxes during the course of these bankruptcy cases, we could

12 have been subject to recourse from the taxing authority,

13 including potentially seeking stay relief and foreclosing on

14 the property.

15          THE COURT:  Well, you didn't own the property?

16          MR. BEACH:  We were trying to sell these --

17          THE COURT:  Oh, you did own the property?

18          MR. BEACH:  We did own this property, we did.

19          THE COURT:  You own this property subject to a

20 mortgage?

21          MR. BEACH:  That's right, Your Honor.  And the --

22 you know, over the course of these bankruptcy cases, we were

23 working to sell the property.  So having that encumbrance on

24 the property would have caused additional problems with our

25 efforts to sell the property, which Park National --

1          THE COURT:  Which were ultimately unsuccessful in

2   any event?

3          MR. BEACH:  They were, Your Honor.

4          THE COURT:  And the money received was less than the

5   balance on the mortgage?

6          MR. BEACH:  No money was actually received, because

7   --

8          THE COURT:  You turned it over?

9          MR. BEACH:  We turned over the property.

10          THE COURT:  But the only offer you had was below the

11   amount of the mortgage?  The only offer that actually got close

12   -- reasonably close to closing was below the mortgage value?

13          MR. BEACH:  That's right, Your Honor.  We had some

14   offers above that, but they ultimately after due diligence,

15   reduced those offers.

16          THE COURT:  So --

17          MR. BEACH:  So, Your Honor, we do believe that is an

18   actual and necessary benefit, but we don't believe it's even

19   necessary in connection with the 2005 changes, based on the

20   plain language of the statute, which says including all ad

21   valorem property taxes.

22          THE COURT:  Well, I get that.  I mean, I get that.

23   Well, I guess you're saying that that means that the payment of

24   all taxes, ad valorem taxes, is per se an actual and necessary

25   cost of preserving the property?

1          MR. BEACH:  Yes.  And, Your Honor, I would submit

2    that without that reading of the statute, it would be

3    meaningless to have made that amendment to the statute, because

4    of you read that provision --

5          THE COURT:  But there were cases that said that it

6    could go either way, right?

7          MR. BEACH:  Based on the facts and circumstances

8    test.

9          THE COURT:  Right.

10         MR. BEACH:  And without -- and based on the

11   amendment to the code, we're saying that the facts and

12   circumstances test is no longer relevant to specifically ad

13   valorem property taxes, and that's supported by the legislative

14   history, in connection with the 2005 amendments, which were --

15   you know, based on the legislative history, which were meant to

16   enhance the collection and the support for liens on property

17   taxes or taxes in general, but certainly including ad valorem

18   property taxes.

19         THE COURT:  Now there's no dispute that the taxes

20   were owed in the amount paid?

21         MR. BEACH:  No -- not that I am aware of, Your

22   Honor.

23         THE COURT:  Okay.  Let me hear from Mr. Busenkell,

24   please.

25         MR. BUSENKELL:  Your Honor, first to answer a

1  question that you posed to Mr. Beach.  I understand that the

2  taxes were paid into escrow.  I believe the taxes have been

3  paid as Your Honor astutely pointed out, if they did there

4  would be ramifications that we don't want.  So I'm checking on

5  that, but I believe they have been.

6          First of all, Mike Busenkell on behalf of U.S. Bank

7  National Association, as successor in interest to Park

8  National.  We don't agree with the debtors' interpretation of

9  the post-BAPCPA 506(c) language and their argument that a

10 surcharge is now automatic when it comes to real property; ad

11 valorem taxes.  Nothing in the language that's been added to

12 506(c) makes the surcharge automatic simply because the nature

13 of the claim is a property tax.

14          THE COURT:  All right, then so what was the effect

15 of the amendment?

16          MR. BUSENKELL:  I think as Your Honor alluded to,

17 there was a split in authority prior to BAPCPA that, you know,

18 some cases said the property taxes, per se, are not entitled to

19 506(c), and I believe that the intent of that additional

20 language was to clarify that, assuming the trustee or the

21 debtor can show that it's a necessary, reasonable and direct

22 benefit, you know, to the secured creditor, the surcharge is

23 appropriate, but they still have to make that showing.

24          THE COURT:  And haven't they made it in this case?

25          MR. BUSENKELL:  Well, Your Honor, first I believe

1    we've agreed that, once we get over this initial legal issue --

2              THE COURT:  You'll have an evidentiary.

3              MR. BUSENKELL:  -- we'll have an evidentiary issue,

4    but I mean I'll tell Your Honor, and I think we've expressed

5    this to the debtors, Park National was significantly over-

6    secured.  So we don't think the payment of --

7              THE COURT:  Was over-secured?

8              MR. BUSENKELL:  Was over-secured.

9              THE COURT:  Well then how come you couldn't sell the

10   property for more than the mortgage?

11             MR. BUSENKELL:  I wouldn't -- we weren't trying to

12   sell the property and I --

13             THE COURT:  But it was on the market for over a

14   year.

15             MR. BUSENKELL:  We have appraisals take -- and we

16   believe that the property -- we were significantly over-

17   secured.

18             THE COURT:  All right.  So that's a factual issue

19   that I'll hear at the evidentiary --

20             MR. BUSENKELL:  Exactly.  And that's why we've

21   agreed to push that for another day.

22             THE COURT:  All right.

23             MR. BUSENKELL:  But --

24             THE COURT:  I hate to do this to you, but I agree

25   with you that as a matter of law, it's not per se, an actual

1  and necessary cost of preserving your property and I'm going to

2  -- and that's what I rule.  So I think we have to have an

3  evidentiary hearing.  As a matter of law, I disagree with the

4  debtors' position.

5          MR. BUSENKELL:  All right.

6          THE COURT:  So you win.

7          MR. BUSENKELL:  Well, thank you, Your Honor.  I

8  guess we need to talk about timing and how much time the

9  debtors need for an evidentiary hearing.  I think we would like

10  about 45 days.  I don't think it requires that much discovery,

11  but in all candor, I don't think anyone's had a conversation

12  about --

13          THE COURT:  Well, why don't you have a conversation

14  off-line, try to figure out a date, and work with Ms. Gatson

15  (phonetic).  And if you can't agree, or there's some sort of --

16  get me on the phone and we'll figure it out, all right?  Mr.

17  Beach?

18          MR. BEACH:  Your Honor, that's acceptable in terms

19  of planning for an evidentiary hearing.  I would ask for a

20  clarification on Your Honor's ruling in connection with --

21          THE COURT:  Let me -- yeah.  Let me, the way I read

22  the statute, there still is a requirement to make a showing the

23  payment of the taxes was a reasonable, necessary -- payment of

24  these taxes was a reasonable and necessary cost of preserving

25  the estate.  I think that the amendment, and I find that the

1    amendment, including the payment of all ad valorem property

2    taxes is not -- does not create a per se rule that those taxes

3    are per se reasonable, necessary costs of preserving the

4    property.  Rather, I find that it is a clarification that such

5    taxes are eligible to the extent they are reasonable, necessary

6    costs.

7            In other words, you could make the argument prior to

8    the amendment that you had some dispute as to whether ad

9    valorem taxes were even eligible for treatment as a reasonable,

10   necessary cost of preserving the estate.  That's been

11   clarified, but I do not believe, and do not find, that it

12   creates a per se rule.  It's going to depend on the facts and

13   circumstances of the case.

14           MR. BEACH:  Understood, Your Honor.  Then my next

15   comment or question is, I think in this circumstance, with

16   respect to these ad valorem property taxes, based on the clear

17   statute in Illinois that says that the lien is superior to the

18   lien of Park National, I don't believe -- I believe as a matter

19   of law that Your Honor can determine that based on that

20   statute, there was a direct benefit to Park National who now

21   has the property and that it was necessary for --

22           THE COURT:  Well, if they're over-secured, it

23   doesn't matter.  Their security interest to support their claim

24   is unaffected, based on the value of the collateral.  In other

25   words, if I'm owed $100,000 on a mortgage, and the property is

1  worth $200,000, and the State of Delaware comes in and assert

2  -- and puts a 50 million -- $50,000 claim ahead of me, all

3  right.  I'm still over-secured.  I can still foreclose, I can

4  still get paid my 100,000, provided that I pay the 50 to the

5  state, and then you get the 50 equity.  You're the one that's

6  hurt, not the mortgage holder.

7         MR. BEACH:  I under --

8         THE COURT:  And that -- and I'm not saying that

9  that's what happened, but I -- the only way I can make that

10 determination is based on evidence.

11        MR. BEACH:  I understand, Your Honor.  And, you

12 know, obviously we'll be arguing to Your Honor --

13        THE COURT:  The value of the property.

14        MR. BEACH:  -- somewhere -- value of the property

15 based on the --

16        THE COURT:  I agree with you that if the facts were

17 such that the property was worth 125 under the same analysis,

18 the effect is to reduce their collateral from 100 to 75, that's

19 a harm.  They're hurt.  And paying that 50 to avoid that lien

20 benefits them, however only to the extent of $25,000, not 50.

21 So one could argue that the 506(c) claim in that instance would

22 be limited to $25,000.

23        MR. BEACH:  I understand, Your Honor.

24        THE COURT:  All right.

25        MR. BEACH:  So, Your Honor, I think where that

1   leaves us Mr. Busenkell and I will have a discussion about

2   scheduling the evidentiary hearing and we'll call chambers and

3   schedule a date.

4           THE COURT:  Very good.

5           MR. BEACH:  With that, Your Honor, I think that

6   concludes our hearing for the day.

7           THE COURT:  All right.  Thank you very much. Hearing

8   adjourned.

9       (Whereupon at 9:59 a.m., the hearing was adjourned)

10                      CERTIFICATION

11          I   certify   that   the   foregoing   is   a   correct

12  transcript   from   the   electronic   sound   recording   of   the

13  proceedings in the above-entitled matter.

14

15

16  _____        February 2, 2010

17  Stephanie McMeel

18  AAERT Cert. No. 452

19  Certified Court Transcriptionist

20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| ___ debtors.___ 1:13 | | amount(9) 12:7 15:11 16:25 20:18 20:21 21:24 22:4 29:11 30:20 | | avenue(3) 2:7 2:16 2:38 | | brought(1) 13:13 | |
| a.m(3) 1:16 3:1 36:9 | | | | avoid(1) 35:19 | | brunt(1) 18:1 | |
| able(2) 14:6 19:1 | | amro(1) 2:28 | | aware(1) 30:21 | | building(6) 1:29 8:8 8:12 15:21 16:4 16:5 | |
| abn(1) 2:28 | | | | away(1) 3:15 | | busenkell(17) 2:37 26:11 26:12 30:23 | |
| about(12) 9:24 14:10 15:20 16:11 20:23 22:4 22:5 23:7 33:8 33:10 33:12 36:1 | | analysis(3) 7:18 21:1 35:17 | | back(8) 13:14 13:25 14:6 14:24 14:25 18:7 18:12 19:15 | | 30:25 31:6 31:16 31:25 32:3 32:8 32:11 32:15 32:20 32:23 33:5 33:7 36:1 | |
| | | and(169) 3:19 3:24 4:1 4:2 4:11 4:12 4:13 4:18 4:20 4:21 5:6 5:7 5:12 5:14 5:25 | | | | | |
| above(1) 29:14 | | 6:1 6:7 6:14 6:16 6:19 6:23 7:15 7:18 | | backtracking(1) 13:8 | | business(2) 15:3 19:9 | |
| above-entitled(1) 36:13 | | 8:10 8:11 8:16 8:21 8:24 9:4 9:10 10:9 | | bad(1) 12:25 | | but(59) 3:6 3:7 4:17 5:19 7:19 8:7 9:12 | |
| absolutely(3) 18:6 27:7 28:5 | | 10:16 10:17 10:21 10:22 11:9 11:11 11:23 | | balance(1) 29:5 | | 9:15 10:7 10:20 11:5 11:21 12:22 13:9 | |
| accept(1) 6:19 | | 11:23 12:2 12:12 12:16 13:4 13:5 13:9 | | bank(7) 2:28 2:36 10:16 10:19 12:14 14:8 | | 13:18 13:23 13:25 14:7 14:19 14:24 15:4 | |
| acceptable(2) 22:20 33:18 | | 13:9 13:22 13:25 14:1 14:4 14:5 14:7 | | 31:6 | | 15:8 15:10 15:12 15:23 16:6 16:9 16:10 | |
| accepted(1) 3:11 | | 14:15 15:2 15:10 15:11 15:13 15:15 15:25 | | | | 16:12 16:25 18:15 19:20 19:23 20:7 20:12 | |
| according(1) 16:16 | | 16:6 16:7 16:9 16:16 16:25 17:7 17:15 | | bankrupt(2) 14:2 18:10 | | 20:17 20:21 23:7 23:22 25:3 25:4 25:25 | |
| account(1) 20:20 | | 17:16 17:23 17:24 17:25 18:1 18:5 18:7 | | bankruptcy(17) 1:1 1:21 9:4 9:11 9:25 | | 26:11 27:14 28:4 29:10 29:14 29:18 30:5 | |
| accrue(1) 26:21 | | 18:11 18:13 18:18 18:23 18:24 19:7 19:13 | | 9:25 10:2 10:3 11:23 12:13 13:10 13:15 | | 30:17 31:5 31:23 32:4 32:13 32:23 32:24 | |
| actions(1) 22:25 | | 19:15 19:20 19:22 19:23 19:25 20:1 20:9 | | 14:5 16:13 25:21 28:11 28:22 | | 33:11 34:11 35:9 | |
| actual(3) 29:18 29:24 32:25 | | 20:10 20:10 20:12 20:19 21:11 21:14 | | | | | |
| actually(5) 7:16 11:20 15:4 29:6 29:11 | | 21:17 21:19 22:2 22:21 22:22 22:25 23:18 | | bapcpa(1) 31:17 | | buy(1) 24:4 | |
| added(1) 31:11 | | 24:3 24:8 24:8 24:9 24:12 25:11 25:16 | | based(11) 21:16 27:16 29:19 30:7 30:10 | | bye-bye(1) 19:12 | |
| additional(4) 21:16 24:4 28:24 31:19 | | 25:25 26:2 26:8 26:12 26:18 26:19 26:21 | | 30:15 34:16 34:19 34:24 35:10 35:15 | | call(3) 15:17 23:4 36:2 | |
| address(2) 20:12 23:14 | | 26:22 26:23 26:23 27:8 27:8 27:9 27:21 | | | | called(3) 10:25 11:8 13:10 | |
| addressing(1) 10:5 | | 27:23 27:23 27:24 28:2 28:13 28:21 29:4 | | basically(3) 4:14 8:19 14:1 | | can(25) 9:8 10:16 10:19 10:19 10:24 11:8 | |
| adjourned(6) 4:1 5:5 19:20 23:15 36:8 | | 29:18 29:24 30:1 30:7 30:10 30:11 30:12 | | basis(2) 7:21 7:22 | | 11:10 13:14 14:10 15:16 15:18 16:4 16:7 | |
| adjournment(1) 19:23 | | 30:13 30:16 31:9 31:19 31:21 31:24 32:4 | | beach(45) 1:28 3:4 3:5 3:10 3:14 3:17 | | 16:11 17:1 20:12 20:13 22:23 23:25 24:3 | |
| admission(1) 16:16 | | 32:12 32:15 32:20 33:1 33:1 33:2 33:8 | | 19:17 19:18 22:14 22:16 22:17 22:18 23: | | 31:21 34:19 35:3 35:3 35:9 | |
| advice(2) 16:9 16:10 | | 33:14 33:15 33:16 33:24 33:25 34:11 | | 23:6 23:12 25:6 26:7 26:15 26:18 27:7 | | | |
| advised(1) 11:23 | | 34:12 34:21 34:21 34:25 35:1 35:1 35:2 35:5 | | 27:13 28:5 28:9 28:16 28:18 28:21 29:3 | | can't(10) 9:15 10:8 15:23 16:8 16:11 | |
| aert(1) 36:18 | | 35:8 35:8 35:11 35:19 36:1 36:2 36:2 | | 29:6 29:9 29:13 29:17 30:1 30:7 30:10 | | 16:20 17:15 23:4 24:21 33:15 | |
| affected(1) 27:11 | | | | 30:21 31:1 33:17 33:18 34:14 35:7 35:11 | | | |
| affixed(1) 15:25 | | angeles(1) 2:33 | | 35:14 35:23 35:25 36:5 | | candor(1) 33:11 | |
| after(6) 10:16 11:3 11:21 16:5 22:1 29:14 | | another(4) 18:2 20:19 25:24 32:21 | | | | carlyle(1) 2:36 | |
| again(2) 15:24 24:9 | | answer(1) 30:25 | | because(17) 5:10 5:11 7:13 7:21 8:8 9:9 | | case(5) 1:9 15:1 23:17 31:24 34:13 | |
| against(10) 6:13 9:9 9:16 10:9 11:8 16:15 | | any(5) 4:18 12:23 24:8 24:11 29:2 | | 10:24 12:1 12:23 13:3 14:17 15:15 18:9 | | cases(5) 25:20 28:11 28:22 30:5 31:18 | |
| 21:24 23:20 24:9 25:9 | | anyone(6) 4:24 7:4 8:22 22:8 24:20 25:4 | | 19:9 29:6 30:3 31:12 | | casual(1) 3:6 | |
| | | anyone's(1) 33:11 | | | | caused(1) 28:24 | |
| agenda(4) 3:25 22:15 23:15 25:7 | | anything(4) 3:16 12:19 12:23 28:1 | | becomes(1) 27:4 | | cede(2) 19:17 22:14 | |
| agree(4) 18:12 32:24 33:15 35:16 | | anyway(1) 16:9 | | been(17) 4:1 5:5 5:21 7:10 9:20 17:22 | | cents(1) 13:4 | |
| agreed(3) 25:14 32:1 32:21 | | apologize(4) 3:5 3:7 3:19 11:15 | | 17:25 20:21 21:11 24:5 26:11 26:12 28:1 | | cert(2) 4:2 36:18 | |
| agreement(8) 5:24 6:2 6:5 6:12 19:1 | | apology(1) 3:11 | | 31:2 31:5 31:11 34:10 | | certain(5) 23:24 24:1 25:9 25:13 25:24 | |
| 22:12 24:25 26:1 | | appearances(1) 2:45 | | | | certainly(3) 16:6 28:10 30:17 | |
| | | appears(1) 20:8 | | before(3) 1:20 14:5 25:17 | | certification(1) 36:10 | |
| ahead(3) 5:17 12:5 35:2 | | appraisals(1) 32:15 | | begin(1) 12:16 | | certified(1) 36:19 | |
| ahm(2) 15:24 24:9 | | approach(10) 4:23 5:13 7:1 19:4 20:3 | | beginning(2) 14:18 14:19 | | certify(1) 36:11 | |
| ahmspv(1) 5:24 | | 21:10 22:6 23:2 23:3 24:13 | | behalf(3) 3:24 22:18 31:6 | | cetera(1) 16:3 | |
| all(75) 3:2 3:3 3:8 3:19 3:21 4:19 4:23 | | | | behind(1) 27:5 | | chambers(1) 36:2 | |
| 5:16 6:18 7:23 7:25 8:3 8:10 8:15 8:21 | | appropriate(1) 31:23 | | being(3) 12:15 14:6 14:20 | | changed(3) 14:25 15:12 23:11 | |
| 8:24 9:6 9:7 9:14 9:23 10:4 10:13 10:16 | | approval(1) 19:25 | | believe(15) 14:3 15:4 20:24 25:25 28:10 | | changes(1) 29:19 | |
| 10:20 11:10 11:12 11:25 12:3 12:8 12:14 | | approve(1) 22:12 | | 29:17 29:18 31:2 31:5 31:19 31:25 32:16 | | changing(1) 23:8 | |
| 12:25 13:1 13:8 13:14 13:23 14:16 14:23 | | approved(2) 5:23 5:23 | | 34:11 34:18 34:18 | | chapter(2) 1:7 25:19 | |
| 15:10 15:12 17:2 17:3 17:3 17:5 17:21 | | approximately(1) 22:3 | | | | check(1) 22:2 | |
| 18:17 18:21 19:6 19:10 19:10 19:22 21:14 | | archer(1) 2:5 | | below(2) 29:10 29:12 | | checking(2) 21:4 31:4 | |
| 21:16 22:6 22:13 22:16 23:2 25:1 25:4 | | are(15) 6:13 7:16 9:8 12:8 13:17 20:9 | | benefit(4) 7:17 29:18 31:22 34:20 | | checks(1) 8:21 | |
| 25:12 26:10 26:20 26:22 29:20 29:24 31:1 | | 20:22 24:24 24:1 26:24 26:25 31:18 34:3 | | benefits(1) 35:20 | | christopher(1) 1:20 | |
| 31:14 32:18 32:22 33:5 33:11 33:16 34:1 | | 34:5 34:5 | | best(1) 17:3 | | circumstance(1) 34:15 | |
| 35:2 35:24 36:7 | | argue(1) 35:21 | | better(1) 14:8 | | circumstances(3) 30:7 30:12 34:13 | |
| | | arguing(1) 35:22 | | between(1) 13:3 | | claim(50) 4:10 4:13 4:16 5:6 5:7 5:15 | |
| allow(1) 7:19 | | argument(6) 25:15 26:4 27:15 27:16 31:9 34:7 | | big(2) 10:10 12:7 | | 6:14 6:22 7:19 7:22 10:9 10:10 | |
| allowance(1) 25:9 | | | | billions(1) 15:2 | | 12:22 12:25 14:6 15:19 16:24 16:24 17:10 | |
| allowed(4) 3:10 16:24 17:11 27:20 | | around(1) 10:18 | | bit(1) 3:18 | | 18:18 18:19 18:19 19:2 19:14 20:1 20:15 | |
| allows(1) 23:24 | | ask(3) 26:5 26:10 33:19 | | blackline(1) 21:8 | | 20:16 20:16 20:19 20:20 21:12 21:15 | |
| alluded(1) 31:16 | | asked(1) 5:8 | | blank(1) 2:20 | | 21:17 21:20 22:1 23:16 23:18 24:8 25:9 | |
| almost(2) 14:1 18:1 | | aspect(1) 8:3 | | blue(1) 3:15 | | 25:13 25:16 25:21 27:9 27:20 27:24 31:13 | |
| also(9) 5:14 7:10 9:2 13:9 13:18 14:2 | | assert(6) 8:24 9:8 11:8 16:14 28:9 35:1 | | bore(1) 15:4 | | 34:23 35:2 35:9 | |
| 19:22 20:1 28:6 | | asserted(2) 6:13 16:25 | | both(1) 23:23 | | | |
| | | asserting(2) 9:8 11:9 | | bottom(1) 16:23 | | claimant(1) 5:11 | |
| although(1) 28:9 | | assertion(1) 16:17 | | brandywine(1) 1:29 | | claimed(4) 20:18 20:21 21:24 22:4 | |
| amended(1) 4:12 | | association(1) 31:7 | | breath(1) 17:18 | | claims(13) 4:9 5:5 5:6 6:13 17:11 20:8 | |
| amendment(6) 30:3 30:11 31:15 33:25 | | assuming(1) 31:20 | | breest(56) 2:47 7:8 7:10 7:13 7:23 7:24 | | 20:9 20:9 20:11 20:12 20:12 24:8 25:23 | |
| 34:1 34:8 | | astutely(1) 31:3 | | 7:25 8:2 8:7 8:14 8:18 8:21 9:2 9:12 9:14 | | | |
| | | att (1) 2:5 | | 9:20 9:22 10:1 10:6 10:12 10:11 11:4 | | clarification(2) 33:20 34:4 | |
| amendments(3) 27:17 27:17 30:14 | | attach(2) 26:16 26:17 | | 11:13 11:16 11:20 12:1 12:4 12:6 12:12 | | clarified(1) 34:11 | |
| american(8) 2:42 5:24 8:8 8:10 8:20 8:22 | | attorney(3) 8:3 9:3 9:24 | | 12:20 13:5 13:7 13:14 13:17 13:21 14:9 | | clarify(1) 31:20 | |
| 11:20 21:25 | | auctions(3) 14:18 15:10 15:12 | | 14:14 14:17 14:23 15:6 15:20 16:2 16:18 | | clarifying(1) 7:3 | |
| | | audible(3) 4:25 7:6 22:10 | | 16:22 17:2 17:5 17:17 17:20 17:22 18:8 | | classification(1) 19:1 | |
| among(1) 5:5 | | august(1) 5:22 | | 18:16 18:20 18:23 19:8 19:10 19:12 | | clauses(1) 6:1 | |
| | | authority(4) 6:4 6:5 28:12 31:17 | | bridge(1) 26:2 | | clear(3) 9:20 27:15 34:16 | |
| | | automatic(2) 31:10 31:12 | | brings(1) 25:7 | | clearly(1) 12:21 | |
| | | | | broad(1) 5:20 | | clerk(1) 3:2 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **cloak**(1) 23:10 | | **court**(138) 1:1 3:3 3:8 3:11 3:16 3:19 4:5 | | **doing**(2) 14:19 16:1 | | **figured**(2) 3:14 23:8 | |
| **close**(2) 29:11 29:12 | | 4:7 4:19 4:23 5:1 5:16 6:9 6:18 6:22 6:23 | | **dollar**(2) 13:4 15:11 | | **file**(1) 9:15 | |
| **closer**(1) 23:13 | | 7:3 7:7 7:7 7:9 7:23 7:25 8:6 8:13 8:15 | | **dollars**(2) 14:7 15:2 | | **filed**(6) 4:2 4:12 4:15 4:17 20:17 23:20 | |
| **closing**(1) 29:12 | | 8:19 8:24 9:6 9:13 9:18 9:21 9:23 10:4 | | **don't**(29) 8:14 9:8 9:14 10:8 10:15 10:18 | | **filing**(1) 16:18 | |
| **code**(5) 9:11 25:21 26:19 26:25 30:11 | | 10:7 10:13 10:15 11:5 11:15 11:19 11:25 | | 11:10 12:12 12:17 12:19 12:22 12:24 | | **filings**(1) 5:22 | |
| **cole**(3) 20:8 20:10 20:20 | | 12:3 12:5 12:11 12:18 12:21 13:3 13:16 | | 13:21 14:13 15:24 16:23 17:10 17:19 25: | | **finance**(1) 4:11 | |
| **collateral**(4) 11:1 12:23 34:24 35:18 | | 13:20 14:3 14:10 14:15 14:22 15:1 15:14 | | 27:4 27:15 29:18 31:4 31:8 32:6 33:10 | | **financing**(1) 24:10 | |
| **collection**(1) 30:16 | | 15:23 16:3 16:20 16:23 17:3 17:8 17:12 | | 33:11 33:13 34:18 | | **find**(3) 33:25 34:4 34:11 | |
| **come**(4) 10:16 19:15 24:10 32:9 | | 17:15 17:19 17:21 18:3 18:14 18:17 18:21 | | | | **fine**(3) 11:11 11:16 21:6 | |
| **comes**(2) 31:10 35:1 | | 19:3 19:6 19:11 19:16 19:25 20:2 20:5 | | **done**(1) 8:10 | | **first**(6) 9:6 26:22 26:23 30:25 31:6 31:25 | |
| **commen**(1) 34:15 | | 20:7 20:19 20:23 20:25 21:2 21:4 21:6 | | **down**(2) 3:16 13:25 | | **floor**(2) 1:31 2:32 | |
| **committee**(2) 2:14 24:12 | | 21:10 21:14 22:6 22:8 22:11 22:11 22:16 | | **due**(1) 29:14 | | **fly**(1) 20:13 | |
| **communicated**(1) 7:14 | | 23:2 23:4 23:10 24:14 24:18 24:20 24:24 | | **duplicate**(2) 20:12 20:15 20:17 | | **for**(64) 1:2 1:26 2:5 2:14 2:28 2:36 2:42 | |
| **company**(10) 8:4 8:20 10:16 11:17 12:6 | | 25:1 25:3 26:5 26:10 26:16 27:4 27:8 | | **during**(2) 25:19 28:11 | | 2:47 3:19 3:21 5:8 6:18 7:1 7:3 7:10 8:10 | |
| 12:7 13:23 13:24 15:2 17:23 | | 27:19 28:7 28:15 28:17 28:19 29:1 29:4 | | **economy**(1) 17:24 | | 8:11 8:11 8:20 9:3 10:17 11:12 12:1 12:9 | |
| | | 29:8 29:10 29:16 29:22 30:5 30:9 30:19 | | **ecro**(1) 1:38 | | 13:11 13:18 13:19 13:23 13:24 14:6 14:12 | |
| **complete**(1) 15:2 | | 30:23 31:14 31:24 32:2 32:7 32:9 32:13 | | **edward**(1) 2:15 | | 15:18 15:21 17:1 17:18 17:23 18:13 18:22 | |
| **completely**(1) 14:4 | | 32:18 32:22 32:24 33:6 33:13 33:21 34:2 | | **eeco**(7) 2:47 5:6 5:15 7:8 7:10 7:12 7:17 | | 19:10 20:10 20:10 20:20 20:21 22:3 22:15 | |
| **conaway**(3) 1:26 3:24 22:18 | | 35:8 35:13 35:16 35:24 36:4 36:7 36:19 | | **effect**(4) 8:25 26:13 31:14 35:18 | | 22:17 22:22 23:23 24:1 25:3 25:8 25:24 | |
| **conceding**(1) 7:16 | | | | **effective**(1) 17:9 | | 26:19 27:8 30:16 32:10 32:13 32:21 33:9 | |
| **concept**(1) 13:22 | | **courtroom**(2) 1:11 22:23 | | **efficient**(1) 26:3 | | 33:19 33:19 34:9 34:21 36:6 | |
| **concerned**(1) 16:14 | | **cousin**(1) 18:11 | | **efforts**(1) 28:25 | | | |
| **concludes**(1) 36:6 | | **cover**(1) 15:10 | | **eileen**(1) 2:42 | | **forbid**(1) 10:16 | |
| **conglomerate**(1) 8:20 | | **create**(1) 34:2 | | **either**(3) 3:9 4:1 30:6 | | **force**(1) 11:11 | |
| **congressman**(1) 14:11 | | **creates**(1) 34:12 | | **electric**(7) 2:47 5:6 7:8 7:11 7:12 11:7 | | **foreclose**(2) 10:21 35:3 | |
| **connecticu**(1) 21:21 | | **creditor**(1) 31:22 | | **electronic**(2) 1:46 36:12 | | **foreclosing**(2) 28:13 | |
| **connection**(11) 7:4 10:9 11:1 16:5 20:8 | | **creditors**(2) 2:15 | | **eligible**(2) 34:5 34:9 | | **foreclosure**(1) 10:23 | |
| 22:9 23:18 24:7 29:19 30:14 33:20 | | **css**(1) 1:9 | | **else**(3) 8:23 15:11 19:21 | | **foregoing**(1) 36:11 | |
| | | **currently**(1) 21:24 | | **embarrassed**(1) 23:6 | | **form**(6) 4:21 6:16 19:24 20:16 21:7 21:22 | |
| **consensual**(7) 18:25 22:25 23:18 24:6 | | **data**(1) 1:40 | | **encourage**(1) 16:7 | | **forsyth**(2) 20:9 20:10 20:23 | |
| 24:11 25:10 26:2 | | **date**(2) 33:14 36:3 | | **encumbrancc**(1) 28:23 | | **forth**(1) 4:15 | |
| | | **dated**(1) 5:22 | | **encumbrances**(1) 26:23 | | **fortunately**(1) 14:12 | |
| **consensually**(1) 7:14 | | **dates**(1) 20:17 | | **end**(1) 24:2 | | **forty-eight**(2) 19:19 20:4 | |
| **consent**(1) 5:2 | | **day**(5) 3:7 25:24 26:23 32:21 36:6 | | **enhance**(1) 30:16 | | **forward**(3) 19:21 25:15 26:3 | |
| **consented**(1) 24:13 | | **days**(4) 13:15 14:5 22:2 33:10 | | **enough**(2) 10:18 15:10 | | **forwarded**(1) 12:14 | |
| **consents**(1) 24:12 | | **debtor**(10) 5:9 5:11 6:12 14:6 15:24 16:15 | | **entered**(3) 4:3 6:5 25:11 | | **frankly**(1) 17:1 | |
| **considered**(2) 10:2 15:22 | | 22:3 26:14 28:2 31:21 | | **entitled**(1) 31:18 | | **fred**(1) 2:30 | |
| **construction**(1) 11:7 | | | | **entity**(7) 5:11 5:12 5:24 6:6 6:12 8:9 16:4 | | **free**(1) 19:8 | |
| **contention**(1) 8:9 | | **debtors**(25) 1:26 3:25 4:9 4:10 4:16 5:4 | | **equity**(1) 35:5 | | **from**(22) 3:24 7:8 8:21 8:22 8:22 12:14 | |
| **continue**(1) 11:24 | | 6:15 7:16 9:7 10:9 18:18 19:18 19:23 | | **escrow**(2) 26:7 31:2 | | 22:15 23:5 15:8 15:12 16:6 17:6 18:19 | |
| **continued**(1) 2:2 | | 22:18 23:21 25:8 25:10 25:12 25:19 25:2 | | **especially**(1) 17:24 | | 22:18 25:21 26:23 27:3 27:19 28:12 30:23 | |
| **continuing**(1) 15:16 | | 27:15 31:8 32:5 33:4 33:9 | | **esq**(8) 1:27 1:28 2:6 2:15 2:21 2:29 2:30 | | 35:18 36:12 | |
| **contracted**(1) 8:15 | | | | 2:37 | | | |
| **contracting**(2) 7:17 7:19 | | **decision**(1) 4:21 | | | | **front**(1) 3:14 | |
| **contractors**(1) 12:10 | | **declare**(1) 3:6 | | **estate**(8) 9:10 16:12 24:9 27:10 27:11 | | **frustration**(1) 18:24 | |
| **control**(1) 25:11 | | **deemed**(1) 22:1 | | 28:4 33:25 34:10 | | **full**(3) 13:1 15:4 15:6 | |
| **conversation**(2) 33:11 33:13 | | **defenses**(1) 25:24 | | | | **future**(1) 17:13 | |
| **conversations**(1) 18:23 | | **delaware**(7) 1:2 1:10 1:13 2:7 2:38 3:1 | | **evasive**(1) 27:14 | | **gap**(1) 26:2 | |
| **corp**(8) 5:6 5:12 5:25 6:8 6:13 7:18 7:21 | | 35:1 | | **even**(5) 3:11 15:15 27:15 29:18 34:9 | | **gatson**(1) 33:14 | |
| 21:25 | | | | **event**(1) 29:2 | | **gave**(1) 14:7 | |
| | | **department**(1) 4:11 | | **everyone**(1) 14:24 | | **general**(4) 7:20 17:10 17:11 30:17 | |
| **corporation**(1) 1:11 | | **depend**(1) 34:12 | | **everything**(3) 14:19 15:11 19:21 | | **generally**(2) 8:25 11:6 | |
| **correct**(5) 8:18 8:21 9:7 16:2 36:11 | | **deposit**(3) 21:24 22:4 22:5 | | **evidence**(2) 6:18 35:10 | | **get**(29) 3:15 7:12 10:22 11:7 11:12 11:12 | |
| **cost**(6) 7:17 27:10 29:25 33:1 33:24 34:10 | | **depression**(1) 15:17 | | **evidentiary**(8) 25:25 32:2 32:3 32:19 33:3 | | 13:1 13:3 13:14 14:6 14:13 14:21 14:25 | |
| **costs**(6) 26:21 27:21 27:23 28:3 34:3 34:6 | | **determination**(1) 35:10 | | 33:9 33:19 36:2 | | 15:14 17:8 17:12 17:16 18:12 19:1 26:11 | |
| **could**(11) 3:15 9:4 10:2 13:2 16:14 18:11 | | **determine**(1) 34:19 | | | | 27:14 27:16 28:4 29:22 29:22 32:1 33:16 | |
| 26:17 28:11 30:6 34:7 35:21 | | **determined**(2) 6:3 6:4 | | **exactly**(1) 32:20 | | 35:4 35:5 | |
| | | **diaz**(1) 1:40 | | **excess**(1) 22:3 | | | |
| **couldn't**(4) 8:7 11:2 16:9 32:9 | | **did**(14) 5:9 5:18 8:16 11:21 12:24 13:8 | | **executed**(1) 19:25 | | **getting**(3) 14:5 14:23 17:25 | |
| **counsel**(4) 6:9 16:7 24:12 25:4 | | 13:24 15:10 18:4 20:16 28:17 28:18 28:1 | | **exhibit**(1) 20:7 | | **give**(4) 16:9 18:7 24:21 24:22 | |
| **county**(6) 6:3 9:17 20:8 20:9 20:10 20:20 | | 31:3 | | **exhibits**(1) 21:8 | | **gleaned**(1) 27:2 | |
| **couple**(1) 26:5 | | | | **expenses**(2) 27:21 27:23 | | **god**(2) 10:16 11:16 | |
| **course**(2) 28:11 28:22 | | **didn't**(6) 9:19 10:1 11:2 15:14 20:15 28:1 | | **expressed**(1) 32:4 | | **goes**(4) 3:16 6:2 17:9 24:3 | |
| | | **difference**(1) 10:10 | | **expressly**(1) 27:17 | | **going**(22) 3:5 7:12 7:18 7:19 10:21 10:21 | |
| | | **different**(3) 9:18 18:14 20:17 | | **expunged**(1) 6:16 | | 10:22 11:1 11:11 13:3 14:21 14:25 16:24 | |
| | | **diligence**(1) 29:14 | | **extensions**(2) 23:25 24:4 | | 17:6 18:10 18:17 18:18 19:21 24:21 24:22 | |
| | | **direct**(2) 31:21 34:20 | | **extent**(4) 9:7 27:24 34:5 35:20 | | 33:1 34:12 | |
| | | **disagree**(1) 33:3 | | **fact**(3) 6:3 7:16 15:15 | | | |
| | | **disallowed**(1) 20:11 | | **facts**(4) 30:7 30:11 34:12 35:16 | | **good**(4) 3:23 12:25 22:17 36:4 | |
| | | **discovery**(1) 33:10 | | **factual**(1) 32:18 | | **goods**(1) 12:9 | |
| | | **discussion**(1) 36:1 | | **familiar**(2) 8:2 11:13 | | **got**(4) 3:6 10:13 18:4 29:11 | |
| | | **dismissing**(1) 23:19 | | **family**(1) 24:6 | | **government**(2) 9:21 9:22 | |
| | | **dispute**(2) 30:19 34:8 | | **far**(2) 8:4 16:13 | | **grand**(1) 10:20 | |
| | | **district**(1) 1:2 | | **fashion**(1) 13:11 | | **grant**(2) 6:22 21:17 | |
| | | **documentation**(3) 5:8 5:13 5:14 | | **february**(1) 36:16 | | **granted**(1) 21:23 | |
| | | **does**(8) 7:21 11:6 12:14 16:15 17:6 22:8 | | **feel**(2) 17:25 19:8 | | **greiner**(1) 2:5 | |
| | | 24:20 34:2 | | **fighting**(1) 7:18 | | **grounds**(2) 4:12 4:18 | |
| | | | | **figueroa**(1) 2:31 | | **guess**(3) 20:3 29:23 33:8 | |
| | | **doesn't**(6) 11:7 15:24 24:2 27:25 28:1 | | **figure**(2) 33:14 33:16 | | **guilfoyle**(1) 2:21 | |

# AMERICAN HOME MORTGAGE.11.1.fn.doc

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| guys(1) 17:7 | | hurt(2) 35:6 35:19 | | laughter(3) 3:13 17:14 23:9 | | mention(1) 10:1 | |
| had(15) 4:10 5:5 5:8 11:17 12:10 13:9 | | i'd(3) 22:14 22:19 23:14 | | law(12) 9:23 9:25 10:8 11:5 14:13 15:19 | | merican(1) 1:9 | |
| 13:19 13:25 18:23 20:21 28:10 29:10 | | i'll(13) 5:1 6:19 17:17 19:7 19:17 21:6 | | 16:8 18:9 25:18 32:25 33:3 34:19 | | michael(3) 1:27 2:37 3:23 | |
| 29:13 33:11 34:8 | | 21:16 22:11 25:4 26:10 26:20 32:4 32:19 | | | | midstream(1) 23:8 | |
| | | | | | | might(1) 27:2 | |
| hadley(1) 2:28 | | i'm(41) 3:6 3:8 5:17 8:2 8:3 8:5 9:18 | | lawyer(3) 16:9 16:11 18:3 | | mike(1) 31:6 | |
| hadn't(1) 27:11 | | 10:21 10:21 10:22 10:22 11:11 11:11 12:5 | | lay(1) 13:8 | | milbank(1) 2:28 | |
| hahn(1) 2:14 | | 13:12 13:17 13:22 14:11 14:20 14:24 16:6 | | lease(1) 6:5 | | million(2) 18:11 35:2 | |
| hang(1) 19:8 | | 16:8 16:12 18:10 18:17 18:18 21:4 23:17 | | least(3) 15:3 16:10 16:13 | | mine(1) 3:8 | |
| hanging(1) 10:18 | | 24:21 24:22 24:24 24:24 25:3 26:8 27:13 | | leave(1) 22:23 | | miniscule(1) 16:25 | |
| happened(3) 12:13 22:1 35:9 | | 27:25 31:4 33:1 34:25 35:3 35:8 | | leaves(1) 36:1 | | minor(1) 20:7 | |
| harm(1) 35:19 | | | | left(1) 3:7 | | minus(1) 22:4 | |
| harrisburg(1) 1:42 | | i've(2) 17:25 18:17 | | legal(5) 6:4 16:9 25:15 26:3 32:1 | | missouri(1) 20:9 | |
| has(12) 4:3 5:21 7:10 11:17 14:25 22:1 | | illinois(2) 26:19 34:17 | | legislative(2) 30:13 30:15 | | money(20) 10:18 12:8 12:9 12:17 12:22 | |
| 24:5 24:11 24:12 25:11 26:9 34:21 | | impeding(2) 10:2 11:22 | | legitimately(1) 18:13 | | 13:9 13:14 13:18 13:18 13:24 14:6 14:7 | |
| | | inappropriate(1) 14:16 | | leslie(1) 1:38 | | 14:24 14:24 15:12 18:7 18:12 18:13 29:4 | |
| hasn't(2) 10:20 15:12 | | inc(1) 1:10 | | less(1) 29:4 | | 29:6 | |
| hate(1) 32:24 | | include(1) 16:16 | | let(6) 9:7 21:2 26:5 30:23 33:21 33:21 | | | |
| have(62) 4:1 4:21 5:13 6:15 6:16 7:14 | | including(9) 25:13 26:23 28:1 28:1 28:2 | | let's(1) 3:22 | | month(1) 23:24 | |
| 7:25 9:20 10:18 10:24 10:25 11:2 11:7 | | 28:13 29:20 30:17 34:1 | | levied(1) 16:24 | | moore(1) 2:29 | |
| 12:2 12:17 12:19 12:22 12:22 12:24 13:8 | | | | liability(3) 5:10 6:15 20:7 | | more(4) 19:9 23:8 26:12 32:10 | |
| 13:13 14:6 15:9 15:19 16:23 16:24 17:25 | | inclusion(1) 27:25 | | liable(1) 9:9 | | morning(2) 3:23 22:17 | |
| 18:7 18:23 19:9 19:22 19:24 19:25 20:5 | | indicate(2) 6:11 7:15 | | license(3) 5:23 6:2 6:12 | | mortgage(23) 1:9 2:42 5:25 5:25 8:9 8:10 | |
| 21:7 21:11 21:22 22:14 22:20 22:25 23:18 | | industrial(1) 6:3 | | lien(20) 8:8 8:25 9:9 9:15 11:8 11:9 11:14 | | 8:20 8:22 10:13 10:15 10:19 11:10 11:20 | |
| 24:6 24:11 25:14 25:23 26:11 26:12 27:2 | | informal(1) 19:19 | | 11:21 11:22 11:24 16:6 16:14 26:16 26:17 | | 21:25 27:17 25:20 28:20 29:5 29:11 29:12 | |
| 27:11 28:12 28:24 30:1 31:2 31:5 31:23 | | information(1) 21:17 | | 26:19 26:22 27:8 34:17 34:18 35:19 | | 32:10 34:25 35:6 | |
| 32:2 32:3 32:15 33:2 33:2 33:13 36:1 | | initial(1) 32:1 | | | | | |
| | | injunction(1) 23:20 | | liens(4) 16:19 26:23 27:1 30:16 | | most(2) 10:18 26:3 | |
| haven't(1) 31:24 | | injury(1) 18:1 | | like(18) 9:17 10:11 11:17 11:22 11:24 | | much(4) 15:15 33:8 33:10 36:7 | |
| having(3) 15:5 21:10 28:23 | | instance(3) 11:5 20:20 35:21 | | 12:6 12:15 13:23 14:21 17:25 18:4 18:10 | | murin(1) 1:38 | |
| headquarters(1) 15:7 | | insult(1) 18:1 | | 22:14 22:19 23:1 23:10 23:14 33:9 | | mute(1) 6:9 | |
| hear(5) 5:1 14:3 25:4 30:23 32:19 | | intent(1) 31:19 | | | | myself(1) 16:9 | |
| heard(6) 4:24 7:4 22:8 23:16 24:15 24:20 | | interest(7) 10:25 12:19 23:12 27:16 26:21 | | likelihood(1) 13:2 | | name(2) 7:8 13:12 | |
| hearing(15) 5:8 5:19 15:8 16:6 18:25 | | 31:7 34:23 | | limit(1) 16:18 | | national(12) 25:11 25:22 26:8 26:8 27:2 | |
| 19:23 21:21 25:25 33:3 33:9 33:19 36:2 | | | | limited(2) 21:23 35:22 | | 27:12 28:25 31:7 31:8 32:5 34:18 34:20 | |
| 36:6 36:7 36:9 | | interpretation(1) 31:8 | | line(2) 13:23 16:23 | | | |
| | | into(4) 6:5 15:21 26:7 31:2 | | lines(1) 18:24 | | national's(1) 27:5 | |
| hearings(1) 3:21 | | irrelevant(1) 28:8 | | listen(3) 9:24 16:7 16:11 | | nature(1) 31:12 | |
| hears(2) 7:7 22:11 | | issue(11) 9:18 14:5 18:14 19:14 20:25 | | litigation(1) 24:8 | | necessary(15) 27:10 27:21 27:23 28:3 | |
| held(3) 9:3 21:24 25:24 | | 26:1 27:4 27:22 32:1 32:3 32:18 | | little(3) 13:17 3:20 13:7 | | 29:18 29:19 29:24 31:21 33:1 33:23 33:24 | |
| help(2) 16:20 26:2 | | | | llc(1) 21:21 | | 34:3 34:5 34:10 34:21 | |
| helpful(1) 21:11 | | issues(2) 20:5 23:16 | | llp(2) 2:14 2:20 | | | |
| here(3) 3:16 16:10 22:22 | | it'd(2) 13:1 23:10 | | loan(1) 11:2 | | need(4) 10:17 27:16 33:8 33:9 | |
| here's(3) 12:18 12:25 18:10 | | it's(32) 9:9 10:5 10:6 10:10 10:11 11:8 | | located(1) 5:20 | | neiburg(32) 1:27 3:23 3:24 4:6 4:8 4:20 | |
| hessen(1) 2:14 | | 12:1 12:7 12:8 13:1 13:3 13:23 13:25 | | longer(1) 30:12 | | 5:3 5:18 6:11 6:21 6:24 7:1 7:12 13:6 | |
| hide(1) 3:17 | | 14:16 15:25 16:3 17:10 17:22 17:23 17:24 | | look(4) 10:17 21:2 23:8 23:10 | | 17:9 18:22 19:4 19:13 19:17 20:3 20:6 | |
| him(1) 24:9 | | 18:6 18:14 20:24 22:19 22:25 23:15 26:3 | | looking(1) 25:3 | | 20:14 20:24 21:1 21:5 21:7 21:13 21:19 | |
| his(6) 10:21 10:22 10:22 18:24 24:5 24:8 | | 27:22 29:18 31:21 32:25 34:12 | | los(1) 2:33 | | 22:7 22:13 23:7 23:11 | |
| history(2) 30:14 30:15 | | | | lot(4) 14:8 14:10 15:18 18:4 | | | |
| hit(1) 17:24 | | item(12) 4:8 5:3 19:14 22:15 22:19 22:20 | | maddening(1) 18:6 | | neufeld(1) 2:30 | |
| holder(2) 27:24 35:6 | | 22:22 22:24 23:14 23:15 25:7 25:8 | | made(3) 26:9 30:3 31:24 | | new(11) 2:17 4:11 4:13 4:20 5:20 9:15 | |
| holding(2) 9:4 17:18 | | | | madison(1) 2:16 | | 10:7 16:7 16:8 16:8 27:16 | |
| holdings(1) 1:10 | | items(4) 3:25 4:2 8:11 22:21 | | maintains(1) 26:8 | | | |
| holds(2) 6:4 9:14 | | itself(1) 20:16 | | maintenance(1) 27:9 | | news(2) 12:25 12:25 | |
| hollow(1) 5:20 | | jacket(2) 3:7 3:17 | | make(6) 14:13 27:15 31:23 33:22 34:7 | | next(4) 5:3 7:13 23:14 34:14 | |
| home(10) 1:9 2:42 5:25 8:8 8:10 8:20 | | jackets(1) 23:7 | | makes(1) 31:12 | | no-liability(1) 20:11 | |
| 8:22 10:11 11:20 21:25 | | january(4) 1:15 3:1 24:3 26:24 | | making(1) 14:1 | | non-debtor(3) 5:11 5:24 6:6 | |
| | | jennifer(1) 2:6 | | manner(1) 26:14 | | none(2) 5:1 22:11 | |
| honest(2) 17:17 18:8 | | joe(1) 18:11 | | market(3) 1:12 2:22 32:13 | | not(57) 3:6 3:8 3:11 4:16 5:9 5:18 6:13 | |
| honor(72) 3:5 3:23 3:25 4:3 4:8 4:10 5:3 | | judge(4) 1:21 3:12 3:15 23:5 | | material(4) 8:11 15:20 15:24 18:13 | | 7:16 7:18 7:21 8:2 8:5 8:22 9:9 9:10 9:10 | |
| 5:7 5:8 5:13 5:18 5:23 6:1 6:11 6:21 6:24 | | just(19) 4:15 5:12 8:3 12:8 12:12 12:13 | | materials(1) 19:2 | | 9:12 9:16 9:20 10:5 10:6 11:24 12:7 12:25 | |
| 7:13 13:16 18:22 19:5 19:13 19:18 19:22 | | 12:16 13:7 13:21 13:22 17:2 17:22 17:23 | | matter(11) 7:5 16:8 19:20 22:9 22:22 | | 12:22 13:8 13:17 13:24 14:10 14:16 14:25 | |
| 20:4 20:14 21:1 21:7 21:19 21:21 22:5 | | 17:25 18:4 18:22 19:1 21:4 23:8 | | 25:18 32:25 33:3 34:18 34:23 36:13 | | 15:4 15:5 15:18 15:21 16:8 16:12 16:14 | |
| 22:7 22:13 22:17 22:19 22:20 22:23 22:24 | | | | | | 16:15 20:11 20:16 24:16 24:18 26:13 | |
| 23:1 23:6 23:14 23:22 24:11 24:16 25:6 | | keep(1) 24:5 | | may(14) 5:12 7:1 9:20 15:9 19:4 19:6 | | 27:13 28:24 28:10 30:21 31:18 32:25 34:2 | |
| 25:6 25:17 26:8 27:2 27:7 27:13 28:6 | | kind(4) 11:23 15:6 15:7 18:6 | | 19:13 20:3 23:3 24:13 26:1 26:6 26:21 | | 34:2 34:11 34:11 35:6 35:8 35:20 | |
| 28:10 28:21 29:3 29:10 29:17 30:1 30:22 | | know(28) 5:18 8:2 8:3 8:11 8:22 9:14 | | 27:19 | | | |
| 30:25 31:3 31:16 31:25 32:4 33:7 33:18 | | 9:17 11:22 12:12 13:23 14:18 14:23 15:6 | | maybe(4) 15:15 20:12 23:12 26:12 | | nothing(4) 9:25 15:18 17:1 31:11 | |
| 34:14 34:19 35:11 35:12 35:23 35:25 36:6 | | 15:8 15:9 15:13 17:10 17:15 17:22 18:11 | | mcclroy(1) 2:28 | | notified(1) 4:20 | |
| | | 18:11 24:5 27:25 28:22 30:15 31:17 31:22 | | mcmeel(1) 36:17 | | november(2) 6:6 6:7 | |
| | | 35:12 | | mean(17) 8:9 9:16 12:4 13:7 13:8 13:17 | | now(10) 9:13 12:16 13:25 14:20 17:23 | |
| | | known(1) 8:25 | | 13:21 13:22 15:19 15:21 17:6 18:6 18:8 | | 24:17 25:11 30:19 31:10 34:20 | |
| honor's(1) 33:20 | | labor(2) 8:11 12:9 | | 21:14 28:1 29:22 32:4 | | | |
| honorable(1) 1:20 | | laid(1) 12:9 | | | | number(13) 3:25 4:8 4:17 5:4 19:14 22:15 | |
| house(6) 10:21 10:22 10:23 10:25 11:1 | | language(4) 29:20 31:9 31:11 31:20 | | meaningless(1) 30:3 | | 22:19 22:20 22:22 22:24 23:15 25:7 25:8 | |
| how(6) 12:12 12:14 27:8 27:11 32:9 33:8 | | larger(1) 20:21 | | means(4) 8:5 10:8 28:2 29:23 | | | |
| however(1) 35:20 | | last(3) 5:19 15:17 19:14 | | meant(2) 6:25 30:15 | | numbers(1) 20:18 | |
| hundred(1) 10:20 | | late(3) 3:20 4:15 4:17 | | mechanics(4) 8:25 9:9 11:9 11:14 | | object(1) 4:18 | |
| hundreds(1) 14:7 | | later(1) 4:12 | | meltdown(1) 15:3 | | objected(1) 4:10 | |
| huntington(4) 5:6 5:7 6:14 7:2 | | | | melville(1) 5:20 | | objecting(2) 4:14 4:16 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **objection**(18) 4:3 4:9 4:10 5:4 5:10 5:14 6:20 6:21 6:23 18:18 19:7 19:19 19:22 20:1 20:4 20:15 21:18 21:20 | | **paying**(1) 35:19 | | **property**(75) 5:9 5:20 5:21 6:4 6:6 6:8 6:14 7:21 8:16 9:1 9:8 9:9 9:16 9:21 10:10 11:6 11:8 11:11 11:12 12:24 13:2 15:25 15:25 16:12 16:12 16:15 16:16 23:25 24:2 24:5 24:10 25:9 25:11 25:14 25:19 25:21 26:9 26:13 26:20 26:22 26:25 27:20 27:21 27:24 28:4 28:4 28:14 28:15 28:17 28:18 28:19 28:23 28:24 28:25 29:9 29:21 29:25 30:13 30:16 30:18 31:10 31:13 31:18 32:10 32:12 33:16 34:1 34:1 34:4 34:16 34:21 34:25 35:13 35:14 35:17 | | **resolution**(6) 18:25 23:18 24:6 24:7 26:1 26:2 | |
| **obviously**(2) 14:7 35:12 | | **payment**(6) 27:9 29:23 32:6 33:23 33:23 34:1 | | | | **resolve**(2) 7:14 20:1 | |
| **off**(1) 10:19 | | | | | | **resolved**(1) 4:1 | |
| **off-line**(1) 33:14 | | **payments**(2) 13:11 26:9 | | | | **respect**(12) 3:25 4:2 5:5 5:7 6:6 19:18 19:21 20:4 21:20 22:24 25:15 34:16 | |
| **offer**(2) 29:10 29:11 | | **payout**(1) 16:25 | | | | | |
| **offers**(2) 29:14 29:15 | | **payouts**(1) 17:11 | | | | **respective**(1) 4:4 | |
| **office**(1) 3:7 | | **penalties**(1) 26:21 | | | | **responded**(1) 4:13 | |
| **official**(1) 2:14 | | **pennsylvania**(1) 1:42 | | | | **response**(9) 4:13 4:25 6:23 7:6 8:1 19:7 19:20 21:17 22:10 | |
| **offset**(1) 21:23 | | **people**(6) 10:18 15:9 15:11 18:4 18:9 | | | | | |
| **okay**(21) 4:5 4:6 5:18 6:24 7:7 10:7 11:2 11:9 11:15 12:19 14:17 18:20 19:16 20:2 20:6 22:6 22:11 24:18 24:19 27:1 30:23 | | **per**(6) 29:24 31:18 32:25 34:2 34:3 34:12 | | **proposed**(4) 4:21 6:16 21:7 21:22 | | **result**(1) 12:21 | |
| | | **percent**(2) 14:8 14:21 | | **prosecuted**(1) 9:5 | | **rice**(1) 2:36 | |
| | | **period**(1) 23:24 | | **protect**(1) 11:1 | | **right**(65) 3:3 3:8 3:19 3:21 4:17 4:19 4:23 5:16 6:2 6:18 7:23 7:25 8:15 8:24 9:2 9:6 9:20 9:23 10:1 10:4 10:13 10:13 10:15 10:20 11:4 11:13 11:13 11:25 12:3 12:25 14:9 14:14 15:20 17:2 17:3 17:21 18:17 18:21 19:6 19:10 19:12 20:23 21:14 21:16 22:6 22:16 23:2 24:16 25:1 25:4 26:10 28:21 29:13 30:6 30:9 31:14 32:18 32:22 33:5 33:16 35:3 35:24 36:7 | |
| **omnibus**(5) 4:9 5:4 19:19 19:22 20:4 | | **person**(2) 16:4 16:5 | | **prototypical**(1) 20:17 | | | |
| **once**(4) 15:25 16:3 17:9 32:1 | | **pertains**(2) 4:9 5:4 | | **provided**(2) 21:10 35:4 | | | |
| **one**(6) 12:1 14:4 19:19 27:14 35:5 35:21 | | **pertinent**(1) 5:14 | | **provides**(1) 24:9 | | | |
| **one-and-a-half**(1) 14:8 | | **phone**(3) 6:10 24:15 33:16 | | **provision**(1) 30:4 | | | |
| **only**(15) 4:14 10:24 11:17 12:1 13:8 13:17 13:24 14:1 14:20 16:4 25:15 29:10 29:11 35:9 35:20 | | **phonetic**(2) 4:7 33:15 | | **public**(1) 8:9 | | | |
| | | **picture**(1) 27:22 | | **publicly**(2) 9:16 9:16 | | | |
| | | **pieces**(1) 14:4 | | **purchase**(5) 23:25 23:25 24:2 24:4 24:10 | | | |
| | | **place**(1) 14:15 | | **pursuant**(2) 25:20 26:18 | | **rights**(1) 25:12 | |
| | | **plain**(1) 29:20 | | **push**(1) 32:21 | | **rise**(1) 3:2 | |
| **operating**(1) 15:3 | | **plan**(1) 17:9 | | **put**(5) 4:15 12:7 12:15 14:1 15:21 | | **road**(1) 5:20 | |
| **opposed**(1) 27:12 | | **planning**(1) 33:19 | | **puts**(1) 35:2 | | **robert**(1) 2:29 | |
| **order**(18) 4:22 5:1 5:22 6:16 7:1 19:4 19:24 20:19 21:6 21:8 21:9 21:11 21:22 23:1 24:4 24:11 25:5 25:10 | | **please**(10) 3:3 4:23 5:16 6:9 17:19 19:8 21:10 22:6 33:2 30:24 | | **question**(7) 20:13 24:1 25:17 28:7 28:7 31:1 34:15 | | **rome**(1) 2:20 | |
| | | | | | | **rucker**(5) 23:16 23:17 23:19 23:24 24:3 | |
| | | **pleased**(2) 18:5 23:17 | | | | **rucker's**(3) 24:12 24:14 25:3 | |
| **orders**(1) 4:4 | | **pledged**(1) 10:25 | | **questions**(2) 24:11 26:5 | | **rule**(3) 33:2 34:2 34:12 | |
| **other**(16) 4:18 5:5 12:10 14:11 21:11 21:12 22:21 22:22 24:8 25:23 25:24 26:22 27:10 28:1 34:7 34:24 | | **plus**(1) 13:7 | | **quick**(1) 22:21 | | **ruling**(1) 33:20 | |
| | | **podium**(2) 19:17 22:14 | | **quote**(1) 26:20 | | **run**(1) 16:3 | |
| | | **point**(5) 12:6 13:11 15:8 17:6 26:4 | | **raise**(1) 22:23 | | **runway**(1) 24:9 | |
| | | **pointed**(1) 31:3 | | **ramifications**(1) 31:4 | | **said**(7) 4:14 5:10 9:15 10:2 14:20 30:5 31:18 | |
| **our**(9) 8:9 8:10 8:21 11:16 12:6 12:8 27:3 28:24 36:6 | | **portion**(1) 25:16 | | **rather**(1) 34:4 | | | |
| | | **posed**(1) 31:1 | | **reach**(1) 18:25 | | | |
| | | **position**(1) 33:4 | | **reached**(3) 19:24 21:22 24:6 | | | |
| **ours**(1) 15:22 | | **possibly**(1) 9:3 | | **read**(2) 30:4 33:21 | | **sale**(1) 10:23 | |
| **out**(13) 10:22 11:12 12:9 13:8 13:17 13:22 14:1 18:9 24:1 27:22 31:3 33:14 33:16 | | **post-bapcpa**(1) 31:9 | | **reading**(1) 30:2 | | **same**(7) 11:9 14:20 18:24 20:22 20:24 20:25 35:17 | |
| | | **potentially**(2) 25:25 28:13 | | **real**(2) 25:9 31:10 | | | |
| | | **ppearances**(2) 1:23 2:1 | | **really**(2) 8:5 17:23 | | | |
| **over**(9) 13:2 19:14 28:22 29:8 29:9 32:1 32:5 32:13 32:16 | | **practical**(1) 16:10 | | **reason**(3) 10:7 16:14 20:14 | | **sandridge**(1) 2:36 | |
| | | **preference**(1) 22:25 | | **reasonable**(9) 27:20 27:23 28:3 31:21 33:23 33:24 34:3 34:5 34:9 | | **satisfied**(1) 22:1 | |
| | | **preliminary**(1) 23:20 | | | | **saw**(2) 14:18 14:19 | |
| **over-secured**(4) 32:7 32:8 34:22 35:3 | | **present**(1) 24:16 | | | | **say**(10) 9:17 10:17 10:20 11:10 12:18 13:25 14:12 18:2 18:5 20:19 | |
| **overrule**(6) 6:19 6:21 6:22 6:23 19:7 21:17 | | **preserved**(2) 25:12 25:23 | | **reasonably**(1) 29:12 | | | |
| **owe**(2) 12:21 18:2 | | **preserving**(9) 27:10 27:21 27:23 28:3 29:25 33:1 33:24 34:3 34:10 | | **received**(4) 15:12 19:19 29:4 29:6 | | | |
| **owed**(7) 10:22 12:8 15:11 18:6 21:25 30:20 34:25 | | | | **recently**(1) 25:10 | | | |
| | | **president**(1) 15:7 | | **recession**(1) 15:16 | | **saying**(5) 4:15 27:22 29:23 30:11 35:8 | |
| | | **presumably**(1) 26:16 | | **reclassify**(2) 7:20 18:19 | | **says**(4) 4:7 15:9 29:20 34:17 | |
| **owes**(3) 10:20 13:24 15:2 | | **presuming**(1) 26:8 | | **record**(4) 4:16 7:4 18:23 22:18 | | **schedule**(2) 3:20 36:3 | |
| **own**(15) 5:9 7:21 9:8 10:11 10:17 12:19 12:23 12:24 15:24 15:25 16:15 18:15 28:17 28:18 28:19 | | **pretty**(1) 22:21 | | **recorded**(1) 1:46 | | **scheduling**(2) 22:25 36:2 | |
| | | **previous**(2) 13:15 28:7 | | **recording**(2) 1:46 36:12 | | **schnitzer**(2) 2:15 23:12 | |
| | | **price**(1) 24:1 | | **recourse**(2) 17:25 28:12 | | **schuylkill**(1) 1:41 | |
| | | **primary**(2) 27:3 27:15 | | **recover**(1) 27:19 | | **sean**(3) 1:28 22:14 22:18 | |
| **owned**(5) 5:11 8:8 9:16 9:21 25:10 | | **prior**(9) 5:8 5:21 18:25 19:23 20:19 21:21 26:22 31:17 34:7 | | **recoverable**(1) 25:20 | | **seated**(1) 3:3 | |
| **owner**(1) 6:14 | | | | **reduce**(1) 35:18 | | **second**(2) 11:21 27:14 | |
| **ownership**(1) 6:19 | | | | **reduced**(1) 29:15 | | **section**(2) 25:20 26:19 | |
| **owns**(2) 9:17 16:5 | | **probably**(3) 8:25 13:22 14:12 | | **reflecting**(2) 4:22 6:16 | | **secured**(15) 7:22 8:4 10:10 12:15 12:15 13:1 16:24 16:24 17:6 18:19 25:21 27:20 31:22 32:6 32:17 | |
| **p.c**(1) 2:5 | | **problem**(4) 3:20 9:6 12:18 21:5 | | **reflects**(1) 5:13 | | | |
| **paid**(23) 10:20 11:7 11:12 13:1 13:15 14:9 15:21 17:8 17:12 18:13 25:19 26:6 26:7 26:13 26:25 27:11 28:2 28:4 28:10 30:20 31:2 31:3 35:4 | | **problems**(1) 28:24 | | **related**(2) 23:16 23:16 25:13 25:15 | | | |
| | | **proceedings**(5) 1:19 1:46 10:3 21:3 36:13 | | **relatively**(1) 23:22 | | | |
| | | **process**(2) 9:4 11:23 | | **release**(2) 11:23 24:8 | | **securing**(2) 25:21 27:20 | |
| | | **produced**(1) 1:47 | | **relevant**(1) 30:12 | | **security**(6) 10:25 12:19 21:24 22:4 22:5 34:23 | |
| | | **profit**(1) 12:8 | | **relief**(3) 21:23 25:10 28:13 | | | |
| **papers**(1) 12:14 | | **profitably**(2) 15:4 15:5 | | **renew**(1) 12:2 | | | |
| **park**(11) 25:11 25:22 26:8 26:8 27:2 27:5 27:12 28:25 31:7 32:5 34:18 34:20 | | **prohibited**(1) 9:10 | | **renewal**(1) 11:21 | | **seeking**(1) 28:13 | |
| | | **proof**(3) 6:19 20:16 20:19 | | **report**(1) 23:17 | | **sell**(7) 10:21 11:11 28:16 28:23 28:25 32:9 32:12 | |
| | | **proper**(1) 7:22 | | **representative**(1) 8:4 | | | |
| **part**(2) 16:4 20:21 | | **properties**(1) 27:3 | | **represented**(1) 18:4 | | | |
| **parties**(6) 19:25 21:21 22:21 23:23 25:14 26:1 | | | | **repurchase**(1) 24:2 | | **selling**(2) 10:22 15:13 | |
| | | | | **request**(1) 25:8 | | **send**(1) 3:12 | |
| **party**(2) 7:17 7:19 | | | | **required**(1) 22:2 | | **service**(2) 1:40 1:47 | |
| **pause**(1) 21:3 | | | | **requirement**(1) 33:22 | | **services**(3) 1:40 12:9 20:22 | |
| **paving**(4) 5:6 5:7 6:15 7:2 | | | | **requires**(1) 33:10 | | **set**(1) 7:10 | |
| **pay**(12) 10:15 10:18 10:19 11:10 12:10 12:17 13:9 13:25 14:24 18:12 27:5 35:4 | | | | **reserve**(1) 4:17 | | **settle**(1) 13:19 | |
| | | | | **reserved**(1) 25:12 | | **settlement**(2) 23:19 23:22 | |
| | | | | | | **several**(1) 18:23 | |

| Word | Page:Line |
|---|---|
| **shall**(1) 26:21 | |
| **shannon**(1) 23:5 | |
| **shirt**(2) 3:12 3:15 | |
| **should**(3) 3:12 6:15 20:11 | |
| **show**(2) 6:12 31:21 | |
| **showing**(3) 5:9 31:23 33:22 | |
| **sign**(3) 5:1 21:6 25:5 | |
| **significantly**(2) 32:5 32:16 | |
| **silly**(1) 23:8 | |
| **simple**(1) 23:22 | |
| **simply**(1) 31:12 | |
| **since**(3) 3:14 15:17 15:24 | |
| **sir**(6) 10:11 14:3 17:4 18:17 19:11 24:15 | |
| **sits**(1) 27:5 | |
| **six**(1) 23:24 | |
| **skip**(2) 19:14 22:20 | |
| **slightly**(1) 18:14 | |
| **small**(1) 13:23 | |
| **sold**(1) 26:25 | |
| **some**(12) 5:13 13:10 13:11 15:9 16:10 18:7 19:9 24:4 29:13 31:18 33:15 34:8 | |
| **someone**(2) 8:16 11:6 | |
| **something**(3) 10:24 14:21 21:4 | |
| **sometime**(1) 17:12 | |
| **somewhat**(1) 11:13 | |
| **somewhere**(2) 13:3 35:14 | |
| **sontchi**(1) 1:20 | |
| **sorry**(5) 5:17 9:19 12:4 12:5 14:11 21:4 21:13 24:24 | |
| **sort**(1) 33:15 | |
| **sound**(2) 1:46 36:12 | |
| **south**(1) 2:31 | |
| **speaking**(1) 11:6 | |
| **specific**(1) 25:17 | |
| **specifically**(2) 5:22 30:12 | |
| **split**(1) 31:17 | |
| **spv**(2) 6:5 6:7 | |
| **stang**(2) 24:21 24:21 | |
| **stange**(1) 24:21 | |
| **stargatt**(2) 1:26 3:24 | |
| **start**(1) 3:21 | |
| **starting**(1) 3:20 | |
| **starts**(1) 24:1 | |
| **state**(7) 4:11 4:21 9:23 11:5 27:17 35:1 35:5 | |
| **state's**(1) 27:22 | |
| **states**(3) 1:1 1:21 9:15 | |
| **stating**(1) 8:23 | |
| **statute**(6) 29:20 30:2 30:3 33:22 34:17 34:20 | |
| **statutory**(1) 27:16 | |
| **stay**(3) 21:23 25:10 28:13 | |
| **stephanie**(1) 36:17 | |
| **steven**(4) 2:47 7:8 7:13 7:15 | |
| **stick**(2) 20:15 20:16 | |
| **still**(6) 15:22 31:23 33:22 35:3 35:3 35:4 | |
| **stipulated**(2) 19:24 21:22 | |
| **stipulation**(1) 5:23 | |
| **story**(5) 2:6 24:23 24:23 24:25 25:2 | |
| **street**(5) 1:12 1:30 1:41 2:22 2:31 | |
| **strong**(1) 17:23 | |
| **strongly**(2) 16:6 16:10 | |
| **stuff**(1) 15:13 | |
| **subject**(7) 5:9 5:19 5:21 5:25 19:25 28:12 28:19 | |
| **subleased**(1) 6:8 | |
| **submit**(3) 22:2 23:1 30:1 | |
| **subsequent**(1) 19:22 | |
| **subsumed**(1) 20:18 | |
| **subsuming**(1) 36:19 | |
| **successor**(1) 31:7 | |
| **such**(3) 18:12 34:4 35:17 | |
| **sudden**(2) 12:14 13:24 | |
| **sue**(1) 10:16 | |

| Word | Page:Line |
|---|---|
| **sued**(3) 13:9 13:18 18:4 | |
| **suffolk**(1) 6:3 | |
| **suggest**(1) 19:13 | |
| **suite**(2) 2:8 2:23 | |
| **superior**(3) 26:22 27:1 34:17 | |
| **superseded**(1) 4:12 | |
| **supplied**(1) 8:11 | |
| **support**(2) 30:16 34:23 | |
| **supported**(1) 30:13 | |
| **supposedly**(1) 14:25 | |
| **surcharge**(3) 31:10 31:12 31:22 | |
| **sure**(3) 8:5 12:11 27:25 | |
| **sustain**(2) 18:18 19:7 | |
| **switching**(1) 23:7 | |
| **tagged**(1) 6:2 | |
| **take**(3) 16:1 26:6 32:15 | |
| **talk**(1) 33:8 | |
| **talking**(1) 9:24 | |
| **tax**(4) 25:16 26:9 27:1 31:13 | |
| **taxation**(1) 4:11 | |
| **taxes**(36) 20:22 25:14 25:19 26:6 26:13 26:19 26:20 26:20 26:24 26:25 27:5 27:6 27:8 27:9 28:2 28:3 28:11 29:21 29:24 29:24 30:13 30:17 30:17 30:18 30:19 31:1 31:2 31:11 31:18 33:23 33:24 34:2 34:2 34:5 34:9 34:16 | |
| **taxing**(1) 28:12 | |
| **taylor**(2) 1:26 3:24 | |
| **telephone**(1) 6:9 | |
| **telephonic**(1) 2:45 | |
| **tell**(4) 14:11 15:23 17:15 32:4 | |
| **telling**(1) 16:13 | |
| **tenant**(1) 5:12 | |
| **terms**(2) 7:17 33:18 | |
| **test**(2) 30:8 30:12 | |
| **than**(5) 14:8 14:11 28:1 29:4 32:10 | |
| **thank**(22) 4:8 4:23 5:3 5:16 6:18 6:24 7:3 7:11 11:16 17:5 18:22 19:6 19:10 21:19 22:7 22:13 23:4 25:1 25:2 24:6 25:6 33:7 36:7 | |
| **that**(165) 4:3 4:16 4:22 5:9 5:10 5:14 6:3 6:11 6:12 6:15 6:17 6:18 6:19 7:10 7:13 7:15 7:21 8:5 8:7 8:10 8:23 8:23 9:3 9:4 9:7 9:7 9:10 9:15 9:19 10:2 10:9 10:24 11:2 11:8 11:22 12:7 12:7 12:9 12:12 13:10 13:12 13:15 13:18 14:4 14:6 14:18 14:18 14:19 14:20 14:21 14:24 14:25 15:11 15:15 15:19 15:21 15:23 15:24 16:14 16:15 17:1 18:6 18:9 18:10 18:12 19:13 19:20 20:8 20:10 20:13 20:15 20:20 20:22 21:14 22:1 22:21 23:1 23:17 23:19 23:20 23:25 24:6 24:7 24:10 24:11 25:6 25:9 25:11 25:19 25:22 25:25 26:1 26:3 26:7 26:8 26:21 27:9 27:14 27:15 27:16 27:18 27:24 28:5 28:10 28:23 29:11 29:14 29:17 29:22 29:22 29:23 29:23 30:2 30:2 30:3 30:4 30:5 30:5 30:11 30:19 30:21 31:1 31:3 31:4 31:5 31:9 31:17 31:19 31:20 31:21 31:23 32:2 32:16 32:19 32:2 32:24 33:5 33:25 33:25 34:2 34:4 34:4 34:8 34:11 34:17 34:17 34:19 34:19 34:16 34:21 35:4 35:8 35:8 35:9 35:16 35:17 35:19 35:19 35:21 35:21 35:25 36:5 36:5 36:11 | |
| **that's**(29) 3:8 9:18 10:4 11:9 11:16 12:8 12:25 13:5 15:1 15:21 15:22 16:12 21:6 21:14 22:13 25:17 28:9 28:21 29:13 30:1 31:11 32:18 32:20 33:2 33:18 34:10 35:15 35:9 35:18 | |

| Word | Page:Line |
|---|---|
| **the**(301) 1:1 1:2 1:20 1:29 2:14 3:2 3:3 3:8 3:11 3:16 3:19 3:20 3:24 3:25 4:3 4:25 4:7 4:10 4:10 4:11 4:12 4:13 4:14 4:16 4:16 4:17 4:19 4:23 5:1 5:1 5:4 5:6 5:7 5:9 5:9 5:10 5:11 5:14 5:15 5:16 5:19 5:19 5:19 5:19 5:21 5:23 5:25 5:25 6:1 6:2 6:3 6:3 6:4 6:7 6:9 6:9 6:12 6:12 6:13 6:14 6:14 6:15 6:18 6:19 6:21 6:22 6:22 6:22 6:23 6:25 7:1 7:3 7:3 7:7 7:7 7:9 7:15 7:16 7:16 7:17 7:19 7:20 7:21 7:23 7:25 8:2 8:4 8:6 8:8 8:11 8:13 8:15 8:16 8:19 8:24 9:1 9:3 9:4 9:6 9:6 9:7 9:7 9:9 9:10 9:13 9:17 9:18 9:21 9:23 10:1 10:3 10:4 10:7 10:9 10:13 10:15 10:16 10:16 10:19 11:5 11:9 11:11 11:12 11:15 11:19 11:21 11:22 11:22 11:23 11:25 12:3 12:5 12:7 12:11 12:14 12:15 12:17 12:18 12:18 12:21 12:21 12:24 12:24 12:25 12:25 13:2 13:4 13:11 13:12 13:13 13:14 13:15 13:16 13:20 14:3 14:4 14:5 14:5 14:7 14:8 14:10 14:12 14:13 14:15 14:15 14:18 14:18 14:19 14:19 14:22 14:24 15:1 15:1 15:7 15:7 15:8 15:9 15:11 15:14 15:15 15:15 15:16 15:17 15:17 15:19 15:20 15:21 15:23 15:25 15:25 16:3 16:3 16:4 16:6 16:6 16:5 16:11 16:12 16:13 16:15 16:20 16:23 16:25 16:25 17:3 17:3 17:8 17:9 17:10 17:12 17:12 17:15 17:18 17:19 17:21 17:25 18:3 18:5 18:5 18:14 18:17 18:18 18:21 18:23 18:24 19:1 19:2 19:3 19:4 19:6 19:7 19:7 19:11 19:14 19:16 19:17 19:18 19:21 19:23 19:23 19:24 20:1 20:2 20:4 20:5 20:7 20:8 20:9 20:10 20:13 20:14 20:15 20:15 20:18 20:20 20:21 20:23 20:24 20:25 21:2 21:4 21:6 21:6 21:7 21:8 21:8 21:10 21:10 21:11 21:11 21:14 21:15 21:15 21:16 21:17 21:17 21:20 21:20 21:21 21:21 21:23 21:24 22:3 22:3 22:4 22:4 22:5 22:6 22:8 22:11 22:11 22:12 22:12 22:14 22:15 22:16 22:17 22:18 22:22 | |
| **the**(235) 22:23 23:2 23:4 23:6 23:10 23:14 24:2 24:4 24:8 24:9 24:10 24:12 24:14 24:14 24:18 24:20 24:24 25:1 25:3 25:5 25:7 25:8 25:8 25:8 25:10 25:12 25:13 25:14 25:16 25:16 25:16 25:18 25:19 25:20 25:21 25:21 25:23 25:23 25:25 26: 26:2 26:5 26:6 26:9 26:10 26:11 26:13 26:13 26:14 26:16 26:16 26:19 26:20 26:22 26:23 26:24 26:24 26:25 26:25 27: 27:3 27:4 27:4 27:8 27:9 27:9 27:10 27:11 27:15 27:16 27:17 27:18 27:19 27:21 27:22 27:23 27:24 27:24 27:24 27:24 27:28 28:3 28:3 28:4 28:4 28:7 28:11 28:12 28:14 28:15 28:15 28:17 28:17 28:19 28:21 28:22 28:23 28:24 28:25 29: 29:4 29:4 29:4 29:5 29:8 29:9 29:10 29:10 29:10 29:11 29:11 29:12 29:16 29:19 29:19 29:20 29:22 29:23 29:25 30: 30:3 30:5 30:7 30:9 30:10 30:11 30:11 30:13 30:14 30:15 30:16 30:16 30:19 30:19 30:20 30:23 31:1 31:2 31:8 31:9 31:15 31:18 31:19 31:20 31:20 31:22 31:22 31:24 32:2 32:5 32:6 32:7 32:9 32:9 32:10 32:12 32:13 32:16 32:18 32:19 32:22 32:24 33:3 33:6 33:8 33:13 33:16 33:21 33:21 33:22 33:22 33:23 33:25 33:25 34:1 34:3 34:3 34:7 34:8 34:10 34:12 34:13 34:16 34:17 34:17 34:21 34:22 34:24 34:24 34:25 35:1 35:4 35:4 35:5 35:5 35:6 35:8 35:13 35:13 35:13 35:14 35:15 35:16 35:16 35:17 35:17 35:18 35:20 35:21 35:24 36:2 36:4 36:6 36:7 36:9 36:11 36:12 36:12 36:13 | |
| **their**(10) 4:13 10:19 11:2 15:3 16:16 25:12 31:9 34:23 34:23 35:18 | |
| **them**(7) 8:21 11:1 11:21 13:25 18:2 27:11 35:20 | |
| **then**(16) 12:2 13:25 15:10 17:7 18:1 18:7 18:11 19:15 22:21 24:3 27:4 27:24 31:14 32:9 34:14 35:5 | |
| **there**(15) 3:3 7:21 9:25 15:9 16:14 16:21 18:9 18:10 24:24 26:11 30:5 31:3 31:17 33:22 34:20 | |
| **there's**(10) 10:7 14:10 15:18 15:18 16:18 17:1 17:1 27:25 30:19 33:15 | |
| **thereafter**(1) 6:7 | |
| **therefore**(2) 4:20 6:14 | |
| **thereon**(1) 26:21 | |
| **these**(11) 3:20 6:13 15:10 20:18 25:19 27:5 28:11 28:16 28:22 33:24 34:16 | |
| **they**(42) 4:2 4:13 4:17 7:16 9:8 9:15 10:19 10:24 10:24 11:2 11:12 12:16 12:16 12:19 12:21 12:23 12:23 13:2 13:10 13:14 13:15 13:18 14:18 14:19 14:19 14:23 15:10 15:12 15:14 15:24 18:2 18:5 18:11 26:7 29:3 29:13 31:5 31:23 31:24 34:5 | |
| **they're**(3) 17:6 34:22 35:19 | |
| **thing**(4) 11:9 13:10 13:12 14:20 | |
| **things**(1) 15:8 | |
| **think**(20) 5:10 6:2 13:12 17:10 20:14 22:21 23:10 25:17 26:13 31:16 32:4 32:6 33:2 33:9 33:10 33:11 33:25 34:15 35:25 36:5 | |
| **this**(48) 4:9 4:21 5:10 5:14 5:21 6:4 6:6 6:8 7:4 8:3 8:20 9:8 9:19 11:5 12:4 12:6 12:13 13:9 13:18 13:21 13:24 14:1 14:1 14:15 14:24 15:2 15:10 16:16 17:5 17:6 17:23 17:24 18:13 18:25 19:23 22:9 22:14 23:17 26:1 26:4 26:12 28:18 28:19 31:24 32:1 32:5 32:24 34:15 | |
| **those**(8) 26:9 26:13 27:1 27:8 27:9 28:10 29:15 34:2 | |
| **though**(1) 10:2 | |
| **thought**(2) 9:24 23:7 | |
| **three**(2) 11:17 22:24 | |
| **through**(3) 4:1 6:3 7:18 | |
| **time**(9) 5:19 9:3 15:8 15:15 16:18 19:10 21:15 22:14 33:8 | |
| **timely**(2) 13:11 26:14 | |
| **times**(1) 11:18 | |
| **timing**(2) 17:10 33:8 | |
| **title**(1) 6:4 | |
| **today**(10) 3:7 3:15 15:16 15:23 16:13 16:17 17:16 25:15 25:17 26:4 | |
| **together**(1) 26:20 | |
| **told**(6) 8:7 9:2 11:21 14:17 14:20 14:25 | |
| **too**(2) 7:11 16:19 | |
| **took**(1) 17:23 | |
| **towards**(1) 26:2 | |
| **transcript**(3) 1:19 1:46 36:12 | |
| **transcription**(2) 1:40 1:47 | |
| **transcriptionist**(1) 36:19 | |
| **transwestern**(6) 19:20 19:24 21:20 21:23 21:25 22:2 | |
| **treatment**(1) 34:9 | |
| **tried**(2) 7:14 18:25 | |
| **tro**(1) 23:20 | |
| **true**(2) 9:14 28:5 | |
| **trustee**(3) 5:25 27:19 31:20 | |
| **try**(1) 33:14 | |
| **trying**(6) 3:6 7:15 13:12 27:13 28:16 32:17 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **tuesday**(2) 3:1  3:6 | | **what**(30) 6:2  6:25  7:15  8:5  10:4  10:8 | | **you**(134) 3:3  3:12  4:8  4:23  5:3  5:16  6:1 | |

tuesday(2) 3:1  3:6
turn(1) 13:2
turned(2) 29:8  29:9
tweed(1) 2:28
two(4) 11:17  14:4  20:5  22:20
u.s.(1) 31:6
uh-huh(2) 8:13  12:20
ultimately(2) 29:1  29:14
unaffected(1) 34:24
under(8) 4:2  10:7  11:5  15:19  26:25  27:17  35:7  35:17
understand(15) 5:21  7:13  9:19  13:21  14:4  16:20  18:9  18:15  18:15  18:24  19:3  24:14  31:1  35:11  35:23
understanding(3) 4:3  8:17  8:19
understatement(1) 18:5
understood(1) 34:14
unfortunately(3) 14:12  15:1  15:14
united(2) 1:1  1:21
unless(1) 24:10
unscrupulous(1) 18:9
unsecured(10) 2:15  7:20  8:4  12:16  13:3  15:19  17:7  17:10  17:11  18:19
unsuccessful(1) 29:1
until(3) 3:21  26:24  26:25
upon(1) 26:20
usually(2) 3:17  11:8
valid(1) 12:1
valorem(11) 25:13  25:16  25:18  29:21  29:24  30:13  30:17  31:11  34:1  34:9  34:16
value(4) 29:12  34:24  35:13  35:14
vent(1) 14:15
venting(1) 13:22
very(4) 15:14  20:7  36:4  36:7
victoria(1) 2:21
view(1) 23:23
wait(1) 23:4
walsh(2) 3:12  3:15
wanerka(3) 2:42  24:16  24:19
want(6) 4:15  8:24  12:16  19:8  27:14  31:4
wanted(2) 7:20  22:22
was(38) 3:5  4:12  5:12  7:12  7:15  7:15  7:18  8:9  8:23  10:4  13:1  13:10  14:24  14:25  15:2  18:1  18:3  20:17  23:15  25:10  27:10  29:4  29:6  29:10  29:12  31:14  31:17  31:20  32:5  32:7  32:8  32:13  33:23  33:24  34:20  34:21  35:17  36:9
wasn't(3) 3:14  8:8  19:1
way(4) 23:7  30:6  33:21  35:9
we'd(1) 23:1
we'll(6) 19:15  26:10  32:3  33:16  35:12  36:?
we're(4) 4:14  15:16  24:25  30:11
we've(6) 8:10  8:11  17:22  32:1  32:4  32:20
wearing(2) 3:8  3:12
welcome(1) 19:11
well(44) 3:10  3:11  3:14  8:6  8:16  9:6  9:18  9:23  10:4  11:19  12:3  12:18  14:3  14:4  14:12  14:22  15:1  15:6  15:14  15:18  15:20  15:23  16:18  16:20  17:9  17:17  17:19  18:10  21:8  23:12  23:21  24:20  25:24  26:15  27:19  28:1  28:15  29:22  29:23  31:25  32:9  33:7  33:13  34:22
went(1) 15:3
were(35) 4:2  7:16  7:19  8:7  8:19  8:22  9:2  9:24  11:21  11:23  12:13  13:9  13:18  14:17  14:19  14:23  15:7  15:11  26:6  26:7  26:13  28:2  28:3  28:16  28:22  29:1  29:3  30:5  30:14  30:15  30:20  31:2  32:16  34:9  35:16
weren't(3) 13:11  18:5  32:11
werkheiser(1) 4:7
west(1) 1:30

what(30) 6:2  6:25  7:15  8:5  10:4  10:8  10:19  10:22  11:7  11:12  13:10  15:20  16:6  16:7  16:11  16:12  16:21  17:6  20:18  20:23  22:19  23:23  23:23  25:14  26:11  26:12  28:?  31:14  33:2  35:9
what's(1) 8:25
whatever(3) 9:23  12:22  17:7
when(6) 3:6  12:13  18:1  18:3  26:11  31:10
where(4) 13:10  13:11  13:14  35:25
where-as(1) 6:1
whereby(1) 21:22
whereupon(1) 36:9
whether(3) 7:18  25:18  34:8
which(24) 5:5  5:13  5:23  5:24  6:5  6:13  6:15  9:2  13:18  16:15  19:24  20:9  21:25  22:3  22:4  23:15  24:5  26:24  27:17  28:25  29:1  29:20  30:14  30:15
while(1) 7:15
white(1) 3:12
who(9) 7:13  11:6  11:7  12:15  16:5  18:4  18:12  22:22  34:20
whole(1) 13:22
why(3) 20:14  32:20  33:13
will(12) 4:16  18:8  18:10  19:25  21:17  21:23  22:21  23:19  24:7  25:24  27:14  36:1
wilmington(6) 1:13  1:32  2:9  2:24  2:39  3:1
win(1) 33:6
win-win(1) 23:23
wires(1) 16:3
wish(6) 4:24  7:4  17:3  22:8  24:15  24:20
with(56) 3:15  3:17  3:23  4:1  5:5  5:7  6:5  6:6  7:1  7:4  7:14  7:17  8:2  8:15  10:9  11:1  11:13  12:16  15:7  16:5  16:11  17:17  17:24  19:4  19:18  19:21  20:3  20:3  20:8  20:15  20:16  21:8  21:19  22:9  22:23  22:24  23:7  23:11  23:19  23:24  24:7  24:10  25:15  26:3  26:20  28:24  29:19  30:14  31:8  32:25  33:3  33:14  33:20  34:15  35:16  36:5
withdraw(1) 24:7
within(2) 20:19  22:2
without(2) 30:2  30:10
womble(1) 2:36
won't(3) 3:21  17:16  17:17
words(3) 27:10  34:7  34:25
work(7) 8:10  8:16  11:6  12:24  13:24  16:1  33:14
worked(2) 15:7  18:13
working(3) 8:20  24:5  28:23
world(1) 14:13
worst(1) 15:16
worth(3) 27:6  35:1  35:17
would(25) 6:11  6:12  9:3  9:10  9:10  9:12  11:22  16:15  21:11  22:1  23:8  23:12  26:11  26:12  26:16  27:11  27:11  28:9  28:24  30:1  30:2  31:4  33:9  33:19  35:21
wouldn't(1) 32:11
write(1) 14:11
yeah(19) 3:16  3:19  9:20  9:22  9:22  11:19  12:18  13:5  13:16  13:20  14:3  16:20  16:22  17:15  18:3  18:3  18:14  18:16  33:21
year(4) 12:1  18:6  26:24  32:14
years(3) 11:17  15:17  17:23
yep(1) 23:4
yes(10) 7:3  7:9  7:24  10:12  10:14  19:6  24:14  26:7  26:18  30:1
yet(2) 14:24  15:12
york(10) 2:17  4:11  4:13  4:21  5:21  9:15  10:8  16:7  16:8  16:8

you(134) 3:3  3:12  4:8  4:23  5:3  5:16  6:1  6:18  6:24  7:3  7:25  8:2  8:3  8:11  8:15  8:19  8:22  8:24  9:8  9:13  9:15  9:16  9:24  10:8  10:11  10:13  10:15  10:16  10:17  10:17  10:17  10:25  11:7  11:10  11:10  11:11  11:12  11:22  12:2  12:18  12:21  12:22  12:22  12:24  12:24  13:2  13:13  13:23  14:3  14:6  14:7  14:11  14:18  14:23  15:8  15:9  15:13  15:16  15:18  15:19  15:23  16:3  16:4  16:6  16:7  16:7  16:11  16:13  16:14  16:21  16:23  17:1  17:3  17:5  17:7  17:7  17:15  17:16  17:17  17:22  18:4  18:11  18:11  18:22  19:6  19:6  19:8  19:10  20:12  20:13  21:19  22:7  22:13  23:4  23:10  23:11  24:5  24:15  24:24  25:1  25:2  25:4  25:6  26:5  27:2  27:4  27:11  27:15  27:25  28:4  28:15  28:17  28:19  28:22  29:8  29:10  30:4  30:15  31:1  31:17  31:22  32:9  32:24  32:25  33:6  33:7  33:13  33:15  34:7  34:8  35:5  35:11  35:16  36:7
you'll(3) 17:8  17:12  32:2
you're(10) 3:10  3:11  4:14  8:16  13:3  13:25  16:24  19:11  27:22  29:23  35:5
you've(2) 16:25  23:16
young(3) 1:26  3:24  22:18
your(89) 3:5  3:23  3:25  4:3  4:8  4:10  5:3  5:7  5:8  5:13  5:18  5:23  6:1  6:11  6:21  6:24  7:13  8:19  9:24  10:9  10:10  10:15  10:25  11:1  11:3  13:6  14:11  14:15  16:11  18:18  18:22  19:4  19:10  19:13  19:18  19:22  20:4  20:14  20:16  21:1  21:7  21:19  21:21  22:5  22:7  22:13  22:17  22:19  22:20  22:23  23:1  23:6  23:14  23:22  24:11  24:16  25:6  25:6  25:17  26:18  27:2  27:7  27:13  28:5  28:10  28:21  29:3  29:13  29:17  30:1  30:21  30:25  31:3  31:16  31:25  32:4  33:1  33:7  33:18  33:20  34:14  34:19  35:11  35:12  35:23  35:25  36:5