IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                              :   Jointly Administered
      Debtors.                                                :
                                                              :   Response Deadline: March 2, 2010 at 4:00 p.m. (ET)
                                                              :   Hearing Date: March 9, 2010 at 10:00 a.m. (ET)
------------------------------------------------------------- x

### DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

DB02:9218851.1                                                                                    066585.1001

Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7.   On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.   To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9.   By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

disallowing and expunging in full the Disputed Claims listed in <u>Exhibit A</u> to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A. No Liability Claims

10. After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in <u>Exhibit A</u> to the Proposed Order (the "<u>No Liability Claims</u>"). Moreover, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in <u>Exhibit A</u> should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in <u>Exhibit A</u>.

## RESERVATION OF RIGHTS

11. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

12. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; (iv) counsel for the Official Committee of Borrowers; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: February 5, 2010
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Sean M. Beach*
_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :  Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                  :
                                                                    :  Jointly Administered
         Debtors.                                                   :
------------------------------------------------------------------- x

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.  I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.  Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims" as defined in the Objection and identified on Exhibit A to the Proposed Order.

3. The information contained in Exhibit A to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed the No Liability Claims, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2010

                                            Eileen Wanerka
                                            Assistant Vice President