**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re: : Chapter 11

:

AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1] :

: Jointly Administered

Debtors. :

: **Response Deadline: October 5, 2009 at 4:00 p.m. (ET)**
**Hearing Date: October 13, 2009 at 10:00 a.m. (ET)**

------------------------------------------------------------------ x

## NOTICE OF DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

TO:    (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) THE HOLDERS OF THE DISPUTED CLAIMS; (III) COUNSEL FOR THE COMMITTEE; AND (IV) THOSE PARTIES WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002, IN ACCORDANCE WITH DEL. BANKR. LR 2002-1(B).

The above-captioned debtors and debtors in possession (the "Debtors") have filed the **Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "Objection"), a copy of which is attached hereto.  By the Objection, the Debtors seek to disallow or modify your claim as set forth more fully in the exhibits to the Objection.

Responses to the Objection, if any, must be filed on or before **October 5, 2009 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Debtors so that the response is received on or before the Response Deadline.

PLEASE TAKE FURTHER NOTICE that every Response to the Objection must contain at a minimum the following:

    (a)    a caption setting forth the name of the Court, the case number and the title of the Objection to which the Response is directed;

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

(b)    the name of the Claimant and description of the basis for the amount of the Claim, if applicable;

(c)    a concise statement setting forth the reasons why the Claim should not be disallowed or modified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the responding party will rely in opposing the Objection;

(d)    all documentation or other evidence of the Claim or assessed value, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which the responding party will rely in opposing the Objection at the Hearing;

(e)    the address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Claim; and

(f)    the name, address and telephone number of the person (which may be the Claimant or his/her/its legal representative) possessing ultimate authority to reconcile, settle or otherwise resolve the Claim or response to the Objection on behalf of the responding party.

PLEASE TAKE FURTHER NOTICE that questions about the Objection should be directed to counsel for the Debtors (Michael S. Neiburg, (302) 571-3590 or mneiburg@ycst.com).  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

A HEARING ON THE OBJECTION WILL BE HELD ON **October 13, 2009 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801.  YOU HAVE THE RIGHT TO APPEAR TELEPHONICALLY AT THE HEARING ON THE OBJECTION.  A COPY OF THE BANKRUPTCY COURT'S PROCEDURES REGARDING TELEPHONIC APPEARANCES IS ENCLOSED WITH THIS NOTICE.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 11, 2009          YOUNG CONAWAY STARGATT & TAYLOR, LLP
   Wilmington, Delaware          */s/ Michael S. Neiburg*
            Sean M. Beach (No. 4070)
            Margaret Whiteman Greecher (No. 4652)
            Michael S. Neiburg (No. 5275)
            The Brandywine Building
            1000 West Street, 17th Floor
            Wilmington, Delaware  19801
            Telephone: (302) 571-6600
            Facsimile: (302) 571-1253

            Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                              :    Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al., [1]                                :
                                                                    :    Jointly Administered
        Debtors.                                                    :
                                                                    :    **Response Deadline: October 5, 2009 at 4:00 p.m. (ET)**
                                                                    :    **Hearing Date: October 13, 2009 at 10:00 a.m. (ET)**

------------------------------------------------------------------ x

### DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby

object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on

Exhibits A, B, and C to the proposed form of order (the "Proposed Order") attached hereto as

Exhibit III, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of

an order disallowing and expunging in full or in part, reassigning, and/or otherwise modifying

such Disputed Claims as described herein.  In support of this Objection, the Debtors rely on the

Declaration of Eileen Wanerka in Support of the Debtors' Forty-Second Omnibus (Substantive)

Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.     On August 4, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.     On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5.     On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6.     On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7.      On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities.  Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007.  Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reassigning, and/or otherwise modifying the

Disputed Claims listed in Exhibits A, B, and C to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

I.    **No Liability Claims**

10.    After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Moreover, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A.

II.    **Modified Amount Claim**

11.    The Debtors have reconciled the claim identified in Exhibit B to the Proposed Order (the "Modified Amount Claim") against their books and records. The claimant asserting the Modified Amount Claim asserted amounts that were higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit B should be modified by reducing the amounts to the dollar value listed under the column titled "Modified Amount" in Exhibit B. The Debtors believe Exhibit B contains the appropriate amounts of liability for the Modified Amount Claim. Failure to modify the Modified Amount Claim as set forth herein will result in the applicable claimant receiving an unwarranted recovery against the

Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors

hereby object to the Modified Amount Claim and request entry of an order reducing the value of

the Modified Amount Claim as set forth in Exhibit B.

### III.    Modified Amount Wrong Debtor Claim

12.    The Debtors have reconciled the claim identified in Exhibit C to the

Proposed Order (the "Modified Amount Wrong Debtor Claim") against their books and records.

The claimant asserting the Modified Amount Wrong Debtor Claim asserted an amount that was

higher than the amount of liability reflected in the Debtors' books and records. Additionally, the

Debtors' books and records indicate that the claimant asserting the Modified Amount Wrong

Debtor Claim asserted its claim against the wrong Debtor. The Debtors' books and records,

which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claim

should be (i) modified by reducing or fixing the amount to the dollar values listed under the

column titled "Modified Amount" in Exhibit C, and (ii) reassigned to the case number listed

under the column titled "New Case Number" in Exhibit C. Accordingly, the Debtors hereby

object to the Modified Amount Wrong Debtor Claim and request entry of an order modifying

and reassigning the Modified Amount Wrong Debtor Claim as indicated in Exhibit C.

### BORROWER CLAIMS

13.    This Objection includes some claims of borrowers arising from or relating

to any act or omission of any Debtor in connection with the origination, sale, or servicing of a

mortgage loan originated, sold, or serviced by any Debtor (the "Borrower Claims"). Article 17

of the Plan and the Findings of Fact, Conclusions of Law and order Confirming the Amended

Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "Confirmation

Order"), set forth certain requirements with respect to objections to Borrower Claims. The

Debtors have attached a certification of counsel hereto as Exhibit II, which states that the Debtors have complied with the requirements of the Plan and the Confirmation Order.

## RESERVATION OF RIGHTS

14.     The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

15.     The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; (iv) counsel for the Official Committee of Borrowers; and (v) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit III,  sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated:  September 11, 2009
           Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                          :    Chapter 11
                                                               :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                             :
                                                               :    Jointly Administered
     Debtors.                                                  :
---------------------------------------------------------------- x

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims", "Modified Amount Claim", and "Modified Amount Wrong Debtor Claim," as defined in the Objection and identified on Exhibits A, B, and C to the Proposed Order, respectively.

3.    The information contained in Exhibits A, B, and C to the Proposed Order is true and correct to the best of my knowledge.

4.    The Debtors have reviewed the No Liability Claims, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

5.    The Debtors have reviewed the Modified Amount Claim, related supporting documentation and the Debtors' own books and records and determined that the claim identified in Exhibit B to the Proposed order should be modified to the amount listed in Exhibit B. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Debtors seek to reduce the Modified Amount Claim.

6.    The Debtors have reviewed the Modified Amount Wrong Debtor Claim, related supporting documentation, and the Debtors' own books and records and determined that the claim identified in Exhibit C to the Proposed Order should be modified to the amount listed in Exhibit C and reassigned to the new case number listed in Exhibit C. Accordingly, to prevent the claimant from receiving an unwarranted recovery against the wrong Debtor, the Debtors seek to expunge and disallow in part and reassign the Modified Amount Wrong Debtor Claim.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September ___11___, 2009

_l. Wanerka_

Eileen Wanerka
Assistant Vice President

DB02:8714222.1

066585.1001

# EXHIBIT II

**Certification of Counsel**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------------- x
In re:                                         :  Chapter 11
                                               :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹               :
                                               :  Jointly Administered
        Debtors.                               :
                                               :
--------------------------------------------------------------- x
```

**CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17
OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE
DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE
DEBTORS' FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Counsel for the above-captioned debtors and debtors in possession (the "Debtors")

hereby certifies that the Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to

Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-

1 (the "Objection")² complies with the Plan and the Confirmation Order.  Specifically, the

Debtors have (i) used reasonable efforts to contact borrower-claimants to obtain information

regarding the factual and legal bases of their asserted claims and (ii) made reasonable offers of

settlement with respect to any claims that rise to the level *prima facie* validity, giving due regard

for the *prima facie* validity of all properly filed proofs of claim and the costs and relative

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow
Road, Melville, New York 11747.

[2]    Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in
the Objection.

hardships litigation would impose on the borrower-claimants. These borrower-claimants either refused such offers or failed to accept within the time stated in the respective offer.

Furthermore, the Debtors have served the Objection, along with a notice that apprises the claimant of his or her right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances, on the above-mentioned borrower-claimants. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Debtors will make reasonable efforts to notify the above-mentioned borrower-claimants as soon as practicable concerning any adjournment of the hearing on the Objection.


Dated:  September 11, 2009
       Wilmington Delaware

       **YOUNG CONAWAY STARGATT & TAYLOR, LLP**


       */s/ Margaret Whiteman Greecher*
       Sean M. Beach (No. 4070)
       Margaret Whiteman Greecher (No. 4652)
       Michael S. Neiburg (No. 5275)
       The Brandywine Building
       1000 West Street, 17th Floor
       Wilmington, Delaware  19801
       Telephone: (302) 571-6600
       Facsimile: (302) 571-1253

       Counsel to the Debtors and Debtors in Possession

       

# EXHIBIT III

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x
In re:                                                      :    Chapter 11
                                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                      :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                          :
                                                            :    Jointly Administered
         Debtors.                                           :
                                                            :    **Ref. Docket No. _____**
---------------------------------------------------------------------- x

**ORDER SUSTAINING DEBTORS' FORTY-SECOND OMNIBUS**
**(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO**
**SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the Forty-Second Omnibus (Substantive) Objection to

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007,

and Local Rule 3007-1 (the "Objection") of the above-captioned debtors and debtors in

possession (the "Debtors"), by which the Debtors respectfully request the entry of an order

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules

3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing and expunging in

full or in part, reassigning, and/or otherwise modifying each of the Disputed Claims[2] identified

on Exhibits A, B, and C; and it appearing that the Court has jurisdiction over this matter pursuant

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been

given under the circumstances; and sufficient cause appearing thereof; it is hereby

   ORDERED that the Objection is sustained; and it is further

   ORDERED that, the Disputed Claims identified on the attached <u>Exhibit A</u> are

hereby disallowed and expunged in their entirety; and it is further

   ORDERED that the Disputed Claim identified on the attached <u>Exhibit B</u> is hereby

modified to the dollar value listed under the column titled "Modified Amount" in <u>Exhibit B</u>; and

it is further

   ORDERED that the Disputed Claim identified on the attached <u>Exhibit C</u> is hereby

(i) modified to the dollar value under the column titled "Modified Amount"; and (ii) reassigned

to the case numbers listed under the column titled "New Case Number" in <u>Exhibit C</u>; and it is

further

   ORDERED that the Debtors reserve the right to amend, modify or supplement

this Objection, and to file additional objections to any claims filed in these chapter 11 cases

including, without limitation, the claims that are the subject of this Objection.

   ORDERED that the Debtors reserve the right to object to any of the Disputed

Claims on any grounds in future omnibus objections to claims; and it is further

   ORDERED that this Court shall retain jurisdiction over all affected parties with

respect to any matters, claims, or rights arising from or related to the implementation and

interpretation of this Order.

Dated: Wilmington, Delaware
   October ___, 2009

       _____
       CHRISTOPHER S. SONTCHI
       UNITED STATES BANKRUPTCY JUDGE

              066585.1001

# EXHIBIT A

Exhibit A

No Liability Claims

| | | | ──────── Objectionable Claims ──────── | | |
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| BEALL, LAURA A.<br>11002 BLUE ROAN RD<br>OAKTON, VA 22124 | 9845 | 1/29/08 | 07-11047 | $525,000.00 (S)<br>- (A)<br>- (P)<br>$525,000.00 (U)<br>$525,000.00 (T) | Claimant asserted a secured claim and an unsecured nonpriority claim related to an allegedly illegal loan, and obtained stay relief in this Court to prosecute her claim in the Eastern District of Virginia. Claimant subsequently commenced suit in the Eastern District of Virginia and her case was transferred to the Alexandria Division for adjudication (docketed as 08-cv-1307). On February 6, 2009, the Virginia court dismissed with prejudice all of the counts asserted against the Debtors. Claimant was provided a full opportunity to litigate her claims in that court, and principles of collateral estoppel bar any further assertion of her claim in these bankruptcy proceedings. |
| COUNTRYWIDE HOME LOANS, INC.<br>ATTN: DAVID SOBUL, ESQ.<br>4500 PARK GRANADA - MS: CH-11<br>CALABASAS, CA 91302 | 10476 | 8/28/08 | 07-11049 | $163,308,368.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$163,308,368.00 (T) | Claim relates to various breaches of a contract executed by and between claimant and American Home Mortgage Investment Corp. in January, 1995. The debtor entity against whom the claim is asserted did not exist until 2003 and cannot therefore be liable for alleged breaches of a contract that predated its existence. |
| COUNTRYWIDE HOME LOANS, INC.<br>ATTN: DAVID SOBUL, EQ.<br>4500 PARK GRANADA - MS: CH-11<br>CALABASAS, CA 91302 | 10480 | 8/28/08 | 07-11047 | $163,308,368.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$163,308,368.00 (T) | Claim relates to various breaches of a contract executed by and between claimant and American Home Mortgage Investment Corp. in January, 1995. The debtor entity against whom the claim is asserted did not exist until 1999 and therefore cannot be liable for alleged breaches of a contract that predated its existence. |

## ——— Objectionable Claims ———

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| DOBBEN, MONA S.<br>9208 N. 107TH DRIVE<br>SUN CITY, AZ 85351 | 10607 | 12/26/08 | 07-11050 | $451,723.00 (S)<br>- (A)<br>$903,446.00 (P)<br>- (U)<br>$1,355,169.00 (T) | Claimant asserted a claim for damages related to an alleged illegal loan and illegal foreclosure.  The claimant filed a related twenty-one (21) count complaint against American Home Mortgage Holdings, Inc. on June 23, 2008 in the United States District Court for the Central District of California. As set forth below, upon review of the claim and related complaint, the Debtors have determined that no liability exists.  In addition to numerous contradictory factual allegations contained in the complaint, the Debtors believe the legal bases for the claim are deficient for several reasons, which include, but are not limited to, the following:<br>1.  Because the claimant purchased the subject real estate properties for investment/rental purposes (and not personal occupancy), the Truth in Lending Act ("TILA"), Real Estate and Settlements Procedure Act ("RESPA"), California Civil Code §§ 1920 and 1921 are not applicable. Thus, the claimant has no legally cognizable claims against the Debtors under such laws.<br>2.  The claimant does not assert valid claims for either: i) unfair competition under California Business and Professions Code Consumer Fraud ("UCL"); ii) fraud under California Civil Code §§ 1572 and 1573; iii) negligent and intentional misrepresentation under California Civil Code §§ 1709-10; or iv) fraud on public under California Civil Code § 1711, because the vague and general allegations contained in the complaint fail to meet the applicable laws's pleading with particularity requirement.<br>3.  Claimant's negligent and intentional misrepresentation and concealment claims under California Civil Code §§ 1709-10 also lack sufficient legal bases due to fact that the Debtors were not bound to disclose information regarding the subject property under TILA or otherwise and, moreover, the fact that claimant has the Debtors' complete loan file (as admitted in the complaint) belies any argument that Debtors suppressed information.<br>4.  Recission or Cancellation under California Civil Code § 1689 is not an appropriate remedy because, as claimant acknowledges, the Debtors no longer own the mortgage or servicing rights.  As a result, rescission is an inappropriate remedy against the Debtors.<br>5.  The claimant's breach of contract claim fails because claimant has not identified, and cannot identify, a specific contractual provision that the Debtors allegedly breached.<br>6.  The claimant is not a resident of California.  Thus, her claim for Elder Abuse fails because California Welfare & Institutions Code § 15600 et seq is not applicable. Thus, the claimant has no legally cognizable claim against the Debtors under such law.<br>7.  The claimant cannot assert a cause of action against the Debtors under the Fair Debt Collections Practices Act ("FDCPA") because creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are statutorily exempt from liability under the FDCPA.<br>8.  The cause of action for Illegal Foreclosure fails because applicable state law concerning foreclosures applies only to "owner-occupied residences." The claim also fails because the purchaser of the Debtors' servicing business effectuated the foreclosure, not the Debtors. |

———— Objectionable Claims ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| DOBBEN, MONA S.<br>9208 N. 107TH DRIVE<br>SUN CITY, AZ 85351 | 10608 | 12/26/08 | 07-11051 | $451,723.00 (S)<br>- (A)<br>$903,446.00 (P)<br>- (U)<br>$1,355,169.00 (T) | Claimant asserted a claim for damages related to an alleged illegal loan and illegal foreclosure. The claimant filed a related twenty-one (21) count complaint against American Home Mortgage Holdings, Inc. on June 23, 2008 in the United States District Court for the Central District of California. As set forth below, upon review of the claim and related complaint, the Debtors have determined that no liability exists. In addition to numerous contradictory factual allegations contained in the complaint, the Debtors believe the legal bases for the claim are deficient for several reasons, which include, but are not limited to, the following:<br>1. Because the claimant purchased the subject real estate properties for investment/rental purposes (and not personal occupancy), the Truth in Lending Act ("TILA"), Real Estate and Settlements Procedure Act ("RESPA"), California Civil Code §§ 1920 and 1921 are not applicable. Thus, the claimant has no legally cognizable claims against the Debtors under such laws.<br>2. The claimant does not assert valid claims for either: i) unfair competition under California Business and Professions Code Consumer Fraud ("UCL"); ii) fraud under California Civil Code §§ 1572 and 1573; iii) negligent and intentional misrepresentation under California Civil Code §§ 1709-10; or iv) fraud on public under California Civil Code § 1711, because the vague and general allegations contained in the complaint fail to meet the applicable law's pleading with particularity requirement.<br>3. Claimant's negligent and intentional misrepresentation and concealment claims under California Civil Code §§ 1709-10 also lack sufficient legal bases due to fact that the Debtors were not bound to disclose information regarding the subject property under TILA or otherwise and, moreover, the fact that claimant has the Debtors' complete loan file (as admitted in the complaint) belies any argument that Debtors suppressed information.<br>4. Recission or Cancellation under California Civil Code § 1689 is not an appropriate remedy because, as claimant acknowledges, the Debtors no longer own the mortgage or servicing rights. As a result, rescission is an inappropriate remedy against the Debtors.<br>5. The claimant's breach of contract claim fails because claimant has not identified, and cannot identify, a specific contractual provision that the Debtors allegedly breached.<br>6. The claimant is not a resident of California. Thus, her claim for Elder Abuse fails because California Welfare & Institutions Code § 15600 et seq is not applicable. Thus, the claimant has no legally cognizable claim against the Debtors under such law.<br>7. The claimant cannot assert a cause of action against the Debtors under the Fair Debt Collections Practices Act ("FDCPA") because creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are statutorily exempt from liability under the FDCPA.<br>8. The cause of action for Illegal Foreclosure fails because applicable state law concerning foreclosures applies only to "owner-occupied residences." The claim also fails because the purchaser of the Debtors' servicing business effectuated the foreclosure, not the Debtors. |

—————— Objectionable Claims ——————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| DOBBEN, MONA S.<br>9208 N. 107TH DRIVE<br>SUN CITY, AZ 85351 | 10609 | 12/26/08 | 07-11047 | $451,723.00 (S)<br>- (A)<br>$903,446.00 (P)<br>- (U)<br>$1,355,169.00 (T) | Claimant asserted a claim for damages related to an alleged illegal loan and illegal foreclosure. The claimant filed a related twenty-one (21) count complaint against American Home Mortgage Holdings, Inc. on June 23, 2008 in the United States District Court for the Central District of California. As set forth below, upon review of the claim and related complaint, the Debtors have determined that no liability exists. In addition to numerous contradictory factual allegations contained in the complaint, the Debtors believe the legal bases for the claim are deficient for several reasons, which include, but are not limited to, the following:<br>1. Because the claimant purchased the subject real estate properties for investment/rental purposes (and not personal occupancy), the Truth in Lending Act ("TILA"), Real Estate and Settlements Procedure Act ("RESPA"), California Civil Code §§ 1920 and 1921 are not applicable. Thus, the claimant has no legally cognizable claims against the Debtors under such laws.<br>2. The claimant does not assert valid claims for either: i) unfair competition under California Business and Professions Code Consumer Fraud ("UCL"); ii) fraud under California Civil Code §§ 1572 and 1573; iii) negligent and intentional misrepresentation under California Civil Code §§ 1709-10; or iv) fraud on public under California Civil Code § 1711, because the vague and general allegations contained in the complaint fail to meet the applicable laws pleading with particularity requirement.<br>3. Claimant's negligent and intentional misrepresentation and concealment claims under California Civil Code §§ 1709-10 also lack sufficient legal bases due to fact that the Debtors were not bound to disclose information regarding the subject property under TILA or otherwise and, moreover, the fact that claimant has the Debtors' complete loan file (as admitted in the complaint) belies any argument that Debtors suppressed information.<br>4. Recission or Cancellation under California Civil Code § 1689 is not an appropriate remedy because, as claimant acknowledges, the Debtors no longer own the mortgage or servicing rights. As a result, recission is an inappropriate remedy against the Debtors.<br>5. The claimant's breach of contract claim fails because claimant has not identified, and cannot identify, a specific contractual provision that the Debtors allegedly breached.<br>6. The claimant is not a resident of California. Thus, her claim for Elder Abuse falls because California Welfare & Institutions Code § 15600 et seq is not applicable. Thus, the claimant has no legally cognizable claim against the Debtors under such law.<br>7. The claimant cannot assert a cause of action against the Debtors under the Fair Debt Collections Practices Act ("FDCPA") because creditors, mortgagors and mortgage servicing companies are not "debt collectors" and are statutorily exempt from liability under the FDCPA.<br>8. The cause of action for Illegal Foreclosure fails because applicable state law concerning foreclosures applies only to "owner-occupied residences." The claim also fails because the purchaser of the Debtors' servicing business effectuated the foreclosure, not the Debtors. |

## Objectionable Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| MACCORMACK, JOSEPH & MARY<br>4800 CHRISTIE JANE LANE<br>FAIRFAX, VA 22030 | 10655 | 2/5/09 | 07-11047 | $760,000.00 (S)<br>- (A)<br>- (P)<br>$1,520,000.00 (U)<br>$2,280,000.00 (T) | Asserted basis for claim is "Illegal loan/rescission." Claimant attached as Exhibit A to his proof of claim an unsigned letter, dated October 28, 2008, requesting loan modification or rescission due to allegedly fraudulent loan origination and fraudulent concealment of material loan terms. Debtors sold the mortgage relating to the subject property to the securitization trust, AHMA 2006-6 on October 30, 2006, and sold their servicing business on April 11, 2008 to a non-debtor third party. Accordingly, at the time the request was made, the Debtors were not responsible for servicing the loans and could not effectuate a rescission or modification of the loan. In addition, claimant's assertion that terms relating to the variable interest rate were fraudulently concealed is belied by the clear language of the Adjustable Rate Rider, dated September 19, 2006, contained in Exhibit B to the proof of claim, which provides, in part: "THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT...." The variable interest rate was also disclosed in the Truth-in-Lending Disclosure Statement. |
| STRAIGHT LINE ROOFING & CONTRUCTION<br>PORTER LAW GROUP, INC.<br>WILLIAM L. PORTER<br>7801 FOLSOM BLVD., SUITE 101<br>SACRAMENTO, CA 95826 | 10685 | 3/10/09 | 07-11047 | $26,041.33 (S)<br>- (A)<br>- (P)<br>- (U)<br>$26,041.33 (T) | Claim relates to a mechanic's lien asserted against residential real property located in El Dorado Hills, CA. The debtor is neither the owner of the property nor a party to any contract with the claimant. Rather, it appears that the property owner contracted with the claimant to perform work on their property. Thus, pursuant to applicable law, although the debtor's security interest in the property could potentially be impaired by the mechanic's lien, claimant cannot assert a claim against the debtor for the property owners' alleged breach of the subject construction contract. |

**Totals:**     8 Claims

$329,282,946.33 (S)<br>- (A)<br>$2,710,338.00 (P)<br>$2,045,000.00 (U)<br>$333,513,284.33 (T)

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown," "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT B

# Exhibit B
## Modified Amount Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | ─── Objectionable Claim ─── | | | |
| MONAGHAN, JOHN<br>SONIA C LAWSON, PA<br>PO BOX 320901<br>TAMPA, FL 33679 | 2746 | 11/19/07 | 07-11051 | - (S)<br>- (A)<br>$10,950.00 (P)<br>$389,998.00 (U)<br>$400,948.00 (T) | - (S)<br>- (A)<br>$2,884.62 (P)<br>- (U)<br>$2,884.62 (T) | Claim relates to unpaid wages and bonus payment as well as damages for an alleged breach of an employment contract. Pursuant to section 7 of the claimant's employment contract, attached to the proof of claim, the Debtor was entitled to discharge and terminate claimant's employment at any time and for any reason. Accordingly, the claimant does not have a valid breach of contract claim. In addition, the Debtors' books and records indicate that the claimant's employment was terminated on January 22, 2007. The records further indicate that claimant was paid wages for the period of January 1, 2007 through and including January 15, 2007, but that claimant was not paid wages for the period of January 16, 2007 through January 22, 2007. Thus, based on his annual salary, the claimant is entitled to a priority unsecured claim in the amount of $2,884.62 on account of unpaid wages. With respect to the claimed bonus, claimant is not entitled to payment for such bonus pursuant to the terms of his employment contract. Specifically, section 5 of his employment contract provides that the bonus to which claimant believes he is entitled was payable in March 2007. This section further provides that claimant would not be entitled to such bonus if he is not employed on the scheduled bonus payment date. Claimant was terminated on January 22, 2007. Accordingly, he was not employed on the scheduled payment date of such bonus and, therefore, he is not entitled to it per the terms of his employment contract. |

**Totals:**　　1 Claim

　　　　　　　　- (S)　　　　　　- (S)
　　　　　　　　- (A)　　　　　　- (A)
　　　　$10,950.00 (P)　　$2,884.62 (P)
　　　$389,998.00 (U)　　　　- (U)
　　　$400,948.00 (T)　　$2,884.62 (T)

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT C

# Exhibit C

## Modified Amount Wrong Debtor Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| ARAPAHOE COUNTY ATTN GEORGE ROSENBERG, ASST ATTORNEY 5334 S PRINCE STREET LITTLETON, CO 80166 | 9778 | 1/24/08 | 07-11047 | $11,945.13 (S) - (A) - (P) - (U) $11,945.13 (T) | 07-11051 | $2,329.04 (S) - (A) - (P) - (U) $2,329.04 (T) | Claim relates to personal property taxes and real estate taxes. The personal property taxes are still outstanding. Verified on the Arapahoe County Tax Collector's website that the real estate taxes have been paid. |
| **Totals:** | 1 Claim | | | $11,945.13 (S) - (A) - (P) - (U) $11,945.13 (T) | | $2,329.04 (S) - (A) - (P) - (U) $2,329.04 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.