IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------- x
In re:                                                             :  Chapter 11
                                                                   :
                                                                   :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                             :
HOLDINGS, INC., a Delaware corporation, et al.,[1]                :  Jointly Administered
                                                                   :
                                                                   :
    Debtors.                                                       :  **Ref. Docket No.: 8524**
----------------------------------------------------------------- x

**DECLARATION OF KEVIN NYSTROM IN SUPPORT OF DEBTORS' MOTION FOR
AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 1146(A)
AND BANKRUPTCY RULES 2002, 6004, 9014 AND 9019 APPROVING AND
AUTHORIZING: (I)(A) THE SALE, ASSIGNMENT AND TRANSFER OF LIMITED
LIABILITY COMPANY INTEREST OF BROADHOLLOW FUNDING, LLC; AND (B)
THE SALE, ASSIGNMENT AND TRANSFER OF LIMITED LIABILITY COMPANY
INTEREST OF MELVILLE FUNDING, LLC; (II) SETTLEMENT OF CLAIMS,
RELEASES AND WAIVERS; (III) RELEASE OF CERTAIN ESCROW FUNDS; AND
(IV) GRANTING RELATED RELIEF**

I, Kevin Nystrom, do hereby declare, under penalty of perjury:

        1.     I am a senior director of Zolfo Cooper ("ZC").  ZC is one of the world's

leading financial advisory, interim management and litigation support firms, with a team of

restructuring and litigation specialists in North America and, through its affiliates, in Europe/UK,

specializing in advising debtors, creditors, investors and court-appointed officials in formal

bankruptcy proceedings and out-of-court workouts.  I have been employed by ZC since

September 2000 and have been retained by American Home Mortgage Holdings, Inc. ("AHM

Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558);
American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement
Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The
address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing,
whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

subsidiaries, the debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), to serve as the Director of Restructuring for the Debtors.[2]

2.    I submit this declaration (the "Declaration") in support of the *Debtors' Motion For an Order Pursuant to Bankruptcy Code Sections 105, 363 and 1146(a) and Bankruptcy Rules 2002, 6004, 9014 and 9019 Approving and Authorizing: (I)(A) the Sale, Assignment and Transfer of Limited Liability Company Interest of Broadhollow Funding, LLC; and (B) the Sale, Assignment and Transfer of Limited Liability Company Interest of Melville Funding, LLC; (II) Settlement of Claims, Releases and Waivers; (III) Release of Certain Escrow Funds; and (IV) Granting Related Relief* (the "Motion")[3] [D.I. 8524].

3.    Pursuant to the Motion, the Debtors seek entry of an order approving and authorizing: (I)(a) the terms of that certain agreement (the "Broadhollow Sale Agreement") entitled Sale, Assignment and Transfer of Limited Liability Company Interest of Broadhollow Funding, LLC (the "Broadhollow LLC Interests"), by and between AHM Corp., as seller thereunder, and B&M Management Corp., as buyer thereunder (the "Buyer"); (b) the terms of that certain agreement (the "Melville Sale Agreement," and together with the Broadhollow Sale Agreement, the "Sale Agreements") entitled Sale, Assignment and Transfer of Limited Liability Company Interest of Melville Funding, LLC (the "Melville LLC Interests," and together with the Broadhollow LLC Interests, the "LLC Interests"), by and between AHM Acceptance, as seller

---

[2]    On August 14, 2007, the Debtors filed the Application of Debtors Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of the Agreement with Kroll Zolfo Cooper LLC, Stephen F. Cooper and Kevin Nystrom (the "Retention Application"), pursuant to which the Debtors sought approval of the standard services agreement dated August 6, 2007 by and between the Debtors and ZC, Stephen F. Cooper and myself.  On September 4, 2007, the Court entered an order approving the Retention Application [D.I. 606].

[3]    Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

thereunder, and the Buyer, as buyer thereunder; (II) settlement of claims, releases and waivers; (III) release of certain escrow funds; and (IV) granting related relief.

4.    I have reviewed the Motion and am familiar with the facts alleged therein and the relief requested. Except as otherwise indicated, I have personal knowledge of the matters set forth herein or have gained knowledge of such matters from the Debtors' employees or retained advisers that report to me in the ordinary course of my responsibilities. If I were called upon to testify, I could and would testify competently to the facts set forth herein.[4]

5.    This Declaration is submitted to provide an evidentiary basis for the Court to enter an order approving the Motion.

6.    I submit that there are compelling reasons and sound business justifications for the Court to authorize the Sales, including the settlements, waivers and releases. The Sales will provide substantial value to the Debtors' estates, including the availability of $5.5 million and the elimination of any administrative costs and liabilities associated with the Debtors' management and ownership of Broadhollow and Melville. In addition, the Sales provide for the settlement of numerous complex claims. Without the settlement under the Sales, the Debtors would remain conflicted between their duties to the Debtors' estates and creditors and the duties of AHM Corp. and AHM Acceptance as members and managers of Broadhollow and Melville, respectively. Until such conflicts are resolved, the $5.5 million in Escrow Funds would be unavailable for use by the Debtors.

7.    I further submit that the value the Debtors are receiving in exchange for the Sale of the LLC Interests is fair and reasonable. As stated above, the Sales will provide

---

[4]    Certain of the disclosures herein relate to matters within the knowledge of other employees of the Debtors and are based on information provided by them.

substantial value to the Debtors' estates through the elimination of liabilities, the settlement of claims and the immediate availability of approximately $5.5 million.

8.      In addition, the terms of the Sales have been proposed in good faith, as the agreements were the product of good faith, arm's length negotiations between the Debtors, on the one hand, and the Buyer, on the other, and were negotiated with the active involvement of the Debtors' officers and professionals.

9.      Finally, I submit that the Debtors provided adequate and reasonable notice of the Sales. The Debtors sent copies of the Motion and the Sale Agreements to all parties who expressed any interest, or parties the Debtors believed may have an interest, in purchasing the LLC Interests. The Debtors also published notice of the proposed Sales in the national edition of the Wall Street Journal on February 5, 2010. The notified parties had an opportunity to submit other offers during the period prior the objection deadline set forth in the Motion. To date, however, no other offers have been received. I believe that no further marketing efforts or formal auction process would result in a higher or better offer being realized for the LLC Interests.

10.     For all of the foregoing reasons, I submit that approval of a private sale of the LLC Interests to the Buyer pursuant to the terms of the Sale Agreements is not only appropriate but in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

*Signature page follows*

DB02:9255214.1                                                                                    066585.1001

WHEREFORE, for the reasons set forth herein, I believe that the Motion should be approved.

Dated: February 16, 2010

/s/ Kevin Nystrom
Kevin Nystrom

DB02:9255214.1                                           066585.1001