# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation,<br>et. al.,<br><br>                    Debtors,<br><br><br>Mona Dobben<br><br><br>MOVANT | ) Chapter 11<br>)<br>)<br>) Case No. 07-11047 (CSS)<br>) Jointly Administered<br>) **Ref. Docket No. 8527 & No. 8556**<br>)<br>)<br>)<br>)<br>) **Hearing Date:  February 18, 2010 at 11:00 a.m.**<br>) **TBD**<br>)<br>) |

## REPLY TO OBJECTION

## TO MOTION FOR SUPERSEDEAS BOND

## TO PROTECT JUDGMENT FOR MONA DOBBEN

### CLARIFICATION OF FACTS

  1.  After a full day evidentiary hearing before this Court on December 9, 2009, this Court found in favor of Mona Dobben and on 12/17/2009 the judgment order was signed. The Debtor appealed the decision on 12/24/2009.  The judgment was not paid as ordered within 20 days of the entry of the order signed on December 17, 2009 (Docket No. 8424), and on January 29, 2010 (Docket No. 8527) the claimant filed a  motion for a bond to protect the judgment.

  2.  Offers of a reasonable settlement and whether or not both parties engaged in good faith efforts to negotiate and resolve issues can be subjective, however Mona Dobben vehemently denies that she did not engage in such good faith efforts.

3. Mona Dobben engaged in good faith efforts to resolve this matter with the Debtor as early as August 2007 and continuing through this appeal.

4. Mona Dobben's counsel engaged in numerous communications which were not productive due to American Home and UCC counsel clear message that the only objective was to push their point of view.

5. The classification of the claim and the amount of the claim were the initial unresolved problems. This issue was clear at the hearing on October 14, 2009, the main issue was clear, the classification of the claim. This Court made it clear that it would not bifurcate the issue of classification and would reserve that issue to be decided at the evidentiary hearing.

6. Between October 14, 2009 and December 9, 2009, the Debtor made it clear that there would be no compromise on that issue, and in fact spent an enormous amount of time attempting to convince counsel for Mona Dobben of that point of view.

7. The current issue revolves around vacating the record. Mona Dobben believes the ruling was just and fair and believes it is important that the ruling stands. This is her decision alone and no one has influenced this decision.

8. Claimant Mona Dobben believes that the appeal will result in the same conclusions found in the first instance and this will be found to be a frivolous appeal, therefore we request that a bond is posted for an amount to include additional damages.

9. While Debtors counsel assert that Mona Dobben's assertions are baseless and unwarranted, the facts of this prove otherwise. It was Mona Dobben who tried to resolve this with minimal damage to both parties beginning in August of 2007. It was American Home who ignored her every plea until they were forced to address her problems in this

Court. Even after going through all the necessary steps to obtain a claim, and receiving a judgment, the Debtor's still do not want to pay her.

10. The Debtor's assert that "Every attempt was met with virtual silence, except for a blunt rejection." This is false, and the Debtor's own statements contradict that absurd proposition. From the beginning the Debtor's letters stated they believed Mona Dobben had no claim, but offered a $10,000 unsecured claim upon which Mona Dobben would be lucky to get $100.

11. American Home was clear and argued profusely that this claim could not be classified as anything other than unsecured, non priority, and tried to segregate the claim against American Home Mortgage Corporation only.

12. Contrary to the Debtor's arguments that they acted in good faith, and tried in good faith to settle with Mona Dobben, this is just not true. From the beginning, the Debtors claimed they believed Mona Dobben had no claim against the Debtors, a position they still hold today.

13. American Home further states that, " Between October 28, 2009 and December 9, 2009, the UCC, in consultation with the Debtors, tried on numerous occasions to resolve the disputed matter with Movant's attorney, but the Movant refused to respond."  In fact, during this time period American Home only sought to force their point of view on Mona Dobben's counsel, and no meaningful settlement offers were made. When Mona Dobben did not acquiesce to their point of view, counsel for American Home only fought harder for their position, and the communications were solely for that purpose.

14.   The position that American Home has taken that they did not force Mona

Dobben to fly half way around the Country and that they offered a reasonable settlement, is just not true, as the facts of this case prove otherwise. Mona Dobben could not have prosecuted her claim without appearing in person at the evidentiary hearing ad the Debtor's are well aware that most borrowers do not prosecute claims for that very reason. The cost involved is substantial. For the Claimant it is a direct expense on top of all they may have already lost or spent. For the Debtor, it is simply a bankrupt estate funds, which will be divided up among claimants with no real loss to expend legal fees. In fact, legal professionals are provided 100% payment of fees in the liquidation plan.

15. To assert that counsel did not engage in settlement discussions is also not an appropriate or accurate depiction of the true facts. Every offer was conveyed to Mona Dobben, and counter offers were made.

16. The Debtors boldly assert they offered Mona Dobben close to the full judgment amount. In fact, the first offer was only 50% of the awarded judgment, and the second was 80%. This is after Mona Dobben's legal fees have climbed even higher. Both offers came with a caveat that the record be vacated.

17. The removal of this from the Court record is the main fact that derailed settlement. It is Mona Dobben's wishes that the judgment which she deemed validation of her struggle remain on the record. At no time was that off the table.

18. American Home states, "The Debtors' and the UCC believe that the potential precedential value of the Administrative Claim Order is limited to the unique specific facts and circumstances of the Dobben contested matter, but wanted to preclude any attempt by any other party to argue otherwise." This is a clear statement of the true reason for the appeal. This Court should decide if this is a proper use of a

liquidating estate's funds. The amount of money available is a finite amount, and the only question is how that fund will be allocated. It makes no difference to this estate if this sets precedence or not. If American Home does not want this on the record for purposes of other borrowers attempting to argue the same concept, then this appeal is for no other reason than to prevent a borrower claim from achieving a different classification. This does not create more funds for the estate, or save the estate any money. It only costs the estate money.

19.  At no time initial process had American Home offered a fair settlement leaving Mona Dobben no choice but to defend her claim. Fairness of a settlement offer can be subjective, however in this instance a $10,000 non priority unsecured claim and the projected recovery thereof according to the plan is clearly not a reasonable offer.

20.  After the judgment was entered by this Court it was obvious all American Home wanted was to have the record vacated. However American Home also offered less money than what was awarded. Again Mona Dobben had no choice but to defend her claim and judgment as legal fees mounted.

21.  American Home is not correct, and this Court is the proper venue of the motion for a bond. Rule 8005 establishes the procedure for obtaining a stay pending appeals of an order, including to which court the motion should be directed and provisions for a bond. Rule 8005 provides that the motion shall be directed in the first instance to the bankruptcy court. As a general rule the timely filing of a notice of appeal divests the bankruptcy court of jurisdiction to proceed further with respect to the specific matter of the appeal, Rule 8005 permits the bankruptcy court to take such action to protect the rights of all parties in interest.

Rule 8005. STAY PENDING APPEAL
A motion for a stay of judgment, order, or decree of a bankruptcy judge, for approval of a superseadeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court…

Advisory Committee Note
The first, third and fourth sentences of this rule are adaptations of Rule 8(a) and (b) F.R. App. P. the second sentence of the rule is derived from 39(c) if the Bankruptcy Act and confers on the bankruptcy judge discretion respecting the stay or continuation of other proceedings in the case while an appeal is pending.

22. Considering the precarious position of this bankrupt estate, and the plain fact that American Home has not paid Mona Dobben the ordered amount within 20 days from the entry of the judgment, it is confusing that the Debtor argues that they have not asked for a stay of the judgment. They have not paid the judgment.

WHEREFORE, Mona Dobben respectfully requests this Court protect its judgment and require that the Debtors pay the judgment while it is on appeal, or post a bond in an amount deemed appropriate by this Court.

Respectfully submitted,

LAW OFFICE
DOUGLAS J. PETTIBONE

By: *Douglas J. Pettibone*

Tel: (714) 730-9091
Fax: (714) 245-7324
Pettibonelaw@hotmail.com
www.pettibonelaw.com

/S/ Vivian A. Houghton
Vivian A. Houghton, Esquire
800 North West St, 2nd Floor
Wilmington, DE 19801
Phone: 302-658-0518
Fax: 302-658-5731
vivianhoughton@comcast.net

Date: 2-17-2009