IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                              : Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    : Jointly Administered
                  Debtors.                                          :
                                                                    : Ref. Docket No.: ___
                                                                    :
---------------------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019(a) AUTHORIZING AND APPROVING STIPULATION BY
AND AMONG THE DEBTORS AND CITIBANK, N.A. IN VARIOUS CAPACITIES
RESOLVING (I) CURE CLAIMS ASSERTED IN CONNECTION WITH THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS
TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE
ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the *Stipulation By and Among the Debtors and Citibank, N.A. in Various Capacities Resolving (I) Cure Claims Asserted in Connection With the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. and (II) Certain Proofs of Claim*, attached hereto as Exhibit A (the "Stipulation");[1] and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and all parties in interest having been heard or having had the opportunity to be heard; and it appearing that this proceeding is a core proceeding

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

under 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation attached hereto as <u>Exhibit A</u> is hereby APPROVED, and the Effective Time of the Stipulation shall take place upon satisfaction of the condition set forth in paragraph 1(ii) of the Stipulation.

3. In accordance with the Stipulation, the following Proofs of Claim shall be allowed as general unsecured claims in the amounts and against certain Debtors as set forth in the following table:

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 8839 | AHM Acceptance | AHMIT 2004-3 | $0 |
| 8845 | AHM SV | AHMIT 2004-3 | $65,475 |
| 8840 | AHM Corp. | AHMA 2006-3 | $841,484 |
| 8846 | AHM SV | AHMA 2006-3 | $906,959 |
| 8841 | AHM Corp. | AHMA 2006-4 | $753,484 |
| 8847 | AHM SV | AHMA 2006-4 | $818,959 |
| 8850 | AHM Corp. | GSR 2006-AR2 | $12,519 |
| 8848 | AHM SV | GSR 2006-AR2 | $77,994 |
| 8842 | AHM Corp. | SAMI 2007-AR1 | $263 |
| 8849 | AHM SV | SAMI 2007-AR1 | $65,738 |

4. Capital One, N.A., successor by merger to North Fork Bank, the escrow agent (the "Escrow Agent") under the Cure Escrow Agreement, is hereby directed to deliver via wire transfer, pursuant to wire instructions to be provided by Citibank, the sum of $607,985 to Citibank from the Cure Escrow account within five (5) business days of the Effective Time.

5. In accordance with the Cure Escrow Agreement, the Escrow Agent is authorized to release the funds from the Cure Escrow as set forth herein.

6. Upon receipt of the funds as set forth herein, Citibank's claim against the Cure Escrow shall be satisfied in full.

7. The Parties are hereby authorized to take all actions and execute all documents or instruments necessary to carry out the provisions of the Stipulation.

8. Notwithstanding the 10-day stay provided in Bankruptcy Rule 6004(h), this Order shall become effective immediately upon entry by this Court.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      March ___, 2010

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## The Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        : Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                              :
                                                              : Jointly Administered
    Debtors.                                                  :
                                                              : Ref. Dkt. Nos. 1711, 2166, 2230, 2485,
                                                              : 3849, 3972, 7156, 8173, and 8174
------------------------------------------------------------- x

**STIPULATION BY AND AMONG THE DEBTORS AND CITIBANK, N.A. IN VARIOUS CAPACITIES RESOLVING (I) CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM**

This stipulation (the "Stipulation") is entered into by and among AHM Holdings and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), and Citibank, N.A., in various capacities ("Citibank" and, collectively with the Debtors, the "Parties"), by and through their undersigned counsel.

## RECITALS

WHEREAS, On August 6, 2007 (the "Petition Date"), the Debtors filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts;

---

* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS the Assumed Contracts included certain contracts (i) to which Citibank, in its capacity as Indenture Trustee, Trustee, Securities Administrator, Paying Agent, and/or Registrar, is a party or (ii) under which Citibank is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed Citibank Agreements");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, in accordance with the Sale Order, CItibank timely filed (i) the *Initial Cure Amount and Transfer Cost Estimate of Citibank, N.A., as Trustee* filed November 29, 2007 [D.I. 2230] (the "Initial Cure Claim"), (ii) the *Objection and Interim Cure Amount of*

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

*Citibank, N.A. to Debtors' Interim Period Cure Schedule* [D.I. 2585] (the "Interim Cure Claim"), and (iii) the *Final Cure Amount of Citibank, N.A.* [D.I. 3972] (the "Transfer Cost Claim" and, together with the Initial Cure Claim and the Interim Cure Claim, the "Sellers' Cure Claims"), which asserted aggregate claims of $935,362 as a Sellers' Cure Amount;

WHEREAS, Citibank timely filed certain proofs of claim (each, a "Proof of Claim" and collectively, the "Proofs of Claim") against certain of the Debtors, asserting contingent and/or unliquidated claims relating to certain securitization trusts (the "Securitization Trusts"), as indicated in the following table:

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8839 | AHM Acceptance | AHMIT 2004-3 |
| 8845 | AHM SV | AHMIT 2004-3 |
| 8840 | AHM Corp. | AHMA 2006-3 |
| 8846 | AHM SV | AHMA 2006-3 |
| 8841 | AHM Corp. | AHMA 2006-4 |
| 8847 | AHM SV | AHMA 2006-4 |
| 8850 | AHM Corp. | GSR 2006-AR2 |
| 8848 | AHM SV | GSR 2006-AR2 |
| 8842 | AHM Corp. | SAMI 2007-AR1 |
| 8849 | AHM SV | SAMI 2007-AR1 |
| 8843 | AHM Corp. | HALO 2007-1 |
| 8844 | AHM Corp. | HALO 2007-AR1 |

WHEREAS, on March 25, 2009, the Debtors filed an objection to the Sellers' Cure Claims [D.I. 7156];

WHEREAS, on October 13, 2009, the Debtors filed omnibus claim objections [D.I. 8173 & 8174] (the "Omnibus Objections") which included objections to the Proofs of Claim;

WHEREAS, the Parties desire to avoid costly litigation over the Sellers' Cure Claims and the Omnibus Objections, and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

3

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness.** This Stipulation shall be effective at the time (the "Effective Time") when both of the following conditions shall have occurred: (i) the Bankruptcy Court shall have entered an order (the "Approval Order") approving this Stipulation and authorizing the Cure Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to Citibank from the Cure Escrow; and (ii) Citibank shall have delivered to the Debtors' counsel written notice that the holders of a majority in principal amount outstanding of the securities issued by each of the Securitizations Trusts (the "Certificate Holders") have not directed it to act contrary to this Stipulation. As soon as practicable following execution of this Stipulation by all Parties, the Debtors shall file a motion seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h), and Citibank shall provide such notice of the Stipulation to the Certificate Holders as it deems necessary or appropriate. If the Effective Time shall not have occurred within 45 days following execution of this Stipulation by all the Parties, this Stipulation shall be void *ab initio*, unless extended by written agreement of the Parties.

2. **Allowed Cure Claim.** Effective as of the Effective Time, the Sellers' Cure Claims shall be allowed in the aggregate amount of $607,985 (the "Allowed Cure Claim").

The Allowed Cure Claim shall be paid to Citibank from the Cure Escrow within five (5) business days following the Effective Time, pursuant to wire instructions to be provided by Citibank.

3. **Withdrawal of Omnibus Objections.** Effective as of the Effective Time, the Omnibus Objections shall be deemed withdrawn with prejudice as to Proofs of Claim #8839, 8840, 8841, 8842, 8845, 8846, 8847, 8848, 8849, and 8850.

4. **Allowed Unsecured Claims.** Effective as of the Effective time, the following Proofs of Claim shall be allowed as general unsecured claims in the amounts set forth in the following table:

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
| --- | --- | --- | --- |
| 8839 | AHM Acceptance | AHMIT 2004-3 | $0 |
| 8845 | AHM SV | AHMIT 2004-3 | $65,475 |
| 8840 | AHM Corp. | AHMA 2006-3 | $841,484 |
| 8846 | AHM SV | AHMA 2006-3 | $906,959 |
| 8841 | AHM Corp. | AHMA 2006-4 | $753,484 |
| 8847 | AHM SV | AHMA 2006-4 | $818,959 |
| 8850 | AHM Corp. | GSR 2006-AR2 | $12,519 |
| 8848 | AHM SV | GSR 2006-AR2 | $77,994 |
| 8842 | AHM Corp. | SAMI 2007-AR1 | $263 |
| 8849 | AHM SV | SAMI 2007-AR1 | $65,738 |

5. **Release by Citibank.** Effective upon Citibank's receipt of payment of the Allowed Cure Claim from the Cure Escrow, Citibank, on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or the Cure Escrow arising out of or relating to (a) the Assumed Citibank Agreements, (b) any other transaction or occurrence referenced in the Proofs of Claim or the Sellers' Cure Claims, or (c) any act or inaction of the Debtors prior to the execution of this Stipulation, whether any such claim and/or cause of action is known or unknown at this time,

fixed or contingent, liquidated or unliquidated; provided however, that Citibank does not waive or release any claims allowed pursuant to this Stipulation.

6. **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

7. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

8. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

9. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

10. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

11. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

12. **Execution in Counter-Parts and By Telecopy.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation

may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: Wilmington, Delaware
February 12, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
✻ Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated: New York, New York
February __, 2010

SEWARD & KISSEL, LLP

_____
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200

Counsel for Citibank, N.A., in various capacities

may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: Wilmington, Delaware
February __, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

Dated: New York, New York
February 17, 2010

SEWARD & KISSEL, LLP

_____
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200

Counsel for Citibank, N.A., in various capacities

7