**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------

In re: : Chapter 11
:
: Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., *et al.* [1] : (Jointly Administered)
:
Debtors. : **Objections Due By: March 2, 2010 @ 4:00 PM**
: **Hearing Date: March 9, 2010 @ 2:00 p.m.**

---------------------------------------------------------------

**EIGHTH INTERIM APPLICATION OF BLANK ROME LLP, AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN
HOME MORTGAGE HOLDINGS, INC., *ET AL.*, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
<u>NOVEMBER 1, 2009 THROUGH DECEMBER 31, 2009</u>**

| | |
|---|---|
| *Name of Applicant*: | Blank Rome LLP |
| *Authorized to Provide Services to*: | Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.* |
| *Date of Retention*: | November 28, 2007, *nunc pro tunc*, to August 14, 2007 |
| *Period For Which Compensation And Reimbursement Are Sought*: | November 1, 2009 through December 31, 2009 |
| *Amount of Compensation Requested*: | $37,261.00 |
| *Amount of Expense Reimbursement Requested*: | $7,631.55 |

This is a eighth interim application.

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

128189.01600/21855854v.1

Summary and Status of Monthly Fee Applications
Covered by the Within Interim Fee Application:

| Monthly Fee Statement Date Filed [Dkt. No.] Period | Total Fees / Expenses Requested | CNO Date Filed [Dkt.] | Fees Authorized to be paid (50%) | Expenses Authorized to be paid (100%) | Holdback Amount (50%)[2] |
|---|---|---|---|---|---|
| Twentieth Monthly 12/04/2009 [Dkt. No. 8353] 11/01/09 through 11/30/09 | $21,127.50 / $4,780.17 | 12/29/09 [Dkt. 8461] | $10,563.75 | $4,780.17 | $10,563.75 *Pending* |
| Twenty-First Monthly 02/16/2010 [Dkt. No. 8579] 12/01/09 through 12/31/09 | $16,133.50 / $2,851.38 | Obj Deadline: 03/08/2010 | $8,066.75 *Pending* | $2,851.38 *Pending* | $8,066.75 *Pending* |
| **Totals:** | **$37,261.00 / $7,631.55** | | **$18,630.50** | **$7,631.55** | **$18,630.50** |

Summary and Status of Interim Fee Applications Filed To Date:

| Monthly Fee Statement Date Filed [Dkt. No.] Period | Total Fees / Expenses Requested | Order Approving [Dkt. No.] | Fees Approved | Expenses Approved | Holdback |
|---|---|---|---|---|---|
| First Interim Fee Application Filed 12/17/07 [Dkt. No. 2413] | $332,692.50 / $20,008.49 | Signed 1/14/08 | $332,692.50 Paid | $20,008.49 Paid | 0.00 |
| Second Interim Fee Application Filed 03/20/08 [Dkt. No. 3376] | $152,837.00 / $5,664.35 | Signed 4/14/08 | $152,837.00 Paid | $5,664.35 Paid | 0.00 |
| Third Interim Fee Application Filed 06/20/08 [Dkt. No. 4758] | $96,266.00 / $4,838.96 | Signed 08/29/08 | $96,266.00 Paid | $4,838.96 Paid | 0.00 |

---

[2] Holdback amount (originally calculated at 20% of fees sought by any given monthly fee application) is now calculated at 50% per agreement among the estate professionals.

2

128189.01600/21855854v.1

| Monthly Fee Statement Date Filed [Dkt. No.] Period | Total Fees / Expenses Requested | Order Approving [Dkt. No.] | Fees Approved | Expenses Approved | Holdback |
|---|---|---|---|---|---|
| Fourth Interim Fee Application<br><br>Filed 09/29/08<br>[Dkt. No. 6146] | $61,856.50 / $3,538.65 | Signed 10/23/08 | $61,856.50 Paid | $3,538.65 Paid | 0.00 |
| Fifth Interim Fee Application<br><br>Filed 12/16/08<br>[Dkt. No. 6738] | $41,202.50/ $2,303.32 | Signed 01/13/09 | $32,962.00 Paid | $2,303.32 Paid | $8,240.50 Paid |
| Sixth Interim Fee Application<br><br>Filed 10/15/09<br>[Dkt. 8191] | $98,411.00 / $53,075.55 | Signed 12/14/09 | $66,215.95 Paid | $53,075.55 Paid | $32,195.05[3]<br><br>Paid: $11,340.30 (20% holdbacks)<br><br>**Unpaid: $20,854.75 (50% holdbacks)** |
| Seventh Interim Fee Application<br><br>Filed 11/20/09<br>[Dkt. 8324] | $48,614.00 / $19,303.13 | Signed 12/14/09 | $24,307.00 Paid | $19,303.13 Paid | **$24,307.00 Unpaid (50% holdbacks)** |

---

[3] Blank Rome's Sixth Interim Fee Application originally sought interim approval and payment of fees in the amount of $78,728.80 (80% of fees), with a holdback amount of $19,682.20 (20% holdback). The interim fee and holdback amounts have since been recalculated / adjusted to reflect (i) 80% interim fees and 20% holdback for months November and December 2008 through April 2009 and (ii) 50% interim fees and a 50% holdback for months May 2009 through July 2009 in light of agreement among the estate professionals.

128189.01600/21855854v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| American Home Mortgage Holdings, Inc., *et al.* [1] | : Case No. 07-11047 (CSS) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Objections Due By: March 2, 2010 @ 4:00 PM** |
| | : **Hearing Date: March 9, 2010 @ 2:00 p.m.** |

---

**EIGHTH INTERIM APPLICATION OF BLANK ROME LLP, AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMERICAN
HOME MORTGAGE HOLDINGS, INC., *ET AL.*, FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
NOVEMBER 1, 2009 THROUGH DECEMBER 31, 2009**

This Eighth Interim Application for Compensation and Reimbursement of Expenses ("*Interim Application*") is filed by Blank Rome LLP ("*Blank Rome*"), co-counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.* (the "*Committee*"), requesting compensation and reimbursement of expenses for services provided and expenses incurred by Blank Rome as co-counsel to the Committee for the period from November 1, 2009 through and including December 31, 2009 ("*Eighth Interim Period*").

**Background**

1.  On August 6, 2007 (the *"Petition Date"*), the Debtors commenced with this Court voluntary cases (the *"Chapter 11 Cases"*) under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*), which Chapter 11 Cases are being jointly administered pursuant to an order of this Court. The Debtors are continuing their businesses and managing their affairs as debtors and debtors in possession.

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

128189.01600/21855854v.1

2. On August 14, 2007, the Office of the United States Trustee for the District of Delaware appointed the following seven (7) of the Debtors' largest unsecured creditors to the Official Committee of Unsecured Creditors: Wilmington Trust Company, Bank of New York Trust Company, N.A., Deutsche Bank National Trust Co., Nomura Credit & Capital, Inc., Impac Funding Corporation, Waldners Business Environments, Inc.[2], and United Parcel Service (Docket No. 156).

3. Hahn & Hessen LLP ("*Hahn & Hessen*") and Blank Rome were selected by the Committee to serve as co-counsel to the Committee, and BDO Seidman LLP ("*BDO*") was selected by the Committee to serve as financial advisor to the Committee.

4. On September 14, 2007, the Committee filed with the Court the Application of the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.*, for an Order Authorizing the Committee to Retain and Employ Blank Rome LLP as Its Co-Counsel Pursuant to 11 U.S.C. Sections 328 and 1103 and Fed. R. Bankr. P. 2014 *Nunc Pro Tunc* as of August 14, 2007 (the "*Blank Rome Retention Application*") (Docket No. 759). On November 28, 2007, the Court entered an order approving the Blank Rome Retention Application (Docket No. 2202).

5. Blank Rome submits this Interim Application pursuant to sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Court's administrative order pursuant to sections 105(a) and 331 of the Bankruptcy Code establishing procedures for interim compensation and reimbursement of expenses for professionals and committee members dated September 3, 2007 (the "*Administrative Order*").

---

[2] Waldner Business Environments, Inc. has since resigned.

**Relief Requested**

6.      Pursuant to this Interim Application, Blank Rome requests approval of allowance of compensation for actual and necessary professional services rendered in the amount of $37,261.00 and for reimbursement of reasonable and necessary out-of-pocket expenses in the amount of $7,631.55 for the Eighth Interim Period.

7.      A summary schedule of the time expended by all professionals and paraprofessionals engaged in the representation of the Committee is attached hereto and marked **Exhibit A**.

8.      Pursuant to the terms of the Administrative Order, Blank Rome filed and properly served two (2) monthly fee applications during the Eighth Interim Period.  In accordance with the Administrative Order, and as set forth in Local Rule 2016-2, the combined monthly fee application included (i) a detailed itemization of the service hours expended by matter and professional and (ii) a summary schedule of hours and fees categorized by project code.  The combined monthly fee application also included a detailed chronological itemization of the services rendered by each attorney and paraprofessional, calculated by tenths of an hour and categorized in accordance with the appropriate project code.  Every effort was made by Blank Rome to categorize daily time entries in accordance with the correct project code.  However, in some instances, services overlap between project codes.  Thus, some services may appear under more than one code, although in no instance is a specific time entry recorded more than once. Time entries are edited for accuracy, to eliminate and correct errors (*i.e.*, time charged to the wrong project code), and for clarity.  The project codes used by Blank Rome in connection with its representation of the Committee in this case are as follows:

Code 1:        Blank Rome Fee / Employment Applications
Code 2:        Other Professionals' Fee / Employment Issues
Code 3:        Executory Contracts and Unexpired Leases
Code 4:        Claims Analysis and Objections
Code 5:        Committee Business and Meetings
Code 6:        Case Administration
Code 7:        Debtor's Business Operations
Code 8:        Employee Benefits / General Labor
Code 9:        Evaluation and Negotiation of Debtor's Plan and Disclosure Statement
Code 10:       Financing Issues
Code 11:       Regulatory Matters
Code 12:       Sale of Assets / Asset Purchase Agreement
Code 13:       Stay Relief Issues
Code 14:       Secured Creditor / Equipment Lessor Issues
Code 15:       Tax Issues
Code 16:       Asset Analysis and Recovery
Code 17:       Hearings – Attendance / Preparation
Code 18:       Loan Servicing Transfer Issues
Code 19:       D & O Issues / E & O Issues
Code 20:       Non-Working Travel Time
Code 21:       Adversary Litigation

9.    A detailed chronological itemization of the services covered by the within Interim Application, together with a summary of hours and fees categorized by project code, are attached hereto as **Exhibit B**.

10.    A summary schedule of the out-of-pocket expenses incurred by Blank Rome is attached hereto and marked **Exhibit C**.

11.    The total number of hours expended by Blank Rome professionals and paraprofessionals in performing professional services for the Committee during the Sixth Interim Period was 143.9 hours at an average billing rate of approximately $258.93 per hour.  The value of these services has been computed at the rates Blank Rome customarily charges for similar

4

services provided to other clients.

**Monthly Fee Applications Covered
By The Within Interim Fee Application**

12. Pursuant to the Administrative Order, and with respect to the within Interim Application, Blank Rome filed its twentieth monthly fee application (Dkt. No. 8353) on December 4, 2009 ("Twentieth Monthly Fee Application"), pursuant to which Blank Rome sought approval of 50% of the total compensation, $21,127.50, and 100% reimbursement of expenses expended by Blank Rome, $4,780.17, for the period of November 1, 2009 through November 30, 2009. Blank Rome incorporates by reference its Twentieth Monthly Fee Application as if all were attached hereto in full and made a part hereof. A copy of the Twentieth Monthly Fee Application is available upon request. Blank Rome, to date, has received no written objection or other responsive pleading with respect to its Twentieth Monthly Fee Application. Pursuant to the Notice of Application, objections to the Application were to be filed and served no later than December 24, 2009 at 4:00 p.m. A certificate of no objection to the Twentieth Monthly Fee Application was filed on December 29, 2009 [Dkt. 8461]. Blank Rome has not received payment for services rendered to the Committee with respect to its Twentieth Monthly Fee Application.

13. Further, Blank Rome filed its twenty-first monthly fee application (Dkt. #8579) on February 16, 2010 ("Twenty-First Monthly Fee Application"), pursuant to which Blank Rome sought approval of 50% of the total compensation, $16,133.50, and 100% reimbursement of expenses expended by Blank Rome, $2,851.38, for the period of December 1, 2009 through December 31, 2009. Blank Rome incorporates by reference its Twenty-First Monthly Fee Application as if all were attached hereto in full and made a part hereof. A copy of the Twenty-First Monthly Fee Application is available upon request. To date, Blank Rome has received no objections to the Twenty-First Monthly Fee Application. The deadline to objection and/or

5

respond to Blank Rome's Twenty-First Monthly Fee Application is March 8, 2010. Upon the passage of the objection deadline, and if no objections are of record, a certificate of no objection to the Twenty-First Monthly Fee Application will be filed. Blank Rome has not yet been paid for services rendered to the Committee with respect to its Twenty-First Monthly Fee Application.

14. Blank Rome submits that the services rendered were actual and necessary, that the compensation sought herein is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code and the expenses for which reimbursement is sought were actual and necessary. Moreover, Blank Rome has reviewed the requirements of Del. Bankr. LR 2016-2, and the Administrative Order, and believes that this Interim Application complies with that rule and that order.

15. Blank Rome seeks this Court's approval for the total fees for services rendered and disbursements in the amounts set forth above and an order requesting the Debtors to pay any outstanding unpaid fees and expenses for such period.

16. A copy of this Interim Application will be served upon the Debtors and the Notice Parties as defined in the Administrative Order. A copy of the Notice (only) of this Interim Application will be served upon those parties listed on the 2002 Service List.

WHEREFORE, Blank Rome respectfully requests that this Court enter an Order, substantially in the form attached hereto (i) approving this Interim Application, (ii) providing that an allowance be made to Blank Rome in the sum of $37,261.00 as compensation for reasonable and necessary professional services rendered to the Committee and in the sum of $7,631.55 for reimbursement of actual and necessary costs and expenses incurred, for a total of $44,892.55 (iii) authorizing and directing the Debtors to pay Blank Rome the outstanding amount of such sums, and (iv) for such other relief as the Court deems proper and just.

Dated: February 17, 2010

**BLANK ROME LLP**

*/s/ Bonnie Glantz Fatell*
Bonnie Glantz Fatell (DE No. 3809)
David W. Carickhoff (DE No. 3715)
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:  (302) 425-6464

Co-Counsel to the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., *et al.*