**EXHIBIT 1**

**(Stipulation)**

**STIPULATION REGARDING THE OBJECTION OF CITIMORTAGE, INC.
TO PROPOSED PURCHASER'S CURE AMOUNTS**

This Stipulation Regarding the Objection of CitiMortgage, Inc. to Proposed Purchaser's Cure Amounts (the "Stipulation") is made and entered into as of the 21st day of January, 2010, by and between CitiMortgage, Inc. ("CMI") and American Home Mortgage Servicing, Inc., a Delaware corporation formerly known as AH Mortgage Acquisition Co. ("AHMSI").

**RECITALS**

A. On August 6, 2007, each of American Home Mortgage Investment Corp., American Home Mortgage Corp., and AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

B. On October 30, 2007, the Court entered its "Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtor's Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief" [Docket no. 1711] (the "Sale Order").

C. On May 9, 2008, the Court entered its "Order, (I) Approving the Form of Notice and Authorizing the Debtors to File a Notice of Proposed Purchaser's Cure Amounts and (II) Establishing a Bar Date for Filing Objections to the Proposed Purchaser's Cure Amounts" [Docket no. 4021] (the "Purchaser's Cure Amount Bar Date Order").

D. Pursuant to the Purchaser's Cure Amount Bar Date Order, the Court directed the Debtors to serve a Notice setting forth the proposed Purchaser's Cure Amount for each Assumed Contract related to acts or omissions that occurred after the Initial Closing (November 16, 2007) through and including the Final Closing (April 11, 2008). [Purchaser's Cure Amount Bar Date Order ¶ 5].

E. CMI is the counterparty to two servicing agreements that are Assumed Contracts the Debtors listed on Schedule I to the Sale Order [Schedule I [Docket no. 1703] at 1, 16-17 at index 1.1(j)am and 21 at index 1.1(j)bf] and Exhibit A to the Purchaser's Cure Order [Exhibit A [Docket no. 4021] at 12-13 at index 1.1(j)am, 17 at index 1.1(j)bf and 38] (the "Assumed Contracts"). CMI is, therefore, a Certain Objector and Counterparty entitled to file a cure claim. [Sale Order ¶¶ 33, 34 and Purchaser's Cure Amount Bar Date Order ¶¶ 5, 6].

F.   CMI asserted various cure and other claims for continuing breaches as against the Debtors and AHMSI.

G.   In their November 26, 2007 Interim Period Cure Schedule [Docket no. 2166, Ex. A at 1, 16-17 and 21], the Debtors listed the Proposed Interim Cure Amounts (as defined in the Sale Order) under the Assumed Contracts as -0-.

H.   Similarly, in their Notice of Proposed Purchaser's Cure Amounts filed on May 19, 2008 [Docket no. 4084 at 12-13 and 17], the Debtors listed the Purchaser's Cure Amount (as defined in the Sale Order) under the Assumed Contracts as -0-.

I.   CMI timely objected to the Debtors' Proposed Purchaser's Cure Amounts, and AHMSI responded to that objection. The hearing on the Proposed Purchaser's Cure Amounts, CMI's objection and AHMSI's response is now set for February 18, 2010 at 11:30 a.m. in the Court.

J.   CMI and AHMSI now wish to compromise and settle all of the claims and defenses the parties asserted or could have asserted against each other concerning CMI's Purchaser's Cure Amount, any other Purchaser's Cure Amounts, and any obligations or asserted obligations of AHMSI to provide "trailing" or "missing" documents to CMI under the Assumed Contracts (which disputes are, collectively, the "Claims") on the terms and conditions set forth in this Stipulation, and for the purposes of avoiding the burden, expense and uncertainty of continued litigation over the Claims.

NOW, THEREFORE, in consideration of these recitals and the parties' mutual covenants, forbearances and promises set forth in this Stipulation, and other good and valuable consideration, the receipt and sufficiency of which the parties acknowledge by their signatures to this Stipulation, CMI and AHMSI agree as follows:

1.   <u>Terms of Settlement</u>.

(a)   Upon the parties' mutual execution of this Stipulation, AHMSI will promptly take all necessary steps to obtain Court approval of this Stipulation.

(b)   Upon the Court's approval of this Stipulation, AHMSI will pay to CMI the sum of five thousand and 00/100 dollars ($5,000.00) in full and final settlement of the Claims.

(c)   CMI herby waives all rights it may have, if any, to assert any additional Purchaser's Cure Amounts against the Debtors and/or AHMSI in connection with the Assumed Contracts.

(d)   For the approximately ten boxes of documents AMHSI has located in its possession that the Debtors' personnel left behind, which may or may not contain "trailing" or "missing" loan documents, and as to which AHMSI makes no representations as to whether those boxes do or do not contain any such documents, AHMSI will promptly: (i) provide CMI with a copy of the list of the

American Home Mortgage account numbers it has previously prepared and offered to CMI, which list covers the mortgage loan records those boxes contain; and (ii) allow CMI reasonable access to those materials, if any, that CMI identifies from that list as being or potentially being "missing" or "trailing" documents with respect to mortgage loans CMI now owns, or for which CMI has any servicing or fiduciary responsibilities.

(e) Notwithstanding anything contained elsewhere in this Stipulation, and understanding that AHMSI has no obligation to search for any such documents, if AHMSI should find or CMI should identify to AHMSI any "missing" or "trailing" documents for mortgage loans that CMI owns, or for which CMI has any servicing or fiduciary responsibilities, that are in AHMSI's possession, but were not contained within the approximately ten boxes of materials that are the subject of the preceding subparagraph (d), AHMSI agrees to provide CMI those documents within a reasonable amount of time of the date on which AHMSI locates or identifies them, or CMI identifies them to AHMSI.

(f) Each party expressly waives and releases the other from any and all claims it may have or may have had against the other with respect to attorneys' fees and / or costs incurred in connection with the Claims. Each party will be responsible for her or its own attorneys' fees and costs related in any way to the Claims.

2. **Mutual Releases Of The Claims.**

(a) AMHSI, for itself and for its affiliates, officers, directors, employees, agents, attorneys, predecessors, successors and assigns, releases and forever discharges any and all rights, claims, demands and causes of action, known or unknown, existing or that may exist, that it has or may have had, and could have asserted against CMI or its affiliates, officers, directors, employees, agents, attorneys, predecessors, successors and assigns, in the Court or that arise in any way out of the Claims.

(b) CMI, for itself and for its affiliates, officers, directors, employees, agents, attorneys, predecessors, successors and assigns, releases and forever discharges any and all rights, claims, demands and causes of action, known or unknown, existing or that may exist, that it has or may have had, and could have asserted against AHMSI or its affiliates, officers, directors, employees, agents, attorneys, successors and assigns in the Court or that arise in any way out of the Claims.

(c) For the avoidance of doubt, CMI and AHMSI acknowledge and agree that they have or have entered into numerous relationships and other transactions. Nothing contained in this Stipulation is intended to or does affect the parties' other relationships and transactions. CMI and AHMSI intend this Stipulation to settle only the Claims and issues related to the Claims that were

scheduled to be heard or could have been heard in the Court on December 14, 2009 and which hearing has since been adjourned to February 18, 2010.

3. <u>Representations And Warranties</u>.

To induce each other to enter into this Stipulation, the parties each represent and warrant as follows:

(a) That no statements or representations made by or on behalf of any of the parties to this Stipulation, or by any third party, except as may be specifically recited in this Stipulation, have influenced, induced or caused the parties to make this settlement and to execute this Stipulation.

(b) That this Stipulation contains the entire agreement between the parties with respect to the settlement of the matters to which it refers, and there do not exist any other written or oral terms or agreements except for those contained or expressly identified in this Stipulation.

(c) That only representations contained in this Stipulation, and no others, shall be admissible to establish the execution or inducement of this Stipulation.

(d) That each of the undersigned has read and understands this Stipulation in its entirety.

(e) That each of the undersigned has been represented by and has consulted with counsel of her or its choosing in connection with the negotiation, drafting and execution of this Stipulation.

(f) That this Stipulation has been jointly drafted by all of the parties, and in the event of any dispute arising out of this Stipulation, no party will have any right to argue any rule of construction or interpretation against any other party claiming the benefit or detriment of being a draftsperson.

(g) That each of the undersigned is authorized and has obtained all necessary authorization to sign this Stipulation in the capacity and manner set forth below.

4. <u>Compromise and Settlement of Disputed Claims</u>.

CMI and AHMSI each enter into this Stipulation as a good faith compromise and settlement of claims they respectively dispute both as to liability and as to amount. Neither CMI nor AHMSI in any way admits the validity or merit of any claim, and nothing about this Stipulation should or can be construed or interpreted as an admission of any liability or the amount of any claim or claimed damages.

5.  **No Third Party Beneficiaries.**

The parties to this Stipulation have entered into this Stipulation solely for their own benefit and to advance their respective separate and individual interests, and do not intend it to benefit any third parties or persons not a party to this Stipulation (other than as specifically set forth in paragraphs 2 and 8 of this Stipulation).

For the avoidance of doubt, nothing contained in this Stipulation is intended to or shall be construed to release or waive any claims CMI has or may have against the debtor AHM SV, Inc. f/k/a American Mortgage Home Servicing, Inc. (distinguished from AHMSI and identified by the last four digits of its federal tax identification number as 7267), against any of the Debtors or against the cure claim escrow for cure claim amounts, other than Purchaser's Cure Amounts, regardless of the time period in which CMI's claims accrued or to which they are attributed.

6.  **Confidentiality.**

Each of the parties agrees not to disclose the terms of this Stipulation to any person or entity, other than to: (a) the parties to this Stipulation; (b) attorneys and accountants representing the parties; (c) such persons to whom a court having jurisdiction to make such request by lawful subpoena or enter such an order may request or order the parties to disclose this information, including, but not limited to, the court in which the Lawsuit is pending; (d) such persons as a governmental agency having jurisdiction to make such request, or enter a summons, subpoena or order may request or order the parties to disclose this information; or (e) to the extent reasonably necessary to obtain any Court approval of this settlement that may be required.

7.  **Governing Law.**

This Stipulation and any and all disputes arising under or in relation to this Stipulation shall be governed by, interpreted and construed in accordance with, the laws of the State of New York without regard to any application or analysis of conflict of laws.

8.  **Binding Effect.**

This Stipulation will be binding on the parties and, as applicable, their respective affiliates, officers, directors, employees, principals, agents, attorneys, heirs, successors and assigns.

9.  **Prevailing Party Entitled to Attorneys' Fees.**

In the event there should arise any dispute under this Stipulation with allegations that any party has breached this Stipulation, then the prevailing party will be entitled to recover (in addition to its actual damages and any other relief sought) its reasonable attorneys' fees and costs.

9. <u>**Counterparts**</u>.

This Stipulation may be executed in any number of counterparts and by any number of counterpart signature pages, each of which shall be an original with the same effect as if each of the signatures were affixed to the same instrument.

CITIMORTGAGE, INC.

By: <u>Lawrence Kettenbach</u>
Its: <u>Senior Vice President</u>

STATE OF MISSOURI )
) ss.
COUNTY OF ST. CHARLES )

On ~~December~~ FEBRUARY 4, 20~~0~~09, before me, the undersigned, a Notary Public in and for the State of <u>Missouri</u>, personally appeared <u>LAWRENCE KETTENBACH</u>, on behalf of CitiMortgage, Inc., known to me, or proved on the basis of satisfactory evidence, to be the person whose name is subscribed to the within Stipulation Regarding the Objection of Citimortgage, Inc. to Proposed Purchaser's Cure Amounts, and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

[SEAL]

<u>Margaret M Jackovac</u>
NOTARY PUBLIC

MARGARET M. JACKOVAC
Notary Public - Notary Seal
STATE OF MISSOURI
Commission for St. Charles County
My Commission Expires Aug. 10, 2010
Commission #06430926

<u>1000 TECHNOLOGY DRIVE, O'FALLON MO 63368</u>
Address
My commission expires: <u>August 10, 2010</u>

APPROVED AS TO FORM:

FEATHERSTONE PETRIE DESISTO LLP

<u>Andrew Petrie</u>
Andrew J. Petrie (#11416)
Counsel for CitiMortgage, Inc.

AMERICAN HOME MORTGAGE SERVICING, INC.

By: \_\_\_Robert L. Love Jr.\_\_\_
Its: \_\_\_EVP\_\_\_

STATE OF TEXAS            )
                          ) ss.
COUNTY OF Dallas          )

On ~~December~~ February 2, ~~2009~~ 2010, before me, the undersigned, a Notary Public in and for the State of Texas, personally appeared Robert L. Love Jr., on behalf of CitiMortgage, Inc., known to me, or proved on the basis of satisfactory evidence, to be the person whose name is subscribed to the within Stipulation Regarding the Objection of Citimortgage, Inc. to Proposed Purchaser's Cure Amounts, and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

[SEAL]

_____
NOTARY PUBLIC

1525 S Beltline Rd Coppell TX 75019
Address
My commission expires: 4-10-2011

```
DEBRA CAMERON
Notary Public, State of Texas
My Commission Expires
April 10, 2011
```

APPROVED AS TO FORM:

SAUL EWING LLP

_____
Mark Minuti (#2659)
Counsel for American Home Mortgage Servicing, Inc.

589589.1 2/2/10