## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, *et al.*,[1]

    Debtors.

-------------------------------------------------------------- x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Response Deadline: March 2, 2010 at 4:p.m. (ET)**
**Hearing Date: March 9, 2010 at 10:00 a.m. (ET)**

## APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS
## AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN
## BDO SEIDMAN, LLP AS TAX ADVISOR PURSUANT TO 11 U.S.C.
## §§ 327(a) AND 328(a) *NUNC PRO TUNC* TO FEBRUARY 2, 2010
## AND WAIVER OF LOCAL RULE 2016-2

The above-captioned debtors and debtors in possession (each a "Debtor" and

collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an

order, in substantially the form attached hereto as Exhibit A, authorizing the Debtors to employ

and retain BDO Seidman, LLP ("BDO"), as tax advisor, pursuant to sections 327(a) and 328(a)

of title 11 of the United States Code (the "Bankruptcy Code"), *nunc pro tunc* to February 2,

2010.  In support of this Application the Debtors submit the *Affidavit of Robert Klein in Support*

*of the Application for an Order Authorizing the Employment and Retention of BDO Seidman,*

*LLP as Tax Advisor for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a)*

*and 328(a) Nunc Pro Tunc to February 2, 2010 and Waiver of Local Rule 2016-2* (the "Klein

Affidavit"), a copy of which is attached hereto as Exhibit B and incorporated herein by

reference.  In further support of this Application, the Debtors respectfully state as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND OF THE DEBTORS

3.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

5.      On August 14, 2007, the United States Trustee for the District of Delaware (the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

6.      On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan"). This Plan is not yet effective.

066585.1001

## RELIEF REQUESTED

7.      By this Application, the Debtors seek entry of an order, pursuant to

sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the employment and retention of

BDO, *nunc pro tunc* to February 2, 2010 and waiver of local rule 2016-2, for the purpose of

providing tax compliance and consulting services to the Debtors in these chapter 11 cases in

accordance with the terms and conditions of the engagement letter, dated February 17, 2010 (the

"Engagement Letter"), attached hereto as Exhibit C.

## BASIS FOR RELIEF

8.      In light of the size of these chapter 11 cases, the Debtors require the

services of seasoned and experienced tax professionals, and one that is familiar with (i) the

Debtors' business operations and (ii) the chapter 11 process.  BDO has provided assurance, tax,

financial advisory, and consulting services for almost one-hundred years and routinely advises

large corporate clients on many aspects of their businesses.  In addition, BDO has considerable

experience in working with businesses in chapter 11 having worked with numerous such

businesses. The Debtors understand that BDO has a wealth of experience in providing

accounting, tax and advisory services in restructurings and reorganizations and enjoys an

excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf

of debtors and creditors throughout the United States.

9.      BDO's services are necessary for the Debtors to effectively manage it's

obligations to numerous taxing authorities.  BDO will be able to assist the Debtors in preparing

and filing the necessary tax returns, and in complying with ongoing sales and use tax reporting

requirements.  These services will benefit the Debtors, as well as their estates, constituencies,

and creditors.

DB02:9154170.2                                                                                    066585.1001

10.    The Debtors believe that BDO is well qualified to provide its services to the Debtors in a cost-effective, efficient, and timely manner.  BDO has indicated a willingness to act on behalf of the Debtors and subject itself to the jurisdiction and supervision of this Court, subject to approval of the Engagement Letter.  Accordingly, the Debtors respectfully request that the Court approve the employment of BDO to perform necessary tax compliance and consulting functions that are essential to the effective and efficient administration of the Debtors' chapter 11 cases.

<u>**SERVICES TO BE RENDERED**</u>

11.    The Debtors anticipate that BDO will render tax compliance and consulting services to the Debtors as needed throughout the course of these chapter 11 cases. The Debtors have negotiated the terms of the Engagement Letters, which set forth the terms of services that BDO will provide to the Debtors (the "Services"), as well as the manner in which BDO will be compensated for those Services.  Subject to further order of the Court, BDO will be engaged to render, to the extent practical, the following professional services to the Debtors:

- <u>Tax Compliance Services</u> – Includes preparation of the following federal and state tax returns for the fiscal year ending December 31, 2009:
  - o  2009 Federal REIT return for American Home Mortgage Investment Corp.
  - o  2009 Federal Consolidated Return for the Taxable REIT Subsidiaries of American Home Mortgage Investment Corp.
  - o  Monthly sales and use tax returns of all entities of American Home Mortgage Investment Corp. and its subsidiaries
  - o  2009 State tax returns for American Home Mortgage Investment Corp. and its Subsidiaries
  - o  Tax filings for dissolved entities

066585.1001

- <u>Tax Consulting Services</u> – Includes the following for the fiscal year ending December 31, 2009:

    o    Research, consultation, and preparation of responses to tax notices from Federal and State taxing authorities

    o    Research and consultation regarding REIT compliance pursuant to Internal Revenue Code Section 856-858

12.    BDO will additionally represent the Debtors in the Maryland Hearing Process ("<u>Maryland Proceeding</u>") in connection with Maryland's denial of the Debtors' refund claim for the tax year of 2004.  BDO will perform any research and prepare any memoranda, protests, etc. on behalf of the Debtors throughout the Maryland Proceeding.

### CONFLICTS OF THE PROFESSIONALS

13.    As set forth in more detail in the Klein Affidavit, BDO has previously been retained as a financial advisor to the Committee in these chapter 11 cases [Docket No. 2201].

14.    Pursuant to an Order of this Court, the Committee was authorized to retain BDO as its financial advisor on November 20, 2007.  BDO has since worked as financial advisors to the Committee and is currently still retained as such.

15.    The Debtors are aware of and have determined to waive the conflict for the purposes of permitting BDO to provide the narrow scope of services described herein. Despite the dual representation, BDO remains the most efficient and cost-effective professional to provide tax services to the Debtors due to their extensive knowledge of the Debtors' businesses and tax obligations.

16.    With the exception of the aforementioned conflict, BDO does not appear to hold or represent any interest adverse to the Debtors' estates.

5

066585.1001

17.     BDO has informed the Debtors that it will review its files periodically during the pendency of the chapter 11 cases to ensure that no additional conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, BDO will use reasonable efforts to identify such further developments and will promptly amend the Klein Affidavit to the extent that further disclosure is required.

## PROFESSIONAL COMPENSATION

18.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19.     As set forth more fully in the Engagement Letter, the Debtors and BDO have agreed to a fixed fee of $110,000 for tax return preparation and consulting services.

20.     In addition to the rate set forth above, the Debtors and BDO have agreed that the Debtors shall reimburse BDO for any actual out-of-pocket expenses incurred in connection with BDO's retention in these chapter 11 cases which shall include tax preparation software costs and travel expenses.

21.     BDO's fees related to the Maryland Proceeding will be based on hours incurred and reasonable out of pocket expenses.  BDO does not anticipate the total fees to exceed $15,000.

22.     BDO intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). BDO has advised the Debtors that for fixed fee engagements (e.g., the Engagement Letter), it is not their general

practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.  Despite this general practice, BDO has informed the Debtors that they will provide the Court, detailed descriptions of the services provided on behalf of the Debtors, the approximate time expended in providing these services (in half-hour (0.5) increments), and the individuals who provided professional services on behalf of the Debtors.  Accordingly, to the extent necessary based on the foregoing, the Debtors respectfully seek waiver of the information requirements set forth in Local Rule 2016-2.

## BILLING AND DISCLOSURE

23.    All of BDO's fees and expenses in these chapter 11 cases relating to the Services will be subject to approval of the Court upon proper application by BDO in accordance with section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules of this Court and any orders of the Court, the fee and expense guidelines established by the United States Trustee, and all other applicable requirements.

24.    In accordance with section 504 of the Bankruptcy Code, there is no agreement or understanding between BDO and any other entity, other than a member, partner or regular associate of BDO, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

25.    The Debtors believe that the fees of BDO are fair and reasonable in light of industry practice, market rates both in and out of chapter 11 cases, BDO's experience in reorganizations, the scope of work to be performed pursuant to BDO's retention and BDO's importance to these cases.

26.    The Debtors have filed a motion, and this Court has entered an Order, authorizing the Debtors to retain Milestone Advisors, LLC ("Milestone") as their financial

066585.1001

advisors [Docket No. 1592]. Additionally, the Debtors filed a motion, and this Court has entered an Order authorizing the Debtors to retain PricewaterhouseCoopers LLP ("PwC") as their tax advisors [Docket No. 3432] and Zolfo Cooper, LLC ("Zolfo Cooper") as restructuring advisors [Docket No. 6690]. PwC will no longer be providing services to the Debtor. Additionally, the services to be provided by BDO will not be duplicative of those provided by Milestone and/or Zolfo Cooper, and BDO will coordinate any services performed at the Debtors' request with the services of Milestone and Zolfo Cooper, and any other financial advisors and counsel, to the extent consistent with BDO's own professional obligations, to avoid duplication of effort.

## DISPUTE RESOLUTION AND INDEMNIFICATION PROVISIONS

27.    The Engagement Letter provides that the Debtors will indemnify BDO under certain circumstances. The indemnity provision contained in the Engagement Letter reflect the qualifications and limits on the indemnification provisions that are customary in this District. Accordingly, the Debtors and BDO believe that the limited indemnity provided in the Engagement Letter is customary and reasonable for engagements of this type.

28.    In addition, the Debtors and BDO have agreed, subject to the Court's approval of this Application, that: (1) any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Application or the services provided by BDO to the Debtors as outlined in this Application, including any matter involving a successor in interest or agent of any of the Debtors or of BDO, shall be brought in the Bankruptcy Court until the earlier of the dismissal of the Debtors' chapter 11 cases or the effective date of a chapter 11 plan confirmed pursuant to 11 U.S.C. § 1129; (2) after occurrence of one of the foregoing events and unless expressly prohibited by the Bankruptcy Court, BDO and the Debtors, and any and all successors and assigns thereof, will submit first to non-binding mediation, and if mediation is not

8

successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in the Engagement Letter, attached hereto as Exhibit C to this Application; and (3) judgment on any arbitration award may be entered in any court having proper jurisdiction. By this Application, the Debtors seek approval of this agreement by the Court.

## NOTICE

29.     Notice of this Application will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the Securities and Exchange Commission; and (v) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PREVIOUS RELIEF REQUESTED

30.     No previous application for the relief sought herein has been made by the Debtors to this or any other court.

066585.1001

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, (i) approving the retention of BDO as tax advisor to the Debtors in these chapter 11 cases pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and pursuant to the terms and conditions reflected herein, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 19, 2010
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Sean M. Beach (No. 4070)
Morgan L. Seward (No. 5388)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

DB02:9154170.2

066585.1001