## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, *et al.*,[1]                             :
                                                                 :   Jointly Administered
           Debtors.                                              :
                                                                 :   Ref. Docket No. ____
                                                                 :
---------------------------------------------------------------- x

## ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN BDO SEIDMAN, LLP AS TAX ADVISORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) *NUNC PRO TUNC* TO FEBRUARY 2, 2010 AND WAIVER OF THE LOCAL RULE 2016-2

Upon the Application[2] of the above-captioned Debtors for an order authorizing the retention and employment of BDO Seidman, LLP ("BDO"), as tax advisors for the Debtors pursuant to 11 U.S.C. §§ 327(a) and 328(a), *nunc pro tunc* to February 2, 2010; and upon consideration of the Application and all pleadings related thereto, including the Klein Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and it appearing that the Debtors have waived the conflict created by BDO's current employment by the Official Committee of Unsecured Creditors; and it appearing that the relief requested in the Application

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that the Debtors are authorized to employ, compensate, and reimburse BDO on the terms set forth in the Engagement Letter (which is hereby approved), *nunc pro tunc* to February 2, 2010; and it is further

ORDERED that BDO shall be compensated in accordance with the procedures set forth in sections 331 of the Bankruptcy Code and any applicable Bankruptcy Rules and Local Rules, and such procedures as may be fixed by order of this Court, provided that the fee applications filed by BDO shall be subject to review pursuant to the standards set forth in sections 328(a) of the Bankruptcy Code; and it is further

ORDERED BDO's interim and final fee applications will include, detailed descriptions of the services provided on behalf of the Debtors, the individuals who provided professional services on behalf of the Debtors, and the approximate time expended in providing these services in half an hour (0.5) increments). Accordingly, to the extent necessary based on the foregoing, the requirements relating to activity descriptions set forth in Local Rule 2016-2(d) are hereby waived as to BDO.

ORDERED, that the "Indemnification" provisions contained in the Engagement Letters are approved as the following:

a. subject to the provisions of subparagraph (c) infra, the Debtors are authorized to indemnify, and shall indemnify, BDO, in accordance with the Engagement Letter, for any claim arising from, related to, or in connection with the services to be rendered as described in the Engagement Letter, but not for any claim arising from, related to, or in connection with BDO's post-effective date performance of any services other than the services described in the Engagement

      Letter unless such other post-effective date services and indemnification therefor are approved by the Court;

  b.  subject to the provisions of subparagraph (c) infra, notwithstanding any provision of the Engagement Letter to the contrary, the Debtors have no obligation to indemnify BDO, or provide contribution or reimbursement to BDO, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from BDO's gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to BDO's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which BDO should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

  c.  if, before the earlier of (i) the entry of an order dismissing the Debtor's chapter 11 cases, and (ii) the effective date of a chapter 11 plan is confirmed pursuant to 11 U.S.C. § 1129, BDO believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and /or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, BDO must file an application therefor in this Court, and the Debtors may not pay any such amounts to BDO before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BDO for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify BDO.

And it is further

  ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March ___, 2010
   Wilmington, Delaware

                _____
                Christopher S. Sontchi
                United States Bankruptcy Judge

3

DB02:9154170.2                             066585.1001