# EXHIBIT B

## Klein Affidavit

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x

In re:                                 :   Chapter 11

                                        :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)

a Delaware corporation, et al.,[1]           :

                                        :   Jointly Administered

       Debtors.                       :   **Ref. Docket No. ____**

                                        :

--------------------------------------------------------- x

**AFFIDAVIT OF ROBERT KLEIN IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BDO SEIDMAN, LLP AS TAX ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) *NUNC PRO TUNC* TO FEBRUARY 2, 2010 AND WAIVER OF LOCAL RULE 2016-2**

STATE OF NEW YORK      )

                         : ss.

COUNTY OF NEW YORK   )

         I, Robert Klein, being duly sworn, depose and say:

         1.        I am a member of the firm of BDO Seidman, LLP ("BDO"), which has an

office located at 100 Park Avenue, New York, NY 10017. I am authorized to execute this

affidavit on behalf of BDO, and submit it pursuant to sections 327(a) and 328(a) of Title 11 of

the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rules 2014(a)

and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support

of the application (the "Application")[2] of the above-captioned debtors and debtors in possession

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

(collectively, the "Debtors") for the entry of an order authorizing the retention of BDO as tax advisors to the Debtors.  I make this Affidavit of my personal knowledge based upon inquiries made by myself and on my behalf in support of the Application.

### BDO'S PROFESSIONAL QUALIFICATIONS

2.    BDO is a national professional services firm maintaining offices throughout the United States.  BDO is a member firm of BDO International, which consists of more than six hundred member firm offices in one hundred and five countries.  BDO International is a worldwide network of public accounting firms, called BDO Member Firms, serving international clients.  Each BDO Member Firm is an independent legal entity in its own country.

3.    BDO's professionals have served as auditors, accountants, and tax and bankruptcy reorganization services providers in numerous cases and have experience in providing such services to debtors and to other constituents in chapter 11 proceedings.

### BDO'S CONFLICTS

4.    As set forth in the Application, BDO has previously been retained as financial advisors to the Committee in these chapter 11 cases.  While this is a conflict with the Debtors, the Debtors have agreed to waive this conflict for the limited scope of services BDO will provide them.

5.    To the best of my knowledge, based on reasonable inquiry, beyond the aforementioned conflict, neither I, BDO, or the other partners, principals and directors of BDO (the "BDO Partners"), nor the employees of BDO, hold or represent any interest adverse to any of the Debtors with respect to the matters on which BDO is to be retained in these chapter 11 cases.

DB02:9154170.2                                                                                                            066585.1001

6.    From time to time, BDO has provided services, may currently provide services, and likely will continue to provide services, to certain creditors of the Debtors, other parties-in-interest and various other parties potentially adverse to the Debtors in matters unrelated to these chapter 11 cases.  As described below, however, BDO has undertaken an internal search to determine whether it is or has been employed by or had other relationships with any entities that were listed on schedules provided to BDO by the Debtors in connection with these chapter 11 cases.  Certain of these creditors, other parties-in-interest, attorneys, or accountants have or may have provided goods or services to, may currently provide goods or services to, and may in the future provide goods or services to BDO and the BDO Partners in matters unrelated to these chapter 11 cases.

7.    To check upon and disclose possible relationships with parties-in-interest in these cases, BDO researched its client databases and performed reasonable due diligence to determine whether it had any relationships with the entities that were listed on schedules provided to BDO by the Debtors in these chapter 11 cases, which schedules included the entities listed on Schedule 1 attached hereto and incorporated herein by reference.

8.    Despite the efforts described above to identify and disclose BDO's connections with parties-in-interest in these chapter 11 cases, and because the Debtors are large enterprises, BDO is unable to state with certainty that every client relationship or other connection has been disclosed.  In this regard, if BDO discovers additional material information that it determines requires disclosure, it will promptly file a supplemental disclosure with the Court.

3

## SERVICES TO BE RENDERED

9.      The nature and extent of the services that BDO proposes to render, as may

be requested by the Debtors and as agreed to by BDO, are as follows:

- Tax Compliance Services – Includes preparation of the following federal and state tax returns for the fiscal year ending December 31, 2009:

  - 2009 Federal REIT return for American Home Mortgage Investment Corp.

  - 2009 Federal Consolidated Return for the Taxable REIT Subsidiaries of American Home Mortgage Investment Corp.

  - Monthly sales and use tax returns of all entities of American Home Mortgage Investment Corp. and its subsidiaries

  - 2009 State tax returns for American Home Mortgage Investment Corp. and its Subsidiaries

  - Tax filings for dissolved entities

- Tax Consulting Services – Includes the following for the fiscal year ending December 31, 2009:

  - Research, consultation, and preparation of responses to tax notices from Federal and State taxing authorities

  - Research and consultation regarding REIT compliance pursuant to Internal Revenue Code Section 856-858

10.     BDO will additionally represent the Debtors Maryland Hearing Process

("Maryland Proceeding") in connection with Maryland's denial of the Debtors' refund claim for

the tax year of 2004.  BDO will perform any research and prepare any memoranda, protests, etc.

on behalf of the Debtors throughout the Maryland Proceeding.

11.     At the Debtors' request, and in order to meet the Debtors' immediate

needs, BDO began providing services to the Debtors in these chapter 11 cases on or about

February 2, 2010, prior to obtaining the Court's approval, with the anticipation that BDO would

be granted retention.

4

## PROFESSIONAL COMPENSATION

12.     Subject to the Court's approval and pursuant to the terms herein and in the Engagement Letters, BDO intends to charge for its professional services with respect to the Tax Services a flat rate of $110,000.

13.     In addition to the rate set forth above, the Debtors and BDO have agreed that the Debtors shall reimburse BDO for any actual out-of-pocket expenses incurred in connection with BDO's retention in these chapter 11 cases which shall include tax preparation software costs and travel expenses.

14.     BDO's fees related to the Maryland Proceeding will be based on hours incurred and reasonable out of pocket expenses.  BDO does not anticipate the total fees to exceed $15,000.

15.     All payments rendered pursuant to BDO's retention by the Debtors are subject to approval of this Court and based upon the filing by BDO of appropriate interim and final applications for allowance of compensation and reimbursement of expenses.  BDO has advised the Debtors that for fixed fee engagements it is not their general practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.  Despite this general practice, BDO has informed the Debtors that they will provide the Court, detailed descriptions of the services provided on behalf of the Debtors, the approximate time expended in providing these services (in half-hour (0.5) increments), and the individuals who provided professional services on behalf of the Debtors. Accordingly, to the extent necessary based on the foregoing, the Debtors respectfully seek waiver of the information requirements set forth in Local Rule 2016-2.

066585.1001

16.    BDO has received no promises regarding compensation in these cases other than in accordance with the Bankruptcy Code and as set forth in this Affidavit.  BDO has no agreement with any non-affiliated entity to share any compensation earned in these cases.

DB02:9154170.2                                                    066585.1001

I declare under penalty of perjury that the foregoing is true and correct.  Executed this

Eighteenth day of February, 2010.

Robert Klein
BDO Seidman, LLP

Sworn to and subscribed
before me this _____ day
of February, 2010

Notary Public
(Seal)

Nancy Ramos
Notary Public-State of NY
ID#: RA6093
Qualified in Queens
Commission Expires May 27, 2011

DB02:9280341.1                                                                            066585.1001

# Schedule 1

**BDO Conflict Disclosures**

## Schedule 1

**BDO Conflict Disclosures**

To my knowledge, and subject to the disclosures listed in Schedule 1 to this affidavit of those creditors and other parties-in-interest, which list was made known to me to be the only significant creditors and other significant parties-in-interest in this matter, neither my firm nor any members of my firm have any business relationships with those parties which are or may be creditors of the Debtors, or any other party in interest herein except as specified below:

a.    To my knowledge, BDO has performed and may be presently performing accounting, tax or consulting services for those creditors or other parties of interest listed below:

| | |
|---|---|
| ABN Amro Bank, N.V. | HSBC |
| American Express Bank, Ltd | IXIS Capital Markets |
| American Stock Transfer & Trust Company | JP Morgan Chase |
| Assured Guaranty Corp. | Lehman Brothers Inc. |
| Bank of America | Merrill Lynch Business Financial |
| Barclays Capital | Merrill Lynch Capital |
| Bear, Stearns & Co. Inc. | Merrill Lynch Mortgage Lending |
| Calyon | Merrill Lynch Mortgage & Partners |
| Citibank | Morgan Stanley Real Estate Funds |
| Citigroup | Munder Capital Management |
| Countrywide Commercial Real Estate Finance | Nomura International Inc. |
| Credit Suisse | Orix Capital Markets Inc. |
| Credit Suisse First Boston Mortgage Capital LLC | RBS Greenwich Capital |
| Deutsche Bank, AG | Societe Generale |
| EMC Corporation | Sovereign Bank New England |
| Fannie Mae | Transwestern Commercial Services LLC |
| Federal Home Loan Bank of New York | UBS LLC |
| Federal Home Loan Mortgage Corporation | Wachovia Bank |
| Federal Reserve Bank of New York | Wachovia Capital Markets LLC |
| First American Corporation | Wells Fargo Bank N.A. |

GMAC                                          Zurich American Insurance Company

Goldman Sachs & Company

Fees for these engagements represent less than ½ of 1% of BDO's annual revenues, and to my knowledge, relate to matters totally unrelated to the case for which BDO is seeking to be engaged.

        b.    J.P. Morgan Chase Bank is one of several financial institutions that BDO has a banking relationship with, which includes maintaining firm bank accounts and providing working capital financing.

        c.    AON Consulting is BDO's broker for professional liability insurance and certain other business insurance coverage.

        d.    DLA Piper Rudnick is counsel to BDO in various matters totally unrelated to the case for which BDO is seeking to be engaged and BDO has been involved in matters with the law firm of DLA Piper Rudnick in matters totally unrelated to the case for which BDO is seeking to be engaged.

        e.    As part of its practice, BDO appears in cases, proceedings and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers and other entities, some of which may be, or represent claimants and parties-in-interest in this case. BDO does not represent any such entity, other than which has already been disclosed, in connection with the pending case or have a relationship with any such entity or professional which would be adverse to the Committee or the Debtors or its estate.

DB02:9154170.1                                          066585.1001

f.  As part of its normal business practices, BDO reviews ongoing matters to ensure continued disinterestedness.  This process revealed that BDO is presently involved in an ongoing litigation with the Bank of America, the administrative agent for the secured creditors in these cases, regarding a matter unrelated to these bankruptcy proceedings.  BDO and Bank of America are adverse to each other in that litigation.  While BDO does not believe that this matter constitutes a conflict, in the abundance of caution, BDO has decided to disclose the existence of the litigation to the Court and other parties in interest.

DB02:9154170.1

066585.1001

# EXHIBIT C

## Engagement Letter



**BDO Seidman, LLP**
Accountants and Consultants

90 Woodbridge Center Drive, Suite 400
Woodbridge, New Jersey 07095
Telephone: (732) 750-0900
Fax: (732) 750-1222

February 17, 2010

**PERSONAL AND CONFIDENTIAL**

Mr. Kevin Nystrom
Chief Restructuring Officer
American Home Mortgage Investment Corp.
538 Broadhollow Road, 3rd Floor
Melville, NY 11747

Dear Mr. Nystrom:

<b>Agreement to Provide Tax Services</b>

We appreciate the opportunity to provide tax services to American Home Mortgage Investment Corp. and its subsidiaries (collectively the "Company" or "you"). This engagement letter and attachment(s) (collectively, this "Agreement") are intended to confirm the nature and scope of tax services that BDO Seidman, LLP ("BDO," "we" or "us") will provide to the Company. American Home Mortgage Investment Corp. and certain of its Subsidiaries are debtors in chapter 11 proceedings pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The terms of this Agreement are subject to approval by the Bankruptcy Court.

**Scope of Tax Services**

With respect to the fiscal year ended December 31, 2009, we will prepare the following tax returns for the Company:

**American Home Mortgage and Related Entities**

- Preparation of the 2009 Federal REIT return for American Home Mortgage Investment Corp.

- Preparation of the 2009 Federal Consolidated Return for the Taxable REIT Subsidiaries of American Home Mortgage Investment Corp.

- Preparation of monthly sales & use tax returns for American Home Mortgage Investment Corp. and its subsidiaries



**BDO Seidman, LLP**
Accountants and Consultants



Mr. Kevin Nystrom
February 17, 2010
Page 2

- Preparation of 2009 State Tax Returns for the Company

- Research, consultation, and preparation of responses to tax notices from Federal and State taxing authorities

- Prepare and file tax filings for dissolved entities

- Research and consultation regarding REIT compliance pursuant to Internal Revenue Code Section 856-858

## State of Maryland Refund Hearing

We will represent AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation ("AHMS"), during the Maryland Hearing Process in connection with the appeal of the State denial of the AHMS refund claim for the tax year 2004.

Our work in connection with the representation of AHMS does not include any procedures designed to disclose defalcations or other irregularities, should any exist.

We will perform any research and prepare any memoranda, protests, etc., as we find necessary to properly represent you during the Process. In connection with our representation of AHMS we will not agree to adjustments or make any decisions for AHMS without your express written authorization to do so.

During the course of the engagement, we will make good faith recommendations to you regarding the settlement of disputed issues, or the payment of or refusal to pay additional tax, penalties and interest as may be asserted by the Comptroller of Maryland (the "Tax Authority"). In the event AHMS refuses to accept and act in accordance with such good faith recommendations, we may (solely at our discretion) be relieved of the obligation to provide any further representation services on your behalf.

The Tax Authority may assess taxes, interest, penalties, etc., regardless of the actions, arguments or recommendations made or taken by us in the course of our representation of you. We shall not, under any circumstances, be liable or responsible for the payment of any assessments of tax, interest or penalty to the Tax Authority resulting from the examination or otherwise.



**BDO Seidman, LLP**
Accountants and Consultants

Mr. Kevin Nystrom
February 17, 2010
Page 3

## Additional Services

The Company may request BDO to provide services outside the scope of the tax return preparation services discussed herein. As such situations arise, we will provide you with a description of the additional services to be provided and a fee estimate for the services for your acceptance. The parties acknowledge that Bankruptcy Court approval may be required to expand the scope of the engagement.

## Terms and Conditions

The terms of this Agreement shall be governed by and construed in accordance with Attachment A of this letter, which is an important part hereof and should be read carefully. You should be aware that services under this Agreement may be provided to you by a non-licensee owner; that is, by an owner of the firm who, because of his or her specialty, is not individually licensed as a certified public accountant.

All professional services performed, including any additional services that may be requested shall be governed and construed in accordance with this Agreement including attachment(s) and any applicable order of the Bankruptcy Court.

## Electronic Filing

The requirement for large and mid-size corporations to electronically file their Forms 1120 and 1120S have been expanded to include corporations with assets of $10 million or more. Other corporations may do so voluntarily. In addition, several states require corporate tax returns to be filed electronically. We will advise you if the Company is required to electronically file its federal and/or state tax returns. In order for BDO to file electronically, you must complete certain federal and state forms after you have reviewed and approved the tax returns. These forms will be provided to you upon completion of the tax returns and must be returned to us at least seven days prior to filing. After receipt of your signed declaration we will transmit your return to the IRS and states as authorized by your declaration. Please advise us if you wish to voluntarily file electronically.

## Fees for Services

Our base fee for the tax return preparation services described above will be **$110,000.** We also will bill you for reasonable actual out-of-pocket expenses which includes our tax preparation software cost and travel expenses.

Our fee for the Maryland Hearing Process of AHMS will be based upon our hours incurred and reasonable actual out of pocket expenses but we do not anticipate the total fees to



**BDO Seidman, LLP**
Accountants and Consultants

Mr. Kevin Nystrom
February 17, 2010
Page 4

exceed **$15,000**. If it is determined that the overall fees will exceed this amount we will contact you immediately.

Should additional work be required on BDO's part to accumulate any schedules, information, calculations, etc., necessary to support the information required to be disclosed in the tax returns, additional fees will be charged at our standard hourly rates based upon the increased time and expenses incurred by BDO personnel. BDO will request information from AHM before preparing the schedules/calculations. The fee quoted also does not include any additional research time spent related to non-recurring transactions.

Reasonable costs and time spent in connection with examinations by taxing authorities, legal matters or other proceedings related to this engagement such as subpoenas, testimony or consultation involving private litigation or arbitration at your request or by subpoena, are not included in the fees provided for herein and will be billed separately in accordance with the Additional Services Section above.

**Billing Arrangements**

Our fees plus expenses will be billed at least monthly as they are incurred.

Amounts are due and payable within 30 days, subject to any required Bankruptcy Court approval. If you wish to inquire about your billing or about the services that have been rendered, please call our office when you receive the invoice.Except to the extent required by the Bankruptcy Court, if no comment about the billing is received within 30 days of receipt, we will conclude that you have seen the bill and find it acceptable.

\* \* \* \* \*

Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable laws, regulations, or published interpretations, but if any provisions of this Agreement shall be deemed prohibited, invalid, or otherwise unenforceable for any reason under such applicable laws, regulations, or published interpretations, such provision shall be ineffective only to the extent of such prohibition, invalidity, or unenforceability and such revised provisions shall be made a part of this Agreement as if it was specifically set forth herein. Furthermore, the provisions of the



**BDO Seidman, LLP**
Accountants and Consultants

Mr. Kevin Nystrom
February 17, 2010
Page 5

foregoing sentence shall not invalidate the remainder of such provisions or other provisions of this Agreement.

We believe the foregoing correctly sets forth our understanding; however, if you have any questions, please let us know.  If you find the foregoing arrangements acceptable, please acknowledge your agreement by signing and returning to us a copy of this letter.

We value your business and we are looking forward to many years of providing quality professional services to your Company.

Very truly yours,

*BDO Seidman LLP*

**BDO SEIDMAN, LLP**

Acknowledged:

**American Home Mortgage Investment Corp.**

By: _____            Date: _2/18/10_____

    **Kevin Nystrom, Chief Restructuring Officer**

*Attachment A - Terms and Conditions*



**BDO Seidman, LLP**
Accountants and Consultants

## ATTACHMENT A

### TERMS AND CONDITIONS

1. <u>Services.</u>    It is understood and agreed that our services frequently include advice and recommendations, but all decisions in connection with the implementation of such advice and recommendations shall be your responsibility. In connection with our services, BDO Seidman, LLP ("BDO" or "we") shall be entitled to rely on all representations, decisions and approvals made by you.

2. <u>Term.</u> Unless terminated earlier in accordance with its terms, this Agreement shall terminate on the completion of BDO's services hereunder. Each party shall have the right to terminate this Agreement at any time by giving written notice to the other party not less than 10 business days before the effective date of termination. In the event of termination pursuant to this paragraph, you agree to compensate BDO for services performed and reasonable expenses incurred through the effective date of termination.

3. <u>BDO Liability.</u> You agree to indemnify, hold harmless and release BDO and its employees, partners, members, affiliates or agents (the "BDO Group") from any and all liabilities and costs relating to our services under this Agreement, except to the extent finally determined to have resulted from the gross negligence or willful misconduct of any member of the BDO Group. In no event shall the BDO Group be liable for consequential, special, indirect, incidental, punitive or exemplary losses or damages relating to this engagement. This limitation on liability provision shall apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence) or otherwise.

4. <u>Third Parties and Internal Use.</u> Except as otherwise agreed, all services hereunder shall be solely for your internal purposes and use, and this engagement does not create privity between BDO and any person or party other than you ("Third Party"). This engagement is not intended for the express or implied benefit of any Third Party. No Third Party is entitled to rely, in any manner or for any purpose, on the advice, opinions, reports or other services of BDO. You are, however, authorized to disclose any and all aspects of our advice, opinions, reports or other services to any persons without limitation. Since our advice, opinions, reports or other services are solely for your benefit and are not to be relied upon by others, you must inform anyone to whom you make disclosures that they may not rely upon our advice, opinions or reports without our written consent.

5. <u>Information and Data.</u> BDO shall be entitled to assume, without independent verification, that all representations, assumptions, information and data supplied by you and your representatives will be complete and accurate to the best of your knowledge. BDO may use information and data furnished by others; however, BDO shall not be responsible for, and BDO shall provide no assurance regarding, the accuracy of any such information or data. Except as specifically provided, BDO shall not assume any responsibility for any financial reporting with respect to the services provided hereunder. You shall be responsible for all financial information and statements provided with respect to any services performed hereunder. BDO shall have no responsibility to address any legal matters or questions of law.

The corporate tax returns and any other services we provide will generally be based on data and information provided by the Company or other sources. BDO will not take responsibility for verifying the accuracy, completeness or otherwise evaluating such information. In preparing tax returns and providing other services, we are relying on you to understand and comply with the requirements for documentation of the Company's income, deductions and tax positions. Tax returns may be examined by taxing authorities who may not agree with your tax positions. If an examination



**BDO Seidman, LLP**
Accountants and Consultants

occurs such documentation may be requested to support items and positions reported on the tax returns. Penalties may apply for failure to maintain adequate documentation. Representation of the Company in connection with tax examinations is not provided for in this agreement and will be the subject of a separate engagement letter as needed. Ultimately, the taxpayer has the final responsibility for the tax returns and, therefore, you should review them carefully before filing to confirm that they are true, correct and complete.

Our work does not include any procedures designed to discover the existence of any defalcations or irregularities.

6.  **Professional Advice.** It is our policy to provide all professional advice in writing. You should not rely on any advice that has not been issued in final form in writing by BDO.

7.  **Federally Authorized Tax Practitioner Privilege.** Communications between you and us/our Firm may be privileged under IRC § 7525 in a manner similar to communications between a client and an attorney, and disclosure of such information may result in waiver of such privilege. While BDO will not take actions to cause a waiver of such privilege unless required to by law, BDO will not take affirmative steps to protect or assert privilege claims on your behalf unless specifically engaged to do so, provided, however, that BDO shall only disclose your information when in response to a judicial or quasi-judicial proceeding and when required to do so by law when responding to a subpoena, deposition notice or similar judicial or governmental demand. In such situations, however, BDO shall (i) provide notice to you prior to such disclosure whereby you may intervene in the proceeding, if you wish, and endeavor to prevent such disclosure, (ii) disclose only that portion of the confidential information that it is legally compelled or otherwise required by applicable law to be furnished, and (iii) use reasonable efforts to obtain reliable assurance that confidential treatment will be accorded any confidential information so disclosed. You may, at your sole cost, seek an appropriate protective order or other appropriate remedy.

8.  **Personnel Solicitation.** During the term of this Agreement and for a period of six (6) months thereafter, you agree, except with the express written consent of BDO, not to solicit (except by means of a general press solicitation not targeted to any individual employee or group of employees for employment or any consulting or other relationship substantially equivalent to employment), entice, hire, employ or seek to employ any employee of BDO who participated in the performance of services for you under this Agreement. In addition, if you hire one of our personnel, you agree to pay us a fee of 20% of that individual's base compensation at your Company 90 days from the first day of employment.

9.  **Filing Tax Returns.** You agree to file the tax returns as prepared by BDO without any modifications. If modifications must be made to the tax returns prior to filing, you agree to obtain our written approval in advance.

10. **E-mail Communication.** In connection with this engagement, we may communicate with you or others via e-mail. As e-mails can be intercepted, disclosed, used, and/or otherwise communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed, we cannot ensure that e-mails from us will be properly delivered and read only by the addressee. Therefore, unless liability results solely from our gross negligence or willful actions we disclaim and waive any liability for interception or intentional disclosure of e-mail transmissions, or for the unauthorized use or failed delivery of e-mails transmitted by us in connection with the performance of this engagement. In that regard, you agree that we shall have no liability for any loss or damage arising from the use of e-mail including any punitive, consequential, incidental, direct, indirect, or

Attachment A-2



BDO Seidman, LLP
Accountants and Consultants

special damages, such as loss of revenues or anticipated profits, or disclosure of confidential information.

11. <u>Record Retention.</u> We want you to be aware of our record retention policy with respect to your tax files and related documentation. Based on our present policies, we will maintain this information either in hard copy or electronic format for a period of eight years, after which it will be destroyed. We may modify our record retention policies from time to time in accordance with our professional obligations. It is, therefore, important for you to keep the copies of tax returns and related supporting data in your files.

12. <u>Professional Standards.</u> All returns prepared by BDO are prepared in accordance with professional standards. In the course of preparing your returns, BDO may use third-party service providers to assist in preparing the Company's tax returns, but excluding substantive determinations or advice affecting the Company's tax liability or tax attributes. In accordance with professional standards, BDO remains responsible for all work performed by the third-party service providers and BDO ensures that all professional services are performed with professional competence and due professional care. We maintain physical, electronic and procedural safeguards that comply with federal regulations and professional requirements to guard the confidentiality of all nonpublic information furnished. In addition, BDO has entered into contractual agreements with third-party service providers to maintain the confidentiality of the Company's confidential information.

13. <u>Tax Return Positions.</u> Recent federal legislation made significant changes to the responsibilities of tax return preparers. These changes also apply to non-signing preparers when they provide tax advice. Our services are performed in accordance with these and our other professional responsibilities. Accordingly, we may not provide tax advice or sign a tax return unless we believe that the material positions reflected therein are supported by appropriate authority, or when required, are adequately disclosed.

14. <u>Reportable Transactions.</u> Treasury regulations require that taxpayers disclose to the Internal Revenue Service their participation in certain types of transactions referred to as "reportable transactions." These transactions include certain tax strategies/transactions that the Internal Revenue Service has identified as "Listed Transactions" or transactions deemed to be substantially similar to a listed transaction, as well as other types of potentially abusive transactions including "Transactions of Interest" and "Patented Tax Transactions." Disclosure may also be required of normal transactions entered into in the course of your business. In addition, certain state tax shelter rules require taxpayers to file reportable transaction disclosure statements with the appropriate state income and franchise tax returns, if applicable. Failure to disclose any of these strategies/transactions may result in the imposition of substantial penalties. In connection with the performance of tax services covered by this Agreement, you agree to assume responsibility for adequate disclosure of all reportable transactions which the Company has entered into. At your request we will provide you with a Reportable Transaction Questionnaire to assist you in identifying reportable transactions which the Company has entered into. We will advise you if we identify any reportable transactions based upon information that comes to our attention. However, we cannot take responsibility for the identification of reportable transactions. BDO will not be liable for any penalties that may be incurred with respect to any failure to adequately and timely disclose reportable transactions.

15. <u>Availability of Records.</u> You agree that all records, documentation and information we request in connection with the preparation of the federal and state tax returns will be made available to us (including those pertaining to related parties), that all material information will be disclosed to us, and

 **BDO Seidman, LLP**
Accountants and Consultants

that we will have full cooperation, and unrestricted access to, your personnel during the course of the engagement.

16. **Electronic Transmission.** This Agreement may be transmitted in electronic format and shall not be denied legal effect solely because it was formed or transmitted, in whole or in part, by electronic record; however, this Agreement must then remain capable of being retained and accurately reproduced, from time to time, by electronic record by the parties to this Agreement and all other persons or entities required by law. An electronically transmitted signature to this Agreement will be deemed an acceptable original for purposes of consummating this Agreement and binding the party providing such electronic signature.

17. <u>Governing Law and Severability.</u> This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York (without giving effect to the choice of law principles thereof). If any portion of this Agreement, including without limitation any portion of this Agreement addressing dispute resolution, indemnification or limitation of liability, is held to be void, invalid or otherwise unenforceable in whole or in part, for any reason whatsoever, such portion of the Agreement shall be amended to the minimum extent required to make the provision enforceable and the remaining portions of this Agreement shall remain in full force and effect.

18. <u>Dispute Resolution Procedure.</u> The Bankruptcy Court will have primary jurisdiction over any dispute, controversy, or claim arises out of, relates to, or results from the performance or breach of this Agreement until the earlier of the dismissal of the Company's chapter 11 cases or the effective date of a chapter 11 plan confirmed pursuant to 11 U.S.C. §1129. After the occurrence of one of the foregoing and unless expressly prohibited by the Bankruptcy Court, if any dispute, controversy, or claim arises out of, relates to, or results from the performance or breach of this Agreement, excluding claims for non-monetary or equitable relief (collectively, the "Dispute"), either party may, upon written notice to the other party, request non-binding mediation. A recipient party of such notice may waive its option to resolve such Dispute by non-binding mediation by providing written notice to the party requesting mediation and then such parties hereto shall resolve such Dispute promptly by binding arbitration as described below. Such mediation shall be assisted by a neutral mediator acceptable to both parties and shall require the commercially reasonable efforts of the parties to discuss with each other in good faith their respective positions and different interests to finally resolve such Dispute. If the parties are unable to agree on a mediator within twenty (20) days from delivery of the written notice, either party may invoke the mediation service of the American Arbitration Association (the "AAA").

Each party may disclose any facts to the other party or to the mediator that it, in good faith, considers reasonably necessary to resolve the Dispute. However, all such disclosures shall be deemed in furtherance of settlement efforts and shall not be admissible in any subsequent proceeding against the disclosing party. Except as agreed to in writing by both parties, the mediator shall keep confidential all information disclosed during mediation. The mediator shall not act as a witness for either party in any subsequent proceeding between the parties. Unless waived, such mediation shall conclude after the parties have engaged in good faith settlement negotiations, but nonetheless are unable to resolve the Dispute through the mediation process. The attorneys' fees and costs incurred by each party in such mediation shall be borne solely by such party, except that the fees and expenses of the mediator, if any, shall be borne equally by the parties.

Any Dispute not resolved first by mediation between the parties (or if the mediation process is waived as provided herein) shall be decided by binding arbitration. The arbitration proceeding shall take place in the city in which the BDO Seidman office providing the majority of services involved exists, unless

 **BDO Seidman, LLP**
Accountants and Consultants

the parties agree in writing to a different locale. The arbitration shall be governed by the provisions of the laws of the state in which the arbitration is to take place (except if there is no applicable state law providing for such arbitration, then the Federal Arbitration Act shall apply) and the substantive law of such state shall be applied without reference to conflicts of law rules. In any arbitration instituted hereunder, the proceedings shall proceed in accordance with the then current Arbitration Rules for Professional Accounting and Related Disputes of the AAA, except that the Arbitration Panel (as defined below) shall permit discovery that is consistent with the scope of discovery typically permitted by the Federal Rules of Civil Procedure and/or is otherwise customary in light of the complexity of the Dispute and the amount in controversy. Any Dispute regarding discovery, or the relevance or scope thereof, shall be determined by the Arbitration Panel (as defined below).

The arbitration shall be conducted before a panel of three persons, one selected by each party, and the third selected by the two party-selected arbitrators (the "Arbitration Panel"). The party-selected arbitrators shall be treated as neutrals. The Arbitration Panel shall have no authority to award non-monetary or equitable relief, but nothing herein shall be construed as a prohibition against a party from pursuing non-monetary or equitable relief in a state or federal court. The parties also waive the right to punitive damages and the arbitrators shall have no authority to award such damages or any other damages that are not strictly compensatory in nature. In rendering their award, the Arbitration Panel shall issue in writing findings of fact and conclusions of law. The Arbitration Panel shall not have authority to grant an award that is not supported by substantial evidence or that is based on an error of law, and such absence of substantial evidence or such error of law may be reviewed on appeal to vacate an award based on the standard of review otherwise applicable in the Federal Appellate Court responsible for the jurisdiction in which the arbitration is venued, and without regard to any heightened standard of review otherwise applicable to an arbitration decision rendered by the AAA. The confidentiality provisions applicable to mediation shall also apply to arbitration. The award issued by the Arbitration Panel may be confirmed in a judgment by any federal or state court of competent jurisdiction. No payment of any award or posting of any bond of any kind whatsoever is required to be made or posted until such Dispute is finally determined.

In no event shall a demand for arbitration be made after the date on which the initiation of the legal or equitable proceeding on the same Dispute would be barred by the applicable statute of limitations or repose. For the purposes of applying the statute of limitations or repose, receipt of a written demand for arbitration by the AAA shall be deemed the initiation of the legal or equitable proceeding based on such Dispute.

19. <u>Independent Contractor.</u>  BDO and you acknowledge that the relationship between the parties to this Agreement is exclusively that of an independent contractor and that BDO's obligations to you are exclusively contractual in nature. This Agreement does not create an agency, employment, partnership joint venture, trust or other fiduciary relationship between the parties. Neither party shall have the right to bind the other to any Third Party or otherwise to act in any way as a representative or agent of the other except as otherwise agreed in writing between the parties.

20. <u>Entire Agreement.</u>  This Agreement sets forth the entire agreement between the parties with respect to the subject matter herein, superseding all prior agreements, negotiations or understandings, whether oral or written, with respect to such subject matter. To the extent that any of the terms and conditions of the Engagement Letter conflict with these Terms and Conditions, these Terms and Conditions will control. This Agreement may not be changed, modified or waived in whole or part except by an instrument in writing signed by both parties.

*V.10/09*

Attachment A-5