IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, *et al.*[1], | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re: DI 8049, 8137, 8148** |
| | ) | |

## LAURA BEALL's SUR-REPLY
## TO DEBTOR'S REPLY IN SUPPORT OF DEBTORS'
## FORTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION
## TO CLAIMS PURSUANT TO SECTION 502(B) OF THE
## BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007,
## AND LOCAL RULE 3007-1 WITH RESPECT TO CLAIM OF LAURA BEALL

Laura Beall, though her undersigned counsel and pursuant to this Court's prior Order, files this Sur-Reply to the Debtors' Reply in Support of the Debtor's Forty-Second Omnibus (Substantive) Objection Claims Pursuant to Section 502(B) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 With Respect to Claim of Laura Beall (hereafter "Debtor's Reply") and states:

1. Debtors originally objected to the Proof of Claim filed by Laura Beall in this matter on the alleged grounds of collateral estoppel in connection with separate litigation which was previously instituted by Laura Beall, through separate counsel, in the United States District Court for the Eastern District of Virginia, Case No. 1:08cv1307 (LMB/TCB)(hereafter the "Virginia Federal action").

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; AHM SV, Inc. (f/ka American Home Mortgage Servicing, Inc.), a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability corporation; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

Sur-Reply.Debtor'sResponse.DOC

2. Debtors took the position that Laura Beall's claim is barred based on the doctrine of collateral estoppel, with Debtors asserting that the doctrine applies by virtue of an Order issued in the Virginia Federal action which dismissed, with prejudice, all counts in an Amended Complaint which asserted four counts, one of which is not a cause of action at all, but a theory relating to the statute of limitations as to one of the other counts. The four counts asserted in the Amended Complaint were:

   (a) "Fraudulent concealment" (which requested the "relief" that the statute of limitations was tolled and that "all causes of action stand");

   (b) Breach of Fiduciary Duty (against an entity known as "Eagle Funding");

   (c) Equal Credit Opportunity Act (ECOA)(discrimination-based claim); and

   (d) Negligence.

4. The Order in the Virginia Federal action which Debtors rely upon granted a Motion to Dismiss filed by Defendants American Home Mortgage, Inc., American Brokers' Conduit, and AH Mortgage Acquisition Co., Inc.; granted a Motion to Dismiss filed by Defendants Wells Fargo Bank and American Home Mortgage Securities LLC; and ruled that all counts of the Amended Complaint were dismissed with prejudice as to Defendants American Home Mortgage, Inc., American Brokers' Conduit, AH Mortgage Acquisition Co., Inc., American Home Mortgage Securities LLC, and Wells Fargo Bank.

5. The Debtors' Motion to Dismiss filed in the Virginia Federal action sought dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The Memorandum of Law which accompanied the Motion addressed the ECOA and Negligence counts, and asserted argument as to the fraudulent concealment doctrine as to the ECOA claim. Debtors acknowledged that the breach of fiduciary duty claim was asserted solely against Eagle Funding.

6. Laura Beall's Proof of Claim (hereafter POC) in this matter attaches a "Complaint in Support of Proof of Claim" which asserts legal theories under not only the ECOA and certain negligence theories, but also contains requests for relief under theories of breach of contract, consumer fraud and deceptive business practices act, common law fraud, RESPA, TILA, UCC sec. 3-305, gross negligence, negligent misrepresentation, unjust enrichment, RICO, vicarious liability, and equitable estoppel. It is of record and without issue or dispute that none of these separate claims were ever asserted, litigated, or ruled upon in the Virginia Federal action.

7. As Debtors previously admitted, the doctrine of collateral estoppel "bars relitigation of issues ***previously adjudicated*** in a separate action". Brown v. Nash, 2007 U.S. App. LEXIS 21696 at *4 (3d Cir. Sept. 10, 2007).

8. This Court has held that a court will bar re-litigation of an issue on collateral estoppel grounds when "(1) the *identical* issue was previously adjudicated; (2) the issue was *actually litigated*; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.." In Re Kaiser Group International, Inc., 375 B.R. 120, 127 (Bankr. Del. 2007) (Walrath, J., citing Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995)(emphasis supplied).

9. This Court has also held that collateral estoppel applies ***only*** where there is an identity of subject matter and issues and parties in the previous litigation. E.g. In Re American Film Technologies, Inc., 175 B.R. 847 (Bankr.Del. 1994) (emphasis supplied).

10. The Kaiser court also cited to Jean Alexander Cosmetics, Inv. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) as to the Third Circuit's consideration of whether there was a final and valid judgment in the prior action.

11. In her Response to the Debtor's Objection, Laura Beall asserted that the Debtors' Objection failed the collateral estoppel test as to all theories advanced in the POC other than the

ECOA and Negligence claims (which were the only theories within the POC which were actually asserted in the Virginia Federal action), as there was no actual litigation or adjudication of the theories asserted in the POC herein other than the ECOA and negligence claims, and thus the Debtors' Objection to the POC of Laura Beall on alleged grounds of collateral estoppel should be denied except as to those theories within the POC which were actually litigated between the same parties in the Virginia Federal action, which consist solely of the ECOA and negligence claims.

12. Debtors have now apparently abandoned their "collateral estoppel" argument, for Debtors have filed a so-called "Reply" to Laura Beall's Response to the Debtors' Objection which asserts new theories of "claim splitting" and "judicial estoppel", neither of which are applicable for the reasons set forth herein and which Reply fails to address or distinguish the decisional law set forth in Laura Beall's Response.

13. Debtors cite <u>Sensormatic Security Corp. v. Sensormatic Electronics Corp,</u> 452 F.Supp. 621 (D. Maryland 2006, cited by Debtors as 273 Fed.Appx. 256) in support of their new contention that Laura Beall is engaging in impermissible "claims splitting". First and foremost, if this were true, all stay relief requests made by claimants to pursue litigation against a Debtor in another forum after a POC has been filed would be summarily denied. Unfortunately for Debtors but as admitted by Debtors in their Reply, this Court has already (and properly) granted stay relief to Laura Beall to pursue her action against the Debtors in another forum, and to not interfere in the disposition of any such action. Significantly, this Court did not condition its grant of stay relief on Laura Beall's withdrawal of her POC in this proceeding or that any adjudication on the separate proceeding would bar her claim herein, and Debtors cite no decisional law which precludes the litigation of claims against a Debtor in another forum where a POC has been filed against a Debtor in Bankruptcy.

14. This is because, as the <u>Sensormatic</u> opinion sets forth, "claims splitting" applies to situations where a party attempts to bring separate *lawsuits* against the same parties based on the same facts. <u>Sensormatic</u> at 626, citing <u>Trustmark Insur. Co. v. ESLU, Inc.</u>, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (party could not pursue *separate lawsuits* for breach of contract against same party). A proof of claim is not a "lawsuit", and Laura Beall has not filed an adversary proceeding in this case.

15. Debtors next cite <u>Nash County Board of Education v. Biltmore Company</u>, 640 F.2d 484 (4th Cir.) in support of their position. <u>Nash</u> concerned an appeal from a grant of summary judgment in favor of the defendants on an antitrust suit where the plaintiff was precluded from maintaining the action by reason of a final judgment entered in an earlier state antitrust action.

16. Here, the only "Final Judgment" (of Dismissal) entered in the Virginia litigation was as to those claims in the Amended Complaint. There was no "final judgment" as to the claims which were not asserted, as set forth hereinabove. As <u>Nash</u> held, the second requirement for res judicata is "identity of the causes of action" in both <u>lawsuits</u>. Significantly, again Debtors cite no decisional law which holds that a judgment in a non-bankruptcy forum as to specific causes of action is *res adjudicata* which precludes the assertion of a POC based on legal theories which were not asserted in the litigation in the non-Bankruptcy forum.

17. Debtors finally assert a novel "judicial estoppel" argument allegedly based on the holding in <u>Ryan Operations, G.P. v. Santiam-Midwest Lumber Co.</u>. 81 F.3d 355 (3d Cir. 1996). Debtors' argument fails for the very reasons set forth in the entirety of the <u>Ryan</u> opinion.

18. <u>Ryan</u> involved a situation where the debtor, a building contractor, had been receiving complaints from homeowners that the paint and primer were peeling away from the pine trim on their new homes. Ryan later filed chapter 11, but did not list in his schedules potential claims it might have from the allegedly defective pine trim. The district court granted summary judgment

in favor of the defendants who Ryan sued post-petition (but before plan confirmation) on a theory of judicial estoppel premised on Ryan's failure to disclose its claims against the defendants as a contingent asset in the chapter 11 case. The Third Circuit reversed.

19. The Ryan court defined judicial estoppel as the "doctrine against inconsistent positions" which prevent a litigant from asserting a position inconsistent with one that the litigant has previously asserted in the same or a prior proceeding, and that its purpose was designed to prevent litigants from "playing fast and loose with the courts", 81 F.3d at 358, "by asserting inconsistent positions", 81 F.3d at 361.

20. The test for the application of judicial estoppel is two-pronged: first, that there must be a finding that the party against whom the estoppel is sought asserted a position inconsistent with one they previously asserted; and second, that the party against whom estoppel is sought acted in bad faith and the intentional self-contradiction is used as a means of obtaining an unfair advantage. *Id.* at 361, 362.

21. Highly significant is the finding in Ryan that the Bankruptcy Court had entered an order modifying the automatic stay to specifically authorize Ryan to pursue claims by or against contractors or suppliers or homeowners, and that upon receipt of this authorization, Ryan filed such claims during the pendency of the bankruptcy in a different jurisdiction. Ryan then submitted fee requests to the bankruptcy court detailing counsel's work in the pine trim litigation, which fee requests were approved for payment by the Bankruptcy Court! *Id.* at 364.

22. The district court's summary judgment was thus reversed as the Ryan court found that Ryan did not act with the intent to play fast and loose with the courts, which is a requirement for the application of the judicial estoppel doctrine. *Id.* at 365.

23. Here, Debtors admit that Laura Beall was specifically granted stay relief to pursue separate action in non-Bankruptcy fora. This Court's April 24, 2008 Order grants this

authorization. The action which was actually filed was limited to specific causes of action. There is no evidence that Laura Beall has either taken a position "inconsistent" with a position in prior litigation or, more importantly, that she has acted "fast and loose" or with bad faith, in order for the doctrine of judicial estoppel to apply.

24. Debtors have failed to demonstrate any legal grounds for any objection to the claim of Laura Beall. Debtors have abandoned all "collateral estoppel" arguments which do not apply pursuant to the decisional law set forth herein (which Debtors have failed to distinguish), and the "claims splitting" and "judicial estoppel" arguments set forth in Debtors' Reply fail on their face for the very reasons set forth in the very case law cited by Debtors.

25. Laura Beall thus requests that this Court overrule the Debtors' objection to the claim of Laura Beall and permit said claim to proceed accordingly.

WHEREFORE, Laura Beall respectfully requests that the Debtors' Objection to her POC be denied for the reasons set forth herein, and for any other and further relief which is just and proper.

DATED:  February 26, 2010

       /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com

- and -

William Jeff Barnes, Esquire
W. J. Barnes, P.A.
1515 North Federal Highway, Suite 300
Boca Raton, Florida 33432

*Counsel for Laura Beall*