## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

      Debtors.

-------------------------------------------------------------------- x

:   Chapter 11

:   Case No. 07-11047 (CSS)

:   Jointly Administered

:   **Ref. Docket Nos. 5181, 6009, and 6216**

## SUPPLEMENTAL DECLARATION OF SCOTT MARTINEZ IN SUPPORT OF DEBTORS' THIRTEENTH, NINETEENTH, AND TWENTY-FIRST OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Scott Martinez, pursuant to 28 U.S.C. § 1746, declare:

1.     I am a Director at Zolfo Cooper, LLC, the court-approved financial advisor of the above-captioned Debtors and Debtors-in-possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I submit this declaration (the "Supplemental Declaration") to supplement the various declarations filed in support of (i) the Debtors' Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 5181] (the "Thirteenth Objection"); (ii) the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

1 [Docket No. 6009] (the "Nineteenth Objection"); and (iii) the Debtors' Twenty-First Omnibus

(Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 6216] (the "Twenty-First

Objection") (collectively, the "Objections").

2.      This Supplemental Declaration is intended to provide additional legal, factual and

documentary support for the relief requested by the Debtors in the Objections with respect to

certain proofs of claim that are addressed herein (the "Claims") as a reply to various responses

by claimants or inquiries by the Court.  The Objections have been previously adjourned with

respect to these Claims.  The Debtors have identified several documents that lend additional

support to the Objections, true and correct copies of which are attached hereto as exhibits.  The

Debtors reserve the right to supplement this declaration and the right to further object to the

proofs of claims discussed herein on any substantive or non-substantive grounds.

**A.      Lonnie R. Watkins**

3.      Pursuant to proof of claim numbered 3475 ("Claim 3475") filed by Lonnie R.

Watkins, a copy of which is attached hereto as Exhibit A, Ms. Watkins asserts a claim for

$9,529.09, priority unsecured, for a bonus payment allegedly owed to her based on her district's

first and second quarter profit and loss statements for 2007 (the "NOI Bonus").  By the

Thirteenth Objection, the Debtors objected to Claim 3475 on the basis that Ms. Watkins is not

entitled to the claimed NOI Bonus pursuant to the terms of her employment contract.  Ms.

Watkins did not file a response to the Thirteenth Objection, however, the Court asked that the

Debtors provide additional information regarding their objection to Claim 3475.

066585.1001

4.      Pursuant to Addendum A to her employment contract, a copy of which is attached

hereto as <u>Exhibit B</u>, Ms. Watkins is not entitled to the claimed NOI Bonus.  Specifically, Section

**[REDACTED]** of Addendum A provides as follows:

# [REDACTED]

5.      The Debtors' records indicated that Ms. Watkins was terminated in August of

2007 and the scheduled date of determination of the NOI Bonus was November of 2007.  As a

result, Ms. Watkins was not employed on the date of determination of the NOI Bonus and

therefore she is not entitled to such bonus pursuant to the terms of her employment contract.

6.      Based on the forgoing, the Debtors request that Claim 3475 be disallowed and

expunged in its entirety.

**B.      Jeffery A. Harmon**

7.      Pursuant to proof of claim numbered 302 ("<u>Claim 302</u>") filed by Jeffery A.

Harmon, a copy of which is attached hereto as <u>Exhibit C</u>, Mr. Harmon asserts that he is entitled

to (i) $10,000 for an unpaid 2007 bonus payment; (ii) $3,846.15 on account of two weeks of

unused vacation time; (iii) $3,076.92 for eight days of unused personal/sick time; and (iv)

$16,666.67 for sixty days of pay as compensation for the Debtors' alleged violation of 29 U.S.C.

§ 2101, et seq. (the "<u>WARN Act</u>").  Thus, by Claim 302, Mr. Harmon seeks a total amount of

$33,589.74, of which $10,950 is priority unsecured and $22,639.74 is general unsecured.

8.      Pursuant to the Nineteenth Objection, the Debtors sought to modify and reduce

Claim 302 to $3,846.15 priority unsecured on the grounds that Mr. Harmon was: (i) not entitled

to the claimed bonus per the Debtors' books and records; (ii) not eligible for unused personal

time per the terms of his employment contract; and (iii) not employed at an eligible WARN Act facility. Thus, the Debtors agreed to allow the amount claimed on account of unused vacation time, i.e., $3,846.15.

9.      Mr. Harmon filed a response (the "Harmon Response") [Docket No. 6231] in which he argued that he is entitled to the full amount of the WARN Act violation portion of his claim because he was a corporate employee that reported to New York. Mr. Harmon also argued that he was entitled to his pro-rated 2007 bonus because a precedent was set when he was paid a pro-rated bonus in 2006. In the Harmon Response, Mr. Harmon did not dispute the Debtors' comments regarding the fact that he is not entitled to unused personal/sick time.

10.      As noted above, Claim 302 is composed of several portions. The first portion consists of $10,000 claimed on account of an unpaid bonus payment for 2007. The Debtors object to this portion of Claim 302 because Mr. Harmon is not entitled to such bonus pursuant to the terms of his employment contract, a copy of which is attached hereto as Exhibit D. Specifically, the **[REDACTED]** paragraph of Mr. Harmon's employment contract provides, in pertinent part, as follows:

# [REDACTED]

11.      The Debtors' records indicate that Mr. Harmon was terminated in August of 2007 and the bonus, if any, would have been payable in April of 2008. As Mr. Harmon was not employed on the scheduled payment date, he is not entitled to the claimed bonus payment pursuant to the express terms of his employment contract.

DB02:9196878.1                                                    066585.1001

12.    By the second portion of Claim 302, Mr. Harmon asserts that he is entitled to

$16,666.67 due to the Debtors' purported WARN Act violation.  The Debtors object to this

portion of Claim 302 because Mr. Harmon was employed at the CO-GREVL64 facility, which

was not an affected facility for purposes of the WARN Act.  Therefore, Mr. Harmon is not

entitled to any payment for an alleged WARN Act violation because he was not employed at an

affected facility, as required by the statute.[2]  Thus, this portion of Claim 302 should be expunged

in its entirety.

13.    Mr. Harmon also asserts a claim for $3,076.92 on account of unused personal/sick

time.  In accordance with the Debtors' sick and personal day policy, a copy of which is attached

as Exhibit E, Mr. Harmon is not entitled to such pay.  The policy, in pertinent part, states that

**"[e]mployees who leave the Company during the year will not receive pay for unused sick /**

**personal days."**  (Emphasis added.)  As noted above, Mr. Harmon's employment was

terminated in August 2007 and, therefore, he was not employed by the Debtors for the entirety of

2007.  As a result, Mr. Harmon is not entitled to this portion of Claim 302 pursuant to the terms

of the Debtors' sick and personal day policy.

14.    Based on the foregoing, the Debtors request that Claim 302 should be modified

and reduced from $33,589.74 to $3,846.15, priority unsecured.

**C.    Southern Horizon Financial Group LLC**

15.    In accordance with proof of claim numbered 6566 ("Claim 6566") filed by

Southern Horizon Financial Group LLC ("Southern Horizon") a copy of which is attached hereto

as Exhibit F, Southern Horizon claims a total amount of $14,172.50, of which $10,950 is entitled

to priority unsecured status, for commissions earned in connection with certain residential

---

[2]    Additionally, Mr. Harmon did not qualify to participate in that certain class action entitled *Koch, et al. v. American Home Mortgage Corp., et al.*, Adv. Pro. No. 07-51688 (CSS) (Bankr. D. Del.) because he was not employed at an affected facility.

mortgage loans.  Pursuant to the Twenty-First Objection, the Debtors objected to Claim 6566 on the grounds that the mortgages (the "Mortgages") referenced in Claim 6566 did not close and therefore no amount was due and owing to Southern Horizon by the Debtors.  Southern Horizon did not file a response to the Twenty-First Objection, however, at the hearing in connection with the Twenty-First Objection, the Court requested additional documentation evidencing that the mortgage did not close.

16.    Pursuant to the mortgage broker applications entered into between the Debtors and mortgage brokers, the mortgage brokers are entitled to commissions in connection with mortgages that close and are not rescinded.  Here, the Debtors' records indicate that the Mortgages closed, but were never funded and are deemed rescinded.  As a result, Southern Horizon is not due any broker fees and the Debtors request that Claim 6566 be disallowed and expunged in its entirety.

*[Signature page follows]*

DB02:9196878.1                    066585.1001

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 25, 2010

Scott Martinez
Director
Zolfo Cooper, LLC

7

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

Lonnie Watkins

## PROOF OF CLAIM

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)          0000003475

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCH #: 40285*****
WATKINS, LONNIE R.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:
Email Address:

| Account or other number by which creditor identifies debtor: | Check here if this claim: ☒ replaces ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☒ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other Bonus due Bal. 12th Qtr (explain) + NL4 upy of 2nd Qtr 93 of TTL Bonus Based on Profit

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: ▮▮▮▮
Unpaid compensation for services performed
from 1-1-07 to 7-31-07 (date)

**2. Date debt was incurred:** 1-1-07, 7/31/07

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $_____ + _____ + _____ = _____
   (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 9,529.09
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☒ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**6. Unsecured Nonpriority Claim.** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED

NOV 2 6 2007

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date 11-19-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Len Watt |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Branch P&L Report - Period Ending May 31, 2006**
**ML Prospect**

| | May 2006 Dollars | May 2006 BPs | May 2006 Per Loan | Avg Prof BPs | Avg Prof Per Loan | YTD 2006 Dollars | YTD 2006 BPs | YTD 2006 Per Loan | April 2006 Dollars | April 2006 BPs | April 2006 Per Loan | March 2006 Dollars |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Average Loan | 197,163 | | | | | 195,941 | | | 197,513 | | | 191,476 |
| #Avg % | 46.7% | | | | | 54.0% | | | 60.8% | | | 49.5% |
| Closing Volume | 17,941,808 | | | | | 71,126,469 | | | 11,455,782 | | | 17,424,289 |
| Loans Originated | 91 | | | | | 363 | | | 58 | | | 91 |
| | | | | | | | | | | | | |
| **Revenue** | | | | | | | | | | | | |
| Branch Gain on Sale | 238,583 | 132.98 | 2,622 | 135.21 | 2,749 | 987,147 | 138.79 | 2,719 | 174,811 | 152.60 | 3,014 | 243,530 |
| Borrowers Points | 55,298 | 30.82 | 608 | 82.02 | 1,667 | 169,289 | 23.80 | 466 | 33,844 | 29.54 | 584 | 25,953 |
| Fee Income | 32,396 | 18.06 | 356 | 27.43 | 558 | 121,168 | 17.04 | 334 | 22,501 | 19.64 | 388 | 29,688 |
| Income on Brokered Out Loans | 21,538 | 12.00 | 237 | 7.40 | 150 | 68,785 | 9.67 | 189 | 1,000 | 0.87 | 17 | 20,362 |
| Amounts Paid to Mortgage Brokers | | | | (0.32) | (7) | | | | | | | |
| | | | | | | | | | | | | |
| **Total Origination Income** | 347,814 | 193.86 | 3,822 | 251.74 | 5,117 | 1,346,388 | 169.29 | 3,709 | 232,156 | 202.65 | 4,003 | 319,533 |
| | | | | | | | | | | | | |
| **Variable Origination Expenses** | | | | | | | | | | | | |
| Commissions and Overrides | 111,059 | 61.90 | 1,220 | 84.91 | 1,726 | 382,850 | 53.83 | 1,055 | 61,070 | 53.31 | 1,053 | 93,454 |
| Net Cost of Funds | (2,748) | (1.53) | (30) | 1.09 | 22 | 23,664 | 3.33 | 65 | 11,827 | 10.32 | 204 | (179) |
| Postage Tax, Credit, Flood, & Tax Service | | 0.00 | | 0.54 | 11 | | | | | | | |
| Mortgage Tax | 2,928 | 1.63 | 32 | | 19 | 11,552 | 1.62 | 32 | 2,989 | 2.61 | 52 | 2,169 |
| All Fees | 1,798 | 1.00 | 20 | 2.05 | 42 | 13,109 | 1.84 | 36 | 1,236 | 1.08 | 21 | 1,762 |
| Other Variable Origination Expense | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **Total Variable Origination Expense** | 113,036 | 130.85 | 1,242 | 90.58 | 1,843 | 431,174 | 60.62 | 1,188 | 77,122 | 67.30 | 1,330 | 97,207 |
| | | | | | | | | | | | | |
| **Net Margin** | 234,778 | 130.86 | 2,560 | 161.06 | 3,274 | 915,215 | 128.67 | 2,521 | 155,034 | 135.33 | 2,673 | 222,326 |
| | | | | | | | | | | | | |
| **Operating Expenses** | | | | | | | | | | | | |
| Staff Compensation and Other Incentives | 46,427 | 25.88 | 510 | 17.30 | 352 | 153,918 | 21.50 | 421 | 48,440 | 42.28 | 835 | (33,748) |
| Benefits and Taxes | 25,687 | 14.31 | 282 | 13.30 | 258 | 117,425 | 16.51 | 323 | 25,618 | 22.35 | 442 | 25,160 |
| Occupancy and Equipment Expense | 27,935 | 15.57 | 307 | 10.33 | 210 | 32,112 | 4.51 | 88 | 432 | 0.38 | 8 | (18,179) |
| Depreciation | 12,949 | 7.22 | 142 | 1.75 | 36 | 54,810 | 7.71 | 151 | 12,128 | 10.59 | 209 | 9,915 |
| Data Processing and Communications | 13,892 | 7.74 | 153 | 4.67 | 95 | 58,258 | 8.19 | 161 | 5,171 | 4.52 | 89 | 18,723 |
| Advertising and Promotion | 2,759 | 1.54 | 30 | 1.61 | 33 | 17,359 | 2.44 | 48 | 3,032 | 2.65 | 52 | (38,839) |
| Travel, Meals and Entertainment | 15,184 | 8.46 | 167 | 2.99 | 59 | 21,300 | 2.99 | 59 | (5,344) | (4.66) | (92) | (2,094) |
| Office Supplies | 140 | 0.08 | 2 | 1.31 | 26 | 9,295 | 1.31 | 26 | 6,377 | 5.57 | 110 | 797 |
| Legal and Accounting | 1,747 | 0.97 | 19 | 0.21 | 4 | 4,253 | 0.60 | 12 | (2,003) | (1.75) | (35) | (2,094) |
| Printing and Stationery | (2,040) | (1.14) | (22) | 0.01 | 0 | 3,285 | 0.46 | 9 | 2,677 | 2.34 | 46 | 2,152 |
| All Other | 1,303 | 1.05 | 20 | 1.19 | 24 | 7,002 | 0.98 | 19 | 614 | 0.54 | 11 | (28,463) |
| | | | | | | | | | | | | |
| **Total Operating Expenses** | 141,168 | 78.68 | 1,551 | 54.07 | 1,099 | 477,995 | 67.20 | 1,317 | 97,142 | 84.80 | 1,675 | (65,197) |
| | | | | | | | | | | | | |
| Credit Losses | 2,269 | 1.26 | 25 | 0.83 | 17 | 3,213 | 0.45 | 9 | 944 | 0.82 | 16 | 0 |
| | | | | | | | | | | | | |
| **Contribution before Allocated Expense** | 91,341 | 50.91 | 1,004 | 106.16 | 2,158 | 434,007 | 61.02 | 1,196 | 56,948 | 49.71 | 982 | 287,522 |
| | | | | | | | | | | | | |
| **Allocations** | | | | | | | | | | | | |
| Facilities | 6,900 | 3.85 | 76 | 0.29 | 6 | 34,500 | 4.85 | 95 | (23,380) | (20.42) | (403) | 16,925 |
| Operations | 25,667 | 14.31 | 282 | 16.99 | 345 | 123,711 | 17.39 | 341 | 21,970 | 19.18 | 379 | 16,100 |
| Region/District | 2,022 | 1.15 | 22 | 12.04 | 245 | 91,360 | 12.85 | 252 | 28,078 | 24.51 | 484 | 563 |
| Corporate | 3,698 | 2.06 | 41 | 5.87 | 119 | 21,876 | 3.08 | 60 | 7,333 | 6.40 | 126 | 2,775 |
| JV Minority Interest | 44,425 | 24.76 | 488 | 23.98 | 488 | 173,340 | 24.37 | 478 | 27,670 | 24.15 | 477 | 43,940 |
| | | | | | | | | | | | | |
| **Total Allocations** | 100,710 | 56.13 | 1,107 | 58.97 | 1,203 | 444,809 | 62.54 | 1,225 | 61,663 | 53.83 | 1,063 | 80,303 |
| | | | | | | | | | | | | |
| **Branch Contribution After Allocations** | (9,369) | (5.22) | (103) | 46.99 | 955 | (10,802) | (1.52) | (30) | (4,715) | (4.12) | (81) | 207,219 |
| | | | | | | | | | | | | |
| Secondary and Net Interest Income | 41,429 | 23.09 | 455 | 29.90 | 608 | 166,656 | 23.43 | 459 | 28,602 | 24.97 | 493 | 41,615 |
| | | | | | | | | | | | | |
| **Contribution after all Allocations** | 32,060 | 17.87 | 352 | 76.89 | 1,563 | 155,855 | 21.91 | 429 | 23,887 | 20.85 | 412 | 248,834 |
| | | | | | | | | | | | | |
| **Headcount** | | | | | | | | | | | | |
| Sales | 36 | | | | | 35 | | | 32 | | | 35 |
| Non Sales | 5 | | | | | 5 | | | 5 | | | 4 |
| Total Staff | 41 | | | | | | | | 37 | | | 39 |

**EXHIBIT B**

**REDACTED IN FULL**

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Jeffrey A. Harmon

Telephone numbe[r]
Email Address:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☑ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the [add]ress differs from the [add]ress on the envelope [sen]t to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)        0000000302

Account or other number by which creditor identifies debtor:

Check here if this clai[m]
☐ replaces     ☐ amends a previously filed claim, dated: _____

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☑ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last Four Digits of your SS#: ~~~~ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from 1-1-07 (date) to 10-3-07 (date) |
| ☐ Other _____ (explain) | |

2. Date debt was incurred: 8-3-07

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ 22,639.74 + _____ + 10,950 = 33,589.74
   (unsecured nonpriority)    (secured)    (unsecured priority)    (Total)
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate     ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $ _____

6. **Unsecured Nonpriority Claim.** $ 22,639.74
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**
SEP 4 2007
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

Date: 8-28-07

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Jeffrey A. Harmon

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Jeffrey A. Harmon

RE: Proof of Claim

Following is the breakdown of the attached claim:

1. 60-days pay as provided by the Warren Act:    $16,666.67
2. 2-weeks vacation                                3,846.15
3. 8-days personal/sick time                       3,076.92
4. 8-months bonus                                 10,000.00

Total                                             $33,589.74

Attached is a copy of my employment contract detailing my pay rate, including annual bonus. I was unable to contact the HR department to obtain documentation verifying the outstanding vacation and personal time.


_Jeffrey A. Harmon_        8/28/07

Jeffrey A. Harmon

**REDACTED IN PART**

**<u>EXHIBIT D</u>**

**REDACTED IN FULL**

# **EXHIBIT E**

REDACTED IN FULL

# EXHIBIT F

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al,
07-11047 (CSS)          0000006566

| In Re: American Home Mortgage Holdings, Inc., et al. Debtors. | Chapter 11 Case No. 07-11047 (CSS) Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

AHM (MERGE2.DBF,SCHED_NO) SCH #: 811*****
SOUTHERN HORIZON FINANCIAL GROUP, LLC
1000 COBB PLACE BLVD
BLDG 400 SUITE 410
KENNESAW GA 30144

Telephone number: *770-874-9501 ext. 108*
Email Address: *cgoss@shfgroup.com*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____(explain)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☒ Wages, salaries, and compensation (fill out below)
Last Four Digits of your SS#: _____
Unpaid compensation for services performed
from _____(date)_____ to _____(date)_____

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ *3,222⁸⁰* (unsecured nonpriority) + _____ (secured) + *10,950⁰⁰* (unsecured priority) = *14,172⁵⁹* (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim:** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED
DEC 3 1 2007
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date *12/24/07*
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): *Christopher Goss*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



# SOUTHERN HORIZON
## FINANCIAL GROUP

To whom it may concern:

On July 26th of 2007 our company closed 2 loans for our clients in which we had loan commitments from American Home Mortgage. They did not fund the following loans which were signed and closed. The result was lost commissions totaling 14,172.50. The official HUD1 forms from the closing attorney are enclosed for each customer and the amounts are highlighted for your review. Please note there were 2 other instances where they did not fund as well for separate customers on the same day. However, these clients closed with another lender. And, even though our company took a significant loss because of that we have only identified the fore mentioned instances for the purposes of this claim. Please advise if there is any other documentation needed.

Warmest Regards,

Christopher

**REDACTED IN PART**