UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al., | Chapter 11 |
| | (Jointly Administered) |
| Debtor. | Hearing Date: March 9, 2010, at 10:00 a.m.<br>Objections Due: March 4, 2010, at 4:00 p.m.<br>Related to Docket No. 8514 |

**VERIFIED RESPONSE OF ORIX CAPITAL MARKETS, LLC, TO THE DEBTORS' OBJECTION TO REPURCHASE DEFICIENCY CLAIM OF ORIX CAPITAL MARKETS, LLC (CLAIM NO. 9211)**

ORIX Capital Markets, LLC ("**ORIX**") hereby responds to the Debtors' Objection to Repurchase Deficiency Claim of ORIX Capital Markets, LLC [D.I. 8514] (the "**Objection**"). In support of its response, ORIX states as follows:

**PRELIMINARY STATEMENT**

1.  The Objection should be overruled because the Debtors' three purported reasons for disallowing ORIX's Repurchase Claim (as defined below) mischaracterize the nature of the Repurchase Claim, make erroneous inferences from certain prepetition communications from ORIX and are not supported by any evidence of value. Indeed, the Objection omits commercially reasonable determinants of value of the Repurchased Securities (as defined below) on the applicable valuation date, required by Section 562 of the Bankruptcy Code. Consequently, the Objection fails to overcome the prima facie validity of the Repurchase Claim. Furthermore, ORIX's valuation demonstrates the validity of the Deficiency Portion of the Repurchase Claim. Therefore, and as further explained herein, the Objection should be overruled in its entirety, and alternatively, the Court should set the matter for an evidentiary hearing to determine the value of ORIX's Repurchase Claim.

**BACKGROUND**

2. On August 6, 2007 (the **"Petition Date"**), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court. On August 14, 2007, an Official Committee of Unsecured Creditors (the **"Creditors Committee"**) was appointed and the Committee of Borrowers (the **"Borrowers Committee"**) was appointed on October 21, 2008. No trustee or examiner has been appointed. On February 23, 2009, the Court entered an order confirming the Amended Chapter 11 Plan of Liquidation of the Debtors, dated February 18, 2009 (the **"Plan"**).

**A.    ORIX Owns the Repurchased Securities: Debtors Misinterpret ORIX's Claim**

3. ORIX, as a "repo participant" (as defined in 11 U.S.C. §101(46)), entered in the Master Repurchase Agreement and Annex I to the Master Repurchase Agreement with Debtor on June 28, 2007 (the **"Repurchase Agreement"**) as: (a) transferee-seller of certain mortgage-related securities to ORIX, as transferee-purchaser of these securities (the **"Purchased Securities"** as defined in the Repurchase Agreement), and (b) as guarantor of the obligations of Debtor and AHM SPV III, LLC to ORIX under said "Repurchase Agreement" (as defined in 11 U.S.C § 101(47). Pursuant to the express contractual rights granted to ORIX in the Repurchase Agreement, ORIX exercised its rights to cause a liquidation, termination and/or acceleration of the Repurchase Agreement by delivery of a notice of default to Debtor on or about August 2, 2007. Consequently, the Purchased Securities and the Income thereon are held by ORIX, as owner, and do not constitute property of the Debtor's estate.

4.      In the Objection, the Debtors concede the above facts, which are also set forth in ORIX's proof of claim filed on January 11, 2008 (the "**Repurchase Claim**"), a copy of which is annexed hereto as Exhibit A. Exhibit 2 to the Repurchase Claim sets forth that as of the date of liquidation, termination and/or acceleration of the Repurchase Agreement, the market prices received (or which could be obtained) from the Purchased Securities did not exceed the sum of the stated repurchase prices of the Purchased Securities, including all interest and other contractual charges and expense obligations under the Repurchase Agreement. See Repurchase Claim, Ex. 2. This is the Deficiency Portion (as further explained and defined below) of the Repurchase Claim.

5.      The Objection, however, misinterprets the Repurchase Claim. The Debtors first argue that there is no basis for the secured portion of the Repurchase Claim as ORIX admittedly owns the Purchased Securities. See Objection, ¶11, 18. This argument overlooks ORIX's explanation of its position in Exhibit 3 to the Repurchase Claim. See Repurchase Claim, Ex. 3. Although the total amount set forth in the Repurchase Claim is $ 74,362,091, ORIX clearly set forth that the unsecured portion of the Repurchase Claim amounted to $20,000,000 (the "**Deficiency Portion**"). ORIX explained its position in Exhibit 3 to the Repurchase Claim that the secured portion of the Repurchase Claim was filed as a protective measure in response to the Debtors' characterization of ORIX's claim in its schedules. The Debtors now admit that ORIX owns and possesses the Purchased Securities. See Objection, ¶18. In light of the foregoing and provided that the Debtors have waived the position that ORIX holds the Purchased Securities and Income as a secured creditor, the alleged disagreement with respect to the "secured portion" of the Repurchase Claim is moot.

B.  **The Debtors Fail to Provide Evidentiary Support for Their Objection to the Deficiency Portion of the Repurchase Claim and the Market Data Demonstrates the Validity of the Claim on the Acceleration Date**

6. Section 562 of the Bankruptcy Code provides, in pertinent part, as follows:

(a) If the trustee rejects a ... repurchase agreement, ..., or if a ... repo participant ... liquidates, terminates, or accelerates such contract or agreement, damages shall be measured as of the earlier of ---

> (1) the date of such rejection; or
> (2) the date or dates of such liquidation, termination, or acceleration.

(b) If there are not any commercially reasonable determinants of value as of any date referred to in paragraph (1) or (2) of subsection (a), damages shall be measured as of the earliest subsequent date or dates on which there are commercially reasonable determinants of value.

11 U.S.C. § 562.

7. The Debtors concede that ORIX's default notice to the Debtors establishes August 2, 2007 as the applicable acceleration date. The Debtors' two purported reasons for disallowing the Deficiency Portion of the Repurchase Claim are each equally unsupportable. First, the Debtors assert without basis that ORIX overstates the amount of the repurchase obligations owed by AHM Investment. See Objection at 4. Equally unsupportable is the Debtors' allegation that ORIX undervalues the Purchase Securities on the applicable valuation measurement date and artificially inflates its alleged Deficiency Claim. See id.

8. There is also no support whatsoever for the Debtors' argument that the "discounted cash flow value" of the Purchased Securities as of August 7, 2007 was "well in excess" of the repurchase obligations under the Repurchase Agreement. Indeed, the allegations are contradicted by the evidence presented together with the Repurchase Claim and the valuation analysis presented below. The Debtors thus fail to overcome the prima facie validity of the Repurchase Claim. It is well established that pursuant to section 502(a) of the Bankruptcy Code,

a proof of claim is deemed an allowed claim unless an objection is filed, and unless the objector alleges sufficient evidence to prove that claim is without merit, the court cannot grant the objection. See, e.g., In re Dahlman Truck Lines, Inc., 59 B.R. 218, 220 (Bank. W.D. Wis. 1986).

9. The Debtors reliance on purported reports from ORIX as to market value on July 31, 2007 and July 26, 2007 is misplaced. See Objection at 6. Rather than producing any evidence of actual market valuation, the Debtors instead mischaracterize internal reports prepared by ORIX as determinations of market value. Such communications from ORIX, however, do not constitute determination of market value. The cited reports were limited in scope, did not take into consideration various factors, showed book value rather than market value and otherwise did not constitute determinations of the market value. The Debtors do not even attach the alleged reports to the Objection. Thus, the Debtors reliance thereon is misplaced absent some explanation of what the reports are, their context and/or what the factors as to the analysis presented thereunder.

10. The Debtors also fail to take into account the complex analysis required to determine market value of the Purchased Securities. For example, valuation of the securities at issue involves many more variables than straightforward loans. The Debtors fail to address that two out of the eight types of securities purchased by ORIX involved split equity positions (AHM-2005-3 and AHM-2006-2), which effectively precluded the sale of these securities, as ORIX did not own residual interests.

11. Furthermore, ORIX's market valuation for the Purchased Securities, which was prepared based on market data and third party security marks as of August 2007, demonstrates that the value of the Purchased Securities in August 2007 was in the range of $64MM. ORIX submits that this market value analysis presents a conservative estimate and needs further

reduction by at least fifty percent as to the two aforementioned securities with split equity positions. Thus, actual market value for the Purchased Securities on the applicable valuation date in August 2007 is estimated to be in the range of $59MM, which falls far short of the repurchase price. This valuation analysis shows that ORIX holds the Deficiency Portion of the Repurchase Claim amounting to approximately $15MM.

## Reservation of Rights

12.     ORIX reserves all rights to supplement this response and present further evidence in connection any further objections or evidence that the Debtors may file or present, including but not limited to the right to present further evidence at any evidentiary hearing to be scheduled by the Court in this matter.

## CONCLUSION

For the foregoing reasons, ORIX respectfully requests that the Court overrule the Objection in its entirety, or alternatively, schedule the matter for an evidentiary hearing and grant such further relief as the Court deems just and proper.

Dated: March 4, 2010

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Karen C. Bifferato*

Karen C. Bifferato (No. 3279)
N. Christopher Griffiths (No. 5180)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware
Tel: (302) 658-9141
Fax: (302) 658-5614
KBifferato@cblh.com

-and-

WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor
George Benaur
500 Fifth Avenue, 12th Floor
New York, New York 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
pdefilippo@wmd-law.com
jlawlor@wmd-law.com

*Counsel for ORIX Capital Markets, LLC*

#760252

## VERIFICATION

I am ~~the~~ James Dunn, the Chief Credit Officer of ORIX Capital Markets, LLC, and am authorized to make this verification on its behalf. I have read the within Verified Response to Debtors' Objection to Repurchase Deficiency Claim of ORIX Capital Markets, LLC and, to the best of my knowledge, information and belief, based upon business records of the company and information which I believe to be reliable, the facts contained herein are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____

Dated: March 4, 2010
       New York, New York