**SCHEDULE I-A**

Original Purchase Percentages
Buyer's Margin Percentages and Applicable Spreads

ELIGIBLE SECURITIES:

| Rating Category | Original Purchase Percentage | Buyer's Margin Percentage | Spread in Basis Points |
|---|---|---|---|
| RMBS residual securities | 70% | 142.857% | 375 |
| BB+ & BB | 80% | 125% | 375 |
| BB- | 80% | 125% | 375 |
| B+ & B | 70% | 142.857% | 375 |
| B- | 70% | 142.857% | 375 |
| NR/CCC | 50% | 200% | 375 |

**EXHIBIT I**

### CONFIRMATION STATEMENT
### ORIX CAPITAL MARKETS, LLC

Ladies and Gentlemen:

ORIX Capital Markets, LLC, is pleased to deliver our written **CONFIRMATION** of our agreement to enter into the Transaction pursuant to which ORIX Capital Markets, LLC shall purchase from you the Purchased Securities identified in Annex I, pursuant to the Master Repurchase Agreement between ORIX Capital Markets, LLC (the "Buyer") and American Home Mortgage Investment Corp. ("Seller"), dated as of June 28, 2007 (the "Agreement"; capitalized terms used herein without definition have the meanings given in the Agreement), as follows below and on the attached Schedule 1:

| | |
|---|---|
| Purchase Date: | _____, 20__ |
| Purchased Securities: | |
| Aggregate Principal Amount/Notional Amount of Purchased Securities (Original/ Current): | |
| Percentage Class Purchased: | _____% |
| Repurchase Date: | |
| Buyer's Purchase Price: | $ |
| Original Purchase Percentage: | |
| Pricing Rate: | one-month LIBOR plus _____% |
| Buyer's Margin Percentage: | |
| Margin Notice Deadline: | 10:00 a.m. |
| Governing Agreements/Trustee: | As identified on attached Schedule 1 |
| Name and address for communications: | Buyer: ORIX Capital Markets, LLC<br>1717 Main St., Suite 900<br>Dallas, TX  75201<br>Attention:  Kandice Stephens<br>Telephone:  214-237-2000<br>Telecopy:  214-237-2018 |
| | Seller: American Home Mortgage Investment Corp.<br>538 Broadhollow Rd<br>Melville, NY  11747<br>Attention:  Tom Mcdonough<br>Telephone:  516-620-1099<br>Telecopy:  516-949-3929 |

06-29-2007 09:50

ORIX CAPITAL MARKETS, LLC

By: _____
     Name: _____
     Title: _____


AGREED AND ACKNOWLEDGED:

AMERICAN HOME MORTGAGE INVESTMENT CORP.,
a Maryland corporation

By: _____
     Name:_____
     Title:_____


AHM SPV III, LLC, a Delaware limited liability company

By: _____
     Name:_____
     Title:_____

NY\1297055.4

06-29-2007 09:50

**Schedule 1 to Confirmation Statement**

Purchased Securities:

Aggregate Principal Amount
(Original/Current):

CUSIP NO.:

Securitization Document (including Master
Servicer, Special Servicer and Trustee):

Aggregate Principal Amount
(Original/Current):

06-29-2007 09:50

### Summary of Purchased Securities

Purchased Security:  <u>RMBS</u>

| Class, if any | Outstanding Balance | Seller Owned Face | Buyer's Market Value | Rating, if any | Original Purchase Percentage | Buyer's Purchase Price | Spread over one month LIBO |
|---|---|---|---|---|---|---|---|
| | | | | | | | 3.75% |

4

**EXHIBIT II**

<u>AUTHORIZED REPRESENTATIVES OF SELLER</u>

| <u>Name</u> | <u>Title</u> | <u>Specimen Signature</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**EXHIBIT III**

<u>MONTHLY REPORTING PACKAGE</u>

**FORM OF AGGREGATE COLLATERAL REPORT**

**AGGREGATE COLLATERAL REPORT INFORMATION
FOR EACH PURCHASED SECURITY**

Purchased Security Information (By Rating Category):

Issuer, Series and Class
Beginning Balance
Pass-Through Rate
Principal Distribution Amount
Interest Distribution Amount
Total Distribution
Principal Losses
Interest Shortfalls/Recoveries
Ending Certificate Balance
Available credit support, in %, available to Purchased Security[*]
Additional Underlying Trust Expenses
Rating
CUSIP No.
Deal Name Description
Payment Date
Trustee, Master Servicer, Special Servicer
Special Servicing Report
Details

---

[*]    Only to the extent provided in Purchased Security distribution date statements.

**EXHIBIT IV**

<u>FORM OF CUSTODIAL DELIVERY</u>

On this _____ of _____, 20__, American Home Mortgage Investment Corp. ("<u>Seller</u>"), as Seller under that certain Master Repurchase Agreement, dated as of June __, 2007 (the "<u>Repurchase Agreement</u>") between Seller and ORIX Capital Markets, LLC ("<u>Buyer</u>"), does hereby deliver to Buyer the original certificates with respect to the Purchased Securities to be purchased by Buyer pursuant to the Repurchase Agreement, which Purchased Securities are listed on the Schedule attached hereto.

IN WITNESS WHEREOF, the Sellers have caused its name to be signed hereto by its officer thereunto duly authorized as of the day and year first above written.

AMERICAN HOME MORTGAGE
INVESTMENT CORP., a Maryland corporation

By: _____
    Name: _____
    Title: _____


AHM SPV III, LLC, a Delaware limited liability company

By: _____
    Name:_____
    Title:_____

EXHIBIT V

## FORM OF POWER OF ATTORNEY

Know All Men by These Presents, that [American Home Mortgage Investment Corp.] [AHM SPV III, LLC] ("Seller"), does hereby appoint ORIX Capital Markets, LLC ("Buyer"), its attorney-in-fact to act in Seller's name, place and stead in any way that Seller could do with respect to (i) the completion of the re-registration of the Purchased Securities in the name of Buyer, and (ii) the enforcement of Seller's rights under the Purchased Securities purchased by Buyer pursuant to the Master Repurchase Agreement dated as of June __, 2007 between Seller and Buyer and to take such other steps as may be necessary or desirable to enforce Buyer's rights against such Purchased Securities, the related Purchased Securities Files and the servicing records to the extent that Seller is permitted by law to act through an agent.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, SELLER HEREBY AGREES THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OF FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OR SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND SELLER ON ITS OWN BEHALF AND ON BEHALF OF SELLER'S ASSIGNS, HEREBY AGREES TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

IN WITNESS WHEREOF Seller has caused this Power of Attorney to be executed and Seller's seal to be affixed this _____ day of June, 2007.

> [AMERICAN HOME MORTGAGE INVESTMENT CORP., a Maryland corporation]
>
> [AHM SPV III, LLC, a Delaware limited liability company]
>
> By:   _____
>       Name:_____
>       Title:_____

(Seal)

**EXHIBIT VI**

### ADVANCE PROCEDURE

Approval of New Collateral that is an Eligible Security.

(a)      Seller may, from time to time, submit to Buyer a Preliminary Due Diligence Package for Buyer's review and approval in order to enter into a Transaction with respect to any New Collateral that Seller proposes to be included as Collateral under the Agreement.

(b)      Upon Buyer's receipt of a complete Preliminary Due Diligence Package, Buyer, within two Business Days, shall have the right to request, in Buyer's good faith business judgment, additional diligence materials and deliveries that Buyer shall specify on a Supplemental Due Diligence List.

(c) Upon Buyer's receipt of all of the Diligence Materials or Buyer's waiver thereof, Buyer, within five Business Days, shall either (i) notify the Sellers of the Purchase Price and the Market Value for the New Collateral or (ii) in the case of Additional Securities, deny, in Buyer's sole and absolute discretion, the Sellers's request for a Transaction.

(d)      Buyer shall have received such other documents as Buyer or its counsel shall reasonably deem necessary.

EXHIBIT VII

FORM OF REDIRECTION LETTER

[Letterhead of Seller]

[_____], 2007

[Trustee Name]
[Address]

     Re:    [_____]

To Whom It May Concern:

[American Home Mortgage Investment Corp.][AHM SPV III, LLC] has entered into a reverse repurchase transaction with respect to all of its interest in the Securities with ORIX Capital Markets, LLC ("ORIX") pursuant to that certain Master Repurchase Agreement, dated as of June __, 2007, and, accordingly, all notices, demands and requests to be given to the holder under the documents evidencing, securing and/or governing the Securities shall be sent to the following address (until such address for notice is changed in accordance with the Securities documents):

             ORIX Capital Markets, LLC
             1717 Main Street, Suite 900
             Dallas, TX  75201
             Attn:  Kandice Stephens

          with a copy to:
             [American Home Mortgage Investment Corp.][AHM SPV III, LLC]
             538 Broadhollow Rd.
             Melville, NY  11747
             Attn:  Michael Strauss

All payments to be made under the Securities shall be made by wire transfer in accordance with the following instructions:

             Mellon Bank, N.A.
             ABA No.:  043000261
             Account No.:  0264356
             Account Name:  ORIX Capital Markets, LLC
             Reference:  AHM Master Repurchase

Please feel free to call [_____] at (___) [___-____] should you have any questions or concerns.  Thank you.

[AMERICAN HOME MORTGAGE
INVESTMENT CORP., a Maryland corporation]

[AHM SPV III, LLC, a Delaware limited liability
company]

By: _____
      Name:_____
      Title:_____

NY\1297055.4                                          06-29-2007 09:50

**EXHIBIT VIII**

Marketable Securities

"Marketable Securities" means:

100% of the market value of negotiable debt obligations issued by the U.S. Treasury Department having a remaining maturity of less than 1 year; or

98% of the market value of negotiable debt obligations issued by the U.S. Treasury Department having a remaining maturity of 1-10 years; or

95% of the market value of negotiable debt obligations issued by the U.S. Treasury Department having a remaining maturity of more than 10 years; or

95% of the market value of single-class mortgage participation certificates ("FHLMC Certificates") in book-entry form backed by single-family residential mortgage loans, the full and timely payment of interest at the applicable certificate rate and the ultimate collection of principal of which are guaranteed by the Federal Home Loan Mortgage Corporation (excluding Real Estate Mortgage Investment Conduit ("REMIC") or other multi-class pass-through certificates, collateralized mortgage obligations, pass-through certificates backed by adjustable rate mortgages, securities paying interest or principal only and similar derivative securities); or

95% of the market value of single-class mortgage pass-through certificates ("FNMA Certificates") in book-entry form backed by single-family residential mortgage loans, the full and timely payment of interest at the applicable certificate rate and ultimate collection of principal of which are guaranteed by the Federal National Mortgage Association (excluding REMIC or other multi-class pass-through certificates, pass-through certificates backed by adjustable rate mortgages collateralized mortgage obligations, securities paying interest or principal only and similar derivative securities); or

95% of the market value of single-class fully modified pass-through certificates ("GNMA Certificates" in book-entry form backed by single-family residential mortgage loans, the full and timely payment of principal and interest of which is guaranteed by the Government National Mortgage Association (excluding REMIC or other multi-class pass-through certificates, collateralized mortgage obligations, pass-through certificates backed by adjustable rate mortgages, securities paying interest or principal only and similar derivatives securities); or

Asset backed securities, corporate debt, corporate securities and such other collateral as Seller and Buyer may agree, with such valuation percentage applied thereto as Buyer, in its sole discretion acting in good faith shall deem appropriate.

06-29-2007 09:50

**EXHIBIT IX**

REPRESENTATIONS AND WARRANTIES FOR PURCHASED SECURITIES

Seller represents and warrants to Buyer, with respect to each Purchased Security, that except as specifically disclosed to and approved by Buyer in accordance with the Repurchase Agreement, as of the Purchase Date for each such Purchased Asset by Buyer from Seller and as of the date of each Transaction hereunder and at all times while the Transaction Documents or any Transaction hereunder is in full force and effect the representations set forth on this Exhibit shall be true and correct in all material respects.

1.      Other than consents and approvals obtained as of the related Purchase Date or those already granted in the related documents governing such Security, no consent or approval by any Person is required in connection with Buyer's acquisition of such Security, for Buyer's exercise of any rights or remedies in respect of such Security or for Buyer's sale or other disposition of such Security. No third party holds any "right of first refusal", "right of first negotiation", "right of first offer", purchase option, or other similar rights of any kind, and no other impediment exists to any such transfer or exercise of rights or remedies.

2.      Upon consummation of the purchase contemplated to occur in respect of such Security on the Purchase Date therefor, Seller will have validly and effectively conveyed to Buyer all legal and beneficial interest in and to such Security free and clear of any and all liens, pledges, encumbrances, charges, security interests or any other ownership interests of any nature other than those set forth hereunder.

3.      The Security is a certificated security in registered form, or is in uncertificated form and held through the facilities of (a) The Depository Trust Corporation in New York, New York, or (b) such other clearing organization or book-entry system as is approved in writing by the Buyer.

4.      With respect to any Security that is a certificated security, Seller has delivered to Buyer or its designee such certificated security, along with any and all certificates, assignments, bond powers executed in blank, necessary to transfer such certificated security under the issuing documents of such Security.

5.      All information contained in the related Preliminary Due Diligence Package and closing data tape in respect of such Security is accurate and complete in all material respects.

6.      As of the date of its issuance, such Security complied in all material respects with, or was exempt from, all requirements of federal, state or local law relating to the issuance thereof including, without limitation, any registration requirements of the Securities Act of 1933, as amended.

7.      Except as included in the related Preliminary Due Diligence Package and Closing Data Tape. there is no document that by its terms modifies or affects the rights and obligations of the holder of such Security, the terms of the related pooling and servicing agreement or any other

4

agreement relating to the Security, and, since issuance, there has been no material change or waiver to any term or provision of any such document, instrument or agreement.

8.      No consent, approval, authorization or order of, or registration or filing with, or notice to, any court or governmental agency or body having jurisdiction or regulatory authority over Seller is required for any transfer or assignment of such Security.

9.      Seller has not received written notice of any outstanding liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind for which the holder of such Security is or may become obligated.

10.      To the best of the Seller's knowledge, there is no material inaccuracy in any servicer report or trustee report delivered to it (and, in turn, delivered pursuant to the terms of this Repurchase Agreement) in connection with such Security.

NY\1297055.4                                                                      06-29-2007  09:50

EXHIBIT X

DESIGNATED SECURITIES

AHM 2004-1 R
AHM 2004-2 R
AHM 2004-3 R
AHM 2004-4 R1
AHM 2004-4 R2
AHM 2004-4 HELOC
AHM 2005-1 R1
AHM 2005-1 R2
AHM 2005-1 HELOC
AHM 2005-3 R
AHM 2006-1 R1
AHM 2006-1 R2
AHM 2006-2 R1
AHM 2006-2 R2
AHM 2006-2 R3
AHM 2006-2 R4
AHM 2006-2 R5
AHM 2007-1 B3
AHM 2007-1 X
AHM 2005-SD1 R1
AHM 2005-SD1 R2
AHM 2005-2 R
AHM 2005-2 HELOC
AHM 2005-4 R1
AHM 2005-4 R2
AHM 2005-4 R345
AHM 2006-3 R1
AHM 2006-3 R2
AHM 2006-3 R3

Annex II to Master Repurchase Agreement

Party Information

Buyer:  ORIX Capital Markets, LLC

    1717 Main Street, Suite 900
    Dallas, TX  75201
    Attn:  Kandice Stephens

    fax:  214 237 2018

Sellers:  American Home Mortgage Investment Corp. and AHM SPV III, LLC

    538 Broadhollow Rd.
    Melville, NY  11747
    Attn:  Michael Strauss

    With a copy to:  Alan Horn
    American Home Mortgage Investment Corp
    538 Broadhollow Rd.
    Melville, NY  11747

    fax: 800 209-7276

# WOLLMUTH MAHER & DEUTSCH LLP

A LIMITED LIABILITY PARTNERSHIP FORMED IN NEW YORK

ONE GATEWAY CENTER

NEWARK, NEW JERSEY 07102

TELEPHONE (973) 733-9200
FACSIMILE (973) 733-9292

January 11, 2008

**Via Hand Delivery**

EPIQ Bankruptcy Solutions, LLC
Attn: American Home Mortgage Claims Processing
757 Third Avenue
3rd Floor
New York, NY 10017

Re:   **In re: American Home Mortgage Investment Corp.**
      **Case No. 07-11048; Jointly Administered Under Case No. 07-11047**

Dear Sir or Madam:

We are counsel for creditor ORIX Capital Markets, LLC ("ORIX") in the above-referenced case. Enclosed please find an original and one copy of ORIX's Proof of Claim and supporting documentation (the "Orix Claim"). Please return a copy of the Orix Claim as acknowledgement of the timely receipt of same in the enclosed envelope.

Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

James N. Lawlor

JNL/gb
Enclosure

cc: John N. Dinan, Esq.