## Schedule 1

**The Swap Claim**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>                       Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Invest. Corp. | Case No. of Debtor<br>07-11048 | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Royal Bank of Scotland PLC
c/o Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, CT 06830

NOTICES TO:
Brian E. Goldberg, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas, 37th Fl.
New York, NY 10036
Telephone number: 212-277-6752
Email Address: goldbergb@dicksteinshapiro.com

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you never received any notice from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)     0000008963

**Account or other number by which creditor identifies debtor:**

Check here if this claim:
☐ replaces    ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☑ Other __Deficiency under ISDA Master Agreement__ (explain)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: ____ ____ ____ ____
   Unpaid compensation for services performed
   from _____ to _____
        (date)     (date)

2. **Date debt was incurred:**
   See attached

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 5,203,128 + _____ + _____ = _____
        (unsecured nonpriority)   (secured)   (unsecured priority)   (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☑ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate  ☐ Motor Vehicle
   ☑ Other __Setoff__
   Value of Collateral: $_____
   Amount of arrearage and other charges _at time case filed_ included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $ 5,203,128
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

JAN 1 1 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br>1-11-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Brian E. Goldberg<br>Counsel for creditor |

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

**Secured Claim**
A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.
Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

**Unsecured Claim**
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

7. **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

8. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

9. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

Royal Bank of Scotland plc ("RBS") entered into a certain ISDA Master Agreement (the "ISDA Master"), dated November 12, 2004, as supplemented, revised and amended, with American Home Mortgage Investment Corp. ("AHMIC") (a copy of the first page of the agreement is annexed hereto, as this identifies the agreement and the majority of the remainder of the agreement is industry-standard terms and has nonetheless already been provided to Debtors).

1) RBS posted cash with AHMIC or its custodian of funds pursuant to the ISDA Master. The funds remained property of RBS, and AHMIC was subject to an express contractual duty to safeguard such funds.

2) As set forth in a Notice dated August 3, 2007 (attached hereto), AHMIC defaulted under the ISDA Master, and all underlying Transactions were terminated and an Early Termination Date of August 3, 2007 was established. In connection therewith, closeout levels were set forth in a Notice sent on or about August 10, 2007 (attached hereto), with a net claim owed by AHMIC to RBS in the amount of $422,750.00. Thus, there was no potential claim to secure and no remaining justification for AHMIC to retain RBS's cash.

3) Pursuant to Paragraph 8(b)(iii) of the CSA, upon the Early Termination Date that occurred as a result of AHMIC's Event of Default, AHMIC was obliged "immediately" to transfer all posted collateral and Interest Amount to RBS. This is consistent with the express condition in 13(g) of the CSA that to hold collateral, a party cannot be in default.

4) At the September 4, 2007 hearing on Debtors' motions to use cash collateral and to obtain DIP Financing, the Court expressly stated that even if the Debtors have commingled or otherwise interfered with RBS's property, it remains property of RBS and RBS retains all rights.

5) As of the petition date, the amount of the collateral (plus accrued interest) was approximately $4,780,378.00, which amount, RBS asserts, continues to accrue interest. This results in a total claim as of the petition date of approximately $5,203,128.00, although RBS reserves its rights to assert that the unreturned collateral is returnable in full (rather than subject to the distribution to be provided unsecured creditors) as either return of assets not property of the estate or as satisfaction of a non-dischargeable claim. Accordingly, RBS asserts that the portion of the claim attributable to the unreturned property of RBS continues to accrue interest.

RBS expressly preserves its right of setoff as well as to supplement or amend this claim.

DOCSNY-287005

(Multicurrency—Cross Border)

# ISDA®

International Swaps and Derivatives Association, Inc.

# MASTER AGREEMENT

dated as of November 12, 2004

THE ROYAL BANK OF SCOTLAND PLC ("PARTY A") and AMERICAN HOME MORTGAGE INVESTMENT CORP. ("PARTY B") have entered and/or anticipate entering into one or more transactions (each a "Transaction") that are or will be governed by this Master Agreement, which includes the schedule (the "Schedule"), and the documents and other confirming evidence (each a "Confirmation") exchanged between the parties confirming those Transactions.

Accordingly, the parties agree as follows:—

1.  **Interpretation**

(a)   *Definitions.* The terms defined in Section 14 and in the Schedule will have the meanings therein specified for the purpose of this Master Agreement.

(b)   *Inconsistency.* In the event of any inconsistency between the provisions of the Schedule and the other provisions of this Master Agreement, the Schedule will prevail. In the event of any inconsistency between the provisions of any Confirmation and this Master Agreement (including the Schedule), such Confirmation will prevail for the purpose of the relevant Transaction.

(c)   *Single Agreement.* All Transactions are entered into in reliance on the fact that this Master Agreement and all Confirmations form a single agreement between the parties (collectively referred to as this "Agreement"), and the parties would not otherwise enter into any Transactions.

2.  **Obligations**

(a)   *General Conditions.*

  (i)   Each party will make each payment or delivery specified in each Confirmation to be made by it, subject to the other provisions of this Agreement.

  (ii)  Payments under this Agreement will be made on the due date for value on that date in the place of the account specified in the relevant Confirmation or otherwise pursuant to this Agreement, in freely transferable funds and in the manner customary for payments in the required currency. Where settlement is by delivery (that is, other than by payment), such delivery will be made for receipt on the due date in the manner customary for the relevant obligation unless otherwise specified in the relevant Confirmation or elsewhere in this Agreement.

  (iii) Each obligation of each party under Section 2(a)(i) is subject to (1) the condition precedent that no Event of Default or Potential Event of Default with respect to the other party has occurred and is continuing, (2) the condition precedent that no Early Termination Date in respect of the relevant Transaction has occurred or been effectively designated and (3) each other applicable condition precedent specified in this Agreement.

Copyright © 1992 by International Swaps and Derivatives Association, Inc.

NF124029.1

Execution Copy

THE ROYAL BANK OF SCOTLAND PLC
By: Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich CT 06830

American Home Mortgage Investment Corp.
520 Broadhollow Road
Melville, New York 11747
Attn: Thomas McDonagh

August 3, 2007

Re: **Notice of Event of Default and Early Termination Date**

Dear Mr. McDonagh:

Reference is made to the ISDA Master Agreement and Schedule thereto dated as of November 12, 2004 between American Home Mortgage Investment Corp. (the "AHMIC") and The Royal Bank of Scotland plc., ("RBS") as revised and amended on March 18, 2005, (the "Agreement"). Capitalized terms used but not otherwise defined in this letter shall have the meanings set forth in the Agreement. This letter constitutes Notice pursuant to Section 6(a) and Section 12(a) of the Agreement.

Based upon public statements that AHMIC is unable to pay its debts as they become due, an Event of Default pursuant to Section 5(a)(vii)(2) of the Agreement has occurred. Under Section 6(a) of the Agreement AHMIC is the Defaulting Party. RBS hereby designates August 3, 2007 as the Early Termination Date in respect of all outstanding Transactions under the Agreement. We will determine closeout levels for all Transactions under the Agreement as of 3 p.m. New York time on the Early Termination Date.

The consequence of the occurrence of an Early Termination Date is that:

(a)  no further payments or deliveries under Section 2(a)(i) or 2(e) in respect of the Transactions will be required to be made; and

(b)  the amount, if any, payable in respect of the Early Termination Date shall be determined pursuant to Section 6(e) of the Agreement.

As soon as reasonably practicable after the Early Termination Date, we will provide you with a statement as required under Section 6(d)(i) of the Agreement of the Settlement Amount.

In connection with this notice, Greenwich Capital Markets, Inc., has acted as agent on behalf of RBS. Greenwich Capital Markets, Inc. has not guaranteed and is not otherwise responsible for the obligations of RBS under this notice.

If you have any questions regarding the above, please do not hesitate to call Mark Rose at 203-618-2531.

Sincerely

The Royal Bank of Scotland plc
By: Greenwich Capital Markets, Inc.

_____
Name: Mark Rose
Title: Managing Director and Associate General Counsel

## Gougherty, William, GCM

| | |
|---|---|
| From: | Rose, Mark, GCM |
| Sent: | Friday, August 03, 2007 3:52 PM |
| To: | 'cpino@americanhm.com' |
| Cc: | 'Goldberg, Brian'; Redmond, Brian, GCM; Gougherty, William, GCM; Esposito, James, GCM |
| Subject: | Event of Default Notice and Notice of Designation of Early Termination Date |

Craig,

An Insolvency Event of Default Notice has been delivered by courier today, addressed to Thomas McDonagh at American Home Mortgage Investment Corporation ("AHMIC") as per the notice instructions contained in the ISDA Master Agreement (the "Agreement") between RBS and AHMIC. Please be aware that the notice also designated today as the Early Termination Date for all Transactions under the Agreement as a result of such Event of Default.

We have been informed by our counsel that the courier who dropped off the notice at your reception area was met by office security and did not want to accept notice as apparently Mr. McDonagh is no longer an employee of AHMIC; however, that is the notice information we have on file. Accordingly, it was left at reception. The package containing the notice was then thrown out the front door by security personnel, and then taped to the front door by our courier.

To make sure it gets to the appropriate parties within AHMIC, we are sending this email as well as forwarding by fax to the number contained in the notice section of the Agreement ((516) 620-1031). We will also attempt to deliver an additional copy overnight by Fedex, to your attention rather than to Thomas McDonagh. If you need further information please feel free to call me at (203) 618-2531.

Best regards,
Mark Rose.

1

**✳ RBS Greenwich Capital**

Greenwich Capital Markets, Inc.
600 Steamboat Road
Greenwich, Connecticut 06830

Telephone: 203.625.2700

www.rbsgc.com

August 14, 2007

American Home Mortgage Investment Corp.
520 Broadhollow Road
Melville, NY 11747
Attn: Thomas McDonagh
    Craig Pino

Re: Follow up notice in respect of closeout amounts due to RBS pursuant to the ISDA Agreement between RBS and AHMIC

Reference is made to (i) the ISDA Master Agreement and Schedule thereto dated as of November 12, 2004 between American Home Mortgage Investment Corp. ("AHMIC") and The Royal Bank of Scotland plc., ("RBS") as revised and amended on March 18, 2005, (the "Agreement") and (ii) the Notice of Event of Default and Early Termination Date dated and delivered on August 3, 2007 (the "Termination Notice"). Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Agreement.

Pursuant to the Termination Notice, the Early Termination Date in respect of all outstanding Transactions under the Agreement was established as August 3, 2007. RBS established the closeout levels of Transactions as of 3 p.m. New York time on the Early Termination Date.

Accordingly, please be advised that RBS has determined the closeout levels ("Settlement Amount") for all Transactions to be $2,982,750 (RBS owes AHMIC). However, at the time of closeout, AHMIC owed, and continues to owe, RBS payments under the Agreement aggregating $3,405,500 ("Unpaid Amounts"). After netting Unpaid Amounts against Settlement Amounts as required by Section 6(e) of the Agreement, AHMIC owes RBS $422,750, as of the Early Termination Date. Please be advised that pursuant to the Agreement, interest on such amount accrues at the Default Rate.

Additionally, RBS continues to own cash collateral posted under the Agreement in the amount of $4,780,378, of which $31,108 is accrued interest. Please immediately arrange for the return of the collateral including the interest accrued.

If you have any questions regarding the above, please do not hesitate to call Mark Rose at 203-618-2531.

Sincerely

*Mark Rose*

Name: Mark Rose
Title: Managing Director and Associate General Counsel
The Royal Bank of Scotland plc
By: Greenwich Capital Markets, Inc.