# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x

In re:                                                      :    Chapter 11
                                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                      :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                             :
                                                            :    Jointly Administered
                              Debtors.                      :
                                                            :    **Ref. Docket No.:** 8587
-------------------------------------------------------------------- x

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) AUTHORIZING AND APPROVING STIPULATION BY AND AMONG THE DEBTORS AND CITIBANK, N.A. IN VARIOUS CAPACITIES RESOLVING (I) CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the *Stipulation By and Among the Debtors and Citibank, N.A. in Various Capacities Resolving (I) Cure Claims Asserted in Connection With the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. and (II) Certain Proofs of Claim*, attached hereto as Exhibit A (the "Stipulation");[1] and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and all parties in interest having been heard or having had the opportunity to be heard; and it appearing that this proceeding is a core proceeding

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

under 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor, it is hereby ORDERED that:

1.    The Motion is GRANTED as set forth herein.

2.    Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation attached hereto as Exhibit A is hereby APPROVED, and the Effective Time of the Stipulation shall take place upon satisfaction of the condition set forth in paragraph 1(ii) of the Stipulation.

3.    In accordance with the Stipulation, the following Proofs of Claim shall be allowed as general unsecured claims in the amounts and against certain Debtors as set forth in the following table:

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 8839 | AHM Acceptance | AHMIT 2004-3 | $0 |
| 8845 | AHM SV | AHMIT 2004-3 | $65,475 |
| 8840 | AHM Corp. | AHMA 2006-3 | $841,484 |
| 8846 | AHM SV | AHMA 2006-3 | $906,959 |
| 8841 | AHM Corp. | AHMA 2006-4 | $753,484 |
| 8847 | AHM SV | AHMA 2006-4 | $818,959 |
| 8850 | AHM Corp. | GSR 2006-AR2 | $12,519 |
| 8848 | AHM SV | GSR 2006-AR2 | $77,994 |
| 8842 | AHM Corp. | SAMI 2007-AR1 | $263 |
| 8849 | AHM SV | SAMI 2007-AR1 | $65,738 |

4.    Capital One, N.A., successor by merger to North Fork Bank, the escrow agent (the "Escrow Agent") under the Cure Escrow Agreement, is hereby directed to deliver via wire transfer, pursuant to wire instructions to be provided by Citibank, the sum of $607,985 to Citibank from the Cure Escrow account within five (5) business days of the Effective Time.

5.    In accordance with the Cure Escrow Agreement, the Escrow Agent is authorized to release the funds from the Cure Escrow as set forth herein.

2

6.      Upon receipt of the funds as set forth herein, Citibank's claim against the Cure Escrow shall be satisfied in full.

7.      The Parties are hereby authorized to take all actions and execute all documents or instruments necessary to carry out the provisions of the Stipulation.

8.      Notwithstanding the 10-day stay provided in Bankruptcy Rule 6004(h), this Order shall become effective immediately upon entry by this Court.

9.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
     March   , 2010

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DB02:8954137.2                                                                                          066585.1001