## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Objection Deadline: N/A<br>Hearing Date: N/A |

### DEBTORS' MOTION TO SHORTEN NOTICE WITH RESPECT TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER AUTHORIZING AND APPROVING RELEASE AND SETTLEMENT AGREEMENT WITH AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.)

American Home Mortgage Holdings, Inc., a Delaware corporation, and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, "AHM" or the "Debtors"), having filed contemporaneously herewith the *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for an Order Authorizing and Approving Release and Settlement Agreement with American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)* (the "Settlement Motion")[2] hereby move the Court (the "Motion to Shorten"), pursuant to Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Motion.

District of Delaware (the "Local Rules"), for entry of an order shortening the time for notice of the hearing to consider approval of the Settlement Motion by one day so that the matter may be heard on April 6, 2010 at 10:30 a.m. (ET) (the "Hearing"). The Debtors further request that the Court order that any objections to the relief requested in the Settlement Motion must be filed by March 31, 2010 at 4:00 p.m. (ET). In support of this Motion to Shorten, the Debtors respectfully represent as follows:

1. Bankruptcy Rule 2002(a)(3) requires twenty-one (21) days' notice by mail of any motion, such as the Settlement Motion, seeking approval of a compromise or settlement of a controversy. Pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), however, such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. The Debtors submit that there is sufficient cause to justify shortening the notice period by one day for the Hearing to consider the Settlement Motion.

2. The Settlement Motion seeks approval of a resolution of an approximately $17 million disputed administrative claim brought by American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) the purchaser of the Debtors' servicing business (the "Purchaser"), which is the product of several months of negotiations between the Debtors and the Purchaser, in consultation with the Official Committee of Unsecured Creditors (the "Committee") and Bank of America, N.A., as Administrative Agent (the "Administrative Agent"). Resolution of the Purchaser's disputed claim represents an important step toward effectiveness of the Debtors' chapter 11 plan, insofar as it will reduce the amount of cash reserves necessary for disputed administrative/priority claims. Despite the Debtors' and the Purchaser's best efforts to finalize their Settlement Agreement yesterday, which would have

permitted filing of the Settlement Motion on full notice, the parties were unable to reach agreement on the final documentation last night and opted to delay filing the Settlement Motion until a final, executed Settlement Agreement could be attached thereto. Despite the one-day's shortened notice, the Debtors believe that, if anything, inclusion of a final, executed Settlement Agreement better positions parties in interest to review, and if necessary, respond, to the Settlement Motion than if the Settlement Motion had included a substantially final form of Settlement Agreement subject to further amendment. The Committee and the Administrative Agent have both been apprised of the Settlement Motion and this Motion to Shorten, and do not object to shortening notice as set forth herein.

3. To minimize any potential prejudice to parties as a result of the one-day's shortening of notice, the Debtors propose that the objection deadline for the Settlement Motion be set for March 31, 2010 at 4:00 p.m., which is one day later than the default objection deadline provided by the Local Rules. Under these circumstances, the Debtor seeks relief from this Court, pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e), to have the Settlement Motion heard on shortened notice as set forth herein.

### NOTICE

4. Notice of the Settlement Motion and this Motion will be served via first-class mail on the Office of the United States Trustee for the District of Delaware; counsel for the Official Committee of Unsecured Creditors; counsel for Bank of America, N.A., as Administrative Agent; and those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no other or further notice is necessary under the circumstances.

DB02:9378150.1                                                                                              066585.1001

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested herein and any further relief the Court may deem just and proper.

Dated: Wilmington, Delaware
March 16, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Debtors and Debtors in Possession