# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., a Delaware corporation, | ) Case No. 07-11047 (CSS) |
| et. al., | ) Jointly Administered |
| | ) |
| Debtors, | ) |
| | ) Objections due March 31, 2010 |
| Paula Rush | ) **Hearing Date: April 6, 2010** |
| Movant, | ) |
| | ) |

**OBJECTION TO SETTLEMENT WITH DEUTSCHE BANK AND DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER AUTHORIZING AND APPROVING STIPULATION BY AND AMONG THE DEBTORS AND DEUTSCHE BANK NATIONAL TRUST CO. IN VARIOUS CAPACITIES RESOLVING CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC, ( F/K/A AH MORTGAGE ACQUISTION CO. INC)**

PAULA RUSH hereby objects to the proposed settlement with Deutsche Bank from the cure escrow or any other form of payment. Deutsche Bank is Indenture Trustee of my loan trust GSR 2006-OA1 and a party to this bankruptcy as an unsecured creditor's committee member.

---

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979);  American Home Mortgage Servicing, Inc.( "AHM Servicing"), aMaryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558);

1

(1) On March 15, 2010 AHM Holdings, a Delaware corporation, and certain of its affiliates, debtors and debtors in possession in the above-captioned cases( collectively, "<u>AHM</u>" or the "<u>Debtors</u>"), filed a motion seeking an order pursuant to Rule 9010(a) of the Federal Rules of Bankruptcy Procedure ( "Bankruptcy Rules") approving a stipulation and settlement by and among the Debtors and Deutsche Bank National Trust Co., in the vague term of various capacities.

(2) This request is pursuant to assumed contracts wherein DBNTC, in its capacity as Trust Administrator and/or Indenture Trustee are a party or under which contracts DBNTC is otherwise entitled to enforce the Debtors' obligations. The amounts requested are to be drawn from the cure escrow fund of $10 million dollars established on or about November 16, 2007. This includes cure amounts and reasonable expenses incurred by counterparty to an assumed contract.

(3) In accordance with the Sale Order, DBNTC filed the Initial Omnibus Cure Claim of Deutsche Bank National Trust Co. as Trust Administrator and/or Indenture Trustee Against Cure Escrow ( D.I. 2223) as supplemented by ( D.I. 2225) and Proof of transfer Cost claim ( D.I. 3973).

(4) DBNTC filed proof of claim #9189 (as supplemented by proof of claim #9972) which set forth DBNTC claims in various capacities against each of the Debtors. The Integrated Proof of Claim was incorporated by reference in proofs of claim #91839188 and #9225.

(5) On March 25, 2009, the Debtors filed an objection to the Sellers' Cure Claims (D.I. 7158).

---

American Home Mortgage Ventures LLC ( "<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ( "<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

2

(6) Of note, the Debtors assert that they desire to avoid the cost of litigation over the Deutsche Bank claims, and the Debtors would like to compromise in light of the costs, uncertainties and risks associated with litigation; however when it comes to my litigation and claims Case No. 07-854, American Home shows no desire to avoid litigation, or to settle any claims, even though several causes of action have been upheld, and I have overwhelming evidence to support my claims. It appears a different standard applies to borrower claims.

## JURISDICTION

(7) This Court has jurisdiction to consider this Motion pursuant to 28 U.SC. §§157 and 1334.

(8) This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

(9) My loan # 1222336 was originated on April 3, 2006 by American Home through several Debtor entities. On April 1, 2007 I tendered a rescission letter to American Home Mortgage Servicing. On April 3, 2007 I filed a lawsuit in District Court in Maryland. On August 6, 2007 that case was stayed due to American Home filing bankruptcy.

(10) On October 31, 2007, a hearing was held on the Motion I filed asking for among other things the true owner of the note. This request was never complied with and the Debtors asserted that they did not have to comply. At this time I had no idea who owned my note. After receiving my loan file just before this hearing, I spent months trying to figure it out. I was forced to cross references bank account numbers that had been published in this case with a number found in my servicing file records. I then had to search SEC filings to confirm the loan trust my loan was purported to be in. It was then that I discovered Deutsche Bank as Indenture Trustee and Goldman Sachs as purchaser and securitizer of my loan.

3

(11)     After the discovery, it became clear that Deutsche Bank sitting on the unsecured c creditors committee, and Goldman Sachs as the next largest shareholder with voting securities, would have had actual knowledge of my efforts to discover their identity. I believe these parties actively engaged in activities which were inappropriate, using insider positions in the bankruptcy case.

(12)     On July18, 2008 I was granted relief from stay to proceed with my case in Federal Court in Greenbelt Maryland before Judge William Nickerson. Due to the bankruptcy of American Home and obfuscation of the true owners of the note, my case has moved slowly.

(13)     On December 3, 2009 the Federal Court in Greenbelt Md., upheld causes of action under Fraud, The Maryland Consumer Protection Act, TILA, and unjust enrichment, with leave to amend the RESPA claims thereby denying American Home's motion to dismiss. The memorandum is attached herewith. I timely filed an amended pleading and the additional causes of action have not yet been ruled on, including adding Deutsche Bank and Goldman Sachs as Defendants. <u>See</u> Exhibit 1

(14)     American Home has made no effort whatsoever to settle this case with me even though I made a reasonable offer as early as July of 2007 through counsel assisting me at the time, John Pica. The offer was to just give me back the loan I was refinanced out of and $30,000 in damages. Pica even offered to waive his fees. TRIAD the insurer on this loan was never notified of that offer. No counter offer occurred, however Weiner Brodsky Sidman Kider did ask me to dismiss my case, stating they would engage in negotiations. This was deception and abuse. Had I dismissed my case at that time, and American Home went into bankruptcy, I would have had no protections.

(15)     During the last three years American Home Servicing, Debtor and new

Ross managed AHMSI, acting as agent for Deutsche Bank and Goldman Sachs, has attempted to convert my home several times. The first in November of 2007, four months after the bankruptcy claiming that MERS as nominee for American Home Mortgage Corporation was the holder of the note ( Case No. 12co6003300). I was forced to file for bankruptcy to protect my home. Subsequently I dropped out to pursue my affirmative action. Despite a rescission letter sent on April 1, 2007 and lawsuit pending in Federal Court, in March of 2009 AHMSI sent a letter stating Citibank was the secured party. After challenging these assertions, in April of 2009, a letter from Bierman Geesing and Ward was sent stating that they were stopping the foreclosure action based on the affirmtive Federal Case. It wasn't until November of 2009, that Bierman Geesing started again to commence foreclosure, only this time it did claim Deutsche Bank as proper party( Case No. 12co9003948), naming the true party in interest Deutsche Bank as Indenture Trustee for GSR 2006-OA1. These parties, Deutsche Bank sitting on the unsecured creditors committee, and Goldman Sachs, next largest shareholder second only the Michael Strauss, remained silent as they watched my lawsuit, my petitions in this Court asking for the true owner of the note, and they safely hid behind the Debtor. **SEE** Exhibit 2

(16)    On Docket #5275, Deutsche Bank reveals they are aware of claims I have against American Home and demands indemnifications for claims against DB, including litigation of Paula Rush. August 11, 2008 I sent a letter directly to all trust parties, including Deutsche Bank demanding they come forward and admit or deny the ownership of the note, and address my issues of rescission and damage claims. No answer ever came. **SEE** Exhibit 3

(17)    It is clear from the ruling in my case in Greenbelt that Judge Nickerson believes that American Home has violated several laws and the documents themselves can't be contradicted. Judge Nickerson stated; the "plaintiff has substantial pretrial evidence."

(18)    One cause of action that has been upheld is fraud. A remedy for fraud is offer treble damages. Movant believes that fraud can't be protected by a bankruptcy filing of American Home and treble damages are warranted in this case, not only because of the fraud in

5

Case 07-11047-CSS   Doc 8732   Filed 04/01/10   Page 6 of 10

origination, but also the misrepresentations and concealment of true owners of the note during the American Home bankruptcy.

An obligation to pay treble damages satisfies the threshold condition that it constitute a "debt." That word is defined as liability on a "claim," §101(12), which in turn is defined as a "right to payment," §101(5)(A), which this Court has said means an enforceable obligation, *Pennsylvania Dept. of Public Welfare* v. *Davenport,* 495 U.S. 552, 559. An award of treble damages is an enforceable obligation of the debtor, and the creditor has a corresponding right to payment. Moreover, the phrase "to the extent obtained by" in §523(a)(2)(A) modifies "money, property, services, or ... credit"–not "any debt"–so that the exception encompasses "any debt ... for money, property, [etc.], to the extent [that the money, property, etc., is] obtained by" fraud.

The Court rejects petitioner's argument that a "debt for" money, property, etc., is necessarily limited to the value of the "money, property, services, or ... credit" the debtor obtained by fraud, such that a restitutionary ceiling would be imposed on the extent to which a debtor's liability for fraud is nondischargeable. That argument is at odds with the meaning of "debt for" in parallel exceptions to discharge set forth in §523(a), which use "debt for" to mean "debt as a result of," "debt with respect to," "debt by reason of," and the like. The Court's reading of §523(a)(2)(A) is also reinforced by the fraud exception's history.

Moreover, §523(a)'s various exceptions from discharge reflect Congress' conclusion that the creditors' interest in recovering full payment of debts in these categories outweighs the debtors' interest in a complete fresh start, see *Grogan* v. *Garner,* 498 U.S. 279, 287. Pp. 4—10.106 F.3d 52, affirmed. O'Connor, J., delivered the opinion for a unanimous Court.

(19)     My claim for loan rescission may be affected by actions taken in this Court by the Debtors and insiders to the bankruptcy. The fact that the true owner of the note had been obfuscated may affect the ability to obtain that remedy against those parties due to statute of limitations. I will argue fraudulent concealment, and notice to agent American Home, however these parties, including Deutsche Bank may have hid themselves long enough to avoid that remedy against them. Some Courts have upheld strict 3 year rescission guidelines. *In re:*

6

*Meyer v. Countrywide* Bankruptcy Case No. 06-13841, of which Deutsche Bank was a party, they argued that at the same time Countrywide would not give the borrower the true owner of the obligation, the statute of limitations had run out.

The extended right of rescission lasts 3 years from the date of the closing of the loan. 12 C.F.R. 226.23(a)(3). *Semar v. Platte Valley Fed. S&L. Assn.*, 791 F.2d 699 (9th Cir. 1986)

(20)    On January 11, 2009, I filed proof of claims #8743 related to litigations pending and recorded Schedule #751121380, which was later supplemented and amended by #10687, #10688, #10689.

(21)    American Home has not objected to that claim or otherwise made any attempts to settle this matter and continues to expend resources to fight the litigation.

(22)    Deutsche Bank is most certainly one of the entities that made margin calls for hundreds of millions of dollars or even billions, and cut off credit lines at the same time, sealing the fate of American Home to bankruptcy.

(23)    On top of those funds already extracted for the benefit of GSR 2006-OA1 Trust Deutsche Bank may have also seized guarantee funds, swap payments, insurance proceeds and through the bankruptcy wants to recover more. Substantial breach and indemnification claims have been made against American Home by Deutsche Bank for the benefit of this Trust and itself as manager of this Trust.

(24)    Deutsche Bank is a member of the unsecured creditors committee and if the plan goes effective, a member of the oversight committee. Deutsche Bank is the Trustee on the Movants Trust, GSR 2006-OA1. This creates a tremendous conflict of interest when it comes to settling a claim. The unsecured creditors committee which included Deutsche Bank also joined in the Debtors objection to ALL petitions Movant has made in this Court.

(25)    Movant notified Deutsche Bank and other trust parties directly on August 11, 2008, and Deutsche Bank has never responded.

(26) American Home Servicing and F/K/A AH Mortgage Acquisition Co., Inc, did not act in good faith, or ever comply with disclosure requests. These entities were acting under contractual agreements as agents for Deutsche Bank.

(27) On October 31, 2007 American Home put a witness on the stand, Mr. Dickman, who openly admitted that AHM does not give the information of the true owners of the notes to borrowers. This is not a choice they get to make.

(28) What role Deutsche Bank played in that decision is unknown, however Deutsche Bank did sit on the unsecured creditors committee who participated in that decision and did nothing to clarify it, or object to it.

Truth in Lending Act 15 U.S.C. Section 1641
 (f) Treatment of servicer (2) Servicer not treated as owner on basis of assignment for administrative convenience A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. **Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.**
(3) "Servicer" defined
For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of title 12.

(29) Did Deutsche Bank improperly use the bankruptcy of American Home to protect itself from borrower claims? Did Deutsche Bank participate by not following Regulation AB guidelines, which require foreclosures are to be done in the name of Deutsche Bank as Indenture Trustee for the certificate holders of GSR 2006-OA1 when the first foreclosure action was filed on November 14, 2007, by Cohn Goldberg Deutsch LLC asserting that American Home Mortgage was the holder of the note. Or did American Home and Deutsche Bank misrepresent ownership of this note at the hearing on October 31, 2007?

(30) Deutsche Bank as Indenture Trustee would have been the correct party in

interest and may have been subject to a right of rescission under TRUTH IN LENDING ACT (TILA) 15 USC 1635. - Right of rescission. Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.

## CONCLUSION

(31)    Movant is entitled to inquiry into what role Deutsche Bank played in preventing a resolution and deflecting liabilities using American Home Mortgage bankruptcy as a front and possibly using an insider position against Movant.

(32)    Movant had planned to petition to equitably subordinate Deutsche Bank claims to her claims, but if Deutsche Bank is settled out that becomes impossible.

(33)    Therefore until Movant is given the opportunity to fully explore misconduct by Deutsche Bank, equitable subordination of claims, and set offs, I object to any estate funds being transferred to Deutsche Bank.

(34)    The bankruptcy has not progressed to a plan becoming effective, and the risk is real that American Home will become insolvent and no recovery will be distributed to unsecured creditors. It is unfair and unjust for American Home to settle with parties who may have played a substantial role in the originations and loan violations I assert, and those same parties actually created the necessity for bankruptcy by making enormous margin calls and cutting off credit lines at the same time. These parties were able to rely on safe harbor laws and those margin calls were never challenged in this Court. I strongly object to this party to my loan extracting any more funds until I can prosecute a subordination claim against them.

(35)    I assert the bankruptcy Court was used as a protective shield to ensure that true owners of the notes were not revealed and borrowers were left to fend for themselves to even ascertain the identity and those same parties use insider positions in the bankruptcy to settle

claims ahead of borrower claimants.

**WHEREFORE**, Movant prays:

a. That the Court deny any settlement for Deutsche Bank until my claims have been settled or until the claim and subordination is fully vetted in this Court;

b. For a hearing on the merits of equitable subordination;

c. To take discovery related to the equitable subordination;

d. For such other and further relief as is to the Court deems just and proper.

_____  Date: 3/31/10

Paula Rush
2651 Peery Drive
Churchville Md. 21028
410-914-5286  443-676-3509
paularush@comcast.net