# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :    Jointly Administered
    Debtors.                                                     :
---------------------------------------------------------------- x

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' FIFTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.  I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Fifty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.  Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Modified Amount Reclassified Claims", "Modified Amount Reclassified Wrong Debtor Claims", "No Documentation Claim", "No Liability Claims", "Reclassified Wrong Debtor Claim", Undetermined Value Claims", and "Undetermined Value Wrong Debtor Claim", as defined in the Objection and identified on Exhibits A, B, C, D, E, F, and G to the Proposed Order, respectively.

3. The information contained in Exhibits A, B, C, D, E, F, and G to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit A to the Proposed Order should be modified to the amounts listed in Exhibit A and reclassified to the priority levels listed in Exhibit A. Accordingly, to prevent the claimants from receiving an unwarranted recovery and undue priority, the Debtors seek to modify and reclassify the Modified Amount Reclassified Claims.

5. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit B to the Proposed Order should be modified to the amounts listed in Exhibit B, reclassified to the priority levels listed in Exhibit B, and reassigned to the new case numbers listed in Exhibit B. Accordingly, to prevent the claimants from receiving an unwarranted recovery and undue priority against the wrong Debtor, the Debtors seek to expunge and disallow in part, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claims.

6. The Debtors have further determined based upon a review of the claims docket and the claim identified on Exhibit C to the Proposed Order that such claim was filed without any supporting documentation, failed to indicate a claimed amount and failed to allege any facts to support either the validity of the claim itself or any amount owed to the claimant. Moreover,

to support either the validity of the claim itself or any amount owed to the claimant. Moreover, the Debtors have made reasonable efforts to reconcile the No Documentation Claim against their books and records and believe such claim does not provide *prima facie* evidence of the validity and/or amount of the claim. Consequently, the Debtors seek to expunge and disallow in full the No Documentation Claim listed in Exhibit C.

7. The Debtors have reviewed the No Liability Claims, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claims identified in Exhibit D to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

8. The Debtors have reviewed their books and records and determined that the claim identified in Exhibit E to the Proposed Order should be reclassified to a different priority level and reassigned to new case numbers as indicated in Exhibit E. Accordingly, to prevent the claimant from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to reclassify and reassign the Reclassified Wrong Debtors Claim.

9. The Debtors have reviewed their books and records and determined the appropriate values that should be affixed to the claims identified in Exhibit F to the Proposed Order, all of which were filed without any claimed amount listed. Accordingly, the Debtors seek to affix the amounts listed in Exhibit F to the Undetermined Value Claims.

10. The Debtors have reviewed their books and records and determined (i) the appropriate value that should be affixed to the claim identified in Exhibit G to the Proposed Order, which was filed without any claimed amount listed and (ii) that the claim identified in Exhibit G should be reassigned to the new case number listed in Exhibit G. Accordingly, the

Debtors seek to affix the amount listed in Exhibit G, and reassign the new case number listed in Exhibit G, to the Undetermined Value Wrong Debtor Claim.

*[Remainder of page intentionally left blank]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 1, 2010

_____
Eileen Wanerka
Assistant Vice President