# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) Jointly Administered |
| et. al., | ) |
| | ) |
| Debtors, | ) |
| | ) Objections due March 31, 2010 |
| David E and Elisabeth Judith Jackson | ) **Hearing Date: April 6, 2010** |
| Movants, | ) |
| | ) |

## OBJECTION TO SETTLEMENT WITH DEUTSCHE BANK AND DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER AUTHORIZING AND APPROVING STIPULATION BY AND AMONG THE DEBTORS AND DEUTSCHE BANK NATIONAL TRUST CO. IN VARIOUS CAPACITIES RESOLVING CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC, ( /FK/A AH MORTGAGE ACQUISTION CO. INC)

## OBJECTION

David E and Elisabeth Judith Jackson hereby object and wish to be heard regarding the

proposed settlement with Deutsche Bank as Trust Administrator and Indenture Trustee of our

loan trust AHMIT 2006-2. This loan was originated and serviced by the debtor and then

The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: American Home Mortgage Holdings, Inc.("AHM Holdings") (6303); American Home Mortgage Investment Corp. ( "AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Investment"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc.( "AHM Servicing"), aMaryland corporation(7257); American Home Mortgage Corp. ("AHM Corp"), a New York corporation (1558); American Home Mortgage Ventures LLC ( "AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ( "Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ( "Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

subsequently serviced by AH Mortgage Acquisitions (AHMSI).

**Movants respectfully represents to the Court as follows:**

(1) On March 15, 2010 AHM Holdings, a Delaware corporation, and certain of its

affiliates, debtors and debtors in possession in the above-captioned cases( collectively, "AHM"

or the "Debtors"), filed a motion seeking an order  pursuant to Rule 9010(a) of the Federal Rules

of Bankruptcy Procedure ( "Bankruptcy Rules") approving a stipulation and settlement by and

among the Debtors and Deutsche Bank National Trust Co., in the vague term of various

capacities.

(2) This request is pursuant to assumed contracts wherein DBNTC, in its capacity as

Trust Administrator and/or Indenture Trustee is a party or under which contracts DBNTC is

otherwise entitled to enforce the Debtors' obligations. The amounts requested are to be drawn

from the cure escrow fund of $10 million dollars established on or about November 16, 2007.

This includes cure amounts and reasonable expenses incurred by counterparty to an assumed

contract.

(3) In accordance with the Sale Order, DBNTC filed the Initial Omnibus Cure Claim

of Deutsche Bank National Trust Co. as Trust Administrator and/or Indenture Trustee Against

Cure Escrow ( D.I. 2223) as supplemented by ( D.I. 2225) and Proof of transfer Cost claim ( D.I.

3973).

2

(4) DBNTC filed proof of claim #9189 (as supplemented by proof of claim #9972) which set forth DBNTC claims in various capacities against each of the Debtors. The Integrated Proof of Claim was incorporated by reference in proofs of claim #91839188 and #9225. DBNTC also filed claim #9950 ( the "AHMIT 2006-2 Transition Claim"), which asserted a claim related to the transition of servicing for the AHMIT 2006-2 transaction.

(5) On March 25, 2009, the Debtors filed an objection to the Sellers' Cure Claims (D.I. 7158).

(6) Interestingly, the Debtors assert that they desire to avoid the cost of litigation over the Deutsche Bank claims, and the Debtors would like to compromise in light of the costs, uncertainties, and risks associated with litigation. However when it comes to borrowers claims, American Home shows no desire to avoid litigation, or to settle any claims, even though in many cases the very property the borrower owns hangs in the balance. American Home seeks only to avoid addressing the borrower claims.

## JURISDICTION

(7) This Court has jurisdiction to consider this Motion pursuant to 28 U.SC. §§157 and 1334.

(8) This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is proper

3

in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

(9) On April 24, 2009 David E and Elisabeth J Jackson ("Movants"), party in

interest

herein, moved this Court for an order terminating or annulling the automatic stay (Docket

#7319), imposed in this case by § 362(a) of Title 11, United States Code, to permit Movants to

file a complaint against various Debtor entities.  The Motion was denied therefore the Jackson's

have no choice but to settle claims through the claims administration process.

---

(10)    On January 23, 2009 David E and Elisabeth Judith Jackson filed a proof

of claim #10713 and on May 22, 2009 #10714, #10715, #10716, #10717.

(11)    American Home has not objected to that claim or otherwise made any

attempts to settle this matter despite repeated attempts in good faith that have been undertaken by

us.

(12)    It was American Home who fought to liquidate these claims in this Court.

Since that time, Movants contend that American Home has made no affirmative efforts to settle

the claim, or to move forward to object to the claim so that the Jackson's could have an

evidentiary hearing to determine the fate of the claims. In fact, all attempts at good faith

negotiations with American Home since this began have failed with no result.

(13)    The originator of this mortgage loan #0001215617 on property known as

12787 Lavender Keep Circle Fairfax VA 22033 (Jackson property) was American Home

and all parties to the American Home Mortgage Investment Trust 2006-2, which included

4

Deutsche Bank.

(14)    Deutsche Bank is most certainly one of the entities that made margin calls for hundreds of millions of dollars or even billions, and cut off credit lines at the same time, sealing the fate of American Home to bankruptcy.

(15)    On top of those funds already extracted for the benefit of AHMIT 2006-2 Trust, Deutsche Bank may have also seized guarantee funds, swap payments, insurance proceeds and through the bankruptcy wants to recover more. Substantial breach and indemnification claims have been made against American Home by Deutsche Bank for the benefit of this Trust and itself as manager of this Trust.

(16)    Deutsche Bank is a member of the unsecured creditors committee and if the plan goes effective, a member of the oversight committee. Deutsche Bank is the Trustee on the Movants Trust, AHMIT 2006-2. This creates a tremendous conflict of interest when it comes to settling a claim. The unsecured creditors committee which included Deutsche Bank also joined in the Debtors objection to the Jackson's motions for relief from stay and for a proof of claim.

## TRUST INFORMATION TAKEN OFF SEC FILINGS FOR AHMIT 2006-2

### THE TRUST
**American Home Mortgage Investment Trust 2006-2** (Subject) (**0001365771**)
IRS No.: | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **FWP** | Act: **34** | File No.: **333-131636-01** | Film No.: **06935311**
SIC: **6189** Asset-Backed Securities

Commission File Number of issuing entity: **333-131636-01 American Home Mortgage Investment Trust 2006-2** (Exact name of issuing entity as specified in its charter)

Business Address             Mailing Address

520 BROADHOLLOW RD      520 BROADHOLLOW ROAD
MELVILLE NY 11747        MELVILLE NY 11747
(516) 620-1072

| | |
|---|---|
| Issuing Entity or Trust | American Home Mortgage Investment Trust 2006-2. Mortgage-Backed Notes, Series 2006-2. |
| Title of Series | |
| Cut-off Date | With respect to the mortgage loans <u>June 1, 2006</u> and the HELOCs, <u>June 20, 2006</u>. |
| Closing Date | On or about <u>June 30, 2006</u>. |
| Depositor | American Home Mortgage Securities LLC. |
| Sponsor | American Home Mortgage Acceptance, Inc., an affiliate of the depositor and the RMBS Servicer, and one or more special purpose entities established by American Home Mortgage Acceptance, Inc. or one of its subsidiaries. |
| RMBS Master Servicer | Wells Fargo Bank, N.A. |
| RMBS Servicer | American Home Mortgage Servicing, Inc. |
| Indenture Trustee | **<u>Deutsche Bank Trust Company Americas.</u>** |
| Securities Administrator | Wells Fargo Bank, N.A. |

This Note is one of a duly authorized issue of the Issuing Entity's Mortgage-Backed Notes, Series 2006-2 (the *"Notes"*), issued under an <u>Indenture</u> dated as of <u>June 30, 2006</u> (the *"<u>Indenture</u>"*), between the Issuing Entity, Deutsche Bank Trust Company Americas, as <u>indenture</u> trustee (the *"<u>Indenture</u> Trustee"*) Wells Fargo Bank, N.A., as securities administrator (the *"Securities Administrator"*)

(17)      Movants originally tried to negotiate with American Home Servicing at 4600 Regent Boulevard, Suite 200 <u>Irving, TX 75063</u> BEFORE THE FINAL TRANSFER and during the bankruptcy, and negotiations continued after the unit transferred to Wilbur Ross and AH Mortgage Acquisition Co., Inc., an affiliate of WL Ross & Co. LLC ( New Owner of American Home Servicing after 4/11/08)1166 Avenue of the Americas New York  New York 10036.

6

(18)    American Home Servicing and FKA AH Mortgage Acquisition Co., Inc, did not act in good faith, or ever comply with disclosure requests. These entities were acting under contractual agreements as agents for Deutsche Bank.

(19)    American Home Mortgage Servicing did not respond to Movant's RESPA "qualified written requests" and request for disclosure required under TILA 1641 (f)(2), Sent on May 10, 2008 obfuscating information to hide and protect ALL parties to the TRUST, including Deutsche Bank. In the RESPA letter we demanded the true owner of the note under the TRUTH IN LENDING ACT (TILA) 15 USC 1641, and other relief such as the rescission of the loan.

This request was sent to:

**American Home Mortgage Compliance**
John Kalas Senior Vice President
Deputy General Counsel
538 Broadhollow Road
Melville NY 11747

**AH Mortgage Acquisition Co., Inc., an affiliate of**
**WL Ross & Co. LLC**
1166 Avenue of the Americas
New York  New York 10036

**American Home Mortgage Servicing**
ATTEN: David Friedman
4600 Regent Boulevard, Suite 200
Irving, TX 75063

(20)    On October 31, 2007 American Home put a witness on the stand openly admitting that they did not give the information of the true owners of the notes to borrowers.

(21)    What role Deutsche Bank played in that decision is unknown, however Deutsche Bank did sit on the unsecured creditors committee who participated in that decision and did nothing to clarify it, or object to it.

7

Truth in Lending Act 15 U.S.C. Section 1641

 (f) Treatment of servicer (2) Servicer not treated as owner on basis of assignment for administrative convenience A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. **Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.**

(3) "Servicer" defined

For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of title 12.

(22)                          American Home the Debtor, or FKA AH Mortgage

Acquisitions, never responded to our RESPA letter informing us who was in fact the true holder

or master servicer of our loan.  So on or about March, 2008 we hired Paula Rush to find

our note in an American Home Mortgage securitization.

(23)                          Rush discovered that our loan was held in AHMIT

2006-2 and that Deutsche Bank was the Indenture Trustee. As such we believe that if our claim

was litigated in this Court, and found to be valid, we could assert a claim for equitable

subordination of the claims of Deutsche Bank.

(24)          Did Deutsche Bank improperly use the bankruptcy of American Home to

protect itself from borrower claims? According to Regulation AB guidelines, foreclosures are to

be done in the name of Deutsche Bank as Indenture Trustee for the certificate holders of (Trust

Name).

25     Deutsche Bank as Indenture Trustee would have been the correct party in

interest and may have been subject to a right of rescission under TRUTH IN LENDING ACT

(TILA) 15 USC 1635. - Right of rescission. Any consumer who has the right to rescind a

8

transaction under section 1635 of this title may rescind the transaction as against any assignee
of the obligation.

## CONCLUSION

**26**    Movants have exhausted every other avenue for resolution, and it is
abundantly clear, that Movants may have to obtain discovery, and prosecute a claim against
American Home.

27    Therefore until we are given the opportunity to fully defend our claim against
American Home and Deutsche Bank, we object to any estate funds being transferred to Deutsche
Bank.

28    American Home has ignored our claim, and as this bankruptcy has not
progressed to a plan becoming effective, the risk is real that American Home will become
insolvent and no recovery will be distributed to unsecured creditors. It is unfair and
unjust for American Home to settle with parties who may have played a substantial role in the
loan violations we assert, as they were in conspiracy with American Home funding and
purchasing the notes.

29    We assert the bankruptcy Court was used as a protective shield to ensure
that true owners of the notes were not revealed and borrowers were left to fend for themselves to
even ascertain the identity and those same parties use insider positions in the bankruptcy to settle
claims ahead of borrower claimants.

**WHEREFORE,** Movants pray:

a.    That the Court deny any settlement for Deutsche Bank until our claims have been

settled or until our claim is fully vetted in this Court;

    b.  For a hearing on the merits of our claims, date to be determined;

    c.  To take discovery related to the prosecution of our claim;

    d.  For such other and further relief as is to the Court deems just and proper.


_____ Date: 3 / 3 0 / 0
David E Jackson

_____ Date: 3/30/10
Elisabeth Judith Jackson

David E and Elisabeth Judith Jackson
12787 Lavender Keep Circle Fairfax VA 22033
703-378-6750
EJJsInSIGHTs@aol.com

10

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| AMERICAN HOME MORTGAGE | ) |
| HOLDINGS, INC., a Delaware corporation, | ) |
| et. al., | ) Case No. 07-11047 (CSS) |
| | ) Jointly Administered |
| Debtors, | ) |
| | ) |
| | ) |
| David E and Elisabeth Judith Jackson | ) |
| | ) |
| Movants | ) |

**ORDER DENYING**

**MOTION FOR SETTLEMENT ON CURE CLAIMS OF DEUTSCHE BANK**

Upon consideration of the **MOTION FOR SETTLEMENT ON CURE CLAIMS OF DEUTSCHE BANK** (the "Motion") proposed by Debtors American Home, and adequate notice was sufficient and proper; and sufficient cause appearing therefore; it is hereby:

ORDERED that the Motion is DENIED; and it is further;

ORDERED that a evidentiary hearing is scheduled for _____, 2010 on the Jackson's Claims; and it is further;

ORDERED that discovery shall commence on _____and be concluded on_____ and that the Debtors shall fully cooperate with such discovery.

Dated;_____        _____
                      The Honorable Christopher S. Sontchi
                      United States Bankruptcy Judge

11