IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
      Debtors.                                                         :
                                                                       :   Ref. Docket Nos. 8652
                                                                       :
---------------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL SUBMITTING STIPULATED ORDER RESOLVING DEBTORS' SUBSTANTIVE OBJECTION TO SWAP AGREEMENT CLAIM OF THE ROYAL BANK OF SCOTLAND PLC (CLAIM NO. 8963)

The undersigned counsel to the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.      On January 11, 2008, The Royal Bank of Scotland PLC ("RBS"), through its agent Greenwich Capital Markets, Inc. ("Greenwich Capital"), filed proof of claim number 8963 (the "Swap Claim"). The Swap Claim was filed against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048).

2.      Pursuant to the Swap Claim, RBS asserts a general unsecured claim for $5,203,128, preserves its right of setoff arising from the Swap Agreement,[2] and reserves the right to assert that the Swap Collateral is returnable in full as either assets not property of the estate or as satisfaction of a non-dischargeable claim.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     Capitalized terms not defined herein shall have the meaning ascribed to them by Debtors' Substantive Objection to Swap Agreement Claim of Royal Bank of Scotland PLC (Claim No. 8963) [Docket No. 8652].

3.      On March 5, 2010, the Debtors filed *Debtors' Substantive Objection to Swap Agreement Claim of The Royal Bank of Scotland PLC (Claim No. 8963)* [Docket No. 8652] (the "Objection"). By the Objection, the Debtors requested, *inter alia*, that the Court classify the Swap Claim as general unsecured and limit RBS's recovery on the Swap Claim and under the Swap Agreement to its *pro rata* share as a general unsecured creditor.

4.      The hearing to consider the relief requested in the Objection was scheduled for April 6, 2010 at 10:30 a.m. (ET). Responses to the Objection are due on or before March 30, 2010 at 4:00 p.m. (ET) (the "Response Deadline"). Prior to the Response Deadline, the Debtors entered into discussions with RBS in an attempt to reach a consensual resolution of the Objection.

5.      As a result of these discussions and good faith negotiations, the Debtors and RBS (collectively, the "Parties") have agreed to the proposed form of stipulated order (the "Stipulated Order") attached hereto as Exhibit A. Subject to Court approval, the Stipulated Order provides for, *inter alia*, the following: (i) the Swap Claim shall be allowed as a general unsecured claim in the total amount of $5,203,128 against AHMIC (Case No. 07-11048); (ii) RBS shall remove any reservation of rights to assert any other priority or right to repayment on the Swap Claim or relating to the Swap Agreement and shall be limited to its *pro rata* share as a general unsecured creditor under the Plan; and (iii) the Debtors shall remove any reservation of rights to reduce the amount of the Swap Claim from $5,203,128.

6.      The Parties have consented to the entry of the Stipulated Order and the Debtors submit that the Stipulated Order is appropriate and consistent with the agreement between the Parties.

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter the Stipulated Order at its earliest convenience.

Dated: April 6, 2010
    Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT A

**Proposed Stipulated Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------- x
In re:                                                : Chapter 11
                                                      :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                    :
                                                      : Jointly Administered
    Debtors.                                          :
                                                      : **Ref. Docket Nos. 8652**
---------------------------------------------------------------------------- x

## STIPULATED ORDER RESOLVING DEBTORS' SUBSTANTIVE OBJECTION TO SWAP AGREEMENT CLAIM OF THE ROYAL BANK OF SCOTLAND PLC (CLAIM NO. 8963)

WHEREAS, on January 11, 2008, The Royal Bank of Scotland PLC ("RBS"), through its agent Greenwich Capital Markets, Inc. ("Greenwich Capital"), filed proof of claim number 8963 (the "Swap Claim");

WHEREAS, the Swap Claim was filed against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048);

WHEREAS, pursuant to the Swap Claim, RBS asserts a general unsecured claim for $5,203,128, preserves its right of setoff arising from the Swap Agreement,[2] and reserves the right to assert that the Swap Collateral is returnable in full as either assets not property of the estate or as satisfaction of a non-dischargeable claim;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them by Debtors' Substantive Objection to Swap Agreement Claim of Royal Bank of Scotland PLC (Claim No. 8963) [Docket No. 8652].

2

WHEREAS, on March 5, 2010, the Debtors filed *Debtors' Substantive Objection to Swap Agreement Claim of The Royal Bank of Scotland PLC (Claim No. 8963)* [Docket No. 8652] (the "Objection");

WHEREAS, by the Objection, the Debtors requested, *inter alia*, that the Court classify the Swap Claim as general unsecured and limit RBS's recovery on the Swap Claim to its *pro rata* share as a general unsecured creditor under the Plan;

WHEREAS, the Debtors and RBS (collectively, the "Parties") have conferred regarding a potential resolution of the Swap Claim and the Objection.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.  The Objection with respect to the Swap Claim is resolved and the Swap Claim shall receive the treatment as set forth herein.

2.  The Debtors agree that the Swap Claim shall be allowed as a general unsecured claim in the total amount of $5,203,128 against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048) and the Debtors will remove any reservation of rights to seek to reduce the Swap Claim.

3.  RBS removes any reservation of right to assert any other priority or right to payment, other than distributions as a general unsecured creditor under the Plan, relating to the Swap Claim or the Swap Agreement.

4.  Except with respect to the rights, claims and obligations arising under this Stipulation, upon the Court's approval of this Stipulation, RBS and the Debtors do hereby fully release and discharge each other, and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them,

3

from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating solely to the Swap Claim and the Swap Agreement, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties. This Stipulation is intended to relate only to the Swap Claim and the Swap Agreement.

5. Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

6. This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

7. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

8. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

*[Remainder of page intentionally left blank]*

STIPULATED AND AGREED this 6th day of April, 2010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*


Dickstein Shapiro LLP

_____
Brian Goldberg, Esq.
Dickstein Shapiro LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6752
Facsimile: (917) 591-3476

*Counsel for The Royal Bank of Scotland PLC*


SO ORDERED:

Dated: Wilmington, Delaware
          _____, 2010

        CHRISTOPHER S. SONTCHI
        UNITED STATES BANKRUPTCY JUDGE