## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
In re:                                        :    Chapter 11
                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,        :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,               :
                                              :    Jointly Administered
                                              :
                Debtors.                      :    Ref. Docket No.: ___
                                              :
------------------------------------------------------------------- x
```

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR AN ORDER AUTHORIZING AND APPROVING STIPULATION BY AND AMONG THE DEBTORS AND WELLS FARGO BANK, N.A., (I) RESOLVING CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) PARTIALLY RESOLVING CERTAIN PROOFS OF CLAIM

Upon consideration of the motion (the "Motion") of the above-captioned debtors

and debtors-in-possession (the "Debtors"), pursuant to section 105(a) of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the

*Stipulation By and Among the Debtors and Wells Fargo Bank, N.A., (I) Resolving Cure Claims*

*Asserted in Connection With the Assumption and Assignment of Certain Loan Servicing*

*Agreements to American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co.,*

*Inc. and (II) Partially Resolving Certain Proofs of Claim*, attached hereto as Exhibit A (the

"Stipulation");[1] and it appearing that the relief requested is in the best interests of the Debtors'

estates, their creditors and other parties in interest; and all parties in interest having been heard or

having had the opportunity to be heard; and it appearing that this proceeding is a core proceeding

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

under 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation attached hereto as <u>Exhibit A</u> is hereby APPROVED as modified herein

3.      Notwithstanding paragraph 1 of the Stipulation, by agreement of the Parties, the Stipulation is, and shall remain, valid and binding notwithstanding the fact that this order was entered more than thirty (30) days after execution of the Stipulation by all the Parties.

4.      In accordance with the Stipulation, (i) proof of claim #9233 shall be allowed in part as a general unsecured claim in the amount of $162,602 against AHM Acceptance; (ii) proof of claim #9234 shall be allowed in part as a general unsecured claim in the amount of $555,801 against AHM SV; (iii) proof of claim #9235 shall be allowed in part as a general unsecured claim in the amount of $162,602 against AHM Corp.; and (iv) proof of claim #9236 shall be disallowed and expunged.

5.      Capital One, N.A., successor by merger to North Fork Bank, the escrow agent (the "<u>Escrow Agent</u>") under the Cure Escrow Agreement, is hereby directed to deliver via wire transfer, pursuant to wire instructions to be provided by Wells Fargo, the sum of $298,145 to Wells Fargo from the Cure Escrow account within five (5) business days after entry of this Order.

6.      In accordance with the Cure Escrow Agreement, the Escrow Agent is authorized to release the funds from the Cure Escrow as set forth herein.

7.      Upon receipt of the funds as set forth herein, Wells Fargo's claim against

2

the Cure Escrow shall be satisfied in full.

        8.     The Parties are hereby authorized to take all actions and execute all documents or instruments necessary to carry out the provisions of the Stipulation.

        9.     Notwithstanding the 10-day stay provided in Bankruptcy Rule 6004(h), this Order shall become effective immediately upon entry by this Court.

        10.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       May ___, 2010

                                       _____
                                        CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE

DB02:9479224.1                                                    066585.1001

**<u>Exhibit A</u>**

**The Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------- x
In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                          :
                                                          :    Jointly Administered
Debtors.                                                  :
                                                          :    Ref. Dkt. Nos. 1711, 2166, 2229, 2585,
                                                          :    3974 & 7157
--------------------------------------------------------- x
```

**STIPULATION BY AND AMONG THE DEBTORS AND WELLS FARGO
BANK, N.A., (I) RESOLVING CURE CLAIMS ASSERTED IN CONNECTION
WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN
SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE
SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.)
AND (II) PARTIALLY RESOLVING CERTAIN PROOFS OF CLAIM**

This stipulation (the "Stipulation") is entered into by and among AHM Holdings

and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), and Wells Fargo Bank, N.A., in various capacities ("Wells Fargo" and, collectively

with the Debtors, the "Parties"), by and through their undersigned counsel.

**RECITALS**

WHEREAS, On August 6, 2007 (the "Petition Date"), the Debtors filed an

emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their

mortgage loan servicing business (the "Servicing Business"), including the assumption and

assignment of certain executory contracts;

---

*       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303);
American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American
Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a
American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home
Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York
corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS the Assumed Contracts included certain contracts (i) to which Wells Fargo, in its capacity as Master Servicer, Securities Administrator, and/or Indenture Trustee is a party or (ii) under which Wells Fargo is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed Wells Fargo Agreements");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor merger by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, in accordance with the Sale Order, Wells Fargo timely filed (i) the *Initial Omnibus Cure Claim of Wells Fargo Bank, N.A., as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee Against Cure Escrow* [D.I. 2229]

---

[1]        Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

2

(the "Initial Cure Claim"), (ii) the *Objection of Wells Fargo Bank, N.A. to the Notice of Interim Cure Period Schedule* [D.I. 2585] (the "Interim Cure Claim"), and (iii) the *Transfer Claim of Wells Fargo Bank, N.A., as Master Servicer, Securities Administrator, Trust Administrator and/or Indenture Trustee* filed on May 7, 2008 [D.I. 3974] (the "Transfer Cost Claim" and, together with the Initial Cure Claim and the Interim Cure Claim, the "Sellers' Cure Claims"), which asserted aggregate claims of $691,278 as a Sellers' Cure Amount;

WHEREAS, Wells Fargo, as Trustee, timely filed proofs of claim ## 9233, 9234, 9235, and 9236 (collectively, the "Proofs of Claim") against AHM Acceptance, AHM SV, AHM Corp., and AHM Holdings, respectively, in which it asserted claims (i) for repurchase obligations related to alleged breaches of representations/warranties and early payment defaults and for known and unknown document deficiencies; and (ii) for indemnification of outside legal fees and expenses and internal default management fees and expenses;

WHEREAS, on March 25, 2009, the Debtors filed an objection to the Sellers' Cure Claims [D.I. 7157];

WHEREAS, on October 13, 2009, the Debtors filed its 44th omnibus claim objection [D.I. 8174] (the "Omnibus Objection"), which included objections to the Proofs of Claim;

WHEREAS, the Parties desire to avoid costly litigation over the remaining portions of the Sellers' Cure Claims and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

3

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1.    **Effectiveness**.  This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation and authorizing the Cure Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to Wells Fargo from the Cure Escrow.  As soon as practicable following execution of this Stipulation by all Parties, the Debtors shall file a motion seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h).  If the Approval Order is not entered within thirty (30) days after execution of this Stipulation by all Parties, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

2.    **Allowed Cure Claim.**  Upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $298,145 (the "Allowed Cure Claim"). The Allowed Cure Claim shall be paid to Wells Fargo from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by Wells Fargo.

3.    **Withdrawal of Omnibus Objection**.  Effective upon entry of the Approval Order, the Omnibus Objection shall be deemed withdrawn with prejudice as to the Proofs of Claim.

4.    **Claims Against AHM Acceptance, AHM SV, and AHM Corp**. Effective upon entry of the Approval Order, (i) proof of claim #9233 shall be allowed in part as a general unsecured claim in the amount of $162,602 against AHM Acceptance; (ii) proof of claim

4

#9234 shall be allowed in part as a general unsecured claim in the amount of $555,801 against AHM SV; and (iii) proof of claim #9235 shall be allowed in part as a general unsecured claim in the amount of $162,602 against AHM Corp.

5.    **Claim Against AHM Holdings**.  Effective upon entry of the Approval Order, proof of claim #9236 shall be disallowed and expunged.

6.    **Release by Wells Fargo.**  Effective upon Wells Fargo's receipt of payment of the Allowed Cure Claim from the Cure Escrow, Wells Fargo, on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or the Cure Escrow arising out of or relating to the Assumed Wells Fargo Agreements, or asserted in the Proofs of Claim (including, without limitation, as administrative priority claims pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code), whether such claims and/or causes of action are known or unknown at this time, fixed or contingent, liquidated or unliquidated; provided, however, that Wells Fargo does not waive or release any claims allowed pursuant to this Stipulation.

7.    **No Evidence**.  The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

8.    **Successors.**  This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

9.    **Entire Agreement.**  This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

10.   **Descriptive Headings.**  Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

11.   **Governing Law; Jurisdiction.**  This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended.  The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

12.   **Construction.**  The Parties have cooperated in the drafting and preparation of this Stipulation.  Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

13.   **Execution in Counter-Parts and By Telecopy.**  This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument.  This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[SIGNATURE PAGE FOLLOWS]

6

Dated:    Wilmington, Delaware
            March 29, 2010

                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                  Sean M. Beach (No. 4070)
                                  ＊Patrick A. Jackson (No. 4976)
                                  The Brandywine Building
                                  1000 West Street, 17th Floor
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 571-6600
                                  Facsimile: (302) 571-1253

                                  Counsel for Debtors and Debtors in Possession

Dated:    Chicago, Illinois
            March **31**, 2010

                                  CHAPMAN AND CUTLER LLP

                                  Franklin H. Top, III
                                  111 West Monroe Street
                                  Chicago, IL 60603
                                  Telephone: (312) 845-3824

                                  Counsel for Wells Fargo Bank, N.A.,
                                  in various capacities