## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------ x
In re:                                                    :   Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                    :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                          :
                                                          :   Jointly Administered
          Debtors.                                        :
                                                          :
------------------------------------------------------------------------ x
```

### CERTIFICATION OF COUNSEL SUBMITTING STIPULATION REGARDING PROPOSED ORDER MODIFYING AUTOMATIC STAY TO ALLOW RUTH D. LIEST TO PROCEED WITH PENDING STATE COURT ACTION

The undersigned counsel to the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.      On or about February 21, 2008, Ruth D. Liest ("Conservatee"), by and through her conservator the Santa Cruz County Public Guardian (the "Conservator"), commenced that certain action captioned *Liest v. Anne Crawley-Putz et al.* (CISCV 169521) in the Superior Court of California (the "Action").  The Conservatee, through the Conservator, seeks to file an amended complaint entitled *Liest v. Goldman Sachs Mortgage Company et al.* (the "Amended Complaint") against Goldman Sachs Mortgage Company and other non-debtor defendants (collectively, the "Non-Debtor Defendants") alleging damages on account of the Non-Debtor Defendants' negligence and wrongdoing in connection with several deed transfers

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

and a residential mortgage loan transaction involving real property located at 1446 Laurel Street,

Santa Cruz, California (the "Property").

2.      The Debtors are advised by counsel for the Conservator that Conservatee,

a ninety-three year old woman residing in California, cannot personally represent her interests in

the Action because of her advanced age and mental condition.  The Conservator serves as

Conservatee's Probate Conservator pursuant to an order of the Santa Cruz County Superior

Court (Santa Cruz Superior Court No. PR44038).  The Conservator has the authority to represent

Conservatee's interests in the Action pursuant to Letters of Conservatorship issued on February

21, 2007.

3.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each

Debtor is continuing to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Pursuant to 11 U.S.C. § 362, the

commencement or continuation of any action against the Debtors was automatically stayed as of

the Petition Date.

4.      Counsel to the Conservator contacted counsel to the Debtors seeking a

potential modification of the automatic stay as it pertains to the Action.  Specifically, counsel for

the Conservator seeks an order from the Bankruptcy Court modifying the automatic stay to allow

Conservatee to file the Amended Complaint to allow her to pursue a claim to quiet title on the

Property as against Debtor American Home Mortgage Corp. ("AHM Corp") (Case No. 07-

11051) and all other claims as against the Non-Debtor Defendants.  A copy of the proposed

Amended Complaint is attached hereto as Exhibit A.

2

5.      With respect to AHM Corp., the Amended Complaint contains a single cause of action to quiet title against whatever claims AHM Corp. may have in Property.  By the Amended Complaint, the Conservatee alleges that AHM Corp. and the Non-Debtor Defendants have no right, title, estate, lien or interest in the Property.  *See* Amended Complaint – First Cause of Action.

6.      The Debtors agree that neither AHM Corp. nor any other Debtor has any legal or equitable interest in the Property since the mortgage loan applicable to the Property was sold by AHM Corp. to Goldman Sachs Mortgage Company (or an affiliate thereof) on or about June 1, 2006.  Nonetheless, AHM Corp. must be named as a defendant in the Action as a matter of California state law because AHM Corp. is a beneficiary on a deed of trust recorded on the chain of title of the Property.

7.      Because the Debtors admittedly have no title, right or interest in the Property, the Debtors consent to a modification of the automatic stay only to the extent which would allow the Conservatee to file the Amended Complaint and to proceed with the Action to quiet title as against AHM Corp. and prosecute all causes of action as against the Non-Debtor Defendants; provided, however, that such modification shall not be construed to permit nor does it permit either the Conservatee or any Non-Debtor Defendant to attempt to either recover any damages or assert any claims or causes of action against AHM Corp. other than Conservatee's claim to quiet title on the Property.

8.      The terms of the agreement between the Debtors and the Conservator to seek an order of the Bankruptcy Court modifying the automatic stay as set forth herein are embodied in the stipulation (the "Stipulation") attached as Exhibit 1 to the proposed order (the "Order"), attached hereto as Exhibit B.  The Debtors respectfully submit that the relief requested by this certification and the proposed Order is essentially the same as the relief granted by the

Court by order dated April 11, 2008 [Docket No. 3691] pursuant to which the Debtors are

permitted to consent to modifications of the automatic stay to permit certain mortgage

foreclosure proceedings in which the Debtors have no economic interest in the subject mortgage

loan to commence or continue.  Here, not only do the Debtors have no economic interest in the

Property, they have no legal or equitable interests in the Property and the Conservatee named

AHM Corp. as a defendant solely to comply with California state law.

WHEREFORE, based on the foregoing, the Debtors respectfully request that the

Court enter the Order approving the Stipulation at its earliest convenience.

Dated: April 12, 2010
      Wilmington, Delaware

          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

          */s/ Michael S. Neiburg*
          Sean M. Beach (No. 4070)
          Michael S. Neiburg (No. 5275)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, Delaware  19801
          Telephone: (302) 571-6756
          Facsimile: (302) 571-1253

          Counsel to the Debtors and Debtors in Possession

    

## EXHIBIT A

**Amended Complaint**

DANA McRAE (142231)
County Counsel, County of Santa Cruz
TAMYRA RICE (127931)
Assistant County Counsel,
Office of the County Counsel
701 Ocean Street, Room 505
Santa Cruz, California  95060
Telephone: (831) 454-2040
Fax: (831) 454-2115

THE LAW OFFICE OF SIMMONS & PURDY
Pamela D. Simmons (SBN:160523)
William D. Purdy III (SBN: 96027)
2425 Porter St., Suite 10
Soquel CA 95073-2454
Telephone: (831) 464-6884
Facsimile: (831) 464-6886

Attorneys for Plaintiff Santa Cruz County
Public Guardian As Conservator of Ruth D. Liest

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ

| | |
|---|---|
| RUTH D. LIEST, By And Through Her Conservator Santa Cruz County Public Guardian,<br><br>          Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS MORTGAGE COMPANY, ANNE CRAWLEY-PUTZ, GERHARDT PUTZ, AMERICAN HOME MORTGAGE CORPORATION,  STEWART TITLE COMPANY f/k/a Santa Cruz Title Company; and Does 1 through 20 inclusive,<br><br>          Defendants. | Case No. CISCV 159521<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1.   Quiet Title;<br><br>2.   Abuse of an Elderly Person;<br><br>3.   Breach of Fiduciary Duty;<br><br>4.   Fraud;<br><br>5.   Aiding and Abetting;<br><br>6.   Negligence;<br><br>7.   Violation of Bus. & Prof. Code § 17200, *et seq.* |

-1-

FIRST AMENDED COMPLAINT

## I.    <u>INTRODUCTION</u>

1.    This is an action for elder abuse and quiet title brought on behalf of conservatee Ruth D. Liest, hereinafter "conservatee", whose only major asset, her residence, was encumbered as a result of Defendants' wrongdoing and negligence. Defendant Anne Crawley-Putz obtained a $300,000.00 loan from Defendant American Home Mortgage Corporation, through the assistance of Defendant Stewart Title, by offering conservatee's residence as collateral.  Conservatee suffers from senile dementia and because of her dementia, conservatee lacked the mental capacity to consent to any of the financial decisions Defendants put to her.

2.    Defendants' conduct amounted to abuse of the elderly and could not have occurred but for the assistance of Stewart Title Company f/k/a Santa Cruz Title Company.

## II.    <u>PARTIES</u>

### A.    **Plaintiff**

3.    Conservatee Ruth D. Liest was born on March 30, 1916 and is presently 93 years old.  At all times mentioned in this complaint, Conservatee was an adult resident of the County of Santa Cruz, State of California.  The financial abuse of conservatee alleged herein occurred in the County of Santa Cruz, State of California.

4.    Conservatee is owner of and resides at her residence which is commonly described at 1446 Laurel Street, Santa Cruz, California, hereinafter "the property".  The legal description of the property is attached as Exhibit A.

5.    Conservatee cannot personally represent her interests in this litigation because of her advanced age and mental condition.  The Santa Cruz County Public Guardian serves as conservatee's Probate Conservator pursuant to an order of the Santa Cruz County Superior Court (Santa Cruz Superior Court No. PR44038).  The Santa Cruz County Public Guardian has the authority as

conservator to represent conservatee's interests in this action pursuant to Letters of Conservatorship issued on February 21, 2007.

**B.    Defendants**

6.    Defendant Anne Crawley-Putz, hereinafter "Crawley-Putz", is an individual and at all times mentioned herein was a resident of Santa Cruz County, California.

7.    Defendant Gerhardt Putz, hereinafter "Putz", is an individual and at all times mentioned herein was a resident of Santa Cruz County, California.

8.    Defendant Stewart Title Company f/k/a Santa Cruz Title Company, hereinafter "Stewart Title", is a subsidiary of Stewart Information Services and is in the business of providing title insurance and escrow services in Santa Cruz County through offices located in the cities of Santa Cruz, Capitola, Aptos, Scotts Valley and Watsonville.

9.    Defendant American Home Mortgage Corporation, hereinafter "AHMC", is or was at all times mentioned herein, duly organized and existing as a corporation under the laws of the State of California.

10.    Defendant Goldman Sachs Mortgage Company, hereinafter "GSMC" is a New York Limited Partnership owning mortgages secured on properties throughout the United States, including this property located in Santa Cruz, California.

**III. FACTUAL ALLEGATIONS**

11.    For more than three years, conservatee has suffered from progressive, irreversible dementia of the Alzheimer's type.  She is easily confused and dependent upon others for all aspects of her daily living, safety and management of her finances.  She presently resides at her residence located at 1446 Laurel Street, Santa Cruz, California,

12.    Since at least 2002, Defendant Crawley-Putz and her husband,

FIRST AMENDED COMPLAINT

Defendant Putz have been "friends" of conservatee.  Beginning on or about January 2006, they began overseeing her care more intensely.

13.    Defendant Crawley-Putz is employed by Santa Cruz Medical Foundation and met conservatee when conservatee was ill and began receiving medical care from Crawley-Putz while she was in a nursing home.

14.    Conservatee had created her original revocable living trust while she was still competent and it was dated August 23, 1993.  Her two children were the major beneficiaries under that trust, hereinafter "1993 Trust".  On May 22, 1996 Ruth Liest amended the trust in its entirety.  On December 23, 2002, she amended her trust to include Defendant Crawley-Putz and Defendant Putz as minor beneficiaries and granted them first right of refusal to purchase her home after her death.  On May 18, 2005, conservatee again amended her trust and appointed Defendant Crawley-Putz and Defendant Putz as successor trustees and gave them the right of first refusal to purchase her residence for one-half of fair market value less $10,000.00.  Copies of the 2002 and 2005 trust document and the amendments are attached hereto as Exhibit B.

15.    On   August 23, 1993, conservatee transferred title of her home from herself as an individual to her 1993 Trust via a Quit Claim Deed.  This deed was recorded on August 26, 1993, in the Santa Cruz County Recorder's Office in Vol. 5331 Page 351.  A copy of this deed is attached as Exhibit C.

16.    On August 11, 2005, conservatee, as an individual, deeded by grant deed, her residence to Defendant Crawley-Putz and Defendant Putz for no consideration.  Since title to the property had previously been placed in the trust, this deed had no legal effect.  This deed was recorded on August 12, 2005, in the Santa Cruz County Recorder's Office as document # 2005-0056543.  A true and correct copy of this wild deed is attached as Exhibit D.

17.    On or about December 2005, Defendant Crawley-Putz took conservatee to an out of County attorney, Steven M. Gordon.  Defendant Crawley-

FIRST AMENDED COMPLAINT

Putz arranged for conservatee to employ Steven M. Gordon, an attorney with offices in Salinas, California to revise her testamentary documents.

18.    On January 10, 2006, conservatee executed a new trust entitled the Ruth D. Liest Family Trust of December 20, 2005 ( hereinafter "the 2005 Trust"), as prepared by Steven M. Gordon.  The new trust resulted in the appointment of Defendant Crawley-Putz as trustee, with her husband Defendant Putz as successor trustee.  Defendant Crawley-Putz also became a major beneficiary under the trust, with the residence and all personal property being left to her. Conservatee's two children became minor beneficiaries.  A true and correct copy of this trust agreement is attached herein as Exhibit E.

19.    On January 10, 2006, Defendant Crawley-Putz and Defendant Putz executed a grant deed to transfer conservatee's residence from themselves, as individuals, to the Trust.  Since Defendants Crawley-Putz and Putz had no title to convey, this deed also lacked legal effect.  This wild deed was recorded on January 23, 2006, in the Santa Cruz County Recorder's Office as document # 2006-0004086. A true and correct copy of this deed is attached herein as Exhibit F.

20.    On or about February 27, 2006, Defendant Crawley-Putz opened an escrow at what was then known as Santa Cruz Title.  She had applied for and had obtained approval to receive a $300,000.00 loan from Defendant AHMC.  The escrow number was 09548481-012 and the escrow officer was Andrea Kisling.  As the lender, Defendant AHMC acted as a fiduciary on behalf of the conservatee. AHMC wrongfully issued the loan, with knowledge of the conservatee's Trust, in that:

a. The application was executed by Defendant Crawley-Putz as a
     trustee of the Trust;

b. The application contained Defendant Crawley-Putz's Social
     Security number rather than the Social Security number for the
     Trust;

c. Defendant's Crawley-Putz present address was listed as 611 Lighthouse Avenue, Santa Cruz, California rather than 1446 Laurel Street, Santa Cruz, California rather than 1446 Laurel Street, Santa Cruz, California.  At the time she applied for and secured the loan, Defendant's Crawley-Putz's primary residence was not 1446 Laurel Street, Santa Cruz, California;

d. Defendant Crawley-Putz's employment position and salary at Santa Cruz Medical Foundation were not properly verified;

e. The assets on the loan application were that of the Trust while the liabilities listed belonged to Defendant Crawley-Putz as an individual;

f. Defendant Crawley-Putz executed the loan documents as grantor of the trust when RUTH D. LIEST was in fact the grantor of the Trust;

g. The loan was based on Defendant Crawley-Putz's personal income rather than the Trust income;

h. The loan was based on the credit reported of Defendant Crawley-Putz and not on that of the conservatee;

i. The Trust itself was negligently reviewed or not reviewed at all;

j. Trust property (1446 Laurel Street) was used as security for the $300,000.00 loan to Defendant Crawley-Putz, as an individual;

k. The use of the loan proceeds were not permitted under the Trust.

l. Defendant Crawley-Putz's personal liabilities were improperly paid off prior to the close of escrow; and

m. The loan proceeds were distributed to a personal bank account belonging not to the Trust but to Defendant Crawley-Putz.

21.    At the time the escrow was opened, according to the Preliminary Report issued by Defendant Stewart Title on February 27, 2008, title was vested in

the subject property as "Ruth D. Liest as Trustee under Ruth D. Liest Revocable Trust Agreement dated August 23, 1993 between Ruth D. Liest as Trustor and as Trustee" and Defendant "Anne Crawley-Putz as Trustee of the Ruth D. Liest Family Trust of December 20, 2005".

22.     The February 27, 2008 Preliminary Report, hereinafter "Preliminary Report", also noted an exception to the title policy, as #5,  that a deed had been excuted by conservatee (acting as an individual) in favor of Anne Crawley-Putz and Gerhardt Putz, which was recorded on August 12, 2005.  The Preliminary Report noted that the Grantor (conservatee) did not hold title as an individual.  The Preliminary Report makes no mention of the January 10, 2006 deed from "Anne Crawley-Putz and Gerhardt Putz" to the 2005 trust.  A true and correct copy of the Preliminary Report is attached as Exhibit G.

23.     Although title to the property was and continued to be held in the name of the 1993 Trust, with conservatee as the trustee, Defendant AHMC used the conservatee's residence at 1446 Laurel Street, Santa Cruz, California as security for $300,000.00 loan, by way of a Deed of Trust without her permission.

24.     Defendant Stewart Title Company acted as the esrow holder and recorded the documents related to this "loan".  The employees and agents of Defendants AHMC and Stewart Title knew that conservatee held title to the property in her 1993 Trust.  The employees and agents of Defendant Stewart Title drafted a "correction deed" which, through a grant deed, transferred title from Ruth Liest, as Trustee under Ruth D. Liest Revocable Trust Agreement dated August 23, 1993, between Ruth D. Liest as Trustor and Trustee to Anne Crawley-Putz, Trustee of The Ruth D. Liest Family Trust of December 20, 2005.  The employees and agents of Defendant Stewart Title caused this deed to be recorded on April 4, 2006, in the Santa Cruz County Recorder's Office as document # 2006-0018651.  A true and correct copy of this deed is attached herein as Exhibit H.

25.    As part of the escrow opened by Defendant Crawley-Putz, the employees and agents of Defendant Stewart Title caused the loan transaction between Defendant AHMC and Defendant Crawley-Putz to close and caused to be recorded a Deed of Trust.  Employees and agents of Defendant Stewart Title further paid the proceeds of the "loan" directly to Defendant Crawley-Putz, as sanctioned by Defendant AHMC, notwithstanding the fact that Defendant Crawley-Putz had no interest in the property.  The Deed of Trust was recorded on or about April 4, 2006.  A true and correct copy of this deed of trust is attached as Exhibit I.

26.    At all times relevant the employees and agents of Defendant AHMC and Defendant Stewart Title knew that Ruth Liest was the beneficial owner of the trust.  That knowledge notwithstanding, the employees of Defendant Stewart Title assisted and aided and abetted Defendant Crawley-Putz to defraud Conservatee by assisting Defendant Crawley-Putz to obtain the loan against Conservatee's home.

27.    Upon receipt of the loan proceeds, Defendant Crawley-Putz spent most of the $300,000.00 on herself and her husbands' personal benefit.

28.    After the loan was secured, Defendant Crawley-Putz and Defendant Putz moved in to conservatee's residence, as her primary caregivers.

29.    The loan remains outstanding.  Defendant AHMC and its agent and loan servicer American Home Mortgage Servicing have each at times asserted that this debt is secured by conservatee's residence.  As such, the various deeds used in the scheme to defraud conservatee have created a cloud upon the title to her residence.

30.    Defendant AHMC lent $300,000.00 to Defendant Crawley-Putz and caused conservatee's residence to be encumbered in Santa Cruz, California.

31.    On August 6, 2007, Defendant AHMC filed for the protection of the bankruptcy court.

32.    Sometime thereafter, conservatee is informed and believes that Defendant AHMC assigned their rights, duties and liabilities under the note and deed of trust to Defendant GSMC.

## IV.    TOLLING OF STATUTES OF LIMITATIONS

33.    Conservatee is ignorant of the true names and capacities of defendants sued herein, Conservatee will amend this complaint to allege their true names and capacities when ascertained. (Conservatee is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Conservatee's damages as herein alleged were proximately caused by their conduct.)

34.    Any applicable statutes of limitations have been tolled by Defendants' continuing, knowing, and active concealment of the facts alleged herein and by conservatee's incapacity.  Conservatee could not have discovered, did not discover, and has been actively prevented from discovering, the wrongdoing complained of herein, due to her mental disabilities.  In addition, due to Conservatee's incapacity she was incapable of discovering the fraud and the fraud was not discovered until after the Conservator was put into place.

35.    Defendants should be stopped from relying on any statutes of limitations.  Defendants owed Conservatee an affirmative duty of full and fair dealing and disclosure, but knowingly took advantage of her mental disabilities.

### FIRST CAUSE OF ACTION
### QUIET TITLE (Against All Defendants except Stewart Title)

Conservatee realleges all prior paragraphs and incorporates the same as though fully set forth herein.

36.    Conservatee is the owner in fee simple of the Property described in paragraph 4.   The legal description of the Property is attached as Exhibit A.

37.    Conservatee obtained record title, along with her now deceased husband, to the property as a result of a Grant Deed (Joint Tenancy) recorded on June 21, 1967 in the Santa Cruz County Recorder's Office in Book 1824, Page

242.  Conservatee became the sole owner after her husband's demise via Affidavit recorded on September 28, 1983 in the Santa Cruz County Recorder's Office in Book 3631 Page 412.  The Certificate of Death was recorded in Book 3631 at Page 413.  Conservatee transferred her interest in the property to her revocable living trust and took title as Ruth D. Liest as Trustee under revocable Trust Agreement dated August 23, 1993 between Ruth D. Liest as Trustor and as Trustee, through the recording of a Quit Claim Deed on August 26, 1993.  The Quitclaim Deed as recorded at the Santa Cruz County Recorder's Office in Volume 5331, Page 351.  True and correct copies of said documents are attached as Exhibit J.

38.    Any and all claims, rights, title or interest of Defendants Crawley-Putz and Putz, and Defendants AHMC and GSMC are inferior to those of Conservatee, who is the true record title owner of the subject property and the legal and equitable owner in fee simple and, as such, is entitled to have her title to the subject property quieted and confirmed by the Court.

39.    In addition, Conservatee names as defendants in this cause of action all persons unknown claiming: (a) any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Conservatee's title or (b) any cloud on Conservatee's title to the property.  The claims of each unknown Defendant is without any right, and these Defendants have no right, title, estate, lien or interest in the property.

40.    Conservatee seeks to quiet title against the claims of Defendants. Defendants' claims are without any right and Defendants have no right, title, estate, lien or interest in the property.

41.    Conservatee seeks to quiet title as of the date this action was filed.

### SECOND CAUSE OF ACTION
### Abuse of an Elderly Person (Against All Defendants except AHM)

Conservatee realleges all prior paragraphs as though fully set forth herein.

42.    This cause of action is brought pursuant to California Welfare & Institutions Code section 15600 *et seq.*

43.    At all times herein mentioned, conservatee resided in California and was an elder within the meaning of section 15610.27 of the California Welfare & Institution Code.  Defendants knew or reasonably should have known that conservatee was elderly.

44.    Defendants' actions toward conservatee constitutes financial elder abuse as defined by Welfare & Institution Code section 15610.30(a)(1) and (2).  Financial abuse occurs whenever a person "takes, secretes, appropriates, or retains real or personal property of any elder or dependant adult to a wrongful use or with intent to defraud, or both," or "[a]ssists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongfully use or with intent to defraud, or both."  Further, Defendants actions were and continue to be in bad faith.

45.    At all relevant times, Defendant Crawley-Putz was the conservatee's caregiver and/or trustee.  At all relevant times, Defendant Putz was conservatee's successor trustee.

46.    At all relevant times, Defendants Stewart Title Company, as an escrow holder, and Defendant AHMC, as a lender, had a fiduciary duty to Conservatee. Defendant  Stewart Title and Defendant AHMC had knowledge of Conservatee's interest in the property and had knowledge that Defendant Crawley-Putz had no interest in the property and yet assisted Defendant Crawley-Putz with taking the equity out of Conservatee's real property.  As the one who assumed the rights and duties under the note and deed of trust, Defendant GSMC is liable for Defendant AHMC's wrongdoing and continues the unlawful retention and use of the conservatee's property.

47.    By performing the acts set forth above, Defendants took, secreted, appropriated, and/or retained for a wrongful use or fraudulent purpose, or assisted in taking, secreting, appropriating, and/or retaining for a wrongful use or fraudulent purpose, the property of conservatee.

48.    Defendants, and each of them, knew or should have known of conservatee's dementia and/or Alzheimer's disease, and that she was subject to undue influence and unable to consent to the financial and legal transactions of which they caused, were aware, participated in and/or assisted her with, and which resulted in the encumbrance of her residence and her surrendering of legal powers to the Defendants.

49.    As a proximate result of the Defendants' wrongful conduct, conservatee has sustained and will sustain substantial economic losses and other general and specific damages.  These damages include, *inter alia*, encumbrance of her residence that was previously free and clear, denial of the use of her equity in the real property, legal fees and conservator costs all in an amount to be determined according to proof.

50.    As a proximate result of the acts of Defendants, conservatee may suffer great mental, physical and nervous pain and suffering should her residence and her ability to continue to live there be jeopardized.

51.    Defendants' actions as set forth above were in all respects reckless. Defendant's actions as set forth above were in all respects oppressive, fraudulent and/or malicious in their commission of elder abuse against conservatee. Conservatee is thereby entitled to an award of punitive and exemplary damages as well as attorneys' fees, pursuant to Civil Code Code section 3294, in an amount according to proof at time of trial.

52.    As the subject transactions involved conservatee, who at all relevant times herein was a senior citizen, Conservatee is further entitled to treble damages and civil penalties pursuant to Civil Code section 3345 because conservatee suffered the encumberance of her primary residence.  Defendants knew or should have known that their conduct was directed to a senior citizen.

### **THIRD CAUSE OF ACTION**
**Breach of Fiduciary Duty (Against all Defendants except AHMC**

Conservatee realleges all prior paragraphs and incorporates the same as though fully set forth herein.

53.    At all times mentioned herein conservatee suffered from a mental condition and reposed confidence and trust in Defendant Crawley-Putz, Defendant Putz,  Defendant AHMC and Defendant Stewart Title.  Defendant GSMC is liable for the breach by AHMC, as it assumed all rights, duties under the note and deed of trust.

54.    Defendants and conservatee were in a confidential and fiduciary relationship.

55.    Defendants breached the fiduciary duties owed to conservatee by using the confidence and trust reposed in them by conservatee to gain an unfair advantage over conservatee's weakness of mind.  Further, Defendants exploited her financially by using trust property to secure a personal loan, inducing and assisting her to execute various loan documents, and grant deeds.  Defendants induced and/or assisted conservatee in adversely altering her financial status without receiving any consideration from Defendants.

56.    Defendants used the confidence reposed in them by conservatee to gain an unfair advantage of conservatee's weakness of mind and distress in that Defendants induced and caused conservatee to sign the deed giving Defendants the security needed for the loan without conservatee receiving any consideration.

57.    The apparent consent of conservatee to the deed was not real, mutual, or free in that it was obtained through this undue influence and weakness of mind and distress and conservatee would not have given her consent but for the undue influence.

58.    Conservatee did not fully and knowingly consent to these financial and legal transactions, i.e., consent was not real, mutual, or free because any "consent" Defendants obtained was through undue influence.  Conservatee would not have given her consent but for the undue influence.

59.    As a proximate result of the Defendants' wrongful conduct, conservatee has sustained and will sustain substantial economic losses and other

general and specific damages.  These damages include, *inter alia*, the
encumberance of conservatee's residence, legal fees and conservator fees all in an
amount to be determined according to proof.

60.    The actions taken by Defendants set forth above were in all respects
oppressive, fraudulent, and malicious.  Conservatee is thereby entitled to an
award of punitive and exemplary damages in an amount to be determined
according to proof at trial.

61.    As the subject transactions involved conservatee, who at all relevant
times herein was a senior citizen, Conservatee is further entitled to treble damages
and penalties pursuant to Civil Code section 3345 because Defendants knew or
should have known that their conduct was directed a senior citizen.

### FOURTH CAUSE OF ACTION
### Fraud (Against All Defendants) Except AHM)

Conservatee realleges all prior paragraphs and incorporates the same as
though fully set forth herein.

62.    At all times mentioned herein, Defendants stood in a position of trust
and in a fiduciary and confidential relationship.  Defendant Crawley-Putz was
conservatee's trustee under the 2005 Trust and caregiver.  Defendant Putz was
the successor trustee under the 2005 Trust.  Defendant Stewart Title was the
escrow holder in the escrow at issue.  Defendant AHMC undertook review of the
loan documents and the conservatee's Trust and ascertained that the loan was
permitted under the trust.  Defendant GSMC assumed the rights, duties and
liabilities under the note and deed of trust and is thus liable for Defendant AHM's
wrongdoing.

63.    Defendants thus were under a duty to disclose all material facts to
conservatee based on the relationship that existed between them.  Defendants
knowingly and intentionally concealed material facts from conservatee including
but not limited to using trust property as security for the loan, which could result
in conservatee losing her residence in the case of a default, on the loan.

64.   At all times mentioned herein, Defendant Crawley-Putz made misrepresentations concerning her management of conservatee's Trust.  At no time did Defendant Crawley-Putz fully disclose the actual facts and obtain the conservatee's  informed consent to the terms of the $300,000.00 loan.  Defendant Crawley-Putz made misrepresentations in order to secure the loan.

65.   At no time did Defendant Stewart Title inform conservatee that her home would be used as security for the loan Defendant Crawley-Putz was going to obtain.  At no time did Defendant AHMC inform the conservatee that her Trust forbade a personal loan to the trustee, Defendant Crawley-Putz.  At no time did any of the Defendants obtain conservatee's permission to secure this loan against her home nor did they explain the impact of any of the documents she was requested to sign.

66.   The failure to disclose and the suppression of the information herein alleged was done with the intent to induce conservatee to act in the manner herein alleged.

67.   Conservatee relied on Defendants' misrepresentations.

68.   If conservatee had the capacity to understand how her residence was used for Defendants' personal gain, she would not have acted as she did.

69.   As a proximate result of the Defendants' wrongful conduct, conservatee has sustained and will sustain economic losses and other general and specific damages.  These damages include, *inter alia*, the encumberance of conservatee's residence, legal fees and conservator fees, all in an amount to be determined according to proof.

70.   The actions taken by Defendants as set forth above were all in respects oppressive, fraudulent, and malicious.  Conservatee is thereby entitled to an award of punitive and exemplary damages in an amount to be determined according to proof at trial.

71.    As the subject transactions involved conservatee, who at all relevant times herein was a senior citizen, Conservatee is further entitled to treble damages and civil penalties pursuant to Civil Code section 3345 because conservatee suffered the encumberance of her primary residence. Defendants knew or should have known that their conduct was directed to a senior citizen.

## FIFTH CAUSE OF ACTION
### Aiding and Abetting (Against Stewart Title Company Only)

Conservatee realleges all prior paragraphs as though fully set forth herein.

72.    The deliberate and successful efforts of Defendants Crawley-Putz and Putz, as hereinabove alleged, constituted a scheme to defraud conservatee. Conservatee is informed and believe, and based thereon allege, that Defendant Stewart Title had actual knowledge of the fraud, all the while knowing of conservatee's lack of capacity, and thereby aided and abetted in the fraud in that Stewart Title by and through its employees and agents acting within their scope and authority:

a.    opened the escrow for Defendant Crawley-Putz knowning that Defendant Crawley-Putz intended to use the property of the conservetee to secure her personal loan;

b.    drafted documents such that would place Defendant Crawley-Putz on title to conservatee's property as the trustee of conservatee's 2005 trust;

c.    wired the proceeds for the loan into Defendant Crawley-Putz's personal bank account.

73.    As a direct and proximate result of the acts and conduct of Stewart Title, as alleged above, conservatee has suffered substantial damages, all in an amount to be ascertained at the time of trial of this matter.

## SIXTH CAUSE OF ACTION
### Negligence (Against Defendants Stewert Title and GSMC)

-16-

Conservatee realleges all prior paragraphs and incorporates the same as though fully set forth herein.

74.    Defendant Stewart Title negligently handled the escrow opened by Defendant Crawley-Putz in that:

      a.  The property to be secured by the loan to the borrower was not owned by the borrower Defendant Crawley-Putz as an individual and not owned by the Trustee of which she was a trustee;

      b.  In order to comply with the escrow instructions of the lender, the employees and agents of Defendant Stewart Title drafted deeds which divested title from conservatee's 1993 Trust allowing for Defendant Crawley-Putz to obtain her loan;

      c.  Having knowledge that Defendant Crawley-Putz's only possible claim to authority was as the Trustee of conservatee's 2005 Trust, the employees and agents of Stewart Title nonetheless placed the loan proceeds into Defendant Crawley-Putz's personal bank account;

      d.  The Trust itself was negligently reviewed or not reviewed at all;

      e.  Property that was owned by the Trust (1446 Laurel Street) was used as security for the $300,000.00 loan to Defendant Crawley-Putz, as an individual and yet she had no personal interest in the property;

      f.  The use of the loan proceeds were not permitted under the Trust;

      g.   Defendant Anne Crawley-Putz's personal liabilities were improperly paid off prior to the close of escrow.

75.    Defendant AHMC negligently handled the loan as enumerated in paragraph 20 herein.

76.    Defendant GSMC assumed the rights, duties and liabilities under the note and deed of trust.

77.    As a proximate result of the Defendant's wrongful conduct, conservatee has sustained and will sustain substantial economic losses and other general and specific damages.  These damages include, *inter alia*, encumbrance of her residence that was previously free and clear, denial of the use of her equity in the real property, legal fees and conservator costs all in an amount to be determined according to proof.

78.    As a proximate result of the acts of Defendant, conservatee may suffer great mental, physical and nervous pain and suffering should her residence and her ability to continue to live there be jeopardized.

79.    Defendant's actions as set forth above were in all respects reckless, oppressive, fraudulent and/or malicious in their commission of elder abuse against conservatee.  Conservatee is thereby entitled to an award of punitive and exemplary damages as well as attorneys' fees, pursuant to Welfare & Institution Code section 15657, in an amount according to proof at time of trial.

80.    As the subject transactions involved conservatee, who at all relevant times herein was a senior citizen, Conservatee is further entitled to treble damages and civil penalties pursuant to Civil Code section 3345 because conservatee suffered the encumberance of her primary residence. Defendant knew or should have known that their conduct was directed to a senior citizen.

## SEVENTH CAUSE OF ACTION
**Unfair, Unlawful, and Deceptive Business Acts And/or Practices
In Violation of Business and Professions Code Section 17200 *et seq.*
(Against Defendants Stewart Title and GSMC only)**

Plaintiff realleges all prior paragraphs and incorporates the same as though fully set forth herein.

81.    By its wrongful conduct in its practice as a lender, Defendant AHMC engaged in unlawful, unfair, and/or fraudulent business acts or business practices in violation of California Business & Professions Code sections 17200 *et seq.*  Defendant GSMC assumed the rights, duties and liabilities of Defendant AHMC under the note and the deed of trust.

-18-

82.    By its wrongful conduct in its practice as a title company, Defendant Stewart Title engaged in unlawful, unfair, and/or fraudulent business acts or business practices in violation of California Business & Professions Code sections 17200 *et seq.*

83.    Defendants have derived economic benefit from the possession of a deed of trust wrongfully obtained from the conservatee.  Pursuant to California Business & Professions Code sections 17203 and 17206.1, Plaintiff has a right to seek from Defendants restitution and rescission of the deed of trust obtained by Defendants through their unlawful conduct in violation of California Business & Professions Code section 17200 *et seq.*

84.    Pursuant to California Business & Professions Code section 17203, Plaintiff, individually, and on behalf of the general public, seeks an order from this Court enjoining the Defendants named in this cause of action from continuing their unfair, unlawful and/or deceptive business acts or practices.  Plaintiff and the public will be irreparably harmed if such an order is not granted.

85.    Plaintiff is entitled to attorney's fees and costs under the provisions of California Business & Professions Code section 17082.

86.    As the subject transactions involved the conservatee, who at all relevant times herein was a senior citizen, Plaintiff is further entitled to treble damages and civil penalties pursuant to California Business & Professions Code section 17206.1 and 17082.  Defendants knew or should have known that their conduct was directed a senior citizen.

## VI.    PRAYER FOR RELIEF

WHEREFORE, petitioner prays for findings of fact and judgment against Defendants as follows:

1.    For special damages in an amount according to proof at trial;

2.    For general damages in the amount according to proof at trial;

3.      For treble, punitive and exemplary damages and penalties pursuant to Civil Code sections 3345(b) and 3294(c), and Welfare and Institutions Code section 15657 and Business & Professions Code sections 17206.1 and 17082 in an amount sufficient to punish and deter against similar conduct in the future;

4.      For an order requiring a full reconveyance of the real property located at 1446 Laurel Street, Santa Cruz, California to the Ruth D. Liest Trust;

5.      For reasonable costs and attorneys' fees under applicable law, and conservator's fees and costs incurred in this action pursuant to Welfare and Institutions Code section 15657.5(a) and Business & Professions Code sections 17200 *et seq.*;

6.      For such other and further relief as the Court may deem appropriate.

Dated: January___, 2010        LAW OFFICE OF SIMMONS & PURDY

By_____
     PAMELA D. SIMMONS
     Attorney at Law

Dated: January ___, 2010       DANA McRAE, COUNTY COUNSEL

By_____
     TAMYRA RICE
     Assistant County Counsel

     Attorneys for Plaintiff
     Santa Cruz County Public Guardian
     As Conservator of Ruth D. Liest

## EXHIBIT B

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x

In re:                                                          :      Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,    :      Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                       :
                                                                :      Jointly Administered
       Debtors.                                           :
                                                                :      **Ref. Docket No.: _____**
---------------------------------------------------------------------- x

**ORDER APPROVING STIPULATION RESOLVING THE CONSERVATOR'S**
**REQUEST FOR MODIFICATION OF THE AUTOMATIC STAY TO ALLOW RUTH D.**
**LIEST TO PROCEED WITH PENDING STATE COURT ACTION**

Upon consideration of the *Certification of Counsel Submitting Stipulation*

*Regarding Proposed Order Modifying Automatic Stay to Allow Ruth D. Liest to Proceed With*

*Pending State Court Action* (the "Certification");[2] and the Court having found, based on the

statements made in the Certification, that good and sufficient cause appears for the relief

requested by the Stipulation; it is hereby:

ORDERED that the Stipulation attached hereto as Exhibit 1 is approved; and it is

further

ORDERED that, except as set forth in the Stipulation, nothing in this Order shall

affect any party's right to move for relief from the automatic stay in accordance with the

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow
Road, Melville, New York 11747.

[2]      Capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the
Certification.

applicable provisions of title 11 of the United States Code and the Federal Rules of Bankruptcy

Procedures; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters

arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
Aprilb ___, 2010

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2

**Exhibit 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------- x
In re:                                                                              :    Chapter 11
                                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,        :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                                    :    Jointly Administered
     Debtors.                                                            :
                                                                                    :
------------------------------------------------------------------------- x

**STIPULATION REGARDING ORDER MODIFYING AUTOMATIC**
**STAY TO ALLOW RUTH D. LIEST TO PROCEED WITH PENDING**
**STATE COURT ACTION TO QUIET TITLE**

WHEREAS, on February 21, 2008, Ruth D. Liest ("Conservatee"), by and

through her conservator the Santa Cruz County Public Guardian (the "Conservator"),

commenced that certain action captioned *Liest v. Anne Crawley-Putz et al.* (CISCV 169521) in

the Superior Court of California (the "Action").

WHEREAS, the Conservatee, through the Conservator, seeks to file an amended

complaint entitled *Liest v. Goldman Sachs Mortgage Company et al.* (the "Amended

Complaint") against Goldman Sachs Mortgage Company and other non-debtor defendants

(collectively, the "Non-Debtor Defendants").

WHEREAS, by the Action and Amended Complaint, the Conservatee alleges

damages on account of the Non-Debtor Defendants' negligence and wrongdoing in connection

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

with several deed transfers and a residential mortgage loan transaction involving real property located at 1446 Laurel Street, Santa Cruz, California (the "Property").

WHEREAS, Conservatee, a ninety-three year old woman residing in California, cannot personally represent her interests in the Action because of her advanced age and mental condition.

WHEREAS, the Conservator serves as Conservatee's Probate Conservator pursuant to an order of the Santa Cruz County Superior Court (Santa Cruz Superior Court No. PR44038).  The Conservator has the authority to represent Conservatee's interests in the Action pursuant to Letters of Conservatorship issued on February 21, 2007.

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, pursuant to 11 U.S.C. § 362, the commencement or continuation of any action against the Debtors was stayed as of the Petition Date.

WHEREAS, counsel to the Conservator engaged in discussions with the Debtors with respect to seeking an order modifying the automatic stay as it pertains to the Action.

WHEREAS, counsel for the Conservator seeks an order from the Bankruptcy Court modifying the automatic stay to allow Conservatee, by and through the Conservator, to file the Amended Complaint to allow her to pursue a claim to quiet title on the Property as against Debtor American Home Mortgage Corp. ("AHM Corp") (Case No. 07-11051) and to prosecute all other claims as against the Non-Debtor Defendants.

WHEREAS, by the Amended Complaint, the Conservatee alleges that AHM Corp. and the Non-Debtor Defendants have no right, title, estate, lien or interest in the Property.

WHEREAS, the Debtors agree that neither AHM Corp. nor any other Debtor has any legal or equitable interest in the Property since the mortgage loan applicable to the Property was sold by AHM Corp. to Goldman Sachs Mortgage Company (or an affiliate thereof) on or about June 1, 2006.

WHEREAS, AHM Corp. must be named as a defendant in the Action as a matter of California state law because AHM Corp. is a beneficiary on a deed of trust recorded on the chain of title of the Property.

WHEREAS, the Debtors and the Conservator (collectively, the "Parties") have conferred regarding a consensual resolution of the Conservator's request for a modification of the automatic stay to allow Conservatee, by and through her Conservator, to file the Amended Complaint and continue to prosecute the Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.      The automatic stay applicable to the Action pursuant to 11 U.S.C. § 362(a) shall be modified only to the extent which would allow the Conservatee to file the Amended Complaint and to proceed with her cause of action to quiet title in the Property as against AHM Corp. and all causes of action as against the Non-Debtor Defendants.

2.      The modification of the automatic stay described in paragraph 1 above shall not be construed to permit nor does it permit the Conservatee to attempt to either recover any damages or assert any claims or causes of action against AHM Corp. other than her claim to quiet title in the Property.

3

3.      Moreover, the modification of the automatic stay described in paragraph 1 above shall not be construed to permit nor does it permit any Non-Debtor Defendant to assert any claims, cross-claims or causes of action against AHM Corp. in connection with the Action.

4.      The Parties acknowledge and agree that this Stipulation is entered into solely for the convenience of the Parties and neither this Stipulation nor the fact of its execution will constitute any admission or acknowledgment of liability or wrongdoing on the part of the Debtors.

5.      Upon the Court's approval of this Stipulation, the Conservatee, by and through her Conservator, hereby forever waives, releases and discharges any claims, interests or causes of action of any nature whatsoever against the Debtors, whether known or unknown, arising in connection with the Action and/or the Property.

6.      The Parties agree that in the event that the Debtors' bankruptcy cases are converted to another Chapter under the Bankruptcy Code, and no motion to vacate is timely filed by the Debtors, the Court's order approving this Stipulation shall be deemed to be binding and of full force and effect in any such converted case as to the Parties herein.

7.      Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

8.      This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

9.      The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

10.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

4

11.    This Stipulation shall become effective immediately upon entry of an order approving this Stipulation.

STIPULATED AND AGREED this 12th day of April, 2010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*


DANA McRAE, COUNTY COUNSEL


*/s/ Tamyra Rice*
TAMYRA RICE
Assistant County Counsel
Santa Cruz County Public
Guardian
As Conservator of Ruth Liest

5