IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
In re:                                          :  Chapter 11
                                                :  Case No. 07-11047 (CSS)
AMERICAN HOME                                   :  (Jointly Administered)
MORTGAGE HOLDINGS, INC., et al.,                :
                                                :
                        Debtors.                :
-----------------------------------------------------------------x
AMERICAN HOME MORTGAGE CORP.,                   :
                                                :  Adversary Proceeding
                                                :  Case No. __-_____ (CSS)
                        Plaintiff,              :
                                                :
        v.                                      :
                                                :
                                                :
SHOWCASE OF AGENTS, L.L.C.                      :
and PIERO ORSI,                                 :
                                                :
                                                :
                        Defendants.             :
-----------------------------------------------------------------x
```

## COMPLAINT

Plaintiff American Home Mortgage Corp. ("AHM"), a debtor in possession in the above-captioned chapter 11 cases, as and for its Complaint against Showcase of Agents, L.L.C. and Piero Orsi (collectively, the "Defendants"), states as follows:

### PRELIMINARY STATEMENT[1]

1. This is an action for turnover, conversion, unjust enrichment, an accounting and imposition of a constructive trust brought by AHM against the Defendants. Just days before AHM and its related entities filed for bankruptcy, the Defendants took advantage of AHM's impending collapse and improperly seized money belonging to AHM when Orsi impermissibly withdrew funds from the account of a joint venture in which both an entity he

---

[1] Capitalized terms used but not otherwise defined in the preliminary statement shall have the meaning ascribed to such terms in the body of the Complaint.

controlled and AHM were members. The funds were transferred by Orsi to a bank account maintained by Showcase, the other member of the joint venture and an entity in which Orsi was and remains President and CEO, and which he controls. Approximately two months later, Orsi withdrew and transferred all of the remaining funds via a second illicit and wrongful wire transfer to Showcase and then closed the joint venture's account.

2.  AHM therefore brings this action seeking a return of the funds wrongfully taken and appropriated by Orsi and Showcase for the benefit of its bankruptcy estate and its creditors.

## PARTIES

3.  Plaintiff AHM is a New York corporation having its principal place of operations in Melville, New York. AHM is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

4.  Upon information and belief, Showcase of Agents L.L.C. ("Showcase") is an Illinois limited liability company with its principal place of business located at 25884 E. Rt. 83, Long Grove, Illinois 60060. According to its website, Showcase is a residential real estate company operating in Northern Illinois.

5.  Upon information and belief, Piero Orsi ("Orsi") is President and CEO of Showcase and is a resident of Illinois.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7.  Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.

8.  This proceeding is a core proceeding under 28 U.S.C. § 157(b), arising in a case under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## FACTUAL BACKGROUND

*A.     Formation and Operation of the Joint Venture*

9.      On May 22, 1995, articles of organization (the "Articles of Organization") were filed with the Illinois Secretary of State for Mortgage First Showcase L.L.C. (the "Joint Venture"). *See* Exhibit A.

10.     Pursuant to section 2.03 of the Articles of Organization, the Joint Venture's principal place of business was listed as 25884 E. Rt. 83. Long Grove, Illinois 60060.

11.     The business address of the Joint Venture is the same business address as Showcase.

12.     On information and belief, the Joint Venture was formed to and did conduct business as a residential mortgage loan originator.

13.     In October 1995, Showcase and VJJ Corporation ("VJJ") executed an operating agreement (the "Operating Agreement")[2] concerning the Joint Venture. *See* Exhibit B. The Operating Agreement was executed on behalf of Showcase and VJJ by Orsi and John A. Magliardi ("Magliardi"), respectively.

14.     Pursuant to the terms of the Operating Agreement, Showcase and VJJ were initially the two "members" of the Joint Venture, and VJJ was "Manager" of the Joint Venture.

15.     Pursuant to Section 9.01 of the Operating Agreement, the Net Profits and Net Losses (as defined in the Operating Agreement) were to be allocated among the members of the Joint Venture in equal 50% shares.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Operating Agreement.

16. On information and belief, at or around the time the Operating Agreement was executed, Orsi and Magliardi also executed a services agreement (the "Services Agreement") between the Joint Venture and First Home Mortgage Corp. ("First Home Mortgage"), an Illinois corporation managed by Magliardi and engaged in the business of originating, underwriting, processing and funding residential mortgage loans.

17. Pursuant to the Services Agreement, a copy of which is attached as Exhibit C, the Joint Venture enlisted the services of First Home Mortgage to underwrite, process and fund mortgage loans originated by the Joint Venture.

18. On April 1, 1998, an amendment to the original Articles of Organization were filed with the Illinois Secretary of State changing the name of the Joint Venture to Mortgage First Limited, L.L.C. *See* Exhibit D. Although the name changed, the business of the Joint Venture remained the same.

19. In June, 1999, First Home Mortgage acquired VJJ's interest in the Joint Venture by way of merger.

20. On or about June 8, 1999, the Joint Venture's Articles of Organization were amended to reflect this change in membership. *See* Exhibit E.

B.   *AHM's Acquisition of First Home Mortgage's Interest in the Joint Venture*

21. In or about June, 2000, AHM acquired First Home Mortgage's interest in the Joint Venture by way of AHM's merger with First Home Mortgage.

22. A certificate of merger for AHM and First Home Mortgage was filed the State of New York Department of State on June 30, 2000. *See* Exhibit F.

23. On or about July 31, 2000, the Joint Venture's Articles of Organization were amended to reflect this change in membership. *See* Exhibit G.

DB02:9357028.9                                                                                                                              066585.1001

24. Following its merger with First Home Mortgage, AHM assumed the role of "Manager" of the Joint Venture from First Home Mortgage.

25. AHM maintained the position of Manager at all times including through the commencement of the Chapter 11 Cases.

C. *The Joint Venture Capital Accounts*

26. Following the acquisition by AHM of First Home Mortgage's interest in the Joint Venture in June 2000, AHM, pursuant to the terms of the Operating Agreement, maintained a separate Capital Account[3] for each Member of the Joint Venture, and each Member's Capital Account balance was increased and decreased in accordance with Section 8.03 of the Operating Agreement.

27. As of June 2000, the balance of Showcase's Capital Account was $87,950 and the balance of AHM's Capital Account was $101,992.

28. Since June 2000, allocations of Net Profits and Net Losses made to each Member's Capital Account collectively increased each Member's Capital Account balance by $418,907.

29. Each Member received actual distributions from its respective Capital Account in varying amounts since such date. Specifically, distributions made to Showcase totaled $497,500 and distributions made to AHM totaled $186,620.

D. *The Wrongful Taking of the AHM Funds by Orsi and Showcase*

30. Defendant Orsi has been at all times relevant hereto, the day-to-day managing officer of Showcase. Although Orsi was not the "Manager" for the Joint Venture, he

---

[3] Section 1.01(c) of the Operating Agreement defines Capital Account as follows " 'Capital Account' as of any given date shall mean the Capital Contribution to the Company by a member as adjusted up to such date pursuant to Article 8."

exercised a certain level of managerial and supervisory duties with respect to the day-to-day operations of the Joint Venture.

31. As of July 1, 2007, the balance of the Joint Venture's checking account (the "Account") held at First Chicago Bank & Trust ("First Chicago) was $369,522. Following the deduction of the Joint Venture's payroll obligations and related expenses during the month of July, 2007, the balance of the Account was $357,345, comprising (i) Showcase's Capital Account balance of $9,357, and (ii) AHM's Capital Account balance of $334,278. The remainder of the Account constituted outstanding accounts payable that were owed to AHM by the Joint Venture in the amount of $13,710 for expenses paid by AHM (together with AHM's Capital Account balance, the "AHM Funds").

32. On or about July 31, 2007, with AHM in severe financial distress and on the verge of bankruptcy, Orsi entered the offices of First Chicago and, without AHM's knowledge, permission or consent, wrongfully transferred $350,000 from the Account to account number 0001005595 at First Chicago

33. Account number 0001005595 was owned and maintained by Showcase (the "Showcase Account").

34. The control number for the transaction was 606000731084116.

35. Upon information and belief, Orsi subsequently returned to First Chicago's offices on October 1, 2007 and transferred the remaining portion of the AHM Funds – $7,344.86 – to the Showcase Account.

36. The control number for the transaction was 00003668015170.

37. Contemporaneously therewith, Orsi closed the Account.

38. In total, Orsi wrongfully transferred $357,345 from the Account to the Showcase Account. Included in this sum was the AHM Funds as well as $9,357 representing the balance of Showcase's Capital Account.

39. These transfers were not authorized by AHM.

40. Moreover, Orsi did not order withdrawal of funds from the Account in the ordinary course of the Joint Venture's business.

## COUNT I

### (Turnover Of Property Of The Estate (11 U.S.C. § 542))

41. AHM incorporates by reference the allegations contained in paragraphs 1 through 40 of the Complaint.

42. In taking possession of the AHM Funds, Showcase and/or Orsi are in possession, custody, and control of property that AHM may use, sell or lease under section 363 of the Bankruptcy Code.

43. The AHM Funds and their proceeds, if any, constitute property of AHM's estate under section 541 of the Bankruptcy Code.

44. Showcase and/or Orsi have no claim or right to the AHM Funds.

45. Showcase and/or Orsi should be compelled to deliver the AHM Funds, or the value of the AHM Funds, to AHM for the benefit of its estate pursuant to 11 U.S.C. § 542(a).

## COUNT II

### (Conversion)

46. AHM incorporates by reference the allegations contained in paragraphs 1 through 45 of the Complaint.

47. Orsi and/or Showcase wrongfully assumed control and dominion of the AHM Funds.

- 7 -

DB02:9357028.9                                                                                    066585.1001

48.     AHM has an absolute and unconditional right to the AHM Funds.

49.     AHM has an absolute and unconditional right to immediate possession of the AHM Funds.

50.     AHM has made demand for return of the AHM Funds, which Orsi and Showcase have refused or ignored.

51.     By reason of the foregoing acts of wrongfully taking possession of the AHM Funds for themselves and refusing to return possession of the AHM Funds to AHM, Orsi and Showcase are liable to AHM for conversion of the AHM Funds.

## COUNT III

### (Unjust Enrichment)

52.     AHM incorporates by reference the allegations contained in paragraphs 1 through 51 of the Complaint.

53.     Orsi and/or Showcase have wrongfully and improperly retained a benefit – the AHM Funds.

54.     AHM has suffered a detriment from Orsi's and/or Showcase's retention of the AHM Funds. Specifically, the AHM Funds have not been available for AHM's use.

55.     By reason of the foregoing acts, Orsi and/or Showcase have been unjustly enriched at AHM's expense by the assertion of control over and retaining the AHM Funds for themselves and their benefit.

56.     As a direct and proximate result of the Defendants' unjust enrichment, AHM has suffered and will continue to suffer damage.

DB02:9357028.9                                                                                                                      066585.1001

## COUNT IV

### (Accounting)

57. AHM incorporates by reference the allegations contained in paragraphs 1 through 56 of the Complaint.

58. AHM submits that its remedies available at law are not or may not be fully adequate.

59. AHM submits that discovery is necessary to determine whether, *inter alia*, the AHM Funds have remained in the custody of Showcase following their initial transfer, or whether the funds were subsequently disbursed to Orsi.

60. AHM submits that at all times relevant hereto, the Account was a mutual account between Showcase and AHM which was sufficiently complex in nature.

61. By reason of the foregoing, an examination and accounting of the Account and the Showcase Account, as well as a rendering of the balances ascertained to be due, through an accounting is necessary and appropriate.

## COUNT V

### (Constructive Trust)

62. AHM incorporates by reference the allegations contained in paragraphs 1 through 61 of the Complaint.

63. Orsi and/or Showcase are in possession of wrongfully acquired property – the AHM Funds.

64. Allowing Orsi and/or Showcase to retain the wrongfully acquired AHM Funds would be inequitable. Therefore, AHM submits that Orsi and/or Showcase should be deemed to hold the AHM Funds in a constructive trust for the benefit of AHM.

DB02:9357028.9                                                                                                          066585.1001

## **PRAYER FOR RELIEF**

WHEREFORE, AHM demands judgment in its favor and against Defendants, as follows:

(i)     An order compelling Defendants to immediately turnover the AHM Funds to AHM;

(ii)    Judgment against Defendants, jointly and severally, in favor of AHM for conversion;

(iii)   Awarding damages to AHM and against the Defendants, jointly and severally, for the conversion of the AHM Funds;

(iv)    Judgment against Defendants, jointly and severally, in favor of AHM that Defendants have been unjustly enriched at AHM's expense by the assertion of control over and retention of the AHM Funds for themselves and their benefit;

(v)     Judgment against Defendants, jointly and severally, in favor of AHM for the value of the AHM Funds;

(vi)    Ordering an accounting by Defendants of the of the Account and the Showcase Account, as well as a rendering of the balances ascertained to be due;

(vii)   Judgment imposing a constructive trust exists as to the AHM Funds for the benefit of AHM;

(viii)  Awarding AHM pre- and post-judgment interest;\

(ix)    Awarding AHM its attorneys' fees for having to commence and prosecute this action; and

(x)     Awarding AHM the cost of this action, as well as any other, further relief the Court deems just and proper.

- 11 -

Dated: April 13, 2010

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ [signature]*

Sean M. Beach (No. 4070)
Curtis J. Crowther (No. 3238)
Michael S. Neiburg (No. 5275)
Justin H. Rucki (No. 5304)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253