IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.[1], | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: May 4, 2010 @ 9:00 am |
| | ) | Objection Deadline: April 27, 2010 |

## MOTION OF LOIZIDES, P.A. TO
## WITHDRAW AS COUNSEL TO LAURA BEALL

Loizides, P.A. ("LPA") moves for an order under L.B.R. 9010-2 for leave to withdraw as counsel to Laura Beall ("Ms. Beall"), and in support thereof, states as follows:

### FACTUAL BACKGROUND

1. LPA was retained as Ms. Beall's Delaware counsel on or about October 3, 2009. Ms. Beall retained LPA on an hourly fee plus costs basis. Ms. Beall is also represented by Jeffrey Barnes, Esquire as out-of-state counsel. Ms. Beall has been advised that her out-of-state counsel may be prohibited from appearing in court unless she retains other Delaware counsel.

2. LPA filed a response and sur-reply on behalf of Ms. Beall in this bankruptcy proceeding.

3. Ms. Beall has informed LPA that she no longer desires LPA to represent her in this matter as Delaware counsel.

### RELIEF REQUESTED AND REASONS THEREFOR

4. The decision whether to grant an attorney's motion to withdraw from representation rests with the discretion of the Court. <u>Ohntrup v. Firearms Center, Inc.</u>, 802 F.2d

---

[1] The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp., a Maryland corporation; American Home Mortgage Acceptance, Inc., a Maryland corporation; AHM SV, Inc. (f/ka American Home Mortgage Servicing, Inc.), a Maryland corporation; American Home Mortgage Corp., a New York corporation; American Home Mortgage Ventures LLC, a Delaware limited liability corporation; Homegate Settlement Services, Inc., a New York corporation; and Great Oak Abstract Corp., a New York corporation.

676, 679 (3d Cir. 1986); Bayges v. SEPTA, 887 F. Supp. 108, 110 (E.D. Pa. 1995). LPA submits that sufficient cause exists to permit LPA to withdraw from further representation of Ms. Beall in this case.

5. The Model Rules of Professional Conduct ("MRPC") of the American Bar Association govern attorneys in this Court pursuant to L.D.R. 83.6(d)[2]. Rule 1.16 of the MRPC[3] allows counsel to withdraw if "other good cause for withdrawal exists." MRPC 1.16(b)(7).

6. LPA should be permitted to withdraw, as Ms. Beall has made that request.

7. Under L.B.R. 9010-2, counsel is required to give 14 days prior notice of a request to withdraw to its client by certified mail. Notice of this Motion has been provided to counsel for Debtors, Ms. Beall's lead counsel, Ms. Beall, and the Office of the United States Trustee. LPA submits that given Ms. Beall's limited role in this case, no further notice is required, notwithstanding L.B.R. 9010-2(c)(ii).

8. Counsel recognizes that this motion is being served on 13 days' notice, rather than the required 14 days. However, in light of the fact that the withdrawal herein is at the request of the client, and said request was first made yesterday (i.e., April 20, 2010), LPA requests that this Court find that notice was sufficient under the circumstances.

---

[2] Due to the amendments to the Local Bankruptcy Rules, it is not clear whether L.D.R. 83.6(d) applies anymore. In any event, Delaware R.P.C. 1.16 is substantially identical to the Model Rule.

[3] Rule 1.16(b) of the MRPC provides:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>     (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>     (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>     (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>     (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>     (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>     (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>     (7) other good cause for withdrawal exists.

WHEREFORE, LPA respectfully requests this Court to issue an order substantially in the form attached hereto permitting LPA to withdraw as counsel for Ms. Beall in this bankruptcy proceeding.

DATED: April 21, 2010

                                                   /s/ Christopher D. Loizides

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com