## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br><br>        Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>(Jointly Administered)<br><br>Re:  Docket Nos. 8689, 8712<br><br>Hearing Date:  May 4, 2010 at 9:00 a.m. (ET)<br>Objection Deadline : April 15, 2010 at 4:00 p.m. (ET)<br>(extended by agreement) |

**LIMITED OBJECTION OF BANK OF AMERICA, N.A., AS ADMINISTRATIVE AGENT, TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(A) FOR AN ORDER AUTHORIZING AND APPROVING RELEASE AND SETTLEMENT AGREEMENT WITH AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.)**

Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other banking and financial institutions as pre-petition secured lenders (the "Pre-Pre-Petition Secured Parties") under that certain Second Amended and Restated Credit Agreement (the "Credit Agreement"), dated as of August 10, 2006, by its undersigned attorneys, hereby submits this limited objection to the Debtors' Motion Pursuant to Section 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for an Order Authorizing and Approving the Release and Settlement Agreement with American Home Mortgage Servicing, Inc. ("AHMSI") (f/k/a AH Mortgage Acquisition Co., Inc. [D.I. 8689] (the "Motion") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[1]  In support of this

---

[1]    The Debtors are American Home Mortgage Holdings, Inc., American Home Mortgage Acceptance, Inc., American Home Mortgage Corp., American Home Mortgage Investment Corp., American Home Mortgage Servicing, Inc., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp.

limited objection (the "Objection"), the Administrative Agent respectfully represents to the Court as follows:

## LIMITED OBJECTION[2]

1.      The Motion seeks approval of a "global" settlement of claims asserted by AHMSI (the "Purchaser") related to its purchase of the Debtors' servicing business and related assets (the "Servicing Assets"). The purchase was consummated pursuant to an asset purchase agreement ("APA") that was approved pursuant to this Court's Order entered on October 30, 2007 (the "Approval Order"). The Administrative Agent, which held a first priority perfected security interest in the Servicing Assets, agreed to allow a portion of the sale proceeds to be placed into an escrow (the "Cure Escrow"), for the sole purpose of funding the Debtors' payment of certain specific cure obligations under Servicing Agreements and other contracts assigned to the Purchaser ("Seller Cure Amounts"). The Approval Order provided that the Administrative Agent retained its security interests and liens on all amounts in the Cure Escrow. Approval Order at ¶11.

2.      The Approval Order included a schedule of all Seller Cure Amounts arising prior to the entry of the Approval Order and established bar dates for parties to assert additional claims for Seller Cure Amounts. Those bar dates passed more than three years ago. The Purchaser did not assert claims for Seller Cure Amounts, nor does it have the right to assert any such claims.

3.      The Debtors have resolved the majority of the claims for Seller Cure Amounts, and at this time, the funds in the Cure Escrow exceed the amount required to pay the Seller Cure Amounts. Pursuant to the Approval Order and the Cure Escrow Agreement executed pursuant thereto, all funds in the Cure Escrow in excess of the amount required to pay the Seller Cure

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

Amounts must be paid to the Administrative Agent and applied toward satisfaction of the outstanding claims of the Lenders.[3] The Debtors have not complied with this obligation to date, but the Administrative Agent is in discussions with the Debtors and hopes to resolve that issue without the need for this Court's intervention.

4.     The Administrative Agent is prepared to defer to the Debtors' business judgment concerning the overall economic terms embodied in the Settlement Agreement.  However, the Administrative Agent feels compelled to file this limited Objection because sections 5 and 7 of the Settlement Agreement, in contravention of the APA and the Approval Order, appear to preserve for the Purchaser an alleged right to seek recourse against the Cure Escrow for so-called "account shortfall claims."  *See* Settlement Agreement at §§ 5, 7, Exhibit C.[4]  Since the Purchaser has no right of recourse against the Cure Escrow, this attempt to position the Purchaser to make such a claim is inappropriate.

5.     The Debtors are required to direct the Escrow Agent to pay all excess funds in the Cure Escrow to the Administrative Agent, not hold those funds hostage for the benefit of the Purchaser in the event that the Purchaser wishes to make a claim for those funds.  To avoid confusion and ambiguity where none otherwise exists, all references to the Cure Escrow and the

---

[3]     The Cure Escrow Agreement was approved by and incorporated by reference into the Approval Order. Approval Order at ¶37.

[4]     Sections 5 and 7 of the Settlement Agreement carve out from the released claims the Account Shortfall Claims as identified on Exhibit C, and further provide that the Purchaser's right to assert such claims against the Cure Escrow will be preserved. See Settlement Agreement, §§ 5, 7. Exhibit C of the Settlement Agreement seeks to preserve the Purchaser's right to assert "[a]ny and all claims of AHMSI against the Sellers for breach of the APA resulting from or relating to any cash shortfall in an investor's principal and interest account or a borrower's taxes and insurance account, including, without limitation, those described in paragraphs 35, 37, 38, 40, or 41 of the AHMSI Motion (such claims, collectively, the "Account Shortfall Claims"). See Settlement Agreement, at Ex. C.

alleged or implied right of the Purchaser to pursue claims against the Cure Escrow should be stricken from the Settlement Agreement as a condition to its approval by this Court.

## CONCLUSION

WHEREFORE, the Administrative Agent respectfully requests that the Court (i) sustain the Objection, (ii) require that the Settlement Agreement be modified to eliminate all references to any right of the Purchaser to seek recourse or assert claims against the Cure Escrow and (iii) grant such other and further relief in favor of the Administrative Agent as is just and proper.

Dated: April 28, 2010
        Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

By: _____
Laurie Selber Silverstein (DE Bar 2396)
P. O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware  19899
(302) 984-6000

- and -

KAYE SCHOLER LLP
Margot B. Schonholtz
Ana M. Alfonso
425 Park Avenue
New York, NY  10022

*Counsel for Bank of America, N.A. as Administrative Agent under that certain Second Amended and Restated Credit Agreement, dated as of August 10, 2006*

Pac#964080