# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                                         Chapter 11
AMERICAN HOME MORTGAGE HOLDINGS,                              Case No. 07-10416 (KJC)
INC., *et al.*,[1]                                            (Jointly Administered)

                    Debtors.
------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned debtors (collectively, the "*Debtors*"), on the one hand, and MERSCORP, Inc. and its subsidiary, Mortgage Electronic Registration Systems, Inc. ("*MERS*," and together with the Committee, the "*Parties*"), on the other, sets forth the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"); and

**WHEREAS**, on or about October 22, 2007, MERS filed a claim against the Debtors in the amount of $79,321.85, which is identified in the claims register as claim number 1727 (the "*Defendant Filed Claim*");

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

**WHEREAS**, August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS**, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS**, on February 23, 2009, the Bankruptcy Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS**, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of action under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of the Bankruptcy Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan; and

**WHEREAS**, on July 8, 2009, the Bankruptcy Court entered an order approving the Stipulation; and

**WHEREAS**, on or about July 8, 2009, the Committee informed MERS that the Debtors' books and records indicated that MERS had received transfers from the Debtors totaling $306,690.80, as set forth on Exhibit A (the "*Transfers*"), which the Committee asserts are subject

-2-

to avoidance pursuant to chapter 5 of the Bankruptcy Code; and

**WHEREAS**, the parties have entered into certain agreements tolling the statute of limitations (as presently renewed through April 30, 2010 and as may be subsequently renewed or extended, the "*Tolling Agreement*"); and

**WHEREAS**, MERS denies liability and asserts that the Transfers are subject to numerous defenses; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement:

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1. The recitals set forth above are incorporated herein by reference.

2. The settlement sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of $75,000.00 (the "*Settlement Sum*"), and such check shall be delivered to Receivable Management Services, Attn: B. Elizabeth Plank, Esq.; 307 International Circle, Suite 270; Hunt Valley, MD 21030, so that it is received within seven (7) business days of MERS's counsel's receipt of a copy of the Settlement Agreement executed by counsel for the Committee.

3. Within thirty (30) calendar days of receipt of the Settlement Sum, the Committee shall file and serve a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval of the Settlement Agreement by the Bankruptcy Court.

4. Except as to the provisions of paragraph six, below, which shall become

effective immediately upon full execution of this Settlement Agreement, the Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

5. Upon the entry of a Final Order and the Committee's receipt of the Settlement Sum in good funds, the Tolling Agreement shall be deemed null and void and of no further effect.

6. Pending the entry of a Final Order, neither the Committee, the Debtors, nor the Debtors' estates, including all of their respective successors and assigns, shall file an Avoidance Action against MERS, including its successors and assigns, unless (a) MERS, including its successors and assigns, fails to pay the Settlement Sum as required in the Settlement Agreement, (b) the Settlement Sum is not delivered in good funds, (c) the Settlement Agreement is not approved by the Bankruptcy Court, or (d) an order approving the Settlement Agreement has not become final and non-appealable on or before April 26, 2010 and MERS has refused to extend/renew the Tolling Agreement.

7. If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, (i) the Settlement Agreement shall be deemed null and void and (ii) any portion of the Settlement Sum which has been paid in good funds by MERS and received by the Committee

shall be returned within seven (7) business days of the entry of such non-approval or reversal order.

8. Conditional upon adherence by the Committee, the Debtors, and the Debtors' estates, including all of their respective successors and assigns, to the provisions of paragraph six, above, MERS' receipt of a fully-executed copy of the Settlement Agreement, and upon entry of a Final Order, MERS, including all of its successors and assigns, hereby (a) releases, acquits and discharges the Committee, the Debtors, and the Debtors' estates, and each of their respective successors and assigns, of and from any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities including, but not limited to, any unsecured or administrative claims, (b) releases, waives and agrees to the disallowance of any general unsecured claims filed by, or scheduled on behalf of, MERS including, but not limited to, the Defendant Filed Claim, (c) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h), (d) releases any existing claims, or requests for payment, filed by MERS against the Debtors' estates pursuant to 11 U.S.C. § 503 that have not already been paid as of March 31, 2010, and (e) waives any right to file a claim, or request for payment, against the Debtors' estates pursuant to 11 U.S.C. § 503; provided, however, that nothing contained herein shall be deemed to release any obligations that the Committee, the Debtors, and/or the Debtors' estates has or have under this Settlement Agreement.

9. Conditional upon adherence by MERS, including all of its successors and assigns, to the provisions of paragraph 6, above, the Committee's receipt of the Settlement Sum in good funds, a fully-executed copy of the Settlement Agreement, and upon entry of a Final Order, the Committee, on behalf of itself, the Debtors, and the Debtors' estates, including all of

their respective successors and assigns, hereby releases, acquits and discharges MERS, and its successors and assigns, of and from any and all claims, damages, actions, suits, causes of action, including, without limitation, any and all Avoidance Actions, rights, liens, demands, obligations and/or liabilities; provided, however, that nothing contained herein shall be deemed to release any obligations MERS has under this Settlement Agreement.

10. The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

11. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

12. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

13. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

14. The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this

Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

15. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

16. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

17. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

18. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

19. This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: April 5, 2010
New York, New York

| **HAHN & HESSEN LLP**<br>Counsel for the Committee<br><br>By: _____<br>Mark S. Indelicato<br>Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY 10022<br>(212) 478-7200 | **MERSCORP, Inc. and**<br>**Mortgage Electronic Registration Systems, Inc.**<br><br>By: _____<br>Bill Hultman<br>Senior Vice President<br><br>1818 Library Street, Suite 300<br>Reston, VA 20190<br>(703) 761-1270 |