# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | X Chapter 11 ) ) Case No. 07-11047 (CSS) ) Jointly Administered |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | ) Related to Claims 2743 and 10764 ) ) Response Deadline: May 11, 2010 |
| Debtors', | ) 4 pm EST No hearing will be held ) unless requested or ordered by ) the Court X |

## MOTION OF DEBORAH MILLS FOR ORDER TO (I) AMEND PROOF OF CLAIM *AND* (II) MOTION FOR ORDER OF ALLOWED ADMINISTRATIVE EXPENSE CLAIM PRIORITY AGAINST THE ESTATE PURSUANT TO SECTION 503 (b) OF THE BANKRUPTCY CODE IN IMMEDIATELY AVAIALABLE FUNDS *AND* (III) ORDER OF RIGHT TO PROTECTION OF CERTAIN PROPERTY INTERSTS UNDER SECTION 361 *OR (IV)* AVOIDANCE ACTION AGAINST DEBTORS PURSUANT TO SECTION 549

NOW COMES DEBORAH MILLS ("Movant"), party in interest herein, hereby moves this Honorable Court for an order to amend my proof of claim (CLAIM # 2743), amended claim 10764 registered, **AND** motions for an order of an allowed administrative claim priority against the estate pursuant to section 503 (b) of the bankruptcy code. In support of this Motion, DEBORAH MILLS respectfully states, incorporating my original claim in its entirety and thus this amendment conserves and supersedes as follows:

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp.") (1407); Homegate Settlement Services, Inc ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Simply stated, I'm seeking the court for an order to *allow* my amended claim 10764 against AHM (against all debtors). I am amending my secured portion of the claim for a total amended secured amount of $634,954.46 and the remaining unsecured of $747,545.54. The previous secured claim portion sought recovery of $212,500 on claim 2743. I respectfully request allowance my amended claim 10764 whereby it conserves, in its entirety, and supersedes 2743.

The $634,954.46 reflects the exact amount the debtors received in liquidating of the property that I *specifically* claimed against the estate and was liquidated without my claim being addressed. Exhibit A shows my account of the money received. Exhibit B shows county records of transfer of title from the estate.

*Because* of this, and the <u>history</u> of my claim both pre and post petition, I feel this is a post petition error or even crime on the estate, demanding an order for an allowed administrative expense claim priority against the estate pursuant to section 503(b) of the bankruptcy code payable in immediately available funds.

The debtors had a *lawful* obligation to protect my claimed interest and debtors (and, I ask pardon for this in advance, debtors counsel I might add) flat out disregarded the principle right of any entity asserting an interest in the debtor's assets to "adequate protection" of that interest (section 361). *I was robbed of this right and protection as a direct consequence of debtors action or lack of action.*

This is a fraudulent transfer: A transfer of a debtor's property made with intent to defraud or for which the debtor receives less than the transferred property's value.

Further, *because* of that, (and I'm confident I'm not alone on this in reviewing other institutional claimants) the estate has neglected, or under utilized, its power to avoid

unauthorized post-petition asset transfers (section 549); and restrictions on the debtor's ability to use, sell, or lease its property outside the ordinary course of its business (section 363). Debtor's business is liquidation *in order* to make good to its creditors. The sooner the debtors (and debtors counsel) fully embrace, recognize and *begin* operating on that premise, the sooner the benefit of liquidation to creditors will be realized which, again, is the business of the debtors.

*Under Section 361 when adequate protection is required under 362, 363, or 364 it must be provided unless an "equivalent" administrative expense is ordered.* Even still, my claim was under a standing objection during the disposition of the property. The objection was withdrawn by debtor's counsel, without stating any reason, in June 2009.

I've made numerous offers to settle the claim or come to resolution to no avail. The debtors should've resolved my claim first before disposing of the property. Otherwise I now have no recourse except for monetary damages, even though its been clear as crystal my interest was my *home* back.

As of now they have never offered any agreement or settlement as directed by the plan to do so. Even though now I make no offers for the property, they recently, coincidently, offered another claimant, ordered by this court, substantially the same deal I offered debtors and this court for my home over a year and a half ago. That claimant now gets to buy his property back for $100,000.. See Exhibit C my proposed Sale Order and Purchase Agreement and response from Debtors counsel. See also Docket 8490

When debtors counsel is asked about this their response is "I did that for the benefit of the estate". I have been singled out by the debtors and their conduct and tactics have only served as obstacles to claim resolution.

Finally, in the alternative, should this court not grant this motion for amendment, and allowance and payment of a priority administrative claim, I move the court for Order of Avoidance Action prosecuted AGAINST the estate itself pursuant to section 549 of the bankruptcy code.

Debtors continue to demonstrate lack of good business sense. *Debtors have double benefited from this property to my detriment.* The damages continue, I have never recovered the lost savings. The mental and emotional grievance caused is painful; I cannot even talk about it. I wish I could express the anger and frustration as this living hell continues on so long as this claim exists. And I say to this Honorable Court, these cases have gone on far too long and without resolution continue the damages.

Debtors repeatedly assert these are complicated cases; the fact of the matter is if they are complicated it is because there simply is no truth in them. Debtors have double benefited from this property.

And sadly, it was my understanding that funds to settle my claim, and other claimants, was to be paid by the sale of American Home Bank; according to the Office of Thrift and Savings debtors have *withdrawn* their application for sale of the bank. See Exhibit D email attachment from OTS. Not only that, I warned debtors counsel to recognize sale of the bank may not be sellable but, of course, I was assured otherwise.

Debtors Estate and its creditors may have no choice, or better served, but to convert to chapter 7 and appoint a Trustee. The incompetence of it all continues to be astonishing.

Etc.

# **CONCLUSION**

I hereby, RESPECTFULLY, move this Honorable Court to grant this motion and ORDER the following:

1. Amending claim 2743 conserved and superseded by claim 10764 and claim 10764 is ORDERED *Allowed*

And

2. An ORDER pursuant to Section 361, 362, 363, and 364 providing 'adequate protection' of funds received by the estate of disposed property in the amount of $634,954.46 for the benefit of claimant Deborah Mills claim 10764

3. An ORDER for an allowed administrative expense claim priority in the amount of $634,954.46 against the estate pursuant to section 503 (b) of the bankruptcy code in immediately available funds to be paid to Deborah Mills within Ten days of the signing of the order. Non appealable.

Or in the Alternative

4. An ORDER Avoiding the disposition of estate property post petition in violation of Section 549 for the benefit of claimant Deborah Mills claim 10764 in the amount of $634,954.46

5. Granting such other and further relief the Court deems just and proper

A proposed form of order is submitted with this motion.

/s/ *Deborah Mills*

Deborah E. Mills
2639 Crows Nest Loop
Bradley, CA 93426
805-400-7953
landscapediva@gmail.com