# Exhibit "A"

They stood beside us.

## Loan Activity

| Loan Information | |
|---|---|
| Loan Number: | 0030679690 |
| Property Address: | 1880 BURNT ROCK WAY<br>TEMPLETON, CA 93465-0000 |
| Borrower Name: | DEBORAH E MILLS |

print document

return to previous version

| Balances: | |
|---|---|
| Principal Balance: | $0.00 |
| Escrow Balance: | $0.00 |
| Unpaid Late Charges: | $0.00 |

**Disclosure:** The transactions displayed within the payment history reflect funds that you have paid and do not necessarily represent funds that are due.

| Effective Date | Description | Principal | Interest | Escrow | Amount Paid | Escrow Balance | Principal Balance |
|---|---|---|---|---|---|---|---|
| 03/19/2009 | Corporate Mvance Mjustment | $0.00 | $0.00 | $0.00 | $201.70 | $0.00 | $0.00 |
| 03/19/2009 | Corporate Mvance Mjustment | $0.00 | $0.00 | $0.00 | $10.74 | $0.00 | $0.00 |
| 03/19/2009 | Corporate Mvance Mjustment | $0.00 | $0.00 | $0.00 | $201.70 | $0.00 | $0.00 |
| 03/19/2009 | Corporate Mvance Mjustment | $0.00 | $0.00 | $0.00 | $10.74 | $0.00 | $0.00 |
| 02/26/2009 | Msc Foreclosure and Bankruptcy Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/13/2009 | Corporate Mvance Mjustment | $0.00 | $0.00 | $0.00 | $19.99 | $0.00 | $0.00 |
| 02/13/2009 | Corporate Mvance Mjustment | $0.00 | $0.00 | $0.00 | $19.99 | $0.00 | $0.00 |
| 02/10/2009 | Msc Foreclosure and Bankruptcy Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2009 | Msc Foreclosure and Bankruptcy Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2009 | Msc Foreclosure and Bankruptcy Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/29/2009 | Msc Foreclosure and Bankruptcy Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Late Charge Waived | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $634,954.46 |

4/13/2009 12:18 PM

| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $815.67- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.29-- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $471.48- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $000 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $652.08- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $000 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $(3,00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2809 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |
| 01/20/2009 | Corporate Advance Adjustment | $0.00 | $0.00 | $0.00 | $999.99- | $0.00 | $634,954.46 |
| 01/20/2009 | Funds Applied | $0.00 | $0.00 | $0.00 | $0.01 | $0.00 | $634,954.46 |

© 2008 American Home Mortgage Servicing, Inc. All rights reserved.
Copyright © 2000 2009. Lender Processing Services, Inc. All Rights Reserved.

4/13/2009 12:18 P!

# Exhibit "B"

**22 records are found for American Home between 01/01/2009 and 01/30/2009.**

To view the details for a document  please click "Select".

To return to the search page, click   New search  .

| - | Document Number | Document Date | Document Type | Grantor/Grantee | . |
|---|---|---|---|---|---|
| 11 | 2009002296 | 1/16/2009 | Assignment  Of Deed Of Trust | American  Home MtgCorp | Select |
| 12 | 2009000517 | 1/6/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |
| 13 | 2009000518 | 1/6/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |
| 14 | 2009000519 | 1/6/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |
| 15 | 2009000520 | 1/6/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |
| **16** | **2009001520** | **1/13/2009** | **Deed(Grant,Joint.  Tenancy,Quit)** | **American  Home Mtg Servicing Inc** | Select |
| 17 | 2009002412 | 1/20/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |
| 18 | 2009003669 | 1/27/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |
| 19 | 2009003738 | 1/27/2009 | Deed(Grant,Joint   Tenancy,Quit) | American  Home Mtg Servicing  Inc | Select |
| 20 | 2009003878 | 1/28/2009 | Assignment  Of Deed Of Trust | American  Home Mtg Servicing  Inc | Select |

Previous  .    Next  .

The current  page  is 2
The total number  of pages  is 3

| Document Number | Document Date | Pages | Document  Type |
|---|---|---|---|
| 2009001520 | January 13, 2009 | 1 | Deed( Grant,J oint Tenancy,Quit) |

| Grantor: | Grantee: |
|---|---|
| AMERICAN  HOME  MTG SERVICING INC | EHRKE ROBERT S<br>THORNDYKE  BRIAN<br>TOBEY DOUGLAS |

# Exhibit "C"

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
**1000** WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  **19801**

P.O. Box 391

WILMINGTON, DELAWARE  [19899-0391]

(302) 571-6600
(800) 253-2234  (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. Box 594
GEORGETOWN, DELAWARE  19947
(302) 856-3571
(800) 255-2234  (DE ONLY)
FAX (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL   302-571-6753
DIRECT FAX   302-576-3416
mwhiteman@ycst.com

September 15, 2008

**BY FIRST CLASS MAIL**

Mr. Anthony Esquivel & Ms. Deborah Mills
3679 Pine Ridge Road
Bradley, CA 93426

        Re:    1880 Burnt Rock Way, Templeton, California

Dear Mr. Esquivel and Ms. Mills:

      This letter is in response to your email dated September 3, 2008 to Mr. James Patton of our office. By your email, you requested that American Home Mortgage ("ARM") sell you certain real-estate owned property located at 1880 Burnt Rock Way, Templeton, California (the "Property") for a purchase price of $300,000.

      Please be advised that previous appraisals have estimated the Property at a value of approximately $1.3 million. Accordingly, ARM does not intend to sell the Property at your requested purchase price. To the extent that you wish to make another, substantially higher offer on the Property, please contact ARM's realtor for this Property, Joann Outland, atjoaml@outlandinc.com

                           Very truly yours,

                           Margareli.    Whiteman

cc:     Sean Beach, Esq. (by email)
        Joseph McMahon, Esq. (by email)
        Mark Indelicato, Esq. (by email)

                                  

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x  Chapter 11

In re:                                                                 :

                                            :  Case No. 07-11047 (CSS)

                                            :

AMERICAN HOME MORTGAGE                         :

HOLDINGS, INC., a Delaware corporation, et al.,  :  Jointly Administered

                                    Debtors.'  :  Objection Deadline: September 8, 2008 at 4:00 p.m. (ET)

                                            :

------------------------------------------------------------ x  Hearing Date: September 15, 2008 at 10:00 a.m.(ET)

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) APPROVING THE SALE AGREEMENT, (II) AUTHORIZING THE PRIVATE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et se q. (the "Bankruptcy"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptc Rules"), (i) authorizing the private sale (the "Sale") of certain property (as described in greater detail below) on an "AS IS, WHERE IS" basis, free and clear of all liens, claims, encumbrances and interests to debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), hereby submit to Ms. Deborah Mills and Mr. .R. Anthony Esquivel, individuals (the "Purchaser") pursuant to the terms and conditions of the Sale Agreement (the "Sale Agreement"), by and between AHM Corp. (the "Seller") and Purchaser, a copy of which is attached hereto as Exhibit A; (ii) authorizing and approving the terms of the Sale Agreement; and (iii) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp.") (1407); Homegate Settlement Services, Inc ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, along with Bankruptcy Rules 2002, 6004 and 9014.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered to an order of this court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official "Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed. Only to our knowledge attorney's from the law firms Hahn & Hessen LLP and BlankRome LLP are serving as Co-counsel for the Committee.

## RELIEF REQUESTED

5.      By this Motion, the Debtors seek entry of an order, pursuant to sections 105 (a) and 363 (b) of the Bankruptcy Code and Bankruptcy Rules 2002,6004 and 9014, (i) authorizing the Sale pursuant to the Sale Agreement, (ii) authorizing and approving the Sale Agreement and (iii) granting related relief.

**I.      The Debtors' Marketing Efforts for the Sale**

.6.     The Debtors have marketed the Purchased Assets[2] and have done so in a manner that they believe is appropriate and cost efficient given the value of these assets. Initially, action involving the liquidation of REO assets resulted in a single failed auction that was implemented by the Debtors and marketing of assigned listing agents.

The Debtors' believe in the concept of the time value of money and take account of it in order to maximize the value of the estates. Very few have been sold and many on market for over 360 days due to the continuing rapid disintegration in the value of these assets and on going credit crisis thus restricting the pool of qualified and capable persons resulting in preventing them to purchase a home or attempts to avoid foreclosure. The Purchasers had been the previous owners of the assets and approached the Debtors on several occasions with several offers. All were rejected by the Debtors over a period of 18 months. The sale will be for fair and reasonable value as the Purchaser has agreed to provide consideration for the Purchased Asset equal to $300,000. As explained above, the Debtors have marketed the Purchased Assets in a manner that they believe is appropriate and cost efficient given the value of these assets. In light of the foregoing, the Debtors believe the purchase price provides fair and reasonable value for the Purchased asset.

## II.  Summary of Proposed Terms of the Sale

7.    Pursuant to the terms of the Sale Agreement, the Debtors' propose to sell to Ms. Mills and Mr. Esquivel the Purchased Asset free and clear of all liens, claims, encumbrances and other interests. The Sale Agreement is subject to the Court's approval.

8.    The material terms of the Sale Agreement are as follows:

A.    **Purchase and Sale of Asset.** Upon the terms and provisions of the Sale Agreement, the Seller agrees to assign, grant, sell, transfer, convey and deliver to the purchaser, its successors and assigns, free and clear of any and all liens or encumbrances, all of the Seller's rights, title and interest in and to all of the Asset set forth on schedule A to the Sale Agreement ("The Purchased Asset"). The Purchased Asset includes the following:

   i.    **Property number: 1000928512, U.S. Bankruptcy Claim 2743, Single Family Residence, 1880 Burnt Rock Way Templeton, CA 93465, San Luis Obispo County;APN: 020-285-020, Legal Description; Parcel 95 PM 56-39**

B.    **Purchase Price.** The consideration paid by the Purchaser for the Purchased Asset is $300,000 (the "Purchase Price").

C.    **Condition of Purchased Asset.** Except as expressly set forth in the Sale Agreement, the Purchaser is purchasing the Purchased Asset in their **"AS IS, WHERE IS" CONDITION.**

**III.    The Sale of the Purchased Asset Should Proceed by Private Sale**

9.    For reason explained below, and throughout this Motion, the Debtors believe approval of this private sale of the Purchased Asset to the Purchaser pursuant to the terms of the Sale Agreement is appropriate.

**A.    *Sale of the Purchased Asset Substantially Pursuant to the Terms of the Sale Agreement Should be Approved.***

10.    Section 363(b)(1) of the Bankruptcy Code provides: " the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105 (a) of the Bankruptcy Code provides: " the Court may issue   any order, process, or judgment that is necessary or appropriate to carry out the   provisions of this title". In pertinent part Bankruptcy rule 6004 states that, "all sales not  in the ordinary course of business may be by private sale or by public auction" With  respect to the notice required in connection with a private sale, Bankruptcy Rule 2002(c)(1) states, in pertinent part, that,

> ...the proposed use, sale or lease of property....shall
> Include....the terms and conditions of any private sale and the
> deadline for filing any objections. The notice of a proposed use, sale or
> lease of property, including real estate, is sufficient if it generally
> describes the property.

**IV.    Proposed Purchase a Manner of Good Faith and Debtors Business Judgment**

11.    To summarize, the Debtors' informed business judgment, there is very little, if anything, to be gained by conducting a formal auction of the Purchased Asset. Even if there were other entities willing and able to overbid the Purchaser for the Purchased Asset, which the Debtor believes to be unlikely, the delay, uncertainty and the administrative expenses attendant to the auction process would be unfavorable to the Debtors, their estates and creditors. For these reasons, the court should not force the parties to conduct a public sale or to establish bidding procedures contrary to the Sales Agreement and the Debtors business judgment, but instead approve the sale of the Purchased Asset to the Purchaser

A.    *The Sale Transfer Should be Clear and Free of all Liens, Claims and Interests*

In accordance with section 363(f) of the Bankruptcy Code, a debtor in possession may well sell property under section 363(b) "free and clear of any interest of such property of an entity of the estate" if any one of the following conditions are satisfied: (i) such a sale is permitted under applicable non-bankruptcy law; (ii) the party asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a *bona fide.*dispute; or (v) the party asserting the lien, claim, or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. Furthermore, courts have held that they have the equitable power to authorize sales free and clear of interest that are not specifically covered by section 363(f).

12. *Bankruptcy Rule 363(b)*

Bankruptcy Rule 363(b) in pertinent provides *"the bankruptcy court should have wide latitude approving even a private sale of all or substantially all of the estates assets not in the ordinary course of business under Section 363(b)* The Bankruptcy court *"has ample discretion to administer the estate, including the authority to conduct public or private sales of estate property"*

12. **Relief from the Ten-Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate**

Bankruptcy Rule 6004(h) provides that an *"order authorizing the use, sale or leasing ...is stayed until the expiration of 10 days after entry of the order, unless the cour orders otherwise"* We request of the Court that the order approving the Sale agreement be effective immediately by providing that the (10) day stay under Bankruptcy Rule 6004(h) is waived.

# CONCLUSION

WHEREFORE, the Debtors' respectfully request entry of the proposed order, substantially in the form attached hereto as <u>Exhibit A</u> (i) approving the private sale of the Purchased Assets to Ms. Deborah Mills and Mr. R. Anthony Esquivel ("the Purchasers", (ii) approving of the Sales Agreement and (iii) granting such other and further relief the court deems just and proper.


Dated: Willminton, Delaware          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
      September____, 2008


**James L. Patton, Jr.(No. 2202)**
**Robert S. Brady (No. 2847)**
**Sean M. Beach (No. 4070)**
**Matthew B. Lunn (No. 4119)**
**Robert F. Poppiti, Jr. (No. 5052)**
**The Brandywine Building**
**1000 West Street, 17th Floor**
**Wilmington, Delaware 19801**
**Telephone: (302) 571-6600**
**Facsimile: (302) 571-1253**

**Counsel for Debtors and Debtors – In – Possession**

# EXHIBIT A

## Sale Agreement

## PURCHASE AGREEMENT AND BILL OF SALE

This PURCHASE AGREEMENT AND BILL OF SALE (this "Bill of Sale") dated as of September _, 2008, is made and executed among AMERICAN HOME MORTGAGE CORP., a New York corporation (the "Seller"), and Ms. Deborah Mills and Mr. Anthony Esquivel, individuals (collectively the "Purchaser").

## W I T N E S S E T H

WHEREAS, Seller, as debtor and debtor in possession, and certain affiliates of Seller have filed voluntary petitions for relief pursuant to Chapter 11 ("Chapter 11 ") of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") captioned as *In re: American Home Mortgage Holdings, Inc.,* Chapter 11 Case No. 07-11047 (CSS), jointly administered; and

WHEREAS, Seller has agreed to sell and Purchaser has agreed to purchase the Purchased Asset (as defined below) on the terms and conditions set forth herein and as authorized under section 363 of the Bankruptcy Code and Seller has determined that a sale in accordance with section 363 of the Bankruptcy Code is in the best interests of its creditors and interest holders.

NOW, THEREFORE, for good and valuable consideration to Seller receipt of which is hereby acknowledged, Seller and Purchaser, intending to be legally bound hereby, agree as follows:

1.      Sale of Purchased Asset.     Subject to the approval of the Bankruptcy Court, Seller hereby assigns, grants, sells, transfers, conveys and delivers to Purchaser, its successors and assigns, forever all of Seller's right, title and interest in and to all of the asset identified on Schedule B attached hereto and incorporated herein (collectively, the "Purchased Asset").

2   . Payment of Purchase Price.   Contemporaneous with the execution of this Bill of Sale by Purchaser, Purchaser shall deliver the purchase price for the Purchased Assets in the amount of $300,000.00 (the "Purchase Price") to Seller by either certified check or wire transfer. Nothing expressed or implied in this Bill of Sale shall be deemed to be an assumption by Purchaser of any liabilities of Seller. Purchaser does not by this Bill of Sale agree to assume or agree to pay, perform or discharge any liabilities of Seller of any nature, kind or description whatsoever.
.

3.    "As Is Where Is" Transaction. Purchaser hereby acknowledges and agrees that Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Purchased Assets. Without in any way limiting the foregoing, Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to the Purchased Asset. Purchaser further acknowledges that Purchaser has conducted an independent inspection and investigation of the physical condition of the Purchased Asset and all such other matters relating to or affecting the Purchased Asset as Purchaser deemed necessary or

appropriate and that in proceeding with Purchaser's acquisition of the Purchased Asset, Purchaser is doing so based upon such independent inspections and investigations. Accordingly, Purchaser will accept the Purchased Asset **"AS IS" and "WHERE IS,"**.

4.     Conditions Precedent.     The sale of the Purchased Assets pursuant to this Bill of Sale is subject to the approval by the Bankruptcy Court. Within ten (10) business days after the execution of this Bill of Sale by the parties, Seller shall cause to be filed in the Bankruptcy Court, a motion seeking an order of the Bankruptcy Court approving Seller's sale, transfer and conveyance of the Purchased Assets to Purchaser pursuant to this Bill of Sale free and clear of any and all liens, claims, or encumbrances. Seller shall act in a commercially reasonable manner to obtain such order from the Bankruptcy Court. In the event Seller is unable to obtain an order from the Bankruptcy Court approving the sale, transfer and conveyance of the Purchased Asset to Purchaser, Seller shall within three (3) business days return the Purchase Price to Purchaser in the manner such Purchase Price was delivered to Seller.

5.     Transfer and Removal of the Purchased Assets.     Purchaser agrees that it is solely responsible for arranging and paying for transfer of the Purchased Assets. Purchaser shall provide to Seller, upon demand, evidence of the Transfer of the Purchased Assets and shall be effective upon the Bankruptcy Court's entry of the order described in Section 4 above (the "Effective Time"). Title to, and risk of loss with respect to, the Purchased Assets shall vest in Purchaser at the Effective Time. Acquisition of the Purchased Assets shall be completed by Purchaser within ten (10) business days after the Bankruptcy Court issues the order described in Section 4 above.

6.     No Rights in Third Parties.     Nothing expressed or implied in this Bill of Sale is intended to or shall confer upon any party, other than Purchaser and Purchaser's successors and assigns, any rights, remedies, obligations, or liabilities under or by reason of this Bill of Sale.

7.     Successors and Assigns.     This Bill of Sale shall bind and inure to the benefit of Seller, Purchaser, and their respective successors and permitted assigns.

8.     Governing Law.     This Bill of Sale shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of law. In the event either party shall institute a legal action as a result of the default in the other party's performance under this Agreement or for any breach of this Bill of Sale, any such action shall be brought exclusively in the Bankruptcy Court.

9.     Amendment.   This Bill of Sale may be amended, modified, or supplemented only written instrument signed by both Purchaser and Seller. No supplement modification, waiver, or termination of this Bill of Sale shall be binding unless executed in writing by the party to be bound thereby.

.

10.    <u>Counterparts; Facsimile Execution</u>.    This Bill of Sale may be executed in counterparts, all of which shall constitute the same agreement, notwithstanding that all parties to this Bill of Sale are not signatory to the same or original counterpart. Delivery of an executed counterpart of this Bill of Sale by facsimile shall be equally as effective as delivery of an original executed counterpart. Any party delivering an executed counterpart of this Bill of Sale by facsimile also shall deliver an original executed counterpart of this Bill of Sale, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability and binding effect of this Bill of Sale. Signature and acknowledgement pages may be detached from the counterparts and attached to a single copy of this Bill of Sale to physically form one (1) document.

[Signature Page Follows Immediately]

.

DB02:6909880.4                                                                                                                    066585.1001

IN WITNESS WHEREOF, the parties have caused this Bill of Sale to be duly executed as of the day and year first above written.

"Seller":

AMERICAN HOME MORTGAGE CORP.

By:_____

Name:

Title:

"Purchaser"

Ms. Deborah Mills and R. Anthony Esquivel

By:_____

Name(s)

Title:

:

# EXHIBIT B

**Purchased Asset**

**Property/Loan Number: 1000928512**
**New AHM Loan Number: 0030679690**
**http://ahmsi3.com/servicing/home.asp**
**Bankruptcy Claim Number: 2743**
**Property Address: 1880 Burnt Rock Way**
**Templeton, CA 93465**
**Legal Description: Parcel 95 PM 56-39**
**Assessors Parcel Number: 020-285-020**

# Exhibit "D"



Anthony Esquivel <anthony.esquivel1@gmail.com>

# General question regarding American Home Bank

OTS  Ombudsman  <OTS.Ombudsman@ots.treas.gov>          **Fri, Mar 12, 2010 at 9:33 AM**
To: Anthony  Esquivel  <anthony.esquivel1@gmail.com>

Mr. Esquivel,

Thank  you  for  your  inquiry.   An  application  is considered  withdrawn  by  the  applicant.   OTS  must  act  on  each
application  it  receives  within  specific  time  frames.   Often,  during  the  consideration  of  an  application,  the
Applications  analyst  handling  the  file  may  ask  for  additional  information  or clarification.   Additional  issues  may
emerge  during  this  process  which  may  cause  institution  management  to reconsider  its application.   The
application  may  be  withdrawn  by  the  applicant  at  any  time  during  the  process.

If  you  would  like  to  know  more  about  our  applications  process,  the  OTS  Applications  Handbook  is  on  our
website  at  http://www.ots.treas.gov/?p=ApplicationsProcessingHandbook.          I  have  attached  Section  635  to
this  e-mail  which  discusses  capital  Distributions  and  how  we  evaluate  these  applications,  which  is the  subject
of  the  two  applications  you  reference  below.

Respectfully,

Anita  Tyndall
Assistant  Ombudsman
Office  of Thrift  Supervision
1.877.781.9044   toll  free

From: Anthony  EsqUivel [anthony.esquivell@gmail.coml
Sent: Thursday,  March  04,  2010  2:02  PM
To: OTS  Ombudsman
Subject: General  question  regarding  American  Home  Bank

Hello.

I've  been  reviewing  the  recent  applications  by  American  Home  Bank.  A decision  was  to  be  reached  by  OTS
on  Feb.  28,  2010.  Tracking  #'s  R3-2009-0235  and  R3-2009-0340  . On  reviewing  the  online  status  its
now  says  in  regards  to  the  referenced  application  the  decsion  is  "withdrawn".

Could  you  please  clarify  the  meaning  of  htis  language;  does  it  mean  the  applicant  withdrew  its  application  or
that  OTS  withdrew  the  application?

Please  advise  on  who  to  contact  for  clarification.

Thank  you  in  advance,

Anthony  Esquivel
805.400.5249
anthony.esquivel1@gmail.com

⌐, OTS  Applic  Handbook  Section  635.pdf
⌐⌐ 33K

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x   Chapter 11
In re:                                                 :
                                                       :   Case No. 07-11047 (CSS)
                                                       :
AMERICAN HOME MORTGAGE                                  :
HOLDINGS, INC., a Delaware corporation, et al.,        :   Jointly Administered
                                                       :
                                          Debtors.'    :   Objection Deadline: September 8, 2008 at 4:00 p.m. (ET)
------------------------------------------------------ x   Hearing Date: September 15, 2008 at 10:00 a.m.(ET)
```

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, (I) APPROVING THE SALE AGREEMENT, (II) AUTHORIZING THE PRIVATE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, AND (III) GRANTING RELATED RELIEF

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the this motion (the "Motion") for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et se q. (the "Bankruptcy"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptc Rules"), (i) authorizing the private sale (the "Sale") of certain property (as described in greater detail below) on an "AS IS, WHERE IS" basis, free and clear of all liens, claims, encumbrances and interests to debtors and debtors in possession in the above cases (collectively, "AHM" or the "Debtors"), hereby submit to Ms. Deborah Mills and Mr. .R. Anthony Esquivel, individuals (the "Purchaser") pursuant to the terms and conditions of the Sale Agreement (the "Sale Agreement"), by and between AHM Corp. (the "Seller") and Purchaser, a copy of which is attached hereto as Exhibit A; (ii) authorizing and approving the terms of the Sale Agreement; and (iii) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp.") (1407); Homegate Settlement Services, Inc ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, along with Bankruptcy Rules 2002, 6004 and 9014.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered to an order of this court.

4.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official "Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed. Only to our knowledge attorney's from the law firms Hahn & Hessen LLP and BlankRome LLP are serving as Co-counsel for the Committee.

## RELIEF REQUESTED

5.      By this Motion, the Debtors seek entry of an order, pursuant to sections 105 (a) and 363 (b) of the Bankruptcy Code and Bankruptcy Rules 2002,6004 and 9014, (i) authorizing the Sale pursuant to the Sale Agreement, (ii) authorizing and approving the Sale Agreement and (iii) granting related relief.

### I.      The Debtors' Marketing Efforts for the Sale

.6.      The Debtors have marketed the Purchased Assets[2] and have done so in a manner that they believe is appropriate and cost efficient given the value of these assets. Initially, action involving the liquidation of REO assets resulted in a single failed auction that was implemented by the Debtors and marketing of assigned listing agents.

The Debtors' believe in the concept of the time value of money and take account of it in order to maximize the value of the estates. Very few have been sold and many on market for over 360 days due to the continuing rapid disintegration in the value of these assets and on going credit crisis thus restricting the pool of qualified and capable persons resulting in preventing them to purchase a home or attempts to avoid foreclosure. The Purchasers had been the previous owners of the assets and approached the Debtors on several occasions with several offers. All were rejected by the Debtors over a period of 18 months. The sale will be for fair and reasonable value as the Purchaser has agreed to provide consideration for the Purchased Asset equal to $300,000. As explained above, the Debtors have marketed the Purchased Assets in a manner that they believe is appropriate and cost efficient given the value of these assets. In light of the foregoing, the Debtors believe the purchase price provides fair and reasonable value for the Purchased asset.

## II.    Summary of Proposed Terms of the Sale

7.    Pursuant to the terms of the Sale Agreement, the Debtors' propose to sell to Ms. Mills and Mr. Esquivel the Purchased Asset free and clear of all liens, claims, encumbrances and other interests. The Sale Agreement is subject to the Court's approval.

8.    The material terms of the Sale Agreement are as follows:

A.    <u>Purchase and Sale of Asset.</u> Upon the terms and provisions of the Sale Agreement, the Seller agrees to assign, grant, sell, transfer, convey and deliver to the purchaser, its successors and assigns,  free and clear of any and all liens or encumbrances, all of the Seller's rights, title and interest in and to all of the Asset  set forth on <u>schedule A</u>  to the Sale Agreement ("The Purchased Asset"). The Purchased Asset includes the  following:

   i.    **Property number: 1000928512, U.S. Bankruptcy Claim 2743, Single Family Residence, 1880 Burnt Rock Way Templeton, CA 93465, San Luis Obispo County;APN: 020-285-020, Legal Description; Parcel 95 PM 56-39**

B.    <u>Purchase Price.</u> The consideration paid by the Purchaser for the Purchased Asset is $300,000 (the "Purchase Price").

C.    <u>Condition of Purchased Asset.</u> Except as expressly set forth in the Sale Agreement, the Purchaser is purchasing the Purchased Asset in their **"AS IS, WHERE IS" CONDITION.**

**III.    The Sale of the Purchased Asset Should Proceed by Private Sale**

9.    For reason explained below, and throughout this Motion, the Debtors believe approval of this private sale of the Purchased Asset to the Purchaser pursuant to the terms of the Sale Agreement is appropriate.

### A.    *Sale of the Purchased Asset Substantially Pursuant to the Terms of the Sale Agreement Should be Approved.*

10.    Section 363(b)(1) of the Bankruptcy Code provides: " the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105 (a) of the Bankruptcy Code provides: " the Court may issue  any order, process, or judgment that is necessary or appropriate to carry out the  provisions of this title". In pertinent part Bankruptcy rule 6004 states that, "all sales not  in the ordinary course of business may be by private sale or by public auction" With  respect to the notice required in connection with a private sale, Bankruptcy Rule 2002(c)(1) states, in pertinent part, that,

> ...the proposed use, sale or lease of property....shall
> Include....the terms and conditions of any private sale and the
> deadline for filing any objections. The notice of a proposed use, sale or
> lease of property, including real estate, is sufficient if it generally
> describes the property.

**IV.    Proposed Purchase a Manner of Good Faith and Debtors Business Judgment**

11.    To summarize, the Debtors' informed business judgment, there is very little, if anything, to be gained by conducting a formal auction of the Purchased Asset. Even if there were other entities willing and able to overbid the Purchaser for the Purchased Asset, which the Debtor believes to be unlikely, the delay, uncertainty and the administrative expenses attendant to the auction process would be unfavorable to the Debtors, their estates and creditors. For these reasons, the court should not force the parties to conduct a public sale or to establish bidding procedures contrary to the Sales Agreement and the Debtors business judgment, but instead approve the sale of the Purchased Asset to the Purchaser

A.      *The Sale Transfer Should be Clear and Free of all Liens, Claims and Interests*

In accordance with section 363(f) of the Bankruptcy Code, a debtor in possession may well sell property under section 363(b) "free and clear of any interest of such property of an entity of the estate" if any one of the following conditions are satisfied: (i) such a sale is permitted under applicable non-bankruptcy law; (ii) the party asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a *bona fide.*dispute; or (v) the party asserting the lien, claim, or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. Furthermore, courts have held that they have the equitable power to authorize sales free and clear of interest that are not specifically covered by section 363(f).

12.    *Bankruptcy Rule 363(b)*

Bankruptcy Rule 363(b) in pertinent provides *"the bankruptcy court should have wide latitude approving even a private sale of all or substantially all of the estates assets not in the ordinary course of business under Section 363(b)* The Bankruptcy court *"has ample discretion to administer the estate, including the authority to conduct public or private sales of estate property"*

12.    **Relief from the Ten-Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate**

Bankruptcy Rule 6004(h) provides that an *"order authorizing the use, sale or leasing …is stayed until the expiration of 10 days after entry of the order, unless the cour orders otherwise"* We request of the Court that the order approving the Sale agreement be effective immediately by providing that the (10) day stay under Bankruptcy Rule 6004(h) is waived.

## CONCLUSION

WHEREFORE,  the Debtors' respectfully request entry of the proposed order, substantially in the form attached hereto as <u>Exhibit A</u>  (i) approving the private sale of the Purchased Assets to Ms. Deborah Mills and Mr. R. Anthony Esquivel ("the Purchasers", (ii) approving of the Sales Agreement and (iii) granting such other and further relief the court deems just and proper.

**Dated: Willminton, Delaware**
**September_____, 2008**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

**James L. Patton, Jr.(No. 2202)**
**Robert S. Brady (No. 2847)**
**Sean M. Beach (No. 4070)**
**Matthew B. Lunn (No. 4119)**
**Robert F. Poppiti, Jr. (No. 5052)**
**The Brandywine Building**
**1000 West Street, 17th Floor**
**Wilmington, Delaware 19801**
**Telephone: (302) 571-6600**
**Facsimile: (302) 571-1253**

**Counsel for Debtors and Debtors – In – Possession**