IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Ref. Docket No. <u>5170</u> |

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE SALE OF MORTGAGE LOANS AND REO PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) AUTHORIZING AND APPROVING SALE AGREEMENT THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the consideration of the certification of counsel (the "<u>Certification</u>")[1] of American Home Mortgage Holdings, Inc., and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, "<u>AHM</u>" or the "<u>Debtors</u>"),[2] pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (the "<u>Bankruptcy Code</u>"), for entry of an order: (i) authorizing the sale (the "<u>Sale</u>") of certain pools of mortgage loans and REO properties (collectively, the "<u>Mortgage Loans</u>") free and clear of liens, claims, encumbrances, and interests, pursuant to the fully executed Loan Sale and Interim Servicing Agreement, dated as of April 9, 2010 (the "<u>Sale Agreement</u>," attached hereto as <u>Exhibit A</u>) by and among G2 Capital Group LLC (the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Sale Agreement.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("<u>AHM Investment</u>"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("<u>AHM Acceptance</u>"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("<u>AHM Servicing</u>"), a Maryland corporation (7267); American Home Mortgage Corp. ("<u>AHM Corp.</u>"), a New York corporation (1558); American Home Mortgage Ventures LLC ("<u>AHM Ventures</u>"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("<u>Homegate</u>"), a New York corporation (7491); and Great Oak Abstract Corp. ("<u>Great Oak</u>"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

"Purchaser"), American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., and American Home Mortgage Servicing Inc. (the "Interim Servicer") (ii) authorizing and approving the Sale Agreement related thereto, and (iii) granting such other related relief as the Court deems just and proper; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest:

FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The Court has jurisdiction over the Debtors pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C. For the reasons set forth in the Certification, due and adequate notice of the Sale has been provided to all parties entitled to notice under the Court's *Order Pursuant to Bankruptcy Code Section 363 and Bankruptcy Rule 9019(b) Order Authorizing the Debtors to Compromise or Sell Certain Mortgage Loans in the Ordinary Course of Business without Further Hearing or Notice* [D.I. 5170] (the "Miscellaneous Sale Order"), and no other or further notice is necessary. A reasonable opportunity to object or to be heard with respect to the Sale has been afforded to all persons entitled to notice under the Miscellaneous Sale Order.

D. The Debtors, having satisfied the requirements of the Miscellaneous Sale Order, are authorized to proceed with the Sale under the Miscellaneous Sale Order and the terms of the Sale Agreement.

E. The Debtors are authorized to sell and assign the Mortgage Loans to the Purchaser.

F.  The Debtors are not selling personally identifiable information to the Purchasers. Additionally, (i) the privacy policy given by the Debtors to homeowners does not prohibit the sale contemplated under the Sale Agreement and (ii) each Sale is consistent with the privacy policy given by the Debtors to homeowners.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Sale Agreement is hereby approved and shall apply with respect to the Mortgage Loans set forth in the Sale Agreement.

2.  Pursuant to this Order and sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors, the Interim Servicer and Purchaser, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Sale Agreement and to sell, transfer, and convey the Mortgage Loans set forth in the Sale Agreement. The Debtors shall transfer the Mortgage Loans to the Purchaser upon and as of the closing date and such transfer shall constitute a legal, valid, binding and effective transfer of the Mortgage Loans.

3.  The Purchaser shall deliver the Purchase Price for the Mortgage Loans, as set forth in the Sale Agreement, to the Sellers within two (2) business days of entry of this Order.

4.  Upon consummation of the Sale, the Mortgage Loans shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances, or other interests pursuant to Bankruptcy Code sections 105 and 363.

5.  This Order and the Sale Agreement shall be binding upon the Debtors, the Purchaser, all creditors of the Debtors, and any trustees appointed in these proceedings or any

trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtors, and all other parties-in-interest.

6. Purchaser shall be deemed to be good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protection thereof.

7. Notwithstanding anything to the contrary in this Order or the Sale Agreement, to the extent any of the Mortgage Loans consist of an interest in a consumer credit transaction subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations), the Purchaser of such Mortgage Loans shall remain subject to the same claims and defenses that are related to such consumer credit transaction or such consumer credit contract to the same extent as such Purchaser would be subject to such claims and defenses of the consumer if such interest had been purchased at a sale not under section 363 of the Bankruptcy Code, as provided for in section 363(o) of the Bankruptcy Code.

8. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9. To the extent that there are any inconsistencies between the Sale Agreement and this Order, the terms of this Order shall govern.

10. Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Order shall be effective immediately upon entry.

11. This Court shall retain exclusive jurisdiction over any matters related to arising from the implementation of this Order and the Sale Agreement.

Dated: 4/29, 2010
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge