**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------
In re:

American Home Mortgage Holdings, Inc., <u>et al.</u> [1]

    Debtors
---------------------------------------------------------------

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
: **Objections Due By**: **May 20, 2010 at 4:00 pm**
:

**TWENTY-NINTH MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009**

**SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | December 1, 2009 through December 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 128,532.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $ 2,376.11 |

This is a ☒ monthly ☐ interim ☐ final application.

    80% OF FEES FOR PERIOD  12/1/09-12/31/09:  $ 102,825.00 (Holdback: $25,706.40)

    100% OF DISBURSEMENTS:  $ 2,376.11

    TOTAL DUE:  $105,201.11

---

[1] The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

|              |                      | **Requested** |            | **Approved** |            |
| ------------ | -------------------- | ------------- | ---------- | ------------ | ---------- |
| **Date Filed** | **Period Covered**  | **Fees**      | **Expenses** | **Fees**   | **Expenses** |
| 11/30/2007   | 8/14/2007-8/31/2007  | $213,416.00   | $3,416.60  | Approved     | Approved   |
| 12/5/2007    | 9/1/2007-9/30/2007   | $347,084.50   | $10,120.65 | Approved     | Approved   |
| 12/12/2007   | 10/1/2007-10/31/2007 | $510,177.00   | $18,483.01 | Approved     | Approved   |
| 3/20/2008    | 11/1/2007-11/30/2007 | $234,223.00   | $9,396.14  | Approved     | Approved   |
| 3/20/2008    | 12/1/2007-12/31/2007 | $160,662.50   | $4,795.49  | Approved     | Approved   |
| 3/20/2008    | 1/1/2008-1/31/2008   | $226,308.50   | $5,000.27  | Approved     | Approved   |
| 6/17/2008    | 2/1/2008-2/29/2008   | $186,108.50   | $5,693.64  | Approved     | Approved   |
| 6/17/2008    | 3/1/2008-3/31/2008   | $208,726.00   | $6,406.70  | Approved     | Approved   |
| 6/17/2008    | 4/1/2008-4/30/2008   | $315,741.00   | $15,570.65 | Approved     | Approved   |
| 12/3/2008    | 5/1/2008-5/30/2008   | $181,783.50   | $4,606.22  | Approved     | Approved   |

| | | | | | |
|---|---|---|---|---|---|
| 12/5/2008 | 6/1/2008-6/30/2008 | $196,630.50 | $6,470.09 | Approved | Approved |
| 12/5/2008 | 71/2008-7/31/2008 | $206,217.50 | $3,157.08 | Approved | Approved |
| 12/5/2008 | 8/1/2008-8/31/2008 | $194,188.00 | $7,255.74 | Approved | Approved |
| 8/7/2009 | 9/1/2008-9/30/2008 | $249,088.50 | $9,037.16 | Approved | Approved |
| 8/7/2009 | 10/1/2008-10/31/2008 | $223,356.50 | $22,482.48 | Approved | Approved |
| 8/7/2009 | 11/1/2008-11/30/2008 | $216,169.00 | $4,286.36 | Approved | Approved |
| 8/18/2009 | 12/1/2008-12/31/2008 | $192,413.50 | $2,776.74 | Approved | Approved |
| 8/18/2009 | 1/1/2009-1/31/2009 | $261,947.50 | $7,523.50 | Approved | Approved |
| 8/18/2009 | 2/1/2009-2/28/2009 | $265,100.00 | $11,448.78 | Approved | Approved |
| 8/18/2009 | 3/1/2009-3/31/2009 | $128,991.00 | $2,824.78 | Approved | Approved |
| 8/18/2009 | 4/1/2009-4/30/2009 | $121,285.50 | 4,664.28 | Approved | Approved |
| 12/4/2009 | 5/1/2009-5/31/2009 | $179,391.00 | $2,998.22 | Approved at 80% | Approved |

- 4 -

| | | | | | |
|---|---|---|---|---|---|
| 12/4/2009 | 6/1/2009-6/30/2009 | $126,055.00 | $1,863.05 | Approved at 80% | Approved |
| 12/4/2009 | 7/1/2009-7/31/2009 | $199,320.00 | $3,557.19 | Approved at 80% | Approved |
| 12/4/2009 | 8/1/2009-8/31/2009 | $113,886.00 | $3,398.51 | Approved at 80% | Approved |
| 12/4/2009 | 9/1/2009-9/30/2009 | $138,373.00 | $2,293.70 | Approved at 80% | Approved |
| 3/23/2010 | 10/1/2009-10/31/2009 | $139,662.00 | $1,837.87 | Approved at 80% | Approved |
| 4/29/2010 | 11/1/2009-11/30/2009 | $165,166.50 | $1,781.83 | Pending | Pending |

**ATTORNEY/PARAPROFESSIONAL SUMMARY**

| Name of Professional Person | Position of Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $760.00 | 31.60 | $24,016.00 |
| Mark T. Power | Partner (1989) | $760.00 | 5.70 | $4,332.00 |
| John P. McCahey | Partner (1986) | $750.00 | 9.60 | $7,200.00 |
| Don D. Grubman | Partner (1979) | $710.00 | 4.50 | $3,195.00 |
| Zachary G. Newman | Partner (1995) | $660.00 | 0.50 | $330.00 |
| Edward L. Schnitzer | Partner (1998) | $595.00 | 62.50 | $37,187.50 |
| Christopher Jarvinen | Partner (2000) | $595.00 | 7.40 | $4,403.00 |
| Christina J. Kang | Associate (2002) | $500.00 | 8.40 | $4,200.00 |
| Katherine Craner | Associate (2002) | $485.00 | 18.80 | $9,118.00 |
| Jeffrey Zawadski | Associate (2003) | $425.00 | 32.80 | $13,940.00 |
| Huria Patwardhan | Associate (2005) | $375.00 | 5.30 | $1,987.50 |
| Joseph Orbach | Associate (2008) | $320.00 | 7.70 | $2,464.00 |
| Zahir Virani | Associate (2007) | $320.00 | 18.50 | $5,920.00 |
| Nicholas Rigano | Associate (2008) | $300.00 | 10.90 | $3,270.00 |

| Jason W. Smith | Paralegal (N/A) | $245.00 | 25.20 | $6,174.00 |
|---|---|---|---|---|
| Kyle Primm | Paralegal (N/A) | $150.00 | 5.30 | $795.00 |
| Grand Totals: | | | **254.70** | **$128,532.00** |
| **Blended Rate:** | | **$504.64** | | |
| **Blended Rate excluding Paraprofessionals:** | | **$542.21** | | |

## COMPENSATION BY PROJECT CATEGORY

| **Project Category** | **Time** | **Total** |
|---|---|---|
| Creditors' Committee | 49.50 | $27,673.50 |
| Professional Fees | 30.10 | $9,646.00 |
| Avoidance Actions | 129.00 | $60,336.50 |
| Litigation | 18.20 | $13,557.00 |
| Plan and Disclosure Statement | 1.30 | $988.00 |
| Employee Issues | 1.10 | $467.50 |
| Claims Administration | 7.60 | $3,732.50 |
| Investigation of Company | 10.20 | $7,500.00 |
| Triad Workout | 7.70 | $4,631.00 |
| **Total:** | **254.70** | **$128,532.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Vital Transportation, Inc. | $695.13 |
| Duplicating [at 10¢ per page] | | $238.10 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, INC | $68.53 |
| Postage | | $6.61 |
| Search Fees | Pacer Service Center | $373.52 |
| Telephone Conference Call | American Express | $25.47 |
| Travel | | $966.00 |
| Velobind | | $2.75 |
| Total: | | **$2,376.11** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

American Home Mortgage Holdings, Inc., *et al.* [2]

Debtors

---

: Chapter 11
:
: Case No. 07-11047 (CSS)
: (Jointly Administered)
:
:

**TWENTY-NINTH MONTHLY APPLICATION OF HAHN & HESSEN LLP,
FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR THE PERIOD DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the Court's approval of its twenty-ninth monthly request for compensation and reimbursement of expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") during the period of December 1, 2009 through December 31, 2009 (the "Compensation Period"), and in support thereof respectfully represents:

1.   H&H submits this twenty-ninth monthly application for allowance of $130,908.11 for services provided to the Committee during the Compensation Period consisting

of (i) fees in the amount of $128,532.00, and (ii) out-of-pocket expenses in the amount of $2,376.11.

**Background**

2.   On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the management and operation of their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

3.   On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, which is comprised of the following seven (7) members: Wilmington Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc[4].

4.   The Committee elected Wilmington Trust Company, as Trustee, and The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and BDO Seidman as financial advisors.

---

[2]  The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[3]  The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4]  Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5.  Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6.  The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

7.  This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

**Summary of H&H Services During the Compensation Period**

8. From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case. Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts to be able to respond appropriately to the myriad of expedited matters filed in the case. Given the nature of this case, the Debtors and the Committee are continually called upon to deal with matters on an accelerated basis. During the month of December 2009, H&H expended 254.70 hours in connection with its services on behalf of the Committee. H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest. H&H's services concentrated in, but were not limited to, the following areas:

**(a)    Creditors' Committee**

9. H&H expended 49.50 hours with respect to services under this category, for which total compensation amounts to $27,673.50. Applicant's services included reviewing the numerous motions filed by the Debtors and the various responses and/or objections filed to these motions. Pleadings were summarized for distribution and consideration by the Committee during regularly scheduled meetings. Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss among other things, BDO's report to the Committee and the issues surrounding the claim of Mona Dobben and the evidentiary hearing regarding that claim as well as various other open issues related to the Effective Date. Applicant also addressed each of these issues with the Debtors' professionals as well as spent time preparing for and attending an omnibus hearing before this Court.

**(b)    Professional Fees**

10.    H&H expended 30.10 hours with respect to services under this category, for which total compensation amounts to $9,646.00.  Applicant's services included extensive attention to and review of certain professionals' fee applications and updating a spreadsheet detailing the fees and expenses of professionals and summaries thereto for distribution to Committee members.  Applicant also prepared, revised and submitted Applicant's Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth and Twenty-Sixth monthly fee applications.

**(c)    Avoidance Actions**

11.    H&H expended 129.00 hours with respect to services under this category, for which total compensation amounts to $60,336.50  Applicant's  services included receiving, reviewing and analyzing defenses regarding claims asserted against defendants or potential defendants in preference actions.  Applicants also had communications with defendants, potential defendants and Receivable Management Services, the Committee's retained agent, to discuss among other things, the nature of underlying claims, discovery issues and if warranted settlement of the proposed action.  On December 14, 2009, an order was entered approving the Applicant's Third omnibus motion for An order approving settlements with fourteen preference defendants resulting in cash proceeds for the estate in excess of $300,000.  On December 11, 2009, the Applicant's filed the Fourth omnibus motion for an order approving settlements with twenty preference defendants which, if approved by this court would result in additional cash proceeds for the estate in excess of $325,000 and waiver of various large claims filed against the Debtors.

**(d)    Litigation**

12.    H&H expended 18.20 hours with respect to services under this category, for which total compensation amounts to $13,557.00. Applicant reviewed all new pleadings and related issues regarding various adversary proceeding including but not limited to, the Lehman, U.S. Bank National, and Wells Fargo adversary proceedings. In addition, applicant continued to review and revise the proposed settlement of the amended motion for payment of an administration claim filed by the Purchaser of the servicing business. Applicant also reviewed issues regarding the Broadhollow-Melville settlement. Applicant participated in discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.

**(e)    Plan and Disclosure Statement**

13.    H&H expended 1.30 hours with respect to services under this category, for which total compensation amounts to $988.00. Applicant attended an update conference call regarding Effective Date issues with Debtors' Counsel, BDO and representatives of the proposed trustee to discuss all open issues. Applicant also reviewed related pleadings and documents in preparation of forgoing meeting.

**(f)    Employee Issues**

14.    H&H expended 1.10 hours with respect to services under this category, for which total compensation amounts to $467.50. Applicant's services included a review of pleadings related to the proposed settlement of the WARN litigation to respond to inquiries.

**(g)    Claims Administration**

15.    H&H expended 7.60 hours with respect to services under this category, for which total compensation amounts to $3,732.50. Applicant's services included a review of

various motions and claims objections.  Applicant prepared for and participated in various teleconferences regarding the forgoing.

    **(h)**    <u>**Investigation of Company**</u>

16.    H&H expended 10.20 hours with respect to services under this category, for which total compensation amounts to $7,500.00.  Applicant's services included reviewing documents produced by the Debtors.  Applicant also researched and reviewed reports of BDO regarding potential claims against Deloitte.  Applicant's prepared for and participated in various meetings, e-mail and conference calls with BDO to address issues relating to the forgoing.

    **(i)**    <u>**Triad Workout**</u>

17.    H&H expended 7.70 hours with respect to services under this category for which total compensation amounts to $4,631.00.  Applicant reviewed and analyzed the Triad complaint and discussed available options with various professionals in the case.  Applicant's services included participating in conference calls to address the status of Triad's issues.

<u>**H&H Fees for the Compensation Period**</u>

18.    Under all of the criteria normally examined in Chapter 11 reorganization cases, H&H's total requested compensation of $128,532.00 in fees and $2,376.11 in expenses is reasonable in light of the significant work performed by H&H to date.  The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Committee is set forth in detail in the prefixed Summary Cover Sheet.

19.    Annexed hereto and made a part hereof as Exhibit "B" are computer-generated invoices taken from the timesheets maintained by the individuals who performed services during the Compensation Period.  The invoices indicate the dates of and description of the services for which H&H seeks compensation, and the hours spent in performance of such

services.

20. In certain instances, H&H's time records for December indicate that two or more attorneys attended the same meeting or hearing. Where more than one attorney attended a meeting or hearing, it was due in part to the expertise related to a specific issue that one particular attorney was handling and/or because one attorney was more familiar with specific topics to be discussed or presented at the meeting or hearing. Applicant made every effort to minimize such dual attendance while at the same time assuring that the interests of the Committee and the creditor body was adequately represented. Applicant, therefore, believes that the time for both attorneys at such meetings and/or hearings are properly compensable.

21. Based on the above and in accordance with the Administrative Fee Order, H&H requests allowance of monthly compensation for December 2009 in the amount of $128,532.00, and payment of $102,825.00 representing eighty percent (80%) of such compensation.

**Disbursements Incurred During the Compensation Period**

22. The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period. Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet. H&H charges its clients $0.10 per page photocopying expense. Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges. H&H believes these expenses are reasonable and were necessarily made. H&H respectfully requests reimbursement thereof in the sum of $2,376.11.

23. In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

24. H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order allowing compensation and reimbursement of expenses in the amounts set forth herein and provide such other and further relief as to be just and equitable.

Dated:   New York, New York
         April 30, 2010

        **HAHN & HESSEN LLP**
        Co-Counsel to The Official Committee of
        Unsecured Creditors of American Home Mortgage
        Holdings, Inc., et al. Debtors

        By:   /s/ Mark S. Indelicato
              Mark S. Indelicato (A Member of the Firm)
              488 Madison Avenue
              New York, NY  10022
              (212) 478-7200
              (212) 478-7400 facsimile