UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC. a Delaware corporation, | ) | Case No. 07-11047 (CSS) |
| et. al., | ) | Jointly Administered |
| | ) | |
| Debtors | ) | Hearing Date: May 4, 2010 |
| | ) | Responses: April 30, 2010 |

**RESPONSE TO THE PROCEEDINGS
INITIATED BY PAULA RUSH AND DR. & MS. JACKSON
SEEKING SUBORDINATION OF THE CLAIMS OF
DEUTSCHE BANK NATIONAL TRUST COMPANY ("DBNTC")**

1. The Adversary proceedings initiated by Ms. Paula Rush and Dr. and Ms. David Jackson do not contend that the proposed settlement of DBNTC's cure claim dispute with the Debtor is not fair, but rather, make a series of unsubstantiated charges, material misstatements of fact and simply false statements in an obvious attempt to have their claims resolved now in their favor rather than go through the normal claims resolution process or see the outcome of litigation this Court has authorized Ms. Rush to continue to its natural conclusion.

12971748.1

2. Indeed, Ms. Rush was already given relief from the automatic stay and commenced litigation against the Debtor seeking, among other things, to rescind her refinancing transaction and get thousands in "damages". Not content with this, Ms. Rush now seeks to press claims against other parties, including DBNTC, in this Court after the United States District Court, State of Maryland (Greenbelt Division) refused her request to add DBNTC and others to that suit.

3. While sorting through the allegations raised by Ms. Rush and the Jacksons in nearly identical adversary proceedings, we will answer the main allegations alleged in the order contained in the Rush pleading.

    a. Paragraph 4 alleges that DBNTC seeks to settle claims which are "vague" and that the capacities for which DBNTC is settling its claims are similarly "vague." This is demonstrably false as the proof of claim filed by DBNTC related to these claims contain specific detail and state clearly the capacities of DBNTC.

    b. Paragraph 10 – claims that DBNTC "was a major prepetition warehouse lender. In fact, Deutsch Bank National Trust Company, as trustee, the party whose claim is being settled has never lent anyone any money – it is a limited purpose national trust company whose charter from the OCC permits it to conduct trust business; affiliates of Deutsche Bank National Trust Company were involved in warehouse lending, but those are separate corporations whose affairs are separately managed and regulated – DBNTC is appearing in these proceedings

solely in its representative capacity and all recoveries herein are not for its benefit, but rather for the benefit of trust beneficiaries.

c. Paragraph 11 – Rush claims that DBNTC misused its position on the Unsecured Creditors Committee – DBNTC is a duly appointed member of the Committee and has never participated in any decisions regarding the individual Rush or Jackson claims.

d. Paragraph 11 – complains that DBNTC did not respond to a letter allegedly sent by Ms. Rush to DBNTC requesting the name of "the true owner of the note" DBNTC was under no duty to respond if indeed the letter was sent, all records relating to transfer are the responsibility of Debtors. In any case, that claim is simply not part of these proceedings, but is a claim personal to Ms. Rush.

e. Paragraph 20 – the claim is that DBNTC's responses to Debtors' Objection to its claims cites certain documentation "discrepancies." In fact, in its response it reserved DBNTC's rights with respect to any damages based on exceptions in the loan files; that has nothing to do with DBNTC's right to enforce the loans; under the Uniform Commercial Code, DBNTC is the holder of the mortgage in due course of notes with the right to enforce its claims against all collateral securing them; while some courts require that collateral assignments be made by the time the loans are foreclosed, this has nothing do with the legal entitlement to enforce the promissory note and related collateral against the borrower. UCC §§ 3-301:9; 9-607

f.  Paragraph 20 states that DBNTC "openly admits that it does not have proper assignments on the majority of [its loans]." This is false. DBNTC did not admit that it did not have loan assignments; that claim relates to missing ancillary documents which in no way affect the trustee's right, title and interest in the loans.

g.  Paragraph 36 – states that DBNTC's actions transgress "self enrichment". None of DBNTC's claims are for itself. Any recoveries go to the trust beneficiaries.

h.  Paragraph 53 – claims DBNTC is an "insider." DBNTC is not an insider by reason of its participation on the Unsecured Creditors Committee and, in any case, has not been involved in any deliberation or decisions regarding the Rush or Jackson claims.

4.  Various paragraphs of the Rush adversary complaint parrot the above-referenced allegations as if repetition will somehow improve their veracity. The claims asserted are either demonstrably false or at the most irrelevant to this proceeding.

Dated:   April 30, 2010

Respectfully Submitted,

NIXON PEABODY LLP

By: /S/ Lee Harrington
Attorneys for Deutsche Bank National
Trust Company
437 Madison Avenue
New York, NY 10022
Tel.: (212) 940-3000
Fax: (212) 940-3111

E-mail: ddrebsky@nixonpeabody.com