UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| American Home Mortgage Holdings, Inc., a ) | |
| Delaware corporation, *et al.*, ) | Case No. 07-11047 (CSS) |
| Debtors ) | Jointly Administered |

**DECLARATION OF WILLIAM FAY IN SUPPORT OF THE REPLY OF WELLS FARGO BANK, AS MASTER SERVICER TO THE "DEEMED" OBJECTIONS OF PAULA RUSH AND DR. DAVID AND ELISABETH JACKSON TO THE MOTIONS OF THE DEBTOR TO APPROVE 9019 SETTLEMENTS WITH, INTER ALIA, WELLS FARGO BANK**

Pursuant to 28 U.S.C. § 1746, I, William Fay, declare as follows:

1. I am a Default and Restructuring Account Manager in the Corporate Trust Services area of Wells Fargo Bank, N.A., in its Columbia, Maryland offices. Except as noted below, if called upon to testify in this case, I could competently testify to the following facts on personal knowledge.

2. The loans of the Objectors appear to be in two securitizations for which Wells Fargo serves as Master Servicer and/or Securities Administrator. Wells Fargo serves as Master Servicer under (a) the terms of the Master Servicing and Trust Agreement for the GSR Mortgage Loan Trust 2006-OA1 among GS Mortgage Securities Corp., as Depositor, Deutsche Bank National Trust Company, as Trustee and Custodian, and Wells Fargo dated as of August 1, 2006 (the *"2006-OA1 MSA"* and the transaction, the *"GSR 2006-OA1"* transaction); and (b) under the terms of that certain RMBS Master Servicing Agreement dated as of June 29, 2006 by and between Wells Fargo Bank, N.A., as RMBS Master Servicer and Securities Administrator,

2806988 01 01 (2)

American Home Mortgage Investment Trust 2006-2, as Issuing Entity, American Home Mortgage Acceptance, Inc., as Sponsor and Deutsche Bank Trust Company Americas, as Indenture Trustee (the *"2006-2 MSA"* and the transaction, the *"AHMIT 2006-2"* transaction). True and correct copies of the 2006-OA1 MSA and the 2006-2 MSA are attached hereto as Exhibits A and B respectively.

    3.    In its capacity as Master Servicer, Wells Fargo generally monitors the activities of the servicer in servicing of the mortgage loans, but has no role whatsoever in the servicing of loans of individual borrowers. It has no contact with any individual borrower and does not collect any principal, interest or other payment from any borrower. Wells Fargo's role as Master Servicer is to monitor the activities of the servicer for the benefit of the relevant Indenture Trustee and investors in the Notes to ensure that no events of default occur regarding the servicer's relevant obligations to the certificateholders in the GSR 2006-OA1 transaction. Wells Fargo has no obligations under the terms of either the 2006-OA1 MSA or the 2006-2 MSA whatsoever to either of the Objectors.

    4.    The duties of Wells Fargo, as Master Servicer, are set forth in Section 9.01 of the MSA. Section 9.01(a) provides:

> The Master Servicer, on behalf of the Trustee, the Securities Administrator, the Depositor, and the Certificateholders, shall *monitor the performance of the Servicers* under the related Servicer Agreements, and (except as set forth below) shall use its reasonable good faith efforts to cause the Servicers to duly and punctually perform their duties and obligations thereunder as applicable.

MSA §9.01(a) (See Ex. A) (emphasis added). As such, the duties of Wells Fargo in this transaction are simply to monitor the performance of the servicer, not to prosecute foreclosures or otherwise deal with matters relating to individual homeowners. Further, pursuant to §9.01, the duties of the Master Servicer are owed solely to "the Trustee, the Securities Administrator, the Depositor, and the Certificateholders." *Id.*

5. Upon information and belief, on April 3, 2007, Paula Rush filed a Complaint in the U.S. District Court for the District of Maryland seeking both rescission of her mortgage with Defendants and damages (the *"Maryland Case"*). I am advsed that Ms. Rush named American Home Mortgage Corp., d/b/a American Brokers Conduit, and AHM SV, Inc. (collectively, "AHM") as defendants in the Maryland Case. I am further advised that on July 18, 2008, this Court lifted the automatic stay and granted Ms. Rush leave to pursue certain claims in the Maryland Case. It would appear that the U.S. District Court for the District of Maryland is currently presiding over these same factual issues raised by Ms. Rush in her objection to the proposed settlement. Upon information and belief on April 6, 2010, Judge Nickerson issued an opinion denying a motion filed by Ms. Rush seeking to add Wells Fargo as a defendant in that case. A copy of the Opinion as it was provided to me is attached hereto as Exhibit C.

6. Ms. Rush's allegation that no one responded to her inquiries is patently false. Wells Fargo responded to Ms. Rush by advising her that it was the Master Servicer, briefly describing the role of the Master Servicer, and advising that any inquiries with respect to her loan needed to be directed to the Servicer. A copy of this letter is attached as Exhibit D. Ms. Rush, however, apparently didn't like the answer, and (a) attempted to include Wells Fargo as a defendant in the Maryland Case, (b) brought an adversary proceeding in this case, and (c) apparently for a consulting fee, encouraged others to take similar action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2010

_____
William Fay