# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PAULA RUSH                    *
                              *
        v.                    *      Civil Action WMN-07-CV-0854
                              *
AMERICAN HOME MORTGAGE, INC.  *
<u>et al.</u>                      *

    *    *    *    *    *    *    *    *    *    *    *    *

## <u>MEMORANDUM</u>

Before the Court is Plaintiff Paula Rush's Motion to Add

New Party Defendants and Injunctive Relief.  Paper No. 50.  On

December 3, 2009, this Court granted in part and denied in part

Defendants American Home Mortgage Corp., d/b/a American Brokers

Conduit, and AHM SV, Inc's (together AHM Defendants) motion to

dismiss (December 3, 2009, Order and Memorandum).  Paper No. 46.

Plaintiff thus remains with four counts from her initial

Complaint against AHM Defendants: 1) the timeliness of the §

226.18 Truth-in-Lending Act (TILA) claims and violations of §

226.19(b) variable rate disclosure requirements; 2) violations

of the disclosure requirements under 12 C.F.R. § 226.20(c)(5);

4) fraud and deceptive acts; and 5) unjust enrichment.  This

Court allowed Plaintiff leave to amend two of her dismissed

claims, however, a claim under the Real Estate Settlement

Procedures Act (RESPA) and a claim for rescission under the

Truth in Lending Act (TILA).  Plaintiff's motion now seeks to

1

add many new Defendants and claims in addition to the RESPA and

TILA rescission claims.

Upon review of the pleadings and the applicable case law,

the Court determines that no hearing is necessary (Local Rule

105.6) and that the Motion to Add New Party Defendants and

Injunctive Relief will be granted in part and denied in part as

set forth below.

## I.    BACKGROUND

The relevant facts of this case and the procedural

background are summarized in the Court's December 3, 2009,

Memorandum.  Paper No. 45.  Briefly, however, Plaintiff's

allegations stem from the refinancing of her existing home loan

with American Home Mortgage Corp. ("AHMC") d/b/a

American Brokers Conduit ("ABC") by entering into an MTA Pay

Option ARM loan agreement on April 3, 2006.  AHM SV, Inc. is the

servicer of her loan.

Plaintiff now seeks to add numerous new defendants

seemingly with the intent of alleging that at least one of them

is the current holder of her mortgage note.  The new defendants

that Plaintiff is seeking to add are WL Ross and Co. LLC; The

Loan Corporation; Goldman Sachs; GSR 2006-OA1 Trust c/o Wells

Fargo; Bierman Geesing & Ward; Deutsche Bank National Trust

Company; Wells Fargo Bank, N.A.; Citibank N.A.; MERS; and DOE

Defendants 1-100.

Plaintiff also seeks to amend her Complaint with a series of new claims, some of which she includes in an attached revised Complaint, but most of which she alleges only in the body of her motion.  The majority of the proposed claims focus on allegations that AHM Defendants and the proposed defendants hid the identity of the owner of her mortgage note from her despite her diligence in pursuing the matter.  In the revised Complaint attached to her motion she adds the following claims: "Defensive Claims: Unclean Hands" against AHM Defendants, Goldman Sachs, Deutsche Bank, and Wells Fargo," and violations of RESPA against AHM Defendants.  She also appears to be realleging her claims for false advertising under TILA, and the Racketeer Influenced and Corrupt Organizations Act (RICO) without alleging any new facts, although she also adds Goldman Sachs, GSR 2006-OA1 Trust, Deutsche Bank, Wells Fargo, AHMSI, MERS, and Citibank as defendants to the RICO claim.  In addition to the claims in the attached revised Complaint, Plaintiff seems to allege many additional claims in the body of her motion itself against AHM Defendants, Goldman Sachs, all GSR 2006-OA1 Trust Parties, [1] and

---

[1] Plaintiff repeatedly uses the term "all GSR 2006-OA1 Trust Parties" and "Trust Parties" throughout her motion and her revised Complaint.  She never formally defines the term, however, and thus the Court is not clear regarding which potential defendants the phrase includes.  The Court does not want to continually refer to this problem throughout its memorandum, however.  Suffice it to say that Plaintiff has not

unknown Doe Parties, including: Unjust Enrichment, Violation of
the Homeowner Protection Act of 1998, Fraudulent Concealment
(Plaintiff also brings this claim against Bierman Geesing &
Ward), Void Interest-Quiet Title, TILA Rescission-Overcharges,
TILA Right of Rescission, Failure to Respond to Rescission
Letter, and Failure to Respond to Request Under TILA 15 U.S.C. §
1641(f)(2).

## II.  AMENDED OR SUPPLEMENTAL PLEADING: COMPLIANCE WITH FEDERAL RULES OF CIVIL PROCEDURE 15(A) AND (D) AND LOCAL RULE 103

Plaintiff argues that her revised Complaint should be
considered a "supplemental complaint" under Federal Rule of
Civil Procedure 15(d).  Defendants argue that it is not a
supplemental pleading, however, because it is not alleging any
claims based on facts that took place after Plaintiff filed her
initial Complaint.  When a pleading is revised to include
matters that occurred subsequent to the filing of a complaint,
it is considered a supplemental pleading under Federal Rule of
Civil Procedure 15(d).  Franks v. Ross, 313 F.3d 184, 198
n.15 (4th Cir. 2002).  When the additional allegations include
matters that occurred prior and up to the filing of the initial
Complaint, they are considered amendments to the pleading and
are considered under Rule 15(a).  Rowe v. U.S. Fidelity &

---

stated any claims sufficiently against "all GSR 2006-OA1 Trust
Parties" or the "Trust Parties."

<u>Guaranty Co.</u>, 421 F.2d 937, 942 (4th Cir. 1970).  While the distinction is not particularly relevant in terms of the standard for granting a motion to amend,[2] it is relevant as to whether the revised complaint must comply with Local Rule 103.

Here, Plaintiff alleges that she did not discover the newly proposed defendants until after the filing of her Complaint due to their efforts to conceal the identity of the owner of her loan.  The majority, if not all, of the new matters relate to events occurring prior to the filing of her initial Complaint, however.  Plaintiff must, therefore, comply with Local Rule 103.[3]

Under Local Rule 103.6.c, when filing an amended complaint under Rule 15(a), the party must file both a clean copy of the amended pleading and a blacklined copy of the pleading.  Here, Plaintiff filed both a clean copy and a blacklined copy of the amended Complaint, but they contain only some of the proposed amendments discussed in Plaintiff's motion.  Thus, only the proposed defendants and new claims contained in the amended

---

[2] <u>Franks</u>, 313 F.3d at 198 n.15.  In either an amended or supplemental complaint, leave to amend or supplement should be freely granted and denied only where good reason exists such as prejudice to defendant.  <u>Id.</u>

[3] Plaintiff's amended claims for "unclean Hands," "fraudulent concealment," and "void interest-quiet title," may include events that took place following the filing of the initial Complaint.  Plaintiff does not provide any information in her Complaint, however, as to when the specific alleged events occurred relating to those claims.  Moreover, none of these claims are properly alleged as discussed infra.

Complaint, her claims for "Unclean Hands" and violations of

RESPA, comply with Local Rule 103.6.c.  Amendments discussed

only in the motion itself, but not in the amended Complaint

attached to the motion will, therefore, be denied on the basis

of Plaintiff's non-compliance with Local Rule 103.6.c.[4]

## III. STANDARD FOR GRANTING LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure allows

for the amendment of pleadings by leave of court.  Courts are

instructed to freely give leave when justice so requires.  Fed.

R. Civ. P. 15(a)(2).  "Leave to amend is not to be granted

automatically," however.  Deasy v. Hill, 833 F.2d 38, 40 (4th

Cir. 1987).  "A motion to amend should be denied only where it

would be prejudicial, there has been bad faith, or the amendment

would be futile."  Nourison Rug Corp. v. Parvizian, 535 F.3d

295, 298 (4th Cir. 2008).

---

[4] In addition, under Local Rule 103.6.d, the party seeking to
amend must attempt to obtain the consent of the other counsel
and state in the motion to amend whether such consent has been
obtained.  The Parties dispute whether Plaintiff sought such
consent.  Plaintiff states in her motion that she discussed the
Amended Complaint with counsel for AHM Defendants, and that they
did not object.  AHM Defendants, however, allege that Plaintiff
did not discuss adding the parties and that they did not consent
to an amended pleading beyond the two claims that the Court gave
leave to amend.  The Court need not resolve this dispute,
however, as the Court will not be granting Plaintiff's motion as
to the newly proposed defendants and will only be granting her
motion to amend as to portions of Plaintiff's proposed RESPA
claim, for which this Court granted Plaintiff leave to amend.

Defendants here do not argue prejudice or bad faith, but argue that the amendments, including both proposed parties and claims, would be futile and, therefore, that leave should be denied.  Futility arguments are governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Openshaw v. Cohen, Klingenstein & Marks, Inc., 320 F. Supp. 2d 357, 359 (D. Md. 2004) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citing Little v. Federal Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993)).

## IV.  COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8

First and foremost, Plaintiff's Amended Complaint does not conform to Rule 8(a) and (e).  As discussed previously by this Court in its December 3, 2009, Memorandum, Rule 8(a) requires

that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, under Rule 8(d), the averments of the Complaint must be "simple, concise, and direct."  Although the Court gave Plaintiff significant leeway on her initial Complaint in recognition of her pro se status, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff's amendments here for the most part have confounded this Court and are significantly lacking in detail as to who did what and when.  Plaintiff goes through a lengthy explanation of each of the proposed additional defendants, but it is never clear to the Court what role the proposed defendants have in relation to her loan or why she has any claim against them.  Plaintiff alleges that MERS, Goldman Sachs, and Deutsche Bank have at various times claimed ownership of her mortgage note.  She also alleges that GSR 2006-OA1 Trust is the purported assignee or pledge of her mortgage note and Citibank has an unknown interest in her loan.  At no time, however, does she ever clarify who is the actual owner of her loan.  The best the Court can surmise is that most, if not all, of the proposed defendants were involved in the origination, servicing, or holding of mortgages and may have been involved in those activities in relation to her loan, but Plaintiff never makes this clear.

For the most part, Plaintiff's factual allegations against each of the parties, other than the AHM Defendants, is that they refused to answer her letters and phone calls, failed to reach out to try to resolve the issues, and conspired to prevent her from discovering the true owner of her loan.  Plaintiff does not allege, however, why they should have responded to her requests. Moreover, Plaintiff does not even attempt to state any claims against two of the proposed defendants, WL Ross and Co. LLC, and The Loan Corporation.  Thus, while the Court has sympathy for Plaintiff in attempting to understand the great complexities of securitized loans, she has failed to make clear how she has any actual claim against any of these proposed additional defendants and Plaintiff's motion to amend her Complaint to add these defendants will be denied.

## IV.   THE NEW CLAIMS IN THE AMENDED COMPLAINT

Even if this Court were able to look past Plaintiff's very confusing amended Complaint by virtue of her pro se status, amendment to add these new claims would be futile as they could not withstand a motion to dismiss.  First, Plaintiff's amended Complaint attached to her motion realleges a claim for false advertising under TILA, 15 U.S.C. § 1664, without alleging any new facts.  Her false advertising claim is not viable, however, for the same reason that she failed to adequately allege a false advertising claim in her initial complaint – there is no private

9

remedy for a TILA false advertising violation.  Dec. 3, 2009,

Memo. at 39.  Similarly, although Plaintiff adds Goldman Sachs,

GSR 2006-OA1 Trust, Deutsche Bank, Wells Fargo, AHMSI, MERS, and

Citibank as defendants to the RICO claim, 18 U.S.C. § 1961 et

seq., her amended claim suffers from the same deficiency as the

RICO claim in her initial Complaint - she alleges no enterprise

separate from the proposed defendants.  Id. at 49.  Thus, her

realleged RICO claim is also not viable.

Plaintiff alleges only two new claims in the attached

Amended Complaint.  The first Plaintiff labels as the "Defensive

Claim" of "Unclean Hands."  The doctrine of unclean hands is a

defense against a claim in equity.  ABF Freight System, Inc. v.

N.L.R.B., 510 U.S. 317, 329-330 (1994) ("The unclean hands

doctrine closes the door of a court of equity to one tainted

with inequitableness or bad faith relative to the matter in

which he seeks relief...") (internal quotations omitted).

Plaintiff's intent with this "defensive claim" seems to be to

seek injunctive relief that would have the effect of preventing

foreclosure in the currently pending State court foreclosure

proceeding.  Plaintiff alleges that the proposed defendants have

unclean hands for three reasons: 1) "they 'force placed' this

insurance without proper disclosure as required by the Homeowner

Protection Act of 1996" and attempted to hide the problems with

this loan from TRIAD;[5] 2) they failed to disclose ownership as required by TILA 15 U.S.C. § 1641(f)(2) after numerous requests; and 3) they failed to follow insurer TRIAD loss mitigation guidelines.  As to the first and third reasons, the Complaint does not make clear how the AHM Defendants and proposed defendants' actions toward TRIAD create any cause of action on the part of Plaintiff.  Thus, they cannot be said, at least based on the facts presented by Plaintiff, to create a "defensive claim" of unclean hands that could result in injunctive relief prohibiting foreclosure.

As to Plaintiff's argument that the AHM Defendants and proposed defendants violated 15 U.S.C. § 1641(f)(2) by not disclosing the ownership of her loan.[6]  15 U.S.C. § 1640(a) provides for a claim for damages for violation of § 1641(f), of which Plaintiff is well aware since she stated this violation as a separate claim in her motion.  Plaintiff does not explain how the disclosure requirement would also provide grounds for injunctive relief to prevent foreclosure as there is no such statutory provision.  When a statute creating a duty provides for an explicit remedy for a violation of that duty, courts are wary of providing other, non-statutory relief.  Middlesex County

---

[5] Plaintiff does not explain in her amended Complaint who or what TRIAD is, but the Court understands it to be an insurance company.

[6] See infra at p. 23 for a discussion of 15 U.S.C. § 1641(f)(2).

11

Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 14-15 (1981) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."). Thus, the Court will deny Plaintiff's motion to amend to add a "defensive claim" of "unclean hands" as it would be futile.

The second amended claim, count ten in the amended Complaint, is for violations of RESPA, 12 U.S.C. § 2601 et seq. Congress enacted RESPA to protect home buyers "from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). To that end, RESPA prohibits the paying or accepting of "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." Id. § 2601(b)(2). Plaintiff alleges that AHM Defendants violated RESPA in three ways: 1) by requiring her to use their affiliated settlement provider, Service Link; 2) by paying a yield spread premium (YSP) of $19,792 to her mortgage broker, The Loan Corporation; and 3) by not providing Plaintiff with a good faith estimate within three days of her loan application.[7]

_____

[7] Plaintiff also seems to be alleging that Service Link, who she alleges acted as the title agent, closing agent, and signing agent on her mortgage note, violated RESPA by charging duplicative fees for its services: settlement fee, abstract or

Section 2607(a) of RESPA prohibits the giving and accepting

of fees, kickbacks, or any "thing of value pursuant to any

agreement or understanding, oral or otherwise, that business

incident to or a part of a real estate settlement service

involving a federally related mortgage loan shall be referred to

any person."  Section 2607(b) prohibits the giving and accepting

"any portion, split, or percentage of any charge made or

received for the rendering of a real estate settlement service

in connection with a transaction involving a federally related

mortgage loan other than for services actually performed."

Section 2607(c)(4) provides a limitation on the prohibitions,

however, for "affiliated business arrangements so long as (A) a

disclosure is made of the existence of such an arrangement to

the person being referred and, in connection with such a

referral, such person is provided a written estimate of the

charge or range of charges generally made by the provider to

which the person is referred [within a certain time frame

depending on how the referral is made]; (B) such person is not

_____

title search fee, signing fee, and title insurance.  The heading
to Plaintiff's RESPA count only states that it is against AHM
Defendants, however.  Moreover, this Court dismissed Plaintiff's
initial Complaint against Service Link on October 25, 2007.
Paper No. 33.  Moreover, even if Plaintiff were attempting to
amend her Complaint to re-add Service Link as a defendant, the
claim would be futile as RESPA violations under § 2607 have a
one year statute of limitations and Plaintiff is bringing this
claim well more than one year after the violation.  Thus, to
the extent Plaintiff is attempting to amend her Complaint to
state a claim against Service Link it will be denied.

required to use any particular provider of settlement services, and (C) the only thing of value that is received from the arrangement, other than the payments permitted under this subsection, is a return of the ownership interest or franchise relationship. . . ."

AHM Defendants argue that amendment to add a claim regarding the requirement to use their settlement provider would be futile because Plaintiff's documents prove that she was not required to use any affiliated providers.  They argue that the Good Faith Estimate signed by Plaintiff has a section for identifying any required service providers and it is blank so she could not have been required to use their affiliated provider.[8]  The lack of disclosure of a required settlement

_____

[8]    This Court discussed at length in its December 3, 2009, Memorandum its ability to use documents external to the Complaint in deciding on a motion to dismiss and will not repeat that discussion here.  Suffice it to say, however, in that discussion the Court recognized the Good Faith Estimate attached to Plaintiff's initial Complaint as part of the Complaint and it may be considered on a motion to dismiss, or in this case to determine the futility of Plaintiff's amended claims.

AHM Defendants also point to a disclosure signed by Plaintiff that they have an affiliated business arrangement with Homegate Settlement Services, who may provide flood determination and appraisal services.  As the Court determined in its December 3, 2009, Memorandum, the Affiliated Business Arrangement Disclosure attached by AHM Defendants to their motion is disputed by Plaintiff and, therefore, may not be considered on a motion to dismiss.  Moreover, even if the Court were to consider it, it only mentions Homegate Settlement Services and not Service Link or the services that Service Link provides.  Thus it would fail to show that AHM Defendants had

provider does not prove that she was not required to use Service
Link as her settlement provider, however.  Taking Plaintiff's
allegation as true, which this Court must here, it does nothing
more than show that AHM Defendants didn't disclose it on the
Good Faith Estimate.  Thus, Plaintiff has sufficiently stated a
RESPA claim against AHM Defendants as to her allegation that
they required her to use Service Link without properly
disclosing the affiliation.  As Plaintiff properly states a
claim, the amendment will be permitted.

AHM Defendants next argue that Plaintiff has not clearly
stated who paid the YSP, AHM Defendants or Goldman Sachs, and so
her claim that a YSP was paid in violation of RESPA § 2607(a) is
not viable.  Plaintiff alleges clearly, however, that AHM
Defendants paid the YSP to her mortgage broker, The Loan
Corporation in paragraph 204 of her Amended Complaint.  As to
Goldman Sachs, Plaintiff appears to allege, albeit inartfully,
only that they provided the funding to American Home Mortgage
for her loan.  Thus, AHM Defendants' argument does not
demonstrate that amendment to add a RESPA claim as to the YSP
would be futile.

The Department of Housing and Urban Development and courts
have recognized that payment of a YSP to a broker may be a RESPA

---

disclosed the affiliated business arrangement or that Plaintiff
had not been required to use Service Link.

violation under § 2607(a) either if the service was not actually provided or if the payment is not reasonably related to the value of the services actually performed.  See Department of Housing and Urban Development ("HUD") 2001-1 Policy Statement, 66 Fed. Reg. 53052, 53054-55 (2001); Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003).  Here, Plaintiff alleges that, while the Loan Corporation acted as her mortgage broker, the YSP paid was unreasonable in relation to the value of the services provided.  Thus, Plaintiff has adequately alleged a RESPA claim against AHM Defendants on the basis of the YSP payment to The Loan Corporation and the motion to amend will be granted as to that claim.

Plaintiff's final RESPA claim as to AHM not providing the good faith estimate within three days of her loan application, however, is without merit.  First, it is not entirely clear of which RESPA section Plaintiff is alleging a violation. Plaintiff states in her Complaint that it is a violation of RESPA § 2603, but this section only requires that the Secretary of Housing and Urban Development formulate a standard statement of settlement costs and that a borrower must be presented with this statement at or before settlement by the person conducting the settlement.  It does not state any three day rule. Moreover, Congress provided no express cause of action for violation of § 2603.  Martinez v. Wells Fargo Home Mortg., Inc.

__ F.3d __, 2010 WL 779549, at *6 (9th Cir. 2010).  In addition, while the Fourth Circuit has not ruled on this issue, the Northern District of California concluded, after a thoughtful analysis, that Congress did not intend to provide an implied private right of action under § 2603.  Bloom v. Martin, 865 F.Supp. 1377, 1384 (N.D. Cal. 1994).  This Court agrees with that court's analysis and finds no explicit or implied private right of action under § 2603.

RESPA § 2604 (12 U.S.C. § 2604), unlike § 2603, has a three day requirement, but, similarly to § 2603, the Eleventh Circuit has determined that it does not provide for a private right of action either explicitly or impliedly.  Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997).  Both the Northern District of California and the Eleventh Circuit's reasoning relied primarily on the fact that RESPA explicitly provides for private rights of action for certain sections, §§ § 2605, 2607 and 2608), but not for § 2603 or § 2604, indicating that Congress did not intend for there to be a private cause of action for violations of these sections.  Collins, 105 F.3d at 1368; Bloom, 865 F. Supp. at 1384.  The Court agrees with both analyses and concludes that Plaintiff's amendment to state a RESPA cause of action against AHM Defendants for a failure to provide her with a good faith estimate within three days of

issuing her loan application would be futile and will not be
granted.

## V.    THE NEW CLAIMS IN PLAINTIFF'S MOTION

Although the Court is denying amendments found in the
motion that have not been included in Plaintiff's Amended
Complaint on Local Rule 103 grounds, even if the Court were to
consider these additional claims on the basis of Plaintiff's pro
se status, the Court would still deny the amendments on futility
grounds.

Plaintiff's Count 11 in the motion is for unjust
enrichment.  Plaintiff alleges that her loan was charged an
interest rate increase to pay for an insurance policy issued by
TRIAD and that she was not informed of this, but she does not
allege how that constitutes unjust enrichment, who was unjustly
enriched, or specifically what any of the proposed defendants
against whom she states the claim did to cause the unjust
enrichment.  Thus, she has failed to state a claim for unjust
enrichment.

Plaintiff's Count 12 in her motion is for violation of the
Homeowner Protection Act of 1998 (HPA), 12 U.S.C. § 4901 et seq.
Plaintiff alleges only that her mortgage was charged a .47%
interest rate increase to pay for an insurance policy from
TRIAD.  She also alleges that she did not discover the violation
until February 2007.  Assuming that these facts would properly

allege a violation of the HPA, which the Court does not decide here, Plaintiff's claim is barred by the statute of limitations. Under 12 U.S.C. § 4907, "no action may be brought by a mortgagor [against any servicer, mortgagee, or mortgage insurer for a violation of the Act] later than 2 years after the date of the discovery of the violation that is the subject of the action." Plaintiff alleges that she discovered the violation in February 2007, but she is bringing this claim as part of her amended Complaint on January 5, 2010, almost three years after the discovery of her claim.

Plaintiff's Count 13 in her motion is for "fraudulent concealment."  Under Maryland law, a claim for fraud must include allegations of a fraudulent statement upon which the Plaintiff reasonably relied, which resulted in damages to the Plaintiff.  Suburban Properties Mgt., Inc. v. Johnson, 204 A.2d 326, 329 (Md. 1964).  Plaintiff's allegations all center around false statements made by AHM and proposed defendants to TRIAD relating to their insurance contract, however, and not around statements made to Plaintiff.  Moreover, Plaintiff does not allege how she relied on these statements or was injured by them.  Thus, Plaintiff has not stated a claim for fraud sufficient to withstand a motion to dismiss.

Plaintiff's Count 14 is titled "void interest-quiet title." Plaintiff requests this relief on two grounds: 1) the principle

of estoppel by silence,[9] and 2) her rescission claim under TILA,

15 U.S.C. § 1635.  The Court will address Plaintiff's claim for

rescission below.  As to Plaintiff's claim that the security

interest should be void on principles of estoppel by silence,

Plaintiff seems to be alleging that the proposed defendants'

obfuscation of the actual owner of her mortgage note prevented

her from bringing a rescission claim against them, which should

prevent them from exercising any security interest that they may

have.

In order to support a finding of estoppel by silence,

Plaintiff would have to allege that the owner of the note was

attempting to assert rights that would not have existed but for

its voluntary conduct that led Plaintiff to change her position

for the worse after relying in good faith on the mortgage note

owner's conduct.  See Dahl v. Brunswick Corp., 356 A.2d 221,

230 (Md. 1976) (quoting 3 J. Pomeroy, Equity Jurisprudence §

804, at 189 (5th ed. 1941)).  Silence by the party attempting to

---

[9] Plaintiff also alleges a theory of estoppel by acquiescence,
which would not apply here.  Acquiescence is theory of quasi-
estoppel when a party waives its ability to exert its rights
when it has acquiesced to certain conduct or circumstances that
abridged those rights for a period of time.  See Alvey v. Alvey,
155 A.2d 491 (Md. 1959).  Here, the proposed defendants are not
alleged to have acquiesced to behavior by Plaintiff in violation
of their rights, but rather are alleged to have either been
silent or actively prevented Plaintiff from knowing who the
actual owner is of her mortgage note thereby preventing her from
exercising her alleged rights.

assert a right will not result in estoppel unless there is a
duty to speak or act.  Id. at 231.  Here, Plaintiff does not
allege that the proposed defendants' silence regarding the
ownership induced her to do anything.  Rather, her allegation is
only that their silence prevented her from exerting her rights
after she entered into the mortgage.  She also does not allege
that the proposed defendants had a duty to speak or act so that
she could file a rescission action other than the statutory
requirement that the servicer reveal the owner or master
servicer under TILA 15 U.S.C. § 1641(f)(2).  Plaintiff's claim
for violation of § 1641(f)(2), as already discussed, provides
monetary damages and not a voided security interest.  Finally,
even if Plaintiff's allegations were sufficient to allow this
Court to void the owner's security interest in her mortgage
note, Plaintiff has still not alleged who the owner of the note
is against whom the Court could issue an injunction voiding
their security interest.  Thus, Plaintiff has not sufficiently
alleged a claim under estoppel by silence principles.

Plaintiff's Counts 15 and 16 in her motion are both claims
for rescission under TILA, 15 U.S.C. § 1635, albeit on different
grounds.  This Court previously granted Plaintiff leave to amend
her rescission claim in its December 3, 2009, Order.  Plaintiff
still fails to allege sufficient facts to state a claim,
however, as she does not identify the proper party against whom

rescission could be exercised.  Plaintiff admits as much in her
motion, "[s]ince the rescission process was intended to be self-
enforcing, failure to comply with the rescission obligations
subjects . . . <u>whomever wants to claim interest</u>, to potential
liability." Pl. Mot. at 22 (emphasis added).  The court notes,
however, that there is a State court foreclosure action
instituted against Plaintiff, in which the Plaintiff in that
action may be required to establish its ownership of her
mortgage note.  For that reason, Plaintiff may be able to raise
her rescission claim there without the same difficulties in
establishing the proper party against whom to claim rescission
here.

Plaintiff's Count 19[10] seeks damages under 15 U.S.C. § 1640
for the failure to take action to rescind Plaintiff's mortgage
within 20 days following Plaintiff's notice of rescission as
required by 15 U.S.C. § 1635.  While § 1640(a) specifically
provides for damages for such a failure, they are subject to a
one year statute of limitations, with certain exceptions not
applicable here.[11]  15 U.S.C. § 1640(e).  Plaintiff alleges that
she submitted her notice of rescission to AHM Defendants, to the

---

[10] Plaintiff's motion does not contain enumerated Counts 17 and
18.

[11] Claims under § 1640(a) are subject to a one year statute of
limitations except when they are brought as a defense by
recoupment or set-off to an action to collect the debt.  15
U.S.C. § 1640(e).

"Trust parties" and to attorneys for the "Trust parties" on
April 1, 2007.  Thus, the parties had twenty days to respond to
her letter, until April 21, 2007.  Plaintiff did not bring this
claim for failure to rescind, however, until January 5, 2010,
when she filed her amended Complaint, well over one year after
her claim became ripe.  Thus, Plaintiff's claim is time barred.

Similar to Count 19, Plaintiff's Count 20 is titled
"Failure to Respond to Request Under TILA 15 U.S.C. §
1641(f)(2)."  Section 1641(f)(2) requires that "[u]pon written
request by the obligor, the servicer shall provide the obligor,
to the best knowledge of the servicer, with the name, address,
and telephone number of the owner of the obligation or the
master servicer of the obligation."  Section 1640(a) provides
for damages for violations of § 1641(f).  While Plaintiff
alleges that Count 20 is for violation of § 1641, the facts that
she alleges in relation to this Count are almost identical to
those under Count 19 for failing to respond to her notice for
rescission and do not discuss a request for the name of the
owner or master servicer.  While Plaintiff alleges elsewhere in
her motion that she made numerous requests for the disclosure of
the owner, it also appears that she received responses to some
of her requests so it is impossible to know to which request she
is alleging a violation of § 1641(f), who failed to respond, and
whether or not the violation is brought within the one year time

limitation.  Thus, here again, Plaintiff fails to sufficiently allege a claim.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to add new party defendants and injunctive relief will be granted in part and denied in part.  Plaintiff's motion will be denied as to adding new party defendants.  Plaintiff's motion will be granted as to amending her complaint to state a RESPA claim (Count 10) against AHM Defendants for requiring her to use their affiliated settlement provider, and for paying a yield spread premium of $19,792 to her mortgage broker, but will be denied as to her RESPA claim for failing to provide her with a good faith estimate within three days of her loan application.  Plaintiff's motion as to all other claims and additional relief will be denied.  A separate order will issue.

/s/
William M. Nickerson
Senior United States District Judge

April 6, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PAULA RUSH                     *
                               *
          v.                   *      Civil Action WMN-07-CV-0854
                               *
AMERICAN HOME MORTGAGE, INC.   *
<u>et al.</u>                  *

     *    *    *    *    *    *    *    *    *    *    *    *

<u>**ORDER**</u>

In accordance with the foregoing Memorandum and for the reasons stated therein, it is this 6th day of April, 2010, by the United States District Court for the District of Maryland ORDERED:

1) That Plaintiff Paula Rush's Motion to Add New Party Defendants and Injunctive Relief, Paper No. 50, is GRANTED in part and DENIED in part in that:

   a. Plaintiff's motion to amend her Complaint to state claims under the Real Estate Settlement Procedures Act (RESPA) (Count 10) against AHM Defendants for requiring her to use their affiliated settlement provider, and for paying a yield spread premium of $19,792 to her mortgage broker is hereby GRANTED;

   b. The motion as to all other amendments is DENIED; and

1

2) That the Clerk of the Court shall transmit a copy of this

Memorandum and Order to Plaintiff and all counsel of

record.

                                          /s/

                                   William M. Nickerson
                                   Senior United States District Judge