IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: American Home Mortgage Holdings, Inc., a Delaware corporation,<br><br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-11047<br>Hearing Date and Time:<br>June 21, 2010, 11:00 am<br>Objection Date:<br>By June 14, 2010 |

## MOTION OF HELEN L. FORD FOR RELIEF FROM STAY

NOW COMES Helen L. Ford ("Ford"), a party in interest in the above-captioned proceeding, by and through her undersigned counsel, and respectfully requests, pursuant to Section 362 of the Bankruptcy Code, that this Court enter an Order granting the Plaintiff relief from automatic stay for the purpose of enforcing her rights as original and truthful owner of real estate in which the above-captioned Debtor asserts an interest or, in the alternative, for adequate protection. In support of this Motion, Plaintiff states as follows:

### I.    FACTS

1.    American Home Mortgage Holdings, Inc. ("AHM") is a Delaware corporation that asserts an ownership interest in the property known as and numbered Two Rumeal Robinson Way in Cambridge, Massachusetts 02139.

2.      On August 6, 2007, AHM petitioned for relief under Chapter 11 of the United States Bankruptcy Code in the Unites States Bankruptcy Court for the District of Delaware.  On February 23, 2009, the United States Bankruptcy Court for the District of Delaware entered an order confirming the liquidation of the corporation.

3.      Until 2003, the Movant, Ford, was the owner of the property located at Two Rumeal Robinson Way in Cambridge, Massachusetts 02139.  As of 2003, the property was subject to neither a mortgage nor any other form of encumbrance.  Ford owned the property with her husband for approximately 30 years.

4.      In 2003, Ford's adopted son, Rumeal Robinson, approached Ford about obtaining a mortgage on the property in order to finance a land development project he was planning in Jamaica. Mr. Robinson told Ford that he would be responsible for all of the mortgage payments and Ford agreed to execute the mortgage at a meeting on June 16, 2003.  Mr. Robinson told Ford that a Mr. Lloyd Richard Preston, Jr. ("Preston") would attend the meeting on his behalf.

5.      On June 16, 2003, at the meeting with Preston and without the assistance of counsel, Ford signed a document she believed, because of Mr. Robinson's representations, to be a mortgage document.  Instead, Ford signed a documented entitled "Massachusetts Quitclaim Deed".  Ford did not intend to execute a deed and she was not aware that she had conveyed her property to Preston.

6.      Subsequent to the transaction with Preston, there were a series of transactions in which Ford's property was mortgaged to several individuals.  Ford was not aware about any of these transactions and she did not receive as payment any of the monies resulting from the sales of her property.  It was not until December 2007, upon receiving an eviction notice from the Cambridge District Court, that Ford found out that Mr. Robison had committed fraud upon her and that she

2

had unknowingly signed a deed instead of a mortgage document. See Exhibit A, Ford Affidavit, for an account of the events that followed Ford's meeting with Preston.

7.    AHM had no lawful right to include the property in its bankruptcy proceedings because fraud in the factum existed at the time of the original conveyance which rendered all subsequent conveyances and transactions related to the original conveyance void. See Exhibit B, Plaintiff's Complaint for Injunctive Relief, for a full account of the allegations.

## II.    GROUNDS FOR RELIEF FROM AUTOMATIC STAY

8.    Ford seeks relief from the automatic stay pursuant to 11 U.S.C. § 362 (d)(2) on the grounds that, because there was fraud in the factum committed upon Ford during the initial conveyance of her property, AHM has no equity on the property and the property is not necessary for an effective reorganization. "Equity" has been defined by the courts as an "amount or value of a property above the total liens or charges." *In re Faires*, 34 B.R. 549, 552 (Bankr. W.D. Wash. 1983). Here, the property has no value for AHM because Ford has a valid charge against AHM's ownership of the property.

9.    In the alternative, Ford seeks an emergency hearing pursuant to 11 U.S.C. § 362(f) on the grounds that Ford is a party in interest and the relief from the stay is necessary to prevent irreparable damage to Ford's interest in the property. In the event that Ford is not allowed to pursue her civil claim and AHM is able to sell the property to a bona fide purchaser, Ford will lose her home without the possibility of reacquiring title to the property.

10.    Moreover, the United States Bankruptcy Court has granted an order for relief from automatic stay when the movant has shown a *colorable* claim to the property. *In re Hernandez*,

3

244 B.R. 549, 554 (Bankr. DPR 2000). In *In re Hernandez*, the Court held that because the movant had acquired title to the property before debtor's petition for bankruptcy, the movant had established a *colorable* claim to the property which merited an order granting relief from the stay. Similarly, here, Ford as the original and rightful owner of the property, acquired title to the property before AHM's petition for bankruptcy. Ford's conveyance of her property to Preston resulted from fraud in the factum committed against her, which renders the conveyance of the quitclaim deed and all subsequent conveyances void and defensible even against holders in due course. *Federico v. Brockton Credit Union*, 39 Mass. App. Ct. 57, 63 (1995).

11.     In light of the foregoing, there exists sufficient cause to grant Ford relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)-(2) or (f) with respect to the property.

WHEREFORE, Ford respectfully requests that the Court enter an order granting Ford relief from the automatic stay so that Ford may enforce her rights under 11 U.S.C. § 362 (d)(1)-(2) or (f) and grant Ford other relief as the Court deems just under the circumstances.

Respectfully submitted,
Helen L. Ford

By: _____

Dennis A. Benzan, Esq. BBO #668755
Altman & Altman, LLP
689 Massachusetts Avenue
Cambridge, Massachusetts 02139
(617) 492-3000
(617) 491-3299 (facsimile)

4