THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: American Home Mortgage Holdings, Inc., a Delaware corporation,<br><br>Debtor. | Case No. 07-11047<br>Hearing Date:<br>June 21, 2010, 11:00 am<br>Objection Date:<br>By June 14, 2010 |

## AFFIDAVIT OF HELEN L. FORD IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

I, Helen L. Ford, hereby depose and state as follows:

1. I currently reside in a rented apartment in Somerville, Massachusetts. Until 2003, I was the owner of the property located at Two Rumeal Robinson Way in Cambridge, Massachusetts 02139. As of 2003, the property was subject to neither a mortgage nor any other form of encumbrance. I owned the property with my husband for approximately 30 years.

2. In 2003, my adopted son, Rumeal Robinson, approached me about obtaining a mortgage on the property in order to finance a land development project he was planning in Jamaica. Mr. Robinson told me that he intended to obtain a mortgage on the property and thereafter make the mortgage payments on his own. I agreed to these terms and to attend a meeting on June 16, 2003 to execute the mortgage. Mr. Robinson informed me that a Mr. Lloyd Richard Preston, Jr. ("Preston") would attend the meeting on his behalf on that date.

3. On June 16, 2003, I arrived at the meeting to execute the mortgage. In accordance with the conversation with Mr. Robinson, Preston was present at the meeting to execute the mortgage.

1

Without the assistance of counsel and believing, because of Mr. Robinson's representations, that I was signing a mortgage document for my son, I executed a document entitled "Massachusetts Quitclaim Deed". Rather than signing a mortgage document, as I intended, I actually signed a deed conveying the property to Preston for the consideration paid of $600,000. At no point during the meeting did I understand or believe that I was conveying the property. Moreover, I did not receive any of the monies received from the sale.

4. Unbeknownst to me, Preston obtained financing for the transaction through Argent Mortgage Company, LLC ("Argent"). Through Argent, Preston secured a $500,000 mortgage on the property.

5. Unbeknownst to me, on February 7, 2004, Preston conveyed the property to Mr. Jorge L. Rodriguez ("Rodriguez") for the consideration paid of $625,000. I did not receive as payment any monies resulting from the sale.

6. Rodriguez obtained financing for the transaction through WMC Mortgage Corporation ("WMC"). Through WMC, Rodriguez secured a $562,500 mortgage on the property which he used, presumably, to pay off the prior mortgage. I did not receive any of the monies remaining after the mortgage payoff.

7. Unbeknownst to me, on September 6, 2006, Rodriguez conveyed the property to Mr. Stephen D. Hodge ("Hodge") for the consideration paid of $1,000,000. I did not receive as payment any monies resulting from the sale.

8. Hodge obtained financing for the transaction through American Home Mortgage ("AHM"). Through AHM, Hodge secured a $700,000 mortgage on the property which he used,

presumably, to pay off the prior mortgage. I did not receive as payment any monies resulting from the sale.

9. Each subsequent transfer of the property, after the original "sale" from me to Preston, was secured by an inflated mortgage which was used to pay off the prior mortgage and for the subsequent mortgagee's personal gain. At no point, during any transaction, did I receive any of the excess monies from the inflated mortgages.

10. Upon defaulting on the mortgage, on May 1, 2007, Hodge executed a "Massachusetts Foreclosure Deed", effectively conveying the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), having its usual place of business at 4600 Regent Boulevard, Suite 200, Irving, Texas, as Nominee for AHM, for the consideration paid of $236,000.

11. In December 2007, I received an eviction notice from Cambridge District Court ordering that I vacate my home by February 2008.

12. On August 27, 2009, Mr. Robinson, along with Brian Jermaine Williams, a Commercial Loan Officer for Community State Bank, an institute insured by the Federal Deposit Insurance Corporation, and Stephanie Hodge, the romantic interest of Mr. Robinson, were indicted in the United States District Court for the Southern District of Iowa on grounds of federal wire fraud, bank fraud, conspiracy to commit bank fraud, and issuing false statements to financial institutions.

13. AMH has filed a bankruptcy petition in this Court, which would require me to travel to Delaware for the bankruptcy proceedings. However, I live and work in Massachusetts and thus, traveling to Delaware would be financially difficult and inconvenient for me.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 22nd DAY OF FEBRUARY, 2010.

*Helen L. Ford*

Helen L. Ford