IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :  Jointly Administered
                        Debtors.                                 :
                                                                 :  Ref. Docket Nos. 8683, 8732 & 8733
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019(a) AUTHORIZING AND
APPROVING STIPULATION BY AND AMONG THE DEBTORS AND
DEUTSCHE BANK NATIONAL TRUST CO. IN VARIOUS CAPACITIES
RESOLVING CURE CLAIMS ASSERTED IN CONNECTION WITH THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING
AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC.
(F/K/A AH MORTGAGE ACQUISITION CO., INC.)**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the *Stipulation By and Among the Debtors and Deutsche Bank National Trust Co. in Various Capacities Resolving Cure Claims Asserted in Connection With the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc.*, attached hereto as Exhibit A (the "Stipulation");[1] and upon consideration of the objections to the Motion (the "Objections") filed by Paula Rush and Dr. David and Elizabeth Judith Jackson; and a hearing having been held to consider the Motion and the Objections on April 6, 2010 (the "Hearing"); and it appearing that the relief requested in the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and all parties in interest having been heard or having had the opportunity to be heard at the Hearing; and it appearing that this proceeding is a core proceeding under 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor, and for the reasons set forth on the record at the Hearing, it is hereby ORDERED that:

1. The Objections are OVERRULED and the Motion is GRANTED as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation attached hereto as Exhibit A is hereby APPROVED.

3. In accordance with the Stipulation, the Integrated Proof of Claim shall be allowed in part as a general unsecured claim (i) against AHM Acceptance in the amount of $227,740 and (ii) against AHM SV in the amount of $191,443, on account of claims set forth in the Sellers' Cure Claims; provided that partial allowance of the Integrated Proof of Claim as set forth in this paragraph shall be without prejudice to DBNTC's right to assert, as part of the Integrated Proof of Claim or the AHMIT 2006-2 Transition Claim, any claim that was not set forth in the Sellers' Cure Claims.

4. Capital One, N.A., successor by merger to North Fork Bank, the escrow agent (the "Escrow Agent") under the Cure Escrow Agreement, is hereby directed to deliver via wire transfer, pursuant to wire instructions to be provided by DBNTC, the sum of $355,536 to DBNTC from the Cure Escrow account within five (5) business days after entry of this Order.

5. In accordance with the Cure Escrow Agreement, the Escrow Agent is authorized to release the funds from the Cure Escrow as set forth herein.

6. Upon receipt of the funds as set forth herein, DBNTC's claim against the Cure Escrow shall be satisfied in full.

7. The Parties are hereby authorized to take all actions and execute all documents or instruments necessary to carry out the provisions of the Stipulation.

8. Notwithstanding the 10-day stay provided in Bankruptcy Rule 6004(h), this Order shall become effective immediately upon entry by this Court.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
~~April 6, 2010~~
5/11/10

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE