## Exhibit A

**The Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                :
                                                :    Jointly Administered
        Debtors.                                :
                                                :    Ref. Dkt. Nos. 1711, 2166, 2223, 2225,
                                                :    3973 & 7158
---------------------------------------------------------------- x
```

**STIPULATION BY AND AMONG THE DEBTORS AND DEUTSCHE BANK
NATIONAL TRUST CO. RESOLVING CURE CLAIMS ASSERTED IN CONNECTION
WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN
SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE
SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.)**

This stipulation (the "Stipulation") is entered into by and among AHM Holdings

and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), and Deutsche Bank National Trust Company, in various capacities ("DBNTC" and,

collectively with the Debtors, the "Parties"), by and through their undersigned counsel.

## RECITALS

WHEREAS, On August 6, 2007 (the "Petition Date"), the Debtors filed an

emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their

mortgage loan servicing business (the "Servicing Business"), including the assumption and

assignment of certain executory contracts;

---

* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303);
American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American
Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a
American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home
Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC
("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc.
("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York
corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS the Assumed Contracts included certain contracts (i) to which DBNTC, in its capacity as Trust Administrator and/or Indenture Trustee is a party or (ii) under which DBNTC is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed DBNTC Agreements");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007 (the "Initial Closing Date"), for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor merger by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, in accordance with the Sale Order, DBNTC timely filed (i) the *Initial Omnibus Cure Claim of Deutsche Bank National Trust Co. as Trust Administrator and/or*

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

*Indenture Trustee Against Cure Escrow* [D.I. 2223] (as supplemented by D.I. 2225, the "Initial

Cure Claim") and (ii) the *Proof of Transfer Cost Claim of Deutsche Bank National Trust Co., in*

*Various Capacities* [D.I. 3973] (the "Transfer Cost Claim" and, together with the Initial Cure

Claim, the "Sellers' Cure Claims"), which asserted aggregate claims of $774,719 as a Sellers'

Cure Amount;

WHEREAS, DBNTC timely filed proof of claim #9189 (as supplemented by

proof of claim #9972, the "Integrated Proof of Claim") against AHM Acceptance, which set

forth DBNTC's claims in various capacities against each of the Debtors; the Integrated Proof of

Claim was incorporated by reference in proofs of claim #9183-9188 and #9225, filed against

AHM Ventures, AHM Corp., AHM SV, AHM Investment, Great Oak, AHM Holdings, and

Homegate, respectively;

WHEREAS, DBNTC also timely filed proof of claim #9950 against AHM

Acceptance (the "AHMIT 2006-2 Transition Claim"), which asserted a contingent, unliquidated

claim related to the transition of servicing for the AHMIT 2006-2 Transaction (as defined in the

AHMIT 2006-2 Transition Claim);

WHEREAS, on March 25, 2009, the Debtors filed an objection to the Sellers'

Cure Claims [D.I. 7158];

WHEREAS, the Parties desire to avoid costly litigation over the Sellers' Cure

Claims and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their

positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a

compromise they believe is fair and reasonable in light of the risks and costs inherent in any

litigation;

3

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

### STIPULATION

1.    **Effectiveness**. This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation and authorizing the Cure Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to DBNTC from the Cure Escrow. As soon as practicable following execution of this Stipulation by all Parties, the Debtors shall file a motion seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h). If the Approval Order is not entered within thirty (30) days after execution of this Stipulation by all Parties, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

2.    **Allowed Cure Claim.** Upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $355,536 (the "Allowed Cure Claim"). The Allowed Cure Claim shall be paid to DBNTC from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by DBNTC.

3.    **Allowed Unsecured Claims against AHM Acceptance and AHM SV**. Effective upon entry of the Approval Order, the Integrated Proof of Claim (i) against AHM Acceptance shall be allowed in part as a general unsecured claim in the amount of $227,740, and (ii) against AHM SV shall be allowed in part as a general unsecured claim in the amount of $191,443, on account of claims set forth in the Sellers' Cure Claims. Partial allowance of the Integrated Proof of Claim in accordance with this paragraph 3 shall be without prejudice to

4

DBNTC's right to assert, as part of the Integrated Proof of Claim or the AHMIT 2006-2 Transition Claim, any claim that was not set forth in the Sellers' Cure Claims.

4.    **Release by DBNTC.** Effective upon DBNTC's receipt of payment of the Allowed Cure Claim from the Cure Escrow, DBNTC, on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or the Cure Escrow which were asserted in the Sellers' Cure Claims or which arise from any default under any Assumed DBNTC Agreement resulting from an act or omission that occurred prior to the Initial Closing Date, whether such claims and/or causes of action are known or unknown at this time, fixed or contingent, liquidated or unliquidated; provided, however, that DBNTC does not waive or release any claims allowed pursuant to this Stipulation.

5.    **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

6.    **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

7.    **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

8.    **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

9.    **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving

5

effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

10.    **Construction**. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

11.    **Execution in Counter-Parts and By Telecopy**. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[SIGNATURE PAGE FOLLOWS]

Dated:    Wilmington, Delaware
           March 15, 2010

                           YOUNG CONAWAY STARGATT & TAYLOR, LLP

                           Sean M. Beach (No. 4070)
                         Patrick A. Jackson (No. 4976)
                         The Brandywine Building
                         1000 West Street, 17th Floor
                         Wilmington, Delaware 19801
                         Telephone: (302) 571-6600
                         Facsimile: (302) 571-1253

                         Counsel for Debtors and Debtors in Possession

Dated:    New York, New York
           March 11, 2010

                         NIXON PEABODY LLP

                         Dennis Drebsky
                         437 Madison Avenue
                         New York, NY 10022
                         Telephone: (212) 940-3000

                         Counsel for Deutsche Bank National Trust Co.,
                         in various capacities