IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              :  Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                     :
                                                    :  Jointly Administered
                      Debtors.                      :
                                                    :  **Ref. Docket No.: 8756**
                                                    :
---------------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019(a) FOR AN ORDER AUTHORIZING
AND APPROVING STIPULATION BY AND AMONG THE DEBTORS AND
WELLS FARGO BANK, N.A., (I) RESOLVING CURE CLAIMS ASSERTED
IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME
MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO.,
INC.) AND (II) PARTIALLY RESOLVING CERTAIN PROOFS OF CLAIM**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the *Stipulation By and Among the Debtors and Wells Fargo Bank, N.A., (I) Resolving Cure Claims Asserted in Connection With the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. and (II) Partially Resolving Certain Proofs of Claim*, attached hereto as Exhibit A (the "Stipulation");[1] and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and all parties in interest having been heard or having had the opportunity to be heard; and it appearing that this proceeding is a core proceeding

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

under 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation attached hereto as Exhibit A is hereby APPROVED as modified herein

3. Notwithstanding paragraph 1 of the Stipulation, by agreement of the Parties, the Stipulation is, and shall remain, valid and binding notwithstanding the fact that this order was entered more than thirty (30) days after execution of the Stipulation by all the Parties.

4. In accordance with the Stipulation, (i) proof of claim #9233 shall be allowed in part as a general unsecured claim in the amount of $162,602 against AHM Acceptance; (ii) proof of claim #9234 shall be allowed in part as a general unsecured claim in the amount of $555,801 against AHM SV; (iii) proof of claim #9235 shall be allowed in part as a general unsecured claim in the amount of $162,602 against AHM Corp.; and (iv) proof of claim #9236 shall be disallowed and expunged.

5. Capital One, N.A., successor by merger to North Fork Bank, the escrow agent (the "Escrow Agent") under the Cure Escrow Agreement, is hereby directed to deliver via wire transfer, pursuant to wire instructions to be provided by Wells Fargo, the sum of $298,145 to Wells Fargo from the Cure Escrow account within five (5) business days after entry of this Order.

6. In accordance with the Cure Escrow Agreement, the Escrow Agent is authorized to release the funds from the Cure Escrow as set forth herein.

7. Upon receipt of the funds as set forth herein, Wells Fargo's claim against

the Cure Escrow shall be satisfied in full.

8. The Parties are hereby authorized to take all actions and execute all documents or instruments necessary to carry out the provisions of the Stipulation.

9. Notwithstanding the 10-day stay provided in Bankruptcy Rule 6004(h), this Order shall become effective immediately upon entry by this Court.

10. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      May 11, 2010

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE