# **EXHIBIT A**

ORIGINAL

1  MICHAELSON, SUSI & MICHAELSON    (SPACE BELOW FOR FILING STAMP ONLY)
        A Professional Corporation
2           ATTORNEYS AT LAW
   SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3     SANTA BARBARA, CALIFORNIA 93101-3191
          Telephone:  (805) 965-1011
4          Facsimile:   (805) 965-7351

5     Joseph M. Sholder, Bar No. 126347

6  Attorneys for Plaintiffs

```
          FILED

          SEP 1 2 2006

     CLERK U.S. BANKRUPTCY COURT
     CENTRAL DISTRICT OF CALIFORNIA
     BY              Deputy Clerk
```

8            UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

11  In re                        )  BK No. ND 06-10337-RR
                                 )
12  DEBORAH E. MILLS,            )  Adv. No.
                                 )
13              Debtor.          )  Chapter 7
    _____    )
14                               )  COMPLAINT FOR
    ERNEST KUHN,                 )  NONDISCHARGEABILITY OF DEBT
15                               )  PURSUANT TO 11 U.S.C.
                Plaintiff,       )  § 523(a)(2)
16                               )
    vs.                          )  [Status Conference to be Set]
17                               )
                                 )
18                               )
                                 )
19  DEBORAH E. MILLS,            )
                                 )
20              Defendant.       )
                                 )
21                               )
                                 )
22  _____    )

23      Plaintiff Ernest Kuhn ("Kuhn") complains against Debtor

24  and Defendant Deborah E. Mills ("Mills") as follows:

25                      I. JURISDICTION

26      1.   This proceeding is an adversary proceeding within the

27  meaning of Rule 7001 of the Federal Rules of Bankruptcy

28  Procedure.

                              - 1 -

1    2.    This court has jurisdiction over this proceeding

2    pursuant to 28 U.S.C. § 157 and § 1334.

3    3.    This is a core proceeding pursuant to 28 U.S.C.

4    § 157(b)(2)(I).

## II. THE PARTIES

6    4.    Plaintiff Kuhn is a resident of this judicial

7    district.

8    5.    Defendant Mills is the debtor in this Chapter 7

9    bankruptcy case.

## III. FACTUAL ALLEGATIONS

11    6.    On about August 3, 2005, Kuhn loaned Mills $164,201

12    (the "Loan"). When Kuhn made the Loan to Mills, Kuhn was

13    eighty years old, in ill health. Kuhn's wife of fifty-four

14    years had died on August 23, 2003 and his son had died on March

15    1, 2004.    Kuhn was deeply affected by the loss of his wife and

16    son and his prior business acumen and judgment deteriorated.

17    Kuhn was also disabled.    Mills was only a casual acquaintance

18    of Kuhn.

19    7.    The Loan was evidenced by a promissory note (the

20    "Note") which provided that it was to be paid within sixteen

21    days of August 3, 2005: August 19, 2005 (the "Original Due

22    Date").    A true and correct copy of the Note is attached here

23    to the Exhibit "1".    The Note provides that the Loan is secured

24    by assets of Elea Management Group Inc. ("Elea").    Before Kuhn

25    made the Loan to Mills, Mills represented to Kuhn that Elea was

26    a successful business owned by her boyfriend R. Anthony

27    Esquivel and that Elea's assets provided Kuhn with ample

28    security for the Loan.

-2-

1      8.   Before Kuhn made the Loan to Mills, Mills represented

2  to Kuhn that she was in the process of purchasing a home

3  located at 1880 Burnt Rock Way, Templeton, California (the

4  "Burnt Rock Residence").  Mills told Kuhn that she had obtained

5  a loan to complete the purchase of the Burnt Rock Residence but

6  that it would not fund for ten days, that escrow on the Burnt

7  Rock Residence was set to close before that loan would fund,

8  and that she needed the Loan on a short-term, ten-day basis to

9  be able to close escrow on her purchase of the Burnt Rock

10  Residence or she would lose her earnest money deposit.

11      9.   Mills closed escrow on the Burnt Rock Residence on or

12  about August 9, 2005.  Kuhn is informed and believes, and based

13  thereon alleges, that the purchase price of the Burnt Rock

14  Residence was $1,375,000.  Kuhn is further informed and

15  believes, and based thereon alleges, that Mills paid the

16  purchase price by (a) borrowing $1,162,500 secured by both

17  first and second trust deeds against the Burnt Rock Residence;

18  (b) using the $164,201 Loan from Kuhn; and (c) paying

19  approximately $48,300 of her own funds.

20      10.  Mills did not repay the Loan on the Original Due

21  Date.  When Kuhn asked Mills why the Loan had not been repaid

22  as promised, Mills told Kuhn that the loan she told him she had

23  obtained referenced in paragraph 8 of this complaint fell

24  through and never funded.  Mills also told Kuhn that she would

25  begin seeking another loan to repay the Loan.

26      11.  On February 3, 2006, a grant deed was recorded naming

27  as grantees Mills and Kuhn as tenants in common.  Mills

28  recorded that grant deed because Kuhn insisted that he get some

1   security for the Loan which had not been repaid as promised on

2   the Original Due Date.  When the grant deed was recorded,

3   notices of default had been recorded in January 2006 by the

4   holders of the first and second trust deeds on the Burnt Rock

5   Residence, but Mills did not disclose that fact to Kuhn.

### IV. FIRST CLAIM FOR RELIEF

### [NON-DISCHARGEABLITY PURSUANT TO 11 U.S.C. § 523 (a) (2)]

8       12.   Kuhn incorporates by reference paragraphs one through

9   eleven of this complaint as though fully sent forth herein and

10  made a part hereof.

11      13.   Kuhn is informed and believes, and based thereon

12  alleges, that Mills' representation to Kuhn that she obtained a

13  loan which was to fund by the Original Due Date to repay the

14  Loan was false.  Kuhn is further informed and believes, and

15  based thereon alleges, that the true facts are that Mills'

16  could not have obtained a loan by the Original Due Date or

17  thereafter to repay the Loan because she lacked sufficient

18  income to qualify for such a loan, Mills had no way of

19  servicing such a loan, and the Burnt Rock Residence was so

20  fully encumbered by the existing first and second trust deeds

21  that there was insufficient equity in the Burnt Rock Residence

22  to borrow money to repay the Loan.

23      14.   Mills' representation to Kuhn that she obtained a

24  loan to repay the Loan by the Original Due Date was a material

25  misrepresentation of fact.

26      15.   When Mills made the representation that she obtained

27  a loan to repay the Loan by the Original Due Date, Mills knew

28  that representation was false.  Mills made that representation

-4-

1  to induce Kuhn to make the Loan to her so that she could close

2  escrow on the Burnt Rock Residence and not lose her earnest

3  money deposit.

4       16.  Kuhn relied upon Mills' representation and made the

5  Loan to Mills.  Had Kuhn known the true facts, he would not

6  have made the Loan to Mills.

7       17.  Mills' representation caused damage to Kuhn because

8  none of the Loan has been repaid and instead Mills filed this

9  bankruptcy case.

10               **V.  SECOND CLAIM FOR RELIEF**

11       **[NON-DISCHARGEABLITY PURSUANT TO 11 U.S.C. § 523(a) (2)]**

12       18.  Kuhn incorporates by reference paragraphs one through

13  seventeen of this complaint as though fully set forth herein

14  and made a part hereof.

15       19.  Mills' representation to Kuhn that the Loan would be

16  adequately secured by the assets of Elea was false. Kuhn is

17  informed and believes, and based thereon alleges, that when the

18  Loan was made, Elea's assets were at best nominal, that those

19  assets were unavailable to use as security for the Loan, and

20  that Elea was not a thriving business. Kuhn is further informed

21  and believes, and based thereon alleges, that Elea was

22  suspended as a corporation by the State of California no later

23  than April 21, 2006, approximately eight months after Kuhn made

24  the Loan to Mills.

25       20.  Mills' representation that the Loan was adequately

26  secured by Elea's assets was a material fact.

27       21.  When she made that representation, Mills knew that

28  Elea's assets were insufficient to adequately secure the Loan.

-5-

1  Mills made that representation with the intent to induce Kuhn

2  to make the Loan to Mills.

3       22.  Kuhn relied upon Mills' representation that Elea's

4  assets were adequate security for the Loan in making the Loan

5  to Mills. Had Kuhn known the true facts, he would not have made

6  the Loan to Mills.

7       23.  Mills' misrepresentation caused damage to Kuhn

8  because none of the Loan has been repaid and instead Mills

9  filed this bankruptcy case.

10                    **VI. THIRD CLAIM FOR RELIEF**

11   **[NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a) (2)]**

12       24.  Kuhn incorporates by reference paragraphs one through

13  twenty-three of this complaint as though fully set forth herein

14  and made a part hereof.

15       25.  Mills was unable to repay the Loan on the Original

16  Due Date. To obtain an extension on the time within which Mills

17  would repay the Loan, on or about October 15, 2005, Mills

18  represented to Kuhn that she would put him on title to the

19  Burnt Rock Residence as security for the Loan and that would

20  ensure that Kuhn would be repaid.  Mills telefaxed Kuhn a deed

21  purporting to put Kuhn on title to the Burnt Rock Residence in

22  November 2005.  A deed putting Kuhn on title was recorded on

23  February 3, 2006.

24       26.  When Mills made that representation, Mills knew but

25  did not disclose to Kuhn that Mills had defaulted on the loans

26  secured by the first and second trust deeds secured by the

27  Burnt Rock Residence.  Further, before the deed putting Kuhn on

28  title to the Burnt Rock Residence was recorded on February 3,

-6-

1   2006, Mills did not disclose to Kuhn that the holders of the

2   first and second trust deeds had recorded notices of default on

3   January 27, 2006.

4       27.   The true facts are that there were two loans secured

5   by first and second trust deeds on the Burnt Rock Residence,

6   that notices of default on these loans had been recorded, and

7   that Mills had defaulted on the loans secured by the first and

8   second trust deeds.   These were material facts and Mills had a

9   duty to disclose these facts to Kuhn.

10       28.   Mills failed to disclose these facts to Kuhn to

11   induce Kuhn to forbear from promptly attempting to collect on

12   the Loan when it was not paid on the Original Due Date. Had

13   Mills disclosed these facts, Kuhn would not have forborne from

14   attempting to collect on the Loan.

15       29.   Mills' failure to disclose these facts caused Kuhn

16   damage in that he did not promptly attempt to collect on the

17   Loan when it became due on the Original Due Date and cannot now

18   due so because Mills filed this bankruptcy case.

19                   **VII. PRAYER FOR RELIEF**

20       **WHEREFORE**, Kuhn prays for judgment as follows:

21       1.   On the first claim for relief, entry of a judgment

22   that Mills' debt to Kuhn is non-dischargeable in an amount to

23   be proven at trial.

24       2.   On the second claim for relief, entry of a judgment

25   that Mills' debt to Kuhn is non-dischargeable in an amount to

26   be proven at trial.

27

28

-7-

1      3.   On the third claim for relief, entry of a judgment

2  that Mills' debt to Kuhn is non-dischargeable in an amount to

3  be proven at trial.

4      4. For such other and further relief as the court deems

5  just and proper.

6  Dated: September 12, 2006

7

8                         MICHAELSON, SUSI & MICHAELSON
                            A Professional Corporation

9

10

11                         By
                              JOSEPH M. SHOLDER

12                              Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FROM : POIRIER RESIDENCE                    PHONE NO. : 8056592235          Jan. 19 2006 05:39PM P1
      Aug 03 05 12:45p                                                                P. 1

Joe—

## INSTALLMENT PROMISSORY NOTE
## AND SECURITY AGREEMENT

DATE: August 3, 2005

FOR VALUE RECEIVED, the undersigned, Promises to pay to the order of Ernest Kuhn, "Lender", the sum of $164,201.09 together with one time interest thereon at the rate of Ten per centum (10%) from date payable or, on demand, the one-time installment to be paid on the 19 day of August, 2005, and principal sum and all accrued interest have been paid in full.

If default is made in the payment of any installment specified herein, or any part thereof, and such default shall continue for a period of 10 days, then the holder hereof, may, at its option, declare the whole sum then remaining unpaid immediately due and payable. In case of any such default, the undersigned agrees to pay all costs of collection, including a reasonable attorneys fees, whether or not suit is instituted.

Presentment for payment, demand, notice of dishonor, protest, notice of protest and any homestead or personal property exemption allowed by the constitutions or laws of any state are hereby waived by the undersigned. Failure by the holder hereof to exercise any option granted it hereunder shall not constitute a waiver of future rights. The term "undersigned" as used herein shall include all makers, co-makers, endorsers, sureties and guarantors hereof.

As security for the Loan, the Borrower does hereby grant, pledge, transfer, sell, assign, convey and deliver to the Lender, and do grant to the Lender a security interest in, all of the right, title and interest of such Borrowers, in, to and under the following (hereinafter collectively referred to as the "Collateral"):  Assets of Elea Management Group Inc. A California Corporation. In the event of Default under this agreement, the Lender shall have, in addition to any other rights under this agreement or under applicable law, the right without notice to the Borrower to take any or all of the following actions at the same or at different times:  (a) to collect all Collateral in the Borrowers' name and take control of any cash or non-cash proceeds of Collateral;  (b) to enforce payment of any Collateral, to prosecute any action or proceeding with respect to the Collateral, to extend the time of payment of any and all Collateral, to make allowance and adjustments with respect thereto and to issue credits in the name of the Borrower;  (c) to settle, compromise, extend, renew, release, terminate or discharge, in whole or in part, any Collateral or deal with the same as the Lender may deem advisable;  (d) without notice or

# EXHIBIT "1"

9

FROM : POIRIER RESIDENCE          PHONE NO. : 8056592235          Jan. 19 2006 05:48PM P2
Aug 05 05 12:45p                                                                    p.2

advertisement, to sell, assign and deliver the Collateral or any other property held by the Lender,
at public or private sale, for cash, upon credit or otherwise at the sole option and discretion of
Lender and to bid or become purchaser at any such sale, and (e) to exercise, in addition to all
other rights and remedies of a Lender upon default under the Uniform Commercial Code adopted
by the State of California.   The net cash proceeds resulting from the exercise of any of the
foregoing rights, after deducting all charges, expenses, cost and attorneys' fees relating thereto,
including any and all costs and expenses incurred in securing the possession of Collateral and
preparing the same for sale, shall be applied by the Lender to the payment of the Liabilities,
whether due or to become due, in such order and in such proportions as the Lender may elect,
and Borrower shall remain liable to the Lender for any deficiency.

R. Anthony Esquivel and Deborah Mills — Borrower
Elea Management Group

16

# **EXHIBIT B**

Form B1 (Official Form ) - (Rev. 10/05)                                                                              2005 USBC, Central District of California

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Mills, Deborah E** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**1422** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if<br>more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State<br>**1880 Burnt Rock Way**<br>**Templeton, CA**<br>ZIPCODE **93465** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**San Luis Obispo** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| Type of Debtor (Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check all applicable boxes) | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above<br>entities, check this box and provide the<br>information requested below.)<br>State type of entity: | ☐ Health Care Business<br>☐ Single Asset Real Estate as<br>defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified<br>under 26 U.S.C. § 501(c)(3) | ☒ Chapter 7  ☐ Chapter 11  ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9  ☐ Chapter 12     of a Foreign Main Proceeding<br>    ☐ Chapter 13       ☐ Chapter 15 Petition for Recognition<br>                                        of a Foreign Nonmain Proceeding |

| | Nature of Debts (Check one box) |
|---|---|
| | ☒ Consumer/Non-Business            ☐ Business |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A<br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only).<br>Must attach signed application for the court's consideration. See Official<br>Form 3B. | Check one box:<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders<br>or affiliates are less than $2 million. |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds<br>available for distribution to unsecured creditors. | **FILED**<br>JUN 2 6 2006<br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |

| Estimated Number of<br>Creditors | 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

# ORIGINAL

Form B1 (Official Form ) - (Rev. 10/05)    2005 USBC, Central District of California

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Deborah E Mills** | FORM B1, Page 2 |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>   **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts) |
|---|---|
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 1, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐   Exhibit A is attached and made a part of this petition. | X _____  6/25/06<br>Signature of Attorney for Debtor(s)            Date<br>**Vaughn C. Taus, Attorney at Law     120436** |

| **Exhibit C** | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? | ☑ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition. |
| ☐    Yes, and Exhibit C is attached and made a part of this petition.<br>☑    No | ☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances (Must attach certification describing.) |

| **Information Regarding the Debtor (Check the Applicable Boxes)**<br>**Venue** (Check any applicable box) |
|---|
| ☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>*Check all applicable boxes.* |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following). |
| _____<br>(Name of landlord that obtained judgment) |
| _____<br>(Address of landlord) |
| ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition. |

·

Form B1 (Official Form ) - (Rev. 10/05)                                                                2005 USBC, Central District of California

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Deborah E Mills** | FORM B1, Page 3 |
|---|---|---|

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition]- I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Deborah Mills*

Signature of Debtor    **Deborah E Mills**

X __Not Applicable__
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

_6 / 25 / 06_
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

**Vaughn C. Taus, Attorney at Law, 120436**
Printed Name of Attorney for Debtor(s) / Bar No.

**Vaughn C. Taus Law Office**
Firm Name

**1042 Pacific Street, Suite D  San Luis Obispo, CA 93401**
Address

**(805) 542-0155**                              **(805) 542-0234**
Telephone Number

_6/25/06_
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X __Not Applicable__
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative of a Recognized Foreign Proceeding**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign proceeding is attached.

X __Not Applicable__
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110: 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.§110 setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

Not Applicable
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.)

_____
Address

X __Not Applicable__
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

STATEMENT OF RELATED CASES

INFORMATION REQUIRED BY LOCAL RULE 1015-2

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**CH. 7 1989**
**Los Angeles, CA, Discharged**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____ , California

Dated: _6/25/06_

Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised May 2004*                                                                F 1015-2.1

Form B6D - (10/05)                                                                      2005 USBC, Central District of California

| In re | **Deborah E Mills** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last Four Digits of ACCOUNT NO.    **1000930980** <br> **American Home Mortgage Servicing** <br> **PO Box 631730** <br> **Irving, TX 75063-1730** | | | Mortgage <br> 1880 Burnt Rock Way <br> Templeton, CA <br> 93465 <br><br> VALUE $1,375,000.00 | | | | 199,936.09 | 0.00 |
| Last Four Digits of ACCOUNT NO.    **1000928512** <br> **American Home Mortgage Servicing** <br> **PO Box 631730** <br> **Irving, TX 75063-1730** | | | 1000930980 <br> Mortgage <br> 1880 Burnt Rock Way <br> Templeton, CA <br> 93465 <br><br> VALUE $1,375,000.00 | | | | 961,497.40 | 0.00 |
| Last Four Digits of ACCOUNT NO.    **061-9008-82786** <br> **GMAC** <br> **PO Box 12699** <br> **Glendale, AZ 85318** | | | Deed of Trust <br> 2002 GMC Sonoma <br><br> VALUE $5,805.00 | | | | 8,989.07 | 3,184.07 |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal ➤ <br> (Total of this page) | **$1,170,422.56** |
| Total ➤ | **$1,170,422.56** |

(Report total also on Summary of Schedules)

Form B6E - (Rev . 10/05)

2005 USBC, Central District of California

| In re | Deborah E Mills | Case No.: | |
|---|---|---|---|
| | | Debtor. | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☑ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals:** Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury  While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  Continuation sheets attached

Form B6E - (Rev 10/05)                                                                      2005 USBC, Central District of California

| In re    Deborah E Mills | | Case No.: |
|---|---|---|
| | Debtor. | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

**Extensions of Credit in an Involuntary Case**
**TYPE OF PRIORITY**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Internal Revenue Service**<br>**United States Dept. of the Treasury**<br>**5104 N. Blythe Ave.**<br>**Fresno, CA 93722.** | | | | | | | **Approx. 11000** | **Approx. 11000** |

| | | |
|---|---|---|
| Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims | Subtotal<br>(Total of this page) | $0.00 | $0.00 |
| | Total<br>(Use only on last page of the completed Schedule E.) | $0.00 | $0.00 |
| | (Report total also on Summary of Schedules) | | |

Form B6F (Official Form 6F) - (Rev. 10/05)                                                2005 USBC, Central District of California

| In re | Deborah E Mills | | Case No.: | |
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    4121742071977404<br><br>Capital One Bank<br>PO Box 85520<br>Richmond, VA 23285 | | | Credit Card, Last Statement Dated 11-9-05 | | | | 1,135.92 |
| ACCOUNT NO.    4082-1325-5085-6390<br><br>Capital One F.S.B.<br>PO Box 60067 | | | Credit Card, Last Statement Dated 1-19-06 | | | | 11,095.64 |
| ACCOUNT NO.<br><br>CB USA<br>CCS Gray OPS Center<br>Gray, TN 37615 | | | Credit Card, Last Statement Dated | | | | 5.00 |
| ACCOUNT NO.    5424-1808-4728-3089<br><br>Citi<br>PO Box 6500<br>Sioux Falls, SD 57117 | | | Credit Card, Last Statement Dated 12-2-05 | | | | 12,696.06 |
| ACCOUNT NO.    5177-6073-7021-9428<br><br>First Premier Bank<br>PO Box 5147<br>Sioux Falls, SD 57116-5147 | | | Credit Card, Last Statement Dated 12/27/05 | | | | 498.32 |

  1  Continuation sheets attached

Subtotal ▸

Total ▸
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules)

$25,430.94

Form B6F (Official Form 6F) - (Rev. 10/05)                                      2005 USBC, Central District of California

| In re | **Deborah E Mills** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **6035-3200-0746-2246**<br><br>**Home Depot Credit Services**<br>**PO Box 6028**<br>**The Lakes, NV**<br>**88901-6028** | | | **Credit Card, Last Statement Dated 12-9-06** | | | | 1,963.04 |
| ACCOUNT NO.    **038-7316-300**<br><br>**Kohls**<br>**N56 W W17000**<br>**Ridgewood, Dr**<br>**Menomonee Falls 53051** | | | **Credit Card, Last Statement Dated 11-04-05** | | | | 1,004.17 |
| ACCOUNT NO.    **749-74694465-870**<br><br>**MBNA America**<br>**PO Box 15026**<br>**Wilmington, DE19801** | | | **Credit Card, Last Statement Dated 12-1-05** | | | | 12,128.59 |
| ACCOUNT NO.    **4355-7783-5400-0055**<br><br>**US Bank**<br>**PO Box 790408**<br>**St Louis, MO 63179-0408** | | | **Credit Card, Last Statement Dated 1-9-06** | | | | 16,012.95 |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤

(Total of this page)

| | $31,108.75 |
|---|---|

Total ➤

(Use only on last page of the completed Schedule F.)

| | $56,539.69 |
|---|---|

(Report also on Summary of Schedules)

Verification of Creditor Mailing List - (Rev. 10/05)                    2003 USBC, Central District of California

## MASTER MAILING LIST

### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name    **Vaughn C. Taus, Attorney at Law**
Address   **Vaughn C. Taus Law Office**
      **1042 Pacific Street, Suite D**
      **San Luis Obispo, CA 93401**
Telephone   **(805) 542-0155**
☒   Attorney for Debtor(s)
☐   Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Deborah E Mills** | Case No.: |
| | Chapter:      **7** |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of   **3**   sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.


Date:   **6/25/06**

                                 Deborah E Mills, Debtor

Vaughn C. Taus, Attorney at Law, Attorney *(if applicable)*

Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

Vaughn C. Taus, Attorney at Law
Vaughn C. Taus Law Office
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401

First Premier Bank
PO Box 5147
Sioux Falls, SD 57116-5147

American Home Mortgage Servicing
PO Box 631730
Irving, TX 75063-1730

Capital One Bank
PO Box 85520
Richmond, VA 23285

Capital One F.S.B.
PO Box 60067

CB USA
CCS Gray OPS Center
Gray, TN 37615

Citi
PO Box 6500
Sioux Falls, SD 57117

GMAC
PO Box 12699
Glendale, AZ 85318

Home Depot Credit Services
PO Box 6028
The Lakes, NV
88901-6028

Internal Revenue Service
United States Dept. of the Treasury
5104 N. Blythe Ave.
Fresno, CA 93722.

```
Kohls
N56 W W17000
Ridgewood, Dr
Menomonee Falls 53051

MBNA America
PO Box 15026
Wilmington, DE
19801

MBNA America
PO Box 15026
Wilmington, DE19801

US Bank
PO Box 790408
St Louis, MO 63179-0408
```

| United States Bankruptcy Court<br>Central District Of California | |
|---|---|
| In re:<br>Deborah E Mills | CHAPTER NO.: 7 |
| | CASE NO.: 9:06-bk-10337 |

## NOTICE OF CASE DEFICIENCY
## UNDER 11.U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

**To Debtor and Debtor's Attorney of Record,**

**Pursuant to F.R.B.P. 1007, you must file the following documents within 15 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.**

## Schedule B
## Schedule C
## Schedule G
## Schedule A
## Schedule H
## Statement – Form 22A
## Schedule I
## Schedule J
## Stmt. of Fin. Affairs
## Employee Income Record

**Even if the indicated document are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

According to 11 U.S.C. § 521(i)(1) and § 521(i)(3), and subject to 11 U.S.C. 521(i)(4), if your case is not already dismissed and you have not done one of the following within 45 days after the date of your petition, **the Court will DISMISS YOUR CASE EFFECTIVE ON THE FORTY-SIXTH (46TH) DAY AFTER THE DATE OF THE FILING OF THE PETITION WITHOUT FURTHER NOTICE:**

(1)     File the above-referenced documents and the proper number of copies [Local Bankruptcy Rule 1002-1]:

                        Chapter 7     1 Original and 4 Copies

**OR**

(2)     File and serve a motion for an order extending the time to file the required document(s).


**BY ORDER OF THE COURT**
Dated: <u>June 26, 2006</u>

**JON D. CERETTO, CLERK OF COURT**

By: <u>Rori Alexander</u>
**Deputy Clerk**

1 / RAL

| In re:<br>Deborah E Mills | CASE NO.: 9:06–bk–10337 |
|---|---|

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the above County, State of California. I am over the age of 18 years and not a party of the within action. My business address is as follows:

U.S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101–2511

I served the within **NOTICE OF CASE DEFICIENCY UNDER 11. U.S.C. § 521(a)(1) BANKRUPCTY RULES § 1007**

On June 26, 2006, to the debtor(s) and debtor's attorney in said action by placing a true copy thereof enclosed in sealed envelope with postage thereon, fully prepaid, in the United States mail at 1415 State Street, Santa Barbara, CA 93101–2511 addressed as follows:

DEBTOR(S) NAME AND ADDRESS:
Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

ATTORNEY(S) NAME AND ADDRESS:
Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Executed on June 26, 2006, at 1415 State Street, Santa Barbara, CA 93101–2511 addressed as follows:

I declare, under penalty of perjury, that the foregoing is true and correct.

Deputy Clerk's Signature

## United States Bankruptcy Court
## Central District Of California

| | |
|---|---|
| In re:<br>Deborah E Mills | CHAPTER NO.: 7 |
| | CASE NO.: 9:06-bk-10337 |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.**     You must cure the following within 15 days from filing of your petition:

☑  Notice of Available Chapters signed by Debtor(s). [11 U.S.C. §342(b); Local Rule 1002-1(g)]
☑  Summary of Schedules (Form B6). [Local Rule 1002-1(g)]
☑  Signed Declaration Concerning Debtor's Schedules (Form B6). [Local Rule 1002-1(g)]
☑  Disclosure of Compensation of Attorney for Debtor, Certified by Attorney. [11 U.S.C. §329; F.R.B.P. 2016(b); Local Rule 1002-1(g)]

☑  Declaration of Attorney's Limited Scope of Appearance . [Local Rule 2090-1(a); 1002-1(g)]
☑  Certificate of Credit Counseling as required by § 521(b)(1), § 109(h)(1), and F.R.B.P. 1007(b)(3), or a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination by the court under 109(h)(4).
☑  Debt Repayment Plan (if any)[11 U.S.C. § 521(b)(2); F.R.B.P. 1007(b)(3)]

**B.**     You must file the Chapter 7 Individual Debtor's Statement of Intention [11 U.S.C. § 521] within 30 days from filing of your petition. [Local Rule 1002-1(g)]

For all items above you must file the original and the following number of copies [Local Rule 1002-1]:

          Chapter 7     1 Original and 4 Copies

**Please return the original or copy of this form with all required items to the following location:**

          1415 State Street, Santa Barbara, CA 93101-2511

If you have any questions, please contact the below-referenced Deputy Clerk:

                                                        **JON D. CERETTO, CLERK OF COURT**

Dated: June 26, 2006                                     **By: Rori Alexander**
                                                        **Deputy Clerk**

                                                                        **1 / RAL**

| In re:<br>Deborah E Mills | CASE NO.: 9:06−bk−10337 |
|---|---|

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the above County, State of California. I am over the age of 18 years and not a party of the within action. My business address is as follows:

U.S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101−2511

I served the within **CASE COMMENCEMENT DEFICIENCY NOTICE**

On June 26, 2006, to the debtor(s) and debtor's attorney in said action by placing a true copy thereof enclosed in sealed envelope with postage thereon, fully prepaid, in the United States mail at 1415 State Street, Santa Barbara, CA 93101−2511 addressed as follows:

DEBTOR(S) NAME AND ADDRESS:
Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

ATTORNEY(S) NAME AND ADDRESS:
Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Executed on June 26, 2006, at 1415 State Street, Santa Barbara, CA 93101−2511 addressed as follows:

I declare, under penalty of perjury, that the foregoing is true and correct.

Deputy Clerk's Signature

**EXHIBIT C**

1 | VAUGHN C. TAUS, ATTORNEY AT LAW
Vaughn C. Taus #120436
2 | 1042 Pacific Street
San Luis Obispo, CA  93406
3 | (805) 542-0155

4 | Attorney for Debtor. DEBORAH MILLS

```
              FILED

          JUL 1 1 2006

      CLERK, U.S. BANKRUPTCY COURT
      CENTRAL DISTRICT OF CALIFORNIA
      BY
                      Deputy Clerk
```

6 | UNITED STATES BANKRUPTCY COURT

7 | CENTRAL DISTRICT OF CALIFORNIA

9 | In re                              )   9:06-bk-10337-RR
                                      )
10 |                                    )   Chapter 7
                                      )
11 |    Deborah Mills                   )   SCHEDULE A, SCHEDULE B,
                                      )   SCHEDULE C,
12 |                                    )   SCHEDULE G, SCHEDULE H,
                                      )   SCHEDULE I, SCHEDULE J,
13 | _____)   SUMMARY OF SCHEDULES,
     DECLARATION CONCERNING DEBTOR'S
14 |    SCHEDULES, DECLARATION RE:
     LIMITED SCOPE OF APPEARANCE,
15 |    DISCLOSURE OF COMPENSATION OF
     ATTORNEY FOR DEBTOR, STATEMENT
16 |    OF FINANCIAL AFFAIRS, INDIVIDUAL
     DEBTOR'S STATEMENT OF INTENTION,
17 |    STATEMENT OF CURRENTMONTHLY
     INCOME AND MEANS TEST
18 |    CALCULATION, DEBTOR'S
     CERTIFICATION OF COMPLETION OF
19 |    INSTRUCTIONAL COURSE CONCERNING
     PERSONAL FINANCIAL MANAGEMENT,
20 |    NOTICE OF AVAIALABLE CHAPTERS,
     STATEMENT OF MONTHLY INCOME

28 | CHAPTER 7 PETITION

Form B6A - (10/05)                                                    2005 USBC, Central District of California

| In re  **Deborah Mills** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **1880 Burnt Rock Way Templeton, CA 93465** | | | $1,350,000.00 | $1,161,433.49 |
| | Total ➤ | | $1,350,000.00 | |

(Report also on Summary of Schedules.)

Form B6B - (10/05)                                                                    2005 USBC, Central District of California

| In re  **Deborah Mills** | Case No.: | |
|---|---|---|
| Debtor. | **9:06-bk-10337-RR** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | Earnings made within the last month | | 5,568.83 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account #2409293311 Mid-State Bank and Trust** | | 42.93 |
| | | **Savings Acount #198-642009-9 Washington Mutual** | | 110.93 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Furnishings** | | 200.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Misc. Clothing** | | 100.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Form B6B - (10/05)                                                2005 USBC, Central District of California

| In re **Deborah Mills** | | Case No.: | |
|---|---|---|---|
| | Debtor. | **9:06-bk-10337-RR** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Claim against American Eagle Moving Company for stolen property** | | **20,000.00** |

Form B6B - (10/05)                                                                    2005 USBC, Central District of California

| In re  **Deborah Mills** | Case No.: | |
|---|---|---|
| Debtor. | **9:06-bk-10337-RR** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 GMC Sonoma** | | **5,805.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Form B6B - (10/05)                                                                    2005 USBC, Central District of California

| In re  **Deborah Mills** | | Case No.: | |
|---|---|---|---|
| | Debtor. | **9:06-bk-10337-RR** | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | |

_3_   continuation sheets attached

$ 31,827.69

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C - (10/05)                                                          2005 USBC, Central District of California

| In re  Deborah Mills | | Case No.: | |
|---|---|---|---|
| | Debtor. | 9:06-bk-10337-RR | (If known) |

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                          $125,000.
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1880 Burnt Rock Way Templeton, CA 93465 | C.C.P. § 704.730(a)(3) | 75,000.00 | 1,350,000.00 |
| Checking Account #2409293311 Mid-State Bank and Trust | C.C.P. § 703.140(b)(5) | 42.93 | 42.93 |
| Earnings made within the last month | C.C.P. § 704.070 | 5,568.83 | 5,568.83 |
| Household Furnishings | C.C.P. § 703.140(b)(3) | 200.00 | 200.00 |
| Misc. Clothing | C.C.P. § 704.020 | 100.00 | 100.00 |
| Savings Acount #198-642009-9 Washington Mutual | C.C.P. § 703.140(b)(5) | 110.93 | 110.93 |

Form B6G - (10/05)                                                    2005 USBC, Central District of California

| In re **Deborah Mills** | Case No.: |
| Debtor. | (If known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H - (10/05)                                                2005 USBC, Central District of California

| In re | **Deborah Mills** | | Case No.: | |
|-------|-------------------|--------|-----------|------------|
| | | Debtor. | | (If known) |

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
| | |

Form B6I  - (Rev. 10/05)                                    2005 USBC, Central District of California

| In re  **Deborah Mills** | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| Employment: | DEBTOR | SPOUSE |
| Occupation | Self Employed; Landscape Design | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 0.00 | $ | |
| 2. Estimate monthly overtime | $ | 0.00 | $ | |
| **3. SUBTOTAL** | $ | 0.00 | $ | |
| **4. LESS PAYROLL DEDUCTIONS** | | | | |
| a. Payroll taxes and Social Security | $ | 0.00 | $ | |
| b. Insurance | $ | 0.00 | $ | |
| c. Union dues | $ | 0.00 | $ | |
| d. Other (Specify) | $ | 0.00 | $ | |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 0.00 | $ | |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | 0.00 | $ | |
| 7. Regular income from operation of business or profession or firm (attach detailed statement) | $ | 5,568.83 | $ | |
| 8. Income from real property | $ | 0.00 | $ | |
| 9. Interest and dividends | $ | 0.00 | $ | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | |
| 11. Social security or other government assistance (Specify) | $ | 0.00 | $ | |
| 12. Pension or retirement income | $ | 0.00 | $ | |
| 13. Other monthly income (Specify) | $ | 0.00 | $ | |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | 5,568.83 | $ | |
| **15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14)** | $ | 5,568.83 | $ | |
| **16. TOTAL COMBINED MONTHLY INCOME** | $ 5,568.83 | | | |

(Report also on Summary of Schedules)

17. Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:
**NONE**

Form B6J - (Rev. 10/05)

2005 USBC, Central District of California

| In re **Deborah Mills** | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 6,488.00 |
| a. Are real estate taxes included?  Yes _____  No ✓ | | |
| b. Is property insurance included?  Yes _____  No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 110.00 |
| b. Water and sewer | $ | 90.00 |
| c. Telephone | $ | 0.00 |
| d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 250.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 125.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 75.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 85.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 75.00 |
| e. Other **Property Taxes** | $ | 584.00 |
| **Self Employment Tax** | $ | 953.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 302.00 |
| b. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance or support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 1,237.66 |
| 17. Other | $ | 0.00 |
| 18. ALL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 10,499.66 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---|
| a. Total monthly income from Line 16 of Schedule I | $ | 5,568.83 |
| b. Total monthly expenses from Line 18 above | $ | 10,499.66 |
| c. Monthly net income (a. minus b.) | $ | -4,930.83 |

Form B6 Dec - Continued (Rev/ 10/05)                                2005 USBC, Central District of California

| In re  **Deborah Mills** | Case No.: |
|---|---|
| Debtor. | (If known) |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary of schedules, consisting of _____**11**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.                                                (Total shown on summary page plus 1)

Date: 07/07/06                  Signature: _Deborah Mills_
                                                **Deborah Mills**

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or
imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form B6 - (10/05)                                                    2005 USBC, Central District of California

## United States Bankruptcy Court
## Central District of California

| In re  **Deborah Mills** | Case No.: **9:06-bk-10337-RR** |
|---|---|
| Debtor. | Chapter  **7** |

# SUMMARY OF SCHEDULES
AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 1,350,000.00 | | |
| B - Personal Property | YES | 4 | $ 31,827.69 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 0 | | $ 1,170,422.56 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 0 | | $ 1,100.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 56,539.69 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 5,568.83 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 10,499.66 |
| Total | | | $ 1,381,827.69 | $ 1,228,062.25 | |

Statement of Financial Affairs (Form 7) - Page 1 - (Rev. 10/05)                    2005 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re | **Deborah Mills** | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | **9:06-bk-10337-RR** | (If known) |

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None □

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 56,054.00 | **Self Employed Landscape Design** | **2004** |
| 115,810.00 | **Self Employed Landscape Design** | **2005** |
| 30,823.00 | **Self Employed Landscape Design** | **Year to date 2006** |

### 2. Income other than from employment or operation of business

None □

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 23,599.00 | Sale of property | 2004 |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a.   *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 10/05)                    2005 USBC, Central District of California

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Peter Kuehn v. Deborah Mills CIV 232847 | Suit for Money | Superior Court Ventura County | Dismissed |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 10/05)                    2005 USBC, Central District of California

## 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None
☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 4 - (Rev. 10/05)                    2005 USBC, Central District of California

## 8. Losses

None ☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **Electronics, camera, computer, various household goods. $20,000.00** | **American Eagle Moving Company** | **08/01/2005** |

## 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Vaughn C. Taus 1042 Pacific Street, Suite D San Luis Obispo, CA 93401** | **7/7/06** | **2500** |

## 10. Other transfers

None ☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Betsy Held 11100 Telegraph Ave. Ventura, CA 93004** | **04/01/2005** | **11100 Telegraph Ave. Ventura, CA 93004** |
| | | **$190,000.00** |

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 5 - (Rev. 10/05)                    2005 USBC, Central District of California

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of
the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding
the commencement of this case.  Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit
unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information
concerning accounts or instruments held by or for either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Santa Barbara Bank & Trust** PO BOX 60839 **Santa Barbara, CA 93160-0839** | **Checking Acct.** #2350 0 | **11/17/05** **0.00** |
| **Santa Barbara Bank and Trust** PO BOX 60839 **Santa Barbara, CA 93160-0839** | **Checking Account** #4266 | **11/17/05** **0.00** |

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities,
cash, or other valuables within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor
within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include information concerning either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 6 - (Rev. 10/05)                                    2005 USBC, Central District of California

## 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 11100 Telegraph Rd #50 Ventura, CA 93004 | Deborah Mills | 3/03-3/05 |

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 10/05)                    2005 USBC, Central District of California

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Deborah Mills | | 1880 Burnt Rock Way Templeton, CA 93465 | Landscape Design | 01/01/1995 07/07/2006 |

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

None
☐

## 19. Books, records and financial statements

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Deborah Mills 1880 Burnt Rock Way Templeton, CA 93465 | 1/1/95  -  7/7/06 |

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

Statement of Financial Affairs (Form 7) - Page 8 - (Rev. 10/05)    2005 USBC, Central District of California

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
☐

| NAME | ADDRESS |
|---|---|
| **Deborah Mills** | **1880 Burnt Rock Way**<br>**Templeton, CA 93465** |

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case by the debtor.

None
☐

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **American Home Mortgage**<br>**PO BOX 631730**<br>**Irving, TX 75063-1730** | **08/01/2005** |

## 20. Inventories

None
☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN<br>OF INVENTORY RECORDS |
|---|---|

## 21. Current Partners, Officers, Directors and Shareholders

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

None
☑

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 9 - (Rev. 10/05)                    2005 USBC, Central District of California

## 22. Former partners, officers, directors and shareholders

None
☑

  a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                        ADDRESS                            DATE OF WITHDRAWAL

  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

None
☑

NAME AND ADDRESS                        TITLE                  DATE OF TERMINATION

## 23. Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                                                AMOUNT OF MONEY
OF RECIPIENT,                          DATE AND PURPOSE       OR DESCRIPTION
RELATIONSHIP TO DEBTOR                 OF WITHDRAWAL          AND VALUE OF PROPERTY

## 24. Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION            TAXPAYER IDENTIFICATION NUMBER (EIN)

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                  TAXPAYER IDENTIFICATION NUMBER (EIN)

•  •  •  •  •  •  •  •  •  •

Statement of Financial Affairs (Form 7) - Page 8 - (Rev. 10/05)                    2005 USBC, Central District of California

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ⟶ 07 07 06                    Signature
                                    of Debtor    **Deborah Mills**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re   **Deborah Mills**                                    Case No.

    Debtor.                                              Chapter   **7**

### STATEMENT OF MONTHLY NET INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor |
|---|---|
| Six months ago | $ 6,950.00 |
| Five months ago | $ 2,843.00 |
| Four months ago | $ 6,125.00 |
| Three months ago | $ 10,400.00 |
| Two months ago | $ 6,070.00 |
| Last month | $ 1,025.00 |
| Income from other sources | $ 0.00 |
| Total gross income for six months preceding filing | $ 33,413.00 |
| **Average Monthly Gross Income** | $ 5,568.83 |
| **Average Monthly Net Income** | $ 3378.17 |

Attached are all payment advances received by the undersigned debtor prior to the petition date, I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

Dated: 07/07/06

                                        **Deborah Mills**
                                                Debtor

B201 - Notice of Available Chapters (Rev. 04/06)                                    USBC, Central District of California

Name:
Address:     **Law Office of Vaughn Taus**
             **1042 Pacific Street**
             **San Luis Obispo, CA 93401**

Telephone: _____     Fax: _____

☑  Attorney for Debtor(s)
☐  Debtor In Pro Per

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Deborah Mills** | Case No.:<br>**9:06-bk-10337-RR**<br><br>**NOTICE OF AVAILABLE**<br>**CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1.  **Services Available from Credit Counseling Agencies**

   With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

   **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

2.  **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

   **Chapter 7:** Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

   1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

B201 - Notice of Available Chapters (Rev. 04/06)                                          USBC, Central District of California

2.   Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.   Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:** **Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1.   Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.   Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.   After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:** **Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** **Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.   **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____                _____
Printed Name of Attorney                                  Signature of Attorney                    Date

Address:

**Law Office of Vaughn Taus**
**1042 Pacific Street**
**San Luis Obispo, CA 93401**

_____

B201 - Notice of Available Chapters (Rev. 04/06)                                    USBC, Central District of California

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Deborah Mills**                                X _____
_____
Printed Name(s) of Debtor                        **Deborah Mills**
                                                 Signature of Debtor                    Date

Case No. (if known)  **9:06-bk-10337-RR** _____

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                                    1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re<br><br>**Deborah Mills**<br><br><div align="right">Debtor.</div> | Case No.:<br><br>**DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---:|
   | For legal services, I have agreed to accept | $ | 2,500.00 |
   | Prior to the filing of this statement I have received | $ | 2,500.00 |
   | Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
   of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
   my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
   attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
        a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **Opposing any action to determine a debt non-dischargeable; bringing any action to determine a debt dischargeable;
   opposing any action seeking relief from the automatic stay; opposing any adversary proceedings; bringing or
   opposing any appeal arising out of or in connection with the bankruptcy case; opposing efforts to dismiss the case.
   All additional services at $275.00 per hour for attorney time, plus expenses.**

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)                         1998 USBC, Central District of California

| In re | **Deborah Mills** | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

7/7/06
_____
*Date*

_____
*Signature of Attorney*

**Law Office of Vaughn Taus**
_____
*Name of Law Firm*

Attorney or Party Name, Address, Telephone and ~ ~hone Bar No. +for ~ R ~ Print or type name ~~ ONLY

**Vaughn C. Taus**
**1042 Pacific Street, Suite D**
**San Luis Obispo, CA 93401**

*Attorney for* **Deborah Mills**

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

**Deborah Mills**

| | |
|---|---|
| | CHAPTER   7 |
| | CASE NUMBER |
| Debtor. | (No Hearing Required) |

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.    I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.    On *(specify date)*   **06/25/2006**          , I agreed with the Debtor that for a fee of         **$2,500.00** , I
      would provide only the following services:

   a.   ☑   Prepare and file the Petition and Schedules

   b.   ☑   Represent the Debtor at the 341(a) Hearing

   c.   ☑   Represent the Debtor in any relief from stay actions

   d.   ☑   Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to
            11 U.S.C. § 727

   e.   ☑   Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under
            11 U.S.C. § 523

   f.   ☑   Other *(specify):*

      **No other services provided for this fee.**

3.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
      correct and that this declaration was executed on the following date at the city set forth in the upper left-hand
      corner of this page.

Dated:  7/7/06

I HEREBY APPROVE THE ABOVE:

*Deborah Mills, Signature of Debtor*

**Law Office of Vaughn Taus**
*Law Firm Name*

By: _____

Name: _____
      *Attorney for Debtor*

---

*Rev. 1/01* This form is optional. It has been approved by the United States Bankruptcy Court for the Central District of California.

**F 2090-1.1**

Form 23  (Official Form 23) - (Rev. 10/05)                                    2005 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## Central District of California

| In re  **Deborah Mills** | Case No.: |
|---|---|
| Debtor. | Chapter:  **7** |

## DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

### *[Complete one of the following statements.]*

☑ I,   **Deborah Mills**                                           , the debtor(s) in the above-
            (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that on   **06/26/2006**      I completed an instructional
                                        (Date)
course in personal financial management provided by   **Consumer Credit Counseling Service of Greater Atlanta, INC.**
                                                            (Name of Provider)
an approved personal financial management instruction provider. If the provider furnished a
document attesting to the completion of the personal financial management instructional course, a
copy of that document is attached.


☐ I,   _____ , the debtor(s) in the above-
            (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that no personal financial management course is required, because:
*[Check the appropriate box.]*

☐ I am incapacitated or disabled, as defined in 11 U.S.C. § 109(h)

☐ I am on active military duty in a military combat zone; or

☐ I reside in a district in which the United States trustee (or the bankruptcy administrator, if any)
has determined that the approved instructional courses are not adequate at this time to serve the
additional individuals who would otherwise be required to complete such courses.


Signature of Debtor:  *Deborah Mills*
                        **Deborah Mills**

Date:  07/07/06

Certificate Number: 02114-cac-cc-000491663

## CERTIFICATE OF COUNSELING

I CERTIFY that on <u>06-26-2006</u>, <u>DEBORAH E. MILLS</u> received from <u>Consumer Credit Counseling Service of Greater Atlanta, Inc.,</u> an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Central District of California</u>, an individual [or group] briefing (including a briefing conducted by telephone or on the Internet) that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.  A debt repayment Plan <u>was not prepared</u>.  If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

Date: <u>06-26-2006</u>                    By     /s/ <u>TROY DUNBAR</u>

                                  Name   <u>TROY DUNBAR</u>

                                  Title   <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency.  *See* 11 U.S.C. §§ 109(h) and 521(b).

1

Form B8 (Official Form 8) - (Rev. 10/05)                                    2005 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT |
| Central District of California |

| In re   **Deborah Mills** | Case No.: |
| Debtor. | Chapter:   **7** |

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑ I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☑ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1.  **1880 Burnt Rock Way Templeton, CA 93465** | **American Home Mortgage Servicing** | | | | X |
| 2.  **1880 Burnt Rock Way Templeton, CA 93465** | **American Home Mortgage Servicing** | | | | X |
| 3.  **2002 GMC Sonoma** | **GMAC** | | | | X |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **None** | | |

Date:  07/07/06

Signature of Debtor

Form B22A (Chapter 7) (10/05)

In re **Deborah Mills**
_____
Debtor(s)

Case Number: **9:06-bk-10337-RR**
_____
(If known)

| According to the calculations required by this statement: |
|---|
| ☐ The presumption arises |
| ☑ The presumption does not arise |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

## STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
### FOR USE IN CHAPTER 7 ONLY

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| | Part I. EXCLUSION FOR DISABLED VETERANS |
|---|---|
| 1. | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the "Presumption does not arise" box at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |

| | Part II. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2. | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ **Unmarried.** Complete only Column A ("Debtor's Income") for Lines 3-11.<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.** | | |

| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | **COLUMN A DEBTOR'S INCOME** | **COLUMN B SPOUSE'S INCOME** |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross Receipts — $ 5,568.83<br>b. Ordinary and necessary business expenses — $ 1,237.66<br>c. Business income — Subtract Line b from Line a | $4,331.17 | $ |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.<br><br>a. Gross Receipts — $ 0.00<br>b. Ordinary and necessary operating expenses — $<br>c. Rental income — Subtract Line b from Line a | $0.00 | $ |
| 6 | **Interest, dividends, and royalties.** | $0.00 | $ |
| 7 | **Pension and retirement income.** | $0.00 | $ |
| 8 | **Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include contributions from the debtor's spouse if Column B is completed. | $0.00 | $ |

| | | | |
|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | $ | $ |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. <br><br> a. _____    $ _____ <br><br> Total and enter on Line 10. | $0.00 | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $4,331.17 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $  4,331.17 | |

| | Part III.  APPLICATION OF § 707(b)(7) EXCLUSION | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $51,974.04 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: **CA**        b. Enter debtor's household size: **2** | $55,320.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br><br> ☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br><br> ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).**

| | Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2) | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

| | Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2) | |
|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | |
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 20B | **Local Standards: housing and utilities; mortgage/rental expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; Mortgage/Rental Expense for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; Mortgage/Rental Expense | $ | |
| | b. | Average Monthly Payment for any debts secured by home, as stated in Line 42. | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.  ☐ 0  ☐ 1  ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)  ☑ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 41; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42. | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|

| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $ |
|---|---|---|

| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ |
|---|---|---|

| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare. Do not include payments made for children's education. | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services:** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance, or internet services necessary for the health and welfare of you or your dependents. Do not include any amount previously deducted. | $ |
| 33. | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

**Subpart B: Additional Expense Deductions under § 707(b)**
**Note: Do not include any expenses that you have listed in Lines 19 through 32**

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the average monthly amounts that you actually expend in each of the following categories and enter the total. | |
|---|---|---|
| | a. Health Insurance $ <br> b. Disability Insurance $ <br> c. Health Savings Account $ <br> Total: Add Lines a, b and c | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 29.** | $ |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | $ |
| 37 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ |

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. **Do not include items you have previously deducted, such as insurance and taxes.** | | | |
| | | Name of Creditor | Property Securing the Debt | 60-month Average Payment | |
| | a. | | | $ | |
| | | | | Total: Add Lines a, b and c | $ |
| 43 | **Past due payments on secured claims.** If any of the debts listed in Line 42 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. List any such amounts in the following chart and enter the total. If necessary, list additional entries on a separate page. | | | |
| | | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount | |
| | a. | | | $ | |
| | | | | Total: Add Lines a, b and c | $ |
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | | | | $ |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
| | a. | Projected average monthly Chapter 13 plan payment. | | $ | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | x | |
| | c. | Average monthly administrative expense of Chapter 13 case | | Total: Multiply Lines a and b | $ |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | | | | $ |
| | Subpart D: Total Deductions Allowed under § 707(b)(2) | | | | |
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | | | | $ |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| | | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | Initial presumption determination. Check the applicable box and proceed as directed. |
|---|---|
| | ☐ The amount on Line 51 is less than $6,000 Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ The amount set forth on Line 51 is more than $10,000. Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ The amount on Line 51 is at least $6,000, but not more than $10,000. Complete the remainder of Part VI (Lines 53 through ). |

| | | |
|---|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | Threshold debt payment amount. Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | Secondary presumption determination. Check the applicable box and proceed as directed. |
|---|---|
| | ☐ The amount on Line 51 is less than the amount on Line 54. Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ The amount on Line 51 is equal to or greater than the amount on Line 54. Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect you average monthly expense for each item. Total the expenses. |
|---|---|

| Expense Description | Monthly Amount |
|---|---|
| a. | $ |
| Total: Add Lines a, b, and c | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. (If this a joint case, both debtors must sign.) Date: 07/07/06   Signature: _Deborah Mills_   Deborah Mills, (Debtor) |
|---|---|

### Income from all other sources (continued)

### Future payments on secured claims (continued)

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|

### Past due payments on secured claims (continued)

| | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|

### Other Expenses (continued)

| | Expense Description | Monthly Amount |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 1 - (Rev. 10/05)                    2005 USBC, Central District of California

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re | Deborah Mills | | Case No.: | |
|-------|---------------|--------|-----------|--|
| | | Debtor. | 9:06-bk-10337-RR | (If known) |

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|--------|--------|--------------------|
| 56,054.00 | Self Employed Landscape Design | 2004 |
| 115,810.00 | Self Employed Landscape Design | 2005 |
| 30,823.00 | Self Employed Landscape Design | Year to date 2006 |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|--------|--------|--------------------|
| 23,599.00 | Sale of property | 2004 |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a. *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 10/05)                    2005 USBC, Central District of California

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Peter Kuehn v. Deborah Mills   CIV 232847 | Suit for Money | Superior Court Ventura County | Dismissed |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 10/05)          2005 USBC, Central District of California

## 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale,
transferred through a deed in lieu of foreclosure or returned to the seller, within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include any assignment by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official
within **one year** immediately preceding the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the
commencement of this case except ordinary and usual gifts to family members aggregating less
than $200 in value per individual family member and charitable contributions aggregating less
than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts
or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 4 - (Rev. 10/05)                    2005 USBC, Central District of California

## 8. Losses

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **Electronics, camera, computer, various household goods. $20,000.00** | **American Eagle Moving Company** | |

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Vaughn C. Taus 1042 Pacific Street, Suite D San Luis Obispo, CA 93401** | **7/7/06** | **2500** |

## 10.  Other transfers

None
☑

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

None
☑

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| | | |

Statement of Financial Affairs (Form 7) - Page 5 - (Rev. 10/05)                                2005 USBC, Central District of California

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Santa Barbara Bank & Trust** PO BOX 60839 Santa Barbara, CA 93160-0839 | **Checking Acct.** #2350 0 | 11/17/05 0.00 |
| **Santa Barbara Bank and Trust** PO BOX 60839 Santa Barbara, CA 93160-0839 | **Checking Account** #4266 | 11/17/05 0.00 |

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OR BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 6 - (Rev. 10/05)                    2005 USBC, Central District of California

**15. Prior address of debtor**

None ☐    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 11100 Telegraph Rd #50 Ventura, CA 93004 | Deborah Mills | 3/03-3/05 |

**16. Spouses and Former Spouses**

None ☑    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 10/05)                    2005 USBC, Central District of California

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Deborah Mills** | | **1880 Burnt Rock Way Templeton, CA 93465** | **Landscape Design** | **01/01/1995** **07/07/2006** |

b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

Statement of Financial Affairs (Form 7) - Page 8 - (Rev. 10/05)                                    2005 USBC, Central District of California

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement
of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor    _____
            **Deborah Mills**

# **EXHIBIT D**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Marisol Antonio **Bar ID:** 221387 <br> ROUTH CRABTREE OLSEN, P.S. <br> 505 N. Tustin Ave., Suite 243 <br> Santa Ana    CA    92705 <br> **Telephone #** 714-277-4915    714-277-4899 <br> ☐ *Individual appearing without counsel* <br> ☑ *Attorney for Movant:* | 06/30/06  **FILED**    09:54 <br> **ND06-10337RR** <br> DEBTOR: <br> Deborah E Mills <br> JUDGE:    HON. R. Riblet-  A464 <br> TRUSTEE: <br> CHAPTER  7    MOTIO <br> CLERK, U. S. BANKRUPTCY COURT <br> CENTRAL DISTRICT OF CALIF.    ID: <br> RECEIPT NO:    $ 150.0 |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **CENTRAL DISTRICT OF CALIFORNIA** | CHAPTER: 7 <br> CASE NO.: ND06-10337RR |
| In re: Deborah E Mills <br><br> Debtor(s). | DATE:  07/25/06 <br> TIME:  9:00 am <br> CTRM:  201 <br> FLOOR: 2nd |
| Sandra McBeth <br><br> Trustee. | |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (with supporting declarations)

**(MOVANT:** American Home Mortgage Acceptance Inc. )

### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:** 1415 State Street, Santa Barbara

3. a. ☑ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing    ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                        **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of 10*          **F 4001-1M.RP**

| In re                          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Deborah E Mills | |
| Debtor(s). | CASE NO.: ND06-10337RR |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated:   06/30/06

ROUTH CRABTREE OLSEN, P.S.
*Print Law Firm Name (if applicable)*

Marisol Antonio                                    /S/  Marisol Antonio
*Print Name of Individual Movant or Attorney for Movant*          *Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of 10*                    **F 4001-1M.RP**

| In re<br>Deborah E Mills | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: ND06-10337RR |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**(MOVANT:** American Home Mortgage Acceptance Inc. _____**)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    a. *Street Address:* 1880 Burnt Rock Way
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Templeton, CA

    b. Legal description, Assessor's Parcel Number (APN) and/or Deed of Trust document recording number for the Property.  Indicate which item referenced and include County and State:

    APN 020-285-020

    c. ☑ Legal description of the Property is page 1 of attached exhibit.

2. **Case History:**

    a. ☑ A voluntary   ☐ An involuntary petition under Chapter  7____
    was filed on *(specify date)*: 06/26/06

    b. ☐ An Order of Conversion to Chapter _____
    was entered on *(specify date)*:

    c. ☐ Plan was confirmed on *(specify date)*:

    d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**

    a. ☑ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☑ Movant's interest in the Property is not adequately protected.

            (a) ☑ Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

        (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

            (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

            (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 4 of 10*    **F 4001-1M.RP**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Deborah E Mills                                              Debtor(s). | CASE NO.:ND06-10337RR |

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b.  ☑ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor's has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c.  ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d.  ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4.  ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5.  **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

a.  ☑ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

b.  ☐ Other Declaration(s) are also attached in support of this Motion.

c.  ☑ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _D_____.

d.  ☐ Other evidence *(specify)*:

6.  ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:**

1.  Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.  ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3.  ☑ Additional provisions requested:

a.  ☑ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

b.  ☑ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

c.  ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

*Revised October 2005*    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of 10*                    **F 4001-1M.RP**

| In re<br>Deborah E Mills | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.:ND06-10337RR |

d.   ☐   For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated:  06/30/06

Respectfully submitted,

American Home Mortgage Acceptance Inc.
*Movant Name*

ROUTH CRABTREE OLSEN, P.S.
*Firm Name of Attorney for Movant (if applicable)*

By: /S/ Marisol Antonio
*Signature*

Name:  Marisol Antonio
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of 10*    **F 4001-1M.RP**

| In re<br>Deborah E Mills | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: ND06-10337RR |
|---|---|---|

## REAL PROPERTY DECLARATION

**(MOVANT:** American Home Mortgage Acceptance Inc.                                             **)**

I, Debbie Taitingfong                                             , declare as follows:
    *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☐ I am employed by Movant as *(state title and capacity)*:

    ☑ Other *(specify)*:

    Bk Mgr for American Home Mortgage Servicing, servicer for Mo

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

    *Street Address:* 1880 Burnt Rock Way
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Templeton, CA

   b. Legal description, Assessor's Parcel Number (APN) and/or Deed of Trust document recording number for the Property. Indicate which item referenced and include County and State.

    APN 020-285-020

    ☑ Legal description of the Property is page 1 of attached exhibit.

4. Type of property *(check all applicable boxes)*:
   a. ☑ Debtor's(s') principal residence    b. ☐ Other single family residence
   c. ☐ Multi-unit residential    d. ☐ Commercial
   e. ☐ Industrial    f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of 10*    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|-------|---------------|------------|
| Deborah E Mills | | |
| | Debtor(s). | CASE NO. ND06-10337RR |

5.  Nature of Debtor's(s') interest in the Property:

a.  ☑ Sole owner

b.  ☐ Co-owner(s) *(specify)*:

c.  ☐ Lien holder *(specify)*:

d.  ☐ Other *(specify)*:

e.  ☑ Debtor(s)  ☑ did  ☐ did not  list the Property in the Schedules filed in this case.

f.  ☐ Debtor(s) acquired the interest in the Property by  ☐ grant deed  ☐ quitclaim deed  ☐ trust deed

    The deed was recorded on:

6.  Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 961,497.40 | $ | $ 961,497.4 |
| b. | Accrued Interest: | $ 40,563.18 | $ | $ 40,563.18 |
| c. | Late Charges | $ 2,028.15 | $ | $ 2,028.15 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 3,946.78 | $ 800.00 | $ 4,746.78 |
| f. | Advances (Property Taxes, Insurance): | $ | $ | $ |
| g. | TOTAL CLAIM as of 06/29/06 : | $ 1,008,035.5 | $ 800.00 | $ 1,008,835. |

h.  ☐ Loan is all due and payable because it matured on *(specify date)*:

7.  Movant holds a  ☑ deed of trust  ☐ judgment lien  ☐ other *(specify)*
    that encumbers the Property.

a.  A true and correct copy of the document as recorded is attached as Exhibit  B .

b.  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit
    C .

c.  ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant
    is attached as Exhibit _____.

8.  Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

a.  Current interest rate: 5.63

b.  Contractual maturity date: 08/01/35

c.  Amount of current monthly payment: $ 4,057.02

d.  Number of PREPETITION payments that have come due and were not made:  9 . Total amount: $ 40,563.18

e.  Number of POSTPETITION payments that have come due and were not made: _____. Total amount: $ _____

f.  Date of POSTPETITION default:

g.  Last payment received on the following date: 09/13/05

h.  Notice of default recorded on the following date: 02/04/06

i.  Notice of sale recorded on the following date:

j.  Foreclosure sale originally scheduled for the following date:

k.  Foreclosure sale currently scheduled for the following date: 08/10/06

l.  Foreclosure sale already held on the following date:

m.  Trustee's deed on sale already recorded on the following date:

n.  Future payments due by time of anticipated hearing date *(if applicable)*: 07/01/2006
    An additional payment of $ 4,507.02 will come due on 07/01/06 , and on the 1st day of each month
    thereafter.  If the payment is not received by the 15th day of the month, a late charge of $ 225.35 will be charged to
    the loan.

9.  Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the
    dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of 10*     **F 4001-1M.RP**

| | |
|---|---|
| In re<br>Deborah E Mills    (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.: ND06-10337RR |

10. ☑ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ 1,3750,000.00 _____, established by:

   a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

   c. ☑ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit D_____.

   d. ☐ Other *(specify)*:

11. ☐ The fair market value of the Property is declining based on/due to: _____

12. ☐ **Calculation of equity in Property:**

   a. Based upon ☐ preliminary title report ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled<br>by Debtor(s) (if any) | Amount Known to<br>Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | Movant | 961,497.40 | 1,008,835.50 |
| 2nd Deed of Trust: | Amercian Home Mort. | 199,936.09 | 221,656.86 |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:** | **$ 1,230,492.36** | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit D_____, and consists of:

     ☐ Preliminary title report

     ☑ Relevant portions of Debtor's(s') Schedules as filed in this case

     ☐ Other *(specify)*:

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ 144,507.64 _____ (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ 366,164.50 _____ (§ 362(d)(1)).

   e. Estimated costs of sale: $ 110,000.00 _____ (Estimate based upon 8.0% % of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
     Confirmation hearing currently scheduled for (or concluded on) the following date:
     Plan confirmed on the following date *(if applicable)*:

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | |
|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ | payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ | late charge(s) at $_____ | each | = | $_____ |
| *(Number of)* _____ | late charge(s) at $_____ | each | = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Real Property) - *Page 9 of 10*          **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|-------|---------------|-----------|
| Deborah E Mills | | |
| | Debtor(s). | CASE NO.: ND06-10337RR |

c.  Postpetition/preconfirmation advances or other charges due but unpaid:    $_____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**  $_____

d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

*(Number of)* _____ payment(s) due at $_____ each = $_____
*(Number of)* _____ payment(s) due at $_____ each = $_____
*(Number of)* _____ late charge(s) at $_____ each = $_____
*(Number of)* _____ late charge(s) at $_____ each = $_____

e.  Postconfirmation advances or other charges due but unpaid:    $_____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**  $_____

f.  ☐ The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g.  ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐ The court determined that the Property qualifies as single asset real estate on _____.  More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time  or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17 ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page for facts establishing the scheme.

b.  ☐ Multiple bankruptcy filings affecting the Property.  The multiple bankruptcy filings include the following cases:
    1.  Case Name:
        Case Number:           Chapter:
        Date Filed:              Date Dismissed:           Date Discharged:
        Relief from stay re this property  ☐ was  ☐ was not  granted.
    2.  Case Name:
        Case Number:           Chapter:
        Date Filed:              Date Dismissed:           Date Discharged:
        Relief from stay re this property  ☐ was  ☐ was not  granted.
    3.  ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of 10*        **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER:7 |
|---|---|---|
| Deborah E Mills | | |
| | Debtor(s). | CASE NO.:ND06-10337RR |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

    c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _____, _____, at _____ *(city, state)*.**

Debbie Taitingfong
_____          _____
*Print Declarant's Name*                                                    *Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

County _____._____    of San Luis Obispo
      [Type of Recording Jurisdiction]                      [Name of Recording Jurisdiction]

Parcel 95 of Parcel Map COAL 99-0229, in the County of San Luis
Obispo, State of California, according to map recorded April 19, 2002
in Book 56, Page 39 of Parcel Maps, and Certification of Correction
recorded February 10, 2004 as Instrument No. 2004-010437 of Official
Records, in the Office of the County Recorder of said County.

Parcel ID Number:  020-285-020                which currently has the address of
1880 Burnt Rock Way                                            [Street]
Templeton                                    [City] , California 9 3465       [Zip Code]
("Property Address"):



Recording Requested By:

Return To:
American Home Mortgage Acceptance, Inc.
520 Broadhollow Road
Melville, NY 11747

Prepared By:
Amal Hagar
1500 N. Shaw Ave
Suite 403
Fresno, CA
93711

We certify this to be a true and exact
copy of the original
CHICAGO TITLE CO.

By _____
ESCROW OFFICER

[Space Above This Line For Recording Data]

# DEED OF TRUST

MIN 1003140000092B5122

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated July 15, 2005 together with all Riders to this document.

(B) "Borrower" is Deborah E. Hills, a Single Woman

Borrower is the trustor under this Security Instrument.

(C) "Lender" is American Home Mortgage Acceptance, Inc.

Lender is a Corporation
organized and existing under the laws of State of New York

DOC #:324541                      APPL #:0060920522
CALIFORNIA -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3005 1/01

-6A(CA) (0005).01
Page 1 of 15    Initials
VMP MORTGAGE FORMS - (800)521-7291

"B"

Lender's address is  538 Broadhollow Road, Melville, NY  11147

(D) "Trustee" is Chicago Title Company

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated  July 15, 2005
The Note states that Borrower owes Lender  Nine Hundred Sixty Two Thousand Five Hundred and No/100                                                           Dollars
(U.S. $962,500.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than     August 1, 2035

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [X] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

DOC  #:324542                    APPL #:0000928512

-6A(CA) (0207).01                Page 2 of 15                    Form 3005  1/01

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of San Luis Obispo
       [Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]
Parcel 95 of Parcel Map COAL 99-0229, in the County of San Luis Obispo, State of California, according to map recorded April 19, 2002 in look 56, Page 39 of Parcel Maps, and Certification of Correction recorded February 10, 2004 as Instrument No. 2004-010437 of Official Records, in the Office of the County Recorder of said County.

Parcel ID Number: 020-285-020                        which currently has the address of
1880 Burnt Rock Hay                                                          [Street]
Templeton                               [City], California 93465    [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

DOC #:324543                    APPL #:0000928512

-6A(CA) (0205.03)                    Page 3 of 14            Form 3005 1/01

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay to Lender Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

DOC #:324544                    APPL #:0000928512

-6A(CA) (0005).01                Page 6 of 15        Initials:                    Form 3005 1/01

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, u p such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10

days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, w b i right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender m y disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to p y Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

DOC #:324546                    APPL #:0000928512

6A(CA) (0205).04                    Page 6 of 15                    Form 3005    1/01

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

DOC #:324547                              APPL #:0000924512

VMP®-6A(CA) (0503.02)                      Page 7 of 15                Form 3005  1/01

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage

DOC #:324548                                          APPL #:0000928512

-6A(CA) (0207).01                Page 9 of 15                    Form 3005  1/01

Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or

DOC #:324549                    APPL #:0000528812

any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict

DOC #:324550                    APPL #:0000926512

 -6A(CA) (0207).01              Page 10 of 15              Initials: _____    Form 3005  1/01

shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

DOC #:324551                    APPL #:0000928512

-6A(CA) (0207).01                    Page 11 of 15                    Initials: _____    Form 3005  1/01

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use, or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

DOC #:324552                        APPL #:0000928512

-6A(CA) (0207).01          6A(CA) (0207).01          Page 13 of 15          Initials: _____          Form 3005  1/01

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

DOC  #:324553                    APPL #:0000928512

-6A(CA) (0005).01                    Page 13 of 15                    Initials: ____    Form 3005  1/01

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                          Deborah E. Mills                -Borrower

_____          _____ (Seal)
                                                                          -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                         -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                         -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                                         -Borrower


DOC  #:324556                    APPL #:0000928512                    Form 3005  1/01
-6A(CA) (0207).01               Page 14 of 15

State of California
County of San Luis Obispo
} ss.

On *7-19-05*  before me,  *Lori L. Filipponi*
personally appeared

Deborah E. Mills

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Seal)

LORI L. FILIPPONI
COMM. #1481275
NOTARY PUBLIC - CALIFORNIA
SAN LUIS OBISPO COUNTY
My Comm. Expires APR. 8, 2008

DOC #:324555          APPL #:0000920512

-6A(CA) (0005).01     Page 13 of 13     Initials: ___    Form 3005  1/01

# ADJUSTABLE RATE NOTE
### (6-Month LIBOR Index - Rate Caps)
### (Assumable during Life of Loan) (First Business Day of Preceding Month Lookback)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

July 15, 2005                    Paso Robles                    California
[Date]                           [City]                         [State]

1880 Burnt Rock Way, Templeton, CA  93465
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.$ 962,500.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is American Home Mortgage Acceptance, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.625  %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on   September 1, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   August 1, 2035                    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   PO Box 660029, Dallas, TX  75266-0029

or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S.$ 4,511.72                    . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

DOC #:319091                              APPL #:0000928512
MULTISTATE ADJUSTABLE RATE NOTE - 6-Month LIBOR Index (Assumable during Life of Loan) (First Business Day Lookback) - Single Family - Freddie Mac UNIFORM INSTRUMENT

VMP-815N (0406)      1003 0404    Form 5520 3/04
VMP Mortgage Solutions (800)521-7291
Page 1 of 6                                      Initials: DM

"C"

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of  August,  2007           , and may change on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding  Three and One Half  percentage point(s) (           3.500 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than           8.625 % or less than       3.500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One                     percentage point(s) (           1.000 %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 10.625 %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    Fifteen    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

DOC #:319893                          APPL #:0000928512                          Form 5520 1/04

MFCD6-815N (0404)                     Page 3 of 4                          Initials: 

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Deborah E. Mills_____ (Seal)
Deborah E. Mills                    -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower    PAY TO THE ORDER OF

_____ (Seal)
                                   -Borrower

WITHOUT RECOURSE
BY: AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

JODI LYNCH
ASST. SECRETARY                    [Sign Original Only]

DOC #:319894                   APPL #:0000392632        Form 5520 3/04

815N (0404)                              Page 4 of 4

# INTEREST-ONLY ADDENDUM
### ADJUSTABLE RATE NOTE

THIS INTEREST-ONLY ADDENDUM is made this __15th__ day of __July__ __2005__ , and is incorporated into and shall be deemed to amend and supplement the Adjustable Rate Note (the "Note") and the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to __American Home Mortgage Acceptance, Inc.__ ("Lender") of the same date and covering the property described in the Security Instrument and located at:
__1880 Burnt Rock Way, Templeton, CA 93465__
[Property Address]

THIS ADDENDUM SUPERSEDES Section 3(A) and (B), Section 4(C) of the Note. None of the other provisions of the Note are changed by this addendum.

**3.    PAYMENTS**

(A)    Time and Place of Payments
I will make a payment on the first day of every month beginning __September 1, 2005__ . Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.
I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as describe in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on __August 1, 2035__ , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".
I will make my monthly payments at: __PO Box 660029, Dallas, TX 75266-0029__ or at a different place if required by the Note Holder.

(B)    Amount of My Initial Monthly Payments
My monthly payment will be in the amount of U.S. $ __4,511.72__ before the First Principal and Interest Payment Due Date, and thereafter will be in amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of change in monthly payment.

**4.    ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(C)    Date of First Principal and Interest Payment
The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be __September 1, 2010__ .

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Interest-Only Addendum.

_____ (Seal)          _____ (Seal)
Deborah E. Mills              -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                              -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                              -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                              -Borrower                                              -Borrower

[Sign Original Only]

DOC # 943237/ Image: 943237.prn App# 0000878512    New Investor (TB) Interest-Only Addendum

Form B6D - (10/05)                                                    2005 USBC, Central District of California

| In re | Deborah E Mills | Debtor. | Case No : | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last Four Digits of ACCOUNT NO. 1000930980 <br> American Home Mortgage Servicing <br> PO Box 631730 <br> Irving, TX 75063-1730 | | | Mortgage <br> 1880 Burnt Rock Way <br> Templeton, CA <br> 93465 <br><br> VALUE $1,375,000.00 | | | | 199,936.09 | 0.00 |
| Last Four Digits of ACCOUNT NO. 1000926512 <br> American Home Mortgage Servicing <br> PO Box 631730 <br> Irving, TX 75063-1730 | | | 1000930980 <br> Mortgage <br> 1880 Burnt Rock Way <br> Templeton, CA <br> 93465 <br><br> VALUE $1,375,000.00 | | | | 961,497.40 | 0.00 |
| Last Four Digits of ACCOUNT NO. 061-9008-82786 <br> GMAC <br> PO Box 12699 <br> Glendale, AZ 85318 | | | Deed of Trust <br> 2002 GMC Sonoma <br><br> VALUE $5,805.00 | | | | 8,989.07 | 3,184.07 |

0 Continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | | $1,170,422.56 |
| Total | | $1,170,422.56 |

(Report total also on Summary of Schedules)

"D"

Motion for Relief from Stay (Real Property) - *Page 10 of 10*     **F 4001-1M.RP**

| In re                                          |                | CHAPTER: 7 |
|------------------------------------------------|----------------|--------------------------|
| Deborah E Mills          (SHORT TITLE)         |                |                          |
|                                                | Debtor(s).     | CASE NO.: ND06-10337RR |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on 6/30/06 , at Irving TX (city, state).

Debbie Taitingfong

*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                    **F 4001-1M.RP**

| Motion for Relief from Stay (Real Property) – Page *11* of ____ | | **F 4001-1M.RP** |
|---|---|---|
| In re<br>Deborah E. Mills | (SHORT TITLE) | CHAPTER: 7 |
| | Debtor(s). | CASE NO.: 9:06-bk-10337-RR |

## PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF Orange

1.  I am over the age of 18 and not a party to the within action. My business address is as follows:

    505 N. Tustin Ave., Suite 243
    Santa Ana, CA 92705

2.  ℟  Mail Service: On __June 30, 2006__, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Santa Ana California, addressed as set forth on the attached list.

> NOTE:  *If* the Notice and *Motion* have been served pursuant to an *Order* Shortening Time (*"Order"*), you *must file* a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.

3.  See attached list for names and addresses of all parties and counsel that have been served.  (In the manner set forth in Local *Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtor(s), Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee, or 20 largest unsecured creditors, etc.}*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 30, 2006

Marisol Antonio
Typed Name

*Marisol antoni*
Signature

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005    **F 4001-1M.RP**

**CASE 9:06-bk-10337-RR**
**Case Name: Deborah E. Mills**

1

2

3    DEBTOR:
     Deborah E. Mills
4    1880 Burnt Rock Way
     Templeton ,CA 93465
5

6

7    ATTORNEY FOR DEBTOR:
     Vaughn C. Taus
8    1042 Pacific Street Suite D
     San Luis Obispo, CA 93401
9

10   CHAPTER 7 TRUSTEE:
     Sandra McBeth
11   2450 Professional Parkway
     Santa Maria, CA 93455
12

13   U.S TRUSTEE:
     Office of US Trustee (ND)
14   21051 Warner Center Lane, Suite 115
     Woodland Hills, CA 91367
15

16

17

18

19

20

21

22

23

24

25

26

ROUTH CRABTREE OLSEN, P.S.
505 N. TUSTIN AVE., SUITE 243
SANTA ANA, CA 92705
TELEPHONE (714) 277-4915  ✦  FACSIMILE (714) 277-4916