**EXHIBIT E**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Marisol Antonio          **Bar ID:** 221387<br>ROUTH CRABTREE OLSEN, P.S.<br>505 N. Tustin Ave., Suite 243<br>Santa Ana          CA    92705<br>**Telephone #** 714-277-4915          714-277-4899<br>☐ *Individual appearing without counsel*<br>☑ Attorney for Movant: | 06/30/06  **FILED**          09:58<br>ND06-10337RR<br>DEBTOR:<br>Deborah E Mills<br>JUDGE:          HON. R. Riblet-  A464<br>TRUSTEE:<br>CHAPTER  7          MOTIO<br>    CLERK, U. S. BANKRUPTCY COURT<br>    CENTRAL DISTRICT OF CALIF.    ID:<br>RECEIPT NO:          $ 150.0 |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|
| In re: Deborah E Mills<br><br>                                        Debtor(s). | CHAPTER: 7<br>CASE NO.: ND06-10337RR |
| Sandra McBeth<br><br>                                        Trustee. | DATE: 07/25/06<br>TIME:  9:00 am<br>CTRM: 201<br>FLOOR: 2nd |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)

**(MOVANT:** American Home Mortgage Acceptance, Inc.                                                    )

### (Real Property)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:** 1415 State Street, Santa Barbara

3.  a. ☑  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

    b. ☐  This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

        ☐ at the hearing        ☐ at least _____ court days before the hearing.

    (1) ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

    (3) ☐  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of 10*        **F 4001-1M.RP**

| In re                          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Deborah E Mills | |
| Debtor(s). | CASE NO.: ND06-10337RR |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated:   06/30/06

                                          ROUTH CRABTREE OLSEN, P.S.
                                          _____
                                          *Print Law Firm Name (if applicable)*

  Marisol  Antonio                        /S/  Marisol  Antonio
  _____         _____
  *Print Name of Individual Movant or Attorney for Movant*    *Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of 10*       **F 4001-1M.RP**

| In re<br>Deborah E Mills | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: ND06-10337RR |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**(MOVANT:** American Home Mortgage Acceptance, Inc. _____ **)**

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   a. *Street Address:* 1880 Burnt Rock Way
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Templeton, CA 93465

   b. Legal description, Assessor's Parcel Number (APN) and/or Deed of Trust document recording number for the Property. Indicate which item referenced and include County and State:

   APN: 020-285-020
   Recorded 8/9/05, Doc No 2005065864, San Luis Obispo County.

   c. ☑ Legal description of the Property is page 1 of attached exhibit.

2. **Case History:**

   a. ☑ A voluntary   ☐ An involuntary petition under Chapter _7_____
   was filed on *(specify date)*: 06/26/06

   b. ☐ An Order of Conversion to Chapter _____
   was entered on *(specify date)*:

   c. ☐ Plan was confirmed on *(specify date)*:

   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. ☑ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☑ Movant's interest in the Property is not adequately protected.

         (a) ☑ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

         (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Real Property) - *Page 4 of 10*    **F 4001-1M.RP**

| In re    (SHORT TITLE)<br><br>Deborah E Mills<br><br>Debtor(s). | CHAPTER:7<br><br>CASE NO.:ND06-10337RR |
| --- | --- |

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☑ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☑ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☑ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __D_____.

    d. ☐ Other evidence *(specify):*

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☑ Additional provisions requested:

    a. ☑ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☑ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of 10*                                    **F 4001-1M.RP**

| In re                      (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Deborah E Mills | |
| Debtor(s). | CASE NO.:ND06-10337RR |

      d.  ☐  For other relief requested, see attached continuation page.

4.  If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated:  06/30/06                            Respectfully submitted,

                                                **American Home Mortgage Acceptance, Inc.**
                                                  *Movant Name*

                                                ROUTH CRABTREE OLSEN, P.S.
                                                  *Firm Name of Attorney for Movant (if applicable)*

                                              By: /S/ Marisol  Antonio
                                              *Signature*

                                              Name:  Marisol  Antonio
                                              *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of 10*                **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Deborah E Mills | | |
| | Debtor(s). | CASE NO.: ND06-10337RR |

## REAL PROPERTY DECLARATION

**(MOVANT:** American Home Mortgage Acceptance, Inc.                                                     **)**

I, Debbie Taitingfong                                                    , declare as follows:
        *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☐ I am employed by Movant as *(state title and capacity)*:

    ☑ Other *(specify)*:

        Bk mgr for American Home Mortgage Servicing, servicer for Mo

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a.    The address of the Property that is the subject of this Motion is:

        *Street Address:* 1880 Burnt Rock Way
        *Apartment/Suite No.:*
        *City, State, Zip Code:* Templeton, CA 93465

    b.    Legal description, Assessor's Parcel Number (APN) and/or Deed of Trust document recording number for the Property. Indicate which item referenced and include County and State.

        APN: 020-285-020
        Recorded 8/9/05, Doc No 2005065864, San Luis Obispo County.

    ☑ Legal description of the Property is page 1 of attached exhibit.

4. Type of property *(check all applicable boxes)*:
    a.  ☑ Debtor's(s') principal residence   b.  ☐ Other single family residence
    c.  ☐ Multi-unit residential              d.  ☐ Commercial
    e.  ☐ Industrial                          f.  ☐ Vacant land
    g.  ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                            **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of 10*          **F 4001-1M.RP**

| In re<br>Deborah E Mills          (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.ND06-10337RR |
| --- | --- |

5. Nature of Debtor's(s') interest in the Property:

a. ☑ Sole owner

b. ☐ Co-owner(s) *(specify)*:

c. ☐ Lien holder *(specify)*:

d. ☐ Other *(specify)*:

e. ☑ Debtor(s) ☑ did ☐ did not list the Property in the Schedules filed in this case.

f. ☐ Debtor(s) acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed

The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
| --- | --- | --- | --- | --- |
| a. | Principal: | $ 199,936.09 | $ | $ 199,936.0 |
| b. | Accrued Interest: | $ 17,825.22 | $ | $ 17,825.22 |
| c. | Late Charges | $ 891.27 | $ | $ 891.27 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 2,204.28 | $ 800.00 | $ 3,004.28 |
| f. | Advances (Property Taxes, Insurance): | $ | $ | $ |
| g. | TOTAL CLAIM as of 06/29/06 : | $ 220,856.86 | $ 800.00 | $ 221,656.8 |

h. ☐ Loan is all due and payable because it matured on *(specify date)*:

7. Movant holds a ☑ deed of trust ☐ judgment lien ☐ other *(specify)*
that encumbers the Property.

a. A true and correct copy of the document as recorded is attached as Exhibit _B_.

b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _C_.

c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

a. Current interest rate: 11.50%

b. Contractual maturity date: 08/01/20

c. Amount of current monthly payment: $ 1,980.58

d. Number of PREPETITION payments that have come due and were not made: _9_. Total amount: $ 17,825.22

e. Number of POSTPETITION payments that have come due and were not made: _____. Total amount: $ _____

f. Date of POSTPETITION default:

g. Last payment received on the following date: 09/13/05

h. Notice of default recorded on the following date: 02/04/06

i. Notice of sale recorded on the following date:

j. Foreclosure sale originally scheduled for the following date: 06/07/06

k. Foreclosure sale currently scheduled for the following date: 08/01/06

l. Foreclosure sale already held on the following date:

m. Trustee's deed on sale already recorded on the following date:

n. Future payments due by time of anticipated hearing date *(if applicable)*: 07/01/2006
An additional payment of $ 1,980.58 will come due on 07/01/06 , and on the _1st_ day of each month
thereafter. If the payment is not received by the _15th_ day of the month, a late charge of $ 99.03 will be charged to
the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                              **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of 10*        **F 4001-1M.RP**

| In re<br>   Deborah E Mills | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.:ND06-10337RR |
|---|---|---|

10. ☑ *(Chapter 7 and 11 cases only):* The fair market value of the entire Property is $ 1,375,000.00 _____, established by:

   a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

   c. ☑ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit D ____.

   d. ☐ Other *(specify):*

11. ☐ The fair market value of the Property is declining based on/due to: _____
_____

12. ☑ **Calculation of equity in Property:**

   a. Based upon ☐ preliminary title report ☑ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | **Name of Holder** | **Amount as Scheduled<br>by Debtor(s) (if any)** | **Amount Known to<br>Declarant and Source** |
|---|---|---|---|
| 1st Deed of Trust: | American Home Mort. | 961,497.40 | 1,008,835.50 |
| 2nd Deed of Trust: | Movant | 199,936.09 | 221,656.86 |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | 1,161,433.40 | 1,230,492.36 |
| **TOTAL DEBT:** $ 1,230,492.36 | | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit D ____, and consists of:

      ☐ Preliminary title report

      ☑ Relevant portions of Debtor's(s') Schedules as filed in this case

      ☐ Other *(specify):*

   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ 144,507.64 _____ (§ 362(d)(2)(A)).

   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ 10.5% _____ (§ 362(d)(1)).

   e. Estimated costs of sale: $ 110,000.00 _____ (Estimate based upon 8.0% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:<br>
      Confirmation hearing currently scheduled for (or concluded on) the following date:<br>
      Plan confirmed on the following date *(if applicable):*

   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | |
|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ | payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ | late charge(s) at $_____ | each | = | $_____ |
| *(Number of)* _____ | late charge(s) at $_____ | each | = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*        **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 9 of 10*   **F 4001-1M.RP**

| In re                           (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Deborah E Mills | |
| Debtor(s). | CASE NO.: ND06-10337RR |

c.  Postpetition/preconfirmation advances or other charges due but unpaid:                    $_____
    (See attachment for details of type and amount.)

                    **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**  $_____

d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

    *(Number of)* _____ payment(s) due at $_____ each  =  $_____
    *(Number of)* _____ payment(s) due at $_____ each  =  $_____
    *(Number of)* _____ late charge(s) at  $_____ each  =  $_____
    *(Number of)* _____ late charge(s) at   $_____ each  =  $_____

e.  Postconfirmation advances or other charges due but unpaid:                                  $_____
    (See attachment for details of type and amount.)

                    **TOTAL POSTCONFIRMATION DELINQUENCY:**                                    $_____

f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐  The court determined that the Property qualifies as single asset real estate on _____ .  More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time  or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☐  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17  ☐  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page for facts establishing the scheme.

    b.  ☐  Multiple bankruptcy filings affecting the Property.  The multiple bankruptcy filings include the following cases:
        1.  Case Name:
            Case Number:                      Chapter:
            Date Filed:                       Date Dismissed:                Date Discharged:

            Relief from stay re this property  ☐ was   ☐ was not  granted.
        2.  Case Name:
            Case Number:                      Chapter:
            Date Filed:                       Date Dismissed:                Date Discharged:

            Relief from stay re this property  ☐ was   ☐ was not  granted.
        3.  ☐  See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Real Property) - *Page 10 of 10*     **F 4001-1M.RP**

| In re                                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Deborah E Mills | |
| Debtor(s). | CASE NO.:ND06-10337RR |

18. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a.  ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b.  ☐  Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c.  ☐  For other facts justifying annulment, see attached continuation page.


**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _____, _____, at _____ *(city, state)*.**


 Debbie Taitingfong _____          _____
*Print Declarant's Name*                                           *Signature of Declarant*

*Revised October 2005*                                           **F 4001-1M.RP**

Parcel 95 of Parcel Rap COAL 99-0229, in the County of San Luis Obispo, State of California, according to map recorded April 19, 2002 in Book 56, Page 33 of Parcel Maps, and Certification of Correction recorded February 10, 2004 as Instrument No. 2004-010437 of Official Records, in the Office of the County Recorder of said County.

which has the address of

1990 Burnt Rock Way                                                    [Street],
Templeton                          [City], California  93465      [ZIP Code] (herein "Property Address"):

DOC #:329645                    . APPL #:C000930950 ___ ___      . _

"A"

Recording Requested By:
American Brokers Conduit

Return To:
American Brokers Conduit
523 Broadhollow Road
Melville, NY 11747

We certify this to be a true and exact
copy of the original.
_____
By _____

Prepared By:

---

## DEED OF TRUST *AND* REQUEST FOR NOTICE OF **DEFAULT**

MIN 100024260009309804

THIS DEED OF TRUST is made this  15th      day of  July,  2035              , among the Trustor,
Deborah E. Mills, a Single Woman

whose address is  179 Niblick Road PMB 143, Paso Robles, CA  93946
Chicago Title Company                                           (herein "Borrower"),

(herein "Trustee"), and the Beneficiary,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's
successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number
of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS
American Brokers Conduit

("Lender") is organized and
existing under the laws of  State of New York                          , and has an address of
538 Broadhollow Road, Melville, NY  11747
        BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys
to Trustee, in trust, with power of sale, the following described property located in the County of  San Luis Obispo
                    , State of California:
Parcel 95 of Parcel Map COAL 59-0229, In the County of San Luis Obispo, State of
California, according to map recorded April 19, 2002 in Book 56, Page 35 of Parcel
Maps, and Certification of Correction recorded February 10, 2004 as Instrument No.
2004-010437 of Official Records, in the Office of the County Recorder of said
County.

which has the address of
                                                                                    [Street] ,
1990 Buent Rock Way
Templeton                              , California  93465          [Zip Code] (herein "Property Address");
DOC #:328641                    APPL #:000930940

**CALIFORNIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS**

-7SN(CA)  (0205)          Form 3866
Page 1 of 7            Amended 8/99
VMP MORTGAGE FORMS - (800)521-7291

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated July 15, 2005
and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ 200,000.00                        , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on August 1, 2020                        ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

DOC #:329642                    APPL #:0000930980

-76N(CA) (0206)                                        Page 2 of 7                                        Initials: _____                    Form 3805

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict

shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such

DOC #:3286<<           APPL #:0000930980

-76N(CA) (0000)                        Page 4 of 7                              Form 3806

action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

---

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded _____, in Book _____ , Page _____ , records of San Luis Obispo County, or filed for record with recorder's serial number _____ County, California, executed by Deborah E. Mills, a Single Woman

as trustor (or mortgagor) in which American Brokers Conduit                                    is named

as beneficiary (or mortgagee) and Chicago Title Company                                          as trustee

be mailed to American Brokers Conduit
at 538 Broadhollow Road, Melville, NY 11747

DOC #:328645                    APPL #:0000930930

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

State of California
County of _San Lusobisspo_
On _7-15-05_ , before me _Lori L. Filipponi_ , personally appeared
_Deborah E. Mills_ , personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

LORI L. FILIPPONI
COMM. #1381275
NOTARY PUBLIC - CALIFORNIA
SAN LUIS OBISPO COUNTY
My Comm. Expires APR. 6, 2008

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)          _____ (Seal)
Deborah E. Mills          -Borrower          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

[Sign Original Only]

DOC  #:328646
76N(CA)  (0204)

APPL #:0000930983
Page 6 of 7

Form 3805

State of California
County of San Luis Obispo
On        7-15-05    , before me        Lori L. Filippони , personally appeared

Deborah E. Mills

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

    WITNESS my hand and official seal.

LORI L. FILIPPONI
COMM. #1481275
NOTARY PUBLIC - CALIFORNIA
SAN LUIS OBISPO COUNTY
My Comm. Expires APR. 6, 2008

DOC  #:328647
DEED-76N(CA)  (0206)

APPL #:0300930980
Page 7 of 7

Form 3805

# BALLOON NOTE
(Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE
PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS
UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL,
THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT
YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE
LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU
REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF
THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU
OBTAIN REFINANCING FROM THE SAME LENDER.

July 15, 2005                    Paso Robles                    California
        [Date]                        [City]                        [State]

1980 Burnt Rock Way, Templeton, CA  93465
                    [Property Address]

1.   BORROWER'S PROMISE TO PAY
        In return for a loan that I have received, I promise to pay U.S.$ 200,000.00          (this amount is called
"Principal"), plus interest, to the order of Lender. Lender is American Brokers Conduit

I will make all payments under this Note in the form of cash, check or money order.
        I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to
receive payments under this Note is called the "Note Holder."
2.   INTEREST
        Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of      11.500 %.
        The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.
3.   PAYMENTS
        (A) Time and Place of Payments
        I will pay principal and interest by making a payment every month.
        I will make my monthly payments on the  1st        day of each month beginning on  September 1, 2005        .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below
that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to
interest before Principal. If, on        August 1, 2020                , I still owe amounts under this
Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
        I will make my monthly payments at  PO Box 660029, Dallas, TX  75266-0029

or at a different place if required by the Note Holder.
        (B) Amount of Monthly Payments
        My monthly payment will be in the amount of U.S. $ 1,980.59

DOC #:127641                    APPL #:0000930480
MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT          Form 3260 1/01
                                        Page 1 of 3
                            VMP MORTGAGE FORMS - (800)521-7291          Initials: 

"C"

**4.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    15
calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be
    5. 000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only
once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.    UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

DOC #:372642                    APPL #:0000930980

Form 3260 1/01

BOND-870N (0006)                    Page 2 of 3                    Initials: _____

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
Deborah E. Mills                -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                                -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                                -Borrower                                    -Borrower

_____ (Seal)      _____ (Seal)
                                -Borrower                                    -Borrower

PAY TO THE ORDER OF                                                    [Sign Original Only]

WITHOUT RECOURSE
THE AMERICAN BROKERS CONDUIT

SETARA RAHIM
ASS'T SECRETARY

DOC #:327643                    APPL #:0000930980

870N (0006)                     Page 3 of 3                      Form 3260 1/01

Form B6D - (10/05)                                                                    2005 USBC, Central District of California

| In re. | Deborah E Mills | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (if known) |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last Four Digits of ACCOUNT NO.    1000930980 American Home Mortgage Servicing PO Box 631730 Irving, TX 75063-1730 | | | Mortgage 1880 Burnt Rock Way Templeton, CA 93465 VALUE $1,375,000.00 | | | | 199,936.09 | 0.00 |
| Last Four Digits of ACCOUNT NO.    1000928512 American Home Mortgage Servicing PO Box 631730 Irving, TX 75063-1730 | | | 1000930980 Mortgage 1880 Burnt Rock Way Templeton, CA 93465 VALUE $1,375,000.00 | | | | 961,497.40 | 0.00 |
| Last Four Digits of ACCOUNT NO.    061-9008-82786 GMAC PO Box 12699 Glendale, AZ 85318 | | | Deed of Trust 2002 GMC Sonoma VALUE $5,805.00 | | | | 8,989.07 | 3,184.07 |

0 Continuation sheets attached

| | | |
|---|---|---|
| Subtotal ► (Total of this page) | | $1,170,422.56 |
| Total ► | | $1,170,422.56 |

(Report total also on Summary of Schedules)

"D"

| Motion for Relief from Stay (Real Property) - *Page 10 of 10* | | **F 4001-1M.RP** |
|---|---|---|
| In re   **Deborah E Mils** | **(SHORT TITLE)** | **CHAPTER:** 7 |
| | Debtor(s). | **CASE NO.:** ND06-10337RR |

16. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on ___10/30/06___, at ___Irving, TX___ (city, state).

Debbie Teitingfong
*Print Declarant's Name*

Debbie Teitingfong
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.RP**

This fax was received by GFI FAXmaker fax server. For more information, visit: http://IW.gfi.com

Motion for Relief from Stay (Real **Property**) - Page *11* of ____    **F 4001-1M.RP**

| In re <br> Deborah E. Mills | (SHORT TITLE) | | CHAPTER:    7 |
|---|---|---|---|
| | | Debtor(s). | CASE NO.:    9:06-bk-10337-RR |

### PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF  Orange _____

1.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

    505 N. Tustin Ave., Suite 243
    Santa Ana. CA 92705

2.  Regular Mail Service:  On ___June 30, 2006_____, pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Santa Ana _____ California, addressed as set forth on the attached list.

> **NOTE:**  *If the* Notice and Motion have been served *pursuant to an Order Shortening* Time ('Order'),   you must file a Proof of Service that indicates that the *notice* and *service* requirements contained in *the* Order have been met.

3.  See attached list for names and addresses of all parties and counsel that have been served.  (in the manner set forth in Local Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtor(s), Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee, or 20 largest unsecured creditors, etc.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   June 30, 2006

Marisol Antonio _____          *marisol antonio* _____
Typed Name                                                              *Signature*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005                                                          **F 4001-1M.RP**

**CASE 9:06-bk-10337-RR**
**Case Name: Deborah E. Mills**

DEBTOR:
Deborah E. Mills
1880 Burnt Rock Way
Templeton ,CA 93465

ATTORNEY FOR DEBTOR:
Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

CHAPTER 7 TRUSTEE:
Sandra McBeth
2450 Professional Parkway
Santa Maria, CA 93455

U.S TRUSTEE:
Office of US Trustee (ND)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

ROUTH CRABTREE OLSEN, P.S
505 N. TUSTIN AVE., SUITE 243
SANTA ANA, CA 92705
TELEPHONE (714) 277-4915 ◆ FACSIMILE (714) 277-4916

**EXHIBIT F**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Marisol Antonio**      **BAR ID:** 221387<br>ROUTH CRABTREE OLSEN, P.S.<br>505 N. Tustin Ave., Suite 243<br>Santa Ana, CA  92705<br>**Telephone # 714-277-4915      Fax # 714-277-4899**<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* | **FILED & ENTERED**<br><br>**JUL 25 2006**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY krustC    DEPUTY CLERK |

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |

| In re:<br>Deborah E Mills, | CHAPTER:    7 |
|---|---|
|  | CASE NO.:    ND-06-10337RR |
| Debtor(s). | DATE:    July 25, 2006<br>TIME:    9:00 AM |
| Sandra McBeth | CTRM:    201 |
| Trustee. | FLOOR:    2nd |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: American Home Mortgage Acceptance Inc. )

1.      The Motion was:      ☐ Contested    ☒ Uncontested ☐ Settled by stipulation

2.      The Motion affects the following real property (the "Property"):
>    *Street Address:*      **1880 Burnt Rock Way**
>    *Apartment/Suite No.:*
>    *City, State, Zip Code:* **Templeton, CA**

   Legal description or document recording number (including county of recording):

   **APN 020-285-020**

>    ☒  See attached page.

3.      The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3)
>    ☐ 11 U.S.C. § 362(d)(4)

4.      As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
>    a.    ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
>    b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
>    c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.      ☒  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable
   non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a
   Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                                          **F 4001-1O.RP**

| In Re          (SHORT TITLE) | | CHAPTER:    7 |
| Deborah E Mills | | |
| | Debtor(s) | CASE   NO:              ND-06-10337RR |

6.      ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7.      ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.      ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.      This Court further orders as follows:
   a.   ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b.   ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c.   ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
   d.   ☐ See attached continuation page for additional provisions.


Dated:    July 25, 2006

*Robin Riblet*

_____
UNITED STATES BANKRUPTCY JUDGE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                F 4001-1O.RP

| In Re          (SHORT TITLE)                         | CHAPTER:   7 |
|------------------------------------------------------|--------------|
| Deborah E Mills                                      |              |
|                              Debtor(s)               | CASE   NO:            ND-06-10337RR |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (in whole or in part) was entered on *(specify date)*:

July 25, 2006

Dated:   July 25, 2006

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:    *Kam Rust*

_____
*Deputy Clerk*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*

# F 4001-1O.RP

Case 07-11047-CSS     Doc 8847-2     Filed 05/11/10     Page 31 of 49

Case 9:06-bk-10337-RR     Doc 12     Filed 07/25/06     Entered 07/25/06 12:46:01     Desc
Order on Motion for Relief from Stay (Real Property) - Page 4 of 4

| In Re          (SHORT TITLE) | | CHAPTER:   7 |
| Deborah E Mills | Debtor(s) | CASE   NO:          ND-06-10337RR |

## SERVICE LIST

Marisol  Antonio
505 N. Tustin Ave., Suite 243
Santa Ana, CA 92705

Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Sandra McBeth
2450 Professional Parkway
Santa Maria, CA 93455

United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005

**F 4001-1O.RP**

County _____   of San Luis Obispo
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]
Parcel 95 of Parcel Map COAL 99-0220, in tho County of San Luis
Obispo, State of California, according to map recorded April 19, 2002
in Book 56, Page 39 of Parcel Maps, and Certification of Correction
recorded February 10, 2004 as Instrument No. 2004-010437 of Official
Records, in the Office of the County Recorder of said County.

Parcel ID Number:  020-285-020                    which currently has the address of
1880 Burnt Rock Way                                                        [Street]
Templeton                        (City) , California 93465          [Zip Code]
("Property Address"):



**EXHIBIT G**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Marisol Antonio**   **BAR ID:** 221387<br>ROUTH CRABTREE OLSEN, P.S.<br>505 N. Tustin Ave., Suite 243<br>Santa Ana, CA  92705<br>**Telephone # 714-277-4915**   **Fax # 714-277-4899**<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* | **FILED & ENTERED**<br><br>**JUL 25 2006**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY krustC   DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Deborah E Mills, | CHAPTER:   7 |
|---|---|
| | CASE NO.:   ND-06-10337RR |
| Debtor(s). | DATE:   July 25, 2006 |
| Sandra McBeth | TIME:   9:00 AM |
| Trustee. | CTRM:   201 |
| | FLOOR:   2nd |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362 (Real Property)**
**(MOVANT: American Home Mortgage Acceptance, Inc. )**

1.   The Motion was:   ☐ Contested   ☒ Uncontested   ☐ Settled by stipulation

2.   The Motion affects the following real property (the "Property"):
    *Street Address:*   **1880 Burnt Rock Way**
    *Apartment/Suite No.:*
    *City, State, Zip Code:* **Templeton, CA 93465**

    Legal description or document recording number (including county of recording):

    **APN: 020-285-020**
    **Recorded 8/9/05, Doc No 2005065864, San Luis Obispo County.**

    ☒ See attached page.

3.   The Motion is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4.   As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a.   ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b.   ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.   ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.   ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                                                          **F 4001-1O.RP**

| In Re               (SHORT TITLE) | | CHAPTER:   7 |
|---|---|---|
| Deborah E Mills | | |
| | Debtor(s) | CASE   NO:        ND-06-10337RR |

6.      ☐  Movant shall not conduct a foreclosure sale before the following date (*specify*):

7.      ☐  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.      ☐  In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.      This Court further orders as follows:
   a.   ☒  This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b.   ☒  The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c.   ☐  The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER*).
   d.   ☐  See attached continuation page for additional provisions.


Dated:   July 25, 2006


*Robin Riblet*

_____
UNITED STATES BANKRUPTCY JUDGE

*Revised October 2005*

**F 4001-1O.RP**

Case 07-11047-CSS    Doc 8847-2    Filed 05/11/10    Page 36 of 49

Case 9:06-bk-10337-RR    Doc 13    Filed 07/25/06    Entered 07/25/06 12:47:59    Desc
Order on Motion for Relief from Stay (Page 3 of 4) - Page 3 of 4

| In Re                    (SHORT TITLE) | | CHAPTER:    7 |
| Deborah E Mills | | |
| | Debtor(s) | CASE   NO:          ND-06-10337RR |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (in whole or in part) was entered on *(specify date)*:

July 25, 2006

Dated:    July 25, 2006

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:    *Kam Rust*

_____
*Deputy Clerk*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised October 2005*                                                        **F 4001-1O.RP**

Case 07-11047-CSS    Doc 8847-2    Filed 05/11/10    Page 37 of 49

Case 9:06-bk-10337-RR    Doc 13    Filed 07/25/06    Entered 07/25/06 12:47:59    Desc
Order on Motion for Relief from Stay (Real Property) - Page 4 of 4
Main Document    Page 4 of 4

| In Re          (SHORT TITLE) | | CHAPTER:    7 |
| Deborah E Mills | | |
| | Debtor(s) | CASE    NO:          ND-06-10337RR |

## SERVICE LIST

Marisol  Antonio
505 N. Tustin Ave., Suite 243
Santa Ana, CA 92705

Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Sandra McBeth
2450 Professional Parkway
Santa Maria, CA 93455

United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005                                                    **F 4001-1O.RP**

Parcel 95 of Parcel Map COAL 99-0229, in the County of San Luis Obispo, State of California, according to map recorded April 19, 2002 in Book 56, Page 33 of Parcel Maps, and Certification of Correction recorded February 10, 2004 as Instrument No. 2004-010437 of Official Records, in the Office of the County Recorder of said County.

which has the address of

1920 Burnt Rock Way                                                              [Street],
Templeton                                    , ayl, California 93465    [ZIP Code] (herein "Property Address"):

DOC #:329841                          APPL #:C005910960

"A"

**EXHIBIT H**

Michael Strauss
Chief Executive and Chairman
American Home Mortgage
Corporate Headquarters
538 Broadhollow Road
Melville, NY 11747

March 7, 2007

Dear Michael Strauss,

We wish to inform you directly in regards to the situation currently going on the property of 1880 Burnt Rock Way, Templeton, CA  93465 of which your company has foreclosed on. What we wish to inform you about is the conduct of your employees and agents, our prospective of the situation and how we feel that we have been wronged to a certain extent. We are specially requesting that the agents who are handling this property immediately suspend current procedures to allow us to voice our case.

We ask that you understand in advance, and respect, that we are perfectly clear and aware of being in foreclosure, evicted and the general procedures of foreclosure according to industry standards and law.

We also want it clear that we are grateful that your company financed our dream home and we are regretful that the relationship established with your company has deteriorated, due to unforeseen events, in our lives to such an extent as to where it now stands, but we sincerely give you our thanks for making it possible.

Our complaint is as follows:

Since December 2006 our financial situation finally turned around and we immediately tried to contact American Home Mortgage in order to initiate discussions to either enter escrow for buying the property back from you or have the loan reinstated or some such. Not one person at American Home Mortgage returned our numerous, relentless phone calls either to our attorney or us. Our attempt to get in discussions with American Home Mortgage continued into the early part of February. Then we were served an eviction notice. At that point your agents began accepting our phone calls and insisted that the protocol for buying back the property consisted of such and such steps. However, though complying with the procedures they continued with the eviction; so we left with dignity only two hours before the sheriff came with only the clothes on our back.

Now, they still will not allow us to buy back the property for reason that we must "pre qualify", which begs the question how can anyone qualify if they have just been foreclosed and reflected in credit? Even Mrs. Tillus told us that "we can try

but it is not going to happen". Even though we have arranged private financing to buy back your paper, your company refuses in allowing us to buy it back.

We feel that once our situation was stabilized we made every reasonable attempt to work with American Home Mortgage and due to their lack of communication and stubbornness that we have been cheated out of any last right to save our home.

We also feel that, according to Bob Jackson, from Jackson and Associates (the law firm handling this property and coordinating procedures) that when we are told "You had your chances, don't play the blame game" is irrelevant.

The agent assigned to our property from American Home Mortgage, Terry Miles, has been the only one cooperative, professional and elegant in working with us; but even she has expressed frustration in dealing with American.

What we ask, once again, is for intervention from someone with authority at American Home Mortgage to immediately suspend all procedures currently in place in order to allow both American Home Mortgage and ourselves to speak in a reasonable manner for the best benefit for both parties.

The sheer incompetence of it all is astonishing. Please do what you can.

Sincerely,

Deborah Mills and Anthony Esquivel
805-268-5366
805-302-7470

**EXHIBIT I**

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6753
DIRECT FAX:  302-576-3416
mwhiteman@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
(PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MICHAEL P. STAFFORD
RICHARD J. THOMAS
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

September 15, 2008

**BY FIRST CLASS MAIL**

Mr. Anthony Esquivel & Ms. Deborah Mills
3679 Pine Ridge Road
Bradley, CA 93426

Re:    1880 Burnt Rock Way, Templeton, California

Dear Mr. Esquivel and Ms. Mills:

This letter is in response to your email dated September 3, 2008 to Mr. James Patton of our office.  By your email, you requested that American Home Mortgage ("AHM") sell you certain real-estate owned property located at 1880 Burnt Rock Way, Templeton, California (the "Property") for a purchase price of $300,000.

Please be advised that previous appraisals have estimated the Property at a value of approximately $1.3 million.  Accordingly, AHM does not intend to sell the Property at your requested purchase price.  To the extent that you wish to make another, substantially higher offer on the Property, please contact AHM's realtor for this Property, Joann Outland, at joann@outlandinc.com.

Very truly yours,

Margaret B. Whiteman

cc:    Sean Beach, Esq. (by email)
       Joseph McMahon, Esq. (by email)
       Mark Indelicato, Esq. (by email)

# EXHIBIT J

# Broker Price Opinion

| | | |
|---|---|---|
| **Date :** | **REO Loan Number :** | **Sales Person :** |
| 10/23/2008 | 0030679690 | Daniel Staten |
| **Property Address :** | **Community Name :** | |
| 1880, BURNT ROCK WAY, TEMPLETON, CA, 93465 | 0 | |

**[HOA]**

| | | |
|---|---|---|
| **Community Name :** | **Homeowner Dues :** | **Special Assessments :** |
| 0 | | |
| **Management Co :** | **Phone Number :** | **Mailing Address :** |
| 0 | 0000000000 | 0 |

**[General Market Conditions]**

| | | |
|---|---|---|
| **Market :** | **Values :** | **Competition :** |
| Suburban | Declining | Oversupply |
| **Condo / Co-Op :** | **Marketing Time :** | **Vandalism Risk :** |
| Solvent Association | 90-180 Days | Low Risk |
| **Price Of Ownership :** | **% Owner Occupied :** | **% Tenant Occupied :** |
| Average | | |
| **% Vacant :** | **% Residential :** | **% Commercial :** |

**Number of closed comparable sales in market area in the last six months :**

**Number of competing listings in subject's price range :**

**Describe any marketing concessions / incentives being offered on competing properties that may adversely affect the subject's value :**

0

**Recommend any marketing concessions / incentives that should be offered :**

0

**Other comments concerning market and location :**

0

## Property Profile

| | | |
|---|---|---|
| **Property Profile :** | **Property Condition :** | **Available Financing :** |
| Other | Average | Cash |
| **Delinquent Taxes :** | **Yearly Taxes :** | **Assessed Value :** |
| | | |
| **Year Property Built :** | **Foundation Type :** | **Permanent :** |
| | 0 | Yes |

**Suggested Inspections :**

**Possible Environmental Concerns :**

No

**Geological :**

N

**If yes, please provide explanation and required action on additional sheet, if necessary :**

## Competitive Sales

| Description | Subject | Comparable Sales #1 | Comparable Sales #2 | Comparable Sales #3 |
|---|---|---|---|---|
| Address | 0 | 0 | 0 | 0 |
| Proximity to Subject(Miles) | | | | |
| Sale Price | | | | |
| Original List Price | | | | |
| Latest List Price | | | | |
| DataSource | 0 | 0 | 0 | 0 |
| Type of Financing | 0 | 0 | 0 | 0 |
| Seller Offered Concessions | | | | |
| Sale Date | 10/23/2008 | 10/23/2008 | 10/23/2008 | 10/23/2008 |
| Days on Market | | | | |
| Location Quality | 0 | 0 | 0 | 0 |
| Site Sq. Ft | | | | |
| View | 0 | 0 | 0 | 0 |

| | | | | |
|---|---|---|---|---|
| Design and Appeal | 0 | 0 | 0 | 0 |
| Quality of Construction | 0 | 0 | 0 | 0 |
| Age | | | | |
| Condition | 0 | 0 | 0 | 0 |
| Total No.Of Rooms | | | | |
| No. of Bedrooms | | | | |
| No. of Bathrooms | | | | |
| Gross Living Area | | | | |
| Basement & Finished Room Below Grade | 0 | 0 | 0 | 0 |
| Heating / Cooling | 0 | 0 | 0 | 0 |
| Water Source/Sewer or Septic | 0 | 0 | 0 | 0 |
| Garage / Carport | 0 | 0 | 0 | 0 |
| Fences, Pool | 0 | 0 | 0 | 0 |
| Porches, Patios, Deck, Fireplace etc | 0 | 0 | 0 | 0 |
| Other (recent remodeling, functional obsolescence, etc.) | 0 | 0 | 0 | 0 |
| Indicated Value of Subject | | | | |
| Sale Inspected? | No | No | No | No |
| Comments | 0 | 0 | 0 | 0 |
| List Pending Contract | No | No | No | No |

**Competitive Listings**

| Description | Subject | Competitive Listing #1 | Competitive Listing #2 | Competitive Listing #3 |
|---|---|---|---|---|
| Address | 0 | 0 | 0 | 0 |
| Proximity to Subject(Miles) | | | | |
| Sale Price | | | | |
| Original List Price | | | | |
| Latest List Price | | | | |
| DataSource | 0 | 0 | 0 | 0 |
| Type of Financing | 0 | 0 | 0 | 0 |
| Seller Offered Concessions | | | | |
| Sale Date | 10/23/2008 | 10/23/2008 | 10/23/2008 | 10/23/2008 |
| Days on Market | | | | |
| Location Quality | 0 | 0 | 0 | 0 |
| Site Sq. Ft | | | | |
| View | 0 | 0 | 0 | 0 |
| Design and Appeal | 0 | 0 | 0 | 00 |
| Quality of Construction | 0 | 0 | 0 | 0 |

| | | | | |
|---|---|---|---|---|
| Age | | | | |
| Condition | 0 | 0 | 0 | 0 |
| Total No.Of Rooms | | | | |
| No. of Bedrooms | | | | |
| No. of Bathrooms | | | | |
| Gross Living Area | | | | |
| Basement & Finished Room Below Grade | 0 | 0 | 0 | 00 |
| Heating / Cooling | 0 | 0 | 0 | 0 |
| Water Source/Sewer or Septic | 0 | 0 | 0 | 0 |
| Garage / Carport | 0 | 0 | 0 | 0 |
| Fences, Pool | 0 | 0 | 0 | 0 |
| Porches, Patios, Deck, Fireplace etc | 0 | 0 | 0 | 0 |
| Other (recent remodeling, functional obsolescence, etc.) | 0 | 0 | 0 | 0 |
| Net Adjusted Value | | | | |
| Sale Inspected? | No | No | No | No |
| Comments | 0 | 0 | 0 | 0 |

**Estimated Repair Summary**

**Estimated Repairs / Rehabilitation to achieve "as repaired value".( Include estimate even if recommending "as is"   Cost Estimate : pricing.) :**

0

0

Total :

**Repairs Required for Lender-Marketable value (Repairs to place Property in Finance Condition) :**    Cost Estimate :

0

0

Total :

**Suggested Marketing Strategy**

**Probable Buyer :**                          **Probable Financing :**                      **Market :**

Investor                                       Cash                                          As-Is

**\* Give reason for your marketing strategy recommendation ( As Is or Repaired) :**

0

**Specify marketing actions in addition to cleaning, signage, MLS, graphics, and lockbox :**

0

## Anticipated Sale Price

Anticipated Sale Price for the subject property must fall within the indicated value range of the sales used.

|  | Suggested List Price | Anticipated Sale Price | Probable Marketing Time |
|---|---|---|---|
| As Is | $900,000.00 | $900,000.00 | 90 Days |
| As Repaired | $900,800.00 | $900,800.00 | 90 Days |
| Lendable Marketable | $900,800.00 | $900,800.00 | 90 Days |

**I hereby certify that i have personally inspected the subject property on (10/16/2008) , both interior and exterior. I have made exterior inspections of all comparables included in this report .**

**Agent :**

Becky Hixson

**Broker Firm Name :**

Williams and Williams

**Fax # :**

918-217-6455

**Signature :**

**Address :**

7666 East 61st Street Suite 135, Tulsa, OK 74133

**Agent's E-Mail Address :**

americanhome@williamsauction.com

**Date :**

**Tel # :**

800-581-0340