IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
     Debtors.                                                          :
                                                                       :   Response Deadline: June 14, 2010 at 4:00 p.m. (ET)
                                                                       :   Hearing Date: June 21, 2010 at 11:00 a.m. (ET)
---------------------------------------------------------------------- x

**DEBTORS' FIFTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging in full or in part, reclassifying, reassigning, modifying, and/or affixing a value to such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Fifty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full or in part, reassigning, reclassifying, modifying, and/or

affixing a value to the Disputed Claims listed in Exhibits A, B, C and D to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A. Modified Amount Reclassified Claim

10. The claimant asserting the claim identified in Exhibit A to the Proposed Order (the "Modified Amount Reclassified Claim") asserted that all of such claims are entitled to either priority or secured status. After reconciling the Modified Amount Reclassified Claim against their books and records, the Debtors have determined that the priority level of the claim should be adjusted because, despite the claimant's assertions, such claim is not entitled to wholly priority status or secured status, as applicable. Consequently, the Debtors believe that the Modified Amount Reclassified Claim should be reclassified as indicated in the "Modified Amount" column in Exhibit A.

11. Additionally, the claimant asserting the Modified Amount Reclassified Claim asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amount of the Modified Amount Reclassified Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claim" in Exhibit A should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit A.

12. Failure to modify and reclassify the Modified Amount Reclassified Claim as set forth herein will result in the claimant receiving undue priority or secured status to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Claim and request entry of an order reclassifying and reducing the values of the Modified Amount Reclassified Claim as set forth in Exhibit A.

### B.     Modified Amount, Reclassified, Wrong Debtor Claims

13.    The claimants asserting the claims identified in Exhibit B to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claims") failed to assert the proper priority levels for such claims. After reconciling the Modified Amount Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that the priority levels of those claims should be adjusted to reflect the proper priority levels of such claims. Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor Claims should be reclassified as indicated in the "Modified Amount" column in Exhibit B.

14.    Additionally, the claimants asserting the Modified Amount Reclassified Wrong Debtor Claims asserted amounts that were higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Reclassified Wrong Debtor Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claims" in Exhibit B should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit B.

15.    Finally, the claimants asserting the Modified Amount Reclassified Wrong Debtor Claims asserted such claim against the wrong Debtor. After reviewing their books and records, the Debtors believe they have determined which Debtors the Modified Amount Reclassified Wrong Debtor Claims should have been filed against and have listed a new case number for such claims under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimants asserting the Modified Amount Reclassified Wrong Debtor Claims intended to file such claims under the New Case Number. Consequently, the Debtors believe that the Modified Amount Reclassified Wrong Debtor Claims should be reassigned to the New Case Number as indicated in Exhibit B.

16. Failure to modify, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claims as set forth herein will result in the claimants receiving undue priority or status and an unwarranted recovery against the wrong Debtor entity to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Wrong Debtor Claims and request entry of an order reclassifying, reassigning, and reducing the values of the Modified Amount Reclassified Wrong Debtor Claims as set forth in Exhibit B.

### C. Reclassified Wrong Debtor Claim

17. The claimant asserting the claim identified in Exhibit C to the Proposed Order (the "Reclassified Wrong Debtor Claim") failed to assert that such claim is entitled to priority status. After reconciling the Reclassified Wrong Debtor Claims against their books and records, the Debtors have determined that a sound basis for priority exists under the Bankruptcy Code. Additionally, a review of the applicable proof of claim indicates that the claimant asserting the Reclassified Wrong Debtor Claim against the wrong Debtor entity. After reviewing their books and records, the Debtors believe they have determined which Debtor the Reclassified Wrong Debtor Claim should have been filed against and have listed a new case number for the Reclassified Wrong Debtor Claim under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimant asserting the Reclassified Wrong Debtor Claim intended to file such claims under the New Case Number.

18. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claim should be reclassified to the priority level indicated in Exhibit C and reassigned to the New Case Number as indicated in Exhibit C. Failure to reclassify the Reclassified Wrong Debtor Claim would prevent the claimant from receiving the proper level of priority. Moreover, failure to reassign such claim would allow the claimant to recover against the wrong Debtor

entity. Therefore, to correct the claims register, the Debtors hereby object to the Reclassified Wrong Debtor Claim and request entry of an order reclassifying and reassigning the Reclassified Wrong Debtor Claim as indicated in Exhibit C.

### D. No Liability Claims

19. After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit D to the Proposed Order (the "No Liability Claims"). Moreover, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit D should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit D.

## RESERVATION OF RIGHTS

20. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

21. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit II, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: May 21, 2010
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession