IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   :   Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                       :
                                                                         :   Jointly Administered
      Debtors.                                                           :
                                                                         :   Ref. Docket Nos. 8738 & 8815
------------------------------------------------------------------------ x

### CERTIFICATION OF COUNSEL SUBMITTING STIPULATED ORDER REGARDING DEBTORS' FIFTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NUMBER 8157 FILED BY MORGAN STANLEY CAPITAL SERVICES, INC.

The undersigned counsel to the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.    On January 10, 2008, Morgan Stanley Capital Services, Inc. ("Morgan Stanley CSI") filed proof of claim number 8157 ("Claim 8157") against debtor American Home Mortgage Investment Corp. ("AHM Investment") (Case No. 07-11048). Pursuant to Claim 8157, Morgan Stanley CSI asserted a secured claim in the amount of $1,675,796.48 for amounts allegedly owed to Morgan Stanley CSI by AHM Investment in connection with an ISDA agreement dated November 14, 2003.

2.    On April 1, 2010, the Debtors filed their Fifty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "Objection") [Docket No. 8738].

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

By the Objection, the Debtors requested, *inter alia*, that the Court reclassify and modify Claim 8157 to a general unsecured claim in the amount of $1,540,814.00.

3. The hearing to consider the relief requested in the Objection was scheduled for May 4, 2010. Responses to the Objection were due on or before April 27, 2010 at 4:00 p.m. (the "Response Deadline"). Prior to the Response Deadline, the Debtors entered into discussions with Morgan Stanley CSI in an attempt to reach a consensual resolution of the Objection. In the interim, the Debtors agreed to adjourn the Objection with respect to Claim 8157.

4. As a result of extensive discussions and good faith negotiations, the Debtors and Morgan Stanley CSI (collectively, the "Parties") agreed that Claim 8157 should be reclassified and modified such that Claim 8157 is an allowed general unsecured claim in the amount of $1,548,314.00. The Parties intended to file a proposed stipulated order under certification of counsel reflecting the foregoing agreement.

5. On April 29, 2010, the Court entered an order [Docket No. 8815] (the "Order") sustaining the Objection in its entirety. Unfortunately, the Debtors inadvertently did not remove Claim 8157 from the applicable exhibit to the proposed form of order and therefore the Order provides that Claim 8157 is reclassified and modified to a general unsecured claim in the amount of $1,540,814.00 and not $1,548,314.00, as agreed by the Parties.

6. To correct this error, the Parties have agreed to the proposed form of stipulated order (the "Stipulated Order") attached hereto as Exhibit A. Subject to Court approval, the Stipulated Order provides for, *inter alia*, the following: (i) the Order is vacated solely with respect to Claim 8157; and (iii) Claim 8157 shall be allowed as a general unsecured claim in the total amount of $1,548,314.00 against AHM Investment (Case No. 07-11048).

7. The Parties have consented to the entry of the Stipulated Order and the Debtors submit that the Stipulated Order is appropriate and consistent with the agreement between the Parties.

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court enter the Stipulated Order at its earliest convenience.

Dated: May 26, 2010
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

## EXHIBIT A

**Proposed Stipulated Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   :   Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                       :
                                                                         :   Jointly Administered
    Debtors.                                                             :
                                                                         :   Ref. Docket Nos. 8738 & 8815
                                                                         :
------------------------------------------------------------------------ x

### STIPULATED ORDER REGARDING DEBTORS' FIFTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NUMBER 8157 FILED BY MORGAN STANLEY CAPITAL SERVICES, INC.

WHEREAS, on January 10, 2008, Morgan Stanley Capital Services, Inc. ("Morgan Stanley CSI") filed proof of claim number 8157 ("Claim 8157") against debtor American Home Mortgage Investment Corp. ("AHM Investment") (Case No. 07-11048);

WHEREAS, pursuant to Claim 8157, Morgan Stanley CSI asserted a secured claim in the amount of $1,675,796.48 for amounts allegedly owed to Morgan Stanley CSI by AHM Investment in connection with an ISDA agreement dated November 14, 2003;

WHEREAS, on April 1, 2010, the Debtors filed their Fifty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "Objection") [Docket No. 8738];

WHEREAS, by the Objection, the Debtors requested, *inter alia*, that the Court reclassify and modify Claim 8157 to a general unsecured claim in the amount of $1,540,814.00;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, as a result of extensive discussions and good faith negotiations, the Debtors and Morgan Stanley CSI (collectively, the "Parties") agreed that Claim 8157 should be reclassified and modified such that Claim 8157 is an allowed general unsecured claim in the amount of $1,548,314.00;

WHEREAS, on April 29, 2010, the Court entered an order [Docket No. 8815] (the "Order") sustaining the Objection in its entirety. Claim 8157 was inadvertently left remaining on the applicable exhibit to the proposed form of order and therefore the Order provides that Claim 8157 is reclassified and modified to a general unsecured claim in the amount of $1,540,814.00 and not $1,548,314.00, as agreed by the Parties;

WHEREAS, the Parties have conferred regarding a potential resolution of the foregoing and have agreed to submit this stipulated order to accurately reflect the Parties' agreement with respect to the treatment of Claim 8157.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.  The Order shall be vacated solely with respect to Claim 8157.

2.  The Parties agree that Claim 8157 shall be allowed as a general unsecured claim in the total amount of $1,548,314.00 against American Home Mortgage Investment Corp. (Case No. 07-11048).

3.  Upon the Court's approval of this Stipulation, Morgan Stanley CSI and the Debtors do hereby fully release and discharge each other, and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of

action of any kind in law, in equity, or otherwise, relating solely to Claim 8157, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties. This Stipulation is intended to relate only to Claim 8157.

4. Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

5. This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

6. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

7. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 12th day of May, 2010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*

MORGAN STANLEY CAPITAL SERVICES, INC.

by _____

Jane Fanning, M.D.
1585 Broadway, 3rd Floor
New York, New York 10036
Telephone: (212) 761-1092
Facsimile: (212) 507-4692

*Morgan Stanley Capital Services, Inc.*

SO ORDERED:

Dated: Wilmington, Delaware
       _____ ___, 2010

                                   _____
                                   CHRISTOPHER S. SONTCHI
                                   UNITED STATES BANKRUPTCY JUDGE