IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 07-11047 (CSS) (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------x

### SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **Manpower, Inc.** ("**Manpower**" and, together with the

Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the

matter described below.

### RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of

Delaware (the "*Court*"); and

**WHEREAS**, **Manpower** has pre-petition claims against the Debtors, and such claims

were scheduled by the Debtors (the "*Manpower Scheduled Claims*"); and

**WHEREAS,** on August 14, 2007, the Office of the United States Trustee formed the

Committee; and

---

[1]    The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS,** on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan

**WHEREAS,** on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS,** on or about July 8, 2009, the Committee informed **Manpower** that the Debtors' books and records indicated that **Manpower** had received transfers from the Debtors totaling **$35,808.69** (the "*Transfers*"), which the Committee asserts are subject to avoidance as preferences (the "*Preference Claims*") pursuant to Bankruptcy Code § 547; and

**WHEREAS, Manpower** denies liability and, among other things, asserts that it only received the transfers identified in Exhibit A (attached hereto); and

WHEREAS, **Manpower** represents and warranties that (a) in the 90 days prior to the Petition Date it only received the transfers identified in Exhibit A (attached hereto) and (b) it did not receive, whether direct or indirect, any other Transfers, and (c) it does not possess any other Transfers; and

WHEREAS, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.      The recitals set forth above are incorporated herein by reference. In full and final settlement and satisfaction of the Preference Claims, **Manpower** shall pay, as consideration for this settlement, the sum of  **Eight thousand five hundred dollars and 00/100's ($8,500.00)** (the "*Settlement Sum*").

2.      The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of **$8,500.00**, and such check shall be delivered to Receivable Management Services, Attn: Kenneth S. Knuckey, Esq.; 307 International Circle, Suite 270; Hunt Valley, Maryland; 21030, so that it is received on or before **May 28, 2010**, unless the Committee or its representative agrees to a later date in writing.

3.      The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "Final Order"). For purposes

of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

4.      If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **Manpower** and received by the Committee shall be returned within ten (10) calendar days of such order.

5.      Upon **Manpower**'s receipt of a fully executed copy of this Settlement Agreement and entry of the Final Order, **Manpower** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, and (b) releases, waives and agrees to the expunging of any claims filed by, or scheduled on behalf of, **Manpower** including, but not limited to, the Manpower Scheduled Claims, and (c) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.

6.      **Manpower** represents and warranties that (a) in the 90 days prior to the Petition Date it only received the transfers identified in Exhibit A (attached hereto) and (b) it did not receive, whether direct or indirect, any other Transfers, and (c) it does not possess any other Transfers.

7. Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement, entry of the Final Order and the truthfulness of Manpower's representations contained within this Settlement Agreement (including, but not limited to, the representations contained in paragraph 6), the Committee, on behalf of itself, and the Debtors' estates, hereby (a) releases, acquits and discharges **Manpower** from and against any claims for the avoidance under Chapter 5 of the Bankruptcy Code (including but not limited to section 547 of the Bankruptcy Code) solely with respect to the Transfers and (b) releases, acquits and discharges Manpower from and against any claims for avoidance under section 547 of the Bankruptcy Code. For the avoidance of doubt , the Parties agree that (a) subject to (b) below, this Settlement Agreement and the releases contained herein shall have no effect on the Committee, or its successor, from pursuing any entity other than **Manpower** for any Transfers that **Manpower** asserts that it did not receive and (b) in the event any of Manpower's representations contained within this Settlement Agreement including, but not limited to, those contained in paragraph 6 are inaccurate, the release in this paragraph shall be void and this Settlement Agreement shall not effect, in any way, the Committee's (or its successor's) ability to seek the avoidance and recovery of the Transfers from any party that may be liable, including Manpower.

8. The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

9. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and

claims that are being altered or otherwise affected by this Settlement Agreement.

10.    The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

11.    The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

12.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

13.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

14.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed

not to be a part of this Settlement Agreement.

15.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

16.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

17.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    _____5/17_____, 2010
              New York, New York

| **HAHN & HESSEN LLP**<br>Counsel for the Committee<br><br>By: _____<br>        Mark S. Indelicato<br>        Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY  10022<br>(212) 478-7200 | **MANPOWER, INC.**<br><br>By: _____<br>        Name<br><br>        _Sr. Financial Ops Analyst_<br>        Title<br><br>Address: _100 Manpower Place_<br>              _Milwaukee WI  53212_<br><br>Phone Number: _414-906-6938_ |

EXHIBIT A

| Check Number | Check "Cut" Date | Check "Clear" Date | Check Amount |
|---|---|---|---|
| 303244 | 05/03/07 | 05/14/07 | 2,295.27 |
| 303245 | 05/03/07 | 05/14/07 | 7,223.54 |
| 304253 | 05/08/07 | 05/15/07 | 1,641.13 |
| 306062 | 05/16/07 | 05/25/07 | 2,440.48 |
| 306548 | 05/17/07 | 05/29/07 | 1,472.76 |
| 307564 | 05/22/07 | 05/30/07 | 1,141.92 |
| 307565 | 05/22/07 | 05/30/07 | 307.70 |
| 311052 | 06/04/07 | 06/12/07 | 1,111.51 |
| 313197 | 06/11/07 | 06/18/07 | 1,157.03 |
| 314647 | 06/15/07 | 06/28/07 | 316.75 |
| 317984 | 06/27/07 | 07/09/07 | 2,054.36 |
| 318313 | 06/28/07 | 07/10/07 | 2,663.16 |
| 320816 | 07/10/07 | 07/23/07 | 197.65 |
| 321154 | 07/11/07 | 07/18/07 | 4,576.00 |
| 321661 | 07/12/07 | 07/23/07 | 457.03 |
| | | | $ 29,056.29 |