EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------x
                                            :        Chapter 11
In re:                                      :
                                            :        Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,      :
a Delaware corporation, et al.,             :        Jointly Administered
                                            :
                              Debtors.      :
                                            :        Re:  Docket No. _____
------------------------------------------------------------------------x
```

**ORDER APPROVING STIPULATION BETWEEN THE
DEBTORS AND THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, GRANTING COMMITTEE AUTHORITY
AND STANDING TO PURSUE CLAIMS AGAINST DELOITTE & TOUCHE LLP**

This Court having considered the Stipulation Between the Debtors and the Official

Committee of Unsecured Creditors, Granting Committee Authority and Standing to Pursue

Claims Against Deloitte & Touche LLP Action (the "Stipulation") attached hereto as **Exhibit 1**;

and the Court having determined that good and adequate cause exists for approval of the

Stipulation;

and the Court having determined that no further notice of the Stipulation must be given.

IT IS HEREBY ORDERED that the Stipulation is approved.

Dated:  June __, 2010
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

1864336v1
128189.01600/40188726v.3

Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------------------x
                                                    :    Chapter 11
In re:                                              :
                                                    :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :
a Delaware corporation, et al.,[1]                  :    Jointly Administered
                                                    :
                          Debtors.                  :
                                                    :
-----------------------------------------------------------------------x
```

### STIPULATION BY AND BETWEEN THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, GRANTING COMMITTEE AUTHORITY AND STANDING TO PURSUE CLAIMS AGAINST DELOITTE & TOUCHE LLP

WHEREAS, on August 6, 2007 (the "Petition Date"), the above captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, on August 14, 2007, the Office of the United States Trustee (the "US Trustee") formed the Official Committee of Unsecured Creditors (the "Committee"); and

WHEREAS, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors [Docket No. 5450] (as amended, the "Plan") which, inter alia, provides that post-Effective Date, the Trustee (as defined in the Plan) was authorized and obligated to investigate, prosecute, litigate, settle and/or compromise all causes of actions that the Debtors may have against third parties; and

---

[1]    The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

WHEREAS, on February 23, 2009, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "Confirmation Order") [Docket No. 7042]; and

WHEREAS, the Plan has not yet gone effective; and

WHEREAS, the Committee has analyzed the nature and extent of claims that the Debtors may have against the Debtors' former auditors, Deloitte & Touche LLP (the "Deloitte Claims"); and

WHEREAS, the parties have consulted regarding the efficient pursuit and transition of the Deloitte Claims and have determined that such claims should be pursued by the Committee as it is the unsecured creditors who hold the pecuniary interest in the outcome of the Deloitte Claims under the Plan.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the parties, by their respective attorneys, as follows:

1.     The Committee is hereby appointed as representative of the Debtors' estates, and standing is hereby conferred upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling the Deloitte Claims.

2.     Any settlement of the Deloitte Claims by the Committee shall be subject to approval by the Court.

3.     The Debtors and their respective officers, directors, advisors, professionals and employees shall have no further duty or obligation to investigate, pursue, prosecute and, if appropriate, compromise and settle the Deloitte Claims following the appointment of the Committee as representative of the Debtors' estates with respect to the Deloitte Claims, except

with respect to the Debtors' obligations under this Stipulation, including the cooperation

provision contained in Paragraph 5.

4.      As of the Effective Date (as defined in the Plan), the Trustee shall automatically

be deemed to be substituted as plaintiff in the place of the Committee and/or the Debtors with

respect to any and all litigation commenced by the Committee on the Deloitte Claims.  The

Trustee shall succeed to all rights, benefits, protections and privileges of the Committee and/or

the Debtors with respect to such litigation and shall have standing post-Effective Date to pursue,

and, if appropriate, compromise and settle the Deloitte Claims in accordance with the terms of

the Plan.  In effectuating the substitution, the Committee, the Debtors and their respective

counsel and professionals shall provide the Trustee with all information and documents they

have concerning the Deloitte Claims and the production of such information and documents to

the Trustee shall be subject to the protections of any applicable confidentiality, attorney/client

privilege, attorney work-product doctrine or common interest privilege (and the rights (if any) of

Deloitte LLP and its affiliates to challenge in the future any confidentiality, attorney/client

privilege, attorney work-product doctrine or common interest privilege that the Committee might

assert on behalf of the Debtors, but Deloitte does not have any right to challenge the common

interest privilege between the Committee and the Debtors).

5.      The Debtors agree to reasonably cooperate in making information and their

documents available to the Committee for its review without formal subpoena or discovery

demands (subject to such confidentiality obligations and privilege claims as may exist), and such

exchange of information and/or documents shall be subject to the protections of the common

interest privilege (and the rights (if any) of Deloitte LLP and its affiliates to challenge in the

future any confidentiality, attorney/client privilege, attorney work-product doctrine or common

interest privilege that the Committee might assert on behalf of the Debtors, but Deloitte does not have any right to challenge the common interest privilege between the Committee and the Debtors).

6.     The parties fully reserve all of their respective rights on any matter not expressly set forth in this Stipulation.

7.     Neither this Stipulation nor the appointment of the Committee as representative of the Debtors' estates with respect to the Deloitte Claims shall (i) constitute a waiver of any applicable confidentiality, attorney/client privilege, attorney work-product doctrine or common interest privilege of any of the parties hereto and subsequently the Trustee concerning the Deloitte Claims or (ii) prejudice the rights (if any) of Deloitte LLP and its affiliates to challenge in the future any confidentiality, attorney/client privilege, attorney work-product doctrine or common interest privilge that the Committee might assert on behalf of the Debtors, but Deloitte does not have any right to challenge the common interest privilege between the Committee and the Debtors.

8.     This Stipulation may not be modified except by a writing signed by the parties hereto, subject to Bankruptcy Court approval, if necessary.

9.     This Stipulation may be executed in counterparts and a facsimile, scanned or photocopy signature shall have the same force and effect as an original signature.

10.     This Stipulation constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes any prior understandings, agreements, or representations by or among the parties, written or oral, to the extent they related in any way to the subject matter hereof.

Dated:  June 7, 2010

**BLANK ROME LLP**

By: */s/ David W. Carickhoff*
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400/telephone

    -and-

Mark S. Indelicato, Esq.
John P. McCahey, Esq.
Robert J. Malatak, Esq.
**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York  10022
(212) 478-7200/telephone

*Co-Counsel for the Committee*

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

By: */s/ Sean M. Beach*
Sean M. Beach (No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600/telephone
(302) 571-1253/facsimile

*Counsel for Debtors and Debtors in
  Possession*