## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| | : | Chapter 11 |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, <u>et al.</u>, | : | Case No. 07-11047 (CSS) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
----------------------------------------------------------x

**THIRTY FIRST MONTHLY APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP, SPECIAL INVESTIGATORY, LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE <u>PERIOD FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010</u>**

| | |
|---|---|
| Name of applicant: | <u>Quinn Emanuel Urquhart & Sullivan, LLP</u> |
| Authorized to provide professional services to: | <u>Debtors</u> |
| Date of retention: | <u>September 13, 2007 (nunc pro tunc to September 10, 2007)</u> |
| Period for which compensation and reimbursement is sought: | <u>February 1, 2010 - February 28, 2010</u> |
| Amount of compensation requested: | <u>$3,663.00</u> |
| Amount of expense reimbursement requested: | <u>$30.50</u> |

This is an:____X____ interim _____ final application.

This is the thirty first monthly fee application filed by Quinn Emanuel Urquhart & Sullivan, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | March 1, 2008 - March 29, 2008 | $172,483.00 | $9,484.53 | $172,483.00 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | $171,026.25 | $6,421.36 |
| June 13, 2008 / Docket No. 4626 | April 1, 2008 - April 30, 2008 | $122,547.00 | $4,743.47 | $122,547.00 | $4,743.47 |
| August 21, 2008 / Docket No. 5512 | May 1, 2008 - May 31, 2008 | $ 210,227.00 | $ 7,320.78 | $210,227.00 | $ 7,320.78 |
| September 12, 2008 / Docket No. 5855 | June 1, 2008 - June 30, 2008 | $233,945.75 | $3,513.35 | $233,945.75 | $3,513.35 |
| September 12, 2008 / Docket No. 5856 | July 1, 2008 - July 31, 2008 | $124,699.50 | $8,811.09 | $124,699.50 | $8,811.09 |
| October 29, 2008 / Docket No. 6471 | August 1, 2008 - August 30, 2008 | $18,508.50 | $3,951.15 | $18,508.50 | $3,951.15 |
| November 26, 2008 / Docket No. 6634 | September 1, 2008 - September 30, 2008 | $39,181.50 | $407.00 | $39,181.50 | $407.00 |
| December 12, 2008 / Docket No. 6713 | October 1, 2008- October 31, 2009 | $64,936.25 | $3,812.94 | $64,936.25 | $3,812.94 |

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 13, 2009 / Docket No. 7005 | November 1, 2008- November 30, 2008 | $12,811.00 | $4,296.32 | $10,248.80 | $4,296.32 |
| March 13, 2009 / Docket No. 7102 | December 1, 2008- December 31, 2008 | $29,893.00 | $648.22 | $29,893.00 | $648.22 |
| March 13, 2009 / Docket No. 7103 | January 1, 2009- January 31, 2009 | $21,954.00 | $430.75 | $21,954.00 | $430.75 |
| April 15, 2009 / Docket No. 7275 | February 1, 2009- February 28, 2009 | $81,855.50 | $3,522.61 | $81,855.50 | $3,522.61 |
| June 10, 2009/ Docket No. 7517 | March 1, 2009- March 31, 2009 | $36,994.50 | $9809.67 | $36,994.50 | $9809.67 |
| June 10, 2009/ Docket No. 7518 | April 1, 2009- April 30, 2009 | $58,816.00 | $2939.45 | $58,816.00 | $2939.45 |
| August 18, 2009// Docket No. 7961 | May 1, 2009 - May 31, 2009 | $42,436.00 | $914.29 | $33,948.80 | $914.29 |
| August 18, 2009/ Docket No. 7962 | June 1, 2009 June 30, 2009 | $15,733.50 | $541.57 | $12,586.80 | $541.57 |
| September 14, 2009 Docket No. 8062 | July 1, 2009 - July 31, 2009 | $18,603.50 | $439.39 | $9,301.75 | $439.39 |
| October 26, 2009 Docket No. 8215 | August 1, 2009 August 31, 2009 | $9,019.50 | $7,713.02 | $7,215.60 | $7,713.02 |
| November 17, 2009 Docket No. 8310 | September 1, 2009 - September 30, 2009 | $9,762.00 | $33.04 | $7,809.60 | $33.04 |
| December 18, 2009 Docket No. 8428 | October 1, 2009 – October 31, 2009 | $6,025.00 | $138.97 | $6,025.00 | $138.97 |
| January 29, 2010 Docket No. 8522 | November 1, 2009 - November 30, 2009 | $11,321.50 | $132.69 | $11,321.50 | $132.69 |
| March 8, 2010 Docket No. 8658 | December 1, 2009 December 31, 2009 | $11,907.00 | $1,465.05 | $11,907.00 | $1,465.05 |
| March 8, 2010 Docket No. 8659 | January 1, 2010 January 31, 2010 | $19,920.50 | $650.26 | $19,920.50 | $650.26 |

ATTACHMENT TO THIRTY FIRST MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART & SULLIVAN, LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|------|----------------------|-------------|-------------|--------------------|
| James Tecce | Partner | 720.00 | 0.40 | $288.00 |
| Olga M. Urbieta | Associate for 1 year; admitted in 2008 | 355.00 | 1.10 | $390.50 |
| Martine Lacroix | Paralegal | 235.00 | 12.70 | $2,984.50 |
| **TOTAL** | | **$257.96[1] (BLENDED RATE)** | **14.20 HOURS** | **$3,663.00** |

---

[1] The blended rate <u>excluding</u> paraprofessionals is $452.33 per hour.

**SUMMARY TABLE OF SERVICES RENDERED DURING**
**THIRTY FIRST MONTHLY FEE PERIOD**
**(FEBRUARY 1, 2010 TO FEBRUARY 28, 2010)**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application Preparation/Fee Issues | 13.60 | $3,304.00 |
| Lender Claims | 0.60 | $359.00 |
| **Total** | **14.20** | **$3,663.00** |

### SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (FEBRUARY 1, 2010 TO FEBRUARY 28, 2010)

| DISBURSEMENTS | AMOUNT |
|---|---|
| Printing | $30.50 |
| **Total Disbursements** | **$30.50** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                           :
                                                 :
                                                 :   Chapter 11
AMERICAN HOME MORTGAGE                            :
HOLDINGS, INC., a Delaware corporation, et al.,  :   Case No. 07-11047 (CSS)
                                                 :
                                                 :   Jointly Administered
                          Debtors.               :
-------------------------------------------------x
```

### THIRTY FIRST MONTHLY APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP, SPECIAL INVESTIGATORY, LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE PERIOD FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010

Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"), special investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $3,663.00 for actual, reasonable and  necessary professional services rendered, and reimbursement of $30.50 for actual, reasonable and necessary expenses incurred during the period from February 1, 2010 through February 28, 2010 (the "**Thirty First Monthly Fee Period**"), and (ii) authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $2,960.90, which is equal to the

sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of expense reimbursement, and represents as follows:

## I.      INTRODUCTION

### A.      Background

1.      <u>Bankruptcy Filing</u>.  On August 6, 2007, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      <u>Jurisdiction</u>.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This Application is made pursuant to the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and 105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on October 3, 2007 by this Court.

### B.      Retention Of Quinn Emanuel And Billing History

3.      On September 13, 2007, the Court authorized Quinn Emanuel's retention as special investigatory, litigation and conflicts counsel to American Home <u>nunc pro tunc</u> to August 10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and Bankruptcy Rule 2014(a) Approving the Retention of Quinn Emanuel Urquhart, Oliver & Hedges, LLP, <u>Nunc Pro Tunc</u>, as Special Investigatory, Litigation and Conflicts Counsel for the

Debtors (Docket No. 741) (the "**Retention Order**").  The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.      This Application is Quinn Emanuel's thirty first monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order.  No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.      Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.      No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.      CASE STATUS

7.      On August 15, 2008, the Debtors filed that certain Chapter 11 Plan of Liquidation of the Debtors.  That same day, the Debtors filed that certain Disclosure Statement Pursuant To Section 1125 Of The Bankruptcy Code With Respect To The Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of August 15, 2008.  On September 30, 2008, the Debtors filed an amended plan and disclosure statement.  On October 8, 2008, the Debtors filed a further amended plan and disclosure statement.  On November 25, 2008, the Court approved the

amended disclosure statement and the solicitation procedures for the amended plan. On March 18, 2009 the Debtors filed an amended chapter 11 plan of liquidation. On March 23, 2009, the Court entered an order confirming the amended plan.

### III.    APPLICATION

8.      By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Thirty First Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Thirty First Monthly Fee Period.

9.      Specifically, Quinn Emanuel seeks approval of the sum of $3,663.00 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Thirty First Monthly Fee Period, and $30.50 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of 14.20 hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Thirty First Monthly Fee Period.

10.      Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.      Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Thirty First Monthly Fee

4

Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.    To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines, Quinn Emanuel has established the following separate project billing categories in connection with these cases:

5

a) Bank/Thrift Issues
b) Cash Collateral and DIP Financing
c) Case Management/Calendar Maintenance/Service of
d) Class Actions
e) Court Hearings
f) Creditor Inquiries
g) Employee Issues
h) Fee Application Preparation/Fee Issues
i) Government Issues/Investigations
j) Insurance Issues
k) Lender Claims
l) Meetings
m) Non-Working Travel (Only 50% Requested)
n) Other Conflicts
o) Plan and Disclosure Statement
p) Recharacterization
q) Retention of Professionals
r) Rule 2004 Investigations
s) Servicing Platform Issues
t) Stay Relief Matters
u) Travel Time

15.     The total time spent by Quinn Emanuel attorneys and paraprofessionals during the

Thirty First Monthly Fee Period was 14.20 hours, which services have a fair market value of

$3,663.00. As shown by this application and supporting exhibits, Quinn Emanuel spent its time

economically and without unnecessary duplication of time (or duplication of the efforts of the

Debtors' other retained professionals). In addition, the work involved, and thus the time

expended, was carefully assigned in light of the experience and expertise required for a particular

task.

## V.     **EXPENSES**

16.     Quinn Emanuel has expended the total amount of $30.50 in actual, reasonable and

necessary expenses in connection with representing the Debtors during the Thirty First Monthly

Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in

connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

17.    In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

18.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients. Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles. In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

19.    In providing or obtaining third party services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of the equipment.

20.     Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

21.     Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares.  Throughout the Thirty First Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VI.    NOTICE

22.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## VII.    CONCLUSION

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $3,663.00 for actual, reasonable and necessary professional services rendered and reimbursement of $30.50 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $2,960.90, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
      June 9, 2010

**QUINN EMANUEL URQUHART  &
SULLVIAN, LLP**

By _____
          James C. Tecce
          Susheel Kirpalani

          51 Madison Avenue, 22nd Floor
          New York, New York 10010
          Telephone:  (212) 849-7000
          Telecopier: (212) 849-7100

# EXHIBIT A

AHM - Fee Application Preparation/Fee Issues

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/03/10 | OMU | Revise January invoice. | 0.20 |
| 02/18/10 | ML4 | Review expenses relating to preparation of AHM January fee application - Exhibit B (1.8); confer with accounting dept re various expense matters (.6); prepare AHM January fee application (1.1). | 3.50 |
| 02/19/10 | ML4 | Prepare January fee application - Exhibits A and B | 3.10 |
| 02/19/10 | ML4 | Confer with accounting dept re: expenses relating to January fee application (.2); prepare January fee application - Exhibit B (2.7). | 2.90 |
| 02/22/10 | ML4 | Revise AHM January fee application. | 3.20 |
| 02/22/10 | OMU | Revise January fee application. | 0.40 |
| 02/24/10 | OMU | Exchange emails re: payment. | 0.30 |
| | | Total Hours | 13.60 |

AHM – Lender Claims

**Statement Detail**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/22/10 | JCT | Review email correspondence to 3d Circuit regarding hearing dates (.1); review order granting Broadhollow motion (.2); emails w/ S. Beach re same (.1). | 0.40 |
| 02/25/10 | OMU | Exchange emails re: calls for main bankruptcy counsel. | 0.20 |
| | | Total Hours | 0.60 |

**EXHIBIT B**

## Summary By Expenses Incurred

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 02/19/10 | Printing | $2.40 |
| 02/19/10 | Printing | $1.20 |
| 02/19/10 | Printing | $2.40 |
| 02/19/10 | Printing | $2.20 |
| 02/19/10 | Printing | $0.40 |
| 02/19/10 | Printing | $0.30 |
| 02/22/10 | Printing | $2.40 |
| 02/22/10 | Printing | $0.30 |
| 02/22/10 | Printing | $0.30 |
| 02/22/10 | Printing | $2.40 |
| 02/22/10 | Printing | $0.30 |
| 02/22/10 | Printing | $0.10 |
| 02/22/10 | Printing | $0.10 |
| 02/22/10 | Printing | $2.40 |
| 02/22/10 | Printing | $0.30 |
| 02/22/10 | Printing | $0.30 |
| 02/22/10 | Printing | $2.40 |
| 02/22/10 | Printing | $0.30 |
| 02/22/10 | Printing | $0.10 |
| 02/22/10 | Printing | $0.10 |
| 02/23/10 | Printing | $0.30 |
| 02/01/10 | Printing | $2.30 |
| 02/01/10 | Printing | $2.30 |

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 12/31/09 | Printing | $4.90 |
| | **Total Disbursements** | **$30.50** |