# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement And Termination Agreement (the "Agreement") is made this 16th day of March, 2010 by and between AON Consulting, Inc. ("AON") and American Home Mortgage Investment Corp. and its direct and indirect affiliates and subsidiaries ("the Debtors").

WHEREAS, on or about August 6, 2007 (the "Petition Date"), the Debtor and certain related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, on or about August 6, 2009, an Adversary Proceeding was commenced against AON in the United States Bankruptcy Court for the District of Delaware, Adversary Proceeding No. 09-51564 to recover certain alleged preferential transfers totaling $66,242.92 (the "Adversary Proceeding");

WHEREAS, AON has asserted defenses to the Adversary Proceeding and has also asserted rights to payment for prepetition and postpetition services rendered to one or more of the Debtors;

WHEREAS, in order both to avoid the delay, uncertainty and expense associated with prolonged litigation, the parties have agreed to settle and compromise the claims asserted in the Adversary Proceeding as well as all claims asserted by AON against the Debtors;

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, expressly subject to approval by the United States Bankruptcy Court for the District of Delaware unless such court approval is no longer required due to a confirmed plan becoming effective, the parties do hereby agree as follows:

1. The Adversary Proceeding shall be dismissed, with prejudice, within ten (10) business days of the Effective Date of this Agreement.

2. AON agrees to waive, release, exonerate and otherwise discharge all claims it may have against any of the Debtors, whether such claim is filed or unfiled, prepetition or postpetition or unsecured or administrative including, but not limited to, any 502(h) claim that may arise out of the settlement itself. Such claims may be deemed automatically expunged upon the Effective Date. However, it is expressly understood and agreed that nothing herein shall impact or otherwise effect any claim of AON for services requested by and performed for any of the Debtors after November 1, 2009.

3. The Debtors waive, release, exonerate and otherwise discharge AON from any and all claims that they have against AON arising out of chapter 5 of title 11 of the United States Code except to the extent that an unauthorized post-petition transfer on account of a prepetition debt may be made after the date of this Agreement.

4. This Agreement shall not be construed against or in favor of any party as a result of any party's preparation hereof.

5. This Agreement (a) represents the entire agreement and understanding of the parties on any and all matters; and (b) shall not be modified or amended without the express written consent of all parties. This Agreement is binding upon the parties hereto and their respective heirs, successors, assigns and legal representatives.

6. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware existing as of the Effective Date of this Agreement.

7. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original.

8. The parties agree that a faxed or electronic copy of a signature shall be effective as an original.

9. The person(s) signing this Agreement on behalf of the entity or entities for which they sign represents that they have full authority to sign on behalf of such entity or entities.

10. The Effective Date of this Agreement shall be the date when an Order is entered by the United States Bankruptcy Court for the District of Delaware approving this Settlement under Fed. R. Bankr. P. 9019 and such order becomes final and non-appealable. The Debtors agree to promptly file a motion with the Bankruptcy Court seeking approval of the settlement. If court approval is not required due to a confirmed plan becoming effective, the Effective Date of this Agreement shall be the date on which both parties have signed the Agreement.

AMERICAN HOME MORTGAGE
INVESTMENT CORP.

By: Kevin Nystrom
Title: Chief Restructuring Officer
Dated: 4/15/10


AON CONSULTING, INC.

By: William A. Childs, Sr., CPA
Title: AVP – Finance
Dated: March 16, 2010

DONNA H. FOSTER
NOTARY PUBLIC
Forsyth County
North Carolina
My Commission Expires April 2, 2011

Donna H. Foster

2

DB02:9059640.2                                                                                                          066585.1001