IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
                                                             :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :
a Delaware corporation, et al.,[1]                           :    Jointly Administered
                                                             :
                                                             :
                    Debtors.                                 :    Objection Deadline: June 21, 2010, at 9:00 a.m. (ET)
                                                             :    Hearing Date: June 21, 2010 at 11:00 a.m. (ET)
------------------------------------------------------------ x

## MOTION TO FILE RUSH SETTLEMENT UNDER SEAL

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), with the support of the other parties to the settlement, namely the Official Committee of Unsecured Creditors (the "Committee"), Deutsche Bank National Trust Company ("DBNTC" and collectively with the Debtors and the Committee, the "Lender/Servicer Parties"), and Paula L. Rush ("Ms. Rush" and collectively with the Lender/Servicer Parties, the "Parties"), hereby submit this motion (the "Motion") for entry of an order pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors, with the support of the Parties, to file, under seal, the settlement agreement and its terms (the "Settlement") among the Lender/Servicer Parties on one hand and Ms. Rush on the other hand as

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

YCST01:9797447.1                                                                                          066585.1001

addressed in the *Debtors' Motion Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 105(a) for an Order Approving and Authorizing Settlement Agreement Resolving All Claims and Other Matters with Paula Lynn Rush* (the "Settlement Motion"). In support of this Motion, the Parties represent and state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware (the "US Trustee") appointed the Committee. On October 21, 2008, the US Trustee appointed an Official Committee of Borrowers (the "Borrowers Committee"). Ms. Rush is the Chairperson of the Borrowers Committee. No trustee or examiner has been appointed.

4. The Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of February 18, 2009 (the "Plan") was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan provides for the creation of a liquidating trust (the

"Plan Trust") in which the property of the Debtors' bankruptcy estates will vest. The Plan has not yet gone effective.

5. On May 11, 2010, Judge Sontchi ordered the Debtors, the Committee and Ms. Rush to mediate their various disputes before the Honorable Brendan Linehan Shannon (the "Mediator" or "Judge Shannon"). The mediation was successfully conducted on June 4, 2010 resulting in a settlement in principle, subject to documentation and approval by the Bankruptcy Court.

6. The Debtors have sought approval of the Settlement on an expedited basis through the Settlement Motion. By the Settlement Motion and as set forth more fully therein, the Debtors and the other Lender/Servicer Parties seek approval to (i) compromise and settle, among other things, the claims alleged or asserted against the Debtors and other Lender/Servicer Parties by Ms. Rush, and (ii) resolve the open issues surrounding the Rush Loan and ownership of the Property. Such approval of the Settlement will allow the Debtors to resolve the claims asserted against them without risking further costs and disruption to the Debtors' estates that would arise from litigating with Ms. Rush.

## RELIEF REQUESTED

7. By this Motion, the Parties respectfully request that the Court enter an order authorizing them to file the Settlement under seal and directing that the Settlement shall remain under seal, confidential and not be made available to anyone, except to (i) the Court, (ii) the U.S. Trustee, or (iii) others only (a) as authorized by all Parties in writing, or (b) upon further order of this Court. During the mediation, the Parties agreed that the terms of the Settlement must remain under seal and confidential and, accordingly, each Party supports the this motion to file the Settlement under seal, and to maintain each of its terms confidential.

## BASIS FOR RELIEF REQUESTED

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 set forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect with the Clerk." Del. Bankr. L.R. 9018-1(b).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27.

11. The Parties submit that the terms of the Settlement are confidential and constitute sensitive commercial information and confidential personal information. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." Id. The Parties submit that revealing terms of the Settlement would provide an unfair advantage to third parties that compete with certain of the non-Debtor Lender/Servicer Parties, as well as those third parties that allegedly hold similar claims or causes of action against not only the Debtors, but the other Lender/Servicer Parties. In addition, the Settlement contains certain personally identifiable confidential information of Ms. Rush. Indeed, failing to maintain the terms of the Settlement confidential will result in such parties' withdrawal from the Settlement, resulting in a collapse of the compromise.

12. Based on the circumstances described above, the Parties believe that they provided sufficient evidence to show that filing the Settlement under seal outweighs the presumption of public access to court records and settlements. See In re Muma Services, Inc. et al., 279 B.R. 478, 485 (Bankr. D. Del. 2002). The harm in disclosing the terms of the Settlement is likely to occur and is more than just a desire on the part of the Debtors; permitting the Debtors to file the Settlement under seal will serve the purpose of maximizing value for the larger class of unsecured creditors, as well as to assist the Debtors to finalize the claims reconciliation process and provide meaningful distributions to their creditors. Id.

13. To ensure that the key constituencies in these cases receive adequate disclosure, the parties will provide copies of the Settlement to the Office of the United States Trustee, which shall be required to keep the terms of the Settlement confidential. The Parties submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to these chapter 11 proceedings.

## NOTICE

14. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) the Lender/Servicer Parties; (iii) Ms. Rush; and (iv) all parties entitled to notice under Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PREVIOUS REQUEST

15. No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Parties respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file the Settlement under seal and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
June 15, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors