IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
                Debtors.                                               :
                                                                       :   Ref. Docket Nos. 6009, 6230 & 6462
---------------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL SUBMITTING PROPOSED ORDER APPROVING AGREEMENT RESOLVING DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO PROOF OF CLAIM NO. 7365 FILED BY ERIC SEGALL

The undersigned counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certifies as follows:

1. On January 7, 2008, Eric Segall filed claim number 7365 ("Claim 7365") against American Home Mortgage Corp. (Case No. 07-11051). By Claim 7365, Mr. Segall asserts an unsecured claim in the total amount of $49,807.69 on account of unpaid vacation and severance pay, of which $10,950.00 is allegedly entitled to priority status pursuant to 11 U.S.C. §507(a)(4).

2. On September 22, 2008, the Debtors filed their Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "Objection") [Docket No. 6009]. By the Objection, the Debtors requested, *inter alia*, that the Court modify and reduce Claim 7365 to match the Debtors' books and records with respect to amounts owed on account of unpaid vacation pay.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

In addition, the Debtors sought to reduce Claim 7365 on the grounds that Mr. Segall was not entitled to the unpaid severance pay portion of Claim 7365 because he had failed to execute a general release as required by the terms of his employment contract.

3.  Mr. Segall filed a response [Docket No. 6230] to the Objection pursuant to which he contends that he did not execute the general release because the Debtors never provided such a form. Accordingly, Mr. Segall contends he is entitled to the claimed severance pay. On October 24, 2008, the Court entered an order [Docket No. 6462] (the "Order") sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, Claim 7365.

4.  Following good faith negotiations and a review of the relevant records, the parties have entered into an agreement and general release (the "Agreement"), a copy of which is attached as Exhibit 1 to the attached proposed form of order (the "Proposed Order") approving the Agreement. Subject to Court approval, the Agreement provides, *inter alia*, that Claim 7365 shall be allowed against American Home Mortgage Corp. (Case No. 07-11051) in the following amounts and priorities: (i) a priority unsecured claim in the amount of $10,950; and (ii) a general unsecured claim in the amount of $38,857.69.

*[Remainder of page intentionally left blank]*

2

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court approve the Agreement by entering the Proposed Order attached hereto as <u>Exhibit A</u> at its earliest convenience.

Dated: June 17, 2010
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

<u>/s/ *Michael S. Neiburg*</u>
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

## EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
        Debtors.                                                 :
                                                                 :  Ref. Docket Nos. 6009, 6230 & 6462
                                                                 :
---------------------------------------------------------------- x

## ORDER APPROVING AGREEMENT RESOLVING DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO PROOF OF CLAIM NO. 7365 FILED BY ERIC SEGALL

Upon consideration of the nineteenth omnibus (substantive) claims objection (the "Objection") [Docket No. 6009] of the above-captioned debtors and debtors in possession (the "Debtors") and the response thereto [Docket No. 6230] filed by Eric Segall; and the Court having entered an order [Docket No. 6462] sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, claim number 7365 ("Claim 7365") filed by Mr. Segall; and upon consideration of the *Certification of Counsel Submitting Proposed Order Approving Agreement Resolving Debtors' Nineteenth Omnibus (Substantive) Objection to Claims With Respect to Proof of Claim No. 7365 Filed by Eric Segall* (the "Certification"); and the Court having found, based on the statements made in the Certification, that good and sufficient cause appears for the relief requested by the agreement and general release entered into between debtor American Home Mortgage Corp. and Eric Segall (the "Agreement"); it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2

ORDERED that the Agreement attached hereto as <u>Exhibit 1</u> is approved; and it is further

ORDERED that, in accordance with the Agreement, Claim 7365 shall be allowed against American Home Mortgage Corp. (Case No. 07-11051) in the following amounts and priorities: (i) a priority unsecured claim in the amount of $10,950; and (ii) a general unsecured claim in the amount of $38,857.69; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____ \_\_\_, 2010

          CHRISTOPHER S. SONTCHI
          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Agreement and General Release

## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement") is made and entered into as of the 6nt day of June, 2010 by and between American Home Mortgage Corp. ("AHM Corp."), which maintains its principal office at 538 Broadhollow Road, Melville, New York 11747, and Eric Segall, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee").

WHEREAS, AHM Corp. and Employee were each parties to that certain Employment Agreement, dated as of March 5, 2007; and

WHEREAS, in connection with the termination of Employee's employment with AHM Corp. pursuant to such Employment Agreement, AHM Corp. and Employee wish to enter into this Agreement;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, AHM Corp. and Employee agree as follows:

1. **Last Day of Employment.** Employee's last day of employment with AHM Corp. was August 3, 2007.

2. **Consideration.** In consideration for Employee delivering to AHM Corp. a fully executed and dated original of this Agreement and complying with the promises made herein, AHM Corp. hereby agrees to allow claim number 7365 asserted by Employee against the bankruptcy estate of AHM Corp. (Case. No. 07-11051) in the following amounts and priority: (i) a priority unsecured claim in the amount of ten thousand nine hundred and fifty dollars ($10,950.00), and (ii) a general unsecured claim in the amount of thirty-eight thousand eight hundred fifty-seven dollars and sixty-nine cents ($38,857.69), which cumulatively is equivalent to three (3) months base salary as per Employee's Employment Agreement with AHM Corp and unpaid vacation pay. Employee hereby acknowledges and agrees that any and all payments made to Employee hereunder will be subject to applicable federal, state and local taxes, fees and withholdings. As such, any such taxes, fees and withholdings will be automatically deducted by AHM Corp.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the benefits specified in section 2 above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

4. **General Release of Claims.** By executing this Agreement, Employee knowingly and voluntarily agrees to unconditionally release, acquit, and forever discharge AHM Corp., and each of its assigns, agents, attorneys, insurance carriers, and each of its present and past affiliates, predecessors, successors, partnerships, trustees, parents, and affiliated agents, corporations, and entities, and each of its present and past officers, directors, employees, trustees, partners, associates, shareholders, principals, counsel, and representatives, from any and all complaints, claims or grievance (whether direct, indirect, derivative, purportedly on behalf of Employee or on behalf of any present or

former members or by way of indemnity, contribution or subrogation, or of any other nature) grievances, debts, damages, liabilities, demands, obligations, costs, expenses, disputes, actions and causes of action of every nature, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which Employee has or may have, or ever had, as of the date hereof against AHM Corp. Without limiting the generality of the foregoing, this release includes without limitation all claims or causes of action which in any way, directly or indirectly, arises from or are connected with or which could have been asserted in connection with Employee's relationship with AHM Corp., and any claim, cause of action, damage, promise or demand which could have been asserted in any litigation; and the Employee further covenants and agrees that this release may be pleaded or asserted by or on behalf of AHM Corp. as a defense and complete bar to any such action or claim that may be brought against or involving AHM Corp. by anyone acting or purporting to act on behalf of Employee with respect to any of the matters within the scope of this release, excepting only the obligations of the Parties under this Agreement.

5. **General.**

a. **Governing Law and Interpretation.** The parties agree that this Agreement shall be governed by federal law and the laws of the state of New York, as applicable, without regard to its conflict or choice of law provisions.

b. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any prior agreements or understandings between the parties.

c. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

d. **Amendment.** This Agreement may not be modified, altered or changed except upon the express written consent of both parties wherein specific reference is made to this Agreement, or by a court of competent jurisdiction as set forth herein.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Agreement and General Release as of the date set forth below.

| ERIC SEGALL | AMERICAN HOME MORTGAGE CORP. |
|---|---|
| _/s/_ | By: _/s/_ |
| | Name: Eileen Warnerka |
| | Title: Assistant Vice President |
| Date: 4/5/2010 | Date: 6/10/10 |