## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x  Chapter 11

In re:                                                                          :

                                                                                :  Case No.  07-11047 (CSS)

AMERICAN HOME MORTGAGE                                :

HOLDINGS, INC., a Delaware corporation, et al.,  :  Joint Administered

                                                                                :

Debtors.                                                                 :  **Ref. Docket No.: 8876 and** 8921

-----------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING AHM HOLDINGS TO EXERCISE ITS CONTROLLING INTEREST IN NON-DEBTOR AMERICAN HOME BANK, F.S.B. TO APPROVE A DISSOLUTION AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of American Home Mortgage

Holdings, Inc. ("AHM Holdings" or "Parent") and certain of its direct and indirect affiliates and

subsidiaries, the debtors and debtors-in-possession in the above cases (collectively, the

"Debtors")[2], pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11

U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and 8 Del. C. §303(a) for entry of an order:

(i) authorizing AHM Holdings to exercise its controlling interest in American Home Bank (the

"Bank"), a non-debtor federal thrift bank, to authorize a dissolution of the Bank pursuant to 12

CFR § 546.4, and (ii) granting related relief; and the Court having reviewed and considered (a)

the Motion, (b) the objections thereto, if any, and (c) the arguments of counsel made, and the

evidence proffered or adduced, at the hearing, to the extent necessary; and the Court having

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914) ("AHM Investment"); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York

determined that the remaining relief requested in the Motion is in the best interests of the

Debtors, their estates, creditors and other parties-in-interest; and due and adequate notice of the

Motion having been given under the circumstances; and the remainder of the record herein; and

after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:[3]

A.    The findings and conclusions set forth herein constitute the Court's

findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to

this proceeding pursuant to Fed. R. Bankr. P. 9014.

B.    The Court has jurisdiction over this Motion and the transactions

contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this

District is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The statutory predicates for the relief requested herein are §§ 105(a) and

363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and 8 Del. C. §303(a).

D.    As evidenced by the affidavits of service filed with the Court (i) due,

proper, timely, adequate, and sufficient notice of the Motion and the hearing has been provided

in accordance with sections 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules

2002, 6004, and 9014, and (ii) such notice was good and sufficient, and appropriate under the

particular circumstances, and (iii) no other or further notice of the Motion or the hearing, is or

shall be required.

---

corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the
Debtors is 538 Broadhollow Road, Melville, New York 11747.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

2

E.     As demonstrated by (i) the testimony and other evidence proffered or adduced at the hearing and prior hearings in these Chapter 11 Cases, and (ii) the representations of counsel made on the record at the hearing and prior hearings in these Chapter 11 Cases, the Debtors have marketed the Bank extensively and the marketing process was fair in substance and procedure.

F.     The Debtors, including AHM Holdings and AHM Investment, have full corporate power and authority to exercise their controlling interest in the Bank in order to authorize a liquidation or dissolution of the Bank pursuant to 12 CFR § 546.4.

G.     A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

H.     The Court finds that good, adequate and sufficient cause exists to waive the ten-day stay of orders authorizing the sale for use of a Debtors' property under Fed. R. Bankr. P. 6004(h).

I.     Approval of the Motion at this time are in the best interests of the Debtors, their creditors, their estates and other parties in interest and are an exercise of the Debtors' sound business judgment.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is granted, as further described herein.

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3

3.      The Debtors, including AHM Holdings and AHM Investment, have full corporate power and authority to exercise their controlling interest in the Bank in order to authorize a liquidation or dissolution of the Bank pursuant to 12 CFR § 546.4.

4.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and 8 Del. C. §303(a), the Debtors are authorized to take any and all actions, including the execution and delivery of all required instruments, documents and agreements, that may be necessary to exercise their controlling interest in the Bank in order to authorize a liquidation or dissolution of the Bank pursuant to 12 CFR § 546.4.

5.      As provided by Bankruptcy Rule 6004(h), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

6.      This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated:  _____6/18_____, 2010
        Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge