# EXHIBIT II

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :    Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :    Jointly Administered
         Debtors.                                                      :
                                                                       :    Ref. Docket No. _____
---------------------------------------------------------------------- x

**ORDER SUSTAINING DEBTORS' FIFTY-NINTH OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the Fifty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") modifying, reclassifying and, as applicable, reassigning each of the Disputed Claims[2] identified on Exhibits A and B attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

§§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A, are hereby (i) modified to the dollar values under the column titled "Modified Amount" in Exhibit A and (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit A; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit B, is hereby (i) modified to the dollar value under the column titled "Modified Amount" in Exhibit B; (ii) reclassified to the priority level indicated in the column titled "Modified Amount" in Exhibit B; and (iii) reassigned to the new case number as indicated in Exhibit B; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      July ___, 2010

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Modified Amount Reclassified Claims**

# Exhibit A

## Modified Amount Reclassified Claim

| Name/Address of Claimant | Objectionable Claim | | | | Modified Amount |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | |
| ASSURED GUARANTY CORP.<br>ATTN DONNA L. CULVER<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. MARKET T., P.O. BOX 1347<br>WILMINGTON, DE 19899-1347 | 8701 | 1/11/08 | 07-11049 | $1,773,515.25 (S)<br>- (A)<br>- (P)<br>- (U)<br>$1,773,515.25 (T) | - (S)<br>- (A)<br>- (P)<br>$25,000.00 (U)<br>$25,000.00 (T) |

Claims 8701, 8702 and 8709 are identical claims related to several March 2007 agreements which are asserted against AHM Acceptance Inc. (Case No. 07-11049), AHM Investment Corp. (Case No. 07-11048), and AHM Servicing Inc. (Case No. 07-11050), respectively, all of which are parties (along with the claimant) to a certain Insurance & Indemnity Agreement dated as of March 13, 2007 (the "I & IA"). As set forth below, by these claims, the claimant asserts specified damages for alleged breaches related to Rapid Amortization and amounts owed for outside counsel fees and expenses. In addition, there are several portions of the claims which are contingent and unliquidated. Based on an extensive review of their books and records and the operative agreements, the Debtors have determined the claims should be modified and reclassified as indicated in this exhibit for the following reasons:

I. Reclassification: No basis for secured status exists since the applicable property is no longer in the possession or control of the Debtors, the claimant does not have any lien on any other collateral, and the claimant's setoff rights (if any) would be against property in the possession of the claimant. Moreover, no basis for priority or administrative status exists. Accordingly, this claim should be reclassified to a general unsecured claim.

II. Modified and Reduced: As noted above, the claim consists of several portions and relates to several applicable agreements. The specific portions of the claim and the bases for denying or reducing such portions are as follows:
   a. Repurchase Obligations - the claimant asserts an unliquidated claim for damages related to the Debtors' alleged breaches of representations and warranties for document defects and/or other reasons in connection with a certain Mortgage Loan Purchase Agreement dated March 13, 2007. Claims for such damages constitute EPD/Breach Claims pursuant to the Debtors' Chapter 11 Plan of Liquidation, for which claimant would have been required to submit an EPD/Breach Questionnaire. Claimant did not. In addition, Deutsche Bank National Trust Company ("Deutsche Bank") as indenture trustee is the direct beneficiary for American Home Mortgage Investment Trust 2007-A (the "Trust") has submitted a claim [#9972] for such EPD/Breach Claims relating to the Trust. Thus, claimant's EPD/Breach Claims are duplicative of the EPD/Breach Claims asserted by Deutsche Bank. Accordingly, this portion of the claim should be disallowed.
   b. Breach related to Rapid Amortization - by this portion, the claimant asserts that AHM Servicing Inc. ("AHMSI") owes in excess of $1,602,479.99 on account of AHMSI's breach of the HELOC Servicing Agreement dated March 13, 2007 by not initiating the Rapid Amortization protocol. The Trust Indenture defines six conditions for Rapid Amortization to occur. Pursuant to section 3.08(b) of the Trust Indenture, if the only existing condition for Rapid Amortization to occur was AHMSI filing for bankruptcy, AHMSI had the ability to stay the Rapid Amortization event. On or about September 11, 2007, AHMSI notified Deutsche Bank and Wells Fargo (Indenture Trustee and Securities Administrator for the Trust, respectively) that AHMSI was exercising its rights to stay the Rapid Amortization pursuant to section 3.08(b) of the Trust Indenture. Because AHMSI was performing its HELOC servicing duties and no condition for Rapid Amortization other than AHMSI filing for bankruptcy was present as of this date, AHMSI properly exercised its rights to stay the Rapid Amortization event. Therefore, this portion of the claim should be disallowed since there was no breach of Rapid Amortization protocols by AHMSI.
   c. Breaches of HELOC Servicing/Subservicing Agreements - by this portion, the claimant asserts damages for alleged breaches of the applicable HELOC servicing agreements. The Debtor made the required servicer payments and otherwise was performing its duties. The claimant has submitted no proof that the Debtors' bankruptcy filings caused losses to the Trust that resulted in the claimant making payments under the I & IA. As such, this portion of the claim should be disallowed.
   d. Servicing Transfer Costs - by this portion, the claimant seeks servicing transfer costs. Section 3.05(b) of the HELOC Servicing Agreement dated as of March 13, 2007 provides the Trust is liable for the expense of getting mortgage files, servicing records and servicing agreements from the Debtor to the backup HELOC servicer. However, the Trust is liable for such costs only to the extent the Debtor did not cover these costs. The claimant has failed to provide any documentation to substantiate its claim that the Trust incurred such costs. Thus, this portion of the claim is not prima facie valid and should be disallowed.
   e. Debtors' failures to fund HELOC draws, pay premiums and pay rating agency fees - these portions of the claim should be disallowed because there is no proof or evidence that the Debtors' alleged failures to: (i) fund draws under HELOCs; (ii) pay premiums; and (iii) pay rating agency fees caused Trust losses (if any) which may cause the claimant to payout under the I & IA.
   f. Debtors' failure to reimburse expenses - this portion of the claim should be denied because the claimant has failed to allege any fees and expenses (other than legal fees and expenses as noted in paragraph g below), provide any documents to substantiate such alleged expenses or submit proof of eligible expenses under section 3.03 (c) of the I & IA.
   g. Fees and Expenses related to outside counsel - by this portion, the claimants asserts the Debtors owe at least $171,035.26 on account of indemnification obligations for the fees and expenses of outside legal counsel. The claimant failed to include any documentation with which the Debtors may review to assess the validity of the amounts claimed. Nevertheless, the Debtors believe that it would have been reasonable for claimant to incur $25,000 in outside counsel fees in connection with the enforcement and preservation of the its rights under the I & IA, and are willing to stipulate to allowance of a claim in that reduced amount.

Based on the foregoing, the claim should be reclassified and modified to an allowed general unsecured claim in the amount of $25,000.

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount |
|---|---|---|---|---|---|
| ASSURED GUARANTY CORP.<br>ATTN DONNA L. CULVER<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. MARKET T., P.O. BOX 1347<br>WILMINGTON, DE 19899-1347 | 8702 | 1/11/08 | 07-11048 | $1,773,515.25 (S)<br>- (A)<br>- (P)<br>- (U)<br>$1,773,515.25 (T) | - (S)<br>- (A)<br>- (P)<br>$25,000.00 (U)<br>$25,000.00 (T) |

Claims 8701, 8702 and 8709 are identical claims related to several March 2007 agreements which are asserted against AHM Acceptance Inc. (Case No. 07-11049), AHM Investment Corp. (Case No. 07-11048), and AHM Servicing Inc. (Case No. 07-11050), respectively, all of which are parties (along with the claimant) to a certain Insurance & Indemnity Agreement dated as of March 13, 2007 (the "I & IA"). As set forth below, by these claims, the claimant asserts specified damages for alleged breaches related to Rapid Amortization and amounts owed for outside counsel fees and expenses. In addition, there are several portions of the claims which are contingent and unliquidated. Based on an extensive review of their books and records and the operative agreements, the Debtors have determined the claims should be modified and reclassified as indicated in this exhibit for the following reasons:

I. Reclassification: No basis for secured status exists since the claimant is no longer in the possession or control of the Debtors, the claimant does not have any lien on any other collateral, and the claimant's setoff rights (if any) would be against property in the possession of the claimant. Moreover, no basis for priority or administrative status exists. Accordingly, this claim should be reclassified to a general unsecured claim.

II. Modified and Reduced: As noted above, the claim consists of several portions and relates to several applicable agreements. The specific portions of the claim and the bases for denying or reducing such portions are as follows:
 a. Repurchase Obligations - the claimant asserts an unliquidated claim for damages related to the Debtors' alleged breaches of representations and warranties for document defects and/or other reasons in connection with a certain Mortgage Loan Purchase Agreement dated March 13, 2007. Claims for such damages constitute EPD/Breach Claims pursuant to the Debtors' Chapter 11 Plan of Liquidation, for which claimant would have been required to submit an EPD/Breach Questionnaire. Claimant did not. In addition, Deutsche Bank National Trust Company ("Deutsche Bank") as indenture trustee is the direct beneficiary for American Home Mortgage Investment Trust 2007-A (the "Trust") has submitted a claim [#9972] for such EPD/Breach Claims relating to the Trust. Thus, claimant's EPD/Breach Claims are duplicative of the EPD/Breach Claims asserted by Deutsche Bank. Accordingly, this portion of the claim should be disallowed.
 b. Breach related to Rapid Amortization - by this portion, the claimant asserts that AHM Servicing Inc. ("AHMSI") owes in excess of $1,602,479.99 on account of AHMSI's breach of the HELOC Servicing Agreement dated March 13, 2007 by not initiating the Rapid Amortization protocol. The Trust Indenture defines six conditions for Rapid Amortization to occur. Pursuant to section 3.08(b) of the Trust Indenture, if the only existing condition for Rapid Amortization to occur was AHMSI filing for bankruptcy, AHMSI had the ability to stay the Rapid Amortization event. On or about September 11, 2007, AHMSI notified Deutsche Bank and Wells Fargo (Indenture Trustee and Securities Administrator for the Trust, respectively) that AHMSI was exercising its rights to stay the Rapid Amortization pursuant to section 3.08(b) of the Trust Indenture. Because AHMSI was performing its HELOC servicing duties and no condition for Rapid Amortization other than AHMSI filing for bankruptcy was present as of this date, AHMSI properly exercised its rights to stay the Rapid Amortization event. Therefore, this portion of the claim should be disallowed since there was no breach of Rapid Amortization protocols by AHMSI.
 c. Breaches of HELOC Servicing/Subservicing Agreements - by this portion, the claimant asserts damages for alleged breaches of the applicable HELOC servicing agreements. The Debtor made the required servicer payments and otherwise was performing its duties. The claimant has submitted no proof that the Debtors' bankruptcy filings caused losses to the Trust that resulted in the claimant making payments under the I & IA. As such, this portion of the claim should be disallowed.
 d. Servicing Transfer Costs - by this portion, the claimant seeks servicing transfer costs. Section 3.05(b) of the HELOC Servicing Agreement dated as of March 13, 2007 provides the Trust is liable for the expense of getting mortgage files, servicing records and servicing agreements from the Debtor to the backup HELOC servicer. However, the Trust is liable for such costs only to the extent the Debtor did not cover these costs. The claimant has failed to provide any documentation to substantiate its claim that the Trust incurred such costs. Thus, this portion of the claim is not prima facie valid and should be disallowed.
 e. Debtors' failures to fund HELOC draws, pay premiums and pay rating agency fees - these portions of the claim should be disallowed because there is no proof or evidence that the Debtors' alleged failures to: (i) fund draws under HELOCs; (ii) pay premiums; and (iii) pay rating agency fees caused Trust losses (if any) which may cause the claimant to payout under the I & IA.
 f. Debtors' failure to reimburse expenses - this portion of the claim should be denied because the claimant has failed to allege any fees and expenses (other than legal fees and expenses as noted in paragraph g below), provide any documents to substantiate such alleged expenses or submit proof of eligible expenses under section 3.03 (c) of the I & IA.
 g. Fees and Expenses related to outside counsel - by this portion, the claimants asserts the Debtors owe at least $171,035.26 on account of indemnification obligations for the fees and expenses of outside legal counsel. The claimant failed to include any documentation with which the Debtors may review to assess the validity of the amounts claimed. Nevertheless, the Debtors believe that it would have been reasonable for claimant to incur $25,000 in outside counsel fees in connection with the enforcement and preservation of the its rights under the I & IA, and are willing to stipulate to allowance of a claim in that reduced amount.

Based on the foregoing, the claim should be reclassified and modified to an allowed general unsecured claim in the amount of $25,000.

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount |
|---|---|---|---|---|---|
| ASSURED GUARANTY CORP.<br>ATTN DONNA L. CULVER<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. MARKET T., P.O. BOX 1347<br>WILMINGTON, DE 19899-1347 | 8709 | 1/11/08 | 07-11050 | $1,773,515.25 (S)<br>- (A)<br>- (P)<br>- (U)<br>$1,773,515.25 (T) | - (S)<br>- (A)<br>- (P)<br>$25,000.00 (U)<br>$25,000.00 (T) |

Claims 8701, 8702 and 8709 are identical claims related to several March 2007 agreements which are asserted against AHM Acceptance Inc. (Case No. 07-11049), AHM Investment Corp. (Case No. 07-11048), and AHM Servicing Inc. (Case No. 07-11050), respectively, all of which are parties (along with the claimant) to a certain Insurance & Indemnity Agreement dated as of March 13, 2007 (the "I & IA"). As set forth below, by these claims, the claimant asserts specified damages for alleged breaches related to Rapid Amortization and amounts owed for outside counsel fees and expenses. In addition, there are several portions of the claims which are contingent and unliquidated. Based on an extensive review of their books and records and the operative agreements, the Debtors have determined the claims should be modified and reclassified as indicated in this exhibit for the following reasons:

I. Reclassification: No basis for secured status exists since the applicable property is no longer in the possession or control of the Debtors, the claimant does not have any lien on any other collateral, and the claimant's setoff rights (if any) would be against property in the possession of the claimant. Moreover, no basis for priority or administrative status exists. Accordingly, this claim should be reclassified to a general unsecured claim.

II. Modified and Reduced: As noted above, the claim consists of several portions and relates to several applicable agreements. The specific portions of the claim and the bases for denying or reducing such portions are as follows:
  a. Repurchase Obligations - the claimant asserts an unliquidated claim for damages related to the Debtors' alleged breaches of representations and warranties for document defects and/or other reasons in connection with a certain Mortgage Loan Purchase Agreement dated March 13, 2007. Claims for such damages constitute EPD/Breach Claims pursuant to the Debtors' Chapter 11 Plan of Liquidation, for which claimant would have been required to submit an EPD/Breach Questionnaire. Claimant did not. In addition, Deutsche Bank National Trust Company ("Deutsche Bank") as indenture trustee is the direct beneficiary for American Home Mortgage Investment Trust 2007-A (the "Trust") has submitted a claim [#9972] for such EPD/Breach Claims relating to the Trust. Thus, claimant's EPD/Breach Claims are duplicative of the EPD/Breach Claims asserted by Deutsche Bank. Accordingly, this portion of the claim should be disallowed.
  b. Breach related to Rapid Amortization - by this portion, the claimant asserts that AHM Servicing Inc. ("AHMSI") owes in excess of $1,602,479.99 on account of AHMSI's breach of the HELOC Servicing Agreement dated March 13, 2007 by not initiating the Rapid Amortization protocol. The Trust Indenture defines six conditions for Rapid Amortization to occur. Pursuant to section 3.08(b) of the Trust Indenture, if the only existing condition for Rapid Amortization to occur was AHMSI filing for bankruptcy, AHMSI had the ability to stay the Rapid Amortization event. On or about September 11, 2007, AHMSI notified Deutsche Bank and Wells Fargo (Indenture Trustee and Securities Administrator for the Trust, respectively) that AHMSI was exercising its rights to section 3.08(b) of the Trust Indenture. Because AHMSI was performing its HELOC servicing duties and no condition for Rapid Amortization other than AHMSI filing for bankruptcy was present as of this date, AHMSI properly exercised its rights to stay the Rapid Amortization event. Therefore, this portion of the claim should be disallowed since there was no breach of Rapid Amortization protocols by AHMSI.
  c. Breaches of HELOC Servicing/Subservicing Agreements - by this portion, the claimant asserts damages for alleged breaches of the applicable HELOC servicing agreements. The Debtor made the required servicer payments and otherwise was performing its duties. The claimant has submitted no proof that the Debtors' bankruptcy filings caused losses to the Trust that resulted in the claimant making payments under the I & IA. As such, this portion of the claim should be disallowed.
  d. Servicing Transfer Costs - by this portion, the claimant seeks servicing transfer costs. Section 3.05(b) of the HELOC Servicing Agreement dated as of March 13, 2007 provides the Trust is liable for the expense of getting mortgage files, servicing records and servicing agreements from the Debtor to the backup HELOC servicer. However, the Trust is liable for such costs only to the extent the Debtor did not cover these costs. The claimant has failed to provide any documentation to substantiate its claim that the Trust incurred such costs. Thus, this portion of the claim is not prima facie valid and should be disallowed.
  e. Debtors' failures to fund HELOC draws, pay premiums and pay rating agency fees - these portions of the claim should be disallowed because there is no proof or evidence that the Debtors' alleged failures to: (i) fund draws under HELOCs; (ii) pay premiums; and (iii) pay rating agency fees caused Trust losses (if any) which may cause the claimant to payout under the I & IA.
  f. Debtors' failure to reimburse expenses - this portion of the claim should be denied because the claimant has failed to allege any fees and expenses (other than legal fees and expenses as noted in paragraph g below), provide any documents to substantiate such alleged expenses or submit proof of eligible expenses under section 3.03 (c) of the I & IA.
  g. Fees and Expenses related to outside counsel - by this portion, the claimants asserts the Debtors owe at least $171,035.26 on account of indemnification obligations for the fees and expenses of outside legal counsel. The claimant failed to include any documentation with which the Debtors may review to assess the validity of the amounts claimed. Nevertheless, the Debtors believe that it would have been reasonable for claimant to incur $25,000 in outside counsel fees in connection with the enforcement and preservation of the its rights under the I & IA, and are willing to stipulate to allowance of a claim in that reduced amount.

Based on the foregoing, the claim should be reclassified and modified to an allowed general unsecured claim in the amount of $25,000.

| Totals: | 3 Claims | $5,320,545.75 (S)<br>- (A)<br>- (P)<br>- (U)<br>$5,320,545.75 (T) | - (S)<br>- (A)<br>- (P)<br>$75,000.00 (U)<br>$75,000.00 (T) |
|---|---|---|---|

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT B

**Modified Amount Reclassified Wrong Debtor Claim**

# Exhibit B

## Modified Amount, Reclassified, Wrong Debtor Claim

### Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| EMPLOYMENT SECURITY DEPARTMENT<br>UI TAX AND WAGE ADMINISTRATION<br>PO BOX 9046<br>OLYMPIA, WA 98507-9046 | 10031 | 2/29/08 | 07-11047 | $1,724.16 (S)<br>- (A)<br>$12,475.52 (P)<br>- (U)<br>$14,199.68 (T) | 07-11051 | - (S)<br>- (A)<br>$12,593.59 (P)<br>$1,724.16 (U)<br>$14,317.75 (T) | Claim relates to 2006 and 2007 unemployment tax. Modified priority amount to match tax and interest amounts from recent Notice of Assessment sent by claimant on 10/06/2009. Reclassified amount claimed on account of penalties to general unsecured since no basis for priority status exists for this portion of the claim. |
| **Totals:** | 1 Claim | | | $1,724.16 (S)<br>- (A)<br>$12,475.52 (P)<br>- (U)<br>$14,199.68 (T) | | - (S)<br>- (A)<br>$12,593.59 (P)<br>$1,724.16 (U)<br>$14,317.75 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.