## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------x

In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., *et al.*,[1]

                              Debtors.

-------------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., *et al.*,

                              Plaintiff,

        - against -

**SOURCEMEDIA, INC.**

                              Defendant.

-------------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)


Adv. Proc. No. 09-52302 (CSS)


## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official

Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned

debtors (collectively, the "*Debtors*") and **SourceMedia, Inc.** *("Defendant*," together with the

Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the

matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary

petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1]     The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC;
Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of

Delaware (the "*Court*"); and

WHEREAS, Defendant did not file a claim against the Debtors in this case, but the

claims register shows scheduled claims in the total amount of $32,507.75 listed for the

Defendant (the "*Defendant Scheduled Claims*"); and

WHEREAS, August 14, 2007, the Office of the United States Trustee formed the

Committee; and

WHEREAS, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation

of the Debtors (as amended, the "*Plan*"); and

WHEREAS, on February 23, 2009, the Court entered an order confirming the Plan but

the Plan has not yet become effective; and

WHEREAS, on July 6, 2009, the Committee and Debtors executed and filed a

stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of

the Debtors' estates, and confers standing upon the Committee for the purpose of investigating,

pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of

actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the

"*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective

Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be

substituted in the place and stead of the Committee and/or the Debtors with respect to any and all

Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or

the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to

pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in

accordance with the terms of the Plan, and

**WHEREAS**, on July 8, 2009, the Court entered an order approving the Stipulation; and

**WHEREAS**, on or about **November 4, 2009**, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against **Defendant**, which asserted that **Defendant** had received transfers from the Debtors totaling **$64,825.32** (the "*Transfers*") subject to avoidance (the "*Preference Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

**WHEREAS, Defendant** denies liability and asserts that **payments were made in the Ordinary Course of Business and are subject to New Value**; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows

1.      The recitals set forth above are incorporated herein by reference.

2.      In full and final settlement and satisfaction of the Preference Claims, **Defendant** shall pay, as consideration for this settlement, the sum of **four-thousand dollars and 00/100's ($4,000.00)** (the "*Settlement Sum*"). The Settlement Sum shall be paid by check made payable to the order of "American Home Mortgage", in the amount of $**4,000.00**, and such check shall be delivered to Receivable Management Services, Attn: Ronald Rowland, 307 International Circle, Suite 270; Hunt Valley, Maryland; 21030, so that it is received on or before **10 days after the full execution of this Settlement Agreement.**

3.      The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be

binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approval of this Settlement Agreement within thirty (30) days of receipt of the Settlement Sum in good funds.

        4.     If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void and any portion of the Settlement Sum which has been paid in good funds by **Defendant** and received by the Committee shall be returned within ten (10) calendar days of such order.

        5.     Upon **Defendant**'s receipt of a fully executed copy of this Settlement Agreement and entry of a Final Order, **Defendant** hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, arising out of, or relating to, the Preference Claims, (b) releases, waives and agrees to the expunging of any claims filed by, or scheduled on behalf of, **Defendant** including, but not limited to, the Defendant Scheduled Claims and (c) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.

6.    Conditional upon the Committee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement and entry of a Final Order, the Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and discharges **Defendant** and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or relating to, the Preference Claims, and (b) shall cause the Adversary Proceeding to be dismissed with prejudice within five (5) business days after the entry of the Final Order; provided, however, that nothing contained herein shall be deemed to release any obligations **Defendant** has under this Settlement Agreement.

7.    The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

8.    Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9.    The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10.    The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel

(for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11.    The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement.  The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12.    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

13.    Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

14.    This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

15.    No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated:    June 15     , 2010
          New York, New York

| HAHN & HESSEN LLP | SATTERLEE STEPHENS BURKE & BURKE, LLP |
|---|---|
| Counsel for the Committee | Counsel for SourceMedia, Inc. |
| By: _____ | By: _____ |
| Mark S. Indelicato | Christopher R. Belmonte |
| Edward L. Schnitzer | Abigail Snow |
| 488 Madison Avenue | 230 Park Avenue, Suite 1130 |
| New York, NY 10022 | New York, NY 10169 |
| (212) 478-7200 | (212) 818-9200 |