IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11

In re:                                                          :
                                                                :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :  Jointly Administered
                                                                :
                            Debtors.                            :
---------------------------------------------------------------- x  **Ref. Docket No. 2208**

### NOTICE OF PROPOSED SALE OF MISCELLANEOUS ASSETS

TO:    THE OFFICE OF THE UNITED STATES TRUSTEE; COUNSEL TO THE CREDITORS'
COMMITTEE; COUNSEL TO THE DEBTORS' POSTPETITION LENDER; ALL
KNOWN PARTIES HOLDING OR ASSERTING LIENS, CLAIMS, ENCUMBRANCES
OR OTHER INTERESTS IN THE ASSETS SUBJECT TO THE PROPOSED SALE; AND
THE U.S. SECURITIES AND EXCHANGE COMMISSION

     **PLEASE TAKE NOTICE** that, pursuant to the *Order Pursuant to Bankruptcy
Code Sections 105, 363 and 554 and Bankruptcy Rule 6004 Approving Certain Procedures
Governing the Sale, Donation or Abandonment of Miscellaneous Assets* [Docket No. 2208] (the
"Order") the above-captioned debtors and debtors in possession (collectively, the "Debtors") are
authorized to sell, donate or abandon Miscellaneous Assets[2] that are no longer necessary to the
Debtors' business.

     **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, the
Debtors are required to file a notice of a Proposed Sale (the "Sale Notice") and to serve the Sale
Notice in the manner provided in the Order.

     **PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the
Debtors hereby are providing notice of the Proposed Sale of the Miscellaneous Assets identified in
Exhibit A attached hereto to Theresa Parker, Brentwood, NY for the lot price of $780.00.  The

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM
SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation
(1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville,
New York 11747.

[2]  All capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the
Order.

Proposed Sale shall be **"As-Is, Where Is"** and **Free and Clear of all Liens Claims, Encumbrances and Other Interests** and on such other terms that are in accordance with the terms of the Order. The Miscellaneous Assets that are the subject of the Sale are owned by American Home Mortgage Corp.

       **PLEASE TAKE FURTHER NOTICE, that objections by parties, other than the Committee and the DIP Lenders, to the Sale are required to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and served on the undersigned counsel for the Debtors on or before June 28, 2010 at 4:00 p.m. (ET) (the "Sale Objection Deadline"). The Committee and the DIP Lenders are required to file and serve an objection to the Sale on or before July 2, 2010 at 4:00 p.m. (the "Committee's and DIP Lender's Sale Objection Deadline" and together with the Sale Objection Deadline, the "Sale Objection Deadlines").**

       **PLEASE TAKE FURTHER NOTICE,** that if no objections to the Sale are filed and served on or before the Sale Objection Deadlines, the Debtors are authorized to consummate the Sale without further notice or a hearing and the Sale will be deemed fully authorized by the Bankruptcy Court.

Dated:     Wilmington, Delaware
          June 23, 2010

               YOUNG CONAWAY STARGATT & TAYLOR, LLP

                  */s/ Ryan M. Bartley*
               James L. Patton, Jr. (No. 2202)
               Joel A. Waite (No. 2925)
               Matthew B. Lunn (No. 4119)
               Ryan M. Bartley (No. 4985)
               The Brandywine Building
               1000 West Street, 17th Floor
               Wilmington, Delaware 19801
               Telephone: (302) 571-6600
               Facsimile: (302) 571-1253

               Counsel for Debtors and Debtors in Possession

                    

# EXHIBIT A

## PURCHASE AND SALE AGREEMENT

This PURCHASE AND SALE AGREEMENT (the **"Agreement"**) is executed as of the ___ day of June, 2010, by and between AMERICAN HOME MORTGAGE CORP., with its principal place of business located at 538 Broadhollow Road, Melville, NY 11747 (the **"Seller"**), and THERESA PARKER, of Brentwood, NY (the **"Purchaser"**).

## RECITALS

**WHEREAS,** the Seller, as debtor and debtor-in-possession, has filed a voluntary petition (the "**Petition**") for relief pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.* (as may be amended from to time, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (the "**Bankruptcy Case**"); and

**WHEREAS,** the Seller has agreed to sell and the Purchaser has agreed to purchase certain of the assets of the Seller more particularly described in **Schedule 1**, attached hereto (the "**Transferred Assets**"), on the terms and conditions set forth herein and as authorized under section 363 of the Bankruptcy Code, and the *Order Pursuant to Bankruptcy Code Sections 105, 363 and 554 and Bankruptcy Rule 6004 Approving Certain Procedures Governing the Sale, Donation or Abandonment of Miscellaneous Assets* entered by the Bankruptcy Court on November 28, 2007 (the "**Miscellaneous Asset Sale Order**"), and the Seller has determined that a sale in accordance with section 363 of the Bankruptcy Code is in the best interests of its creditors and interest holders,

**NOW, THEREFORE,** in consideration of the mutual promises and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Transferred Assets; Purchase Price.</u>

    1.1. <u>Transferred Assets</u>. Subject to the terms and conditions of this Agreement, Seller hereby sells, transfers, assigns and conveys to the Purchaser, and the Purchaser hereby purchases and acquires from the Seller all of the Seller's right, title and interest in and to the Transferred Assets.

    1.2 <u>Purchase Price</u>. Upon the terms and subject to the conditions contained herein, as consideration for the purchase of the Transferred Assets, the Purchaser shall pay to the Seller a purchase price (the "**Purchase Price**") consisting of cash in the amount of seven hundred and eighty dollars ($780.00), plus applicable sales tax.

2. <u>"As Is Where Is" Transaction.</u>

    2.1. The Purchaser hereby acknowledges and agrees that the Seller makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Transferred Assets. Without in any way limiting the forgoing, the Seller hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to

the Transferred Assets. The Purchaser further acknowledges that the Purchaser has conducted an independent inspection and investigation of the Transferred Assets and all such matters relating to or affecting the Transferred Assets as the Purchaser deemed necessary or appropriate and that in proceeding with the Purchaser's acquisition of the Transferred Assets, the Purchaser is doing so based upon such independent inspection and investigations. Accordingly, the Purchaser will accept the Transferred Assets "AS IS" and "WHERE IS".

3.    Conditions Precedent.

     3.1.    The sale of the Transferred Assets pursuant to this Agreement is subject to the notice, objection and sale approval procedures provided in the Miscellaneous Asset Sale Order.

4.    General.

     a.    Entire Agreement; Amendment.    This Agreement, and any documents to be executed and delivered pursuant to this Agreement, constitute the entire agreement between the parties with respect to the subject of the transactions contemplated hereby and supersedes all prior letters or agreements with respect thereto. This Agreement may be amended and any provision hereof waived, but only in a writing signed by the party against whom such amendment or waiver is sought to be enforced.

     b.    WAIVER OF TRIAL BY JURY. THE PARTIES HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER PARTY AGAINST THE OTHER ON ANY MATTER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT. THE PARTIES ACKNOWLEDGE THAT THEY HAVE RETAINED COUNSEL OF THEIR OWN CHOOSING AND SUCH COUNSEL HAS FULLY EXPLAINED THE CONTENT AND LEGAL EFFECT OF THIS PARAGRAPH.

     c.    Governing Law.    The parties agree that this Agreement shall be governed by federal law and the laws of the state of New York, as applicable.

     d.    Publicity.    Neither party shall issue a news release or any other form of publicity pertaining to this Agreement or regarding or mentioning the other party without the prior written consent of such other party.

     e.    No Third Party Benefit Intended.    This Agreement does not create, and shall not be deemed to create, a relationship between the parties or either of them and any third party in the nature of a third party beneficiary or fiduciary relationship.

     f.    Facsimile Signatures.    The parties agree and acknowledge that facsimile signatures below shall be sufficient to bind each party so signing, and shall be deemed to have the same force and effect as an original signature.

     g.    Counterparts.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

h.  <u>Brokers</u>. Each party represents to the other that it has not engaged the services of any broker with respect to this transaction and that no broker is entitled to any fee or commission with respect to the transaction contemplated by this Agreement.

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the undersigned parties has caused this Agreement to be duly executed and delivered by its duly authorized officer as of the date first above written.

**AMERICAN HOME MORTGAGE CORP.**

By: _____

Name: Jason Burzenski

Title:

**THERESA PARKER**

By: _____

**SCHEDULE 1**

**TRANSFERRED ASSETS**

| Item Description | Price per Item | No. of Items | Total Price |
|---|---|---|---|
| Office Desk | $600.00 | 1 | $600.00 |
| Office Chair | $50.00 | 3 | $150.00 |
| Desktop Printer | $15.00 | 1 | $15.00 |
| Mini-refrigerator | $15.00 | 1 | $15.00 |