IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                              Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS,                   Case No. 07-11047 (CSS)
INC., *et al.*,[1]                                 (Jointly Administered)

                                                   Hearing Date: July 19, 2010 at 11:00 a.m.
                    Debtors.                       Objection Deadline: July 12, 2010 at 4:00 p.m.
---------------------------------------------------------------x

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENTS WITH CERTAIN PREFERENCE DEFENDANTS.

The Debtors, including American Home Mortgage Investment Corp. ("AHM Investment"), by and through their undersigned counsel, hereby move this Court for approval of the "Settlement Agreements", annexed hereto as Exhibits A and B (the "Agreements"), between and among the Debtors and Ajilon Professional Staffing, LLC ("Ajilon") and ADP, Inc. ("ADP"). In support of this motion (the "Motion"), the Debtors respectfully represent to the Court as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

2. The bases for the relief requested herein are section 105(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.,; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

## BACKGROUND

3. On August 6, 2007 (the "Petition Date"), each of the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure.

5. Since the Petition Date, the Debtors have continued in the operation and management of their businesses and properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On August 14, 2007, the United States Trustee for the District of Delaware appointed the Committee, consisting of seven of the Debtors' largest unsecured creditors. Blank Rome LLP and Hahn & Hessen LLP ("H&H") are co-counsel to the Committee.

7. No trustee or examiner has been appointed in these cases.

8. On August 15, 2008, the Debtors filed a "Chapter 11 Plan of Liquidation of the Debtors" (as thereafter amended, the "Amended Plan").

9. On February 23, 2009, the Bankruptcy Court entered its "Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009" (the "Confirmation Order").

10. The Amended Plan has not yet become effective.

11. The Amended Plan, upon becoming effective, contemplates the creation of a Liquidating Trust (the "Liquidating Trust") and the appointment of a Liquidating Trustee (the "Liquidating Trustee") for the purpose of liquidating the Debtors' remaining assets, including

any claims or causes of action that the Debtors may have, for the benefit of the Debtors' creditors.

### Ajilon Adversary Proceeding/Settlement

12. On or about August 6, 2009, an adversary proceeding was commenced against Ajilon seeking the recovery of alleged preferential transfers totaling $85,800.53 (the "Ajilon Adversary Proceeding").

13. Ajilon denied liability in the Ajilon Adversary Proceeding and asserted defenses thereto.

14. Debtors and Ajilon engaged in a voluntary exchange of information which was followed by discussions. As a result of such discussions and negotiations, the parties entered into and executed the Agreement, subject to Court approval. The following is a summary of the salient terms of the Agreement:[2]

    (A) Ajilon pays the sum of $10,000.00 to resolve the Ajilon Adversary Proceeding;

    (B) Ajilon agrees to waive, release, exonerate otherwise discharge all claims against the Debtors;

    (C) Debtors agree to waive, release, exonerate and otherwise discharge all claims against Ajilon

### ADP, Inc. Adversary Proceeding/Settlement

15. On or about August 6, 2009, an adversary proceeding was commenced against ADP seeking the recovery of alleged preferential transfers totaling $332,068.56 (the "ADP Adversary Proceeding").

---

[2] The Court and interested parties are referred to the annexed Agreement for its complete terms. In the event of any inconsistency between the summary and the Agreement, the terms of the Agreement govern. Capitalized terms not defined herein have the meanings ascribed to them in the Agreement.

16. ADP denied liability in the ADP Adversary Proceeding and asserted defenses thereto.

17. Debtors and ADP engaged in a voluntary exchange of information which was followed by discussions. As a result of such discussions and negotiations, the parties entered into and executed the Agreement, subject to Court approval. The following is a summary of the salient terms of the Agreement:[3]

    (A) ADP pays the sum of $18,500.00 to resolve the ADP Adversary Proceeding;

    (B) ADP waives the right to file a claim for the settlement amount paid;

    (C) Debtors agrees to dismiss the ADP Adversary Proceeding, with prejudice

## RELIEF REQUESTED

18. By this Motion, the Debtors request that the Court enter an order approving the Agreements pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## APPLICABLE AUTHORITY

19. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

---

[3] The Court and interested parties are referred to the annexed Agreement for its complete terms. In the event of any inconsistency between the summary and the Agreement, the terms of the Agreement govern. Capitalized terms not defined herein have the meanings ascribed to them in the Agreement.

See Bankruptcy Rule 9019(a). Courts have interpreted this rule, as well as its predecessor, section 27 of the Bankruptcy Act, as granting the debtor in possession broad authority to settle controversies. Since the Debtors and the Committee are acting together on behalf of the estates to compromise all of the matters at issue, the Debtors believe that it is appropriate for the Court to analyze the settlement embodied in the Agreement under the standard set forth in Bankruptcy Rule 9019(a).

20. A starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring compromises. See Myers v. Martin (In re Martin), 91 F. 3d 389, 894 (3rd Cir. 1996); In re Coram Healthcare Corp., 315 B.R. 321, 329-30 (Bankr. D. Del. 2004); Florida Trailer and Equip. Co. v. Deal, 284 F. 2d 567, 571 (5th Cir. 1960). The standard by which courts evaluate a proposed compromise and settlement are well established. In bankruptcy, the court should approve a proposed compromise and settlement when it is fair and equitable and in the best interests of the debtor's estate and its creditors. See In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997).

21. Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it falls below "the lowest point in the range of reasonableness." In re Coram Healthcare Corp., 315 B.R. at 330 (quoting Official Unsecured Creditors' Comm. v. Pennsylvania Truck Lines, Inc. (In re Pennsylvania Truck Lines, Inc.), 150 B.R. 595, 598 (E.D. Pa. 1992)). Specifically, this standard includes consideration of the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998).

22. The Agreements were a product of arm's length negotiations. The Debtors submit that the Agreements present a very favorable resolution for the Debtors' estates. If the parties were to litigate the issues, the Debtors' estates would clearly incur substantial litigation expenses which have been completely obviated by the Agreements. Moreover, given the Debtors' review and analysis of the defenses asserted by Ajilon and ADP, there is substantial risk that the Debtors would not recover on the asserted claims or may recover less than that achieved by the Settlements especially if evaluated after litigation costs and expenses.

23. The Debtors do not believe that collection of any judgment that could be obtained is an issue and therefore this factor is neutral.

24. Based on these and the other compromises set forth in the Agreements, the Debtors submit that the resolution is well above the "lowest point in the range of reasonableness."

25. For all of the foregoing reasons, the Debtors respectfully submit that the Agreements fairly and reasonably resolves all issues between the Debtors and Ajilon and ADP, serves the best interests of unsecured creditors of the Debtors and their estates, and should be approved by the Court.

## NOTICE

26. Notice of this Motion has been provided to: (1) the Office of the United States Trustee for the District of Delaware, (2) all parties who have timely filed requests for notice under Bankruptcy Rule 2002, (3) counsel for the Unsecured Creditors' Committee, and (4) counsel for Ajilon and ADP. The submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

27. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request that the Court approve the Agreement and grant such other further relief the Court deems just and proper.

Dated: June 28, 2010
       Wilmington, Delaware

                            YOUNG CONAWAY STARGATT & TAYLOR, LLP

                            /s/ Curtis J. Crowther
                            Sean M. Beach (No. 4070)
                            Curtis J. Crowther (No. 3238)
                            The Brandywine Building
                            1000 West Street, 17th Floor
                            Wilmington, Delaware 19899-0391
                            Telephone: (302) 571-6600
                            Facsimile: (302) 571-1253

                            *Counsel for Debtors and Debtors in Possession*