# EXHIBIT "A"

YCST01:9855353.1

066585.1001

SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made this 21 day of June, 2010, by and between Ajilon Professional Staffing, LLC ("Ajilon") and American Home Mortgage Investment Corp. and its direct and indirect affiliates and subsidiaries ("the Debtors").

WHEREAS, on or about August 6, 2007 (the "Petition Date"), the Debtor and certain related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, on or about August 6, 2009, the Adversary Proceeding was commenced against Ajilon in the United States Bankruptcy Court for the District of Delaware, Adversary Proceeding No. 09-51563, to recover certain alleged preferential transfers (the "Adversary Proceeding");

WHEREAS, Ajilon has asserted defenses to the Adversary Proceeding;

WHEREAS, in order to avoid the delay, uncertainty and expense associated with prolonged litigation the parties have agreed to settle and compromise the claims asserted in the Adversary Proceeding;

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, expressly subject to approval by the United States Bankruptcy Court for the District of Delaware unless such court approval is no longer required due to a confirmed plan becoming effective, the parties do hereby agree as follows:

1. Ajilon agrees to pay to "American Home Mortgage Corp." the sum of Ten Thousand Dollars ($10,000.00) within thirty (30) business days of the Effective Date of this Agreement which shall be remitted to counsel for American Home Mortgage Corp. as follows: Curtis J. Crowther, Esquire, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (the "Settlement Payment").

2. The Adversary Proceeding shall be dismissed, with prejudice (each party to bear its own costs and expenses) within ten (10) business days of the Effective Date of this Agreement and receipt and clearance through normal banking channels of the Settlement Payment.

3. Ajilon agrees to waive, release, exonerate and otherwise discharge all claims it may have against any of the Debtors as of the date that Ajilon executes (or causes the Agreement to be executed on its behalf) whether such claim is filed or unfiled, prepetition or postpetition or unsecured or administrative including any claims that may arise out of the payment of the Settlement Payment. Such claims may be deemed automatically expunged upon the Effective Date.

4. The Debtors, and for and on behalf of their respective estates, successors, legal representatives, and assigns, waive, release, exonerate and otherwise discharge Ajilon, its agents, representatives, affiliates, successors, and assigns from any and all other claims that it may have

against Ajilon arising out of chapter 5 of title 11 of the United States Code, including but not limited to the Transfers.

     5.    This Agreement shall not be construed against or in favor of any party as a result of any party's preparation hereof.

     6.    This Agreement (a) represents the entire agreement and understanding of the parties on any and all matters; and (b) shall not be modified or amended without the express written consent of all parties. This Agreement is binding upon the parties hereto and their respective successors, assigns and legal representatives.

     7.    This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware existing as of the Effective Date of this Agreement.

     8.    This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original.

     9.    The parties agree that a faxed or electronic copy of a signature shall be effective as an original.

     10.    The person(s) signing this Agreement on behalf of the entity or entities for which they sign represents that they have full authority to sign on behalf of such entity or entities.

     11.    The Effective Date of this Agreement shall be the date when an Order is entered by the United States Bankruptcy Court for the District of Delaware approving this Settlement under Fed. R. Bankr. P. 9019 and such order becomes final and non-appealable or, if court approval is not required, on the date that both parties have signed the Agreement, whichever is earlier.

AMERICAN HOME MORTGAGE
INVESTMENT CORP.

By:    Curtis J. Crowther
Title:  Its Attorney

Dated: _June 24, 2010_

AJILON PROFESSIONAL STAFFING, LLC

By:    Fred J. Arnoff, authorized agent and its attorney
Title:  Its Attorney

Dated: _June 18, 2010_

# EXHIBIT "B"

## SETTLEMENT AGREEMENT

This Settlement And Termination Agreement (the "Agreement") is made this ˍˍˍˍ day of June, 2010 by and between ADP, Inc. ("ADP") and American Home Mortgage Investment Corp. and its direct and indirect affiliates and subsidiaries ("the Debtors").

WHEREAS, on or about August 6, 2007 (the "Petition Date"), the Debtor and certain related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, on or about August 6, 2009, the an Adversary Proceeding was commenced against ADP in the United States Bankruptcy Court for the District of Delaware, Adversary Proceeding No. 09-51562 to recover certain alleged preferential transfers (the "Adversary Proceeding");

WHEREAS, ADP has asserted defenses to the Adversary Proceeding;

WHEREAS, in order both to avoid the delay, uncertainty and expense associated with prolonged litigation the parties have agreed to settle and compromise the claims asserted in the Adversary Proceeding;

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, expressly subject to approval by the United States Bankruptcy Court for the District of Delaware unless such court approval is no longer required due to a confirmed plan becoming effective, the parties do hereby agree as follows:

1. ADP agrees to pay to "American Home Mortgage Corp." the sum of Eighteen Thousand Five Hundred Dollars ($18,500.00) on or before June 30, 2010 which shall be remitted to counsel for American Home Mortgage Corp. as follows: Curtis J. Crowther, Esquire, Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (the "Settlement Payment"). Counsel for American Home Mortgage Corp. shall be required to hold the Settlement Payment in escrow pending the Effective Date of this Agreement whereupon it may be released.

2. The Adversary Proceeding shall be dismissed, with prejudice within ten (10) business days of the Effective Date of this Agreement.

3. ADP agrees to waive the right to file any claim for the Settlement Payment.

4. This Agreement shall not be construed against or in favor of any party as a result of any party's preparation hereof.

5. This Agreement (a) represents the entire agreement and understanding of the parties on any and all matters; and (b) shall not be modified or amended without the express written consent of all parties. This Agreement is binding upon the parties hereto and their respective heirs, successors, assigns and legal representatives.

6.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware existing as of the Effective Date of this Agreement.

7.  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original.

8.  The parties agree that a faxed or electronic copy of a signature shall be effective as an original.

9.  The person(s) signing this Agreement on behalf of the entity or entities for which they sign represents that they have full authority to sign on behalf of such entity or entities.

10. The Effective Date of this Agreement shall be the date when an Order is entered by the United States Bankruptcy Court for the District of Delaware approving this Settlement under Fed. R. Bankr. P. 9019 and such order becomes final and non-appealable or, if court approval is not required, on the date that both parties have signed the Agreement, whichever is earlier.

11. It is understood and agreed by the parties that nothing contained in this Agreement, nor the payment by ADP of the Settlement Payment, shall be construed against ADP as an admission of liability.

AMERICAN HOME MORTGAGE
INVESTMENT CORP.

By: _____
Title: Attorney
Dated: 6/24/10


ADP, Inc.

By: Michael Borcan
Title: President

Dated: 6/18/10