IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
       Debtors.                                                  :
                                                                 :   Response Deadline: August 9, 2010 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: August 16, 2010 at 11:00 a.m. (ET)
---------------------------------------------------------------- x

### DEBTORS' SIXTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B and C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order disallowing and expunging, modifying, reclassifying and/or, as applicable, reassigning such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Sixty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed

against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, <u>inter alia</u>, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "<u>Bar Date Order</u>") establishing January 11, 2008 at 4:00 p.m. (ET) (the "<u>Bar Date</u>") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the <u>Dallas Morning Star</u>, the <u>Saint Louis Post-Dispatch</u> and the national edition of <u>The New York Times</u> on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging, modifying, reclassifying and/or, as applicable, reassigning the

Disputed Claims listed in Exhibits A and B to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

**A.    Modified Amount Wrong Debtor Claim**

10.    The Debtors have reconciled the claim identified in Exhibit A to the Proposed Order (the "Modified Amount Wrong Debtor Claim") against their books and records. The claimant asserting the Modified Amount Wrong Debtor Claim asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Additionally, the Debtors' books and records indicate that the claimant asserting the Modified Amount Wrong Debtor Claim asserted its claim against the wrong Debtor. The Debtors' books and records, which the Debtors believe to be accurate, show that the Modified Amount Wrong Debtor Claim should be (i) modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit A, and (ii) reassigned to the case number listed under the column titled "New Case Number" in Exhibit A. Accordingly, the Debtors hereby object to the Modified Amount Wrong Debtor Claim and request entry of an order modifying and reassigning the Modified Amount Wrong Debtor Claim as indicated in Exhibit A.

**B.    Reclassified Wrong Debtor Claim**

11.    The claimant asserting the claim identified in Exhibit B to the Proposed Order (the "Reclassified Wrong Debtor Claim") asserted that all or a portion of their claim was either secured or entitled to priority. After reconciling the Reclassified Wrong Debtor Claim against their books and records, the Debtors have determined that no basis for secured status or priority exists under sections 506 or 507 of the Bankruptcy Code. Additionally, the Debtors' books and records indicate that the claimant asserting the Reclassified Wrong Debtor Claim asserted their claim against the wrong Debtor entity. Consequently, the Debtors believe that the Reclassified Wrong Debtor Claim should be reclassified to the priority level indicated in Exhibit

B and reassigned to the case number listed under the column titled "New Case Number" in Exhibit B. Failure to reclassify the Reclassified Wrong Debtor Claim would allow the claimant to recover at an undue level of priority against the wrong Debtor entities. Accordingly, the Debtors request entry of an order reclassifying and reassigning the Reclassified Wrong Debtors Claim as indicated in Exhibit B.

### C. No Liability Claim

12. After reviewing the Disputed Claim and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claim identified in Exhibit C to the Proposed Order (the "No Liability Claim"). Moreover, the Debtors cannot justify this claim as valid. Consequently, the Debtors believe the No Liability Claim identified in Exhibit C should be disallowed and expunged in its entirety. Failure to disallow the No Liability Claim will result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claim and request entry of an order disallowing and expunging in full the No Liability Claim identified in Exhibit C.

### RESERVATION OF RIGHTS

13. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

### NOTICE

14. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee;

and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: July 16, 2010
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Morgan L. Seward (No. 5388)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :    Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   :    Jointly Administered
         Debtors.                                                  :
------------------------------------------------------------------ x

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' SIXTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1. I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Sixty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Modified Amount Wrong Debtor Claim" and "Reclassified Wrong Debtor Claim" and "No Liability Claim", as defined in the Objection and identified on Exhibits A, B and C to the Proposed Order, respectively.

3. The information contained in Exhibits A, B and C to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed their books and records and determined that the claim identified in Exhibit A to the Proposed Order should be modified to the amount listed in Exhibit A and reassigned to the new case number listed in Exhibit A. Accordingly, to prevent the claimant from receiving an unwarranted recovery against the wrong Debtor, the Debtors seek to reassign and modify by reducing the Modified Amount Wrong Debtor Claim.

5. The Debtors have reviewed their books and records and determined that the claim identified in Exhibit B to the Proposed Order should be reclassified to a different priority level and reassigned to new case numbers as indicated in Exhibit B. Accordingly, to prevent the claimant from receiving undue priority and recovery from the wrong Debtors, the Debtors seek to reclassify and reassign the Reclassified Wrong Debtors Claim.

6. The Debtors have reviewed the No Liability Claim, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claim identified in Exhibit C to the Proposed Order. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 16, 2010

_____
Eileen Wanerka
Assistant Vice President

3