IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | **Docket Nos. 8226, 8325, 8480, 8665 and 8724** |

## STIPULATED DISCOVERY SCHEDULING ORDER

The above captioned debtors and debtors-in-possession ("Debtors"), and Park National Bank ("Park National") hereby stipulate and agree that the following schedule shall govern the discovery and other deadlines related to the evidentiary hearing on the *Debtors' (I) Limited Objection to Motion of Park National Bank for Lifting the Automatic Stay, Objecting to Debtor's Use of Cash Collateral, and Requesting Adequate Protection and (II) Request for Allowance and Payment of Section 506(c) Claim* [D.I. 8226], as may be amended (the "Motion")[1]:

1.    Written Discovery.  Unless otherwise agreed to by the Parties and approved by the Court, all written fact discovery (including interrogatories, requests for production of documents and requests for admissions) shall be served on or before **February 26, 2010**;

2.    All written responses to fact discovery shall be served on or before **April 6, 2010**;

3.    All documents responsive to any Requests for Production of Documents, or produced in lieu of a response to an interrogatory, shall be served on or before **April 6, 2010**;

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

4.    Fact Depositions.  Depositions of any fact witnesses, including any corporate designees pursuant to Fed. R. Civ. P. 30(b)(6) shall be scheduled so as to be completed by **August 16, 2010**  The parties agree that no less than three (3) business days notice shall be provided for the scope of any 30(b)(6) deposition.  The parties agree to attempt to schedule any depositions for a mutually agreeable time, date and location;

5.    Prior to **March 1, 2010**, the Parties shall exchange a list of the most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities;

6.    Discovery of electronic materials shall proceed in a sequenced fashion. After receiving requests for document production or interrogatories, the Parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2), Fed. R. Civ. P. 33, and/or Fed. R. Civ. P. 34 (made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7026, 7033, and 7034).  Electronic searches of documents identified as having limited accessibility shall not be conducted until the initial document search has been completed.  Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request, where good cause and specific need have been demonstrated.  On-site inspections of electronic materials under Fed. R. Civ. P. 34(b) (made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7034), shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated;

7.    The Parties shall employ electronic search to locate relevant electronic documents.  The Parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched.  The Parties shall also reach agreement as to the timing and

conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the Parties shall consider limiting the scope of the electronic search (e.g., the time frames, fields, document types, etc.);

8.      If the Parties cannot agree on the format for document production, electronic documents shall be produced to the requesting party as searchable image files (e.g., PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format;

9.      Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days of such inadvertent production; and

10.     Pursuant to this order, the Parties shall provide prompt notice of any problems reasonably anticipated to arise in connection with e-discovery.

11.     Expert Reports and Depositions. Unless otherwise agreed to by the Parties and approved by the Court, in accordance with Fed. R. Civ. P. 26(a)(2) (made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7026), expert disclosures and reports shall be served no later than **August 12, 2010**;

12.     Unless otherwise agreed to by the Parties and approved by the Court, all rebuttal expert reports shall be completed on or before **August 26, 2010**;

13.     Unless otherwise agreed to by the Parties and approved by the Court, all expert depositions shall be completed on or before **September 8, 2010**; and

14.     Unless otherwise agreed to by the Parties and approved by the Court, all dispositive motions shall be filed and served on or before **September 15, 2010**.

15.     <u>Witnesses and Exhibits</u>. The Parties shall exchange final witness lists of those witnesses that will be called in each Party's respective case-in-chief and copies of exhibits and deposition designations (if any) that will be presented as part of each Party's case-in-chief no later than **September 20, 2010**. If a witness is designated that was not previously deposed, the parties have the right to depose such witness prior to the hearing.

16.     Pretrial briefs shall be due to be filed and served on or before **September 22, 2010**.

17.     The Parties shall comply with the General Order Governing Pre-Trial Conferences in Adversary Proceedings Set for Trial Before Judge Christopher S. Sontchi.  On September 24, 2010, the Parties shall file their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's chambers.

18.     <u>Hearing.</u>  A two-day evidentiary hearing on the Amended Motion shall commence on September 29 at 9:30 a.m. (the "<u>Hearing</u>").


Christopher S. Sontchi,
United States Bankruptcy Judge

Dated: ___7/22/10___