## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
In re:                                    :
                                          :
                                          :    Chapter 11
AMERICAN HOME MORTGAGE                     :
HOLDINGS, INC., a Delaware corporation, et al.,  :    Case No. 07-11047 (CSS)
                                          :
                                          :    Jointly Administered
                     Debtors.             :
------------------------------------------------------------x
```

**THIRTY FIFTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART &
SULLIVAN, LLP, SPECIAL INVESTIGATORY, LITIGATION AND CONFLICTS
COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE
PERIOD FROM JUNE 1, 2010 JUNE 30, 2010**

| | |
|---|---|
| Name of applicant: | Quinn Emanuel Urquhart & Sullivan, LLP |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | September 13, 2007 (nunc pro tunc to September 10, 2007) |
| Period for which compensation and reimbursement is sought: | June 1, 2010 - June 30, 2010 |
| Amount of compensation requested: | $2,248.50 |
| Amount of expense reimbursement requested: | $2.90 |

This is an:____ X ____ interim _____ final application.

This is the thirty fifth monthly fee application filed by Quinn Emanuel Urquhart & Sullivan, LLP in these cases.

**Prior Applications:**

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| Nov. 21, 2007 / Docket No. 2141 | August 10, 2007 - August 31, 2007 | $217,865.00 | $1,404.26 | $217,865.00 | $1,404.26 |
| Nov. 21, 2007 / Docket No. 2142 | September 1, 2007 - September 30, 2007 | $293,619.00 | $37,757.62 | $293,619.00 | $37,757.62 |
| Dec. 4, 2007 / Docket No. 2277 | October 1, 2007 - October 31, 2007 | $497,748.00 | $36,429.13 | $497,748.00 | $36,429.13 |
| Feb. 7, 2007 / Docket No. 2897 | November 1, 2007 - November 30, 2007 | $287,397.00 | $13,334.64 | $287,397.00 | $13,289.64 |
| Mar. 17, 2008 / Docket No. 3326 | December 1, 2007 - December 31, 2007 | $123,807.25 | $17,100.11 | $123,807.25 | $15,285.06 |
| Mar. 17, 2008 / Docket No. 3327 | January 1, 2008 - January 31, 2008 | $204,209.75 | $7,435.31 | $204,209.75 | $7,112.55 |
| May 19, 2008 / Docket No. 4076 | March 1, 2008 - March 29, 2008 | $172,483.00 | $9,484.53 | $172,483.00 | $9,484.53 |
| May 30, 2008 / Docket No. 4319 | March 1, 2008 - March 31, 2008 | $171,026.25 | $6,421.36 | $171,026.25 | $6,421.36 |
| June 13, 2008 / Docket No. 4626 | April 1, 2008 - April 30, 2008 | $122,547.00 | $4,743.47 | $122,547.00 | $4,743.47 |
| August 21, 2008 / Docket No. 5512 | May 1, 2008 - May 31, 2008 | $ 210,227.00 | $ 7,320.78 | $210,227.00 | $ 7,320.78 |
| September 12, 2008 / Docket No. 5855 | June 1, 2008 - June 30, 2008 | $233,945.75 | $3,513.35 | $233,945.75 | $3,513.35 |
| September 12, 2008 / Docket No. 5856 | July 1, 2008 - July 31, 2008 | $124,699.50 | $8,811.09 | $124,699.50 | $8,811.09 |
| October 29, 2008 / Docket No. 6471 | August 1, 2008 - August 30, 2008 | $18,508.50 | $3,951.15 | $18,508.50 | $3,951.15 |
| November 26, 2008 / Docket No. 6634 | September 1, 2008 - September 30, 2008 | $39,181.50 | $407.00 | $39,181.50 | $407.00 |
| December 12, 2008 / Docket No. 6713 | October 1, 2008- October 31, 2009 | $64,936.25 | $3,812.94 | $64,936.25 | $3,812.94 |
| March 13, 2009 / Docket No. 7005 | November 1, 2008- November 30, 2008 | $12,811.00 | $4,296.32 | $10,248.80 | $4,296.32 |

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 13, 2009 / Docket No. 7102 | December 1, 2008- December 31, 2008 | $29,893.00 | $648.22 | $29,893.00 | $648.22 |
| March 13, 2009 / Docket No. 7103 | January 1, 2009- January 31, 2009 | $21,954.00 | $430.75 | $21,954.00 | $430.75 |
| April 15, 2009 / Docket No. 7275 | February 1, 2009- February 28, 2009 | $81,855.50 | $3,522.61 | $81,855.50 | $3,522.61 |
| June 10, 2009/ Docket No. 7517 | March 1, 2009- March 31, 2009 | $36,994.50 | $9809.67 | $36,994.50 | $9809.67 |
| June 10, 2009/ Docket No. 7518 | April 1, 2009- April 30, 2009 | $58,816.00 | $2939.45 | $58,816.00 | $2939.45 |
| August 18, 2009// Docket No. 7961 | May 1, 2009 - May 31, 2009 | $42,436.00 | $914.29 | $33,948.80 | $914.29 |
| August 18, 2009/ Docket No. 7962 | June 1, 2009 June 30, 2009 | $15,733.50 | $541.57 | $12,586.80 | $541.57 |
| September 14, 2009 Docket No. 8062 | July 1, 2009 - July 31, 2009 | $18,603.50 | $439.39 | $9,301.75 | $439.39 |
| October 26, 2009 Docket No. 8215 | August 1, 2009 August 31, 2009 | $9,019.50 | $7,713.02 | $7,215.60 | $7,713.02 |
| November 17, 2009 Docket No. 8310 | September 1, 2009 - September 30, 2009 | $9,762.00 | $33.04 | $7,809.60 | $33.04 |
| December 18, 2009 Docket No. 8428 | October 1, 2009 – October 31, 2009 | $6,025.00 | $138.97 | $6,025.00 | $138.97 |
| January 29, 2010 Docket No. 8522 | November 1, 2009 - November 30, 2009 | $11,321.50 | $132.69 | $11,321.50 | $132.69 |
| March 8, 2010 Docket No. 8658 | December 1, 2009 December 31, 2009 | $11,907.00 | $1,465.05 | $11,907.00 | $1,465.05 |
| March 8, 2010 Docket No. 8659 | January 1, 2010 January 31, 2010 | $19,920.50 | $650.26 | $19,920.50 | $650.26 |
| June 9, 2010 Docket No. 8897 | February 1, 2010 February 28, 2010 | $3,663.00 | $30.50 | $3,663.00 | $30.50 |
| June 9, 2010 Docket No. 8898 | March 1, 2010 March 31, 2010 | $6,050.50 | $102.64 | $6,050.50 | $102.64 |

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| June 9, 2010<br>Docket No. 8899 | April 1, 2010<br>April 30, 2010 | $5,575.00 | $45.74 | $5,575.00 | $45.74 |

ATTACHMENT TO THIRTY FIFTH MONTHLY FEE APPLICATION OF
QUINN EMANUEL URQUHART & SULLIVAN, LLP: SPECIAL INVESTIGATORY,
LITIGATION AND CONFLICTS COUNSEL TO THE DEBTORS

| NAME | POSITION; EXPERIENCE | HOURLY RATE | TOTAL HOURS | TOTAL COMPENSATION |
|------|---------------------|-------------|-------------|--------------------|
| Olga Urbieta | Associate for 2 years; admitted in 2009 | $355.00 | 1.70 | $603.50 |
| Martine Lacroix | Paralegal | $235.00 | 7.00 | $1,645.00 |
| **TOTAL** | | **$258.45[1] (BLENDED RATE)** | **8.70 HOURS** | **$2,248.50** |

---

[1] The blended rate <u>excluding</u> paraprofessionals is $355.00 per hour.

**SUMMARY TABLE OF SERVICES RENDERED DURING**
**THIRTY FIFTH MONTHLY FEE PERIOD**
**(JUNE 1, 2010 TO JUNE 30, 2010)**

| ACTIVITY | HOURS | FEES |
|---|---|---|
| Fee Application Preparation/Fee Issues | 7.60 | $1,858.00 |
| Lender Claims | 1.10 | $390.50 |
| **Total** | **8.70** | **$2,248.50** |

## SUMMARY BY CATEGORY TYPE OF DISBURSEMENTS BILLED
### (JUNE 1, 2010 TO JUNE 30, 2010)

| DISBURSEMENTS | AMOUNT |
|---|---|
| Printing | $2.90 |
| **Total Disbursements** | **$2.90** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
In re:                                    :
                                          :
                                          :       Chapter 11
AMERICAN HOME MORTGAGE                     :
HOLDINGS, INC., a Delaware corporation, et al.,  :    Case No. 07-11047 (CSS)
                                          :
                                          :       Jointly Administered
                 Debtors.                 :
-----------------------------------------------------------x
```

**THIRTY FIFTH MONTHLY APPLICATION OF QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP, SPECIAL INVESTIGATORY, LITIGATION AND CONFLICTS**
**COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING THE**
**PERIOD FROM JUNE 1, 2010 THROUGH JUNE 30, 2010**

Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"), special

investigatory, litigation and conflicts counsel to American Home Mortgage Holdings, Inc., a

Delaware Corporation, and its affiliated debtors and debtors-in-possession in the above-

captioned cases (collectively, the "**Debtors**" or "**American Home**"), hereby submits its

application (the "**Application**") to this Court pursuant to sections 330 and 331 of chapter 11 of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure For United States Bankruptcy Court For the District of

Delaware ("**Local Rule No. 2016-2**"), for an order (i) allowing compensation of $2,248.50 for

actual, reasonable and  necessary professional services rendered, and reimbursement of $2.90 for

actual, reasonable and necessary expenses incurred during the period from June 1, 2010 through

June 30, 2010 (the "**Thirty Fifth Monthly Fee Period**"), and (ii) authorizing and directing the

Debtors to pay to Quinn Emanuel the amount of $1,801.70 which is equal to the sum of eighty

8

percent (80%) of such allowed compensation and one hundred percent (100%) of expense

reimbursement, and represents as follows:

## I.    **INTRODUCTION**

### A.    **Background**

1.    <u>Bankruptcy Filing</u>.  On August 6, 2007, (the "**Petition Date**"), each of the

Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their property as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    <u>Jurisdiction</u>.  This Court has jurisdiction over this Application pursuant to 28

U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of the Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief sought herein are sections 330 and 331 of the

Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Local Rule No. 2016-2.  This

Application is made pursuant to the Administrative Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals Pursuant To Sections 331 and

105(a) of the Bankruptcy Code (the "**Compensation Order**"), entered on October 3, 2007 by

this Court.

### B.    **Retention Of Quinn Emanuel And Billing History**

3.    On September 13, 2007, the Court authorized Quinn Emanuel's retention as

special investigatory, litigation and conflicts counsel to American Home <u>nunc pro tunc</u> to August

10, 2007, pursuant to the Order Pursuant to Section 327(a) of The Bankruptcy Code and

Bankruptcy Rule 2014(a) Approving the Retention of Quinn Emanuel Urquhart, Oliver &

Hedges LLP, <u>Nunc Pro Tunc</u>, as Special Investigatory, Litigation and Conflicts Counsel for the

Debtors (Docket No. 741) (the "**Retention Order**"). The Retention Order authorized Quinn Emanuel to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, including the Compensation Order.

4.    This Application is Quinn Emanuel's thirty fifth monthly application for approval and allowance of compensation. Quinn Emanuel makes this monthly application for approval and allowance of compensation pursuant to section 331 of the Bankruptcy Code and the Compensation Order. No prior application has been made to this or any other court for the relief requested herein, nor has payment been received by Quinn Emanuel for legal services provided to and on behalf of the Debtors, or for out-of-pocket expenses incurred in connection therewith.

5.    Quinn Emanuel has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

6.    No promises have been received by Quinn Emanuel or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.    CASE STATUS

7.    On August 15, 2008, the Debtors filed that certain Chapter 11 Plan of Liquidation of the Debtors. That same day, the Debtors filed that certain Disclosure Statement Pursuant To Section 1125 Of The Bankruptcy Code With Respect To The Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of August 15, 2008. On September 30, 2008, the Debtors filed an amended plan and disclosure statement. On October 8, 2008, the Debtors filed a further amended plan and disclosure statement. On November 25, 2008, the Court approved the

amended disclosure statement and the solicitation procedures for the amended plan. On March 18, 2009 the Debtors filed an amended chapter 11 plan of liquidation. On March 23, 2009, the Court entered an order confirming the amended plan.

### III.    APPLICATION

8.    By this Application, Quinn Emanuel is seeking (a) allowance of reasonable compensation for actual and necessary professional services rendered by Quinn Emanuel, as special investigatory, litigation and conflicts counsel for the Debtors, during the Thirty Fifth Monthly Fee Period, and (b) reimbursement of actual, reasonable and necessary expenses incurred by Quinn Emanuel in connection with such services during the Thirty Fifth Monthly Fee Period.

9.    Specifically, Quinn Emanuel seeks approval of the sum of $2,248.50 for actual, reasonable and necessary legal services rendered on behalf of the Debtors during the Thirty Fifth Monthly Fee Period, and $2.90 for reimbursement of actual, reasonable and necessary expenses incurred in connection with the rendition of such services. The fees sought by the Application reflect an aggregate of hours of attorney and paraprofessional time spent and recorded in performing services for the Debtors during the Thirty Fifth Monthly Fee Period.

10.    Quinn Emanuel rendered to the Debtors all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Debtors.

11.    Quinn Emanuel maintains written records of the time expended in the rendition of the professional services required by the Debtors. These records are maintained in the ordinary course of Quinn Emanuel's practice. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet, is a billing summary for the Thirty Fifth Monthly Fee

Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate of the time expended by each such attorney and paraprofessional, the hourly billing rate for each such attorney and paraprofessional at Quinn Emanuel's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Also set forth in the billing summary is additional information indicating whether each attorney is a partner or associate, and how many years each attorney has held such position. The compensation requested by Quinn Emanuel is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.    Attached hereto as Exhibit "A" are time entry records broken down in tenths of an hour by project category, in accordance with the U.S. Trustee Guidelines, setting forth a detailed description of services performed by each attorney and paraprofessional on behalf of the Debtors.

13.    Quinn Emanuel also maintains records of all actual and necessary expenses incurred in connection with the performance of professional services, a summary of which also is attached hereto as part of the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Attached hereto as Exhibit "B" is a summary of the expenses, including the date the expense was incurred and the charge.

## IV.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

14.    To provide an orderly and meaningful summary of the services rendered on behalf of the Debtors by Quinn Emanuel, in accordance with the U.S. Trustee Guidelines, Quinn Emanuel has established the following separate project billing categories in connection with these cases:

a)      Bank/Thrift Issues
b)      Cash Collateral and DIP Financing
c)      Case Management/Calendar Maintenance/Service of
d)      Class Actions
e)      Court Hearings
f)      Creditor Inquiries
g)      Employee Issues
h)      Fee Application Preparation/Fee Issues
i)      Government Issues/Investigations
j)      Insurance Issues
k)      Lender Claims
l)      Meetings
m)      Non-Working Travel (Only 50% Requested)
n)      Other Conflicts
o)      Plan and Disclosure Statement
p)      Recharacterization
q)      Retention of Professionals
r)      Rule 2004 Investigations
s)      Servicing Platform Issues
t)      Stay Relief Matters
u)      Travel Time

15.     The following summary is intended only to highlight a number of the services rendered by Quinn Emanuel in the separate project billing categories where Quinn Emanuel expended a considerable number of hours on behalf of the Debtors.  It is not meant to be a detailed description of all of the work performed by Quinn Emanuel during the Thirty Fifth Monthly Fee Period.  Detailed descriptions of the day-to-day services provided by Quinn Emanuel and the time expended performing such services in each project billing category are fully set forth in Exhibit "A" hereto.  Such detailed descriptions show that Quinn Emanuel was involved in the performance of services for the Debtors on a daily basis to meet the needs of the Debtors in these cases.

16.     The total time spent by Quinn Emanuel attorneys and paraprofessionals during the Thirty Fifth Monthly Fee Period was 8.70 hours, which services have a fair market value of $2,248.50. As shown by this application and supporting exhibits, Quinn Emanuel spent its time economically and without unnecessary duplication of time (or duplication of the efforts of the Debtors' other retained professionals). In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## V.     EXPENSES

17.     Quinn Emanuel has expended the total amount of $2.90 in actual, reasonable and necessary expenses in connection with representing the Debtors during the Thirty Fifth Monthly Fee Period. Quinn Emanuel maintains records of all actual and necessary expenses incurred in connection with the performance of professional services. A breakdown of expenses, including the date the expense was incurred and the charge, is annexed hereto as Exhibit "B."

18.     In connection with the reimbursement of actual, reasonable and necessary expenses, it is Quinn Emanuel's policy to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Quinn Emanuel's clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, photocopying charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses particularly attributable to an individual client or cases such as secretarial and other overtime.

19.    Quinn Emanuel charges the Debtors for these expenses at rates consistent with those charged to Quinn Emanuel's other bankruptcy clients, which rates are equal to or less than the rates charged by Quinn Emanuel to its non-bankruptcy clients.  Quinn Emanuel seeks reimbursement from the Debtors at the following rates for the following expenses: (a) ten cents per page for photocopying; and (b) one dollar per page for out-going facsimiles.  In accordance with section 330 of the Bankruptcy Code and with the U.S. Trustee Guidelines, Quinn Emanuel will seek reimbursement only for the actual cost of such expenses to Quinn Emanuel.

20.    In providing or obtaining third party services which are reimbursable by clients, Quinn Emanuel does not include in such reimbursable amount any costs of investment, equipment or capital outlay, except that the reimbursable cost of photocopying and faxes includes a factor for the cost of the equipment.

21.    Quinn Emanuel regularly charges its non-bankruptcy clients for ordinary business hour fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting the billing rates.

22.    Attorneys at Quinn Emanuel have not incurred expenses for luxury accommodations, deluxe meals or air travel in excess of coach fares.  Throughout the Thirty Fifth Monthly Fee Period, Quinn Emanuel has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VI.    NOTICE

23.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been given to (a) the United States Trustee, (b) the Debtors, (c) counsel for the Debtors, (d) the Creditors' Committee, and (e) counsel for the Creditors' Committee.  Quinn

Emanuel submits that no further notice need be given in accordance with the Compensation Order.

## VII.    CONCLUSION

**WHEREFORE**, Quinn Emanuel respectfully requests the Court to enter an order, substantially in the form attached hereto (i) approving and allowing Quinn Emanuel compensation in the amount of $2,248.50 for actual, reasonable and necessary professional services rendered and reimbursement of $2.90 for actual, reasonable and necessary expenses incurred, and authorizing and directing the Debtors to pay to Quinn Emanuel the amount of $1,801.70, which is equal to the sum of eighty percent (80%) of such allowed compensation and one hundred percent (100%) of such expense reimbursement; and (ii) granting such further relief as is just.

Dated: Wilmington, Delaware
July 16, 2010

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By
    James C. Tecce
    Susheel Kirpalani

    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    Telephone:  (212) 849-7000
    Telecopier: (212) 849-7100

# **EXHIBIT A**

## AHM - Fee Application Preparation/Fee Issues

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 06/09/10 | OMU | Prepare and email February through April fee applications for filing. | 0.60 |
| 06/11/10 | ML4 | Coordinate request of backup expenses with accounting (0.30); Prepare AHM May fee application (main portion). | 1.30 |
| 06/21/10 | ML4 | Prepare AHM May fee application Exhibits A and B. | 3.60 |
| 06/22/10 | ML4 | Finalize May AHM fee application. | 2.10 |
| | | Total Hours | 7.60 |

### Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Olga M. Urbieta | OMU | Associate | 0.60 | 355.00 | 213.00 |

| Case Assistant(s) | Init. | Title | Hours | Rate | Amount |
|-------------------|-------|-------|-------|------|--------|
| Martine Lacroix | ML4 | Paralegal | 7.00 | 235.00 | 1,645.00 |

## AHM – Lender Claims

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 06/08/10 | OMU | Prepare status report and email for filing. | 1.10 |
| | | Total Hours | 1.10 |

### Fee Summary

| Attorneys | Init. | Title | Hours | Rate | Amount |
|-----------|-------|-------|-------|------|--------|
| Olga M. Urbieta | OMU | Associate | 1.10 | 355.00 | 390.50 |

**EXHIBIT B**

## Summary By Expenses Incurred

| Date Posted | Expense / Date Incurred | Amount |
|---|---|---|
| 06/08/10 | Printing | $0.30 |
| 06/22/10 | Printing | $2.30 |
| 06/22/10 | Printing | $0.30 |
| | **Total** | **$2.90** |