# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 |
| HOLDING, INC., a Delaware corporation, ) | Jointly Administered |
| et al., ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |

### DECLARATION OF PETER BIBLER

**I, PETER BIBLER,** declare:

1. I am over 18 years old, have personal knowledge of the facts set forth herein, and am otherwise competent to execute this declaration.

2. I submit this declaration in support of the Official Borrowers Committee's and Certain Individual Borrowers' Motion To Allow Borrowers to Pursue Discovery In Furtherance Of Claims And Defenses Against Non-Debtor Third Parties And, If Necessary, For Relief From the Automatic Stay, And Request For Inspection of Debtors' Documents And Examinations Concerning Debtors' Records Pursuant To Federal Rule of Bankruptcy Procedure 2004 (the "Motion")

3. I am an attorney admitted to practice in Illinois. Since 2006 I have worked as a staff attorney at the Legal Assistance Foundation of Metropolitan Chicago ("LAF"). LAF provides free legal services to low income and elderly persons throughout Cook County Illinois involving matters of landlord-tenant relations, public housing, domestic violence, child custody, consumer law, bankruptcy and foreclosure defense. Many clients of LAF are homeowners in foreclosure proceedings and in litigation against mortgage lenders.

4. I represent Annie R. Gordon, a homeowner who obtained a mortgage loan from the Debtors and who has raised various affirmative defenses and counterclaims,

including Lack of Standing/No Real Party at Interest and Violation of the Truth In Lending Act ("TILA") for failure to provide accurate Truth In Lending Disclosure Statement and a Notice of Right to Cancel giving rise to her right to rescind the loan.

5. I have represented low and middle-income homeowners in foreclosure proceedings and in litigation against mortgage lenders for over 2 years.

6. Based on my experience representing homeowners in foreclosure proceedings and in litigation with mortgage lenders, I have personal knowledge regarding the requirements a mortgage holder must satisfy in order to foreclose on a home, the defenses homeowners may assert to foreclosure, the nature of claims borrowers may assert against lenders, and the documents and information that may be relevant in foreclosure proceedings and litigation between borrowers and lenders.

7. To support claims against servicers and holders of mortgage loans based upon fraudulent and illegal origination and servicing practices, and to support defenses to foreclosure, borrowers may need the following information and documents:

- Communications regarding the origination and documentation of mortgage loans;

- Documents describing a lender's underwriting practices and procedures;

- Marketing materials provided by lenders and brokers to homeowners;

- Documents regarding a lender's mortgage assignment practices and procedures, including documents concerning lenders' relationship with and authority provided to MERS; and

- Lenders' document retention practices and document retention efforts;

- Underwriting documents and loan files for individual borrowers, which may include, among other things, copies of a Borrowers' HUD-1 forms, Truth-In-Lending Act

- Disclosure Statements, notes, deeds, loan applications, good-faith estimates, income statements, and credit reports; and

- Internal communications regarding the approval and documentation of individual borrowers' loans.

8. Borrowers need access to these documents to support their claims and defenses against non-Debtor third parties, particularly third parties seeking to foreclose on their homes. Specifically, borrowers may need these documents to prove, among other things, that lenders or third parties;

- Failed to take into account future rate adjustments and negative amortization in determining borrowers' ability to repay;

- Misrepresented borrowers' income in determining borrowers' ability to repay;

- Failed to provide required documentation to borrowers;

- Misrepresented the terms of loans to borrowers;

- Knew that borrowers were likely to default cm loans;

- Intentionally disregarded internal underwriting or fraud prevention policies;

- Failed to properly assign notes and mortgages to successors; and

- Deliberately entered into relationships with mortgage brokers who were poorly trained, poorly supervised, and provided with financial incentives to place loans with borrowers who were likely to default.

9. In my experience, the documents sought in the Motion can be helpful because they help to provide the foundation for Ms. Gordon's claims because these describe the lender's mortgage assignment practices and procedures, including documents concerning the lender's relationship with and authority provided to MERS, which demonstrate who the real party in interest was at the time Ms. Gordon's foreclosure case was filed. Moreover, they describe the underwriting documents and loan files for individual borrowers, which may include, among

3

other things, copies of Ms. Gordon's HUD-1 forms, Truth-In-Lending Act Disclosure Statements, notes, deeds, loan applications, good-faith estimates, income statements, and credit reports. These documents are important not only as a foundation for her defenses and claims in the litigation process, but they can aid settlement by establishing the facts for all parties involved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2010 in Chicago, Illinois:

By: _____
Peter Bibler

4