# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | Case No. 07-11047 (CSS) |
| HOLDING, INC., a Delaware corporation, ) | Jointly Administered |
| et al., ) | |
| ) | |
| Debtors. ) | |
| ) | |

### DECLARATION OF TAMARA F. KUSHNIR GROMAN

I, Tamara F. Kushnir Groman, declare:

1. I am over 18 years old, have personal knowledge of the facts set forth herein, and am otherwise competent to execute this declaration.

2. I submit this declaration in support of the Official Borrowers Committee's and Certain Individual Borrowers' Motion to Allow Borrowers to Pursue Discovery in Furtherance of Claims and Defenses Against Non-Debtor Third Parties And, If Necessary, For Relief From the Automatic Stay, And Request For Inspection of Debtors' Documents and Examinations Concerning Debtors' Records Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion").

3. I am an attorney admitted to practice in Illinois. Since 2008 I have worked as a staff attorney at Legal Assistance Foundation of Metropolitan Chicago ("LAFMC"). LAFMC provides free legal services to low income and elderly persons throughout Cook County, Illinois in many areas including home ownership and foreclosure defense. Many clients of LAFMC are homeowners in foreclosure proceedings and in litigation against mortgage lenders.

4. I represent Linda and Johnny Culpepper, homeowners, who were fraudulently

induced to transfer ownership of their home to someone who obtained a mortgage loan from the Debtors. The Culpeppers owned their property as tenants *by the* entirety. Anthony Deveaux fraudulently induced Johnny Culpepper to transfer title to the property to his wife, Linda Culpepper. Deveaux assured the Culpeppers that repairs would be done to the property so they could rent out a portion of it. In actuality, Deveaux transferred the property to a straw purchaser who obtained two mortgages from the Debtors totaling $425,000.00. At the time of the transaction the Culpepper's owed only $50,000.00 on the property. The problem with this scheme is that one party cannot sever a tenancy by the entirety. Therefore, the deed from Johnny to Linda was not valid. Nonetheless, despite this obvious problem with title, the Debtors gave a straw purchaser $425,000.00.

5. I have represented low and middle-income homeowners in foreclosure proceedings and in litigation against mortgage lenders for over 2 years.

6. Based on my experience representing homeowners in foreclosure proceedings and in litigation with mortgage lenders, I have personal knowledge regarding the requirements a mortgage holder must satisfy in order to foreclose on a home, the defenses homeowners may assert to foreclosure, the nature of claims borrowers may assert against lenders, and the documents and information that may be relevant in foreclosure proceedings and litigation between borrowers and lenders.

7. To support claims against servicer's and holders of mortgage loans based upon fraudulent and illegal origination and servicing practices, and to support defenses to foreclosure, borrowers may need the following information and documents:

- Communications regarding the origination and documentation of mortgage loans;
- Documents describing a lender's underwriting practices and procedures;

- Marketing materials provided by lenders and brokers to homeowners;

- Documents regarding a lender's mortgage assignment practices and procedures, including documents concerning lenders' relationship with and authority provided to MERS; and

- Lenders' document retention practices and document retention efforts;

- Underwriting documents and loan files for individual borrowers, which may include, among other things, copies of a Borrowers' HUD-1 forms, Truth-In-Lending Act Disclosure Statements, notes, deeds, loan applications, good-faith estimates, income statements, and credit reports; and

- Internal communications regarding the approval and documentation of individual borrowers' loans.

8. Borrowers need access to these documents to support their claims and defenses against non-Debtor third parties, particularly third parties seeking to foreclose on their homes. Specifically, borrowers may need these documents to prove, among other things, that lenders or third parties;

- Failed to take into account future rate adjustments and negative amortization in determining borrowers' ability to repay;

- Misrepresented borrowers' income in determining borrowers' ability to repay; Failed to provide required documentation to borrowers;

- Misrepresented the terms of loans to borrowers;

- Knew that borrowers were likely to default on loans;

- Intentionally disregarded internal underwriting or fraud prevention policies;

- Failed to properly assign notes and mortgages to successors; and

- Deliberately entered into relationships with mortgage brokers who were poorly trained, poorly supervised, and provided with financial incentives to place loans with borrowers who were likely to default,

9. In my experience, the documents sought in the Motion can be helpful because there were several red flags present in the Culpeppers' transaction. In addition to the glaring problem with the deed transfers, the documents show that the Culpeppers sold a property worth

3

$425,000.00 for only $60,000.00. They were obviously victims of a mortgage rescue fraud scam. Many banks have policies in place regarding property values, title searches and document reviews that include side agreements. Those policies are directly relevant to the claims currently pending in litigation in Cook County, Illinois. In addition to being relevant to the claims and defenses presented in the litigation, these documents could also help in settlement negotiations where the parties have full knowledge of all claims pending.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2010 in Chicago, Illinois.

By: _____
Tamara F. Kushnir Groman

4