# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ) | | Chapter |
| ) | | |
| AMERICAN HOME MORTGAGE ) | | Case No. 07-11047 |
| HOLDING, INC., a Delaware corporation, ) | | Jointly Administered |
| et al., ) | | |
| ) | | |
| Debtors. ) | | |
| ) | | |

## DECLARATION OF RAWLE ANDREWS JR.

I, Rawle Andrews Jr., declare:

1. I am over 18 years old, have personal knowledge of the facts set forth herein, and am otherwise competent to execute this declaration.

2. I submit this declaration in support of the Official Borrowers Committee's and Certain Individual Borrowers' Motion To Allow Borrowers to Pursue Discovery In Furtherance Of Claims And Defenses Against Non-Debtor Third Parties And, If Necessary, For Relief From the Automatic Stay, And Request For Inspection of Debtors' Documents And Examinations Concerning Debtors' Records Pursuant To Federal Rule of Bankruptcy Procedure 2004 (the "Motion")

3. I am an attorney admitted to practice before the Supreme Court of the Commonwealth of Pennsylvania since 1990 and the District of Columbia Court of Appeals since 1993, as well as the federal district court and bankruptcy courts in these jurisdictions. Since 2007 I have worked as an attorney and elder rights advocate at AARP. My current title is Senior State Director of AARP in Maryland, where I am responsible for substantially all the business and financial affairs of the Maryland State Office. Before this appointment in 2010, I was the Managing Attorney of AARP's Legal Counsel for the Elderly ("LCE"), a legal services

organization that provides civil legal aid to District residents of modest means. Nearly 25% of all LCE clients have a housing or housing-related problem including a growing number of homeowners over the past three years who are involved in foreclosure proceedings or litigation against mortgage lenders, brokers or servicers.

4. I represent Ms. Gracie Graves, a homeowner who obtained a mortgage loan from the Debtors and certain other financial services firms for claims of abusive lending and debt collection practices under federal and District of Columbia law, including the Truth in Lending Act and the DC Consumer Protection Procedures Act.

5. I have represented low and middle-income homeowners in foreclosure proceedings and in litigation against mortgage lenders for over seven years.

6. Based on my experience representing homeowners in foreclosure proceedings and in litigation with mortgage lenders, I have personal knowledge regarding the requirements a mortgage holder must satisfy in order to foreclose on a home, the defenses homeowners may assert to foreclosure, the nature of claims borrowers may assert against lenders, and the documents and information that may be relevant in foreclosure proceedings and litigation between borrowers and lenders.

7. To support claims against servicers and holders of mortgage loans based upon fraudulent and illegal origination and servicing practices, and to support defenses to foreclosure, borrowers may need the following information and documents:

- Communications regarding the origination and documentation of mortgage loans;
- Documents describing a lender's underwriting practices and procedures;
- Marketing materials provided by lenders and brokers to homeowners;

- Documents regarding a lender's mortgage assignment practices and procedures, including documents concerning lenders' relationship with and authority provided to MERS; and

- Lenders' document retention practices and document retention efforts;

- Underwriting documents and loan files for individual borrowers, which may include, among other things, copies of a Borrowers' HUD-1 forms, Truth-In-Lending Act Disclosure Statements, notes, deeds, loan applications, good-faith estimates, income statements, and credit reports; and

- Internal communications regarding the approval and documentation of individual borrowers' loans.

8. Borrowers need access to these documents to support their claims and defenses against non-Debtor third parties, particularly third parties seeking to foreclose on their homes. Specifically, borrowers may need these documents to prove, among other things, that lenders or third parties;

- Failed to take into account future rate adjustments and negative amortization in determining borrowers' ability to repay;

- Misrepresented borrowers' income in determining borrowers' ability to repay;

- Failed to provide required documentation to borrowers;

- Misrepresented the terms of loans to borrowers;

- Knew that borrowers were likely to default on loans;

- Intentionally disregarded internal underwriting or fraud prevention policies;

- Failed to properly assign notes and mortgages to successors; and

- Deliberately entered into relationships with mortgage brokers who were poorly trained, poorly supervised, and provided with financial incentives to place loans with borrowers who were likely to default.

9. In my experience, the documents sought in the Motion can be helpful in narrowing the issues for litigation and settlement negotiations because in most instances the

3

mortgage lender or its mortgage servicer has all or substantially all the business records regarding its policies, procedures and practices related to loan origination, appraisals, underwriting, credit risk assessment, broker service arrangements, customer call centers, customer loan files, delinquencies and defaults, portfolio service management, real estate owned inventories, and foreclosure related litigation. All of these records are relevant in determining whether the lender or the servicer fully understood and fully complied with legal obligations in the approval, commitment and administration of residential home loans.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Baltimore, Maryland on in this the 28th day of July, 2010.

By: _____
Rawle Andrews Jr.