## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., *et al.*[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors | : | **Objections Due By: August 25, 2010 at 4:00 pm** |
|  | : |  |

-------------------------------------------------------------

## THIRTY-FIRST MONTHLY APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | **HAHN & HESSEN LLP** |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | November 28, 2007 (effective August 14, 2007) |
| Period for which Compensation and Reimbursement of Expenses is Sought: | February 1, 2010 through February 28, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 157,841.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $ 1,090.89 |

This is a ☒ monthly ☐ interim ☐ final application.

| | |
|---|---|
| 80% OF FEES FOR PERIOD 2/1/10-2/28/10: | $ 126,273.20 (Holdback: $31,568.30) |
| 100% OF DISBURSEMENTS: | $ 1,090.89 |
| TOTAL DUE: | $ 127,364.09 |

---

[1] The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/30/2007 | 8/14/2007-8/31/2007 | $213,416.00 | $3,416.60 | Approved | Approved |
| 12/5/2007 | 9/1/2007-9/30/2007 | $347,084.50 | $10,120.65 | Approved | Approved |
| 12/12/2007 | 10/1/2007-10/31/2007 | $510,177.00 | $18,483.01 | Approved | Approved |
| 3/20/2008 | 11/1/2007-11/30/2007 | $234,223.00 | $9,396.14 | Approved | Approved |
| 3/20/2008 | 12/1/2007-12/31/2007 | $160,662.50 | $4,795.49 | Approved | Approved |
| 3/20/2008 | 1/1/2008-1/31/2008 | $226,308.50 | $5,000.27 | Approved | Approved |
| 6/17/2008 | 2/1/2008-2/29/2008 | $186,108.50 | $5,693.64 | Approved | Approved |
| 6/17/2008 | 3/1/2008-3/31/2008 | $208,726.00 | $6,406.70 | Approved | Approved |
| 6/17/2008 | 4/1/2008-4/30/2008 | $315,741.00 | $15,570.65 | Approved | Approved |
| 12/3/2008 | 5/1/2008-5/30/2008 | $181,783.50 | $4,606.22 | Approved | Approved |

| | | | | | |
|---|---|---|---|---|---|
| 12/5/2008 | 6/1/2008-6/30/2008 | $196,630.50 | $6,470.09 | Approved | Approved |
| 12/5/2008 | 71/2008-7/31/2008 | $206,217.50 | $3,157.08 | Approved | Approved |
| 12/5/2008 | 8/1/2008-8/31/2008 | $194,188.00 | $7,255.74 | Approved | Approved |
| 8/7/2009 | 9/1/2008-9/30/2008 | $249,088.50 | $9,037.16 | Approved | Approved |
| 8/7/2009 | 10/1/2008-10/31/2008 | $223,356.50 | $22,482.48 | Approved | Approved |
| 8/7/2009 | 11/1/2008-11/30/2008 | $216,169.00 | $4,286.36 | Approved | Approved |
| 8/18/2009 | 12/1/2008-12/31/2008 | $192,413.50 | $2,776.74 | Approved | Approved |
| 8/18/2009 | 1/1/2009-1/31/2009 | $261,947.50 | $7,523.50 | Approved | Approved |
| 8/18/2009 | 2/1/2009-2/28/2009 | $265,100.00 | $11,448.78 | Approved | Approved |
| 8/18/2009 | 3/1/2009-3/31/2009 | $128,991.00 | $2,824.78 | Approved | Approved |
| 8/18/2009 | 4/1/2009-4/30/2009 | $121,285.50 | 4,664.28 | Approved | Approved |
| 12/4/2009 | 5/1/2009-5/31/2009 | $179,391.00 | $2,998.22 | Approved | Approved |

| | | | | | |
|---|---|---|---|---|---|
| 12/4/2009 | 6/1/2009-6/30/2009 | $126,055.00 | $1,863.05 | Approved | Approved |
| 12/4/2009 | 7/1/2009-7/31/2009 | $199,320.00 | $3,557.19 | Approved | Approved |
| 12/4/2009 | 8/1/2009-8/31/2009 | $113,886.00 | $3,398.51 | Approved | Approved |
| 12/4/2009 | 9/1/2009-9/30/2009 | $138,373.00 | $2,293.70 | Approved | Approved |
| 3/23/2010 | 10/1/2009-10/31/2009 | $139,662.00 | $1,837.87 | Approved | Approved |
| 4/29/2010 | 11/1/2009-11/30/2009 | $165,166.50 | $1,781.83 | Approved | Approved |
| 4/29/2010 | 12/1/2009-12/31/2009 | $128,532.00 | $2,312.56 | Approved | Approved |
| 6/28/2010 | 1/1/2010-1/31/2010 | $137,410.50 | $2,722.14 | Approved | Approved |

## ATTORNEY/PARAPROFESSIONAL SUMMARY

| Name of Professional Person | Position of Applicant (Year Licensed to Practice) | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $760.00 | 22.70 | $17,252.00 |
| Mark T. Power | Partner (1989) | $760.00 | 3.60 | $2,736.00 |
| John P. McCahey | Partner (1986) | $750.00 | 53.10 | $39,825.00 |
| Don D. Grubman | Partner (1979) | $710.00 | 0.30 | $213.00 |
| Zachary G. Newman | Partner (1995) | $660.00 | 0.20 | $132.00 |
| Edward L. Schnitzer | Partner (1998) | $595.00 | 48.20 | $28,679.00 |
| Christopher Jarvinen | Partner (2000) | $595.00 | 4.50 | $2,677.50 |
| Robert Malatak | Special Counsel (1995) | $570.00 | 23.60 | $13,452.00 |
| Christina J. Kang | Associate (2002) | $500.00 | 35.50 | $17,750.00 |
| Katherine Craner | Associate (2002) | $485.00 | 11.90 | $5,771.50 |
| Jeffrey Zawadski | Associate (2003) | $425.00 | 15.30 | $6,502.50 |
| Huria Patwardhan | Associate (2005) | $375.00 | 11.60 | $4,350.00 |
| Joseph Orbach | Associate (2008) | $320.00 | 8.00 | $2,560.00 |
| Zahir Virani | Associate (2007) | $320.00 | 12.00 | $3,840.00 |

| Nicholas Rigano | Associate (2008) | $300.00 | 8.00 | $2,400.00 |
|---|---|---|---|---|
| Jason Smith | Paralegal (N/A) | $245.00 | 29.80 | $7,301.00 |
| Kyle Primm | Paralegal (N/A) | $150.00 | 16.00 | $2,400.00 |
| Grand Totals: | | | **304.30** | **$157,841.50** |
| **Blended Rate:** | **$518.70** | | | |
| **Blended Rate excluding Paraprofessionals:** | **$573.08** | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Time | Total |
|---|---|---|
| Creditors' Committee | 43.50 | $21,433.50 |
| Retentions | 0.10 | $42.50 |
| Sale of Assets | 1.20 | $595.50 |
| Professional Fees | 15.30 | $4,727.50 |
| Avoidance Actions | 127.50 | $55,305.00 |
| Litigation | 20.60 | $12,868.00 |
| Claims Administration | 2.30 | $1,245.50 |
| Investigation of Company | 88.60 | $58,569.00 |
| Triad Workout | 5.20 | $3,055.00 |
| **Total:** | **304.30** | **$157,841.50** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $236.47 |
| Duplicating [at 10¢ per page] | | $309.70 |
| Lexis | Lexis-Nexis | $243.87 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, INC | $122.02 |
| Overnight Delivery Postage | Federal Express, Inc. | $49.85 |
| Postage | | $15.63 |
| Search Fees | Pacer Service Center | $92.80 |
| Telephonic Conference Call | | $211.42 |
| Long Distance Telephone | | $2.13 |
| Travel | | ($193.00) |
| **Total:** | | **$1,090.89** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------
                                          :   Chapter 11
In re:                                    :
                                          :   Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al.² :   (Jointly Administered)
                                          :
                              Debtors     :
-------------------------------------------------------
```

**THIRTY-FIRST MONTHLY APPLICATION OF HAHN & HESSEN LLP,
FOR ALLOWANCE OF FEES AND EXPENSES AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
<u>FOR THE PERIOD FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010</u>**

TO:    THE HONORABLE CHRISTOPHER S. SONTCHI,
       UNITED STATES BANKRUPTCY JUDGE:

Pursuant to the provisions of sections 330 and 331 of Title 11, United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

HAHN & HESSEN LLP ("H&H") or (the "Applicant") submits this application seeking the

Court's approval of its thirty-first monthly request for compensation and reimbursement of

expenses as co-counsel to the Official Committee of Unsecured Creditors (the "Committee")

during the period of February 1, 2010 through February 28, 2010 (the "Compensation Period"),

and in support thereof respectfully represents:

1.    H&H submits this thirty-first monthly application for allowance of

$158,932.39 for services provided to the Committee during the Compensation Period consisting

of (i) fees in the amount of $157,841.50, and (ii) out-of-pocket expenses in the amount of

$1,090.89.

## **Background**

2.  On August 6, 2007 (the "Petition Date"), American Home Mortgage

Holdings, Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary

petitions for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors have

continued in the management and operation of their businesses as debtors and debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in the Debtors' cases.

3.  On August 14, 2007, the United States Trustee for the District of Delaware

appointed the Committee, which is comprised of the following seven (7) members:  Wilmington

Trust Company; United Parcel Service, c/o The Receivable Management Services Corporation,

Its Agent; The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as

Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business

Environments, Inc[4].

4.  The Committee elected Wilmington Trust Company, as Trustee, and The

Receivable Management Services Corporation, Agent for United Parcel Service, as Co-

Chairpersons of the Committee.  The Committee then selected H&H as its counsel, Blank Rome

LLP as co-counsel, and BDO Seidman as financial advisors.

---

[2]  The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment
 Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home
 Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak
 Abstract Corp.

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust
 Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.

[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

5.      Pursuant to an order of this Court dated November 28, 2007, a copy of which is annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee under a general retainer, effective as of August 14, 2007.

6.      The attorneys at H&H with primary responsibility for the representation of the Committee in this case are Jeffrey L. Schwartz, Mark S. Indelicato and Mark T. Power, each of whom is a partner at H&H.  Mr. Schwartz is a 1973 graduate of Cornell University and a 1976 graduate of New York University School of Law.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Schwartz, Indelicato and Power to separate and discrete tasks.  Mr. Schwartz has particular expertise regarding issues involving counter-parties to financial contracts in subprime lending, and has been particularly involved in these cases in that area.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

7.      This Monthly Fee Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

## Summary of H&H Services During the Compensation Period

8.        From the outset, these cases have been extremely active and challenging, with a multitude of substantial motions and adversary proceedings commenced during the first few weeks of the case.  Applicant devoted considerable time and attention at the inception of its retention getting up to speed quickly on the underlying facts to be able to respond appropriately to the myriad of expedited matters filed in the case.  Given the nature of this case, the Debtors and the Committee are continually called upon to deal with matters on an accelerated basis. During the month of February 2010, H&H expended 304.30 hours in connection with its services on behalf of the Committee.  H&H submits that the services it has rendered to the Committee have been necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest.  H&H's services concentrated in, but were not limited to, the following areas:

**(a)        Creditors' Committee**

9.        H&H expended 43.50 hours with respect to services under this category, for which total compensation amounts to $21,433.50.  Applicant's services included reviewing the numerous motions filed by the Debtors and the various responses and/or objections filed to these motions.  Pleadings were summarized for distribution and consideration by the Committee during regularly scheduled meetings.  Applicant prepared for and participated in several meetings with the Committee, local counsel and BDO, to discuss among other things, the issues surrounding the Dobben litigation, the issues pertaining to the W.R. Ross settlement, the status of the sale of AHM Bank and various other open issues related to the confirmed plan.  Applicant also addressed each of these issues with the Debtors' professionals as well as spent time preparing for and attending an omnibus hearing before this Court.

**(b)** **Retention**

10.    H&H expended 0.10 hours with respect to services under this category, for which total compensation amounts to $42.50.  Such services include review of the BDO retention application.

**(c)** **Sale of Assets**

11.    H&H expended 1.20 hours with respect to services under this category, for which total compensation amounts to $595.50.  Applicant's services include review of the sale motion, amended sale agreement and proposed order with respect to the Broadhollow sale.

**(d)** **Professional Fees**

12.    H&H expended 15.30 hours with respect to services under this category, for which total compensation amounts to $4,727.50.  Applicant's services included extensive attention to and review of certain professionals' fee applications and updating a spreadsheet detailing the fees and expenses of professionals and summaries thereto for distribution to Committee members.  Applicant reviewed and prepared fee statements for the fee examiner's review.  Applicant also prepared the initial draft of H&H's Twenty-Seventh, Twenty-Eighth, Twenty-Ninth and Thirtieth monthly fee applications.

**(e)** **Avoidance Actions**

13.    H&H expended 127.50 hours with respect to services under this category, for which total compensation amounts to $55,305.00.  Applicant  services included (i) communications with potential defendants and Receivable Management Services, the committee's retained agent, to discuss underlying claims; (ii) analyzing potential defenses; (iii) preparing settlement agreements;  (iv) responding to discovery requests and reviewing discovery responses; and (v) preparing the Committee's Sixth Omnibus 9010 motion.

**(f)**    **Litigation**

14.    H&H expended 20.60 hours with respect to services under this category, for which total compensation amounts to $12,868.00. Such services include review of drafts of the proposed settlement of the amended motion for payment of an administration claim filed by the Purchaser of the servicing business. Applicant prepared for and participated in several meetings with the Debtors, Committee professions, local counsel and BDO, to discuss among other things issues regarding potential claims against third parties.

**(g)**    **Claims Administration**

15.    H&H expended 2.30 hours with respect to services under this category, for which total compensation amounts to $1,245.50. Applicant's services included a review of various motions and claims objections.

**(h)**    **Investigation of Company**

16.    H&H expended 88.60 hours with respect to services under this category, for which total compensation amounts to $58,569.00. Applicant's services included reviewing documents produced by the Debtors. Applicant also researched and reviewed reports and analysis from BDO regarding potential claims against Deloitte. Applicant's services also included the drafting of and revision to the proposed tolling agreement with Deloitte. Applicant's prepared for and participated in various meetings, e-mail and conference calls with BDO and Deloitte's Counsel to address issues relating to the forgoing.

**(i)**    **Triad Workout**

17.    H&H expended 5.20 hours with respect to services under this category for which total compensation amounts to $3,055.00. Applicant reviewed and analyzed the Triad complaint and discussed available options with its professionals'. Applicant's services also

include participating in conference calls and meetings to address the status of Triad's issues, the

Countrywide motion to intervene and the stipulation regarding time to respond to complaint.

### H&H Fees for the Compensation Period

18.    Under all of the criteria normally examined in Chapter 11 reorganization

cases, H&H's total requested compensation of $157,841.50 in fees and $1,090.89 in expenses is

reasonable in light of the significant work performed by H&H to date.  The hourly rate for each

attorney and paraprofessional who performed the foregoing services on behalf of the Committee

is set forth in detail in the prefixed Summary Cover Sheet.

19.    Annexed hereto and made a part hereof as Exhibit "B" are computer-

generated invoices taken from the timesheets maintained by the individuals who performed

services during the Compensation Period.  The invoices indicate the dates of and description of

the services for which H&H seeks compensation, and the hours spent in performance of such

services.

20.    In certain instances, H&H's time records for February indicate that two or

more attorneys attended the same meeting or hearing.  Where more than one attorney attended a

meeting or hearing, it was due in part to the expertise related to a specific issue that one

particular attorney was handling and/or because one attorney was more familiar with specific

topics to be discussed or presented at the meeting or hearing.  Applicant made every effort to

minimize such dual attendance while at the same time assuring that the interests of the

Committee and the creditor body was adequately represented.  Applicant, therefore, believes that

the time for both attorneys at such meetings and/or hearings are properly compensable.

21.    Based on the above and in accordance with the Administrative Fee Order,

H&H requests allowance of monthly compensation for February, 2010 in the amount of

$157,841.50, and payment of $126,273.20 representing eighty percent (80%) of such compensation.

### **Disbursements Incurred During the Compensation Period**

22.    The annexed Exhibit "C" itemizes H&H's out-of-pocket expenses incurred in connection with its services during the Compensation Period.  Pursuant to Local Rule 2016-2(e), H&H's expenses are summarized in the prefixed Cover Sheet.  H&H charges its clients $0.10 per page photocopying expense.  Applicant charges its clients $1.25 per page for outgoing facsimile transmission but in accordance with the Local Rules of this court, seeks reimbursement of only $1.00 per page.  Actual long-distance carrier charges for outgoing facsimile transmission are reflected in the long-distance telephone charges.  H&H believes these expenses are reasonable and were necessarily made.  H&H respectfully requests reimbursement thereof in the sum of $1,090.89.

23.    In providing a reimbursable service, H&H does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

24.    H&H reserves the right to request in subsequent monthly applications reimbursement for expenses actually incurred during the Compensation Period but which do not appear on the annexed Exhibits "B" and "C" because either charges have not yet been posted in H&H's billing system, or have not yet been billed by a third party vendor.

**WHEREFORE**, H&H respectfully requests that the Court enter an order

allowing compensation and reimbursement of expenses in the amounts set forth herein and

provide such other and further relief as to be just and equitable.

Dated:    New York, New York
          August 4, 2010

<div style="margin-left:40%">

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of
Unsecured Creditors of American Home Mortgage
Holdings, Inc., et al. Debtors


By:    /s/ Mark S. Indelicato
       Mark S. Indelicato (A Member of the Firm)
       488 Madison Avenue
       New York, NY  10022
       (212) 478-7200
       (212) 478-7400 facsimile

</div>