**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x  Chapter 11
In re:                                                             :
                                                                   :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                              :
HOLDINGS, INC., a Delaware corporation, et al.,[1]                 :  Jointly Administered
                                                                   :
                              Debtors.                             :
------------------------------------------------------------------ x

## DEBTORS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION DIRECTED TO PARK NATIONAL BANK

TO:    **Park National Bank (Park National)**

      Michael Busenkell
      Womble Carlyle Sandridge & Rice, PLLC
      222 Delaware Avenue, Suite 1501
      Wilmington, Delaware 19801
      Telephone:  (302) 252-4324

      Kenneth Yudell
      Aronauer, Re & Yudell, LLP
      444 Madison Avenue, 17th Floor
      New York, New York 10022
      Telephone: (212) 755-6000

        Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, as incorporated

by Rules 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") hereby propound their *First Set of*

*Interrogatories, Requests for Production of Documents, and Requests for Admission Directed to Park*

*National Bank* ("Park National") in connection with *Debtors' (I) Limited Objection to Motion of Park*

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

*National Bank for Lifting the Automatic Stay, Objecting to Debtor's Use of Cash Collateral, and*

*Requesting Adequate Protection and (II) Request for Allowance and Payment of Section 506(c) Claim*

[D.I. 8226], *as may be amended,* [Docket No. 8226] (the "Motion")². Park National is hereby directed

to respond and produce documents and things as requested herein so as to be received by counsel for

the Debtors, Sharon M. Zieg, Esquire, Young Conaway Stargatt & Taylor, LLP, 1000 West Street,

17th Floor, Wilmington, Delaware 19801, no later than 5:00 p.m. (E.T.), **Wednesday, March 31,**

**2010.**

These Interrogatories, Requests for Production and Requests for Admission

(collectively, the "Requests") shall be deemed continuing so as to require immediate supplemental

answers and responses thereto if you or your attorney or other representatives obtain further

information or responsive documents between the time your answers and responses hereto are served

and the time of the Hearing (as defined below).

## I.    DEFINITIONS

The following definitions and instructions shall apply to these Requests:

A.    "And" as well as "or" shall be construed both disjunctively and conjunctively in order

to bring within the scope of the Requests that which might otherwise be construed or interpreted to be

outside the scope of the Requests.

B.    "Bankruptcy Case" shall mean the above-captioned bankruptcy case.

C.    "Communication" or "communication" shall mean any document, oral statement,

meeting or conference, formal or informal, at any time or place and under any circumstances

whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or

otherwise, was stated, written, recorded or in any manner transmitted or transferred, and is not limited

to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

---

² All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Amended Motion.

D.    "Concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

E.    "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

F.    "Document" or "document" means any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, electronic mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

G.    "Electronically-Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this dispute.  ESI includes, but is not limited to, all electronically stored Documents.  ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external websites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs

3

and outlines, electronic mail, AOL Instant Messenger™ (or similar programs), bulletin board programs

(e.g. Linked In, Facebook, and Twitter), operating systems, source code, PRF files, PRC files, batch

files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said

electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of

electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard

disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data

storage or transmittal, such as, but not limited to, a personal digital assistants (e.g., Palm Pilots),

handheld wireless devices (e.g., BlackBerrys), or similar devices, internal or external email

management software and consoles (e.g. Postini, Smarsh or similar email management solutions) and

file folder tabs, or containers and labels appended to, or relating to, any physical storage device

associated with each original or copy of all Documents requested herein.

     H.    "Escrow Account" refers to the reserve account with Park National establish to retain

funds for taxes and insurance premiums and as described in the Note.

     I.    "Hearing" refers to any evidentiary hearing on the Motion.

     J.    The terms "identify," "identity," or "identification" when referring to a document

means to state the type of document, the date the document was created, the person(s) who authored or

otherwise created the document, the location where the document was created, the purpose the

document was made, a general description as to the subject matter of the document, the present

location and custodian of the document and the names and business addresses of each and every person

who has read, accessed and/or reviewed the document.

     K.    The terms "identify," "identity," or "identification" when referring to a natural person

means to state his or her: (a) name; (b) title or position; (c) present or last known business address; (d)

present or last known home address; (e) present or last known business telephone number; and (f)

present or last known home telephone number.  If such person is no longer employed by the person or

entity for which he/she engaged in the activity that is the subject of the interrogatory, state the date on

                

which he/she left the employ of the person or entity and his/her title or position when he/she engaged in the activity that is the subject of the Interrogatory.

L.    The terms "identify," "identity," or "identification" when referring to a non-natural person means to state: (a) the full name of the entity; (b) the address of its principal place of business; (c) the telephone number of its principal place of business; (d) the name and title of each person who (1) is or was an officer, director, general partner, limited partner, member or beneficiary of the organization, or (2) represented the organization with respect to the subject matter stated in the Interrogatory; and (e) the relationship of the entity to the parties to this proceeding.

M.    The terms "identify," "identity," or "identification" when used with reference to an occasion or instance on which some event, act or omission occurred, mean to state the date and place of such occasion or instance, to describe the nature and content of the event, act or omission, and to provide the identification of such person involved in any way in such event, act or omission.

N.    The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

O.    "Mortgage" shall mean the mortgage made by the Debtors to Park National, dated August 9, 2005, attached to the Stay Relief Motion as Exhibit B.

P.    "Note" shall mean the Note, dated August 9, 2005, and all amendments thereto attached to the Stay Relief Motion as Exhibits A, C, and D, respectively.

Q.    "Motion" shall mean the *Debtors' (I) Limited Objection to Motion of Park National Bank for Lifting the Automatic Stay, Objecting to Debtor's Use of Cash Collateral, and Requesting Adequate Protection and (II) Request for Allowance and Payment of Section 506(c) Claim* [D.I. 8226], *as may be amended*, (the "Motion").

R.    "Person" shall mean any natural person or any business, legal or governmental entity, organization or association.

S.    "Petition Date" shall mean August 6, 2007.

T.    "Property" shall mean the property located at 950 Elmhurst Road, Mount Prospect, Illinois.

U.    "Refer" "reflect" and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

V.    The terms "regarding" and "with regard to" shall mean referring to, or having any relationship with whatsoever, or concerning or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any Interrogatory or Request for Production.

W.    "Rent" shall have the meaning ascribed to such term in the Note.

X.    "Stay Relief Motion" shall mean the *Motion of Park National Bank for Lifting the Automatic Stay, Objecting to Debtors' Use of Cash Collateral and Requiring Adequate Protection* [Docket No. 8101].

Y.    "You" or "Your" shall refer to Park National and together with any entities controlled by or under common control with such entity, its agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

Z.    "Your Professionals" shall mean attorneys, accountants, consultants, advisors, agents or other representatives retained or used by Park National.

AA.    "506(c) Claim" shall mean all amounts the Debtors allege claiming are recoverable from the Property or are due and owing from Park National with respect to the Property pursuant to 11 U.S.C. §506(c).

## II.    INSTRUCTIONS

A.    The preceding definitions apply to these instructions and each of the Requests.

B.     In responding to these Requests, you shall produce separately all Documents, including reasonably accessible ESI, in your possession, custody or control, or in the possession, custody or control of your agents and representatives.

C.     The Requests are continuing in character so as to require the filing of supplemental answers and responses if further information or Documents or other material are obtained prior to the Hearing.

D.     Where knowledge or information in possession of parties is requested, such request includes knowledge of the party's agents, representatives, accountants, advisors and unless privileged, his or her attorneys.

E.     Where Documents are requested, such request includes Documents in possession or control of the party's agents, representatives, accountants, advisors, including any Document You have a right by contract, statute or otherwise to use, inspect, examine or copy, and unless privileged, his or her attorneys.

F.     If no Documents responsive to a request exist, you should so state in response to the request.

G.     If a Request, or any part thereof, asks for information which could have at one time been supplied by consulting documents which are no longer in existence because they were destroyed, then in answer to such request or part thereof, for each such Document:

   i.      identify the Document;

   ii.     state the time period during which it was maintained;

   iii.    state the circumstance under which it ceased to exist, and the date thereof;

   iv.     identify each person having knowledge of the circumstances described in
           response to subsection (iii) above; and

   v.      identify each person who has possession, custody or control of the Document, or
           to whom it was available or who had knowledge of the Document and/or the
           contents thereof.

7

H.    If the answer to a Request is based upon information and belief, set forth the sources of the information and the grounds of the belief.

I.    If You cannot fully answer any Interrogatory or part thereof after exercising due diligence to secure the information needed to do so, state an answer to the extent possible, specifying the reasons not subject to a claim of privilege for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

J.    In the event You are able to produce only some of the writings called for in a particular request, please produce all writings You are able to produce.

K.    To the extent that any of the following Requests calls for what You believe to be information subject to a claim of privilege, answer so much of each Request and each part thereof as does not request, in Your view, privileged information and with respect to each document or communication or portion thereof that the respondent does not produce or divulge based upon a claim of privilege or for any other reason, prepare a privilege log which states the following: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name, and address of each person or entity to whom the document was directed or addressed; (d) the name and address of each person or entity to whom a copy of the document was directed or sent; (e) the name and address of each person or entity who has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description of the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy thereof, was received by each person or entity having possession of the document or a copy thereof; and (m) the reason the document or communication was not produced.

8

L.     Whenever a Request is framed in the conjunctive, it shall also be taken in the disjunctive and vice versa.  Whenever a Request is framed in the singular, it shall also be taken in the plural, and vice versa.  The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

M.     Documents attached to each other should not be separated.  Documents that are located in files, folders, binders and the like must be produced in a manner that enables the Debtors to determine which particular pages were contained in a given file, folder or binder.  The labels of any files, folders or binders that contain responsive Documents must also be copied.

N.     All electronic documents should be produced as TIFFs with load files including all standard metadata information associated with the document (including searchable text when available) or in PDF-searchable format, except that the Debtors request that electronic documents be produced in a native format where the native format includes relevant information not available with a TIFF or PDF file or where a TIFF or PDF file is relatively cumbersome to view.  For example, Excel spreadsheets often contain important information, such as formulas, that are unviewable in a TIFF format.  As another example, relevant audio, video, or executable files would not be viewable in TIFF format.

O.     For each TIFF file provided the following instructions shall apply:

   i.     <u>TIFFs.</u>  Single-page Group IV TIFFs should be provided, at least 300 dpi. Include a Concordance image load file for Opticon.

   ii.    <u>Text Files.</u>  For each document, a text file should be provided along with the TIFF.  The text of native files should be extracted directly from the native file.

   iii.   <u>Unique IDs.</u>  Each image should have a unique file name - bates number.

   iv.    <u>Metadata Fields.</u>  The following metadata should be provided if they exist:

      1.     Begin Bates, End Bates

9

2.  Begin Attachment, End Attachment (Used to determine Parent-child relationships (the association between an attachment and its parent document))

3.  Date Sent, Date Created, Date Modified (maintained in GMT)

4.  Document type (i.e. Email, Word, Excel) and Page Count

5.  Author, To, From, Copy, BCC

6.  Custodian or source of documents

P.  If there are tapes or voice recordings that are responsive to any request, then You must produce the tape itself (or an accurate copy thereof) and any existing transcriptions thereof. Production of a transcription alone will not be considered sufficient.

Q.  If You object to any part of any specific Request, You shall state fully the nature of the objection. Notwithstanding any objections, You must comply fully with the other parts of the Request not objected to.

R.  Some of the specific Requests call for a category of Documents "including without limitation" a designated subcategory of Documents. The specified subcategory shall not be construed to restrict the generality of the Request. You must produce all Documents responsive to the general category identified in the Request, even if You think that the subcategory does not fall within the scope of the general category. And You must produce all Documents responsive to the identified subcategories, even if You think that they do not fall within the scope of the general category.

S.  When an interrogatory instructs you to "state the basis for," you shall provide a complete statement of all the facts and conceptual premises you rely upon to assert, support, deny or evidence the particular allegation or allegations referenced in the interrogatory. Such interrogatory does not and shall not be construed to call for a legal conclusion, but merely calls for the disclosure of facts, although such may involve the application of law to the facts you rely upon.

T.  Unless otherwise indicated by the language of a particular Request, each Request refers to and includes the time period from July 1, 2007, through the date of the Hearing.

DB02:8985597.2                066585.1001

## III.   INTERROGATORIES

1.   Identify each person who provided information in preparing Your responses to the Requests and state the nature of the information provided.

2.   State the basis for Your contention that payment of ad valorem taxes with respect to the Property did/do not provide a direct benefit to Park National.

3.   State the basis for Your contention that the amounts included in the 506(c) Claim, other than amounts paid on account of ad valorem taxes, did/do not provide a direct benefit to Park National.

4.   Describe all of Your Communications regarding how to value the Property, including discussions of various methodologies to be used to determine or estimate the past, current or future value of the Property.

5.   Identify the amount(s) You intend(ed) to credit bid at any auction of the Property.

6.   Identify the date You contend should be used for determining whether Park National's security interest in the Property is over or under secured.

7.   Identify each person You have contacted related to the Property.

8.   Identify and describe all payments received by Park National from the Debtors or any agent of the Debtors.

9.   Describe all Communications, internal or with third parties, referring or related to the Note and/or the Mortgage, including without limitation, any extensions of the maturity date under the Note and/or Mortgage.

10.   Describe what You intend to do with the Property.

11.   Describe all efforts You have made to lease, rent, sell or otherwise dispose of the Property.

12.   State the basis for requiring the funds to be retained in the Escrow Account.

13.   Identify and describe all payments made from the Escrow Account.

14.   Identify all cash used by the Debtors that Park National contends was Park National's cash collateral.

15.    State the basis for Your contention that the Debtors improperly used Park National's cash collateral.

16.    Identify each and every witness whom You will call or anticipate calling to testify at the Hearing and, for each such person, please describe in detail the subject matter of such person's anticipated testimony.

17.    Identify each and every document and/or exhibit that You will introduce or anticipate introducing at the Hearing.

18.    Describe any policy, practice or procedure under which any of Your Documents are destroyed.

## IV.    DOCUMENT REQUESTS

1.    All Documents that were refer to or identified in Your responses to the Interrogatories.

2.    All Documents concerning the Property, including, but limited to Documents that refer or relate to any alleged default of the Debtors' under the Note, Park National's intent to credit bid at any auction of the Property, the Sale of the Property, the Rents, Park National's security interests under the Note, and any extensions of the maturity date under the Note.

3.    All Documents concerning any payment to Park National from the Debtors, including without limitation all Documents concerning principal payments under the Note, interest payments under the Note, escrow payments under the Note, real estate taxes related to the Property, insurance payments related to the property, invoices for payment of property taxes, cleared checks, and statements for the Escrow Account.

4.    All Documents concerning any valuations of the Property.

5.    All Documents reviewed, referred to or relied upon in valuing the Property.

6.    All Documents concerning Your decision to file the Stay Relief Motion.

7.    All Documents provided to or exchanged with any appraiser with respect to the Property.

12

8. All Documents provided to or exchanged with any expert testifying at the Hearing.

9. All Documents provided to or exchanged with any person who may testify at the Hearing under Rule 701 of the Federal Rules of Evidence.

10. Any expert reports, including drafts, prepared in connection with the Stay Relief Motion and/or the Motion.

11. All Documents You may rely upon at the Hearing.

## V.    REQUESTS FOR ADMISSION

1. Under Illinois law, if the Debtors' had not paid the real estate taxes, a tax lien, senior to Park National's security interest in the Property, would have arisen.

2. Accrual of unpaid real estate taxes against the Property would have eroded Park National's security interest in the Property.

Dated: February 26, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Sharon M. Zieg_____
Sharon M. Zieg (No. 4196)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: szieg@ycst.com

_Counsel for the Debtors_

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------ X    Chapter 11
In re                          :
                                    Case No. 07-11047 (CSS)
American Home Mortgage         :
Holdings, Inc., et al.,             (Jointly Administered)
                               :
              Debtors.         :
                               :
------------------------------ X
```

**PARK NATIONAL'S RESPONSES AND OBJECTIONS TO
DEBTORS' FIRST SET OF INTERROGATORIES,
FIRST REQUEST FOR THE PRODUCTION OF
DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS**

U.S. Bank National Association, as successor in

interest to Park National Bank and Trust of Chicago ("Park

National"), by its undersigned counsel, hereby responds and

objects to Debtors' First Set of Interrogatories, First Request

for the Production of Documents and First Request for Admissions

(the "Requests") as follows:

### GENERAL OBJECTIONS

1.    Park National objects to the Requests to the

extent they seek to impose any obligations beyond those imposed

by the Federal Rules of Civil Procedure, the local rules of the

Bankruptcy Court for the District of Delaware, other applicable

law and/or orders issued in this matter.

2.    Park National objects to the Requests to the

extent they seek information that was prepared in anticipation of

litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Park National, constitutes privilege attorney-client information, constitutes confidential, proprietary and/or trade secret information, or is otherwise protected from disclosure under applicable privileges, laws or rules, because such information is not properly discoverable under the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.  Any disclosure of such protected or privileged information shall be deemed inadvertent and shall not constitute a waiver of such privilege, protection or immunity.

     3.   Park National objects to the Requests to the extent they seek information within Debtors' knowledge or equally available to Debtors through public or other sources or records on the grounds that they are unduly burdensome and duplicative.

     5.   Plainitff objects to the Requests to the extent they seek information not within Park National's possession, custody, or control.

     6.   Park National objects to the Requests to the extent they seek information outside of the relevant time period of this matter on the grounds that they are overbroad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

7.   Park National objects to the Requests to the extent that they are vague, ambiguous, incomprehensible, or contain terms that are undefined.

8.   Park National objects to the Requests to the extent they call for information that is cumulative or duplicative.

9.   Park National objects to the Requests to the extent they call for information that is neither relevant to the subject matter of the pending matter nor reasonably calculated to lead to the discovery of admissible evidence.

10.  Park National's responses are made without prejudice to the assertion of additional objections and responses by it at a later date and are made without prejudice to Park National's rights to supplement, modify, or amend its responses as necessary, and to rely upon and produce evidence at trial or any proceeding that may be held in this action.

11.  Park National's response to each Request is to the best of its present knowledge, information and belief.  Park National's discovery and investigation of the facts relevant to this matter are ongoing.

Each of the above General Objections shall be deemed to
apply, where appropriate, to Park National's responses as set
forth below, notwithstanding the fact that Park National has
supplied Responses to the propounded Requests.

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORIES

1.    Identify each person who provided information in
preparing Your responses to the Requests and state the nature of
the information provided.

Response: Frederick Body and Kenneth S. Yudell, Esq.

2.    State the basis for Your contention that payment of ad
valorem taxes with respect to the Property did/do not provide a
direct benefit to Park National.

Response: Payment of all expenses of the Property were

primarily for the benefit of the Debtors who were

in control of the Property during the relevant

time period.  These payments directly benefitted

the Debtors since they preserved Debtors' equity

in the Property.

3.    State the basis for Your contention that the amounts
included in the 506(c) Claim, other than amounts paid on account

4

of ad valorem taxes, did/do not provide a direct benefit to Park National.

      Response: Payment of all expenses of the Property were primarily for the benefit of the Debtors who were in control of the Property.  These payments directly benefitted the Debtors since they preserved Debtors' equity in the Property.

    4.    Describe all of Your Communications regarding how to value the Property, including discussions of various methodologies to be used to determine or estimate the past, current or future value of the Property.

      Response: We are not aware of any non-privileged communications at this time.

    5.    Identify the amount(s) You intend(ed) to credit bid at any auction of the Property.

      Response: This request is not relevant to the matters at issue.  As such, no response is required.

    6.    Identify the date You contend should be used for determining whether Park National's security interest in the Property is over or under secured.

      Response: August 6, 2007.

    7.    Identify each person You have contacted related to the Property.

5

Response: Park National has been in contact with Debtors and

Debtors' representatives.  Park National has also

been in contact with the attorneys for Park

National and the appraiser.

8.    Identify and describe all payments received by Park National from the Debtors or any agent of the Debtors.

Response: Park National objects to this Interrogatory as

requesting information not relevant to the issues

in dispute and not reasonably calculated to lead

to the discovery of relevant evidence.

Notwithstanding and without waiving this objection

or the General Objections, Park National refers

Debtors to the loan history produced herewith.

9.    Describe all Communications, internal or with third parties, referring or related to the Note and/or the Mortgage, including without limitation, any extensions of the maturity date under the Note and/or Mortgage.

Response: Park National objects to this Interrogatory as

unduly burdensome and as requesting information

not relevant to the issues in dispute and not

reasonably calculated to lead to the discovery of

relevant evidence.

6

10.  Describe what You intend to do with the Property.

Response: Park National objects to this Interrogatory as requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence.

11.  Describe all efforts You have made to lease, rent, sell or otherwise dispose of the Property.

Response: None.  Park National is not the owner of the Property and therefore has no authority to lease, rent, sell or otherwise dispose of the Property.

12.  State the basis for requiring the funds to be retained in the Escrow Account.

Response: This Interrogatory is incomprehensible and cannot be answered as posed.  Assuming the Interrogatory is requesting the basis for requiring Debtors to make payments to the Escrow Account, the response would be the terms of the Mortgage.

13.  Identify and describe all payments made from the Escrow Account.

Response: Park National objects to this Interrogatory as requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence.

7

Notwithstanding and without waiving the General
Objections or this objection, Park National refers
Debtors to the payment history accompanying this
Response.

14. Identify all cash used by the Debtors that Park
National contends was Park National's cash collateral.

Response: All rents, security deposits and other proceeds
generated by the Property.

15. State the basis for Your contention that the Debtors
improperly used Park National's cash collateral.

Response: Park National has made no such claim in connection
with Debtors' request for a surcharge under 11
U.S.C. § 506(c).

16. Identify each and every witness whom You will call or
anticipate calling to testify at the Hearing and, for each such
person, please describe in detail the subject matter of such
person's anticipated testimony.

Response: Park National has not yet identified any witnesses
to testify at any Hearing in this matter.

17. Identify each and every document and/or exhibit that
You will introduce or anticipate introducing at the Hearing.

Response: Park National has not yet identified any documents
and/or exhibits to be introduced at any Hearing in

8

this matter.

18.   Describe any policy, practice or procedure under which any of Your Documents are destroyed.

Response: Park National is not aware of any documents

relevant to this matter as having been destroyed.

## DOCUMENT REQUESTS

1.   All Documents that were refer to or identified in Your responses to the Interrogatories.

Response: See Responses and Objections to each

Interrogatory, above.

2.   All Documents concerning the Property, including, but limited to Documents that refer or relate to any alleged default of the Debtors' under the Note, Park National's intent to credit bid at any auction of the Property, the Sale of the Property, the Rents, Park National's security interests under the Note, and any extensions of the maturity date under the Note.

Response: Park National objects to this Request as

oppressive, unduly burdensome, requesting

information not relevant to the issues in dispute

and not reasonably calculated to lead to the

discovery of relevant evidence.

3.    All Documents concerning any payment to Park National from the Debtors, including without limitation all Documents concerning principal payments under the Note, interest payments under the Note, escrow payments under the Note, real estate taxes related to the Property, insurance payments related to the property, invoices for payment of property taxes, cleared checks, and statements for the Escrow Account.

                Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

4.    All Documents concerning any valuations of the Property.

                Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

5.    All Documents reviewed, referred to or relied upon in valuing the Property.

                Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

6.    All Documents concerning Your decision to file the Stay Relief Motion.

                Response: Park National objects to this Request as

requesting information not relevant to the issues
in dispute and not reasonably calculated to lead
to the discovery of relevant evidence.    Park
National further objects to this Request as
seeking to invade the attorney-client and/or work-
product privileges.

7.    All Documents provided to or exchanged with any
appraiser with respect to the Property.

Response: Notwithstanding and without waiving the General
Objections, Park National refers Debtors to the
documents accompanying this Response.

8.    All Documents provided to or exchanged with any expert
testifying at the Hearing.

Response: Park National has not yet identified any expert
expected to testify at trial.

9.    All Documents provided to or exchanged with any person
who may testify at the Hearing under Rule 701 of the Federal
Rules of Evidence.

Response: Park National has not yet identified any witness
expected to testify at trial.

10.    Any expert reports, including drafts, prepared in
connection with the Stay Relief Motion and/or the Motion.

Response: Park National objects to the Request to the extent

11

it seeks to invade the attorney-client and/or

work-product privileges.  Notwithstanding and

without waiving the General Objections or this

objection, Park National refers Debtors to the

documents accompanying this Response.

11.  All Documents You may rely upon at the Hearing.

Response: Park National has not yet identified any documents

it expects to rely upon at any trial of this

matter.


## REQUESTS FOR ADMISSION

1.   Under Illinois law, if the Debtors' had not paid the

real estate taxes, a tax lien, senior to Park National's security

interest in the Property, would have arisen.

Response: Deny.

12

2.    Accrual of unpaid real estate taxes against the Property would have eroded Park National's security interest in the Property.

Response: Deny.

Dated:    New York, New York
          April 5, 2010

                              Womble Carlyle Sandridge & Rice, PLLC


                              By: /s/ Michael Busenkell
                                  Michael Busenkell (Del. Bar No. 3933)
                              222 Delaware Avenue, Suite 1501
                              Wilmington, DE 19801
                              Telephone # (302) 252-4324

                              And

                              Aronauer, Re & Yudell, LLP
                              Joseph Aronauer, admitted Pro Hac Vice
                              444 Madison Avenue, 17th Floor
                              New York, New York 10022
                              Telephone # (212) 755-6000

                              *Attorneys for Park National*

**EXHIBIT D**

## Lundgren, Andrew

| | |
|---|---|
| **From:** | Zieg, Sharon |
| **Sent:** | Wednesday, May 12, 2010 12:16 PM |
| **To:** | 'Kenneth Yudell'; Lundgren, Andrew; 'mbusenkell@wcsr.com' |
| **Subject:** | RE: AHM/Park National - Letter and Discovery |

I have been involved in an expedited matter for the last month and am just returning to the land of the living.  I do not believe we have heard from the Court about a hearing date - Mike have you received a call from Chambers?  In the interest of moving this matter forward, please let me know your availability for a call tomorrow and we can try to come up with a scheduling going forward and contact chambers for a hearing date.

-----Original Message-----
From: Kenneth Yudell [mailto:KYudell@aryllp.com]
Sent: Tuesday, April 06, 2010 7:01 PM
To: Lundgren, Andrew; 'mbusenkell@wcsr.com'
Cc: Zieg, Sharon
Subject: Re: AHM/Park National - Letter and Discovery

No problem

----- Original Message -----
From: Lundgren, Andrew <alundgren@ycst.com>
To: Kenneth Yudell; mbusenkell@wcsr.com <mbusenkell@wcsr.com>
Cc: Zieg, Sharon <SZIEG@ycst.com>
Sent: Tue Apr 06 17:36:17 2010
Subject: RE: AHM/Park National - Letter and Discovery

Because of the timing last night, the FedEx could not go out until today.  I am told it is scheduled to arrive at your office tomorrow morning at 10:30.  The tracking number is: 983392995792.

Regards,

Andrew

-----Original Message-----
From: Kenneth Yudell [mailto:KYudell@aryllp.com]
Sent: Tuesday, April 06, 2010 5:21 PM
To: Lundgren, Andrew; mbusenkell@wcsr.com
Cc: Zieg, Sharon
Subject: RE: AHM/Park National - Letter and Discovery

Andrew:  I have not yet received the Federal Express package.  Please provide me with tracking information so we can find out where it is.

Thanks.

Ken

-----Original Message-----
From: Lundgren, Andrew [mailto:alundgren@ycst.com]
Sent: Monday, April 05, 2010 8:13 PM
To: mbusenkell@wcsr.com; Kenneth Yudell
Cc: Zieg, Sharon
Subject: AHM/Park National - Letter and Discovery

Mike:

Please see the attached letter and discovery, which is being hand-delivered with enclosure to you today.  A copy will be sent by FedEx to Ken.

Regards,

Andrew

˙<<AHM - Mt. Prospect - Letter to Busenkell (4.5.2010).pdf>> <<(9463443_1)_AHM - Responses and Objections to Park National_s First Request for the Production of Documents and Things.PDF>>

Andrew A. Lundgren
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6743
Facsimile: 302-576-3511
alundgren@ycst.com

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of the  company. Warning: Although precautions have been taken to make sure no viruses are present in this email, the company cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of the  company. Warning: Although precautions have been taken to make sure no viruses are present in this email, the company cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

**EXHIBIT E**

**Eden, Lisa**

| | |
|---|---|
| **From:** | Zieg, Sharon |
| **Sent:** | Monday, July 26, 2010 1:45 PM |
| **To:** | 'kyudell@aryllp.com' |
| **Cc:** | 'Busenkell, Mike'; Lundgren, Andrew; Beach, Sean |
| **Subject:** | RE: AHM - 506(c) Claim Against Park National |

Ken,

I am following up on my emails below.  If I do not hear from you in the next couple of days we will be forced to file a motion to compel, which I am loathe to do.

Regards,
Sharon M. Zieg
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6655
Facsimile: 302-576-3350
SZIEG@ycst.com

To ensure compliance with requirements imposed by the Internal Revenue Service in Circular 230 on tax practitioners, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.

This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message.  Thank you for your cooperation.

| | |
|---|---|
| **From:** | Zieg, Sharon |
| **Sent:** | Thursday, July 15, 2010 1:41 PM |
| **To:** | Zieg, Sharon; 'kyudell@aryllp.com' |
| **Cc:** | 'Busenkell, Mike'; Lundgren, Andrew; Beach, Sean |
| **Subject:** | RE: AHM - 506(c) Claim Against Park National |

Ken,

Can you please provide me with timing for the when Park National will be providing the supplemental responses and production mentioned in my email below.  Further, can you please send me a quick email with the final purchase price from the foreclosure sale.  Also, please let me know when you would like to have a call to discuss scheduling of depositions.

Regards,
Sharon M. Zieg
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6655
Facsimile: 302-576-3350
SZIEG@ycst.com

To ensure compliance with requirements imposed by the Internal Revenue Service in Circular 230 on tax practitioners, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.

This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

---

| | |
|---|---|
| **From:** | Zieg, Sharon |
| **Sent:** | Monday, July 12, 2010 1:21 PM |
| **To:** | 'kyudell@aryllp.com' |
| **Cc:** | 'Busenkell, Mike'; Lundgren, Andrew |
| **Subject:** | AHM - 506(c) Claim Against Park National |

Ken,

In follow-up to our conversation a few weeks ago, please provide me with an update regarding when Park National will be producing the additional documents we requested on our call and providing us with supplemental production.  It is my understanding that the foreclosure sale is now complete and I believe any Documents (as defined in the Requests) in Park National's possession, custody and control related to foreclosure and the bids made at the sale are responsive.

Regards,
Sharon M. Zieg
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6655
Facsimile: 302-576-3350
SZIEG@ycst.com

To ensure compliance with requirements imposed by the Internal Revenue Service in Circular 230 on tax practitioners, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.

This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

**EXHIBIT F**

## Eden, Lisa

**From:**       Kenneth Yudell [KYudell@aryllp.com]
**Sent:**       Wednesday, July 28, 2010 8:36 AM
**To:**         Zieg, Sharon
**Cc:**         Busenkell, Mike; Lundgren, Andrew; Beach, Sean
**Subject:**    RE: AHM - 506(c) Claim Against Park National

Sharon, sorry for not being more responsive.  I have been involved with a series of
hearings that seems to be taking up every waking moment.  I have another hearing today,
but expect to be in the office tomorrow and Friday.  I will try to get you the info by the
end of the week.

Ken

---

From: Zieg, Sharon [SZIEG@ycst.com]
Sent: Monday, July 26, 2010 1:45 PM
To: Kenneth Yudell
Cc: Busenkell, Mike; Lundgren, Andrew; Beach, Sean
Subject: RE: AHM - 506(c) Claim Against Park National

Ken,

I am following up on my emails below.  If I do not hear from you in the next couple of
days we will be forced to file a motion to compel, which I am loathe to do.

Regards,
Sharon M. Zieg
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6655
Facsimile: 302-576-3350
SZIEG@ycst.com

To ensure compliance with requirements imposed by the Internal Revenue Service in Circular
230 on tax practitioners, we inform you that, unless we expressly state otherwise in this
communication (including any attachments), any federal tax advice contained in this
communication is not intended or written to be used, and cannot be used, for the purpose
of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or
recommending to another party any transaction or other matter addressed herein.
This message may contain confidential attorney-client communications or other protected
information.  If you believe you are not an intended recipient (even if this message was
sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you
received this message by mistake, please notify us by return e-mail, and then delete this
message.  Thank you for your cooperation.

> ---
> From:          Zieg, Sharon
> Sent: Thursday, July 15, 2010 1:41 PM
> To:    Zieg, Sharon; 'kyudell@aryllp.com'
> Cc:    'Busenkell, Mike'; Lundgren, Andrew; Beach, Sean
> Subject:       RE: AHM - 506(c) Claim Against Park National
>
> Ken,
>
> Can you please provide me with timing for the when Park National will
> be providing the supplemental responses and production mentioned in my
> email below.  Further, can you please send me a quick email with the

> final purchase price from the foreclosure sale.  Also, please let me
> know when you would like to have a call to discuss scheduling of
> depositions.
>
> Regards,
> Sharon M. Zieg
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> Phone: 302-571-6655
> Facsimile: 302-576-3350
> SZIEG@ycst.com
>
> To ensure compliance with requirements imposed by the Internal Revenue
> Service in Circular 230 on tax practitioners, we inform you that,
> unless we expressly state otherwise in this communication (including
> any attachments), any federal tax advice contained in this
> communication is not intended or written to be used, and cannot be
> used, for the purpose of (i) avoiding penalties under the Internal
> Revenue Code or (ii) promoting, marketing, or recommending to another
> party any transaction or other matter addressed herein.
> This message may contain confidential attorney-client communications
> or other protected information.  If you believe you are not an
> intended recipient (even if this message was sent to your e-mail
> address), you may not use, copy, or retransmit it.  If you believe you
> received this message by mistake, please notify us by return e-mail,
> and then delete this message.  Thank you for your cooperation.
>
>
>
> _____
> From:        Zieg, Sharon
> Sent: Monday, July 12, 2010 1:21 PM
> To:    'kyudell@aryllp.com'
> Cc:    'Busenkell, Mike'; Lundgren, Andrew
> Subject:       AHM - 506(c) Claim Against Park National
>
> Ken,
>
> In follow-up to our conversation a few weeks ago, please provide me
> with an update regarding when Park National will be producing the
> additional documents we requested on our call and providing us with
> supplemental production.  It is my understanding that the foreclosure
> sale is now complete and I believe any Documents (as defined in the
> Requests) in Park National's possession, custody and control related
> to foreclosure and the bids made at the sale are responsive.
>
> Regards,
> Sharon M. Zieg
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> Phone: 302-571-6655
> Facsimile: 302-576-3350
> SZIEG@ycst.com
>
> To ensure compliance with requirements imposed by the Internal Revenue
> Service in Circular 230 on tax practitioners, we inform you that,
> unless we expressly state otherwise in this communication (including
> any attachments), any federal tax advice contained in this
> communication is not intended or written to be used, and cannot be
> used, for the purpose of (i) avoiding penalties under the Internal
> Revenue Code or (ii) promoting, marketing, or recommending to another

> party any transaction or other matter addressed herein.
> This message may contain confidential attorney-client communications
> or other protected information.  If you believe you are not an
> intended recipient (even if this message was sent to your e-mail
> address), you may not use, copy, or retransmit it.  If you believe you
> received this message by mistake, please notify us by return e-mail,
> and then delete this message.  Thank you for your cooperation.
>
>

**EXHIBIT G**

**Eden, Lisa**

| | |
|---|---|
| From: | Kenneth Yudell [KYudell@aryllp.com] |
| Sent: | Monday, August 02, 2010 4:31 PM |
| To: | Zieg, Sharon |
| Cc: | Busenkell, Mike; Lundgren, Andrew; Beach, Sean |
| Subject: | RE: AHM - 506(c) Claim Against Park National |

I am going through the documents now.  I don't know if they will go out tonight or tomorrow.  If you would like to have a call, I am available tomorrow afternoon, any time after 2.

Ken

-----Original Message-----
From: Zieg, Sharon [mailto:SZIEG@ycst.com]
Sent: Thursday, July 29, 2010 4:18 PM
To: Kenneth Yudell
Cc: Busenkell, Mike; Lundgren, Andrew; Beach, Sean
Subject: RE: AHM - 506(c) Claim Against Park National

Let's schedule a call for Monday.  We need to make sure we have the documents and amended interrogatories in the next couple of days at the latest.

-----Original Message-----
From: Kenneth Yudell [mailto:KYudell@aryllp.com]
Sent: Wednesday, July 28, 2010 8:36 AM
To: Zieg, Sharon
Cc: Busenkell, Mike; Lundgren, Andrew; Beach, Sean
Subject: RE: AHM - 506(c) Claim Against Park National

Sharon, sorry for not being more responsive.  I have been involved with a series of hearings that seems to be taking up every waking moment.  I have another hearing today, but expect to be in the office tomorrow and Friday.  I will try to get you the info by the end of the week.

Ken

From: Zieg, Sharon [SZIEG@ycst.com]
Sent: Monday, July 26, 2010 1:45 PM
To: Kenneth Yudell
Cc: Busenkell, Mike; Lundgren, Andrew; Beach, Sean
Subject: RE: AHM - 506(c) Claim Against Park National

Ken,

I am following up on my emails below.  If I do not hear from you in the next couple of days we will be forced to file a motion to compel, which I am loathe to do.

Regards,
Sharon M. Zieg
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6655
Facsimile: 302-576-3350
SZIEG@ycst.com

To ensure compliance with requirements imposed by the Internal Revenue Service in Circular 230 on tax practitioners, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any federal tax advice contained in this

communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.
This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message.  Thank you for your cooperation.

> _____
> From:        Zieg, Sharon
> Sent: Thursday, July 15, 2010 1:41 PM
> To:    Zieg, Sharon; 'kyudell@aryllp.com'
> Cc:    'Busenkell, Mike'; Lundgren, Andrew; Beach, Sean
> Subject:      RE: AHM - 506(c) Claim Against Park National
>
> Ken,
>
> Can you please provide me with timing for the when Park National will
> be providing the supplemental responses and production mentioned in my
>
> email below.  Further, can you please send me a quick email with the
> final purchase price from the foreclosure sale.  Also, please let me
> know when you would like to have a call to discuss scheduling of
> depositions.
>
> Regards,
> Sharon M. Zieg
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> Phone: 302-571-6655
> Facsimile: 302-576-3350
> SZIEG@ycst.com
>
> To ensure compliance with requirements imposed by the Internal Revenue
>
> Service in Circular 230 on tax practitioners, we inform you that,
> unless we expressly state otherwise in this communication (including
> any attachments), any federal tax advice contained in this
> communication is not intended or written to be used, and cannot be
> used, for the purpose of (i) avoiding penalties under the Internal
> Revenue Code or (ii) promoting, marketing, or recommending to another
> party any transaction or other matter addressed herein.
> This message may contain confidential attorney-client communications
> or other protected information.  If you believe you are not an
> intended recipient (even if this message was sent to your e-mail
> address), you may not use, copy, or retransmit it.  If you believe you
>
> received this message by mistake, please notify us by return e-mail,
> and then delete this message.  Thank you for your cooperation.
>
>
>
> _____
> From:        Zieg, Sharon
> Sent: Monday, July 12, 2010 1:21 PM
> To:    'kyudell@aryllp.com'
> Cc:    'Busenkell, Mike'; Lundgren, Andrew
> Subject:      AHM - 506(c) Claim Against Park National
>
> Ken,
>

> In follow-up to our conversation a few weeks ago, please provide me
> with an update regarding when Park National will be producing the
> additional documents we requested on our call and providing us with
> supplemental production.  It is my understanding that the foreclosure
> sale is now complete and I believe any Documents (as defined in the
> Requests) in Park National's possession, custody and control related
> to foreclosure and the bids made at the sale are responsive.
>
> Regards,
> Sharon M. Zieg
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> Phone: 302-571-6655
> Facsimile: 302-576-3350
> SZIEG@ycst.com
>
> To ensure compliance with requirements imposed by the Internal Revenue

> Service in Circular 230 on tax practitioners, we inform you that,
> unless we expressly state otherwise in this communication (including
> any attachments), any federal tax advice contained in this
> communication is not intended or written to be used, and cannot be
> used, for the purpose of (i) avoiding penalties under the Internal
> Revenue Code or (ii) promoting, marketing, or recommending to another
> party any transaction or other matter addressed herein.
> This message may contain confidential attorney-client communications
> or other protected information.  If you believe you are not an
> intended recipient (even if this message was sent to your e-mail
> address), you may not use, copy, or retransmit it.  If you believe you

> received this message by mistake, please notify us by return e-mail,
> and then delete this message.  Thank you for your cooperation.
>
>

**EXHIBIT H**

## Eden, Lisa

| | |
|---|---|
| **From:** | Lundgren, Andrew |
| **Sent:** | Tuesday, August 03, 2010 4:44 PM |
| **To:** | 'Kenneth Yudell'; 'Busenkell, Mike' |
| **Cc:** | Zieg, Sharon |
| **Subject:** | AHM/Park National - Call re: Discovery |

Ken:

Following up on our call today, it is our understanding that you will be checking with Park National about the existence of certain documents.  Specifically, you mentioned that you would investigate the existence of the 2007 Inspection Report, the Phase I Report, and correspondence with The Equitable Funds, LLC.  Given the impending deposition deadline of August 16, we request that these documents be produced immediately.

It is also our understanding that Park National is objecting to the production of certain documents.  Specifically, Park National is now contending that documents created on or after January 2010 - including documents related to the foreclosure and the appointment of a receiver for the Property - are not relevant to valuing the Property.

If our understanding is incorrect on any of these topics, please let us know.  Separately, as discussed on the call, we intend to depose Mr. Body on August 16 in Chicago.  We also intend to depose Park National's 30(b)(6) witness on the same day.  If Park National's 30(b)(6) designee will likely not be Mr. Body, please let us know immediately.  Please also let us know which AHM witnesses Park National intends to depose.

Regards,

Andrew

Andrew A. Lundgren
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6743
Facsimile: 302-576-3511
alundgren@ycst.com

EXHIBIT I

## Eden, Lisa

| | |
|---|---|
| **From:** | Kenneth Yudell [KYudell@aryllp.com] |
| **Sent:** | Wednesday, August 04, 2010 11:07 AM |
| **To:** | Lundgren, Andrew; Busenkell, Mike |
| **Cc:** | Zieg, Sharon |
| **Subject:** | RE: AHM/Park National - Call re: Discovery |

Andrew, as I agreed on our call, I will follow up with my client concerning the requested documents and will produce them as soon as possible if they exist.

Yes, my client is objecting to production of documents concerning events which have occurred after the property was abandoned by the Debtor. Since no claims are made for a surcharge for payments made after abandonment, there can be no relevance to those documents. As I also said on our call, if you would like to send me some case law showing that these documents have relevance, I am happy to review the case law and reconsider my position.

Please let me know what day you would like to depose Fred Body. On the phone you said Thursday, August 12. In your email below, you mention August 16. I am checking to see if Mr. Body is available on 8/12. If I should be checking for 8/16, please let me know. At this time, I expect Mr. Body to be the 30(b)(6) witness, and I will inform you if that changes.

I would like to conduct 30(b)(6) depositions of the Debtor, Zolfo Cooper and CBRE. The topics will be the marketing and attempts to sell the property, the payment of expenses of the property and the income of the property. If the same person will be the representative of both Debtor and Zolfo Cooper, please let me know. I assume Zolfo's deposition will be in NY. I can do that either Monday or Tuesday next week. If Debtor's representative will be someone else, please let me know where that person is located so we can schedule that deposition. I assume CBRE's deposition will be in Chicago. Please let me know whether you believe you will be taking all day with Mr. Body. If not, I would like to take CBRE's deposition the same day as Mr. Body. If you expect to take all day with Mr. Body, then CBRE's deposition should be the day before or after Mr. Body's. Please provide me with the names of the representatives as soon as possible.

Ken

-----Original Message-----
From: Lundgren, Andrew [mailto:alundgren@ycst.com]
Sent: Tuesday, August 03, 2010 4:44 PM
To: Kenneth Yudell; Busenkell, Mike
Cc: Zieg, Sharon
Subject: AHM/Park National - Call re: Discovery

Ken:

Following up on our call today, it is our understanding that you will be checking with Park National about the existence of certain documents.
Specifically, you mentioned that you would investigate the existence of the 2007 Inspection Report, the Phase I Report, and correspondence with The Equitable Funds, LLC. Given the impending deposition deadline of August 16, we request that these documents be produced immediately.

It is also our understanding that Park National is objecting to the production of certain documents. Specifically, Park National is now contending that documents created on or after January 2010 - including documents related to the foreclosure and the appointment of a receiver for the Property - are not relevant to valuing the Property.

If our understanding is incorrect on any of these topics, please let us know. Separately, as discussed on the call, we intend to depose Mr. Body on August 16 in Chicago. We also intend to depose Park National's 30(b)(6) witness on the same day. If Park National's 30(b)(6) designee will likely not be Mr. Body, please let us know immediately. Please also let us know which AHM witnesses

Park National intends to depose.

Regards,

Andrew

Andrew A. Lundgren
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE   19899-0391
Phone: 302-571-6743
Facsimile: 302-576-3511
alundgren@ycst.com

**EXHIBIT J**

## Jonathan Berger

| | |
|---|---|
| **From:** | Gardner, Martin [mgardner@parknatl.com] |
| **Sent:** | Thursday, June 12, 2008 2:18 PM |
| **To:** | Jonathan Berger |
| **Subject:** | RE: Mt. Prospect |

Jonathan,

I have passes along the information to the loan officer, Fred Body, via email.  I asked him to give you a call and left him your contact info as well as the offer letter.  Mr. Body was not in the office to talk to me when I called today.  He is an SVP commercial loan officer in the Oak Park branch.  He can be reached at (708)-445-3216.  I hope this helps.

Marty Gardner
Park National Bank
Relationship Manager – Business Banking
6100 N. Northwest Highway
Chicago, IL 60631
(773)-594-2230 (Phone)
(773)-775-8977 (Fax)
mgardner@parknatl.com

**From:** Jonathan Berger [mailto:berger@tefllc.com]
**Sent:** Wednesday, June 11, 2008 3:43 PM
**To:** Gardner, Martin
**Subject:** Mt. Prospect

Please review and discuss.

Thank you,

Jonathan Berger
312-822-9100

*********************************************************************************************
This message may contain information that is privileged, confidential and exempt from disclosure under mail and delete the original message from your e-mail system. Thank you.

0102

6/12/2008

Friday, April 23, 2010 10:21 AM

**Subject: Mt. Prospect**
**Date:** Wednesday, May 27, 2009 11:36 AM
**From:** Jonathan Berger <berger@tefllc.com>
**To:** "Body, Frederick" <FBody@parknatl.com>

Fred,

As a follow up to our last conversation, I wanted to inform you that The Equitable Funds LLC has formally terminated its contract to acquire the American Home Mortgage property. We have also informed the seller that we were prepared to reinstate the contract and proceed to an immediate closing at $865,000.

If you have any questions, please do not hesitate to contact me at 312-822-9100.

Thank you.

Jonathan

**Jonathan Berger**
**The Equitable Funds LLC**
350 West Hubbard Street
Suite 222
Chicago, IL 60654
312-822-9100 Tel
312-822-9122 Fax
berger@tefllc.com
http://www.tefllc.com

Page 1 of 1

0378

**EXHIBIT K**



# Memo

| | |
|---|---|
| To: | Credit File |
| From: | Frederick D. Body |
| Date: | October 19, 2007 |
| Re: | American Home Mortgage Corporation; #1005629/1 |

---

10/17/07      Loan assigned to Purchased Assets/Workout Group.

10/23/07      Engaged New York attorney Joseph Aronauer [v = 212-755-6000; f = 212-755-6006] to review the bankruptcy documents and file a proof of claim on behalf of PNB.

10/24/07      Inspected the Mt. Prospect property – AMHC was vacated the property which remains in good condition.  See inspection report in file.

10/26/07      Aronauer  forwarded an email received from AMHC's attorney – the company is in the process of obtaining a broker to sell the Mt. Prospect property.

11/02/07      PNB's Proof of Claim was filed with the Bankruptcy court.

11/19/07      This date, authorized payment of $3,062.50 to Aronauer, Re & Yudell, LLP for attorney's fees. Debit offset will be GL #757200 – Legal Fees – R/E.

11/26/07      Borrower obtained an extension to 03/03/08 to assume or reject unexpired leases of non-residential properties.  I good thing for us as this basically ensures that monthly payments will be made at least to that date.

12/04/07      This date, authorized payment of $1,050.10 in attorney's fees and costs to Aronauer, Re & Yudell, LLP.  Debit offset will be GL #757200 – Legal Fees – R/E.

01/28/08      This date, authorized payment of $232.02 in attorney's fees and costs to Aronauer, Re & Yudell, LLP. Debit offset will be GL #757200 – Legal Fees – R/E.

03/11/08      This date, authorized payment of $330.67 in attorney's fees and costs to Aronauer, Re & Yudell, LLP.  Debit offset will be GL #757200 – Legal Fees – R/E.

05/12/08      This date, authorized payment of $270.51 in attorney's fees and costs to Aronauer, Re & Yudell, LLP.  Debit offset should be GL #757200 – Legal Fees – R/E.

07/09/08      Authorized payment of $1,188.00 in attorney's fees to Aronauer, Re & Yudell, LLP.

08/14/08      Authorized payment of $3,247.81 in attorney's fees to Aronauer, Re & Yudell, LLP.

09/16/08      Authorized payment of $1,342.61 in attorney's fees and costs to Aronauer, Re & Yudell, LLP.

PN000077



# Memo

To:     Credit File
From:   Frederick D. Body
Date:   November 13, 2009
Re:     American Home Mortgage Corporation; #1005629/1

---

11/13/09     Authorized payment of $6,936.92 in attorney's fees and costs to Aronauer, Re & Yudell, LLP.

12/16/09     BK stay lifted; Goldstein to obtain receiver and begin foreclosure

12/21/09     f/c filed; 30 days to serve, then 30 days to answer; motion for receiver to be filed Dec 29th.

12/23/09     Phase I ordered

12/29/09     Eric Janssen appointed limited purpose Receiver; court hearing Jan 12th for full receivership

01/08/10     authorized payment of $3,295.20 in attorney's fees and costs to Michael J. Goldstein

01/12/10     Eric Janssen appointed full receiver by the court

02/18/10     all parties serviced by Jan 8th; no answer filed by Feb 8th; we can proceed to judgment; numbers for judgment emailed to Goldstein today

03/16/10     hearing on MSJ scheduled for April 15th

PN000083