## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                            :  Chapter 11
In re:                                      :
                                            :  Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al,[1]  :  (Jointly Administered)
                                            :
                             Debtors.       :
                                            :  Re: D.I. 9053
------------------------------------------------------------x
```

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF BORROWERS COMMITTEE AND CERTAIN INDIVIDUAL BORROWERS TO ALLOW BORROWERS TO PURSUE DISCOVERY IN FURTHERANCE OF CLAIMS AND DEFENSES AGAINST NON-DEBTOR THIRD PARTIES AND, IF NECESSARY, FOR RELIEF FROM THE AUTOMATIC STAY, AND REQUEST FOR INSPECTIONS OF DEBTORS' DOCUMENTS AND EXAMINATIONS CONCERNING DEBTORS' RECORDS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

The Official Committee of Unsecured Creditors (the "*Committee*") of American Home

Mortgage Holdings, Inc., *et al*. (the "*Debtors*"), by its co-counsel Hahn & Hessen LLP and

Blank Rome LLP, hereby files this objection (the "*Objection*") to the *Motion of Borrowers*

*Committee and Certain Individual Borrowers to Allow Borrowers to Pursue Discovery in*

*Furtherance of Claims and Defenses Against Non-Debtor Third Parties and, if Necessary, for*

*Relief From the Automatic Stay, and Request for Inspections of Debtors' Documents and*

*Examinations Concerning Debtors' Records Pursuant to Federal Rule of Bankruptcy Procedure*

*2004* (the "*Motion*") [Docket No. 9053] filed by the Official Committee of Borrowers (the

"*Borrowers Committee*") and Penny Montague, Gracie Graves, Marjorie Crawford, Annie

Gordon, Linda and Johnny Culpepper and Florence Dandridge (collectively, the "*Individual*

---

[1]    The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

*Borrowers,*" and with the Borrowers Committee, the "*Movants*"), and in support thereof respectfully states as follows:

## BACKGROUND

1.      On August 6, 2007 (the "*Petition Date*"), the Debtors commenced voluntary cases (the "*Cases*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") with this Court.  Since the Petition Date, the Debtors have continued in the operation of their businesses and the management of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

2.      On August 14, 2007, the Office of the United States Trustee (the "*U.S. Trustee*") appointed seven of the Debtors' largest unsecured creditors to the Committee.

3.      On August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*") which, *inter alia*, contemplates the creation of a liquidating trust (the "*Liquidating Trust*" and its representative, the "*Liquidating Trustee*").

4.      On September 9, 2008, certain individuals, through their proposed co-counsel Gilbert Oshinsky LLP and Zuckerman Spaeder LLP, filed a motion [D.I. 5675] seeking appointment of an official committee of borrowers in these cases.  In that motion, the movants argued that the cost of the borrowers' committee's professionals "should be minimal" and that a borrowers' committee's responsibilities "should have little overlap with those of the [Creditors'] Committee".

5.      On October 10, 2008, this Court entered an order (the "*Appointment Order*") [D.I. 6220] directing the U.S. Trustee to appoint the Borrowers' Committee.

6.      By notice dated October 21, 2008 [D.I. 6407], the U.S. Trustee appointed the Borrowers' Committee.

7.      On November 4, 2008, the Court, consistent with its rulings at the status conference, entered an order supplementing the Appointment Order (the "*Supplemental Order*") [D.I. 6495] which, *inter alia*, limited the scope of the Borrowers' Committee's rights and responsibilities to matters relating to the Plan, global stay relief on behalf of all borrowers in foreclosure and any incidental related issues (the "*Borrowers' Committee Scope*").

8.      On December 8, 2008, the Court entered an order authorizing the Borrowers' Committee to retain Gilbert Oshinsky LLP and Zuckerman Spaeder LLP as its counsel [D.I.6687].

9.      On January 22, 2009, the Borrowers Committee, through its Court-approved retained counsel, filed an objection to the Plan (the "*Plan Objection*") [D.I. 6883].

10.     On February 18, 2009, the Debtors, in part to address borrower concerns, filed an amended Plan which, *inter alia*, included the appointment of a borrowers' ombudsman with a $50,000 fee cap.

11.     On February 23, 2009, after a multiple-day hearing and after overruling the Plan Objection, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "*Confirmation Order*") [Docket No. 7042].  To date, however, the Plan has yet to become effective.

## ARGUMENT

12.      While the Borrowers Committee couches the Motion as a request for discovery for the purpose of providing administrative efficiency for borrowers, the reality is that the Borrowers Committee is seeking authorization to conduct particularized discovery on behalf of the co-proponents of the Motion and any other borrower who later seeks similar relief.  Their actions are not only outside the scope of their mandate or that of any official committee

- 3 -

appointed under the Bankruptcy Code, but will only cause to delay the effective date and not move these cases forward. The Motion is a request by the Borrowers Committee to conduct a fishing expedition to attempt to find more claims of yet unknown parties, as well as potentially assist any individuals with respect to their pending individual litigations.

13.    The Movants give the impression that there are thousands of borrowers whose requests for information are going unanswered. However, nothing could be further from the truth. First, there are not thousands of borrower claims. Second, the Debtors have responded to all borrower requests for information and are willing to respond to the Individual Borrowers if and when they tailor specific requests to the Debtors. Third, while the majority of the Individual Borrowers are in the midst of on-going litigation with third parties, none of them have sought any information or documents from the Debtors.[2] In fact, three of the Individual Borrowers (Ms. Dandridge, Ms. Graves and Ms. Montague) are members of the Borrowers Committee and they received copies of their original loan files in January and February of 2009.[3] Thus, simply put, there is no need for the relief sought in the Motion as individual borrowers already have the means to get the necessary information and there has been absolutely no showing that such means is not effective.

14.    Not only is there no need, there is also no basis for the relief sought by the Movants. The Borrowers Committee have no right to seek the relief sought in the Motion. As the Borrowers Committee is a fiduciary and has been appointed to represent the interests of all borrower claims, they are not permitted to favor a particular group of borrowers. While section 1103(c) of the Bankruptcy Code grants committees the power, among others, to "perform such

---

[2]    Noticeably, the attorney affidavits submitted in support of the Motion fail to mention that despite ample time and opportunity, the Individual Borrowers have failed to seek the alleged information sought in this Motion through discovery in their own litigations, nor explained their failure to do so. Moreover, in at least one instance, the applicable attorney affidavit fails to note that the Individual Borrower settled part of her claim against the alleged liable broker and is thus being less than candid with this Court.

other services as are in the interest of those represented," the Third Circuit has construed

§1103(c) as implying a fiduciary duty towards their constituent members. <u>In re PWS Holding</u>

<u>Corp.</u>, 228 F.3d 224, 246 (3d Cir. 2000); <u>Westmoreland Human Opportunities, Inc. v. Walsh</u> 246

F.3d 233, 256 (3d Cir. 2001); <u>See</u> <u>In re Drexel Burnham Lambert Group</u>, 138 B.R. 717, 722

(Bankr. S.D.N.Y. 1992) ("The duty extends to the class as a whole, not to its individual

members"); <u>Matter of Levy</u>, 54 Bankr. 805, 807 (Bankr. S.D.N.Y. 1985)) ("Counsel for the . . .

committee do not represent any individual creditor's interest in [a] case; they were retained to

represent the entire . . . class."). Accordingly, it is improper and beyond the Borrowers'

Committee Scope for the Borrowers Committee to file a motion on behalf of six individual

constituents. As discussed below, the Individual Borrowers, and any other borrowers involved in

litigation relating to loans originated by the Debtors, can seek, if they want, particularized third-

party discovery from the Debtors. Thus, there is no need for the Borrowers Committee to

involve itself in the individual actions.

15.     As to the Individual Borrowers, the Motion should be denied because Bankruptcy

Rule 2004 relief is inappropriate and unnecessary. It is not proper for the Individual Borrowers

to serve discovery under Bankruptcy Rule 2004 as they are in the midst of ongoing litigation.[4]

<u>See</u> <u>In re Washington Mutual, Inc.</u>, 408 B.R. 45, 50 (Bankr. Del. 2009) ("once an adversary

proceeding or contested matter has been commenced, discovery is made pursuant to Federal

Rules of Bankruptcy Procedure") (citations omitted). Accordingly, courts have routinely

restricted 2004 discovery where the discovery is for use in pending litigation outside of the

bankruptcy court. <u>Id.</u>; <u>In re Enron Corp.</u>, 281 B.R. 836, 840-42 (Bankr. S.D.N.Y. 2002)

---

[3] Another of the Individual Borrowers, Ms. Crawford, received her original loan file in December of 2009.

[4] While Ms. Dandridge does not appear to be presently involved in active litigation, the affidavit of her attorney makes clear that her only purpose in seeking discovery would be to defend against a foreclosure action. <u>See</u> Becker Affidavit, ¶ 5.

128189.01600/40189817v.1

(denying access to rule 2004 discovery when purpose of obtaining discovery was for pending

litigation);  2435 Plainfield Ave. v. Twp. of Scotch Plains (In re 2435 Plainfield Ave.), 223 B.R.

440, 455 (Bankr. D.N.J. 1998) (noting that a majority of courts have prohibited Rule 2004

examinations of parties involved in or affected by an adversary proceeding while it is pending).

16.     If the Individual Borrowers desire discovery from the Debtors concerning their

pending litigation, they can serve discovery under the applicable court rules in the jurisdiction in

which their litigation is pending.  In fact, the Plan and Confirmation Order expressly provide:

> [t]he injunctions and automatic stay provided in Article 12 of the
> Plan and any corresponding provisions of this Confirmation Order
> shall be deemed modified to the extent necessary to permit:…(iii)
> the borrower(s) under any mortgage loan originated or serviced by
> one or more Debtors to compel third-party discovery from the
> Debtors and/or the Plan Trust in litigation with a non-Debtor party,
> provided, however, that nothing in Article 17 of the Plan shall be
> construed to require the Debtors or the Plan Trust, as applicable,
> from opposing any request for discovery on any grounds available
> under applicable law.

Confirmation Order, ¶51.  Accordingly, it is clear that borrowers have the ability to serve third-

party discovery on the Debtors in connection with their litigation.  Since borrowers already have

the ability under the Plan to seek discovery from the Debtors and/or Plan Trust, the Motion

serves no purpose.

## CONCLUSION

17.     The relief sought in the Motion is both unnecessary and improper.  Borrowers are

able to and have been getting discovery through the Debtors without any issues to date.  There is

no need to increase the administrative burdens of the estate by allowing the Borrowers

Committee to have a fishing expedition at this stage of the cases.

128189.01600/40189817v.1

**WHEREFORE**, the Committee respectfully requests that the Court sustain the

Objection, deny the Motion and grant such other and further relief as it deems just and proper.


Dated:    Wilmington, Delaware
          August 9, 2010

<div style="margin-left: 40%;">

**BLANK ROME LLP**


By:    _____*/s/ Victoria Guilfoyle*_____
       Bonnie Glantz Fatell (No. 3809)
       David Carickhoff (No. 3715)
       Victoria Guilfoyle (No. 5183)
       1201 Market Street, Suite 800
       Wilmington, Delaware  19801
       (302) 425-6400 - Telephone
       (302) 425-6464 - Facsimile

              - and -

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200 - Telephone
(212) 478-7400 - Facsimile
Attn:   Mark S. Indelicato
        Edward L. Schnitzer
        Joseph Orbach

Co-Counsel to the Official Committee
of Unsecured Creditors of American Home
Mortgage Holdings, Inc., *et al.*

</div>