## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,1

                              Debtors.
------------------------------------------------------------ x
```

:  Chapter 11

:  Case No. 07-11047 (CSS)

:  Jointly Administered

**Ref. Docket No. 9046 & 9047**

## NOTICE OF FILING REDACTED SETTLEMENT AGREEMENT RESOLVING ALL CLAIMS AND OTHER MATTERS WITH DR. DAVID AND ELISABETH JACKSON

On July 26, 2010 the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Debtors' Motion Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 105(a) for an Order Approving and Authorizing Settlement Agreement Resolving All Claims and Other Matters with Dr. David and Elisabeth Jackson* [D.I. 9046] (the "Settlement Motion").

Contemporaneously therewith, the Debtors filed a motion for an order sealing the underlying settlement agreement (the "Settlement Agreement") [D.I. 9047] (the "Seal Motion"). The United States Trustee informally responded to the Seal Motion, and the parties agreed to file a redacted version of the Settlement Agreement.

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

A copy of the redacted Settlement Agreement is attached hereto as <u>Exhibit A</u>.

Dated: August 9, 2010
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

<u>/s/ Margaret Whiteman Greecher</u>
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to Debtors and Debtors in Possession

066585.1001

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
                                                                 :
In re:                                                           :  Case No. 07-11047 (CSS)
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :
a Delaware corporation, et al.,[1]                               :  Jointly Administered
                                                                 :
                    Debtors.                                     :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

## SETTLEMENT AGREEMENT RESOLVING ALL CLAIMS
## AND OTHER MATTERS WITH DR. DAVID AND ELISABETH JACKSON

This Settlement Agreement (the "Agreement"), is entered into by and between the

debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), on

the one hand, and Dr. David and Elisabeth Jackson (the "Jacksons"), on the other hand

(collectively, the "Parties").

### Recitals

A.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court

a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy

Code"). Each Debtor is continuing to operate its business and manage its properties as a debtor

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors'

cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to an order of this Court.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home
Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage
Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home
Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM
Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware
limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation
(7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the
Debtors is 538 Broadhollow Road, Melville, New York 11747.

B.      On August 14, 2007, the United States Trustee for the District of Delaware (the "US Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee").  On October 21, 2008, the US Trustee appointed an Official Committee of Borrowers (the "Borrowers Committee").  No trustee or examiner has been appointed.

C.      The Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As Of February 18, 2009 (the "Plan") was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042].  The Plan provides for the creation of a liquidating trust (the "Plan Trust") in which the property of the Debtors' bankruptcy estates will vest.  The Plan is not yet effective.

D.      In March of 2006, the Jacksons refinanced their property located at 12787 Lavender Keep Circle, Fairfax, Virginia (the "Jackson Property") with a "Pay Option ARM" loan through ABC for $724,00.00 (the "Jackson Loan").  The Jackson Loan was securitized as part of the AHMIT 2006-2 trust, and the Debtors' servicing rights to the loan were sold to AHMSI in connection with the sale of the Debtors' servicing business.

E.      On January 19, 2009, the Jacksons filed a proof of claim (#10647) against an unspecified debtor asserting an unsecured nonpriority claim of $1,872,000 and a secured claim of $600,000 relating to "Pay Option ARM Loan Fraud" (the "Orginal Claim").

F.      On May 22, 2009, the Jacksons filed proofs of claim against AHM Corp., AHM SV, AHM Acceptance, AHM Investment, and AHM Holdings (#10713-10717, respectively, together with the Orginal Claim, the "Jackson Claims"), asserting unspecified priority claims in the amount of $2,425 and non-priority unsecured and secured claims in unliquidated amounts.

G.      On April 13, 2010, the Jacksons filed Adversary Proceeding No. 10-50915 against Deutsche Bank National Trust Co., AHMIT 2006-2 Trust, American Home Mortgage Securities,

2

LLC, Michael Strauss, Wells Fargo Bank N.A., Wilbur Ross, WLR Recovery Fund III, L.P., AH Mortgage Acquisitions, and AHMSI seeking equitable subordination against each of the foregoing Defendants (the "Jackson Subordination Action"). The Jackson Subordination Action purports that the Jacksons are entitled to an administrative expense claim pursuant to 11 U.S.C. §503(b) in the amount of approximately $700,000.00.

      H.     On May 11, 2010, Judge Sontchi ordered the Debtors, the Committee and the Jacksons to mediate their various disputes before the Honorable Brendan Linehan Shannon (the "Mediator" or "Judge Shannon"). The mediation was conducted on June 4, 2010 and continued informally thereafter; resulting in a settlement in principle, subject to documentation and approval by the Bankruptcy Court.

      I.     The Parties desire to resolve their differences with respect to all claims, causes of action and other matters between the Debtors and the Jacksons without resort to further litigation and without admission of any fault or liability and, as a result of negotiations, have agreed to the settlement set forth herein.

## Agreement

      In consideration of the foregoing, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged:

      1.     Agreement Effective Date. The effective date (the "Effective Date") of this Agreement shall be the date on which the order approving this Agreement is entered on the docket of the Bankruptcy Court.

      2.     ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

3

3.    Releases ▓▓▓▓▓▓▓▓▓▓▓.

(a) Jackson Releases: Except with respect to the obligations under this Agreement, the Debtors hereby forever waive, release and discharge any and all claims of any nature whatsoever (including, without limitation, administrative claims, secured claims, unsecured claims, tort claims, and contract claims), causes of action, obligations, suits, judgments, damages, demands, debts, interests and liabilities that have been brought, asserted, threatened or could have been brought or asserted, whether liquidated or unliquidated, fixed or contingent, at law or in equity, known or unknown that have arisen or accrued from the beginning of time through the Effective Date against the Jacksons.

(b) Debtor Releases: Except with respect to the obligations under this Agreement, the Jacksons hereby forever waive, release and discharge any and all claims of any nature whatsoever (including, without limitation, the Jackson Claims, administrative claims, secured claims, unsecured claims, tort claims, and contract claims), causes of action, obligations, suits, judgments, damages, demands, debts, interests and liabilities that have been brought, asserted, threatened or could have been brought or asserted, whether liquidated or unliquidated, fixed or contingent, at law or in equity, known or unknown that have arisen or accrued from the beginning of time through the Effective Date against the Debtors and each of their respective estates, affiliates, predecessors, successors, agents, assigns, professionals, attorneys, employees, officers and directors.

(c) Virginia Action: For avoidance of doubt, the parties consent and agree as follows: (i) the action styled as *David E. Jackson and Elisabeth Judith Jackson v. American Brokers Conduit, a division of American Home Mortgage, Inc., Carteret Mortgage Corporation, Deutsche Bank Trust Company America, Wells Fargo Bank, N.A. , and Investment Trust 2006-2* (Civil Action No. 1:10-cv-00513 (CMH-TRJ) (the "Virginia Action") is not dismissed under the terms of this Agreement; (ii) certain Debtors shall remain nominal defendants in the Virginia Action, but shall not be liable for any damages in connection with the Virginia Action or otherwise since all claims against the Debtors are being forever released under the terms of this Agreement; and (iii) to the extent that the Plaintiffs in the Virginia Action seek discovery from the Debtors, the Plaintiffs shall serve a subpoena on the Debtors with all of Debtors' rights reserved in connection with responding to any such subpoena.

(d) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



4.    Dismissal or Disallowance of Claims and Actions. ▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the Jacksons will file or cause to be filed

4

the notice of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, made

applicable to the Adversary Proceeding by Bankruptcy Rule 7041, attached hereto as Exhibit A,

dismissing the Jackson Subordination Action with prejudice. ████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████.

5.    Sealing and Non-Disclosure.  The Parties consent and agree that the terms

of this Agreement must remain under seal and confidential and each Party shall support and join

in the Debtors' motion in the Bankruptcy Court to file the Agreement, and to maintain each of its

material terms, under seal.  Each Party further agrees to maintain the confidentiality of the terms

of the Agreement and not to disclose such terms to any third party, except as set forth in this

Agreement or as authorized by all Parties in writing.  The provisions of this Agreement are

necessary for the protection of the Parties and are considered by the Parties to be reasonable for

such purpose.

6.    Modification in Writing.  This Agreement may be modified only in a

writing signed by all Parties.

7.    Binding Nature.  The terms and provisions of this Agreement shall be

binding in all respects on, and shall inure to the benefit of, each of the Parties, their estates,

creditors, interest holders and their respective affiliates, successors and assigns, including the

Plan Trust or any chapter 11 or chapter 7 trustee that may be appointed in the Debtors' Chapter

11 cases.

8.    No Admissions.  This Agreement reflects a compromise of numerous

claims and disputes by and among the Parties and shall not be construed as an admission against

either Party's interest and shall not be used as or deemed to be evidence of any liability by any

5

Party in any proceeding before the Bankruptcy Court or any other court, except in a proceeding to enforce the terms of this Agreement.

     9.    <u>Entire Agreement.</u>  This Agreement constitutes the entire agreement by and among the Parties and supersedes all other prior agreements, both written and oral, between the Parties with respect to the subject matter hereof.

     10.    <u>Jurisdiction.</u>  The Parties agree that the Bankruptcy Court shall have binding authority and exclusive jurisdiction over the enforcement, interpretation and implementation of this Agreement.

     11.    <u>Condition to Effectiveness.</u>  This Agreement shall be of no force or effect, and shall not be binding upon the parties, unless and until it is approved by the Bankruptcy Court.

     IN WITNESS HEREOF, the Parties have caused this Agreement to be executed as of the date first written above.

Dated: _____ 7/26 _____, 2010    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
as Counsel to the Debtors

By: _____
Name: Sean M. Beach

Dated: _____ 7/26 _____, 2010

By: _____
Name: Elisabeth Jackson

Dated: _____ 7/26 _____, 2010

By: _____
Name: Dr. David Jackson

6

## Exhibit A

Notice of Dismissal of Subordination Action

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                                   :   Chapter 11
                                                         :
AMERICAN HOME MORTGAGE                                    :   Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                           :
a Delaware corporation, et al.,²                         :   Jointly Administered
                                                         :
         Debtors.                                        :
                                                         :
-------------------------------------------------------- :
DR. DAVID AND ELISABETH JACKSON,                         :
                                                         :
         Plaintiffs,                                     :
                                                         :   Adversary No. 08-50634
v.                                                       :
                                                         :
DEUTSCHE BANK NATIONAL TRUST CO.,                        :
AHMIT 2006-2 TRUST A STATUTORY TRUST,                    :
AMERICAN HOME MORTGAGE SECURITIES                        :
LLC, MICHAEL STRAUSS, WELLS FARGO                        :
BANK N.A., WILBUR ROSS, WLR RECOVERY                     :
FUND IIII, L.P., AH MORTGAGE                             :
ACQUISITIONS, AHMSI,                                     :
                                                         :
         Defendants.                                     :
-------------------------------------------------------- x
```

## NOTICE OF VOLUNTARY DISMISSAL

PLEASE TAKE NOTICE  that, pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P.

41(a)(1), Plaintiffs, Dr. David and Elisabeth Jackson., hereby dismiss the above-captioned

adversary proceeding with prejudice.

---

² The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

YCST01:9929733.6                                                                            066585.1001

Each party shall bear its own costs and expenses.  This adversary proceeding is hereby

closed.

Date:  _____, 2010
       Wilmington, DE

                                        By:_____
                                            Dr. David Jackson
                                            12787 Lavender Keep Circle
                                            Fairfax, VA 22033
                                            Telephone:  703-378-6750

                                                - and —

                                        By:_____
                                            Elisabeth Judith Jackson
                                            12787 Lavender Keep Circle
                                            Fairfax, VA 22033
                                            Telephone:  703-378-6750

YCST01:9929733.6                                                              066585.1001