UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------ X    Chapter 11
In re                          :
                                    Case No. 07-11047 (CSS)
American Home Mortgage         :
Holdings, Inc., et al.,             (Jointly Administered)
                               :
                 Debtors.
                               :

------------------------------ X
```

## NOTICE OF 30(b)(6) DEPOSITION OF DEBTORS

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and

30(b)(6) of the Federal Rules of Civil Procedure (the "Federal

Rules") as made applicable by Rules 7026, 7030 and 9014 of the

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and

the Local Bankruptcy Rules of the United States Bankruptcy Court

for the District of Delaware (the "Local Bankruptcy Rules"), U.S.

Bank National Association, as successor in interest to Park

National Bank and Trust of Chicago, will take the deposition of

Debtors regarding the topics set forth in Exhibit A to this

Notice, in connection with Debtors' Request for Allowance and

Payment of Section 506(c) Claim [Docket No. 8226] and Debtor's

Amended Motion for Recovery of Costs and Expenses Pursuant to 11

U.S.C. § 506(c) from Mt. Prospect Property [Docket No. 8665].

The deposition will commence at 10:00 a.m. (EDT) on

August 12, 2010 at the office of Aronauer, Re & Yudell, LLP, 444

Madison Avenue, 17th Floor, New York, N.Y. 10022 or at another

date, time or location as agreed by the parties.  The deposition

will be taken before a Notary Public or other person authorized

to administer oaths.

The deposition will be recorded by stenographic means

and may also be recorded by sound and visual means.


Dated:     New York, New York
           August 10, 2010

                              Womble Carlyle Sandridge & Rice, PLLC



                              By: /s/ Michael Busenkell
                                  Michael Busenkell (Del. Bar No. 3933)
                              222 Delaware Avenue, Suite 1501
                              Wilmington, DE 19801
                              Telephone # (302) 252-4324

                              And

                              Aronauer, Re & Yudell, LLP
                              Kenneth S. Yudell, admitted Pro Hac Vice
                              444 Madison Avenue, 17th Floor
                              New York, New York 10022
                              Telephone # (212) 755-6000

                              *Attorneys for U.S. Bank*

## Exhibit A

## Definitions and Instructions

A.   "Park National" or "Mortgagee" shall mean U.S. Bank National Association, as successor in interest to Park National Bank and Trust of Chicago including its predecessors, employees, agents, officers, directors, servicers, representatives and attorneys

B.   "Debtors" shall mean debtor American Home Mortgage Holdings, Inc. and all other debtors in these jointly administered cases and shall include their past and present employees, agents, officers, directors, partners, successors, affiliates, parents, subsidiaries, assigns, representatives, servants, and all persons and entities acting directly or indirectly on its behalf or under its control, including any attorney.

C.   "Borrower" means debtor American Home Mortgage Corp. and shall include its past and present employees, agents, officers, directors, partners, successors, affiliates, parents, subsidiaries, assigns, representatives, servants, and all persons and entities acting directly or indirectly on its behalf or under its control, including any attorney.

D.   "Loan" refers to the loan made by Park National to Borrower on or about August 9, 2005 in the original principal amount of $1,007,000.

E.    "Note" means the Promissory Note executed on or about August 9, 2005, by Borrower in favor of Park National.

F.    "Mortgage" means the Mortgage executed by Borrower in favor of Park National on or about August 9, 2005, as well as any documents referenced therein or attached thereto.

G.    "Property" means the building and facilities, located at or near 950 N. Elmhurst Road, Mt. Prospect, IL, as more fully described in the Mortgage, whether or not such buildings have more than one mailing, street, or physical address.

H.    "Loan Documents" refers to the Note, Mortgage, and other Documents evidencing the Loan.

I.    "506(c) Claim" shall mean the assertion by Debtor of a right to reimbursement for Debtor's payment of certain expenses of the Property, as more fully described in Debtor's motion and amended motion submitted to the Court.

J.    "Communicate", "Communication" or "Communications" shall mean any contact or act by which information or knowledge is transmitted, conveyed, transferred or exchanged between two or more Persons and includes, but is not limited to (1) written contact, whether by letter, memorandum, e-mail, telegram, telex or other document; (2) oral contact, whether by face-to-face meetings, telephone conversation or otherwise; and, (3) nonverbal

acts intended to communicate or convey meaning, understanding or other message.

K.    "Concerning" shall mean concerning, constituting, reflecting, discussing, describing, regarding, referring to, pertaining to, containing, analyzing, reporting on, commenting on or evidencing directly or indirectly, in whole or in part.

L.    "Relating" or "Relates" or "Relate to" mean, in addition to their customary and usual meaning, discussing, referring to, pertaining to or concerning.

M.    "Reflect", "Reflects" or "Reflecting" means, in addition to its customary and usual meaning, evidencing, showing, or recording.

N.    "Document" shall mean all writings of any kind including, the original, all drafts, and all copies, including all copies that are different in any way from the original (whether by interlineation, receipt, stamp, notation, indication of copy sent or received or otherwise), regardless of location, all handwritten, typed, printed, photographed, recorded, transcribed, punched, taped, filmed or graphic matter whatsoever, including computer tapes and any other means of recording upon any tangible thing, any form of communication or representation, including, without limitation, notes, letters, memoranda, correspondence, records, words, numbers, pictures, sounds or symbols, diaries, statistics, electronic mail, telegrams,

minutes, contracts, reports, studies, text, statements, receipts,

returns, summaries, pamphlets, books, prospectuses, interoffice

and intra-office Communications, offers, notations of any sort

regarding conversations, telephone calls, meetings or other

Communications, bulletins, printed matters, computer printouts,

teletypes, telefax, invoices, worksheets, and each and every

electronic or paper draft, alteration, modification, change or

amendment of any kind of the foregoing, graphic or aural records

and oral representation of any kind, including without

limitation, photographs, charts, graphs, microfiche, microfilm,

videotape, recordings, motion pictures; and electronic, magnetic

mechanical or electronic records or representation of any kind,

including, without limitation, tapes, cassettes, disks, computer

generated or stored information and recordings.  Each non-

identical copy of a document (whether different from its original

because of stamps, indications of recipient, handwritten notes,

marks, attachment to different documents, or for any other

reason) is a separate document to be produced.  Each document

that is attached by staple, clip or otherwise to a document

request herein, or referred to as an exhibit, appendix, schedule,

amendment, rider, or supplement to a requested document, shall

also be produced (attached in the same manner as the original)·

regardless of whether the production of that document is

otherwise requested herein.  Each request herein for documents to

be produced requires production of the documents in their entirety without abbreviations or expurgation.

O.   "Person" refers to all natural persons, male or female and all types or kinds of business or other entities, including, but not limited to, corporations, partnerships, joint ventures, associations, and sole proprietorships.

P.   "And" or "or" as used herein are terms of inclusion and not exclusion, and shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests any information that otherwise might be construed to be outside their scope.

Q.   "Thing," as used herein, is used in its broadest sense and encompass all tangible objects, including, but not limited to, goods, equipment, furnishings, machinery, computers, hard-drives, floppy disks, CD-ROMs, processors, printers, accessories, appliances, chattel and all other articles of personal property of whatever nature.

R.   "Including," as used herein, means "including, but not limited to".

S.   The use of the singular form of any form of any word includes the plural and vice versa.

T.   The use of the masculine pronoun shall include the feminine and vice versa.

U.    All Definitions and Requests are intended to comply with the Federal Rules and the Local Civil Rules and should be read to fully comply with such rules in the broadest sense possible to incorporate, rather than exclude, any potentially responsive Document.

## TOPICS

1.    The value of the Property from and after August 6, 2007, including, without limitation, all appraisals and other valuations of the Property.

2.    All attempts to market or sell the Property from and after August 6, 2007.

3.    All Communications concerning the value of the Property.

4.    All Communications concerning the sale or marketing of the Property.

5.    All expenses of the Property from and after August 6, 2007, including, without limitation, all expenses alleged by Debtors in the Motion and the Amended Motion.

6.    All income of the Property from and after August 6, 2007.

7.    Debtors' claims to a surcharge pursuant to 11 U.S.C. § 506(c).