IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x    Chapter 11
In re:                                                              :
                                                                    :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                              :
HOLDINGS, INC., a Delaware corporation, *et al.*,                   :    Jointly Administered
                                                                    :
                            Debtors.                                :
------------------------------------------------------------------- x

**DEBTORS' RESPONSES AND OBJECTIONS TO THE
AMENDED NOTICE OF 30(B)(6) DEPOSITION OF DEBTORS**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby makes the following responses and objections to the *Amended Notice of 30(b)(6) Deposition of Debtors* [Docket No. 9112] (the "Deposition Notice") filed by Park National Bank and Trust of Chicago, the predecessor to North Star Trust Company, as successor-trustee to Park National Bank and Trust Company of Chicago ("Park National") on August 11, 2010.

**GENERAL OBJECTIONS**

The Debtors make the following general objections to the Deposition Notice, which apply to each topic (each a "Topic") set forth in Exhibit A to the Deposition Notice regardless of whether the general objections are specifically incorporated into the specific objections below.

1.      The Debtors object to the noticed time, date, and location of the deposition. Subject to the following general and specific objections, the Debtors will provide a witness or witnesses at a mutually agreeable time, date, and location.

2.      The Debtors object to each Topic to the extent it calls for expert discovery or other information in advance of the dates set out in the applicable scheduling orders of the Court.

3. The Debtors object to each Topic to the extent it calls for information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law.

4. The Debtors object to each Topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than the Debtors.

5. The Debtors object to each Topic to the extent it is unduly burdensome, overbroad, oppressive, or calls for information that is neither relevant to any issue in the pending contested matter nor reasonably calculated to lead to the discovery of admissible evidence, including information unrelated to the issues presented in this case.

6. The Debtors object to each Topic to the extent it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested.

7. The Debtors object to each Topic to the extent it is duplicative of other discovery taken in this case, or which discovery is more easily available through other less burdensome means, such as by review of the documents produced as part of discovery in this case.

8. The Debtors object to each Topic to the extent it seeks information outside of the Debtors' possession, custody, or control.

9. The Debtors object to each Topic, Definition, and Instruction to the extent it seeks to impose any requirements or obligations on the Debtors in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

10. The Debtors object to each Topic to the extent it purports to impose unreasonable

requirements on a witness or purports to seek or require knowledge of legal conclusions or theories.

11.   The Debtors object to each Topic to the extent it is vague, ambiguous, and improper, and fails to designate with reasonable particularity the matter on which examination is requested, as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

Subject to and without waiving the foregoing General Objections, the Debtors object and respond to the Topics as follows:

*1.   The value of the Property from and after August 6, 2007, including, without limitation, all appraisals and other valuations of the Property.*

RESPONSE:   Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 1 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested.  The Debtors further object to Topic No. 1 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery.  The Debtors further object to Topic No. 1 to the extent that it exceeds the scope of the topics designated by Park National in its e-mail of August 4, 2010, and therefore affords the Debtors insufficient time to prepare a witness on this Topic.  Subject to and without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 1.

*2.   All attempts to market or sell the Property from and after August 6, 2007.*

RESPONSE:   Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 2 to the extent that it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege

or immunity from discovery.  Subject to and without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 2.

    *3.    All Communications concerning the value of the Property.*

RESPONSE:  Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 3 to the extent that it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery.  The Debtors further object to Topic No. 3 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested.  The Debtors further object to Topic No. 3 to the extent that it exceeds the scope of the topics designated by Park National in its e-mail of August 4, 2010, and therefore affords the Debtors insufficient time to prepare a witness on this Topic.  Subject to and without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 3.

    *4.    All Communications concerning the sale or marketing of the Property.*

RESPONSE:  Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 4 to the extent that it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery.  Subject to and without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 4.

    *5.    All expenses of the Property from and after August 6, 2007, including, without limitation, all expenses alleged by Debtors in the Motion and the Amended Motion.*

RESPONSE:  Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 5 to the extent it is overly broad and unduly burdensome to the extent it seeks testimony about every post-petition expense of the Property "without limitation."

The Debtors further object to Topic No. 5 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery.  Subject to and without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 5.

*6.     All income of the Property from and after August 6, 2007.*

RESPONSE:  Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 6 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested.  The Debtors further object to Topic No. 6 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery.  Subject to and without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 6.

*7.     Debtors' claims to a surcharge pursuant to 11 U.S.C. § 506(c).*

RESPONSE:  Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 7 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested.  The Debtors further object to Topic No. 7 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery.  The Debtors further object to Topic No. 7 to the extent that it calls for testimony concerning legal conclusions.  The Debtors further object to Topic No. 7 to the extent that it exceeds the scope of the topics designated by Park National in its e-mail of August 4, 2010, and therefore affords the Debtors insufficient time to prepare a witness on this Topic.  Subject to and

without waiving the foregoing objections, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 7.

Dated: Wilmington, Delaware　　YOUNG CONAWAY STARGATT & TAYLOR, LLP
　　　　August 11, 2010

*/s/ Andrew A. Lundgren*

―――――――――――――――――――――――――
Sharon M. Zieg (No. 4196)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors*