IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, *et al.*,                :   Jointly Administered
                                                                 :
                        Debtors.                                 :
---------------------------------------------------------------- x

## NOTICE OF SUBPOENA DIRECTED TO
## THE EQUITABLE FUNDS LLC

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, as made applicable by Federal Rules of Bankruptcy Procedure 7030 and 9016, notice is hereby given that American Home Mortgage Holdings, Inc., American Home Mortgage Corp., and their affiliated debtors and debtors in possession, by and through their undersigned counsel, will take the deposition upon oral examination of such person or persons designated by The Equitable Funds, LLC regarding the topics set forth in Schedule A of the Subpoena, in connection with the Debtors' *Amended Motion for Recovery of Costs and Expenses Pursuant to 11 U.S.C. § 506(c) from Mount Prospect, Illinois Property* [D.I. 8665].

The deposition shall commence at **3:00 p.m. (CDT) on August 16, 2010** at the offices of Greenburg Traurig, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601, or at another date, time, or location as agreed by the parties. The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths.

The deposition will be recorded by stenographic means and may also be recorded by sound and visual means.

Dated: Wilmington, Delaware  
August 10, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*[signature]*

_____
Sharon M. Zieg (No. 4196)  
Matthew B. Lunn (No. 4119)  
Andrew A. Lundgren (No. 4429)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, DE 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel for the Debtors*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In re: | **SUBPOENA IN A CIVIL CASE** |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Chapter 11 |
|  | Case No. 07-11047 (CSS) (Bankr. D. Del.) |
| Debtors. | Jointly Administered |

To: **The Equitable Funds LLC**
**c/o Sean W. Bezark, Esquire**
**Greenberg Traurig, LLP**
**77 West Wacker Drive, Suite 3100**
**Chicago, IL 60601**
**312-456-8400**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See <u>Schedule A</u>, attached.

| PLACE OF DEPOSITION<br>**Greenberg Traurig, LLP**<br>**77 West Wacker Drive, Suite 3100**<br>**Chicago, IL 60601** | DATE AND TIME<br>**August 16, 2010 at 3:00 p.m. (CDT)** |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents listed on the attached <u>Schedule A</u> at the place, date, and time specified below by electronic medium and transmission, overnight courier, or such other methods as the parties may direct.

| PLACE: | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>_[signature]_ **Counsel to the Debtors** | Date: **August 10, 2010** |
|---|---|

Issuing Officer's Name, Address, and Phone Number

Andrew A. Lundgren, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801
(302) 571-6600

(See Rule 45, Federal Rules of Civil Procedure Parts C & D below)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 10, 2010 | see below |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Sean W. Bezark, Esquire<br>Greenberg Traurig, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>bezarks@gtlaw.com | By Electronic Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Andrew A. Lundgren | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __8/10/10__
DATE

SIGNATURE OF SERVER

_1000 West St, Wilmington, DE 19801_
ADDRESS OF SERVER

---

(c) **Protecting a Person Subject to a Subpoena.**
  (1) *Avoiding Undue Burden or Expense; Sanctions.* A part or attorney responsible for issues and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.
  (2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written object to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that –
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the

state where the trial is held;
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires;
  (i) disclosing a trade secret or other confidential research, development, or commercial information;
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45©(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information.
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for that discovery.
 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.*
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any other copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A non party's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(i).

## SCHEDULE A

## DEFINITIONS

The following definitions and instructions shall apply to these Topics:

A.  "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the Topics that which might otherwise be construed or interpreted to be outside the scope of the Topics.

B.  "Communication" or "communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or otherwise, was stated, written, recorded or in any manner transmitted or transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

C.  "Concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

D.  "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

E.  "Document" or "document" means any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice

mail, electronic mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

      F.    "Electronically-Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this dispute. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external websites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar programs), bulletin board programs (e.g., Linked In, Facebook, and Twitter), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants (e.g., Palm Pilots), handheld wireless devices (e.g., BlackBerrys), or similar devices, internal or external email management software and consoles (e.g. Postini, Smarsh or similar email management solutions) and file folder tabs, or containers and labels

appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

G.  The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

H.  "May 19, 2009, Letter" shall mean the letter from Melissa E. Seiler, Esquire, to Zolfo Cooper, John C. Kuffel, Esquire, David Berliner, and Mark S. Indelicato, Esquire, sent on May 19, 2009, concerning the Purchase and Sale Agreement for the Property dated as of April 17, 2009.

I.  "Park National" shall mean Park National Bank and Trust of Chicago, the predecessor to North Star Trust Company, as successor-trustee to Park National Bank and Trust Company of Chicago, together with any entities controlled by or under common control with such entities, their agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

J.  "Person" shall mean any natural person or any business, legal or governmental entity, organization or association.

K.  "Proceedings" means those proceedings styled *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (CSS) (Bankr. D. Del.).

L.  "Professionals" shall mean attorneys, accountants, consultants, advisors, agents or other representatives retained or used by You.

M.  "Property" shall mean the property located at 950 Elmhurst Road, Mount Prospect, Illinois.

N.   "Refer" "reflect" and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

O.   The terms "regarding" and "with regard to" shall mean referring to, or having any relationship with whatsoever, or concerning or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any Request for Production.

P.   "Topics" means the 30(b)(6) topics recited in this Schedule A.

Q.   "You" or "Your" shall refer to The Equitable Funds LLC and together with any entities controlled by or under common control with such entity, its agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

## TOPICS

1.   All facts and circumstances concerning the Property, including, but not limited to, any bids You made for purchasing the Property, any rents received or payable concerning the Property, and any assignment of leases concerning the Property.

2.   All facts and circumstances concerning any valuations of the Property.

3.   All facts and circumstances concerning the market value of the Property.

4.   All facts and circumstances in determining the price to bid on the property and the basis for Your bid(s).

5.   All facts and circumstances concerning Your decision to forego purchasing the Property.

6.   All facts and circumstances concerning Your decision to adjust the purchase price for the Property.

7.   All communications You had with any appraiser with respect to the Property.

8. All communications You had with any title company with respect to the Property.

9. All communications You had with Park National with respect to the Property.

10. All communications You had with the Debtors with respect to the Property.

11. All communications You had with any environmental consultant with respect to the Property.

12. All communications You had with any entity or individual responsible for the maintenance of the Property.

13. All facts and circumstances concerning Your or anyone else's due diligence on the Property.

14. All facts and circumstances concerning Your decision to authorize Greenberg Traurig to send the May 19, 2009, Letter.

15. All facts and circumstances concerning the Internal Due Diligence Review attached to the May 19, 2009, Letter.

16. The collection, review and preparation of the documents and/or ESI produced by You to the Debtors in these Proceedings.