UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------- X   Chapter 11
In re                        :
                             :   Case No. 07-11047 (CSS)
American Home Mortgage       :
Holdings, Inc., *et al.*,    :   (Jointly Administered)
                             :
              Debtors.
                             :
---------------------------- X

**PARK NATIONAL'S RESPONSES AND OBJECTIONS TO
DEBTORS' FIRST SET OF INTERROGATORIES,
FIRST REQUEST FOR THE PRODUCTION OF
<u>DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS</u>**

U.S. Bank National Association, as successor in interest to Park National Bank and Trust of Chicago ("Park National"), by its undersigned counsel, hereby responds and objects to Debtors' First Set of Interrogatories, First Request for the Production of Documents and First Request for Admissions (the "Requests") as follows:

<u>**GENERAL OBJECTIONS**</u>

1. Park National objects to the Requests to the extent they seek to impose any obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of the Bankruptcy Court for the District of Delaware, other applicable law and/or orders issued in this matter.

2. Park National objects to the Requests to the extent they seek information that was prepared in anticipation of

litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Park National, constitutes privilege attorney-client information, constitutes confidential, proprietary and/or trade secret information, or is otherwise protected from disclosure under applicable privileges, laws or rules, because such information is not properly discoverable under the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.  Any disclosure of such protected or privileged information shall be deemed inadvertent and shall not constitute a waiver of such privilege, protection or immunity.

       3.    Park National objects to the Requests to the extent they seek information within Debtors' knowledge or equally available to Debtors through public or other sources or records on the grounds that they are unduly burdensome and duplicative.

       5.    Plainitff objects to the Requests to the extent they seek information not within Park National's possession, custody, or control.

       6.    Park National objects to the Requests to the extent they seek information outside of the relevant time period of this matter on the grounds that they are overbroad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

7. Park National objects to the Requests to the extent that they are vague, ambiguous, incomprehensible, or contain terms that are undefined.

8. Park National objects to the Requests to the extent they call for information that is cumulative or duplicative.

9. Park National objects to the Requests to the extent they call for information that is neither relevant to the subject matter of the pending matter nor reasonably calculated to lead to the discovery of admissible evidence.

10. Park National's responses are made without prejudice to the assertion of additional objections and responses by it at a later date and are made without prejudice to Park National's rights to supplement, modify, or amend its responses as necessary, and to rely upon and produce evidence at trial or any proceeding that may be held in this action.

11. Park National's response to each Request is to the best of its present knowledge, information and belief. Park National's discovery and investigation of the facts relevant to this matter are ongoing.

Each of the above General Objections shall be deemed to apply, where appropriate, to Park National's responses as set forth below, notwithstanding the fact that Park National has supplied Responses to the propounded Requests.

**SPECIFIC OBJECTIONS AND ANSWERS**

**INTERROGATORIES**

1. Identify each person who provided information in preparing Your responses to the Requests and state the nature of the information provided.

Response: Frederick Body and Kenneth S. Yudell, Esq.

2. State the basis for Your contention that payment of ad valorem taxes with respect to the Property did/do not provide a direct benefit to Park National.

Response: Payment of all expenses of the Property were primarily for the benefit of the Debtors who were in control of the Property during the relevant time period.  These payments directly benefitted the Debtors since they preserved Debtors' equity in the Property.

3. State the basis for Your contention that the amounts included in the 506(c) Claim, other than amounts paid on account

4

of ad valorem taxes, did/do not provide a direct benefit to Park National.

    Response: Payment of all expenses of the Property were primarily for the benefit of the Debtors who were in control of the Property. These payments directly benefitted the Debtors since they preserved Debtors' equity in the Property.

    4. Describe all of Your Communications regarding how to value the Property, including discussions of various methodologies to be used to determine or estimate the past, current or future value of the Property.

    Response: We are not aware of any non-privileged communications at this time.

    5. Identify the amount(s) You intend(ed) to credit bid at any auction of the Property.

    Response: This request is not relevant to the matters at issue. As such, no response is required.

    6. Identify the date You contend should be used for determining whether Park National's security interest in the Property is over or under secured.

    Response: August 6, 2007.

    7. Identify each person You have contacted related to the Property.

Response: Park National has been in contact with Debtors and Debtors' representatives. Park National has also been in contact with the attorneys for Park National and the appraiser.

8. Identify and describe all payments received by Park National from the Debtors or any agent of the Debtors.

Response: Park National objects to this Interrogatory as requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence. Notwithstanding and without waiving this objection or the General Objections, Park National refers Debtors to the loan history produced herewith.

9. Describe all Communications, internal or with third parties, referring or related to the Note and/or the Mortgage, including without limitation, any extensions of the maturity date under the Note and/or Mortgage.

Response: Park National objects to this Interrogatory as unduly burdensome and as requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence.

10. Describe what You intend to do with the Property.

Response: Park National objects to this Interrogatory as requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence.

11. Describe all efforts You have made to lease, rent, sell or otherwise dispose of the Property.

Response: None. Park National is not the owner of the Property and therefore has no authority to lease, rent, sell or otherwise dispose of the Property.

12. State the basis for requiring the funds to be retained in the Escrow Account.

Response: This Interrogatory is incomprehensible and cannot be answered as posed. Assuming the Interrogatory is requesting the basis for requiring Debtors to make payments to the Escrow Account, the response would be the terms of the Mortgage.

13. Identify and describe all payments made from the Escrow Account.

Response: Park National objects to this Interrogatory as requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence.

>Notwithstanding and without waiving the General Objections or this objection, Park National refers Debtors to the payment history accompanying this Response.

14. Identify all cash used by the Debtors that Park National contends was Park National's cash collateral.

>Response: All rents, security deposits and other proceeds generated by the Property.

15. State the basis for Your contention that the Debtors improperly used Park National's cash collateral.

>Response: Park National has made no such claim in connection with Debtors' request for a surcharge under 11 U.S.C. § 506(c).

16. Identify each and every witness whom You will call or anticipate calling to testify at the Hearing and, for each such person, please describe in detail the subject matter of such person's anticipated testimony.

>Response: Park National has not yet identified any witnesses to testify at any Hearing in this matter.

17. Identify each and every document and/or exhibit that You will introduce or anticipate introducing at the Hearing.

>Response: Park National has not yet identified any documents and/or exhibits to be introduced at any Hearing in

this matter.

18. Describe any policy, practice or procedure under which any of Your Documents are destroyed.

Response: Park National is not aware of any documents relevant to this matter as having been destroyed.

**DOCUMENT REQUESTS**

1. All Documents that were refer to or identified in Your responses to the Interrogatories.

Response: See Responses and Objections to each Interrogatory, above.

2. All Documents concerning the Property, including, but limited to Documents that refer or relate to any alleged default of the Debtors' under the Note, Park National's intent to credit bid at any auction of the Property, the Sale of the Property, the Rents, Park National's security interests under the Note, and any extensions of the maturity date under the Note.

Response: Park National objects to this Request as oppressive, unduly burdensome, requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence.

3. All Documents concerning any payment to Park National from the Debtors, including without limitation all Documents concerning principal payments under the Note, interest payments under the Note, escrow payments under the Note, real estate taxes related to the Property, insurance payments related to the property, invoices for payment of property taxes, cleared checks, and statements for the Escrow Account.

    Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

4. All Documents concerning any valuations of the Property.

    Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

5. All Documents reviewed, referred to or relied upon in valuing the Property.

    Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

6. All Documents concerning Your decision to file the Stay Relief Motion.

    Response: Park National objects to this Request as

        requesting information not relevant to the issues in dispute and not reasonably calculated to lead to the discovery of relevant evidence. Park National further objects to this Request as seeking to invade the attorney-client and/or work-product privileges.

7. All Documents provided to or exchanged with any appraiser with respect to the Property.

    Response: Notwithstanding and without waiving the General Objections, Park National refers Debtors to the documents accompanying this Response.

8. All Documents provided to or exchanged with any expert testifying at the Hearing.

    Response: Park National has not yet identified any expert expected to testify at trial.

9. All Documents provided to or exchanged with any person who may testify at the Hearing under Rule 701 of the Federal Rules of Evidence.

    Response: Park National has not yet identified any witness expected to testify at trial.

10. Any expert reports, including drafts, prepared in connection with the Stay Relief Motion and/or the Motion.

    Response: Park National objects to the Request to the extent

11

>it seeks to invade the attorney-client and/or work-product privileges. Notwithstanding and without waiving the General Objections or this objection, Park National refers Debtors to the documents accompanying this Response.

11. All Documents You may rely upon at the Hearing.

>Response: Park National has not yet identified any documents it expects to rely upon at any trial of this matter.

## REQUESTS FOR ADMISSION

1. Under Illinois law, if the Debtors' had not paid the real estate taxes, a tax lien, senior to Park National's security interest in the Property, would have arisen.

>Response: Deny.

    2.   Accrual of unpaid real estate taxes against the Property would have eroded Park National's security interest in the Property.

    Response: Deny.

Dated:    New York, New York
           April 5, 2010

                            Womble Carlyle Sandridge & Rice, PLLC

                            By: /s/ Michael Busenkell
                                Michael Busenkell (Del. Bar No. 3933)
                          222 Delaware Avenue, Suite 1501
                          Wilmington, DE 19801
                          Telephone # (302) 252-4324

                          And

                          Aronauer, Re & Yudell, LLP
                          Joseph Aronauer, admitted Pro Hac Vice
                          444 Madison Avenue, 17th Floor
                          New York, New York 10022
                          Telephone # (212) 755-6000

                          *Attorneys for Park National*