IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :    Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :    Jointly Administered
        Debtors.                                                       :
                                                                       :    Ref. Docket Nos. 8812, 8846 &8847
---------------------------------------------------------------------- x

**CERTIFICATION OF COUNSEL REGARDING SCHEDULING
ORDER RELATING TO THE MOTION OF DEBORAH MILLS FOR
ODER TO (I) AMEND PROOF OF CLAIM AND (II) MOTION FOR
ORDER OF ALLOWED ADMINISTRATIVE EXPENSE CLAIM
PRIORITY AGAINST THE ESTATE PURSUANT TO SECTION
503(B) OF THE BANKRUPTCY CODE IN IMMEDIATELY
AVAILABLE FUNDS AND (III) ORDER OF RIGHT TO
PROTECTION OF CERTAIN PROPERTY INTEREST UNDER
SECTION 361 OR (IV) AVOIDANCE ACTION AGAINST DEBTORS
PURSUANT TO SECTION 549**

On or about April 27, 2010, Ms. Deborah Mills ("Ms. Mills") filed her *Motion of Deborah Mills for Order to (I) Amend Proof of Claim and (II) Motion for Order Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Funds and (III) Order a Right to Protection of Certain Property Interests Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549* [D.I. 8812] (the "Motion").

On May 11, 2010, the Debtors and the Official Committee of Unsecured Creditors each filed an objection the Motion [D.I. 8847 & 8846, respectively] (the "Objections"). The

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Debtors and Ms. Mills agreed that Ms. Mills may file amended proofs of claim, subject to a full reservation of rights by the Debtors to object to any and all claims (including the amended proof of claim) filed by Ms. Mills on any grounds at a later date. With respect to Ms. Mill's requests for an administrative expense claim, adequate protection and a fraudulent transfer under section 549 of the Bankruptcy Code, the parties initially agreed to go forward with oral argument only on July 19, 2010 (the "Initial Hearing").

Upon request of Ms. Mills' counsel, the Court rescheduled the Initial Hearing to September 23, 2010. Following the Initial Hearing, the Debtors and Ms. Mills determined that it would be in the best interests of all parties to address all issues among the Debtors and Ms. Mills at once.

The parties entered into negotiations regarding the timing for, among other things, discovery and trial, and agreed upon a proposed scheduling order, attached hereto as Exhibit A (the "Proposed Scheduling Order").

The Debtors respectfully request that the Court enter the Proposed Scheduling Order at its earliest convenience.

Dated: Wilmington, Delaware
August 12, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret Whiteman Greecher
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

## EXHIBIT A

Proposed Scheduling Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE                                        :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,               :
                                                              :   Jointly Administered
            Debtors.                                          :
                                                              :   Docket Ref. Nos. 8812, 8846 & 8847
------------------------------------------------------------- x

**SCHEDULING ORDER RELATING TO THE MOTION OF DEBORAH MILLS FOR ODER TO (I) AMEND PROOF OF CLAIM AND (II) MOTION FOR ORDER OF ALLOWED ADMINISTRATIVE EXPENSE CLAIM PRIORITY AGAINST THE ESTATE PURSUANT TO SECTION 503(B) OF THE BANKRUPTCY CODE IN IMMEDIATELY AVAILABLE FUNDS AND (III) ORDER OF RIGHT TO PROTECTION OF CERTAIN PROPERTY INTEREST UNDER SECTION 361 OR (IV) AVOIDANCE ACTION AGAINST DEBTORS PURSUANT TO SECTION 549**

The following schedule shall govern the discovery and other deadlines related to the evidentiary hearing on the *Motion of Deborah Mills for Order to (I) Amend Proof of Claim and (II) Motion for Order Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Funds and (III) Order a Right to Protection of Certain Property Interests Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549* (D.I. 8812) (the "Motion") filed by Ms. Deborah Mills ("Ms. Mills"):

1. <u>Amended Claims</u>. Ms. Mills shall file proofs of claims setting forth any and all alleged claims she is asserting against any of the above-captioned debtors (the "Debtors"),[1] including claims for administrative priority, (the "Amended Claims") no later than **August 13, 2010**. The Amended Claims shall set forth any and all causes of action to be asserted

---

[1] To the extent Ms. Mills asserts claims against more than on Debtor, she must file a separate proof of claim with respect to each such Debtor. In addition, Ms. Mills must identify on her proof of claim forms the particular Debtor against which her Claim is asserted.

DB02:7416949.1                                                                                              066585.1001

against the Debtors, which shall supersede the theories of liability set forth in the Motion and the previously-filed claims numbered 2473, 10764, 10765. Ms. Mills shall commence any and all adversary proceedings to prosecute any and all of her causes of action against any of the Debtors no later than **August 13, 2010**. Notwithstanding the foregoing, nothing herein shall impact or effect any right Ms. Mills may have to apply for leave of the Court, upon showing of good cause, to add or amend any claims against any of the Debtors or any defenses that the Debtors may have thereto.

2. <u>Written Discovery</u>. The Parties shall serve all discovery requests (the "<u>Written Discovery</u>") by **August 24, 2010**. All written discovery responses and document production shall be served so as to be received no later than **September 17, 2010**. As contemplated by Del. Bankr. L.R. 7026-3 (c) and (e), the Parties have identified Erin Edwards, Esq. and Stamatios Stamoulis, Esq. as their respective "e-discovery liaison" and shall endeavor to reach an agreement as to the method of searching, and the words, terms, and phrases to be searched on or before **August 27, 2010**.

3. <u>Preservation of Privilege in Connection with Document Production</u>. In light of the expedited nature of discovery responses, the parties agree that there is a risk for inadvertent disclosure of privileged materials and such materials shall not constitute a waiver if such privileged material is requested to be returned within fourteen (14) days.

4. <u>Fact Depositions</u>. All fact depositions shall be completed no later than **September 30, 2010**.

5. <u>Conclusion of Fact Discovery</u>. All fact discovery shall be completed by **September 30, 2010**.

6. <u>Expert Reports and Depositions</u>.

      a.    If any party intends to call any expert witness as part of its affirmative presentation at trial, it will give written notice of that fact to all other parties by **September 17, 2010** and serve its expert reports on those parties by **September 24, 2010**.

      b.    If any party intends to call any rebuttal expert, it will give written notice of that fact to all other parties by **September 29, 2010** and serve its rebuttal expert report on those parties by **October 13, 2010**.

      c.    All expert depositions shall be completed no later than **October 22, 2010**.

      d.    All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).

      e.    All expert discovery shall be completed, and discovery shall close, by **October 22, 2010**.

7.    <u>Briefing Schedule</u>. The Debtors shall file their objection to the Amended Claims on or before **October 29, 2010**. Ms. Mills shall file her response on or before **November 5, 2010**. The Debtors shall file their reply, if any, on or before **November 12, 2010**.

8.    <u>Joint Pre-Trial Order</u>. A Joint Pretrial Order identifying all witnesses and exhibits shall be filed on or before **November 17, 2010**. Unless otherwise advised by the Court, the Parties should assume that filing the proposed Joint Pretrial Order satisfies the pretrial disclosure requirement in Rule 26(a)(3) of the Federal Rules of Civil Procedure.

9.    <u>Hearing.</u> A one-day evidentiary hearing on the Objection shall commence on **November 22, 2010 at 10:00 AM** (the "<u>Hearing</u>").

10. <u>Modifications to this Schedule</u>. Deadlines contained in this Stipulation and Scheduling Order may be extended by Court order, if necessary, or other than with respect to the deadlines related to submission of the pretrial order, by agreement of the parties without approval of the Court.

11. <u>Service</u>. Service of all pleadings, affidavits and other documents required to be served under this Stipulation shall be served via electronic mail or overnight, express delivery on respective counsel for the Parties.

12. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Scheduling Order.

SO ORDERED THIS _____ DAY OF _____, 2010.

                BY THE COURT:

                _____
                CHRISTOPHER S. SONTCHI
                U.S. BANKRUPTCY JUDGE