IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered |

### AMENDED NOTICE OF 30(b)(6) DEPOSITION DIRECTED TO U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO PARK NATIONAL BANK

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") will take the deposition upon oral examination of such person or persons designated by U.S. Bank National Association, as successor in interest to Park National Bank ("U.S. Bank"), regarding the topics set forth in Schedule A to this Amended Notice, in connection with the Debtors' *Amended Motion for Recovery of Costs and Expenses Pursuant to 11 U.S.C. § 506(c) from Mount Prospect, Illinois Property* [D.I. 8665].

The deposition shall commence at **10:00 a.m. (CDT) on September 1, 2010** at the offices of Greenburg Traurig, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601, or at another date, time, or location as agreed by the parties. The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths.

The deposition will be recorded by stenographic means and may also be recorded by sound and visual means.

Dated: Wilmington, Delaware
August 19, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Sharon M. Zieg*
_____
Sean M. Beach (No. 4070)
Sharon M. Zieg (No. 4196)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to Debtors and Debtors in Possession*

## SCHEDULE A

## DEFINITIONS

A.  "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the Topics that which might otherwise be construed or interpreted to be outside the scope of the Topics.

B.  "Bankruptcy Code" means title 11 of the United States Code.

C.  "Communication" or "communication" mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or otherwise, was stated, written, recorded or in any manner transmitted or transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

D.  "Concerning" means relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

E.  "Contested Matter" means that certain dispute between the Debtors and U.S. Bank in the Proceedings concerning the Debtors' request for relief under section 506(c) of the Bankruptcy Code, among others.

F.  "Correspondence" means any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

G.  "Debtors" means the debtors and debtors-in-possession in the Proceedings.

H.  "Discovery Requests" means the Debtors' *First Set of Interrogatories, Requests for Production of Documents and Requests for Admission Directed to Park National Bank* served on February 26, 2010 in the Contested Matter.

I. "Document" or "document" means any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, electronic mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind. The term "document" includes email, data compilations, databases and other electronic documents, including all metadata associated with such documents, from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "document."

J. "Electronically-Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this dispute. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other

electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external websites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar programs), bulletin board programs (e.g., Linked In, Facebook, and Twitter), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants (e.g., Palm Pilots), handheld wireless devices (e.g., BlackBerrys), or similar devices, internal or external email management software and consoles (e.g., Postini, Smarsh or similar email management solutions) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

  K. "Equitable Funds" means The Equitable Funds, LLC and its professionals.

  L. "Foreclosure" means Your foreclosure of the Property.

  M. The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

  N. "Maintenance Entity" means any Person responsible for the physical maintenance of the Property.

O.  "Motion" means the *Amended Motion for Recovery of Costs and Expenses Pursuant to 11 U.S.C. § 506(c) from Mount Prospect, Illinois Property* [D.I. 8665] filed in the Contested Matter.

P.  "Objection" means U.S. Bank's brief in opposition to the Motion, filed on March 30, 2010 [Docket No. 8724].

Q.  "Person" means any natural person or any business, legal or governmental entity, organization or association.

R.  "Proceedings" means those proceedings styled *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (CSS) (Bankr. D. Del.).

S.  "Professionals" means attorneys, accountants, consultants, advisors, agents or other representatives.

T.  "Property" means the real property and any improvements thereon located at 950 Elmhurst Road, Mount Prospect, Illinois 60056.

U.  "Refer," "reflect," and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

V.  The terms "regarding" and "with regard to" shall mean referring to, or having any relationship with whatsoever, or concerning or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any of the Topics.

W.  "RN Realty" means RN Realty Ventures, Inc. and its professionals.

X.  "Tax Authority" means any governmental body or agent thereof charged with the collection of taxes of any kind in any jurisdiction with respect to the Property.

Y.  "Tenant" means any tenant leasing commercial or other space on the Property.

Z.   "Topics" means the 30(b)(6) topics recited in this Schedule A.

AA.   "You" or "Your" shall refer to U.S. Bank National Association, as successor in interest to Park National Bank, together with any entities controlled by or under common control with such entities, their Professionals, directors, employees, officers, and other representatives.

## TOPICS

1.   All discussions, plans or strategies related to Your efforts to purchase the Property, including any credit bid or other bid for the Property.

2.   All facts and circumstances related to Your purchase of the Property.

3.   All discussions, plans or strategies related to Your efforts to foreclose the Property.

4.   All facts and circumstances related to the Foreclosure.

5.   All discussions, plans or strategies related to Your efforts to sell the Property.

6.   All facts and circumstances related to any intended sale of the Property by You.

7.   All discussions, plans or strategies related to Your efforts to value the Property.

8.   All facts and circumstances related to any valuation of the Property from 2007 to the present.

9.   All discussions, plans or strategies related to Your efforts to determine the price to bid on the property and the basis for Your bid(s).

10.   All facts and circumstances related to Your bid(s) for the Property at the Foreclosure.

11.   All discussions, plans or strategies related to Your efforts to engage an appraiser with respect to the Property.

12.   All facts and circumstances related to any appraisals You obtained for the Property.

13.   All facts and circumstances related to the payment of taxes, including ad valorem

property taxes, maintenance and repair costs, and insurance costs with respect to the Property.

14. All of Your internal communications concerning the Property.

15. All communications between You and the Debtors concerning the Property.

16. All communications between You and Equitable Funds concerning the Property.

17. All communications between You and RN Realty concerning the Property.

18. All communications between You and any prospective buyer of the Property.

19. All communications between You and any appraiser, environmental consultant, or other entity that evaluated any aspect of the Property, including its value.

20. All communications between You and any Tenant.

21. All communications between You and any Maintenance Entity.

22. All communications between You and any Tax Authority.

23. All discussions, plans or strategies related to Your due diligence on the Property.

24. Your responses to the interrogatories contained in the Discovery Requests.

25. The collection, review and preparation of the documents and/or ESI produced by You in response to the Debtors' Discovery Requests.

26. All documents that You produced in response to the Discovery Requests.

27. All documents produced by third parties in the Contested Matter.

28. All facts and circumstances related to any rents received or payable, the mortgage and note You held, and any assignment of leases, all concerning the Property.

29. All facts and circumstances that support the allegations made in the Objection.

30. All facts and circumstances that support Your assertion that U.S. Bank is oversecured with respect to the Property.