IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x
In re

AMERICAN HOME MORTGAGE HOLDINGS,
INC., et al.,[1]

            Debtors.
-----------------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMERICAN HOME MORTGAGE
HOLDINGS, INC., et al.,

            Plaintiff,

 - against -

TOUCH LLC d/b/a PURE,

            Defendant.
-----------------------------------------------------------------------x

Chapter 11

Case No. 07-11047 (CSS)
(Jointly Administered)

Adv. Proc. No. 09-52301 (CSS)

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between the Official Committee of Unsecured Creditors ("*Plaintiff*" or the "*Committee*") of the above-captioned debtors (collectively, the "*Debtors*") and Touch LLC d/b/a Pure ("*Touch*" and together with the Committee, the "*Parties*") sets forth the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on August 6, 2007 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Court*"); and

**WHEREAS**, Touch is listed on the Debtors' schedules as having an unsecured claim in an unliquidated amount (the "*Touch Scheduled Claim*"); and

**WHEREAS, on** August 14, 2007, the Office of the United States Trustee formed the Committee; and

**WHEREAS,** on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors (as amended, the "*Plan*"); and

**WHEREAS,** on February 23, 2009, the Court entered an order confirming the Plan but the Plan has not yet become effective; and

**WHEREAS**, on July 6, 2009, the Committee and Debtors executed and filed a stipulation (the "*Stipulation*") which, *inter alia*, (i) appoints the Committee as representative of the Debtors' estates, and confers standing upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all causes of action under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto (the "*Avoidance Actions*") subject to approval of this Court, and (ii) provides that, as of the Effective Date, the Liquidating Trustee (as defined in the Plan) would (a) automatically be deemed to be substituted in the place and stead of the Committee and/or the Debtors with respect to any and all Avoidance Actions, (b) succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions, and (c) have standing post-Effective Date to pursue and, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan; and

**WHEREAS**, on July 8, 2009, the Court entered an order approving the Stipulation; and

WHEREAS, on or about November 4, 2009, a complaint (the "*Adversary Proceeding*") in the instant action was filed by the Committee against Touch, which asserted that Touch had received transfers from the Debtors totaling $98,710.63 (the "*Transfers*") subject to avoidance (the "*Avoidance Claims*") pursuant to Chapter 5 of the Bankruptcy Code; and

WHEREAS, Touch denies liability and asserts that the transfers were incurred in the ordinary course of business or were in exchange for substantially equivalent value; and

WHEREAS, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement,

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The recitals set forth above are incorporated herein by reference. In full and final settlement and satisfaction of the Avoidance Claims, Touch shall pay, as consideration for this settlement, the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) (the "*Settlement Sum*"). The Settlement Sum shall be paid by wire, so that such wire is received within five (5) business days of the entry of a Final Order (as defined below) approving this Settlement Agreement. The Settlement Sum shall be wired to:

   Acct Name: Hahn & Hessen LLP/ AHM Dist Acct
   Bank : JPMorgan Chase
   Acct# 887400786
   ABA# 021000021

2. In the event that Touch does not deliver payment of the Settlement Sum (i) when due or (ii) in good funds, the Committee, in its sole discretion, shall be entitled to subsequently direct the Clerk of the Bankruptcy Court to enter judgment against Touch in the amount of

$98,710.63 and Touch shall waive any right to contest or challenge such judgment. Nothing contained herein shall be deemed a waiver of the rights of the Committee to execute upon the judgment and recover assets to and for the benefit of the Debtors' estates.

3. Within five (5) business days of the Committee's receipt of the full Settlement Sum in good funds, the Committee shall file a stipulation in the Bankruptcy Court dismissing the Adversary Proceeding with prejudice, each party to bear its own fees and costs.

4. The Parties understand and acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court and that this Settlement Agreement shall not be binding upon the Parties until the entry by the Bankruptcy Court or an appellate court, where applicable, of an order approving this Settlement Agreement (the "*Final Order*"). For purposes of this Settlement Agreement, a "Final Order" means an order, the operation or effect of which has not been stayed, reversed or amended and as to which the time to appeal or move for review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. The Committee will seek approval of this Settlement Agreement within thirty (30) days of receipt of a fully executed copy of this Settlement Agreement.

5. If this Settlement Agreement is not approved by the Bankruptcy Court or the Bankruptcy Court's order approving this Settlement Agreement in its entirety is reversed by a higher court, the Settlement Agreement shall be deemed null and void.

6. Effective upon Touch's receipt of a fully executed copy of this Settlement Agreement, and entry of a Final Order, Touch hereby (a) releases, acquits and discharges the Committee, the Debtors, and their estates, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or relating to, the Transfers or the Avoidance Claims (b) releases,

waives and agrees to the expunging of any claims filed by, or scheduled on behalf of Touch in the Debtors' bankruptcy cases, including, but not limited to, the Touch Scheduled Claim, and (c) waives any right to file a claim against the Debtors' estates relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Committee has under this Settlement Agreement.

7. Effective upon the Committee's receipt of the entire Settlement Sum in full and in good funds, a fully executed copy of this Settlement Agreement, entry of a Final Order, the Committee, on behalf of itself and the Debtors' estates, (a) hereby releases, acquits and discharges Touch and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of, or relating to, the Transfers or the Avoidance Claims; provided, however, that nothing contained herein shall be deemed to release any obligations Touch has under this Settlement Agreement. If the Settlement Sum is not received in good funds and/or not received on or before the deadline set forth in this agreement, the releases set forth in this paragraph shall be null and void.

8. The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

9. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by

any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

10. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

11. In the event an action is commenced by any party hereto to enforce the provisions of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees in connection with said action.

12. The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

13. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

14. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

15. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: _July 20_, 2010

| HAHN & HESSEN LLP<br>Counsel for the Committee<br><br>By: _/s/ signature_<br>Mark S. Indelicato<br>Edward L. Schnitzer<br><br>488 Madison Avenue<br>New York, NY  10022<br>(212) 478-7200 | TOUCH LLC d/b/a PURE<br><br>By: Touch Management, LLC, as its managing member<br><br>By: FDR Management, LLC, its manager<br><br>By: _/s/ signature_<br><br>Name: ___Jan Marks___<br><br>Title: ___CFO___<br><br>Address: ___5555 Badura Avenue #120___<br>                   ___Las Vegas, NV  89118___<br><br>Phone: ___(702) 212-8804___ |