# EXHIBIT II

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:                                                 :   Chapter 11
                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                     :
                                                       :   Jointly Administered
      Debtors.                                         :
                                                       :   **Ref. Docket No. _____**
---------------------------------------------------------------------- x

### ORDER SUSTAINING DEBTORS' SIXTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Sixty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing and expunging in full or in part, reclassifying, reassigning, modifying, and/or affixing the value of each of the Disputed Claims[2] identified on Exhibits A, B, C, D, E, and F attached hereto; and it appearing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby modified to the dollar values under the column titled "Modified Amount" in Exhibit A; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit B, are hereby (i) modified to the dollar values under the column titled "Modified Amount" in Exhibit B; and (iii) reassigned to the new case numbers as indicated in Exhibit B; it is further

ORDERED that the Disputed Claim identified on the attached Exhibit C, is hereby (i) modified to the dollar value under the column titled "Modified Amount" in Exhibit C and (ii) reclassified to the priority level indicated in the column titled "Modified Amount" in Exhibit C; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit D, are hereby (i) modified to the dollar values under the column titled "Modified Amount" in Exhibit D; (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit D; and (iii) reassigned to the new case numbers as indicated in Exhibit D; it is further

ORDERED that the Disputed Claims identified on the attached Exhibit E are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit F shall have the value affixed to such claim as indicated on Exhibit F; and it is further

2

                                                          066585.1001

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      September ___, 2010

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Modified Amount Claims

**Exhibit A**

**Modified Claims**

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim — Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| COMMERCIAL AGENCY, THE<br>ATTN LEE KENNEDY, COLLECTION MANAGER<br>C/O LIONINC.COM<br>PO BOX 23909<br>FARMVILLE, VA 23909 | 2576 | 11/15/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$17,412.00 (U)<br>$17,412.00 (T) | - (S)<br>- (A)<br>- (P)<br>$9,412.00 (U)<br>$9,412.00 (T) | Based on a review of the Debtors' books and records, the claim amount should be modified and reduced to match the amounts that remain outstanding based on invoices #550087 and #553190. The remainder of the claimed amount was previously paid. |
| FIDELITY INFORMATION SERVICES, INC.<br>ATTN: MICHELE GILLIS<br>601 RIVERSIDE AVENUE<br>JACKSONVILLE, FL 32204 | 5604 | 12/17/07 | 07-11051 | - (S)<br>- (A)<br>$87,921.60 (P)<br>- (U)<br>$87,921.60 (T) | - (S)<br>$6,763.20 (A)<br>$81,158.40 (P)<br>- (U)<br>$81,158.40 (T) | The claim amount should be modified and reduced by $6,763.20 on account of the security deposit in this amount being held by the claimant. |
| NUSS VALUATIONS, INC.<br>4820 SE 34TH AVE<br>PORTLAND, OR 972024102 | 8812 | 1/11/08 | 07-11053 | - (S)<br>- (A)<br>- (P)<br>$7,975.00 (U)<br>$7,975.00 (T) | - (S)<br>- (A)<br>- (P)<br>$5,400.00 (U)<br>$5,400.00 (T) | The claim relates to 21 invoices for appraisal services performed by the claimant - an appraisal vendor. Based on a review of the Debtors' books and records, 5 of the applicable invoices were previously paid in full and, therefore, the claim amount should be modified and reduced to match the amounts reflected in the 16 outstanding invoices. |
| RIDGEVIEW PLAZA, LLC.<br>ATTN CHRIS D NICHOLS, ATTORNEY<br>PO BOX 70399<br>RENO, NV 89570 | 5241 | 12/11/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$92,072.28 (U)<br>$92,072.28 (T) | - (S)<br>- (A)<br>- (P)<br>$27,461.28 (U)<br>$27,461.28 (T) | The claimant seeks damages in connection with the termination of a pre-petition real property lease entered into between the claimant and debtor AHM Corp. (Case No. 07-11051). Pursuant to section 502(b)(6) of the Bankruptcy Code, the claim amount should be modified and reduced from the claimed amount to $27,461.28, which represents one year rent reserved by such lease ($29,861.28, which amount is greater than 15% of remaining lease term) minus $2,400 security deposit held by claimant. |
| ROBERT SCHERMAN & ASSOCIATES<br>ATTN ROBERT J SCHERMAN<br>5700 HARROW GLEN CT<br>GALENA, OH 43021 | 7762 | 1/8/08 | 07-11053 | - (S)<br>- (A)<br>- (P)<br>$7,450.00 (U)<br>$7,450.00 (T) | - (S)<br>- (A)<br>- (P)<br>$6,975.00 (U)<br>$6,975.00 (T) | The claim relates to 31 invoices for appraisal services performed by the claimant - an appraisal vendor. Based on a review of the Debtors' books and records, 2 of the applicable invoices (#s R224-1653 and R017-7791) were previously paid in full and, therefore, the claim amount should be modified and reduced to match the amounts reflected in the 29 outstanding invoices. |

——— Objectionable Claim ———

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| Totals: | | 5 Claims | | - (S) | - (S) | |
| | | | | - (A) | - (A) | |
| | | | | - (P) | - (P) | |
| | | | | $212,830.88 (U) | $130,406.68 (U) | |
| | | | | $212,830.88 (T) | $130,406.68 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

**Modified Amount Wrong Debtor Claims**

**Exhibit B**

**Modified Amount, Wrong Debtor Claim**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| | | | — Objectionable Claim — | | | | |
| AMERICA'S CUTTING EDGE RE SERVICES 155 PASSAIC AVE STE 200 FAIRFIELD, NJ 070043562 | 1141 | 9/21/07 | No Case | - (S) - (A) - (P) $35,395.00 (U) $35,395.00 (T) | 07-11053 | - (S) - (A) - (P) $27,590.00 (U) $27,590.00 (T) | The claim relates to numerous invoices in connection with appraisal services purportedly performed on behalf of the Debtor by the claimant - an appraisal vendor. The claim amount should be modified and reduced by $7,805.00 because the Debtors' books and records do not show appraisal orders applicable to this vendor on 46 of the 126 claimed invoices. In addition, the claimant failed to assert the claim against any debtor. Based on the Debtors' records, the claim should be assigned to debtor Homegate Settlement Services, Inc. (Case No. 07-11053). |
| MCCANN APPRAISAL SERVICES INC. 231 S. WHITE HORSE PIKE AUDUBON, NJ 08106 | 10641 | 1/9/09 | 07-11047 | - (S) - (A) - (P) $7,160.00 (U) $7,160.00 (T) | 07-11053 | - (S) - (A) - (P) $6,435.00 (U) $6,435.00 (T) | The claim relates to returned checks and oustanding invoices for appraisals performed on behalf of the Debtor by the claimant - an appraisal vendor. Based on a review of the Debtors' books and records, the claim amount should be reduced by $725.00 as check # 73775 in the amount of $725.00 cleared on 7/13/07. In addition, pursuant to the Debtors' records, the claim should be reassigned to debtor Homegate Settlement Services, Inc. (Case No. 07-11053). |
| Totals: | 2 Claims | | | - (S) - (A) - (P) $42,555.00 (U) $42,555.00 (T) | | - (S) - (A) - (P) $34,025.00 (U) $34,025.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

## Modified Amount Reclassified Claim

Exhibit C

Modified Amount Reclassified Claims

| | | | | Objectionable Claim | | |
|---|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
| MARLIN LEASING CORPORATION<br>ATTN REBECCA MENDEZ, PARALEGAL<br>300 FELLOWSHIP RD<br>MOUNT LAUREL, NJ 08054 | 1107 | 9/18/07 | 07-11051 | $26,937.63 (S)<br>- (A)<br>- (P)<br>- (U)<br>$26,937.63 (T) | - (S)<br>$469.01 (A)<br>- (P)<br>- (U)<br>$469.01 (T) | The claim relates to a pre-petition equipment lease entered into between the claimant and the Debtor. This lease was rejected by the Debtors post-petition pursuant to an order of the Court and the subject equipment was returned to the claimant by the Debtors. Based on the foregoing, the claim should be modified and reduced to $469.01, and reclassified to a general unsecured claim because: (i) $469.01 is the valid allowed amount for damages on account of the rejection of this equipment lease; and (ii) no basis for secured status exists since the Debtors are no longer in possession of the applicable property and the claimant possesses no property of the Debtors which could be subject to set-off. |

| Totals: | 1 Claim | | | $26,937.63 (S)<br>- (A)<br>- (P)<br>- (U)<br>$26,937.63 (T) | - (S)<br>$469.01 (A)<br>- (P)<br>- (U)<br>$469.01 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

**Modified Amount Reclassified Wrong Debtor Claims**

# Exhibit D

## Modified Amount, Reclassified, Wrong Debtor Claims

—— Objectionable Claim ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| COMPRINT MILITARY COMMUNICAT 9030 COMPRINT COURT GAITHERSBURG, MD 20877 | 6210 | 12/24/07 | No Case | Unspecified* | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$718.00 (U)<br>$718.00 (T) | The claim relates to pre-petition advertising services provided by the claimant to the Debtors. Claimant did not specify a dollar amount on their proof of claim, however, the invoice attached to the claim form indicates $718.00 is owed to the claimant, which the Debtors do not dispute. In addition, the claimant failed to indicate a priority level for such claim and did not assert the claim against any particular debtor. Per the Debtors' records, the claim should be assigned to American Home Mortgage Corp. (Case No. 07-11051). Further, because the claim relates to pre-petition services rendered to the Debtors by a 3rd party vendor, such claim should be a general, unsecured claim. Based on the foregoing, the claim should be an allowed general unsecured claim in the amount of $718.00 against Case No. 07-11051. |

─── Objectionable Claim ───

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| NEW LIFE RECHARGE INC<br>ATTN DARYL EVANS, PRESIDENT<br>P.O. BOX 3505<br>BRENTWOOD, TN 37024-3505 | 6717 | 12/31/07 | No Case | Unspecified* | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$727.61 (U)<br>$727.61 (T) | The claim relates to office supplies ordered and received by the Debtors pre-petition. Claimant did not specify a dollar amount on their proof of claim, however, the invoice attached to the claim form indicates the amount owed is $727.61, which the Debtors do not dispute. In addition, the claimant failed to indicate a priority level for such claim and did not assert the claim against any particular debtor. Per the Debtors' records, the claim should be assigned to American Home Mortgage Corp. (Case No. 07-11051). Further, because the goods were received more than 3 months before the petition date, the claim is entitled only to general unsecured status. Based on the foregoing, the claim should be allowed as a general unsecured claim in the amount of $727.61 and allowed against Case No. 07-11051. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Totals: | 2 Claims | | | Unspecified* | | - (S)<br>- (A)<br>- (P)<br>$1,445.61 (U)<br>$1,445.61 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT E

## No Liability Claims

# Exhibit E

## No Liability Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| CITY OF DAYTON<br>FINANCE DEPARTMENT<br>ATTN: ACC. REC. COLLECTIONS<br>101 WEST THIRD STREET<br>DAYTON, OH 45402 | 10746 | 11/23/09 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$75.00 (U)<br>$75.00 (T) | The claim relates to an inspection fee the claimant purportedly performed for American Home Mortgage Servicing Inc. ("AHMSI") on 7/24/2008. AHMSI is not a debtor entity since the sale of the servicing business was finalized in April 2008. Thus, the claim is not properly asserted against any debtor entity and the Debtor against which such claim is asserted (Case No. 07-11047) has no liability for this claim. Accordingly, the claim should be disallowed and expunged in its entirety. |
| CITY OF NEW YORK DEPARTMENT OF FINANCE<br>AUDIT DIVISION<br>ATTN: BANKRUPTCY UNIT<br>345 ADAMS STREET, 5TH FLOOR<br>BROOKLYN, NY 11201 | 10554 | 9/23/08 | 07-11051 | - (S)<br>- (A)<br>$360,650.00 (P)<br>- (U)<br>$360,650.00 (T) | The claim relates to estimated corporate and commercial taxes for the 2002-2007 taxable years. Based on an extensive review of the Debtors' books and records, the applicable Debtor (AHM Corp. Case No. 07-11051) filed all applicable tax returns and any amounts due and owing on account of such returns have been paid in full. |
| CORDTS, AUDRA L<br>160 E 23RD ST<br>SOUTH HUNTINGTON, NY 11746 | 2770 | 11/19/07 | 07-11051 | Unspecified* | Claim relates to a scheduled item for unused vacation pay. The vacation pay is also claimed in proof of claim no. 1413, which has been reduced and fixed by court order [docket no. 3945]. As such, this claim seeks double payment for the same unused vacation pay. Therefore, the Debtors have no liability on account of this claim and it should be disallowed and expunged. |
| DCFS TRUST<br>ATTN MARTIN A. MOONEY, ESQ.<br>DEILY, MOONEY & GLASTETTER, LLP<br>PO BOX 55000 - TTEE PAYMENT DEPT 100301<br>DETROIT, MI 48255-1003 | 2297 | 11/8/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$58,598.07 (U)<br>$58,598.07 (T) | The claim relates to a 24 month automobile lease entered into between the claimant and debtor AHM Corp. Case No. 07-11051. Based on a review of the Debtors' books and records, all required lease payments were made between the dates of 2/11/2005 and 5/22/2007. Accordingly, the Debtor has no liability to the claimant and the claim should be disallowed and expunged in its entirety. |
| DELL FINANCIAL SERVICES, L.P.<br>ATTN M.J. WIGGINS, BANKRUPTCY/LEGAL MGR<br>C/O COLLECTIONS/CONSUMER BANKRUPTCY<br>12334B NORTH I-35<br>AUSTIN, TX 78753-1705 | 604 | 9/5/07 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$23,087.87 (U)<br>$23,087.87 (T) | The claimant seeks payment in connection with leases for office related equipment. However, based on a review of the documentation attached to the claim form, the leases are with American Home Mortgage of NC I which is a non-debtor entity and no debtor entity was a guarantor for such leases. As such, the Debtors have no liability for this claim. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| GENERAL ELECTRIC CAPITAL CORP., INC. ATTN PATRICIA POEL LITIGATION SPECIALIST 44 OLD RIDGEBURY RD DANBURY, CT 06810 | 1952 | 11/8/07 | 07-11051 | - (S) - (A) - (P) $51,558.25 (U) $51,558.25 (T) | The claim relates to certain pre-petition equipment leases entered into between the claimant and AHM Holdings, Inc. (Case No. 07-11047). The applicable leases were rejected post-petition pursuant to an order of the Court and the leased equipment has been returned to the claimant. Moreover, all required lease payments were paid, the last of which was due and paid in February 2007. Accordingly, the Debtors have no liability for this claim. |
| JACKSON ENERGY AUTHORITY ATTN TED WELCH, CREDIT ANALYST PO BOX 2288 JACKSON, TN 38302 | 2740 | 11/19/07 | 07-11051 | - (S) - (A) - (P) $5,924.29 (U) $5,924.29 (T) | The Debtors have reviewed their books and records and have determined there is no contract between any debtor entity and the claimant and there is no record of any service provided by the claimant for the benefit of any debtor entity. The Debtors believe the "American Home Mortgage" referenced in the invoices attached to the claim form pertain to a non-debtor entity that has no affiliation with any of the Debtors. Therefore, the Debtors have no liability for this claim. |
| KILROY REALTY L.P. C/O LAWRENCE C. MEYERSON, ESQ. 578 WASHINGTON BLVD., STE. 867 MARINA DEL REY, CA 90292 | 8240 | 1/10/08 | 07-11047 | - (S) - (A) - (P) $1,132,670.79 (U) $1,132,670.79 (T) | The claim relates to a pre-petition real property lease entered into between the claimant and debtor AHM Holdings, Inc. (Case No. 07-11047). The applicable lease was assigned over to Indymac Bank pursuant to an order of the Court. As such, the Debtors have no liability for this claim. |
| KILROY REALTY L.P. C/O LAWRENCE C. MEYERSON, ESQ. 578 WASHINGTON BLVD., STE. 867 MARINA DEL REY, CA 90292 | 8241 | 1/10/08 | 07-11047 | - (S) - (A) - (P) $243,664.20 (U) $243,664.20 (T) | The claim relates to a pre-petition real property lease entered into between the claimant and debtor AHM Holdings, Inc. (Case No. 07-11047). The applicable lease was assigned over to Indymac Bank pursuant to an order of the Court. As such, the Debtors have no liability for this claim. |
| NETWORK TELEPHONE CORPORATION C/O LEE GRANT, COUNSEL 2134 W LABURNUM AVENUE RICHMOND, VA 23227 | 10719 | 5/18/09 | 07-11047 | - (S) - (A) - (P) $4,178.25 (U) $4,178.25 (T) | Claim relates to telecommunication services provided to the Debtors. The claimed amount comprises a large portion of the amount sought by this claimant in proof of claim no. 10495, which has already been reduced and fixed by court order [docket no. 7930]. As such, this claim seeks double payment on account of the exact same services addressed by claim no. 10495. Therefore, the Debtors have no liability on account of this claim and it should be disallowed and expunged. |
| ORANGE COUNTY TREASURER-TAX COLLECTOR ATTN: BANKRUPTCY UNIT P.O. BOX 1438 SANTA ANA, CA 92703 | 10595 | 12/15/08 | 07-11051 | - (S) - (A) - (P) $89,157.89 (U) $89,157.89 (T) | The claim relates to real estate taxes for 1985-1987. Debtors do not have an interest in the property as they were not in business for the claimed tax years. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| PRINCIPAL REAL ESTATE INVESTORS LLC AAF<br>SRI MIAMI VENTURE<br>PO BOX 9571719<br>DALLAS, TX 75395-1719 | 2303 | 10/16/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$7,472.54 (U)<br>$7,472.54 (T) | The claim relates to unpaid rent and related services in connection with a pre-petition real property lease entered into between the claimant and debtor AHM Corp. (Case No. 07-11051). The applicable lease was assigned over to Indymac Bank pursuant to an order of the Court. As such, the Debtors have no liability for this claim. |
| QUICK MORTGAGE SERVICES, LLC<br>ATTN JOHN F TENOLD, MANAGING MEMBER<br>1500 W. FOURTH AVE<br>SUITE 410<br>SPOKANE, WA 99201 | 5254 | 12/11/07 | No Case | - (S)<br>- (A)<br>- (P)<br>$9,346.34 (U)<br>$9,346.34 (T) | The claim relates to closing costs and yield spread premium for a closed loan that did not fund. Pursuant to the applicable Broker Agreement entered into between the claimant and the debtor entity, compensation is only due and payable with respect to loans that close and are funded. Because this loan did not fund, no compensation is due to the claimant. |
| STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br>SPECIAL PROCEDURES SECTION<br>PO BOX 2952<br>SACRAMENTO, CA 95812-2952 | 10718 | 5/22/09 | 07-11048 | Unspecified* | The claim was filed by the claimant as a placeholder because the 2008 tax return had not yet been filed by the debtor. The 2008 tax return has since been filed and no taxes were due. Accordingly, the Debtors have no liability for this claim and it should be disallowed and expunged. |
| STATE OF MICHIGAN DEPARTMENT OF TREASURY<br>CADILLAC PLACE, SUITE 10-200<br>3030 W. GRAND BLVD.<br>DETROIT, MI 48202 | 10751 | 12/14/09 | 07-11051 | - (S)<br>$10,481.46 (A)<br>- (P)<br>- (U)<br>$10,481.46 (T) | The claim relates to estimated withholding taxes for 2008. The Debtors submitted the applicable Discontinuance form to the claimant and the estimated taxes were removed. Accordingly, the Debtors have no liability to this claim and it should be disallowed and expunged. |
| TENNESSEE DEPARTMENT OF REVENUE<br>ATTN WILBUR E HOOKS<br>C/O ATTORNEY GENERAL<br>PO BOX 20207<br>NASHVILLE, TN 37202-0207 | 10600 | 12/19/08 | 07-11048 | - (S)<br>$6,628.75 (A)<br>- (P)<br>- (U)<br>$6,628.75 (T) | The claim relates to estimated taxes for 2008. Pursuant to the Debtors' books and records, the tax return was filed and no taxes were due. Accordingly, the Debtors have no liability for this claim and it should be disallowed and expunged. |
| THOUGHTDIGITAL LLC<br>C/O JON D. COHEN, ESQ.<br>STAHL COWEN CROWLEY<br>55 W. MONROE ST., SUITE 1200<br>CHICAGO, IL 60603 | 2354 | 11/16/07 | No Case | Unspecified* | Claim relates to pre-petition consulting services provided to the Debtors. The amount claimed is the exact amount, and pertains to the same services, which the claimant also seeks by proof of claim no. 1651, which has already been accepted as filed. As such, this claim seeks double payment on account of the exact same services addressed by claim no. 1651. Therefore, the Debtors have no liability on account of this claim and it should be disallowed and expunged. |

——— Objectionable Claim ———

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| Totals: | | 17 Claims | | | |
| | | | | - (S) | |
| | | | | $17,110.21 (A) | |
| | | | | $360,650.00 (P) | |
| | | | | $1,625,733.49 (U) | |
| | | | | $2,003,493.70 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT F

## Undetermined Value Claim

**Exhibit F**

**Undetermined Value Claims**

| Name/Address of Claimant | Objectionable Claim | | | | | |
|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
| WILSON, SAMUEL<br>737 NAPA LANE<br>SAINT CHARLES, MO 63304 | 6498 | 12/27/07 | 07-11051 | Unspecified* | - (S)<br>- (A)<br>- (P)<br>$1,257.31 (U)<br>$1,257.31 (T) | No claim amount listed. Scheduled item was for unused vacation pay and unpaid expense report. The Debtors have reviewed their books and records and determined that the claim amount should be the "Book Amount" for unpaid expense report as the vacation pay was already accepted in claim 6497. |
| **Totals:** | **1 Claim** | | | **Unspecified\*** | - (S)<br>- (A)<br>- (P)<br>$1,257.31 (U)<br>$1,257.31 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed