IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                          :
                                                                :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :
a Delaware corporation, et al.,                                 :  Jointly Administered
                                                                :
    Debtors.                                                    :
---------------------------------------------------------------- :
                                                                x

## NOTICE OF SUBPOENA
## DIRECTED TO CB RICHARD ELLIS

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 45, as made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, notice is hereby given that American Home Mortgage Holdings, Inc., American Home Mortgage Corp. and their affiliated debtors and debtors in possession, by and through their undersigned counsel, will take the deposition upon oral examination of such person or persons designated by Eastern Division CB Richard Ellis regarding the topics set forth in Schedule A of the Subpoena, in connection with the Debtors' *Amended Motion for Recovery of Costs and Expenses Pursuant to 11 U.S.C. § 506(c) from Mount Prospect, Illinois Property* [D.I. 8665].

The deposition shall commence at **10:00 a.m. (CDT) on September 2, 2010**, at the offices of Eastern Division CB Richard Ellis, 700 Commerce Drive, Suite 550, Oak Brook, Illinois 60523, or at another date, time, or location as agreed by the parties. The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths.

The deposition will be recorded by stenographic means and may also be recorded by sound and visual means.

Dated: Wilmington, Delaware
August 26, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
_____
Sharon M. Zieg (No. 4196)
Matthew B. Lunn (No. 4119)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors*

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| In re American Home Mortgage Holdings, Inc. et al. ) | |
| Plaintiff ) | |
| v. ) | Civil Action No.   Case No. 07-11047 (CSS) |
| ) | |
| ) | (If the action is pending in another district, state where: |
| Defendant ) | Bankr. District of Delaware    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: CB Richard Ellis, Attn: Barbara Endoy, Senior Counsel
Eastern Division CB Richard Ellis, 700 Commerce Drive, Suite 550, Oak Brook, Illinois 60523

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A, attached.

| Place: Eastern Division CB Richard Ellis<br>700 Commerce Drive, Suite 550<br>Oak Brook, Illinois 60523 | Date and Time:<br><br>09/02/2010 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and potentially visual and sound means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/26/2010

CLERK OF COURT

OR  /s/ Andrew A. Lundgren

_____            _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Debtors and debtors in possession  , who issues or requests this subpoena, are:
Andrew A. Lundgren
Young Conaway Stargatt & Taylor, LLP, 1000 West St., 17th Floor, Wilmington, DE 19801
alundgren@ycst.com; 302-571-6600

Civil Action No.   Case No. 07-11047 (CSS)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   CB Richard Ellis

was received by me on *(date)*   08/26/2010   .

☑ I served the subpoena by delivering a copy to the named individual as follows:  by electronic mail and Federal Express

on *(date)* 08/26/2010   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   08/26/2010

*Server's signature*

Andrew A. Lundgren, Attorney
*Printed name and title*
1000 West St., 17th Floor
Wilmington, DE 19801

*Server's address*

Additional information regarding attempted service, etc:
Witness fee of $80 previously tendered on August 25, 2010

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

The following definitions and instructions shall apply to these Topics:

1. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the Topics that which might otherwise be construed or interpreted to be outside the scope of the Topics.

2. "Communication" or "communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions or otherwise, was stated, written, recorded or in any manner transmitted or transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

3. "Concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

4. "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

5. "Document" or "document" means any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail,

electronic mail, charts, notes, records or any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

      6.    "Electronically-Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this dispute. ESI includes, but is not limited to, all electronically stored Documents. ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external websites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar programs), bulletin board programs (e.g., Linked In, Facebook, and Twitter), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistants (e.g., Palm Pilots), handheld wireless devices (e.g., BlackBerrys), or similar devices, internal or external email management software and consoles (e.g. Postini, Smarsh or similar email management solutions) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

7. The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

8. "Park National" shall mean U.S. Bank National Association, as successor in interest to Park National Bank and Trust of Chicago, the predecessor to North Star Trust Company, as successor-trustee to Park National Bank and Trust Company of Chicago, together with any entities controlled by or under common control with such entities, their agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

9. "Person" shall mean any natural person or any business, legal or governmental entity, organization or association.

10. "Proceedings" means those proceedings styled *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (CSS) (Bankr. D. Del.).

11. "Professionals" shall mean attorneys, accountants, consultants, advisors, agents or other representatives retained or used by You.

12. "Property" shall mean the property located at 950 Elmhurst Road, Mount Prospect, Illinois.

13. "Refer" "reflect" and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

14. The terms "regarding" and "with regard to" shall mean referring to, or having any relationship with whatsoever, or concerning or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any Request for Production.

15. "Topics" means the 30(b)(6) topics recited in this Schedule A and shall cover, unless otherwise stated, the time period from July 1, 2007 through August 1, 2009.

16. "You" or "Your" shall refer to Eastern Division CB Richard Ellis and together with any entities controlled by or under common control with such entity, its agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

## TOPICS

1. All facts and circumstances concerning the value of the Property.

2. All facts and circumstances concerning Your retention as real estate broker for the Property.

3. All facts and circumstances concerning any appraisals of the Property commissioned or performed by You, or in Your possession.

4. All facts and circumstances concerning any broker's price opinions and/or broker's opinions of value related to the Property.

5. All facts and circumstances concerning any attempt by You or anyone else to market or sell the Property.

6. All facts and circumstances concerning any marketing materials for the Property created or used by You.

7. All facts and circumstances concerning any offers or inquiries related to the sale of the Property.

8. All facts and circumstances concerning the reduction in the amount potential purchasers were willing to pay for the Property from November 2007 to August 2009.

9. All Communications You had with real estate brokers, potential purchasers, or any other Person concerning the value of the Property.

10. All communications You had with any appraiser with respect to the Property.

11. All communications You had with Park National with respect to the Property from July 1, 2007 through September 2, 2010.

12. All communications You had with any environmental consultant with respect to the Property.

13. All communications You had with any entity or individual responsible for the maintenance of the Property.

14. The collection, review and preparation of the documents and/or ESI produced by You to the Debtors in these Proceedings.