## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
|  |  |
| --- | --- |
| In re: | Chapter 11 |
| | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | |
| | Jointly Administered |
| Debtors. | |
| | **Objection Deadline: September 16, 2010, at 4:00 p.m. (ET)** |
| | **Hearing Date: September 23, 2010 at 11:30 a.m. (ET)** |

-------------------------------------------------------------- x

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 105(A) FOR AN ORDER APPROVING AND AUTHORIZING THE STIPULATION RESOLVING ALL CLAIMS OF MR. EDWARD DABRIEO

American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware

corporation, and certain of its affiliates, the debtors and debtors in possession in the above-

captioned cases (collectively, "AHM" or the "Debtors"), seek entry of an order pursuant to Rule

9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and section 105(a)

of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")

approving the stipulation (the "Stipulation") by and among the Debtors, on one hand, and Mr.

Edward Dabrieo (collectively the "Mr. Dabrieo" with the Debtors, the "Parties") on the other

hand (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the

"Bankruptcy Code").  Each Debtor is continuing to operate its business and manage its

properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  The Debtors' cases have been consolidated for procedural purposes only and are being

jointly administered pursuant to an order of this Court.

3.      On August 14, 2007, the United States Trustee for the District of Delaware

(the "US Trustee") appointed the Committee.  On October 21, 2008, the US Trustee appointed an

Official Committee of Borrowers (the "Borrowers Committee"), which was disbanded on August

16, 2010.  No trustee or examiner has been appointed.

4.      The Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated As

Of February 18, 2009 (the "Plan") was confirmed under section 1129 of the Bankruptcy Code on

February 23, 2009 [D.I. 7042].  The Plan provides for the creation of a liquidating trust (the

"Plan Trust") in which the property of the Debtors' bankruptcy estates will vest.  The Plan has

not yet gone effective.

## RELEVANT BACKGROUND

5.      On or about January 31, 2008, Mr. Dabrieo filed a proof of claim assigned

number 9862 ("Claim No. 9862") against an unspecified debtor the amount of $6,407.20.

Thereafter, on or about April 8, 2008, Mr. Dabrieo filed a proof of claim assigned number 10194

("Claim No. 10194" and collectively with Claim No. 9862, the "Dabrieo Claims") against an

unspecified debtor in the amount of $6,407.20. The Dabrieo Claims seek damages for the

Debtors' alleged failure to fund a construction loan.

6.      The Parties desire to resolve their differences with respect to all claims

filed by Mr. Dabrieo without resort to further litigation and without admission of any fault or

liability and, as a result of negotiations, have agreed on the Stipulation attached hereto as Exhibit

A. The effectiveness of the Stipulation is conditioned upon approval of the Bankruptcy Court.

**THE STIPULATION**

7.      The principal terms of the stipulation are set forth below:[2]

(1)     Effective Date: The Stipulation shall be effective upon entry of the Bankruptcy Court order approving the Stipulation.

(2)     Treatment of Claims: Upon the Effective Date, Claim No. 9862 shall be expunged as amended and superseded by Claim No. 10194. Claims No. 10194 shall be allowed as a general unsecured claim against American Home Mortgage Acceptance, Inc. (Case No. 01-11049) in the amount of $6,407.20.

(3)     Future Claims: Mr. Dabrieo shall be prohibited from filing or asserting further claims against any of the Debtors or amending Claim No. 10194.

(4)     Release: Mr. Dabrieo forever releases, discharges and forgives the Debtors and, solely in their capacity as such, each current or former affiliate, director, officer, employee, agent, successor and assign of the Debtors and any others on their behalf liable for and from any and all liabilities, actions, suits, claims, demands, damages, injuries and causes of action of whatever kind and nature, including any claims for attorneys' fees, whether known or unknown, whether contingent, liquidated or otherwise, whether

---

[2]      The terms of the Stipulation set forth herein are a summary only, and all terms not defined herein shall be given the meanings ascribed to them in the Stipulation. To the extent of any inconsistency between this summary and the Stipulation, the terms of the Stipulation shall govern.

accrued or to accrue, whether asserted by way of claim, counterclaim, cross-claim, third-party action, action for indemnity or contribution or otherwise; provided, however, nothing herein shall constitute a release of any rights to enforce the terms of this Stipulation.

(5)     Admission: No part of the agreement set forth herein shall constitute an admission on the part of any party hereto.

## RELIEF REQUESTED

8.     By this Motion, the Debtors respectfully request entry of an order, pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code, approving the Stipulation and authorizing the Debtors to enter into the same. The Debtors have weighed the costs, risks and disruption that would arise from litigating the Dabrieo Claims, against the compromises contained within the Stipulation. In the Debtors' judgment, the Stipulation is reasonable and serves the best interests of the Debtors, their estates and creditors, particularly compared with the costs and disruption of further litigation.

## BASIS FOR RELIEF REQUESTED

9.     Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Cent. Transp. Co., 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'"), quoting In re Protective Committee for Indep. Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968).

10.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the

bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." In re Penn Cent. Transp. Co., 596 F.2d 1127, 1153 (3d Cir. 1979); see also In re Marvel Entm't Group, Inc., 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'")).

11.    The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved. The four enumerated factors are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Meyers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); accord Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006).

12.    The decision to approve a settlement "is within the sound discretion of the bankruptcy court." In re World Health Alternatives, Inc., 344 B.R. at 296; see also In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in Meyers v. Martin (In re Martin), 91 F.3d 389. The bankruptcy court should not substitute its judgment for that of the Debtors. See In re Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. See In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983); see also In re World Health Alternatives, Inc., 344 B.R. at 296

(stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

13.    The Debtors respectfully request that the Court approve the Stipulation because its terms lie well above the lowest point in the range of reasonable potential litigation possibilities. In addition, each of the applicable Martin factors weighs in favor of approving the Stipulation. Accordingly, the Stipulation should be approved pursuant to Bankruptcy Rule 9019.

### A.    The Probability Of Success In Litigation

14.    The Dabrieo Claims are based upon damages related to the Debtors' alleged failure to close on a construction loan. Litigating the Dabrieo Claims would divert the Debtors' limited resources from their efforts to effectuate the Plan. The resolution of the Dabrieo Claims under the terms of the Stipulation, without the need for further litigation, is a favorable outcome because it will save the Debtors time and expense attendant with litigation, and avoid distraction to the Debtors' efforts to maximize value for the Debtors' creditors.

### B.    The Complexity Of The Litigation Involved, And The Expense, Inconvenience And Delay Necessarily Attending It

15.    The Stipulation satisfies the second factor in Martin's four-factor test largely for the reasons set forth above. In determining whether to enter into the Stipulation, the Debtors, in consultation with their professionals, analyzed the likely cost of litigating the Dabrieo Claims. As a result of such consultations, the Debtors believe the Stipulation is a cost effective and efficient resolution of all matters with Mr. Dabrieo.

### C.    The Paramount Interest Of Creditors

16.    Entry into the Stipulation serves the paramount interest of creditors of the Debtors. The Stipulation's resolution of the claims asserted against the Debtors by Mr. Dabrieo

represents a savings for the creditors by obviating further litigation, thereby saving the expenses

attendant with the same.  Therefore, the third factor of <u>Martin's</u> four-factor test is satisfied and

weighs in favor of the Court approving the Stipulation.

> **D.     The Likely Difficulties In Collection**

17.     Finally, there would be no amounts owing to the Debtors by Mr. Dabrieo.

Accordingly, the fourth factor enunciated by the Third Circuit in <u>Martin</u> is not applicable under

these circumstances.

> **E.     Summary**

18.     The resolution of the claims asserted against the Debtors by Mr. Dabrieo

embodied in the Stipulation represents a settlement that rests well above the lowest point in the

reasonable range of potential litigation outcomes, obviates the expense, delay, and inconvenience

attendant in any litigation, and advances the paramount interests of creditors.  Therefore, the

Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

**NOTICE**

19.     Notice of this Motion will be provided to (i) the United States Trustee for

the District of Delaware; (ii) Dr. Edward Dabrieo; (iii) counsel to the Committee; and (iv) all

parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief

requested herein, the Debtors submit that no other or further notice is required.

**NO PREVIOUS REQUEST**

20.     No prior request for the relief sought in this Motion has been made to this

or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court issue and enter an

Order, in the form attached hereto as <u>Exhibit B</u>, pursuant to Bankruptcy Rule 9019 and section

105(a) of the Bankruptcy Code, (i) approving the Stipulation, and (ii) granting such other and

further relief as may be just and proper.

Dated:  Wilmington, Delaware
        September 1, 2010

                            YOUNG CONAWAY STARGATT & TAYLOR, LLP


                            /s/ Margaret Whiteman Greecher
                            Sean M. Beach (No. 4070)
                            Margaret Whiteman Greecher (No. 4652)
                            Morgan L. Seward (No. 5388)
                            The Brandywine Building
                            1000 West Street, 17th Floor
                            Wilmington, Delaware 19801
                            Telephone: (302) 571-6600
                            Facsimile: (302) 571-1253

                            Counsel to the Debtors

## EXHIBIT A

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                        :
                                                          :    Jointly Administered
          Debtors.                                        :
------------------------------------------------------------------------ x

## STIPULATION RESOLVING THE CLAIMS OF EDWARD DABRIEO

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and

Mr. Edward Dabrieo ("Mr. Dabrieo" and collectively with the Debtors, the "Parties") hereby

agree and stipulate as follows:

## RECITALS

WHEREAS, on or about January 31, 2008, Mr. Dabrieo filed a proof of claim

assigned number 9862 ("Claim No. 9862") against an unspecified debtor the amount of

$6,407.20; and

WHEREAS, on or about April 8, 2008, Mr. Dabrieo filed a proof of claim

assigned number 10194 ("Claim No. 10194" and collectively with Claim No. 9862, the "Dabrieo

Claims") against an unspecified debtor in the amount of $6,407.20; and

WHEREAS, the Parties have engaged in good-faith negotiations regarding the

resolution of the Dabrieo Claims; and

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow
Road, Melville, New York 11747.

WHEREAS, the Parties have concluded such good faith negotiations and seek to resolve the Dabrieo Claims as set forth below.

NOW, THEREFORE, subject to approval of the Court, in order to avoid the cost and inconvenience of litigation, it is hereby stipulated and agreed as follows:

1.     This Stipulation shall be effective upon entry by the Bankruptcy Court of its order approving this Stipulation (the "Effective Date"). In the event that the Bankruptcy Court does not approve this Stipulation, nothing contained herein shall be deemed an admission or waiver by the Parties of any matter.

2.     On the Effective Date, Claim No. 9862 shall be expunged as amended and superseded by Claim No. 10194.

3.     On the Effective Date, Claim No. 10194 shall be allowed as a general unsecured claim against American Home Mortgage Acceptance, Inc. (Case No. 07-11049) in the amount of $6,407.20.

4.     Mr. Dabreio shall be prohibited from filing or asserting any further Claim (as such term is defined in section 101(5) of the Bankruptcy Code) against any of the Debtors or amending Claim No. 10194. Any such claims or amendments by Mr. Dabrieo are void unless otherwise ordered by the Court.

5.     Mr. Dabrieo hereby forever releases, discharges and forgives the Debtors and, solely in their capacity as such, each current or former affiliate, director, officer, employee, agent, successor and assign of the Debtors and any others on their behalf liable for and from any and all liabilities, actions, suits, claims, demands, damages, injuries and causes of action of whatever kind and nature, including any claims for attorneys' fees, whether known or unknown, whether contingent, liquidated or otherwise, whether accrued or to accrue, whether asserted by way of claim, counterclaim, cross-claim, third-party action, action for indemnity or contribution

or otherwise; <u>provided,</u> <u>however</u>, nothing herein shall constitute a release of any rights to enforce the terms of this Stipulation.

6.     No part of the agreement set forth herein shall constitute an admission on the part of any party hereto.  If the settlement set forth herein is not approved by the Court, the Parties revert to their pre-settlement positions and the terms of the settlement are not admissible for any purpose.

7.     This stipulation shall be binding on the Parties' successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee appointed in this bankruptcy case.

8.     Each Party hereto represents (with respect to the Debtors, upon approval by the Bankruptcy Court of this Stipulation) that (a) this Stipulation (i) has been duly and validly authorized, executed and delivered by such party, and (ii) is the legal, valid and binding obligation of such party, and (b) it has full power and authority to perform its obligations hereunder.

9.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation.

Dated: Wilmington, Delaware
       July ___, 2010

*Edw Dab*    7/20/2010
_____
Mr. Edward Dabrieo

Dated: Wilmington, Delaware
       July __, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Margaret W*
_____
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Morgan L. Seward (No. 5388)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession