## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC, a Delaware<br>corporation, *et al.*,[1]<br><br>                        Debtors.<br><br>-------------------------------------------------<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>in its capacity as Certificate Registrar and<br>Certificate Paying Agent<br><br>                        Plaintiff,<br><br>            v.<br><br>AMERICAN HOME MORTGAGE<br>INVESTMENT CORP., AMERICAN HOME<br>MORTGAGE ACCEPTANCE, INC., BEAR<br>STEARNS MORTGAGE CAPITAL CORP.,<br>BEAR, STEARNS & CO. INC., BEAR,<br>STEARNS INTERNATIONAL LIMITED,<br>AND STRATEGIC MORTGAGE<br>OPPORTUNITIES REIT INC.,<br><br>                       Defendants. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br><br><br><br><br>Adv. Proc. No. 08-50598 (CSS)<br><br><br><br><br><br><br><br><br><br>Hearing Date:  September 23, 2010 at 11:30 a.m.<br>Objection Deadline:  September 16, 2010 at 4:00 p.m. |

### MOTION OF AMERICAN HOME MORTGAGE INVESTMENT CORP. AND AMERICAN HOME MORTGAGE ACCEPTANCE, INC., PURSUANT TO SECTION 105(a) OF BANKRUPTCY CODE AND BANKRUPTCY RULES 7041(a) AND 9019(a), FOR AN ORDER APPROVING STIPULATION AND CONSENT ORDER (A) AUTHORIZING U.S. BANK TO REMIT AUGUST 2007 PAYMENT TO AMERICAN HOME AND (B) DISMISSING ADVERSARY PROCEEDING

---

1    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

American Home Mortgage Investment Corp. and American Home Mortgage Acceptance, Inc. (collectively, "<u>American Home</u>"), by this motion (the "<u>Motion</u>"), seek entry of an order pursuant to Rules 7041(a) and 9019(a) of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>") and section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>") authorizing and approving the Stipulation And Consent Order Among Plaintiff, U.S. Bank National Association ("<u>U.S. Bank</u>"), And Defendants, American Home Mortgage Investment Corp. ("<u>AHMIC</u>") And American Home Mortgage Acceptance Inc. ("<u>American Home</u>") and Bear Stearns Mortgage Capital Corp., Bear, Stearns & Co., Inc., Bear, Stearns International Limited ("<u>BSIL</u>") and Strategic Mortgage Opportunities REIT, Inc. ("<u>Bear Stearns</u>") (A) Authorizing U.S. Bank To Remit The August 2007 Payment To American Home And (B) Dismissing The Adversary Proceeding (the "<u>Stipulation</u>").  In support of the Motion, American Home respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     U.S. Bank, securities administrator for one of the American Home Mortgage Investment Trusts, initiated this interpleader action to resolve competing claims to a monthly distribution of approximately $1,372,772.40 in principal and interest payable on a trust certificate for the month of August 2007 (the "<u>August Payment</u>").  At the time the disbursement was to be paid, American Home was the record holder of the trust certificate listed in the certificate register.  Bear Stearns purported to have a superior right to the payment because AHMIC sold the trust certificate in question to BSIL under a repurchase agreement between the parties.  After BSIL alleged that AHMIC defaulted under the repurchase agreement, it terminated the agreement and foreclosed against the trust certificate.  While BSIL eventually sold the

certificate to a REIT affiliate, the REIT affiliate did not become the certificateholder of record in the certificate register before the record date for the August 2007 payment.

2.      Wells Fargo Bank, N.A., in its capacity as securities administrator for the American Home Mortgage Investment Trust ("Wells Fargo"), submitted the same issue to the Court for resolution in November 2007.[2]  Given the similarity between the two proceedings, American Home and Bear Stearns agreed that the outcome of the Wells Fargo Proceeding would govern the instant proceeding.

3.      In October 2008, the Bankruptcy Court granted American Home's summary judgment motion in the Wells Fargo Proceeding, finding, American Home is entitled to the August Payment.  Both the United States District Court for the District of Delaware (the "District Court") and the United States Court of Appeals for the Third Circuit (the "Third Circuit") affirmed that decision in July 2009 and July 2010, respectively.

4.      At this point, the competing claims to the August Payment have been resolved, and the Stipulation provides for dismissal of the instant proceeding.  It also resolves disputes between U.S. Bank and American Home and provides for the payment of $35,000 to U.S. Bank for its fees and expenses in connection with this proceeding.  American Home requests that the Court approve the Stipulation to enable the prompt distribution of the August Payment to American Home.

---

2   Wells Fargo Bank, N.A. v. American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage Capital Corp., Bear Stearns & Co. Inc., Bear Stearns International Limited, Strategic Mortgage Opportunities REIT Inc. (In re: American Home Mortgage Holdings, Inc., et al.), Adv. Proc. No. 07-51741 (Bankr. D. Del.) (CSS) (the "Wells Fargo Proceeding").

## JURISDICTION

5.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

6.      On August 6, 2007 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") commenced in this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.

7.      The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b) of the Federal Rules of Bankruptcy Procedure.

8.      By order dated February 23, 2009 [D.I. 7042] (as amended by D.I. 7555, the "Plan Confirmation Order"), the Court confirmed the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "Plan").  The Plan is not yet effective.

### A.      U.S. BANK PROCEEDING

9.      On April 21, 2008, U.S. Bank, in its capacity as Certificate Registrar and Certificate Paying Agent, initiated the above-captioned proceeding by filing a Complaint in the Nature of Interpleader (the "Complaint") against Bear Stearns and American Home (collectively, the "Defendants") seeking a determination as to whether Bear Stearns or American Home is entitled to the August Payment.  The facts and circumstances underlying the dispute between American Home and Bear Stearns with respect to the August Payment are the same as those in the Wells Fargo Proceeding, i.e., American Home asserts it is entitled to the August Payment because, among other things, it was the certificateholder of record on the applicable record date. Bear Stearns asserts it is entitled to the August Payment because, among other things, AHMIC

4

sold the trust certificate to BSIL under a repurchase agreement, and BSIL foreclosed against the trust certificate alleging an event of default.

10.    In June 2009, U.S. Bank agreed with American Home and Bear Stearns to adjourn the answer deadline to the Complaint.[3]  Among other things, the Scheduling Order adjourned the date to answer the Complaint to thirty (30) days after the entry of a final, non-appealable order, decree, or judgment by the Bankruptcy Court in the Wells Fargo Proceeding and provided that U.S. Bank would deposit the August Payment into a segregated, interest-bearing money market deposit account.  To date, neither American Home nor Bear Stearns has answered the Complaint.

### B.    <u>STIPULATION</u>

11.    The Stipulation resolves a number of disputes that have arisen among the parties.  For example, American Home argues that U.S. Bank should promptly remit the August Payment (without the need for a Court Order)[4] and that it is entitled to additional interest relating to the August Payment and other fees from U.S. Bank.  U.S. Bank maintains it is entitled to reimbursement of its attorneys fees from the August Payment under applicable case law and the relevant transaction documents, a position American Home disputes.  It also maintains it can only release the August Payment upon further Order of the Court.

---

3    American Home and Bear Stearns agreed that the outcome of the Wells Fargo Proceeding would govern the instant proceeding.  <u>See</u> Order Extending the Time of Defendants Bear, Stearns & Co. Inc., Bear, Stearns International Limited, Strategic Mortgage Opportunities REIT, Inc., Bear Stearns Mortgage Capital Corp., American Home Mortgage Investment Corp, and American Home Mortgage Acceptance, Inc. to Answer or Respond to the Complaint in the Nature of Interpleader, dated June 9, 2009 (the "<u>Scheduling Order</u>").

4    In point of fact, American Home maintains that U.S. Bank should have remitted the August Payment after the Bankruptcy Court's October 2008 decision in the Wells Fargo Proceeding.  U.S. Bank disputes that position.

YCST01:10121259.2                                                                    066585.1001

12.     In the interest of avoiding the expense to the estates and U.S. Bank of litigating these issues, the parties have executed the Stipulation agreeing that:

- U.S. Bank will release the August Payment (and interest payable thereon) to American Home within five business days of the entry of an Order approving the Stipulation;

- U.S. Bank's claim for attorneys fees will be capped at $35,000, which amount will be deducted from the August Payment when U.S. Bank transfers it to American Home;

- Upon receipt of the August Payment (and the interest thereon), American Home will file notice of the payment in this proceeding (the "Payment Notice");

- Within ten (10) days of the filing of the Payment Notice, the Complaint shall be deemed dismissed pursuant to Rule 7041(a) of the Federal Rules of Bankruptcy Procedure and the instant proceeding shall be dismissed and marked closed;

- Upon receipt of August Payment, (a) American Home and U.S. Bank will mutually release each other with respect to the Complaint and (b) Bear Stearns and U.S. Bank will mutually release each other with respect to the Complaint and for the avoidance of doubt, such discharge and release shall not apply to (A) any claims or rights that U.S. Bank National Association as Indenture Trustee of the American Home Mortgage Investment Trust Series 2005-4A (the "Trust") has or may have against the Trust, or (B) any claims or rights that U.S. Bank has or may have against the Trust;

- In the event that the Stipulation is not approved and "SO ORDERED" on or before September 30, 2010, the Stipulation shall be of no further force and effect.

### RELIEF REQUESTED

13.     By this Motion, American Home seeks authorization and approval of the Stipulation pursuant to section 105(a) of the Bankruptcy Code and Rules 7041(a) and 9019(a) of the Bankruptcy Rules.

14.     Section 105(a) of the Bankruptcy Code states "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C §105(a).

15.     Bankruptcy Rule 7041(a) allows for the voluntary dismissal of an adversary proceeding by the plaintiff.  Bankruptcy Rule 9019 allows American Home to enter into compromises and settlements.

6

16.     The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged.[5]  Approval of a proposed settlement is within the "sound discretion" of the Bankruptcy Court.  In re Neshaminy Office Building Associates, 62 B.R. 798, 803 (Bankr. E.D. Pa. 1986).  The court must determine whether the proposed settlement is in the "best interests of the estate."  See In re Energy Cooperative, Inc., 886 F.2d 921, 927 (7th Cir. 1989).

17.     In determining the fairness and equity of a compromise in bankruptcy, the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimated the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]."  In re Penn Central Transportation Co., 596 F.2d 1127, 1146 (3d Cir. 1979).[6]

18.     The question of entitlement to the August Payment, which motivated U.S. Bank to file the Complaint and initiate this proceeding, has been answered.  Each of the various decisions from the Bankruptcy Court, the District Court and the Third Circuit resolved the dispute over entitlement to the August Payment.  American Home maintains that the proceeding should be dismissed and that U.S. Bank should promptly remit the August Payment, with

---

5   See, e.g., In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1986) ("The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical manner, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts").

6   See also In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998) (quoting, In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997) (describing the ultimate inquiry to be whether "the compromise is fair, reasonable, and in the interest of the estate")).

interest.[7] U.S. Bank argues the issues of its entitlement to attorneys fees and other amounts still must be decided in this proceeding.

19.    The Stipulation avoids further litigation on the question of the rights and obligations among American Home and U.S. Bank with respect to the Complaint.  U.S. Bank has requested the payment of its fees in the Complaint, and there will be no need to litigate the question of whether U.S. Bank can look to the August Payment or defendants for satisfaction of the entire amount of its fees (alleged to equal at least $50,000.00).  Moreover, American Home will not assert any claims it may have against U.S. Bank relating to the August Payment and or for other amounts it would assert U.S. Bank owes American Home (e.g., for interest and fees).

20.    Most importantly, the Stipulation will enable American Home to receive more than $1.3 million in cash and terminate the incurrence of estate expenses relating to this proceeding.  Accordingly, American Home submits approval of the Stipulation is in the best interest of creditors and the estates.

### NOTICE

21.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Bank of America, N.A., as Administrative Agent; (iv) counsel to U.S. Bank National Association; (v) counsel to Bear Stearns Mortgage Capital Corp., Bear Stearns & Co., Inc., Bear Stearns International Limited and Strategic Mortgage Opportunities REIT, Inc. and (vi) all parties entitled to notice under Del. Bankr. L.R. 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

---

7    American Home submits U.S. Bank should have remitted the August Payment in October 2008 after the Bankruptcy Court granted its motion for summary judgment in the Wells Fargo Proceeding.  U.S. Bank disputes this position.

## **CONCLUSION**

WHEREFORE, American Home respectfully requests that this Court approve and "SO ORDER" the Stipulation and grant American Home such other and further relief as is just and proper.

Dated:    Wilmington, Delaware        YOUNG CONAWAY STARGATT & TAYLOR, LLP
          September 2, 2010

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Susheel Kirpalani
James C. Tecce
Olga M. Urbieta
51 Madison Avenue, 32nd Floor
New York, New York
Telephone: (212) 849-7000

*Attorneys for American Home Mortgage Investment Corp., and American Home Mortgage Acceptance, Inc.*