# Exhibit 1

## Stipulation

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>    AMERICAN HOME MORTGAGE<br>    HOLDINGS, INC, a Delaware<br>    corporation, *et al.*,<br><br>                                Debtors.<br>------------------------------------------------<br>U.S. BANK NATIONAL ASSOCIATION,<br>in its capacity as Certificate Registrar and<br>Certificate Paying Agent<br><br>                                Plaintiff,<br>v.<br>AMERICAN HOME MORTGAGE<br>INVESTMENT CORP., AMERICAN HOME<br>MORTGAGE ACCEPTANCE, INC., BEAR<br>STEARNS MORTGAGE CAPITAL CORP.,<br>BEAR, STEARNS & CO. INC., BEAR,<br>STEARNS INTERNATIONAL LIMITED,<br>AND STRATEGIC MORTGAGE<br>OPPORTUNITIES REIT INC.,<br><br>                                Defendants. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br><br><br><br>Adv. Proc. No. 08-50598 (CSS) |

**STIPULATION AND CONSENT ORDER AMONG
PLAINTIFF, U.S. BANK NATIONAL ASSOCIATION,
AND DEFENDANTS, AMERICAN HOME MORTGAGE
INVESTMENT CORP., AMERICAN HOME MORTGAGE
ACCEPTANCE INC., BEAR STEARNS MORTGAGE CAPITAL CORP., BEAR,
STEARNS & CO. INC., BEAR, STEARNS INTERNATIONAL LIMITED, AND
STRATEGIC MORTGAGE OPPORTUNITIES REIT INC. (A) AUTHORIZING U.S.
BANK TO REMIT THE AUGUST 2007 PAYMENT TO AMERICAN HOME AND
<u>(B) DISMISSING THE ADVERSARY PROCEEDING</u>**

This Stipulation and Consent Order (the "Stipulation") is entered into on the 2nd

2

day of September, 2010, by and between U.S. Bank, as defined below, Bear Stearns Mortgage Capital Corp., Bear, Stearns & Co. Inc., Bear, Stearns International Limited, Strategic Mortgage Opportunities REIT Inc., American Home Mortgage Investment Corp., and American Home Mortgage Acceptance, Inc. ("American Home") (each a "Party" and collectively, the "Parties");

WHEREAS, U.S. Bank National Association, in its capacity as Certificate Registrar and Certificate Paying Agent for a series of mortgage-backed certificates held by certain of the Bear Entities (as defined in the Complaint commencing this adversary proceeding (the "Complaint")), that were issued in connection with a "securitization transaction" as described in the Complaint ("U.S. Bank" or the "Plaintiff"), initiated the above-captioned proceeding by filing a Complaint in the Nature of Interpleader against Defendants Bear Stearns Mortgage Capital Corp., Bear, Stearns & Co. Inc., Bear, Stearns International Limited and Strategic Mortgage Opportunities REIT Inc. (collectively, the "Bear Defendants"), and American Home Mortgage Investment Corp., and American Home Mortgage Acceptance, Inc. (collectively, "American Home," together with the Bear Defendants, the "Defendants") on April 21, 2008 seeking, inter alia, a determination as to whether the Bear Defendants or American Home is entitled to the principal and interest payment of $1,372,772.40 with respect to certain mortgage trust certificates owing for the month of August 2007 (the "August Payment");

WHEREAS, a similar proceeding was initiated on October 25, 2007 by Wells Fargo Bank, N.A., in its capacity as Securities Administrator, against Defendants, seeking a determination as to whether the Bear Defendants or American Home is entitled to the principal and interest payments related to certain mortgage trust certificates issued under nearly identical transaction documents for the month of August 2007 (the "Wells Fargo Action");

2

WHEREAS, the Wells Fargo Action bears the caption *Wells Fargo Bank, N.A. v. American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., Bear Stearns Mortgage Capital Corp., Bear, Stearns & Co. Inc., Bear Stearns International Limited, Strategic Mortgage Opportunities REIT Inc.* (*In re: American Home Mortgage Holdings, Inc., et al.*), Adv. Proc. No. 07-51741 (Bankr. D. Del.) (CSS);

WHEREAS, American Home and the Bear Defendants agreed that the outcome and disposition of the Wells Fargo Action would govern the outcome and disposition of the instant proceeding;

WHEREAS, on October 30, 2008, the Bankruptcy Court granted summary judgment in favor of American Home and denied summary judgment to the Bear Defendants in the Wells Fargo Action (the "Bankruptcy Court Decision");

WHEREAS, on July 31, 2008, the United States District Court for the District of Delaware (the "District Court") under the caption *In re American Home Holdings Inc., et al.*, Civ. No. 08-925, affirmed the Bankruptcy Court Decision (the "District Court Decision");

WHEREAS, on July 7, 2010, the United States Court of Appeals for the Third Circuit (the "Third Circuit") under the caption *In re American Home Holdings Inc., et al.*, No. 09-3568, affirmed the District Court Decision;

WHEREAS, U.S. Bank asserts that its fees and expenses, including attorneys' fees and costs, incurred in connection with this action exceed $50,000 (together with continuing accrued fees and expenses, the " U.S. Bank Claim") and that U.S. Bank is entitled to reimbursement of such Claim, <u>inter alia</u>, from the Defendants or the August Payment;

WHEREAS, the Defendants dispute U.S. Bank's entitlement to its Claim;

WHEREAS, American Home alleges U.S. Bank did not properly maintain the August Payment in accordance with the parties' agreement, and applicable law and that U.S. Bank owes American Home additional amounts for, among other things, interest and attorneys' fees;

WHEREAS, U.S. Bank disputes American Home's allegation that U.S. Bank did not properly maintain the August Payment in accordance with the parties' agreement, and applicable law and that U.S. Bank owes American Home additional amounts for, among other things, interest and attorneys' fees;

WHEREAS, U.S. Bank asserts that it has maintained the August Payment in accordance with the Order Extending the Time of Defendants Bear, Stearns International Limited, Strategic Mortgage Opportunities REIT, Inc., Bear Stearns Mortgage Capital Corp., American Home Mortgage Investment Corp. and American Home Mortgage Acceptance, Inc. to Answer or Respond to the Complaint in the Nature of Interpleader, dated June 9, 2008 (the "Order");

WHEREAS, American Home asserts U.S. Bank should have remitted the August Payment to American Home following the Bankruptcy Court's decision granting American Home's summary judgment in the Wells Fargo Proceeding, and U.S. Bank disputes that assertion and asserts that it is in compliance with the Order;

WHEREAS, pursuant to the decision and judgment of the Third Circuit and this stipulation with the Defendants (the "Stipulation"), U.S. Bank agrees to remit the August Payment to American Home and dismiss the instant proceeding on the conditions set forth herein.

**NOW THEREFORE, IT IS HEREBY AGREED AND ORDERED,** that:

1.      <u>Payment to American Home</u>:  On or before five (5) days after the entry of an order by the Bankruptcy Court approving this Stipulation, U.S. Bank shall remit the August Payment to American Home with any and all interest thereon accruing from September 25, 2007 through the Payment Date, less $35,000.00 (the "AHM Payment").  U.S. Bank shall make such AHM Payment by wire transfer of immediately available funds in accordance with the wire transfer instructions provided by American Home;

2.      <u>Payment to U.S. Bank</u>:  Contemporaneously with the AHM Payment, U.S. Bank shall remit the remaining $35,000.00 to Plaintiff in full satisfaction of its Claim against the Defendants;

3.      <u>Payment Notice</u>:  Upon receipt of the AHM Payment, American Home shall file notice of the payment in this proceeding (the "Payment Notice");

4.      <u>Dismissal</u>:  Upon the filing of the Payment Notice by American Home, the Complaint shall be deemed and hereby shall be dismissed pursuant to Rule 7041(a) of the Federal Rules of Bankruptcy Procedure, and the instant proceeding shall be marked closed by the Clerk of the Court;

5.      <u>American Home and U.S. Bank Release</u>:  Upon the AHM Payment having been made and received, American Home and U.S. Bank do hereby mutually release and forever discharge each other, and their respective employees, directors, officers, attorneys, representatives and agents and the successors, assigns, heirs and personal representatives of any of the foregoing of and from all manners of liabilities, demands, actions, suits, claims or counterclaims, awards, judgments, levies and executions and damages, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, which either of them had or may claim to have had against each other, arising out of the Complaint; <u>provided</u>,

however, such discharge and release shall not apply to any rights or obligations arising out of this Stipulation;

6. <u>Bear Defendants and U.S. Bank Release</u>:  Upon the AHM Payment having been made and received, the Bear Defendants and U.S. Bank do hereby mutually release and forever discharge each other, and their respective employees, directors, officers, attorneys, representatives and agents and the successors, assigns, heirs and personal representatives of any of the foregoing of and from all manners of liabilities, demands, actions, suits, claims or counterclaims, awards, judgments, levies and executions and damages, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, which either of them had or may claim to have had against each other, arising out of the Complaint (the "Actions"); <u>provided</u>, <u>however</u>, such discharge and release shall not apply to any rights or obligations arising out of this Stipulation, and for the avoidance of doubt, such discharge and release shall not apply to (A) any claims or rights that U.S. Bank National Association as Indenture Trustee of the American Home Mortgage Investment Trust Series 2005-4A (the "Trust") has or may have against the Trust, or (B) any claims or rights that U.S. Bank has or may have against the Trust;

7. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement of the Parties and may be modified only by a written agreement signed by the Parties.  Except as explicitly set forth in this Stipulation, there are no representations, warranties, promises, or inducements, whether oral, written, expressed, or implied, that in any way affect or condition the validity of this Stipulation or alter its terms;

8. <u>Binding Agreement</u>:  This Stipulation shall be binding on the Parties hereto upon their execution of the Stipulation.  The Parties agree the Stipulation, and a motion seeking

6

approval of the same, will be filed on or before September 2, 2010 and submitted for approval at the September 23, 2010 omnibus hearing in the above-captioned Chapter 11 cases.

9. <u>Good Faith</u>: The Parties agree to perform the obligations under this Stipulation in good faith;

10. <u>Successors</u>: This Stipulation shall be binding upon and shall inure to the benefit of the Parties hereto, as well as their predecessors, successor, affiliates, subsidiaries (including but not limited to wholly or partially-owned business entities), parent companies, or assigns, as the case may be;

11. <u>Counterparts</u>: This Stipulation may be executed in one or more counterparts and by facsimile or electronic copy, all of which shall be considered effective as an original signature, and when so executed shall have the same effect as if all Parties had executed the same instrument;

12. <u>Joint Preparation</u>: The preparation of this Stipulation has been a joint effort of the Parties and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the Parties than the other;

13. <u>Extension of Deadlines</u>: The deadline for Defendants to answer the Complaint shall be adjourned until the approval of this Stipulation by the Bankruptcy Court and it being "SO ORDERED;"

14. <u>Approval</u>: This Stipulation is subject to approval of the Bankruptcy Court. In the event that this Stipulation is not approved and "SO ORDERED" by the Bankruptcy Court on or before September 30th, 2010, it shall be null and void and have no force or effect whatsoever except as may be otherwise agreed hereafter in writing by the Parties; and

15.  Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over any disputes relating to this Stipulation.


**DORSEY & WHITNEY (DELAWARE) LLP**

By:  /s/ Eric Lopez Schnabel
Robert W. Mallard (Del. No. 4279)
Eric Lopez Schnabel (Del. No. 3672)
1105 North Market Street, 16th Floor
Wilmington, Delaware  19801
Telephone: (302) 425-7162

**DORSEY & WHITNEY LLP**
Charles Sawyer
Katherine A. Constantine
Patrick McLaughlin
50 South Sixth Street, Suite 1500

*Attorneys for U.S. Bank National Association, in its capacity as Certificate Registrar and Certificate Paying Agent*

**YOUNG, CONAWAY, STARGATT & TAYLOR**

By:  /s/ Sean M. Beach
Sean M. Beach (Del. No. 4070)
Margaret Whiteman Greecher (Del. No. 4652)
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
James C. Tecce
Olga M. Urbieta
51 Madison Avenue, 32nd Floor
New York, New York
Telephone: (212) 849-7000

*Attorneys for American Home Mortgage Investment Corp., and American Home Mortgage Acceptance, Inc.*

8

**DUANE MORRIS LLP**

Frederick B. Rosner
1100 North Market Street, Suite 1200
Wilmington, Delaware  19801

-and-

**SIDLEY AUSTIN LLP**

By: */s/ Owen H. Smith*
Andrew W. Stern
Owen H. Smith
787 Seventh Avenue
New York, New York  10019

*Attorneys for Defendants Bear Stearns Mortgage Capital Corp., Bear, Stearns & Co. Inc., Bear, Stearns International Limited and Strategic Mortgage Opportunities REIT Inc.*

This ____ day of September 2010

SO ORDERED:

_____
Hon. Christopher S. Sontchi