IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------- x
In re:                                                            :   Chapter 11
                                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                            :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                   :
                                                                  :   Jointly Administered
          Debtors.                                                :
----------------------------------------------------------------- x
```

**FOURTEENTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
<u>MAY 1, 2010 THROUGH JULY 31, 2010</u>**

| | |
|---|---|
| Name of applicant: | Cadwalader, Wickersham & Taft LLP |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Date of retention: | Effective as of August 6, 2007 |
| Period for which compensation and reimbursement is sought: | May 1, 2010 through July 31, 2010 |
| Amount of interim compensation sought as actual, reasonable and necessary: | $648,979.50 |
| Amount of interim expense reimbursement sought as actual, reasonable and necessary: | $64,842.47 |
| Amount of professional consulting costs sought as actual, reasonable and necessary: | $637,914.59 |

This is an:   <u>  X  </u> interim    ___ final application

This application includes no hours incurred in connection with the preparation of fee applications.

Prior fee applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 11-19-2007/ 2084 | August 6, 2007 through October 31, 2007 | $807,207.50 | $37,279.54 | $807,207.50 | $37,279.54 |
| 3-13-2008/3269 | November 1, 2007 through January 31, 2008 | $290,952.00 | $16,093.60 | $286,002.00 | $15,194.20 |
| 6-13-2008/4621 | February 1, 2008 through April 30, 2008 | $124,007.00 | $48,359.21 | $124,007.00 | $48,359.21 |
| 9-12-2008/5854 | May 1, 2008 through July 31, 2008 | $198,689.00 | $610.91 | $198,689.00 | $610.91 |
| 12-12-2008/6712 | August 1, 2008 through October 31, 2008 | $199,942.00 | $9,162.94 | $199,942.00 | $9,162.94 |
| 3-17-2009/7113 | November 1, 2008 through January 31, 2009 | $446,623.00 | $4,994.86 | $446,623.00 | $4,994.86 |
| 6-15-2009/7527 | February 1, 2009 through April 30, 2009 | $1,687,243.00 | $7,312.25 | $1,687,243.00 | $7,312.25 |
| 9-14-2009/8061 | May 1, 2009 through July 31, 2009 | $1,010,638.50 | $43,201.95 | $1,010,638.50 | $43,201.95 |
| 11-13-2009/8302 | August 1, 2009 through September 30, 2009 | $735,112.00 | $29,406.29 | $735,112.00 | $29,406.29 |
| 11-23-2009/8329 | October 1, 2009 through October 31, 2009 | $598,848.50 | $24,460.60 | $598,848.50 | $24,460.60 |
| 2-12-2010/8559 | November 1, 2009 through November 30, 2009 | $396,474.00 | $59,218.72 | $396,474.00 | $59,218.72 |
| 3-16-2010/8765 | December 1, 2009 through January 31, 2010 | $486,793.00 | $32,621.84 | $486,793.00 | $32,621.84 |
| 6-15-2010/8903 | February 1, 2010 through April 30, 2010 | $1,617,846.50 | $102,698.09[1] | $1,617,846.50 | $102,698.09 |

---

[1] These amounts do not include the fees and expenses of Daticon, EED ("Daticon"), which were included in the "Thirteenth Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period February 1, 2010 through April 30, 2010" (the "Thirteenth Application" see Docket No. 8903), approved by this Court on an

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Title/Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Martin Seidel | Partner/Litigation | 1991 | 800.00 | 66.9 | 53,520.00 |
| Amanda Kosowsky | Counsel/Litigation | 1999 | 650.00 | 110.3 | 71,695.00 |
| Jeffrey Weissmann | Associate/Corporate | 2003 | 630.00 | 0.8 | 504.00 |
| Nathan Bull | Associate/Litigation | 2006 | 621.89 | 303.7 | 188,868.00 |
| Penny Williams | Associate/Corporate | 2007 | 570.00 | 1.0 | 570.00 |
| Sal Astorina | Associate/Litigation | 2008 | 524.19 | 241.2 | 126,434.00 |
| Bradley Pensyl | Associate/Litigation | 2009 | 449.16 | 309.0 | 138,790.00 |
| Brian Capitummino | Associate/Litigation | 2009 | 420.00 | 18.4 | 7,728.00 |
| Gregory Beaman | Associate/Litigation | 2010 | 337.64 | 61.2 | 20,663.50 |
| Poppy Quattlebaum | Managing Clerks | N/A | 480.00 | 0.5 | 240.00 |
| Lori Dillion | Paralegal/Litigation | N/A | 265.00 | 3.5 | 927.50 |
| Cynthia Ballard | Paralegal/Litigation | N/A | 250.00 | 33.9 | 8,475.00 |
| James Dalcero | Paralegal/Litigation | N/A | 235.00 | 33.5 | 7,872.50 |
| Kelly Bougere | Paralegal/Litigation | N/A | 210.00 | 106.0 | 22,260.00 |
| Eduardo Toro | Paralegal Litigation Support | N/A | 205.00 | 1.0 | 205.00 |
| Roscoe Chong | Paralegal Litigation Support | N/A | 195.00 | 0.5 | 97.50 |
| Catherine Backes | Librarian | N/A | 185.00 | 0.7 | 129.50 |
| **GRAND TOTAL:** | | | | **1,292.1** | **648,979.50** |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Project Code | Total Hours | Total Fees ($) |
|---|---|---|---|
| Administrative | AHM-A | 179.6 | 40,207.00 |
| Waterfield Litigation | AHM-W | 1,110.7 | 607,698.50 |
| Sale of Non-Debtor Bank Entity | AHM-X | 1.8 | 1,074.00 |
| **TOTALS** | | **1,292.1** | **648,979.50** |

interim basis on July 19, 2010 (see Docket No. 9027) and thereafter remitted to Daticon subject to disgorgement until final allowance by the Court.

**INTERIM COSTS AND EXPENSES SUMMARY**

| EXPENSES CATEGORY | TOTAL EXPENSES ($) |
|---|---|
| DISBURSEMENTS & CHARGES SUMMARY | |
| MANAGING ATTORNEY'S CHARGE | 525.00 |
| SUPPLIES | 131.51 |
| COPYING | 3,922.80 |
| OUTSIDE PRINTING | 252.40 |
| TELEPHONE | 102.14 |
| ONLINE RESEARCH | 43,194.68 |
| DELIVERY SERVICES/MESSENGERS | 466.18 |
| LOCAL TRAVEL | 3,156.54 |
| OUT OF TOWN TRAVEL | 5,074.70 |
| MEALS | 655.84 |
| DEPOSITION TRANSCRIPTS | 6,620.28 |
| LITIGATION SUPPORT VENDORS | 740.40 |
| **TOTAL** | **64,842.47** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------ x
In re:                                                     :    Chapter 11
                                                           :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                     :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                            :
                                                           :    Jointly Administered
          Debtors.                                         :
------------------------------------------------------------------------ x
```

**FOURTEENTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
MAY 1, 2010 THROUGH JULY 31, 2010**

Pursuant to sections 330 and 331 of title 11, United States Code, 11 U.S.C.

§§ 101, et seq. (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), Cadwalader, Wickersham & Taft LLP ("CWT") hereby moves this Court for

compensation for professional legal services rendered as special counsel to American Home

Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries that are

debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[2]

during the interim period from May 1, 2010 through and including July 31, 2010 (the "Interim

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp.
("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM
Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a
Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558);
American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407);
Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp.
("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving,
Texas 75063.

Fee Period") in the amount of $648,979.50, together with reimbursement for actual and necessary out-of-pocket costs and expenses incurred by CWT in connection with such services in the amount of $64,842.47, and costs related to certain professional consulting services related to the development of expert opinions in connection with a prepetition litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006) (the "Waterfield Litigation") in the amount of $637,914.59.  In support of this application (the "Fourteenth Application"), CWT respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider the Fourteenth Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

**RETENTION OF CWT**

2.      On September 4, 2007, this Court entered an order (the "Interim Compensation Order", see Docket No. 547) establishing procedures for interim compensation and reimbursement of expenses of professionals retained in these cases.

3.      On November 14, 2007, this Court entered an order (the "Retention Order", see Docket No. 2000) authorizing the Debtors to employ and retain CWT under a general retainer as special counsel to the Debtors, effective as of August 6, 2007 (the "Petition Date"), in connection with the following matters:

    (i)        from the Petition Date through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing

2

business;

(ii)     non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity;

(iii)    from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission; and

(iv)    representation of AHM Corp. in the Waterfield Litigation.[3]

4.     The Retention Order authorized CWT to be compensated on an hourly basis and to be reimbursed for actual and necessary costs and expenses.  All services for which compensation is requested by CWT were performed for or on behalf of the Debtors.

## COMPENSATION PREVIOUSLY PAID

5.     CWT represented the Debtors prior to the Petition Date in connection with various matters.  On July 31, 2007, CWT received a retainer for its services in the amount of $2,000,000.00 (the "Retainer").  After applying the Retainer to CWT's prepetition fees and expenses, the balance of the Retainer totaling $1,080,899.46 was then applied to the fees and expenses sought in CWT's subsequent fee applications.

6.     With respect to the period from the Petition Date through April 30, 2010, this Court has approved, on an interim basis, payment of fees in the amount of $8,595,426.00 and reimbursement of expenses in the amount of $414,521.40[4].  As of the date of this Fourteenth Application, the Debtors have paid CWT fees in the amount of $6,172,569.75 and reimbursed CWT for expenses in the amount of $414,521.40.

---

[3] On August 10, 2007, the Debtors filed an application with the Court (the "Employment Application") seeking entry of an order authorizing and approving the employment and retention of CWT as Special Counsel to the Debtors.  See Docket No. 133.  On November 14, 2007, the Court entered the Retention Order, which granted the Employment Application in part; the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Employment Application is adjourned by the Retention Order to a date to be determined by the Debtors, in consultation with the U.S. Trustee and the Official Committee of Unsecured Creditors.

[4] These amounts do not include the Daticon fees and expenses, which were included in the Thirteenth Application approved by this Court on an interim basis on July 19, 2010 (see Docket No. 9027) and thereafter remitted to Daticon subject to disgorgement until final allowance by the Court.

## SUMMARY OF SERVICES RENDERED

7.    The professional services rendered by CWT to the Debtors during the Interim Fee Period include:

(i)    Conducting non-bankruptcy transactional work with respect to the sale or liquidation of a non-debtor bank entity, including attending board meetings.

(ii)    Representing AHM Corp. in the Waterfield Litigation, which involved:

Drafting documents in support of AHM Corp.'s motion for partial summary judgment, including a reply memorandum of law and a response to the supplemental statement of material facts filed by the defendants to the Waterfield Litigation;

Drafting documents in opposition to the motion to strike certain evidence submitted by AHM Corp. in support of its motion for partial summary judgment filed by the defendants to the Waterfield Litigation;

Preparing for and presenting oral arguments in support of the AHM Corp.'s motion for partial summary judgment;

Preparing for and presenting oral arguments in opposition to the motion for summary judgment filed by the defendants to the Waterfield Litigation; and

Reviewing and analyzing all motions, memoranda, exhibits, pleadings, discovery requests, correspondence, transcripts and other documents filed or received relating to the Waterfield Litigation.

8.    Attached hereto as Exhibit A is a detailed statement of fees in the amount of $648,979.50 related to the professional services rendered by CWT to the Debtors during the Interim Fee Period, which are grouped into categories as set forth in Exhibit A. Exhibit A identifies the attorneys and paralegals who rendered services during the Interim Fee Period relating to each category, the number of hours expended by each individual and the total

compensation sought for each category.[5]    All fees incurred by CWT during the Interim Fee Period related to the preparation of fee applications have been written off by CWT and shall not be included in this or any subsequent application.

## SUMMARY OF COSTS AND EXPENSES

A.    **Out-of-Pocket Costs and Expenses**

9.    CWT has incurred out-of-pocket costs and expenses during the Interim Fee Period in the amount of $64,842.47.    The expenses are broken down into categories of charges, including, among other things, managing attorney's charges, process service charges, photocopying charges, outside printing charges, telephone and telecopier charges, online research costs, delivery charges, postage charges, travel expenses, expenses for working meals and costs for litigation support vendors.    A detailed statement by category of the expenses incurred for the Interim Fee Period is attached hereto as Exhibit B.

10.    Costs incurred for overtime and computer assisted research are not included in CWT's normal hourly billing rates and, therefore, are itemized and included in CWT's expenses.    Pursuant to Local Rule 2016-2, CWT's rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

B.    **Expert Witness Costs**

11.    Pursuant to certain engagement letters dated October 6, 2009 (the "Engagement Letters"), attached hereto as Exhibit C, BDO Seidman, LLP ("BDO") (now BDO USA, LLP) agreed to provide certain professional consulting services necessitated by the

---

[5] This Fourteenth Application does not reflect the time charges of certain CWT attorneys who have provided services to the Debtors during the Interim Fee Period, but whose time has time has been voluntarily written off by CWT.

Waterfield Litigation.  Specifically, Anthony Lendez and Jeffrey Katz, partners at BDO, with the assistance of other BDO professionals, developed expert opinions regarding key issues in the Waterfield Litigation, including (i) the accounting treatment associated with the mortgage loans sold by Waterfield Financial Corporation ("WFC") to EMC Mortgage Corp. and the related repurchase obligations under Generally Accepted Accounting Principles ("GAAP"), and (ii) calculation of the post-closing purchase price adjustment pursuant to the Purchase Agreement by and among AHM Corp., Union Federal Bank of Indianapolis, and WFC dated January 12, 2006.

12.    In connection therewith, during these cases Mr. Lendez, Mr. Katz and other BDO professionals, among other things, (i) met with CWT attorneys and reviewed relevant documents to gain an understanding of the methodology used by WFC to calculate its repurchase obligations and the purchase price adjustment, (ii) reviewed relevant GAAP provisions pertaining to the determination of appropriate reserves for repurchase obligations, (iii) prepared and revised expert reports, (iv) prepared for and provided deposition testimony, (v) reviewed and summarized observations regarding the reports filed by experts for WFC, and (vi) provided declarations in support of AHM Corp.'s Opposition to Defendants' Motion for Summary Judgment, filed in the Waterfield Litigation on April 29, 2010.

13.    Attached hereto as Exhibit D are invoices totaling $637,914.59 related to the services provided by BDO with respect to the Waterfield Litigation from October 6, 2009 through and including July 31, 2010.  The invoices identify each BDO employee who rendered services during the applicable time period, the number of hours expended by each individual and the total compensation sought by BDO.  BDO time entries that contained information and communications protected by the attorney-client privilege and/or the attorney work product doctrine have been redacted accordingly.  Copies of the BDO invoice without such redactions

will be provided to the Court.

14.      The services provided by BDO were essential to the Waterfield Litigation. These expenses are reasonable in light of the work necessary for this assignment and the complexity of and issues addressed in the expert reports.

15.      As set forth in the declaration of BDO partner Anthony M. Lendez in support of the Fourteenth Application, the services provided by BDO to the Debtors and their counsel were necessitated by the Waterfield Litigation and all items and charges, expenses, billing rates and fees related to such services are consistent with the Engagement Letter and comparable to those charged by similar consultants.

16.      By this Fourteenth Application, CWT requests that the Court authorize the Debtors to pay to CWT the aforementioned costs related to BDO's services, which amounts shall then be paid by CWT to BDO upon receipt by CWT, subject to disgorgement until final allowance by the Court.

## VALUATION OF SERVICES

17.      Attorneys, paralegals and other professionals of CWT have expended a total of 1,292.1 hours in connection with this matter during the Interim Fee Period.  The amount of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in Exhibit A.

18.      The reasonable value of the services rendered by CWT for the Interim Fee Period as special counsel for the Debtors is $648,979.50.  The rates charged by CWT for the services rendered by its attorneys, paralegals and other paraprofessionals in these cases are the same rates that CWT charges for such services rendered in comparable non-bankruptcy related matters.  In addition, such rates are comparable to those charged for similar services by law firms

of a similar size and expertise in CWT's relevant market.

19.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested in this Fourteenth Application are fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

20.     CWT believes that this Fourteenth Application, the time entries included in Exhibit A and the expense breakdown set forth in Exhibit B are in compliance with the requirements of Local Rule 2016-2.

21.     The Debtors have reviewed this Fourteenth Application and approved the cost of BDO's services.

22.     For the reasons set forth above, CWT respectfully requests that the Court allow the fees, costs and expenses sought in this Fourteenth Application, and that such allowance be without prejudice to CWT's right to seek additional compensation for services rendered and reimbursement for costs and expenses incurred during the Interim Fee Period and any other prior interim fee period that were not processed as of the filing of the Fourteenth Application.

WHEREFORE, CWT respectfully requests that the Court enter an order allowing (i) compensation in the amount of $648,979.50 for professional services rendered by CWT to the Debtors during Interim Fee Period, (ii) reimbursement of actual and necessary out-of-pocket costs and expenses incurred by CWT in connection with such services during the Interim Fee Period in the amount of $64,842.47, (iii) payment of the costs related to the services provided by BDO during the period from October 6, 2009 through and including July 31, 2010 in the amount of $637,914.59, and (iv) such other and further relief as this Court may deem just and proper.

Dated: September 13, 2010
     Wilmington, Delaware

CADWALADER, WICKERSHAM & TAFT LLP

 /s/ Gregory M. Petrick
Gregory M. Petrick (GP 2175)
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

*Special Counsel to the Debtors
and Debtors in Possession*

<u>VERIFICATION</u>

STATE OF DELAWARE    )
                       )     SS:
NEW CASTLE COUNTY    )

        Gregory M. Petrick, Esquire, after being duly sworn according to law, deposes and says:

    1.    I am a Partner at the applicant firm, Cadwalader, Wickersham & Taft LLP.

    2.    I am admitted and in good standing as a member of the Bar of New York and the United States District Court for the Southern District of New York and I have been admitted <u>pro</u> <u>hac</u> <u>vice</u> in the above-captioned bankruptcy case of the Debtors pending in the United States Bankruptcy Court for the District of Delaware.

    3.    The facts set forth in the foregoing application are true and correct to the best of my knowledge, information and belief.

        Respectfully Submitted,

        */s/ Gregory M. Petrick*
        GREGORY M. PETRICK

    SWORN TO AND SUBSCRIBED before me this 13th day of September.

        */s/ Jill M. Kaylor*
        Jill M. Kaylor
        Notary Public, State of New York
        No. 01KA5040839
        Qualified in Queens County
        My Commission Expires March 20, 2011