## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                                     :     Chapter 11
                                                           :
AMERICAN HOME MORTGAGE                                      :     Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,            :
                                                           :     Jointly Administered
            Debtors.                                       :
------------------------------------------------------------- x     Docket Ref. Nos. 8812 & 8847

**SCHEDULING ORDER RELATING TO THE MOTION OF DEBORAH MILLS FOR ODER TO (I) AMEND PROOF OF CLAIM AND (II) MOTION FOR ORDER OF ALLOWED ADMINISTRATIVE EXPENSE CLAIM PRIORITY AGAINST THE ESTATE PURSUANT TO SECTION 503(B) OF THE BANKRUPTCY CODE IN IMMEDIATELY AVAILABLE FUNDS AND (III) ORDER OF RIGHT TO PROTECTION OF CERTAIN PROPERTY INTEREST UNDER SECTION 361 OR (IV) AVOIDANCE ACTION AGAINST DEBTORS PURSUANT TO SECTION 549**

The following schedule shall govern the discovery and other deadlines related to the evidentiary hearing on the *Motion of Deborah Mills for Order to (I) Amend Proof of Claim and (II) Motion for Order Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Funds and (III) Order a Right to Protection of Certain Property Interests Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549* (D.I. 8812) (the "Motion") filed by Ms. Deborah Mills ("Ms. Mills"):

1.      Amended Claims. Ms. Mills shall file proofs of claims setting forth any and all alleged claims she is asserting against any of the above-captioned debtors (the "Debtors"),[1] including claims for administrative priority, (the "Amended Claims") no later than **August 13, 2010**. The Amended Claims shall set forth any and all causes of action to be asserted

---

[1]      To the extent Ms. Mills asserts claims against more than on Debtor, she must file a separate proof of claim with respect to each such Debtor. In addition, Ms. Mills must identify on her proof of claim forms the particular Debtor against which her Claim is asserted.

against the Debtors, which shall supersede the theories of liability set forth in the Motion and the previously-filed claims numbered 2473, 10764, 10765. Ms. Mills shall commence any and all adversary proceedings to prosecute any and all of her causes of action against any of the Debtors no later than **August 13, 2010.** Notwithstanding the foregoing, nothing herein shall impact or effect any right Ms. Mills may have to apply for leave of the Court, upon showing of good cause, to add or amend any claims against any of the Debtors or any defenses that the Debtors may have thereto.

2.     Written Discovery. The Parties shall serve all discovery requests (the "Written Discovery") by **August 24, 2010.** All written discovery responses and document production shall be served so as to be received no later than **September 17, 2010.** As contemplated by Del. Bankr. L.R. 7026-3 (c) and (e), the Parties have identified Erin Edwards, Esq. and Stamatios Stamoulis, Esq. as their respective "e-discovery liaison" and shall endeavor to reach an agreement as to the method of searching, and the words, terms, and phrases to be searched on or before **August 27, 2010.**

3.     Preservation of Privilege in Connection with Document Production. In light of the expedited nature of discovery responses, the parties agree that there is a risk for inadvertent disclosure of privileged materials and such materials shall not constitute a waiver if such privileged material is requested to be returned within fourteen (14) days.

4.     Fact Depositions. All fact depositions shall be completed no later than **October 14, 2010.**

5.     Conclusion of Fact Discovery. All fact discovery shall be completed by **October 14, 2010.**

6.     Expert Reports and Depositions.

a.    If any party intends to call any expert witness as part of its

affirmative presentation at trial, it will give written notice of that fact to all other parties

and serve its expert reports on those parties by **October 15, 2010**.

b.    If any party intends to call any rebuttal expert, it will give written

notice of that fact to all other parties and serve its rebuttal expert report on those parties

by **October 22, 2010**.

c.    All expert depositions shall be completed no later than **October

29, 2010**.

d.    All reports shall provide the information required by Fed. R. Civ.

P. 26(a)(2)(B).

e.    All expert discovery shall be completed, and discovery shall close,

by **October 29, 2010**.

7.    <u>Briefing Schedule</u>.  The Debtors shall file their objection to the Amended

Claims on or before **November 3, 2010**.  Ms. Mills shall file her response on or before

**November 10, 2010**.  The Debtors shall file their reply, if any, on or before **November 17, 2010**.

8.    <u>Joint Pre-Trial Order</u>.  A Joint Pretrial Order identifying all witnesses and

exhibits shall be filed on or before **November 17, 2010**.  Unless otherwise advised by the Court,

the Parties should assume that filing the proposed Joint Pretrial Order satisfies the pretrial

disclosure requirement in Rule 26(a)(3) of the Federal Rules of Civil Procedure.

9.    <u>Hearing.</u>  An evidentiary hearing on the Objection shall commence on

**November 22, 2010 at 10:00 AM and, if necessary, continue on November 23, at 10:00 AM**

(the "<u>Hearing</u>").

10.     Modifications to this Schedule. Deadlines contained in this Stipulation and Scheduling Order may be extended by Court order, if necessary, or other than with respect to the deadlines related to submission of the pretrial order, by agreement of the parties without approval of the Court.

11.     Service. Service of all pleadings, affidavits and other documents required to be served under this Stipulation shall be served via electronic mail or overnight, express delivery on respective counsel for the Parties.

12.     This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Scheduling Order.

SO ORDERED THIS _13th_ DAY OF _September_, 2010.

BY THE COURT:

_____
CHRISTOPHER S. SONTCHI
U.S. BANKRUPTCY JUDGE