**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------------- x

In re:                                                              :  Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                                    :  Jointly Administered
        Debtors.                                               :
                                                                    :  **Ref. Docket No.:  9176**

----------------------------------------------------------------- x

**CERTIFICATION OF COUNSEL REGARDING REVISED ORDER
WITH RESPECT TO THE DEBTORS' SIXTY-THIRD OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION
502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003
AND 3007, AND LOCAL RULE 3007-1**

The undersigned counsel for the above-captioned debtors and debtors in possession (the

"Debtors") hereby certifies as follows:

1.      On August 24, 2010, the Debtors filed the Debtors' Sixty-Third Omnibus (Non-

Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 9176] (the "Objection").

By the Objection, the Debtors sought, *inter alia*, to disallow and expunge (i) claim number

10554 ("Claim 10554") filed by the City of New York Department of Finance ("NYC"), and (ii)

claim number 5254 ("Claim 5254") filed by Quick Mortgage Services, LLC ("Quick

Mortgage"), on the grounds that the Debtors have no liability to such claimants.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2.      Following the filing of the Objection, NYC informally contacted the Debtors concerning the matters raised in the Objection.  In addition, on September 15, 2010, Quick Mortgage filed a response [Docket No. 9223] to the Objection pursuant to which it asserted that the subject loan funded and therefore Quick Mortgage is owed the claimed amount.

3.      Following separate communications with the claimants, the Debtors and the claimants have agreed to adjourn the Objection with respect to Claim 10554 and Claim 5254 pending further discussions between the Debtors and the respective claimant.  A revised proposed form of order (the "Revised Proposed Order") with revised exhibits reflecting the adjournment of the Objection with respect to Claim 10554 and Claim 5254 is attached hereto as Exhibit 1.

4.      Responses to the Objection were to be filed and served no later than September 16, 2010 at 4:00 p.m. (ET).  The undersigned hereby certifies that, as of the date hereof, no other comment, answer, objection or other responsive pleading to the Objection has been received. The undersigned further certifies that the Court's docket has been reviewed in this case and, other than the response filed by Quick Mortgage, no answer, objection or other responsive pleading to the Objection appears thereon.

*[Signature page follows]*

YCST01:10171360.1                                                          066585.1001

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court

enter the Revised Proposed Order at its earliest convenience.

Dated:  September 21, 2010
   Wilmington Delaware

        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

        */s/ Michael S. Neiburg*
        Sean M. Beach (No. 4070)
        Margaret Whiteman Greecher (No. 4652)
        Michael S. Neiburg (No. 5275)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware  19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Counsel to the Debtors and Debtors in Possession

# EXHIBIT 1

**Revised Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                     :
                                                    :    Jointly Administered
        Debtors.                                    :
------------------------------------------------------------------- x    Ref. Docket No. 9176
```

## REVISED ORDER SUSTAINING IN PART DEBTORS' SIXTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the sixty-third omnibus (substantive) claims objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing and expunging in full or in part, reclassifying, reassigning, modifying and/or affixing the value of each of the Disputed Claims[2] identified on Exhibits A, B, C, D, E and F attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Objection is adjourned with respect to claim number 10554 filed by the City of New York Department of Finance and proof of claim number 5254 filed by Quick Mortgage Services, LLC; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby modified to the dollar values under the column titled "Modified Amount" in Exhibit A; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit B, are hereby (i) modified to the dollar values under the column titled "Modified Amount" in Exhibit B; and (iii) reassigned to the new case numbers as indicated in Exhibit B; it is further

ORDERED that the Disputed Claim identified on the attached Exhibit C, is hereby (i) modified to the dollar value under the column titled "Modified Amount" in Exhibit C and (ii) reclassified to the priority level indicated in the column titled "Modified Amount" in Exhibit C; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit D, are hereby (i) modified to the dollar values under the column titled "Modified Amount" in Exhibit D; (ii) reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit D; and (iii) reassigned to the new case numbers as indicated in Exhibit D; it is further

ORDERED that the Disputed Claims identified on the attached Exhibit E are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit F shall have the value affixed to such claim as indicated on Exhibit F; and it is further

2

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      September \_\_\_, 2010

                                                  CHRISTOPHER S. SONTCHI
                                                  UNITED STATES BANKRUPTCY JUDGE

YCST01:10171360.1                             066585.1001

# EXHIBIT A

## Modified Amount Claims

## Exhibit A

### Modified Claims

| Name/Address of Claimant | Objectionable Claim | | | | Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount |

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| COMMERCIAL AGENCY, THE ATTN LEE KENNEDY, COLLECTION MANAGER C/O LIONINC.COM PO BOX 23909 FARMVILLE, VA 23909 | 2576 | 11/15/07 | 07-11051 | - (S) - (A) - (P) $17,412.00 (U) $17,412.00 (T) | - (S) - (A) - (P) $9,412.00 (U) $9,412.00 (T) | Based on a review of the Debtors' books and records, the claim amount should be modified and reduced to match the amounts that remain outstanding based on invoices #560087 and #553190. The remainder of the claimed amount was previously paid. |
| FIDELITY INFORMATION SERVICES, INC. ATTN: MICHELE GILLIS 601 RIVERSIDE AVENUE JACKSONVILLE, FL 32204 | 5604 | 12/17/07 | 07-11051 | - (S) - (A) - (P) $87,921.60 (U) $87,921.60 (T) | - (S) - (A) $6,763.20 (P) $81,158.40 (U) $81,158.40 (T) | The claim amount should be modified and reduced by $6,763.20 on account of the security deposit in this amount being held by the claimant. |
| NUSS VALUATIONS, INC. 4820 SE 34TH AVE PORTLAND, OR 972024102 | 8812 | 1/11/08 | 07-11053 | - (S) - (A) - (P) $7,975.00 (U) $7,975.00 (T) | - (S) - (A) - (P) $5,400.00 (U) $5,400.00 (T) | The claim relates to 21 invoices for appraisal services performed by the claimant - an appraisal vendor. Based on a review of the Debtors' books and records, 5 of the applicable invoices were previously paid in full and, therefore, the claim amount should be modified and reduced to match the amounts reflected in the 16 outstanding invoices. |
| RIDGEVIEW PLAZA, LLC. ATTN CHRIS D NICHOLS, ATTORNEY PO BOX 70399 RENO, NV 89570 | 5241 | 12/11/07 | 07-11051 | - (S) - (A) - (P) $92,072.28 (U) $92,072.28 (T) | - (S) - (A) - (P) $27,461.28 (U) $27,461.28 (T) | The claimant seeks damages in connection with the termination of a pre-petition real property lease entered into between the claimant and debtor AHM Corp. (Case No. 07-11051). Pursuant to section 502(b)(6) of the Bankruptcy Code, the claim amount should be modified and reduced from the claimed amount to $27,461.28, which represents one year rent reserved by such lease ($29,861.28, which amount is greater than 15% of remaining lease term) minus $2,400 security deposit held by claimant. |
| ROBERT SCHERMAN & ASSOCIATES ATTN ROBERT J SCHERMAN 5700 HARROW GLEN CT GALENA, OH 43021 | 7762 | 1/8/08 | 07-11053 | - (S) - (A) - (P) $7,450.00 (U) $7,450.00 (T) | - (S) - (A) - (P) $6,975.00 (U) $6,975.00 (T) | The claim relates to 31 invoices for appraisal services performed by the claimant - an appraisal vendor. Based on a review of the Debtors' books and records, 2 of the applicable invoices (#s R224-1653 and R017-7791) were previously paid in full and, therefore, the claim amount should be modified and reduced to match the amounts reflected in the 29 outstanding invoices. |

## ——— Objectionable Claim ———

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| Totals: | 5 Claims | | | - (S)<br>- (A)<br>- (P)<br>$212,830.88 (U)<br>$212,830.88 (T) | - (S)<br>- (A)<br>- (P)<br>$130,406.68 (U)<br>$130,406.68 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

## Modified Amount Wrong Debtor Claims

# Exhibit B

## Modified Amount, Wrong Debtor Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| | | | **—— Objectionable Claim ——** | | | | |
| AMERICA'S CUTTING EDGE RE SERVICES 155 PASSAIC AVE STE 200 FAIRFIELD, NJ 070043562 | 1141 | 9/21/07 | No Case | - (S) - (A) - (P) $35,395.00 (U) $35,395.00 (T) | 07-11053 | - (S) - (A) - (P) $27,590.00 (U) $27,590.00 (T) | The claim relates to numerous invoices in connection with appraisal services purportedly performed on behalf of the Debtor by the claimant - an appraisal vendor.  The claim amount should be modified and reduced by $7,805.00 because the Debtors' books and records do not show appraisal orders applicable to this vendor on 46 of the 126 claimed invoices.  In addition, the claimant failed to assert the claim against any debtor. Based on the Debtors' records, the claim should be assigned to debtor Homegate Settlement Services, Inc. (Case No. 07-11053). |
| MCCANN APPRAISAL SERVICES INC. 231 S. WHITE HORSE PIKE AUDUBON, NJ 08106 | 10641 | 1/9/09 | 07-11047 | - (S) - (A) - (P) $7,160.00 (U) $7,160.00 (T) | 07-11053 | - (S) - (A) - (P) $6,435.00 (U) $6,435.00 (T) | The claim relates to returned checks and outstanding invoices for appraisals performed on behalf of the Debtor by the claimant - an appraisal vendor.  Based on a review of the Debtors' books and records, the claim amount should be reduced by $725.00 as check # 73775 in the amount of $725.00 cleared on 7/13/07.  In addition, pursuant to the Debtors' records, the claim should be reassigned to debtor Homegate Settlement Services, Inc. (Case No. 07-11053). |
| **Totals:** | **2 Claims** | | | - (S) - (A) - (P) $42,555.00 (U) $42,555.00 (T) | | - (S) - (A) - (P) $34,025.00 (U) $34,025.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

**Modified Amount Reclassified Claim**

# Exhibit C

## Modified Amount Reclassified Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | **Objectionable Claim** | | | |
| MARLIN LEASING CORPORATION<br>ATTN REBECCA MENDEZ, PARALEGAL<br>300 FELLOWSHIP RD<br>MOUNT LAUREL, NJ 08054 | 1107 | 9/18/07 | 07-11051 | $26,937.63 (S)<br>- (A)<br>- (P)<br>- (U)<br>$26,937.63 (T) | - (S)<br>$469.01 (A)<br>- (P)<br>- (U)<br>$469.01 (T) | The claim relates to a pre-petition equipment lease entered into between the claimant and the Debtor. This lease was rejected by the Debtors post-petition pursuant to an order of the Court and the subject equipment was returned to the claimant by the Debtors. Based on the foregoing, the claim should be modified and reduced to $469.01, and reclassified to a general unsecured claim because: (i) $469.01 is the valid allowed amount for damages on account of the rejection of this equipment lease; and (ii) no basis for secured status exists since the Debtors are no longer in possession of the applicable property and the claimant possesses no property of the Debtors which could be subject to set-off. |
| **Totals:** | **1 Claim** | | | $26,937.63 (S)<br>- (A)<br>- (P)<br>- (U)<br>$26,937.63 (T) | - (S)<br>$469.01 (A)<br>- (P)<br>- (U)<br>$469.01 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

## Modified Amount Reclassified Wrong Debtor Claims

# Exhibit D

## Modified Amount, Reclassified, Wrong Debtor Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| | | | Objectionable Claim | | | | |
| COMPRINT MILITARY COMMUNICAT 9030 COMPRINT COURT GAITHERSBURG, MD 20877 | 6210 | 12/24/07 | No Case | Unspecified* | 07-11051 | - (S) - (A) - (P) $718.00 (U) $718.00 (T) | The claim relates to pre-petition advertising services provided by the claimant to the Debtors. Claimant did not specify a dollar amount on their proof of claim, however, the invoice attached to the claim form indicates $718.00 is owed to the claimant, which the Debtors do not dispute. In addition, the claimant failed to indicate a priority level for such claim and did not assert the claim against any particular debtor. Per the Debtors' records, the claim should be assigned to American Home Mortgage Corp. (Case No. 07-11051). Further, because the claim relates to pre-petition services rendered to the Debtors by a 3rd party vendor, such claim should be a general unsecured claim. Based on the foregoing, the claim should be an allowed general unsecured claim in the amount of $718.00 against Case No. 07-11051. |

————— Objectionable Claim —————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| NEW LIFE RECHARGE INC<br>ATTN DARYL EVANS, PRESIDENT<br>P.O. BOX 3505<br>BRENTWOOD, TN 37024-3505 | 6717 | 12/31/07 | No Case | Unspecified* | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$727.61 (U)<br>$727.61 (T) | The claim relates to office supplies ordered and received by the Debtors pre-petition. Claimant did not specify a dollar amount on their proof of claim, however, the invoice attached to the claim form indicates the amount owed is $727.61, which the Debtors do not dispute. In addition, the claimant failed to indicate a priority level for such claim and did not assert the claim against any particular debtor. Per the Debtors' records, the claim should be assigned to American Home Mortgage Corp. (Case No. 07-11051). Further, because the goods were received more than 3 months before the petition date, the claim is entitled only to general unsecured status. Based on the foregoing, the claim should be allowed as a general unsecured claim in the amount of $727.61 and allowed against Case No. 07-11051. |
| **Totals:** | **2 Claims** | | | Unspecified* | | - (S)<br>- (A)<br>- (P)<br>$1,445.61 (U)<br>$1,445.61 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT E

## No Liability Claims

**Exhibit E**

**No Liability Claim**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | | | | **Objectionable Claim** | |
| CITY OF DAYTON<br>FINANCE DEPARTMENT<br>ATTN: ACC. REC. COLLECTIONS<br>101 WEST THIRD STREET<br>DAYTON, OH 45402 | 10746 | 11/23/09 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$75.00 (U)<br>$75.00 (T) | The claim relates to an inspection fee the claimant purportedly performed for American Home Mortgage Servicing Inc. ("AHMSI") on 7/24/2008. AHMSI is not a debtor entity since the sale of the servicing business was finalized in April 2008. Thus, the claim is not properly asserted against any debtor entity and the Debtor against which such claim is asserted (Case No. 07-11047) has no liability for this claim. Accordingly, the claim should be disallowed and expunged in its entirety. |
| CORDTS, AUDRA L<br>160 E 23RD ST<br>SOUTH HUNTINGTON, NY 11746 | 2770 | 11/19/07 | 07-11051 | Unspecified* | Claim relates to a scheduled item for unused vacation pay. The vacation pay is also claimed in proof of claim no. 1413, which has been reduced and fixed by court order [docket no. 3945]. As such, this claim seeks double payment for the same unused vacation pay. Therefore, the Debtors have no liability on account of this claim and it should be disallowed and expunged. |
| DCFS TRUST<br>ATTN MARTIN A. MOONEY, ESQ.<br>DEILY, MOONEY & GLASTETTER, LLP<br>PO BOX 55000 - TTEE PAYMENT DEPT 100301<br>DETROIT, MI 48255-1003 | 2297 | 11/8/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$58,598.07 (U)<br>$58,598.07 (T) | The claim relates to a 24 month automobile lease entered into between the claimant and debtor AHM Corp. Case No. 07-11051. Based on a review of the Debtors' books and records, all required lease payments were made between the dates of 2/11/2005 and 5/22/2007. Accordingly, the Debtor has no liability to the claimant and the claim should be disallowed and expunged in its entirety. |
| DELL FINANCIAL SERVICES, L.P.<br>ATTN M.J. WIGGINS, BANKRUPTCY/LEGAL MGR<br>COLLECTIONS/CONSUMER BANKRUPTCY<br>12234B NORTH I-35<br>AUSTIN, TX 78753-1705 | 604 | 9/5/07 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$23,087.87 (U)<br>$23,087.87 (T) | The claimant seeks payment in connection with leases for office related equipment. However, based on a review of the documentation attached to the claim form, the leases are with American Home Mortgage of NC I which is a non-debtor entity and no debtor entity was a guarantor for such leases. As such, the Debtors have no liability for this claim. |
| GENERAL ELECTRIC CAPITAL CORP., INC.<br>ATTN PATRICIA POEL<br>LITIGATION SPECIALIST<br>44 OLD RIDGEBURY RD<br>DANBURY, CT 06810 | 1952 | 11/8/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$51,558.25 (U)<br>$51,558.25 (T) | The claim relates to certain pre-petition equipment leases entered into between the claimant and AHM Holdings, Inc. (Case No. 07-11047). The applicable leases were rejected post-petition pursuant to an order of the Court and the leased equipment has been returned to the claimant. Moreover, all required lease payments were paid, the last of which was due and paid in February 2007. Accordingly, the Debtors have no liability for this claim. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| JACKSON ENERGY AUTHORITY<br>ATTN TED WELCH, CREDIT ANALYST<br>PO BOX 2288<br>JACKSON, TN 38302 | 2740 | 11/19/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$5,924.29 (U)<br>$5,924.29 (T) | The Debtors have reviewed their books and records and have determined there is no contract between any debtor entity and the claimant and there is no record of any service provided by the claimant for the benefit of any debtor entity. The Debtors believe the "American Home Mortgage" referenced in the invoices attached to the claim form pertain to a non-debtor entity that has no affiliation with any of the Debtors. Therefore, the Debtors have no liability for this claim. |
| KILROY REALTY L.P.<br>C/O LAWRENCE C. MEYERSON, ESQ.<br>578 WASHINGTON BLVD., STE. 867<br>MARINA DEL REY, CA 90292 | 8240 | 1/10/08 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$1,132,670.79 (U)<br>$1,132,670.79 (T) | The claim relates to a pre-petition real property lease entered into between the claimant and debtor AHM Holdings, Inc. (Case No. 07-11047). The applicable lease was assigned over to Indymac Bank pursuant to an order of the Court. As such, the Debtors have no liability for this claim. |
| KILROY REALTY, L.P.<br>C/O LAWRENCE C. MEYERSON, ESQ.<br>578 WASHINGTON BLVD., STE. 867<br>MARINA DEL REY, CA 90292 | 8241 | 1/10/08 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$243,664.20 (U)<br>$243,664.20 (T) | The claim relates to a pre-petition real property lease entered into between the claimant and debtor AHM Holdings, Inc. (Case No. 07-11047). The applicable lease was assigned over to Indymac Bank pursuant to an order of the Court. As such, the Debtors have no liability for this claim. |
| NETWORK TELEPHONE CORPORATION<br>C/O LEE GRANT, COUNSEL<br>2134 W LABURNUM AVENUE<br>RICHMOND, VA 23227 | 10719 | 5/18/09 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$4,178.25 (U)<br>$4,178.25 (T) | Claim relates to telecommunication services provided to the Debtors. The claimed amount comprises a large portion of the amount sought by this claimant in proof of claim no. 10495, which has already been reduced and fixed by court order [docket no. 7930]. As such, this claim seeks double payment on account of the exact same services addressed by claim no. 10495. Therefore, the Debtors have no liability on account of this claim and it should be disallowed and expunged. |
| ORANGE COUNTY TREASURER-TAX COLLECTOR<br>ATTN: BANKRUPTCY UNIT<br>P.O. BOX 1438<br>SANTA ANA, CA 92703 | 10595 | 12/15/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$89,157.89 (U)<br>$89,157.89 (T) | The claim relates to real estate taxes for 1985-1987. Debtors do not have an interest in the property as they were not in business for the claimed tax years. |
| PRINCIPAL REAL ESTATE INVESTORS LLC AAF<br>SRI MIAMI VENTURE<br>PO BOX 951719<br>DALLAS, TX 75395-1719 | 2303 | 10/16/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$7,472.54 (U)<br>$7,472.54 (T) | The claim relates to unpaid rent and related services in connection with a pre-petition real property lease entered into between the claimant and debtor AHM Corp. (Case No. 07-11051). The applicable lease was assigned over to Indymac Bank pursuant to an order of the Court. As such, the Debtors have no liability for this claim. |
| STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br>SPECIAL PROCEDURES SECTION<br>PO BOX 2952<br>SACRAMENTO, CA 95812-2952 | 10718 | 5/22/09 | 07-11048 | Unspecified* | The claim was filed by the claimant as a placeholder because the 2008 tax return had not yet been filed by the debtor. The 2008 tax return has since been filed and no taxes were due. Accordingly, the Debtors have no liability for this claim and it should be disallowed and expunged. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| STATE OF MICHIGAN DEPARTMENT OF TREASURY CADILLAC PLACE, SUITE 10-200 3030 W. GRAND BLVD. DETROIT, MI 48202 | 10751 | 12/14/09 | 07-11051 | - (S) $10,481.46 (A) - (P) - (U) $10,481.46 (T) | The claim relates to estimated withholding taxes for 2008. The Debtors submitted the applicable Discontinuance form to the claimant and the estimated taxes were removed. Accordingly, the Debtors have no liability to this claim and it should be disallowed and expunged. |
| TENNESSEE DEPARTMENT OF REVENUE ATTN WILBUR E HOOKS C/O ATTORNEY GENERAL PO BOX 20207 NASHVILLE, TN 37202-0207 | 10600 | 12/19/08 | 07-11048 | - (S) $6,628.75 (A) - (P) - (U) $6,628.75 (T) | The claim relates to estimated taxes for 2008. Pursuant to the Debtors' books and records, the tax return was filed and no taxes were due. Accordingly, the Debtors have no liability for this claim and it should be disallowed and expunged. |
| THOUGHTDIGITAL LLC C/O JON D. COHEN, ESQ. STAHL COWEN CROWLEY 55 W. MONROE ST., SUITE 1200 CHICAGO, IL 60603 | 2354 | 11/16/07 | No Case | Unspecified* | Claim relates to pre-petition consulting services provided to the Debtors. The amount claimed is the exact amount, and pertains to the same services, which the claimant also seeks by proof of claim no. 1651, which has already been accepted as filed. As such, this claim seeks double payment on account of the exact same services addressed by claim no. 1651. Therefore, the Debtors have no liability on account of this claim and it should be disallowed and expunged. |

**Totals:** 15 Claims

- (S) $17,110.21 (A)
- - (P)
- $1,616,387.15 (U)
- $1,633,497.36 (T)

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT F

## Undetermined Value Claim

## Exhibit F
### Undetermined Value Claims

| | | | ——— Objectionable Claim ——— | | | |
|---|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
| WILSON, SAMUEL<br>737 NAPA LANE<br>SAINT CHARLES, MO 63304 | 6498 | 12/27/07 | 07-11051 | Unspecified* | - (S)<br>- (A)<br>- (P)<br>$1,257.31 (U)<br>$1,257.31 (T) | No claim amount listed. Scheduled item was for unused vacation pay and unpaid expense report. The Debtors have reviewed their books and records and determined that the claim amount should be the "Book Amount" for unpaid expense report as the vacation pay was already accepted in claim 6497. |
| **Totals:** | **1 Claim** | | | Unspecified* | - (S)<br>- (A)<br>- (P)<br>**$1,257.31 (U)**<br>**$1,257.31 (T)** | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed