IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                          :
                                                                :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                          :
HOLDINGS, INC., a Delaware corporation, *et al.*,               :  Jointly Administered
                                                                :
                             Debtors.                           :  **Reference Docket No. 9199**
---------------------------------------------------------------- x

**DEBTORS' RESPONSES AND OBJECTIONS TO THE
NOTICE OF 30(B)(6) DEPOSITION OF DEBTORS**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby makes the following responses and objections to the *Claimant Deborah E. Mills's Notice of Deposition of Debtors* [Docket No. 9199] (the "Deposition Notice") filed by Deborah E. Mills on September 3, 2010.[1]

**GENERAL OBJECTIONS**

The Debtors make the following general objections to the Deposition Notice, which apply to each topic (each a "Topic") set forth in the Deposition Notice regardless of whether the general objections are specifically incorporated into the specific objections below.

1.  The Debtors object to each Topic to the extent it calls for expert discovery or other information in advance of the dates set out in the applicable scheduling orders of the Court.

2.  The Debtors object to each Topic to the extent it calls for information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal

---
[1] By agreement of the parties, the deposition is now scheduled for October 4, 2010.

Rules of Evidence, or the relevant statutory or case law.

3. The Debtors object to each Topic to the extent it calls for confidential and/or proprietary information of any individual or entity other than the Debtors.

4. The Debtors object to each Topic to the extent it is unduly burdensome, overbroad, oppressive, or calls for information that is neither relevant to any issue in the pending contested matter nor reasonably calculated to lead to the discovery of admissible evidence, including information unrelated to the issues presented in this case.

5. The Debtors object to each Topic to the extent it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested.

6. The Debtors object to each Topic to the extent it is duplicative of other discovery taken in this case, or which discovery is more easily available through other less burdensome means, such as by review of the documents produced as part of discovery in this case.

7. The Debtors object to each Topic to the extent it seeks information outside of the Debtors' possession, custody, or control.

8. The Debtors object to each Topic, Definition, and Instruction to the extent it seeks to impose any requirements or obligations on the Debtors in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

9. The Debtors object to each Topic to the extent it purports to impose unreasonable requirements on a witness or purports to seek or require knowledge of legal conclusions or theories.

10. The Debtors object to each Topic to the extent it is vague, ambiguous, and improper, and fails to designate with reasonable particularity the matter on which examination is

requested, as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

11. The Debtors object to each Topic to the extent it seeks information that is not known or reasonably available to the Debtors. Specifically, on April 11, 2008, the sale of the Debtors' former loan servicing business to the new American Home Mortgage Servicing, Inc. ("AHMSI") closed (the "Sale") and that Debtor is now known as AHM SV, Inc. Certain data and proprietary software was included in the Sale, including the LSAMs system. The Debtors currently employ only [8] people. None of these remaining employees worked in the Debtors' former servicing business. As a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness below are limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. In addition, as previously discussed, the Debtors intend to take the trial deposition of AHMSI.

### SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

Subject to and without waiving the foregoing General Objections, the Debtors object and respond to the Topics as follows:

*1.   Deborah E. Mills.*

RESPONSE:   Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 1 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested. The Debtors further object to Topic No. 1 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors also object to Topic 1 to the extent it seeks information outside of the Debtors' possession, custody, or control. The Debtors further object to Topic No. 1 to the

extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 1.

    2. *The Property.*

RESPONSE: Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 2 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested. The Debtors further object to Topic No. 2 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors also object to Topic 2 to the extent it seeks information outside of the Debtors' possession, custody, or control. The Debtors further object to Topic No. 2 to the extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 2.

    3. *The Mortgage.*

RESPONSE: Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 3 to the extent that it is vague and ambiguous, by failing to designate

with reasonable particularity the matter on which examination is requested. The Debtors further object to Topic No. 3 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors also object to Topic 3 to the extent it seeks information outside of the Debtors' possession, custody, or control. The Debtors further object to Topic No. 3 to the extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 3.

    *4.*    *The Loans.*

RESPONSE: Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 4 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested. The Debtors further object to Topic No. 4 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors also object to Topic 4 to the extent it seeks information outside of the Debtors' possession, custody, or control. The Debtors further object to Topic No. 4 to the extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and

without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 4.

   5.   *The foreclosure process for the Property.*

RESPONSE: Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 5 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested. The Debtors further object to Topic No. 5 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors also object to Topic 5 to the extent it seeks information outside of the Debtors' possession, custody, or control. The Debtors further object to Topic No. 5 to the extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness below is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 5.

   6.   *The sale of the Property by the Debtors after the Petition Date.*

RESPONSE:  Subject to and without waiving the foregoing General Objections, the Debtors object to Topic No. 6 to the extent that it is vague and ambiguous, by failing to designate with reasonable particularity the matter on which examination is requested. The Debtors further object to Topic No. 6 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors also object to Topic 6 to the extent it seeks information outside of

the Debtors' possession, custody, or control. The Debtors further object to Topic No. 6 to the extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness below is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 6.

7.  *Debtors' document retention policies and practices, and their search, collection and production of documents in this litigation.*

RESPONSE: The Debtors object to Topic No. 7 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 7.

8.  *Any documents produced by the Debtors in response to Claimant's Interrogatories, Requests for Production of Documents and Requests for Admission.*

RESPONSE: The Debtors object to Topic No. 8 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors further object to Topic No. 8 to the extent that it seeks information not known or reasonably available to the Debtors. As

explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 8.

9. *Any answers provided by Debtors in response to Claimant's Interrogatories, Requests for Production of Documents and Requests for Admission.*

The Debtors object to Topic No. 9 to the extent it seeks information that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity from discovery. The Debtors object to Topic No. 9 to the extent that it seeks information not known or reasonably available to the Debtors. As explained before, as a result of the Sale and the fact that no servicing employees remain, the Debtors designation of a witness is limited to general knowledge of AHM SV, Inc.'s functions prior to the Sale and the records currently in the Debtors' possession, custody or control. Subject to and without waiving the foregoing objections, and based on the set forth limitations, the Debtors designate Scott Martinez to provide non-privileged testimony relevant to Topic No. 9.

Dated: Wilmington, Delaware  YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 23, 2010

/s/ Erin Edwards

Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors*