IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x    Chapter 11

In re:                                                              :

                                                                    :    Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                              :

HOLDINGS, INC., a Delaware corporation, *et al.*,                  :    Jointly Administered

                                                                    :

                    Debtors.                                        :

------------------------------------------------------------------- x

## NOTICE OF SUBPOENA DIRECTED TO
## KEN COFFEY

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, as made

applicable by Federal Rules of Bankruptcy Procedure 7034, 9014, and 9016, notice is hereby

given that American Home Mortgage Holdings, Inc. and its affiliated debtors and debtors in

possession (the "Debtors"), by and through their undersigned counsel, request that Ken Coffey

produce the documents described in <u>Schedule A</u> of the subpoena attached hereto (the

"Subpoena") by 5:00 p.m. (PT) on October 6, 2010, at the location specified in the Subpoena.

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rules of Civil Procedure

30(b)(1) and 45, as made applicable through Rules 7030, 9014, and 9016 of the Federal Rules of

Bankruptcy Procedure, the Debtors will take the deposition upon oral examination of Ken

Coffey.  The deposition of Mr. Coffey shall commence on October 13, 2010 at 2:00 p.m. (PT) at

the offices of Ahlstrand & Associates / DiscoveryWorks, 205 W Mission Street, Santa Barbara,

CA 93101.*  The deposition will be taken pursuant to all applicable rules of the Court before a

notary public or other such person authorized by law to administer oaths.  The deposition will be

recorded by stenographic means.

---

\* Or at another date, time, and location as mutually agreed upon by the parties.

Dated: Wilmington, Delaware
      September 23, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors*

2

066585.1001

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,

                    Debtors.

**SUBPOENA IN A CIVIL CASE**

Chapter 11

Case No. 07-11047 (CSS) (Bankr. D. Del.)

Jointly Administered

To:  Ken Coffey
     800 11th Street
     Paso Robles, CA 93446
     (800) 747-6075

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ahlstrand & Associates / DiscoveryWorks<br>205 W Mission Street<br>Santa Barbara, CA 93101 | October 13, 2010 at 2:00 p.m. PT* |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents listed on the attached <u>Schedule A</u> at the place, date, and time specified below by electronic medium and transmission, overnight courier, or such other methods as the parties may direct.

| PLACE: | DATE AND TIME |
|---|---|
| Erin Edwards, Esquire<br>Young Conaway Stargatt & Taylor, LLP<br>c/o Ahlstrand & Associates / DiscoveryWorks<br>205 W Mission Street<br>Santa Barbara, CA 93101 | October 6, 2010 by 5:00 p.m. PT |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>               **Counsel to the Debtors** | Date:  September 22, 2010 |

* Or at another date, time, and location as mutually agreed upon by the parties.

                                                       066585.1001

Issuing Officer's Name, Address, and Phone Number

**Erin Edwards, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801 (302) 571-6600**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D below)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____
             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issues and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that –

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule

45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv) subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires;

    (i) disclosing a trade secret or other confidential research, development, or commercial information;

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

    **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information.

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for that discovery.

    **(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.*

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any other copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(i).

## SCHEDULE A

## I. DEFINITIONS

The following definitions and instructions shall apply to the document requests in section III below (the "Requests"):

A.    "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the Requests that which might otherwise be construed or interpreted to be outside the scope of the Requests.

B.    "Communication" or "communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions, or otherwise, was stated, written, recorded, or in any manner transmitted or transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

C.    "Concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing, or constituting.

D.    "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects, or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

E.    "Debtor" or "Debtors" shall mean American Home Mortgage Holdings, Inc., American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc. (n/k/a AHM SV, Inc.) , American Home Mortgage Corp., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp. including any officer, director, agent, representative and/or attorney of or for any or all such entities.

066585.1001

F.    "Document" or "document" means any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication, or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including, but not limited to, working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, electronic mail, charts, notes, records of any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

G.    "Electronically-Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this dispute.  ESI includes, but is not limited to, all electronically stored Documents.  ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external websites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar programs), bulletin board programs (e.g., Linked In, Facebook, and Twitter), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they

reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, personal digital assistants (e.g., Palm Pilots), handheld wireless devices (e.g., BlackBerrys), or similar devices, internal or external email management software and consoles (e.g. Postini, Smarsh or similar email management solutions) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

H.     The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

I.     "Person" shall mean any natural person or any business, legal, or governmental entity, organization, or association.

J.     "Professionals" shall mean attorneys, accountants, consultants, advisors, agents, or other representatives retained or used by You.

K.     "Property" shall mean the property located at 1880 Burnt Rock Way, Templeton, CA 93465.

L.     "Refer," "reflect," and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

M.     The terms "regarding" and "with regard to" shall mean referring to, or having any relationship with whatsoever, or concerning or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any Request for Production.

N.    "You" or "Your" shall refer to Ken Coffey and, together with any entities controlled by or under common control with such individual, his agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

## II. INSTRUCTIONS

A.  The preceding definitions apply to these instructions and each of the Requests.

B.  In responding to these Requests, you shall produce separately all Documents, including reasonably accessible ESI, in your possession, custody or control, or in the possession, custody or control of your agents and representatives.

C.  The Requests are continuing in character so as to require the filing of supplemental answers and responses if further information, Documents, or other materials are obtained.

D.  Where Documents are requested, such Request includes Documents in possession or control of Your agents, representatives, accountants, advisors, including any Document You have a right by contract, statute, or otherwise to use, inspect, examine, or copy, and unless privileged, any Document Your attorneys have a right by contract, statute, or otherwise to use, inspect, examine, or copy.

E.  If no Documents responsive to a Request exist, you should so state in response to the Request.

F.  If a Request, or any part thereof, asks for information which could have, at one time, been supplied by consulting documents which are no longer in existence because they were destroyed, then in answer to such Request or part thereof, for each such Document:

    i.     identify the Document;

    ii.    state the time period during which it was maintained;

    iii.   state the circumstance under which it ceased to exist, and the date thereof;

    iv.   identify each person having knowledge of the circumstances described in response to subsection (iii) above; and

v.  identify each person who has possession, custody or control of the Document, or to whom it was available or who had knowledge of the Document and/or the contents thereof.

G.  If the answer to a Request is based upon information and belief, set forth the sources of the information and the grounds of the belief.

H.  In the event You are able to produce only some of the writings called for in a particular Request, please produce all writings You are able to produce.

I.  To the extent that any of the following Requests calls for what You believe to be information subject to a claim of privilege, answer so much of each Request and each part thereof as does not request, in Your view, privileged information and with respect to each document or communication or portion thereof that the respondent does not produce or divulge based upon a claim of privilege, or for any other reason, prepare a privilege log which states the following: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name, and address of each person or entity to whom the document was directed or addressed; (d) the name and address of each person or entity to whom a copy of the document was directed or sent; (e) the name and address of each person or entity who has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description of the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy thereof, was received by each person or entity having possession of the document or a copy thereof; and (m) the reason the document or communication was not produced.

J.    Whenever a Request is framed in the conjunctive, it shall also be taken in the disjunctive and vice-versa.  Whenever a Request is framed in the singular, it shall also be taken in the plural, and vice-versa.  The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

K.    Documents attached to each other should not be separated.  Documents that are located in files, folders, binders and the like must be produced in a manner that enables the Debtors to determine which particular pages were contained in a given file, folder or binder.  The labels of any files, folders or binders that contain responsive Documents must also be copied.

L.    All electronic documents should be produced as TIFFs with load files including all standard metadata information associated with the document (including searchable text when available) or in PDF-searchable format, except that the Debtors request that electronic documents be produced in a native format where the native format includes relevant information not available with a TIFF or PDF file or where a TIFF or PDF file is relatively cumbersome to view.  For example, Excel spreadsheets often contain important information, such as formulas, that are unviewable in a TIFF format.  As another example, relevant audio, video, or executable files would not be viewable in TIFF format.

M.    For each TIFF file provided the following instructions shall apply:

    i.    TIFFs.  Single-page Group IV TIFFs should be provided, at least 300 dpi. Include a Concordance image load file for Opticon.

    ii.    Text Files.  For each document, a text file should be provided along with the TIFF.  The text of native files should be extracted directly from the native file.

    iii.    Unique IDs.  Each image should have a unique file name - bates number.

    iv.    Metadata Fields.  The following metadata should be provided if they exist:

        1.    Begin Bates, End Bates

2.    Begin Attachment, End Attachment  (Used to determine Parent-child relationships (the association between an attachment and its parent document))

3.    Date Sent, Date Created, Date Modified (maintained in GMT)

4.    Document type (i.e. Email, Word, Excel) and Page Count

5.    Author, To, From, Copy, BCC

6.    Custodian or source of documents

N.    If there are tapes or voice recordings that are responsive to any Request, then You must produce the tape itself (or an accurate copy thereof) and any existing transcriptions thereof. Production of a transcription alone will not be considered sufficient.

O.    If You object to any part of any specific Request, You shall state fully the nature of the objection.  Notwithstanding any objections, You must comply fully with the other parts of the Request not objected to.

P.    Unless otherwise indicated by the language of a particular Request, each Request refers to and includes the time period from January 1, 2005 through September 21, 2010.

### III. DOCUMENT REQUESTS

1.      All Communications related to and/or concerning the Property.

2.      All Communications to, from, and/or concerning Deborah Mills or any agent of Deborah Mills.

3.      All Communications to, from, and/or concerning Anthony Esquivel or any agent of Anthony Esquivel.

4.      All Communications to, from, and/or concerning the Debtors.

5.      All Communications to, from, and/or concerning American Home Mortgage Servicing, Inc.

6.      All Documents related to any offers to purchase the Property, including, but not limited to, any evidence supporting the financial ability to pay the suggested purchase price.