IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
                                                    : Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al,[1]    : (Jointly Administered)
                                                    :
                          Debtors.                  :
                                                    : Ref. Docket No. 9053
------------------------------------------------------------x

**ORDER REGARDING THE OFFICIAL BORROWERS COMMITTEE'S AND CERTAIN INDIVIDUAL BORROWERS' MOTION TO ALLOW BORROWERS TO PURSUE DISCOVERY IN FURTHERANCE OF CLAIMS AND DEFENSES AGAINST NON-DEBTOR THIRD PARTIES AND, IF NECESSARY, FOR RELIEF FROM THE AUTOMATIC STAY, AND REQUEST FOR INSPECTION OF DEBTORS' DOCUMENTS AND EXAMINATIONS CONCERNING DEBTORS' RECORDS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Upon consideration of the *Official Borrowers Committee's and Certain Individual Borrowers' Motion to Allow Borrowers to Pursue Discovery in Furtherance of Claims and Defenses Against Non-Debtor Third Parties and, If Necessary, for Relief from the Automatic Stay, and Request for Inspection of Debtors' Documents and Examinations Concerning Debtors' Records Pursuant to Federal Rule of Bankruptcy Procedure 2004* [D.I. 9053] (the "Motion") and the related objections [D.I. 9094, 9099]; and the Official Borrowers Committee (the "Borrowers Committee"),[2] the Individual Movants,[3] the Official Committee of Unsecured Borrowers and the Debtors having agreed to the terms of this Order; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; IT IS HEREBY ORDERED THAT

---

[1]   The Debtors are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp. ("AHM Corp."); American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[2]   By Order dated August 16, 2010 [D.I. 9147], the Borrowers Committee has been disbanded.

[3]   The Individual Movants are (1) Penny Montague; (2) Gracie Graves; (3) Marjorie Crawford; (4) Annie Gordon; (5) Linda and Johnny Culpepper; and (6) Florence Dandridge. Of these Individual Movants, Ms. Montague, Ms. Graves and Ms. Dandridge are members of the Borrowers Committee.

1. The automatic stay pursuant to section 362 of title 11 of the United States Code, and the injunctions and extension of the automatic stay provided in Article 12 of the Plan and any corresponding provisions of the *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* [D.I. 7042] (the "Confirmation Order") shall be deemed modified to the extent necessary to permit the borrower(s) under any mortgage loan originated or serviced by one or more of the Debtors to compel party discovery from the Debtors and/or the Plan Trust in litigation where the Debtors are named as a nominal defendant; provided, however, that, except as otherwise expressly stated, nothing herein shall be construed to require the Debtors or the Plan Trust, as applicable, to respond to any such request for discovery or to prevent the Debtors or the Plan Trust, as applicable, from opposing any request for discovery on any grounds available under applicable law, to the extent such opposition is consistent with any further Orders of this Court issued in connection with privilege and confidentiality disputes under paragraphs 5 and 6 of this Order.

2. The automatic stay pursuant to section 362 of title 11 of the United States Code, and the injunctions and extension of the automatic stay provided in Article 12 of the Plan and any corresponding provisions of the Confirmation Order shall be deemed modified to the extent necessary to permit the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to compel third-party discovery (i.e, non-party discovery) from the Debtors and/or the Plan Trust in litigation with a non-Debtor party, provided however, that, except as otherwise expressly stated, nothing in Article 17 of the Plan, the Confirmation Order or herein shall be construed to require the Debtors or the Plan Trust, as applicable, to respond to any such request for discovery or prevent the Debtors or the Plan Trust, as applicable, from opposing any request for discovery on any grounds available under applicable law, to the extent such

opposition is consistent with any further Orders of this Court issued in connection with privilege and confidentiality disputes under paragraphs 5 and 6 of this Order.

    3.    The Debtors shall provide Individual Movants' counsel access to the Debtors' facilities for inspection of the Debtors' hard copy files, subject to the following conditions:

    a.    Inspection and scanning of documents shall be at Individual Movants' sole expense. Such expenses may include the engagement of reasonable security services, not to exceed one security guard, from a mutually agreed-upon provider of such services, and costs of a low-level employee to coordinate access to the documents and monitor the inspection; provided, however, that such costs for the low-level employee shall not exceed $10/hour.

    b.    Individual Movants shall not be responsible for any attorneys' fees incurred by the Debtors in connection with the review and production of documents pursuant to this Order.

    c.    Materials are located in basement of the Debtors' former facility, and the Debtors will not be required to relocate the documents or change the conditions of the current facility. However, the Debtors will ensure that there is space available for the Individual Movants to set up tables, chairs, lights and scanning equipment, on a temporary basis and at the expense of Individual Movants, for the purpose of conducting their review.

    4.    The Debtors shall provide Individual Movants' counsel access to the Debtors' electronically stored information as follows:

        a.    With respect to electronic mail possessed by AHM, the Individual Movants shall be permitted to designate current or former AHM employees for whom the Individual Movants shall be allowed to review their electronic mail, at their expense, for the years 2003 through 2007, inclusive. Costs to retrieve such electronically stored documents shall be borne by the Individual Movants. Individual Movants shall electronically designate a subset of reviewed emails as relevant to Borrower litigation, and the Debtors shall preserve such emails until further order of the Court.

        b.    Individual Movants shall, at their expense, be permitted to review other electronically stored information created during the years 2003 through 2007. Costs to retrieve such electronically stored documents shall be borne by the Individual Movants.

    5.    Until further order of the Court, the Debtors shall preserve and maintain in electronic form all materials designated for preservation by the Individual Movants and shall provide such materials to other borrowers, upon the request of other borrowers or their counsel, for use in borrower's litigation, anticipated litigation, and in efforts to prevent foreclosure, subject to the restrictions set forth herein. Notice of any motion that may alter the Debtors' obligations under this paragraph shall be provided to the Individual Movants, to any borrower who obtains documents pursuant to this Order and to any borrower who filed a proof of claim in these chapter 11 cases.

    6.    The restrictions, confidentiality and preservation of privileges set forth below shall be applicable to both hard copy and electronically-stored documents:

a. Documents obtained pursuant to this Order shall be used only for borrower's litigation, anticipated litigation, and borrowers' efforts to prevent foreclosure.

b. Borrowers and their counsel shall not use documents obtained under this Order to solicit additional plaintiffs in litigation; provided, however, that this provision shall not be construed in a manner that would cause an attorney to violate an ethical rule or obligation.

c. Use of documents produced under this Order shall be subject to reasonable confidentiality restrictions. The Debtors shall not make any blanket designations of confidentiality. Rather, documents may be designated as confidential only to the extent necessary to satisfy the Debtors' obligations under existing confidentiality agreements or satisfy the Debtors' obligations under any consumer protection or privacy laws. Any confidentiality designation by the Debtors shall apply to all borrowers or to no borrowers, except that an individual borrower may have unrestricted use of confidential information that has been designated as confidential due to its containing private information about that borrower.

d. Borrowers shall provide the Debtors with copies of any documents removed and provide a reasonable opportunity for the Debtors to review and claw back privileged material.

e. Any materials identified by the Debtors as privileged must be returned to the Debtors.

    f.  The Debtors will provide a privilege log of such materials, and the borrower can seek to compel, if necessary, the turnover of such privileged materials.

  7.  The Debtors will produce to Individual Movants copies of any existing indices to the Debtors' documents, including hard copy and electronic documents.

  8.  The Debtors will produce an appropriate current AHM employee, or, if necessary, more than one employee, for an interview to be conducted by counsel to the Individual Movants regarding the content, format and location of the Debtors' documents to the best of the employee's knowledge, including hard copy and electronic documents.

  9.  The Debtors will make reasonable efforts to produce an appropriate current AHM employee, or, if necessary, more than one employee, to provide deposition testimony authenticating documents scanned, produced, and designated pursuant to this Order, including hard copy and electronic documents; provided, however, that the Debtors make no representations or guarantees that there is, or will be, any current employee who can authenticate the documents designated beyond testimony as to the current location and storage of the Debtors' documents. Borrowers may cross-notice the depositions pursuant to this paragraph for use in their individual litigation.

  10.  This Court shall retain jurisdiction over any dispute relating to this Order, including privilege and confidentiality disputes.

Date: 9/23/10

Christopher S. Sontchi
United States Bankruptcy Judge