IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| | ) |
| IN RE: | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE | ) Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) |
| Corporation, et al., | ) Courtroom 6 |
| | ) 824 Market Street |
| _____Debtors._____ | ) Wilmington, Delaware |

September 23, 2010
11:38 a.m.


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


| | |
|---|---|
| For Debtors: | Young Conaway Stargatt & Taylor |
| | BY:  MARGARET W. GREECHER, ESQ. |
| | BY:  MICHAEL NEIBURG, ESQ. |
| | BY:  SHARON ZIEG, ESQ. |
| | The Brandywine Building |
| | 1000 West Street |
| | 17th Floor |
| | Wilmington, DE 19801 |
| | (302) 571-6600 |




| | |
|---|---|
| ECRO: | LESLIE MURIN |
| | |
| Transcription Service: | DIAZ DATA SERVICES |
| | 331 Schuylkill Street |
| | Harrisburg, Pennsylvania 17110 |
| | (717) 233-6664 |


Proceedings recorded by electronic sound recording; transcript
produced by transcription service

APPEARANCES:
(Continued)

For Park National:                  Womble Carlyle Sandridge & Rice
                                    BY:  MICHAEL BUSENKELL, ESQ.
                                    222 Delaware Avenue
                                    Wilmington, DE 19801
                                    (302) 252-4320


                                    Aronauer Re & Yudell, LLP
                                    BY:  KENNETH YUDELL, ESQ.
                                    444 Madison Avenue
                                    17th Floor
                                    New York, NY 10022
                                    (212) 755-6000

For the Official Committee          Blank Rome LLP
of Unsecured Creditors:             BY:  VICTORIA GUILFOYLE, ESQ.
                                    1201 Market Street
                                    Suite 800
                                    Wilmington, DE 19801
                                    (302) 425-6400

For The Agent:                      Potter Anderson & Corroon LLP
                                    BY:  R. STEPHEN MCNEILL, ESQ.
                                    1313 North Market Street
                                    P.O. Box 951
                                    Wilmington, DE 19899-0951
                                    (302) 984-6000

For American Home:                  Quinn Emanuel
                                    BY:  JAMES C. TECCE, ESQ.
                                    51 Madison Avenue, 22nd Floor
                                    New York, NY 10010
                                    (212) 849-7000

For U.S. Bank:                      Dorsey & Whitney LLP
                                    BY:  ROBERT W. MALLARD, ESQ.
                                    300 Delaware Avenue
                                    Suite 1010
                                    Wilmington, DE 19801
                                    (302) 425-7171


TELEPHONIC APPEARANCES:

For Florence Dandridge:             Legal Services New York City
                                    BY:  MARGARET BECKER, ESQ.
                                    (734) 665-0803

For Penny Montague                  Oregon Law Center
                                    BY:  HOPE DEL CARLO, ESQ.
                                    (503) 473-8319

TELEPHONIC APPEARANCES:
(Continued)

For Official Committee of          Hahn & Hessen
Unsecured Creditors:               BY:  MARK INDELICATO, ESQ.
                                   (212) 478-7320

For John F. Tenold:                John F. Tenold, In Propria
                                   (509) 623-1623

For American Home Mortgage:        BY:  EILEEN WANERKA
                                   (631) 622-2414

For Debtor:                        Gilbert LLP
                                   BY:  STEPHEN WEISBROD, ESQ.
                                   BY:  HUNTER WINSTEAD, ESQ.
                                   (202) 722-2405

1   WILMINGTON, DELAWARE, THURSDAY, SEPTEMBER 23, 2010, 11:38 A.M.

2              THE CLERK:  All rise.

3              THE COURT:  Please be seated.  Good morning.

4              MS. GREECHER:  Good morning, Your Honor.  Margaret

5   Whiteman Greecher from Young Conaway on behalf of the debtors.

6              Your Honor, we have several matters this morning

7   that we want to run through.  Many of the matters, in fact the

8   first 20, have been adjourned or are resolved.  So we would

9   start with Matter 21.

10             THE COURT:  All right.

11             MS. GREECHER:  And, Your Honor, these matters were

12  filed under certification of counsel or CNO, but it's my

13  understanding that you hadn't had an opportunity to review

14  them, so we're going to --

15             THE COURT:  Yeah, please, I'm sorry.

16             MS. GREECHER:  Oh, that's --

17             THE COURT:  They got left somewhere.

18             MS. GREECHER:  That's okay.  The first matter is the

19  Official Borrower's Committee and certain individual borrower's

20  motion to allow the borrower's to pursue discovery in

21  furtherance of their claims and defenses in connection with

22  essentially third-party litigation, but they are litigation

23  where the debtors may have been named as a nominal party in

24  connection with the confirmation order.  The debtors and the

25  committee filed an objection to this motion and at the last

1   hearing had advised the Court that we had a settlement in

2   principal.  The parties have worked together and have agreed

3   upon a form of order that has been agreed upon by all parties

4   and would ask that the -- that you enter the order.  If you'd

5   like me to walk through the order, I'm happy to do so.

6            THE COURT:  No, that's okay.  Does anyone wish to be

7   heard on this matter?  All right.  I've signed the order.

8            MS. GREECHER:  May I approach?

9            THE COURT:  I have them here.

10           MS. GREECHER:  Okay.

11           THE COURT:  I just -- unless there have been further

12   changes.

13           MS. GREECHER:  There are not.

14           THE COURT:  Okay.

15           MS. GREECHER:  And if it's all right with Your

16   Honor, I would like to move a few items around just so that

17   some of the attorneys are not transferring up and down, for you

18   -- but if it would be easier to walk through the CNO binder,

19   that's fine as well.

20           THE COURT:  Let's -- yeah, let's just go through the

21   binder, please.

22           MS. GREECHER:  Okay.  The next matter is Matter

23   Number 22; it's the Official Committee's eleventh omnibus

24   motion for an order approving settlements with certain

25   preference defendants.  I believe the committee is handling

1   this matter.

2              THE COURT:  Thank you.

3              MS. GUILFOYLE:  Good morning, Your Honor, Tori

4   Guilfoyle on behalf of the committee.  We filed the eleventh

5   omnibus motion to settle certain preference proceedings for

6   nine adversary proceedings.  Wasn't sure if Your Honor has any

7   questions about that motion?

8              THE COURT:  Well, give me a little more information.

9              MS. GUILFOYLE:  Sure.

10             THE COURT:  I haven't read it because I just found

11  it.  Fill me in a little bit.

12             MS. GUILFOYLE:  Okay.  We filed a motion to settle

13  nine adversary proceedings, there's a list of it on Page 6, the

14  certain preference proceedings that would be settled pursuant

15  to this motion.

16             THE COURT:  Okay.  All right.  How'd they get --

17  they -- now how do the claims get paid?

18             MS. GUILFOYLE:  The claims have not been paid yet,

19  so --

20             THE COURT:  Yeah, but how do --

21             MS. GUILFOYLE:  -- some of the claims amounts have

22  been received, but not all of them yet, I believe.

23             THE COURT:  Okay.  They go straight to the estate?

24             MS. GUILFOYLE:  Yes.

25             THE COURT:  Okay.  All right.  Anyone wish to be

1  heard?  I'll sign the order.

2          MS. GUILFOYLE:  Thank you, Your Honor.

3          MS. GREECHER:  Your Honor, the next matter is Matter

4  Number 23, it's the debtor's sixty-second omnibus objection and

5  Mr. Neiburg from our office will be handling that.

6          THE COURT:  All right.  It's a non-substantive

7  objection?

8          MR. NEIBURG:  Good morning, Your Honor.  With

9  respect to the sixty-second omnibus objection, Your Honor, I

10  believe we did get one response and in speaking with the party,

11  it was Ritz Carlton, it was an insufficient documentation

12  claims objection and they did, in their response, attach

13  additional documentation.  We have adjourned to look at the

14  documentation they have attached and I have a revised form of

15  order which reflects the adjournment and the exhibit itself is

16  revised to remove Ritz Carlton --

17          THE COURT:  Okay.  Please approach

18          MR. NEIBURG:  -- from the exhibit.  Thank you, Your

19  Honor.

20          THE COURT:  Thank you.  All right, I'll sign the

21  order.

22          MR. NEIBURG:  Thank you.  The next item, Your Honor,

23  is I believe Item Number 24, which is the debtor's sixty-third

24  omnibus objection to claims, Your Honor.  That is substantive.

25  And Your Honor, in response to this claim objection we received

1   two responses, one informal and one formal.  The informal

2   response was from the City of New York Department of Finance.

3   I reached out to the representatives and we have agreed to

4   adjourn and we'll look into the matter.

5          The next, Your Honor, was actually a formal response

6   filed by Quick Mortgage Services, LLC.  Prior to the agenda

7   being filed, Your Honor, I attempted to contact the

8   representative, was not successful, but just to be safe I

9   listed it as adjourned, but I understand Mr. John Tenold is on

10  the line.  I think he's the managing member of that entity.

11         MR. TENOLD:  Yes, that's correct.

12         MR. NEIBURG:  And I have spoken with a

13  representative from AHM and I think we're going to withdraw --

14  or at least we're going to allow the claim amount, but if you

15  look at the proof of claim, Your Honor, a debtor entity was not

16  actually named.  In speaking with Ms. Wanerka, who's on the

17  phone and available from the debtors, Your Honor, we believe

18  the claim should be allowed against Debtor American Home

19  Mortgage, Corp. Case 11051.  So I guess my plan would be to

20  submit an order under certification of counsel, I guess just

21  reassigning the claim to the debtor, but allowing it in full.

22         THE COURT:  Well, is that okay with the claimant?

23         MR. TENOLD:  This is John Tenold, Your Honor.  As I

24  understand it, did counsel just say they're going to allow the

25  claim in full?

1        THE COURT:  They're going to allow the claim in full

2  against the American Home Corp. Debtor.

3        MR. TENOLD:  Well --

4        THE COURT:  That makes a difference, sir.

5        MR. TENOLD:  Okay.  May I ask the Court what the

6  difference is, because the --

7        THE COURT:  Well, various debtor --

8        MR. TENOLD:  The business I actually dealt with was

9  ABC -- I mean, American Brokers Conduit, which I think is under

10  American Home.

11        THE COURT:  Well, I can't --

12        MR. NEIBURG:  Your --

13        THE COURT:  Go ahead.

14        MR. NEIBURG:  Your Honor, may I suggest I can

15  contact Mr. Tenold, we can work out the details, and after the

16  details are worked out the order filed under cert will reflect

17  the parties' agreement?

18        THE COURT:  That's fine.  If you can agree, that's

19  fine.  Not every claim gets -- the cases were not consolidated

20  in a way that the payouts for each debtor are the same, so

21  that's why it matters.  I don't know --

22        MR. TENOLD:  John Tenold.  I'd appreciate very much

23  then if counsel would contact me and I'll go over it with him.

24        THE COURT:  Very good.

25        MR. NEIBURG:  And, Your Honor, for the record, I

1 think Ms. Wanerka can confirm the entity he named is actually

2 DBA American Home Mortgage Corp.

3          THE COURT:  All right.  Well, you all talk and --

4          MR. NEIBURG:  Okay.

5          THE COURT:  -- that's fine if everybody agrees

6 that's great.  Otherwise, you know, I'll have to decide at a

7 later date, I suppose.

8          MR. NEIBURG:  No problem, Your Honor.  And the

9 revised order I have with respect to the sixty-third reflects

10 the adjournment with respect to Quick Mortgage Services and so

11 does the exhibit.  I don't know if Your Honor had any further

12 questions about other claims addressed by the sixty-third?

13          THE COURT:  Please approach.  Do I have a memo on

14 that?

15      (Court and Clerk confer)

16          THE COURT:  All right.  I'll sign the order.

17          MR. NEIBURG:  Thank you, Your Honor.  At this time,

18 I believe Agenda Item Number 25 will be handled by Ms. Greecher

19 on behalf of the debtors, Your Honor.  If I may cede the

20 podium?

21          THE COURT:  Yes.

22          MS. GREECHER:  Your Honor, Margaret Whiteman

23 Greecher again on behalf of the debtors.  Matter Number 25 is

24 the debtors' motion -- 9019 motion for an order approving the

25 stipulation resolving all claims of Mr. Edward Dabrieo.  Mr.

1  Dabrieo was a potential borrower with respect to a construction

2  loan of the debtors and --

3            THE COURT:  Hang on.

4            MS. GREECHER:  Sure.

5       (Pause in proceedings)

6            THE COURT:  That was Item 25?

7            MS. GREECHER:  That's correct.

8            THE COURT:  Okay.  Now we're on.  All right.  Sorry,

9  start over.

10            MS. GREECHER:  Sure.  Mr. Dabrieo was -- filed two

11  claims, Your Honor, Claim Number 9862 and Claim Number 10194.

12  Both claims were in the amount of $6,407.20 for an alleged

13  failure to fund on a construction loan following the debtors'

14  bankruptcy.  The debtors reviewed the claims and believe that a

15  claim is valid, however it's with respect to one debtor; both

16  claims provided an unasserted debtor.  We worked with Mr.

17  Dabrieo, determined the correct debtor, which was American Home

18  Mortgage Acceptance, have allow -- agreed to allow the

19  subsequent claim, Number 10194, and have agreed to expunge the

20  original claim as amended and superseded.

21            THE COURT:  Okay.  Anyone wish to be heard?  All

22  right.  Do you have an order?

23            MS. GREECHER:  I do have an order.

24            THE COURT:  Please approach.  Thank you.  I'll sign

25  it.

1    MS. GREECHER:  Your Honor, the second-to-last motion

2  will be handled by Mr. Tecce of Quinn Emanuel.  If I may --

3    THE COURT:  All right.  Mr. Tecce?

4    MR. TECCE:  Good morning, Your Honor.  For the

5  record, James Tecce of Quinn Emanuel on behalf of American

6  Home.  Your Honor, this is a very straightforward motion.  The

7  Court may recall US Bank initiated an interpleader action in

8  this Court because there were competing interests or competing

9  claims to a payment relating to a trust certificate from an

10  American Home Mortgage trust.  And at the time that it

11  initiated the interpleader action, the same action had been

12  initiated by Wells Fargo, which was the certificate registrar,

13  or securities administrator with respect to another American

14  Home trust.

15    The issue in the interpleader action was that

16  American Home Mortgage was the certificate holder of record as

17  of the record date for the month of the payment, but Bear

18  Stearns had been pledged the certificate under a repurchase

19  agreement and claimed that it was entitled to that particular

20  month income payment.

21    THE COURT:  Right.

22    MR. TECCE:  And if Your Honor will remember, in the

23  Wells Fargo case we actually had summary judgment motions on

24  this issue; Your Honor issued a decision in October of 2008,

25  really in favor of American Home.  And the parties,

1    specifically American Home and Bear Stearns, decided that given

2    the similarity of the relief requested in both the US Bank and

3    the Wells Fargo proceeding, the documents were the same, the

4    issue was the same, that the outcome of the Wells Fargo

5    proceeding would dictate the outcome of the US Bank proceeding.

6             And so the US Bank proceeding was essentially stayed

7    by a stipulation of the parties and and Bear Stearns and

8    American Home proceeded through the appellate courts, through

9    the United States District Court for the District of Delaware,

10   and then through the United States Court of Appeals for the

11   Third Circuit, where the Court's decision was affirmed twice,

12   and in July of 2010 by the Third Circuit.  So there's no longer

13   a competing claim to the money, but we would like to get paid.

14   So we have entered -- we would like US Bank to release the

15   money, the $1.372 million that is the principal and interest

16   for August.  US Bank said it would do so, but it wanted an

17   order of the Court authorizing that release.

18            And there were disputes between us and US Bank

19   specifically about attorney's fees, entitlement to attorney's

20   fees on both sides, American Home Mortgage, it was entitled to

21   some of its attorney's fees and additional interest.  US Bank

22   argued it was entitled to attorney's fees and the parties have

23   resolved those disputes in the form of a stipulation and

24   consent order and that stipulation will provide that number

25   one, US Bank will release the money that it has been holding in

1   escrow, which is approximately $1,372,000.  It will deduct

2   $35,000 from that amount for -- in partial payment of its

3   attorney's fees.  American Home and US Bank will release each

4   other with respect to this complaint.  US Bank and Bear Stearns

5   will release each other with respect to this complaint.  There

6   is no release between American Home and Bear Stearns.  And if

7   the order is approved, then US Bank will release the money

8   within five days of Your Honor signing the stipulation and

9   consent order.

10          We respectfully request that the Court approve that

11  settlement and let us get the money.

12          THE COURT:  Okay.

13          MR. TECCE:  And for the record, Your Honor, the

14  motion was filed in the adversary proceeding and in the main

15  Chapter 11 case as well and there are no objections to the

16  motion.

17          THE COURT:  Do you have a fresh form of order?

18          MR. TECCE:  I do, Your Honor.

19          THE COURT:  Please approach.

20          MR. TECCE:  If I may approach?

21          THE COURT:  Yes.  I only get notice when they

22  reverse.

23          MR. TECCE:  No, there is an opinion on file by the -

24  - I don't know that it was for publication, but there is --

25          THE COURT:  All right.  No, I appreciate that.

1  Thank you.

2              MR. TECCE:  Sure.

3              THE COURT:  All right.  I've signed the order.

4              MR. TECCE:  Thank you very much.  Your Honor, that

5  is the only matter that I'm scheduled to appear on, if I may be

6  excused?

7              THE COURT:  Yes, of course.  Thank you.

8              MR. TECCE:  Thank you very much.

9              THE COURT:  All right.

10             MS. ZIEG:  I guess I should say good afternoon, Your

11 Honor.  Sharon Zieg of Young Conaway Stargatt and Taylor on

12 behalf of the debtors.  I'm going to be addressing Agenda Item

13 Number 27, the debtors' motion to exclude expert testimony and

14 reports of Steven S. Albert.

15             THE COURT:  And unlike the other documents which I

16 couldn't find, I have reviewed all of the pleadings in

17 connection with this matter.

18             MS. ZIEG:  Thank you, Your Honor.  By way of general

19 background, Your Honor, while I was unable to attend the status

20 conference on Friday, I have been informed by Mr. Lunn some of

21 the Court's inquiries at that status conference and I thought I

22 would begin by addressing that because I assumed that that

23 would be a major concern for the Court today, which is the

24 simple question of well, now you have the documents, what's the

25 prejudice?

1          Your Honor, it's not that simple.  I wish it was and

2    honestly, when we first received the documents before reviewing

3    them, one of our issues was well, is there any prejudice here

4    if we can simply get an adjournment, and the answer to that

5    question is unfortunately yes, there's still prejudice if this

6    testimony is included and the only relief provided to the

7    debtors is an adjournment of the trial.  Setting aside for a

8    moment, Your Honor, the issue that the debtors believe that

9    standing here today, Park National Bank or US Bank has still

10   not complied with Rule 26, we'll set that aside for a moment

11   because based on Park National's opposition, I'm assuming that

12   they believe at this point all documents required under Rule 26

13   have produced.

14         Your Honor will note that under the scheduling

15   order, expert reports were due on August 12th.  While we were

16   served that report first class mail and received it on August

17   18th, the debtors made no complaints about receiving the report

18   on the 18th.  Upon review of the report, we sought for Park

19   National Bank to produce the rest of the report, which is all

20   the documents referenced in the report itself and the list of

21   testimony of the expert, the compensation provided to the

22   expert, all things that are required under Rule 26 for an

23   expert report.  An expert report is not simply a conclusion of

24   the expert's findings.  It's a report that includes all of the

25   components of the six elements set forth in Rule 26.

1          So on -- August 12th was the deadline to produce the

2  expert reports.  Subsequent to receiving that report, we

3  continually asked and repeatedly asked Park National Bank for

4  those backup materials.  The witness deposition deadline was

5  August 16th.  The rebuttal report expert deadline was August

6  26th and the expert depo deadline was September -- I'm sorry,

7  September 8th.  On September 8th, after repeatedly requesting

8  the documents that we're entitled to for a report to be

9  complete under Rule 26 and representation from Park National's

10  counsel that all documents have been produced, we filed a

11  motion to exclude the expert testimony because we knew that all

12  documents had not yet been produced.

13          On the 15th of September, the same day that the

14  opposition to the motion to exclude was due, we received for

15  the first time a copy of the appraisals file.  In between the

16  filing of the motion and the 15th of September we received no

17  correspondence, no contact from Park National Bank saying that

18  there was a delay.  According to them, the expert report and

19  all the documents were final, yet upon reviewing the opposition

20  to the motion to exclude, for the first time Park National Bank

21  represents that there was a delay in obtaining those documents,

22  but it was a representation that was never made to us, and in

23  our opinion simply gamesmanship in this case.

24          What is exactly that we're seeking right now, Your

25  Honor?  We're seeking to exclude the expert testimony, plain

1 and simple.  Alternatively, we have alternative relief that we

2 believe could cure the prejudice to the debtors, but

3 unfortunately we believe that that particular release -- or

4 that particular relief is more burdensome for all the parties

5 and the Court, to be quite frank.

6 　　　　　We would need an adjournment of the hearing for a

7 sufficient period of time so that we can depose the expert,

8 review the expert report, prepare a rebuttal report.  We would

9 need to depose Mr. Albert and Mr. Roe.  Mr. Roe is the expert

10 who actually -- or the appraiser who actually prepared the

11 report.  We would need supplemental depositions of Mr. Body

12 (phonetic) and Mr. Binger (phonetic), based on the documents

13 that were provided to us with the expert backup, or the

14 appraisals filed, there was correspondence with both of those

15 parties that were not previously produced.  There are fees and

16 costs associated with bringing this motion and taking the

17 supplemental depositions and there's the extension of time for

18 the debtors to file a motion in limine with respect to the

19 expert, and we would need an order directing Park National Bank

20 to produce all documents exchanged with Allstate Appraisal,

21 because to this date we do not believe that those documents

22 have been provided.

23 　　　　　And to cite the fact on repeated occasions, Park

24 National's counsel representing to us that their production is

25 complete and everything is there every time we obtain documents

1  from a third-party there's correspondence in those documents

2  with Park National Bank.

3          So the issue for us is why must the expert testimony

4  be excluded to avoid prejudice?  Because simply, Your Honor,

5  that's the only remedy that's available to the debtors at this

6  point in time.  This is not an issue where this is the first

7  time something like this has happened in this case.  There's

8  been a pattern of behavior by Park National Bank to abuse the

9  discovery process.  This is simply gamesmanship and it's

10 gamesmanship that shouldn't be tolerated by this Court.

11         Under the Third Circuit factors there are

12 essentially four factors that the Third Circuit would look at

13 when deciding whether under Rule 37 to exclude testimony under

14 -- I'm sorry, to exclude testimony.  And first and foremost,

15 Rule 37 explicitly states that exclusion of testimony is an

16 appropriate sanction when a party fails to meet the

17 requirements of Rule 26.

18         And the four prong test that the Third Circuit has

19 incorporated is that, is there prejudice, is there an ability

20 to cure, would the waiver of the Rule disrupt the trial, and

21 was there bad faith or willfulness of the part of the party who

22 violated the Rule?  I think it's clear that there would be

23 prejudice to Park National Bank -- I'm sorry, clear that there

24 would be prejudice to American Home Mortgage if this testimony

25 was not excluded or the seven relief factors I just mentioned

1    weren't provided to the debtors.  It's not simply adjournment

2    of the hearing and give them the opportunity.

3              As far as the ability to cure, I believe that the

4    ability to cure does exist, but it would have to be those seven

5    forms of relief that the debtors are seeking.  And

6    unfortunately based on what's happened to date, for all we know

7    we'll be before you again, because in the process of doing that

8    discovery we'll find something else that was previously

9    withheld from us that will be prejudicial to the debtors to not

10   have the ability to further investigate.

11             I think it's clear that the trial will be disrupted.

12   It's been over a year that this matter has been pending and

13   unfortunately we now know that we're not going to be going

14   forward next week.

15             And in terms of bad faith, I think it's important to

16   understand the bad faith and the willfulness that Park National

17   inflicted on the debtors in prejudicing the debtors with

18   respect to the expert report.  We asked on repeated occasions

19   for the backup documents and we were told there were no such

20   documents, depose our witness.  So we filed the motion knowing

21   that on the plain language in the report there were backup

22   documents.

23             So we had to seek intervention of this Court to

24   obtain those documents.  We file the motion to exclude and lo

25   and behold, all of a sudden, 700 documents show up on -- at our

1   office a week after the motion is filed.

2           THE COURT:  All right.  Can you point me to where

3   they told you -- is there anything in writing where they told

4   you that you already have everything?

5           MS. ZIEG:  Yes.

6           THE COURT:  It's one of the emails, I assume, but --

7           MS. ZIEG:  Yes, Your Honor.  It's an exhibit to the

8   motion.

9           THE COURT:  Right.  Exhibit C, I guess?

10          MS. ZIEG:  Exhibit C, there's several emails.  It's

11  the first email on Exhibit C, "Sharon, Park National Bank's" --

12  I'm sorry --

13              "PNB's document production is complete.  They have

14              produced all responsive documents.  PNB has searched

15              beyond Mr. Body and has produced documents from

16              several sources in the company.  Should you believe

17              there are missing documents, please identify them.

18              I have them to do -- I will have them do a search to

19              locate or confirm that they are unable to locate the

20              requested documents.  Further, to the extent you

21              have questions about the completeness of the

22              production; you can question Mr. Body about it at

23              his deposition."

24          THE COURT:  And Mr. Body is at Park National Bank?

25          MS. ZIEG:  I'm sorry, Mr. Body.

1          THE COURT:  Body.

2          MS. ZIEG:  He is from Park National Bank and we can

3   -- I can address that issue in a moment, by the way, because

4   even that representation in this email is just simply

5   inaccurate based on Mr. Body's testimony.  If you look at the

6   email below, the third paragraph says, "We are also still

7   waiting for all documents related to the expert

8   report/appraisals."

9          THE COURT:  Okay.  I just wanted to check that, make

10  sure I understood where that statement was coming from.  So,

11  keep going.

12         MS. ZIEG:  Thank you, Your Honor.  And that was not

13  the only email that we sent, Your Honor.  And I believe that

14  the other emails are also part of Exhibit C.

15         THE COURT:  Yes.

16         MS. ZIEG:  I think it's also important to note that

17  Mr. Body, at his deposition testimony, testified that he hadn't

18  asked anyone for any documents.  If they weren't in his file,

19  he didn't ask for them, other than subsequent to this Court's

20  ruling on the motion to compel, he asked another person at the

21  bank, who's now responsible for the loan, if they had any

22  broker opinions, because he wouldn't have had those documents.

23  So even in response to an order compelling them to produce

24  documents post-December 31st, 2009, Mr. Body didn't ask a

25  single other person at the bank for those documents, other than

1    one person for three documents he knew he had.  He testified

2    that he didn't ask anyone and he wouldn't have had that

3    information himself.

4           And with respect to this search of documents that he

5    had on his -- he had for the first production, he simply

6    provided counsel with copies of documents that he had printed

7    out previously.  And looked on his inbox in his email for

8    documents where the subject line began with the letter "A" for

9    American Home Mortgage.  He didn't go to "B", he didn't go to

10   "C", he didn't run a search, simply looked for by "A".  That's

11   not a reasonable search for documents.

12          And that is just inconsistent with the

13   representations that were made to debtors' counsel by PNB's

14   counsel.  In March of this year, PNB's counsel represented to

15   us, we have no communications with third-parties.  Therefore,

16   producing documents to you will not be a problem.  Subsequently

17   they produced 20 documents to us.  Not a single email was

18   produced in that communication.  We followed up with Mr.

19   Yudell, asked for additional documents, said we thought it was

20   hard to believe that they wouldn't have any correspondence with

21   third-parties.  As a result, we ended up having to subpoena

22   third-parties and lo and behold, there were the documents,

23   correspondence with Park National Bank.

24          And then in the opposition in the motion to compel,

25   I have to respond to this, Park National is thinking they're

1  being reprimanded for being conscientious?  They haven't

2  produced anything to us without us getting it from other

3  parties and then asking them if they could produce the

4  documents from their own parties or seeking intervention from

5  this Court.

6           It's the debtors' position that based on those

7  willful, bad faith acts, abuses of discovery, and the fact that

8  even now we do not have a full Rule 26(a) report, that the

9  expert testimony of Mr. Albert should be excluded.

10          THE COURT:  Okay.  Thank you.  I'll hear Park.  Mr.

11 Busenkell?

12          MR. BUSENKELL:  Good afternoon, Your Honor.  Mike

13 Busenkell from Womble Carlyle on behalf of Park National.  With

14 me in the courtroom today is Mr. Yudell, from the firm of

15 Aronauer Re and Yudell; he's been admitted pro hac.  I think

16 he's appeared before Your Honor before in this case and I'll

17 cede the podium to Mr. Yudell.

18          THE COURT:  Very good.  Thank you.  Mr. Yudell, good

19 afternoon.

20          MR. YUDELL:  Good afternoon, Your Honor.  Kenneth

21 Yudell, Aronauer Re and Yudell, on behalf of US Bank, formerly

22 known as Park National Bank.  Your Honor, Your Honor asked a

23 simple question to debtors' counsel and throughout all that

24 discussion there wasn't a response.  The question that you

25 asked the debtors' counsel was what is the prejudice, and the

1  answer is there is no prejudice, Your Honor.

2         Whether these documents -- yes, Your Honor,

3  absolutely, and I did not claim otherwise in my papers, were

4  the documents produced late regarding the experts file?  Yes,

5  it was.  What's the prejudice of that?  There is none.  If the

6  documents had been produced on time, Defendant -- debtors'

7  counsel would have had time to do their rebuttal report and do

8  their expert deposition.  There is no trial date scheduled

9  currently.  The trial has been put off on consent, so we're in

10 a situation where the debtors can do their rebuttal report and

11 do their expert testimony.

12        Now, Your Honor, we're not talking about complex

13 reports here.  This isn't some novel part -- issue or some very

14 technical thing; we're dealing with appraisals.  And these are

15 appraisals that were attached to the -- US Bank's motion in

16 September.  The debtors have had the appraisals themselves for

17 a year.  They could have done rebuttal reports, they could have

18 done expert deposition and they chose not to, and that was

19 their choice.  And the fact that Your Honor and the parties

20 have agreed to push back the trial date provides them with all

21 the time they need to do their rebuttal report and to do their

22 expert deposition.

23        Now there has been significant discussion by counsel

24 regarding US Bank's actions in discovery throughout this case.

25 There is no motion pending before Your Honor to take any action

1  against US Bank with respect to any discovery, other than the

2  issue of excluding the expert report.  US Bank -- and, Your

3  Honor, I stand by what I've said to counsel, I stand by what I

4  said in my papers and I stand by what I said in that email, all

5  documents in US Bank's files have been searched and they have

6  been turned over.  They have been produced in this case.  While

7  counsel would expect there to be other documents, counsel is

8  not Mr. Body, counsel is not US Bank or Park National and

9  counsel had full opportunity to question Mr. Body regarding how

10 Mr. Body deals with documents and other things.

11        And what Mr. Body testified was, contrary to what I

12 just heard from counsel, what I recall Mr. Body testifying to

13 was that he was the person at Park National that was

14 responsible for this loan.  He was the one that had all the

15 documents and his filing system was to print out things and put

16 them in his file and he produced everything that he had in that

17 file.

18        Now, were there some emails that were located

19 through third-parties that we then went back and searched for?

20 Yes, there were.  And we found some of them and we didn't find

21 others of them, but we did a search, Your Honor.  US Bank

22 searched for documents, they produced what they had.  And when

23 counsel states that even after Your Honor's motion directing

24 discovery of events after December 31 that all we did -- all he

25 did was ask one person for three documents, that's untrue, Your

1  Honor.  He asked Mr. Lawler (phonetic), and I believe he

2  testified to this, he asked Mr. Lawler for all documents he

3  had.  Several of those documents were the brokers' opinions of

4  value that were produced, we produced an environmental report

5  that we knew of and was requested, we produced other documents

6  that were available.  If we don't have them, we don't have

7  them.  We've produced what we have.

8         And in the email, Your Honor, what I refer to, and

9  what I stated to counsel was, all documents in Park National's

10 files have been produced.  Was the -- perhaps in reading it

11 now, is there something unclear about it?  I guess there was,

12 Your Honor.  I did not respond in that email regarding the

13 expert discovery.  The documents from the experts were not

14 produced at that time and I didn't intend to represent

15 otherwise.

16        We had discussions about experts and I specifically

17 requested in that email if there was something that was

18 missing, please let me know and we'll look for it.  I didn't

19 receive an email saying well, you haven't produced the expert's

20 file.  Had I received that email, I would have responded to it

21 and saying yes, we're still working on getting those documents

22 from the expert.

23        We finally got the documents.  What I'm told by the

24 expert is his whole file, I got them on Monday, I sent them out

25 to counsel on Tuesday.  It's that simple, Your Honor.  The

1   documents that we have, have been produced.  If there's things

2   missing well, either we don't have them or we haven't been able

3   to locate them, but it's not because we're intending to hide

4   anything.  There's nothing to hide here, Your Honor.  It's a

5   very, very simple question, and the question in this case is

6   what was the value of this property because the value of the

7   property determines whether there was a benefit to Park

8   National.

9           I mean, I don't want to go into my summary judgment

10  motion, and I'm not going to go there now, Your Honor, but it's

11  a very straightforward question.  And what -- well, in any

12  event, Your Honor, what I don't understand and what I did not

13  hear from counsel is where there's prejudice.  And there is

14  none, Your Honor, because they have the time to do what they

15  want to do.

16          Under the standards that she's raised, they're

17  citing from the Second -- from the Third Circuit, is there

18  prejudice or is it harmless?  It's harmless, Your Honor,

19  because the trial has been moved off.  Has this -- is this --

20  can this be cured?  Yes, it can and it has been cured.  The

21  documents that the appraiser tells me is his whole file has

22  been produced.  It's been cured.  The trial has been put off

23  and there is no bad faith or willfulness, Your Honor.

24          The fact that we were on a short schedule, the

25  scheduling order was only signed in late July and it took us

1    some time to get documents, I don't -- do not deny, Your Honor,

2    that there was delay in production, but that delay in

3    production was neither willful and there was no bad faith.  The

4    prior time we were here, Your Honor, over a discovery dispute

5    was simply a disagreement over the obligation.  We didn't say

6    we had -- we produced everything.  We simply didn't believe, as

7    a matter of law, we were required to produce those documents

8    because we did not believe they had any bearing on the matters

9    at issue in this proceeding.

10            Your Honor obviously disagreed with us and issued an

11    order compelling us to produce those documents and that's what

12    we did.  That afternoon, when I returned to my office, I

13    produced some documents.  And over the next week or so we

14    produced everything we had.

15            You know, the bottom line, Your Honor, again is

16    there is no prejudice here.  They have all the time -- they

17    have the documents, they have all the time they need to do

18    their rebuttal report, they have all the time they need to do

19    their expert deposition, and had the documents been produced on

20    time, they had a same timeline.  Nothing would have been

21    different and there's nothing that they told you here today

22    that changes that schedule.

23            THE COURT:  Thank you.

24            MS. ZIEG:  For the record, Your Honor, Sharon Zieg

25    of Young Conaway Stargatt and Taylor on behalf of the debtors.

1  Your Honor, the issue of prejudice, I think that we mentioned

2  more than we have the time to cure the prejudice.  There is

3  prejudice to the debtors and the debtors' estate.  We now have

4  a situation where previously we would have had the documents

5  prior to deposing Mr. Body and Mr. Binger.  Now we do not have

6  the documents, we need to ask Mr. Body and Mr. Binger some

7  questions about those documents and now we need to do

8  supplemental depositions potentially of those witnesses.

9  There's a prejudice if we don't have that opportunity --

10          THE COURT:  But would those depositions of Mr. Body

11  and Mister --

12          MS. ZIEG:  Binger.

13          THE COURT:  -- Binger, they would have -- they

14  occurred after you would have received the report if it had

15  been timely or before?

16          MS. ZIEG:  The depositions were after if we had

17  received the reports timely.

18          THE COURT:  All right.  And pursuant to the

19  scheduling order, that was the way it would have worked, and

20  pursuant to the way we were setting up the depositions, Mr.

21  Body was scheduled to go last, as well as Mr. Binger.

22          THE COURT:  Okay.  In addition, Your Honor, I find

23  it sort of ironic that Mr. Yudell mentioned the statement that

24  we've had the appraisal for a year.  At the same time, they've

25  had over a year to get the expert's file and made no efforts to

1  get that file.

2          As a matter of fact, we received correspondence from

3  the expert yesterday related to his -- which was the completion

4  of the production related to his prior testimony, and in the

5  letter it states to Mr. Yudell, "As you requested last week."

6  So for the first time he was requesting that information last

7  week.  When he requested the other information in his file, I

8  don't know, but I can only assume that it was last week, which

9  is why there's been such a delay in obtaining that information.

10         In addition, Your Honor, I think it's important to

11  note that Mr. Body did not testify that he had asked other

12  parties for the documents.  And to the extent necessary, I can

13  provide you with a copy of a deposition transcript and point

14  out a few places in the deposition transcript where Mr. Body

15  specifically said, I'm only testifying -- even under a 30(b)(6)

16  deposition, I'm only testifying to matters that I have personal

17  knowledge of.  I did not go and ask anyone else with

18  information on behalf of the bank, knowing that he didn't have

19  information, post-foreclosure, on what was going on with the

20  property.  Would you like me to go through those specific --

21         THE COURT:  No, that's not necessary.

22         MS. ZIEG:  In addition, Your Honor, I think it's

23  important to note that it seems to us, based on a review of the

24  documents that have been produced -- or were produced last

25  week, that we still don't have an expert report, at least with

1   respect to 2009.  It -- the draft report and the expert report

2   are so inconsistent that it can only mean that the 2009 report

3   is not the correct report.  So the final report that we have

4   can't possibly be the 2009 report.

5              THE COURT:  All right.  Thank you.  Yes?

6              MR. YUDELL:  May I, Your Honor?

7              THE COURT:  Yes.

8              MR. YUDELL:  Just on two very brief points.

9              THE COURT:  Yes.

10             MR. YUDELL:  With respect to the dates in the

11   scheduling order, pursuant to the dates set forth in your

12   scheduling order, and I apologize I don't have the order in

13   front of me, the deadline for fact depositions was prior to the

14   date that the expert disclosure was required to be made.  As it

15   turned out, we agreed to allow certain depositions to be taken

16   after the deadline set forth in Your Honor's order.  We agreed

17   on dates that happened to be after that, but in your order

18   itself, the scheduling order provided for fact depositions to

19   be completed before the expert disclosure was ever scheduled to

20   take place.

21             Second, regarding Mr. Albert's letter, quite

22   frankly, Your Honor, the only thing that that letter deals with

23   are his prior test -- is his prior testimony and until I saw

24   their motion papers early last week I didn't realize that was

25   missing from the papers and I apologize for that.  That was my

1   oversight.  I didn't realize that was missing and we got it as

2   soon as we could.

3              THE COURT:  Okay.

4              MS. ZIEG:  I apologize, Your Honor, but I have a

5   copy of the scheduling order right here.  The expert

6   disclosures were due on August 12th and the fact witness

7   depositions were due to be complete on August 16th.

8              THE COURT:  Okay.  Thank you.

9              MR. YUDELL:  I apologize, Your Honor.  I guess my

10  recollection was incorrect.

11             THE COURT:  All right.  Well, all right, the

12  scheduling order that the Court put in place incorporated and

13  required that Rule 26(a)(2)(b) of the Federal Rules be complied

14  with and provided dates.  Park National concedes that they

15  failed to produce the documents that should have been produced

16  under the deadlines that were set forth in the order.  In

17  addition, the debtor asserts that they also failed to comply

18  with the substance of the rule in some respects.

19             The debtor asserts that they're prejudiced.  Well,

20  I'm sorry, let me back up.  The debtor seeks exclusion of all

21  expert testimony by these parties for failure to comply with

22  the Rule 26 requirements and they say that they are prejudiced

23  by the fact that they have not received what they should have

24  received and perhaps have still not received what they should

25  have received.

1          The factors the Court needs to look at, clearly

2    exclusion of evidence is somewhat vigorous and harsh remedy for

3    violations in connection with discovery, although if

4    appropriate the Court may require exclusion.  Questions are

5    whether the debtor has been prejudiced, whether Park can cure

6    that prejudice and disruption of trial and bad faith.

7          Well, disruption of trial has become a moot issue

8    because the trial in and of itself has been moved back on

9    consent.  I don't -- I believe clearly the debtor was

10   prejudiced by Park National's actions.  They took depositions

11   without full knowledge of relevant facts that would have been

12   appropriate to inquire about at those depositions.  They lost a

13   deadline by which to produce a rebuttal report responding.  It

14   is, I think, of no moment that they had the report a year ago.

15   The report, I think, as we all know, the work papers, the

16   backup, are as critical as what's listed in the report, if not

17   more critical, and frankly it's not their job to make sure that

18   Park National complies with the rules and provides a complete

19   production.

20          I do believe that were I to not exclude the

21   evidence, that there would have to be a series of cure

22   activities that would have to occur along the lines of what Ms.

23   Zieg outlined in connection with reopening some of the

24   discovery process, which has already been completed.

25          So there is prejudice, there is the ability to cure

1   prejudice.  It's not as simple as Park National would say.  The

2   prejudice isn't automatically cured right now because they have

3   the documents.  There are things that could have been done, and

4   would have been done, had they had the documents in a timely

5   manner, that now will have to be done going forward.  That's

6   going to cost money, that's going to delay things.

7           Frankly, I think that Park National's approach to

8   discovery in this case, and specifically in connection with

9   this matter, has been cavalier.  And some of the statements,

10  frankly, in the doc -- in the responsive papers and on the

11  Court -- before the Court today I find to be rather cavalier.

12  These deadlines have to mean something.  We have a case load,

13  you all have case loads, and cases that have to be moved on.

14  And when I'm filing third -- when I'm signing third, fourth,

15  fifth amended scheduling orders because people can't comply

16  with deadlines, that's not good for judicial efficiency and

17  that's not good for the parties.

18          I'm going to grant the motion and exclude the

19  evidence.  I believe and find that's an appropriate remedy for

20  a violation of the rules as set forth in the scheduling order,

21  and that it prejudiced debtor, and that to cure that prejudice

22  would require an inordinate amount of time and expense.  And I

23  won't find -- I don't find bad faith, but I find an unfortunate

24  appreciation of the obligations of counsel and a party to

25  litigation to respond appropriately to discovery requests.

1          So, you have an order?

2          MS. ZIEG:  Yes, sir.

3          THE COURT:  I'll sign it.

4          MS. ZIEG:  May I approach?

5          THE COURT:  Yes.  Thank you.  Anything else for

6  today?

7          MS. GREECHER:  No, Your Honor.  That's everything.

8          THE COURT:  Okay.  We're adjourned.

9       (Whereupon at 12:27 p.m., the hearing was adjourned)

10                     CERTIFICATION

11          I  certify  that  the  foregoing  is  a  correct

12  transcript  from  the  electronic  sound  recording  of  the

13  proceedings in the above-entitled matter.

14

15

16  _____          September 27, 2010

17  Stephanie McMeel

18  AAERT Cert. No. 452

19  Certified Court Transcriptionist

20

21

22

| Word | Page:Line |
| --- | --- |
| **26(a)(2)(b)(1)** 33:13 | |
| **30(b)(6)(1)** 31:15 | |
| **_____debtors.___** 1:13 | |
| **a.m**(2) 1:16 4:1 | |
| **ability**(5) 19:19 20:3 20:4 20:10 34:25 | |
| **able**(1) 28:2 | |
| **about**(11) 6:7 10:12 13:19 16:17 21:21 21:22 25:12 27:11 27:16 30:7 34:12 | |
| **above-entitled**(1) 36:13 | |
| **absolutely**(1) 25:3 | |
| **abuse**(1) 19:8 | |
| **abuses**(1) 24:7 | |
| **acceptance**(1) 11:18 | |
| **according**(1) 17:18 | |
| **action**(5) 12:7 12:11 12:11 12:15 25:25 | |
| **actions**(2) 25:24 34:10 | |
| **activities**(1) 34:22 | |
| **acts**(1) 24:7 | |
| **actually**(7) 8:5 8:16 9:8 10:1 12:23 18:10 18:10 | |
| **addition**(4) 30:22 31:10 31:22 33:17 | |
| **additional**(3) 7:13 13:21 23:19 | |
| **address**(1) 22:3 | |
| **addressed**(1) 10:12 | |
| **addressing**(2) 15:12 15:22 | |
| **adjourn**(1) 8:4 | |
| **adjourned**(5) 4:8 7:13 8:9 36:8 36:9 | |
| **adjournment**(6) 7:15 10:10 16:4 16:7 18:6 20:1 | |
| **administrator**(1) 12:13 | |
| **admitted**(1) 24:15 | |
| **adversary**(3) 6:6 6:13 14:14 | |
| **advised**(1) 5:1 | |
| **aert**(1) 36:18 | |
| **affirmed**(1) 13:11 | |
| **after**(9) 9:15 17:7 21:1 26:23 26:24 30:14 30:16 32:16 32:17 | |
| **afternoon**(5) 15:10 24:12 24:19 24:20 | |
| **again**(3) 10:23 20:7 29:15 | |
| **against**(3) 8:18 9:2 26:1 | |
| **agenda**(3) 8:6 10:18 15:12 | |
| **agent**(1) 2:24 | |
| **ago**(1) 34:14 | |
| **agree**(1) 9:18 | |
| **agreed**(8) 5:2 5:3 8:3 11:18 11:19 25:20 32:15 32:16 | |
| **agreement**(2) 9:17 12:19 | |
| **agrees**(1) 10:5 | |
| **ahead**(1) 9:13 | |
| **ahm**(1) 8:13 | |
| **albert**(3) 15:14 18:9 24:9 | |
| **albert's**(1) 32:21 | |
| **all**(53) 4:2 4:10 5:3 5:7 5:15 6:16 6:22 6:25 7:6 7:20 10:3 10:3 10:16 10:25 11:8 11:21 12:3 14:25 15:3 15:9 15:16 16:12 16:19 16:22 16:24 17:10 17:11 17:19 18:4 18:20 20:6 20:25 21:2 21:14 22:7 24:23 25:20 26:4 26:14 26:24 26:24 27:2 27:9 29:16 29:17 29:18 30:18 32:5 33:11 33:1 33:20 34:15 35:13 | |
| **alleged**(1) 11:12 | |
| **allow**(7) 4:20 8:14 8:24 9:1 11:18 11:18 32:15 | |
| **allowed**(1) 8:18 | |
| **allowing**(1) 8:21 | |
| **allstate**(1) 18:20 | |
| **along**(1) 34:22 | |
| **already**(2) 21:4 34:24 | |
| **also**(4) 22:6 22:14 22:16 33:17 | |
| **alternative**(1) 18:1 | |
| **alternatively**(1) 18:1 | |
| **although**(1) 34:3 | |

| Word | Page:Line |
| --- | --- |
| **amended**(2) 11:20 35:15 | |
| **american**(20) 2:31 3:11 8:18 9:2 9:9 9:10 10:2 11:17 12:5 12:10 12:13 12:16 12:25 13:1 13:8 13:20 14:3 14:6 19:24 23:9 | |
| **amount**(4) 8:14 11:12 14:2 35:22 | |
| **amounts**(1) 6:21 | |
| **and**(205) 4:11 4:19 4:21 4:24 4:25 5:2 5:4 5:15 5:17 7:4 7:10 7:12 7:14 7:15 7:25 8:1 8:3 8:4 8:12 8:13 8:17 9:15 9:23 9:24 10:3 10:8 10:10 10:15 11:2 11:11 11:14 11:19 11:20 12:10 12:19 12:22 12:25 13:1 13:2 13:6 13:7 13:7 13:7 13:10 13:12 13:15 13:18 13:18 13:22 13:22 13:23 13:24 14:3 14:4 14:6 14:6 14:8 14:11 14:13 14:14 14:15 15:11 15:13 15:15 15:21 16:1 16:4 16:6 16:6 16:16 16:20 17:3 17:6 17:9 17:16 17:18 17:22 18:1 18:5 18:9 18:12 18:15 18:16 18:17 18:19 18:22 18:25 19:9 19:14 19:14 19:18 19:20 20:2 20:12 20:15 20:16 20:19 20:24 20:2 21:15 21:24 22:2 22:12 22:13 23:2 23:4 23:7 23:12 23:22 23:22 23:24 24:3 24:7 24:15 24:16 24:21 24:23 24:25 25:3 25:7 25:10 25:14 25:18 25:18 25:19 25:19 25:21 26:2 26:4 26:5 26:8 26:10 26:11 26:15 26:15 26:16 26:19 26:20 26:20 26:22 27:1 27:5 27:8 27:8 27:14 27:16 27:18 27:21 28:5 28:10 28:11 28:12 28:13 28:20 28:23 28:25 29:3 29:10 29:11 29:13 29:19 29:21 29:25 30:3 30:5 30:6 30:7 30:11 30:18 30:19 30:25 31:4 31:12 31:17 31:17 32:1 32:12 32:23 32:25 33:1 33:6 33:12 33:14 33:22 33:24 34:2 34:6 34:8 34:17 34:18 35:3 35:4 35:9 35:10 35:13 35:16 35:18 35:19 35:21 35:21 35:22 35:22 35:24 | |
| **anderson**(1) 2:24 | |
| **another**(2) 12:13 22:20 | |
| **answer**(2) 16:4 25:1 | |
| **any**(10) 6:6 10:11 16:3 22:18 22:21 23:20 25:25 26:1 28:11 29:8 | |
| **anyone**(6) 5:6 6:25 11:21 22:18 23:2 31:17 | |
| **anything**(4) 21:3 24:2 28:4 36:5 | |
| **apologize**(4) 32:12 32:25 33:4 33:9 | |
| **appeals**(1) 13:10 | |
| **appear**(1) 15:5 | |
| **appearances**(2) 2:45 3:1 | |
| **appeared**(1) 24:16 | |
| **appellate**(1) 13:8 | |
| **appraisal**(2) 18:20 30:24 | |
| **appraisals**(5) 17:15 18:14 25:14 25:15 25:16 | |
| **appraiser**(2) 18:10 28:21 | |
| **appreciate**(2) 9:22 14:25 | |
| **appreciation**(1) 35:24 | |
| **approach**(8) 5:8 7:17 10:13 11:24 14:19 14:20 35:7 36:4 | |
| **appropriate**(4) 19:16 34:4 34:12 35:19 | |
| **appropriately**(1) 35:25 | |
| **approve**(1) 14:10 | |
| **approved**(1) 14:7 | |
| **approving**(2) 5:24 10:24 | |
| **approximately**(1) 14:1 | |
| **are**(22) 4:8 4:22 5:13 5:17 9:16 9:20 14:15 16:22 18:15 19:11 20:5 21:17 21:19 22:6 22:14 25:14 32:2 32:23 33:22 34:4 34:16 35:3 | |
| **argued**(1) 13:22 | |
| **aronauer**(3) 2:10 24:15 24:21 | |
| **around**(1) 5:1 | |
| **aside**(2) 16:7 16:10 | |
| **ask**(8) 5:4 9:5 22:19 22:24 23:2 26:25 30:6 31:17 | |

| Word | Page:Line |
| --- | --- |
| **asked**(11) 17:3 17:3 20:18 22:18 22:20 23:19 24:22 24:25 27:1 27:2 31:11 | |
| **asking**(1) 24:3 | |
| **asserts**(2) 33:17 33:19 | |
| **associated**(1) 18:16 | |
| **assume**(2) 21:6 31:8 | |
| **assumed**(1) 15:22 | |
| **assuming**(1) 16:11 | |
| **attach**(1) 7:12 | |
| **attached**(2) 7:14 25:15 | |
| **attempted**(1) 8:7 | |
| **attend**(1) 15:19 | |
| **attorney's**(5) 13:19 13:19 13:21 13:22 14:3 | |
| **attorneys**(1) 5:17 | |
| **august**(8) 13:16 16:15 16:16 17:1 17:5 17:5 33:6 33:7 | |
| **authorizing**(1) 13:17 | |
| **automatically**(1) 35:2 | |
| **available**(3) 8:17 19:5 27:6 | |
| **avenue**(4) 2:6 2:12 2:33 2:39 | |
| **avoid**(1) 19:4 | |
| **back**(4) 25:20 26:19 33:20 34:8 | |
| **background**(1) 15:19 | |
| **backup**(5) 17:4 18:13 20:19 20:21 34:16 | |
| **bad**(8) 19:21 20:15 20:16 24:7 28:23 29:3 34:6 35:23 | |
| **bank**(35) 2:37 12:7 13:2 13:5 13:6 13:14 13:16 13:18 13:21 13:25 14:3 14:4 14:7 16:9 16:9 16:19 17:3 17:17 17:20 18:19 19:2 19:8 19:23 21:24 22:2 22:21 22:25 23:23 24:21 24:22 26:1 26:2 26:8 26:21 31:18 | |
| **bank's**(4) 21:11 25:15 25:24 26:5 | |
| **bankruptcy**(3) 1:1 1:21 11:14 | |
| **based**(6) 16:11 18:12 20:6 22:5 24:6 31:2 | |
| **bear**(5) 12:17 13:1 13:7 14:4 14:6 | |
| **bearing**(1) 29:8 | |
| **because**(19) 6:10 9:6 12:8 15:22 16:11 17:11 18:21 19:4 20:7 22:2 22:22 28:3 28:6 28:14 28:19 29:8 34:8 35:2 35:15 | |
| **becker**(1) 2:48 | |
| **become**(1) 34:7 | |
| **been**(44) 4:8 4:23 5:3 5:11 6:18 6:22 12:11 12:18 13:25 15:20 17:10 17:12 18:22 19:8 20:12 20:12 24:15 25:6 25:9 25:23 26:5 26:6 26:6 27:10 28:1 28:2 28:19 28:20 28:22 28:22 28:22 29:19 29:20 30:15 31:9 31:24 33:15 34:5 34:8 34:11 34:24 35:3 35:4 35:9 | |
| **before**(9) 1:20 16:2 20:7 24:16 24:16 25:25 30:15 32:9 35:11 | |
| **began**(1) 23:8 | |
| **begin**(1) 15:22 | |
| **behalf**(10) 4:5 6:4 10:19 10:23 12:5 15:12 24:13 24:21 29:25 31:18 | |
| **behavior**(1) 19:8 | |
| **behold**(2) 20:25 23:22 | |
| **being**(3) 8:7 24:1 24:1 | |
| **believe**(22) 5:25 6:22 7:10 7:23 8:17 10:18 11:14 16:8 16:12 18:2 18:3 18:21 20:3 21:16 22:13 23:20 27:1 29:6 29:8 34:9 34:20 35:19 | |
| **below**(1) 22:6 | |
| **benefit**(1) 28:7 | |
| **between**(3) 13:18 14:6 17:15 | |
| **beyond**(1) 31:4 | |
| **binder**(2) 5:18 5:21 | |
| **binger**(6) 18:12 30:5 30:6 30:12 30:13 30:21 | |
| **bit**(1) 6:11 | |

| Word | Page:Line |
| --- | --- |
| **blank**(1) 2:17 | |
| **body**(19) 18:11 21:15 21:22 21:24 21:25 22:1 22:17 22:24 26:8 26:9 26:10 26:11 26:12 30:5 30:6 30:10 30:21 31:11 31:14 | |
| **body's**(1) 22:5 | |
| **borrower**(1) 11:1 | |
| **borrower's**(3) 4:19 4:19 4:20 | |
| **both**(5) 11:12 11:15 13:2 13:20 18:14 | |
| **bottom**(1) 29:15 | |
| **box**(1) 2:27 | |
| **brandywine**(1) 1:30 | |
| **brief**(1) 32:8 | |
| **bringing**(1) 18:16 | |
| **broker**(1) 22:22 | |
| **brokers**(2) 9:9 27:3 | |
| **building**(1) 1:30 | |
| **burdensome**(1) 18:4 | |
| **busenkell**(4) 2:5 24:11 24:12 24:13 | |
| **business**(1) 9:8 | |
| **but**(26) 4:12 4:22 5:18 6:20 6:22 8:8 8:9 8:14 8:21 12:17 13:13 13:16 14:24 17:22 18:2 20:4 21:6 21:6 24:7 28:3 28:10 29:2 30:10 31:8 32:17 33:4 35:23 | |
| **can**(17) 9:14 9:15 9:18 10:1 16:4 18:7 21:2 21:22 22:2 22:5 25:10 28:20 28:20 31:8 31:12 32:2 34:5 | |
| **can't**(3) 9:11 32:4 35:15 | |
| **carlo**(1) 2:52 | |
| **carlton**(2) 7:11 7:16 | |
| **carlyle**(2) 2:4 24:13 | |
| **case**(13) 1:9 8:19 12:23 14:15 17:23 19:7 24:16 25:24 26:6 28:5 35:8 35:12 35:13 | |
| **cases**(2) 9:19 35:13 | |
| **cavalier**(2) 35:9 35:11 | |
| **cede**(2) 10:19 24:17 | |
| **center**(1) 2:51 | |
| **cert**(2) 9:16 36:18 | |
| **certain**(4) 9:19 5:24 6:5 6:14 32:15 | |
| **certificate**(4) 12:9 12:12 12:16 12:18 | |
| **certification**(3) 4:12 8:20 36:10 | |
| **certified**(1) 36:19 | |
| **certify**(1) 36:11 | |
| **changes**(2) 5:12 29:22 | |
| **chapter**(2) 1:7 14:15 | |
| **check**(1) 22:9 | |
| **choice**(1) 25:19 | |
| **chose**(1) 25:18 | |
| **christopher**(1) 1:20 | |
| **circuit**(6) 13:11 13:12 19:11 19:12 19:18 28:17 | |
| **cite**(1) 18:23 | |
| **citing**(1) 28:17 | |
| **city**(2) 2:47 8:2 | |
| **claim**(15) 7:25 8:14 8:15 8:18 8:21 8:25 9:1 9:19 11:11 11:11 11:15 11:19 11:20 13:13 25:3 | |
| **claimant**(1) 8:22 | |
| **claimed**(1) 12:19 | |
| **claims**(13) 4:21 6:17 6:18 6:21 7:12 7:24 10:12 10:25 11:11 11:12 11:14 11:16 12:9 | |
| **class**(1) 16:16 | |
| **clear**(3) 19:22 19:23 20:11 | |
| **clearly**(2) 34:1 34:9 | |
| **clerk**(2) 4:2 10:15 | |
| **cno**(2) 4:12 5:18 | |
| **coming**(1) 22:10 | |
| **committee**(6) 2:17 3:4 4:19 4:25 5:25 6:4 | |
| **committee's**(1) 5:23 | |
| **communication**(1) 23:18 | |
| **communication**(1) 23:15 | |
| **company**(1) 21:16 | |
| **compel**(2) 22:20 23:24 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| compelling(2) 22:23 29:11 | | dandridge(1) 2:47 | | disrupted(1) 20:11 | | exhibit(8) 7:15 7:18 10:11 21:7 21:9 |
| compensation(1) 16:21 | | data(1) 1:41 | | disruption(2) 34:6 34:7 | | 21:10 21:11 22:14 |
| competing(3) 12:8 12:8 13:13 | | date(7) 10:7 12:17 18:21 20:6 25:8 25:20 | | district(3) 1:2 13:9 13:9 | | |
| complaint(2) 14:4 14:5 | | 32:14 | | doc(1) 35:10 | | exist(1) 20:4 |
| complaints(1) 16:17 | | | | document(1) 21:13 | | expect(1) 26:7 |
| complete(5) 17:9 18:25 21:13 33:7 34:18 | | dates(4) 32:10 32:11 32:17 33:14 | | documentation(3) 7:11 7:13 7:14 | | expense(1) 35:22 |
| completed(2) 32:19 34:24 | | day(1) 17:13 | | documents(72) 13:3 15:15 15:24 16:2 | | expert(37) 15:13 16:15 16:21 16:22 16:23 |
| completeness(1) 21:21 | | days(1) 14:8 | | 16:12 16:20 17:8 17:10 17:12 17:19 17:21 | | 16:23 17:2 17:5 17:6 17:11 17:18 17:25 |
| completion(1) 31:3 | | dba(1) 10:2 | | 18:12 18:20 18:21 18:25 19:1 20:19 20:20 | | 18:7 18:8 18:9 18:13 18:19 19:3 20:18 |
| complex(1) 25:12 | | deadline(7) 17:1 17:4 17:5 17:6 32:13 | | 20:22 20:24 20:25 21:14 21:15 21:17 | | 22:7 24:9 25:8 25:11 25:18 25:22 26:2 |
| complied(2) 16:10 33:13 | | 32:16 34:13 | | 21:20 22:7 22:18 22:22 22:24 22:25 23:1 | | 27:13 27:22 27:24 29:19 31:3 31:25 32:1 |
| complies(1) 34:18 | | | | 23:4 23:6 23:8 23:11 23:16 23:19 23:22 | | 32:14 32:19 33:5 33:21 |
| comply(3) 33:17 33:21 35:15 | | deadlines(3) 33:16 35:12 35:16 | | 23:22 24:4 25:2 25:4 25:6 26:5 26:7 | | |
| components(1) 16:25 | | dealing(1) 25:14 | | 26:10 26:15 26:22 26:25 27:2 27:3 27:5 | | expert's(3) 16:24 27:19 30:25 |
| conaway(4) 1:26 4:5 15:11 29:25 | | deals(2) 26:10 32:22 | | 27:9 27:13 27:21 27:23 28:1 28:21 29:1 | | experts(3) 25:4 27:13 27:16 |
| concedes(1) 33:14 | | dealt(1) 9:8 | | 29:7 29:11 29:13 29:17 29:19 30:4 30:6 | | explicitly(1) 19:15 |
| concern(1) 15:23 | | debtor(16) 3:14 8:15 8:18 8:21 9:2 9:7 | | 30:7 31:12 31:24 33:15 35:3 35:4 | | expunge(1) 11:19 |
| conclusion(1) 16:23 | | 9:20 11:16 11:16 11:17 33:17 33:19 33:20 | | | | extension(1) 18:17 |
| conduit(1) 9:9 | | 34:5 34:9 35:21 | | does(3) 5:6 10:11 20:4 | | extent(2) 21:20 31:12 |
| confer(1) 10:15 | | | | doing(1) 20:7 | | fact(10) 4:7 18:23 24:7 25:19 28:24 31:2 |
| conference(2) 15:20 15:21 | | debtor's(2) 7:4 7:23 | | don't(15) 9:21 10:11 14:24 27:6 27:6 28:8 | | 32:13 32:18 33:6 33:23 |
| confirm(2) 10:1 21:19 | | debtors(34) 1:26 4:5 4:23 4:24 8:17 10:19 | | 28:9 28:12 29:1 30:9 31:8 31:25 32:12 | | |
| confirmation(1) 4:24 | | 10:23 10:24 11:2 11:13 11:14 15:12 15:17 | | 34:9 35:25 | | factors(4) 19:11 19:12 19:25 34:1 |
| connection(6) 4:21 4:24 15:17 34:3 34:23 | | 16:7 16:8 16:17 18:2 18:18 19:5 20:1 | | | | facts(1) 34:11 |
| 35:8 | | 20:5 20:9 20:17 20:17 23:13 24:6 24:23 | | done(5) 25:17 25:18 35:3 35:4 35:5 | | failed(2) 33:15 33:17 |
| | | 24:25 25:6 25:10 25:16 29:25 30:3 30:3 | | dorsey(1) 2:37 | | fails(1) 19:16 |
| conscientious(1) 24:1 | | | | down(1) 5:17 | | failure(2) 11:13 33:21 |
| consent(4) 13:24 14:9 25:9 34:9 | | december(1) 26:24 | | draft(1) 32:1 | | faith(8) 19:21 20:15 20:16 24:7 28:23 |
| consolidated(1) 9:19 | | decide(1) 10:6 | | due(4) 16:15 17:14 33:6 33:7 | | 29:3 34:6 35:23 |
| construction(2) 11:1 11:13 | | decided(1) 13:1 | | each(3) 9:20 14:3 14:5 | | |
| contact(4) 8:7 9:15 9:23 17:17 | | deciding(1) 19:13 | | early(1) 32:24 | | far(1) 20:3 |
| continually(1) 17:3 | | deduct(1) 14:1 | | easier(1) 5:18 | | fargo(4) 12:12 12:23 13:3 13:4 |
| continued(2) 2:2 3:2 | | defendant(1) 25:6 | | ecro(1) 1:39 | | favor(1) 12:25 |
| contrary(1) 26:11 | | defendants(1) 5:25 | | edward(1) 10:25 | | federal(1) 33:13 |
| copies(1) 23:6 | | defenses(1) 4:21 | | efficiency(1) 35:16 | | fees(6) 13:19 13:20 13:21 13:22 14:3 18:1 |
| copy(3) 17:15 31:13 33:5 | | del(1) 2:52 | | efforts(1) 30:25 | | few(2) 5:16 31:14 |
| corp(3) 8:19 9:2 10:2 | | delaware(7) 1:2 1:10 1:13 2:6 2:39 4:1 | | eileen(1) 3:11 | | fifth(1) 35:15 |
| corporation(1) 1:11 | | 13:9 | | either(1) 28:2 | | file(14) 14:23 17:15 18:18 20:24 22:18 |
| correct(5) 8:11 11:7 11:17 32:3 36:11 | | delay(6) 17:18 17:21 29:2 29:2 31:9 35:6 | | electronic(2) 1:47 36:12 | | 25:4 26:16 26:17 27:20 27:24 28:21 30:25 |
| correspondence(6) 17:17 18:14 19:1 23:20 | | deny(1) 29:1 | | elements(1) 16:25 | | 31:1 31:7 |
| 23:23 31:2 | | department(1) 8:2 | | eleventh(2) 5:23 6:4 | | |
| | | depo(1) 17:6 | | else(3) 20:8 31:17 36:5 | | filed(13) 4:12 4:25 6:4 6:12 8:6 8:7 9:16 |
| corroon(1) 2:24 | | depose(3) 18:7 18:9 20:20 | | email(12) 21:11 22:4 22:6 22:13 23:7 | | 11:10 14:14 17:10 18:14 20:20 21:1 |
| cost(1) 35:6 | | deposing(1) 30:5 | | 23:17 26:4 27:8 27:12 27:17 27:19 27:20 | | |
| costs(1) 18:16 | | deposition(10) 17:4 21:23 22:17 25:8 | | | | files(2) 26:5 27:10 |
| could(6) 18:2 24:3 25:17 25:17 33:2 35:3 | | 25:18 25:22 29:19 31:13 31:14 31:16 | | emails(4) 21:6 21:10 22:14 26:18 | | filing(3) 17:16 26:15 35:14 |
| couldn't(1) 15:16 | | | | emanuel(3) 2:31 12:2 12:5 | | fill(1) 6:11 |
| | | depositions(12) 18:11 18:17 30:8 30:10 | | ended(1) 23:21 | | final(2) 17:19 32:3 |
| counsel(25) 4:12 8:20 8:24 9:23 17:10 | | 30:16 30:20 32:13 32:15 32:18 33:7 34:1 | | enter(1) 5:4 | | finally(1) 27:23 |
| 18:24 23:6 23:13 23:14 23:14 24:23 24:25 | | 34:12 | | entered(1) 13:14 | | finance(1) 8:2 |
| 25:7 25:23 26:3 26:7 26:7 26:8 26:9 | | | | entitled(4) 12:19 13:20 13:22 17:8 | | find(9) 15:16 20:8 26:20 30:22 35:11 |
| 26:12 26:23 27:9 27:25 28:13 35:24 | | details(2) 9:15 9:16 | | entitlement(1) 10:5 | | 35:19 35:23 35:23 35:23 |
| | | determined(1) 11:17 | | entity(3) 8:10 8:15 10:1 | | |
| course(1) 15:7 | | determines(1) 28:7 | | environmental(1) 27:4 | | findings(1) 16:24 |
| court(93) 1:1 4:3 4:10 4:15 4:17 5:1 5:6 | | diaz(1) 1:41 | | escrow(1) 14:1 | | fine(4) 5:19 9:18 9:19 10:5 |
| 5:9 5:11 5:14 5:20 6:2 6:8 6:10 6:16 6:20 | | dictate(1) 13:5 | | esq(14) 1:27 1:28 1:29 2:5 2:11 2:18 2:25 | | firm(1) 24:14 |
| 6:23 6:25 7:6 7:17 7:20 8:22 9:1 9:4 9:5 | | did(13) 7:10 7:12 8:24 25:3 26:21 26:24 | | 2:32 2:38 2:48 2:52 3:5 3:15 3:16 | | first(11) 4:8 4:18 16:2 16:16 17:15 17:20 |
| 9:7 9:11 9:13 9:18 9:24 10:3 10:5 10:13 | | 26:25 27:12 28:12 29:8 29:12 31:11 31:18 | | | | 19:6 19:14 21:11 23:5 31:6 |
| 10:15 10:16 10:21 11:3 11:6 11:8 11:21 | | | | essentially(3) 4:22 13:6 19:12 | | |
| 11:24 12:3 12:7 12:8 12:21 13:9 13:10 | | didn't(14) 22:19 22:24 23:2 23:9 23:9 | | estate(2) 6:23 30:3 | | five(1) 14:8 |
| 13:17 14:10 14:12 14:17 14:19 14:21 | | 23:10 26:20 27:14 27:18 29:5 29:6 31:3 | | even(5) 22:4 22:23 24:8 26:23 31:15 | | floor(3) 1:32 2:13 2:33 |
| 14:25 15:7 15:9 15:15 15:23 18:5 | | 32:24 33:1 | | event(1) 28:12 | | florence(1) 2:47 |
| 19:10 20:23 21:2 21:6 21:9 21:24 22:1 | | | | events(1) 26:24 | | followed(1) 23:18 |
| 22:9 22:15 24:5 24:10 24:18 29:23 30:10 | | difference(2) 9:4 9:6 | | ever(1) 32:19 | | following(1) 11:13 |
| 30:13 30:18 30:22 31:21 32:5 32:7 32:9 | | different(1) 29:21 | | every(2) 9:19 18:25 | | for(76) 1:2 1:26 2:4 2:17 2:24 2:31 2:37 |
| 33:3 33:8 33:11 33:12 34:1 34:4 35:11 | | directing(2) 18:19 26:23 | | everybody(1) 10:5 | | 2:47 2:51 3:4 3:8 3:11 3:14 5:17 5:24 6:5 |
| 35:11 36:3 36:5 36:8 36:19 | | disagreed(1) 29:10 | | everything(6) 18:25 21:4 26:16 29:6 29:14 | | 9:20 9:25 10:24 11:12 12:4 12:17 13:9 |
| | | disagreement(1) 29:5 | | 36:7 | | 13:10 13:16 14:2 14:13 14:24 15:23 16:7 |
| court's(3) 13:11 15:21 22:19 | | disclosure(2) 32:14 32:19 | | | | 16:10 16:18 16:22 17:3 17:8 17:17 17:20 |
| courtroom(2) 1:11 24:14 | | disclosures(1) 33:6 | | evidence(3) 34:2 34:21 35:19 | | 18:4 18:6 18:17 19:3 20:6 20:19 22:7 |
| courts(1) 13:8 | | discovery(13) 4:20 19:9 20:8 24:7 25:24 | | exactly(1) 17:24 | | 22:18 22:19 22:21 22:25 23:1 23:5 23:7 |
| creditors(2) 2:18 3:5 | | 26:1 26:24 27:13 29:4 34:3 34:24 35:8 | | exchanged(1) 18:20 | | 23:8 23:10 23:11 23:24 24:1 25:16 26:14 |
| critical(2) 34:16 34:17 | | 35:25 | | exclude(10) 15:13 17:11 17:14 17:20 | | 26:19 26:22 26:25 27:2 27:18 29:24 30:24 |
| css(1) 1:9 | | discussion(2) 24:24 25:23 | | 17:25 19:13 19:14 20:24 34:20 35:18 | | 31:6 31:12 32:2 32:14 32:18 32:25 33:21 34:2 |
| cure(9) 18:2 19:20 20:3 20:4 30:2 34:5 | | discussions(1) 27:16 | | | | 35:16 35:17 35:19 36:5 |
| 34:21 34:25 35:21 | | dispute(1) 29:4 | | excluded(3) 19:4 19:25 24:9 | | |
| | | disputes(2) 13:18 13:23 | | excluding(1) 26:2 | | foregoing(1) 36:11 |
| cured(4) 28:20 28:20 28:22 35:2 | | disrupt(1) 19:20 | | exclusion(4) 19:15 33:20 34:2 34:4 | | foremost(1) 19:14 |
| currently(1) 25:9 | | | | excused(1) 15:6 | | form(4) 5:3 7:14 13:23 14:17 |
| dabrieco(4) 15:11 11:1 11:10 11:17 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

formal(2) 8:1  8:5
formerly(1) 24:21
forms(1) 20:5
forth(5) 16:25  32:11  32:16  33:16  35:20
forward(2) 20:14  35:5
found(2) 6:10  26:20
four(2) 19:12  19:18
fourth(1) 35:14
frank(1) 18:5
frankly(4) 32:22  34:17  35:7  35:10
fresh(1) 14:17
friday(1) 15:20
from(29) 4:5  7:5  7:18  8:2  8:13  8:17  12:9
14:2  17:9  17:17  19:1  20:9  21:15  22:2
22:10  24:2  24:4  24:4  24:13  24:14  26:12
27:13  27:22  28:13  28:17  28:17  31:2  32:25
36:12

front(1) 32:13
full(6) 8:21  8:25  9:1  24:8  26:9  34:11
fund(1) 11:13
further(4) 5:11  10:11  20:10  21:20
furtherance(1) 4:21
gamesmanship(3) 17:23  19:9  19:10
general(1) 15:18
get(10) 6:16  6:17  7:10  13:13  14:11  14:21
16:4  29:1  30:25  31:1

gets(1) 9:19
getting(2) 24:2  27:21
gilbert(1) 3:14
give(2) 6:8  20:2
given(1) 13:11
going(15) 4:14  8:13  8:14  8:24  9:1  15:12
20:13  20:13  22:11  28:10  31:19  35:5  35:6
35:6  35:18

good(13) 4:3  4:4  6:3  7:8  9:24  12:4  15:10
24:12  24:18  24:18  24:20  35:16  35:17

got(4) 4:17  27:23  27:24  33:1
grant(1) 35:18
great(1) 10:6
greecher(21) 1:27  4:4  4:5  4:11  4:16  4:18
5:8  5:10  5:13  5:15  5:22  7:3  10:18  10:22
10:23  11:4  11:7  11:10  11:23  12:1  36:7

guess(6) 8:19  8:20  15:10  21:9  27:11  33:9
guilfoyle(9) 2:18  6:3  6:4  6:9  6:12  6:18
6:21  6:24  7:2

hac(1) 24:15
had(40) 4:13  5:1  5:11  10:11  12:11  12:18
12:23  17:12  20:23  22:21  22:22  23:1  23:2
23:5  23:5  23:6  25:6  25:7  25:16  26:9
26:14  26:16  26:22  27:3  27:16  27:20  29:6
29:8  29:14  29:19  29:20  30:4  30:14  30:16
30:24  30:25  31:1  34:14  34:14  35:4  35:4

hadn't(2) 4:13  22:17
hahn(1) 3:4
handled(2) 10:18  12:2
handling(2) 5:25  7:5
hang(1) 11:3
happened(3) 19:7  20:6  32:17
happy(1) 5:5
hard(1) 23:20
harmless(2) 28:18  28:18
harrisburg(1) 1:43
harsh(1) 34:2
has(21) 5:3  6:6  13:25  16:9  19:7  19:18
20:12  21:14  21:15  25:9  25:23  28:19  28:19
28:20  28:21  28:22  34:5  34:7  34:8  34:24
35:9

have(98) 4:6  4:8  4:23  5:2  5:2  5:9  5:11
6:18  6:21  7:13  7:14  7:14  8:3  8:12  10:6
10:9  10:13  11:18  11:19  11:22  11:23  13:14
13:22  14:17  15:16  15:20  15:24  16:13
17:10  18:1  18:22  20:4  20:10  21:4  21:13
21:18  21:18  21:21  22:22  23:2  23:15  23:20
23:25  24:8  25:7  25:16  25:17  25:17  25:20
26:5  26:5  26:6  27:6  27:6  27:7  27:10
27:20  28:1  28:1  28:2  28:14  29:16  29:17
29:17  29:18  29:20  30:2  30:3  30:4  30:5
30:9  30:13  30:14  30:19  31:16  31:18  31:24
31:25  32:3  32:12  33:4  33:15  33:23  33:23
33:24  33:25  34:11  34:21  34:22  35:2  35:3
35:4  35:5  35:12  35:12  35:13  35:13  36:1

haven't(4) 6:10  24:1  27:19  28:2
having(1) 23:21
he's(3) 8:10  24:15  24:16
hear(2) 24:10  28:13
heard(4) 5:7  7:1  11:21  26:12
hearing(4) 5:1  18:6  20:2  36:9
here(5) 5:9  16:3  16:9  25:13  28:4  29:4
29:16  29:21  33:5

hessen(1) 3:4
hide(2) 28:3  28:4
him(1) 9:23
himself(1) 23:3
his(15) 21:23  22:17  22:18  23:5  23:7  23:7
26:15  26:16  27:24  28:21  31:3  31:4  31:7
32:23  32:23

holder(1) 12:16
holding(1) 13:25
holdings(1) 1:10
home(20) 1:9  2:31  3:11  8:18  9:2  9:10
10:2  11:17  12:6  12:10  12:14  12:16  12:25
13:1  13:8  13:20  14:3  14:6  19:24  23:9

honestly(1) 16:2
honor(83) 4:4  4:6  4:11  5:16  6:3  6:6  7:2
7:3  7:8  7:9  7:19  7:22  7:24  7:25  8:5  8:7
8:15  8:17  8:23  9:14  9:25  10:8  10:11
10:17  10:19  10:22  11:11  12:1  12:4  12:6
12:22  12:24  14:8  14:13  14:18  15:4  15:11
15:18  15:19  16:1  16:8  16:14  17:25  19:4
21:7  22:12  22:13  24:12  24:16  24:20  24:22
24:22  25:1  25:2  25:12  25:19  25:25  26:3
26:21  27:1  27:8  27:12  27:25  28:4  28:10
28:12  28:14  28:18  28:23  29:1  29:4  29:10
29:15  29:24  30:1  30:22  31:10  31:22  32:6
32:22  33:4  33:9  36:7

honor's(2) 26:23  32:16
honorable(1) 1:20
hope(1) 2:52
how(3) 6:17  6:20  26:9
how'd(1) 6:16
however(1) 11:15
hunter(1) 3:16
i'd(1) 9:22
i'll(9) 7:1  7:20  9:23  10:6  10:16  11:24
24:10  24:16  36:3

i'm(18) 4:15  5:5  15:5  15:12  16:11  17:6
19:14  19:23  21:12  21:25  27:23  28:10
31:15  31:16  33:20  35:14  35:14  35:18

i've(3) 5:7  15:3  26:3
identify(1) 21:17
important(4) 20:15  22:16  31:10  31:23
inaccurate(1) 22:5
inbox(1) 23:7
inc(1) 1:10
included(1) 16:6
includes(1) 16:24
income(1) 12:20
inconsistent(2) 23:12  32:2
incorporated(2) 19:19  33:12
incorrect(1) 33:10

indelicato(1) 3:5
individual(1) 4:19
inflicted(1) 20:17
informal(2) 8:1  8:1
information(7) 6:8  23:3  31:6  31:7  31:9
31:18  31:19

informed(1) 15:20
initiated(3) 12:7  12:11  12:12
inordinate(1) 35:22
inquire(1) 34:12
inquiries(1) 15:21
insufficient(1) 7:11
intend(1) 27:14
intending(1) 28:3
interest(2) 13:15  13:21
interests(1) 12:8
interpleader(3) 12:7  12:11  12:15
intervention(2) 20:23  24:4
into(2) 8:4  28:9
investigate(1) 20:10
ironic(1) 30:23
isn't(2) 25:13  35:2
issue(12) 12:15  12:24  13:4  16:8  19:3  19:6
22:3  25:13  26:2  29:9  30:1  34:7

issued(2) 12:24  29:10
issues(1) 16:3
it's(29) 4:12  5:15  5:23  7:4  7:6  11:15  16:1
16:24  19:9  19:22  20:1  20:11  20:12  20:15
21:6  21:7  21:10  22:16  24:6  27:25  28:3
28:4  28:10  28:18  28:22  31:10  31:22  34:11
35:1

item(5) 7:22  7:23  10:18  11:6  15:12
items(1) 5:16
its(2) 13:21  14:2
itself(4) 7:15  16:20  32:18  34:8
james(2) 2:32  12:5
job(1) 34:17
john(5) 3:8  3:8  8:9  8:23  9:22
judge(1) 1:21
judgment(2) 12:23  28:9
judicial(1) 35:16
july(2) 13:12  28:25
just(13) 5:11  5:16  5:20  6:10  8:8  8:20  8:24
19:25  22:4  22:9  23:12  26:12  32:8

keep(1) 22:11
kenneth(2) 2:11  24:20
knew(3) 17:11  23:1  27:5
know(10) 9:21  10:6  10:11  14:24  20:6
20:13  27:18  29:15  31:8  34:15

knowing(2) 20:20  31:18
knowledge(2) 31:17  34:11
known(1) 24:22
language(1) 20:21
last(7) 4:25  30:21  31:5  31:6  31:8  31:24
32:24

late(2) 25:4  28:25
later(1) 10:7
law(2) 2:51  29:7
lawler(2) 27:1  27:2
least(2) 8:14  31:25
left(1) 4:17
legal(1) 2:47
leslie(1) 1:39
let(3) 14:11  27:18  33:20
let's(2) 5:20  5:20
letter(4) 23:8  31:5  32:21  32:22
like(6) 5:5  5:16  13:13  13:14  19:7  31:20
limine(1) 18:18
line(3) 8:10  23:8  29:15
lines(1) 34:22
list(2) 6:13  16:20
listed(3) 8:9  34:16
litigation(3) 4:22  4:22  35:25

little(2) 6:8  6:11
llc(1) 8:6
llp(5) 2:10  2:17  2:24  2:37  3:14
load(1) 35:12
loads(1) 35:13
loan(4) 11:2  11:13  22:21  26:14
locate(3) 21:19  21:19  28:3
located(1) 26:18
longer(1) 13:12
look(7) 7:13  8:4  8:15  19:12  22:5  27:18
34:1

looked(2) 23:7  23:10
lost(1) 34:12
lunn(1) 15:20
made(5) 16:17  17:22  23:13  30:25  32:14
madison(2) 2:12  2:33
mail(1) 16:16
main(1) 14:14
major(1) 15:23
make(2) 22:9  34:17
makes(1) 9:4
mallard(1) 2:38
managing(1) 8:10
manner(1) 35:5
many(1) 4:7
march(1) 23:14
margaret(4) 1:27  2:48  4:4  10:22
mark(1) 3:5
market(3) 1:12  2:19  2:26
materials(1) 17:1
matter(17) 4:9  4:18  5:7  5:22  5:22  6:1  7:3
7:3  8:4  10:23  15:5  15:17  20:12  29:7  31:2
35:9  36:13

matters(6) 4:6  4:7  4:11  9:21  29:8  31:16
may(12) 4:23  5:8  9:5  9:14  10:19  12:2
12:7  14:20  15:5  32:6  34:4  36:4

mcmeek(1) 36:17
mcneill(1) 2:25
mean(4) 9:9  28:9  32:2  35:12
meet(1) 19:16
member(1) 8:10
memo(1) 10:13
mentioned(3) 19:25  30:1  30:23
merican(1) 1:9
michael(2) 1:28  2:5
mike(1) 24:12
million(1) 13:15
missing(5) 21:17  27:18  28:2  32:25  33:1
mister(1) 30:11
moment(4) 16:8  16:10  22:3  34:14
monday(1) 27:24
money(6) 13:13  13:15  13:25  14:7  14:11
35:6

montague(1) 2:51
month(2) 12:17  12:20
more(4) 6:8  18:4  30:2  34:17
morning(6) 4:3  4:4  4:6  6:3  7:8  12:4
mortgage(8) 1:9  3:11  8:6  8:19  10:2
10:10  11:18  12:10  12:16  13:20  19:24  23:9

motion(32) 4:20  4:25  5:24  6:5  6:7  6:12
6:15  10:24  10:24  12:1  12:6  14:14  14:16
15:13  17:11  17:14  17:16  17:20  18:16
18:18  20:20  20:24  21:1  21:8  22:20  23:24
25:15  25:25  26:23  28:10  32:24  35:18

motions(1) 12:23
move(1) 5:16
moved(3) 28:19  34:8  35:13
much(3) 9:22  15:4  15:8
murin(1) 1:39
must(1) 19:3
named(3) 4:23  8:16  10:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **national**(24) 2:4 16:9 16:19 17:3 17:17 17:20 18:19 19:2 19:8 19:23 20:16 21:11 21:24 22:2 23:23 23:25 24:13 24:22 26:8 26:13 28:8 33:14 34:18 35:1 | | **order**(39) 4:24 5:3 5:4 5:5 5:7 5:24 7:1 7:15 7:21 8:20 9:16 10:9 10:16 10:24 11:22 11:23 13:17 13:24 14:7 14:9 14:17 15:3 16:15 18:19 22:23 23:25 29:11 30:15 32:11 32:12 32:12 32:16 32:17 32:18 33:5 33:12 33:16 35:20 36:1 | | **post-foreclosur**(1) 31:19 **potential**(1) 11:1 **potentially**(1) 30:8 **potter**(1) 2:24 **ppearances**(1) 1:23 2:1 **preference**(5) 5:25 6:5 6:14 **prejudice**(23) 15:25 16:3 16:5 18:2 19:4 19:19 19:23 19:24 24:25 25:1 25:5 28:13 28:18 29:16 30:1 30:2 30:3 30:9 34:6 34:25 35:1 35:2 35:21 | | **recall**(2) 12:7 26:12 **receive**(1) 27:19 **received**(14) 6:22 7:25 16:2 16:16 17:14 17:16 27:20 30:14 30:17 31:2 33:23 33:24 33:24 33:25 |
| **national's**(6) 16:11 17:9 18:24 27:9 34:10 35:7 | | **orders**(1) 35:15 **oregon**(1) 2:51 **original**(1) 11:20 **other**(15) 10:12 14:4 14:5 15:15 22:14 22:19 22:25 22:25 24:2 26:1 26:7 26:10 27:5 31:7 31:11 | | **prejudiced**(5) 33:13 33:19 33:22 34:5 34:10 **prejudicial**(1) 20:9 **prejudicing**(1) 20:17 **prepare**(1) 18:8 **prepared**(1) 18:10 | | **receiving**(2) 16:17 17:2 **recollection**(1) 33:10 **record**(6) 9:25 12:5 12:16 12:17 14:13 29:24 |
| **necessary**(2) 31:12 31:21 **need**(9) 18:6 18:18 18:19 25:21 29:17 29:18 30:6 30:7 | | **others**(1) 26:21 **otherwise**(3) 10:6 25:3 27:15 **our**(5) 7:5 16:3 17:23 20:20 20:25 **out**(8) 8:3 9:15 9:16 23:7 26:15 27:24 31:14 32:15 | | **previously**(4) 18:15 20:8 23:7 30:4 **principal**(2) 5:2 13:15 **print**(1) 26:15 **printed**(1) 23:6 **prior**(7) 8:6 29:4 30:5 31:4 32:13 32:23 32:23 | | **recorded**(1) 1:47 **recording**(2) 1:47 36:12 **refer**(1) 27:8 **referenced**(1) 16:20 **reflect**(1) 9:16 |
| **needs**(1) 34:1 **neiburg**(12) 1:28 7:5 7:8 7:18 7:22 8:12 9:12 9:14 9:25 10:4 10:8 10:17 | | **outcome**(2) 13:4 13:5 **outlined**(1) 34:23 **over**(8) 9:23 11:9 20:12 26:6 29:4 29:5 29:13 30:25 | | **pro**(1) 24:15 **problem**(2) 10:8 23:16 **proceeded**(1) 13:8 **proceeding**(6) 13:3 13:5 13:5 13:6 14:14 29:9 | | **reflects**(2) 7:15 10:9 **regarding**(5) 25:4 25:24 26:9 27:12 32:21 **registrar**(1) 12:12 **related**(3) 22:7 31:3 31:4 |
| **neither**(1) 29:3 **never**(1) 17:22 **new**(4) 2:14 2:34 2:47 8:2 **next**(6) 5:22 7:3 7:22 8:5 20:14 29:13 **nine**(2) 6:6 6:13 **nominal**(1) 4:23 **non-substantiv**(1) 7:6 **none**(2) 25:5 28:14 **noni**(1) 2:26 | | **oversight**(1) 33:1 **own**(1) 24:4 **p.m**(1) 36:9 **p.o**(1) 2:27 **page**(1) 6:13 **paid**(3) 6:17 6:18 13:13 **papers**(6) 25:3 26:4 32:24 32:25 34:15 35:10 | | **proceedings**(8) 1:19 1:47 6:5 6:6 6:13 6:14 11:5 36:13 **process**(3) 19:9 20:7 34:24 **produce**(9) 16:19 17:1 18:20 22:23 24:3 29:7 29:11 33:15 34:13 | | **relating**(1) 12:9 **release**(8) 13:14 13:17 13:25 14:3 14:5 14:6 14:7 18:3 **relevant**(1) 34:11 **relief**(6) 13:2 16:6 18:1 18:4 19:25 20:5 **remedy**(3) 19:5 34:2 35:19 **remember**(1) 12:22 **remove**(1) 7:16 |
| **not**(49) 5:13 5:17 6:18 6:22 8:8 8:15 9:19 9:19 16:1 16:10 16:23 17:12 18:15 18:21 19:6 19:25 20:1 20:9 20:13 22:12 23:11 23:16 23:17 24:8 25:3 25:12 25:18 26:8 26:8 27:12 27:13 28:3 28:10 28:12 29:1 29:8 30:5 31:1 31:17 31:21 32:3 33:23 33:24 34:16 34:17 34:20 35:1 35:16 35:17 | | **paragraph**(1) 22:6 **park**(32) 2:4 16:9 16:11 16:18 17:3 17:9 17:17 17:20 18:19 18:23 19:2 19:8 19:23 20:16 21:11 21:24 22:2 23:23 23:25 24:11 24:13 24:22 26:8 26:13 27:9 28:7 33:14 34:5 34:10 34:18 35:1 35:7 | | **produced**(31) 1:48 16:13 17:10 17:12 18:15 21:14 21:15 23:17 23:18 24:2 25:4 25:6 26:6 26:16 26:22 27:4 27:4 27:5 27:7 27:10 27:14 27:19 28:1 28:22 29:6 29:13 29:14 29:19 31:24 31:24 33:15 | | **reopening**(1) 34:23 **repeated**(2) 18:23 20:18 **repeatedly**(2) 17:3 17:7 **report**(36) 16:16 16:17 16:18 16:19 16:20 16:23 16:24 16:24 17:2 17:5 17:8 17:18 18:8 18:8 18:11 20:18 20:21 24:8 25:7 25:10 25:21 26:2 27:4 29:18 30:14 31:25 32:1 32:1 32:2 32:3 32:3 32:4 34:13 34:14 34:15 34:16 |
| **note**(4) 16:14 22:16 31:11 31:23 **nothing**(3) 28:4 29:20 29:21 **notice**(1) 14:21 **novel**(1) 25:13 **now**(7) 6:17 11:8 15:24 17:24 20:13 22:21 24:8 25:12 25:23 26:18 27:11 28:10 30:3 30:5 30:7 35:2 35:5 | | **part**(3) 19:21 22:14 25:13 **partial**(1) 14:2 **particular**(2) 12:19 18:3 18:4 **parties**(14) 5:2 5:3 9:17 12:25 13:7 13:22 18:4 18:15 24:3 24:4 25:19 31:12 33:21 35:17 **party**(5) 4:23 7:10 19:16 19:21 35:24 **pattern**(1) 19:8 **pause**(1) 11:5 **payment**(4) 12:9 12:17 12:20 14:2 **payouts**(1) 9:20 **pending**(2) 20:12 25:25 **pennsylvania**(1) 1:43 **penny**(2) 2:51 **people**(1) 35:15 **perhaps**(2) 27:10 33:24 **period**(1) 18:7 **person**(5) 22:20 22:25 23:1 26:13 26:25 **personal**(1) 31:16 **phone**(1) 8:17 **phonetic**(3) 18:12 18:12 27:1 **place**(1) 32:20 33:12 **places**(1) 31:14 **plain**(1) 17:25 20:21 **plan**(1) 8:19 **pleadings**(1) 15:16 **please**(9) 4:3 4:15 5:21 7:17 10:13 11:24 14:19 21:17 27:18 | | **producing**(1) 23:16 **production**(8) 18:24 21:13 21:22 23:5 29:2 29:3 31:4 34:19 **prong**(1) 19:18 **proof**(1) 8:15 **property**(3) 28:6 28:7 31:20 **propria**(1) 3:8 **provide**(2) 13:24 31:13 **provided**(9) 11:16 16:6 16:21 18:13 18:22 20:1 23:6 32:18 33:14 **provides**(2) 25:20 34:18 **publication**(1) 14:24 **pursuant**(4) 6:14 30:18 30:20 32:11 **pursue**(1) 4:20 **push**(1) 25:20 **put**(4) 25:9 26:15 28:22 33:12 | | **report/appraisals**(1) 22:8 **reports**(6) 15:14 16:15 17:2 25:13 25:17 30:17 **represent**(1) 27:14 **representation**(3) 17:9 17:22 22:4 **representations**(1) 23:13 **representative**(2) 8:8 8:13 **representatives**(1) 8:3 **representing**(1) 18:24 **represents**(1) 17:21 **reprimanded**(1) 24:1 **repurchase**(1) 12:18 **request**(1) 14:10 **requested**(6) 13:2 21:20 27:5 27:17 31:5 31:7 **requesting**(2) 17:7 31:6 **requests**(1) 35:25 **require**(2) 34:4 35:22 **required**(5) 16:12 16:22 29:7 32:14 33:13 **requirements**(2) 19:17 33:22 **resolved**(2) 4:8 13:23 **resolving**(1) 10:25 **respect**(14) 7:9 10:9 10:10 11:1 11:15 12:13 14:4 14:5 18:18 20:18 23:4 26:1 32:1 32:10 |
| **number**(10) 5:23 7:4 7:23 10:18 10:23 11:11 11:11 11:19 13:24 15:13 **objection**(7) 4:25 7:4 7:7 7:9 7:12 7:24 7:25 | | **pledged**(1) 12:18 **pnb**(1) 21:14 **pnb's**(3) 21:13 23:13 23:14 **podium**(1) 10:20 24:17 **point**(4) 16:12 19:6 21:2 31:13 **points**(1) 32:8 **position**(1) 24:6 **possibly**(1) 32:4 **post-december**(1) 22:24 | | **question**(9) 15:24 16:5 21:22 24:23 24:24 26:9 28:5 28:5 28:11 **questions**(5) 5:6 7 10:12 21:21 30:7 34:4 **quick**(2) 8:6 10:10 **quinn**(3) 2:31 12:2 12:5 **quite**(2) 18:5 32:21 **raised**(1) 28:16 **rather**(1) 35:11 **reached**(1) 8:3 **read**(1) 6:10 **reading**(1) 27:10 **realize**(2) 32:24 33:1 **really**(1) 12:25 **reasonable**(1) 23:11 **reassigning**(1) 8:3 **rebuttal**(8) 17:5 18:8 25:7 25:10 25:17 25:21 29:18 34:13 | | **respectfully**(1) 14:10 **respects**(1) 33:18 **respond**(3) 23:25 27:12 35:25 **responded**(1) 27:20 **responding**(1) 34:13 **response**(7) 7:10 7:12 7:25 8:2 8:5 22:23 24:24 **responses**(1) 8:1 **responsible**(2) 22:21 26:14 **responsive**(2) 21:14 35:10 **rest**(1) 16:19 |
| **objections**(1) 14:15 **obligation**(1) 29:5 **obligations**(1) 35:24 **obtain**(2) 18:25 20:24 **obtaining**(2) 17:21 31:9 **obviously**(1) 29:10 **occasions**(2) 18:23 20:18 **occur**(1) 34:22 **occurred**(1) 30:14 **october**(1) 12:24 **off**(3) 25:9 28:19 28:22 **office**(3) 7:5 21:1 29:12 **official**(4) 2:17 3:4 4:19 5:23 **okay**(22) 4:18 5:6 5:10 5:14 5:22 6:12 6:16 6:23 6:25 7:17 8:22 9:5 10:4 11:8 11:21 14:12 22:9 24:10 30:22 33:3 33:8 36:8 **omnibus**(5) 5:23 6:5 7:4 7:9 7:24 **one**(10) 7:10 8:1 8:1 11:15 13:25 16:3 21:6 23:1 26:14 26:25 **only**(11) 14:21 15:5 16:6 19:5 22:13 28:25 31:8 31:15 31:16 32:2 32:22 **opinion**(2) 14:23 17:23 **opinions**(2) 22:22 27:3 **opportunity**(4) 4:13 20:2 26:9 30:9 **opposition**(4) 16:11 17:14 17:19 23:24 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| result(1) 23:21 | | significant(1) 25:23 | | taking(1) 18:16 | | the(301) 1:1  1:2  1:20  1:30  2:17  2:24  4:2 | |

result(1) 23:21
returned(1) 29:12
reverse(1) 14:22
review(4) 4:13  16:18  18:8  31:23
reviewed(2) 11:14  15:16
reviewing(2) 16:2  17:19
revised(3) 7:14  7:16  10:9
rice(1) 2:4
right(25) 4:10  5:7  5:15  6:16  6:25  7:6  7:20
 10:3  10:16  11:22  12:3  12:21  14:25
 15:3  15:9  17:24  21:2  21:9  30:18  32:5
 33:5  33:11  33:11  35:2

rise(1) 4:2
ritz(2) 7:11  7:16
robert(1) 2:38
roe(2) 18:9  18:9
rome(2) 2:17
rule(14) 16:10  16:12  16:22  16:25  17:9
 19:13  19:15  19:17  19:20  19:22  24:8  33:18  33:22

rules(3) 33:13  34:18  35:20
ruling(1) 22:20
run(2) 4:7  23:10
safe(1) 8:8
said(6) 13:16  23:19  26:3  26:4  26:4  31:15
same(7) 9:20  12:11  13:3  13:4  17:13  29:20  30:24

sanction(1) 19:16
sandridge(1) 2:4
saw(1) 32:23
say(5) 8:24  15:10  29:5  33:22  35:1
saying(3) 17:17  27:19  27:21
says(1) 22:6
schedule(2) 28:24  29:22
scheduled(4) 15:5  25:8  30:21  32:19
scheduling(10) 16:14  28:25  30:19  32:11
 32:12  32:18  33:5  33:15  35:15  35:20

schuylkill(1) 1:42
search(5) 21:18  23:4  23:10  23:11  26:21
searched(4) 21:14  26:5  26:19  26:22
seated(1) 4:3
second(2) 28:17  32:21
second-to-last(1) 12:1
securities(1) 12:13
seek(1) 20:23
seeking(4) 17:24  17:25  20:5  24:4
seeks(1) 33:20
seems(1) 31:23
sent(2) 22:13  27:24
september(9) 1:15  4:1  17:6  17:7  17:7
 17:13  17:16  25:16  36:16

series(1) 34:21
served(1) 16:16
service(2) 1:41  1:48
services(4) 1:41  2:47  8:6  10:10
set(6) 16:10  16:25  32:11  32:16  33:16
setting(2) 16:7  30:20
settle(2) 6:5  6:12
settled(1) 6:14
settlement(2) 5:1  14:11
settlements(1) 5:24
seven(2) 19:25  20:4
several(4) 4:6  21:10  21:16  27:3
sharon(4) 1:29  15:11  21:11  29:24
she's(1) 28:16
short(1) 28:24
should(7) 8:18  15:10  21:16  24:9  33:15
 33:23  33:24

shouldn't(1) 19:10
show(1) 20:25
sides(1) 13:20
sign(5) 7:1  7:20  10:16  11:24  36:3
signed(5) 5:7  15:3  28:25

significant(1) 25:23
signing(1) 25:14
similarity(1) 13:2
simple(5) 15:24  16:1  18:1  24:23  27:25
 28:5  35:1

simply(11) 16:4  16:23  17:23  19:4  19:9
 20:1  22:4  23:5  23:10  29:5  29:6

single(2) 22:25  23:17
sir(2) 9:4  36:2
situation(2) 25:10  30:4
six(1) 16:25
sixty-second(2) 7:4  7:9
sixty-third(3) 7:23  10:9  10:12
some(14) 5:17  6:21  13:21  15:20  25:13
 25:13  26:18  26:20  29:1  29:13  30:6  33:18
 34:23  35:9

something(5) 19:7  20:8  27:11  27:17  35:12
somewhat(1) 34:2
somewhere(1) 4:17
sontchi(1) 1:20
soon(1) 33:2
sorry(8) 4:15  11:8  17:6  19:14  19:23  21:12
 21:25  33:20

sort(1) 10:23
sought(1) 16:18
sound(2) 1:47  36:12
sources(1) 21:16
speaking(2) 7:10  8:16
specific(1) 31:20
specifically(5) 13:1  13:19  27:16  31:15  35:8
spoken(1) 8:12
stand(3) 26:3  26:3  26:4
standards(2) 28:16
standing(1) 16:9
stargatt(3) 1:26  15:11  29:25
start(2) 4:9  11:9
stated(1) 27:9
statement(2) 22:10  30:23
statements(1) 35:9
states(7) 1:1  1:21  13:9  13:10  19:15  26:23
 31:5

status(2) 15:19  15:21
stayed(1) 13:6
stearns(5) 12:18  13:1  13:7  14:4  14:6
stephanie(1) 36:17
stephen(2) 2:25  3:15
steven(1) 15:14
still(6) 16:5  16:9  22:6  27:21  31:25  33:24
stipulation(5) 10:25  13:7  13:23  13:24  14:8
straight(1) 6:23
straightforward(2) 12:6  28:11
street(5) 1:12  1:31  1:42  2:19  2:26
subject(1) 23:8
submit(1) 8:20
subpoena(1) 23:21
subsequent(3) 11:19  17:2  22:19
subsequently(1) 23:16
substance(1) 33:18
substantive(1) 7:24
successful(1) 8:8
such(2) 20:19  31:9
sudden(1) 20:25
sufficient(1) 18:7
suggest(1) 19:10
suite(2) 2:20  2:40
summary(2) 12:23  28:9
superseded(1) 11:20
supplemental(3) 18:11  18:17  30:8
suppose(1) 10:7
sure(7) 6:6  6:9  11:4  11:10  15:2  22:10
 34:17

system(1) 26:15
take(2) 25:25  32:20
taken(1) 32:15

taking(1) 18:16
talk(1) 10:3
talking(1) 25:12
taylor(3) 1:26  15:11  29:25
tecce(13) 2:32  12:2  12:3  12:4  12:5  12:22
 14:13  14:18  14:20  14:23  15:2  15:4  15:8

technical(1) 25:14
telephonic(2) 2:45  3:1
tells(1) 28:21
tenold(12) 3:8  3:8  8:9  8:11  8:23  8:23  9:3
 9:5  9:8  9:15  9:22  9:22

terms(1) 20:15
test(2) 19:18  32:23
testified(4) 22:17  23:1  26:11  27:2
testify(1) 31:11
testifying(3) 26:12  31:15  31:16
testimony(17) 15:13  16:6  16:21  17:11
 17:25  19:3  19:13  19:14  19:15  19:24  22:5
 22:17  24:9  25:11  31:4  32:23  33:21

than(4) 22:19  22:25  26:1  30:2
thank(19) 6:2  7:2  7:18  7:20  7:22  10:17
 11:24  15:1  15:4  15:5  15:8  22:18  22:12
 24:10  24:18  29:23  32:5  33:8  36:5

that(194) 4:7  4:13  5:1  5:3  5:4  5:4  5:16
 6:7  6:14  7:5  7:24  8:10  8:22  9:4  9:20
 10:14  11:6  11:14  12:10  12:15  12:19  12:19
 13:1  13:4  13:15  13:17  13:24  13:24  13:25
 14:2  14:10  14:10  14:24  14:25  15:4  15:5
 15:21  15:22  15:22  15:22  16:1  16:4  16:8
 16:8  16:10  16:11  16:14  16:16  16:22  16:24
 17:2  17:8  17:10  17:11  17:13  17:17  17:21
 17:22  17:24  18:1  18:3  18:3  18:4  18:7
 18:13  18:15  18:21  18:24  19:10  19:12
 19:15  19:18  19:19  19:22  19:23  20:3  20:5
 20:7  20:8  20:9  20:11  20:12  20:13  20:16
 20:21  21:4  21:19  22:3  22:4  22:9  22:10
 22:12  22:13  22:13  22:16  22:17  23:2  23:2
 23:4  23:6  23:12  23:13  23:18  23:20  24:6
 24:7  24:8  24:23  24:24  25:5  25:15  25:18
 25:19  26:4  26:13  26:13  26:14  26:16  26:18
 26:18  26:19  26:23  26:24  27:4  27:5  27:6
 27:12  27:14  27:17  27:17  27:20  27:25  28:5
 28:16  28:21  28:24  29:2  29:2  29:12  29:21
 29:22  29:22  30:1  30:9  30:19  30:23  30:23
 31:1  31:6  31:8  31:9  31:11  31:11  31:16
 31:18  31:23  31:24  31:25  32:2  32:2  32:3
 32:14  32:17  32:17  32:22  32:22  32:24
 32:25  32:25  33:1  33:12  33:13  33:14  33:15
 33:16  33:17  33:19  33:22  33:23  34:6  34:1
 34:14  34:17  34:20  34:21  34:22  35:3  35:5
 35:7  35:13  35:21  35:21  35:21  36:11

that's(23) 4:16  4:18  5:6  5:19  8:11  9:18
 9:18  9:21  10:5  10:6  11:7  19:5  19:5  23:10
 26:25  29:11  31:21  35:5  35:6  35:16  35:17
 35:19  36:7

the(301) 1:1  1:2  1:20  1:30  2:17  2:24  4:2
 4:3  4:5  4:7  4:7  4:10  4:15  4:17  4:18  4:18
 4:20  4:23  4:24  4:24  4:24  4:25  5:1  5:2  5:4
 5:4  5:5  5:6  5:7  5:9  5:11  5:14  5:17  5:18
 5:20  5:20  5:22  5:23  5:25  6:2  6:4  6:4  6:8
 6:10  6:13  6:16  6:17  6:18  6:20  6:21  6:23
 6:23  6:25  7:1  7:3  7:4  7:6  7:9  7:10  7:13
 7:15  7:15  7:17  7:18  7:20  7:20  7:22  7:23
 8:1  8:2  8:3  8:4  8:5  8:6  8:7  8:10  8:10
 8:14  8:15  8:16  8:17  8:18  8:21  8:21  8:22
 8:22  8:24  9:1  9:1  9:2  9:4  9:5  9:5  9:6  9:7
 9:8  9:11  9:13  9:15  9:15  9:16  9:17  9:18
 9:19  9:20  9:20  9:24  9:25  10:1  10:3  10:5
 10:8  10:9  10:10  10:11  10:12  10:13  10:16
 10:24  11:2  11:3  11:6  11:8  11:12  11:13
 11:14  11:14  11:17  11:18  11:19  11:21
 11:24  12:1  12:3  12:4  12:6  12:10  12:11
 12:11  12:12  12:15  12:15  12:16  12:17
 12:17  12:17  12:18  12:21  12:22  12:25  13:2
 13:2  13:2  13:3  13:3  13:3  13:3  13:4  13:4
 13:4  13:5  13:5  13:6  13:7  13:8  13:9  13:9
 13:10  13:10  13:11  13:12  13:13  13:14
 13:15  13:15  13:17  13:22  13:23  13:25  14:7
 14:7  14:8  14:10  14:11  14:12  14:13  14:13
 14:14  14:14  14:15  14:17  14:19  14:23
 14:23  14:25  15:3  15:3  15:5  15:7  15:9
 15:12  15:13  15:15  15:15  15:16  15:19
 15:21  15:22  15:23  15:24  15:24  16:2  16:4
 16:6  16:6  16:7  16:8  16:8  16:14  16:17
 16:17  16:18  16:18  16:19  16:19  16:20
 16:20  16:20  16:21  16:21  16:21  16:24
 16:24  16:25  17:1  17:1  17:4  17:5  17:6
 17:8  17:11  17:13  17:13  17:13  17:14  17:15
 17:15  17:15  17:16  17:16  17:18  17:19
 17:19  17:20  17:20  17:25  18:2  18:2  18:4
 18:5  18:6  18:7  18:8  18:9  18:10  18:10
 18:12  18:13  18:13  18:16  18:17  18:18
 18:18  18:23  19:3  19:3  19:5  19:5  19:6
 19:8  19:11  19:12  19:16  19:18  19:18  19:20
 19:20  19:20  19:21  19:21  19:22  19:25  20:1
 20:2  20:2

the(232) 20:3  20:3  20:5  20:7  20:9  20:10
 20:11  20:16  20:16  20:17  20:17  20:18
 20:19  20:20  20:21  20:21  20:24  21:1  21:2
 21:6  21:6  21:7  21:9  21:11  21:16  21:19
 21:20  21:21  21:21  21:24  22:1  22:3  22:5
 22:6  22:7  22:9  22:13  22:14  22:15  22:20
 22:20  22:21  22:25  23:5  23:8  23:8  23:12
 23:22  23:24  23:24  24:3  24:6  24:7  24:8
 24:10  24:14  24:14  24:17  24:18  24:24
 24:25  24:25  24:25  25:4  25:4  25:5  25:5
 25:9  25:10  25:15  25:16  25:16  25:19  25:19
 25:20  25:21  26:2  26:13  26:14  26:14
 27:3  27:8  27:10  27:12  27:13  27:13  27:19
 27:22  27:23  27:23  27:25  28:5  28:6  28:6
 28:6  28:14  28:16  28:17  28:17  28:19  28:20
 28:21  28:22  28:24  28:24  29:3  29:5  29:8
 29:13  29:15  29:16  29:17  29:17  29:18
 29:19  29:23  29:24  29:25  30:1  30:2  30:2
 30:3  30:3  30:4  30:6  30:10  30:13  30:14
 30:16  30:17  30:18  30:18  30:19  30:20
 30:20  30:22  30:23  30:24  30:24  30:25  31:3
 31:3  31:4  31:4  31:6  31:7  31:12  31:12
 31:14  31:18  31:19  31:21  31:23  32:1  32:1
 32:2  32:3  32:3  32:4  32:5  32:7  32:9  32:10
 32:10  32:11  32:12  32:13  32:13  32:14
 32:16  32:18  32:19  32:22  32:25  33:3  33:5
 33:5  33:6  33:9  33:11  33:11  33:12  33:13
 33:15  33:16  33:16  33:17  33:18  33:18
 33:19  33:20  33:22  33:23  34:1  34:1  34:4
 34:5  34:8  34:9  34:14  34:15  34:15  34:15
 34:16  34:18  34:20  34:22  34:23  34:25  35:1
 35:3  35:4  35:9  35:10  35:10  35:10  35:11
 35:17  35:18  35:18  35:20  35:20  35:24  36:3
 36:5  36:8  36:9  36:11  36:12  36:12  36:13

Page : 5

09/28/10 11:32:57

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **their**(15) 4:21 7:12 18:24 24:4 25:7 25:8 25:10 25:11 25:19 25:21 25:21 29:18 29:19 32:24 34:17 | | **transcript**(5) 1:19 1:47 31:13 31:14 36:12 | | **were**(35) 4:11 9:19 11:12 12:8 13:3 13:18 16:15 16:15 17:19 18:13 18:15 20:19 20:19 20:21 23:13 23:22 25:3 25:15 26:18 26:18 26:20 27:3 27:4 27:6 27:13 28:24 29:4 29:7 30:16 30:20 31:24 33:6 33:7 33:16 34:20 | | **yes**(19) 6:24 8:11 10:21 14:21 15:7 16:5 21:5 21:7 22:15 25:2 25:4 26:20 27:21 28:20 32:5 32:7 32:9 36:2 36:5 |
| | | **transcription**(2) 1:41 1:48 | | | | | |
| | | **transcriptionist**(1) 36:19 | | | | **yesterday**(1) 31:3 | |
| | | **transferring**(1) 5:17 | | | | **yet**(4) 6:18 6:22 17:12 17:19 | |
| **them**(22) 4:14 5:9 6:22 16:3 17:18 20:2 21:17 21:18 21:18 22:19 22:23 24:3 25:20 26:16 26:20 26:21 27:6 27:7 27:24 27:24 28:2 28:3 | | **trial**(11) 16:7 19:20 20:11 25:8 25:9 25:20 28:19 28:22 34:6 34:7 34:8 | | | | **york**(4) 2:14 2:34 2:47 8:2 | |
| | | | | **weren't**(2) 20:1 22:18 | | **you**(49) 4:13 5:4 5:17 6:2 7:2 7:18 7:20 7:22 8:14 9:18 10:3 10:6 10:17 11:22 11:24 14:17 15:1 15:4 15:7 15:8 15:18 15:24 20:7 21:2 21:3 21:4 21:4 21:16 21:20 21:22 22:5 22:12 23:16 24:10 24:18 24:24 27:19 29:15 29:21 29:23 30:14 31:5 31:13 31:20 32:5 33:8 35:13 36:1 36:5 | |
| | | **trust**(3) 12:9 12:10 12:14 | | **west**(1) 1:31 | | | |
| **themselves**(1) 25:16 | | **tuesday**(1) 27:25 | | **what**(24) 9:5 17:24 24:25 26:3 26:3 26:4 26:11 26:11 26:12 26:22 27:7 27:8 27:9 27:23 28:6 28:11 28:12 28:12 28:14 29:1 31:19 33:23 33:24 34:22 | | | |
| **then**(6) 9:23 13:10 14:7 23:24 24:3 26:19 | | **turned**(2) 26:6 32:15 | | | | | |
| **there**(50) 5:11 5:13 12:8 13:18 14:5 14:15 14:23 14:24 16:3 17:18 17:21 18:14 18:1 18:25 19:11 19:19 19:19 19:21 19:22 19:23 20:19 20:21 21:3 21:17 23:22 24:2 25:1 25:5 25:8 25:23 25:25 26:7 26:18 26:20 27:11 27:11 27:17 28:7 28:10 28:11 28:17 28:23 29:2 29:3 29:16 30:2 34:21 34:25 34:25 35:3 | | **twice**(1) 13:11 | | **what's**(4) 15:24 20:6 25:5 34:16 | | **you'd**(1) 5:4 | |
| | | **two**(3) 8:1 11:10 32:8 | | **when**(9) 14:21 16:2 19:13 19:16 26:22 29:12 31:7 35:14 35:14 | | **young**(4) 1:26 4:5 15:11 29:25 | |
| | | **u.s**(1) 2:37 | | | | **your**(88) 4:4 4:6 4:11 5:15 6:3 6:6 7:2 7:3 7:8 7:9 7:18 7:22 7:24 7:25 8:5 8:7 8:15 8:17 8:23 9:12 9:14 9:25 10:8 10:11 10:17 10:19 10:22 11:11 12:1 12:4 12:6 12:22 12:24 14:8 14:13 14:18 15:4 15:10 15:18 15:19 16:1 16:8 16:14 17:24 19:4 21:7 22:12 22:13 24:12 24:16 24:20 24:22 24:22 25:1 25:12 25:19 25:25 26:2 26:21 26:23 26:25 27:8 27:12 27:25 28:4 28:10 28:12 28:14 28:18 28:23 29:1 29:4 29:10 29:15 29:24 30:1 30:22 31:10 32:2 32:6 32:11 32:16 32:17 32:22 33:4 33:2 36:7 | |
| | | **unable**(2) 15:19 21:19 | | | | | |
| | | **unasserted**(1) 11:16 | | | | | |
| | | **unclear**(1) 27:11 | | **where**(11) 4:23 13:11 19:6 21:2 21:3 22:10 23:8 25:10 28:13 30:4 31:14 | | | |
| | | **under**(15) 4:12 8:20 9:9 9:16 12:18 16:12 16:14 16:22 17:9 19:11 19:13 19:13 28:16 31:15 33:16 | | | | | |
| | | | | **whereupon**(1) 36:9 | | | |
| **there's**(13) 6:13 13:12 16:5 18:17 19:1 19:7 21:10 28:1 28:4 28:13 29:21 30:9 31:9 | | | | **whether**(5) 19:13 25:2 28:7 34:5 34:5 | | | |
| | | **understand**(4) 8:9 8:24 20:16 28:12 | | **which**(13) 7:15 7:23 9:9 11:17 12:12 14:1 15:15 15:23 16:19 31:3 31:8 34:13 34:24 | | | |
| **therefore**(1) 23:15 | | **understanding**(1) 4:13 | | | | | |
| **these**(5) 4:11 25:2 25:14 33:21 35:12 | | **understood**(1) 22:10 | | | | **yudell**(16) 2:10 2:11 23:19 24:14 24:15 24:17 24:18 24:20 24:21 24:21 30:23 31:5 32:6 32:8 32:10 33:9 | |
| **they**(52) 4:17 4:22 6:16 6:17 6:23 7:12 7:14 14:21 16:12 21:3 21:13 23:10 24:1 24:3 25:17 25:18 25:21 26:5 26:6 26:22 26:22 28:14 28:14 29:8 29:16 29:16 29:17 29:21 29:18 29:18 29:20 29:21 30:13 30:13 33:14 33:17 33:22 33:22 33:23 33:23 33:24 34:10 34:12 34:14 35:2 35:4 | | **unfortunate**(1) 35:23 | | **while**(3) 15:19 16:15 26:6 | | | |
| | | **unfortunately**(4) 16:5 18:3 20:6 20:13 | | **whiteman**(2) 4:5 10:22 | | | |
| | | **united**(4) 1:1 1:21 13:9 13:10 | | **whitney**(1) 2:37 | | **zieg**(20) 1:29 15:10 15:11 15:18 21:5 21:7 21:10 21:25 22:2 22:12 22:16 29:24 29:24 30:12 30:16 31:22 33:4 34:23 36:2 36:4 | |
| | | **unless**(1) 5:11 | | **who**(3) 18:10 18:10 19:21 | | | |
| | | **unlike**(1) 15:15 | | **who's**(2) 8:16 19:21 | | | |
| | | **unsecured**(2) 2:18 3:5 | | **whole**(2) 27:24 28:21 | | | |
| **they're**(5) 8:24 9:1 23:25 28:16 33:19 | | **until**(1) 32:23 | | **why**(3) 9:21 19:3 31:9 | | | |
| **they've**(1) 30:24 | | **untrue**(1) 26:25 | | **will**(17) 7:5 9:16 10:18 12:2 12:22 13:24 13:25 14:1 14:3 14:5 14:7 16:14 20:9 20:11 21:18 23:16 35:5 | | | |
| **thing**(2) 5:14 32:22 | | **upon**(4) 5:3 5:3 16:18 17:19 | | | | | |
| **things**(6) 16:22 26:10 26:15 28:1 35:3 35:… | | **valid**(1) 11:15 | | | | | |
| **think**(15) 8:10 8:13 9:9 10:11 19:20 | | **value**(3) 27:4 28:6 28:6 | | **willful**(2) 24:7 29:3 | | | |
| 20:15 22:16 24:15 30:1 31:10 31:22 34:1 | | **various**(1) 9:7 | | **willfulness**(3) 19:21 20:16 28:23 | | | |
| 34:15 35:7 | | **very**(11) 9:22 9:24 12:6 15:4 15:8 24:18 25:13 28:5 28:5 28:11 32:8 | | **wilmington**(7) 1:13 1:33 2:7 2:21 2:28 2:41 4:1 | | | |
| | | | | | | | |
| **thinking**(1) 23:25 | | **victoria**(1) 2:18 | | | | | |
| **third**(9) 13:11 13:12 19:11 19:12 19:18 22:6 28:17 35:8 36:14 | | **vigorous**(1) 34:2 | | **winstead**(1) 3:16 | | | |
| | | **violated**(1) 19:22 | | **wish**(4) 5:6 6:25 11:21 16:1 | | | |
| | | **violation**(1) 35:20 | | **with**(57) 4:9 4:21 4:24 5:15 5:24 7:8 7:10 8:12 8:16 8:22 9:8 9:23 10:9 10:10 11:1 11:15 11:16 12:13 14:4 14:5 15:17 16:10 18:13 18:14 18:16 18:18 18:20 19:2 20:17 23:4 23:6 23:8 23:12 23:15 23:18 23:20 23:23 24:13 25:14 25:20 26:1 26:10 29:10 31:13 31:17 31:19 31:25 32:10 32:22 33:14 33:18 33:21 34:3 34:18 34:23 35:8 35:16 | | | |
| **third-parties**(4) 23:15 23:21 23:22 26:19 | | **violations**(1) 34:3 | | | | | |
| **third-party**(2) 4:22 19:1 | | **waiting**(1) 22:7 | | | | | |
| **this**(49) 4:6 4:25 5:7 6:1 6:15 7:25 8:23 10:17 12:6 12:8 12:24 14:4 14:5 15:17 16:5 16:12 17:23 18:16 18:21 19:5 19:6 19:6 19:7 19:7 19:9 19:10 19:24 20:12 20:23 22:4 22:19 23:4 23:14 23:25 24:5 24:16 25:13 25:24 26:6 26:14 27:2 28:5 28:6 28:19 29:7 29:9 35:8 35:9 | | **waiver**(1) 19:20 | | | | | |
| | | **walk**(2) 5:5 5:18 | | | | | |
| | | **wanerka**(3) 3:11 8:16 10:1 | | | | | |
| | | **want**(3) 4:7 28:9 28:15 | | | | | |
| | | **wanted**(2) 13:16 22:9 | | | | | |
| | | **was**(80) 7:11 7:11 8:2 8:5 8:8 8:15 9:8 11:1 11:6 11:10 11:17 12:12 12:15 12:16 12:18 13:4 13:6 13:11 13:20 13:22 14:14 14:24 15:19 16:1 16:3 17:1 17:4 17:5 17:6 17:14 17:18 17:21 17:22 17:22 18:11 19:21 19:25 20:8 22:10 22:12 23:17 23:19 24:25 25:5 25:18 26:11 26:3 26:11 26:14 26:15 26:25 27:5 27:9 27:10 27:11 27:17 27:17 28:6 28:7 28:25 29:2 29:3 29:3 29:5 30:19 30:21 31:3 31:6 31:8 31:19 32:13 32:14 32:19 32:24 32:25 33: 33:10 34:9 36:9 | | **withdraw**(1) 8:13 | | | |
| **those**(20) 13:23 17:4 17:21 18:14 18:21 19:1 20:4 20:24 22:22 22:25 24:6 27:3 27:21 29:7 29:11 30:7 30:8 30:10 31:20 34:12 | | | | **withheld**(1) 20:9 | | | |
| | | | | **within**(1) 14:8 | | | |
| | | | | **without**(2) 24:2 34:11 | | | |
| | | | | **witness**(3) 17:4 20:20 33:6 | | | |
| **thought**(2) 15:21 23:19 | | | | **witnesses**(1) 30:8 | | | |
| **three**(2) 23:1 26:25 | | | | **womble**(2) 2:4 24:13 | | | |
| **through**(9) 4:7 5:5 5:18 5:20 13:8 13:8 13:10 26:19 31:20 | | **wasn't**(2) 6:6 24:24 | | **won't**(1) 35:23 | | | |
| | | **way**(5) 9:20 15:18 22:3 30:19 30:20 | | **work**(2) 9:15 34:15 | | | |
| | | **we'll**(5) 8:4 16:10 20:7 20:8 27:18 | | **worked**(4) 5:2 9:16 11:16 30:19 | | | |
| **throughout**(2) 24:23 25:24 | | **we're**(14) 4:14 8:13 8:14 11:8 17:8 17:24 17:25 20:13 25:9 25:12 25:14 27:21 28:3 36:8 | | **working**(1) 27:21 | | | |
| **thursday**(1) 4:1 | | | | **would**(38) 4:8 5:4 5:16 5:18 6:14 8:19 12:3 13:5 13:13 13:14 13:16 15:22 15:23 18:6 18:8 18:11 18:19 19:12 19:20 19:22 19:24 20:5 24:5 25:7 26:7 27:20 29:20 30:4 30:10 30:13 30:14 30:19 31:20 34:11 34:21 34:22 35:1 35:4 35:22 | | | |
| **time**(24) 10:17 12:10 17:15 17:20 18:7 18:17 18:25 19:6 19:7 25:6 25:7 25:21 27:14 28:14 29:1 29:4 29:16 29:17 29:18 29:20 30:24 31:6 35:22 | | | | | | | |
| | | **we've**(2) 27:7 30:24 | | | | | |
| | | **week**(8) 20:14 21:1 29:13 31:5 31:7 31:8 31:25 32:24 | | | | | |
| **timeline**(1) 29:20 | | | | | | | |
| **timely**(3) 30:15 30:17 35:4 | | | | **wouldn't**(3) 22:22 23:2 23:20 | | | |
| **today**(6) 15:23 16:9 24:14 29:21 35:11 | | **weisbrod**(1) 3:15 | | **writing**(1) 21:3 | | | |
| **together**(1) 5:2 | | **well**(17) 5:19 6:8 8:22 9:3 9:7 9:11 10:3 14:15 15:24 16:3 27:19 28:2 28:11 30:21 33:11 33:19 34:7 | | **yeah**(3) 4:15 5:20 6:20 | | | |
| **told**(5) 20:19 21:3 21:3 27:23 29:21 | | | | **year**(6) 20:12 23:14 25:17 30:24 30:25 34:14 | | | |
| **tolerated**(1) 19:10 | | | | | | | |
| **took**(2) 28:25 34:10 | | **wells**(4) 12:12 12:23 13:3 13:4 | | | | | |
| **tori**(1) 6:3 | | **went**(1) 26:19 | | | | | |