IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*, | Case No. 07-11047 (CSS) |
|  | Jointly Administered |
| Debtors. |  |

## NOTICE OF SUBPOENA FOR VIDEOTAPE TRIAL DEPOSITION DIRECTED TO JANE LARKIN

PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(1) and 45, as made applicable through Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, the Debtors will take the videotape trial deposition of Jane Larkin. The deposition of Ms. Larkin shall commence on October 12, 2010 at 9:00 a.m. (CT) at the offices of Jones Day, 2727 North Harwood Street, Dallas, Texas 75201. The deposition will be taken pursuant to all applicable rules of the Court before a notary public or other such person authorized by law to administer oaths. The deposition will be recorded by stenographic means and by sound and visual means.

Dated: Wilmington, Delaware
September 28, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors*

YCST01:10207989.1                                                                                    066585.1001

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

SUBPOENA IN A CIVIL CASE

Chapter 11

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,

Case No. 07-11047 (CSS) (Bankr. D. Del.)

Debtors.

Jointly Administered

To: Jane Larkin
c/o Keith C. McDole, Esquire
2727 North Harwood
Dallas, Texas 75201
kcmcdole@jonesday.com

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Day<br>2727 North Harwood Street<br>Dallas, Texas 75201 | October 12, 2010 at 9:00 a.m. CT |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents listed on the attached Schedule A at the place, date, and time specified below by electronic medium and transmission, overnight courier, or such other methods as the parties may direct.

| PLACE: | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) _____ Counsel to the Debtors | Date: September 28, 2010 |

YCST01:10207989.1

066585.1001

| Issuing Officer's Name, Address, and Phone Number |
|---|
| Erin Edwards, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801 (302) 571-6600 |

(See Rule 45, Federal Rules of Civil Procedure Parts C & D below)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | September 28, 2010 | See below |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Keith C. McDole, Esquire<br>2727 North Harwood<br>Dallas, Texas 75201<br>kcmcdole@jonesday.com | By electronic mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Erin Edwards | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/28/2010
DATE

SIGNATURE OF SERVER
1000 West Street, Wilmington DE 19801
ADDRESS OF SERVER

---

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issues and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

    (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that –

        (i) fails to allow a reasonable time to comply;

        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that

person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires;
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) **Duties in Responding to a Subpoena.**
(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information.
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for that discovery.
(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.*
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any other copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) **Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(i).