IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE                                          :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                 :
                                                                :   Jointly Administered
                         Debtors.                               :
--------------------------------------------------------------- x   Ref. Docket No. 8812, 8847 and 9213

## CERTIFICATION OF COUNSEL

Erin Edwards, counsel to the above-captioned debtors (the "Debtors"), respectfully represents and certifies the following:

1.  The Motion of Deborah Mills for Order to (I) Amend Proof of Claim and (II) Motion for Order of Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Funds and (III) Order of Right to Protection of Certain Property Interests Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549 [D.I. 8812] was filed on April 30, 2010 (the "Motion").

2.  The Debtors filed an objection to the Motion on May 11, 2010 [D.I. 8847].

3.  The Court entered the parties' Proposed Scheduling Order on August 17, 2010 [D.I. 9149]. A revised scheduling order was entered by the Court on September 13, 2010 [D.I. 9213].

4.  The parties have exchanged discovery including document production requests seeking production of electronically stored documents under an expedited timeframe. In an effort to protect the confidentiality of certain information exchanged by the parties as a result of participating in discovery with respect to the Motion, the parties have agreed to an approach to prevent the improper disclosure of highly confidential consumer information which involves

following an established protocol for the designation and limited disclosure of any information that is reasonably believed to be required to be maintained confidential by federal, state or local laws, rules, regulations or any such other ordinances which govern or relate to privacy rights.

6. A Stipulated Protective Order reflecting the parties agreement has been prepared and is attached hereto as <u>Exhibit 1</u>. Such stipulated order has been agreed to by all parties in the case.

WHEREFORE, the parties respectfully request that the Stipulated Protective Order be entered at the earliest convenience of the Court.

Dated: Wilmington, Delaware  
September 28, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Erin Edwards*  
Sean M. Beach (No. 4070)  
Sharon M. Zieg (No. 4196)  
Erin D. Edwards (No. 4392)  
Margaret B. Whiteman (No. 4653)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel for Debtors*

# **EXHIBIT 1**

YCST01:10209100.1                                                                                                                          066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
|  | Jointly Administered |
| Debtors. | **Reference Docket Nos. 8812, 8847 & 9213** |

## STIPULATED PROTECTIVE ORDER
## GOVERNING THE PRODUCTION OF CONFIDENTIAL MATERIALS

The parties, by and through their undersigned counsel of record ("Undersigned Counsel") in connection with the contested matter (the "Contested Matter") that is the subject of the Scheduling Order Relating to the Motion of Deborah Mills for Order to (I) Amend Proof of Claim and (II) Motion for Order Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Funds and (III) Order a Right to Protection of Certain Property Interests Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549 [D.I. 9213], hereby stipulate and agree to the following Stipulation and Protective Order (the "Protective Order"):

1. This Protective Order shall govern the designation and handling of any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced herein by or on behalf of a party (or any of its attorneys or agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom ("Discovery Materials").

2. "Document" or "Documents" means all documents and things subject to discovery under Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), including but not

1

limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, prescriptions, package inserts or other information accompanying medications, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, other data compilations (in any form) from which information can be obtained, recordings made through data processing techniques and the written information necessary to understand and use such materials, and any other documents discoverable under the FRCP.

   3. "Person" or "Persons" means any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), domestic or foreign company, corporation, partnership, joint venture, sole proprietorship, association, business trust, government or government agency or any other incorporated or unincorporated business, government or legal entity.

4.      This Protective Order shall govern the handling of all Discovery Materials before the hearing of any motions in the Contested Matter. This Protective Order shall also govern the handling after such hearing(s) of all Discovery Materials that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" ("Confidential Discovery Materials") pursuant to paragraphs 6 and 7, respectively, below, that do not become part of the record. With respect to documents or information to be used at the hearing(s), the parties shall meet and confer promptly after the entry of the Protective Order (a) to reach an agreement as to the treatment and use of Confidential Discovery Materials to be used at hearing(s); (b) to reach an agreement as to any objections to the use of Confidential Discovery Materials at hearing(s); (c) to designate certain Confidential Discovery Materials as hearing exhibits, and (d) to develop a method for maintaining the confidentiality of any Confidential Discovery Materials used at hearing(s). If no agreement is reached between the parties, the parties expressly reserve their rights to address these matters with the Court.

5.      Any person who produces Discovery Materials in the Contested Matter may designate such Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order by affixing to them the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a size and location that makes the designation readily apparent.

6.      Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief by the producing party that such materials contain (a) proprietary or commercially sensitive business information, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information which the producing party is obligated to keep confidential, as reasonably determined by the person producing the material.

7. Designation of Discovery Materials as "HIGHLY CONFIDENTIAL" shall be based on a good faith belief by the producing party that such materials contain (a) information concerning products, services, business plans, marketing plans or strategic plans, which are not yet publicly available and which have not yet been announced, (b) information concerning future plans or directions for existing or new products or services, including but not limited to competitive analysis, or (c) information concerning particularly confidential business information disclosure of which would put it at a severe competitive disadvantage or that is otherwise particularly sensitive personal information.

8. Except as set forth herein or in any subsequent order of the Court, Confidential Discovery Materials, and any part of the information contained therein, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

(a) the Court and persons employed by it or appointed by it in connection with the Contested Matter;

(b) court reporters, videographers or other qualified persons taking testimony;

(c) current employees of each of the parties, including their parents, subsidiaries and affiliates, except that material designated "HIGHLY CONFIDENTIAL" shall not be disclosed to a non-producing party or any of its officers or employees other than in-house counsel, and one designated business person who shall be identified in advance in writing to outside counsel for the producing party;

(d) Undersigned Counsel for a party to the Contested Matter, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(f) independent experts or consultants retained by Undersigned Counsel to assist in the preparation of hearing(s) in connection with the Contested Matters, or to testify at those hearing(s) or any other proceeding in the Contested Matters;

(g) actual or potential party or non-party fact witnesses, provided there is a reasonable basis to believe that the fact witness will give relevant testimony regarding the designated Discovery Materials;

(h) witnesses at or in preparation for deposition or hearings, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the designated Discovery Materials;

(i) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

(j) such other persons as the parties may agree upon in writing.

9. A party also may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Discovery Materials produced by any non-party, to the extent that the Discovery Materials produced satisfy the standards set forth in paragraphs 6 and 7, respectively, above.

10. All Confidential Discovery Materials, whether produced by parties or non-parties, shall be used by the parties solely for the prosecution and defense of the Confirmation Proceedings, and shall not be used for any other purpose.

11. Any party wishing to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during

the deposition, or within five (5) days after receipt of the deposition transcript by providing written notice of the designation to the other party and any other affected person(s). The party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are appropriately marked and sealed by the reporter. The parties shall avoid designating entire transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated. To the extent that deposition testimony later designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is disclosed by a party prior to the other party's designation of that testimony, such disclosure shall not constitute a breach of this Protective Order.

12. Discovery Materials previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or that are marked as exhibits during a deposition shall be treated by the parties in accordance with their original designation.

13. Whenever Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or are to be discussed or disclosed in a deposition, any party discussing or disclosing such Discovery Materials must first exclude from the room any person who is not entitled to receive or review such material under this Protective Order.

14. Any Discovery Materials that are inadvertently produced, after the entry of this Protective Order, without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, or that are mistakenly designated such that the designation they have been given affords a lesser protection than the designation that the producing party believes they should have, may be subsequently redesignated by the producing party as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" upon written notice making such designations by specific reference to the production numbers of documents previously produced. No person shall be liable for disclosing a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

15. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials filed with the Court for any pre-hearing purpose shall not be part of the public record. Such materials shall be filed in a sealed envelope or other container, marked on the outside with the caption of the Bankruptcy Proceedings and the appropriate legend.

16. Undersigned Counsel agree that they will instruct all persons employed by any party to the Contested Matter who are given access to protected Discovery Materials that they are bound, and the parties are bound, by the terms of this Protective Order.

17. Undersigned Counsel shall require that all persons described in paragraphs 8(c) and 8(f)-(h) before they are given access to protected Discovery Materials, must read and agree to be bound by this Protective Order by endorsing the certification attached hereto as Exhibit A (the "Certification").

18. All Certifications shall be maintained by the counsel authorizing the disclosure. If a witness refuses to execute a Certification, the party seeking to disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials to that person in accordance with the terms of this Protective Order may do so only in the course of testimony but not during preparation for testimony, and any disclosure in the course of testimony may be made only if (1) the party shows the witness a copy of this Protective Order and requests that he or she read it; and (2) the party informs the witness that documents that will be shown to the witness are

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as the case may be, and that, under this Protective Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided in the Protective Order. This advice to a non-signing witness shall be made on the record at a deposition, hearing or trial.

19. The provisions of this Protective Order, insofar as they restrict the disclosure and use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Protective Order, as well as Undersigned Counsel, notwithstanding the entry of any judgment or dismissal herein or the final termination of the Confirmation Proceedings.

20. If any party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials received from another party, that party shall give notice to the producing party within three (3) business days of receipt of such subpoena or court order, and in no event less than five (5) business days prior to the time for production of such Discovery Materials pursuant to the subpoena or court order. If such written notice cannot be made, the party receiving the subpoena must immediately give notice to counsel for the producing party by telephone. In no event shall production or disclosure of protected Discovery Materials be made before notice is given. The purpose of this paragraph is to provide the producing party the opportunity to intervene at its own expense to object to the production of such Discovery Materials.

21. Any party may object to the designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" made by the other party. Any such objection must be in writing to Undersigned Counsel who made the original designation and the objecting party must request a conference to attempt to resolve the dispute. If the dispute is not

resolved through this meet-and-confer process, the other party may seek appropriate relief from the Court on an expedited basis. The designating party shall have the burden to demonstrate that the Discovery Materials that are the subject of any motion before the Court were properly designated pursuant to this Protective Order. In the event that a large number of such Discovery Materials are in dispute, the parties shall use their best efforts to agree upon a reasonable amount of time during which any party may move the Court for appropriate relief. Any disputed Discovery Materials shall be treated in accordance with their designation under this Protective Order until the Court rules otherwise.

22. If a party objects to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation by a non-party, the party shall notify Undersigned Counsel and the non-party. If the designation is not lifted by agreement of the non-party so designating, the objecting party may seek appropriate relief from the Court on an expedited basis. Until the matter is resolved by the Court, the disputed Discovery Materials shall be treated in accordance with the non-party's designation under this Protective Order.

23. Nothing in this Protective Order shall prejudice the right of any party to the Confirmation Proceedings to apply to the Court for a further Protective Order.

24. The inadvertent production of any document or other disclosure of any document or information that the producing party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within five (5) days after the discovery of the inadvertent production, the producing party shall provide written notice to the receiving party that privileged documents or

information have been inadvertently produced or disclosed and request the return of such documents or information. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned within five (5) days of such demand.

25. If any party objects to a claim of privilege, a claim of inadvertent production and/or the timeliness of notice of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other. The parties shall attempt to resolve the dispute amicably within the five (5) days following such notice. If the dispute is not resolved, the party seeking to claim privilege may move the Court for a protective order concerning the document(s) at issue. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the parties otherwise agree.

26. Within thirty (30) days following the conclusion of the Contested Matters, including any appeal, and after the termination of Contested Matters has become final, a producing party may request the destruction or the return of all copies of all Discovery Materials produced in the Contested Matters, except those filed with the Court. If such a request is made in writing, the recipient of such a request shall have ten (10) days in which to (a) return all copies of the Discovery Materials, if that is the request, or (b) destroy all copies of the Discovery Materials, if that is the request, and, if the Discovery Materials are destroyed, to certify in writing that such destruction has occurred.

27. Nothing in this Protective Order shall limit any producing party's use of its own documents or prevent any producing party from disclosing its confidential information to

any person. Such disclosures shall not affect any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations made pursuant to the terms of this Protective Order so long as disclosure is made in a manner in which is reasonably calculated to maintain the confidentiality of the information.

28. The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials in accordance with this Protective Order is intended solely to facilitate the preparation and trial of the Confirmation Proceedings. The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be construed as an admission or concession that the designated Discovery Materials contain trade secrets or proprietary business information or is otherwise confidential information. Conversely, the failure to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of any claim outside the Confirmation Proceedings that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

29. Any producing party or non-party for good cause may apply to the Court for the modification of this Protective Order, provided that the party or non-party seeking such modification shall first attempt in good faith to reach agreement with the other parties to this action regarding any proposed modification.

30. Nothing in this Protective Order shall relieve a party of its obligations under applicable rules of procedure, or under any future Stipulations and Orders, regarding the production of documents or the making of timely responses to discovery requests.

31. This Protective Order may be signed in counterparts.

32. The parties agree to be bound by the terms of this Protective Order upon the signing of the Protective Order by all Undersigned Counsel.

IT IS HEREBY STIPULATED AND AGREED:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
Erin Edwards (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6712

*Attorneys for the Debtors*

STAMOULIS & WEINBLATT LLC

By: _____
Stamatious Stamoulis
Two Fox Point Center
6 Denny Road
Suite 307
Wilmington, DE 19809
(302) 999-1540

*Attorneys for Deborah Mills*

IT IS SO ORDERED: _____
Christopher S. Sontchi
United States Bankruptcy Judge

Dated: September ___, 2010

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | **Reference Docket Nos. 8812, 8847 & 9213** |
| ------------------------------------------------------- x | | |

## CERTIFICATION

I certify that I have received and read a copy of the Protective Order in <u>In re American Home Mortgage Holdings, Inc.</u>, Case No. 07-11047 (CSS). I agree to be bound by it, and I understand that I may be subject to contempt proceedings in the United States Bankruptcy Court for the District of Delaware if I violate it. I further understand that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Protective Order, and any notes, memoranda, or other form of information derived from it, may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Protective Order.

Date: _____        _____
                                                                      Name:
                                                                      Title: