## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: Oct. 14, at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 21, 2010 at 11:30 a.m. (ET)**<br>**Ref. Docket Nos. 9278 & 9279** |

### MOTION TO FILE DEBTORS' ANSWERING BRIEF AND AFFIDAVIT IN OPPOSITION TO MOTION BY U.S. BANK, N.A. (F/K/A PARK NATIONAL BANK) FOR SUMMARY JUDGMENT UNDER SEAL

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file, under seal, unredacted versions of the *Debtors' Answering Brief in Opposition to Motion by U.S. Bank, N.A. (f/k/a Park National Bank) for Summary Judgment* [Docket No. 9278] (the "Answering Brief") and the *Affidavit of Andrew A. Lundgren* [Docket No. 9279] (the "Affidavit"). In support of the Motion, the Debtors respectfully state as follows:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## JURISDICTION

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

2.    On August 6, 2007 (the "Petition Date"), the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code").  The Debtors have continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    An official committee of unsecured creditors (the "Committee") was appointed on August 14, 2007.  An official committee of borrowers was appointed on October 21, 2008, and disbanded on August 16, 2010.  No trustee or examiner has been appointed.

4.    The Debtors filed an Amended Chapter 11 Plan of Liquidation (as amended, supplemented and/or modified, the "Plan") with the Court on November 25, 2008. The Court entered an order confirming the Plan on February 23, 2009 [Docket No. 7042].  The Plan has not yet gone effective.

5.    On September 16, 2010, Park National Bank and Trust of Chicago, the predecessor to North Star Trust Company, as successor-trustee to Park National Bank and Trust

Company of Chicago, ("Park National") filed its *Motion by U.S. Bank, N.A. (f/k/a Park National Bank) for Summary Judgment* [Docket No. 9230] (the "Summary Judgment Motion").

6.      On September 30, 2010, the Debtors filed the Answering Brief and Affidavit. Both the Answering Brief and Affidavit contain certain information concerning a non-party, The Equitable Funds, LLC ("Equitable Funds") that it asserts is proprietary information. Accordingly, the Debtors filed versions of the Answering Brief and Affidavit that redacted such information.

7.      Specifically, attached to the Affidavit are excerpts of the deposition of Joshua Silverglade, Equitable Funds' 30(b)(6) designee, and other documents that reproduce statements made by Equitable Funds in connection with Equitable Funds' efforts to purchase certain real property that is the subject of the Summary Judgment Motion. In addition, references to such deposition excerpts and documents are contained within the Brief.

**RELIEF REQUESTED**

8.      By this Motion, the Debtors respectfully request that the Court enter an order authorizing and directing that unredacted copies of the Answering Brief and Affidavit, which contain sensitive commercial information proprietary to Equitable Funds, be filed under seal and not made publicly available.

**BASIS FOR RELIEF REQUESTED**

9.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —

(1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10.    Bankruptcy Rule 9018 set forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." FED. R. BANKR. P. 9018.  Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect with the Clerk." DEL. BANKR. L.R. 9018-1(b).

11.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27.

12.    Notwithstanding the fact that "good cause" is not a prerequisite, the Debtors submit that good cause exists for the Court to grant the relief requested herein.  At the outset of Equitable Funds' deposition, Mr. Silverglade requested, based on certain confidentiality agreements entered into among Equitable Funds, the Debtors, and Park National, that the transcript of the deposition not be publically disclosed.  The Debtors and Park National each

assented to Equitable Fund's request. Thus, filing unredacted copies of the Answering Brief and Affidavit under seal is in furtherance of the agreement and understanding between the parties.

## NOTICE

13.    Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel for Park National; (iii) the Committee; and (iv) all parties entitled to notice under Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PREVIOUS REQUEST

14.    No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file the Answering Brief and Affidavit under seal and grant such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       October 1, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Sharon M. Zieg (No. 4196)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

*Counsel to Debtors and Debtors in Possession*