# EXHIBIT A

## Settlement Agreement

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("<u>Agreement</u>") is entered into as of October 13, 2010 by and among American Home Bank, a division of First National Bank of Chester County (f/k/a American Home Bank, N.A.), a national bank ("<u>AHB</u>"), American Home Bank, a federal savings association organized under the laws of the United States ("<u>American Home Bank</u>"), American Home Mortgage Investment Corp., a Maryland corporation, as a debtor and debtor-in-possession ("<u>AHM Investment</u>"), American Home Mortgage Corp., a New York corporation, as a debtor and debtor-in-possession ("<u>AHM Corp.</u>"). Each party is referred to herein as a "Party" and, collectively, as the "Parties."

### RECITALS:

WHEREAS, AHM Investment and AHM Corp. filed an action against AHB in the United States District Court for the Southern District of New York (the "<u>SDNY</u>"), on or about May 24, 2007, styled *American Home Mortgage Investment, Corp., and American Home Mortgage Corp. v. American Home Bank, N.A.*, (Index No. 07 Civ. 4077 (LAP)) (the "<u>Action</u>");

WHEREAS, the complaint filed in the Action (the "<u>Complaint</u>") alleges, among other things, service mark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); the use of false designations in commerce and false representations in commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law service mark infringement, unfair competition, and deceptive trade practices under the laws of the State of New York;

WHEREAS, on or about July 13, 2007, AHB answered the Complaint and filed its own counterclaims against American Home Bank, AHM Investment, and AHM Corp. (collectively, the "<u>AHM Parties</u>") for, among other things, service mark infringement under Section 43(a) of the Lanham Act, common law service mark infringement, unfair competition and deceptive trade practices under the laws of the State of New York (the "<u>Counterclaim</u>");

WHEREAS, the AHM Parties answered the Counterclaim on or about August 2, 2007;

WHEREAS, AHM Investment and AHM Corp. (collectively, the "<u>Debtors</u>") filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code on August 6, 2007, in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), which automatically stayed the Action;

WHEREAS, on or about January 10, 2008, the United States Patent and Trademark Office registered AHB's service mark, "American Home Bank," on the principal register;

WHEREAS, American Home Mortgage Holdings, Inc., American Home Bank, and The Bancorp, Inc. had entered into a stock purchase agreement (the "SPA") to sell the stock of American Home Bank to The Bancorp, Inc.;

WHEREAS, on or about May 15, 2009, the Bankruptcy Court approved the terms of a settlement by and among the Parties and The Bancorp, Inc. contingent upon the closing of the sale pursuant to the terms of the SPA (the "Original Settlement");

WHEREAS, the SPA provided that if the approval of the Office of Thrift Supervision ("OTS") was not received by September 30, 2009, subject to extension, the SPA could be terminated;

WHEREAS, approval of the OTS was not received and the SPA and Original Settlement terminated;

WHEREAS, American Home Bank is now in the process of liquidating;

WHEREAS, American Home Bank will cease using the name "American Home Bank" upon completing its voluntary dissolution; and

WHEREAS, the Parties wish to avoid further costly litigation concerning the use of the name "American Home Bank," and, toward these ends, the Parties have engaged in good-faith settlement negotiations in an attempt to reconcile their positions and wish to have their mutual understandings and agreements documented as set forth herein.

NOW, THEREFORE, in consideration of the mutual promises, representations, warranties and agreements, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## AGREEMENTS:

1. <u>Capitalized Terms</u>. Capitalized terms used herein (including the foregoing recitals) that are not otherwise defined shall have the meanings ascribed to those terms in 11 U.S.C. § 101.

2. <u>Limitation on Use of Name Prior to Completing Voluntary dissolution</u>. The AHM Parties hereby promise, agree, and covenant not to sell, assign, transfer, or convey to any Person the right to use the name "American Home Bank." The AHM Parties further promise, agree, and covenant to refrain from taking any further action in the prosecution of AHM Investment's application with the United States Patent & Trademark Office to trademark the name "American Home Bank."

3. <u>Cessation of Use of Name Upon Completing Voluntary dissolution</u>. The AHM Parties hereby promise, agree, and covenant that, upon completing the voluntary dissolution of American Home Bank, and the cancellation of American Home Bank's charter by the OTS, the AHM Parties shall cease using the name "American Home Bank" in commerce. The AHM Parties shall use commercially reasonable efforts to

complete the voluntary dissolution and cancel the federal savings association charter of American Home Bank on or about December 31, 2010. AHB recognizes that the ability of the AHM Parties to fully liquidate, and cancel the charter of, American Home Bank will be largely determined by the timing of regulatory authority approvals and the voluntary dissolution of the American Home Bank assets; accordingly, AHB agrees that the forgoing sentence shall in no way create a binding obligation on the AHM Parties to complete the voluntary dissolution of, and cancel the federal savings association charter of, American Home Bank on or about December 31, 2010.

4. <u>Dismissal of Action with Prejudice</u>. Upon cancellation of American Home Bank's charter and the complete cessation by the AHM Parties of the use of the name "American Home Bank" in commerce, AHB and the Debtors each promise, agree, and covenant to cause their attorneys to submit to the SDNY a stipulation (the "<u>Stipulation</u>"), substantially in the form attached hereto as <u>Exhibit A</u>, dismissing the Action with prejudice.

5. <u>Mutual Release</u>. Upon the filing of the Stipulation with the SDNY, the Parties, individually and on behalf of each of its subsidiaries and affiliates, irrevocably and unconditionally, without limitation, release, acquit and forever discharge the other Parties from any and all claims (including, without limitation, administrative or priority claims), counterclaims, actions, or causes of action, arising from, relating to, or connected with the use of the name "American Home Bank," including, without limitation, claims of service mark infringement and any other claims alleged by any Party in the Action. Upon the filing of the Stipulation with the SDNY, claim number 8480 against AHM Investment, claim number 8841 against AHM Corp., and any other claims filed by or on behalf of AHB in the Debtors' bankruptcy cases shall be deemed disallowed, with prejudice, and without the need for any further action by the Parties or order from the Bankruptcy Court.

6. <u>No Admission of Liability</u>. By entering into this Agreement, none of the Parties admits any liability to any other Party. The Parties are settling the claims set forth herein solely in the interest of reasonable compromise and avoidance of continued expense and burden associated with the negotiation and continued litigation of the Action. None of this Agreement, any of its terms or provisions nor any of the negotiations or proceedings in connection with it (a) are, or are intended to be, an admission by any Party of any evidence of the truth of any fact alleged, or the validity of any claim that has been or could have been asserted, or of any liability, fault or wrongdoing of any Party, or (b) shall be offered or received in evidence in any action or proceeding of any kind other than such proceedings as may be necessary to consummate, defend or enforce this Agreement.

7. <u>Representations and Warranties of AHB</u>. AHB represents and warrants to the AHM Parties (which representations and warranties shall survive the execution and delivery of this Agreement and the completion of the transactions contemplated hereby) the following:

(a) <u>Legal Power; Organization</u>. AHB has been duly organized, and is validly existing under the laws of the United States of America, has all requisite power and authority to execute and deliver this Agreement and to consummate the transactions contemplated hereby, and has taken all necessary corporate action to authorize the execution, delivery and performance of this Agreement;

(b) <u>Binding Agreement</u>. This Agreement has been duly executed and delivered by AHB and, assuming due and valid authorization, execution and delivery by the other Parties, this Agreement constitutes a legal, valid and binding obligation of AHB, enforceable against AHB in accordance with its terms; and

(c) <u>Duly Authorized Agents</u>. The person executing this Agreement on behalf of AHB is a duly authorized agent of AHB and has full authority to enter into this Agreement.

8. <u>Representations and Warranties of American Home Bank</u>. American Home Bank represents and warrants to AHB (which representations and warranties shall survive the execution and delivery of this Agreement and the completion of the transactions contemplated hereby) the following:

(a) <u>Legal Power; Organization</u>. American Home Bank is validly existing under the laws of the United States of America and has all requisite power and authority to execute and deliver this Agreement and to consummate the transactions contemplated hereby, and has taken all necessary corporate action to authorize the execution, delivery and performance of this Agreement;

(b) <u>Binding Agreement</u>. This Agreement has been duly executed and delivered by American Home Bank and, assuming due and valid authorization, execution and delivery by the other Parties, this Agreement constitutes a legal, valid and binding obligation of American Home Bank, enforceable against American Home Bank in accordance with its terms; and

(c) <u>Duly Authorized Agents</u>. The person executing this Agreement on behalf of American Home Bank is a duly authorized agent of American Home Bank and has full authority to enter into this Agreement.

9. <u>Representations and Warranties of the Debtors</u>. Each of the Debtors represents and warrants to AHB (which representations and warranties shall survive the execution and delivery of this Agreement and the completion of the transactions contemplated hereby) the following:

(a) <u>Legal Power; Organization</u>. Each of the Debtors has been duly incorporated and is validly existing and in good standing under the laws of its jurisdiction of incorporation, has all requisite power and authority to execute and deliver this Agreement and to consummate the transactions contemplated hereby (subject to the approval of the Bankruptcy Court), and has taken all necessary

corporate or other action to authorize the execution, delivery and performance of this Agreement;

(b) <u>Binding Agreement</u>. This Agreement has been duly executed and delivered by each of the Debtors and, assuming due and valid authorization, execution and delivery by each of the other Parties, and subject to the approval of the Bankruptcy Court, this Agreement constitutes a legal, valid and binding obligation of the Debtors, enforceable against each of them in accordance with its terms; and

(c) <u>Duly Authorized Agents</u>. The person executing this Agreement on behalf of each of the Debtors is a duly authorized agent of such Debtor and has full authority to enter into this Agreement.

10. <u>No Waiver</u>. No failure by any Party to exercise or delay in exercising any particular right, power, or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any other right, power or privilege hereunder preclude any other or further exercise thereof, or the exercise of any other right, power, or privilege. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights or remedies provided by law or in any other agreement.

11. <u>Attorneys' Fees</u>. The Parties will bear their own attorneys' fees and costs incurred in litigating the Action, including the fees and costs associated with the execution of this Agreement and seeking the Bankruptcy Court's approval of this Agreement.

12. <u>Successors</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors (including, without limitation, the Debtors' liquidating trust (the "<u>Plan Trust</u>") established as part of the plan of voluntary dissolution of the Debtors (the "<u>Plan</u>"), and the trustees of the Plan Trust), assigns, purchasers and representatives.

13. <u>Entire Agreement; No Third Party Beneficiaries</u>. This Agreement (a) constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the Parties with respect to the subject matter hereof, and (b) is not intended to confer any rights or remedies upon any person or entity other than the Parties, except as provided in Paragraph 12.

14. <u>Severability</u>. If any of the provisions contained in this Agreement or any other documents referred to herein or executed in connection with this Agreement or otherwise should be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein and therein shall not in any way be affected thereby. It is the intention of the Parties that if any such provision is held to be illegal, invalid, or unenforceable, there will be added in lieu thereof a provision as similar to such provision as is possible to be legal, valid and enforceable.

15. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when two or more counterparts have been signed by each of the Parties and delivered to the other Parties. Copies of executed counterparts transmitted by telecopy or other electronic transmission service shall be considered original executed counterparts, provided receipt of such counterparts is confirmed.

16. <u>Descriptive Headings</u>. Descriptive headings of the several sections of this Agreement are inserted for convenience only and do not constitute a part of this Agreement.

17. <u>Consultation with Attorneys</u>. Each Party has consulted with its own attorneys in the negotiation and drafting of this Agreement and fully understands the terms hereof, and that each Party has received legal advice from its own attorneys regarding the advisability of entering into the settlement provided for herein and is voluntarily executing this Agreement.

18. <u>Effective Date</u>. This Agreement shall become effective only upon the execution by all parties and approval by the Bankruptcy Court.

19. <u>Venue and Retention of Jurisdiction</u>. Without limiting any Party's right to appeal any order of the Bankruptcy Court, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the Parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

20. <u>Construction</u>. The Parties have cooperated in the drafting and preparation of this Agreement. Therefore, in any construction to be made of this Agreement, the Agreement shall not be construed for or against any Party on that basis.

*{Signature Page Follows}*

IN WITNESS HEREOF, the Parties have caused this Release and Settlement Agreement to be executed by their respective officers thereunto duly authorized as of the date first written above.

AMERICAN HOME BANK, a division of First National Bank of Chester County (formerly known as American Home Bank, N.A.)

By: _____
Name:  James M. Deitch
Title:    Managing Director, American Home Bank
         COO, First National Bank of Chester County

AMERICAN HOME BANK, a federal savings association organized under the laws of the United States

By: _____
Name:
Title:


AMERICAN HOME MORTGAGE INVESTMENT CORP., a Maryland corporation as Debtor and Debtor-in-Possession

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer


AMERICAN HOME MORTGAGE CORP., a New York corporation, as Debtor and Debtor-in-Possession

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer

IN WITNESS HEREOF, the Parties have caused this Release and Settlement Agreement to be executed by their respective officers thereunto duly authorized as of the date first written above.

AMERICAN HOME BANK, a division of First National Bank of Chester County (formerly known as American Home Bank, N.A.)

By: _____
Name:
Title:

AMERICAN HOME BANK, a federal savings association organized under the laws of the United States

By: *[signature]*
Name: FORREST KOBAYASHI
Title: PRESIDENT AND CEO

AMERICAN HOME MORTGAGE INVESTMENT CORP., a Maryland corporation as Debtor and Debtor-in-Possession

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer

AMERICAN HOME MORTGAGE CORP., a New York corporation, as Debtor and Debtor-in-Possession

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer

IN WITNESS HEREOF, the Parties have caused this Release and Settlement Agreement to be executed by their respective officers thereunto duly authorized as of the date first written above.

AMERICAN HOME BANK, a division of First National Bank of Chester County (formerly known as American Home Bank, N.A.)

By: _____
Name:
Title:

AMERICAN HOME BANK, a federal savings association organized under the laws of the United States

By: _____
Name:
Title:

AMERICAN HOME MORTGAGE INVESTMENT CORP., a Maryland corporation as Debtor and Debtor-in-Possession

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer

AMERICAN HOME MORTGAGE CORP., a New York corporation, as Debtor and Debtor-in-Possession

By: _____
Name: Kevin Nystrom
Title: Chief Restructuring Officer

## Exhibit A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN HOME MORTGAGE INVESTMENT CORP. and AMERICAN HOME MORTGAGE CORP., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME BANK, N.A., <br><br> Defendant. | No. 07-CV-4077 (LAP) |

### STIPULATION OF DISMISSAL

It is hereby stipulated and agreed between counsel for Plaintiffs, American Home Mortgage Investment Corp. and American Home Mortgage Corp., and counsel for Defendant, American Home Bank, N.A., that the above-captioned proceeding is hereby dismissed with prejudice.

Dated: _____

_____
Sean M. Beach (No. 4512554)
**YOUNG, CONAWAY, STARGATT & TAYLOR, LLP**
845 Third Avenue, Suites 606 & 608
New York, NY 10022
*Attorneys for American Home Mortgage Investment Corp. and American Home Mortgage Corp.*

Dated: _____

_____
James E. Hough (No. 2109775)
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, NY 10104-0101
*Attorneys for American Home Bank, N.A.*