## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

       Debtors.

------------------------------------------------------------------------ x

: Chapter 11
:
:
: Case No. 07-11047 (CSS)
:
:
: Jointly Administered
:
: **Ref. Docket Nos. 6008, 6009, 6462,**
: **6463, 7084, 7234, 7280 & 7399**

### CERTIFICATION OF COUNSEL SUBMITTING STIPULATION
### RESOLVING CERTAIN OF THE DEBTORS' OMNIBUS OBJECTIONS
### TO CLAIMS WITH RESPECT TO CLAIM NUMBERS 1906, 1909, 6924,
### 6930 & 8156 FILED BY JOSEPH BARTOLOTTA

The undersigned counsel to the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.      On November 6, 2007, Joseph W. Bartolotta ("Bartolotta") filed proof of claim numbers 1906 and 1909 ("Claim 1906 and Claim 1909, respectively) against debtor American Home Mortgage Holdings, Inc. (Case No. 07-11047) ("AHM Holdings"). Pursuant to Claim 1906, Bartolotta asserts an unsecured claim in the amount of $75,000, of which $10,950 is allegedly entitled to priority status, on account of an unissued stock due and owing to him. With respect to Claim 1909, Bartolotta asserts a general unsecured claim in the amount of $350,000 for unpaid severance pay owed to him in accordance with the terms of his employment contract.

2.      On January 3, 2008, Bartolotta filed proof of claim numbers 6924 and 6930 ("Claim 6924 and Claim 6930, respectively) against AHM Holdings. Pursuant to Claim 6924,

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Bartolotta asserts an unsecured claim in the amount of $19,027.37, of which $10,950 is allegedly entitled to priority status, for amounts owed to him on account of unused vacation pay. By Claim 6930, Bartolotta asserts a general unsecured claim in the amount of $1,706.08 for unreimbursed business expenses.

3.      On January 10, 2008, Bartolotta filed proof of claim number 8156 ("Claim 8156" and collectively with Claim 1906, Claim 1909, Claim 6924 and Claim 6930, the "Bartolotta Claims") against AHM Holdings pursuant to which he asserts a priority unsecured claim in the amount of $8,685.78 on account of unpaid wages.

4.      On September 22, 2008, the Debtors filed their Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "18th Objection") [Docket No. 6008]. By the 18th Objection, the Debtors requested, *inter alia*, that the Court reassign Claim 6930 from AHM Holdings to debtor American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp."). On October 24, 2008, the Court entered an order [Docket No. 6463] sustaining the 18th Objection in part and adjourning the 18th Objection with respect to, *inter alia*, Claim 6930.

5.      On September 22, 2008, the Debtors also filed their Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "19th Objection") [Docket No. 6009]. By the 19th Objection, the Debtors requested, *inter alia*, that the Court expunge and disallow Claim 1909 on the grounds that payment of the claimed bonus was discretionary pursuant to the terms of Bartolotta's employment contract. On October 24, 2008, the Court entered an order [Docket No. 6462] sustaining the 19th Objection in part and withdrawing the 19th Objection with respect to, *inter alia*, Claim 1909.

6.      On March 6, 2009, the Debtors filed their Thirty-First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "31st Objection") [Docket No. 7084].  By the 31st Objection, the Debtors requested, *inter alia*, that the Court expunge and disallow Claim 1906 and Claim 6924, respectively, on the grounds that Bartolotta will not be entitled to a distribution on account of Claim 1906 due to equitable subordination under section 510(b) of the Bankruptcy Code and no amounts were owed on account of Claim 6924 because the Debtors' books and records showed Bartolotta had no unused vacation time.  On April 6, 2009, the Court entered an order [Docket No. 7234] sustaining the 31st Objection in part and adjourning the 31st Objection with respect to, *inter alia*, Claim 1906 and Claim 6924.

7.      On April 15, 2009, the Debtors filed their Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "33rd Objection" and collectively with the 18th Objection, 19th Objection and 31st Objection, the "Objections") [Docket No. 7280].  By the 33rd Objection, the Debtors requested, *inter alia*, that the Court expunge and disallow Claim 8156 on the grounds that Bartolotta was not employed by the Debtors for the applicable time period and therefore he was not owed the claimed wages.  On May 15, 2009, the Court entered an order [Docket No. 7399] (the "33rd Order") adjourning the 33rd Objection in part and sustaining the 33rd Objection with respect to, *inter alia*, Claim 8156.

8.      The Debtors and Bartolotta (collectively, the "Parties") have engaged in extensive discussions and good faith negotiations in an effort to reach a consensual resolution of the Objections as they pertain to the Bartolotta Claims.  As a result of such discussions, the Parties have entered into the *Stipulation By And Between The Debtors And Joseph W. Bartolotta Resolving The Debtors' Omnibus Claims Objections Pertaining To Claim Numbers 1906, 1909,*

066585.1001

*6924, 6930 & 8156* (the "Stipulation"). Subject to Court approval, the Stipulation provides for, *inter alia*, the following: (a) Claim 1906 shall be an allowed general unsecured claim in the amount of $75,000; (b) Claim 1909 shall be allowed in the following amounts and priorities: (i) a general unsecured claim in the amount $347,735.78; and (ii) a priority unsecured claim in the amount of $2,264.22; (c) Claim 6924 will be disallowed and expunged in its entirety; (d) Claim 6930 shall be an allowed general unsecured claim in the amount of $1,706.08; and (e) the 33rd Order shall be vacated solely with respect to Claim 8156 and such claim will be an allowed priority unsecured claim in the amount of $8,685.78. For the avoidance of doubt, the Bartolotta Claims being allowed as set forth in the Stipulation, are allowed claims against AHM Holdings (Case No. 07-11047).

9.      Attached hereto as Exhibit A is a proposed form of order approving the Stipulation (the "Proposed Order"). The Stipulation is attached to the Proposed Order as Exhibit A.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order approving the Stipulation at its earliest convenience.

Dated: October 14, 2010
       Wilmington, Delaware

                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP


                                    _____
                                    Sean M. Beach (No. 4070)
                                    Michael S. Neiburg (No. 5275)
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, Delaware  19801
                                    Telephone: (302) 571-6756
                                    Facsimile: (302) 571-1253

                                    Counsel to the Debtors and Debtors in Possession