# EXHIBIT 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-11047 (CSS) |
| | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Ref. Docket Nos. 6008, 6009, 6462, 6463, 7084, 7234, 7280 & 7399 |

---

### STIPULATION BY AND BETWEEN THE DEBTORS AND JOSEPH W. BARTOLOTTA RESOLVING THE DEBTORS' OMNIBUS CLAIMS OBJECTIONS PERTAINING TO CLAIM NUMBERS 1906, 1909, 6924, 6930 & 8156

This stipulation (the "Stipulation") is entered into by and between the above-captioned debtors and debtors in possession (the "Debtors") and Joseph W. Bartolotta ("Bartolotta" and together with the Debtors, the "Parties"), as of the date set forth below. The Parties hereby stipulate and agree that the following terms shall govern the treatment of the claims identified herein.

### RECITALS

WHEREAS, on November 6, 2007, Joseph W. Bartolotta ("Bartolotta") filed proof of claim numbers 1906 and 1909 ("Claim 1906 and Claim 1909, respectively) against debtor American Home Mortgage Holdings, Inc. (Case No. 07-11047) ("AHM Holdings");

WHEREAS, On January 3, 2008, Bartolotta filed proof of claim numbers 6924 and 6930 ("Claim 6924 and Claim 6930, respectively) against AHM Holdings;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, on January 10, 2008, Bartolotta filed proof of claim number 8156 ("Claim 8156" and collectively with Claim 1906, Claim 1909, Claim 6924 and Claim 6930, the "Bartolotta Claims") against AHM Holdings;

WHEREAS, on September 22, 2008, the Debtors filed their Eighteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "18th Objection") [Docket No. 6008] and their Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "19th Objection") [Docket No. 6009]. Pursuant to the 18th Objection and 19th Objection, the Debtors sought an order expunging and disallowing Claim 6930 and Claim 1909, respectively;

WHEREAS, on October 24, 2008, the Court entered an order [Docket No. 6463] sustaining the 18th Objection in part and adjourning the 18th Objection with respect to, *inter alia*, Claim 6930. On that same date, the Court also entered an order [Docket No. 6462] sustaining the 19th Objection in part and withdrawing the 19th Objection with respect to, *inter alia*, Claim 1909;

WHEREAS, on March 6, 2009, the Debtors filed their Thirty-First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "31st Objection") [Docket No. 7084] pursuant to which the Debtors requested, *inter alia*, that the Court expunge and disallow Claim 1906 and Claim 6924;

WHEREAS, on April 6, 2009, the Court entered an order [Docket No. 7234] sustaining the 31st Objection in part and adjourning the 31st Objection with respect to, *inter alia*, Claim 1906 and Claim 6924;

WHEREAS, on April 15, 2009, the Debtors filed their Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 [Docket No. 7280] (the "33rd Objection" and collectively with the 18th Objection, 19th Objection and 31st Objection, the "Objections") pursuant to which the Debtors sought to expunge Claim 8156;

WHEREAS, on May 15, 2009, the Court entered an order [Docket No. 7399] (the "33rd Order") adjourning the 33rd Objection in part and sustaining the 33rd Objection with respect to, *inter alia*, Claim 8156;

WHEREAS, the Parties have conferred with respect to reaching a consensual resolution of the Objections as they pertain to the Bartolotta Claims.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. The Objections with respect to the Bartolotta Claims are resolved and such claims shall receive the treatment as set forth herein.

2. Bartolotta agrees that Claim 6924 shall be disallowed and expunged in its entirety.

3. The Debtors agree that the 33rd Order should be vacated solely with respect to Claim 8156.

4. The Debtors agree that the remaining Bartolotta Claims (collectively, the "Allowed Claims") shall receive the following treatment:

    a. Claim 1906 shall be allowed as a general unsecured claim in the amount of $75,000;

  b. Claim 1909 shall be allowed in the following amounts and priorities: (i) a general unsecured claim in the amount $347,735.78; and (ii) a priority unsecured claim in the amount of $2,264.22;

  c. Claim 6930 shall be an allowed general unsecured claim in the amount of $1,706.08; and

  d. Claim 8156 shall be an allowed priority unsecured claim in the amount of $8,685.78.

5. The Parties agree that the Allowed Claims shall be allowed against debtor American Home Mortgage Holdings, Inc. (Case No. 07-11047).

6. Upon the Court's approval of this Stipulation, Bartolotta and the Debtors do hereby fully release and discharge each other, and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating solely to the Bartolotta Claims, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties.

7. Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

8. This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

9. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

10. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 12th day of October, 2010

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession


MARK RISK, P.C.

_____
Mark D. Risk, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Telephone: (212) 682-4100
Facsimile: (212) 682-4775

Counsel to Joseph W. Bartolotta