IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **American Home Mortgage Holdings, Inc., et al.** | ) | Case No. 07-11047 (CSS) |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | OBJECTION DEADLINE: November 8, 2010 |
| | | HEARING DATE: No Hearing Set |

**COVER SHEET FOR SECOND AND FINAL APPLICATION OF GILBERT LLP
FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS**

Name of Applicant: Gilbert LLP, formerly known as Gilbert Oshinsky LLP

Authorized to Provide Professional
Services to: The Official Committee of Borrowers

Date of Retention: October 22, 2008

2nd Application Request: Fees: $82,501.50
(March 1, 2009 through August 16, 2010) Expenses: $7,530.24

Final Application Request: Fees: $440,328.90
(October 22, 2008 through August 16, 2010) Expenses: $23,527.14

1st Application Period – Previously Approved: Fees: $357,827.40
(October 22, 2008 through February 28, 2009) Expenses: $15,996.90

This is a _____ monthly _____ interim __X__ final application

# I. SECOND APPLICATION REQUEST
## MARCH 1, 2009 THROUGH AUGUST 16, 2010

### A. HOURS BILLED

| Name of Professional | Position of Applicant; Year Licensed to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Stephen Weisbrod | Partner; 1991 | $525<br>$262.50* | 82.7<br>0.8 | $43,417.50<br>$210.00 |
| Hunter Winstead | Associate; 2003 | $400<br>$200* | 86.5<br>3.0 | $34,600.00<br>$600.00 |
| Andrea Hopkins | Associate; 2008 | $295 | 5.6 | $1,652.00 |
| Caitlin Kahler | Paralegal | $180 | 5.9 | $1,062.00 |
| Peggy Holland | Paralegal | $240 | 4.0 | $960.00 |
| | Total | | 188.5 | $82,501.50 |
| | Blended Rate | | $437.67 | |

* = Non-Working Travel Rate

### B. HOURS BILLED BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Disclosure Statement/Plan of Liquidation | 57.0 | $25,117.00 |
| Motion for Relief From Stay | 95.3 | $42,782.50 |
| Retention | 22.4 | $9,907.00 |
| Fee Application | 10.0 | $3,885.00 |
| Non-Working Travel (Billed @ 50%) | 3.8 | $810.00 |
| Total | 188.5 | $82,501.50 |

## C. EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT

| Expense Category | Total |
|---|---|
| Conference Calls | $2,208.02 |
| Courier Service | $77.94 |
| Depositions/Transcripts | $1,653.25 |
| Duplication | $1,289.45 |
| Lexis | $39.13 |
| Pacer | $520.77 |
| Travel – Lodging | $657.80 |
| Travel – Meals | $30.75 |
| Travel – Taxi Fare | $51.50 |
| Travel – Train Fare | $326.00 |
| Westlaw | $675.63 |
| **Total** | **$7,530.24** |

## II. FIRST APPLICATION – APPROVED 1/11/2010
## OCTOBER 22, 2008 THROUGH FEBRUARY 28, 2009

### A. HOURS BILLED

| Name of Professional | Position of Applicant; Year Licensed to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Stephen Weisbrod | Partner; 1991 | $525<br>$262.50* | 307.8<br>3.3 | $161,595.00<br>$866.25 |
| Hunter Winstead | Associate; 2003 | $360<br>$180*<br>$400<br>$200* | 79.2<br>3.5<br>158.1<br>3.0 | $28,512.00<br>$630.00<br>$63,240.00<br>$600.00 |
| Andrea Hopkins | Associate; 2008 | $275<br>$295 | 36.6<br>59.9 | $10,065.00<br>$17,670.50 |
| Gabe LeChevallier | Associate; 2007 | $275<br>$320 | 33.4<br>91.8 | $9,185.00<br>$29,376.00 |
| Susan Casey | Paralegal | $250 | 72.8 | $18,200.00 |
| Peggy Holland | Paralegal | $240 | 18.8 | $4,512.00 |
| Caitlin Kahler | Paralegal | $160<br>$80* | 108.6<br>3.0 | $17,376.00<br>$240.00 |
| Kevin Hough | Litigation Support | $160 | 4.2 | $672.00 |
| **Total Fees Requested** | | | 984.0 | $362,739.75 |
| **Total Fees Approved** | | | | $357,827.40 |

\* = **Non-Working Travel Rate**

## B. HOURS BILLED BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Disclosure Statement/Plan of Liquidation | 923.8 | $342,630.50 |
| Retention | 19.0 | $8,308.50 |
| Fee Application | 28.4 | $9,464.50 |
| Non-Working Travel (Billed @ 50%) | 12.8 | $2,336.25 |
| **Total** | **984.0** | **$362,739.75** |

## C. EXPENSES

| Expense Category | Total |
|---|---|
| Conference Calls | $180.60 |
| Courier Service | $516.06 |
| Depositions/Transcripts | $1,325.90 |
| Lexis | $2,918.50 |
| Offsite Duplicating | $1,330.97 |
| Overnight Delivery | $150.77 |
| Pacer | $142.75 |
| Travel - Lodging | $3,092.00 |
| Travel – Meals | $515.03 |
| Travel – Taxi Fare | $338.03 |
| Travel – Train Fare | $2,618.00 |
| Westlaw | $3,125.21 |
| **Total Expenses Requested** | **$16,253.82** |
| **Total Expenses Approved** | **$15,996.90** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| American Home Mortgage Holdings, Inc., et al. | ) | Case No. 07-11047 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | OBJECTION DEADLINE: November 8, 2010 |
| | | HEARING DATE: Not Hearing Set |

**SECOND AND FINAL APPLICATION OF GILBERT LLP FOR
ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF BORROWERS
FOR THE PERIOD OF MARCH 1, 2009 THROUGH AUGUST 16, 2010**

Pursuant to 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code, entered September 3, 2007 (the "Administrative Order"), the law firm of Gilbert LLP, formerly known as Gilbert Oshinsky LLP (the "Firm " or "Applicant"), as co-counsel to the Official Committee of Borrowers of American Home Mortgage Holdings, Inc., et al. (the "Borrowers' Committee"), submits its Second and Final Application for Allowance of Fees and Reimbursement of Expenses (the "Application") seeking final allowance and payment of fees -- in addition to the $357,827.40 in compensation and $15,996.90 in reimbursement of expenses previously requested by our first interim fee application and approved by this Court on an interim basis -- in the amount of $82,501.50 and reimbursement of expenses in the amount of $7,530.24, totaling

$90,031.74[1], for the period March 1, 2009 through August 16, 2010 (the "Application Period"), final allowance of all fees and expenses previously approved by order of this Court, and in support thereof, states as follows:

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., et al., and certain of it affiliates (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On October 10, 2008, an order was entered approving the appointment of an Official Committee of Borrowers (the "Borrowers' Committee"), a copy of which is attached hereto as **Exhibit "A-1."** On October 21, 2008, the United States Trustee appointed Mr. Sam Acquisito, Mr. Christopher Bilek, Ms. Florence Dandridge, Ms. Grace Graves, Mrs. Delena Lamacchia, Ms. Penny Montague and Ms. Paula Rush as members of the Borrowers' Committee.

3. On November 4, 2008, an order was entered supplementing the order approving the Borrowers' Committee (the "Supplemental Order"), which gave the Borrowers' Committee authority to retain counsel, capped the compensation and reimbursement of expenses at $250,000.00 that the Borrowers' Committee's counsel collectively could receive from the estates, and limited the scope of the work to be performed by counsel. A copy of the Supplemental Order is attached hereto as **Exhibit "A-2."**

---

[1] Upon approval of our first interim fee application, the Debtor over paid Gilbert LLP in the amount of $5,124.27. Gilbert LLP has held this amount in trust and, upon approval of this fee application, will apply the $5,124.27 toward the amount approved by this Court.

4. On December 8, 2008, an order was entered approving retention of Applicant and Zuckerman Spaeder LLP as co-counsel for the Borrowers' Committee, as of October 22, 2008, *nunc pro tunc*. A copy of the order is attached hereto as **Exhibit "A-3."**

5. On February 23, 2009, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "Plan"). The Plan has not been consummated as of this date.

6. On April 17, 2009, Applicant filed its first interim application requesting fees in the amount of $362,739.75 and reimbursement of expenses in the amount of $16,253.82.

7. On January 11, 2010, the Court approved Applicant's first interim fee application, allowing fees in the amount of $357,827.40 and reimbursement of expenses in the amount of $15,996.90

8. During the period following Plan confirmation, the work of the Borrowers' Committee and its professionals has been limited. With few exceptions (discussed below), the Borrowers' Committee has not had occasion to participate actively in these cases and Applicant therefore has not been called upon to provide legal services on a regular basis in the cases.

9. Because of the limited nature of Applicant's work, Applicant determined that submitting interim fee applications did not make sense, in light of the costs associated with preparing such applications as well as the desirability of submitting a single application that would incorporate and place in context all of the work performed by the Borrowers' Committee and its professionals.

## Jurisdiction

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Compensation Paid and Its Source

11.     All services for which the Firm requests compensation were performed for or on behalf of the Borrowers' Committee.

## Fee Summary

12.     The Firm devoted 188.5 hours of professional time to provide legal services to the Borrowers' Committee during the Application Period.  The time record entries detailing that time, and the members of the firm providing it, consist of a daily breakdown of the total time spent by each person on each day, in each task area, and of the disbursements during the Application Period.  The time records are attached hereto as **Exhibit "B"** and incorporated by reference for all purposes.  A summary of the monthly fees and expenses is included in the Cover Sheet filed herewith.

13.     During the Application Period, the Firm performed legal services for the Borrowers' Committee in the project categories described below and as set forth in the Administrative Order.  The Firm maintained separate matter numbers for each project area.  A summary of the work performed by Applicant in each substantive area is as follows:

(a)     <u>Disclosure Statement/Plan of Liquidation</u>:  The services provided in this category include responding to inquiries from the Borrowers' Committee and individual borrowers and their counsel concerning the terms of the Plan and the effective date, as well as ensuring that the conduct of the Debtors in the course of administering the Estates prior to the Plan effective date did not undermine the protections to borrowers afforded by the Plan. To that end, the Applicant monitored the Court's docket and reviewed key pleadings to evaluate their potential impact on borrowers' interests in the Plan, prepared for and attended meetings, participated in conference calls and communications with the Borrowers' Committee, co-

counsel, Debtors' Counsel and the Unsecured Creditors' Committee, and communicated in writing regarding various issues pertaining to the Plan. Applicant also prepared an objection to a motion by the Debtors to destroy documents that, in the view of the Borrowers' Committee, were critical to borrower claims and subject to protection under the Plan. As a result of the efforts of the Firm and its co-counsel, the Debtors agreed to, among other things, preserve the documents that the Debtors had moved to destroy. Applicant also addressed efforts by certain borrowers (including one member of the Borrowers Committee) to seek to modify the Plan by, among other things, eliminating funding for an ombudsman and transferring such funding to particular borrowers. Total Hours: 57.0; Total Fees $25,117.00.

(b) <u>Motion for Relief From Stay</u>: The services provided in this category for the Application Period involved conferring with the Borrowers' Committee and individual borrowers concerning borrowers' concerns about the automatic stay and the effect of the automatic stay (and the Plan injunctions) on borrowers' efforts to obtain discovery. The Borrowers' Committee concluded that two main forms of relief were required. First, borrowers needed universal relief from the automatic stay to pursue discovery against the Debtors. Second, borrowers needed to ensure that the relevant documents to be obtained through discovery would be preserved and made available in a useable format. After Applicant prepared a motion seeking this relief, the parties were able to reach a consensual resolution of the motion that will provide borrowers what they need at minimal cost to the Estates. The Court entered the stipulated order resolving the motion on September 23, 2010. The successful resolution of the motion will help ensure that borrowers are able to obtain and utilize documents that, from a borrower perspective, may prove to be the most important assets of the Estates. Total Hours: 95.3; Total Fees $42,782.50.

(c) <u>Retention</u>: The services provided in this category for the Application Period involved evaluating and responding to requests from certain members of the Borrowers' Committee to seek to expand the scope of the Borrowers' Committee's role. For example, certain members asked Applicant to consider whether the professionals handling avoidance actions on behalf of the Debtors and the Unsecured Creditors Committee were adequately representing borrower interests. After considering Applicant's analysis and recommendations, which were based on a review of the pleadings as well as discussions with counsel for the Debtors and the Unsecured Creditors Committee, the Borrowers' Committee decided not to seek an expansion of its authority or the authority of its professionals (except to the extent necessary to file the motion described in paragraph (b) above). Total Hours: 22.4; Total Fees $9,907.00.

(d) <u>Fee Application</u>: The time recorded in this category involved work performed related to the preparation of the Firm's first interim fee application, addressing issues raised by the fee examiner and preparation for the fee application hearing before this Court. Total Hours: 10.0; Total Fees: $3,885.00.

(e) <u>Non-Working Travel</u>: During the Application Period, Applicant's attorneys traveled to Wilmington, DE for hearings. All non-working travel time is reflected in this category and billed at 50% pursuant to Local Rule 2016-2(d). Total Hours: 3.8; Total Fees $810.00.

**Actual and Necessary Expenses**

14. A breakdown of the actual and necessary expenses incurred by the Firm for the Application Period are reflected within Applicant's invoice attached hereto as **Exhibit "B"** for the Application Period.

**Relief Requested**

15. Applicant spent a total of 188.5 hours in the above project categories and incurred total professional fees during the Application Period in the amount of $82,501.50. Applicant is requesting 100% of its fees in connection with rendering professional services to the Borrowers' Committee as described above. The blended hourly rate for these services is $437.67. In addition, Applicant requests reimbursement for costs incurred during the administration of this case in the amount of $7,530.24.

16. All of the professional services and expenses for which Applicant requests compensation and reimbursement have been strictly related to its representation of the Borrowers' Committee and provided substantial benefit to the estate. Applicant accordingly submits that it is proper to compensate it for the actual time spent and to reimburse it for the actual expenses incurred in connection with this case.

17. Except for the Debtor's promise to pay compensation and reimbursement as allowed by the Court, Applicant has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

18. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, the Firm has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

For the reasons stated, Gilbert LLP respectfully requests that the Court allow and direct payment of compensation the amount of $82,501.50 and reimbursement of expenses in the amount of $7,530.24, in the total amount of $90,031.74 (minus a credit of $5,124.27), for the

period March 1, 2009 through August 16, 2010, and approve final allowance of all previously approved fees in the amount of $357,827.40 and expenses in the amount of $15,996.90, and for such other and further relief as this Court may deem just and proper.

                          GILBERT LLP

                          /s/ Stephen A. Weisbrod
                          _____
                          Stephen A. Weisbrod
                          1100 New York Avenue, N.W.
                          Washington, D.C. 20005-3987
                          (202) 772-2200
                          CO-COUNSEL TO THE OFFICIAL
                          COMMITTEE OF BORROWERS

Date:   October 15, 2010

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **American Home Mortgage Holdings, Inc., et al.** | ) | Case No. 07-11047 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

I, Stephen A. Weisbrod, am a partner of the applicant law firm, Gilbert LLP (the "Firm"), and am familiar with the rules of this Court.

I am familiar with the work performed on behalf of the Official Committee of Borrowers In Re American Home Mortgage Holdings, Inc., *et. al.*, by the lawyers, legal assistants, and other professionals of the Firm as set forth in the attached invoice.

I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have reviewed the requirements of Local Rule 2016-2 and the Administrative Order, and I believe the Application to be in compliance therewith.

I declare under penalty of perjury that the foregoing is true and correct.


/s/ Stephen A. Weisbrod
_____
Stephen A. Weisbrod

Date: October 15, 2010