IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ) | | Chapter 11 |
| ) | | |
| AMERICAN HOME MORTGAGE ) | | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, ) | | Jointly Administered |
| et al., ) | | |
| ) | | Hearing Date: (To be determined) |
| Debtors. ) | | Objections Due: 11/8/10 @ 4:00 p.m. |
| ) | | |

## SECOND INTERIM AND FINAL FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant: Zuckerman Spaeder LLP

Date of Retention: October 22, 2008 (Order entered December 9, 2008)

Period for which second interim compensation and
reimbursement is sought: April 1, 2009 through August 16, 2010

Amount of Compensation sought
as actual, reasonable and necessary: $44,341.50

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $5,462.25

Period for which final interim compensation and
reimbursement is sought: October 22, 2008 through August 16, 2010

Amount of Compensation sought
as actual, reasonable and necessary: $221,776.00

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $14,697.63

This is Applicant's second interim and final fee application. 13.8 hours were expended during the Application Period in preparation of fee applications, and $5,374.00 is the corresponding fee request.

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 4/17/09 | 10/22/09-8/16/10 | $177,434.50 | $9,235.38 | $177,434.50 | $9,235.38 |

2776855.1

## SECOND INTERIM FEE COMPENSATION FOR PERIOD
## APRIL 1, 2009 THROUGH AUGUST 16, 2010

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Thomas G. Macauley (I.D. # 3411) | Partner, 11th year, chapter 11 and bankruptcy litigation; 1 year as federal appellate law clerk; admitted 1995 | $490.00 (2009) $510.00 (2010) | 58.10 17.30 | $28,469.00 $8,823.00 |
| Virginia W. Guldi (ID # 2792) | Associate, 21st year, chapter 11 and bankruptcy litigation; 1 year as Delaware Supreme Court Clerk; admitted 1989 | $325.00 | 8.60 | $2,795.00 |
| Benjamin L. Krein | Sr. Staff Attorney, 10th year, litigation; admitted 2001 | $350.00 | 5.70 | $1,995.00 |
| Diana Gillig | Paralegal Assistant; 10 years experience | $115.00 (2009) $120.00 (2010) | 11.30 8.00 | $1,299.50 $960.00 |

Grand Totals: 109.00 hours and $44,341.50
Blended Rate: $406.80 per hour

2776855.1

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 - | Committee General | 27.00 | $ 11,662.50 |
| 0002 - | Retention/Fee Application | 65.40 | $ 25,140.00 |
| 0003 - | Plan/Disclosure Statement | 5.40 | $ 2,646.00 |
| 0004 - | Global Stay Relief | 11.20 | $ 4,893.00 |
| | Totals: | 109.00 | $ 44,341.50 |

## ITEMIZED EXPENSES FOR PERIOD APRIL 1, 2009 – AUGUST 16, 2010

EXPENSES

| | |
|---|---|
| Process Server Fees | $ 178.82 |
| Document Service – IKON | $ 4,025.02 |
| Courier Service - Parcels | $ 7.50 |
| Courier Service – Blue Marble | $ 5.50 |
| Facsimile – Inhouse | $ 439.00 |
| Docket Research – Pacer | $ 437.12 |
| Long Distance Telephone | $ 14.88 |
| Conferencing - Soundpath | $ 37.65 |
| Photocopy – Inhouse | $ 163.90 |
| LEXIS/NEXIS Research | $ 81.50 |
| Postage | $ 71.36 |
| TOTAL EXPENSES | $ 5,462.25 |

2776855.1

## INTERIM FEE COMPENSATION FOR PERIOD
## OCTOBER 22, 2008 THROUGH AUGUST 16, 2010

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| James Sottile | Partner, 23rd year, complex<br><br>Litigation involving insurance coverage, professional malpractice, securities fraud; admitted 1986 | $650.00 | 0.40 | $260.00 |
| Thomas G. Macauley (I.D. # 3411) | Partner, 11th year, chapter 11 and bankruptcy litigation; 1 year as federal appellate law clerk; admitted 1995 | $475.00 (2008)<br>$490.00 (2009)<br>$510.00 (2010) | 109.70<br>230.90<br>17.30 | 52,107.50<br>$113,141.00<br>$8,823.00 |
| Linda Singer | Of Counsel, 18th year, public client representation; 13 years non-profit; Attorney General; admitted 1991 | $500.00 (2008)<br>$520.00 (2009) | 6.40<br>7.60 | $3,200.00<br>$3,952.00 |
| Virginia W. Guldi (ID # 2792) | Associate, 21st year, chapter 11 and bankruptcy litigation; 1 year as Delaware Supreme Court Clerk; admitted 1989 | $325.00 | 70.70 | $22,977.50 |
| Benjamin L. Krein | Sr. Staff Attorney, 10th year, litigation; admitted 2001 | $350.00 (2008)<br>$355.00 (2009) | 5.70<br>28.20 | $1,995.00<br>$10,011.00 |
| Ashley M. Weaver | Litigation Support Manager, 3rd year; 8 years litigation experience | $210.00 | 0.50 | $105.00 |
| Lam-Anh Ngoc Nguyen | Litigation Support Analyst, 3rd year experience | $185.00 | 3.50 | $647.50 |

2776855.1

| Alan Mathis | Litigation Support Analyst 3rd year experience | $185.00 | 2.00 | $370.00 |
|---|---|---|---|---|
| Jeanne Trahan Faubell | Library Director/Law Librarian, 4th year; 7 years Federal Retirement Thrift Investment Board | $165.00 | 4.00 | $660.00 |
| Diana Gillig | Paralegal Assistant; 10 years experience | $110.00 (2008) $115.00 (2009) $120.00 (2010) | 1.50 17.90 8.00 | $165.00 $2,058.50 $960.00 |

Grand Totals:  515.00   hours and $221,776.00
Blended Rate:  $430.63  per hour

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 - | Committee General | 177.70 | $ 74,304.50 |
| 0002 - | Retention/Fee Application | 97.30 | $ 37,188.00 |
| 0003 - | Plan/Disclosure Statement | 227.70 | $ 104,860.00 |
| 0004 - | Global Stay Relief | 12.30 | $ 5,423.50 |
| | Totals: | 515.00 | $ 221,776.00 |

2776855.1

## ITEMIZED EXPENSES FOR PERIOD

| Item | Amount |
|---|---|
| Express Delivery – FedEx | $ 530.15 |
| Court Fees | $ 150.00 |
| Process Server Fees | $ 178.82 |
| Court Reporters | $ 2,896.46 |
| Document Service – IKON | $ 4,446.62 |
| Outsourced E-File – Parcels | $ 25.00 |
| Outsourced Facsimile – Parcels | $ 50.00 |
| Outsourced copy service – Parcels | $ 1,816.38 |
| Courier Service - Parcels | $ 202.50 |
| Courier Service – Blue Marble | $ 104.50 |
| Courier Service NY – Washington Express | $ 15.86 |
| Courier Service – TriState | $ 19.50 |
| Facsimile – Inhouse | $ 917.00 |
| Docket Research – Pacer | $ 910.64 |
| Long Distance Telephone | $ 32.16 |
| Conferencing - Soundpath | $ 37.65 |
| Photocopy – Inhouse | $ 868.60 |
| LEXIS/NEXIS Research | $ 672.43 |
| Transportation – Local and Non-Local | $ 507.91 |
| Meal reimbursements | $ 92.67 |
| Secretarial O/T | $ 75.00 |
| Postage | $ 147.78 |
| **TOTAL EXPENSES** | **$ 14,697.63** |

2776855.1

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP ("Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered to the Official Committee of Borrowers (the "Borrowers Committee"), (a) in an interim amount of $44,341.50 together with reimbursement for actual and necessary expenses incurred in the amount of $5,462.25 for the period April 1, 2009, through and including August 16, 2010 (the "Interim Application Period"), and (b) in a final amount of $221,776.00 together with reimbursement for actual and necessary expenses in the amount of $14,697.63 for the period October 22, 2008 through August 16, 2010 (the "Final Application Period), and respectfully represents as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. On October 10, 2008, the Court entered an order directing the appointment of the Borrowers Committee (D.I. 6220). On October 21, 2008, the United States Trustee appointed Mr. Sam Acquisito, Mr. Christopher Bilek, Ms. Florence Dandridge, Ms. Grace Graves, Mrs. Delena Lamacchia, Ms. Penny Montague and Ms. Paula Rush as members of the Borrowers' Committee.

4. At a hearing on October 22, 2008 – prior to the first meeting of the Borrowers Committee or its retention of counsel – the Court placed monetary and scope limitations on counsel to be retained by the Borrowers Committee, without prejudice to the right of the Borrowers Committee to revisit such restrictions with the Court. Based on this ruling, the Court entered an order on November 4, 2008, supplementing the order directing the appointment of the Borrowers Committee (D.I. 6495). The Borrowers Committee's subsequently filed application seeking to increase the cap on amounts that may be paid to its counsel remains pending.

5. On December 8, 2008, an order was entered approving retention of co-counsel for the Borrowers Committee *nunc pro tunc* to October 22, 2008 (D.I. 6687).

6. On February 23, 2009, the Court entered an order confirming the Debtors' liquidation plan. The Debtors' plan provides for the termination of the Borrowers Committee once the plan goes effective. To date, the plan has not gone effective.

7. On December 10, 2009, the Court entered an order overruling objections and approving Zuckerman's first interim fee application in its entirety.

8. On August 16, 2010, the Court entered an order disbanding the Borrowers Committee and requiring counsel for the Borrowers Committee to file final fee applications within sixty days.

9. Zuckerman has received no payment and no promise for payment from any other source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

10. This Application seeks interim compensation for fees of $44,341.50 and reimbursement of expenses of $5,462.25 incurred during the Interim Application Period, and

compensation for fees of $221,776.00 and reimbursement of expenses of $14,697.63 incurred during the Final Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases and the novel role of the Borrowers Committee, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## **SUMMARY OF SERVICES RENDERED**

11.     During the Final Application Period, Zuckerman provide legal services to the Borrowers Committee and worked closely with Gilbert LLP. The invoices attached as Exhibit A hereto detail the time recorded, the professionals of the firm providing services, and provides a daily breakdown of the total time spent by each professional, in each project category, and of the disbursements during the Interim Application Period.

12.     Zuckerman performed legal services for the Borrowers' Committee in the project categories described below and maintained separate matter numbers for each of the following project areas. The primary services provided during the Interim Application Period by matter are described by subject matter below.[1]

13.     <u>Committee General</u>: During the Interim Application Period, Zuckerman worked with co-counsel and the Borrowers Committee to identify any issues that were relevant and important to borrowers after plan confirmation, but prior to its consummation. Zuckerman spoke with co-counsel and conducted meetings with the Borrowers Committee as need dictated.

---

[1]     Time detail description of the services provided prior to the Interim Application Period can be found in the First Interim Fee Application of Zuckerman Spaeder LLP for Interim Approval and Allowance of Compensation and Reimbursement of Expenses (D.I. 7287), which is incorporated herein by reference.

2776855.1

14. Zuckerman also monitored the docket, reviewed hearing agenda and other documents filed in the cases, and coordinated with the Court and opposing counsel regarding hearings, filings and forms of order. Zuckerman participated on calls with counsel for the Debtors and counsel for the Creditors Committee and attended relevant hearings.

15. <u>Fee Applications</u>: During the Interim Application Period, Zuckerman drafted a first interim fee application for Zuckerman and a final fee application for the Borrowers Committee's expert. Zuckerman also assisted co-counsel with its fee applications. Zuckerman then spoke and corresponded extensively with the fee examiner to address his concerns. Zuckerman also drafted a reply to the fee examiner's filed letter in short order.

16. Zuckerman then prepared to address the objections to the fee applications filed by counsel to the Borrowers Committee. At the hearing on October 14, 2009, the Court heard oral argument on the objections. Subsequently, the Court entered an order approving Zuckerman's first interim fee application in its entirety.

17. <u>Disclosure Statement / Liquidation Plan</u>: During the Interim Application Period, Zuckerman addressed a motion by the Debtors to destroy various documents notwithstanding that their plan had not yet gone effective and as a result, the ombudsman provided for in the plan had not yet been appointed. Zuckerman assisted co-counsel in objecting to the motion and attempting to resolve the objection. Ultimately, the Debtors withdrew the motion.

18. <u>Stay Relief</u>: During the Interim Application Period, Zuckerman worked with the Borrowers Committee and individual borrowers to obtain relief to review the Debtors' documents and information that might be relevant to claims and defenses of individual borrowers. Zuckerman assisted co-counsel in filing a motion and a reply to the objection filed by the Debtors and the Creditors Committee. Zuckerman also assisted in resolving the objections. As a result, the Court entered a consensual order on the motion.

## **DISBURSEMENTS**

19. Zuckerman's list of out-of-pocket disbursements during the Interim Application Period, set forth on Exhibit B hereto, contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings.

20. Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions and there is no surcharge for computerized research.

## **RESERVATION OF RIGHTS**

21. Zuckerman reserves its rights to supplement this Application to include fees and expenses incurred in filing the fee applications of counsel to the Borrowers Committee, responding to parties concerning the applications and appearing before the Court to seek approval of them.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $44,341.50 in interim fee compensation and $5,462.25 for reimbursement of expenses incurred during the Interim Application Period, $221,776.00 in final fee compensation and $14,697.63 for reimbursement of expenses incurred during the Final Application Period and granting Zuckerman such other and further relief as is just.

Dated:  Wilmington, Delaware
       October 15, 2010

ZUCKERMAN SPAEDER LLP

_____
Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

Counsel to the Official Committee of Borrowers

# **<u>VERIFICATION</u>**

STATE OF DELAWARE      )
                       )   SS:
NEW CASTLE COUNTY      )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2. I have personally performed the legal services rendered by Zuckerman Spaeder LLP as Delaware counsel to the Official Committee of Borrowers (the "Borrowers Committee"), and am thoroughly familiar with all work performed on behalf of the Borrowers Committee)

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

2776855.1