IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
        Debtors.                                                 :
                                                                 :   Response Deadline: November 8, 2010 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: November 15, 2010 at 3:00 p.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' SIXTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order reassigning or disallowing in full each of the Disputed Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Sixty-Fourth Omnibus (Non-Substantive) Objection to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] The Debtors do not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "<u>Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>").

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reassigning or disallowing in full each of the Disputed Claims as indicated in further detail below. This Objection complies in all respects with Local Rule 3007-1.

A. **Duplicate Claim**

10. The claim identified under the column titled "Objectionable Claims" on Exhibit A to the Proposed Order (the "Duplicate Claim") is duplicative of the proof of claim identified under the column titled "Surviving Claims" on Exhibit A. The Debtors believe that it was not the intention of the claimant asserting such claim to seek a double recovery against the Debtors' estates. Instead, the filing of Duplicate Claim appears to be a function of the claimant filing multiple proof of claim forms on account of a single claim, or filing the same claim with multiple parties (e.g., Epiq, the Debtors, counsel to the Debtors and/or the Clerk of the Court). Regardless of the claimant's reasons for filing the Duplicate Claim, only one claim should be allowed for this claimant.

11. Failure to disallow the Duplicate Claim will result in the claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Duplicate Claim and request the Court to enter an order disallowing in full the Duplicate Claim identified in Exhibit A to the Proposed Order.

B. **Wrong Debtor Claims**

12. The claims listed on Exhibit B to the Proposed Order (the "Wrong Debtor Claims") were filed by the applicable claimant against certain Debtors under the case numbers listed under the column titled "Objectionable Claims" on Exhibit B. After reviewing their books

and records, the Debtors believe they have determined which Debtors the Wrong Debtor Claims should have been filed against and have listed the new case numbers for the Wrong Debtor Claims under the column titled "New Case Number" (the "New Case Number"). The Debtors believe that the claimants asserting the Wrong Debtor Claims intended to assert such claims under the New Case Numbers.

13. Failure to reassign the Wrong Debtor Claims would result in claims being improperly asserted against the wrong Debtor. Therefore, to correct the claims register, the Debtors hereby object to the Wrong Debtor Claims and request entry of an order reassigning the Wrong Debtor Claims to the New Case Numbers as indicated on Exhibit B.

## RESERVATION OF RIGHTS

14. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases, including, without limitation, any and all claims which are the subject of this Objection.

## NOTICE

15. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit II, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: October 15, 2010
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_/s/ Sean M. Beach_
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :  Jointly Administered
   Debtors.                                                  :
------------------------------------------------------------ x

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS' SIXTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1. I am an Assistant Vice President of the above-captioned debtors and debtors in possession (the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Sixty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Duplicate Claim" and "Wrong Debtor Claims", as defined in the Objection and identified on Exhibits A and B to the Proposed Order, respectively.

3. The information contained in Exhibits A and B to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have further determined based upon a review of the claims docket that the claim identified on Exhibit A to the Proposed Order is duplicative of another claim filed in these chapter 11 cases. Accordingly, to prevent the claimant from receiving a potential double recovery against the Debtors' estates based on the filing of two separate but identical proofs of claim, the Debtors seek to expunge and disallow in full the Duplicate Claim listed on Exhibit A to the Proposed Order.

5. The Debtors have further determined based upon a review of the claims docket and their books and records that the parties asserting the claims identified on Exhibit B to the Proposed Order asserted such claims against the wrong Debtor entities. Accordingly, to correct the claims register and prevent the applicable claimant from receiving a recovery from the wrong Debtor, the Debtors seek to reassign the Wrong Debtor Claims to the appropriate Debtor as outlined in Exhibit B to the Proposed Order.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2010

_____
Eileen Wanerka
Assistant Vice President