IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>American Home Mortgage Holdings, Inc., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>Objection deadline: November 11, 2010 at 4:00 p.m.<br>Hearing Date: November 18, 2010 at 10:00 a.m. |

## MOTION OF MOORING TAX ASSET GROUP, LLC FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Mooring Tax Asset Group, LLC ("**Mooring**"), by and through its undersigned counsel, presents this motion ("**Motion**"), together with the Declaration of Marc S. Marino dated October 26, 2010 ("**Marino Declaration**"), a copy of which is attached hereto and incorporated as if fully set forth herein, for an Order under Section 362(d) of Title 11, United States Code ("**Bankruptcy Code**"), granting relief from the automatic stay with respect to certain real property located at 846 East 220 Street, Bronx, New York, Tax Parcel ID Number 2-4678-65 ("**Property**"), and for such other and further relief as is appropriate, and in support thereof, states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Motion is a "core proceeding" within the purview of, without limitation, 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought by the Motion is Section 362 of the Bankruptcy Code, as complemented by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

### Background

2. On August 6, 2007 ("**Petition Date**"), American Home Mortgage Holdings, Inc. and several of its affiliates, including American Home Mortgage Corp. ("**AHM**" and

2859542/1

collectively, the "**Debtors**") filed petitions seeking relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned cases.

3. AHM is the owner of the Property pursuant to a Referee's Deed in Foreclosure dated February 13, 2007 and recorded in the Office of the City Register of the City of New York on March 8, 2007, Document ID number 2007030600069001.

4. On August 18, 2009, The Bank of New York Mellon, as Collateral Agent and Custodian for NYCTL 2009-A RESIDUAL TRUST ("**Holder**"), purchased from the City of New York, Department of Finance, a duly levied real property tax lien encumbering the Property ("**Tax Lien**") pursuant to Tax Lien Certificate No. 2A ("**Certificate**"). A copy of the Certificate evidencing the Tax Lien is attached to the Marino Declaration as **Exhibit A**.

5. Mooring is the servicer for the Holder.

6. As of September 20, 2010, the total amount of $49,807.56, including accrued interest, late charges, and other fees ("**Tax Lien Debt**"), was due under the Tax Lien in connection with unpaid real property taxes and water assessments occurring from July 2005 through July 2009. A statement of the Tax Lien Debt is attached to the Marino Declaration as **Exhibit B**.

7. Schedule A of AHM's petition does not include the Property.

**<u>Relief Sought Pursuant to Section 362 of the Bankruptcy Code</u>**

8. Mooring seeks relief from the automatic stay so it can foreclose or otherwise enforce any and all of its rights, pursuant to any and all liens or other interests in the Property, including without limitation, its right to foreclose on the Tax Lien.

9. Section 362(d) of the Bankruptcy Code permits the automatic stay to be lifted under certain circumstances and provides, in part, that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay C

          (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362 (d).

10. Here, cause exists to grant relief from the automatic stay because the Debtors have failed to make post-confirmation real property tax payments on the Property, causing additional tax liens to accrue on the Property.

11. The Debtors have failed to provide Mooring with adequate protection of its interest in the Property.

12. Upon information and belief, the Debtor lacks sufficient funds to make adequate protection payments to Mooring, or to make real property tax payments on the Property.

13. Accordingly, relief from the automatic stay for cause pursuant to Section 362(d)(1) of the Bankruptcy Code is warranted.

### No Prior Motion

14. Mooring has not made any prior motion or application for the relief requested herein to this Court or to any other court and expressly reserves its rights to seek such other relief as it deems appropriate.

### Notice

15. Contemporaneously with the filing of this Motion, the Mooring is filing a motion to limit notice to the following parties: (i) the Debtors; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the Debtors' prepetition and pospetition secured and warehouse lenders; and (v) the United States Trustee.

### Conclusion

16. Based upon the foregoing, Mooring is entitled to immediate relief from the automatic stay as it pertains to the Property and asserts that cause exists sufficient to waive the requirement of Bankruptcy Rule 4001(a)(3) therefore allowing an Order to be effective upon this

Court's signature.

WHEREFORE, Mooring respectfully requests that the Court enter an order, a copy of which is attached hereto (i) granting Mooring relief from the automatic stay with respect to the Property, (ii) requiring that the Debtors be notified of any surplus realized following the foreclosure sale of the Property and that the Debtors' rights to any surplus realized after said foreclosure proceeding be reserved, and (iii) for such other and further relief as the Court deems appropriate.

Dated: October 28, 2010

MORRIS JAMES LLP

_____
Jeffrey R. Waxman (No. 4159)
500 Delaware Ave. Suite 1500
Wilmington, Delaware  19801-1494
Telephone: (302) 888 6800

-and-

PHILLIPS LYTLE LLP
Angela Z. Miller, Esq.
3400 HSBC Center
Buffalo, New York  14203
Telephone: (716) 847 8400

Attorneys for Mooring Tax Asset Group, LLC