UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| American Home Mortgage Holdings, Inc., et al., | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | |

## MOTION OF MOORING TAX ASSET GROUP, LLC TO LIMIT NOTICE

Mooring Tax Asset Group, LLC ("**Mooring**") hereby moves this Court for an Order under Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a), providing that service of the notice with respect to the Motion of Mooring for an Order Granting Relief from the Automatic Stay (the "**Motion**"),[1] which is being filed contemporaneously herewith and incorporated herein by reference, to limit notice, and in support thereof, Mooring respectfully represents as follows:

1. Local Bankruptcy Rule 2002-1(b) provides:

"in chapter 11 cases, all motions (except matters specified in Fed. R. Bank. P. 2002(a)(1), (4), (5), 7), 2002(b) and 2002(f) and Local Rules 4001-1 and 9013-1) shall be served only upon counsel for the debtor, the United states trustee, counsel for all official committees, all parties who file a request for services of notices under Fed. R. Bankr. P. 2002(1) and all parties whose rights are affected by the motion. . . .

2. In this case, the Motion does not implicate any of the relevant rules cited by Rule 2002-1.

3. Upon information and belief, the list of parties having requested notice contains 283 individuals and Mooring respectfully asserts that effectuating service upon each of those parties would create a significant burden, and that many of the parties who have filed notices of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

appearance and requests for papers will receive electronic notification from the Bankruptcy Court's ECF system.

4. Mooring requests that notice of the Motion together with a copy of the Motion, be given to: (i) the Debtors; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the Debtors' prepetition and pospetition secured and warehouse lenders; and (v) the United States Trustee (collectively, the "**Service Parties**").

5. Mooring believes that service of the Motion upon the Service Parties strikes an appropriate balance between ensuring that all parties reasonably interested in the outcome of the Motion will have notice thereof and a full opportunity to respond thereto and preserving Mooring's limited resources, particularly given the relatively de minimus effect that the Motion, if granted, will have upon the Debtors' estates.

6. Mooring does not seek to shorten the notice period.

WHEREFORE, Mooring respectfully requests the entry of an Order, a copy of which is attached hereto as Exhibit "A," limiting notice as set forth above, and granting such other and further relief as may be just and proper.

Dated: October 28, 2010

MORRIS JAMES LLP

_/s/ Jeffrey R. Waxman_
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 295-2000

-and-

PHILLIPS LYTLE LLP
Angela Z. Miller, Esq.
3400 HSBC Center
Buffalo, New York 14203
Telephone: (716) 847 8400

Attorneys for Mooring Tax Asset Group, LLC