```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE

IN RE:                          )     Chapter 11
                                )
                                )
AMERICAN HOME MORTGAGE          )     Case No. 07-11047(CSS)
HOLDINGS, INC., a Delaware      )
Corporation, et al.,            )     Courtroom 6
                                )     824 Market Street
            Debtors.            )     Wilmington, Delaware
                                )
                                )     March 27, 2008
                                )     11:00 a.m.


                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                   Young, Conaway, Stargatt &
                              Taylor, LLP
                              BY:  SEAN M. BEACH, ESQ.
                              BY:  MATTHEW LUNN, ESQ.
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, DE  19801
                              (302) 571-6600

ECRO:                         NICKITA BARKSDALE

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664
                              www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1   APPEARANCES:
     (Continued)
 2
     For the Official Committee      Blank Rome LLP
 3   of Unsecured Creditors:         BY:  DAVID CARICKHOFF, ESQ.
                                     1201 Market Street
 4                                   Suite 800
                                     Wilmington, DE 19801
 5                                   (302) 425-6400

 6   For Bank of America:            Potter Anderson & Corroon LLP
                                     BY:  GABRIEL MACCONAILL, ESQ.
 7                                   1313 North Market Street
                                     P.O. Box 951
 8                                   Wilmington, DE 19899-0951
                                     (302) 984-6000
 9
                                     Kaye Scholer
10                                   BY:  ANA ALFONSO, ESQ.
                                     425 Park Avenue
11                                   New York, NY  10022
                                     (212) 836-8000
12
     For Calyon:                     Hunton & Williams
13                                   BY:  BENJAMIN ACKERLY, ESQ.
                                     BY:  JASON HARBOUR, ESQ.
14                                   Riverfront Plaza East Tower
                                     951 East Byrd Street
15                                   Richmond, VA  23219

16                                   Eckert Seamans
                                     BY:  MICHAEL BUSENKELL, ESQ.
17                                   600 Grant Street
                                     44th Floor
18                                   Pittsburgh, PA  15219
                                     (412) 566-6000
19
     For WLR/American Home
20   Mortgage Acquisition:           Greenburg Traurig, LLP
                                     BY:  VICTORIA COUNIHAN, ESQ.
21                                   The Nemours Building
                                     1007 North Orange Street
22                                   Suite 1200
                                     Wilmington, DE  19801
23                                   (302) 661-7000

24

25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For WLR/American Home
 3   Mortgage Acquisition:          Quinn Emanuel
                                    BY:   JAMES C. TECCE, ESQ.
 4                                  51 Madison Avenue, 22nd Floor
                                    New York, NY 10010
 5                                  (212) 849-7000

 6   For Wells Fargo Bank:          Wolf Block, LLP
                                    BY:   BARRY M. KLAYMAN, ESQ.
 7
     For J.P. Morgan:               Landis, Roth & Cobb, LLP
 8                                  BY:   MONA PARIKH, ESQ.
                                    919 Market Street, Suite 1800
 9                                  P.O. Box 2087
                                    Wilmington, DE  19899
10                                  (302)467-4000

11   For Freddie Mac:               Reed Smith, LLP
                                    BY:   J. CORY FALGOWSKI, ESQ.
12                                  1201 Market Street, Suite 1500
                                    Wilmington, DE  19801
13                                  (302) 778-7522

14   For Trial [ph] Casualty Ins:   Womble Carlyle, Sandridge &
                                    Rice
15                                  BY:   KEVIN MANGAN, ESQ.
                                    222 Delaware Avenue
16                                  Wilmington, DE 19801
                                    (302) 252-4320
17
     For United States Trustee:     Office of the United States
18                                  Trustee
                                    BY:   JOSEPH MCMAHON, JR., ESQ.
19                                  844 King Street, Suite 2207
                                    Wilmington, DE  19801
20                                  (302) 573-6491

21   TELEPHONIC APPEARANCES:

22   For Official Committee of      Hahn & Hessen
     Unsecured Creditors:           BY:   JEFFREY ZAWADZKI, ESQ.
23                                  (212) 478-7320

24   For Bank of America:           Kaye Scholer, LLP
                                    BY:   SCOTT TALMADGE, ESQ.
25                                  BY:   MARGOT SCHONHOLTZ, ESQ.
                                    (212) 836-8000
```

```
1    TELEPHONIC APPEARANCES:
     (Continued)
2
     For ABN AMRO Bank:              Milbank, Tweed, Hadley &
3                                    McCloy
                                     BY:  FRED NEUFELD, ESQ.
4                                    BY:  ROBERT J. MOORE, ESQ.
                                     (213) 892-4000
5
     For Sandra Kraege Higby:        Bowditch & Dewey
6                                    BY:  RICHARD SHEILS, JR., ESQ.
                                     (508) 926-3432
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    WILMINGTON, DELAWARE, THURSDAY, MARCH 27, 2008, 11:14 A.M.

2              THE CLERK:  All rise.

3              THE COURT:  Please be seated.  Sorry about that.

4    A little bit of a delay.  Good morning.

5              MR. BEACH:  That's quite all right, Your Honor.

6    Good morning, Your Honor.  Sean Beach from Young, Conaway,

7    Stargatt & Taylor on behalf of the debtors.

8              Your Honor, I can run quickly through most of the

9    agenda.  Items 1 through 4 have been adjourned.  Item 5 has

10   been withdrawn.  6 and 7, Your Honor entered orders on.  And

11   8 through 10 are the routine stay relief motions which

12   certifications of counsel have been filed.

13             THE COURT:  I filed orders -- I signed orders on

14   those yesterday.

15             MR. BEACH:  Thank you, Your Honor.

16             Item No 11, Your Honor, we wanted to go forward

17   only with respect to giving Your Honor a status in

18   connection with the document destruction motion that was

19   filed and the document return request that came in.

20             The debtors have received I think approximately

21   13 return requests.  We are going through those requests now

22   and making sure that we understand the universe and making

23   some clarification with certain other parties that made

24   those requests.  I think there were three requests that

25   didn't comply with the obligations under the order in that

1  they said that they would pay the costs in connection with

2  the return only to the extent that there was money available

3  in the trust.   So we are going to be working with those

4  parties and may need to request that those declarations be

5  stricken if we can't get the parties to comply with the

6  order in that regard.

7          The debtors do hope to go forward with respect to

8  the destruction of the remaining documents or a substantial

9  portion of the remaining documents as soon as possible and

10  possibly as soon as the next omnibus hearing in the middle

11  of April.  And again, that's going to depend on whether or

12  not we can get through the request and make sure that we're

13  comfortable.  That we understand the universe of the

14  information requested in those requests.

15          Your Honor, Item No. 12 is with respect to the

16  final piece of the non-performing loan sale.  The first two

17  pieces were dealt with at the last omnibus hearing.  The

18  last piece was what we had defined as the unencumbered non-

19  performing loans and those are -- unencumbered is not quite

20  the right word for it.  They're encumbered only by the DIP.

21  But we -- the debtors had determined in consultation with

22  the committee that based on the five bids we received, that

23  those bids were not acceptable to go forward and that the

24  debtors would be better served with holding onto those

25  loans.  Many of those loans are seasoned and pretty far

1  through the foreclosure process.  And at this point, we

2  think we would get a better return on those assets by

3  holding them.  So it's likely that we're going to withdraw

4  the motion, but the debtors did not accept any of the five

5  bids that were received.

6          THE COURT:  Okay.  And what's -- what are we

7  talking about?  How many loans and how many -- what's the

8  aggregate of the unpaid principal balance?

9          MR. BEACH:  There were 71 loans in the initial

10 motion that were filed.  I believe four of them pain in full

11 so there were 67 loans that were subject to the bids.  And

12 the unpaid principal balance was $21,600,000.

13         THE COURT:  Okay.

14         MR. BEACH:  And, Your Honor, the next item on the

15 agenda is Item No. 13 and that was the Kirk's stay relief

16 motion.  At the request of the movant, that matter has been

17 adjourned to the April 14 hearing.

18         THE COURT:  Okay.

19         MR. BEACH:  Item No. 14, Your Honor, is the

20 debtors' motion to get limited relief from the stay in order

21 to allow certain directors and officers to access the

22 insurance policies for defense costs up to a cap of $5

23 million.  We have a consensual form of order that I

24 unfortunately don't have in the courtroom today, but we

25 would ask that we submit that under certification of

1  counsel.  It's a form of order where -- that the committee

2  has signed off on and that the counsel for the officers and

3  directors have signed off on and the insurance company said

4  that they have no objections to and have all signed a

5  stipulation that will be attached to that order.

6          We did get a comment or I'm not sure if they

7  filed a formal objection or if we got an informal objection

8  from some of the class action plaintiffs requesting that we

9  add a provision into the order that simply states that the

10 order reserves the rights of all parties to assert that the

11 insurance proceeds are or are not property of the debtors'

12 estates.  The motion said that and we've talked to the

13 committee about adding that paragraph in.  And Your Honor

14 will see that in the black line that we send over to the

15 Court.

16          THE COURT:  All right, Mr. McMahon?

17          MR. MCMAHON:  Your Honor, very briefly, good

18 morning.  Joseph McMahon for the United States Trustee.

19          Debtors' counsel has committed to sharing that

20 order with us before it goes over to Court and with that,

21 I'll look for it.  Thank you.

22          THE COURT:  All right.  And you've resolved Mr.

23 Beach, right, that latter comment I take it that's resolving

24 the objection of the institutional investor group?

25          MR. BEACH:  Yes, Your Honor.

1          THE COURT:  All right.  All right.  I'll wait for

2    that under certification of counsel.

3          MR. BEACH:  Thank you, Your Honor.

4          Item No. 15, Your Honor, is -- was -- an order

5    was submitted under certification of counsel.  It's the

6    retention application for Price Waterhouse Coopers.  The --

7    we've had --

8          THE COURT:  I signed that this morning.

9          MR. BEACH:  Okay.  Thank you, Your Honor.

10         And then Item No. 16, Your Honor, is a motion,

11   frankly, I'm not clear exactly what relief was being

12   requested by I believe a pro se plaintiff by the name of

13   Zea.  So I'll cede the podium to Mr. or Mrs. Zea.

14         THE COURT:  All right.  Are they here?  Is there

15   anyone here in connection with the motion of Alison Zea?

16   Anyone on the phone?

17                   (No audible response.)

18         THE COURT:  All right.  Well the motion requested

19   a hearing today of which the Court granted.  I don't know if

20   we've heard from Mrs. Zea.

21         UNKNOWN SPEAKER:  We have not, Your Honor.

22         THE COURT:  All right.  Well, yes, Mr. McMahon?

23         MR. MCMAHON:  I don't know how germane it is,

24   Your Honor, but Mr. Zea did I guess appear at our offices on

25   Monday.  Indicated that he had filed the motion and

1  indicated also that he was seeking to retain counsel here in

2  Delaware to assist him with the matter.

3          THE COURT:  All right.  Well when's the next

4  omnibus?

5          MR. LUNN:  April 14, Your Honor.

6          THE COURT:  All right.  Well we'll continue the

7  matter to then.  If you can maybe endeavor and I'm sure you

8  have, Mr. Lunn to reach out to the Zea's and sort of see

9  what you can do to figure out exactly --

10         MR. LUNN:  Yes.

11         THE COURT:  -- what relief they're seeking.  It's

12  unclear to me as well, but --

13         MR. LUNN:  We've had conversations.  Our offices

14  have had conversations previously to them filing the motion,

15  Your Honor.

16         THE COURT:  All right.

17         MR. LUNN:  These relate to construction loans.

18  The debtors' hands are really tied with construction loans.

19  As Your Honor knows, we've had many conversations regarding

20  construction loans, auctions, stipulations, relief from stay

21  motions, the like, Your Honor.  So the debtors' hands are

22  really tied at this point, but we will try and endeavor to

23  reach out to the Zea's and see if we can't do something to

24  help them --

25         THE COURT:  All right.

1          MR. LUNN:  -- to the best of our ability.

2          THE COURT:  It says there's a pending civil

3   action in Massachusetts.  Is that stayed or --

4          MR. LUNN:  Well, that was filed post petition,

5   Your Honor.  So we take the position that it's void.

6          THE COURT:  Yes, understood.  All right.  Well I

7   -- since they're not here, we'll just continue it to the

8   next omnibus hearing.

9          MR. LUNN:  Very well, Your Honor.

10          THE COURT:  Thank you.

11          MR. LUNN:  Thank you.

12          Your Honor, the next agenda item is Agenda Item

13   17.  And this is the motion that was filed by Calyon.  The

14   parties, the debtors and Calyon are working through the

15   terms of the settlement which is the reason for just setting

16   this as a status conference.  The settlement remains under

17   review by the parties advisors.  There are numerous accounts

18   with numerous amounts in them.  Going into the details

19   probably are not relevant at this time as the parties are

20   working through the stipulation or a potential stipulation.

21   And if a stipulation is ultimately reached, Your Honor, that

22   stipulation would be filed under 9019 motion on appropriate

23   notice so that all parties and interests can have the

24   opportunity to review the stipulation, object to it if they

25   feel necessary.

1          And but regardless of what the stipulation is and

2     says and the debtors have not responded to the underlying

3     motion, there are various assertions within the motion that

4     the debtors do take issue with and dispute.  But again,

5     since this is only a status conference, it's not germane to

6     get into those issues at this time, Your Honor.

7          THE COURT:  All right.

8          MR. LUNN:  If the parties are unable to reach a

9     settlement, as the agenda indicates, it's being carried to

10    April 14 and the debtors would file a response, you know, in

11    the appropriate time, April 7, which is sort of standard

12    operating procedures, Your Honor.

13         THE COURT:  Okay.

14         MR. LUNN:  I don't know if Calyon wishes to make

15    a statement or not?

16         THE COURT:  Good morning.

17         MR. ACKERLY:  If it would please the Court, Ben

18    Ackerly and Michael Busenkell and Jason Harbour on behalf of

19    Calyon, Your Honor.

20         As the Court's aware, we filed a motion

21    addressing kind of two buckets of funds that we discovered

22    the debtor had in its possession.  One is what is referred

23    to as advanced funds under the re-purchase agreement.  Which

24    would be funds that we advanced to purchase mortgages which

25    mortgages were not purchased by the debtor and the money was

1  wired back to the debtor.  And those advance funds according

2  to information that we received from the debtors'

3  professionals was approximately $12,055,000 subject to the

4  professionals.  And by that I mean our professional, the

5  Capstone Group and their professional, Kroll are trying to

6  reconcile that number and that's one of the things we've

7  been working on.

8          The other bucket of funds were principal and

9  interest payments totaling about $1,900,000.  If the Court

10  will recall, we had a hearing in the Court, in this Court in

11  January over our request that they turnover to us the

12  principal and interest payments that they were holding in a

13  segregated account.  And they agreed to turn over those

14  funds, but these funds somehow didn't -- got -- slipped

15  through that and didn't get turned over.  So these funds are

16  also the subject of that.

17          And I mean, I agree with Mr. Lunn.  We have been

18  trying to reach an agreement between the debtor and Calyon

19  with respect to these funds.  We don't believe it's a legal

20  issue subject to the motion to intervene by the Bank of

21  America, but we believe it's simply an accounting issue with

22  respect to verifying that the money were, in fact, advanced

23  by Calyon or were payments made on Calyon's loans, and

24  exactly how much that money is and where it is.  And then we

25  should be able to reach an agreement with respect to that.

1          There is another issue which wasn't the subject

2    of the motion and that's an issue we refer to as the

3    misdirected funds.  Misdirected funds are in simple terms,

4    funds that were owed to a creditor that ended up in another

5    creditor's account prior to bankruptcy and were swept by

6    that creditor.  And we believe that there -- we don't know

7    what the total amount of misdirected funds would be.  Calyon

8    Bank is holding approximately $2 million of what we refer to

9    as misdirected funds.  And we are owed by other parties

10   approximately $250,000, $260,000 of misdirected funds.  And

11   we've been after the debtor to reconcile all of the

12   misdirected funds so that we can -- all the creditors in the

13   case can get that resolved.  And we're pushing the debtor on

14   that, but we haven't gotten a commitment from the debtor

15   with respect to that.

16          This motion basically, Your Honor, can go two

17   ways.  We could reach a stipulation and then we would notice

18   it on a 9019 motion.  And I think our position would be then

19   that Bank of America if they have an objection could come in

20   on the 9019 motion and object to the settlement that we

21   reached with respect to these funds.  Or we fail to reach an

22   agreement in which event we would need to have, I suspect,

23   an evidentiary hearing of some sort before this Court with

24   respect to our motion.

25          And we -- right now, the agenda proposes that

1   this matter be adjourned until April 14.  We would like the

2   debtor -- we want to set a short time period in which we see

3   whether we can come to terms with the debtor on a

4   stipulation and then we file the stipulation and do a 9019.

5   But if we can't, then we want to go ahead and proceed with

6   our motion.

7          And one of the complicated issues here is of

8   course the Bank of America has petitioned to intervene in

9   the case.  We don't have any particular objection to their

10  intervention with respect to the motion as long as it's

11  limited to the motion.  And it doesn't get into the -- what

12  we refer to, Your Honor, as the Phase II trial which is set

13  in June.  But it's just limited to the issue that they have

14  raised in their motion.

15         We are having a dispute a little bit with Bank of

16  America, but whether they -- we don't want their

17  intervention to delay resolution of a motion.  And so we

18  have asked the Bank of America to furnish us with the

19  documents in which they rely in support of their motion that

20  they have an interest in what is property of Calyon.

21  Assuming we can reach an agreement or we can resolve that

22  here in Court, at this moment with respect to Bank of

23  America agreeing to provide that information.  And I think

24  we know when we would need to set the case out for trial

25  that we have to do the motion.

1          I'm sorry this is confusing.  We are trying to

2    resolve it and tee it up on a 9019, but we probably won't

3    know whether we can do that until later on today.

4          THE COURT:  Well I'm a little confused as to what

5    your complaint is in connection with the proposal to

6    continue the matter to April 14.  Do you think that's too

7    long?

8          MR. ACKERLY:  Your Honor, my problem is it may be

9    too -- a little bit too short because --

10          THE COURT:  Too short, okay.

11          MR. ACKERLY:  -- we don't know -- we don't want

12    to come into this Court on an evidentiary hearing when we

13    haven't had a chance to study their response.  And we gave

14    them an extension of time to respond while we were working

15    on trying to get the matter resolved.  And we don't want to

16    go into an evidentiary hearing until we have gotten the

17    documents we've requested from Bank of America, if Bank of

18    America is going to be a party to that motion.

19          So we don't -- this matter, Your Honor, quite

20    frankly, we believe can be resolved by the accountants.

21    There shouldn't be a need for an evidentiary hearing.  We

22    should be able to resolve the numbers.  And there may be

23    some legal arguments as to who's entitled to the money based

24    upon how the numbers are resolved, but we don't believe that

25    there is essentially should be a dispute as to the numbers.

1          MS. ALFONSO:  May I be heard, Your Honor?

2          THE COURT:  Sure.

3          MS. ALFONSO:  Thank you.  Ana Alfonso from Kaye

4   Scholer on behalf of Bank of America as administrative

5   agent.

6          Your Honor, it would seem straightforward that we

7   could simply come to you in light of the limited objections

8   and ask you to enter the order that was attached to our

9   motion to intervene, but unfortunately in the process of

10  trying to stipulate to what B of A's role would be in this

11  proceeding, we ran into all kinds of confusion and

12  disagreement.

13         Here's the issue, Your Honor.  Calyon wants money

14  out of bank accounts that have been frozen because of a

15  reconciliation that the debtors have been working on since

16  last August.  I can tell from their January fee app, that

17  they've already spent a lot of time and even went so far it

18  looks like to prepare an interpleader complaint that hasn't

19  been filed.

20         So I don't know why that has not moved forward,

21  but from our perspective, we had bigger fish to fry and as

22  long as the money was frozen in the account, the status quo

23  was maintained, we let them do what they felt they needed to

24  do and then push later.  Calyon has obviously become

25  frustrated because it feels that it has a lot of money in

1 these accounts.

2          We have not seen any of the accounting that

3 they're relying on and it's not cited in their motion.  Now

4 Mr. Ackerly has graciously offered to give us that

5 information as soon as tomorrow possibly, but it sort of

6 comes back to his objection.  He doesn't have a problem with

7 me intervening, neither do the debtors, but the debtors

8 don't want me to be a party.  They don't want me to file a

9 third party complaint or have a declaratory action in this

10 proceeding because they don't want me to muck up the trial

11 and the trial schedule which I can understand.  And it's not

12 my desire to muck up the trial schedule, but what I don't

13 want is to be whipsawed into producing documents to prove my

14 claim when I don't have a claim here.  My claim is vis-a-vis

15 the debtors and the money in these bank accounts.  And I

16 just don't want that money going out the door to Calyon.

17      Now if Calyon wants -- if the parties want me to

18 actually file a declaratory complaint and actually appear

19 and go through a discovery process then that's one thing.

20 But I'm not clear why I would need to produce evidence of my

21 claim to the funds I have set forth in my motion to

22 intervene.  Why I think the presumption is that I have a

23 security interest in funds in these accounts and it's up to

24 the parties to tell me whether they agree or not and why.

25          THE COURT:  Well if you file a motion, you're

1  subject to discovery.

2          MS. ALFONSO:  Yes, I'm perfectly happy to respond

3  to discovery requests, but I don't know why I would need to

4  prove the bases for my claim and have my claim adjudicated.

5  I'm willing to produce information that shows why I have a

6  good faith basis for having an interest in this proceeding,

7  but I think what really should happen is the debtors should

8  produce their reconciliation to all of us.  I look at

9  Calyon's accounting that they say establishes their

10  unquestionable right to this money and then I can say yes or

11  no, I do have a claim to these funds or some portion of

12  these funds.  I don't even know what the account balances

13  are in these accounts.  There are obviously comingled funds.

14  That's what the debtors have been telling us.  And I have a

15  perfected security interest pursuant to the cash collateral

16  order in at least some of those funds.

17          THE COURT:  All right so what exactly is it --

18  here's what I understand is actually in front of the Court.

19  A status conference and a continuation of the hearing to

20  April 14 on connection with the actual motion of Calyon.

21  There's a little back and forth as to whether April 14, I

22  take it is the appropriate date and whether we should

23  schedule a more concrete date at a later time.  And I guess

24  your response is that you're not in a position to agree to a

25  concrete date one way or the other because you don't know

1  what the underlying facts are.  And to the extent that

2  they're trying to lock you in to a mechanism with a concrete

3  date say of April 22, you know, sort of the quid pro quo for

4  that is that you're going to have to somehow produce a lot

5  of documents that are going to freeze what your claim is and

6  you don't want to get sucked into that.

7              MS. ALFONSO:  That's right.

8              THE COURT:  So on the flip side, we have your

9  motion.  We haven't gotten there yet, but it's related so it

10  doesn't really matter if we take it separately or not.  We

11  have your motion to intervene which was pretty clear to me

12  on its face was for the limited purposes of dealing with

13  this motion and we've got two limited objections that say

14  they don't object as long as it's what it says it is which

15  is just to this motion.  So that seems like a no brainer.

16              MS. ALFONSO:  Yes.

17              THE COURT:  So I'm a little confused as to what

18  we're actually arguing about here.  You know, you're going

19  to seek Court -- really, if you're going to be subject to

20  discovery requests, you can either proceed formally or

21  informally.  There's nothing I can do about that, it's up to

22  you.  If you want to require formal discovery, they'll do it

23  formally.  How the debtor decides or how Calyon decides to

24  present its case when their motion is actually heard, I

25  don't think I can tell them.  That's not my job to sort of

1    tell them how to do their case.  That's up to them and you

2    can respond accordingly either with a -- either on the

3    merits or you need more time to respond on the merits and we

4    can address it there.  So I'm a little unclear what's going

5    on.

6          MS. ALFONSO:  No, I agree with everything that

7    you just said.  We weren't consulted about an adjournment

8    because our motion to intervene was scheduled for today.

9          THE COURT:  Right.

10         MS. ALFONSO:  So I don't even know logistically

11   what the discovery schedule is between these parties.  It

12   sounds like they're working on a consensual resolution

13   which, you know, I'm obviously not a party yet so I'm not in

14   the loop on it.

15         The issue really came up because the debtors'

16   response states that they don't mind if we intervene for a

17   limited purpose, but they don't want us doing X, Y, and Z.

18   They have a laundry list.  I don't mind not being permitted

19   to hang out for the trial.  But they have other things that

20   they've suggested in there that really struck us.  For

21   example, they don't want us to claim entitlement to funds in

22   the segregated account.  I may have rights vis-a-vis the

23   debtor that are not at issue in this proceeding if the

24   debtor is correct that it has servicing rights and it has an

25   entitlement to servicing fees in the segregated account or

1  otherwise.  That's not before the Court.  And they agree

2  that that's not before the Court.  And nobody wants to

3  prejudice me.  So we tried to stipulate to my having a

4  limited role and not actually being a party.  At least

5  that's how we drafted the stipulation.  And me not having

6  the right to enforce my rights or bring an enforcement

7  proceeding in this case.

8          So that's who we went sideways, Your Honor,

9  because I feel that I'm being asked as a quid pro quo for

10 stipulating to this limited intervention to then agree to

11 expedited discovery to prove up my claim.  So I'm not sure

12 how we reconcile all of that.  I think if you just entered

13 the form of order that was attached to my motion, then

14 perhaps we could all workout what it is people want me to

15 do.  If we can't agree on it, then I can just file a

16 pleading.  But again, I'm sensitive to the fact that these

17 parties don't want me to overcomplicate what was supposed to

18 be a two party proceeding.

19          And I also wanted to make it clear that if we're

20 only intervening for a limited purpose and I'm agreeing that

21 I'm not going to participate in the trial based on this

22 motion being granted or agreed to, that doesn't mean I can't

23 come back later if another motion is filed that somehow

24 directly points to a bank account --

25          THE COURT:  Well --

1          MS. ALFONSO:  -- that I have a security interest

2    in.

3          THE COURT:  All right.

4          MS. ALFONSO:  Of course that would be without

5    prejudice to everyone else rights.

6          THE COURT:  Of course even if I don't -- even if

7    I only grant it for limited purposes, I mean if they want to

8    make you a target of discovery, they have the subpoena

9    power.  I mean, if you're --

10          MS. ALFONSO:  I'm not disagreeing with that, Your

11    Honor.  I'm just trying to make sure we're all on the same

12    page here.

13          THE COURT:  Okay.

14          MS. ALFONSO:  If I'm going to produce things --

15          THE COURT:  Okay.  Let me hear -- Mr. Lunn, you

16    said this was so easy.  I --

17          MR. LUNN:  Your Honor, I thought it was.  A

18    couple things kind of trying -- I think we've combined two,

19    both of the matters.  Obviously, the motion to intervene, as

20    well as, the underlying status conference on the motion.

21          And just going back to what Mr. Ackerly said.

22    There was a couple points I just want to clarify.  He had

23    said that it was probably simply an accounting issue and

24    there was probably no legal issues.  That may be true for a

25    large portion.  There may be some legal issues so I don't

1   want to be committed to saying that's simply an accounting

2   issue, Your Honor, with respect to the --

3             THE COURT:  I took that to be his position.

4             MR. LUNN:  Okay.  I just --

5             THE COURT:  Not a recitation of truth.

6             MR. LUNN:  Thank you, Your Honor.  Also what I

7   wanted --

8             THE COURT:  Excuse me, fact.

9                       (Laughter)

10             THE COURT:  Truth is beyond me.  Fact I

11   occasionally stumble upon --

12             MR. LUNN:  Really?

13             THE COURT:  -- but truth is something I don't

14   aspire to.  Go ahead, I'm sorry.

15                       (Laughter)

16             MR. LUNN:  Also, Your Honor, there was a lot of

17   discussion as to what's being provided to Calyon.

18   Obviously, the debtors are providing a certain analysis.

19   Before any of that analysis is turned over to B of A, we

20   just want to make sure that we may need then to enter a

21   confidentiality agreement or something along those lines

22   because we've shared this information with Calyon under the

23   terms, under the auspice of we're working on a resolution.

24   But regardless of that, Your Honor, B of A knows what's in

25   these accounts.  We've been providing them with raw data for

1  months, Your Honor.

2          So we're working through these issues.  And

3  again, leaving all that aside, Your Honor, I have a

4  proposal.  Given what everything is going on here, Mr.

5  Ackerly's saying that he may need more time, why don't the

6  debtors and Calyon work to come up on a settlement between

7  now and April 14.  If we can't reach a settlement between

8  now and April 14, we'll be back in front of Your Honor with

9  a scheduling order so that all the parties and interests

10 know exactly what's going on and we can set a concrete date

11 at that time.

12          THE COURT:  Well, you know, it's I'm always

13 reluctant to have people negotiate at the podium because it

14 can -- it's not necessarily constructive.  That may make

15 sense, but that may be too long a delay.  And of course, I

16 think Bank of America would like to be party to any

17 negotiation on the scheduling order at least, if not

18 necessarily the settlement.  So I don't know if that makes

19 sense or not.  Mr. Ackerly, where are you?  I mean --

20          MR. ACKERLY:  I have a proposal which is a little

21 bit more accelerated and that is if we cannot reach an

22 agreement on the stipulation by Monday, the debtor will file

23 a response by Wednesday to our motion.  And depending upon

24 whether we can get Bank of America to informally provide us

25 with the documents which support the allegations in their

1  motion, if they will agree to informally do it, then it

2  seems to me we could set this for trial the middle of April.

3  If they will not agree and we've got to proceed with formal

4  discovery against the Bank of America, then it's going to

5  push it out a little bit.

6         But we don't want to drag this thing out

7  interminably.  And we do not need 17 or 18 days until April

8  14 to decide whether we can agree.  I think we probably can

9  decide whether we can agree on a stipulation this afternoon.

10         MR. LUNN:  Your Honor I would -- Matthew Lunn

11  again for the record.

12         I would at a minimum and I know you -- I'm

13  probably negotiating from the podium, but our objection

14  deadline would be April 7.  The motion has been adjourned to

15  April 14.  That should be the earliest that we would have to

16  file a response.

17         THE COURT:  All right, let's -- I want to hear

18  from Bank of America.

19         MS. ALFONSO:  If my motion is being granted, then

20  I suppose I can participate in a scheduling order.  I'm

21  happy to see a consensus between these two parties that

22  would enable me to look at one set of data and try to

23  compare that with --

24         THE COURT:  Yeah, let's back up.

25         MS. ALFONSO:  -- my understanding.

1          THE COURT:  Let's back up or actually accelerate.

2   I'm inclined to grant the motion to intervene.  Is there any

3   objection to the actual language?  I'm looking -- if a

4   motion to intervene is granted, Bank of America is permitted

5   to intervene in the captioned proceeding. If I add the words

6   solely to permit it to a post accounting motion, without

7   prejudice to Bank of America, to -- without, you know,

8   prejudice to seek an expanded role at a later time is there

9   any objection?

10          MS. ALFONSO:  Not here.

11          THE COURT:  I mean, I took that that was the

12   thrust of the limited objections.  Mr. Tecce?

13          MS. ALFONSO:  Works for me, Your Honor.

14          THE COURT:  All right.

15          MR. TECCE:  Your Honor, James Tecce, from Quinn

16   Emmanuel for the record.

17          That's fine as long as it's clear that and I'd

18   like to say this on the record that number one, they're not

19   going to be deemed a party in the case.  And number two,

20   it's not without prejudice to the estate's rights to oppose

21   any subsequent motions to intervene on timeliness grounds.

22          THE COURT:  Right.

23          MR. TECCE:  Then the language is acceptable.

24          THE COURT:  Mr. Ackerly?

25          MR. ACKERLY:  We concur with all those comments,

1  Your Honor.

2           THE COURT:  All right.  So I'm going to grant the

3  motion to intervene.  I'm going to delineate that Bank of

4  America is permitted to intervene in the cash and adversary

5  proceeding solely and permitted to oppose the Calyon motion.

6  I'm going to add a paragraph that says this order is without

7  prejudice to the rights of any lower case P party, we'll say

8  party and interest, how about that?  That's even better.

9  Party and interest to seek or oppose, or to oppose, can't

10 split the infinitive, any further relief.  How's that?

11 Okay?  It doesn't get much broader than that.  All right.

12 So I'm signing that.

13           MS. ALFONSO:  Thank you, Your Honor.

14           THE COURT:  All right.  And what I propose to do

15 in connection with scheduling is to have a telephone status

16 conference early next week where you can tell me whether or

17 not you've reached a stipulation that will allow you to go

18 forward on the 9019.  And if not, at that time, we'll

19 discuss setting a schedule for when the debtors' response is

20 due and when we'll actually have an evidentiary hearing.

21 Hopefully, in the intervening period, you'll be able to

22 reach some sort of accommodation as to how you're going to

23 proceed with some sort of discovery.  If you need discovery,

24 you know, take it.  And if you need more time to take it

25 formally, you'll have the time to take it formally within

1  reason.  So what day next week works for everybody?  I'm

2  available --

3          MR. ACKERLY:  Tuesday.

4          THE COURT:  Yeah, let me check one thing.

5          MS. ALFONSO:  Tuesday is fine with me.

6          THE COURT:  And again, this will be by phone so

7  no one needs to travel.  How about 1:00 on Tuesday?

8          MR. ACKERLY:  That's fine.

9          THE COURT:  1:00 p.m.

10          MR. LUNN:  Your Honor, just a logistical point.

11  Court call for the teleconference?

12          THE COURT:  That's fine, yeah.

13          MR. LUNN:  Okay.

14          THE COURT:  We'll arrange it.  And anyone who

15  wants to be present can be present because when I have a --

16  if I have to have a court reporter which I will, I have to

17  sit here to do the call in any event.  So if people want to

18  be present they can be, but they don't have to be.

19          MS. ALFONSO:  Thank you.

20          MR. LUNN:  Very good.

21          THE COURT:  And it won't be prejudicial in any

22  way if you're not here.

23          MR. LUNN:  Thank you, Your Honor.

24          MS. ALFONSO:  Thank you.

25          THE COURT:  All right.  Anything further for

1  today?

2          MR. LUNN:  I don't believe so, Your Honor.

3          THE COURT:  Thank you very much.

4          MS. ALFONSO:  Thank you.

5          THE COURT:  You all have a pleasant day.  Hearing

6  is adjourned.

7      (Whereupon at 11:48 a.m., the hearing was adjourned.)

8

9                    CERTIFICATION

10         I certify that the foregoing is a correct

11  transcript from the electronic sound recording of the

12  proceedings in the above-entitled matter.

13

14

15  _____          28 October 2010

16  Traci L. Calaman                          Date

17  Transcriber

18

19

20

21

22

23

24

25

| Word | Page:Line |
| --- | --- |

07-11047(css) 1:7
a's(1) 17:10
a.m(3) 1:14 5:1 30:7
ability(1) 11:1
able(3) 13:25 16:22 28:21
abn(1) 4:4
about(9) 5:3 7:7 8:13 13:9 20:18 20:21 21:7 28:8 29:7

aboventitled (1) 30:12
accelerate(1) 27:1
accelerated(1) 25:21
accept(1) 7:4
acceptable(2) 6:23 27:23
access(1) 7:21
accommodation(1) 28:22
according(1) 13:1
accordingly(1) 21:2
account(7) 13:13 14:5 17:22 19:12 21:22 21:25 22:24

accountants(1) 16:20
accounting(6) 13:21 18:2 19:9 23:23 24:1 27:6

accounts(7) 11:17 17:14 18:1 18:15 18:23 19:13 24:25

ackerly(12) 5:25 12:17 12:18 16:8 16:11 18:4 23:21 25:19 25:20 27:24 27:25 29:3 29:8
ackerly's(1) 25:5
acquisition(2) 2:39 3:5
action(3) 8:8 11:3 18:9
actual(2) 19:20 27:3
actually(8) 18:18 18:18 19:18 20:18 20:24 22:4 27:1 28:20

add(3) 8:9 27:5 28:6
adding(1) 8:13
address(1) 21:4
addressing(1) 12:21
adjourned(6) 5:9 7:17 15:1 26:14 30:6
adjournment(1) 21:7
adjudicated(1) 19:4
adjudicativ(e) 17:4
advance(1) 13:1
advanced(3) 12:23 12:24 13:22
adversary(1) 28:4
advisors(1) 11:17
after(1) 14:11
afternoon(1) 26:9
again(6) 6:11 12:4 22:16 25:3 26:11 29:6
against(1) 26:4
agenda(6) 5:9 7:15 11:12 11:12 12:9 14:25
agent(1) 17:5
aggregate(1) 7:8
agree(11) 13:17 18:24 19:24 21:6 22:21 22:10 22:15 26:1 26:3 26:8 26:9

agreed(2) 13:13 22:22
agreeing(2) 15:23 22:20
agreement(7) 12:23 13:18 13:25 14:22 15:21 24:21 25:22

ahead(2) 15:5 24:14
alfonso(22) 2:19 17:1 17:3 17:3 19:2 20:7 20:16 21:6 21:10 23:1 23:4 23:10 23:14 26:19 26:25 27:10 27:13 29:3 29:5 29:19 29:24 30:4

alison(1) 9:15
all(37) 5:2 5:5 8:4 8:10 8:16 8:22 9:1 9:1 9:14 9:18 9:22 10:3 10:6 10:16 10:25 11:6 11:23 12:7 14:11 14:12 17:11 19:8 19:17 22:12 22:14 23:3 23:11 25:3 25:9 26:17 27:14 27:25 28:2 28:11 28:14 29:2 30:5

allegations(1) 25:25
allow(2) 7:21 28:17
along(1) 24:21
already(1) 17:17
also(5) 10:1 13:16 22:19 24:6 24:16
always(1) 25:12
america(18) 2:11 3:47 13:21 14:19 15:8 15:16 15:18 15:23 16:17 16:18 17:4 25:16 25:24 26:4 26:18 27:4 27:7 28:4

amount(1) 14:7
amounts(1) 11:18
amro(1) 4:4
ana(2) 2:19 17:3
analysis(2) 24:8 24:19
and(141) 5:10 5:10 5:19 5:22 5:22 6:4 6:5 6:11 6:12 6:19 6:23 6:25 7:1 7:6 7:7 7:11 7:14 7:15 7:21 8:2 8:2 8:3 8:4 8:12 8:13 8:20 8:22 9:10 9:25 10:7 10:8 10:22 10:23 11:13 11:14 11:21 11:23 12:1 12:1 12:2 12:4 12:10 12:18 12:18 12:25 13:1 13:4 13:5 13:6 13:8 13:12 13:13 13:15 13:17 13:18 13:23 13:24 13:24 14:2 14:5 14:6 14:9 14:10 14:13 14:17 14:18 14:20 14:25 15:4 15:5 15:5 15:7 15:11 15:17 15:23 16:2 16:13 16:15 16:22 17:8 17:11 17:17 17:21 17:24 18:3 18:11 18:11 18:15 18:15 18:18 18:19 18:23 18:24 19:4 19:10 19:14 19:19 19:22 19:23 20:1 20:5 20:13 21:1 21:3 21:17 21:24 22:1 22:2 22:4 22:5 22:19 22:20 23:21 23:23 25:2 25:6 25:7 25:8 25:9 25:10 25:15 25:21 25:23 26:3 26:7 26:12 26:22 27:17 27:19 28:4 28:5 28:8 28:9 28:14 28:18 28:20 28:24 29:6 29:14 29:21

anderson(1) 2:11
another(3) 14:1 14:4 22:23
any(12) 7:4 15:9 18:2 24:19 25:16 27:2 27:9 27:21 28:7 28:10 29:17 29:21

anyone(3) 9:15 9:16 29:14
anything(1) 29:25
app(1) 17:16
appear(2) 9:24 18:18
appearances(2) 3:41 4:1
application(1) 9:6
appropriate(3) 11:22 12:11 19:22
approximately(4) 5:20 13:3 14:8 14:10
april(16) 6:11 7:17 10:5 12:10 12:11 15:1 16:6 19:20 19:21 20:3 25:7 25:8 26:2 26:7 26:14 26:15

are(31) 5:11 5:21 6:3 6:19 6:25 7:6 8:11 9:14 9:16 10:18 10:21 11:14 11:17 11:19 11:19 12:3 12:18 13:15 14:3 14:9 15:15 16:1 16:24 19:13 19:13 20:1 20:5 21:23 24:18 25:19

arguing(1) 20:18
arguments(1) 16:23
arrange(1) 29:14
aside(1) 25:3
ask(2) 7:25 17:8
asked(2) 15:18 22:9
aspire(1) 24:14
assert(1) 8:10
assertions(1) 12:3
assets(1) 7:2
assist(1) 10:2
assuming(1) 15:21
attached(3) 8:5 17:8 22:13
auctions(1) 10:20
audible(1) 9:17
august(1) 17:16
auspice(1) 24:23
available(2) 6:2 29:2
avenue(3) 2:20 3:7 3:30
aware(1) 12:20

back(8) 13:1 18:6 19:21 22:23 23:21 25:8 26:24 27:1

balance(2) 7:8 7:12
balances(1) 19:12
bank(24) 2:11 3:11 3:47 4:4 13:20 14:8 14:19 15:8 15:15 15:18 15:22 16:17 16:17 17:4 17:14 17:25 25:16 25:24 26:4 26:18 27:4 27:7 28:3

bankruptcy(3) 1:1 1:18 14:5
barksdale(1) 1:31
barry(1) 3:12
based(3) 6:22 16:23 22:21
bases(1) 19:4
basically(1) 14:16
basis(1) 19:6
beach(11) 1:24 5:5 5:6 5:15 7:9 7:14 7:19 8:23 8:25 9:9 9:9

because(11) 16:9 17:14 17:25 18:10 19:25 21:8 21:15 22:9 24:22 25:13 29:15

become(1) 17:24
been(13) 5:9 5:10 5:12 7:16 13:7 13:17 14:11 17:14 17:15 17:19 19:14 24:25 26:14

before(6) 6:17 8:20 14:23 22:1 22:2 24:19
behalf(3) 5:7 12:18 17:4
being(9) 9:11 12:9 11:18 22:4 22:9 22:22 24:17 26:19

believe(8) 7:10 9:12 13:19 13:21 14:6 16:20 16:24 30:2

ben(1) 12:17
benjamin(1) 2:25
best(1) 11:1
better(3) 6:24 7:2 28:8
between(3) 13:18 21:11 25:6 25:7 26:21
beyond(1) 24:10
bids(4) 6:22 6:23 7:5 7:11
bigger(1) 17:21
bit(5) 5:4 15:15 16:9 25:21 26:5
black(1) 8:14
blank(1) 2:4
block(1) 3:11
both(1) 23:19
bowditch(1) 4:10
box(2) 2:14 3:17
brainer(1) 20:15
brandywine(1) 1:26
briefly(1) 8:17
bring(1) 22:6
broader(1) 28:11
bucket(1) 13:8
buckets(1) 12:21
building(2) 1:26 2:41
busenkell(2) 2:32 12:18
but(34) 6:21 7:4 7:24 9:24 10:12 10:22 12:1 12:4 13:4 13:21 14:14 15:5 15:13 15:16 16:2 16:24 17:9 17:21 18:5 18:7 18:12 18:20 19:3 19:7 20:9 21:17 21:19 22:16 24:13 24:24 25:15 26:6 26:13 29:18

byrd(1) 2:28
calaman(1) 30:16
call(2) 29:11 29:17
calyon(19) 2:24 11:13 11:14 12:14 12:19 13:18 13:23 14:7 15:20 17:13 17:24 18:16 18:17 19:20 20:23 24:17 24:22 25:6 28:5

calyon's(2) 13:23 19:9
came(2) 5:19 21:15

can(32) 5:8 6:12 10:7 10:9 11:23 14:12 14:13 14:16 15:3 15:21 15:21 16:3 16:20 17:16 18:11 19:10 20:20 20:21 20:25 21:2 21:4 22:15 25:20 25:14 25:24 26:8 26:8 26:9 26:20 28:16 29:15 29:18

can't(7) 6:5 10:23 15:5 22:15 22:22 25:7 28:9

cannot(1) 25:21
cap(1) 7:22
capstone(1) 13:5
captioned(1) 27:5
carickhof(1) 2:5
carlyle(1) 3:27
carried(1) 12:9
case(9) 1:7 14:13 15:9 15:24 20:24 21:1 22:7 27:19 28:7

cash(2) 19:15 28:4
casualty(1) 3:27
cede(1) 9:13
certain(3) 5:23 7:21 24:18
certification(4) 7:25 9:2 9:5 30:9
certifications(1) 5:12
certify(1) 30:10
chance(1) 16:13
chapter(1) 1:4
check(1) 29:4
christopher(1) 1:17
cited(1) 18:3
civil(1) 11:2
claim(10) 18:14 18:14 18:14 18:21 19:4 19:4 19:10 25:5 21:21 22:11

clarification(1) 5:23
clarify(1) 23:22
class(1) 8:8
clear(5) 9:11 18:20 20:11 22:19 27:17
clerk(1) 5:2
cobb(1) 3:14
collateral(1) 19:15
combined(1) 23:18
come(6) 14:19 15:3 16:12 17:7 22:23 25:6
comes(1) 18:6
comfortabl(e) 6:13
comingled(1) 19:13
comment(2) 8:7 8:25
comments(1) 27:25
commitment(1) 14:14
committed(2) 8:19 24:1
committee(5) 2:4 3:43 6:22 8:1 8:13
company(1) 8:3
compare(1) 26:23
complaint(4) 16:5 17:18 18:9 18:18
complicated(1) 19:8
comply(2) 5:25 6:5
conaway(2) 2:5 5:6
concrete(4) 19:23 19:25 20:2 25:10
concur(1) 27:25
conference(5) 11:16 12:5 19:19 23:20
confidentiality(1) 24:21
confused(2) 16:4 20:17
confusing(1) 16:1
confusion(1) 17:11
connection(6) 5:18 6:1 9:15 16:5 19:20 28:15

consensual(2) 7:23 21:12
consensus(1) 26:21
construction(3) 10:17 10:18 10:20
constructive(1) 25:14
consultation(1) 6:21
consulted(1) 21:7
continuation(1) 19:19
continue(3) 10:6 11:7 16:6
continued(3) 2:2 3:2 4:2
conversations(3) 10:13 10:14 10:19
coopers(1) 9:6

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| corporation(1) 1:9 | | documents(7) 6:8 6:9 15:19 16:17 18:13 | | filed(12) 5:12 5:13 5:19 7:10 8:7 9:25 | | happen(1) 19:7 | |
| correct(2) 21:24 30:10 | | 20:5 25:25 | | 11:4 11:13 11:22 12:20 17:19 22:23 | | happy(2) 19:2 26:21 | |
| corroon(1) 2:11 | | doesn't(5) 15:11 18:6 20:10 22:22 28:11 | | filing(1) 10:14 | | harbour(2) 2:26 12:18 | |
| cory(1) 3:22 | | doing(1) 21:17 | | final(1) 6:16 | | harrisburg(1) 1:35 | |
| costs(2) 6:1 7:22 | | don't(40) 7:24 9:19 9:23 12:14 13:19 14:6 | | fine(4) 27:17 29:5 29:8 29:12 | | has(12) 5:9 7:16 8:2 8:19 15:8 17:20 | |
| could(5) 14:17 14:19 17:7 22:14 26:2 | | 15:9 15:16 16:11 16:11 16:15 16:19 16:22 | | first(1) 6:16 | | 17:24 17:25 18:4 21:24 21:24 26:14 | |
| counihan(1) 2:40 | | 19:3 19:12 19:25 20:6 20:14 20:25 21:10 | | fish(1) 17:21 | | hasn't(1) 17:18 | |
| counsel(7) 5:12 8:1 8:2 8:19 9:2 9:5 10:1 | | 21:16 21:17 21:18 21:21 22:17 23:6 23:25 | | five(2) 6:22 7:4 | | have(56) 5:9 5:12 5:20 7:23 7:24 8:3 8:4 | |
| couple(2) 23:18 23:22 | | 24:13 25:5 25:18 26:6 29:18 30:2 | | flip(1) 20:8 | | 8:4 9:21 10:8 10:14 11:23 12:2 13:17 | |
| course(4) 15:8 23:4 23:6 25:15 | | door(1) 18:16 | | floor(3) 1:27 2:34 3:7 | | 14:19 14:22 15:9 15:13 15:18 15:20 15:25 | |
| court(77) 1:1 5:3 5:13 7:6 7:13 7:18 8:15 | | drafted(1) 22:5 | | for(47) 1:2 1:22 2:4 2:11 2:24 2:38 3:4 | | 16:16 17:14 17:15 18:2 18:6 18:9 18:14 | |
| 8:16 8:20 8:22 9:1 9:8 9:14 9:18 9:19 | | drag(1) 26:6 | | 3:11 3:14 3:21 3:27 3:34 3:43 3:47 4:4 | | 18:21 18:22 19:4 19:5 19:11 19:14 19:14 | |
| 9:22 10:3 10:6 10:11 10:16 10:25 11:2 | | due(1) 28:20 | | 4:10 6:20 7:22 8:2 8:18 8:21 9:1 9:6 | | 20:4 20:8 20:11 21:18 21:19 21:22 23:1 | |
| 11:6 11:10 12:7 12:13 12:16 12:17 13:9 | | earliest(1) 26:15 | | 11:15 15:24 16:21 19:4 19:6 20:3 20:12 | | 23:8 25:3 25:13 25:20 26:15 28:15 28:20 | |
| 13:10 13:10 14:23 15:22 16:4 16:10 16:12 | | early(1) 28:16 | | 21:8 21:16 21:19 21:20 22:9 22:20 23:7 | | 28:25 29:15 29:16 29:16 29:16 29:18 30:5 | |
| 17:2 18:25 19:17 19:18 20:8 20:17 20:19 | | east(2) 2:27 2:28 | | 23:24 24:25 26:2 26:11 27:13 27:16 28:19 | | haven't(3) 14:14 16:13 20:9 | |
| 21:9 22:1 22:2 22:25 23:3 23:6 23:13 | | easy(1) 23:16 | | 29:1 29:11 29:25 | | having(5) 15:15 19:6 22:3 22:5 | |
| 23:15 24:3 24:5 24:8 24:10 24:13 25:12 | | eckert(1) 1:31 | | foreclosure(1) 7:1 | | hear(2) 23:15 26:17 | |
| 26:17 26:24 27:1 27:11 27:14 27:22 27:24 | | ecro(1) 1:31 | | foregoing(1) 30:10 | | heard(3) 9:20 17:1 20:24 | |
| 28:2 28:14 29:4 29:6 29:9 29:11 29:12 | | either(3) 20:22 26:3 21:2 21:2 | | form(3) 7:23 8:1 22:13 | | hearing(14) 6:10 6:17 7:17 9:19 11:8 | |
| 29:14 29:16 29:21 29:25 30:3 30:5 | | electronic(2) 1:39 30:11 | | formal(3) 8:7 20:22 26:3 | | 13:10 14:23 16:12 16:16 16:21 19:19 | |
| court's(1) 12:20 | | else(1) 23:5 | | formally(4) 20:20 20:23 28:25 28:25 | | 28:20 30:5 30:7 | |
| courtroom(2) 1:9 7:24 | | emanuel(1) 3:5 | | forth(2) 18:11 29:1 | | help(1) 10:24 | |
| creditor(2) 14:4 14:6 | | emmanuel(1) 27:16 | | forward(5) 5:16 6:7 6:23 17:20 28:18 | | here(13) 9:14 9:15 10:1 11:7 15:7 15:22 | |
| creditor's(1) 14:5 | | enable(1) 26:22 | | four(1) 7:10 | | 18:14 20:18 23:12 25:4 27:10 29:17 29:22 | |
| creditors(3) 2:5 3:44 14:12 | | encumbered(1) 6:20 | | frankly(2) 9:11 16:20 | | here's(2) 17:13 19:18 | |
| data(3) 1:33 24:25 26:22 | | endeavor(2) 10:7 10:22 | | fred(1) 4:6 | | hessen(1) 3:43 | |
| date(6) 19:22 19:23 19:25 20:3 25:10 | | ended(1) 14:4 | | freddie(1) 3:21 | | higby(1) 4:10 | |
| david(1) 2:5 | | enforce(1) 22:6 | | freeze(1) 20:5 | | him(1) 10:2 | |
| day(2) 29:1 30:5 | | enforcement(1) 22:6 | | from(15) 5:6 7:20 8:8 9:20 10:20 13:2 | | his(2) 18:6 24:3 | |
| days(1) 26:7 | | enter(2) 17:8 24:20 | | 14:14 16:17 17:3 17:16 17:21 26:13 26:18 | | holding(4) 6:24 7:3 13:12 14:8 | |
| deadline(1) 26:14 | | entered(2) 5:10 22:12 | | 27:15 30:11 | | holdings(1) 1:8 | |
| dealing(1) 20:12 | | entitled(1) 16:23 | | front(2) 19:18 25:8 | | home(3) 1:7 2:38 3:4 | |
| dealt(1) 6:17 | | entitlement(2) 21:21 21:25 | | frozen(2) 17:14 17:22 | | honor(55) 5:5 5:6 5:8 5:10 5:15 5:16 5:17 | |
| debtor(14) 1:22 12:22 12:25 13:1 13:18 | | esq(21) 1:24 1:25 2:5 2:12 2:19 2:25 2:26 | | frustrated(1) 17:25 | | 6:15 7:14 7:19 8:13 8:17 8:25 9:3 9:4 | |
| 14:11 14:13 14:14 15:2 15:3 20:23 21:23 | | 2:32 2:40 3:6 3:12 3:15 3:22 3:29 3:36 | | fry(1) 17:21 | | 9:9 9:10 9:21 9:24 10:5 10:15 10:19 | |
| 21:24 25:22 | | 3:44 3:48 3:49 4:6 4:7 4:11 | | full(1) 7:10 | | 10:21 11:5 11:12 11:22 12:6 12:12 | |
| debtors(27) 1:11 5:7 5:20 6:7 6:21 6:24 | | essentially(1) 16:25 | | funds(24) 12:21 12:23 12:24 13:1 13:8 | | 12:19 14:16 15:12 16:8 16:19 17:1 17:6 | |
| 7:4 7:20 8:11 8:19 10:18 10:21 11:14 | | establishes(1) 19:9 | | 13:14 13:14 13:15 13:19 14:3 14:3 14:4 | | 17:13 22:8 23:11 23:22 24:2 24:6 24:16 | |
| 12:2 12:4 12:10 13:2 17:15 18:7 18:7 | | estate's(1) 27:20 | | 14:7 14:9 14:10 14:12 14:21 18:21 18:23 | | 24:24 25:1 25:3 25:8 26:10 27:13 27:15 | |
| 18:15 19:7 19:14 21:15 24:18 25:6 28:19 | | estates(1) 8:12 | | 19:11 19:12 19:13 19:16 21:21 | | 28:1 28:13 29:10 29:23 30:2 | |
| decide(2) 26:8 26:9 | | even(6) 17:17 19:12 21:10 23:6 23:6 28:8 | | furnish(1) 15:18 | | honorable(1) 1:17 | |
| decides(2) 20:23 26:23 | | event(1) 14:22 29:17 | | further(2) 28:10 29:25 | | hope(1) 6:7 | |
| declarations(1) 6:4 | | everybody(1) 29:1 | | gabriel(1) 2:12 | | hopefully(1) 28:21 | |
| declaratory(2) 18:9 18:18 | | everyone(1) 23:5 | | gave(1) 16:13 | | how(13) 7:7 7:9 9:23 13:24 16:24 20:23 | |
| deemed(1) 27:19 | | everything(2) 21:6 25:4 | | germane(2) 9:23 12:5 | | 20:23 21:1 22:5 22:12 28:8 28:22 29:7 | |
| defense(1) 7:22 | | evidence(1) 18:20 | | get(13) 6:5 6:12 7:2 7:20 8:6 12:6 13:15 | | how's(1) 28:10 | |
| defined(1) 6:18 | | evidentiary(5) 14:23 16:12 16:16 16:21 | | 14:13 15:11 16:15 20:6 25:24 28:11 | | hunton(1) 2:24 | |
| delaware(6) 1:2 1:8 1:11 3:30 5:1 10:2 | | 28:20 | | give(1) 18:4 | | i'd(1) 27:17 | |
| delay(3) 5:4 15:17 25:15 | | exactly(5) 9:11 10:9 13:24 19:17 25:10 | | given(1) 25:4 | | i'll(3) 8:21 9:1 9:13 | |
| delineate(1) 28:3 | | example(1) 21:21 | | giving(1) 5:17 | | i'm(30) 8:6 9:11 10:7 16:1 16:4 18:20 | |
| depend(1) 6:11 | | excuse(1) 24:8 | | goes(1) 8:20 | | 19:2 19:5 20:17 21:4 21:13 21:13 22:9 | |
| depending(1) 25:23 | | expanded(1) 27:8 | | going(23) 5:21 6:3 6:11 7:3 11:18 16:18 | | 22:11 22:16 22:22 22:21 23:10 23:11 | |
| desire(1) 18:12 | | expedited(1) 22:11 | | 18:16 20:4 20:5 20:18 20:19 21:4 22:21 | | 23:14 24:14 25:12 26:12 26:20 27:2 27:3 | |
| destruction(2) 5:18 6:8 | | extension(1) 16:14 | | 23:14 23:21 25:4 25:10 26:4 27:19 28:2 | | 28:2 28:3 28:6 28:12 29:1 | |
| details(1) 11:18 | | extent(2) 6:2 20:1 | | 28:3 28:6 28:22 | | inc(1) 1:8 | |
| determined(1) 6:21 | | face(1) 20:12 | | good(6) 5:4 5:6 8:17 12:16 19:6 29:20 | | inclined(1) 27:2 | |
| dewey(1) 4:10 | | fact(4) 13:22 22:16 24:8 24:10 | | got(4) 8:7 13:14 20:13 26:3 | | indicated(2) 9:25 10:1 | |
| diaz(1) 1:33 | | facts(1) 20:1 | | gotten(3) 14:14 16:16 20:9 | | indicates(1) 12:9 | |
| did(3) 7:4 8:6 9:24 | | fail(1) 14:21 | | graciously(1) 18:4 | | infinitive(1) 28:10 | |
| didn't(3) 5:25 13:14 13:15 | | faith(1) 19:6 | | grant(4) 2:33 23:7 27:2 28:2 | | informal(1) 8:7 | |
| dip(1) 6:20 | | falgowski(1) 3:22 | | granted(4) 9:19 22:22 26:19 27:4 | | informally(3) 20:21 25:24 26:1 | |
| directly(1) 22:24 | | far(2) 6:25 17:17 | | greenburg(1) 2:39 | | information(6) 6:14 13:2 15:23 18:5 19:5 | |
| directors(2) 7:21 8:3 | | fargo(1) 3:11 | | grounds(1) 27:21 | | 24:22 | |
| disagreeing(1) 23:10 | | fee(1) 17:16 | | group(2) 8:24 13:5 | | | |
| disagreemen(1) 17:12 | | feel(2) 11:25 22:9 | | guess(2) 9:24 19:23 | | initial(1) 7:9 | |
| discovered(1) 12:21 | | feels(1) 17:25 | | had(12) 6:18 6:21 9:7 9:25 10:13 10:14 | | ins(1) 3:27 | |
| discovery(11) 18:19 19:1 19:3 20:20 20:22 | | fees(1) 21:25 | | 10:19 12:22 13:10 16:13 17:21 23:22 | | institutional(1) 8:24 | |
| 21:11 22:11 23:8 26:4 28:23 28:23 | | felt(1) 17:23 | | hadley(1) 4:4 | | insurance(3) 7:22 8:3 8:11 | |
| discuss(1) 28:19 | | figure(1) 10:9 | | hahn(1) 3:43 | | interest(9) 13:9 13:12 15:20 18:23 19:6 | |
| discussion(1) 24:17 | | file(8) 12:10 15:4 18:8 18:18 18:25 22:15 | | hands(2) 10:18 10:21 | | 19:15 23:1 28:8 28:9 | |
| dispute(3) 12:4 14:15 16:25 | | 25:22 26:16 | | hang(1) 21:19 | | | |
| district(1) 1:2 | | | | | | interests(2) 11:23 25:9 | |
| document(2) 5:18 5:19 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| interminably(1) 26:7 | | little(9) 5:4 15:15 16:4 16:9 19:21 20:17 21:4 25:20 26:5 | | mortgages(2) 12:24 12:25 | | opportunity(1) 11:24 | |
| interpleader(1) 17:18 | | | | most(1) 5:8 | | oppose(4) 27:20 28:5 28:9 28:9 | |
| intervene(14) 13:20 15:8 17:9 18:22 20:11 21:8 21:16 23:19 27:2 27:4 27:5 27:21 28:3 28:4 | | llp(8) 1:23 2:4 2:11 2:39 3:11 3:14 3:21 3:47 | | motion(55) 5:18 7:4 7:10 7:16 7:20 8:12 9:10 9:15 9:18 9:25 10:14 11:13 11:22 12:3 12:13 12:20 13:20 14:2 14:16 14:18 14:20 14:24 15:6 15:10 15:11 15:14 15:17 15:19 15:25 16:18 17:9 18:3 18:21 18:25 19:20 20:9 20:11 20:13 20:15 20:24 21:8 22:13 22:22 22:23 23:19 23:20 25:23 26:14 26:19 27:2 27:4 27:6 28:3 28:5 | | orange(1) 2:42 | |
| | | | | | | order(17) 5:25 6:6 7:20 7:23 8:1 8:5 8:9 8:10 8:20 9:4 17:8 19:16 22:13 25:9 25:17 26:20 28:6 | |
| intervening(3) 18:7 22:20 28:21 | | loan(1) 6:16 | | | | | |
| intervention(3) 15:10 15:17 22:10 | | loans(10) 6:19 6:25 6:25 7:7 7:9 7:11 10:17 10:18 10:20 13:23 | | | | orders(3) 5:10 5:13 5:13 | |
| into(9) 8:9 11:18 12:6 15:11 16:12 16:16 17:11 18:13 20:6 | | | | | | other(5) 5:23 13:8 14:9 19:25 21:19 | |
| | | lock(1) 10:2 | | motions(3) 5:11 10:21 27:21 | | otherwise(1) 22:1 | |
| investor(1) 8:24 | | logistical(1) 29:10 | | movant(1) 7:16 | | our(13) 9:24 10:13 11:1 13:4 13:11 14:18 14:24 15:6 17:8 17:21 21:8 25:23 26:13 | |
| issue(11) 12:4 13:20 13:21 14:1 14:2 15:13 17:13 21:15 21:23 23:23 24:2 | | logistically(1) 21:10 | | moved(1) 17:20 | | | |
| | | long(6) 15:16 17:22 20:14 25:15 | | mrs(2) 9:13 9:20 | | | |
| issues(5) 12:6 15:7 23:24 23:25 25:2 | | look(3) 8:21 19:8 26:22 | | much(3) 13:24 28:11 30:3 | | out(9) 10:8 10:9 10:23 15:24 17:14 18:16 21:19 26:5 26:6 | |
| it's(22) 7:3 8:1 9:5 10:11 11:5 12:5 12:9 13:19 13:21 15:10 15:13 18:3 18:11 18:23 20:9 20:14 20:22 25:14 26:4 27:17 27:20 | | looking(1) 27:3 | | muck(2) 18:10 18:12 | | | |
| | | looks(1) 17:18 | | name(1) 9:12 | | over(6) 8:14 8:20 13:11 13:13 13:15 24:19 | |
| | | loop(1) 21:14 | | necessarily(2) 25:14 25:18 | | overcomplicate(1) 22:17 | |
| | | lot(4) 17:17 17:25 20:4 24:16 | | necessary(1) 11:25 | | owed(2) 14:4 14:9 | |
| item(10) 5:9 5:16 6:15 7:14 7:15 7:19 9:4 9:10 11:12 11:12 | | lower(1) 28:7 | | need(12) 6:4 14:22 15:24 16:21 18:20 19:3 21:3 24:20 25:5 26:7 28:23 28:24 | | p.m(1) 29:9 | |
| | | lunn(26) 1:25 10:5 10:8 10:10 10:13 10:17 11:1 11:4 11:9 11:11 12:8 12:14 13:17 23:15 23:17 24:4 24:6 24:12 24:16 26:10 26:10 29:10 29:13 29:20 29:23 30: | | | | p.o(2) 2:14 3:17 | |
| | | | | | | page(1) 23:12 | |
| items(1) 5:9 | | | | needed(1) 17:23 | | pain(1) 7:10 | |
| its(3) 12:22 20:12 20:24 | | | | needs(1) 29:7 | | paragraph(2) 8:13 28:6 | |
| j.p(1) 3:14 | | | | negotiate(1) 25:13 | | parikh(1) 3:15 | |
| james(2) 3:6 27:15 | | mac(1) 3:21 | | negotiating(1) 26:13 | | park(1) 2:20 | |
| january(2) 13:11 17:16 | | macconaill(1) 2:12 | | negotiation(1) 25:17 | | participate(2) 22:21 26:20 | |
| jason(2) 2:26 12:18 | | made(2) 5:23 13:23 | | neither(1) 18:7 | | particular(1) 15:9 | |
| jeffrey(1) 3:44 | | madison(1) 3:7 | | nemours(1) 2:41 | | parties(16) 5:23 6:4 6:5 8:10 11:14 11:17 11:19 11:23 12:8 14:9 18:17 18:24 21:11 22:17 25:9 26:21 | |
| job(1) 20:25 | | maintained(1) 17:23 | | neufeld(1) 4:6 | | | |
| joseph(2) 3:36 8:18 | | make(7) 6:12 12:14 22:19 23:8 23:11 24:20 25:14 | | new(2) 2:21 3:8 | | | |
| judge(1) 1:18 | | | | next(7) 6:10 7:14 10:3 11:8 11:12 28:16 29:1 | | party(11) 16:18 18:8 18:9 21:13 22:4 22:18 25:16 27:19 28:7 28:8 28:9 | |
| june(1) 15:13 | | makes(1) 25:18 | | | | | |
| just(14) 11:7 11:15 15:13 18:16 20:15 21:7 22:12 22:15 23:11 23:21 23:22 24:4 24:20 29:10 | | making(5) 5:22 5:22 | | | | | |
| | | mangan(1) 3:29 | | nickita(1) 1:31 | | pay(1) 6:1 | |
| | | many(6) 6:25 7:7 7:7 10:19 | | nobody(1) 22:2 | | payments(3) 13:9 13:12 13:23 | |
| | | march(2) 1:13 5:1 | | non(1) 6:18 | | pending(1) 11:2 | |
| kaye(3) 2:18 3:47 17:3 | | margot(1) 3:49 | | non-performing(1) 6:16 | | pennsylvania(1) 1:35 | |
| kevin(1) 3:29 | | market(5) 1:10 2:6 2:13 3:16 3:23 | | north(2) 2:13 2:42 | | people(3) 22:14 25:13 29:17 | |
| kind(2) 12:21 23:18 | | | | not(46) 6:12 6:19 6:23 7:4 8:6 8:11 9:11 9:21 11:7 11:19 12:2 12:5 12:15 12:25 17:20 18:2 18:3 18:11 18:20 18:24 19:24 20:10 20:25 21:13 21:13 21:18 21:23 22:2 22:2 22:4 22:5 22:11 22:21 23:10 24:5 25:14 25:17 25:19 26:3 26:7 27:10 27:18 27:20 28:17 28:18 29:22 | | perfected(1) 19:15 | |
| kinds(1) 17:11 | | massachusetts(1) 11:3 | | | | perfectly(1) 19:2 | |
| king(1) 3:37 | | matter(9) 7:16 10:2 10:7 15:1 16:6 16:15 16:19 20:10 30:12 | | | | performing(1) 6:19 | |
| kirk's(1) 7:15 | | | | | | perhaps(1) 22:14 | |
| klayman(1) 3:12 | | matters(1) 23:19 | | | | period(2) 15:2 28:21 | |
| know(22) 9:19 9:23 12:10 12:14 14:6 15:24 16:3 16:11 17:20 19:3 19:12 19:25 20:3 20:18 21:10 21:13 25:10 25:12 25:18 26:12 27:7 28:24 | | matthew(1) 1:25 26:10 | | | | permit(1) 27:6 | |
| | | may(11) 6:4 16:8 16:22 17:1 21:22 23:24 23:25 24:20 25:5 25:14 25:15 | | nothing(1) 20:21 | | permitted(4) 21:18 27:4 28:4 28:5 | |
| | | | | notice(2) 11:23 14:17 | | perspective(1) 17:21 | |
| | | | | now(6) 5:21 14:25 18:3 18:17 25:7 25:8 | | petition(1) 11:4 | |
| knows(2) 10:19 24:24 | | maybe(1) 10:7 | | number(2) 13:6 27:18 27:19 | | petitioned(1) 15:8 | |
| kraege(1) 4:10 | | mccloy(1) 4:5 | | numbers(3) 16:22 16:24 16:25 | | phase(1) 15:12 | |
| kroll(1) 13:5 | | mcmahon(6) 3:36 8:16 8:17 8:18 9:22 | | numerous(2) 11:17 11:18 | | phone(2) 9:16 29:6 | |
| landis(1) 3:14 | | mean(7) 13:4 13:17 22:22 23:7 23:9 25:19 27:11 | | object(3) 11:24 14:20 20:14 | | piece(2) 6:16 6:18 | |
| language(2) 27:3 27:23 | | | | objection(9) 8:7 8:7 8:24 14:19 15:9 18:6 26:13 27:3 27:12 | | pieces(1) 6:17 | |
| large(1) 23:25 | | | | | | pittsburgh(1) 2:35 | |
| last(3) 6:17 6:18 17:16 | | mechanism(1) 20:2 | | | | plaintiff(1) 9:12 | |
| later(5) 16:3 17:24 19:23 22:23 27:8 | | merican(1) 1:7 | | objections(4) 8:4 17:7 20:13 27:12 | | plaintiffs(1) 8:8 | |
| latter(1) 8:23 | | merits(2) 21:3 21:3 | | obligations(1) 24:11 | | plaza(1) 2:27 | |
| laughter(2) 24:9 24:15 | | michael(2) 2:32 12:18 | | obviously(5) 17:24 19:13 21:13 23:19 | | pleading(1) 22:16 | |
| laundry(1) 21:18 | | middle(2) 6:10 26:2 | | occasionally(1) 24:11 | | pleasant(1) 30:5 | |
| least(5) 19:16 22:4 24:5 25:17 | | milbank(1) 4:4 | | october(1) 30:15 | | please(2) 5:3 12:17 | |
| leaving(1) 25:3 | | million(2) 7:23 14:8 | | off(2) 8:2 8:3 | | podium(3) 9:13 25:13 26:13 | |
| legal(4) 13:19 16:23 23:24 23:25 | | mind(2) 21:16 21:18 | | offered(1) 18:4 | | point(3) 7:1 10:22 29:10 | |
| let(3) 17:23 23:15 29:4 | | minimum(1) 26:12 | | office(1) 3:34 | | points(2) 22:24 23:22 | |
| let's(3) 26:17 26:24 27:1 | | misdirected(6) 14:3 14:3 14:7 14:9 14:10 14:12 | | officers(2) 7:21 8:2 | | policies(1) 7:22 | |
| light(1) 17:7 | | | | offices(2) 9:24 10:13 | | portion(3) 6:9 19:11 23:25 | |
| like(7) 10:21 15:1 17:18 20:15 21:12 25:16 27:10 | | moment(1) 15:22 | | official(2) 2:4 3:43 | | position(4) 11:5 14:18 19:24 24:3 | |
| | | mona(1) 3:15 | | okay(11) 7:6 7:13 7:18 9:9 12:13 16:10 23:13 23:15 24:4 28:11 29:13 | | possession(1) 12:22 | |
| | | monday(2) 9:25 25:22 | | | | possible(1) 6:9 | |
| likely(1) 7:3 | | money(11) 6:2 12:25 13:22 13:24 16:23 17:13 17:22 17:25 18:15 18:16 19:10 | | | | possibly(2) 6:10 18:5 | |
| limited(9) 7:20 15:11 15:13 17:7 20:12 20:13 21:17 22:4 22:10 22:20 23:7 27:12 | | | | omnibus(4) 6:10 6:17 10:4 11:8 | | post(2) 11:4 27:6 | |
| | | | | one(9) 12:22 13:6 15:7 18:19 19:25 26:22 27:18 29:4 29:7 | | potential(1) 11:20 | |
| line(1) 8:14 | | months(1) 25:1 | | | | potter(1) 2:11 | |
| lines(1) 24:21 | | moore(1) 4:7 | | | | power(1) 23:9 | |
| list(1) 21:18 | | more(5) 19:23 21:3 25:5 25:21 28:24 | | only(6) 5:17 6:2 6:20 12:5 22:20 23:7 | | ppearances(3) 1:20 2:1 3:1 | |
| | | morgan(1) 3:14 | | onto(1) 6:24 | | prejudice(6) 22:3 23:5 27:7 27:8 27:20 | |
| | | morning(5) 5:4 5:6 8:18 9:8 12:16 | | operating(1) 12:12 | | prejudicial(1) 29:21 | |
| | | mortgage(3) 1:7 2:39 3:5 | | | | prepare(1) 17:18 | |
| | | | | | | present(4) 20:24 29:15 29:15 29:18 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| presumption(1) 18:22 | | relying(1) 18:3 | | served(1) 6:24 | | sucked(1) 20:6 | |
| pretty(2) 6:25 20:11 | | remaining(1) 26:8 6:9 | | service(2) 1:33 1:40 | | suggested(1) 21:20 | |
| previously(1) 10:14 | | remains(1) 11:16 | | services(1) 1:33 | | suite(5) 2:7 2:43 3:16 3:23 3:37 | |
| price(1) 9:6 | | reporter(1) 29:16 | | servicing(2) 21:24 21:25 | | support(2) 15:19 25:25 | |
| principal(4) 7:8 7:12 13:8 13:12 | | request(5) 5:19 6:4 6:12 7:16 13:11 | | set(7) 15:2 15:12 15:24 18:21 25:10 26:2 | | suppose(1) 26:20 | |
| prior(1) 14:5 | | requested(4) 6:14 9:12 9:18 16:17 | | 26:22 | | supposed(1) 22:17 | |
| pro(3) 9:12 20:3 22:9 | | requesting(1) 8:8 | | | | sure(8) 5:22 6:12 8:6 10:7 17:2 22:11 | |
| probably(6) 11:19 16:2 23:23 23:24 26:8 | | requests(7) 5:21 5:21 5:24 5:24 6:14 19:3 | | setting(2) 11:15 28:19 | | 23:11 24:20 | |
| 26:13 | | 20:20 | | settlement(7) 11:15 11:16 12:9 14:20 25:6 | | | |
| | | | | 25:7 25:18 | | suspect(1) 14:22 | |
| problem(2) 16:8 18:6 | | require(1) 20:22 | | | | swept(1) 14:5 | |
| procedures(1) 12:12 | | reserves(1) 8:10 | | shared(1) 24:22 | | | |
| proceed(4) 15:5 20:20 26:3 28:23 | | resolution(3) 15:17 21:12 24:23 | | sharing(1) 8:19 | | take(8) 8:23 11:5 12:4 19:22 20:10 28:24 | |
| proceeding(8) 17:11 18:10 19:6 21:23 | | resolve(3) 15:21 16:2 16:22 | | sheils(1) 4:11 | | 28:24 28:25 | |
| 22:7 22:18 27:5 28:5 | | resolved(5) 8:22 14:13 16:15 16:20 16:24 | | short(3) 15:2 16:9 16:10 | | | |
| | | resolving(1) 8:23 | | should(7) 13:25 16:22 16:25 19:7 19:7 | | talked(1) 8:12 | |
| proceedings(3) 1:16 1:39 30:12 | | respect(12) 5:17 6:7 6:15 13:19 13:22 | | 19:22 26:15 | | talking(1) 7:7 | |
| proceeds(1) 8:11 | | 13:25 14:15 14:21 14:24 15:10 15:22 24:2 | | | | talmadge(1) 3:48 | |
| process(3) 7:1 17:9 18:19 | | | | shouldn't(1) 16:21 | | target(1) 23:8 | |
| produce(5) 18:20 19:5 19:8 20:4 23:14 | | respond(4) 16:14 19:2 21:2 21:3 | | shows(1) 19:5 | | taylor(2) 1:23 5:7 | |
| produced(1) 1:40 | | responded(1) 12:2 | | side(1) 20:8 | | tecce(5) 3:6 27:12 27:15 27:15 27:23 | |
| producing(1) 18:13 | | response(8) 9:17 12:10 16:13 19:24 21:16 | | sideways(1) 22:8 | | tee(1) 16:2 | |
| professional(2) 13:4 13:5 | | 25:23 26:16 28:19 | | signed(5) 5:13 8:2 8:3 8:4 9:8 | | teleconference(1) 29:11 | |
| professional(2) 13:3 13:4 | | | | signing(2) 28:12 | | telephone(1) 28:15 | |
| property(2) 8:11 15:20 | | retain(1) 10:1 | | simple(1) 14:3 | | telephonic(2) 3:41 4:1 | |
| proposal(3) 16:5 25:4 25:20 | | retention(1) 9:6 | | simply(5) 8:9 13:21 17:7 23:23 24:1 | | tell(5) 17:16 18:24 20:25 21:1 28:16 | |
| propose(1) 28:14 | | return(4) 5:19 5:21 6:2 7:2 | | since(3) 11:7 12:5 17:15 | | telling(1) 19:14 | |
| proposes(1) 14:25 | | review(2) 11:17 11:24 | | sit(1) 29:17 | | terms(4) 11:15 14:3 15:3 24:23 | |
| prove(3) 18:13 19:4 22:11 | | rice(1) 3:28 | | slipped(1) 13:14 | | than(2) 28:11 | |
| provide(2) 15:23 25:24 | | richard(1) 4:11 | | smith(1) 3:21 | | thank(155) 5:3 5:18 5:19 5:22 5:23 5:24 | |
| provided(1) 24:17 | | richmond(1) 2:29 | | solely(2) 27:6 28:5 | | 5:25 6:1 6:2 6:4 6:6 6:12 6:13 6:22 6:22 | |
| providing(2) 24:18 24:25 | | right(30) 5:5 6:20 8:16 8:22 8:23 9:1 9:1 | | some(9) 5:23 8:8 14:23 16:23 19:11 19:16 | | 6:23 7:3 7:5 7:10 7:11 7:15 7:16 7:23 | |
| provision(1) 8:9 | | 9:14 9:18 9:22 10:3 10:6 10:16 10:25 | | 23:25 28:22 28:23 | | 7:25 7:25 8:1 8:2 8:4 8:5 8:8 8:9 8:9 | |
| purchase(1) 12:24 | | 11:6 12:7 14:25 19:10 19:17 20:7 21:9 | | | | 8:10 8:12 8:13 8:14 8:14 8:19 8:20 8:23 | |
| purchased(1) 12:25 | | 22:6 23:3 26:17 27:14 27:22 28:2 28:11 | | somehow(3) 13:14 20:4 22:23 | | 9:2 9:8 9:25 10:1 11:3 11:4 11:5 11:13 | |
| purpose(2) 21:17 22:20 | | 28:14 29:25 | | something(3) 10:23 24:13 24:21 | | 11:21 11:23 12:3 12:21 12:24 13:2 13:4 | |
| purposes(2) 20:12 23:7 | | | | sontchi(1) 1:17 | | 13:6 13:11 13:12 13:15 13:16 13:22 13:24 | |
| pursuant(1) 19:15 | | rights(7) 8:10 21:22 21:24 22:6 23:5 | | soon(3) 6:9 6:10 18:5 | | 13:25 14:4 14:4 14:6 14:6 14:12 14:13 | |
| push(2) 17:24 26:5 | | 27:20 28:7 | | sorry(3) 5:3 16:1 24:14 | | 14:14 14:15 14:19 14:20 14:25 15:13 | |
| pushing(1) 14:13 | | | | sort(8) 10:8 12:11 14:23 18:5 20:3 20:25 | | 15:19 15:21 15:23 15:25 16:3 16:18 16:24 | |
| quickly(1) 5:8 | | rise(1) 5:2 | | 28:22 28:23 | | 17:6 17:8 17:14 17:15 17:16 17:18 17:20 | |
| quid(2) 20:3 22:9 | | riverfront(1) 2:27 | | | | 17:25 18:2 18:4 18:16 18:22 19:5 19:9 | |
| quinn(2) 3:5 27:15 | | robert(1) 4:7 | | sound(2) 1:39 30:11 | | 19:24 20:1 20:4 20:4 20:5 20:6 20:13 | |
| quite(3) 5:5 6:19 16:19 | | role(3) 17:10 22:4 27:8 | | sounds(1) 21:12 | | 20:15 20:21 21:6 21:16 21:19 21:20 21:23 | |
| quo(3) 17:22 20:3 22:9 | | rome(1) 2:4 | | speaker(1) 9:21 | | 21:24 22:2 22:9 22:12 22:13 22:16 22:19 | |
| raised(1) 15:14 | | roth(1) 3:14 | | spent(1) 17:17 | | 22:20 22:22 22:23 23:1 23:4 23:10 23:23 | |
| ran(1) 17:11 | | routine(1) 5:11 | | split(1) 28:10 | | 23:24 24:3 24:19 24:20 24:24 25:3 25:5 | |
| raw(1) 24:25 | | run(1) 5:8 | | standard(2) 12:11 | | 25:9 25:11 25:14 25:15 25:18 25:21 26:15 | |
| re-purchase(1) 12:23 | | said(7) 6:1 8:3 8:12 21:7 23:16 23:21 | | stargatt(1) 1:22 5:7 | | 26:15 26:21 26:23 27:11 27:11 27:17 | |
| reach(11) 10:8 10:23 12:8 13:18 13:25 | | sale(1) 6:16 | | statement(1) 12:15 | | 27:18 28:3 28:8 28:10 28:11 28:12 | |
| 14:17 14:21 15:21 15:7 25:21 28:22 | | same(1) 23:11 | | states(7) 1:1 1:18 3:34 3:34 8:9 8:18 | | 28:17 28:18 30:10 | |
| | | sandra(1) 4:10 | | status(7) 5:7 17:11 16 12:5 17:22 19:19 | | | |
| reached(3) 11:21 14:21 28:17 | | sandridge(1) 3:27 | | 23:20 28:15 | | that's(20) 5:5 6:11 8:23 13:6 14:2 16:6 | |
| really(8) 10:18 10:22 19:7 20:10 20:19 | | say(6) 19:9 19:10 20:3 20:13 27:18 28:7 | | | | 18:19 19:4 20:7 20:25 21:1 22:1 22:2 | |
| 21:15 21:20 24:12 | | saying(2) 24:1 25:5 | | stay(4) 5:11 7:15 7:20 10:20 | | 22:5 22:8 24:1 27:17 28:8 29:8 29:12 | |
| | | says(4) 11:2 12:2 20:14 28:6 | | stayed(1) 11:3 | | | |
| reason(2) 11:15 29:1 | | schedule(5) 18:11 18:12 19:23 21:11 28:19 | | stipulate(2) 17:10 22:3 | | | |
| recall(1) 13:10 | | scheduled(1) 21:8 | | stipulating(1) 22:10 | | | |
| received(4) 5:20 6:22 7:5 13:2 | | scheduling(4) 25:9 25:17 26:20 28:15 | | stipulation(14) 8:5 11:20 11:20 11:21 | | | |
| recitation(1) 24:5 | | scholer(3) 2:18 3:47 17:4 | | 11:22 11:24 12:1 14:17 15:4 15:4 22:5 | | | |
| reconcile(3) 13:6 14:11 22:12 | | schonholtz(1) 3:49 | | 25:22 26:9 28:17 | | | |
| reconciliation(2) 17:15 19:8 | | schuylkill(1) 1:34 | | | | | |
| record(3) 26:11 27:16 27:18 | | scott(1) 3:48 | | stipulations(1) 10:20 | | | |
| recorded(1) 1:39 | | seamans(1) 2:31 | | straightforward(1) 17:6 | | | |
| recording(2) 1:39 30:11 | | sean(1) 1:24 5:6 | | street(11) 1:10 1:27 1:34 2:6 2:13 2:28 | | | |
| reed(1) 3:21 | | seasoned(1) 6:25 | | 2:33 2:42 3:16 3:23 3:37 | | | |
| refer(3) 14:2 14:8 15:12 | | seated(1) 5:3 | | | | | |
| referred(1) 12:22 | | security(3) 18:23 19:15 23:1 | | stricken(1) 6:5 | | | |
| regard(1) 6:6 | | see(5) 8:14 10:8 10:23 15:2 26:21 | | struck(1) 21:20 | | | |
| regarding(1) 10:19 | | seek(3) 20:19 27:8 28:9 | | study(1) 16:13 | | | |
| regardless(2) 12:1 24:24 | | seeking(2) 10:1 10:11 | | stumble(1) 24:11 | | | |
| relate(1) 10:17 | | seem(1) 17:6 | | subject(7) 7:11 13:3 13:16 13:20 14:1 | | | |
| related(1) 20:9 | | seems(2) 20:15 26:2 | | 19:1 20:19 | | | |
| relevant(1) 11:19 | | seen(1) 18:2 | | | | | |
| relief(7) 5:11 7:15 7:20 9:11 10:11 10:20 | | segregated(3) 13:13 21:22 21:25 | | submit(1) 7:25 | | | |
| 28:10 | | send(1) 8:14 | | submitted(1) 9:5 | | | |
| | | sense(2) 25:15 25:19 | | subpoena(1) 23:8 | | | |
| reluctant(1) 25:13 | | sensitive(1) 22:16 | | subsequent(1) 27:21 | | | |
| rely(1) 15:19 | | separately(1) 20:10 | | substantia(1) 6:8 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**the**(301) 1:1 1:2 1:17 1:26 2:4 2:41 3:34 5:2 5:3 5:7 5:8 5:11 5:13 5:18 5:19 5:20 5:22 5:25 5:25 6:1 6:2 6:2 6:3 6:5 6:5 6:7 6:8 6:8 6:9 6:10 6:10 6:12 6:13 6:13 6:15 6:16 6:16 6:17 6:17 6:18 6:20 6:20 6:21 6:22 6:22 6:23 7:1 7:4 7:4 7:4 7:6 7:7 7:8 7:9 7:11 7:12 7:13 7:14 7:14 7:15 7:16 7:16 7:17 7:18 7:19 7:21 7:21 7:24 8:1 8:2 8:2 8:3 8:8 8:9 8:9 8:10 8:10 8:11 8:12 8:12 8:14 8:16 8:18 8:22 8:24 8:24 9:1 9:5 9:6 9:8 9:12 9:14 9:15 9:16 9:18 9:18 9:19 9:22 9:25 10:2 10:3 10:3 10:6 10:6 10:8 10:11 10:14 10:16 10:18 10:21 10:21 10:23 10:25 11: 11:2 11:5 11:6 11:7 11:10 11:12 11:13 11:13 11:14 11:14 11:15 11:15 11:16 11:17 11:18 11:19 11:20 11:21 11:24 12: 12:2 12:2 12:3 12:4 12:7 12:8 12:9 12:10 12:11 12:13 12:16 12:17 12:20 12:22 12:23 12:25 12:25 13:1 13:2 13:3 13:4 13:6 13:8 13:9 13:10 13:11 13:16 13:18 13:20 13:20 13:22 14:1 14:2 14:7 14:11 14:11 14:11 14:12 14:13 14:14 14:20 14:20 14:25 15:1 15:3 15:4 15:7 15:8 15:9 15:10 15:11 15:11 15:12 15:13 15:18 15:18 15:24 15:25 16:4 16:5 16:6 16:10 16:15 16:16 16:20 16:22 16:23 16:24 16:25 17:2 17:7 17:8 17:9 17:13 17:15 17:22 17:22 17:22 18:2 18:7 18:7 18:10 18:11 18:12 18:15 18:15 18:16 18:17 18:21 18:22 18:24 18:25 19:4 19:7 19:12 19:14 19:15 19:17 19:18 19:19 19:20 19:22 19:25 20:1 20:1 20:3 20:8 20:8 20:12 20:17 20:23 21:2 21:3 21:9 21:11 21:14 21:15 21:15 21:19 21:22 21:22 21:23 21:25 22:1 22:2 22:5 22:8 22:13 22:16 22:21 22:25 23:3 23:6 23:8 23:11 23:13 23:15 23:19 23:19 23:20 23:20 24:2 24:3 24:5 24:8 24:10 24:13 24:18 24:22 24:23 25:5 25:9 25:12 25:13 25:17 25:18 25:22 25:22 25:25 25:25 26:2 26:4 26:11 26:13

**the**(47) 26:14 26:15 26:17 26:24 27:1 27:2 27:3 27:5 27:5 27:11 27:11 27:12 27:14 27:16 27:18 27:19 27:20 27:22 27:23 27:24 28:2 28:2 28:4 28:5 28:7 28:10 28:14 28:18 28:19 28:21 28:25 29:4 29:6 29:9 29:11 29:12 29:14 29:17 29:21 29:25 30:3 30:5 30:7 30:10 30:11 30:11 30:12

**their**(13) 13:5 15:9 15:14 15:16 15:19 16:13 17:16 18:3 19:8 19:9 20:24 21:1 25:25

**them**(11) 7:3 7:10 10:14 10:24 11:18 16:14 17:23 20:25 21:1 21:1 24:25

**then**(18) 9:10 10:7 13:24 14:17 14:18 15:4 15:5 17:24 18:19 19:10 22:10 22:13 22:13 24:20 26:1 26:4 26:19 27:23

**there**(22) 5:24 6:2 7:9 7:11 9:14 11:17 12:3 14:1 14:6 16:21 16:22 16:25 19:13 20:9 21:14 21:20 23:22 23:24 23:25 24:16 27:2 27:8

**there's**(3) 11:2 19:21 20:21

**these**(16) 10:17 13:14 13:15 13:19 14:21 18:1 18:15 18:23 19:11 19:12 19:13 21:11 22:16 24:25 25:22

**they**(33) 6:1 6:1 8:4 8:6 9:14 11:24 13:11 13:12 13:13 14:19 15:13 15:16 15:19 15:20 17:23 17:23 18:18 18:10 18:24 19:9 20:14 21:16 21:17 21:18 21:19 21:21 22:1 23:7 23:8 26:1 26:3 29:18 29:18

**they'll**(1) 20:22

**they're**(7) 6:20 10:11 11:7 18:3 20:2 21:12 27:18

**they've**(2) 17:17 21:20

**thing**(3) 18:19 26:6 29:4

**things**(4) 13:6 21:19 23:14 23:18

**think**(13) 5:20 5:24 7:2 14:18 15:23 16:6 18:22 19:7 20:25 22:12 23:18 25:16 26:8

**third**(1) 18:9

**this**(34) 7:1 9:8 10:22 11:13 11:16 11:19 12:5 12:6 13:10 14:16 14:23 15:1 15:22 16:1 16:12 16:19 17:10 18:9 19:6 19:10 20:13 20:15 21:23 22:7 22:10 22:21 23:16 24:22 26:2 26:6 26:9 27:18 28:6 29:6

**those**(17) 5:14 5:21 5:24 6:3 6:4 6:14 6:19 6:23 6:24 6:25 7:2 12:6 13:1 13:13 19:16 24:21 27:25

**thought**(1) 23:17

**three**(1) 5:24

**through**(11) 5:8 5:9 5:11 5:21 6:12 7:1 7:1 11:14 11:20 13:15 18:19 25:2

**thrust**(1) 27:12

**thursday**(1) 5:1

**tied**(2) 10:18 10:22

**time**(14) 11:19 12:6 12:11 15:2 16:14 17:17 19:23 21:3 25:5 25:11 27:8 28:18 28:24 28:25

**timeliness**(1) 27:21

**today**(5) 7:24 9:19 16:3 21:8 30:1

**tomorrow**(1) 18:5

**too**(5) 16:6 16:9 16:9 16:10 25:15

**took**(2) 24:3 27:11

**total**(1) 14:7

**totaling**(1) 13:9

**tower**(1) 2:27

**traci**(1) 30:16

**transcriber**(1) 30:17

**transcript**(3) 1:16 1:40 30:11

**transcription**(2) 1:33 1:40

**traurig**(1) 2:39

**travel**(1) 29:7

**trial**(9) 3:27 15:12 15:24 18:10 18:11 18:12 21:19 22:21 26:2

**tried**(1) 22:3

**true**(1) 23:24

**trust**(1) 6:3

**trustee**(3) 3:34 3:35 8:18

**truth**(3) 24:5 24:10 24:13

**try**(2) 10:22 26:22

**trying**(8) 13:5 13:18 16:1 16:15 17:10 20:2 23:11 23:18

**tuesday**(3) 29:3 29:5 29:7

**turn**(1) 13:13

**turned**(2) 13:15 24:19

**turnover**(1) 13:11

**tweed**(1) 4:4

**two**(8) 6:16 12:21 14:16 20:13 22:18 23:18 26:21 27:19

**ultimately**(1) 11:21

**unable**(1) 12:8

**unclear**(2) 10:12 21:4

**under**(9) 5:25 7:25 9:2 9:5 11:16 11:22 12:23 24:22 24:23

**underlying**(3) 12:2 20:1 23:20

**understand**(4) 5:22 6:13 18:11 19:18

**understanding**(1) 26:25

**understood**(1) 11:6

**unencumbered**(2) 6:18 6:19

**unfortunately**(2) 7:24 17:9

**united**(5) 1:1 1:18 3:34 3:34 8:18

**universe**(2) 5:22 6:13

**unknown**(1) 9:21

**unpaid**(2) 7:8 7:12

**unquestionable**(1) 19:10

**unsecured**(2) 2:5 3:44

**until**(4) 15:1 16:3 16:16 26:7

**upon**(3) 16:24 24:11 25:23

**various**(1) 12:3

**verifying**(1) 13:22

**very**(4) 8:17 11:9 29:20 30:3

**victoria**(1) 2:40

**vis-a-vis**(2) 18:14 21:22

**void**(1) 11:5

**wait**(1) 9:1

**want**(24) 15:2 15:5 15:16 16:11 16:15 18:8 18:8 18:10 18:13 18:16 18:17 20:6 20:22 21:17 21:21 22:14 22:17 23:7 23:22 24:1 24:20 26:6 26:17 29:17

**wanted**(3) 5:16 22:19 24:7

**wants**(4) 17:13 18:17 22:2 29:15

**was**(29) 5:18 6:2 6:18 7:12 7:15 9:4 9:5 9:11 10:1 11:4 11:13 12:25 13:3 17:8 17:22 17:23 20:11 20:12 21:8 22:13 22:17 23:16 23:17 23:22 23:23 23:24 24:16 27:11 30:7

**wasn't**(1) 14:1

**waterhouse**(1) 9:6

**way**(2) 19:25 29:22

**ways**(1) 14:17

**we'll**(7) 10:6 11:7 25:8 28:7 28:18 28:20 29:14

**we're**(8) 6:12 7:3 14:13 20:18 22:19 23:1 24:23 25:2

**we've**(13) 8:12 9:7 9:20 10:13 10:19 13:6 14:11 16:17 20:13 23:18 24:22 24:25 26:3

**wednesday**(1) 25:23

**week**(2) 28:16 29:1

**well**(13) 9:18 9:22 10:3 10:6 10:12 11:4 11:6 11:9 16:4 18:25 22:25 23:20 25:12

**wells**(1) 3:11

**went**(2) 17:17 22:8

**were**(16) 5:24 6:17 6:23 7:5 7:9 7:10 7:11 7:11 12:25 13:8 13:12 13:22 13:23 14:4 14:5 16:14

**weren't**(1) 21:7

**west**(1) 1:27

**what**(32) 6:18 7:6 9:11 10:9 10:11 12:1 12:22 14:7 14:8 15:11 15:20 16:4 17:10 17:23 18:12 19:7 19:12 19:17 19:18 19:19 20:1 20:5 20:14 20:17 21:11 22:14 22:17 23:21 24:6 25:24 28:14 29:1

**what's**(6) 7:6 7:7 21:4 24:17 24:24 25:10

**when**(7) 15:24 16:12 18:14 20:24 28:19 28:20 29:15

**when's**(1) 10:3

**where**(4) 8:1 13:24 25:19 28:16

**whereupon**(1) 30:7

**whether**(11) 6:11 15:3 15:16 16:3 18:24 19:21 19:22 25:24 26:8 26:9 28:16

**which**(18) 5:11 9:19 11:15 12:11 12:23 12:24 14:1 14:22 15:2 15:12 15:19 18:11 20:11 20:14 21:13 25:20 25:25 29:16

**while**(1) 16:14

**whipsawed**(1) 18:13

**who**(2) 22:8 29:14

**who's**(1) 16:23

**why**(7) 17:20 18:20 18:22 18:24 19:3 19:5 25:5

**will**(10) 8:5 8:14 10:22 13:10 25:22 26:1 26:3 28:17 29:6 29:16

**williams**(1) 2:24

**willing**(1) 19:5

**wilmington**(10) 1:11 1:28 2:8 2:15 2:44 3:18 3:24 3:31 3:38 5:1

**wired**(1) 13:1

**wishes**(1) 12:14

**with**(51) 5:17 5:18 5:23 5:25 6:1 6:3 6:5 6:7 6:15 6:17 6:21 6:24 8:20 8:20 9:15 10:2 10:18 11:18 12:4 13:17 13:19 13:21 13:25 14:15 14:21 14:23 15:3 15:5 15:10 15:15 15:18 15:22 16:5 18:6 19:20 20:2 20:12 21:2 21:6 23:10 24:2 24:22 24:25 25:8 25:25 26:3 26:23 27:25 27:25 28:15 28:23 29:5

**withdraw**(1) 7:3

**withdrawn**(1) 5:10

**within**(2) 12:3 28:25

**without**(5) 23:4 27:6 27:7 27:20 28:6

**wlr/american**(2) 2:38 3:4

**wolf**(1) 3:11

**womble**(1) 3:27

**won't**(2) 16:2 29:21

**word**(1) 6:20

**words**(1) 27:5

**work**(1) 25:6

**working**(9) 6:3 11:14 11:20 13:7 16:14 17:15 21:12 24:23 25:2

**workout**(1) 22:14

**works**(2) 27:13 29:1

**would**(25) 6:1 6:24 7:2 7:25 11:22 12:10 12:17 12:24 14:7 14:17 14:18 14:22 15:1 15:24 17:6 17:10 18:20 19:3 23:4 25:16 25:16 26:12 26:14 26:15 26:22

**www.diazdata.com**(1) 1:37

**yeah**(3) 26:24 29:4 29:12

**yes**(7) 8:25 9:22 10:10 11:6 19:2 19:10 20:16

**yesterday**(1) 5:14

**yet**(2) 20:9 21:13

**york**(2) 2:21 3:8

**you**(47) 5:15 8:21 9:3 9:9 10:7 10:7 10:9 11:10 11:11 12:10 16:6 17:3 17:7 17:8 18:25 19:25 20:2 20:3 20:6 20:18 20:20 20:22 20:22 21:1 21:3 21:7 21:13 22:12 23:8 23:15 24:6 25:12 25:19 26:12 27:7 28:13 28:16 28:17 28:23 28:24 28:24 29:19 29:23 29:24 30:3 30:4 30:5

**you'll**(2) 28:21 28:25

**you're**(8) 18:25 19:24 20:4 20:18 20:19 23:9 28:22 29:22

**you've**(2) 8:22 28:17

**young**(2) 1:22 5:6

**your**(60) 5:5 5:6 5:8 5:10 5:15 5:16 5:17 6:15 7:14 7:19 8:13 8:17 8:25 9:3 9:4 9:9 9:10 9:21 9:24 10:5 10:15 10:19 10:21 11:5 11:9 11:12 11:21 12:6 12:12 12:19 14:16 15:12 16:5 16:8 16:19 17:1 17:6 17:13 19:24 20:5 20:8 21:12 23:10 23:17 24:2 24:6 24:16 24:24 25:1 25:3 25:8 26:10 27:13 27:15 28:1 28:3 29:10 29:23 30:2

**zawadzki**(1) 3:44

**zea**(5) 9:13 9:13 9:15 9:20 9:24

**zea's**(2) 10:8 10:23