IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE

IN RE:                          )     Chapter 11
                                )
                                )
AMERICAN HOME MORTGAGE          )     Case No. 07-11047(CSS)
HOLDINGS, INC., a Delaware      )
Corporation, et al.,            )     Courtroom 6
                                )     824 Market Street
            Debtors.            )     Wilmington, Delaware
                                )
                                )     December 10, 2008
                                )     2:00 p.m.

                       TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:               Young, Conaway, Stargatt &
                          Taylor, LLP
                          BY:  SEAN M. BEACH, ESQ.
                          BY:  NATHAN D. GROW, ESQ.
                          BY:  PATRICK JACKSON, ESQ.
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, DE  19801
                          (302) 571-6600


ECRO:                     BRANDON MCCARTHY

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
 1   APPEARANCES:
     (Continued)
 2
     For the Official Committee      Blank Rome LLP
 3   of Unsecured Creditors:         BY:   DAVID CARICKHOFF, ESQ.
                                     1201 Market Street
 4                                   Suite 800
                                     Wilmington, DE 19801
 5                                   (302) 425-6400

 6                                   Hahn & Hessen
                                     BY:   MARK POWER, ESQ.
 7                                   488 Madison Avenue
                                     New York, NY  10022
 8                                   (212) 478-7200

 9   For Bank of America:            Potter Anderson & Corroon LLP
                                     BY:   GABRIEL MACCONAILL, ESQ.
10                                   1313 North Market Street
                                     P.O. Box 951
11                                   Wilmington, DE 19899-0951
                                     (302) 984-6000
12
     For American Home:              Greenburg Traurig, LLP
13                                   BY:   VICTORIA COUNIHAN, ESQ.
                                     The Nemours Building
14                                   1007 North Orange Street
                                     Suite 1200
15                                   Wilmington, DE  19801
                                     (302) 661-7000
16
     For U.S. Bank:                  Dorsey & Whitney LLP
17                                   BY:   ROBERT W. MALLARD, ESQ.
                                     300 Delaware Avenue
18                                   Suite 1010
                                     Wilmington, DE 19801
19                                   (302) 425-7171

20   For DB Structured Products      Ashby & Geddes
                                     BY:   AMANDA M. WINFREE, ESQ.
21                                   500 Delaware Avenue
                                     P.O. Box 1150
22                                   Wilmington, DE  19899
                                     (302) 654-1888
23

24

25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For DB Structured Products    Bingham McCutchen
 3                                 BY:   STEVEN WILAMOWSKY, ESQ.
                                   399 Park Avenue
 4                                 New York, NY  10022
                                   (212) 705-7960
 5
     For ABN AMRO Bank             Milbank, Tweed, Hadley &
 6                                 McCloy
                                   601 South Figueroa Street
 7                                 30th Floor
                                   Los Angeles, CA  90017
 8                                 (213) 892-4000

 9   TELEPHONIC APPEARANCES:

10   For Official Committee of     Hahn & Hessen
     Unsecured Creditors:          BY:   ERIC SCHNITZER, ESQ.
11                                 (212) 478-7320

12   For The American Lean Home    The American Lean Home
                                   BY:   ROGER FINNIGAN
13                                 BY:   CHAD COOPER
                                   BY:   ROBERT MAHAR
14
                                   Proctor & Hutchins
15                                 BY:   BRADLEY HUTCHINS,ESQ.
                                   (770) 394-3500
16
     For Bank of America           Kaye Scholer, LLP
17                                 BY:   ANA M. ALFONSO, ESQ.
                                   (212) 836-8000
18
     For ABN AMRO Bank             Milbank, Tweed, Hadley &
19                                 McCloy
                                   BY:   FRED NEUFELD, ESQ.
20                                 (213) 892-4000

21

22

23

24

25
```

1    <u>WILMINGTON, DELAWARE, WED., DECEMBER 10, 2008, 2:09 P.M.</u>

2            THE CLERK:  All rise.

3            THE COURT:  Please be seated.  Good afternoon.

4            MR. BEACH:  Good afternoon, Your Honor.  May it

5    please the Court, Sean Beach from Young Conaway on behalf of

6    the debtors.

7            Your Honor, Items 1 through 21 on the agenda were

8    adjourned as set forth on the agenda.  And 22 through 24 we

9    filed certificates of no objection which I understand Your

10   Honor has signed orders with respect to those items.

11           Which brings us to Item No. 25, Your Honor, which

12   is the sale of the second lien assets.  These are, Your

13   Honor, non-performing second lien loans that the debtors

14   own.  There was approximately $108 million in unpaid

15   principle balance with respect to these loans and I believe

16   just over a thousand of these second lien loans.  Your

17   Honor, we're selling these for approximately 50 basis points

18   or $575,000 to Vantium Capital.  I'll pause for a moment

19   while Your Honor gets over the initial shock of that, but --

20           THE COURT:  Those days are gone.

21                         (Laughter)

22           MR. BEACH:  Your Honor, we -- as you noted in the

23   procedures hearing, these are really the bottom of the pile

24   in terms of the mortgage assets to be sold.  They're all

25   non-performing, many of which have no liens that can even

1  possibly attach to them anymore because they've either been

2  through the foreclosure process or some other type of

3  process which stripped the liens out.  So in essence,

4  Vantium is buying primarily unsecured notes.  And while the

5  purchase price is low in connection with the total UPB of

6  these, the debtors believe that it is in the best interest

7  of their estates to sell these assets at the purchase price

8  submitted by Vantium.

9       No other bidder submitted qualified bids.  We did

10  circulate or we did solicit bids from approximately 380

11  parties.  We received 18 signed non-disclosure agreements

12  and those parties conducted due diligence and ultimately and

13  unfortunately only received one qualified bid, Vantium.  We

14  did work to negotiate the terms of the asset purchase

15  agreement and made some modifications to the form agreement

16  and then ultimately came to the purchase price that we're

17  asking for approval for today.

18       Your Honor, Mr. Damian Vollo [ph] is in the

19  courtroom today as a witness in support of this sale.  And

20  if I may, I'd like to proffer, do a brief proffer of his

21  testimony.

22       THE COURT:  Any objection?

23       (No audible response.)

24       THE COURT:  You may proceed.

25       MR. BEACH:  Mr. Vollo would testify that he's the

1   Senior Vice President of Capital Markets Risk Management for

2   American Home Mortgage Corporation and has been with the

3   company in that capacity since November 2005 and in the

4   mortgage lending industry for over 20 years.  In his career

5   in the mortgage lending industry, he overseen and

6   participated in numerous sales and mortgage loans.

7           Mr. Vollo would testify that he has reviewed and

8   is familiar with the sale procedures order, the sale

9   procedures, and the sale motion currently before the Court.

10          In connection with marketing efforts, Mr. Vollo

11  would testify that the debtors engaged in extensive

12  marketing efforts with respect to the non-performing second

13  lien mortgage loans in accordance with the terms of the sale

14  procedures order and sale procedures.

15          He would testify that approximately 380 potential

16  purchasers were notified of the sale and 18 parties executed

17  non-disclosure agreements.

18          He would further testify that other than the

19  winning bidder, no qualified bids were received by the bid

20  deadline.

21          Mr. Vollo would testify that he participated in

22  negotiations with Vantium.  Is familiar with Vantium's bid

23  and that the sale process was fair and reasonable.

24          He would say that Vantium is not affiliated with

25  nor owns an interest in and is not related to any of the

1  debtors and is not an insider of the debtors.

2          Mr. Vollo would also testify that based on his

3  experience, knowledge, and participation in the marketing

4  and sale process for the non-performing second lien mortgage

5  loans, a sale to Vantium under the terms of the sale

6  agreement is in the best interest of the debtors' estate; is

7  an exercise of the debtors' sound business judgment;

8  represents the highest and best value to be obtained for the

9  debtors' estates under the circumstances; is fair and

10 reasonable; and additional marketing efforts are not likely

11 to yield a higher value.  And finally, that the agreement

12 with Vantium was negotiated in good faith and at arm's

13 length.  And that would conclude Mr. Vollo's proffer.

14          THE COURT:   Anyone wish to cross examine the

15 witness?

16              (No audible response.)

17          THE COURT:  The Court hears none.

18          MR. BEACH:  Your Honor, if I may, I'd like to

19 approach and hand Your Honor a black line of the sale order

20 and the asset purchase agreement and I can briefly go

21 through those pages.

22          THE COURT:  Yes.  Thank you.

23          MR. BEACH:  Your Honor, the changes to the sale

24 order are non-material.  The only change I would note for

25 the Court is in Paragraph 3.  I believe it's on Page 4.  I

1  just added the asset purchase agreement is substantially in

2  the format annexed hereto.  The asset purchase agreement

3  that you will see attached to the clean form of order is

4  fully executed by Vantium and the debtors.  We have yet to

5  get the interim servicers' executed copy.  And it's possible

6  the interim servicers has seen the form agreement and we

7  sent them the final version of the agreement, but they may

8  have some changes which I would submit to Your Honor would

9  likely be an issue between the purchaser and the interim

10 servicer.

11           And so the debtors are asking for the approval of

12 the order today and we'll certainly talk to the committee to

13 the extent any changes are made that we believe might affect

14 the debtors' estates.

15           THE COURT:  Okay.

16           MR. BEACH:  In connection with the asset purchase

17 agreement, Your Honor, this was black lined to the form of

18 APIA that was submitted to the Court at the time of the sale

19 procedures hearing.  And there were a number of changes that

20 were made, many of which were to conform with the prior

21 agreement.  As you might recall, Vantium was the successful

22 bidder with respect to a pool of performing loans

23 approximately two months ago and they wanted the agreement

24 to look consistent with that agreement in many ways.  Much

25 of those changes relate to servicing issues.  And unless

1  Your Honor has questions about those, I'll skip over those

2  and note some of the changes that relate to the estates.

3          THE COURT:  That's fine.

4          MR. BEACH:  The change on Page 3, we changed the

5  closing date to say within five business days instead of

6  December 11 or as agreed to by the parties in writing

7  because it may take a day or so to get the interim servicer

8  signed up.

9          THE COURT:  Okay.

10          MR. BEACH:  On Page 8, Section 2.01, we just made

11  the clarification because instead of -- the purchase price

12  is a straight $575,000 which as I said is approximately 50

13  basis points, but we just changed the nature of how that's

14  described in the agreement.  And as a result of not using a

15  percentage of UPB, we had to change the purchase price

16  adjustment language a little bit on the -- in Section C

17  there.

18          At the end of Section 2.03 on Page 11, the

19  debtors added a section and this relates to the delivery of

20  mortgage loan documents.  We don't have a requirement to --

21  the debtors were not able to get documents for I think

22  approximately 40 or 50 of the loans.  The debtors are not

23  obligated to get those documents under the asset purchase

24  agreement.  We did provide a list of the mortgage loan files

25  to the -- in the due diligence room for the purchaser to

1   review.  And we just made a best efforts section here that

2   to the extent that those documents are not found when the

3   purchaser actually reviews the documents, we'll make best

4   efforts to get copies of those documents.

5            Probably the most material change, Your Honor is

6   to add a rep and warranty in Section 3.01 on Page 13 relates

7   to pending litigation.  This is a provision that we've had

8   in other agreements.  We tried to make this agreement more

9   straightforward.  The debtors are not aware of any

10  litigation and don't believe that there will be any issue

11  here, but we added that representation.

12           Unless Your Honor has any other questions, I

13  don't believe the other changes are material.

14           THE COURT:  All right.  Anyone wish to be heard?

15  Mr. Power?

16           MR. POWER:  Good afternoon, Your Honor.  Mark

17  Power from Hahn & Hessen, co-counsel for the committee.

18           Your Honor, not that it helped a lot, but the

19  committee did work very closely with the debtor on the sale.

20  We were a part -- we assisted them in identifying potential

21  bidders and were really involved in the process.

22           A couple of the highlights just so Your Honor

23  understands what we went through.  The bid deadline was

24  Friday evening and by Friday evening we only got one bid.

25  There were a couple of people we thought might submit a bid.

1  So the debtor and the committee talked and we extended the

2  deadline until Monday evening, but unfortunately nobody

3  stepped up and bid.  We then very -- considered very

4  carefully actually pulling the whole auction and going a

5  different route with these assets, trying to figure out

6  another way to realize value.

7          The initial bid from Vantium was less than half

8  of the ultimate purchase price.  And they bid significantly

9  less.  It was just an intro bid to get in the auction, but

10  with no other bidders, it's kind of difficult to get that

11  number up.

12          We negotiated successfully over the last few days

13  an increase in the price to a point at least where the

14  committee and the debtor and the advisors all felt that it

15  was within a range that was acceptable that wasn't, you

16  know, that otherwise would have gone another route.  So once

17  we got up to above the 575 level, we felt that it's worth

18  doing in this case.  It's a bird in the hand and the other

19  alternatives are basically continuing to keep the assets on

20  line and current expenses continuing to monitor and service

21  them while you try to sure up other bids and maybe go out to

22  collection on some of these.  All of which takes time and

23  effort and quite frankly, you know, really isn't a real

24  great option for this estate.

25          So our view was given all those circumstances and

1  that we got the price substantially increased, this bid was

2  fair and reasonable under the circumstances.  So under those

3  circumstances, the committee supports the sale and asks Your

4  Honor to approve it.

5         THE COURT:  All right, thank you.  Anything

6  further?

7         MR. BEACH:  No, Your Honor.  With that, we'd ask

8  Your Honor to approve the sale.  I handed up a clean version

9  of the order earlier.

10        THE COURT:  All right, I'll sign the order.

11        MR. BEACH:  Your Honor, I neglected to mention

12 this earlier, but there was a motion for annulment of the

13 automatic stay filed by American Lien Fund.  And it's item -

14 - well, I'll get the item on the agenda momentarily, but

15 that matter has been adjourned by agreement of the parties.

16 The parties believe that they might be able to discuss a

17 successful settlement, but have adjourned it until December

18 22 in the event that they can't reach a settlement on that

19 matter.

20        THE COURT:  Okay.  Let me just make an

21 observation.  I see on my Court call sheet three witnesses

22 telephonically, as well as, counsel telephonically.

23 Absolutely not going to have witnesses telephonically.  If

24 they're going to be witnesses, they're going to need to be

25 in Court.  The best I can possibly do is video.  It's just I

1  can't judge credibility and I can't make sure nothing

2  inappropriate is going on, although I assume that will never

3  happen unless I can actually see the witness.  In addition,

4  although I sometimes allow counsel to make arguments over

5  the telephone, it is difficult and I will say that this, I

6  consider this a sufficiently complicated matter that if

7  counsel is going to pursue it, whoever it is who's going to

8  make the argument is going to need to be in Court.

9           MR. BEACH:  That's understood, Your Honor.  I

10 wasn't aware there were even witnesses for this matter.

11          THE COURT:  Well all this is is a list of people

12 that are provided to Court call and the Court -- we get it

13 from them.  We don't have any input.

14          MR. BEACH:  Yeah.

15          THE COURT:  Other than people call Ms. Gatson

16 [ph] and say can I, you know, appear telephonically and she

17 always says yes, but that doesn't mean -- all that means is

18 you can get on the phone.  That doesn't mean you can do

19 anything other than listen.

20          MR. BEACH:  Understood, Your Honor.  It -- again,

21 I wasn't aware of these.  It begs the question as to whether

22 or not the December 22 hearing has enough time to the extent

23 that we're --

24          THE COURT:  That's the confirmation hearing,

25 isn't it?

1          MR. BEACH:  No, unfortunately not.  That's

2    January 28 is the confirmation hearing.

3          THE COURT:  Oh, all right, okay.  Well, you guys

4    can work that out.  If you need Court assistance making that

5    decision, let me know.

6          MR. BEACH:  Thank you, Your Honor.  Your Honor,

7    I'd like to cede the podium to Mr. Grow.

8          THE COURT:  And I like you Mr. Grow, but I'm

9    really getting tired of seeing you about these claim

10   objections.

11                        (Laughter)

12         MR. GROW:  Today's going to be a quick one, Your

13   Honor.

14         THE COURT:  I'm glad to hear it.

15         MR. GROW:  Don't worry --

16         THE COURT:  It's nothing personal.

17         MR. BEACH:  Okay, Your Honor.  With that

18   auspicious beginning.

19                        (Laughter)

20         MR. GROW:  For the record, Nathan Grow of Young,

21   Conaway, Stargatt & Taylor on behalf of the debtors.

22         Item No. 26 on the agenda is the debtors

23   nineteenth omnibus objection to claims.  This objection was

24   heard previously with several claims adjourned out of that

25   objection including the objection to the claim of D.D.

1  Halpurn [ph].

2       THE COURT:  Um-hum.

3       MR. GROW:  Claim No. 6708.  The debtors objected

4  to this claim arguing that they did not have any liability

5  for the amounts alleged.  After further review of the

6  debtors' books and records and discussion with Ms. Halpurn,

7  the debtors have determined that they should allow Ms.

8  Halpurn's claim in the amount of $977.76.  So I have

9  prepared a form of order to hand up to Your Honor.

10      THE COURT:  Yeah.

11      MR. GROW:  Sustain the objection with respect to

12  this claim.

13      THE COURT:  Yes.

14      MR. GROW:  And at the same time, we'll go ahead

15  and hand up revised forms of order for our other objections

16  that are up today.

17      THE COURT:  Very good.

18      MR. GROW:  May I approach?

19      THE COURT:  Yes.  Thank you.  I'll approve the

20  order in connection with the nineteenth.

21      MR. GROW:  Okay.  Item No. 27 was the American

22  Lien Fund issue that Mr. Beach mentioned that is adjourned.

23      Item No. 28 is the debtors' twenty-second omnibus

24  non-substantive objection to claims pursuant to Section 502

25  of the Code.  The debtors received a number of responses

1   from claimants who filed proofs of claim without identifying

2   a debtor entity on their proof of claim form.  The debtors

3   objected to these claims merely to assign them to one of the

4   debtor entity's estates.

5        So on Exhibit N to the agenda which lists the

6   responses, these are Items 1 through 10.  So all of these

7   responses, the claimants merely reasserted the bases for

8   their claims.  The debtors believe not -- they didn't

9   understand unfortunately the nature of the debtors'

10  objection and that the debtors simply want to assign these

11  claims to a debtor entity.  None of these responses express

12  any concerns regarding the assignment of their claims to the

13  case numbers that the debtors have put forward.  Where

14  possible, the debtors have reached out to these claimants to

15  explain the basis for their objection and the claimants that

16  we have spoken with have represented that they are fine with

17  the assignment of their claims at the debtors propose.

18        THE COURT:  And it looks like two matters are

19  adjourned?

20        MR. GROW:  Correct.  There are two other matters

21  that are -- or two other claims that are adjourned out of

22  the objection.

23        And in Item 11 is response by Wilson, DeGrow &

24  Miller which is just an address change.

25        THE COURT:  Okay.  Well obviously the adjourned

1  matters are adjourned.  I'll overrule the rest of the

2  objections.

3        MR. GROW:  Overrule the responses to the

4  objections?

5        THE COURT:  Yes, thank you.

6        MR. GROW:  Okay.

7        THE COURT:  For clarifying the record.  I will --

8                    (Laughter)

9        THE COURT:  -- overrule the responses to the

10  objection and sustain the objection to the claims.

11        MR. GROW:  Okay, thank you, Your Honor.

12        Moving onto Item No. 29 on the agenda.  This is

13  the debtors' twenty-third omnibus objection to claims.

14  There were no filed responses to this objection.  We merely

15  received one informal response from J.P. Morgan Chase.  So

16  we have made one small adjustment to the order.  Instead of

17  reducing J.P. Morgan Chase's claim to $2,055.55, we've

18  reduced it to $2,005.55.

19        That's all I have regarding the twenty-third

20  omnibus objection unless Your Honor has any questions.

21        THE COURT:  No.

22        MR. GROW:  Okay, thank you, Your Honor.  I will

23  cede the podium to my colleague --

24        THE COURT:  I should sign the orders --

25        MR. GROW:  Oh, sorry.

1      THE COURT:  -- you handed up?

2      MR. GROW:  Please.

3      THE COURT:  All right.

4      MR. GROW:  Thank you, Your Honor.

5      THE COURT:  You're welcome.  Yes?

6      MR. JACKSON:  All right, good afternoon, Your

7  Honor.  Patrick Jackson from Young Conaway for the debtors

8  for the record.

9      And I think I can take some of the heat off of

10  Mr. Grow because if there's one thing you like more than

11  claim objections, I'm sure it's remands if I'm --

12      THE COURT:  I wouldn't know.

13      MR. JACKSON:  That's right, you were --

14      THE COURT:  You were responsible for my first

15  one, thank you very much.

16                    (Laughter)

17      MR. JACKSON:  Nothing -- yeah, not a problem,

18  Your Honor, any time.

19      And per Your Honor's instructions, we've

20  submitted the record on remand, as well as, Mr. Wilamowsky

21  from DB Structured submitted a letter indicating at least

22  what the parties best guess at a way to go forward and that

23  is to rule -- it is to seek a ruling on what we -- what both

24  sides agree is a threshold issue in the appeal.

25      And but before we get into that, I can actually

1  give you a little bit more background kind of factually of

2  what's going on with this appeal.

3          THE COURT:  Okay.

4          MR. JACKSON:  This is from the servicing sale

5  that was approved back in October of course of last year.

6  And the servicing rights that are at issue here, there's

7  about $1.6 million of the purchase price that was paid by

8  the purchaser of the servicing business that's sitting in a

9  dispute escrow pending the resolution of this appeal.  The

10 asset purchase agreement as amended, I think it was the

11 sixth amendment to the asset purchase agreement, extended

12 the deadline by which the sale order has to become a final

13 order with respect to these servicing rights.  And that's

14 extended out as of right now until March 31 of 2009 at which

15 point, the purchaser under the APA has the right to decide

16 whether to continue to treat these servicing rights as

17 purchased assets.

18          So that's our timeline that we're working with

19 under the APA as far as trying to resolve the legal issues

20 between the parties as to the propriety of the sale order

21 and transferring those servicing rights to the purchaser.

22          In light of the remand, if the parties are, you

23 know, going to attempt to see if we can reopen some

24 settlement discussions, but as Your Honor has noted, there

25 wasn't exactly any clarification of the issues at the

1  District Court level so essentially from the legal

2  perspective, we're in the same position that we were at the

3  time that we mediated this prior to the appeal in terms of

4  each side having clarity as far as what it's legal leverage

5  is.

6          So with that, that's just kind of the outline of

7  where we stand right now.  And I can -- if Mr. Wilamowsky

8  would like to add anything, I can cede the podium to him.

9  Otherwise, if Your Honor has questions about how we should

10  proceed, I'd be willing to take those and --

11          THE COURT:  Well, you're looking to in effect

12  bifurcate or you're suggesting we bifurcate.  The Court deal

13  originally with the issue of whether the MLPSA is an

14  executory contract assignable under a 365.  Or a non-

15  executory contract that can only be transferred pursuant to

16  363.  Is that right?

17          MR. JACKSON:  We think that would provide the

18  most clarity of the remaining issues.

19          THE COURT:  All right.  Now how do you propose we

20  make that finding?  Do we reopen the evidentiary record?

21          MR. JACKSON:  I would believe we do it based off

22  of the evidentiary record as it stands.  I don't think we

23  should reopen the evidentiary record.

24          THE COURT:  All right.

25          MR. JACKSON:  I don't --

1              THE COURT:  And we should have briefing on the

2    issue obviously?

3              MR. JACKSON:  That's an open question for us,

4    Your Honor.  We believe that the briefing -- there certainly

5    has been a great deal of briefing between these parties thus

6    far.

7              THE COURT:  Well but one of the main arguments is

8    a case that nobody pointed out to me until at the time of

9    the sale.  Is that --

10             MR. JACKSON:  That's --

11             THE COURT:  -- cut to the executory contract

12   issue?

13             MR. JACKSON:  -- really the second order

14   question, Your Honor.

15             THE COURT:  All right.

16             MR. JACKSON:  Is if there's the threshold

17   determination of whether it's a 363 or 365 issue.  And if it

18   is a 363 issue, then there's integrated decision which is

19   what Judge Farnan was most interested in at the oral

20   argument.  But we think -- or the debtors' think anyway that

21   the threshold issue of whether it's a 363 or 365 issue could

22   be decided based on the record before you.

23             And I point out in this connection that the

24   original ruling from which the appeal is taken dealt with

25   hundreds of contracts and, you know, dozens of objections

1   and that was the base -- that was the reason for the -- or

2   at least we believe for the differential ruling.  We -- the

3   debtors had come out and said, you know, you can apply 363

4   or 365.  Objecting parties such as DB Structured had argued

5   365 until, you know, we believe until kind of last minute

6   and changed streams there.

7          So we think the threshold issue is ripe for a

8   decision and there's sufficient evidence.  You could really

9   make the decision based on the contract and the arguments of

10  the parties to the extent estoppel principles come in.  The

11  threshold determination of whether it's executory or not and

12  I think there's sufficient record.  And I can cede to Mr.

13  Wilamowsky.

14         MR. WILAMOWSKY:  Good afternoon, Your Honor.  For

15  the record, Steven Wilamowsky, Bingham, McCutchen, LLP on

16  behalf of appellant, DB Structured Products or Jeff Dora, I

17  don't know.  Now that I'm back -- now that we're back in

18  this Court, I don't know if we're still called the

19  appellant, but.

20         Your Honor, I -- with respect to the timeline

21  issue that Mr. Jackson raised, I respectfully differ with

22  respect to one point.  Obviously, we're talking about having

23  a determination as to whether this is a contract subject to

24  363 or 365.  If it's a 363 contract, then I suppose that

25  what Mr. Jackson said about March 31 is correct.  That's the

1    time by which the Ross entities agreed to hold out and wait

2    to get -- to see if the debtors can get them a final order.

3            If it's -- however, if Your Honor were to find

4    that this is an agreement under 365, I don't -- I think that

5    that presents a shorter timeline because under Section

6    365(d)(2) because we're talking -- we would be talking in

7    that case about an executory contract, the debtors got to

8    decide what it wants to do before confirmation which

9    currently is contemplated to occur in January, I assume.

10   And maybe I'm speaking out of turn, but I assume that the

11   debtors are not going to be interested in taking chance

12   assuming the agreement before confirmation.  And then if we

13   were to win on an appeal or back in this Court or

14   subsequently on appeal take the risk that they would have to

15   pay a $19 million cure.

16           So I think that if Your Honor were to find that

17   this is a 365 agreement, the timeline will have gotten

18   significantly shorter.  It will be moved to the confirmation

19   hearing date rather than March 31.  So that's an initial

20   matter.

21           Secondly, Your Honor, with respect to a need for

22   briefing, I think that the issue as to 363 or 365, I think

23   is pretty well teed up in the briefs except --

24           THE COURT:  Which briefs, the appellate briefs?

25           MR. WILAMOWSKY:  The appellate briefs.  However,

1  with respect to the judicial estoppel argument that they've

2  made, I think that there -- to us it's, you know, to us it's

3  not even -- we frankly didn't understand it and to us it's

4  not really a close case.  It seems to us as a threshold

5  matter that it's very clear that the law is in the Third

6  Circuit.  If you want to be a judicial -- if you want to

7  judicially estop someone, they have to have prevailed at

8  some point in the proceedings on the argument that you're

9  seeking to judicially estop them from making.  Or on the

10  contrary argument.  And that's very clear in the Third

11  Circuit.  And so, therefore, we don't even think that that

12  argument gets off the ground.  But to the extent that we

13  were going to be litigating estoppel issues, I think it

14  might be and Mr. Jackson may agree, I think it might be

15  appropriate to have maybe with a short -- with a page limit,

16  some short briefing just on that issue.

17          Again, we think it's very cut and dry, but we're

18  happy if Mr. Jackson disagrees, we're happy to submit

19  something short dealing with that one issue.

20          THE COURT:  At the District Court level you had

21  opening, answer, reply straightforward?

22          MR. WILAMOWSKY:  Correct.

23          THE COURT:  Okay.

24          MR. WILAMOWSKY:  Correct.

25          THE COURT:  And you had in the several notebooks

1    you sent over, the briefing I assume is included.

2         MR. WILAMOWSKY:  I'm sorry, I didn't hear, Your

3    Honor.

4         THE COURT:  All right.  In the several notebooks

5    you sent over, I assume the briefing is in there.

6         MR. WILAMOWSKY:  Yes, the briefing is in there.

7    And if you want, we can try to help Your Honor.  We could

8    put in another letter or just let Your Honor know, you know,

9    which one of these tabs Your Honor may be inclined to look

10   at that actually has the legal argument.  Obviously,

11   evidentiary record, Your Honor, you may remember may not --

12   some of it or most of it may not need to refer to every

13   single document in this binder and we could certainly refer

14   you to the pleadings that actually contain the legal

15   arguments in them.

16        THE COURT:  Okay.  Mr. Jackson?

17        MR. JACKSON:  Your Honor, I under -- it's a fair

18   point regarding the assumption if a 365 were to apply, I

19   think it underscores that this really is a threshold issue

20   that's going to help the parties figure out exactly where

21   they stand as far as how to proceed going forward with this.

22        On the point of further briefing, we would like

23   to minimize further briefing, but I think on the specific

24   issue of judicial estoppel, there actually is authority that

25   a person -- that a party against judicial estoppel asserted

1    doesn't have to prevail.  There's Third Circuit authority on

2    this point.  We didn't reach it in the briefs because it was

3    a matter that kind of came up at oral argument, but I would

4    propose that to the extent Your Honor's inclined to, you

5    know, take any additional briefing on this, that it take the

6    form of a memorandum of points and authorities or something

7    thereabouts just with case cites and applicable cites to the

8    evidentiary record.  But we actually do dispute that legal

9    proposition and we have support for that.

10          THE COURT:  So 15 months, 14 months after we had

11   the hearing you're back and you need a decision in four

12   weeks.

13          MR. JACKSON:  Not exactly, Your Honor.  We're

14   trying to double track this.  I mean it is, you know, it's

15   here.  The District Court has put it back here.

16          THE COURT:  I understand.

17          MR. JACKSON:  And we're certainly going to try to

18   do our best to see if we can come to a consensual resolution

19   of this.

20          THE COURT:  I'm sure you will.  I'm just -- I'm

21   not criticizing anyone.  I just --

22          MR. WILAMOWSKY:  Pardon me, Your Honor.  If there

23   are --

24          THE COURT:  When is confirmation, the 13th?

25          MR. JACKSON:  The 28th of January currently.

1          THE COURT:  Oh, there it is, yeah, okay.  Yes,

2  sir, yeah.  Mr. Wilamowsky, did you have something you

3  wanted to say?

4          MR. WILAMOWSKY:  I think I'll leave it.

5          THE COURT:  Okay.  Can we do simultaneous

6  briefing on judicial estop?  That doesn't make a lot of

7  sense because you say you don't understand their arguments

8  so --

9          MR. WILAMOWSKY:  I actually have copies of cases

10  I brought with me today, but I know it's not fair to have

11  that argument today.

12          THE COURT:  No, it's not.

13          MR. WILAMOWSKY:  Also, I just -- one comment that

14  I have is if we're going to be briefing this issue, I mean

15  we actually think that first of all, we don't understand the

16  judicial estoppel argument.  We also think that there's a

17  decent argument for collateral estoppel based on the

18  position that they took that the contract was non-executory

19  and, in fact, prevailed on and with respect to other

20  litigants and, therefore, collateral estoppel --

21          THE COURT:  Well --

22          MR. WILAMOWSKY:  -- since it was fully and fairly

23  litigated with respect to other contract parties, we think

24  there's a collateral estoppel issue.  So we would just -- I

25  don't want to limit -- I think the brief would be relating

1  to all -- any issues of estoppel.  In other words, any

2  issues that don't go to the merits of whether it's executory

3  or not would be covered in this brief.

4        THE COURT:  Well can we limit the initial ruling

5  to my ruling on whether it's executory or not and reserve

6  arguments on judicial and collateral estoppel or --

7        MR. WILAMOWSKY:  That would be fine.

8        THE COURT:  I mean that way we can -- I can turn

9  to the matter immediately.

10        MR. WILAMOWSKY:  Yeah.

11        THE COURT:  As opposed to having to wait for a

12  briefing.

13        MR. WILAMOWSKY:  I think that that would be fine,

14  Your Honor.

15        THE COURT:  All right.  Well you're not in all

16  likelihood going to get an opinion in that timeframe, but if

17  I issue an order it will be sufficiently lengthy in detail

18  to let you know why I ruled the way I did.

19        MR. WILAMOWSKY:  Okay.

20        THE COURT:  I can't promise any days, but I'll

21  work on it as quickly as possible.  And we had extensive

22  oral argument.  I have the transcript from Judge Farnan.  I

23  assume -- well, I don't think more oral argument is

24  required, but I leave it to the parties if they want to ask

25  for it, I'll at least consider it.  Or maybe -- let's put it

1  this way, I haven't read the briefs.  Let me read the

2  briefs.

3           MR. WILAMOWSKY:  Okay.

4           THE COURT:  Let me sort of figure out where we

5  are.  And if I feel it would be helpful, I'll call you.

6           MR. WILAMOWSKY:  Okay.

7           THE COURT:  And we'll set something up.

8           MR. WILAMOWSKY:  Okay.  To the extent that -- I

9  would only ask to the extent that Your Honor is sort of on

10 the fence in terms of, you know, maybe oral argument, maybe

11 not, to -- we would request that Your Honor order in favor

12 of some oral argument.

13          THE COURT:  Okay.

14          MR. WILAMOWSKY:  Okay, thanks.

15          THE COURT:  Are there holiday issues?  Obviously,

16 there are holiday issues, but is anyone going away or --

17          MR. WILAMOWSKY:  My holidays were done in

18 October, Your Honor, but --

19          THE COURT:  Yeah, with mine.

20          MR. WILAMOWSKY:  But so I don't think it would be

21 fair to ask anybody here to show up on the 25th, but I'm

22 available.

23          THE COURT:  Okay.  You won't be at the movies?

24          MR. WILAMOWSKY:  Followed by a Chinese --

25          THE COURT:  Right.

1                    (Laughter)

2            MR. JACKSON:  For what it's worth, Your Honor,

3    I'll be around.

4            THE COURT:  All right, okay.  Well I'll look at -

5    - somebody send me a letter identifying exactly what it is

6    you want me to look at if you would or a briefing binder,

7    whichever is easier.  Obviously, you -- as I requested, you

8    included the complete record which I appreciate.

9            MR. JACKSON:  I believe the briefs are in a

10   separate binder of that, but we can --

11           THE COURT:  Well I'll --

12           MR. JACKSON:  -- take a more focused look through

13   and see if we can direct you to parts that may be responsive

14   to the narrow issue that you'll be considering.

15           THE COURT:  All right.  Well I'll have a look at

16   it as well and see if we can figure it out.  And I'll get

17   you something as soon as I can.

18           MR. JACKSON:  Thank you, Your Honor.  And with

19   that, that concludes today's agenda.

20           THE COURT:  Anything else from any party?

21                  (No audible response.)

22           THE COURT:  Hearing none, the Court is adjourned.

23   Thank you very much.

24       (Whereupon at 2:45 p.m., the hearing was adjourned.)

25

1                           CERTIFICATION

2          I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6

7    _____          28 October 2010

8    Traci L. Calaman                                Date

9    Transcriber

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **07-11047(css)** 1:7 | | **and**(130) 4:8 4:15 5:4 5:12 5:12 5:12 5:15 5:16 5:19 6:2 6:3 6:5 6:6 6:7 6:9 6:14 6:16 6:23 6:23 6:25 7:1 7:3 7:4 7:8 7:9 7:10 7:11 7:12 7:13 7:19 7:20 7:20 8:4 8:5 8:6 8:9 8:11 8:12 8:19 8:23 8:25 9:2 9:14 9:19 10:1 10:6 10:10 10:21 10:24 11:1 11:1 11:3 11:14 11:8 11:14 11:14 11:18 11:20 11:20 11:21 11:22 11:23 11:25 12:2 12:3 12:13 13:1 13:5 13:12 13:16 13:16 14:8 15:6 15:6 15:14 15:15 16:10 16:15 16:18 16:23 17:10 18:9 18:15 18:22 18:25 19:6 19:13 19:21 20:7 20:10 21:1 21:17 21:23 21:25 22:1 22:3 22:6 22:8 22:9 22:11 22:12 23:1 23:10 23:12 24:3 24:10 24:11 24:14 24:17 24:25 25:7 25:13 26:6 26:7 26:9 26:11 26:17 27:19 27:19 27:20 27:22 28:5 28:6 28:21 29:5 29:7 30:13 30:16 30:16 30:18 | **assignment**(2) 16:12 16:17 | | **brought**(1) 27:10 |
| **365(d)(2**(1) 23:6 | | | | **assistance**(1) 14:4 | | **building**(2) 1:27 2:26 |
| **able**(2) 9:21 12:16 | | | | **assisted**(1) 10:20 | | **business**(3) 7:7 9:5 19:8 |
| **abn**(2) 3:10 3:36 | | | | **assume**(6) 13:2 23:9 23:10 25:1 25:5 28:2 | | **but**(32) 4:19 8:7 9:13 10:11 10:18 11:2 |
| **about**(7) 9:1 14:9 19:7 20:9 22:22 22:25 23:7 | | | | **assuming**(1) 23:12 | | 11:9 12:12 12:14 12:17 13:17 14:8 18:25 |
| | | | | **assumption**(1) 25:18 | | 19:24 21:7 21:20 22:19 23:10 24:12 24:17 |
| | | | | **attach**(1) 5:1 | | 25:23 26:3 26:8 27:10 28:16 28:20 28:24 |
| **above**(1) 11:17 | | | | **attached**(1) 8:3 | | 29:16 29:18 29:20 29:21 30:10 |
| **aboveentitled**  (1) 31:4 | | | | **attempt**(1) 19:23 | | |
| **absolutely**(1) 12:23 | | | | **auction**(2) 11:4 11:9 | | **buying**(1) 5:4 |
| **acceptable**(1) 11:15 | | | | **audible**(5) 5:23 7:16 30:21 | | **calaman**(1) 31:8 |
| **accordance**(1) 6:13 | | **anderson**(1) 2:17 | | **auspicious**(1) 14:18 | | **call**(4) 12:21 13:12 13:15 29:5 |
| **actually**(10) 10:3 11:4 13:3 18:25 25:10 25:14 25:24 26:8 27:9 27:15 | | **angeles**(1) 3:14 | | **authorities**(1) 26:6 | | **called**(1) 22:18 |
| | | **annexed**(1) 8:2 | | **authority**(2) 25:24 26:1 | | **came**(2) 5:16 26:3 |
| | | **annulment**(1) 12:12 | | **automatic**(1) 12:13 | | **can**(27) 4:25 7:20 12:25 13:3 13:16 13:18 |
| **add**(2) 10:6 20:8 | | **another**(3) 11:6 11:16 25:8 | | **available**(1) 29:22 | | 13:18 14:4 18:9 18:25 19:23 20:7 20:8 |
| **added**(3) 8:1 9:19 10:11 | | **answer**(1) 24:21 | | **avenue**(4) 2:13 2:34 2:41 3:6 | | 20:15 22:3 22:12 23:2 25:7 26:18 27:5 |
| **addition**(1) 13:3 | | **any**(17) 5:22 6:25 8:13 10:9 10:10 10:12 13:13 15:4 16:12 17:20 18:18 19:25 26:5 28:1 28:1 28:20 30:20 | | **aware**(3) 10:9 13:10 13:21 | | 28:4 28:8 28:8 30:10 30:13 30:16 30:17 |
| **additional**(2) 7:10 26:5 | | | | **away**(1) 29:16 | | |
| **address**(1) 16:24 | | | | **back**(6) 19:5 22:17 22:17 23:13 26:11 | | **can't**(4) 12:18 13:1 13:1 28:20 |
| **adjourned**(11) 4:8 12:15 12:17 14:24 15:22 16:19 16:21 16:25 17:1 30:22 30:24 | | | | **background**(1) 19:1 | | **capacity**(1) 6:3 |
| | | | | **balance**(1) 4:15 | | **capital**(2) 4:18 6:1 |
| | | **anybody**(1) 29:21 | | **bank**(5) 2:17 2:32 3:10 3:32 3:36 | | **career**(1) 6:4 |
| **adjustment**(2) 9:16 17:16 | | **anymore**(1) 5:1 | | **bankruptcy**(2) 1:1 1:18 | | **carefully**(1) 11:4 |
| **advisors**(1) 11:14 | | **anyone**(4) 7:14 10:14 26:21 29:16 | | **base**(1) 22:1 | | **carickhof\l**(1) 2:5 |
| **affect**(1) 8:13 | | **anything**(4) 12:5 13:19 20:8 30:20 | | **based**(5) 7:2 20:21 21:22 22:9 27:17 | | **case**(7) 1:7 11:18 16:13 21:8 23:7 24:4 |
| **affiliated**(1) 6:24 | | **anyway**(1) 21:20 | | **bases**(1) 16:7 | | **cases**(1) 27:9 |
| **after**(2) 15:5 26:10 | | **apa**(2) 19:15 19:19 | | **basically**(1) 11:19 | | **cede**(4) 14:7 17:23 20:8 22:12 |
| **afternoon**(5) 4:3 4:4 10:16 18:6 22:14 | | **appeal**(7) 18:24 19:2 19:9 20:3 21:24 23:13 23:14 | | **basis**(3) 4:17 9:13 16:15 | | **certainly**(4) 8:12 21:4 25:13 26:17 |
| | | | | **beach**(19) 1:24 4:4 4:5 4:22 5:25 7:18 | | **certificates**(1) 4:9 |
| **again**(2) 13:20 24:17 | | | | 7:23 8:16 9:4 9:10 12:7 12:11 13:9 13:14 | | **certification**(1) 31:1 |
| **against**(1) 25:25 | | | | 13:20 14:1 14:6 14:17 15:22 | | **certify**(1) 31:2 |
| **agenda**(7) 4:7 4:8 12:14 14:22 16:5 17:12 30:19 | | **appear**(1) 13:16 | | | | **chad**(1) 3:25 |
| | | **appearances**(1) 3:17 | | **because**(8) 5:1 9:7 9:11 18:10 23:5 23:6 26:2 27:7 | | **chance**(1) 23:11 |
| **ago**(1) 8:23 | | **appellant**(2) 22:16 22:19 | | | | **change**(5) 7:24 9:4 9:15 10:5 16:24 |
| **agree**(2) 18:24 24:14 | | **appellate**(2) 23:24 23:25 | | **become**(1) 19:12 | | **changed**(3) 9:4 9:13 22:6 |
| **agreed**(2) 9:6 23:1 | | **applicable**(1) 26:7 | | **been**(4) 5:1 6:2 12:15 21:5 | | **changes**(7) 7:23 8:8 8:13 8:19 8:25 9:2 10:13 |
| **agreement**(22) 5:15 5:15 7:6 7:11 7:20 8:1 8:2 8:6 8:7 8:17 8:21 8:23 8:24 9:14 9:24 10:8 12:15 19:10 19:11 23:4 23:12 23:17 | | **apply**(2) 22:3 25:18 | | **before**(6) 1:17 6:9 18:25 21:22 23:8 23:12 | | |
| | | **appreciate**(1) 30:8 | | **beginning**(1) 14:18 | | |
| | | **approach**(2) 7:19 15:18 | | **begs**(1) 13:21 | | **chapter**(1) 1:4 |
| | | **appropriate**(1) 24:15 | | **behalf**(3) 4:5 14:21 22:16 | | **chase**(1) 17:15 |
| | | **approval**(2) 5:17 8:11 | | **believe**(13) 4:15 5:6 7:25 8:13 10:10 | | **chase's**(1) 17:17 |
| **agreements**(3) 5:11 6:17 10:8 | | **approve**(3) 12:4 12:8 15:19 | | 10:13 12:16 16:8 20:21 21:4 22:2 22:5 | | **chinese**(1) 29:24 |
| **ahead**(1) 15:14 | | **approved**(1) 19:5 | | 30:9 | | **christopher**(1) 1:17 |
| **alfonso**(1) 3:33 | | **approximately**(7) 4:14 4:17 5:10 6:15 8:23 9:12 9:22 | | | | **circuit**(3) 24:6 24:11 26:1 |
| **all**(25) 4:2 4:24 10:14 11:14 11:22 11:25 12:5 12:10 13:11 13:17 14:3 16:6 17:19 18:3 18:6 20:19 20:24 21:15 25:4 27:15 28:1 28:15 28:15 30:4 30:15 | | | | **best**(3) 5:6 7:6 7:8 10:1 10:3 12:25 18:22 26:18 | | **circulate**(1) 5:10 |
| | | | | | | **circumstance**(4) 7:9 11:25 12:2 12:3 |
| | | **are**(29) 4:12 4:20 4:23 7:10 7:24 8:11 8:13 9:22 10:2 10:9 10:13 11:9 13:12 15:16 16:6 16:16 16:18 16:20 16:21 16:21 17:1 19:6 19:22 23:11 26:23 29:5 29:15 29:16 30:9 | | **between**(3) 8:9 19:20 21:5 | | **cites**(2) 26:7 26:7 |
| | | | | **bid**(11) 5:13 6:19 6:22 10:23 10:24 10:25 11:3 11:7 11:8 11:9 12:1 | | **claim**(10) 14:9 14:25 15:3 15:4 15:8 15:12 16:1 16:2 17:7 17:18 18:11 |
| **alleged**(1) 15:5 | | | | | | |
| **allow**(2) 13:4 15:7 | | | | **bidder**(3) 5:9 6:19 8:22 | | **claimants**(4) 16:1 16:7 16:14 16:15 |
| **also**(3) 7:2 27:13 27:16 | | | | **bidders**(2) 10:21 11:10 | | **claims**(11) 14:23 14:24 15:24 16:3 16:8 |
| **alternatives**(1) 11:19 | | **argued**(1) 22:4 | | **bids**(4) 5:9 5:10 6:19 11:21 | | 16:11 16:12 16:17 16:21 17:10 17:13 |
| **although**(2) 13:2 13:4 | | **arguing**(1) 15:4 | | **bifurcate**(2) 20:12 20:12 | | |
| **always**(1) 13:17 | | **argument**(15) 13:8 21:20 24:1 24:8 24:10 24:12 25:10 26:3 27:11 27:16 27:17 28:23 28:23 29:10 29:12 | | **binder**(3) 25:13 30:6 30:10 | | **clarification**(2) 9:11 19:25 |
| **amanda**(1) 2:40 | | | | **bingham**(2) 3:4 22:15 | | **clarifying**(1) 17:7 |
| **amended**(1) 19:10 | | | | **bird**(1) 11:18 | | **clarity**(2) 20:4 20:18 |
| **amendment**(1) 19:11 | | | | **bit**(2) 9:16 19:1 | | **clean**(2) 8:3 12:8 |
| **america**(2) 2:17 3:32 | | **arguments**(6) 13:4 21:7 22:9 25:15 27:7 28:6 | | **black**(2) 7:19 8:17 | | **clear**(2) 24:5 24:10 |
| **american**(6) 2:24 3:23 3:23 6:2 12:13 | | | | **blank**(1) 2:4 | | **clerk**(1) 4:2 |
| **amount**(1) 15:8 | | | | **books**(1) 15:6 | | **close**(1) 24:4 |
| **amounts**(1) 15:5 | | | | **both**(1) 18:23 | | **closely**(1) 10:19 |
| **amro**(2) 3:10 3:36 | | **arm's**(1) 7:12 | | **bottom**(1) 4:23 | | **closing**(1) 9:5 |
| **ana**(1) 3:33 | | **around**(1) 30:3 | | **box**(2) 2:20 2:42 | | **co-counsel**(1) 10:17 |
| | | **ashby**(1) 2:39 | | **bradley**(1) 3:29 | | **code**(1) 15:25 |
| | | **ask**(4) 12:7 28:24 29:9 29:21 | | **brandon**(1) 1:32 | | **collateral**(4) 27:17 27:20 27:24 28:6 |
| | | **asking**(2) 5:17 8:11 | | **brandywine**(1) 1:27 | | **colleague**(1) 17:23 |
| | | **asks**(1) 12:3 | | **brief**(3) 5:20 27:25 28:3 | | **collection**(1) 11:22 |
| | | **asserted**(1) 25:25 | | **briefing**(15) 21:1 21:4 21:5 23:22 24:16 25:1 25:5 25:6 25:22 25:23 26:5 27:6 27:14 28:12 30:6 | | **come**(3) 22:3 22:10 26:18 |
| | | **asset**(8) 5:14 7:20 8:1 8:2 8:16 9:23 19:10 19:11 | | | | **comment**(1) 27:13 |
| | | | | | | **committee**(8) 2:4 3:19 8:12 10:17 10:19 11:1 11:14 12:3 |
| | | | | **briefly**(1) 7:20 | | |
| | | | | **briefs**(8) 23:23 23:24 23:24 23:25 26:2 29:1 29:2 30:9 | | **company**(1) 6:3 |
| | | **assets**(6) 4:12 4:24 5:7 11:5 11:19 19:17 | | | | **complete**(1) 30:8 |
| | | **assign**(2) 16:3 16:10 | | | | **complicated**(1) 13:6 |
| | | **assignable**(1) 20:14 | | **brings**(1) 4:11 | | **conaway**(4) 1:22 4:5 14:21 18:7 |
| | | | | | | **concerns**(1) 16:12 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| conclude(1) 7:13 | | december(5) 1:13 4:1 9:6 12:17 13:22 | | evidence(1) 22:8 | | get(15) 8:5 9:7 9:21 9:23 10:4 11:9 11:10 12:14 13:12 13:18 18:25 23:2 23:2 28:16 30:16 | |
| concludes(1) 30:19 | | decent(1) 27:17 | | evidentiary(5) 20:20 20:22 20:23 25:11 | | | |
| conducted(1) 5:12 | | decide(2) 19:15 23:8 | | exactly(4) 19:25 25:20 26:13 30:5 | | gets(2) 4:19 24:12 | |
| confirmation(6) 13:24 14:2 23:8 23:12 23:18 26:24 | | decided(1) 21:22 | | examine(1) 7:14 | | getting(1) 14:9 | |
| | | decision(5) 14:5 21:18 22:8 22:9 26:11 | | except(1) 23:23 | | give(1) 19:11 | |
| | | degrow(1) 16:23 | | executed(5) 6:16 8:4 8:5 | | glad(1) 14:14 | |
| conform(1) 8:20 | | delaware(6) 1:2 1:8 1:11 2:34 2:41 4:1 | | executory(7) 20:14 20:15 21:11 22:11 23:7 28:2 28:5 | | going(19) 11:4 12:23 12:24 12:24 13:2 13:7 13:7 13:8 14:12 19:2 19:23 23:11 24:13 25:20 25:21 26:17 27:14 28:16 29:16 | |
| connection(1) 30:19 | | delivery(1) 9:19 | | | | | |
| consensual(1) 26:18 | | described(1) 9:14 | | exercise(1) 7:7 | | | |
| consider(2) 13:6 28:25 | | detail(1) 28:17 | | exhibit(1) 16:5 | | gone(2) 4:20 11:16 | |
| considered(1) 11:3 | | determination(3) 21:17 22:11 22:23 | | expenses(1) 11:20 | | good(7) 4:3 4:4 7:12 10:16 15:17 18:6 22:14 | |
| considering(1) 30:14 | | determined(1) 15:7 | | experience(1) 7:3 | | | |
| consistent(1) 8:24 | | diaz(1) 1:34 | | explain(1) 16:15 | | got(4) 10:24 11:17 12:1 23:7 | |
| contain(1) 25:14 | | did(8) 5:9 5:10 5:14 9:24 10:19 15:4 27:2 28:18 | | express(1) 16:11 | | gotten(1) 23:17 | |
| contemplated(1) 23:9 | | | | extended(3) 11:1 19:11 19:14 | | great(2) 11:24 21:5 | |
| continue(1) 19:16 | | | | extensive(2) 6:11 28:21 | | greenburg(1) 2:24 | |
| continued(2) 2:2 3:2 | | didn't(4) 16:8 24:3 25:2 26:2 | | extent(8) 8:13 10:2 13:22 22:10 24:12 26:4 29:8 29:9 | | ground(1) 24:12 | |
| continuing(2) 11:19 11:20 | | differ(1) 22:21 | | | | grow(21) 1:25 14:7 14:8 14:12 14:15 14:20 14:20 15:3 15:11 15:14 15:18 15:21 16:20 17:3 17:6 17:11 17:22 17:25 18:2 18:4 18:10 | |
| contract(9) 20:14 20:15 21:11 22:9 22:23 22:24 23:7 27:18 27:23 | | different(1) 11:5 | | | | | |
| | | differential(1) 22:2 | | fact(1) 27:19 | | | |
| contracts(1) 21:25 | | difficult(2) 11:10 13:5 | | factually(1) 19:1 | | | |
| contrary(1) 24:10 | | diligence(2) 5:12 9:25 | | fair(6) 6:23 7:9 12:2 25:17 27:10 29:21 | | guess(1) 18:22 | |
| cooper(1) 3:25 | | direct(1) 30:13 | | fairly(1) 27:22 | | guys(1) 14:3 | |
| copies(2) 10:4 27:9 | | disagrees(1) 24:18 | | faith(1) 7:12 | | | |
| copy(1) 8:5 | | discuss(1) 12:16 | | familiar(2) 6:8 6:22 | | | |
| corporation(2) 1:9 6:2 | | discussion(1) 15:6 | | far(4) 19:19 20:4 21:6 25:21 | | had(8) 9:15 10:7 22:3 22:4 24:20 24:25 26:10 28:21 | |
| correct(5) 16:20 22:25 24:22 24:24 31:2 | | discussions(1) 19:24 | | farnan(2) 21:19 28:22 | | | |
| corroon(1) 2:17 | | dispute(2) 19:9 26:8 | | favor(1) 29:11 | | | |
| could(4) 21:21 22:8 25:7 25:13 | | district(4) 1:2 20:1 24:20 26:15 | | feel(1) 29:5 | | hadley(2) 3:10 3:36 | |
| counihan(1) 2:25 | | document(1) 25:13 | | felt(2) 11:14 11:17 | | hahn(3) 2:11 3:19 10:17 | |
| counsel(3) 12:22 13:4 13:7 | | documents(6) 9:20 9:21 9:23 10:2 10:3 10:4 | | fence(1) 29:10 | | half(1) 11:7 | |
| couple(2) 10:22 10:25 | | | | few(1) 11:12 | | halpurn(2) 15:1 15:6 | |
| course(1) 19:5 | | | | figueroa(1) 3:12 | | halpurn's(1) 15:8 | |
| court(96) 1:1 4:3 4:5 4:20 5:22 5:24 6:9 7:14 7:17 7:17 7:22 7:25 8:15 8:18 9:3 9:9 10:14 12:5 12:10 12:20 12:21 12:25 13:8 13:11 13:12 13:15 13:24 14:3 14:4 14:8 14:14 14:16 15:2 15:10 15:13 15:17 15:19 16:18 16:25 17:5 17:7 17:9 17:21 17:24 18:1 18:3 18:5 18:12 18:14 19:3 20:1 20:11 20:12 20:19 20:24 21:1 21:7 21:11 21:15 22:18 23:13 23:24 24:20 24:20 24:23 24:25 25:4 25:16 26:10 26:15 26:16 26:20 26:24 27:1 27:5 27:12 27:21 28:4 28:8 28:11 28:15 28:20 29:4 29:7 29:13 29:15 29:19 29:23 29:25 30:4 30:1 30:15 30:20 30:22 30:22 | | doesn't(4) 13:17 13:18 26:1 27:6 | | figure(4) 11:5 25:20 29:4 30:16 | | hand(4) 7:19 11:18 15:9 15:15 | |
| | | doing(1) 11:18 | | filed(4) 4:9 12:13 16:1 17:14 | | handed(2) 12:8 18:1 | |
| | | don't(17) 9:20 10:10 10:13 13:13 14:15 20:22 20:25 22:17 22:18 23:4 24:11 27:7 27:15 27:25 28:2 28:23 29:20 | | files(1) 9:24 | | happen(1) 13:3 | |
| | | | | final(3) 8:7 19:12 23:2 | | happy(2) 24:18 24:18 | |
| | | | | finally(1) 7:11 | | harrisburg(1) 1:36 | |
| | | | | find(2) 23:3 23:16 | | | |
| | | | | finding(1) 20:20 | | has(16) 4:10 6:2 6:7 8:6 9:1 10:12 12:15 13:22 17:20 19:12 19:15 19:24 20:9 21:5 25:10 26:15 | |
| | | | | fine(4) 9:3 16:16 28:7 28:13 | | | |
| | | | | finnigan(1) 3:24 | | | |
| | | done(1) 29:17 | | first(2) 18:14 27:15 | | | |
| | | dora(1) 22:16 | | five(1) 9:5 | | have(31) 4:25 8:4 8:8 9:20 11:16 12:17 12:23 13:13 15:4 15:7 15:8 16:13 16:14 16:16 16:16 17:16 17:19 21:1 23:14 23:17 24:7 24:7 24:15 26:1 26:9 27:2 27:9 27:10 27:14 28:22 30:15 | |
| | | dorsey(1) 2:32 | | floor(2) 1:28 3:13 | | | |
| courtroom(2) 1:9 5:19 | | double(1) 26:14 | | focused(1) 30:12 | | | |
| covered(1) 28:3 | | dozens(1) 21:25 | | followed(1) 29:24 | | | |
| credibility(1) 13:1 | | dry(1) 24:17 | | for(49) 1:2 1:22 2:4 2:17 2:24 2:32 2:39 3:4 3:10 3:19 3:23 3:32 3:36 4:17 4:18 5:17 5:17 6:1 6:4 7:4 7:8 7:24 8:11 9:21 9:25 10:17 11:24 12:2 13:10 14:20 15:5 15:15 16:7 16:15 17:7 18:7 18:8 18:14 21:3 22:1 22:2 22:7 22:14 23:21 26:9 27:17 28:11 28:25 30:2 | | haven't(1) 29:1 | |
| creditors(2) 2:5 3:20 | | due(2) 5:12 9:25 | | | | having(3) 20:4 22:22 28:11 | |
| criticizing(1) 26:21 | | | | | | he's(1) 5:25 | |
| cross(1) 7:14 | | each(1) 20:4 | | | | | |
| cure(1) 23:15 | | earlier(2) 12:9 12:12 | | | | hear(2) 14:14 25:2 | |
| current(1) 11:20 | | easier(1) 30:7 | | | | heard(2) 10:14 14:24 | |
| currently(3) 6:9 23:9 26:25 | | ecro(1) 1:32 | | | | hearing(4) 4:23 8:19 13:22 13:24 14:2 23:19 26:11 30:22 30:24 | |
| cut(2) 21:11 24:17 | | effect(2) 20:11 | | foreclosure(1) 5:2 | | | |
| | | effort(1) 11:23 | | foregoing(1) 31:2 | | | |
| d.d(1) 14:25 | | efforts(5) 6:10 6:12 7:10 10:1 10:4 | | form(7) 5:15 8:3 8:6 8:17 15:9 16:2 26:6 | | hears(1) 7:17 | |
| damian(1) 5:18 | | either(1) 5:1 | | format(1) 8:2 | | heat(1) 18:9 | |
| data(1) 1:34 | | electronic(2) 1:40 31:3 | | forms(1) 15:15 | | help(2) 25:7 25:20 | |
| date(3) 9:5 23:19 31:8 | | else(1) 30:20 | | forth(1) 4:8 | | helped(1) 10:18 | |
| david(1) 2:5 | | end(1) 9:18 | | forward(6) 16:13 18:22 25:21 | | helpful(1) 29:5 | |
| day(1) 9:7 | | engaged(1) 6:11 | | found(1) 10:2 | | here(6) 10:1 10:11 19:6 26:15 26:15 29:21 | |
| days(4) 4:20 9:5 11:12 28:20 | | enough(1) 13:22 | | four(1) 26:11 | | hereto(1) 8:2 | |
| deadline(4) 6:20 10:23 11:2 19:12 | | entities(1) 23:1 | | frankly(2) 11:23 24:3 | | hessen(3) 2:11 3:19 10:17 | |
| deal(2) 20:12 21:5 | | entity(2) 16:2 16:11 | | fred(1) 3:38 | | higher(1) 7:11 | |
| dealing(1) 24:19 | | entity's(1) 16:4 | | friday(2) 10:24 10:24 | | highest(1) 7:8 | |
| dealt(1) 21:24 | | eric(1) 3:20 | | from(16) 4:5 5:10 10:17 11:7 13:13 16:1 17:15 18:7 18:21 19:4 20:1 21:24 24:9 28:22 30:20 31:3 | | highlights(1) 10:22 | |
| debtor(7) 1:22 10:19 11:1 11:14 16:2 16:4 16:11 | | escrow(1) 19:9 | | | | him(1) 20:8 | |
| | | esq(13) 1:24 1:25 1:26 2:5 2:12 2:18 2:25 2:33 2:40 3:5 3:20 3:33 3:38 | | | | his(3) 5:20 6:4 7:2 | |
| | | | | fully(2) 8:4 27:22 | | hold(1) 23:1 | |
| debtors(38) 1:11 4:6 4:13 5:6 6:11 7:1 7:1 7:6 7:7 7:9 8:4 8:11 8:14 9:19 9:21 9:22 10:9 14:21 14:22 15:3 15:6 15:7 15:23 15:25 16:1 16:8 16:9 16:10 16:13 16:17 17:13 18:7 21:20 22:3 23:2 23:7 23:11 | | essence(1) 5:3 | | fund(2) 12:13 15:22 | | holdings(1) 1:8 | |
| | | essentially(1) 20:1 | | further(5) 6:18 12:6 15:5 25:22 25:23 | | holiday(2) 29:15 29:16 | |
| | | estate(2) 7:6 11:24 | | gabriel(1) 2:18 | | holidays(1) 29:17 | |
| | | estates(5) 5:7 7:9 8:14 9:2 16:4 | | gatson(1) 13:15 | | home(5) 1:7 2:24 3:23 3:23 6:2 | |
| | | estop(3) 24:7 24:9 27:6 | | geddes(1) 2:39 | | | |
| | | estoppel(11) 22:10 24:1 24:13 25:24 25:25 27:16 27:17 27:20 27:24 28:1 28:6 | | | | | |
| | | even(4) 4:25 13:10 24:3 24:11 | | | | | |
| | | evening(1) 10:24 10:24 11:2 | | | | | |
| | | event(1) 12:18 | | | | | |
| | | every(1) 25:12 | | | | | |

# AMERICAN HOME MORTGAGE 12.10.08.TLC.BO.TXT

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **honor**(60) 4:4 4:7 4:10 4:11 4:13 4:17 4:19 4:22 5:18 7:18 7:19 7:23 8:8 8:17 9:1 10:5 10:12 10:16 10:18 10:22 12:4 12:7 12:8 12:11 12:19 13:20 14:6 14:6 14:13 14:17 15:9 17:11 17:20 17:22 18:4 18:7 18:18 19:24 20:9 21:4 21:14 22:10 22:20 23:3 23:16 23:21 25:3 25:7 25:8 25:9 25:11 25:17 26:13 26:22 28:14 29:9 29:11 29:18 30:2 30:18 | | **judicial**(7) 24:1 24:6 25:24 25:25 27:6 27:16 28:6 | | **many**(3) 4:25 8:20 8:24 | | **not**(30) 6:24 6:25 7:1 7:10 9:14 9:21 9:22 10:2 10:9 10:18 12:23 13:22 14:1 15:4 16:8 18:17 22:11 23:11 24:3 24:4 25:11 25:12 26:13 26:21 27:10 27:12 28:3 28:5 28:15 29:11 | |
| | | | | **march**(3) 19:14 22:25 23:19 | | | |
| | | **judicially**(2) 24:7 24:9 | | **mark**(2) 2:12 10:16 | | | |
| | | **just**(18) 4:16 8:1 9:10 9:13 10:1 10:22 11:9 12:20 12:25 16:24 20:6 24:16 25:8 26:7 26:20 26:21 27:13 27:24 | | **market**(3) 1:10 2:6 2:19 | | | |
| | | | | **marketing**(4) 6:10 6:12 7:3 7:10 | | **note**(2) 7:24 9:2 | |
| | | | | **markets**(1) 6:1 | | **notebooks**(2) 24:25 25:4 | |
| **honor's**(2) 18:19 26:4 | | **kaye**(1) 3:32 | | **material**(2) 10:5 10:13 | | **noted**(2) 4:22 19:24 | |
| **honorable**(1) 1:17 | | **keep**(1) 3:12 | | **matter**(9) 12:15 12:19 13:6 13:10 23:20 24:5 26:3 28:9 31:4 | | **notes**(1) 5:4 | |
| **how**(4) 9:13 20:9 20:19 25:21 | | **kind**(5) 11:10 19:1 20:6 22:5 26:3 | | | | **nothing**(3) 13:1 14:16 18:17 | |
| **however**(2) 23:3 23:25 | | **know**(19) 11:16 11:23 13:16 14:5 18:12 19:23 21:15 22:3 22:5 22:17 22:18 24:2 25:8 25:8 26:5 26:14 27:10 28:18 29:10 | | | | **notified**(1) 6:16 | |
| **hundreds**(1) 21:25 | | | | **matters**(3) 16:18 16:20 17:1 | | **november**(1) 6:3 | |
| **hutchins**(1) 3:28 | | | | **may**(13) 4:4 5:20 5:24 7:18 8:7 9:7 15:18 24:14 25:9 25:11 25:11 25:12 30:13 | | **now**(5) 19:14 20:7 20:19 22:17 22:17 | |
| **hutchins,esq**(1) 3:29 | | **knowledge**(1) 7:3 | | | | **number**(3) 8:19 11:11 15:25 | |
| **i'd**(4) 5:20 7:18 14:7 20:10 | | **language**(1) 9:16 | | | | **numbers**(1) 16:13 | |
| **i'll**(14) 4:9 9:1 12:10 12:14 15:19 17:1 27:4 28:20 28:25 29:5 30:3 30:4 30:11 30:15 30:16 | | **last**(3) 11:12 19:5 22:5 | | **maybe**(6) 11:21 23:10 24:15 28:25 29:10 29:10 | | **numerous**(1) 6:6 | |
| | | **laughter**(6) 4:21 14:11 14:19 17:8 18:16 30:1 | | | | **objected**(2) 15:3 16:3 | |
| **i'm**(11) 14:8 14:14 18:11 18:11 22:17 23:10 25:2 26:20 26:20 26:20 29:21 | | | | | | **objecting**(1) 22:4 | |
| | | **law**(1) 24:5 | | **mccarthy**(1) 1:32 | | **objection**(16) 4:9 5:22 14:23 14:23 14:25 14:25 15:11 15:24 16:10 16:15 16:22 17:10 17:10 17:13 17:14 17:20 | |
| | | **lean**(2) 3:23 3:23 | | **mccloy**(2) 3:11 3:37 | | | |
| **identifying**(3) 10:20 16:1 30:5 | | **least**(4) 11:13 18:21 22:2 28:25 | | **mccutchen**(2) 3:4 22:15 | | | |
| **immediately**(1) 28:9 | | **leave**(2) 27:4 28:24 | | **mean**(5) 13:17 13:18 26:14 27:14 28:8 | | **objections**(6) 14:10 15:15 17:2 17:4 18:11 21:25 | |
| **inappropriate**(1) 13:2 | | **legal**(6) 19:19 20:1 20:4 25:10 25:14 26:8 | | **means**(1) 13:17 | | | |
| **inc**(1) 1:8 | | **lending**(2) 6:4 6:5 | | **mediated**(1) 20:3 | | | |
| **inclined**(2) 25:9 26:4 | | **length**(1) 7:13 | | **memorandum**(1) 26:6 | | **obligated**(1) 9:23 | |
| **included**(2) 25:1 30:8 | | **lengthy**(1) 28:17 | | **mention**(1) 12:11 | | **observation**(1) 12:21 | |
| **including**(1) 14:25 | | **less**(2) 11:7 11:9 | | **mentioned**(1) 15:22 | | **obtained**(1) 7:8 | |
| **increase**(1) 11:13 | | **let**(6) 12:20 14:5 25:8 25:8 28:18 29:1 29:4 | | **merely**(3) 16:3 16:7 17:14 | | **obviously**(6) 16:25 21:2 22:22 25:10 29:15 30:7 | |
| **increased**(1) 12:1 | | **let's**(1) 28:25 | | **merican**(1) 1:7 | | | |
| **indicating**(1) 18:21 | | **letter**(3) 18:21 25:8 30:5 | | **merits**(1) 28:2 | | | |
| **industry**(2) 6:4 6:5 | | **level**(3) 11:17 20:1 24:20 | | **might**(6) 8:13 8:21 10:25 12:16 24:14 | | **occur**(1) 23:9 | |
| **informal**(1) 17:15 | | **leverage**(1) 20:4 | | **milbank**(2) 3:10 3:36 | | **october**(3) 19:5 29:18 31:7 | |
| **initial**(4) 4:19 11:7 23:19 28:4 | | **liability**(1) 15:4 | | **miller**(1) 16:24 | | **off**(3) 18:9 20:21 24:12 | |
| **input**(1) 13:13 | | **lien**(7) 4:12 4:13 4:16 6:13 7:4 12:13 | | **million**(3) 4:14 19:7 23:15 | | **official**(2) 2:4 3:19 | |
| **insider**(1) 7:1 | | **liens**(2) 4:25 5:3 | | **mine**(1) 29:19 | | **okay**(23) 8:15 9:9 12:20 14:3 14:17 15:21 16:25 17:6 17:11 17:22 19:3 24:23 25:16 27:1 27:5 28:19 29:3 29:6 29:8 29:13 29:14 29:23 30:4 | |
| **instead**(3) 9:5 9:11 17:16 | | **light**(1) 19:22 | | **minimize**(1) 25:23 | | | |
| **instructions**(1) 18:19 | | **like**(8) 5:20 7:18 14:7 14:8 16:18 18:10 20:8 25:22 | | **minute**(1) 22:5 | | | |
| **integrated**(1) 21:18 | | | | **mlpsa**(1) 20:13 | | | |
| **interest**(3) 5:6 6:25 7:6 | | | | **modifications**(1) 5:15 | | | |
| **interested**(2) 21:19 23:11 | | **likelihood**(1) 28:16 | | **moment**(1) 4:18 | | **omnibus**(4) 14:23 15:23 17:13 17:20 | |
| **interim**(4) 8:5 8:6 8:9 9:7 | | **likely**(2) 7:10 8:9 | | **momentarily**(1) 12:14 | | **once**(1) 11:16 | |
| **into**(1) 18:25 | | **limit**(3) 24:15 27:25 28:4 | | **monday**(1) 11:2 | | **one**(13) 5:13 10:24 14:12 16:3 17:15 17:16 18:10 18:15 21:7 22:22 24:19 25:9 27:13 | |
| **intro**(1) 11:9 | | **line**(2) 7:19 11:20 | | **monitor**(1) 11:20 | | | |
| **involved**(1) 10:21 | | **lined**(1) 8:17 | | **months**(3) 8:23 26:10 26:10 | | **only**(5) 5:13 7:24 10:24 20:15 29:9 | |
| **isn't**(2) 11:23 13:25 | | **list**(2) 9:24 13:11 | | **more**(5) 10:8 18:10 19:1 28:23 30:12 | | **ora**(1) 17:12 | |
| **issue**(23) 8:9 10:10 15:22 18:24 19:6 20:13 21:2 21:12 21:17 21:18 21:21 21:21 22:7 22:21 23:22 24:16 24:19 25:1 25:24 27:14 27:24 28:7 30:14 | | **listen**(1) 13:19 | | **morgan**(2) 17:15 17:17 | | **open**(1) 21:3 | |
| | | **lists**(1) 16:5 | | **mortgage**(10) 1:7 4:24 6:2 6:4 6:5 6:6 6:13 7:4 9:20 9:24 | | **opening**(1) 24:21 | |
| | | **litigants**(1) 27:20 | | | | **opinion**(1) 28:16 | |
| | | **litigated**(1) 27:23 | | | | **opposed**(1) 28:11 | |
| | | **litigating**(1) 24:13 | | | | **option**(1) 11:24 | |
| **issues**(9) 8:25 19:19 19:25 20:18 24:13 28:1 28:2 29:15 29:16 | | **litigation**(2) 10:7 10:10 | | **most**(4) 10:5 20:18 21:19 25:12 | | **oral**(6) 21:19 26:3 28:22 28:23 29:10 | |
| | | **little**(3) 9:16 19:1 | | **motion**(2) 6:9 12:12 | | **orange**(1) 2:7 | |
| | | **llp**(7) 1:23 2:4 2:17 2:24 2:32 3:32 22:15 | | **moved**(1) 23:18 | | **order**(19) 6:8 6:14 7:19 7:24 8:3 8:12 12:9 12:10 15:9 15:15 15:20 17:16 19:12 19:13 19:20 21:13 23:2 28:17 29:11 | |
| **it's**(27) 7:25 8:5 11:10 11:17 11:18 12:13 12:25 14:16 18:11 20:4 21:17 21:21 22:11 22:24 23:3 24:2 24:2 24:3 24:5 24:17 25:17 26:14 27:10 27:12 28:2 28:5 30:2 | | **loan**(2) 9:20 9:24 | | **movies**(1) 29:23 | | | |
| | | **loans**(8) 4:13 4:15 4:16 6:6 6:13 7:5 8:22 9:22 | | **moving**(1) 17:12 | | | |
| | | | | **much**(3) 8:24 18:15 30:23 | | **orders**(2) 4:10 17:24 | |
| | | **look**(6) 8:24 25:9 30:4 30:6 30:12 30:15 | | **narrow**(1) 30:14 | | **original**(1) 21:24 | |
| | | **looking**(1) 20:11 | | **nathan**(2) 1:25 14:20 | | **originally**(1) 20:13 | |
| **item**(8) 4:11 12:13 12:14 14:22 15:21 15:23 16:23 17:12 | | **looks**(1) 16:18 | | **nature**(2) 9:13 16:9 | | **other**(17) 5:2 5:9 6:18 10:8 10:12 10:13 11:10 11:18 11:21 13:13 13:15 13:19 15:15 16:20 16:21 27:19 27:23 28:1 | |
| | | **los**(1) 3:14 | | **need**(6) 12:24 13:8 14:4 23:21 25:12 26:11 | | | |
| | | **lot**(2) 10:18 27:6 | | **neglected**(1) 12:11 | | | |
| **items**(3) 4:7 4:10 16:6 | | **low**(1) 5:5 | | **negotiate**(1) 5:14 | | **otherwise**(2) 11:16 20:9 | |
| **j.p**(2) 17:15 17:17 | | **macconaill**(1) 2:18 | | **negotiated**(2) 7:12 11:12 | | **our**(4) 11:25 15:15 19:18 26:18 | |
| **jackson**(26) 1:26 18:6 18:7 18:13 18:17 19:4 20:17 20:21 20:25 21:3 21:10 21:13 21:16 22:21 22:25 24:14 24:18 25:16 25:17 26:13 26:17 26:25 30:2 30:9 30:12 30:18 | | **made**(7) 5:15 8:13 8:20 9:10 10:1 17:16 24:2 | | **negotiations**(1) 6:22 | | **out**(16) 5:3 11:5 11:21 14:4 14:24 16:14 16:21 19:14 21:8 21:23 22:3 23:1 23:10 25:20 29:4 30:16 | |
| | | | | **nemours**(1) 2:26 | | | |
| | | **madison**(1) 2:13 | | **neufeld**(1) 3:38 | | | |
| | | **mahar**(1) 3:26 | | **never**(1) 13:2 | | | |
| | | **main**(1) 21:7 | | **new**(2) 2:14 3:7 | | **outline**(1) 20:6 | |
| **january**(3) 14:2 23:9 26:25 | | **make**(9) 10:3 10:8 12:20 13:1 13:4 13:8 20:20 22:9 27:6 | | **nineteenth**(2) 14:23 15:20 | | **over**(8) 4:16 4:19 6:4 9:1 11:12 13:24 23:1 25:5 | |
| **jeff**(1) 22:16 | | | | **nobody**(1) 11:2 21:8 | | | |
| **judge**(4) 1:18 13:1 21:19 28:22 | | **making**(2) 14:4 24:9 | | **non**(1) 20:14 | | | |
| **judgment**(1) 7:7 | | **mallard**(1) 2:33 | | **non-disclosure**(2) 5:11 6:17 | | **overrule**(3) 17:1 17:3 17:9 | |
| | | **management**(1) 6:1 | | **non-executory**(1) 27:18 | | **overseen**(1) 6:5 | |
| | | | | **non-material**(1) 7:24 | | **own**(1) 4:14 | |
| | | | | **non-performing**(4) 4:13 4:25 6:12 7:4 | | | |
| | | | | **non-substantiv**(1) 15:24 | | | |
| | | | | **none**(3) 7:17 16:11 30:22 | | | |
| | | | | **nor**(1) 6:25 | | | |
| | | | | **north**(2) 2:19 2:27 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| owns(1) 6:25 | | provide(2) 9:24 20:17 | | rest(1) 17:1 | | simply(1) 16:10 | |
| p.m(3) 1:14 4:1 30:24 | | provided(1) 13:12 | | result(1) 6:7 | | simultaneous(1) 27:5 | |
| p.o(2) 2:20 2:42 | | provision(1) 10:7 | | review(2) 10:1 15:5 | | since(2) 6:3 27:22 | |
| page(6) 7:25 9:4 9:10 9:18 10:6 24:15 | | pulling(1) 11:4 | | reviewed(1) 6:7 | | single(1) 25:13 | |
| pages(1) 7:21 | | purchase(15) 5:5 5:7 5:14 5:16 7:20 8:1 | | reviews(1) 10:3 | | sir(1) 27:2 | |
| paid(1) 19:7 | | 8:2 8:16 9:11 9:15 9:23 11:8 19:7 19:10 | | revised(1) 15:15 | | sitting(1) 19:8 | |
| paragraph(1) 7:25 | | 19:11 | | right(19) 10:14 12:5 12:10 14:3 18:3 18:6 | | sixth(1) 19:11 | |
| pardon(1) 26:22 | | purchased(1) 19:17 | | 18:13 19:14 19:15 20:7 20:16 20:19 20:24 | | skip(1) 9:1 | |
| park(1) 3:6 | | purchaser(6) 8:9 9:25 10:3 19:8 19:15 | | 21:15 25:4 28:15 29:25 30:4 30:15 | | small(1) 17:16 | |
| part(1) 10:20 | | 19:21 | | | | sold(1) 4:24 | |
| participated(2) 6:6 6:21 | | | | rights(4) 19:6 19:13 19:16 19:21 | | solicit(1) 5:10 | |
| participation(1) 7:3 | | purchasers(1) 6:16 | | ripe(1) 22:7 | | some(11) 5:2 5:15 8:8 9:2 11:22 18:9 | |
| parties(15) 5:11 5:12 6:16 9:6 12:15 | | pursuant(2) 15:24 20:15 | | rise(1) 4:2 | | 19:23 24:8 24:16 25:12 29:12 | |
| 12:16 18:22 19:20 19:22 21:5 22:4 22:10 | | pursue(1) 13:7 | | risk(2) 6:1 23:14 | | | |
| 25:20 27:23 28:24 | | put(4) 16:13 25:8 26:15 28:25 | | robert(2) 2:33 3:26 | | somebody(1) 30:5 | |
| | | | | roger(1) 3:24 | | someone(1) 24:7 | |
| parts(1) 30:13 | | question(3) 13:21 21:3 21:14 | | rome(1) 2:4 | | something(5) 24:19 26:6 27:2 29:7 30:17 | |
| party(2) 25:25 30:20 | | questions(4) 9:1 10:12 17:20 20:9 | | room(1) 9:25 | | sometimes(1) 13:4 | |
| patrick(2) 1:26 18:7 | | quick(1) 14:12 | | ross(1) 23:1 | | sontchi(1) 1:17 | |
| pause(1) 4:18 | | quickly(1) 28:21 | | route(2) 11:5 11:16 | | soon(1) 30:17 | |
| pay(1) 23:15 | | quite(1) 11:23 | | rule(1) 18:23 | | sorry(2) 17:25 25:2 | |
| pending(2) 10:7 19:9 | | raised(1) 22:21 | | ruled(1) 28:18 | | sort(2) 29:4 29:9 | |
| pennsylvania(1) 1:36 | | range(1) 11:15 | | ruling(5) 18:23 21:24 22:2 28:4 28:5 | | sound(3) 1:40 7:7 31:3 | |
| people(3) 10:25 13:11 13:15 | | rather(1) 23:19 | | | | south(1) 3:12 | |
| per(1) 18:19 | | reach(2) 12:18 26:2 | | sale(22) 4:12 5:19 6:8 6:8 6:9 6:13 6:14 | | speaking(1) 23:10 | |
| percentage(1) 9:15 | | reached(1) 16:14 | | 6:16 6:23 7:4 7:5 7:5 7:19 7:23 8:18 | | specific(1) 25:23 | |
| performing(1) 8:22 | | read(2) 29:1 29:1 | | 10:19 12:3 12:8 19:4 19:12 19:20 21:9 | | spoken(1) 16:16 | |
| person(1) 25:25 | | real(1) 11:23 | | | | stand(2) 20:7 25:21 | |
| personal(1) 14:16 | | realize(1) 11:6 | | sales(1) 6:6 | | stands(1) 20:22 | |
| perspective(1) 20:2 | | really(8) 4:23 10:21 11:23 14:9 21:13 | | same(2) 15:14 20:2 | | stargatt(1) 1:22 14:21 | |
| phone(1) 13:18 | | 22:8 24:4 25:19 | | say(6) 6:24 9:5 13:5 13:16 27:3 27:7 | | states(2) 1:1 1:18 | |
| pia(1) 8:18 | | | | says(1) 13:17 | | stay(1) 12:13 | |
| pile(1) 4:23 | | reason(1) 22:1 | | | | stepped(1) 11:3 | |
| pleadings(1) 25:14 | | reasonable(3) 6:23 7:10 12:2 | | schnitzer(1) 3:20 | | steven(2) 3:5 22:15 | |
| please(3) 4:3 4:5 18:2 | | reasserted(1) 16:7 | | scholer(1) 3:32 | | still(1) 22:18 | |
| podium(3) 14:7 17:23 20:8 | | recall(1) 8:21 | | schuylkill(1) 1:35 | | straight(1) 9:12 | |
| point(8) 11:13 19:15 21:23 22:22 24:8 | | received(5) 5:11 5:13 6:19 15:25 17:15 | | sean(2) 1:24 4:5 | | straightforward(2) 10:9 24:21 | |
| 25:18 25:22 26:2 | | record(13) 14:20 17:7 18:8 18:20 20:20 | | seated(1) 4:3 | | streams(1) 22:6 | |
| | | 20:22 20:23 21:22 22:12 22:15 25:11 26:3 | | second(6) 4:12 4:13 4:16 6:12 7:4 21:13 | | street(7) 1:10 1:28 1:35 2:6 2:19 2:27 | |
| pointed(1) 21:8 | | 30:8 | | secondly(1) 23:21 | | stripped(1) 5:3 | |
| points(3) 4:17 9:13 26:6 | | | | section(8) 9:10 9:16 9:18 9:19 10:1 10:6 | | structured(5) 2:39 3:4 18:21 22:4 22:16 | |
| pool(1) 8:22 | | recorded(1) 1:40 | | 15:24 23:5 | | subject(1) 22:23 | |
| position(2) 20:2 27:18 | | recording(2) 1:40 31:3 | | | | submit(3) 8:8 10:25 24:18 | |
| possible(3) 8:5 16:14 28:21 | | records(1) 15:6 | | see(8) 8:3 12:21 13:3 19:23 23:2 26:18 | | submitted(5) 5:8 5:9 8:18 18:20 18:21 | |
| possibly(2) 5:1 12:25 | | reduced(1) 17:18 | | 30:13 30:16 | | subsequently(1) 23:14 | |
| potential(2) 6:15 10:20 | | reducing(1) 17:17 | | | | substantially(2) 8:1 12:1 | |
| potter(1) 2:17 | | refer(2) 25:12 25:13 | | seeing(1) 14:9 | | successful(3) 8:21 12:17 | |
| power(4) 2:12 10:15 10:16 10:17 | | regarding(3) 16:12 17:19 25:18 | | seek(1) 18:23 | | successfully(1) 11:12 | |
| ppearances(3) 1:20 2:1 3:1 | | relate(2) 8:25 9:2 | | seeking(1) 24:9 | | such(1) 22:4 | |
| prepared(1) 15:9 | | related(1) 6:25 | | seems(1) 24:4 | | sufficient(2) 22:8 22:12 | |
| presents(1) 23:5 | | relates(2) 9:19 10:6 | | seen(1) 8:6 | | sufficiently(1) 13:6 28:17 | |
| president(1) 6:1 | | relating(1) 27:25 | | sell(1) 5:7 | | suggesting(1) 20:12 | |
| pretty(1) 23:23 | | remaining(1) 20:18 | | selling(1) 4:17 | | suite(3) 2:7 2:28 2:35 | |
| prevail(1) 26:1 | | remand(2) 18:20 19:22 | | send(1) 30:5 | | support(2) 5:19 26:9 | |
| prevailed(2) 24:7 27:19 | | remands(1) 18:11 | | senior(1) 6:1 | | supports(1) 12:3 | |
| previously(1) 14:24 | | remember(1) 25:11 | | sense(1) 27:7 | | suppose(1) 22:24 | |
| price(9) 5:5 5:7 5:16 9:11 9:15 11:8 | | reopen(3) 19:23 20:20 20:23 | | sent(3) 8:7 25:1 25:5 | | sure(4) 11:21 13:1 18:11 26:20 | |
| 11:13 12:1 19:7 | | rep(1) 10:6 | | separate(1) 30:10 | | sustain(2) 15:11 17:10 | |
| | | reply(1) 24:21 | | service(3) 1:34 1:41 11:20 | | tabs(1) 25:9 | |
| primarily(1) 5:4 | | representation(1) 10:11 | | servicer(2) 8:10 9:7 | | take(7) 9:7 18:9 20:10 23:14 26:5 26:5 | |
| principle(1) 4:15 | | represented(1) 16:16 | | servicers(2) 8:5 8:6 | | 30:12 | |
| principles(2) 22:10 | | represents(1) 7:8 | | services(1) 1:34 | | | |
| prior(2) 8:20 20:3 | | request(1) 29:11 | | servicing(7) 8:25 19:4 19:6 19:8 19:13 | | taken(1) 21:24 | |
| probably(1) 10:5 | | requested(1) 30:7 | | 19:16 19:21 | | takes(1) 11:22 | |
| problem(1) 18:17 | | required(1) 28:24 | | | | taking(1) 23:11 | |
| procedures(6) 4:23 6:8 6:9 6:14 6:14 8:19 | | requirement(1) 9:20 | | set(2) 4:8 29:7 | | talk(1) 8:12 | |
| proceed(3) 5:24 20:10 25:21 | | reserve(1) 28:5 | | settlement(3) 12:17 12:18 19:24 | | talked(1) 11:1 | |
| proceedings(4) 1:16 1:40 24:8 31:4 | | resolution(2) 19:9 26:18 | | several(3) 14:24 24:25 25:4 | | talking(3) 22:22 23:6 23:6 | |
| process(5) 5:2 5:3 6:23 7:4 10:21 | | resolve(1) 19:19 | | she(1) 13:16 | | taylor(2) 1:23 14:21 | |
| proctor(1) 3:28 | | respect(12) 4:10 4:15 6:12 8:22 15:11 | | sheet(1) 12:21 | | teed(1) 23:23 | |
| produced(1) 1:41 | | 19:13 22:20 22:22 23:21 24:1 27:19 27:23 | | shock(1) 4:19 | | telephone(1) 13:5 | |
| products(3) 2:39 3:4 22:16 | | | | short(3) 24:15 24:16 24:19 | | telephonic(1) 3:17 | |
| proffer(3) 5:20 5:20 7:13 | | respectfully(1) 22:21 | | shorter(2) 23:5 23:18 | | telephonically(4) 12:22 12:22 12:23 13:16 | |
| promise(1) 28:20 | | response(5) 5:23 7:16 16:23 17:15 30:21 | | should(5) 15:7 17:24 20:9 20:23 21:1 | | terms(6) 4:24 5:14 6:13 7:5 20:3 29:10 | |
| proof(1) 16:2 | | responses(7) 15:25 16:6 16:7 16:11 17:3 | | show(1) 29:21 | | testify(7) 5:25 6:7 6:11 6:15 6:18 6:21 7:2 | |
| proofs(1) 16:1 | | 17:9 17:14 | | side(1) 20:4 | | testimony(1) 5:21 | |
| propose(3) 16:17 20:19 26:4 | | | | sides(1) 18:24 | | than(6) 6:18 11:7 13:15 13:19 18:10 23:19 | |
| proposition(1) 26:9 | | responsible(1) 18:14 | | sign(2) 12:10 17:24 | | | |
| propriety(1) 19:20 | | responsive(1) 30:13 | | signed(3) 4:10 5:11 9:8 | | | |
| | | | | significantly(2) 11:8 23:18 | | | |

| Word | Page:Line |
|------|-----------|
| **thank**(11) | 7:22 12:5 14:6 15:19 17:5 17:11 17:22 18:4 18:15 30:18 30:23 |
| **thanks**(1) | 29:14 |
| **that**(139) | 4:13 4:19 4:25 5:6 5:16 5:25 6:3 6:7 6:11 6:15 6:18 6:21 6:23 6:24 7:2 7:11 7:13 8:3 8:13 8:18 8:19 8:24 9:2 10:1 10:2 10:7 10:10 10:11 10:18 11:10 11:14 11:15 11:15 11:16 11:17 12:1 12:7 12:15 12:16 12:18 12:18 13:2 13:5 13:6 13:12 13:17 13:17 13:18 13:23 14:4 14:4 14:17 14:24 15:4 15:7 15:16 15:22 15:22 16:10 16:13 16:16 16:16 16:21 16:21 18:22 18:25 19:5 19:6 19:7 19:18 20:2 20:3 20:6 20:15 20:16 20:17 20:20 21:4 21:8 21:9 21:20 21:23 22:1 22:7 22:17 22:21 22:24 23:4 23:4 23:5 23:7 23:10 23:14 23:16 23:16 23:22 24:1 24:2 24:5 24:5 24:8 24:11 24:11 24:12 24:16 24:19 25:10 25:14 25:19 25:25 26:3 26:4 26:5 26:8 26:9 27:6 27:11 27:13 27:15 27:16 27:18 27:18 28:2 28:7 28:8 28:13 28:13 28:16 29:8 29:9 29:11 30:10 30:13 30:14 30:19 30:19 31:2 |
| **that's**(17) | 9:3 9:13 13:9 13:24 14:1 17:19 18:13 19:8 19:13 19:18 20:6 21:3 21:10 22:25 23:19 24:10 25:20 |
| **the**(301) | 1:1 1:2 1:17 1:27 2:4 2:26 3:23 3:23 4:2 4:3 4:5 4:6 4:7 4:8 4:12 4:12 4:13 4:19 4:20 4:22 4:23 4:23 4:24 5:2 5:3 5:4 5:5 5:6 5:6 5:7 5:14 5:14 5:15 5:16 5:18 5:22 5:24 5:25 6:2 6:5 6:6 6:8 6:9 6:9 6:11 6:12 6:13 6:16 6:18 6:19 6:23 6:25 7:1 7:3 7:4 7:5 7:6 7:6 7:7 7:8 7:8 7:9 7:11 7:14 7:14 7:17 7:17 7:19 7:20 7:22 7:23 7:23 7:24 7:25 8:1 8:2 8:2 8:3 8:4 8:5 8:6 8:6 8:7 8:7 8:9 8:9 8:11 8:11 8:12 8:12 8:13 8:14 8:15 8:16 8:17 8:18 8:18 8:18 8:20 8:21 8:23 9:2 9:2 9:3 9:4 9:4 9:6 9:7 9:9 9:11 9:11 9:13 9:14 9:15 9:16 9:18 9:19 9:21 9:22 9:22 9:23 9:24 9:25 9:25 10:2 10:2 10:3 10:5 10:9 10:13 10:14 10:17 10:18 10:19 10:19 10:21 10:22 10:23 11:1 11:1 11:1 11:4 11:7 11:8 11:9 11:12 11:13 11:13 11:14 11:14 11:17 11:18 11:18 11:19 12:1 12:2 12:3 12:5 12:8 12:9 12:10 12:10 12:12 12:14 12:15 12:16 12:18 12:20 12:25 13:3 13:5 13:8 13:11 13:12 13:15 13:18 13:22 13:22 13:24 13:24 14:2 14:3 14:7 14:8 14:14 14:16 14:20 14:21 14:23 14:25 14:25 15:2 15:3 15:5 15:5 15:7 15:8 15:10 15:11 15:13 15:14 15:19 15:19 15:20 15:21 15:23 15:25 15:25 16:2 16:3 16:5 16:5 16:7 16:7 16:8 16:9 16:9 16:10 16:12 16:12 16:13 16:14 16:15 16:15 16:17 16:17 16:18 16:22 16:25 16:25 17:1 17:1 17:3 17:3 17:5 17:7 17:7 17:9 17:9 17:10 17:10 17:12 17:13 17:16 17:19 17:21 17:23 17:24 17:24 18:1 18:3 18:5 18:7 18:8 18:9 18:12 18:14 18:20 18:22 18:24 19:3 19:4 19:6 19:7 19:8 19:8 19:9 19:9 19:10 19:11 19:12 19:12 19:15 19:15 19:15 19:19 19:19 19:20 19:20 19:20 19:21 19:22 19:22 19:25 19:25 20:1 20:2 20:2 20:3 20:6 |
| **the**(145) | 20:8 20:11 20:12 20:13 20:13 20:17 20:18 20:19 20:20 20:22 20:23 20:24 21:1 21:1 21:4 21:7 21:7 21:8 21:9 21:11 21:11 21:13 21:15 21:16 21:19 21:20 21:21 21:22 21:23 21:24 22:1 22:1 22:2 22:2 22:2 22:7 22:9 22:9 22:9 22:10 22:10 22:10 22:15 22:18 22:20 22:25 23:1 23:2 23:7 23:10 23:12 23:24 23:24 23:25 24:1 24:5 24:5 24:8 24:8 24:9 24:10 24:12 24:12 24:20 24:20 24:23 24:25 24:25 25:1 25:4 25:4 25:5 25:6 25:10 25:14 25:16 25:18 25:20 25:22 25:23 26:2 26:4 26:5 26:7 26:10 26:11 26:15 26:16 26:20 26:22 26:24 26:25 27:1 27:5 27:12 27:15 27:17 27:18 27:21 27:25 28:2 28:4 28:4 28:8 28:9 28:11 28:15 28:18 28:20 28:22 28:2 29:1 29:1 29:4 29:7 29:8 29:9 29:10 29:13 29:15 29:19 29:21 29:23 29:25 29:25 30:4 30:8 30:9 30:11 30:14 30:15 30:20 30:22 30:22 30:24 31:2 31:3 31:3 31:4 |
| **their**(7) | 5:7 16:2 16:8 16:12 16:15 16:17 27:7 |
| **them**(9) | 5:1 8:7 10:20 11:21 13:13 16:3 23:2 24:9 25:15 |
| **then**(5) | 5:16 11:3 21:18 22:24 23:12 |
| **there**(20) | 4:14 8:19 9:10 10:10 10:25 12:12 13:10 16:20 17:14 19:24 21:4 22:6 24:2 25:5 25:6 25:24 26:22 27:1 29:15 29:16 |
| **there's**(9) | 18:10 19:6 21:16 21:18 22:8 22:12 26:1 27:16 27:24 |
| **thereabouts**(1) | 26:7 |
| **therefore**(2) | 24:11 27:20 |
| **these**(21) | 4:12 4:15 4:16 4:17 4:23 5:6 5:7 11:5 11:22 13:21 14:9 16:3 16:6 16:6 16:14 16:14 19:13 19:16 21:5 25:9 |
| **they**(14) | 8:7 8:23 11:8 12:16 12:18 15:6 15:7 16:8 16:16 23:14 24:7 25:21 27:18 28:24 |
| **they're**(3) | 4:24 12:24 12:24 |
| **they've**(2) | 5:1 24:1 |
| **thing**(1) | 18:10 |
| **think**(28) | 9:21 18:9 19:10 20:17 20:22 21:20 21:20 22:7 22:12 23:4 23:16 23:22 23:22 24:2 24:11 24:13 24:14 24:17 25:15 25:23 27:4 27:15 27:16 27:23 27:25 28:11 28:23 29:20 |
| **third**(3) | 24:5 24:10 26:1 |
| **this**(38) | 5:19 8:17 9:19 10:7 10:8 11:18 11:24 12:1 12:12 13:5 13:6 13:10 13:11 14:23 15:4 15:12 17:12 17:14 19:2 19:4 19:9 20:3 21:23 22:18 22:23 23:4 23:13 23:17 25:13 25:19 25:21 26:2 26:5 26:14 26:19 27:14 28:3 29:1 |
| **those**(14) | 4:10 4:20 5:12 7:21 8:25 9:1 9:1 9:23 10:2 10:4 11:25 12:2 19:21 20:10 |
| **thought**(1) | 10:25 |
| **thousand**(1) | 4:16 |
| **three**(1) | 12:21 |
| **threshold**(7) | 18:24 21:16 21:21 22:7 22:11 24:4 25:19 |
| **through**(7) | 4:7 4:8 5:2 7:21 10:23 16:6 30:12 |
| **thus**(1) | 21:5 |
| **time**(8) | 8:18 11:22 13:22 15:14 18:18 20:1 21:8 23:1 |
| **timeframe**(1) | 28:16 |
| **timeline**(4) | 19:18 22:20 23:5 23:17 |
| **tired**(1) | 14:9 |
| **today**(6) | 5:17 5:19 8:12 15:16 27:10 27:11 |
| **today's**(2) | 14:12 30:19 |
| **took**(1) | 27:18 |
| **total**(1) | 5:5 |
| **traci**(1) | 31:8 |
| **track**(1) | 26:14 |
| **transcriber**(1) | 31:9 |
| **transcript**(4) | 1:16 1:41 28:22 31:3 |
| **transcription**(2) | 1:34 1:41 |
| **transferred**(1) | 20:15 |
| **transferring**(1) | 19:21 |
| **traurig**(1) | 2:24 |
| **treat**(1) | 19:16 |
| **tried**(1) | 10:8 |
| **try**(3) | 11:21 25:7 26:17 |
| **trying**(3) | 11:5 19:19 26:14 |
| **turn**(2) | 23:10 28:8 |
| **tweed**(2) | 3:10 3:36 |
| **twenty-second**(1) | 15:23 |
| **twenty-third**(2) | 17:13 17:19 |
| **two**(4) | 8:23 16:18 16:20 16:21 |
| **type**(1) | 1:17 |
| **u.s**(1) | 2:32 |
| **ultimate**(1) | 11:8 |
| **ultimately**(2) | 5:12 5:16 |
| **um-hum**(1) | 15:2 |
| **under**(11) | 7:5 7:9 9:23 12:2 12:2 19:15 19:19 20:14 23:4 23:5 25:17 |
| **underscores**(1) | 25:19 |
| **understand**(6) | 4:9 16:9 24:3 26:16 27:7 27:15 |
| **understands**(1) | 10:23 |
| **understood**(2) | 13:9 13:20 |
| **unfortunately**(4) | 5:13 11:2 14:1 16:9 |
| **united**(2) | 1:1 1:18 |
| **unless**(4) | 8:25 10:12 13:3 17:20 |
| **unpaid**(1) | 4:14 |
| **unsecured**(3) | 2:5 3:20 5:4 |
| **until**(6) | 11:12 11:17 19:14 21:8 22:5 22:5 |
| **upb**(2) | 5:5 9:15 |
| **using**(1) | 9:14 |
| **value**(3) | 7:8 7:11 11:6 |
| **vantium**(11) | 4:18 5:4 5:8 5:13 6:22 6:24 7:5 7:12 8:4 8:21 11:7 |
| **vantium's**(1) | 6:22 |
| **version**(2) | 8:7 12:8 |
| **very**(9) | 10:19 11:3 11:3 15:17 18:15 24:5 24:10 24:17 30:23 |
| **vice**(1) | 6:1 |
| **victoria**(1) | 2:25 |
| **video**(1) | 12:25 |
| **view**(1) | 11:25 |
| **vollo**(1) | 5:18 5:25 6:7 6:10 6:21 7:2 |
| **vollo's**(1) | 7:13 |
| **wait**(2) | 23:1 28:11 |
| **want**(7) | 16:10 24:6 24:6 25:7 27:25 28:24 30:6 |
| **wanted**(2) | 8:23 27:3 |
| **wants**(1) | 23:8 |
| **warranty**(1) | 10:6 |
| **was**(26) | 4:14 6:23 7:12 8:17 8:18 8:21 10:23 11:7 11:9 11:15 11:15 11:25 12:1 12:12 14:23 15:21 19:5 19:7 19:10 21:19 22:1 22:1 26:2 27:18 27:22 30:24 |
| **wasn't**(4) | 11:15 13:10 13:21 19:25 |
| **way**(5) | 11:6 18:22 28:8 28:18 29:1 |
| **ways**(1) | 8:24 |
| **we'd**(1) | 12:7 |
| **we'll**(1) | 4:8 8:12 10:3 15:14 29:7 |
| **we're**(14) | 4:17 5:16 13:23 19:18 20:2 22:17 22:18 22:22 23:6 24:17 24:18 26:13 26:17 27:14 |
| **we've**(3) | 10:7 17:17 18:19 |
| **wed**(1) | 4:1 |
| **weeks**(1) | 26:12 |
| **welcome**(1) | 18:5 |
| **well**(17) | 12:14 12:22 13:11 14:3 16:25 18:20 20:11 21:7 23:23 27:21 28:4 28:15 28:23 30:4 30:11 30:15 30:16 |
| **went**(1) | 10:23 |
| **were**(21) | 4:7 6:16 6:19 8:19 8:20 8:20 9:21 10:20 10:21 10:25 13:10 17:14 18:13 18:14 20:2 23:3 23:13 23:16 24:13 25:18 29:17 |
| **west**(1) | 1:28 |
| **what**(10) | 10:23 18:22 18:23 18:23 20:4 21:19 22:25 23:8 30:2 30:5 |
| **what's**(1) | 19:2 |
| **when**(2) | 10:2 26:24 |
| **where**(5) | 11:13 16:13 20:7 25:20 29:4 |
| **whereupon**(1) | 30:24 |
| **whether**(9) | 13:21 19:16 20:13 21:17 21:21 22:11 22:23 28:2 28:5 |
| **which**(20) | 4:9 4:11 4:11 4:25 5:3 8:8 8:20 9:12 11:22 16:5 16:24 19:12 19:14 21:18 21:24 23:1 23:8 23:24 25:9 30:8 |
| **whichever**(1) | 30:7 |
| **while**(3) | 4:19 5:4 11:21 |
| **whitney**(1) | 2:32 |
| **who**(1) | 16:1 |
| **who's**(1) | 13:7 |
| **whoever**(1) | 13:7 |
| **whole**(1) | 11:4 |
| **why**(1) | 28:18 |
| **wilamowsky**(28) | 3:5 18:20 20:7 22:13 22:14 22:15 23:25 24:22 24:24 25:2 25:6 26:22 27:2 27:4 27:9 27:13 27:22 28:7 28:10 28:13 28:19 29:3 29:6 29:8 29:14 29:17 29:20 29:24 |
| **will**(10) | 8:3 10:10 13:2 13:5 17:7 17:22 23:17 23:18 26:20 28:17 |
| **willing**(1) | 20:10 |
| **wilmington**(8) | 1:11 1:29 2:8 2:21 2:29 2:36 2:43 4:1 |
| **wilson**(1) | 16:23 |
| **win**(1) | 23:13 |
| **winfree**(2) | 2:40 |
| **winning**(1) | 6:19 |
| **wish**(2) | 7:14 10:14 |
| **with**(47) | 4:10 4:15 5:5 6:2 6:8 6:10 6:12 6:13 6:22 6:22 6:24 7:12 8:16 8:20 8:22 8:24 10:19 11:5 11:10 12:7 14:17 14:24 15:6 15:11 15:20 16:16 16:16 19:2 19:13 19:18 20:6 20:13 21:24 22:20 22:21 23:21 24:1 24:15 24:15 24:19 25:21 26:7 27:10 27:19 27:23 29:19 30:18 |
| **within**(2) | 9:5 11:15 |
| **without**(1) | 16:1 |
| **witness**(3) | 5:19 7:15 13:3 |
| **witnesses**(4) | 12:21 12:23 12:24 13:10 |
| **won't**(1) | 29:23 |
| **words**(1) | 28:1 |
| **work**(4) | 5:14 10:19 14:4 28:21 |
| **working**(1) | 19:18 |
| **worry**(1) | 14:15 |
| **worth**(2) | 11:17 30:2 |

| Word | Page:Line |
|---|---|

**would**(30) 5:25  6:7  6:11  6:15  6:18  6:21
6:24  7:2  7:13  7:24  8:8  8:8  11:16  20:8
20:17  20:21  23:6  23:14  25:22  26:3  27:24
27:25  28:3  28:7  28:13  29:5  29:9  29:11
29:20  30:6

**wouldn't**(1) 18:12
**writing**(1) 9:6
**www.diazdata.com**(1) 1:38
**yeah**(7) 13:14  15:10  18:17  27:1  27:2
28:10  29:19

**year**(1) 19:5
**years**(1) 6:4
**yes**(8) 7:22  13:17  15:13  15:19  17:5  18:5
25:6  27:1

**yet**(1) 8:4
**yield**(1) 7:11
**york**(2) 2:14  3:7
**you**(67) 4:22  5:24  7:22  8:3  8:21  11:15
11:21  11:23  12:5  13:16  13:18  13:18  14:3
14:4  14:6  14:8  14:9  15:19  17:5  17:11
17:22  18:1  18:4  18:10  18:13  18:14  18:15
19:1  19:22  20:19  21:22  21:25  22:3  22:3
22:5  22:8  24:2  24:6  24:6  24:20  24:25
25:1  25:5  25:7  25:8  25:11  25:14  26:4
26:11  26:14  26:20  27:2  27:2  27:7  27:7
28:18  29:5  29:10  29:23  30:6  30:6  30:7
30:7  30:13  30:17  30:18  30:23

**you'll**(1) 30:14
**you're**(6) 18:5  20:11  20:12  24:8  26:11
28:15

**young**(4) 1:22  4:5  14:20  18:7
**your**(62) 4:4  4:7  4:9  4:11  4:12  4:16  4:19
4:22  5:18  7:18  7:19  7:23  8:8  8:17  9:1
10:5  10:12  10:16  10:18  10:22  12:3  12:7
12:8  12:11  13:9  13:20  14:6  14:6  14:12
14:17  15:9  17:11  17:20  17:22  18:4  18:6
18:18  18:19  19:24  20:9  21:4  21:14  22:14
22:20  23:3  23:16  23:21  25:2  25:7  25:8
25:9  25:11  25:17  26:4  26:13  26:22  28:14
29:9  29:11  29:18  30:2  30:18