**Exhibit A**

Purchase Agreement
& Counteroffer

PAGE. 01

## COUNTER OFFER No. 01
For Use by Seller or Buyer, May be used for Multiple Counter Offer.
(C.A.R. Form CO, Revised 10/04)

Date May 18, 2005, at Templeton, California.
This is a counter offer to the: [X] California Residential Purchase Agreement, [ ] Counter Offer, or [ ] Other
dated May 17, 2005, on property known as 1880 Parm Rock Way Lo. 895 ("Property"),
between Deborah Mills ("Buyer"),
and Hilliard Development LLC ("Seller").

1. **TERMS:** The terms and conditions of the above referenced document are accepted subject to the following:
   A. Paragraphs in the Offer that require initials by all parties, but are not initialed by all parties, are excluded from the final agreement unless specifically referenced for inclusion in paragraph 1C of this or another Counter Offer.
   B. Unless otherwise agreed in writing, down payment and loan amount(s) will be adjusted in the same proportion as in the original Offer.
   C. 1. Purchase price to be $ 1,375,000.00.

      2. Seller to provide $ 25,000.00 in upgrades ie; extra concrete flat work, landscaping, etc.

      3. Seller to agree to pay Buyers non recurring closing cost not to exceed $ 2,500.00

   D. The following attached supplements are incorporated in this Counter Offer [ ] Addendum No. ____

2. **RIGHT TO ACCEPT OTHER OFFERS:** Seller has the right to continue to offer the Property for sale or for other transaction, and to accept any other offer at any time prior to notification of acceptance, as described in paragraph 3. If this is a Seller Counter Offer, Seller's acceptance of another offer prior to Buyer's acceptance and communication of notification of this Counter Offer, shall revoke this Counter Offer.

3. **EXPIRATION:** This Counter Offer shall be deemed revoked and the deposits, if any, shall be returned unless this Counter Offer is signed by the Buyer or Seller to whom it is sent and a Copy of the signed Counter Offer is personally received by the person making this Counter Offer or who is authorized to receive it, by 5:00 PM on the third Day after this Counter Offer is made or, (if checked) by [X]  May 19, 2005 (date), at  05:00pm  [ ] AM [X] PM. This Counter Offer may be executed in counterparts.

4. [ ] (If checked) MULTIPLE COUNTER OFFER: Acceptance of this Counter Offer by Buyer shall not be binding unless and until it is subsequently re-Signed by Seller in paragraph 7 below and a Copy of the Counter Offer signed in paragraph 7 is personally received by Buyer or by _____, who is authorized to receive it, by 5:00PM on the third Day After this Counter Offer is made or, (if checked) by _____ (date), at _____ [ ] AM [ ] PM. Prior to the completion of all of these events, Buyer and Seller shall have no duties or obligations for the purchase or sale of the Property.

5. **OFFER:** [ ] BUYER OR [X] SELLER MAKES THIS COUNTER OFFER ON THE TERMS ABOVE AND ACKNOWLEDGES RECEIPT OF A COPY.
   _____ Date May 18, 2005
   Hilliard Development LLC _____ Date _____

6. **ACCEPTANCE:** I/WE accept the above Counter Offer (if checked [ ] SUBJECT TO THE ATTACHED COUNTER OFFER) and acknowledge receipt of a Copy.
   _____ Date 5-19-05 Time 4:00 [ ] AM [X] PM
   Deborah Mills _____ Date 5-19-05 Time 15 [ ] AM [X] PM

7. **MULTIPLE COUNTER OFFER SIGNATURE LINE:** By signing below, Seller accepts this Multiple Counter Offer.
   NOTE TO SELLER: Do NOT sign in this box until after Buyer signs in paragraph 6. (Paragraph 7 applies only if paragraph 4 is checked.)
   _____ Date _____ Time _____ [ ] AM [ ] PM
   _____ Date _____ Time _____ [ ] AM [ ] PM

8. ( ____ )( ____ ) (initials) Confirmation of Acceptance: A Copy of Signed Acceptance was personally received by the maker of the Counter Offer, or that person's authorized agent as specified in paragraph 3 (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent as specified in paragraph 4) on (date) _____, at _____ [ ] AM [X] PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by the maker of the Counter Offer, or that person's authorized agent (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent) whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1998-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

CO REVISED 10/04 (PAGE 1 OF 1)

**COUNTER OFFER (CO PAGE 1 OF 1)**

Agent: David Crabtree    Phone: 805 434-0700    Fax: 805 434-8748    Prepared using WINForms® software
Broker: Home and Ranch Realtors    412 Main Street    Templeton CA 93465

Received Time May.19. 11:45AM

PAGE.02

JUL 07 2005 14:17



CALIFORNIA
ASSOCIATION
OF REALTORS®

**CALIFORNIA**
**RESIDENTIAL PURCHASE AGREEMENT**
**AND JOINT ESCROW INSTRUCTIONS**
For Use With Single Family Residential Property – Attached or Detached
(C.A.R. Form RPA-CA, Revised 10/02)

Date _May 17, 2005_ , at _Paso Robles_ , California.
1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _Deborah Mills_ ("Buyer").
   B. **THE REAL PROPERTY TO BE ACQUIRED** is described as _1800 Burnt Rock Way, Templeton CA 93465_ , situated in
      _Templeton_ , Assessor's Parcel No. _____ , County of _____ , California, ("Property").
   C. **THE PURCHASE PRICE** offered is _One Million Three Hundred Thousand_
      _____ Dollars $ _1,300,000.00_ (date) (or ☒ _45_ Days After Acceptance).
   D. **CLOSE OF ESCROW** shall occur on _____ (date) (or ☒ _45_ Days After Acceptance).
2. **FINANCE TERMS:** Obtaining the loans below is a contingency of this Agreement unless: (i) either 2K or 2L is checked below; or (ii) otherwise agreed in writing. Buyer shall act diligently and in good faith to obtain the designated loans. Obtaining deposit, down payment and closing costs is not a contingency. Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Buyer has given a deposit in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _5,000.00_
      to the agent submitting the offer (or ☐ _____ ), by personal check
      (or ☐ _____ ), made payable to _Sellers choice_
      which shall be held uncashed until Acceptance and then deposited within 3 business days after Acceptance
      (or ☐ _____ ), with
      Escrow Holder, (or ☐ into Broker's trust account). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of . . . . . $ _1,040,000.00_
      within _____ Days After Acceptance, or ☐ _____
   C. **FIRST LOAN IN THE AMOUNT OF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
      (1) **NEW First Deed of Trust** in favor of lender, encumbering the Property, securing a note payable at maximum
          interest of _7.000_ % fixed rate, or _____ % initial adjustable rate with a maximum interest rate
          of _____ %, balance due in _____ years, amortized over _30_ years. Buyer shall
          pay loan fees/points not to exceed _____ . (These terms apply whether the designated loan
          is conventional, FHA or VA.)
      (2) ☐ FHA ☐ VA: (The following terms only apply to the FHA or VA loan if checked.)
          Seller shall pay _____ % discount points. Seller shall pay other fees not allowed to be paid by Buyer,
          ☐ not to exceed $ _____ . Seller shall pay the cost of lender required Repairs (including
          those for wood destroying pest) not otherwise provided for in this Agreement, ☐ not to exceed
          $ _____ . (Actual loan amount may increase if mortgage insurance premiums, funding
          fees or closing costs are financed.)
   D. **ADDITIONAL FINANCING TERMS:** ☐ Seller financing, (C.A.R. Form SFA); ☐ secondary financing, . . . . . . . $
      (C.A.R. Form PAA, paragraph 4A); ☐ assumed financing (C.A.R. Form PAA, paragraph 4B)
   E. **BALANCE OF PURCHASE PRICE** (not including costs of obtaining loans and other closing costs) in the amount of . . $ _255,000.00_
      to be deposited with Escrow Holder within sufficient time to close escrow.
   F. **PURCHASE PRICE (TOTAL):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _1,300,000.00_
   G. **LOAN APPLICATIONS:** Within 7 (or ☐ _____ ) Days After Acceptance, Buyer shall provide Seller a letter from lender or mortgage loan
      broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for the NEW loan
      specified in 2C above.
   H. **VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to 2G) shall, within
      7 (or ☐ _____ ) Days After Acceptance, provide Seller written verification of Buyer's down payment and closing costs.
   I. **LOAN CONTINGENCY REMOVAL:** (i) Within 17 (or ☐ _21_ ) Days After Acceptance, Buyer shall, as specified in paragraph 14, remove
      the loan contingency or cancel this Agreement; OR (ii) (if checked) ☐ the loan contingency shall remain in effect until the designated loans are
      funded.
   J. **APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (OR, if checked, ☐ is NOT) contingent upon the Property appraising at no
      less than the specified purchase price. If there is a loan contingency, at the time the loan contingency is removed (or, if checked, ☐ within 17 (or
      ☒ _21_ ) Days After Acceptance), Buyer shall, as specified in paragraph 14B(3), remove the appraisal contingency or cancel this Agreement.
      If there is no loan contingency, Buyer shall, as specified in paragraph 14B(3), remove the appraisal contingency within 17 (or _____ ) Days
      After Acceptance.
   K. ☐ **NO LOAN CONTINGENCY** (if checked): Obtaining any loan in paragraphs 2C, 2D or elsewhere in this Agreement is NOT a contingency of this
      Agreement. If Buyer does not obtain the loan and as a result Buyer does not purchase the Property, Seller may be entitled to Buyer's deposit or
      other legal remedies.
   L. ☐ **ALL CASH OFFER** (if checked): No loan is needed to purchase the Property. Buyer shall, within 7 (or ☐ _____ ) Days After Acceptance,
      provide Seller written verification of sufficient funds to close this transaction.
3. **CLOSING AND OCCUPANCY:**
   A. Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.
   B. Seller-occupied or vacant property: Occupancy shall be delivered to Buyer at _1:00_ ☐ AM ☒ PM, ☒ on the date of Close Of Escrow;
      ☐ on _____ ; or ☐ no later than _____ Days After Close Of Escrow. (C.A.R. Form PAA, paragraph 2.) If transfer of title and
      occupancy do not occur at the same time, Buyer and Seller are advised to: (i) enter into a written occupancy agreement; and (ii) consult with their
      insurance and legal advisors.

|  |  |
|---|---|
| The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED. | Buyer's Initials ( _MM_ )( _____ ) Seller's Initials ( _____ )( _____ ) |
| RPA-CA REVISED 10/02 (PAGE 1 OF 8) | Reviewed by _____ Date _____ |

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 1 OF 8)**

Agent: Ken Coffey          Phone: 8052374700          Fax: 8052374711          Prepared using WINForms® software
Broker: Prudential Hallmark 800 11th St, Paso Robles CA 93446

JUL 07 2005 14:17                                                                                          PAGE.03

AHM_MILLS002717

Property Address: 1000 North Rock Way __ __, CA 22222 __ __ __ __ Date: May 27, 2005

C.  Tenant-occupied property: (i) Property shall be vacant at least 5 (or ___) Days Prior to Close Of Escrow, unless otherwise agreed
    in writing. Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may
    be in breach of this Agreement.
OR (ii) (if checked) Tenant to remain in possession. The attached addendum is incorporated into this Agreement (C.A.R. Form PAA,
    paragraph 3.);
OR (iii) (if checked) This Agreement is contingent upon Buyer and Seller entering into a written agreement regarding occupancy of the Property
    within the time specified in paragraph 14B(1). If no written agreement is reached within this time, either Buyer or Seller may cancel this Agreement
    in writing.
D.  At Close Of Escrow, Seller assigns to Buyer any assignable warranty rights for items included in the sale and shall provide any available Copies
    of such warranties. Brokers cannot and will not determine the assignability of any warranties.
E.  At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys and/or means to operate all locks, mailboxes, security systems,
    alarms and garage door openers. If Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a
    deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

4.  ALLOCATION OF COSTS (if checked): Unless otherwise specified here, this paragraph only determines who is to pay for the report, inspection, test
    or service mentioned. If not specified here or elsewhere in this Agreement, the determination of who is to pay for any work recommended or identified
    by any such report, inspection, test or service shall be by the method specified in paragraph 14B(2).
    A.  WOOD DESTROYING PEST INSPECTION:
        (1) ☐ Buyer ☒ Seller shall pay for an inspection and report for wood destroying pests and organisms ("Report") which shall be prepared
            by ___ any qualified IBI Pest Termite is requested) ___, a registered structural pest
            control company. The Report shall cover the accessible areas of the main building and attached structures and, if
            checked:  ☐ detached    garages    and    carports.  ☐ detached decks.  ☐ the  following  other  structures  or  areas
            ___. The Report shall
            not include roof coverings. If Property is a condominium or located in a common interest subdivision, the Report shall include only the
            separate interest and any exclusive-use areas being transferred and shall not include common areas, unless otherwise agreed. Water tests of
            shower pans on upper level units may not be performed without consent of the owners of property below the shower.
        OR (2) ☐ (if checked) The attached addendum (C.A.R. Form WPA) regarding wood destroying pest inspection and allocation of cost is incorporated
            into this Agreement.
    B.  OTHER INSPECTIONS AND REPORTS:
        (1) ☐ Buyer ☐ Seller shall pay to have septic or private sewage disposal systems inspected ___
        (2) ☐ Buyer ☐ Seller shall pay to have domestic wells tested for water potability and productivity ___
        (3) ☐ Buyer ☒ Seller shall pay for a natural hazard zone disclosure report prepared by ___
        (4) ☐ Buyer ☐ Seller shall pay for the following inspection or report ___
        (5) ☐ Buyer ☐ Seller shall pay for the following inspection or report ___
    C.  GOVERNMENT REQUIREMENTS AND RETROFIT:
        (1) ☐ Buyer ☐ Seller shall pay for smoke detector installation and/or water heater bracing, if required by Law. Prior to Close Of Escrow, Seller
            shall provide Buyer a written statement of compliance in accordance with state and local Law, unless exempt.
        (2) ☐ Buyer ☒ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards, inspections and
            reports if required as a condition of closing escrow under any Law.
    D.  ESCROW AND TITLE:
        (1) ☒ Buyer ☐ Seller shall pay escrow fee ___ Each to Pay Own ___
            Escrow Holder shall be ___ Seller's Choice ___
        (2) ☐ Buyer ☒ Seller shall pay for owner's title insurance policy specified in paragraph 12E ___ Seller's Choice ___
            Owner's title policy to be issued by ___ Seller's Choice ___
            (Buyer shall pay for any title insurance policy insuring Buyer's lender, unless otherwise agreed in writing.)
    E.  OTHER COSTS:
        (1) ☐ Buyer ☐ Seller shall pay County transfer tax or transfer fee ___
        (2) ☐ Buyer ☐ Seller shall pay City transfer tax or transfer fee ___
        (3) ☐ Buyer ☐ Seller shall pay HOA transfer fee ___
        (4) ☐ Buyer ☒ Seller shall pay HOA document preparation fees ___
        (5) ☐ Buyer ☐ Seller shall pay the cost, not to exceed $ ___, of a one-year home warranty plan,
            issued by ___
            with the following optional coverage: ___
        (6) ☐ Buyer ☐ Seller shall pay for ___
        (7) ☐ Buyer ☐ Seller shall pay for ___

5.  STATUTORY DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:
    A.  (1) Seller shall, within the time specified in paragraph 14A, deliver to Buyer, if required by Law: (i) Federal Lead-Based Paint Disclosures and
        pamphlet ("Lead Disclosures"); and (ii) disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the California Civil Code
        ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural
        Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or
        assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act and Improvement Bond Act of
        1915) and, if Seller has actual knowledge, an industrial use and military ordnance location disclosure (C.A.R. Form SSD).
        (2) Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory and Lead Disclosures to Seller.
        (3) In the event Seller, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material
        inaccuracy in disclosures, information or representations previously provided to Buyer of which Buyer is otherwise unaware, Seller shall
        promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. However, a subsequent or amended
        disclosure shall not be required for conditions and material inaccuracies disclosed in reports ordered and paid for by Buyer.

Buyer's Initials ( ___ )( ___ )
Seller's Initials ( ___ )( ___ )

Reviewed by ___ Date ___

Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS©, INC.
RPA-CA REVISED 10/02 (PAGE 2 OF 8)

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 2 OF 8)

JUL 07 2025 14:13                                                    PAGE.04

AHM_MILLS002718

Property Address: _1288 Bunce Rock Way_ _____ _Coa CA 91455_ _____ Date: _May 17, 2005_

(4) If any disclosure or notice specified in 5A(1), or subsequent or amended disclosure or notice is delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within 3 Days After delivery in person, or 5 Days After delivery by deposit in the mall, by giving written notice of cancellation to Seller or Seller's agent. (Lead Disclosures sent by mail must be sent certified mail or better.)

(5) Note to Buyer and Seller: Waiver of Statutory and Lead Disclosures is prohibited by Law.

B.  NATURAL AND ENVIRONMENTAL HAZARDS: Within the time specified in paragraph 14A, Seller shall, if required by Law: (i) deliver to Buyer earthquake guides (and questionnaire) and environmental hazards booklet; (ii) even if exempt from the obligation to provide a NHD, disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; Seismic Hazard Zone; and (iii) disclose any other zone as required by Law and provide any other information required for those zones.

C.  DATA BASE DISCLOSURE: NOTICE: The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The data base is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.

6.  CONDOMINIUM/PLANNED UNIT DEVELOPMENT DISCLOSURES:

A.  SELLER HAS: 7 (or [ ]_____ ) Days After Acceptance to disclose to Buyer whether the Property is a condominium, or is located in a planned unit development or other common interest subdivision (C.A.R. Form SSD).

B.  If the Property is a condominium or is located in a planned unit development or other common interest subdivision, Seller has 3 (or [ ]_____ ) Days After Acceptance to request from the HOA (C.A.R. Form HOA): (i) Copies of any documents required by Law; (ii) disclosure of any pending or anticipated claim or litigation by or against the HOA; (iii) a statement containing the location and number of designated parking and storage spaces; (iv) Copies of the most recent 12 months of HOA minutes for regular and special meetings; and (v) the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). Seller shall itemize and deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3).

7.  CONDITIONS AFFECTING PROPERTY:

A.  Unless otherwise agreed: (i) the Property is sold (a) in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; (ii) the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and (iii) all debris and personal property not included in the sale shall be removed by Close Of Escrow.

B.  SELLER SHALL, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, AND MAKE OTHER DISCLOSURES REQUIRED BY LAW (C.A.R. Form SSD).

C.  NOTE TO BUYER: You are strongly advised to conduct investigations of the entire Property in order to determine its present condition since Seller may not be aware of all defects affecting the Property or other factors that you consider important. Property Improvements may not be built according to code, in compliance with current Law, or have had permits issued.

D.  NOTE TO SELLER: Buyer has the right to inspect the Property and, as specified in paragraph 14B, based upon information discovered in those inspections: (i) cancel this Agreement; or (ii) request that you make Repairs or take other action.

8.  ITEMS INCLUDED AND EXCLUDED:

A.  NOTE TO BUYER AND SELLER: Items listed as included or excluded in the MLS, flyers or marketing materials are not included in the purchase price or excluded from the sale unless specified in 8B or C.

B.  ITEMS INCLUDED IN SALE:

(1)  All EXISTING fixtures and fittings that are attached to the Property;

(2)  Existing electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, private integrated telephone systems, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water softeners, water purifiers, security systems/alarms; and

(3)  The following items: _Hotel art work over cook top and candle wall sconce over fire place downstairs_ _____
_____

(4)  Seller represents that all items included in the purchase price, unless otherwise specified, are owned by Seller.

(5)  All items included shall be transferred free of liens and without Seller warranty.

C.  ITEMS EXCLUDED FROM SALE: _____

9.  BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:

A.  Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to, the right to: (i) inspect for lead-based paint and other lead-based paint hazards; (ii) inspect for wood destroying pests and organisms; (iii) review the registered sex offender database; (iv) confirm the insurability of Buyer and the Property; and (v) satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA). Without Seller's prior written consent, Buyer shall neither make nor cause to be made: (i) invasive or destructive Buyer Investigations; or (ii) inspections by any governmental building or zoning inspector or government employee, unless required by Law.

B.  Buyer shall complete Buyer Investigations and, as specified in paragraph 14B, remove the contingency or cancel this Agreement. Buyer shall give Seller, at no cost, complete Copies of all Buyer Investigation reports obtained by Buyer. Seller shall make the Property available for all Buyer Investigations. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.

Buyer's Initials ( _____ )( _____ )
Seller's Initials ( _____ )( _____ )

Reviewed by _____ Date _____

Copyright © 1991-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 10/02 (PAGE 3 OF 8)

CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 3 OF 8)

JUL 07 2005 14:19                                                    PAGE.05

AHM_MILLS002719

Property Address: 1888 Burns Rock Wa. ___ Ion, CA 94165 _____ Date: Nov 17, 2005

10. **REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: (i) obtain receipts for Repairs performed by others; (ii) prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and (iii) provide Copies of receipts and statements to Buyer prior to final verification of condition.

11. **BUYER INDEMNITY AND SELLER PROTECTION FOR ENTRY UPON PROPERTY:** Buyer shall: (i) keep the Property free and clear of liens; (ii) Repair all damages arising from Buyer Investigations; and (iii) indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination of this Agreement.

12. **TITLE AND VESTING:**
   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary (title) report, which is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the preliminary report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B.
   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except: (i) monetary liens of record unless Buyer is assuming these obligations or taking the Property subject to those obligations; and (ii) those matters which Seller has agreed to remove in writing.
   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.
   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. **THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.**
   E. Buyer shall receive a CLTA/ALTA Homeowner's Policy of Title Insurance. A title company, at Buyer's request, can provide information about the availability, desirability, coverage, and cost of various title insurance coverages and endorsements. If Buyer desires title coverage other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and pay any increase in cost.

13. **SALE OF BUYER'S PROPERTY:**
   A. This Agreement is NOT contingent upon the sale of any property owned by Buyer.
   OR B. ☐ (If checked): The attached addendum (C.A.R. Form COP) regarding the contingency for the sale of property owned by Buyer is incorporated into this Agreement.

14. **TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS:** The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph must be in writing (C.A.R. Form CR).
   A. **SELLER HAS: 7** (or _____) Days After Acceptance to deliver to Buyer all reports, disclosures and information for which Seller is responsible under paragraphs 4, 5A and B, 6A, 7B and 12.
   B. (1) **BUYER HAS: 17** (or _____) Days After Acceptance, unless otherwise agreed in writing, to:
      (i) complete all Buyer Investigations; approve all disclosures, reports and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property (including lead-based paint and lead-based paint) hazards as well as other information specified in paragraph 5 and Insurability of Buyer and the Property); and
      (ii) return to Seller Signed Copies of Statutory and Lead Disclosures delivered by Seller in accordance with paragraph 5A.
      (2) Within the time specified in 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to Buyer's requests.
      (3) By the end of the time specified in 14B(1) (or 2I for loan contingency or 2J for appraisal contingency), Buyer shall, in writing, remove the applicable contingency (C.A.R. Form CR) or cancel this Agreement. However, if (i) government-mandated inspections/reports required as a condition of closing; or (ii) Common Interest Disclosures pursuant to paragraph 6B are not made within the time specified in 14A, then Buyer has 5 (or _____) Days After receipt of any such items, or the time specified in 14B(1), whichever is later, to remove the applicable contingency or cancel this Agreement in writing.

   C. **CONTINUATION OF CONTINGENCY OR CONTRACTUAL OBLIGATION; SELLER RIGHT TO CANCEL:**
      (1) **Seller right to Cancel; Buyer Contingencies:** Seller, after first giving Buyer a Notice to Buyer to Perform (as specified below), may cancel this Agreement in writing and authorize return of Buyer's deposit if, by the time specified in this Agreement, Buyer does not remove in writing the applicable contingency or cancel this Agreement. Once all contingencies have been removed, failure of either Buyer or Seller to close escrow on time may be a breach of this Agreement.
      (2) **Continuation of Contingency:** Even after the expiration of the time specified in 14B, Buyer retains the right to make removals to Seller, in writing removal of the applicable contingency or cancel this Agreement until Seller cancels pursuant to 14C(1). Once Seller receives Buyer's written removal of all contingencies, Seller may not cancel this Agreement pursuant to 14C(1).
      (3) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first giving Buyer a Notice to Buyer to Perform (as specified below), may cancel this Agreement in writing and authorize return of Buyer's deposit for any of the following reasons: (i) if Buyer fails to deposit funds as required by 2A or 2B; (ii) if the funds deposited pursuant to 2A or 2B are not good when deposited; (iii) if Buyer fails to provide a letter as required by 2G; (iv) if Buyer fails to provide verification as required by 2H or 2L; (v) if Seller reasonably disapproves of the verification provided by 2H or 2L; (vi) if Buyer fails to return Statutory and Lead Disclosures as required by paragraph 5A(2); or (vii) if Buyer fails to sign or initial a separate liquidated damage form for an increased deposit as required by paragraph 16. Seller is not required to give Buyer a Notice to Perform regarding Close Of Escrow.
      (4) **Notice To Buyer To Perform:** The Notice to Buyer to Perform (C.A.R. Form NBP) shall: (i) be in writing; (ii) be signed by Seller; and (iii) give Buyer at least 24 (or _____) hours (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A Notice to Buyer to Perform may not be given any earlier than 2 Days Prior to the expiration of the applicable time for Buyer to remove a contingency or cancel this Agreement or meet a 14C(3) obligation.

Buyer's Initials ( _CAM_ )( _____ )
Seller's Initials ( _____ )( _H_ )

Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 10/02 (PAGE 4 OF 8)     Reviewed by _____ Date _____

**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 4 OF 8)**

JUL 07 2005 14:20                                                              PAGE.06

Property Address: 1880 Bucat Rock Bay _____ on CA 93455 _____ Date: May 17, 2005

D. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in a separate written agreement between Buyer and Seller, Buyer shall conclusively be deemed to have: (i) completed all Buyer investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; (ii) elected to proceed with the transaction; and (iii) assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for inability to obtain financing.

E. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, Buyer and Seller agree to Sign mutual instructions to cancel the sale and escrow and release deposits to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during the escrow. Release of funds will require mutual Signed release instructions from Buyer and Seller, judicial decision or arbitration award. A party may be subject to a civil penalty of up to $1,000 for refusal to sign such instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).

15. **FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final inspection of the Property within 5 (or _____) Days Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: (i) the Property is maintained pursuant to paragraph 7A; (ii) Repairs have been completed as agreed; and (iii) Seller has complied with Seller's other obligations under this Agreement.

16. **LIQUIDATED DAMAGES:** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award.
BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION FOR ANY INCREASED DEPOSIT. (C.A.R. FORM RID).    Buyer's Initials ____/____    Seller's Initials ____/____

17. **DISPUTE RESOLUTION:**

A. **MEDIATION:** Buyer and Seller agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. Paragraphs 17B(2) and (3) below apply whether or not the Arbitration provision is initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.

B. **ARBITRATION OF DISPUTES:** (1) Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraphs 17B(2) and (3) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California Law. The parties shall have the right to discovery in accordance with California Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.

(2) EXCLUSIONS FROM MEDIATION AND ARBITRATION: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in California Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.

(3) BROKERS: Buyer and Seller agree to mediate and arbitrate disputes or claims involving either or both Brokers, consistent with 17A and B, provided either or both Brokers shall have agreed to such mediation or arbitration prior to, or within a reasonable time after, the dispute or claim is presented to Brokers. Any election by either or both Brokers to participate in mediation or arbitration shall not result in Brokers being deemed parties to the Agreement.

"**NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.**"

"**WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION.**"    Buyer's Initials ____/____    Seller's Initials ____/____

Buyer's Initials (____)(____)
Seller's Initials (____)(____)
Reviewed by _____ Date _____

Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 10/02 (PAGE 5 OF 8)
CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 5 OF 8)

PAGE 07

JUL 07 2025 14:21

AHM_MILLS002721

Property Address: 1888 Burns Bank Way    son CA 92555    Date: Nov 17, 2005

18. **PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessment that are now a lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: (i) for periods after Close Of Escrow, by Buyer; and (ii) for periods prior to Close Of Escrow, by Seller. TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

19. **WITHHOLDING TAXES:** Seller and Buyer agree to execute any instrument, affidavit, statement or instruction reasonably necessary to comply with federal (FIRPTA) and California withholding Law, if required (C.A.R. Forms AS and AB).

20. **MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the terms of this transaction to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

21. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

22. **ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 17A.

23. **SELECTION OF SERVICE PROVIDERS:** If Brokers refer Buyer or Seller to persons, vendors, or service or product providers ("Providers"), Brokers do not guarantee the performance of any Providers. Buyer and Seller may select ANY Providers of their own choosing.

24. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.

25. **OTHER TERMS AND CONDITIONS,** including attached supplements:
    A. ☑ Buyer's Inspection Advisory (C.A.R. Form BIA)
    B. ☐ Purchase Agreement Addendum (C.A.R. Form PAA paragraph numbers: _____ )
    C. ☐ Statewide Buyer and Statewide Advisory (C.A.R. Form SBSA) _____
    D. _____

26. **DEFINITIONS:** As used in this Agreement:
    A. "Acceptance" means the time the offer or final counter offer is accepted in writing by a party and is delivered to and personally received by the other party or that party's authorized agent in accordance with the terms of this offer or a final counter offer.
    B. "Agreement" means the terms and conditions of this accepted California Residential Purchase Agreement and any accepted counter offers and addenda.
    C. "C.A.R. Form" means the specific form referenced or another comparable form agreed to by the parties.
    D. "Close Of Escrow" means the date the grant deed, or other evidence of transfer of title, is recorded. If the scheduled close of escrow falls on a Saturday, Sunday or legal holiday, then close of escrow shall be the next business day after the scheduled close of escrow date.
    E. "Copy" means copy by any means including photocopy, NCR, facsimile and electronic.
    F. "Days" means calendar days, unless otherwise required by Law.
    G. "Days After" means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59PM on the final day.
    H. "Days Prior" means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.
    I. "Electronic Copy" or "Electronic Signature" means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other.
    J. "Law" means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.
    K. "Notice to Buyer to Perform" means a document (C.A.R. Form NBP), which shall be in writing and Signed by Seller and shall give Buyer at least 24 hours (or as otherwise specified in paragraph 14C(4)) to remove a contingency or perform as applicable.
    L. "Repairs" means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.
    M. "Signed" means either a handwritten or electronic signature on an original document, Copy or any counterpart.
    N. Singular and Plural terms each include the other, when appropriate.

Buyer's Initials ( _____ )( _____ )
Seller's Initials ( _____ )( _____ )

Reviewed by _____ Date _____

Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 10/02 (PAGE 6 OF 8)
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 6 OF 8)**

JUL 07 2005 14:21    PAGE.08

Property Address: _____ Burns Rock Way, ____ ___, CA 92466 _____ Date: Nov 17, 2005

27.. AGENCY:
A. DISCLOSURE: Buyer and Seller each acknowledge prior receipt of C.A.R. Form AD "Disclosure Regarding Real Estate Agency Relationships."
B. POTENTIALLY COMPETING BUYERS AND SELLERS: Buyer and Seller each acknowledge receipt of a disclosure of the possibility of multiple representation by the Broker representing that principal. This disclosure may be part of a listing agreement, buyer-broker agreement or separate document (C.A.R. Form DA). Buyer understands that Broker representing Buyer may also represent other potential buyers, who may consider, make offers on or ultimately acquire the Property. Seller understands that Broker representing Seller may also represent other sellers with competing properties of interest to this Buyer.
C. CONFIRMATION: The following agency relationships are hereby confirmed for this transaction:
Listing Agent _____ Home And Ranch Realtors _____ (Print Firm Name) is the agent
of (check one): ☒ the Seller exclusively; or ☐ both the Buyer and Seller.
Selling Agent _____ Prudential Hallmark Realty _____ (Print Firm Name) (if not same
as Listing Agent) is the agent of (check one): ☒ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and
Seller. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.

28. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:
A. The following paragraph, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder, which Escrow Holder is to use along with any related counter offers and addenda, and any additional instructions to close the escrow: 1, 2, 4, 12, 13B, 14E, 18, 19, 24, 25B and C, 26, 28, 29, 32A, 33 and paragraph D of the section titled Real Estate Brokers on page 8. If a Copy of the separate compensation agreement(s) provided for in paragraph 29 or 32A, or paragraph D of the section titled Real Estate Brokers on page 8 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions directly from Escrow Holder and will execute such provisions upon Escrow Holder's request. To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow.
B. A Copy of this Agreement shall be delivered to Escrow Holder within 3 business days after Acceptance (or ☐ _____ ). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement.
C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraphs 29, 32A and paragraph D of the section titled Real Estate Brokers on page 8. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraphs 29 and 32A, respectively, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Escrow Holder shall immediately notify Brokers: (i) if Buyer's initial or any additional deposit is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or (ii) if Buyer and Seller instruct Escrow Holder to cancel escrow.
D. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 2 business days after mutual execution of the amendment.

29. BROKER COMPENSATION FROM BUYER: If applicable, upon Close Of Escrow, Buyer agrees to pay compensation to Broker as specified in a separate written agreement between Buyer and Broker.

30. TERMS AND CONDITIONS OF OFFER:
This is an offer to purchase the Property on the above terms and conditions. All paragraphs with spaces for initials by Buyer and Seller are incorporated in this Agreement only if initialed by all parties. If at least one but not all parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. Buyer has read and acknowledges receipt of a Copy of the offer and agrees to the above confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

Buyer's Initials ( CMM )( )
Seller's Initials ( )( )
Reviewed by _____ Date _____

Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RPA-CA REVISED 10/02 (PAGE 7 OF 8)
CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 7 OF 8)

JUL 07 2005 14:22

PAGE.09

AHM_MILLS002723

Property Address: 1880 Burnt Rock Way, Ron, CA 93465 _____ Date: May 17, 2005

**31. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit shall be returned unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by ___ Ken Coffey ___ , who is authorized to receive it by 5:00 PM on the third calendar day after this offer is signed by Buyer (or, if checked, ☒ by ___ May 19, 2005 ___ (date), at ___ 3:00 ___ ☐ AM ☒ PM).

| | |
|---|---|
| Date: May 17, 2005 | Date |
| BUYER _Deborah Mills_ (signature) | BUYER |
| _Deborah Mills_ | |
| (Print Name) | (Print Name) |
| (Address) | |

**32. BROKER COMPENSATION FROM SELLER:**
A. Upon Close Of Escrow, Seller agrees to pay compensation to Broker as specified in a separate written agreement between Seller and Broker.
B. If escrow does not close, compensation is payable as specified in that separate written agreement.

**33. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to deliver a Signed Copy to Buyer.
☒ (If checked) SUBJECT TO ATTACHED COUNTER OFFER, DATED ___ 5-18-05 ___

| | |
|---|---|
| Date | Date |
| SELLER (signature) | SELLER |
| (Print Name) | (Print Name) |
| (Address) | |

( ___ / ___ ) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was personally received by Buyer or Buyer's authorized
(Initials) agent on (date) ___ at ___ ☐ AM ☐ PM. A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.

---

**REAL ESTATE BROKERS:**
A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
B. Agency relationships are confirmed as stated in paragraph 27.
C. If specified in paragraph 2A, Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Selling Firm) and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement (C.A.R. Form CBC) between Listing Broker and Cooperating Broker.

Real Estate Broker (Selling Firm) ___ Prudential Hallmark Realty ___ Ken Coffey ___ Date May 17, 2005
By ___ (signature) ___ City ___ Paso Robles ___ State CA ___ Zip 93446
Address ___ 700 11th Street ___ E-mail ___
Telephone (805)237-4700 ___ Fax (805)237-4711 ___ E-mail ___

Real Estate Broker (Listing Firm) ___ Bond and Crabtree Realtors ___ David Crabtree ___ Date ___
By ___ (signature) ___ City ___ State ___ Zip ___
Address ___ E-mail ___
Telephone ___ Fax ___ E-mail ___

---

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ ___ ), counter offer numbers ___ and ___ , and agrees to act as Escrow Holder subject to paragraph 28 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions.

Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is ___ .
Escrow Holder ___ Escrow # ___
By ___ Date ___
Address ___
Phone/Fax/E-mail ___
Escrow Holder is licensed by the California Department of ☐ Corporations, ☐ Insurance, ☐ Real Estate. License # ___

( ___ / ___ ) **REJECTION OF OFFER:** No counter offer is being made. This offer was reviewed and rejected by Seller on
(Seller's Initials) ___ (Date)

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published by the
California Association of REALTORS®

Reviewed by ___ Date ___

RPA-CA REVISED 10/02 (PAGE 8 OF 8)
**CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT (RPA-CA PAGE 8 OF 8)**

PAGE 10

JUL 07 2005 14:23

AHM_MILLS002724

**Exhibit B1**

Loan Application (First Loan)

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☒ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☒ Conventional  ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | ☐ FHA  ☐ USDA/Rural Housing Service | | 26405236 |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☐ Fixed Rate  ☐ Other (explain): |
|---|---|---|---|---|
| $ 962,500 | 5.6250 % | 360 | | ☐ GPM  ☒ ARM (type): BROKERED OUT APR |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | | No. of Units |
|---|---|---|
| 1900 Burnt Rock Way, Templeton, CA  93465    County: SAN LUIS OBISPO | | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| as per prelim | 2005 |

| Purpose of Loan | ☒ Purchase  ☐ Construction  ☐ Other (explain): | Property will be: ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|
| | ☐ Refinance  ☐ Construction-Permanent | |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| 0 | $ 0 | $ | $ 0 | $ 0 | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements  ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ 0 | $ 0,000 | | Cost: $ 0 |

| Title will be held in what Name(s) Deborah E Mills | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| | single | ☒ Fee Simple  ☐ Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|
| Checking/Savings:rd |

## III. BORROWER INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | Deborah E Mills | Co-Borrower's Name (include Jr. or Sr. if applicable) | |
| Social Security Number | Home Phone (incl. area code) 805-302-7470 | DOB(mm/dd/yyyy) 03/20/1961 | Yrs. School 16 |
| Social Security Number | Home Phone (incl. area code) | DOB(mm/dd/yyyy) | Yrs. School |
| ☐ Married  ☒ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) no. 0 ages | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) no. ages |
| Present Address (street, city, state, ZIP)  ☐ Own  ☒ Rent  2m  No. Yrs. | | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | |
| 179 Niblick Road PMB 143 | | | |
| Paso Robles, CA  93446 | | | |
| Mailing Address, if different from Present Address | | Mailing Address, if different from Present Address | |
| 179 Niblick Road PMB 143 | | | |
| Paso Robles, CA  93446 | | | |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  ☒ Own  ☐ Rent  2yr  No. Yrs. | | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | |
|---|---|---|---|
| 11100 Telegraph Road 50 | | | |
| Ventura, CA  93004 | | | |

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower |
|---|---|---|---|
| Name & Address of Employer  ☒ Self Employed | Yrs. on this job 20 Yrs | Name & Address of Employer  ☐ Self Employed | Yrs. on this job |
| Deborah Mills | Yrs. employed in this line of work/profession | | Yrs. employed in this line of work/profession |
| 179 Niblick Rd #143 | 20 | | |
| Paso Robles, CA  93446 | | | |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Owner/Landscape Design/ | 805-302-7470 | / | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04
Page 1 of 4

VMP-21N (0505)    VMP Mortgage Solutions (800)521-7291

AHM_MILLS000071

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 28,552.00 | $ | $ 28,552.00 | Rent | $ 1,000.00 | |
| Overtime | | | | First Mortgage (P&I) | | 5,540.70 |
| Bonuses | | | | Other Financing (P&I) | | 2,291.00 |
| Commissions | | | | Hazard Insurance | | 280.73 |
| Dividends/Interest | | | | Real Estate Taxes | | 1,432.29 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 28,552.00 | $ | $ 28,552.00 | Total | $ 1,000.00 | $ 9,544.72 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| Describe Other Income | Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| B/C | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☐ Jointly ☒ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use the continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 5,000.00 | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| Chicago Title Co | | Name and address of Company | $ Payment/Months | $ |
| | | Golata National Bank | | |
| List checking and savings accounts below | | | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| Singbanc Escrow | | | | |
| | | Acct. no. 225139G | | |
| Acct. no. 029-3090543-02 | $ 500,000.00 | Name and address of Company US BANK/NA ND | $ Payment/Months 50.00 275 | 13,766.00 |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 4955770354000005S | | |
| Acct. no. | $ | Name and address of Company CITI | $ Payment/Months 292.00 37.00 | 10,783.00 |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 542618084728 | | |
| Acct. no. | $ | Name and address of Company HSBA AMERICA | $ Payment/Months 258.00 41 | 10,601.00 |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 78 | | |
| Acct. no. | $ | Name and address of Company GMAC | $ Payment/Months 302.00 32 | 9,699.00 |
| Stocks & Bonds (Company name/number & description) | $ | | | |
| | | Acct. no. 0619000802786 | | |
| | | Name and address of Company HSBO AMERICA | $ Payment/Months 155.00 33 | 5,166.00 |
| Life insurance net cash value | $ | | | |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 500,000.00 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 190,000.00 | Acct. no. 3004 | | |
| Vested interest in retirement fund | $ | Name and address of Company | $ Payment/Months | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | | | |
| | | Acct. no. | | |
| Other Assets (itemize) | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| | | Job-Related Expense (child care, union dues, etc.) | $ 0 | |
| | | Total Monthly Payments | $ 1,100.00 | |
| Total Assets a. | 690,000.00 | Net Worth (a minus b) $ 638,747.00 | Total Liabilities b. | 51,253.00 |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04
-21N (0305)

## VII. SCHEDULE OF REAL ESTATE OWNED / LIABILITIES (cont.)

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 11100 Telegraph Road | S | HOME | $ 190,000 | $ | | | |
| Ventura, CA  93004 | | | | | | | |
| | | Totals | $ 190,000 | $ | $ | | |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|

## VII. DETAILS OF TRANSACTION   VIII. DECLARATIONS

| | | | | Borrower | | Co-Borrower | |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | Yes | No |
| a. | Purchase price | $ 1,375,000 | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | | | | |
| b. | Alterations, improvements, repairs | | a. Are there any outstanding judgments against you? | | X | | X |
| c. | Land (if acquired separately) | | b. Have you been declared bankrupt within the past 7 years? | | X | | X |
| d. | Refinance (incl. debts to be paid off) | 5,594 | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | X |
| e. | Estimated prepaid items | | d. Are you a party to a lawsuit? | | X | | X |
| f. | Estimated closing costs | 12,320 | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | | X | | X |
| g. | PMI, MIP, Funding Fee | | | | | | |
| h. | Discount (if Borrower will pay) | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | | X | | X |
| i. | Total costs (add items a through h) | 1,392,914 | | | | | |
| j. | Subordinate financing | 275,000 | g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | X |
| k. | Borrower's closing costs paid by Seller | 0 | h. Is any part of the down payment borrowed? | | X | | X |
| l. | Other Credits (explain) | 0 | i. Are you a co-maker or endorser on a note? | | X | | X |
| | Paid by Lndr/Direct Bill/Other | 0 | j. Are you a U.S. citizen? | X | | X | |
| | | 0 | k. Are you a permanent resident alien? | | X | | X |
| | Paid at Application | 0 | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | | |
| | Paid Outside of Closing | 0 | | | | | |
| | Earnest Money Deposit | 5000 | m. Have you had an ownership interest in a property in the last three years? | | X | | |
| m. | Loan amount (exclude PMI, MIP, Funding Fee financed) | 962,500 | (1) What type of property did you own – principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| | PMI, MIP, Funding Fee Financed | 0 | (2) How did you hold title to the home – solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |
| n. | Loan amount (add m & n) | 962,500 | | | | | |
| o. | Cash from/to Borrower (subtract j, k, l & o from i) | 150,414 | | | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application shall be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X _Deborah Mills_ | 7/5/05 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | X  I do not wish to furnish this information. | CO-BORROWER | I do not wish to furnish this information. |
|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino   ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American | Race: | ☐ American Indian or Alaska Native  ☐ Asian  ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander  ☐ White | | ☐ Native Hawaiian or Other Pacific Islander  ☐ White |
| Sex: | ☐ Female  ☐ Male | Sex: | ☐ Female  ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| This application was taken by: | Tawnya Lattau | | JPMorgan Chase Bank, N.A. |
| ☐ Face-to-face interview | Interviewer's Signature | Date | 1101 March Street |
| ☐ Mail | | 7/3/05 | San Luis Obispo, CA  9340 |
| ☐ Telephone | Interviewer's Phone Number (incl. area code) | | |
| ☐ Internet | 805-593-1177 | | |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

-21N (0305)

Page 3 of 4

AHM_MILLS000073

**VII. ASSETS AND LIABILITIES (cont.)**

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 11100 Telegraph Road Ventura, CA 93004 | S | MSFH 190,000 | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ 190,000 | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

**VII. DETAILS OF TRANSACTION**

| | |
|---|---|
| a. Purchase price | $ 1,375,000 |
| b. Alterations, improvements, repairs | 0 |
| c. Land (if acquired separately) | 0 |
| d. Refinance (incl. debts to be paid off) | 0 |
| e. Estimated prepaid items | 5,594 |
| f. Estimated closing costs | 12,320 |
| g. PMI, MIP, Funding Fee | 0 |
| h. Discount (if Borrower will pay) | 0 |
| i. Total costs (add items a through h) | 1,392,914 |
| j. Subordinate financing | 275,000 |
| k. Borrower's closing costs paid by Seller | 0 |
| l. Other Credits (explain) | |
| Paid by Lndr/Direct Bill/Other | 0 |
| | 0 |
| Paid at Application | 0 |
| Paid Outside of Closing | 0 |
| Earnest Money Deposit | 5000 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 962,500 |
| n. PMI, MIP, Funding Fee financed | 0 |
| o. Loan amount (add m & n) | 962,500 |
| p. Cash from/to Borrower (subtract j, k, l, & o from i) | 150,414 |

**VIII. DECLARATIONS**

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | x | | x |
| b. Have you been declared bankrupt within the past 7 years? | | x | | x |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | x | | x |
| d. Are you a party to a lawsuit? | | x | | x |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | x | | x |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | x | | x |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | x | | x |
| h. Is any part of the down payment borrowed? | | x | | x |
| i. Are you a co-maker or endorser on a note? | | x | | x |
| j. Are you a U.S. citizen? | x | | x | |
| k. Are you a permanent resident alien? | | x | | x |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | x | | | |
| m. Have you had an ownership interest in a property in the last three years? | x | | | |
| (1) What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | | PR | | |
| (2) How did you hold title to the home — solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | S | | |

**IX. ACKNOWLEDGMENT AND AGREEMENT**

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 7/5/05 | X | |

**X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES**

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may neither discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish this information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER [x] I do not wish to furnish this information. | CO-BORROWER [ ] I do not wish to furnish this information. |
|---|---|
| **Ethnicity:** [ ] Hispanic or Latino [ ] Not Hispanic or Latino | **Ethnicity:** [ ] Hispanic or Latino [ ] Not Hispanic or Latino |
| **Race:** [ ] American Indian or Alaska Native [ ] Asian [ ] Native Hawaiian or Other Pacific Islander [ ] Black or African American [ ] White | **Race:** [ ] American Indian or Alaska Native [ ] Asian [ ] Native Hawaiian or Other Pacific Islander [ ] Black or African American [ ] White |
| **Sex:** [ ] Female [ ] Male | **Sex:** [ ] Female [ ] Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| This application was taken by: | Tawnya Lettau | 7/7/05 | JPMorgan Chase Bank, N.A. |
| [ ] Face-to-face interview | Interviewer's Signature | | 1101 Marsh Street |
| [ ] Mail | | | San Luis Obispo, CA 9340 |
| [x] Telephone | Interviewer's Phone Number (incl. area code) | | |
| [ ] Internet | 805-593-1177 | | |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

-21N (0303)

AHM_MILLS000074

## Continuation Sheet/Residential Loan Application

| | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | **Borrower:** Deborah X Mills | **Agency Case Number:** |
| | **Co-Borrower:** | **Lender Case Number:** 26405236 |

LANDLORD:

ADDITIONAL LIABILITIES
CAPITAL 1 BK
    Account # 412174207197 Balance: $908.00 Payment: $27.00 for 34 Months
KOHLS DEP ST
    Account # 038733163005Z Balance: $328.00 Payment: $16.00 for 21 Months

        Deborah E Mills

EMAIL:
Cell Phone:
Pager:

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X Deborah Mills | 7/5/05 | X | |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

AHM_MILLS000075

## Continuation Sheet/Residential Loan Application

| | Borrower: | Agency Case Number: |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Deborah E Mills | |
| | Co-Borrower: | Lender Case Number: |
| | | 26405236 |

LANDLORD:

ADDITIONAL LIABILITIES

CAPITAL 1 BK
    Account # 412174207197 Balance: $988.00 Payment: $27.00 for 34 Months

KOHLS DEP ST
    Account # 038731630052 Balance: $328.00 Payment: $16.00 for 21 Months

        Deborah E Mills

EMAIL:
Cell Phone:
Pager:

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X Deborah Mills | 7/15/05 | X | |

VMP -21N (0305)                    Page 4 of 4                    Freddie Mac Form 65 01/04
                                                                  Fannie Mae Form 1003 01/04

**Exhibit B2**

Loan Application (Second Loan)

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☒ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for | ☐ VA  ☒ Conventional  ☐ Other (explain): | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | ☐ FHA  ☐ USDA/Rural Housing Service | | 26405239 |

| Amount | Interest Rate | No. of Months | Amortization Type | ☐ Fixed Rate  ☐ Other (explain): |
|---|---|---|---|---|
| $ 200,000 | 11.5000 % | 360 | | ☐ GPM  ☒ ARM (type): BROKERED OUT 2ND - ARM |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) | No. of Units |
|---|---|
| 1880 Burnt Rock Way, Templeton, CA  93465     County: SAN LUIS OBISPO | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| as per prelim | 2005 |

| Purpose of Loan | ☒ Purchase  ☐ Construction  ☐ Other (explain): | Property will be: |
|---|---|---|
| | ☐ Refinance  ☐ Construction-Permanent | ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment |

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ 0 | $ 0 | $ 0 | $ 0 | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements  ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ | $ 962,500 | | Cost: $ 0 |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| Deborah E Mills | Single | ☒ Fee Simple  ☐ Leasehold (show expiration date) |

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
Checking/Savings:cd

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name (include Jr. or Sr. if applicable) | Deborah E Mills | |
| Social Security Number | | Home Phone (incl. area code) | DOB (MM/DD/YYYY) 03/20/1961 | Yrs. School 16 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |

| ☐ Married  ☒ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower) no. 0  ages | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower) no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☐ Own  ☒ Rent 2m  No. Yrs. | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|
| 179 Niblick Road PMB 143  Paso Robles, CA  93446 | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|
| 179 Niblick Road PMB 143  Paso Robles, CA  93446 | |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP)  ☒ Own  ☐ Rent 2yr  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|
| 11100 Telegraph Road 50  Ventura, CA  93004 | |

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer  ☒ Self Employed | Yrs. on this job  20 Yrs | Name & Address of Employer  ☐ Self Employed | Yrs. on this job |
| Deborah Mills  179 Niblick Rd 8143  Paso Robles, CA  93446 | Yrs. employed in this line of work/profession  20 | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business | Business Phone (incl. area code)  805-302-7470 | Position/Title/Type of Business | Business Phone (incl. area code) |
| Owner/Landscape Design/ | | | |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income  $ | | Monthly Income  $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer  ☐ Self Employed | Dates (from - to) | Name & Address of Employer  ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income  $ | | Monthly Income  $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04
Page 1 of 4

Initials: DM

(logo) -21N (0305)     VMP Mortgage Solutions (800)521-7291



AHM_MILLS002424

**V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION**

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | 28,552.00 | | 28,552.00 | Rent | 1,000.00 | |
| Overtime | | | | First Mortgage (P&I) | | 5,616.89 |
| Bonuses | | | | Other Financing (P&I) | | 2,291.00 |
| Commissions | | | | Hazard Insurance | | 59.33 |
| Dividends/Interest | | | | Real Estate Taxes | | 1,432.29 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | 28,552.00 | | 28,552.00 | Total | 1,000.00 | 9,398.51 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| B/C | Describe Other Income   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

**VI. ASSETS AND LIABILITIES**

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☐ Jointly  ☒ Not Jointly

| ASSETS | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Description | | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| Cash deposit toward purchase held by: | $ | Name and address of Company | $ Payment/Months | $ |
| Chicago Title Co | | US BANK/ND, ND | 50.00 | 13,768.00 |
| | | | 275 | |
| List checking and savings accounts below | | | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| Singbond Escrow | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. 029-3090543-02 | $ 500,000.00 | CITI | 292.00 | 10,783.00 |
| Name and address of Bank, S&L, or Credit Union | | | 37 | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | HSBA AMERICA | 258.00 | 10,601.00 |
| Name and address of Bank, S&L, or Credit Union | | | 41.00 | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | GMAC | 302.00 | 9,699.00 |
| Name and address of Bank, S&L, or Credit Union | | | 32 | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | | HSBA AMERICA | 155.00 | 5,166.00 |
| Stocks & Bonds (Company name/number & description) | $ | | 33 | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value | $ | CAPITAL 1 BK | 27.00 | 908.00 |
| Face amount: $ | | | 34 | |
| Subtotal Liquid Assets | 500,000.00 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | 190,000.00 | Name and address of Company | $ Payment/Months | |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | | | |
| | | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | | Job-Related Expense (child care, union dues, etc.) | $ 0 | |
| | | Total Monthly Payments | 1,100.00 | |
| Total Assets a. | $ 690,000.00 | Total Net Worth (a minus b) ► | 638,747.00 | Total Liabilities b. $ 51,253.00 |

Initials: _____   Page 2 of 4   Freddie Mac Form 65 01/04  Fannie Mae Form 1003 01/04

Form 1001-21N (0305)

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 11108 Telegraph Road Ventura, CA  93004 | S  COND | $ 190,000 | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ 190,000 | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 1,375,000 |
| b. Alterations, improvements, repairs | 0 |
| c. Land (if acquired separately) | 0 |
| d. Refinance (incl. debts to be paid off) | 0 |
| e. Estimated prepaid items | 0 |
| f. Estimated closing costs | 0 |
| g. PMI, MIP, Funding Fee | 0 |
| h. Discount (if Borrower will pay) | 0 |
| i. Total costs (add items a through h) | 1,375,000 |
| j. Subordinate financing | 275,000 |
| k. Borrower's closing costs paid by Seller | 0 |
| l. Other Credits (explain) | |
| Paid by Lndr/Direct Bill/Other | 0 |
| | 0 |
| Paid at Application | 0 |
| Paid Outside of Closing | 0 |
| Earnest Money Deposit | 0 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 200,000 |
| n. PMI, MIP, Funding Fee financed | 0 |
| o. Loan amount (add m & n) | 200,000 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 1,100,000 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | x | | |
| b. Have you been declared bankrupt within the past 7 years? | | x | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | x | | |
| d. Are you a party to a lawsuit? | | x | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | x | | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | x | | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | x | | |
| h. Is any part of the down payment borrowed? | | x | | |
| i. Are you a co-maker or endorser on a note? | | x | | |
| j. Are you a U.S. citizen? | x | | | |
| k. Are you a permanent resident alien? | | x | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | x | | | |
| m. Have you had an ownership interest in a property in the last three years? | x | | | |
| (1) What type of property did you own – principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home – solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X _Deborah Mills_ | 7/15/05 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | | CO-BORROWER | |
|---|---|---|---|
| X I do not wish to furnish this information. | | I do not wish to furnish this information. | |
| Ethnicity: | Hispanic or Latino / Not Hispanic or Latino | Ethnicity: | Hispanic or Latino / Not Hispanic or Latino |
| Race: | American Indian or Alaska Native / Asian / Black or African American / Native Hawaiian or Other Pacific Islander / White | Race: | American Indian or Alaska Native / Asian / Black or African American / Native Hawaiian or Other Pacific Islander / White |
| Sex: | Female / Male | Sex: | Female / Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| This application was taken by: | Tamoya Lottou | | JPMorgan Chase Bank, N.A. |
| ☐ Face-to-face interview | Interviewer's Signature | Date | 1101 Marsh Street |
| ☐ Mail | | 7/7/05 | San Luis Obispo, CA  93401 |
| X Telephone | Interviewer's Phone Number (incl. area code) | | |
| ☐ Internet | 805-593-1177 | | |

Page 3 of 4

Freddie Mac Form 65 01/04
Fannie Mae Form 1003 01/04

AHM_MILLS002426

## Continuation Sheet/Residential Loan Application

| | | |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: Deborah E Mills | Agency Case Number: |
| | Co-Borrower: | Lender Case Number: 26405239 |

LANDLORD:

ADDITIONAL LIABILITIES

KOHLS DEP ST

    Account # 038731630052 Balance: $328.00 Payment: $16.00 for 21 Months

        Deborah E Mills

EMAIL:

Cell Phone:

Pager:

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature: X _Deborah Mills_ | Date 7/15/05 | Co-Borrower's Signature: X | Date |
|---|---|---|---|

-21N (0305)        Page 4 of 4        Freddie Mac Form 65 01/04 / Fannie Mae Form 1003 01/04

AHM_MILLS002427

**Group Exhibit B3**

Loan Application Supporting Documentation:

$500,000 CD Account Statement
Gift Letter from Mr. Esquivel
Ventura Settlement Statement
Tax Attestations

066585.1001

# SINGBANC ESCROW & TRUST COMPANY

A First Fidelity Financial Escrow & Trust Company
Country/City; Singapore, Zip Postal Code: 048827, Phone/fax: 65- 64915159

## Account Statement

08 -16-2005

Type of Account: Brokered
Account Number: 65 64915159

Ms. Deborah E. Mills
179 Niblick, #143
Paso Robles, CA 93446 USA

### Thank you for your business

| CD Investment Account | 029-3090543-02 |
|---|---|

| | |
|---|---|
| Previous Balance | $500,000.00 |
| Deposit and Credit | $500,000.00 |
| Withdrawal and Debit | 0 |
| New Balance | $500,000.00 |

| Deposit and Credit: | Tran Date | Date Posted | Description | Place posted | Amount |
|---|---|---|---|---|---|
| | 12-08-03 | 12-08-03 | Certificate of Deposit ZP8077352 | 8078782 Singapore Banc & Trust | $500,000.00 |

**Interest Information:** The interest on this account has been pre-selected and shall be paid pro-rata at the end of the CD term.

**Account Description:** This is a two year and one day brokered term Certificate of Deposit. A penalty of 12.5% per year will be accessed along with the administrative and accounting fees for any early withdrawals. Sixty days written notification is required for any early withdrawals per the instructions of the financial services agreement.



AHM_MILLS002483

mpfaxcordcolctampreview-800000dc04f378e45 (172bz1374z2 0ff) [2]

JUL 15 2005 10:45 FR CHASE BLO        805 547 1105 TO 122707700        P.02

## GIFT LETTER

Date: _7/15/2005_

Loan #: _26005332E_

Property Address: _2350 Desert Rock Way, Templeton, CA 93465_

**TO WHOM IT MAY CONCERN:**

I/we: _Rodger Anthony Esquivel_
Name of Donor(s)                                    Phone Number

_1795 Bayshore Drive, Ventura, CA 93001_
Address                                             City, State, Zip

the Donor(s), do hereby certify that I/we ☒ will give or ☐ have given

to the _fiance_
Relationship(s) to Recipient(s)

of _Deborah Ellen Mills_
Recipient(s) of Gift

a gift in the amount of $ _68,750_ . This is a bonafide gift, and there is no obligation, expressed or implied,
to repay this sum at any time. These funds are available and

☒ will be given to him/her then the closing date or _7/18/05_

☐ have been given to the recipient(s) to be used for the purchase of property located at the address above.

The source of the gift is

from my _Checking_
Savings, Checking or Credit Union A/c

housed at _@ U.S. Bank_                                    [redacted]
Address of Entity                                          (Account Number)

I/we certify that these funds were not made available to me/us from any person or entity with an interest in the sale
of the property including the seller, real estate agent or broker, builder, loan officer, or any entity associated with
them.

X _[signature]_                                            _7/15/05_
Signature of Donor(s)                                       Date

X _Rodger Anthony Esquivel_
Printed Name(s) of Donor(s)

_Deborah Mills_                                            _7/15/05_
Signature of Intend Receiver                               Date

_[signature]_                                             _7/15/2005_
Signature of Official and Title                            Date

NOTE: If the gift has not yet been given to the recipient, attach verification that the donor has sufficient assets to
do so: 1) copy of a recent statement from the donor's bank verifying that the balance is at least, or in excess of, the
gift amount (this may be a copy of a checking account statement, money market statement, stock statement, or
savings statement; or 2) a letter from the donor's bank verifying that there has "at least" the amount of the gift
in their account. If the recipient has already received the funds, please do, ans that they are included on the
Verification of Deposit.

WARNING: Section 1010 of Title 18, U.S.C., Federal Housing Administration transactions, provides: "Whoever,
for the purpose of influencing in any way the action of such Administration makes, passes, utters, or published any
statement, knowing the same to be false, shall be fined not more than $5,000 or imprisoned not more than two
years, or both".

GIFT LETTER
C-4623 (9/02) (replaces 1077)

** TOTAL PAGE.02 **



AHM_MILLS002473



JUL 15 2005 12:00 FR CHASE SLO        805 547 1185  0 15596504326        P.63/63

## Aliso Escrow, Inc.

3160 Telegraph Rd. Suite 102  Ventura, CA 93003
(805) 650-7007  Fax: (605) 650-1447

### SELLER'S FINAL SETTLEMENT STATEMENT

| | |
|---|---|
| PROPERTY:  11100 Telegraph Road, Space 50<br>Ventura, CA 93004 | DATE:  May 2, 2005 |
| | CLOSING DATE:  April 29, 2005 |
| SELLER:  DEBORAH MILLS | ESCROW NO.:  1-15474-MH |

|  | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION**<br>Total Consideration | | 180,000.00 |
| **PAYOFF CHARGES - Community West Bank**<br>[Total Payoff $120,426.94] | | |
| Principal Balance | 119,824.33 | |
| Interest on Principal Balance at $31.1900/day from 04/15/2005 to 05/04/2005 | 582.61 | |
| UCC Termination fee | 10.00 | |
| **PRORATIONS/ADJUSTMENTS** | | |
| Taxes at $1394.16/annually from 04/29/2005 to 07/01/2005 | | 240.11 |
| Park Rent at $355.28/monthly from 04/29/2005 to 05/01/2005 | | 23.69 |
| **COMMISSION CHARGES**<br>California Oaks Realtors | 9,500.00 | |
| **DEPT. of HOUSING - Dept. of Housing and Community Development** | 17.50 | |
| Registered Owner Transfer Tax | 25.00 | |
| Legal Owner Registration Fee | 25.00 | |
| Registration Fee | 50.00 | |
| Duplicate Fees | 5.00 | |
| Park Purchase Fund Fee | 5.00 | |
| Mobile Home Recovery Fund Fee | | |
| **OTHER DEBITS/CREDITS** | | |
| Hold for Reapim of Steps | 300.00 | |
| DisclosureSave for Zone Disclosure Reports | 34.50 | |
| Dept. of Housing & Community Development for title search | 50.00 | |
| Hold for clear title | 75.00 | |
| hold for closing utilities | 200.00 | |
| **ESCROW CHARGES** | | |
| Escrow Fee | 530.00 | |
| Processing/wire fees | 115.00 | |
| Net Proceeds | 58,905.05 | |
| **TOTAL** | $ 190,263.99 | $ 190,263.99 |

### SAVE THIS STATEMENT FOR INCOME TAX PURPOSES

*Fund Held*
*Funds to Chan*



AHM_MILLS002040



*Owen, Grecco & Associates*

### Tax Preparer's Attestation Memorandum

**date:**      Jul. 13, 05

**attn:**      Tawnya Lettau

**of:**        Chase Manhattan Bank

**re:**        <u>Ms. Deborah Mills</u>
               SSN: 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

**Fax to:**    (805) 547-1105

This letter will confirm the fact that we have been engaged by Deborah Mills as her Certified Public Accountants since the filing of her 2001 individual income tax returns. She has engaged us to prepare her individual tax returns, including form 1040 and Schedule C, Profit & Loss from business or profession. Deborah Mills has been self–employed for several years.

The preparation of Deborah Mills tax returns has been prepared from information and oral representations provided by the taxpayer to us and we have not performed any third party verification of this information or representations made.

If you require any additional information, please feel free to contact the undersigned.

by: _____
         Michael J. Owen
    **Certified Public Accountant**

*3600 So. Harbor Blvd. Suite 221    Channel Islands Harbor, CA 93035*
*Tel: 805.382.8800    Fax: 805.382.8802*

07/07/2005 11:29 FAX 8052314          PRUDENTIAL HALLMARK RE?





Tax Preparer's Verification Memorandum

date:      June 16, 2005

attn:      To Whom it May Concern

re:        Ms. Deborah Mills

This letter will confirm the fact that I have been engaged by Deborah Mills as her Enrolled Agent since the filing of her 2000 individual income tax returns. She has engaged me to prepare her individual tax returns, including form 1040, Schedule C, profit and loss from business as a sole proprietor. These tax returns have been prepared from information and oral representations by the taxpayer to me, without verification of proof.

Should you have any questions, please feel free to contact me.

by: *Michele Grecco, EA*
     Michele Grecco, Enrolled Agent
     Licensed to practice before the IRS
     Enrollment No. 66092

*3600 S. Harbor Blvd., Suite 221, Channel Islands Harbor, CA 93035*
*phone 805-382-8800  facsimile 805-382-8802  e-mail Grecco@westlinkinternet.com*

# **Exhibit C**

Exception Request

066585.1001

Approve REIT Product Exception Request
Page 1 of 2



Search Phone Directory [          ]

AmericaHome Mortgage  ❖ Intranet solutions for all american home mortgage associates

Home  Departments  Tools/Applications  Email  Phone/Branch Directory

## Approve REIT Product Exception Request

### ABC REIT Exception Request

*review*

| | | |
|---|---|---|
| **Date:** 07/12/2005 | **Business Type:** Wholesale | **Division:** West |
| **Requested by:** Martha Gramespacher | **Requestor's Email Address:** HGramespacher@abconduit.com | **Request ID:** 4069 |
| **Job Title:** Branch Manager | **Branch:** 003107 ABC Wholesale Fresno | |
| **Phone Number:** 5596504321 | **Fax Number:** | |
| **Loan Number:** 928512 | **Product Code:** 1964 | **Product Description:** Choice Expanded 2/28 |
| **Borrower First Name:** Deborah | **Borrower Middle Name:** E | **Borrower Last Name:** Mills |
| **Loan Amount:** 962500 | **FICO:** 659 | |
| **LTV:** 70.00 | **CLTV:** 90.00 | **HCLTV:** 0 |
| **Sale Price:** 0 | **Appraised Value:** 0 | |
| **Doc Type:** SIFA | **Property State:** CA | |
| **Occupancy Type:** Primary Home | **Property Type:** 1 Family | **Purpose:** Purchase |
| **Ratio:** 29.62 | **DTI Ratio:** 34.991 | |
| **Reserves:** 244000 | **Cash Out Amount/Funds to Close:** 251656.62 | |
| **Is there an AHM 2nd Mortgage?** Yes | **2nd Mortgage Loan Number:** 930980 | **2nd Mortgage Product Co** 1938 |

**Exception Type:**
FICO Score

**Reason for Exception:**
659 MID FICO, PROGRAM REQUIREMENT OF 660

**Compensating Factors:**
RESERVES VERIFIED THRU CD AND LOAN PROCEEDS, EA LETTER FOR LAST
FIVE YEARS, 20 YEARS AS LANDSCAPE DESIGNER. COSTING BORROWER $350
PER DAY, CLOSE OF ESCROW TO BE 07/01/2005

**Administrative Section For Reviewer's Use Only**

**Regional Underwriting Manager Review**

*apple*

| | | |
|---|---|---|
| **Date:** 07/14/2005 | **Underwriting Decision:** Approved | **Reviewed By:** Lory Camp |

**Comments:**
Exception Approved for 659 score, 1 pt below min required 660 for 1st mtg only. Subject to satis clear
Alert. Owner occ purchase, stable Bor w/20 yrs SE same job. 12 yr spotless credit history, conservativ
yrs VOM in file w/no lates. Strong savings, significant reserves after coe of 274 mos. NOTE: Piggyback
reduced to $200,000. 70%LTV/85.55%CLTV, $1,375,000 SP/AV. Per branch strong appraisal w/value
other program and underwriting requirements apply. To S&P for pricing consideration.

*Keep in file*

7-1

*EXHIBIT 7*
*Deponent 4*
*Date 10/20/10*

http://www.ahmweb.com/admin/Approve_REIT_ExceptionRequest.asp?ID=4069          7/15/2005

(2pg)

AHM_MILLS000082

Approve REIT Product Exception Request                     Page 2 of 2

**Notes:**
Discussed w/Martha, Restructure and alternate program is best option. Martha will advise.

**Notes sent to requestor:**
Yes

**S&P Exceptions Review**

| Date: | Decision: | Reviewed By: |
|---|---|---|
| 07/15/2005 | Approved | Ronda C Humphrey |

**Comments:**
Fico exception approved...Pricing adjustment 1.25% to both rate and margin inclusive of all pricing and other program guidelines must be met.

| Adjustment to Rate: | Adjustment to Margin: | Adjustment to Price: |
|---|---|---|
| 1.250 | 1.250 | 0.000 |

About Our Company | History of American Home | Our Mission Statement | Executive Biographies

http://www.ahmweb.com/admin/Approve_REIT_ExceptionRequest.asp?ID=4069        7/15/2005

7-2

AHM_MILLS000083

**Group Exhibit D**

Borrower's Certifications & Authorizations



# Borrower's Certification & Authorization

### Certification

APP # 0000928512

The undersigned certify the following:

1. I/We have applied for a mortgage loan from **American Home Mortgage Acceptance, Inc.** *(lender)* . In applying for the loan, I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information, and assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application or other documents, nor did I/we omit any pertinent information.

2. I/We understand and agree that **American Home Mortgage Acceptance, Inc.** *(lender)* reserves the right to change the mortgage loan review process to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

### Authorization to Release Information

To Whom It May Concern:

1. I/We have applied for a mortgage loan from **American Home Mortgage Acceptance, Inc.** *(lender)* . As part of the application process, **American Home Mortgage Acceptance, Inc.** *(lender)* may verify information contained in my/our loan application and in other documents required in connection with the loan, either before the loan is closed or as part of its quality control program.

2. I/We authorize you to provide to **American Home Mortgage Acceptance, Inc.** *(lender)* , and to any investor to whom **American Home Mortgage Acceptance, Inc.** *(lender)* may sell my/our mortgage, any and all information and documentation that they request. Such information includes, but is not limited to, employment history and income; bank, money market, and similar account balances; credit history; and copies of income tax returns.

3. **American Home Mortgage Acceptance, Inc.** *(lender)* or any investor that purchases the mortgage may address this authorization to any party named in the loan application.

4. A copy of this authorization may be accepted as an original.

5. Your prompt reply to **American Home Mortgage Acceptance, Inc.** *(lender)* or the investor that purchased the mortgage is appreciated.

**NOTICE TO BORROWERS:** This is notice to you as required by the Right to Financial Privacy Act of 1978 that HUD/FHA has a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to HUD/FHA without further notice or authorization but will not be disclosed or released by this institution to another Government Agency or Department without your consent except as required or permitted by law.

Date: 7/19/05

_Deborah E. Mills_                  _(Borrower's Signature)_                  _(Social Security Number)_

_(Borrower's Signature)_                  _(Social Security Number)_

~-50 (9710)                  VMP MORTGAGE FORMS - (313)299-8100 - (800)521-7291                  10/92

DOC #:063401    Image:1050                  APPL #:0000928512



AHM_MILLS003179

## Borrower's Certification & Authorization

### Certification

APP # 0000930980

The undersigned certify the following:

1. I/We have applied for a mortgage loan from **American Brokers Conduit**
   *(lender)* . In applying for the loan, I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information, and assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application or other documents, nor did I/we omit any pertinent information.

2. I/We understand and agree that **American Brokers Conduit**
   *(lender)* reserves the right to change the mortgage loan review process to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

### Authorization to Release Information

To Whom It May Concern:

1. I/We have applied for a mortgage loan from **American Brokers Conduit**
   *(lender)* . As part of the application process,
   **American Brokers Conduit**                                                     *(lender)*
   may verify information contained in my/our loan application and in other documents required in connection with the loan, either before the loan is closed or as part of its quality control program.

2. I/We authorize you to provide to **American Brokers Conduit**
   *(lender)* , and to any investor to whom
   **American Brokers Conduit**                                        *(lender)* may sell my/our mortgage, any and all information and documentation that they request. Such information includes, but is not limited to, employment history and income; bank, money market, and similar account balances; credit history; and copies of income tax returns.

3. **American Brokers Conduit**
   *(lender)* or any investor that purchases the mortgage may address this authorization to any party named in the loan application.

4. A copy of this authorization may be accepted as an original.

5. Your prompt reply to **American Brokers Conduit**
   *(lender)* or the investor that purchased the mortgage is appreciated.

**NOTICE TO BORROWERS:**  This is notice to you as required by the Right to Financial Privacy Act of 1978 that HUD/FHA has a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to HUD/FHA without further notice or authorization but will not be disclosed or released by this institution to another Governmental Agency or Department without your consent except as required or permitted by law.

Date: 7/15/05

Deborah E. Mills          (Borrower's Signature)                              (Social Security Number)

_____   (Borrower's Signature)                              (Social Security Number)

AHM_MILLS002971

## **Group Exhibit E**

Breach Letters

066585.1001

  

# American Home Mortgage Servicing

4600 Regent Blvd, Suite 200
Irving, Texas 75063
1-877-304-8300

December 22, 2005

Deborah Mills
1880 Burnt Rock Way
Templeton, CA 93465

Re:    American Home Mortgage Loan # 1000928512
       Property  1880 Burnt Rock Way, Templeton, CA 93465

Dear Deborah Mills:

This letter is written to you to advise you that you are currently in default under the above referenced loan for non-payment of the monthly mortgage payments for the months of October 2005 through December 2005.

In order to cure this default, please forward to us the sum of $14,215.11 which includes unpaid mortgage payments, late charges and fees now due by certified check, cashiers check or money order. Any further delay in reinstating your mortgage account will result in additional attorney and foreclosure fees to you.

**NOTE**

As payments are due on the first day of each month and late charges are due after the 15th day of delinquency, the above total delinquency amount must be paid increased to include your January 1, 2006 payment, if not received prior to January 15, 2006 for the total of $18,722.12.

The total amount due indicated above should be mailed to American Home Mortgage Servicing Inc., 4600 Regent Blvd, Ste 200, Irving, Texas 75063.  For your convenience, a self addressed envelope is enclosed.  Please enclose the appropriate coupons with these funds.

In the event this default is not cured as herein stated, we may, at our option, Accelerate the loan, that is to say declare that all of the sums secured by your Deed of Trust shall be immediately due and payable with out father demand and invoke the power of sale and any other remedies permitted by applicable law. In the event we do Accelerate, then we shall entitled to collect all reasonable cost and expenses incurred in pursuing the remedies available to us including, but not limited to, reasonable Attorney fees.

A copy of this letter is being sent to you by regular first-class mail and certified.  We await the courtesy of your reply.

Sincerely,

Amanda Ellsworth
1-877-304-8300 X 6822
Loss Mitigation Specialist





Licensed Mortgage Banker or Authorized Lender in the Fifty States and The District of Columbia • NYSE Listing Symbol – AHM

 

# American Home Mortgage Servicing

4600 Regent Blvd, Suite 200
Irving, Texas 75063
1-877-304-8300

December 22, 2005

Deborah Mills
1880 Burnt Rock Way
Templeton, CA 93465

Re:    American Home Mortgage Loan # 1000930980
Property 1880 Burnt Rock Way, Templeton, CA 93465

Dear Deborah Mills:

This letter is written to you to advise you that you are currently in default under the above referenced loan for non-payment of the monthly mortgage payments for the months of October 2005 through December 2005.

In order to cure this default, please forward to us the sum of $5941.74 which includes unpaid mortgage payments, late charges and fees now due by certified check, cashiers check or money order. Any further delay in reinstating your mortgage account will result in additional attorney and foreclosure fees to you.

**NOTE**

As payments are due on the first day of each month and late charges are due after the 15th day of delinquency, the above total delinquency amount must be paid increased to include your January 1, 2006 payment, if not received prior to January 15, 2006 for the total of $7922.32.

The total amount due indicated above should be mailed to **American Home Mortgage Servicing Inc., 4600 Regent Blvd, Ste 200, Irving, Texas 75063.** For your convenience, a self addressed envelope is enclosed. Please enclose the appropriate coupons with these funds.

In the event this default is not cured as herein stated, we may, at our option, Accelerate the loan, that is to say declare that all of the sums secured by your Deed of Trust shall be immediately due and payable with out father demand and invoke the power of sale and any other remedies permitted by applicable law. In the event we do Accelerate, then we shall entitled to collect all reasonable cost and expenses incurred in pursuing the remedies available to us including, but not limited to, reasonable Attorney fees.

A copy of this letter is being sent to you by regular first-class mail and certified. We await the courtesy of your reply.

Sincerely,

Amanda Ellsworth
1-877-304-8300 X 6822
Loss Mitigation Specialist



AHM_MILLS000405

**<u>Exhibit F</u>**

Hardship Letter

066585.1001

**Deborah Mills**
**Plant Health Care Consultant/Landscape Designer**
1880 Burnt Rock Way
Templeton, CA  93465
Cell: 805.302.7470
Land: 805.329-2432

Amanda Ellsworth
American Home Mortgage Servicing
400 Regent Blvd., Suite 200
Irving Texas  75063

May 29, 2006

Dear Ms. Amanda Ellsworth,

First of all I want to "Thank you" for your consideration and express my gratitude in being able to work with you.

This letter shall serve as to explaining the circumstances that has caused the default of my mortgage loan, a position that I have never been in before. A chain of events that recently occurred that seemed to compile but there is light at the end of the tunnel.

Upon purchasing my home (one of the happiest times in my fiancé's and my lives) I had the unfortunate experience of dealing with the most unscrupulous movers (American Eagle Moving Company) that not only destroyed much of my personal property but they and emptied my bank account.

To make a long story short, every piece of furniture has been marred or damaged beyond repair. I can live with the huge gouge in my dining room table (table cloths work nicely) but anything that was electronic was stolen that assisted me in making a living.

I not only lost a very expensive TV camera but all of my still cameras were gone. The biggest financial hit was they had the audacity to take my computer. The critical issue with my computer was it was customized for my landscaping business and all of the information (a lesson well learned) was not backed up. Aside from my landscape business I am also a free-lance garden writer/photographer.

The result was I lost my whole landscape portfolio (before and after pictures, which is a selling point in the industry), over 480 garden articles that were written and stored on my computer (a source of income by republishing) but in addition over 1,200 photos' used in conjunction with my writing and education out-reach



MILLS000125

materials I utilize in public speaking forums and all of my personal information including my financials.

To give you a little geological background of the move I made. I choose to move to San Luis Obispo County from Ventura County (approximately 180 miles) because I felt the opportunity was there to make a smooth transition to the area. I could have the luxury of still working with established clients down south while I made a name for myself in the landscape design business up in this region.

The one and final decision-making factors to relocating to this area was that I would be able to secure additional income by working with the California based corporation, *Pacific Horticulture* on performing oak tree survey's for the city of Paso Robles.

In the state of California the native oak trees are protected under conservation act where developers or even homeowners cannot randomly cut down an oak tree without severe penalty or consequences.

There was a major housing development that was before the city's planning commission and every oak tree was to be documented for conservation purposes. *Pacific Horticulture* had approval from the city of Paso Robles to perform this type of work as a third party certified arborist with no political ties to either the city or the developer.

The owner of the company, Don Rodriguez, had contacted me prior to my move to see if I would head up the project for him. I agreed and work was to commence in September of 2005. September came and the development was placed on hold due to a decision made by the city council. Needless to say the project is presently still on hold.

Both my fiancé and myself found had to quickly find resolution to the situation. My fiancé placed his own company on hold and went back to work at a Venture Capital firm he had previously worked for in Los Angeles and I was in communication with everyone I possibly knew in the Industry to try to make something happen. I contacted every newspaper, magazine publication in San Luis Obispo County looking for free-lance work aside from talking to Realtor Associations and passing out my business card at every nursery.

I was contacted by Lisa Oliver, an old client that was now establishing her own business, Star Manufactured Homes, based out of Camarillo California regarding my landscaping business. She had (in late September) over 35 homes sold and I was contacted to design and install all of the landscapes. The homes where being built and they would start coming into California beginning of November 2005 so my work would commence the second week of the month.

MILLS000126

Everything was on schedule but Mother Nature. Due to the serve rainy winter season we had (all the way up through April) the ground was so saturated with water the homes could not be brought to site.

In that duration, I began working with Layne Norcera, Managing Director of *CW Lenders*, whom I authorized to discuss with American Home Mortgage, my situation. He assured me that he his company could assist the situation and he strung me along for two months about a bridge loan (as I am sure he did with you). He even went to the extent of opening up title insurance on the property and drawing up the contract. Then nothing. Absolutely nothing.

The first *Star Manufactured* home was delivered to site in March because the Arizona based company that constructed the homes could not hold the dwelling anymore. It was and set up in the month of March 2006 in Malibu (Point Dume Club) and I was to being and complete my work the last week of March. Due to the weather I ended up struggling through the month on March, April and May to complete the landscape because of the rainstorms. In that period of time I put over 2,800 miles on my truck to get the job done.

Presently now that the weather has changed with no more rainstorms the rest of the homes are coming off line and are being set into place as we speak. In addition to the original 35 homes she has sold 20 more that are slated for this year.

One relationship that I quickly developed in this area is with the Water Conservation Board in the County because we are liked minded when it comes to the environment. I just completed a design and installed a water-wise demonstration garden for teaching the public about how you can have a beautiful garden without wasting water. I was pleasantly surprised at the wonderful cover story that they are about to publish in their up-coming June Newsletter about the garden and my expertise. Already through the grapevine of my efforts with this project, I have secured a client in the area who has a 5-acre parcel to be landscape and work has already commenced as of last month.

My fiancé, Anthony Esquivel, has also made tremendous efforts rectify this horrible situation we are in. Even though he is not on title, this is his home too and he is working bell-to-bell to see we get through this. We were to be wed in March of this year. Due do these intricate circumstances; of course, it has been postponed, because the utmost importance to us is our home.

Aside from all of this, my mother (who is alone now) was diagnosed with Meniere's disease. Granted it is not life treating but it is life altering, where we had to make some changes in order to accommodate the situation.

I have never been in this type of situation where it seems everything that could go wrong did go wrong. It's not only embarrassing to me but it also goes against

MILLS000127

everything I stand for. But a breakthrough has been made and there is light at the end of the tunnel. With any situation, with a down there is always an up and it is my hopes that you recognize that this perplexing situation has come to a close you can assist me with keeping my home.

Sincerely,


Deborah Mills

MILLS000128

**<u>Exhibit G</u>**

June 5, 2006 Fax

**Deborah Mills**
**Plant Health Care Consultant/Landscape Designer**
*1880 Burnt Rock Way*
*Templeton, CA  93465*
*Cell: 805.302.7470*
*Land: 805.329-2432*

VIA FAX

ATTN: Carol Oats

AHM Loan # 1000930980

June 5, 2006

Dear Carol,

This letter shall serve as my request to postpone the sale of my home scheduled on June 7,2006 per our conversation this afternoon regarding my situation. I want to emphasize that the money is there and in the works.

To follow in this facsimile is a letter from a hard moneylender to show that the money shall be guaranteed and paid to American Home Mortgage plus an e-mail correspondence from by fiancé's business associate also backing our endeavors.

In our conversation I clearly stated that I have family members rallying to our cause and shall assist with our situation but this is a confirmation that the transaction shall occur with or without them and all avenues are being pursued.

The total amount of monies ($47,500.00) shall be paid as requested by Amanda Ellsworth in our prior discussions as of last week in order to postpone the sale of my home.


Sincerely,

Deborah Mills

PS I shall call you upon transmission of this fax.

4 pages total

EXHIBIT 67
Deponent Deborah Mills
Date 10/19/10  Rpt DS
WWW.DEPOBOOK.COM

MILLS000119

# *Market Place Properties LOC/B&B Investments*

June 1,2006

## LOAN COMMITMENT
### Owner occupied Transaction

**Borrower (s) Company name TBD with Personal Guarantee of Miss Deborah Mills**

**Subject Property:** 1880 Burnt Rock Way, Templeton C, 93465

**Loan Purpose:** Short term private, owner occupied

| | |
|---|---|
| **Loan Amount:** | $ 48,000 TBD… |
| **Interest Rate:** | 12.5% |
| **Term:** | 6 months |
| **Points:** | 10 |
| **Pre-payment:** | 90 Days |
| **Lien Position:** | 3rd mortgage postion |
| **Doc Prep Fee:** | $ 1,500 (Need check prior to drawing documents) |
| **Closing costs:** | Included in Loan Amount |

**Name of Lender: Market Place Properties LLC or its assignees**

**Pre-paid Interest: From** closing through 90 days
Included in loan amount

**Date offer expires: 06/07/06**
Acceptance of this loan contingent upon: Final property review and satisfactory review by lender of the following:

1) Borrowers acceptance of loan terms and conditions:
2) Borrower to provide the following Information
3) Proof of purchase price contract / Note
4) Borrower proof of income, tax returns, years
5) Satisfactory title report
6) Complete application and credit report provided by borrower/ broker

Market Place Properties/B&B
Sidnie Herrera
Office fax 951-346-3570

MILLS 000468

## Exhibit H

June 6, 2006 Fax

JUN-06-2006 12:41 PM    Deborah Mills                805-329-2432                P.01

**Deborah Mills**
**Plant Health Care Consultant/Landscape Designer**
*1880 Burnt Rock Way*
*Templeton, CA 93465*
*Cell: 805.302.7470*
*Land: 805.329-2432*

**VIA FAX**

ATTN: Carol Oats

AHM Loan # 1000930980

June 6, 2006

Dear Carol,

Per our conversation this morning it is our understanding the postponement of the sale of our home (1880 Burnt Rock Way, Templeton, CA 93465 re: loan number above) on June 7th, 2006 shall be put in place contingent on verification of funds being transferred to Anthony Esquivel which shall afford us another 10 business days to fully reinstate both loans with AHM in the total amount of $67,141.00 (sixty-seven thousand, one hundred and forty one dollars).

This letter serves the purpose that the above funds will be used to reinstate our loan and relationship with American Home Mortgage.

Thank you in advance.

Sincerely,

Deborah Mills & Anthony Esquivel

Attachment: Letter from First Fidelity Investments

Total pages 2

EXHIBIT 68
Deborah Mills
Deponent
Date 6/19/10    Rptr. C3
WWW.DEPOBOOK.COM

AHM_MILLS000355

## First fidelity financial

### F a x   c o v e r   s h e e t

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

**TO: Mr. Anthony Esquivel**

**C/O**

**Fax Number: 1-808 002-8498**

**From:**

Date: 06-06-2006

RE: Account Information

No. Pages: 2

### Information per your request

Neal Zuroch

AHM_MILLS000356

JUN-06-2006 12:42 PM  Deborah Mills          8052  2432              P.03
        01/01/1997  88:25  854452          SING BANK & TRUST      PAGE  82

# First Fidelity
*Investments*

Chesterfield Gardens P.O.Box Z114, Byden Shipton,BE20 1DJ,BD23 Voice/1XP 08-8481-8180-1212

Date: 08-06-2006

Anthony Esquivel
1880 Burent Rock Way
Templeton,CA 83486

Ref, Certificate Number; ZY87005

Dear Mr. Esquivel,
This letter will confirm that your request to liquidate seventy- five thousand ($75,000.00)  from your $125,000.00
Certificate of  Deposit funds has been approved and a wire transfer of funds  will be sent within the next five business
days.  Please be informed that a 21% early withdrawal penalty  will be accessed to your account.

Regards

*Ted Treyuer*

AHM_MILLS000357

JUN-06-2006 12:42 PM  Deborah Mills                805  2432                P.04



TRANSMISSION VERIFICATION REPORT

TIME  :  06/06/2006 12:19
NAME  :  THE UPS STORE 1551
FAX   :  8052378721
TEL   :  8052378727
SER.# :  000J5J701389

DATE,TIME        06/06  12:18
FAX NO./NAME     18564074861
DURATION         00:00:37
PAGE(S)          03
RESULT           OK
MODE             STANDARD
                 ECM

AHM_MILLS000358

**<u>Exhibit I</u>**

June 15, 2006 Fax

066585.1001

**Deborah Mills**
**Plant Health Care Consultant/Landscape Designer**
*1880 Burnt Rock Way*
*Templeton, CA  93465*
*Cell: 805.302.7470*
*Land: 805.329-2432*

VIA FAX *2nd Transmission*
*and; Carol Oats.*

ATTN: Amanda Ellsworth
Fax: 866-468-6331

AHM Loan # 1000930980

June 15, 2006

Dear Amanda,

I spoke to Carl Oats this morning since she was the person who put in place our postponement on the sale of our home. In our discussion she requested that I fax you confirmation that the funds were being transferred.

Per the following letter you can see what happened. We are now placed in the situation that most likely the funds shall not hit our account until June 22 or June 23rd (pending on your approval the request shall be placed). In order that we can get the monies  (via your wiring Instructions) comfortably we would need until the 26th of this month.

Thank you for your consideration and if you could be so kind as to let me know ASAP at 805-302-7479 we shall get the ball in the works.

Sincerely,
Deborah Mills

2 pages total

*P.S. Carol have a wonderful vacation!*

EXHIBIT 69
Deponent Deborah Mills
Date 6/19/10 Rptr. Liz
WWW.DEPOBOOK.COM

AHM_MILLS000343

01/01/1997  00:22  054452                          SING BANK & TRUST

# First Fidelity
**Investments**

Moving forward

Chesterfield Gardens P.O.Box Z114, Syden Shipton,SE26 4DJ,BD23 Voice/fXP 05-8491-5160-1212

Date 15-06-2006

Anthony Esquivel
1880 Burnt Rock Way
Templeton, CA 93465

Ref. Certificate Number: ZY87005

Dear Mr. Esquivel,

This letter shall confirm the events that have transpired in liquidating your seventy-five thousand ($75,000.00) from your $125,000.00 certificate of Deposit funds. The request was placed on the 07-06-2006 but due to the time change between London and the US the order was not expedited until 08-06-2006. The funds were to arrive no later than 14-06-2006.

It is unfortunate for me to inform you is what transpired is they had an incorrect account number for deposit, so as a direct result the funds were returned.

I am not positive where the error occurred but I take full responsibility in this matter since you have been a long-standing client and value your business. As a gesture of apology instead of the 21% early withdrawal penalty it will be assessed at only 20%.

Upon your approval we shall have to start the process over, which will take and additional five business days.

It is my deepest apology that this has transpired and I hope this has not caused you any inconvenience.

Regards

*Tai Todayari*

## **Exhibit J**

June 22, 2006 Fax

**Deborah Mills**
**Plant Health Care Consultant/Landscape Designer**
*1880 Burnt Rock Way*
*Templeton, CA  93465*
*Cell: 805.302.7470*
*Land: 805.239-2432*

VIA FAX

ATTN: Cal-Western

June 22, 2006 4:30 P.M Pacific Standard Time

RE: Trustee Sale # 108102701 and Trustee Sale # 108102801

To Whom It May Concern:

As requested by Cal-Western, this shall serve as written request for *postponement of one week* for the above Trustee sale numbers.

Funds to cure the default will not be certainly available until June 30, 2006.

Please inform me of reception and confirmation of this request by telephone at the following numbers

805-302-7374
805-239-2432

Thank you in advance for your cooperation.

Kindest Regards,

Deborah Mills



Δ π EXHIBIT 70
Deponent Deborah Mills
Date 10/19/10   Rptr. Lr 3
WWW.DEPOBOOK.COM

MILLS000120

**Exhibit K**

Mills Bankruptcy Petition and Related Schedules [Mills Bankr. D.I. 1]

Case 9:06-bk-10337-RR    Doc 1    Filed 06/26/06    Entered 06/26/06 09:16:29    Desc
Main Document    Page 1 of 13

Form B1 (Official Form ) - (Rev. 10/05)    2005 USBC, Central District of California

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>Mills, Deborah E | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>1422 | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State<br><br>1880 Burnt Rock Way<br>Templeton, CA<br><br>ZIPCODE<br>93465 | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>San Luis Obispo | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

| Type of Debtor (Form of Organization)<br>(Check one box.)<br><br>☒ Individual (includes Joint Debtors)<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)<br>State type of entity: | Nature of Business<br>(Check all applicable boxes)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3) | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box)<br><br>☒ Chapter 7    ☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9    ☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
|---|---|---|

Nature of Debts (Check one box)
☒ Consumer/Non-Business    ☐ Business

| Filing Fee (Check one box)<br><br>☒ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A<br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br><br>Check one box:<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million. |
|---|---|

| Statistical/Administrative Information<br><br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

FILED
JUN 2 6 2006
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

ORIGINAL



Δπ EXHIBIT 72
Deponent Deborah Mills
Date 10/19/10    Rptr. KB
WWW.DEPOBOOK.COM

Form B1 (Official Form 1) - (Rev. 10/05)     2005 USBC, Central District of California

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Deborah E Mills** | FORM B1, Page 2 |
|---|---|---|

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐   Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11 United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X _____   6/25/06<br>Signature of Attorney for Debtor(s)     Date<br>Vaughn C. Taus, Attorney at Law    120436 |
|---|---|

| Exhibit C<br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☒   No | Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s)<br><br>☒ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances (Must attach certification describing.) |
|---|---|

**Information Regarding the Debtor (Check the Applicable Boxes)**

**Venue** (Check any applicable box)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition.

Form B1 (Official Form ) - (Rev. 10/05)    2005 USBC, Central District of California

| Voluntary Petition | Name of Debtor(s): | FORM B1, Page 3 |
| (This page must be completed and filed in every case) | Deborah E Mills | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition]- I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Deborah Mills_
Signature of Debtor    Deborah E Mills

X Not Applicable
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

_6/88/06_
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

Vaughn C. Taus, Attorney at Law, 120436
Printed Name of Attorney for Debtor(s) / Bar No.

Vaughn C. Taus Law Office
Firm Name

1042 Pacific Street, Suite D  San Luis Obispo, CA 93401
Address

(805) 542-0155        (805) 542-0234
Telephone Number

_6/25/06_
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X Not Applicable
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative of a Recognized Foreign Proceeding

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign proceeding is attached.

X Not Applicable
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.§110 setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

Not Applicable
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.)

Address

X Not Applicable
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

STATEMENT OF RELATED CASES
INFORMATION REQUIRED BY LOCAL RULE 1015-2
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**CH. 7 1989**
**Los Angeles, CA, Discharged**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____ , California

_____
Debtor

Dated: _6|25|06_

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004                                                                                   F 1015-2.1

Case 9:06-bk-10337-RR·   Doc 1   Filed 06/26/06   Entered 06/26/06 09:16:29   Desc
Main Document       Page 5 of 13

Form B6D - (10/05)                                                    2005 USBC, Central District of California

| re  Deborah E Mills | Case No.: | |
|---|---|---|
| | Debtor. | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last Four Digits of ACCOUNT NO.   1000930980 American Home Mortgage Servicing PO Box 631730 Irving, TX 75063-1730 | | | Mortgage 1880 Burnt Rock Way Templeton, CA 93465 VALUE $1,375,000.00 | | | | 199,936.09 | 0.00 |
| Last Four Digits of ACCOUNT NO.   1000928512 American Home Mortgage Servicing PO Box 631730 Irving, TX 75063-1730 | | | 1000930980 Mortgage 1880 Burnt Rock Way Templeton, CA 93465 VALUE $1,375,000.00 | | | | 961,497.40 | 0.00 |
| Four Digits of OUNT NO.   061-9008-82786 GMAC PO Box 12699 Glendale, AZ 85318 | | | Deed of Trust 2002 GMC Sonoma VALUE $5,805.00 | | | | 8,989.07 | 3,184.07 |

0 Continuation sheets attached

| | | |
|---|---|---|
| Subtotal [Total of this page] | | $1,170,422.56 |
| Total | | $1,170,422.56 |

(Report total also on Summary of Schedules)

Form B6E - (Rev. 10/05)                                                                                    2005 USBC, Central District of California

| In re    Deborah E Mills | Case No.: |
|---|---|
| Debtor. | (If known) |

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☑ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals:** Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

____1____ Continuation sheets attached

Form B6E - (Rev 10/05)                                                          2005 USBC, Central District of California

| ᒥ re | Deborah E Mills | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

Extensions of Credit in an Involuntary Case
TYPE OF PRIORITY

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Internal Revenue Service**<br>**United States Dept. of the Treasury**<br>**5104 N. Blythe Ave.**<br>**Fresno, CA 93722.** | | | | | | | Approx.<br>11000 | Approx.<br>11000 |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotal<br>(Total of this page) | $0.00 | $0.00 |
|---|---|---|---|
| | Total<br>(Use only on last page of the completed Schedule E)<br>(Report total also on Summary of Schedules) | $0.00 | $0.00 |

Form B6F (Official Form 6F) - (Rev. 10/05)                                                    2005 USBC, Central District of California

| re | Deborah E Mills | Debtor. | Case No.: | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    4121742071977404<br><br>Capital One Bank<br>PO Box 85520<br>Richmond, VA 23285 | | | Credit Card, Last Statement Dated 11-9-05 | | | | 1,135.92 |
| ACCOUNT NO.    4082-1325-5085-6390<br><br>Capital One F.S.B.<br>PO Box 60067 | | | Credit Card, Last Statement Dated 1-19-06 | | | | 11,095.64 |
| ACCOUNT NO.<br><br>CB USA<br>CCS Gray OPS Center<br>Gray, TN 37615 | | | Credit Card, Last Statement Dated | | | | 5.00 |
| ACCOUNT NO.    5424-1808-4728-3089<br><br>Citi<br>PO Box 6500<br>Sioux Falls, SD 57117 | | | Credit Card, Last Statement Dated 12-2-05 | | | | 12,696.06 |
| ACCOUNT NO.    5177-6073-7021-9428<br><br>First Premier Bank<br>PO Box 5147<br>Sioux Falls, SD 57116-5147 | | | Credit Card, Last Statement Dated 12/27/05 | | | | 498.32 |

1  Continuation sheets attached

Subtotal

Total
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules)

$25,430.94

Case 9:06-bk-10337-RR    Doc 1    Filed 06/26/06    Entered 06/26/06 09:16:29    Desc
Main Document        Page 9 of 13

Form B6F (Official Form 6F) - (Rev. 10/05)                                    2005 USBC, Central District of California

| ᴿᵉ | Deborah E Mills | | Case No.: | | |
|----|----|----|----|----|----|
| | | Debtor. | | (If known) | |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|----|----|----|----|----|----|----|----|
| ACCOUNT NO.    6035-3200-0746-2246 | | | | | | | 1,963.04 |
| Home Depot Credit Services PO Box 6028 The Lakes, NV 88901-6028 | | | Credit Card, Last Statement Dated 12-9-06 | | | | |
| ACCOUNT NO.    038-7316-300    - | | | | | | | 1,004.17 |
| Kohls N56 W W17000 Ridgewood, Dr Menomonee Falls 53051 | | | Credit Card, Last Statement Dated 11-04-05 | | | | |
| ACCOUNT NO.    749-74694465-870 | | | | | | | 12,128.59 |
| MBNA America PO Box 15026 Wilmington, DE19801 | | | Credit Card, Last Statement Dated 12-1-05 | | | | |
| ACCOUNT NO.    4355-7783-5400-0055 | | | | | | | 16,012.95 |
| US Bank PO Box 790408 St Louis, MO 63179-0408 | | | Credit Card, Last Statement Dated 1-9-06 | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | Subtotal ➤ | $31,108.75 |
|----|----|----|
| | (Total of this page) | |
| | Total ➤ | $56,539.69 |
| | (Use only on last page of the completed Schedule F.) | |
| | (Report also on Summary of Schedules) | |

Verification of Creditor Mailing List – (Rev. 10/05)                    2003 USBC, Central District of California

## MASTER MAILING LIST
### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name     Vaughn C. Taus, Attorney at Law
Address  Vaughn C. Taus Law Office
         1042 Pacific Street, Suite D
         San Luis Obispo, CA 93401
Telephone  (805) 542-0155
☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | |
|---|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**Deborah E Mills** | Case No.: | |
| | Chapter: | 7 |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____3_____ sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: 6/25/06

Deborah E Mills, Debtor

Vaughn C. Taus, Attorney at Law, Attorney *(if applicable)*

Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

Vaughn C. Taus, Attorney at Law
Vaughn C. Taus Law Office
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401

First Premier Bank
PO Box 5147
Sioux Falls, SD 57116-5147

American Home Mortgage Servicing
PO Box 631730
Irving, TX 75063-1730

Capital One Bank
PO Box 85520
Richmond, VA 23285

Capital One F.S.B.
PO Box 60067

CB USA
CCS Gray OPS Center
Gray, TN 37615

Citi
PO Box 6500
Sioux Falls, SD 57117

GMAC
PO Box 12699
Glendale, AZ 85318

Home Depot Credit Services
PO Box 6028
The Lakes, NV
88901-6028

Internal Revenue Service
United States Dept. of the Treasury
5104 N. Blythe Ave.
Fresno, CA 93722.

Kohls
N56 W W17000
Ridgewood, Dr
Menomonee Falls 53051

MBNA America
PO Box 15026
Wilmington, DE
19801

MBNA America
PO Box 15026
Wilmington, DE19801

US Bank
PO Box 790408
St Louis, MO 63179-0408

## United States Bankruptcy Court
## Central District Of California

| In re:<br>Deborah E Mills | CHAPTER NO.: 7 |
|---|---|
| | CASE NO.: 9:06–bk–10337 |

## NOTICE OF CASE DEFICIENCY
## UNDER 11.U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

**To Debtor and Debtor's Attorney of Record,**

Pursuant to F.R.B.P. 1007, you must file the following documents within 15 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.

**Schedule B**
**Schedule C**
**Schedule G**
**Schedule A**
**Schedule H**
**Statement – Form 22A**
**Schedule I**
**Schedule J**
**Stmt. of Fin. Affairs**
**Employee Income Record**

Even if the indicated document are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.

According to 11 U.S.C. § 521(i)(1) and § 521(i)(3), and subject to 11 U.S.C. 521(i)(4), if your case is not already dismissed and you have not done one of the following within 45 days after the date of your petition, the Court will DISMISS YOUR CASE EFFECTIVE ON THE FORTY–SIXTH (46TH) DAY AFTER THE DATE OF THE FILING OF THE PETITION WITHOUT FURTHER NOTICE:

(1)    File the above-referenced documents and the proper number of copies [Local Bankruptcy Rule 1002–1]:

   Chapter 7    1 Original and 4 Copies

OR

(2)    File and serve a motion for an order extending the time to file the required document(s).

BY ORDER OF THE COURT
Dated: <u>June 26, 2006</u>

JON D. CERETTO, CLERK OF COURT

By: <u>Rori Alexander</u>
Deputy Clerk

1 / RAL

| In re:<br>Deborah E Mills | CASE NO.: 9:06-bk-10337 |
|---|---|

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the above County, State of California. I am over the age of 18 years and not a party of the within action. My business address is as follows:

U.S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101-2511

I served the within NOTICE OF CASE DEFICIENCY UNDER 11. U.S.C. § 521(a)(1) BANKRUPCTY RULES § 1007

On June 26, 2006, to the debtor(s) and debtor's attorney in said action by placing a true copy thereof enclosed in sealed envelope with postage thereon, fully prepaid, in the United States mail at 1415 State Street, Santa Barbara, CA 93101-2511 addressed as follows:

DEBTOR(S) NAME AND ADDRESS:
Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

ATTORNEY(S) NAME AND ADDRESS:
Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Executed on June 26, 2006, at 1415 State Street, Santa Barbara, CA 93101-2511 addressed as follows:

I declare, under penalty of perjury, that the foregoing is true and correct.

Deputy Clerk's Signature

## United States Bankruptcy Court
## Central District Of California

| In re:<br>Deborah E Mills | CHAPTER NO.: 7 |
|---|---|
| | CASE NO.: 9:06–bk–10337 |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

A.    You must cure the following within 15 days from filing of your petition:

☑  Notice of Available Chapters signed by Debtor(s). [11 U.S.C. §342(b); Local Rule 1002–1(g)]
☑  Summary of Schedules (Form B6). [Local Rule 1002–1(g)]
☑  Signed Declaration Concerning Debtor's Schedules (Form B6). [Local Rule 1002–1(g)]
☑  Disclosure of Compensation of Attorney for Debtor, Certified by Attorney. [11 U.S.C. §329; F.R.B.P. 2016(b); Local Rule 1002–1(g)]

☑  Declaration of Attorney's Limited Scope of Appearance . [Local Rule 2090–1(a); 1002–1(g)]
☑  Certificate of Credit Counseling as required by § 521(b)(1), § 109(h)(1), and F.R.B.P. 1007(b)(3), or a Certification of Exigent Circumstances under § 109(h)(3), or a request for determination by the court under 109(h)(4).
☑  Debt Repayment Plan (if any)[11 U.S.C. § 521(b)(2); F.R.B.P. 1007(b)(3)]

B.    You must file the Chapter 7 Individual Debtor's Statement of Intention [11 U.S.C. § 521] within 30 days from filing of your petition. [Local Rule 1002–1(g)]

For all items above you must file the original and the following number of copies [Local Rule 1002–1]:

　　　　Chapter 7    1 Original and 4 Copies

Please return the original or copy of this form with all required items to the following location:

　　　　1415 State Street, Santa Barbara, CA 93101–2511

If you have any questions, please contact the below–referenced Deputy Clerk:

Dated: June 26, 2006

JON D. CERETTO, CLERK OF COURT

By: Rori Alexander
Deputy Clerk

1 / RAL

Case 9:06-bk-10337-RR    Doc 1-2    Filed 06/26/06    Entered 06/26/06 09:16:29    Desc
ccdn    Page 2 of 2

| In re:<br>Deborah E Mills | CASE NO.: 9:06-bk-10337 |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the above County, State of California. I am over the age of 18 years and not a party of the within action. My business address is as follows:

U.S. Bankruptcy Court, 1415 State Street, Santa Barbara, CA 93101-2511

I served the within **CASE COMMENCEMENT DEFICIENCY NOTICE**

On June 26, 2006, to the debtor(s) and debtor's attorney in said action by placing a true copy thereof enclosed in sealed envelope with postage thereon, fully prepaid, in the United States mail at 1415 State Street, Santa Barbara, CA 93101-2511 addressed as follows:

|  DEBTOR(S) NAME AND ADDRESS:  |  ATTORNEY(S) NAME AND ADDRESS:  |
|---|---|
| Deborah E Mills | Vaughn C. Taus |
| 1880 Burnt Rock Way | 1042 Pacific Street Suite D |
| Templeton, CA 93465 | San Luis Obispo, CA 93401 |

Executed on June 26, 2006, at 1415 State Street, Santa Barbara, CA 93101-2511 addressed as follows:

I declare, under penalty of perjury, that the foregoing is true and correct.

Deputy Clerk's Signature

## Exhibit L

Mills Bankruptcy Additional Schedules and SOFA [Mills Bankr. D.I. 10]

1 | VAUGHN C. TAUS, ATTORNEY AT LAW
  | Vaughn C. Taus #120436
2 | 1042 Pacific Street
  | San Luis Obispo, CA  93406
3 | (805) 542-0155

4 | Attorney for Debtor. DEBORAH MILLS

```
FILED

JUL 11 2006

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY
Deputy Clerk
```

5

6 |          UNITED STATES BANKRUPTCY COURT

7 |            CENTRAL DISTRICT OF CALIFORNIA

8

9 | In re                              )    9:06-bk-10337-RR
                                      )
10 |                                  )    Chapter 7
                                      )
11 |       Deborah Mills              )    SCHEDULE A, SCHEDULE B,
                                      )    SCHEDULE C,
12 |                                  )    SCHEDULE G, SCHEDULE H,
                                      )    SCHEDULE I, SCHEDULE J,
13 | _____    )    SUMMARY OF SCHEDULES,
                                           DECLARATION CONCERNING DEBTOR'S
14 |                                        SCHEDULES, DECLARATION RE:
                                           LIMITED SCOPE OF APPEARANCE,
15 |                                        DISCLOSURE OF COMPENSATION OF
                                           ATTORNEY FOR DEBTOR, STATEMENT
16 |                                        OF FINANCIAL AFFAIRS, INDIVIDUAL
                                           DEBTOR'S STATEMENT OF INTENTION,
17 |                                        STATEMENT OF CURRENTMONTHLY
                                           INCOME AND MEANS TEST
18 |                                        CALCULATION, DEBTOR'S
                                           CERTIFICATION OF COMPLETION OF
19 |                                        INSTRUCTIONAL COURSE CONCERNING
                                           PERSONAL FINANCIAL MANAGEMENT,
20 |                                        NOTICE OF AVAIALABLE CHAPTERS,
                                           STATEMENT OF MONTHLY INCOME

21

22

23

24

25

26

27

28 | CHAPTER 7 PETITION

△ π̅ EXHIBIT 73
Deponent Deborah Mills
Date 1/19/10  Rptr. Liz
WWW.DEPOBOOK.COM

Form B6A - (10/05)

| In re  Deborah Mills | Debtor. | Case No.: | (If known) |
|---|---|---|---|

2005 USBC, Central District of California

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1880 Burnt Rock Way Templeton, CA 93465 | | | $1,350,000.00 | $1,161,433.49 |
| | | Total ➤ | $1,350,000.00 | |

(Report also on Summary of Schedules.)

Form B6B - (10/05)                                                                 2005 USBC, Central District of California

| In re  Deborah Mills | Debtor. | Case No.: 9:06-bk-10337-RR | (If known) |
|---|---|---|---|

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand | | Earnings made within the last month | | 5,568.83 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account #2409293311 Mid-State Bank and Trust | | 42.93 |
| | | Savings Acount #198-642009-9 Washington Mutual | | 110.93 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Household Furnishings | | 200.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Misc. Clothing | | 100.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Form B6B - (10/05)

2005 USBC, Central District of California

| In re Deborah Mills | | Case No.: | |
|---|---|---|---|
| | Debtor. | 9:06-bk-10337-RR | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Claim against American Eagle Moving Company for stolen property | | 20,000.00 |

Form B6B - (10/05)

2005 USBC, Central District of California

| In re  Deborah Mills | | Case No.: | |
|---|---|---|---|
| | Debtor. | 9:06-bk-10337-RR | (If known) |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 GMC Sonoma | | 5,805.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |

Form B6B - (10/05)

2005 USBC, Central District of California

| In re  Deborah Mills | Case No.' | |
|---|---|---|
| Debtor. | 9:06-bk-10337-RR | (If known) |

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | |

      <u>3</u>   continuation sheets attached

$ 31,827.69

(include amounts from any continuation sheets
attached. Report total also on Summary of
Schedules.)

2005 USBC, Central District of California

Form B6C - (10/05)

| In re  Deborah Mills | | Case No.: |
|---|---|---|
| | Debtor. | 9:06-bk-10337-RR    (If known) |

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $125,000.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1880 Burnt Rock Way Templeton, CA 93465 | C.C.P. § 704.730(a)(3) | 75,000.00 | 1,350,000.00 |
| Checking Account #2409293311 Mid-State Bank and Trust | C.C.P. § 703.140(b)(5) | 42.93 | 42.93 |
| Earnings made within the last month | C.C.P. § 704.070 | 5,568.83 | 5,568.83 |
| Household Furnishings | C.C.P. § 703.140(b)(3) | 200.00 | 200.00 |
| Misc. Clothing | C.C.P. § 704.020 | 100.00 | 100.00 |
| Savings Acount #198-642009-9 Washington Mutual | C.C.P. § 703.140(b)(5) | 110.93 | 110.93 |

Form B6G - (10/05)                                                        2005 USBC, Central District of California

| In re    Deborah Mills | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

2005 USBC, Central District of California

Form B6H - (10/05)

| In re    Deborah Mills | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Form B6I - (Rev. 10/05)                                                                                      2005 USBC, Central District of California

| In re   Deborah Mills | Case No.: | |
|---|---|---|
| Debtor. | | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | | |
| Employment: | DEBTOR | SPOUSE |
| Occupation | Self Employed; Landscape Design | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

Income: (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 0.00 | $ |
| 2. Estimate monthly overtime | $ | 0.00 | $ |
| 3. SUBTOTAL | $ | 0.00 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | 0.00 | $ |
| b. Insurance | $ | 0.00 | $ |
| c. Union dues | $ | 0.00 | $ |
| d. Other (Specify) | $ | 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ |
| 7. Regular income from operation of business or profession or firm (attach detailed statement) | $ | 5,568.83 | $ |
| 8. Income from real property | $ | 0.00 | $ |
| 9. Interest and dividends | $ | 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ |
| 11. Social security or other government assistance (Specify) | $ | 0.00 | $ |
| 12. Pension or retirement income | $ | 0.00 | $ |
| 13. Other monthly income (Specify) | $ | 0.00 | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 5,568.83 | $ |
| 15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 5,568.83 | $ |

16. TOTAL COMBINED MONTHLY INCOME        $ 5,568.83                    (Report also on Summary of Schedules)

17. Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

NONE

Form B6J - (Rev. 10/05)

2005 USBC, Central District of California

| In re  Deborah Mills | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

|  |  |  |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 6,488.00 |
| a. Are real estate taxes included?  Yes _____  No ✓ | | |
| b. Is property insurance included?  Yes _____  No ✓ | $ | 110.00 |
| 2. Utilities: a. Electricity and heating fuel | $ | 90.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 250.00 |
| 4. Food | $ | 50.00 |
| 5. Clothing | $ | 25.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 125.00 |
| 8. Transportation (not including car payments) | $ | 75.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | $ | 85.00 |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 75.00 |
| d. Auto | $ | 584.00 |
| e. Other Property Taxes | $ | 953.00 |
| Self Employment Tax | | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | $ | 302.00 |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| 14. Alimony, maintenance or support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 1,237.66 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | | |
| 18. ALL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 10,499.66 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---|
| a. Total monthly income from Line 16 of Schedule I | $ | 5,568.83 |
| b. Total monthly expenses from Line 18 above | $ | 10,499.66 |
| c. Monthly net income (a. minus b.) | $ | -4,930.83 |

Form B6 Dec - Continued (Rev/ 10/05)

2005 USBC, Central District of California

| In re   Deborah Mills | Case No.: | |
|---|---|---|
| Debtor. | | (If known) |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary of schedules, consisting of _____**11**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1)

Date: _07 / 07 / 06_                   Signature: _Deborah Mills_
                                                      Deborah Mills

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

### (NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or
imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form B6 - (10/05)

2005 USBC, Central District of California

### United States Bankruptcy Court
### Central District of California

| In re  Deborah Mills | | Case No.: 9:06-bk-10337-RR |
|---|---|---|
| | Debtor. | Chapter  7 |

## SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $      1,350,000.00 | | |
| B - Personal Property | YES | 4 | $          31,827.69 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 0 | | $      1,170,422.56 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 0 | | $          1,100.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $          56,539.69 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $          5,568.83 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $          10,499.66 |
| Total | | | $      1,381,827.69 | $      1,228,062.25 | |

Statement of Financial Affairs (Form 7) - Page 1 - (Rev. 10/05)                                          2005 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re   Deborah Mills | | Case No.: |
|---|---|---|
| | Debtor. | 9:06-bk-10337-RR          (If known) |

## STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 56,054.00 | Self Employed Landscape Design | 2004 |
| 115,810.00 | Self Employed Landscape Design | 2005 |
| 30,823.00 | Self Employed Landscape Design | Year to date 2006 |

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 23,599.00 | Sale of property | 2004 |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a.   *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

Statement of Financial Affairs (Form 7) – Page 2 – (Rev. 10/05)　　　　　　　　　　　　　　　　2005 USBC, Central District of California

None
☑

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

c.  *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Peter Kuehn v. Deborah Mills CIV 232847 | Suit for Money | Superior Court Ventura County | Dismissed |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 10/05)                                      2005 USBC, Central District of California

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale,
transferred through a deed in lieu of foreclosure or returned to the seller, within one year
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE<br>TRANSFER OR RETURN | DESCRIPTION<br>AND VALUE OF<br>PROPERTY |
|---|---|---|

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within 120 days
immediately preceding the commencement of this case.  (Married debtors filing under chapter 12
or chapter 13 must include any assignment by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF ASSIGNEE | DATE OF<br>ASSIGNMENT | TERMS OF<br>ASSIGNMENT<br>OR SETTLEMENT |
|---|---|---|

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official
within one year immediately preceding the commencement of this case.  (Married debtors filing
under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

None
☑

| NAME AND ADDRESS<br>OF CUSTODIAN | NAME AND ADDRESS<br>OF COURT<br>CASE TITLE & NUMBER | DATE OF<br>ORDER | DESCRIPTION<br>AND VALUE OF<br>PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within one year immediately preceding the
commencement of this case except ordinary and usual gifts to family members aggregating less
than $200 in value per individual family member and charitable contributions aggregating less
than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts
or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF PERSON<br>OR ORGANIZATION | RELATIONSHIP<br>TO DEBTOR,<br>IF ANY | DATE<br>OF GIFT | DESCRIPTION<br>AND VALUE OF<br>GIFT |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 4 - (Rev. 10/05)                    2005 USBC, Central District of California

## 8. Losses

None
☐

List all losses from fire, theft, other casualty or gambling within one year immediately preceding
the commencement of this case or since the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Electronics, camera, computer, various household goods. $20,000.00 | American Eagle Moving Company | 08/01/2005 |

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons,
including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law
or preparation of a petition in bankruptcy within one year immediately preceding the commencement
of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Vaughn C. Taus 1042 Pacific Street, Suite D San Luis Obispo, CA 93401 | 7/7/06 | 2500 |

## 10. Other transfers

None
☐

a.  List all other property, other than property transferred in the ordinary course of the business or
financial affairs of the debtor, transferred either absolutely or as security within two years
immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include transfers by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Betsy Held 11100 Telegraph Ave. Ventura, CA 93004 | 04/01/2005 | 11100 Telegraph Ave. Ventura, CA 93004  $190,000.00 |

None
☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case
to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 5 - (Rev. 10/05)                    2005 USBC, Central District of California

## 11. Closed financial accounts

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of
☐       the debtor which were closed, sold, or otherwise transferred within one year immediately preceding
        the commencement of this case. Include checking, savings, or other financial accounts,
        certificates of deposit, or other instruments; shares and share accounts held in banks, credit
        unions, pension funds, cooperatives, associations, brokerage houses and other financial
        institutions. (Married debtors filing under chapter 12 or chapter 13 must include information
        concerning accounts or instruments held by or for either or both spouses whether or not a joint
        petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Santa Barbara Bank & Trust PO BOX 60839 Santa Barbara, CA 93160-0839 | Checking Acct. #2350 0 | 11/17/05 0.00 |
| Santa Barbara Bank and Trust PO BOX 60839 Santa Barbara, CA 93160-0839 | Checking Account #4266 | 11/17/05 0.00 |

## 12. Safe deposit boxes

None    List each safe deposit or other box or depository in which the debtor has or had securities,
☑       cash, or other valuables within one year immediately preceding the commencement of this case.
        (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either
        or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
        joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor
☑       within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12
        or chapter 13 must include information concerning either or both spouses whether or not a joint
        petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None    List all property owned by another person that the debtor holds or controls.
☑

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 6 - (Rev. 10/05)                    2005 USBC, Central District of California

## 15. Prior address of debtor

None
☐

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 11100 Telegraph Rd #50<br>Ventura, CA 93004 | Deborah Mills | 3/03-3/05 |

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND<br>ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND<br>ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 10/05)                                                2005 USBC, Central District of California

c.   List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

## 18.  Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Deborah Mills | | 1880 Burnt Rock Way Templeton, CA 93465 | Landscape Design | 01/01/1995 07/07/2006 |

b.       Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|
| | |

## 19.  Books, records and financial statements

None
☐

a.  List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Deborah Mills 1880 Burnt Rock Way Templeton, CA 93465 | 1/1/95 - 7/7/06 |

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| | |

Statement of Financial Affairs (Form 7) – Page 6 – (Rev. 10/05)                           2005 USBC, Central District of California

c.  List all firms or individuals who at the time of the commencement of this case were in
possession of the books of account and records of the debtor.  If any of the books of account and
records are not available, explain.

None
☐

| NAME | ADDRESS |
|------|---------|
| Deborah Mills | 1880 Burnt Rock Way<br>Templeton, CA 93465 |

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies,
to whom a financial statement was issued by the debtor within two years immediately preceding the
commencement of this case by the debtor.

None
☐

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| American Home Mortgage<br>PO BOX 631730<br>Irving, TX 75063-1730 | 08/01/2005 |

## 20.  Inventories

None
☑

a.  List the dates of the last two inventories taken of your property, the name of the person who
supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|-------------------|----------------------|--------------------------------------------------------------------|

b.  List the name and address of the person having possession of the records of each of the two
inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN<br>OF INVENTORY RECORDS |
|-------------------|---------------------------------------------------------|

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each
member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each
stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting
securities of the corporation.

None
☑

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|------------------|-------|---------------------------------------------|

Statement of Financial Affairs (Form 7) - Page 9 - (Rev. 10/05)                    2005 USBC, Central District of California

## 22. Former partners, officers, directors and shareholders

None
☑

  a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

  b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

## 23. Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

## 24. Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six years immediately preceding the commencement of the case.

| NAME  OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

## 25. Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NAME  OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

Statement of Financial Affairs (Form 7) – Page 8 - (Rev. 10/05)                                        2005 USBC, Central District of California

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement
of financial affairs and any attachments thereto and that they are true and correct.

Date  07/07/06                    Signature
                                  of Debtor    Deborah Mills

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re   Deborah Mills

Debtor.

Case No.

Chapter    7

## STATEMENT OF MONTHLY NET INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor |
|---|---|
| Six months ago | $ 6,950.00 |
| Five months ago | $ 2,843.00 |
| Four months ago | $ 6,125.00 |
| Three months ago | $ 10,400.00 |
| Two months ago | $ 6,070.00 |
| Last month | $ 1,025.00 |
| Income from other sources | $ 0.00 |
| Total gross income for six months preceding filing | $ 33,413.00 |
| Average Monthly Gross Income | $ 5,568.83 |
| Average Monthly Net Income | $ 3378.17 |

Attached are all payment advances received by the undersigned debtor prior to the petition date, I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

Dated: 07/07/06

Deborah Mills
Debtor

B201 - Notice of Available Chapters (Rev. 04/05)                                    USBC, Central District of California

Name:
Address:    Law Office of Vaughn Taus
            1042 Pacific Street
            San Luis Obispo, CA 93401

Telephone: _____    Fax: _____

☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>Deborah Mills | Case No.:<br>9:06-bk-10337-RR<br><br>**NOTICE OF AVAILABLE<br>CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

1. Services Available from Credit Counseling Agencies

   With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

   In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors
   Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

   1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

USBC, Central District of California

B201 - Notice of Available Chapters (Rev. 04/06)

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:** Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:** Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3. **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

WARNING: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____                    _____        _____
Printed Name of Attorney                                          Signature of Attorney                            Date

Address:

Law Office of Vaughn Taus
1042 Pacific Street
San Luis Obispo, CA 93401

B201 - Notice of Available Chapters (Rev. 04/06)                                          USBC, Central District of California

**Certificate of the Debtor**

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Deborah Mills                                          X _____

Printed Name(s) of Debtor                              Deborah Mills

                                                       Signature of Debtor                          Date

Case No. (if known)  9:06-bk-10337-RR

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)　　　　　　　　　　　　　1998 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | Case No.: |
|---|---|
| In re<br><br>Deborah Mills<br><br>　　　　　　　　　　　　　　Debtor. | **DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept 　　　　　　　　　　$ 　　　　2,500.00

    Prior to the filing of this statement I have received 　　　　　$ 　　　　2,500.00

    Balance Due 　　　　　　　　　　　　　　　　　　　　　　$ 　　　　　0.00

2. The source of compensation paid to me was:

    ☒ Debtor 　　　　　　　　　☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☐ Debtor 　　　　　　　　　☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e) [Other provisions as needed]
    None

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

    Opposing any action to determine a debt non-dischargeable; bringing any action to determine a debt dischargeable; opposing any action seeking relief from the automatic stay; opposing any adversary proceedings; bringing or opposing any appeal arising out of or in connection with the bankruptcy case; opposing efforts to dismiss the case. All additional services at $275.00 per hour for attorney time, plus expenses.

Form B203- Disclosure of Compensation of Attorney for Debtor- (1/88)

1998 USBC, Central District of California

| | |
|---|---|
| In re    Deborah Mills | Case No.: |
| Debtor. | (If known) |

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

7/7/06

Date

Signature of Attorney

Law Office of Vaughn Taus

Name of Law Firm

Attorney or Party Name, Address, Telephone and FAX Number, and California State Bar No.    FOR COURT USE ONLY

Vaughn C. Taus
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401

*Attorney for* Deborah Mills

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

Deborah Mills

CHAPTER    7

CASE NUMBER

Debtor.

(No Hearing Required)

## DECLARATION RE:  LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.  I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.  On *(specify date)*    06/25/2006            , I agreed with the Debtor that for a fee of            $2,500.00 , I
    would provide only the following services:

    a.  ☑  Prepare and file the Petition and Schedules

    b.  ☑  Represent the Debtor at the 341(a) Hearing

    c.  ☑  Represent the Debtor in any relief from stay actions

    d.  ☑  Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to
        11 U.S.C. § 727

    e.  ☑  Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under
        11 U.S.C. § 523

    f.  ☑  Other *(specify):*
        **No other services provided for this fee.**

3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
    correct and that this declaration was executed on the following date at the city set forth in the upper left-hand
    corner of this page.

Dated:  7/7/06

Law Office of Vaughn Taus

*Law Firm Name*

I HEREBY APPROVE THE ABOVE:

By:

*Deborah Mills, Signature of Debtor*

Name:

*Attorney for Debtor*

2005 USBC, Central District of California

Form 23  (Official Form 23) - (Rev. 10/05)

# UNITED STATES BANKRUPTCY COURT
## Central District of California

| In re  Deborah Mills | | Case No.: |
|---|---|---|
| | Debtor. | Chapter:    7 |

## DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT

*[Complete one of the following statements.]*

☑ I,    Deborah Mills                              , the debtor(s) in the above-
        (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that on  06/26/2006    I completed an instructional
                                    (Date)
course in personal financial management provided by    Consumer Credit Counseling Service of Greater Atlanta, INC.
                                                       (Name of Provider)
an approved personal financial management instruction provider. If the provider furnished a
document attesting to the completion of the personal financial management instructional course, a
copy of that document is attached.

☐ I,                                                 , the debtor(s) in the above-
        (Printed Name(s) of Debtor and Joint Debtor, if any)
styled case hereby certify that no personal financial management course is required, because:
*[Check the appropriate box.]*

☐ I am incapacitated or disabled, as defined in 11 U.S.C. § 109(h)

☐ I am on active military duty in a military combat zone; or

☐ I reside in a district in which the United States trustee (or the bankruptcy administrator, if any)
has determined that the approved instructional courses are not adequate at this time to serve the
additional individuals who would otherwise be required to complete such courses.

Signature of Debtor:  *Deborah Mills*
                      Deborah Mills

Date: 07/07/06

Certificate Number: 02114-cac-cc-000491663

## CERTIFICATE OF COUNSELING

I CERTIFY that on 06-26-2006, DEBORAH E. MILLS received from Consumer Credit Counseling Service of Greater Atlanta, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Central District of California, an individual [or group] briefing (including a briefing conducted by telephone or on the Internet) that complied with the provisions of 11 U.S.C. §§ 109(h) and 111. A debt repayment Plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

Date: 06-26-2006                    By    /s/ TROY DUNBAR

                                    Name   TROY DUNBAR

                                    Title  Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

1

Form B8 (Official Form 8) – (Rev. 10/05)                                        2005 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT |
| Central District of California |

| In re  Deborah Mills | Debtor. | Case No.: |
| | | Chapter:    7 |

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

☐  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☑  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1.  1880 Burnt Rock Way Templeton, CA 93465 | American Home Mortgage Servicing | | | | X |
| 2.  1880 Burnt Rock Way Templeton, CA 93465 | American Home Mortgage Servicing | | | | X |
| 3.  2002 GMC Sonoma | GMAC | | | | X |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| None | | |

Date: 07/07/06

Deborah Mills
Signature of Debtor

Form B22A (Chapter 7) (10/05)

In re  Deborah Mills
_____
        Debtor(s)

Case Number:  9:06-bk-10337-RR
_____
        (if known)

| According to the calculations required by this statement: |
|---|
| ☐ The presumption arises |
| ☒ The presumption does not arise |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

## STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
### FOR USE IN CHAPTER 7 ONLY

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| | Part I. EXCLUSION FOR DISABLED VETERANS |
|---|---|
| 1. | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the "Presumption does not arise" box at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ Veteran's Declaration. By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |

| | Part II. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2. | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☒ Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11. <br> b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only Column A ("Debtor's Income") for Lines 3-11. <br> c. ☐ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11. <br> d. ☐ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11. | | |
| | All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | **COLUMN A DEBTOR'S INCOME** | **COLUMN B SPOUSE'S INCOME** |
| 3. | Gross wages, salary, tips, bonuses, overtime, commissions. | $ | $ |
| 4. | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V. <table><tr><td>a.</td><td>Gross Receipts</td><td>$ 5,568.83</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 1,237.66</td></tr><tr><td>c.</td><td>Business income</td><td>Subtract Line b from Line a</td></tr></table> | $4,331.17 | $ |
| 5. | Rent and other real property income. Subtract Line b from Line a and enter the difference on Line 4. Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V. <table><tr><td>a.</td><td>Gross Receipts</td><td>$ 0.00</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$</td></tr><tr><td>c.</td><td>Rental income</td><td>Subtract Line b from Line a</td></tr></table> | $0.00 | $ |
| 6. | Interest, dividends, and royalties. | $0.00 | $ |
| 7. | Pension and retirement income. | $0.00 | $ |
| 8. | Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include contributions from the debtor's spouse if Column B is completed. | $0.00 | $ |

| | | | | |
|---|---|---|---|---|
| 9 | **Unemployment compensation.** Enter the amount in Column A and, if applicable, Column B. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below.<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | | $ | $ |
| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br><br>a. [_____]  $ _____<br><br>Total and enter on Line 10. | | $0.00 | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | | $4,331.17 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $ 4,331.17 | |

| | Part III.  APPLICATION OF § 707(b)(7) EXCLUSION | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $51,974.04 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: CA      b. Enter debtor's household size: 2 | $55,320.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☑ The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. | |

Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15).

| | Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2) | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT regularly contributed to the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | $ |

| | Part V.  CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2) | |
|---|---|---|
| | Subpart A: Deductions under Standards of the Internal Revenue Service (IRS) | |
| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 20B | **Local Standards: housing and utilities; mortgage/rental expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; Mortgage/Rental Expense for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. Do not enter an amount less than zero. | |
|---|---|---|
| | | |

| | a. | IRS Housing and Utilities Standards; Mortgage/Rental Expense | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by home, as stated in Line 42. | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22. | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.   ☐ 0   ☐ 1   ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☒ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 41; subtract Line b from Line a and enter the result in Line 23. Do not enter an amount less than zero. | |
|---|---|---|
| | | |

| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42. | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. Do not enter an amount less than zero. | |
|---|---|---|
| | | |

| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | $ |

| 25. | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | $ |
|---|---|---|

| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | $ |
|---|---|---|

| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ |
|---|---|---|

| | | |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. Do not include payments on past due support obligations included in Line 44. | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare. Do not include payments made for children's education. | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. Do not include payments for health insurance listed in Line 34. | $ |
| 32 | **Other Necessary Expenses: telecommunication services:** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance, or Internet services necessary for the health and welfare of you or your dependents. Do not include any amount previously deducted. | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

| | **Subpart B: Additional Expense Deductions under § 707(b)** | |
|---|---|---|
| | Note: Do not include any expenses that you have listed in Lines 19 through 32 | |

| | | | |
|---|---|---|---|
| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the average monthly amounts that you actually expend in each of the following categories and enter the total. | | |
| | a. Health Insurance | $ | |
| | b. Disability Insurance | $ | |
| | c. Health Savings Account | $ | |
| | | Total: Add Lines a, b and c | $ |

| | | |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. Do not include payments listed in Line 29. | $ |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. | $ |
| 37 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | $ |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ |

| Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Do not include items you have previously deducted, such as insurance and taxes. | | $ |
| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
| | a. | | $ |
| | | | Total: Add Lines a, b and c   $ |
| 43 | **Past due payments on secured claims.** If any of the debts listed in Line 42 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property. List any such amounts in the following chart and enter the total. If necessary, list additional entries on a separate page. | | $ |
| | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
| | a. | | $ |
| | | | Total: Add Lines a, b and c   $ |
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | | $ |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b   $ |
| | | | $ |

| 46 | Total Deductions for Debt Payment. Enter the total of Lines 42 through 45. | |
|---|---|---|

| Subpart D: Total Deductions Allowed under § 707(b)(2) | |
|---|---|
| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | $ |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| | | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☐ The amount on Line 51 is less than $6,000 Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ The amount set forth on Line 51 is more than $10,000. Check the "Presumption arises" box at the top of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ The amount on Line 51 is at least $6,000, but not more than $10,000. Complete the remainder of Part VI (Lines 53 through ). |

| | | |
|---|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | Threshold debt payment amount. Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| | |
|---|---|
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ The amount on Line 51 is less than the amount on Line 54. Check the "Presumption does not arise" box at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ The amount on Line 51 is equal to or greater than the amount on Line 54. Check the "Presumption arises" box at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect you average monthly expense for each item. Total the expenses. |

| Expense Description | Monthly Amount |
|---|---|
| a. | $ |
| Total: Add Lines a, b, and c | $ |

## Part VIII. VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: _07-07-06_     Signature: _Deborah Mills_<br>Deborah Mills, (Debtor) |

**Income from all other sources (continued)**

**Future payments on secured claims (continued)**

| Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|
| | | |

**Past due payments on secured claims (continued)**

| Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|
| | | |

**Other Expenses (continued)**

| Expense Description | Monthly Amount |
|---|---|
| | |

Statement of Financial Affairs (Form 7) - Page 1 - (Rev. 10/05)                    2005 USBC, Central District of California

### UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re | Deborah Mills | | Case No.: | |
|-------|---------------|--------|-----------|--------|
| | | Debtor. | 9:06-bk-10337-RR | (If known) |

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|--------|--------|--------------------|
| 56,054.00 | Self Employed Landscape Design | 2004 |
| 115,810.00 | Self Employed Landscape Design | 2005 |
| 30,823.00 | Self Employed Landscape Design | Year to date 2006 |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|--------|--------|--------------------|
| 23,599.00 | Sale of property | 2004 |

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a.  *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 10/05)                                    2005 USBC, Central District of California

None
☑

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

c.  *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Peter Kuehn v. Deborah Mills CIV 232847 | Suit for Money | Superior Court Ventura County | Dismissed |

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 10/05)                    2005 USBC, Central District of California

### 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale,
transferred through a deed in lieu of foreclosure or returned to the seller, within one year
immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None
☑

a. Describe any assignment of property for the benefit of creditors made within 120 days
immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include any assignment by either or both spouses whether or not a joint petition
is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official
within one year immediately preceding the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None
☑

List all gifts or charitable contributions made within one year immediately preceding the
commencement of this case except ordinary and usual gifts to family members aggregating less
than $200 in value per individual family member and charitable contributions aggregating less
than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts
or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

Statement of Financial Affairs (Form 7) - Page 4 - (Rev. 10/05)    2005 USBC, Central District of California

## 8. Losses

None ☐

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Electronics, camera, computer, various household goods. $20,000.00 | American Eagle Moving Company | |

## 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Vaughn C. Taus 1042 Pacific Street, Suite D San Luis Obispo, CA 93401 | 7/7/06 | 2500 |

## 10. Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

Statement of Financial Affairs (Form 7) – Page 5 - (Rev. 10/05)                                    2005 USBC, Central District of California

### 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| Santa Barbara Bank & Trust<br>PO BOX 60839<br>Santa Barbara, CA<br>93160-0839 | Checking Acct.<br>#2350<br>0 | 11/17/05<br>0.00 |
| Santa Barbara Bank and Trust<br>PO BOX 60839<br>Santa Barbara, CA<br>93160-0839 | Checking Account<br>#4266 | 11/17/05<br>0.00 |

### 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

Statement of Financial Affairs (Form 7) - Page 6 - (Rev. 10/05)                                    2005 USBC, Central District of California

---

### 15. Prior address of debtor

None
☐

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 11100 Telegraph Rd #50<br>Ventura, CA 93004 | Deborah Mills | 3/03-3/05 |

---

### 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND<br>ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

---

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND<br>ADDRESS | NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

Statement of Financial Affairs (Form 7) – Page 7 - (Rev. 10/05)                                                      2005 USBC, Central District of California

---

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party
to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS<br>OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR<br>DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or
other activity either full- or part-time within the six years immediately preceding the commencement of this case,
or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately
preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
the voting or equity securities, within the six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses,  taxpayer identification numbers, nature of the business, and
beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or
equity securities within the six years immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS<br>OF SOC. SEC. NO./<br>COMPLETE  EIN OR<br>OTHER TAXPAYER<br>I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING<br>DATES |
|---|---|---|---|---|
| Deborah Mills | | 1880 Burnt Rock Way<br>Templeton, CA 93465 | Landscape Design | 01/01/1995<br><br>07/07/2006 |

b.       Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

Statement of Financial Affairs (Form 7) – Page 8 - (Rev. 10/05)                    2005 USBC, Central District of California

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement
of financial affairs and any attachments thereto and that they are true and correct.

Date _____        Signature
                                     of Debtor    _____
                                                  Deborah Mills