IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------  x
In re:                                             :    Chapter 11
                                                   :
AMERICAN HOME MORTGAGE                             :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,   :
                                                   :    Jointly Administered
          Debtors.                                 :
-------------------------------------------------  x    Docket Ref. Nos. 8812 & 8847
```

**DEBORAH MILLS' OPENING BRIEF IN SUPPORT OF HER
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE
FORECLOSURE OF HER PROPERTY WAS DEFECTIVE**

Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Deborah Mills*

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS .......................................................1

II.    SUMMARY OF ARGUMENT ...............................................................................2

III.    STATEMENT OF FACTS ....................................................................................3

IV.    ARGUMENT ........................................................................................................5

    A.    Legal Standard ........................................................................................5

    B.    Debtors' Foreclosure of the Property Is Defective ......................................6

        1.    AHMIT 2005-SD1 Owned the Deed of Trust But Did Not File a Motion for Relief From the Automatic Stay Regarding the Property .........................................6

V.    CONCLUSION......................................................................................................8

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112 (5th Cir. 1987) ........................ 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................ 5

*Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120 (3d Cir. 2002) ............................ 5

*Eskanos & Alder, P.C. v. Leetien,* 309 F.3d 1210 (9th Cir. 2002) .................................... 6

*In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) .................................................................... 6

*In re Walker*, Case No. 10-21656-E-11 (Bankr. E.D. Cal. May 20, 2010) ................................................................................................................... 7

*Noli v. Comm'r of Internal Revenue*, 860 F.2d 1521 (9th Cir. 1988) ............................... 6

*Schwartz v. United States*, 954 F.2d 569 (9th Cir. 1992) .................................................. 6

*Scott v. Harris*, 550 U.S. 372 (2007) ........................................................................... 5, 6

*Stringer v. Huet*, 847 F.2d 549 (9th Cir. 1988) ................................................................ 6

**Rules**

Fed. R. Civ. P. 56 .............................................................................................................. 5

# I.    NATURE AND STAGE OF PROCEEDINGS

On August 6, 2007 (the "Petition Date"), the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"[1]) each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in possession of their properties and have continued to operate their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

An official committee of unsecured creditors (the "Committee") was appointed on August 14, 2007.  An official committee of borrowers (the "Borrowers Committee") was appointed on October 21, 2008, and disbanded on August 16, 2010.  No trustee or examiner has been appointed.

The Debtors filed an Amended Chapter 11 Plan of Liquidation (as amended, supplemented and/or modified, the "Plan") with the Court on November 25, 2008.  The Court entered an order confirming the Plan on February 23, 2009 [D.I. 7042].  The Plan has not yet gone effective.

On November 19, 2007, Deborah E. Mills ("Mills") filed proof of claim no. 2743 against AHM Holdings in the amount of $1,170,000, claiming, *inter alia*, damages based

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

on the loss of her down payment on a residential property, mortgage hypothecation, and fraud – all of which resulted from her allegation that Debtors fraudulently originated her mortgage and, later, improperly foreclosed on her home.  On April 27, 2010, Mills filed a Motion for Order to (I) Amend Proof of Claim and (II) Motion for Order of Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of The Bankruptcy Code In Immediately Available Funds and (III) Order of Right To Protection of Certain Property Interest Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549.  (D.I. 8812.)  Debtors filed their opposition on to Mills' Motion on May 11, 2010.  (D.I. 8846; D.I. 8847.)  On August 13, 2010, Mills filed Administrative Expense Proofs of Claims against each of the Debtors.   These Claims, Nos. 10802-10809, superseded and replaced all other claims made by Mills against the Debtors.   A hearing on whether to allow Mills' Administrative Expense Claims is scheduled for November 22, 2010.

## II.    SUMMARY OF ARGUMENT

1.    Mills filed for voluntary bankruptcy protection in the Central District of California on June 6, 2006.  As a result of that filing, the automatic stay provisions of 11 U.S.C § 362 prevented Debtors from continuing foreclosure proceedings on her home, the property known as 1880 Burnt Rock Way, Templeton, CA 93465 (the "Property"). But, AHM Acceptance – a company that did not own or have any colorable interest in the Deed of Trust or the Balloon Note on which Mills defaulted – filed a motion for relief from the automatic stay.  The court granted AHM Acceptance's motion and shortly thereafter Cal-Western Reconveyance Corporation ("Cal-Western") – an agent acting as the substitute trustee to the Deed of Trust beneficiary Mortgage Electronic Registration System, Inc. ("MERS"), who in turn was the nominee of American Home Mortgage

2

Investment Trust 2005-SD1 ("AHMIT 2005-SD1") (the owner of the note at the time of the foreclosure) – completed the foreclosure process and sold the Property to AHM Servicing.  Neither Cal-Western, nor MERS, nor AHMIT 2005-SD1 had the right to foreclose on the Property pursuant to the bankruptcy court's order granting relief from the automatic stay.[2]  Thus, Cal-Western's foreclosing on the Property violated the automatic stay and is void.  Mills' Motion for Partial Summary Judgment that the foreclosure of the Property was invalid should be granted.

## III.    STATEMENT OF FACTS

Mills filed the pending administrative claims against Debtors as a result of the damages that she suffered from the fraud committed by Debtors in originating her mortgage and later improperly foreclosing on her home.  Mills lost the $212,500 down payment she made on her home and over $48,500 in closing and escrow costs, in addition to suffering severe emotional distress and other consequential damages.  As will be detailed at trial, Mills was a victim of a scheme orchestrated by Debtors to extract high down payments from potential mortgage customers in order to make the underlying mortgages more attractive for securitization.

Mills entered into two loans with Debtors regarding the Property.  The first loan was for $962,500.00 and assigned loan number 0000928512 (the "512 loan").  The second loan was for $200,000 and assigned loan number 0000930980 (the "980 loan").  While Mills eventually fell behind on both loans, Debtors chose to pursue foreclosure remedies based exclusively on the 980 loan.

---

[2] AHM Acceptance was a prior owner of the Balloon Note as a result of an intercompany transfer that took place on December 28, 2005, but AHM Acceptance sold the note to AHMIT 2005-SD1 on the same day it received it – over six months before the motion for relief from the automatic stay was filed in the Mills bankruptcy.

On July 15, 2005, Mills entered into a Deed of Trust and a Balloon Note with American Brokers Conduit regarding the Property and the 980 loan. (Exhs. 1-2.[3]) The Deed of Trust, recorded by the Recorder of Deeds as Document No. 2005065865, identified American Brokers Conduit ("ABC")[4] as the lender, Chicago Title Company as the trustee, and MERS as the beneficiary (a nominee for the lender and lender's successors and assigns). (Exh. 1.) Mills also executed a Planned Unit Development Rider. (Exh. 3.)

In their verified responses to Mills' interrogatories, Debtors produced a chart showing the chain of title for the Deed of Trust for the 980 loan. (Exh. 4 at p. 31.) A copy of the chart is below:

| Date | Action | Legal Entity |
|---|---|---|
| 8/8/2005 | Loan Funded (Wire) | American Home Mortgage Corp. (AHM) |
| 12/28/2005 | Intercompany transfer from AHM to AHMAC | American Home Mortgage Acceptance, Inc. (AHMAC) |
| 12/28/2005 | American Home Mortgage Acceptance, Inc. sold the loan to American Home Mortgage Securities, LLC (Depositor of Securitization AHMIT 2005-SD1) | American Home Mortgage Securities, LLC |
| 12/28/2005 | American Home Mortgage Securities, LLC transfers the loan to the Trust on behalf of the Securitization Trust AHMIT 2005-SD1 | American Home Mortgage Investment Trust (AHMIT 2005-SD1) |

Thus, as of December 28, 2005, AHMIT 2005-SD1 owned the Balloon Note and Deed of Trust for the 980 loan and, through at least January 2009, it had not transferred the note or deed to any other entity. (Exh. 5 at 22:8-23:24, 24:18-23.)

On January 26, 2006, MERS executed a Substitution of Trustee changing the trustee for the Deed of Trust for the 980 loan recorded as Document No. 2005065865 from Chicago Title Company to Cal-Western. (Exh. 6.) On the same day, Cal-Western,

---

[3] Exhibits cited in this brief are attached to the co-filed Declaration of Richard C. Weinblatt in Support of Deborah Mills' Motion for Partial Summary Judgment That the Foreclosure of Her Property Was Defective.
[4] American Home Mortgage Corp. does business as ABC.

as trustee, issued a Notice of Default regarding the 980 loan.  (Exh. 7.)  On May 8, 2006, a Notice of Trustee's Sale stated that Cal-Western will sell the Property at public auction on June 7, 2006 at 11 am.  (Exh. 8.)  A notice of the sale appeared in The Cambrian newspaper (Exh. 9), but the sale did not occur on that date because it was postponed at Mills' request.

Mills filed for voluntary bankruptcy protection in the Central District of California on June 6, 2006.  (Exh. 10.)  As a result of the filing, the automatic stay provisions of 11 U.S.C § 362 prevented Debtors from continuing to prosecute the foreclosure proceeding relating to the 980 loan.  However, AHM Acceptance – not AHMIT 2005-SD1, the owner of the Deed of Trust for the 980 loan – filed a motion to lift the automatic stay with respect to the Property.  (Exh. 11.)  Neither the Deed of Trust nor the Balloon Note identified AHM Acceptance as an owner or beneficiary of the note, and AHM Acceptance was not an interested party in the 980 loan at the time it moved for relief from the bankruptcy stay.  The court granted AHM Acceptance's motion on July 25, 2006.  (Exh. 12.)  Approximately two weeks later, Cal-Western completed the foreclosure based on the default of the 980 loan and sold the Property to AHM Servicing on August 10, 2006 for $229,251.71 cash.  (Exh. 13.)

## IV.  ARGUMENT

### A.  Legal Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Congregation Kol Ami v. Abington Twp.*, 309 F.3d 120, 125 (3d Cir.

5

2002).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The Supreme Court has held:

> Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  [T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact*."

*Id.* (citations omitted).

### B.    Debtors' Foreclosure of the Property Is Defective[5]

#### 1.    AHMIT 2005-SD1 Owned the Deed of Trust But Did Not File a Motion for Relief From the Automatic Stay Regarding the Property

After Mills filed for bankruptcy in June 2006, an automatic stay prevented the foreclosure on the Property from continuing.  "The scope of protections embodied in the automatic stay is quite broad, and serves as one of the most important protections in bankruptcy law."  *Eskanos & Alder, P.C. v. Leetien,* 309 F.3d 1210, 1214 (9th Cir. 2002); *see also Stringer v. Huet*, 847 F.2d 549, 552 (9th Cir. 1988) ("Congress clearly intended the automatic stay to be quite broad. Exemptions to the stay, on the other hand, should be read narrowly . . . .").  If a party seeks an order lifting the automatic stay, "the terms of an order lifting the automatic stay are **strictly construed**."  *Noli v. Comm'r of Internal Revenue*, 860 F.2d 1521, 1525 (9th Cir. 1988) (citing *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 114 (5th Cir. 1987)) (emphasis added).  However, if a party does not obtain a lifting of the automatic stay and acts in a manner that violates the stay, those

---

[5]  While other fact-intensive reasons exist for why the foreclosure of the Property was defective, this Motion for Partial Summary Judgment only pertains to the reasons set forth herein.  Mills reserves the right to present other reasons at the hearing scheduled for November 22, 2010 regarding why the foreclosure of the Property was defective.

actions are void.  *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) ("[A]ctions taken in violation of the automatic stay are void.") (citing *Schwartz v. United States*, 954 F.2d 569, 571 (9th Cir. 1992) ("Our decision today clarifies this area of law by making clear that violations of the automatic stay are void, not voidable.")).

When Mills filed her petition for bankruptcy protection, AHMIT 2005-SD1 owned the Deed of Trust and the Balloon Note, and only it could foreclose on the 980 loan.  Yet, AHM Acceptance is the party that filed the motion for relief from the automatic stay.  (Exh. 11.)  The Court granted the motion, ruling "Movant [AHM Acceptance] may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501."  (Exh. 12.)

Although the court granted AHM Acceptance's motion – which it should not have because AHM Acceptance had no interest in the Deed of Trust or the Balloon Note for the 980 loan[6] – no other party sought relief from the automatic stay to foreclose on the Property.  Because orders granting relief from automatic stays are strictly construed, AHM Acceptance – and only AHM Acceptance – obtained relief from the stay.  (*Id.*) Despite this fact, Cal-Western (as an agent of MERS, who in turn was the nominee of AHMIT 2005-SD1), and not AHM Acceptance or any party acting on AHM Acceptance's behalf, foreclosed on the Property.

Further MERS alone executed the Substitution of Trustee in favor of Cal-Western that gave Cal-Western all of MERS' rights under the Deed of Trust.  MERS, however, did

---

[6]  Indeed, AHM Acceptance was without standing to seek relief from the stay because in June 2006 it had no colorable claim to the property that was the subject of the Balloon Note and Deed of Trust.

not own the Balloon Note that was the subject of the Deed of Trust and, therefore, it had

no power to transfer its beneficial interest in the Deed of Trust to Cal-Western.  *In re*

*Walker*, Case No. 10-21656-E-11 (Bankr. E.D. Cal. May 20, 2010) ("Any attempt to

transfer the beneficial interest of a trust deed without ownership of the underlying note is

void under California law.") (attached as Exh. 14).  As a result, Cal-Western's actions to

foreclose on the 980 loan, in addition to being in violation of the automatic stay, were

legally incapable of perfecting the foreclosure under California law because the

Substitution of Trustee was executed by MERS and not AHMIT 2005-SD1.

Because neither Cal-Western, nor MERS, nor AHMIT 2005-SD1 sought relief

from the automatic stay associated with the Mills bankruptcy, the foreclosure of the

Property was void *ab initio*.

## V.    CONCLUSION

For the foregoing reasons, Mills' Motion for Partial Summary Judgment That the

Foreclosure of Her Property Was Defective should be GRANTED.

By: */s/ Richard C. Weinblatt*
    Stamatios Stamoulis #4606
        stamoulis@swdelaw.com
    Richard C. Weinblatt #5080
        weinblatt@swdelaw.com
    Two Fox Point Centre
    6 Denny Road, Suite 307
    Wilmington, DE 19809
    Telephone:  (302) 999-1540

    *Attorneys for Deborah Mills*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2010, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.  In addition, the following counsel also were served by email:

Mark S. Indelicato, Esq.
HAHN & HESSEN LLP
488 Madison Avenue
New York, NY 10022

Sean Beach, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Bldg.
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080