# EXHIBIT 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al., | Civil Action No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | |

**DEBTORS' FIRST SUPPLEMENTAL RESPONSES TO CLAIMANT
DEBORAH E. MILLS' FIRST SET OF INTERROGATORIES, REQUESTS FOR
PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION**

Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit their first supplemental objections, responses and answers to Claimant Deborah E. Mills' First Set of Interrogatories, Requests for Production of Documents and Requests for Admission Directed to Debtors dated August 24, 2010 (collectively, the "Requests") as follows:

**PRELIMINARY STATEMENT**

Subject to the General Objections, Reservation of Rights and specific objections raised below, the Debtors will be producing in response to the Requests reasonably accessible, non-objectionable, non-privileged, responsive documents. Such production will be subject to the agreed upon search terms and other search parameters. The Debtors reserve the right to supplement their responses to the Requests if and when additional information is discovered.

## <u>GENERAL OBJECTIONS AND RESERVATION OF RIGHTS</u>

1.     The Debtors object to the definitions and instructions set forth in the Requests, and the Requests themselves, to the extent they seek to impose upon the Debtors any obligations beyond those required by the Federal Rules of Civil Procedure ("F.R.C.P.") (as made applicable to these proceedings by the Federal Rules of Bankruptcy Procedure ("F.R.Bankr.P."), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and the Local Rules of the United States District Court for the District of Delaware or any other applicable order entered by the Bankruptcy Court and seek to impose obligations on the Debtors that are overly burdensome.  Without waiving or in any way limiting the foregoing, the Debtors specifically object to the following definitions:

The Debtors object to the definition of the terms "you," your" and "the Debtors," and to all Requests using those terms, to the extent the terms are defined to include any person or entity other than American Home Mortgage Holdings, Inc., American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., American Home Mortgage Servicing, Inc. (n/k/a AHM SV, Inc.). American Home Mortgage Corp., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp. on the grounds that such definition causes any Requests using any of those terms to be overly broad, to be unduly burdensome, to lack reasonable particularity, and to seek information that is not relevant to any claim or defense of any party to this contested matter, not relevant to the subject matter of this contested matter, not reasonably calculated to lead to the discovery of admissible

2

evidence, and protected by the attorney-client privilege, attorney work product doctrine, the common-interest privilege or any other applicable privilege, exemption, doctrine or protection from discovery or to the extent it seeks documents not in the possession, custody or control of the Debtors.

2.     The Debtors object to each Request seeking information or the production of documents protected by the attorney-client privilege, attorney work product doctrine, the common-interest privilege or any other applicable privilege, exemption, doctrine or protection from discovery.  The production of any information and/or documentation by the Debtors is without waiver of any claim of privilege or confidentiality.

3.     The Debtors object to the Requests to the extent that they call for the disclosure of confidential business information, confidential settlement information, or documents subject to confidentiality agreements with third parties.  Any inadvertent production of such information subject to confidentiality shall not waive confidentiality.

4.     The Debtors object to the Requests to the extent they are intended to harass, annoy, oppress or otherwise create an undue burden and/or expense upon the Debtors.

5.     The Debtors object to each Request to the extent that it is vague, ambiguous, overly broad, lacking in reasonable particularity, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.     The Debtors object to the Requests to the extent they call for the disclosure of information or production of documents not relevant to any claim or defense of any party to the contested matter (the "Contested Matter") governed by the

3

*Scheduling Order Relating to the Motion of Deborah Mills for Order to (I) Amend Proof of Claim and (II) Motion for Order of Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Funds and (III) Order of Right to Protection of Certain Property Interest Under Section 361 or (IV) Avoidance Action Against the Debtors Pursuant to Section 549 entered on August 17, 2010* (D.I. 9149) (the "Scheduling Order"), and are not reasonably calculated to lead to the discovery of evidence admissible at the Hearing (as defined in the Scheduling Order) to be held in connection with this Contested Matter.  Additionally, the Debtors object to the Requests to the extent they call for the disclosure or production of documents not relevant to the subject matter of this Contested Matter, or to the extent that documents are not reasonably accessible due to (among other things) undue burden and cost.

   7. The Debtors object to the Requests to the extent they state assumptions of law or fact, which the Debtors neither admit nor deny.  The provisions of any response or answer to any of the Requests may not be construed as, and is not, an admission to any of the facts or legal assumptions stated in any such request.  Nothing in the Debtors' responses should be construed as an admission regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization of any kind contained in the Requests.

   8. The Debtors object to the Requests to the extent that any portion of any of the Requests seeks discovery of information that is equally accessible and available to the Claimant or that is already in her possession, custody or control, or

available as a matter of public record, on the grounds that providing such information will impose an unnecessary burden upon the Debtors.

9.       The Debtors' decision to provide responses notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of the general or specific objections, or a waiver of the Debtors' right to seek a protective order.

10.      The objections, responses, and answers herein are made without waiver of and with specific preservation of: (i) questions and objections as to competence, relevance, materiality, privilege, and admissibility; (ii) the right to object to the use of any objection, response or answer, or any documents produced, in whole or in part, on any ground; (iii) the right to object on any ground at any time to a demand for further productions, responses, or answers involving or relating to the subject matter of the Requests; (iv) the right at any time to revise, correct, add to, or clarify any of the objections, responses, and answers provided herein; and (v) the right to move for an appropriate protective order.

11.      The Debtors object to any document request to the extent it purports to require the Debtors to summarize, characterize, or provide particular information about a document.  The document itself is the best evidence of its content.

12.      The Debtors object to each document request to the extent that it seeks documents that are not responsive, but may be attached to a responsive document.

13.      The responses below set forth the information currently available to the Debtors, unless privileged or otherwise protected or objectionable.  The Debtors

5

reserve their right to amend or supplement each and every response set forth below should additional or different information become available.

14. These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the Debtors to any instruction or Request is made without waiver of, and subject to, these General Objections and Reservations of Rights.

## III. INTERROGATORIES

1. Identify each person who provided information in preparing Your responses to these discovery requests and state the nature of the information provided.

**ANSWER:** The Debtors object to this Interrogatory to the extent it seeks contact information about the people identified in this Response on the grounds that such information is an invasion of privacy of such individuals and not relevant to a claim or defense of any party in this Adversary Proceeding. Any communications with the people identified in this Response should be addressed to the Debtors' counsel. Subject to, and without waiver of the General Objections and Reservations of Rights, the Debtors identify: (i) Jason Burzenski conducted electronic document searches of the Debtors' systems; (ii) Eileen Wanerka provided loan documents; provided loan servicing files received from American Home Mortgage Servicing, Inc. ("AHMSI"); (iii) Simon Sakamoto provided information regarding secondary market transactions; (iv) Damian Voulo provided information regarding secondary market transactions; and (v) Catherine Cassagnau-Lundie provided information from the Debtors' accounting system.

**FIRST SUPPLEMENTAL RESPONSE:**

6

The Debtors specifically incorporate their General Objections and prior specific objections herein as if fully set forth in response to this Interrogatory. Subject to, and without waiver of these specific objections and the General Objections and Reservations of Rights set forth above, the Debtors also identify Scott Martinez as coordinating information collection for the discovery requests and summarizing the assignment history of the Property.

2.      State which Debtors took any action relating to, had any communication regarding, and/or had any connection or involvement with the Property.

**ANSWER:**      The Debtors object to this Interrogatory to the extent it is overly broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and/or not reasonably accessible due to (among other things) undue burden and cost. Subject to, and without waiver of these specific objections and the General Objections and Reservations of Rights set forth above, which are incorporated herein by reference, the Debtors respond American Home Mortgage Corp., American Home Mortgage Acceptance, Inc., AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) and American Home Mortgage Holdings, Inc.

3.      For the Debtors identified in response to Interrogatory 2, describe the nature of each Debtors relevant conduct (i.e., which Debtor issued the Mortgage, funded the Loans, participated in the foreclosure process, etc.)

**ANSWER:**      The Debtors object to this Interrogatory to the extent it is overly broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this

7

Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.  Subject to, and without waiver of these specific objections and the General

Objections and Reservations of Rights set forth above, which are incorporated herein by

reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills to the documents

provided in response to Mills's Request for Production Nos.  2, 3, 11, 13, 15 and 16.  The

Debtors also respond that American Home Mortgage Corp (d/b/a American Brokers

Conduit) originated loan no. 930980, American Home Mortgage Acceptance, Inc.

originated 928512; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.)

serviced the mortgage loan, and performed the foreclosure and sale of the Property.

 

     4.    Describe all of Your Communications, internal or with third parties, regarding the valuation of the Property at all times, including, but not limited to, at the time of Claimant's loan application, at the time the foreclosure process began, and at all times Claimant submitted a bid, or offer to purchase, cure, redeem, refinance or reinstate related to the Property.

     **ANSWER:**    The Debtors object to this Interrogatory to the extent it is vague, it is

overly broad, is unduly burdensome, and/or seeks information that is not relevant to any

claim or defense of any party to this Contested Matter, not relevant to the subject matter of

this Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.  The Debtors also object to this Interrogatory to the extent it seeks information that is

protected by the attorney-client privilege, work-product doctrine, or any other applicable

privileges.  Subject to, and without waiver of these specific objections and the General

Objections and Reservations of Rights set forth above, which are incorporated herein by

     

reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills to the documents

provided in response to Mills's Request for Production Nos. 15, 16 and 17.

   5.     Identify what amount on money Debtors would have accepted from
Claimant to purchase, cure, redeem, refinance or reinstate for the Property at any and all
time such offers were made, either before or after the foreclosure.

   **ANSWER:**     The Debtors object to this Interrogatory as it calls for speculation.

The Debtors also object to this Interrogatory on the grounds that it calls for information not

in the possession, custody or control of the Debtors, and therefore cannot be answered by

the Debtors.  The Debtors further object to this Interrogatory to the extent it is vague, it is

overly broad, is unduly burdensome, and/or seeks information that is not relevant to any

claim or defense of any party to this Contested Matter, not relevant to the subject matter of

this Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.

   6.     Identify each person You have contacted related to the Property.

   **ANSWER:**     The Debtors object to this Interrogatory to the extent it is vague,

ambiguous, overly broad, lacking in reasonable particularity, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence in this Contested

Matter, not relevant to the subject matter of this Contested Matter, not reasonably

calculated to lead to the discovery of admissible evidence, and/or not reasonably accessible

due to (among other things) undue burden and cost.  The Debtors also object to this

Interrogatory on the grounds that it calls for information not in the possession, custody or

control of the Debtors, and therefore cannot be answered by the Debtors.  Subject to, and

without waiver of these specific objections and the General Objections and Reservations of

Rights set forth above, which are incorporated herein by reference, pursuant to Fed. R. Civ.

9

P. 33(d), the Debtors direct Mills to the documents provided in response to Mills's Request

for Production Nos. 2, 11, 15.  The Debtors further provide that Debtors' counsel called

Tawyna Lettau, Terry Miles, Joseph Sholder, Pite Duncan, Cal-Western Reconveyance

Corporation, counsel to American Home Mortgage Servicing, Inc. and the Official

Committee of Unsecured Creditors of the Debtors.

> 7.    Describe any and all insurance policies relating to the Property (i.e.,
> homeowners policies, flood policies, Private Mortgage Insurance policies, etc.).

**ANSWER:**    The Debtors object to this Interrogatory to the extent it is overly

broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or

defense of any party to this Contested Matter, not relevant to the subject matter of this

Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.  The Debtors also object to this Interrogatory on the grounds that it calls for

information not in the possession, custody or control of the Debtors, and therefore cannot

be answered by the Debtors.  Subject to, and without waiver of these specific objections

and the General Objections and Reservations of Rights set forth above, which are

incorporated herein by reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills

to the documents provided in response to Mills's Request for Production No. 9.

> 8.    Identify whether Debtors have made any claims against any insurance
> policies relating to the Property.

**ANSWER:**    The Debtors object to this Interrogatory to the extent it is overly

broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or

defense of any party to this Contested Matter, not relevant to the subject matter of this

Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.  The Debtors also object to this Interrogatory on the grounds that it calls for information not in the possession, custody or control of the Debtors, and therefore cannot be answered by the Debtors.  Subject to, and without waiver of these specific objections and the General Objections and Reservations of Rights set forth above, which are incorporated herein by reference, the Debtors have no record of submitting a claim against the Property's title insurance.

### FIRST SUPPLEMENTAL RESPONSE:

The Debtors specifically incorporate their General Objections and Reservation of Rights and prior specific objections herein as if fully set forth in response to this Interrogatory.  Subject to, and without waiver of these specific objections and the General Objections and Reservations of Rights set forth above, the Debtors have no record in their possession, custody or control regarding the existence of any lender purchase money insurance policy on the Property.  It is the Debtors belief that the existence of a lender purchase money insurance policy could be ascertained by American Home Mortgage Servicing, Inc.

9.    Identify all publications and/or public notices relating to the foreclosure of the Property.

**ANSWER:**    The Debtors object to this Interrogatory to the extent it is overly broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and/or not reasonably accessible due to (among other things) undue burden and cost.  The Debtors also object to this Interrogatory on the grounds that it calls for information not in the possession, custody or control of the Debtors, and therefore cannot

11

be answered by the Debtors.  Subject to, and without waiver of these specific objections

and the General Objections and Reservations of Rights set forth above, which are

incorporated herein by reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills

to the documents provided in response to Mills's Request for Production No. 11.

      10.     Describe in detail the foreclosure process for the Property, including all
dates when actions were taken, notices were sent, and auctions were held; include a
description of all bids made relating to the Property, and when and where notices relating
to the foreclosure were published.

      **ANSWER:**    The Debtors object to this Interrogatory to the extent it is overly

broad, is unduly burdensome, and/or not reasonably accessible due to (among other things)

undue burden and cost.  The Debtors also object to this Interrogatory in that it purports to

require the Debtors to summarize, characterize, or provide particular information about

documents to be produced.  The Debtors further object to this Interrogatory on the grounds

that it calls for information not in the possession, custody or control of the Debtors, and

therefore cannot be answered by the Debtors.  Subject to, and without waiver of these

specific objections and the General Objections and Reservations of Rights set forth above,

which are incorporated herein by reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors

direct Mills to the documents provided in response to Mills's Request for Production No.

11.

      11.     Detail the complete chain of title for the Property from 2004 to present.

      **ANSWER:**    The Debtors object to the Interrogatory because it seeks discovery of

information that is equally accessible and available to Mills or that is already in her

possession, custody or control, or available as a matter of public record, on the grounds that

providing such information will impose an unnecessary burden upon the Debtors.  The

Debtors also object to this Interrogatory to the extent it is vague, overly broad, unduly

         

burdensome, and/or seeks information that is not relevant to any claim or defense of any

party to this Contested Matter, not relevant to the subject matter of this Contested Matter,

not reasonably calculated to lead to the discovery of admissible evidence, and/or not

reasonably accessible due to (among other things) undue burden and cost.

12.     Describe any and all assignments of any mortgage relating to the Property,
including any and all assignments to the Mortgage Electronic Registration System
(MERS), any default relating to the Loans for the Property.

**ANSWER:**     The Debtors object to this Interrogatory to the extent it is overly

broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or

defense of any party to this Contested Matter, not relevant to the subject matter of this

Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.  Subject to, and without waiver of these specific objections and the General

Objections and Reservations of Rights set forth above, which are incorporated herein by

reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills to the documents

provided in response to Mills's Request for Production No. 13.

**FIRST SUPPLEMENTAL RESPONSE:**

The Debtors specifically incorporate their General Objections and Reservation of

Rights and prior specific objections herein as if fully set forth in response to this

Interrogatory.  Subject to, and without waiver of these specific objections and the General

Objections and Reservations of Rights set forth above, the Debtors direct you to Exhibit

A attached hereto.

066585.1001

13.     Describe all efforts of Claimant to purchase, cure, redeem, refinance or reinstate the mortgage for the Property, including any financing offers by Bernadine Beauguard.

**ANSWER:**     The Debtors object to this Interrogatory to the extent it seeks information of a non-Debtors's actions of which the Debtors do not have in their possession, custody or control.  The Debtors object to this Interrogatory to the extent it is vague, is overly broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and/or not reasonably accessible due to (among other things) undue burden and cost.  Subject to, and without waiver of these specific objections and the General Objections and Reservations of Rights set forth above, which are incorporated herein by reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills to the documents provided in response to Mills's Request for Production Nos. 3, 7 and 11.  The Debtors further provide that their books and records do not contain any documentation of a loan application by Bernadine Beauguard.

14.     Describe all discussions, strategies and efforts to market and/or sell the Property starting in June 2006.

**ANSWER:**     The Debtors object to this Interrogatory to the extent it is overly broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and/or not reasonably accessible due to (among other things) undue burden and cost.  The Debtors also object to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, work-product doctrine, or any other applicable

14

privileges.  Subject to, and without waiver of these specific objections and the General

Objections and Reservations of Rights set forth above, which are incorporated herein by

reference, pursuant to Fed. R. Civ. P. 33(d), the Debtors direct Mills to the documents

provided in response to Mills's Request for Production Nos 15, 16 and 17.

15.    Describe the details of the sale of the Property by Debtors, including what value Debtors received from the sale of the Property and why that information was not publically recorded.

**ANSWER:**    The Debtors object to this Interrogatory to the extent it is overly

broad, is unduly burdensome, and/or seeks information that is not relevant to any claim or

defense of any party to this Contested Matter, not relevant to the subject matter of this

Contested Matter, not reasonably calculated to lead to the discovery of admissible

evidence, and/or not reasonably accessible due to (among other things) undue burden and

cost.  The Debtors also object that the Interrogatory's phrase  "why that information was

not publically recorded" is vague and ambiguous.  Subject to, and without waiver of these

specific objections and the General Objections and Reservations of Rights set forth above,

which are incorporated herein by reference, the Debtors received net proceeds of $634,

954.46 from AHMSI on January 27, 2009.


16.    Identify each and every witness whom You will call or anticipate calling to testify at trial and, for each such person, please describe in detail the subject matter of such person's anticipated testimony.

**ANSWER:**    The Debtors object to this Request as premature.  The Debtors also

object to this Request to the extent it seeks information that is protected by the attorney-

client privilege, work-product doctrine, or any other applicable privileges.  Subject to, and

without waiver of the General Objections and Reservations of Rights that are incorporated

15

herein by reference, the Debtors will provide the witnesses that the Debtors expect to call

to testify at the Trial in accordance with the date set forth in the Scheduling Order.

17.    Identify each and every document and/or exhibit that You will introduce or anticipate introducing at trial.

**ANSWER:**    The Debtors object to this Request as premature.  The Debtors also

object to this Request to the extent it seeks information that is protected by the attorney-

client privilege, work-product doctrine, or any other applicable privileges.  Subject to, and

without waiver of the General Objections and Reservations of Rights that are incorporated

herein by reference, the Debtors will provide the documents that the Debtors expect to use

as exhibits at the Trial in accordance with the date set forth in the Scheduling Order.

18.    Describe any policy, practice or procedure under which any of Your Documents are maintained and/or destroyed.

**ANSWER:**    Copies of relevant policies are attached hereto as <u>Exhibit A</u>.


## IV. DOCUMENT REQUESTS

1.    All Documents referred to or identified in Your responses to the Interrogatories.

**RESPONSE:** The Debtors incorporate in this Request all the objections

contained in all the Debtors' Interrogatory Responses set forth above.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  The Debtors also object to this Request to the extent it seeks

16

information that is protected by the attorney-client privilege, work-product doctrine, or

any other applicable privileges.  Subject to, and without waiver of the General Objections

and Reservations of Rights that are incorporated herein by reference, the Debtors will

produce non-privileged documents in their possession, custody or control responsive to

Request No. 1.

2.      All Documents concerning the Property, including, but not limited to
mortgages, notes, deeds, loan applications, loans, loan origination materials, mortgage
assignments, Documents that refer or relate to any alleged default of a Loan, any bid at
any auction of the Property, HUD statements and/or the sale of the Property.

**RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, the Debtors will produce non-privileged documents in their possession,

custody or control responsive to Request No. 2.

3.      All Documents and Communications relating to Deborah E. Mills.

**RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

17

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, and subject to the application of the agreed upon search terms and other

search parameters, the Debtors will produce non-privileged documents in their

possession, custody or control responsive to Request No. 3.

      4.      All Documents and Communications relating to Tanya Latteau.

      **RESPONSE:**  The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, and subject to the application of the agreed upon search terms and other

search parameters, the Debtors will produce non-privileged documents in their

possession, custody or control responsive to Request No. 4.

      5.      All Documents and Communications relating to Lori Filipponni.

      **RESPONSE:**  The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

                                             

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, and subject to the application of the agreed upon search terms and other

search parameters, the Debtors will produce non-privileged documents in their

possession, custody or control responsive to Request No. 5.

     6.     All Documents and Communications relating to Terry Miles.

     **RESPONSE:**  The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, and subject to the application of the agreed upon search terms and other

search parameters, the Debtors will produce non-privileged documents in their

possession, custody or control responsive to Request No. 6.

     7.     All Documents and Communications relating to Bernadine Beauguard.

**RESPONSE:** The Debtors object to the Request to the extent that it requests documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Additionally, the Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably accessible due to (among other things) undue burden and cost.  Subject to and without waiving this foregoing objection and the General Objections, and subject to the application of the agreed upon search terms and other search parameters, the Debtors do not have any documents responsive to Request No. 7.

8.      All Documents and Communications with Chicago Title relating to the Property.

**RESPONSE:** The Debtors object to the Request to the extent that it requests documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Additionally, the Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably accessible due to (among other things) undue burden and cost.  Subject to and without waiving this foregoing objection and the General Objections, and subject to the application of the agreed upon search terms and other

YCST01:10087502.4                                                          066585.1001

search parameters, the Debtors will produce non-privileged documents in their

possession, custody or control responsive to Request No. 8.

9.      All Documents and Communications relating to any insurance policy for the Property, regardless of whether or not such policy was every actually issued.

**RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, the Debtors will produce non-privileged documents in their possession,

custody or control responsive to Request No. 9.

10.     All Documents and Communications relating to the Property involving the following employees of Debtors:

a.     Trea Jackson

b.     Amal Hagar

c.     Erma Guerra

d.     Matt Stoner

e.     Carol Oates

f.     Amanda Ellsworth

g.     Jamar Toombs

h.     Michael Strauss

i.      Jane Larkin

j.      David Friedman

k.      John Kalas

**RESPONSE:** The Debtors object to the Request to the extent that it requests documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Additionally, the Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably accessible due to (among other things) undue burden and cost.  Subject to and without waiving this foregoing objection and the General Objections, and subject to the application of the agreed upon search terms and other search parameters, the Debtors will produce non-privileged documents in their possession, custody or control responsive to Request No. 10.

11.     All Documents and Communications relating to the foreclosure of the Property, including but not limited to copies of any notices and/or publications required by California state law.

**RESPONSE:**  The Debtors object to the Request to the extent that it requests documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Additionally, the Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

22

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, the Debtors will produce non-privileged documents in their possession,

custody or control responsive to Request No. 11.

      12.    All Documents relating to the Property and the Mortgage Electronic
Registration System ("MERS").

      **RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, the Debtors will produce non-privileged documents in their possession,

custody or control responsive to Request No. 12.

      13.    All Documents and Communications relating to the assignment or sale of
any interest in the Property, including the assignment of the mortgage to MERS and the
subsequent securitization and trading of interests in the mortgage for the Property.

      **RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, the Debtors will produce non-privileged documents in their possession,

custody or control responsive to Request No. 13.

14.     All Documents concerning any payment to Debtors by Claimant,
including without limitation all Documents concerning principal payments pursuant to
any loan or note, interest payments under any note, escrow payments under any note, real
estate taxes related to the Property, insurance payments related to the Property, invoices
for payment of property taxes, cleared checks, and statements for the Escrow Account.

**RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable

particularity, is unduly burdensome, and seeks the production of documents that are not

relevant to any claim or defense of any party to this Contested Matter, not relevant to the

subject matter of this Contested Matter, not reasonably calculated to lead to the discovery

of admissible evidence, and not reasonably accessible due to (among other things) undue

burden and cost.  Subject to and without waiving this foregoing objection and the General

Objections, the Debtors will produce non-privileged documents in their possession,

custody or control responsive to Request No. 14.

15.     All Documents concerning any valuations of the Property.

**RESPONSE:** The Debtors object to the Request to the extent that it requests

documents that are protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or protection.  Additionally, the

066585.1001

Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably accessible due to (among other things) undue burden and cost.  Subject to and without waiving this foregoing objection and the General Objections, the Debtors will produce non-privileged documents in their possession, custody or control responsive to Request No. 15.

      16.    All Documents reviewed, referred to or relied upon in valuing the Property.

      **RESPONSE:** The Debtors object to the Request to the extent that it requests documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Additionally, the Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably accessible due to (among other things) undue burden and cost.  Subject to and without waiving this foregoing objection and the General Objections, the Debtors will produce non-privileged documents in their possession, custody or control responsive to Request No. 16.

      17.    All Documents provided to or exchanged with any appraiser with respect to the Property.

                       

**RESPONSE:** The Debtors object to the Request to the extent that it requests documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.  Additionally, the Debtors object to this Request on the grounds that it is overly broad, lacks reasonable particularity, is unduly burdensome, and seeks the production of documents that are not relevant to any claim or defense of any party to this Contested Matter, not relevant to the subject matter of this Contested Matter, not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably accessible due to (among other things) undue burden and cost.  Subject to and without waiving this foregoing objection and the General Objections, the Debtors will produce non-privileged documents in their possession, custody or control responsive to Request No. 17.

18.    All Documents provided to or exchanged with any expert testifying at Trial.

**RESPONSE:**  The Debtors object to this Request to the extent it violates F.R.C.P. Rule 26(b)(4)(B) and/or seeks information that is protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges.  Subject to, and without waiver of the General Objections and Reservations of Rights that are incorporated herein by reference, the Debtors will provide the information referenced in F.R.C.P. Rule 26(a)(2)(B) in accordance with the date set forth in the Scheduling Order.

19.    All Documents provided to or exchanged with any person who may testify at the Trial under Rule 701 of the Federal Rules of Evidence.

**RESPONSE:** The Debtors object to this Request as premature.  The Debtors also object to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges.  Subject to,

YCST01:10087502.4                                    066585.1001

and without waiver of the General Objections and Reservations of Rights that are incorporated herein by reference, the Debtors will produce non-privileged documents in their possession, custody or control responsive to Request No. 19 in accordance with the date set forth in the Scheduling Order.

20.    Any expert reports, including drafts, prepared in connection with the Claimant's claim.

**RESPONSE:** The Debtors object to this Request to the extent it violates F.R.C.P. Rule 26(b)(4)(B) and/or seeks information that is protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges.  Subject to, and without waiver of the General Objections and Reservations of Rights that are incorporated herein by reference, the Debtors will provide the information referenced in F.R.C.P. Rule 26(a)(2)(B) in accordance with the date set forth in the Scheduling Order.

21.    All Documents You may rely upon at the Hearing.

**RESPONSE:** The Debtors object to this Request as premature.  The Debtors also object to this Request to the extent it seeks information that is protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges.  Subject to, and without waiver of the General Objections and Reservations of Rights that are incorporated herein by reference, the Debtors will produce non-privileged documents in their possession, custody or control responsive to Request No. 21 in accordance with the date set forth in the Scheduling Order.

## V. REQUESTS FOR ADMISSION

1.    Admit that You and/or Your representatives did not personally contact Claimant by telephone during the foreclosure process.

**RESPONSE:** Denied.

2.      Admit that a mortgage for the Property was assigned to the Mortgage Electronic Registration System (MERS).

**RESPONSE:** Denied.

3.      Admit that prior to funding the Loans, Claimant was told that she could borrow up to $50,000 against the Property shortly after the closing of the Loans.

**RESPONSE:** Denied.

4.      Admit that Debtors denied Claimant's request to borrow against the Property in October 2005.

**RESPONSE:** Denied, the Debtors do not have a record of Ms. Mills submitting

an application to borrow against the Property in October 2005.

5.      Admit that Claimant made offers to purchase, cure, redeem, refinance or reinstate related to the Property during the foreclosure process.

**RESPONSE:** Denied, but admit that (i) Debtors received an email purporting to

be from Claimant's attorney dated August 9, 2006 offering to cure in installments over an

open-ended period of time and (ii) Debtors received an offer from Claimant dated

8/15/07 to purchase the Property for $300,000.

6.      Admit that Bernadine Beauguard contacted Debtors during the foreclosure process.

**RESPONSE:** Denied.

7.      Admit that Claimant's name remained on the title for the Property until 2008, after the Petition Date.

**RESPONSE:** The Debtors object to this request as the word "title" is vague.

Denied.

8.      Admit that offers of payment were made by Claimant to redeem the mortgage before, during and after the foreclosure process.

**RESPONSE:** The Debtors object to the Request in that the term "redeem" is vague. Applying the definition of redeem as "to pay in full the total debt", the Request is denied.

9.      Admit that all offers of payment by Claimant to redeem the mortgage made before, during, and after the foreclosure process were refused by Debtors.

**RESPONSE:** The Debtors object to the Request in that the term "redeem" is vague. Applying the definition of redeem as "to pay in full the total debt", the Request is denied.

Dated:  October 1, 2010            YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/  /Erin Edwards*
Sean M. Beach (No. 4070)
Sharon M. Zieg (No. 4196)
Erin Edwards (No. 4392)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: eedwards@ycst.com

*Counsel for the Debtors*

| Date | Action | Legal Entity |
|---|---|---|
| 8/8/2005 | Loan Funded (Wire) | American Home Mortgage Acceptance, Inc. (AHMAC) |
| 8/8/2005 | Intercompany transfer from AHMAC to AHM | American Home Mortgage Corp. (AHM) |
| 9/30/2005 | American Home Mortgage Corp sells loan to DLJ Mortgage Capital, Inc./CSFB | DLJ Mortgage Capital, Inc. |
| 10/31/2005 | DLJ Mortgage Capital, Inc sold the loan to American Home Mortgage Assets, LLC (Depositor of Securitization AHMAT 2005-1) | American Home Mortgage Assets, LLC |
| 10/31/2005 | American Home Mortgage Assets, LLC transfers the loan to the Trustee on behalf of the Securitization Trust AHMAT 2005-1 | American Home Mortgage Assets Trust (AHMAT 2005-1) |
| July 2007 | A repurchase obligation was triggered, obligating AHM to repurchase the loan. Servicing updates Investor from Securitization AHMAT 2005-1 (Investor 300) to AHM Repurchase (Investor 017) | American Home Mortgage Corp. (AHM) |
| 8/3/2007 | Intercompany transfer from AHM to AHMAC. Servicing updates investor from AHM Repurchase (Investor 017) to American Home Mortgage Acceptance, Inc. (Investor 011) | American Home Mortgage Acceptance, Inc. |

**Loan 928512**

| Date | Action | Legal Entity |
|------|--------|--------------|
| 8/8/2005 | Loan Funded (Wire) | American Home Mortgage Corp. (AHM) |
| 12/28/2005 | Intercompany transfer from AHM to AHMAC | American Home Mortgage Acceptance, Inc. (AHMAC) |
| 12/28/2005 | American Home Mortgage Acceptance, Inc. sold the loan to American Home Mortgage Securities, LLC (Depositor of Securitization AHMIT 2005-SD1) | American Home Mortgage Securities, LLC |
| 12/28/2005 | American Home Mortgage Securities, LLC transfers the loan to the Trust on behalf of the Securitization Trust AHMIT 2005-SD1 | American Home Mortgage Investment Trust (AHMIT 2005-SD1) |

**Loan 930980**