# EXHIBIT 14

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Rickie Walker | Case No : | 10−21656 − E − 11 |
| | | Date : | 5/20/10 |
| | | Time : | 10:30 |

| | |
|---|---|
| Matter : | [52] − Objection to Claim of Citibank, N.A., Claim Number 5 [MLA−3] Filed by Debtor In Possession Rickie Walker (npas) |
| Judge : | Ronald H. Sargis |
| Courtroom Deputy : | Janet Larson |
| Reporter : | Diamond Reporters |
| Department : | E |

**APPEARANCES for :**
**Movant(s) :**
    Debtor(s) Attorney − Mitchell L. Abdallah
**Respondent(s) :**
None

OBJECTION was :
Sustained
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 3007−1(c)(1) Motion − No Opposition Filed.

Proper Notice Provided. The Proof of Service filed on April 6, 2010, states that the Motion and supporting pleadings were served on respondent creditor, other parties in interest, and Office of the United States Trustee.

The court notes that the moving party filed the declaration and exhibits in this matter as one document. This is not the practice in the Bankruptcy Court. "Motions, notices, objections, responses, replies, declarations, affidavits, other documentary evidence, memoranda of points and authorities, other supporting documents, proofs of service, and related pleadings shall be filed as separate documents." Revised Guidelines for the Preparation of Documents, paragraph(3)(a). Counsel is reminded of the court's expectation that documents filed with this court comply with the Revised Guidelines for the Preparation of Documents in Appendix II of the Local Rules and that attorneys practicing in federal court comply with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

NOTICE
FAILURE TO COMPLY WITH THE GUIDELINES AND
FILING PLEADINGS WHICH DO NOT COMPLY WITH THE
FEDERAL RULES OF CIVIL PROCEDURE SHALL RESULT
IN THE MOTION BEING SUMMARILY DISMISSED WITHOUT PREJUDICE.

This Objection to a Proof of Claim has been set for hearing on the notice required by Local Bankruptcy Rule 3007−1(c)(1). The failure of the Trustee and the respondent creditor to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 3007−1(c)(1)(l) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The court's decision is to sustain the Objection to the Proof of Claim and disallow the claim in its entirety with leave for the owner of the promissory note to file a claim by June 18, 2010. Oral argument may be

MILLS 001005

presented by the parties at the scheduled hearing, where the parties shall address the issues identified in this tentative ruling and such other issues as are necessary and appropriate to the court's resolution of the matter. If the court's tentative ruling becomes its final ruling, the court will make the following findings of fact and conclusions of law:

The Proof of Claim at issue, listed as claim number 5 on the court's official claims registry, asserts a $1,320,650.52 secured claim. The Debtor objects to the Claim on the basis that the claimant, Citibank, N.A., did not provided any evidence that Citibank has the authority to bring the claim, as required by Federal Rule of Bankruptcy Procedure 3001(c), rendering the claim facially defective.

The court's review of the claim shows that the Deed of Trust purports to have been assigned to Citibank, N.A. by Mortgage Electronic Registration Systems, Inc. as nominee for Bayrock Mortgage Corporation on March 5, 2010. (Proof of Claim No. 5 p.36-37, Mar. 19, 2010.) Debtor contends that this does not establish that Citibank is the owner of the underling promissory note since the assignor, Mortgage Electronic Registration Systems, Inc. ("MERS"), had no interest in the note to transfer. Debtors loan was originated by Bayrock Mortgage Corporation and no evidence of the current owner of the promissory note is attached to the proof of claim. It is well established law in the Ninth Circuit that the assignment of a trust deed does not assign the underlying promissory note and right to be paid, and that the security interest is incident of the debt. 4 Witkin Summary of California Law, Secured Transactions in Real Property §105 (10th ed).

MERS AND CITIBANK ARE NOT THE REAL PARTIES IN INTEREST

Under California law, to perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to the transferee. Bear v. Golden Plan of California, Inc., 829 F.2d 705, 709 (9th Cir. 1986). Without physical transfer, the sale of the note could be invalid as a fraudulent conveyance, Cal. Civ. Code §3440, or as unperfected, Cal. Com. Code §§9313-9314. See Roger Bernhardt, California Mortgages and Deeds of Trusts, and Foreclosure Litigation §1.26 (4th ed. 2009). The note here specifically identified the party to whom it was payable, Bayrock Mortgage Corporation, and the note therefore cannot be transferred unless the note is endorsed. See Cal. Com. Code §§3109, 3201, 3203, 3204. The attachments to the claim do not establish that Bayrock Mortgage Corporation endorsed and sold the note to any other party.

TRANSFER OF AN INTEREST IN THE DEED OF TRUST ALONE IS VOID

MERS acted only as a "nominee" for Bayrock Mortgage under the Deed of Trust. Since no evidence has been offered that the promissory note has been transferred, MERS could only transfer what ever interest it had in the Deed of Trust. However, the promissory note and the Deed of Trust are inseparable. "The note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Carpenter v. Longan, 83 U.S. 271, 274 (1872); accord Henley v. Hotaling, 41 Cal. 22, 28 (1871); Seidell v. Tuxedo Land Co., 216 Cal. 165, 170 (1932); Cal. Civ. Code §2936. Therefore, if on party receives the note an another receives the deed of trust, the holder of the note prevails regardless of the order in which the interests were transferred. Adler v. Sargent, 109 Cal. 42, 49-50 (1895).

Further, several courts have acknowledged that MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose upon the property secured by the deed. See In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007); In re Vargas, 396 B.R. 511, 520 (Bankr. C.D. Cal. 2008); Landmark Nat'l Bank v. Kesler, 216 P.3d 158 (Kan. 2009); LaSalle Bank v. Lamy, 824 N.Y.S.2d 769 (N.Y. Sup. Ct. 2006). Since no evidence of MERS' ownership of the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank.

Since MERS did not own the underling note, it could not transfer the beneficial interest of the Deed of Trust to another. Any attempt to transfer the beneficial interest of a trust deed with out ownership of the underlying note is void under California law. Therefore Citibank has not established that it is entitled to assert a claim in this case.

MULTIPLE CLAIMS TO THE BENEFICIAL INTEREST IN THE DEED OF TRUST AND OWNERSHIP OF PROMISSORY NOTE SECURED THEREBY

Debtor also points out that four separate entities have claimed beneficial ownership of the deed of trust. (Obj. to Claim 3-5, Apr. 6, 2010.) The true owner of the underling promissory note needs to step forward to settle the cloud that has been created surrounding the relevant parties rights and interests under the trust deed.

DECISION

11 U.S.C. §502(a) provides that a claim supported by a Proof of Claim is allowed unless a party in interest objects. Once an objection has been filed, the court may determine the amount of the claim after a noticed hearing. 11 U.S.C. §502(b). Since the claimant, Citibank, has not established that it is the owner of the promissory note secured by the trust deed, Citibank is unable to assert a claim for payment in this case. The objection is sustained and Claim Number 5 on the court's official register is disallowed in its entirety, with leave for the owner of the promissory note to file a claim in this case by June 18, 2010.

The court disallowing the proof of claim does not alter or modify the trust deed or the fact that someone has an interest in the property which can be subject thereto. The order disallowing the proof of claim shall expressly so provide.

The court shall issue a minute order consistent with this ruling.

MILLS 001007

```
                                          FILED
                                        May 27, 2010
                                      CLERK, U.S. BANKRUPTCY COURT
                                      EASTERN DISTRICT OF CALIFORNIA
                                                D67
```

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTE ORDER

| | | | |
|---|---|---|---|
| **Case Title :** | Rickie Walker | **Case No :** | 10-21656 - E - 11 |
| | | **Date :** | 5/20/10 |
| | | **Time :** | 10:30 |

**Matter :** [52] - Objection to Claim of Citibank, N.A., Claim Number 5 [MLA-3] Filed by Debtor In Possession Rickie Walker (npas)

**Judge :** Ronald H. Sargis
**Courtroom Deputy :** Janet Larson
**Reporter :** Diamond Reporters
**Department :** E

**APPEARANCES for :**
**Movant(s) :**
    Debtor(s) Attorney - Mitchell L. Abdallah
**Respondent(s) :**
None

## CIVIL MINUTE ORDER

IT IS ORDERED that the objection to the claim of Citibank NA, proof of claim No. 5 on the Official Register of Claims in this case is disallowed in its entirety, without prejudice, and the creditor is given leave to file an amended claim on or before June 18, 2010.

IT IS FURTHER ORDERED that the disallowance of this claim as represented by proof of claim No. 5, does not alter, amend, modify or effect any trust deed reference in the proof of claim or the rights of the actual owner of the note which is referenced in Proof of CLaim No. 5, whomever is ultimately recognized or determined to be the owner of the note and the creditor having a secured claim.

Dated: May 27, 2010

By the Court

*Ronald H. Sargis*
Ronald H. Sargis, Judge
United States Bankruptcy Court

MILLS 001008