## **Exhibit M**

Kuhn Loan Promissory Note

FROM : POIRIER RESIDENCE                    PHONE NO. : 8056592235              Jan. 19 2006 05:39PM P1

F-1

Joe—

## INSTALLMENT PROMISSORY NOTE
## AND SECURITY AGREEMENT

DATE: August 3, 2005

FOR VALUE RECEIVED, the undersigned, Promises to pay to the order of Ernest Kuhn, "Lender", the sum of $164,201.09 together with one time interest thereon at the rate of Ten per centum (10%) from date payable or, on demand, the one-time installment to be paid on the 19 day of August, 2005, and principal sum and all accrued interest have been paid in full,

If default is made in the payment of any installment specified herein, or any part thereof, and such default shall continue for a period of 10 days, then the holder hereof, may, at its option, declare the whole sum then remaining unpaid immediately due and payable. In case of any such default, the undersigned agrees to pay all costs of collection, including a reasonable attorneys fees, whether or not suit is instituted.

Presentment for payment, demand, notice of dishonor, protest, notice of protest and any homestead or personal property exemption allowed by the constitutions or laws of any state are hereby waived by the undersigned. Failure by the holder hereof to exercise any option granted it hereunder shall not constitute a waiver of future rights. The term "undersigned" as used herein shall include all makers, co-makers, endorsers, sureties and guarantors hereof.

As security for the Loan, the Borrower does hereby grant, pledge, transfer, sell, assign, convey and deliver to the Lender, and do grant to the Lender a security interest in, all of the right, title and interest of such Borrowers, in, to and under the following (hereinafter collectively referred to as the "Collateral"): Assets of Elea Management Group Inc. A California Corporation. In the event of Default under this agreement, the Lender shall have, in addition to any other rights under this agreement or under applicable law, the right without notice to the Borrower to take any or all of the following actions at the same or at different times: (a) to collect all Collateral in the Borrowers' name and take control of any cash or non-cash proceeds of Collateral; (b) to enforce payment of any Collateral, to prosecute any action or proceeding with respect to the Collateral, to extend the time of payment of any and all Collateral, to make allowance and adjustments with respect thereto and to issue credits in the name of the Borrower; (c) to settle, compromise, extend, renew, release, terminate or discharge, in whole or in part, any Collateral or deal with the same as the Lender may deem advisable; (d) without notice or

## EXHIBIT "1"

9

3-70

FROM : POIRIER RESIDENCE                    PHONE NO. : 8056592235                    Jan. 19 2006 05:48PM P2

Aug 05 05 12:45p                                                                    p.2

advertisement, to sell, assign and deliver the Collateral or any other property held by the Lender, at public or private sale, for cash, upon credit or otherwise at the sole option and discretion of Lender and to bid or become purchaser at any such sale, and (e) to exercise, in addition to all other rights and remedies of a Lender upon default, under the Uniform Commercial Code adopted by the State of California.  The net cash proceeds resulting from the exercise of any of the foregoing rights, after deducting all charges, expenses, cost and attorneys' fees relating thereto, including any and all costs and expenses incurred in securing the possession of Collateral and preparing the same for sale, shall be applied by the Lender to the payment of the Liabilities, whether due or to become due, in such order and in such proportions as the Lender may elect, and Borrower shall remain liable to the Lender for any deficiency.

R. Anthony Esquivel and Deborah Mills – Borrower
Elea Management Group

16

3-71

**Group Exhibit N**

Kuhn Settlement and Order [Kuhn Adv. D.I. 21]



1    MICHAELSON, SUSI & MICHAELSON
      A Professional Corporation          (SPACE BELOW FOR FILING STAMP ONLY)
      ATTORNEYS AT LAW
2    SEVEN WEST FIGUEROA STREET, SECOND FLOOR
      SANTA BARBARA, CALIFORNIA 93101-3191
3        Telephone:  (805) 965-1011
         Facsimile:  (805) 965-7351
4
      Joseph M. Sholder, Bar No. 126347
5

6    Attorneys for Ernest Kuhn

ENTERED
SEP - 4 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

FILED
AUG 2 7 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

7

8                    UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10

11    In re                          )    BK No.  ND 06-10337-RR
                                       )
12    DEBORAH E. MILLS,                )    Adv. No. 06-01097
                                       )
13                    Debtor.          )    Chapter 7
                                       )
14    _____      )    STIPULATION FOR JUDGMENT OF
                                       )    NONDISCHARGEABILITY OF DEBT
15    ERNEST KUHN,                     )    AND MUTUAL GENERAL RELEASE;
                    Plaintiff,         )    ORDER THEREON
16                                     )
      vs.                              )
17                                     )    No Hearing Set or Required
      DEBORAH E. MILLS,                )    _____
18                                     )
                    Defendant.         )
19                                     )
                                       )
20

21         This Stipulation by and between Plaintiff Ernest Kuhn and

22    Defendant Deborah E. Mills is made with reference to the

23    following facts:

24         1.    Defendant Deborah E. Mills, the Debtor herein,

25    commenced this bankruptcy case by filing a Voluntary Chapter 7

26    Petition on June 26, 2006.

27

28
                                -1-

EXHIBIT 77
Deponent Deborah Mills
Date 10/19/10  Rptr.
WWW.DEPOBOOK.COM

1    2.    On September 12, 2006, Plaintiff Ernest Kuhn filed

2  herein a Complaint for Nondischargeability of Debt Pursuant to

3  11 U.S.C. § 523(a)(2).

4    3.    On October 13, 2006, Defendant Deborah E. Mills filed

5  herein her Answer to Complaint for Nondischargeability of Debt.

6    4.    To avoid the additional costs and uncertainties of

7  litigation, the Plaintiff and Defendant desire to settle this

8  matter as more specifically set forth below.

9    NOW THEREFORE IT IS STIPULATED by and between Plaintiff

10  Ernest Kuhn and Defendant Deborah E. Mills as follows:

11    5.    That judgment be entered against Defendant Deborah E.

12  Mills in favor of Plaintiff Ernest Kuhn in the amount of

13  $7,200.00.  Said judgment shall be payable without interest at

14  the rate of $150.00 per month for the first year, $200.00 per

15  month for the second year, and $250.00 per month for the third

16  year, with monthly payments commencing August 15, 2007 and

17  continuing on the 15th day of each successive month until the

18  amount of $7,200.00 has been paid in full, provided, however,

19  that the Plaintiff will accept in full satisfaction of the

20  judgment $5,000.00, including any monthly payments made

21  pursuant to the judgment, if said $5,000.00 is paid on or

22  before August 15, 2008.  All payments should be made payable to

23  Ernest Kuhn and mailed to 301 No. Catalina Street, Ventura, CA

24  93001-2474

25    6.    The judgment against Defendant Deborah E. Mills in

26  favor of Plaintiff Ernest Kuhn referred to in the paragraph

27  immediately above is nondischargable and shall survive the

28  discharge received by Defendant in this bankruptcy case.

-2-

1    7.    Each party shall bear his/her own fees and expenses

2  and shall enter into the Mutual General Release set forth

3  below.

4                    MUTUAL GENERAL RELEASE

5        This Mutual General Release is made by and between the

6  Plaintiff and Debtor/Defendant pursuant to the foregoing

7  Stipulation.

8        The parties to this Mutual General Release desire to

9  finally and completely settle any and all claims which they may

10  have, each against the other, arising out of the disputes which

11  are the subject of the foregoing Stipulation, or otherwise as

12  set forth below:

13        a.    In consideration for the mutual promises

14  contained in the Stipulation, and except for the obligation

15  imposed on Debtor/Defendant by this Stipulation, Plaintiff does

16  for himself and for his predecessors, successors, heirs,

17  assigns, partners and agents, and for any and all persons

18  claiming through or under it, release, discharge and forever

19  acquit Debtor/Defendant from any and all claims, demands,

20  causes of action, obligations, rights and/or liabilities of any

21  nature, whether anticipated or unanticipated, known or unknown,

22  past or present, contingent or fixed, whether or not heretofore

23  or hereafter arising out of or relating to disputes which are

24  the subject of the foregoing stipulation or otherwise.

25        b.    Plaintiff and any and all persons or entities

26  claiming through or under him, acknowledge and agree that they

27  are familiar with the provisions of California Code of Civil

28  Procedures Section 1542 and hereby knowingly and intentionally

                              -3-.

1    waive any and all protection which is or may be given by said

2    section with respect to its release of claims against

3    Debtor/Defendant.  Section 1542 of the California Code of Civil

4    Procedure reads as follows:

5        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A

6    PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT

7    THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER

8    MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR

9        c.  In consideration for the mutual promises

10    contained in the foregoing Stipulation, Debtor/Defendant does

11    for herself and for her predecessors, successors, heirs,

12    assigns, partners and agents, and for any and all persons

13    claiming through or under him, release, discharge and forever

14    acquit Plaintiff from any and all claims, demands, causes of

15    action, obligations, rights and/or liabilities of any nature,

16    whether anticipated or unanticipated, known or unknown, past or

17    present, contingent or fixed, whether or not heretofore or

18    hereafter arising out of or relating to the aforementioned

19    dispute or otherwise.

20        d.  Debtor/Defendant and any and all persons or

21    entities claiming through or under her, acknowledge and agree

22    that they are familiar with the provisions of California Code

23    of Civil Procedures Section 1542 and hereby knowingly and

24    intentionally waive any and all protection which is or may be

25    given by said section with respect to their release of claims

26    against Plaintiff.  Section 1542 of the California Code of

27    Civil Procedure reads as follows:

28

-4-

1        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A

2   PARTY DOES NOT .KNOW OR SUSPECT TO EXIST IN .HIS OR HER FAVOR AT

3   THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER

4   MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

5       Dated: 8-12-07

6                           *Ernest Kuhn*

7                           ERNEST KUHN
                            Plaintiff

8       Dated: 8-27-07    MICHAELSON, SUSI & MICHAELSON
                            A Professional Corporation

9

10                          By:

11                          JAY L. MICHAELSON
                            Attorneys for Plaintiff

12

13     Dated:

14

15                          DEBORAH E. MILLS
                            Defendant

16

17     Dated:

18

19                          VAUGHN C. TAUS
                            Attorney for Defendant

20

21                 ORDER

22       Based upon the stipulation of the parties and for good

23  cause shown,

24       IT IS SO ORDERED that the Stipulation for Judgment of

25  Nondischargeability of Debt be and it is hereby approved; and

26  it is further,

27       ORDERED that judgment be and it is hereby entered against

28  Defendant Deborah E. Mills in favor of Plaintiff Ernest Kuhn in

1      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A

2  PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT

3  THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER

4  MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

5      Dated: 8-12-07

6                                    _Ernest Kuhn_
                                     ERNEST KUHN
7                                    Plaintiff

8      Dated: 8-22-07               MICHAELSON, SUSI & MICHAELSON
                                     A Professional Corporation
9

10                                  By: _____
11                                      JAY L. MICHAELSON
                                        Attorneys for Plaintiff
12

13     Dated: 08/21/07

14                                  _____
                                    DEBORAH E. MILLS
15                                  Defendant

16

17     Dated: 8/21/07

18                                  _____
                                    VAUGHN C. TAUS
19                                  Attorney for Defendant

20

21                                  ORDER

22      Based upon the stipulation of the parties and for good

23  cause shown,

24      IT IS SO ORDERED that the Stipulation for Judgment of

25  Nondischargeability of Debt be and it is hereby approved; and

26  it is further,

27      ORDERED that judgment be and it is hereby entered against

28  Defendant Deborah E. Mills in favor of Plaintiff Ernest Kuhn in

                              -5-

1  the amount of $7,200.00.  Said judgment shall be payable

2  without interest at the rate of $150.00 per month for the first

3  year, $200.00 per month for the second year, and $250.00 per

4  month for the third year, with monthly payments commencing

5  August 15, 2007 and continuing on the 15th day of each

6  successive month until the amount of $7,200.00 has been paid in

7  full, provided, however, that the Plaintiff will accept in full

8  satisfaction of the judgment $5,000.00, including any monthly

9  payments made pursuant to the judgment, if said $5,000.00 is

10  paid on or before August 15, 2008.

11      Dated: Sept 2, 2007          Robin Riblet

12                                   HONORABLE ROBIN L. RIBLET
                                     UNITED STATES BANKRUPTCY JUDGE

13          FILED

14       SEP – 2 2007
15
         CLERK, U.S. BANKRUPTCY COURT
16       CENTRAL DISTRICT OF CALIFORNIA        ENTERED
         BY        Deputy Clerk
17                                          SEP – 4 2007

18                                       CLERK, U.S. BANKRUPTCY COURT
                                         CENTRAL DISTRICT OF CALIFORNIA
19                                       BY        Deputy Clerk

20

21

22

23

24

25

26

27

28

                            -6-

## DECLARATION OF SERVICE
(U.S. Bankruptcy Court, Central District, Local Rule 7004-1[b])

KIMBERLIE WAGEMANN-CORDERO, the undersigned, hereby declares:

Declarant is a citizen of the United States and is employed by the law firm of Michaelson, Susi & Michaelson, a Professional Corporation, Seven West Figueroa Street, Second Floor, Santa Barbara, CA 93101-3191. Declarant is over the age of 18 years and not a party to the within action. On the 27th day of August, 2007, at the direction of JOSEPH M. SHOLDER of said firm and a Member of the Bar of the United States District Court for the Central District of California, I served the within:

STIPULATION FOR JUDGMENT OF NONDISCHARGEABILITY OF DEBT AND MUTUAL GENERAL RELEASE; ORDER THEREON

on the interested parties in this matter by (X) mailing, with postage thereon fully prepaid; ( ) personally delivering; ( ) sending via FAX transmission with confirmation of transmittal by Transmit Confirmation Report and follow-up telephone call to the individuals at the addresses and FAX numbers listed below; or ( ) sending via overnight carrier, a true copy thereof to said party at his or their known address, to wit:

Vaughn C. Taus, Esq.
1042 Pacific Street, Suite D
San Luis Obispo, CA  93401

Joseph L. Strohman, Esq.
1050 S. Kimball Road
Ventura, CA  93004

Executed at Santa Barbara, California, on the 27th day of August, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

KIMBERLIE WAGEMANN-CORDERO, Declarant

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do not file this form as a separate document.*

| In re<br>Deborah E. Mills,<br><br>Debtor. | CHAPTER  7<br><br>CASE NUMBER: ND  06-10337-RR |
|---|---|

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.  You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:

    STIPULATION FOR JUDGMENT OF NONDISCHARGEABILITY OF DEBT AND MUTUAL GENERAL
    RELEASE; ORDER THEREON

    was entered on *(specify date)*:        SEP  - 4 2007

2.  I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date):

                          SEP  - 4 2007

Dated:                                                    JON D. CERETTO
                          SEP  - 4 07                     Clerk of the Bankruptcy Court


                                              By: _Kim Rust_____
                                                          Deputy Clerk

ev. 1/01  This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9021-1.1

## SERVICE LIST

Joseph M. Sholder, Esq.
Michaelson, Susi & Michaelson
7 West Figueroa Street, 2nd Floor
Santa Barbara, CA 93101

Vaughn C. Taus, Esq.
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401

Joseph L. Strohman, Esq.
1050 S. Kimball Road
Ventura, CA 93004

**Group Exhibit O**

Stay Relief Orders [Mills Bankr. D.I. 12 & 13]

YCST01:10350026.1

066585.1001

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Marisol Antonio    BAR ID: 221387<br>ROUTH CRABTREE OLSEN, P.S.<br>505 N. Tustin Ave., Suite 243<br>Santa Ana, CA  92705<br>Telephone # 714-277-4915    Fax # 714-277-4899<br>☐ Individual appearing without counsel<br>☒ Attorney for: | **FILED & ENTERED**<br><br>JUL 25 2006<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY krusIC    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Deborah E Mills,<br><br>Sandra McBeth | CHAPTER:    7 |
|---|---|
| | CASE NO.:    ND-06-10337RR |
| Debtor(s). | DATE:    July 25, 2006<br>TIME:    9:00 AM |
| Trustee. | CTRM:    201<br>FLOOR:    2nd |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: American Home Mortgage Acceptance Inc. )

1.    The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2.    The Motion affects the following real property (the "Property"):
    *Street Address:*    1880 Burnt Rock Way
    *Apartment/Suite No.:*
    *City, State, Zip Code:* **Templeton, CA**

    Legal description or document recording number (including county of recording):

    **APN 020-285-020**

        ☒ See attached page.

3.    The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
        ☐ 11 U.S.C. § 362(d)(4)

4.    As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a.    ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.    ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.
        *(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1O.RP**

*Revised October 2005*

Order on Motion for Relief from Stay (Page 2 of 4) - Page 2 of 4

| In Re<br>Deborah E Mills | (SHORT TITLE) | | CHAPTER: 7 |
| --- | --- | --- | --- |
| | | Debtor(s) | CASE NO:   ND 06-<br>10337RR |

6.   ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7.   ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.   ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.   This Court further orders as follows:
   a.   ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b.   ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c.   ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER*).
   d.   ☐ See attached continuation page for additional provisions.

Dated:   July 25, 2006

*Robin Riblet*

UNITED STATES BANKRUPTCY JUDGE

F 4001-1O.RP

*Revised October 2005*

| In Re            (SHORT TITLE) | | CHAPTER:    7 |
|---|---|---|
| Deborah E Mills | Debtor(s) | CASE   NO:        ND-06-10337RR |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (in whole or in part) was entered on *(specify date)*:

July 25, 2006

Dated:    July 25, 2006

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By:    *Kam Rust*

_____
*Deputy Clerk*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005

# F 4001-1O.RP

| In Re            (SHORT TITLE) |                      | CHAPTER:    7 |
|-------------------------------|----------------------|---------------|
| Deborah E Mills               |                      |               |
|                               | Debtor(s)            | CASE   NO:    ND 06- |
|                               |                      | 10337RR       |

## SERVICE LIST

Marisol  Antonio
505 N. Tustin Ave., Suite 243
Santa Ana, CA 92705

Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Sandra McBeth
2450 Professional Parkway
Santa Maria, CA 93455

United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005

F 4001-1O.RP

County _____ of  San Luis Obispo _____
        [Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]
Parcel 95 of Parcel Map COAL 89-0229, in the County of San Luis
Obispo, State of California, according to map recorded April 19, 2002
in Book 56, Page 39 of Parcel Maps, and Certification of Correction
recorded February 10, 2004 as Instrument No. 2004-010437 of Official
Records, in the Office of the County Recorder of said County.

Parcel ID Number:  020-285-020                which currently has the address of
1880 Burnt Rock Way                                              [Street]
Templeton                            [City] , California 93465        [Zip Code]
("Property Address"):

"A"

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Marisol Antonio       BAR ID: 221387<br>ROUTH CRABTREE OLSEN, P.S.<br>505 N. Tustin Ave., Suite 243<br>Santa Ana, CA 92705<br>Telephone # 714-277-4915    Fax # 714-277-4899<br>☐ Individual appearing without counsel<br>☒ Attorney for: | **FILED & ENTERED**<br><br>**JUL 25 2006**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY krusIC    DEPUTY CLERK |

<table>
<tr><td colspan="2"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td><td>CHAPTER:    7</td></tr>
<tr><td colspan="2">In re:<br>Deborah E Mills,</td><td rowspan="2">CASE NO.:    ND-06-10337RR</td></tr>
<tr><td></td><td>Debtor(s).</td></tr>
<tr><td>Sandra McBeth</td><td>Trustee.</td><td>DATE:    July 25, 2006<br>TIME:    9:00 AM<br>CTRM:    201<br>FLOOR:    2nd</td></tr>
</table>

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: American Home Mortgage Acceptance, Inc. )

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   Street Address:        1880 Burnt Rock Way
   Apartment/Suite No.:
   City, State, Zip Code: Templeton, CA 93465

   Legal description or document recording number (including county of recording):

   APN: 020-285-020
   Recorded 8/9/05, Doc No 2005065864, San Luis Obispo County.

   ☒ See attached page.

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.    *(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1O.RP**

Revised October 2005

| In Re (SHORT TITLE) | | CHAPTER:    7 |
| Deborah E Mills | Debtor(s) | CASE   NO:    ND-06-10337RR |

6.    ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7.    ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.    ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.    This Court further orders as follows:
      a.    ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
      b.    ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
      c.    ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER*).
      d.    ☐ See attached continuation page for additional provisions.

Dated:    July 25, 2006

*Robin Riblet*

UNITED STATES BANKRUPTCY JUDGE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1O.RP**

*Revised October 2005*

Case 9:06-bk-10337-RR    Doc 13    Filed 07/25/06    Entered 07/25/06 12:47:59    Desc
Order on Motion for Relief from Stay (Real Property) - Page 3 of 4

| In Re           (SHORT TITLE) | | CHAPTER:   7 | |
|---|---|---|---|
| Deborah E Mills | Debtor(s) | CASE   NO: 10337RR | ND-06- |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (in whole or in part) was entered on *(specify date)*:

July 25, 2006

Dated:    July 25, 2006

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By:        *Kam Rust*

_____
*Deputy Clerk*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005

F 4001-1O.RP

| In Re (SHORT TITLE) Deborah E Mills | | CHAPTER:   7 |
|---|---|---|
| | Debtor(s) | CASE   NO:   ND-06-10337RR |

## SERVICE LIST

Marisol  Antonio
505 N. Tustin Ave., Suite 243
Santa Ana, CA 92705

Deborah E Mills
1880 Burnt Rock Way
Templeton, CA 93465

Vaughn C. Taus
1042 Pacific Street Suite D
San Luis Obispo, CA 93401

Sandra McBeth
2450 Professional Parkway
Santa Maria, CA 93455

United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1O.RP

Revised October 2005

Parcel 95 of Parcel Map COAL 99-0229, in the County of San Luis Obispo, State of
California, according to map recorded April 19, 2002 in Book 56, Page 33 of Parcel
Maps, and Certification of Correction recorded February 10, 2004 as Instrument No.
2004-010437 of Official Records, in the Office of the County Recorder of said
County.

which has the address of
[Street]

1880 Burnt Rock Way                    [City], California 93465    [ZIP Code] (herein "Property Address");
Templeton

DOC #:328645                    APPL #:0000930980

"A"

## Exhibit P

Taus E-mail

066585.1001

## Trula Jones

**From:** vaughn taus [tauslawyer@yahoo.com]
**Sent:** Wednesday, August 09, 2006 2:00 PM
**To:** Trula Jones
**Subject:** Deborah Mills foreclosure

Dear Ms. Jones:

I explained on the telephone that my client now has some funds available and is expected to have significant additional funds available in the immediate future. In order to remain in ownership of the home, my clients offer payment of one month of principal and interest on both the first and second deed of trust, to be made by way of cashier's check or mortgage to be received by your company tomorrow. For that payment my client seeks a delay in both foreclosure sales for a period of one week. Before the end of that week, my client will make a second payment equalling another month's payment of the promissory notes secured by both the first and second deed of trust. For this second payment they seek an extension of the foreclosure sale for a period of an additional two weeks. At that point, my clients believe they will be able to make and additional payment of two or three months of mortgage payments and propose a final date to pay off the entire balance of the arrearage.

Since my client has to arrange for a cashier's check or wire payment, I would like a response to this proposal as soon as possible.

Thank you for your consideration.

Yours truly,

Vaughn Taus

Talk is cheap. Use Yahoo! Messenger to make PC-to-Phone calls. Great rates starting at 1¢/min.

8/9/2006

**Exhibit Q**

Personal Property Agreement & Release

# PERSONAL PROPERTY AGREEMENT & RELEASE

The Undersigned acknowledge that when the Undersigned was locked out of the premises located at 1880 Burnt Rock Way, Templeton, CA 93465 ("Premises"), personal property remained on the Premises. In exchange for a waiver of storage charges, the Undersigned:

1. Agrees to remove all personal property from the Premises the Undersigned wishes to remove by 5:00 p.m. on 4|01|07 with reasonable access to be arranged through Terry Miles (Phone Number (805) 466-5561), agent for unknown ("American Home Mortgage Servicing"). Such access does not constitute authorization to re-enter for purpose of occupancy. This agreement does not constitute a tenancy of any type. The right to have reasonable access to the Premises in order to remove personal property expires at 5:01 p.m. PST on 4|01|07 and thereafter the Undersigned is a trespasser.

2. Transfers all right, title, and interest in and to any personal property remaining on the Premises at 5:01 p.m. PST on 4|01|07 to , and agrees neither unknown nor any of its agents are responsible for protection of said personal property while on the Premises prior to removal by the Undersigned, and further understands and agrees that after 5:01 p.m. on 4|01|07 will dispose of the remaining personal property in a manner and at a time to be chosen solely in the discretion of , including, but not limited to, throwing it away or donating it, and that such disposition of the remaining personal property will be done without any notice, whether actual, constructive, or implied, to the Undersigned.

3. Releases , and their agents, employees, directors, officers, assigns, successors, and their successors and predecessors in interest to the Premises from any and all claims, obligations, and causes of action, known and unknown, the undersigned and the undersigned's agents, successors, and assigns possesses or may possess against , and their agents, employees, directors, officers, assigns, successors, and their successors and predecessors in interest to the Premises existing at the signing of this Agreement or which arise or may arise from this Agreement. In addition, the Undersigned waive the provisions of *Civil Code* § 1542, which provides:

   "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him would have materially affected his settlement with the debtor." (*Civil Code* § 1542).

4. Represents and warrants that the Undersigned is the owner of any remaining items of personal property on the Premises, or otherwise has the authority to enter into this Agreement regarding the abandonment, release, and/or transfer of right, title, and interest pertaining to those remaining items of personal property.

5. As used in this Agreement, the singular includes the plural and the masculine gender includes the feminine.

Date: 03|15|07

CONFIDENTIAL

AHMSI 000026

## Exhibit R

Esquivel Letter Dated March 31, 2007

Apr. 2. 2007  2:27PM    SANTA LUCIA PROP 8054660474                    No.1681    P. 2

## ANTHONY ESQUIVEL AND DEBORAH MILLS
### 1880 BURNT ROCK WAY TEMPLETON, CA 93465

**VIA FAX**

RE: Removal of possessions from property ID # 1000928512

To Whom It May Concern:

Unfortunately due to unforeseen circumstances beyond our control we will not have the capacity for removing the personal property at 1880 Burnt Rock Way, Templeton, CA 93465 on April 1, 2007 as agreed upon.

As of March 31, 2007, we have not received a written confirmation from United Freight Lines stating that they will in fact arrive at the property and remove the possessions. They have already delayed once and have not returned our phone calls.

We feel another moving company is needed. We are doing everything possible to find a mover under such short notice though it does not seem likely.

Are intent is to remove our possessions. However, we respectfully ask for your further consideration in allowing removal of our possessions in an orderly manner by extending the period to April 20, 2007, though perhaps sooner. In addition, we are concurrently in the process of finalizing our new residence and it is expected to conclude within two weeks.

Without our possessions would only serve to cause a severe hardship on our family. We submit a new-signed Personal Property Agreement.

Thank you.

*[signature: Deborah Mills]*

*[signature: Esquivel]*

PHONE: 805 300 2498 · FAX: 821 360 1360

CONFIDENTIAL

AHMSI 000029

5-1

Apr. 2. 2007  7:57AM    SANTA LUCIA PROP 8054660474                    No.1676    P. 2/3

## PERSONAL PROPERTY AGREEMENT & RELEASE

The Undersigned acknowledge that when the Undersigned was locked out of the premises located at 1880 Burnt Rock Way, Templeton, CA 93465 ("Premises"), personal property remained on the Premises. In exchange for a waiver of storage charges the Undersigned:

1. Agrees to remove all personal property from the Premises the Undersigned wishes to remove by 5:00 p.m. on ~~~~~~~~ with reasonable access to be arranged through Terry Miles (Phone Number (805) 466-5561), agent for unknown ("American Home Mortgage Servicing"). Such access does not constitute authorization to re-enter for purpose of occupancy. This agreement does not constitute a tenancy of any type. The right to have reasonable access to the Premises in order to remove personal property expires at 5:01 p.m. PST on ~~~~~~~~ and thereafter the Undersigned is a trespasser.

2. Transfers all right, title, and interest in and to any personal property remaining on the Premises at 5:01 p.m. PST on ~~~~~~~~ to , and agrees neither unknown nor any of its agents are responsible for protection of said personal property while on the Premises prior to removal by the Undersigned, and further understands and agrees that after 5:01 p.m. on ~~~~~~~~ will dispose of the remaining personal property in a manner and at a time to be chosen solely in the discretion of , including, but not limited to, throwing it away or donating it, and that such disposition of the remaining personal property will be done without any notice, whether actual, constructive, or implied, to the Undersigned.

3. Releases , and their agents, employees, directors, officers, assigns, successors, and their successors and predecessors in interest to the Premises from any and all claims, obligations, and causes of action, known and unknown, the undersigned and the undersigned's agents, successors, and assigns possesses or may possess against , and their agents, employees, directors, officers, assigns, successors, and their successors and predecessors in interest to the Premises existing at the signing of this Agreement or which arise or may arise from this Agreement. In addition, the Undersigned waive the provisions of *Civil Code § 1542*, which provides:

   "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him would have materially affected his settlement with the debtor." (*Civil Code § 1542*).

4. Represents and warrants that the Undersigned is the owner of any remaining items of personal property on the Premises, or otherwise has the authority to enter into this Agreement regarding the abandonment, release, and/or transfer of right, title, and interest pertaining to those remaining items of personal property.

5. As used in this Agreement, the singular includes the plural and the masculine gender includes the feminine.

Date: 03-15-07

3/31/07

5-2

CONFIDENTIAL                                                                    AHMSI000030



5-3

CONFIDENTIAL

# Exhibit S

Notice of Right to Reclaim Abandoned Personal Property

# ALTERNATIVE
## Notice of Right to Reclaim Abandoned Personal Property

TO:   ANTHONY ESQUIVEL
      AND/OR ALL OCCUPANTS
      1880 Burnt Rock Way
      Templeton, CA  93465

THIS IS AN ALTERNATIVE NOTICE.   YOU HAVE TRANSFERRED ALL REMAINING PERSONAL PROPERTY TO AMERICAN HOME PURSUANT TO A PERSONAL PROPERTY SURRENDER AGREEMENT AND RELEASE.  IF THAT RELEASE IS INVALID FOR ANY REASON, THEN THE TERMS OF NOTICE PREVAIL.  THIS NOTICE IS AN ALTERNATIVE NOTICE.  IT DOES NOT WAIVE, ALTER OR AMEND ANY OF THE PROVISIONS OF THE PRIOR SIGNED RELEASE.

When you were locked out of the Premises located at 1880 Burnt Rock Way, Templeton, CA 93465 ("Premises") the following personal property remained:

Entertainment center, small table, ladder, plants, clothes, roof tiles, boxes containing miscellaneous items, miscellaneous debris and trash.

You may claim this personal property at 1880 Burnt Rock Way, Templeton, CA 93465 by contacting Terry Miles at (805) 466-5561.  AMERICAN HOME MORTGAGE SERVICING ("American Home"), its agents, and its assigns assume no liability for these items.

Unless you pay the reasonable cost of storage for all the above-described personal property, and take possession of the personal property you claim no later than 06/04/2007, this personal property may be disposed of pursuant to *Civil Code* § 1988.

Any motor vehicles listed on this Notice will be disposed of pursuant to the California Motor Vehicle Code for abandoned vehicles.  They are subject to immediate towing and storage.  If not on the property, their location can be obtained from Terry Miles at (805) 466-5561.

Because the above-described personal property is believed to be worth less than $300.00, it may be kept, sold, or destroyed without further notice if you fail to reclaim it within the time period indicated above.

Dated: 5/17/2007

Jackson & Associates, Inc.

By: _____
ROBERT L. JACKSON
Attorney for American Home
AHCA002X

**Group Exhibit T**

Listing Agreement
REO Marketing Agreement

0G6585.1001



EXHIBIT
12


CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LISTING AGR.. MENT**
(Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 4/06)

1. EXCLUSIVE RIGHT TO SELL: _American Home Mortgage_ ("Seller")
hereby employs and grants _Terry Miles Broker_ ("Broker")
beginning (date) _March 27, 2007_ and ending at 11:59 P.M. on (date) _June 30, 2007_ ("Listing Period")
the exclusive and irrevocable right to sell or exchange the real property in the City of _Templeton_
County of _San Luis Obispo_, Assessor's Parcel No. _020-285-020_ ("Property").
California, described as: _1880 Burnt Rock Way_

2. ITEMS EXCLUDED AND INCLUDED: Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that
are attached to the Property are included, and personal property items are excluded, from the purchase price.
ADDITIONAL ITEMS EXCLUDED: _____
ADDITIONAL ITEMS INCLUDED: _Built-in appliances, light fixtures_
Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: (i) the purchase
agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the
sale; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase
agreement.

3. LISTING PRICE AND TERMS:
   A. The listing price shall be: _One Million Four Hundred Forty-Three Thousand_ Dollars ($ _1,443,000.00_ ).
   B. Additional Terms: _Buyers to be pre-qualified with American Home Mortgage prior to offer_
   _being negotiated._

4. COMPENSATION TO BROKER:
Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker
individually and may be negotiable between Seller and Broker (real estate commissions include all
compensation and fees to Broker).
   A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☐ _4.000_ percent
   of the listing price (or, if a purchase agreement is entered into, of the purchase price), or ☐ $ _____ , as follows:
   AND
      (1) If during the Listing Period, or any extension, Broker, Seller, cooperating broker, or any other person procures a buyer(s)
      who offers to purchase the Property on the above price and terms, or on any price and terms acceptable to Seller. (Broker
      is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing
      Period.)
   OR (2) If within _____ calendar days (a) after the end of the Listing Period or any extension, or (b) after any cancellation
      of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the
      Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the
      Property during the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any
      cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the
      Property. Seller, however, shall have no obligation to Broker under paragraph 4A(2) unless, not later than 3 calendar days
      after the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of
      such Prospective Buyers.
   OR (3) If, during the Listing Period or any extension, without Broker's prior written consent, Seller cancels this Agreement,
      withdraws the Property from sale or makes it unmarketable, or the Property is conveyed, leased, rented or otherwise
      transferred.
   B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation due under paragraph 4A
   shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount
   equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow
   expenses and the expenses of collection, if any: _____
   C. In addition, Seller agrees to pay Broker: _____
   D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
      (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS"):
      (i) by offering MLS brokers: either ☐ _____ percent of the purchase price, or ☐ $ _____ ;
      OR (ii) (if checked) ☐ as per Broker's policy.
      (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   E. Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may
   submit this Agreement, as instructions to compensate Broker pursuant to paragraph 4A, to any escrow regarding the Property
   involving Seller and a buyer, Prospective Buyer or other transferee.
   F. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property,
      unless specified as follows: _____
      (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the
      Property is transferred to any of the following individuals or entities: _____
      (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is
      not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized
reproduction of this form, or any portion thereof, by photocopy machine or any other
means, including facsimile or computerized formats. Copyright © 1991-2005,
CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
RLA REVISED 4/06 (PAGE 1 OF 3)

Seller acknowledges receipt of a copy of this page.
Seller's Initials ( X _____ ) ( _____ )
Reviewed by _____ Date _____

EQUAL HOUSING
OPPORTUNITY

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 3)**

Agent: Terry Miles    Phone: (805)4668300    Fax: (805)    Prepared using WINForms® software
Broker: Santa Lucia Properties-Miles  7401 El Camino Real  , Atascadero  CA 93422

Confidential

AHM_MILLS020706
AHM_MILLS020706

1880 Burnt Rock l.

Property Address: Templeton, CA 93465 _____    Date: March 27, 2007 _____

5.  **OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows:

6.  **MULTIPLE LISTING SERVICE:** All terms of the transaction, including financing, if applicable, will be provided to the selected MLS for publication, dissemination and use by persons and entities on terms approved by the MLS. Seller authorizes Broker to comply with all applicable MLS rules. MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 48 hours or some other period of time after all necessary signatures have been obtained on the listing agreement. However, Broker will not have to submit this listing to the MLS, if, within that time, Broker submits to the MLS a form signed by Seller (C.A.R. Form SEL or the locally required form) instructing Broker to withhold the listing from the MLS. Information about this listing will be provided to the MLS of Broker's selection unless a form instructing Broker to withhold the listing from the MLS is attached to this listing Agreement.

7.  **SELLER REPRESENTATIONS:** Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.

8.  **BROKER'S AND SELLER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized to order reports and disclosures as appropriate or necessary and advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium. Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property. Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney fees arising from any incorrect information supplied by Seller, or from any material facts that Seller knows but fails to disclose.

9.  **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

10. **AGENCY RELATIONSHIPS:**
    A.  **Disclosure:** If the Property includes residential property with one-to-four dwelling units, Seller shall receive a "Disclosure Regarding Agency Relationships" form prior to entering into this Agreement.
    B.  **Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 4F.
    C.  **Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and such Buyer. In the event of an exchange, Seller hereby consents to all parties of such agency and compensation. Seller understands and agrees that: (i) Broker, without the prior written consent of Seller, will not disclose to Buyer that Seller is willing to sell the Property at a price less than the listing price; (ii) Broker, without the prior written consent of Buyer, will not disclose to Seller that Buyer is willing to pay a price greater than the offered price; and (iii) except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.
    D.  **Other Sellers:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement.
    E.  **Confirmation:** If the Property includes residential property with one-to-four dwelling units, Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

11. **SECURITY AND INSURANCE:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller.

12. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox.

13. **SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

14. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

15. **ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker regarding the obligation to pay compensation under this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A.

16. **ADDITIONAL TERMS:** Property is being sold in "AS IS" condition

_____

Seller acknowledges receipt of a copy of this page.

Seller's Initials ( X ) ( )

| Reviewed by | Date | |

Copyright © 1991-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

RLA REVISED 4/06 (PAGE 2 OF 3)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 3)**

American Home

Confidential

1880 Burnt Rock I,

Property Address: _Templeton, CA  93465_                                                    Date: _March 27, 2007_

**17. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within 5 Days After its execution.

**18. SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

**19. DISPUTE RESOLUTION:**

A. **MEDIATION:** Seller and Broker agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraph 19B(2) below. Paragraph 19B(2) below applies whether or not the arbitration provision is initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.

B. **ARBITRATION OF DISPUTES:** (1) Seller and Broker agree that any dispute or claim in law or equity arising between them regarding the obligation to pay compensation under this Agreement, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraph 19B(2) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California law. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.

(2) EXCLUSIONS FROM MEDIATION AND ARBITRATION: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Seller's Initials _____ / _____     Broker's Initials _____ / _____

**20. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

Seller X _____     _American Home Mortgage_ Date _____

Address _1600 Regent Blvd Suite 200_     City _Irving_     State _TX_ Zip _75063_

Telephone _____ Fax _(866)330-1039_     E-mail _Reandrea.Tillis@americanhm.com_

Seller _____     Date _____

Address _____     City _____     State _____ Zip _____

Telephone _____ Fax _____     E-mail _____

Real Estate Broker (Firm) _____     _Terry Miles Broker_ DRE Lic. # _00945439_

By (Agent) _____     _Terry Miles_ DRE Lic. # _00945439_ Date _March 27, 2007_

Address _7401 El Camino Real_     City _Atascadero_     State _CA_ Zip _93422_

Telephone _(805)466-5561_ Fax _(805)466-0474_     E-mail _terry@santaluciaproperties.com_

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

RLA REVISED 4/06 (PAGE 3 OF 3)

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 3)**

American Home

AHM_MILLS020708
AHM_MILLS020708

Confidential



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## Seller's Advisory
(C.A.R. Form SA, Revised 10/01)

Property Address: _1880 Burnt Rock Way, Templeton, CA 93465_ ("Property")

1. **INTRODUCTION:** Selling property in California is a process that involves many steps. From start to finish, it could take anywhere from a few weeks to many months, depending upon the condition of your Property, local market conditions and other factors. You have already taken an important first step by listing your Property for sale with a licensed real estate broker. Your broker will help guide you through the process and may refer you to other professionals as needed. This advisory addresses many things you may need to think about and do as you market your Property. Some of these things are requirements imposed upon you, either by law or the listing or sale contract. Others are simply practical matters that may arise during the process. Please read this document carefully and, if you have any questions, ask your broker for help.

2. **DISCLOSURES:**

   A. **General Disclosure Duties:** You must affirmatively disclose to the buyer, in writing, any and all known facts that materially affect the value or desirability of your Property. You must disclose these facts whether or not asked about such matters by the buyer, any broker, or anyone else. This duty to disclose applies even if the buyer agrees to purchase your Property in its present condition without requiring you to make any repairs. If the Property you are selling is a residence with one to four units, your broker also has a duty to conduct a reasonably competent and diligent visual inspection of the accessible areas and to disclose to a buyer all adverse material facts that the inspection reveals. If your broker discovers something that could indicate a problem, your broker must advise the buyer.

   B. **Statutory Duties: (For one-to-four Residential Units):**
   (1) You must timely prepare and deliver to the buyer, among other things, a Real Estate Transfer Disclosure Statement ("TDS"), and a Natural Hazard Disclosure Statement ("NHD"). You have a legal obligation to honestly and completely fill out the TDS form in its entirety. (Many local entities or organizations have their own supplement to the TDS that you may also be asked to complete.) The NHD is a statement indicating whether your Property is in certain designated flood, fire or earthquake/seismic hazard zones. Third-party professional companies can help you with this task.
   (2) Depending upon the age and type of construction of your Property, you may also be required to provide and, in certain cases you can receive limited legal protection by providing, the buyer with booklets titled "The Homeowners Guide to Earthquake Safety," "The Commercial Property Owner's Guide to Earthquake Safety," "Protect Your Family From Lead in Your Home" and "Environmental Hazards: A Guide For Homeowners and Buyers." Some of these booklets may be packaged together for your convenience. The earthquake guides ask you to answer specific questions about your Property's structure and preparedness for an earthquake. If you are required to supply the booklet about lead, you will also be required to disclose to the buyer any known lead-based paint and lead-based paint hazards on a separate form. The environmental hazards guide informs the buyer of common environmental hazards that may be found in properties.
   (3) If you know that your property is: (i) located within one mile of a former military ordnance location; or (ii) in or affected by a zone or district allowing manufacturing, commercial or airport use, you must disclose this to the buyer. You are also required to make a good faith effort to obtain and deliver to the buyer a disclosure notice from the appropriate local agency(ies) about any special tax levied on your Property pursuant to the Mello-Roos Community Facilities Act.
   (4) If the TDS, NHD, or lead, military ordnance, commercial zone or Mello-Roos disclosures are provided to a buyer after you accept that buyer's offer, the buyer will have 3 days after delivery (or 5 days if mailed) to terminate the offer, which is why it is extremely important to complete these disclosures as soon as possible. There are certain exemptions from these statutory requirements. However, if you have actual knowledge of any of these items, you may still be required to make a disclosure as the items can be considered material facts.

   C. **Death and Other Disclosures:** Many buyers consider death on real property to be a material fact in the purchase of property. In some situations, it is advisable to disclose that a death occurred or the manner of death. However, California Civil Code Section 1710.2 provides that you have no disclosure duty "where the death has occurred more than three years prior to the date the transferee offers to purchase, lease, or rent the real property, or [regardless of the date of occurrence] that an occupant of that property was afflicted with, or died from, Human T-Lymphotropic Virus Type III/Lymphadenopathy-Associated Virus." This law does not "immunize an owner or his or her agent from making an intentional misrepresentation in response to a direct inquiry from a transferee or a prospective transferee of real property, concerning deaths on the real property."

   D. **Condominiums and Other Common Interest Subdivisions:** If the Property is a condominium, townhouse, or other property in a common interest subdivision, you must provide to the buyer copies of the governing documents, the most recent financial statements distributed, and other documents required by law or contract. If you do not have a current version of these documents, you can request them from the management of your homeowners' association. To avoid delays, you are encouraged to obtain these documents as soon as possible, even if you have not yet entered into a purchase agreement to sell your Property.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Seller acknowledges receipt of copy of this page.

Seller's Initials ( X_____ ) ( _____ )

Reviewed by _____

Broker or Designee _____ Date _____

SA-11 REVISED 10/01 (PAGE 1 OF 2)

**SELLER'S ADVISORY (SA-11 PAGE 1 OF 2)**

| Agent: Terry Miles | Phone: (805)4668300 | Fax: (805) | Prepared using WINForms® software |
| Broker: Santa Lucia Properties-Miles  7401 El Camino Real | , Atascadero | CA 93422 | |

AHM_MILLS020709
AHM_MILLS020709

Property Address: 1880 Burnt Rock Way, 2  Teton  CA  93465                Date: March 27, 2007

3. **CONTRACT TERMS AND LEGAL REQUIREMENTS:**

   A. **Contract Terms and Conditions:** A buyer may request, as part of the contract for the sale of your Property, that you pay for repairs to the Property and other items. Your decision on whether or not to comply with a buyer's requests may affect your ability to sell your Property at a specified price.

   B. **Withholding Taxes:** Under federal and California tax laws, a buyer is required to withhold a portion of the purchase price from your sale proceeds for tax purposes unless you sign an affidavit of non-foreign status and California residency, or some other exemption applies and is documented.

   C. **Prohibition Against Discrimination:** Discriminatory conduct in the sale of real property against individuals belonging to legally protected classes is a violation of the law.

   D. **Government Retrofit Standards:** Unless exempt, you must comply with government retrofit standards, including, but not limited to, installing operable smoke detectors, bracing water heaters, and providing the buyer with corresponding written statements of compliance. Some city and county governments may impose additional retrofit standards, including, but not limited to, installing low-flow toilets and showerheads, gas shut-off valves, tempered glass, and barriers around swimming pools and spas. You should consult with the appropriate governmental agencies, inspectors, and other professionals to determine the retrofit standards for your Property, the extent to which your Property complies with such standards, and the costs, if any, of compliance.

   E. **Legal, Tax and Other Implications:** Selling your Property may have legal, tax, insurance, title or other implications. You should consult an appropriate professional for advice on these matters.

4. **MARKETING CONSIDERATIONS:**

   A. **Pre-Sale Considerations:** You should consider doing what you can to prepare your Property for sale, such as correcting any defects or other problems. Many people are not aware of defects in or problems with their own Property. One way to make yourself aware is to obtain professional home inspections prior to sale, both generally, and for wood destroying pests and organisms, such as termites. By doing this, you then have an opportunity to make repairs before your Property is offered for sale, which may enhance its marketability. Keep in mind, however, that any problems revealed by such inspection reports should be disclosed to the buyer (see "Disclosures" in paragraph 2 above). This is true even if the buyer gets his/her own inspections covering the same area. Obtaining inspection reports may also assist you during contract negotiations with the buyer. For example, if a pest control report has both a primary and secondary recommendation for clearance, you may want to specify in the purchase agreement those recommendations, if any, for which you are going to pay.

   B. **Post-Sale Protections:** It is often helpful to provide the buyer with, among other things, a home protection/warranty plan for the Property. These plans will generally cover problems, not deemed to be pre-existing, that occur after your sale is completed. In the event something does go wrong after the sale, and it is covered by the plan, the buyer may be able to resolve the concern by contacting the home protection company.

   C. **Safety Precautions:** Advertising and marketing your Property for sale, including, but not limited to, holding open houses, placing a keysafe/lockbox, erecting FOR SALE signs, and disseminating photographs, video-tapes, and virtual tours of the premises, may jeopardize your personal safety and that of your Property. You are strongly encouraged to maintain insurance, and to take any and all possible precautions and safeguards to protect yourself, other occupants, visitors, your Property, and your belongings, including cash, jewelry, drugs, firearms and other valuables located on the Property against injury, theft, loss, vandalism, damage, and other harm.

   D. **Expenses:** You are advised that you, not the Broker, are responsible for the fees and costs, if any, to comply with your duties and obligations to the buyer of your Property.

5. **OTHER ITEMS:** _____

   _____
   _____
   _____
   _____

Seller has read and understands this Advisory. By signing below, Seller acknowledges receipt of a copy of this document.

Seller X _____   Date _____

Print Name American Home Mortgage

Seller _____   Date _____

Print Name _____

Real Estate Broker Terry Miles Broker          By _____ (Agent) Terry Miles

Address 7401 El Camino Real          City Atascadero          State CA  Zip 93422

Telephone (805)466-5561          Fax (805)466-0474          E-mail terry@santaluciaproperties.com

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____
Broker or Designee _____  Date _____

American Home

SA-11 REVISED 10/01 (PAGE 2 OF 2)          SELLER'S ADVISORY (SA-11 PAGE 2 OF 2)

Confidential

AHM_MILLS020710
AHM_MILLS020710

 **American Home Mortgage Servicing**

Effective the date signed below, this REO Marketing Agreement (the "Agreement") is entered into by and between American Home Mortgage Servicing, Inc. ("AHM"), on the one hand, and Terry Miles Broker ("Broker"), on the other hand. Upon execution of this Agreement, AHM, at its sole option, agrees to assign the marketing duties for certain real property ("Property") owned by AHM and/or its investors to Broker in the manner described herein. Broker agrees to faithfully perform the duties described herein.

## I.
## PRE-MARKETING

A. **Notification of Assignment.** AHM shall notify Broker of Broker's assignment to market a Property on behalf of AHM. Said notification may be made telephonically by AHM's REO coordinator. Included in the notification of assignment, AHM will provide information (i) identifying the AHM REO Manager responsible for the Property ("REO Manger") and (ii) relating to the Property, including foreclosure status, to the best of AHM's knowledge. If the initial assignment was made telephonically, AHM will confirm such assignment by letter sent to Broker and Provide written authorization for Broker to market the Property pursuant to the terms of this agreement.

B. **Taking Possession of Property.** Within 3 business days after the later of (i) the conclusion of a foreclosure sale and (ii) receipt of notification of assignment, Broker shall take all prudent steps, described herein, to ascertain the occupancy status of the Property by physically inspecting the Property. Broker shall approach occupant, if any, and ask occupant's intentions with respect to possession of the Property. If necessary, Broker shall provide occupant with a copy of the AHM authorization letter. Broker shall attempt to identify whether occupant is the former mortgagor, a tenant, or unknown. Broker is instructed to act politely and, additionally, to comply with the provisions of the Fair Debt Collection Act. Broker shall report occupancy status, as well as observed structural, repair, vandalism, or neighborhood concerns, to AHM's REO Manager assigned to the Property. Broker shall also report on any other conditions or issues requested by the REO Manager.

     a. **Property Occupied.** Broker shall utilize the following procedures in the event that Broker determines that the Property is occupied:

         i. **Re-Possession Procedures.** After advising the REO Manager of the occupancy status of the Property, Broker shall discuss with REO Manager AHM's eviction and/or "cash for keys" procedures. Broker shall obtain the REO Manager's instructions concerning such procedures and implement same. Broker shall refer to occupant move-out and release form in the AHM Broker package.

         ii. **Drive-By Inspections.** Broker shall drive by the Property as often as possible, in any event not less than once per week (absent authorization from the REO Manager for less-frequent visits), and inform the REO Manager immediately if Property appears to have become vacant or if any unusual occurrences or hazards (Fire, theft, etc.,) are observed.

         iii. **Broker's Price Opinion.** Broker shall complete a Broker's Price Opinion ("BPO") package in accordance with subsection C below.

         iv. **Property Vacated.** Once Property is vacated by all occupants, Broker shall follow the procedures defined in subsection B below.



Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol - AHM

AHM_MILLS020699
AHM_MILLS020699

 **American Home Mortgage Servicing**

b. Property Vacant.

   i. <u>Taking Possession.</u> Broker will notify AHM immediately of vacancy. AHM will order REO services, including security through its field asset services company. Broker will oversee the securing and initial services process; ensuring timely completion -- within 72 hours. This process includes (i) rekey all external locks, including, where applicable, locks installed on outlying buildings and (ii) secure Property and, if necessary, prevent damages that could reasonably be expected to be incurred by weather factors (i.e. winterize). If Property is only partially vacant, (i.e. multi-unit properties), Broker shall request rekey of all locks securing vacant areas and otherwise secured such areas through AHM's field asset services company.

   ii. <u>Emergency Repairs.</u> In the event of an emergency, Broker will immediately contact the AHM REO Manager and the AHM field services company. Should the AHM field services company, REO Manager, or other AHM personnel, fail to respond to Broker's request for authorization to commence emergency repairs within two (2) hours of such request, Broker is authorized to reasonably expend up to $2,500.00 <u>for emergency repairs only.</u> In addition to submitting billings in accordance with Section IV below, for all emergency repairs expensed, Broker must supply original photographs supporting the need for such expense with the billing.

   iii. <u>Personal Property.</u> If Broker or his agent finds personal property, with an aggregate value estimated to be in excess of $300.00, that appears to be abandoned at the Property, Broker shall contact the REO Manager to determine the proper transfer or disposal of such personal property.

   iv. <u>Property Vandalized.</u> If the Property has been damaged due to apparent vandalism or other criminal act, Broker shall (i) file a complaint with the appropriate law enforcement agency, (ii) make a record, including photographs, of the damage inflicted upon the Property, and (iii) obtain restoration bids from properly licensed, bonded, and insured contractors. Broker shall mail a copy of the filed complaint, along with original photographs and other information, to the REO Manager and <u>to the Servicer (as identified by the REO Manager)</u>, who will file a hazard insurance claim, if appropriate. All repair bids should be mailed to the REO Manager – do not send any repair bids to the Servicer unless specifically requested by AHM.

   v. <u>Broker's Price Opinion.</u> Broker shall complete a BPO package in accordance with subsection C below.

   vi. <u>Utilities.</u> Immediately upon re-possession of the Property, Broker shall make all necessary arrangements to have the utilities (electricity, water, gas, etc.) activated. All utility accounts shall be opened in Broker's name.

   vii. <u>Additional Inspections.</u> After having the utilities activated at the Property, Broker shall check all plumbing, heating, air conditioning, electrical, septic, well systems and the integrity of the roof, where possible. If any repairs are necessary during the marketing process, Broker shall submit to the REO Manager two (2) bids from contractor(s) who are licensed, bonded, and insured.

Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol – AHM

AHM_MILLS020700
AHM_MILLS020700

 **American Home Mortgage Servicing**

viii.  *Appraisals.* AHM may retain the services of a qualified residential property appraiser ("Appraiser") to ascertain the current market value of the Property. Unless expressly authorized to do so in writing, Broker shall not provide an Appraiser with any marketing information or a copy of the Broker's Price Opinion under any circumstances. The Appraiser is solely responsible for (i) developing information relating to the Property and (ii) reaching an opinion of value for the Property.

ix.  *Internet Listings.* Within five (5) business days after the submission of the initial BPO, Broker shall list the subject property on one or more major real estate listing internet home pages. The internet listing(s) shall contain a computerized, color photograph of the property and a detailed description of the home's key marketing features. If the REO Manager has not yet provided Broker with an initial listing price, the listing price shall be marked as "To be determined" or equivalent. Broker is responsible for updating and revising each internet listing as appropriate. Broker shall ensure that each property listing is hyperlinked to both the AHM and Loan Works home pages so that, among other things, the prospective purchaser will be directed to Loan Works for financing options. Broker should contact the REO Manager for more instructions, if necessary. Broker must comply with this requirement unless Broker has received written authorization from the REO Manager excusing Broker's performance.

C.  BPO Procedures.

a.  *Timing.* Within five (5) business days after receiving the Property assignment, Broker shall complete and mail to the REO Manager a typed Broker's Price Opinion ("BPO") package, with original photographs, interior (if available) and exterior, of the Property and contractor's repair bids, if necessary. As soon as practicable thereafter, the REO Manager shall send Broker written authorization or decline of the requested repairs.

b.  *Completed BPO.* Broker shall complete all sections of the Broker's Price Opinion form. Broker shall also: (i) note any beneficial and/or adverse market conditions affecting the Property and (ii) recommend a proposed specific market strategy that the Broker, in Broker's considered opinion, believes will result in the most economic manner in which to sell the Property. Along with the typed, completed Broker Price Opinion form, Broker shall submit at least one photograph from each interior room (if vacant) and three photographs of the exterior of the Property. Photographs shall be mounted on a blank sheet of paper and labeled with descriptions indicating the condition of the Property and any observed damage or vandalism thereto.

II
## MARKETING

A.  Listing Agreement

a.  *Initial Listing.* With the exception of listing price and listing dates left blank, Broker shall completely fill out the listing agreement provided to Broker by AHM. The REO Manager shall review the submitted listing agreement and, at AHM's sole discretion, the REO Manager shall execute the listing agreement and return same to Broker.

b.  *Listing Renewals.* At least three (3) weeks prior to the expiration of a listing term, Broker shall submit an updated Broker's Price Opinion and Extension Agreement on a form provided by the REO Manager. Broker is not authorized to automatically renew any

Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol - AHM

Confidential

 **American Home Mortgage Servicing**

listing agreement absent written authorization from AHM. Broker acknowledges that the decision to renew or extend a listing agreement is made in the sole and absolute discretion of AHM. Broker further acknowledges that AHM may consider the Broker's effectiveness marketing the Property, or other AHM properties, when deciding whether to renew or extend the listing agreement.

c. **Listing Disclosures/Advertising.** Broker shall ensure that the Property listing is disclosed in the Metro Listing Service ("MLS") and furnish AHM with the MLS listing information for the Property. If MLS is unavailable in Broker's local area, Broker shall notify the REO Manager of all equivalent local residential listing services and, if requested, disclose the Property listing to such services. In the event extensive repair of the Property is necessary and the REO Manager's concurrence is obtained, Broker shall defer listing the Property with MLS until such time as such repairs are completed. In addition to the foregoing, Broker shall purchase reasonable advertising of the Property and its listing.

d. **Repairs.** Broker shall ensure that any and all repair items approved by AHM are completed quickly and professionally. When the repair work is completed by the contractor(s), Broker shall inspect the completed project to ascertain whether all repairs were completed in a workmanlike manner.

   i. **Unsatisfactory Repairs.** If the repair work is not completed in a workmanlike manner, Broker shall provide contractor and AHM with a "punch list" of still-existing repair items. Broker shall confirm that all "punch list" repair items are completed by the contractor in a workmanlike manner. Once the repairs have been completed in a satisfactory manner, Broker shall perform all steps required by subsection (ii) below.

   ii. **Satisfactory Repairs.** If the repair work is completed in a workmanlike manner, Broker shall execute and date the authorized repair bid indicating that the work has been completed in a satisfactory manner. Broker shall immediately send the executed repair bid, complete with photographs of the completed work, to the REO Manager. Broker shall ensure that all contractors are licensed, bonded, and insured and that the contractor's social security number or tax identification number is included on the repair bid.

e. **Maintenance.** AHM employs a nationwide field services company. Broker will ensure properties are properly maintained. Home shall be maintained as follows:

   i. Yards are to be kept trimmed and watered;

   ii. Pool and spa must be secured and free of debris;

   iii. Pursuant to Section IV below, ongoing bills are to be presented monthly or within 30 days of close of escrow or expiration or termination of listing, whichever is sooner.

   iv. Broker shall not derive any economic benefit, directly or indirectly, from entering into service contracts with any vendors, including contractors, absent prior written approval of the REO Manager. Broker is required to disclose to AHM in writing any and all economic and familial relationships Broker has, or has ever had, with any vendor used by Broker.

Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol – AHM

Confidential

AHM_MILLS020702
AHM_MILLS020702

 **American Home Mortgage Servicing**

    v.  Broker has the sole responsibility for (i) paying vendors for services rendered, including utility bills, and (ii) requesting reimbursement from AHM pursuant to Section IV below.

f.  <u>Reporting Requirements</u>. On or before the 8th day of each month, Broker shall complete and submit to the REO Manager the AHM Status Report detailing the quantity and quality of potential buyers visiting the Property (i.e. traffic), the source of the traffic (Broker or Buyer's agent), Broker's marketing efforts (advertising, open houses, flyer, etc.), new listing and sales information in the relevant area, and any additional recommendations Broker believes will assist AHM in the marketing of the Property.

g.  <u>Handling of Offers</u>. Prior to the submission of any written offer to AHM, Broker shall obtain and review a report of the offeror's credit to determine whether the offeror pre-qualifies for extension of credit. Broker shall contact AHM's Direct to Consumer Group at 866-418-7300 / www.ahmhomes.com, to obtain such pre-qualification. Once the offeror is pre-qualified, Broker shall telecopy the offer (with notice of pre-qualification) to the REO Manager (Fax    ). Upon receipt of the pre-qualified offer, AHM may, at its sole and absolute discretion.

    i.  Reject the offer;

    ii.  Execute and deliver to Broker a counteroffer with terms specified therein;

    iii.  Authorize the Broker to prepare a Purchase and Sale contract under the terms identified in the offer or counteroffer, where applicable;

h.  <u>Purchase and Sale Contracts</u>. All Purchase and Sale contracts are subject to AHM corporate approval and may only be executed by a corporate office of AHM. When submitting a Purchase and Sale contract, Broker must provide the REO Manager with:

    i.  A Purchase and Sale contract completed by Broker;

    ii.  An AHM "As-Is Property Addendum" completed by Broker;

    iii.  An AHM standard Counter Form (in the form attached hereto as Exhibit A)

    iv.  All counteroffers relating to the Property; and

    v.  A pro forma analysis of expected closing costs, including points, commissions, pest and any other closing costs applicable to the proposed sale.

i.  <u>Acceptance of Offer</u>. Upon receipt of the documents identified in subsection (h) above, AHM shall contact Broker with a verbal acceptance or denial of the proposed sale; If AHM has verbally accepted the proposed sale, Broker shall send originals of all documents identified in subsection (h) above by overnight delivery to the REO Manager. The REO Manager shall send the original signed documents by overnight delivery to Broker. AHM's Closing Coordinator shall then contact Broker with the name, address, and telephone number of the escrow/title officer or closing attorney responsible for completing the transaction. BROKER IS NOT AUTHORIZED TO EXECUTE ANY DOCUMENTS ON BEHALF OF AHM.

III.

Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol - AHM

Confidential

AHM_MILLS020703
AHM_MILLS020703

 **American Home Mortgage Servicing**

### Closing Procedures

A. <u>Initiation of Escrow</u>. Once Broker is notified of the escrow/title company or closing attorney to be used in the transaction, Broker shall telecopy a copy of the signed Purchase and Sale contract to the escrow agent/closing attorney to permit preparation of escrow instructions and other required closing documents. Within two (2) business days of receipt of the original, executed Purchase and Sale contract, Broker shall also deposit Buyer's earnest money, if any, with the local closer. Broker shall ensure that the earnest money deposit funds are honored by the buyer's bank. Upon clearance of the funds, Broker shall send a copy of the receipt to the Closing Coordinator.

B. <u>Broker's Closing Responsibilities</u>. In addition to the foregoing, Broker is solely responsible for the following:

    a.  Obtaining loan approval confirmation

    b.  Obtaining all required signatures from the parties;

    c.  Facilitating a full appraisal of the Property;

    d.  Obtaining valid title insurance;

    e.  Ensuring that smoke detectors are operational at the Property;

    f.  Facilitating Buyer's home inspection (septic, termite, roof, radon, etc.);

    g.  Obtaining approval from the primary mortgage insurer, where applicable;

    h.  Notifying the homeowner's association, where applicable, of the pending transfer of ownership; and

    i.  Supervising completion of all required repairs prior to funding.

C. <u>Communication with Closing Coordinator</u>. Broker shall notify and keep apprised the Closing Coordinator when agreed-upon dates for contractual events (i.e. loan approval, inspection schedule, closing date, etc.) are not met. The Broker is responsible for strictly monitoring and controlling the closing process.

D. <u>Post-contractual Modifications</u>. Cancellations and any subsequent contractual modification requests should be addressed to the REO Manager, who shall instruct Broker on the proper response to such cancellation or request.

### IV.
### EXPENSE REIMBURSEMENT PROCEDURES

A. <u>Submission of Invoices</u>. Broker shall submit copies of invoices for which Broker requests reimbursement. All invoices must be submitted to AHM using the request for payment form attached hereto as Exhibit B. Expenses incurred without AHM approval will not be reimbursed by AHM and will be the sole responsibility of the Broker. With respect to repair work, Broker shall submit a copy of the bid authorized by AHM with Broker's request for payment. Broker shall submit reimbursement request to AHM on a monthly basis. Brokers should allow a minimum of thirty (30) days for processing of the payment/reimbursement.

Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol - AHM

Confidential

AHM_MILLS020704
AHM_MILLS020704

 **American Home Mortgage Servicing**

B. **Final Submission of Invoices.** Upon closing/settlement of the Property sale or expiration of the listing agreement ("End Date"), Broker shall submit, within five (5) business days, a final request for reimbursement of all expenses incurred but not yet claimed. AHM will not be responsible for payment of any services performed after the End Date. Utility service must be discontinued effective with the closing date that title is transferred. Final utility invoices should be submitted to AHM for reimbursement when received and will not be subject to the above five-day rule.

## V.
## TERMINATION OF AGREEMENT

.A.    **Termination.** AHM hereby reserves the right to terminate this Agreement at any time, via telecopied written notice to Broker, with or without cause. In such an event, Broker shall submit a final reimbursement pursuant to Section IV (B) above.

B.    **Judicial Intervention.** In the event of any lawsuits or other proceedings related to this Agreement, each of the Broker and AHM hereby:  1) waives its right to trial by jury, (2) consents to exclusive jurisdiction in the state and federal courts located in the County of Los Angeles, State of California, and (3) agrees that the prevailing party shall be entitled to recover from the non-prevailing party its reasonable attorneys' fees and costs.

If any term or provision of this document or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the other terms and provisions hereof shall not be affected thereby and such terms and provisions shall be valid and enforceable to the fullest extent permitted by law.

Executed this 31st day of March, 2007.

American Home Mortgage Servicing, Inc.

By: _____
      Jane Larkin
Title:    Vice President – REO & Valuations

"BROKER"

By: _____
    Terry Miles Broker

Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia
An American Home Mortgage Investment Corp. Company
New York Stock Exchange Listing Symbol – AHM

AHM_MILLS020705
AHM_MILLS020705

**Exhibit U**

Strauss Letter

066585.1001

 i                              Anthony Esquivel <anthonius75@gmail.com>

# American Home Mortgage Forclosure Property Owners

Anthony Esquivel <anthonius75@gmail.com>                    Wed, Mar 7, 2007 at 4:45 PM
To: michael.strauss@americanhm.com, m.strauss@americanhm.com, mary.feder@americanhm.com

Anthony Esquivel And Deborah Mills
1880 Burnt rock way templeton, ca 93465
805-239-2432 310-525-3525



Michael Strauss
Chief Executive and Chairman
American Home Mortgage
Corporate Headquarters
538 Broadhollow Road
Melville, NY 11747

March 7, 2007

Dear Michael Strauss,

We wish to inform you directly in regards to the situation currently going on the property of 1880 Burnt Rock Way, Templeton, CA  93465 of which your company has foreclosed on. What we wish to inform you about is the conduct of your employees and agents, our prespective of the situation and how we feel that we have been wronged to a certain extent. We are specially requesting that the agents who are handling this property immediately suspend current procedures to allow us to voice our case.

We ask that you understand in advance, and respect, that we are perfectly clear and aware of being in foreclosure, evicted and the general procedures of foreclosure according to industry standards and law.

We also want it clear that we are grateful that your company financed our dream home and we are regretful that the relationship established with your company has deteriorated, due to unforeseen events, in our lives to such an extent as to where it now stands, but we sincerely give you our thanks for making it possible.

Our complaint is as follows:

Since December 2006 our financial situation finally turned around and we immediately tried to contact American Home Mortgage in order to initiate discussions to either enter escrow for buying the property back from you or have the loan reinstated or some such. Not one person at American Home Mortgage returned our numerous, relentless phone calls either to our attorney or us. Our attempt to get in discussions with American Home Mortgage continued into the early part of February. Then we were served an eviction notice. At that point your agents began accepting our phone calls and insisted that the protocol for buying back the property consisted of such and such steps. However, though complying with the procedures they continued with the eviction; so we left with dignity only two hours before the sheriff came with only the clothes on our back.

Now, they still will not allow us to buy back the property for reason that we must "pre qualify", which begs the question how can anyone qualify if they have just been foreclosed and reflected in credit? Even Mrs. Tillus told us that "we can try but it is not going to happen". Even though we have arranged private financing to buy back your paper, your company refuses in allowing us to buy it back.

We feel that once our situation was stabilized we made every reasonable attempt to work with American Home Mortgage and due to their lack of communication and stubbornness that we have been cheated out of any last

MILLS000356

7-1

right to save our home.

We also feel that, according to Bob Jackson, from Jackson and Associates (the law firm handling this property and coordinating procedures) that when we are told "You had your chances, don't play the blame game" is irrelevant.

The agent assigned to our property from American Home Mortgage, Terry Miles, has been the only one cooperative, professional and elegant in working with us; but even she has expressed frustration in dealing with American.

What we ask, once again, is for intervention from someone with authority at American Home Mortgage to immediately suspend all procedures currently in place in order to allow both American Home Mortgage and ourselves to speak in a reasonable manner for the best benefit for both parties.

The sheer incompetence of it all is astonishing. Please do what you can.

Sincerely,

Deborah Mills and Anthony Esquivel

CC: Via fax; investor relations

# Exhibit V

Chronology

| From: | JLARKIN on behalf of |
| | Jane Larkin <jlarkin@ahm.com> |
| Sent: | Thursday, March 8, 2007 3:54 PM |
| To: | David Friedman <David.Friedman@americanhm.com> |
| Cc: | Robert Hardman <Robert.Hardman@americanhm.com> |
| Subject: | DEBORAH MILLS CHRONOLOGY (2).xls |
| Attach: | DEBORAH MILLS CHRONOLOGY (2).xls |

David,

Bob and I have reviewed this file and put together a history / chain of events (attached).

In summary, American Home Mortgage made attempts to assist the borrower. Loss Mitigation efforts were attempted and foreclosure sale postponed. Once in REO, relocation assistance was offered, weekly contacts attempted while eviction was in process (since mid-August). I spoke with both our asset manager and our local agent confirming that the first contact (since September '06) / mention of an offer was on February 24th, 2007, a day after the home was posted with a final eviction notice. I also confirmed that to date, no offers, proof of funds / financing have ever been received by either the broker or our asset manager. I have asked the agent to request this information, should the business partner of the borrower still wish to purchase the subject. Per my most recent conversation with the local agent, borrower is speaking with her business partner and will attempt to have all information to our agent asap. We have been very clear that possession will not be granted to borrower until after closing and that she would have to continue her efforts to move out of the subject.

Please let me know if you have any questions.

Jane Larkin



AHM_MILLS008166

MARCH 7, 2007

DEBORAH MILLS
1880 BURNT ROCK WAY
TEMPLETON, CA 93465

AHM MILLS00B167

| A | B | C — CHRONOLOGY - Ln #1000928612 (UPB $561K) / Ln #1000030980 (UPB $200K) / Mills | |
|---|---|---|---|
| | | | |
| | NEW LOAN | | |
| | | FUNDED 7/15/05 | |
| | | FIRST PAYMENT DUE 9/1/05   received 9/13/07 | |
| 10/18/05 | | Call to customer, no answer | |
| 10/21/05 | | 20 Day letter Sent to Customer | |
| 10/24/05 | | Per conversation with customer, she is waiting on her clients to pay, she said | |
| | | the check was sent and she should have no later than Friday, then she | |
| | | will pay October and November payments | |
| 10/20/05 | | No funds received, left message with male for customer to call back | |
| 11/06/05 | | Two payments received, paid October and November payments, next due | 12/1/2005 |
| | | | |
| | | | |
| 11/23/05 | | Last 2 payments returned NSF | |
| | | Next due 10/1/07 | |
| 11-26-12/1/05 | | Messages left on vm, no contact with customer | |
| 12/1/405 | | Field call ordered | |
| 12/15/05 - 12/21/05 | | Numerous calls to customer, no return calls | |
| 12/26/05 | | Loan Breached | |
| 12/22/05 | | Collector spoke to borrower, who insisted that her check was mailed from | |
| | | Thailand and that DHL had lost the payment. She stated that the | |
| | | other funds coming in, but did not until the middle of next week. Collector | |
| | | advised customer that issue needed resolved by 12/26 | |
| 12/28/05 - 12/31/05 | | Messages left for customer were not returned | |
| 01/04/06 | | Call to customer, she stated she was working with Co. trying to get a loan | |
| | | to bring both loans current. She is to fax letter authorizing the rep to speak | |
| | | to AHM. | |
| | | | |
| 01/09/06 | | Customer called in gave # to Mr. Davis 816-735-0851 | |
| 01/11/06 | | Customer called in said she has a meeting with Layne Mark to resolve | |
| 1/12/06 - 1/18/06 | | No response to phone messages | |
| 01/19/06 | | Layne Mark called said he was setting up new escrow loan to bring both | |
| | | loans current would call back on Monday | |
| 01/24/06 | | Field call results, property occupied, all power on, not listed for sale | |
| 01/24/06 | | Submitted to management for review | |
| 01/25/06 | | Referred to Attorney; Cal Western Re-conveyances | |
| 05/11/06 | | Sale date set for 6/7/06, bpo value | |
| 05/2/2005 | | Customer called office, left vm wanting to know what I would take to | |
| | | postpone the sale. Said she is trying to rectify the situation | |
| | | Return call to customer, advised that she needed to fully reinstate both | |
| | | loans including attorney fees and cost, $54,614.84 + atty fees/costs | |
| | | Forwarded call to Amanda to send loss mit pkg. | |
| 05/2/006 | | Amanda Ellsworth sent loss mitigation package to customer | |
| 05/30/06 | | Loss mitigation package received. Incomplete, customer said she would | |
| | | have her tax info by 6/1...she said she was doing a profit/loss for proof of | |
| | | income | |
| 06/05/06 | | Customer called in spoke to Carol Oakes, she said she was trying to | |
| | | reinstate. Carol postponed sale for 10 days. | |
| 06/16/06 | | Sale postponed until 6/25, Customer promised to have funds in office by | 6/24/2006 |
| | | | |
| 06/26/06 | | Bankruptcy filed, sale postponed to 8/1/06 to allow bankruptcy department | |
| | | to get Lift of Stay | |
| 07/23/06 | | File released from BK to foreclosure | |
| 08/03/06 | | Referred back to attorney to continue foreclosure | |

AHM_MILLS008168

MARCH 7, 2007

DEBORAH MILLS
1880 BURNT ROCK WAY
TEMPLETON, CA 93465



DEBORAH MILLS
1880 BURNT ROCK WAY
TEMPLETON, CA 93465

MARCH 7, 2007

| | A | B | C |
|---|---|---|---|
| 53 | 08/10/06 | | Property went to foreclosure sale, reverted to AHM |
| 54 | 08/16/06 | | File transferred to REO |
| 55 | 08/17/06 | | Broker verified property occupied. Spoke to borrower and offered relocation assistance. Borrower was going to think about it. |
| 56 | 8/17/05-11/3/2006 | | Broker made weekly attempts to contact borrower - no response |
| 57 | 11/3/2006 | | Eviction started. Broker attempted eviction. Judge granted the occupant possession through 1/7/07 due to holidays. |
| 58 | 11/20/2006-2/23/07 | | Broker made weekly attempts to contact borrower / inspect property - no response |
| 59 | 02/23/07 | | Home posted with eviction notice |
| 60 | 02/24/07 | | Borrower contacted the AHM asset manager. |
| 61 | | | Borrower stated that she had a business partner who would purchase the property. AHM Asset manager explained that we needed to inspect the property and obtain values, forwarded borrower our agents contact info. Told borrower eviction would not be cancelled. |
| 62 | | | AHM Asset Manager ordered values and inspection. |
| 63 | 02/28/07 | | Asset Manager rec'd a message from the borrower's boyfriend demanding that the eviction be cancelled - call was not returned; message was hostile. |
| 64 | 03/01/07 | | Borrower contacted AHM Asset Manager and told her that she was going to move because the lockout was scheduled for Monday. |
| 65 | 03/03/07 | | Asset manager again stated she would not stop the eviction. |
| 66 | | | Eviction complete |
| 67 | 03/05/07 | | Rec'd letter from borrower. |
| 68 | 03/07/07 | | VP of REO contacted broker, confirmed that no offers were received, only a letter of intent (no offer amount), not had broker |
| 69 | 03/08/07 | | rec'd preapproval letter / proof of funds from borrowers business partner's lender. Instructed the broker to obtain these items should borrower's business partner still wish to purchase the property. Borrower will contact business partner and attempt |
| 70 | | | to get offer and proof of funds / pre-approval letter form a direct lender. |
| 71 | | | |
| 72 | | | |

AHM MILLS008169

**<u>Exhibit W</u>**

Esquivel E-mail Dated August 3, 2007

**From:** Anthony Esquivel [anthonius75@gmail.com]
**Sent:** Friday, August 03, 2007 4:55 PM
**To:** Michael Strauss; Mary Feder; Jane Larkin
**Subject:** Fwd: American Home Mortgage Forclosure Property Owners

Mike,

I just left a verbal message with your assistant regarding my home in Templeton for an immediate response.

I've submitted 7 offers altogether since november 2006; 4 written the other 3 verbal ranging from 1.1 million to 500 thousand.

Anthony Esquivel

---------- Forwarded message ----------
**From:** Anthony Esquivel <anthonius75@gmail.com>
**Date:** Mar 7, 2007 4:45 PM
**Subject:** American Home Mortgage Forclosure Property Owners
**To:** michael.strauss@americanhm.com, m.strauss@americanhm.com , mary.feder@americanhm.com

Anthony Esquivel And Deborah Mills
1880 Burnt rock way templeton, ca 93465

Michael Strauss
Chief Executive and Chairman
American Home Mortgage
Corporate Headquarters
538 Broadhollow Road
Melville, NY 11747

March 7, 2007

Dear Michael Strauss,

We wish to inform you directly in regards to the situation currently going on the property of 1880 Burnt Rock Way, Templeton, CA  93465 of which your company has foreclosed on. What we wish to inform you about is the conduct of your employees and agents, our prespective of the situation and how we feel that we have been wronged to a certain extent. We are specially requesting that the agents who are handling this property immediately suspend current procedures to allow us to voice our case.

We ask that you understand in advance, and respect, that we are perfectly clear and aware of being in foreclosure, evicted and the general procedures of foreclosure according to industry standards and law.

We also want it clear that we are grateful that your company financed our dream home and we are regretful that the relationship established with your company has deteriorated, due to unforeseen events, in our lives to such an extent as to where it now stands, but we sincerely give you our thanks for making it possible.

CONFIDENTIAL

AHMSI 000015

Page 2 of 2

Our complaint is as follows:

Since December 2006 our financial situation finally turned around and we immediately tried to contact American Home Mortgage in order to initiate discussions to either enter escrow for buying the property back from you or have the loan reinstated or some such. Not one person at American Home Mortgage returned our numerous, relentless phone calls either to our attorney or us. Our attempt to get in discussions with American Home Mortgage continued into the early part of February. Then we were served an eviction notice. At that point your agents began accepting our phone calls and insisted that the protocol for buying back the property consisted of such and such steps. However, though complying with the procedures they continued with the eviction; so we left with dignity only two hours before the sheriff came with only the clothes on our back.

Now, they still will not allow us to buy back the property for reason that we must "pre qualify", which begs the question how can anyone qualify if they have just been foreclosed and reflected in credit? Even Mrs. Tillus told us that "we can try but it is not going to happen". Even though we have arranged private financing to buy back your paper, your company refuses in allowing us to buy it back.

We feel that once our situation was stabilized we made every reasonable attempt to work with American Home Mortgage and due to their lack of communication and stubbornness that we have been cheated out of any last right to save our home.

We also feel that, according to Bob Jackson, from Jackson and Associates (the law firm handling this property and coordinating procedures) that when we are told "You had your chances, don't play the blame game" is irrelevant.

The agent assigned to our property from American Home Mortgage, Terry Miles, has been the only one cooperative, professional and elegant in working with us; but even she has expressed frustration in dealing with American.

What we ask, once again, is for intervention from someone with authority at American Home Mortgage to immediately suspend all procedures currently in place in order to allow both American Home Mortgage and ourselves to speak in a reasonable manner for the best benefit for both parties.

The sheer incompetence of it all is astonishing. Please do what you can.

Sincerely,

Deborah Mills and Anthony Esquivel

CC: Via fax; investor relations

**<u>Exhibit X</u>**

Esquivel E-mail Dated August 6, 2007

066585.1001

## Jane Larkin

| | |
|---|---|
| **From:** | Deborah Mills [landscapediva@sbcglobal.net] |
| **Sent:** | Monday, August 06, 2007 3:37 PM |
| **To:** | Michael Strauss; Jane Larkin |
| **Subject:** | 1880 Burnt Rock Way Loan # 1000928512 |

Michael,

We are proceeding with legal action and filing as a creditor,

Our home is not to be touched or affected by your demise. Its very simple; order the title and keys to be transferred back to us immediately and we will give you $250k.

We want the keys now then we talk. The keys and title now, immediately.

Please be reasonable and come to your senses, You have much more problems then destroying our family's home and our painstaking efforts over the last 6 months to regain what is rightfully ours will not go away.

Deborah Mills

Anthony Esquivel

8/13/2007

9-1

AHM_MILLS007452

**Exhibit Y**

Esquivel E-mail Dated August 14, 2007

066585.1001

August 14, 2007

Attn: American Home Mortgage

Michael Strauss Chairman Et al

RE Purchase offer

Reference Note: Sale and Title Transfer 1880 Burnt Rock Way, Templeton, CA 93465
Property # 1000928512

Buyer will pay $300,000.00 in cash subject to the following:

1. Title for 1880 Burnt Rock Way, Templeton, CA 93465 to be delivered free of any and all liens.

2. American Home Mortgage shall execute in favor of the buyer as Trustee and Beneficiary at close of escrow.

3. American Home Mortgage shall provide a letter stating the purchase price of $300,000.00 has satisfied any and all interests in subject property: 1880 Burnt Rock Way, Templeton, CA 93465.

4. Seller shall bear all cost with the effort to transfer title.

Sincerely,

Deborah Mills and Anthony Esquivel

CC: Via fax, email; Jane Larkin, Michael Strauss; Mary Fedor

11-2

CONFIDENTIAL

AHMSI 000070

**Exhibit Z**

Email from Ms. Mills to Mr. Alan Horn, Mr. Friedman, and Ms. Larkin dated August 21, 2007

**From:** Deborah Mills [landscapediva@gmail.com]
**Sent:** Tuesday, August 21, 2007 2:20 PM
**To:** Alan Horn; David Friedman; Jane Larkin
**Cc:** Anthony Esquivel
**Subject:** 1880 Burnt Rock Way
This e-mail shall serve as a follow-up to the voice mail I left Ms. Larkin.

We would like to submitt our offer through our agent and would like to know if you prefer to have it faxed or emailed to you.

As mentioned in my voice mail we are also getting closer to a figure AHM would like. We need to know the costs incurred for the floreclosure and after the eviction process so our offer shall be true and correct.

Thank you in advance,
Deborah Mills

**<u>Exhibit AA</u>**

Recorded Notice of Default

Branch :FA4,User :SL19                    Comment:                                    Station Id :LVLR

**JULIE RODEWALD**                                        TB
San Luis Obispo County—Clerk/Recorder                    1/27/2006
Recorded at the request of                               11:22 AM
Public

Recording Requested By
When Recorded Mail To
    UNITED TITLE COMPANY
Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004

DOC#:  **2006006346**

| Titles: 1 | Pages: 2 |
|---|---|
| Fees | 10.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| **PAID** | **$10.00** |

Trustee Sale No. 1081027-01
                                    Space Above This Line For Recorder's Use
Loan No. 1000930980 Ref: MILLS, DEBORAH E.
                    **NOTICE OF DEFAULT**

                    **IMPORTANT NOTICE**
IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN
YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may
have legal right to bring your account in good standing by paying all of your past due payments plus
permitted costs and expenses within the time permitted by law for reinstatement of your account, which
is normally five business days prior to the date set for the sale of your property. No sale date may be set
until three months from the date this notice of default may be recorded (which date of recordation
appears on this notice). This amount is $7,922.32 as of January 26, 2006, and will increase until your
account becomes current. While your property is in foreclosure, you still must pay other obligations
(such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other
obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist
that you do so in order to reinstate your account in good standing. In addition, the beneficiary or
mortgagee may require as a condition to reinstatement that you provide reliable written evidence that
you paid all senior liens, property taxes, and hazard insurance premiums.
    Upon your written request, the beneficiary or mortgagee will give you a written itemization of the
entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even
though full payment was demanded, but you must pay all amounts in default at the time payment is
made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time
the notice of sale is posted (which may not be earlier than the end of the three-month period stated above)
to, among other things, (1) provide additional time in which to cure the default by transfer of the
property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1)
and (2).
    Following the expiration of the time period referred to in the first paragraph of this notice, unless the
obligation being foreclosed upon or a separate written agreement between you and your creditor permits
a longer period, you have only the legal right to stop the sale of your property by paying the entire
amount demanded by your creditor.
    To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your
property is in foreclosure for any other reason, contact:
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

C/O Cal-Western Reconveyance Corporation
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004
(619)590-9200

If you have any questions, you should contact a lawyer or the governmental agency which may have
insured your loan.

                                                                    Page 1 of 2

Branch :FA4,User :SL19                        Comment:                                    Station Id :LVLR

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**NOTICE IS HEREBY GIVEN:**

**CAL-WESTERN RECONVEYANCE CORPORATION is Trustee**

under a deed of trust dated July 15, 2005 executed by

**DEBORAH E. MILLS, A SINGLE WOMAN**
    as trustor, to secure certain obligations in favor of

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
    as beneficiary

recorded as document 2005065865 on August 09, 2005 in book XX page XX official records in the office of County Recorder of SAN LUIS OBISPO
County, California, describing land therein as:

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST.**

said obligations including a promissory note for the principal sum of $200,000.00 that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Failure to pay the monthly payment due October 1, 2005 of principal and interest and subsequent installments due thereafter; plus late charges; failure to pay when due liens and charges superior hereto; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

T.S. 1081027-01

Dated:      January 26, 2006          CAL-WESTERN RECONVEYANCE CORPORATION

Signature By ___Matthew E. Johnson/pp___

Nodca.doc Page 2 of 2

END OF DOCUMENT

**Exhibit BB**

Affidavit of Mailing Notice of Default (10-Day)

# AFFIDAVIT OF MAILING NOTICE OF DEFAULT

T.S. NO.: 1081027-01                          STATE: CA

STATE OF CALIFORNIA          }
                             }SS
COUNTY OF SAN DIEGO          }

I, _____ **Dave Neal** _____ being duly sworn, depose and say:

I am and at all times herein mentioned a citizen of the United States, over the age of eighteen years and a resident of San Diego County, California:

That at the request of Cal-Western Reconveyance Corporation, a California Corporation on January 30, 2006, I deposited in the United States mail a copy of the Notice of Default and Election to Sell Under Deed of Trust, a true and correct copy of which is attached to this Affidavit, in separate, sealed envelopes, First Class Mail and Certified Mail, postage prepaid, addressed respectively as follows:

See Attached

_____
Affiant

CWR-1081027-01-023-D=N-P=1-01300729-0003-20060130-080530-ANOD                    Rev.
                                                                                 11/29/04

AHM MILLS019122

1/30/2008 3:17:27 PM    Sender:    CalWestern Reconveyance
525 E Main
El Cajon CA 92020

Pustal Class:    First Class

Type of Mailing:    10 DAY

Affidavit Attachment: 1081027-01 023 01300729 CWR

| Postal Number | Sequence | Recipient Name | Address Line 1/3 | Address Line 2/4 |
|---|---|---|---|---|
| 11041994141003412038 | 1 | DEBORAH E. MILLS | 1880 BURNT ROCK WAY | TEMPLETON  CA  93465 |
| 11041994141003412045 | 2 | DEBORAH E. MILLS | 179 NIBLICK ROAD PMB 143 | PASO ROBLES  CA  93446 |

AHM MILLS019123

1/30/2006 3:17:28 PM          Sender:          CalWestern Reconveyance
                                               525 E Main
                                               El Cajon CA 92020

Postal Class:          Certified

Type of Mailing:       10 DAY

Affidavit Attachment: 1081027-01 023 01300729 CWR

Postal Number          Sequence  Recipient Name          Address Line 1/3          Address Line 2/4

7104199414100525366    1         DEBORAH E. MILLS         1880 BURNT ROCK WAY        TEMPLETON  CA  93465

7104199414100525367    2         DEBORAH E. MILLS         779 NIBLICK ROAD PMB 143   PASO ROBLES  CA  93446
9

AHM_MILLS019124

Recording Requested By
When Recorded Mail To

    UNITED TITLE COMPANY
Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004

**CONFORMED COPY**

**COPY** of Document Recorded

on 1/27/06 as No. 2006 0016346

Has not been compared with original.

Trustee Sale No. 1081027-01  6060500        Space Above This Line For Recorder's Use

Loan No. 1000930980 Ref: MILLS, DEBORAH E.

## NOTICE OF DEFAULT

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $7,922.32 as of January 26, 2006, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure your default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

C/O Cal-Western Reconveyance Corporation
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004
(619)590-9200

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Page 1 of 2

AHM MILLS019125

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN:

CAL-WESTERN RECONVEYANCE CORPORATION is Trustee

under a deed of trust dated July 15, 2005 executed by

DEBORAH E. MILLS, A SINGLE WOMAN
    as trustor, to secure certain obligations in favor of

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
    as beneficiary

recorded as document 2005065865 on August 09, 2005 in book XX page XX official records in the office of County Recorder of SAN LUIS OBISPO
County, California, describing land therein as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST.

said obligations including a promissory note for the principal sum of $200,000.00 that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Failure to pay the monthly payment due October 1, 2005 of principal and interest and subsequent installments due thereafter; plus late charges; failure to pay when due liens and charges superior hereto; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

T.S. 1081027-01

Dated:      January 26, 2006      CAL-WESTERN RECONVEYANCE CORPORATION


Signature By _____ Matthew E. Johnson/pep

Nodoa.doc Page 2 of 2

AHM MILLS019126

## Exhibit CC

Affidavit of Mailing Notice of Default (30-Day)

## AFFIDAVIT OF MAILING NOTICE OF DEFAULT

T.S. NO.: 1081027-01                    STATE: CA


STATE OF CALIFORNIA        }
                           }SS
COUNTY OF SAN DIEGO        }


I, _____**Dave Neal**_____ being duly sworn, depose and say;


I am and at all times herein mentioned a citizen of the United States, over the age of eighteen years and a resident of San Diego County, California:

That at the request of Cal-Western Reconveyance Corporation, a California Corporation on February 27, 2006, I deposited in the United States mail a copy of the Notice of Default and Election to Sell Under Deed of Trust, a true and correct copy of which is attached to this Affidavit, in separate, sealed envelopes, First Class Mail and Certified Mail, postage prepaid, addressed respectively as follows:


See Attached


_____
Affiant


CWR-1081027-01-032-D=N-P=1-02270813-0002-20060227-085912-ANOD

Rev.
11/29/04

2/27/2006 1:58:22 PM    Sender:    CalWestern Reconveyance
525 E Main
El Cajon CA 92020

Postal Class:    First Class

Type of Mailing:    1 MONTH

Affidavit Attachment: 1081027-01 032 02270813 CWR

Postal Number    Sequence    Recipient Name    Address Line 1/3    Address Line 2/4

11041994141003476139    DEBORAH E. MILLS    179 NIBLICK RD BOX 144    TEMPLETON  CA  93465
4

AHM_MILLS019114

2/27/2006 1:58:22 PM         Sender:          CalWestern Reconveyance
                                               525 E Main
                                               El Cajon CA 92020

Postal Class:       Certified

Type of Mailing:    1 MONTH

Affidavit Attachment: 10B1027-01 032 02270813 CWR

Postal Number    Sequence  Recipient Name      Address Line 1/3              Address Line 2/4

710419941410053415843
         4                 DEBORAH E. MILLS     179 NIBLICK RD BOX 144       TEMPLETON  CA  93465

AHM_MILLS019115

Recording Requested By
When Recorded Mail To

UNITED TITLE COMPANY
Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004

**CONFORMED COPY**

COPY of Document Recorded

on 1/27/06 No. 2006 0016346

Has not been compared with original.

Trustee Sale No. 1081027-01    Space Above This Line For Recorder's Use

Loan No. 1000930980 Ref: MILLS, DEBORAH E.

## NOTICE OF DEFAULT

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $7,922.32 as of January 26, 2006, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

C/O Cal-Western Reconveyance Corporation
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004
(619)590-9200

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Page 1 of 2

AHM_MILLS019116

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN:

CAL-WESTERN RECONVEYANCE CORPORATION is Trustee

under a deed of trust dated July 15, 2005 executed by

DEBORAH E. MILLS, A SINGLE WOMAN
    as trustor, to secure certain obligations in favor of

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
    as beneficiary

recorded as document 2005065865 on August 09, 2005 in book XX page XX official records in the office of County Recorder of SAN LUIS OBISPO
County, California, describing land therein as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST.

said obligations including a promissory note for the principal sum of $200,000.00 that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Failure to pay the monthly payment due October 1, 2005 of principal and interest and subsequent installments due thereafter; plus late charges; failure to pay when due liens and charges superior hereto; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

T.S. 1081027-01

Dated:    January 26, 2006        CAL-WESTERN RECONVEYANCE CORPORATION

Signature By _____ Matthew E. Johnson/pap

Nodon.doc Page 2 of 2

AHM_MILLS019117

**Group Exhibit DD**

Recorded Substitution of Trustee

Branch :FA4,User :SL19          Comment:                                                Station Id :LVLR

**JULIE RODEWALD**
San Luis Obispo County—Clerk/Recorder

AR
3/01/2006
10:19 AM

RECORDING REQUESTED BY:

UNITED TITLE COMPANY

AND WHEN RECORDED MAIL TO:

Recorded at the request of
**Public**

DOC#:   **2006014386**

| Titles: 1 | Pages: 3 |
|---|---|
| Fees | 13.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $13.00 |

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON CA 92022-9004

_____          SPACE ABOVE THIS LINE FOR RECORDER'S USE_____
LOAN NO.: 1000930980
T.S. NO.: 1081027-01

## SUBSTITUTION OF TRUSTEE
This Form Provided By Cal-Western Reconveyance Corporation

WHEREAS, DEBORAH E. MILLS, A SINGLE WOMAN          was the original Trustor,

CHICAGO TITLE COMPANY
was the original Trustee,

and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.          was the original
Beneficiary

under that certain Deed of Trust dated July 15, 2005 and recorded on August 09, 2005 as Instrument
No. 2005065865, in book XX, page XX of Official Records of SAN LUIS OBISPO County,
California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS,
the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and stead of
present Trustee thereunder, in the manner in said Deed of Trust provided.

NOW, THEREFORE, the undersigned hereby substitutes

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET, P.O. BOX 22004
EL CAJON CA 92022-9004

THIS INSTRUMENT IS RECORDED AT THE
REQUEST OF UNITED TITLE COMPANY AS
AN ACCOMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION
OR AS TO ITS EFFECTS UPON TITLE.

as Trustee under said Deed of Trust.

SUBCA2.DOC                    Rev. 01/10/2006                    Page 1 of 2

Branch :FA4,User :SL19                    Comment:                                        Station Id :LVLR

## SUBSTITUTION OF TRUSTEE

LOAN NO:    1000930980

TS NO:    1081027-01

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated:    1/26/2006

Mortgage Electronic Registration Systems, Inc. (MERS)

Wendy V. Perry                                    Yvonne Wheeler
Assistant Secretary of MERS                       Assistant Secretary of MERS

STATE OF:    California
COUNTY OF:   San Diego

On    1/26/2006    before me,    N. Yost    , a Notary Public in and for said state, personally appeared  Wendy V. Perry and Yvonne Wheeler  personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the document.

WITNESS my hand and official seal.

Signature

```
N. YOST
COMM. # 1493525
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. June 1, 2008
```

This area for official Notary Seal

Page 2 of 2

cautorsub200412091s.doc

Branch :FA4,User :SL19                    Comment:                                    Station Id :LVLR



**CAL-WESTERN**
**RECONVEYANCE**
**CORPORATION**

T.S. No. 1081027-01
Loan No 1000930980

## AFFIDAVIT OF MAILING

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

THE UNDERSIGNED BEING SWORN, SAY(S): A COPY OF THE SUBSTITUTION HAS BEEN MAILED, PRIOR TO
THE RECORDING THEREOF, IN THE MANNER PROVIDED IN SECTION 2934a OF THE CIVIL CODE OF
CALIFORNIA TO ALL PERSONS TO WHOM A COPY OF THE NOTICE OF DEFAULT WOULD BE REQUIRED TO
BE MAILED BY THE PROVISIONS OF SUCH SECTION.

Dated: 02/24/2006

AFFIANT          Gabrielle Angle

ASUB
Rev: 02/21/97

END OF DOCUMENT

## Exhibit EE

Recorded Notice of Trustee's Sale

YCST01:10350026.1

066585.1001

Branch :FA4,User :SL19                    Comment:                                    Station Id :LVLR

JULIE RODEWALD                                                          8C
San Luis Obispo County – Clerk/Recorder                                5/15/2006
Recorded at the request of                                             10:17 AM
Title Court Services Inc

RECORDING REQUESTED BY                    DOC#:    2006033626      | Titles: 1   Pages:   2
And When Recorded Mail To:
     UNITED TITLE COMPANY                                          | Fees      10.00
CAL-WESTERN RECONVEYANCE CORPORATION                              | Taxes      0.00
525 EAST MAIN STREET                                              | Others     0.00
P.O. BOX 22004                                                    | PAID      $10.00
EL CAJON CA  92022-9004

66600530

Trustee Sale No. 1081027-01                       Space Above This Line For Recorder's Use

# NOTICE OF TRUSTEE'S SALE

APN: 020-285-020      TRA:
LOAN NO: XXXXXX0980
REF: MILLS, DEBORAH E.
     UNINS

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED July 15, 2005.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On June 07, 2006, at 11:30am, CAL-WESTERN RECONVEYANCE CORPORATION, as duly appointed trustee under and pursuant to Deed of Trust recorded August 09, 2005, as Inst. No. 2005065865, in book XX, page XX, of Official Records in the office of the County Recorder of SAN LUIS OBISPO County, State of CALIFORNIA executed by:

**DEBORAH E. MILLS, A SINGLE WOMAN**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK. SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

**AT THE OSOS STREET ENTRANCE NEAR THE DOOR TO THE SAN LUIS OBISPO COUNTY COURTHOUSE SAN LUIS OBISPO CALIFORNIA**

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST.**

NOS.DOC                         Rev. 2/21/2006                    Page 1 of 2

Branch :FA4,User :SL19                    Comment:                                    Station Id :LVLR

## NOTICE OF TRUSTEE'S SALE

T.S. No: 1081027-01

The street address and other common designation, if any, of the real property described above is purported to be:
**1880 BURNT ROCK WAY
TEMPLETON  CA  93465**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust to wit:

**$199,936.09 with interest thereon from September 01, 2005 @ the rate of 11.500% per annum as provided in said not(s) plus cost and any advances with interest.  ESTIMATED TOTAL DEBT: $220,322.17.**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell.  The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR SALES INFORMATION: Mon – Fri 9:00am to 4:00pm (619)590-1221
CAL-WESTERN RECONVEYANCE CORPORATION
*525 EAST MAIN STREET*
P.O. BOX 22004
EL CAJON  CA  92022-9004

Dated: May 08, 2006

By: _____
Authorized Signature                    **Matt Johnson**

NOS.DOC                          Rev. 2/21/2006                          Page 2 of 2

END OF DOCUMENT

**Exhibit FF**

Affidavit of Mailing Notice of Trustee's Sale

066585.1001

## AFFIDAVIT OF MAILING NOTICE OF TRUSTEE SALE

T.S. NO.: 1081027-01                    State: CA

STATE OF CALIFORNIA          }
                                                    )SS
COUNTY OF SAN DIEGO        }

I, _____ **Dave Neal** _____ being duly sworn, depose and say:

I am and at all time herein mentioned a citizen of the United States, over the age of eighteen years and a resident of San Diego, California:

That at the request of Cal-Western Reconveyance Corporation, a California Corporation, on May 18, 2006, I deposited in the United States Mail copies of the attached Notice of Trustee's Sale, in separate, sealed envelopes, Certified Mail and First Class Mail, postage prepaid, addressed respectively as follows:

See Attached

_____
Affiant

Anos.doc

Rev.
11/04/04

AHM_MILLS019108

RECORDING REQUESTED BY
And When Recorded Mail To:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON CA  92022-9004

---

Trustee Sale No. 1081027-01        Space Above This Line For Recorder's Use

# NOTICE OF TRUSTEE'S SALE

APN: 020-285-020     TRA:
LOAN NO: XXXXXX0980
REF: MILLS, DEBORAH E.
     UNINS

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED July 15, 2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On June 07, 2006, at 11:30am, CAL-WESTERN RECONVEYANCE CORPORATION, as duly appointed trustee under and pursuant to Deed of Trust recorded August 09, 2005, as Inst. No. 2005065865, in book XX, page XX, of Official Records in the office of the County Recorder of SAN LUIS OBISPO County, State of CALIFORNIA executed by:

**DEBORAH E. MILLS, A SINGLE WOMAN**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

AT THE OSOS STREET ENTRANCE NEAR THE DOOR TO THE SAN LUIS OBISPO COUNTY COURTHOUSE
SAN LUIS OBISPO CALIFORNIA

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST.**

NOS.DOC        Rev. 2/21/2006        Page 1 of 2

## NOTICE OF TRUSTEE'S SALE

T.S. No: 1081027-01

The street address and other common designation, if any, of the real property described above is purported to be:
1880 BURNT ROCK WAY
TEMPLETON CA 93465

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust to wit:

$199,936.09 with interest thereon from September 01, 2005 @ the rate of 11.500% per annum as provided in said not(s) plus cost and any advances with interest. ESTIMATED TOTAL DEBT: $220,322.17.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR SALES INFORMATION: Mon — Fri 9:00am to 4:00pm (619)590-1221
CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON CA 92022-9004

Dated: May 08, 2006

By: _____
Authorized Signature                    **Matt Johnson**

NOS DOC                          Rev. 2/21/2006                          Page 2 of 2

5/18/2006 12:55:55 PM

Sender:  Cal/Western Reconveyance
525 E Main
El Cajon CA 92020

Postal Class:  First Class

Type of Mailing:  NOS

Affidavit Attachment: 1081027-01 030 05030929 CWR

| Postal Number | Sequence | Recipient Name | Address Line 1/3 | Address Line 2/4 |
|---|---|---|---|---|
| 11041994141003693864 | 1 | DEBORAH E. MILLS | 1880 BURNT ROCK WAY | TEMPLETON CA 93465 |
| 11041994141003693871 | 2 | DEBORAH E. MILLS | 179 NIBLICK ROAD PMB 143 | PASO ROBLES CA 93446 |
| 11041994141003693888 | 4 | DEBORAH E. MILLS | 179 NIBLICK RD BOX 144 | TEMPLETON CA 93465 |
| 11041994141003693895 | 5 | ERNEST KUHN | C/O DEBORAH MILLS TEMPLETON CA 93465 | 1880 BURNT ROCK WAY |
| 11041994141003693901 | 6 | ERNEST KUHN | 1880 BURNT ROCK WAY | TEMPLETON CA 93465 |
| 11041994141003693918 | 7 | JOSEPH L. STROHMAN, JR., ESQ. | FERGUSON,CASE,ORR,PATERSON & CUNNINGHAM VENTURA CA 93004 | 1050 S. KIMBALL ROAD |

5/18/2009 12:50:57 PM

Sender: CalWestern Reconveyance
525 E Main
El Cajon CA 92020

Postal Class: Certified

Type of Mailing: NCS

Affidavit Attachment 1081027-01 030 05090929 CWR

| Postal Number | Sequence | Recipient Name | Address Line 1/3 | Address Line 2/4 |
|---|---|---|---|---|
| 7104199414100563211 | 1 | DEBORAH E. MILLS | 1880 BURNT ROCKWAY | TEMPLETON CA 93465 |
| 7104199414100563228 | 2 | DEBORAH E. MILLS | 179 NIBLICK ROAD PMB 143 | PASO ROBLES CA 93446 |
| 7104199414100563235 | 4 | DEBORAH E. MILLS | 179 NIBLICK RD BOX 144 | TEMPLETON CA 93465 |
| 7104199414100563242 | 5 | ERNEST KUHN | C/O DEBORAH MILLS TEMPLETON CA 93465 | 1880 BURNT ROCKWAY |
| 7104199414100563259 | 6 | ERNEST KUHN | 1880 BURNT ROCKWAY | TEMPLETON CA 93465 |
| 7104199414100563266 | 7 | JOSEPH L STROHMAN, JR., ESQ. | FERGUSON CASE ORR PATERSON & CUNNINGHAM VENTURA CA 93004 | 1050 S. KIMBALL ROAD |

**Exhibit GG**

Certificate of Posting Property and Public Place

066585.1001



**RELIABLE**
Posting & Publishing

525 East Main Street
P.O. Box 12229
El Cajon, CA 92022-2229
Phone: (619) 590-1400
FAX: (619) 590-1496
1-800-566-6223

### Certificate of Posting
### Property and Public Place

T.S. NO. *108/027-01*                    RPP No. *127908*

I certify that I am a U.S. citizen, a California resident, more than 18 years of age,
and competent to be a witness as to the matters shown herein.

On the ___*16TH*___ day of ___*MAY*___, 19 *2006*, I posted a
copy of the Notice of Trustee's Sale processed under the above shown file number,
on the property set forth in the legal description in said Notice as follows:

(X) front door                      ( ) stake driven into the ground
( ) other door                      ( ) a guard gate or similar impediment
                                         where access to property was denied.
( ) gate, fence or tree             ( ) other:

On the ___*9TH*___ day of ___*MAY*___, 19 *2006*, I posted a
copy of the Notice of Trustee's Sale in one public place as follows:
*SLO COURTHOUSE @ SUPERIOR COURT*
I certify under penalty of perjury that the foregoing is true and correct.
Dated this ___*16TH*___ day of ___*MAY*___, 19 *2006* at:

*Donald K Vaughan*
Reliable Posting & Publishing

### Statement of Property Condition

The following information was obtained at the time I posted the Notice of
Trustee Sales on the said property.

1. Improved (X)                    Unimproved ( )
2. Appears to be:   Occupied (X)    Unoccupied ( )
3. Condition of property as compared with neighboring properties:
   Above Average ( )    Average (X)              Below average ( )
4. Condition of landscaping as compared with neighboring properties:
   Above Average ( )    Average (X)              Below average ( )
Comments: *MUSTARD COLOR STUCCO, TILE ROOF*

AHM MILLS019458

## 1880 Burnt Rock Way, Templeton, Ca. 93465





AHM MILLS019459

RECORDING REQUESTED BY
And When Recorded Mail To:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON, CA  92022-9004

Trustee Sale No. 1081027-01                    Space Above This Line For Recorder's Use

*127408*    ## NOTICE OF TRUSTEE'S SALE

APN: 020-285-020    TRA:
LOAN NO: XXXXXX0980
REF: MILLS, DEBORAH E.
      UNINS

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED July 15, 2005.  UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF
YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU
SHOULD CONTACT A LAWYER.

On June 07, 2006, at 11:30am, CAL-WESTERN RECONVEYANCE CORPORATION, as duly
appointed trustee under and pursuant to Deed of Trust recorded August 09, 2005, as Inst. No.
2005065865, in book XX, page XX, of Official Records in the office of the County Recorder of SAN
LUIS OBISPO County, State of CALIFORNIA executed by:

**DEBORAH E. MILLS, A SINGLE WOMAN**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK
DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL
CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN
ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK  SPECIFIED IN SECTION 5102
OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

AT THE OSOS STREET ENTRANCE NEAR THE DOOR TO THE SAN LUIS
OBISPO COUNTY COURTHOUSE
SAN LUIS OBISPO CALIFORNIA

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property
situated in said County and State described as:

COMPLETELY DESCRIBED IN SAID DEED OF TRUST.

NOS.DOC                            Rev. 2/21/2006                        Page 1 of 2

AHM MILLS019460

## NOTICE OF TRUSTEE'S SALE

T.S. No: 1081027-01

The street address and other common designation, if any, of the real property described above is purported to be:
1880 BURNT ROCK WAY
TEMPLETON CA 93465

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust to wit:

$199,936.09 with interest thereon from September 01, 2005 @ the rate of 11.500% per annum as provided in said note(s) plus cost and any advances with interest. ESTIMATED TOTAL DEBT: $220,322.17.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR SALES INFORMATION: Mon.–Fri 9:00am to 4:00pm (619)590-1221
CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON CA 92022-9004

Dated: May 08, 2006

By: _____
Authorized Signature

Matt Johnson

NOS.DOC    Rev. 2/21/2006    Page 2 of 2

AHM_MILLS019461

## Exhibit HH

Affidavit of Publication

066585.1001

# THE CAMBRIAN

2442 Main Street
Cambria, CA 93428

Business (805) 927-8562
Newsroom (805) 927-8895

In The Superior Court of The State of California
In and for the County of San Luis Obispo

AFFIDAVIT OF PUBLICATION

AD# 6378439
RELIABLE POSTING & PUBLISHING

STATE OF CALIFORNIA,

ss.

County of San Luis Obispo

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen and not interested in the above entitled matter; I am now, and at all times embraced in the publication herein mentioned, was the principal clerk of the printers and publishers of THE CAMBRIAN, a newspaper of general circulation, printed and published weekly on each Thursday in the above named county and state; that notice at which the annexed clippings is a true printed copy, was published in the above-named newspaper and not in any supplement thereof - on the following dates, to-wit: MAY 18, 25; JUNE 1, 2006 that being as often during the said period as said newspaper was regularly published, that said notice was printed and published in each and every edition, issue and number thereof printed, published and circulated on said days. I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

*Janet E. Durand*

(Signature of Principal Clerk)

DATE: JUNE 1, 2006
AD COST: $502.20

NOTICE OF TRUSTEE'S SALE T.S. No. 1081021011APN 000-285-020 TRA LOAN NO TRXXXXXX0810 REF. Miller, Deborah B. IMPORTANT NOTICE TO PROPERTY OWNER: YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED July 28, 2005, UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. On July 03, 2006, at 10:00am, Cal-Western Reconveyance Corporation, as duly appointed trustee under and pursuant to Deed of Trust recorded August 03, 2005, as Inst. No. 2005065806 in book XXX, page XX of Official Records in the office of the County Recorder of San Luis Obispo County, State of California, executed by: Deborah B. Miller, A Single Woman, will sell at public auction to highest bidder for cash, cashier's check drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the trustee and of the trusts created by said Deed of Trust, to pay the remaining principal sums of the note(s) secured by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: $486,XXX.XX The street address and other common designation, if any, of the real property described above is purported to be: 2755 Pierce Ave Cambria CA 93428 The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located. For sales information: Mon-Fri 9:00am to 4:00pm, (619) 590-1221. Cal-Western Reconveyance Corporation, 525 East Main Street, P.O. Box 22004, El Cajon, CA 92022-9004 Dated: May 08, 2006 (R-127406 05/18/06, 05/25/06, 06/01/06)

May 18, 25, June 1, 2006. 6378439

AHM_MILLS019462

## **Group Exhibit II**

Certificates of Postponement

06/14/06 16:24:40

# ◆ RELIABLE
## Posting & Publishing

525 East Main Street
P.O. Box 12229
El Cajon, CA 92022-2229
Phone: (619) 590-1400
FAX: (619) 590-1496
1-800-566-6223



T.S. No. 1081027-01

RPP No. 127408

I hereby certify that I am a U.S. citizen, a California resident, more than eighteen (18) years of age, and competent to be a witness as to the matters shown herein.

Today, the __7th__ day of __June__ , __2006__, at 11:30am, at the location designated, I postponed the Trustee's Sale under the shown file number to the same location and time of day as originally scheduled to the following date

DATE   __June 19th, 2006 @ 11:30am__

The announced reason for the postponement was:

( ) Bankruptcy          ( ) Mutual Agreement

(X) Beneficiary's Request      ( ) Trustee's Descretion

( ) Other _____

__Donald X Vaughn__
AUCTIONEER (Donald X. Vaughn)          WITNESS

__6/7/06__
DATE                              DATE

MISCELLANEOUS REMARKS:

AHM_MILLS019465

06/26/06 16:15:45

**RELIABLE**
**Posting & Publishing**

525 East Main Street
P.O. Box 12229
El Cajon, CA 92022-2229
Phone: (619) 590-1400
FAX: (619) 590-1496
1-800-666-6223



T.S. No. 1081027-01
RPP No. 127408

I hereby certify that I am a U.S. citizen, a California resident, more than eighteen (18) years of age, and competent to be a witness as to the matters shown herein.

Today, the ___19th___ day of ___June___, 19 _2006_, at _11:30_ AM., at the location designated, I postponed the Trustee's Sale under the shown file number to the same location and time of day as originally scheduled to the following date

___June 26, 2006___

The announced reason for the postponement was:

( ) Bankruptcy             ( ) Mutual Agreement

(X) Beneficiary's Request    ( ) Trustee's Descretion

( ) Other _____

AUCTIONEER    (Donald K. Vaughn)          WITNESS

DATE                                       DATE

MISCELLANEOUS REMARKS:

AHM_MILSO19466

06/29/06 16:04:13



## RELIABLE
### Posting & Publishing

525 East Main Street
P.O. Box 12229
El Cajon, CA 92022-2229
Phone: (619) 590-1400
FAX: (619) 590-1496
1-800-566-6223

CERTIFICATE OF POSTPONEMENT

T.S. No. 1081027-01
RPP No. 127408

I hereby certify that I am a U.S. citizen, a California resident, more than eighteen (18) years of age, and competent to be a witness as to the matters shown herein.

Today, the 26th day of June , 19 2006 , at 11:30am., at the location designated, I postponed the Trustee's Sale under the shown file number to the same location and time of day as originally scheduled to the following date

August 10th, 2006

The announced reason for the postponement was:

(X) Bankruptcy          ( ) Mutual Agreement

( ) Beneficiary's Request    ( ) Trustee's Descretion

( ) Other _____

AUCTIONEER (Donald K. Vaughn)          WITNESS

DATE          DATE

MISCELLANEOUS REMARKS:

AHM_MILLS019467

**Exhibit JJ**

Recorded Trustee's Deed Upon Sale

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO:

AMERICAN HOME MORTGAGE SERVICING, INC
4600 REGENT BOULEVARD
-SUITE 200
IRVING TX 75063-1730

TRA #    104001
Trust No. 1081027-01
Loan No. XXXXXX0980

MAIL TAX STATEMENT TO:

Same as above

ᏇᏇᏟᏟᏕᎦᎾ

| FILED | FEE PAID | EXEMPT | OUT OF STATE |
|---|---|---|---|
| | | NR | |

**JULIE RODEWALD**                    AR
San Luis Obispo County – Clerk/Recorder          8/22/2006
                                       11:06 AM
Recorded at the request of
Title Court Services Inc

DOC#:    **2006059306**

| Titles: 1 | Pages: | **3** |
|---|---|---|
| Fees | | 13.00 |
| Taxes | | 0.00 |
| Others | | 0.00 |
| PAID | | $13.00 |

Space Above This Line For Recorder

Documentary Transfer Tax $.00
☒Grantee was/was not the foreclosing beneficiary.
consideration $229,251.71
unpaid debt $229,251.71
non exempt amount $
___Computed on the consideration or value of property conveyed.
___Computed on the consideration of value less liens or encumbrances remaining at time of sale.

_Signature of Declarant or Agent_
AP# 020-285-020

## TRUSTEE'S DEED UPON SALE

CAL-WESTERN RECONVEYANCE CORPORATION (herein called trustee)
does hereby grant and convey, but without covenant or warranty, express or implied to
AMERICAN HOME MORTGAGE SERVICING, INC.

(herein called Grantee) the real property in the county of SAN LUIS OBISPO ,State of California described as follows:
PARCEL 95 OF PARCEL MAP COAL 99-0229, IN THE CITY OF SAN LUIS OBISPO, STATE OF CALIFORNIA,
ACCORDING TO MAP RECORDED APRIL 19, 2002 IN BOOK 56, PAGE 39 OF PARCEL MAPS; MORE
COMPLETELY DESCRIBED IN ATTACHED EXHIBIT A.
The street address and other common designation, if any, of the real property described above is purported to be:
1880 BURNT ROCK WAY
TEMPLETON CA 93465

This conveyance is made pursuant to the authority and powers vested in said Trustee, as Trustee, or Successor Trustee, or
Substituted Trustee, under that certain Deed of Trust executed by
DEBORAH E. MILLS, A SINGLE WOMAN

as Trustor, recorded August 09, 2005, as Document No. 2005065865, in Book XX, page XX, of Official Records in the Office of
the Recorder of SAN LUIS OBISPO County, California; and pursuant to the Notice of Default recorded January 27, 2006, as
Document No. 2006006346 in Book XX, page XX of Official Records of said County, Trustee having complied with all
applicable statutory requirements of the State of California and performed all duties required by said Deed of Trust, including,
among other things, as applicable, the mailing of copies of notices or the publication of a copy of the notice of default or the
personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy
thereof.

T.R.A. #   104001
Trust No.  1081027-01
Loan No.  XXXXXX0980

At the place fixed in the Notice of Trustee's Sale, said Trustee did sell said property above described at public auction on August 10, 2006 to said Grantee, being the highest bidder therefore, for $229,251.71 cash, lawful money of the United States, in satisfaction pro tanto of the indebtedness then secured by said Deed of Trust.

CAL-WESTERN RECONVEYANCE CORPORATION

Dated:  August 10, 2006

Wendy V. Perry, A.V.P.

STATE OF CALIFORNIA    }
                       }ss:
COUNTY OF SAN DIEGO    }

On  AUG 1 0 2006  before me,  Mary J. Statham
a Notary Public in and for said state, personally appeared

Wendy V. Perry, A.V.P.

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MARY J. STATHAM
COMM. # 1646046
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. Feb. 18, 2010

(this area for official notary seal)

TDUSCA.DOC                Page 2 of 2                Rev. 01-12-2006

TS#1081027-01

EXHIBIT "A"

PARCEL 95 OF PARCEL MAP COAL 99-0229, IN THE COUNTY OF SAN LUIS
OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED APRIL 19,
2002 IN BOOK 56, PAGE 39 OF PARCEL MAPS, AND CERTIFICATION OF
CORRECTION RECORDED FEBRUARY 10, 2004 AS INSTRUMENT NO. 2004-
010437 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY.

END OF DOCUMENT