IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :   Jointly Administered
                                                                :
                                                                :   Objection Deadline: N/A
  Debtors.                                                      :   Hearing Date: N/A
---------------------------------------------------------------- x

## MOTION PURSUANT TO DEL. BANKR. L.R. 9006-1(e) FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF THE HEARING TO CONSIDER THE EMERGENCY MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EVIDENCE REGARDING THE MILLS CLAIMS AND PRECLUDING MS. MILLS FROM ASSERTING ANY CLAIMS BASED UPON SUCH EVIDENCE, AND A REQUEST FOR AN EMERGENCY HEARING

The above captioned debtors and debtors in possession (collectively, the "Debtors") hereby move this Court, pursuant to Rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening the time for notice of the hearing to consider the *Emergency Motion in Limine to Exclude Undisclosed Evidence Regarding the Mills Claims and Precluding Ms. Mills from Asserting Any Claims Based Upon Such Evidence* (the "Motion in Limine")[2] and granting an emergency hearing or telephonic conference so that the relief sought in the Motion in Limine may be heard on or before November 17, 2010.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms not otherwise defined herein shall have their meanings ascribed to them in the Motion in Limine.

## **BACKGROUND**

1.   Since as early as November of 2009, when the Debtors sent Ms. Mills an initial settlement offer, the Debtors have attempted in earnest to determine and evaluate the basis for and validity of the Mills Claims. As discussed in detail in the Motion in Limine, despite such attempts (both formal and informal), the Debtors have been thwarted at every turn. Now, less than two weeks before the start of trial, and well after the discovery process has ended, Ms. Mills has raised new facts, new damages, and new theories of liability. Such actions are not only in contravention of the Scheduling Order and the appropriate Federal Rules of Civil Procedure, but also are simply unjustifiable given various affirmative representations by Ms. Mills and her counsel.

2.   Ms. Mills's failure to assert these claims or the certain evidence that Ms. Mills failed to disclose during the discovery process (as described more fully in the Motion in Limine, the "Undisclosed Evidence"), which are not based on newly discovered fact, is neither justified nor harmless. Ms. Mills has had numerous opportunities to notify the Debtors about their reliance on the Undisclosed Evidence, but has intentionally failed to do so. Ms. Mills cannot give any reasonable explanation as to why the Debtors were made aware of the additional claims and Undisclosed Evidence for the first time upon reading Ms. Mills's recently-filed SJM and Response. The Motion in Limine clearly explains how allowing Ms. Mills to proceed with this claims and Undisclosed Evidence, at this late junction, would severely prejudice the Debtors and that, as a result, Ms. Mills should be precluded from relying on such evidence or theories of liability. To the extent that Ms. Mills is permitted to present the Undisclosed Evidence, the Debtors should be afforded an opportunity to either (1) seek additional time to take discovery with respect to the Undisclosed Evidence with the full additional costs for such discovery and the delay of trial being borne by Ms. Mills or her counsel, or (2) proceed with the hearing scheduled to commence on November 22, 2010. To the extent that the Undisclosed Evidence is not

excluded and/or the hearing is not adjourned, the Debtors must prepare for and take additional deposition testimony within the week.

**RELIEF REQUESTED**

4.  Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Local Rule 9006-1 (e) provides, in part, that "[n]o motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. *except* by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Fed. R. Bankr. P. 9006(c) (emphasis added).

5.  The Debtors respectfully request that the Court shorten notice and schedule an Motion in Limine for hearing or telephonic conference on or before November 17, 2010.

6.  This motion to shorten is appropriate in light of Ms. Mills's recently filed partial summary judgment motion [D.I. 9411 & 9412] (the "SJM") and her Response, which include allegations of, among other things, (i) completely new purported facts and allegations concerning the fraud in the origination, and (ii) the inclusion of emotional distress and punitive damages after expressly agreeing that such damages were not being claimed in a representation by counsel on the record at the deposition and two separate representations by Ms. Mills under oath at the deposition. In order to minimize the prejudice that will be suffered by the Debtors and the estate in responding to these new allegations and theories, the Debtors would need to perform a considerable amount of additional discovery and take a number of additional depositions, including Ms. Mills, all within the one week remaining before the trial is scheduled to begin. In light of this extremely truncated timeline, the Debtors believe that there is just cause to shorten notice with regard to the Motion in Limine.

7.  In light of the foregoing, the Debtors submit that consideration of the Motion in Limine on or before November 17, 2010 is necessary and in the best interests of the Debtors,

their estates, and creditors and other parties in interest. Further, the Debtors believe that no parties in interest will be prejudiced by the relief requested in this motion to shorten.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, scheduling the hearing or telephonic conference on the relief requested in the Motion in Limine for November 17, 2010.

Dated: Wilmington, Delaware
November 12, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Sharon M. Zieg (No. 4196)
Erin D. Edwards (No. 4392)
Margaret Whiteman Greecher (No. 4652)
Morgan L. Seward (No. 5388)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Debtors and Debtors in Possession

## Exhibit A

**Proposed Order**