IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ----------------------------------------------------------- x | | Chapter 11 |
| In re: | : | Case No. 07-11047 (CSS) |
| | : | |
| AMERICAN HOME MORTGAGE | : | Jointly Administered |
| HOLDINGS, INC., a Delaware corporation, et al., | : | Docket Ref. Nos. 8812 & 8847 |
| | : | |
| Debtors. | : | Objection Deadline: TBD |
| ----------------------------------------------------------- x | | Hearing Date: TBD |

### MOTION IN LIMINE OF CLAIMANT DEBORAH E. MILLS FOR AN ORDER EXCLUDING ANY EVIDENCE RELATED TO MILLS' TAX RETURNS AND SCHEDULES SUBMITTED DURING HER PERSONAL BANKRUPTCY CASE

Deborah E. Mills ("Mills"), by and through her undersigned counsel, hereby moves the Court for the entry of an order[1] precluding debtors and debtors-in-possession in the above-captioned case ("Debtors"[2]) from introducing certain improper character evidence at trial.

Debtors intend to present purported evidence that (1) Mills lied on her tax returns, (2) Mills lied on her loan applications with Debtors, and (3) Mills misrepresented facts

---

[1]  A form of order is attached hereto as Exhibit 1.

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

during her individual bankruptcy case.[3]  Mills moves to preclude this purported evidence on the grounds that (a) this purported evidence is  irrelevant as to whether Debtors foreclosure of Mills' home was technically defective and in violation of California foreclosure law; (b) Debtors produced no evidence that Mills made any *material* errors on her loan applications which were *actually relied upon* by Debtors to their detriment; (c) Debtor's purported evidence has no bearing on whether Debtors committed loan origination fraud; and (d) Debtors' anticipated positions mischaracterize the evidence obtained during discovery.

## A. Mills' Tax Returns and Schedules Regarding Her Assets Submitted in Her Individual Bankruptcy Case Are Irrelevant and Impermissible Extrinsic Evidence

Mills' claim against Debtors is based on (1) Debtors' committing fraud regarding the origination of her loans and (2) Debtors' improper foreclosure of her home.  Debtors' plan to impeach Mills' credibility by pointing to purported inconsistencies between her income tax returns and the schedules filed in her personal bankruptcy.  Her tax returns and bankruptcy schedules, however, have no relevance to any of her claims against Debtors.

"Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without it."  FED. R. EVID. 401.  The Federal Rules of Evidence states, "All relevant evidence is admissible, except as otherwise provided . . . by these rules."  FED. R. EVID. 402. Evidence that is not relevant is not admissible.  *Id.* Accordingly, the tax returns and schedules are irrelevant.

---

[3]    While Mills disputes each and every allegation of untruthfulness raised by Debtors, Mills will not address the merits of Debtors' allegations in this motion to exclude that purported evidence for lack of relevance.

> The law is well settled that under Fed. R. Evid. 608(b), a witness may not be impeached on a collateral matter with extrinsic evidence. *United States v. Calle*, 822 F.2d 1016, 1021 (11th Cir. 1987); *United States v. Herzberg,* 558 F.2d 1219, 1223-24 (5th Cir. 1977). Moreover, prior wrongful acts that do not result in criminal convictions are ordinarily collateral matters. *Herzberg, 558 F.2d at 1223*. Here, assuming without deciding that there was some wrongful act performed in association with Plaintiff's tax returns, there has been no showing that there has been a criminal conviction regarding such acts. Therefore, evidence or testimony on the impropriety or alleged intentional fabrication of Plaintiff's tax returns is not admissible.

Jenifer v. Fleming, Ingram & Floyd, P.C., CV 106-139, 2008 U.S. Dist. LEXIS 17740 at *8-*9 (S.D. Ga. Mar. 7, 2008). Thus, because Debtors may not use Mills' statements on her tax returns as a basis for impeaching her credibility, and because her tax returns are not relevant to any issue before the Court, the Court should prohibit Debtors from inquiring as to inconsistencies in statements Ms. Mills may have made on her tax returns and personal bankruptcy schedules.

**B. Mills' Loan Applications**

Debtors' intend to allege that statements in Mills' loan applications were untruthful and base their allegations on Mills' tax returns and the schedules she submitted in her personal bankruptcy case, which for the reasons stated above are inadmissible. Although Mills' loan applications may be used as evidence that she applied for and obtained loans, they may not be used as purported evidence of bad conduct because alleged bad conduct may not be proven by extrinsic evidence. FED. R. EVID. 608; *see also United States v. Olivo*, 80 F.3d 1466, 1470-71 (10th Cir. 1996) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence."); *United States v. Brooke*, 4 F.3d 1480, 1484 (9th Cir. 1993) (cross

examiner is "stuck with" whatever answer witness gives when cross examining about specific instances of conduct to prove character).

Further, Debtors should be excluded from presenting alleged evidence that the Mills' loan applications contained inaccuracies because of at least the following:

(1)    As part of the loan application process, Mills provided her broker, Ms. Tawnya Lettau (Debtors' agent), with copies of her bank statements and tax returns. Mills made a full and fair disclosure of all of her assets and income to Debtors and made all of her information subject to verification by Debtors.  Ms. Lettau testified that she sent all of Mills' information to Debtors and assumed Debtors did their job of verifying that information.  (Exh. 2 at 88:9-88:14, 91:11-91:17).  Ms. Lettau also testified that she filled out the loan application based on the documentary information provided by Mills and that Mills may not have even seen the loan application until the day she signed it (after her loan had been approved).  (Exh. 2 at 83:13-87:7).  Therefore, to the extent there were any errors on the loan application, those errors were made by Ms. Lettau.

(2)    To the extent there were any inaccuracies in Mills' loan applications, they were not material.  Debtors and their broker agent each conducted a diligence process that verified all information that was material to the loan.  Importantly, no action has been commenced by Debtors against Mills based on the information contained in her loan application.  Thus, the Court is without jurisdiction (and, indeed, there has been no discovery on the issue) to determine whether any *material* errors were made in the Mills loan applications that were *actually relied upon* by Debtors to their detriment.  Debtors should be precluded from trying the merits of their unasserted claims against Mills as part of this proceeding.

(3)     Whether there are any purported inaccuracies in Mills' loan applications is irrelevant as to whether Debtors committed fraud and improperly foreclosed on Mills' home.  Thus the issues raised by Debtors' anticipated line of questioning have no relevance to any matter before the Court.

**CONCLUSION**

For the foregoing reasons, the Court should grant Mills' motion to preclude Debtors from arguing at trial that 1) Mills lied on her tax returns, (2) Mills lied on her loan applications with Debtors, and (3) Mills misrepresented facts during her individual bankruptcy case.

Dated:  November 14, 2010              /s/ *Stamatios Stamoulis*
                                       Stamatios Stamoulis  #4606
                                             stamoulis@swdelaw.com
                                       Richard C. Weinblatt #5080
                                             weinblatt@swdelaw.com
                                       Stamoulis & Weinblatt LLC
                                       Two Fox Point Centre
                                       6 Denny Road, Suite 307
                                       Wilmington, DE 19809
                                       (302) 999-1540

                                       *Attorneys for Deborah E. Mills*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Civil Action No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2010, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel. In addition, the following counsel also were served by email:

HAHN & HESSEN LLP
Mark S. Indelicato, Esq.
488 Madison Avenue
New York, NY 10022

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean Beach, Esq.
The Brandywine Bldg.
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis #4606