IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Civil Action No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Objection Deadline: TBD**<br>**Hearing Date: TBD** |

**MOTION *IN LIMINE* OF CLAIMANT DEBORAH E. MILLS
FOR A ORDER EXCLUDING THE
<u>EXPERT TESTIMONY AND REPORT OF PHILIP M. ADLESON</u>**

Deborah E. Mills, by and through her undersigned counsel, hereby moves the Court for the entry of an order,[1] pursuant to Federal Rule of Evidence 702, excluding the proposed expert testimony of Debtors'[2] legal expert, Mr. Philip M. Adleson.

**I.   PRELIMINARY STATEMENT**

Deborah E. Mills ("Mills") files this motion seeking an order excluding the expert testimony of Debtors' legal expert Philip M. Adleson because his intended testimony constitutes improper legal testimony that is inadmissible under Federal Rule of Evidence 702. All of the opinions expressed by Mr. Adleson in his expert report are about matters

---

[1] A form of order is attached hereto as Exhibit 1.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

of law – subjects that this Circuit has determined should be resolved by the Court. In addition, Mr. Adleson's report fails to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(b) and, thus, his testimony should also be excluded from trial for this reason.

## II.    BACKGROUND

Mills filed the instant administrative claim against Debtors as a result of the damages that she suffered from the fraud committed by Debtors in originating her mortgage and, later, improperly foreclosing on her home.

In response to Mills' Administrative Expense Claim, Debtors retained the services of Philip M. Adleson, a California lawyer who has represented numerous financial institutions in mortgage-related litigation. (Expert Report of Philip M. Adleson dated October 15, 2010, attached hereto as Exhibit 2). As discussed below, the Court should exclude Mr. Adleson's report and testimony because it: (l) offers only inadmissible legal opinions; (2) fails to meet the reliability criteria of Federal Rule of Evidence 702; (3) otherwise offers no guidance or assistance to the Court in resolving or deciding the merits of Mills' claim; and (4) does not comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(b).

## III.    ARGUMENT

The Third Circuit has held "it is not permissible for a witness to testify as to the governing law." *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991). That principle has been applied in this district. *In re Intel Corp. Microprocessor Antitrust Lit.*, 526 F. Supp. 2d 461, 466 (D. Del. 2007) ("[E]xpert witnesses are not permitted to render opinions or conclusions on issues of law.") Expert testimony is properly admissible, not

to provide legal opinions, but to "assist the trier of fact or to determine a fact in issue." FED.R. EVID. 702; *see also In re: Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (describing this rule as an "axiomatic principle"). Even in cases such as this one where the trier of fact is a judge – not a jury – courts have excluded expert testimony on purely legal issues. *See In re Intel*, 526 F. Supp. 2d at 466 (holding that, while the prohibition against expert legal testimony is most significant in the event of a jury trial, such opinions should still be excluded in bench trial cases).

Mr. Adleson is the prototypical legal expert: he considers himself to be an expert in foreclosure law, has no technical or scientific expertise, and was retained by Debtors to opine on whether the foreclosure of Mills' home complied with California law. Here, as in *Intel*, the expert report of Mr. Adelson is only offered to testify to inadmissible legal conclusions. Mr. Adelson's opinions, found in Section 5 of his report, concern the following topics:

1. Whether Debtor's actions in originating the mortgages to Mills constitute fraud;

2. Whether the broker/agent used by Debtors to originate the mortgages was legally authorized to offer certain loan terms pursuant to the agency relationship with Debtors;

3. Whether it was proper for Mills to rely on oral representations regarding the terms of a loan;

4. Whether the loans contained the appropriate disclosures required by California law;

5. Whether the lenders were legally obligated to obtain certain insurance policies relating to the loans;

6. What laws apply to the foreclosure in the instant matter;

7. Whether the foreclosure process initiated by Debtors complies with the requirements of California law;

      8.      Whether Mills met the legal prerequisites for entitlement to certain damages, those prerequisites having been defined in caselaw;

      9.      Whether a "lawful tender" offer was made by Mills; and

      10.     Whether California law permits post-foreclosure sale redemption.

Each of these topics is an improper basis for opinion testimony. "As a general rule, expert witnesses may not testify as to the law governing a dispute or offer conclusions concerning a party's compliance with legal duties." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). The federal judiciary is already well-equipped to handle questions of liability and remedy without the need for expert testimony. *See Burkhart v. Washington Metro Area Transit Auth.,* 112 F.3d 1207, 1213 (D.C. Cir. 1997) (noting that the rule against allowing experts to offer legal opinions exists because "[e]ach courtroom comes equipped with a 'legal expert,' called a judge"). Because Mr. Adleson offers nothing but improper legal opinions, the Court should exclude his report and testimony from trial.

Mr. Adleson's report also should be struck because it fails to comply with the disclosure requirements of the Federal Rules of Civil Procedure. According to Rule 26, an expert report must contain, among other things, "(ii) the data or other information considered by the witness in forming them; . . . (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Mr. Adleson's report does not indicate, and counsel for the Debtors never separately provided, the Mr. Adleson's

qualifications, a list of all other cases in the last four years he testified in, or a statement of his compensation.

More importantly, however, Mr. Adleson's report fails to disclose what information he relied upon for a key factual point. On page 10 of his report, Mr. Adleson takes issue with Mills' representation regarding the offer to access a home equity line of credit made by Debtors through Ms. Tawnya Lettau. Mr. Adleson writes in his report, "I further understand that Lettau disputes Mills's version." (Exh. 2 at p. 10). Yet Mr. Adleson does not disclose from where this understanding comes. At her deposition, Ms. Latteu represented that she never spoke to Mr. Adleson:

> Q. Okay. Did you ever discuss with the expert that is going to be used by debtors, Mr. Adelson, the substance of your recollection with regard to the loan with Ms. Mills?
>
> A. I've never even spoke with that gentleman or person.

(Exh. 3. at 120:15-120:20). Further, Ms. Lettau testified that she never discussed the substance of her testimony with either Debtors or Debtors' counsel prior to her deposition:

> Q. Okay. But you did not have a conversation with debtor's counsel prior to today about the substance of your recollection regarding this loan; is that right?
>
> A. That's correct.
>
> Q. Okay. Did anyone from American Brokers Conduit or American Home Mortgage contact you recently with regard to your attending deposition in this matter?
>
> A. No.

(Exh. 3 at 122:3-122:10). Given that Mr. Adleson's report was filed on October 15, 2010 and Ms. Lettau was not deposed until October 20, 2010, Mr. Adleson's representations

5

regarding the substance of Ms. Lettau's future testimony seem highly suspect. Yet his report does nothing to disclose the information Mr. Adleson relied on to come to such a conclusion.

Under Federal Rule of Civil Procedure 26, the failure to provide the data or information underlying an expert report warrants the "self-executing" sanction of exclusion. *See* FED. R. CIV. P. 26(a)(2)(B)(ii) (expert must provide "data or other information considered" in forming his or her opinion); *Heron v. CSX Transp. Inc.,* 2009 U.S. Dist. LEXIS 7326, at *11 (N.D. Ind. Feb. 2, 2009) (excluding portion of expert report and noting that exclusion is self-executing sanction imposed without need for motion). Because Mr. Adleson failed to identify the source of the information he used as a basis for his understanding, his report should be excluded pursuant to Rule 26(a)(2)(B)(ii).

### IV.    Conclusion

For the foregoing reasons, the Court should grant Mills' motion to strike the expert report and testimony of Debtors' legal expert Philip M. Adleson.

Dated:   November 14, 2010

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis  #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540

*Attorneys for Deborah E. Mills*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Civil Action No. 07-11047 (CSS)<br><br>Jointly Administered |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2010, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel. In addition, the following counsel also were served by email:

> HAHN & HESSEN LLP
> Mark S. Indelicato, Esq.
> 488 Madison Avenue
> New York, NY 10022
>
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> Sean Beach, Esq.
> The Brandywine Bldg.
> 1000 West Street, 17th Floor
> PO Box 391
> Wilmington, DE 19899-0391

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606