# EXHIBIT 3



**VIA E-MAIL**

Stamatios Stamoulis
stamoulis@swdelaw.com

November 11, 2010

Sean M. Beach
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

  Re: Deborah Mills

Dear Sean:

We are in receipt of your letter dated November 10, 2010 regarding Deborah Mills' Motion For Partial Summary Judgment That The Foreclosure Of Her Property Was Defective and her supporting brief. The brief sets forth the undisputed facts in Ms. Mills' case, including the sentence "Mills lost the $212,500 down payment she made on her home and over $48,500 in closing and escrow costs, in addition to suffering severe emotional distress and other consequential damages." The motion does not seek an award of damages and there is no justifiable reason to remove the quoted sentence.

As you may recall, Debtors sought a very short time period to bring this case to trial because the Court is requiring Debtors to hold funds in reserve for Ms. Mills' claim. We agreed to the aggressive schedule proposed by Debtors with the understanding that there would be some flexibility as a result of the compressed time periods. Indeed, even though discovery was supposed to end weeks ago pursuant to the Scheduling Order, both sides have agreed to conduct depositions beyond the close of discovery and document production is still ongoing (evidenced by Debtors production of over 500 pages of material to Claimant just yesterday). As a result, we have not had the typical time needed to evaluate the case and amend Mills' pleadings and discovery responses accordingly.

Ms. Mills' first day of deposition testimony occurred at the beginning of discovery and, as you quoted in your letter, Ms. Mills testified on October 5, 2010 that it was her understanding on that day that she was not seeking any emotional damages or punitive damages. (Mills Tr. dated Oct. 5, 2010 65:12-15 (Q. Ms. Mills, is that your understanding, that you're not seeking any emotional damages or punitive damages. A. *Not at this juncture.*) That testimony does not preclude Ms. Mills from seeking emotional damages or punitive damages at a later juncture. Indeed, the later juncture has arrived and Ms. Mills will be supplementing her interrogatory responses this week.

Debtors already are in possession of the facts that support Ms. Mills' seeking emotional and punitive damages. For example, the following exchange took place during Anthony Esquivel's deposition:

Sean M. Beach
November 10, 2010
Page 2

> Q   So do you recall what time frame that was?
> A   That was between October, November, December, that time frame in 2005. Then came Lane Nocera. After that, that was devastating. That's when we knew things were not looking good. Then Lane and then when he dropped out of the thing, that's when Deborah kind of lost it.
> Q   What do you mean she lost it?
> A   She had an emotional breakdown. She tried to commit suicide.
> Q   Did she seek treatment then?
> A   Well, there was an ambulance that was there, the police, and she was taken to the hospital. She was evaluated and she was released to me after she was stitched up.

(Esquivel Tr. dated Oct. 11, 2010 at 160:16-161:5.) We, as counsel to Ms. Mills, were not aware of these facts until Mr. Esquivel's deposition. Based on the above facts, we now believe that it is appropriate for Ms. Mills to seek emotional distress and punitive damages as part of her claim.

Further, the liquidation of Ms. Mills' home willfully violated the automatic stay in her bankruptcy proceeding. 11 U.S.C. § 362(h) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." This is a statutory basis for seeking punitive damages and is consistent with my statement at her deposition.

Accordingly, because Debtors already are in possession of all of the facts that support a claim for emotional distress and punitive damages, Debtors will not be prejudiced by Ms. Mills' seeking these damages at trial. Nevertheless, to the extent Debtors require any additional information on this specific issue, we agree to make Ms. Mills available for deposition prior to trial on the limited topics of her emotional distress and punitive damages claims (though we believe there is absolutely no need for such a deposition).

Very truly yours,

Stamatios Stamoulis
of Stamoulis & Weinblatt LLC