

STAMATIOS STAMOULIS
stamoulis@swdelaw.com

**VIA CM/ECF & HAND DELIVERY**

November 17, 2010

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the
District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

      **Re:**    **Ch-11 07-11047-CSS American Home Mort. – Mills Administrative Claim**

Dear Judge Sontchi:

We write to inform the Court of a serious violation of the Federal Rules of Civil Procedure committed by Debtors yesterday.  In order to bring this matter before the Court in time for consideration at the hearing scheduled for today at 4:00 PM, we ask the Court to accept this letter in lieu of a more formal pleading.

At approximately 5:45 PM on Tuesday, November 16, 2010, Debtors produced to counsel for Claimant Deborah E. Mills ("Mills") the document production of Owen & Associates – a third party that served as the accounting firm to Mills – "in response to the subpoena [Debtors] served on them yesterday."  (Exh. 1).  Approximately two hours later, at around 7:51 PM on Tuesday, November 16, 2010, Debtors filed their Notice of Subpoena to Owen & Associates [D.I. 9462]. (Ex. 2).  The subpoena, served on November 15, 2010, called for the production of all of Mills' personal income tax returns for the years 2003 through 2006.  (*Id.*)

Debtors gave Mills no prior notice of the subpoena seeking her personal income tax returns from Owens & Associates, in clear violation of the prior notice requirements of Fed. R. Civ. P. 45(b)(1).  Importantly, Debtors knew that Mills would have sought a protective order had she been given prior notice of the subpoena because Mills already had refused to disclose her tax returns in response to a letter from Debtors requesting her tax returns.  (Exh. 3).  Thus, Debtors' violation of Rule 45's prior notice requirement was willful[1] and in bad faith.  Courts have held that such bad faith violations of the prior notice requirement should be punished with "severe" sanctions.

Rule 45 of the Federal Rules of Civil Procedure, which is incorporated by Fed. R. Bankr. P. 9016, governs the use of third-party subpoenas.  Rule 45(b)(1) provides:

---

[1] Debtors have served many other third party subpoenas in this litigation and have abided by the prior notice requirement for those subpoenas, further evidencing the willfulness of their conduct here.

Letter to The Honorable Christopher S. Sontchi
November 17, 2010
Page 2

> If the subpoena commands the production of documents, electronically stored
> information, or tangible things or the inspection of premises before trial, then
> **before it is served**, a notice must be served on each party.

Fed. R. Civ. P. 45(b)(1) (emphasis added).  Courts have acknowledged that "[t]he law could not
be clearer concerning an attorney's responsibilities when issuing third-party subpoenas . . . .
Without question, Rule 45(b)(1) requires a party issuing a subpoena . . . to a non-party to
'provide prior notice to all parties to the litigation.'"  *Murphy v. Bd. of Educ. of the Rochester City
Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (quoting *Schweizer v. Mulvehill*, 93 F. Supp.
2d 376, 411 (S.D.N.Y. 2000)); 9 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE
§ 45.03[4][b][iii] (3d ed. 2000).

Failure to give prior notice of a third-party subpoena deprives opposing counsel of "the greatest
safeguard under the Rule, i.e., the ability to object to the release of the information prior to its
disclosure." *Murphy*, 196 F.R.D. at 228.  Where, as here, the violation occurs as a result of
party's efforts to circumvent opposing counsel's expected objection, courts have held such
violations to be in bad faith.  *Auto Inspection Servs. v. Flint Auto Auction, Inc.*, 2007 U.S. Dist.
LEXIS 83287, *18 ( E.D. Mich. Nov.  9, 2007) (finding party "violated Rule 45 in bad faith and
in an attempt to gain access to potentially confidential information without giving [opposing
counsel] an opportunity to object").  Such bad faith violations warrant *severe* sanctions:

> Based on the discussion above, the Court finds that Plaintiff's counsel violated
> Rule 45 at least once and that this violation was committed in bad faith.
> Accordingly, the Court concludes that **severe sanctions** are appropriate in this
> case in order to reprimand Plaintiff's counsel, to reimburse Defendants, to deter
> similar conduct in the future, and to preserve the integrity of the Court and its
> procedures.

*Id*. at *24. (emphasis added).

Debtors knew that Mills objected to any effort to have her tax returns produced in this matter.
(Exh. 3).  Mills even filed and served a motion *in limine* [D.I. 9445] on November 14, 2010 – a
day *before* Debtors served their subpoena on Owen & Associates – to prevent any questioning
about her personal tax information at trial and to exclude any related collateral evidence.  Mills
could not have done more to let Debtors know that she objected to the production of her personal
tax returns in this matter.

Further, Mills' objections to such production are well founded.  "[C]ourts have "generally refused
to compel disclosure of income tax returns or related information from litigants who have not put
their own income at issue." *Wiggins v. Clementon Police Dept.*, Civ. No. 07-5033 (RBK/JS),
2009 U.S. Dist. LEXIS 66955, at *11 (D.N.J. July 30, 2009) (quoting *DeMasi v. Weiss*, 669 F.2d
114, 120 n.8 (3d Cir. 1982) (citing *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th
Cir. 1996) (public disclosure of tax returns is "highly restricted"); *Robinson v. Duncan*, 255
F.R.D. 300, 302 (D.D.C. 2009) (a general policy limits disclosure of income tax returns); *Aliotti
v. Vessel Senora*, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (public policy is against unnecessary
disclosure of tax returns)).

Letter to The Honorable Christopher S. Sontchi
November 17, 2010
Page 3

Apparently knowing that the party seeking tax return information must demonstrate a
"compelling need for the returns," *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982), Debtors
informed the Court and Mills that they would not seek an order compelling the production of
Mills' personal income tax returns. (*See* Debtors' Objection to Claims [D.I. 9405] at p. 4 n.5)
("[T]he Debtors determined that burdening the Court with a motion to compel was
unnecessary"). Thus, Debtors' subpoena to Owens & Associates was nothing short of an end-run
around Mills' ability to seek a protective order and the Court's ability to adjudicate whether the
Third Circuit's "compelling need" standard had been met. Debtors' violation of Rule 45(b)(1),
therefore, was both willful and in bad faith.

The Court possesses the inherent power to sanction conduct considered to be an abuse of the
judicial process or where the offending party has "acted in bad faith, vexatiously, wantonly, or
for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Summit
Valley Indus. v. Local 112, United Brotherhood of Carpenters*, 456 U.S. 717, 721 (1982)
(permitting attorney fees as sanctions upon finding of bad faith, vexatious, or wanton
misconduct); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980) (permitting the award
of attorneys' fees pursuant to the court's inherent powers upon a finding that counsel willfully
abused the judicial process by conduct tantamount to bad faith). "These powers are governed not
by rule or statute but by the general control necessarily vested in courts to manage their own
affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at
43 (quotation omitted).

The court in *C.B.H. Resources, Inc. v. Mars Forging Co.*, 98 F.R.D. 564, 569 (W.D. Pa. 1983),
dismissed the plaintiff's case after the plaintiff abused the process of the court under Rule 45. *Id.*
at 568. Noting the harshness of dismissal as a sanction, the court still concluded that it could not
"allow a party which has demonstrated such a flagrant disregard for our rules simply to receive a
small penalty and then go forward with its claim," and that "dismissal with prejudice [was] the
only appropriate sanction." *Id.* at 569. Indeed, one court even used a Rule 45(b)(1) violation as
a basis for disqualifying the offending counsel. *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181
F.R.D. 660 (D. Kan., 1998), *aff'd* 348 F.3d 1163 (10th Cir. 2003).

Based on the foregoing, Mills moves the Court for an Order imposing a sanction on Debtors that
is commensurate with the egregiousness of their willful and bad faith violation of Rule 45.
Potential sanctions include, but are not limited to: (1) allowing Mills' administrative expense
claim for the full amount sought;[2] (2) granting Mills' motion *in limine* [D.I. 9445] to exclude all
income tax and collateral evidence from trial; and/or (3) imposing monetary sanctions.

Mills is available at the convenience of the Court should the Court have any questions or need
any additional information prior to today's hearing.

---

[2] Given the strength of Mills' pending motion for partial summary judgment [D.I. 9411], this
sanction is not as harsh as it may initially appear.

Letter to The Honorable Christopher S. Sontchi
November 17, 2010
Page 4

Respectfully Submitted,

Stamatios Stamoulis (#4606)
of Stamoulis & Weinblatt LLC

cc:  Sean M. Beach, Esq. (via CM/ECF and e-mail)

# EXHIBIT 1

**Subject:** AHM - Mills
**From:** Edwards, Erin <eedwards@ycst.com>
**Date:** Tue, 16 Nov 2010 22:45:10 +0000
**To:** Stamatios Stamoulis <stamoulis@swdelaw.com>
**CC:** Richard C. Weinblatt <weinblatt@swdelaw.com>, Beach, Sean <sbeach@ycst.com>, Zieg, Sharon <SZIEG@ycst.com>

```
 <<Tax Returns.PDF>>

Stam,

Attached please find the documents that were produced by Owen &
Associates in response to the subpoena we served on them yesterday.

Regards,
Erin

Erin D. Edwards
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-6552
Facsimile: 302-576-3471
```
eedwards@ycst.com

| Tax Returns.PDF | **Content-Type:**    application/pdf |
|---|---|
| | **Content-Encoding:** base64 |

# EXHIBIT 2

**Subject:** Ch-11 07-11047-CSS American Home Mort Subpoena
**From:** DEBdb_ECF_Reply@deb.uscourts.gov
**Date:** Wed, 17 Nov 2010 00:51:35 +0000
**To:** dummail@deb.uscourts.gov <dummail@deb.uscourts.gov>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Erin Edwards entered on 11/16/2010 at 7:51 PM EST and filed on 11/16/2010
**Case Name:**      American Home Mortgage Holdings, Inc.
**Case Number:**      07-11047-CSS
**Document Number:** 9462

**Docket Text:**
Subpoena *of Owen & Associates*. Filed by American Home Mortgage Holdings, Inc.. (Edwards, Erin)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\Bankruptcy\American Home Mortgage - AHM\To Be Filed\Subpoena - Owen & Asso..pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=11/16/2010] [FileNumber=9059760-0
] [3672cc68969ac8b1c534bcb639315199a181e342a3ed34c07bf8b2bc2e81af73c3a
88a24fec24810da11027b222e9d554bd8def78f9ecabebfaf75c35d072957]]

**07-11047-CSS Notice will be electronically mailed to:**

Geoffrey S. Aaronson on behalf of Creditor Craven-Shaffer-North Bay Village
gaaronson@aaronsonpa.com

David G. Aelvoet on behalf of Creditor Bexar County
davida@publicans.com

Elihu Ezekiel Allinson, III on behalf of Creditor Julia Trister
ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;KDavis@SHA-LLC.com;hcoleman@sha-llc.com

Jonathan B. Alter on behalf of Defendant McKee Nelson LLP n/k/a Bingham McCutchen LLP
jonathan.alter@bingham.com

John R. Ashmead on behalf of Interested Party Deutsche Bank Trust Company Americas
ashmead@sewkis.com

Mary E. Augustine on behalf of Defendant Outsource Solutions, LLC
maugustine@bglawde.com

Mary E. Augustine on behalf of Interested Party Hazeltine Gates LLC
maugustine@bglawde.com

Robert T. Aulgur on behalf of Creditor CitiMortgage, Inc
bk.service@aulgur.com

Matthew P. Austria on behalf of Defendant CT Networks, Inc.
maustria@werbsullivan.com

James F. Bailey on behalf of Interested Party Gloria Kirk
jbailey@jfbailey.com, lharris@jfbailey.com

Cynthia Moh Baldwin on behalf of Defendant FEDEX CORPORATION and FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC. d/b/a FEDEX KINKO'S
cbaldwin@eapdlaw.com, DEbankruptcy@eapdlaw.com

Elizabeth Banda Calvo on behalf of Creditor Arlington ISD
rgleason@pbfcm.com, ebcalvo@pbfcm.com

William Wright Banks on behalf of Creditor Georgia Department of Revenue
wbanks@law.ga.gov, 02bf@law.ga.gov

Fred Barakat on behalf of Defendant Corporate Resources Group, LLC

FredBarakat.Attorney@verizon.net, Lori.BarakatLaw@verizon.net,tracy.barakatlaw@comcast.net

Richard A. Barkasy on behalf of Creditor Liberty Property Limited Partnership
rbarkasy@schnader.com

Daniel I. Barness on behalf of Interested Party
dbarness@smhbhlaw.com

Michael Jason Barrie on behalf of Creditor Liberty Property Limited Partnership
mbarrie@beneschlaw.com, ehein@beneschlaw.com;docket@beneschlaw.com;jsmith@beneschlaw.com;jhoover@beneschlaw.com;rlemisch@beneschlaw.com

Ryan M. Bartley on behalf of Debtor American Home Mortgage Holdings, Inc.
bankfilings@ycst.com

Leonora K. Baughman on behalf of Creditor Oakland County Treasurer
lbaughman@kaalaw.com, ecf@kaalaw.com

Sean Matthew Beach on behalf of Debtor American Home Mortgage Holdings, Inc.
bankfilings@ycst.com

Christopher R. Belmonte on behalf of Interested Party
cbelmonte@ssbb.com, pbosswick@ssbb.com

Don A. Beskrone on behalf of Creditor American Security Insurance Company, Standard Guaranty Insurance Company, Voyager Indemnity Insurance Company and Assurant Group
dbeskrone@ashby-geddes.com

Jennifer Leigh Best on behalf of Creditor United States Internal Revenue Service
jennifer.best@usdoj.gov, Eastern.Taxcivil@usdoj.gov

Robert K. Beste on behalf of Defendant First American Flood Data Services, Inc.
rbeste@cohenseglias.com, swilliams@cohenseglias.com,susdin@cohenseglias.com,searle@cohenseglias.com

Karen C Bifferato on behalf of Creditor Washington Mutual Mortgage Securities Corp.
kbifferato@cblh.com

Ian Connor Bifferato on behalf of Interested Party The Official Committee of Unsecured Creditors
cbifferato@bifferato.com, dfeinberg@lewisfeinberg.com

Danielle S. Blount on behalf of Defendant Home Buyers Marketing II, Inc. d/b/a HBM II Fulfillment Center
dblount@foxrothschild.com, dkemp@foxrothschild.com

Joseph J. Bodnar on behalf of Attorney Official Committee of Unsecured Creditors
jbodnar@BodnarLaw.net, jbodnar73@verizon.net;jjbodn@aol.com

Hilary B Bonial on behalf of Creditor CitiMortgage, Inc.
notice@bkcylaw.com

William Pierce Bowden on behalf of Attorney Ashby & Geddes, P.A.
wbowden@ashby-geddes.com

Donald J. Bowman on behalf of Debtor American Home Mortgage Holdings, Inc.
bankfilings@ycst.com

Robert S. Brady on behalf of Debtor American Home Mortgage Holdings, Inc.
bankfilings@ycst.com

Patrick M. Brannigan on behalf of Defendant Showcase of Agents, L.L.C.
pbrannigan@crosslaw.com

Timothy W. Brink on behalf of Defendant INNERWORKINGS, INC.
timothy.brink@dlapiper.com

Charles J. Brown on behalf of Creditor AT&T Inc.
cbrown@archerlaw.com, dabernathy@archerlaw.com

Amy D. Brown on behalf of Creditor Shoreham Viewridge, LLC d/b/a Shoreham Place
abrown@margolisedelstein.com

Stuart M. Brown on behalf of Interested Party Bank of America, N.A.
sbrown@eapdlaw.com, DEbankruptcy@eapdlaw.com

Mark Browning on behalf of Creditor Texas Comptroller Of Public Accounts
BK-MBROWNING@OAG.STATE.TX.US, SHERRI.SIMPSON@OAG.STATE.TX.US

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SUBPOENA IN A CIVIL CASE

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,

Debtors.

Chapter 11

Case No. 07-11047 (CSS) (Bankr. D. Del.)

Jointly Administered

To:  **Owen & Associates**
**3600 Harbor Blvd. #120**
**Oxnard, CA 93035**
**(805) 382-8800**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED **to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED **to produce and permit inspection and copying of the documents listed on the attached** <u>Schedule A</u> **at the place, date, and time specified below by electronic medium and transmission, overnight courier, or such other methods as the parties may direct.**

| PLACE: | DATE AND TIME |
|---|---|
| **Erin Edwards, Esquire**<br>**Young Conaway Stargatt & Taylor, LLP**<br>**1000 West Street, 17th Floor**<br>**Wilmington, Delaware 19801***<br>*Or in another manner or location mutually agreed to by the parties | **November 19, 2010 at 5:00 p.m. PT** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>**Counsel to the Debtors** | Date:  November 15, 2010 |

Issuing Officer's Name, Address, and Phone Number

**Erin Edwards, Esq., Young Conaway Stargatt & Taylor, LLP, 1000 West Street, Wilmington, DE 19801**
**(302) 571-6600**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D below)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED  *Michael Owen* |  | *email* |

SERVED ON (PRINT NAME)                          MANNER OF SERVICE


*Debbie Laskin*                                    *Paralegal*

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Proof of Service is true and correct.

Executed on  *11 | 15 | 10*                         *Debbie Laskin*
DATE                                       SIGNATURE OF SERVER
                                           *The Brandywine Bldg.*
                                           ADDRESS OF SERVER
                                           *1000 N. West St.*
                                           *Wilmington, DE 19801*

**(c) Protecting a Person Subject to a Subpoena.**
   **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issues and serving a subpoena must
take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must
enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party
or attorney who fails to comply.
   **(2)** *Command to Produce Materials or Permit Inspection.*
       **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or
tangible things, or to permit the inspection of premises need not appear in person at the place of production or inspection unless
also commanded to appear for a deposition, hearing, or trial.
       **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on
the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the
materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The
objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an
objection is made, the following rules apply:
           **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order
           compelling production or inspection.
           **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a
           party nor a party's officer from significant expense resulting from compliance.
   **(3)** *Quashing or Modifying a Subpoena.*
       **(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that –
           **(i)** fails to allow a reasonable time to comply;
           **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that
           person resides, is employed, or regularly transacts business in person – except that, subject to Rule

45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information.

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for that discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.*

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any other copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(i).

## SCHEDULE A

## I. DEFINITIONS

The following definitions and instructions shall apply to the document requests in section III below (the "Requests"):

A. "And" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of the Requests that which might otherwise be construed or interpreted to be outside the scope of the Requests.

B. "Communication" or "communication" shall mean any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature, be it in the form of facts, ideas, inquiries, opinions, or otherwise, was stated, written, recorded, or in any manner transmitted or transferred, and is not limited to transfers between Persons, but includes other transfers, such as records and memoranda to the file.

C. "Concerning" shall mean relating to, referring to, in connection with, in respect of, describing, evidencing, or constituting.

D. "Correspondence" shall mean any document that constitutes a communication between two or more persons or entities, or that records, memorializes, reflects, or otherwise summarizes the substance of such a communication, whether made directly or otherwise.

E. "Debtor" or "Debtors" shall mean American Home Mortgage Holdings, Inc., American Home Mortgage Investment Corp., American Home Mortgage Acceptance, Inc., AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) , American Home Mortgage Corp., American Home Mortgage Ventures LLC, Homegate Settlement Services, Inc., and Great Oak Abstract Corp. including any officer, director, agent, representative and/or attorney of or for any or all such entities.

F.    "Document" or "document" means any book, document, or other tangible thing within the meaning of the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication, or representation has been recorded by means including, but not limited to handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies, including, but not limited to, working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, voice mail, electronic mail, charts, notes, records of any sort of meetings, ledgers, journals, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone records, visitor or other logs, desk or electronic calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of any kind.

G.    "Electronically-Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this dispute.  ESI includes, but is not limited to, all electronically stored Documents.  ESI further includes, without limitation, the following: (i) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.); (ii) internal or external websites; (iii) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar programs), bulletin board programs (e.g., Linked In, Facebook, and Twitter), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they

reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and (iv) activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, personal digital assistants (e.g., Palm Pilots), handheld wireless devices (e.g., BlackBerrys), or similar devices, internal or external email management software and consoles (e.g. Postini, Smarsh or similar email management solutions) and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

     H.     The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

     I.     "Person" shall mean any natural person or any business, legal, or governmental entity, organization, or association.

     J.     "Professionals" shall mean attorneys, accountants, consultants, advisors, agents, or other representatives retained or used by You.

     K.     "Property" shall mean the property located at 1880 Burnt Rock Way, Templeton, CA 93465.

     L.     "Refer," "reflect," and "relate" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any interrogatory or request for production.

     M.     The terms "regarding" and "with regard to" shall mean referring to, or having any relationship with whatsoever, or concerning or pertaining to, or comprising, or indicating, or supporting, or constituting evidence related to or pertaining to any Request for Production.

N.    "You" or "Your" shall refer to Owen & Associates and, together with any entities controlled by or under common control with such entity, its agents, attorneys, consultants, advisors, directors, employees, officers, professionals and other representatives.

## II. INSTRUCTIONS

A.    The preceding definitions apply to these instructions and each of the Requests.

B.    In responding to these Requests, you shall produce separately all Documents, including reasonably accessible ESI, in your possession, custody or control, or in the possession, custody or control of your agents and representatives.

C.    The Requests are continuing in character so as to require the filing of supplemental answers and responses if further information, Documents, or other materials are obtained.

D.    Where Documents are requested, such Request includes Documents in possession or control of Your agents, representatives, accountants, advisors, including any Document You have a right by contract, statute, or otherwise to use, inspect, examine, or copy, and unless privileged, any Document Your attorneys have a right by contract, statute, or otherwise to use, inspect, examine, or copy.

E.    If no Documents responsive to a Request exist, you should so state in response to the Request.

F.    If a Request, or any part thereof, asks for information which could have, at one time, been supplied by consulting documents which are no longer in existence because they were destroyed, then in answer to such Request or part thereof, for each such Document:

      i.      identify the Document;

      ii.     state the time period during which it was maintained;

      iii.    state the circumstance under which it ceased to exist, and the date thereof;

      iv.    identify each person having knowledge of the circumstances described in response to subsection (iii) above; and

      v.     identify each person who has possession, custody or control of the Document, or to whom it was available or who had knowledge of the Document and/or the contents thereof.

G.    If the answer to a Request is based upon information and belief, set forth the sources of the information and the grounds of the belief.

H.    In the event You are able to produce only some of the writings called for in a particular Request, please produce all writings You are able to produce.

I.    To the extent that any of the following Requests calls for what You believe to be information subject to a claim of privilege, answer so much of each Request and each part thereof as does not request, in Your view, privileged information and with respect to each document or communication or portion thereof that the respondent does not produce or divulge based upon a claim of privilege, or for any other reason, prepare a privilege log which states the following: (a) the name and address of the originator or sender of the document or communication; (b) the name and address of the author of the document or communication; (c) the name, and address of each person or entity to whom the document was directed or addressed; (d) the name and address of each person or entity to whom a copy of the document was directed or sent; (e) the name and address of each person or entity who has seen the document, any copy of the document, participated in communications about the document, or participated in the communication; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document or communication; (h) the length of the document or communication; (i) whether the document or communication contained any attachments, exhibits or appendices; (j) a general description of the nature and subject matter of the document or communication; (k) the present custodian of the document or communication; (l) the date that the document, or a copy thereof, was received by each person or entity having possession of the document or a copy thereof; and (m) the reason the document or communication was not produced.

J.      Whenever a Request is framed in the conjunctive, it shall also be taken in the disjunctive and vice-versa.  Whenever a Request is framed in the singular, it shall also be taken in the plural, and vice-versa.  The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

K.      Documents attached to each other should not be separated.  Documents that are located in files, folders, binders and the like must be produced in a manner that enables the Debtors to determine which particular pages were contained in a given file, folder or binder.  The labels of any files, folders or binders that contain responsive Documents must also be copied.

L.      All electronic documents should be produced as TIFFs with load files including all standard metadata information associated with the document (including searchable text when available) or in PDF-searchable format, except that the Debtors request that electronic documents be produced in a native format where the native format includes relevant information not available with a TIFF or PDF file or where a TIFF or PDF file is relatively cumbersome to view.  For example, Excel spreadsheets often contain important information, such as formulas, that are unviewable in a TIFF format.  As another example, relevant audio, video, or executable files would not be viewable in TIFF format.

M.      For each TIFF file provided the following instructions shall apply:

    i.      <u>TIFFs.</u>  Single-page Group IV TIFFs should be provided, at least 300 dpi. Include a Concordance image load file for Opticon.

    ii.     <u>Text Files.</u>  For each document, a text file should be provided along with the TIFF.  The text of native files should be extracted directly from the native file.

    iii.    <u>Unique IDs.</u>  Each image should have a unique file name - bates number.

    iv.     <u>Metadata Fields.</u>  The following metadata should be provided if they exist:

        1.      Begin Bates, End Bates

2.  Begin Attachment, End Attachment  (Used to determine Parent-child relationships (the association between an attachment and its parent document))

3.  Date Sent, Date Created, Date Modified (maintained in GMT)

4.  Document type (i.e. Email, Word, Excel) and Page Count

5.  Author, To, From, Copy, BCC

6.  Custodian or source of documents

N.   If there are tapes or voice recordings that are responsive to any Request, then You must produce the tape itself (or an accurate copy thereof) and any existing transcriptions thereof. Production of a transcription alone will not be considered sufficient.

O.   If You object to any part of any specific Request, You shall state fully the nature of the objection.  Notwithstanding any objections, You must comply fully with the other parts of the Request not objected to.

### III. DOCUMENT REQUESTS

1.      Copies of any tax return of Deborah Mills for the years 2003 through 2006.

2.      All Documents and/or Communications related to any tax return of Deborah Mills that refers to or includes the period of time from January 1, 2003 to December 31, 2006.

3.      All Documents and/or Communications provided by or to Deborah Mills regarding her tax returns for the period of time refers to or includes the period of time from January 1, 2003 to December 31, 2006.

4.      All Documents and/or Communications to, from, and/or concerning Deborah Mills or any agent of Deborah Mills that refers to or includes the period of time from January 1, 2003 to December 31, 2006.

# EXHIBIT 3

**STAMOULIS & WEINBLATT LLC**
*Intellectual Property & Delaware Corporate Law*

STAMATIOS STAMOULIS
stamoulis@swdelaw.com

**VIA EMAIL**

October 22, 2010

Erin D. Edwards, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Re:    Ch-11 07-11047-CSS American Home Mort. – Mills Administrative Claim

Dear Erin:

We write in response to your letter dated October 21, 2010.  We have contacted Ms. Mills and asked her to send us a copy of the notes she took during the deposition of Mr. Scott Martinez.  Once we receive her notes, we will Bates stamp and produce them to Debtors.

Ms. Mills declines to engage in the efforts you propose in order to obtain her tax returns for production. No claim has been brought by the trustee against Ms. Mills in connection with the loan applications she submitted to AHM.  Further, Ms. Mills has not placed her income at issue in this litigation.  Thus, her tax returns are not relevant to the only issues before the Court: (1) the fraud committed by Debtors in originating Ms. Mills' loan; or (2) the fraudulent and improper foreclosure process engaged in by Debtors.

In an effort to avoid burdening the Court unnecessarily, we granted Debtors some latitude in inquiring about the statements Ms. Mill made on her loan applications during her approximately twelve (12) on-record deposition hours.  Nevertheless, that entire line of inquiry, as well as your demand for the production of Ms. Mills' personal tax returns, is irrelevant to any issue before the Court and will not be admissible at trial.  We consider any effort by Debtors to pursue further discovery on these ancillary issues to be frivolous and reserve the right to seek any costs and fees associated with defending against such efforts.

Very Truly Yours,

Stamatios Stamoulis
of Stamoulis & Weinblatt LLC