IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x   Chapter 11
In re:                                                           :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :
a Delaware corporation, et al.,[1]                               :   Jointly Administered
                                                                 :
                                 Debtors.                        :
                                                                 :   Ref. Docket No. 9411, 9412, & 9413
                                                                 :
---------------------------------------------------------------- x

### DEBTORS' BRIEF IN OPPOSITION TO DEBORAH MILLS'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE FORECLOSURE OF HER PROPERTY WAS DEFECTIVE

        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Sean M. Beach (No. 4070)
        Sharon M. Zieg (No. 4196)
        Curtis J. Crowther (No. 3238)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19899-0391
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Counsel for Debtors and Debtors in Possession

Dated: November 18, 2010

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

The Debtors submit this brief in opposition to the motion of Deborah Mills for Partial Summary Judgment that the Foreclosure of her Property was Defective ("<u>Summary Judgment Motion</u>") [D.I. 9411] and Ms. Mills's Brief in Support of the Summary Judgment Motion ("<u>Summary Judgment Brief</u>") [D.I. 9412].

## **INTRODUCTION**[2]

Ms. Mills argues, for the first time in these proceedings, that the foreclosure of the Property that occurred over four (4) years ago violated the automatic stay in her personal bankruptcy. In support of that claim, she asserts that "…neither Cal-Western, nor MERS, nor AHMIT 2005-SD1 had the right to foreclose on the Property pursuant to the bankruptcy court's order granting relief from the automatic stay." Summary Judgment Brief, p. 3. This argument is without merit.

First, the Stay Relief Orders entered by the California Bankruptcy Court expressly grant the aforementioned entities relief from the automatic stay to foreclose on the Property. The plain language of both orders clearly give relief from the stay to the "Movant, its successors, transferees and assigns." Ms. Mills concedes that the party that effected the foreclosure was in fact a successor of AHM Acceptance.

Second, Ms. Mills should be precluded from asserting this argument for multiple reasons. Ms. Mills is precluded from collaterally attacking a stay-relief order now, as it is a final order that she never contested during the pendency of her bankruptcy case. Furthermore, as required under California law, Ms. Mills cannot exhibit that she had, at any point since the foreclosure, the ability to repurchase the property which further precludes her from maintaining a cause of action for deficiency in the foreclosure process. Finally, this is the first time Ms. Mills raises this

---

[2] Any capitalized term not defined in the Introduction, shall have the meaning ascribed to it in the Argument.

argument in these proceedings despite the Debtors repeated attempts to ascertain her factual and legal arguments. The Summary Judgment Motion should be denied.

## FACTS[3]

On August 8, 2005, the Debtors funded two loans to Deborah E. Mills ("Ms. Mills") to enable her purchase of the property located at 1880 Burnt Rock Way, Templeton, California (the "Property"). The loans consisted of the following: a first lien loan for an unpaid principle balance of $962,500 (the "First Loan"), and (ii) a second lien loan for an unpaid principal balance of $200,000 (the "Second Loan" and together with the First Loan, the "Mills Loans").

Ms. Mills was required to make monthly mortgage payments in the aggregate amount of approximately $6,492.30 on the first of each month. Because Ms. Mills executed an escrow waiver, the monthly mortgage payments did not include amounts for taxes or insurance. Ms. Mills made one mortgage payment on September 13, 2005. Thereafter, Ms. Mills made no further mortgage payments.

After several notices and attempts to work with Ms. Mills to cure the defaulted loans, in January 2006, the Debtors referred the Mills Loans to Cal-Western Reconveyance Corp ("Cal-Western"), a non-judicial foreclosure specialist, to commence non-judicial foreclosure proceedings against the Property. After several postponements of the foreclosure sale at the request of Ms. Mills, the Debtors determined there would be no further postponements in June of 2006.

On June 26, 2006, Ms. Mills filed Chapter 7 bankruptcy (Case No. 06-10337, the "Mills Bankruptcy") in the United States Bankruptcy Court for the Central District of California (the

---

[3] The Debtors have detailed the facts surrounding the Mills Claims in the *Debtors' Objection to Administrative Expense Claims Numbered 10802, 10803, 10804, 10805, 10806, 10807, 10808 and 10809 Filed By Deborah Mills* [D.I. 9405] and related reply [D.I. 9466] and incorporate those facts herein. Therefore, the foregoing factual background is summarized to those pertinent facts to the Summary Judgment Motion.

3

"California Bankruptcy Court"), thereby automatically staying the trustee's sale. Accordingly, the Debtors postponed the Third Trustee's Sale Date to August 10, 2006 to allow sufficient time to obtain stay relief. On June 30, 2006, AHM Acceptance filed their motions for relief from the automatic stay (the "Stay Relief Motions") to continue foreclosure on the Mills Loans. [Mills Bankr. D.I. 7 & 9]. Ms. Mills did not contest the Stay Relief Motions and, accordingly, on July 25, 2006, the California Bankruptcy Court entered orders granting the relief requested by the Stay Relief Motions (the "Stay Relief Orders"). [Mills Bankr. D.I. 12 & 13].

Ms. Mills received a discharge of her debts on July 19, 2007 [Mills Bankr. D.I. 52], and the Mills Bankruptcy closed on October 9, 2007 [Mills Bankr. D.I. 55].

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 7056 incorporates the standard for a motion for summary judgment in Fed. R. Civ. P. 56. The motion may not be granted unless the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, all factual inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–588 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986).

After sufficient proof has been presented to support the motion, the burden shifts to the non-moving party to show that genuine issues of material fact still exist and that summary judgment is not appropriate. *Matsushita*, 475 U.S. at 587. A genuine issue of material fact is present when "the evidence is such that a reasonable jury could return a verdict for the

4

nonmoving party." *Anderson*, 477 U.S. at 248. The non-moving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## ARGUMENT

### I.   BOTH STAY RELIEF ORDERS, BY THEIR EXPRESS TERMS, PROVIDE RELIEF FROM THE AUTOMATIC STAY THAT COVERS ALL PARTIES TO THE FORECLOSURE PROCESS.

The primary crux of the Summary Judgment Motion is that the ultimate party that conducted the non-judicial foreclosure of the subject Property did not have relief from the automatic stay in Ms. Mills's personal bankruptcy case in California. The plain language of the Stay Relief Orders themselves contradict the argument advanced by Ms. Mills.

A Motion for Relief from Automatic Stay was filed seeking the right to pursue foreclosure remedies on both the first and second mortgages in Ms. Mills's chapter 7 bankruptcy case. Each motion is substantively the same with the exception of the Instrument Number (mortgage recording information) and the amount due for the separate notes/mortgages. Each motion is completed on forms required by the United States Bankruptcy Court for the Central District of California. The Stay Relief Motions were filed and noticed on June 30, 2006 with notice that any objection would have to be filed at least 14 days before the hearing scheduled for July 25, 2006.

Both Stay Relief Motions were presented to the California Bankruptcy Court without objection. Thereafter, on July 25, 2006, the Honorable Robin Riblet, United States Bankruptcy Court for the Central District of California entered two nearly identical Orders Granting Motion for Relief from Automatic Stay. The Stay Relief Orders are form orders used in this district. The substantive provisions of the Stay Relief Orders provide as follows:

> (1)   The Motion was uncontested

(2) The Motion affects real property known as: 1880 Burnt Rock Way, Templeton, CA 93465

(3) The Motion is granted pursuant to 11 U.S.C. § 362(d)(1)

(4) The automatic stay is terminated "as to Movant, **its successors, transferees and assigns ("Movant")**"(emphasis added)

(5) Movant (as defined in the Stay Relief Order to include both the Movant under the Motion as well as its successors, transferees and assigns) "may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law...."

Ms. Mills concedes in her Motion for Summary Judgment that the party that effectuated the foreclosure was a successor, transferee or assign of American Home Mortgage Acceptance, Inc. Summary Judgment Brief, at 3 n.2. Accordingly, the Stay Relief Orders clearly, on their face, give relief from stay to **any and all successors, transferees and assigns** of American Home Mortgage Acceptance, Inc. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding an order must be interpreted as its plain language dictates) (internal citation omitted).

Accordingly, all parties that were a successor, transferee and/or assign of American Home Mortgage Acceptance, Inc. obtained relief from the automatic stay based upon the express language of the Stay Relief Orders. Therefore, the Motion for Summary Judgment must be denied.

## II. MS. MILLS CANNOT IMPERMISSIBLY ATTEMPT TO COLLATERALLY ATTACK THE STAY RELIEF ORDERS IN THIS LATER PROCEEDING.

Notwithstanding the fact that the Stay Relief Orders by their express terms cover all parties in the foreclosure process, Ms. Mills attempts to argue that this Court should nevertheless

6

void the foreclosure because the original movant was AHM Acceptance. This Court must reject the entire premise of this argument because it is an impermissible attempt to collaterally attack the Stay Relief Orders.

A stay-relief order is a final order that is not subject to collateral attack. *Old West Annuity and Life Insurance Company v. Appollo Group.* 605 F.3d 856, 862 (11th Cir. 2010)(citing *F.D.I.C. v. Shearson-American Exp., Inc.*, 996 F.2d 493, 498 (1st Cir. 1993). Accordingly, a "bankruptcy court's stay-relief orders may seem unusual or even confused to some people, but those orders remain valid and are not subject to collateral attack." *Id.* at 863. Similarly, the appropriate forum to challenge a stay-relief order is the bankruptcy court in which the order was entered. *Id.* Even if an order modifying or terminating the automatic stay was erroneous, such an order is entitled to respect and is not subject to collateral attack. *Shearson-American Exp.*, supra at 498. Similarly, a final order such as a stay relief order, cannot be collaterally attacked in a later proceeding even if the order was entered in error. *In re Pardee*, 218 B.R. 916, 924 (9th Cir. BAP 1998), *aff'd*, 193 F. 3d 1083 (9th Cir. 1999).

Accordingly, when a "creditor has invoked remedies and settled its property rights in good faith reliance upon the termination of the automatic stay in [bankruptcy court], [a court] should not and may not invoke its broad equitable powers to void the results of the creditor's action—even if doing so would enable the debtor to make full use of statutory remedies previously unavailable...." *In re Spaude*, 112 B.R. 304, 307 (Bankr. D. Minn. 1990). In this case, the foreclosure sale was completed by the creditor more than 4 years ago and a third party now owns the subject real estate as a result of that foreclosure sale. Property rights have long been settled and Ms. Mills is precluded from attempting to collaterally attack the Stay Relief Orders.

### III. MS. MILLS CANNOT MAINTAIN ANY CAUSE OF ACTION FOR IRREGULARITY OR DEFICIENCY IN THE FORECLOSURE PROCESS.

"Under California law, the 'tender rule' requires that, as a precondition to challenging a foreclosure sale or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." *Small v. Mortgage Elec. Registrations Sys., Inc.*, No. 2:09-cv-0458, 2010 U.S. Dist. LEXIS 97135, *37-39 (E.D. Cal. Sept. 16, 2010) (citing *Montoya v. Countrywide Bank*, No. C 09-00641 JW, 2009 U.S. Dist. LEXIS 53920 (N.D. Cal. June 25, 2009)); *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. App. 1st Dist. 1996).

The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." *Small*, 2010 U.S. Dist. LEXIS 97135, at *37 (citing *Williams v. Countrywide Home Loans*, No. C 99-0242 SC, 1999 U.S. Dist. LEXIS 14550 (N.D. Cal. Sept. 15, 1999)). The plaintiff must demonstrate both a willingness to pay and the ability to pay. *Id.* (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)).

Here, Ms. Mills not only fails to allege tender of indebtedness, but both she and Mr. Esquivel affirmatively testified that they never offered the amount of the secured indebtedness and did not have the funds available to do so. (Mills Dep. 181-183; 273-275) (testifying that the one point in which Ms. Mills alleges she had amounts to reinstate the loan prior to the foreclosure, the amounts were not sufficient to cure the default); (Mills Dep. 175:4-13) (testifying that following the foreclosure, Ms. Mills never made offers to reinstate the loan); (Mills Dep. 198-199) (testifying that following the foreclosure, all offers made did not include a full repayment of debt owed); (Esquivel Dep. 150-151) (testifying that the highest offer made on the Property was $1.1 million and that there "was nothing to be done with the [Mills Loans]");

(Esquivel Dep. 149-151) (testifying that prior to the foreclosure, no offers to pay the full amount of the indebtedness were provided, and that no offers to pay amounts on the Second Mills Loan were ever offered). As a result of such unwillingness and inability to pay the debt, Ms. Mills is precluded from continuing any challenge to the foreclosure.

### IV. THE ISSUE OF STANDING IS FULLY DETERMINED BY THE STAY RELIEF ORDERS

The proof necessary to establish standing depends upon the stage of the proceedings. At the pleading stage, a federal court may rely on the allegations of the complaint to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 56, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Accordingly, a movant seeking relief from stay may rely upon its motion. *Mortgage Electronic Registration Systems, Inc. v. Chong*, 2009 U.S. Dist. LEXIS 127500, *8 (D. Nev. 2009)(citing *In re Hayes*, 393 B.R. 259, 267 (Bankr. D. Mass. 2008). Only if a trustee or debtor objects based upon standing must a movant come forward with evidence of standing. *Id.* Ms. Mills, while clearly having the opportunity to object to the Stay Relief Motions, failed to do so. In fact, her failure to object was a knowing and conscious decision. (Mills Dep. 543:12-25; 544:1-16) (testifying that Mr. Taus specifically represented her with respect to the stay relief motions, that she discussed the stay relief motion with her counsel, and that she understood that if the stay relief motion was approved the foreclosure process would continue).

An attempt to challenge standing, more than four (4) years later, is prohibited. Ms. Mills is now attempting to raise matters that could have been raised directly in response to the stay relief motions. Any such arguments are precluded from collateral attack by *res judicata*. See *Pardee*, supra, at 923 (citing *Stoll v. Gottlieb*, 305 U.S. 165, 59 S. Ct. 134, 83 L. Ed. 104 (1938)("The concept of the preclusive effect of final orders is a basic principle of American jurisprudence").

9

The bankruptcy court in *Andrada Financing, LLC v. Humara Group, Inc.*, 2010 Bankr. LEXIS 1796 (D. Ariz. 2010) was faced with a situation similar to the case at bar. In *Andrada*, the debtor attempted to prosecute a complaint for violation of the automatic stay against a creditor. The bankruptcy court dismissed it for lack of subject matter jurisdiction. The bankruptcy court was asked to reconsider that dismissal. The debtor contended that the bankruptcy court should "nullify the stay relief order" and "void" the trustee's sale of certain real property due to alleged fraud. In its complaint, the debtor asserted that the defendants suppressed material facts from the court and had jumbled exhibits in obtaining stay relief and that the stay relief then led to a wrongful foreclosure. The court flatly rejected the attempt by the debtor. The court determined that the debtor could have raised the issues in response to the stay relief motion but failed to do so and the debtor was precluded from making those arguments now by *res judicata*. The *Andrada* court then held:

> A bankruptcy court, as a court of equity, must be guided by equitable principles in exercising its jurisdiction over a contempt action for violation of the automatic stay. *See, e.g.,, In re Gurrola*, 328 B.R. 158, 172 (9th Cir. BAP 2005)(discussing retroactive validation of stay violation based on "balancing of the equities' test; *Matthews v. Rosene*, 739 F. 2d 249, 251 (7th Cir. 1984). The instant complaint was filed unconscionably late [one (1) year after entry of stay relief order], after substantive rights had been exercised and the property sold. The claims have been forfeited or waived. *See In re Cellular 101, Inc.*, 539 F. 3d 1150, 1155 n. 2 (9th Cir. 2008). In addition, Debtor has "unclean hands."

*Id.* at *9-10. Here, Ms. Mills has forfeited or waived any alleged claim relating to a "wrongful foreclosure" or an attempt to upset the long-completed foreclosure process. The court in *Andrada* held that one-year after the stay relief order was entered was an "unconscionably late" time period to see relief for an alleged stay violation. Here, Ms.

10

Mills raised the issue, for the first time, over four (4) years later.[4] Ms. Mills is precluded from raising, or litigating, these issues now.

V. **MS. MILLS FAILED TO RAISE THE ISSUE OF STANDING OR A LACK OF STAY RELIEF DURING THESE PROCEEDINGS AND SHOULD BE PRECLUDED FROM RAISING THEM, FOR THE FIRST TIME, IN A SUMMARY JUDGMENT MOTION**

Prior to filing this Summary Judgment Motion, Ms. Mills has never asserted lack of stay relief against the Debtors in these proceedings. She should be precluded from doing so now, for the first time, in her Summary Judgment Motion.

Ms. Mills's counsel had previously affirmatively represented to the Debtors that the wrongful foreclosure allegations were limited to claims under "California law." Additionally, in response to the Debtors' Interrogatory numbered 22 ("If You contend that Debtors or any other person engaged in a 'wrongful foreclosure' related to the Property, please state the factual basis for such a contention and relate such facts to the applicable law"), Ms. Mills only referenced back to Ms. Mills's previously filed documents and referenced only twelve (12) pages of documents, *none* of which provides any insight to the alleged technical deficiencies. Rather Ms. Mills addressed the Debtors' refusal to consider offers for the Property that were not compliant with the Debtors' guidelines.

The stay relief from the Mills Bankruptcy and subsequent foreclosure occurred *over four years ago*. Ms. Mills's assertion that the information just came to light as a result of the Debtors' responses to Ms. Mills's interrogatories is false as the Motions for Stay Relief and the Stay Relief Orders have been publicly available since their filing and recording. The only thing that continues to change is the theory of recovery by Ms. Mills, which is impermissible under the

---

[4] The Stay Relief Orders were entered by the California bankruptcy court, with notice to Ms. Mills and her bankruptcy counsel, on July 25, 2006. Ms. Mills received her discharge almost a year later on July 19, 2007. Her bankruptcy case was not closed until October 9, 2007.

11

express terms of the scheduling order agreed to by Ms. Mills and her counsel [D.I. 9149 and amended at 92130].

## VI. CONCLUSION

For the foregoing reasons, the Summary Judgment Motion should be denied.

Dated: Wilmington, Delaware
November 18, 2010

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Morgan L. Seward*
        Sean M. Beach (No. 4070)
        Sharon M. Zieg (No. 4196)
        Erin D. Edwards (No. 4392)
        Margaret Whiteman Greecher (No. 4652)
        Morgan L. Seward (No. 5388)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Counsel for Debtors and Debtors in Possession