# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, *et al.*,[1]                             :
                                                                 : Jointly Administered
                                                                 :
          Debtors.                                               : Ref. Docket No. 9445
                                                                 :
---------------------------------------------------------------- x

## DEBTORS' OBJECTION TO CLAIMANT DEBORAH E. MILLS'S MOTION IN LIMINE FOR AN ORDER EXCLUDING ANY EVIDENCE RELATED TO MILLS' TAX RETURNS AND SCHEDULES SUBMITTED DURING HER PERSONAL BANKRUPTCY CASE

The above captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Objection") to the *Motion in Limine of Claimant Deborah E. Mills for an Order Excluding any Evidence Related to Mills' Tax Returns and Schedules Submitted During Her Personal Bankruptcy Case* [Docket No. 9445] (the "Motion") filed by Deborah E. Mills ("Ms. Mills"). In support of their Objection, the Debtors state as follows:

### PRELIMINARY STATEMENT

1. The Debtors object to the Motion on the ground that Ms. Mills's dishonesty and fraud in connection with her own Financial Documents[2] is central to the Debtors' defense of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

[2] Capitalized terms in the Preliminary Statement shall have the meanings ascribed to them in the body of this Objection. Unless otherwise defined herein, capitalized terms elsewhere in this Objection shall have the meanings ascribed to them in the *Debtors' Objection to Administrative Expense Claims Numbered 10802, 10803, 10804,*

Administrative Expense Motion. For this Court to make an informed determination as to the claims alleged by Ms. Mills, this Court, as the fact-finder, will need to both evaluate the evidence concerning the loans at issue (evidence including the Loan Application) and evaluate Ms. Mills's credibility as it relates to her claims about third parties. By her Motion, Ms. Mills seeks to preclude this Court from considering highly relevant information that is necessary for this Court to make its determination. As such, Ms. Mills's request for the extraordinary remedy of exclusion should not be granted and the Motion should be denied.

2. Pursuant to Federal Rule of Evidence 404(a), character evidence is only inadmissible when introduced "for the purpose of proving action in conformity therewith." Where, as here, the character evidence is "in issue," Rule 404's prohibition is inapplicable. Ms. Mills's misrepresentations are probative of her veracity in connection with the Debtors' defenses of unclean hands, judicial estoppel, waiver, lack of standing, as well as other defenses. These same facts and examples of dishonesty also negate any showing of justifiable reliance, an element of Ms. Mills's claim of fraudulent inducement.

3. For the same reasons, the Court should draw an adverse inference from Ms. Mills's refusal to provide the Financial Documents requested by the Debtors in the course of discovery in this case. Specifically, the Court should draw an adverse inference that, by failing to provide the relevant discovery about her financial history requested by the Debtors, Ms. Mills willfully and materially overstated her gross income on the Loan Applications.

**GENERAL BACKGROUND**

4. On November 19, 2007, Ms. Mills filed claim numbered 2743 (the "<u>Original Claim</u>"). By the Original Claim, Ms. Mills asserted she was entitled to (i) a secured claim in the

---

*10805, 10806, 10807, 10808 and 10809 Filed by Deborah Mills* [Docket No. 9405] (the "<u>Administrative Expense Objection</u>").

amount of $212,500.00 and (ii) an unsecured non-priority claim in the amount of $1,170,000.00 against American Home Mortgage Holdings, Inc.

5. Subsequently, on March 31, 2010, Ms. Mills filed two amended claims, in which Ms. Mills asserted entitlement to two identical claims for (i) secured claims in the amount of $634,954.46 and (ii) unsecured non-priority claims in the amount of $747,545.54 against all Debtors (the "Subsequent Claims").

6. On or about April 27, 2010, Ms. Mills, *pro se*, filed her *Motion for Order to (I) Amend Proof of Claim and (II) Motion for Order of Allowed Administrative Expense Claim Priority Against the Estate Pursuant to Section 503(b) of the Bankruptcy Code in Immediately Available Fund and (III) Order of Right to Protection of Certain Property Interests Under Section 361 or (IV) Avoidance Action Against Debtors Pursuant to Section 549* [Docket No. 8812] (the "Administrative Expense Motion"). The Debtors objected to the Administrative Expense Motion [Docket No. 8847], asserting, inter alia, that the Debtors did not oppose Ms. Mills's request to file an amended claim, but objected to any request for administrative priority, adequate protection payments under section 361 of the Bankruptcy Code, and any avoidance action under section 549 of the Bankruptcy Code.

7. Following Ms. Mills's retention of counsel, the parties agreed to litigate all issues with respect to Ms. Mills's claims against the Debtors in one trial, to be held in November 2010, and entered into an appropriate scheduling order [Docket No. 9149 and amended at 9213].

## RELEVANT BACKGROUND

8. At her deposition, Ms. Mills openly admitted to lying on her loan applications, lying on her tax returns, and making misrepresentations in her personal bankruptcy. See, e.g. Administrative Expense Objection at 3-4, ¶ 4 (detailing the multitude of Ms. Mills's

misrepresentations in her loan applications)[3]; Deposition Transcript of Deborah Mills ("Mills Tr.") at 605:8-12 ("Yes, I lied on my taxes, call the IRS.") (excerpts attached hereto as Exhibit A)[4]; Administrative Expense Objection at 4, ¶ 4 and at 32, ¶ 112 (setting forth the misrepresentations made by Ms. Mills in her personal bankruptcy).

9.   On November 14, 2010, Ms. Mills filed the Motion. In it, Ms. Mills contends, incredibly, that the lies and misrepresentations she admittedly made on her tax returns, asset schedules in the Mills Bankruptcy, and Loan Applications (the "Financial Documents") are completely irrelevant to any of the claims and defenses in issue and are otherwise inadmissible extrinsic evidence under the impeachment provisions of Federal Rule of Evidence 608. (Motion at 2-4.)[5]

---

[3]   Those misrepresentations included (a) fraudulent listing of a non-existent $500,000 CD on her Loan Application as a "liquid asset" to demonstrate her financial wherewithal and as the basis for cash available for closing; (b) misrepresentation of value of a mobile home she owned but sold prior to completing the Loan Applications; (c) failure to disclose that she was a party to pending litigation for fraud on her Loan Applications directly related to the mobile home she listed as an asset when another party claimed an ownership interest in the mobile home; (d) misrepresentation that she borrowed no money in connection with the purchase of the Property when she, in fact, borrowed a substantial sum for that purpose; and (e) reporting her gross monthly income exponentially higher on the Loan Applications which is then directly contradicted by her own bankruptcy schedules and statements as well as her tax returns.

[4]   Notably, while Ms. Mills originally agreed to produce her tax returns, her willingness changed after she admitted to lying in such returns. See Mills Tr. at 337:12-17 (Mr. Stamoulis: "[T]o the extent you already have that material we're not going to reproduce it. If you tell us you don't have it we'll go get it and we'll produce it." Ms. Zieg: "We don't have it.").) Several days later, in response to the Debtors' second request for the tax returns, Ms. Mills lodged a completely different objection, this time claiming that the tax returns and any evidence related to the Loan Applications is "irrelevant to any issue before the Court . . . ." (See Letter from S. Stamoulis to E. Edwards, Oct. 22, 2010 (attached hereto as Exhibit B).).

[5]   The Debtors hereby certify, pursuant to Federal Rule of Civil Procedure 37(a)(1), Federal Rule of Bankruptcy Procedure 7026, and Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, that they have in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

## ARGUMENT

### A. THE COURT SHOULD DENY THE MOTION IN LIMINE AS THE PROPOSED EVIDENCE IS RELEVANT

10. The Court should deny the Motion in Limine because the untruthful statements in the Financial Documents are highly relevant to the matters before this Court. While asking this Court to accept her word on an array of claims of alleged fraud, Ms. Mills asks this Court to ignore her own fraud, which will be shown from the numerous inconsistencies between documents Ms. Mills signed and the truth. Ms. Mills suggests that her admitted lies in her loan applications, tax returns, and bankruptcy schedules are not relevant despite the fact that such lies relate directly to her credibility and her ability to assert her claims and the alleged basis for her claims.

11. First, Ms. Mills seeks to preclude this Court from hearing evidence that goes to the heart of this matter – origination of the Loans. Origination of the Loans by the Debtors was based on the Loan Application, there can be no question that this Court should be permitted to hear evidence on the truthfulness of the information contained in the Loan Applications. As Ms. Mills would have it, this Court should consider what she claims other people said, but this Court should not consider whether statements she made were truthful or not. There is simply no basis to deprive the fact finder of this relevant information and yet expect that fact finder to make a rational determination about the veracity of the witness before it.

12. In addition to seeking to block relevant evidence, Ms. Mills also contends that the Loan Applications, in particular, should be excluded because any errors in them are Ms. Lettau's, the inaccuracies in them are not material, and the Loan Applications are otherwise irrelevant to Ms. Mills's claims against the Debtors. (*Id.* at 4-5.) This argument disregards the fact that who

caused the inaccuracies and their materiality, are all factual matters for the Court to decide at the Hearing.

13. Second, Ms. Mills seeks to preclude this Court from hearing evidence that directly relates to her ability to assert the very claims that are before this Court. As set forth in detail in the Administrative Claim Objection (*see* Administrative Expense Objection at 32-34), judicial estoppel of Ms. Mills's claims against the Debtors is appropriate because Ms. Mills knowingly failed to identify any of the Mills Claims as assets in the Mills Bankruptcy even though she admitted that she had knowledge of their existence at that time. (*Id.* at 32-33 ¶ 112.). As such, evidence as the truthfulness of documents filed by Ms. Mills in her bankruptcy are necessary for this Court to determine whether Ms. Mills can even assert her claims.

14. Lastly, Ms. Mills's fraudulent conduct is in issue with respect to the Debtors' assertions of waiver, abandonment, and lack of standing. (*See* Administrative Expense Objection at 34-35 (asserting Ms. Mills's failure to disclose as basis for each of these defenses).

B. **THE COURT SHOULD DENY THE MOTION IN LIMINE BECAUSE MS. MILLS'S CHARACTER IS AT ISSUE**

15. Contrary to the baseless assertions in the Motion, the Federal Rules of Evidence do not prohibit the introduction of all character evidence. Specifically, the rules only preclude introducing evidence of "character or a trait of character . . . for the purpose of proving action in conformity therewith on a particular occasion . . . ." F.R.E. 404(a); *see also* F.R.E. 404(b) (evidence of "other crimes, wrongs, or acts" is inadmissible only when a party seeks "to prove the character of a person in order to show action in conformity therewith.").

16. As confirmed by the Advisory Committee Notes, Rule 404's prohibition does not extend to character evidence that comprises an element of a claim or defense. F.R.E. 404 Adv. Comm. Notes, subd. (a) (1972) ("Character questions arise in two fundamentally different ways.

(1) Character may itself be an element of a crime, claim, or defense. A situation of this kind is commonly referred to as 'character in issue' . . . . *No problem of the general relevancy of character evidence is involved, and the present rule therefore has no provision on this subject.*") (emphasis added).

17. The evidence rules thus provide a mechanism by which a person's "character in issue" may be introduced. F.R.E. 405(b) ("In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may . . . be made of specific instances of that person's conduct.").[6]

18. In these proceedings, the lies and misrepresentations in the Financial Documents are relevant evidence that bear on the claims asserted by Ms. Mills.

19. Ms. Mills's character is in issue because the statements in the Loan Applications and in the Mills Bankruptcy and their veracity establish elements of the Debtors' defenses (or negate elements of Ms. Mills's claims). First, Ms. Mills's misrepresentation are probative of the Debtors' defense to her claim of fraudulent inducement, an essential element of which is justifiable reliance. (*See* Administrative Expense Objection at 41 ¶ 127.) Ms. Mills expects this Court to simply conclude that she justifiably relied on the various statements she claims were made to her, but at the same time she seeks to prohibit the Court from considering the fact that she intentionally fabricated the financial information provided in her Loan Applications and thus could not possibly have justifiably relied on any subsequent statement that was based on such false information.

---

[6] Because the evidence of Ms. Mills's dishonesty is in issue, it is also, by definition, relevant. Pursuant to Federal Rule of Evidence 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." As a result, "all" evidence that is relevant (and not otherwise inadmissible by virtue of another statute or rule) is admissible. F.R.E. 402. Indeed, "the definition of 'relevance' under the Federal Rules of Evidence is famously broad . . . and, commensurate with that breadth, the tools of discovery for uncovering relevant evidence cut a wide swath." *CP Kelco United States, Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178 (D. Del. 2003).

20.     The Debtors have also asserted the equitable defense of unclean hands, which puts Ms. Mills's dishonesty directly in issue. As discussed in the Administrative Expense Objection, "in applying the [unclean hands] doctrine, what is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts." (Administrative Expense Objection at 51 ¶ 148 (quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985).) Here, the very evidence that Ms. Mills seeks to exclude is central to the Debtors' defense of unclean hands since her hands have been "dirtied" by obtaining the Mills Loans from her own fraudulent conduct.

### C.   THE COURT SHOULD DRAW AN ADVERSE INFERENCE FROM MS. MILLS'S FAILURE TO PRODUCE THE FINANCIAL DOCUMENTS

21.     Given Ms. Mills's refusal to produce the Financial Documents or otherwise cooperate in their production, the Court should grant additional relief. Federal Rule of Civil Procedure 37 states that where a party fails to provide discovery, the Court, unless the failure is substantially justified or harmless, may enter an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." FED. R. CIV. P. 37(b)(2)(A)(i) (incorporated by virtue of FED. R. CIV. P. 37(c)(1)(C).)

22.     As demonstrated above, Ms. Mills has willfully ignored her obligations under the discovery rules, and has refused to comply with the Debtors' repeated requests for the production of the Financial Documents, all without reasonable justification and directly to the Debtors' detriment. Accordingly, the Court should draw an adverse inference that Ms. Mills willfully and materially overstated her gross income on the Loan Applications (the "Additional Relief").

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion and award the Debtors the Additional Relief.

Dated: Wilmington, Delaware
November 19, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Sharon M. Zieg*
_____
Sean M. Beach (No. 4070)
Sharon M. Zieg (No. 4196)
Erin D. Edwards (No. 4392)
Margaret Whiteman Greecher (No. 4652)
Morgan L. Seward (No. 5388)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*