IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,                  :
                                                                 :    Jointly Administered
         Debtors.                                                :
---------------------------------------------------------------- x    Docket Ref. Nos. 8812 & 8847


**DEBORAH MILLS' REPLY BRIEF IN SUPPORT OF HER
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE
FORECLOSURE OF HER PROPERTY WAS DEFECTIVE**


Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Attorneys for Deborah Mills*

# **TABLE OF CONTENTS**

**Page**

I. DEBTORS' INCORRECTLY BELIEVE THAT "SUCCESSORS," "TRANSFEREES" AND "ASSIGNS" INCLUDE PAST ENTITIES..................................................................................1

II. DEBTORS' ASSERTION THAT MILLS' IS COLLATERALLY ATTACKING THE CENTRAL DISTRICT OF CALIFORNIA'S ORDER IS UNTRUE. .........................................................2

III. THE "TENDER RULE" DOES NOT APPLY .......................................................3

IV. THE CHAIN OF TITLE FOR THE DEED OF TRUST AND BALLOON NOTE FOR THE 980 LOAN WAS HIDDEN BY DEBTORS UNTIL DISCOVERY IN THIS CASE ...............................................3

V. CONCLUSION.................................................................................5

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Small v. Mortgage Elec. Registrations Sys., Inc.*, No. 2:09-cv-0458,
    2010 U.S. Dist. LEXIS 97135 (E.D. Cal. Sept. 16, 2010) ...................................... 3

*Williams v. Countrywide Home Loans*, 1999 U.S. Dist. LEXIS 14550
    (N.D. Cal. Sept. 15, 1999 ............................................................................................. 3

**Other Authorities**

BLACK'S LAW DICTIONARY (6th ed. 1990) ........................................................................... 1

**I.   DEBTORS' INCORRECTLY BELIEVE THAT "SUCCESSORS," "TRANSFEREES" AND "ASSIGNS" INCLUDE PAST ENTITIES.**

Debtor's primary argument why Mills' Motion for Partial Summary Judgment should be denied is because the court's order granting relief from the automatic stay to AHM Acceptance states:

> As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
> a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
> b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
> c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

(D.I. 9413, Exh. 12.)  Debtors' believe that this language means that *past* transferees, e.g., *predecessors*,[1] are included in the order.  Debtors' argument lacks merit.

The terms "successors," "transferees," and "assigns" all relate to *future* parties, and Black's Law Dictionary defines each term as follows:

> **Successor.**  One that succeeds or follows; one who takes the place that another has left, and sustains the like part or character; one who takes the place of another by succession . . . .
>     Term with reference to corporations, generally means another corporation which, through amalgamation, consolidation, or other legal succession, becomes invested with rights and assumes burdens of first corporation.

BLACK'S LAW DICTIONARY 1431 (6th ed. 1990).

> **Transferee.**  He to whom a transfer is made.

*Id.* at 1497.

> **Assigns.**  Assignees; those to whom property is, will, or may be assigned.  Used *e.g.* in the phrase, in deeds "heirs, administrators, and assigns to denote the assignable nature of the interest or right created."  It generally comprehends all those who take either immediately or remotely from or under the assignor, whether by conveyance, devise, descent, or act of law.

*Id.* at 119.

---

[1]  Black's Law Dictionary defines "predecessor" as "[o]ne who goes or has gone before; the correlative of 'successor.'"  BLACK'S LAW DICTIONARY 1177 (6th ed. 1990).

1

American Home Mortgage Investment Trust 2005-SD1 ("AHMIT 2005-SD1") purchased the Balloon Note and Deed of Trust for the 980 loan from AHM Acceptance on December 28, 2005, extinguishing all of AHM Acceptance's rights in the Balloon Note and Deed of Trust as of that date, and AHMIT 2005-SD1 continued to own the Balloon Note and Deed of Trust at the time AHM Acceptance sought relief from the automatic stay. (D.I. 9413, Exh. 5 at 22:8-23:24, 24:18-23.) If AHMIT 2005-SD1 did not purchase the Balloon Note and Deed of Trust from AHM Acceptance until after the court's order granting AHM Acceptance relief from the automatic stay, then AHM 2005-SD1 would be a successor or transferee and covered by the order. However, this is not what happened and the court's order granting relief from the automatic stay did not apply to AHM 2005-SD1.

In addition, because AHMIT 2005-SD1 purchased the Balloon Note and Deed of Trust approximately six months *before* Mills filed for bankruptcy, the court's granting AHM Acceptance relief from the stay was a nullity because AHM Acceptance had no rights or colorable claim to the Balloon Note and Deed.

Thus, the AHMIT 2005-SD1 never obtained relief from the automatic stay and the foreclosure on Mills' home, on her home the property known as 1880 Burnt Rock Way, Templeton, CA 93465 (the "Property"), was an action taken in violation of the Mills' bankruptcy stay.

II.  **DEBTORS' ASSERTION THAT MILLS' IS COLLATERALLY ATTACKING THE CENTRAL DISTRICT OF CALIFORNIA'S ORDER IS UNTRUE.**

Mills has established that there is no genuine issue of material fact that Debtors' foreclosure on the Property was technically defective. But, Mills' has not asked for the Court to void the sale of her Property. Instead, she asks the Court to find that the Debtors

are liable for improperly foreclosing on her Property because the entity that performed the foreclosure had no right to do so pursuant to the Mills' bankruptcy automatic stay. Consequently, she is not collaterally attacking the order granting AHM Acceptance relief from the automatic stay in her bankruptcy case – she merely points out that the order did not authorize the foreclosing party to act when foreclosing on her home.

### III.    THE "TENDER RULE" DOES NOT APPLY

Debtors' argument regarding the "tender rule" is a red-herring regarding Mills' Motion for Summary Judgment.  The "tender rule" has no impact on whether Debtors' violated the automatic stay and improperly sold the Property.  Mills is not seeking to reverse the foreclosure sale, and California's "tender rule" is applied to prevent "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property."  *Small v. Mortgage Elec. Registrations Sys., Inc.*, No. 2:09-cv-0458, 2010 U.S. Dist. LEXIS 97135 at *37  (E.D. Cal. Sept. 16, 2010) (quoting *Williams v. Countrywide Home Loans*, 1999 U.S. Dist. LEXIS 14550 (N.D. Cal. Sept. 15, 1999).

Because Debtors' foreclosure violated the Mills' bankruptcy stay, Debtors are liable to Mills in conversion because of their subsequent re-sale of the Property.  Mills' conversion claim is in no way impacted by the perfect tender rule.

### IV.    THE CHAIN OF TITLE FOR THE DEED OF TRUST AND BALLOON NOTE FOR THE 980 LOAN WAS HIDDEN BY DEBTORS UNTIL DISCOVERY IN THIS CASE

For Debtors to argue that Mills should be precluded from establishing that Debtors committed fraud and improperly foreclosed on her home is disingenuous.  As the

Court found when denying Debtors' emergency motion *in limine* regarding Mills' fraud allegations, Debtors have been aware of Mills' fraud allegations.[2]

Mills did not know the chain of title regarding the Deed of Trust and Balloon Note for the 980 loan until discovery in this case. Discovery uncovered that Debtors registered loans with the Mortgage Electronic Registration System, Inc. ("MERS"). (Exh. 1 at 20:10-16.[3]) The purpose of the MERS system was to register who owned loans. (*Id.* at 20:17-19.) However, Debtors' corporate designee testified that he did not know if each transfer of the loan was registered with MERS and that "I don't have access to the MERS system." (*Id.* at 21:12-23:6.) Debtors know that Mills never had access to the MERS system, but expect her to know information that their own corporate designee did not know and have access to a system that their own corporate designee could not access.

Further, because the Mills 980 loan was recorded as being owned by MERS as a nominee, Mills had no way of knowing who actually owned the loan at the time of her bankruptcy. The entire purpose for creating MERS was to allow banks to transfer mortgage notes without disclosing such transfers, which permitted greater securitization of mortgage notes for profit. (*See* D.I. 9441 at Exh. 6.)

Accordingly, the Court should reject Debtors' argument that Mills' Motion for Partial Summary Judgment should be disregarded.

---

[2] In addition, Debtors allege that selling a property while in violation of an automatic stay in a bankruptcy proceeding does not violate California law. It would be surprising if selling a property without the right to do so does not violate California law.

[3] Unless otherwise indicated, exhibits cited in this brief are attached to the co-filed Declaration of Richard C. Weinblatt in Support of Deborah Mills' Motion for Partial Summary Judgment That the Foreclosure of Her Property Was Defective.

## V.     CONCLUSION

For the foregoing reasons, Mills' Motion for Partial Summary Judgment That the Foreclosure of Her Property Was Defective should be GRANTED.

        By: */s/ Richard C. Weinblatt*
        Stamatios Stamoulis #4606
           stamoulis@swdelaw.com
        Richard C. Weinblatt #5080
           weinblatt@swdelaw.com
        Two Fox Point Centre
        6 Denny Road, Suite 307
        Wilmington, DE 19809
        Telephone: (302) 999-1540

        *Attorneys for Deborah Mills*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2010, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel. In addition, the following counsel also were served by email:

> Mark S. Indelicato, Esq.
> HAHN & HESSEN LLP
> 488 Madison Avenue
> New York, NY 10022
>
> Sean Beach, Esq.
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Bldg.
> 1000 West Street, 17th Floor
> PO Box 391
> Wilmington, DE 19899-0391

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080