```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE

IN RE:                          )      Chapter 11
                                )
                                )
AMERICAN HOME MORTGAGE          )      Case No. 07-11047(CSS)
HOLDINGS, INC., a Delaware      )
Corporation, et al.,            )      Courtroom 6
                                )      824 Market Street
            Debtors.            )      Wilmington, Delaware
                                )
                                )      November 17, 2010
                                )      4:00 p.m.

                      TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:               Young, Conaway, Stargatt &
                          Taylor, LLP
                          BY:  SEAN M. BEACH, ESQ.
                          BY:  SHARON ZIEG, ESQ.
                          BY:  ERIN EDWARDS, ESQ.
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, DE  19801
                          (302) 571-6600

ECRO:                     LESLIE MURIN

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
1   APPEARANCES:
    (Continued)
2
    For the Official Committee      Hahn & Hessen, LLP
3   of Unsecured Creditors:         BY:  EDWARD SCHNITZER, ESQ.
                                    488 Madison Avenue
4                                   New York, NY  10022
                                    (212) 478-7200
5
                                    Blank Rome LLP
6                                   BY:  TORI GUILFOYLE, ESQ.
                                    1201 Market Street
7                                   Suite 800
                                    Wilmington, DE 19801
8                                   (302) 425-6400

9   For Bank of America:            Potter Anderson & Corroon LLP
                                    BY:  R. STEPHEN MCNEILL, ESQ.
10                                  1313 North Market Street
                                    P.O. Box 951
11                                  Wilmington, DE 19899-0951
                                    (302) 984-6000
12
    For Trade Show Fabricators:     Morris James, LLP
13                                  BY:  EDWARD MONZO, ESQ.
                                    500 Delaware Avenue
14                                  Suite 1500
                                    Wilmington, DE  19801
15                                  (302) 888-6800

16                                  Law Offices of Steven Legum
                                    BY: STEVEN LEGUM, ESQ.
17                                  170 Old Country Road
                                    Mineola, NY  11501
18                                  (516) 873-9300

19  For Deborah Mills:              Stamoulis & Weinblatt
                                    BY:  RICHARD WEINBLATT, ESQ.
20                                  BY:  STAMATIO STAMOULIS, ESQ.
                                    Two Fox Point Centre
21                                  6 Denny Road, Suite 307
                                    Wilmington, DE  19809
22                                  (302) 999-1540

23

24

25
```

1

2          THE CLERK:  All rise.

3          THE COURT:  Please be seated.  Good morning or

4  good afternoon.

5          MR. BEACH:  Good afternoon, Your Honor.  May it

6  please the Court, Sean Beach on behalf of the debtors.

7          Your Honor, just briefly before we get into the

8  agenda, I wanted to give Your Honor an update.  And I'm sure

9  you're not going to believe me until we actually file the

10  notice, but we do have -- we have been successful in

11  reducing claims in the case and we do have the funds to go

12  effective and intend to go effective on November 30.

13          THE COURT:  Excellent, well congratulations.

14          MR. BEACH:  Thanks.  Your Honor, the agenda has a

15  number of items on it.  The first item, I believe that is --

16  that hasn't already been entered by Your Honor or adjourned

17  or otherwise resolved is Item No. 29.  It's a motion of

18  Mooring Tax Asset Group, LLC for an order granting relief

19  from the automatic stay.

20          THE COURT:  Yes.

21          MR. BEACH:  Your Honor, the debtors filed a brief

22  response.  We believe that the stay relief is already

23  covered in one or two orders from Your Honor granting

24  general stay relief to such claimants.  Moreover, the

25  debtors don't even believe that we own the asset anymore.

1  So while we don't necessarily object to the stay relief, we

2  don't think it's necessary.  And if it is going to entered,

3  we just ask that there be a reservations of rights for the

4  debtors in the order.  I'm not sure if counsel is here today

5  with respect to that motion.

6            THE COURT:  Is there anyone here on behalf of Tax

7  Asset Group, LLC?

8                   (No audible response heard.)

9            THE COURT:  Well, did you discuss your position

10 with them ahead of time?

11           MR. BEACH:  We did, Your Honor.  We discussed it.

12 We didn't get a response.  We filed a general reservation of

13 rights.  We tried to reach out to them again.  They said

14 they were working on it.  We never got a response before the

15 hearing.

16           THE COURT:  Mr. Waxman?  All right, well --

17           MR. BEACH:  I did speak with Mr. Waxman a week or

18 so ago and he gave us a couple day extension.  I believe he

19 was waiting for an answer from his co-counsel.  I know he

20 was reaching out to his co-counsel.  So I just don't -- we

21 can adjourn it to the next hearing if Your Honor would

22 prefer --

23           THE COURT:  No.  You're being nice.  I mean, I'm

24 ready to deny it for failure to prosecute it, frankly.

25           MR. BEACH:  That works for me, too, Your Honor.

1          THE COURT:  All right.  The motion is denied.

2                    (Laughter)

3          THE COURT:  The motion is denied.  Please submit

4    an order.  You don't file a motion and then not come to

5    Court.

6          MR. BEACH:  We'll submit an order, Your Honor.

7          THE COURT:  Okay.

8          MR. BEACH:  I'll reach out to counsel as well.

9          Your Honor, Item No. 30 on the agenda is the

10   Official Committee of Unsecured Creditors' motion versus

11   Trade Show Fabrications in one of the adversaries.  And I'll

12   cede the podium to Mr. Schnitzer with respect to that --

13         THE COURT:  All right.

14         MR. BEACH:  -- item.

15         MR. SCHNITZER:  Good afternoon, Your Honor.

16   Edward Schnitzer from Hahn & Hessen on behalf of the

17   Official Committee of Unsecured Creditors.

18         Your Honor, the motion that's before you is a

19   motion for sanctions to the three discovery violations by

20   Trade Show.  The first is the failure to appear at a

21   properly noticed and served deposition.  The second is the

22   failure to bring the appropriate witness to the second

23   properly noticed and served deposition.  And the third is

24   their failure to remit facts which they have no legitimate

25   grounds to dispute.

1          Your Honor, the overwhelming theme in this matter

2    is Trade Show has not taken this matter seriously and

3    they've simply engaged in gamesmanship throughout the

4    process.  They did that at mediation.  They've done that

5    with the depositions and they've done that with discovery.

6    We've tried to work to resolve this matter, that didn't

7    work.  We've been going through discovery and what we've

8    been met with is simply either a failure to show, failure to

9    produce witness, or failure to admit that which needs to be

10   admitted, and that's what brought us here before you, Your

11   Honor.

12          With respect to the first deposition, the notice

13   was valid.  It's valid for a couple reasons.  One, it's not

14   -- a notice of deposition is not a document being filed --

15   that needs to be filed by a Delaware counsel.  So their

16   whole claim that it was improper because I signed it is

17   simply incorrect.

18          Secondly, I was pro hac admitted, Your Honor,

19   back at the confirmation hearing which was in February of

20   2009.  I was pro hac admitted then.

21          Second or third, their time to object was prior

22   to that deposition, not afterwards, Your Honor.  They knew

23   about the notice.  The notice was served.  It was served on

24   them by mail.  It was e-filed.  And it was actually emailed

25   to them again a few weeks later as a reminder in a source of

1  hey, this deposition is on for this day.

2         At no point prior to the deposition did I receive

3  a call, a letter, an email, a telegram, anything saying that

4  day is no good for us, we can't appear, are you serious,

5  nothing.  What happened is we took the deposition.  It was

6  relatively short as you can imagine.  I gave them

7  approximately a half an hour to show up and made a record

8  saying they weren't there.  I didn't hear from them.  About

9  a half an hour later, oh, by the way, we're not coming to

10 the deposition.  We didn't think you were serious.

11        Your Honor, I told them they were responsible for

12 the cost.  I told them I was willing to reschedule it, but

13 they'd be responsible for the cost.  They said

14 unconditionally no.  It's one of the emails in the exhibit

15 to the motion, Your Honor.  They said -- it says as a

16 result, Trade Show likely is unwilling to reimburse the

17 expenses alleged to have been incurred.  I re-asked again

18 for the cost, they said no.  Only recently about last week

19 did they offer kind of that they would pay $907, but only if

20 I would withdraw the motion in whole.  I said no.  I said

21 $907 would probably resolve this aspect of it, but I was not

22 dropping the motion as a whole.

23        Your Honor, that's -- and one last point for the

24 first deposition.  One of their other reasons they say is

25 they thought mediation was pending.  Again, it's not correct

1  factually.  Mediation was not pending.  The mediator may

2  have been asking them for documents, but the mediation

3  between us and them was not pending.  And second of all,

4  it's of no movement.  I filed the notice.  I sent the

5  notice.  Delaware counsel filed it.  It was proper.  It was

6  on.  There was no adjournment and no adjournment was asked

7  for.  Whether they were engaging in conversations with their

8  Mr. Felger, the mediator, does not stop the deposition from

9  occurring.

10            Your Honor, the second issue is the second

11  deposition.  We scheduled this with reserving the rights for

12  the cost of the first.  It was a date that they agreed to,

13  negotiated, schedule it.  I specifically sent them a copy of

14  the notice of deposition.  I specifically even in the email

15  that I sent to them, I said specifically, I particularly

16  draw your attention -- and Your Honor, just so you know

17  where I'm referring, I'm referring to Exhibit K of the

18  motion and this is my email dated September 16 at 9:52 p.m.

19  I specifically state, I particularly draw your attention to

20  Categories 14 and 15 as I believe those were the individuals

21  identified in TSF's initial disclosures.  What Categories 14

22  and 15 are is the particular named people that I wanted to

23  depose.

24            And I'll backup for a second, just so Your Honor

25  knows, my point was in their initial disclosures, they

1  identified two people; Ronald -- I'm not sure, Sweesa [ph]

2  and Hillary Lanser [ph].  It was those two people I wanted

3  to depose.  I specifically noted that in the notice of

4  deposition and in my email to him.  And I specifically said,

5  you must appear at September 28 at 10:00 a.m. at Hahn &

6  Hessen with the necessary witnesses.  Again, that email was

7  dated the 16th.  The second deposition took place on the

8  28th.  Between the 16th and 28th, I received no

9  communication from them with respect to Ms. Lanser.  No

10  call, no email, no anything saying we're not bringing her,

11  you need to subpoena her, nothing.

12           I point out, Your Honor, that actually in their

13  initial disclosures, they specifically state Trade Show does

14  not consent to or authorize any communication by plaintiff

15  with its employees.  So, Your Honor knows, Ms. Lanser is an

16  employee of Trade Show.  Based upon the notice of deposition

17  I filed and the communication between the parties, I had

18  every reason to believe Ms. Lanser would, in fact, appear.

19  As I pointed out in the motion, she did not, they said no,

20  they weren't bringing her and we can't make them, we'd have

21  to subpoena her.

22           Your Honor, similar to the first deposition, the

23  notice was valid, it's properly signed, properly served.

24  Their time to object was before not afterwards.  This is a

25  witness who they identified.  She's their own employee.  For

1  that reason, Your Honor, I think sanctions are appropriate

2  for the second deposition for the failure to bring Ms.

3  Lanser.

4       The last issue, Your Honor is the admissions.

5  What the admissions center around are some basic admissions

6  that nearly every preference defendant admits, mostly

7  because they're true.  The fact that you're a creditor and

8  the fact that there was antecedent debt.  They denied them

9  originally.  We sent them as is appropriate a discovery

10 letter explaining what our issue was with these and why we

11 thought they should change their answer.  They did not

12 respond at all.  Not even a response, not even a no.  There

13 was no response other than when I had communications with

14 Delaware counsel, he acknowledged that they received a

15 letter.  We received no response.

16       We then went ahead and took the deposition of the

17 president of the company.  In which as shown in the

18 deposition transcript that I included, he admitted to those

19 very facts.  He admitted that they are a creditor.  He

20 admitted that they're antecedent debt.  I had to spend a

21 considerable portion of time going through invoice by

22 invoice establishing that fact, but I had no choice, Your

23 Honor, because they refused to admit that which was obvious

24 and undeniable, but nonetheless, I had no choice, even

25 though I brought it to their attention.

1          Your Honor, for the first time, the response to

2 this which was in their papers in response to the motion for

3 sanctions is they claim the admissions were poorly drafted

4 because they asked them to admit that they were a creditor

5 of the debtors.  Your Honor, that answer is not a legitimate

6 objection.  It's not a legitimate objection for many

7 reasons.  First and foremost, Rule 36 specifically requires

8 under (a)(4) that if -- you're supposed to apply good faith.

9 Specifically, the rule, Your Honor, says a denial must

10 fairly respond to the substance of the matter and when good

11 faith requires that a party qualify an answer or denial made

12 part of the matter, the answer must specify the part

13 admitted and qualify or deny the rest.

14          If their point was, Your Honor, we're just a

15 creditor of this debtor, but not the rest, they clearly

16 could have done so.  That was not the basis for not

17 responding.  And to illustrate that fact, Your Honor, I draw

18 your attention to two documents and I can give you a copy of

19 them as well, Your Honor.  May I approach, Your Honor?

20          THE COURT:  Yes.  Thank you.

21          MR. SCHNITZER:  Your Honor, the two documents I

22 handed you was Trade Show Fabrication's answer and one of

23 their amended response to interrogatories.

24          Take your attention first to the answer and I

25 direct your attention to Page 5 and 6 of the answer.  Page 5

1   and 6 contains their additional defenses.  And as you can

2   see, for instance in Paragraph 5 of their additional

3   defenses where they allege ordinary course, they say the

4   alleged transfers cannot be avoided because the alleged

5   transfers were in payment of a debt incurred by the debtors

6   in the ordinary course of business or financial affairs of

7   the debtors and the defendant.

8           In Paragraph 6 on Page 6, they say in the new

9   value, contemporaneous to change defense they say the

10  transfers were intended by the debtors and defendant to be

11  contemporaneous exchange for new value.

12          Paragraph 7 in the subsequent new value defense,

13  they say the defendant gave new value to or for the vendor

14  for the debtors.

15          If it wasn't obvious, Your Honor, my point is

16  that they have no qualms about using the term debtors in

17  their pleadings, yet for somehow in the pleading, not even a

18  pleading, in a discovery request, somehow the term debtors

19  they found confusing.

20          Your Honor, the next document which is the

21  amended objections in responses to plaintiffs' first set of

22  interrogatories, I direct attention to Page 3.  There you

23  can see their amended response to Interrogatory No. 5 which

24  was asking them state the facts basically on your new value

25  defense.  There they say pursuant to the contract between

1 Trade Show and the debtors, again plural.  Point in fact,

2 it's actually not between Trade Show and the debtors, it's

3 between Trade Show and a debtor, but for the same reason I

4 don't -- again, I'm at a loss why they have no problem using

5 the term debtors when it suits them and as they do in

6 amended Interrogatory 6, but yet that was the reason or at

7 least the best reason they could think of to not respond

8 appropriately to the admissions request.

9        Your Honor, as I said at the beginning, what

10 they're saying here is that Trade Show was not abiding by

11 its discovery obligations.  It skipped the deposition to the

12 committees' detriment and cost.  It failed to produce a

13 witness at the second deposition again to the committees'

14 detriment.  And third, it refused to answer truthfully

15 certain omissions which then the committee was forced to

16 prove via a deposition for no legitimate reason on -- in the

17 -- no legitimate reason for failing to admit those.

18        For that reason, Your Honor, I do think sanctions

19 are appropriate.  I would note that they make one point.

20 They say that this is premature because there's no --

21 because I haven't made a motion to compel.  Your Honor,

22 that's not correct.  That case and that log refers to Rule

23 37(a)(4).  This motion is not under 37(a)(4), so therefore,

24 that obligation does not apply here.  This motion is under

25 37(c) and (d) and the 37(a)(4) does not apply to 37(c) or

1   (d) if that makes sense.

2           THE COURT:  Okay.

3           MR. SCHNITZER:  Thank you, Your Honor.

4           THE COURT:  You're welcome.  Response?

5           MR. LEGUM:  Your Honor, Steve Legum representing

6   the defendant.

7           First, I've got to make something clear here.

8   The defendant's not playing a game.  The defendant didn't

9   take this thing cavalierly.  We made all of our voluntary

10  disclosures.  We did appear.  We have our technical

11  objections.  We believe the notice was improper.  That's

12  been fully submitted to the Court.

13          Assuming that the notice was proper, as I

14  indicated to the Court, it was at best and worst my error

15  which I concede.  It's the practice in New York that you

16  call the day or two before to confirm a deposition if you

17  intend to go forward.  If that's not the practice in this

18  district, I apologize in the papers to the Court and to

19  counsel.  I apologize again.  And if that's the case, as we

20  offered, we will pay the cost of the Court Reporter, if

21  that's our error.

22          Mediation, we believed was going forward. And the

23  reason we believe it is because the mediator was asking us

24  for documents and we were given documents.  So I assumed the

25  mediation process was continuing and not having received a

1  call, I also assumed that the deposition would not go

2  forward.  If I was wrong, then I was wrong.  It's not

3  willful and I'll pay the cost of the Court Reporter.

4  Nobody's looking to play a game here.

5         We did immediately agree on a date.  We produced

6  the president of the company.  The president of the company

7  testified fully to every single fact.  I didn't produce the

8  janitor who didn't know anything.  I produced the party with

9  knowledge and knew everything.  Contrary to counsel's

10  allegation, under Rule 30, we as a corporate defendant, can

11  designate the party that we want to produce.  And I produced

12  the party that had all of the knowledge.  I don't have to

13  produce anybody else.  Everybody else is a non-party.

14  Ronald Sweesa in his individual capacity is a non-party.

15  Hillary Lanser in her individual capacity is a non-party.

16  There is a mechanism under Rule 30 to depose non-parties,

17  you serve a subpoena.  If you do, that party will be

18  deposed.  I fulfilled my obligation.

19         And the interesting thing here is at no point in

20  what I think is a game, the sanctions motion has the

21  plaintiff set forth what information they really need from

22  Ms. Lanser.  They got ever single they wanted from Mr.

23  Sweesa.  As a matter of fact, at the start of the deposition

24  when Mr. Schnitzer inquired of me as to whether we'd be

25  producing Ms. Lanser, I said not at this time.  He said,

1  well what do you mean by that?  I said, well I don't believe

2  I have an obligation under Rule 30.  Show me that I do.

3  Show me that I'm in error and I'll produce her for you if I

4  have that obligation.  That's never been forthcoming.

5           So what we have here at most is my mistake as far

6  as that one day and we will pay the cost of the Court

7  Reporter.

8           I think going on though to the request for

9  admissions, first counsel is wrong.  They're not discovery

10  responses.  That's not what requests for admissions are.

11  They're formal judicial admissions.  And I don't have to

12  parse through them.  Maybe we shouldn't have answered

13  debtors in some of the other documents, but had we done what

14  counsel asked for was admit to them, we would be admitting

15  to something that's false.

16           I went to an old logic book, Introduction to

17  Logic.  And I have here truth tables.  And the truth tables

18  show that when you use the conjunctive and they define

19  debtors, it wasn't a loose term, they gave a definition and

20  they listed every single party with a conjunctive the word

21  and.  On conjunction, if you have P and Q, in order for the

22  conjunctive P and Q to be true, both P and Q have to be

23  true.  If either one is false, the conjunction P and Q is

24  false.  That's the rules of logic.

25           We gave a proper answer.  And again, this is what

1    you do about nothing.  There was no need for this.  They

2    conducted the deposition.  They got their answers.  They

3    know who we dealt with.  Not one of the -- not the debtors

4    here.  We dealt with a party, another party.  They got their

5    answers.  Is counsel suggesting that the expense is because

6    they had to conduct a deposition because had we admitted

7    this, they would not have had to depose?  They were

8    conducting a deposition anyway.

9              We've fully cooperated.  We continue to fully

10   cooperate.  Nobody's playing a game here.  This is a

11   needless motion.  They got their deposition, serve a proper

12   request for admission, you'll get an answer.  Had I answered

13   this to admitted, it would have been false.  P and Q were

14   not both true.  The conjunctive is false.  I gave a proper

15   answer to this.  Nobody's playing a game.  We submitted

16   fully to discovery.  This is a motion that shouldn't have

17   had to have been made.

18             I offered before and I still offer to pay the

19   cost of the Court Reporter.  I'm sorry for the confusion.  I

20   accept responsibility for that and I apologize to counsel

21   and the Court, but there's no willfulness here.  And we also

22   submit that there are technical defects as has been set

23   forth in our papers.  Thank you, Your Honor.

24             MR. SCHNITZER:  Your Honor, I'll be brief to make

25   just three quick points.

1        First, with respect to the first deposition.

2    It's not just the Court Reporter fee, it's our time at

3    sitting at a deposition waiting for them to appear so it's

4    not as simple as the $150 the Court Reporter charged us.  It

5    would also be the cost of making this motion which was

6    necessary because I asked him on no less than five occasions

7    to pay the fee for that first deposition, they refused.  So

8    I had no choice.

9        Second, Your Honor, with respect to the

10   deposition with respect to Ms. Lanser, their initial

11   disclosure specifically said she has knowledge.  If, in

12   fact, she doesn't have knowledge and they're willing to

13   either agree or the Court's willing to order that they may

14   not produce her at trial, that would suffice for me.  I'm

15   not sure that they're willing to agree.  I would hope that,

16   Your Honor, is willing to order such.

17       Three, with respect to admissions, Your Honor,

18   while I have no doubt that Mr. Legum's book on logic is

19   correct, I believe requests for admissions are a little bit

20   different because of what I cited the Rule on 36(a) for.

21   That is where parties are supposed to not just simply deny

22   as a whole when part, in fact, of the admission could be

23   admitted and in good faith should be admitted.

24       And, Your Honor, just to point out a little

25   technical thing.  I think he's trying to say the dealings

1   weren't with the debtor.  There's a little confusion and

2   this has happened in other matters.  They were dealing with

3   American's broker's conduit.  It is a debtor.  It's just a

4   DBA of a debtor so it's not that it's a non-debtor, it's

5   just simply a name that one of the debtors went by, Your

6   Honor.  Thank you, Your Honor.

7            THE COURT:  So what's the admissions rule again?

8            MR. SCHNITZER:  36(a)(4).

9            THE COURT:  Okay.  And what were the -- what was

10  the specific harm that resulted from the failure to admit

11  the --

12           MR. SCHNITZER:  The specific harm, Your Honor, is

13  yes, he's correct, we still would have deposed the

14  witnesses, but it's about how long a deposition takes.

15  There can be a short deposition.  There can be a longer

16  deposition.  This was we'll say it was in the middle.  It

17  would have been a lot shorter if I did not have to go

18  through this invoice.  Were you a creditor at the time of

19  this invoice?  Yes.  Were you at a time at the -- at the

20  time this invoice was issued?  Yes.  Were you a debt at the

21  time you received the transfer that paid on this invoice?

22  Yes.  And I did that for an invoice, a second invoice, a

23  third.  Sitting here today, I can't tell you exactly how

24  many.  I believe there were ten or twelve.  Going through

25  those, it was not a short process because I didn't get short

1 answers from the witness.

2          So I'm not suggesting that we should be -- that a

3 sanction should be the monetary fees for the entire

4 deposition.  I'm saying that their failure to do that in the

5 first place did make the deposition, at least part of it

6 unnecessary.  If they had admitted those facts, for

7 instance, in other preference cases where defendants

8 admitted those facts, I don't ask the defendant's

9 representative are you a creditor because it's already been

10 admitted.  I don't ask them if the transfers were made on

11 account of antecedent debt because it's already been

12 admitted and I'm not trying to waste somebody's time in a

13 deposition or my own.

14          THE COURT:  All right, thank you.

15          MR. SCHNITZER:  Thank you, Your Honor.

16          MR. LEGUM:  Your Honor, may I just address

17 something that's been raised not the first time.

18          This issues of this DVA.  This is the first time

19 this has come up.  He gave us definitions of debtors

20 specific.  It's defined in the request for admission,

21 debtors.  This DVA with whom we did business was not listed

22 within that definition.  Now he's representing that this is

23 a DVA of one of the debtors.  I'm not a mind reader.  I only

24 took the documents as I saw them.  And based upon that, we

25 gave proper responses.  Thank you, Your Honor.

1          THE COURT:  You're welcome.  Well, I have to say
2    I find this dispute to be underwhelming.  The -- certainly
3    counsel for Trade Show should have been at the deposition.
4    The witness should have been at the deposition.  And he's --
5    counsel's admitted that and apologized and I understand the
6    basis of the confusion.
7          The issue with the 30(b)(6) witness, you don't
8    get to name your own 30(b)(6).  You don't get a say you'll
9    bring X, Y, or Z.  You define who you're supposed to bring
10   and they bring parties that are knowledgeable.  And if they
11   do, that's fine.  If they don't, maybe there's some relief.
12   But you certainly could have subpoenaed this person.  So I
13   am -- I don't see any basis for a complaint there, frankly.
14         And with connection with the answers, perhaps a
15   more specific answer would have been more appropriate in
16   response to the request for admission.  However, I think the
17   burden is on the party requesting admissions, especially
18   judicial admissions to be very careful as to exactly what
19   they ask and how they ask it.
20         So I think you could say there is some harm on
21   both sides or some foul on both sides, but I think the
22   reality is that the result was de minimis.  I mean, even if
23   you had to take an extra half hour or 45 minutes or an hour
24   at the deposition, you were there, you asked the questions,
25   you got your answers.  I really don't see the harm.

1          So I, you know, frankly, -- look, frankly, we've

2     already spent all the money that I would award.  And I'm not

3     inclined to spend anymore because I don't think we should be

4     here today, so I'm going to deny the motion.

5               MR. LEGUM:  Thank you, Your Honor.

6               THE COURT:  You're welcome.  Submit an order,

7     please.

8               MR. MONZO:  Okay, thank you, Your Honor.  If I

9     may, Your Honor, with regard to --

10               THE COURT:  Submit an order under certification,

11     please.

12               MR. MONZO:  We'll do that, Your Honor, thank you.

13               THE COURT:  Run it by the other side first.

14               MR. MONZO:  I will.  Eric Monzo for the record.

15               Your Honor, I did have a chance to speak to Mr.

16     Waxman and I want to come back to No. 29 regarding the

17     motion of Mooring Tax Asset Group.  And for the record, I

18     just wanted to note that Mr. Waxman's response was, in fact,

19     that he believed that this motion would be withdrawn.  So he

20     did not see the need for a hearing today.  So if there was

21     any issue from office regarding that issue --

22               THE COURT:  That's --

23               MR. MONZO:  Yeah.

24               THE COURT:  See, you should have been quiet

25     because you're getting yourself in more trouble.

1           MR. MONZO:  I --

2           THE COURT:  Saying that you presumed you were

3  going to withdraw the motion --

4           MR. MONZO:  Right.

5           THE COURT:  -- and you didn't think a hearing was

6  necessary is nice.  Anybody here hear that?  Anybody get a

7  call?

8                 (No audible response heard.)

9           THE COURT:  No.

10          MR. MONZO:  I certainly apologize.  It was the

11  first that I heard regarding this matter, but I certainly

12  wanted to hopefully clarify that on the record.  So I --

13          THE COURT:  All right.  Well a withdraw is not

14  necessary, it's denied.

15          MR. MONZO:  Thank you, Your Honor.

16          THE COURT:  You're welcome.

17          MR. BEACH:  Your Honor, for the record, Sean

18  Beach.  That brings us to Item No. 31 on the agenda.

19          Your Honor, first of all, thank you for hearing

20  this matter on an expedited basis.  We do believe that

21  having the matter heard will help direct preparation for the

22  trial that's set to begin on Monday, the 22nd.

23          Your Honor, the debtors filed their emergency

24  motion in limine to exclude undisclosed evidence regarding

25  Ms. Deborah Mills proof of administrative expense claims.

1  Ms. Mills filed claims in the amount of approximately $1.4

2  million against all eight of the debtors.  Counsel has

3  represented to us that four of those claims will be

4  withdrawn.  They have not yet been formally withdrawn.  We

5  do expect that that will happen.  The debtors --

6           THE COURT:  I'm sorry is there someone here on

7  behalf of Ms. Mills?

8           MR. STAMOULIS:  Yes, Your Honor, Stam Stamoulis.

9           THE COURT:  All right.  Go ahead.  I just want to

10 make sure.  I didn't see you signed in so.  All right, keep

11 going Mr. Beach.

12          MR. BEACH:  Your Honor, the relief sought in the

13 motion is to exclude certain evidence that Ms. Mills failed

14 to disclose and to preclude Ms. Mills from asserting those

15 claims in any additional pleadings or at the trial on the

16 matter.

17          Originally, and throughout the whole course of

18 these proceedings, even before Ms. Mills had counsel when

19 the debtors made a settlement offer to her, we were working

20 very hard to understand what the basis of her claims were

21 and that was difficult to do.  We were pleased when she did

22 retain counsel thinking that that would resolve the matter

23 and that we would get some transparency in the claims.

24 Unfortunately, that was not the case.

25          Her original claims once she did retain counsel,

1    there were two bases for her claims.  And those were that

2    her own broker told Ms. Mills that she could pull out her

3    words $50,000 in equity from the property before December of

4    2005.  She defaulted in October of 2005, even before that

5    came about.

6            Her second claim against the debtors was that

7    there were technical defects with the foreclosure under

8    California Law.  They originally attached a declaration in

9    connection or in support of those technical defects, but

10   never cited a specific technical defect.  Ultimately,

11   determined not to take that expert to the trial and withdrew

12   that expert's declaration.  We still haven't even heard any

13   technical defects under California Law.

14           Now at the eleventh hour on the eve of trial,

15   there are a number of other claims being sought against the

16   debtor.  First of all, there are certain new damages claims

17   and there are several new fraud theories that are being

18   proposed by Ms. Mills.

19           And, Your Honor, the debtors throughout this

20   process as I've indicated have tried to make it very clear

21   that we need to have cogent claims so that we can do our

22   discovery.  So that we understand what the case is that

23   we're defending against and preparing for.

24           And in that vein, Your Honor, in connection with

25   entering into a scheduling order, we had several

1  negotiations with counsel on that scheduling order.  And
2  ultimately, we agreed to a scheduling order.  And I'm going
3  to cite the -- or I'm going to quote from that provision
4  which bound Ms. Mills to file a full claim for any and all
5  claims that she has and it supersedes all of the other
6  previous claims that she filed.  And the only way that Ms.
7  Mills could file another claim is to seek leave of the Court
8  to file an additional claim.

9           So just bear with me, Your Honor.  The specific
10 provision in the scheduling order states that Ms. Mills
11 shall file proofs of claim setting forth any and all alleged
12 claims she is asserting against any of the debtors including
13 claims for administration priority no later than August 13,
14 2010.  The amended claim shall set forth any and all causes
15 of action to be asserted against the debtors which shall
16 supersede the theories of liability set forth in the motion
17 and the previously filed claims numbered 2473, 10764, 10765.
18 Ms. Mills shall commence any and all adversary proceedings
19 to prosecute any and all of her causes of action against any
20 of the debtors no later than August 13, 2010.
21 Notwithstanding the foregoing, nothing herein shall impact
22 or affect any rights Ms. Mills may have to apply for leave
23 of the Court upon a showing of good cause to add or amend
24 any claims against any of the debtors or any defenses that
25 the debtors may have.

1        And, Your Honor, this was a very important piece

2   of this litigation because Ms. Mills had various different

3   theories that she was asserting throughout the course of the

4   case.  Even prior to the case, she had requested numerous

5   delays which many of them were granted both in the

6   foreclosure process and with respect to reinstating or

7   reaffirming her debt.

8        So the debtors have spent an enormous amount of

9   money throughout this process.  We finally had counsel.  We

10  decided we were going to get a scheduling order that bound

11  her to come up with all of her claims.  We discussed with

12  counsel that we'd like to have a trial as quickly as

13  possible, but certainly understood that all parties had to

14  have time to do discovery.  And we agreed on the dates in

15  the scheduling order.  From the time that counsel was

16  appointed by Ms. Mills, there were over four months until

17  the trial and never once until now have we heard that Ms.

18  Mills' counsel all of a sudden didn't have enough time to

19  determine what their claims where.

20       In an effort to avoid the discovery disputes,

21  Your Honor, when we first got the claims filed by Ms. Mills

22  which we still didn't think set forth a cogent theory of

23  what their case was, but in order to avoid a discovery

24  dispute, we contacted counsel and received a call back

25  saying in summary that these are simple claims.  It's a

1  simple fraud claim as I said, that she could take equity out

2  by December 2005.  And that it's a simple claim of

3  foreclosure defects under California Law.  So we prepared

4  our case based on the proof of claims, based on that

5  representation.  And at the end of that voicemail which is

6  transcribed and attached to the pleading that the debtors

7  filed, counsel said and anything else you need we're going

8  to cooperate in discovery and you'll get that in discovery.

9         So we served interrogatories based on those

10  representations.  And, Your Honor, the interrogatories were

11  contention -- or many of them were contention

12  interrogatories and they were very specific.  And

13  specifically, the interrogatories requested among other

14  things, that Ms. Mills' contentions with respect to the

15  amended claims including bases for an itemization damages,

16  that's Interrogatory No. 16; that factual bases for fraud

17  contentions, Interrogatory No. 17; bases for administrative

18  expenses priority, Interrogatory No. 18; all statements and

19  bases surrounding the promise to refinance the Mills' loans,

20  Interrogatory No. 19; factual bases for any fraud or

21  wrongdoing committed against you or any conspiracies of same

22  Interrogatory No. 20; and factual bases for failure to

23  implement standard underwriting to the Mills' loans,

24  Interrogatory No. 21.

25         Your Honor, we received the first responses to

1    those interrogatories and they were insufficient.  We had

2    several calls with counsel for Ms. Mills.  They agreed they

3    were insufficient and supplemented those interrogatories.

4    After we got the supplemental interrogatories, we were still

5    concerned about the information that was contained in them

6    and we were told don't worry, you can get any other

7    information you need in the deposition.  So we held a very

8    lengthy deposition of Ms. Mills.  And in reliance on the

9    representations by counsel, even though we knew the

10   deposition would take longer because we'd have to go

11   specifically through the interrogatories and confirm all of

12   them, we moved forward on that basis.

13           And during the deposition itself, Your Honor, I

14   began to ask Ms. Mills questions.  One of the new damages

15   claims that she's asserting -- well one of the new claims

16   that she's asserting is emotional distress damages,

17   emotional consequential and punitive damages.  We saw that

18   for the first time in the response that Ms. Mills filed a

19   few days ago, well after the discovery process was

20   completed.

21           But during the deposition itself, Your Honor, I

22   asked Ms. Mills to tell me her understanding of her

23   emotional distress damages which was just going to be the

24   beginning of an exploration of what those emotional distress

25   damages were.  Counsel objected to that question on a

1  relevance grounds at the deposition which was obviously
2  peculiar to me.  And then followed up with the following
3  statement.  I'm going to object to relevance here because no
4  emotional damages, no punitive damages are being claimed.
5  The basis for our damages is as set forth in the Rob
6  response.  It's statutory and it's based on damages for
7  improper foreclosure.  He specifically said that his client
8  was not asserting emotional damages or punitive damages.  So
9  on that basis, assuming Ms. Mills agreed, that there was no
10 reason to explore emotional damages any further.

11          And so I followed up with a question for Ms.
12 Mills who said no, I'm not seeking emotional damages at this
13 juncture.  Later on in the deposition, I followed up a
14 little bit troubled by that representation not at this
15 juncture.  So in connection with talking to her about the
16 interrogatory responses, I again specifically or asked her,
17 your counsel indicated on the record earlier that you
18 weren't seeking any damages related to emotional distress.
19 Is that your understanding?  That is my understanding,
20 correct.  There was no qualification at that point.

21          So, Your Honor, based on those representations,
22 there was no need for us to do anymore discovery with
23 respect to emotional distress damages.  Now what Ms. Mills
24 is asserting is that she had a suicide attempt in I believe
25 it was December of 2005, December 28, 2005.  And she's

1  asserting that that was as a result of emotional damages

2  caused by the debtors.

3         Your Honor, obviously, we are extremely troubled

4  by that allegation.  We were -- we never heard about that

5  again until her response.  She filed that response and

6  hadn't amended the claim at all.  After we filed our motion

7  in limine, they amended their interrogatories by simply

8  referencing their response as the supplement to their

9  interrogatories which clearly isn't sufficient in terms of

10  the specificity required in interrogatories.  But, Your

11  Honor, that was this past Friday, I believe which is less

12  than a week and a half before trial.  They also gave us the

13  medical records, I believe it was that day or shortly

14  thereafter.  Not the full medical records, but some medical

15  records about the incident.  Those medical records

16  themselves for instance, indicate that Ms. Mills was on

17  Klonopin at the time which is an anti-psychotic drug and the

18  side effects of Klonopin, the primary side effects of

19  Klonopin are depression and suicidal tendencies.

20         So, Your Honor, with that fact alone, there's

21  obviously a lot of exploration that needs to be done by the

22  debtors, assuming emotional -- assuming these type of

23  damages can be asserted at this -- in this type of case in a

24  liquidating bankruptcy case which is another issue all

25  together.  But, Your Honor, clearly, we were not able to

1  either question Ms. Mills about that, any other witnesses,

2  get an expert, do discovery on all of her medical records,

3  see if she had counseling in connection with this, and find

4  out what are the other reasons that this might have been

5  caused.

6         In addition to that, Your Honor, with respect to

7  the additional fraud claims that again were asserted for the

8  first time in these recent pleadings that were filed, Ms.

9  Mills in the response to the debtors' claim objection for

10  the first time, asserts that Ms. Mills' broker, the same

11  broker that apparently made the other comments, told her

12  that the debtors also stated that because of her low credit

13  score, no other banks would fund a loan for her and that Ms.

14  Mills would likely lose her $60,000 partial down payment and

15  escrow funds if she walked away from the new loan terms

16  offered by the debtors.  A completely new allegation that

17  had never been addressed either in the deposition of Ms.

18  Liteau [ph] who's the broker of Ms. Mills or at any other

19  time in any other claims that were filed by Ms. Mills or

20  filed by her counsel on her behalf.

21         Next, Ms. Mills is also alleging fraudulent

22  statements were made as part of a scheme orchestrated by the

23  debtors to extract high down payments for the potential

24  mortgage customers in order to make the underlying mortgages

25  more attractive for securitizations.  Again, a completely

1  new allegation that we've never heard before.

2          And third, Your Honor, the debtor submitted

3  intentionally false documents to the Court in the Mills

4  bankruptcy to fraudulently conceal the true identity of the

5  loans and to fraudulently avoid disclosure of the Mills'

6  default on the Mills' loans to investors of the

7  securitization trust.  Again, Your Honor, completely new

8  allegation, one that we haven't had the ability to explore

9  through discovery.  And there's no way to rectify the

10  prejudice caused by or that would be caused by moving

11  forward with those new allegations at this point.

12          As a result of that, Your Honor, the debtors

13  believe based on the expressed terms of the scheduling

14  order, that this evidence should be precluded or excluded

15  and any claims with respect to that evidence be precluded

16  under Rule 37(b) and (c) of the Federal Rules of Civil

17  Procedure.

18          Your Honor, this was in -- specifically

19  negotiated in the scheduling order.  It was an order signed

20  by Your Honor where they agreed that they were going to

21  provide all of their claims and bases of their claims and

22  the proof of claims.  That obviously didn't happen.  We only

23  learned about that recently.  And we have gone through

24  significant effort and expense to defend in connection with

25  this claim based on the allegations, the very serious

1   allegations that were made.  And we are fully prepared to go

2   forward with the trial that we expected to go forward with

3   based on the claims and based on the representations that

4   have been made to us throughout the course of these cases.

5           In addition, Your Honor, Ms. Mills' failure to

6   disclose the evidence or the theories of liability in the

7   discovery process precludes her from relying on that

8   information pursuant to Rule 26(e)(1) which is applicable in

9   the bankruptcy rules through 7026.  And does also

10  incorporate 37(c)(1) as well.

11          THE COURT:  I'm sorry, can you say that again?

12  Back up about two sentences.

13          MR. BEACH:  Your Honor, federal -- pursuant to

14  Federal Rule of Civil Procedure 26(e)(1) applicable through

15  the Federal Rules --

16          THE COURT:  Right.

17          MR. BEACH:  -- of Bankruptcy Procedure 7026,

18  those rules provide in relevant part, that a party must

19  supplement or correct it's disclosure or response in a

20  timely manner, if the party learns that in some material

21  respect, the disclosure or response is incomplete or

22  incorrect.  When analyzing whether a party breached its duty

23  to amend under Rule 26, the Court's focus on whether the

24  party should have provided adequate notice of its legal

25  contentions and their corresponding evidentiary basis and

1  then breaches of those duties to supplement are assessed in

2  conjunction with Rule 37(c)(1).

3         Your Honor, in terms of the prejudice and

4  surprise as I have indicated earlier, there is no way to

5  rectify that prejudice at this point.  The debtors can't

6  prepare a case in two days to find an expert and do

7  discovery that would be required to defend against the now,

8  you know, very new and very serious allegations being made

9  by Ms. Mills.  And this was an issue that we've been dealing

10  with for five years is figuring out what her bases of her

11  claims are.  And going forward so everyone has an

12  opportunity to vet those issues and to the extent we can't

13  settle then bring them before the Court.

14         So, Your Honor, I would ask that not only the new

15  damages claims with respect to the emotional distress and

16  punitive damages be excluded and that she be precluded from

17  bringing those claims in the trial.  And I'd also ask that

18  the new fraud claims that I identified earlier be precluded

19  and that she be precluded from bringing those claims in the

20  trial as well.

21         THE COURT:  Okay.  Thank you.  Response?

22         MR. STAMOULIS:  Good afternoon, Your Honor.  Stam

23  Stamoulis, Stamoulis and Weinblatt on behalf of Ms. Mills.

24         And first off, Your Honor, I want to express my

25  gratitude for you pushing this hearing an hour later to

1  allow me to be here today.  Thank you very much.

2          THE COURT:  Not a problem.

3          MR. STAMOULIS:  The first point I'd like to take

4  a bit of umbrage with is this statement that discovery ended

5  weeks ago.  Apparently, that's a statement that only applies

6  to claimant as debtors continued to serve subpoenas in this

7  matter as evidenced by the letter that we submitted to the

8  Court today.

9          With regard to our evidence issues, there are two

10  that are before the Court today.  Both of which we believe

11  are not new and both of which we believe have been properly

12  presented an in accordance with the rules, especially given

13  the highly compressed time period which was at debtors'

14  choosing because they want to go final with their plan.

15  They want to get this claim resolved.

16          So we came before Your Honor, I think it was in

17  late July or early August to step into a claim that had been

18  pending for three or four years to try to get that resolved

19  as quickly as possible.  And we've worked very intensely

20  through discovery to outline the contours of Ms. Mills'

21  claims which have fundamentally not changed.

22          Ms. Mills has always alleged two claims.  One is

23  that her loan was originated fraudulently.  That the terms

24  and circumstances under which her loan was originated

25  included fraud committed by the debtors.  And that the

1   subsequent foreclosure of her home was caused by that fraud
2   and that the foreclosure was improper.  Now those two claims
3   were what -- are outlined in the administrative expenses
4   claims that we submitted incorporated by reference the prior
5   fact statements that Ms. Mills had made in her pro se
6   pleadings.

7          As discovery progressed, the contours of those
8   two claims were filled out.  And, Your Honor, we attempted
9   in our opposition to go through and point by point show the
10  Court with specific record cites as to exactly the nature of
11  the questions that were asked and the answers that were
12  given, many of which were in conjunction with please explain
13  your interrogatory responses.

14         So we believe that those would constitute a
15  supplement under the rules with regard to that interrogatory
16  response.  And I can go through them point by point if Your
17  Honor wishes or -- okay.  They're in the brief.  And so
18  believe that there really is no surprise.

19         Now there is one area where there was a change.
20  And that change occurred with regard to the emotional
21  distress damages.  Prior to learning of the incident
22  involving Ms. Mills, the decision had been made to not
23  pursue those damages because of the complexity of proving
24  emotional distress and what goes with that and the fact that
25  we were on a very compressed timeframe.  When that fact came

1  out in discovery and --

2          THE COURT:  What fact, the suicide?

3          MR. STAMOULIS:  The suicide attempt.  And it was

4  the subject of repeated follow up questioning by debtors.

5  We spoke to Ms. Mills and asked her if she was strong enough

6  to go forward on that claim to bring it to trial and to use

7  it as a basis of damage, knowing that she would be subjected

8  to questioning on it.  And we made the decision to

9  supplement and to add that claim.

10          Now in our brief, we have done an analysis of the

11  law that goes with that.  And that -- and I can go through

12  the details of the law with Your Honor, but it falls under

13  this category of garden variety emotional distress claim

14  which doesn't necessarily fit with the magnitude of what

15  happened to Ms. Mills, but it does fit with the temporal

16  nature of the injury which is it was a onetime event.  She

17  is not making a claim that she is suffering from continuing

18  emotional and psychological trauma that requires further

19  treatment.  And that's the kind of claim that gives rise to

20  the discovery that the debtors claim is absolutely necessary

21  in order to vet this claim.

22          The garden variety emotional distress damage

23  claim is something that is presented by a lay witness.  It

24  is put before the fact finder, Your Honor, for what it's

25  worth.  Your Honor weighs it for what it's worth without the

1  need of expert testimony.  And there isn't a claim for

2  continuing damages to assess how it's impacting her on a day

3  to day basis going forward in her life.  So the medical

4  examination, the IME, independent medical exam is not part

5  of that kind of claim.

6          So the discovery that would go with the kind of

7  claim that Ms. Mills has alleged has already been conducted.

8  And we're happy to limit ourselves to what's on the record

9  with regard to that claim.  And we think that's sufficient

10 and Your Honor can weigh it for what it's worth.

11         Wit regard to the contours of the fraud claim,

12 again, we lay out in our brief this issue with her credit

13 score is not new, Your Honor.  She must have talked about --

14 I included five or six segments in the brief but --

15         THE COURT:  Um-hum.

16         MR. STAMOULIS:  -- she must have talked about it

17 a dozen times about her credit score being off one point.

18 Her credit score being off one point and being told that she

19 couldn't get another loan.  It's all over the deposition

20 transcripts.  This is not a new fact for debtors and they

21 deposed her on it extensively.  And the documents that show

22 that it was debtors that caused her credit score to drop by

23 one point by doing multiple hard pulls, are their own

24 documents.  They've always been in possession of that fact

25 from the beginning of the case because they're the ones that

1  did it.  So there's no discovery that is needed on that

2  issue.

3  We went through with their corporate designee,

4  Mr. Martinez, all of the aspects of our alleged scheme

5  claims and their motivation, but really, that's not a claim.

6  It's this aspect of the scheme is the motivation.  It's the

7  explanation of the fact finder as to why debtors did what

8  they did.  Because debtors didn't view themselves as a

9  mortgage company, they viewed themselves as a securities

10  company.

11  And so, Your Honor, that's, you know, I think

12  that addresses the points that have been raised in the

13  motion.

14  THE COURT:  Okay, thank you.  Mr. Beach, reply?

15  MR. BEACH:  Your Honor, as counsel admits, the

16  emotional distress -- he still doesn't address his own

17  representations on the record which frankly is something I

18  don't quite understand.  But he admitted himself that

19  emotional distress is a very complex issue that he weighed

20  and decided that they weren't going to bring because of how

21  much it would take to prove that case.  And now he's

22  changing his stories midstream literally the next sentence

23  by suggesting that it's a garden variety emotional distress

24  claim.

25  Well, Your Honor, if for no -- there's a whole

1   host of reasons why we would absolutely have to do discovery

2   on this issue.  One I mentioned earlier in connection with

3   the drugs that she was on.  She was also on alcohol at the

4   time.  Mixing Klonopin with alcohol will exacerbate the

5   primary symptom or the primary side effect of that drug

6   which is depression and thoughts of suicide.  Obviously, if

7   that was the causation of her attempt, then we need to know

8   that.  And we can't do that within a couple days.  And it's

9   not fair at this point after all of the time and money and

10  expense we've gone through in connection with dealing with

11  these claims throughout the course of this case, it's not

12  fair to the other creditor in the case.

13          With respect to the credit score issue, the

14  documents that Mr. Stamoulis is referring to don't show

15  multiple pulls by the debtor of any credit scores.  The

16  credit score documents will get into evidence.  And to the

17  extent that they can support the claims already made by Mr.

18  Stamoulis, then that's fine.  But, Your Honor, there is

19  absolutely no reason at this point that he should be able to

20  supplement his claim by suggesting that based on some

21  answers to her interrogatories that we should have known

22  that that claim was supplemented and been able to prepare

23  our case on that.  If he really wanted to supplement that

24  claim, he could have supplemented his interrogatories before

25  last Friday, a week and a half before this trial.

1          THE COURT:  Okay.

2          MR. BEACH:  Thank you, Your Honor.

3          THE COURT:  You're welcome.  All right.  I am

4   going to grant the motion in limine in connection with the

5   emotional distress claims.  I believe that the record

6   clearly indicates that until very, very recently this was

7   not something that the debtor -- excuse me, that Ms. Mills

8   was going to pursue in connection with her claim.  And

9   regardless of whether it's a garden variety claim or not, it

10  is nonetheless basically being brought at the last minute to

11  the disadvantage of the debtor, an unfair disadvantage to

12  the debtor in violation of the scheduling order.  So I'm

13  going to grant the motion in limine in connection with that.

14          I am going to deny in connection with the fraud

15  issues.  However, I believe that that is different.  I think

16  they are, in fact, perhaps more fully disclosed now a week

17  and a half before trial, but nonetheless, the general

18  concept behind the fraud claims and the facts supporting

19  those claims has been in play for quite some time.  So I

20  will grant on the distress and deny on the fraud.  And I'd

21  ask you to submit an order.

22          MR. BEACH:  We'll do that, Your Honor.

23          THE COURT:  All right.  Now how many other -- we

24  have -- I received this, the correspondence today about the

25  subpoena and I think there were other motions in limine --

1          MR. BEACH:  There were other motions in limine --

2          THE COURT:  -- pending and I have a motion for

3    summary judgment.

4          MR. BEACH:  Right, Your Honor.

5          THE COURT:  And we have a trial -- what do we --

6    how are we going to do this?

7          MR. BEACH:  I don't believe counsel filed a

8    motion with -- a motion to shorten with respect to the other

9    motions in limine.  So we can be prepared to go forward with

10   those in the next couple days or --

11         THE COURT:  Well I haven't read them so.

12         MR. BEACH:  -- the day before trial.

13         THE COURT:  Do you have any other motions in

14   limine, Mr. Beach?

15         MR. BEACH:  We are going to file one more today.

16         THE COURT:  All right.

17         MR. BEACH:  At least one more, right.  I believe

18   one.

19         MS. ZIEG:  Your Honor, Sharon Zieg of Young,

20   Conaway, Stargatt & Taylor for the record on behalf of the

21   debtors.

22         We do have one other motion in limine that we

23   intend to file today, but we're not seeking to shorten

24   notice on it, except that we would like it heard at the

25   hearing on Monday.

1        MR. BEACH:  And, Your Honor, our response for --

2        MS. ZIEG:  But that's what a motion in limine is.

3        THE COURT:  Sit down.  All right.

4        MR. BEACH:  Your Honor, our response to the

5   summary judgment motion is due tomorrow.  We'll probably

6   file it today.  And we also have a reply to file in

7   connection with the objection.

8        THE COURT:  Okay.  So you're going to file a

9   motion in limine today and you have two pending, sir.  Is

10  that correct?

11       MR. STAMOULIS:  Yes, Your Honor.

12       THE COURT:  All right.  And so I'm going to plan

13  on dealing with those at the outset on Monday.  So that

14  we're in a position.  However, if it's getting filed at the

15  last minute, you know, a formal written response won't be

16  required to which they're going to file.  Although, you're

17  welcome to do that.  What time do we start on Monday, 9:30

18  or 10:00?  Okay.  Mr. Beach, can you get me a complete set

19  of materials delivered to my house by noon on Sunday?

20       MR. BEACH:  Sure.

21       THE COURT:  So that I have an opportunity to read

22  everything and know what's going on when we come in Monday.

23       MR. BEACH:  We'll do that.

24       THE COURT:  If you file it after that, I'm

25  probably not going to read it.  So we'll deal with the

1  motions in limine.  I don't know what I'm going to do with

2  the motion for summary judgment until I read it and the

3  responses.  And the reply is going to be in connection with

4  the pending objection.

5          MR. BEACH:  Right.

6          THE COURT:  Right.  All right.  How many

7  witnesses?

8          MR. BEACH:  Your Honor, while I'm thinking about

9  it, as I was standing here, I was just realizing that I need

10  one clarification on your prior ruling in connection with

11  the motion in limine.  Clearly, Your Honor, granted the

12  motion in limine with respect to the emotional distress.  I

13  assume that's with respect to the punitive and consequential

14  damages that they were asserting as well?

15          THE COURT:  Yes, yes.

16          MR. BEACH:  Okay.

17          MR. STAMOULIS:  Your Honor, I'm sorry, may I --

18  what -- the punitive is with regard to the -- everything

19  related to emotional distress if the statute provides for

20  punitive damages for wrongful foreclosure, I don't think

21  that's being contested.  So there's a distinction in the

22  kinds of punitive damages here.

23          MR. BEACH:  Your Honor, my understanding of Mr.

24  Stamoulis' representations at the deposition and, as well

25  as, his client's representations at the deposition is that

1  punitive damages were off the table.  And we didn't question

2  regarding punitive damages.

3            THE COURT:  Well I think he said that it's

4  statutory.  And if the statute provides for trouble damages

5  for wrongful disclosure or something like that, those claims

6  are preserved.

7            MR. BEACH:  Okay.

8            THE COURT:  But if we're talking about willful

9  misconduct or some common law right to -- or emotional

10  distress type right to punitive damages, those are off the

11  table.

12            MR. BEACH:  Understood.

13            THE COURT:  But if it's like a RICO claim, you

14  know, if there are travel damages, so be it.  The law is

15  what it is.

16            MR. BEACH:  Okay.

17            MS. ZIEG:  I understand, Your Honor.

18            MR. BEACH:  I'm sorry, Your Honor, I interrupted

19  you.

20            THE COURT:  That's okay.

21            MR. BEACH:  You were talking about --

22            THE COURT:  I was asking what it looked like we

23  have on witnesses and --

24            MR. BEACH:  Your Honor, we have, I believe four

25  live witnesses, right?

1          MS. ZIEG:  Right.

2          MR. BEACH:  There may be a few others in

3    connection with the new fraud claims that we need to call,

4    so four to six.

5          THE COURT:  Okay.  You're going to go first, I

6    take it?

7          MR. BEACH:  I'm sorry, Your Honor?

8          THE COURT:  You're going to go first or is Ms.

9    Mills going to go first?

10         MR. BEACH:  I was assuming Ms. Mills --

11         MS. ZIEG:  Ms. Mills, Your Honor.

12         MR. BEACH:  -- was going to put on her case in

13   chief first.

14         THE COURT:  All right.

15         MR. BEACH:  And --

16         MR. STAMOULIS:  We have no objection to that,

17   Your Honor.

18         THE COURT:  Very good.  Okay.  And you'll have --

19         MR. STAMOULIS:  We'll have two witnesses.

20         THE COURT:  Two witnesses.

21         MR. STAMOULIS:  And we may call Ms. Martinez, the

22   corporate designee as part of our case in chief.

23         THE COURT:  Very good.  All right.  So you'll get

24   me a complete hearing binder by noon on Sunday to the house

25   and if you don't know where that is, my staff can give you -

1  - and don't worry, the dog doesn't bite, she just barks.

2          MR. BEACH:  Okay.

3          THE COURT:  And licks and that's pretty much it.

4                (Laughter)

5          THE COURT:  And we'll deal with the motions in

6  limine first thing on Monday to the extent I can.  I may

7  kick them depending on the merits, et cetera.  And the

8  summary judgment motion I'll just have to wait and see.

9  Should we talk about the subpoena issue or can that wait

10 till Monday?

11         MS. ZIEG:  Your Honor, we're prepared to go

12 forward on the subpoena issue today.  I'm assuming based on

13 representations by counsel that they intended to go forward

14 with that today as well?

15         MR. STAMOULIS:  Sure, Your Honor.

16         THE COURT:  Well, I mean, I've read the letter.

17         MR. STAMOULIS:  Yeah.  The --

18         THE COURT:  I think it's all in the letter.  I

19 mean, what's your response?  I mean, you didn't comply with

20 the rule so I guess the question is --

21         MS. ZIEG:  Correct, Your Honor.  Your Honor, I

22 just wanted --

23         THE COURT:  -- the matter --

24         MS. ZIEG:  Sharon Zieg again of Young, Conaway,

25 Stargatt & Taylor on behalf of the debtors for the record.

1          I stand before you today to tell you that we did

2    not.  We inadvertently did not comply with the rule.  There

3    was a lot going on and we were looking for a process server

4    for the particular subpoena.  And at the last minute, we

5    were able to serve it by email.  It was completely

6    inadvertent.  There was nothing intentional.  I can

7    represent that to you with full candor.  There was no

8    malice.  There was no thinking about this --

9          THE COURT:  Now what are --

10         MS. ZIEG:  -- it was completely unintentional.

11         THE COURT:  You got documents as a result of the

12   subpoena.

13         MS. ZIEG:  Your Honor, unusually, yes.  We sent

14   the subpoena via email and I have a copy of that email, if

15   you would like to see that.  We sent that at 4:00 on Monday

16   afternoon.  At 7:00 Monday night, our paralegal who served

17   the subpoena had already received the documents.  So it was

18   just -- it was a matter of timing.  It was -- there really

19   was nothing intentional.

20         THE COURT:  All right, we'll what did you get?

21         MS. ZIEG:  When we got the documents -- I'm

22   sorry?

23         THE COURT:  What did you get?  What kind of --

24         MS. ZIEG:  We received copies of the 2003 and

25   2004 tax returns.

1              THE COURT:  All right.

2              MS. ZIEG:  We forwarded them to opposing counsel

3  when our paralegal forwarded them to Ms. Edwards and then we

4  served the notice of deposition.  It was inadvertent.  We

5  didn't intend to do it that way.

6              THE COURT:  Deposition?

7              MS. ZIEG:  I'm sorry, notice of subpoena.  We

8  filed the notice of subpoena afterward.

9              THE COURT:  All right.

10             MS. ZIEG:  But it was unintentional.

11             THE COURT:  And are you going to use the

12 documents?

13             MS. ZIEG:  Well, Your Honor, that's another issue

14 for a motion in limine that's been filed by opposing

15 counsel, but to the extent that this Court says that the

16 subpoena is stricken and that you have to reserve it, we

17 will do that.  And if counsel had called us before they sent

18 the letter to chambers, we would have done the same thing

19 and given him the opportunity to file an objection or a

20 motion to quash.  But we don't think there's any merit to

21 their motion in limine.  And we don't think there would be

22 any merit to their motion to quash.  Their issue is about

23 relevance of Ms. Mills' tax returns when Ms. Mills has

24 placed her financial wherewithal directly at issue in this

25 case.

1              THE COURT:  All right.  So the documents you've

2    got would have been subject to a motion to quash on

3    identical theories as the motion in limine that I'm going to

4    hear Monday?  All right.

5              MS. ZIEG:  Yes, Your Honor.  And in addition,

6    Your Honor, we only received the 2003 and 2004 taxes.  The

7    2005 we still haven't received and Ms. Mills has refused to

8    ask anybody for those documents.

9              THE COURT:  All right.

10             MS. ZIEG:  Even though they're in her control.

11             THE COURT:  All right, okay.  We're not talking

12   about her, we're talking about you and what you did, Ms.

13   Zieg.  Yes, sir.

14             MR. STAMOULIS:  Well, Your Honor, I understand

15   that things happen at the last minute, but this is an issue

16   that debtors should have been well aware of.  This was made

17   a big issue at Ms. Mills' deposition.  It was made an issue

18   in the correspondence between counsel.  It was made an issue

19   in debtors' own objection to claims where they trotted out

20   the fact that Ms. Mills refused to comply with their request

21   to produce tax returns and attached our letter where we tell

22   them that they're not entitled to them.  The Third Circuit

23   is very clear on the law here.  Tax returns are special.

24   You have to have a compelling need.  And as our motion in

25   limine lays out, there's no compelling need.  I mean, for

1 them to -- well, it's laid out in my letter.  I just -- I --

2            THE COURT:  All right.

3            MR. STAMOULIS:  Yeah.  That's all I have to say.

4            MS. ZIEG:  If I may say one thing, Your Honor,

5 please?

6            THE COURT:  Yes.

7            MS. ZIEG:  I apologize, but I just want to make

8 it clear that at Ms. Mills' deposition when we asked about

9 this issue.  It was represented to us by counsel and I have

10 excerpts from that deposition when we first asked that

11 question that you already have those tax returns.  And when

12 we represented to counsel that we did not have those tax

13 returns, he said, oh, we'll look for them and we'll get them

14 to you.  Ms. Mills immediately asked to take a break at that

15 point in time.  And counsel came back on the record and said

16 Ms. Mills has just told me during the break that she does

17 not have copies of those tax returns and after this

18 deposition, we can talk about getting those tax returns or

19 whether we're willing to get those tax returns from third

20 parties.  Would you like to see the --

21            THE COURT:  No, I -- no, I don't think that's

22 relevant to anything in front of me.

23            Well, here's what I'm going to do.  I'm going to

24 defer any request -- well, I'm going to defer the request

25 for sanctions for violation of a Rule 45 and deal with it on

1  the merit -- well until I deal with the merits of the motion

2  in limine.  If I deny the motion in limine, I may come to

3  some -- different result than if I grant the motion in

4  limine.  So I think it's fairest to deal with it at that

5  time, but I certainly in effect am holding this abeyance

6  until that time.

7          MR. STAMOULIS:  Thank you, Your Honor.

8          MS. ZIEG:  Thank you, Your Honor.  Would you like

9  by any chance for counsel to brief the issue of sanctions to

10 the extent that --

11         THE COURT:  No, I'll let you know Monday.

12         MS. ZIEG:  Thank you.

13         THE COURT:  It may be unnecessary.  We don't need

14 to spend money unless absolutely necessary.  All right?

15 Anything else?  Okay.  So I'm looking for an order from you,

16 Mr. Beach.

17         MR. BEACH:  Yes, sir.

18         THE COURT:  And otherwise I'll see you Monday

19 morning and you'll get those documents to me Sunday.

20         MR. BEACH:  Yes.

21         THE COURT:  All right.

22         MR. BEACH:  And Your Honor just so everyone's

23 clear in the courtroom, I believe we have Monday and Tuesday

24 for the trial.

25         THE COURT:  I think we have Wednesday.

1            MR. BEACH:  Oh, Wednesday as well, okay.

2            THE COURT:  Yeah.  And Thursday.

3            MR. BEACH:  Thanksgiving.

4            THE COURT:  Sure.  It depends.  Is your wife a

5   good cook?  I mean --

6                        (Laughter)

7            MR. BEACH:  I'll bring her in here.

8            THE COURT:  Yeah.

9            MS. ZIEG:  The caterer in.

10           THE COURT:  No, we have -- you have -- and I have

11   nothing else on so --

12           MR. BEACH:  Okay.

13           THE COURT:  I'm all yours next week.  All right,

14   see --

15           MS. ZIEG:  Your Honor, in the meantime, what

16   would you like for us to do with those documents because --

17   should we just leave them aside and not add them to our

18   exhibit list?  I'm not sure what you would like for us to

19   do.

20           THE COURT:  Well, you can add them to your

21   exhibit list.

22           MS. ZIEG:  Okay.

23           THE COURT:  But if I grant the motion in limine,

24   you're not going to be allowed to use them.

25           MS. ZIEG:  I understand, Your Honor.  I just

1   didn't want to have sanctions brought against me for --

2              THE COURT:  No, no.

3              MS. ZIEG:  -- listing them on my exhibit list.

4              THE COURT:  No, no.

5              MS. ZIEG:  Thank you, Your Honor.

6              THE COURT:  All right.  We'll see you Monday.

7              MR. STAMOULIS:  Thank you.

8         (Whereupon at 5:12 p.m., the hearing was adjourned.)

9

10                     CERTIFICATION

11         I certify that the foregoing is a correct

12   transcript from the electronic sound recording of the

13   proceedings in the above-entitled matter.

14

15

16   _____        21 November 2010

17   Traci L. Calaman                             Date

18   Transcriber

19

20

21

22

23

24

25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| 07-11047(css) 1:7 | | allegations(4) 33:11 33:25 34:1 35:8 | | anti-psychotic(1) 31:17 | | banks(1) 32:13 | |
| 26(e)(1)(2) 34:8 34:14 | | allege(1) 12:3 | | any(31) 9:14 21:13 22:21 24:15 25:12 | | barks(1) 48:1 | |
| 30(b)(6)(2) 21:7 21:8 | | alleged(7) 7:17 12:4 12:4 26:11 36:22 | | 26:4 26:11 26:12 26:14 26:18 26:19 26:19 | | based(13) 9:16 20:24 28:4 28:4 28:9 30:6 | |
| 36(a)(4)(1) 19:8 | | 39:7 40:4 | | 26:22 26:24 26:24 26:24 28:20 28:21 29:6 | | 30:21 33:13 33:25 34:3 34:3 41:20 48:12 | |
| 37(a)(4)(3) 13:23 13:23 13:25 | | | | 30:10 30:18 32:1 32:18 32:19 33:15 41:15 | | | |
| 37(c)(1)(2) 34:10 35:2 | | alleging(1) 32:21 | | 43:13 50:20 50:22 52:24 53:9 | | bases(9) 25:1 28:15 28:16 28:17 28:19 | |
| a.(4)(1) 11:8 | | allow(1) 36:1 | | | | 28:20 28:22 33:21 35:10 | |
| a.m(2) 3:1 9:5 | | allowed(1) 54:24 | | anybody(4) 15:13 23:6 23:6 51:8 | | | |
| abeyance(1) 53:5 | | alone(1) 31:20 | | anymore(3) 3:25 22:3 30:22 | | basic(1) 10:5 | |
| abiding(1) 13:10 | | already(9) 3:16 3:22 20:9 20:11 22:2 39:7 | | anyone(1) 4:6 | | basically(2) 12:24 42:10 | |
| ability(1) 33:8 | | 41:17 49:17 52:11 | | anything(6) 7:3 9:10 15:8 28:7 52:22 | | basis(1) 11:16 21:6 21:13 23:20 24:20 | |
| able(4) 31:25 41:19 41:22 49:5 | | | | anyway(1) 17:8 | | 29:12 30:5 30:9 34:25 38:7 39:3 | |
| about(28) 6:23 7:8 7:18 12:16 17:1 19:14 | | also(10) 15:1 17:21 18:5 31:12 32:12 | | apologize(5) 14:18 14:19 17:20 23:10 52:7 | | | |
| 25:5 29:5 30:15 31:4 31:15 32:1 33:23 | | 32:21 34:9 35:17 41:3 44:6 | | apologized(1) 21:5 | | beach(57) 1:24 3:5 3:6 3:14 3:21 4:11 | |
| 34:12 39:13 39:16 39:17 42:24 45:8 46:8 | | | | apparently(2) 32:11 36:5 | | 4:17 4:25 5:6 5:14 23:17 23:18 24:11 | |
| 46:21 48:9 49:8 50:22 51:12 51:12 52:8 | | although(1) 44:16 | | appear(6) 5:20 7:4 9:5 9:18 14:10 18:3 | | 24:12 34:13 34:17 40:14 40:15 42:2 42:22 | |
| 52:18 | | always(2) 36:22 39:24 | | applicable(2) 34:8 34:14 | | 43:1 43:4 43:7 43:12 43:14 43:15 43:17 | |
| abovetitled  (1) 55:13 | | amend(2) 26:23 34:23 | | applies(1) 36:5 | | 44:1 44:4 44:18 44:20 44:23 45:5 45:8 | |
| absolutely(4) 38:20 41:1 41:19 53:14 | | amended(8) 11:23 12:21 12:23 13:6 26:14 | | apply(4) 11:8 13:24 13:25 26:22 | | 45:16 45:23 46:7 46:12 46:16 46:18 46:21 | |
| accept(1) 17:20 | | 28:15 31:6 31:7 | | appointed(1) 27:16 | | 46:24 47:2 47:7 47:10 47:12 47:15 48:2 | |
| accordance(1) 36:12 | | | | approach(1) 11:19 | | 53:16 53:17 53:20 53:22 54:1 54:3 54:7 | |
| account(1) 20:11 | | america(1) 2:17 | | appropriate(5) 5:22 10:1 10:9 13:19 21:15 | | 54:12 | |
| acknowledged(1) 10:14 | | american's(1) 19:3 | | appropriately(1) 13:8 | | bear(1) 26:9 | |
| action(2) 26:15 26:19 | | among(1) 28:13 | | approximately(2) 7:7 24:1 | | | |
| actually(4) 3:9 6:24 9:12 13:2 | | amount(2) 24:1 27:8 | | are(38) 7:4 8:22 10:1 10:5 10:19 13:19 | | because(27) 6:16 10:7 10:23 11:4 12:4 | |
| add(4) 26:23 38:9 54:17 54:20 | | analysis(1) 38:10 | | 16:10 17:22 18:19 18:21 20:9 21:10 25:15 | | 13:20 13:21 14:23 17:5 17:6 18:16 18:20 | |
| addition(3) 32:6 34:5 51:5 | | analyzing(1) 34:22 | | 25:16 25:17 25:17 27:25 30:4 31:3 31:9 | | 19:25 20:9 20:11 22:3 22:25 27:2 29:10 | |
| additional(5) 12:1 12:2 24:15 26:8 32:7 | | and(284) 3:8 3:11 3:12 4:2 4:18 5:4 5:11 | | 32:4 34:1 35:1 35:11 36:9 36:10 36:11 | | 30:3 32:12 36:14 36:25 37:25 40:8 40:20 | |
| address(2) 20:16 40:16 | | 5:21 5:23 5:23 6:2 6:5 6:7 6:10 6:24 7:7 | | 37:3 39:23 42:16 43:6 43:15 46:6 46:10 | | 54:16 | |
| addressed(1) 32:17 | | 7:23 8:3 8:3 8:6 8:16 8:18 8:20 8:22 8:22 | | 46:14 49:9 50:11 51:23 | | | |
| addresses(1) 40:12 | | 9:2 9:4 9:4 9:8 9:17 9:20 10:7 10:10 | | | | been(35) 3:10 3:16 6:7 6:8 7:17 8:2 14:12 | |
| adequate(1) 34:24 | | 10:16 10:24 11:7 11:10 11:13 11:17 11:18 | | area(1) 37:19 | | 16:4 17:13 17:17 17:22 19:17 20:9 20:11 | |
| adjourn(1) 4:21 | | 11:22 11:24 11:25 12:1 12:1 12:7 12:10 | | around(1) 10:5 | | 20:17 21:3 21:4 21:15 22:24 24:4 32:4 | |
| adjourned(2) 3:16 55:8 | | 13:1 13:2 13:3 13:5 13:12 13:14 13:22 | | aside(1) 54:17 | | 32:17 34:4 35:9 36:11 36:17 37:22 39:7 | |
| adjournment(2) 37:8 8:6 | | 13:25 13:25 14:14 14:18 14:19 14:22 | | ask(10) 4:3 20:8 20:10 21:19 21:19 29:14 | | 39:24 40:12 41:22 42:19 50:14 51:1 51:16 | |
| administration(1) 26:13 | | 14:24 14:25 15:3 15:9 15:11 15:19 16:21 | | 35:14 35:17 42:21 51:8 | | | |
| administrativ(3) 23:25 28:17 37:3 | | 16:6 16:11 16:17 16:17 16:18 16:19 16:21 | | | | before(23) 1:17 3:7 4:14 5:18 6:10 9:24 | |
| admission(4) 17:12 18:22 20:20 21:16 | | 16:21 16:22 16:22 16:23 16:25 17:13 | | asked(12) 8:6 11:4 16:14 18:6 21:24 | | 14:16 17:18 24:18 25:3 25:4 31:12 33:1 | |
| admissions(13) 10:4 10:5 10:5 11:3 13:8 | | 17:18 17:20 17:21 17:21 18:12 18:23 | | 29:22 30:16 37:11 38:5 52:8 52:10 52:14 | | 35:13 36:10 36:16 38:24 41:24 41:25 | |
| 16:9 16:10 16:11 17:21 17:25 19:7 21:7 | | 18:24 19:1 19:9 19:22 20:12 20:24 21:4 | | | | 42:17 43:12 49:1 50:17 | |
| 21:18 | | 21:5 21:25 21:10 21:10 21:14 21:19 22:2 | | asking(4) 8:2 12:24 14:23 46:22 | | | |
| admit(6) 6:9 10:23 11:4 13:17 16:14 19:10 | | 22:16 22:17 23:5 24:14 24:17 24:21 24:22 | | aspect(2) 7:21 40:6 | | began(1) 29:14 | |
| admits(2) 10:6 40:15 | | 25:1 25:11 25:17 25:19 25:23 25:24 26:1 | | aspects(1) 40:4 | | begin(1) 23:22 | |
| admitted(17) 6:10 6:18 6:20 10:18 10:19 | | 26:2 26:4 26:5 26:6 26:11 26:14 26:17 | | asserted(3) 26:15 31:23 32:7 | | beginning(3) 13:9 29:24 39:25 | |
| 10:20 11:12 17:6 17:13 18:23 18:23 20:6 | | 26:18 26:19 27:1 27:6 27:14 27:17 27:24 | | asserting(9) 24:14 26:12 27:3 29:15 29:16 | | behalf(8) 3:6 4:6 5:16 24:7 32:20 35:23 | |
| 20:8 20:10 22:21 41:25 41:50 48:08 | | 28:2 28:5 28:6 28:7 28:8 28:10 28:12 | | 30:8 30:24 31:1 45:14 | | 43:20 48:25 | |
| | | 28:12 28:18 28:22 29:1 29:3 29:6 29:8 | | | | | |
| admitting(1) 16:14 | | 29:11 29:13 29:17 30:2 30:6 30:11 30:25 | | asserts(1) 32:10 | | behind(1) 42:18 | |
| adversaries(1) 5:11 | | 31:5 31:12 31:17 31:19 32:3 32:13 32:14 | | assess(1) 39:2 | | being(11) 4:23 6:14 25:15 25:17 30:4 35:8 | |
| adversary(1) 26:18 | | 33:2 33:5 33:9 33:15 33:16 33:21 33:21 | | assessed(1) 35:1 | | 39:17 39:18 39:18 42:10 45:21 | |
| affairs(1) 12:6 | | 33:23 33:24 34:1 34:3 34:9 34:25 34:25 | | asset(4) 3:18 3:25 4:7 22:17 | | | |
| affect(1) 26:22 | | 35:3 35:6 35:8 35:9 35:11 35:12 35:15 | | assume(1) 45:13 | | believe(27) 3:9 3:15 3:22 3:25 4:18 8:20 | |
| after(6) 29:4 29:19 31:6 41:9 44:24 52:17 | | 36:19 36:24 36:25 37:2 37:8 37:9 37:11 | | assumed(2) 14:24 15:1 | | 9:18 14:11 14:23 16:1 18:19 19:24 23:20 | |
| afternoon(5) 3:4 3:4 5:5 5:15 35:22 49:16 | | 37:16 37:17 37:20 37:24 37:24 38:1 38:3 | | assuming(6) 14:13 30:9 31:22 31:22 47:10 | | 30:24 31:11 31:13 33:13 36:10 36:11 | |
| afterward(1) 50:8 | | 38:5 38:6 38:8 38:9 38:11 38:11 38:18 | | 48:12 | | 37:14 37:18 42:5 42:15 43:7 43:17 46:24 | |
| afterwards(2) 6:22 9:24 | | 38:19 39:1 39:8 39:9 39:10 39:18 39:20 | | | | 53:23 | |
| again(19) 4:13 6:25 7:17 7:25 9:6 13:1 | | 39:21 40:5 40:11 40:20 40:21 41:6 41:8 | | attached(3) 25:8 28:6 51:21 | | | |
| 13:4 13:13 14:19 16:25 19:7 30:6 31:5 | | 41:8 41:9 41:9 41:16 41:22 41:25 42:8 | | attempt(3) 30:24 38:3 41:7 | | believed(2) 14:22 22:19 | |
| 32:7 32:25 33:7 34:11 39:12 48:24 | | 42:17 42:18 42:20 42:20 42:25 43:2 43:5 | | attempted(1) 37:8 | | best(2) 13:7 14:14 | |
| | | 44:1 44:6 44:9 44:12 44:22 45:2 45:3 | | attention(7) 8:16 8:19 10:25 11:18 11:24 | | between(7) 8:3 9:8 9:17 12:25 13:2 13:3 | |
| against(11) 24:2 25:6 25:15 25:23 26:12 | | 45:13 45:24 46:1 46:4 46:23 47:15 47:18 | | 11:25 12:22 | | 51:18 | |
| 26:15 26:19 26:24 28:21 35:7 55:1 | | 47:21 47:25 48:1 48:3 48:3 48:5 48:7 | | | | | |
| | | 48:8 49:3 49:4 49:14 49:24 50:3 50:11 | | attractive(1) 32:25 | | big(1) 51:17 | |
| agenda(4) 3:8 3:14 5:9 23:18 | | 50:16 50:17 50:19 50:21 51:5 51:6 51:7 | | audible(2) 4:8 23:8 | | binder(1) 47:24 | |
| ago(3) 4:18 29:19 36:5 | | 51:12 51:21 51:24 52:9 52:11 52:13 52:13 | | august(3) 26:13 26:20 36:17 | | bit(3) 18:19 30:14 36:4 | |
| agree(3) 15:5 18:13 18:15 | | 52:15 52:17 52:25 53:18 53:19 53:22 | | authorize(1) 9:14 | | bite(1) 48:1 | |
| agreed(6) 8:12 26:2 27:14 29:2 30:9 33:20 | | 53:23 54:2 54:10 54:17 | | automatic(1) 3:19 | | blank(1) 2:10 | |
| ahead(3) 4:10 10:16 24:9 | | | | avenue(2) 2:6 2:26 | | book(2) 16:16 18:18 | |
| alcohol(2) 41:3 41:4 | | anderson(1) 2:17 | | avoid(3) 27:20 27:23 33:5 | | both(7) 16:22 17:14 21:21 21:21 27:5 | |
| all(57) 3:2 4:16 5:1 5:13 8:3 10:12 14:9 | | another(5) 17:4 26:7 31:24 39:19 50:13 | | avoided(1) 12:4 | | 36:10 36:11 | |
| 15:12 20:14 22:2 23:13 23:19 24:2 24:9 | | answer(13) 4:19 10:11 11:5 11:11 11:12 | | award(1) 22:2 | | | |
| 24:10 25:16 26:4 26:5 26:11 26:14 26:18 | | 11:22 11:24 11:25 13:14 16:25 17:12 | | aware(1) 51:16 | | bound(2) 26:4 27:10 | |
| 26:19 27:11 27:13 27:18 28:18 29:11 31:6 | | 17:15 21:15 | | away(1) 32:15 | | box(1) 2:20 | |
| 31:24 32:2 33:21 39:19 40:4 41:9 42:3 | | | | | | brandywine(1) 1:27 | |
| 42:23 43:16 44:3 44:12 45:6 47:14 47:23 | | answered(2) 16:12 17:12 | | back(5) 6:19 22:16 27:24 34:12 52:15 | | breached(1) 34:22 | |
| 48:18 49:20 50:1 50:9 51:1 51:4 51:9 | | answers(7) 17:2 17:5 20:1 21:14 21:25 | | backup(1) 8:24 | | breaches(1) 35:1 | |
| 51:11 52:2 52:3 53:14 53:21 54:13 54:13 | | 37:11 41:21 | | bank(1) 2:17 | | break(2) 52:14 52:16 | |
| 55:6 | | | | bankruptcy(6) 1:1 1:18 31:24 33:4 34:9 | | brief(7) 3:21 17:24 37:17 38:10 39:12 | |
| allegation(5) 15:10 31:4 32:16 33:1 33:8 | | antecedent(3) 10:8 10:20 20:11 | | 34:17 | | 39:14 53:9 | |
| | | | | | | briefly(1) 3:7 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **bring**(9) 5:22 10:2 21:9 21:9 21:10 35:13 38:6 40:20 54:7 | | **claim**(36) 6:16 11:3 25:6 26:4 26:7 26:8 26:11 26:14 28:1 28:2 31:6 32:9 33:25 36:15 36:17 38:6 38:9 38:13 38:17 38:19 38:20 38:21 38:23 39:1 39:5 39:7 39:9 39:11 40:5 40:24 41:20 41:22 41:24 42:8 42:9 46:13 | | **contentions**(3) 28:14 28:17 34:25 **contested**(1) 45:21 **continue**(1) 17:9 **continued**(2) 2:2 36:6 **continuing**(3) 14:25 38:17 39:2 **contours**(3) 36:20 37:7 39:11 **contract**(1) 12:25 | | **dated**(2) 8:18 9:7 **dates**(1) 27:14 **day**(9) 4:18 7:1 7:4 14:16 16:6 31:13 39:2 39:3 43:12 | |
| **bringing**(4) 9:10 9:20 35:17 35:19 **brings**(1) 23:18 **broker**(4) 25:2 32:10 32:11 32:18 **broker's**(1) 19:3 **brought**(4) 6:10 10:25 42:10 55:1 **building**(1) 1:27 **burden**(1) 21:17 **business**(2) 12:6 20:21 | | | | **contrary**(1) 15:9 **control**(1) 51:10 **conversations**(1) 8:7 **cook**(1) 54:5 **cooperate**(2) 17:10 28:8 **cooperated**(1) 17:9 **copies**(2) 49:24 52:17 **copy**(3) 8:13 11:18 49:14 **corporate**(3) 15:10 40:3 47:22 **corporation**(1) 1:9 | | **days**(4) 29:19 35:6 41:8 43:10 **dba**(1) 19:4 **deal**(5) 44:25 48:5 52:25 53:1 53:4 **dealing**(4) 19:2 35:9 41:10 44:13 **dealings**(1) 18:25 **dealt**(2) 17:3 17:4 **deborah**(2) 2:37 23:25 | |
| **but**(41) 3:10 7:12 7:19 7:21 8:2 10:22 10:24 11:15 13:3 13:6 16:13 17:21 19:14 21:12 21:21 23:11 25:9 27:13 27:23 29:2 31:10 31:14 31:25 38:12 38:15 39:14 40:5 40:18 41:18 42:17 43:23 44:2 46:8 46:13 50:10 50:15 50:20 51:15 52:7 53:5 54:23 | | | | **correct**(9) 7:25 13:22 18:19 19:13 30:20 34:19 44:10 48:21 55:11 | | **debt**(6) 10:8 10:20 12:5 19:20 20:11 27:7 25:16 33:2 41:5 42:7 42:11 42:12 **debtor**(12) 1:22 11:15 13:3 19:1 19:3 19:4 | |
| **calaman**(1) 55:17 **california**(3) 25:8 25:13 28:3 **call**(8) 7:3 9:10 14:16 15:1 23:7 27:24 47:3 47:21 **called**(1) 50:17 **calls**(1) 29:2 **came**(4) 25:5 36:16 37:25 52:15 | | **claimant**(1) 36:6 **claimants**(1) 3:24 **claimed**(1) 30:4 **claims**(52) 3:11 23:25 24:1 24:3 24:15 24:20 24:23 24:25 25:1 25:15 25:16 25:2 26:5 26:6 26:12 26:13 26:17 26:24 27:11 27:19 27:21 27:25 28:4 28:15 29:15 29:1 32:7 32:19 33:15 33:21 33:21 33:22 34:3 35:11 35:15 35:17 35:18 35:19 36:21 36:22 37:2 37:4 37:8 40:5 41:11 41:17 42:5 42:18 42:19 46:15 47:3 51:19 | | **correspondence**(2) 42:24 51:18 **corresponding**(1) 34:25 **corroon**(1) 2:17 **cost**(10) 7:12 7:13 7:18 8:12 13:12 14:20 15:3 16:6 17:19 18:5 | | **debtors**(56) 1:11 3:6 3:21 3:25 4:4 11:5 12:5 12:7 12:10 12:14 12:16 12:18 13:1 13:2 13:5 16:13 16:19 17:3 19:5 20:19 20:21 20:23 23:23 24:2 24:5 24:19 25:6 25:19 26:12 26:15 26:20 26:24 26:25 27:8 28:6 31:2 31:22 32:9 32:12 32:16 32:23 33:12 35:5 36:6 36:13 36:25 38:4 38:20 39:20 39:22 40:7 40:8 43:21 48:25 51:16 51:19 | |
| **can**(24) 4:21 7:6 11:18 12:1 12:23 15:10 19:15 19:15 25:21 29:6 31:23 34:11 37:16 38:11 39:10 41:17 43:9 44:18 47:25 48:6 48:9 49:6 52:18 54:20 | | | | **could**(9) 11:16 13:7 18:22 21:12 21:20 25:2 26:7 28:1 41:24 | | **december**(4) 25:3 28:2 30:25 30:25 **decided**(2) 27:10 40:20 **decision**(2) 37:22 38:8 **declaration**(2) 25:8 25:12 | |
| **can't**(6) 7:4 9:20 19:23 35:5 35:12 41:8 **candor**(1) 49:7 **cannot**(1) 12:4 **capacity**(2) 15:14 15:15 **careful**(1) 21:18 | | **clarification**(1) 45:10 **clarify**(1) 23:12 **clear**(5) 14:7 25:20 51:23 52:8 53:23 **clearly**(5) 11:15 31:9 31:25 42:6 45:11 **clerk**(1) 3:2 **client**(1) 30:7 **client's**(1) 45:25 | | **couldn't**(1) 39:19 **counsel**(38) 4:4 5:8 6:15 8:5 10:14 14:19 16:9 16:14 17:5 17:20 21:3 24:2 24:18 24:22 24:25 26:1 27:9 27:12 27:15 27:18 27:24 28:7 29:2 29:9 29:25 30:17 32:20 40:15 43:7 48:13 50:2 50:15 50:17 51:18 52:9 52:12 52:15 53:9 | | **default**(1) 33:6 **defaulted**(1) 25:4 **defect**(1) 25:10 **defects**(5) 17:22 25:7 25:9 25:13 28:3 **defend**(2) 33:24 35:7 **defendant**(7) 10:6 12:7 12:10 12:13 14:6 14:8 15:10 | |
| **case**(21) 1:7 3:11 13:22 14:19 24:24 25:22 27:4 27:4 27:23 28:4 31:23 31:24 35:6 39:25 40:21 41:11 41:12 41:23 47:12 47:22 50:25 | | **co-counsel**(2) 4:19 4:20 **cogent**(2) 25:21 27:22 **coming**(1) 7:9 **commence**(1) 26:18 **comments**(1) 32:11 **committed**(2) 28:21 36:25 | | **counsel's**(2) 15:9 21:5 **counseling**(1) 32:3 **country**(1) 2:33 **couple**(4) 4:18 6:13 41:8 43:10 **course**(6) 12:3 12:6 24:17 27:3 34:4 41:11 | | **defendant's**(2) 14:8 20:8 **defendants**(1) 20:7 **defending**(1) 25:23 **defense**(3) 12:9 12:12 12:25 **defenses**(3) 12:1 12:3 26:24 | |
| **cases**(2) 20:7 34:4 **categories**(2) 8:20 8:21 **category**(1) 38:13 **caterer**(1) 54:9 **causation**(1) 41:7 **cause**(1) 26:23 **caused**(6) 31:2 32:5 33:10 33:10 37:1 **causes**(2) 26:14 26:19 **cavalierly**(1) 14:9 **cede**(1) 5:12 **center**(1) 10:5 **centre**(1) 2:40 **certain**(3) 13:15 24:13 25:16 **certainly**(6) 21:2 21:12 23:10 23:11 27:13 53:5 | | **committee**(4) 2:4 5:10 5:17 13:15 **committees**(2) 13:12 13:13 **common**(1) 46:9 **communication**(3) 9:9 9:14 9:17 **communications**(1) 10:13 **company**(5) 10:17 15:6 15:6 40:9 40:10 **compel**(1) 13:21 **compelling**(2) 51:24 51:25 **complain**(1) 21:13 **complete**(2) 44:18 47:24 **completed**(1) 29:20 **completely**(5) 32:16 32:25 33:7 49:5 49:10 **complex**(1) 40:19 **complexity**(1) 37:23 **comply**(3) 48:19 49:2 51:20 **compressed**(2) 36:13 37:25 **conaway**(3) 1:22 43:20 48:24 **conceal**(1) 33:4 **concede**(1) 14:15 **concept**(1) 42:18 **concerned**(1) 29:5 **conduct**(1) 17:6 **conducted**(2) 17:2 39:7 **conducting**(1) 17:8 **conduit**(1) 19:3 **confirm**(2) 14:16 29:11 **confirmation**(1) 6:19 **confusing**(1) 12:19 **confusion**(3) 17:19 19:1 21:6 **congratulations**(1) 3:13 **conjunction**(4) 16:21 16:23 35:2 37:12 **conjunctive**(4) 16:18 16:20 16:22 17:14 **connection**(16) 21:14 25:9 25:24 30:15 32:3 33:24 41:2 41:10 42:4 42:8 42:13 42:14 44:7 45:3 45:10 47:3 | | **court**(118) 1:1 3:3 3:6 3:13 3:20 4:6 4:9 4:16 4:23 5:13 5:6 5:7 5:13 11:20 14:2 14:4 14:12 14:14 14:18 14:20 15:3 16:6 17:19 17:21 18:2 18:4 19:7 19:9 20:14 21:1 22:6 22:10 22:13 22:22 22:24 23:2 23:5 23:9 23:13 23:16 24:6 24:9 26:7 26:23 33:3 34:11 34:16 35:13 35:21 36:2 36:8 36:10 37:10 38:2 39:15 40:14 42:1 42:3 42:23 43:2 43:5 43:11 43:13 43:16 44:3 44:8 44:12 44:21 44:24 45:6 45:15 46:3 46:8 46:13 46:20 46:22 47:5 47:8 47:14 47:18 47:20 47:23 48:3 48:5 48:16 48:18 48:23 49:9 49:11 49:20 49:23 50:1 50:6 50:9 50:11 50:15 51:1 51:9 51:11 52:2 52:6 52:21 53:11 53:3 53:18 53:21 53:25 54:2 54:4 54:8 54:10 54:13 54:20 54:23 55:2 55:4 55:6 | | **defer**(2) 52:24 52:24 **define**(2) 16:18 21:9 **defined**(1) 20:20 **definition**(2) 16:19 20:22 **definitions**(1) 20:19 **delaware**(8) 1:2 1:8 1:11 2:26 3:1 6:15 8:5 10:14 **delays**(1) 27:5 **delivered**(1) 44:19 **denial**(2) 11:9 11:11 **denied**(4) 5:1 5:3 10:8 23:14 **denny**(1) 2:41 **deny**(7) 4:24 11:13 18:21 22:4 42:14 42:20 53:2 **depending**(1) 48:7 **depends**(1) 54:4 **depose**(4) 8:23 9:3 15:16 17:7 **deposed**(3) 15:18 19:13 39:21 **deposition**(60) 5:21 5:23 6:12 6:14 6:22 7:1 7:2 7:5 7:10 7:24 8:8 8:11 8:14 9:4 9:7 9:16 9:22 10:2 10:16 10:18 13:11 13:13 13:16 14:16 15:1 15:23 17:2 17:6 17:8 17:11 18:1 18:3 18:7 18:10 19:14 19:15 19:16 20:4 20:5 20:13 21:3 21:4 21:24 29:7 29:8 29:10 29:13 29:21 30:1 30:13 32:17 39:19 45:24 45:25 50:4 50:6 51:17 52:8 52:10 52:18 | |
| **certification**(2) 22:10 55:10 **certify**(1) 55:11 **cetera**(1) 48:7 **chambers**(1) 50:18 **chance**(2) 22:15 53:9 **change**(4) 10:11 12:9 37:19 37:20 **changed**(1) 36:21 **changing**(1) 40:22 **chapter**(1) 1:4 **charged**(1) 18:4 **chief**(2) 47:13 47:22 **choice**(3) 10:22 10:24 18:8 **choosing**(1) 36:14 **christopher**(1) 1:17 **circuit**(1) 51:22 **circumstances**(1) 36:24 **cite**(1) 26:5 **cited**(2) 18:20 25:10 **cites**(1) 37:10 **civil**(2) 33:16 34:14 | | **consent**(1) 9:14 **consequential**(2) 29:17 45:13 **considerable**(1) 10:21 **conspiracies**(1) 28:21 **constitute**(1) 37:14 **contacted**(1) 27:24 **contained**(1) 29:5 **contains**(1) 12:1 **contemporaneous**(2) 12:9 12:11 **contention**(2) 28:11 28:11 | | **court's**(2) 18:13 34:23 **courtroom**(1) 1:9 53:23 **covered**(1) 3:23 **credit**(8) 32:12 39:12 39:17 39:18 39:22 41:13 41:15 41:16 **creditor**(7) 10:7 10:19 11:4 11:15 19:18 20:9 41:12 **creditors**(3) 2:5 5:10 5:17 **customers**(1) 32:24 **damage**(2) 38:7 38:22 **damages**(32) 25:16 28:15 29:14 29:16 29:17 29:23 29:25 30:4 30:4 30:5 30:6 30:8 30:8 30:10 30:12 30:18 30:23 31:1 31:23 35:15 35:16 37:21 37:23 39:2 45:1 45:20 45:22 46:1 46:2 46:4 46:10 46:14 **data**(1) 1:34 **date**(3) 8:12 15:5 55:17 | | **depositions**(1) 6:5 **depression**(2) 31:19 41:6 **designate**(1) 15:11 **designee**(2) 40:3 47:22 **details**(1) 38:12 **determine**(1) 27:19 **determined**(1) 25:11 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**detriment**(2) 13:12  13:14
**diaz**(1) 1:34
**did**(27) 4:9  4:11  4:17  6:4  7:2  7:19  9:19 10:11  14:10  15:5  19:17  19:22  20:5  20:12 22:15  22:20  24:21  24:25  40:1  40:7  40:8 49:1  49:2  49:20  49:23  51:12  52:12

**didn't**(18) 4:12  6:6  7:8  7:10  14:8  15:7 15:8  19:25  23:5  24:10  27:18  27:22  33:22 40:8  46:1  48:19  50:5  55:1

**different**(4) 18:20  27:2  42:15  53:3
**difficult**(1) 24:21
**direct**(3) 11:25  12:22  23:21
**directly**(1) 50:24
**disadvantage**(2) 42:11  42:11
**disclose**(2) 24:14  34:6
**disclosed**(1) 42:16
**disclosure**(5) 18:11  33:5  34:19  34:21  46:5
**disclosures**(4) 8:21  8:25  9:13  14:10
**discovery**(28) 5:19  6:5  6:7  10:9  12:8 13:11  16:9  17:16  25:22  27:14  27:20  27:23 28:8  28:9  29:19  30:22  32:2  33:9  34:7 35:7  36:4  36:20  37:7  38:1  38:20  39:6 40:1  41:1
**discuss**(1) 4:9
**discussed**(2) 4:11  27:11
**dispute**(3) 5:25  21:2  27:24
**disputes**(1) 27:20
**distinction**(1) 45:21
**distress**(19) 29:16  29:23  29:24  30:18 30:23  35:15  37:21  37:24  38:13  38:22 40:16  40:19  40:23  42:5  42:20  45:12  45:19 46:10
**district**(2) 1:2  14:18
**document**(2) 6:14  12:20
**documents**(20) 8:2  11:18  11:21  14:24 14:24  16:13  20:24  33:3  39:21  39:24  41:1 41:16  49:11  49:17  49:21  50:12  51:1  51:8 53:19  54:16
**does**(7) 8:8  9:13  13:24  13:25  34:9  38:15 52:16

**doesn't**(4) 18:12  38:14  40:1  48:1
**dog**(1) 48:1
**doing**(1) 39:23
**don't**(29) 3:25  4:1  4:2  4:20  5:4  13:4 15:12  16:1  16:11  20:8  20:10  21:7  21:8 21:11  21:13  21:25  22:9  22:16  40:18  41:14 43:7  45:1  45:20  47:25  48:1  50:20  50:21 52:21  53:13
**done**(7) 6:4  6:5  11:16  16:13  31:21  38:10 50:18

**doubt**(1) 18:18
**down**(3) 32:14  32:23  44:3
**dozen**(1) 39:17
**drafted**(1) 11:3
**draw**(3) 8:16  8:19  11:17
**drop**(1) 39:22
**dropping**(1) 7:22
**drug**(2) 31:17  41:5
**drugs**(1) 41:3
**due**(1) 44:5
**during**(3) 29:13  29:21  52:16
**duties**(1) 35:1
**duty**(1) 34:22
**dva**(3) 20:18  20:21  20:23
**e-filed**(1) 6:24
**earlier**(4) 30:17  35:4  35:18  41:2
**early**(1) 36:17
**ecro**(1) 1:32
**edward**(3) 2:5  2:25  5:16
**edwards**(2) 1:26  50:3
**effect**(2) 41:5  53:5
**effective**(2) 3:12  3:12
**effects**(2) 31:18  31:18
**effort**(2) 27:20  33:24
**eight**(1) 24:2

**either**(5) 6:8  16:23  18:13  32:1  32:17
**electronic**(2) 1:40  55:12
**eleventh**(1) 25:14
**else**(5) 15:13  15:13  28:7  53:15  54:11
**email**(9) 7:3  8:14  8:18  9:4  9:6  9:10  49:5 49:14  49:14

**emailed**(1) 6:24
**emails**(1) 7:14
**emergency**(1) 23:23
**emotional**(25) 29:16  29:17  29:23  29:24 30:4  30:8  30:10  30:12  30:18  30:23  31:1 31:22  35:15  37:20  37:24  38:13  38:18 38:22  40:16  40:19  40:23  42:5  45:12  45:19 46:9
**employee**(2) 9:16  9:25
**employees**(1) 9:15
**end**(1) 28:5
**ended**(1) 36:4
**engaged**(1) 6:3
**engaging**(1) 8:7
**enormous**(1) 27:8
**enough**(2) 27:18  38:5
**entered**(2) 3:16  4:2
**entering**(1) 25:25
**entire**(1) 20:3
**entitled**(1) 51:22
**equity**(2) 25:3  28:1
**eric**(1) 22:14
**erin**(1) 1:26
**error**(3) 14:14  14:21  16:3
**escrow**(1) 32:15
**especially**(2) 21:17  36:12
**esq**(10) 1:24  1:25  1:26  2:5  2:11  2:18  2:25 2:32  2:38  2:39

**establishing**(1) 10:22
**eve**(1) 25:14
**even**(13) 3:25  8:14  10:12  10:12  10:24 12:17  21:22  24:18  25:4  25:12  27:4  29:9 51:10
**event**(1) 38:16
**ever**(1) 15:22
**every**(4) 9:18  10:6  15:7  16:20
**everybody**(1) 15:13
**everyone**(1) 35:11
**everyone's**(1) 53:22
**everything**(3) 15:9  44:22  45:18
**evidence**(7) 23:24  24:13  33:14  33:15  34:6 36:9  41:16

**evidenced**(1) 36:7
**evidentiary**(1) 34:25
**exacerbate**(1) 41:4
**exactly**(3) 19:23  21:18  37:10
**exam**(1) 39:4
**examination**(1) 39:4
**excellent**(1) 3:13
**except**(1) 43:24
**excerpts**(1) 52:10
**exchange**(1) 12:11
**exclude**(2) 23:24  24:13
**excluded**(2) 33:14  35:16
**excuse**(1) 42:7
**exhibit**(5) 7:14  8:17  54:18  54:21  55:3
**expect**(1) 24:5
**expected**(1) 34:2
**expedited**(1) 23:20
**expense**(4) 17:5  23:25  33:24  41:10
**expenses**(3) 7:17  28:18  37:3
**expert**(4) 25:11  32:2  35:6  39:1
**expert's**(1) 25:12
**explain**(1) 37:12
**explaining**(1) 10:10
**explanation**(1) 40:7
**exploration**(2) 29:24  31:21
**explore**(2) 30:10  33:8
**express**(1) 35:24
**expressed**(1) 33:13

**extension**(1) 4:18
**extensively**(1) 39:21
**extent**(5) 35:12  41:17  48:6  50:15  53:10
**extra**(1) 21:23
**extract**(1) 32:23
**extremely**(1) 31:3
**fabrication's**(1) 11:22
**fabrications**(1) 5:11
**fabricators**(1) 2:24
**fact**(22) 9:18  10:7  10:8  10:22  11:17  13:1 15:7  15:23  18:12  18:22  22:18  31:20  37:5 37:24  37:25  38:2  38:24  39:20  39:24  40:7 42:16  51:20
**facts**(6) 5:24  10:19  12:24  20:6  20:8  42:18
**factual**(3) 28:16  28:20  28:22
**factually**(1) 8:1
**failed**(2) 13:12  24:13
**failing**(1) 13:17
**failure**(12) 4:24  5:20  5:22  5:24  6:8  6:8 6:9  10:2  19:10  20:4  28:22  34:5

**fair**(2) 41:9  41:12
**fairest**(1) 53:4
**fairly**(1) 11:10
**faith**(3) 11:8  11:11  18:23
**falls**(1) 38:12
**false**(6) 16:15  16:23  16:24  17:13  17:14 46:24
**far**(1) 16:5
**february**(1) 6:19
**federal**(4) 33:16  34:13  34:14  34:15
**fee**(2) 18:2  18:7
**fees**(1) 20:3
**felger**(1) 8:8
**few**(3) 6:25  29:19  47:2
**figuring**(1) 35:10
**file**(14) 3:9  5:4  26:4  26:7  26:8  26:11 43:15  43:23  44:6  44:6  44:8  44:16  44:24 50:19
**filed**(23) 3:21  4:12  6:14  6:15  8:4  8:5  9:17 23:23  24:1  26:6  26:17  27:21  28:7  29:18 31:5  31:6  32:8  32:19  32:20  43:7  44:14 50:8  50:14

**filled**(1) 37:8
**final**(1) 36:14
**finally**(1) 27:9
**financial**(2) 12:6  50:24
**find**(3) 21:2  32:3  35:6
**finder**(2) 38:24  40:7
**fine**(2) 21:11  41:18
**first**(35) 3:15  5:20  6:12  7:24  8:12  9:22 11:1  11:7  11:12  12:21  14:7  16:9  18:1 18:1  18:7  20:5  20:17  20:18  22:13  23:11 23:19  25:16  27:21  28:25  29:18  32:8  32:10 35:24  36:3  47:5  47:8  47:9  47:13  48:6 52:10
**fit**(2) 38:14  38:15
**five**(3) 18:6  35:10  39:14
**floor**(1) 1:28
**focus**(1) 34:23
**follow**(1) 38:4
**followed**(3) 30:2  30:11  30:13
**following**(1) 30:2

**for**(122) 1:2  1:22  2:4  2:17  2:24  2:37  3:18 4:3  4:19  4:24  4:25  5:19  6:13  7:1  7:4  7:11 7:13  7:18  7:23  8:2  8:7  8:11  8:24  9:25 10:2  10:2  11:1  11:2  11:6  11:16  12:2 12:11  12:13  12:14  12:17  13:3  13:16  13:17 13:18  14:24  16:3  16:8  16:10  16:14  16:21 17:1  17:12  17:19  17:20  18:3  18:7  18:14 18:19  18:20  19:22  20:3  20:6  20:20  21:3 21:13  21:16  22:14  22:17  22:20  23:17 23:19  23:21  25:1  25:23  26:4  26:13  26:22 28:15  28:16  28:17  28:20  28:22  29:2  29:18 30:5  30:6  30:11  30:22  31:16  32:7  32:9 32:13  32:23  32:25  35:10  35:25  36:18 38:24  38:25  39:1  39:16  40:20  40:25  42:19 43:2  43:20  44:1  45:2  45:19  45:20  46:4 46:5  48:25  49:3  49:4  50:14  51:8  51:25 52:13  52:25  52:25  53:9  53:15  53:24  54:16 54:18  55:1

**forced**(1) 13:15
**foreclosure**(7) 25:7  27:6  28:3  30:7  37:1 37:2  45:20

**foregoing**(2) 26:21  55:11
**foremost**(1) 11:7
**formal**(2) 16:11  44:15
**formally**(1) 24:4
**forth**(7) 15:21  17:23  26:11  26:14  26:16 27:22  30:5

**forthcoming**(1) 16:4
**forward**(13) 14:17  14:22  15:2  29:12  33:11 34:2  34:2  35:11  38:6  39:3  43:9  48:12 48:13
**forwarded**(2) 50:2  50:3
**foul**(1) 21:21
**found**(1) 12:19
**four**(5) 24:3  27:16  36:18  46:24  47:4
**fox**(1) 2:40
**frankly**(5) 4:24  21:13  22:1  22:1  40:17
**fraud**(13) 25:17  28:1  28:16  28:20  32:7 35:18  36:25  37:1  39:11  42:14  42:18  42:20 47:3

**fraudulent**(1) 32:21
**fraudulently**(3) 33:4  33:5  36:23
**friday**(2) 31:11  41:25
**from**(26) 3:19  3:23  4:19  5:16  7:8  8:8  9:9 15:21  15:22  19:10  20:1  22:21  24:14  25:3 26:3  27:15  32:15  34:7  35:16  35:19  38:17 39:25  52:10  52:19  53:15  55:12
**front**(1) 52:22
**fulfilled**(1) 15:18
**full**(3) 26:4  31:14  49:7
**fully**(7) 14:12  15:7  17:9  17:9  17:16  34:1 42:16

**fund**(1) 32:13
**fundamentally**(1) 36:21
**funds**(2) 3:11  32:15
**further**(2) 30:10  38:18
**game**(5) 14:8  15:4  15:20  17:10  17:15
**gamesmanship**(1) 6:3
**garden**(4) 38:13  38:22  40:23  42:9
**gave**(9) 4:18  7:6  12:13  16:19  16:25  17:14 20:19  20:25  31:12

**general**(3) 3:24  4:12  42:17
**get**(23) 3:7  4:12  17:12  19:25  21:8  21:8 23:6  24:23  27:10  28:8  29:6  32:2  36:15 36:18  39:19  41:16  44:18  47:23  49:20 49:23  52:13  52:19  53:19

**getting**(3) 22:25  44:14  52:18
**give**(3) 3:8  11:18  47:25
**given**(4) 14:24  36:12  37:12  50:19
**gives**(1) 39:19
**goes**(2) 37:24  38:11

# AMERICAN HOME MORTGAGE 11-11710.PUC.DOC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **going**(44) 3:9 4:2 6:7 10:21 14:22 16:8 19:24 22:24 23:3 24:11 26:2 26:3 27:10 28:7 29:23 30:3 33:20 35:11 39:3 40:20 42:4 42:8 42:13 42:14 43:6 43:15 44:8 44:12 44:16 44:22 44:25 45:1 45:3 47:5 47:8 47:9 47:12 49:3 50:11 51:3 52:23 52:23 52:24 54:24 | | **her**(53) 9:10 9:11 9:20 9:21 15:15 16:3 18:14 24:19 24:20 24:25 25:1 25:2 25:2 25:6 26:19 27:7 27:11 27:11 29:22 29:22 30:15 30:16 31:5 32:2 32:11 32:12 32:13 32:14 32:20 32:20 34:7 35:10 35:10 36:2 36:24 37:1 37:5 38:5 39:2 39:3 39:12 39:17 39:18 39:21 39:22 41:7 41:21 42:8 47:12 50:24 51:10 51:12 54:7 | | **impacting**(1) 39:2 **implement**(1) 28:23 **important**(1) 27:1 **improper**(4) 6:16 14:11 30:7 37:2 **inadvertent**(2) 49:6 50:4 **inadvertently**(1) 49:2 **inc**(1) 1:8 **incident**(2) 31:15 37:21 **inclined**(1) 22:3 **included**(3) 10:18 36:25 39:14 **including**(2) 26:12 28:15 **incomplete**(1) 34:21 **incorporate**(1) 34:10 **incorporated**(1) 37:4 **incorrect**(2) 6:17 34:22 **incurred**(2) 7:17 12:5 **independent**(1) 39:4 **indicate**(1) 31:16 **indicated**(4) 14:14 15:20 30:17 35:4 **indicates**(1) 42:6 **individual**(2) 15:14 15:15 **individuals**(1) 8:20 **information**(4) 15:21 29:5 29:7 34:8 **initial**(4) 8:21 8:25 9:13 18:10 **injury**(1) 38:16 **inquired**(1) 15:24 **instance**(3) 12:2 20:7 31:16 **insufficient**(2) 29:1 29:3 **intend**(4) 3:12 14:17 43:23 50:5 **intended**(2) 12:10 48:13 **intensely**(1) 36:19 **intentional**(2) 49:6 49:19 **intentionally**(1) 33:3 **interesting**(1) 15:19 **interrogatories**(15) 11:23 12:22 28:9 28:10 28:12 28:13 29:1 29:3 29:4 29:11 31:7 31:9 31:10 41:21 41:24 | | **just**(28) 3:7 4:3 4:20 8:16 8:24 11:14 17:25 18:2 18:21 18:24 19:3 19:5 20:16 22:18 24:9 26:9 29:23 45:9 48:1 48:8 48:22 49:18 52:1 52:7 52:16 53:22 54:17 54:25 **keep**(1) 24:10 **kick**(1) 48:7 **kind**(5) 7:19 38:19 39:5 39:6 49:23 **kinds**(1) 45:22 **klonopin**(4) 31:17 31:18 31:19 41:4 **knew**(3) 6:22 15:9 29:9 **know**(14) 4:19 8:16 15:8 17:3 22:1 35:8 40:11 41:7 44:15 44:22 45:1 46:14 47:25 53:11 **knowing**(1) 38:7 **knowledge**(4) 15:9 15:12 18:11 18:12 **knowledgeable**(1) 21:10 **known**(1) 41:21 **knows**(2) 8:25 9:15 **laid**(1) 52:1 **lanser**(9) 9:2 9:9 9:15 9:18 10:3 15:15 15:22 15:25 18:10 |
| **gone**(2) 33:23 41:10 | | | | | | |
| **good**(13) 3:3 3:4 3:5 5:15 7:4 11:8 11:10 18:23 26:23 35:22 47:18 47:23 54:5 | | | | | | **last**(8) 7:18 7:23 10:4 41:25 42:10 44:15 49:4 51:15 |
| **got**(12) 4:14 14:7 15:22 17:2 17:4 17:11 21:25 27:21 29:4 49:11 49:21 51:2 | | **here's**(1) 52:23 **herein**(1) 26:23 **hessen**(3) 2:4 5:16 9:6 **hey**(1) 7:1 **high**(1) 32:23 **highly**(1) 36:13 **hillary**(2) 9:2 15:15 **him**(3) 9:4 18:6 50:19 **himself**(1) 40:18 **his**(9) 4:19 4:20 15:14 30:7 40:16 40:22 41:20 41:24 45:25 | | | | **late**(1) 36:17 **later**(6) 6:25 7:9 26:13 26:20 30:13 35:25 **laughter**(3) 5:2 48:4 54:6 **law**(9) 2:31 25:8 25:13 28:3 38:11 38:12 46:9 46:14 51:23 |
| **grant**(5) 42:4 42:13 42:20 53:3 54:23 | | | | | | |
| **granted**(2) 27:5 45:11 | | | | | | **lay**(3) 38:23 39:12 |
| **granting**(2) 3:18 3:23 | | | | | | **lays**(1) 51:25 |
| **gratitude**(1) 35:25 | | | | | | **learned**(1) 33:23 |
| **grounds**(2) 5:25 30:1 | | | | **interrogatory**(11) 12:23 13:6 28:16 28:17 28:18 28:20 28:22 28:24 30:16 37:13 37:15 | | **learning**(1) 37:21 |
| **group**(3) 3:18 4:7 22:17 | | | | | | **learns**(1) 34:20 |
| **guess**(1) 48:20 | | | | | | **least**(3) 13:7 20:5 43:17 |
| **guilfoyle**(1) 2:11 | | **holding**(1) 53:5 | | **interrupted**(1) 46:18 | | **leave**(3) 26:7 26:22 54:17 |
| **hac**(2) 6:18 6:20 | | **holdings**(1) 1:8 | | **into**(4) 3:7 25:25 36:17 41:16 | | **legal**(1) 34:24 |
| **had**(31) 9:17 10:13 10:20 10:22 10:24 15:12 16:13 17:6 17:6 17:7 17:12 17:17 18:8 20:6 21:23 24:18 25:25 27:2 27:4 27:9 27:13 29:1 30:24 32:3 32:17 33:8 36:17 37:5 37:22 49:17 50:17 | | **home**(2) 1:7 37:1 **honor**(139) 3:5 3:7 3:8 3:14 3:16 3:21 3:23 4:11 4:21 4:25 5:6 5:9 5:15 5:18 6: 6:11 6:18 6:22 7:11 7:15 7:23 8:10 8:16 8:24 9:12 9:15 9:22 10:1 10:4 10:23 11: 11:5 11:9 11:14 11:17 11:19 11:19 11:21 12:15 12:20 13:9 13:18 13:21 14:3 14:5 17:23 17:24 18:9 18:16 18:17 18:24 19:6 19:6 19:12 20:15 20:16 20:25 22:5 22:8 22:9 22:12 22:15 23:15 23:17 23:19 23:23 24:8 24:12 25:19 25:24 26:9 27:1 27:2 28:10 28:25 29:13 29:21 30:21 31:3 31:1 31:20 31:25 32:6 33:2 33:7 33:12 33:1 33:20 34:5 34:13 35:3 35:14 35:22 35:24 36:16 37:8 37:17 38:12 38:24 38:25 39: 39:13 40:11 40:15 40:25 41:18 42:2 42:2 43:4 43:19 44:1 44:4 44:11 45:8 45:11 45:17 45:23 46:17 46:18 46:24 47:7 47: 47:17 48:11 48:15 48:21 48:21 49:13 50:13 51:5 51:6 51:14 52:4 53:7 53:8 53:22 54:15 54:25 55:5 | | **introduction**(1) 16:16 **investors**(1) 33:6 **invoice**(8) 10:21 10:22 19:18 19:19 19:20 19:21 19:22 19:22 | | **legitimate**(5) 5:24 11:5 11:6 13:16 13:17 **legum**(6) 2:31 2:32 14:5 14:5 20:16 22:5 **legum's**(1) 18:18 **lengthy**(1) 29:8 **leslie**(1) 1:32 **less**(2) 18:6 31:11 **let**(3) 53:11 **letter**(9) 7:3 10:10 10:15 36:7 48:16 48:18 50:18 51:21 52:1 |
| **hadn't**(1) 31:6 | | | | | | |
| **hahn**(3) 2:4 5:16 9:5 | | | | **involving**(1) 37:22 | | |
| **half**(6) 7:7 7:9 21:23 31:12 41:25 42:17 | | | | **isn't**(2) 31:9 39:1 | | |
| **handed**(1) 11:22 | | | | **issue**(24) 8:14 10:4 10:10 21:7 22:21 22:21 31:24 35:9 39:12 40:2 40:19 41:2 41:13 48:9 48:12 50:13 50:22 50:24 51:1 51:17 51:17 51:18 52:9 53:9 | | **liability**(2) 26:16 34:6 |
| **happen**(3) 24:5 33:22 51:15 | | | | | | **licks**(1) 48:3 |
| **happened**(3) 7:5 19:2 38:15 | | | | | | **life**(1) 39:3 |
| **happy**(1) 39:8 | | | | | | **like**(11) 27:12 36:3 43:24 46:5 46:13 46:22 49:15 52:20 53:8 54:16 54:18 |
| **hard**(2) 24:20 39:23 | | | | **issued**(1) 19:20 | | |
| **harm**(4) 19:10 19:12 21:20 21:25 | | | | **issues**(4) 20:18 35:12 36:9 42:15 | | |
| **harrisburg**(1) 1:36 | | | | **it's**(47) 3:17 4:2 6:13 6:13 7:14 7:25 8:4 | | **likely**(2) 7:16 32:14 |
| **has**(17) 3:14 6:2 15:20 17:22 18:11 19:2 20:19 24:2 26:5 35:11 36:22 39:7 39:7 42:19 50:23 51:7 52:16 | | **honorable**(1) 1:17 **hope**(1) 18:15 **hopefully**(1) 23:12 **host**(1) 41:1 **hour**(6) 7:7 7:9 21:23 21:23 25:14 35:25 **house**(2) 44:19 47:24 **how**(8) 19:14 19:23 21:19 39:2 40:20 43:6 43:6 45:6 | | 9:23 11:6 13:2 13:2 14:15 15:2 18:2 18:2 18:3 19:3 19:4 19:4 19:4 19:4 20:9 20:10 20:11 20:20 23:14 27:25 28:2 30:6 30:6 34:19 38:24 38:25 39:2 39:10 39:19 40:6 40:6 40:23 41:8 41:11 42:9 44:14 46:3 46:13 48:18 52:1 53:4 | | **limine**(23) 23:24 31:7 42:4 42:13 42:25 43:1 43:9 43:14 43:22 44:2 44:9 45:1 45:11 45:12 48:6 50:14 50:21 51:3 51:25 53:2 53:23 54:23 54:23 |
| **hasn't**(1) 3:10 | | | | | | **limit**(1) 39:8 |
| **have**(93) 3:10 3:10 3:11 5:24 7:17 8:2 9:20 11:16 12:16 13:4 14:10 15:12 16:2 16:4 16:5 16:11 16:12 16:17 16:21 16:22 17:7 17:13 17:16 17:17 18:12 18:18 19:13 19:17 19:17 21:1 21:3 21:24 21:12 21:15 22:15 22:24 24:4 25:20 25:21 26:22 26:2 27:8 27:12 27:14 27:17 27:18 29:10 32:4 33:23 34:4 34:24 35:4 36:11 36:21 38:10 39:13 39:16 40:12 41:1 41:21 41:24 42:2 43:2 43:5 43:13 43:22 44:6 44:9 44:21 46:23 46:24 47:16 47:18 47:19 48:8 49:14 50:16 50:18 51:12 51:16 51:24 51:24 52:23 52:9 52:11 52:12 52:17 53:23 53:25 54:1 54:10 54:10 55:1 | | | | **item**(5) 3:15 3:17 5:9 5:14 23:18 **itemization**(1) 28:15 **items**(1) 3:15 **its**(4) 9:15 13:11 34:22 34:24 **itself**(2) 29:13 29:21 **james**(1) 2:24 **janitor**(1) 15:8 **judge**(1) 1:18 **judgment**(4) 43:3 44:5 45:2 48:8 **judicial**(2) 16:11 21:18 **july**(1) 36:17 **juncture**(2) 30:13 30:15 | | **liquidating**(1) 31:24 **list**(3) 54:18 54:21 55:3 **listed**(2) 16:20 20:21 **listing**(1) 55:3 **liteau**(1) 32:18 **literally**(1) 40:22 **litigation**(1) 27:2 **little**(4) 18:19 18:24 19:1 30:14 **live**(1) 46:25 **llc**(2) 3:18 4:7 **llp**(5) 1:23 2:4 2:10 2:17 2:24 **loan**(5) 32:13 32:15 36:23 36:24 39:19 **loans**(4) 28:19 28:23 33:5 33:6 **log**(1) 13:22 **logic**(4) 16:16 16:17 16:24 18:18 **long**(1) 19:14 |
| **haven't**(5) 13:21 25:12 33:8 43:11 51:7 | | | | | | |
| **having**(2) 14:25 23:21 | | **however**(3) 21:16 42:15 44:14 **i'd**(3) 35:17 36:3 42:20 **i'll**(10) 5:8 5:11 5:24 15:3 16:3 17:24 48:8 53:11 53:18 54:7 | | | | |
| **he's**(5) 18:25 19:13 20:22 21:4 40:21 | | | | | | |
| **hear**(3) 7:8 23:6 51:4 | | | | | | |
| **heard**(9) 4:8 23:17 23:21 23:21 25:12 27:17 31:4 33:1 43:24 | | | | | | |
| | | **i'm**(40) 3:8 4:4 4:23 8:17 8:17 9:1 13:4 16:3 17:19 18:14 20:2 20:4 20:12 20:23 22:2 22:4 24:6 26:2 26:3 30:3 30:12 34:11 42:12 44:12 44:24 45:1 45:8 45:17 46:18 47:7 48:12 49:21 50:7 51:3 52:23 52:23 52:24 53:15 54:13 54:18 | | | | |
| **hearing**(10) 4:15 4:21 6:19 22:20 23:5 23:19 35:25 43:25 47:24 55:8 | | | | | | |
| **held**(1) 29:7 | | **i've**(3) 14:7 25:20 48:16 **identical**(1) 51:3 **identified**(4) 8:21 9:1 9:25 35:18 **identity**(1) 33:4 **illustrate**(1) 11:17 **imagine**(1) 7:6 **ime**(1) 39:4 **immediately**(2) 15:5 52:14 **impact**(1) 26:21 | | | | |
| **help**(1) 23:21 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| longer(2) 19:15 29:10 | | monday(14) 23:22 43:25 44:13 44:17 44:22 48:6 48:10 49:15 49:16 51:4 53:11 53:18 53:23 55:6 | | not(95) 3:9 4:4 5:4 6:2 6:13 6:14 6:22 7:9 7:21 7:25 8:1 8:3 8:8 9:1 9:10 9:14 9:19 9:24 10:11 10:12 10:12 11:5 11:6 11:15 11:16 11:16 12:17 13:2 13:7 13:10 13:22 13:23 13:24 13:25 14:8 14:17 14:25 15:1 15:2 15:25 16:9 16:10 17:3 17:3 17:7 17:14 18:2 18:4 18:14 18:15 18:21 19:14 19:17 19:25 20:2 20:12 20:17 20:21 20:23 22:2 22:20 23:13 24:4 24:24 25:11 30:8 30:12 30:14 31:14 31:25 35:14 36:2 36:11 36:21 37:22 38:17 39:4 39:13 39:22 40:5 41:9 41:11 42:7 42:9 43:23 44:25 49:2 49:2 51:11 51:22 52:12 52:17 54:17 54:18 54:24 | | orders(1) 3:23 | |
| look(2) 22:1 52:13 | | | | | | ordinary(2) 12:3 12:6 | |
| looked(1) 46:22 | | | | | | original(1) 24:25 | |
| looking(3) 15:4 49:3 53:15 | | | | | | originally(3) 10:9 24:17 25:8 | |
| loose(1) 16:19 | | monetary(1) 20:3 | | | | originated(2) 36:23 36:24 | |
| lose(1) 32:14 | | money(4) 22:2 27:9 41:9 53:14 | | | | other(23) 7:24 10:13 16:13 19:2 20:7 22:13 25:15 26:5 28:13 29:6 32:1 32:4 32:11 32:13 32:18 32:19 41:12 42:23 42:25 43:1 43:8 43:13 43:22 | |
| loss(1) 13:4 | | months(1) 27:16 | | | | | |
| lot(3) 19:17 31:21 49:3 | | monzo(10) 2:25 22:8 22:12 22:14 22:14 22:23 23:1 23:4 23:10 23:15 | | | | | |
| low(1) 32:12 | | | | | | | |
| made(19) 7:7 11:11 13:21 14:9 17:17 20:10 24:19 32:11 32:22 34:1 34:4 35:8 37:5 37:22 38:8 41:17 51:16 51:17 51:18 | | | | | | others(1) 47:2 | |
| | | mooring(2) 3:18 22:17 | | | | otherwise(2) 3:17 53:18 | |
| | | more(7) 21:15 21:15 22:25 32:25 42:16 43:15 43:17 | | note(2) 13:19 22:18 | | our(24) 10:10 14:9 14:10 14:21 17:23 18:2 25:21 28:4 30:5 31:6 36:9 37:9 38:10 39:12 40:4 41:23 44:1 44:4 47:22 49:16 50:3 51:21 51:24 54:17 | |
| madison(1) 2:6 | | | | noted(1) 9:3 | | | |
| magnitude(1) 38:14 | | moreover(1) 3:24 | | nothing(7) 7:5 9:11 17:1 26:21 49:6 49:19 54:11 | | | |
| mail(1) 6:24 | | morning(2) 3:3 53:19 | | | | | |
| make(9) 9:20 13:19 14:7 17:24 20:5 24:10 25:20 32:24 52:7 | | morris(1) 2:24 | | | | ourselves(1) 39:8 | |
| | | mortgage(1) 37:2 32:24 40:9 | | | | out(16) 4:13 4:20 5:8 9:12 9:19 18:24 25:2 28:1 32:4 35:10 37:8 38:1 39:12 51:19 51:25 52:1 | |
| makes(1) 14:1 | | mortgages(1) 32:24 | | notice(18) 3:10 6:12 6:14 6:23 6:23 8:4 8:5 8:14 9:3 9:16 9:23 14:11 14:13 34:24 43:24 50:4 50:7 50:8 | | | |
| making(2) 18:5 38:17 | | most(1) 16:5 | | | | | |
| malice(1) 49:8 | | mostly(1) 10:6 | | | | | |
| manner(1) 34:20 | | motion(54) 3:17 4:5 5:1 5:3 5:4 5:10 5:18 5:19 7:15 7:20 7:22 8:18 9:19 11:2 13:21 12:23 13:24 15:20 17:11 17:16 18:5 22:4 22:17 22:19 23:3 23:24 24:13 26:9 31:6 40:13 42:4 42:13 43:2 43:8 43:8 43:22 44:2 44:5 44:9 45:2 45:11 45:12 48:8 50:14 50:20 50:21 50:22 51:2 51:3 51:24 53:1 53:2 53:3 54:23 | | | | outline(1) 36:20 | |
| many(7) 11:6 19:24 27:5 28:11 37:12 42:23 45:6 | | | | | | outlined(1) 37:3 | |
| | | | | noticed(2) 5:21 5:23 | | outset(1) 44:13 | |
| | | | | notwithstanding(1) 26:21 | | over(2) 27:16 39:19 | |
| market(3) 1:10 2:12 2:19 | | | | november(4) 1:13 3:1 3:12 55:16 | | overwhelming(1) 6:1 | |
| martinez(2) 40:4 47:21 | | | | now(12) 20:22 25:14 27:17 30:23 35:7 37:2 37:19 38:10 42:12 42:16 42:23 49:9 | | own(8) 3:25 9:25 20:13 21:8 25:2 39:23 40:16 51:19 | |
| material(1) 34:20 | | | | | | | |
| materials(1) 44:19 | | | | | | | |
| matter(15) 6:1 6:2 6:6 11:10 11:12 15:23 23:11 23:20 23:21 24:16 24:22 36:7 48:23 49:18 55:13 | | motions(6) 42:25 43:1 43:9 43:13 45:1 | | number(2) 3:15 25:15 | | p.m(3) 1:14 8:18 55:8 | |
| | | motivation(2) 40:5 40:6 | | numbered(1) 26:17 | | p.o(1) 2:20 | |
| | | moved(1) 29:12 | | numerous(1) 27:4 | | page(4) 11:25 11:25 12:8 12:22 | |
| | | movement(1) 8:4 | | object(4) 4:1 6:21 9:24 30:3 | | paid(1) 19:21 | |
| matters(1) 19:2 | | moving(1) 33:10 | | objected(1) 29:25 | | papers(3) 11:2 14:18 17:23 | |
| may(15) 3:5 8:1 11:19 18:13 20:16 22:9 26:22 26:25 45:17 47:2 47:21 48:6 52:4 53:2 53:13 | | much(3) 36:1 40:21 48:3 | | objection(8) 11:6 11:6 32:9 44:7 45:4 47:16 50:19 51:19 | | paragraph(3) 12:2 12:8 12:12 | |
| | | multiple(2) 39:23 41:15 | | | | paralegal(2) 49:16 50:3 | |
| | | murin(1) 1:32 | | | | parse(1) 16:12 | |
| | | must(6) 9:5 11:9 11:12 34:18 39:13 39:16 | | objections(2) 12:21 14:11 | | part(8) 11:12 11:12 18:22 20:5 32:22 34:18 39:4 47:22 | |
| maybe(2) 16:12 21:11 | | name(2) 19:5 21:8 | | obligation(4) 13:24 15:18 16:2 16:4 | | | |
| mcneill(1) 2:18 | | named(1) 8:22 | | obligations(1) 13:11 | | | |
| mean(8) 4:23 16:1 21:22 48:16 48:19 48:19 51:25 54:5 | | nature(2) 37:10 38:16 | | obvious(2) 10:23 12:15 | | partial(1) 32:14 | |
| | | nearly(1) 10:6 | | obviously(5) 30:1 31:3 31:21 33:22 41:6 | | particular(2) 8:22 49:4 | |
| meantime(1) 54:15 | | necessarily(2) 4:1 38:14 | | occasions(1) 18:6 | | particularly(2) 8:15 8:19 | |
| mechanism(1) 15:16 | | necessary(7) 4:2 9:6 18:6 23:6 23:14 38:20 53:14 | | occurred(1) 37:20 | | parties(5) 9:17 18:21 21:10 27:13 52:20 | |
| mediation(6) 6:4 7:25 8:1 8:2 14:22 14:25 | | | | occurring(1) 8:9 | | party(13) 11:11 15:8 15:11 15:12 15:17 16:20 17:4 17:4 21:17 34:18 34:20 34:22 34:24 | |
| mediator(3) 8:1 8:8 14:23 | | | | october(1) 25:4 | | | |
| medical(7) 31:13 31:14 31:14 31:15 32:2 39:3 39:4 | | need(15) 9:11 15:21 17:1 22:20 25:21 28:7 29:7 30:22 39:1 41:7 45:9 47:3 51:24 51:25 53:13 | | off(5) 35:24 39:17 39:18 46:1 46:10 | | past(1) 31:11 | |
| | | | | offer(3) 7:19 17:18 24:19 | | pay(6) 7:19 16:20 15:3 16:6 17:18 18:7 | |
| mentioned(1) 41:2 | | | | offered(3) 14:20 17:18 32:16 | | payment(2) 12:5 32:14 | |
| merican(1) 1:7 | | needed(1) 40:1 | | office(1) 22:21 | | payments(1) 32:23 | |
| merit(3) 50:20 50:22 53:1 | | needless(1) 17:11 | | offices(1) 2:31 | | peculiar(1) 30:2 | |
| merits(2) 48:7 53:1 | | needs(3) 6:9 6:15 31:21 | | official(3) 2:4 5:10 5:17 | | pending(7) 7:25 8:1 8:3 36:18 43:2 44:9 45:4 | |
| met(1) 6:8 | | negotiated(2) 8:13 33:19 | | okay(22) 5:7 14:2 19:9 22:8 35:21 37:17 40:14 42:1 44:8 44:18 45:16 46:7 46:16 46:20 47:5 47:18 48:2 51:11 53:15 54:1 54:12 54:22 | | | |
| middle(1) 19:16 | | negotiations(1) 26:1 | | | | | |
| midstream(1) 40:22 | | never(7) 4:14 16:4 25:10 27:17 31:4 32:17 33:1 | | | | pennsylvania(1) 1:36 | |
| might(1) 32:4 | | | | | | people(3) 8:22 9:1 9:2 | |
| million(1) 24:2 | | | | old(2) 2:33 16:16 | | perhaps(2) 21:14 42:16 | |
| mills(62) 2:37 23:25 24:1 24:7 24:13 24:14 24:18 25:2 25:18 26:4 26:7 26:10 26:18 26:22 27:2 27:16 27:18 27:21 28:14 28:19 28:23 29:2 29:8 29:14 29:18 29:22 30:9 30:12 30:23 31:16 32:1 32:9 32:10 32:14 32:18 32:19 33:2 33:3 33:5 33:6 34:5 35:9 35:23 36:20 36:22 37:5 37:22 38:5 38:15 39:7 42:7 47:9 47:10 47:11 50:23 50:23 51:7 51:17 51:20 52:8 52:14 52:16 | | new(23) 2:7 12:8 12:11 12:12 12:13 12:24 14:15 25:16 25:17 29:14 29:15 32:15 33:13 33:7 33:11 35:8 35:14 35:18 36:11 39:13 39:20 47:3 | | omissions(1) 13:15 | | period(1) 36:13 | |
| | | | | once(2) 24:25 27:17 | | person(1) 21:12 | |
| | | | | one(28) 3:23 5:11 6:13 7:14 7:23 7:24 11:22 13:19 16:6 16:23 17:3 19:5 20:23 29:14 29:15 33:8 36:22 37:19 39:17 39:18 39:23 41:2 43:15 43:17 43:18 43:22 45:10 52:4 | | piece(1) 27:1 | |
| | | | | | | place(2) 9:7 20:5 | |
| | | next(6) 4:21 12:20 32:21 40:22 43:10 | | | | placed(1) 50:24 | |
| | | nice(2) 4:23 23:6 | | ones(1) 39:25 | | plaintiff(2) 9:14 15:21 | |
| mind(1) 20:23 | | night(1) 49:16 | | onetime(1) 38:16 | | plaintiffs(1) 12:21 | |
| mineola(1) 2:34 | | nobody's(3) 15:4 17:10 17:15 | | only(8) 7:18 7:19 20:23 26:6 33:22 35:14 36:5 51:6 | | plan(2) 36:14 44:12 | |
| minimis(1) 21:22 | | non-debtor(1) 19:4 | | | | play(2) 15:4 42:19 | |
| minute(4) 42:10 44:15 49:4 51:15 | | non-parties(1) 15:16 | | | | playing(3) 14:8 17:10 17:15 | |
| minutes(1) 21:23 | | non-party(3) 15:13 15:14 15:15 | | | | pleading(3) 12:17 12:18 28:6 | |
| misconduct(1) 46:9 | | nonetheless(3) 10:24 42:10 42:17 | | opportunity(3) 35:12 44:21 50:19 | | pleadings(4) 12:17 24:15 32:8 37:6 | |
| mistake(1) 16:5 | | noon(2) 44:19 47:24 | | opposing(2) 50:2 50:14 | | please(7) 3:3 3:6 5:3 22:7 22:11 37:12 | |
| mixing(1) 41:4 | | north(1) 2:19 | | opposition(1) 37:9 | | pleased(1) 24:21 | |
| | | | | orchestrated(1) 32:22 | | plural(1) 13:1 | |
| | | | | order(24) 3:18 4:8 4:4 5:4 5:6 16:21 18:13 18:16 22:6 22:10 25:25 26:1 26:2 26:10 27:10 27:15 27:23 32:24 33:14 33:19 33:19 38:21 42:22 45:18 45:19 | | podium(1) 5:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **point**(25) 2:40 7:2 7:23 8:25 9:12 11:14 12:15 13:1 13:19 15:19 18:24 30:20 33:1 35:5 36:3 37:9 37:9 37:16 37:16 39:17 39:18 39:23 41:9 41:19 52:15 | | **qualms**(1) 12:16 | | **request**(9) 12:18 13:8 16:8 17:12 20:20 21:16 51:20 52:24 52:24 | | **says**(3) 7:15 11:9 50:15 | |
| | | **quash**(3) 50:20 50:22 51:2 | | | | **schedule**(1) 8:13 | |
| | | **question**(6) 29:25 30:11 32:1 46:1 48:20 52:11 | | **requested**(2) 27:4 28:13 | | **scheduled**(1) 8:11 | |
| **pointed**(1) 9:19 | | | | **requesting**(1) 21:17 | | **scheduling**(9) 25:25 26:1 26:2 26:10 27:10 27:15 33:13 39:17 42:12 | |
| **points**(2) 17:25 40:12 | | **questioning**(2) 38:4 38:8 | | **requests**(2) 16:10 18:19 | | | |
| **poorly**(1) 11:3 | | **questions**(3) 21:24 29:14 37:11 | | **required**(3) 31:10 35:7 44:16 | | **scheme**(3) 32:22 40:4 40:6 | |
| **portion**(1) 10:21 | | **quick**(1) 17:25 | | **requires**(3) 11:7 11:11 38:18 | | **schnitzer**(11) 2:5 5:12 5:15 5:16 11:21 14:3 15:24 17:24 19:18 19:12 20:15 | |
| **position**(2) 4:9 44:14 | | **quickly**(2) 27:12 36:19 | | **reschedule**(1) 7:12 | | | |
| **possession**(1) 39:24 | | **quiet**(1) 22:24 | | **reservation**(1) 4:12 | | **schuylkill**(1) 1:35 | |
| **possible**(2) 27:13 36:19 | | **quite**(2) 40:18 42:19 | | **reservations**(1) 4:3 | | **score**(7) 32:13 39:13 39:17 39:18 39:22 41:13 41:16 | |
| **potential**(1) 32:23 | | **quote**(1) 26:3 | | **reserve**(1) 50:16 | | | |
| **potter**(1) 2:17 | | | | **reserving**(1) 8:11 | | **scores**(1) 41:15 | |
| **ppearances**(2) 1:20 2:1 | | **raised**(2) 20:17 40:12 | | **resolve**(3) 6:6 7:21 24:22 | | **sean**(3) 1:24 3:6 23:17 | |
| **practice**(2) 14:15 14:17 | | **re-asked**(1) 7:17 | | **resolved**(3) 3:17 36:15 36:18 | | **seated**(1) 3:3 | |
| **preclude**(1) 24:14 | | **reach**(2) 4:13 5:8 | | **respect**(19) 4:5 5:12 6:12 9:9 18:1 18:9 18:10 18:17 27:6 28:8 30:23 32:6 33:15 34:21 35:15 41:13 43:8 45:12 45:13 | | **second**(13) 5:21 5:22 6:21 8:3 8:10 8:10 8:24 9:7 10:2 13:13 18:9 19:22 25:6 | |
| **precluded**(5) 33:14 33:15 35:16 35:18 | | **reaching**(1) 4:20 | | | | | |
| **precludes**(1) 34:7 | | **read**(5) 43:11 44:21 44:25 45:2 48:16 | | | | **secondly**(1) 6:18 | |
| **prefer**(1) 4:22 | | **reader**(1) 20:23 | | **respond**(3) 10:12 11:10 13:7 | | **securities**(1) 40:9 | |
| **preference**(2) 10:6 20:7 | | **ready**(1) 4:24 | | **responding**(1) 11:12 | | **securitization**(1) 33:7 | |
| **prejudice**(2) 33:10 35:3 35:5 | | **reaffirming**(1) 27:7 | | **response**(29) 3:22 4:8 4:12 4:14 10:12 10:13 10:15 11:1 11:2 11:23 12:23 14:4 21:16 22:18 23:8 29:18 30:6 31:5 31:5 31:8 32:9 34:19 34:21 35:21 37:16 44:1 44:4 44:15 48:19 | | **securitizations**(1) 32:25 | |
| **premature**(1) 13:20 | | **reality**(1) 21:22 | | | | **see**(14) 12:2 12:23 21:13 21:25 22:20 22:24 24:10 32:3 48:8 49:15 52:20 53:18 54:14 55:6 | |
| **preparation**(1) 23:21 | | **realizing**(1) 45:9 | | | | | |
| **prepare**(2) 35:6 41:22 | | **really**(6) 15:21 21:25 37:18 40:5 41:23 49:18 | | | | | |
| **prepared**(4) 28:3 34:1 43:9 48:11 | | | | | | **seek**(1) 26:7 | |
| **preparing**(1) 25:23 | | **reason**(11) 9:18 10:1 13:3 13:6 13:7 13:16 13:17 13:18 14:23 30:10 41:19 | | **responses**(7) 12:21 16:10 20:25 28:25 30:16 37:13 45:3 | | **seeking**(3) 30:12 30:18 43:23 | |
| **presented**(2) 36:12 38:23 | | | | | | **segments**(1) 39:14 | |
| **preserved**(1) 46:6 | | **reasons**(5) 6:13 7:24 11:7 32:4 41:1 | | **responsibility**(1) 17:20 | | **sense**(1) 14:1 | |
| **president**(3) 10:17 15:6 15:6 | | **receive**(1) 7:2 | | **responsible**(2) 7:11 7:13 | | **sent**(7) 8:4 8:13 8:15 10:9 49:13 49:15 50:17 | |
| **presumed**(1) 23:2 | | **received**(12) 9:8 10:14 10:15 14:25 19:21 27:24 28:25 42:24 49:17 49:24 51:6 51:7 | | **rest**(2) 11:13 11:15 | | | |
| **pretty**(1) 48:3 | | | | **result**(6) 7:16 21:22 31:1 33:12 49:11 53:3 | | **sentence**(1) 40:22 | |
| **previous**(1) 26:6 | | | | **resulted**(1) 19:10 | | **sentences**(1) 34:12 | |
| **previously**(1) 26:17 | | **recent**(1) 32:8 | | **retain**(2) 24:22 24:25 | | **september**(2) 8:18 9:5 | |
| **primary**(3) 31:18 41:5 41:5 | | **recently**(3) 7:18 33:23 42:6 | | **returns**(9) 49:25 50:23 51:21 51:23 52:11 52:13 52:17 52:18 52:19 | | **serious**(4) 7:4 7:10 33:25 35:8 | |
| **prior**(6) 6:21 7:2 27:4 37:4 37:21 45:10 | | **record**(13) 7:7 22:14 22:17 23:12 23:17 30:17 37:10 39:8 40:17 42:5 43:20 48:25 52:15 | | | | **seriously**(1) 6:2 | |
| **priority**(2) 26:13 28:18 | | | | | | **serve**(4) 15:17 17:11 36:6 49:5 | |
| **pro**(3) 6:18 6:20 37:5 | | | | **richard**(1) 2:38 | | **served**(8) 5:21 5:23 6:23 6:23 9:23 28:9 49:16 50:4 | |
| **probably**(3) 7:21 44:5 44:25 | | **recorded**(1) 1:40 | | **rico**(1) 46:13 | | | |
| **problem**(2) 13:4 36:2 | | **recording**(2) 1:40 55:12 | | **right**(37) 4:16 5:1 5:13 20:14 23:4 23:13 24:9 24:10 34:16 42:3 42:3 43:4 43:16 43:17 44:3 44:12 45:5 45:6 45:6 46:9 46:10 46:25 47:1 47:14 47:23 49:20 50:1 50:9 51:1 51:4 51:9 51:11 52:2 53:14 53:21 54:13 55:6 | | **server**(1) 49:3 | |
| **procedure**(3) 33:17 34:14 34:17 | | **records**(5) 31:13 31:14 31:15 31:15 32:2 | | | | **service**(2) 1:34 1:41 | |
| **proceedings**(5) 1:16 1:40 24:18 26:18 27:9 29:19 34:7 49:3 | | **rectify**(2) 33:9 35:5 | | | | **services**(1) 1:34 | |
| | | **reducing**(1) 3:11 | | | | **set**(9) 12:21 15:21 17:22 23:22 26:14 26:16 27:22 30:5 44:18 | |
| **process**(9) 6:4 14:25 19:25 25:20 27:6 | | **reference**(1) 37:4 | | | | | |
| | | **referencing**(1) 31:8 | | | | **setting**(2) 26:11 | |
| **produce**(8) 6:9 13:12 15:7 15:11 15:13 16:3 18:14 51:21 | | **referring**(3) 8:17 8:17 41:14 | | **rights**(4) 4:3 4:13 8:11 26:22 | | **settle**(1) 35:13 | |
| | | **refers**(1) 13:22 | | **rise**(2) 3:2 38:19 | | **settlement**(1) 24:19 | |
| | | **refinance**(1) 28:19 | | **road**(2) 2:33 2:41 | | **several**(3) 25:17 25:25 29:2 | |
| **produced**(4) 1:41 15:5 15:8 15:11 | | **refused**(5) 10:23 13:14 18:7 51:7 51:20 | | **rob**(1) 30:5 | | **shall**(5) 26:11 26:14 26:15 26:18 26:21 | |
| **producing**(1) 15:25 | | **regard**(7) 22:9 36:9 37:15 37:20 39:9 39:11 45:18 | | **rome**(1) 2:10 | | **sharon**(3) 1:25 43:19 48:24 | |
| **progressed**(1) 37:7 | | | | **ronald**(2) 9:1 15:14 | | **she**(30) 9:19 18:1 18:12 24:21 24:25 25:2 30:24 31:5 32:3 32:15 35:16 35:19 38:5 38:7 38:16 38:17 39:13 39:16 39:18 41:3 41:3 48:1 52:16 | |
| **promise**(1) 28:25 | | **regarding**(5) 22:16 22:21 23:11 23:24 46: | | **rule**(16) 11:7 11:9 13:22 15:10 15:16 16:2 18:20 19:7 33:16 34:8 34:14 34:23 35:2 48:20 49:2 52:25 | | | |
| **proof**(3) 23:25 28:4 33:22 | | **regardless**(1) 42:9 | | | | | |
| **proofs**(1) 26:1 | | **reimburse**(1) 7:16 | | | | | |
| **proper**(6) 8:5 14:13 16:25 17:11 17:14 20:25 | | **reinstating**(1) 27:6 | | | | | |
| | | **related**(2) 30:18 45:19 | | **rules**(7) 16:24 33:16 34:9 34:15 34:18 36:12 37:15 | | **she's**(4) 9:25 29:15 29:16 30:25 | |
| **properly**(5) 5:21 5:23 9:23 9:23 36:11 | | **relatively**(1) 7:6 | | | | **short**(4) 7:6 19:15 19:25 19:25 | |
| **property**(1) 25:3 | | **relevance**(3) 30:1 30:3 50:23 | | | | **shorten**(2) 43:8 43:23 | |
| **proposed**(1) 25:18 | | **relevant**(2) 34:18 52:22 | | **ruling**(1) 45:10 | | **shorter**(1) 19:17 | |
| **prosecute**(2) 4:24 26:19 | | **reliance**(1) 29:8 | | **run**(1) 22:13 | | **shortly**(1) 31:13 | |
| **prove**(2) 13:16 40:21 | | **relief**(6) 3:18 3:22 3:24 4:1 21:11 24:12 | | **said**(21) 4:13 7:13 7:15 7:18 7:20 7:20 8:15 9:4 9:19 13:9 15:25 15:25 16:1 18:11 28:1 28:7 30:7 30:12 46:3 52:13 52:15 | | **should**(15) 10:11 18:23 20:2 20:3 21:3 21:4 22:3 22:24 33:14 34:24 41:19 41:21 48:9 51:16 54:17 | |
| **provide**(3) 33:21 34:18 | | **relying**(1) 34:7 | | | | | |
| **provided**(1) 34:24 | | **reminder**(1) 6:25 | | | | | |
| **provides**(2) 45:19 46:4 | | **remit**(1) 5:24 | | | | | |
| **proving**(1) 37:23 | | **repeated**(1) 38:4 | | **same**(4) 13:3 28:21 32:10 50:18 | | **shouldn't**(2) 16:12 17:16 | |
| **provision**(2) 26:3 26:10 | | **reply**(3) 40:14 44:6 45:3 | | **sanction**(1) 20:3 | | **show**(21) 2:54 5:11 5:20 6:2 6:8 7:7 7:16 9:13 9:16 11:22 13:1 13:2 13:3 13:10 16:2 16:3 16:8 16:18 21:3 37:9 39:21 41:14 | |
| **psychological**(1) 38:18 | | **reporter**(6) 14:20 15:3 16:7 17:19 18:2 18:4 | | **sanctions**(8) 5:19 10:1 11:3 13:18 15:20 52:25 53:9 55:1 | | | |
| **pull**(1) 25:2 | | | | | | | |
| **pulls**(2) 39:23 41:15 | | | | | | | |
| **punitive**(19) 19:17 30:4 30:8 35:16 45:13 45:18 45:20 45:22 46:1 46:2 46:10 | | **represent**(1) 49:7 | | **saw**(2) 20:24 29:17 | | **showing**(1) 26:23 | |
| | | **representation**(2) 28:5 30:14 | | **say**(15) 7:24 12:3 12:8 12:9 12:13 12:25 13:20 18:25 19:16 21:1 21:8 21:20 34:11 52:3 52:4 | | **shown**(1) 10:17 | |
| | | **representations**(8) 28:10 29:9 30:21 34:3 40:17 45:24 45:25 48:13 | | | | **side**(4) 22:13 31:18 31:18 41:5 | |
| **pursuant**(3) 12:25 34:8 34:13 | | | | | | **sides**(2) 21:21 21:21 | |
| **pursue**(2) 37:23 42:8 | | **representativ**(1) 20:9 | | | | | |
| **pushing**(1) 35:25 | | **represented**(3) 24:3 52:9 52:12 | | **saying**(7) 7:3 7:8 9:10 13:10 20:4 23:2 27:25 | | | |
| **put**(2) 38:24 47:12 | | **representing**(2) 14:5 20:22 | | | | | |
| **qualification**(1) 30:20 | | | | | | | |
| **qualify**(2) 11:11 11:13 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| signed(4) | 6:16 9:23 24:10 33:19 | subpoena(13) | 9:11 9:21 15:17 42:25 48:9 48:12 49:4 49:12 49:14 49:17 50:7 50:8 50:16 | that(301) | 3:15 3:16 3:22 3:25 4:3 4:5 4:25 5:12 6:4 6:5 6:6 6:9 6:15 6:16 6:22 7:3 7:19 8:12 8:15 8:22 9:3 9:6 9:13 10:1 10:6 10:7 10:8 10:14 10:18 10:19 10:20 10:22 10:23 11:4 11:5 11:8 11:11 11:16 11:17 12:16 13:6 13:10 13:18 13:19 13:20 13:22 13:22 13:24 14:1 14:13 14:16 15:1 15:11 15:12 15:17 16:1 16:2 16:3 16:4 16:6 16:18 17:5 17:16 17:20 17:22 18:7 18:13 18:14 18:15 18:18 18:24 18:25 19:4 19:5 19:10 19:21 19:22 20:2 20:2 20:4 20:4 20:22 20:22 20:24 21:5 21:10 21:22 22:2 22:12 22:18 22:19 22:19 22:21 23:2 23:6 23:11 23:12 23:18 23:20 24:3 24:5 24:5 24:13 24:21 24:22 24:22 24:23 24:24 25:1 25:2 25:4 25:6 25:11 25:12 25:17 25:21 25:21 25:22 25:22 25:24 26:1 26:3 26:5 26:6 26:6 26:10 26:24 27:3 27:10 27:12 27:13 27:15 27:17 27:25 28:1 28:2 28:4 28:5 28:6 28:18 28:21 28:16 29:5 29:12 29:15 29:16 29:17 29:18 29:25 30:7 30:9 30:9 30:10 30:14 30:19 30:19 30:20 30:24 31:1 31:1 31:4 31:4 31:5 31:11 31:13 31:16 31:20 31:21 32:1 32:4 32:6 32:7 32:8 32:10 32:11 32:12 32:12 32:13 32:14 33:15 33:20 33:22 33:23 34:1 34:2 34:3 34:7 34:11 34:18 34:20 35:5 35:7 35:9 35:14 35:16 35:17 35:18 35:19 36:4 36:5 36:7 36:10 36:17 36:18 36:23 36:23 36:25 37:1 37:2 37:4 37:5 37:11 37:11 37:14 37:15 37:18 37:20 37:24 37:24 37:25 38:6 38:7 38:9 38:11 38:11 38:11 38:17 38:18 38:19 38:20 38:23 39:5 39:6 39:7 39:9 39:18 39:21 39:22 39:22 39:24 39:25 40:1 40:1 40:12 40:18 40:19 40:20 40:21 40:23 41:3 41:5 41:7 41:8 41:8 41:14 41:17 41:19 41:20 41:21 41:22 41:23 41:23 42:5 42:6 42:7 42:7 42:13 42:15 42:15 42:22 43:22 43:24 44:10 44:13 44:17 44:21 44:23 44:24 45:5 45:14 45:25 46:8 46:15 46:17 46:25 48:9 48:13 48:14 49:1 49:7 49:14 | the(301) | 1:1 1:2 1:17 1:27 2:4 3:2 3:3 3:6 3:6 3:7 3:9 3:11 3:11 3:13 3:14 3:15 3:19 3:20 3:21 3:22 3:24 3:25 4:1 4:3 4:4 4:6 4:9 4:14 4:16 4:21 4:23 5:1 5:1 5:3 5:3 5:7 5:9 5:9 5:11 5:12 5:13 5:16 5:18 5:19 5:20 5:20 5:21 5:21 5:22 5:22 5:23 6:1 6:3 6:5 6:12 6:12 6:19 6:23 6:23 7:2 7:5 7:9 7:10 7:12 7:13 7:14 7:14 7:15 7:16 7:20 7:22 7:23 8:1 8:2 8:4 8:4 8:8 8:8 8:10 8:10 8:11 8:12 8:12 8:14 8:14 8:17 8:20 8:22 9:3 9:6 9:7 9:7 9:7 9:8 9:16 9:17 9:17 9:19 9:22 9:22 10:2 10:2 10:4 10:4 10:5 10:7 10:8 10:16 10:16 10:17 10:17 11:1 11:1 11:2 11:3 11:5 11:9 11:10 11:10 11:12 11:12 11:12 11:13 11:15 11:16 11:20 11:21 11:24 11:25 12:3 12:4 12:5 12:6 12:7 12:7 12:8 12:9 12:10 12:12 12:13 12:13 12:14 12:16 12:17 12:18 12:20 12:20 12:24 12:25 13:1 13:2 13:3 13:5 13:6 13:7 13:8 13:9 13:11 13:11 13:13 13:13 13:15 13:16 13:25 14:2 14:4 14:6 14:8 14:8 14:11 14:12 14:13 14:14 14:15 14:16 14:17 14:18 14:18 14:19 14:20 14:20 14:22 14:23 14:25 15:3 15:3 15:6 15:6 15:6 15:7 15:8 15:11 15:12 15:12 15:19 15:20 15:23 15:23 16:6 16:6 16:8 16:13 16:17 16:18 16:20 16:21 16:23 16:24 17:2 17:3 17:3 17:5 17:14 17:18 17:19 17:19 17:21 18:1 18:2 18:4 18:7 18:7 18:9 18:13 18:20 18:22 18:25 19:1 19:5 19:7 19:7 19:9 19:10 19:10 19:11 19:12 19:13 19:16 19:18 19:19 19:19 19:20 19:21 20:1 20:3 20:3 20:4 20:5 20:8 20:10 20:14 20:17 20:18 20:20 20:23 20:24 21:1 21:2 21:3 21:4 21:4 21:5 21:6 21:7 21:7 21:14 21:16 21:16 21:17 21:21 21:22 21:24 22:1 22:4 21:25 22:2 22:4 22:6 22:10 22:13 22:13 22:14 22:16 22:17 22:20 22:22 22:24 23:2 23:3 23:5 23:9 23:10 23:12 23:13 23:16 23:17 |
| significant(1) | 33:24 | subpoenaed(1) | 21:12 | | | | |
| similar(1) | 9:22 | subpoenas(1) | 36:6 | | | | |
| simple(4) | 18:4 27:25 28:1 28:2 | subsequent(2) | 12:12 37:1 | | | | |
| simply(6) | 6:3 6:8 6:17 18:21 19:5 31:7 | substance(1) | 11:10 | | | | |
| single(3) | 5:17 15:22 16:20 | successful(1) | 3:10 | | | | |
| sir(3) | 44:9 51:13 53:17 | such(2) | 3:24 18:16 | | | | |
| sit(1) | 44:3 | sudden(1) | 27:18 | | | | |
| sitting(2) | 18:3 19:23 | suffering(1) | 38:17 | | | | |
| six(2) | 39:14 47:4 | suffice(1) | 18:14 | | | | |
| skipped(1) | 13:11 | sufficient(2) | 31:9 39:9 | | | | |
| some(12) | 10:5 16:13 21:11 21:20 21:21 24:23 31:14 34:20 41:20 42:19 46:9 53:3 | suggesting(4) | 17:5 20:2 40:23 41:20 | | | | |
| somebody's(1) | 20:12 | suicidal(1) | 31:19 | | | | |
| somehow(2) | 12:17 12:18 | suicide(4) | 30:24 38:2 38:3 41:6 | | | | |
| someone(1) | 24:6 | suite(3) | 2:13 2:27 2:41 | | | | |
| something(7) | 14:7 16:15 20:17 38:23 40:17 42:7 46:5 | suits(1) | 13:5 | | | | |
| | | summary(5) | 27:25 43:3 44:5 45:2 48:8 | | | | |
| sontchi(1) | 1:17 | sunday(3) | 44:19 47:24 53:19 | | | | |
| sorry(8) | 17:19 24:6 34:11 45:17 46:18 47:7 49:22 50:7 | supersede(1) | 26:16 | | | | |
| | | supersedes(1) | 26:5 | | | | |
| sought(2) | 24:12 25:15 | supplement(7) | 31:8 34:19 35:1 37:15 38:9 41:20 41:23 | | | | |
| sound(2) | 1:40 55:12 | | | | | | |
| source(1) | 6:25 | supplemental(1) | 29:4 | | | | |
| speak(2) | 4:17 22:15 | supplemented(3) | 29:3 41:22 41:24 | | | | |
| special(1) | 51:23 | support(2) | 25:9 41:17 | | | | |
| specific(8) | 19:10 19:12 20:20 21:15 25:10 26:9 28:12 37:10 | supporting(1) | 42:18 | | | | |
| | | supposed(5) | 11:8 18:21 21:9 | | | | |
| | | sure(9) | 3:8 4:4 9:1 18:15 24:10 44:20 48:15 54:4 54:18 | | | | |
| specifically(15) | 8:13 8:14 8:15 8:19 9:3 9:4 9:13 11:7 11:9 18:11 28:13 29:11 30:7 30:16 33:18 | surprise(2) | 35:4 37:18 | | | | |
| | | surrounding(1) | 28:19 | | | | |
| specificity(1) | 31:10 | sweesa(3) | 9:1 15:14 15:23 | | | | |
| specify(1) | 11:12 | symptom(1) | 41:5 | that(23) | 49:15 49:15 50:5 50:15 50:15 50:16 50:17 51:3 51:15 51:16 51:20 51:22 51:24 52:10 52:10 52:11 52:12 52:14 52:16 53:4 53:6 53:10 55:11 | | |
| spend(3) | 10:20 22:3 53:14 | table(2) | 46:1 46:11 | | | | |
| spent(2) | 22:2 27:8 | tables(2) | 16:17 16:17 | | | | |
| spoke(1) | 38:5 | take(10) | 11:24 14:9 21:23 25:11 28:1 29:10 36:3 40:21 47:6 52:14 | | | | |
| staff(1) | 47:25 | | | | | | |
| stam(2) | 24:8 35:22 | | | | | | |
| stamatio(1) | 2:39 | taken(1) | 6:2 | | | | |
| stamoulis(24) | 2:37 2:39 24:8 24:8 35:22 35:23 35:23 36:3 38:3 39:16 41:14 41:18 44:11 45:17 45:24 47:16 47:19 47:21 48:15 48:17 51:14 52:3 53:7 55:7 | takes(1) | 19:14 | | | | |
| | | talk(2) | 48:9 52:18 | that's(32) | 5:18 6:10 7:23 13:22 14:11 14:17 14:19 14:21 16:4 16:10 16:15 16:24 20:17 21:11 22:22 23:22 28:16 36:5 38:19 39:9 40:5 40:11 41:18 44:2 45:13 45:21 46:20 48:3 50:13 50:14 52:3 52:21 | | |
| | | talked(2) | 39:13 39:16 | | | | |
| stand(1) | 49:1 | talking(5) | 30:15 46:8 46:21 51:11 51:12 | | | | |
| standard(1) | 28:23 | tax(12) | 3:18 4:6 22:17 49:25 50:23 51:21 51:23 52:11 52:12 52:17 52:18 52:19 | | | | |
| standing(1) | 45:9 | | | | | | |
| stargatt(3) | 1:22 43:20 48:25 | | | | | | |
| start(2) | 15:23 44:17 | taxes(1) | 51:6 | | | | |
| state(3) | 8:19 9:13 12:24 | taylor(3) | 1:23 43:20 48:25 | | | | |
| stated(1) | 32:12 | technical(7) | 14:10 17:22 18:25 25:7 25:9 25:10 25:13 | | | | |
| statement(3) | 30:3 36:4 36:5 | | | | | | |
| statements(3) | 28:18 32:22 37:5 | | | | | | |
| states(3) | 1:1 1:18 26:10 | telegram(1) | 7:3 | | | | |
| statute(2) | 45:19 46:4 | tell(4) | 19:23 29:22 49:1 51:21 | | | | |
| statutory(2) | 30:6 46:4 | temporal(1) | 38:15 | | | | |
| stay(4) | 3:19 3:22 3:24 4:1 | ten(1) | 19:24 | | | | |
| step(1) | 36:17 | tendencies(1) | 31:19 | | | | |
| stephen(1) | 2:18 | term(4) | 12:16 12:18 13:5 16:19 | | | | |
| steve(1) | 14:5 | terms(5) | 31:9 32:15 33:13 35:3 36:23 | | | | |
| steven(2) | 2:31 2:32 | testified(1) | 15:7 | | | | |
| still(7) | 17:18 19:13 25:12 27:22 29:4 40:16 51:7 | testimony(1) | 15:7 | | | | |
| | | than(6) | 10:13 18:6 26:13 26:20 31:12 53:3 | | | | |
| | | thank(21) | 11:20 14:3 17:23 19:6 20:14 20:15 20:25 22:5 22:8 22:12 23:15 23:19 35:21 36:1 40:14 42:2 53:7 53:8 53:12 55:5 55:7 | | | | |
| stop(1) | 8:8 | | | | | | |
| stories(1) | 40:22 | | | | | | |
| street(5) | 1:10 1:28 1:35 2:12 2:19 | thanks(1) | 3:14 | | | | |
| stricken(1) | 50:16 | thanksgiving(1) | 54:3 | | | | |
| strong(1) | 38:5 | | | | | | |
| subject(2) | 38:4 51:2 | | | | | | |
| subjected(1) | 38:7 | | | | | | |
| submit(6) | 5:3 5:6 17:22 22:6 22:10 42:21 | | | | | | |
| submitted(5) | 14:12 17:15 33:2 36:7 37:4 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 23:18 23:21 23:21 23:22 23:23 24:1 24:2 24:5 24:6 24:9 24:12 24:15 24:17 24:19 24:20 24:22 24:23 24:24 25:3 25:6 25:7 25:11 25:14 25:14 25:15 25:19 25:22 26:3 26:5 26:6 26:7 26:9 26:10 26:12 26:14 26:15 26:16 26:16 26:17 26:20 26:21 26:23 26:24 26:25 27:3 27:3 27:4 27:5 27:8 27:14 27:15 27:15 27:17 27:20 27:21 28:4 28:5 28:6 28:6 28:10 28:13 28:14 28:19 28:19 28:23 28:25 29:4 29:5 29:7 29:8 29:9 29:11 29:13 29:14 29:15 29:18 29:18 29:19 29:21 29:23 30:1 30:2 30:5 30:5 30:13 30:15 30:17 31:2 31:6 31:8 31:10 31:12 31:14 31:15 31:17 31:17 31:18 31:21 32:4 32:7 32:7 32:9 32:9 32:10 32:11 32:12 32:15 32:16 32:17 32:18 32:22 32:23 32:24 33:2 33:3 33:3 33:4 33:4 33:5 33:6 33:6 33:8 33:9 33:12 33:13 33:13 33:16 33:19 33:22 33:25 33:25 34:2 34:3 34:3 34:4 34:6 34:6 34:9 34:11 34:15 34:16 34:20 34:21 34:23 34:23 35:3 35:5 35:7 35:12 35:13 35:14 35:15 35:17 35:18 35:19 35:21 36:2 36:3 36:7 36:7 36:10 36:12 36:13 36:20 36:23 36:25 36:25 37:2 37:3 37:4 37:7 37:9 37:10 37:11 37:11 37:15 37:17 37:20 37:21 37:22 37:23 37:24 38:2 38:2 38:3 38:4 38:8 38:10 38:12 38:12 38:14 38:15 38:16 38:19 38:20 38:20 38:22 38:24 38:25 39:3 39:4 39:6 39:6 39:8 39:11 39:11 39:14 39:15 39:19 39:21 39:25 39:25 40:4 40:6 40:6 40:6 40:7 40:12 40:12 40:14 40:19 40:22 41:3 41:3 41:4 41:5 41:7 41:9 41:11 41:12 41:12 41:13 41:13 41:15 41:15 41:16 41:17 42:1 42:3 42:4 42:4 42:5 42:7 42:10 42:11 42:11 42:12 42:12 42:13 42:14 42:17 42:18 42:18 42:20 42:20 42:23 42:24 42:24 43:2 43:5 43:8 43:10 43:11 43:12 43:13 43:16 43:20 43:20 43:24 44:3 44:4 44:7 44:8 44:12 44:13 44:14 44:21 44:24 44:25 45:2 45:3 45:4 45:6 45:11 45:11 45:12 45:13 45:15 45:18 45:18 45:19 45:21 45:24 45:25 | | **then**(11) 5:4 6:20 10:16 13:15 15:2 30:2 35:1 35:13 41:7 41:18 50:3<br><br>**theories**(5) 25:17 26:16 27:3 34:6 51:3<br><br>**theory**(1) 27:22<br><br>**there**(45) 4:3 4:6 7:8 8:6 10:8 10:12 12:22 12:25 15:16 17:1 17:22 19:15 19:15 19:24 21:13 21:20 21:24 22:20 24:6 25:1 25:7 25:15 25:16 25:17 27:16 30:9 30:20 32:5 34:6 34:9 37:18 37:19 37:19 37:21 41:18 42:25 43:1 46:14 47:2 49:2 49:6 49:7 49:8 49:18 50:21<br><br>**there's**(11) 13:20 17:21 19:1 21:11 31:20 33:9 40:1 40:25 45:21 50:20 51:25<br><br>**thereafter**(1) 31:14<br><br>**therefore**(1) 13:23<br><br>**these**(7) 10:10 24:18 27:25 31:22 32:8 34:4 41:11<br><br>**they**(89) 4:13 4:14 5:24 6:4 6:22 7:8 7:11 7:13 7:15 7:18 7:19 7:19 7:24 7:25 8:7 8:12 8:25 9:13 9:19 9:20 9:25 10:8 10:11 10:11 10:14 10:19 10:23 11:3 11:4 11:4 11:15 12:3 12:3 12:8 12:9 12:13 12:16 12:19 12:25 13:4 13:5 13:7 13:19 13:20 15:21 15:22 15:22 16:18 16:19 16:20 17:2 17:2 17:4 17:6 17:7 17:7 17:11 18:7 18:13 19:2 20:6 21:10 21:10 21:11 21:19 21:19 24:4 25:8 28:12 29:1 29:2 29:2 31:7 31:12 33:20 33:20 36:14 36:15 39:20 40:8 40:9 40:20 41:17 42:16 45:14 48:13 50:17 51:19<br><br>**they'd**(1) 7:13<br><br>**they're**(12) 10:7 10:20 13:10 16:9 16:11 18:12 18:15 37:17 39:25 44:16 51:10 51:22<br><br>**they've**(4) 6:3 6:4 6:5 39:24<br><br>**thing**(6) 14:9 15:19 18:25 48:6 50:18 52:4<br><br>**things**(2) 28:14 51:15<br><br>**think**(27) 4:2 7:10 10:1 13:7 13:18 15:20 16:8 18:21 21:16 21:20 21:21 22:3 23:5 27:22 36:16 39:9 40:11 42:15 42:25 45:22 46:3 48:18 50:20 50:21 52:21 53:4 53:25<br><br>**thinking**(3) 24:22 45:8 49:8<br><br>**third**(7) 5:23 6:21 13:14 19:23 33:2 51:22 52:19<br><br>**this**(84) 6:1 6:2 6:6 7:1 7:1 7:21 8:11 8:18 9:24 11:2 11:15 13:20 13:23 13:24 14:9 14:17 15:25 16:25 17:1 17:7 17:10 17:13 17:15 17:16 18:5 19:2 19:16 19:18 19:19 19:20 19:21 20:18 20:18 20:18 20:19 20:21 20:22 21:2 21:12 22:19 23:1 23:20 25:19 27:1 27:2 27:9 30:12 30:14 31:11 31:23 31:23 32:3 32:4 33:1 33:14 33:18 33:25 35:5 35:9 35:25 36:4 36:6 36:15 38:13 38:21 39:12 39:20 40:6 41:2 41:9 41:11 41:19 41:25 42:6 42:24 43:6 49:8 50:15 50:15 51:16 51:19 52:9 52:17 53:5<br><br>**those**(40) 8:20 9:2 10:18 13:17 19:25 20:8 24:3 24:14 25:1 25:9 28:9 29:1 29:24 30:21 31:15 33:11 34:18 35:1 35:15 35:17 35:19 37:2 37:7 37:14 37:23 42:19 43:10 44:13 46:5 46:10 51:8 52:11 52:12 52:17 52:18 52:19 53:19 54:16<br><br>**though**(4) 10:25 16:8 29:9 51:10<br><br>**thought**(2) 7:25 51:10<br><br>**thoughts**(1) 41:6<br><br>**three**(4) 5:19 17:25 18:17 36:18<br><br>**through**(16) 6:7 10:21 16:12 19:18 19:24 29:11 33:9 33:23 34:9 34:14 36:20 37:9 37:16 38:11 40:3 41:10 | | **throughout**(7) 6:3 24:17 25:19 27:3 27:9 34:4 41:11<br><br>**thursday**(1) 54:2<br><br>**till**(1) 48:10<br><br>**time**(30) 4:10 6:21 9:24 10:21 11:1 15:25 18:2 19:18 19:19 19:20 19:21 20:12 20:17 20:18 27:14 27:15 27:18 29:18 31:17 32:8 32:10 32:19 36:13 41:4 41:9 42:19 44:17 52:15 53:5 53:6<br><br>**timeframe**(1) 37:25<br><br>**timely**(1) 34:20<br><br>**times**(1) 39:17<br><br>**timing**(1) 49:18<br><br>**today**(15) 4:4 19:23 22:4 22:20 36:1 36:8 36:10 42:24 43:15 43:23 44:6 44:9 48:12 48:14 49:1<br><br>**together**(1) 31:25<br><br>**told**(7) 7:11 7:12 25:2 29:6 32:11 39:18 52:16<br><br>**tomorrow**(1) 44:5<br><br>**too**(1) 4:25<br><br>**took**(4) 7:5 9:7 10:16 20:24<br><br>**tori**(1) 2:11<br><br>**traci**(1) 55:17<br><br>**trade**(13) 2:24 5:11 5:20 6:2 7:16 9:13 9:16 11:22 13:1 13:2 13:3 13:10 21:3<br><br>**transcribed**(1) 28:6<br><br>**transcriber**(1) 55:18<br><br>**transcript**(4) 1:16 1:41 10:18 55:12<br><br>**transcription**(2) 1:34 1:41<br><br>**transcripts**(1) 39:20<br><br>**transfer**(1) 19:21<br><br>**transfers**(4) 12:4 12:5 12:10 20:10<br><br>**transparency**(1) 24:23<br><br>**trauma**(1) 38:18<br><br>**travel**(1) 46:14<br><br>**treatment**(1) 38:19<br><br>**trial**(17) 18:14 23:22 24:15 25:11 25:14 27:12 27:17 31:12 34:2 35:17 35:20 38:6 41:25 42:17 43:5 43:12 53:24<br><br>**tried**(3) 4:13 6:6 25:20<br><br>**trotted**(1) 51:19<br><br>**trouble**(2) 22:25 46:4<br><br>**troubled**(2) 30:14 31:3<br><br>**true**(5) 10:7 16:22 16:23 17:14 33:4<br><br>**trust**(1) 33:7<br><br>**truth**(2) 16:17 16:17<br><br>**truthfully**(1) 13:14<br><br>**try**(1) 36:18<br><br>**trying**(2) 18:25 20:12<br><br>**tsf's**(1) 8:21<br><br>**tuesday**(1) 53:23<br><br>**twelve**(1) 19:24<br><br>**two**(17) 2:40 3:23 9:1 9:2 11:18 11:21 14:9 25:1 34:12 35:6 36:9 36:22 37:2 37:8 44:9 47:19 47:20<br><br>**type**(3) 31:22 31:23 46:10<br><br>**ultimately**(2) 25:10 26:2<br><br>**um-hum**(1) 39:15<br><br>**umbrage**(1) 36:4<br><br>**unconditionally**(1) 7:14<br><br>**undeniable**(1) 10:24<br><br>**under**(15) 11:8 13:23 13:24 15:10 15:16 16:2 22:10 25:7 25:13 28:3 33:16 34:23 36:24 37:15 38:12<br><br>**underlying**(1) 32:24<br><br>**understand**(7) 21:5 24:20 25:22 40:18 46:17 51:14 54:25<br><br>**understanding**(4) 29:22 30:19 30:19 45:23<br><br>**understood**(2) 27:13 46:12 | | **underwhelming**(1) 21:2<br><br>**underwriting**(1) 28:23<br><br>**undisclosed**(1) 23:24<br><br>**unfair**(1) 42:11<br><br>**unfortunately**(1) 24:24<br><br>**unintentional**(2) 49:10 50:10<br><br>**united**(2) 1:1 1:18<br><br>**unless**(1) 53:14<br><br>**unnecessary**(2) 20:6 53:13<br><br>**unsecured**(3) 2:5 5:10 5:17<br><br>**until**(8) 3:9 27:16 27:17 31:5 42:6 45:2 53:1 53:6<br><br>**unusually**(1) 49:13<br><br>**unwilling**(1) 7:16<br><br>**update**(1) 3:8<br><br>**upon**(3) 9:16 20:24 26:23<br><br>**use**(4) 16:18 38:6 50:11 54:24<br><br>**using**(2) 12:16 13:4<br><br>**valid**(3) 6:13 6:13 9:23<br><br>**value**(5) 12:9 12:11 12:12 12:13 12:24<br><br>**variety**(4) 38:13 38:22 40:23 42:9<br><br>**various**(1) 27:2<br><br>**vein**(1) 25:24<br><br>**vendor**(1) 12:13<br><br>**versus**(1) 5:10<br><br>**very**(19) 10:19 21:18 24:20 25:20 27:1 28:12 29:7 33:25 35:8 35:8 36:1 36:19 37:25 40:19 42:6 42:6 47:18 47:23 51:23<br><br>**vet**(2) 35:12 38:21<br><br>**via**(2) 13:16 49:14<br><br>**view**(1) 40:8<br><br>**viewed**(1) 40:9<br><br>**violation**(2) 42:12 52:25<br><br>**violations**(1) 5:19<br><br>**voicemail**(1) 28:5<br><br>**voluntary**(1) 14:9<br><br>**wait**(2) 48:8 48:9<br><br>**waiting**(2) 4:19 18:3<br><br>**walked**(1) 32:15<br><br>**want**(8) 15:11 22:16 24:9 35:24 36:14 36:15 52:7 55:1<br><br>**wanted**(3) 8:8 8:22 9:2 15:22 22:18 23:12 41:23 48:22<br><br>**was**(124) 4:19 4:20 6:13 6:16 6:18 6:19 6:20 6:21 6:23 6:23 6:24 6:24 7:5 7:12 7:21 7:25 8:1 8:3 8:5 8:5 8:6 8:6 8:12 8:25 9:2 9:6 9:23 9:24 10:8 10:10 10:13 10:23 11:2 11:14 11:16 11:22 12:24 13:6 13:10 13:15 14:11 14:13 14:14 14:22 14:23 14:25 15:2 15:2 16:14 17:1 18:5 19:9 19:16 19:16 19:20 19:25 20:21 21:22 22:18 22:20 23:5 23:10 24:21 24:24 25:6 27:1 27:3 27:15 27:23 29:5 29:19 29:23 30:1 30:8 30:9 30:20 30:22 30:25 31:1 31:11 31:13 31:16 33:18 33:19 35:9 36:13 36:16 36:23 36:24 37:1 37:2 37:19 38:3 38:5 38:16 39:22 41:3 41:3 41:7 41:22 42:6 42:8 45:9 45:9 46:22 47:10 47:12 49:3 49:5 49:6 49:7 49:8 49:10 49:17 49:18 49:18 49:19 50:4 50:10 51:16 51:17 51:18 52:9 55:8<br><br>**wasn't**(2) 12:15 16:19<br><br>**waste**(1) 20:12<br><br>**waxman**(3) 4:16 4:17 22:16<br><br>**waxman's**(1) 22:14<br><br>**way**(5) 7:9 26:6 33:9 35:4 50:5<br><br>**we'd**(4) 9:20 15:24 27:12 29:10<br><br>**we'll**(13) 5:6 19:16 22:12 42:22 44:5 44:23 44:25 47:19 48:5 49:20 52:13 52:13 55:6<br><br>**we're**(13) 7:9 9:10 11:14 25:23 28:7 39:8 43:23 44:14 46:8 48:11 51:11 51:17 52:9 |
| **the**(114) 46:1 46:3 46:4 46:8 46:10 46:13 46:14 46:20 46:22 47:3 47:5 47:8 47:14 47:18 47:20 47:21 47:23 47:24 48:1 48:3 48:5 48:5 48:6 48:7 48:7 48:8 48:10 48:16 48:16 48:17 48:18 48:18 48:20 48:20 48:23 48:23 48:25 48:25 49:2 49:4 49:4 49:9 49:11 49:11 49:14 49:17 49:17 49:20 49:21 49:23 49:24 50:1 50:4 50:6 50:8 50:9 50:10 50:11 50:15 50:15 50:18 50:18 50:19 51:1 51:1 51:3 51:6 51:6 51:9 51:11 51:15 51:18 51:20 51:22 51:23 52:2 52:6 52:15 52:16 52:20 52:21 52:24 53:1 53:1 53:1 53:2 53:3 53:9 53:10 53:11 53:13 53:18 53:22 53:23 53:24 53:25 54:2 54:4 54:8 54:9 54:10 54:13 54:15 54:20 54:23 54:23 55:2 55:4 55:6 55:8 55:11 55:12 55:12 55:13 | | | | | | | |

| **their**(40) 5:24 6:15 6:21 7:24 8:7 8:25 9:12 9:24 9:25 10:11 10:25 11:2 11:14 11:23 12:1 12:12 12:17 12:23 17:2 17:4 17:11 18:10 20:4 23:23 27:19 27:23 31:7 31:8 31:8 33:21 33:21 34:25 36:14 39:23 40:3 40:5 50:21 50:22 50:22 51:20 |
|---|

| **them**(45) 4:10 4:13 6:24 6:25 7:6 7:8 7:11 7:12 8:2 8:3 8:13 8:15 9:9 9:20 10:9 10:9 11:4 11:19 12:24 13:5 16:12 16:14 18:3 20:10 20:24 27:5 28:11 29:5 29:12 35:13 37:16 43:11 48:7 50:2 50:3 51:22 51:22 52:13 52:13 54:17 54:17 54:20 54:24 55:3 |
|---|

| **theme**(1) 6:1 |
|---|

| **themselves**(3) 31:16 40:8 40:9 |
|---|

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **we've**(9) 6:6 6:7 6:7 17:9 22:1 33:1 35:9 36:19 41:10 | | **with**(103) 4:5 4:10 4:17 5:12 6:5 6:5 6:8 6:12 8:7 8:11 9:6 9:9 9:15 10:10 10:13 15:8 16:20 17:3 17:4 18:1 18:9 18:10 18:17 19:1 19:2 20:21 21:7 21:14 21:14 22:9 25:7 25:24 26:1 26:9 27:6 27:11 27:11 28:14 29:2 30:2 30:2 30:11 30:22 31:20 32:3 32:6 33:11 33:15 33:24 34:2 34:2 35:2 35:10 35:15 36:4 36:9 36:12 36:14 37:10 37:12 37:15 37:20 37:24 38:11 38:12 38:14 38:15 39:6 39:9 39:12 40:3 41:2 41:4 41:10 41:10 41:13 42:4 42:8 42:13 42:14 43:8 43:8 43:9 44:7 44:13 44:25 45:1 45:3 45:10 45:12 45:13 45:18 47:3 48:5 48:14 48:19 49:2 49:7 51:20 52:25 53:1 53:4 54:16 | | **young**(3) 1:22 43:19 48:24 |
| **wed**(1) 3:1 | | | | **you**(155) 3:5 3:7 3:8 3:14 3:16 3:21 3:23 4:9 4:11 4:21 4:25 5:6 5:9 5:15 5:18 6:1 6:10 6:18 6:22 7:11 7:15 7:23 8:10 8:16 8:16 8:19 8:24 9:12 9:15 9:22 10:1 10:4 10:22 11:1 11:5 11:9 11:14 11:17 11:18 11:19 11:19 11:21 11:24 11:25 12:15 12:20 12:24 13:3 13:18 13:21 14:3 14:5 17:23 17:24 18:9 18:16 18:17 18:24 19:5 19:6 19:12 20:15 20:16 20:25 21:8 21:25 22:5 22:8 22:9 22:12 22:15 23:15 23:17 23:19 23:23 24:8 24:12 25:19 25:24 26:9 27:1 27:21 28:10 28:25 29:13 29:21 30:17 30:19 30:21 31:3 31:10 31:20 31:25 32:6 33:2 33:7 33:12 33:18 33:20 34:5 34:13 35:3 35:14 35:22 35:24 36:16 37:8 37:13 37:16 38:12 38:24 38:25 39:10 39:13 40:11 40:15 40:25 41:18 42:2 42:22 43:4 43:19 44:1 44:4 44:11 45:8 45:10 45:11 45:17 45:23 46:17 46:18 46:24 47:7 47:11 47:17 48:1 48:15 48:19 48:21 48:21 49:13 50:13 51:5 51:6 51:14 52:4 53:7 53:8 53:22 54:4 54:15 54:20 54:25 55:5 |
| **wednesday**(2) 53:25 54:1 | | | | |
| **week**(6) 4:17 7:18 31:12 41:25 42:16 | | | | |
| **weeks**(2) 6:25 36:5 | | | | |
| **weigh**(1) 39:10 | | | | |
| **weighed**(1) 40:19 | | | | |
| **weighs**(1) 38:25 | | | | |
| **weinblatt**(3) 2:37 2:38 35:23 | | | | |
| **welcome**(6) 14:4 21:1 22:6 23:16 42:3 44:17 | | **withdraw**(3) 7:20 23:3 23:13 | | |
| | | **withdrawn**(3) 22:19 24:4 24:4 | | **yours**(1) 54:13 |
| **well**(29) 3:13 4:9 4:16 5:8 11:19 16:1 16:1 21:1 23:13 29:15 29:19 34:10 35:20 40:25 43:11 45:14 45:24 46:3 48:14 48:1 50:13 51:14 51:16 52:1 52:23 52:24 53:1 54:1 54:20 | | **withdrew**(1) 25:11 | | **yourself**(1) 22:25 |
| | | **within**(2) 20:22 41:8 | | **zieg**(32) 1:25 43:19 43:19 44:2 46:17 47:1 47:11 48:11 48:21 48:24 48:24 49:10 49:13 49:21 49:24 50:2 50:7 50:10 50:13 51:5 51:10 51:13 52:4 52:7 53:8 53:12 54:9 54:15 54:22 54:25 55:3 55:5 |
| | | **without**(1) 38:25 | | |
| **went**(4) 10:16 16:16 19:5 40:3 | | **witness**(8) 5:22 6:9 9:25 13:13 20:1 21:4 21:7 38:23 | | |
| **were**(59) 4:14 7:10 7:11 8:7 8:20 11:3 11:4 12:5 12:10 14:24 17:7 17:13 19:2 19:9 19:18 19:19 19:20 19:24 20:10 21:24 23:2 24:19 24:20 24:21 25:1 25:1 25:7 27:5 27:10 27:16 28:10 28:11 28:12 29:1 29:3 29:4 29:6 29:25 31:4 31:25 32:7 32:8 32:19 32:22 33:20 34:1 37:3 37:8 37:11 37:11 37:12 37:25 42:25 43:1 45:14 46:1 46:21 49:3 49:5 | | | | |
| | | **witnesses**(8) 9:16 19:14 32:1 45:7 46:23 46:25 47:19 47:20 | | |
| **weren't**(5) 7:8 9:20 19:1 30:18 40:20 | | **won't**(1) 44:15 | | |
| **west**(1) 1:28 | | **word**(1) 16:20 | | |
| **what**(49) 6:7 6:10 7:5 8:21 10:5 10:10 13:9 15:20 15:21 16:1 16:5 16:10 16:13 16:25 18:20 19:9 19:9 21:18 24:20 25:22 27:19 27:23 29:24 30:23 32:4 35:10 37:3 37:24 38:2 38:14 38:24 38:25 39:10 40:7 43:5 44:2 44:17 45:1 45:18 46:15 46:22 49:9 49:20 49:23 49:23 51:12 52:23 54:15 54:18 | | **words**(1) 25:3 | | |
| | | **work**(2) 6:6 6:7 | | |
| | | **worked**(1) 36:19 | | |
| | | **working**(2) 4:14 24:19 | | |
| | | **works**(1) 4:25 | | |
| | | **worry**(2) 29:6 48:1 | | |
| | | **worst**(1) 14:14 | | |
| **what's**(4) 19:7 39:8 44:22 48:19 | | **worth**(3) 38:25 38:25 39:10 | | |
| **when**(18) 10:13 11:10 13:5 15:24 16:18 18:22 24:18 24:21 27:21 34:22 37:25 44:22 49:21 50:3 50:23 52:8 52:10 52:11 | | **would**(40) 4:21 7:19 7:20 7:21 9:18 13:19 15:1 16:14 17:7 17:13 18:5 18:14 18:15 19:13 19:17 21:15 22:2 22:19 24:22 24:23 29:10 32:13 32:14 33:10 35:7 35:14 37:14 38:7 39:6 40:21 41:1 43:24 49:15 50:18 50:21 51:2 52:20 53:8 54:16 54:18 | | |
| **where**(10) 8:17 12:3 18:21 20:7 27:19 33:20 37:19 47:25 51:19 51:21 | | **written**(1) 44:15 | | |
| | | **wrong**(3) 15:2 15:2 16:9 | | |
| | | **wrongdoing**(1) 28:21 | | |
| | | **wrongful**(2) 45:20 46:5 | | |
| **whereupon**(1) 55:8 | | **www.diazdata.com**(1) 1:38 | | |
| **wherewithal**(1) 50:24 | | **yeah**(5) 22:23 48:17 52:3 54:2 54:8 | | |
| **whether**(6) 8:7 15:24 34:22 34:23 42:9 52:19 | | **years**(2) 35:10 36:18 | | |
| | | **yes**(16) 3:20 11:20 19:13 19:19 19:20 19:22 24:8 44:11 45:15 45:15 49:13 51:5 51:13 52:6 53:17 53:20 | | |
| **which**(34) 5:24 6:9 6:19 10:17 10:23 11:2 12:20 12:23 13:15 14:15 18:5 26:4 26:15 27:5 27:22 28:5 29:23 30:1 31:9 31:11 31:17 31:24 34:8 36:10 36:11 36:13 36:2 36:24 37:12 38:14 38:16 40:17 41:6 44:16 | | **yet**(3) 12:17 13:6 24:4 | | |
| | | **york**(2) 2:7 14:15 | | |
| **while**(3) 4:1 18:18 45:8 | | **you**(110) 4:9 5:4 5:18 6:10 7:4 7:6 7:10 8:16 9:5 9:11 11:18 11:20 11:22 12:1 12:22 14:3 14:15 14:16 15:17 15:17 16:1 16:3 16:18 16:21 17:1 17:23 19:6 19:18 19:19 19:20 19:21 19:23 20:9 20:14 20:15 20:25 21:7 21:8 21:9 21:12 21:20 21:23 21:24 21:24 21:25 22:1 22:5 22:8 22:12 22:24 23:2 23:2 23:15 23:19 24:10 28:7 28:21 29:6 29:7 30:17 34:11 35:8 35:21 35:25 36:1 40:11 40:14 42:2 42:21 43:13 44:9 44:15 44:18 44:24 46:13 46:19 46:21 47:25 47:25 48:19 49:1 49:1 49:7 49:11 49:15 49:20 49:23 50:11 50:16 51:12 51:12 51:24 52:11 52:14 52:20 53:7 53:8 53:8 53:11 53:12 53:15 53:18 54:10 54:16 54:18 54:20 55:5 55:6 55:7 | | |
| **who**(6) 9:25 15:8 17:3 21:9 30:12 49:16 | | | | |
| **who's**(1) 32:18 | | | | |
| **whole**(6) 6:16 7:20 7:22 18:22 24:17 40:25 | | | | |
| **whom**(1) 20:21 | | | | |
| **why**(4) 10:10 13:4 40:7 41:1 | | | | |
| **wife**(1) 54:4 | | | | |
| **will**(11) 14:20 15:17 16:6 22:14 23:21 24:3 24:5 41:4 41:16 42:20 50:17 | | | | |
| **willful**(2) 15:3 46:8 | | **you'll**(6) 17:12 21:8 28:8 47:18 47:23 | | |
| **willfulness**(1) 17:21 | | **you're**(16) 3:9 4:23 10:7 11:8 14:4 21:1 21:9 22:6 22:25 23:16 42:3 44:8 44:16 47:5 47:8 54:24 | | |
| **willing**(6) 7:12 18:12 18:13 18:15 18:16 52:19 | | | | |
| **wilmington**(7) 1:11 1:29 2:14 2:21 2:28 2:42 3:1 | | | | |
| **wishes**(1) 37:17 | | **you've**(1) 51:1 | | |
| **wit**(1) 39:11 | | | | |