IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) Chapter 11 |
| | ) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | ) Case No. 07-11047 (CSS) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related Docket Item No. 9453** |
| | ) **Hearing Date: December 15, 2010 @4:00 p.m. (EST)** |
| | ) |

## RESPONSE OF DB STRUCTURED PRODUCTS, INC. TO DEBTORS' SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS

DB Structured Products, Inc. ("DBSP"), by and through its undersigned counsel, hereby responds to the *Debtors' Sixty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,* dated November 15, 2010 [Docket No. 9453] (the "Objection"), and respectfully submits as follows:

### SUMMARY OF OBJECTION

1. The Objection, without explanation, assumes that the claim amendments that the Debtors call the "Surviving Claims" of DBSP supersede its earlier-filed claims and that, therefore, those earlier-filed claims should be expunged. In fact, the Surviving Claims merely supplement the prior claims, primarily to assert specific claims for reimbursement that matured after the original claims were filed. The "Surviving Claims" did not purport to restate or otherwise treat with the bulk of the claims that had been addressed in the earlier-filed claims. There is, therefore, simply no basis for the Debtors' assertion in the Objection that those claims "no longer represent valid claims against the Debtors' estates." Objection, ¶ 10. Accordingly, the Objection should be overruled.

A/73570035.1

## **RELEVANT FACTS**

2. DBSP and certain of the Debtors are parties to a Master Loan Purchase and Servicing Agreement, dated as of May 1, 2006 (the "MLPSA"), and to a Master Mortgage Loan Purchase and Interim Servicing Agreement, dated as of November 1, 2005 (collectively with the MLPSA, the "Agreements").

3. On or about January 11, 2008, DBSP filed proofs of claim, designated as claims #9054 and 9056 (the "Original Proofs of Claim") against each of American Home Mortgage Corp. ("AHMC") and American Home Mortgage Servicing, Inc. ("AHMS"), two of the Debtors, respectively, asserting claims of not less than $142,498,546.38 for various breaches of the Agreements (including, primarily, for failure of the Debtors to fulfill their contractual obligations to DBSP in respect of early payment defaults, or EPD's). In addition, DBSP asserted unliquidated claims for, among other things, "reimbursement of legal fees, costs, and expenses incurred in connection with the Debtors' failure to perform their obligations under the Agreements," as well as "any and all indemnification obligations" under the Agreements.

4. On June 28, 2008, various DBSP-affiliated entities were sued in New York state court in a securities class action entitled *Massachusetts Bricklayers and Masons Trust Funds v. Deutsche Alt-A Securities, Inc.*, et al. (the "Bricklayers Action") that, among other things, alleged that statements in registration statements and prospectus supplements describing the underwriting practices of AHMC were false and misleading. For example, the complaint filed in the Bricklayers Action alleges that, contrary to what the defendants had represented about the Debtors' meticulous servicing standards, "AHM's brokers became so aggressive that borrowers were given loans with different terms than they were originally promised. Borrowers have in fact complained that loans were switched on them by AHM, leaving them with

mortgages they could not pay."

5. Under the Agreements, DBSP and its affiliates are entitled to indemnification for any losses sustained in connection with the Bricklayers Action, as well as for reimbursement for their legal fees and costs. Accordingly, on or about August 15, 2008, DBSP supplemented the Original Proofs of Claim and filed additional proofs of claim (designated as #10453 and 10454) to specifically assert claims based on its right to reimbursement and indemnification under the Agreements (the "First Amended Proofs of Claim"). The First Amended Proofs of Claim did not purport to treat with or affect in any way the claims asserted in the Original Proofs of Claim, except to identify specifically claims that previously had not surfaced (namely, claims based on the Bricklayers Action) and consequently could only be asserted generally in the Original Proofs of Claim.

6. On December 23, 2009, the Federal Home Loan Bank of Seattle filed suit against DBSP and certain of DBSP's affiliates (the "Seattle Bank Action"). The Seattle Bank Action alleges violations of the securities laws of the State of Washington by DBSP and its co-defendants based, in part, upon the allegation that certain documents describing the underwriting practices of AHMC were false and misleading. Given DBSP's resulting right to reimbursement and indemnification from AHMC and AHMS under the Agreements, DBSP, on or about February 1, 2010, filed proofs of claim against AHMC and AHMS (designated as #10758 and 10759, respectively), to cover its claims related to the Seattle Bank Action (the "Second Amended Proofs of Claim"). The Second Amended Proofs of Claim did not purport to treat with or affect in any way the claims asserted in the Original Proofs of Claim or the First Amended Proofs of Claim, except to identify specifically claims that previously had not surfaced (namely, claims based on the Seattle Bank Action), and consequently could only be asserted generally in

the Original Proofs of Claim.

7.  Pursuant to the Objection, the Debtors seek an Order expunging the Original Proofs of Claim and the First Amended Proofs of Claim (referred to in the Objection collectively as "Amended Claims"), leaving extant only the Second Amended Proofs of Claim (referred to in the Objection as "Surviving Claims").

## DISCUSSION

8.  The evidentiary standards applicable to the Court's consideration of a claims objection were set forth by the Third Circuit in *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir.1992). As framed by the court in *Allegheny*, "a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector *to produce evidence sufficient to negate the prima facie validity of the filed claim.*" *Id.* (emphasis added).

9.  Here, the DBSP proofs of claim that the Debtors seek to expunge each establish the *prima facie* validity of DBSP's various claims against the Debtors. The Original Proofs of Claim each were filed with an addendum that carefully describes the nature of the claims, and the Agreements under which those claims arose, as well as exhibits that detail the individual EPD, premium recapture, and other claims that form the basis of the Debtors' liability. Similarly, the First Amended Proofs of Claim supplement, but do not supplant, the Original Proofs of Claim by adequately describing the Debtors' obligations associated with the Bricklayers Action, and annexing a copy of the relevant complaint. Neither of those sets of proofs of claim is, or was intended to be, redundant to the most recently filed Second Amended Proofs of Claim, which deal only with the claims that have surfaced as a result of the Seattle Bank Action. Consequently, there are no grounds for the Debtors' boilerplate allegation that the

Court's failure to expunge the claims would "result in the applicable claimant receiving an unwarranted double recovery against the Debtors' estates[.]" Objection, ¶ 11. *See In re Sneijder,* 407 B.R. 46, 52 n.7 (Bankr. S.D.N.Y. 2009) ("Too often the Court is faced with boilerplate motions to expunge claims, without proper legal or factual support....")

## CONCLUSION

WHEREFORE, DBSP respectfully requests that the Objection be overruled.

Dated: November 30, 2010

**BINGHAM McCUTCHEN LLP**
Steven Wilamowsky
399 Park Avenue
New York, NY 10022
(212) 705-7000

- and -

**ASHBY & GEDDES, P.A.**

_____
William P. Bowden (I.D. #2553)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Counsel to DB Structured Products, Inc.*