IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------- x
In re: : Chapter 11
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, *et al.*,[1] : Jointly Administered
    Debtors. :
---------------------------------------------------------------------------- x

**NOTICE OF (I) OCCURRENCE OF THE EFFECTIVE DATE OF THE PLAN;
(II) DEADLINES TO FILE ADMINISTRATIVE CLAIMS, PROFESSIONAL CLAIMS,
REJECTION DAMAGES CLAIMS, AND SUBORDINATION STATEMENTS, AND TO
SUBMIT INVOICES FOR INDENTURE TRUSTEE EXPENSES; AND
(III) APPOINTMENT OF BORROWER INFORMATION OMBUDSPERSON**

**TO: ALL CREDITORS AND OTHER PARTIES IN INTEREST**

PLEASE TAKE NOTICE that on **February 23, 2009** (the "Confirmation Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (as subsequently amended, the "Confirmation Order"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (including the exhibits thereto, and all documents and agreements executed pursuant thereto, and as modified from time-to-time, the "Plan").

PLEASE TAKE FURTHER NOTICE that **the Effective Date of the Plan was November 30, 2010**. Pursuant to section 1141(a) of the Bankruptcy Code, the provisions of the Plan and the Confirmation Order shall bind (i) the Debtors and their estates, (ii) the Plan Trust, (iii) all holders of Claims against or Equity Interests in the Debtors that arose before or were filed as of the Effective Date, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan or received or retained any property under the Plan, and (iv) each person acquiring property under the Plan.

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to obtain a copy of the Plan or Confirmation Order may obtain such copy: (i) at chapter11.epiqsystems.com by clicking on "American Home Mortgage Corp."; or (ii) by contacting Debbie Laskin, Paralegal, Young Conaway Stargatt & Taylor, LLP, 1000 West St., 17th Floor, P.O. Box 391, Wilmington, Delaware 19801; (302) 571-6710; dlaskin@ycst.com. Copies of the Confirmation Order may also be reviewed during regular business hours at the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 or may be obtained at the Bankruptcy Court's website at www.deb.uscourts.gov, by following the directions for accessing the ECF system on such site.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## Bar Date for Administrative Claims

PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 3(B)(2) of the Plan and paragraph 46 of the Confirmation Order, requests for payment of Administrative Claims[2] must be filed and served on counsel for the Debtors, counsel for the Plan Trustee, and the Plan Trustee no later than **Wednesday, January 5, 2011** (the "Administrative Bar Date"). **Unless such deadline is extended by order of the Bankruptcy Court upon application made prior to the Administrative Bar Date, holders of Administrative Claims that have not filed and served requests for payment of such Claims by the Administrative Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Plan Trust, the Plan Trustee, their successors, their assigns, or their Assets.** The Plan does not affect or extend any Administrative Claim deadline established by any other Order and the earliest Administrative Claim deadline applicable to any Administrative Claim shall govern and control.

## Bar Date for Professional Claims

PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 3(B)(3) of the Plan and paragraph 47 of the Confirmation Order (as amended June 23, 2009), all Professionals or other Persons requesting compensation or reimbursement of expenses pursuant to any of §§ 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered on or before the Confirmation Date (including, *inter alia*, any compensation requested by any Professional or any other Person for making a substantial contribution in the Chapter 11 Cases) must file and serve on counsel for the Debtors, counsel for the Plan Trustee, the Plan Trustee, and the Fee Examiner an application for final allowance of compensation and reimbursement of expenses accruing from the Petition Date to the Effective Date, no later than **Monday, January 31, 2011** (the "Professional Claims Bar Date"). **Unless such deadline is extended by order of the Bankruptcy Court upon application made prior to the Professional Claims Bar Date, holders of Professional Claims that have not filed and served requests for payment of such Claims by the Professional Claims Bar Date shall be forever barred from asserting such Professional Claims against the Debtors, their Estates, the Plan Trust, the Plan Trustee, their successors, their assigns, or their Assets.** Objections to Professional Claims or Claims of other Persons for compensation or reimbursement of expenses must be filed and served on counsel for the Debtors, counsel for the Plan Trustee, the Plan Trustee, the Fee Examiner, and the affected Professional or other Person on or before forty-five (45) days after the Professional Claims Bar Date.

## Bar Date for Rejection Damages Claims

PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 11(D) of the Plan and paragraph 37 of the Confirmation Order, except to the extent that another Bar Date applies pursuant to another order of the Bankruptcy Court, any Proofs of Claim with respect to a Claim arising from the rejection of Executory Contracts under the Plan (including Claims under § 365(d)(3) of the Bankruptcy Code) must be filed with EPIQ Bankruptcy Solutions, LLC, Attn: American Home Mortgage Claims Processing, P.O. Box 5076, FDR Station, New York, NY 10150-5076, and a copy served on counsel for the Debtors, counsel for the Plan Trustee, and the Plan Trustee **by Wednesday, January 5, 2011, or such Claim shall be forever barred and shall not be entitled to a distribution or be enforceable against the Debtors, their Estates, the Plan Trust, the Plan Trustee, their successors, their assigns, or their Assets.**

---

[2] "*Administrative Claim*" is defined in the Plan to mean a Claim for costs and expenses of administration that is allowable and entitled to priority under §§ 503, 507(a)(2) and/or 507(b) of the Bankruptcy Code, including, without limitation, any post-petition tax claims, any actual and necessary expenses of preserving the Estate of any of the Debtors, any actual and necessary expenses of operating the business of any of the Debtors, all Professional Claims, and any fees or charges assessed against the Estate of any of the Debtors under 28 U.S.C. § 1930.

### Deadline to File Subordination Statements

PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 4(I)(3) of the Plan, any Holder of a Class 1C(1) or 2C(1) Claim asserting that it holds a Senior Unsecured Claim must file and serve upon the Plan Trustee and the applicable Indenture Trustee(s) for Subordinated Trust Preferred Claims against the applicable Estate(s) a Subordination Statement by no later than **Wednesday, January 5, 2011** (the "Subordination Statement Bar Date"). **Any Holder of a Class 1C(1) or 2C(1) Claim that fails to submit a Subordination Statement on or prior to the Subordination Statement Bar Date shall be deemed to have irrevocably waived, and shall be estopped from asserting, any right to obtain the benefits of subordination as set forth in the applicable Subordinated Trust Preferred Indenture(s).** Objections, if any, to any Subordination Statement shall be filed with the Bankruptcy Court and served on the party that filed such Subordination Statement, the Plan Trustee, counsel to the Plan Trustee, counsel to the Debtors and the applicable Indenture Trustee(s) for Subordinated Trust Preferred Claims against the applicable Estate(s), no later than thirty (30) days after filing and service of such Subordination Statement (the "Subordination Statement Objection Deadline"). If no objections with respect to a Subordination Statement is filed by the Subordination Statement Objection Deadline, the Putative Senior Unsecured Claim shall be deemed to constitute a Senior Unsecured Claim to the extent such Claim is ultimately Allowed against the applicable Estate.

### Deadline to Submit Invoices for Indenture Trustee Expenses

PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 4(I)(3) of the Plan, each Indenture Trustee shall submit to the Plan Trustee by **Wednesday, January 5, 2011**, any invoices for accrued but unpaid Indenture Trustee Expenses under the applicable Subordinated Trust Preferred Indenture(s) for the time period up to and including the Effective Date.

### Appointment of Borrower Information Ombudsperson

PLEASE TAKE FURTHER NOTICE that, pursuant to Article 17(H) of the Plan, the Plan Trust has employed Robert Semple to act as Borrower Information Ombudsperson to respond to borrowers' information requests regarding their mortgage loans. The Borrower Information Ombudsperson may be reached at Robert Semple, c/o AHM Liquidation Trust, P.O. Box 10550, Melville, NY 11747, (631) 622-2800.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>November 30, 2010 | BY ORDER OF THE BANKRUPTCY COURT<br>Christopher S. Sontchi<br>United States Bankruptcy Judge |

**Counsel for the Debtors:**
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach
Patrick A. Jackson
1000 West St., 17th Floor
P.O. Box 391
Wilmington, DE 19801
Tel.: (302) 571-6600

**Counsel for the Plan Trustee:**
HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, NY 10022
Telephone: (212) 478-7200

**The Plan Trustee:**
Steven D. Sass
AHM Liquidating Trust
P.O. Box 10550
Melville, NY 11747