IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   :   Jointly Administered
            Debtors.                                               :
                                                                   :   Ref. Docket No. 9453 & 9516
------------------------------------------------------------------ x

REVISED ORDER SUSTAINING DEBTORS' SIXTY-SIXTH OMNIBUS
(NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the sixty-sixth omnibus (non-substantive) claims objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") reassigning or disallowing and expunging each of the Disputed Claims[2] identified on Exhibits A, B, C, and D attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

YCST01: 10481105.1                                                                        066585.1001

notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Objection is adjourned with respect to proof of claim numbers 9054, 9056, 10453 and 10454 filed by DB Structured Products, Inc.; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibits A, B and D are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit C are hereby reassigned to the New Case Numbers as indicated on Exhibit C; and it is further

ORDERED that nothing in this Order is intended or shall be deemed to amend, modify or otherwise affect the stipulation entered into between the Debtors and The Bank of New York (the "Stipulation"), which was approved by the Court [Docket No. 8298] on November 13, 2009. The Stipulation shall remain in full force and effect with respect to, among other things, the agreed treatment of claim no. 10117 filed by The Bank of New York; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
December 13, 2010

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE