IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | |

---

**FIFTEENTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
AUGUST 1, 2010 THROUGH OCTOBER 31, 2010**

| | |
|---|---|
| Name of applicant: | Cadwalader, Wickersham & Taft LLP |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Date of retention: | Effective as of August 6, 2007 |
| Period for which compensation and reimbursement is sought: | August 1, 2010 through October 31, 2010 |
| Amount of interim compensation sought as actual, reasonable and necessary: | $510,580.50 |
| Amount of interim expense reimbursement sought as actual, reasonable and necessary: | $19,432.90 |

This is an:  __X__ interim   ___ final application

This application includes no hours incurred in connection with the preparation of fee applications.

Prior fee applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 11-19-2007/ 2084 | August 6, 2007 through October 31, 2007 | $807,207.50 | $37,279.54 | $807,207.50 | $37,279.54 |
| 3-13-2008/3269 | November 1, 2007 through January 31, 2008 | $290,952.00 | $16,093.60 | $286,002.00 | $15,194.20 |
| 6-13-2008/4621 | February 1, 2008 through April 30, 2008 | $124,007.00 | $48,359.21 | $124,007.00 | $48,359.21 |
| 9-12-2008/5854 | May 1, 2008 through July 31, 2008 | $198,689.00 | $610.91 | $198,689.00 | $610.91 |
| 12-12-2008/6712 | August 1, 2008 through October 31, 2008 | $199,942.00 | $9,162.94 | $199,942.00 | $9,162.94 |
| 3-17-2009/7113 | November 1, 2008 through January 31, 2009 | $446,623.00 | $4,994.86 | $446,623.00 | $4,994.86 |
| 6-15-2009/7527 | February 1, 2009 through April 30, 2009 | $1,687,243.00 | $7,312.25 | $1,687,243.00 | $7,312.25 |
| 9-14-2009/8061 | May 1, 2009 through July 31, 2009 | $1,010,638.50 | $43,201.95 | $1,010,638.50 | $43,201.95 |
| 11-13-2009/8302 | August 1, 2009 through September 30, 2009 | $735,112.00 | $29,406.29 | $735,112.00 | $29,406.29 |
| 11-23-2009/8329 | October 1, 2009 through October 31, 2009 | $598,848.50 | $24,460.60 | $598,848.50 | $24,460.60 |
| 2-12-2010/8559 | November 1, 2009 through November 30, 2009 | $396,474.00 | $59,218.72 | $396,474.00 | $59,218.72 |
| 3-16-2010/8765 | December 1, 2009 through January 31, 2010 | $486,793.00 | $32,621.84 | $486,793.00 | $32,621.84 |
| 6-15-2010/8903 | February 1, 2010 through April 30, 2010 | $1,617,846.50 | $102,698.09[1] | $1,617,846.50 | $102,698.09 |

---

[1] These amounts do not include the fees and expenses of Daticon, EED (the "Daticon Expenses"), which were included in the "Thirteenth Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period February 1, 2010 through April 30, 2010" (the "Thirteenth Application" see Docket No. 8903), approved by this Court

2

| 9-13-2010/9210 | May 1, 2010 through July 31, 2010 | $648,979.50 | $64,842.47[2] | $648,979.50 | $64,842.47 |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Title/Department | Year Admitted | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Martin Seidel | Partner/Litigation | 1991 | 800.00 | 69.10 | 55,280.00 |
| Amanda Kosowsky | Counsel/Litigation | 1999 | 650.00 | .20 | 130.00 |
| Scott Spencer | Associate/Litigation | 2004 | 640.00 | 32.30 | 20,672.00 |
| Nathan Bull | Associate/Litigation | 2006 | 630.00 | 230.90 | 145,467.00 |
| Larry Rosenthal | Associate/Litigation | 2008 | 570.00 | 26.60 | 15,162.00 |
| Sal Astorina | Associate/Litigation | 2008 | 570.00 | 210.60 | 120,042.00 |
| Bradley Pensyl | Associate/Litigation | 2009 | 505.00 | 246.80 | 124,634.00 |
| Cynthia Ballard | Paralegal/Litigation | N/A | 250.00 | 24.80 | 6,200.00 |
| James Dalcero | Paralegal/Litigation | N/A | 235.00 | 96.10 | 22,583.500 |
| Eduardo Toro | Paralegal Litigation Support | N/A | 205.00 | 2.0 | 410.00 |
| **GRAND TOTAL:** | | | | **939.40** | **510,580.50** |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Project Code | Total Hours | Total Fees ($) |
|---|---|---|---|
| Administrative | AHM-A | 122.90 | 29,193.50 |
| Waterfield Litigation | AHM-W | 816.50 | 481,387.00 |
| **TOTALS** | | **939.40** | **510,580.50** |

---

on an interim basis on July 19, 2010 (see Docket No. 9027) and thereafter remitted to Daticon subject to disgorgement until final allowance by the Court.

[2] These amounts do not include the fees and expenses of BDO Seidman, LLP (the "BDO Expenses"), which were included in the "Fourteenth Application of Cadwalader, Wickersham & Taft LLP as Special Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period May 1, 2010 through July 30, 2010" (the "Fourteenth Application" see Docket No. 9210), approved by this Court on an interim basis on October 20, 2010 (see Docket No. 9360) and thereafter remitted to BDO subject to disgorgement until final allowance by the Court.

3

**INTERIM COSTS AND EXPENSES SUMMARY**

| EXPENSES CATEGORY | TOTAL EXPENSES ($) |
|---|---:|
| MANAGING ATTORNEY'S CHARGE | 175.00 |
| PUBLICATIONS | 82.50 |
| SUPPLIES | 85.48 |
| COPYING | 325.50 |
| OUTSIDE PRINTING | 210.28 |
| TELEPHONE | 6.20 |
| ONLINE RESEARCH | 15,331.54 |
| LOCAL TRAVEL | 1,886.82 |
| MEALS | 409.73 |
| LITIGATION SUPPORT VENDORS | 919.85 |
| **TOTAL** | **19,432.90** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------- x
In re:                                                                       :    Chapter 11
                                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                       :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                              :
                                                                             :    Jointly Administered
        Debtors.                                                             :
---------------------------------------------------------------------------- x

**FIFTEENTH APPLICATION OF CADWALADER, WICKERSHAM & TAFT LLP
AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE INTERIM PERIOD
AUGUST 1, 2010 THROUGH OCTOBER 31, 2010**

Pursuant to sections 330 and 331 of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Cadwalader, Wickersham & Taft LLP ("CWT") hereby moves this Court for compensation for professional legal services rendered as special counsel to American Home Mortgage Holdings, Inc. and certain of its direct and indirect affiliates and subsidiaries that are debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[3] during the interim period from August 1, 2010 through and including October 31, 2010 (the

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

1

"Interim Fee Period") in the amount of $510,580.50, together with reimbursement for actual and necessary out-of-pocket costs and expenses incurred by CWT in connection with such services in the amount of $19,432.90. In support of this application (the "Fifteenth Application"), CWT respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Fifteenth Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## RETENTION OF CWT

2. On September 4, 2007, this Court entered an order (the "Interim Compensation Order", see Docket No. 547) establishing procedures for interim compensation and reimbursement of expenses of professionals retained in these cases.

3. On November 14, 2007, this Court entered an order (the "Retention Order", see Docket No. 2000) authorizing the Debtors to employ and retain CWT under a general retainer as special counsel to the Debtors, effective as of August 6, 2007 (the "Petition Date"), in connection with the following matters:

    (i)    from the Petition Date through September 26, 2007, non-bankruptcy transactional work with respect to the sale of the Debtors' servicing business;

    (ii)    non-bankruptcy transactional work with respect to the sale of a non-debtor bank entity;

    (iii)    from the Petition Date through September 3, 2007, representation of the Debtors in connection with the inquiry of the Securities and Exchange Commission; and

    (iv)    representation of AHM Corp. in the connection with a prepetition

litigation entitled American Home Mortgage Corp. v. Union Federal Bank of Indianapolis, Case No. 06-CV-7864 (JGK) (RLE) (S.D.N.Y. filed Sept. 29, 2006) (the "Waterfield Litigation").[4]

4. The Retention Order authorized CWT to be compensated on an hourly basis and to be reimbursed for actual and necessary costs and expenses. All services for which compensation is requested by CWT were performed for or on behalf of the Debtors.

## COMPENSATION PREVIOUSLY PAID

5. CWT represented the Debtors prior to the Petition Date in connection with various matters. On July 31, 2007, CWT received a retainer for its services in the amount of $2,000,000.00 (the "Retainer"). After applying the Retainer to CWT's prepetition fees and expenses, the balance of the Retainer totaling $1,080,899.46 was then applied to the fees and expenses sought in CWT's subsequent fee applications.

6. With respect to the period from the Petition Date through July 31, 2010, this Court has approved, on an interim basis, payment of fees in the amount of $9,244,405.50 and reimbursement of expenses in the amount of $479,363.87.[5] As of the date of this Fifteenth Application, the Debtors have paid CWT fees in the amount of $6,547,416.30 and reimbursed CWT for expenses in the amount of $479,363.87.

## SUMMARY OF SERVICES RENDERED

7. The professional services rendered by CWT to the Debtors during the Interim Fee Period related to CWT's representation of AHM Corp. in the Waterfield Litigation involved:

---

[4] On August 10, 2007, the Debtors filed an application with the Court (the "Employment Application") seeking entry of an order authorizing and approving the employment and retention of CWT as Special Counsel to the Debtors. See Docket No. 133. On November 14, 2007, the Court entered the Retention Order, which granted the Employment Application in part; the Debtors' application to employ CWT in connection with the securities class action litigation matters referenced in paragraph 20(f) of the Employment Application is adjourned by the Retention Order to a date to be determined by the Debtors, in consultation with the U.S. Trustee and the Official Committee of Unsecured Creditors.

[5] These amounts do not include the Daticon Expenses or the BDO Expenses.

        Preparing for trial, including drafting all required pretrial memoranda, such as the Joint Pretrial Order, Proposed Findings of Fact and Law, and a Pretrial Memorandum, as well as motions in limine and trial outlines;

        Reviewing and analyzing all motions, memoranda, exhibits, pleadings, discovery requests, correspondence, transcripts and other documents filed or received relating to the Waterfield Litigation, including Union Federal and Waterfield Shareholder LLC's Proposed Findings of Fact and Law and proposed witness, exhibit and deposition designations; and

        Achieving resolution of all claims, including engaging in negotiations, drafting the settlement agreement and related paper and correspondence.

8. Attached hereto as <u>Exhibit A</u> is a detailed statement of fees in the amount of $510,580.50 related to the professional services rendered by CWT to the Debtors during the Interim Fee Period, which are grouped into categories as set forth in <u>Exhibit A</u>. <u>Exhibit A</u> identifies the attorneys and paralegals who rendered services during the Interim Fee Period relating to each category, the number of hours expended by each individual and the total compensation sought for each category.[6] All fees incurred by CWT during the Interim Fee Period related to the preparation of fee applications have been written off by CWT and shall not be included in this or any subsequent application.

## SUMMARY OF COSTS AND EXPENSES

9. CWT has incurred out-of-pocket costs and expenses during the Interim Fee Period in the amount of $19,778.51. The expenses are broken down into categories of charges, including, among other things, managing attorney's charges, process service charges, photocopying charges, outside printing charges, telephone and telecopier charges, online research costs, delivery charges, postage charges, travel expenses, expenses for working meals and costs for litigation support vendors. A detailed statement by category of the expenses incurred for the Interim Fee Period is attached hereto as <u>Exhibit B</u>.

---

[6] This Fifteenth Application does not reflect the time charges of certain CWT attorneys who have provided services to the Debtors during the Interim Fee Period, but whose time has time has been voluntarily written off by CWT.

4

10. Costs incurred for overtime and computer assisted research are not included in CWT's normal hourly billing rates and, therefore, are itemized and included in CWT's expenses. Pursuant to Local Rule 2016-2, CWT's rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

11. Attorneys, paralegals and other professionals of CWT have expended a total of 939.40 hours in connection with this matter during the Interim Fee Period. The amount of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in Exhibit A.

12. The reasonable value of the services rendered by CWT for the Interim Fee Period as special counsel for the Debtors is $510,580.50. The rates charged by CWT for the services rendered by its attorneys, paralegals and other paraprofessionals in these cases are the same rates that CWT charges for such services rendered in comparable non-bankruptcy related matters. In addition, such rates are comparable to those charged for similar services by law firms of a similar size and expertise in CWT's relevant market.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested in this Fifteenth Application are fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

14. CWT believes that this Fifteenth Application, the time entries included in

Exhibit A and the expense breakdown set forth in Exhibit B are in compliance with the requirements of Local Rule 2016-2.

15. For the reasons set forth above, CWT respectfully requests that the Court allow the fees, costs and expenses sought in this Fifteenth Application, and that such allowance be without prejudice to CWT's right to seek additional compensation for services rendered and reimbursement for costs and expenses incurred during the Interim Fee Period and any other prior interim fee period that were not processed as of the filing of the Fifteenth Application.

WHEREFORE, CWT respectfully requests that the Court enter an order allowing (i) compensation in the amount of $510,580.50 for professional services rendered by CWT to the Debtors during Interim Fee Period, (ii) reimbursement of actual and necessary out-of-pocket costs and expenses incurred by CWT in connection with such services during the Interim Fee Period in the amount of $19,432.90, and (iii) such other and further relief as this Court may deem just and proper.

Dated: December 13, 2010
       Wilmington, Delaware

CADWALADER, WICKERSHAM & TAFT LLP

 */s/ Gregory M. Petrick*
Gregory M. Petrick (GP 2175)
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

*Special Counsel to the Debtors
and Debtors in Possession*

## VERIFICATION

STATE OF DELAWARE    )
                     )    SS:
NEW CASTLE COUNTY    )

Gregory M. Petrick, Esquire, after being duly sworn according to law, deposes and says:

1. I am a Partner at the applicant firm, Cadwalader, Wickersham & Taft LLP.

2. I am admitted and in good standing as a member of the Bar of New York and the United States District Court for the Southern District of New York and I have been admitted pro hac vice in the above-captioned bankruptcy case of the Debtors pending in the United States Bankruptcy Court for the District of Delaware.

3. The facts set forth in the foregoing application are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

/s/ Gregory M. Petrick
GREGORY M. PETRICK

SWORN TO AND SUBSCRIBED before me this 13th day of December.

/s/ Jill M. Kaylor
Jill M. Kaylor
Notary Public, State of New York
No. 01KA5040839
Qualified in Queens County
My Commission Expires March 20, 2011