**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | ) | Jointly Administered |
| A Delaware Corporation, et al., | ) | **Hearing Date: 1/12/2011 at 10:00 a.m.** |
| Debtors | ) | **Objection Deadline: 1/5/2011 at 4:00 p.m.** |

**MOTION OF CITY OF CAMBRIDGE, MASSACHUSETTS**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The City of Cambridge, Massachusetts ("Cambridge"), by and through its undersigned counsel, respectfully requests that this Court enter an Order for the allowance and payment of its administrative expense claim pursuant to Bankruptcy Code § 503(b), and in support thereof, respectfully states as follows:

1.     The above-captioned debtors ("Debtors") filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on August 6, 2007 (the "Petition Date").

2.     One of the Debtors, American Home Mortgage Servicing, Inc. ("AHM Servicing"), 4600 Regent Blvd., Suite 200, Irving, Texas 75063, owns residential real property in Cambridge, Massachusetts at 1 Norfolk Place (the "Property"). See Massachusetts Foreclosure Deed, attached hereto as Exhibit A.

3.     Under its authority, Cambridge issues local property tax bills to property owners in Cambridge.

4.     AHM Servicing has outstanding post-petition real estate taxes with interest owing for the Property, and therefore, Cambridge hereby presents a claim for payment of those administrative expenses. See real estate tax bills and statements, attached hereto as Exhibit B.

5.     The outstanding post-petition real estate taxes are for fiscal years 2009, 2010, and 2011. Cambridge's fiscal year 2009 ran from July 1, 2008 to June 30, 2009. By statute, property

taxes for fiscal year 2009 were assessed on January 1, 2008, which is the date statutory liens attached to the respective properties.  See M.G.L. c. 60, § 37.  Likewise, the statutory lien for fiscal year 2010 attached on January 1, 2009, and the statutory lien for fiscal year 2011 attached on January 1, 2010.  See id.

      6.      The real estate taxes for the period of August 6, 2007 (the Petition Date) to the Effective Date of the Plan (November 30, 2010) total as follows:

          a.    Fiscal year 2009 (with interest through November 30, 2010):  $2,802.68;

          b.    Fiscal year 2010 (with interest through November 30, 2010):  $5,179.05; and

          c.    Fiscal year 2011 (with interest through November 30, 2010):  $4,804.50

See Exhibit B.[1]

      7.      Consequently, the total of the City of Cambridge's administrative expense claim is $12,786.23, which is the total of the amounts listed in paragraph 6.

      8.      The outstanding fiscal year 2009, 2010, and 2011 real estate taxes are allowable as administrative expenses under 11 U.S.C. § 503(b)(1)(B), which provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . any tax—(i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) of this title."  11 U.S.C. § 503(b)(1)(B).

      9.      Consequently, Cambridge's entire administrative expense claim should be allowed where they were incurred by the estate on the Property of AHM Servicing.

---

[1] Interest on the real estate taxes accrues at the rate of 14% per annum.  See M.G.L. c. 59, § 57.  Therefore, 14% interest on the post-petition real estate taxes has been included in accordance with 11 U.S.C. § 511, which states that "[i]f any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax . . . the rate of interest shall be the rate determined under applicable nonbankruptcy law."  See 11 U.S.C. § 511.

4520525                                  2

WHEREFORE, the City of Cambridge respectfully requests that the Court enter an Order for the allowance and payment of its administrative expense claim, including all interest accrued, and for such other relief as the Court deems just and proper.

Dated:  December 20, 2010

                                        __/s/ Kevin J. Mangan_____
                                        Kevin J. Mangan (#3810)
                                        Womble Carlyle Sandridge & Rice, PLLC
                                        222 Delaware Avenue
                                        Suite 1501
                                        Wilmington, DE 19801
                                        Phone:  (302) 252-4361
                                        email:  kmangan@wcsr.com

                                        *Counsel for the City of Cambridge*