
# The New York Times

620 8TH AVENUE • NEW YORK, NY 10018

## CERTIFICATION OF PUBLICATION

DEC 06 2010 _____ 20 __

I, Alice Weber , in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

_____

DEC 06 2010 _____ 20 __

*Alice Weber*

Approved: *Maria Pannullo*

**THIS CERTIFICATION NOT VALID WITHOUT NYT RAISED SEAL**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
AMERICAN HOME MORTGAGE HOLDINGS, ) Case No.
INC., a Delaware corporation, et al.,[1] ) 07-11047 (CSS)
            Debtors. ) Jointly Administered

**NOTICE OF (I) OCCURRENCE OF THE EFFECTIVE DATE OF THE PLAN; (II) DEADLINE TO FILE ADMINISTRATIVE CLAIMS; AND (III) APPOINTMENT OF BORROWER INFORMATION OMBUDSPERSON**

TO: ALL POTENTIAL CREDITORS AND OTHER PARTIES IN INTEREST, INCLUDING MORTGAGE LOAN BORROWERS.

PLEASE TAKE NOTICE that on February 23, 2009 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (as subsequently amended, the "Confirmation Order"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (including the exhibits thereto, and all documents and agreements executed pursuant thereto, and as modified from time-to-time, the "Plan").

PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan was November 30, 2010. Pursuant to section 1141(a) of the Bankruptcy Code, the provisions of the Plan and the Confirmation Order shall bind (i) the Debtors and their estates, (ii) the Plan Trust, (iii) all holders of Claims against or Equity Interests in the Debtors that arose before or were filed as of the Effective Date, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan or received or retained any property under the Plan, and (iv) each person acquiring property under the Plan.

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to obtain a copy of the Plan or Confirmation Order may obtain such copy: (i) at chapter11.epiqsystems.com by clicking on "American Home Mortgage Corp."; or (ii) by contacting Debbie Laskin, Paralegal, Young Conaway Stargatt & Taylor, LLP, 1000 West St., 17th Floor, P.O. Box 391, Wilmington, Delaware 19801; (302) 571-6710; dlaskin@ycst.com. Copies of the Confirmation Order may also be reviewed during regular business hours at the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 or may be obtained at the Bankruptcy Court's website at www.deb.uscourts.gov, by following the directions for accessing the ECF system on such site.

**Bar Date for Administrative Claims.** PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 3(B)(2) of the Plan and paragraph 46 of the Confirmation Order, requests for payment of Administrative Claims[2] must be filed and served on counsel for the Debtors, counsel for the Plan Trustee, and the Plan Trustee no later than Wednesday, January 5, 2011 (the "Administrative Bar Date"). Unless such deadline is extended by order of the Bankruptcy Court upon application made prior to the Administrative Bar Date, holders of Administrative Claims that have not filed and served requests for payment of such Claims by the Administrative Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Plan Trust, the Plan Trustee, their successors, their assigns, or their Assets. The Plan does not affect or extend any Administrative Claim deadline established by any other Order and the earliest Administrative Claim deadline applicable to any Administrative Claim shall govern and control.

**Appointment of Borrower Information Ombudsperson.** PLEASE TAKE FURTHER NOTICE that, pursuant to Article 17(H) of the Plan, the Plan Trust has employed Robert Semple to act as Borrower Information Ombudsperson to respond to borrowers' information requests regarding their mortgage loans. The Borrower Information Ombudsperson may be reached at Robert Semple, c/o AHM Liquidation Trust, P.O. Box 10550, Melville, NY 11747, (631) 622-2800.

Dated: Wilmington, Delaware, November 30, 2010
BY ORDER OF THE BANKRUPTCY COURT
Christopher S. Sontchi, United States Bankruptcy Judge

Counsel for the Debtors: YOUNG CONAWAY STARGATT & TAYLOR, LLP, Sean M. Beach, Patrick A. Jackson, 1000 West St., 17th Floor, P.O. Box 391, Wilmington, DE 19801, Tel.: (302) 571-6600

Counsel for the Plan Trustee: HAHN & HESSEN LLP, Mark S. Indelicato, Edward L. Schnitzer, 488 Madison Avenue, New York, NY 10022, Telephone: (212) 478-7200

The Plan Trustee: Steven D. Sass, AHM Liquidating Trust, P.O. Box 10550, Melville, NY 11747

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] "Administrative Claim" is defined in the Plan to mean a Claim for costs and expenses of administration that is allowable and entitled to priority under §§ 503, 507(a)(2) and/or 507(b) of the Bankruptcy Code, including, without limitation, any post-petition tax claims, any actual and necessary expenses of preserving the Estate of any of the Debtors, any actual and necessary expenses of operating the business of any of the Debtors, all Professional Claims, and any fees or charges assessed against the Estate of any of the Debtors under 28 U.S.C. § 1930.