


7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400




# VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Erika Fowler says that she is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Monday, December 6, 2010,** the following legal advertisement – **In re: AMERICAN HOME MORTGAGE HOLDINGS,INC., a Delaware corporation, *et al.*** - was published in the national edition of **USA TODAY.**

Principal Clerk of USA TODAY
December 6, 2010

This 6th day of December month
2010 year.

Antoinette Michelle Chase
Notary Public



Port 21;Retail GL 0 1.50 −0.7
Price Funds 800−638−5660
Africa&MidEast EM 0 1.62 −0.8 13.0 5 NS D
Balanced TG 0 0.69 1.1 10.4 3 24 1 D
Balanced;A TM 5.75 1.02 1.7 9.5 3
P Intl Sel Gr;A IF 5.75 1.37 0.7 13.7 2 21 3 D
Prec Mtl&Mng;A AU 5.75 1.43 6.7 36.6 3 161 3 A
LC Gro;Rtl LG 0 0.67 1.8 11.6 3 NS C
MC Val;Rtl XV 0 0.74 3.4 16.3 1 21 1 E
Mgd Alloc;Rtl TM 0 0.05 0.7 11.3 1 NS C
Tgt Ret 2015;Inv 0 0.00 0.6
Tgt Ret 2020;Inv T2 0 0.00 1.0
Tgt Ret 2025;Inv 0 0.00 1.2
Tgt Ret 2030;Inv T3 0 0.00 1.5
Tgt Ret 2035;Inv T4 0 0.00 1.7
Tgt Ret 2040;Inv 0 0.00 1.8
Tgt Ret 2045;Inv 0 0.00 1.8



# LEGAL MONDAY

www.marketplace.usatoday.com | Hours of operation: Mon. - Fri., 8:30 am - 7:00 pm [EST] | To advertise call 1.800.872.34

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: TERRESTAR NETWORKS INC., *et al.*,[1] Debtors. | Chapter 11 | Case No. 1015446 (SHL) | Jointly Administered

**NOTICE OF MARKETING OF ASSETS AND POTENTIAL SALE THEREOF**

**PLEASE TAKE NOTICE** that, on October 19, 2010, TerreStar New York Inc., TerreStar Networks Inc., Motient Communications Inc., Motient Holdings Inc., Motient License Inc., Motient Services Inc.; Motient Ventures Holding Inc., MVH Holdings Inc., TerreStar License Inc., TerreStar National Services Inc., TerreStar Networks Holdings (Canada) Inc., TerreStar Networks (Canada) Inc., and 0887729 B.C. Ltd (collectively, the "*Debtors*") filed for protection under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"). Their chapter 11 cases are currently being jointly administered under Case No. 10-15446 (SHL).

**PLEASE TAKE FURTHER NOTICE** that, on November 5, 2010, TerreStar Networks Inc., TerreStar National Services Inc., 0887729 B.C. Ltd., TerreStar License Inc., TerreStar Networks Holdings (Canada) Inc., and TerreStar Networks (Canada) Inc. (collectively the "*TSN Debtors*"), filed the (i) *Joint Chapter 11 Plan of TerreStar Networks Inc., TerreStar National Services, Inc., 0887729 B.C. Ltd., TerreStar License Inc., TerreStar Networks Holdings (Canada) Inc., and TerreStar Networks (Canada) Inc.* (as may be amended, modified or supplemented from time to time, the "*Plan*") [Docket No. 82] and (ii) *Disclosure Statement for the Joint Chapter 11 Plan of TerreStar Networks Inc., TerreStar National Services, Inc., 0887729 B.C. Ltd., TerreStar License Inc., TerreStar Networks Holdings (Canada) Inc., and TerreStar Networks (Canada) Inc.* (as may be amended, modified or supplemented from time to time, the "*Disclosure Statement*") [Docket No. 83] with the Bankruptcy Court. A hearing to approve the adequacy of the Disclosure Statement has been scheduled for December 10, 2010 at 10:00 A.M. [Docket No. 85].

**PLEASE TAKE FURTHER NOTICE** that, as described in the Disclosure Statement, the Plan provides for a comprehensive restructuring of the TSN Debtors' pre-bankruptcy obligations. The Plan is premised on the consummation of certain restructuring transactions supported by the Debtors' largest secured creditor, EchoStar Corporation ("*EchoStar*"), which include, among other things, (i) the equitization of the Debtors' approximately $1 billion of 15% Senior Secured Note obligations and (ii) a $125 million new money preferred stock rights offering (the "*Rights Offering*"), $100 million of which is backstopped by EchoStar. EchoStar's commitment to backstop the Rights Offering is documented in that certain Backstop Commitment Agreement (the "*Backstop Commitment Agreement*") filed with the *Motion of TSN Debtors for Entry of an Order (I) Approving the TSN Debtors' Entry into the Backstop Commitment Agreement and (II) Authorizing the TSN Debtors' Payment of Related Fees, Expenses and Indemnification to the Backstop Party* [Docket No. 188]. A hearing to approve the TSN Debtors' entry into the Backstop Commitment Agreement is scheduled for December 10, 2010 at 10:00 A.M. [Docket No. 188].

**PLEASE TAKE FURTHER NOTICE** that on November 18, 2010, the Bankruptcy Court entered the *Final Order Under Sections 105, 361, 362, 363(c), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) AND 364(e) and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing Debtors to Use Cash Collateral; and (III) Granting Adequate Protection to Prepetition Secured Parties* (the "*Final DIP Financing Order*") [Docket No. 181]. Pursuant to the Final DIP Financing Order, the TSN Debtors have access to up to $75 million in junior secured debtor-in-possession financing (the "*DIP Financing*"), subject to the terms and conditions thereunder (as may be amended, modified or supplemented from time to time, the "*DIP Agreement*"). As of November 29, 2010, the TSN Debtors have drawn approximately $18 million of the DIP Financing.

**PLEASE TAKE FURTHER NOTICE** that, as documented in the DIP Agreement, it is an "Event of Default" thereunder if the TSN Debtors do not comply with various "milestone" requirements including, without limitation, the following (i) receipt of Bankruptcy Court approval of the Disclosure Statement on or before December 14, 2010, (ii) commencement of a hearing to confirm an "Acceptable Plan" (as defined in the DIP Agreement, which includes the Plan) on or before January 31, 2011 and (iii) obtaining Bankruptcy Court approval of an Acceptable Plan on or before February 14, 2011 (the "*Milestone Requirements*").

**PLEASE TAKE FURTHER NOTICE** that concurrently with the TSN Debtors' prosecution of the Plan and Disclosure Statement, and in the full exercise of their fiduciary duties, the TSN Debtors are also seeking alternative transactions (any such transaction, an "*Alternative Transaction*") for the sale of any or all of the TSN Debtors' assets which may result in greater value for the TSN Debtors' stakeholders and estates than the value which will result from the Plan. The assets which would be the subject of any such Alternative Transaction are those assets owned, held or used in the TSN Debtors' businesses, which include without limitation, the (a) license from the Federal Communications Commission to use 20 MHz of the 2.0 GHz band (the "*S-Band*") in the United States for mobile satellite service (the "*MSS*") and ancillary terrestrial service, (b) license from Industry Canada, the Canadian communications regulatory authority, to utilize the MSS portion of the same S-Band spectrum in Canada (c) rights in the TerreStar-1 and TerreStar-2 satellites and (d) other assets which comprise the TSN Debtors' satellite communications network.

**PLEASE TAKE FURTHER NOTICE** that all parties interested in pursuing an Alternative Transaction should contact the Debtors' (i) financial advisor, Blackstone Advisory Partners, L.P., Steve Zelin (212-583-5886 or zelin@blackstone.com), CJ Brown (212-583-5582 or brownc@blackstone.com), Tom Middleton (212-583-5252 or middleton@blackstone.com), or Daniel Chang (212-583-5238 or daniel.chang@blackstone.com), as the primary point of contact, or (ii) counsel at the contact information below. To receive access to confidential and non-public information, interested parties will be required to execute a standard non-disclosure agreement. Interested parties may also contact the Official Committee of Unsecured Creditors' (i) proposed financial advisor, FTI Consulting, 3 Times Square, 9th Floor, New York, New York 10036, Attn: Andrew Scruton or (ii) proposed counsel, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, Attn: Scott L. Hazan and David M. Posner, for further information about the chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE,** that it is not an Event of Default under the DIP Agreement for the TSN Debtors to be undertaking this sale process, discussing or negotiating the terms of a potential sale of any of the TSN Debtors' assets. However, to the extent the TSN Debtors do not comply with the Milestone Requirements (or there occurs any other Event of Default under the DIP Agreement) and such Event of Default is not waived or cured as permitted by the terms thereof, the TSN Debtors will need to repay the amount then outstanding under the DIP Agreement, and will likely need to borrow replacement debtor-in-possession financing.

**PLEASE TAKE FURTHER NOTICE** that this notice shall be served upon the following: (a) the Office of the United States Trustee for the Southern District of New York; (b) Otterbourg, Steindler, Houston & Rosen, P.C., as proposed counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases; (c) Bank of New York Mellon as agent for the Debtors' postpetition debtor-in-possession financing; (d) Emmet, Marvin & Martin, LLP as counsel to the agent for the Debtors' postpetition debtor-in-possession financing; (e) U.S. Bank National Association as Collateral Agent for the Debtors' purchase money credit facility; (f) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners Master Fund I, Ltd. and Harbinger Capital Partners Special Situations Fund, L.P.; (g) Willkie Farr & Gallagher LLP as counsel to EchoStar Corporation in its capacity as Lender under the Debtors' purchase money credit facility and Initial Lender under the Debtors' postpetition debtor-in-possession financing; (h) U.S. Bank National Association as Indenture Trustee for the Debtors' 15% Senior Secured Notes and Kelley Drye & Warren LLP as counsel to the Indenture Trustee; (i) Deutsche Bank National Trust Company as Indenture Trustee for the Debtors' 6.5% Senior Exchangeable Notes and Foley & Lardner LLP as counsel to the Indenture Trustee; (j) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to certain holders of the Debtors' 6.5% Senior Exchangeable Notes; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the United States Attorney for the Southern District of New York; (n) the Federal Communications Commission; (o) Kirkland & Ellis LLP, as counsel to certain holders of the Debtors' 15% Senior Secured Notes; and (p) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that neither the contents of this notice nor the sale process set forth above is currently the subject of a motion or any other proceeding before the Bankruptcy Court.

New York, New York, Dated: November 29, 2010, /s/ Ira S. Dizengoff, AKIN GUMP STRAUSS HAUER & FELD LLP, One Bryant Park, New York, New York 10036, (212) 872-1000 (Telephone), (212) 872-1002 (Facsimile), Ira S. Dizengoff (idizengoff@akingump.com), Arik Preis (apreis@akingump.com); 1333 New Hampshire Avenue, NW, Washington, DC 20036, (202) 887-4000 (Telephone), (202) 887-4288 (Facsimile), Joanna F. Newdeck (jnewdeck@akingump.com), Ashleigh L. Blaylock (blaylocka@akingump.com), *Counsel to the Debtors and Debtors in Possession*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: TerreStar New York Inc. (6394), TerreStar Networks Inc. (3931), Motient Communications Inc. (3833), Motient Holdings Inc. (6634), Motient License Inc. (2431), Motient Services Inc. (5106); Motient Ventures Holding Inc. (6191), MVH Holdings Inc. (9756), TerreStar License Inc. (6537), TerreStar National Services Inc. (6319), TerreStar Networks Holdings (Canada) Inc. (1337), TerreStar Networks (Canada) Inc. (8766), and 0887729 B.C. Ltd. (1345).

**IN THE UNITED STATES BANKRUPTCY COURT - FOR THE DISTRICT OF DELAWARE**

In re: AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] Debtors. | Chapter 11 | Case No. 07-11047 (CSS) | Jointly Administered

**NOTICE OF (I) OCCURRENCE OF THE EFFECTIVE DATE OF THE PLAN; (II) DEADLINE TO FILE ADMINISTRATIVE CLAIMS; AND (III) APPOINTMENT OF BORROWER INFORMATION OMBUDSPERSON**

TO: ALL POTENTIAL CREDITORS AND OTHER PARTIES IN INTEREST, INCLUDING MORTGAGE LOAN BORROWERS.

PLEASE TAKE NOTICE that on **February 23, 2009** (the "Confirmation Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (as subsequently amended, the "Confirmation Order"). Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (including the exhibits thereto, and all documents and agreements executed pursuant thereto, and as modified from time-to-time, the "Plan").

PLEASE TAKE FURTHER NOTICE that **the Effective Date of the Plan was November 30, 2010.** Pursuant to section 1141(a) of the Bankruptcy Code, the provisions of the Plan and the Confirmation Order shall bind (i) the Debtors and their estates, (ii) the Plan Trust, (iii) all holders of Claims against or Equity Interests in the Debtors that arose before or were filed as of the Effective Date, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan or received or retained any property under the Plan, and (iv) each person acquiring property under the Plan.

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to obtain a copy of the Plan or Confirmation Order may obtain such copy: (i) at chapter11.epiqsystems.com by clicking on "American Home Mortgage Corp."; or (ii) by contacting Debbie Laskin, Paralegal, Young Conaway Stargatt & Taylor, LLP, 1000 West St., 17th Floor, P.O. Box 391, Wilmington, Delaware 19801; (302) 571-6710; dlaskin@ycst.com. Copies of the Confirmation Order may also be reviewed during regular business hours at the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801 or may be obtained at the Bankruptcy Court's website at www.deb.uscourts.gov, by following the directions for accessing the ECF system on such site.

Bar Date for Administrative Claims. PLEASE TAKE FURTHER NOTICE that, as provided in the Plan and Confirmation Order, including but not limited to Article 3(B)(2) of the Plan and paragraph 46 of the Confirmation Order, requests for payment of Administrative Claims[2] must be filed and served on counsel for the Debtors, counsel for the Plan Trustee, and the Plan Trustee no later than **Wednesday, January 5, 2011** (the "Administrative Bar Date"). **Unless such deadline is extended by order of the Bankruptcy Court upon application made prior to the Administrative Bar Date, holders of Administrative Claims that have not filed and served requests for payment of such Claims by the Administrative Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, their Estates, the Plan Trust, the Plan Trustee, their successors, their assigns, or their Assets.** The Plan does not affect or extend any Administrative Claim deadline established by any other Order and the earliest Administrative Claim deadline applicable to any Administrative Claim shall govern and control.

Appointment of Borrower Information Ombudsperson. PLEASE TAKE FURTHER NOTICE that, pursuant to Article 17(H) of the Plan, the Plan Trust has employed Robert Semple to act as Borrower Information Ombudsperson to respond to borrowers' information requests regarding their mortgage loans. The Borrower Information Ombudsperson may be reached at Robert Semple, c/o AHM Liquidation Trust, P.O. Box 10550, Melville, NY 11747, (631) 622-2800.

Dated: Wilmington, Delaware November 30, 2010 | BY ORDER OF THE BANKRUPTCY COURT Christopher S. Sontchi, United States Bankruptcy Judge

**Counsel for the Debtors:** YOUNG CONAWAY STARGATT & TAYLOR, LLP, Sean M. Beach, Patrick A. Jackson, 1000 West St., 17th Floor, P.O. Box 391, Wilmington, DE 19801, Tel.: (302) 571-6600

**Counsel for the Plan Trustee:** HAHN & HESSEN LLP, Mark S. Indelicato, Edward L. Schnitzer, 488 Madison Avenue, New York, NY 10022, Telephone: (212) 478-7200

**The Plan Trustee:** Steven D. Sass, AHM Liquidating Trust, P.O. Box 10550, Melville, NY 11747

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] "Administrative Claim" is defined in the Plan to mean a Claim for costs and expenses of administration that is allowable and entitled to priority under §§ 503, 507(a)(2) and/or 507(b) of the Bankruptcy Code, including, without limitation, any post-petition tax claims, any actual and necessary expenses of preserving the Estate of any of the Debtors, any actual and necessary expenses of operating the business of any of the Debtors, all Professional Claims, and any fees or charges assessed against the Estate of any of the Debtors under 28 U.S.C. § 1930.

Advertise your next Auction to nearly 4.5 million Affluent Readers in the AUCTION SHOWCASE!

**For Advertising Information, Contact:**
Erika Fowler - (703) 854-6337
or
Stacey Moore - (703) 854-4434

NAA MEMBERS:
Be Sure To Ask About
Your Discount Options!
Source: 2007 Mendelsohn Affluent Survey, HHI$85k+

Deadline: 4 days prior to publication at 12:00 pm ET.

**UNITED STATES BANKRUPTCY COU**
**SOUTHERN DISTRICT OF NEW YORK**

In re: MESA AIR GROUP, INC., *et al.*, Debtors.[1] | Ch | Cas | (Jo

**NOTICE OF ENTRY OF ORDER: (I) APP STATEMENT; (II) APPROVING SOLIC MATERIALS; (III) APPROVING FOR ESTABLISHING SOLICITATION AND VO ALLOWING AND ESTIMATING CERTAI PURPOSES; (VI) SCHEDULING A CONFIR (VII) ESTABLISHING NOTICE AND OBJ**

PLEASE TAKE NOTICE that by order enten (the "Approval Order"), the United States Bankr District of New York (the "Bankruptcy Court Statement filed by Mesa Air Group, Inc. and tho debtors and debtors in possession (collectively, the Debtors to solicit votes to accept or reject the of Reorganization of Mesa Air Group, Inc. and Affil 11 of the Bankruptcy Code (as the same may amended and/or otherwise modified from time t as Exhibit B to the Disclosure Statement.

PLEASE TAKE FURTHER NOTICE that the **November 18, 2010** as the Voting Record Date fo pre-chapter 11 claims entitled to vote on the Pla **(Prevailing Eastern Time) on January 4, 201** the submission of ballots to accept or reject the Pla

PLEASE TAKE FURTHER NOTICE that holde on the Plan will receive electronic copies on CD the Approval Order, the Disclosure Statement, th thereto, (ii) this notice, (iii) if applicable, a letter fr of unsecured creditors (the "Creditors' Committee the Plan, and (iv) a Ballot or Beneficial Ballot, as a pre-addressed postage pre-paid envelope to be to reject the Plan. Failure to follow the instructio Beneficial Ballot, as applicable, may disqualify tha and the vote represented thereby.

PLEASE TAKE FURTHER NOTICE that if you of the Disclosure Statement and the Plan and w copies, please visit the Debtors' case information dm.epiq11.com/mesa), or contact the Debtors Bankruptcy Solutions, LLC, at 646-282-2400.

PLEASE TAKE FURTHER NOTICE that holders o (ii) interests that will receive no distribution unde to vote on the Plan and, therefore, will receive a n rather than a Ballot. If you have not received a Bal Ballot in an amount you believe to be incorrect) but entitled to vote on the Plan (or vote in an amount listed on your Ballot), then you must serve on the Committee and file with the Bankruptcy Court a mo to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motio such claim in a different amount for purposes of vo Plan on or before the fourteenth (14th) day after th bution of the Solicitation Packages. In accordance w as to any creditor filing a Rule 3018(a) Motion, such c counted unless temporarily allowed by the Bankru poses after notice and a hearing. Rule 3018(a) Motion and served in the manner as set forth above may not

PLEASE TAKE FURTHER NOTICE that a hearin

I
informa
p
adve
Leg
(
sales re
1-800
Toll-f