IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,

                     Debtors.
---------------------------------------------------------------X

Chapter 11

Case No. 07-11047 (CSS)

Related to D.I. 9591
Objection Deadline 1/5/2011 @ 4:00 PM
Hearing Date 1/12/2011 @ 10:00 AM

## LIMITED OBJECTION OF BROADHOLLOW FUNDING LLC AND MELVILLE FUNDING LLC TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 554 AUTHORIZING THE PLAN TRUSTEE TO RETURN OR DESTROY ALL HARD COPY LOAN FILES

Broadhollow Funding LLC and Melville Funding LLC (collectively "Broadhollow" and "Melville") file this objection to the Debtor's Motion For An Order Pursuant to 11 U.S.C. §§ 105, 363, and 554 Authorizing The Plan Trustee To Return Or Destroy All Hard Copy Loan Files (the "Motion"). In support Broadhollow and Melville state as follows:

### INTRODUCTION

Broadhollow and Melville—special purpose entities created by the Debtor—object to the Debtors' motion because the 4,100 boxes of documents that the Debtors wish to destroy may contain loan files necessary to the resolution of Broadhollow's and Melville's breach of contract claim against Bank of America N.A. ("BofA"), (Broadhollow Funding LLC, et ano. v. Bank of America, N.A., Adversary Case No. 07-51738 [the "Adversary Proceeding"]), stemming from BofA's failure to pay sums due Broadhollow and Melville under forward swap agreements. Both parties in that matter have motions for summary judgment pending before this Court seeking a determination of which loans the forward swap agreements cover. Depending on the outcome of those motions, extensive factual discovery into the character of the mortgage loans owned by Broadhollow and Melville and sold at the Court approved auction held in September

2007 may be necessary to resolve the Adversary Proceeding. Therefore, Broadhollow and Melville object to the destruction of potentially relevant evidence.

## BACKGROUND

1. Broadhollow and Melville are special purpose entities the Debtors created in May 2004 for use in the Debtor's warehouse securitization financing program. From 2004 till 2007 the Debtors sold mortgage loans to Broadhollow and Melville—which Broadhollow and Melville then securitized—to finance their business at a lower cost than other capital-raising alternatives. The Debtors sold mortgage loans to Broadhollow and Melville, respectively, under Mortgage Loan Purchasing and Servicing Agreements (the "MLPSAs"). Under the MLPSAs American Home Mortgage Servicing Inc., a Debtor entity, (the "Servicer"), serviced the mortgage loans sold to Broadhollow and Melville.

2. To mitigate interest-rate risks and non-mortgage delinquency or default-related risks, Broadhollow and Melville each entered into a forward swap agreement with BofA and BofA entered into fully-guaranteed back swap agreements with a Debtor related entity. These forward swaps and back swaps were designed to work in unison to ensure that (1) the Debtor entity would reimburse to BofA under the back swaps any funds BofA paid to either Broadhollow or Melville under the forward swaps, and (2) BofA would distribute to the Debtor entity under the back swaps any funds BofA received from Broadhollow or Melville under the forward swaps.

3. It is undisputed that before the Debtors' August 6, 2007 bankruptcy filing, there was a "Termination Event" under the MLPSAs that triggered the obligation of the Servicer to sell the mortgage loans Broadhollow and Melville held.

4.  The sale of the mortgage loans took place on September 26, 2007 (the "2007 Auction").[1] At the 2007 Auction, approximately 5,700 mortgage loans with a principal balance of approximately $1,620,000,000 were sold for less than their Outstanding Purchase Prices[2] and, as a consequence, Partial Termination Payments[3]—from BofA to Broadhollow and Melville—became due and owing under the forward swaps.

5.  On October 1, 2007, BofA was notified that it owed Broadhollow a $34,145,665.30 Partial Termination Payment and Melville a $713,643.48 Partial Termination Payment. On October 3, 2007, BofA was further notified that it owed additional Partial Termination Payments of $3,028,688.10 to Broadhollow and $62,764.54 to Melville.

6.  BofA disputes Broadhollow and Melville's calculations and has paid only Partial Termination Payments totaling $13,791,184. To date BofA has not paid the not less than $23.7 million in Partial Termination Payments it still owes Broadhollow and Melville.

7.  On October 19, 2007, BofA was notified that (a) under the Broadhollow forward swap agreement, it owed Interest Related Payments totaling $1,623,153.08 and (b) under the Melville forward swap agreement, it owed Interest Related Payments totaling $13,035.95.

8.  On October 22, 2007, Broadhollow, Melville, and American Home Mortgage Servicing, Inc. filed a complaint against BofA commencing the Adversary Proceeding. On November 16, 2007, Broadhollow, Melville, and American Home Mortgage Servicing, Inc. filed an amended complaint. American Home Mortgage Servicing, Inc. was later dismissed from the Adversary Proceeding.

---

[1] In January 2010, and additional 22 loans were sold.

[2] As defined in the forward swap agreements.

[3] As defined in the forward swap agreements.

9. The key issue in the Adversary Proceeding is whether the forward swap agreements cover all mortgage loans owned by Broadhollow and Melville and sold at the 2007 Auction or if they only cover loans that meet certain criteria listed in the MLPSAs.

10. Currently pending before this Court are motions for summary judgment filed by (i) BofA and (ii) Broadhollow and Melville requesting that this Court interpret provisions of the forward swaps and MLPSAs that are dispositive of this issue. If the Court, however, finds material issues of fact with respect to the meanings of those provisions or finds in favor of BofA's interpretation of the provisions, then extensive factual discovery will be required for resolution of the Adversary Proceeding, including examination and analysis of the loan files for all loans owned by Broadhollow and Melville and sold during the 2007 Auction.

**OBJECTION**

11. Broadhollow and Melville object to the Motion on the basis that the loan files the Debtors wish to destroy may contain documents relating to mortgage loans with respect to which Broadhollow and Melville claim BofA owes Partial Termination Payments. Analyses of such loan files may be critical to the resolution of the Adversary Proceeding. If the Court denies Broadhollow and Melville's motion for summary judgment, each loan's compliance with the eligibility representations in the MLPSAs may determine the amount of Partial Termination Payments BofA owes to Broadhollow and Melville under the forward swaps. Without such loan files, however, an accurate determination of eligibility representation compliance may be impossible to ascertain.

12. Destruction of loan files for loans owned by Broadhollow and Melville and sold during the 2007 Auction may destroy information integral to the resolution of the Adversary

Proceeding and therefore could prejudice Broadhollow's and Melville's ability to prosecute their breach of contract claim against BofA.

13. Broadhollow and Melville, however, do not object to the destruction of loan files to the extent that those loan files do not relate to loans that were owned by Broadhollow and Melville and sold at the 2007 Auction.

## CONCLUSION

Broadhollow and Melville respectfully request that this Court (1) deny the Motion to the extent that the Debtors seek to destroy any files or records relating to mortgage loans owned by Broadhollow and Melville and sold at the 2007 Auction, and (2) grant Broadhollow and Melville any other relief the Court deems just and proper.

Dated: January 5, 2011                    Respectfully Submitted

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

By: _/s/ Norman M. Monhait_
Norman M. Monhait (De. Bar. No. 1040)
919 Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433

- and –

**DIAMOND MCCARTHY LLP**
Allan B. Diamond
Jacob J. Roberts
909 Fannin, Suite 1500
Houston, TX 77010
(713) 333-5100

*COUNSEL FOR BROADHOLLOW FUNDING, LLC AND MELVILLE FUNDING, LLC*