IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, *et al.*, | : |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : Related to Doc. No. 9519 |
| | : |
---------------------------------------------------------------------x

        Objection Deadline: February 3, 2011 at 4:00 p.m. EST
        Hearing Date: February 10, 2011 at 10:00 a.m. EST

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE, TO EXTEND BAR DATES CONTAINED IN AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED FEBRUARY 18, 2009**

U.S. Bank National Association, in its capacity as Trustee ("U.S. Bank"), by and through its undersigned counsel, moves (the "Motion") this Court, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9006 (b)(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order extending bar dates contained in the Amended Chapter 11 Plan Of Liquidation Of The Debtors Dated February 18, 2009 (the "Plan"), and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. 58157 and 1334. This is a core proceeding as that terms is used in 28 U.S.C. 5 157(b)(2). The predicates for the relief requested herein is the Plan, Section 105 of the Bankruptcy Code, Bankruptcy Rule 9006(b)(l) and Del. Bankr. L. R. 9006-2.

## BACKGROUND

### A.     General Background

2.     On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.     On October 30, 2007, the Court entered the Order Pursuant to Sections 105, 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) The Sale of the Debtors' Mortgage Servicing Business Free and Clear of Liens, Claims and Interests, (ii) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (B) Granting Certain Related Relief [Docket No. 1711] (the "Sale Order").

4.     The Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan became effective on November 30, 2010 (the "Effective Date").

5.     On November 30, 2010, the Plan Trustee and the Debtors filed the Notice Of (i) Occurrence Of The Effective Date Of The Plan; (ii) Deadlines To File Administrative Claims, Professional Claims, Rejection Damages Claims, And Subordination Statements, And To Submit Invoices For Indenture Trustee Expenses; And (iii) Appointment Of Borrower Information Ombudsperson (the "Bar Date Notice") [Docket No. 9519].

6.     The Bar Date Notice informed creditors and other parties in interest of the various bar dates contained in the Plan, specifically, the bar dates listed in Article 3(B)(2) and (3), Article (4)(I)(3), and Article (11)(D) (collectively, the "Bar Dates"). The Bar Date Notice also informed creditors and

other parties in interest that, pursuant to the Plan, all claims subject to the Bar Date Notice must be filed on or before January 5, 2011, "[u]nless such deadline is extended by order of the Bankruptcy Court upon application made prior to the Administrative Bar Date." (See Docket No. 9519).

### B. U.S. Bank Claims

7. U.S. Bank is the indenture trustee or trustee in connection with certain securitization trusts for which Debtors are the servicer, or are otherwise a party, including, without limitation, the following: (i) American Home Mortgage Investment Trust Series 2005-4A; (ii) American Home Mortgage Investment Trust Series 2005-4C; (iii) GSR Mortgage Loan Trust 2006-AR1, Mortgage Pass-Through Certificate Series 2006-AR1; (iv) GSAA Home Equity Trust 2006-6; (v) Bear Stearns Asset Backed Securities I Trust 2006-AC4, Asset-Backed Certificates, Series 2006-AC3; (vi) GSA Home Equity Trust 2006-9; (vii) Bear Stearns Asset Backed Securities I Trust 2006-AC4, Asset-Backed Certificates, Series 2006-AC4; (viii) J.P. Morgan Alternative Loan Trust 2006-A3; Mortgage Pass-Through Certificates; (ix) MASTR Adjustable Rate Mortgage Trust 2006-0A2, Mortgage Pass-Through Certificates, Series 2006-OA2; (x) MASTR Adjustable Rate Mortgage Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1; (xi) MASTR Adjustable Rate Mortgage Trust 2007-3, Mortgage Pass-Through Certificates, Series 2007-3; (xii) Bear Stearns Asset Backed Securities I Trust 2007-AC1, Asset-Backed Certificates, Series 2007-AC1; (xiii) Merrill Lynch Mortgage Investors Trust Mortgage Pass-Through Certificates, MLMI Series 2003-A6; (xiv) MASTR Asset Securitization Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2; and (xv) MASTR Adjustable Rate Mortgage Trust 2006-OA1, Mortgage Pass-Through Certificates, Series 2006-OA1 (collectively, the "Trusts").

8. In connection with the Sale Order, on November 29, 2007, December 26, 2007, May 7, 2008 and July 31, 2008, U.S. Bank filed numerous claims arising out of the Debtors' obligations under

the Trusts and U.S. Bank also filed numerous proofs of claim against the Debtor with respect to the Trusts and otherwise (collectively, the "Trust Claims").  The Trust Claims represent, inter alia, amounts owing to U.S. Bank, including, but not limited to, claims for: (i) cure amounts pursuant to the Sale Order; (ii) the Debtor's Indemnification Obligations (as defined in the Trust Claims and in the above referenced proofs of claim) to U.S. Bank, in its capacity as trustee; (iii) U.S. Bank's fees and expenses, including its attorneys' fees, in its capacity as trustee; (iv) Transfer Costs (as defined in the Trust Claims); and (v) certain damages accruing to the Trusts and/or U.S. Bank, in its capacity as trustee.

9. Various of the Trust Claims are subject to objections by the Plan Trustee.  The Plan Trustee, the Purchaser (as defined in the Sale Order) and U.S. Bank are engaged in the final stages of negotiating a settlement resolving all of the Trust Claims.

**RELIEF REQUESTED**

10. It is U.S. Bank's position that the Bar Date Notice does not apply to its claims since the Trust Claims do not fall within the scope of the Bar Date Notice and/or were already filed and served on the Debtors pursuant to prior orders of the Court.  However, out of an abundance of caution, U.S. Bank is filing the instant Motion seeking and extension of the Bar Dates in the Bar Date Notice for 90-days, to the extent such Bar Dates even apply to U.S. Bank's claims, in order to give the parties time to complete negotiations and fully resolve the Trust Claims.  The Plan Trustee's counsel has consented to the 90-day extension of the Bar Dates and now, pursuant to the Plan, U.S. Bank moves this Court for an order enlarging the Bar Dates for 90-days.

11. Accordingly, U.S. Bank requests that the Court enter the attached proposed order extending the various Bar Dates for U.S. Bank contained in the Plan and the subject of the Bar Date Notice for 90-days.  The Plan provides that claims subject to the Bar Date Notice must be filed on or

before January 5, 2011, unless the creditor applies for and the Court enters an order extending such Bar Dates. In addition, Rule 9006(b)(1) gives the Court the power to extend deadlines for cause shown.

12.     Cause exists to warrant the requested 90-day extension. As stated above, U.S. Bank has filed the Trust Claims pursuant to prior orders of the Court, thus, it is U.S. Bank's position that the Bar Dates do not apply to the Trust Claims. Nevertheless, the parties are engaged – and have been for a substantial period of time – in complex negotiations to consensually resolve the Trust Claims. Therefore, granting the extension will create greater efficiencies for all parties and the Court. Finally, the Plan Trust has consented to the requested 90-day extension. Thus, entry of the attached proposed order is warranted both under the Plan and Rule 9006 of the Bankruptcy Rules.

WHEREFORE, for the foregoing reasons, U.S. Bank requests that the Court grant the relief requested herein and extend the Bar Dates contained in the Plan and Bar Date Notice for 90-days and grant such other and further relief as is appropriate.

Dated:  January 5, 2011                    **DORSEY & WHITNEY (DELAWARE) LLP**

By  /s/ Robert W. Mallard
Eric Lopez Schnabel (Del No. 3672)
Robert W. Mallard (Del No. 4279)
300 Delaware Avenue, Suite 1010
Wilmington, DE  19801
Telephone: (302) 425-7171

and

**DORSEY & WHITNEY LLP**
Katherine A. Constantine
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

Attorneys for U.S. Bank National Association, in its capacity as Trustee

5