UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., ) | |
| a Delaware corporation, et al., ) | Case No. 07-11047 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S
REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSES (Hardcopy)**

Iron Mountain Information Management, Inc. ("Iron Mountain") respectfully submits this request for allowance and payment of administrative expenses relating to post-petition hardcopy records storage and other services rendered under an executory contract (account number 04221.0M070K, the "Account") in the amount of $473,527.57 as of November 30, 2010, plus continuing interest, fees and costs (the "Hardcopy Storage Administrative Claim").

As an initial matter, Iron Mountain notes that the Debtors appear to have assumed and assigned the Account to American Home Mortgage Servicing, Inc. ("AHMSI") in conjunction with AHMSI's acquisition of certain assets of the Debtors. AHMSI has acknowledged responsibility for storage and disposition of some records relating to the Account, but has stopped short of acknowledging the assumption and assignment of the Account or paying the substantial amounts outstanding and accruing. Consequently, Iron Mountain files this Hardcopy Storage Administrative Claim out of an abundance of caution and to preserve its rights in the unlikely event that this Court determines that the Account was not assumed and assigned to AHMSI. In further support, Iron Mountain

states as follows:

## Background

1. On August 6, 2007 (the "Petition Date") the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On or about December 20, 2007, Iron Mountain filed a Motion to Compel Payment of Administrative Claims (D.I. No. 2465, the "First Motion to Compel Payment of Administrative Expenses").

3. On or about October 24, 2008, Iron Mountain filed a Second Motion to Compel Payment of Administrative Claims (D.I. No. 6460).

4. On or about October 30, 2008, Iron Mountain filed a Notice of Withdrawal (D.I. No. 6479) of its First Motion to Compel Payment of Administrative Claims, while reserving all of its rights including without limitation the claims asserted under the Second Motion to Compel Payment of Administrative Claims.

5. Since that time, Iron Mountain and representatives of the Debtors, the Committee, the Plan Trustee, and American Home Mortgage Servicing, Inc. ("AHMSI") have been negotiating resolution of open issues pertaining to preference claims, administrative claims and assets acquired by AHMSI.

6. On information and belief, the Plan Trustee contends that the Account was assumed and assigned to AHMSI in conjunction with AHMSI's acquisition of Debtor assets in October 2007.

7. As summarized on Exhibit A hereto, the amount owing for post-October 2007 storage and other services under the Account is $473,527.57.

8. Pursuant to paragraph 10 of the contract (the "Contract") governing the Account, the Customer is liable for Iron Mountain's collection costs and attorneys' fees. A copy of the Contract is attached hereto as Exhibit B.

9. Iron Mountain estimates that as of the date hereof it has incurred attorneys' fees and costs in excess of $25,000 in attempting to collect payment of the Hardcopy Storage Administrative Claim.

### Argument

10. Iron Mountain is entitled to an administrative priority claim based on the hardcopy storage and other services it has provided to the Debtors' estates in the event that this Court determines that the previously noted assumption and assignment is ineffectual or that AHMSI is otherwise freed from its obligations owing under the Account. In order to reach such a result, Iron Mountain believes that this Court would have to find that the Account and records stored under the Account remain estate property and the responsibility of the Debtors. Consequently, the Bankruptcy Code obligates the Debtors to pay for the amounts requested herein. Specifically, section 503(b)(1)(A) of the Bankruptcy Code provides as follows:

> After notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving their estate, including wages, salaries, or commission for services rendered after the commencement of the case[.]

11. A determination of entitlement to an administrative claim is made by examining whether the debt: "(1) arose from a transaction with the debtor-in-possession [or trustee] as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefited the estate." In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976).

12. Here, all of the charges and expenses comprising the Hardcopy Storage Administrative Claim are the result of services provided by Iron Mountain for the benefit of either AHMSI or the Debtors and their estates in accordance with the Contract.

13. If the Court were to find that the Debtors rejected the Contract, Iron Mountain asserts that the contract rate is the appropriate rate for calculating post-rejection

expenses as well. See, e.g., Bio-Med, 131 B.R. at 74 (citing In re Coin Galleries of Am., 72 B.R. 415, 417 (D. Mass. 1987).

14.    Moreover, in the unlikely event that this Court finds that AHMSI is not responsible for the amounts sought herein, then the Debtors should be liable for the amounts requested by Iron Mountain to avoid unjust enrichment of the estates.  Under the principles of restitution, Iron Mountain is entitled to an administrative expense claim because Iron Mountain's post-petition hardcopy storage services have provided a benefit to the estate.  See United Trucking Service, Inc. v. Trailer Rental Co., (In re United Trucking Service, Inc.), 851 F.2d 159, 162-63 (6th Cir. 1988).

WHEREFORE, Iron Mountain respectfully requests that this Court, after proper notice and hearing, enter an Order allowing the Hardcopy Storage Administrative Claim in the amount of $473,527.57 plus attorneys' fees in the amount of $25,000; requiring either AHMSI or the Debtors to pay such amount; and for such other and further relief as is just.

|  | ARCHER & GREINER, P.C. |
|---|---|
| By: | /s/ Charles J. Brown, III |
| Dated: January 5, 2011 | Charles J. Brown, III (No. 3368)<br>300 Delaware Avenue, Suite 1370<br>Wilmington, DE 19801<br>302-777-4350 (phone)<br>302-777-4352 (fax)<br>cbrown@archerlaw.com<br><br>Attorneys for Attorneys for Iron Mountain Information Management, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via first-class mail, postage prepaid upon the following:

Mark S. Indelicato, Esq.
Mark T. Power, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022

Steven D. Sass, Esq.
AHM Liquidation Trust
P.O. Box 10550
Melville, NY 11747

Robert S. Brady, Esq.
Sean M. Beach, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391


/s/ Charles J. Brown, III
Charles J. Brown, III (No. 3368)

Dated: January 5, 2011


3755182v1