UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., ) | |
| a Delaware corporation, et al., ) | Case No. 07-11047 (CSS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

### IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES (Data)

Iron Mountain Information Management, Inc. ("Iron Mountain") respectfully submits this request for allowance and payment of administrative expenses relating to post-petition data storage and other services rendered under an executory contract (account number 55243.021501, the "Account") in the amount of $17,139.85, plus continuing interest, fees and costs (the "Data Storage Administrative Claim") and in support thereof states as follows:

### Background

1. On August 6, 2007 (the "Petition Date") the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On or about December 20, 2007, Iron Mountain filed a Motion to Compel Payment of Administrative Claims (D.I. No. 2465, the "First Motion to Compel Payment of Administrative Expenses").

3. On or about October 24, 2008, Iron Mountain filed a Second Motion to Compel Payment of Administrative Claims (D.I. No. 6460).

4. On or about October 30, 2008, Iron Mountain filed a Notice of Withdrawal (D.I. No. 6479) of its First Motion to Compel Payment of Administrative

Claims, while reserving all of its rights including without limitation the claims asserted under the Second Motion to Compel Payment of Administrative Claims.

5. Since that time, Iron Mountain and representatives of the Debtors, the Committee, the Plan Trustee, and American Home Mortgage Servicing, Inc. ("AHMSI") have been negotiating resolution of open issues pertaining to preference claims, administrative claims and assets acquired by AHMSI.

6. On information and belief, the Plan Trustee contends that all Iron Mountain contracts other than the hardcopy contract assigned to AHMSI were rejected via the Debtors' chapter 11 plan, which was confirmed in February 2009.

7. As summarized on Exhibit A hereto, the amount owing for post-petition, pre-rejection goods, services and interest under the Account is $11,719.20. In addition, two invoices covering post-rejection goods and services for the months of August 2009 and March 2010 also remain owing in the amount of $5,420.65. Consequently, the total Data Storage Administrative Claim is $17,139.85.

### Argument

8. Iron Mountain is entitled to an administrative priority claim based on the data storage and other services it has provided to the Debtors' estates because the Bankruptcy Code obligates the Debtors to pay for the amounts requested herein. Specifically, section 503(b)(1)(A) of the Bankruptcy Code provides as follows:

> After notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving their estate, including wages, salaries, or commission for services rendered after the commencement of the case[.]

9. A determination of entitlement to an administrative claim is made by examining whether the debt: "(1) arose from a transaction with the debtor-in-possession [or trustee] as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefited the estate." In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976).

10. Here, all of the charges and expenses comprising the Data Storage Administrative Claim are the result of services provided by Iron Mountain for the benefit of the Debtors and their estates in accordance with the parties' contracts or for the Debtors' benefit.

11. With regard to the two post-rejection invoices forming a portion of the Data Storage Administrative Claim, Iron Mountain asserts that the contract rate is the appropriate rate for calculating those expenses as well. See, e.g., Bio-Med, 131 B.R. at 74 (citing In re Coin Galleries of Am., 72 B.R. 415, 417 (D. Mass. 1987).

12. Moreover, this Court should find that the Debtors are liable for the amounts requested by Iron Mountain to avoid unjust enrichment of the estates. Under the principles of restitution, Iron Mountain is entitled to an administrative expense claim because Iron Mountain's post-petition data storage services have provided a benefit to the estate. See United Trucking Service, Inc. v. Trailer Rental Co., (In re United Trucking Service, Inc.), 851 F.2d 159, 162-63 (6th Cir. 1988).

WHEREFORE, Iron Mountain respectfully requests that this Court, after proper notice and hearing, enter an Order allowing an administrative expense claim in the amount of $17,139.85; requiring the Debtors or Plan Trustee to pay such amount; and for such other and further relief as is just.

| | ARCHER & GREINER, P.C. |
|---|---|
| By: | /s/ Charles J. Brown, III |
| Dated: January 5, 2011 | Charles J. Brown, III (No. 3368) 300 Delaware Avenue, Suite 1370 Wilmington, DE 19801 302-777-4350 (phone) 302-777-4352 (fax) cbrown@archerlaw.com  Attorneys for Iron Mountain Information Management, Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via first-class mail, postage prepaid upon the following:

Mark S. Indelicato, Esq.
Mark T. Power, Esq.
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

Steven D. Sass, Esq.
AHM Liquidation Trust
P.O. Box 10550
Melville, NY 11747

Robert S. Brady, Esq.
Sean M. Beach, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899-0391

/s/ Charles J. Brown, III
Charles J. Brown, III (No. 3368)

Dated:  January 5, 2011

3755182v1