STEPHEN DANZ & ASSOCIATES
STEPHEN F. DANZ, SBN 68318
PIP N. SMITS, SBN 201430
11661 San Vicente Blvd., Suite 500
Los Angeles, CA 90049
Telephone: 310 207 4568
Fax: 310 207 5006
Attorneys for Claimant, Robb Evans

IN THE UNITED STATES BANKRTUPCY COURT

FOR THE DISTRICT OF DELAWARE

In re: American Home Mortgage Holdings, Inc. a Delaware corporation, et al.,

Debtors.

Case No. 07-11047 (CSS)
Chapter 11

**CLAIMANT ROBB EVANS' OPPOSITION TO DEBTOR'S OBJECTION AND EXHIBITS.**

**Comes now,** Claimant Robb Evans hereby opposes Debtors' Sixty Ninth Omnibus Objection to Claims pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1, hereinafter referred to as "Debtors' Objection."

Claimant Evans hereby respectfully submits the following information in opposition to Debtors' Objection:

**a) Name of Claimant:**
Rob Evans, hereinafter "Evans" or "Claimant."

**b) Description of the Claim:**
　　　Claimant Evans began working for AMERICAN HOME MORTGAGE CORPORATION ("AHMC") alleges he was employed by debtor American Home Mortgage Corporation and one or more related entities who are parties to this bankruptcy. on or about February of 2005 as a loan originator. Upon beginning his employment with AHMC, Evans submitted an Internal Revenue Service Form W-4 to AHMC. Evans was informed by Defendants TIZABI and ZAVERY that he would be paid 50% commissions on all fees paid to AHMC on loans he generated for AHMC. However, Evans was never paid any of his wages due. Evans alleges that Defendants ZAVERY and TIZABI were the authorized agents of AHMC and at the time of making the representations, as stated above, were acting within the course and scope of his agency and authority for AHMC.

Between February of 2005 and May 25, 2005, Evans generated at least two loans for AHMC, whereby Evans should have been paid approximately $10,257.65 in commissions. Evans never received his commissions despite AHMC receiving the loans he originated for AHMC. Evans alleges that Defendants ZAVERY, TIZABI, CARNOCHAN and CADY intentionally and wrongfully exercised control over Evans' commissions to which Evans had a right to possess under his commissions agreement. Moreover, Evans did not consent to Defendants ZAVERY, TIZABI, CARNOCHAN and CADY intentionally and wrongfully exercising control over his commissions.

Evans further alleges that between February 2005 and the present, Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and other managing agents of AHMC entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly conspire and agree among themselves to convert his commission payments by defrauding Evans into accepting employment for which he would never receive his wages.

Said Defendants and AHMC, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy to intentionally and wrongfully convert Evans' commissions, to defraud Evans, and to intentionally inflict emotional distress upon Evans. In fact, Evans alleges that Defendants ZAVERY, TIZABI, CARNOCHAN and CADY intended to keep Evans' commissions for themselves. Additionally, Defendants ZAVERY and TIZABI made these material misrepresentations to Evans with the intent that Evans would rely upon the material misrepresentation and would continue to generate loans so that they could convert his commissions for themselves.

Had Evans known that the representations made by Defendants ZAVERY and TIZABI were false and AHMC and Defendants ZAVERY, TIZABI, CARNOCHAN and CADY intended to require Evans to work without being paid commissions, and that Defendants ZAVERY and TIZABI were actively concealing from Evans that they merely wanted to further the conspiracy to convert his commissions, Evans would not have taken the job with AHMC. Evans suffered damages as result of AHMC and these Defendants.

**c) Procedural history of the State Court action prior to this Claim:**

Evans filed his Complaint on August 26, 2005, in the Superior Court of the State of California, for the County of San Bernardino against AHMC and Defendants ZAVERY, TIZABI, CARNOCHAN and CADY. Evans alleged the following causes of action:
1. CALIFORNIA LABOR CODE VIOLATIONS FOR UNPAID WAGES;
2. BREACH OF WRITTEN CONTRACT FOR COMMISSIONS;
3. CONVERSION;
4. CONSTRUCTIVE WRONGFUL TERMINATION;
5. FRAUD & DECEIT (STATUTORY & COMMON LAW);
6. EQUITABLE RELIEF ON THE THEORY OF QUANTUM MERUIT(REASONABLE VALUE OF SERVICES) & COMMON COUNTS
7. INTENTIONAL INFLICTION OF EMOTINAL DISTRESS

The Trial herein was scheduled for April 2, 2007. Evans was going forward with the entire Complaint, including all causes of action, against all named Defendants, including AHMC. However, the Trial was continued to July 12, 2007, because the parties were exploring settlement. The Trial was continued by the Court to October 15, 2010.

On August 15, 2007, Defendant AHMC filed a "suggestion of Bankruptcy" and on October 11, 2007, this matter was "removed from the State Court's control" pursuant to US Code 11362.

CLAIMANT ROBB EVANS' OPPOSITION TO DEBTOR'S OBJECTION AND EXHIBITS.

The matter was stayed and the Court found no violation of the Five Year Rule. In California, the courts have established decisionally certain implied exceptions to the mandatory dismissal requirement of the statute where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period. *Crown Coach Corp. v. Superior Court*, 8 Cal.3d 540, 546 (1976); *Tunis v. Superior Court,* 59 Cal.2d 465, 466 (1986).

Here, it was clearly outside of Evans' control that AHMC filed for bankruptcy. As such, Evans was not penalized for not having been able to bring his case to Trail within the mandatory five-year period. Based thereon, the Trial herein will be set after AHMC has returned from bankruptcy status, and the case may again proceed in the California Superior Court to be heard on the merits, without violating the five-year rule.

**d) Merit to Evans' Opposition to the Debtors' Objection:**
This Claim should not be disallowed or modified because Evans' claim (currently on file, but under Automatic Stay in the Superior Court of San Bernardino County, State of California, has case number SCVSS129645, has produced substantial evidence that he was in fact employed by debtor, and in the alternative, that he was damaged as a direct and proximate result of debtor's negligence and/or intentional misconduct in allowing two employees ((Ashraf Zavery and Shawn Tizabi) of debtor to hold themselves out as authorized hiring agents of debtor.

Attached hereto as Exhibit 1, are true and correct copies of relevant pages of the Deposition Transcript of Robb Evans, demonstrating that Evans relied to his detriment and to the advantage of debtor in accepting employment, remaining employed and generating loans which closed.

Further, Evans alleges that debtor ratified, acquiesced in, and personally acknowledged Evans' employment by debtor. Claimant was provided an office at AHMC facilities, was introduced to AHMC officers as an employee of AHMC, and was given authorization to hold himself out as an AHMC employee, along with the use of certain documents identifying himself as an AHMC employee. When Claimant asked about certain employee benefits, he was never informed that he was not entitled to same.

In sum, Evans alleges that he originated and procured at least two loans with commissions due, payable and owing to him by AHMC in the sum of $10,257.65, plus interest to date. Furthermore, Claimant Evans does not waive his right to collect any and all monies, as alleged and requested in his Complaint filed in Superior Court, State of California, County of San Bernardino, including but not limited to attorneys' fees and costs.

**e) The legal basis for this Claim:**
The legal basis is: breach of oral contract, promissory estoppel, negligence, violations of the California Labor Code, Civil Code Fraud per CC 1709, 1710. A true and accurate copy of the Complaint on file with the Superior Court for San Bernardino County is attached hereto and fully incorporated by reference as Exhibit 2.

**f) Additional Documentation:**
Documentation in addition to that filed with the original Proof of Claim is addressed herein and attached hereto.

**g) Address to reply to this document:**
Same as on the original Claim filed by Evans, see also face sheet hereof.

**h) Authorized representative to settle Claim:**
STEPHEN DANZ & ASSOCIATES, Pip N. Smits, Esq., 505 N. Arrowhead Avenue, Suite 104, San Bernardino, CA. 92401. Telephone number: 909 889 0456. Fax number: 909 889 0330,

/ / /

/ / /

3

CLAIMANT ROBB EVANS' OPPOSITION TO DEBTOR'S OBJECTION AND EXHIBITS.

1  Wherefore, it is respectfully requested that the Debtors' objection be overruled in its entirety.

Dated: January 4, 2011                                STEPHEN DANZ & ASSOCIATES

By: _____
STEPHEN F. DANZ
PIP N. SMITS
ATTORNEYS FOR CLAIMANT,
ROBB EVANS

---

4

CLAIMANT ROBB EVANS' OPPOSITION TO DEBTOR'S OBJECTION AND EXHIBITS.