# EXHIBIT 1

```
DANZ & GERBER
STEPHEN F. DANZ SBN 68318
BENJAMIN KENNEDY SBN 232889
13418 VENTURA BLVD.
SHERMAN OAKS, CALIFORNIA 91423

TELEPHONE: (818) 783-7300
FACSIMILE : (818) 995-7159


ATTORNEYS FOR PLAINTIFF, ROBB EVANS
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| ROBB EVANS, | Case No. |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON: |
| vs. | |
| AMERICAN HOME MORTGAGE CORPORATION, a New York Corporation; ASH ZAVERY, AN INDIVIDUAL; SHAWN TIZABI; AN INDIVIDUAL; IAN CARNOCHAN; AN INDIVIDUAL; JOHN F. CADY, AN INDIVIDUAL; DOES 1-100 INCLUSIVE, | 1. CALIFORNIA LABOR CODE VIOLATIONS FOR UNPAID WAGES; <br> 2. BREACH OF WRITTEN CONTRACT FOR COMMISSIONS; <br> 3. CONVERSION; <br> 4. CONSTRUCTIVE WRONGFUL TERMINATION; <br> 5. FRAUD & DECEIT (STATUTORY & COMMON LAW); <br> 6. EQUITABLE RELIEF ON THE THEORY OF QUANTUM MERUIT(REASONABLE VALUE OF SERVICES) & COMMON COUNTS <br> 7. INTENTIONAL INFLICTION OF EMOTINAL DISTRESS |
| Defendants. | |

Plaintiff ROBB EVANS hereby complains as follows:

///

///

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# GENERAL ALLEGATIONS

## (Against All Named Defendants)

1. At all times herein mentioned, Plaintiff ROBB EVANS ("Plaintiff") was and currently is a resident of the County of San Bernardino, State of California.

2. Plaintiff is informed and believes that Defendant AMERICAN HOME MORTGAGE CORPORATION is a New York Corporation, (hereinafter referred to as "AMERICAN HOME MORTGAGE"), doing business in the County of San Bernardino, State of California. At all times herein mentioned Plaintiff is informed and believes that Defendant AMERICAN HOME MORTGAGE employed at least 5 people.

3. Plaintiff is informed and believes that Defendant ASH ZAVERY, AN INDIVIDUAL (hereinafter referred to as "ZAVERY") is a resident of the County of San Bernardino, State of California and at all times herein relevant was Plaintiff's immediate supervisor and a senior loan officer for Defendant AMERICAN HOME MORTGAGE.

4. Plaintiff is informed and believes that Defendant SHAWN TIZABI, AN INDIVIDUAL (hereinafter referred to as "TIZABI") is a resident of the County of San Bernardino, State of California and at all times herein relevant was Plaintiff's supervisor and a senior loan officer for Defendant AMERICAN HOME MORTGAGE.

5. Plaintiff is informed and believes that Defendant IAN CARNOCHAN, AN INDIVIDUAL (hereinafter referred to as "CARNOCHAN") is a resident of the County of San Bernardino, State of California and at all times herein relevant was Plaintiff's immediate supervisor and a branch manager for Defendant AMERICAN HOME MORTGAGE.

6. Plaintiff is informed and believes that Defendant JOHN CADY, AN INDIVIDUAL (hereinafter referred to as "CADY") is a resident of the County of San Bernardino, State of California and at all times herein relevant was Plaintiff's immediate supervisor and a branch for Defendant AMERICAN HOME MORTGAGE.

7. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 thorough 100 inclusive, and so the Plaintiff sues them by these fictitious names. Plaintiff is informed and

1  believe each of the DOE Defendants reside in the State of California and are in some manner
2  responsible for the conduct alleged herein. Upon discovering the true names and capacities of
3  these fictitiously named Defendants, Plaintiff will amend this complaint to show the true
4  names and capacities of these fictitiously named Defendants, Plaintiff will amend this
5  complaint to show the true names and capacities of these fictitiously named Defendants.

6      8.    Unless otherwise alleged in this complaint, the Plaintiff is informed, and on
7  the basis of that information and belief alleges that at all times herein mentioned, each of
8  the remaining codefendants, in doing the things hereinafter alleged, were acting within the
9  course, scope, and under the authority of their agency, employment, or representative
10 capacity, with the consent of her/his codefendants.

11     9.    Plaintiff began working for Defendant AMERICAN HOME MORTGAGE on
12 or about February of 2005 as a loan originator. Upon beginning his employment with
13 Defendant AMERICAN HOME MORTGAGE, Plaintiff submitted an Internal Revenue
14 Service Form W-4 to Defendant AMERICAN HOME MORTGAGE. Plaintiff was informed
15 by Defendants that he would be paid 50% commissions on all fees paid to Defendant
16 AMERICAN HOME MORTGAGE on loans he generated for Defendant AMERICAN
17 HOME MORTGAGE. However, Defendant AMERICAN HOME MORTGAGE never paid
18 Plaintiff any of his wages due.

19     10.    Between February of 2005 and May 25, 2005, Plaintiff generated two loans
20 for Defendant AMERICAN HOME MORTGAGE whereby Plaintiff should have been paid
21 approximately $10,257.65 in commissions. Plaintiff never received his commissions despite
22 Defendants receiving the loans he originated for them. Plaintiff is informed and believes that
23 Defendants ZAVERY, TIZABI, CARNOCHAN and CADY intentionally and wrongfully
24 exercised control over Plaintiff's commissions to which Plaintiff had a right to possess under
25 his commissions agreement. Moreover, Plaintiff did not consent to Defendants ZAVERY,
26 TIZABI, CARNOCHAN and CADY intentionally and wrongfully exercising control over his
27 commissions.

28     11.    Plaintiff is informed and believes that between February 2005 and the

present, Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and other managing agents of Defendant AMERICAN HOME MORTGAGE entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly conspire and agree among themselves to convert Plaintiff's commissions payments by defrauding Plaintiff into accepting employment for which he would never receive his wages. The wrongful acts of all named and Doe Defendants, and each of them, were performed as agents and employees both within and outside of the course and scope of their authority and employment. Furthermore, the acts said Defendants, and each of them, were in furtherance of a conspiracy to violate legal duties, i.e. to pay Plaintiff all of his commissions owed. Said Defendants, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy to intentionally and wrongfully convert Plaintiff's commissions and to intentionally inflict emotional distress upon Plaintiff.

12. On or about June 14, 2005, Plaintiff sent Defendant AMERICAN HOME MORTGAGE two letters wherein he requested full payment of his commissions and informed Defendant AMERICAN HOME MORTGAGE of his intent to file complaints with three governmental agencies. After receiving the two written complaints and numerous verbal complaints, Defendant ZAVERY had a telephone conversation with Plaintiff wherein Defendant ZAVERY promised to pay Plaintiff all of Plaintiff's commissions due. However, when Plaintiff arrived to pick up his check, Plaintiff was issued a paycheck for $0.00, which was not the equivalent of the amount of commissions owed to Plaintiff.

13. On or about June 17, 2005, Plaintiff contacted Defendants again to inquire as to when he would be paid his commissions due. However, Defendants told Plaintiff that the office was burglarized, that Plaintiff's closed loans for which he was owed commissions were stolen and that the police wanted to speak with Plaintiff. Plaintiff immediately telephoned officer Alvarez of the Corona Police Department to inquire as to what had happened.

14. All of the foregoing and following actions taken towards Plaintiffs alleged in this complaint, were carried out by employees and/or management personnel of AMERICAN

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  HOME MORTGAGE, within the full knowledge of managerial employees and agents of each
2  other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in
3  order to injure and damage Plaintiffs.

## FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS INVOLVING IMPROPER PAY PRACTICES AND FAILURE TO PAY OVERTIME WAGES DUE
## (AGAINST DEFENDANT AMERICAN HOME MORTGAGE AND ALL DOE DEFENDANTS)

15.  Plaintiff realleges the information set forth in Paragraphs 1-14 above, as though fully set forth and alleged herein.

16.  Plaintiff began working for Defendant, AMERICAN HOME MORTGAGE, on or about 1990, as a loan originator earning 50% commissions on all fees paid to Defendant AMERICAN HOME MORTGAGE on loans he generated for Defendant AMERICAN HOME MORTGAGE.

17.  Plaintiff contends that he was not paid all of his wages at the time of his termination. He alleges that he was owed commissions equal to approximately $10,257.65 for loans he obtained for Defendant AMERICAN HOME MORTGAGE. These commissions were never paid to Plaintiff. Accordingly, Plaintiff contends that California Labor Code Sections 202-204 were violated creating penalties under Section 203.

18.  Plaintiff prays for 30 days of pay under Labor Code Section 203. He also prays for Labor Code Section 211 and 218.5 recovery of costs and attorney fees as well as interest under Labor Code Section 218.6.

///
///
///

## SECOND CAUSE OF ACTION FOR
## BREACH OF WRITTREN CONTRACT FOR COMMISSIONS AGAINST
## FORMER EMPLOYER ON CONTRACT FULLY PERFORMED BY PLAINTIFF
## (AGAINST DEFENDANT AMERICAN HOME MORTGAGE AND ALL DOE
## DEFENDANTS)

19. Plaintiff alleges the information set forth in Paragraphs 1-14 of the General Allegations, Paragraphs 15-18 of the First Cause of Action and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

20. Plaintiff hereby brings this cause of action against Defendants for breach of a written contract. (Attached hereto as Exhibits "1" is a true and correct copy of the employment contract between Plaintiff and Defendant) The express terms of the contract include the following:

    a.    Plaintiff was to receive 50% commissions from Defendant AMERICAN HOME MORTGAGE.

21. At all times herein mentioned, Plaintiff duly performed all of the covenants, conditions, and terms under the contract described in Paragraph 20, above. Despite the fact that Plaintiff has fully performed the contract with the Defendant named in this cause of action, said Defendant failed to pay Plaintiff commissions due.

22. Defendants breached the express written contract with Plaintiff by failing to carry out their responsibilities under the terms of the contract by:

    a.    Failing to pay Plaintiff commissions.

23. Plaintiff contends that he upheld his end of the employment contract by setting up loans and all Defendant needed to do was receive the check from the customer.

24. As a direct, foreseeable, and proximate result of the said Defendant's breaches of the Plaintiff's written employment contract, Plaintiff has lost the commissions, wages, and benefits as well as other general and special damages causing him to also pray for damage associated with the fact that this money was due some time ago and has not been

1 | paid.

## THIRD CAUSE OF ACTION FOR

## CONVERSION

### (AGAISNT ALL NAMED DEFENDANTS AND ALL DOE DEFENDANTS)

25. Plaintiff realleges the information set forth in Paragraphs 1-14 of the General Allegations, Paragraphs 15-18 of the First Cause of Action, Paragraphs 19-24 of the Second Cause of Action above, as though fully set forth and alleged herein. Plaintiff is not seeking any recovery hereunder for any damages outside of three years from the date this complaint is filed.

26. Plaintiff is, and at all times relevant herein was, entitled to possess the commission payments due to him under his commissions contract and/or as wages due to him from his employment with Defendant AMERICAN HOME MORTGAGE.

27. Defendant wrongfully interfered with Plaintiff's interest in his commission payments due to him by undertaking the following acts:

    a. Defendants refused to surrender to Plaintiff approximately $10,257.65 in commissions owed to Plaintiff.

28. While Defendants originally came into possession of the converted property legally, Defendants then improperly retained it despite the demands by Plaintiff, as described in Paragraphs 12 and 13, for return of the property.

29. Defendants ZAVERY, TIZABI, CARNOCHAN, and CADY conspired with Defendant AMERICAN HOME MORTGAGE to convert Plaintiff's commissions due, so that the activities of one are attributable to all.

30. As a result of Defendants' acts of conversion, Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory damages. Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek his election of remedies at trial. Plaintiff is further entitled to compensation for the time and money expended in pursuit of the property.

31. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

32. Plaintiff is further entitled to the imposition of a constructive trust on the converted goods and their fruits and is entitled to a tracing with respect to the converted goods.

## FOURTH CAUSE OF ACTION FOR
## CONSTRUCTIVE WRONGFUL TERMINATION
## (AGAINST DEFENDANT AMERICAN HOME MORTGAGE AND DOE DEFENDANTS)

33. Plaintiff realleges the information set forth in Paragraphs 1-14 of the General Allegations, Paragraphs 15-18 of the First Cause of Action, Paragraphs 19-24 of the Second Cause of Action, Paragraphs 25-32 of the Third Cause of Action above, as though fully set forth and alleged herein.

34. Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional, statutory, or regulatory provision that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

35. Plaintiff alleges that he was exposed to statutorily prohibited conduct and intolerable working conditions by Defendant AMERICAN HOME MORTGAGE. The intolerable working conditions included Plaintiff being required to work without being

8

1 paid, i.e. Defendant AMERICAN HOME MORTGAGE never paid Plaintiff his
2 commissions due. This conduct is made unlawful by the following statutes, regulations and
3 laws:

   a. Violation of Labor Code Section 202, because Defendant did not pay his wages within 72 hours of Plaintiff's termination, and Defendant failed to pay Plaintiff all wages due in violation of section 204;

   b. for violating Labor Code Section 204, because Defendant did not pay Plaintiff all wages earned for labor in excess of the normal work period, payable no later than the payday for the next regular payroll period;

   c. for penalties against Defendant, under Labor Code Section 203, because Section 202 was violated in that Defendant did not pay Plaintiff all wages due upon his termination;

   d. for recovery of costs and attorney fees pursuant to Labor Code section 211 and 218.5 for relief associated with Plaintiff's prosecution of this cause of action under California Labor Code Sections 200, et seq.

   e. for interest on all due and unpaid wages pursuant to Labor Code Section 218.6;

   f.    Phillips v. Gemini Moving Specialists, 63 Cal.App.4th 563, 570, 74 Cal.Rptr.2d 29, 33 (2nd App. Dist. 1998), Gould v. Maryland Sound Industries, 31 Cal. App. 4th 1147, 37 Cal. Rptr. 2d 718 and Gantt v. Sentry Ins., 1 Cal. App. 4th 1083, 1095, 4 Cal. Rptr. 2d 874 (1992) concluding that California courts have long recognized that wage and hour laws concern the health and safety of workers and the general public health and general welfare of society. Thus, it a public policy to promptly pay employees their wages due, and it is therefore a violation of public policy not to promptly pay employees all wages due and owing: Calif. Labor Code Sections 201, 203, 223 and 224;

g. California Business and Professions Code §17200 which defines unfair competition as unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising;

h. California Business and Professions Code §17203 which states that any person who engages, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction

i. all other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by retaliating, harassing, and firing Plaintiff;

36. Plaintiff alleges that Defendant AMERICAN HOME MORTGAGE intentionally created and/or knowingly permitted the working conditions described in Paragraph 35 and the first and third causes of action because Defendants ZAVERY, TIZABI, CARNOCHAN and CADY were managing agents, officers and/or directors of the corporate defendant and were Plaintiff's supervisors and managers. Plaintiff constantly complained to Defendants about not being paid his commissions due and, thus, all of his wages due. Under these circumstances, no reasonable person would have returned to the work environment, and so Plaintiff allowed his employment to end on June 17, 2005, thereby resigning soon after his mangers and supervisors, ZAVERY, TIZABI, CARNOCHAN and CADY, refused to pay Plaintiff his commissions due.

37. As a direct, foreseeable, and proximate result of the actions of said Defendant, as described in this cause of action, the Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed, as well as financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court,

to be ascertained according to proof.

38. The grossly reckless and/or intentional, malicious, and bad faith manner in which said Defendant conducted themselves, as described in this cause of action, by willfully violating those statutes enumerated in Paragraph 35, the Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

39. The Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above, in this cause of action, was done with oppression, and malice, by the Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of the Defendant employers. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against said Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

## FIFTH CAUSE OF ACTION
## FOR FRAUD & DECEIT (STATUTORY & COMMON LAW)
### (Against All Named Defendants and DOES 1-100)

40. Plaintiff realleges the information set forth in Paragraphs 1-14 of the General Allegations, Paragraphs 15-18 of the First Cause of Action, Paragraphs 19-24 of the Second Cause of Action, Paragraphs 25-32 of the Third Cause of Action, Paragraphs 33-39 of the Fourth Cause of Action, above, as though fully set forth and alleged herein.

41. Plaintiff alleges that Defendants ZAVERY and TIZABI who made the representations herein, are the authorized agent of Defendant AMERICAN HOME

11

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL



1  MORTGAGE and at the time of making the representations herein alleged and at all times
2  herein mentioned, were acting within the course and scope of his agency and authority for
3  Defendant AMERICAN HOME MORTGAGE.
4      42.    Plaintiff is informed and believes that between February 2005 and the
5  present, Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and other managing
6  agents of Defendant AMERICAN HOME MORTGAGE entered into an agreement under
7  which said Defendants, acting in concert, agreed to willfully or knowingly conspire and
8  agree among themselves to convert Plaintiff's commissions payments by defrauding
9  Plaintiff into accepting employment for which he would never receive his wages. The
10 wrongful acts of all named and Doe Defendants, and each of them, were performed as
11 agents and employees both within and outside of the course and scope of their authority
12 and employment. Furthermore, the acts said Defendants, and each of them, were in
13 furtherance of a conspiracy to violate legal duties, i.e. to pay Plaintiff all of his
14 commissions owed. Said Defendants, and each of them, did the acts and things herein
15 alleged pursuant to, and in furtherance of, the conspiracy to intentionally and wrongfully
16 convert Plaintiff's commissions, to defraud Plaintiff, and to intentionally inflict emotional
17 distress upon Plaintiff.
18     43.    Plaintiff brings this cause of action under California Civil Code Section
19 1572, 1709, and 1710 against Defendants AMERICAN HOME MORTGAGE, ZAVERY,
20 TIZBI, CARNOCHAN and CADY for fraudulently inducing him to continuing working
21 for Defendants AMERICAN HOME MORTGAGE ZAVERY, TIZABI, CARNOCHAN and
22 CADY when Defendants ZAVERY and TIZABI misrepresented the following material
23 facts to Plaintiff beginning on or about February of 2005 and continuing through on or
24 about May 13, 2005:
25     a.    that Plaintiff would be paid 50% commissions for all fees paid to
26        Defendant AMERICAN HOME MORTGAGE on loans Plaintiff generated for
27        Defendant AMERICAN HOME MORTGAGE.
28     44.    At the time Defendants ZAVERY and TIZABI made the material

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   representations that Plaintiff would be paid 50% commissions for all fees paid to
2   Defendant AMERICAN HOME MORTGAGE on loans Plaintiff generated for Defendant
3   AMERICAN HOME MORTGAGE to compensate him for Defendant AMERICAN
4   HOME MORTGAGE they knew those statements to be false and had no intention of ever
5   paying this bonus. In fact, Plaintiff is informed and believes that Defendants ZAVERY,
6   TIZABI, CARNOCHAN and CADY intended to keep Plaintiff's commissions for
7   themselves. Additionally, Defendants ZAVERY and TIZABI made these material
8   misrepresentations to Plaintiff with the intent that Plaintiff would rely upon the material
9   misrepresentation and would continue to generate loans so that they could convert his
10  commissions for themselves.
11      45.    Plaintiff alleges that Defendants ZAVERY, TIZABI, CARNOCHAN,
12  CADY and AMERICAN HOME MORTGAGE never intended to pay Plaintiff his
13  commissions. Additionally, Defendants ZAVERY and TIZABI actively concealed the fact
14  ZAVERY, TIZABI, CARNOCHAN, CADY and AMERICAN HOME MORTGAGE
15  wanted Plaintiff to work without complaints because Plaintiff was working for Defendant
16  under the auspices that he would be compensated for the loans he generated, when
17  Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and AMERICAN HOME
18  MORTGAGE really intended to convert Plaintiff's commissions for themselves.
19      46.    Had Plaintiff known that the representations made by Defendants ZAVERY
20  and TIZABI were false and Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and
21  AMERICAN HOME MORTGAGE intended to require Plaintiff to work without being
22  paid commissions, and that Defendants ZAVERY and TIZABI were actively concealing
23  from Plaintiff that they merely wanted to further the conspiracy to convert his
24  commissions, Plaintiff would not have taken the job with Defendants. Plaintiff relied on
25  the statements made to him by Defendants TIZABI and ZAVERY and submitted to
26  Defendants' employment under the belief he would eventually be compensated for the
27  loans he generated for Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and
28  AMERICAN HOME MORTGAGE.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  47. Defendants ZAVERY's, TIZABI's, CARNOCHAN's, CADY's and
2  AMERICAN HOME MORTGAGE's actions, alleged in this cause of action, directly and
3  proximately caused Plaintiff suffering and continuing suffering, extreme and severe
4  anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness,
5  anxiety, and embarrassment all to Plaintiff's detriment in an amount to be determined by
6  proof at time of trial. These actions have also caused Plaintiff economic loss of future lost
7  wages and a failure to properly advance within his career as well as money he would have
8  made at other employers, and wages he could have made elsewhere.

9  48. As a direct, foreseeable, and proximate result of the Defendants' actions, as
10  alleged in this cause of action, which were intentional, malicious, oppressive, and made in
11  a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously
12  disregard the Plaintiff's rights by taking the actions alleged in this cause of action, the
13  Plaintiff prays for punitive damages against said Defendants in a sum within the
14  jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large
15  amount to punish said Defendants, deter future conduct by said Defendants and others
16  behaving like them, and to make an example of said Defendants.

## SIXTH CAUSE OF ACTION FOR
## REASONABLE VALUE OF SERVICES PERFORMED (QUANTUM MERUIT)
## COMMON COUNT FOR WORK AND LABOR PERFORMED
## (AGAINST ALL NAMED DEFENDANTS AND ALL DOE DEFENDANTS)

23  49. Plaintiff realleges the information set forth in Paragraphs 1-14 of the
24  General Allegations, Paragraphs 15-18 of the First Cause of Action, Paragraphs 19-24 of
25  the Second Cause of Action, Paragraphs 25-32 of the Third Cause of Action, Paragraphs
26  33-39 of the Fourth Cause of Action, Paragraphs 40-48 of the Fifth Cause of Action,
27  above, as though fully set forth and alleged herein.
28  50. Plaintiff alleges that he was not fully paid for his efforts at Defendants.

These efforts included generating two loans for Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and AMERICAN HOME MORTGAGE. All of the hours worked by Plaintiff pursuing those loans went uncompensated. The total amount due in wages due to Plaintiff is approximately $10,257.65 and the benefit to Defendants was at least five times that. Accordingly, Plaintiff prays that he receive the reasonable value of his services in providing Defendants ZAVERY, TIZABI, CARNOCHAN, CADY and AMERICAN HOME MORTGAGE the two loans.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL NAMED DEFENDANTS AND ALL DOE DEFENDANTS)

51. Plaintiff realleges the information set forth in Paragraphs 1-14 of the General Allegations, Paragraphs 15-18 of the First Cause of Action, Paragraphs 19-24 of the Second Cause of Action, Paragraphs 25-32 of the Third Cause of Action, Paragraphs 33-39 of the Fourth Cause of Action, Paragraphs 40-48 of the Fifth Cause of Action, Paragraphs 49-50 of the Sixth Cause of Action, above, as though fully set forth and alleged herein.

52. The Defendants AMERICAN HOME MORTGAGE, ZAVERY, TIZABI, CARNOCHAN and CADY acted outrageously, recklessly, and intentionally subjected the Plaintiff to severe emotional distress by condoning and ratifying the acts described in the above Paragraphs beginning with Paragraph 9, by and through the Defendant's management.

53. In doing the acts herein alleged, in all parts of this complaint beginning in Paragraph 9, all named Defendants, and each of them, acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to the Plaintiff by doing the following:

    a. refusing to pay Plaintiff all of his commissions due;

     b.    defrauding Plaintiff into believing that he would be paid commissions for the loans he generated for Defendants when Defendants never intended on paying Plaintiff the commissions;

     c.    conspiring to defraud Plaintiff into believing that he would be paid commissions on the loans he generated for Defendants when Defendants never intended on paying Plaintiff the commissions;

     d.    converting Plaintiff's commissions due;

     e.    conspiring to convert Plaintiff's commissions due.

54. All named Defendants, and all of their actions as alleged in this cause of action, directly and proximately resulted in the Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, and causing the Plaintiff to incur future medical bills, all to the Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

55. Defendant AMERICAN HOME MORTGAGE, ZAVERY, TIZABI, CARNOCHAN and CADY willfully refused to pay Plaintiff his commissions due, defrauded him into believing he would eventually be compensated for working for Defendants, and then keeping the commission owed to Plaintiff for themselves. Defendants' outrageous, reckless and intentional behavior resulted Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression.

56. As a direct, foreseeable, and proximate result of Defendants' actions, and each of their actions alleged in this cause of action, the Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendants actions, and each of their actions, not caused him such emotional suffering and grief, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

57. As a direct, foreseeable, and proximate result of the all named Defendants actions, and each of their actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard the Plaintiff's rights by taking the actions alleged in this cause of action, the Plaintiff prays for punitive damages against all named Defendants, and each of them, in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendants, deter future conduct by said Defendants and others behaving like them, and to make an example of said Defendants.

WHEREFORE, the Plaintiff prays for the following relief, to be determined by a jury as follows:

### For All Causes of Action Except the Sixth Cause of Action:

1. For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2. For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate the Plaintiff for her loss of past and future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security, failure to properly advance within her career, damage to her reputation;

3. For all costs and disbursements incurred in this suit;

4. For such other and further relief as the Court deems just and proper;

5. For all interest as allowed by law;

6. For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court;

7. For punitive damages, as allowed by law, in an amount to be ascertained, according to proof, that will sufficiently punish all named Defendants, make an example of them, and deter future conduct.

As to the First Cause of Action:

8. For reasonable attorneys' fees and costs, as allowed by law, under California Labor Code Sections 218.5for the time that the Plaintiff's attorney spends pursuing this cause of action against the Defendant.

9. For interest, as allowed by law, under California Labor Code Sections 218.6.

10. For penalties, as allowed by law, under California Labor Code Sections 203 and 204.

As to the Third Cause of Action

11. For a constructive trust on the converted goods and their fruits and tracing with respect to the converted goods

As to the Sixth Cause of Action:

12. For all equitable and/or restitutional relief the court provides.

Dated: August 24, 2005                          DANZ & GERBER

                                                _____
                                                STEPHEN F. DANZ
                                                BENJAMIN KENNEDY
                                                ATTORNEYS FOR PLAINTIFF,
                                                ROBB EVANS

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL