# EXHIBIT A

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

In Re:

AMERICAN HOME MORTGAGE
CORP. OF NEW YORK
a registrant under Chapter 494, Fla. Stat.,
Mortgage Broker and Lender Code

Administrative Proceeding
No.: 1529-F-6/06

Respondent.
_____/

## FINAL ORDER

The Office of Financial Regulation ("Office"), and Respondent, AMERICAN HOME MORTGAGE CORP. OF NEW YORK, having entered into a Stipulation and Consent Agreement last dated October 12, 2006, attached hereto, resolving and concluding this matter;

IT IS ACCORDINGLY ORDERED:

1. The Stipulation and Consent Agreement attached hereto is adopted and incorporated herein by reference as if set forth at length;

2. The Office and Respondent shall comply with all provisions of the incorporated Stipulation and Consent Agreement.

DONE and ORDERED this 17th day of October 2006, in Tallahassee, Leon County, Florida.

DON B. SAXON, Commissioner
Office of Financial Regulation

## NOTICE OF RIGHT TO JUDICIAL REVIEW

A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW PURSUANT TO SECTION 120.68, FLORIDA STATUTES. APPELLATE PROCEEDINGS ARE GOVERNED BY THE FLORIDA RULES OF APPELLATE PROCEDURE. SUCH PROCEEDINGS ARE COMMENCED BY MAILING A NOTICE OF APPEAL TO:

THE AGENCY CLERK
OFFICE OF FINANCIAL REGULATION
P.O. BOX 8050
TALLAHASSEE, FL 32314-8050

OR HAND DELIVERING TO 101 EAST GAINES ST., TALLAHASSEE, FLORIDA. A COPY, ACCOMPANIED BY FILING FEES PRESCRIBED BY LAW, MUST BE FILED WITH THE DISTRICT COURT OF APPEAL, FIRST DISTRICT, OR WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE PARTY RESIDES. THE NOTICE OF APPEAL MUST BE FILED WITHIN 30 DAYS OF RENDITION OF THE ORDER TO BE REVIEWED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Final Order was sent by U.S. Mail to Mitchell H. Kider, Esq., attorney for AMERICAN HOME MORTGAGE CORP. OF NEW YORK, at Weiner Brodsky Sidman Kider PC, 1300 19th St. NW, Fifth Floor, Washington, DC 20036-1609 on this _____ day of October 2006.

Robert H. Schott, Esq.
Fla. Bar No.: 0312266
Assistant General Counsel
Office of Financial Regulation
P.O. Box 8050
Tallahassee, FL 32314-8050
(850) 410-9648
Facsimile: (850) 410-9645

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

In Re:

AMERICAN HOME MORTGAGE
CORP. OF NEW YORK
a registrant under Chapter 494, Fla. Stat.,
Mortgage Broker and Lender Code

Administrative Proceeding
No.: 1529-F-6/06

Respondent.

_____/

## STIPULATION AND CONSENT AGREEMENT

The State of Florida, Office of Financial Regulation (the "Office" or "OFR"), pursuant to Chapter 494, Florida Statutes, and AMERICAN HOME MORTGAGE CORP. OF NEW YORK ("Respondent") in consideration of the mutual promises herein, recite, stipulate, and agree as follows:

1. **Background:** Respondent's registered address is 538 Broadhollow Road, Melville, New York 11747.

2. **Jurisdiction:** The Office is responsible for the administration and enforcement of Chapter 494, Florida Statutes, and has jurisdiction over Respondent, AMERICAN HOME MORTGAGE CORP. OF NEW YORK, pursuant to Sections 494.0011, 494.0012, 494.0072, and 494.0073, Florida Statutes.

3. **Findings:** On February 9, 2006, in response to a consumer complaint, the Office examined Respondent's processing of mortgage loan to Gil Alvarez. The examiner reviewed the documents and information received from the complainant and the Respondent. Further, the examiner reviewed records

1

obtained by subpoena and interviewed Mr. Alvarez, the loan originator, and the closing agent. As a result of that examination, the Office alleges the discrepancies or violations described in paragraphs 3.a. and 3.b. below. Respondent neither admits nor denies the allegations.

a. The loan originator acting for Respondent, Lynette Warren, promised Mr. Alvarez a 5.25% interest rate on a thirty year fixed mortgage. However, Ms. Warren failed to lock-in that 5.25% rate, and at closing, the rate had increased to 5.75%. Mr. Alvarez alleges that he had to accept a mortgage loan at 5.75% interest or face legal action.

b. Over the thirty-year life of the mortgage, Mr. Alvarez will incur financial loss. Further, the loan originator's failure to lock-in the promised interest rate constituted negligence and incompetence in a mortgage financing transaction within the meaning of Section 494.0072(2)(b), Florida Statutes.

c. Section 494.0072 authorizes the Office to impose penalties including imposition of a fine not exceeding $5000 per offense when a licensee commits an enumerated offense. Those offences include negligence or incompetence in any mortgage financing transaction. See Subsection 494.0072(2)(b), Florida Statutes.

4. **Consideration:**  The parties agree that the issues raised in this matter can be expeditiously resolved without the expense of litigation and/or a hearing. Therefore, in compromise and settlement of the investigation and in consideration of the Office's forbearance from issuance of an administrative complaint and pursuing litigation.

    a. That Respondent agrees, in the conduct of any and all business affairs requiring registration under the Act, to strictly comply with all provisions of the Act, Chapter 494, Florida States, as it now exists and as they may be amended. Respondent also agrees to strictly comply with Chapter 69V, Florida Administrative Code, adopted by the Office pursuant to the Act, as such rules now exist and as they may be amended.

    b. That Respondent is fined five thousand dollars ($5000.00) payable by cashier's check and made payable to the Department of Financial Services, and mailed to the Agency Clerk, Office of Financial Regulation, 200 E. Gaines Street, Fletcher 526, Tallahassee, Florida 32399-0379, and reference Administrative Proceeding No.1529-F-6/06. Respondent shall submit the check simultaneous with the return of this executed agreement. Respondent understands and agrees that (1) in accordance with Section 215.31, Florida Statutes, regarding the deposit of monies that the tendered fine or settlement check proceeds may be deposited in advance of full execution or acceptance of the proposed settlement agreement and (2) such deposit shall not be construed as a final acceptance of the Stipulation absent full execution thereof and entry of the Final Order adopting same.

    5. **FINAL ORDER**: Respondent consents to the entry of a Final Order adopting and incorporating this Stipulation by reference. Respondent understands and agrees that this Stipulation and Consent Agreement is subject to final approval by the Commissioner of the Office and by entry of a Final Order adopting it. In the event the Final Order is not entered, this Stipulation and

3

Consent Agreement shall be null and void. The Final Order incorporating the terms of this Stipulation and Consent Agreement constitutes final agency action by the Office for which the Office may seek enforcement pursuant to the provisions of Chapter 120 and 494, Florida Statutes.

6. **CONSENT AND WAIVER.** By Respondent's consent to the entry of a Final Order with respect to this proceeding, Respondent knowingly and voluntarily waives:

a. Any right to receipt of administrative charges or complaint and a notice of rights pursuant to Chapter 120, Florida Statutes;

b. Any right to an administrative hearing provided by Chapter 120, Florida Statutes;

c. Any requirement that that Office's Final Order contain separately stated findings of fact and conclusions of law or a notice of rights;

d. Any right to issuance of a recommended order by an administrative law judge from the Division of Administrative Hearings or a hearing officer from the Office; and

e. Any and all rights to object to or to challenge in any judicial proceeding including but not limited to, an appeal pursuant to Section 120.68, Florida Statutes, any term, obligation, condition or requirement of the Final Order.

7. **FAILURE TO COMPLY**: Respondent agrees that failure to comply with any of the terms, obligations, and conditions of this Agreement shall be a violation of a Final Order of the Office. Such noncompliance may result in the

4

issuance of an emergency cease and desist order. However, nothing herein shall limit Respondent's right to contest such a finding of noncompliance.

8. **RELEASES**: Upon full execution of this Agreement, Respondent waives and releases the Office, its agents, representatives, and employees from any and all causes of action that Respondent may have, now or in the future, arising from or relating to the subject matter hereof. The Office agrees to accept this release on behalf of itself, its agents, representatives, and employees without acknowledging and expressly denying that any such cause or causes of action may exist.

9. **ATTORNEYS' FEES**: Each party herein shall be solely responsible for his or its attorney fees and costs incurred in the defense, prosecution, or negotiations in this matter up to and including the entry of the Final Order.

10. **SEVERABILITY**: Respondent agrees that if any provision of this Stipulation and Consent Agreement or the application thereof to any person or circumstance is held invalid, the invalidity shall not affect other provisions of the Agreement, which will be given effect without the invalid provisions, and to this end, the provisions of this Agreement are declared severable.

11. **CORPORATE AUTHORITY**: The undersigned representative of AMERICAN HOME MORTGAGE CORP. OF NEW YORK has full authority to enter into and bind AMERICAN HOME MORTGAGE CORP. OF NEW YORK to the terms and conditions of this Stipulation and Consent Agreement.

Notary Public State of New York

WHEREFORE, in consideration of the foregoing, the Office and Respondent executes this Stipulation and Consent Agreement to issuance of a Final Order, as attached hereto, on the last date indicated below:

**OFFICE OF FINANCIAL REGULATION**

_____    10-12-06
RICHARD WHITE,                                          Date
Director, Securities and Financial Regulation

**RESPONDENT**
**AMERICAN HOME MORTGAGE CORP. OF NEW YORK**

_____    9/18/06
By Alan Horn, General Counsel                     Date

STATE OF ~~FLORIDA~~ New York
COUNTY OF Suffolk

    BEFORE ME, the undersigned authority, personally appeared Alan Horn as General Counsel of AMERICAN HOME MORTGAGE CORP. OF NEW YORK, who is personally known to me or has produced adequate identification, and who, after being duly sworn, states that he has read and understands the contents of this Stipulation and Consent Agreement and voluntarily executed the same.

    SUBSCRIBED and SWORN to before me this __18__ day of ~~August~~ Sept. 2006.

_____
NOTARY PUBLIC

My Commission Expires: ____2008____

ARLENE PARKS
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 20_08_

6