## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------- x
In re                                             :
                                                  :      Chapter 11
American Home Mortgage Holdings, Inc.,            :
et al.                                            :      Case No. 07-11047 (CSS)
                                                  :      (Jointly Administered)
           Debtors.                               :
                                                  :      Re: D.I. 9591
                                                  :      Objection Deadline: Extended by counsel to the
                                                  :      Plan Trustee to January 9, 2011
                                                  :      Hearing Date: January 24, 2011 at 11:00 a.m. (ET)
------------------------------------------------- x
```

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE JPM LITIGATION DEFENDANTS TO THE MOTION OF THE PLAN TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE PLAN TRUSTEE TO RETURN OR DESTROY ALL HARD COPY LOAN FILES

The JPM Litigation Defendants (defined below) hereby file this limited objection and reservation of rights (the "Response") to the Motion of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Plan Trustee to Destroy or Return All Hard Copy Loan Files, dated December 22, 2010 [D.I. 9591] (the "Motion"), and in support thereof respectfully submit as follows:

## RELEVANT BACKGROUND

1.      On December 14, 2007, the above captioned Debtors filed their Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the (i) Abandonment of Certain Duplicate Mortgage Loan Files or (ii) Return of Mortgage Loan Files to the Owner of Such Loans Upon Payment of Reasonable Costs and Expenses [D.I. 2395] (the "Original Destruction Motion"). Pursuant to the Original Destruction Motion, the Debtors sought authority to abandon and destroy or, alternatively, return copies of the Debtors' mortgage loan files (collectively, the "Hard Copy Loan Files") held in the Debtors' central storage facility, American Corporate Record Center, Inc.

2.      On January 14, 2008, the Court entered an order [D.I. 2724] (the "First Disposition Order") approving in part the Original Destruction Motion by authorizing the immediate abandonment and destruction of only those Hard Copy Loan Files for loan applications that did not close.  In addition, on February 19, 2008, the Court entered a second order [D.I. 3010] (the "Second Disposition Order," and together with the First Disposition Order, the "Disposition Orders"), which authorized the Debtors to return Hard Copy Loan Files to the legal owners and/or master servicers of the underlying loans upon their filing a declaration requesting their loan files returned.

3.      Subsequent to the filing of the Original Destruction Motion and the entry of the Disposition Orders, J.P. Morgan Acceptance Corporation I ("JPMAC I") and certain other related persons (collectively, the "JPM Litigation Defendants") were named defendants in various complaints filed in various courts throughout the United States (collectively, the "Litigations").  Attached hereto as Exhibit A is a chart listing each of the Litigations and the JPM Litigation Defendants named in each of the Litigations.

4.      The plaintiffs in the Litigations purport to bring the causes of actions asserted therein as and/or on behalf of persons who (i) acquired certain mortgage pass-through certificates (the "Certificates") pursuant and/or traceable to certain registration statements and accompanying prospectuses and prospectus supplements alleged to be filed by certain of the JPM Litigation Defendants; or (ii) issued insurance policies guaranteeing the timely payment of principal and interest payable on certain Certificates issued in securitization transactions sponsored by one of the JPM Litigation Defendants.  The collateral underlying each series of the Certificates were distinct pools of mortgage loans acquired and/or held by certain of the JPM Litigation Defendants from various mortgage loan lenders, including the Debtors.  Accordingly,

certain of the loans originated by the Debtors and acquired by the JPM Litigation Defendants (the "AHM Originated Loans") are related to transactions that are the subject of the Litigations (collectively, the "Transactions").

5.     Pursuant to the Motion, the Plan Trustee seeks to destroy or return an additional 4,100 boxes comprised of Hard Copy Loan Files that were previously maintained at other storage facilities or left on employees' desks upon the abrupt cessation of the Debtors' business. The Motion is unclear as to which mortgage loans originated by the Debtors the Hard Copy Loan Files relate.

## LIMITED OBJECTION

6.     The Plan Trustee is on notice of the Litigations and therefore must take reasonable steps to preserve relevant documents in its possession, custody or control. Accordingly, in light of the Litigations and the Plan Trustee's obligations, this Court should not authorize the Plan Trustee to destroy any of the Hard Copy Loan Files that may be related to the Transactions and/or the AHM Originated Loans, because the Transactions and the AHM Originated Loans are the subject of the Litigations.

7.     From a preliminary review of the Transactions, the JPM Litigation Defendants have compiled, and attach hereto as part of Exhibit A, a preliminary list of the Transactions containing AHM Originated Loans that are the subject of the Litigations. Counsel for the JPM Litigation Defendants are currently working with counsel for the Plan Trustee in an attempt to determine whether any of the Hard Copy Loan Files contain documents that are related to the Transactions and/or the AHM Originated Loans.

8.     As of the date hereof, the JPM Litigation Defendants have not received confirmation that the Hard Copy Loan Files do not contain documents relating to the Transactions and/or AHM Originated Loans. Accordingly, the JPM Litigation Defendants

request that this Court adjourn a determination on the Motion for a reasonable period of time so that the Plan Trustee can determine whether any of the Hard Copy Loan Files that are proposed to be destroyed are related to the Transactions and/or the AHM Originated Loans.

## RESERVATION OF RIGHTS

9.      Nothing asserted in this Response shall be construed as a waiver of any rights, privileges, or remedies available under applicable law.  The JPM Litigation Defendants hereby reserve the right to amend, alter, revise or supplement this Response in light of any other information provided by the Plan Trustee.  In addition, the filing of this Response is not exclusive of any other responses, objections, or loan file or information requests by the JPM Litigation Defendants or any affiliated or related entities, and is without prejudice to such parties' rights to make any such other responses, objections, or requests.

Dated: January 7, 2011
      Wilmington, Delaware

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

SIDLEY AUSTIN LLP
Robert Pietrzak
Dorothy J. Spenner
Alex R. Rovira
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Counsel for the JPM Litigation Defendants*