IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :   Jointly Administered
       Debtors.                                                 :
                                                                :   Response Deadline: February 3, 2011 at 4:00 p.m. (ET)
                                                                :   Hearing Date: February 10, 2011 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

**DEBTORS' SEVENTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The above-captioned debtors and debtors in possession (the "Debtors") hereby object (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C, D and E to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and request the entry of an order reclassifying, reassigning, modifying and/or otherwise disallowing and expunging in full such Disputed Claims as described herein. In support of this Objection, the Debtors rely on the Declaration of Eileen Wanerka in Support of the Debtors' Seventy-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these

chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

9. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

reassigning, modifying and/or disallowing and expunging in full the Disputed Claims listed in Exhibits A, B, C, D and E to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A. Modified Amount Claims

10. The claimants asserting the claims identified in Exhibit A to the Proposed Order (the "Modified Amount Claims") asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claim" in Exhibit A should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit A.

11. Failure to modify the Modified Amount Claims as set forth in Exhibit A will result in the claimant receiving an improper claim amount to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Claims and request entry of an order modifying and reducing the values of the Modified Amount Claims as set forth in Exhibit A.

### B. Modified Amount Reclassified Claims

12. The claimants asserting the claims identified in Exhibit B to the Proposed Order (the "Modified Amount Reclassified Claims") either failed to assert that portions of such claims are entitled to priority status under Section 507(a)(4) of the Bankruptcy Code or improperly asserted that such claims are entitled to priority status. After reconciling the Modified Amount Reclassified Claims against their books and records, the Debtors believe that the Modified Amount Reclassified Claims should be reclassified as indicated in the "Modified Amount" column in Exhibit B.

13. Additionally, the claimants asserting the Modified Amount Reclassified Claims asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and records. Consequently, the Debtors believe the amounts of the Modified Amount Reclassified Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claim" in Exhibit B should be modified by reducing or fixing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit B.

14. Failure to modify and reclassify the Modified Amount Reclassified Claims as set forth herein will result in the applicable claimant receiving an improper status and claim amount to the detriment of other creditors in these cases. Accordingly, the Debtors hereby object to the Modified Amount Reclassified Claims and request entry of an order reclassifying and reducing the values of the Modified Amount Reclassified Claims as set forth in Exhibit B.

C. **No Liability Claims**

15. After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Debtors believe to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit C to the Proposed Order (the "No Liability Claims"). Moreover, the Debtors cannot justify these claims as valid. Consequently, the Debtors believe the No Liability Claims identified in Exhibit C should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Debtors hereby object to the No Liability Claims and request entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit C.

### D.  Reclassified Claims

16.  The claimants asserting the claims identified in Exhibit D to the Proposed Order (the "Reclassified Claims") asserted either that such claims are entitled only to general unsecured status or improperly asserted that such claims are entitled to priority status. After reconciling the Reclassified Claims against their books and records, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the "Modified Amount" column in Exhibit D.

17.  Failure to reclassify the Reclassified Claims as set forth herein will result in the claimants failing to receive the appropriate priority status. Accordingly, the Debtors hereby object to the Reclassified Claims and request entry of an order reclassifying the Reclassified Claims as set forth in Exhibit D.

### E.  Undetermined Value Wrong Debtor Claim

18.  The claimant asserting the claim identified in Exhibit E of the Proposed Order (the "Undetermined Value Wrong Debtor Claim") failed to assert a dollar amount for such claim and failed to assert such claim against a particular Debtor entity. The Debtors have reviewed their books and records, which the Debtors believe to be accurate, and determined that the appropriate amount of the Undetermined Value Claim is the amount listed in the column titled "Book Amount" in Exhibit E (the "Book Amount"). In addition, after reviewing their books and records, the Debtors believe they have determined which Debtor the Undetermined Value Wrong Debtor Claim should have been filed against and have listed the new case number for such claim under the column titled "New Case Number" (the "New Case Number"). Failure to reassign the Undetermined Value Wrong Debtor Claim would result in such claim being improperly asserted against the wrong Debtor.

19. Based on the foregoing, the Debtors request entry of an order affixing the Book Amount as the amount of the Undetermined Value Wrong Debtor Claim and reassigning such claim to the New Case Number as indicated on <u>Exhibit E</u>.

### **RESERVATION OF RIGHTS**

20. The Debtors expressly reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

### **NOTICE**

21. The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: January 11, 2011
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
         Debtors.                                                :
---------------------------------------------------------------- x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF DEBTORS'
SEVENTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the above-captioned debtors and debtors in possession (the "Debtors") and the AHM Liquidating Trust, which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Seventy-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Modified Amount Claims", "Modified Amount Reclassified Claims", "No Liability Claims", "Reclassified Claims", and "Undetermined Value Wrong Debtor Claim", as defined in the Objection and identified on Exhibits A, B, C, D and E to the Proposed Order, respectively.

3. The information contained in Exhibits A, B, C, D and E to the Proposed Order is true and correct to the best of my knowledge.

4. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit A to the Proposed Order should be modified to the amounts listed in Exhibit A. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to modify and reduce the Modified Amount Claims.

5. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit B to the Proposed Order should be modified to the amounts listed in Exhibit B and reclassified to the priority levels listed in Exhibit B. Accordingly, to prevent the claimant from receiving an unwarranted recovery and an incorrect priority, the Debtors seek to modify and reclassify the Modified Amount Reclassified Claims.

6. The Debtors have reviewed the No Liability Claims, related supporting documentation, and the Debtors' own books and records and determined that they have no record of any liability on account of the claims identified in Exhibit C to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Debtors seek to expunge and disallow in full the No Liability Claims.

7. The Debtors have reviewed their books and records and determined that the claims identified in Exhibit D to the Proposed Order should be reclassified to the priority levels

listed in <u>Exhibit D</u>. Accordingly, in order to provide the claimants with the appropriate priority status for their claim, the Debtors seek to reclassify the Reclassified Claims.

8.    The Debtors have reviewed their books and records and determined the appropriate value that should be affixed to the claim identified in <u>Exhibit E</u> to the Proposed Order and reassigned to the new case number listed in <u>Exhibit E</u>. Accordingly, the Debtors seek to affix the amount listed in <u>Exhibit E</u> to the Undetermined Value Wrong Debtor Claim and reassign such claim to the appropriate Debtor.

*[Signature page follows]*

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 11, 2011

*[signature]*
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration