UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) Jointly Administered |
| Debtors. | Hearing Date: 1/24/11 @ 11:00 a.m. Objections Due: 1/18/11 @ 4:00 p.m. |
| | Re: D.I. 9591 |

## LIMITED OPPOSITION OF INDIVIDUAL MOVANT FLORENCE DANDRIDGE TO MOTION FOR AN ORDER AUTHORIZING PLAN TRUSTEE TO RETURN OR DESTROY ALL HARD COPY LOAN FILES

### PRELIMINARY STATEMENT

Individual Movant Florence Dandridge ("Ms. Dandridge"), respectfully submits this limited opposition to the motion of Steven D. Sass, Plan Trustee, for an order authorizing him to return or destroy any and all hard copy loan files. Ms. Dandridge, a member of the Official Borrowers Committee prior to that Committee's dissolution on September 23, 2010, submits this limited opposition requesting that any order authorizing the destruction of the hard copy loan files be limited as follows: 1) only hard copies of loan files for loans originated in or before 2002 be permitted to be destroyed; 2) any such files may be permitted to be destroyed only if the Plan Trustee assures the Court that the hard copies do not contain any original signed notes and/or mortgages; 3) prior to destruction of any documents pursuant to this Court's authorization, any hard copy loan files originated after 2002 be preserved in electronic form and made available to the Ombudsman for distribution to borrowers who request them; and 4) borrowers receive

individual notice by U.S. mail of the availability of their loan files in electronic form and instructions on how to request them.

## ARGUMENT

## LOAN FILES PERTAINING TO LOANS ORIGINATED SUBSEQUENT TO 2002 SHOULD NOT BE DESTROYED

The Plan Trustee states in his motion that 4,100 of the 11,000 boxes in its Broadhollow Property that he proposes to destroy contain borrower loan files. (Motion, ¶ 24.) The Plan Trustee's motion, however, <u>does not describe the files to be destroyed with any detail, and the motion provides the Court with no assurance</u> that the files do not contain the original, executed notes and mortgages. As has been reported widely in the media, many mortgage-backed securitized trusts purporting to foreclose on delinquent mortgages do not, in fact, possess the critical original notes and mortgages required by law to establish their standing to foreclose, throwing their ownership of these loans into serious question. Before destroying documents that could be critically important to borrowers, not to mention investors, the Court should require the Trustee to more accurately review and describe the documents it proposes to destroy.

The Trustee states that "[t]he majority of the remaining Hard Copy Loan Files are for loans originated in or before 2002." (Motion, ¶ 1.) With respect to Hard Copy Loan Files originated in or before 2002, the cost of preservation may outweigh the value of the files inasmuch as the homes mortgaged by predatory or deceptive American Home loans originated in or before 2002 have likely already been lost to foreclosure. But that is not the case with respect to loans originated in later years. Debtors' and Trustee's counsel have advised that files for all loans dating from September 2005 and after have been electronically preserved. Since, as the Trustee attests, the majority of the Hard Copy Loan

Files he seeks to destroy date to 2002 or earlier, the burden on the Trustee of electronically preserving any post-2002 documents that have not already been preserved, if any, will be negligible. . As explained in prior motions of the Borrowers Committee, access to these files is critical for borrowers seeking to defend against or prevent foreclosure. Ms. Dandrige, accordingly, requests that the Court require the Trustee to preserve in electronic form all Hard Copy Loan Files for post-2002 loans.

## REQUIRING THE PRESERVATION OF POST-2002 LOAN FILES WILL NOT BE UNDULY BURDENSOME TO THE TRUSTEE

Requiring the Trustee to remove and preserve electronically any post-2002 Hard Copy Loan Files will not be unduly burdensome. The Trustee asserts in his motion that he "will review each Hard Copy Loan File to determine whether such file is a Requested Loan File pursuant to the previously submitted Loan File Declarations." (Motion, ¶ 32.) Because the Trustee has already represented to this Court that he will be conducting a review prior to destruction to ensure that no Requested Loan Files are destroyed, there is minimal additional burden imposed by requiring the Trustee, when conducting that review, to pull and scan any post-2002 loan files found among the documents slated for destruction, particularly since the Trustee has asserted that such post-2002 loan files represent a minority of the remaining Hard Copy Loan Files. Moreover, electronic preservation of such documents does not interfere with the Trustee's stated need to reduce the volume of paper stored at the Broadhollow Property, since Ms. Dandridge is not seeking the physical preservation of the post-2002 files.

# BORROWERS SHOULD RECEIVE MEANINGFUL NOTICE OF THEIR RIGHT TO REQUEST COPIES OF THEIR LOAN FILES

Ms. Dandridge further requests that borrowers be notified in a meaningful way of their right to seek electronic copies of their loan files. Notice by publication, as was done in connection with prior document destruction orders, does not afford effective notice to borrowers that these documents exist and are available to them. Accordingly, the Court should require the Trustee to provide written notice to borrowers individually, to be sent by U.S. mail, of the availability of electronic copies of their loan files.

## CONCLUSION

The Court disbanded the Official Borrowers Committee with the understanding that the Individual Movants would be able to protect documents in Debtors' possession that were of critical importance to the tens of thousands of borrowers harmed by the Debtors' lending practices. The Court established a borrower Ombudsman in order to protect such borrowers and in order to assure that critical information remained available after the Plan became effective. When the Borrowers Committee and Individual Movants sought access to Debtors' documents to preserve them, the Debtors represented that the documents remaining in Debtors' possession did NOT include individual loan files and that individual loan files had been electronically preserved. This motion for permission to destroy documents now reveals that such representation was not accurate. The Borrowers Committee is now disbanded, and no borrower voice remains in this proceeding except those of the Individual Movants. Debtors led this Court to believe that the loan files were electronically preserved, and this Court, in fact, appointed an Ombudsman to assure borrowers access to such files based on that representation.

Accordingly, the Court should require the Trustee to honor Debtors' representations concerning the preservation of individual loan files and should direct the Trustee, at least with respect to post-2002 loans, to preserve those files electronically.

Dated: January 18, 2011
      Staten Island, New York

*Margaret Becker*

Margaret Becker
Attorney for Individual Movant Florence Dandridge
Staten Island Legal Services
36 Richmond Terrace, Room 205
Staten Island, NY 10301
718-233-6480
718-448-2264 (facsimile)