UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 : Jointly Administered
                        Debtors.                                 :
---------------------------------------------------------------- x

## DECLARATION OF STEVEN D SASS IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE PLAN TRUSTEE TO RETURN OR DESTROY ALL HARD COPY LOAN FILES

1. My name is Steven D. Sass. I am over the age of 18 and competent to testify and make this Declaration. I am the Plan Trustee, as defined in the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [D.I. 7029] (the "Plan").

2. In my capacity as Plan Trustee, I am responsible for, among other things, the preservation and maintenance of all documents and electronic data transferred to or otherwise acquired by the Plan Trust and/or, in my sole discretion and without prior approval, the abandonment or destruction of such records in accordance with prior orders of the Court.

3. I am authorized to submit this Declaration (the "Declaration") on behalf of the Plan Trust in support of the *Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Plan Trustee to Return or Destroy All Hard Copy Loan Files* (the "Motion").[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. All facts set forth in this Declaration are based upon my personal knowledge, upon my review of relevant documents, upon my opinion based upon my experience and knowledge of the Debtors' business and document storage, the Broadhollow Property, or upon information provided to me by the Debtors, my employees, and my advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5. The Plan Trust currently maintains nearly 11,000 boxes of documents (the "Documents"), which occupies approximately 13,000 square feet of storage space in the Broadhollow Property. Of the 11,000 boxes of Documents, approximately 4,100 boxes are comprised of Hard Copy Loan Files which were previously maintained at other storage facilities (including Moises Document Storage and GRM Information Management Services) or left on employees' desks upon the abrupt cessation of the Debtors' business and termination of the Debtors' main workforce.

6. Consistent with the previous Disposition Orders and as outlined above, I propose the review of any and all remaining Hard Copy Loan File to determine whether such file has been previously requested by a Loan File Declaration, previous court order, sale or settlement. Each Requested Loan File will be returned to the Requesting Party pursuant to the Disposition Orders, and any Hard Copy Loan Files will be destroyed in compliance with applicable consumer privacy regulations. Given that each loan file will be reviewed to limit the possibility that the Requested Loan Files are not destroyed, the destruction of all Hard Copy Loan Files that have not been requested at this time is warranted and will not prejudice any parties in interest.

7. The Hard Copy Loan Files are unnecessary to the administration of the Debtors' estates, given that the Debtors shut down the loan origination business over three years ago, sold the servicing business, and liquidated most of their assets prior to the Effective Date. As a result, any continuing expenses relating to the Hard Copy Loan Files is an unnecessary administrative burden on these estates.

8. Moreover, utilizing the Return Protocol for the Hard Copy Loan Files will not adversely affect any parties in interest in these cases. The Debtors provided ample notice and opportunity, including publication notice in the national edition of the *New York Times*, for parties in interest to request the return of wanted loan files as part of the Return Protocol previously approved by the Court. The Plan Trustee is seeking to apply the same Return Protocol to all remaining Hard Copy Loan Files, which by information and belief, are substantially all more than 8 years old. The Plan Trust does not propose to destroy any electronically stored documents at this time, and thus, continues to maintain imaged loan files for loan originated in or after September 2005.

9. Consistent with the Return Protocol, Hard Copy Loan Files will be reviewed to determine whether such file has been previously requested by a Loan File Declaration, previous court order, sale or settlement. Each Requested Loan File will be returned to the Requesting Party pursuant to the Disposition Orders, and any Hard Copy Loan Files will be destroyed in compliance with applicable consumer privacy regulations. Given that each loan file has been reviewed to limit the possibility of destroying files related to the Requested Loan Files, the destruction of all Hard Copy Loan Files that have not been requested at this time is warranted and will not prejudice any parties in interest.

10. Most significantly, the volume of paper stored at the Broadhollow Property has directly resulted in fire safety concerns at the Broadhollow Property. The Plan Trustee may also be forced to incur transportation and storage expenses to move the unnecessary documents – or, if the landlord terminates the License Agreement, the Plan Trustee would be forced to seek temporary office and storage space and relocate the remaining employees and assets (including electronic servers). By simply authorizing the disposition of the Hard Copy Loan Files, the Plan Trustee will reduce the volume of paper files by over 35%, and proportionately reduce public safety concerns.

11. As a result, I believe that the relief requested in the Motion is in the best interests of the Plan Trust and the Debtors' estates and their creditors.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 19, 2011

_____
Steven D. Sass