## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,:    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                :
                                                :   Jointly Administered
        Debtors.                                :
                                                :   Ref. Docket Nos.: 9550 & 9645
-------------------------------------------------------------- x
```

### CERTIFICATION OF COUNSEL REGARDING REVISED ORDER WITH RESPECT TO THE DEBTORS' SIXTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The undersigned counsel to AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* [Docket No. 7029] in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby certifies as follows:

1.      On December 13, 2010, the Debtors filed the Debtors' Sixty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 9550] (the "Objection"). By the Objection, the Debtors sought, *inter alia*, to disallow and expunge claim number 8500 ("Claim 8500") filed by Robb Evans on the grounds that the Debtors have no liability to Mr. Evans because he was never actually hired or even employed by debtor American Home

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Mortgage Corp. (Case No. 07-11051) ("AHM Corp.") and, therefore, his claims for unpaid commissions and wrongful termination are meritless.

2.      On or about January 4, 2011, Mr. Evans filed a response [Docket No. 9645] to the Objection, pursuant to which he asserts, among other things, that a related state court litigation has produced evidence that he was employed by AHM Corp. or, alternatively, that he was damaged as a result of AHM Corp.'s negligent supervision of two individual non-debtors.

3.      Based on the Plan Trust's cost-benefit analysis of litigating these matters, the Plan Trust has agreed to: (i) withdraw the Objection with respect to Claim 8500; and (ii) allow Claim 8500 in the amount and priority level as filed – a general unsecured claim in the amount of $10,257.65 against AHM Corp.  The Plan Trust's agreement with respect to the allowance of Claim 8500 is not intended to nor shall it be deemed an admission that AHM Corp. has any liability with respect to Mr. Evans' claims for unpaid commissions and wrongful termination. By withdrawing the Objection with respect to Claim 8500 and allowing Claim 8500 as filed, the Plan Trust acknowledges, as with all litigation, that there is an inherent risk in litigating these matters as well as incurring unavoidable expenditure of assets associated with any litigation.  A revised proposed form of order (the "Revised Proposed Order") reflecting the withdrawal of the Objection with respect to Claim 8500, and the allowance of such claim as set forth herein, is attached hereto as Exhibit 1.

4.      Responses to the Objection were to be filed and served no later than January 5, 2011 at 4:00 p.m. (ET).  The undersigned hereby certifies that, as of the date hereof, no other comment, answer, objection or other responsive pleading to the Objection has been received. The undersigned further certifies that the Court's docket has been reviewed in this case and, other than the response filed by Mr. Evans, no answer, objection or other responsive pleading to the Objection appears thereon.

WHEREFORE, based on the foregoing, the Plan Trust respectfully requests that the

Court enter the Revised Proposed Order at its earliest convenience.

Dated: January 20, 2011
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trust*

YCST01: 10624496.1                                       066585.1001

# EXHIBIT 1

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    :    Jointly Administered
       Debtors.                                     :
-------------------------------------------------------------------- x    **Ref. Docket Nos.:  9550 & 9645**

## REVISED ORDER SUSTAINING IN PART DEBTORS' SIXTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the sixty-ninth omnibus (substantive) claims objection (the "Objection") of the above-captioned debtors and debtors in possession (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") reassigning, reclassifying, modifying and/or otherwise disallowing and expunging in full each of the Disputed Claims[2] identified on Exhibits A, B, C, D and E attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]      All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Objection is withdrawn with respect to claim number 8500 ("Claim 8500") filed by Robb Evans; and it is further

ORDERED that Claim 8500 shall be an allowed general unsecured claim in the amount of $10,257.65 against debtor American Home Mortgage Corp. (Case No. 07-11051); and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby modified to the dollar values under the column titled "Modified Amount"; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit B, are hereby modified to the dollar values under the column titled "Modified Amount" and reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit B; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit C, is hereby (i) modified to the dollar value under the column titled "Modified Amount" in Exhibit C; (ii) reclassified to the priority level indicated in the column titled "Modified Amount" in Exhibit C; and (iii) reassigned to the new case number as indicated in Exhibit C; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit D are hereby reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit D; and it is further

2

ORDERED that the Disputed Claim identified on the attached <u>Exhibit E</u> is hereby disallowed in its entirety; and it is further

ORDERED that the Debtors reserve the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      January \_\_\_, 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT A

## Modified Amount Claims

## Exhibit A
### Modified Claims

| Name/Address of Claimant | Objectionable Claim | | | | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | | |
| ANDRIANO, DOMINICK 159 12TH ST BETHPAGE, NY 11714 | 1032 | 9/19/07 | 07-11051 | - (S)<br>- (A)<br>$728.00 (P)<br>- (U)<br>$728.00 (T) | - (S)<br>- (A)<br>$436.76 (P)<br>- (U)<br>$436.76 (T) | Modified to match Debtors' books and records for unused vacation pay owed to the claimant. Claimant is not entitled to sick / personal pay per company policy. |
| BRAUN, DAVID L. 14219 E BARBIE LN SCOTTSDALE, AZ 85262 | 5066 | 12/10/07 | 07-11051 | - (S)<br>- (A)<br>$2,111.25 (P)<br>- (U)<br>$2,111.25 (T) | - (S)<br>$2,041.25 (A)<br>- (P)<br>- (U)<br>$2,041.25 (T) | Claim relates to unpaid wages. Per the Debtors' books and records, the claimant is owed $2,041.25 for unused vacation pay and the claimant has not provided any documentation supporting a claim for a different amount. As a result, the claim should be modified and reduced to match Debtors' books and records. |
| CAHILL, ANNE C. 628 W. 58TH ST. HINSDALE, IL 60521 | 1644 | 10/18/07 | 07-11051 | - (S)<br>- (A)<br>$6,348.81 (P)<br>- (U)<br>$6,348.81 (T) | - (S)<br>- (A)<br>$6,153.81 (P)<br>- (U)<br>$6,153.81 (T) | Claim relates to unpaid commission for two loans. Pursuant to the claimant's commission plan, claimant is due $5,553.75 for loan 1828955 and $600.06 for loan 1831992. The claim should therefore modified and reduced to $6,153.81. |
| DE VREEZE, ERIK 711 INDIANAPOLIS AVE NUMBER 1 HUNTINGTON BEACH, CA 92648 | 5482 | 12/27/07 | 07-11051 | - (S)<br>- (A)<br>$10,819.00 (P)<br>- (U)<br>$10,819.00 (T) | - (S)<br>- (A)<br>$3,310.10 (P)<br>- (U)<br>$3,310.10 (T) | Claim relates to unpaid wages. The Debtors' books and records indicate the claimant is owed $3,310.10 for carryover vacation and sick / personal time. The amount claimed on account of 2007 unused vacation time was paid to the claimant in their paycheck dated 9/10/07 for period ending 8/31/07. Claimant is also claiming penalties as compensation for the Debtors' purported W.A.R.N. Act violation. However, this claimant is listed as a W.A.R.N. Act claimant in that certain action entitled Koch, et al. v. AHM Corp., et al, Adv. Proc. No. 07-51688 (CSS) (Bankr. Del) and therefore any payment this claimant is entitled to receive as compensation for this portion of the claim will be paid out through the settlement of the W.A.R.N. Act litigation. Based on the foregoing, the claim should be modified and reduced to $3310.1. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| O'MALLEY, LISA<br>1940 THORNWOOD AVENUE<br>WILMETTE, IL 60091 | 1354 | 10/1/07 | 07-11051 | - (S)<br>- (A)<br>$682.35 (P)<br>- (U)<br>$682.35 (T) | - (S)<br>- (A)<br>$543.60 (P)<br>- (U)<br>$543.60 (T) | Claim relates to unpaid commission for a loan. Pursuant to the claimant's commission plan, claimant is entitled to 60% of fees received by the Debtor after appraisal and credit report costs are deducted. According to its books and records, the Debtor received fees in the amount of $1,137.25, the appraisal cost was $225.00 and the credit report was $6.25. As a result, the claim should be modified and reduced to $543.60 ($1,137.25 - $225 - $6.25 x .5 = $543.60). |
| WALTERS, JANICE M.<br>5631 TRISHLYN COVE<br>FORT WAYNE, IN 46835 | 389 | 9/7/07 | 07-11051 | - (S)<br>- (A)<br>$7,615.38 (P)<br>- (U)<br>$7,615.38 (T) | - (S)<br>- (A)<br>$3,461.54 (P)<br>- (U)<br>$3,461.54 (T) | Claim relates to payout of unused vacation time. Per company policy, employees on a three week or greater vacation schedule will receive a max payout of two weeks unused vacation time. As a result, the claim amount should be modified and reduced to $3,461.54, which equals two weeks vacation pay for this claimant. |
| **Totals:** | **6 Claims** | | | - (S)<br>- (A)<br>$28,304.79 (P)<br>- (U)<br>$28,304.79 (T) | - (S)<br>- (A)<br>$15,947.06 (P)<br>- (U)<br>$15,947.06 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

**Modified Amount Reclassified Claims**

# Exhibit B

## Modified Amount Reclassified Claims

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| BARNHART, MARY TERESA<br>5603 CONCORD DR<br>ELDERSBURG, MD 21784 | 682 | 9/12/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$4,038.00 (U)<br>$4,038.00 (T) | - (S)<br>- (A)<br>$1,347.85 (P)<br>- (U)<br>$1,347.85 (T) | Claim relates to payout of unused vacation and sick / personal time. The claimant is not entitled to the sick / personal pay portion of the claim per the Debtor's company policy. Thus, the claim should be modified and reduced to $1347.85 to match amounts owed to claimant on account of unused vacation time per Debtors' books and records. In addition, the allowed portion of this claim should be reclassified to a priority unsecured claim because such portion is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| CONLEY, CAROLYN<br>431 LAYTON AVE<br>PITTSBURGH, PA 15216 | 3446 | 11/26/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$2,175.00 (U)<br>$2,175.00 (T) | - (S)<br>- (A)<br>$1,673.08 (P)<br>- (U)<br>$1,673.08 (T) | Claim relates to payout of unused vacation time. Per company policy, employees on a three week or greater vacation schedule will receive a maximum payout of two weeks. As a result, the claim should be modified and reduced to $1,673.08, which equals two weeks vacation pay for this claimant. In addition, the allowed amount should be reclassified as priority unsecured because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| D'ANGELI, LINDA<br>201 TINTON PL<br>EAST NORTHPORT, NY 11731 | 444 | 9/10/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$7,937.51 (U)<br>$7,937.51 (T) | - (S)<br>- (A)<br>$4,884.62 (P)<br>- (U)<br>$4,884.62 (T) | Claim relates to payout of unused vacation time. Per company policy, employees on a three week or greater vacation schedule will receive a maximum payout of two weeks. As a result, the claim should be modified and reduced to $4,884.62, which equals two weeks vacation pay for this claimant. In addition, the allowed amount should be reclassified as priority unsecured because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| DUROSEAU, ALAN J<br>PO BOX 10642<br>WESTBURY, NY 115900808 | 5293 | 12/11/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$2,848.72 (U)<br>$2,848.72 (T) | - (S)<br>- (A)<br>$851.92 (P)<br>- (U)<br>$851.92 (T) | Claim relates to unpaid wages. Per the Debtors' books and records, the claim should be modified and reduced to reflect the claimant is owed $851.92 for unused vacation pay, which is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code... The claimant has not provided any documentation supporting a claim for a different amount. |
| HARSCH, AMY<br>14040 ELWELL ROAD<br>BELLEVILLE, MI 48111 | 278 | 9/4/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,080.00 (U)<br>$1,070.00 (T) | - (S)<br>- (A)<br>$554.61 (P)<br>- (U)<br>$554.61 (T) | Claim relates to payout of unused vacation and sick / personal time. The claimant is not entitled to the sick / personal pay portion of the claim per the Debtor's company policy. Thus, the claim should be modified and reduced to $554.61 to match amounts owed to claimant on account of unused vacation time per Debtors' books and records. In addition, the allowed portion of this claim should be reclassified to a priority unsecured claim because such portion is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| HOPP, DEBRA S<br>8137 SAGIMORE CT<br>FORT WAYNE, IN 46835 | 8487 | 1/10/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$4,351.33 (U)<br>$4,351.33 (T) | - (S)<br>- (A)<br>$3,000.00 (P)<br>$451.33 (U)<br>$3,451.33 (T) | By this claim, the claimant seeks amounts purportedly owed on account of unused vacation time and unpaid expenses. Per company policy, employees on a three week or greater vacation schedule will receive a maximum payout of two weeks vacation pay. As a result, the portion of the claim relating to unused vacation pay should be modified and reduced to $3,000.00, which equals two weeks unused vacation pay for this claimant. In addition, the allowed amount of the unused vacation pay portion of the claim should be reclassified to priority unsecured because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. The portion of the claim relating to $451.33 of unpaid expenses will be allowed in full as a general unsecured claim. |
| JOHN, SARAMMA<br>19 WASHINGTON DR.<br>LINDENHURST, NY 11757 | 3306 | 11/26/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$4,691.37 (U)<br>$4,691.37 (T) | - (S)<br>- (A)<br>$1,732.43 (P)<br>- (U)<br>$1,732.43 (T) | By this claim, the claimant seeks payout of unused vacation time and severance. Claimant, however, is not entitled to severance. As a result, the claim should be modified and reduced to match amounts owed to claimant for unused vacation time per Debtors' books and records. In addition, the allowed amount should be reclassified to priority unsecured because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| LEIBER, KIMBERLY<br>707 WEST SANTA ANA STREET #290<br>ANAHEIM, CA 92805 | 906 | 9/17/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$650.00 (U)<br>$650.00 (T) | - (S)<br>- (A)<br>$494.76 (P)<br>- (U)<br>$494.76 (T) | Claim relates to unpaid wages. Per the Debtors' books and records, the claim should be modified and reduced to $494.76 to the amount owed to claimant for unused vacation pay. The claimant has not provided any documentation supporting a claim for a different amount. In addition, the allowed amount should be reclassified to priority unsecured because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |

Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| RIGDON, LILIA<br>10720 LAKE SHASTA<br>COURT<br>FORT WAYNE, IN 46804 | 7482 | 1/7/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,450.00 (U)<br>$1,450.00 (T) | - (S)<br>- (A)<br>$238.46 (P)<br>- (U)<br>$238.46 (T) | Claim relates to payout of unused vacation time. The claim should be modified and reduced to match amounts owed to claimant on account of unused vacation pay per Debtors' books and records. In addition, the allowed amount should be reclassified to priority unsecured because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| RUDZINSKI, CHRISTINE<br>4121 AVALON DR<br>WEYMOUTH, MA 02188 | 6515 | 12/28/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$2,642.55 (U)<br>$2,642.55 (T) | - (S)<br>- (A)<br>$1,712.55 (P)<br>- (U)<br>$1,712.55 (T) | By this claim, the claimant asserts amounts are owed to her on account of unused vacation time, an alleged bonus and "60 day notice". The amount should be modified and reduced to reflect the $1,712.55.00 owed to claimant for unused vacation time, however, the claimed bonus and 60 day notice are not owed to claimant. The allowed portion of the claim should be reclassified to priority unsecured because is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| TSATSAKIS, ANASTASIOS (TASI)<br>17859 S. ALTA DRIVE<br>LOCKPORT, IL 60441 | 8414 | 1/10/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$3,536.00 (U)<br>$3,536.00 (T) | - (S)<br>- (A)<br>$2,572.31 (P)<br>- (U)<br>$2,572.31 (T) | Claim relates to payout of unused vacation and sick / personal time. The claimant is not entitled to the sick / personal pay portion of the claim per the Debtor's company policy. Thus, the claim should be modified and reduced to $2572.31 to match amounts owed to claimant on account of unused vacation time per Debtors' books and records. In addition, the allowed portion of this claim should be reclassified to a priority unsecured claim because such portion is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |

———— Objectionable Claim ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| **Totals:** | | 11 Claims | | | | |
| | | | | - (S) | - (S) | |
| | | | | - (A) | - (A) | |
| | | | | - (P) | $19,062.59 (P) | |
| | | | | $35,380.48 (U) | $451.33 (U) | |
| | | | | $35,380.48 (T) | $19,513.92 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

## Modified Amount Reclassified Wrong Debtor Claim

# Exhibit C

## Modified Amount, Reclassified, Wrong Debtor Claim

| Name/Address of Claimant | Objectionable Claim | | | | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | | | |
| DOREMUS, LORI A.<br>1704 ROCKY FALLS CT<br>RALEIGH, NC 27610 | 1128 | 9/21/07 | 07-11050 | - (S)<br>- (A)<br>- (P)<br>$2,300.00 (U)<br>$2,300.00 (T) | 07-11051 | - (S)<br>- (A)<br>$1,807.69 (P)<br>- (U)<br>$1,807.69 (T) | Claim relates to payout of unused vacation time. Pursuant to the Debtor's vacation policy, employees on a three week or greater vacation schedule will receive are only entitled to maximum payout of two weeks unused vacation pay. As a result, the amount should be modified and reduced to $1,807.69, which equals two weeks unused vacation pay for this claimant. In addition, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| **Totals:** | **1 Claim** | | | - (S)<br>- (A)<br>- (P)<br>$2,300.00 (U)<br>$2,300.00 (T) | | - (S)<br>- (A)<br>$1,807.69 (P)<br>- (U)<br>$1,807.69 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

**Reclassified Claims**

# Exhibit D

## Reclassified Claims

| Name/Address of Claimant | Objectionable Claim | | | | | |
|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | Reclassified Amount | Comments |
| CRAGHOLM, RACHEL K.<br>2704 ENTRADA CIRCLE<br>ANTIOCH, CA 94509 | 7859 | 1/9/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$839.06 (U)<br>$839.06 (T) | - (S)<br>- (A)<br>$767.36 (P)<br>$71.70 (U)<br>$839.06 (T) | Claim relates to payout of unused vacation and a medical bill. Reclassed $767.36 to match Debtor's books and records for unused vacation time, which is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| GARCIA, ENA M<br>21 STEWART CIR<br>CENTEREACH, NY 11720-2847 | 7514 | 1/7/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$2,920.00 (U)<br>$2,920.00 (T) | - (S)<br>- (A)<br>$2,920.00 (P)<br>- (U)<br>$2,920.00 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| GARCIA, MELISSA<br>35 IRENE ST<br>LINDENHURST, NY 117571304 | 7518 | 1/7/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,884.62 (U)<br>$1,884.62 (T) | - (S)<br>- (A)<br>$1,884.62 (P)<br>- (U)<br>$1,884.62 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| GARCIA, WILLIAM L<br>21 STEWART CIR<br>CENTEREACH, NY 11720-2847 | 7513 | 1/7/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$740.38 (U)<br>$740.38 (T) | - (S)<br>- (A)<br>$740.38 (P)<br>- (U)<br>$740.38 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| LAMBIASI, ANTONINO (ANTHONY)<br>162 50 98TH ST<br>HOWARD BEACH, NY 11414 | 5300 | 12/12/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$756.00 (U)<br>$756.00 (T) | - (S)<br>- (A)<br>$756.00 (P)<br>- (U)<br>$756.00 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| MACLELLAN, KATIE<br>111 WASHINGTON ST<br>HANOVER, MA 02339 | 5409 | 12/13/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,008.00 (U)<br>$1,008.00 (T) | - (S)<br>- (A)<br>$1,008.00 (P)<br>- (U)<br>$1,008.00 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |

---

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Reclassified Amount | Comments |
|---|---|---|---|---|---|---|
| MEATTE, JESS<br>131 KEYSTONE DR<br>FENTON, MO 63026 | 7545 | 1/7/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$484.56 (U)<br>$484.56 (T) | - (S)<br>- (A)<br>$484.56 (P)<br>- (U)<br>$484.56 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| VARGAS, MARIANNE A<br>7392 SWEET CLOVER<br>COLUMBIA, MD 21045 | 7849 | 1/9/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$3,800.00 (U)<br>$3,800.00 (T) | - (S)<br>- (A)<br>$3,800.00 (P)<br>- (U)<br>$3,800.00 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |
| VIERA, DIANNE<br>820 CISCO ST<br>COLTON, CA 92324-6310 | 655 | 9/12/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$2,653.37 (U)<br>$2,653.37 (T) | - (S)<br>- (A)<br>$2,653.37 (P)<br>- (U)<br>$2,653.37 (T) | Claim relates to payout of unused vacation time. As such, the claim should be reclassified to a priority unsecured claim because it is entitled to priority status pursuant to section 507(a)(4) of the Bankruptcy Code. |

**Totals:** 9 Claims

| | |
|---|---|
| - (S) |
| - (A) |
| $15,014.29 (P) |
| $71.70 (U) |
| $15,085.99 (T) |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT E

## No Liability Claim

066585.1001

**Exhibit E**

**No Liability Claims**

| Name/Address of Claimant | Objectionable Claim | | | | Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | |
| MEATTE, JESS<br>131 KEYSTONE DR<br>FENTON, MO 63026 | 7544 | 1/7/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,584.62 (U)<br>$1,584.62 (T) | Per the Debtors' books and records, claimant is owed only $484.56 on account of unused vacation time. The amounts owed to claimant on account of such unused vacation time has been accepted as filed in claim 7545. As a result, this claim should be disallowed. |
| **Totals:** | **1 Claim** | | | - (S)<br>- (A)<br>- (P)<br>$1,584.62 (U)<br>$1,584.62 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.