## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | : |
| Corporation, et al.,[1] | : Jointly Administered |
| | : |
| | : Objection Deadline for Interim Application: |
| Debtors. | : February 9, 2011 at 4:00 p.m. |
| | : Objection Deadline for Final Application: |
| | : March 17, 2011 at 4:00 p.m. |
| | : Hearing Date for Final Application: |
| | : TBD |

## NINTH AND FINAL MONTHLY APPLICATION OF HENNIGAN, BENNETT & DORMAN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH NOVEMBER 30, 2010 AND THE FINAL PERIOD FROM MARCH 3, 2008 THROUGH NOVEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | Hennigan, Bennett & Dorman LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | May 2, 2008, *nunc pro tunc* to March 3, 2008 |
| Interim Period for which compensation and reimbursement are sought: | October 1, 2010 through November 30, 2010 |
| Interim Amount of Compensation sought as actual reasonable, and necessary: | $321,509.20 (80% of $401,886.50) |
| Interim Amount of Expense Reimbursement Sought as actual, reasonable, and necessary: | $7,617.92 |
| Final Period for which compensation and reimbursement are sought: | March 3, 2008 through November 30, 2010 |

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

1709543.4

Final Amount of Compensation sought as
actual reasonable, and necessary:                    $1,534,668.00[2]

Final Amount of Expense Reimbursement
Sought as actual, reasonable, and necessary:         $46,832.77[3]

This is a(n): _X_ monthly    ___ interim    _X_    final application.

This Application includes 4.00 hours expended (at a value of $2,066.00) in connection with the preparation of Fee Applications.

This is the ninth monthly and final application.

---

[2]    This amount reflects an agreed-upon reduction with the Fee Examiner in the amount of $2,658.00.

[3]    This amount reflects an agreed-upon reduction with the United States Trustee in the amount of $165.53.

1709543.4

Previous Applications:

| Date Filed/ Docket No. | Period Covered | Requested | | Approved | | Order Entered |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| 12/19/2008 Docket No. 6760 | 03/03/2008 - 10/31/2008 | $125,973.00 | $6,691.47 | $124,834.50 | $6,691.47 | 1/13/2009 Docket No. 6838 |
| 4/24/2009 Docket No. 7317 | 11/01/2008 - 2/28/2009 | $63,048.00 | $2,325.37 | $61,528.50[4] | $2,325.37 | 5/4/2010 Docket No. 8820 |
| 9/4/2009 Docket No. 8008 | 3/1/2009 - 7/31/09 | $98,787.00 | $1,328.86 | $98,787.00 | $1,328.86 | 5/4/2010 Docket No. 8820 |
| 12/28/2009 Docket No. 8439 | 8/1/2009 - 10/31/09 | $192,821.00 | $11,371.68 | $192,821.00 | $11,371.68 | 5/4/2010 Docket No. 8820 |
| 3/17/2010 Docket No. 8691 | 11/1/2009 - 1/31/2010 | $163,559.50 | $1,655.51 | $163,559.50 | $1,655.51 | 5/4/2010 Docket No. 8820 |
| 6/4/2010 Docket No. 8886 | 2/1/2010 - 4/30/2010 | $103,441.00 | $590.03 | $103,441.00 | $590.03 | 7/19/2010 Docket No. 9027 |
| 8/20/2010 Docket No. 9158 | 5/1/2010 - 7/31/2010 | $171,208.00 | $11,158.39 | | | CNO Filed 9/13/2010 Docket No. 9209 |
| 11/24/2010 Docket No. 9504 | 8/1/2010 - 9/30/2010 | $216,602.00 | $6,319.97 | | | CNO Filed 12/17/2101 Docket No. 9571 |

---

[4]   Adjusted pursuant to Fee Examiner Report [Docket No. 7497].

1709543.4

## ATTACHMENT B

### Interim Professional Total from October 1, 2010 through November 30, 2010

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeanne E. Irving | Joined firm as a Partner in 1995. Member of California Bar since 1978. | $725.00 | 59.80 | $43,355.00 |
| Michael Morris | Originally joined firm as Of Counsel in 2000. Rejoined firm as Of Counsel in 2007. Member of California Bar since 1979. | $805.00 | 56.40 | $45,402.00 |
| Shawna L. Ballard | Joined firm as an Associate in 1996. Elevated to Partner in 1999. Transitioned to Of Counsel in 2008. Member of California Bar since 1991. | $615.00 | 246.80 | $151,782.00 |
| Joshua D. Morse | Joined firm as an Associate in 2000. Elevated to Partner in 2009. Member of California Bar since 2000. | $575.00 | 23.50 | $13,512.50 |
| Jason R. Wolf | Joined firm as an Associate in 2008. Member of California Bar since 2009. | $435.00 | 1.70 | $739.50 |
| David Ross | Joined firm as an Associate in 2007. Member of California Bar since 2006. | $405.00 | 3.10 | $1,255.50 |
| Alek Strygin | Joined firm as an Associate in 2008. Member of California Bar since 2008. | $385.00 | 59.40 | $22,869.00 |
| Michael Schneidereit | Joined firm as an Associate in 2008. Member of California Bar since 2004. | $415.00 | 160.90 | $66,773.50 |

1709543.4

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Richard P. Gerger | Joined firm as a financial consultant in 1996. Director of Litigation and Financial Consulting Group. | $755.00 | 0.30 | $226.50 |
| James Bergman | Joined firm as Director of Information Technology in 1999. Member of Litigation and Financial Consulting Group. | $525.00 | 0.20 | $105.00 |
| Melissa Ziady | Joined firm as Paralegal in 2003. Paralegal 22 years. | $210.00 | 14.50 | $3,045.00 |
| Julie Stueck | Joined firm as Paralegal in 1995. Paralegal 26 years. | $225.00 | 54.20 | $12,195.00 |
| Celestino Santos | Joined firm as Litigation Support Specialist in 1999. Litigation Support Specialist for 10 years. | $250.00 | 59.60 | $14,900.00 |
| Jonathan White | Joined firm as Litigation Support Specialist in 2010. Litigation Support Specialist for 6 years. | $225.00 | 17.70 | $3,982.50 |
| Luis Perez | Joined firm as Litigation Support Specialist in 2004. Litigation Support Specialist for 6 years. | $175.00 | 54.10 | $9,467.50 |
| Luis Padilla | Joined firm as Office Services Clerk in 2004. Litigation Support Clerk for 1 year. | $155.00 | 79.20 | $12,276.00 |
| **Grand Total:** | | | **891.40** | **$401,886.50** |
| **Total Attorney Hours/Compensation** | | | 611.60 | $345,689.00 |
| **Blended Rate:** | | **$565.22/hr** | | |

1709543.4

**Final Professional Total from March 3, 2008 through November 30, 2010**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Bruce Bennett | Started firm as Partner in 1995. Member of California Bar since 1982. | $875.00 | 2.90 | $2,537.50 |
| Jeanne E. Irving | Joined firm as a Partner in 1995. Member of California Bar since 1978. | $680.00/ $725.00 | 703.80 | $481,275.00 |
| Michael Morris | Originally joined firm as Of Counsel in 2000. Rejoined firm as Of Counsel in 2007. Member of California Bar since 1979. | $760.00/ $805.00 | 537.90 | $411,342.00 |
| Joshua D. Morse | Joined firm as an Associate in 2000. Elevated to Partner in 2009. Member of California Bar since 2000. | $505.00/ $525.00/ $575.00[6] | 254.60 | $130,792.00 |
| Shawna L. Ballard | Joined firm as an Associate in 1996. Elevated to Partner in 1999. Transitioned to Of Counsel in 2008. Member of California Bar since 1991. | $615.00 | 326.10 | $200,551.50 |
| Jason R. Wolf | Joined firm as an Associate in 2008. Member of California Bar since 2009. | $395.00/ $435.00 | 6.80 | $2,754.00 |
| David Ross | Joined firm as an Associate in 2007. Member of California Bar since 2006. | $370.00/ $405.00 | 16.40 | $6,176.50 |

---

[5] On October 1, 2010, Hennigan, Bennett & Dorman LLP adjusted hourly billing rates for certain of its professionals and paraprofessionals to reflect an increase in each timekeeper's experience and expertise since billing rates were last adjusted prior to the commencement of this matter. Original and adjusted rates, as applicable, are shown for timekeepers who rendered services both before and after October 1, 2010, while only the applicable billing rate for a particular timekeeper is shown where all time billed to this matter was either before or after October 1, 2010.

[6] Mr. Morse's hourly billing rate was adjusted upon his elevation to partner in 2009, and was subsequently adjusted on October 1, 2010.

1709543.4

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Alek Strygin | Joined firm as an Associate in 2008. Member of California Bar since 2008. | $350.00/ $385.00 | 156.00 | $56,679.00 |
| Michael Schneidereit | Joined firm as an Associate in 2008. Member of California Bar since 2004. | $395.00/ $415.00 | 241.70 | $98,689.50 |
| Richard P. Gerger | Joined firm as a financial consultant in 1996. Director of Litigation and Financial Consulting Group. | $705.00/ $755.00 | 1.00 | $720.00 |
| James Bergman | Joined firm as Director of Information Technology in 1999. Member of Litigation and Financial Consulting Group. | $525.00 | 0.20 | $105.00 |
| Melissa Ziady | Joined firm as Paralegal in 2003. Paralegal 22 years. | $195.00/ $210.00 | 65.50 | $12,990.00 |
| Julie Stueck | Joined firm as Paralegal in 1995. Paralegal 26 years. | $210.00/ $225.00 | 57.90 | $12,972.00 |
| Kevin Floyd | Joined firm as Paralegal in 1999. Paralegal 10 years. | $210.00 | 7.80 | $1,638.00 |
| Celestino Santos | Joined firm as Litigation Support Specialist in 1999. Litigation Support Specialist for 10 years. | $220.00/ $250.00 | 218.00 | $49,748.00 |
| Jonathan White | Joined firm as Litigation Support Specialist in 2010. Litigation Support Specialist for 6 years. | $210.00/ $225.00 | 56.40 | $12,109.50 |
| Luis Perez | Joined firm as Litigation Support Specialist in 2004. Litigation Support Specialist for 6 years. | $175.00 | 90.20 | $15,785.00 |

7

1709543.4

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Luis Padilla | Joined firm as Office Services Clerk in 2004. Litigation Support Clerk for 1 year. | $145.00/ $155.00 | 119.10 | $18,061.50 |
| Ryan Meshell | Joined firm as litigation Support Specialist in 2006. Litigation Support Specialist for 8 years. | $205.00 | 6.30 | $1,291.50 |
| Olin Ray | Joined firm as litigation Support Specialist in 2008. Litigation Support Specialist for over 5 years. | $205.00 | 54.30 | $11,131.50 |
| Robert Reed | Joined firm as Litigation Support Specialist in 2010. Litigation Support Clerk for 28 years. | $145.00 | 68.80 | $9,976.00 |
| **Grand Total:** | | | **2,991.70** | **$1,537,325.00** |
| **Less Agreed-Upon Reduction with Fee Examiner** | | | | **($2,658.00)** |
| **Total Amount of Requested Compensation** | | | | **$1,534,668.00** |
| **Total Attorney Hours/Compensation** | | | **2,246.20** | **$1,390,797.00** |
| **Blended Rate:** | | **$619.18/hr** | | |

1709543.4

## COMPENSATION BY PROJECT CATEGORY

### For the Interim Period from October 1, 2010 through November 30, 2010

| Fee Category | Oct. '10-Nov. '10 Hours | Oct. '10-Nov. '10 Fees |
|---|---|---|
| Case Administration (010) | 0.00 | $0.00 |
| Communications with Creditors (020) | 0.00 | $0.00 |
| General Business Operations (030) | 0.00 | $0.00 |
| Fee/Employment Applications (040) | 4.00 | $2,066.00 |
| Fee/Employment Objections (050) | 0.00 | $0.00 |
| Financing (060) | 0.00 | $0.00 |
| Claims Administration and Objections (070) | 0.00 | $0.00 |
| Asset Analysis and Recovery (080) | 0.00 | $0.00 |
| Asset Disposition (090) | 0.00 | $0.00 |
| Plan/Disclosure Statement (100) | 0.00 | $0.00 |
| Employee Benefits/Plans (110) | 0.00 | $0.00 |
| Litigation (120) | 887.40 | $399,820.50 |
| **Totals:** | **891.40** | **$401,886.50** |

### For the Final Period from March 3, 2008 through November 30, 2010

| Fee Category | Mar. '08-Nov. '10 Hours | Mar. '08-Nov. '10 Fees |
|---|---|---|
| Case Administration (010) | 9.40 | $4,064.00 |
| Communications with Creditors (020) | 0.00 | $0.00 |
| General Business Operations (030) | 0.00 | $0.00 |
| Fee/Employment Applications (040) | 62.30 | $30,730.50 |
| Fee/Employment Objections (050) | 13.30 | $6,835.00 |
| Financing (060) | 0.00 | $0.00 |
| Claims Administration and Objections (070) | 0.00 | $0.00 |
| Asset Analysis and Recovery (080) | 0.00 | $0.00 |
| Asset Disposition (090) | 0.00 | $0.00 |
| Plan/Disclosure Statement (100) | 0.00 | $0.00 |
| Employee Benefits/Plans (110) | 0.00 | $0.00 |
| Litigation (120) | 2,906.70 | $1,495,695.50 |
| **Totals:** | **2,991.70** | **$1,537,325.00** |
| **Less Agreed-Upon Reduction with Fee Examiner** | | **($2,658.00)** |
| **Total Amount of Requested Compensation** | | **$1,534,668.00** |

1709543.4

## EXPENSE SUMMARY

### For the Interim Period from October 1, 2010 through November 30, 2010

| Expense Category | Oct. '10-Nov. '10 Costs |
|---|---|
| Binders | $0.00 |
| Computerized Legal Research | $4,716.17 |
| Couriers (Federal Express) | $680.87 |
| CD Copies | $300.00 |
| Document Management | $0.00 |
| Equipment (Computer) | $232.31 |
| Graphics & Production (Color Copies) | $0.00 |
| In House Reproduction | $125.20 |
| Meals | $125.00 |
| Outside Background Research (PACER) | $14.88 |
| Parking | $0.00 |
| Postage | $0.44 |
| Reproduction | $0.00 |
| Scanning | $39.10 |
| Telecopy | $0.00 |
| Telephone | $0.00 |
| Travel & Transportation | $1,383.95 |
| **Total:** | **$7,617.92** |

### For the Final Period from March 3, 2008 through November 30, 2010

| Expense Category | Mar. '08-Nov. '10 Costs |
|---|---|
| Binders | $57.17 |
| Computerized Legal Research | $20,747.89 |
| Couriers (Federal Express) | $1,561.21 |
| CD Copies | $500.00 |
| Document Management | $284.46 |
| Equipment (Computer) | $232.31 |
| Graphics & Production (Color Copies) | $1,887.85 |
| In House Reproduction | $4,767.30 |
| Meals | $543.06 |
| Outside Background Research (PACER) | $157.12 |
| Parking | $20.25 |
| Postage | $3.05 |
| Reproduction | $3,800.00 |
| Scanning | $130.40 |
| Telecopy | $0.00 |
| Telephone | $320.92 |
| Travel & Transportation | $11,819.78 |
| **Total:** | **$46,832.77** |

1709543.4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | : |
| Corporation, et al.,[1] | : Jointly Administered |
| | : |
| | : Objection Deadline for Interim Application: |
| Debtors. | : February 9, 2011 at 4:00 p.m. |
| | : Objection Deadline for Final Application: |
| | : March 17, 2011 at 4:00 p.m. |
| | : Hearing Date for Final Application: |
| | : TBD |

## NINTH AND FINAL MONTHLY APPLICATION OF HENNIGAN, BENNETT & DORMAN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE INTERIM PERIOD FROM OCTOBER 1, 2010 THROUGH NOVEMBER 30, 2010 AND THE FINAL PERIOD FROM MARCH 3, 2008 THROUGH NOVEMBER 30, 2010

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code, dated September 3, 2007 [Docket No. 547] (the "Administrative Order"), Hennigan, Bennett & Dorman LLP ("HBD") hereby files this Ninth Monthly and Final Fee Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period From October 1, 2010 through and including November 30, 2010 (the "Interim Application") and the Final Period From March 3, 2008 through and including

---

[1]   The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

1709543.4

November 30, 2010 (the "Final Application")[2] and, together with the Interim Application, the

"Application"). By this Application, HBD seeks (a) monthly allowance pursuant to the

Administrative Order with respect to the sums of $321,509.20 (80% of $401,886.50) as

compensation for necessary professional services rendered and $7,617.92 for reimbursement of

actual and necessary costs and expenses for a total of $409,504.42 for the interim period

October 1, 2010 through and including November 30, 2010 (the "Interim Compensation Period")

and (b) final allowance with respect to the sums of $1,534,668.00 as compensation for necessary

professional services rendered and $46,832.77 for reimbursement of actual and necessary costs

and expenses for a total of $1,581,500.77 for the final period March 3, 2008 through and

including November 30, 2010 (the "Final Compensation Period"). In support of this

Application, HBD respectfully represents as follows:

### Background

1.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings,

Inc., et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for

reorganization under Chapter 11 of the Bankruptcy Code. The Debtors have continued in the

management and operation of their businesses as debtors and debtors-in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the

Debtors' cases.

2.      On August 14, 2007, the United States Trustee for the District of Delaware

appointed the Official Committee of Unsecured Creditors (the "Committee"), which was initially

comprised of the following seven (7) members: Wilmington Trust Company; United Parcel

---

[2]   HBD has incurred fees and expenses associated with the filing of this Application, and may incur additional
fees and expenses prior to the final approval of the Final Application. In advance of the hearing on the Final
Application, HBD reserves the right to file a supplement hereto, which reflects the actual additional amounts
incurred by HBD on behalf of the Committee. HBD further reserves the right to make such other application as
may be appropriate with respect to these additional fees and expenses.

1709543.4

Service, c/o The Receivable Management Services Corporation, Its Agent; The Bank of New York Trust Company, N.A.; Deutsche Bank National Trust Co.; as Trustee; Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments, Inc.

3.      The Committee's retention of HBD as their special conflicts counsel was approved effective as of March 3, 2008, by this Court's Order entered on May 2, 2008 (the "Retention Order"). The Retention Order authorized HBD to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

4.      All services for which compensation is requested by HBD were performed for or on behalf of the Committee.

5.      HBD has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. Further, there is no agreement or understanding between HBD and any other person other than the partners of HBD for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

6.      The fee statement for the Interim Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney, paraprofessional and litigation support specialist during the Interim Compensation Period. To the best of HBD's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Administrative Order.

1709543.4

## Actual and Necessary Expenses

7.     HBD has incurred out-of-pocket disbursements during the Interim Compensation Period in the amount of $7,617.92.[3] This disbursement sum is broken down into categories of charges, including, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by HBD to outside copying services for use in mass mailings, parking and travel and transportation expenses.  A summary of the expenses incurred for the Interim Compensation Period may be found in Exhibit B attached hereto.  Following the summary is an itemization of expenses within each expense category, as required by Del. Bankr. LR 2016-2(e)(ii).

8.     Pursuant to Del. Bankr. LR 2016-2(e)(iii), HBD represents that its rate for duplication is $.10 per page, its effective rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.  The effective telecopier rate charged to the Committee by HBD is the same rate customarily charged by the firm to its non-bankruptcy clients.

---

[3]     Pursuant to this Application, HBD is seeking reimbursement of expenses originally requested in the "Eighth Monthly Application of Hennigan, Bennett & Dorman LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Conflicts Counsel to the Official Committee of Unsecured Creditors for the Period from August 1, 2010 through September 30, 2010" [docket # 9504] with respect to which the Office of the United States Trustee (the "UST") sought certain reductions.  In response to the UST's request, HBD reviewed these expenses, which related to travel by Jeanne Irving and Michael Morris to Wilmington, Delaware and Dallas, Texas, and determined that its request for reimbursement inadvertently contained charges for additional categories of expenses for which reimbursement was not separately requested by HBD.  Accordingly, and in order to provide notice to all parties in interest, HBD withdrew its request for reimbursement of these expenses in its entirety without prejudice to seek such reimbursement pursuant to this Application.  In addition, HBD reduced its request for reimbursement of these expenses in an amount necessary to comply with the UST's request.

1709543.4

## Summary of Services Rendered

9.      The HBD attorneys who have rendered professional services in these cases during

the Interim Compensation Period are Michael Morris, Jeanne E. Irving, Joshua D. Morse,

Shawna L. Ballard, David Ross, Michael Schneidereit, Alek Strygin and Jason R. Wolf.  Non-

legal professional services were provided by Richard P. Gerger and James Bergman.  In addition,

paraprofessional services were provided by Julie Stueck and Melissa Ziady and litigation support

services were provided by Celestino Santos, Luis Perez, Luis Padilla and Jonathan White.

10.     HBD, by and through the above-named persons, has prepared and/or assisted in

the preparation of various applications, motions, responsive papers and orders submitted to the

Court for consideration, advised the Committee on a regular basis with respect to various

litigation matters in connection with these cases, and has performed all necessary professional

services which are described and narrated in detail hereinafter.

## Summary of Services by Project

11.     The services rendered by HBD during the Interim Compensation Period can be

grouped into the categories reflected on Exhibit A attached hereto.  The attorneys and/or

paraprofessionals who rendered services relating to each category are identified, along with the

number of hours for each individual and the total compensation sought for each category, in

Exhibit A attached hereto.

## Valuation of Services

12.     Attorneys and/or paraprofessionals of HBD have expended a total of 891.40 hours

in connection with these matters during the Interim Compensation Period.

13.     The nature of the work performed by these individuals is fully set forth in

Exhibit A attached hereto.  These are HBD's normal hourly rates for work of this character.  The

1709543.4

reasonable value of the services rendered by HBD during the Interim Compensation Period is

$401,886.50.

14.    HBD believes that the time and fee entries included in Exhibit A attached hereto

are in compliance with the requirements of Del. Bankr. LR 2016-2.

15.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time

expended, (c) the nature and extent of the services rendered, (d) the value of such services, and

(e) the costs of comparable services other than in a case under this title.

### Final Compensation Period

16.    In addition to seeking approval of reasonable compensation for professional legal

services rendered as special conflicts counsel to the Committee during the Interim Compensation

Period, this Application also covers the Final Compensation Period of March 3, 2008 through

and including November 30, 2010.  During the Final Compensation Period, HBD performed

necessary services and incurred out-of-pocket disbursements on behalf of the Committee.  As set

forth in prior monthly fee applications filed by HBD in these cases, including this Application, in

accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount

requested for the Final Compensation Period is fair and reasonable given (a) the complexity of

these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the

value of such services; and (e) the costs of comparable services other than in a case under this

title.

1709543.4

WHEREFORE, HBD respectfully requests that allowance be made to it in the sum of

$321,509.20 (80% of $401,886.50) as compensation for necessary professional services rendered

during the Interim Compensation Period, and $7,617.92 for reimbursement of actual and

necessary costs and expenses incurred during the Interim Compensation Period, for a total of

$409,504.42, and that such sums be authorized for payment pursuant to the Administrative

Order, and final allowance be made to it in the sum of $1,534,668.00 as compensation for

necessary professional services rendered during the Final Compensation Period, and $46,832.77

for reimbursement of actual and necessary costs and expenses incurred during the Final

Compensation Period and for such other and further relief as this Court may deem just and

proper.

Dated: Hillsborough, California       FERRY, JOSEPH AND PEARCE, P.A.
         January 19, 2011            Rick S. Miller (No. 3418)
                                     Lisa L. Coggins (No. 4234)
                                     824 Market Street, Suite 1000
                                     P.O. Box 1351
                                     Wilmington, DE 19801
                                     Telephone: (302) 575-1555
                                     Facsimile: (302) 575-1714

-and-

HENNIGAN, BENNETT & DORMAN LLP

Bruce Bennett
Michael A. Morris
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200

*Special Conflicts Counsel to the*
*Official Committee of Unsecured Creditors*