IN THE UNITED STATES BANKRUPTCY COURT

FOR TE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| AMERICAN HOME MORTGAGE | Case No. 07-11047 (CSS) |
| HOLDINGS, INC. et al | |
| A Delaware corporation | |
| Debtors | |

**MOTION FOR ENTRY OF ADMINISTRATIVE CLAIM WITH BRIEF IN SUPPORT**

Comes Now Hussain Kareem, Mortgagor/Creditor/Claimant moves this honorable court to address his administrative claim against the debtors the instant action for reasons enumerated below:

1.

Claimant addresses this court to meet the bar date of January 5, 2011 to address any supplemental or administrative claims by creditors being timely entered under the plan and before relief is granted to all parties of interests.

2.

Claimant submits his proof of claim authorizing this court to review and determine entitlement for Breach of Contract, receiving notice for Rescission/Cancellation of the Note and Mortgage, and failure to give notice of insolvency under RESPA transfer of servicing rights.

9692
1/20/2011

3.

Claimant has suffered actual monetary and tort damages related to the insolvency and the lack of notification that proceedings had been and is about to discharge all claims. Claimant cites the facts surrounding his absence from the proceedings as follows:

4.

**Undisputed Facts For Admitting Administrative Claim**

Claimant entered into a contractual obligation to refinance his home under loan number 001350490 on July 7, 2006 through the subsidiary American Home Mortgage Holdings (hereinafter referred to as "AHMH" ) American Brokers Conduit ( hereinafter known as 'ABC'). The property is located at 2197 Carlysle Creek Drive, Lawrenceville GA 30044. (See Exhibits Promissory Note 'A' and U.S. Department of HUD Settlement Statement 2400 B & 2400B2 ).

5.

The loan was serviced through AHMH's subsidiary American Home Mortgage Servicing, Inc., a Maryland Corporation, and a participant in the above plan proceeding. Claimant never received official notification from neither AHMH, ABC, nor AHMSVI that insolvency proceeding had been sought under Chapter 11 in the Bankruptcy Court for the District of Delaware **(emphasis added)**. As such, Claimant had to discover that proceeding had been ongoing from second-hand sources. Fortunately, Claimant is able to present his claim before the final bar date.

6.

**Claims for Discharge & Damages**

On or about October 21, 2008, Claimant sent his Rescission Demand of the Note and Security interests to Michael Straus, CEO of American Home Mortgage, Inc. hereinafter referred to as AHM, another subsidiary of AHMH and is a participant under the above plan (see Exhibit C).

Claimant action preserved all of his rights and entitlements under TILA, 16 U.S.C. 1601 et Seq. The Rescission Demand Notification was delivered by U.S. Certified Mail <u>No. 70081300000127430907.</u>

Under 15 USC 1635 (b), AHM had twenty calendar days to unwound the asset and restore borrower/ claimant back to *status quo ante*. *See Trimmel*, 555 F. Supp. at 268 n. 3 (goal of 15 U.S.C. § 1635 is restoration of "*status quo ante*"). When a mortgagee properly rescinds a mortgage under TILA, the rescission defeases the mortgagee of its interest in the mortgaged property.

AHM failed to acknowledge or unwind, as required under the law, the Note and its Security interests. By AHM's inactions, Claimant has established prima facie evidence for actual damage and right of discharge. AHM was still functioning as a business entity albeit under Chapter 11 when in 2008, the CEO Michael Straus received the Mortgagor/Claimant's Rescission Demand Notice (see Exhibit C). AHM had every obligation to disclose to this honorable court, to its trustees and administrators that rescission of the Note had been made by the Claimant and as an operation of law, should have been a executed for relief. The claimant and debtors were intertwined in a financial transaction which occurred prior to insolvency. Notably, the TILA remedy was made during the administrative phase of the Chapter 11 proceeding. Thus, Claimant asserts that he is entitled to have the Note discharged through this administrative proceeding.

7.

**Legal Discussion: Supporting Citation of Authorities**

TILA rescission voids the original conveyance of legal title to the mortgagee. The TILA rescission process restores the parties to their relationship prior to becoming mortgagor and mortgagee. Because TILA rescission restores legal title to the consumer, it is effectively an alternate method of redemption in the instant matter context. The classic method of redemption is to extinguish the debt set by the judgment by paying it in full. Under TILA the owner of the equity of redemption extinguishes the debt by rescinding the underlying transaction. When the

transaction, including the promissory note memorializing the debt, is rescinded, it follows that the mortgage is no longer enforceable either. If the debt is void it follows that the mortgage is void. Therefore, if the mortgage is void, it follows that legal title is restored to the mortgagor.

Under 12 C.F.R. § 226.23(d), the process is as follows:

226.23(d)(1): *"When a consumer rescinds a transaction, the security interest . . . becomes void"* 226.23(d)(2): *"Within 20 calendar days . . . the creditor shall return any money . . . that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest." 226.23(d)(3): "When the creditor has complied with [paragraph (d)(2)], the consumer shall tender the money or property to the creditor"* As the Appellate Court has held, under 15 U.S.C. § 1635(b), *"all that the [borrower] need do is notify the creditor of her intent to rescind. The agreement is then automatically rescinded* (emphasis added).

Courts have expressly recognized that statutory rescission under TILA works differently than common law rescission. In *Velazquez v. America's Servicing Company Credit, Inc., d/b/a Overland Mortgage*, the Northern District of Illinois recognized that *"TILA's scheme is contrary to the rule under common law rescission, where the rescinding party must tender first."* Velazquez v. America's Servicing Company Credit, Inc., d/b/a Overland Mortgage, 254 F. Supp. 2d 1043, 1045 (N.D. Ill. 2003). Under the TILA scheme for rescission, the mortgagor does not become obligated to return the proceeds of the loan until the mortgagee acts first as described in 12 C.F.R. § 226.23(d)(1) and (2). 12 C.F.R. § 226.23(d)(3) ("When the creditor has complied with [paragraph (d)(2)], the consumer shall tender the money or property to the creditor"). The 1st Circuit has similarly held that under the statutory rescission process created by TILA and Regulation Z, the lender must go first rather than the rescinding mortgagor.

*Also See, Large v. Conseco Finance Servicing Corp., 292 F.3d 49, 55-56 (1st Cir. 2002) ("in contrast to common law rescission, the borrower need not first return the loan proceeds received*

*under the agreement to effect a rescission."). "The purpose of the TILA's reordering of common law rescission rules is to put the consumer in a stronger bargaining position" because the lender has violated the law. Id. (Emphasis supplied).*

**A consumer "*need not prove that they were mislead or suffered any actual damages from the purported TILA violations.*"** *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 2006 U.S. Dist. LEXIS 35316 at * 8 (N.D. Ill. 2006) (citing *Brown v. Marquette Sav. & Loan Assoc.*, 686 F.2d 608, 614 (7th Cir. 1982)). Also se, *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 2006 U.S. Dist. LEXIS at *3-4 ("If a borrower rescinds a mortgage, he or he is no longer responsible for finance or other charges, and the lender loses its security interest.").

8.

Further claims arose by AHM's acquiescence to the TILA Demand Notice. Claimant submits prima facie evidence from bank statements certified by Bank Of America, that least sixteen (16) payments were made to American Home Mortgage related to the original Promissory Note obligation beginning from April 2008 through September 2009 (see Exhibit 4400). Unbeknownst to the claimant, AHMH had started its proceeding under the plan, so the failure to disclose or respond materially damaged the Claimant. Whereas, in "good faith" his monies were sent to servicing parties allegedly benefitting AHMH or the Trustee under this Plan.

9.

AHM had acquiesced and Borrower is entitled to preserve all rights under TILA due to default by the principal. Under Georgia law on acquiescence under OCGA 24-4-23 expresses, as follows:

*"In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them."*

Relevant Georgia's case law on acquiescence expresses,

*(b) Except as provided in subsection (c) of this <u>Code</u> section, an <u>alteration fraudulently made</u> discharges a <u>party</u> whose <u>obligation</u> is affected by the <u>alteration</u> unless that <u>party</u> assents or is precluded from asserting the <u>alteration</u>. No other <u>alteration</u> discharges a <u>party</u>, and the <u>instrument</u> <u>may</u> be enforced according to its original terms.*

See <u>SPILLERS v. FIRST SOUTH BANK, N.A. (185 Ga. App. 580) (365 SE2d 151) (1988)</u>,

*"if the co-maker shows at trial that he is discharged from liability because the bank completed the instrument of debt in an unauthorized manner (see OCGA <u>11-3-407</u> (1) (b) and <u>11-3-601</u> (1) (f)), then defendant, if he is shown to be an accommodation party, would be discharged also. See Griswold v. Whetsell, <u>157 Ga. App. 800 (3) (278 SE2d 753) (1981)</u>. The rationale for such a discharge of the accommodation party is that his right of recourse against the discharged co-maker would be impaired."*

By the preponderance of evidence, Claimant shows good cause that neither AHMH nor its subsidiaries disclosed to Claimant that the indorsement did convert the Promissory Note into a Bill of Exchange for the benefit of ABC coupled with the failure to Rescind under TILA has given the Claimant all rights for relief and recovery by discharging of the Note.

11.

### Relief Sought

Claimant seeks by moving this Competent Court and the Administrators for the following administrative rights under the current plan:

* Admit this claim for administrative claims against the debtors under the plan.

*Discharge the Promissory Note and Security Deed for Loan Number <u>001350490</u>. This court should protect Claimant rights and has the jurisdictional authority under TILA or any other applicable laws to render the debt discharged.

* For Negligence Claim on part of AHMH and under TILA a return of all payments made pre and post proceedings. AHMH failure to disclose its insolvency materially harmed the claimant

to an amount estimated at $19,175.71 without interests. A more exact accounting shall be determined with forthcoming support by evidence from records.

*This court should apply judicial leniency for claimant against any defects, as this court standard should follow case laws citing *"Pro Se Litigants pleadings are not to held to the same high standards of perfection as lawyers." See Haines v. Kerner, 92 S. Ct. 594; Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Picking v. Penna. Rwy. Co. 151 F. 2d 240; Puckett v. Cox, 456 F. 2d 233.*

*If this court rules in whole or in part adversely to the claimant demands, then this court is requested to offer fact finding under FRCP Rule 52 to state with clear and concise reasons for rejection.

Claimant sayeth no more. With all due respects to this Court,

Submitted on or about January 5, 2011.

_____
Hussain Kareem, Pro Se , A.R.R.

2197 Carlysle Creek Drive

Lawrenceville, GA 30044

Tel: 678-250-5753

U.S. Certified Mail No: **71969006982039039760**