## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------------------- x | |
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Ref. Docket Nos. 8514 & 8640** |
| | : |
| ------------------------------------------------------------------------- x | |

### CERTIFICATION OF COUNSEL SUBMITTING STIPULATION SUSTAINING THE DEBTORS' OBJECTION TO REPURCHASE AGREEMENT DEFICIENCY CLAIM OF ORIX CAPITAL MARKETS, LLC (CLAIM NO. 9211)

The undersigned counsel to AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* [Docket No. 7029] in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby certifies as follows:

1.    On January 11, 2008, ORIX Capital Markets, LLC ("ORIX") filed proof of claim number 9211 (the "Repurchase Claim") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048 ) ("AHM Investment"). Pursuant to the Repurchase Claim, ORIX asserts a claim in the total amount of $74,362,091.00 in connection with that certain Master Repurchase Agreement dated as of June 28, 2007 (the "Repurchase Agreement") entered into between AHM Investment, ORIX and non-debtor AHM SPV III, LLC.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2.      The Repurchase Claim consists of several portions including, without limitation, (i) an asserted $54,362,091 secured claim (the "Secured Claim"); and (ii) an alleged $20,000,000 unsecured deficiency claim (the "Deficiency Claim") pursuant to section 562 of the Bankruptcy Code in connection with the Repurchase Agreement.

3.      On January 19, 2010, the Debtors filed the *Debtors' Objection to Repurchase Agreement Deficiency Claim of ORIX Capital Markets, LLC ( Claim No. 9211)* [Docket No. 8514] (the "Objection"). By the Objection, the Debtors requested, *inter alia*, that the Court disallow and expunge the Repurchase Claim because, among reasons: (i) there is no basis for the Secured Claim as ORIX admittedly owns the Purchased Securities (as defined in the Objection) and such Purchased Securities are not property of the Debtors (and ORIX does not claim a security interest in any other property of the Debtors); (ii) ORIX overstates the amount of the repurchase obligations owed by AHM Investment in the Repurchase Claim; and (iii) the Purchased Securities were valued well in excess of the repurchase obligations on the pertinent valuation date.

4.      On March 4, 2010, ORIX filed a response [Docket No. 8640] to the Objection pursuant to which it asserted the Objection should be overruled because, among other reasons, the Debtors failed to meet their burden to overcome the prima facie validity of the Repurchase Claim and, moreover, ORIX's valuation demonstrates the validity of the deficiency portion of the Repurchase Claim.

5.      The Debtors (and more recently the Plan Trust) and ORIX (collectively, the "Parties") have engaged in extensive discussions and good faith negotiations in an effort to reach a consensual resolution of the Objection. As a result of such discussions, the Parties have entered into the *Stipulation By And Between The Plan Trust And ORIX Capital Markets, LLC*

2

*Sustaining The Debtors' Objection to Repurchase Agreement Deficiency Claim of ORIX Capital*

*Markets, LLC (Claim No. 9211)* (the "Stipulation").

6.    Subject to Court approval, the Stipulation provides that the Repurchase Claim is

disallowed in its entirety.

7.    Attached hereto as Exhibit A is a proposed form of order (the "Proposed Order")

approving the Stipulation, which is attached to the Proposed Order as Exhibit 1.

WHEREFORE, the Plan Trust respectfully requests that the Court enter the Proposed

Order approving the Stipulation at its earliest convenience.

Dated: January 25, 2011
      Wilmington, Delaware

                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                    Sean M. Beach (No. 4070)
                    Michael S. Neiburg (No. 5275)
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, Delaware  19801
                    Telephone: (302) 571-6756
                    Facsimile: (302) 571-1253

                    -and-

                    HAHN & HESSEN LLP
                    Mark S. Indelicato
                    Edward L. Schnitzer
                    488 Madison Avenue
                    New York, New York 10022
                    Telephone: (212) 478-7200
                    Facsimile: (212) 478-7400

                    *Co-Counsel to the Plan Trust*

## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:                                                                   :   Chapter 11

                                                                         :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                    :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                        :

                                                                         :   Jointly Administered

Debtors.                                                                  :

                                                                         :   **Ref. Docket Nos. 8514 & 8640**

------------------------------------------------------------------------ x

## ORDER APPROVING STIPULATION SUSTAINING THE DEBTORS' OBJECTION TO REPURCHASE AGREEMENT DEFICIENCY CLAIM OF ORIX CAPITAL MARKETS, LLC (CLAIM NO. 9211)

Upon consideration of the *Stipulation By And Between The Plan Trust And ORIX Capital Markets, LLC Sustaining The Debtors' Objection to Repurchase Agreement Deficiency Claim of ORIX Capital Markets (Claim No. 9211)* (the "Stipulation");[2] and the Plan Trust and ORIX (collectively, the "Parties") having agreed that proof of claim number 9211 filed by ORIX (the "Repurchase Claim") should receive the treatment set forth in the Stipulation; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Stipulation attached hereto as Exhibit 1 is APPROVED; and it is further

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

ORDERED that, in accordance with the Stipulation, the Repurchase Claim is disallowed and expunged in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____ \_\_\_, 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| -------------------------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Ref. Docket Nos. 8514 & 8640 |
| -------------------------------------------------------------------------- x | | |

### STIPULATION BY AND BETWEEN THE PLAN TRUST AND ORIX CAPITAL MARKETS, LLC SUSTAINING THE DEBTORS' OBJECTION TO REPURCHASE AGREEMENT DEFICIENCY CLAIM OF ORIX CAPITAL MARKETS, LLC (CLAIM NO. 9211)

This stipulation (the "Stipulation") is entered into by and between AHM Liquidating

Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of*

*the Debtors Dated as of February 18, 2009* [Docket No. 7029] in connection with the Chapter 11

cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), and ORIX

Capital Markets, LLC ("ORIX" and together with the Plan Trust, the "Parties"), as of the date set

forth below. The Parties hereby stipulate and agree that the following terms shall govern the

treatment of the claim identified herein.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

WHEREAS, debtor American Home Mortgage Investment Corp ("AHM Investment") (Case No. 07-11048 ), along with non-debtor AHM SPV III, LLC ("SPV III") and ORIX are parties to that certain Master Repurchase Agreement dated as of June 28, 2007 (the "Repurchase Agreement")

WHEREAS, on January 11, 2008, ORIX Capital Markets, LLC ("ORIX") filed proof of claim number 9211 (the "Repurchase Claim") against AHM Investment asserting a claim in the total amount of $74,362,091.00 under the Repurchase Agreement;

WHEREAS, on January 19, 2010, the Debtors filed the *Debtors' Objection to Repurchase Agreement Deficiency Claim of ORIX Capital Markets, LLC ( Claim No. 9211)* [Docket No. 8514] (the "Objection"), pursuant to which the Debtors sought entry of an order disallowing the Repurchase Claim in its entirety, or, alternatively, reducing the Repurchase Claim in an amount to be determined by the Court after an evidentiary hearing.

WHEREAS, on March 4, 2010, ORIX filed a response [Docket No. 8640] to the Objection pursuant to which it asserted the Objection should be overruled in its entirety, and alternatively, the Court should set the matter for an evidentiary hearing to determine the value of the Repurchase Claim;

WHEREAS, on April 5, 2010, the Court entered the *Stipulated Scheduling Order* [Docket No. 8740], which sets forth the fact and expert discovery schedule for the contested matter;

WHEREAS, the Parties have conferred with respect to reaching a consensual resolution of the Objection and the Repurchase Claim, in lieu of proceeding with costly and time-consuming litigation.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.  The Repurchase Claim, filed by ORIX, shall receive the treatment as set forth herein.

2.  ORIX agrees that the Repurchase Claim shall be disallowed and expunged in its entirety; provided, however, ORIX's agreement with respect to the disallowance of the Repurchase Claim is not intended to nor shall it be deemed an admission that ORIX does not have a deficiency in connection with the Repurchase Agreement. By entering into this Stipulation, ORIX acknowledges, as with all litigation, that there is an inherent risk in litigating these matters as well as incurring unavoidable expenditure of assets associated with any litigation.

3.  Upon the Court's approval of this Stipulation, ORIX and the Plan Trust do hereby fully release and discharge each other, and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the Repurchase Claim and/or the Repurchase Agreement, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

4.      Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

5.      This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

6.      The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

7.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 25TH day of JANUARY, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trust*

CONNOLLY BOVE LODGE & HUTZ LLP


Karen C. Bifferato (No. 3279)
N. Christopher Griffiths (No. 5180)
The Nemours Building
1007 North Orange Street
Wilmington, Delaware
Tel: (302) 658-9141
Fax: (302) 658-5614

            - and –

WOLLMUTH MAHER & DEUTSCH LLP
James N. Lawlor
George Benaur
500 Fifth Avenue, 12th Floor
New York, New York 10110
Tel: (212) 382-3300
Fax: (212) 382-0050

*Co-Counsel for ORIX Capital Markets, LLC*