IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :  Jointly Administered
                                                                 :
     Debtors.                                                    :
                                                                 x
----------------------------------------------------------------

**FINAL APPLICATION OF WEINER BRODSKY SIDMAN KIDER PC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD FROM AUGUST 6, 2007, THROUGH JULY 31, 2010**

| | |
|---|---|
| Name of Applicant: | Weiner Brodsky Sidman Kider PC |
| Authorized to Provide Professional Services to: | Debtors |
| Period for Which Final Compensation and/or Reimbursement is Sought: | August 6, 2007 through July 31, 2010 |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary: | $ 715,205.00 |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $ 62,807.73 |

This is a Final Fee Application.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Prior applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 1818 | August 6, 2007 through August 31, 2007 | $88,599.50 | $1,062.60 | $88,599.50 paid | $1,062.60 paid |
| 1987 | September 1, 2007 through September 30, 2007 | $80,618.50 | $1,108.65 | $75,759.70 paid | $1,108.65 paid |
| 2110 | October 1, 2007 through October 31, 2007 | $64,370.00 | $6,707.04 | $64,370.00 paid | $6,707.04 paid |
| 2405 | November 1, 2007 through November 27, 2007 | $42,212.50 | $2,532.61 | $42,212.50 paid | $2,532.61 paid |
| 2967 | November 28, 2007 through December 31, 2007 | $41,766.00 | $3,716.57 | $41,766.00 paid | $3,716.57 paid |
| 3122 | January 1, 2008 through January 31, 2008 | $36,194.50 | $10,158.28 | $36,194.50 paid | $10,158.28 paid |
| 3508 | February 1, 2008 through February 29, 2008 | $53,811.00 | $2,847.81 | $53,811.00 paid | $2,847.81 paid |
| 4228 | March 1, 2008 through March 31, 2008 | $30,710.50 | $855.73 | $30,710.50 paid | $855.73 paid |
| 4660 | April 1, 2008 through April 30, 2008 | $55,855.00 | $2,920.07 | $55,855.00 paid | $2,920.07 paid |
| 5191 | May 1, 2008 through May 31, 2008 | $40,307.00 | $7,460.42 | $40,307.00 paid | $7,460.42 paid |
| 5553 | June 1, 2008 through June 30, 2008 | $33,338.00 | $10,737.28 | $33,338.00 paid | $10,737.28 paid |
| 6192 | July 1, 2008 through August 31, 2008 | $34,274.50 | $3,059.61 | $34,274.50 paid | $3,059.61 paid |
| 6546 | September 1, 2008 through September 30, 2008 | $11,016.50 | $631.43 | $11,016.50 paid | $631.43 paid |

| | | | | | |
|---|---|---|---|---|---|
| 6638 | October 1, 2008 through October 31, 2008 | $10,036.00 | $17.20 | $10,036.00 paid | $17.20 paid |
| 6924 | November 25, 2008 through December 31, 2008 | $6,217.50 | $190.64 | $6,217.50 paid | $190.64 paid |
| 7219 | January 1, 2009 through January 31, 2009 | $15,830.00 | $2,527.36 | $15,830.00 paid | $2,527.36 paid |
| 7255 | February 1, 2009 through February 28, 2009 | $4,991.00 | $45.20 | $4,991.00 paid | $45.20 paid |
| 7517 | March 1, 2009 through March 31, 2009 | $2,671.50 | $252.55 | $2,671.50 paid | $252.55 paid |
| 7516 | April 1, 2009 through April 30, 2009 | $2,849.00 | $47.64 | $2,849.00 paid | $47.64 paid |
| 7657 | May 1, 2009 through May 31, 2009 | $2,637.50 | $0.00 | 2,637.50 paid | $0.00 paid |
| 8078 | June 1, 2009 through June 30, 2009 | $2,710.50 | $0.00 | $2,710.50 paid | $0.00 paid |
| 8108 | July 1, 2009, through July 31, 2009 | $1,200.50 | $1.40 | $1,200.50 paid | $1.40 paid |
| 8312 | August 1, 2009, through August 31, 2009 | $994.50 | $0.00 | $994.50 paid | $0.00 paid |
| 8347 | September 1, 2009 through September 30, 2009 | $10,077.50 | $28.22 | $10,077.50 paid | $28.22 paid |
| 8429 | October 1, 2009 through October 31, 2009 | $1,770.00 | $1,929.68 | $1,770.00 paid | $1,929.68 paid |
| 8430 | November 1, 2009 through November 30, 2009 | $495.00 | $12.88 | $495.00 paid | $12.88 paid |
| 8558 | December 1, 2009 through December 31, 2009 | $1,759.00 | $0.00 | $1,759.00 paid | $0.00 paid |
| 8694 | January 1, 2010 through January 31, 2010 | $12,704.50 | $3.47 | $12,704.50 paid | $3.47 paid |

YCST01:10560450.1                                                               066585.1001

| 8797 | February 1, 2010 through February 28, 2010 | $666.00 | $2,540.17 | $666.00 paid | $2,540.17 paid |
| 9052 | April 1, 2010 through April 30, 2010 | $4,243.00 | $0.00 | $4,243.00 paid | $0.00 paid |
| 9082 | May 1, 2010 through May 31, 2010 | $13,684.50 | $1,016.97 | $13,684.50 paid | $1,016.97 paid |
| 9260 | June 1, 2011 through June 30, 2010 | $5,205.00 | $178.91 | $3,978 paid as of the date of this Application. Certificate of No Objection filed on October 28, 2010 (Docket No. 9380). | $178.91 paid |
| 9277 | July 1, 2011 through July 31, 2010 | $1,389.00 | $217.34 | $1,111.20 paid as of the date of this Application. Certificate of No Objection filed on October 28, 2010 (Docket No. 9381). | $217.34 paid |

YCST01:10560450.1                                                                066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
                                                                 :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[3]               :   Jointly Administered
                                                                 :
    Debtors.                                                     :
                                                                 x
----------------------------------------------------------------

### FINAL APPLICATION OF WEINER BRODSKY SIDMAN KIDER PC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD FROM AUGUST 6, 2007, THROUGH JULY 31, 2010

Pursuant to sections 105 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), the law firm of Weiner Brodsky Sidman Kider PC (hereinafter "WBSK") hereby applies to this Court for an Order awarding it on a final basis reasonable compensation for professional legal services rendered as counsel to American Home Mortgage Holdings, Inc., et al., (collectively, the "Debtors") in the amount of $715,205.00, together with reimbursement for actual and necessary expenses incurred in the amount of $62,807.73 for the period commencing August 6, 2007 through and including July 31, 2010 (the "Final Fee Period"). In support of this application (the "Application"), WBSK respectfully represents as follows:

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

1. On September 4, 2007, the Court entered an Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment of Professionals Utilized in the Ordinary Course of the Debtors' Business Nunc Pro Tunc to Petition Date [Docket No. 207] (the "Order"). The Order authorized WBSK to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

2. All services for which compensation is requested by WBSK were performed for or on behalf of the Debtor.

## SUMMARY OF SERVICES RENDERED

3. Summaries of the fees and expenses subject to this Final Fee Application are set forth in detail in the prior monthly applications (the "Monthly Applications") filed with the Court. See Docket Nos. 1818, 1987, 2110, 2405, 2967, 3122, 3508, 4228, 4660, 5191, 5553, 6192, 6546, 6638, 6924, 7219, 7255, 7517, 7516, 7657, 8078, 8108, 8312, 8347, 8429, 8430, 8558, 8694, 8797, 9052, 9082, 9260, and 9277.

## VALUATION OF SERVICES

4. WBSK believes that the time entries and the expense breakdown set forth in the Monthly Applications (and in the exhibits thereto) are in compliance with the requirements of Local Rule 2016-2.[4]

## REQUEST FOR FINAL APPROVAL

5. By this Application, WBSK seeks final approval of all fees and expenses incurred in this case from August 6, 2007 through July 31, 2010.

---

[4] Pursuant to Local Rule 2016-2, WBSK represents that its rate for internal duplication is $0.10 per page, there is no charge for telecopier transmissions and there is no surcharge for computerized research.

6. Young Conaway Stargatt & Taylor, LLP has previously filed the Monthly Applications for the period August 6, 2007 through July 31, 2010 on behalf of WBSK.

7. By this application, WBSK is requesting final approval of its fees and expenses allowed by the Interim Fee Requests in the amounts previously approved. Accordingly, WBSK is seeking final approval of fees in the amount of $715,205.00 and expenses in the amount of $62,807.73.

8. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Debtors' chapter 11 cases (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

WHEREFORE, WBSK requests final approval and allowance be made to it in the sum of $715,205.00 as compensation for necessary professional services rendered to the Debtors for the Final Fee Period, and the sum of $62,807.73 for reimbursement of actual necessary costs and expenses incurred for the Final Fee Period, and the Court grant such other and further relief as is just and proper.

Washington, D.C.

January 28, 2011

WEINER BRODSKY SIDMAN KIDER PC

_/s/ Mitchel H. Kider_
Mitchel H. Kider
David M. Souders
1300 19th Street, NW, Fifth Floor
Washington, D.C. 20036
Telephone: (202) 628-2000
Facsimile: (202) 628-2011

Counsel for the Debtors

3

## VERIFICATION

DISTRICT OF COLUMBIA )
                                 )    SS:
                                 )

David M. Souders, after being duly sworn according to law, deposes and says:

1. I am a Partner in the applicant firm, Weiner Brodsky Sidman Kider PC, and have been admitted to the bars of the Supreme Courts of Missouri and the District of Columbia since 1985 and 1994, respectively.

2. I have personally performed many of the legal services rendered by Weiner Brodsky Sidman Kider PC, as counsel to the Debtors and am familiar with all other work performed on behalf of the lawyers and paraprofessionals in the firm.

3. WBSK usually bills on discrete matters in connection with its representation of American Home. However, with the filing of the bankruptcy petition, the Firm opened a new matter to handle the myriad matters that arose from the filing of the petition. Specifically, matter 089 in the Firm's billing system was used by Firm attorneys for the following matters:

- responding to inquiries from state regulators arising out of the press releases issued by American Home and subsequent notifications to such regulators about the liquidity crisis the firm was experiencing just before the filing of the bankruptcy petitions;

- filing of suggestions of bankruptcy in the defensive matters being handled by the Firm;

- notifying state and federal regulators of the filing of the bankruptcy petitions and participating in conference calls with the regulators;

- handling of issues with state and federal regulators arising from the freezing of certain escrow accounts by one of the creditors;

- surrendering of licenses for the origination entities and the preservation of the licenses held by the servicing entity;

- researching surety bond requirements for the origination and servicing entities;

- completion of an ongoing HUD investigation;

- researching servicing liquidity issues and change of control requirements;

- reviewing of purchase and sale agreements in connection with the sale of the servicing entity; and

- assisting bankruptcy counsel with the preparation and filing of the motion to return funds from the customers in the pipelines of the originating entities.

Where work was performed on individual matters that were opened prior to the filing of the petition, the Firm continued to bill directly to those matters and will continue to do so on a going forward basis.

4. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
DAVID M. SOUDERS

SWORN TO AND SUBSCRIBED before me this 28th day of January 2011.

_____
Notary Public
My Commission Expires: July 31, 2014