IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

## SUMMARY OF THE FINAL FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS TAX ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FEBRUARY 12, 2008 THORUGH NOVEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | PricewaterhouseCoopers LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective February 12, 2008 by Order Entered March 27, 2008 |
| Final Period for which Compensation and Reimbursement is Sought: | February 12, 2008 through November 30, 2010 (the "Final Fee Period") |
| Final Amount of Compensation Sought as Actual, Reasonable and Necessary: | $383,060.50 |
| Final Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $371.62 |

This is a(n):  __ monthly   __ interim   _X_ final application.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

## SUMMARY OF PREVIOUSLY FILED FEE APPLICATIONS

| App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved | Approved Reduction |
|---|---|---|---|---|---|---|---|---|
| 1 | 06/10/2008 [4624] | 02/14/2008-03/31/2008 | $66,589.50 | $0.00 | 07/09/08 [5025] | $66,589.50 | $0.00 | $0.00 |
| 2 | 06/10/2008 [4625] | 04/01/2008-04/30/2008 | $29,661.50 | $0.00 | 07/09/08 [5026] | $29,661.50 | $0.00 | $0.00 |
| 3 | 07/02/2008 [4973] | 05/01/2008-05/31/2008 | $13,985.00 | $0.00 | 07/31/08 [5284] | $13,985.00 | $0.00 | $0.00 |
| 4 | 08/21/2008 [5514] | 06/01/2008-07/31/2008 | $21,969.00 | $0.00 | 09/16/08 [5940] | $21,969.00 | $0.00 | $0.00 |
| 5 | 10/14/2008 [6227] | 08/01/2008-08/31/2008 | $48,781.50 | $0.00 | 11/07/08 [6533] | $48,781.50 | $0.00 | $0.00 |
| 6 | 10/22/2008 [6412] | 09/01/2008-09/30/2008 | $43,652.00 | $159.20 | 11/13/08 [6577] | $43,652.00 | $159.20 | $0.00 |
| 7 | 11/26/2008 [6639] | 10/01/2008-10/31/2008 | $18,465.00 | $0.00 | 12/18/08 [6756] | $18,465.00 | $0.00 | $0.00 |
| 8 | 12/18/2008 [6759] | 11/01/2008-11/30/2008 | $8,855.00 | $0.00 | 01/12/09 [6833] | $8,855.00 | $0.00 | $0.00 |
| 9 | 02/24/2009 [7048] | 12/01/2009-01/31/2009 | $47,115.50 | $128.72 | 3/18/09 [7121] | $47,115.50 | $128.72 | $0.00 |
| 10 | 05/19/2009 [7414] | 02/01/2009-03/31/2009 | $26,607.00 | $83.70 | 6/12/09 [7524] | $26,607.00 | $83.70 | $0.00 |
| 11 | 06/10/2009 [7519] | 04/01/2009-04/30/2009 | $19,677.50 | $0.00 | 7/2/09 [7599] | $19,677.50 | $0.00 | $0.00 |
| 12 | 09/11/2009 [8047] | 05/01/2009-07/31/2009 | $18,614.00 | $0.00 | 10/6/09 [8139] | $18,614.00 | $0.00 | $0.00 |
| 13 | 11/6/2009 [8263] | 08/01/2009-09/30/2009 | $19,088.00 | $0.00 | 12/2/09 [8349] | 19,088.00 | $0.00 | $0.00 |
| | **Total** | | **$383,060.50** | **$371.62** | | **$383,060.50** | **$371.62** | **$0.00** |

This is the Final Fee Application filed by PricewaterhouseCoopers LLP.

## SUMMARY BY PROJECT CATEGORY

| | | |
|---|---:|---:|
| *Project Category and Task Code* | *Hours* | *Total Fees* |
| ***Tax Advisory Services*** | | |
| Tax Consulting Services | 475.30 | $199,038.00 |
| Tax Consulting Services - Employment Tax | 193.50 | $84,951.50 |
| Non-Working Travel Time (reduced by 50%) | 1.60 | $456.00 |
| Real Estate Investment Trust Compliance | 105.60 | $48,127.50 |
| ***Total Hours and Compensation for Tax Advisory Services*** | ***776.00*** | ***$332,573.00*** |
| ***Fee/Employment Applications*** | | |
| Employment Applications and Other Court Filings | 16.50 | $7,402.50 |
| Relationship Check and Disinterestedness | 9.70 | $2,092.00 |
| ***Total Hours and Compensation for Fee/Employment Applications*** | ***26.20*** | ***$9,494.50*** |
| ***Fee/Employment Applications*** | | |
| Monthly, Interim and Final Fee Applications | 141.30 | $40,993.00 |
| ***Total Hours and Compensation for Fee/Employment Applications*** | ***141.30*** | ***$40,993.00*** |
| **Grand Total Hours for and Compensation** | **943.50** | **$383,060.50** |

3

**EXPENSE SUMMARY**

PricewaterhouseCoopers incurred the following expenditures during the Final Fee Period.

| | |
|---|---:|
| *Tax Advisory Services* | *Total Expenditures* |
| Tax Consulting Services | $212.42 |
| Real Estate Investment Trust Compliance | $159.20 |
| *Total Hours and Compensation for Tax Advisory Services* | *$371.62* |
| **Total Expenditures** | **$371.62** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[2]

Debtors.

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

## THE FINAL FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS TAX ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FEBRUARY 12, 2008 THROUGH NOVEMBER 30, 2010

PricewaterhouseCoopers LLP ("PricewaterhouseCoopers"), herby submits this Final Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursements of Expenses as Tax Advisors for the Debtors and Debtors in Possession for the period February 12, 2008 through November 30, 2010 (the "Application"), pursuant to sections 327, 328, 329, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals Pursuant to Sections 331 and 105(a) of the Bankruptcy Code (the "Administrative

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings") (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

4

Order"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A).

By this Application, PricewaterhouseCoopers, as tax advisors for the Debtors, seeks final allowance and payment of compensation for tax advising services performed and expenses incurred during the period commencing February 12, 2008 through November 30, 2010 (the "Final Fee Period"). In support hereof, PricewaterhouseCoopers respectfully represents the following:

## BACKGROUND

1. On August 6, 2007 (the "Petition Date") each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

4. On April 30, 2008, the Debtors filed the *Application of the Debtors for an Order Pursuant to Sections 327(a) and 327(b) of the Bankruptcy Code Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Tax Advisors to the Debtors, Nunc Pro Tunc to April 1, 2008* (the "Employment Application"). PricewaterhouseCoopers was requested by the Debtors based upon the wealth of experience in providing accounting, tax and advisory services in various restructurings and reorganizations and historically provided tax advisory services to the Debtors.

5. On March 27, 2008, this Court approved the retention of PricewaterhouseCoopers as tax advisors to the Debtors by entering the *Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing Debtors' Employment and Retention of PricewaterhouseCoopers LLP as Debtors' Tax Advisors, Nunc Pro Tunc to February 12, 2008* (the "Retention Order").

6. On February 23, 2009, this Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009.

7. On November 30, 2010, this Court filed a notice which in relevant part set the effective date of the Plan as November 30, 2010.

## RELIEF REQUESTED

8. On September 3, 2007, this Court entered the Administrative Order. Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and the Notice Parties (as defined in the Administrative Order) may object to such requests. If an objection to a professional's request is not filed and served within twenty (20) days, the professional may file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay such professional an amount equal to 80% of the fees and 100% of the expenses requested in the Monthly Fee Applications.

9. Furthermore, the Administrative Order provides that professionals are to file and service upon notice parties an interim request (an "Interim Fee Application") for interim Court approval and allowance of the monthly fee applications during the interim fee period covered by the Interim Fee Application. Debtors' Counsel filed Seven Interim Fee Applications on behalf of PricewaterhouseCoopers:

a) On August 18, 2008, the Court awarded PricewaterhouseCoopers $96,251.00 in fees and $0.00 in expenses, representing total compensation requested within our First Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered August 18, 2008 (the "First Interim Order", Docket No. 5459).

b) On October 22, 2008, the Court awarded PricewaterhouseCoopers $35,954.00 in fees and $0.00 in expenses, representing total compensation requested within our Second Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered October 22, 2008 (the "Second Interim Order", Docket No. 6446).

c) On January 13, 2009, the Court awarded PricewaterhouseCoopers $110,898.50 in fees and $159.20 in expenses, representing total compensation requested within our Third Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered January 13, 2009 (the "Third Interim Order", Docket No. 6838).

d) On August 11, 2009, the Court awarded PricewaterhouseCoopers $55,970.50 in fees and $128.72 in expenses, representing total compensation requested within our Fourth Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered August 11, 2009 (the "Fourth Interim Order", Docket No. 7938).

e) On August 11, 2009, the Court awarded PricewaterhouseCoopers $46,284.50 in fees and $83.70 in expenses, representing total compensation requested within our Fifth Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered August 11, 2009 (the "Fifth Interim Order", Docket No. 7938).

f) On October 14, 2009, the Court awarded PricewaterhouseCoopers $18,614.00 in fees and $0.00 in expenses, representing total compensation requested within our Sixth Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered October 14, 2009 (the "Sixth Interim Order", Docket No. 8179).

g) On March 10, 2009, the Court awarded PricewaterhouseCoopers $19,088.00 in fees and $0.00 in expenses, representing total compensation requested within our Seventh Interim Fee Request, *Order Approving Interim Fee Requests Regarding Professionals,* entered March 10, 2009 (the "Seventh Interim Order", Docket No. 8676).

10. PricewaterhouseCoopers' seeks final allowance of compensation for professional services rendered to the Debtor during the Final Fee Period, in the aggregate amount of $383,060.50 and reimbursement of expenses incurred in connection with such services, in the aggregate amount of $371.62.

11. PricewaterhouseCoopers is filing this Application for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Final Fee Period. The Application summarizes the services rendered by PricewaterhouseCoopers by the service categories during the Final Fee Period. Details of the service categories are provided within each of the Monthly Fee Applications.

## DESCRIPTION OF SERVICES RENDERED

| Project Category and Task Code | Hours | Total Fees |
|---|---|---|
| **Tax Advisory Services** | | |
| Tax Consulting Services | 475.30 | $199,038.00 |
| Tax Consulting Services - Employment Tax | 193.50 | $84,951.50 |
| Non-Working Travel Time (reduced by 50%) | 1.60 | $456.00 |
| Real Estate Investment Trust Compliance | 105.60 | $48,127.50 |
| **Total Hours and Compensation for Tax Advisory Services** | **776.00** | **$332,573.00** |
| **Fee/Employment Applications** | | |
| Employment Applications and Other Court Filings | 16.50 | $7,402.50 |
| Relationship Check and Disinterestedness | 9.70 | $2,092.00 |
| Monthly, Interim and Final Fee Applications | 141.30 | $40,993.00 |
| **Total Hours and Compensation for Fee/Employment Applications** | **167.50** | **$50,487.50** |
| **Grand Total Hours for and Compensation** | **943.50** | **$383,060.50** |

### Tax Advisory Services

12. During the Final Fee Period, PricewaterhouseCoopers professionals performed a review of PBC workpapers; researched gains on foreclosures, swaps and accretion accounts. Recommended changes to Federal tax returns and participated in meetings to discuss documentation and provide updates to the client.

**Bankruptcy Requirements and Obligations**

13.     PricewaterhouseCoopers bankruptcy professionals assisted the client service teams by preparing, reviewing and finalizing all documents associated with the employment retention. In addition the bankruptcy professionals prepared and finalized the monthly and interim fee applications as well as this Application for services rendered within the Final Fee Period. PricewaterhouseCoopers professionals also responded to additional Fee Examiner requests.

**EXPENDITURES**

| *Tax Advisory Services* | *Total Expenditures* |
|---|---|
| Tax Consulting Services | $212.42 |
| Real Estate Investment Trust Compliance | $159.20 |
| *Total Hours and Compensation for Tax Advisory Services* | *$371.62* |
| **Total Expenditures** | **$371.62** |

14.     PricewaterhouseCoopers charged and now requests those fees that are reasonable and customary and charged by most tax advisors in this marketplace for similar Chapter 11 cases. The billing rates set forth in the various summaries of professionals and paraprofessionals rendering services during the covered period represent customary rates that are routinely billed to PricewaterhouseCoopers' many clients. The compensation requested in this Application does not exceed the reasonable value of the services rendered.

15.     No agreement or understanding prohibited by section 504 of the Bankruptcy Code exists between PricewaterhouseCoopers and any other person for sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases, not shall PricewaterhouseCoopers share or agree to share the compensation paid or allowed for the Debtors' estates for such services with any other person in contravention of section 504 of the Bankruptcy Code. No agreement or understanding prohibited by 18 U.S.C. § 155 had been made by PricewaterhouseCoopers.

16. By this Application, PricewaterhouseCoopers requests final approval of all fees and expenses incurred by PricewaterhouseCoopers in this case during the Final Fee Period of February 12, 2008 through and including November 30, 2010 in the amount of $383,060.50 together with reimbursement for actual and necessary expenses incurred in the amount of $371.62.

17. During the Final Fee Period, PricewaterhouseCoopers performed necessary services and incurred out-of-pocket disbursements for the Debtor and its estate. As set forth in prior monthly fee applications and this Application, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs (i) incurred while representing the Debtor and (ii) of preserving the value of the Debtor's estate.

## CERTIFICATE OF COMPLIANCE AND WAIVER

18. To The best of their knowledge, PricewaterhouseCoopers believes that the instant Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

## **CONCLUSION**

WHEREFORE PricewaterhouseCoopers respectfully requests approval and payment of (a) final compensation for professional services rendered as tax advisors for the Debtors in the sum of $383,060.50 incurred during the Final Fee Period; (b) reimbursement of actual and necessary expenses incurred in the sum of $371.62; and (c) such other and further relief as is just and proper.

WHEREFORE PricewaterhouseCoopers requests that it be allowed reimbursement for its fees and expenses incurred during the Final Fee Period and that such fees and expenses be paid as administrative expenses of the Debtors' estates.

Dated: January 27, 2011
New York, New York

_____
Thomas Geppel, Partner
PricewaterhouseCoopers LLP
300 Madison Avenue
New York, New York 10017
Telephone: (646) 471-3000
*Tax Advisors to the Debtors*

## VERIFICATION OF FEE APPLICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Thomas Geppel hereby respectfully certifies and verifies as follows:

1. I am a Partner in the applicant firm, PricewaterhouseCoopers LLP.

2. I have personally supervised many of the tax services and other hourly services rendered by PricewaterhouseCoopers LLP, as tax advisors to the Debtors and am familiar with all other work performed on behalf of the Partners and professionals in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

THOMAS GEPPEL, Partner
PricewaterhouseCoopers LLP
300 Madison Avenue
New York, NY 10017

SWORN TO AND SUBSCRIBED before me this 27th day of January 2010.

Notary Public

JUANA CRUZ
Notary Public, State of New York
No. 01CR5080926
Qualified in Nassau County
Commission Expires June 23, 2011

My Commission Expires: _____

DB2/22126927.1