IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| ------------------------------------------------------------------- x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| ------------------------------------------------------------------- x | | |

**FORTIETH MONTHLY AND FINAL APPLICATION OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE INTERIM PERIOD NOVEMBER 1, 2010 THROUGH NOVEMBER 30, 2010
AND FOR THE FINAL PERIOD AUGUST 6, 2007 THROUGH NOVEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Effective as of August 6, 2007 |
| Period for which Interim Compensation and reimbursement is sought: | November 1, 2010 through November 30, 2010 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $518,185.50 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $79,932.74 |

| | |
|---|---|
| Period for which Final Compensation and reimbursement is sought: | August 6, 2007 through November 30, 2010 |
| Amount of Final Compensation sought as actual, reasonable and necessary: | $19,879,693.50[3] |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary: | $1,966,309.74 |

This is an:   _X_ interim   _X_ final application

This application includes 3.80 hours and $2,040.00 in fees incurred in connection with the preparation of Fee Applications.

---

[3] Young Conaway has agreed to reduce the final fee amount by $75,000.00 to resolve an informal objection from the Fee Auditor. That reductions will be reflected in the final fee order submitted to the Court.

Prior applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees ($) | Expenses($) | Fees | Expenses |
| 11/2/07; 1776 | 8/6/07-8/31/07 | 1,464,663.50 | 77,888.86 | 1,464,663.50 | 77,888.86 |
| 11/16/07; 2068 | 9/1/07-9/30/07 | 1,869,288.50 | 91,455.66 | 1,869,288.50 | 91,455.66 |
| 12/12/07; 2375 | 10/1/07-10/31/07 | 2,003,648.00 | 170,103.16 | 2,003,648.00 | 170,103.16 |
| 2/1/08 2870 | 11/1/07-11/30/07 | 984,999.50 | 162,512.71 | 984,999.50 | 158,152.86[4] |
| 3/4/08 3149 | 12/1/07-12/31/07 | 697,878.50 | 73,194.22 | 697,878.50 | 73,194.22 |
| 3/13/08 3273 | 1/1/08-1/31/08 | 1,061,822.00 | 71,502.73 | 1,061,822.00 | 71,502.73 |
| 4/4/08 3532 | 2/1/08-2/29/08 | 790,957.50 | 129,737.02 | 790,957.50 | 129,737.02 |
| 4/25/08 3863 | 3/1/08-3/31/08 | 884,012.50 | 59,626.95 | 884,012.50 | 59,626.95 |
| 5/30/08 4320 | 4/1/08-4/30/08 | 993,848.50 | 177,484.96 | 993,848.50 | 177,484.96 |
| 6/20/08 4755 | 5/1/08-5/31/08 | 632,685.00 | 73,756.58 | 632,685.00 | 73,756.58 |
| 7/24/08 5199 | 6/1/08-6/30/08 | 529,795.00 | 55,598.68 | 529,795.00 | 55,598.68 |
| 9/3/08 5577 | 7/1/08-7/31/08 | 403,527.00 | 43,251.12 | 403,527.00 | 43,251.12 |
| 10/2/08 6180 | 8/1/08-8/31/08 | 318,228.50 | 39,593.00 | 318,228.50 | 39,593.00 |
| 10/22/08 6443 | 9/1/08-9/30/08 | 458,977.00 | 31,806.03 | 458,977.00 | 31,806.03 |
| 12/1/08 6646 | 10/1/08-10/31/08 | 375,577.00 | 46,260.88 | 375,577.00 | 46,260.88 |
| 12/30/08 6792 | 11/1/08-11/30/08 | 257,801.50 | 62,217.95 | 257,801.50 | 62,217.95 |
| 2/4/09 6939 | 12/1/08-12/31/08 | 256,820.50 | 15,216.68 | 256,820.50 | 15,216.68 |
| 3/12/09 7091 | 1/1/09-1/31/09 | 369,523.50 | 44,979.68 | 369,523.50 | 44,979.68 |
| 3/27/09 7168 | 2/1/09-2/28/09 | 495,279.50 | 46,083.33 | 495,279.50 | 46,083.33 |
| 5/11/09 7374 | 3/1/09-3/31/09 | 298,532.00 | 48,159.60 | 298,532.00 | 48,159.60 |
| 6/11/09 7520 | 4/1/09-4/31/09 | 380,321.00 | 37,238.86 | 380,321.00 | 37,238.86 |

---

[4] YCS&T agreed to a $3,999.85 reduction resolving an informal objection by the U.S. Trustee.

| | | | | | |
|---|---|---|---|---|---|
| 8/6/09 7906 | 5/1/09-5/31/09 | 368,223.50 | 30,169.49 | 368,223.50 | 30,169.49 |
| 8/31/09 7989 | 6/1/09-6/30/09 | 203,072.00 | 30,169.01 | 203,072.00 | 30,169.01 |
| 9/9/09 8035 | 7/1/09-7/31/09 | 111,479.50 | 6,867.04 | 111,479.50 | 6,867.04 |
| 12/2/09 8348 | 8/1/09-8/31/09 | 121,909.50 | 37,026.18 | 121,909.50 | 37,026.18 |
| 12/3/09 8352 | 9/1/09-9/30/09 | 158,788.00 | 17,572.58 | 158,788.00 | 17,572.58 |
| 12/17/09 8425 | 10/1/09-10/31/09 | 184,808.00 | 23,123.39 | 184,808.00 | 23,123.39 |
| 2/2/10 8528 | 11/1/09-11/30/09 | 172,094.50 | 8,939.23 | 172,094.50 | 8,939.23 |
| 2/2/10 8533 | 12/1/09-12/31/09 | 141,479.50 | 15,295.17 | 141,479.50 | 15,295.17 |
| 3/16/10 8685 | 1/1/10-1/31/10 | 149,675.00 | 10,997.91 | 149,675.00 | 10,997.91 |
| 4/20/10 8790 | 2/1/10-2/28/10 | 197,851.50 | 12,523.31 | 197,851.50 | 12,523.31 |
| 6/8/10 8895 | 3/1/10-3/31/10 | 176,354.00 | 23,699.31 | 176,354.00 | 23,699.31 |
| 7/13/10 9000 | 4/1/10-4/30/10 | 99,908.00 | 6,644.24 | 99,908.00 | 6,644.24 |
| 8/2/10 9069 | 5/1/10-5/31/10 | 166,215.50 | 7,140.44 | 166,215.50 | 7,140.44 |
| 9/2/10 9194 | 6/1/10-6/30/10 | 212,314.00 | 9,246.07 | 212,314.00 | 9,246.07 |
| 10/18/10 9340 | 7/1/10-7/31/10 | 178,394.00 | 7,899.05 | 178,394.00 | 7,899.05 |
| 11/24/10 9502 | 8/1/10-8/31/10 | 366,599.50 | 24,695.89 | 366,599.50 | 24,695.89 |
| 12/14/10 9564 | 9/1/10-9/30/10 | 403,153.50 | 25,103.76 | 403,153.50 | 25,103.76 |
| 1/3/11 9615 | 10/1/10-10/31/10 | 421,002.50 | 35,956.12 | Pending | Pending |
| This Application | 11/1/10-11/30/10 | 518,185.50 | 79,932.74 | Pending | Pending |
| Totals | | 19,879,693.50 | 1,970,669.59 | 18,940,505.50 | 1,966,309.74 |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate ($) (including changes) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| Craig D. Grear | Partner since 2000.  Joined firm as an associate in 1996. Member of DE Bar since 1990. | 660.00 | 13.30 | 8,778.00 |
| Pauline K. Morgan | Partner since 2000.  Joined firm as an associate in 1997. Member of PA and NJ Bars since 1987. Member of DE Bar since 1997.  Member of NY Bar since 2007. | 650.00 | 2.90 | 1,885.00 |
| John T. Dorsey | Partner since 2004.  Joined firm as special counsel in 2003.  Member of DE Bar since 1991. | 630.00 | 23.80 | 14,994.00 |
| Sean M. Beach | Partner since 2009.  Joined firm as an associate in 2000. Member of DE Bar since 2001.  Member of NY Bar since 2007. | 490.00 | 187.50 | 91,875.00 |
| Sharon M. Zieg | Partner since 2009.  Joined the firm as an associate in 2000. Member of DE Bar since 2002. | 490.00 | 200.50 | 98,245.00 |
| Curtis J. Crowther | Senior Counsel 2006. Joined the firm as an associate in 2001. Member of DE and PA Bars since 1994. | 475.00 | 56.90 | 27,027.50 |
| Matthew B. Lunn | Partner since 2010.  Joined the firm as an associate in 2001.  Member of DE Bar since 2001. | 425.00 | 1.30 | 552.50 |
| Timothy J. Snyder | Partner since 1991. Joined firm as an associate in 1985. Member of DE Bar since 1985 and PA Bar since 1981. | 425.00 | 5.30 | 2,252.50 |
| Erin D. Edwards | Joined the firm as an associate in 2003. Member of the DE Bar since 2002. | 355.00 | 161.70 | 57,403.50 |

| | | | | |
|---|---|---|---|---|
| Michele Sheretta Budica | Joined firm as an associate in 2004. Member of the DE Bar since 2005. | 350.00 | 12.00 | 4,200.00 |
| Margaret W. Greecher | Joined the firm as an associate in 2004. Member of the DE Bar since 2005. | 335.00 | 203.30 | 68,105.50 |
| Patrick Jackson | Joined firm as an associate in 2006. Member of the DE Bar since 2007. | 320.00 | 3.20 | 1,024.00 |
| Evangelos Kostoulas | Joined firm as an associate in 2007. Member of the DE Bar since 2008. | 310.00 | 19.00 | 5,890.00 |
| Andrew A. Lundgren | Joined firm as an associate in 2005. Member of the DE Bar since 2003. | 305.00 | 126.50 | 38,582.50 |
| Michael S. Neiburg | Joined firm as an associate in 2008. Member of DE Bar since 2009 | 285.00 | 40.40 | 11,514.00 |
| Ryan Bartley | Joined firm as an associate in 2007. Member of the DE Bar since 2008. | 285.00 | 0.30 | 85.50 |
| Justin H. Rucki | Joined firm as an associate in 2009. Member of DE Bar since 2008. | 275.00 | 1.40 | 385.00 |
| Justin Duda | Joined firm as an associate in 2010. | 275.00 | 11.60 | 3,190.00 |
| Ian J. Bambrick | Joined firm as an associate in 2010. | 265.00 | 26.20 | 6,943.00 |
| Morgan Seward | Joined firm as an associate in 2009. Member of the DE Bar since 2009. | 265.00 | 151.70 | 40,200.50 |
| Brenda Walters | Paralegal | 235.00 | 7.50 | 1,762.50 |
| Debbie Laskin | Paralegal | 220.00 | 98.50 | 21,670.00 |
| Monica Velastegui | Litigation Paralegal | 175.00 | 1.00 | 175.00 |
| Casey Cathcart | Paralegal | 165.00 | 5.20 | 858.00 |
| John Meyer | Litigation Paralegal | 165.00 | 3.50 | 577.50 |
| June Sutton | Paralegal | 165.00 | 5.50 | 907.50 |
| Melissa Bertsch | Paralegal | 165.00 | 1.20 | 198.00 |
| Lisa Eden | Paralegal | 145.00 | 56.80 | 8,236.00 |
| Lisa Lesky | Paralegal | 140.00 | 0.70 | 98.00 |
| Beth Gaffney | Paralegal | 125.00 | 1.90 | 237.50 |
| Elizabeth Henry | Clerk | 80.00 | 1.50 | 120.00 |

| | | | | |
|---|---|---|---|---|
| Kasey Riddle | Clerk | 80.00 | 1.90 | 152.00 |
| Pat Petlock | Clerk | 55.00 | 1.10 | 60.50 |
| **Grand Total:** | | | **1,435.10** | **518,185.50** |
| **Blended Rate:** | | **361.07** | | |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration  (1001) | 6.70 | 978.50 |
| Court Hearings (1002) | 162.90 | 55,709.00 |
| Lease/Executory Contract Issues (1005) | 18.00 | 5,872.50 |
| Use, Sale or Lease of Property (363 Issues) (1006) | 8.90 | 3,735.00 |
| Claims Analysis, Objections and Resolutions (1007) | 1,009.90 | 360,706.50 |
| Meetings (1008) | 0.60 | 294.00 |
| Stay Relief (1009) | 2.60 | 902.50 |
| Other Adversary Proceedings (1011) | 128.40 | 47,734.00 |
| Plan and Disclosure Statement (1012) | 49.60 | 21,789.50 |
| Creditor Inquiries (1013) | 0.50 | 218.00 |
| General Corporate Matters (1014) | 8.80 | 4,202.50 |
| Employee Matters (1015) | 19.00 | 9,231.50 |
| Retention of Professionals/Fee Issues (1017) | 15.40 | 4,772.00 |
| Fee Application Preparation (1018) | 3.80 | 2,040.00 |
| **Totals** | **1,435.10** | **518,185.50** |

## INTERIM EXPENSE SUMMARY

| Expenses Category (Examples) | Total Expenses ($) |
|---|---:|
| Reproduction Charges | 22,854.10 |
| Long Distance Telephone | 479.60 |
| Federal Express | 71.69 |
| Expert Fee | 38,000.00 |
| Air/Rail Travel | 3,215.80 |
| Deposition/Transcript | 6,568.01 |
| Miscellaneous | 95.41 |
| Delivery/Courier | 1,272.40 |
| Hotel/Lodging | 744.24 |
| Search | 79.55 |
| Parking | 88.00 |
| Car/Bus/Subway Travel | 387.38 |
| Working Meals | 537.25 |
| Internet Access | 13.15 |
| Travel Meals | 155.41 |
| Outside Litigation Support | 550.00 |
| AP Outside Duplication Services | 1,701.35 |
| Teleconference/Video Conference | 205.71 |
| AP Fax | 509.50 |
| Postage | 1,460.90 |
| Computerized Legal Research | 943.29 |
| **Totals** | **79,932.74** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                                             :    Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                   :
                                                                   :    Jointly Administered
              Debtors.                                             :
------------------------------------------------------------------ x
```

**FORTIETH MONTHLY AND FINAL APPLICATION OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE INTERIM PERIOD OCTOBER 1, 2010 THROUGH OCTOBER 31, 2010 AND
FOR THE FINAL PERIOD AUGUST 6, 2007 THROUGH NOVEMBER 30, 2010**

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of

Bankruptcy Procedure, the law firm of Young Conaway Stargatt & Taylor, LLP (hereinafter

"YCS&T") hereby moves this Court for reasonable compensation for professional legal services

rendered as counsel to American Home Mortgage Holdings, Inc., et al., the debtors and in the

above-captioned cases (the "Debtors"), in the amount of $518,185.50 together with reimbursement

for actual and necessary expenses incurred in the amount of $79,932.74 for the interim period

November 1, 2010 through November 30, 2010 (the "Interim Fee Period") and, in the amount of

$19,879,693.50[5] together with reimbursement for actual and necessary expenses incurred in the

amount of $1,966,309.74 for the final period August 6, 2007 through November 30, 2010 .  In

support of its Application, YCS&T respectfully represents as follows:

1.      YCS&T was employed under a general retainer to represent the Debtors as

bankruptcy counsel in connection with this chapter 11 case effective as of August 6, 2007, pursuant

to an Order entered by this Court on September 4, 2007.  The Order authorized YCS&T to be

---

[5]  Young Conaway has agreed to reduce the final fee amount by $75,000.00 to resolve an informal objection from the
Fee Auditor.  That reduction will be reflected in the final fee order submitted to the Court.

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

2.     All services for which compensation is requested by YCS&T were performed for or on behalf of the Debtors.

## COMPENSATION PREVIOUSLY PAID

3.     YCS&T represented the Debtors in preparing for the filing of these chapter 11 cases and was paid pre-petition for those services.

## SUMMARY OF SERVICES RENDERED

4.     Attached hereto as Exhibit A is a detailed statement of fees incurred during the Interim Fee Period showing the amount of $518,185.50 due for fees.  Exhibit B is a detailed statement of expenses paid during the Interim Fee Period showing the amount of $79,932.74 for reimbursement of expenses.

5.     The services rendered by YCS&T during the Interim Fee Period are grouped into the categories set forth in Exhibit A.  The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

6.     YCS&T has incurred out-of-pocket disbursements during the Interim Fee Period in the amount of $79,932.74.  This disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead

expenses such as secretarial and other overtime. A complete review by category of the expenses incurred for the Interim Fee Period may be found in the attachments hereto as Exhibit B.

7.      Costs incurred for overtime and computer assisted research are not included in YCS&T's normal hourly billing rates and, therefore, are itemized and included in YCS&T's disbursements. Pursuant to Local Rule 2016-2, YCS&T represents that its rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

8.      Attorneys and paraprofessionals of YCS&T have expended a total of 1,435.10 hours in connection with this matter during the Interim Fee Period.

9.      The amount of time spent by each of these persons providing services to the Debtors for the Fee Period is fully set forth in the detail attached hereto as Exhibit A. These are YCS&T's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by YCS&T for the Interim Fee Period as counsel for the Debtors in these cases is $421,002.50.

10.     YCS&T believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B hereto are in compliance with the requirements of Local Rule 2016-2.

11.     In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

12.     This Application covers the Interim Fee Period November 1, 2010 through

November 30, 2010.

REQUEST FOR FINAL APPROVAL

13.     By this Application, YCS&T also seeks final approval of all fees and expenses incurred in this case from August 6, 2007 through Novembe4 30, 2010.

14.     YCS&T has previously filed Interim Quarterly Fee Requests (the "Interim Fee Requests") of the Debtors' Professionals for the Period August 6, 2007 through September 30, 2010 on behalf of YCS&T.

15.     By this Application, YCS&T is requesting final approval of its fees and expenses allowed by the Interim Fee Requests in the amounts previously approved.  Accordingly, YCS&T is seeking final approval of fees in the amount of 19,879,693.50 and expenses in the amount of $1,966,309.74.

16.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Debtors' chapter 11 cases (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

17.     By this application, YCS&T is requesting final approval of the Interim Quarterly Fee Requests in the amounts previously approved and final approval of the Fortieth Monthly and Final Application in the amounts set forth herein.  Accordingly, YCS&T  is seeking final approval of fees in the amount of $19,879,693.50  and expenses in the amount of $1,966,309.74.

WHEREFORE, YCS&T requests that allowance be made to it in the sum of $518,185.50 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of $79,932.74 for reimbursement of actual necessary costs and expenses incurred during that period, and in the sum of $19,879,693.50  as compensation for necessary professional services rendered to the Debtors for the Final Fee Period and the sum of $1,966,309.74 for reimbursement of actual necessary costs and expenses incurred during that period, and further requests such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
       January 28, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Pauline K. Morgan
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Co-Counsel for Plan Trustee

## VERIFICATION

STATE OF DELAWARE   )
                            )   SS:
NEW CASTLE COUNTY   )

Pauline K. Morgan, Esquire, after being duly sworn according to law, deposes and says:

1.     I am a Partner in the applicant firm, Young Conaway Stargatt & Taylor, LLP, and have been admitted to the bar of the Supreme Court of Delaware since 1997.

2.     I have personally performed many of the legal services rendered by Young Conaway Stargatt & Taylor, LLP, as counsel to the Debtors and am familiar with all other work performed on behalf of the lawyers and paraprofessionals in the firm.

3.     The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
PAULINE K. MORGAN

SWORN TO AND SUBSCRIBED before me this 24th day of January 2011.

_____
Notary Public
My Commission Expires:_____

MARLENE J. MAISTA
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Aug. 21, 2013

                                         066585.1001