# EXHIBIT 1

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x  Chapter 11
In re:                                                        :
                                                              :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,[1]            :  Jointly Administered
                                                              :  REF. DOCKET NO. 9591
       Debtors.                                               :
                                                              :
------------------------------------------------------------- x

## ORDER AUTHORIZING THE PLAN TRUSTEE TO RETURN OR DESTROY HARD COPY LOAN FILES

Upon consideration of *Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Plan Trustee to Return or Destroy Any and All Hard Copy Loan Files* (the "Motion");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good and sufficient cause to grant the Motion, and good and adequate notice of the Motion having been given, it is hereby

ORDERED that the Motion is granted in part; and it is further

ORDERED that the objection of Florence Dandridge is granted in part and overruled in part; and it is further

ORDERED that any other objections to the Motion not otherwise withdrawn or resolved are OVERRULED; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Plan Trustee is authorized to return or destroy any and all Hard Copy Loan Files in accordance the Return Protocol set forth in the Disposition Orders, subject to the following paragraphs; and it is further

ORDERED that, to the extent such files are in his possession, the Plan Trustee shall maintain mortgage loan files for mortgage loans originated in 2003, 2004 and 2005, until further order of the Court. The Plan Trustee may maintain such mortgage loan files in either hard copy or electronic form, as the Plan Trustee determines in his sole discretion. If the Plan Trustee images such mortgage loan files, the imaged files shall be segregated by loan number, catalogued to the same extent that loan files currently imaged are catalogued, and made accessible to the Borrower Information Ombudsperson to be used in connection with his obligations as set forth in the Debtors' Plan and to any borrower requesting his or her loan file to the same extent as currently imaged mortgage loan files (i.e., less any portion of the file that is subject to confidentiality agreements with third parties); and it is further

ORDERED that collateral documents (i.e., original note, mortgage copy (recorded mortgage if received from the applicable recording agency), title insurance (binder or commitment); related addenda to mortgage or note; and paper assignments) (the "Collateral Documents") shall continue to be maintained by the respective custodian; and it is further

ORDERED that, in the event that the Plan Trustee discovers any original Collateral Documents in the Hard Copy Loan Files during their review of such files pursuant to this Order or other order of the Court, the Plan Trustee shall forward such Collateral Documents to the respective custodian; and it is further

ORDERED that nothing herein shall be deemed to be an authorization to destroy or otherwise dispose of documents relating to pending or threatened litigation against the Debtors or unresolved claims filed against the Debtors' estates; and it is further

ORDERED that, in resolution of the objection filed by the JPM Litigation Defendants [D.I. 9650], on or before February 2, 2011, the JPM Litigation Defendants shall file with the Court and serve on counsel to the Plan Trustee a Loan File Return Declaration, providing at a minimum (i) a list of each Hard Copy Loan File requested, identified by AHM loan number; (ii) the name and contact information for the JPM Litigation Defendants and a contact person or persons as applicable; (iii) a sworn declaration that the JPM Litigation Defendants have a legal right to receive each loan or will maintain each file requested as custodian and will maintain such files in compliance with applicable consumer privacy laws and that the declarant has the requisite authority to make such a declaration; (iv) the JPM Litigation Defendants' preferred method to receive the Hard Copy Loan Files, including (a) retrieval/pick-up, or (b) delivery (with location); (v) an attestation that the JPM Litigation Defendants shall pay all the reasonable costs and expenses associated with the preferred delivery method; and (iv) an acknowledgment that such costs are subject to increase upon further order of the Court. Upon the filing of the Loan File Return Declaration on or before February 2, 2011, the Plan Trustee shall include the Loan File Return Declaration as part of the Return Protocol on a going forward basis. Failure of the JPM Litigation Defendants to file a Loan File Return Declaration by February 2, 2011 (unless otherwise extended by the Plan Trustee) will result in a full waiver of any request, and the Plan Trustee shall be authorized to return or destroy any and all Hard Copy Loan Files in accordance the Return Protocol set forth in the Disposition Orders; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this order.

Dated: _____, 2011
      Wilmington, Delaware

                                                                  The Honorable Christopher S. Sontchi
                                                                  United States Bankruptcy Judge