**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| American Home Mortgage Holdings, Inc., _et al_. [1] | : | Case No. 07-11047 (CSS) |
|  | : | (Jointly Administered) |
|  | : |  |
| Debtors | : |  |
|  | : |  |

------------------------------------------------------------

**FINAL APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD FROM AUGUST 14, 2007 THROUGH NOVEMBER 30, 2010**

| | |
|---|---|
| _Name of Applicant_: | **HAHN & HESSEN LLP** |
| _Authorized to Provide Services to_: | The Official Committee of Unsecured Creditors |
| _Date of Retention_: | November 28, 2007 (effective August 14, 2007) |
| _Period For Which Compensation And Reimbursement Is Sought_: | August 14, 2007 through November 30, 2010 |
| _Amount of Compensation Requested_: | $ 7,924,602.00 |
| _Amount of Expense Reimbursement Requested_: | $   216,192.29 |

This is a ☐ monthly ☐ interim ☒ final application.

---

[1]    The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

## PRIOR MONTHLY FEE APPLICATIONS

| APPLICATION / DATE FILED PERIOD COVERED DOCKET NO. | CNO DATE/ DOCKET NO. | FEES REQUESTED | EXPENSES REQUESTED | STATUS |
|---|---|---|---|---|
| FIRST - 11/30/2007 8/14/2007-8/31/2007 DOC. NO. 2319/2243 | 12/26/2007 DOC. NO. 2499 | $213,416.00 | $3,416.60 | Approved on Interim Basis |
| SECOND - 12/5/2007 9/1/2007-9/30/2007 DOC. NO. 2303 | 12/28/2007 DOC. NO. 2537 | $347,084.50 | $10,120.65 | Approved on Interim Basis |
| THIRD - 12/11/2007 10/1/2007-10/31/2007 DOC. NO. 2379 | 11/8/2008 DOC. NO. 2631 | $510,177.00 | $18,483.01 | Approved on Interim Basis |
| FOURTH - 3/20/2008 11/1/2007-11/30/2007 DOC. NO. 3379 | 4/11/2008 DOC. NO. 3685 | $234,223.00 | $9,396.14 | Approved on Interim Basis |
| FIFTH - 3/20/2008 12/1/2007-12/31/2007 DOC. NO. 3377 | 4/11/2008 DOC. NO. 3686 | $160,662.50 | $4,795.49 | Approved on Interim Basis |
| SIXTH - 3/20/2008 1/1/2008-1/31/2008 DOC. NO. 3382 | 4/11/2008 DOC. NO. 3688 | $226,308.50 | $5,000.27 | Approved on Interim Basis |
| SEVENTH - 6/17/2008 2/1/2008-2/29/2008 DOC. NO. 4712 | 7/11/2008 DOC. NO. 5046 | $186,108.50 | $5,693.64 | Approved on Interim Basis |
| EIGHTH - 6/17/2008 3/1/2008-3/31/2008 4713 DOC. NO. | 7/11/2008 DOC. NO. 5047 | $208,726.00 | $6,406.70 | Approved on Interim Basis |
| NINTH - 6/17/2008 4/1/2008-4/30/2008 DOC. NO. 4714 | 7/11/2008 DOC. NO. 5048 | $315,741.00 | $15,570.65 | Approved on Interim Basis |

| | | | | |
|---|---|---|---|---|
| TENTH – 12/3/2008 5/1/2008-5/31/2008 DOC. NO. 6660 | 12/29/2008 DOC. NO. 6780 | $181,783.50 | $4,606.22 | Approved on Interim Basis |
| ELEVENTH – 12/5/2008 6/1/2008-6/30/2008 DOC. NO. 6673 | 12/29/2008 DOC. NO. 6781 | $196,630.50 | $6,470.09 | Approved on Interim Basis |
| TWELFTH – 12/5/2008 7/1/2008-7/31/2008 DOC. NO. 6674 | 12/29/2008 DOC. NO. 6782 | $206,217.50 | $3,157.08 | Approved on Interim Basis |
| THIRTEENTH – 12/5/2008 8/1/2008-8/31/2008 DOC. NO. 6679 | 12/29/2008 DOC. NO. 6783 | $194,188.00 | $7,255.74 | Approved on Interim Basis |
| FOURTEENTH – 8/7/2009 9/1/2008-9/30/2008 DOC. NO. 7913 | 9/11/2009 DOC. NO. 8050 | $249,088.50 | $9,037.16 | Approved on Interim Basis |
| FIFTEENTH – 8/7/2009 10/1/2008-10/31/2008 DOC. NO. 7916 | 9/11/2009 DOC. NO. 8051 | $223,386.50 | $22,482.48 | Approved on Interim Basis |
| SIXTEENTH - 8/7/2009 11/1/2008-11/30/2008 DOC. NO. 7917 | 9/11/2009 DOC. NO. 8052 | $216,169.00 | $4,286.36 | Approved on Interim Basis |
| SEVENTEENTH - 8/19/2009 12/1/2008-12/31/2008 DOC. NO. 7964 | 9/11/2009 DOC. NO. 8053 | $192,413.50 | $2,776.74 | Approved on Interim Basis |
| EIGHTEENTH - 8/19/2009 1/1/2009-1/31/2009 DOC. NO. 7965 | 9/11/2009 DOC. NO. 8054 | $261,947.50 | $7,523.50 | Approved on Interim Basis |
| NINETEENTH - 8/19/2009 2/1/2009-2/28/2009 DOC. NO. 7966 | 9/11/2009 DOC. NO. 8055 | $265,100.00 | $11,448.78 | Approved on Interim Basis |
| TWENTIETH - 8/19/2009 3/1/2009-3/31/2009 DOC. NO. 7967 | 9/11/2009 DOC. NO. 8056 | $128,991.00 | $2,824.78 | Approved on Interim Basis |

| | | | | |
|---|---|---|---|---|
| TWENTY-FIRST – 8/19/2009<br>4/1/2009-4/31/2009<br>DOC. NO. 7668 | 9/11/2009<br>DOC. NO. 8057 | $121,285.50 | $4,664.28 | Approved on<br>Interim Basis |
| TWENTY-SECOND -12/4/2009<br>5/1/2009-5/31/2009<br>DOC. NO. 8359 | 12/28/2009<br>DOC. NO. 8440 | $179,391.00 | $2,998.22 | Approved on<br>Interim Basis |
| TWENTY-THIRD-12/4/2009<br>6/1/2009-6/30/2009<br>DOC. NO. 8360 | 12/28/2009<br>DOC. NO. 8441 | $126,055.00 | $1,863.05 | Approved on<br>Interim Basis |
| TWENTY-FOURTH-12/4/2009<br>7/1/2009-7/31/2009<br>DOC. NO. 8361 | 12/28/2009<br>DOC. NO. 8442 | $199,320.00 | $3,557.19 | Approved on<br>Interim Basis |
| TWENTY-FIFTH- 12/4/2009<br>8/1/2010-8/31/210<br>DOC. NO. 8364 | 12/28/2009<br>DOC. NO. 8443 | $113,886.00 | $3,398.51 | Approved on<br>Interim Basis |
| TWENTY-SIXTH- 12/4/2009<br>9/1/2009-9/30/2009<br>DOC. NO. 8365 | 12/28/2009<br>DOC. NO. 8444 | $138,373.00 | $2,293.70 | Approved on<br>Interim Basis |
| TWENTY-SEVENTH- 3/26/2010<br>10/1/2009-10/31/2009<br>DOC. NO. 8721 | 4/23/2010<br>DOC. NO. 8795 | $139,662.00 | $1,837.87 | Approved on<br>Interim Basis |
| TWENTY-EIGHTH- 4/30/2010<br>11/1/2009-11/30/2009<br>DOC. NO. 8816 | 6/2/2010<br>DOC. NO. 8880 | $165,166.50 | $1,781.83 | Approved on<br>Interim Basis |
| TWENTY-NINTH- 4/30/2010<br>12/1/2009-12/31/2009<br>DOC. NO. 8817 | 6/2/2010<br>DOC. NO. 8881 | $128,532.00 | $2,376.11 | Approved on<br>Interim Basis |
| THIRTIETH-6/29/2010 1/1/2010-<br>1/31/2010<br>DOC. NO. 8966 | 8/11/2010<br>DOC. NO. 9116 | $137,410.50 | $2,722.14 | Approved on<br>Interim Basis |
| THIRTY -FIRST-8/5/2010<br>2/1/2010-2/28/2010<br>DOC. NO. 9086 | 9/3/2010<br>DOC. NO. 9202 | $157,841.50 | $1,090.89 | Approved on<br>Interim Basis |

| | | | | |
|---|---|---|---|---|
| THIRTY-SECOND-10/7/2010<br>3/1/2010-3/31/2010<br>DOC. NO. 9303 | 11/4/2010<br>DOC. NO. 9407 | $178,273.50 | $2,222.00 | Approved on Interim Basis |
| THIRTY-THIRD-10/7/2010<br>4/1/2010-4/30/2010<br>DOC. NO. 9304 | 11/4/2010<br>DOC. NO. 9408 | $199,071.50 | $1,344.83 | Approved on Interim Basis |
| THIRTY-FOURTH-10/7/2010<br>5/1/2010-5/31/2010<br>DOC. NO. 9305 | 11/4/2010<br>DOC. NO. 9409 | $237,169.00 | $2,321.47 | Approved at 80% of Fees and 100% of expenses |
| THIRTY-FIFTH-10/7/2010<br>6/1/2010-6/30/2010<br>DOC. NO. 9306 | 11/4/2010<br>DOC. NO. 9410 | $186,354.00 | $2,654.90 | Approved at 80% of Fees and 100% of expenses |
| THIRTY-SIXTH-12/17/2010<br>7/1/2010-7/31/2010<br>DOC. NO. 9576 | 1/12/2011<br>DOC. NO. 9663 | $134,881.50 | $2,712.76 | Approved at 80% of Fees and 100% of expenses |
| THIRTY-SEVENTH-12/17/2010<br>8/1/2010-8/31/2010<br>DOC. NO. 9577 | 1/12/2011<br>DOC. NO. 9664 | $163,968.50 | $2,097.36 | Approved at 80% of Fees and 100% of expenses |
| THIRTY-EIGHTH-12/17/2010<br>9/1/2010-9/30/2010<br>DOC. NO. 9578 | 1/12/2011<br>DOC. NO. 9665 | $141,031.00 | $6,301.00 | Approved at 80% of Fees and 100% of expenses |
| THIRTY-NINTH-12/17/2010<br>10/1/2010-10/31/2010<br>DOC. NO. 9579 | 1/12/2011<br>DOC. NO. 9666 | $154,243.00 | $3,769.12 | Approved at 80% of Fees and 100% of expenses |
| FORTIETH-1/24/2011<br>11/1/2010-11/30/2010<br>DOC. NO. 9691 | Objection Deadline is 2/14/2011. | $204,324.50 | $3,432.98 | Pending |

## INTERIM APPLICATIONS FILED FOR HOLDBACKS

| No./Date Filed/ Doc. No. | Period Covered | Fees Awarded | Disbursement Awarded | Status |
|---|---|---|---|---|
| First - 12/17/07 Doc. No. 2415 | 8/14/07-10/31/07 | $1,070,677.50 | $32,020.26 | Approved |
| Second - 3/20/2008 Doc. No. 3383 | 11/1/07-1/31/08 | $621,194.00 | $19,191.90 | Approved |
| Third - 6/17/2008 Doc. No. 4717 | 2/1/08-4/30/08 | $708,343.50 | $27,670.99 | Approved |
| Fourth - 12/15/2008 Doc. No. 6739 | 5/1/08-7/31/08 | $584,631.50 | $14,233.39 | Approved |
| Fifth – 11/13/2009 Doc. No. 8292 | 8/1/08-10/31/08 | $666,663.00 | $38,775.38 | Approved |
| Sixth – 11/13/2009 Doc. No. 8293 | 11/1/08-1/31/09 | $670,530.00 | $14,586.60 | Approved |
| Seventh – 11/13/2009 Doc. No. 8294 | 2/1/09-4/31/09 | $515,376.50 | $18,937.84 | Approved |
| Eighth-6/18/2010 Doc. No. 8940 | 5/1/09-7/31/09 | $504,766.00 | $8,418.00 | Approved |
| Ninth- 6/18/2010 Doc. No. 8941 | 8/1/09-10/31/09 | $391,921.00 | $7,530.08 | Approved |
| Tenth-6/29/2010 Doc. No. 8967 | 11/1/09-1/31/10 | $431,109.00 | $6,880.08 | Approved |
| Eleventh-10/19/2010 Doc. No. 9355 | 2/1/10-4/30/10 | $535,186.50 | $4,657.72 | Approved |

| FEE (100%) AND DISBURSEMENT REQUESTED FOR THE CURRENT PERIOD 5/1/2010 - 11/30/2010 | |
|---|---|
| **FEES** | **DISBURSEMENTS** |
| $ 1,221,971.50 | $23,289.59 |

## ATTORNEY/PARAPROFESSIONAL SUMMARY
### (Current Period 5/1/2010-11/30/2010)

| NAME OF PROFESSIONAL PERSON | POSITION OF THE APPLICANT (YEAR LICENSED TO PRACTICE) | HOURLY BILLING RATE (INCLUDING CHANGES) | | TOTAL BILLED HOURS | TOTAL COMPENSATION | |
|---|---|---|---|---|---|---|
| Mark S. Indelicato | Partner (1986) | $ | 760.00 | 190.30 | $ | 144,628.00 |
| Mark T. Power | Partner (1989) | $ | 760.00 | 21.80 | $ | 16,568.00 |
| John P. McCahey | Partner (1980) | $ | 750.00 | 197.70 | $ | 148,275.00 |
| Don D. Grubman | Partner (1979) | $ | 710.00 | 2.70 | $ | 1,917.00 |
| Zachary Newman | Partner (1994) | $ | 660.00 | 1.70 | $ | 1,122.00 |
| Edward L. Schnitzer | Partner (1998) | $ | 595.00 | 473.70 | $ | 281,851.50 |
| Christopher Jarvinen | Partner (2000) | $ | 595.00 | 112.80 | $ | 67,116.00 |
| Robert Malatak | Partner (1994) | $ | 570.00 | 72.40 | $ | 41,268.00 |
| Katherine Craner | Associate (2002) | $ | 485.00 | 39.00 | $ | 18,915.00 |
| | | $ | 500.00 | 11.90 | $ | 5,950.00 |
| Christina J. Kang | Associate (2002) | $ | 500.00 | 221.30 | $ | 110,650.00 |
| | | $ | 525.00 | 97.10 | $ | 50,977.50 |
| Jeffrey Zawadski | Associate (2003) | $ | 425.00 | 193.20 | $ | 82,110.00 |
| | | $ | 460.00 | 75.30 | $ | 34,638.00 |
| Anting Wang | Associate (2006) | $ | 375.00 | 20.30 | $ | 7,612.50 |
| | | $ | 425.00 | 4.30 | $ | 1,827.50 |
| Alison Schrag | Associates (2006) | $ | 350.00 | 6.90 | $ | 2,415.00 |
| Zahir Virani | Associate (2008) | $ | 320.00 | 181.10 | $ | 57,952.00 |
| Joseph Orbach | Associate (2008) | $ | 320.00 | 48.40 | $ | 15,488.00 |
| | | $ | 350.00 | 18.80 | $ | 6,580.00 |
| Nicholas Rigano | Associate (2008) | $ | 300.00 | 136.00 | $ | 40,800.00 |
| | | $ | 320.00 | 17.90 | $ | 5,728.00 |
| Philip K. Lem | Associate (2010) | $ | 300.00 | 7.30 | $ | 2,190.00 |
| Christopher Hunker | Associate (2010) | $ | 270.00 | 15.10 | $ | 4,077.00 |

| Brian Hall | Summer Associate | $ | 240.00 | 0.20 | $ | 48.00 |
|---|---|---|---|---|---|---|
| David Shapiro | Summer Associate | $ | 240.00 | 18.80 | $ | 4,512.00 |
| Yoon-Jee Kim | Summer Associate | $ | 240.00 | 36.90 | $ | 8,856.00 |
| Jason Smith | Paralegal (N/A) | $ | 245.00 | 173.00 | $ | 42,385.00 |
| Dustin Millman | Paralegal (N/A) | $ | 215.00 | 26.10 | $ | 5,611.50 |
| Kyle Primm | Paralegal (N/A) | $ | 150.00 | 37.40 | $ | 7,106.00 |
| | | $ | 190.00 | 13.30 | $ | 2,527.00 |
| Nicholas Kacuba | Paralegal (N/A) | $ | 150.00 | 1.80 | $ | 270.00 |
| **Grand Totals:** | | | | **2,474.50** | **$** | **1,221,971.50** |
| **Blended Rate:** | | $493.83 | | | | |
| **Blended Rate excluding Paraprofessionals:** | | $530.99 | | | | |

**ATTORNEY/PARAPROFESSIONAL SUMMARY**
**(Final Fee Application Period 8/14/2007-11/30/2010)**

| Name of Professional Person | Position of the Applicant (Year Licensed to Practice) | Hourly Billing Rate (Including Changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey L. Schwartz | Partner (1977) | $ 650.00 | 25.90 | $ 16,835.00 |
| | | $ 745.00 | 41.00 | $ 30,545.00 |
| Mark S. Indelicato | Partner (1986) | $ 625.00 | 312.50 | $ 195,312.50 |
| | | $ 695.00 | 1,049.20 | $ 729,194.00 |
| | | $ 745.00 | 486.80 | $ 362,666.00 |
| | | $ 760.00 | 374.00 | $ 284,240.00 |
| Mark T. Power | Partner (1989) | $ 625.00 | 174.40 | $ 109,000.00 |
| | | $ 695.00 | 729.90 | $ 507,280.50 |
| | | $ 745.00 | 342.80 | $ 255,386.00 |
| | | $ 760.00 | 64.70 | $ 49,172.00 |
| John P. McCahey | Partner (1980) | $ 625.00 | 11.90 | $ 7,437.50 |
| | | $ 695.00 | 293.20 | $ 203,774.00 |
| | | $ 735.00 | 451.10 | $ 331,558.50 |
| | | $ 750.00 | 367.40 | $ 275,550.00 |
| Don D. Grubman | Partner (1979) | $ 575.00 | 98.60 | $ 56,695.00 |
| | | $ 625.00 | 330.00 | $ 206,250.00 |
| | | $ 695.00 | 105.40 | $ 73,253.00 |
| | | $ 710.00 | 21.60 | $ 15,336.00 |
| John A. Amato | Partner (1986) | $ 695.00 | 17.70 | $ 12,301.50 |
| Joshua I. Divack | Partner (1988) | $ 575.00 | 52.70 | $ 30,302.50 |
| | | $ 625.00 | 24.40 | $ 15,250.00 |
| Zachary Newman | Partner (1994) | $ 600.00 | 0.80 | $ 480.00 |
| | | $ 640.00 | 25.80 | $ 16,512.00 |
| | | $ 660.00 | 17.30 | $ 11,418.00 |
| Rhoda J. Kisch | Partner (1996) | $ 600.00 | 10.40 | $ 6,240.00 |
| | | $ 640.00 | 4.00 | $ 2,560.00 |
| Edward L. Schnitzer | Partner (1998) | $ 400.00 | 46.50 | $ 18,600.00 |
| | | $ 465.00 | 482.30 | $ 224,269.50 |
| | | $ 525.00 | 432.70 | $ 227,167.50 |
| | | $ 595.00 | 888.50 | $ 528,657.50 |
| Christopher Jarvinen | Partner (2000) | $ 525.00 | 90.30 | $ 47,407.50 |
| | | $ 595.00 | 183.80 | $ 109,361.00 |
| Robert Malatak | Partner (1994) | $ 450.00 | 1.60 | $ 720.00 |
| | | $ 525.00 | 96.20 | $ 50,505.00 |
| | | $ 560.00 | 73.20 | $ 40,992.00 |
| | | $ 570.00 | 140.70 | $ 80,199.00 |

| | | | | | |
|---|---|---|---|---|---|
| Maria A. Arnott | Partner (2000) | $ | 550.00 | 4.90 | $ | 2,695.00 |
| | | $ | 595.00 | 2.10 | $ | 1,249.50 |
| James P. Laughlin | Special Counsel (1989) | $ | 625.00 | 69.50 | $ | 43,437.50 |
| | | $ | 675.00 | 3.10 | $ | 2,092.50 |
| Howard Ruda | Of Counsel (1959) | $ | 475.00 | 5.30 | $ | 2,517.50 |
| Charles Loesner | Associate (1997) | $ | 465.00 | 12.00 | $ | 5,580.00 |
| Katharine G. Craner | Associate (2002) | $ | 325.00 | 0.70 | $ | 227.50 |
| | | $ | 460.00 | 52.80 | $ | 24,288.00 |
| | | $ | 485.00 | 166.50 | $ | 80,752.50 |
| | | $ | 500.00 | 11.90 | $ | 5,950.00 |
| Christina J. Kang | Associate (2002) | $ | 425.00 | 47.30 | $ | 20,102.50 |
| | | $ | 485.00 | 335.10 | $ | 162,523.50 |
| | | $ | 500.00 | 385.60 | $ | 192,800.00 |
| | | $ | 525.00 | 97.10 | $ | 50,977.50 |
| Julie M. Lazarus | Associate (2004) | $ | 325.00 | 4.00 | $ | 1,300.00 |
| Jeffrey Zawadzki | Associate (2004) | $ | 260.00 | 117.20 | $ | 30,472.00 |
| | | $ | 325.00 | 581.80 | $ | 189,085.00 |
| | | $ | 375.00 | 515.70 | $ | 193,387.50 |
| | | $ | 425.00 | 406.30 | $ | 172,677.50 |
| | | $ | 460.00 | 75.30 | $ | 34,638.00 |
| Sharon Tishco | Associate (2005) | $ | 375.00 | 8.80 | $ | 3,300.00 |
| Graig Solow | Associate (2005) | $ | 350.00 | 12.90 | $ | 4,515.00 |
| Joshua Zelkowitz | Associate (2005) | $ | 320.00 | 29.20 | $ | 9,344.00 |
| Marzenna Walden | Associate (2005) | $ | 465.00 | 28.70 | $ | 13,345.50 |
| Gregory P. Kochansky | Associate (2005) | $ | 325.00 | 30.30 | $ | 9,847.50 |
| Anting Wang | Associate (2006) | $ | 375.00 | 22.30 | $ | 8,362.50 |
| | | $ | 425.00 | 4.30 | $ | 1,827.50 |
| Emmet Keary | Associate (2006) | $ | 215.00 | 196.30 | $ | 42,204.50 |
| | | $ | 280.00 | 1,565.50 | $ | 438,340.00 |
| | | $ | 320.00 | 232.20 | $ | 74,304.00 |
| Huria Patwardhan | Associate (2006) | $ | 280.00 | 81.80 | $ | 22,904.00 |
| | | $ | 350.00 | 44.40 | $ | 15,540.00 |
| | | $ | 375.00 | 132.90 | $ | 49,837.50 |
| Alison Schrag | Associates (2006) | $ | 320.00 | 33.40 | $ | 10,688.00 |
| | | $ | 350.00 | 24.70 | $ | 8,645.00 |

| Name | Title | Rate | Hours | Amount |
|------|-------|------|-------|--------|
| Zahir Virani | Associate (2007) | $ 260.00 | 1.00 | $ 260.00 |
| | | $ 300.00 | 67.00 | $ 20,100.00 |
| | | $ 320.00 | 395.10 | $ 126,432.00 |
| Sarah Gilbert | Associate (2007) | $ 300.00 | 15.70 | $ 4,710.00 |
| Joseph Orbach | Associate (2008) | $ 300.00 | 121.00 | $ 36,300.00 |
| | | $ 320.00 | 103.70 | $ 33,184.00 |
| | | $ 350.00 | 18.80 | $ 6,580.00 |
| Nicholas Rigano | Associate (2008) | $ 270.00 | 36.50 | $ 9,855.00 |
| | | $ 300.00 | 232.90 | $ 69,870.00 |
| | | $ 320.00 | 17.90 | $ 5,728.00 |
| Annie Power | Associate (2008) | $ 260.00 | 98.00 | $ 25,480.00 |
| | | $ 270.00 | 399.20 | $ 107,784.00 |
| Christopher Manion | Associates (2008) | $ 270.00 | 0.10 | $ 27.00 |
| Lauren Schlussel | Associate (2010) | $ 270.00 | 52.40 | $ 14,148.00 |
| Philip K. Lem | Associate (2010) | $ 300.00 | 7.30 | $ 2,190.00 |
| Christopher Hunker | Associate (2010) | $ 270.00 | 15.10 | $ 4,077.00 |
| Christopher Hunker | Summer (N/A) | $ 240.00 | 10.10 | $ 2,424.00 |
| Harris Weiner | Summer (N/A) | $ 240.00 | 26.60 | $ 6,384.00 |
| Ariele Strauss | Summer (N/A) | $ 240.00 | 0.50 | $ 120.00 |
| Brian Hall | Summer Associate | $ 240.00 | 0.20 | $ 48.00 |
| David Shapiro | Summer Associate | $ 240.00 | 18.80 | $ 4,512.00 |
| Yoon-Jee Kim | Summer Associate | $ 240.00 | 36.90 | $ 8,856.00 |
| Michael Marhyan | Paralegal (N/A) | $ 190.00 | 32.90 | $ 6,251.00 |
| | | $ 220.00 | 2.00 | $ 440.00 |
| Mary Porch | Paralegal (N/A) | $ 175.00 | 4.00 | $ 700.00 |
| | | $ 210.00 | 8.90 | $ 1,869.00 |
| Joselyn Fine | Paralegal (N/A) | $ 180.00 | 0.30 | $ 54.00 |
| Jason Smith | Paralegal (N/A) | $ 190.00 | 6.10 | $ 1,159.00 |
| | | $ 210.00 | 31.30 | $ 7,199.00 |
| | | $ 230.00 | 546.00 | $ 125,580.00 |
| | | $ 245.00 | 681.70 | $ 167,016.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Dustin Millman | Paralegal | $ | 200.00 | 37.00 | $ | 7,400.00 |
| | (N/A) | $ | 215.00 | 35.50 | $ | 7,632.50 |
| Jason Tucker | Paralegal | $ | 210.00 | 42.00 | $ | 8,820.00 |
| | (N/A) | $ | 235.00 | 75.50 | $ | 17,742.50 |
| Sandra Thompson | Paralegal (N/A) | $ | 245.00 | 0.40 | $ | 98.00 |
| Louis Standig | Paralegal (N/A) | $ | 240.00 | 8.60 | $ | 2,064.00 |
| Matthew Mitchell | Paralegal (N/A) | $ | 215.00 | 0.20 | $ | 43.00 |
| Kyle Primm | Paralegal | $ | 150.00 | 94.30 | $ | 15,881.00 |
| | (N/A) | $ | 190.00 | 13.30 | $ | 2,527.00 |
| Nicholas Kacuba | Paralegal (N/A) | $ | 150.00 | 5.80 | $ | 870.00 |
| **Grand Totals:** | | | | **16,511.80** | **$** | **7,924,602.00** |
| **Blended Rate:** | | **$479.94** | | | | |
| **Blended Rate excluding Paraprofessionals:** | | **$508.95** | | | | |

**COMPENSATION BY PROJECT CATEGORY**
**(Current Period 5/1/2010-11/30/2010)**

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Creditors' Committee | 235.20 | $      125,410.50 |
| Sales of Assets | 6.50 | $        4,267.50 |
| Professional Fees | 126.40 | $       41,766.50 |
| Avoidance Actions | 1,035.20 | $      441,748.00 |
| Litigation | 392.10 | $      247,966.00 |
| Plan and Disclosure Statement | 28.70 | $       18,167.00 |
| Employee Issues | 0.40 | $           170.00 |
| Claims Administration | 27.30 | $       13,175.50 |
| Investigation of Company | 495.50 | $      257,977.00 |
| Triad Workout | 127.20 | $       71,323.50 |
| **Total:** | **2,474.50** | **$   1,221,971.50** |

**COMPENSATION BY PROJECT CATEGORY**
**(Final Fee Application Period 8/14/2007-11/30/2010)**

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| General | 86.20 | $ 32,977.50 |
| Creditors' Committee | 3,791.50 | $ 1,551,145.50 |
| Retentions | 108.90 | $ 49,393.00 |
| Executory Contracts/Leases | 1.80 | $ 791.50 |
| DIP/Investigation of Lien | 832.50 | $ 434,816.50 |
| Sales of Assets | 1,924.00 | $ 1,104,806.50 |
| Professional Fees | 726.50 | $ 235,590.50 |
| Avoidance Actions | 2,856.90 | $ 1,246,392.50 |
| Litigation | 1,804.30 | $ 967,115.00 |
| Plan and Disclosure Statement | 928.70 | $ 552,219.50 |
| Employee Issues | 410.00 | $ 193,928.00 |
| Claims Administration | 195.80 | $ 89,022.00 |
| Investigation of Company | 2,460.20 | $ 1,261,104.00 |
| Triad Workout | 384.50 | $ 205,300.00 |
| **Total:** | **16,511.80** | **$ 7,924,602.00** |

**EXPENSES SUMMARY**
**(Current Period 5/1/2010-11/30/2010)**

| EXPENSE CATEGORY | SERVICE PROVIDER (IF APPLICABLE) | TOTAL EXPENSES |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $ 2,588.61 |
| Duplicating [at 10¢ per page] | | $ 1,653.90 |
| Certified Copy | Discovery Works Global | $ 1,891.30 |
| Court Reporter Services | | $ 539.75 |
| Court Filing and Misc. Fees | United State Bankruptcy Court | $ 195.00 |
| Hotel Fee | | $ 840.80 |
| Lexis | Lexis-Nexis | $ 6,440.50 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, INC | $ 741.93 |
| Overnight Delivery | Federal Express, Inc. | $ 212.28 |
| Postage | | $ 342.78 |
| Search Fees | Pacer Service Center | $ 962.72 |
| Long Distance Telephone | | $ 259.82 |
| Reports Fee | Ellen Grauer Court Reporting Co. | $ 1,868.75 |
| Telecopy Pages | | $ 124.24 |
| Telephonic Conference Call | | $ 474.21 |
| Travel | | $ 4,136.50 |
| Velobind | | $ 16.50 |
| **Total:** | | **$ 23,289.59** |

**EXPENSES SUMMARY**
**(Final Fee Application Period 8/14/2007-11/30/2010)**

| EXPENSE CATEGORY | SERVICE PROVIDER (IF APPLICABLE) | TOTAL EXPENSES |
|---|---|---|
| Carfare *[re: Attorney/Staff working after hours or traveling]* | Skyline Credit Ride Inc. | $    33,615.61 |
| Duplicating [at 10¢ per page] | | $    28,044.90 |
| Certified Copy | Discovery Works Global | $      1,891.30 |
| Corresponding Counsel | James, Inc. | $      3,316.50 |
| Computer/Hard Drive/Supplies | | $    12,240.47 |
| Consultant Fees | | $    17,500.00 |
| Courier Services | Deluxe Delivery Systems, Inc. | $         193.98 |
| Court Call Conference | | $      2,985.18 |
| Court Reporter Services | | $         539.75 |
| Court Filing and Misc. Fees | United State Bankruptcy Court | $         195.00 |
| Hotel Fee | | $      5,371.14 |
| Lexis | Lexis-Nexis | $    25,290.53 |
| Meals *[re: Attorney/Staff working after hours or traveling]* | Seamless Web Professional Solutions, INC | $    16,009.76 |
| Overnight Delivery | Federal Express, Inc. | $         813.91 |
| Outside Printing | Superior Glacier | $         245.38 |

| | | | |
|---|---|---|---|
| Postage | | $ | 1,178.73 |
| Search Fees | Pacer Service Center | $ | 10,508.14 |
| Long Distance Telephone | | $ | 2,834.44 |
| Deposition Transcripts | Esquire Deposition Services | $ | 8,999.75 |
| Reports Fee | Ellen Grauer Court Reporting Co. | $ | 13,801.43 |
| Telecopy Pages | | $ | 137.24 |
| Telephonic Conference Call | | $ | 2,150.84 |
| Travel | | $ | 26,723.49 |
| UCC Fees | | $ | 2,338.80 |
| Word Processing Overtime | | $ | 1,148.55 |
| Velobind | | $ | 132.00 |
| Credit/Overpayment of Expenses to First Fee Application | | $ | (352.73) |
| Credit For Outside Printing CHG Inv. 133094 | | $ | (1,661.80) |
| **Total:** | | **$216,192.29** | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 07-11047 (CSS) |
| American Home Mortgage Holdings, Inc., _et al._[2] | : | (Jointly Administered) |
|  | : |  |
| Debtors | : | **Objections Due By**: February 9, 2011 at 4:00 pm |
|  | : |  |

------------------------------------------------------------

**FINAL APPLICATION OF HAHN & HESSEN LLP, CO-COUNSEL FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**THE PERIOD FROM AUGUST 14, 2007 THROUGH NOVEMBER 30, 2010**

This Final Application for Allowance of Compensation and Reimbursement of Expenses

("_Final Application_") is filed by Hahn & Hessen LLP ("H&H") or (the "Applicant") co-counsel to

the Official Committee of Unsecured Creditors of American Home Mortgage Holdings, Inc., _et al._

(the "_Committee_"), requesting (i) final allowance of compensation and reimbursement of expenses

for services provided and expenses incurred by Hahn & Hessen LLP as counsel to the Committee for

the period from August 14, 2007 through and including November 30, 2010 (the "_Final Period_")

and (ii) authorization for the Plan Trustee to pay H&H's fees and expenses for preparing and seeking

approval of this Final Application.

---

[2]    The Debtors in these cases, are:  American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.;
American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services,
Inc; and Great Oak Abstract Corp.

1.      On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc.,

et al. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for

reorganization under Chapter 11 of the Bankruptcy Code.  The Debtors continued in the

management and operation of their businesses as debtors and debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code until the Debtors' confirmed plan of liquidation

went effective on November 30, 2010.  No trustee or examiner has been appointed in the Debtors'

cases.

2.      On August 14, 2007, the United States Trustee for the District of Delaware appointed

the Committee, which is comprised of the following seven (7) members:  Wilmington Trust

Company; United Parcel Service, c/o The Receivable Management Services Corporation, Its Agent;

The Bank of New York Trust Company, N.A.[3]; Deutsche Bank National Trust Co.; as Trustee;

Nomura Credit & Capital, Inc.; Impac Funding Corporation; and Waldners Business Environments,

Inc[4].

3.      The Committee elected Wilmington Trust Company, as Trustee, and The Receivable

Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the

Committee.  The Committee then selected H&H as its counsel, Blank Rome LLP as co-counsel, and

BDO Seidman as financial advisors.

4.      Pursuant to an order of this Court dated November 28, 2007, a copy of which is

annexed hereto as Exhibit "A", H&H was authorized to represent the interests of the Committee

under a general retainer, effective as of August 14, 2007.

5.      The attorneys at H&H with primary responsibility for the representation of the

Committee in this case are Mark S. Indelicato and Mark T. Power, each of whom is a partner at

---

[3] The Bank of New York Trust Company resigned from the Committee and was replaced with Law Debenture Trust
    Company of New York pursuant to notice of the Office of the United States Trustee dated December 7, 2007.
[4] Waldner Business Environments, Inc. subsequently resigned from the Committee and has not yet been replaced.

H&H.  Mr. Indelicato is a 1982 graduate of New York University, Stern School of Business and a 1985 graduate of Fordham University School of Law.  Mr. Power graduated in 1985 from George Washington University and earned his Juris Doctor in 1988 from Boston College Law School.  In an effort to keep duplication of efforts down to a minimum, Applicant has allocated, where appropriate, the tasks performed by Messrs. Indelicato and Power to separate and discrete tasks.  Mr. Indelicato's and Mr. Power's legal careers have both been in the area of bankruptcy and creditors' rights, with a substantial focus on representing creditors' committees in Chapter 11 cases.  As such, they are responsible for the day-to-day oversight of the case.

6.      This Final Application is submitted in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, dated September 4, 2007 [Docket No. 547] (the "Administrative Fee Order").

## Status

7.      On February 18, 2009  this Court entered an order confirming the Debtors' Amended Chapter 11 Plan of Liquidation, the Plan became effective on November 30, 2010 (the "Effective Date").

## Summary of H&H Services during the Compensation Period

8.      H&H expended 16,511.80 hours in connection with its services on behalf of the Committee during the course of this chapter 11 proceeding.  From the outset, these cases were extremely active and challenging, with a multitude of substantial motions, sales of major assets and adversary proceedings commenced during the first few months of the case.  This case continued to move at a rapid pace and Applicant was frequently called upon to get up to speed quickly concerning the underlying facts of a particular issue or dispute and be able to respond appropriately to these expedited matters.  H&H submits that the services it has rendered to the Committee have been

necessary and in the best interests of creditors and the Debtors' estates and have furthered the goals of all parties in interest.  H&H was instrumental in the liquidation of the Debtors' assets as well as structuring the Plan.  H&H's services concentrated in, but were not limited to, the following areas:

**H&H's Representation of the Committee**

**General Case Administration**

9.     H&H expended 86.20 hours with respect to services under this category, for which total compensation amounts to $32,977.50.  Applicant dealt with numerous general administrative matters including a review of the docket to provide the Committee with status updates and critical hearing dates.  Applicant also reviewed pleadings filed in these cases and all responses and objections filed thereto.

**Creditors' Committee**

10.     H&H expended 3,791.50 hours with respect to services under this category, for which total compensation amounts to $1,551,145.50.  Under this category, Applicant devoted considerable time preparing e-mail updates and other memos to the Committee relating to the numerous matters in the case including, but not limited to, all motions, asset sales, numerous litigations and the Plan process.  In addition to the numerous meetings and conference calls with the Debtors' counsel and various interested parties to address these issues, Applicant prepared for and participated in numerous weekly meetings with the Committee on a regular basis.  In preparation for such meetings Applicant would prepare summaries of all pending motions for dissemination to the committee members.  This was a very complex case with a very active Committee that required that we provide the Committee with regular updates and summaries so that they could effectively address all issues on our weekly calls.  H&H also prepared for and participated in numerous omnibus hearings before this Court.

**Retentions**

11.      H&H expended 108.90 hours with respect to services under this category, for which total compensation amounts to $49,393.00.  Applicant spent time in this category dealing with the myriad of retention issues including but not limited to, the retentions of the committee professionals, retention of ordinary course professionals as well as the Debtors' multiple special counsel and the core bankruptcy professionals.

**Executory Contracts/Leases**

12.      H&H expended 1.80 hours with respect to services under this category, for which total compensation amounts to $791.50.  Applicant's spent time under this category dealing with the issues related to the Debtors' executory contracts and leases including, but not limited to, review of Debtors' proposed motion in relation to Texas and New York leases and correspondence relating to same.

**DIP/Investigation of Lien**

22.      H&H expended 832.50 hours with respect to services under this category, for which total compensation amounts to $434,816.50.  Under this category, Applicant's time was primarily spent dealing with all issues related to the Debtors' prepetition secured lender and issues that arose with its repurchase counter-parties including the adequate protection disputes that arose at the beginning of the case.  The Court is aware of the importance of resolving that dispute in order for this case to move forward.  H&H was instrumental in resolving the multiple disputes that arose at the inception of the case related to the interest of various secured/repo parties.

**Sale of Assets**

14.      H&H expended 1,924.00 hours with respect to services under this category, for which total compensation amounts to $1,104,806.50.  Under this category, Applicant's time was primarily spent addressing the sale of the Debtors' many assets throughout the case including, but not limited

to, mortgage loans, the servicing business and all related assets.  Applicant was instrumental in

negotiating these transactions to insure that the interest of the Debtors' estate and its creditors were

protected.

**Professional Fees**

15.    H&H expended 726.20 hours with respect to services under this category, for which

total compensation amounts to $235,590.50.  Applicant's services in this category included a review

of the other professionals' fee applications and analyzing and summarizing same for the Committee.

Applicant prepared and maintained a spreadsheet detailing the fees and expenses of professionals in

this case for distribution to the Committee.  Applicant services also include drafting and revising

H&H's forty monthly fee applications and eleven interim fee applications.  Applicant prepared for

and attended various fee hearings before this Court for approval of H&H's fees and expenses as well

as that of other committee professionals.

**Avoidance Actions**

16.    H&H expended 2,956.90 hours with respect to services under this category, for which

total compensation amounts to $1,246,392.50.  Applicant's services included (i) communications

with potential defendants and Receivable Management Services, the Committee's retained agent, to

discuss underlying claims; (ii) analyzing potential defenses; (iii) preparing settlement agreements;

(iv) responding to discovery requests and reviewing discovery responses; and (v) preparing the

Committee's various Omnibus 9019 motion seeking approval of negotiated settlements.  H&H

commenced 240 preference actions resulting in $3 million in cash recovery to the estate and the

waiver of $500,000 in claims.

**Litigation**

17.    H&H expended 1,804.30 hours with respect to services under this category, for which

total compensation amounts to $967,115.00.  Applicant reviewed all pleadings and related issues

regarding various adversary proceeding including but not limited to, the Broadhollow, Lehman, U.S. Bank National, Bank of American, Deloitte LLC, Mills, Waterfield and Wells Fargo adversary proceedings.  Applicant participated in discussion with counsel for all parties regarding the status of these various litigations and the issues central to each case.  Applicant also prepared for and participated in several meetings with the Debtors' professions, local counsel and BDO, to discuss among other things issues, deposition, the settlements and potential claims against third parties.  In addition, Applicant was instrumental in prosecuting on behalf of the estate actions against the Debtors' former officers and directors as well as accountants which generated a substantial return to the estate.

## Plan and Disclosure Statement

18.     H&H expended 928.70 hours with respect to services under this category, for which total compensation amounts to $552,219.50.  Applicant spent considerable time in this category working with the Debtors, and its financial advisors, to develop a consensual plan that would be acceptable to the numerous diverse interest groups.  This process ultimately culminated in the filing of the Plan, which was confirmed by decision and order of this Court.  This process included not only numerous meetings and conferences structuring and negotiating the Plan, but also resolving numerous objections to the Plan and its various components.  As this Court is aware, there was a two-day confirmation hearing with substantial testimony that required significant preparation by Applicant.  Applicant was also the principle architect of the Liquidating Trust, the Plan Administrator Agreement and many of the protocols contained in the Plan.  In addition, Applicant spent considerable time addressing post-Effective Date matters for the Liquidating Trust, including the budget and insurance issues and the engagement of professionals.

**Employee Issues**

19.    H&H expended 410.00 hours with respect to services under this category, for which total compensation amounts to $193,928.00.  Applicant spent considerable time under this category engaged in two intensive litigations involving employee related issues – the WARN Act litigation and the Deferred Compensation Beneficiary litigation.  Both of these litigations involved substantial motion practice, discovery, hearings, meetings and the in the case of the WARN Act litigation, substantial settlement negotiations.  Applicant was involved in numerous other employee related items such as the key employee retention programs negotiated at the beginning of the case.

**Claims Administration**

20.    H&H expended 195.80 hours with respect to services under this category, for which total compensation amounts to $89,022.00.  Applicant's services in this category included working with the Debtors in resolving the billions of dollars of claims filed in this case so that appropriate distributions could be made under the Plan.

**Investigation of Company**

21.    H&H expended 2,460.20 hours with respect to services under this category, for which total compensation amounts to $1,261,104.00.  Such services included participating in extensive discovery with the Debtors' and third parties.  These services related primarily to the investigation of potential causes of action against the Debtors' former directors and officers as well as its former accountants.  Applicant's services also included intense discovery with Deloitte LLP's including its document demands,  interrogatories and issues regarding depositions.  Applicant also prepared for and participated in various meetings and conferences with BDO, Debtors' counsel and Deloitte's counsel to address discovery issues, initial disclosures and the adversary proceedings.

**Triad Workout**

22.     H&H expended 384.50 hours with respect to services under this category, for which total compensation amounts to $250,300.00.  Applicant's services included reviewing various pleadings filed by various parties as well as continued attention toward developing a strategy with respect to dealing with the Triad adversary proceeding.  Applicant's services also included participating in conference calls and meetings to address insurance policy issues and the stipulation regarding time to respond to the complaint.

<strong>Final Relief Requested</strong>

23.     Pursuant to this Final Application, Hahn & Hessen requests final approval of all compensation for actual and necessary professional services rendered in the amount of $7,924,602.00 and for reimbursement of reasonable and necessary out-of-pocket expenses in the amount of $216,192.29 for the Final Period.

24.     The total number of hours expended by Hahn & Hessen professionals and paraprofessionals in performing the professional services for the Committee during the Final Period was 16,511.80 hours at an average billing rate of approximately $479.94 per hour.  The value of these services has been computed at the rates Hahn & Hessen customarily charges for similar services provided to other clients.

<strong>Prior Interim Fee Applications Filed by Hahn & Hessen</strong>

25.     Pursuant to the terms of the Administrative Order, H&H filed and properly served all monthly and interim fee application.  The following applications for interim compensation have been approved by this Court:

26.     Hahn & Hessen filed its first interim fee application (the "First Interim Fee Application") (Dkt. No. 2415) on December 17, 2007 pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the First Monthly Fee Application, Second Monthly

Fee Application and the Third Monthly Fee Application.  On January 15, 2008, the Court entered an order approving the First Interim Fee Application (Dkt. No. 2725).

27.    Hahn & Hessen filed its second interim fee application (the "Second Interim Fee Application") (Dkt. No. 3383) on March 26, 2008, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Fourth Monthly Fee Application, the Fifth Monthly Fee Application and the Sixth Monthly Fee Applications.  On April 14, 2008, the Court entered an order approving the Second Interim Fee Application (Dkt. No. 3695).

28.    Hahn & Hessen filed its third interim fee application (the "Third Interim Fee Application") (Dkt. No. 4717) on June 17, 2008, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Seventh Monthly Fee Application, the Eighth Monthly Fee Application and the Ninth Monthly Fee Applications.  On August 18, 2008, the Court entered an order approving the Third Interim Fee Application (Dkt. No. 5459).

29.    Hahn & Hessen filed its fourth interim fee application (the "Fourth Interim Fee Application") (Dkt. No. 6739) on December 26, 2008, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Tenth Monthly Fee Application, the Eleventh Monthly Fee Application and the Twelfth Monthly Fee Applications.  On January 13, 2009, the Court entered an order approving the Fourth Interim Fee Application (Dkt. No. 6838).

30.    Hahn & Hessen filed its fifth interim fee application (the "Fifth Interim Fee Application") (Dkt. No. 8292) on November 13, 2009, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Thirteenth Monthly Fee Application, the Fourteenth Monthly Fee Application and the Fifteenth Monthly Fee Applications.  On December 14, 2009, the Court entered an order approving the Fifth Interim Fee Application (Dkt. No. 8412).

31.    Hahn & Hessen filed its sixth interim fee application (the "Sixth Interim Fee Application") (Dkt. No. 8293) on November 13, 2009, pursuant to which Hahn & Hessen sought

interim approval of fees and expenses sought in the Sixteenth Monthly Fee Application, the Seventeenth Monthly Fee Application and the Eighteenth Monthly Fee Applications.  On December 14, 2009, the Court entered an order approving the Sixth Interim Fee Application (Dkt. No. 8412).

32.    Hahn & Hessen filed its seventh interim fee application (the "Seventh Interim Fee Application") (Dkt. No. 8294) on November 13, 2009, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Nineteenth Monthly Fee Application, the Twentieth Monthly Fee Application and the Twenty-First Monthly Fee Applications.  On December 14, 2009, the Court entered an order approving the Seventh Interim Fee Application (Dkt. No. 8412).

33.    Hahn & Hessen filed its eighth interim fee application (the "Eighth Interim Fee Application") (Dkt. No. 8940) on June 18, 2010, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Twenty-Second Monthly Fee Application, the Twenty-Third Monthly Fee Application and the Twenty-Fourth Monthly Fee Applications.  On July 19, 2010, the Court entered an order approving the Eighth Interim Fee Application (Dkt. No. 9027).

34.    Hahn & Hessen filed its ninth interim fee application (the "Ninth Interim Fee Application") (Dkt. No. 8941) on June 18, 2010, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Twenty-Fifth Monthly Fee Application, the Twenty-Sixth Monthly Fee Application and the Twenty-Seventh Monthly Fee Applications.  On July 19, 2010, the Court entered an order approving the Ninth Interim Fee Application (Dkt. No. 9027).

35.    Hahn & Hessen filed its tenth interim fee application (the "Tenth Interim Fee Application") (Dkt. No. 8967) on June 29, 2010, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Twenty-Eighth Monthly Fee Application, the Twenty-Ninth Monthly Fee Application and the Thirtieth Monthly Fee Applications.  On August 9, 2010, the Court entered an order approving the Tenth Interim Fee Application (Dkt. No. 9093).

36.     Hahn & Hessen filed its eleventh interim fee application (the "Eleventh Interim Fee Application") (Dkt. No. 9355) on October 19, 2010, pursuant to which Hahn & Hessen sought interim approval of fees and expenses sought in the Thirty-First Monthly Fee Application, the Thirty-Second Monthly Fee Application and the Thirty-Third Monthly Fee Applications.  On January 11, 2011, the Court entered an order approving the Eleventh Interim Fee Application (Dkt. No. 9657).  Hahn & Hessen has been paid 70% of fees and 100% of expenses sought in the Thirty-First Monthly Fee Application and is still owed $31,568.30.  Hahn & Hessen has been paid 80% of fees and 100% of expenses sought in the Thirty-Second and Thirty-Third Monthly Fee Application and is still owed $75,469.00.

**Monthly Fee Applications Without Interim Orders for Final Approval**

37.     Hahn & Hessen filed its thirty-fourth monthly fee application (the "Thirty-Fourth Monthly Fee Application") (Dkt. No. 9305) on October 7, 2010, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $237,169.00, and 100% reimbursement of expenses incurred by Hahn & Hessen, $2,321.47, for the month of May, 2010.  Hahn & Hessen received no objection to the Thirty-Fourth Monthly Fee Application.  A certificate of no objection to the Thirty-Fourth Monthly Fee Application was filed on November 4, 2010 (Dkt. No. 9409).  Hahn & Hessen has been paid 80% of fees and 100% of expenses sought in the Thirty-Fourth Monthly Fee Application.

38.     Hahn & Hessen filed its thirty-fifth monthly fee application (the "Thirty-Fifth Monthly Fee Application") (Dkt. No. 9306) on October 7, 2010, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $186,354.00, and 100% reimbursement of expenses incurred by Hahn & Hessen, $2,654.90, for the month of June, 2010.  Hahn & Hessen received no objection to the Thirty-Fifth Monthly Fee Application.  A certificate of no objection to the Thirty-Fifth Monthly Fee Application was filed on November 4, 2010 (Dkt. No. 9410).  Hahn &

Hessen has been paid 80% of fees and 100% of expenses sought in the Thirty-Fifth Monthly Fee Application.

39.    Hahn & Hessen filed its thirty-sixth monthly fee application (the "Thirty-Sixth Monthly Fee Application") (Dkt. No. 9576) on December 17, 2010, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $134,881.50, and 100% reimbursement of expenses incurred by Hahn & Hessen, $2,712.76, for the month of July, 2010.  Hahn & Hessen received no objection to the Thirty-Sixth Monthly Fee Application.  A certificate of no objection to the Thirty-Sixth Monthly Fee Application was filed on January 12, 2011 (Dkt. No. 9663).  Hahn & Hessen has not been paid with respect to the fees and expenses sought by the Thirty-Sixth Monthly Fee Application.

40.    Hahn & Hessen filed its thirty-seventh monthly fee application (the "Thirty-Seventh Monthly Fee Application") (Dkt. No. 9577) on December 17, 2010, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $163,968.50, and 100% reimbursement of expenses incurred by Hahn & Hessen, $2,097.36, for the month of August, 2010.  Hahn & Hessen received no objection to the Thirty-Seventh Monthly Fee Application.  A certificate of no objection to the Thirty-Seventh Monthly Fee Application was filed on January 12, 2011 (Dkt. No. 9664).  Hahn & Hessen has not been paid with respect to the fees and expenses sought by the Thirty-Seventh Monthly Fee Application.

41.    Hahn & Hessen filed its thirty-eighth monthly fee application (the "Thirty-Eighth Monthly Fee Application") (Dkt. No. 9578) on December 17, 2010, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $141,031.00, and 100% reimbursement of expenses incurred by Hahn & Hessen, $6,301.00, for the month of September, 2010.  Hahn & Hessen received no objection to the Thirty-Eighth Monthly Fee Application.  A certificate of no objection to the Thirty-Eighth Monthly Fee Application was filed on January 12, 2011 (Dkt. No.

9665).  Hahn & Hessen has not been paid with respect to the fees and expenses sought by the Thirty-Eighth Monthly Fee Application.

42.    Hahn & Hessen filed its thirty-ninth monthly fee application (the "Thirty-Ninth Monthly Fee Application") (Dkt. No. 9579) on December 17, 2010, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $154,243.00, and 100% reimbursement of expenses incurred by Hahn & Hessen, $3,769.12, for the month of October, 2010.  Hahn & Hessen received no objection to the Thirty-Ninth Monthly Fee Application.  A certificate of no objection to the Thirty-Ninth Monthly Fee Application was filed on January 12, 2011 (Dkt. No. 9666).  Hahn & Hessen has not been paid with respect to the fees and expenses sought by the Thirty-Ninth Monthly Fee Application.

43.    Hahn & Hessen filed its fortieth monthly fee application (the "Fortieth Monthly Fee Application") (Dkt. No. 9691) on January 24, 2011, pursuant to which Hahn & Hessen sought approval of 80% of the total compensation, $204,324.50, and 100% reimbursement of expenses incurred by Hahn & Hessen, $3,432.98, for the month of November, 2010.  A certification of no objection has not yet been filed with respect to this application.  Hahn & Hessen has not been paid with respect to the fees and expenses sought by the Fortieth Monthly Fee Application.

44.    In accordance with the Administrative Order, and as set forth in Local Rule 2016-2, each monthly fee application included (i) a detailed itemization of the service hours expended by matter and professional and (ii) a summary schedule of hours and fees categorized by project code. Each monthly fee application also included a detailed chronological itemization of the services rendered by each attorney and paraprofessional, calculated by tenths of an hour and categorized in accordance with the appropriate project code.  Every effort was made by Hahn & Hessen to categorize daily time entries in accordance with the correct project code.  Time entries are edited for

accuracy, to eliminate and correct errors (i.e. time charged to the wrong project code), and for

clarity.

### Conclusion

45.    Hahn & Hessen submits that the services rendered to the Committee were actual and

necessary, that the compensation sought herein is reasonable and in accordance with the standards of

section 330 of the Bankruptcy Code and the expenses for which reimbursement is sought were actual

and necessary.  Moreover, Hahn & Hessen has reviewed the requirements of Del.Bankr. LR 2016-2,

and the Administrative Order, and believes that this Final Application complies with such

provisions.

46.    Hahn & Hessen seeks this Court's final approval of the total fees sought for the

services rendered and disbursements incurred in the amounts set forth above and an order directing

the Plan Trustee to pay any outstanding unpaid fees and expenses due for such Final Period.

47.    A copy of this Final Application will be served upon the Plan Trustee and the Notice

Parties (as defined in the Administrative Order).  A copy of the Notice (only) of this Final

Application will be served upon those parties listed on the 2002 Service List.

48.    To date, Hahn & Hessen has been paid a total of $7,132,260.67 in connection with

fees and expenses from August 14, 2007 through November 30, 2010.  As of the date hereof, Hahn

& Hessen has not been paid for services rendered to the Committee in the amount of $1,008,533.62.

WHEREFORE, Hahn & Hessen respectfully requests that this Court enter an Order, (i)

granting final approval of $8,140,794.29 in fees and costs incurred from August 14, 2007 through

and including November 30, 2010, which includes: (a) fees in the amount of $7,924,602.00 incurred

during the Final Period; and (b) expenses in the amount of $216,192.29 incurred during the Final

Period, (ii) directing the Plan Trustee to pay Hahn & Hessen the balance of fees for services

rendered and costs incurred that remain unpaid of $1,008,533.62, and (iii) granting such other relief

as the Court deems just and proper.

Dated:  January 26, 2011

**HAHN & HESSEN LLP**
Co-Counsel to The Official Committee of Unsecured
Creditors of American Home Mortgage Holdings, Inc.,
_et al._,

By:  /s/ Mark S. Indelicato
Mark S. Indelicato
A Member of the Firm
488 Madison Avenue
New York, NY  10022
(212) 478-7200
(212) 478-7400 facsimile