## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | **Hearing Date:  TBD** |
| Debtors. | ) | **Objections Due:  02/22/2011 @ 4:00 p.m.** |
| _____ | ) | |

## APPLICATION FOR ZUCKERMAN SPAEDER LLP ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR <u>SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES</u>

Name of Applicant:  Zuckerman Spaeder LLP

Date of Retention:  N/A

Period for which compensation and
Reimbursement is sought:  August 25, 2008 through October 21, 2008

Amount of Compensation sought
as actual, reasonable and necessary:  $81,560.50

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary:  $1,067.73

No time was expended during the Application Period in preparation of this Application.

2878456.1

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Thomas G. Macauley (I.D. # 3411) | Partner, 9th year, chapter 11 and bankruptcy litigation; 1 year as federal appellate law clerk; admitted 1995 | $475.00 | 116.20 | $55,195.00 |
| Linda Singer | Of Counsel, 16th year, public client representation; 13 years non-profit; Attorney General; admitted 1991 | $500.00 | 31.70 | $15,850.00 |
| Virginia W. Guldi (ID # 2792) | Associate, 18th year, chapter 11 and bankruptcy litigation; 1 year as Delaware Supreme Court Clerk; admitted 1989 | $325.00 | 30.90 | $10,042.50 |
| Diana Gillig | Paralegal Assistant; 8 years experience | $110.00 | 4.30 | $473.00 |

Grand Totals:  183.10  hours and $81,560.50
Blended Rate:  $445.55 per hour

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|---|
| 0006 | - | Substantial Contribution | 183.10 | $   81,560.50 |
| | | Totals: | 183.10 | $   81,560.50 |

2878456.1

## ITEMIZED EXPENSES

EXPENSES

| | | |
|---|---|---|
| Outsourced Copy Service – Parcels | $ | 138.42 |
| Courier Service – Parcels | $ | 66.00 |
| In-house – Facsimile | $ | 554.00 |
| Long Distance Telephone | $ | 0.24 |
| In-house Photocopy | $ | 133.40 |
| Lexis/Nexis Research | $ | 37.31 |
| Postage | $ | 3.36 |
| Secretarial Overtime | $ | 135.00 |
| | | |
| TOTAL EXPENSES | $ | 1,067.73 |

2878456.1

## NARRATIVE

Pursuant to 11 U.S.C. § 503(b)(3)(D) and (b)(4) and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Tilton Jack, Grace Mullins, Christopher Bilek and Mary Bilek, Sam Acquisto, Delena Lamacchia, and Paula Rush ("Movants") hereby apply this Court for an order awarding Zuckerman Spaeder LLP ("Zuckerman") reasonable compensation for a substantial contribution in the above-captioned chapter 11 cases in the amount of $81,560.50 together with reimbursement for actual and necessary expenses incurred in the amount of $1,067.73 for the period August 25, 2008, through and including October 21, 2008 (the "Application Period"), and respectfully represents as follows:

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  The Debtors have been operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.     On September 9, 2008, Movants filed a motion for the appointment of an official committee of borrowers (the "Appointment Motion").  The Motion contained substantial objections to the Debtors' plan and disclosure statement.

4.     At a hearing on October 8, 2008, the Court overruled the objections to the Appointment Motion by the Debtors and the Creditors Committee.  The Court then entered an Order on October 10, 2008, directing the United States Trustee to appoint an official committee of borrowers.

2878456.1

5.    On October 21, 2008, the United States Trustee appointed Mr. Sam Acquisito, Mr. Christopher Bilek, Ms. Florence Dandridge, Ms. Grace Graves, Mrs. Delena Lamacchia, Ms. Penny Montague and Ms. Paula Rush as members of the Official Committee of Borrowers (the "Borrowers Committee").  On October 22, 2008, the Borrowers Committee selected Zuckerman and Gilbert Oshinsky LLP ("Gilbert") as co-counsel.

6.    Zuckerman has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with these cases.  There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

7.    This Application seeks compensation for fees of $81,560.50 and reimbursement of expenses of $1,067.73 incurred during the Application Period which consists of the period immediately preceding the appointment of the Borrowers Committee.  The amounts requested are actual, necessary and reasonable given (a) the complexity of these cases and Movants' novel role, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

8.    During the Application Period, Zuckerman provide legal services to Movants together with Gilbert.  The invoices attached as Exhibit A hereto detail the time recorded, the professionals of the firm providing services, and provides a daily breakdown of the total time spent by each professional, in each project category, and of the disbursements during the Application Period.

9.    During the Application Period, Zuckerman on Movants' behalf filed a motion to obtain the appointment of the Borrowers Committee in order to protect the rights of borrowers

2878456.1

generally with respect to the Debtors' proposed liquidation plan.  The motion not only sought the appointment of the Borrowers Committee but also contained extensive objections to the Debtors' proposed plan and disclosure statement.

10.    As a result of Movants' efforts, the Court approved the appointment of the Borrowers Committee over the objections of the Debtors and the Creditors Committee.  In addition, many of the objections raised by Movants in their Motion were incorporated by the Debtors into the plan that was ultimately confirmed by the Court.

11.    Although substantial contribution is not defined by the Bankruptcy Code, the applicable test is whether the applicant's efforts resulted in an actual and demonstrable benefit to the debtors' estates and its creditors.  *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir. 1994).  In considering whether activities amount to a substantial contribution, courts examine (a) whether the services were provided to benefit the estates themselves or all the parties in the bankruptcy cases, (b) whether the services conferred a direct benefit on the estates and (c) whether services were duplicative of services performed by others.  *In re Syntax-Brillian Corp.*, Case No. 08-11407 (BLS), op. at 4 (Bankr. D. Del. June 5, 2009).  Each of these factors support the relief requested.

12.    First, Movants sought the appointment of a Borrowers Committee to protect the interests of borrowers generally in these cases rather than merely to protect their own interests. They would not undertaken such an action absent an expectation that the Court would appoint a Borrowers Committee whose costs would be borne by the estates.

13.    Second, Movants' services conferred a direct benefit to the estates by obtaining the appointment of the Borrowers Committee.  Also, many of the objections raised in the Appointment Motion were incorporated by the Debtors into the plan which ultimately the Court confirmed.

7

14.    Third, the Court appointed the Borrowers Committee because, among other reasons, the Court found that the Creditors Committee was unable to represent the interests of borrowers.  Accordingly, Movants' services were not performed by others.

15.    Moreover, substantial contribution should exclude reimbursement in connection with the activities of interested parties designed primarily to serve their own interests and which, accordingly, would have been undertaken absent an expectation of estate reimbursement. *Lebron*, 27 F.3d at 944; *Syntax-Brillian*, op. at 5.

16.    That is not the case here:  Movants would not have undertaken the effort to file the Appointment Motion and to obtain the appointment of the Borrowers Committee absent a expectation that the Court would appoint the Borrowers Committee that would act on behalf of borrowers interests generally and whose costs would be borne by the estates and not by individual borrowers.

## DISBURSEMENTS

17.    Zuckerman's list of out-of-pocket disbursements during the Application Period, set forth on Exhibit B hereto, contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings.

18.    Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions and there is no surcharge for computerized research.

## RESERVATION OF RIGHTS

19.     Movants reserve their right to seek further compensation and reimbursement of expenses in connection with the preparation, filing, service and defense of this Application.

WHEREFORE, Movants request that the Court enter an order allowing Zuckerman $81,560.50 in fee compensation and $1,067.73 for a substantial contribution made in these chapter 11 cases during the Application Period, and granting Movants or Zuckerman such other and further relief as is just.

Dated:  Wilmington, Delaware
             January 31, 2011

                                        ZUCKERMAN SPAEDER LLP

                                        Thomas G. Macauley (ID No. 3411)
                                        919 Market Street, Suite 990
                                        P.O. Box 1028
                                        Wilmington, DE 19899
                                        (302) 427-0400

                                        Counsel to Tilton Jack, Grace Mullins,
                                        Christopher Bilek and Mary Bilek, Sam
                                        Acquisto, Delena Lamacchia, and
                                        Paula Rush

9

2878456.1

**VERIFICATION**

STATE OF DELAWARE    )

                       )     SS:

NEW CASTLE COUNTY    )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1.     I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2.     I have personally performed the legal services rendered by Zuckerman Spaeder LLP as Movants (as defined in the preceding Narrative), and am thoroughly familiar with all work performed on behalf of Movants.

3.     The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

2878456.1