UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X

In re:

American Home Mortgage Holdings, Inc., et al[1]

Debtors.

Chapter 11

Case No: 07-11047 (CSS)

Jointly Administered

------------------------------------------------------------ X

**FINAL APPLICATION OF THE RECEIVABLE MANAGEMENT SERVICES CORPORATION FOR COMPENSATION FOR SERVICES RENDERED AS COLLECTION AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD JULY 1, 2009 THROUGH NOVEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | Receivable Management Services Corp. |
| Authorized To Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | July 1, 2009, Pursuant to Order Entered August 10, 2009 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2009 - November 30, 2010 |
| Amount of Compensation[2] Sought as actual, reasonable and necessary: | $531,620.87 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0 |

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

[2] Pursuant to the RMS Engagement Letter (annexed hereto as Exhibit "A"), the Receivable Management Services Corporation, in absence of any objections, will be entitled to contingent compensation during the period, in the amount of $292,950.11.

This is a: ___ monthly _X_ interim _X_ final application

Receivable Management Services Corporation
B. ELIZABETH PLANK, ESQ.
307 International Circle, Suite 270
Hunt Valley, Maryland 21030
Telephone Number:   (410) 773-4000
Facsimile Number:   (410) 773-4057

Collections Agent to the Committee

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re | ) | Case No.   07-11047 (CSS) |
|---|---|---|
| | ) | |
| American Home Mortgage Holdings, Inc., et al[3] | ) | Chapter 11   Jointly Administered |
| | ) | |
| | ) | Date: |
| Debtors. | ) | Time: |
| | | Place: |

FINAL APPLICATION OF THE RECEIVABLE MANAGEMENT SERVICES CORPORATION
FOR COMPENSATION FOR SERVICES RENDERED AS COLLECTION AGENT FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD JULY 1, 2009 THROUGH NOVEMBER 30, 2010

TO THE HONORABLE CHRISTOPHER S. SONTCHI,

UNITED STATES BANKRUPTCY JUDGE:

The independent global collections firm of the Receivable Management Services Corporation ("RMS") hereby submits its Final Application for Approval of Compensation as Collection Agent for the Official Committee of Unsecured Creditors for the Period July 1, 2009 Through November 30, 2010 (the "Application"). RMS respectfully represents:

---

[3] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc; and Great Oak Abstract Corp.

I.

## INTRODUCTORY STATEMENT

1. The Bankruptcy Services Department of the Receivable Management Services Corporation is a team of attorneys, paralegals and other professionals, experienced in all aspects of negotiating and, where appropriate, resolving avoidance actions arising under Chapter 5 of the bankruptcy Code.

2. RMS has experience representing Trustees, Plan Administrators, Creditors Committees and debtor estates by pursuing avoidance actions and collecting recoveries on a contingent-fee basis. This function fulfills an important requirement of the fiduciary obligation of a committee and its members to all creditors: To recover money from those creditors who received payments in the ninety (90) days leading up to the bankruptcy that exceed the recovery to which they would otherwise be entitled under the U.S. Bankruptcy Code, while not unnecessarily pursuing or punishing creditors who have often already lost significant sums to the Debtor.

3. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of this proceeding and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On August 6, 2007, the Debtors filed voluntary petitions for re-organization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware.

5. On August 14, 2007, the Office of the United States Trustee (the "U.S. Trustee"), at an organizational meeting of creditors, appointed the following seven unsecured creditors to serve as members of the Official Committee of Unsecured Creditors (the "Committee").

6. The Committee elected James McGinley of Wilmington Trust Company and Steven Sass, Esq. of The Receivable Management Services Corporation, Agent for United Parcel Service, as Co-Chairpersons of the Committee. The Committee then retained Hahn and Hessen, LLP as its counsel and the law firm of Blank Rome LLP as co-counsel.

7. On July 15, 2009, the Committee filed the Application to Employ the Receivable Management Services Corporation as its Collections Agent *Nunc Pro Tunc* to July 1, 2009 (Docket No. 7614, the "Retention Application"), pursuant to the signed Engagement Letter (annexed hereto as Exhibit "A".) On August 10, 2009, an order was duly signed and entered by this Court authorizing the retention of RMS (Docket No. 7922, the "Retention Order"). RMS remains fully contingent, seeking payment only where recoveries are received. The percentage rate correlates with the case stage as outlined in the aforementioned Engagement Letter.

8. On February 18, 2009, this Court entered an Order confirming the Debtors' Amended Chapter 11 Plan of Liquidation, and the Plan became effective on November 30, 2010.

9. This is RMS' Final Application for Compensation for professional services rendered on behalf of the Committee. RMS makes this Application pursuant to applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the District of Delaware, the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered September 4, 2007 (the "Compensation Procedures Order"), and additional orders entered by the Court.

### Prior Interim Fee Application Covering July 1, 2009 – December 31, 2009

10. Pursuant to the terms of the Administrative Order, RMS filed and properly served an Interim Fee Application (Docket No. 8526) on January 29, 2010. Based thereon, the Court awarded RMS $238,670.76 in interim compensation by Order on February 19, 2010 (Docket No.

8600). Those fees have been paid in full.

### Fee Application Covering January 1, 2010- November 30, 2010

11. A detailed statement itemizing the settlements reached by RMS in this phase and fees in relation thereto are annexed hereto as Exhibit "B". The following is a summary of the total fees incurred by RMS during the period of January 1, 2010 - November 30, 2010:

|  | Total Settlements | Total Fees Due |
|---|---|---|
| 5th Omnibus | $218,720.00 | $49,394.00 |
| 6th Omnibus | $194,513.03 | $45,478.26 |
| 7th Omnibus | $155,171.00 | $28,525.65 |
| 8th Omnibus | $308,218.50 | $59,668.70 |
| 9th Omnibus | $228,250.00 | $35,087.50 |
| 10th Omnibus | $187,400.00 | $28,110.00 |
| 11th Omnibus | $169,750.00 | $25,462.50 |
| 12th Omnibus | $141,490.00 | $21,223.50 |
| Totals: | $1,603,512.53 | $292,950.11 |

## II

## SUMMARY OF SERVICES RENDERED

12. By this Application, RMS seeks final approval and payment for compensation for services rendered during the period from July 1, 2009 through November 30, 2010 including approval of fees in the amount of $292,950.11 incurred during the period of January 1, 2010 - November 30, 2010 which have not been addressed by a prior fee application.

13. In rendering the services for which compensation is sought, attorneys, paralegals and staff of RMS negotiated the resolution of the enumerated avoidance actions on behalf of the Committee.

14. The compensation RMS seeks is reasonable and is for actual and necessary services rendered by RMS. All of the services performed by RMS have been beneficial to the parties to these proceedings in that significant sums have been recovered, and this has enabled the case to proceed.

15. The size and complexity of the Debtors' case as well as the numerous and complex issues of preference analysis required substantial expertise to resolve the issues. As a consequence, the demands of this case have been such that RMS' highly skilled professionals have devoted substantial time and effort to perform properly and expeditiously the required negotiation, case-by-case analysis and, where appropriate, resolution of the aforementioned avoidance actions on behalf of the Committee.

16. Each duty and task performed by RMS has been performed by the professional most qualified to render such services.

17. There is no agreement or understanding between RMS and any other person, other than the members, associates and employees of RMS, for the sharing of compensation received for

services rendered in connection with this case.

## III

## CONCLUSION

For all of the reasons set forth in this application, RMS respectfully submits that the services it has rendered on behalf of the Committee during this case have been reasonably calculated to adequately represent and protect the interests of the Committee in this case. RMS submits further that it has provided such services in an economical and efficient manner, as the rates are fully contingent and paid only out of recoveries received. Accordingly, RMS requests that the relief requested in this Application be granted in all respects.

WHEREFORE, RMS respectfully requests that this Court enter an Order, (i) granting final approval of $531,620.87 in fees and costs incurred from July 1, 2009 through and including November 30, 2010, which includes fees in the amount of $292,950.11 incurred during the Final Period, (ii) directing the Plan Trustee to pay RMS fees in the amount of $292,950.11 incurred during the Final Period, and (iii) granting such other relief as the Court deems just and proper.

DATED in Hunt Valley, Maryland on this 31st Day of January, 2011.

    Receivable Management Services Corporation
    307 International Circle, Suite 270
    Hunt Valley, Maryland 21030
    Telephone Number:  (410)773-4000
    Facsimile Number:  (410)773-4057

    Collections Agent to the Committee

    _____
    B. Elizabeth Plank, Esq.

Sworn and subscribed to before me this 31st day of January, 2011.

_____
Notary Public

KELLI J. BOHUSLAV-KAIL
NOTARY PUBLIC
STATE OF MARYLAND
HARFORD CO., MD
MY COMM. EX. 9/16/2013