IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               : (Jointly Administered)
                                                                 :
                                                                 : Response Deadline: March 2, 2011 at 4:00 p.m. (ET)
                           Debtors.                              : Hearing Date: March 9, 2011 at 3:00 p.m. (ET)
                                                                 :
---------------------------------------------------------------- x

**RE-NOTICE OF DEBTORS' FORTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

TO:  (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL TO THE PLAN OVERSIGHT COMMITTEE; (III) HOLDERS OF THE DISPUTED CLAIMS; AND (IV) THOSE PARTIES WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002, IN ACCORDANCE WITH DEL. BANKR. L.R. 2002-1(b).

PLEASE TAKE NOTICE that on October 13, 2009, the above-captioned debtors and debtors in possession (the "Debtors") filed the **Debtors' Forty-Fourth (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** [Docket No. 8174] (the "Objection").[2]  By the Objection, the Debtors sought to disallow or modify claims as set forth more fully in the exhibits to the Objection.

PLEASE TAKE FURTHER NOTICE that on November 13, 2009, the Court entered an order [Docket No. 8299] sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, the claims identified on Exhibit A attached hereto. The claims identified on Exhibit A are collectively referred to as the "Disputed Claims".

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp., a Maryland corporation (3914) ("AHM Investment"); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267) "AHM Servicing"); American Home Mortgage Corp., a New York corporation (1558) ("AHM Mortgage"); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491) ("Homegate"); and Great Oak Abstract Corp. , a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

PLEASE TAKE FURTHER NOTICE that Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan"), intends to move forward with the Objection as it pertains to the Disputed Claims at the next omnibus hearing in these bankruptcy cases, which is currently scheduled for **March 9, 2011 at 3:00 p.m. (ET)**

PLEASE TAKE FURTHER NOTICE that responses to the Objection, if any must be filed on or before **March 2, 2011 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Plan Trustee so that the response is received on or before the Response Deadline.

PLEASE TAKE FURTHER NOTICE that you were previously served with a copy of the Objection. Questions about the Objection, and/or requests for additional copies of the Objection, should be directed to the undersigned counsel for the Plan Trustee (Michael S. Neiburg, (302) 576-3590 or mneiburg@ycst.com). CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE COURT TO DISCUSS THE MERITS OF THEIR CLAIMS

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE OBJECTION WILL BE HELD ON **MARCH 9, 2011 AT 3:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801. YOU HAVE THE RIGHT TO APPEAR TELEPHONICALLY AT THE HEARING ON THE OBJECTION. A COPY OF THE BANKRUPTCY COURT'S PROCEDURES REGARDING TELEPHONIC APPEARANCES IS ENCLOSED WITH THIS NOTICE.

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: Wilmington, Delaware
February 7, 2011            YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

# EXHIBIT A

## Disputed Claims

## Exhibit A
### Modified Amount Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| EMC MORTGAGE CORPORATION<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9023 | 1/11/08 | 07-11049 | - (S)<br>- (A)<br>- (P)<br>$20,803,600.00 (U)<br>$20,803,600.00 (T) | - (S)<br>- (A)<br>- (P)<br>$14,386,005.00 (U)<br>$14,386,005.00 (T) | Claim asserts only EPD/Breach Claims subject to the EPD/Breach Claims Protocol set forth in the Plan. Claim amount modified in accordance with the EPD/Breach Claims Protocol based upon the completed EPD/Breach Claims Questionnaire submitted by the claimant. |
| EMC MORTGAGE CORPORATION<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9024 | 1/11/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$40,090,100.00 (U)<br>$40,090,100.00 (T) | - (S)<br>- (A)<br>- (P)<br>$14,386,005.00 (U)<br>$14,386,005.00 (T) | Claim asserts only EPD/Breach Claims subject to the EPD/Breach Claims Protocol set forth in the Plan. Claim amount modified in accordance with the EPD/Breach Claims Protocol based upon the completed EPD/Breach Claims Questionnaire submitted by the claimant. |
| EMC MORTGAGE CORPORATION<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9025 | 1/11/08 | 07-11050 | - (S)<br>- (A)<br>- (P)<br>$16,169,300.00 (U)<br>$16,169,300.00 (T) | - (S)<br>- (A)<br>- (P)<br>$14,386,005.00 (U)<br>$14,386,005.00 (T) | Claim asserts only EPD/Breach Claims subject to the EPD/Breach Claims Protocol set forth in the Plan. Claim amount modified in accordance with the EPD/Breach Claims Protocol based upon the completed EPD/Breach Claims Questionnaire submitted by the claimant. |
| HSBC BANK USA, NATIONAL ASSOCIATION<br>ATTN THOMAS L NOLAN VICE PRESIDENT<br>8 EAST 40TH STREET 3RD FLOOR<br>NEW YORK, NY 10016 | 9037 | 1/11/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$11,136,188.87 (U)<br>$11,136,188.87 (T) | - (S)<br>- (A)<br>- (P)<br>$3,717,953.00 (U)<br>$3,717,953.00 (T) | Claim asserts only EPD/Breach Claims subject to the EPD/Breach Claims Protocol set forth in the Plan. Claim amount modified in accordance with the EPD/Breach Claims Protocol based upon the completed EPD/Breach Claims Questionnaire submitted by the claimant. |
| IMPAC FUNDING CORPORATION<br>ATTN STEPHEN WICHMANN<br>19500 JAMBOREE ROAD<br>IRVINE, CA 92612 | 7814 | 1/9/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$63,000,000.00 (U)<br>$63,000,000.00 (T) | - (S)<br>- (A)<br>- (P)<br>$5,710,375.00 (U)<br>$5,710,375.00 (T) | Claim asserts only EPD/Breach Claims subject to the EPD/Breach Claims Protocol set forth in the Plan. Claim amount modified in accordance with the EPD/Breach Claims Protocol based upon the completed EPD/Breach Claims Questionnaire submitted by the claimant. |
| RESIDENTIAL FUNDING COMPANY, LLC<br>C/O RICHARD D. BALLOT<br>GMAC RESCAP<br>465 SOUTH STREET, SUITE 202<br>MORRISTOWN, NJ 07960 | 8447 | 1/10/08 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$5,162,467.62 (U)<br>$5,162,467.62 (T) | - (S)<br>- (A)<br>- (P)<br>$37,327.15 (U)<br>$37,327.15 (T) | Claim asserts only EPD/Breach Claims subject to the EPD/Breach Claims Protocol set forth in the Plan. However, the applicable Debtor has no liability as the claimant's agreements are with debtors, American Home Mortgage Acceptance, Inc., American Home Mortgage Corp. and AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), against whom claimant has already asserted claims via proofs of claim numbered 9233, 9234 and 9235. Accordingly, this Debtor has no liability with respect to the EPD/Breach Claims portion of this claim and it should be modified and reduced to $37,327.15, which is the amount owed to claimant for associated legal fees as permitted under the applicable agreements. |

―――― Objectionable Claim ――――

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| Totals: | | 6 Claims | | - (S)<br>- (A)<br>- (P)<br>$156,361,656.49 (U)<br>$156,361,656.49 (T) | - (S)<br>- (A)<br>- (P)<br>$52,623,670.15 (U)<br>$52,623,670.15 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

INSTRUCTIONS FOR TELEPHONIC APPEARANCES
EFFECTIVE JANUARY 5, 2005
Revised April 27, 2009

The United States Bankruptcy Court for the District of Delaware has arranged for parties to participate by telephonic appearance in hearings using CourtCall, an independent conference call company.

**Under no circumstances may any participant record or broadcast the proceedings conducted by the Bankruptcy Court.**

I.  POLICY GOVERNING TELEPHONIC APPEARANCES
    **Local counsel must appear in person in all matters before the court.**

   Telephonic appearances are allowed in all matters before Court except the following:

   1. Trials and evidentiary hearings    -    all counsel and all witnesses must appear in person;

   2. Chapter 11 status conferences    -    debtor and debtor's counsel must appear in person, other parties in interest may appear telephonically;

   3. Chapter 11 confirmation hearings    -    debtor, debtor's counsel, and all objecting parties must appear in person;

   4. Hearings on reaffirmation agreements    -    debtor must appear in person;

   5. Any matter designated by the court as one requiring a personal appearance.

   No telephonic appearance will be allowed unless it is made through CourtCall pursuant to the procedures set forth in section II.

   Parties filing a motion, application or other pleading, including, without limitation, an objection or response thereto, may participate by telephonic appearance. Any party not submitting a pleading, but interested in monitoring the court's proceedings, may participate by telephonic appearance in "listen-only" mode.

   If an individual schedules a telephonic appearance and then fails to respond to the call of a matter on calendar, the court may pass the matter or may treat the failure to respond as a failure to appear. Individuals making use of the conference call service are cautioned that they do so at their own risk.

   To ensure the quality of the record, the use of car phones, cellular phones, speaker phones, public telephone booths or phones in other public places is prohibited. Each time you speak, you must identify yourself for the record. Do not place the call on hold at any time. When the Judge informs the participants that the hearing is completed, you may disconnect.

II. SCHEDULING A TELEPHONIC APPEARANCE

1. Participants must notify CourtCall by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business days prior to the hearing. Individual Chambers must be contacted regarding any late requests for telephonic appearances.

2. Participants must provide the following information:

   a. Case name and number
   b. Name of Judge
   c. Hearing date and time
   d. Name, address, phone number of participant
   e. Party whom participant represents
   f. Matter on which the participant wishes to be heard or whether the participant intends to monitor the proceeding in "listen-only" mode.

3. Participants intending to be heard by the Bankruptcy Court must send written notification to debtor's counsel and/or opposing counsel providing same information as above.

4. Participants will receive fax confirmation and instructions for telephonic appearance from CourtCall. It is the participant's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing.

5. Any questions about telephonic appearances should be directed to CourtCall at 866-582-6878.

III. FEES

The fee for the telephonic appearance is fixed by CourtCall depending on the length of time the participant is on the call, regardless of whether the participant is actually heard by the Bankruptcy Court or is in "listen only" mode. Each participant will be charged or billed an initial fee of $50.00 at the time of reservation with CourtCall, with appropriate increments, if any, to be charged or billed based upon the Fee Rate.

The Fee Rate for telephonic appearances is as follows:

| Call Length | Fee |
| --- | --- |
| 0-90 minutes | $ 50.00 |
| 91-180 minutes | $ 80.00 |
| 181-270 minutes | $120.00 |
| 271-360 minutes | $160.00 |
| 361 minutes and above | $ 40.00 per each additional 90 minute increment |

There are no subscription fees and no special equipment is required to use the service.