IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :  Jointly Administered
    Debtors.                                                 :
                                                             :  Response Deadline: March 2, 2011 at 4:00 p.m. (ET)
                                                             :  Hearing Date: March 9, 2011 at 3:00 p.m. (ET)
------------------------------------------------------------ x

**PLAN TRUST'S SEVENTY-SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors") hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II,[2] pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order reassigning or disallowing and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]  The Plan Trustee does not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

expunging in full each of the Disputed Claims as indicated in further detail below. In support of this Objection, the Plan Trust relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's Seventy-Second Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On August 14, 2007, the United States Trustee for the District of Delaware (the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

5. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,

2009 [Docket No. 7029] (the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

6. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

8. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

9. By this Objection, the Plan Trustee seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below. This Objection complies in all respects with Local Rule 3007-1.

A.  **Amended Claims**

10. The claims identified under the column titled "Objectionable Claim" on Exhibit A to the Proposed Order (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Surviving Claim" on Exhibit A (the "Surviving Claim"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

11. Failure to disallow the Amended Claims will result in the applicable claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Furthermore, no prejudice will result to the holders of the Amended Claims because they will receive the same treatment as other similarly-situated claimants for their respective Surviving Claim. Accordingly, the Plan Trustee hereby objects to the Amended Claims and requests entry of an order disallowing and expunging in full the Amended Claims as indicated on Exhibit A.

B.  **Duplicate Claim**

12. The claim identified under the column titled "Objectionable Claims" on Exhibit B to the Proposed Order (the "Duplicate Claim") is duplicative of the proof of claim identified under the column titled "Surviving Claims" on Exhibit B. The Plan Trust believes that

it was not the intention of the claimant asserting such claim to seek a double recovery against the Debtors' estates. Instead, the filing of Duplicate Claim appears to be a function of claimant simply filing multiple proof of claim forms on account of a single claim. Regardless of the claimant's reasons for filing the Duplicate Claim, only one claim should be allowed for each claimant.

13. Failure to disallow the Duplicate Claim will result in the claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in these cases. Accordingly, the Plan Trustee hereby objects to the Duplicate Claim and requests the Court to enter an order disallowing and expunging in full the Duplicate Claim identified in Exhibit B to the Proposed Order

C. **Late Filed Claim**

14. The claim listed in Exhibit C to the Proposed Order (the "Late Filed Claim") was filed after the deadline for submitting such claim had passed. As set forth in the Bar Date Order (docket no. 1708), the deadline for filing claims was January 11, 2008, or, in the case of government units, February 4, 2008. The claim listed in Exhibit C was filed after the applicable bar date, on the date listed under the column labeled "Date Filed." Therefore, the Plan Trustee hereby objects to the Late Filed Claim and requests entry of an order disallowing in full and expunging the Late Filed Claim.

D. **Wrong Debtor Claim**

15. The claim listed on Exhibit D to the Proposed Order (the "Wrong Debtor Claim") was filed by the applicable claimant against a certain Debtor under the case number listed under the column titled "Objectionable Claims" on Exhibit D. After reviewing the Debtors' books and records, the Plan Trust believes it has determined which Debtor the Wrong Debtor Claim should have been filed against and has listed the new case number for the Wrong

Debtor Claim under the column titled "New Case Number" (the "<u>New Case Number</u>"). The Plan Trustee believes that the claimant asserting the Wrong Debtor Claim intended to assert such claim under the New Case Number.

16.     Failure to reassign the Wrong Debtor Claims would result in such claims being improperly asserted against the wrong Debtors. Therefore, to correct the claims register, the Plan Trustee hereby objects to the Wrong Debtor Claim and requests entry of an order reassigning the Wrong Debtor Claim to the New Case Number as indicated on <u>Exhibit D</u>.

## RESERVATION OF RIGHTS

17.     The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

18.     The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: February 7, 2011  
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x
In re:                                                              : Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                  :
                                                                    : Jointly Administered
         Debtors.                                                   :
--------------------------------------------------------------------- x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S
SEVENTY-SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the above-captioned debtors and debtors in possession (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's Seventy-Second Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Amended Claims", "Duplicate Claim", "Late Filed Claim", and "Wrong Debtor Claim", as defined in the Objection and identified on Exhibits A, B, C, and D to the Proposed Order, respectively.

3. The information contained in Exhibits A, B, C and D to the Proposed Order is true and correct to the best of my knowledge.

4. The Plan Trust has determined based upon a review of the claims docket that the claims identified on Exhibit A to the Proposed Order have been amended and superseded by subsequently filed claims. Accordingly, to prevent the applicable claimant from receiving an unwarranted recovery, the Plan Trustee seek to expunge and disallow in full the Amended Claims listed on Exhibit A to the Proposed Order.

5. The Plan Trust has further determined based upon a review of the claims docket that the claim identified on Exhibit B to the Proposed Order is duplicative of another claim filed in these chapter 11 cases. Accordingly, to prevent the claimant from receiving potential double recoveries against the applicable Debtor's estate based on the filing of two separate but identical proofs of claim, the Plan Trustee seeks to expunge and disallow in full the Duplicate Claim listed on Exhibit B to the Proposed Order.

6. The Plan Trust has further determined based upon a review of the claims docket and the claim identified on Exhibit C to the Proposed Order that such claim was filed after the deadline for filing such claim had passed, as set forth in the Bar Date Order. Accordingly, the Plan Trustee seeks to expunge and disallow in full the Late Filed Claim listed on Exhibit C to the Proposed Order.

2

3

7. The Plan Trust has further determined based upon a review of the claims docket and their books and records that the party asserting the claim identified on Exhibit D to the Proposed Order asserted such claim against the wrong Debtor entity. Accordingly, to correct the claims register and prevent the claimant from receiving a recovery from the wrong Debtor, the Plan Trustee seeks to reassign the Wrong Debtor Claim to the appropriate Debtor as outlined in Exhibit D to the Proposed Order.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 7, 2011

_____
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration