# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE, | ) | (Jointly Administered) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | ) | |
| | ) | |
| Debtors. | ) | |

### APPLICATION OF NORMAN LOFTIS FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE

COMES NOW Norman Loftis, by and through his undersigned counsel, and submits this Application for Allowance and Payment of Administrative Expense Claim Pursuant to Section 503(b) of the Bankruptcy Code ("Application") and in support thereof respectfully states as follows:

### Background

1.    Dr. Loftis asserts this administrative claim against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc. "AHM"), a Maryland corporation, case number 07-11050.

2.    Pre-petition, Dr. Loftis became a borrower under two mortgages and one equity line of credit with one or more of the Debtors. One of the mortgages and the equity line of credit relate to his residential real property located at 3 Deerfield Avenue, Sag Harbor, NY

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Mellville, New York 11747.

11963 (new "Loan No. 0031089899"; old loan no. 1001243356). The other mortgage was a construction-to-permanent loan in the approximate amount of $1,078,750.00 (adjustable to as much as $1,186,625.00) relating to real property located at 8 High Point Road, East Hampton, NY 11937 ("Loan No. MIN 100024200013856410" dated August 25, 2006). The Debtors failed to fund the construction portion of this loan and Dr. Loftis has since surrendered the 8 High Point Road property pursuant to a deed-in-lieu transaction.

3.      Due to negligent loan servicing practices originating at AHM, on information and belief, prior to its sale by the Debtors, aspects of these two loans became co-mingled on AHM's loan servicing records -- specifically (although without limitation), the following transactions relating to the 8 High Point Road property were processed through the escrow account relating to the 3 Deerfield Avenue property: (i) insurance force placement and other duplicate charges/overcharges, (ii) the mis-allocation of certain insurance company partial re-imbursements, and (iii) the mis-application of approximately 20 months of interest expenses totally approximately $62,000 that were to paid from the advance of a portion of the construction loan.

4.      The resulting confusion was compounded by AHM's negligent misrepresentations, wrongful refusal to accept monthly payments from Dr. Loftis, wrongful acceleration of the 3 Deerfield Avenue loan, wrongful foreclosure on 3 Deerfield Avenue, wrongful application of at least $7,000 attorney's fees and other charges purportedly incurred by AHM to Dr. Loftis's account for 3 Deerfield Avenue, and intentional infliction of emotional distress. These wrongful acts on the part of the Debtor caused Dr. Loftis emotional duress and physical illness, resulted in detriment to his credit record, the loss of certain out of pocket expenses relating to duplicate interest payments in the amount of approximately $12,300.00,

the loss of a $24,000 "cure" payment from Dr. Loftis that AHM did not properly credit to his account, and caused related damages including, but not limited to, the incurrence of attorney's fees and expenses.

5.    Despite the provision of AHM's Key Loan Transaction spreadsheet attached hereto as Exhibit A, to this day it remains unknown to Dr. Loftis just exactly how much economic damage he sustained from AHM's negligent servicing prior to its sale by the Debtors.  He estimates approximately $100,000.00  For instance, it is not known (i) whether AHM's immediate increase of the initial interest rate applicable to Loan No. MIN 100024200013856410 to the full construction rate was proper given that construction did not begin for approximately 8 months; (ii) whether AHM was only supposed to increase monthly P&I payments proportionate to the amount of construction funds actually drawn; or (iii) whether AHM paid anything in addition to monthly P&I relating to Loan No. MIN 100024200013856410 from the escrow account for Loan No. 0031089899, such as, as Dr. Loftis believes, insurance and real estate taxes related to the 8 High Point Road property.

## Dr. Loftis's Administrative Claim

6.    Dr. Loftis is entitled to payment of his administrative expense claim pursuant to Section 503(b)(1) of the Bankruptcy Code.  While Section 503(b)(1) generally requires a claimant to show benefit to the estate, many courts have held that damages resulting from the negligence or wrongful conduct of a debtor-in-possession's operation of its business give rise to "actual and necessary costs" for the purpose of an allowable claim of administrative priority for damages.  See Reading Co. v. Brown, 391 U.S. 471, 482-84 (1968); Yorke v. N.L.R.B., 709 F.2d 1138, 1143 (7th Cir.1983), *cert. denied,* 465 U.S. 1023 (1984) (relying on Reading in holding that those injured during the trustee's administration of an estate are entitled to an

3

administrative priority regardless of whether their injury was caused by a tort or other wrongdoing); <u>Brandt v. Lazard Freres & Co, *et al.*</u> (In re Healthco Int'l, Inc.), 310 F.3d 9 (1st Cir. 2002) (holding that costs awarded to defendants in unsuccessful lawsuit brought by Trustee are entitled to administrative expense priority); <u>Cardon Doors and Windows, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.</u>) 447 F.3d 461, 464 (6th Cir. 2006) (holding that claims against debtor for contributory patent infringement arising post-petition are entitled to administrative expense priority).

      7.     Dr. Loftis reserves his right to take discovery regarding this Application and his right to amend this Application as additional information becomes available.

<u>**Conclusion**</u>

      WHEREFORE, based on the foregoing, Dr. Loftis respectfully requests that this Honorable Court enter an Order (i) granting the Application in an amount to be deterimed at hearing and (ii) granting to Dr. Loftis such other and further relief as the Court deems just and proper.

Dated: January 5, 2011
      Wilmington, Delaware

                                  SULLIVAN · HAZELTINE · ALLINSON LLC

                                  *E.E. Allinson III*
                                  _____
                                  Elihu E. Allinson, III (No. 3476)
                                  4 East 8th Street, Suite 400
                                  Wilmington, DE  19801
                                  (302) 428-8191

                                  *Attorneys for Norman Loftis*

# Exhibit A

**Key Loan Transactions**
**Borrower: Loftis**
**Loan No. 0011128915**

| Beginning PB: | $ 523,562.00 |
|---|---|
| Beginning Interest Rate: | 1.775% |
| Beginning Payment Amount: | |
| Beginning Interest Due Balance: | |
| Beginning Unapplied Balance | |
| Beginning Due Date: | 10/1/2006 |
| Beginning Effective Date: | 8/25/2006 |
| 360/365 Factor: | 365 |

| Due Date | Effective Date | Transaction Date | Amount Received | Amount to P&I | # of Days | Per Diem | IR | Interest Amount | Beginning Interest Due Amount | Applied to Interest | Applied to Interest Due | Remaining Interest Due Balance | Beginning Principal Balance | Applied to Principal | Remaining Principal Balance | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 1.775% | | | | | | | | $ 523,562.00 | Beginning Balances |
| 10/1/2006 | 9/1/2006 | | | | 7 | $ 25.46 | 1.775% | 178.23 | - | - | (178.23) | 178.23 | $ 523,562.00 | - | $ 523,562.00 | |
| | 9/30/2006 | 10/24/2006 | | $ 3,298.08 | 29 | $ 107.58 | 7.500% | 3,119.86 | 178.23 | 3,119.86 | 178.22 | 0.00 | $ 523,562.00 | $ (3,298.08) | $ 523,562.00 | Per Diem Adjustment |
| 11/1/2006 | 10/1/2006 | | | | | $ (0.62) | | | | | | | | | $ 526,860.08 | |
| | 10/24/2006 | | Borrower | $ 3,037.09 | 1 | $ 96.78 | 6.790% | 98.78 | 0.00 | | (96.78) | 96.78 | $ 523,562.00 | - | $ 526,860.08 | |
| | 10/31/2006 | | | | 30 | $ 98.01 | 6.790% | 2,940.31 | 96.78 | 2,940.31 | 96.78 | 0.00 | $ 526,860.08 | - | $ 526,860.08 | |
| | 11/1/2006 | | | | 1 | $ 98.59 | 6.830% | 98.59 | 0.00 | | (98.59) | 98.59 | $ 526,860.08 | - | $ 526,860.08 | Interest Bill Adjustment |
| 12/1/2006 | 11/30/2006 | | | | | | | 19.13 | | | | | | | $ 526,860.08 | |
| | 11/30/2006 | 12/14/2006 | | $ 2,976.76 | 29 | $ 98.59 | 6.830% | 2,878.18 | 98.59 | 2,878.18 | 98.58 | 0.00 | $ 526,860.08 | $ (2,976.76) | $ 526,860.08 | Per Diem Adjustment |
| | 12/1/2006 | | | | | $ 0.58 | | | | | | | | | $ 528,836.84 | |
| 1/1/2007 | 12/31/2006 | | | $ 3,176.99 | 1 | $ 102.49 | 7.060% | 102.48 | 0.00 | | (102.48) | 102.48 | $ 528,860.08 | 0.00 | $ 529,836.84 | |
| | 1/1/2007 | 1/12/2007 | | | 30 | $ 102.48 | 7.060% | 3,074.51 | 102.48 | 3,074.51 | 102.48 | - | $ 529,836.84 | $ (3,176.99) | $ 529,836.84 | |
| 2/1/2007 | 1/1/2007 | | | $ 3,232.25 | 1 | $ 104.26 | 7.140% | 104.26 | - | | (104.26) | 104.26 | $ 529,836.84 | - | $ 533,013.83 | |
| | 1/31/2007 | 2/8/2007 | | | 30 | $ 104.27 | 7.140% | 3,127.99 | 104.26 | 3,127.99 | 104.26 | 0.00 | $ 533,013.83 | $ (3,232.05) | $ 533,013.83 | |
| | 2/1/2007 | | | | | $ 0.66 | | | | | | | | | $ 536,245.88 | Per Diem Adjustment |
| 3/1/2007 | 2/1/2007 | | | $ 3,035.89 | 1 | $ 108.43 | 7.380% | 108.42 | 0.00 | | (108.42) | 108.42 | $ 533,013.83 | - | $ 536,245.88 | |
| | 2/28/2007 | 3/14/2007 | | | 27 | $ 108.42 | 7.380% | 2,927.46 | 108.42 | 2,927.46 | 108.42 | - | $ 536,245.88 | 0.00 | $ 536,245.87 | |
| | 3/1/2007 | | | | | $ 0.62 | | | | | | | | | | Per Diem Adjustment |
| 4/1/2007 | 3/1/2007 | | | $ 3,393.93 | 1 | $ 109.49 | 7.410% | 109.49 | - | | (109.49) | 109.49 | $ 536,245.87 | (3,035.89) | $ 539,281.76 | |
| | 3/31/2007 | 4/10/2007 | | | 30 | $ 109.48 | 7.410% | 3,284.45 | 109.49 | 3,284.45 | 109.48 | 0.00 | $ 539,281.76 | - | $ 539,281.76 | |
| | 4/1/2007 | | | | | $ 0.72 | | | | | | | | | | Per Diem Adjustment |
| 5/1/2007 | 4/1/2007 | | | $ 3,421.09 | 1 | $ 114.04 | 7.670% | 114.03 | 0.00 | | (114.03) | 114.04 | $ 539,281.76 | (3,393.93) | $ 542,675.69 | |
| | 4/30/2007 | 5/1/2007 | | | 29 | $ 114.04 | 7.670% | 3,307.05 | 114.04 | 3,307.05 | 114.04 | - | $ 542,675.69 | 0.00 | $ 542,675.69 | |
| | 5/1/2007 | | | | | $ 0.70 | | | | | | | | | | Per Diem Adjustment |
| 6/1/2007 | 5/1/2007 | | | $ 3,446.10 | 1 | $ 111.17 | 7.430% | 111.17 | - | | (111.17) | 111.17 | $ 542,675.69 | (3,421.09) | $ 546,096.78 | |
| | 5/31/2007 | 6/5/2007 | | | 30 | $ 111.16 | 7.430% | 3,334.93 | 111.17 | 3,334.93 | 111.17 | - | $ 546,096.78 | 0.00 | $ 546,096.78 | |
| | 6/1/2007 | | | | | $ 11.48 | | | | | | | | | | Per Diem Adjustment |
| 7/1/2007 | 6/1/2007 | | | | 1 | $ 122.49 | 7.420% | 122.49 | 122.49 | | (122.49) | 122.49 | $ 546,096.78 | (3,446.10) | $ 549,542.88 | |
| | 6/8/2007 | 6/8/2007 | | $ (53,000.00) | 7 | $ 111.72 | 7.420% | 782.01 | 904.50 | (53,000.00) | 782.01 | 904.50 | $ 549,542.88 | (53,000.00) | $ 602,542.88 | Rough Framing |
| | 6/30/2007 | | | $ 457.11 | 22 | $ 122.49 | 7.420% | 2,694.77 | 3,142.16 | 457.11 | (2,237.66) | 3,142.16 | $ 602,542.88 | - | $ 602,542.88 | |
| | 7/1/2007 | 7/22/2007 | Borrower | $ 3,142.16 | 0 | $ 122.49 | 7.420% | | | 3,142.16 | (3,142.16) | 0.00 | $ 602,542.88 | | $ 602,542.88 | |
| | 7/1/2007 | | | | 1 | $ 122.42 | 7.410% | 122.43 | 0.00 | | (122.43) | 122.43 | $ 602,542.88 | (457.11) | $ 602,999.99 | Per Diem Adjustment |

## Key Loan Transactions
### Borrower: Loftis
### Loan No. 0011128945

| Due Date | Effective Date | Transaction Date | Amount Received | Amount to P&I | # of Days | Per Diem | IR | Interest Amount | Beginning Interest Due Amount | Applied to Interest | Applied to Interest Due | Remaining Interest Due Balance | Beginning Principal Balance | Applied to Principal | Remaining Principal Balance | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/1/2007 | 7/31/2007 | | Borrower | $ 3,794.94 | 30 | $ 122.42 | 7.410% | $ 3,672.52 | $ 122.43 | $ 3,672.52 | $ 122.42 | $ 0.00 | $ 602,999.99 | $ - | $ 602,999.99 | |
| | 8/1/2007 | | | | 1 | $ 121.92 | 7.380% | $ 121.92 | $ 0.00 | $ - | $ (121.92) | $ 121.93 | $ 602,999.99 | $ - | $ 602,999.99 | |
| | 8/10/2007 | | | | | | | | | | | | | 0.28 | $ 602,999.73 | |
| 9/1/2007 | 8/31/2007 | | Borrower | $ 3,779.57 | 30 | $ 121.92 | 7.360% | $ 3,657.65 | $ 121.93 | $ 3,657.65 | $ 121.92 | $ 0.00 | $ 602,999.99 | $ - | $ 602,999.73 | |
| | 9/1/2007 | | | | 1 | $ 121.10 | 7.330% | $ 121.10 | $ 0.00 | $ - | $ (121.10) | $ 121.10 | $ 602,999.73 | $ - | $ 602,999.73 | |
| | 9/30/2007 | | | | 29 | $ 121.10 | 7.330% | $ 3,511.77 | $ 121.10 | $ - | $ (3,511.77) | $ 3,632.87 | $ 602,999.73 | $ - | $ 602,999.73 | |
| | 10/31/2007 | | | | 30 | $ 121.10 | 7.330% | $ 3,632.87 | $ 3,632.87 | $ - | $ (3,632.87) | $ 7,386.83 | $ 602,999.73 | $ - | $ 602,999.73 | |
| | 11/30/2007 | | | | 31 | $ 121.10 | 7.330% | $ 3,753.96 | $ 7,386.83 | $ - | $ (3,753.96) | $ 11,019.70 | $ 602,999.73 | $ - | $ 602,999.73 | |
| | 12/31/2007 | | | | 31 | $ 121.10 | 7.330% | $ 3,753.96 | $ 11,019.70 | $ - | $ (3,753.96) | $ 14,773.66 | $ 602,999.73 | $ - | $ 602,999.73 | |
| | 1/31/2008 | | | | 31 | $ 121.10 | 7.330% | $ 3,753.96 | $ 14,773.66 | $ - | $ (3,753.96) | $ 18,527.63 | $ 602,999.73 | $ - | $ 602,999.73 | |