U.S. Bankruptcy Court for the District of Delaware       11 February 2011
824 Market Street, 3d Floor
Wilmington, Delaware 9801

Sean Beach et al.
1000 West St. 17th Floor
Wilmington, Del. 19801

Hahn & Hessen LLP, et al.
488 Madison Ave
New York, NY 10022

JoAnn Knorr
4112 Converse Dr.
Raleigh, NC 27609

In RE: AMERICAN HOME MORTGAGE HOLDINGS, INC (Debtors)
Chapter 11: Case No. 07-11047 (CSS)

<u>Daniel Seland</u> Response to Notice of Objection to Subordination Statements

This letter is in response to the notice on 31 January 2011 from Seven D. Sass ("Sass"), the liquidating trustee for the Plan Trust pursuant to the bankruptcy of American Home Mortgage (AMH) and it affiliates.

Sass alleges that Daniel Seland (Seland) (Docket no. 9592) has not asserted any right to obtain the benefits of subordination set forth n an applicable Subordinated Trust Preferred Indenture. Sass argues that, to the extent that Seland seeks subordination on some other basis, Seland's Subordination Statement is procedurally deficient. Sass, therefore, is asking the court to deny Seland's request for subordination set forth in Seland's Subordination Statement.

In response:
1. Seland's Claim Against AHM Investment is a categorized as Class 2D and consists of a Subordinated Claim against AHM Investment.

    a. The U.S Bankruptcy Court for the District of Delaware (the "Court"), as stated in AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009, feels that, although class 2D claimants are not expected to retain or receive any property under the Plan on account of such Claims and Interests, these Classes are conclusively presumed to have rejected the Plan.
    b. Seland wishes to not be presumed to have rejected the Plan, but rather retain his right, as a preferred share holder, to file a claim based on the legal foundation that he possesses rights to the company's assets considering that

      the company is in bankruptcy proceedings and that its assets are to be distributed to legal claimants which should include the preferred shareholders.
- c. Seland further notes that, regardless of the financial status of the company to pay its debts, and the legitimacy of other claimants to obtain that money, and regardless of their classes, his right to file a claim with the "Court" should not be denied based on his status as a Preferred Shareholder. Seland maintains that such a right is his as an owner of preferred stock.
- d. Seland recognizes the burden on the court, in terms of complexity and time, to honor requests of multiple preferred share holders who claim a legitimate right to the residual assets of AMH et al., and that such a right should not be discarded but, rather, upheld based on firm legal foundations.
- e. Seland also notes that the expectation of preferred share holders, from the time of the purchase of the preferred stock, was that the Court, through its Trustee, would practice due diligence in recognizing the right of the preferred shareholders to seek restitution for their losses; the losses caused not by the shareholders but by AHM et al.
- f. On December 18, 2007, the Court filed the claim by Seland and affirmed his by assigning him claim number as 5652 and case number 07-11048.
- g. Seland notes with satisfaction the acceptance by the Court of his claim, and the processing of his claim to that time through due diligence procedures.
- h. Seland understands his subordination to other claimants and, as a preferred shareholder, believes that his claim should continued to be processed until all money is distributed in accordance with the ongoing bankruptcy proceedings.
- i. Subsequent to the December 18, 2007 affirmation, and in accordance with the Debtor's Second Omnibus (Non-Substantive) Objection to this claim pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and local Rule 3007-1 (D.I. 3474, 3/28/08), Seland was given Docket Number 7186 and notified that his case was "Going forward".
- j. Seland received notice from YOUNG, CONAWAY, STARGATT & Taylor, LLP, that his claim against the Debtors was filed on March 30, 2009.
- k. Subsequently to that filing, Seland submitted a Subordinate Statement in December 2010 stating that his claim is subordinated in right of prepayment to other claims against the Debtors as provided for in the plan.

Sass objects to Seland's Subordination Statement because Seland's Statement fails to assert a Senior Unsecured Claim that is entitled to the benefit of subordination under the Subordinated Trust Preferred Indenture. Sass, therefore, concludes that Seland is not entitled to the benefit of subordination set forth in any Subordinated Trust Preferred Indenture.

In response to the objections of Sass, Seland feels:
- a. Seland's Subordination Statement did not assert Seland as a Senior Unsecured Claimant.
- b. Seland confirms that he is a Class 2(D) claimant in accordance with the "*Subordinated Trust Preferred Claim*" as defined in the AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS, DATED AS OF FEBRUARY

18, 2009. As such, Seland's claim is defined as: Any Claim or Interest arising from or related to any note or any other security or indebtedness issued by a Debtor pursuant to or in connection with any issuance of any trust preferred security or similar instrument by AHM Capital Trust I, Baylis Trust I, Baylis Trust II, Baylis Trust III, Baylis Trust IV, Baylis Trust V, Baylis Trust VI, Baylis Trust VII, and Baylis Trust VIII.

c. Sass fails to show the impropriety of Seland's claim, which is to seek Interest arising from or related to any note or any other security or indebtedness issued by a Debtor pursuant to or in connection with any issuance of any trust preferred security or similar instrument by AHM, as stated in the AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS, DATED AS OF FEBRUARY 18, 2009.

d. Sass fails to properly provide Subordinate Statement guidelines to Seland in accordance with prudent fiduciary responsibilities of Sass to the State of Deleware and the claimant. In comparison, Sass provided guidelines and timelines to class 1C(1) and 2C(1) claimants on 30 November 2010.

e. The lack of fiduciary prudence by Sass, by not offering Seland guidance and timelines, is prejudicial to the Seland and places him at a disadvantage in relation of other claimants.

As such, Seland requests the Court to;

a. Continue to recognize Seland's validity as a claimant,
b. Continue to process Seland's claim in priority to other claimants,
c. Accept Seland's Subordination Statement or direct Sass to advise Seland on changes which must be made to the Statement which will allow it to be accepted.

In summary, Seland respectfully requests that the Court deny the request of Sass to terminate Seland's request for subordination.

*Daniel Seland* (signature)
Daniel Seland

| | |
|---|---|
| Home: | Heinrichstr. 23<br>Burstadt, Germany |
| Mailing address: | CMR 420, box 1993<br>APO AE 09063 |
| e-mail: | selandca@yahoo.com |