# EXHIBIT 1

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Ref. Docket Nos. 7915, 7985 & 8031 |
| ------------------------------------------------------------------ x | | |

## STIPULATION BY AND BETWEEN THE PLAN TRUSTEE AND L.A. COUNTY TREASURER AND TAX COLLECTOR REGARDING THE DEBTORS' FORTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NUMBER 10726

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the " Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), and the L.A. County Treasurer and Tax Collector ("L.A. County" and together with the Plan Trustee, the "Parties"), as of the date set forth below. The Parties hereby stipulate and agree that the following terms shall govern the treatment of the claim identified herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

WHEREAS, on June 22, 2009, the L.A. County Treasurer and Tax Collector ("L.A. County") filed proof of claim number 10726 ("Claim 10726") against debtor American Home Mortgage Holdings, Inc. (Case No. 07-11047) ("AHM Holdings");

WHEREAS, on August 7, 2009, the Debtors filed their Forty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "Objection") [Docket No. 7915];

WHEREAS, on August 28, 2009, L.A. County filed a response [Docket No. 7985] to the Objection;

WHEREAS, on September 8, 2009, the Court entered an order [Docket No. 8031] sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, Claim 10726;

WHEREAS, the Parties have conferred with respect to reaching a consensual resolution of the Objection as it pertains to Claim 10726.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. Claim 10726, filed by L.A. County, shall receive the treatment as set forth herein.

2. L.A. County agrees that, except with respect to the parcel identified on Exhibit 1 attached hereto (the "Remaining Parcel"), the claimed taxes applicable to the parcels identified in Claim 10726 have either been paid in full or are not the responsibility of the Debtors.[2]

---

[2] The parcels for which the claimed taxes have been paid in full are referred to as to "Paid Parcels" and the parcel that is not the responsibility of the Debtors for the claimed tax years are the "Non-Debtor Parcel". Collectively, the Paid Parcels and the Non-Debtor Parcel are referred to as the "Satisfied Parcels".

2

3. Based on: (i) L.A. County's records that the claimed taxes applicable to the Paid Parcels have been paid in full; and (ii) the Debtors' representations that neither AHM Holdings nor any other Debtor had an interest in the Non-Debtor Parcel[3] for the claimed tax years, L.A. County agrees that Claim 10726 shall be modified and reduced to a secured claim in the amount of $26,831.48, which amount reflects the total amount claimed by L.A. County in connection with the Remaining Parcel; provided, however, the Plan Trustee reserves all rights to object to or otherwise contest the taxes claimed by L.A. County on account of the Remaining Parcel and L.A. County reserves all rights with respect to the Remaining Parcel and all amounts claimed in connection therewith.

4. Upon the Court's approval of this Stipulation, L.A. County and the Plan Trustee do hereby fully release and discharge each other, and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating solely to the Satisfied Parcels, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

5. Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

6. This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

---

[3] The Non-Debtor Parcel is identified on <u>Exhibit 2</u> attached hereto.

3

7. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

8. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 14th day of February, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

STECKBAUER WEINART JAFFE, LLP

*/s/ Barry S. Glaser*
Barry S. Glaser
Jacquelyn H. Choi
333 S. Hope Street
36th Floor
Los Angeles, California 90071
Telephone: (213) 229-2868

*Counsel to L.A. County Treasurer and Tax Collector*

# EXHIBIT 1

**Remaining Parcel**

| [CLAIM NUMBER] | [TAX ID] | [YEARS] | RECORD OWNER | COMMENT SECTION |
|---|---|---|---|---|
| 1208140 | 5107-026-002 | 05 & 06-10, 06 & 07-000<br><br>Claimed taxes owed: $22,270.59 | American Home Mortgage Servicing, Inc. | Parcel # 5107-026-002 is an active REO owned by non-debtor American Home Mortgage Servicing, Inc. ("AHMSI"). The Debtors and now the Plan Trustee allege the claimed taxes applicable to this parcel were either not the responsibility of the Debtors or will be paid by AHMSI upon the sale of such property or within 90 days of the imminent loss date, which is scheduled for December 2012. However, L.A. County asserts the tax liability accrued as of the applicable lien date and therefore it has a right to immediate payment and/or allowance of the amounts claimed on account of this parcel. The Parties reserve the right to contest such matters at a later date. |
| 1208140 | 5107-026-002 | 08-000<br><br>Claimed taxes owed: $4,560.89 | American Home Mortgage Servicing, Inc. | Parcel # 5107-026-002 is an active REO owned by non-debtor American Home Mortgage Servicing, Inc. ("AHMSI"). The Debtors and now the Plan Trustee allege the claimed taxes applicable to this parcel will be paid by AHMSI upon the sale of such property or within 90 days of the imminent loss date, which is scheduled for December 2012. However, L.A. County asserts the tax liability accrued as of the applicable lien date and therefore it has a right to immediate payment and/or allowance of the amounts claimed on account of this parcel. The Parties reserve the right to contest such matters at a later date. |

## **EXHIBIT 2**

**Non-Debtor Parcel**

| CLAIM | PARCEL NUMBER | TAX YEARS | RECORD OWNER | COMMENT/SECTION |
|---|---|---|---|---|
| 837861 | 5092-007-021 | 08-000 | AHMIT 2005-2 | The applicable loan was sold to AHMIT 2005-2 on June 22, 2005 and therefore the Debtor against which the claim is asserted was not the record owner on the lien date for the claimed tax year. |
| 837861 | 5092-007-021 | 08-010 | AHMIT 2005-2 | The applicable loan was sold to AHMIT 2005-2 on June 22, 2005 and therefore the Debtor against which the claim is asserted was not the record owner on the lien date for the claimed tax year. |