IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
    Debtors.                                                     :
                                                                 :  **Response Deadline: March 30, 2011 at 4:00 p.m. (ET)**
                                                                 :  **Hearing Date: April 6, 2011 at 11:00 a.m. (ET)**
---------------------------------------------------------------- x

## PLAN TRUST'S SEVENTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Steven D. Sass, as liquidating trustee (the " Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B and C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full, reassigning, modifying and/or reclassifying such Disputed Claims as described herein. In

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

support of this Objection, the Plan Trustee relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's Seventy-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5.  On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.  On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.  To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8.      By this Objection, the Plan Trustee seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full or modifying, reclassifying and/or reassigning the Disputed Claims listed in Exhibits A, B and C to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

A.      **No Liability Claims**

9.      After reviewing each of the Disputed Claims and supporting materials as well as the Debtors' books and records, which the Plan Trustee believes to be accurate, the Debtors have determined that they are not liable with respect to the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims"). Moreover, the Plan Trustee cannot justify these claims as valid. Consequently, the Plan Trustee believes the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Plan Trustee hereby objects to the No Liability Claims and requests entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit A

B.      **Reclassified Wrong Debtor Claim**

10.     The claimant asserting the claim identified in Exhibit B to the Proposed Order (the "Reclassified Wrong Debtor Claim") failed to assert any priority level for such claim. After reconciling the Reclassified Wrong Debtor Claim against the Debtors' books and records, the Plan Trustee has determined that the priority level of this claim should be reclassified as indicated in the "Modified Amount" column in Exhibit B.

11. Additionally, the claimant asserting the Reclassified Wrong Debtor Claim failed to assert such claim against any specific Debtor. After reviewing the Debtors' books and records, the Plan Trustee believes that the Reclassified Wrong Debtor Claim should have been filed against the case number listed under the column titled "New Case Number" (the "New Case Number"). The Plan Trustee believes that the claimant asserting the Reclassified Wrong Debtor Claim intended to file such claim under the New Case Number. Consequently, the Plan Trustee believes that the Reclassified Wrong Debtor Claim should be reassigned to the New Case Number as indicated in Exhibit B.

12. Failure to reclassify and reassign the Reclassified Wrong Debtor Claim as set forth herein will result in the claimant receiving an incorrect priority and an unwarranted recovery against the wrong Debtor entity to the detriment of other creditors in these cases. Accordingly, the Plan Trustee hereby objects to the Reclassified Wrong Debtor Claim and requests entry of an order reclassifying and reassigning the Reclassified Wrong Debtor Claim as set forth in Exhibit B.

C.  **Modified Amount Reclassified Wrong Debtor Claim**

13. The claimant asserting the claim identified in Exhibit C to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claim") asserted an amount that was higher than the amount of liability reflected in the Debtors' books and records. Consequently, the Plan Trustee believes the amount of the Modified Amount Reclassified Wrong Debtor Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit C should be modified by reducing or fixing the amount to the dollar value listed under the column titled "Modified Amount" in Exhibit C.

14. Additionally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim asserted that the entirety of this claim was entitled to priority status. After reconciling the Modified Amount Reclassified Wrong Debtor Claim against the Debtors' books and records, the Plan Trustee has determined that only a portion of this claim is entitled to priority status and therefore the priority level of this claim should be adjusted to reflect the proper priority levels of such claim. Consequently, the Plan Trustee believes that the Modified Amount Reclassified Wrong Debtor Claim should be reclassified as indicated in the "Modified Amount" column in Exhibit C. .

15. Finally, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim failed to assert such claim against any specific Debtor. After reviewing the Debtors' books and records, the Plan Trustee believes it has determined which Debtor the Modified Amount Reclassified Wrong Debtor Claim should have been filed against and has listed a new case number for such claim under the column titled "New Case Number" (the "New Case Number"). The Plan Trustee believes that the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim intended to file such claim under the New Case Number. Consequently, the Plan Trustee believes that the Modified Amount Reclassified Wrong Debtor Claim should be reassigned to the New Case Number as indicated in Exhibit C.

16. Failure to modify, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claims as set forth herein will result in the claimant receiving an incorrect priority and an unwarranted recovery against the wrong Debtor entity to the detriment of other creditors in these cases. Accordingly, the Plan Trustee hereby objects to the Modified Amount Reclassified Wrong Debtor Claim and requests entry of an order reclassifying, reassigning, and reducing the value of the Modified Amount Reclassified Wrong Debtor Claim as set forth in Exhibit C.

## RESERVATION OF RIGHTS

17. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

18. The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: March 7, 2011  
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*  
Sean M. Beach (No. 4070)  
Michael S. Neiburg (No. 5275)  
The Brandywine Building  
1000 West Street - 17th Floor  
P.O. Box 391  
Wilmington, Delaware 19899  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-11047 (CSS) |
| | : |
| | : Jointly Administered |
| Debtors. | : |

---

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S SEVENTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1. I am the Director of Claims Administration for the above-captioned debtors and debtors in possession (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's Seventy-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "No Liability Claims", "Reclassified Wrong Debtor Claim", and "Modified Amount Reclassified Wrong Debtor Claim", as defined in the Objection and identified on Exhibits A, B and C to the Proposed Order, respectively.

3. The information contained in Exhibits A, B and C to the Proposed Order is true and correct to the best of my knowledge.

4. The Plan Trustee has reviewed the No Liability Claims, related supporting documentation, and the Debtors' books and records and determined that they have no record of any liability on account of the claims identified in Exhibit A to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Plan Trustee seeks to expunge and disallow in full the No Liability Claims.

5. The Plan Trustee has reviewed the Debtors' books and records and determined that the Reclassified Wrong Debtor Claim identified in Exhibit B to the Proposed Order should be reclassified to the priority levels listed in Exhibit B and reassigned to the new case number listed in Exhibit B. Accordingly, in order to provide the claimant with the appropriate priority status for its claim and prevent an unwarranted recovery against the wrong Debtor, the Plan Trustee seeks to reclassify and reassign the Reclassified Wrong Debtor Claim.

6. The Plan Trustee has reviewed the Debtors' books and records and determined that the Modified Amount Reclassified Wrong Debtor identified in Exhibit C to the Proposed Order should be modified to the amount listed in Exhibit C, reclassified to the priority level listed in Exhibit C, and reassigned to the new case number listed in Exhibit C. Accordingly, to

prevent the claimant from receiving an unwarranted recovery and undue priority against the wrong Debtor, the Plan Trustee seeks to modify, reclassify, and reassign the Modified Amount Reclassified Wrong Debtor Claim.

*[Remainder of page intentionally left blank]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 7, 2011        _____
                                 Eileen Wanerka
                                 AHM Liquidating Trust
                                 Director of Claims Administration