IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11
Case No. 07-11047 (CSS)
Jointly Administered

---

In re:
AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, *et al.*,
Debtors.

---

Delena Sigmon LaMacchia

Hearing Date:

Movant,

DEUTSCHE BANK NATIONAL TRUST CO.

GOLDMAN SACHS

MERS

STRUCTURED ASSET MORTGAGE
INVESTMENTS II 2007 AR4

WELLS FARGO

BEAR STEARNS

JP MORGAN CHASE BANK

EMC MORTGAGE CORPORATION

MICHAEL STRAUSS

WLR RECOVERY FUND IIII, L.P.

SCOTT WALLACE, JOSEPH KEEVER, ALBERT KATANOV,
COLLEEN MCCALLAN, THEODORA DEANO, AND
JOHN DOES, AS EMPLOYEES, AGENTS, AND REPRESENTATIVES
OF AMERICAN HOME MORTGAGE


MOTION OF DELENA LAMACCHIA FOR ALLOWANCE OF LATE FILING
ADMINISTRATIVE EXPENSE CLAIM

Delena Lamacchia ("Movant") respectfully requests the entry of an order, pursuant to 11 U.S.C. § 503(b)(9), for the allowance and payment of an administrative expense claim in the amount of $[600,000].[1] In support of her Motion, Movant states as follows:

1. On June 28, 2007, Movant entered into a fraudulent, inherently predatory mortgage agreement, originated by American Home Mortgage. ("AHM"). Attachment A, A1, B, C, D, E, F, G, H, I

2. On August 6, 2007 (the "Petition Date"), AHM and each of the other above-captioned debtors ("Debtors") filed their voluntary petitions under Chapter 11 of the Bankruptcy Code.

3. On or about August 20, 2007, *AHM Servicing* transferred its role as servicer of Movant's mortgage to EMC Mortgage Corporation ("EMC"). Attachment J

4. In September 2007, EMC mailed a billing statement to Movant, which contained financial figures that were inconsistent with verbal assurances made by AHM at the time Movant entered into the mortgage agreement. Attachment K

5. Movant asked EMC for clarification about the discrepancy and posed a variety of other questions about the ownership status of her loan. In response, EMC informed her that AHM was the only party that could answer her questions because it was in possession of the original loan documents. Attachment L,M

6. In an effort to determine her legal rights, Movant repeatedly requested answers and documentation from AHM, including who the rightful owner of this mortgage was, and was denied all relevant answers and access to these critical documents for approximately eight months. Attachment N,O

7. This wrongful delay by debtors has inhibited Movant's ability to pursue legal claims.

8. Movant reserves her right to amend, modify and/or supplement this motion.

WHEREFORE, Delena Lamacchia respectfully requests that the Court enter an Order for the allowance and payment of her administrative expense claim, and for such other relief as the Court deems just and proper.

Dated: 3/28/11                                              Date:

Signed: *Delena Sigmon Lamacchia*          Signed:
                                                            Christopher S. Sontchi
                                                            United States Bankruptcy Court

---

[1] Movant received assistance with this *pro se* motion from Margaret Becker, attorney with Staten Island Legal Services.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation,
*et al.*,

Chapter 11
Case No. 07-11047 (CSS)
Jointly Administered

Debtors,

-----------------------------------------------------------------

Delena Sigmon LaMacchia        Hearing Date:

Movant,

DEUTSCHE BANK NATIONAL TUST CO.

GOLDMAN SACHS

MERS

STRUCTURED ASSET MOTGAGE
INVESTMENTS II 2007 AR4

WELLS FARGO

BEAR STEARNS

JP MORGAN CHASE BANK

EMC MORTGAGE CORPORATION

MICHAEL STRAUSS

WLR RECOVERY FUND III, L.P.

SCOTT WALLACE, JOSEPH KEEVER,
ALBERT KATANOV, COLLEEN MCCALLAN,
THEODORA DEANO, AND JOHN DOES, AS
EMPLOYEES, AGENST, AND RESPRESENTATIVES
OF AMERICAN HOME MORTGAGE

DEFENDANTS
-----------------------------------------------------------------

## MOTION OF DELENA LAMACCHIA FOR A LATE FILING OF EQUITABLE SUBORDINATION OF WELLS FARGO'S CLAIMS

Delena Lamacchia ("Movant") respectfully requests the entry of an order, pursuant to 11 U.S.C. § 510(c)(1), for the equitable subordination of all claims of Wells Fargo Bank ("Wells Fargo") and its affiliated entities to the claims (claim #s 10651 and 10686) filed by Movant ("Movant's Claims") in the above-captioned bankruptcy proceedings.[1] In support of her Motion, Movant states as follows:

1. American Home Mortgage has not objected to that claim or even made any attempts to settle this matter and continues to expend resources to fight the litigation.

2. On June 28, 2007, Movant entered into a fraudulent, inherently predatory mortgage agreement, originated by American Home Mortgage. ("AHM"). Wells Fargo claims to be the trustee for the current owner of this mortgage Attachment P

3. The mortgage was a Payment Option ARM mortgage.

4. On August 6, 2007 (the "Petition Date"), AHM and each of the other above-captioned debtors ("Debtors") filed their voluntary petitions under Chapter 11 of the Bankruptcy Code.

5. AHM and Wells Fargo were partners in an inequitable process of inducing prospective and existing homeowners, including Movant, into entering into inherently predatory mortgage agreements.

6. The conduct of AHM, EMC, JP Morgan Chase, and Wells Fargo caused substantial financial harm to Movant, as noted in the supporting documentation to Movant's Claims. Attachment Q

7. The equitable subordination of Wells Fargo's claims is consistent with section 510(c)(1) of the Bankruptcy Code, which provides that a bankruptcy court may "subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim."

8. Equitable subordination is specifically contemplated by Article 17 of the Debtors' Plan, the Plan does not "preclude or inhibit the Holder of an Allowed Borrower Claim from filing and prosecuting a motion to equitably subordinate for distribution purposes all or part of another Allowed Claim to such Allowed Borrower Claim to the extent permitted by section 510(c)(1) of the Bankruptcy Code."

9. Movant reserves her right to amend, modify and/or supplement this motion.

---

[1] Movant received assistance in preparing this *pro se* motion from Margaret Becker, attorney with Staten Island Legal Services.

WHEREFORE, Delena Lamacchia respectfully requests that the Court enter an Order for the equitable subordination of all claims of Wells Fargo and its affiliated entities to the claims of Delena Lamacchia.

Dated: 3/28/2011                             Date:

Signed: *Delena Lynn Lamacchia*   Signed:

                                                    Christopher S. Sontchi
                                                  United States Bankruptcy Court