# EXHIBIT A



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
**WASHINGTON, D.C. 20410-8000**

OFFICE OF THE ASSISTANT SECRETARY
FOR HOUSING-FEDERAL HOUSING COMMISSIONER

November 21, 2005

Chairman Michael Strauss
President & CEO
American Home Mortgage
520 Broadhollow Road
Melville, NY 11747

Subject: RESPA Case # R-05-1142
 Gil Alvarez
 American Home Mortgage Loan # 10000769615

Dear Mr. Strauss:

The Department of Housing and Urban Development's Office of RESPA and Interstate Land Sales (Office) is responsible for enforcing the Real Estate Settlement Procedures Act (RESPA). The Office has received a complaint from Attorney Bonita E. Zelman, counsel for Gil Alvarez, a copy of which is attached. Ms. Zelman has informed the Office that American Home Mortgage has failed to answer Mr. Alvarez's complaints. Mr. Alvarez also alleges that he was misled as to the interest rate of his loan in addition to the failure to respond to the qualified written request pursuant to Section 6 of RESPA.

This Office would remind you that Section 6(e) of RESPA imposes a duty upon loan servicers to respond to borrower inquiries. Loan servicers have 20 business days to acknowledge a qualified written request and must take action to resolve the matter within 60 business days. During the 60-day period relating to a dispute regarding a borrower's payments, a loan servicer may not provide adverse information relating to the dispute to a credit bureau.

We would also remind you that by the terms of Section 16 of RESPA (12 U.S.C. Section 2614), a borrower may bring an action for damages in the United States District Court within three years from the date of a violation of Section 6's provisions. In addition, please remember that the Secretary of Housing and Urban Development is authorized by Section 2617(c)(1) of Title 12 of the United States Code to investigate any facts, conditions, practices or matters deemed necessary to determine whether any person has violated or is about to violate any provision of the Act or any rule or regulation prescribed pursuant thereto, or to secure information, including issuing subpoenas, to serve as a basis for recommending further legislation concerning real estate settlement practices.

Please contact Ms. Zelman immediately to resolve this matter. If an acceptable resolution is not reached within 15 days of the receipt of this letter, this complaint will also be forwarded to the Federal Reserve Board of Governors for an investigation into possible Truth in Lending Act violations.

Please inform this Office of the resolution of this matter. A copy of any correspondence with Ms. Zelman or Mr. Alvarez should be sent to:

> U.S. Department of Housing and Urban Development
> Office of RESPA and Interstate Land Sales
> 451 7th, SW, Room 9154
> Washington, DC 20410
> Attn: Deborah Denton

If you have any questions, please contact Ms. Denton at (202) 708-0502.

> Sincerely
>
> Ivy M. Jackson
> Director
> Office of RESPA and
>     Interstate Land Sales

Enclosure
cc: Bonita E. Zelman
    Gil Alvarez

Sincerely,

*Ivy M Jackson*

Ivy M. Jackson
Director
Office of RESPA and
　Interstate Land Sales

# EXHIBIT B

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

In Re:

**AMERICAN HOME MORTGAGE CORP. OF NEW YORK**
a registrant under Chapter 494, Fla. Stat., Mortgage Broker and Lender Code

Administrative Proceeding
No.: 1529-F-6/06

Respondent.
_____/

## FINAL ORDER

The Office of Financial Regulation ("Office"), and Respondent, AMERICAN HOME MORTGAGE CORP. OF NEW YORK, having entered into a Stipulation and Consent Agreement last dated October 12, 2006, attached hereto, resolving and concluding this matter;

**IT IS ACCORDINGLY ORDERED:**

1. The Stipulation and Consent Agreement attached hereto is adopted and incorporated herein by reference as if set forth at length;

2. The Office and Respondent shall comply with all provisions of the incorporated Stipulation and Consent Agreement.

DONE and ORDERED this 17th day of October 2006, in Tallahassee, Leon County, Florida.

_____
DON B. SAXON, Commissioner
Office of Financial Regulation

## NOTICE OF RIGHT TO JUDICIAL REVIEW

A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW PURSUANT TO SECTION 120.68, FLORIDA STATUTES. APPELLATE PROCEEDINGS ARE GOVERNED BY THE FLORIDA RULES OF APPELLATE PROCEDURE. SUCH PROCEEDINGS ARE COMMENCED BY MAILING A NOTICE OF APPEAL TO:

THE AGENCY CLERK
OFFICE OF FINANCIAL REGULATION
P.O. BOX 8050
TALLAHASSEE, FL 32314-8050

OR HAND DELIVERING TO 101 EAST GAINES ST., TALLAHASSEE, FLORIDA. A COPY, ACCOMPANIED BY FILING FEES PRESCRIBED BY LAW, MUST BE FILED WITH THE DISTRICT COURT OF APPEAL, FIRST DISTRICT, OR WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE PARTY RESIDES. THE NOTICE OF APPEAL MUST BE FILED WITHIN 30 DAYS OF RENDITION OF THE ORDER TO BE REVIEWED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Final Order was sent by U.S. Mail to Mitchell H. Kider, Esq., attorney for AMERICAN HOME MORTGAGE CORP. OF NEW YORK, at Weiner Brodsky Sidman Kider PC, 1300 19th St. NW, Fifth Floor, Washington, DC 20036-1609 on this ___ day of October 2006.

Robert H. Schott, Esq.
Fla. Bar No.: 0312266
Assistant General Counsel
Office of Financial Regulation
P.O. Box 8050
Tallahassee, FL 32314-8050
(850) 410-9648
Facsimile: (850) 410-9645

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

In Re:

AMERICAN HOME MORTGAGE
CORP. OF NEW YORK
a registrant under Chapter 494, Fla. Stat.,
Mortgage Broker and Lender Code

Administrative Proceeding
No.: 1529-F-6/06

Respondent.

_____/

## STIPULATION AND CONSENT AGREEMENT

The State of Florida, Office of Financial Regulation (the "Office" or "OFR"), pursuant to Chapter 494, Florida Statutes, and AMERICAN HOME MORTGAGE CORP. OF NEW YORK ("Respondent") in consideration of the mutual promises herein, recite, stipulate, and agree as follows:

1. **Background:** Respondent's registered address is 538 Broadhollow Road, Melville, New York 11747.

2. **Jurisdiction:** The Office is responsible for the administration and enforcement of Chapter 494, Florida Statutes, and has jurisdiction over Respondent, AMERICAN HOME MORTGAGE CORP. OF NEW YORK, pursuant to Sections 494.0011, 494.0012, 494.0072, and 494.0073, Florida Statutes.

3. **Findings:** On February 9, 2006, in response to a consumer complaint, the Office examined Respondent's processing of mortgage loan to Gil Alvarez. The examiner reviewed the documents and information received from the complainant and the Respondent. Further, the examiner reviewed records

1

obtained by subpoena and interviewed Mr. Alvarez, the loan originator, and the closing agent. As a result of that examination, the Office alleges the discrepancies or violations described in paragraphs 3.a. and 3.b. below. Respondent neither admits nor denies the allegations.

    a. The loan originator acting for Respondent, Lynette Warren, promised Mr. Alvarez a 5.25% interest rate on a thirty year fixed mortgage. However, Ms. Warren failed to lock-in that 5.25% rate, and at closing, the rate had increased to 5.75%. Mr. Alvarez alleges that he had to accept a mortgage loan at 5.75% interest or face legal action.

    b. Over the thirty-year life of the mortgage, Mr. Alvarez will incur financial loss. Further, the loan originator's failure to lock-in the promised interest rate constituted negligence and incompetence in a mortgage financing transaction within the meaning of Section 494.0072(2)(b), Florida Statutes.

    c. Section 494.0072 authorizes the Office to impose penalties including imposition of a fine not exceeding $5000 per offense when a licensee commits an enumerated offense. Those offences include negligence or incompetence in any mortgage financing transaction. See Subsection 494.0072(2)(b), Florida Statutes.

    4. **Consideration:** The parties agree that the issues raised in this matter can be expeditiously resolved without the expense of litigation and/or a hearing. Therefore, in compromise and settlement of the investigation and in consideration of the Office's forbearance from issuance of an administrative complaint and pursuing litigation.

a. That Respondent agrees, in the conduct of any and all business affairs requiring registration under the Act, to strictly comply with all provisions of the Act, Chapter 494, Florida States, as it now exists and as they may be amended. Respondent also agrees to strictly comply with Chapter 69V, Florida Administrative Code, adopted by the Office pursuant to the Act, as such rules now exist and as they may be amended.

b. That Respondent is fined five thousand dollars ($5000.00) payable by cashier's check and made payable to the Department of Financial Services, and mailed to the Agency Clerk, Office of Financial Regulation, 200 E. Gaines Street, Fletcher 526, Tallahassee, Florida 32399-0379, and reference Administrative Proceeding No. 1529-F-6/06. Respondent shall submit the check simultaneous with the return of this executed agreement. Respondent understands and agrees that (1) in accordance with Section 215.31, Florida Statutes, regarding the deposit of monies that the tendered fine or settlement check proceeds may be deposited in advance of full execution or acceptance of the proposed settlement agreement and (2) such deposit shall not be construed as a final acceptance of the Stipulation absent full execution thereof and entry of the Final Order adopting same.

5. **FINAL ORDER:** Respondent consents to the entry of a Final Order adopting and incorporating this Stipulation by reference. Respondent understands and agrees that this Stipulation and Consent Agreement is subject to final approval by the Commissioner of the Office and by entry of a Final Order adopting it. In the event the Final Order is not entered, this Stipulation and

Consent Agreement shall be null and void. The Final Order incorporating the terms of this Stipulation and Consent Agreement constitutes final agency action by the Office for which the Office may seek enforcement pursuant to the provisions of Chapter 120 and 494, Florida Statutes.

6. **CONSENT AND WAIVER.** By Respondent's consent to the entry of a Final Order with respect to this proceeding, Respondent knowingly and voluntarily waives:

    a. Any right to receipt of administrative charges or complaint and a notice of rights pursuant to Chapter 120, Florida Statutes;

    b. Any right to an administrative hearing provided by Chapter 120, Florida Statutes;

    c. Any requirement that that Office's Final Order contain separately stated findings of fact and conclusions of law or a notice of rights;

    d. Any right to issuance of a recommended order by an administrative law judge from the Division of Administrative Hearings or a hearing officer from the Office; and

    e. Any and all rights to object to or to challenge in any judicial proceeding including but not limited to, an appeal pursuant to Section 120.68, Florida Statutes, any term, obligation, condition or requirement of the Final Order.

7. **FAILURE TO COMPLY:** Respondent agrees that failure to comply with any of the terms, obligations, and conditions of this Agreement shall be a violation of a Final Order of the Office. Such noncompliance may result in the

WHEREFORE, in consideration of the foregoing, the Office and Respondent executes this Stipulation and Consent Agreement to issuance of a Final Order, as attached hereto, on the last date indicated below:

OFFICE OF FINANCIAL REGULATION

_____          10-12-06
RICHARD WHITE,                              Date
Director, Securities and Financial Regulation

RESPONDENT
AMERICAN HOME MORTGAGE CORP. OF NEW YORK

_____          9/18/06
By Alan Horn, General Counsel              Date

STATE OF ~~Florida~~ New York
COUNTY OF Suffolk

BEFORE ME, the undersigned authority, personally appeared Alan Horn as General Counsel of AMERICAN HOME MORTGAGE CORP. OF NEW YORK, who is personally known to me or has produced adequate identification, and who, after being duly sworn, states that he has read and understands the contents of this Stipulation and Consent Agreement and voluntarily executed the same.

SUBSCRIBED and SWORN to before me this 18 day of ~~August~~ Sept. 2006.

_____
NOTARY PUBLIC

My Commission Expires:    2008

ARLENE PARKS
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 20 08

6

# EXHIBIT C

LAW OFFICES OF
*Bonita E. Zelman*
2001 MARCUS AVENUE
SUITE S150
LAKE SUCCESS, N.Y. 11042
516-616-0707
FAX: 516-616-0761

By Facsimile to (516) 495-5418

April 6, 2007

John Kalas, Esq.
American Home Mortgage
Corporate Headquarters
520 Broadhollow Road
Melville, New York 11747

Re: Settlement Proposal for Gil Alvarez, AHM Loan#10000769615.

Dear Mr. Kalas,

    This letter is to confirm my conversation with Stephanie Alagna on April 5, 2007 with a view toward reaching a settlement in the above referenced claim in order to expeditiously resolve this matter and obviate lengthy and costly litigation. Ms. Alagna informed me that AHM can not obtain the 5.25% interest rate that AHM initially represented it would secure for Mr. Alvarez. We pointed out to Ms. Alagna that AHM entered a Consent Agreement with the Florida Office of Financial Regulation whereby it stipulated as a finding of fact that its loan originator failed to lock-in the promised rate of 5.25% interest for Mr. Alvarez on the thirty year mortgage and that therefore the rate increased to 5.75%. Ms. Alagna requested that we submit our settlement demand in writing for your review.

    In order to arrive at this settlement demand we retained a Certified Public Accountant to calculate the difference between the 5.25% mortgage rate AHM promised Mr. Alvarez and the 5.75% he was compelled to accept. The accountant utilized what is known as an Amortization Schedule and calculated that over thirty (30) years Mr. Alvarez would be wrongfully forced to pay $30,806 in additional interest. The Net Present Value of the interest in today's dollars is $15,000.00.

    In addition to the interest owed Mr. Alvarez attorney's fees were incurred in the amount of $16,812.50 for handling this case, disbursements of $274.73 for a total settlement demand of $32,087.23. Please telephone me so that we may discuss an amicable resolution to this matter.

    Thank you in advance for your personal attention and response in this regard.

Very truly yours,

Bonita E. Zelman
Bonita E. Zelman

cc: Stephanie Alagna, Paralegal
    American Home Mortgage

# EXHIBIT D



# American Home Mortgage
The American Home Building
538 Broadhollow Road
Melville, NY 11747

Stephanie Alagna, Paralegal
Phone Number 631-622-6476

**Settlement Privilege**

**VIA UPS**

April 13, 2007

Bonita E. Zelman, Esq.
2001 Marcus Avenue, Suite S150
Lake Success, NY 11042

RE: Settlement Proposal for Gil Alvarez AHM Loan # 10000769615

Dear Ms. Zelman:

This letter is to inform you that we will not be negotiating settlement with Mr. Alvarez.

Very truly yours,

Stephanie Alagna

# EXHIBIT E

**Bing**  define transaction

# transaction

[          ]

**trans·ac·tions**

1. **instance of doing business:** an instance of doing business of some kind, e.g., a purchase made in a shop or a withdrawal of funds from a bank account
2. **act of negotiating:** the act of negotiating something or carrying out a business deal
3. **interaction:** a communication or activity between two or more people that influences and affects all of them ( formal )
4. COMPUT **addition to database:** an action that adds, removes, or changes data in a database or other computer program

1. **proceedings:** the published records of a learned society

[ Mid-15th century. Via French < late Latin *transactiion-* < Latin *transigere* "drive through, accomplish" < *agere* "drive, do" ]

trans·ac·tion·al ADJECTIVE
trans·ac·tion·al·ly ADVERB


**Synonyms:**        ,         ,         ,         , business deal


Select a language