## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                                    :     Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :         Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                        :
                                                          :     Jointly Administered
        Debtors.                                          :
                                                          :     **Response Deadline: May 4, 2011 at 4:00 p.m. (ET)**
                                                          :     **Hearing Date: May 11, 2011 at 9:00 a.m. (ET)**

------------------------------------------------------------- x

## AMENDED DEBTORS' TWELFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors (the "Debtors"), through the undersigned counsel, hereby amends certain of the

objections (the "Amended Objection") contained in the *Debtors' Twelfth Omnibus (Non-*

*Substantive) Objection to Claims Pursuant to Section502(b) of the Bankruptcy Code, Bankruptcy*

*Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 5180] (the "Original Objection")

solely with respect to the claims and interests (the "Disputed Claims") listed on Exhibit A to the

proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and requests the entry of an order disallowing and expunging in full each of the Disputed Claims as indicated in further detail below.  In support of this Amended Objection, the Plan Trustee relies on the Declaration of Eileen Wanerka in Support of the Amended Debtors' Twelfth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I.  In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.     On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.     On August 14, 2007, the United States Trustee for the District of Delaware (the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").  On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4.     On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Plan [Docket No. 7029].  The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5.      On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.      On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8.      By this Amended Objection, the Plan Trustee seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rules 3007-1 and 3007-1(f)(iv), disallowing and expunging in full each of the Disputed Claims as indicated in further detail below.  This Amended Objection complies in all respects with Local Rule 3007-1.

A.      **Equity Interests Claims**

9.      On July 18, 2008, the Debtors filed the Original Objection to the Disputed Claims listed on Exhibit A to the Proposed Order (the "Equity Interest Claims") because such claims were submitted without any documentation supporting the alleged claims.  The Original Objection with respect to the Equity Interest Claims was made on a non-substantive basis pursuant to Local Rule 3007-1(d)(vi).  Each of the claimants asserting the Equity Interest Claims responded to the Original Objection and provided supporting documentation [*See* Docket Nos. 5299, 5319 & 5321] which clarified for the Debtors that each of these "claims" was being asserted on account of purported equity interests held by those parties in the Debtors.

10.      Pursuant to Local Rule 3007-1(f)(iv), the Plan Trustee now amends the Debtors' Original Objection solely with respect to the Equity Interest Claims and objects to each of these claims because they were filed by shareholders based solely on ownership of stock in one of the Debtors, and not on account of damages or an actual claim against the Debtors. Accordingly, the Plan Trustee hereby objects to the Equity Interest Claims and requests entry of an order disallowing in full and expunging each of the Equity Interest Claims identified in Exhibit A to the Proposed Order.

11.      In the event that the Court determines that any of the Equity Interest Claims identified in Exhibit A to the Proposed Order were filed on account of damages or a

claim against the Debtors resulting from the applicable shareholder's ownership of stock of the Debtors, the Plan Trustee submits that such claims fall squarely into the category of Subordinated Claims [Classes 1D - 8D] (as such terms are defined in the Plan), which, pursuant to section 510(b) of the Bankruptcy Code and the terms of Plan Article IV.K., are subordinated in right of payment to other claims. As such, if applicable, the Plan Trustee alternatively requests that the Court enter an order finding that these claims, if any, are Subordinated Claims under the Plan and are therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

## RESERVATION OF RIGHTS

12.    The Plan Trustee expressly reserves the right to amend, modify or supplement this Amended Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Amended Objection.

## NOTICE

13.    The Plan Trustee has provided notice of this Amended Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit II, sustaining this Amended Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: April 11, 2011
     Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Michael S. Neiburg
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Co-Counsel to the Plan Trustee

    

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :   Jointly Administered
         Debtors.                                            :
------------------------------------------------------------ x
```

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF
### AMENDED DEBTORS' TWELFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
### TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
### BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.       I am the Director of Claims Administration for the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan.   In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Amended Debtors' Twelfth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Amended Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.       Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases.  The claims

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Equity Interest Claims," as defined in the Amended Objection and identified on Exhibit A to the Proposed Order.

3.      The information contained in Exhibit A to the Proposed Order is true and correct to the best of my knowledge.

4.      The Plan Trust has determined based upon a review of the claims docket and the supporting documentation provided by each claimant in response to the Original Objection that the claims identified on Exhibit A to the Proposed Order were filed by parties solely on account of equity interests held by such parties in the Debtors.  As such, the Plan Trustee seeks to expunge and disallow in full the Equity Interest Claims.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April \_11\_, 2011

Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration