# EXHIBIT II

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x

In re:                                                       :    Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                             :    Jointly Administered
                                                             :
   Debtors.                                                  :    **Ref. Docket No. ___**
--------------------------------------------------------------------- x

## ORDER SUSTAINING AMENDED DEBTORS' TWELFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the amended twelfth omnibus (non-substantive) objection to claims (the "Amended Objection") filed by Steven D. Sass, as liquidating trustee (the " Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), by which the Plan Trustee respectfully requests the entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing and expunging in full each of the Disputed Claims[2] identified on Exhibit A

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Amended Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Amended Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby disallowed and expunged in their entirety; and it is further

ORDERED that, to the extent any of the Disputed Claims identified on the attached Exhibit A were filed on account of damages or a claim against the Debtors resulting from the applicable shareholder's ownership of stock of the Debtors, such claims are Subordinated Claims [Classes 1D - 8D] (as such terms are defined in the Plan) and are therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Amended Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Amended Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       May ____; 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

YCST01:10950741.1                                                    066585.1001

# EXHIBIT A

**Equity Interest Claims**

# Exhibit A

## Equity Interest Claims

| Name/Address of Claimant | | Objectionable Claim | | | Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | |
| GAMBLE, HILDA R. 1514 FIRST PARKWAY WASHINGTON, MO 63090 | 5748 | 12/18/07 | No Case | - (S) - (A) - (P) $51,808.35 (U) $51,808.35 (T) | Pursuant to the documentation provided by the claimant, this "claim" was filed solely on account of equity interests held by such person in Debtor AHM Investment Corp. (Case No. 07-11048). The Plan Trustee objects to this Equity Interest Claim because it was filed by a shareholder based solely on ownership of stock in one of the Debtors. Accordingly, this Equity Interest Claim should be disallowed in full.

In the event that the Court determines that this Equity Interest Claim was filed on account of damages or a claim against the Debtors resulting from the shareholder's ownership of stock of Debtor AHM Investment Corp., this claim falls squarely into the category of Subordinated Claims [Classes 1D - 8D] (as such terms are defined in the Plan), which, pursuant to section 510(b) of the Bankruptcy Code and the terms of Plan Article IV.K, is subordinated in right of payment to other claims. As such, if applicable, the Plan Trustee alternatively requests that the Court enter an order finding that this claim is a Subordinated Claim under the Plan and is therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan. |

——— Objectionable Claim ———

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| GAMBLE, HILDA R, TTEE HILDA R. GAMBLE CARING TRUST U/A 12/6/94 1514 FIRST PARKWAY WASHINGTON, MO 63090 | 5746 | 12/18/07 | No Case | - (S)<br>- (A)<br>- (P)<br>$8,073.13 (U)<br>$8,073.13 (T) | Pursuant to the documentation provided by the claimant, this "claim" was filed solely on account of equity interests held by such person in Debtor AHM Investment Corp. (Case No. 07-11048). The Plan Trustee objects to this Equity Interest Claim because it was filed by a shareholder based solely on ownership of stock in one of the Debtors. Accordingly, this Equity Interest Claim should be disallowed in full.<br><br>In the event that the Court determines that this Equity Interest Claim was filed on account of damages or a claim against the Debtors resulting from the shareholder's ownership of stock of Debtor AHM Investment Corp., this claim falls squarely into the category of Subordinated Claims [Classes 1D - 8D] (as such terms are defined in the Plan), which, pursuant to section 510(b) of the Bankruptcy Code and the terms of Plan Article IV.K, is subordinated in right of payment to other claims. As such, if applicable, the Plan Trustee alternatively requests that the Court enter an order finding that this claim is a Subordinated Claim under the Plan and is therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan. |
| SCHNEIDER, ROCHELLE & ARNOLD 2208 FAWN RIDGE ST LAS VEGAS, NV 89134 | 4675 | 12/6/07 | No Case | - (S)<br>- (A)<br>- (P)<br>$10,744.00 (U)<br>$10,744.00 (T) | Pursuant to the documentation provided by the claimant, this "claim" was filed solely on account of equity interests held by such person in Debtor AHM Investment Corp. (Case No. 07-11048). The Plan Trustee objects to this Equity Interest Claim because it was filed by a shareholder based solely on ownership of stock in one of the Debtors. Accordingly, this Equity Interest Claim should be disallowed in full.<br><br>In the event that the Court determines that this Equity Interest Claim was filed on account of damages or a claim against the Debtors resulting from the shareholder's ownership of stock of Debtor AHM Investment Corp., this claim falls squarely into the category of Subordinated Claims [Classes 1D - 8D] (as such terms are defined in the Plan), which, pursuant to section 510(b) of the Bankruptcy Code and the terms of Plan Article IV.K, is subordinated in right of payment to other claims. As such, if applicable, the Plan Trustee alternatively requests that the Court enter an order finding that this claim is a Subordinated Claim under the Plan and is therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan. |

———— Objectionable Claim ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| Totals: | | 3 Claims | | | |
| | | | | - (S) | |
| | | | | - (A) | |
| | | | | - (P) | |
| | | | | $70,625.48 (U) | |
| | | | | $70,625.48 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.