## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                                       :   Chapter 11

                                                             :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :

                                                             :   Jointly Administered

     Debtors.                                             :

                                                             :   **Response Deadline: May 4, 2011 at 4:00 p.m. (ET)**
                                                             :   **Hearing Date: May 11, 2011 at 9:00 a.m. (ET)**

------------------------------------------------------------- x

## PLAN TRUST'S SEVENTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to

each of the claims and interests (collectively, the "Disputed Claims") listed on Exhibits A, B, C,

D, E and F to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II,[2]

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules

3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), and requests the entry of an

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    The Plan Trustee does not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

order disallowing and expunging in full each of the Disputed Claims as indicated in further detail below. In support of this Objection, the Plan Trustee relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.    On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.    On August 14, 2007, the United States Trustee for the District of Delaware (the "Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4.    On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5.      On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222].  Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.      On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities.  Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007.  Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8.    By this Objection, the Plan Trustee seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in full each of the Disputed Claims as indicated in further detail below.  This Objection complies in all respects with Local Rule 3007-1.

### A.    Amended Claims

9.    The claims identified under the column titled "Objectionable Claim" on Exhibit A to the Proposed Order (the "Amended Claims") have been amended and superseded by a subsequently-filed proofs of claim identified under the column titled "Surviving Claim" on Exhibit A (the "Surviving Claims").  The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

10.    Failure to disallow the Amended Claims will result in the applicable claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases.  Furthermore, no prejudice will result to the holders of the Amended Claims because they will receive the same treatment as other similarly-situated claimants for their Surviving Claims.  Accordingly, the Plan Trustee hereby objects to the Amended Claims and requests entry of an order disallowing and expunging in full the Amended Claims as indicated on Exhibit A.

### B.    Equity Interest Claims

11.    The "claims" or interests listed in Exhibit B to the Proposed Order (the "Equity Interest Claims") were filed by parties on account of asserted equity interests held by those parties in the Debtors.  The Plan Trustee objects to the Equity Interest Claims because they were each filed by a shareholder based solely on ownership of stock in the Debtors, and not on account of damages or a claim against the Debtors.  Therefore, the Plan Trustee requests entry of

an order disallowing in full and expunging each of the Equity Interest Claims listed on <u>Exhibit B</u> to the Proposed Order.

12.    In the event that the Court determines that any of the Equity Interest Claims were filed on account of damages or a claim against the Debtors resulting from the applicable shareholder's ownership of stock of the Debtors, the Plan Trustee submits that such claims fall squarely into the category of Subordinated Claims [Classes 1D - 8D] (as such terms are defined in the Plan), which, pursuant to section 510(b) of the Bankruptcy Code and the terms of Plan Article IV.K., are subordinated in right of payment to other claims.    As such, if applicable, the Plan Trustee alternatively requests that the Court enter an order finding that these claims, if any, are Subordinated Claims under section 510 of the Bankruptcy Code and the terms of the Plan and are therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan.

### C.    Insufficient Documentation Claims

13.    The claims listed on <u>Exhibit C</u> to the Proposed Order (the "<u>Insufficient Documentation Claims</u>") were submitted without sufficient alleged facts or documentation to support the alleged claims.    The Insufficient Documentation Claims have some documentation attached, but such documentation is not adequate to allow the Plan Trustee to determine whether the Debtors are in fact liable for the amounts claimed.    Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f)."    To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim.    If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid

pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." *In re Planet Hollywood Int'l*, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

14.    The claimants asserting the Insufficient Documentation Claims failed to allege facts sufficient and/or attach documentation sufficient to determine the appropriate amount of their claims. Therefore their claims are not *prima facie* valid. *See in re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claims are not *prima facie* valid, the Plan Trustee hereby objects to them and requests the Court to enter an order disallowing in full and expunging each of the Insufficient Documentation Claims identified in Exhibit C to the Proposed Order.

**D.    Late Filed Claim**

15.    The claim listed in Exhibit D to the Proposed Order (the "Late Filed Claim") was filed after the deadline for submitting such claim had passed. As set forth in the Bar Date Order [Docket No. 1708], the deadline for filing claims was January 11, 2008, or, in the case of government units, February 4, 2008. In addition, as set forth in the Notice of the Effective Date of the Plan [Docket No. 9519], the deadline for filing Administrative Claims (as defined in the Plan) was January 5, 2011. The claim listed in Exhibit D was filed after the applicable bar date, on the date listed under the column labeled "Date Filed." Therefore, the Plan Trustee hereby objects to the Late Filed Claim and requests entry of an order disallowing in full and expunging the Late Filed Claim.

**E.    No Supporting Documentation Claims**

16.    The claims listed on Exhibit E to the Proposed Order (the "No Supporting Documentation Claims") were submitted without any documentation supporting the alleged

claims. As set forth above, Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f)." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." *In re Planet Hollywood Int'l*, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

17. The claimants asserting the No Supporting Documentation Claims failed to allege any facts and included no documentation to support their claims. Therefore their claims are not *prima facie* valid. *See in re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the No Supporting Documentation Claims are not *prima facie* valid, the Plan Trustee hereby objects to them and requests the Court to enter an order disallowing in full and expunging each of the No Supporting Documentation Claims identified in <u>Exhibit E</u> to the Proposed Order.

**F.    Satisfied Claims**

18. The Plan Trust has reviewed the Debtors' books and records and determined that the claims listed in <u>Exhibit F</u> to the Proposed Order (the "<u>Satisfied Claims</u>") have been satisfied by the Debtors post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Failure to disallow and expunge the Satisfied Claims would result in the claimants receiving an unwarranted double recovery. Therefore, the Plan

Trustee hereby objects to the Satisfied Claims and requests entry of an order disallowing in full and expunging the Satisfied Claims.

## RESERVATION OF RIGHTS

19.    The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

20.    The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit II, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: April 11, 2011
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Michael S. Neiburg
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Co-Counsel to the Plan Trustee

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                              :     Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    :     Jointly Administered
        Debtors.                                    :
------------------------------------------------------------------ x

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S SEVENTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the above-captioned debtors and debtors in possession (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan.  In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Plan Trust's Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases.  The claims

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Amended Claims", "Equity Interest Claims", "Insufficient Documentation Claims", "Late Filed Claim", "No Supporting Documentation Claims" and "Satisfied Claims", as defined in the Objection and identified on Exhibits A, B, C, D, E and F to the Proposed Order, respectively.

3.      The information contained in Exhibits A, B, C, D, E and F to the Proposed Order is true and correct to the best of my knowledge.

4.      The Plan Trust has determined based upon a review of the claims docket that the claims identified on Exhibit A to the Proposed Order have been amended and superseded by a subsequently filed claims.  Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Plan Trustee seeks to expunge and disallow in full the Amended Claims listed on Exhibit A to the Proposed Order.

5.      The Plan Trust has further determined based on a review of the claims docket and the claims or interests listed on Exhibit B to the Proposed Order that such claims identified therein were filed by parties solely on account of equity interests held by such parties in the Debtors.  As such, the Plan Trustee seeks to expunge and disallow in full the Equity Interest Claims.

6.      The Plan Trust has further determined based upon a review of the claims docket and the claims identified on Exhibit C to the Proposed Order that such claims were filed without sufficient supporting documentation and/or failed to allege facts sufficient to support the validity of the amount claimed therein.  The Plan Trust has made reasonable efforts to reconcile each of the Insufficient Documentation Claims against the Debtors' books and records and believe that these claims do not provide *prima facie* evidence of the validity of the amount claimed.

2

Accordingly, the Plan Trustee seeks to expunge and disallow in full the Insufficient Documentation Claims.

7.    The Plan Trust has further determined based upon a review of the claims docket and the claim identified on <u>Exhibit D</u> to the Proposed Order that such claim was filed after the deadline for filing this claim had passed, as set forth in the Bar Date Order and/or Notice of Effective Date of the Plan.  Accordingly, the Plan Trustee seeks to expunge and disallow in full the Late Filed Claim listed on <u>Exhibit D</u> to the Proposed Order.

8.    The Plan Trust has further determined based upon a review of the claims docket and the claims identified on <u>Exhibit E</u> to the Proposed Order that such claims were filed without any supporting documentation or any facts sufficient to support a legal basis for a claim. Moreover, the Plan Trust has made reasonable efforts to reconcile each of the No Supporting Documentation Claims against the Debtors' books and records and believe that such claims do not provide *prima facie* evidence of the validity and amount of such claims.  Accordingly, the Plan Trustee seeks to expunge and disallow in full the No Supporting Documentation Claims.

9.    The Plan Trust has further determined based upon a review of the claims docket and the claims identified on <u>Exhibit F</u> to the Proposed Order that such claims have been satisfied post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Accordingly, to prevent the applicable claimant from recovering on a claim that has already been satisfied, the Plan Trustee seeks to expunge and disallow in full the Satisfied Claims.

*[Signature page follows]*

3

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge and belief.

Executed on April 11, 2011

Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration