# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                   :   Jointly Administered
                        Debtors.                                   :
------------------------------------------------------------------ x

**ORDER APPROVING STIPULATION BETWEEN THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, GRANTING AUTHORITY AND STANDING TO PURSUE AVOIDANCE ACTIONS**

This Court having considered the Stipulation Between the Debtors and the Official Committee of Unsecured Creditors, Granting Authority and Standing to Pursue Avoidance Actions (the "Stipulation") attached hereto as Exhibit 1;

and the Court having determined that good and adequate cause exists for approval of the Stipulation;

and the Court having determined that no further notice of the Stipulation must be given.

IT IS HEREBY ORDERED that the Stipulation is approved.

Dated: July 8, 2009
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
                                                           :   Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., *et al*,[1]         :   (Jointly Administered)
                                                           :
                            Debtors.                       :
                                                           :
---------------------------------------------------------- x

### STIPULATION BY AND BETWEEN THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, GRANTING AUTHORITY AND STANDING TO PURSUE AVOIDANCE ACTIONS

**WHEREAS**, on August 6, 2007 (the "Petition Date"), the above captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

**WHEREAS**, on August 14, 2007, the Office of the United States Trustee (the "US Trustee") formed the Official Committee of Unsecured Creditors (the "Committee"); and

**WHEREAS**, on August 15, 2008, the Debtors filed their Chapter 11 Plan of Liquidation of the Debtors [Docket No. 5450] (as amended, the "Plan") which, *inter alia*, provides that post-Effective Date, the Trustee (as defined in the Plan) was authorized and obligated to investigate, prosecute, litigate, settle and/or compromise all causes of actions under chapter 5 of the Bankruptcy Code and any causes of action ancillary thereto, including, without limitation,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

declaratory relief regarding the existence, validity or priority of any security interest or whether any property in the hands of third parties constitutes property of the estate or is subject to any interest of any third party, the determination of the priority and extent of any liens and similar matters (the "Avoidance Actions"); and

**WHEREAS**, on February 23, 2009, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "Confirmation Order") [Docket No. 7042]; and

**WHEREAS**, the Plan has not yet gone effective; and

**WHEREAS**, the Committee, with the assistance of the Debtors, has analyzed the nature and extent of the Avoidance Actions and has identified in excess of 1,000 potential claims; and

**WHEREAS**, the parties have consulted regarding the efficient pursuit and transition of the Avoidance Actions for the period prior to the occurrence of the Effective Date of the Plan and have determined that any and all Avoidance Actions should be pursued by the Committee as it is the unsecured creditors who hold the pecuniary interest in the Avoidance Actions under the Plan.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the parties, by their respective attorneys, as follows:

1. The Committee is hereby appointed as representative of the Debtors' estates, and standing is hereby conferred upon the Committee for the purpose of investigating, pursuing, prosecuting and, if appropriate, compromising and settling any and all Avoidance Actions.

2. Any settlement of an Avoidance Action by the Committee shall be subject to approval by the Court.

3.      The Debtors and their respective officers, directors, advisors, professionals and employees shall have no further duty, obligation or liability with respect to the Avoidance Actions, including, without limitation, analyzing potential Avoidance Actions, determining whether any Avoidance Action should or should not be filed and prosecuted, and filing and prosecuting any Avoidance Action; except with respect to (i) the Debtors' obligations under this Stipulation, including the cooperation provision contained in Paragraph 5, (ii) any Avoidance Action filed prior to and pending as of the date of this Stipulation, and (iii) subject to the Debtors' independent review and analysis, any Avoidance Action that the Committee expressly requests that the Debtors pursue or participate in either as a result of Committee conflict or otherwise.

4.      As of the Effective Date (as defined in the Plan), the Trustee shall automatically be deemed to be substituted as plaintiff in the place of the Committee and/or the Debtors with respect to any and all Avoidance Actions. The Trustee shall succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to such Avoidance Actions and shall have standing post-Effective Date to pursue, if appropriate, compromise and settle all claims asserted in the Avoidance Actions in accordance with the terms of the Plan. In effectuating the substitution, the Committee, the Debtors and their respective counsel and professionals shall provide the Trustee with all information and documents they have concerning the Avoidance Actions and the production of such information and documents to the Trustee shall be subject to the protections of any applicable confidentiality, attorney/client privilege, attorney/client work-product or common interest privilege.

5.      The Debtors agree to reasonably cooperate in making information and their documents available to the Committee for its review without formal subpoena or discovery

demands (subject to such confidentiality obligations and privilege claims as may exist) and such exchange of information and/or documents shall be subject to the protections of the common interest privilege.

6. The parties fully reserve all of their respective rights on any matter not expressly set forth in this Stipulation.

7. As the parties share a common interest in the pursuit of the Avoidance Actions, neither this Stipulation nor any confidential or privileged information shared among the parties hereto and subsequently with the Trustee concerning the Avoidance Actions shall constitute a waiver of any applicable confidentiality, attorney/client privilege, attorney/client work-product or common interest privilege of any of the parties, which respective privileges are hereby fully preserved.

8. This Stipulation may not be modified except by a writing signed by the parties hereto, subject to Bankruptcy Court approval, if necessary.

9. This Stipulation may be signed by the parties hereto in counterparts with the same force and effect as if fully and simultaneously signed on a single original document. Facsimile signatures shall be deemed original signatures for purposes of executing the Stipulation.

10. This Stipulation constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes any prior understandings, agreements, or representations by or among the parties, written or oral, to the extent they related in any way to the subject matter hereof.

Dated: June  , 2009
Wilmington, Delaware

**BLANK ROME LLP**

By /s/ Bonnie Glantz Fatell
Bonnie Glantz Fatell (No. 3809)
David W. Carickhoff (No. 3715)
1201 Market Street, Suite 800
Wilmington, DE  19801
(302) 425-6400

-and-

Mark S. Indelicato, Esq.
Mark T. Power, Esq.
Edward L. Schnitzer, Esq.
**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York  10022
(212)478-7200

*Co-Counsel for the Committee*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By /s/ Sean M. Beach
Sean M. Beach (No. 4070)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for Debtors and Debtors in Possession*