IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, et al.[1] | ) ) ) ) | Case No. 07-11047 (CSS) |
| | ) | |
| Debtors. | ) ) | Jointly Administered |

**FINAL FEE EXAMINER FEE REPORT LETTER REGARDING:**

A) THE SECOND INTERIM FEE APPLICATION FOR THE PERIOD MARCH 1, 2009 THROUGH AUGUST 16, 2010 AND THE FINAL FEE APPLICATIONS FILED BY GILBERT LLP (FORMERLY GILBERT OSHINSKY, LLP) FOR THE PERIOD OCTOBER 22, 2008 THROUGH AUGUST 16, 2010.

B) THE SECOND INTERIM FEE APPLICATION FOR THE PERIOD APRIL 1, 2009 THROUGH AUGUST 16, 2010 AND THE FINAL FEE APPLICATION SUBMITTED BY ZUCKERMAN SPAEDER, LLP FOR THE PERIOD OCTOBER 22, 2008 THROUGH AUGUST 16, 2010.

FEE APPLICANTS ARE REQUESTING COMPENSATION OF SERVICES AND REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL IN THEIR REPRESENTATION OF THE OFFICIAL COMMITTEE OF BORROWERS OF AMERICAN HOME MORTGAGE, INC. ET AL. ("BORROWERS' COMMITTEE").

_____

**BACKGROUND**

1. On April 1, 2009, the court approved an administrative order appointing M. Jacob Renick as Fee Examiner ("Fee Examiner") and establishing procedures for the review of interim compensation and reimbursement of expenses of professionals pursuant to sections 331 and 105(a) of the Bankruptcy Code. As specifically detailed by the court, the fee applications subject to review by the Fee Examiner shall be limited solely to the extent of any fees and expenses not previously approved by the Bankruptcy Court ("Court") on an interim basis after notice and a hearing ("Unreviewed Fees/Expenses").

2. The subject of this review are the second interim and final fee applications submitted by Gilbert LLP ("Gilbert" or Applicant"), formerly Gilbert Oshinsky, LLP and Zuckerman Spaeder, LLP ("ZS" or "Applicant") (collectively, "Applicants") requesting a final allowance of compensation for services and reimbursement of expenses incurred in their representation as Co-Counsel to the Official Committee of Borrowers of American Home Mortgage, Inc. et al. ("Borrowers'

---

[1] The Debtors are the following entities: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

Committee") for the period October 22, 2008 through August 16, 2010 ("Application Period").

3. In its November 4, 2008 Supplemental Order Granting Motion For An Order Appointing Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code ("Supplemental Order") (Docket No. 6495), the Court stated, "…the scope of the Borrowers' Committee's rights shall be limited to (i) matters relating to the chapter 11 plan and disclosure statement, (ii) global stay relief on behalf of all borrowers in connection with foreclosures actions, and (iii) and issues relating to the appointment of the Borrowers Committee and administrative matters incidental to the foregoing…" In addition, the Supplemental Order stated, "… that the compensation and reimbursement of expenses of counsel for the Borrowers' Committee from the Estates shall be capped at $250,000 ["Fee Cap"]."

4. On January 20, 2009, a request (Docket No. 6864) was filed by the Borrowers' Committee to increase the $250,000 Fee Cap to $400,000 ("Requested Fee Cap"), an amount that would also include the compensation of its testifying expert, subject to a cap of $25,000. As of the date of this report, the Court has not yet ruled on the request, however the Court granted the expert's application for compensation and reimbursement of expenses (see paragraph 5, below).

5. In her 1st and Final Fee Application, Margot Saunders ("Saunders"), the expert retained by the Borrowers' Committee sought and was granted an allowance of $22,725.00 of fees and $2,378.15 of expenses, or a total of $25,103.15.

6. In its applications, Gilbert is seeking a final allowance of compensation of $440,328.90 and the reimbursement of expenses of $23,527.14.

7. In its applications, ZS is seeking a final allowance of compensation of $221,776.00 and the reimbursement of $14,697.63 in expenses.

8. Thus the combined compensation requested of Applicants Gilbert and ZS totals $662,104.90 and the combined expenses total $38,224.77, or a total of $700,329.67, excluding the fees and expenses totaling $25,103.15 previously awarded to Saunders. Therefore the combined fees and expenses of the Borrowers' Committee professionals approved or subject to approval by the Court totals $725,432.82, which exceeds the Fee Cap included in the Supplemental Order by 475,432.82 and is $325,432.82 above the Requested Fee Cap of $400,000.00.

9. In addition to the amounts requested in its Application, ZS filed an Application For Zuckerman Spaeder LLP Allowance of Compensation and Reimbursement of Expenses for Substantial Contribution In These Chapter 11 Cases ("Substantial Contribution Application") seeking an award of $81,560.50 in fees and $1,067.73 in expenses for the period August 25, 2008 through October 21, 2008, which is prior to ZS's retention.

**DISCUSSION**

10. Fee Examiner notes that a discussion of the issues raised by the Debtor, Debtors' Counsel, Unsecured Creditor's Committee ("UCC"), and UCC Counsel in regards to the Court imposed Fee Cap established for the Borrowers' Committee is not within the scope of Fee Examiner's review, nor is the Substantial Contribution Application of ZS.

11. In conducting his examination and in reaching the conclusions and recommendations contained herein, Fee Examiner and/or NHB Advisors, Inc. ("NHB"), formerly NachmanHaysBrownstein, Inc.  reviewed the applications including the time and expense entries included therein for compliance with 11 U.S.C § 330, Local Rule 2016-2 of the Local Rules of the United States

2

Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, issued January 30, 1996 ("U.S. Trustee Guidelines"). Although there were certain entries which may have required additional investigation, they were few in number and would have little effect on the amounts being sought by Applicants.

12. Although Fee Examiner recognizes that Gilbert and ZS believe their obligation to their client required them to zealously assert claims and aggressively represent the interests of the Borrowers' Committee in these cases, Fee Examiner finds that it is unable to conclude that the tasks performed by Applicants were within the scope of work as defined by the Court given the broad interpretation of those tasks by Applicants. In addition, Fee Examiner believes that those tasks have not brought value to the Debtors' estates as some of the tasks had been or were being performed by UCC or were provided for in the Amended Chapter 11 Plan of Liquidation of the Debtors dated as of February 18, 2009 ("Amended Plan") and which was confirmed by the Court on February 23, 2009 ("Confirmation").

13. Specifically, Article 17 of the Amended Plan provides for certain rights of borrowers. In addition, based upon the entries in their respective fee applications, co-counsel for the Borrowers' Committee devoted substantial time and effort in negotiating the provisions included in the Amended Plan and therefore should be subject to its provisions and not expand their services. Yet, subsequent to Confirmation, counsels devoted substantial time on matters which were covered by the Plan, were not agreed to prior to Confirmation or were beyond the scope specified by the Court in the Supplemental Order.

14. Items, which Fee Examiner believes were beyond the scope of the Borrowers' Committee or were included in the Amended Plan are summarized as follows:

| Task | Gilbert- Time (Hrs) | Gilbert- Fees | ZS- Time (Hrs.) | ZS- Fees |
|---|---|---|---|---|
| Avoidance actions | 8.20 | $ 4,142.50 | 1.00 | $ 490.00 |
| Document destruction | 23.30 | 9,943.50 | 2.4 | 1,176.00 |
| Privilege issues | 5.50 | 1,643.50 | 0 | 0 |
| Stay issues* | 91.00 | 40,812.50 | 20.00 | 8,118.50 |
| Sale of Bank | 10.00 | 4,825.00 | 1.00 | 510.00 |

*In the opinion of Fee Examiner, this time does not relate to the global stay issues contemplated by the Court's Supplemental Order.

15. As to the avoidance actions, this task was being pursued by UCC.

16. As to document destruction, the Amended Plan provided for a Borrowers Information Ombudsperson whose responsibilities (Paragraph H of Article 17 of the Amended Plan) included providing documents to individual borrowers. In addition (Paragraph H of Article 17 of the Amended Plan) gave the Plan Trustee the right to destroy documents upon notice to all interested Persons.

**CONCLUSION**

Fee Examiner is of the belief that Applicants, as co-counsel to the Borrowers Committee, exceeded the scope of their appointment as specified in the Supplemental Order, performed tasks which were

addressed in the Amended Plan or were tasks whose responsibilities belonged to others and therefore, recommends that the Court consider reducing Applicants' requested amounts to amounts deemed appropriate by the Court.

Respectfully submitted,

May 3, 2011

*/s/ M. Jacob Renick*
M. Jacob Renick, CPA, CIRA, CFE
Fee Examiner

4