IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | ) | Jointly Administered |
| et al., | ) | |
| | ) | **Hearing Date: 5/11/11 @ 9:00 a.m.** |
| Debtors. | ) | |
| | ) | **Re: D.I. 9796** |

## REPLY TO PLAN TRUSTEE OBJECTION AND IN SUPPORT OF APPLICATION OF ZUCKERMAN SPAEDER LLP RELATING TO SUBSTANTIAL CONTRIBUTION

Zuckerman Spaeder LLP ("Zuckerman"), on behalf of Tilton Jack, Grace Mullins, Christopher and Mary Bilek, Sam Acquisto, Delena Lamacchia, and Paula Rush ("Movants"), hereby replies to the objection (the "Objection") of the Plan Trustee and in support of Zuckerman's application on behalf of Movants (the "Application") seeking $81,560.50 in compensation and $1,067.73 in reimbursement of expenses incurred by Zuckerman in connection with Movants' successful litigation during the period August 25 to October 21, 2008 (the "Application Period") to obtain appointment of an Official Committee of Borrowers (the "Borrowers Committee"), as follows:

### PRELIMINARY STATEMENT

As estate professionals during this case, Hahn & Hessen LLP and Young Conaway Stargatt & Taylor LLP incurred over $27 million in fees. They stand to earn 100% of their fees incurred in their unsuccessful challenge of Movants' efforts to obtain appointment of the Borrowers Committee. Now, representing the Plan Trustee jointly and no longer having their fees subject to Court review, they have filed a nineteen (19) page objection to the Application, including a seven (7) page recitation of facts that mostly transpired after the conclusion of the Application Period and are frankly irrelevant.

1

As shown below, the Plan Trustee's objections to the Application – like the objections made to Movants' motion to appoint the Borrowers Committee – are lacking in substance and without merit.

## REPLY

### A.  The Court Should Reject the Plan Trustee's Technical Standing Argument.

1.  The Objection first makes a technical standing argument that has been rejected by most courts addressing the issue. The argument is that an attorney representing one or more creditors who would be entitled to substantial contribution under section 503(b)(3)(D) cannot submit an application under section 503(b)(4) seeking reasonable compensation for professional services rendered to such creditors if they have not incurred such a cost to the attorney. *See* Objection ¶¶ 22-25. Neither the text or the case law supports this technical argument.

2.  Section 503(b)(4) authorizes "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is <u>allowable</u> under [section 503(b)(3)(D)] based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses <u>incurred</u> by such attorney or accountant" (emphasis added).

3.  The text's use of the word "allowable" demonstrates the lack of merit in the objection. Notably, Congress use of the word "allowable" rather than "allowed" makes it clear that the creditors themselves need not have incurred an expense. Also, the text's use of the word "incurred" refers only to expenses incurred by the attorney in connection with providing services to the creditors, not to the attorney's compensation itself. Accordingly, there is no prerequisite

that the creditors incurred the attorney's fees. The only requirements are that the creditors made a substantial contribution and the requested compensation is reasonable.

4.     Indeed, the vast majority of the decisions on the subject consider an application for attorney compensation under section 503(b)(4) on the merits, whether the creditor clients of the attorney have incurred such costs or any expense at all. *See Smith v. Mirant Corp. (In re Mirant Corp.)*, 308 Fed. Appx. 824, 827 (5th Cir. 2009) (per curiam) (holding that section 503(b)(4) requires only that the attorney whose fees are being reimbursed must have represented an entity whose expense is allowable as a substantial contribution and rejecting argument that fees must have been incurred by the creditor client); *In re Garden Ridge, Inc.*, Case No. 04-10324, mem. op. at 12 (Bankr. D. Del. May 16, 2006) (holding that the client need not have incurred fees and expenses to recover them under section 503(b)(4)); *In re Western Asbestos Co.*, 318 B.R. 527, 530-32 (Bankr. N.D. Cal. 2004) ("[A] law firm that represents a creditor who has made a substantial contribution in a chapter 11 case may obtain an administrative claim for its reasonable fees and expenses under 11 U.S.C. § 503(b)(4) even though the creditor was not obligated to pay and has not paid those fees and expenses."); *see also In re Wind N'Wave*, 328 B.R. 176, 183 (B.A.P. 9th Cir. 2005) (agreeing with *Western Asbestos* and reversing denial of attorney application under section 503(b)(4)); *In re Gurley*, 235 B.R. 626, 635-36 (Bankr. W.D. Tenn. 1999) ("Section 503(b)(4) literally requires only that the requesting entity's expense be "allowable under paragraph (3)," not that such expenses actually be allowed."). *But see In re Olsen*, 334 B.R. 104, 107 (S.D.N.Y. 2005) (expressly rejected by the bankruptcy court decision in *Mirant* that was ultimately affirmed by the Fifth Circuit).

5.     This Court should likewise consider the Application on its merits. The upholding of a technical bar to standing would be contrary to the purpose of sections 503(b)(3)(D) and

(b)(4), which is to encourage creditor participation in chapter 11 cases. *Western Asbestos*, 318 B.R. at 531. Moreover, "[i]f the creditor makes a substantial contribution to a chapter 11 case, why should it make a difference from a policy standpoint whether the creditor is obligated to pay the attorneys' fees and expenses?" *Id.*

**B.    Movants Made a Substantial Contribution During the Application Period.**

6.    The Objection's next argument is that Movants did not make a substantial contribution in this case, with reference to the three factors cited by the Application ¶ 11. As an initial matter, however, the Objection does not dispute that the third factor, whether the services were duplicative of services performed by others, supports substantial contribution in this case. Nor could there be any dispute that this factor is satisfied in this case.

7.    The Plan Trustee's argument on the first factor, whether the services were provided to benefit the estates or all the parties in the cases, is misleading because the Objection equates Movants with borrowers generally. *See* Objection ¶¶ 30-31. Movants did not represent or pretend to represent all borrowers; instead, the purpose of Movants' actions was to form a Borrowers Committee that would represent the interests of all borrowers. Accordingly, the decisions cited in the Objection are inapposite because the applying parties in those cases actually represented the creditor constituency. *See, e.g., In re American Plumbing & Mech.*, 327 B.R. 273 (Bankr. W.D. Tex. 2005) (denying application of indenture trustee); *In re Buckhead Am. Corp.*, 161 B.R. 11 (Bankr. D. Del. 1993) (denying application of noteholders holding all $45 million of secured notes).[1]

---

[1]    The Objection also cites *In re Hooker Invs., Inc.*, 188 B.R. 117 (S.D.N.Y. 1995), but misrepresents that the court denied compensation in that case.

8. Indeed, the Plan Trustee's quotation of *In re Lebron*, 27 F.3d 937 (3d Cir. 1994), on page 12 of the Objection demonstrates the fallacy of the Plan Trustee's argument. "A creditor should be presumed to be acting in his or her own best interest unless the court is able to find that his or her actions were designed to benefit others who would foreseeably be interested in the estate." *Lebron*, 27 F.3d at 946. Movants' actions clearly were designed to benefit others who were interested in the estate, that is, other borrowers who had been ignored by the Creditors Committee up to that point.

9. That leaves the second factor, whether the services conferred a direct benefit on the estates. Again, the Objection conflates Movants' interests with the interests of all borrowers by arguing that Movants acted in their own self-interest. *See* Objection ¶ 33. Movants' purpose in seeking to appoint a Borrowers Committee was to give borrowers a voice in connection with plan confirmation since the Debtors had proposed a plan that did not address borrowers issues and the Creditors Committee was unable, given its makeup, to represent the interests of borrowers. The benefit conferred by Movants' efforts was to obtain the appointment of the Borrowers Committee so that it could address the interests of borrowers in connection with plan confirmation. Those efforts benefitted borrowers, but they also benefitted the confirmation process and the administration of this case generally.

10. The Plan Trustee misses the point by arguing that plan negotiation is a routine activity and that any benefit was compensated via allowance of fees of counsel to the Borrowers Committee. *See* Objection ¶ 34. What the Plan Trustee (and his professionals) forgets is, without a Borrowers Committee, there would not have been any plan negotiations on behalf of borrowers. It was a substantial undertaking for Movants to demonstrate the problems with the Debtors' initial proposed plan. Nevertheless, it was necessary to address those problems with the

3250942.1

Court in order to demonstrate the need for the Borrowers Committee. To say that this process was ordinary is naïve; to say that Movants' contributions were undertaken by the Borrowers Committee is to put the cart before the horse – there would not have been any Borrowers Committee without Movants' contributions.

11.     Finally, the Plan Trustee argues that the Movants need to provide evidence of the substantial contribution by Movants. *See* Objection ¶ 36. The proof is in the papers and argument made by Movants that are part of the record of this case and which persuaded this Court to appoint the Borrowers Committee. This is not a case where a party is seeking substantial contribution for its efforts behind the scenes. The Court can take judicial notice of the record, and no further evidence is necessary.

C.      **Zuckerman's Services Were Reasonable.**

12.     The Plan Trustee's third argument is that the Court should review the time entries in the Application separately to determine whether they rise to the level of substantial contribution. *See* Objection ¶¶ 38-39. That is not the standard for allowing compensation under section 503(b)(4). Rather, if the creditor made a substantial contribution as Movants did in this case, the text provides for "reasonable compensation" to their attorney based on the time, nature, extent, and value of such services.

13.     The Objection also appears to be arguing that not all of the requested fees in the Application are related to the substantial contribution made by Movants in this case. The only time entries questioned by the Objection are on page seven of Exhibit A to the Application, which lists Ms. Singer's time entries. Ms. Singer is not a bankruptcy attorney, but she has experience with potential claims that borrowers can assert. She was responsible for contacting

3250942.1

each of the Movants and telling their individual story in the background of the motion seeking to appoint the Borrowers Committee and then describing in the motion potential borrower causes of action. Contrary to what the Objection suggests, Ms. Singer's work was undertaken solely in conjunction with the motion filed by Movants. There was no other motion.

**D.     The Fee Cap Is Irrelevant to This Application.**

14.    The last argument in the Objection is that fee cap placed on the legal professionals representing the Borrowers Committee has relevance here. *See* Objection ¶¶ 41-44. It does not for two simple reasons. First, under the express terms of the governing order, the fee cap applied solely to the prospective representation of the Borrowers Committee, not to the prior representation of Movants. Second, the fees requested by the Application were incurred before the fee cap was first discussed on the record of the hearing on October 22, 2008, after the end of the Application Period. Accordingly, the fee cap and Objection's recitation of fees incurred by the Borrowers Committee is completely irrelevant.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should approve the Application.

Dated: Wilmington, Delaware
       May 6, 2011

ZUCKERMAN SPAEDER LLP

Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

Attorneys for Tilton Jack, Grace Mullins, Christopher and Mary Bilek, Sam Acquisto, Delena Lamacchia, and Paula Rush

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2011, a copy of the foregoing was sent by facsimile to:

Robert S. Brady, Esquire
Margaret B. Whiteman, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street
Wilmington, DE 19801
Fax: (302) 571-1253

Mr. M. Jacob Renick
Managing Director
NHB Advisors, Inc.
The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
Fax: (914) 840-8590

Mark S. Indelicato, Esquire
Edward L. Schnitzer, Esquire
Hahn & Hessen LLP
488 Madison Avenue
New York, NY 10022
Fax: (212) 478-7400

Office of the United States Trustee
Federal Building
844 King Street, Room 2311
Wilmington, DE 19801

_____
Thomas G. Macauley (ID No. 3411)