IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Chapter 11

**In re:**

Case No: 07-11047 (CSS)

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation,
et. al.,

Jointly Administered

Debtors,

Gil Quentin Alvarez

Plaintiff,

Adv. Proc. No. 11- 51624 (CSS)

v.

American Home Mortgage Corp.,
Michael Strauss,
Wells Fargo Bank, N.A.

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### PRELIMINARY STATEMENT AND STATEMENT OF FACTS

1. The history provided by the Plaintiff in his complaint is not disputed by the Defendant's in their motion so Plaintiff will respectfully direct the Court's attention to Plaintiff's Statement of Facts contained in his complaint, paragraphs 13 to 47, for an accurate, unchallenged and detailed background to the matter before Your Honor. Defendant's motion unfortunately contains factual distortions and outright fabrications which warrant that Your Honor deny Defendant's Motion to Dismiss in its entirety.

## BACKGROUND

2.   On September 15, 2008, Plaintiff appeared before Your Honor and was directed by the Court to work together with Defendant's counsel i.e. with Mr. Nathan Grow, ESQ., so that a proposed Form of Order in connection with Plaintiff's motion be prepared.  See Complaint paragraphs 34- 41.

3.   Plaintiff, complying with Your Honor's direction called Mr. Grow as ordered.  During our very first conversation, I advised Mr. Grow that I believed that my claim should be a priority or secured claim and I cited the reasons why I believed so.  Mr. Grow most respectfully and kindly indicated to me the sections of the bankruptcy code for claims entitled to priority ( I believe he told me it was 507(a)).  After reviewing the sections he directed me to, I again reached out to him and indicated that I should have made my claim for $30,000 secured which was secured by real estate property I had purchased and that I should have checked off box 5 of the Proof of Claim Form which states that up to "$2,425 of deposits are entitled to priority."  When I suggested to Mr. Grow that I would move to amend my Proof of Claim he indicated that we were, as per the Your Honor's direction, suppose to only work on the proposed Form of Order.  It was at this point that I explained to Mr. Grow the serious misconduct committed by his clients and pointed out the fact that I had factual findings by the State of Florida Office of Financial Regulation which was signed by American Home Mortgage and the Findings by The Office of RESPA at HUD which directed Mr. Strauss to settle this case. See Exhibit A.

4.   After Mr. Grow read the paperwork I noticed that his demeanor toward me changed and I found him to be more understanding.  He informed me that I did not have to go back to court and that given the amount of the claim that he thought that we could work together to

resolve the claim and that there was no need to prolong this matter. After further discussion I agreed with him that we could work together to settle the claim.

5. After further negotiations things were breaking down over the wording in the proposed Form of Order. It was at this juncture that Mr. Grow asked me what I was looking for in terms of settlement. It was then that I told Mr. Grow that AHM had indicated to my previous attorney, Bonita Zelman, that they had D&O policies which would cover their misconduct and even told her to submit a demand so that they could submit it to their D&O policy. See Exhibit B. I suggested to Mr. Grow that if he would simply ask his client to submit the claim as they had previously indicated that they would (a fact not disputed by the Defendants), then we could end our disagreement and report to Your Honor that we had settled this matter. Mr Grow was receptive and assured me that he would reach out and request that they file a claim so as to settle this matter.

6. After not hearing from Mr. Grow I reached out to him and he informed me that the Debtors informed him that they did not have such D&O policies. It was at this point that I told Mr. Grow that I would reach out to Your Honor and he again requested that I not do so. He again indicated that we could work this out given the amount of the claim and that it was paramount that we comply with Your Honor's direction to submit a Form of Order. I told him that I agreed that we should comply with Your Honor's direction but that I wanted it in writing that we would resolve my claim absent an adversarial proceeding. Mr Grow agreed that he would comply with this request.

7. Mr. Grow agreed and promised to work with me to settle my claim absent an adversarial proceeding. He again asked me what I would consider in terms of a settlement. The

last proposal I told Mr. Grow I would accept was for him to get as close to the $30,000 I was

asking for my secured portion and for him to negotiate with attorney Bonita Zelman regarding

her outstanding legal fee.  Mr. Grow told me that he would consider this and get back to me.  We

then spoke about other pending issues and resumed work on the Form of Order Your Honor had

requested.  After several more drafts of the proposed order we agreed to the one submitted on

October 6, 2008 and signed by Your Honor on October 10, 2008.  See Exhibit C.

**ARGUMENT**

**I.  ALL THE CLAIMS DEFENDANT SEEKS TO DISMISS MEET <u>FED. R. CIV. P. 12</u>
<u>(B)(6)</u>'S PLEADING STANDARD.**

   **A.  Legal Standard for Dismissal under <u>Fed. R. Civ. P. 12 (b)(6)</u>**

   8.  To survive a <u>Rule 12 (b)(6)</u> motion to dismiss, "a complaint must contain sufficient

factual matter, ..., 'to state a claim to relief that is plausible in its face.'" <u>Ashcroft v. Iqbal</u>, 129

S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129

S. Ct. At 1949 (citing <u>Twombly</u>, 550 U.S. at 556).  "Detailed factual allegations" are not

required, but allegations must be more than "labels and conclusions," or "a formulaic recitation

of the elements of a cause of action[.]" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at

555).  "[O]nce a claim has been stated adequately," however, "it may be supported by showing

any set of facts consistent with the allegations in the complaint." <u>Twombly</u>, 550 U.S. at 563.  In

considering such a motion, the court is required to accept as true all well-pled allegations in the

complaint, and to construe the facts and reasonable inferences from those facts in light most

4

favorable to the plaintiff. <u>Ibarra v. United States</u>, 120 F.3d 472, 474 (4th Cir. 1997) (citing <u>Little</u> <u>v. Federal Bureau of Investigation</u>, 1F.3d 255, 256 (4th Cir. 1993).

9.   On a motion to dismiss pursuant to <u>Federal Rule of Civil Procedure 12 (b)(6)</u>, a court must consider documents attached to the complaint.  Documents attached to the complaint are part of the complaint and are properly considered on a motion to dismiss.  <u>Fed. R. Civ. P. 10 [c]</u> ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").  See <u>Robinson v. Ladd Furniture, Inc.</u>, 995 f.2d 1064 (4th Cir. 1993).  In analyzing such a motion, the court may "take into account documents whose authenticity is not questioned and on which the allegation of the complaint are expressly based." <u>Citicorp North America, Inc.</u> <u>V. Ogden Martin Systems of Haverhill, Inc.</u>, 8 F. Supp.2d 72, 74 (D. Mass. 1998) (citing <u>Beddall</u> <u>v. State Street Bank and Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998). Plaintiff has attached numerous documents in date order which clearly amplify, substantiate and corroborate most of the claims he has set out in his complaint.  Indeed, the very fact that defendants have resubmitted the exhibits attached to plaintiff's complaint without denying or questioning their validity clearly shows that defendants have an excellent understanding of the complaint such that Defendants can suitably respond to them and defend themselves.

10.   Unfortunately, unlike the precise detailed exhibits submitted by the Plaintiff attached to his complaint, and resubmitted to Your Honor by the Defendants, the Plaintiff disputes the following documents submitted by the Defendants: Exhibit A is an affidavit in the form of a Declaration by Carlo Colagiacomo in support of the Plan Trustee's motion to dismiss the adversary proceeding complaint as it pertains to AHM. Unfortunately, the declaration contains false/conflicting information  which is in direct conflict with the information and exhibits

submitted by Plaintiff with his complaint. Mr Colagiacomo states in paragraph 3 of his

declaration that the loan was transferred to Wells Fargo Bank, NA on March 22, 2005. See

Defendant's Exhibit A attached hereto as Exhibit D. The documents produced by Wells Fargo

indicated that "The servicing of your loan will be transferred to us effective May 1, 2005." See

Exhibit E. Mr Colagiacomo's declaration is also in conflict with the letter Mr. Strauss directed

Stephanie Alagna to draft on April 29, 2005 in which it is evident that AHM Loan number

1000769615 was still being serviced by AHM on that date. See Exhibit E. Since Mr.

Colagiacomo's declaration contains factually incorrect information, it must be disregarded by

this Honorable Court. The determination of which documents are correct is more appropriately

left to the fact finder at trial. Thus, for purposes of a Motion to Dismiss, because the Court is

mandated to accept all well-plead facts as true and may consider documents properly attached to

the complaint, of these contested documents, the Court must refer to the Plaintiff's versions of

the documents and not to the Defendants' conflicting and self serving declaration by an employee

with limited or no knowledge of the facts with regard to this matter in determining whether

dismissal is appropriate.

11. As is the case here, pro-se complainants are held to less stringent standards than

formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Pleadings

should not be scrutinized with such technical nicety that a meritorious claim should be defeated,

and even if the claim is insufficient in substance, it may be amended to achieve justice." Gordon

v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olsen, 324 U.S. 786, 791-92 (1945)

and Holiday v. Johnston, 313 U.S. 342, 350 (1941)). "A complaint, especially a pro-se

complaint, should not be dismissed summarily unless 'it appears beyond a doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (Quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Moreover, "a reasonable latitude should be

allowed to a pleader in the statement of his claim or defense....In practice, what matters is not

alone whether the phase is immaterial, but whether its presence, if it be immaterial, is calculated

to be harmful." Barnes v. A. Sind & Assoc.., 32 F.R.D. 39 at 40 (citing Sinkbell v. Suhr, 7

F.R.D. 92 (D.C. Neb. 1946)).

12.    Here, the relevant facts and claims are easily distinguishable such that Defendants can

suitably respond to them and defend themselves.  While there are numerous attachments in the

form of exhibits, the exhibits clearly serve to assist the Defendants in analyzing and verifying the

misconduct committed by their clients and are not therefore calculated to be "harmful." As such,

under the liberal pleading standards granted to a pro-se Plaintiff, Plaintiff's complaint is

sufficient and should not be summarily dismissed.  Plaintiff submits that the Defendant's have

failed with specificity to indicate which claims warrant dismissal and would want this Honorable

Court to disregard all of the well plead claims and dismiss the whole complaint so as not to

comply with the next level of the lawsuit which is discovery.

13.    Plaintiff submitted a Request for Production of Documents which Defendants chose

to tactically ignore in the hope that Your Honor will dismiss the complaint so as to not show that

they have probably again wilfully violated Your Honor's Order by wrongfully destroying

documents relevant to my complaint. On October 10, 2008 Your Honor "ORDERED that no

documents relevant to Mr. Alvarez's claim will be destroyed or altered by the Debtors;..." See

Exhibit C. By submitting a declaration with factually incorrect and conflicting information only

shows that this motion is wrongfully submitted in order to shield additional wrongdoing by the

Debtors in regards to Plaintiff's case.

14.    This Honorable Court should deny the Plan Trustee's Motion to Dismiss the Adversary Proceeding Complaint as it pertains to American Home Mortgage because they have not nor can they demonstrate that no genuine factual issues exist such that they are entitled to judgment as a matter of law, or that the claim is deficient as per Fed. R. Civ. P. 12 (b)(6). It is the Defendant's motion that is both factually and legally deficient. Their motion is contains an affidavit titled "The Declaration of Carlo Colagiacomo" who has demonstrated by his declaration, that he has no actual knowledge of the facts concerning this matter and which contains information which is factually incorrect. See Exhibit D. What is left of their motion are selective self serving allegations by the Trustee's counsel who lacks personal knowledge of the facts in this matter and is thus insufficient to support the motion as it lacks any probative value.

15.    The motion is further deficient in that the Defendant's have not indicated for each claim that they wish to have dismissed, the element that movant contends must be alleged, but was not.

16.    By their Motion, AHM wants this Honorable Court to inter alia, ignore their wilful violation of the October 10, 2008 Order of this Court, and to disregard the factual findings by the State of Florida Office of Financial Regulation that found that the Defendants were guilty of negligence a fact which was acknowledged, signed off and approved by AHM's legal counsel. Thus since AHM plead guilty to negligence in the State of Florida and negligence is a cause of action in Plaintiffs well plead complaint, See paragraphs 26 - 28 and Count 11, paragraphs 91-93, the motion to dismiss the complaint should be denied. AHM also wants the Court to accept their selective one-sided and distorted version of the evidence and events which occurred in this

matter.

17.  The complaint, contrary to the Defendants' self serving motion, contains numerous

well-plead factual claims on several causes of action, not contested to by the Defendants, that

should be resolved at a trial.  A complaint should not be dismissed for failure to state a claim

"unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of

facts which could be proved in support of his claim." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130,

1134 n.4 (4ᵗʰ Cir. 1993); see Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (explaining that

dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations").  For these reasons,

and for the reasons further stated below, the Court should reject AHM's attempt to short circuit

the discovery process and deny the Motion to Dismiss in its entirety.

**II.  DEFENDANT'S ARE COMPLETELY WRONG TO SUGGEST THAT PLAINTIFF IS NOT ENTITLED TO RELIEF BECAUSE CLAIM NO. 10384 "HAS BEEN ALLOWED".**

18.  Counsel to the Trustee wrongfully believes that they could abrogate their obligation

under the agreement reached in October 2008 and signed as an Order by Your Honor on October

10, 2008 to negotiate in good faith and settle Plaintiff's claim.  They in effect want this

Honorable Court to reward them for ignoring a Court Order for over two and a half years then

claim that they complied by cynically going into the hallway not to negotiate, but to attempt to

bully Plaintiff to accept about one percent of his claim.  *THIS EX-PARTE BULLYING IS NOT*

*WHAT THEY AGREED TO DO WHEN THEY PROMISED AND AGREED TO REACH A*

*SETTLEMENT WITH PLAINTIFF.  EMPHASIS ADDED.*  Simply said, what counsel to the

Trustee is basically saying to the Plaintiff is tough luck, your only getting one percent irrespective of the fact that I successfully strung you along with false promises, agreements, false information regarding the existence of D&O policies and a court order that we would settle in good faith.

19.   The Debtors actions, specifically their drafting and acceptance of the October 10, 2008 Order precludes the debtor and the Trustee from now claiming that Plaintiff's right to an administrative priority does not exist. In Bethlehem Steel Corp. V. BP Energy Co. (In re Bethlehem Steel Corp.) 291 B.R. 260 (Bankr. S.D.N.Y. 2003), the court recognized that "any assertion of a legal right by a debtor that is inconsistent with the debtor's prior words or acts is improper as a matter of law, where a non-debtor relied upon such prior words or acts." 291 B.R at 265 (citing Eastern Air Lines, Inc. V. Insurance Co. (In re Ionosphere Clubs, Inc.), 85 F.3d 992 at 999 (2d Cir. 1996) Readco, Inc. V. Marine Midland Bank, 81 F.3d 295, 301 (2d Cir. 1996).

20.   Contrary to the Trustees position, Claim No. 10384 is not settled in the manner Debtors agreed to do and the Order of this Court. The language of the Order is clear that an agreement will be reached only when the parties work together in good faith to resolve Mr. Alvarez's claim.

## III.   PLAINTIFF'S POST PETITION CLAIMS ARE NOT BARRED BY THE ADMINISTRATIVE BAR DATE

21.   I have read all of the cases cited by defendants which relate to Proofs of Claims filed after the bar date. These cases are all distinguishable in that in not one of these cases does the Debtor and later the Trustee wrongfully and wilfully ignore a Court Order in order to wrongfully and without just cause deprive a pro-se plaintiff of his rights under the bankruptcy code. The

misconduct here is extremely serious. Defendants knowingly and wilfully ignored a Court Order

which they themselves drafted and failed for years to reach out to the Plaintiff as they agreed to

do and were required to do in order to settle his claim.

22. Defendants believe that because Plaintiff, pro-se, did not file a "Administrative

Claim" by the "Administrative Bar Date", that he is forever barred from doing so. Defendants

again want to benefit from the fact that they successfully induced Plaintiff into agreeing to an

Order which they had no intention of complying with. Plaintiff is pro-se and is unsophisticated

in bankruptcy matters. In good faith because he saw a deadline for filing an administrative

expense claim and subordination statement, he mistakenly filed a subordination statement as a

precaution to preserve his rights. Plaintiff has always believed that the Court Order would be

complied with (and still believes that Your Honor will order the Defendant's to honor this Order

or face severe sanctions). However, because the Plaintiff mistakenly filed a subordination

statement as opposed to an administrative expense claim, Defendants were on notice, pre bar

date, that Plaintiff intended to pursue the misconduct committed post-petition. The filing of the

subordination statement pre bar date served as an "informal proof of claim." See In re Wilbert

Winks Farm, Inc., 114 Bankr. 95, 97 (Bankr. E.D. Pa. 1990; and In re Clark, 96 Bankr. 569, 573

(Bankr. E.D. Pa. 1989). In re Wilbert Winks, 114 Bankr. at 97 sets forth the parameters

considered when examining "informal proofs of claim:" The filing must be in the form of a

pleading *filed in the bankruptcy court* which shows "that a demand is made against the estate"

and *"the creditor's intention to hold the estate liable."* [In re] Ungar, 70 B.R. [519,] at 521-23

[Bankr. E.D. Pa. 1987] (quoting In re Thompson, 227 F.981, 983 (3d Cir. 1915)) (*emphasis*

*added*).    See also Defendant's reliance on Robert Christopher Associates v. Franklin Realty

Group, Inc. (In re FRG, Inc.), 121 B.R. 710, 713-714, which further supports Plaintiff's legal

position with regards to the "informal proof of claim" parameters.

23.   A creditor's failure to file administrative claims form did not procedurally bar its

administrative claim.  See In re Fas Mart Convenience Stores, Inc., 320 B.R. 587 (Bankr. E.D.

Virginia 2004).  Section 503 of the Bankruptcy Code states that "[a]n entity may timely file a

request for payment of an administrative expense." 11 U.S.C. 503(a).  Unlike a proof of claim,

which according to Rule 3001(a) should "conform substantially to the appropriate Official

Form," an administrative expense claim need not take any particular form under the Code or

Rules. Fed. R. Bankr. P. 3001 (a).  Although a request for payment of administrative expense is

not the same as a proof of claim, to deny an administrative claim clearly set forth in a proof of

claim (here in a subordination statement), clearly elevates form over substance.  See In re Sage

Richmond, LLC, 285 B.R. 364, 366 (Bankr. E.D.Va. 2002).

24.   In In re Fas Mart Convenience Stores, 320 B.R. 587, 594, Amoco did not file an

administrative claims form prior to the administrative bar date and the court ruled that the claim

was not procedurally barred because there was sufficient notice of the administrative nature of

Amoco's claim provided to the debtors by their previous filing of proofs of claim.  The court

reasoned that Amoco would have been well advised to file an administrative claims form out of

an abundance of caution, but other parties to the case were sufficiently put on notice of the

administrative mature of Amoco's claim against debtors' estate through the proofs of claim.

25.   Here, out of an abundance of caution plaintiff filed a subordination claim which

clearly detailed all of the same facts he has detailed in his administrative expense claim and in his

complaint.  Defendants have not denied in their papers that they have not received sufficient

notice of the administrative nature of plaintiffs claim, they merely want Your Honor to dismiss

the claims because of the administrative bar date. For the above cited reasons, this request

should also be denied.

## VI. ALVAREZ IS NOT ENJOINED FROM ASSERTING THE PRE-PETITION AND POST PETITION CLAIMS BY THE CONFIRMATION ORDER'S INJUNCTION.

26.   Defendants wrongfully contend that irrespective of the fact that they violated this

Court's Order for two and a half years and wilfully failed to inform Your Honor of their ongoing

legal obligation to Plaintiff by way of an Order which they themselves drafted, that they can

shield themselves from sanctions or Plaintiff's claims because they were able to successfully hide

the existence of the Order while they prepared the Confirmation Order's Injunction. This

misconduct is clearly wrong. In fact, every day they refuse to satisfy the provisions of the Order,

they are committing post-petition post effective date misconduct.

27.   The issue is not as Defendant's mistakenly argue that Alvarez is unhappy with the

distribution he is entitled to, the issue is that there is a Order issued by this Court which called for

the Defendant's to communicate with the Plaintiff to resolve his claim (which they have

wrongfully refused to do). They bargained for and agreed to this Order and in fact drafted it so

that Your Honor could sign it. Defendants draw Your Honor's attention to selective dicta by

Your Honor at the March 9, 2011 hearing. I ask that Your Honor please review the entire

transcript and view it in terms of what the hearing was, i.e,. for a subordination statement

inadvertently presented in lieu of an administrative expense claim, by a pro-se plaintiff who

clearly informed Your Honor [and the Debtors] that he believed he was entitled to an

administrative priority claim because of the misconduct committed by debtors. See March 9,

2011 hearing pages 33-34.

28.   Since 2008 Debtors have been on notice that the Plaintiff was asserting a secured and priority claim.  First, the facts in the original Proof of Claim clearly shows that the claim involved deposits toward the purchase of property for personal, family or household use.  11 U.S.C. 507 (a)(7).  Secondly, Mr. Nathan Grow himself was informed of the nature of the claim in our post-petition negotiations on resolving this matter.  Therefore, any suggestion that the Debtors were not on notice of the nature of the Plaintiff's claim is completely false.  Mr. Grow would not have made the inquiry and request for the Debtors to use their D&O policies if the claim was for a general unsecured claim.  It was the false representations by the Debtor that the matter would be settled absent an adversarial proceeding, and their request that Plaintiff not move before Your Honor (on three occasions), and their violation of a Court Order that resulted in the filing of this post-bar-date amendment request.

29.   On March 22, 2011 this Court extended the Administrative Claim Objection deadline from April 5, 2011 to July 4, 2011 [See Exhibit F].  Clearly this extension would allow the Defendants to successfully review, oppose and/or settle the administrative expense submitted by the Plaintiff.  Plaintiff requests that if any areas of the complaint are deemed by this Honorable Court to deficient that he be allowed to amend and requests that this Court analyze any argument by the Debtors against the Plaintiff under any equitable factors such as the principles of equitable estoppel.  Plaintiff was misled by defendants by way of their promise to negotiate his claim in good faith absent an adversarial proceeding and was lied to about the existence of the Debtors D&O policies.  Plaintiff reasonably relied to his detriment on these false and misleading representations and has suffered a prejudicial change of position as a result of his reliance.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Bankruptcy Court

(1) deny defendants' motion to dismiss in its entirety and (2) grant such other relief as deemed

just and appropriate.

Dated: May 6, 2011
        Apopka, Florida

Respectfully submitted,

Gil Q. Alvarez
Plaintiff pro-se
542 Mount Argyll Court
Apopka, Florida 32712
407-731-5670