# EXHIBIT A

# STATE OF FLORIDA
## OFFICE OF FINANCIAL REGULATION

In Re:

**AMERICAN HOME MORTGAGE
CORP. OF NEW YORK**
**a registrant under Chapter 494, Fla. Stat.,
Mortgage Broker and Lender Code**

**Administrative Proceeding
No.: 1529-F-6/06**

Respondent.

_____ /

## FINAL ORDER

The Office of Financial Regulation ("Office"), and Respondent, AMERICAN HOME MORTGAGE CORP. OF NEW YORK, having entered into a Stipulation and Consent Agreement last dated *October 12*, 2006, attached hereto, resolving and concluding this matter;

**IT IS ACCORDINGLY ORDERED:**

1.   The Stipulation and Consent Agreement attached hereto is adopted and incorporated herein by reference as if set forth at length;

2.   The Office and Respondent shall comply with all provisions of the incorporated Stipulation and Consent Agreement.

**DONE and ORDERED** this *17th* day of October 2006, in Tallahassee, Leon County, Florida.

DON B. SAXON, Commissioner
Office of Financial Regulation

## NOTICE OF RIGHT TO JUDICIAL REVIEW

A PARTY WHO IS ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW PURSUANT TO SECTION 120.68, FLORIDA STATUTES. APPELLATE PROCEEDINGS ARE GOVERNED BY THE FLORIDA RULES OF APPELLATE PROCEDURE. SUCH PROCEEDINGS ARE COMMENCED BY MAILING A NOTICE OF APPEAL TO:

THE AGENCY CLERK

OFFICE OF FINANCIAL REGULATION

P.O. BOX 8050

TALLAHASSEE, FL 32314-8050

OR HAND DELIVERING TO 101 EAST GAINES ST., TALLAHASSEE, FLORIDA. A COPY, ACCOMPANIED BY FILING FEES PRESCRIBED BY LAW, MUST BE FILED WITH THE DISTRICT COURT OF APPEAL, FIRST DISTRICT, OR WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE PARTY RESIDES. THE NOTICE OF APPEAL MUST BE FILED WITHIN 30 DAYS OF RENDITION OF THE ORDER TO BE REVIEWED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Final Order was sent by U.S. Mail to Mitchell H. Kider, Esq., attorney for AMERICAN HOME MORTGAGE CORP. OF NEW YORK, at Weiner Brodsky Sidman Kider PC, 1300 19th St. NW, Fifth Floor, Washington, DC 20036-1609 on this _____ day of October 2006.

Robert H. Schott, Esq.
Fla. Bar No.: 0312266
Assistant General Counsel
Office of Financial Regulation
P.O. Box 8050
Tallahassee, FL 32314-8050
(850) 410-9648
Facsimile: (850) 410-9645

STATE OF FLORIDA
OFFICE OF FINANCIAL REGULATION

In Re:

AMERICAN HOME MORTGAGE             Administrative Proceeding
    CORP. OF NEW YORK              No.: 1529-F-6/06
a registrant under Chapter 494, Fla. Stat.,
Mortgage Broker and Lender Code

        Respondent.
_____/

## STIPULATION AND CONSENT AGREEMENT

The State of Florida, Office of Financial Regulation (the "Office" or "OFR"),

pursuant to Chapter 494, Florida Statutes, and AMERICAN HOME MORTGAGE

CORP. OF NEW YORK ("Respondent") in consideration of the mutual promises

herein, recite, stipulate, and agree as follows:

1. **Background:**  Respondent's registered address is 538 Broadhollow

Road, Melville, New York 11747.

2. **Jurisdiction:** The Office is responsible for the administration and

enforcement of Chapter 494, Florida Statutes, and has jurisdiction over

Respondent, AMERICAN HOME MORTGAGE CORP. OF NEW YORK, pursuant

to Sections 494.0011, 494.0012, 494.0072, and 494.0073, Florida Statutes.

3. **Findings:**  On February 9, 2006, in response to a consumer complaint,

the Office examined Respondent's processing of mortgage loan to Gil Alvarez.

The examiner reviewed the documents and information received from the

complainant and the Respondent.  Further, the examiner reviewed records

1

obtained by subpoena and interviewed Mr. Alvarez, the loan originator, and the closing agent. As a result of that examination, the Office alleges the discrepancies or violations described in paragraphs 3.a. and 3.b. below. Respondent neither admits nor denies the allegations.

a. The loan originator acting for Respondent, Lynette Warren, promised Mr. Alvarez a 5.25% interest rate on a thirty year fixed mortgage. However, Ms. Warren failed to lock-in that 5.25% rate, and at closing, the rate had increased to 5.75%. Mr. Alvarez alleges that he had to accept a mortgage loan at 5.75% interest or face legal action.

b. Over the thirty-year life of the mortgage, Mr. Alvarez will incur financial loss. Further, the loan originator's failure to lock-in the promised interest rate constituted negligence and incompetence in a mortgage financing transaction within the meaning of Section 494.0072(2)(b), Florida Statutes.

c. Section 494.0072 authorizes the Office to impose penalties including imposition of a fine not exceeding $5000 per offense when a licensee commits an enumerated offense. Those offences include negligence or incompetence in any mortgage financing transaction. See Subsection 494.0072(2)(b), Florida Statutes.

4. **Consideration:**    The parties agree that the issues raised in this matter can be expeditiously resolved without the expense of litigation and/or a hearing. Therefore, in compromise and settlement of the investigation and in consideration of the Office's forbearance from issuance of an administrative complaint and pursuing litigation.

a.  That Respondent agrees, in the conduct of any and all business affairs requiring registration under the Act, to strictly comply with all provisions of the Act, Chapter 494, Florida States, as it now exists and as they may be amended. Respondent also agrees to strictly comply with Chapter 69V, Florida Administrative Code, adopted by the Office pursuant to the Act, as such rules now exist and as they may be amended.

b.  That Respondent is fined five thousand dollars ($5000.00) payable by cashier's check and made payable to the Department of Financial Services, and mailed to the Agency Clerk, Office of Financial Regulation, 200 E. Gaines Street, Fletcher 526, Tallahassee, Florida 32399-0379, and reference Administrative Proceeding No.1529-F-6/06.  Respondent shall submit the check simultaneous with the return of this executed agreement.   Respondent understands and agrees that (1) in accordance with Section 215.31, Florida Statutes, regarding the deposit of monies that the tendered fine or settlement check proceeds may be deposited in advance of full execution or acceptance of the proposed settlement agreement and (2) such deposit shall not be construed as a final acceptance of the Stipulation absent full execution thereof and entry of the Final Order adopting same.

5.  **FINAL ORDER:**   Respondent consents to the entry of a Final Order adopting and incorporating this Stipulation by reference.  Respondent understands and agrees that this Stipulation and Consent Agreement is subject to final approval by the Commissioner of the Office and by entry of a Final Order adopting it.  In the event the Final Order is not entered, this Stipulation and

3

Consent Agreement shall be null and void.   The Final Order incorporating the terms of this Stipulation and Consent Agreement constitutes final agency action by the Office for which the Office may seek enforcement pursuant to the provisions of Chapter 120 and 494, Florida Statutes.

6.   **CONSENT AND WAIVER**.   By Respondent's consent to the entry of a Final Order with respect to this proceeding, Respondent knowingly and voluntarily waives:

a.  Any right to receipt of administrative charges or complaint and a notice of rights pursuant to Chapter 120, Florida Statutes;

b.  Any right to an administrative hearing provided by Chapter 120, Florida Statutes;

c.  Any requirement that that Office's Final Order contain separately stated findings of fact and conclusions of law or a notice of rights;

d.  Any right to issuance of a recommended order by an administrative law judge from the Division of Administrative Hearings or a hearing officer from the Office; and

e.  Any and all rights to object to or to challenge in any judicial proceeding including but not limited to, an appeal pursuant to Section 120.68, Florida Statutes, any term, obligation, condition or requirement of the Final Order.

7. **FAILURE TO COMPLY**:  Respondent agrees that failure to comply with any of the terms, obligations, and conditions of this Agreement shall be a violation of a Final Order of the Office.  Such noncompliance may result in the

4

issuance of an emergency cease and desist order. However, nothing herein shall limit Respondent's right to contest such a finding of noncompliance.

8. <u>RELEASES</u>:    Upon full execution of this Agreement, Respondent waives and releases the Office, its agents, representatives, and employees from any and all causes of action that Respondent may have, now or in the future, arising from or relating to the subject matter hereof. The Office agrees to accept this release on behalf of itself, its agents, representatives, and employees without acknowledging and expressly denying that any such cause or causes of action may exist.

9. <u>ATTORNEYS' FEES</u>:    Each party herein shall be solely responsible for his or its attorney fees and costs incurred in the defense, prosecution, or negotiations in this matter up to and including the entry of the Final Order.

10. <u>SEVERABILITY</u>:    Respondent agrees that if any provision of this Stipulation and Consent Agreement or the application thereof to any person or circumstance is held invalid, the invalidity shall not affect other provisions of the Agreement, which will be given effect without the invalid provisions, and to this end, the provisions of this Agreement are declared severable.

11. <u>CORPORATE AUTHORITY</u>:    The undersigned representative of AMERICAN HOME MORTGAGE CORP. OF NEW YORK has full authority to enter into and bind AMERICAN HOME MORTGAGE CORP. OF NEW YORK to the terms and conditions of this Stipulation and Consent Agreement.

5

**WHEREFORE**, in consideration of the foregoing, the Office and

Respondent executes this Stipulation and Consent Agreement to issuance of a

Final Order, as attached hereto, on the last date indicated below:

**OFFICE OF FINANCIAL REGULATION**

_____          10-12-06
**RICHARD WHITE,**                          Date
**Director, Securities and Financial Regulation**


**RESPONDENT**
**AMERICAN HOME MORTGAGE CORP. OF NEW YORK**

_____          9/18/06
**By Alan Horn, General Counsel**           Date

**STATE OF** ~~FLORIDA~~ New York
**COUNTY OF** Suffolk _____

      BEFORE ME, the undersigned authority, personally appeared Alan Horn
as General Counsel of AMERICAN HOME MORTGAGE CORP. OF NEW
YORK, who is personally known to me or has produced adequate identification,
and who, after being duly sworn, states that he has read and understands the
contents of this Stipulation and Consent Agreement and voluntarily executed the
same.

      SUBSCRIBED and SWORN to before me this __18__ day of ~~August~~ Sept. 2006.


_____
NOTARY PUBLIC

My Commission Expires: _____2008_____

ARLENE PARKS
Notary Public State of New York
No. 01PA6111185
Qualified in Suffolk County
Commission Expires June 4, 2008

6



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-8000

OFFICE OF THE ASSISTANT SECRETARY
FOR HOUSING-FEDERAL HOUSING COMMISSIONER

November 21, 2005

Chairman Michael Strauss
President & CEO
American Home Mortgage
520 Broadhollow Road
Melville, NY 11747

Subject: RESPA Case # R-05-1142
        Gil Alvarez
        American Home Mortgage Loan # 10000769615

Dear Mr. Strauss:

    The Department of Housing and Urban Development's Office of RESPA and Interstate Land Sales (Office) is responsible for enforcing the Real Estate Settlement Procedures Act (RESPA). The Office has received a complaint from Attorney Bonita E. Zelman, counsel for Gil Alvarez, a copy of which is attached. Ms. Zelman has informed the Office that American Home Mortgage has failed to answer Mr. Alvarez's complaints. Mr. Alvarez also alleges that he was misled as to the interest rate of his loan in addition to the failure to respond to the qualified written request pursuant to Section 6 of RESPA.

    This Office would remind you that Section 6(e) of RESPA imposes a duty upon loan servicers to respond to borrower inquiries. Loan servicers have 20 business days to acknowledge a qualified written request and must take action to resolve the matter within 60 business days. During the 60-day period relating to a dispute regarding a borrower's payments, a loan servicer may not provide adverse information relating to the dispute to a credit bureau.

    We would also remind you that by the terms of Section 16 of RESPA (12 U.S.C. Section 2614), a borrower may bring an action for damages in the United States District Court within three years from the date of a violation of Section 6's provisions. In addition, please remember that the Secretary of Housing and Urban Development is authorized by Section 2617(c)(1) of Title 12 of the United States Code to investigate any facts, conditions, practices or matters deemed necessary to determine whether any person has violated or is about to violate any provision of the Act or any rule or regulation prescribed pursuant thereto, or to secure information, including issuing subpoenas, to serve as a basis for recommending further legislation concerning real estate settlement practices.

Please contact Ms. Zelman immediately to resolve this matter. If an acceptable resolution is not reached within 15 days of the receipt of this letter, this complaint will also be forwarded to the Federal Reserve Board of Governors for an investigation into possible Truth in Lending Act violations.

Please inform this Office of the resolution of this matter. A copy of any correspondence with Ms. Zelman or Mr. Alvarez should be sent to:

U.S. Department of Housing and Urban Development
Office of RESPA and Interstate Land Sales
451 7th, SW, Room 9154
Washington, DC 20410
Attn: Deborah Denton

If you have any questions, please contact Ms. Denton at (202) 708-0502.

Sincerely

Ivy M. Jackson
Director
Office of RESPA and
   Interstate Land Sales

Enclosure
cc: Bonita E. Zelman
   Gil Alvarez

Sincerely,

Ivy M. Jackson
Director
Office of RESPA and
 Interstate Land Sales

# EXHIBIT B

LAW OFFICES OF
*Bonita E. Zelman*
2001 MARCUS AVENUE
SUITE S150
LAKE SUCCESS, N.Y. 11042
516-616-0707
FAX: 516-616-0761

By Facsimile to (516) 495-5418

April 6, 2007

John Kalas, Esq.
American Home Mortgage
Corporate Headquarters
520 Broadhollow Road
Melville, New York 11747

Re: Settlement Proposal for Gil Alvarez, AHM Loan#10000769615.

Dear Mr. Kalas,

This letter is to confirm my conversation with Stephanie Alagna on April 5, 2007 with a view toward reaching a settlement in the above referenced claim in order to expeditiously resolve this matter and obviate lengthy and costly litigation. Ms. Alagna informed me that AHM can not obtain the 5.25% interest rate that AHM initially represented it would secure for Mr. Alvarez. We pointed out to Ms. Alagna that AHM entered a Consent Agreement with the Florida Office of Financial Regulation whereby it stipulated as a finding of fact that its loan originator failed to lock-in the promised rate of 5.25% interest for Mr. Alvarez on the thirty year mortgage and that therefore the rate increased to 5.75%. Ms. Alagna requested that we submit our settlement demand in writing for your review.

In order to arrive at this settlement demand we retained a Certified Public Accountant to calculate the difference between the 5.25% mortgage rate AHM promised Mr. Alvarez and the 5.75% he was compelled to accept. The accountant utilized what is known as an Amortization Schedule and calculated that over thirty (30) years Mr. Alvarez would be wrongfully forced to pay $30,806 in additional interest. The Net Present Value of the interest in today's dollars is $15,000.00.

In addition to the interest owed Mr. Alvarez attorney's fees were incurred in the amount of $16,812.50 for handling this case, disbursements of $274.73 for a total settlement demand of $32,087.23. Please telephone me so that we may discuss an amicable resolution to this matter.

Thank you in advance for your personal attention and response in this regard.

Very truly yours,

*Bonita E. Zelman*
Bonita E. Zelman

cc: Stephanie Alagna, Paralegal
American Home Mortgage



# American Home Mortgage

### The American Home Building
### 538 Broadhollow Road
### Melville, NY 11747

Stephanie Alagna, Paralegal
Phone Number 631-622-6476

**Settlement Privilege**

**VIA UPS**

**April 13, 2007**

Bonita E. Zelman, Esq.
2001 Marcus Avenue, Suite S150
Lake Success, NY 11042

RE: Settlement Proposal for Gil Alvarez AHM Loan # 10000769615

Dear Ms. Zelman:

This letter is to inform you that we will not be negotiating settlement with Mr. Alvarez.

Very truly yours,

Stephanie Alagna

# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                                          :   Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :   Jointly Administered
        Debtors.                                                :
                                                                :   **Ref. Docket Nos. 3466 and 5610**
------------------------------------------------------------------- x

## CERTIFICATE OF COUNSEL SUBMITTING A FORM OF ORDER SUSTAINING MOTION OF GIL QUENTIN ALVAREZ FOR LEAVE TO FILE LATE PROOF OF CLAIM

On March 25, 2008, Gil Quentin Alvarez filed a motion for leave to file a late

proof of claim [Docket No. 3466] in the chapter 11 cases of the above-captioned debtors and

debtors in possession (the "Debtors"). On September 8, 2008, the Debtors filed a reservation of

rights stating that they did not agree with many of the statements in the Motion, but nevertheless

consented to the relief requested [Docket No. 5610]. Mr. Alvarez opposes any reservation of

rights by Debtors but agrees with Debtors consenting to the relief requested. Mr. Alvarez and

the Debtors have agreed to work in good faith to resolve Mr. Alvarez's claim in a manner that is

satisfactory to both parties.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

At the hearing on the Motion held on September 15, 2008, Mr. Alvarez informed the Court that

since the Debtors filed a reservation of rights stating that they did not agree with many of the

statements in the Motion, Mr. Alvarez asked the Court to direct Debtors counsel to instruct the

Debtors not to destroy any documents relevant to Mr. Alvarez's claim.  The Debtors' counsel

informed the Court that no documents relevant to this matter would be or have been destroyed.

The Court then asked counsel to the Debtors to work with Mr. Alvarez in submitting a form of

order sustaining the Motion.  The Debtors hereby certify that counsel to the Debtors and Mr.

Alvarez have communicated and agreed upon the form of order attached hereto as Exhibit A, and

request that the Court enter this order at its earliest convenience.

Dated: October 7, 2008
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Kara Hammond Coyle (No. 4410)
Margaret B. Whiteman (No. 4652)
Nathan D. Grow (No. 5014)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

Counsel to the Debtors and Debtors in Possession

2

DB02:7377458.1                                          066585.1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                                      :     Chapter 11
                                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                            :     Jointly Administered
         Debtors.                                           :
                                                            :     Ref. Docket No. 3466
----------------------------------------------------------- x
```

## ORDER SUSTAINING MOTION OF GIL QUENTIN ALVAREZ
## FOR LEAVE TO FILE LATE PROOF OF CLAIM

Upon consideration of the motion (the "Motion") of Gil Quentin Alvarez for leave
to file a late proof of claim in the chapter 11 cases of the above-captioned debtors and debtors in
possession (the "Debtors"); and the Debtors having filed a reservation of rights as to the Motion
[Docket No. 5610] to which Mr. Alvarez opposes but agrees with Debtors having consented to
the relief requested; and it appearing that the Court has jurisdiction over this matter pursuant to
28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion is sufficient, and that no
other or further notice need be provided; and it appearing based on the Motion and the exhibits
attached thereto that the relief is warranted; and in consideration that no objections to the Motion
were filed; and sufficient cause appearing thereof; it is hereby:

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that Mr. Alvarez's proof of claim shall be, and hereby is, deemed
timely filed; and it is further

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New
York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407);
Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York
corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747, except
for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

DB02:7377458.1                                                    066585.1001

ORDERED that the Debtors and Mr. Alvarez will work together in good faith to resolve Mr. Alvarez's claim in a manner that is satisfactory to both parties; and it is further

ORDERED that no documents relevant to Mr. Alvarez's claim will be destroyed or altered by the Debtors; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
      October 10 , 2008

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DB02:7377458.1                                           066585.1001

103

# EXHIBIT D

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC., a
Delaware corporation, *et al.*,

              Debtors.

Chapter 11

Case No. 07-11047 (CSS)

(Jointly Administered)

----------------------------------------------------------x

GIL QUENTIN ALVAREZ

              Plaintiff,

       v.

AMERICAN HOME MORTGAGE CORP., MICHAEL
STRAUSS & WELLS FARGO BANK, N.A.

              Defendant.

Adv. Proc. No. 11-51624

----------------------------------------------------------x

### DECLARATION OF CARLO COLAGIACOMO IN SUPPORT OF THE
### PLAN TRUSTEE'S MOTION TO DISMISS ADVERSARY PROCEEDING
### COMPLAINT AS IT PERTAINS TO AMERICAN HOME MORTGAGE CORP.

I, Carlo Colagiacomo, do hereby declare as follows:

    1.    I was employed by American Home Mortgage Corp. ("AHM Corp.") from February, 2004 to October, 2007 in the legal department. Thereafter, I was employed as a Consultant from May, 2008 for the above-captioned Debtors (the "Debtors") and continue to work as a Consultant to the Plan Trustee. By reason of my former employment and responsibilities as a Consultant, I am familiar with certain policies and procedures, and the Debtors' books and recordkeeping and am qualified as a custodian of records.

    2.    The Plan Trustee's records reflect that on March 11, 2005, Alvarez executed a promissory note in the principal amount of $272,800, loan number 769615 (the "Loan"), with AHM Corp. The note is secured by a mortgage on the property located at 542 Mount Argyll

1

Court, Apopka, Florida 32712 (the "Property"). The Loan has a fixed interest rate of 5.75% over 30 years.

3.    The Plan Trustee's records also reflect that on March 22, 2005, the Loan was ←—— transferred to Wells Fargo Bank, NA, or an affiliate thereof ("Wells"), and the Loan was not repurchased by the Debtors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th of April, 2011.

Carlo Colagiacomo

2

**Exhibit E**

/ o(

Wells Fargo Home Mortgage
PO Box 9337
Des Moines, IA  50306-9337

Phone#: (866) 234-8271
TTY Deaf/Hard of Hearing (800) 934-9998

| | |
|---|---|
| Date: | 03/30/05 |
| Loan Number: | 0197014558 |
| Payment Due Date: | 05/01/05 |
| Payment Amount: | $1,934.39 |

000377/PIPP 427

Gil Alvarez
Raquel Alvarez
542 Mt Argyll Court
Apopka FL  32712-4738
|allardlaldardldadldaldandladdal|

Dear Customer:

Welcome to Wells Fargo Home Mortgage. As you may know, your loan was recently transferred from American Home Mortgage. We would like to welcome you as a customer and assure you that our goal is to give you the highest level of quality service. Let us assure you that the transfer of your mortgage does not affect any of its terms or conditions other than terms directly related to the servicing of your loan. We are required by the Real Estate Settlement Procedures Act (RESPA) to notify you of this transfer (see the Notice of Assignment, Sale or Transfer of Servicing Rights on the reverse side of this letter).

The servicing of your loan will be transferred to us effective May 1, 2005. Your current payment is $1,934.39.  Your first payment to Wells Fargo Bank, N.A. is due 05/01/05.  Any payments due on your loan prior to the effective transfer date should be paid to the previous servicer. Soon you'll begin receiving in the mail a concise, easy-to-read monthly mortgage statement that includes a financial breakdown of your account.

If you would like the convenience of having your mortgage payment automatically deducted from your checking or savings account each month, call us at (866) 234-8271 to enroll. The Automatic Mortgage Payment Program is available to you at no cost. Relax knowing your payment will be on time, every time.

If your previous servicer had mortgage life, disability, or other optional insurance premiums included in your mortgage payment, we are sorry to inform you Wells Fargo Home Mortgage is currently unable to continue this service.  If you wish to maintain your current optional insurance coverage, please contact your present insurer to make the necessary arrangements for continuation of your premium payments.

If you have any questions regarding the transfer from the previous servicer, please contact their Customer Service Department toll-free or collect at (800) 444-7963.

Once again, welcome to Wells Fargo Home Mortgage. We look forward to a long and successful relationship.  If we may be of any assistance or if you have any questions concerning your mortgage loan, please contact our Customer Service Department Monday through Thursday 6 a.m. to 10 p.m., Friday 6 a.m. to 9 p.m. and Saturday 8 a.m. to 2 p.m., Central Time. Our toll-free number is (866) 234-8271. Send your written inquiries to the attention of Customer Service at Wells Fargo Home Mortgage, PO Box 10335, Des Moines, IA  50306-0335.

Sincerely,

*Leesa Whitt-Potter*

Leesa Whitt-Potter
Vice President
Customer Operations

Keep upper portion for your records.
Please detach on this of detach on the due date.

Gil Alvarez
Raquel Alvarez
542 Mt Argyll Court
Apopka FL  32712-4738

| | |
|---|---|
| Loan Number | 0197014558 |
| Payment Due Date | 05/01/05 |

2|



# American Home Mortgage

The American Home Building
538 Broadhollow Road
Melville, NY 11747

Stephanie Alagna, Paralegal
Phone Number 631-622-6476
Fax Number 516-495-5418
Email: s.alagna@americanhm.com

**Sent UPS, overnight mail.**

**April 29, 2005**

Mr. Gil Alvarez
542 Mt. Argyll Ct.
Apopka, FL  32712

RE:  Loan # 1000769615

Dear Mr. Alvarez:

I am writing this letter in response to the correspondence that I received on April 19, 2005 in reference to your loan.

You had previously brought the issues raised in your letter to the attention of Ms. Warren the loan officer on your account.  At the time of closing you would accept the interest rate at 5.75% and a $600.00 credit on any future dealings with American Home Mortgage and proceeded with the closing. Ms. Warren also reduced her commission to maintain the rate of 5.75%.

Since you proceeded with the closing of your loan, you accepted the resolution of this matter.

Very truly yours,

Stephanie Alagna

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et. al.,** | **Case No: 07-11047 (CSS)** |
| | **Jointly Administered** |

**Debtors,**

**Gil Quentin Alvarez**

**Plaintiff,**

**v.**

    **Adv. Proc. No. 11- 51624 (CSS)**

**American Home Mortgage Corp.,**
**Michael Strauss,**
**Wells Fargo Bank, N.A.**

**Defendants.**

---

**ORDER SUSTAINING MOTION OF GIL QUENTIN ALVAREZ FOR AN ADVERSARY PROCEEDING COMPLAINT AS IT PERTAINS TO AMERICAN HOME MORTGAGE CORP.**

Upon the consideration of the motion (the "Motion") of Gil Quentin Alvarez for an

Adversary Proceeding to Subordinate Claims pursuant to Federal Rules of Bankruptcy Procedure

7001, section 105 and the objections of Steven D. Sass, as liquidating trustee (the "Plan Trustee")

having been presented and heard, it is hereby;

    **ORDERED**, that the motion is granted; and it is further

    **ORDERED**, that the Plan Trustee's Motion to Dismiss Adversary Proceeding Complaint

as it pertains to American Home Mortgage is hereby **DENIED**.

BY THE COURT:

_____

Hon. Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT F

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                                             :   Chapter 11
In re:                                                       :
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :   (Jointly Administered)
                                                             :
                              Debtors.                       :
                                                             :
------------------------------------------------------------ x
```

## NOTICE OF EXTENDED ADMINISTRATIVE CLAIM OBJECTION DEADLINE

PLEASE TAKE NOTICE on August 6, 2007 (the "Petition Date"), the above captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. On February 23, 2009, this Court entered an order [Docket No. 7042] confirming the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") [Docket No. 7029].[2] The Effective Date of the Plan (as defined by the Plan) occurred on November 30, 2010.

PLEASE TAKE FURTHER NOTICE the *Notice of (I) Occurrence of the Effective Date of the Plan; (II) Deadlines to File Administrative Claims, Professional Claims, Rejection Damages Claims, and Subordination Statements, and to Submit Invoices for Indenture Trustee Expenses; and (III) Appointment of Borrower Information Ombudsperson* [Docket No. 9519] (the "Notice of Effective Date") was filed on November 30, 2010. Pursuant to the Plan and the Notice of Effective Date, all requests for payment of Administrative Claims had to be filed by January 5, 2011 (the "Administrative Claim Bar Date").

PLEASE TAKE FURTHER NOTICE pursuant to Article 3, Section B(2)(ii) of the Plan, all objections to Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than ninety (90) days after the Administrative Claim Bar Date (the "Administrative Claim Objection Deadline"). The Administrative Claim Objection Deadline is currently April 5, 2011.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303) ("AHM Holdings"); American Home Mortgage Investment Corp., a Maryland corporation (3914) ("AHM Investment"); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267) "AHM Servicing"); American Home Mortgage Corp., a New York corporation (1558) ("AHM Mortgage"); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491) ("Homegate"); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

066585.1001

3/22/11
9884

PLEASE TAKE FURTHER NOTICE pursuant to Article 3, Section B(2)(ii) of the Plan, the Administrative Claim Objection Deadline may be initially extended for an additional ninety (90) days at the sole discretion of the Plan Trustee (as defined below) upon the filing of a notice of the extended Administrative Claim Objection Deadline with this Court.

**PLEASE TAKE FURTHER NOTICE THAT STEVEN D. SASS, AS LIQUIDATING TRUSTEE (THE "PLAN TRUSTEE") FOR THE PLAN TRUST ESTABLISHED PURSUANT TO THE PLAN HEREBY EXTENDS THE ADMINISTRATIVE CLAIM OBJECTION DEADLINE THROUGH AND INCLUDING JULY 4, 2011.**

Dated:    Wilmington, Delaware
          March 22, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Sean M. Beach*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*