# EXHIBIT 1

# Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
       Debtors.                                                        :
                                                                       :   **Ref. Docket Nos. 6610 & 6765**
                                                                       :
---------------------------------------------------------------------- x

### STIPULATION BY AND BETWEEN THE PLAN TRUSTEE AND RIVERSIDE COUNTY TREASURER – TAX COLLECTOR RESOLVING THE DEBTORS' TWENTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NUMBER 10504

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the " Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), and the Riverside County Treasurer - Tax Collector ("Riverside County" and together with the Plan Trustee, the "Parties"), as of the date set forth below. The Parties hereby stipulate and agree that the following terms shall govern the treatment of the claim identified herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

WHEREAS, on September 10, 2008, Riverside County filed claim number 10504 ("Claim 10504") pursuant to which Riverside County asserted a secured claim for $638,855.31 on account of unpaid real property taxes;

WHEREAS, on November 21, 2008, the Debtors filed their Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1 (the "Objection") [Docket No. 6610];

WHEREAS, on December 22, 2008, the Court entered an order [Docket No. 6765] sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, Claim 10504;

WHEREAS, on September 7, 2009, Riverside County filed a response [Docket No. 8019] to the Objection. Riverside County filed a supplemental response [Docket No. 8121] to the Objection on October 1, 2009;

WHEREAS, on September 8, 2009, the Court entered an order [Docket No. 8031] sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, Claim 10504;

WHEREAS, the Parties have conferred extensively with respect to reaching a consensual resolution of the Objection as it pertains to Claim 10504.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.   Claim 10504, filed by Riverside County, shall receive the treatment as set forth herein.

2.  Based on (i) Riverside County's records that, with the exception of the 2009 taxes asserted in connection with assessment 657082011-4 (the "Remaining Assessment"), all of the claimed taxes applicable to Claim 10504 have been paid in full, and (ii) the Plan Trustee's representations that the Debtors had no interest in the Remaining Assessment for the 2009 taxable year, Riverside County agrees that Claim 10504 shall be disallowed in its entirety; provided, however, Riverside County reserves all rights to assert the amount claimed for the Remaining Assessment ($1,222.11) if it demonstrates that the Debtors did have an interest in the Remaining Assessment for the claimed 2009 taxable year and the Plan Trustee reserves all rights to object to or otherwise contest the taxes claimed by Riverside County on account of the Remaining Assessment.

3.  Subject to the reservation of rights contained in paragraph 2, upon the Court's approval of this Stipulation, Riverside County and the Plan Trustee do hereby fully release and discharge each other, and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to Claim 10504, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

4.  Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection.

5. This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

6. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client.

7. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 9TH day of May, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

ROMERO LAW FIRM

*Martha E Romero* (signature)

Martha E. Romero
6516 Bright Avenue
Whittier, California 90601
Telephone: (562) 907-6800

*Counsel to Riverside County Treasurer - Tax Collector*