```
           IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF DELAWARE

IN RE:                        )    Case No. 07-11047(CSS)
                              )    (Jointly Administered)
                              )
AMERICAN HOME MORTGAGE        )    Chapter 11
HOLDINGS, INC., a Delaware    )
Corporation, et al.,          )    Courtroom 6
                              )    824 Market Street
           Debtors.           )    Wilmington, Delaware
                              )
                              )    May 11, 2011
                              )    9:00 a.m.


                 TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
               UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Plan Trustee:          Young, Conaway, Stargatt &
                           Taylor, LLP
                           BY: MARGARET GREECHER, ESQ.
                           The Brandywine Building
                           1000 West Street, 17th Floor
                           Wilmington, DE  19801
                           (302) 571-6600

                           Hahn & Hessen, LLP
                           BY: EDWARD SCHNITZER, ESQ.
                           BY: MARK INDELICATO, ESQ.
                           488 Madison Avenue
                           New York, NY  10022
                           (212) 478-7200

ECRO:                      LESLIE MURIN

Transcription Service:     DIAZ DATA SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Zuckerman Spaeder:    Zuckerman Spaeder
                          BY: THOMAS MACAULEY, ESQ.
                          919 Market Street, Suite 990
                          P.O. Box 1028
                          Wilmington, DE  19801
                          (302) 427-0400

For Gilbert, LLP:         Gilbert, LLP
                          BY: STEPHEN WEISBROD, ESQ.
                          1100 New York Avenue, NW
                          Suite 700
                          Washington, DC  20005
                          (202) 772-1962

For Bank of America:      Potter, Anderson & Corroon LLP
                          BY: R. STEPHEN MCNEILL, ESQ.
                          Hercules Plaza
                          1313 North Market Street
                          Wilmington, DE  19801
                          (302) 984-6000

For Fee Examiner:         BY: M.J. RENICK

For Gil Alvarez, Pro Se:  BY: GIL ALVAREZ

For Delena LaMacchia,     BY: DELENA LAMACCHIA
Pro Se:


TELEPHONIC APPEARANCES:

For Debtor:               BY: EILEEN WANERKA

For Robert Hopp:          BY: CYNTHIA TREADWELL

1

WILMINGTON, DELAWARE, WEDNESDAY, MAY 11, 2011, 9:29 A.M.

2              THE COURT:  Please be seated.

3              UNKNOWN SPEAKER:  Your Honor, Ms. Greecher had

4    stepped out for a moment.

5              THE COURT:  Oh, all right.

6              UNKNOWN SPEAKER:  She'll be right back.

7              THE COURT:  Very good.  I'm sorry we surprised

8    you.  I apologize for the -- no, it's my fault.  I apologize

9    for the delay.  It's been kind of a crazy morning.

10             MS. GREECHER:  Good morning, Your Honor.

11   Margaret Greecher on behalf of the plan trustee.   I

12   apologize for the delay.

13             Your Honor, we're working off of the amended

14   agenda --

15             THE COURT:  Um-hum.

16             MS. GREECHER:  -- for today which I would just

17   note is Docket No. 10,000 in this matter.

18             THE COURT:  Congratulations.

19                       (Laughter)

20             THE COURT:  It's a dubious award, but

21   congratulations.

22             MS. GREECHER:  Exactly.  Starting on Page 30 --

23   I'm sorry, on Page 14, it's Matter No. 38.  Is the plan

24   trustee's motion to file the supplemental declaration of

25   Eileen Wanerka under seal.  Your Honor, this matter was put

1  on short notice.  We have received no objections and it is

2  to benefit the borrowers and the employees in which we

3  objected in their -- in omnibus objections to hide

4  personally identifiable information.  If -- unless you have

5  any questions, I do have a proposed form of order to hand

6  up.

7         THE COURT:  I have no questions.  Does anyone

8  wish to be heard?

9              (No audible response.)

10         THE COURT:  All right, I'll grant the motion.

11         MS. GREECHER:  May I approach?

12         THE COURT:  Um-hum.  Sorry.  I've signed the

13  order.

14         MS. GREECHER:  Thank you, Your Honor.  The next

15  matter is Matter No. 39.  It's the debtors' twenty-fifth

16  omnibus objection with respect to Riverside County's claim.

17  The parties have entered into a stipulation with Riverside

18  County, and pursuant to which Claim 10504 which is asserted

19  in an approximately $600,000 secured claim on an account of

20  allegedly unpaid real estate property taxes.

21         The stipulation provides that the claim will be

22  disallowed in full, but provides a reservation of rights for

23  that county to assert approximately $1,200 for real estate

24  property taxes with respect to one specific assessment if it

25  can later demonstrate that the debtors had an interest in

1   that property during the claim tax year.  The stipulation

2   also reserves the plan trustee's right to contest that

3   amount, if necessary.  The stipulation is here. I do have a

4   proposed form of order.  I do not believe that counsel for

5   Riverside County appeared today.  They did anticipate having

6   us speak on behalf of both parties.

7           THE COURT:  Okay.  Does anyone wish to be heard?

8                 (No audible response.)

9           THE COURT:  All right.  I'll approve the

10  stipulation.  Please approach.  Thank you.

11          MS. GREECHER:  Your Honor, the next several

12  matters are contested.  And just in terms of trying to

13  figure out what the best order to take them in, there are

14  several motions filed by Mr. Gil Alvarez and that also

15  includes a pre-trial conference in connection with his

16  adversary that he commenced recently.

17          There is a motion -- actually there's two

18  motions, it's docketed as one entry, but it is two motions

19  filed by Ms. LaMacchia.  Those are -- one is for a late

20  administrative claim, the other one is a late subordination.

21          And then there a few remaining fee applications

22  that are contested.  They are the fee applications of

23  Zuckerman, Spaeder and Gilbert, Oshinsky.  In addition to

24  their standard fee applications in connection with their

25  representation of the borrower's committee.  Zuckerman has

1  filed a substantial contribution fee application which is

2  also contested.

3           THE COURT:  Okay.

4           MS. GREECHER:  I would suggest that the fee

5  applications as those are the only three going forward and

6  are legal argument only, would likely be best to start.

7           THE COURT:  That's fine.

8           MS. GREECHER:  With that, I would turn it over to

9  Mr. Macauley.

10           MR. WEISBROD:  Your Honor, Stephen Weisbrod for

11  Gilbert, LLP.  I'm here with Tom Macauley as well for --

12  who's going to argue the Zuckerman motions.

13           We have really two sources of concern about our

14  fee application that have been expressed.  One is the fee

15  cap and the other is certain specific criticisms by the fee

16  examiner.  As to the fee examiner, we reached a handshake

17  resolution this morning and he had objected to a total of

18  five types of time.  So of the $90,000 additional that our

19  firm submitted, he had objected to $60,000.  After talking

20  this morning, he withdrew his objections to us on some of

21  the categories and then we agreed to compromise on the rest.

22  And I'll tell you what those were.

23           One category which totals $10,000 and it's listed

24  in his report as avoidance action and sale of bank involves

25  this.  Members of the borrowers' committee asked us and

1  Zuckerman Spaeder to ask you to expand our authority and ask

2  for input about why we should or shouldn't do it.  And we

3  ultimately concluded that we shouldn't.  But there were a

4  number of avoidance action issues that mostly that were not

5  being pursued or that were being resolved for dollars that

6  some members of the borrowers' committee considered to be

7  too low.  And then there was the bank sale.  We ultimately

8  advised the borrowers' committee that we should not expand

9  our authority, but we did have to spend some time looking

10  into that.  That's $10,000 and that is part of what we have

11  compromised.

12        There was a document destruction motion that the

13  debtors filed.  We opposed it and said that that was

14  inconsistent with plan provisions and the debtors withdrew

15  their motion.  The fee examiner has withdrawn his objection

16  to that and agrees with us that that fell within the scope

17  of our authority since we said it was inconsistent with the

18  plan and the debtors withdrew it.

19        He had a category called privilege issues.  That

20  related to issues about whether one member of the borrowers'

21  committee could disclose privileged communications in

22  conjunction with her efforts to replace us.  Ultimately, we

23  were not replaced and no privilege issues were -- privilege

24  communications were disclosed and the fee examiner was

25  withdrawing his objection to that.

1              Then there was the issue of stay where we filed a

2     big stay issue, stay motion, and a request for discovery.

3     And on that point, the fee examiner and I have reached a

4     compromise as well.  The ultimate result of the compromise

5     is that of the $90,000 that we have requested on top of what

6     the Court already approved, we are cutting that by $30,000.

7     That -- and I hope that's acceptable to the Court.  And I

8     can elaborate on any of the work we did, but in our view,

9     what we were doing was seeking the preservation of the most

10    important assets of the bankruptcy estate from the

11    perspective of borrowers.  And we were making sure that they

12    believed that they had the ability to go get those assets or

13    view those assets, which they're doing now.  And so we

14    prevented the documents from being destroyed and we have

15    created a system under which borrowers from across the

16    country can access them without having to file for a relief

17    from stay.

18              That -- if the Court doesn't have questions about

19    specific entries, I'd like to address the cap issue.

20              THE COURT:  Go ahead.

21              MR. WEISBROD:  When the Court imposed the

22    $250,000 cap, we thought that we would have a confirmation

23    hearing in a few months and if the plan was approved, it

24    would go effective in a few months.  We ended up having a

25    contested confirmation hearing.  The Court has heard all of

1  this before and ultimately approved all our fees through the

2  confirmation hearing.

3        The question now is what about the 18 months

4  after the confirmation hearing?  And I would suggest to Your

5  Honor that in our case, Gilbert, it was about $90,000 total

6  which we've cut to $60,000.  That's a very reasonable amount

7  for a year and a half of monitoring the case and filing

8  necessary motions to preserve the key assets of the estate

9  from the perspective of our constituency, the borrowers.  We

10  had to stay involved.  We had to respond to our client

11  requests and I think we did it very efficiently.  And given

12  the unanticipated length of the case, this is a reasonable

13  amount and we'd ask you to lift the cap.

14        THE COURT:  Okay.  Mr. Macauley let me hear from

15  you and then I'll hear response.

16        MR. MACAULEY:   Good morning, Your Honor.  Thomas

17  Macauley on behalf of Zuckerman Spaeder.

18        Your Honor, we just reached a deal with the fee

19  examiner to reduce our fees by $3,000 which addresses --

20  some of the money that he lumped into stay issues really

21  wasn't stay issues and also following from Mr. Weisbrod's

22  comments.  I mean, the fact of the matter was is, you know,

23  when we had the confirmation hearing in February of '09, you

24  know, we were told by the debtors' and the creditors'

25  committee that they expected the plan to go effective fairly

1   soon.

2           THE COURT:  I'm sorry, what's your total you're

3   seeking now?

4           MR. MACAULEY:  Sorry, Your Honor.

5           THE COURT:  That's all right.

6           MR. MACAULEY:  It's an additional $44,341.50

7   according to the fee examiner.

8           THE COURT:  Okay.  And that reflects the

9   discount?

10          MR. MACAULEY:  That -- I believe that reflects

11  the discount.

12          THE COURT:  Okay.

13          MR. WEISBROD:  No.

14          THE COURT:  It does not?

15          MR. MACAULEY:  Sorry, that does not reflect the

16  discount.

17          THE COURT:  And the discount is approximately

18  $3,000?

19          MR. MACAULEY:  $3,000.

20          THE COURT:  All right.  Go ahead.

21          MR. MACAULEY:  If you look at our fee

22  application, we didn't -- I don't think -- I think the first

23  time we actually billed any time to this case after the

24  confirmation hearing for preparation of fee applications was

25  July of '09.  So, I mean, had this plan gone effective as

1   everyone thought it would, I think the time that we'd be

2   requesting here would be minimal.  So we tried to be

3   efficient.  We had lots of papers crossing our desks.  We

4   didn't charge for reviewing every single piece of paper.  We

5   just reviewed what we had to review.  And I think the

6   request is reasonable.  Thank you, Your Honor.

7              THE COURT:  You're welcome.  Response?

8              MR. INDELICATO:  Your Honor, Mark Indelicato on

9   behalf of the liquidating trustee.

10             Your Honor, I believe that based on the

11  representations made, there are agreements with the fee

12  auditor.  I rise today because I think we need to go back.

13  And as distasteful as I find objections to fees, we cannot

14  ignore that this Court entered an order creating a

15  borrower's committee with a limited scope and with a fee

16  cap.  We are representing a fiduciary to all creditors and I

17  think the trustee would be remiss if he didn't bring the

18  objection as we have done so.

19             I appreciate the facts as raised by counsel that

20  they had a borrower's committee that was asking them

21  questions.  That they had issues that were raised.  We've

22  all dealt with the borrowers' committee both as a collective

23  group and individually and we understand what a strong force

24  they were.  But if they felt a need to continue providing

25  representation, even after the first interim fee

1  application, I think it was incumbent upon them to come

2  before this Court and seek another request of an increase of

3  the fee cap.  I think it was incumbent upon them to seek

4  another increase in the scope of the retention and the

5  issues that they were addressed.

6          I don't believe this Court should condone them

7  burying their heads in the sand and say if I just keep

8  moving forward, I'm going to get my fees as awarded.  I

9  think the Court was very deliberate in its consideration of

10 the appointment of the borrowers' committee.  If the Court

11 will recall, there was substantial objections both by the

12 debtor and the creditors' committee.  And as we've set forth

13 in our papers, Your Honor, there was assurances that the

14 additional costs would be minimal.

15         And I'm not here to raise any individual items

16 that they did.  I mean, they did an excellent job and that

17 I'll get into when we talk about the substantial

18 contribution motion on behalf of their clients.  But they

19 were acting on behalf of their clients.  They are acting for

20 the borrowers' committee.  And I believe, Your Honor, in

21 that regard, they were bound by the orders of this Court in

22 setting the scope and setting the fee cap.  We have an

23 obligation as counsel to the trustee to remind the Court and

24 raise an objection when they're in violation of what we see

25 as existing Court orders.

1          It is this Court's, obviously, prerogative to

2    view their fees in any way you deem appropriate, but we

3    believe, Your Honor, it was incumbent upon them to seek

4    expansions of both the fee cap and the scope and we do not

5    believe they did so.  We believe so, they did so at their

6    own peril.  And we believe as a result, that the fees,

7    certainly after the first fee application, should be denied.

8          If the Court is inclined to increase the cap or

9    increase the scope, at least on the matters because I

10   believe our major objection was the fees incurred in the

11   final discovery motion, I believe based on the

12   representations that have been made, that has been addressed

13   in the resolution with the fee examiner.

14          So on this issue, Your Honor, I will rest.  The

15   only thing -- and since Mr. Macauley hasn't addressed it

16   yet, the substantial contribution motion, I think we also

17   and I'm just leaving with that just because I don't want to

18   sort of not get the issue out on the table, I think the

19   Court needs to view both of them in tandem.  It was one

20   representation of one group and a lot of the fees incurred

21   in the substantial contribution relate to the same matters

22   that were done.

23          So when the Court looks at the overall fee cap, I

24   think it needs to look at both and we'll talk about the

25   substantial contribution separately, that's a separate

1   motion.  But I think in awarding the fees, I think the Court

2   must be mindful of that.  Thank you, Your Honor.

3                THE COURT:  All right.  Anyone else?  Any reply?

4                     (No audible response.)

5                THE COURT:  Okay.  I'm going to stick with the

6   fee cap on the fee applications.  I agree that there were

7   issues, but there was a solid reason for having a fee cap in

8   this case.  I envisioned the borrowers' committee having a

9   narrow charge.  Frankly, I think they went beyond that

10  charge.  It may be compensable for other purposes to the

11  extent it brought value, but in connection with the fee

12  application and what was authorized, I haven't heard

13  anything today that would justify the Court awarding the fee

14  application and overturning its own cap.

15               I agree with Mr. Indelicato that had there been a

16  desire or a professed need to expand that scope, the proper

17  thing to do would have been to come in and ask the Court.  I

18  do know that on at least one occasion the committee did ask

19  for expansion of the fee cap that I believe was denied at

20  that time.  But in any event, in connection with the fee

21  application, I will deny the balance of the fee application

22  and sustain the objection.

23               MR. MACAULEY:  Your Honor, just if I -- I know

24  Your Honor has ruled.  The Court -- just so the Court is

25  familiar, the Court didn't deny -- our motion for expansion

1  of the fee cap.  We filed a motion to expand initially the

2  400.  The Court, in granting our first interim fee

3  applications, expanded that to include that as well so.

4              THE COURT:  Oh, all right, all right.

5              MR. MACAULEY:  You know, so that's -- and as far

6  as --

7              THE COURT:  And so I already did it once.

8              MR. MACAULEY:  Well you've effectively done it

9  twice.  I mean, and I'll just say the -- I mean, yes, I

10 suppose we could have come back to the Court and asked every

11 time the borrowers' committee raised an issue.  I mean, the

12 plan provided for the termination of the borrowers'

13 committee.

14              THE COURT:  Um-hum.

15              MR. MACAULEY:  On effectiveness.  But, you know,

16 and the debtors had asked the borrowers' committee to, you

17 know, terminate early.  You know, that's not something that

18 was agreed to.  We could have come back to the Court with

19 every issue that the borrowers' committee raised to us, but

20 frankly, that would have increased the fees more than what

21 was actually incurred.  I think the effort was to keep these

22 to a minimum and address issues that only needed to be

23 addressed until the plan actually went effective and the

24 ombudsman was put into place.

25              So, I mean, that was, you know, that's what we

1  tried to do if the -- and, you know, we -- over 18 months we

2  kept it to a minimum.

3         THE COURT:  All right, well I understand your

4  explanation, but I'm going to stand by my ruling.  Next

5  issue?

6         MS. GREECHER:  Your Honor, I think we're just

7  trying to get clarification on the numbers because we don't

8  have a proposed form of order here for today.  It is the

9  final fee numbers for Zuckerman and Gilbert minus anything

10  over the fee cap.  So --

11         THE COURT:  Correct.

12         MS. GREECHER:  -- any additional second interim

13  application --

14         MR. WEISBROD:  So as I understand, I just want to

15  clarify, you're not asking us to pay back money we've been

16  paid.

17         THE COURT:  No, no.

18         MR. WEISBROD:  Right.

19         MR. INDELICATO:  No, no, that's what I wanted to

20  clarify.

21         THE COURT:  No, no.

22         MR. WEISBROD:  Thank you.

23         MR. MACAULEY:  So the denial will be the second

24  fee application.  I was looking at one of the fee

25  applications.  Whatever the interim portion of this fee

1  application will reduce and have their fees allowed on a

2  final basis in that number.

3             THE COURT:  Sure.

4             MS. GREECHER:  Okay.

5             MR. WEISBROD:  Thank you, Your Honor.

6             THE COURT:  You can work it out.

7             MS. GREECHER:  I do think that the next matter

8  unless that did encompass the substantial contribution --

9             THE COURT:  It did not.

10            MS. GREECHER:  -- that would be next --

11            THE COURT:  Thank you.

12            MS. GREECHER:  -- with Mr. Macauley.

13            MR. MACAULEY:  Good morning, Your Honor.  Thomas

14  Macauley again.

15            Your Honor, the -- we filed a reply on Friday.

16  It wasn't in the same section of the -- but I wanted to make

17  sure that the Court had seen it.

18            THE COURT:  Yes.

19            MR. MACAULEY:  Okay.  We addressed the issues

20  raised by the plan trustee.  I don't intend to repeat what's

21  in the papers, but I'm happy to answer any questions.

22            I mean, in looking at the substantial

23  contribution application, I think it's important to sort of

24  step back and, you know, and see what was accomplished by

25  the movants here.  They obtained the appointment of an

1  additional committee to represent borrowers and to allow

2  them to speak with a single voice so that facilitates case

3  administration on issues relating to the plan were --

4  instead of having individual borrowers coming in and dealing

5  with specific plan issues and post confirmation issues

6  relating to the plan, it allowed the borrowers to speak with

7  a single voice.

8         I mean, as the Court knows, this type of relief

9  is not routinely granted.  And if unsuccessful, there would

10 have been no relief or compensation to movants for their

11 efforts.

12        So movant's task in this matter was both

13 difficult and risky.  And that task was even tougher in this

14 case because the debtors, if you recall, had filed a plan

15 and were seeking to confirm it promptly.  The plan ignored

16 borrowers or contained impediments to borrowers asserting

17 their rights.

18        And so in that, if you take the plan into

19 account, the movants' task was more difficult in two

20 additional ways.  One, the movants had to address the plan

21 in substantial detail to show these impediments to the

22 Court.

23        THE COURT:  Um-hum.

24        MR. MACAULEY:  And secondly, the movants had to

25 overcome the case law that Your Honor is familiar with that,

1   you know, it's difficult to or it's a very -- it makes it

2   even more difficult to appoint an additional committee at a

3   late stage to deal with a plan.

4           Now the debtors and the creditors' committee both

5   vehemently oppose movants' motion and cause significant

6   additional fees to be incurred.  In the application, I

7   estimated roughly 55 percent of the fees were incurred in

8   connection with filing the motion and another 45 percent

9   after the filing of the motion.

10          The United States Trustee which usually takes a

11  very active role and frankly, disfavors the appointment of

12  additional committees, was noticeably silent on this issue,

13  if you recall.  And nevertheless, the Court appointed the

14  borrowers' committee and allowed, you know, and allowed one

15  voice to speak for all borrowers.  And, you know, I think

16  there was some references in the plan trustee's objection

17  about substantial contribution being extraordinary.  Well

18  this is an extraordinary circumstance.  And, you know, they

19  -- I mean, they were able to obtain a committee to speak on

20  behalf of all borrowers to bring the confirmation issues to

21  a head which helped everyone.

22          So and I think it's also important, I just want

23  to note, obviously this is just the application of my firm.

24  Mr. Weisbrod's firm obviously was representing these movants

25  at the time.  They -- he represented to the Court previously

1  that at the time of the hearing that they were doing it on a

2  pro bono basis and so this -- the, you know, certainly that

3  application for fees is not before the Court.  It's simply

4  the application of my firm.  It was a risky venture to

5  represent these movants and try and get a voice for

6  borrowers before this Court and trying to help this Court in

7  that respect.  It's not something that, you know, a -- you

8  know, I don't know what the odds at Vegas would put on that

9  and, you know, any reasonable businessman might do, but it's

10  something that we felt was important and circumstances of

11  this particular case, we felt that it was necessary to do.

12          So I think that's -- I mean, if you look at the

13  substantial contribution, if you look at the factors that

14  have been considered by the other Courts, these movants

15  weren't acting on behalf of themselves.  These movants were

16  acting on behalf of all borrowers.  These movants helped to

17  facilitate the administration of the case.  This case

18  ultimately got confirmed with a plan that, you know, has a

19  lot of protections for borrowers.

20          So -- and frankly, that's all I really have to

21  say on, you know, with our reply unless the Court has any

22  questions.

23          THE COURT:  I don't.

24          MR. MACAULEY:  Okay, thank you.

25          THE COURT:  You're welcome.

1          MR. INDELICATO:  Your Honor, Mark Indelicato from

2    Hahn & Hessen on behalf of the liquidating trustee again.

3          Your Honor, I hope to be brief as well.  I think

4    Your Honor, there are a couple of issues that we sort of

5    need to -- and I'm not going to reiterate necessarily what's

6    in the pleadings.  There is a split in authority and I don't

7    believe there is any controlling authority in the Third

8    Circuit on the issue of standing.  503(b) read, the section

9    that some of the cases have held that the plain reading of

10   the statute requires that the request for compensation must

11   be made on behalf of an entity.  And entity that's

12   responsible for the fees.  And some of the cases that have

13   adopted that provision have talked about the philosophical

14   basis under which that should be the case.  In other words,

15   no offense to us lawyers, but they don't want us trolling

16   for clients and then seeking a substantial contribution

17   before the Court when those clients have no obligations.

18   And there is contrary authority.  There's no question there

19   is a split of authority on the issue.

20         And I think it's a case of first impression at

21   least before Your Honor.  We haven't found anything and

22   certainly in the Third Circuit.  I think the only guidance

23   we had when we were doing this, Your Honor, is look at the

24   *Lebron* case.  And I think when we read that case and it will

25   go more to what is actually a substantial contribution not

1  to the standing issue, but at least the Court led us to

2  believe there that in interpreting 503, they were going to

3  sort of provide a very literal strict interpretation because

4  I think as Mr. McCauley acknowledged, that this is an

5  extraordinary remedy and extraordinary relief.

6          So, Your Honor, I think in this instance, this is

7  a legal issue.  I think there is a split of authority. I

8  don't believe there's any controlling authority except

9  *Lebron* gives us some guidance, but we do have a Fifth

10  Circuit decision which we've cited in our papers going the

11  other way.

12          I think, Your Honor, as I indicated at the

13  closing of my argument on the fee applications, at least the

14  way the liquidating trustee is looking at this is we need to

15  look at this as one representation and we need to look at

16  the matters that were addressed.

17          And what Mr. McCauley in its pleadings would have

18  this Court determine is that -- and I think it says it in

19  his application that the mere fact, excuse me, that this

20  Court approved the motion to appoint the borrowers'

21  committee in and of itself is sufficient evidence that this

22  is a substantial contribution and there no other evidence

23  need be met.  And I think, Your Honor, that stands the

24  section and its intent on its head.  And I think then it

25  goes on further.  Once you've determined that a substantial

1    contribution is met, then all fees incurred during that

2    particular period are covered.  Again, I believe that stands

3    the statute on its head.

4              Your Honor, again, we cite a lot of cases, but I

5    just would like to and this is from the *Buckhead* case.  It's

6    a 1993 case written by Judge Balick.  And I think it's

7    instructive here.  What Judge Balick said is the

8    noteholders' application and this was the noteholders of an

9    unofficial committee.  It wasn't an official committee, it

10   was an unofficial committee, and it was Proskauer Rose.  And

11   the Judge said the noteholders' application for

12   reimbursement of Proskauer's fees and expenses is

13   representative the unofficial committee demonstrate that

14   Proskauer was engaged and rightfully so in protecting the

15   rights of its noteholders.  The firm's participation in the

16   TH workout and its related negotiations with the debtors was

17   directed towards obtaining the best deal for its clients.

18   Any benefit to other parties was merely incidental.

19             And I believe, Your Honor, that's what we have

20   here.  I believe they did a job in representing their

21   clients.  I believe they did a job getting issues before the

22   Court as it related to borrowers.  Did it represent a

23   benefit to the estate?  In some instances maybe it did, and

24   some instances maybe it actually burdened the estate with

25   additional costs and expenses that ultimately are going to

1   diminish the returns to creditors.  But I think when you

2   look at the fees and the reasonableness of the fees, you

3   look at the job they did for the borrowers, when you look at

4   the substantial contribution motion, you look at whether or

5   not anything they did rose to the level of a substantial

6   contribution to the creditors and the estate in its

7   entirety.

8            And I think what we looked to -- and again, as

9   the Third Circuit said in *Lebron*, a substantial contribution

10  should be applied in a manner that excludes reimbursement in

11  connection with the activities of creditors and other

12  interested parties which are designated primarily to serve

13  their own interests.  And I do believe the actions taken by

14  Mr. Macauley in the benefit of the borrowers were, in fact,

15  benefitting the borrowers only.

16           And the final point I will leave the Court with,

17  I think if, in fact, the Court were to consider the

18  substantial contribution motion, I think they would have to

19  demonstrate the particularized services that provided the

20  benefit.  And again, I think if the Court looks at *Lebron*,

21  what they talk about is it's not everything.  I mean, to the

22  extent you called parties to get them to serve on the

23  borrowers' committee, is that compensable as a substantial

24  contribution?  Mr. Macauley's own breakdown, 55 percent was

25  the motion, 45 percent was things after the motion.  Is all

1  of that the substantial contribution or is it the 55

2  percent?  So I think there does need to be some evidence of

3  that, Your Honor, as well.

4          So for all of the reasons set forth in our papers

5  and in my argument today, I would ask that the motion be

6  denied.

7          THE COURT:  Okay.

8          MR. INDELICATO:  Thank you, Your Honor.

9          THE COURT:  Thank you.  Reply?

10         MR. MACAULEY:  Briefly.  Your Honor, Thomas

11 Macauley again.

12         With respect to the standing issue, I mean, I

13 suppose you could call it a split of authority, but you got

14 one case on one side and you got a bunch -- you got the rest

15 of the cases on the other side.  You know, there is the

16 decision in *Garden Ridge* here which also addressed the issue

17 which is cited in our reply.  So yeah, there is a split of

18 authority, but it's not exactly an even one.

19         With respect to the *Lebron, Lebron* is silent on

20 this issue.  There is one sentence in *Lebron* that speaks --

21 that you have to deal with 503(b)(3)(d) and 503(b)(4)

22 together.  That's correct.  That's what you have to do.  You

23 have to show that there's a substantial contribution in

24 order to get reasonable fees.

25         With respect to Mr. Indelicato's comment about

1   evidence, there's a lot of cases where, you know, someone

2   seeks a substantial contribution for efforts behind the

3   scenes.  This was all in the open.  It was -- and

4   substantial contribution looks at the result.  You know, the

5   fees have been pared down to address specifically what was

6   the relief that was sought before the Court and that's

7   what's in the fees.

8              The -- you know, Mr. Indelicato makes the point

9   that well, you know, any successful application for

10  appointment of an additional committee there should be

11  entitlement to substantial contribution.  Well, I don't know

12  if that's necessarily the case but, you know, what he's

13  saying is that no, you know, in no case should be entitled

14  to substantial contribution.  I think the answer is

15  somewhere in the middle.

16             He points to the *Buckhead* case where Proskauer

17  represented the noteholders.  Yeah, he represented the

18  noteholders.  The noteholders held all $45 million of the

19  secured notes.  They represented the entire class.  We

20  didn't represent the entire class, we represented five

21  individuals.  There's a big difference.

22             And finally, you know, with respect to the, you

23  know, looking at the fees, I mean, I think it's a pretty

24  short application.  My understanding is that Mr. Indelicato

25  told the fee examiner not to look at our application even

1  though we sent it to the fee examiner.  And I think the fees

2  are on their face pretty reasonable.  I'm happy to answer to

3  any questions.  I'm happy to -- I've answered the two

4  questions that he raised in his objection.  And for those

5  reasons, we would ask that the application be approved.

6            THE COURT:  All right.

7            MR. MACAULEY:  Thank you.

8            THE COURT:  Yes, sir.

9            MR. RENICK:  May be heard?

10            THE COURT:  Yes.

11            MR. RENICK:  Thank you, Your Honor.  M.J. Renick,

12  the fee examiner in this matter.  Good morning.

13            THE COURT:  Good morning.

14            MR. RENICK:  The issue that has -- I was going to

15  sit silently, but the issue came up as to my review of the

16  substantial contribution application.  I spoke to Mr.

17  Indelicato and I raised the issue of the substantial

18  contribution preceded my appointment.  My original

19  appointment was just to review interim fee applications

20  going forward.  When I was in Court the last time, Your

21  Honor indicated that he wanted me to review all applications

22  in the case from what was my understanding from day one of

23  the case.

24            However, in talking to Mr. Indelicato and

25  subsequently to Mr. Beach, I felt that my retention related

1  to matters that were from when somebody was retained going

2  forward, not going back.  And after much discussion, it was

3  decided that I would not look at those, the substantial

4  contribution and that's why it is not Mr. Indelicato who

5  said no, don't look at it.  It was a discussion that

6  resulted in my not looking at it.

7            THE COURT:  Right, thank you.

8            MR. RENICK:  Thank you, Your Honor.

9            THE COURT:  Appreciate the clarification.  Mr.

10  Indelicato?

11            MR. INDELICATO:  Yeah.  Just one final point,

12  Your Honor, because Mr. Renick clarified that.  I just

13  wanted to make sure we didn't tell him not review it, we

14  said to him based on our review of what his charge was that

15  was outside of the charge, the review would be up to this

16  Court.

17            And the only final point I want to raise.  It's

18  interesting when Mr. Macauley wants to argue a substantial

19  contribution, he did it for the benefit of all creditors

20  when he -- all borrowers.  When he wants to distinguish

21  himself from the case law, he says well I only represented

22  five.  You know, if he provided a substantial contribution,

23  it benefited the estate and it benefited all borrowers, it

24  didn't just benefit the five.  And, Your Honor, if he truly

25  was only representing the five, then clearly, he's not

1   entitled to any substantial contribution at all.  Thank you,

2   Your Honor.

3          THE COURT:  Okay.  Any last word?

4          MR. MACAULEY:  The only reason I raised the point

5   with the fee examiner was simply it's an $80,000 application

6   and I don't think Mr. Indelicato and the plan trustee are

7   entitled to get two bites of the apple.  That's all, I have

8   to say.  Thank you.

9          THE COURT:  All right, I understand your point.

10  All right, number one, I don't think the standing issue is

11  technical, I think it's critical.  And I am inclined to rule

12  in favor that there is no standing and that this is really -

13  - this provision is really meant for clients, parties and

14  interests, creditors, equity holders who perhaps go out and

15  hire a lawyer to do this type of activity and then ask for

16  substantial contribution claims.  In particular cases such

17  as this where perhaps the persons trying to in this instance

18  form a committee are not persons of means or certainly not

19  the kind of means that can pay $100,000 legal bills.  And

20  the whole point of course of committees is to represent

21  disparate creditors who may not be able to afford

22  participating in the process.

23          But I think that the cases or the case that

24  indicate our concerns about lawyers acting on their own

25  dime, if you will, to try to create issues or create

1    committees as a matter of public policy it would be

2    problematic to award those types of fees.

3              Now in getting to the merits, I'm also concerned

4    in this case with the concept that well, Judge, we asked for

5    a committee and a committee was formed so we obviously

6    performed a substantial contribution.  And the Court did

7    appoint a committee and I think for certain purposes, the

8    committee was helpful to the process.  But counsel's been

9    compensated for that in the fee application process.  I

10   think it would be opening the door to some problematic

11   rulings and some problems in cases to allow a substantial

12   contribution claim under these circumstances.

13             I'm not sure I agree that this case is unique.

14   It's a large case.  It has various pieces here and there.

15   It has a subset of creditors/borrowers who may have unique

16   issues, but I've had large cases with retirees who have

17   issues, pensioners who have issues, certain types of

18   employees such as union employees who have issues, salaried

19   employees who have issues, and that those issues are unique

20   to them in a case just like the noteholders' issues were

21   unique in that case.  Certainly, ad hoc committees often get

22   paid, usually through the plan process.

23             But I think in this instance it's simply not a

24   sufficiently robust showing of value to the estate, a

25   significant and real standing question, and a strong public

1  policy and judicial economy argument in favor of denying the

2  motion.  So I will deny the motion in full.  And Ms.

3  Greecher, will you submit an order?

4        MS. GREECHER:  Yes, Your Honor.  The --

5        THE COURT:  One other thing on -- I'm sorry.

6  There was a comment that -- which is true which is the fact

7  that responding to this type of motion costs money.  And

8  sometimes it nets out that most of the money that was

9  requested not in this instance, but most of the money that

10 was requested got spent in the administrative claim of

11 professionals who are opposing that motion.  However, the

12 liquidating trustee has a -- and the other fiduciaries in

13 the case have a duty to look at these kind of claims and

14 respond to them where appropriate and also to make a

15 professional judgment that sometimes the game isn't worth

16 the candle.  And in particular for instance in this case

17 I've mentioned with unsecured claims that are getting paid

18 on a not a very large basis.

19        I don't think there's anything untoward that

20 happened here and I don't think that it -- it sort of puts

21 the whole process backwards to be -- to request an

22 administrative claim and then be critical of the amount of

23 money spent to oppose that administrative claim.  There's

24 nothing here that would indicate that there was an excessive

25 amount requested and -- or not requested, but incurred in

1   opposition to the motion.  And I think there was a fiduciary

2   duty by the respondents to respond which they did.  And I

3   just spilled my water.

4            All right.  That's it for that motion.  Ms.

5   Greecher, you can submit an order.

6            MS. GREECHER:  Yes, Your Honor.  Do you want to

7   take a moment?

8            THE COURT:  No, that's all right.  Leslie, would

9   you send Cheryl in.

10            THE CLERK:  Okay.

11            THE COURT:  I have people.

12                      (Laughter)

13            MS. GREECHER:  The remaining two contested, I

14   should say persons not motions because there are several are

15   Ms. LaMacchia and Mr. Alvarez.  And I would suggest taking

16   Ms. LaMacchia first just based on the number of motions that

17   she has, it's lesser than what Mr. Alvarez has.

18            THE COURT:  I prefer actually to take Mr. Alvarez

19   first, please.

20            MS. GREECHER:  In that case, I will hand it over

21   to Mr. Schnitzer.

22            THE COURT:  Okay.  Mr. Alvarez, if you would wish

23   to sit before the bar at counsel table, you're welcome to do

24   so.

25            MR. SCHNITZER:  Good morning, Your Honor.

1          THE COURT:  Good morning.

2          MR. SCHNITZER:  Edward Schnitzer from Hahn &

3  Hessen on behalf of the liquidating trustee.

4          Your Honor, my intent was to address both the

5  motion to dismiss Mr. Alvarez's complaint as it concerns

6  American Home, as well as, all of his motions together

7  unless Your Honor had a different preference.

8          THE COURT:  Are you going to address the

9  substance of the motion to dismiss in adversary proceeding?

10          MR. SCHNITZER:  The -- well not the substance,

11  the basis for why it should be dismissed along with our

12  objections to the three motions that he filed because I

13  believe they're all connected.  I can handle them

14  separately.

15          THE COURT:  I mean, I'm not going to decide a

16  motion to dismiss the pre-trial conference before briefing

17  is completed and submitted to the Court.  But if you want to

18  talk about it in the context of the other motions, that's

19  fine.  But the motion to dismiss isn't in front of me today.

20          MR. SCHNITZER:  Okay, Your Honor --

21          THE COURT:  Am I wrong?

22          MR. SCHNITZER:  It has been fully briefed if it -

23  -

24          THE COURT:  Have you submitted a completion of

25  briefing under certification and request oral argument under

1  the local rules or did you just set it for --

2              MR. SCHNITZER:  Your Honor --

3              THE COURT:  -- hearing on your own?

4              MR. SCHNITZER:  Your Honor, you're correct that

5  we did.

6              THE COURT:  All right.  Well I'm not --

7              MR. SCHNITZER:  The briefing is complete.  We did

8  not request oral argument --

9              THE COURT:  I'm not prepared to address it on its

10  merits and that's -- what we -- maybe we can talk about a

11  way to get around that because, you know, we have a pro se

12  client that's up here from Florida.  So we might -- let's

13  table the motion to dismiss at this point unless you want to

14  refer to it in connection with the substantive motions in

15  front of the Court.

16              MR. SCHNITZER:  Understood.  Thank you, Your

17  Honor.  Your Honor, addressing the three motions filed by

18  Mr. Alvarez, we believe all three of them should be denied.

19  Mr. Alvarez is an unsecured creditor holding an allowed

20  unsecured claim.  He has no secured claim, no priority

21  claim, and no administrative claim.  We're not here today to

22  address legitimate timely filed claims, but instead,

23  untimely assertions that are not only barred by the

24  applicable bar dates, but are claims made solely in an

25  attempt to receive a better distribution than all other

1   unsecured creditors.

2            Nothing's changed between the time when Mr.

3   Alvarez filed his original unsecured claim at as you recall

4   at the last hearing has been allowed.  And now, the only

5   thing that has changed is Mr. Alvarez now has a fuller

6   understanding of unfortunately what all unsecured creditors

7   are going to receive in this case which unfortunately is not

8   a large distribution.  Nothing has changed with respect to

9   Mr. Alvarez's situation or with respect to the basis for his

10  claim.

11           With respect to his three motions, first, there's

12  a motion to file an additional late proof of claim.  As we

13  addressed in our response, there's simply no basis.  There

14  was a bar date.  Mr. Alvarez filed his claim.  What we have

15  before you today is the process that Mr. Alvarez is not

16  happy with the distribution that he is to receive on that

17  allowed claim.  Your Honor, we obviously understand that.

18  In an ideal world, distributions would be bigger,

19  unfortunately, that's not going to happen in this case as

20  Your Honor is fully aware.  That does not give a Claimant a

21  right to file another claim or for another basis solely

22  because they're unhappy with the distribution presented.

23  The fact of the matter is in this case, his claim is a

24  general unsecured claim.  It was allowed by effectively

25  agreement of the parties or at least agreement of the

1  trustee.   That is what he will be entitled to.

2          Mr. Alvarez makes the point that he's upset that

3  we offered him a 1 percent distribution.   As Your Honor is

4  aware, it wasn't an offer, the result was that his claim

5  would be allowed in full.   What he will get on that will

6  probably be around 1 percent as will all unsecured creditors

7  in his class.   It wasn't an offer, it's how all unsecured

8  creditors are to be treated.   We're not proposing he be

9  treated differently.   What we are opposing is his request to

10 be treated differently.

11         Mr. Alvarez has suggested in reply that no, he's

12 now not seeking an additional proof of claim, he's seeking

13 to amend his earlier proof of claim.   Your Honor, I don't

14 believe that's appropriate at this time.   You have a time

15 where we're post confirmation, post effective.   He's not

16 trying to simply adjust the amount of his claim, he's trying

17 to switch it from an unsecured claim to either an

18 administrative claim, a secured claim, something other than

19 an unsecured claim.   And he's also trying to increase the

20 amount approximately tenfold.   Your Honor, for that reason,

21 we believe his motion to file an additional late proof of

22 claim should be denied.

23         Your Honor, he then has -- there's a second

24 motion is for a motion for an administrative claim.   For

25 similar reasons, we also believe that should be denied.   We

1  believe first of all there was no transaction that occurred

2  post-petition between the parties.  Mr. Alvarez's assertion

3  is that well because the parties were discussing the claim,

4  that's a post-petition basis for you to award an

5  administrative claim.

6          Your Honor, we disagree.  If that were the case,

7  you would have a situation where committees, trustees,

8  debtors, could never discuss unsecured claims with claimants

9  because the mere discussion of the claim would amount to an

10  admin claim.  That is not the law and there's no reason for

11  that.

12          Secondly, there's also no benefit to the estate.

13  The estate did not receive a benefit from having these

14  discussions with Mr. Alvarez, therefore, there would be no

15  reason for it to be considered an administrative claim.

16          We also go to the issue in our papers as to

17  lateness.  Mr. Alvarez had actual notice of the bar date for

18  admin claim.  That's obvious from the fact that he filed his

19  subordination statement.  It was in the same notice that he

20  got, he received it, it was clear he didn't file this

21  alleged admin claim within the time period.  For that

22  reason, it should be barred.

23          He also in his reply makes a type of informal

24  proof of claim argument that well even if it's late, you can

25  consider one of my earlier papers an admin claim.  Your

1  Honor, again, we don't believe that's the case.  This is

2  only after we made our argument.  This was not an informal

3  proof of claim.  His proof of claim done before was for the

4  amount he asserted.  This is simply a product of -- and

5  understandable, a product of unhappiness with the

6  distribution, Your Honor.  As you can probably imagine and

7  as I can imagine, a lot of unsecured creditors are probably

8  unhappy with the amount of distributions.  Unfortunately,

9  it's a fact.  It's not an option.  It's not something done

10  intentionally to Mr. Alvarez, it's simply how this case

11  worked out.  All creditors, all unsecured creditors,

12  similarly situated unsecured creditors are going to receive

13  the same distribution.

14          Next, Mr. Alvarez suggests that well even if this

15  isn't an administrative claim such as something happened

16  post-petition, this is some type of torte.  He asserts it's

17  negligent misrepresentation, fraud and deceit, breach of

18  contract, breach of implied covenant, good faith, and fair

19  dealing.  Your Honor, addressed those in the papers.  Of

20  course I'm prepared and happy to address them one by one.  I

21  didn't actually want to take the Court's time unless the

22  Court wanted me to.  We believe none of those apply here.

23  There was no negligent misrepresentation.  There's no fraud

24  and deceit.  There was no contract to be breached here.  The

25  parties did what they needed.  As you recall from the last

1  hearing, his claim as filed was allowed in full.  I don't

2  believe that would give rise to a breach of any duty

3  whatsoever, particularly of any implied covenant of good

4  faith and fair dealing.

5          He also, I believe suggests that there is some

6  sort of unlimited obligation.  He suggests that we're still

7  under an obligation under the prior order because he's not

8  satisfied with the unsecured claim that Your Honor allowed

9  at the last hearing.  We would again disagree.  I believe as

10  this Court made clear at the last hearing, that was the end

11  of that claim.  It's not this -- while we understand that

12  Mr. Alvarez is not happy with the result of that because of

13  the expected distribution, his claim was allowed and in that

14  sense that is an end of that.

15          Lastly, Your Honor, he effectively makes a motion

16  for sanctions.  Wants sanctions for having his filed claim

17  allowed.  But just because he's dissatisfied with the

18  anticipated distribution percentage, this is not

19  sanctionable conduct, Your Honor.  There was nothing done

20  here that was sanctionable.  There's nothing done that

21  violated a Court's order such that sanctions would be

22  warranted.  For sanctions, as this Court's aware, he must

23  establish some type of bad faith.  He has not done so and

24  cannot do so.  There were no lies.  There was no bad faith.

25  There was no refusal to negotiate.

1          It's the fact -- and unfortunately, Your Honor,

2     and a lot of unsecured creditors, I imagine had this thought

3     at one point, that they're not -- no one can be ecstatic

4     about a 1 percent distribution.  It's better than obviously

5     a half percent distribution, but it's not something to be

6     ecstatic about.  That is not rise to a bad act such that

7     you, you know, you're entitled to sanctions.  It's the fact

8     of what his claim is and what he is entitled to.  We cannot

9     and the trust and the trustee cannot provide Mr. Alvarez or

10    any other unsecured creditor with a higher distribution than

11    other unsecured creditors.

12          Lastly and just briefly, Mr. Alvarez spent some

13    time in his motions mentioning or referencing that he

14    believes trustee's counsel treated him or his wife in some

15    type of inappropriate manner.  Respectfully, Your Honor, I

16    would disagree.  I was at those meetings.  It was not

17    demeaning, not uncaring, not despicable.  Unfortunately, I

18    understand from Mr. Alvarez's situation, he is not happy to

19    learn that he will receive approximately 1 percent of that

20    which he believes he's entitled to.  Unfortunately, Your

21    Honor, that is a fact.  It is a fact for all unsecured

22    claimants in the similar class.  It's not a product of

23    something being demeaning, uncaring, or despicable.  There

24    was nothing unprofessional done.

25          As Your Honor probably recalls at the last

1  hearing, you directed us to go outside and discuss with Mr.

2  Alvarez and his wife.  Myself and co-counsel, Mr. Beach did

3  that.  It was a professional conversation.  We explained the

4  situation.  We explained where we were.  We explained what

5  we could do.  Unfortunately, they were not satisfied with it

6  being an unsecured claim.  We came in.  We reported to the

7  Court what happened.  As Your Honor probably recalls, you

8  ruled that is all that was before you.  That is what you

9  could you do.  You would hold us to giving him an allowed

10  unsecured claim in the amount he filed.  That is what

11  happened, Your Honor.  There is nothing there that I believe

12  gives any basis for any type of sanctions or admin claim.

13          And just lastly, Your Honor, the three motions

14  here are not about in our belief any sort of additional

15  meritorious claim.  It's about the same claim.  The claim

16  about pre-petition conduct where Mr. Alvarez asserts that

17  his interest rate should have been fixed and due to he

18  believes fault of a debtor employer or debtor agent was not

19  fixed and so, therefore, he got a loan at a higher interest

20  rate than he expected.  That has been addressed in his pre-

21  petition claim.  That pre-petition claim has been allowed.

22  He will when distributions are made, receive the

23  distribution that he is permitted.  That is the one and only

24  claim there.  This what we're here about today and what

25  these motions are about is Mr. Alvarez trying to get

1  something in and above that because he's unhappy with the 1

2  percent expected distribution.

3           Again, Your Honor, we understand that and as you

4  know, we were counsel to the committee before and debtors'

5  counsel, you know, shares a similar belief.  If we could

6  have gotten better distributions for unsecured creditors,

7  obviously we would have and we tried.  The fact that a

8  creditor is going to receive a distribution which is not

9  what they like, does not entitle them to a motion either for

10 sanctions, a motion to file another claim, or a motion for

11 admin claim.  As Mr. Alvarez has already received and

12 allowed unsecured claim for the only claim he's entitled to,

13 we believe his motion should be denied.

14           THE COURT:  Okay, thank you.

15           MR. SCHNITZER:  Thank you, Your Honor.

16           THE COURT:  All right, Mr. Alvarez?

17           MR. ALVAREZ:  Good morning, Your Honor.

18           THE COURT:  Good morning.

19           MR. ALVAREZ:  My name is Gil Alvarez.  As you

20 indicate, I'm here from Florida on this matter.

21           Prior to today, I submitted opposition papers to

22 the defendants' motion and their omnibus objection.  I stand

23 by the strength of the legal argument that I made in those

24 papers and the facts stated therein.  I ask this honorable

25 Court to reject both their memorandum of law and their

1   motion to dismiss the adversary proceeding and the omnibus

2   objections because they contain both factual and legal

3   misrepresentations.  And I'll elaborate, Your Honor.

4           The memo of law is factually and legally

5   deficient in that it contains a declaration by a Carl

6   Colagiacomo [ph].  I hope I'm saying his name right.  This

7   declaration is submitted by an individual who has no

8   knowledge of the facts in regards to this matter.  And, in

9   fact, he presents conflicting information to the attachments

10  that I made in my complaint and in my original claim.  These

11  papers were submitted by the defendants and they know that

12  Mr. Colagiacomo's papers contain factual misstatements.  So,

13  therefore, because of this alone, it should be, you know,

14  not given credit.

15          And noticeably here, Your Honor, no affirmation

16  is submitted by Nathan Grow to -- in objection to anything

17  that I mentioned in the papers.  He's very important here.

18  What you have basically is an attorney's affirmation with a

19  declaration of someone who's professed to have knowledge of

20  this matter, but he doesn't.  And, you know, the attorney's

21  affirmation basically has no probative value because she has

22  no information of what occurred between myself and Mr.

23  Nathan Grow.

24          This isn't about the 1 percent distribution.

25  This was -- Your Honor directed that myself and Mr. Grow

1  negotiate, work together on getting a proposed form of

2  order.  When we were doing this, we engaged in negotiations

3  to settle this case.  There's no -- there's been no dispute

4  on that.  They haven't submitted anything in contradiction

5  to that.  So for them to say that this is simply about my

6  not being happy, that's not true.

7        This is about a Court order that we drafted.

8  That Your Honor sent us out and we worked on.  And we worked

9  a long time on it.  And negotiations were going to breakdown

10 several times.  In fact, three different times and I was

11 going to come back into the Court.  And Mr. Nathan Grow was

12 the one, Gil, you don't have to.  You don't have to.  We can

13 work this out.  Given the amount of this claim, I don't see

14 why we can't work this out.  And he also impressed upon me

15 the importance of complying with the Court's direction that

16 we have to do this immediately and I agreed with him.

17       So what we had agreed to is to engage in good

18 faith negotiations to settle my claim, but we also submitted

19 the proposed form of order.  And in that form of order, we

20 said that we were going to work together.  So that's

21 noticeably absent in Mr. Schnitzer's response.

22       Another thing that's noticeably absent, Your

23 Honor, is the DNO policies.  This is very important, Your

24 Honor.  They seem to think that, you know, it's not

25 sanctionable.  In fact, I read their papers and the -- it's

1   right -- their papers are right for contradictions about

2   whether or not, you know, this is important.

3           First, they say that it's not relevant.  That's

4   these DNO policies are not relevant to my claim.  Well I

5   submit, Your Honor, they're not the Judge in this matter.

6   And number two, they're supposed to be honest, Your Honor,

7   when they come before this Court or when they speak with

8   other persons.  I read the professional rules of conduct.

9   An attorney is supposed to make a factual representation.

10  They're supposed to be honest in their communications.  You

11  can't go and say no DNO policies exist.  That was an

12  outright lie, Your Honor.  You know, there's no way like to

13  sugarcoat it that it was a mistake.  It was a lie.  And they

14  didn't mention it in their papers.  And, you know, for them

15  to say what they -- the way they tried to get away with it

16  is that they say oh, but -- I'm trying to be -- I'm trying

17  to remember their wording.  Gil Alvarez provided no proof as

18  to these DNO -- that he requested that they check the DNO

19  policies.

20          I don't know how much clearer I can get, Your

21  Honor.  I spoke with Mr. Nathan Grow.  I gave them the date

22  and time that Mr. Nathan Grow told me that he spoke with the

23  debtors and they told him that they didn't have any DNO

24  policies contrary to what they told my previous attorney.

25  So that's a lie, Your Honor.  And that conduct shouldn't be

1   accepted.  You can't go and say lies.  And for them to try

2   to like sugarcoat this, that's wrong, Your Honor.  They're

3   supposed to tell the truth when you come here.

4            In all my papers, Your Honor, that I've submitted

5   here, I'm very careful to tell the truth.  I may have

6   omissions because I'm pro se and I didn't know I had to go

7   to Box 3 so I put an unsecured claim when I should have gone

8   to the secured claim, but I had spoken to Mr. Nathan Grow.

9            The first conversation I had with Mr. Nathan

10  Grow, I told him I think my claim should be secured and it

11  should be priority.  They haven't denied this.  Mr. Grow has

12  not submitted an affirmation that says no, Mr. Alvarez

13  didn't say this and he can't because that's the first thing

14  we spoke about.  And when I told him I was going to come

15  back to the courtroom to amend it, Gil, given the size of

16  this, we could work this out.  What we have to do is submit

17  this form of order.

18           Oh, another thing in their papers, Your Honor,

19  which is totally false and I'm very surprised at this when I

20  got these papers.  Their reasoning, first they say that they

21  complied with the Court order by having someone in their

22  office, Jeff Zowalsky [ph], I believe his name is call me on

23  two occasions to try to settle this.  That's completely

24  false, Your Honor.  Mr. Jeff Zowalsky never called me to

25  settle this case as they allude in their papers.  That's a

1   sign of desperation, Your Honor.

2          Mr. Jeff Zowalsky called me regarding the

3   subordination statement that I submitted.  That was his

4   reason. It was not as they indicate in their papers to try

5   to reach a settlement and that I did not respond.  And, you

6   know, I have the messages that he left on my answering

7   machine still and I made a transcript of it. Nowhere in that

8   -- in his conversation does he say that I'm calling you to

9   settle this claim.  Quite the opposite.  He said this will

10  have no affect on your claim, this subordination statement

11  will have no affect on your claim.  So their assertion in

12  their papers is completely false.  And that's something an

13  attorney should not do.

14          Another thing that's false, Your Honor, in their

15  papers, surprisingly is that they say Mr. Grow and Gil

16  Alvarez reached an impasse during their negotiations and

17  because the Chapter 11 cases were so complicated, that's why

18  we didn't get back.  That's completely false, Your Honor.

19  There was never an impasse with regards to these

20  negotiations.  Mr. Nathan Grow simply told me, Gil, what are

21  you looking for on two occasions.

22          The first occasion I told him hey, there exists

23  these DNO policies.  In fact, it would have been beneficial

24  if they had submitted it to their DNO policy because it

25  wouldn't have come out of the trust.  On the second

1   occasion, when after they lied to him and said there were no

2   DNO policies, Mr. Nathan Grow asked me, well Gil, what are

3   you looking for?  And I told him, well listen, try to get as

4   close to the secured $30,000 claim and you do the

5   negotiations with Bonita Zelman [ph] for her fee.  That's

6   something that I told Mr. Grow.

7            So any suggestion that I did not approach them in

8   two and a half, more than two and a half years, that's

9   completely wrong and it should be disregarded.

10           Finally, in their papers also if you give me a

11  minute, Your Honor.  Oh, a third time that I tried to settle

12  this was when you sent us out into the hallway here on March

13  9.  I made other suggestions, but the last suggestion I made

14  was to Sean Beach, but he's not here today.  And I remember

15  Mr. Neibert [ph], I think his name is Neibert.  He dropped

16  his ID card and I handed it to Mr. Beach before we came back

17  to speak to you and I said, Mr. Beach, would you at least

18  agree to separate these funds until we could work this out?

19  And he told me no, point blank.  And that's in the

20  transcript.  I remember I mentioned it to you that I did

21  tell him that I wanted to continue negotiating.

22           Now, Your Honor, these Court orders are very

23  important.  That's why we're here.  It's not because I'm

24  unhappy, Your Honor.  This is a Court order.  And these

25  Court orders are not bottles of wine, Your Honor.  You don't

1  hold them for two and a half years and think that they're

2  oh, yeah, they'll get better with time.  If it's like they

3  say there was an impasse, Your Honor, they should have come

4  to you.

5           And I listed in my papers how different Courts

6  handled dilatory misconduct, Your Honor.  They go before the

7  Judge.  I've seen it because I've worked in law enforcement.

8  You -- they go before the Judge.  I saw one Judge when they

9  requested a magistrate, the Judge told them well no, I'm not

10  going to appoint a magistrate, I'm going to listen to your

11  arguments and anyone who takes an unreasonable position, I'm

12  going to fine them.  And sure enough, they worked together

13  without going before the Judge.  And even when I was here

14  last, Your Honor said if there's an impasse, come speak to

15  me.  So I believe, Your Honor is the one that should decide

16  when and how impasses are handled, not to sit on a Court

17  order for two and a half years like they did.

18           Now these hearings are very complicated for pro

19  se litigants like myself, Your Honor, who don't understand

20  the procedures or the laws regarding bankruptcy.  So this is

21  actually aggravated by them having a Court order, getting

22  into an agreement with Mr. Grow and then they violate it for

23  two and a half years.

24           I ask that Your Honor impose, you know, the

25  strongest sanctions because of all of the misconduct that I

1  listed right here, Your Honor.  False statements in these

2  papers, Your Honor.  It should be disregarded simply because

3  of that.  Again, they said there was an impasse.  There was

4  never an impasse.  And about the DNO policies, Your Honor.

5  They have an obligation to tell the truth, you know, not

6  only to the Judge, but it's even more egregious when they

7  tell it to somebody like me outside a courtroom, Your Honor,

8  where they say hey, there's no DNO policies and then I find

9  out that there are DNO policies.

10        I answered with regards to the late filing of the

11  administrative expense claim and the adversary proceeding,

12  Your Honor.  I cited case law.  I'm not going to, you know,

13  go into that.  But there is case law that allows for the

14  late filing.  And I even looked at their factors under

15  *Pioneer* and they all favor me basically, Your Honor.  None

16  of the cases that they've cited was there dilatory

17  misconduct for two and a half years not obeying a Court

18  order.

19        This case is important, Your Honor, because pro

20  se litigants come here.  They try to seek justice before

21  this Court.  And when you have an agreement, you expect the

22  agreement to be complied with, not to wait two and a half

23  years.  And, Your Honor, it wasn't until March 9 when I came

24  in here that I knew they had no intention of negotiating

25  with me.  They themselves say it's not an offer.  You're

1  getting what everybody else gets, but that's not what Mr.

2  Nathan Grow said.  And that's not what we drafted, Your

3  Honor.

4          And finally, you know, I submitted a discovery

5  demand to them and I really believe that this is a way of

6  not complying with discovery because probably violated the

7  order again because Your Honor directed them not to destroy

8  any documents relative to my case.  And if they didn't

9  comply with this for two and a half years, I'm wondering if

10  they still have my discovery documents on my matter.

11          So for those reasons, Your Honor, I ask this

12  Court to impose sanctions because I do feel that I met the -

13  - I believe that I met the standard for sanctions for two

14  and a half years of not complying with a Court order and for

15  lying about the existence of DNO policies. You know, they

16  can't say, oh, you know, it's not relevant to your matter

17  or, you know, they have no obligation to provide that

18  information.  Well, if Mr. Nathan Grow goes to them and

19  tells them hey, you know, I'd like you to file this claim

20  under your DNO and they say oh, we don't have insurance

21  policies, that's wrong, Your Honor.  And they know it and

22  they've basically treaded over very lightly on that point,

23  Your Honor.

24          So I ask you to please consider this.  This is --

25  and they didn't say this claim is meritless, Your Honor, as

1  they've done in some cases because it's, you know, as I've

2  pointed out numerous times that Mr. Nathan Grow saw, I have

3  a factual finding by the State of Florida, Office of

4  Financial Regulation.  It's not because I wasn't happy with

5  the interest rate, Your Honor, they lied to me about the

6  interest rate and they cheated me and my family.

7           Finally, Your Honor, their own papers on a

8  different matter when construing an agreed or negotiated

9  form of order, the Court approaches the task as an exercise

10  of contract interpretation rather than the routine

11  enforcement of a prior Court order.  Your Honor, based on

12  their papers alone that were submitted on this Delena

13  LaMacchia matter, their own papers say that they should have

14  complied with this order and that it's basically a breach of

15  contract.  That's what they have here, Your Honor.  And they

16  think because they went out into the hallway, oh, you're

17  getting 1 percent like everybody else, that's not what

18  Nathan Grow and I, you know -- and it's very clear from the

19  order we were supposed to work together in good faith and

20  come to an agreement.  And if we couldn't do that, we would

21  have come back here before Your Honor to settle this matter

22  like you've done in other cases.

23           I've seen in other cases you've appointed the

24  Honorable Brendan Linehan Shannon as a mediator.  You know,

25  it's up to the Court to decide, Your Honor. It's not up to

1    them to sit on it for two and a half years and it's not up

2    to them to decide what's relevant and what's not relevant,

3    Your Honor.  Thank you.

4                THE COURT:  You're welcome.

5                MR. SCHNITZER:  Your Honor, I'll be brief.  Your

6    Honor, the trustee has allowed Mr. Alvarez's filed claim in

7    full.  That's what was before you at the last hearing.  That

8    was the result of the hearing.  An impasse was reached

9    previously as Your Honor directed at the last hearing for us

10   to step outside and resolve it.  We came back in and it was

11   resolved.  It was resolved by allowing it in full.  We

12   understand that Mr. Alvarez is not happy with the

13   distribution he will receive on the claim which is probably

14   the case for, you know, a few unsecured creditors, but that

15   is what we did.  We allowed his claim in full as filed.  I

16   don't believe there was anything done wrong with that.  I

17   don't believe that action amounts to any misconduct.

18                With respect to the affidavits, we have attached

19   to our response everything stated in Mr. Colagiacomo's

20   declaration is true, Your Honor.  He references a letter

21   that Mr. Alvarez attached to his papers from Wells Fargo as

22   Exhibit D.  That letter which is dated March 30, 2005 states

23   in part as you may know, your loan was recently transferred

24   from American Home Mortgage.  There's nothing inconsistent

25   between that letter and what Mr. Colagiacomo states in his

1   declaration.  There's nothing false in his declaration.

2   What the letter then states later is the servicing of your

3   loan will be transferred to us effective May 1, 2005.

4           So there was a two part issue.  The loan was

5   transferred, servicing was transferred afterwards.  There's

6   nothing false in the declaration we submitted and supported

7   by the very documents that Mr. Alvarez attaches.  Your

8   Honor, it's a small point.  I make that only because as you

9   can imagine, us and particularly, Mr. Colagiacomo does take

10  it seriously being accused of lying when he's submitted a

11  declaration that is completely truthful and completely

12  supported by the document that it's based upon.

13          With respect to the issue of DNO insurance, I

14  submit that Mr. Alvarez is incorrect.  He was never told DNO

15  policies don't exist.  He was told there is no DNO coverage

16  for his claim.  That is what he was told.  We believe that

17  continues to be the case and nothing has changed that.

18  Nothing was asserted to him that was false.  Back at the

19  time when this negotiation originally happened, there was

20  simply an impasse.

21          As we understand from Mr. Alvarez today, he wants

22  100 percent dollars for his claim.  The debtors were not

23  prepared to give him 100 percent dollars for his claim

24  because his claim relates to pre-petition alleged conduct

25  relating to the interest rate that should or shouldn't have

1   been locked.  It's a pre-petition matter and that's what it

2   is.  There was an impasse reached with Your Honor's

3   assistance.  That impasse was resolved.  It was resolved by

4   allowing his filed claim in full.  He filed the claim.  We

5   allowed it in full.

6          Mr. Alvarez also speaks to wanting funds to

7   separate.  There are no funds to separate, Your Honor,

8   because that loan was sold pre-petition.  So there was

9   nothing that American Home had that could be separated.

10  There was nothing it was holding, nothing it had.

11         And, Your Honor, just lastly, I would mention at

12  the last hearing, you already ruled on his claim.  His filed

13  claim has been allowed in full.  That issue is done.  He got

14  the claim he filed in full.  We understand he is unhappy

15  based upon the distribution of it as perhaps other unsecured

16  creditors could be, but has filed a claim, the appropriate

17  claim because it's based upon alleged pre-petition conduct

18  with respect to locking an interest rate, that is the claim

19  he's entitled to.  That is the claim that was allowed at

20  this Court at the last hearing and that is the claim that he

21  will receive a distribution on.  We submit that he's not

22  entitled to anything other than that.

23         THE COURT:  All right, thank you.

24         MR. SCHNITZER:  Thank you, Your Honor.

25         THE COURT:  Mr. Alvarez, anything else?

1          MR. ALVAREZ:  So, in fact, what they're basically

2    saying again, Your Honor is disregard this Court order that

3    we have, that Your Honor settled it last time.  That's not

4    an accurate reflection of what happened last time, Your

5    Honor.  Your Honor basically told me last time and I direct

6    you to the transcript.  If you want further relief, you're

7    going to have to file a motion and that's what I've done,

8    Your Honor.  They have not complied with the Court order.  I

9    don't believe that they've complied with the Court order.

10          And two, the DNO policies, he's completely wrong

11   about that, Your Honor.  The DNO policies settled

12   intentional misconduct on the part of Mr. Strauss and

13   American Home Mortgage.

14          Two, it's very clear that they told Bonita

15   Zelman, my then attorney, that they had DNO policies and

16   they asked her to submit a request which she did.  So any

17   suggestion that they didn't have these policies for my case

18   is completely false, Your Honor.

19          And I ask Your Honor to please look at their

20   papers.  They did say -- now they're trying to say that the

21   impasse was reached here last time.  That's not what they

22   say in their papers.  They say that the reason why we

23   couldn't get back to these negotiations was because they

24   reached an impasse on the negotiations with me and the

25   complexity of the Chapter 11 cases.  I was trying to find

1  that, but I'm sure Ms. Greecher will stipulate that that's

2  what her papers say.

3              MS. GREECHER:  Yes.

4              MR. ALVAREZ:  Okay.  Thank you very much, Your

5  Honor.  She indicated that yes, that's what they said.

6              THE COURT:  Okay, thank you.  All right.  Well

7  before the Court are three motions that are related.  A

8  motion of Mr. Alvarez to file an additional late proof of

9  claim, a motion for sanctions, and a motion for allowance of

10 an administrative claim.

11             At the previous hearing in March, I think I

12 expressed on the record annoyance that this matter had been

13 left hanging out for over two years.  And by this matter, I

14 mean the general unsecured claim that Mr. Alvarez had

15 previously filed.  I don't believe or find that there was

16 anything untoward going on by the debtor or the committee.

17 Rather, I think frankly, this thing slipped between the

18 cracks in a very large case.  And a case that was very

19 difficult for Mr. Grow to -- I mean, there were literally

20 over 10,000 proofs of claim file, I believe in this case and

21 it's not easy to handle all that.  Nonetheless, there's an

22 obligation by counsel to adhere to the Court's order and

23 whether I think through inadvertence, if you will, or just

24 again dropping the ball, that wasn't done.  The question is

25 what does that mean?  And I'll get to that in just a minute.

1          Ultimately, I had previously ordered that the

2   parties work together in 2008 to resolve the claim.   That

3   didn't happen or if it happened, it didn't reach closure.   I

4   mean it happened at the beginning, but it didn't reach

5   closure.   And the proof of claim that I talked about in that

6   connection, however, was settled in March and was allowed in

7   full.

8          So at this point, I really don't believe nor do I

9   find that there's any ongoing obligation under the Court's

10  direction in 2008 to continue to negotiate a proof of claim

11  that's already been allowed.

12         Also, looking at the motion for an order to file

13  the late proof of claim, I believe and I find that it is

14  nothing more than a restatement of the claim that has

15  already been allowed.   That there is no additional

16  allegation that would justify secured or priority basis for

17  that claim or an increase of an amount.   It's well after the

18  bar date and a bar date of which Mr. Alvarez had knowledge.

19         In connection with the administrative expense

20  claim, again for pretty much the same reasons, I don't

21  believe there's a basis.

22         So here's what I'm going to do.   I will deny the

23  motion for an order to file additional late proof of claim.

24  I will deny the motion for allowance of administrative

25  expense claim.   I will grant in part the motion for

1  sanctions against the debtor and award a $5,000

2  administrative expense claim to Mr. Alvarez basically for

3  the time and trouble that he should not have had to undergo

4  due to the debtors' misfeasance in handling his claim.  I

5  will deny the balance of the relief requested in the

6  sanctions motion.  And I will specifically find I don't

7  believe anything untoward happened in connection with the

8  DNO policies or any representations made to Mr. Alvarez.  On

9  the sanctions motion, I want the order to be clear that it

10 gets paid regardless of whether an appeal is filed.  I don't

11 want to run into that problem again.

12         So to summarize again the additional late proof

13 of claim the motion is denied.  The motion for admin claim

14 is denied.  The sanctions motion is allowed in part to

15 provide a $5,000 administrative claim in the balance of

16 relief as requested.  And Ms. Greecher, I'd appreciate it if

17 you would submit an order.

18         MS. GREECHER:  Yes, Your Honor.  If you can give

19 me one moment.

20         MR. ALVAREZ:  Your Honor, may I?

21         THE COURT:  As soon as Ms. Greecher's done.

22         MS. GREECHER:  The reason why I paused is because

23 obviously there is the complaint filed by Mr. Alvarez and

24 that I understand while I was out of the courtroom there was

25 a discussion that a notice of completion of briefing hadn't

1  been submitted in connection with the motion to dismiss yet.

2  I believe and obviously we can hold off on addressing those

3  issues or discuss them now as you see fit.  But I do believe

4  that the complaint relates to the additional administrative

5  claim sought and the additional late claim.  So because the

6  motions here were denied, I would --

7          THE COURT:  Well --

8          MS. GREECHER:  -- assert that it would be a moot

9  issue, but --

10          THE COURT:  -- here's your problem.  I saw the

11  agenda says pre-trial conference and it indicates related

12  documents, but doesn't indicate and I certainly wasn't under

13  the impression that you desired to go forward on the merits

14  on a motion to dismiss at a pre-trial conference without

15  getting permission from the Court to have an oral argument.

16          So I haven't read the briefing on the motion to

17  dismiss.  So I am in no position as I sit here today unless

18  -- and I have a full calendar today.  I'm in no position to

19  rule on the fly on whether the motion to dismiss is mooted

20  or not or should be granted on its merits.

21          What I would like to do is take that matter under

22  advisement.  I'd like you to submit a certification of

23  completion of briefing.  I'll decide it on the papers.  If I

24  decide I need more information, we can do it by telephone.

25  I don't want Mr. Alvarez to have to come up here all the

1  way.  But in all likelihood, I'll be able to decide it on

2  the papers.

3           MS. GREECHER:  Yes, Your Honor.  And I believe

4  Mr. Alvarez did have something to say.

5           THE COURT:  Yes, thank you.

6           MR. ALVAREZ:  Your Honor, I know you've made your

7  decision.  I simply am requesting that you reconsider on the

8  administrative expense claim.  I cited case law, Your Honor.

9  I submitted a subordination statement.  I saw the bar date

10 was January 5.  That was for the administrative expense

11 claim and the subordination claim, Your Honor.  I submitted

12 a subordination claim which they've agreed also contained

13 essentially everything that I'm saying again in my

14 administrative expense claim, Your Honor.  For that basis,

15 Your Honor, I believe that I complied with the bar date,

16 Your Honor.  And I cited case law where it's called --

17          THE COURT:  Well I -- just to interrupt.

18 Understanding that basically in deciding in the alternative,

19 okay, assuming it's okay to file the admin claim late,

20 nonetheless I believe the merits on the merits it should be

21 denied.  Okay?

22          MR. ALVAREZ:  Okay, thank you.

23          THE COURT:  You're welcome.  Anything further on

24 this matter?

25          MR. SCHNITZER:  No, thank you, Your Honor.

1          THE COURT:  All right.  Okay.  I would like to

2   take a break, say ten, fifteen minutes before we take the

3   next matter.

4          MS. GREECHER:  Yes, Your Honor, thank you.

5             (Recess from 10:54 a.m. to 11:14 a.m.)

6          THE CLERK:  All rise.

7          THE COURT:  Please be seated.

8          MS. GREECHER:  Good morning, again, Your Honor.

9   The remaining item is Matter No. 43 which are actually two

10  motions filed by Ms. LaMacchia.  One is for a late

11  administrative claim and the other is for a late filing of a

12  subordination claim.  We can take both of them at the same

13  time or if you'd prefer to discuss each individually --

14         THE COURT:  No, I'll take them together.

15         MS. GREECHER:  Okay.  Ms. LaMacchia is the movant

16  on these matters.  I'm happy to address the objection first

17  if you've a chance to review.  If you'd prefer to have Ms.

18  LaMacchia speak first --

19         THE COURT:  No, why don't you go first, Ms.

20  Greecher?

21         MS. GREECHER:  Okay.  Your Honor, the plan

22  trustee has objected to both of these motions.  And before I

23  get into the argument section, I just want to give you a

24  brief background with respect to Ms. LaMacchia's involvement

25  with AHM in these cases.

1          Prior to the bankruptcy filing, she and her then

2    husband, Mr. Brian LaMacchia became the owners of an

3    undeveloped piece of property which I believe was adjacent

4    to or nearby Ms. LaMacchia's family's residence.

5    Thereafter, they sought to purchase a manufactured home from

6    Bessemer City Housing to have it placed on their property.

7    And as part of that purchase transaction, the LaMacchia's

8    obtained a short-term loan from a third party non-debtor,

9    Yorktown Funding.  And then thereafter, once the home was

10   placed on the property, American Home Mortgage Acceptance

11   refinanced that short-term Yorktown Funding loan essentially

12   creating a permanent loan for that piece of property.

13          Ms. LaMacchia's loan with AHM Acceptance closed

14   on June 28, 2007 and was subsequently sold to Bear Sterns

15   EMC on August 1, 2007.  And as Your Honor knows, five days

16   later, American Home Mortgage and its affiliated debtors

17   filed for bankruptcy.

18          The sale of Ms. LaMacchia's loan was on a

19   servicing released basis which does mean that EMC -- we were

20   transferring servicing to EMC and that was effective August

21   20 of 2007 and the delay is based on the notice that needs

22   to be provided to borrowers when there's a servicing

23   transfer in connection with a loan sale.

24          As far as the plan trustee understands, Ms.

25   LaMacchia's loan continues to be serviced by EMC and in

1   March of 2010, she and EMC entered into a loan modification

2   agreement which was attached to Ms. LaMacchia's pleadings.

3           In connection with American Home Mortgage

4   bankruptcy, Ms. LaMacchia had indicated to debtors' counsel

5   that she learned of the bankruptcy in October of 2007, but

6   had not filed any pleadings until she and certain individual

7   borrowers filed the motion to appoint the borrowers'

8   committee almost a year later in September of 2008.  She was

9   appointed to the newly formed borrowers' committee in

10  October of 2008 and remained a member of that committee

11  until it was disbanded in August of 2010.

12          She received a copy of her loan file in February

13  of 2008 which was requested by and received through counsel

14  to the borrowers' committee.

15          In January of 2009, after appointment to the

16  borrowers' committee and a little over a year after the

17  general bar date on the cases, Ms. LaMacchia filed her

18  initial motion to seek approval to file a late claim.

19  During this time, as I mentioned before, she represented to

20  debtors' counsel that she did know of the case as early as

21  October of 2007 and that was one of the bases that debtors'

22  counsel had concern with allowing the late claim and

23  initially determined that they may contest the late filing

24  of the initial general unsecured claims.

25          Prior to that hearing, however, Ms. LaMacchia and

1  the debtors entered into negotiations and agreed to the

2  consent order which was filed by this Court which allowed

3  Ms. LaMacchia to assert claims against specific debtor

4  entities within ten days of the entry of that order and that

5  no other claims would be filed by Ms. LaMacchia.

6            After entry of the consent order, Ms. LaMacchia

7  did go ahead and file those claims in March of 2009.  And

8  they are currently on the docket and have not been the

9  subject of an objection.

10           Until the notice of the effective date was

11 served, Ms. LaMacchia had not further contacted the debtors

12 regarding her -- or the plan trustee regarding her claims.

13 But thereafter, she sought a settlement offer in connection

14 with those previously filed claims from the plan trustee and

15 she contacted both plan trustee's counsel and the plan

16 trustee directly.

17           And despite Ms. LaMacchia's assertions that no

18 settlement offers had been made, the debtors -- or I'm

19 sorry, the plan trustee provided her with two separate

20 settlement offers and had invited her and she did make a

21 counter offer to our initial settlement offer.  At this

22 point, the plan trustee doesn't believe that an offer is on

23 the table any longer and that we would be moving forward

24 with an objection in due course.

25           Ms. LaMacchia then filed the instant motions for

1  a late claim and subordination statement.  She's indicated

2  that she would not discuss further the settlement and

3  refused to withdraw the motions for admin claim once we

4  provided her a copy of the consent order again and reminded

5  her of the fact that the consent order provides no further

6  claims should be allowed.

7          That brings us to the late administrative claim

8  which the plan trustee objects for essentially three

9  reasons.

10          First, Ms. LaMacchia affirmatively waived the

11  rights to seek further claims in connection with her

12  previously filed late claims and the consent order is clear

13  on that matter.

14          Second, to the extent that the Court determines

15  she's not barred by the consent order, Ms. LaMacchia is

16  barred by the administrative claims bar date which she

17  received actual notice of.

18          And third, and finally, and it does go into

19  connection with the factors for a late filed claim, but Ms.

20  LaMacchia's motion does simply restate the facts and issues

21  set forth in the pre-petition claim and provides no basis

22  for administrative liability.

23          With respect to the first matter, the Court did

24  enter the order which was agreed upon by Ms. LaMacchia prior

25  to entry.  And that order specifically prohibits Ms.

1  LaMacchia from seeking further claims against the debtors.

2  As noted in our objection, considering the consent order is

3  viewed as an exercise in contract interpretation and the

4  language here is unambiguous.  It clearly states other than

5  the LaMacchia claims, no claims shall be filed against the

6  debtors on behalf of Ms. LaMacchia.  And those -- that term

7  LaMacchia claims is a defining term within the consent order

8  and it does provide the limited debtor entities and the

9  timeframe in which she has to file those claims.

10          Ms. LaMacchia does not provide an alternative

11  reading of the language and, you know, the -- excuse me.

12  The plan trustee does believe this is unambiguous and was

13  highlighted and was part and parcel of the agreement that

14  they had with Ms. LaMacchia in connection with her pre-

15  petition claims.

16          Second, Ms. LaMacchia fails to meet the requisite

17  standard for filing a claim.  As Your Honor knows, there are

18  four factors in considering whether to allow a late claim

19  and we believe that each of these factors favors the denial

20  of this claim.  First, the length of delay is close to three

21  years in connection with her knowledge of the claim and her

22  first pleading in this matter was filed over two years ago.

23  The administrative claim bar date was over three months

24  prior to her late filing claim and she provides no basis as

25  to why when she did receive actual notice of that which is

1    indicated by the affidavit of mailing as to why she did not

2    meet that deadline.

3         Which falls into actually the second which is the

4    reason for delay.  In her papers, she seems to indicate that

5    there was hindrance by the debtors for information.  The

6    attached supporting documentations appear to be in 2007 and

7    would not relate to any sort of basis for a late claim with

8    respect to the administrative bar date or why she could not

9    have provided that information in her initially filed late

10   pleadings.

11        Third, good faith.  And I don't think that this

12   filing is a result of a good faith error mainly because she

13   previously agreed not to file further claims against this,

14   but as discussed in connection with Mr. Alvarez, I do

15   believe that Ms. LaMacchia is unhappy and understandably

16   unhappy with the potential distributions that her unsecured

17   claims will provide to her and as a result is seeking to

18   elevate the claim through an administrative claim process.

19        And finally, with respect to the fourth factor

20   which is the danger of prejudice, the danger of prejudice

21   against the debtors' estates is high.  Allowing her to

22   pursue this late claim in contravention of this Court's

23   previous ruling and in contravention of the administrative

24   claims bar date would essentially eviscerate the

25   administrative claims bar date.  And Ms. LaMacchia was

1   participating in this case substantially.  She filed her own

2   late filed claim.  She was a member of the borrowers'

3   committee who focused mainly on bar date issues and notice

4   of bar date issues to other borrowers.

5            And, you know, this is the classic circumstance

6   or situation where if this late claim were allowed, I'm not

7   sure that we would find another claimant who would not be

8   allowed to have a late claim given the circumstances.  She

9   did receive the actual notice, was heavily involved with the

10  case, and it would indeed open the floodgates to allow other

11  borrowers or other unsecured creditors to come in who are

12  unhappy with the distribution that they are being provided

13  pursuant to the plan.  We have had additional late admin

14  claims been filed and if this is allowed, it will certainly

15  not be the last.

16           And the third argument and it actually ties with

17  the fourth factor for excusable neglect is that she provides

18  no support for the administrative expense priority.  To

19  qualify for an administrative expense priority, the expense

20  must have arisen from a post-petition transaction and the

21  expense must be an actual and necessary to preserve the

22  estate.  Here, the facts giving rise to her claims occurred

23  entirely pre-petition.  Her loan was originated and sold

24  pre-petition.  While there is a 14 day lag between when her

25  loan was -- I'm sorry, when the debtors filed bankruptcy

1  from when the servicing was transferred, she has asserted no

2  action during that 14 day period that would give rise to an

3  administrative claim.  And regardless of any actions that

4  had occurred, Ms. LaMacchia has essentially waived any

5  rights by reaffirming her loan documents in the EMC

6  modification agreement.

7           The -- and finally, just to discuss the amount of

8  the claim, Ms. LaMacchia is seeking a $600,000

9  administrative claim.  The value of the loan with respect to

10  American Home Mortgage which was funded was in the amount of

11  approximately $188,000.  So the claim itself is three times

12  the value of the home and as a result of that, the plan

13  trustee in the event that this matter does get filed, not

14  that they don't take every claim seriously, but it is a

15  large valued claim that will require litigation and will

16  require the plan trustee to expend legal fees and incur the

17  legal fees and expenses, as well as, distraction of

18  resources in addressing other claims which both the legal

19  fees and expenses could be used to pay other creditors and

20  be part of the distribution, as well as, the time attendant

21  with this litigation could be spent on matters for other

22  claims and to seek to have a distribution in a more timely

23  manner.

24           That is all I have with respect to the comments

25  on the late administrative claim.  The subordination motion

1    is much shorter in the fact that Your Honor had previously

2    addressed subordination statements that were filed by

3    borrowers.  As Your Honor is aware, the subordination

4    statement under the plan is not made for borrowers.  And so

5    to the extent that she's seeking to file a late

6    subordination statement, we would argue that for the same

7    reasons that we talked about in the administrative claim,

8    she doesn't have an excusable neglect argument to file it

9    late.  But more importantly, even if she were to file it, it

10   would not be applicable to her as a borrower and someone who

11   has a borrower claim.

12           To the extent that she's seeking equitable

13   subordination under 510(c), there's no current bar date for

14   that.  And I would just say that to the extent that is what

15   she's seeking, she would need to commence an adversary and

16   the plan trustee would address those issues as they arose.

17           THE COURT:  All right, thank you.  Ms. LaMacchia?

18           MS. LAMACCHIA:  Yes.

19           THE COURT:  Good morning.

20           MS. LAMACCHIA:  Good morning.  My name is Delena

21   Sigmon.  It was previously Delena Sigmon LaMacchia.  And I

22   was going to talk a little bit about what she was -- the

23   admin and the equitable subordination claim.

24           In 2006, I did get a loan on some land.  It was

25   my grandfather's land and me and my husband purchased it

1  from my uncle.

2         In 2007, in January, we started talking about

3  getting a manufactured home.  And we dealt with Bessemer

4  City Housing Center as she said.  He then told us that he

5  had a mortgage company which was American Home Mortgage.

6  The gentleman that we dealt with was Jeffrey Scott Wallace.

7  And he was employed by American Home Mortgage and he was

8  also a loan officer with them.  He was with them through

9  July of 2007.  In my documents that I've pulled up on him,

10 he was a loan officer from August 2005 to July 2007.

11        We closed on our loan.  We went through American

12 Home and they told us it was construction to permanent loan.

13 We did -- we thought it was the construction part that we

14 were closing on in April.  Then we went for the final

15 closing which was the permanent, supposed to be the

16 permanent loan, in June, on June 28, 2007 and the loan was

17 for $188,100.  We closed on that and we were told at the

18 closing that our first payment would be August the 1st to

19 American Home Mortgage.  Then after we would, you know, get

20 payment coupons in the mail.  So we made our first payment

21 on August the 1st to American Home Mortgage.

22        Then thereafter in my claim that I filed, you'll

23 see it was Attachment A, it is the adjustable rate note for

24 first five year fixed payment.  It does not match Attachment

25 A1 which we were told for the first two years our payments

1   would be $622.91 with taxes and insurance $756.24.  So

2   that's what we paid was the $756.24.

3          On August the 10th, which was Attachment H, we

4   received a paper -- hold on a minute, sorry, Attachment J.

5   We received a letter in the mail saying that our loan would

6   be transferred, the servicing of it would be transferred

7   from American Home to EMC.  On that, it showed our payment

8   still was $756.24.  So I was fine with that.

9          Well then in the mail, we received on August the

10  29th, a billing statement from EMC and that's when I figured

11  out something was not right with my loan because it had a

12  four option payment plan.  And then I saw the loan balance

13  instead of going down, went up.  It was $188,100 and it went

14  to $188,938.  So when I saw that, I immediately called the

15  number that was on the billing statement.  And they were

16  like well you have a negative amortization loan.  And I told

17  them, I said well that's not what we asked for.  We were

18  supposed to have a two year fixed interest rate and then

19  after that it would adjust.  The reason being is we had a

20  prior home that we were leasing out.  And so we had done the

21  two year thing to get it sold.  And she said, the lady I

22  talked to at EMC said no.  She said you need to talk to the

23  fraud department.

24          So I got to the fraud department and they said

25  all your allegations are going to be against American Home.

1   The thing that you need to do is contact them and tell them

2   this is not the loan that you were supposed to have.  Well

3   when I tried to call my loan officer, the number was

4   disconnected.  So I tried American Home Corporate in

5   Charlotte and the lady said that my files were out in a

6   building somewhere, that she couldn't get to them, that they

7   had filed bankruptcy.  This was August the 29th, when I

8   received this statement in the mail.  So I called EMC back

9   and they told me to talk to my lawyer, so I did that.

10          Anyway, it was a three month process that I went

11  through trying to get help.  Got to September, found out

12  that I did not have a certificate of occupancy to close on

13  the home, did not have a final inspection, they were going

14  to kick me out of my house.  They told me that if I didn't

15  get all this by three months, then they would have to try --

16  not -- to rescind the loan, take the home from me.  Well it

17  was my grandfather's land.  So I was fighting trying to get

18  a lawyer and somebody to help me in between this time.

19          On September the 20th, Jeffrey Long, which was an

20  attorney I went and saw in Charlotte, wrote a letter to EMC

21  telling them that I had issues with my mortgage that was

22  originated by American Home Mortgage, but they serviced it

23  now.  But that he was trying to work -- get something worked

24  out because American Home was in bankruptcy and could not be

25  touched.  There was no way to do a lawsuit against them.  So

1  EMC replied as we believe her negative equity is the direct

2  result of American Home Mortgage's conduct and by extension

3  your insistence that Ms. LaMacchia abide by the terms of

4  avoidable promissory note.

5          I sought twelve attorneys in the time from

6  September till the time that I went on the borrowers'

7  committee.  One of the attorneys, Mile Maynard in

8  Wilmington, North Carolina, was the one that told me about

9  the borrowers' committee.  And he told me, he said, Delena,

10  your case will take $40,000 up front for us to handle it so

11  you need to try to get on the borrowers' committee.  So

12  that's what I did.  And the borrowers' committee, the

13  attorneys could not represent me individually.  They had to

14  do it as a whole.  My legal terms is not what they know.

15  And I did have help from the other borrowers.  They did try

16  to help me file the claims because I didn't know what I was

17  doing.  And I still don't know what I'm doing.  I'm sorry.

18          THE COURT:  That's all right, ma'am.

19          MS. LAMACCHIA:  I have fought for four years.

20  I've ended up with a divorce.

21          THE COURT:  Ms. Greecher?

22          MS. LAMACCHIA:  I had to borrow $60,000 from my

23  family because I went to a bankruptcy attorney to try to

24  save my home -- thank you -- and he told me I didn't have --

25  the first attorney was a bankruptcy attorney and he told me

1  I did not have -- I could not file bankruptcy because my

2  credit was so good.  And I didn't -- the assets.  So my mom

3  and them paid off all my bills for me to try to make my

4  mortgage payment because my mortgage payment went from

5  $756.24 and they wanted me to start paying $1,200 a month.

6          Well, come to find out, I did that and I went --

7  because EMC started saying my payments were going to go up

8  higher.  I went and got another attorney and it was a

9  bankruptcy attorney in Shelby.  This was in '08, because I

10  was getting behind on my house.  We were approximately two

11  months behind and he told me, he reviewed everything and he

12  said you do have a case against American Home, but they're

13  in bankruptcy.  That's all I heard, they're in bankruptcy so

14  we can't do anything.

15          So I filed bankruptcy to try to save my house.

16  He was going to go after EMC, at the time, to try to get

17  them to help me with my loan.  They had modified it already

18  one time to try to save my house.  They modified it.  They

19  didn't modify it correctly.  So I got him.  I was on the

20  borrowers' committee at the time.  And he told me, he said

21  you file a late filing proof of claim and see if that will

22  work.  So that's what I did.

23          The reason I filed $600,000 is because on my

24  attachments that I've sent, my finance charges was

25  $607,603.13.  They didn't even have -- my note doesn't match

1  my truth-in-lending.  My payments were -- number of payments

2  were 21 on my truth-in-lending and on my note it says first

3  five year fixed payment, 12 MTA.  My interest rate was fixed

4  for two days.  I signed June 28.  My interest rate went from

5  2.525 to 9.30 in two days, and then after that it kept going

6  up every month.  Well, I didn't know anything about that.

7  And when I went to the bankruptcy attorney, he told me what

8  was going on.

9           So anyway, he ended up and did not sue EMC.  He

10  ended up getting me a North Carolina HAMP modification.

11  Well, I'm in a mess with that.  North Carolina HAMP

12  modification is not a true modification.  So I'm still

13  fighting that.  The attorney that I have that's trying to

14  help me on that could not come out here and help me.  That's

15  why I filed a late admin claim because the whole time from

16  the time in August that they filed bankruptcy, I didn't find

17  out until October.  I was still trying to deal with American

18  Home and there was nobody.  I couldn't get my loan officer,

19  couldn't get anybody.

20           And it's just been dealing with this for four and

21  a half years, I mean, on and off.  And I've not gotten

22  anywhere.  I've spent out money on twelve lawyers.  I'm

23  upside down in my house.  Now I have a prepayment penalty

24  and a balloon payment.  So it's like nowhere.

25           THE COURT:  All right.  Anything else?

1          MS. LAMACCHIA:  I think that's it.

2          THE COURT:  Thank you, ma'am.  Ms. Greecher?

3          MS. GREECHER:  Your Honor, we have nothing

4    further.

5          THE COURT:  Okay, thank you.  Well, I've said it

6    before in this case and I'll say it again.  And I believe

7    that developments over the last four or five years as people

8    have looked into what was going on in companies like this

9    indicate that this debtor frankly, for lack of a better

10   word, was -- business plan was fraud.  And I've had cases

11   before where some of the allegations have been really quite

12   shocking and this is one of them.  That said, I have to

13   apply the facts to the law as it exists.  I am sympathetic

14   and I believe your story, every bit of it.

15         So but we have a couple things here.  One, you

16   did previously file a late proof of claim.  And there was an

17   order entered by the Court that allowed that, but also

18   provided that no further claims would be filed.  In

19   addition, you are seeking an administrative expense claim.

20   And I believe you were here for Mr. Alvarez's motion.

21         MS. LAMACCHIA:  Yeah.

22         THE COURT:  And the reason I awarded Mr. Alvarez

23   some compensation is that I felt that he had kind of fallen

24   between the cracks and there had been an order in place that

25   at least partially hadn't been complied with by the debtor.

1              Now in this case, in your case, I don't believe

2    the debtor had -- and by the debtor, I mean the -- really

3    the professionals running the case after they filed

4    bankruptcy, I don't believe they've done anything improper.

5    I don't think they've given you the run around.  I think

6    they've acted appropriately and they've responded when you

7    filed things.  So I don't see any reason or any support to

8    provide you an administrative expense claim based on

9    anything the debtors have done with processing that claim.

10             In addition, the law is that you look at the date

11   that when the conduct occurred that gives rise to the claim.

12   And in your instance, everything the debtor did to you, they

13   did prior to filing bankruptcy.  Now you have a claim for

14   that.  They wronged you, there's no question.  And that

15   wrong, I mean, is obviously continuing to cause you a lot of

16   trouble many years later.  But for purposes of the law, it's

17   a pre-petition general unsecured claim.  You've already

18   filed that and that's been allowed.  There's no basis based

19   on the story or the facts of your case to award an

20   administrative expense claim for those amounts.

21             Now that makes a huge difference to you.  I am

22   painfully aware of the difference between one cent and 100

23   cents on a payment like this.  And, in effect, your claim is

24   almost worthless that's been allowed.  I wish I could do

25   more for you, but this is a really nasty case and a lot of

1  people like you were harmed and there's only so much I can

2  do in connection with the bankruptcy.

3         So skipping to the subordination claim,

4  unfortunately, I think that notice was a little -- well it

5  may have been a little vague.  I approved it so I got

6  nowhere to look but here.  You simply don't have a

7  subordination claim as it's contemplated in that motion.

8         So I am going to deny both of your motions. I do

9  so with a heavy heart and it's probably cold consequence to

10 you, but just so you know that.  And I do wish you all the

11 best.  I wish there was more I could for you, I really do,

12 but I'm going to have to deny the motions.  Ms. Greecher,

13 you'll submit an order?

14        MS. GREECHER:  Yes, Your Honor.  Just one point

15 of clarification.  Ms. LaMacchia's unsecured claims that

16 she's filed have not been subject to an objection currently,

17 but have not been deemed accepted by the plan trustee --

18        THE COURT:  I understand.

19        MS. GREECHER:  -- but we'll take your comments

20 under advisement, obviously, and make the appropriate --

21        THE COURT:  Very good.  Anything else for today?

22             (No audible response.)

23        THE COURT:  All right, we're dismissed.  Thank

24 you.

25        ALL:  Thank you, Your Honor.

1        (Whereupon, at 11:43 a.m., the hearing was adjourned.)

2

3                          CERTIFICATION

4          I certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____          14 May 2011
10   Traci L. Calaman, Transcriber              Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**07-11047(css)** 1:4
**503(b)(3)(d)(1)** 25:21
**503(b)(4(1)** 25:21
**a.m(5)** 1:14 3:1 62:5 62:5 81:1
**abide(1)** 75:3
**ability(1)** 8:12
**able(3)** 19:19 29:21 61:1
**about(37)** 6:13 7:2 7:20 8:18 9:3 9:5 12:17 13:24 18:17 19:11 21:13 24:21 25:25 29:24 33:18 34:10 40:4 40:8 45:5 45:17 41:16 41:24 41:25 43:24 44:5 44:7 45:1 46:14 50:4 51:15 52:5 56:11 58:5 71:7 71:22 72:2 75:8 77:6
**above(1)** 42:1
**aboveentitled (1)** 81:6
**absent(2)** 44:21 44:22
**acceptable(1)** 8:7
**acceptance(2)** 63:10 63:13
**accepted(2)** 46:1 80:17
**access(1)** 8:16
**accomplished(1)** 17:24
**according(1)** 10:7
**account(2)** 4:19 18:19
**accurate(1)** 56:4
**accused(1)** 54:10
**acknowledged(1)** 22:4
**across(1)** 8:15
**act(1)** 40:6
**acted(1)** 79:6
**acting(5)** 1:12 12:19 20:15 20:16 29:24
**action(4)** 6:24 7:4 53:17 70:2
**actions(2)** 24:13 70:3
**active(1)** 19:11
**activities(1)** 24:11
**activity(1)** 29:15
**actual(5)** 37:17 66:17 67:25 69:9 69:21
**actually(12)** 5:17 10:23 15:21 15:23 21:25 23:24 32:18 38:21 49:21 62:9 68:3 69:16
**addition(3)** 5:23 78:19 79:10
**additional(22)** 6:18 10:6 12:14 16:12 18:1 18:20 19:2 19:6 19:12 23:25 26:10 35:12 36:12 36:21 41:14 57:8 58:15 58:23 59:12 60:4 60:5 69:13
**address(11)** 8:19 15:22 18:20 26:5 33:4 33:8 34:9 34:22 58:22 60:2 62:16 71:16
**addressed(11)** 12:5 13:12 13:15 15:23 17:19 22:16 25:16 35:13 38:19 41:20 71:25
**addresses(1)** 9:19
**addressing(3)** 34:17 60:2 70:18
**adhere(1)** 57:22
**adjacent(1)** 8:6
**adjourned(1)** 81:1
**adjust(2)** 36:16 73:19
**adjustable(1)** 72:23
**admin(12)** 37:10 37:18 37:21 37:25 41:12 42:11 59:13 61:19 66:9 63:9 13 71:23 77:15
**administered(1)** 1:5
**administration(2)** 18:3 20:17
**administrativ(38)** 5:20 31:10 31:22 31:23 34:21 36:18 36:24 37:5 37:15 38:15 50:1 57:10 58:19 58:24 59:2 59:15 60:4 61:8 61:10 61:14 62:11 66:7 66:16 66:22 67:23 68:8 68:18 68:23 68:25 69:18 69:19 70:3 70:9 70:25 71:7 78:19 79:8 79:20
**adopted(1)** 21:13
**adversary(5)** 5:16 33:9 43:1 50:11 71:15
**advised(1)** 7:8
**advisement(2)** 60:22 80:20
**affect(2)** 47:10 47:11
**affidavit(1)** 68:1
**affidavits(1)** 53:18
**affiliated(1)** 63:16

**affirmation(4)** 43:15 43:18 43:21 46:12
**affirmatively(1)** 66:10
**afford(1)** 29:21
**after(19)** 6:19 9:4 10:23 11:25 13:7 19:9 24:25 28:2 38:2 48:1 58:17 64:15 64:16 65:6 72:19 73:19 76:16 77:5 79:3
**afterwards(1)** 54:5
**again(21)** 17:14 21:2 23:2 23:4 24:8 24:20 25:11 38:1 39:9 42:3 50:3 51:7 56:2 57:24 58:20 59:11 59:12 61:13 62:8 66:4 78:6
**against(9)** 59:1 65:3 67:1 67:5 68:13 68:21 73:25 74:25 76:12
**agenda(2)** 3:14 60:11
**agent(1)** 41:18
**aggravated(1)** 49:21
**ago(1)** 67:22
**agree(4)** 14:6 14:15 30:13 48:18
**agreed(9)** 6:21 15:18 44:16 44:17 52:8 61:12 65:1 66:24 68:13
**agreement(9)** 35:25 35:25 49:22 50:21 50:22 52:20 64:2 67:13 70:6
**agreements(1)** 11:11
**agrees(1)** 7:16
**ahead(3)** 8:20 10:20 65:7
**ahm(2)** 62:25 63:13
**all(68)** 3:5 4:10 5:9 8:25 9:1 10:5 10:20 11:16 11:22 14:3 15:4 15:4 16:3 19:15 19:20 20:16 20:20 23:1 24:25 25:4 26:3 26:18 27:6 27:21 28:19 28:20 28:23 29:1 29:7 29:9 29:10 32:4 32:8 33:6 33:11 34:6 34:18 34:25 35:6 36:6 36:7 37:1 38:11 38:11 40:21 41:8 42:16 46:4 49:25 50:15 55:23 57:6 57:21 60:25 61:1 62:1 62:6 70:24 71:17 73:25 74:15 75:18 76:3 76:13 77:25 80:10 80:23 80:25
**allegation(1)** 58:16
**allegations(2)** 73:25 78:11
**alleged(3)** 37:21 54:24 55:17
**allegedly(1)** 4:20
**allow(4)** 18:1 30:11 67:18 69:10
**allowance(2)** 57:9 58:24
**allowed(33)** 17:1 18:16 19:14 19:14 34:19 35:4 35:17 35:24 36:5 39:1 39:8 39:13 39:17 41:9 41:21 42:12 53:6 53:15 55:5 53:19 55:9 58:6 58:11 58:15 59:14 65:2 66:6 69:6 69:8 69:14 77:18 79:24
**allowing(4)** 53:11 55:4 64:22 68:21
**allows(1)** 50:13
**allude(1)** 46:25
**almost(2)** 64:8 79:24
**alone(2)** 43:13 52:12
**along(1)** 33:11
**already(8)** 8:6 15:7 42:11 55:12 58:11 58:15 76:17 79:17
**also(23)** 5:2 5:14 6:2 9:21 13:16 19:22 25:16 30:3 31:14 36:19 36:25 37:12 37:16 37:23 39:5 44:14 44:18 48:10 55:6 58:12 61:12 72:8 78:17
**alternative(2)** 61:18 67:10
**alvarez(55)** 2:27 2:27 5:14 32:15 32:17 32:18 32:22 34:18 34:19 35:3 35:5 35:14 35:15 36:2 36:11 37:14 37:17 38:10 38:14 39:12 40:9 40:12 41:2 41:16 41:25 42:11 42:16 42:17 42:19 42:19 45:17 46:12 47:16 53:12 53:21 54:7 54:14 54:21 55:6 55:25 56:1 57:4 57:8 57:14 58:18 59:2 59:8 59:20 59:23 60:25 61:4 61:6 61:22 68:14 78:22

**alvarez's(6)** 33:5 35:9 37:2 40:18 53:6 78:20
**amend(2)** 36:13 46:15
**amended(1)** 3:13
**america(1)** 2:18
**american(21)** 33:6 53:24 55:9 56:13 63:10 63:16 64:3 70:10 72:5 72:7 72:11 72:19 72:21 73:7 73:25 74:4 74:22 74:24 75:2 76:12 77:17
**amortization(1)** 73:16
**amount(15)** 5:3 9:6 9:13 31:22 31:25 36:16 36:20 37:9 38:4 38:8 41:10 44:13 58:17 70:7 70:10
**amounts(2)** 53:17 79:20
**and(301)** 4:1 4:2 4:18 5:12 5:14 5:21 5:23 6:5 6:15 6:17 6:21 6:22 6:23 6:24 6:25 7:1 7:2 7:7 7:10 7:13 7:14 7:16 7:18 7:22 7:24 8:2 8:3 8:3 8:7 8:7 8:11 8:13 8:14 8:23 9:1 9:4 9:7 9:7 9:11 9:11 9:13 9:15 9:21 9:24 10:8 10:17 11:5 11:13 11:15 11:16 11:23 11:23 12:2 12:4 12:7 12:12 12:12 12:15 12:16 12:20 12:22 12:23 13:4 13:4 13:6 13:15 13:17 13:20 13:24 14:12 14:14 14:17 14:22 15:5 15:7 15:9 15:10 15:16 15:22 15:23 16:9 16:11 17:1 17:24 17:24 18:1 18:4 18:5 18:9 18:13 18:13 18:15 18:18 18:24 19:4 19:5 19:8 19:11 19:13 19:14 19:14 19:15 19:18 19:22 20:21 20:25 20:6 20:9 20:10 20:20 21:5 21:6 21:11 21:12 21:16 21:18 21:20 21:21 21:24 21:24 22:22 22:23 22:24 22:25 23:6 23:8 23:10 23:10 23:12 23:14 23:16 23:19 23:23 23:25 24:2 24:6 24:8 24:8 24:11 24:13 24:16 24:20 25:5 25:14 25:21 26:3 26:6 26:22 27:1 27:4 27:17 27:24 28:2 28:4 28:17 28:23 28:24 29:4 29:6 29:11 29:12 29:13 29:14 29:15 29:19 30:3 30:6 30:7 30:11 30:14 30:19 30:25 30:25 31:1 31:2 31:7 31:12 31:13 31:14 31:16 31:20 31:22 31:25 32:1 32:2 32:15 32:15 33:17 33:25 34:10 34:21 35:4 36:19 37:10 38:4 38:6 38:17 38:18 38:20 38:24 39:4 39:13 39:23 40:1 40:2 40:8 40:9 40:9 40:12 41:1 41:2 41:2 41:13 41:17 41:19 41:23 41:24 42:1 42:3 42:4 42:7 42:11 42:22 42:24 42:25 43:1 43:2 43:3 43:4 43:8 43:10 43:11 43:15 43:20 43:22 43:25 44:8 44:8 44:9 44:10 44:11 44:14 44:16 44:19 45:25 45:6 45:11 45:13 45:14 45:22 45:23 46:19 46:1 46:1 46:6 46:10 46:13 46:14 46:19 47:5 47:7 47:7 47:12 47:15 47:16 48:1 48:3 48:4 48:8 48:8 48:9 48:14 48:16 48:17 48:19 48:19 48:24 49:1 49:1 49:5 49:11 49:12 49:13 49:16 49:17 49:22 49:23 50:4 50:8 50:11 50:14 50:15 50:17 50:21
**anderson(1)** 2:18
**annoyance(1)** 57:12
**another(11)** 12:12 12:4 19:8 35:21 35:21 42:10 44:22 46:18 47:14 69:7 76:8
**answer(3)** 17:21 26:14 27:2
**answered(2)** 37:3 50:10
**answering(1)** 47:6
**anticipate(1)** 5:5
**anticipated(1)** 39:18
**any(38)** 4:5 8:8 10:23 12:15 13:2 14:3 16:12 16:12 17:21 20:9 20:21 21:7 22:8 23:18 26:9 27:3 29:1 29:3 39:2 39:3 40:10 41:12 41:12 41:14 41:25 48:7 51:8 53:17 56:16 58:9 59:8 64:6 65:23 68:7 70:3 70:4 79:7 79:7
**anybody(1)** 77:19
**anyone(4)** 4:5 5:7 14:3 49:11
**anything(19)** 14:13 16:9 21:21 24:5 31:19 43:16 44:16 53:16 55:22 55:25 57:16 59:7 61:23 76:14 77:6 77:25 79:4 79:9 80:21
**anyway(2)** 74:10 77:9
**anywhere(1)** 77:22
**apologize(3)** 3:8 3:8 3:12
**appeal(1)** 59:10
**appear(1)** 68:6
**appearances(1)** 2:33
**appeared(1)** 5:5
**apple(1)** 29:7
**applicable(2)** 34:24 71:10
**application(27)** 6:1 6:14 10:22 12:1 13:7 14:12 14:14 14:21 14:21 16:13 16:24 17:1 17:23 19:6 19:23 20:3 20:4 22:19 23:8 23:11 26:9 26:24 26:25 27:5 27:16 29:5 30:9
**applications(11)** 5:21 5:22 5:24 6:5 10:24 14:6 15:3 16:25 22:12 27:19 27:21
**applied(1)** 24:10
**apply(2)** 38:22 78:13
**appoint(5)** 19:2 22:20 30:7 49:10 64:7
**appointed(3)** 19:13 52:23 64:9
**appointment(7)** 12:10 17:25 19:11 26:10 27:18 27:19 64:15

| Word | Page:Line |
|------|-----------|

**appreciate(3)** 11:19 28:9 59:16
**approach(3)** 4:11 5:10 48:7
**approaches(1)** 52:9
**appropriate(5)** 13:2 31:14 36:14 55:16 80:20
**appropriately(1)** 79:6
**approval(1)** 64:18
**approve(1)** 5:9
**approved(6)** 8:6 8:23 9:1 22:20 27:5 80:5
**approximately(7)** 4:19 4:23 10:17 36:20 40:19 70:11 76:10
**april(1)** 72:14
**are(53)** 5:12 5:13 5:19 5:22 5:22 6:5 6:6 8:6 11:11 11:16 12:19 21:4 23:2 23:25 24:12 27:2 29:6 29:18 30:19 31:11 31:17 32:14 32:14 33:8 34:23 34:24 35:7 36:8 36:9 38:7 38:12 41:14 41:22 41:25 45:1 45:4 47:20 48:2 48:22 48:25 49:16 49:18 50:9 55:7 57:7 57:7 62:9 65:8 67:17 69:11 69:12 73:25 78:19
**argue(3)** 6:12 28:18 71:6
**argument(13)** 6:6 22:13 25:5 31:1 33:25 34:8 37:24 38:2 42:23 60:15 62:23 69:16 71:8
**arguments(1)** 49:11
**arisen(1)** 69:20
**arose(1)** 71:16
**around(3)** 34:11 36:6 79:5
**ask(13)** 7:1 7:1 9:13 14:17 14:18 25:5 27:5 29:15 42:24 49:24 51:11 51:24 56:19
**asked(7)** 6:25 15:10 15:16 30:4 48:2 56:16 73:17
**asking(2)** 11:20 16:15
**assert(3)** 4:23 60:8 65:3
**asserted(4)** 4:18 38:4 54:18 70:1
**asserting(1)** 18:16
**assertion(2)** 37:2 47:11
**assertions(2)** 34:23 65:17
**asserts(2)** 38:16 41:16
**assessment(1)** 4:24
**assets(5)** 8:10 8:12 8:13 9:8 76:2
**assistance(1)** 55:3
**assuming(1)** 61:19
**assurances(1)** 12:13
**attached(4)** 53:18 53:21 64:2 68:6
**attaches(1)** 54:7
**attachment(4)** 72:23 72:24 73:3 73:4
**attachments(2)** 43:9 76:24
**attempt(1)** 34:25
**attendant(1)** 70:20
**attorney(12)** 45:9 45:24 47:13 56:15 74:20 75:23 75:25 75:25 76:8 76:9 77:7 77:13
**attorney's(2)** 43:18 43:20
**attorneys(3)** 75:5 75:7 75:13
**audible(4)** 4:9 5:8 14:4 80:22
**auditor(1)** 11:12
**august(10)** 63:15 63:20 64:11 72:10 72:18 72:21 73:3 73:9 74:7 77:16
**authority(11)** 7:1 7:9 7:17 21:6 21:7 21:18 21:19 22:7 25:23 25:13 25:18
**authorized(1)** 14:12
**avenue(2)** 1:33 2:13
**avoidable(1)** 75:4
**avoidance(2)** 6:24 7:4
**award(5)** 3:20 30:2 37:4 59:1 79:19
**awarded(2)** 12:8 78:22
**awarding(2)** 14:1 14:13
**aware(5)** 35:20 36:4 39:22 71:3 79:22
**away(1)** 45:15

**back(16)** 3:6 11:12 15:10 15:18 16:15 17:24 28:2 44:11 46:15 47:18 48:16 52:2 53:10 54:18 56:23 74:8
**background(1)** 62:24
**backwards(1)** 31:21
**bad(3)** 39:23 39:24 40:6
**balance(4)** 14:21 59:5 59:15 73:12
**balick(2)** 23:6 23:7
**ball(1)** 57:24
**balloon(1)** 77:24
**bank(3)** 2:18 6:24 7:7
**bankruptcy(23)** 1:1 1:18 8:10 49:20 63:1 63:17 64:4 64:5 69:25 74:7 74:24 75:23 75:25 76:1 76:9 76:13 76:13 76:15 77:7 77:16 79:4 79:13 80:2
**bar(17)** 32:23 34:24 35:14 37:17 58:18 58:18 61:9 61:15 64:17 66:16 67:23 68:8 68:24 68:25 69:3 69:4 71:13
**barred(4)** 34:23 37:22 66:15 66:16
**based(11)** 11:10 13:11 28:14 52:11 54:12 55:15 57:15 63:21 79:8 79:18
**bases(1)** 64:21
**basically(9)** 43:18 43:21 50:15 51:22 52:14 56:1 56:5 59:2 61:18
**basis(18)** 17:2 20:2 21:14 31:18 33:11 35:9 35:13 35:21 37:4 41:12 58:16 58:21 61:14 63:19 66:21 67:24 68:7 79:18
**beach(5)** 27:25 41:2 48:14 48:16 48:17
**bear(1)** 63:14
**became(1)** 63:2
**because(53)** 11:12 13:9 13:17 16:7 18:14 22:3 28:12 32:14 33:12 34:11 35:22 37:3 37:9 39:7 39:12 39:17 42:1 43:2 43:13 43:21 46:6 46:13 47:17 47:24 48:23 49:7 49:25 50:2 50:19 51:6 51:7 51:12 52:1 52:4 52:16 54:8 54:24 55:8 55:17 56:23 59:22 60:5 68:12 73:11 74:24 75:16 75:23 76:1 76:4 76:7 76:9 76:23 77:15
**been(36)** 3:9 6:14 13:12 13:12 14:15 14:17 16:15 18:10 20:14 26:5 30:8 33:22 35:4 41:17 41:20 41:21 44:3 47:23 55:1 55:13 57:12 58:11 58:15 60:5 65:8 65:18 69:14 77:20 78:11 78:24 78:25 79:18 79:24 80:5 80:16 80:17
**before(29)** 1:17 9:1 12:2 20:3 20:6 21:17 21:21 23:21 26:6 32:23 33:16 35:15 38:3 41:8 42:4 45:7 48:16 49:6 49:8 49:13 50:20 52:21 53:7 57:7 62:2 62:22 64:19 78:6 78:11
**beginning(1)** 58:4
**behalf(13)** 3:11 5:6 9:17 11:9 12:18 12:19 19:20 20:15 20:16 21:2 21:11 33:3 67:6
**behind(3)** 26:2 76:10 76:11
**being(10)** 7:5 7:5 8:14 19:17 40:23 41:6 44:6 54:10 60:12 73:19
**belief(2)** 41:14 42:5
**believe(63)** 5:4 10:10 11:10 12:6 12:20 12:3 13:5 13:5 13:6 13:10 13:11 14:19 21:7 22:2 22:8 23:2 23:19 23:20 23:21 24:13 33:13 34:18 36:14 36:21 36:25 37: 38:1 38:22 39:2 39:5 39:9 41:11 42:13 46:22 49:15 51:5 51:13 53:17 54:16 56:9 57:15 57:20 58:8 58:13 58:21 59:7 60:2 60:3 61:3 61:15 61:20 63:3 65:22 67:12 67:19 68:15 75:1 78:6 78:14 78:20 79:1 79:4
**believed(1)** 8:12
**believes(3)** 40:14 40:20 41:18
**beneficial(1)** 47:23

**benefit(9)** 4:2 23:18 23:23 24:14 24:20 28:19 28:24 37:12 37:13
**benefited(2)** 28:23 28:23
**benefitting(1)** 24:15
**bessemer(2)** 63:6 72:3
**best(4)** 5:13 6:6 23:17 80:11
**better(5)** 34:25 40:4 42:6 49:2 78:9
**between(9)** 35:2 37:2 43:22 53:25 57:17 69:24 74:18 78:24 79:22
**beyond(1)** 14:9
**big(2)** 8:2 26:21
**bigger(1)** 35:18
**billed(1)** 10:23
**billing(2)** 73:10 73:15
**bills(2)** 29:19 76:3
**bit(7)** 71:22 78:14
**bites(1)** 29:7
**blank(1)** 48:19
**bonita(2)** 48:5 56:14
**bono(1)** 20:2
**borrow(1)** 75:22
**borrower(2)** 71:10 71:11
**borrower's(5)** 5:25 11:15 11:20
**borrowers(52)** 4:2 6:25 7:6 7:8 7:20 8:11 8:15 9:9 11:22 12:10 12:20 14:8 15:11 15:12 15:16 15:19 18:1 18:4 18:6 18:16 18:16 19:14 19:15 19:20 20:6 20:16 20:19 22:20 23:22 24:3 24:14 24:15 24:23 28:20 28:23 63:22 64:7 64:7 64:9 64:14 64:16 69:2 69:4 69:11 71:3 71:4 75:6 75:9 75:11 75:12 75:15 76:20
**both(16)** 5:6 11:22 12:11 13:4 13:19 13:24 18:12 19:4 33:4 42:25 43:2 62:12 62:22 65:15 70:18 80:8
**bottles(1)** 48:25
**bound(1)** 12:21
**box(2)** 2:7 46:7
**brandywine(1)** 1:25
**breach(4)** 38:17 38:18 39:2 52:14
**breached(1)** 38:24
**break(1)** 62:2
**breakdown(2)** 24:24 44:9
**brendan(1)** 52:24
**brian(1)** 63:2
**brief(3)** 21:3 53:5 62:24
**briefed(1)** 33:22
**briefing(3)** 33:16 33:25 34:7 59:25 60:16 60:23
**briefly(2)** 25:10 40:12
**bring(1)** 11:17 19:20
**brings(1)** 66:7
**brought(1)** 14:11
**buckhead(2)** 23:5 26:16
**building(2)** 1:25 74:6
**bunch(1)** 25:14
**burdened(1)** 23:24
**burying(1)** 12:7
**business(1)** 78:10
**businessman(1)** 20:9
**but(75)** 3:20 4:22 5:18 7:3 7:9 8:8 11:24 12:18 13:2 14:1 14:7 14:11 14:20 15:15 15:19 16:4 17:16 17:21 20:9 21:15 22:1 22:9 23:4 24:1 25:13 25:18 26:12 27:15 29:23 30:8 30:16 30:23 31:9 31:25 33:17 33:19 34:22 34:24 39:17 40:5 43:20 44:18 45:16 46:8 48:13 48:14 50:6 50:13 51:1 53:14 55:16 57:1 58:4 60:3 60:7 60:12 61:1 64:5 65:13 66:19 68:14 70:14 71:9 74:22 74:23 76:12 78:15 78:17 79:16 79:25 80:6 80:10 80:12 80:17 80:19
**calendar(1)** 60:18
**call(3)** 25:13 46:22 74:3

**called(7)** 7:19 24:22 46:24 47:2 61:16 73:14 74:8
**calling(1)** 47:8
**came(5)** 27:15 41:6 48:16 50:23 53:10
**can(20)** 4:25 8:8 16:3 17:6 29:19 32:5 33:13 34:10 37:24 38:6 38:7 40:3 44:12 45:20 54:9 59:18 60:2 60:24 62:12 80:1
**can't(6)** 44:14 45:11 46:1 46:13 51:16 76:14
**candle(1)** 31:16
**cannot(4)** 11:13 39:24 40:8 40:9
**cap(16)** 6:15 8:19 8:22 9:13 11:16 12:3 12:22 13:4 13:8 13:23 14:6 14:7 14:14 14:19 15:1 16:10
**card(1)** 48:16
**careful(1)** 46:5
**carl(1)** 43:5
**carolina(3)** 75:8 77:10 77:11
**case(65)** 1:4 9:5 9:7 9:12 10:23 14:8 18:2 18:14 18:25 20:11 20:17 20:17 21:14 21:20 21:24 21:24 23:5 23:6 25:14 26:12 26:13 26:16 27:22 27:23 28:21 29:23 30:4 30:13 30:14 30:20 30:21 31:13 31:16 32:20 35:7 35:19 35:23 37:6 38:1 38:10 44:3 46:25 50:12 50:13 50:19 51:8 53:14 54:17 56:17 57:18 57:18 57:20 61:8 61:16 64:20 69:1 69:10 76:12 78:6 79:1 79:3 79:19 79:25
**cases(18)** 21:9 21:12 23:4 25:15 26:1 29:16 29:23 30:11 30:16 47:17 50:16 52:1 52:22 52:23 56:25 62:25 64:17 78:10
**categories(1)** 6:21
**category(2)** 6:23 7:19
**cause(2)** 19:5 79:15
**cent(1)** 79:22
**center(1)** 72:4
**cents(1)** 79:23
**certain(4)** 6:15 30:7 30:17 64:6
**certainly(3)** 13:7 20:2 21:22 29:18 30:21 60:12 69:14
**certificate(1)** 74:12
**certification(3)** 33:25 60:22 81:3
**certify(1)** 81:4
**chance(1)** 62:17
**changed(4)** 35:2 35:5 35:8 54:17
**chapter(3)** 1:7 47:17 56:25
**charge(14)** 14:9 14:10 28:14 28:15
**charges(1)** 76:24
**charlotte(2)** 74:5 74:20
**cheated(1)** 52:6
**check(1)** 45:18
**cheryl(1)** 32:9
**christopher(1)** 1:17
**circuit(4)** 21:8 21:22 22:10 24:9
**circumstance(2)** 19:18 69:5
**circumstances(3)** 20:10 30:12 69:8
**cite(1)** 23:4
**cited(6)** 22:10 25:17 50:12 50:16 61:8
**city(2)** 63:6 72:4

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **claim**(166) 4:16 4:18 4:19 4:21 5:1 5:20 30:12 31:10 31:22 31:23 34:20 34:20 34:21 34:21 35:3 35:10 35:12 35:14 35:17 35:21 35:23 35:24 36:4 36:12 36:16 36:17 36:18 36:18 36:19 36:22 36:24 37: 37:5 37:9 37:10 37:15 37:18 37:21 37:24 37:25 38:3 38:3 38:15 39:1 39:8 39:11 39:13 39:16 40:8 41:6 41:10 41:12 41:15 41:15 41:15 41:21 41:21 41:24 42:10 42:11 42:12 42:12 43:10 44:13 44:18 45: 46:7 46:8 46:10 47:9 47:10 47:11 48:4 50:11 51:19 51:25 53:6 53:13 53:15 54:16 54:22 54:23 54:24 55:4 55:4 55:12 55:13 55:14 55:16 55:17 55:18 55:19 55:20 57:9 57:10 57:14 57:20 58:2 58:5 58:10 58:13 58:14 58:17 58:20 58:23 58:25 59:2 59:4 59:13 59:13 59:15 60:5 60:5 61:8 61:11 61:11 61:12 61:14 61:19 62:11 62:12 64:18 64:22 66:1 66:3 66:7 66:19 66:21 67:17 67:18 67:20 67:21 67:23 67:24 68: 68:18 68:18 68:22 69:2 69:6 69:8 70:3 70:8 70:9 70:11 70:14 70:15 70:25 71:7 71:11 71:23 72:22 76:21 77:15 78:16 78:19 79:8 79:9 79:11 79:13 79:17 79:20 79:23 80:3 80:7 | **compensated**(1) 30:9 **compensation**(3) 18:10 21:10 78:23 **complaint**(4) 33:5 43:10 59:23 60:4 **complete**(1) 34:7 **completed**(1) 33:17 **completely**(8) 46:23 47:12 47:18 48:9 54:11 54:11 56:10 56:18 | **conversation**(3) 41:3 46:9 47:8 **copy**(2) 64:12 66:4 **corporate**(1) 74:4 **corporation**(1) 1:9 **correct**(4) 16:11 25:22 34:4 81:4 **correctly**(1) 76:19 **corroon**(1) 2:18 | **data**(1) 1:39 **date**(18) 35:14 37:17 45:21 58:18 58:18 61:9 61:15 64:17 65:10 66:16 67:23 68:8 68:24 68:25 69:3 69:4 71:13 79:10 |
| **claimant**(2) 35:20 69:7 | **completion**(3) 33:24 59:25 60:23 **complexity**(1) 56:25 **complicated**(2) 47:17 49:18 **complied**(7) 46:21 50:22 52:14 56:8 56:9 61:15 78:25 | **costs**(3) 12:14 23:25 31:7 **could**(21) 7:21 15:10 15:18 25:13 37:8 41:5 41:9 42:5 46:16 48:18 55:9 55:16 68:8 70:19 70:21 74:24 75:13 76:1 77:14 79:24 80:11 | **dated**(1) 53:22 **dates**(1) 34:24 **day**(3) 27:22 69:24 70:2 **days**(4) 63:15 65:4 77:4 77:5 |
| **claimants**(2) 37:8 40:22 | | **couldn't**(5) 52:20 56:23 74:6 77:18 77:19 | **deadline**(1) 68:2 **deal**(5) 9:18 19:3 23:17 25:21 77:17 |
| **claims**(33) 29:16 31:13 31:17 34:22 34:24 37:8 64:24 65:3 65:5 65:7 65:12 65:14 66:6 66:11 66:12 66:16 67:1 67:5 67:5 67:7 67:9 67:15 68:13 68:17 68:24 68:25 69:14 69:22 70:18 70:22 75:16 78:18 80:15 | **comply**(1) 51:9 **complying**(3) 44:15 51:6 51:14 **compromise**(3) 6:21 8:4 8:4 **compromised**(1) 7:11 | **counsel**(13) 5:4 11:19 12:23 32:23 40:14 42:4 42:5 57:22 64:4 64:13 64:20 64:22 65:15 | **dealing**(4) 18:4 38:19 39:4 77:20 **dealt**(3) 11:22 72:3 72:6 **debtor**(13) 2:35 12:12 41:18 41:18 57:16 59:1 65:3 67:8 78:9 78:25 79:2 79:22 79:12 |
| **clarification**(3) 16:7 28:9 80:15 **clarified**(1) 28:12 **clarify**(2) 16:15 16:20 | **conaway**(1) 1:22 **concept**(1) 30:4 **concern**(2) 6:13 64:22 **concerned**(1) 30:3 | **counsel's**(1) 30:8 **counter**(1) 65:21 **country**(1) 8:16 **county**(3) 4:18 4:23 5:5 | **debtors**(29) 1:11 4:15 4:25 7:13 7:14 7:18 9:24 15:16 18:14 19:4 23:16 37:8 42:4 45:23 54:22 59:4 63:16 64:4 64:20 64:21 65:1 65:11 65:18 67:1 67:6 68:5 68:21 69:25 79:9 |
| **class**(4) 26:19 26:20 36:7 40:22 **classic**(1) 69:5 **clear**(6) 37:20 39:10 52:18 56:14 59:9 66:12 | **concerns**(3) 29:24 33:5 **concluded**(1) 7:3 **condone**(1) 12:6 **conduct**(8) 39:19 41:16 45:8 45:25 54:24 55:17 75:2 79:11 | **county's**(1) 4:16 **couple**(2) 21:4 78:15 **coupons**(1) 72:20 **course**(3) 29:20 38:20 65:24 | **deceit**(2) 38:17 38:24 **decide**(7) 33:15 49:15 52:25 53:2 60:23 60:24 61:1 |
| **clearer**(1) 45:20 **clearly**(2) 28:25 67:4 **clerk**(2) 32:10 62:6 **client**(2) 9:10 34:12 | **conference**(4) 5:15 33:16 60:11 60:14 **confirm**(1) 18:15 **confirmation**(9) 8:22 8:25 9:2 9:4 9:23 10:24 18:5 19:20 36:15 | **court**(170) 1:1 3:2 3:5 3:7 3:15 3:18 3:20 4:7 4:10 4:12 5:7 5:9 6:3 6:7 8:6 8:7 8:18 8:20 8:21 8:25 9:14 10:2 10:5 10:8 10:12 10:14 10:17 10:20 11:7 11:14 12:2 12:6 12:9 12:10 12:21 12:23 12:25 13:8 13:19 13:23 14:1 14:3 14:5 14:13 14:17 14:24 14:24 14:25 15:2 15:4 15:7 15:10 15:14 15:18 16:3 16:11 16:17 16:21 17:3 17:6 17:9 17:11 17:17 17:18 18:22 18:23 19:13 19:25 20:3 20:6 20:20 20:23 20:23 20:25 21:17 22:1 22:18 22:20 23:22 24:16 24:17 24:20 25:7 25:9 26:6 27:6 27:8 27:10 27:13 27:20 28:7 28:9 28:16 29:3 29:9 30:6 31:5 32:8 32:11 32:18 32:22 33:1 33:8 33:15 33:17 33:21 33:24 34:3 34:6 34:9 34:15 38:22 39:10 41:7 42:14 42:16 42:18 42:25 44:7 44:11 45:7 46:21 48:22 48:24 48:25 49:16 49:21 50:17 50:21 51:12 51:14 52:9 52:11 52:25 53:4 55:20 55:23 55:25 56:2 56:9 56:9 57:6 57:7 59:21 60:7 60:10 60:15 61:5 61:17 61:23 62:1 62:7 62:14 62:19 65:2 66:14 66:23 71:17 71:19 75:18 75:21 77:25 78:2 78:5 78:17 78:22 80:18 80:21 80:23 | **deceit**(2) 38:17 38:24 |
| **clients**(7) 12:18 12:19 21:16 21:17 23:17 23:21 29:13 | **confirmed**(1) 20:18 **conflicting**(1) 43:9 **congratulations**(2) 3:18 3:21 **conjunction**(1) 7:22 **connected**(1) 33:13 **connection**(20) 5:15 5:24 14:11 14:20 19:8 24:11 34:14 58:6 58:19 59:7 60:1 63:23 64:3 65:13 66:11 66:19 67:14 67:21 68:1 80:2 | | **decided**(1) 28:3 **deciding**(1) 61:18 **decision**(2) 22:10 25:16 61:7 **declaration**(9) 3:24 43:5 43:7 43:19 53:20 54:1 54:1 54:6 54:11 |
| **close**(3) 48:4 67:20 74:12 **closed**(3) 63:13 72:11 72:17 **closing**(4) 22:13 72:14 72:15 72:18 **closure**(2) 58:3 58:5 **co-counsel**(1) 41:2 **colagiacomo**(3) 43:6 53:25 54:9 **colagiacomo's**(2) 43:12 53:19 **cold**(1) 80:9 **collective**(1) 11:22 | **consent**(8) 65:2 65:6 66:4 66:5 66:12 66:15 67:2 67:7 | **court's**(8) 13:1 38:21 39:21 39:22 44:15 57:22 58:9 68:22 **courtroom**(4) 1:9 46:15 50:7 59:24 **courts**(2) 20:14 49:5 | **deem**(1) 13:2 **deemed**(1) 80:17 **defendants**(2) 42:22 43:11 **deficient**(1) 43:5 **defining**(1) 67:7 **delaware**(4) 1:2 1:8 1:11 3:1 **delay**(5) 3:9 3:12 63:21 67:20 68:4 |
| **come**(18) 12:1 14:17 15:10 15:18 44:11 45:7 46:3 46:14 47:25 49:3 49:14 50:20 52:20 52:21 60:25 69:11 76:6 77:14 | **consequence**(1) 80:9 **consider**(3) 24:17 37:25 51:24 **consideration**(1) 12:9 **considered**(3) 7:6 20:14 37:15 **considering**(2) 67:2 67:18 **constituency**(1) 9:9 **construction**(2) 72:12 72:13 **construing**(1) 52:8 | **covenant**(2) 38:18 39:3 **coverage**(1) 54:15 **covered**(1) 23:2 **cracks**(2) 57:18 78:24 **crazy**(1) 3:9 **create**(2) 29:25 29:25 **created**(1) 8:15 **creating**(2) 11:14 63:12 | **delena**(6) 2:29 2:29 52:12 71:20 71:21 **deliberate**(1) 12:9 **demand**(1) 51:5 **demeaning**(2) 40:17 40:23 **demonstrate**(3) 4:25 23:13 24:19 |
| **coming**(1) 18:4 **commence**(1) 71:15 **commenced**(1) 5:16 **comment**(2) 25:25 31:6 **comments**(3) 9:22 70:24 80:19 **committee**(48) 5:25 6:25 7:6 7:8 7:21 9:25 11:15 11:20 11:22 12:10 12:12 14:8 14:18 15:11 15:13 15:16 15:19 18:1 19:2 19:4 19:14 19:19 22:21 23:9 23:9 23:10 23:13 24:23 26:10 29:18 30:5 30:5 30:7 30:8 42:4 57:16 64:8 64:9 64:10 64:14 64:16 69:3 75:7 75:9 75:11 75:12 76:20 | **contact**(1) 74:1 **contacted**(2) 65:11 65:15 **contain**(3) 43:2 43:12 **contained**(2) 18:16 61:12 **contains**(1) 43:5 **contemplated**(1) 80:7 **contest**(2) 5:2 64:23 **contested**(5) 5:12 5:22 6:2 8:25 32:13 **context**(1) 33:18 **continue**(3) 11:24 48:21 58:10 **continued**(1) 2:2 **continues**(2) 54:17 63:25 **continuing**(1) 79:15 | **credit**(2) 43:14 76:2 **creditor**(3) 34:19 40:10 42:8 **creditors**(25) 9:24 11:16 12:12 19:4 24:1 24:6 24:11 28:19 29:14 29:21 35:1 35:6 36:6 36:8 38:7 38:11 38:11 38:12 40:2 40:11 42:6 53:14 55:16 69:11 70:19 **creditors/borrowers**(1) 30:15 **critical**(2) 29:11 31:22 **criticisms**(1) 6:15 **crossing**(1) 11:3 **current**(1) 71:13 | **denial**(2) 16:23 67:19 **denied**(12) 13:7 14:19 25:6 34:18 36:22 36:25 42:13 46:11 59:13 59:14 60:6 61:21 **deny**(8) 14:21 14:25 31:2 58:22 58:24 59:5 80:8 80:12 **denying**(1) 31:1 **department**(2) 73:23 73:24 |
| **committees**(5) 19:12 29:20 30:1 30:21 37: **communication**(3) 7:21 7:24 45:10 **companies**(1) 78:8 **company**(1) 72:5 **compensable**(2) 14:10 24:23 | **contradiction**(1) 44:4 **contradictions**(1) 45:1 **contrary**(2) 21:18 45:24 **contravention**(2) 68:22 68:23 **contribution**(33) 6:1 12:18 13:16 13:21 13:25 17:8 17:23 19:17 20:13 21:16 21:22 22:22 23:1 24:4 24:6 24:9 24:18 24:24 25:1 25:23 26:2 26:4 26:11 26:14 27:16 27:18 28:4 28:19 28:22 29:1 29:16 30:6 30:12 **controlling**(1) 21:7 22:8 | **currently**(2) 65:8 80:16 **cut**(1) 9:6 **cutting**(1) 8:6 **cynthia**(1) 2:37 **danger**(2) 68:20 68:20 | **desperation**(1) 47:1 **despicable**(2) 40:17 40:23 **despite**(1) 65:17 **destroy**(1) 51:7 **destroyed**(1) 8:14 **destruction**(1) 7:12 **detail**(1) 18:21 **determine**(1) 22:18 **determined**(2) 22:25 64:23 **determines**(1) 66:14 **developments**(1) 78:7 **diaz**(1) 1:39 **did**(57) 5:5 7:9 8:8 9:11 12:16 12:16 13:5 13:5 14:18 15:7 17:8 17:9 23:20 23:21 23:22 23:23 24:3 24:5 28:19 30:6 32:2 34:1 34:5 34:7 37:13 38:25 41:2 47:5 48:7 48:20 49:17 53:13 56:16 56:20 61:4 64:20 65:7 65:20 66:23 67:25 68:1 69:9 71:24 72:13 74:9 74:12 74:13 75:12 75:15 75:16 76:1 76:6 76:22 77:9 78:16 79:12 79:13 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| didn't(28) | 10:22 11:4 11:17 14:25 26:20 28:13 28:24 37:20 38:21 45:14 45:23 46:13 47:18 51:8 51:25 56:17 58:3 58:3 58:4 74:14 75:16 75:24 76:2 76:19 76:25 77:6 77:16 | don't(45) | 10:22 12:6 13:17 16:7 17:20 20:8 20:23 21:6 21:15 22:8 26:11 28:5 29:6 29:10 31:19 31:20 36:13 38:1 39:1 44:12 44:12 44:13 45:20 48:25 49:19 51:20 53:16 53:17 54:15 56:9 57:15 58:8 58:20 59:6 59:10 60:25 62:19 68:11 70:1 75:17 79:1 79:4 79:5 79:7 80:6 | essentially(5) | 61:13 63:11 66:8 68:24 70:4 | false(10) | 46:19 46:24 47:12 47:14 47:18 50:1 54:1 54:6 54:18 56:18 |
| | | | | establish(1) | 39:23 | familiar(2) | 14:25 18:25 |
| difference(3) | 26:21 79:21 79:22 | | | estate(12) | 4:20 4:23 8:10 9:8 23:23 23:24 24:6 26:23 30:24 37:12 37:13 69:22 | family(2) | 52:6 75:23 |
| different(4) | 33:7 44:10 49:5 52:8 | | | | | family's(1) | 63:4 |
| differently(2) | 36:9 36:10 | | | estates(1) | 68:21 | far(2) | 15:5 63:24 |
| difficult(5) | 18:13 18:19 19:1 19:2 57:19 | | | estimated(1) | 19:7 | fargo(1) | 5:12 |
| dilatory(2) | 49:6 50:16 | done(19) | 11:18 13:22 15:8 38:3 38:9 39:19 39:20 39:23 40:24 52:1 52:22 53:16 55:13 56:7 57:24 59:21 73:20 79:4 79:9 | even(12) | 11:25 18:13 19:2 25:18 26:25 37:24 38:14 49:13 50:6 50:14 71:9 76:25 | fault(2) | 3:8 41:18 |
| dime(1) | 29:25 | | | | | favor(3) | 29:12 31:1 50:15 |
| diminish(1) | 24:1 | | | event(2) | 14:20 70:13 | favors(1) | 67:19 |
| direct(2) | 56:5 75:1 | | | every(6) | 11:4 15:10 15:19 70:14 77:6 | february(2) | 9:23 64:12 |
| directed(5) | 23:17 41:1 43:25 51:7 53:9 | door(1) | 30:10 | everybody(2) | 51:1 52:17 | fee(49) | 2:25 5:21 5:22 5:24 6:1 6:4 6:14 6:14 6:15 6:16 7:15 7:24 8:3 9:18 10:7 10:21 10:24 11:11 11:15 11:25 12:3 12:22 13:4 13:7 13:13 13:23 14:6 14:6 14:7 14:11 14:13 14:19 14:20 14:21 15:1 15:2 16:9 16:10 16:24 16:24 16:25 22:13 26:25 27:1 27:12 27:19 29:5 30:9 48:5 |
| direction(2) | 44:15 58:10 | down(3) | 26:5 73:13 77:23 | everyone(2) | 11:1 19:21 | | |
| directly(1) | 65:16 | drafted(2) | 44:7 51:2 | everything(5) | 24:21 53:19 61:13 76:11 79:12 | | |
| disagree(3) | 37:6 39:9 40:16 | dropped(1) | 48:15 | | | | |
| disallowed(1) | 4:22 | dropping(1) | 57:24 | | | | |
| disbanded(1) | 64:11 | dubious(1) | 3:20 | evidence(4) | 22:21 22:22 25:2 26:1 | feel(1) | 51:12 |
| disclose(1) | 7:12 | due(3) | 41:17 59:4 65:24 | eviscerate(1) | 68:24 | fees(28) | 9:1 9:19 11:13 12:8 13:2 13:6 13:10 13:20 14:1 15:20 17:1 19:6 19:7 20:3 21:12 23:1 23:12 24:2 24:2 25:24 26:5 26:7 26:23 27:1 30:2 70:16 70:17 70:19 |
| disclosed(1) | 7:24 | during(5) | 5:1 23:1 47:16 64:19 70:2 | exactly(2) | 3:22 25:18 | | |
| disconnected(1) | 74:4 | duty(3) | 31:13 32:2 39:2 | examiner(13) | 2:25 6:16 6:16 7:15 7:24 8:3 9:19 10:7 13:13 26:25 27:1 27:12 29:5 | | |
| discount(4) | 10:9 10:11 10:16 10:17 | each(2) | 62:13 67:19 | excellent(1) | 12:16 | | |
| discovery(5) | 8:2 13:11 51:4 51:6 51:10 | earlier(2) | 36:13 37:25 | except(1) | 22:8 | | |
| discuss(6) | 37:8 41:1 60:3 62:13 66:2 70:7 | early(2) | 15:17 64:20 | excessive(1) | 31:24 | fell(1) | 7:16 |
| discussed(1) | 68:14 | easy(1) | 57:21 | excludes(1) | 24:10 | felt(5) | 11:24 20:10 20:11 27:25 78:23 |
| discussing(1) | 37:3 | economy(1) | 31:1 | excusable(2) | 69:17 71:8 | few(4) | 5:21 8:23 8:24 53:14 |
| discussion(4) | 28:2 28:5 37:9 59:25 | ecro(1) | 1:37 | excuse(2) | 22:19 67:11 | fiduciaries(1) | 31:12 |
| discussions(1) | 37:14 | ecstatic(2) | 40:3 40:6 | exercise(2) | 52:9 67:3 | fiduciary(2) | 11:16 32:1 |
| disfavors(1) | 19:11 | edward(2) | 1:31 33:2 | exhibit(1) | 53:22 | fifteen(1) | 62:2 |
| dismiss(10) | 33:5 33:9 33:16 33:19 34:13 43:1 60:1 60:14 60:17 60:19 | effect(1) | 79:23 | exist(2) | 45:11 54:15 | fifth(1) | 22:9 |
| | | effective(8) | 8:24 9:25 10:25 15:23 36:15 54:3 63:20 65:10 | existence(1) | 51:15 | fighting(2) | 74:17 77:13 |
| | | | | existing(1) | 12:25 | figure(1) | 5:13 |
| dismissed(2) | 33:11 80:23 | | | exists(2) | 47:22 78:13 | figured(1) | 73:10 |
| disparate(1) | 29:21 | effectively(3) | 15:8 35:24 39:15 | expand(4) | 7:1 7:8 14:16 15:1 | file(26) | 3:24 8:16 35:12 35:21 36:21 37:20 42:10 51:19 56:7 57:8 57:20 58:12 58:23 61:19 64:12 64:18 65:7 67:9 68:13 71:5 71:8 71:9 75:16 76:1 76:21 78:16 |
| dispute(1) | 44:3 | effectiveness(1) | 15:15 | expanded(1) | 15:3 | | |
| disregard(1) | 56:2 | efficient(1) | 11:3 | expansion(2) | 14:19 14:25 | | |
| disregarded(2) | 48:9 50:2 | efficiently(1) | 9:11 | expansions(1) | 13:4 | | |
| dissatisfied(1) | 39:17 | effort(1) | 15:21 | expect(1) | 50:21 | | |
| distasteful(1) | 11:13 | efforts(3) | 7:22 18:11 26:2 | expected(4) | 9:25 39:13 41:20 42:2 | | |
| distinguish(1) | 28:20 | egregious(1) | 50:6 | expend(1) | 70:16 | filed(58) | 5:14 5:19 6:1 7:13 8:1 15:1 17:15 18:14 33:12 34:17 34:22 35:3 35:14 37:18 39:1 39:16 41:10 53:6 53:15 55:4 55:4 55:12 55:14 55:16 57:15 59:10 59:23 62:10 63:17 64:6 64:7 64:17 65:2 65:5 65:14 65:25 66:12 66:19 67:5 67:22 68:9 69:1 69:2 69:14 69:25 70:13 71:2 72:22 74:7 76:15 76:23 77:15 77:16 78:18 79:3 79:7 79:18 80:16 |
| distraction(1) | 70:17 | eileen(2) | 2:35 3:25 | expense(14) | 50:11 58:19 58:25 59:2 61:8 61:10 61:14 69:18 69:19 69:19 69:21 78:19 79:8 79:20 | | |
| distribution(22) | 34:25 35:8 35:16 35:22 36:3 38:6 38:13 39:13 39:18 40:4 40:5 40:10 41:23 42:2 42:8 42:24 53:13 55:15 55:21 69:12 70:20 70:22 | either(2) | 36:17 42:9 | | | | |
| | | elaborate(2) | 8:8 43:3 | | | | |
| | | electronic(2) | 1:45 81:5 | | | | |
| | | elevate(1) | 68:18 | | | | |
| | | else(14) | 6:3 51:1 52:17 55:25 77:25 80:21 70:5 73:7 73:10 73:22 74:8 74:20 75:1 76:7 76:16 77:9 | expenses(4) | 23:12 23:25 70:17 70:19 | | |
| | | | | explained(3) | 41:3 41:4 41:4 | | |
| distributions(5) | 35:18 38:8 41:22 42:6 68:16 | | | explanation(1) | 16:4 | | |
| | | | | expressed(2) | 6:14 57:12 | files(1) | 74:5 |
| district(1) | 1:2 | emc(15) | 63:15 63:19 63:20 63:25 64:1 70:5 73:7 73:10 73:22 74:8 74:20 75:1 76:7 76:16 77:9 | extension(1) | 75:2 | filing(13) | 9:7 19:8 19:9 50:10 50:14 62:11 63:1 64:23 67:17 67:24 68:12 76:21 79:13 |
| divorce(1) | 75:20 | | | extent(6) | 14:11 24:22 66:14 71:5 71:12 71:14 | | |
| dno(21) | 44:23 45:4 45:11 45:18 45:18 45:23 47:23 47:24 48:2 50:4 50:8 50:9 51:15 51:20 54:13 54:14 54:15 56:10 56:11 56:15 59:8 | | | | | | |
| | | employed(1) | 72:7 | | | | |
| | | employees(4) | 4:2 30:18 30:18 30:19 | extraordinary(4) | 19:17 19:18 22:5 22:5 | final(8) | 13:11 16:9 17:2 24:16 28:11 28:17 72:14 74:13 |
| | | employer(1) | 41:18 | face(1) | 27:2 | | |
| | | encompass(1) | 17:8 | facilitate(1) | 20:17 | | |
| docket(2) | 3:17 65:8 | end(2) | 39:10 39:14 | facilitates(1) | 18:2 | finally(7) | 26:22 48:10 51:4 52:7 66:18 68:19 70:7 |
| docketed(1) | 5:18 | ended(4) | 8:24 75:20 77:9 77:10 | fact(20) | 9:22 22:19 24:14 24:17 31:6 35:23 37:18 38:9 40:1 40:7 40:21 40:21 42:7 43:9 44:10 44:25 47:23 56:1 66:5 71:1 | | |
| document(2) | 7:12 54:12 | enforcement(2) | 49:7 52:11 | | | | |
| documentations(1) | 68:6 | engage(1) | 44:17 | | | | |
| documents(7) | 8:14 51:8 51:10 54:7 60:12 70:5 72:9 | engaged(2) | 23:14 44:2 | | | finance(1) | 76:24 |
| | | enough(1) | 49:12 | | | financial(1) | 52:4 |
| | | enter(1) | 66:24 | factor(2) | 68:19 69:17 | find(10) | 11:13 50:8 56:25 57:15 58:9 58:13 59:6 69:7 76:6 77:16 |
| does(18) | 4:7 5:7 10:14 10:15 25:2 35:20 45:22 47:8 54:9 57:25 63:19 66:18 66:20 67:8 67:10 67:12 70:13 72:24 | entered(5) | 4:17 11:14 64:1 65:1 78:17 | factors(5) | 20:13 50:14 66:19 67:18 67:19 | | |
| | | entire(2) | 26:19 26:20 | facts(7) | 11:19 42:24 43:8 66:20 69:22 78:13 79:19 | | |
| | | entirely(1) | 69:23 | | | finding(1) | 52:3 |
| | | entirety(1) | 24:7 | | | fine(4) | 6:7 33:19 49:12 73:8 |
| doesn't(6) | 8:18 43:20 60:12 65:22 71:8 76:25 | entities(2) | 65:4 67:8 | factual(4) | 43:2 43:12 45:9 52:3 | firm(4) | 6:19 19:23 19:24 20:4 |
| | | entitle(1) | 42:9 | factually(1) | 43:4 | firm's(1) | 23:15 |
| | | entitled(10) | 26:13 29:1 29:7 36:1 40:7 40:8 40:20 42:12 55:19 55:22 | fails(1) | 67:16 | first(27) | 10:22 11:25 13:7 15:2 21:20 32:16 32:19 35:1 37:1 45:3 46:9 46:13 46:20 47:22 62:16 62:18 62:19 66:10 66:23 67:20 67:22 72:18 72:20 72:24 72:25 75:25 77:2 |
| doing(7) | 8:9 8:13 20:1 21:23 44:2 75:17 75:17 | | | fair(2) | 38:18 39:4 | | |
| | | entitlement(1) | 26:11 | fairly(1) | 9:25 | | |
| | | entity(2) | 21:11 21:11 | faith(8) | 38:18 39:4 39:23 39:24 44:18 52:19 68:11 68:12 | | |
| | | entries(1) | 8:19 | | | | |
| | | entry(4) | 5:18 65:4 65:6 66:25 | | | | |
| | | envisioned(1) | 14:8 | fallen(1) | 78:23 | | |
| dollars(3) | 7:5 54:22 54:23 | equitable(2) | 71:12 71:23 | falls(1) | 68:3 | fit(1) | 60:3 |
| | | equity(2) | 29:14 75:1 | | | five(9) | 6:18 26:20 28:22 28:24 29:25 63:15 72:24 77:3 78:7 |
| | | error(1) | 68:12 | | | | |
| | | esq(6) | 1:24 1:31 1:32 2:5 2:12 2:19 | | | | |

| Word | Page:Line |
|------|-----------|
| **fixed**(6) 41:17 41:19 72:24 73:18 77:3 77: |
| **floodgates**(1) 69:10 |
| **floor**(1) 1:26 |
| **florida**(3) 34:12 42:20 52:3 |
| **fly**(1) 60:19 |
| **focused**(1) 69:3 |
| **following**(1) 9:21 |
| **for**(159) 1:2 1:22 2:4 2:11 2:18 2:25 2:27 |
| 2:29 2:35 2:37 3:4 3:8 3:9 3:12 3:16 4:2 |
| 4:23 5:4 5:19 6:10 6:11 7:2 7:5 8:2 8:16 |
| 9:7 10:24 11:4 12:19 14:7 14:10 14:19 |
| 14:25 15:12 16:8 16:9 18:10 19:15 20:3 |
| 20:5 20:19 21:10 21:12 21:16 23:11 23:17 |
| 24:3 25:4 26:2 26:9 27:4 28:19 29:13 |
| 29:15 30:4 30:7 30:9 31:16 32:4 33:11 |
| 34:1 35:9 35:21 36:20 36:24 36:24 36:24 |
| 37:4 37:10 37:15 37:17 37:21 38:3 39:16 |
| 39:16 39:22 40:21 41:12 42:6 42:9 42:10 |
| 42:12 44:5 45:1 45:14 46:1 47:21 48:3 |
| 48:5 49:1 49:17 49:18 49:22 50:13 50:17 |
| 51:9 51:11 51:13 51:13 51:14 53:1 53:9 |
| 53:14 54:16 54:22 54:23 56:17 57:9 57:9 |
| 57:13 57:19 58:12 58:16 58:20 58:23 |
| 58:24 58:25 59:2 59:13 61:10 61:14 62:10 |
| 62:11 63:12 63:17 65:25 66:3 66:8 66:19 |
| 66:22 67:17 68:4 68:5 68:7 69:17 69:18 |
| 69:19 70:21 71:4 71:6 71:13 72:14 72:17 |
| 72:23 72:25 73:17 75:10 75:19 76:3 77:4 |
| 77:20 78:9 78:20 79:13 79:16 79:20 79:25 |
| 80:11 80:21 |
| **force**(1) 11:24 |
| **foregoing**(1) 81:4 |
| **form**(9) 4:5 5:4 16:8 29:18 44:1 44:19 |
| 44:19 46:17 52:9 |
| **formed**(2) 30:5 64:9 |
| **forth**(3) 12:12 25:4 66:21 |
| **forward**(6) 6:5 12:8 27:20 28:2 60:13 |
| **fought**(1) 75:19 |
| **found**(2) 21:21 74:11 |
| **four**(5) 67:18 73:12 75:19 77:20 78:7 |
| **fourth**(2) 68:19 69:17 |
| **frankly**(6) 14:9 15:20 19:11 20:20 57:17 |
| 78:9 |
| **fraud**(5) 38:17 38:23 73:23 73:24 78:10 |
| **friday**(1) 17:15 |
| **from**(45) 8:10 8:14 8:15 8:17 9:9 9:14 |
| 9:21 21:1 23:5 27:22 27:22 28:1 28:21 |
| 33:2 34:12 36:17 37:13 37:18 38:25 40:18 |
| 42:20 52:18 53:21 53:24 54:21 60:15 62:1 |
| 63:5 63:8 65:14 67:1 69:20 70:1 72:1 |
| 72:10 73:7 73:10 74:16 75:5 75:15 75:22 |
| 76:4 77:4 77:15 81:5 |
| **front**(3) 33:19 34:15 75:10 |
| **full**(13) 4:22 31:2 36:5 39:1 53:7 53:11 |
| 53:15 55:4 55:5 55:13 55:14 58:7 60:18 |
| **fuller**(1) 35:5 |
| **fully**(2) 33:22 35:20 |
| **funded**(1) 70:10 |
| **funding**(2) 63:9 63:11 |
| **funds**(3) 48:10 55:6 55:7 |
| **further**(11) 22:25 56:6 61:23 65:11 66:2 |
| 66:5 66:11 67:1 68:13 78:4 78:18 |
| **game**(1) 31:15 |
| **garden**(1) 25:16 |
| **gave**(1) 45:21 |
| **general**(5) 35:24 57:14 64:17 64:24 77:17 |
| **gentleman**(1) 72:6 |
| **get**(34) 8:12 12:8 12:17 13:18 16:7 20:5 |
| 24:22 25:24 29:7 30:21 34:11 36:5 41:25 |
| 45:15 45:20 47:18 48:3 49:2 56:23 57:25 |
| 62:23 70:13 71:24 72:19 73:21 74:6 74:11 |
| 74:15 74:17 74:23 75:11 76:16 77:18 |
| 77:19 |
| **gets**(2) 51:1 59:10 |

| Word | Page:Line |
|------|-----------|
| **getting**(11) 23:21 30:3 31:17 44:1 49:21 |
| 51:1 52:17 60:15 72:3 76:10 77:10 |
| **gil**(10) 2:27 2:27 5:14 42:19 44:12 45:17 |
| 46:15 47:15 47:20 48:2 |
| **gilbert**(6) 2:11 2:11 5:23 6:11 9:5 16:9 |
| **give**(7) 35:20 39:2 48:10 54:23 59:18 |
| 62:23 70:2 |
| **given**(6) 9:11 43:14 44:13 46:15 69:8 79:7 |
| **gives**(3) 22:9 41:12 79:11 |
| **giving**(2) 41:9 69:22 |
| **goes**(2) 22:25 51:18 |
| **going**(42) 6:5 6:12 12:8 14:5 16:4 21:5 |
| 22:2 22:10 22:21 23:25 27:14 27:20 28:1 28:2 |
| 33:8 33:15 35:7 35:19 38:12 42:8 44:9 |
| 44:11 44:20 46:14 49:10 49:10 49:12 |
| 49:13 50:12 56:7 57:16 58:22 71:22 73:1 |
| 73:25 74:13 76:7 76:16 77:5 77:8 78:8 |
| 80:8 80:12 |
| **gone**(2) 10:25 46:7 |
| **good**(21) 3:7 3:10 9:16 17:13 27:12 27:13 |
| 33:1 33:1 38:18 39:3 42:17 42:18 44:17 |
| 52:9 62:8 68:11 68:12 71:19 71:20 76:2 |
| 80:21 |
| **got**(14) 20:18 25:13 25:14 25:14 31:10 |
| 37:20 41:19 46:20 55:13 73:24 74:11 76:9 |
| 76:19 80:5 |
| **gotten**(2) 42:6 77:21 |
| **grandfather's**(2) 71:25 74:17 |
| **grant**(2) 4:10 58:25 |
| **granted**(2) 18:9 60:20 |
| **granting**(1) 15:2 |
| **greecher**(41) 1:24 3:3 3:10 3:11 3:16 3:22 |
| 4:11 4:14 5:11 6:4 6:8 6:16 7:17 17:4 |
| 17:7 17:10 17:12 31:3 31:4 32:5 32:6 |
| 32:13 32:20 57:1 57:3 59:16 59:18 59:22 |
| 60:8 61:3 62:4 62:8 62:15 62:20 62:21 |
| 75:21 78:2 78:3 80:12 80:14 80:19 |
| **greecher's**(1) 59:21 |
| **group**(2) 11:23 13:20 |
| **grow**(15) 43:16 43:23 43:25 44:11 45:21 |
| 45:22 46:8 46:10 46:11 47:15 47:20 48:2 |
| 48:6 49:22 51:2 51:18 52:2 52:18 57:19 |
| **guidance**(2) 21:22 22:9 |
| **had**(62) 3:3 4:25 6:17 6:19 7:19 8:12 9:1 |
| 9:10 9:23 10:25 11:3 11:5 11:20 11:21 |
| 14:15 15:16 17:17 18:14 18:20 18:24 |
| 21:23 30:16 33:7 37:17 40:2 44:17 46:16 |
| 46:8 46:9 47:24 50:24 55:9 55:10 56:15 |
| 57:12 57:14 58:1 58:18 59:3 64:4 64:6 |
| 64:22 65:11 65:18 65:20 67:14 69:13 70: |
| 71:1 72:5 73:11 73:19 73:20 74:7 74:21 |
| 75:13 75:22 76:17 78:10 78:23 78:24 79:2 |
| **hadn't**(2) 59:25 78:25 |
| **hahn**(3) 1:30 21:2 33:2 |
| **half**(13) 9:7 40:5 48:8 48:8 49:1 49:17 |
| 49:23 50:17 50:22 51:9 51:14 53:1 77:21 |
| **hallway**(2) 48:12 52:16 |
| **hamp**(2) 77:10 77:11 |
| **hand**(2) 4:5 32:20 |
| **handed**(1) 48:16 |
| **handle**(3) 33:13 57:21 75:10 |
| **handled**(2) 49:6 49:16 |
| **handling**(1) 59:4 |
| **handshake**(1) 6:16 |
| **hanging**(1) 57:13 |
| **happen**(2) 35:9 58:3 |
| **happened**(9) 31:20 38:15 41:7 41:11 54:16 |
| 56:4 58:3 58:4 59:7 |
| **happy**(11) 17:21 27:2 27:3 35:16 38:20 |
| 39:12 40:18 44:9 52:4 53:12 62:16 |

| Word | Page:Line |
|------|-----------|
| **harmed**(1) 80:1 |
| **harrisburg**(1) 1:41 |
| **has**(39) 5:25 7:15 8:25 13:12 14:24 20:18 |
| 20:21 27:14 30:14 30:15 31:12 32:17 |
| 32:17 33:22 34:20 35:4 35:5 35:5 35:8 |
| 36:11 36:23 39:23 41:20 41:21 41:21 43: |
| 43:21 43:21 46:11 53:6 54:17 55:13 55:10 |
| 58:14 62:22 67:9 70:1 70:4 71:11 |
| **hasn't**(1) 13:15 |
| **have**(126) 4:1 4:4 4:5 4:7 4:17 5:3 6:13 |
| 6:14 7:9 7:10 8:3 8:5 8:14 8:18 8:22 |
| 11:18 12:22 13:12 14:17 15:10 15:18 |
| 15:20 16:8 17:1 18:10 20:14 20:20 21:9 |
| 21:12 21:13 21:17 22:9 22:17 23:19 24:18 |
| 25:21 25:22 25:23 26:5 29:7 30:15 30:16 |
| 30:17 30:18 30:19 31:13 32:11 33:24 |
| 34:11 35:14 36:14 37:7 41:17 42:6 42:7 |
| 43:18 43:19 44:12 44:12 44:16 45:23 46: |
| 46:7 46:16 47:6 47:10 47:11 47:23 47:25 |
| 49:3 50:5 50:5 51:10 51:17 51:20 52:2 |
| 52:8 52:15 52:21 53:18 54:25 56:3 56:7 |
| 56:8 56:17 59:3 60:15 60:18 60:25 61:4 |
| 62:17 63:6 65:8 68:9 69:8 69:13 69:20 |
| 70:22 70:24 71:8 73:16 73:18 74:2 74:12 |
| 74:13 74:15 75:15 75:19 75:24 76:1 76:1 |
| 76:25 77:13 77:23 78:3 78:8 78:11 78:12 |
| 78:15 79:9 79:13 80:5 80:6 80:12 80:16 |
| 80:17 |
| **haven't**(5) 14:12 21:21 44:4 46:11 60:16 |
| **having**(6) 5:5 8:16 8:24 14:7 14:8 18:4 |
| 37:13 39:16 46:21 49:21 |
| **he's**(19) 26:12 28:25 36:2 36:11 36:12 |
| 36:15 36:16 36:19 39:7 39:17 40:20 42:1 |
| 42:12 43:17 48:14 54:10 55:19 55:21 |
| 56:10 |
| **head**(3) 19:12 22:24 23:3 |
| **heads**(1) 12:7 |
| **hear**(2) 9:14 9:15 |
| **heard**(6) 4:8 5:7 8:25 14:12 27:9 76:13 |
| 20:1 34:3 35:4 39:1 39:9 39:10 41:1 53:7 |
| 53:8 53:9 55:12 55:20 57:11 64:25 81:1 |
| **hearings**(1) 49:18 |
| **heart**(1) 80:9 |
| **heavily**(1) 69:9 |
| **heavy**(1) 80:9 |
| **held**(2) 21:9 26:18 |
| **help**(8) 20:6 74:11 74:18 75:15 75:16 |
| 76:17 77:14 77:14 |
| **helped**(2) 19:21 20:16 |
| **helpful**(1) 30:8 |
| **her**(30) 7:22 48:5 56:16 57:2 63:1 64:12 |
| 64:17 65:12 65:13 65:12 65:20 66:4 66:5 |
| 66:11 67:14 67:21 67:21 67:24 68:4 68:9 |
| 68:16 68:17 68:21 69:1 69:22 69:23 69:2 |
| 70:5 71:10 75:1 |
| **hercules**(1) 2:20 |
| **here**(43) 5:3 6:11 11:2 12:15 16:8 17:25 |
| 23:7 23:20 25:16 30:14 31:20 31:24 34:13 |
| 34:21 38:22 38:24 39:20 41:14 41:24 |
| 42:20 43:15 43:17 46:3 46:5 48:12 48:14 |
| 48:23 49:13 50:1 50:20 50:24 52:15 52:21 |
| 56:21 60:6 60:17 60:25 67:4 69:22 77:14 |
| 78:15 78:20 80:6 |
| **here's**(2) 58:22 60:10 |
| **hessen**(1) 1:30 21:2 33:3 |
| **hey**(3) 47:22 50:8 51:19 |
| **hide**(1) 4:3 |
| **high**(1) 68:21 |
| **higher**(3) 40:10 41:19 76:8 |
| **highlighted**(1) 67:13 |

| Word | Page:Line |
|------|-----------|
| **him**(17) 28:13 28:14 36:3 40:14 41:9 |
| 44:16 45:23 46:10 46:14 47:22 48:1 48:3 |
| 48:21 54:18 54:23 72:9 76:19 |
| **himself**(1) 28:21 |
| **hindrance**(1) 68:5 |
| **hire**(1) 29:15 |
| **his**(51) 5:15 6:20 6:24 7:15 7:25 22:19 |
| 27:4 28:14 33:6 35:3 35:9 35:11 35:14 |
| 35:23 36:4 36:7 36:9 36:13 36:16 36:21 |
| 37:18 37:23 38:3 39:1 39:13 39:16 40:8 |
| 40:13 40:14 41:2 41:17 41:20 42:13 43:6 |
| 46:22 47:3 47:8 48:15 48:16 53:15 53:21 |
| 53:25 54:1 54:16 54:22 54:23 54:24 55:4 |
| 55:12 55:12 59:4 |
| **hoc**(1) 30:21 |
| **hold**(4) 41:9 49:1 60:2 73:4 |
| **holders**(1) 29:14 |
| **holding**(2) 34:19 55:10 |
| **holdings**(1) 1:8 |
| **home**(10) 1:7 33:6 53:24 55:9 56:13 63:5 |
| 63:9 63:10 63:16 64:3 70:10 70:12 72:5 |
| 72:5 72:7 72:12 72:19 72:21 73:7 73:20 |
| 73:25 74:4 74:13 74:16 74:22 74:24 75:24 |
| 75:24 76:12 77:18 |
| **honest**(2) 45:6 45:10 |
| **honor**(164) 3:3 3:10 3:13 3:25 4:14 5:11 |
| 6:10 9:5 9:16 9:18 10:4 11:6 11:8 11:10 |
| 12:13 12:20 13:3 13:24 14:2 14:23 14:24 |
| 16:6 17:5 17:13 17:15 18:25 21:1 21:3 |
| 21:4 21:21 21:23 22:6 22:12 22:23 23:4 |
| 23:19 25:3 25:8 25:10 27:1 27:11 27:21 28:8 |
| 28:12 28:24 29:2 31:4 32:6 32:25 33:4 |
| 33:7 33:20 34:2 34:4 34:17 34:17 35:17 |
| 35:20 36:3 36:13 36:20 36:23 37:6 38:1 |
| 38:6 38:19 39:8 39:15 39:19 40:1 40:15 |
| 40:21 40:25 41:7 41:11 41:13 42:3 42:15 |
| 42:17 43:3 43:15 43:25 44:8 44:23 44:24 |
| 45:5 45:6 45:12 45:21 45:25 46:2 46:4 |
| 46:18 46:24 47:1 47:14 47:18 48:11 48:22 |
| 48:24 48:25 49:3 49:6 49:14 49:15 49:19 |
| 49:24 50:1 50:2 50:4 50:7 50:12 50:15 |
| 50:19 50:23 51:3 51:7 51:11 51:21 51:23 |
| 51:25 52:5 52:7 52:11 52:15 52:21 52:25 |
| 53:3 53:5 53:6 53:9 53:20 54:8 55:7 |
| 55:11 55:24 56:2 56:3 56:5 56:5 56:8 |
| 56:11 56:18 56:19 57:5 59:18 59:20 61:2 |
| 61:6 61:8 61:11 61:14 61:15 61:16 61:25 |
| 62:4 62:8 62:21 63:15 67:17 71:1 71:3 |
| 78:3 80:14 80:25 |
| **honor's**(1) 55:2 |
| **honorable**(1) 1:17 42:24 52:24 |
| **hope**(3) 8:7 21:3 43:6 |
| **hopp**(1) 2:37 |
| **house**(5) 74:14 76:10 76:15 76:18 77:23 |
| **housing**(2) 63:6 72:4 |
| **how**(5) 36:7 38:10 45:20 49:5 49:16 |
| **however**(4) 27:24 31:11 58:6 64:25 |
| **huge**(1) 79:21 |
| **husband**(2) 63:2 71:25 |
| **i'd**(4) 8:19 51:19 59:16 60:22 |
| **i'll**(13) 4:10 5:9 6:22 9:15 12:17 15:9 |
| 43:3 53:5 57:25 60:23 61:1 62:14 78:6 |
| **i'm**(48) 3:7 3:23 6:11 10:2 12:8 12:15 |
| 13:17 14:5 16:4 17:21 21:5 27:2 27:3 |
| 30:3 30:13 31:5 33:15 34:6 34:9 38:20 |
| 42:20 43:6 45:16 45:16 46:5 46:6 46:19 |
| 47:8 48:23 49:9 49:10 49:11 50:12 51:9 |
| 57:1 58:22 60:18 61:13 62:16 65:18 69:6 |
| 69:25 75:17 75:17 77:11 77:12 77:22 |
| 80:12 |
| **i've**(17) 4:12 27:3 30:16 31:17 46:4 49:7 |
| 49:7 52:1 52:23 56:7 72:9 75:20 76:24 |
| 77:21 77:22 78:8 78:10 |
| **ideal**(1) 35:18 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**identifiable**(1) 4:4
**ignore**(1) 11:14
**ignored**(1) 18:15
**imagine**(4) 38:6 38:7 40:2 54:9
**immediately**(2) 44:16 73:14
**impasse**(12) 47:16 47:19 49:3 49:14 50:3 50:4 53:8 54:20 55:2 55:3 56:21 56:24
**impasses**(1) 49:16
**impediments**(2) 18:16 18:21
**implied**(2) 38:18 39:3
**importance**(1) 44:15
**important**(9) 8:10 17:23 19:22 20:10 43:17 44:23 45:2 48:23 50:19
**importantly**(1) 71:9
**impose**(2) 49:24 51:12
**imposed**(1) 8:21
**impressed**(1) 44:14
**impression**(2) 21:20 60:13
**improper**(1) 79:4
**inadvertence**(1) 57:23
**inappropriate**(1) 40:15
**inc**(1) 1:8
**incidental**(1) 23:18
**inclined**(2) 13:8 29:11
**include**(1) 15:3
**includes**(1) 5:15
**inconsistent**(3) 7:14 7:17 53:24
**incorrect**(1) 54:14
**increase**(6) 12:2 12:4 13:8 13:9 36:19
**increased**(1) 15:20
**incumbent**(3) 12:1 12:3 13:3
**incur**(1) 70:16
**incurred**(7) 13:10 13:20 15:21 19:6 19:7 23:1 31:25
**indeed**(1) 69:10
**indelicato**(16) 1:32 11:8 11:8 14:15 16:19 21:1 21:1 25:8 26:8 26:24 27:17 27:24 28:4 28:10 28:11 29:6
**indelicato's**(1) 25:25
**indicate**(7) 29:24 31:24 42:20 47:4 60:12 68:4 78:9
**indicated**(6) 22:12 27:21 57:5 64:4 66:1 68:1
**indicates**(1) 60:11
**individual**(4) 12:15 18:4 43:7 64:6
**individually**(3) 11:23 62:13 75:13
**individuals**(1) 26:21
**informal**(2) 37:23 38:2
**information**(7) 4:4 43:9 43:22 51:18 60:24 68:5 68:9
**initial**(3) 64:18 64:24 65:21
**initially**(3) 15:1 64:23 68:9
**input**(1) 7:2
**insistence**(1) 75:3
**inspection**(1) 74:13
**instance**(6) 22:6 29:17 30:23 31:9 31:16 79:12
**instances**(2) 23:23 23:24
**instant**(1) 65:25
**instead**(3) 18:4 34:22 73:13
**instructive**(1) 23:7
**insurance**(3) 51:20 54:13 73:1
**intend**(1) 17:20
**intent**(2) 22:24 33:4
**intention**(1) 50:24
**intentional**(1) 56:12
**intentionally**(1) 38:10
**interest**(10) 4:25 41:17 41:19 52:5 52:6 54:21 55:18 73:18 77:3 77:4
**interested**(1) 24:12

**interesting**(1) 28:18
**interests**(2) 24:13 29:14
**interim**(5) 11:25 15:2 16:12 16:25 27:19
**interpretation**(3) 22:3 52:10 67:3
**interpreting**(1) 22:2
**interrupt**(1) 70:11
**into**(18) 4:17 7:10 9:20 12:17 15:24 18:18 44:11 48:12 49:22 50:13 52:16 59:11 62:23 64:1 65:1 66:18 68:3 78:8
**invited**(1) 65:20
**involved**(2) 9:10 69:9
**involvement**(1) 62:24
**involves**(1) 6:24
**isn't**(4) 31:15 33:19 38:15 43:24
**issue**(25) 8:1 8:2 8:19 13:14 13:18 15:11 15:19 16:5 19:12 21:8 21:19 22:1 22:7 25:12 25:16 25:20 27:14 27:15 27:17 29:10 37:16 54:4 54:13 55:13 60:9
**issues**(31) 7:4 7:19 7:20 7:23 9:20 9:21 11:21 12:5 14:7 15:22 17:19 18:3 18:5 18:5 19:20 21:4 23:21 29:25 30:16 30:17 30:17 30:18 30:19 30:19 30:20 60:3 66:2 69:3 69:4 71:16 74:21
**it's**(70) 3:8 3:9 3:20 3:23 4:15 5:18 6:23 10:6 17:23 19:1 19:1 19:22 20:3 20:7 20:9 21:20 23:5 23:6 24:21 25:8 26:23 28:17 29:5 29:11 30:14 30:23 32:17 36:7 37:24 38:9 38:9 38:10 38:16 39:11 40:1 40:4 40:5 40:7 40:22 41:15 44:24 44:25 45:3 48:23 49:2 50:6 50:25 52:1 52:4 52:14 52:18 52:25 52:25 53:1 54:8 54:12 55:1 55:17 56:14 57:21 58:17 61:16 61:19 77:20 77:24 79:16 80:7 80:9
**item**(1) 62:9
**items**(1) 12:15
**its**(13) 12:9 14:14 22:17 22:24 22:24 23:3 23:15 23:16 23:17 24:6 34:9 60:20 63:16
**itself**(2) 22:21 70:11
**january**(3) 61:10 64:15 72:2
**jeff**(3) 46:22 46:24 47:2
**jeffrey**(2) 72:6 74:19
**job**(4) 12:16 23:20 23:21 24:3
**jointly**(1) 1:5
**judge**(13) 1:17 1:18 23:6 23:7 23:11 30:4 45:5 49:7 49:8 49:8 49:9 49:13 50:6
**judgment**(1) 31:15
**judicial**(1) 31:1
**july**(3) 10:25 72:9 72:10
**june**(4) 63:14 72:16 72:16 77:4
**just**(36) 3:16 5:12 9:18 11:5 12:7 13:17 13:17 14:23 14:24 15:9 16:6 16:24 19:23 23:5 27:19 28:11 28:12 28:24 30:2 32:3 32:16 34:1 39:17 40:12 41:13 55:11 57:23 57:25 61:17 62:23 70:7 71:14 77:20 80:10 80:14
**justice**(1) 50:20
**justify**(2) 14:13 58:16
**keep**(2) 12:7 15:21
**kept**(2) 16:2 77:5
**key**(1) 9:8
**kick**(1) 74:14
**kind**(4) 3:9 29:19 31:13 78:23
**knew**(1) 50:24

**know**(71) 9:22 9:24 14:18 14:23 15:5 15:15 15:17 15:17 15:25 16:1 17:24 19:1 19:14 19:15 19:18 20:2 20:7 20:8 20:9 20:18 20:21 25:15 26:1 26:4 26:8 26:9 26:11 26:12 26:13 26:22 26:23 28:22 34:11 40:7 42:4 42:5 43:11 43:13 43:20 44:24 45:2 45:12 45:14 45:20 46:6 47:6 49:24 50:5 50:12 51:4 51:15 51:16 51:17 51:19 51:21 52:1 52:18 52:24 53:14 53:22 61:6 64:20 67:11 69:5 72:19 75:14 75:16 75:17 77:6 80:10
**knowledge**(4) 43:8 43:19 58:18 67:21
**knows**(3) 18:8 63:15 67:17
**lack**(1) 78:9
**lady**(2) 73:21 74:5
**lag**(1) 69:24
**lamacchia**(41) 2:29 2:29 5:19 32:15 32:16 52:13 62:10 62:15 62:18 63:2 64:4 64:17 64:25 65:3 65:5 65:6 65:11 65:25 66:10 66:15 66:24 67:1 67:5 67:6 67:7 67:10 67:14 67:16 68:15 68:25 70:4 70:8 71:17 71:18 71:20 71:21 75:3 75:19 75:22 78:7 78:21
**lamacchia's**(10) 62:24 63:4 63:7 63:13 63:18 63:25 64:2 65:17 66:20 80:15
**land**(3) 71:24 71:25 74:17
**language**(2) 67:6 67:11
**large**(6) 30:14 30:16 31:18 35:8 57:18 70:15
**last**(19) 27:20 29:3 35:4 38:25 39:9 39:10 40:25 48:13 49:14 53:7 53:9 55:12 55:20 56:3 56:4 56:5 56:21 69:15 78:7
**lastly**(4) 39:15 40:12 41:13 55:11
**late**(38) 5:19 5:20 19:3 35:12 36:21 37:24 50:10 50:14 57:8 58:13 58:23 59:12 60:5 61:19 62:10 62:11 64:18 64:22 64:23 66:7 66:12 66:19 67:8 67:18 69:7 69:8 69:22 69:6 69:8 69:13 70:25 71:5 71:9 76:21 77:15 78:16
**lateness**(1) 37:17
**later**(5) 4:25 54:2 63:16 64:8 79:16
**laughter**(2) 3:19 32:12
**law**(13) 18:25 28:21 37:10 42:25 43:4 49:7 50:12 50:13 61:8 61:16 78:13 79:10 79:16
**laws**(1) 49:20
**lawsuit**(1) 74:25
**lawyer**(3) 29:15 74:9 74:18
**lawyers**(3) 21:15 29:24 77:22
**learn**(1) 40:19
**learned**(1) 64:5
**leasing**(1) 73:20
**least**(8) 13:9 14:18 21:21 22:1 22:13 35:25 48:17 78:25
**leave**(1) 24:16
**leaving**(1) 13:17
**lebron**(7) 21:24 22:9 24:9 24:20 25:19 25:19 25:20
**led**(1) 22:1
**left**(2) 47:6 57:13
**legal**(9) 6:6 22:7 29:19 42:23 43:2 70:16 70:17 70:18 75:14
**legally**(1) 43:4
**legitimate**(1) 34:22
**length**(2) 9:12 67:20
**leslie**(2) 1:37 32:8
**lesser**(1) 32:17
**let**(1) 9:14
**let's**(1) 34:12
**letter**(6) 53:20 53:22 53:25 54:2 73:5
**level**(1) 24:5
**liability**(1) 66:22

**lie**(3) 45:12 45:13 45:25
**lied**(2) 48:1 52:5
**lies**(2) 39:24 46:1
**lift**(1) 9:13
**lightly**(1) 51:22
**like**(21) 8:19 23:5 30:20 42:9 45:12 46:2 49:2 49:17 49:19 50:7 51:19 52:17 52:22 60:21 60:22 62:1 73:16 77:24 78:8 79:23 80:1
**likelihood**(1) 61:1
**likely**(1) 6:6
**limited**(2) 11:15 67:8
**linehan**(1) 52:24
**liquidating**(5) 11:9 21:2 22:14 31:12 33:3
**listed**(3) 6:23 49:5 50:1
**listen**(2) 48:3 49:10
**literal**(1) 22:3
**literally**(1) 57:19
**litigants**(2) 49:19 50:20
**litigation**(2) 70:15 70:21
**little**(4) 64:16 71:22 80:4 80:5
**llp**(6) 1:23 1:30 2:11 2:11 2:18 6:11
**loan**(34) 41:19 53:23 54:3 54:4 55:8 63:8 63:11 63:12 63:13 63:18 63:23 63:25 64:1 64:12 69:23 69:25 70:5 70:9 71:24 72:8 72:10 72:11 72:12 72:16 72:16 73:5 73:11 73:12 73:16 74:2 74:3 74:16 76:17 77:18
**local**(1) 34:1
**locked**(1) 55:1
**locking**(1) 55:18
**long**(2) 44:9 74:19
**longer**(1) 65:23
**look**(18) 10:21 13:24 20:12 20:13 21:23 22:15 22:15 24:2 24:3 24:3 24:4 26:25 28:3 28:5 31:13 56:19 79:10 80:6
**looked**(3) 24:8 50:14 78:8
**looking**(9) 7:9 16:24 17:22 22:14 26:23 28:6 47:21 48:3 58:12
**looks**(3) 13:23 24:20 26:4
**lot**(8) 13:20 20:19 23:4 26:1 38:7 40:2 79:15 79:25
**lots**(1) 11:3
**low**(1) 7:7
**lumped**(1) 9:20
**lying**(2) 51:15 54:10
**m.j**(2) 2:25 27:11
**ma'am**(2) 75:18 78:2
**macauley**(30) 2:5 6:9 6:11 9:14 9:16 9:17 10:4 10:6 10:10 10:18 10:19 10:21 13:15 14:23 15:5 15:8 15:15 16:23 17:12 17:13 17:14 17:19 18:24 20:24 24:14 25:10 25:11 27:7 28:19 29:4
**macauley's**(1) 24:24
**machine**(1) 47:7
**made**(17) 11:11 13:12 21:11 34:24 38:2 39:10 41:22 42:23 43:10 47:7 48:13 48:13 59:8 61:6 65:18 71:4 72:20
**madison**(1) 1:33
**magistrate**(2) 49:9 49:10
**mail**(4) 72:20 73:5 73:9 74:8
**mailing**(1) 68:1
**mainly**(2) 68:12 69:3
**major**(1) 13:10
**make**(8) 17:16 28:13 31:14 45:9 54:8 65:20 76:3 80:20
**makes**(6) 19:1 26:8 36:2 37:23 39:15
**making**(1) 8:11
**manner**(3) 24:10 40:15 70:23
**manufactured**(2) 63:5 72:3
**many**(1) 79:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **march**(7) 48:12 50:23 53:22 57:11 57:6 64:1 65:7 | | **monitoring**(1) 9:7 | | **next**(7) 4:14 5:11 16:4 17:7 17:10 38:14 62:3 | | **occupancy**(1) 74:12 | |
| | | **month**(3) 74:10 76:5 77:6 | | | | **occurred**(5) 37:1 43:22 69:22 70:4 79:11 | |
| **margaret**(2) 1:24 3:11 | | **months**(7) 8:23 8:24 9:3 16:1 67:23 74:15 76:11 | | **nobody**(1) 77:18 | | **october**(4) 64:5 64:10 64:21 77:17 | |
| **mark**(3) 1:32 11:8 21:1 | | | | **non-debtor**(1) 63:8 | | **odds**(1) 20:8 | |
| **market**(3) 1:10 2:6 2:21 | | **moot**(1) 60:8 | | **none**(2) 38:22 50:15 | | **off**(4) 3:13 60:2 76:3 77:21 | |
| **match**(2) 72:24 76:25 | | **mooted**(1) 60:19 | | **nor**(1) 58:8 | | **offense**(1) 21:15 | |
| **matter**(32) 3:17 3:23 3:25 4:15 4:15 9:22 17:7 18:12 27:12 30:1 35:23 42:20 43:8 43:20 45:5 51:10 51:16 52:8 52:13 52:21 55:1 57:12 57:13 60:21 61:24 62:3 62:9 66:13 66:23 67:22 70:13 81:6 | | **morning**(15) 3:9 3:10 6:17 6:20 9:16 17:13 27:12 27:13 32:25 33:1 42:17 42:18 62:8 71:19 71:20 | | **north**(4) 2:21 75:8 77:10 77:11 | | **offer**(7) 36:4 36:7 50:25 65:13 65:21 65:21 65:22 | |
| | | | | **not**(150) 5:4 7:4 7:8 7:23 10:14 10:15 12:15 13:14 13:18 15:17 16:15 17:9 18:9 20:3 20:7 21:5 21:25 24:5 24:21 25:18 26:25 28:2 28:3 28:4 28:6 28:13 28:25 29:18 29:18 29:21 30:13 30:23 31:9 31:18 31:25 32:14 33:10 33:15 34:6 34:8 34:9 34:21 34:23 35:7 35:15 35:19 35:20 36:8 36:12 36:15 37:10 37:13 38:2 38:9 38:9 39:7 39:11 39:12 39:18 39:23 40:3 40:5 40:6 40:16 40:17 40:17 40:18 40:22 41:5 41:14 41:18 42:8 42:9 43:14 44:6 44:6 44:24 45:2 45:3 45:4 45:5 46:12 47:4 47:5 47:13 48:7 48:14 48:23 48:25 49:9 49:16 50:5 50:12 50:17 50:22 50:25 51:1 51:2 51:6 51:7 51:14 51:16 52:14 52:17 52:25 53:1 53:2 53:12 54:22 55:21 56:3 56:8 56:21 57:21 59:3 60:20 64:6 65:8 65:11 66:2 66:15 67:10 68:1 68:7 68:8 68:13 69:6 69:7 69:15 70:13 71:4 71:10 72:24 73:11 73:17 74:2 74:12 74:13 74:16 74:24 75:13 75:14 76:1 76:1 77:9 77:12 77:14 77:21 80:16 80:17 | | **offered**(1) 36:3 | |
| **matters**(7) 5:12 13:9 13:21 22:16 28:1 62:16 70:21 | | **mortgage**(16) 1:7 53:24 56:13 63:10 63:16 64:3 70:10 72:5 72:5 72:7 72:7 72:19 72:21 74:21 74:22 76:4 76:4 | | | | **offers**(2) 65:18 65:20 | |
| | | | | | | **office**(2) 46:22 52:3 | |
| **may**(14) 1:13 3:1 4:11 14:10 27:9 29:21 30:15 46:5 53:23 54:3 59:20 64:23 80:5 81:9 | | **mortgage's**(1) 75:2 | | | | **officer**(4) 72:8 72:10 74:3 77:18 | |
| | | **most**(3) 8:9 31:8 31:9 | | | | **official**(1) 23:9 | |
| | | **mostly**(1) 7:4 | | | | **often**(1) 30:21 | |
| **maybe**(3) 23:23 23:24 34:10 | | **motion**(66) 3:24 4:10 5:17 7:12 7:15 8:2 12:18 13:11 13:16 14:1 14:25 15:1 19:5 19:8 19:9 22:20 24:4 24:18 24:25 24:25 25:5 31:2 31:2 31:7 31:11 32:1 32:4 33:5 33:9 33:16 33:19 34:13 35:12 36:21 36:24 36:24 39:15 42:10 42:10 42:13 42:23 43:1 56:7 57:8 57:9 57:9 58:12 58:23 58:24 58:25 59:6 59:9 59:13 59:13 59:14 60:1 60:14 60:16 60:19 64:7 64:18 66:20 70:25 78:20 80:7 | | | | **okay**(25) 5:7 6:3 9:14 10:8 10:12 14:5 17:4 17:19 20:24 25:7 29:3 32:10 32:22 33:20 42:14 57:4 57:6 61:19 61:19 61:21 61:22 62:1 62:5 62:21 78:5 | |
| **maynard**(1) 75:7 | | | | | | | |
| **mccauley**(2) 22:4 22:17 | | | | | | **ombudsman**(1) 15:24 | |
| **mcneill**(1) 2:19 | | | | **note**(6) 3:17 19:23 72:23 75:4 76:25 77:2 | | **omissions**(1) 46:6 | |
| **mean**(23) 9:22 10:25 12:16 15:9 15:9 15:11 15:25 17:22 18:8 19:9 19:12 20:12 24:22 25:12 26:23 33:15 57:14 57:19 57:25 58:2 63:19 77:21 79:2 79:15 | | | | **noted**(1) 67:2 | | **omnibus**(4) 4:3 4:16 42:22 43:1 | |
| | | | | **noteholders**(8) 23:8 23:8 23:11 23:15 26:17 26:18 26:18 30:20 | | **once**(4) 15:7 22:25 63:9 66:3 | |
| | | | | | | **one**(41) 4:24 5:18 5:19 5:20 6:14 6:23 7:20 13:19 13:20 14:18 16:24 18:20 19:14 22:15 25:14 25:14 25:18 25:20 27:22 28:11 29:10 31:5 37:25 38:20 38:20 40:3 40:3 41:23 44:12 49:8 49:15 59:19 62:10 64:21 75:7 75:8 76:18 78:12 78:15 79:22 80:14 | |
| **means**(2) 29:18 29:19 | | **motions**(24) 5:14 5:18 5:18 6:12 9:8 32:14 32:16 33:6 33:12 33:18 34:14 34:17 35:1 40:13 41:13 41:25 57:7 60:6 62:10 62:22 65:25 66:3 80:8 80:12 | | | | | |
| **meant**(1) 29:13 | | | | | | | |
| **mediator**(1) 52:24 | | | | **notes**(1) 26:19 | | | |
| **meet**(2) 67:16 68:2 | | | | **nothing**(16) 31:24 35:8 39:19 39:20 40:24 41:11 53:24 54:1 54:6 54:17 54:18 55:9 55:10 55:10 58:14 78:3 | | **ongoing**(1) 58:9 | |
| **meetings**(1) 40:16 | | | | | | | |
| **member**(3) 7:20 64:10 69:2 | | **movant**(1) 62:15 | | | | **only**(18) 6:5 6:6 13:15 15:22 21:22 24:15 28:17 28:21 28:25 29:4 34:23 35:4 38:2 41:23 42:12 50:6 54:8 80:1 | |
| **members**(2) 6:25 7:6 | | **movants**(11) 17:25 18:10 18:19 18:20 18:24 19:5 19:24 20:5 20:14 20:15 20:16 | | **nothing's**(1) 35:2 | | | |
| **memo**(1) 43:4 | | | | **notice**(11) 4:1 37:17 37:19 59:25 63:21 65:10 66:17 67:25 69:3 69:9 80:4 | | | |
| **memorandum**(1) 42:25 | | **movant's**(1) 18:12 | | | | **open**(2) 26:3 69:10 | |
| **mention**(2) 45:14 55:11 | | **moving**(2) 12:8 65:23 | | | | **opening**(1) 30:10 | |
| **mentioned**(4) 31:17 43:17 48:20 64:19 | | **mta**(1) 77:3 | | **noticeably**(4) 19:12 43:15 44:21 44:22 | | **oppose**(2) 19:5 31:23 | |
| **mentioning**(1) 40:13 | | **much**(6) 28:2 45:20 57:4 58:20 71:1 80:1 | | **now**(17) 8:13 9:3 10:3 19:4 30:3 35:4 35:5 36:12 48:22 49:18 56:20 60:3 74:23 77:23 79:1 79:13 79:21 | | **opposed**(1) 7:13 | |
| **mere**(2) 22:19 37:9 | | **murin**(1) 1:37 | | | | **opposing**(2) 31:11 36:9 | |
| **merely**(1) 23:18 | | **must**(5) 14:2 21:10 39:22 69:20 69:21 | | | | **opposite**(1) 47:9 | |
| **merican**(1) 1:7 | | **myself**(4) 41:2 43:22 43:25 49:19 | | | | **opposition**(2) 32:1 42:21 | |
| **meritless**(1) 51:25 | | | | | | **option**(2) 38:9 73:12 | |
| **meritorious**(1) 41:15 | | **name**(5) 42:19 43:6 46:22 48:15 71:20 | | **nowhere**(3) 47:7 77:24 80:6 | | **oral**(3) 33:25 34:8 60:15 | |
| **merits**(6) 30:3 34:10 60:13 60:20 61:20 61:20 | | **narrow**(1) 14:9 | | **number**(8) 7:4 17:2 29:10 32:16 45:6 73:15 74:3 77:1 | | **order**(49) 4:5 4:13 5:4 5:13 11:14 16:8 25:24 31:3 32:5 36:7 39:21 44:2 44:7 44:19 44:19 46:17 46:21 48:24 49:17 49:21 50:18 51:7 51:14 52:9 52:11 52:14 52:19 56:2 56:8 56:9 57:22 58:12 58:23 59:9 59:17 65:2 65:4 65:6 65:6 66:4 66:5 66:12 66:15 66:24 66:25 67:2 67:7 67:18 78:24 80:13 | |
| | | **nasty**(1) 79:25 | | | | | |
| **mess**(1) 77:11 | | **nathan**(13) 43:16 43:23 44:11 45:21 45:22 46:8 46:9 47:20 48:2 51:2 51:18 52:2 52:18 | | **numbers**(2) 16:7 16:9 | | | |
| **messages**(1) 47:6 | | | | **numerous**(1) 52:2 | | | |
| **met**(4) 22:23 23:1 51:12 51:13 | | | | **obeying**(1) 50:17 | | | |
| **middle**(1) 26:15 | | **nearby**(1) 63:4 | | **objected**(4) 4:3 6:17 6:19 62:22 | | | |
| **might**(2) 20:9 34:12 | | **necessarily**(2) 21:5 26:12 | | **objection**(16) 4:16 7:15 7:25 11:18 12:24 13:10 14:22 19:16 27:4 42:22 43:16 62:10 65:9 65:24 67:2 80:16 | | **ordered**(1) 58:1 | |
| **mile**(1) 75:7 | | **necessary**(4) 5:3 9:8 20:11 69:21 | | | | **orders**(4) 12:21 12:25 48:22 48:25 | |
| **million**(1) 26:18 | | **need**(13) 11:12 11:24 14:16 21:5 22:14 22:15 22:23 25:2 60:24 71:15 73:22 74:1 75:11 | | | | **original**(3) 27:18 35:3 43:10 | |
| **mindful**(1) 14:2 | | | | **objections**(7) 4:1 4:3 6:20 11:13 12:11 33:12 43:2 | | **originally**(1) 64:9 | |
| **minimal**(2) 11:2 12:14 | | | | | | **originated**(2) 69:23 74:22 | |
| **minimum**(2) 15:22 16:2 | | **needed**(2) 15:22 38:25 | | | | **oshinsky**(1) 5:23 | |
| **minus**(1) 16:9 | | **needs**(3) 13:19 13:24 63:21 | | | | **other**(33) 5:20 6:15 14:10 20:14 21:14 22:11 22:22 23:18 24:11 25:15 31:5 31:12 33:18 34:25 36:18 40:10 40:11 45:8 48:13 52:22 52:23 55:15 55:22 62:11 65:5 67:4 69:4 69:10 69:11 70:18 70:19 70:21 75:15 | |
| **minute**(3) 48:11 57:25 73:4 | | **negative**(2) 73:16 75:1 | | **objects**(1) 66:8 | | | |
| **minutes**(1) 62:2 | | **neglect**(2) 69:17 71:8 | | **obligation**(7) 12:23 39:6 39:7 50:5 51:17 57:22 58:9 | | | |
| **misconduct**(5) 49:6 49:25 50:17 53:17 56:12 | | **negligent**(2) 38:17 38:23 | | | | | |
| | | **negotiate**(3) 39:25 44:1 58:10 | | | | | |
| **misfeasance**(1) 59:4 | | **negotiated**(1) 52:8 | | **obligations**(1) 21:17 | | | |
| **misrepresentation**(2) 38:17 38:23 | | **negotiating**(2) 48:21 50:24 | | **obtain**(1) 19:19 | | **our**(38) 6:13 6:18 7:1 7:9 7:17 8:8 9:1 9:5 9:9 9:10 9:19 10:21 11:3 12:13 13:10 14:25 15:2 20:21 22:10 25:4 25:17 26:25 28:14 29:24 33:11 35:13 37:16 38:2 41:14 53:19 65:21 67:2 72:11 72:18 72:20 72:25 73:5 73:7 | |
| **misrepresentation**(1) 43:3 | | **negotiation**(1) 54:19 | | **obtained**(2) 17:25 63:8 | | | |
| **misstatements**(1) 43:12 | | **negotiations**(10) 23:16 44:2 44:9 44:18 47:16 47:20 48:5 56:23 56:24 65:1 | | **obtaining**(1) 23:17 | | | |
| **mistake**(1) 45:13 | | | | **obvious**(1) 37:18 | | | |
| **modification**(5) 64:1 70:6 77:10 77:12 77:12 | | | | **obviously**(11) 13:1 19:23 19:24 30:5 35:17 40:4 42:7 59:23 60:2 79:15 80:20 | | | |
| | | **neibert**(2) 48:15 48:15 | | | | | |
| **modified**(2) 76:17 76:18 | | **nets**(1) 31:8 | | | | **out**(29) 3:4 5:13 13:18 17:6 29:14 31:8 38:11 44:8 44:13 44:14 46:16 47:25 48:12 48:18 50:9 52:2 52:16 57:13 59:24 73:11 73:20 74:5 74:11 74:14 74:24 76:4 76:11 77:17 77:22 | |
| **modify**(1) 76:19 | | **never**(5) 37:8 46:24 47:19 50:4 54:14 | | | | | |
| **mom**(1) 76:2 | | **nevertheless**(1) 19:13 | | **occasion**(3) 14:18 47:22 48:1 | | | |
| **moment**(3) 3:4 32:7 59:19 | | **new**(2) 1:34 2:13 | | **occasions**(2) 46:23 47:21 | | | |
| **money**(7) 9:20 16:15 31:7 31:8 31:9 31:23 77:22 | | **newly**(1) 64:9 | | | | **outright**(1) 45:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **outside**(4) 28:15 41:1 50:7 53:10 | | **plan**(42) 1:22 3:11 3:23 5:2 7:14 7:18 | | **professed**(2) 14:16 43:19 | | **reasons**(7) 25:4 27:5 36:25 51:11 58:20 | |
| **over**(11) 6:8 16:1 16:10 32:20 51:22 57:13 | | 8:23 9:25 10:25 15:12 15:23 17:20 18:3 | | **professional**(3) 31:15 41:3 45:8 | | 66:9 71:7 | |
| 57:20 64:16 67:22 67:23 78:7 | | 18:5 18:16 18:14 18:15 18:18 18:20 19:3 | | **professionals**(2) 31:11 79:3 | | | |
| | | 19:16 20:18 29:6 30:22 62:21 63:24 65:1 | | **prohibits**(1) 66:25 | | **recall**(5) 12:11 18:14 19:13 35:3 38:25 | |
| **overall**(1) 13:23 | | 65:14 65:15 65:15 65:19 65:22 66:8 67:12 | | **promissory**(1) 75:4 | | **recalls**(2) 40:25 41:7 | |
| **overcome**(1) 18:25 | | 69:13 70:12 70:16 71:4 71:16 73:12 78:16 | | **promptly**(1) 18:15 | | **receive**(12) 34:25 35:7 35:16 37:13 38:12 | |
| **overturning**(1) 14:14 | | 80:17 | | **proof**(16) 35:12 36:12 36:13 36:21 37:24 | | 40:19 41:22 42:8 53:13 55:21 67:25 69:9 | |
| **own**(9) 13:6 14:14 24:13 24:24 29:24 34:3 | | | | 38:3 38:3 45:17 57:8 58:5 58:10 58:13 | | | |
| 52:7 52:13 69:1 | | **plaza**(1) 2:20 | | 58:23 59:12 76:21 78:16 | | **received**(10) 4:1 37:20 42:11 64:12 64:13 | |
| | | **pleading**(1) 67:22 | | | | 66:17 73:4 73:5 73:9 74:8 | |
| **owners**(1) 63:2 | | **pleadings**(5) 21:6 22:17 64:2 64:6 68:10 | | **proofs**(1) 57:20 | | | |
| **p.o**(1) 2:7 | | **please**(6) 3:5 3:10 32:19 51:24 56:19 62:7 | | **proper**(1) 14:16 | | **recently**(2) 5:16 53:23 | |
| **page**(2) 3:22 3:23 | | **point**(17) 8:3 24:16 26:8 28:11 28:17 29:4 | | **property**(7) 4:20 4:24 5:1 63:3 63:6 63:10 | | **recess**(1) 62:5 | |
| **paid**(6) 16:16 30:22 31:17 59:10 73:2 76:3 | | 29:9 29:20 34:13 36:2 40:3 48:19 51:22 | | 63:12 | | **reconsider**(1) 61:7 | |
| **painfully**(1) 79:22 | | 54:8 58:8 65:22 80:14 | | | | **record**(1) 57:12 | |
| **paper**(2) 11:4 73:4 | | | | **proposed**(5) 4:5 5:4 16:8 44:1 44:19 | | **recorded**(1) 1:45 | |
| **papers**(36) 11:3 12:13 17:21 22:10 25:4 | | **pointed**(1) 52:2 | | **proposing**(1) 36:8 | | **recording**(2) 1:45 81:5 | |
| 37:16 37:25 38:19 42:21 42:24 43:11 | | **points**(1) 26:16 | | **proskauer**(3) 23:10 23:14 26:16 | | **reduce**(2) 9:19 17:1 | |
| 43:12 43:17 44:25 45:1 45:14 46:4 46:18 | | **policies**(18) 44:23 45:4 45:11 45:19 45:24 | | **proskauer's**(1) 23:11 | | **refer**(1) 34:14 | |
| 46:20 46:25 47:4 47:12 47:15 48:10 49:5 | | 47:23 48:2 50:4 50:8 50:9 51:15 51:21 | | **protecting**(1) 23:14 | | **references**(2) 19:16 53:20 | |
| 50:2 52:7 52:12 52:13 53:21 56:20 56:22 | | 54:15 56:10 56:11 56:15 56:17 59:8 | | **protections**(1) 20:19 | | **referencing**(1) 40:13 | |
| 57:2 60:23 61:2 68:4 | | | | **provide**(8) 22:3 40:9 51:17 59:15 67:8 | | **refinanced**(1) 63:11 | |
| | | **policy**(3) 30:1 31:1 47:24 | | 67:10 68:17 79:8 | | **reflect**(1) 10:15 | |
| **parcel**(1) 67:13 | | **portion**(1) 16:25 | | | | **reflection**(1) 56:4 | |
| **pared**(1) 26:5 | | **position**(3) 49:11 60:17 60:18 | | **provided**(10) 15:12 24:19 28:22 45:17 | | **reflects**(2) 10:8 10:10 | |
| **part**(10) 7:10 53:23 54:4 56:12 58:25 | | **post**(3) 18:5 36:15 36:15 | | 63:22 65:19 66:4 68:9 69:12 78:18 | | **refusal**(1) 39:25 | |
| 59:14 63:7 67:13 70:20 72:13 | | **post-petition**(4) 37:2 37:4 38:16 69:20 | | | | **refused**(1) 66:3 | |
| | | **potential**(1) 68:16 | | **provides**(6) 4:21 4:22 66:5 66:21 67:24 | | **regard**(1) 12:21 | |
| **partially**(1) 78:25 | | **potter**(1) 2:18 | | 69:17 | | **regarding**(4) 47:2 49:20 65:12 65:12 | |
| **participating**(2) 29:22 69:1 | | **ppearances**(2) 1:20 2:1 | | | | **regardless**(2) 59:10 70:3 | |
| **participation**(1) 23:15 | | **pre**(2) 41:20 67:14 | | **providing**(1) 11:24 | | **regards**(3) 43:8 47:19 50:10 | |
| **particular**(4) 20:11 23:2 29:16 31:16 | | **pre-petition**(10) 41:16 41:21 45:24 55:1 | | **provision**(2) 21:13 29:13 | | **regulation**(1) 52:4 | |
| **particularized**(1) 24:19 | | 55:8 55:17 66:21 69:23 69:24 79:17 | | **provisions**(1) 7:14 | | **reimbursemen**(2) 23:12 24:10 | |
| **particularly**(2) 39:3 54:9 | | | | **public**(2) 30:1 30:25 | | **reiterate**(1) 21:5 | |
| **parties**(11) 4:17 5:6 23:18 24:12 24:22 | | **pre-trial**(4) 5:15 13:16 60:11 60:14 | | **pulled**(1) 72:9 | | **reject**(1) 42:25 | |
| 29:13 35:25 37:2 37:3 38:25 58:2 | | **preceded**(1) 27:18 | | **purchase**(2) 63:5 63:7 | | **relate**(2) 13:21 68:7 | |
| | | **prefer**(3) 32:18 62:13 62:17 | | **purchased**(1) 71:25 | | **related**(6) 7:20 23:16 23:22 27:25 57:7 | |
| **party**(1) 63:8 | | **preference**(1) 33:7 | | **purposes**(3) 14:10 30:7 79:16 | | 60:11 | |
| **paused**(1) 59:22 | | **prejudice**(2) 68:20 68:20 | | **pursuant**(2) 4:18 69:13 | | | |
| **pay**(3) 16:15 29:19 70:19 | | **preparation**(1) 10:24 | | **pursue**(1) 68:22 | | **relates**(2) 54:24 60:4 | |
| **paying**(1) 76:5 | | **prepared**(3) 34:9 38:20 54:23 | | **pursued**(1) 7:5 | | **relating**(3) 18:3 18:6 54:25 | |
| **payment**(11) 72:18 72:20 72:20 72:24 | | **prepayment**(1) 77:23 | | **put**(4) 3:25 15:24 20:8 46:7 | | **relative**(1) 51:8 | |
| 73:7 73:12 76:4 76:4 77:3 77:24 79:23 | | **prerogative**(1) 13:1 | | **puts**(1) 31:20 | | **released**(1) 63:19 | |
| | | **presented**(1) 35:22 | | **qualify**(1) 69:19 | | **relevant**(5) 45:3 45:4 51:16 53:2 53:2 | |
| **payments**(4) 72:25 76:7 77:1 77:1 | | **presents**(1) 43:9 | | **question**(5) 9:3 21:18 30:25 57:24 79:14 | | **relief**(8) 8:16 18:8 18:10 22:5 26:6 56:6 | |
| **penalty**(1) 77:23 | | **preservation**(1) 8:9 | | **questions**(8) 4:5 4:7 8:18 11:21 17:21 | | 59:5 59:16 | |
| **pennsylvania**(1) 1:41 | | **preserve**(2) 9:8 69:21 | | 20:22 27:3 27:4 | | | |
| **pensioners**(1) 30:17 | | **pretty**(3) 26:23 27:2 58:20 | | | | **remained**(1) 64:10 | |
| **people**(3) 32:11 78:7 80:1 | | **prevented**(1) 8:14 | | **quite**(2) 47:9 78:11 | | **remaining**(3) 5:21 32:13 62:9 | |
| **percent**(15) 19:7 19:8 24:24 24:25 25:2 | | **previous**(3) 45:24 57:11 68:23 | | **raise**(3) 12:15 12:24 28:17 | | **remedy**(1) 22:5 | |
| 36:3 36:6 40:4 40:5 40:19 42:2 43:24 | | **previously**(10) 19:25 53:9 57:15 58:1 | | **raised**(8) 11:19 11:21 15:11 15:19 17:20 | | **remember**(3) 45:17 48:14 48:20 | |
| 52:17 54:22 54:23 | | 65:14 66:12 68:13 71:1 71:21 78:16 | | 27:4 27:17 29:4 | | **remind**(1) 12:23 | |
| | | | | | | **reminded**(1) 66:4 | |
| **percentage**(1) 39:18 | | **primarily**(1) 24:12 | | **rate**(10) 41:17 41:20 52:5 52:6 54:25 | | **remiss**(1) 11:17 | |
| **performed**(1) 30:6 | | **prior**(9) 39:7 42:21 52:11 63:1 64:25 | | 55:18 72:23 73:18 77:3 77:4 | | **renick**(7) 2:25 27:9 27:11 27:11 27:14 | |
| **perhaps**(3) 29:14 29:17 55:15 | | 66:24 67:24 73:20 79:13 | | | | 28:8 28:12 | |
| **peril**(1) 13:6 | | | | **rather**(2) 52:10 57:17 | | | |
| **period**(3) 23:2 37:21 70:2 | | **priority**(5) 34:20 46:11 58:16 69:18 69:19 | | **reach**(3) 47:5 58:3 58:4 | | **repeat**(1) 17:20 | |
| **permanent**(4) 63:12 72:12 72:15 72:16 | | **privilege**(3) 7:19 7:23 7:23 | | **reached**(6) 6:16 8:3 9:18 47:16 53:8 55:2 | | **replace**(1) 7:22 | |
| **permission**(1) 60:15 | | **privileged**(1) 7:21 | | 56:21 56:24 | | **replaced**(1) 7:23 | |
| **permitted**(1) 41:23 | | **pro**(7) 2:27 2:30 20:2 34:11 46:6 49:18 | | | | **replied**(1) 75:1 | |
| **personally**(1) 4:4 | | 50:19 | | **read**(5) 21:8 21:24 44:25 45:8 60:16 | | **reply**(7) 14:3 17:15 20:21 25:9 25:17 | |
| **persons**(4) 29:17 29:18 32:14 45:8 | | | | **reading**(2) 21:9 67:11 | | 36:11 37:23 | |
| **perspective**(2) 8:11 9:9 | | **probably**(8) 36:6 38:6 38:7 40:25 41:7 | | **reaffirming**(1) 70:5 | | | |
| **petition**(2) 41:21 67:15 | | 51:6 53:13 80:9 | | **real**(3) 4:20 4:23 30:25 | | **report**(1) 6:24 | |
| **philosophical**(1) 21:13 | | | | **really**(11) 6:13 9:20 20:20 29:12 29:13 | | **reported**(1) 41:6 | |
| **piece**(3) 11:4 63:3 63:12 | | **probative**(1) 43:21 | | 51:5 58:8 78:11 79:2 79:25 80:11 | | **represent**(6) 18:1 20:5 23:22 26:20 29:20 | |
| **pieces**(1) 30:14 | | **problem**(2) 59:11 60:10 | | | | 75:13 | |
| **pioneer**(1) 50:15 | | **problematic**(2) 30:2 30:10 | | **reason**(14) 14:7 29:4 36:20 37:10 37:15 | | | |
| **place**(2) 15:24 78:24 | | **problems**(1) 30:11 | | 37:22 47:4 56:22 59:22 68:4 73:19 76:23 | | **representation**(5) 5:25 11:25 13:20 22:15 | |
| **placed**(2) 63:6 63:10 | | **procedures**(1) 49:20 | | 78:22 79:7 | | 45:9 | |
| **plain**(1) 21:9 | | **proceeding**(3) 33:9 43:1 50:11 | | | | | |
| | | **proceedings**(3) 1:16 1:45 81:6 | | **reasonable**(6) 9:6 9:12 11:6 20:9 25:24 | | **representations**(3) 11:11 13:12 59:8 | |
| | | **process**(8) 29:22 30:8 30:9 30:22 31:21 | | 27:2 | | **representative**(1) 23:13 | |
| | | 35:15 68:18 74:10 | | | | **represented**(7) 19:25 26:17 26:17 26:19 | |
| | | | | **reasonableness**(1) 24:2 | | 26:20 28:21 64:19 | |
| | | **processing**(1) 79:9 | | **reasoning**(1) 46:20 | | | |
| | | **produced**(1) 1:46 | | | | **representing**(4) 11:16 19:24 23:20 28:25 | |
| | | **product**(3) 38:4 38:5 40:22 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **request**(9) 8:2  11:6  12:2  21:10  31:21 33:25  34:8  36:9  56:16 | | **said**(27) 7:13  7:17  23:7  23:11  24:9  28:5 28:14  44:20  47:9  48:1  48:17  49:14  50:3 51:2  57:5  72:4  73:17  73:21  73:22  73:22 73:24  74:5  75:9  76:12  76:20  78:5  78:12 | | **servicing**(7) 54:2  54:5  63:19  63:20  63:22 70:1  73:6 | | **soon**(2) 10:1  59:21 | |
| **requested**(10) 8:5  31:9  31:10  31:25  31:25 45:18  49:9  59:5  59:16  64:13 | | **salaried**(1) 30:18 | | **set**(4) 12:12  25:4  34:1  66:21 | | **sorry**(11) 3:7  3:23  4:12  10:2  10:4  10:15 31:5  65:19  69:25  73:4  75:17 | |
| **requesting**(2) 11:2  61:7 | | **sale**(4) 6:24  7:7  63:18  63:23 | | **setting**(2) 12:22  12:22 | | **sort**(8) 13:18  17:23  21:4  22:3  31:20  39:6 41:14  68:7 | |
| **requests**(1) 9:11 | | **same**(8) 13:21  17:16  37:19  38:13  41:15 58:20  62:12  71:6 | | **settle**(7) 44:3  44:18  46:23  46:25  47:9 48:11  52:21 | | **sought**(5) 26:6  60:5  63:5  65:13  75:5 | |
| **require**(2) 70:15  70:16 | | | | **settled**(3) 56:3  56:11  58:6 | | **sound**(2) 1:45  81:5 | |
| **requires**(1) 21:10 | | **sanctionable**(3) 39:19  39:20  44:25 | | **settlement**(6) 47:5  65:13  65:18  65:20 65:21  66:2 | | **sources**(1) 6:13 | |
| **requisite**(1) 67:16 | | **sanctions**(15) 39:16  39:16  39:21  39:22 | | | | **spaeder**(5) 2:4  2:4  5:23  7:1  9:17 | |
| **rescind**(1) 74:16 | | 40:7  41:12  42:10  49:25  51:12  51:13  57:9 | | **several**(4) 5:11  5:14  32:14  44:10 | | **speak**(9) 5:6  18:2  18:6  19:15  19:19  45:7 | |
| **reservation**(1) 4:22 | | 59:1  59:6  59:9  59:14 | | **shall**(1) 67:5 | | 48:17  49:14  62:18 | |
| **reserves**(1) 5:2 | | **sand**(1) 12:7 | | **shannon**(1) 52:24 | | | |
| **residence**(1) 63:4 | | **satisfied**(2) 39:8  41:5 | | **shares**(1) 42:5 | | **speaker**(2) 3:3  3:6 | |
| **resolution**(2) 6:17  13:13 | | **save**(3) 75:24  76:15  76:18 | | **she**(37) 32:17  43:21  56:16  57:5  63:1  64:1 | | **speaks**(2) 25:20  55:6 | |
| **resolve**(2) 53:10  58:2 | | **saw**(7) 49:8  52:2  60:10  61:9  73:12  73:14 | | 64:5  64:6  64:8  64:12  64:19  64:20  65:13 | | **specific**(5) 4:6  5:18  8:19  18:5  65:3 | |
| **resolved**(5) 7:5  53:11  53:11  55:3  55:3 | | 74:20 | | 65:15  65:20  66:2  66:16  67:9  67:24  67:25 | | **specifically**(3) 26:5  59:6  66:25 | |
| **resources**(1) 70:18 | | **say**(31) 12:7  15:9  20:21  29:8  32:14  44:5 | | 68:1  68:4  68:8  68:12  69:1  69:2  69:8 | | **spend**(1) 7:9 | |
| **respect**(19) 4:16  4:24  20:7  25:12  25:19 | | 45:3  45:11  45:15  45:16  46:1  46:13  46:20 | | 69:17  70:1  71:8  71:9  71:15  71:22  72:4 | | **spent**(5) 31:10  31:23  40:12  70:21  77:22 | |
| 25:25  26:22  35:8  35:9  35:11  53:18  54:13 | | 47:8  47:15  49:3  50:8  50:25  51:16  51:20 | | 73:21  73:22  74:6 | | **spilled**(1) 32:3 | |
| 55:18  62:24  66:23  68:8  68:19  70:9  70:24 | | 51:25  52:13  56:20  56:22  56:22  57:3  57: | | | | **split**(5) 21:6  21:19  22:7  25:13  25:17 | |
| | | 61:4  62:2  71:14  78:6 | | **she'll**(1) 3:6 | | **spoke**(4) 27:16  45:21  45:22  46:14 | |
| **respectfully**(1) 40:15 | | | | **she's**(6) 66:1  66:15  71:5  71:12  71:15  80:1 | | **spoken**(1) 46:8 | |
| **respond**(4) 9:10  31:14  32:2  47:5 | | **saying**(6) 26:13  43:6  56:2  61:13  73:5  76:7 | | **shelby**(1) 76:9 | | **stage**(1) 19:3 | |
| **responded**(1) 79:6 | | **says**(5) 22:18  28:21  46:12  60:11  77:2 | | **shocking**(1) 78:12 | | **stand**(2) 16:4  42:22 | |
| **respondents**(1) 32:2 | | **scenes**(1) 26:3 | | **short**(2) 4:1  26:24 | | **standard**(3) 5:24  51:13  67:17 | |
| **responding**(1) 31:7 | | **schnitzer**(16) 1:31  32:21  32:25  33:2  33:2 | | **short-term**(2) 63:8  63:11 | | **standing**(6) 21:8  22:1  25:12  29:10  29:12 | |
| **response**(9) 4:9  5:8  9:15  11:7  14:4  35:13 | | 33:10  33:20  33:22  34:2  34:4  34:7  34:16 | | **shorter**(1) 71:1 | | 30:25 | |
| 44:21  53:19  80:22 | | 42:15  53:5  55:24  61:25 | | **should**(31) 7:2  7:8  12:6  13:7  21:14  24:10 | | | |
| | | | | 26:10  26:13  32:14  33:11  34:18  36:22 | | **stands**(2) 22:23  23:2 | |
| **responsible**(1) 21:12 | | **schnitzer's**(1) 44:21 | | 36:25  37:22  41:17  42:13  43:13  46:7  46:10 | | **stargatt**(1) 1:22 | |
| **rest**(3) 6:21  13:14  25:14 | | **schuylkill**(1) 1:40 | | 46:11  47:13  48:9  49:3  49:15  50:2  52:13 | | **start**(2) 6:6  76:5 | |
| **restate**(1) 66:20 | | **scope**(7) 7:16  11:15  12:4  12:22  13:4  13:9 | | 54:25  59:3  60:20  61:20  66:6 | | **started**(2) 72:2  76:7 | |
| **restatement**(1) 58:14 | | 14:16 | | | | **starting**(1) 3:22 | |
| **result**(10) 8:4  13:6  26:4  36:4  39:12  53:8 | | | | **shouldn't**(4) 7:2  7:3  45:25  54:25 | | **state**(1) 52:3 | |
| 68:12  68:17  70:12  75:2 | | **scott**(1) 72:6 | | **show**(2) 18:21  25:23 | | **stated**(2) 42:24  53:19 | |
| | | **seal**(1) 3:25 | | **showed**(1) 73:7 | | **statement**(10) 37:19  47:3  47:10  61:9  66:1 | |
| **resulted**(1) 28:6 | | **sean**(1) 48:14 | | **showing**(1) 30:24 | | 71:4  71:6  73:10  73:15  74:8 | |
| **retained**(1) 28:1 | | **seated**(2) 3:2  62:7 | | **side**(2) 25:14  25:15 | | | |
| **retention**(2) 12:4  27:25 | | **second**(7) 16:12  16:23  36:23  47:25  66:14 | | **sigmon**(2) 71:21  71:21 | | **statements**(2) 50:1  71:2 | |
| **retirees**(1) 30:16 | | 67:16  68:3 | | **sign**(1) 47:1 | | **states**(5) 1:1  1:18  19:10  53:22  53:25  54:2 | |
| **returns**(1) 24:1 | | | | **signed**(2) 4:12  77:4 | | 67:4 | |
| **review**(8) 11:5  27:15  27:19  27:21  28:13 | | **secondly**(2) 18:24  37:12 | | **significant**(2) 19:5  30:25 | | | |
| 28:14  28:15  62:17 | | **section**(4) 17:16  21:8  22:24  62:23 | | **silent**(2) 19:12  25:19 | | **statute**(2) 21:10  23:3 | |
| | | **secured**(8) 4:19  26:19  34:20  36:18  46:8 | | **silently**(1) 27:15 | | **stay**(7) 8:1  8:2  8:2  8:17  9:10  9:20  9:21 | |
| **reviewed**(2) 11:5  76:11 | | 46:10  48:4  58:16 | | **similar**(3) 36:25  40:22  42:5 | | **step**(2) 17:24  53:10 | |
| **reviewing**(1) 11:4 | | | | **similarly**(1) 38:12 | | **stephen**(3) 2:12  2:19  6:10 | |
| **ridge**(1) 25:16 | | **see**(7) 12:24  17:24  44:13  60:3  72:23  76:21 | | **simply**(14) 20:3  29:5  30:23  35:13  36:16 | | **stepped**(1) 3:4 | |
| **right**(33) 3:5  3:6  4:10  5:2  5:9  10:5  10:20 | | 79:7 | | 38:4  38:10  44:5  47:20  50:2  54:20  61:7 | | **sterns**(1) 63:14 | |
| 14:3  15:4  15:4  16:3  16:18  27:6  28:7  29:9 | | | | 66:20  80:6 | | **stick**(1) 14:5 | |
| 29:10  32:4  32:8  34:6  35:21  42:16  43:6 | | **seek**(7) 12:2  12:3  13:3  50:20  64:18  66:11 | | **since**(2) 7:17  13:15 | | **still**(7) 39:6  47:7  51:10  73:8  75:17  77:12 | |
| 45:1  45:1  50:1  55:23  57:6  62:1  71:17 | | 70:22 | | **single**(3) 11:4  18:2  18:7 | | 77:17 | |
| 73:11  75:18  77:25  80:23 | | | | **sir**(1) 27:8 | | | |
| | | **seeking**(13) 8:9  10:3  18:15  21:16  36:12 | | **sit**(5) 27:15  32:23  49:16  53:1  60:17 | | **stipulate**(1) 57:1 | |
| **rightfully**(1) 23:14 | | 36:12  67:1  68:17  70:8  71:5  71:12  71:15 | | **situated**(1) 38:12 | | **stipulation**(5) 4:17  4:21  5:1  5:3  5:10 | |
| **rights**(5) 4:22  18:17  23:15  66:11  70:5 | | 78:19 | | **situation**(5) 35:9  37:7  40:18  41:4  69:6 | | **story**(2) 78:14  79:19 | |
| **rise**(7) 11:12  39:2  40:6  62:6  69:22  70:2 | | **seeks**(1) 26:2 | | **size**(1) 46:15 | | **strauss**(1) 56:12 | |
| 79:11 | | **seem**(1) 44:24 | | **skipping**(1) 80:3 | | **street**(5) 1:10  1:26  1:40  2:6  2:21 | |
| | | **seems**(1) 68:4 | | **slipped**(1) 57:17 | | **strength**(1) 42:23 | |
| **risky**(2) 18:13  20:4 | | **seen**(3) 17:17  49:7  52:23 | | **small**(1) 54:8 | | **strict**(1) 22:3 | |
| **riverside**(3) 4:16  4:17  5:5 | | **send**(1) 32:9 | | **sold**(4) 55:8  63:14  69:23  73:21 | | **strong**(2) 11:23  30:25 | |
| **robert**(1) 2:37 | | **sense**(1) 39:14 | | **solely**(2) 34:24  35:21 | | **strongest**(1) 49:25 | |
| **robust**(1) 30:24 | | **sent**(4) 27:1  44:8  48:12  76:24 | | **solid**(1) 14:7 | | **subject**(2) 65:9  80:16 | |
| **role**(1) 19:11 | | **sentence**(1) 25:20 | | **some**(22) 6:20  7:6  7:9  9:20  19:16  21:9 | | **submit**(10) 31:3  32:5  45:5  46:16  54:14 | |
| **rose**(2) 23:10  24:5 | | **separate**(5) 13:25  48:18  55:7  55:7  65:19 | | 21:12  22:9  23:23  23:24  25:2  30:10  30:11 | | 55:21  56:16  59:17  60:22  80:13 | |
| **roughly**(1) 19:7 | | **separated**(1) 55:9 | | 38:16  39:5  39:23  40:12  40:14  52:1  71:24 | | | |
| **routine**(1) 52:10 | | **separately**(2) 13:25  33:14 | | 78:11  78:23 | | **submitted**(20) 6:19  33:17  33:24  42:21 | |
| **routinely**(1) 18:9 | | **september**(4) 64:8  74:11  74:19  75:6 | | | | 43:7  43:11  43:16  44:4  44:18  46:4  46:12 | |
| **rule**(2) 29:11  60:19 | | **seriously**(2) 54:10  70:14 | | **somebody**(3) 28:1  50:7  74:18 | | 47:3  47:24  51:4  52:12  54:6  54:10  60:1 | |
| **ruled**(3) 14:24  41:8  55:12 | | **serve**(2) 24:12  24:22 | | **someone**(4) 26:1  43:19  46:21  71:10 | | 61:9  61:11 | |
| **rules**(2) 34:1  45:8 | | **served**(1) 65:11 | | **something**(14) 15:17  20:7  20:10  36:18 | | **subordination**(17) 5:20  37:19  47:3  47:10 | |
| **ruling**(2) 16:4  68:23 | | **service**(2) 1:39  1:46 | | 38:9  38:15  40:5  40:23  42:1  47:12  48:6 | | 61:9  61:11  61:12  62:12  66:1  70:25  71:2 | |
| **rulings**(1) 30:11 | | **serviced**(2) 63:25  74:22 | | 61:4  73:11  74:23 | | 71:3  71:6  71:13  71:23  80:3  80:7 | |
| **run**(2) 59:11  79:5 | | **services**(2) 1:39  24:19 | | | | | |
| **running**(1) 79:3 | | | | **sometimes**(2) 31:8  31:15 | | **subsequently**(2) 27:25  63:14 | |
| | | | | **somewhere**(2) 26:15  74:6 | | **subset**(1) 30:15 | |
| | | | | **sontchi**(1) 1:17 | | **substance**(2) 33:9  33:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**substantial**(35) 6:1 12:11 12:17 13:16 13:21 13:25 17:8 17:22 18:21 19:17 20:17 21:16 21:25 22:22 22:25 24:4 24:5 24:9 24:18 24:23 25:1 25:23 26:2 26:4 26:11 26:14 27:16 27:17 28:3 28:18 28:22 29:1 29:16 30:6 30:11

**substantially**(1) 69:1
**substantive**(1) 34:14
**successful**(1) 26:9
**such**(5) 29:16 30:18 38:15 39:21 40:6
**sue**(1) 77:9
**sufficient**(1) 22:21
**sufficiently**(1) 30:24
**sugarcoat**(2) 45:13 46:2
**suggest**(3) 6:4 9:4 32:15
**suggested**(1) 36:11
**suggestion**(3) 48:7 48:13 56:17
**suggestions**(1) 48:13
**suggests**(3) 38:14 39:5 39:6
**suite**(2) 2:6 2:14
**summarize**(1) 59:12
**supplemental**(1) 3:24
**support**(2) 69:18 79:7
**supported**(2) 54:6 54:12
**supporting**(1) 68:6
**suppose**(2) 15:10 25:13
**supposed**(8) 45:6 45:9 45:10 46:3 52:19 72:15 73:18 74:2

**sure**(8) 8:11 17:3 17:17 28:13 30:13 49:12 57:1 69:7

**surprised**(2) 3:7 46:19
**surprisingly**(1) 47:15
**sustain**(1) 14:22
**switch**(1) 36:17
**sympathetic**(1) 78:13
**system**(1) 8:15
**table**(4) 13:18 32:23 34:13 65:23
**take**(15) 5:13 18:18 32:7 32:18 38:21 54:9 60:21 62:2 62:2 62:12 62:14 70:14 74:16 75:10 80:19

**taken**(1) 24:13
**takes**(2) 19:10 49:11
**taking**(1) 32:15
**talk**(8) 12:17 13:24 24:21 33:18 34:10 71:22 73:22 74:9

**talked**(4) 21:13 58:5 71:7 73:22
**talking**(3) 6:19 27:24 72:2
**tandem**(1) 13:19
**task**(4) 18:12 18:13 18:19 52:9
**tax**(1) 5:1
**taxes**(3) 4:20 4:24 73:1
**taylor**(1) 1:23
**technical**(1) 29:11
**telephone**(1) 60:24
**telephonic**(1) 2:33
**tell**(8) 6:22 28:13 46:3 46:5 48:21 50:5 50:7 74:1

**telling**(1) 74:13
**tells**(1) 51:19
**ten**(2) 62:2 65:4
**tenfold**(1) 36:20
**term**(2) 67:6 67:7
**terminate**(1) 15:17
**termination**(1) 15:12
**terms**(3) 5:12 75:3 75:14
**than**(12) 15:20 32:17 34:25 36:18 40:4 40:10 41:20 48:8 52:10 55:22 58:14 67:4

**thank**(34) 4:14 5:10 11:6 14:2 16:22 17:5 28:8 29:1 29:8 34:16 42:14 42:15 53:3 55:23 55:24 57:4 57:6 61:5 61:22 61:25 62:4 71:17 75:24 78:2 78:5 80:23 80:25

**that**(301) 4:21 4:23 4:25 5:1 5:2 5:4 5:14 5:16 5:22 6:4 6:8 6:14 6:18 7:3 7:4 7:4 7:5 7:5 7:8 7:10 7:10 7:12 7:13 7:13 7:16 7:16 7:19 7:25 8:3 8:5 8:5 8:6 8:7 8:11 8:12 8:18 8:22 9:5 9:20 9:25 10:8 10:10 10:10 10:15 11:1 11:10 11:14 11:19 11:20 11:21 11:21 12:5 12:13 12:16 12:18 12:21 13:6 13:12 13:12 13:17 13:22 14:2 14:6 14:9 14:13 14:15 14:16 14:18 14:19 14:20 15:3 15:3 15:17 15:19 15:20 15:22 15:25 17:2 17:7 17:8 17:10 17:17 18:2 18:13 18:18 18:25 18:25 20:1 20:1 20:2 20:7 20:7 20:8 20:10 20:11 20:13 20:18 21:4 21:9 21:9 21:10 21:12 21:13 21:14 21:24 22:2 22:10 22:12 22:18 22:19 22:19 22:21 22:23 22:25 23:1 23:2 23:13 23:25 24:10 24:19 24:23 25:1 25:3 25:5 25:20 25:21 25:23 26:6 26:9 26:13 26:24 27:4 27:5 27:14 27:21 27:25 28:1 28:3 28:5 28:12 28:14 29:12 29:12 29:19 29:21 29:23 30:4 30:9 30:13 30:19 30:21 31:6 31:7 31:8 31:8 31:9 31:11 31:15 31:17 31:19 31:20 31:23 31:24 31:24 32:4 32:16 32:20 33:12 34:4 34:11 34:23 35:5 35:15 35:16 35:16 35:17 35:20 36:1 36:2 36:2 36:4 36:5 36:11 36:20 36:25 37:1 37:3 37:6 37:10 37:11 37:18 37:19 37:21 37:3 38:14 39:2 39:5 39:6 39:8 39:10 39:11 39:11 39:12 39:13 39:14 39:14 39:20 39:20 39:21 40:3 40:6 40:8 40:13 40:19 40:19 40:21 41:3 41:8 41:8 41:8 41:10 41:11 41:16 41:20 41:21 41:23 41:23 42:3 42:7 42:23 43:5 43:10 43:11 43:17 43:25 44:4 44:5 44:5 44:7 44:8 44:15 44:19 44:20 44:24 45:3 45:11 45:13 45:15 45:18 45:22 45:23 45:25 46:23 46:12 46:20 47:3 47:3 47:5 47:6 47:7 47:8 47:15 48:6 48:7 48:11 48:20 48:21 49:1 49:15 49:24 49:25 50:3 50:9 50:13 50:13 50:16 50:24 51:5 51:12 51:13 51:17 51:22 52:2 52:12 52:13 52:14 52:20 53:7 53:12 53:14 53:16 53:17 53:21 53:22 53:25 54:7 54:8

**that**(181) 54:11 54:12 54:14 54:16 54:16 54:17 54:18 54:25 55:3 55:8 55:9 55:9 55:13 55:18 55:19 55:19 55:20 55:20 55:21 55:22 56:2 56:3 56:9 56:11 56:3 56:15 56:17 56:20 56:22 57:1 57:1 57:5 57:7 57:12 57:14 57:15 57:18 57:21 57:24 57:25 57:25 58:1 58:2 58:5 58:5 58:9 58:13 58:14 58:15 58:16 58:17 59:3 59:9 59:11 59:24 59:25 60:4 60:8 60:13 60:21 61:7 61:10 61:13 61:14 61:15 61:18 63:7 63:11 63:12 63:19 63:20 63:21 64:5 64:10 64:20 64:21 64:21 64:23 64:25 65:4 65:4 65:17 65:22 65:23 66:2 66:5 66:7 66:13 66:14 66:25 67:6 67:13 67:19 67:25 68:2 68:4 68:9 68:11 68:15 68:16 69:7 69:12 69:17 70:2 70:2 70:3 70:12 70:13 70:14 70:15 70:24 71:1 71:2 71:5 71:6 71:7 71:12 71:14 71:14 71:14 72:4 72:6 72:9 72:13 72:17 72:18 72:22 73:5 73:7 73:8 73:14 73:15 73:19 73:20 74:1 74:2 74:5 74:6 74:6 74:9 74:10 74:12 74:14 74:21 74:21 74:23 75:6 75:8 76:6 76:21 76:24 77:5 77:6 77:11 77:13 77:13 77:14 77:16 78:7 78:9 78:12 78:17 78:18 78:23 78:23 78:24 79:9 79:10 79:11 79:11 79:14 79:14 79:18 79:21 80:4 80:7 80:10 80:15 81:4

**that's**(72) 6:7 7:10 8:7 9:6 10:5 13:25 15:5 15:17 15:25 16:19 20:12 20:20 21:11 23:19 25:22 25:22 26:6 26:12 28:4 29:7 32:4 32:8 33:18 34:10 34:12 35:19 36:14 37:4 37:18 38:1 44:6 44:20 44:22 45:3 45:25 46:2 46:13 46:23 46:25 47:12 47:12 47:17 47:18 48:5 48:8 48:19 48:23 51:1 51:2 51:21 52:15 52:17 53:7 55:1 56:3 56:7 56:21 57:1 57:5 58:11 73:2 73:10 73:17 75:12 75:18 76:13 76:22 77:13 77:14 78:1 79:18 79:24

**the**(301) 1:1 1:2 1:17 1:25 3:2 3:5 3:7 3:8 3:9 3:11 3:12 3:13 3:15 3:18 3:20 3:23 3:24 4:2 4:2 4:7 4:10 4:10 4:12 4:12 4:14 4:15 4:17 4:21 4:21 4:25 5:1 5:1 5:2 5:5 5:7 5:9 5:9 5:11 5:13 5:20 5:22 5:25 6:3 6:4 6:5 6:7 6:12 6:14 6:15 6:15 6:16 6:21 6:21 6:21 6:25 7:6 7:7 7:8 7:12 7:14 7:15 7:16 7:17 7:18 7:20 7:24 8:1 8:3 8:4 8:5 8:6 8:7 8:8 8:9 8:9 8:10 8:10 8:13 8:14 8:15 8:18 8:19 8:20 8:21 8:21 8:23 8:25 9:1 9:3 9:3 9:4 9:7 9:8 9:8 9:9 9:9 9:12 9:12 9:13 9:14 9:18 9:20 9:22 9:22 9:23 9:24 9:24 9:25 10:2 10:5 10:7 10:8 10:8 10:11 10:12 10:14 10:15 10:17 10:17 10:20 10:22 10:23 11:1 11:5 11:7 11:9 11:10 11:11 11:17 11:17 11:19 11:23 11:25 12:3 12:4 12:4 12:4 12:7 12:9 12:10 12:10 12:10 12:11 12:12 12:13 12:17 12:20 12:21 12:22 12:22 12:23 12:23 13:4 13:4 13:6 13:7 13:8 13:8 13:9 13:10 13:10 13:11 13:13 13:13 13:13 13:16 13:18 13:18 13:18 13:20 13:21 13:21 13:23 13:23 13:24 14:1 14:1 14:3 14:5 14:5 14:6 14:8 14:10 14:11 14:13 14:13 14:16 14:17 14:18 14:19 14:20 14:21 14:21 14:22 14:24 14:24 14:25 15:1 15:2 15:4 15:7 15:9 15:10 15:11 15:11 15:12 15:12 15:14 15:16 15:16 15:18 15:19 15:20 15:21 15:23 15:23 16:3 16:7 16:8 16:10 16:11 16:17 16:17 17:8 17:9 17:11 17:15 17:16 17:16 17:17 17:18 17:19 17:20 17:21 17:22 17:25 17:25 18:3 18:6 18:6 18:8 18:14 18:15 18:18 18:19 18:20 18:20 18:21 18:23 18:24 18:25 19:4 19:4 19:6 19:7 19:8 19:9 19:9 19:10 19:11 19:13 19:13 19:16 19:20 19:23 19:25 19:25 20:1 20:1 20:2 20:3 20:4 20:8 20:11 20:13 20:14 20:17 20:17 20:21 20:23 20:25 21:2 21:6 21:7 21:8 21:8 21:9 21:9 21:10 21:10

**the**(301) 21:12 21:12 21:13 21:14 21:17 21:19 21:22 21:22 21:23 22:1 22:1 22:10 22:12 22:13 22:13 22:14 22:16 22:19 22:20 22:20 22:23 23:3 23:5 23:7 23:8 23:11 23:11 23:13 23:14 23:15 23:15 23:16 23:17 23:21 23:23 23:24 24:1 24:2 24:2 24:2 24:3 24:4 24:5 24:6 24:6 24:9 24:11 24:13 24:14 24:14 24:15 24:16 24:16 24:17 24:17 24:19 24:19 24:20 24:21 24:22 24:25 24:25 25:1 25:1 25:4 25:5 25:7 25:9 25:12 25:14 25:15 25:15 25:15 25:16 25:19 26:2 26:3 26:4 26:4 26:6 26:6 26:7 26:8 26:12 26:14 26:15 26:16 26:17 26:18 26:18 26:19 26:20 26:22 26:23 26:25 27:1 27:1 27:3 27:5 27:6 27:8 27:10 27:12 27:13 27:14 27:15 27:17 27:17 27:20 27:22 27:23 28:3 28:7 28:9 28:9 28:15 28:15 28:17 28:19 28:21 28:23 28:24 28:25 29:3 29:4 29:4 29:5 29:6 29:7 29:9 29:10 29:17 29:19 29:20 29:22 29:23 30:10 30:20 30:22 30:24 31:1 31:2 31:4 31:5 31:6 31:8 31:9 31:10 31:11 31:12 31:13 31:15 31:16 31:21 31:22 32:1 32:2 32:8 32:10 32:11 32:13 32:16 32:18 32:22 32:23 33:1 33:3 33:4 33:8 33:8 33:9 33:10 33:10 33:11 33:12 33:15 33:16 33:17 33:18 33:18 33:19 33:21 33:24 34:1 34:3 34:6 34:7 34:9 34:13 34:14 34:15 34:17 34:23 35:2 35:4 35:4 35:9 35:15 35:16 35:22 35:23 35:23 35:25 35:26 36:2 36:14 36:16 36:19 37:2 37:3 37:3 37:6 37:9 37:9 37:10 37:12 37:13 37:16 37:17 37:18 37:19 37:21 38:1 38:3 38:5 38:8 38:13 38:19 38:21 38:21 38:24 38:25 39:7 39:8 39:9 39:10 39:10 39:12 39:13 39:17 40:1 40:7 40:9 40:9 40:22 40:25 41:3 41:6 41:10 41:13 41:15 41:15 41:22 41:23 42:1 42:4 42:7 42:12 42:14 42:16 42:18 42:22 42:23 42:23 42:24 43:1 43:1 43:4 43:8 43:9 43:11 43:17 43:20 43:24 44:11 44:12 44:13 44:15 44:15 44:19 44:23 44:25 45:5 45:8 45:15 45:18 45:21 45:22 46:3 46:5

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 46:8 46:9 46:13 46:15 46:15 46:21 47:2 47:6 47:9 47:17 47:22 47:25 47:25 48:4 48:4 48:12 48:13 48:19 49:6 49:8 49:9 49:13 49:15 49:20 49:20 49:24 49:25 50:6 50:8 50:9 50:10 50:10 50:11 50:13 50:16 50:21 51:6 51:12 51:13 51:17 52:3 52:5 52:5 52:9 52:9 52:10 52:16 52:18 52:23 52:25 53:4 53:6 53:7 53:8 53:8 53:9 53:12 53:13 53:14 53:18 54:2 54:2 54:4 54:6 54:7 54:12 54:13 54:17 54:18 54:22 54:25 55:4 55:13 55:13 55:16 55:18 55:19 55:20 55:23 55:25 56:6 56:8 56:9 56:10 56:11 56:12 56:20 56:22 56:24 56:24 56:25 57:6 57:7 57:11 57:12 57:14 57:16 57:16 57:17 57:22 57:24 57:24 58:1 58:2 58:4 58:5 58:9 58:12 58:13 58:14 58:17 58:19 58:20 58:22 58:24 58:25 59:9 59:9 59:9 59:5 59:5 59:7 59:9 59:9 59:12 59:13 59:13 59:14 59:15 59:21 59:22 59:23 59:24 60:1 60:4 60:4 60:5 60:5 60:7 60:10 60:10 60:13 60:13 60:15 60:16 60:16 60:19 60:19 60:23 60:25 61:2 61:5 61:7 61:9 61:10 61:11 61:15 61:17 61:18 61:19 61:20 61:20 61:23 62:1 62:2 62:6 62:7 62:9 62:11 62:12 62:14 62:15 62:19 62:21 62:23 63:1 63:2 63:7 63:9 63:10 63:18 63:21 63:21 63:24 64:5 64:7 64:7 64:9 64:14 64:15 64:16 64:17 64:20 64:21 64:22 64:23 64:24 65:1 65:1 65:4 65:6 65:8 65:10 65:10 65:11 65:12 65:14 65:15 65:18 65:19 65:22 65:23 65:25 66:2 66:3 66:4 66:5 66:6 66:7 66:8 66:10 66:12 66:14 66:14 66:15 66:16 66:19 66:20 66:21 66:23 66:24 67: 67:2 67:3 67:5 67:5 67:7 67:8 67:8 67:11 67:11 67:12 67:13 67:16 67:19 67:20 67:21 67:23 68:1 68:3 68:3 68:5 68:5 68:8 68:16 68:18 68:19 68:20 68:20 68:2 68:23 68:24 69:2 69:5 69:8 69:9 69:9 69:10 69:12 69:13 69:15 69:16 69:17 69:18 69:19 69:20 69:21 69:22 69:25 70: 70:5 70:7 70:7 70:8 70:9 70:9 70:10 70:11 70:12 70:12 70:13 70:16 70:16 70:18 | | **themselves**(2) 20:15 50:25<br><br>**then**(28) 5:21 6:21 7:7 8:1 9:15 21:16 22:24 23:1 28:25 29:15 31:22 36:23 49:22 50:8 54:2 56:15 63:1 63:9 65:25 72:4 72:14 72:19 72:22 73:9 73:12 73:18 74:1<br><br>**there**(78) 5:13 5:17 5:21 7:3 7:7 7:12 8:1 11:11 12:11 12:13 14:6 14:7 14:15 18:9 19:16 21:4 21:6 21:7 21:18 21:18 22:2 22:7 22:22 25:2 25:15 25:17 25:20 26:10 29:12 30:14 31:6 31:24 32:1 32:14 35:13 37:1 37:14 38:23 38:24 39:5 39:19 39:24 39:24 39:25 40:23 41:11 41:11 41:24 47:19 47:22 48:1 49:3 50:3 50:3 50:9 50:13 50:16 53:16 54:4 54:15 54:19 55:2 55:7 55:8 55:10 57:15 57:19 58:15 59:23 59:24 67:17 68:5 69:24 74:25 77:18 78:1 78:24 80:11<br><br>**there's**(31) 5:17 21:18 22:8 25:23 26:1 26:21 31:19 31:23 35:11 35:13 36:23 37:10 37:12 38:23 39:20 44:3 44:3 45:12 49:14 50:8 53:24 54:1 54:5 57:21 58:9 58:21 63:22 71:13 79:14 79:18 80:1<br><br>**thereafter**(4) 63:5 63:9 65:13 72:22 **therefore**(3) 37:14 41:19 43:13 **therein**(1) 42:24 **these**(28) 15:21 18:21 19:24 20:5 20:14 20:15 20:16 30:12 31:13 37:13 41:25 43:10 45:4 45:18 46:20 47:19 47:23 48:1 48:22 48:24 49:18 50:1 56:17 56:23 62:21 62:22 62:25 67:19<br><br>**they**(126) 5:5 5:22 8:11 8:12 9:25 11:20 11:21 11:24 11:24 12:5 12:16 12:16 12:18 12:19 12:21 13:15 13:5 14:9 17:25 19:18 19:19 19:25 20:1 21:15 22:2 23:20 23:21 24:3 24:5 24:18 24:21 26:19 32:2 38:25 41:5 42:9 43:2 43:11 44:4 44:24 45:3 45:7 45:7 45:13 45:15 45:15 45:16 45:18 45:23 45:23 45:24 46:11 46:20 46:20 46:25 47:4 47:15 47:24 48:1 49:2 49:3 49:6 49:8 49:8 49:12 49:17 49:22 50:3 50:5 50:6 50:8 50:15 50:20 50:24 50:25 51:8 51:10 51:15 51:17 51:20 51:21 51:22 52:5 52:6 52:13 52:15 52:15 52:16 56:8 56:12 56:23 57:5 63:5 64:23 65:8 67:14 69:12 70:14 71:16 72:12 73:15 73:24 74:6 74:9 74:13 74:14 74:15 74:22 75:13 75:15 75:15 76:17 76:18 76:18 76:25 77:13 79:3 79:12 79:14<br><br>**they'll**(1) 49:2 **they're**(14) 8:13 12:24 33:13 35:22 40:3 45:5 45:6 45:10 46:2 49:1 56:1 56:20 76:12 76:13<br><br>**they've**(7) 50:16 51:22 52:1 56:9 61:12 79:6 79:6<br><br>**they've**(2) 79:4 79:5 **thing**(11) 13:15 14:17 31:5 35:5 44:22 46:13 46:18 47:3 71:23 71:24 73:21 74:1<br><br>**things**(3) 24:25 78:15 79:7 **think**(67) 9:11 10:22 10:22 11:1 11:5 11:12 11:17 12:3 12:13 12:9 13:18 13:18 13:24 14:1 14:1 14:9 15:21 16:6 17:7 17:23 19:15 19:22 20:12 21:3 21:20 21:22 21:24 22:4 22:6 22:7 22:12 22:18 22:23 22:24 23:6 24:1 24:8 24:17 24:18 24:20 25:2 26:16 26:23 27:1 29:6 29:10 29:11 29:30 30:7 30:10 30:23 31:19 31:20 32:1 44:24 46:10 48:15 49:1 52:16 57:11 57:1 57:23 68:11 78:1 79:5 79:5 80:4<br><br>**third**(8) 21:7 21:22 24:9 48:11 63:8 66:18 68:11 69:16 | | **this**(159) 3:17 3:25 6:17 6:20 6:25 9:1 9:12 10:23 10:25 11:14 12:2 12:6 12:21 13:1 13:14 14:8 16:25 18:8 18:12 18:13 19:12 19:18 19:23 20:2 20:6 20:6 20:11 20:17 21:23 22:4 22:6 22:6 22:14 22:15 22:18 22:19 22:21 23:5 23:8 25:20 26:3 27:12 28:15 29:12 29:13 29:15 29:17 29:17 30:4 30:13 30:23 31:7 31:9 31:16 34:13 35:7 35:19 35:23 36:14 37:20 38:1 38:2 38:4 38:10 38:16 39:10 39:11 39:18 39:22 40:2 41:24 42:20 42:24 43:6 43:13 43:13 43:20 43:24 43:25 44:2 44:3 44:5 44:7 44:13 44:13 44:14 44:16 44:23 45:2 45:5 45:7 46:2 46:11 46:13 46:16 46:16 46:17 46:19 46:23 46:25 47:9 47:9 47:10 48:12 48:18 48:24 49:20 50:19 50:21 51:5 51:9 51:11 51:19 51:24 51:24 51:25 52:12 52:14 52:21 54:19 55:20 56:2 57:12 57:13 57:17 57:20 58:8 61:24 64:15 65:2 65:21 67:12 67:20 67:22 68:11 68:13 68:22 68:22 69:1 69:5 69:6 69:14 70:13 70:21 74:2 74:7 74:8 74:15 74:18 76:9 77:20 78:6 78:8 78:9 78:12 79:1 79:23 79:25<br><br>**thomas**(4) 2:5 9:16 17:13 25:10 **those**(22) 5:19 6:5 6:22 8:12 8:13 21:17 27:4 28:3 30:2 30:5 30:22 38:18 38:22 40:16 42:23 51:11 60:2 65:7 65:14 67:6 67:9 71:16 79:20<br><br>**though**(1) 27:1 **thought**(4) 8:22 11:1 40:2 72:13 **three**(14) 6:5 33:12 34:17 34:18 35:11 41:13 44:10 57:7 66:8 67:20 67:23 70:11 74:10 74:15<br><br>**through**(8) 9:1 30:22 57:23 64:13 68:18 72:8 72:11 74:11<br><br>**ties**(1) 69:16 **till**(1) 75:6 **time**(37) 6:18 7:9 10:23 10:23 11:1 14:20 15:11 19:25 20:1 27:20 35:2 36:14 36:14 37:21 38:21 40:13 44:9 45:22 48:11 49:2 54:19 56:3 56:4 56:5 56:21 59:3 62:13 64:19 70:20 74:18 75:5 75:6 76:16 76:18 76:20 77:15 77:16<br><br>**timeframe**(1) 67:9 **timely**(2) 34:22 70:22 **times**(4) 44:10 44:10 52:2 70:11 **today**(16) 3:16 5:5 11:12 14:13 16:8 25:5 34:21 34:21 35:15 41:24 42:21 48:14 54:21 60:17 60:18 80:21<br><br>**together**(8) 25:22 33:6 44:1 44:20 49:12 52:19 58:2 62:14<br><br>**told**(32) 9:24 26:25 45:22 45:23 45:24 46:10 46:14 47:20 47:22 48:3 48:6 48:19 49:9 54:14 54:15 54:16 56:5 56:14 72:4 72:12 72:17 72:25 73:16 74:9 74:14 75:8 75:9 75:24 75:25 76:11 76:20 77:7<br><br>**tom**(1) 6:11 **too**(1) 7:7 **top**(1) 8:5 **torte**(1) 38:16 **total**(3) 6:17 9:5 10:2 **totally**(1) 46:19 **totals**(1) 6:23 **touched**(1) 74:25 **tougher**(1) 18:13 **towards**(1) 23:17 **transaction**(3) 37:1 63:7 69:20 **transcript**(6) 1:16 1:46 47:7 48:20 56:6 81:5<br><br>**transcription**(2) 1:39 1:46 **transfer**(1) 63:23 | | **transferred**(7) 53:23 54:3 54:5 54:5 70:1 73:6 73:6<br><br>**transferring**(1) 63:20 **treaded**(1) 51:22 **treadwell**(1) 2:37 **treated**(4) 36:8 36:9 36:10 40:14 **tried**(7) 11:2 16:1 42:7 45:15 48:11 74:3 74:4<br><br>**trolling**(1) 21:15 **trouble**(2) 59:3 79:16 **true**(4) 31:6 44:6 53:20 77:12 **truly**(1) 28:24 **trust**(2) 40:9 47:25 **trustee**(28) 1:22 3:11 11:9 11:17 12:23 17:20 19:10 21:2 22:14 29:6 31:12 33:3 36:1 40:9 53:6 62:22 63:24 65:12 65:14 65:16 65:19 65:22 66:8 67:12 70:13 70:16 71:16 80:17<br><br>**trustee's**(5) 3:24 5:2 19:16 40:14 65:15 **trustees**(1) 37:7 **truth**(3) 46:3 46:5 50:5 **truth-in-lending**(2) 77:1 77:2 **truthful**(1) 54:11 **try**(15) 20:5 29:25 46:1 46:23 47:4 48:3 53:11 56:11 75:15 75:23 76:3 76:15 76:16 76:18<br><br>**trying**(17) 5:12 16:7 20:6 29:17 36:16 36:16 36:19 41:25 45:16 45:16 56:20 56:25 74:11 74:17 74:23 77:13 77:17<br><br>**turn**(1) 6:8 **twelve**(2) 75:5 77:22 **twenty-fifth**(1) 4:15 **twice**(1) 15:9 **two**(30) 5:17 5:18 6:13 18:19 27:3 29:7 32:13 45:6 46:23 47:21 48:8 48:8 49:1 49:17 49:23 50:17 50:22 51:9 51:13 53:1 54:4 56:10 56:14 57:13 62:9 65:19 67:22 72:25 73:21 73:21 76:10 77:4 77:5<br><br>**type**(8) 18:8 29:15 31:7 37:23 38:16 39:23 40:15 41:12<br><br>**types**(3) 6:18 30:2 30:17 **ultimate**(1) 8:4 **ultimately**(7) 7:3 7:7 7:22 9:1 20:18 23:25 58:1<br><br>**um-hum**(4) 3:15 4:12 15:14 18:23 **unambiguous**(2) 67:4 67:12 **unanticipated**(1) 9:12 **uncaring**(2) 40:17 40:23 **uncle**(1) 72:1 **under**(16) 3:25 8:15 21:14 30:12 33:25 33:25 39:7 39:7 50:14 51:20 58:9 60:12 60:21 71:4 71:13 80:20<br><br>**undergo**(1) 59:3 **understand**(14) 11:23 16:3 16:14 29:9 35:17 39:11 40:18 42:3 49:19 53:12 54:21 55:14 59:24 80:18<br><br>**understandable**(1) 38:5 **understandably**(1) 68:15 **understanding**(4) 26:24 27:22 35:6 61:18 **understands**(1) 63:24 **understood**(1) 34:16 **undeveloped**(1) 63:3 **unfortunately**(9) 35:6 35:7 35:19 38:8 40:1 40:17 40:20 41:5 80:4<br><br>**unhappiness**(1) 38:5 **unhappy**(8) 35:22 38:8 42:1 48:24 55:14 68:15 68:16 69:12<br><br>**union**(1) 30:18 |

| **the**(121) 70:20 70:20 70:24 70:25 70:25 71:1 71:3 71:4 71:5 71:6 71:7 71:12 71:14 71:16 71:17 71:19 71:21 71:23 72:12 72:13 72:14 72:15 72:15 72:16 72:17 72:18 72:20 72:21 72:23 72:25 73:2 73:3 73:5 73:6 73:9 73:9 73:12 73:14 73:15 73:19 73:20 73:21 73:22 73:24 74:1 74:2 74:3 74:5 74:7 74:8 74:13 74:16 74:16 74:19 75:1 75:3 75:5 75:6 75:6 75:7 75:8 75:9 75:11 75:12 75:12 75:15 75:16 75:18 75:21 75:25 76:2 76:16 76:19 76:20 77:7 77:13 77:15 77:16 77:26 77:25 77:26 78:7 78:8 78:11 78:13 78:13 78:17 78:22 78:22 78:24 78:25 79:2 79:2 79:2 79:3 79:2 79:5 79:9 79:10 79:10 79:11 79:12 79:16 79:19 79:19 79:22 80:2 80:3 80:10 80:12 80:17 80:18 80:20 80:21 80:23 81: 81:4 81:5 81:5 81:6<br><br>**their**(42) 4:3 5:24 5:24 7:15 12:7 12:18 12:19 13:2 13:11 17:1 18:10 18:17 23:20 24:13 27:2 29:24 42:22 42:25 42:25 44:23 45:1 45:10 45:14 45:17 46:18 46:20 46:2 46:25 47:4 47:11 47:12 47:14 47:22 48:10 50:14 52:7 52:12 52:13 56:19 56:21 63:6<br><br>**them**(45) 5:13 8:16 11:20 12:1 12:3 12:6 13:3 13:19 18:2 24:22 30:20 31:14 33:13 34:18 38:20 42:9 44:5 45:21 46:1 48:7 49:1 49:9 49:12 49:21 51:5 51:7 51:18 51:19 53:1 53:2 60:3 62:12 62:14 72:8 72:8 73:17 74:1 74:1 74:6 74:21 74:25 76:3 76:17 78:12 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**unique**(4) 30:13 30:15 30:19 30:21
**united**(3) 1:1 1:18 19:10
**unknown**(2) 3:3 3:6
**unless**(7) 4:4 17:8 20:21 33:7 34:13 38:21 60:17

**unlimited**(1) 39:6
**unofficial**(3) 23:9 23:10 23:13
**unpaid**(1) 4:20
**unprofessional**(1) 40:24
**unreasonable**(1) 49:11
**unsecured**(33) 31:17 34:19 34:20 35:1 35:3 35:6 35:24 36:6 36:7 36:17 36:19 37:8 38:7 38:11 38:12 39:8 40:2 40:10 40:11 40:21 41:6 41:10 42:6 42:12 46:7 53:14 55:15 57:14 64:24 68:16 69:11 79:17 80:15
**unsuccessful**(1) 18:9
**until**(17) 15:23 48:18 50:23 64:6 64:11 65:10 77:17

**untimely**(1) 34:23
**untoward**(3) 31:19 57:16 59:7
**upon**(8) 12:1 12:3 13:3 44:14 54:12 55:15 55:17 66:24
**upset**(1) 36:2
**upside**(1) 77:23
**used**(1) 70:19
**usually**(2) 19:10 30:22
**vague**(1) 80:5
**value**(5) 14:11 30:24 43:21 70:9 70:12
**valued**(1) 70:15
**various**(1) 30:14
**vegas**(1) 20:8
**vehemently**(1) 19:5
**venture**(1) 20:4
**very**(22) 3:7 9:6 9:11 12:9 19:1 19:11 22:3 31:18 43:17 44:23 46:5 46:19 48:22 49:18 51:22 52:18 54:7 56:14 57:4 57:18 57:18 80:21
**view**(4) 8:8 8:13 13:2 13:19
**viewed**(1) 67:3
**violate**(1) 49:22
**violated**(2) 39:21 51:6
**violation**(1) 12:24
**voice**(4) 18:2 18:7 19:15 20:5
**wait**(1) 50:22
**waived**(2) 66:10 70:4
**wallace**(1) 72:6
**wanerka**(2) 2:35 3:25
**want**(14) 13:17 16:14 19:22 21:15 28:17 32:6 33:17 34:13 38:21 56:6 59:9 59:11 60:25 62:23

**wanted**(7) 16:19 17:16 27:21 28:13 38:22 48:21 76:5

**wanting**(1) 55:6
**wants**(4) 28:18 28:20 39:16 54:21
**warranted**(1) 39:22

**was**(225) 3:25 7:7 7:12 7:13 7:17 7:24 8:1 8:9 8:23 9:5 9:22 10:24 11:20 12:1 12:3 12:9 12:11 12:13 13:3 13:10 13:19 14:7 14:12 14:19 15:18 15:21 15:21 15:24 15:25 16:24 17:24 18:12 18:13 18:19 19:12 19:16 19:24 20:4 20:10 20:11 23:8 23:10 23:10 23:14 23:16 23:18 24:24 24:25 26:3 26:3 26:5 26:6 27:14 27:19 27:20 27:22 28:1 28:2 28:5 28:14 28:15 28:25 29:5 30:5 30:8 31:6 31:8 31:10 31:24 32:1 33:4 35:14 35:24 36:4 37:1 37:19 37:20 38:2 38:3 38:23 38:24 39:1 39:10 39:13 39:19 39:20 39:24 39:25 40:16 40:16 40:24 41:3 41:8 41:18 43:25 44:10 44:11 45:11 45:13 45:13 46:14 47:4 47:19 48:12 48:14 49:3 49:13 50:3 50:3 50:16 53:7 53:8 53:8 53:10 53:11 53:16 53:23 54:4 54:4 54:5 54:14 54:15 54:16 54:18 54:18 54:19 55:2 55:3 55:3 55:8 55:8 55:10 55:10 55:19 56:21 56:23 56:25 57:15 57:18 58:6 58:6 59:24 61:10 61:10 63:3 63:9 63:14 63:18 63:20 64:2 64:8 64:11 64:13 64:21 65:2 65:10 66:24 67:12 67:13 67:22 67:23 68:5 68:25 69:2 69:9 69:23 69:25 70:1 70:10 70:10 71:21 71:22 71:22 71:24 72:5 72:6 72:7 72:7 72:8 72:10 72:12 72:13 72:15 72:16 72:23 73:2 73:3 73:8 73:8 73:11 73:13 73:15 74:3 74:7 74:10 74:17 74:17 74:19 74:21 74:23 74:24 74:25 75:8 75:16 75:22 76:2 76:8 76:9 76:10 76:16 76:19 76:24 77:3 77:8 77:17 77:18 78:8 78:10 78:10 78:16 80:4 80:11 81:1

**washington**(1) 2:15
**wasn't**(9) 9:21 17:16 23:9 36:4 36:7 50:23 52:4 57:24 60:12

**water**(1) 32:3
**way**(9) 13:2 22:11 22:14 34:11 45:12 45:15 51:5 61:1 74:25

**ways**(1) 18:20
**we'd**(2) 9:13 11:1
**we'll**(2) 13:24 80:19
**we're**(9) 3:13 16:6 34:21 36:8 36:15 39:6 41:24 48:23 80:23
**we've**(5) 9:6 11:21 12:12 16:15 22:10
**wednesday**(1) 3:1
**weisbrod**(9) 2:12 6:10 6:10 8:21 10:13 16:14 16:18 16:22 17:5

**weisbrod's**(2) 9:21 19:24
**welcome**(5) 11:7 20:25 32:23 53:4 61:23
**well**(39) 6:11 8:4 15:3 15:8 16:3 19:17 23:10 34:6 37:3 37:24 38:14 45:4 48:2 48:3 49:9 51:18 57:6 58:17 60:7 61:17 70:17 70:20 73:9 73:16 73:17 74:2 74:16 76:6 77:6 77:11 78:5 80:4

**wells**(1) 53:21
**went**(16) 14:9 15:23 52:16 72:11 72:14 73:13 73:13 74:10 74:20 75:6 75:23 76:4 76:6 76:8 77:4 77:7

**were**(66) 6:22 7:3 7:4 7:5 7:23 7:23 7:24 8:9 8:11 9:24 11:21 11:24 12:5 12:19 12:21 13:22 14:6 18:3 18:15 19:7 19:19 20:1 20:15 21:23 22:2 22:16 24:14 24:17 28:1 30:20 37:3 37:6 39:24 41:4 41:5 42:4 43:11 44:2 44:9 44:20 47:17 48:1 52:12 52:19 54:22 57:19 60:6 63:19 69:6 71:2 71:9 72:14 72:17 72:25 73:15 73:17 73:20 74:2 74:5 74:13 76:7 76:10 77:11 77:22 78:20 80:1

**weren't**(1) 20:15
**west**(1) 1:26

**what**(82) 5:13 6:22 7:10 8:5 8:9 9:3 11:5 11:23 12:24 14:12 15:20 15:25 16:19 17:24 20:8 21:25 22:17 23:17 23:19 24:8 24:21 25:22 26:5 26:12 27:22 28:14 32:11 34:10 35:6 35:14 36:1 36:5 36:9 38:25 40:8 40:8 41:4 41:7 41:8 41:10 41:24 41:24 42:4 43:18 43:22 44:17 45:15 45:22 46:16 47:20 48:2 51:1 51:1 51:2 52:15 52:17 53:7 53:15 53:25 54:2 54:16 55:1 56:1 56:4 56:7 56:21 57:2 57:5 57:25 58:22 60:21 71:14 71:22 73:2 73:17 75:11 75:14 75:16 75:17 76:22 77:7 78:8

**what's**(6) 10:2 17:20 21:5 26:7 53:2 53:2
**whatever**(1) 16:25
**whatsoever**(1) 39:3
**when**(47) 8:21 9:23 12:17 12:24 13:23 21:17 21:23 21:24 24:1 24:3 27:20 28:1 28:18 28:20 28:20 35:2 41:22 44:2 45:7 46:13 46:7 46:14 46:19 48:1 48:12 49:8 49:13 49:16 50:6 50:21 50:23 52:8 54:10 54:19 63:22 67:25 69:24 69:25 70:13:10 73:14 74:3 74:7 77:7 79:6 79:11

**where**(13) 8:1 26:1 26:16 29:17 31:14 36:15 37:7 41:4 41:16 50:8 61:16 69:6 78:11
**whereupon**(1) 81:1
**whether**(7) 7:20 24:4 45:2 57:23 59:10 60:19 67:18

**which**(51) 3:16 4:2 4:18 4:18 6:1 6:23 8:13 8:15 9:6 9:19 19:10 19:21 21:14 22:10 24:12 25:16 25:17 31:6 31:6 32:2 35:7 40:20 42:8 46:19 53:13 53:22 56:16 58:18 61:12 62:9 63:3 63:19 64:2 64:13 65:2 65:2 66:8 66:16 66:24 67:9 67:25 68:3 68:3 68:20 70:10 70:18 72:5 72:15 72:25 73:3 74:19

**while**(3) 39:11 59:24 69:24
**who**(16) 28:4 29:14 29:21 30:15 30:16 30:17 30:18 30:19 31:11 43:7 49:11 49:19 69:3 69:7 69:11 71:10

**who's**(2) 6:12 43:19
**whole**(4) 29:20 31:21 75:14 77:15
**why**(13) 7:2 28:4 33:11 44:14 47:17 48:23 56:22 59:22 62:19 67:25 68:1 68:8 77:15

**wife**(2) 40:14 41:2
**will**(36) 4:21 12:11 13:14 14:21 16:23 17:1 21:24 24:16 29:25 31:2 31:3 32:20 36:1 36:5 36:5 36:6 40:19 41:22 47:9 47:11 53:13 54:3 55:21 57:1 57:23 58:22 58:24 58:25 59:5 59:6 68:17 69:14 70:15 70:15 71:16 76:21

**wilmington**(6) 1:11 1:27 2:8 2:22 3:1 75:8
**wine**(1) 48:25
**wish**(6) 4:8 5:7 32:22 79:24 80:10 80:11

**with**(139) 4:16 4:17 4:24 5:15 5:24 6:8 6:11 7:14 7:16 7:17 7:22 9:18 11:11 11:15 11:15 11:22 13:13 13:17 14:5 14:11 14:15 14:20 15:18 17:12 18:2 18:5 18:6 18:25 19:3 19:8 20:18 20:21 23:16 23:24 24:11 24:16 25:12 25:19 25:21 25:25 26:22 29:5 30:4 30:16 31:17 33:11 34:14 35:8 35:9 35:11 35:16 35:22 37:8 37:14 38:5 38:8 38:9 39:12 39:17 40:10 41:1 41:5 42:1 43:18 44:15 44:16 45:7 45:15 49:22 50:10 50:22 50:25 51:6 51:9 51:14 52:4 52:14 53:12 53:16 53:18 54:13 55:2 55:18 56:8 56:9 56:24 58:19 59:7 60:1 61:15 62:24 62:25 63:13 63:23 64:3 64:22 65:14 65:19 65:24 66:11 66:19 66:23 67:14 67:14 67:21 68:7 68:14 68:16 68:19 69:9 69:12 69:16 70:9 70:21 70:24 72:3 72:6 72:8 72:8 73:1 73:8 73:11 74:21 75:20 76:17 77:11 77:17 77:20 78:25 79:9 80:2 80:9

**withdraw**(1) 66:3
**withdrawing**(1) 7:25
**withdrawn**(1) 7:15
**withdrew**(3) 6:20 7:14 7:18
**within**(4) 7:16 37:21 65:4 67:7
**without**(3) 8:16 49:13 60:14
**wondering**(1) 51:9
**word**(2) 29:3 78:10
**wording**(1) 45:17
**words**(1) 21:14
**work**(12) 8:8 17:6 44:1 44:13 44:14 44:20 46:16 48:18 52:19 58:2 74:23 76:22

**worked**(6) 38:11 44:8 44:8 49:7 49:12 74:23

**working**(1) 3:13
**workout**(1) 23:16
**world**(1) 35:18
**worth**(1) 31:15
**worthless**(1) 79:24
**would**(73) 3:16 6:4 6:6 6:8 8:22 8:24 9:4 11:1 11:2 11:17 12:14 14:13 14:17 15:20 17:10 18:9 20:8 22:17 23:5 24:18 25:5 27:5 28:23 28:15 30:1 30:10 31:24 32:8 32:15 32:22 35:18 36:5 37:7 37:9 37:14 39:2 39:9 39:21 40:16 41:9 42:7 47:23 48:17 52:20 55:11 58:16 59:17 60:6 60:8 60:21 62:1 63:5 65:23 66:2 68:7 68:24 69:7 69:9 70:10 70:2 71:6 71:10 71:14 71:15 71:16 72:18 72:19 73:1 73:5 73:6 73:19 74:15 78:18

**wouldn't**(1) 47:25
**written**(1) 23:6
**wrong**(7) 33:21 46:2 48:9 51:21 53:16 56:10 79:15

**wronged**(1) 79:14
**wrote**(1) 74:20
**www.diazdata.com**(1) 1:43
**yeah**(5) 25:17 26:17 28:11 49:2 78:21
**year**(8) 5:1 9:7 64:8 64:16 72:24 73:18 73:21 77:3

**years**(17) 48:8 49:1 49:17 49:23 50:17 50:23 51:9 51:14 53:1 57:13 67:21 67:22 72:25 75:19 77:21 78:7 79:16

**yes**(14) 15:9 17:18 27:8 27:10 31:4 32:6 57:3 57:5 59:18 61:3 61:5 62:4 71:18 80:14
**yet**(2) 13:16 60:1
**york**(2) 1:34 2:13
**yorktown**(2) 63:9 63:11

| Word | Page:Line |
|------|-----------|

**you**(205) 3:8  4:4  4:14  5:10  6:22  7:1  9:13
9:15  9:22  9:23  10:21  11:6  13:2  14:2  15:5
15:15  15:16  15:17  15:25  16:1  16:22  17:5
17:6  17:11  17:24  18:14  18:18  19:1  19:13
19:14  19:15  19:18  20:2  20:7  20:7  20:9
20:12  20:13  20:18  20:21  20:24  24:1  24:2
24:3  24:4  24:22  25:8  25:9  25:13  25:13
25:14  25:14  25:15  25:21  25:22  25:22  26:1
26:4  26:8  26:9  26:12  26:13  26:22  26:22
27:7  27:11  28:7  28:8  28:22  29:1  29:8
29:25  31:3  32:5  32:6  32:9  32:22  33:8
33:17  33:24  34:1  34:11  34:13  34:16  35:3
35:15  36:14  37:4  37:7  37:24  38:6  38:25
40:7  40:7  41:1  41:7  41:8  41:8  41:9  41:9
42:3  42:5  42:14  42:15  42:19  43:13  43:18
43:20  44:12  44:12  44:24  45:2  45:10  45:12
45:14  46:1  46:3  47:5  47:8  47:21  48:3
48:4  48:10  48:12  48:17  48:17  48:20  48:25
49:4  49:8  49:24  50:5  50:12  50:21  50:21
51:4  51:15  51:16  51:17  51:19  51:19  51:24
52:1  52:18  52:24  53:3  53:7  53:14  53:23
54:8  55:12  55:23  55:24  56:6  56:6  57:4
57:6  57:23  59:17  59:18  60:3  60:13  60:22
61:5  61:7  61:22  61:25  62:4  62:19  62:23
67:11  69:5  71:17  72:19  73:16  73:22  74:1
74:2  75:11  75:24  76:12  76:21  78:2  78:5
78:15  78:19  78:20  79:5  79:6  79:8  79:10
79:12  79:13  79:14  79:15  79:21  79:25  80:1
80:6  80:10  80:10  80:10  80:11  80:24  80:25

**you'd**(2) 62:13  62:17
**you'll**(2) 72:22  80:13
**you're**(12) 10:2  11:7  16:15  20:25  32:23
34:4  40:7  50:25  52:16  53:4  56:6  61:23

**you've**(7) 15:8  22:25  52:22  52:23  61:6
62:17  79:17

**young**(1) 1:22
**your**(188) 3:3  3:10  3:13  3:25  4:14  5:11
6:10  9:4  9:16  9:18  10:2  10:4  11:6  11:8
11:10  12:13  12:20  13:3  13:14  14:2  14:23
14:24  16:3  16:6  17:5  17:13  17:15  18:25
21:1  21:3  21:4  21:21  21:23  22:6  22:12
22:23  23:4  23:19  25:3  25:8  25:10  27:11
27:20  28:8  28:12  28:24  29:2  29:9  31:4
32:6  32:25  33:4  33:7  33:20  34:2  34:3
34:4  34:16  34:17  35:17  35:20  36:3  36:13
36:20  36:23  37:6  37:25  38:6  38:19  39:8
39:15  39:19  40:1  40:15  40:20  40:25  41:7
41:11  41:13  42:3  42:15  42:17  43:3  43:15
43:25  44:8  44:22  44:23  45:5  45:6  45:12
45:20  45:25  46:2  46:4  46:18  46:24  47:1
47:10  47:11  47:14  47:18  48:11  48:22
48:24  48:25  49:3  49:6  49:10  49:14  49:15
49:19  49:24  50:1  50:2  50:4  50:7  50:12
50:15  50:19  50:23  51:2  51:7  51:11  51:16
51:20  51:21  51:23  51:25  52:5  52:7  52:11
52:15  52:21  52:25  53:3  53:5  53:5  53:9
53:20  53:23  54:2  54:7  55:2  55:7  55:11
55:24  56:2  56:3  56:4  56:5  56:8  56:11
56:18  56:19  57:4  59:18  59:20  60:10  61:3
61:6  61:6  61:8  61:11  61:14  61:15  61:16
61:25  62:4  62:8  62:21  63:15  67:17  71:1
71:3  73:25  75:3  75:10  78:3  78:14  79:1
79:12  79:19  79:23  80:8  80:14  80:19  80:25

**zelman**(2) 48:5  56:15
**zowalsky**(3) 46:22  46:24  47:2
**zuckerman**(8) 2:4  2:4  5:23  5:25  6:12  7:1
9:17  16:9