IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x   Chapter 11
In re:                                                        :
                                                              :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,[1]            :   Jointly Administered
                                                              :
    Debtors.                                                  :   Objection Deadline: July 12, 2011 at 4:00 PM (ET)
                                                              :   Hearing Date: July 19, 2011 at 10:00 AM (ET)
                                                              :
------------------------------------------------------------- x

## PLAN TRUSTEE'S MOTION FOR AN ORDER
## EXTENDING THE TIME TO OBJECT TO ADMINISTRATIVE CLAIMS

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors") hereby moves (the "Motion") this Court pursuant to Article 3, Section B(2)(ii) of the Plan, § 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order extending the deadline by which parties in interest may file an

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

objection to an Administrative Claim[2] for approximately ninety days through and including October 6, 2011. In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

2. The statutory bases for the relief requested herein are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

## BACKGROUND

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. The Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan became effective on November 30, 2010 (the "Effective Date").

5. Pursuant to the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly

---

[2] All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

6. Pursuant to Article 3, Section B(2)(ii) of the Plan, all objections to allowance of Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than ninety (90) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline"). The Administrative Claims Objection Deadline was extended to July 4, 2011 in accordance with the terms of the Plan. The Plan further provides that "the Administrative Claims Objection Deadline may be further extended by an Order of the Bankruptcy Court, which Order may be granted without notice to any creditors." Plan, Art. 3B(2)(ii).[3]

## RELIEF REQUESTED

7. By this Motion, the Plan Trustee seeks entry of an order extending the Administrative Claims Objection Deadline for approximately ninety days through and including October 6, 2011. The Plan Trustee further requests that the extension proposed herein be granted without prejudice to its right to seek further extensions of the Administrative Claims Objection Deadline.

## BASIS FOR RELIEF REQUESTED

8. Pursuant to Article 3, Section B(2)(ii) of the Plan, following an initial extension at the sole discretion of the Plan Trustee, the Administrative Claim Objection Deadline may be further extended by order of the Bankruptcy Court.

9. The Plan Trustee submits that cause exists to extend the Administrative Claims Objection Deadline. To date, over 200 requests for administrative expenses have been

---

[3] Pursuant to Local Rule 9006-2, the Plan Trustee is provided with an automatic extension of the Administrative Claims Objection Deadline until such time as the Court rules on the Motion.

asserted against the Debtors' estates. Many requested administrative expense claims involve complex legal issues and require time consuming factual analysis. The Plan Trustee has made substantial progress in analyzing and reconciling claims filed in these chapter 11 cases. Since the Effective Date, the Plan Trustee and its professionals have worked diligently in (i) reviewing and analyzing the requests for administrative expense that have been filed; (ii) performing the required due diligence to determine the objectionable requests; and (iii) negotiating resolutions to certain claims that best maximize the estates' recoveries. Nevertheless, given the complex nature of the claims filed, many claims are still being evaluated by the Plan Trustee to determine whether such claims have asserted valid amounts, priorities, and classification.

10. Accordingly, extending the Administrative Claims Objection Deadline is necessary and in the best interests of the Plan Trustee, the Debtors and their estates. An extension of the Administrative Claims Objection Deadline is necessary to allow the Plan Trustee sufficient time to finish its evaluation of all outstanding claims and to ensure the efficient and accurate completion of this process. The Plan Trustee further submits that the extension requested in this Motion is not sought for the purposes of delay. A complete reconciliation will prevent creditors from potentially receiving an unwarranted recovery to the detriment of other creditors. Therefore, extending the Administrative Claims Objection Deadline will not prejudice any of the estates' creditors and will preserve the rights of the Plan Trustee to object to Administrative Claims so as to maximize recovery to appropriate creditors.

## RESERVATION OF RIGHTS

11. The Plan Trustee reserves its right to seek further extensions of the Administrative Claims Objection Deadline.

## **NOTICE**

12. In accordance with Article 3, Section B(2)(ii) of the Plan, the Plan Trustee is not required to provide notice of this Motion to any creditors. Notice of this Motion has been provided to those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein and the terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

WHEREFORE, the Plan Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as the Court deems necessary and appropriate.

Dated: Wilmington, Delaware
       June 28, 2011

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Margaret Whiteman Greecher*
> Sean M. Beach (No. 4070)
> Margaret Whiteman Greecher (No. 4652)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> Facsimile: (302) 571-1253
>
> -and-
>
> HAHN & HESSEN LLP
> Mark S. Indelicato
> Edward L. Schnitzer
> 488 Madison Avenue
> New York, New York 10022
> Telephone: (212) 478-7200
> Facsimile: (212) 478-7400
>
> *Counsel for the Plan Trustee*