```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE

IN RE:                          )   Case No. 07-11047(CSS)
                                )   (Jointly Administered)
                                )
AMERICAN HOME MORTGAGE          )   Chapter 11
HOLDINGS, INC., et al.,         )
                                )   Courtroom 6
          Debtors.             )   824 Market Street
                                )   Wilmington, Delaware
STEVEN D. SASS, AS PLAN         )
TRUSTEE OF THE AMERICAN HOME    )   July 13, 2011
MORTGAGE PLAN TRUST             )   12:00 p.m.
                                )
          Plaintiff,           )   Adv Proc No 09-51739(CSS)
                                )
     - against -                )
                                )
ON GUARD SECURITY SERVICES,     )
INC.,                           )
                                )
          Defendant.           )
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Plan Trustee:          Hahn & Hessen, LLP
                           BY: EDWARD SCHNITZER, ESQ.
                           BY: NICHOLAS RIGANO, ESQ.
                           488 Madison Avenue
                           New York, NY  10022
                           (212) 478-7200

                           Blank Rome, LLP
                           BY: ALAN ROOT, ESQ.
                           1201 Market Street, Suite 800
                           Wilmington, DE  19801
                           (302) 425-6400

ECRO:                      LESLIE MURIN

Transcription Service:     DIAZ DATA SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

2

APPEARANCES:
(Continued)

For On Guard Security        Fox Rothschild, LLP
Services:                    BY: CARL NEFF, ESQ.
                             919 North Market Street
                             P.O. Box 2323
                             Wilmington, DE  19899
                             (302) 654-7444

1

 1    WILMINGTON, DELAWARE, WEDNESDAY, JULY 13, 2011, 12:10 P.M.

 2              THE CLERK:  All rise.

 3              THE COURT:  Please be seated.  Good morning.

 4    Good afternoon.  Good something.

 5              MR. SCHNITZER:  Good afternoon, Your Honor.

 6    Edward Schnitzer from Hahn & Hessen on behalf of the

 7    American Home liquidating trustee.

 8              Your Honor, we're here today, at least firstly

 9    today, on the American Home liquidating trustee's motion for

10    summary judgment in the On Guard Preference Action.

11              Your Honor, briefly, I just wanted to give you a

12    history of the preferences here just so you had a perhaps

13    better understanding of why we're here today, as well as, as

14    you know you scheduled two more on Friday.

15              Your Honor, through this case, we coupled with

16    other counsel, examined preference period transfers to

17    approximately 400 entities.  After that examination was

18    complete, we filed complaints against approximately 300

19    entities.  Those 300 entities, those complaints have been

20    split into the following.  We settled approximately 170,

21    bringing in value of over $4.5 million to the estate.  We

22    dismissed 90 actions straight out based upon showings of

23    complete defenses.  We defaulted and are in the process or

24    have already received judgments against approximately 30

25    entities.  And that left us with roughly if you do the math,

1  ten leftover.  Of those ten matters leftover, five have

2  pending summary judgment motions.  You'll hear arguments on

3  two of those today and you'll hear two on Friday.  The last

4  of the five oral arguments was not requested so you --

5  unless Your Honor would like, you are not going to hear oral

6  arguments on that one.

7          Also by way of background, Your Honor, of the

8  four matters for which you're going to hear summary judgment

9  motion arguments today and Friday, each of those matters has

10 gone through discovery, most of which extensive discovery.

11 Three of them have had depositions either of us a defendant

12 witness and/or the defendant of a trustee witness.  Each

13 matter has also gone through mediation.  Unfortunately, as

14 you can imagine by the fact that we're here, mediation was

15 unsuccessful, although the parties did try in good faith to

16 resolve it.

17         Unfortunately, Your Honor, in each of these four

18 matters, we're in a position where the parties have reached

19 an impasse due to basically a fundamental difference of

20 opinion as to the law and that's what brings us here today.

21         Specifically, Your Honor, for the one before you

22 today, On Guard, On Guard concerns preference period

23 transfers totaling $629,175.45.  This preference is notable

24 primarily because of a 200 -- an approximate $200,000 wire

25 made on the eve of bankruptcy.  And that wire was made due

1   to certain pressure which I'm going to highlight for you

2   today.

3           Your Honor, as you know, there are the 547(b)

4   elements for which we have the burden.  There are the 547(c)

5   elements for which the Defendant has the burden.  There is

6   no dispute for nearly all of the 547(b) elements.  The only

7   dispute is respect to antecedent debt and only with respect

8   to $37,500 of the wire transfer.

9           Your Honor, as we covered in the briefs and I

10  didn't intend to repeat at least in full what we mentioned

11  in the briefs, Your Honor.  We submit that the entire wire

12  was payment of antecedent debt.  We submit that's the case

13  because it paid debt under a private security agreement

14  which was dated in March and we've provided case law in the

15  brief including a couple cases which I'll mention one,

16  *CyberMac* from the Fourth Circuit in '94, *Kalon* from the

17  Northern District of Illinois in '85, and *Innovid* from

18  Massachusetts in 2006.  Those cases stated quite clearly

19  that a debt contingent or otherwise is incurred at the

20  contract signing.  And so if you have a payment made

21  pursuant to that contract, there is an antecedent debt

22  assuming the contract, of course, was entered into before

23  the payment.  We believe that's the situation here.  This

24  was a wire made on August 3, 2007.

25          THE COURT:  Did those cases involve ongoing

1  services such as in the case here?

2          MR. SCHNITZER:  I don't believe they're similar

3  to -- no, Your Honor, I don't believe they necessarily did.

4  Your Honor, we would submit that the wire being paid in

5  August, five months after the private security agreement is

6  on account of antecedent debt.  Nonetheless as I mentioned,

7  there's only $37,000 --

8          THE COURT:  There would have been no obligation

9  on the debtors to make those payments had the security

10  persons not shown up and done their job as requested and

11  required by the debtor.

12          MR. SCHNITZER:  That's correct, Your Honor.

13  Services were not provided.  There would have been no

14  obligation and that's why the point we tried to express in

15  the brief, Your Honor, and that the cases hold, that the

16  debt doesn't need to be non-contingent.  It can be a

17  contingent debt and still be antecedent debt that the cases

18  have held that for the antecedent debt element under 547(b),

19  it's not a requirement that the debt is 100 percent due and

20  owing.

21          THE COURT:  How is the debt contingent?

22          MR. SCHNITZER:  It's contingent, Your Honor,

23  because there was an obligation under the private security

24  agreement for On Guard to provide security and for American

25  Home to pay them.  And so by entering into the contract,

1   American Home agreed to pay On Guard for that security

2   services.

3          So unlike a situation where perhaps you could

4   have a good provider or service provider that works on an

5   invoice by invoice basis, a purchase order basis, you know,

6   I call you when I need goods, only then and there.  This was

7   an ongoing arrangement.  There was a contract that governs

8   the price and the services so there was an obligation that

9   existed.  They were obligated to provide the services.  We

10  were -- we, American Home was obligated to pay for it as

11  opposed to a phone call saying we need security today, we

12  need security tomorrow.  It existed and was put into place

13  back in March when On Guard took over for a private security

14  firm.  And particularly for security services as you can

15  imagine.  This wasn't a one off situation.  It wasn't we

16  need a wheelbarrow today, this is the situation where

17  security was needed relatively speaking around the clock,

18  you know, 24/7 at various locations.

19          THE COURT:  Um-hum.

20          MR. SCHNITZER:  Your Honor, jumping away from the

21  antecedent debt, we're then basically left with your typical

22  547(c) defenses.  The main defense at issue here is ordinary

23  course of business.  I want to split it into the checks and

24  wires.

25          The checks, Your Honor, our position is simple.

1  Historically, invoices from On Guard were paid 41-1/2 days

2  after date of invoice.   In the preference period, they were

3  paid on average of 23 days after invoice.   Your Honor, we

4  submit that that difference in average which is 18 days

5  quicker is significant both statistically as a percentage,

6  as a matter of just looking at the numbers, that in the

7  preference period things changed.   Things changed and

8  payments were made significantly quicker to the benefit of

9  On Guard, to the detriment of other unsecured creditors of

10  American Home.  We submit for that reason On Guard cannot,

11  has not, and will not meet its burden in establishing the

12  ordinary course of business for the checks.

13          I jump to the wire which is really, we'll call it

14  the elephant in the room.  Your Honor, the wire is I don't

15  want to say it's why we're here today because while it is

16  approximately $200,000, this is a $630,000 case.  It is a

17  primary reason of why this case has a summary judgment

18  argument before you.  This is a wire made on August 3.

19  August 3 was a Friday.  The debtors filed bankruptcy on the

20  coming Monday.  So it's made one business day before.  That

21  alone, I think is very important.

22          More importantly, Your Honor, is why the wire was

23  made.  As you'll see in the papers and I don't believe these

24  facts are in dispute, the wire was made because of a letter.

25  And we'll start at least chronologically.  The reason the

1    wire was made according to the Defendant's own words is and

2    this is I'm reading from you from Tab 1, Exhibit E which is

3    the deposition transcript of Mr. Alberts.  Mr. Alberts says

4    they, and by they, he means two employees of the debtors,

5    called me and asked me to come to the corporate headquarters

6    at 535 Broad Hollow Road in Melville.  And they told me that

7    the company was going to file for bankruptcy.  He then

8    further explains that they -- he states that they told him

9    that if he wanted to get paid, he needed to send them a

10   letter demanding payment.

11           And then Mr. Alberts as shown in Tab -- Exhibit A

12   of Tab 1, he sends a letter to Mr. Robert Bay, National

13   Security Director for American Home Mortgage on August 2, so

14   now we're on the Thursday before the Monday bankruptcy.  In

15   that letter, he states Dear Mr. Bay, pursuant to our

16   conversation, attached is an invoice detailing the

17   outstanding balance for services provided.  The total moneys

18   owed as per this invoice is $124,744.15.  Additionally, in

19   order to provide continuing security services as detailed on

20   the attached invoice, On Guard Security Services, Inc., will

21   require payment of $75,000 in advance.  It is respectfully

22   requested that the combined balance of $199,744.15 be wire

23   transferred to the On Guard Security Services, Inc., bank

24   account as follows.  Then he provides the wire information.

25           Your Honor, this is what leads to the wire

1  payment of $200,000.  We believe there was no fact at issue

2  with respect to why this wire occurred.  This wire occurred

3  based on On Guard being told while other parties were not,

4  that American Home intended to file for bankruptcy and if

5  they wanted to get paid, they needed to send effectively a

6  demand letter demanding payment and it needed demand payment

7  by wire because Your Honor as you're probably well aware,

8  had they received a check on the Friday and the bankruptcy

9  on the Monday, the odds are quite high that that check would

10  have bounced.

11          What happened, Your Honor, as you can imagine,

12  they send the letter August 3.  They get the payment on

13  August 3, the Friday, wires relatively speaking never get

14  reversed.  It does not get reversed and they get their

15  $199,744.15 on the Friday while other unsecured creditors,

16  you know, did not get paid.

17          Other facts that are important about this wire

18  for the ordinary course defense, Your Honor.  On Guard

19  admits that there was never a wire made historically between

20  the parties.  All the other payments were by check.  More

21  importantly, On Guard even admits that it never got wires

22  from anybody else.  Their President, Mr. Alberts actually

23  used the word stipulate that he would stipulate that they

24  never received a wire from any other clients.

25          Additionally, American Home did not wire

1  ordinarily payments to trade debt, particularly at security

2  companies.  As we point out in our papers, the prior

3  security provider who's actually the defendant who's next on

4  your list this afternoon, Your Honor, with this motion for

5  summary judgment, P.M.C., provided security services to

6  American Home for multiple years, never received a wire

7  payment.  All of its payments by check.

8            What's also important here, Your Honor, because

9  there are cases that hold that wire by itself, you know,

10  isn't the one and only factor.  I think here we've shown you

11  many other reasons for why the wire was made.  But what's

12  also important is what the wire paid.  The wire paid

13  invoices ranging from 2 to 19 days old.  As mentioned

14  before, historically, invoices got paid around 41 days.  So

15  this wire was paying invoices that are quite fresh.

16            And the reason I bring that to your attention,

17  Your Honor, is if these invoices had been treated normally

18  or ordinarily, they would have been paid around 41 days.

19  Around 41 days would have put this into mid-August.

20  Obviously, as you can imagine, Your Honor, mid-August,

21  American Home was not paying pre-petition debt because it

22  was in bankruptcy and it would not be allowed to do so

23  without a Court order and I submit there's no reason a Court

24  order would have been obtained here.

25            So I think it's important to understand the

1  difference.  There are some cases where you have a wire in

2  the first day of preference period and there's an argument

3  well what's the difference.  If it had been a check, they

4  still would have gotten the money.  Just a few days later

5  here if this had been a check, they would not have gotten

6  the money.  And particularly, not if these invoices were

7  paid ordinarily.

8          Your Honor, next we go to ordinary business

9  terms.  The defendant raises that in their papers.  Your

10 Honor, we submit there's no evidence.  They have not set

11 forth sufficient evidence for you to deny a motion for

12 summary judgment.  They've made conclusory allegations --

13          THE COURT:  That's not their requirement to

14 submit sufficient evidence.  It's whether they've raised a

15 sufficient -- well, all right, it's sort of -- it's a -- the

16 words mean the same thing.  In other words, they have to

17 raise sufficient evidence to create a dispute.  But in

18 looking at that evidence, I have to give them the benefit of

19 the doubt.

20          MR. SCHNITZER:  Sure, Your Honor.  But I make the

21 point that since this is a 547(c) defense where they have

22 the burden, it is a little different than them just

23 challenging us on an element where the burden is not as

24 high.  Where it's their burden to deny.  They can't simply

25 make conclusory allegations without actually something

1  behind it.  And all they've given you here is conclusory

2  allegations that they believe it's in the ordinary business

3  terms.  That the president believes it's ordinary.

4          And it's important to look at what the president

5  actually says and what their argument is.  They argue a

6  couple of things.  One, they say well these payments, checks

7  or wires are ordinary in American Home's industry.

8          Your Honor, I believe the Third Circuit's been

9  quite clear on this.  And I believe so are some of -- most

10  of the other circuits, that for ordinary business terms, you

11  look to the defendant industry, you do not look to the

12  debtor industry by itself.

13          So in this case, even if that were true, even if

14  the checks and wires here were ordinary in the debtors'

15  industry, that wouldn't -- that's not the right industry to

16  look at.  And even if that was the right industry, as Your

17  Honor knows, you can't just look at the debtor.  The debtor

18  is not the industry.  But if you go to the correct industry

19  which is the security industry, you clearly can't just look

20  at On Guard.  On Guard is not the industry by its whole.

21  There are multiple security providers.

22          So just by stating what they believe is ordinary,

23  we believe is not sufficient that would allow them to

24  overcome the threshold that they need to make to stop this

25  Court from granting summary judgment.  Particularly, where

1  like I said, Your Honor, they have the burden.  Discovery

2  has been closed for almost a year.  They have provided

3  nothing.  They've provided no expert report, no name of an

4  expert, no evidence indicating how they would show ordinary

5  business terms.  So all you have before you is Your Honor,

6  we can show this is with an ordinary business terms.  That I

7  submit is not sufficient.

8         Just mentioning the wire specifically again with

9  American Home.  American Home did not ordinarily wire

10  payments to trade creditors.  Even if it did, again, it

11  wouldn't matter because that's not the right industry to

12  look at.

13         I move on from ordinary course to new value.

14  They again make some allegations about new value.  Again,

15  Your Honor, I submit they have not --

16         THE COURT:  Well, you -- in the ordinary course

17  in the field, you've talked about the wire.  Talk to me

18  about the checks.  And to that it goes to timing, doesn't

19  it?

20         MR. SCHNITZER:  Correct.  I think, Your Honor,

21  because there's no -- well an ordinary business course

22  between the parties, I don't think there's any dispute as to

23  the facts.  I believe it's a legal issue for which you could

24  make a determination as to whether the average payment being

25  23 in the preference period versus a historical 41 was in

1  the ordinary course of business between the parties.

2            As to ordinary business terms on the checks, I

3  believe again, they have not set forth any admissible

4  evidence which would give you a basis to deny summary

5  judgment.  And to deny summary judgment, I believe they have

6  to do more than just allege those were made according to

7  ordinary business terms.

8            Again, if it were our burden, that may be

9  sufficient, although I still think it wouldn't be because

10  case law holds conclusory allegations aren't sufficient.

11            THE COURT:  Well there are cases that say that

12  payment inside the -- early in the invoice period can

13  constitute ordinary course terms.

14            MR. SCHNITZER:  That is correct, Your Honor, but

15  I would at the same time refer to I believe it's the *TWA*

16  case which then specifically says where that just payment

17  within terms is not in and of itself, you know, the end of

18  the question.  You can't just say within terms ordinary.

19  And I believe -- well I don't believe, 547(g) specifically

20  says it would be their burden to establish that in their

21  industry, that invoices are regularly paid shorter than

22  invoice terms.  Here terms were 45.  There were payments

23  being made on 23 days.  So more than three weeks early.

24  They would have to show that that's ordinary in the

25  industry.

1          Your Honor, I submit two things.  I submit A,

2   it's not, but my opinion on that isn't really relevant here.

3   I submit, Your Honor, that's what's important here is they

4   have not shown that.  They can't show that.  There's no

5   evidence they've produced that indicates that.  I'm not even

6   sure there's actually an argument that says it is.  I don't

7   even think they've made that argument.  But an argument, I

8   submit, Your Honor, isn't something that can be considered

9   where there's nothing to back up that argument.

10          Your Honor, jumping to one of the next 547(c)

11  defenses for which they have the burden is new value.  Your

12  Honor, what you see in their papers is we have new value.

13  We'll be able to show new value.  We can show something.

14  You see, what you see again is no facts, Your Honor.  You

15  see no analysis.  You see no invoices.  You see no dates of

16  the providing of goods.  And we have a situation again,

17  discovery ended in the Fall of 2010.   They produced

18  nothing showing new value.  And then they just make an

19  argument saying well we can, well we'll be able to.  But

20  Your Honor, I would submit having failed to produce anything

21  in '10 and giving you no concrete evidence of new value

22  here, I submit that that again is not a basis for you to

23  deny summary judgment in plaintiff's favor where they've

24  done nothing other than basically argue we have new value,

25  it will meet the *Pillowtex* standard and that's all.

1          Again, there's not even a spreadsheet explaining

2   the calculation.  There's not even a spreadsheet referring

3   to invoices.  There is no proof of services provided after

4   any of the transfers that qualifies as new value.  I believe

5   what you have before you is not sufficient to deny summary

6   judgment.

7          The last defense I mention, Your Honor, which to

8   some extent is in reverse order given the order of 547(c) as

9   contemporaneous exchange.  Again, Your Honor, I think it's

10  similar to new value in that they have not presented any

11  evidence of a contemporaneous exchange.  As Your Honor

12  knows, there are two elements.  There's an intent and

13  there's also the in fact element.

14         Your Honor, I don't believe they presented any

15  evidence that that was the intent of the parties either On

16  Guard or the debtors.  That there was an intent that this

17  wire was to be a contemporaneous exchange for new value.

18  They've produced no documents showing that.  Mr. Alberts was

19  deposed at length.  He made no mention of that.

20         THE COURT:  Doesn't the letter establish that?

21         MR. SCHNITZER:  Your Honor, I don't believe it

22  does.  What the letter shows is that $124,000 of the

23  $199,000 wire was for outstanding balance and that they were

24  requesting a payment of $75,000 in advance.  You have this

25  letter being sent on August 2.  The payment's made on August

3.  By the time of August 3, first of all, much of that

$75,000 or not much, but a good portion of it has already

been incurred because it -- there were several days for

which they had done work and that was not included on their

outstanding balance.

Secondly, Your Honor, I would argue and I admit

it is a technical --

THE COURT:  Are they claiming the entire 75 is

contemporaneous or only the 37.5?

MR. SCHNITZER:  I'm honestly not sure, Your

Honor.

THE COURT:  All right.  I'll ask them that

question.

MR. SCHNITZER:  I'd like to say the 37.5, but I

don't want to --

THE COURT:  I'll ask them that question.

MR. SCHNITZER:  -- put words.  Your Honor, I do

think and like I said, I admit it is a technical point.

There is a difference between them requiring a payment in

advance and a payment to be made, a contemporaneous

exchange.  I -- and the difference being and this kind of

circles back to the antecedent debt discussion that we

already had.  This 75 was payment on the debt under the

private security agreement.  They intended to provide the

security services in the future.  I don't believe that is

1    synonymous with a contemporaneous exchange --

2              THE COURT:  Okay.

3              MR. SCHNITZER:  -- defense.  Your Honor, those

4    were the points I intended to raise with respect to On

5    Guard, unless the Court has further questions.

6              THE COURT:  I have none, thank you.

7              MR. SCHNITZER:  Thank you, Your Honor.

8              THE COURT:  I'll hear the other side.

9              MR. NEFF:  Good afternoon, Your Honor.  Carl

10   Neff.  For the record, Your Honor, Carl Neff from Fox

11   Rothschild on behalf of On Guard Security Services.

12             Your Honor, I can address questions that you have

13   or I can just go through the points that we make in our

14   brief.

15             THE COURT:  Well let's just talk first about the

16   last question I asked.  On the contemporaneous exchange in

17   connection with the wire transfer, what is that you're

18   alleging was contemporaneously exchanged, the full 75 or the

19   37.5?

20             MR. NEFF:  Yes, Your Honor, the entire 75.

21             THE COURT:  Okay.

22             MR. NEFF:  Essentially, just to give Your Honor

23   some background.  The parties entered into a stipulation

24   stating that a portion of that $75,000 subpart of the wire

25   transfer was made on account of -- or I'm sorry, let me back

1    up.  We -- the parties stipulated to allow On Guard to

2    revise its response to request for admission to admit that

3    half of the $75,000 subpart of the wire transfer was on --

4    was made on account of -- was not made on account of an

5    antecedent debt.  Essentially, to give Your Honor the

6    timing, as Your Honor is aware, the debtors filed on or

7    about August 6 of 2007.  The timing of the check was about

8    August 2 and that the wire -- I'm sorry, the wire transfer.

9    And the $75,000 subpart of the wire transfer covered

10   services from July 31, 2007 to August 13 of 2007.

11              THE COURT:  Um-hum.

12              MR. NEFF:  So essentially, if you look at a

13   couple of issues, A, the letter itself is proof or at least

14   evidence that raised material issue of a genuine issue of

15   material facts.  The timing of the transfer was made

16   literally right in the midst of those services being

17   contemplated by that $75,000 portion of the transfer.

18              And finally, Your Honor, you know, On Guard is

19   entitled to put its President Owner, Robert Alberts on the

20   stand and testify as to what the parties intent was and also

21   is entitled to put members, directors and officers of the

22   debtors on the stand and also testify -- have them testify

23   as to what their -- the debtors' intent was.  So

24   essentially, we're arguing that the entire $75,000 portion

25   of the wire transfer is shielded from recovery based upon

1  this 547(c)(1) defense.

2          THE COURT:  Okay.

3          MR. NEFF:  If I could backtrack a little bit,

4  Your Honor, the first point that the plaintiff made,

5  discussed the cases that they referenced with respect to the

6  fact that a portion of that $75,000 wire transfer is

7  $37,500.  Albeit the fact that it was received before

8  services were made was still on account of an antecedent

9  debt.  Your Honor, we would submit that the cases that the

10 plaintiff cites in support of this position are clearly not

11 analogous to the situation.

12         THE COURT:  Yeah, I agree.

13         MR. NEFF:  Okay.

14         THE COURT:  I don't think that argument holds

15 water.

16         MR. NEFF:  Okay.  I won't go into that then, Your

17 Honor.  Your Honor, if -- before I get into some of the

18 details of the arguments, if I could kind of provide you

19 with some of -- a general background on this case and of the

20 services that were provided by On Guard to the debtors.  And

21 it could kind of give you an understanding sort of of the

22 general relation between the parties.

23         On March 1, 2007, the parties entered in a

24 private security agreement, PSA, which did govern the

25 services that were provided from -- by On Guard to the

1   debtors.   The preference period started about May, early May

2   of 2007.   I believe May 6 or so, but don't hold me to that.

3   And, of course, ended when the debtors filed for bankruptcy.

4            On Guard provided services continuously

5   throughout the preference period.   And that's the basis of

6   our new value defense.   But without jumping to that first,

7   but in light of some of the points that plaintiffs' counsel

8   made specifically with respect to the transfer that was made

9   and the debtors bringing On Guard in to their offices to

10   advise On Guard that they will be filing for bankruptcy,

11   it's clear from the deposition testimony of many of the

12   deponents in this case, that the debtors determined On Guard

13   security services to be essential to them both during the

14   preference period and to -- and necessary to the successful

15   reorganization of the debtors.   And it's without a doubt

16   that On Guard continued to provide security services to the

17   debtors for approximately, I believe two and a half years

18   after they filed for bankruptcy petition.

19            So I just wanted to give Your Honor some

20   understanding that this isn't a case where On Guard hasn't

21   provided services for a period of time and the debtors had

22   no intention of using On Guard in the course of the

23   bankruptcy and they just decided to pay them off anyway.

24   This almost in a sense is a critical vendor where the

25   debtors are determining that the services of this entity are

1   essential to the reorganization of the debtors.  And

2   obviously, because they were paid prior to the debtors

3   filing for bankruptcy, there was no need to include On Guard

4   in a critical vendor motion and that's obviously why they

5   didn't proceed on those grounds.  So without --

6              THE COURT:  But none of that happened.

7              MR. NEFF:  Correct.

8              THE COURT:  Okay.

9              MR. NEFF:  It was not a -- right.  So I'm just

10  bringing this up to more discuss kind of the general

11  background and the intent of the parties and kind of give a

12  more global picture of this case before we get into the

13  minutia here.

14             THE COURT:  All right.

15             MR. NEFF:  Your Honor, obviously, with respect

16  to the standard, the burden is on the plaintiff to establish

17  that no genuine issues of material facts exist.  As Your

18  Honor is also aware, the ordinary course of business defense

19  pursuant to 547(c)(2) is highly fact intensive and it is

20  very rare and uncommon for it to be determined on a motion

21  for summary judgment.

22             I want to start first with the subjective prong

23  of the ordinary course of business defense, 547(c)(2)(a).

24  And let's just discuss that with respect to the non-wire

25  transfers, the checks.

1          Your Honor, as was stated by plaintiffs' counsel,

2    during the pre-preference period which was essentially March

3    1 to about May, sometime in early May of 2007, only a period

4    of about two months, checks were received on average 41.5

5    days after invoice which was in the terms of the invoices

6    themselves.  They were -- they set a payment due date as

7    being 45 days after invoice.

8          During the preference period as to the check

9    payments, those checks were received in a range from 20 to

10   61 days after invoice.  Your Honor, that's obviously one

11   factor to consider in looking at the subjective ordinary

12   course of business defense that the payments weren't

13   received too terribly different timing-wise from the time

14   that they were received during the pre-preference period.

15   Also, the checks were made, of course, in the same manner as

16   they were during the pre-preference period for the same

17   services.  And the timing, of course, was very similar.

18         So, Your Honor, there are clearly facts that

19   would show that this motion for summary judgment should be

20   denied as to the subjective prong of the ordinary course of

21   business defense.  At the very least, we would move -- not

22   move the Court.  We would -- we believe that these facts

23   clearly demonstrate an ordinary course of business defense,

24   but at the very least should survive a summary judgment

25   motion.

1          If I could get the objective ordinary course of

2 business defense as to all of the transfers, Your Honor, a

3 genuine issue of material facts certainly exists with

4 respect to whether the transfers are shielded from recovery

5 based upon 547(c)(2)(b).  Under the objective component of

6 this defense, On Guard must show that the transfers were

7 ordinary according to industry standards.

8          And I just want to jump into one thing.   The

9 plaintiffs did mention in their brief that it's the creditor

10 or defendants' industry that controls.  We stated in our

11 answering brief that the debtors specifically made payments

12 by wire and specifically the only other payment to any other

13 security provider that was made by the debtor was made by

14 wire.  I believe it was Imperial Security Services.  So that

15 in a sense is in the industry of the defendant.  That is

16 those -- we're talking about payments made by a debtor to

17 provider security services similarly to On Guard.

18          And the fact -- despite the fact that case law

19 may suggest that it's the defendants' industry that controls

20 and not the debtors' industry.  That's not to say that you

21 can't look at payments made from the debtor to other

22 customers or other client -- or other service providers of

23 the debtor that are actually in the same industry as the

24 defendant.  So we just think that we are -- I am stating

25 that that is a material fact that's not in dispute, but is -

1   - clearly shows that our -- that On Guard's objective

2   ordinary course of business defense is warranted.

3          Also, Your Honor, it is true that On Guard did

4   not retain an expert in this case to opine us to the

5   industry standards of defendants' industry.  But that being

6   said, On Guard is certainly within its rights to call Robert

7   Alberts, its President Owner to the stand and have him

8   testify as to payments he's received which would be within

9   the same industry, of course of his own company from other

10  clients that he has.

11         If you look at the deposition testimony of Robert

12  Alberts, he states that he has, I believe 35 to 40 other

13  customers.  And he uses the exact same invoice terms, 45

14  days late when payments are due.  And that would certainly

15  raise a genuine issue of material fact as to whether the

16  payments made, whether they were checks or by wire in this

17  scenario fall within the ordinary course of business of the

18  Defendants' industry.

19         So that would be another material fact that

20  certainly we have the right to, you know, put evidence on

21  to.  And whether Your Honor agrees with it or not is a

22  different issue, but certainly that's a right that the

23  defendants have in this case.

24         One other point and I believe Your Honor alluded

25  to it is that all of the transfers were made according to

1    ordinary business terms in that, you know, the PSA

2    established that payments were to be made 45 days after

3    invoice and all of the transfers were made according to such

4    terms.

5         The *TWA* case that plaintiff referenced in his

6    argument is analogous from this case.  And I believe if I

7    could just find this here.  I believe in the *TWA* case,

8    during the preference period, invoices were made according

9    to the invoice terms.  But during the pre-preference period,

10   invoices -- payments were not made according to invoice

11   terms.  And, therefore, the Court in *TWA* declined to follow

12   this line of holding given that the facts in that case were

13   analogous to some of the other cases that have adopted it.

14        In this situation, Your Honor, this matter is

15   distinguishable from *TWA* given that all the payments with

16   the exception of one payment in the amount of $6,000 was

17   paid within the invoice terms.  They were -- each payment

18   was made within 45 days except for that one payment for

19   $6,000 during the preference period which was 61 days late.

20        So, Your Honor, we would, therefore, state that

21   all of the transfers whether by wire, whether by check fall

22   within this exception.  And because they were all made with

23   the one exception of the $6,000 check within the invoice

24   terms, that they should be deemed by this Court to be

25   ordinary.

1          Your Honor, getting to the wire transfers and to

2    I know we discussed some of this already, but as Your Honor

3    is aware, there is a wire transfer made in the amount of

4    approximately $200,000.  It was $199,000 and change.

5    $75,000 of that was what the plaintiff -- or I'm sorry.  Was

6    what defendant contends was a prepayment in his brief and

7    stipulated due to its responses to a request for admission

8    that half of it was a prepayment, but defendant contends

9    that the entire amount of that $75,000 is a contemporaneous

10   exchange for new value.  And at the very least, a factual

11   issue exists with regard to that.

12          As to the remainder of that wire transfer, the

13   roughly $125,000, I just want to go in and discuss again

14   some of the things that plaintiffs' counsel said in his

15   argument.  The debtors specifically called our client in and

16   it's clear from the deposition testimony.  And stated we're

17   going to be filing for bankruptcy.  Your services are

18   essential.  We want to pay you whole and we want your

19   services to continue throughout the bankruptcy.

20          There was no pressure put on our client in

21   respect to this transfer.  Our client was told by the debtor

22   to write a letter invoicing the amount that is currently due

23   and owing or currently hasn't been paid.  I believe the July

24   2007 invoices is the amount that was -- constituted the

25   $124,000 and change.  The client or I'm sorry, the Defendant

1   did not go out of its way to threaten any sort of

2   retaliatory action.  And, in fact, it wouldn't have done

3   anything.  The testimony is clear it would have not taken

4   any action whatsoever had the debtors not called On Guard in

5   and said we need your services.  We want your services to

6   continue.  We're going to pay you.  Certainly, a genuine

7   issue of material fact exists --

8            THE COURT:  Well not to be too flip, but so.  It

9   doesn't matter.

10            MR. NEFF:  I'm sorry.

11            THE COURT:  How does it matter?  What -- how does

12   that matter?

13            MR. NEFF:  That matters because when you look at

14   the ordinary course of --

15            THE COURT:  If anything, it's an argument that it

16   was outside the ordinary course of business.

17            MR. NEFF:  Well, Your Honor, within the ordinary

18   course of business defense, one of the factors that a Court

19   looks at is external pressure put on the debtors by the

20   Defendant.

21            THE COURT:  Okay.

22            MR. NEFF:  And I'm bringing up these points to

23   say that any external pressure that plaintiff references

24   here was brought on by the debtor and the debtor stating we

25   want you to write a letter invoicing the amount that you

1   owe.  It wasn't -- so I think that that's where it matters.

2              THE COURT:  Okay.

3              MR. NEFF:  That's where -- you know.

4              THE COURT:  Let's talk about new value.

5              MR. NEFF:  Certainly.  Your Honor, with respect

6   to new value, there's clearly issues of -- there's clearly

7   factual issues which should warrant the denial of

8   plaintiffs' summary judgment motion.  The invoices

9   themselves are facts that are in evidence that have been

10  produced in this case that show specifically when services

11  were provided.  Services were provided by On Guard

12  throughout the entirety of the preference period.

13             And specifically given the nature of the services

14  provided, we're talking about roughly $600,000 plus that it

15  received from the debtors during the preference period.

16  These services constituted shuttle services, body guard

17  services.  There's a whole slew of different types of

18  services that were provided and it will take a lot of time

19  to calculate exactly how much of a paid new value defense it

20  is entitled to.  But it's certainly entitled to it.

21             It's certainly a defense that has been brought up

22  throughout the entirety of this case and invoices have been

23  provided.  I think plaintiffs' counsel referenced a

24  spreadsheet that says how much.  There's no need to present

25  a spreadsheet.  We provided evidence through the invoices

1  and the spreadsheet is something that the plaintiffs can

2  make up on their own and we can make our own spreadsheets,

3  but that's not something that needs to be producible and

4  certainly 547(c)(4) defense isn't contingent on providing a

5  spreadsheet to the other side.

6           So, you know, I did in the answering brief go

7  through some examples very briefly given that it's not

8  necessary in this hearing right now, but specifically

9  addressing the new value that was provided.  And if you look

10  at invoices starting with the first invoice, it just goes

11  through and lists the services that were provided, Invoice

12  No. 538061907 dated June 26, '07, billing $11,000 and change

13  for services rendered from June 20 through 26, '07.  These

14  invoices break these services down.  And it's going to take

15  some time to go through and fully analyze and digest the

16  value of the paid new value defense in relation to when the

17  actual services were provided.

18           So essentially, bottom line, Your Honor is there

19  is certainly facts in evidence in facts that have been

20  provided, documents that have been provided to opposing

21  counsel at this point, that show that there is clearly a

22  paid new value defense.  And certainly, it's at the very

23  least a genuine issue of material fact exists as to that

24  547(c)(4) defense.

25           Your Honor, if you have any further questions --

1          THE COURT:  Nope.

2          MR. NEFF:  -- please don't hesitate.  If I could

3  just review my notes for a minute and see if I have any more

4  points to make.

5          THE COURT:  Okay.

6          MR. NEFF:  Thank you, Your Honor.  Yeah, I think

7  just a final point I'd like to hammer on, Your Honor, is

8  that -- and I'll be very brief.  Is that On Guard certainly

9  has a right to put its client representative on the stands

10  and to testify as to the payment history that it has

11  received at least with respect to its customers within its

12  own industry.  And the fact that an expert hasn't been

13  retained, still doesn't preclude our client from asserting

14  this objective ordinary course of business defense.

15          THE COURT:  Okay, thank you.

16          MR. NEFF:  Thank you, Your Honor.

17          THE COURT:  Reply?

18          MR. SCHNITZER:  Thank you, Your Honor.  I will

19  try to be brief.  Your Honor, the first one I would just

20  respond to is the question of the burdens here and how this

21  -- and how the Court should consider the matter.  And I

22  refer to the decision in *FoxMeyer Corp.* which is *286BR 546*,

23  a decision from the Delaware Bankruptcy Court in 2002 in

24  which the Court states essentially a non-moving party who

25  bears the burden of proof at trial with respect to a claim

1   or defense cannot establish the presence of a genuine

2   factual dispute merely by producing and then arguing that

3   it's produced some evidence that would support its version

4   of a fact, but rather in order to establish such facts or

5   dispute, must produce evidence in such support of a weight

6   that would be sufficient such that a reasonable jury could

7   return a verdict for such movement on such fact.  I believe,

8   Your Honor, that's the standard that applies here given the

9   burdens under 547(g) and I would submit those have not been

10  met here.

11            Your Honor, with respect to the antecedent debt,

12  respectfully, we disagree with defendants' counsel and do

13  submit that the cases we cited to do control.  They do talk

14  about existences where there's a contract in existence and

15  despite the fact that services weren't done till later, the

16  Court determines that the debt was incurred at the time of

17  the contract.  Cases refer to legal services.  They refer to

18  employment services.  And in those situations, the Court

19  specifically says that you look to the date when the

20  employment agreement was signed.

21            THE COURT:  Do you know any Third Circuit law

22  that says that?

23            MR. SCHNITZER:  No, Your Honor, we were not able

24  to locate a case out of the Third Circuit.

25            THE COURT:  I think those cases are wrong.

1          MR. SCHNITZER:  I understand, understandable,

2   Your Honor.  Your Honor, I would submit and I was going to

3   make this point at the end, I do reference and I believe the

4   correct rule would be 56(g).  In this situation, Your Honor,

5   there is a -- if there is a I suppose disagreement or if you

6   believe that summary judgment is not warranted in full, I do

7   believe it would appropriate in a case like this to grant it

8   in part to find certain issues, not at fact.  I believe that

9   is possible.  I believe it's productive.  I believe it would

10  be productive for two reasons and I don't mean this to say

11  I'm conceding anything because I don't, but, of course, I

12  understand Your Honor's point.

13          I would note to just granting partial summary

14  judgment would be, I believe it would be good for Court

15  efficiency in terms of perhaps not wasting this Court's time

16  with a trial on certain issues that are not subject to

17  dispute.

18          And it also would be good for perhaps prompting,

19  you know, a resolution of the matter.  Obviously, no one

20  knows what would happen afterwards, but I've been party to

21  situations where if a Court makes certain findings, a

22  determination of what issues are not subject to trial if it

23  narrows down the dispute, it is perhaps something that can

24  help or it's something where at least the estate can

25  determine as a fiduciary whether it should proceed with a

1  trial on the remaining issues or if it should simply take

2  it's we'll call it partial judgment and, you know, be good

3  with that and move forward.

4              THE COURT:  Okay.

5              MR. SCHNITZER:  Your Honor, defense counsel made

6  a critical vendor assumption argument.  As you noted, Your

7  Honor, that didn't happen here so I'm not going to spend

8  more time.  We've spent many time -- many emails discussing

9  that with defense counsel as there was no critical vendor

10  order with them.  There was no contract assumed.  It's

11  neither here nor there.  I don't know what it is.

12              THE COURT:  Agreed.

13              MR. SCHNITZER:  Your Honor, with respect to

14  ordinary course, again, we have this issue of there's no

15  issue of material fact.  And I reference, Your Honor, a

16  decision from Judge Walsh in *CM Holdings*.  That's *Camelot*

17  *Music vs. MHW Advertising* from 2000 in which the Judge says

18  defendant must provide -- and this was on a summary judgment

19  motion by the plaintiff.  Defendant must provide sufficient

20  information such that a comparison can be made to the

21  transfers at issue and ordinary terms which prevail in a

22  healthy not more than creditor/debtor relationships in a

23  similar industry.  However, defendant provided no evidence

24  of an industry standard for invoice payments between

25  advertisers and agencies that I can use as a basis for

1    comparison.  Defendants' arguments focused solely on the

2    practices between the parties and comparison of that

3    practice to evidence presented by plaintiff as to its own

4    prior practices.  I'm given no general industry standards

5    and practices against which to compare the transfers at

6    issue.  Therefore, I can make no useful comparison and I

7    must find that the defendant has not met its burden pursuant

8    to 547(c)(2)(c).  The Court then based on that granted

9    summary judgment in plaintiffs' favor.

10                I believe you have similar facts before you.  You

11   have arguments what Mr. Alberts should be allowed to

12   testify.  Yes, Your Honor, I agree.  If there were a trial

13   in this matter which I submit there need not be, Mr. Alberts

14   would be permitted to testify as we'd be permitted to call

15   our witnesses.  But the time was now.  Not actually now, it

16   was several months ago when we filed our motion for summary

17   judgment.  The time was then for them to come forward with

18   evidence under *FoxMeyer* giving you a basis, if any, to

19   dispute our entitlement to summary judgment.  It's not a we

20   have a witness, we'll call a witness, he could say things.

21   They can't -- I don't believe, Your Honor, and I would

22   submit that summary judgment should not be denied since

23   where they say well we could call someone, he could say

24   things.  That's what you have here, Your Honor.

25                With respect to the wire, I would just mention

1  the point again.  A, they're wrong about prior security

2  providers.  P.M.C. as we put in our papers was American

3  Home's security providers for multiple years.  Every payment

4  was made by check.  The one security provider they're

5  referring to, Imperial, received a $1,000 wire advance for

6  certain work done.  It was a $1,000 wire compared to

7  thousands and thousands of dollars paid to both On Guard and

8  PMC for security work.  There's no comparison there.

9         And besides that, like I said before, this isn't

10  just a case about a wire.  If the only evidence here was

11  payment method, change from check to wire, this would be a

12  different case, Your Honor.  I'm well aware of decisions

13  which talk about that that's not sufficient.  And this isn't

14  just that.  This is you have a meeting, you have a letter,

15  you have a payment on literally the eve of bankruptcy, eve

16  by business day standard, but eve of bankruptcy.  So this

17  different.

18         And I would note, Your Honor, and I think you

19  made a point of this that it doesn't actually matter who

20  caused the payment to be made.  I think there's also more

21  than that.  It's not just the defendant.  It's not just the

22  debtor said you know what, it's August 3, I'm going to send

23  $200,000 to On Guard.  Why?  Because I feel like it.  It's

24  not that.  I assume that that would probably be sufficient

25  anyway, Your Honor, but that's not this case.  They have a

1    meeting a few days before that.  They tell them they're

2    going to file for bankruptcy.  And if you wanted it paid,

3    you need to send a letter.  What does On Guard do?  They

4    type the letter and they send it.  Did they have to?  No,

5    they did not have to type and send the letter, but they did.

6    Why?  Because they wanted to get paid.  In a business

7    situation is that wrong?  No, of course, that's not wrong,

8    that's what you do as a business situation.

9            In a preference situation, Your Honor, I submit

10   that kills the ordinary course defense completely.  They

11   write, they type and send the letter for exactly the reason

12   they want to get paid.  They want to get paid because they

13   know American Home was going to file.  They were told that

14   explicitly.  It wasn't even a guess.  It wasn't people

15   monitoring news which you'll hear about in the case later

16   this afternoon.  They knew specifically they were going to

17   file, so they send the letter and it works.  It works.  They

18   get paid.  So they got the money.

19           They didn't just -- they're not a party who just

20   sat by, happened to get a check or happened to get a wire on

21   the eve of bankruptcy.  They were active here.  What this

22   shows is together the actions of the debtor and defendant

23   which I believe, Your Honor, both need to be considered,

24   both actions intended to favor or prefer as a synonym, On

25   Guard over other unsecured creditors.  And that's what you

1  saw here.

2          Your Honor, lastly, I just want to make a point

3  with respect to the new value.  Again, kind of like ordinary

4  course, the time to show new value when faced with a motion

5  for summary judgment is in response.  Not just we have

6  invoices, we can show it later, but it's complicated.  Your

7  Honor, this complaint was filed nearly two years ago.  It

8  was filed, I believe, just prior to -- in August of '09,

9  Your Honor.  They had time to look into this.  They had time

10  on briefing.  They could have even asked us for an extension

11  if they wanted to to prepare this new value for you.  Just

12  telling the Court, Your Honor, we have new value at trial,

13  we can show it, I submit is not sufficient.

14          And a good explanation or at least what I think

15  is a good explanation of why not Your Honor is because if

16  the situation is they can just allege new value but not tell

17  you how much and what it would do, you're left in I would

18  argue a strange situation.  Let's suggest, Your Honor, if

19  you find that the transfers are not ordinary, but that they

20  have new value, you would be in a strange situation of what

21  would the judgment say?  The judgment would say the

22  transfers are not ordinary, but I can't say a number because

23  they haven't yet told me how much the new value.

24          Your Honor, I submit that's not how this process

25  is supposed to work.  If they have new value and again, I'll

1    reference the case you're going to hear this afternoon.   If

2    they have new value of a certain amount, it is within your

3    call, Your Honor, to reduce whatever judgment you would

4    otherwise find by that new value if it's applicable.   And

5    then the judgment at the end of the day has a number.   It

6    has a number that has a meaning.   It has a meaning because

7    it's a judgment that's enforceable and then things will

8    happen.   Either a defendant will pay or we will, you know,

9    exercise our rights to enforce the judgment.

10             The general I have defense is I have other things

11   to show.   So even if these transfers aren't ordinary, you

12   still shouldn't give a judgment in full, leaves us in a

13   strange situation where then we have to have a trial on a

14   defense that they stated to you they have not explained in

15   full just that they can some day in the future.   We don't

16   know when presumably, at trial though who knows?   And then

17   summary judgment has not served its purpose.

18             The purpose of summary judgment is of course to

19   narrow the issues.   And, in fact, eliminate them all and not

20   have a trial when it's not necessary.   Your Honor, I believe

21   that's the case here.   A trial is not necessary.   They had

22   their chance to explain the new value.   And I apologize, as

23   my implication was a spreadsheet is required, but what I

24   mean by that is a calculation, a something is required to

25   explain to the Court, and also to explain to us so that we

1    can refute it.  If they want to claim these five invoices or

2    new value in here is why, we have the right to respond to

3    that and either say, Your Honor, we can see it.

4          And as you know, new value relatively speaking

5    objective, relatively speaking plaintiffs in preference

6    cases agree to new value.  If that's the case, show us the

7    invoices and we'll agree to it, not we think we have some,

8    we'll do it at a later date when it's more convenient for

9    us.  Your Honor, I submit that's not appropriate at this

10   juncture.  Thank you, Your Honor.

11         THE COURT:  You're welcome.  I just have some

12   notes here.

13         MR. NEFF:  Sure.

14         THE COURT:  Do you have any final comments?

15         MR. NEFF:  If you would allow me to, certainly.

16         THE COURT:  Sure, of course.

17         MR. NEFF:  Sure.  Yes, Your Honor.  Specifically,

18   going back to plaintiffs' counsel's point regarding the

19   objective ordinary course of business defense, we've done

20   more than simply just say that we can put our client

21   representative on the stand and he can testify as to the

22   terms, the invoice terms within his industry.  He

23   specifically testified in his deposition as to the invoice

24   terms that were inherent in contracts with other of his

25   clients.  So that specifically constitute facts.  His

1  deposition testimony itself constitutes facts that would

2  warrant the denial of the plaintiffs' motion for summary

3  judgment.  Along with the fact that the defendants did wire

4  a check or I'm sorry, a payment, albeit in a small amount to

5  its only other security provider during the preference

6  period.  That has to have some sort of analysis on this

7  decision as well.

8         And lastly, just to not to beat a dead horse

9  here, but to go back to the new value, paid new value issue.

10  And I could be wrong, but I don't see any particular mention

11  in plaintiffs' opening brief as to whether defendant has a

12  new value defense and specifically the way it's structured

13  is that it fails -- its ordinary course of business defense

14  fails.  So that is part of the reason that we didn't go in

15  great detail in our answering brief to show that, you know,

16  this exactly is our calculation as to new value because it

17  specifically wasn't raised in their brief.  They do say at

18  the end that 547(c) defenses fail.

19         But there's no -- and if I'm wrong, I'm wrong and

20  I apologize, but I don't see it anywhere in their brief that

21  specifically mentions new value.  And I think that should,

22  you know, if they made a concrete analysis as to why their

23  new value -- why there would be no new value, then perhaps,

24  you know, their argument could have some further support

25  even though I would still submit that it's not required at

1   this juncture.  All that's required is to put forward

2   material facts of -- genuine facts of material -- that

3   support a genuine issue of material facts, I'm sorry.  I'm

4   sorry, I kind of got that wrong.

5         But -- so, Your Honor, and granted, you know,

6   that, I'm not saying that plaintiffs' counsel is only saying

7   that a spreadsheet is required, but we provided fact.  We

8   provided documents, invoices which I believe the plaintiffs

9   actually already had in their possession at the onset of

10  this case which specifically showed that there was new value

11  provided during the preference period.

12        THE COURT:  Okay.

13        MR. NEFF:  That's all I have, Your Honor.

14        THE COURT:  Thank you.  Any last comments?  I

15  hear -- it's not necessary, but go ahead.

16        MR. SCHNITZER:  Well, Your Honor, just one point.

17  The plaintiff filed a motion for summary judgment seeking a

18  judgment in a definitive amount, the full amount of the

19  complaint.  In doing so, I don't believe we're required to

20  move for summary judgment that a defendant cannot meet its

21  burden in establishing every single affirmative defense that

22  they put in this complaint.

23        As you can imagine, Your Honor, the standard

24  preference answer asserts a litany of defenses whether

25  they're applicable or not.  I do not believe it's required

1  under any law that a plaintiff in moving for summary

2  judgment on this case has to, you know, shadowbox defenses

3  that aren't there.  So that's why it wouldn't have been

4  addressed.  We did, of course, address it in our reply

5  because that was the first time where -- well the first time

6  where defendant at least argue coherently, you know,

7  mentioned in its brief so we responded in kind with the same

8  arguments that you've heard today, that they haven't met it.

9  But I just wanted to make the point, Your Honor, just

10  because it's not in our moving papers, it -- that's not the

11  reason for summary judgment to be denied.  Thank you, Your

12  Honor.

13          THE COURT:  All right.  Okay.  Thank you,

14  gentlemen.  I'm prepared to rule.  The standards governing

15  summary judgment are really about as boilerplate and black

16  letter law as they come.  The plaintiff has filed the motion

17  for summary judgment.  And is entitled to summary judgment

18  to the extent there are no disputed issues of material fact

19  and the law in effect favors them.  And I think it's for

20  purposes of the prima facie case under 547(a).  I believe

21  and find that summary judgment should be granted in part and

22  denied in part.  And it is granted for the entirety of the

23  analysis sought, except for the $37,500 in wire transfer

24  which occurred the Friday before bankruptcy.

25          And that's an issue that I think I'm going to

1  need more fact on to make a determination whether or not

2  there was antecedent debt.  That might go to how many -- how

3  much of the -- how much services had already been applied

4  between July 31 and the date of the wire transfer and what

5  the parties intent was in connection with that money.  So

6  that $37,500 on the narrow issue of antecedent debt, I will

7  deny summary judgment.  All other issues of the prime facie

8  case I will grant summary judgment in favor of the

9  plaintiff.

10         In connection with the three affirmative defenses

11  related or raised by the defendant in all of the three -- on

12  the basis of all three, although subject to some further

13  comment, I will deny summary judgment.

14         Talking about contemporaneous exchange of new

15  value, my reading of the case, excuse me, my reading of the

16  facts is that that affirmative defense is only raised in

17  connection with $75,000 of the final wire transfer.  And I

18  believe that there are sufficient issues of fact as to what

19  services were provided at what day in and around the wire

20  transfer for the Court to make a determination as to whether

21  that -- those -- that transaction was actually

22  contemporaneous.

23         The cases that deal with, okay, give me 75 grand

24  and I'll ship you today $75,000 widgets really aren't

25  necessarily applicable to the provision of things like human

1   services which are in this instance paid on a services

2   provided basis as opposed to some sort of flat fee, et

3   cetera.  So I'm going to need more facts basically on those

4   issues which is why in connection with contemporaneous

5   exchange of new value affirmative defense in the amount of

6   $75,000 related to the wire transfer, I will deny summary

7   judgment.

8           Moving to the ordinary course of business, of

9   course that has two separate pieces.  Give me just a second

10  to make sure I say it right.  Sorry.  The ordinary course of

11  business affirmative defense, that defense is available if

12  the transfer was in the ordinary course of the parties

13  business practices or in the ordinary course of the industry

14  practices.  So all that's needed to avoid summary judgment

15  on that particular affirmative defense is a finding that

16  there's a dispute of material fact in connection with one or

17  both of those prongs.

18          And with regard to the parties practice, I think

19  there is clearly a dispute of material fact for the entirety

20  of the transfers being made, mainly because the two month

21  pre-preference period is such a short amount of time, that I

22  really have a problem ruling today that it would be fair and

23  correct to use that as some sort of standard.  So I think

24  I'm going to need further development of the facts of the

25  parties entire relationship to come up with some sort of a

1  decision as to what ordinary course was and then have to

2  figure out what, if any, invoices perhaps all, perhaps none,

3  perhaps some, would fit into the parties ordinary practice.

4  Clearly, if I'm using the entire relationship to come up

5  with what the ordinary course of business is, in all

6  likelihood, many if not -- well, in all likelihood, some of

7  the preference period transfers would be in the ordinary

8  course of the parties relationship.

9         It might be a good appeal point for the

10  plaintiff, I don't know, but I think two months, I really

11  have questions as to from a factual basis whether that's

12  appropriate.  It may be at trial that I decide it is.  It's

13  going to depend on the evidence.

14         In connection with the industry, I think it's

15  fair to say that when you come in defense of a motion for

16  summary judgment and you're talking about affirmative

17  defenses, the point which you would have the burden of

18  proof, you need to come to Court with a little bit more than

19  simply saying that there may be testimony on certain issues

20  that might suffice.

21         Now that said, the industry argument made by the

22  defendant is not particularly overwhelming.  But there have

23  been and there will be facts adduced to the Court as to what

24  the debtors' relationship with others in the industry is.

25  That may have little or no weight, but I think it's

1  relevant.  As well as, testimony as to what the debtors,

2  excuse me, the defendants' relationship is with its other

3  clients.  Again, perhaps not great evidence and the issue

4  may go to weight, but it's enough, I think to raise the

5  shadow of a dispute as to material fact sufficient,

6  especially in connection with the Court's ruling on other

7  issues to deny summary judgment on that point.

8           All right, that moves us to new value.  This

9  one's tough for me.  Clearly, like I just said, the

10 defendant needed to come to facts, no, excuse me, needed to

11 come to Court with something more than bare facts out there

12 and some analysis of some greater precision would have been

13 helpful.  But they taught me something in Judge school which

14 is if you don't know what to do, you fall back on who's

15 going to have the burden of proof.  Now since this is an

16 affirmative defense, it would actually be the burden of

17 proof of the defendant to establish new value.  However,

18 because they're responding to the other side's summary

19 judgment motion, while not technically the plaintiffs'

20 burden in connection with bringing the motion, I think the

21 fact that the plaintiffs are the ones in this instance who

22 pulled the defendant into Court and the closeness of the

23 issue in connection with the Court having to decide what to

24 do and frankly not being sure, that at least for purposes of

25 summary judgment, I'm going to deny the plaintiffs' motion.

1          That said, if the defendant wants to prevail at

2   trial on a new value affirmative defense, the defendants got

3   a lot of work to do.  And would need to come into trial

4   better prepared with some actual real facts in order to make

5   that a -- in order to prevail on that affirmative defense.

6          So to sum up, on the prima facie case, I will

7   grant summary judgment on all elements except for the

8   plaintiffs' prima facie case on $37,500 in the wire transfer

9   for the purposes of establishing antecedent debt and all

10  other elements have been proven sufficient for summary

11  judgment.  I will deny summary judgment in connection with

12  the following affirmative defenses.  The defendants'

13  argument of contemporaneous exchange in the value, but

14  solely in connection with the $75,000 wire transfer, the

15  entirety of the new value defense, and the entirety of the

16  ordinary course both in practice among the parties and the

17  industry, I will deny the affirmative defense.  Although the

18  facts, frankly, are not great for the defendant, I think

19  they're sufficient to survive summary judgment.  And the

20  evidence that has been mentioned, will in all likelihood go

21  to weight of that testimony and that evidence for purposes

22  of establishing the affirmative defense.

23         Now, I hope that made sense.  And I request that

24  the plaintiff circulate an order memorializing my ruling to

25  the defendant and submit it under certification.  All right?

1    Adjourned, unless you have any questions.  Yeah?

2            MR. SCHNITZER:  Your Honor, just one quick

3    question.  We will, of course, circulate an order.  I would

4    think the next stage, Your Honor, would be a trial in this

5    matter since I can't think of any other stage that would be

6    next so I guess I would ask at some point if the Court could

7    inform us of dates that are available.

8            THE COURT:  Well --

9            MR. SCHNITZER:  Obviously, based on your ruling

10   of 547(b), our matter for trial is simpler and we're

11   available at the Court's convenience.

12           THE COURT:  -- the way to work with that is to

13   talk amongst yourselves and get some dates from Ms. Gatson.

14   I'll give you a day.  It shouldn't take more than a day.

15           MR. NEFF:  Okay.

16           THE COURT:  Be expected to hold -- be held to

17   that.  We'll start at 9:00 and everyone's local, right?

18           MR. SCHNITZER:  I'm in New York, but 9:00, Your

19   Honor --

20           THE COURT:  Oh, you're in New York, all right, so

21   10:00 would be better.  Otherwise, you got to spend the

22   night.  It's up to you.

23           MR. SCHNITZER:  I can take the 7:00 a.m. train,

24   so it doesn't matter, Your Honor.

25           THE COURT:  Okay.

1          MR. NEFF:  I'd prefer 10:00, but that's okay.

2          THE COURT:  Huh?

3          MR. NEFF:  I'd prefer 10:00, but that's okay.

4          THE COURT:  Well --

5                    (Laughter)

6          THE COURT:  All right.  Well anyway, work with

7   Ms. Gatson.  We're going to want both a pretrial conference

8   and the trial.  And my regular pretrial rules in the

9   chambers procedures will apply, but I'm not going to

10  schedule it as we sit here.  The best thing is for you guys

11  to talk and then give her a call.

12         MR. SCHNITZER:  Understood.  Thank you, Your

13  Honor.

14         THE COURT:  All right.

15         MR. NEFF:  Thank you, Your Honor.

16         THE COURT:  Adjourned.

17     (Whereupon, at 1:18 p.m., the hearing was adjourned.)

18                   CERTIFICATION

19        I certify that the foregoing is a correct

20  transcript from the electronic sound recording of the

21  proceedings in the above-entitled matter.

22

23

24  _____          14 July 2011
25  Traci L. Calaman, Transcriber              Date

| Word | Page:Line |
|---|---|
| 07-11047(css)(1) | 1:4 |
| 09-51739(css)(1) | 1:16 |
| 547(c)(1)(1) | 21:1 |
| 547(c)(2)(1) | 23:19 |
| 547(c)(2)(a)(1) | 23:23 |
| 547(c)(2)(b)(1) | 25:5 |
| 547(c)(2)(c)(1) | 36:8 |
| 547(c)(4)(2) | 31:4 31:24 |
| a.m(1) | 50:23 |
| able(3) | 16:13 16:19 33:23 |

about(21) 10:17 14:14 14:17 14:18 19:15 20:7 20:7 22:1 24:3 24:4 25:16 30:4 30:14 33:14 37:1 37:10 37:13 38:15 44:15 45:14 47:16

aboveentitled (1) 51:21
according(7) 9:1 15:6 25:7 26:25 27:3 27:8 27:10

account(6) 6:6 9:24 19:25 20:4 20:4 21:8
action(3) 3:10 29:2 29:4
actions(3) 3:22 38:22 38:24
active(1) 38:21
actual(3) 31:17 49:4
actually(11) 10:22 11:3 12:25 13:5 16:6 25:23 36:15 37:19 43:9 45:21 48:16

additionally(2) 9:18 10:25
address(2) 19:12 44:4
addressed(1) 44:4
addressing(1) 31:9
adduced(1) 47:23
adjourned(3) 50:1 51:16 51:17
administered(1) 1:5
admissible(1) 15:3
admission(2) 20:2 28:7
admit(3) 18:6 18:18 20:2
admits(2) 10:19 10:21
adopted(2) 27:13
adv(1) 1:16
advance(4) 9:21 17:24 18:20 37:5
advertisers(1) 35:25
advertising(1) 35:17
advise(1) 22:10
affirmative(13) 43:21 45:10 45:16 46:5 46:11 46:15 47:16 48:16 49:2 49:5 49:12 49:17 49:22

after(10) 3:17 6:5 8:2 8:3 17:3 22:18 24:5 24:7 24:10 27:2

afternoon(6) 3:4 3:5 11:4 19:9 38:16 40:1
afterwards(1) 34:20
again(17) 14:8 14:10 14:14 14:14 15:3 15:8 16:14 16:16 16:22 17:1 17:9 28:13 35:14 37:1 39:3 39:25 48:3

against(4) 1:18 3:18 3:24 36:5
agencies(1) 35:25
ago(2) 36:16 39:7
agree(4) 21:12 36:12 41:6 41:7
agreed(2) 7:1 35:12
agreement(6) 5:13 6:24 18:24 21:24 33:20

agrees(1) 26:21
ahead(1) 43:15
alan(1) 1:39
albeit(2) 21:7 42:4
alberts(10) 9:3 9:3 9:11 10:22 17:18 20:19 26:7 26:12 36:11 36:13

all(36) 3:2 5:6 10:20 11:7 12:15 13:1 14:5 16:25 18:1 18:12 23:14 25:2 26:25 27:3 27:15 27:21 27:22 40:19 43:1 43:13 44:11 45:7 45:11 45:12 46:14 47:2 47:5 47:6 48:8 49:7 49:9 49:20 49:25 50:20 51:6 51:14

allegations(5) 12:12 12:25 13:2 14:14

allege(2) 15:6 39:16
alleging(1) 19:18
allow(3) 13:23 20:1 41:15
allowed(2) 11:22 36:11
alluded(1) 26:24
almost(2) 14:2 22:24
alone(1) 8:21
along(1) 42:3
already(6) 3:24 18:2 18:23 28:2 43:9 45:3
also(13) 4:7 4:13 11:8 11:12 17:13 20:20 20:22 23:18 24:15 26:3 34:18 37:20 40:25

although(4) 4:15 15:9 45:12 49:17
american(17) 1:13 3:7 3:9 6:24 7:1 7:10 8:10 9:13 10:4 10:25 11:6 11:21 13:7 14:9 14:9 37:2 38:13

among(1) 49:16
amongst(1) 50:13
amount(12) 27:16 28:3 28:9 28:22 28:24 29:25 40:2 42:4 43:18 44:18 46:5 46:21

analogous(3) 21:11 27:6 27:13
analysis(5) 16:15 42:6 42:22 44:23 48:12
analyze(1) 31:15
and(227) 3:23 3:25 4:3 4:9 4:20 4:25 5:7 5:9 5:14 5:17 5:20 6:10 6:10 6:14 6:15 6:17 6:19 6:24 6:25 7:6 7:12 7:14 7:23 8:7 8:11 8:23 8:25 9:1 9:4 9:5 9:6 9:11 10:4 10:6 10:8 10:14 11:10 11:16 11:22 11:23 12:2 12:6 13:1 13:4 13:9 13:14 13:16 14:18 15:5 15:17 15:19 16:16 16:18 16:21 16:25 17:12 17:23 18:6 18:6 18:18 18:20 18:21 18:21 20:8 20:9 20:18 20:20 20:20 20:21 20:22 21:19 21:20 22:5 22:5 22:9 22:14 22:15 22:17 22:21 22:23 23:1 23:4 23:11 23:19 23:20 23:24 24:17 25:6 25:12 25:15 25:20 26:7 26:13 26:14 26:21 26:24 27:3 27:6 27:11 27:22 28:1 28:4 28:6 28:10 28:13 28:15 28:16 28:18 28:23 28:25 29:2 29:5 29:22 29:24 30:13 30:18 30:22 31:1 31:2 31:3 31:9 31:11 31:12 31:14 31:15 31:22 32:3 32:8 32:10 32:12 32:20 32:21 32:21 33:3 33:9 33:12 33:14 33:18 34:2 34:3 34:10 34:18 35:2 35:3 35:15 35:18 35:21 35:25 36:2 36:5 36:6 36:21 37:7 37:7 37:13 37:18 37:18 38:2 38:4 38:11 38:17 38:22 38:25 39:14 39:17 39:25 40:4 40:7 40:16 40:19 40:19 40:22 40:25 41:3 41:4 41:7 41:21 42:8 42:10 42:12 42:19 42:19 42:21 43:5 44:15 44:17 44:19 44:19 44:21 44:22 44:25 45:4 45:4 45:15 45:19 45:24 46:18 46:22 47:1 47:16 47:23 48:3 48:12 48:22 48:24 49:3 49:9 49:19 49:16 49:19 49:21 49:23 49:25 50:10 50:13 50:17 51:8 51:8 51:11

and/or(1) 4:12
another(1) 26:19
answer(1) 43:24
answering(5) 25:11 31:6 42:15
antecedent(14) 5:7 5:12 5:21 6:6 6:17 6:18 7:21 18:22 20:5 21:8 33:11 45:2 45:6 49:9

any(21) 10:24 14:22 15:3 17:4 17:10 17:14 25:12 29:1 29:4 29:23 31:25 32:3 33:21 36:18 41:14 42:10 43:14 44:1 47:2 50:1 50:5

anybody(1) 10:22
anything(4) 16:20 29:3 29:15 34:11
anyway(3) 22:23 37:25 51:6
anywhere(1) 42:20
apologize(4) 40:22 42:20
appeal(1) 47:9
applicable(3) 40:4 43:25 45:25
applied(1) 45:3
applies(1) 33:8
apply(1) 51:9
appropriate(3) 34:7 41:9 47:12

approximate(1) 4:24
approximately(7) 3:17 3:18 3:20 3:24 8:16 22:17 28:4

are(40) 3:23 4:5 5:3 5:4 8:24 10:9 10:17 11:9 11:15 12:1 13:7 13:24 15:21 15:11 15:21 17:12 18:8 21:10 22:25 22:25 24:18 25:4 25:23 25:24 26:18 26:24 27:6 27:7 28:23 33:7 34:3 34:6 34:7 34:8 34:9 34:9 34:14 36:10 36:21 38:23 39:8 40:20 43:8 43:19 43:25 44:20 45:18

aren't(4) 15:10 40:11 44:3 45:24
argue(5) 13:5 16:24 18:6 39:18 44:6
arguing(2) 20:24 33:2
argument(16) 8:18 12:2 13:5 16:6 16:7 16:7 16:9 16:19 21:14 27:6 28:15 29:15 35:6 42:24 47:21 49:13

arguments(8) 4:2 4:4 4:6 4:9 21:18 36:1 36:11 44:8

around(5) 7:17 11:14 11:18 11:19 45:19
arrangement(1) 7:7
ask(3) 18:12 18:16 50:6
asked(3) 9:5 19:16 39:10
asserting(1) 32:13
asserts(1) 43:24
assume(1) 37:24
assumed(1) 35:10
assuming(1) 5:22
assumption(1) 35:6
attached(2) 9:16 9:20
attention(1) 37:2
august(15) 5:24 6:5 8:18 8:19 9:13 10:12 10:13 17:25 17:25 18:1 20:7 20:8 20:10 37:22 39:8

available(3) 46:11 50:7 50:11
avenue(1) 1:34
average(4) 8:4 14:24 24:4
avoid(1) 46:14
aware(5) 10:7 20:6 23:18 28:3 37:12
away(1) 7:20

back(7) 7:13 16:9 18:22 19:25 41:18 42:9 48:14

background(4) 4:7 19:23 21:19 23:11
backtrack(1) 21:3
balance(4) 9:17 9:22 17:23 18:5
bank(1) 9:23
bankruptcy(22) 1:1 1:27 4:25 8:19 9:7 9:14 10:4 10:8 11:22 22:3 22:10 22:10 22:23 23:3 28:17 28:19 32:23 37:15 37:16 38:2 38:21 44:24

bare(1) 48:11
based(6) 3:22 10:3 20:25 25:5 36:8 50:9
basically(4) 4:19 7:21 16:24 46:3
basis(10) 7:5 7:5 15:4 16:22 22:5 33:25 36:18 45:12 46:2 47:11

bay(2) 9:12 9:15
bears(1) 32:25
beat(1) 42:8
because(27) 4:24 5:13 6:23 8:15 8:24 10:7 11:18 11:21 14:11 14:21 15:19 18:3 23:2 27:22 29:13 34:11 37:23 38:6 38:12 39:15 39:22 40:6 42:16 44:5 44:10 46:20 48:18

been(26) 3:19 6:8 6:13 11:17 11:18 11:24 12:3 12:5 13:8 14:2 18:3 28:23 30:9 30:21 30:22 31:19 31:20 32:23 33:9 34:20 44:3 45:3 47:23 48:12 49:10 49:20

before(16) 1:26 4:21 5:22 8:18 8:20 9:14 11:14 14:5 17:5 21:7 21:17 23:12 36:10 37:9 38:1 44:24

behalf(2) 3:6 19:11
behind(1) 13:1

being(11) 6:4 10:3 14:24 15:23 17:25 18:21 20:16 24:7 26:5 46:20 48:24

believe(47) 5:23 6:2 6:3 8:23 10:1 13:2 13:8 13:9 13:22 13:23 14:23 15:3 15:5 15:15 15:19 15:19 17:4 17:14 17:21 18:5 22:22 22:17 24:22 25:14 26:12 26:24 27:6 27:7 28:23 33:7 34:3 34:6 34:7 34:8 34:9 34:9 34:14 36:10 36:21 38:23 39:8 40:20 43:8 43:19 43:25 44:20 45:18

believes(1) 13:3
benefit(2) 8:8 12:18
besides(1) 37:9
best(1) 51:10
better(3) 5:13 49:4 50:21
between(8) 10:19 14:22 15:1 18:19 21:22 35:24 36:2 45:4

billing(1) 31:12
bit(2) 21:3 47:18
black(1) 44:15
blank(1) 1:38
body(1) 30:16
boilerplate(1) 44:15
both(8) 8:5 22:13 37:7 38:23 38:24 46:17 49:16 51:7

bottom(1) 31:18
bounced(1) 10:10
box(1) 2:7
break(1) 31:14
brief(14) 5:15 6:15 19:14 25:9 25:11 28:6 31:6 32:8 32:19 42:11 42:15 42:17 42:20 44:7

briefing(1) 39:10
briefly(2) 3:11 31:7
briefs(2) 5:9 5:11
bring(1) 11:16
bringing(5) 3:21 22:9 23:10 29:22 48:20
brings(1) 4:20
broad(1) 9:6
brought(2) 29:24 30:21
burden(18) 5:4 5:5 8:11 12:22 12:23 12:24 14:1 15:8 15:20 16:11 23:16 32:25 36:7 43:21 47:17 48:15 48:16 48:20

burdens(2) 33:20 33:9
business(33) 7:23 8:13 8:20 12:8 13:2 13:10 14:5 14:6 14:21 15:1 15:2 15:7 23:18 23:23 24:12 24:21 24:23 25:2 26:2 26:17 27:1 29:16 29:18 32:14 37:16 38:6 38:8 41:19 42:13 46:8 46:11 46:13 47:5

but(55) 11:11 12:17 12:20 13:18 15:14 16:2 16:7 16:19 18:2 18:14 22:2 22:6 22:7 23:6 24:24 25:25 26:5 26:22 27:9 28:2 28:8 29:8 30:20 31:3 33:8 34:11 34:20 36:15 37:16 37:25 38:5 39:16 39:19 39:22 40:23 42:9 42:10 42:19 47:25 48:4 48:13 49:18 50:18 51:1 51:3 51:9

calculate(1) 30:19
calculation(3) 17:2 40:24 42:16
call(10) 7:6 7:11 8:13 26:6 35:2 36:14 36:20 36:23 40:3 51:11

called(3) 9:5 28:15 29:4
camelot(1) 35:16
can(29) 4:14 6:16 7:14 10:11 11:20 14:6 15:12 16:8 16:13 16:19 19:12 19:13 31:2 34:23 34:24 35:20 35:25 36:6 39:6 39:13 39:16 40:15 41:1 41:3 41:20 41:21 43:23 50:23

can't(9) 12:24 13:17 13:19 15:18 16:4 25:21 36:21 39:22 50:5

cannot(3) 8:10 33:1 43:20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**carl**(2) 2:5  19:9  19:10
**case**(39) 1:4  3:15  5:12  5:14  6:1  8:16  8:17  13:13  15:10  15:16  21:19  22:12  22:20  23:12  25:18  26:4  26:23  27:5  27:6  27:12  30:10  30:22  33:24  34:7  37:10  37:11  37:25  38:15  40:1  40:21  41:6  43:10  44:2  44:20  45:8  45:15  49:6  49:8

**cases**(16) 5:15  5:18  5:25  6:15  6:17  11:9  12:1  15:11  21:5  21:9  27:13  33:13  33:17  33:25  41:6  45:23

**caused**(1) 37:20
**certain**(7) 5:1  34:8  34:16  34:21  37:6  40:2  47:19

**certainly**(14) 25:3  26:6  26:14  26:20  26:22  29:6  30:5  30:20  30:21  31:4  31:19  31:22  32:8  41:15

**certification**(2) 49:25  51:18
**certify**(1) 51:19
**cetera**(1) 46:3
**challenging**(1) 12:23
**chambers**(1) 51:9
**chance**(1) 40:22
**change**(4) 28:4  28:25  31:12  37:11
**changed**(2) 8:7  8:7
**chapter**(1) 1:7
**check**(14) 10:8  10:9  10:20  11:7  12:3  12:5  20:7  24:8  27:21  27:23  37:4  37:11  38:20  42:4
**checks**(12) 7:23  7:25  8:12  13:6  13:14  14:18  15:2  23:25  24:4  24:9  24:15  26:16

**christopher**(1) 1:26
**chronologically**(1) 8:25
**circles**(1) 18:22
**circuit**(3) 5:16  33:21  33:24
**circuit's**(1) 13:8
**circuits**(1) 13:10
**circulate**(2) 49:24  50:3
**cited**(1) 33:13
**cites**(1) 21:10
**claim**(2) 32:25  41:1
**claiming**(1) 18:8
**clear**(4) 13:9  22:11  28:16  29:3
**clearly**(12) 5:18  13:19  21:10  24:18  24:23  26:1  30:6  30:6  31:21  46:19  47:4  48:9

**clerk**(1) 3:2
**client**(8) 25:22  28:15  28:20  28:21  28:25  32:9  32:13  41:20

**clients**(4) 10:24  26:10  41:25  48:3
**clock**(1) 7:17
**closed**(1) 14:2
**closeness**(1) 48:22
**coherently**(1) 44:6
**combined**(1) 9:22
**come**(10) 9:5  36:7  44:16  46:25  47:4  47:15  47:18  48:10  48:11  49:3

**coming**(1) 8:20
**comment**(1) 45:13
**comments**(2) 41:14  43:14
**companies**(1) 11:2
**company**(2) 9:7  26:9
**compare**(1) 36:5
**compared**(1) 37:6
**comparison**(5) 35:20  36:1  36:2  36:6  37:8
**complaint**(3) 39:7  43:19  43:22
**complaints**(2) 3:18  3:19
**complete**(2) 3:18  3:23
**completely**(1) 38:10
**complicated**(1) 39:6
**component**(1) 25:5
**conceding**(1) 34:11
**concerns**(1) 4:22

**conclusory**(4) 12:12  12:25  13:1  15:10
**concrete**(2) 16:21  42:22
**conference**(1) 51:7
**connection**(12) 19:17  45:5  45:10  45:17  46:4  46:16  47:14  48:6  48:20  48:23  49:11  49:14
**consider**(2) 24:11  32:21
**considered**(2) 16:8  38:23
**constitute**(1) 15:13  41:25
**constituted**(1) 28:24  30:16
**constitutes**(1) 42:1
**contemplated**(1) 20:17
**contemporaneous**(12) 17:9  17:11  17:17  18:9  18:20  19:1  19:16  28:9  45:14  45:22  46:4  49:13
**contemporaneously**(1) 19:18
**continue**(2) 28:19  29:6
**continued**(2) 2:2  22:16
**continuing**(1) 9:19
**continuously**(1) 22:4
**contract**(8) 5:20  5:21  5:22  6:25  7:7  33:14  33:17  35:10

**contracts**(1) 41:24
**control**(1) 33:13
**controls**(2) 25:10  25:19
**convenience**(1) 50:11
**convenient**(1) 41:8
**conversation**(1) 9:16
**corp**(1) 32:22
**corporate**(1) 9:5
**correct**(8) 6:12  13:18  14:20  15:14  23:7  34:4  46:23  51:19

**could**(16) 7:3  14:23  21:3  21:18  21:21  25:1  27:7  32:2  33:8  36:20  36:23  36:23  39:10  42:10  42:24  50:6

**counsel**(10) 3:16  22:7  24:1  28:14  30:23  31:21  33:12  35:5  35:9  43:6

**counsel's**(1) 41:18
**couple**(3) 5:15  13:6  20:13
**coupled**(1) 3:15
**course**(46) 5:22  7:23  8:12  10:18  14:13  14:16  14:21  15:1  15:13  22:3  22:22  23:18  23:23  24:12  24:15  24:17  24:20  24:23  25:2  26:9  26:17  29:14  29:16  29:18  32:14  34:11  35:14  38:7  38:10  39:4  40:18  41:16  41:19  42:13  44:4  46:8  46:9  46:12  46:13  47:1  47:5  47:8  49:16  50:3

**court's**(3) 34:15  48:6  50:11
**courtroom**(1) 1:9
**covered**(2) 5:9  20:9
**create**(1) 12:17
**creditor**(1) 25:9
**creditor/debtor**(1) 35:22
**creditors**(4) 8:9  10:15  14:10  38:25
**critical**(4) 22:24  23:4  35:6  35:9
**currently**(2) 28:22  28:23
**customers**(3) 25:22  26:13  32:11
**cybermac**(1) 5:16
**data**(1) 1:46

**date**(5) 8:2  24:6  33:19  41:8  45:4
**dated**(2) 31:1  31:12
**dates**(3) 16:15  50:7  50:13
**day**(8) 8:20  12:2  37:16  40:5  40:15  45:19  50:14  50:14

**days**(18) 8:1  8:3  8:4  11:13  11:14  11:18  11:19  12:4  15:23  18:3  24:5  24:7  24:10  26:14  27:2  27:18  27:19  38:1

**dead**(1) 42:8
**deal**(1) 45:23
**dear**(1) 9:15
**debt**(24) 5:7  5:12  5:13  5:19  5:21  6:6  6:16  6:17  6:18  6:19  6:21  7:21  11:1  11:21  18:22  18:23  20:5  21:9  33:11  33:16  45:2  45:6  49:9

**debtor**(13) 6:11  13:12  13:17  13:17  25:13  25:16  25:21  25:23  28:21  29:24  29:24  37:22  38:22

**debtors**(28) 1:10  6:9  8:19  9:4  13:14  17:16  20:6  20:22  20:23  21:20  22:1  22:3  22:9  22:12  22:15  22:17  22:25  23:1  23:2  25:11  25:20  28:15  29:4  29:19  30:15  47:24  48:1

**decide**(2) 47:12  48:23
**decided**(1) 22:23
**decision**(5) 32:22  32:23  35:16  42:7  47:1
**decisions**(1) 37:12
**declined**(1) 27:11
**deemed**(1) 27:24
**defaulted**(1) 3:23
**defendant**(31) 1:23  4:11  4:12  5:5  11:3  12:9  13:11  25:15  25:24  28:8  28:25  29:20  35:18  35:19  35:23  36:7  37:21  38:22  40:8  42:11  43:20  44:6  45:11  47:22  48:10  48:17  48:22  49:1  49:18  49:25

**defendant's**(1) 9:1
**defendants**(11) 25:10  25:19  26:5  26:18  26:23  33:12  36:1  42:3  48:2  49:2  49:12

**defense**(45) 7:22  10:18  12:21  17:7  19:3  21:1  22:6  23:18  23:23  24:12  24:21  24:23  25:2  25:6  26:2  29:18  30:19  30:21  31:4  31:16  31:22  31:24  32:14  33:1  33:5  35:9  38:10  40:10  40:14  41:19  42:12  42:13  43:21  45:16  46:5  46:11  46:15  46:15  47:11  48:16  49:2  49:5  49:15  49:17  49:12

**defenses**(9) 3:23  7:22  16:11  42:18  43:24  44:2  45:10  47:17  49:12

**definitive**(1) 43:18
**delaware**(4) 1:2  1:11  3:1  32:23
**demand**(2) 10:6  10:6
**demanding**(2) 9:10  10:6
**demonstrate**(1) 24:23
**denial**(2) 30:7  42:2
**denied**(4) 24:20  36:22  44:11  44:22
**deny**(13) 12:11  12:24  15:4  15:5  16:23  17:5  45:17  45:13  46:6  48:7  48:25  49:11  49:17

**depend**(1) 47:13
**deponents**(1) 22:12
**deposed**(1) 17:19
**deposition**(6) 9:3  22:11  26:11  28:16  41:23  42:1

**depositions**(1) 4:11
**despite**(2) 25:18  33:15
**detail**(1) 42:15
**detailed**(1) 9:19
**detailing**(1) 9:16
**details**(1) 21:18
**determination**(4) 14:24  34:22  45:1  45:20
**determine**(1) 34:25

**determined**(2) 22:12  23:20
**determines**(1) 33:16
**determining**(1) 22:25
**detriment**(1) 8:9
**development**(1) 46:24
**diaz**(1) 1:46
**did**(17) 4:15  5:25  6:3  10:16  10:25  14:9  14:10  21:24  25:9  26:3  29:1  31:6  38:4  38:5  38:5  42:3  44:4

**didn't**(5) 5:10  23:5  35:7  38:19  42:14
**difference**(6) 4:19  8:4  12:1  12:3  18:19  18:21

**different**(6) 12:22  24:13  26:22  30:17  37:12  37:17

**digest**(1) 31:15
**director**(1) 9:13
**directors**(1) 20:21
**disagree**(1) 33:12
**disagreement**(1) 34:5
**discovery**(4) 4:10  4:10  14:1  16:17
**discuss**(3) 23:10  23:24  28:13
**discussed**(2) 21:5  28:2
**discussing**(1) 35:8
**discussion**(1) 18:22
**dismissed**(1) 3:22
**dispute**(14) 5:6  5:7  8:24  12:17  14:22  25:25  33:2  33:5  34:17  34:23  36:19  44:16  46:19  48:5
**disputed**(1) 44:18
**distinguishable**(1) 27:15
**district**(2) 1:2  5:17
**documents**(3) 17:18  31:20  43:8
**does**(5) 10:14  17:22  29:11  29:11  38:3
**doesn't**(7) 6:16  14:18  17:20  29:9  32:13  37:19  50:24

**doing**(1) 43:19
**dollars**(1) 37:7
**don't**(24) 6:2  6:3  8:14  8:23  14:22  15:19  16:6  17:14  17:21  18:15  18:25  21:14  22:22  32:2  34:1  34:11  35:11  36:21  40:15  42:10  42:20  43:19  47:10  48:14

**done**(7) 6:10  16:24  18:4  29:2  33:15  37:6  41:19

**doubt**(2) 12:19  22:15
**down**(2) 31:14  34:23
**due**(7) 4:19  4:25  6:19  24:6  26:14  28:7  28:22

**during**(11) 22:13  24:2  24:8  24:14  24:16  27:8  27:9  27:19  30:15  42:5  43:11

**each**(4) 4:9  4:12  4:17  27:17
**early**(4) 15:12  15:23  22:1  24:3
**ecro**(1) 1:44
**edward**(2) 1:32  3:6
**effect**(1) 44:19
**effectively**(1) 10:5
**efficiency**(1) 34:15
**either**(4) 4:11  17:15  40:8  41:3
**electronic**(2) 1:52  51:20
**element**(3) 6:18  12:23  17:13
**elements**(6) 5:4  5:5  5:6  17:12  49:7  49:10
**elephant**(1) 8:14
**eliminate**(1) 40:19
**else**(1) 10:22
**emails**(1) 35:8
**employees**(1) 9:4
**employment**(2) 33:18  33:20
**end**(4) 15:17  34:3  40:5  42:18
**ended**(2) 16:17  22:3
**enforce**(1) 40:9
**enforceable**(1) 40:7
**enough**(1) 48:4

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**entered**(3) 5:22 19:23 21:23
**entering**(1) 6:25
**entire**(7) 5:11 18:8 19:20 20:24 28:9 46:25 47:4

**entirety**(6) 30:12 30:22 44:22 46:19 49:15 49:15

**entities**(4) 3:17 3:19 3:19 3:25
**entitled**(5) 20:19 20:21 30:20 30:20 44:17
**entitlement**(1) 36:19
**entity**(1) 22:25
**especially**(1) 48:6
**esq**(4) 1:32 1:33 1:39 2:5
**essential**(3) 22:13 23:1 28:18
**essentially**(7) 19:22 20:5 20:12 20:24 24:2 31:18 32:24

**establish**(6) 15:20 17:20 23:16 33:1 33:4 48:17

**established**(1) 27:2
**establishing**(4) 8:11 43:21 49:9 49:22
**estate**(2) 3:21 34:24
**eve**(5) 4:25 37:15 37:15 37:16 38:21
**even**(13) 10:21 13:13 13:13 13:16 14:10 16:5 16:7 17:1 17:2 38:14 39:10 40:11 42:25
**every**(2) 37:3 43:21
**everyone's**(1) 50:17
**evidence**(26) 1:2 10:12 12:11 12:14 12:17 12:18 14:4 15:4 16:5 16:21 17:11 17:15 20:14 26:20 30:9 30:25 31:3 33:3 33:5 35:23 36:3 36:18 37:10 47:13 48:3 49:20 49:21
**exact**(1) 26:13
**exactly**(3) 30:19 38:11 42:16
**examination**(1) 3:17
**examined**(1) 3:16
**examples**(1) 31:7
**except**(3) 27:18 44:23 49:7
**exception**(3) 27:16 27:22 27:23
**exchange**(10) 17:9 17:11 17:17 18:21 19:1 19:16 28:10 45:14 46:5 49:13

**exchanged**(1) 19:18
**excuse**(3) 45:15 48:2 48:10
**exercise**(1) 40:9
**exhibit**(2) 9:2 9:11
**exist**(1) 23:17
**existed**(2) 7:9 7:12
**existence**(1) 33:14
**existences**(1) 33:14
**exists**(4) 25:3 28:11 29:7 31:23
**expected**(1) 50:16
**expert**(4) 14:15 14:4 26:4 32:12
**explain**(3) 40:22 40:25 40:25
**explained**(1) 40:14
**explaining**(1) 17:1
**explains**(1) 9:8
**explanation**(2) 39:14 39:15
**explicitly**(1) 38:14
**express**(1) 6:14
**extension**(1) 39:18
**extensive**(1) 4:10
**extent**(2) 17:8 44:18
**external**(2) 29:19 29:23
**faced**(1) 39:4
**facie**(4) 44:20 45:7 49:6 49:8
**fact**(30) 4:14 10:1 17:13 21:6 21:7 23:19 25:18 25:18 25:25 26:15 26:19 29:2 29:7 31:23 32:12 33:4 33:7 33:15 34:8 35:15 40:19 42:3 43:7 44:18 45:1 45:18 46:16 46:19 48:5 48:21

**factor**(2) 11:10 24:11
**factors**(1) 29:18

**facts**(28) 8:24 10:17 14:23 16:14 20:15 23:17 24:18 24:22 25:3 27:12 30:9 31:19 31:19 33:4 36:10 41:25 42:1 43:2 43:2 43:3 45:16 46:3 46:24 47:23 48:10 48:11 49:4 49:18

**factual**(4) 28:10 30:7 33:2 47:11
**fail**(1) 42:18
**failed**(1) 16:20
**fails**(2) 42:13 42:14
**fair**(2) 46:22 47:15
**faith**(1) 4:15
**fall**(4) 16:17 26:17 27:21 48:14
**favor**(4) 16:23 36:9 38:24 45:8
**favors**(1) 44:19
**fee**(1) 46:2
**feel**(1) 37:23
**few**(2) 12:4 38:1
**fiduciary**(1) 34:25
**field**(1) 14:17
**figure**(1) 47:2
**file**(5) 9:7 10:4 38:2 38:13 38:17
**filed**(10) 3:18 8:19 20:6 22:3 22:18 36:16 39:7 39:8 44:1 44:16

**filing**(3) 22:10 23:3 28:17
**final**(3) 32:7 41:14 45:17
**finally**(1) 20:18
**find**(6) 27:7 34:8 36:7 39:19 40:4 44:21
**finding**(1) 46:15
**findings**(1) 34:21
**firm**(1) 7:14
**first**(10) 12:2 18:1 19:15 21:4 22:6 23:22 31:10 32:19 44:5 44:5

**firstly**(1) 3:8
**fit**(1) 47:3
**five**(4) 4:1 4:4 6:5 41:1
**flat**(1) 46:2
**flip**(1) 29:8
**focused**(1) 36:1
**follow**(1) 27:11
**following**(2) 3:20 49:12
**follows**(1) 9:24
**for**(95) 1:2 1:31 2:4 3:9 4:8 4:21 5:1 5:4 5:5 5:6 6:18 6:24 6:24 7:1 7:10 7:13 7:14 8:10 8:12 9:7 9:13 9:17 10:4 10:18 11:4 11:6 11:11 12:11 12:11 13:25 14:13 14:23 16:11 16:22 17:17 17:23 18:3 19:10 20:2 22:3 22:10 22:17 22:18 23:2 23:3 23:20 28:17 31:13 32:3 33:7 34:10 34:14 34:18 35:24 35:25 36:16 36:17 37:3 37:5 37:8 38:2 38:11 39:5 39:10 39:11 41:8 42:2 43:17 43:20 44:1 44:11 44:17 44:19 44:22 44:23 45:20 46:19 47:9 47:15 48:9 48:24 49:7 49:9 49:10 49:18 49:21 50:11 50:10

**foregoing**(1) 51:19
**forth**(2) 12:11 15:3
**forward**(3) 35:3 36:17 43:1
**four**(2) 4:8 4:17
**fourth**(1) 5:16
**fox**(2) 2:4 19:10
**foxmeyer**(2) 32:22 36:18
**frankly**(2) 48:24 49:18
**fresh**(1) 11:15
**friday**(3) 3:14 4:3 4:9 8:19 10:8 10:13 10:15 44:24

**from**(36) 3:6 5:16 5:16 5:17 7:20 8:1 9:2 9:2 10:22 10:24 11:13 13:25 14:13 19:10 20:10 20:25 21:25 22:11 24:9 24:13 25:4 25:21 26:9 27:6 27:15 28:16 30:15 31:13 32:13 32:23 35:16 35:17 37:11 47:11 50:13 51:20

**full**(6) 5:10 19:18 34:6 40:12 40:15 43:18
**fully**(1) 31:15

**fundamental**(1) 4:19
**further**(6) 9:8 19:5 31:25 42:24 45:12 46:24

**future**(2) 18:25 40:15
**gatson**(2) 50:13 51:7
**general**(5) 21:19 21:22 23:10 36:4 40:10
**gentlemen**(1) 44:14
**genuine**(9) 20:14 23:17 25:3 26:15 29:6 31:23 33:1 43:2 43:3

**get**(17) 9:9 10:5 10:12 10:13 10:14 10:14 10:16 21:17 23:12 25:1 38:6 38:12 38:12 38:18 38:20 38:20 50:13

**getting**(1) 28:1
**give**(5) 3:11 12:18 15:4 19:22 20:5 21:21 22:19 23:11 40:12 45:23 46:9 50:14 51:1

**given**(8) 13:1 17:8 27:12 27:15 30:13 31:7 33:8 36:4

**giving**(2) 16:21 36:18
**global**(1) 23:12
**goes**(2) 14:18 31:10
**going**(23) 4:5 4:8 5:1 9:7 28:17 29:6 31:14 34:2 35:7 37:22 38:2 38:13 38:16 40:1 41:18 44:25 46:3 46:24 47:13 48:15 48:25 51:7 51:9

**gone**(2) 4:10 4:13
**good**(14) 3:3 3:4 3:4 3:5 4:15 7:4 18:2 19:9 34:14 34:18 35:2 39:14 39:15 47:9

**goods**(2) 7:6 16:16
**got**(6) 10:21 11:14 38:18 43:4 49:2 50:21
**gotten**(2) 12:4 23:2
**govern**(1) 21:24
**governing**(1) 44:14
**governs**(1) 7:7
**grand**(1) 45:23
**grant**(3) 34:7 45:8 49:7
**granted**(4) 36:8 43:5 44:21 44:22
**granting**(2) 13:25 34:13
**great**(3) 42:15 48:3 49:18
**greater**(1) 48:12
**grounds**(1) 23:5
**guard**(45) 1:20 2:4 3:10 4:22 4:22 6:24 7:1 7:13 8:1 8:9 8:10 9:20 9:23 10:3 10:18 10:21 13:20 13:20 17:16 19:5 19:1 20:1 20:18 21:20 21:25 22:4 22:9 22:10 22:12 22:16 22:20 22:22 23:3 25:6 25:17 26:3 26:6 29:4 30:11 30:16 32:8 37:7 37:23 38:3 38:25

**guard's**(1) 26:1
**guess**(2) 38:14 50:6
**guys**(1) 51:10
**had**(16) 3:12 4:11 6:9 10:8 11:17 12:3 12:5 18:4 18:23 22:21 29:4 39:9 39:9 40:21 43:9 45:3

**hahn**(2) 1:31 3:6
**half**(3) 20:3 22:17 28:8
**hammer**(1) 32:7
**happen**(3) 34:20 35:7 40:8
**happened**(2) 40:11 23:6 38:20 38:20
**harrisburg**(1) 1:48
**has**(25) 4:9 4:13 5:6 8:11 8:17 14:2 18:2 19:5 26:10 26:12 30:21 32:9 32:10 36:7 50:5 40:6 40:6 40:6 40:12 42:6 42:11 44:2 44:16 46:9 49:20

**hasn't**(3) 22:20 28:23 32:12

**have**(94) 3:19 3:24 4:1 4:11 4:18 5:4 5:20 6:8 6:13 6:18 7:4 10:10 11:18 11:19 11:24 12:1 12:12 12:10 12:16 12:18 12:21 14:1 14:2 14:5 14:15 15:3 15:5 15:24 16:6 16:11 16:12 16:16 16:24 17:5 17:10 17:24 19:6 19:12 20:22 26:7 26:20 26:23 27:13 29:2 29:3 30:9 30:22 31:19 31:20 31:25 32:3 33:9 35:14 36:10 36:11 36:20 36:24 37:14 37:14 37:15 37:25 38:4 38:5 39:5 39:10 39:12 39:20 39:25 40:2 40:10 40:10 40:13 40:13 40:14 40:20 41:2 41:7 41:11 41:14 42:6 42:24 43:13 44:3 46:22 47:1 47:11 47:17 47:22 47:25 48:12 48:15 49:10 50:1

**haven't**(2) 39:23 44:8
**having**(2) 16:20 48:23
**he's**(1) 26:8
**headquarters**(1) 9:5
**healthy**(1) 35:22
**hear**(8) 4:2 4:3 4:5 4:8 19:8 38:15 40:1 43:15

**heard**(1) 44:8
**hearing**(2) 31:8 51:17
**held**(2) 6:18 50:16
**help**(1) 34:24
**helpful**(1) 48:13
**her**(1) 51:11
**here**(36) 3:8 3:12 3:13 4:14 4:20 5:23 6:1 7:22 8:15 11:8 11:10 11:24 12:5 13:1 13:14 15:22 16:2 16:3 16:22 23:13 27:7 29:24 32:20 33:8 33:10 35:7 35:11 36:24 37:10 38:21 39:1 40:21 41:2 41:12 42:9 51:10

**hesitate**(1) 32:2
**hessen**(2) 1:31 3:6
**high**(2) 10:9 12:24
**highlight**(1) 5:1
**highly**(1) 23:19
**him**(2) 9:8 26:7
**his**(8) 26:9 27:5 28:6 28:14 41:22 41:23 41:24 41:25

**historical**(1) 14:25
**historically**(3) 8:1 10:19 11:14
**history**(2) 3:12 32:10
**hold**(4) 6:15 11:9 22:2 50:16
**holding**(1) 27:12
**holdings**(2) 1:8 35:16
**holds**(2) 15:10 21:14
**hollow**(1) 9:6
**home**(16) 1:7 1:13 3:7 3:9 6:25 7:1 7:10 8:10 9:13 10:4 10:25 11:6 11:21 14:9 14:9 38:13

**home's**(2) 13:7 37:3
**honestly**(1) 18:10
**honor**(134) 3:5 3:8 3:11 3:15 4:5 4:7 4:17 4:21 5:3 5:9 5:11 6:3 6:4 6:12 6:15 6:22 7:20 7:25 8:3 8:14 8:22 9:25 10:7 10:11 10:18 11:4 11:18 11:17 11:20 12:8 12:10 12:20 13:8 13:17 14:1 14:5 14:15 14:20 15:14 16:1 16:3 16:8 16:10 16:12 16:14 16:20 17:7 17:9 17:11 17:14 17:21 18:6 18:11 18:17 19:3 19:7 19:9 19:10 19:12 19:20 19:22 20:5 20:6 20:18 21:4 21:9 21:17 21:17 22:19 23:15 23:18 24:1 24:10 24:18 25:2 26:3 26:21 26:24 27:14 27:20 28:1 28:2 29:17 30:5 31:18 31:25 32:6 32:7 32:16 32:18 32:19 33:8 33:11 33:23 34:2 34:2 34:4 35:5 35:7 35:13 35:15 36:12 36:21 36:24 37:12 37:18 37:25 38:9 38:23 39:2 39:7 39:9 39:12 39:15 39:18 39:24 40:3 40:20 41:4 41:9 41:10 41:17 43:5 43:13 43:16 43:23 44:9 44:12 50:2 50:4 50:19 50:24 51:13 51:15

**honor's**(1) 34:12
**honorable**(1) 1:26

| Word | Page:Line |
|---|---|
| **hope**(1) 49:23 | |
| **horse**(1) 42:8 | |
| **how**(14) 6:21 14:4 29:11 29:11 10:19 30:24 32:20 32:21 39:17 39:23 39:24 45:2 45:2 45:3 | |
| **however**(2) 35:23 48:17 | |
| **huh**(1) 51:2 | |
| **human**(1) 45:25 | |
| **i'd**(4) 18:14 32:7 51:1 51:3 | |
| **i'll**(8) 5:15 18:12 18:16 19:8 32:8 39:25 45:24 50:14 | |
| **i'm**(30) 5:1 9:2 16:5 18:10 19:25 20:8 23:9 28:5 28:25 29:10 29:22 34:11 35:7 36:4 37:12 37:22 42:4 42:19 42:19 43:3 43:3 43:6 44:14 44:25 46:3 46:24 47:4 47:20 50:18 51:9 | |
| **i've**(1) 34:20 | |
| **illinois**(1) 5:17 | |
| **imagine**(5) 4:14 7:15 10:11 11:20 43:23 | |
| **impasse**(1) 4:19 | |
| **imperial**(2) 25:14 37:5 | |
| **implication**(1) 40:23 | |
| **important**(7) 8:21 10:17 11:8 11:12 11:25 13:4 16:3 | |
| **importantly**(2) 8:22 10:21 | |
| **inc**(4) 1:8 1:21 9:20 9:23 | |
| **include**(1) 23:3 | |
| **included**(1) 18:4 | |
| **including**(1) 5:15 | |
| **incurred**(3) 5:19 18:3 33:16 | |
| **indicates**(1) 16:5 | |
| **indicating**(1) 14:4 | |
| **industry**(33) 13:7 13:11 13:12 13:15 13:15 13:16 13:18 13:18 13:19 13:20 14:11 15:21 15:25 25:7 25:10 25:15 25:19 25:20 25:23 26:5 26:5 26:9 26:18 32:12 35:23 35:24 36:4 41:22 46:13 47:14 47:21 47:24 49:17 | |
| **inform**(1) 50:7 | |
| **information**(2) 9:24 35:20 | |
| **inherent**(1) 41:24 | |
| **innovid**(1) 5:17 | |
| **inside**(1) 15:12 | |
| **instance**(2) 46:1 48:21 | |
| **intend**(1) 5:10 | |
| **intended**(4) 10:4 18:24 19:4 38:24 | |
| **intensive**(1) 23:19 | |
| **intent**(7) 17:12 17:15 17:16 20:20 20:23 23:11 45:5 | |
| **intention**(1) 22:22 | |
| **into**(15) 3:20 5:22 6:25 7:12 7:23 11:19 21:16 21:17 23:12 25:8 39:9 47:3 48:22 49:3 | |
| **invoice**(23) 7:5 7:5 8:2 8:3 9:16 9:18 9:20 15:12 15:22 24:5 24:7 24:10 26:13 27:3 27:9 27:10 27:17 27:23 31:10 31:11 35:21 41:22 41:23 | |
| **invoices**(23) 8:1 11:13 11:14 11:15 11:17 12:6 15:21 16:15 17:3 24:5 27:8 27:10 28:24 30:8 30:22 30:25 31:10 31:14 39:6 41:1 41:7 43:8 47:2 | |
| **invoicing**(2) 28:22 29:25 | |
| **involve**(1) 5:25 | |
| **isn't**(7) 11:10 16:2 16:8 22:20 31:4 37:9 37:13 | |
| **issue**(21) 7:22 10:1 14:23 20:14 20:14 25:3 26:15 26:22 28:11 29:7 31:23 35:14 35:15 35:21 36:6 43:9 43:3 44:25 45:8 48:3 48:23 | |
| **issues**(15) 20:13 23:17 30:6 30:7 34:8 34:16 34:22 35:1 40:19 44:18 45:7 45:18 46:4 47:19 48:7 | |
| **it's**(53) 6:19 6:22 8:15 8:20 11:25 12:14 12:15 12:15 12:24 13:2 13:3 13:4 14:23 15:15 16:2 17:9 22:11 22:15 25:9 25:19 28:16 29:15 30:20 30:21 31:7 31:14 31:22 33:3 34:9 34:24 35:2 35:16 36:19 37:21 37:21 37:22 37:23 39:6 40:4 40:7 40:20 41:8 42:12 42:25 43:15 43:25 44:10 44:11 47:12 47:14 47:25 48:4 50:22 | |
| **its**(21) 8:11 11:7 13:20 20:2 20:19 26:6 26:7 28:7 29:1 32:9 32:11 32:11 33:3 36:3 36:7 40:17 42:5 42:13 43:20 44:7 48:2 | |
| **itself**(5) 11:9 13:12 15:17 20:13 42:1 | |
| **job**(1) 6:10 | |
| **jointly**(1) 1:5 | |
| **judge**(5) 1:26 1:27 35:16 35:17 48:13 | |
| **judgment**(56) 3:10 4:2 4:8 8:17 11:5 12:12 13:25 15:5 15:5 16:23 17:6 23:21 24:19 24:24 30:8 34:6 34:14 35:2 35:18 36:9 36:17 36:19 36:22 39:5 39:21 39:21 40:3 40:5 40:7 40:9 40:12 40:17 40:18 42:3 43:17 43:18 43:20 44:2 44:11 44:15 44:17 44:17 44:21 45:7 45:8 45:13 46:7 46:14 47:16 48:7 48:19 48:25 49:7 49:11 49:11 49:19 | |
| **judgments**(1) 3:24 | |
| **july**(6) 1:13 3:1 20:10 28:23 45:4 51:24 | |
| **jump**(2) 8:13 25:8 | |
| **jumping**(3) 7:20 16:10 22:6 | |
| **juncture**(2) 41:10 43:1 | |
| **june**(3) 31:12 31:13 | |
| **jury**(1) 33:6 | |
| **just**(51) 3:11 3:12 8:6 12:4 12:22 13:17 13:19 13:22 14:8 15:6 15:16 15:18 16:18 19:13 19:15 19:22 22:19 22:23 23:9 23:2 25:8 25:24 27:7 28:13 31:10 32:3 32:7 32:19 34:13 36:25 37:10 37:14 37:21 37:21 38:19 38:19 39:2 39:5 39:8 39:11 39:16 40:15 41:11 41:20 42:8 43:16 44:9 44:9 46:9 48:9 50:2 | |
| **kalon**(1) 5:16 | |
| **kills**(1) 38:10 | |
| **kind**(8) 18:21 21:18 21:21 23:10 23:11 39:3 43:4 44:7 | |
| **knew**(1) 38:16 | |
| **know**(30) 3:14 5:3 7:5 7:18 10:16 11:9 15:17 20:18 26:20 27:1 28:2 30:3 31:6 33:21 34:19 35:2 35:11 37:22 38:13 40:8 40:16 41:4 42:15 42:22 42:24 43:5 44:2 44:6 47:10 48:14 | |
| **knows**(4) 13:17 17:12 34:20 40:16 | |
| **last**(4) 4:3 17:7 19:16 43:14 | |
| **lastly**(2) 39:2 42:8 | |
| **late**(2) 26:14 27:19 | |
| **later**(5) 12:4 33:15 38:15 39:6 41:8 | |
| **laughter**(1) 51:5 | |
| **law**(8) 4:20 5:14 15:10 25:18 33:21 44:1 44:24 | |
| **leads**(1) 9:25 | |
| **least**(13) 3:8 5:10 28:20 20:13 24:21 24:24 28:10 31:23 32:11 34:24 39:14 44:6 48:2 | |
| **leaves**(1) 40:12 | |
| **left**(3) 3:25 7:23 39:17 | |
| **leftover**(2) 4:1 4:1 | |
| **legal**(2) 14:23 33:17 | |
| **length**(1) 17:19 | |
| **leslie**(1) 1:44 | |
| **let**(1) 19:25 | |
| **let's**(4) 19:15 23:24 30:4 39:18 | |
| **letter**(19) 8:24 9:10 9:12 9:15 10:6 10:12 17:20 17:22 17:25 20:13 28:22 29:25 37:14 38:3 38:4 38:5 38:11 38:17 44:16 | |
| **light**(1) 22:7 | |
| **like**(11) 4:5 14:1 18:14 18:18 32:7 34:7 37:9 37:23 39:3 45:25 48:9 | |
| **likelihood**(3) 47:6 47:6 49:20 | |
| **line**(2) 27:12 31:18 | |
| **liquidating**(2) 3:7 3:9 | |
| **list**(1) 11:4 | |
| **lists**(1) 31:11 | |
| **litany**(1) 43:24 | |
| **literally**(2) 20:16 37:15 | |
| **little**(4) 12:22 21:3 47:18 47:25 | |
| **llp**(3) 1:31 1:38 2:4 | |
| **local**(1) 50:17 | |
| **locate**(1) 33:24 | |
| **locations**(1) 7:18 | |
| **look**(14) 13:4 13:11 13:11 13:16 13:17 13:19 14:12 20:12 25:21 26:11 29:13 31:9 33:19 39:9 | |
| **looking**(3) 8:6 12:18 24:11 | |
| **looks**(1) 29:19 | |
| **lot**(2) 30:18 49:3 | |
| **made**(51) 4:25 4:25 5:20 5:24 8:8 8:18 8:20 8:23 8:24 9:1 10:19 11:11 12:12 15:6 15:23 16:7 17:19 17:25 18:20 19:25 20:4 20:4 20:15 21:4 21:8 22:8 22:8 24:15 25:11 25:13 25:13 25:16 25:21 26:16 26:25 27:2 27:3 27:8 27:10 27:18 27:22 28:3 35:5 35:20 37:4 37:17 37:20 42:22 46:20 47:21 49:23 | |
| **madison**(1) 1:34 | |
| **main**(1) 7:22 | |
| **mainly**(1) 46:20 | |
| **make**(19) 6:9 12:20 12:25 13:24 14:14 14:24 16:18 19:13 31:2 31:2 32:4 34:3 36:6 39:2 44:9 45:1 45:20 46:10 49:4 | |
| **makes**(1) 34:21 | |
| **manner**(1) 24:15 | |
| **many**(6) 11:11 22:11 35:8 35:8 45:2 47:6 | |
| **march**(4) 5:14 7:13 21:23 24:2 | |
| **market**(3) 1:10 1:40 2:6 | |
| **massachusetts**(1) 1:42 | |
| **material**(17) 20:14 20:15 23:17 25:3 25:25 26:15 26:19 29:7 31:23 35:15 43:2 43:2 43:3 44:18 46:16 46:19 48:5 | |
| **math**(1) 3:25 | |
| **matter**(15) 4:13 8:6 14:11 27:14 29:9 29:11 29:12 32:21 34:19 36:13 37:19 50:5 50:10 50:24 51:21 | |
| **matters**(6) 4:1 4:8 4:9 4:18 29:13 30:1 | |
| **may**(11) 15:8 22:1 22:1 22:2 24:3 24:3 25:19 47:12 47:19 47:25 48:4 | |
| **mean**(3) 12:16 34:10 40:24 | |
| **meaning**(2) 40:6 40:6 | |
| **means**(1) 9:4 | |
| **mediation**(2) 4:13 4:14 | |
| **meet**(3) 8:11 16:25 43:20 | |
| **meeting**(2) 37:14 38:1 | |
| **melville**(1) 9:6 | |
| **members**(1) 20:21 | |
| **memorializing**(1) 49:24 | |
| **mention**(6) 5:15 17:7 17:19 25:9 36:25 42:10 | |
| **mentioned**(5) 5:10 6:6 11:13 44:7 49:20 | |
| **mentioning**(1) 14:8 | |
| **mentions**(1) 42:21 | |
| **merely**(1) 33:2 | |
| **merican**(1) 1:7 | |
| **met**(3) 33:10 36:7 44:8 | |
| **method**(1) 37:11 | |
| **mhw**(1) 35:17 | |
| **mid-august**(2) 11:19 11:20 | |
| **midst**(1) 20:16 | |
| **might**(3) 45:2 47:9 47:20 | |
| **million**(1) 3:21 | |
| **minute**(1) 32:3 | |
| **minutia**(1) 23:13 | |
| **monday**(3) 8:20 9:14 10:9 | |
| **money**(4) 12:4 12:6 38:18 45:5 | |
| **moneys**(1) 9:17 | |
| **monitoring**(1) 38:15 | |
| **month**(1) 46:20 | |
| **months**(4) 6:5 24:4 36:16 47:10 | |
| **more**(18) 3:14 8:22 10:20 15:6 15:23 23:10 23:12 32:3 35:8 35:22 37:20 41:8 41:20 45:1 46:3 47:18 48:11 50:14 | |
| **morning**(1) 3:3 | |
| **mortgage**(3) 1:7 1:14 9:13 | |
| **most**(2) 4:10 13:9 | |
| **motion**(19) 3:9 4:9 11:4 12:11 23:4 23:20 24:19 24:25 30:8 35:19 36:16 39:4 42:2 43:17 44:16 47:15 48:19 48:20 48:25 | |
| **motions**(1) 4:2 | |
| **move**(5) 14:13 24:21 24:22 35:3 43:20 | |
| **movement**(1) 33:7 | |
| **moves**(1) 48:8 | |
| **moving**(3) 44:1 44:10 46:8 | |
| **much**(8) 18:1 18:2 30:19 30:24 39:17 39:23 45:3 45:3 | |
| **multiple**(3) 11:6 13:21 37:3 | |
| **murin**(1) 1:44 | |
| **music**(1) 31:17 | |
| **must**(5) 25:6 33:5 35:18 35:19 36:7 | |
| **name**(1) 14:3 | |
| **narrow**(2) 40:19 45:6 | |
| **narrows**(1) 34:23 | |
| **national**(1) 9:12 | |
| **nature**(1) 30:13 | |
| **nearly**(2) 5:6 39:7 | |
| **necessarily**(2) 6:3 45:25 | |
| **necessary**(5) 22:14 31:8 40:20 40:21 43:15 | |
| **need**(17) 6:16 7:6 7:11 7:12 7:16 13:24 23:3 29:5 30:24 36:13 38:3 38:23 45:1 46:3 46:24 47:18 49:3 | |
| **needed**(7) 7:17 9:9 10:5 10:6 46:14 48:10 48:10 | |
| **needs**(1) 31:3 | |
| **neff**(30) 2:5 19:9 19:10 19:10 19:20 19:22 20:12 21:3 21:11 21:16 23:7 23:9 23:15 29:10 29:13 29:17 29:22 30:3 30:5 32:2 32:6 32:16 41:13 41:15 41:17 43:13 50:15 51:1 51:3 51:15 | |
| **neither**(1) 35:11 | |
| **never**(5) 10:13 10:19 10:21 10:24 11:6 | |
| **new**(50) 1:35 14:13 14:14 16:11 16:12 16:13 16:18 16:21 16:24 17:4 17:10 17:17 22:6 23:0 34:0 30:6 30:19 31:9 31:16 31:22 39:3 39:4 39:11 39:12 39:16 39:20 39:23 39:25 40:2 40:4 40:22 41:2 41:4 41:6 42:9 42:9 42:12 42:16 42:21 42:23 42:23 43:10 45:14 46:5 48:8 48:17 49:2 49:15 50:18 50:20 | |
| **news**(1) 38:15 | |
| **next**(5) 11:3 12:8 16:10 50:4 50:6 | |
| **nicholas**(1) 1:33 | |
| **night**(1) 50:22 | |
| **non-contingent**(1) 6:16 | |
| **non-moving**(1) 32:24 | |
| **non-wire**(1) 23:24 | |
| **none**(3) 19:6 23:6 47:2 | |

| Word | Page:Line |
|---|---|
| nonetheless(1) 6:6 | |
| nope(1) 32:1 | |
| nor(1) 35:11 | |
| normally(1) 11:17 | |
| north(1) 2:6 | |
| northern(1) 5:17 | |
| not(108) 4:4 4:5 6:10 6:13 6:19 8:11 8:11 10:3 10:14 10:16 10:25 11:21 12:5 12:6 12:10 12:13 12:13 13:11 13:15 13:18 13:20 13:23 14:7 14:9 14:11 14:15 15:3 15:17 16:2 16:4 16:5 16:22 17:1 17:2 17:5 17:10 18:2 18:4 18:10 20:4 21:10 23:9 24:21 25:20 25:20 25:25 26:4 26:21 27:10 29:1 29:3 29:4 29:8 31:3 31:7 33:23 34:6 34:8 34:15 34:16 34:22 35:7 35:22 36:7 36:13 36:15 36:19 36:24 37:1 37:21 37:21 37:24 37:24 38:5 38:7 38:19 39:5 39:13 39:15 39:16 39:19 39:24 40:14 40:17 40:19 40:20 40:21 41:7 41:9 42:8 42:25 43:6 43:15 43:25 43:25 44:10 44:10 45:1 47:6 47:22 48:3 48:19 48:24 49:18 51:9 | |
| notable(1) 4:23 | |
| note(2) 34:13 37:18 | |
| noted(1) 35:6 | |
| notes(2) 32:3 41:12 | |
| nothing(4) 14:3 16:9 16:18 16:24 | |
| now(7) 9:14 31:8 36:15 36:15 47:21 48:15 49:23 | |
| number(3) 39:22 40:5 40:6 | |
| numbers(1) 8:6 | |
| objective(6) 25:1 25:5 26:1 32:14 41:5 41:19 | |
| obligated(2) 7:9 7:10 | |
| obligation(4) 6:8 6:14 6:23 7:8 | |
| obtained(1) 11:24 | |
| obviously(7) 11:20 23:2 23:4 23:15 24:10 34:19 50:9 | |
| occurred(3) 10:2 10:2 44:24 | |
| odds(1) 10:9 | |
| off(2) 7:15 22:23 | |
| officers(1) 20:21 | |
| offices(1) 22:9 | |
| okay(18) 19:12 19:21 21:2 21:13 21:16 23:8 29:21 30:2 32:5 32:15 35:4 43:12 44:13 45:23 50:15 50:25 51:1 51:3 | |
| old(1) 11:13 | |
| one(21) 4:6 4:21 5:15 7:15 8:20 11:10 13:6 16:10 24:10 25:8 26:24 27:16 27:18 27:23 29:18 32:19 34:19 37:4 43:16 46:16 50:2 | |
| one's(1) 48:9 | |
| ones(1) 48:21 | |
| ongoing(2) 5:25 7:7 | |
| only(12) 5:6 5:7 6:7 7:6 11:10 18:9 24:3 25:12 37:10 42:5 43:6 45:16 | |
| onset(1) 43:9 | |
| opening(1) 42:11 | |
| opine(1) 26:4 | |
| opinion(2) 4:20 16:2 | |
| opposed(2) 7:11 46:2 | |
| opposing(1) 31:20 | |
| oral(2) 4:4 4:5 | |
| order(12) 7:5 9:19 11:23 11:24 17:8 17:8 33:4 34:19 44:9 49:5 49:24 50:3 | |
| ordinarily(4) 11:1 11:18 12:7 14:9 | |

| Word | Page:Line |
|---|---|
| ordinary(54) 7:22 8:12 10:18 12:8 13:2 13:3 13:7 13:10 13:14 13:22 14:4 14:6 14:13 14:16 14:21 15:1 15:2 15:7 15:13 15:18 15:24 23:18 23:23 24:11 24:20 24:23 25:1 25:7 26:2 26:17 27:1 27:25 29:14 29:16 29:17 32:14 35:14 35:21 38:10 39:3 39:19 39:22 40:11 41:19 42:15 46:8 46:10 46:12 46:13 47:1 47:3 47:5 47:7 49:16 | |
| other(32) 3:16 8:9 10:3 10:15 10:17 10:20 10:24 11:11 12:16 13:10 16:24 19:8 25:12 25:21 25:22 25:22 26:16 26:2 27:13 31:5 38:25 40:10 41:24 42:5 45:7 48:2 48:6 48:18 49:10 50:5 | |
| others(1) 47:24 | |
| otherwise(3) 5:19 40:4 50:21 | |
| our(24) 7:25 9:15 11:2 15:8 19:13 22:6 25:10 26:1 28:15 28:20 28:21 31:2 32:3 34:5 36:16 36:19 37:2 40:9 41:20 42:15 42:16 44:4 44:10 50:10 | |
| out(6) 3:22 11:2 29:1 33:24 47:2 48:11 | |
| outside(1) 29:16 | |
| outstanding(3) 9:17 17:23 18:5 | |
| over(3) 3:21 7:13 38:25 | |
| overcome(1) 13:24 | |
| overwhelming(1) 47:22 | |
| owe(1) 30:1 | |
| owed(1) 9:18 | |
| owing(2) 6:20 28:23 | |
| own(6) 9:1 26:9 31:2 31:2 32:12 36:3 | |
| owner(2) 20:19 26:7 | |
| p.m(3) 1:14 3:1 51:17 | |
| p.m.c(2) 11:5 37:2 | |
| p.o(1) 2:7 | |
| paid(27) 5:13 6:4 8:1 8:3 9:9 10:5 10:16 11:12 11:12 11:14 11:18 12:7 15:21 23:2 27:17 28:23 30:19 31:16 31:22 37:7 38:2 38:6 38:12 38:12 38:18 42:9 46:1 | |
| papers(6) 8:23 11:2 12:9 16:12 37:2 44:10 | |
| part(4) 34:8 42:14 44:21 44:22 | |
| partial(2) 42:10 46:15 | |
| partial(1) 34:13 35:2 | |
| particular(2) 42:10 46:15 | |
| particularly(5) 7:14 11:1 12:6 13:25 47:22 | |
| parties(2) 41:4 15 4:18 10:3 10:20 14:22 15:1 17:15 19:20 21:20 21:22 21:23 23:11 36:2 45:5 46:12 46:18 46:25 47:3 47:8 49:16 | |
| party(3) 32:24 34:20 38:19 | |
| pay(7) 6:25 7:1 7:10 22:23 28:18 29:6 | |
| paying(2) 11:15 11:21 | |
| payment(28) 5:12 5:20 5:23 9:10 9:21 10:1 10:6 10:6 10:12 11:7 14:24 15:12 15:16 17:24 18:19 18:20 18:23 24:6 25:21 27:16 27:17 27:18 32:10 37:3 37:11 37:12 37:20 42:4 | |
| payment's(1) 17:25 | |
| payments(20) 6:9 8:8 10:20 11:1 11:7 13:6 14:10 15:22 24:9 24:12 25:11 25:16 25:21 26:8 26:14 26:16 27:2 27:10 27:15 35:24 | |
| pending(1) 4:2 | |
| pennsylvania(1) 1:48 | |
| people(1) 38:14 | |
| per(1) 9:18 | |
| percent(1) 6:19 | |
| percentage(1) 8:5 | |
| perhaps(10) 3:12 7:3 34:15 34:18 34:23 42:23 47:2 47:2 47:3 48:3 | |
| period(25) 3:16 4:22 8:2 8:7 12:2 14:25 15:12 22:1 22:5 22:14 22:21 24:2 24:3 24:8 24:14 24:16 27:8 27:9 27:19 30:12 30:15 42:6 43:11 46:21 47:7 | |
| permitted(2) 36:14 36:14 | |
| persons(1) 6:10 | |

| Word | Page:Line |
|---|---|
| petition(1) 22:18 | |
| phone(1) 7:11 | |
| picture(1) 23:12 | |
| pieces(1) 46:9 | |
| pillowtex(1) 16:25 | |
| place(1) 7:12 | |
| plaintiff(15) 1:16 21:4 21:10 23:16 27:5 28:5 29:23 35:19 36:3 43:17 44:1 44:16 45:9 47:10 49:24 | |
| plaintiff's(1) 16:23 | |
| plaintiffs(18) 22:7 24:1 25:9 28:14 30:8 30:23 31:1 36:9 41:5 41:18 42:2 42:11 43:6 43:8 48:19 48:21 48:25 49:8 | |
| plan(3) 1:12 1:14 1:31 | |
| please(2) 3:3 32:2 | |
| plus(1) 30:14 | |
| pmc(1) 37:8 | |
| point(20) 6:14 11:2 12:21 18:18 21:4 26:24 31:21 32:7 34:13 36:13 37:1 37:19 39:2 41:18 43:16 44:9 47:9 47:17 48:7 50:6 | |
| points(5) 19:4 19:13 22:7 29:22 32:4 | |
| portion(5) 18:2 19:24 20:17 20:24 21:6 | |
| position(3) 4:18 7:25 21:10 | |
| possession(1) 43:9 | |
| possible(1) 34:9 | |
| ppearances(2) 1:29 2:1 | |
| practice(4) 36:3 46:18 47:3 49:16 | |
| practices(5) 36:2 36:4 36:5 46:13 46:14 | |
| pre-petition(1) 11:21 | |
| pre-preference(5) 24:2 24:14 24:16 27:9 46:21 | |
| precision(1) 48:12 | |
| preclude(1) 32:13 | |
| prefer(3) 38:24 51:1 51:3 | |
| preference(22) 3:10 3:16 4:22 4:23 8:2 8:7 12:2 14:25 22:1 22:5 22:14 24:8 27:8 27:19 30:12 30:15 38:9 41:5 42:5 43:11 43:24 47:7 | |
| preferences(1) 3:12 | |
| prepare(1) 39:11 | |
| prepared(2) 44:14 49:4 | |
| prepayment(2) 28:6 28:8 | |
| presence(1) 33:1 | |
| present(1) 30:24 | |
| presented(3) 17:10 17:14 36:3 | |
| president(5) 10:22 13:3 13:4 20:19 26:7 | |
| pressure(4) 5:1 28:20 29:19 29:23 | |
| presumably(1) 40:16 | |
| pretrial(2) 51:7 51:8 | |
| prevail(3) 35:21 49:1 49:5 | |
| price(1) 7:8 | |
| prima(3) 44:20 49:6 49:8 | |
| primarily(1) 4:24 | |
| primary(1) 8:17 | |
| prime(1) 45:7 | |
| prior(5) 11:2 23:2 36:4 37:1 39:8 | |
| private(6) 5:13 6:5 6:23 7:13 18:24 21:24 | |
| probably(2) 10:7 37:24 | |
| problem(1) 46:22 | |
| proc(1) 1:16 | |
| procedures(1) 51:9 | |
| proceed(2) 23:5 34:25 | |
| proceedings(3) 1:25 1:52 51:21 | |
| process(3) 3:23 39:24 | |
| produce(2) 16:20 33:5 | |
| produced(6) 1:53 16:5 16:17 17:18 30:10 33:3 | |
| producible(1) 31:3 | |
| producing(1) 33:2 | |
| productive(2) 34:9 34:10 | |
| prompting(1) 34:18 | |
| prong(2) 23:22 24:20 | |
| prongs(1) 46:17 | |

| Word | Page:Line |
|---|---|
| proof(6) 17:3 20:13 32:25 47:18 48:15 48:17 | |
| proven(1) 49:10 | |
| provide(8) 6:24 7:9 9:19 18:24 21:18 22:16 35:18 35:19 | |
| provided(28) 5:14 6:13 9:17 11:5 14:2 14:3 17:3 21:20 21:25 22:4 22:21 30:11 30:11 30:14 30:18 30:23 30:25 31:9 31:11 31:17 31:21 31:20 35:23 43:7 43:8 43:11 45:19 46:2 | |
| provider(7) 7:4 7:4 11:3 25:13 25:17 37:4 42:5 | |
| providers(4) 13:21 25:22 37:2 37:3 | |
| provides(1) 9:24 | |
| providing(2) 16:16 31:4 | |
| provision(1) 45:25 | |
| psa(2) 21:24 27:1 | |
| pulled(1) 48:22 | |
| purchase(1) 7:5 | |
| purpose(2) 40:17 40:18 | |
| purposes(4) 44:20 48:24 49:9 49:21 | |
| pursuant(4) 5:21 9:15 23:19 36:7 | |
| put(13) 7:12 11:19 18:17 20:19 20:21 26:20 28:20 29:19 32:9 37:2 41:20 43:1 43:22 | |
| qualifies(1) 17:4 | |
| question(6) 15:18 18:13 18:16 19:16 32:20 50:3 | |
| questions(5) 19:5 19:12 31:25 47:11 50:1 | |
| quick(1) 50:2 | |
| quicker(2) 8:5 8:8 | |
| quite(4) 5:18 10:9 11:15 13:9 | |
| raise(4) 12:17 19:4 26:15 48:4 | |
| raised(5) 12:14 20:14 42:17 45:11 45:16 | |
| raises(1) 12:9 | |
| range(1) 24:9 | |
| ranging(1) 11:13 | |
| rare(1) 23:20 | |
| rather(1) 33:4 | |
| reached(1) 4:18 | |
| reading(3) 9:2 45:15 45:15 | |
| real(1) 49:4 | |
| really(6) 8:13 16:2 44:15 45:24 46:22 | |
| reason(8) 8:10 8:17 8:25 11:16 11:23 38:11 42:14 44:11 | |
| reasonable(1) 33:6 | |
| reasons(2) 11:11 34:10 | |
| received(13) 3:24 10:8 10:24 11:6 21:7 24:4 24:9 24:13 24:14 26:8 30:15 32:11 37:5 | |
| record(1) 19:10 | |
| recorded(1) 1:52 | |
| recording(2) 1:52 51:20 | |
| recovery(2) 20:25 25:4 | |
| reduce(1) 40:3 | |
| refer(4) 15:15 32:22 33:17 33:17 | |
| reference(3) 34:3 35:15 40:1 | |
| referenced(3) 21:5 27:5 30:23 | |
| references(1) 29:23 | |
| referring(2) 17:2 37:5 | |
| refute(1) 41:1 | |
| regard(3) 28:11 46:18 | |
| regarding(1) 41:18 | |
| regular(1) 51:8 | |
| regularly(1) 15:21 | |
| related(2) 45:11 46:6 | |
| relation(2) 21:22 31:16 | |
| relationship(5) 46:25 47:4 47:8 47:24 48:2 | |
| relationships(1) 35:22 | |
| relatively(4) 7:17 10:13 41:4 41:5 | |
| relevant(2) 16:2 48:1 | |
| remainder(1) 28:12 | |
| remaining(1) 35:1 | |
| rendered(1) 31:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **reorganization**(2) 22:15 23:1 | | **seated**(1) 3:3 | | **some**(31) 12:1 13:9 14:14 17:8 19:23 | | **sum**(1) 49:6 | |
| **repeat**(1) 5:10 | | **second**(1) 46:9 | | 21:17 21:19 22:7 22:19 27:13 28:2 28:14 | | **summary**(47) 3:10 4:2 4:8 8:17 11:5 | |
| **reply**(2) 32:17 44:4 | | **secondly**(1) 18:6 | | 31:7 31:15 33:3 40:15 41:7 41:11 42:6 | | 12:12 13:25 15:4 15:5 16:23 17:5 23:21 | |
| **report**(1) 14:3 | | **security**(36) 1:20 2:4 5:13 6:5 6:9 6:23 | | 42:24 45:12 46:2 46:23 46:25 47:3 47:6 | | 24:19 24:24 30:8 34:6 34:13 35:18 36:9 | |
| **representativ**(2) 32:9 41:21 | | 6:24 7:1 7:11 7:12 7:13 7:14 7:17 9:13 | | 48:12 48:12 49:4 50:6 50:13 | | 36:16 36:19 36:22 39:5 40:17 40:18 42:2 | |
| **request**(3) 20:2 28:7 49:23 | | 9:19 9:20 9:23 11:1 11:3 11:5 13:19 | | | | 43:17 43:20 44:1 44:11 44:15 44:17 44:17 | |
| **requested**(3) 4:4 6:10 9:22 | | 13:21 18:24 18:25 19:11 21:24 22:13 | | **someone**(1) 36:23 | | 44:21 45:7 45:8 45:13 46:6 46:14 47:16 | |
| **requesting**(1) 17:24 | | 22:16 25:13 25:14 25:17 37:1 37:3 37:4 | | **something**(11) 3:4 12:25 16:8 16:13 31:1 | | 48:7 48:18 48:25 49:7 49:10 49:11 49:19 | |
| **require**(1) 9:21 | | 37:8 42:5 | | 31:3 34:23 34:24 40:24 48:11 48:13 | | | |
| **required**(8) 6:11 40:23 40:24 42:25 43:1 | | **see**(11) 8:23 16:12 16:14 16:14 16:15 | | | | **support**(5) 21:10 33:3 33:5 42:24 43:3 | |
| 43:7 43:19 43:25 | | 16:15 16:15 32:3 41:3 42:10 42:20 | | **sometime**(1) 24:3 | | **suppose**(1) 34:5 | |
| | | | | **sontchi**(1) 1:26 | | **supposed**(1) 39:25 | |
| **requirement**(2) 6:19 12:13 | | **seeking**(1) 43:17 | | **sorry**(9) 19:25 20:8 28:5 28:25 29:10 42:4 | | **sure**(8) 12:20 16:18 16:10 41:13 41:16 | |
| **requiring**(1) 18:19 | | **send**(9) 9:9 10:5 10:12 37:22 38:3 38:4 | | 43:3 43:4 46:10 | | 41:17 46:10 48:24 | |
| **resolution**(1) 34:19 | | 38:5 38:11 38:17 | | **sort**(7) 12:15 21:21 29:1 42:6 46:2 46:23 | | | |
| **resolve**(1) 4:16 | | | | 46:25 | | **survive**(2) 24:24 49:19 | |
| **respect**(17) 5:7 5:7 10:2 19:4 21:5 22:8 | | **sends**(1) 9:12 | | **sought**(1) 44:23 | | **synonym**(1) 38:24 | |
| 23:15 23:24 25:4 28:21 30:5 32:11 32:25 | | **sense**(3) 22:24 25:15 49:23 | | **sound**(2) 1:52 51:20 | | **synonymous**(1) 19:1 | |
| 33:11 35:13 36:25 39:3 | | **sent**(1) 17:25 | | **speaking**(4) 7:17 10:13 41:4 41:5 | | **tab**(3) 9:2 9:11 9:12 | |
| | | **separate**(1) 46:9 | | **specifically**(20) 4:21 14:8 15:16 15:19 | | **take**(5) 30:18 31:14 35:1 50:14 50:23 | |
| **respectfully**(2) 9:21 33:12 | | **served**(1) 40:17 | | 22:8 25:11 25:12 28:5 30:10 30:13 31:8 | | **taken**(1) 29:3 | |
| **respond**(2) 32:20 41:2 | | **service**(4) 1:46 1:53 7:4 25:22 | | 33:19 38:16 41:17 41:23 41:25 42:12 | | **talk**(7) 14:17 19:15 30:4 33:13 37:13 | |
| **responded**(1) 44:7 | | **services**(52) 1:20 1:46 2:5 6:1 6:13 7:2 | | 42:17 42:21 43:10 | | 50:13 51:11 | |
| **responding**(1) 48:18 | | 7:8 7:9 7:14 9:17 9:19 9:20 9:23 11:5 | | | | | |
| **response**(2) 20:2 39:5 | | 17:3 18:25 19:11 20:10 20:16 21:8 21:20 | | **spend**(2) 35:7 50:21 | | **talked**(1) 14:17 | |
| **responses**(1) 28:7 | | 21:25 22:4 22:13 22:16 22:21 22:25 24:17 | | **spent**(1) 35:8 | | **talking**(4) 25:16 30:14 45:14 47:16 | |
| **retain**(1) 26:4 | | 25:14 25:17 28:17 28:19 29:5 29:5 30:10 | | **split**(2) 3:20 7:23 | | **taught**(1) 48:13 | |
| **retained**(1) 32:13 | | 30:11 30:13 30:16 30:16 30:17 30:18 | | **spreadsheet**(8) 17:1 17:2 30:24 30:25 31:1 | | **technical**(2) 18:7 18:18 | |
| **retaliatory**(1) 29:2 | | 31:11 31:13 31:14 31:17 33:13 33:17 | | 31:5 40:23 43:7 | | **technically**(1) 48:19 | |
| **return**(1) 33:7 | | 33:18 45:3 45:19 46:1 46:1 | | | | **tell**(2) 38:1 39:16 | |
| **reverse**(1) 17:8 | | | | **spreadsheets**(1) 31:2 | | **telling**(1) 39:12 | |
| **reversed**(2) 10:14 10:14 | | **set**(3) 12:10 15:3 24:6 | | **stage**(2) 50:4 50:5 | | **ten**(2) 4:1 4:1 | |
| **review**(1) 32:3 | | **settled**(1) 3:20 | | **stand**(4) 20:20 20:22 26:7 41:21 | | **terms**(25) 12:9 13:3 13:10 14:5 14:6 15:2 | |
| **revise**(1) 20:2 | | **several**(2) 18:3 36:16 | | **standard**(7) 16:25 23:16 33:8 35:24 37:16 | | 15:7 15:13 15:17 15:18 15:22 15:22 24:5 | |
| **rigano**(1) 1:33 | | **shadow**(1) 48:5 | | 43:23 46:23 | | 26:13 27:1 27:4 27:9 27:11 27:17 27:24 | |
| **right**(21) 12:15 13:15 13:16 14:11 18:12 | | **shadowbox**(1) 44:2 | | | | 34:15 35:21 41:22 41:22 41:24 | |
| 20:16 23:9 23:14 26:20 26:22 31:8 32:9 | | **shielded**(2) 20:25 25:4 | | **standards**(4) 25:7 26:5 36:4 44:14 | | | |
| 41:2 44:13 46:10 48:8 49:25 50:17 50:20 | | **ship**(1) 45:24 | | **stands**(1) 32:9 | | **terribly**(1) 24:13 | |
| 51:6 51:14 | | **short**(1) 46:21 | | **start**(3) 8:25 23:22 50:17 | | **testified**(1) 41:23 | |
| | | **shorter**(1) 15:21 | | **started**(1) 22:1 | | **testify**(8) 20:20 20:22 20:22 26:8 32:10 | |
| **rights**(2) 26:6 40:9 | | **should**(11) 24:19 24:24 27:24 30:7 32:21 | | **starting**(1) 31:10 | | 36:12 36:14 41:21 | |
| **rise**(1) 3:2 | | 34:25 35:1 36:11 36:22 42:21 44:21 | | **state**(1) 27:20 | | **testimony**(8) 22:11 26:11 28:16 29:3 42:1 | |
| **road**(1) 9:6 | | | | **stated**(5) 5:18 24:1 25:10 28:16 40:14 | | 47:19 48:1 49:21 | |
| **robert**(3) 9:12 20:19 26:6 26:11 | | **shouldn't**(2) 40:12 50:14 | | **states**(6) 1:1 1:27 9:8 9:15 26:12 32:24 | | | |
| **rome**(1) 1:38 | | **show**(16) 14:4 14:6 15:24 16:4 16:13 | | **stating**(4) 13:22 19:24 25:24 29:24 | | **than**(11) 12:22 15:6 15:21 15:23 16:24 | |
| **room**(1) 8:14 | | 16:13 24:19 25:6 30:10 31:21 39:4 39:6 | | **statistically**(1) 8:5 | | 35:22 37:21 41:20 47:18 48:11 50:14 | |
| **root**(1) 1:39 | | 39:13 40:11 41:6 42:15 | | **steven**(1) 1:12 | | | |
| **rothschild**(2) 2:4 19:11 | | | | **still**(7) 6:17 12:4 15:9 21:8 32:13 40:12 | | **thank**(12) 19:6 19:7 32:6 32:15 32:16 | |
| **roughly**(3) 3:25 28:13 30:14 | | **showed**(1) 43:10 | | 42:25 | | 32:18 41:10 43:14 44:11 44:13 51:12 | |
| **rule**(2) 34:4 44:14 | | **showing**(2) 16:18 17:18 | | | | 51:15 | |
| **rules**(1) 51:8 | | **showings**(1) 3:22 | | **stipulate**(2) 10:23 10:23 | | | |
| **ruling**(4) 46:22 48:6 49:24 50:9 | | **shown**(4) 6:10 9:11 11:10 16:4 | | **stipulated**(2) 20:1 28:7 | | | |
| **said**(10) 14:1 18:18 26:6 28:14 29:5 37:9 | | **shows**(3) 17:22 26:1 38:22 | | **stipulation**(1) 19:23 | | | |
| 37:22 47:21 48:9 49:1 | | **shuttle**(1) 30:16 | | **stop**(1) 13:24 | | | |
| | | **side**(2) 19:8 31:5 | | **straight**(1) 3:22 | | | |
| **same**(8) 12:16 15:15 24:15 24:16 25:23 | | **side's**(1) 48:18 | | **strange**(3) 39:18 39:20 40:13 | | | |
| 26:9 26:13 44:7 | | **signed**(1) 33:20 | | **street**(4) 1:10 1:40 1:47 2:6 | | | |
| | | **significant**(1) 8:5 | | **structured**(1) 42:12 | | | |
| **sass**(1) 1:12 | | **significantly**(1) 8:8 | | **subject**(3) 34:16 34:22 45:12 | | | |
| **sat**(1) 38:20 | | **signing**(1) 5:20 | | **subjective**(3) 23:22 24:11 24:20 | | | |
| **saw**(1) 39:1 | | **similar**(5) 6:2 17:10 24:17 35:23 36:10 | | **submit**(28) 5:11 5:12 6:4 8:4 8:10 11:23 | | | |
| **say**(19) 8:15 13:6 15:11 15:18 18:14 25:20 | | **similarly**(1) 25:17 | | 12:10 12:14 14:7 14:15 16:1 16:1 16:3 | | | |
| 29:23 34:10 36:20 36:23 36:23 39:21 | | **simple**(1) 7:25 | | 16:8 16:20 16:22 21:9 33:9 33:13 34:2 | | | |
| 39:21 39:22 41:3 41:20 42:17 46:10 47:15 | | **simpler**(1) 50:10 | | 36:13 36:22 38:9 39:13 39:24 41:9 42:25 | | | |
| | | **simply**(4) 12:24 35:1 41:20 47:19 | | 49:25 | | | |
| **saying**(5) 7:11 16:19 43:6 43:6 47:19 | | **since**(4) 12:21 36:22 48:15 50:5 | | **subpart**(3) 19:24 20:3 20:9 | | | |
| **says**(9) 9:3 13:5 15:16 15:20 16:6 30:24 | | **single**(1) 43:21 | | **successful**(1) 22:14 | | | |
| 33:19 33:22 35:17 | | **sit**(1) 51:10 | | **such**(9) 6:1 27:3 33:4 33:5 33:6 33:7 33:7 | | | |
| | | **situation**(15) 5:23 7:3 7:15 7:16 16:16 | | 35:20 46:21 | | | |
| **scenario**(1) 26:17 | | 21:11 27:14 34:4 38:7 38:8 38:9 39:16 | | | | | |
| **schedule**(1) 51:10 | | 39:18 39:20 40:13 | | **suffice**(1) 47:20 | | | |
| **scheduled**(1) 3:14 | | | | **sufficient**(18) 12:11 12:14 12:15 12:17 | | | |
| **schnitzer**(27) 1:32 3:5 3:6 6:2 6:12 6:22 | | **situations**(2) 33:18 34:21 | | 13:23 14:7 15:9 15:10 17:5 33:6 35:19 | | | |
| 7:20 12:20 14:20 15:14 17:21 18:10 18:14 | | **slew**(1) 30:17 | | 37:13 37:24 39:13 45:18 48:5 49:10 49:19 | | | |
| 18:17 19:3 19:7 32:18 33:23 34:1 35:5 | | **small**(1) 42:4 | | | | | |
| 35:13 43:16 50:2 50:9 50:18 50:23 51:12 | | **solely**(2) 36:1 49:14 | | **suggest**(2) 25:19 39:18 | | | |
| | | | | **suite**(1) 1:40 | | | |
| **school**(1) 48:13 | | | | | | | |
| **schuylkill**(1) 1:47 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **that**(301) | 3:17 3:25 4:6 4:14 4:25 5:11 5:19 5:21 6:4 6:15 6:15 6:17 6:18 6:19 7:1 7:4 7:7 7:8 8:4 8:4 8:6 8:10 8:20 9:6 9:8 9:8 9:9 9:15 9:22 10:4 10:9 10:9 10:17 10:19 10:21 10:23 10:23 11:9 11:9 11:15 11:16 12:9 12:18 12:21 13:2 13:3 13:10 13:13 13:15 13:16 13:23 13:24 14:6 14:18 15:8 15:11 15:11 15:14 15:16 15:20 15:21 15:24 16:2 16:4 16:4 16:5 16:5 16:6 16:7 16:8 16:9 16:22 16:22 17:4 17:10 17:15 17:15 17:16 17:16 17:18 17:19 17:20 17:22 17:23 18:1 18:4 18:12 18:16 18:22 18:25 19:12 19:13 19:17 19:24 19:24 20:2 20:8 20:14 20:17 20:24 21:4 21:5 21:6 21:6 21:7 21:9 21:9 21:14 21:16 21:20 21:25 22:2 22:6 22:7 22:8 22:10 22:12 22:16 22:20 22:25 23:6 23:17 23:24 24:12 24:14 24:18 24:19 24:22 25:9 25:10 25:11 25:13 25:14 25:15 25:18 25:19 25:19 25:20 25:23 25:24 25:25 25:25 26:1 26:1 26:3 26:5 26:10 26:12 26:14 26:19 26:19 26:22 26:25 27:1 27:2 27:5 27:12 27:12 27:13 27:15 27:18 27:20 27:24 28:5 28:8 28:9 28:9 28:11 28:12 28:14 28:22 28:24 29:12 29:13 29:15 29:18 29:23 29:23 29:25 30:1 30:9 30:9 30:10 30:14 30:18 30:21 30:24 31:1 31:3 31:7 31:9 31:11 31:19 31:20 31:21 31:21 31:23 32:8 32:8 32:10 32:12 33:2 33:3 33:6 33:6 33:13 33:15 33:16 33:19 33:22 33:22 34:6 34:8 34:16 34:23 35:3 35:7 35:9 35:20 35:25 36:2 36:7 36:8 36:22 37:9 37:13 37:14 37:19 37:21 37:24 37:24 38:1 38:7 38:10 38:13 39:19 39:19 40:4 40:6 40:14 40:15 40:24 40:25 41:3 41:20 41:24 41:25 42:1 42:3 42:13 42:14 42:14 42:15 42:18 42:20 42:21 42:25 43:2 43:4 43:6 43:6 43:7 43:10 43:20 43:21 44:1 44:3 44:5 44:8 44:8 44:21 44:25 45:2 45:5 45:6 45:16 45:16 45:18 45:21 45:23 46:9 46:1 46:15 46:15 46:21 46:22 46:23 47:12 47:15 47:19 47:20 47:21 47:25 48:7 48:8 48:21 | **the**(301) | 1:1 1:2 1:13 1:26 3:2 3:3 3:6 3:10 3:12 3:20 3:21 3:23 3:25 4:3 4:4 4:7 4:12 4:14 4:15 4:18 4:20 4:21 4:25 5:3 5:4 5:4 5:5 5:5 5:6 5:6 5:8 5:9 5:11 5:11 5:12 5:14 5:16 5:16 5:19 5:22 5:23 5:23 5:25 6:1 6:4 6:5 6:8 6:9 6:9 6:11 6:14 6:15 6:15 6:15 6:17 6:18 6:19 6:21 6:21 6:23 6:25 7:8 7:8 7:9 7:16 7:17 7:17 7:20 7:22 7:23 7:25 8:2 8:6 8:6 8:8 8:9 8:11 8:12 8:13 8:14 8:14 8:14 8:19 8:19 8:22 8:23 8:24 8:25 8:25 9:1 9:3 9:4 9:5 9:7 9:14 9:14 9:16 9:17 9:20 9:22 9:23 9:24 9:25 10:8 10:8 10:9 10:9 10:12 10:12 10:13 10:15 10:18 10:20 10:20 10:23 11:2 11:3 11:10 11:11 11:12 11:12 11:16 11:25 12:2 12:3 12:4 12:6 12:9 12:12 12:15 12:16 12:18 12:19 12:20 12:22 12:23 13:2 13:3 13:4 13:8 13:10 13:11 13:11 13:14 13:14 13:15 13:16 13:17 13:17 13:18 13:18 13:19 13:20 13:24 14:1 14:8 14:11 14:16 14:16 14:17 14:22 14:22 14:23 14:24 14:25 15:2 15:15 15:2 15:11 15:12 15:12 15:15 15:15 15:17 15:18 15:24 16:10 16:11 16:16 16:17 16:25 17:2 17:4 17:7 17:8 17:13 17:15 17:15 17:16 17:20 17:22 17:22 17:25 18:1 18:8 18:8 18:9 18:12 18:14 18:16 18:21 18:22 18:23 18:23 18:24 18:25 19:2 19:4 19:5 19:6 19:8 19:18 19:10 19:13 19:15 19:16 19:17 19:18 19:19 19:20 19:21 19:23 19:24 20:3 20:20 20:9 20:9 20:11 20:13 20:15 20:15 20:16 20:17 20:19 20:20 20:21 20:22 20:23 20:24 20:25 21:2 21:4 21:4 21:5 21:5 21:7 21:9 21:9 21:11 21:12 21:14 21:17 21:18 21:19 21:20 21:21 21:22 21:23 21:24 21:25 22:1 22:5 22:5 22:5 22:7 22:8 22:9 22:11 22:11 22:12 22:13 22:14 22:15 22:16 22:21 22:22 22:22 22:24 22:25 23:1 23:1 23:2 23:6 23:8 23:10 23:11 23:11 23:12 23:14 23:16 | **the**(301) | 23:16 23:16 23:18 23:22 23:23 23:24 23:25 24:4 24:5 24:5 24:8 24:8 24:11 24:12 24:13 24:14 24:15 24:15 24:16 24:16 24:17 24:20 24:20 24:21 24:22 24:24 25:1 25:2 25:4 25:5 25:6 25:8 25:9 25:11 25:12 25:13 25:15 25:15 25:18 25:18 25:19 25:20 25:21 25:23 25:23 25:23 26:4 26:7 26:9 26:11 26:13 26:15 26:17 26:20 26:22 26:25 27:1 27:3 27:5 27:7 27:8 27:9 27:9 27:11 27:12 27:13 27:15 27:16 27:16 27:17 27:19 27:21 27:23 27:23 27:23 28:1 28:3 28:5 28:9 28:10 28:12 28:12 28:14 28:15 28:16 28:19 28:21 28:22 28:23 28:24 28:24 28:25 28:25 29:3 29:4 29:4 29:11 29:14 29:15 29:16 29:17 29:18 29:19 29:19 29:21 29:24 29:24 29:25 30:2 30:4 30:7 30:8 30:12 30:13 30:13 30:13 30:15 30:15 30:22 30:25 31:1 31:1 31:3 31:6 31:9 31:10 31:11 31:15 31:16 31:16 31:22 32:5 32:9 32:10 32:12 32:15 32:17 32:19 32:20 32:20 32:21 32:21 32:22 32:23 32:24 32:25 33:1 33:8 33:8 33:11 33:13 33:15 33:15 33:16 33:16 33:17 33:18 33:19 33:19 33:21 33:24 33:25 34:3 34:3 34:19 34:23 34:24 35:1 35:4 35:12 35:17 35:19 35:20 36:1 36:2 36:5 36:7 36:8 36:15 36:17 36:25 37:1 37:4 37:10 37:15 37:20 37:21 37:21 38:4 38:5 38:10 38:11 38:15 38:17 38:18 38:21 38:22 38:22 39:3 39:4 39:12 39:16 39:19 39:21 39:21 39:21 39:23 40:1 40:5 40:5 40:9 40:10 40:15 40:18 40:19 40:21 40:22 40:25 41:2 41:6 41:6 41:11 41:14 41:16 41:18 41:21 41:21 41:22 41:23 42:2 42:2 42:3 42:3 42:5 42:9 42:12 42:14 42:18 43:8 43:9 43:11 43:12 43:14 43:17 43:18 43:18 43:23 44:5 44:5 44:7 44:9 44:10 44:13 44:14 44:16 44:16 44:18 44:19 44:20 44:22 44:23 44:24 45:1 45:4 45:4 45:5 45:6 45:7 45:8 45:10 45:11 45:11 45:12 45:15 45:15 45:17 45:19 45:20 45:23 45:25 46:5 46:6 46:8 46:10 46:12 46:16 46:13 46:13 46:18 46:19 46:20 46:20 46:24 46:24 47:1 | **there's**(23) | 6:7 11:23 12:2 12:10 14:21 14:22 16:4 16:6 16:9 17:1 17:2 17:12 17:13 30:6 30:6 30:17 30:24 33:14 35:14 37:8 37:20 42:19 46:16 |
|  |  |  |  |  |  | **therefore**(3) | 27:11 27:20 36:6 |
| **that**(14) | 48:24 49:1 49:5 49:5 49:20 49:21 49:21 49:23 49:23 50:5 50:7 50:12 50:17 51:19 |  |  |  |  | **these**(12) | 4:17 8:23 11:17 12:6 13:6 14:22 29:22 30:16 31:13 31:14 40:11 41:1 |
| **that's**(42) | 4:20 5:12 5:23 6:12 6:14 12:13 13:15 14:11 15:24 16:3 16:25 22:5 23:4 24:10 25:20 25:25 26:22 30:1 30:3 31:3 33:8 35:16 36:24 37:13 37:25 38:7 38:8 38:25 39:24 40:7 40:21 41:6 41:9 43:1 43:13 44:3 44:10 44:25 46:14 47:11 51:1 51:3 |  |  |  |  | **they**(105) | 6:3 7:9 8:2 9:4 9:4 9:6 9:8 9:8 10:5 10:5 10:8 10:12 10:12 10:14 10:23 11:18 12:3 12:5 12:10 12:16 12:22 12:24 13:2 13:5 13:6 13:22 13:24 14:1 14:2 14:4 14:14 14:15 15:3 15:5 15:24 16:3 16:4 16:11 16:17 16:18 17:10 17:14 17:23 18:4 18:8 18:24 21:5 21:22 21:28 22:23 23:2 23:4 24:6 24:6 24:14 24:16 26:16 27:17 27:22 27:24 33:13 33:17 36:17 36:23 37:25 37:24 38:3 38:4 38:4 38:5 38:5 38:6 38:10 38:11 38:12 38:12 38:12 38:13 38:16 38:16 38:17 38:17 38:18 38:19 38:21 39:9 39:9 39:10 39:11 39:16 39:19 39:23 39:25 40:2 40:10 40:14 40:15 40:21 41:1 42:17 42:22 43:22 44:8 44:16 48:13 |
|  |  | **the**(82) | 47:4 47:5 47:7 47:7 47:8 47:9 47:13 47:14 47:17 47:17 47:21 47:21 47:23 47:24 47:24 48:1 48:2 48:3 48:4 48:6 48:9 48:15 48:16 48:17 48:18 48:19 48:20 48:20 48:21 48:21 48:22 48:22 48:22 48:23 48:25 49:1 49:2 49:6 49:7 49:8 49:9 49:12 49:12 49:13 49:14 49:14 49:15 49:15 49:17 49:16 49:17 49:17 49:18 49:19 49:22 49:24 49:25 50:4 50:6 50:8 50:11 50:12 50:12 50:16 50:20 50:21 50:23 50:25 51:2 51:4 51:6 51:8 51:8 51:10 51:14 51:16 51:17 51:19 51:20 51:20 51:21 |  |  | **they're**(8) | 6:2 37:1 37:4 38:1 38:19 43:25 48:18 49:19 |
|  |  |  |  |  |  | **they've**(8) | 12:12 12:14 13:1 14:3 16:5 16:7 16:23 17:18 |
|  |  |  |  |  |  | **thing**(3) | 12:16 25:8 51:10 |
|  |  |  |  |  |  | **things**(10) | 8:7 8:7 13:6 16:1 28:14 36:20 36:24 40:7 40:10 45:25 |
|  |  |  |  |  |  | **think**(32) | 8:21 11:10 11:25 14:20 14:22 15:9 16:7 17:9 18:18 21:14 25:24 30:1 30:23 32:6 33:25 37:18 37:20 39:14 41:7 42:21 44:19 44:25 46:18 46:23 47:10 47:14 47:25 48:4 48:20 49:18 50:4 50:5 |
|  |  |  |  |  |  | **third**(3) | 13:8 33:21 33:24 |
|  |  |  |  |  |  | **this**(92) | 3:15 4:23 5:23 7:6 7:15 7:16 8:16 8:17 8:18 9:2 9:18 9:25 10:2 10:2 10:17 11:4 11:4 11:15 11:19 12:5 12:21 13:9 13:13 13:24 14:6 17:16 17:24 18:21 18:23 21:1 21:10 21:19 22:12 22:20 22:24 23:25 23:10 23:12 24:19 25:6 26:4 26:16 26:23 27:6 27:7 27:12 27:14 27:14 27:22 27:24 28:2 28:21 30:10 30:22 31:8 31:21 32:14 32:20 34:3 34:4 34:7 34:10 34:15 35:14 35:18 36:13 37:9 37:11 37:13 37:14 37:16 37:19 37:25 38:16 38:19 39:9 39:11 39:24 40:1 41:9 42:6 42:16 43:1 43:10 43:22 44:2 46:1 48:8 48:15 48:21 50:4 |
|  |  | **their**(21) | 6:10 10:14 10:22 12:9 12:13 12:24 13:5 15:20 15:20 16:12 18:4 20:23 22:9 25:9 31:2 40:22 42:17 42:20 42:22 42:24 43:9 |  |  | **those**(20) | 3:19 3:19 4:1 4:3 4:9 5:18 5:25 6:9 15:6 19:3 20:16 23:5 24:9 25:16 33:9 33:18 33:25 34:6 36:3 46:17 |
|  |  |  |  |  |  | **though**(2) | 40:16 42:25 |
|  |  |  |  |  |  | **thousands**(2) | 37:7 37:7 |
|  |  |  |  |  |  | **threaten**(1) | 29:1 |
|  |  | **them**(17) | 4:11 6:25 9:9 12:18 12:22 13:23 18:12 18:16 18:19 20:22 22:13 22:23 35:10 36:17 38:1 40:19 44:19 |  |  | **three**(5) | 4:11 15:23 45:10 45:11 45:12 |
|  |  |  |  |  |  | **threshold**(1) | 13:24 |
|  |  |  |  |  |  | **through**(9) | 3:15 4:10 4:13 19:13 30:25 31:7 31:11 31:13 31:15 |
|  |  | **themselves**(2) | 24:6 30:9 |  |  | **throughout**(4) | 22:5 28:19 30:12 30:22 |
|  |  | **then**(18) | 7:6 7:21 9:7 9:11 9:24 15:16 16:18 21:16 33:2 36:8 36:17 40:5 40:7 40:13 40:16 42:23 47:1 51:11 |  |  | **thursday**(1) | 9:14 |
|  |  |  |  |  |  | **till**(1) | 33:15 |
|  |  |  |  |  |  | **time**(18) | 15:15 18:1 22:21 24:13 30:18 31:15 33:16 34:15 35:8 35:16 36:17 39:4 39:9 39:9 44:5 44:5 46:21 |
|  |  | **there**(47) | 5:3 5:4 5:5 5:21 6:8 6:13 6:23 7:6 7:7 7:8 10:1 10:19 11:9 12:1 13:21 15:11 15:22 17:3 17:12 17:16 18:3 18:19 23:3 24:18 28:3 28:20 31:18 31:21 34:5 34:5 35:9 35:10 35:11 36:12 36:13 37:8 42:23 43:10 44:3 44:18 45:2 45:18 46:19 47:19 47:22 47:23 48:11 |  |  | **timing**(5) | 14:18 20:6 20:7 20:15 24:17 |
|  |  |  |  |  |  | **timing-wise**(1) | 24:13 |
|  |  |  |  |  |  | **today**(14) | 3:8 3:9 3:13 4:3 4:9 4:20 4:22 5:2 7:11 7:16 8:15 44:8 45:24 46:22 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| together(1) 38:22 | | walsh(1) 35:16 | | whether(14) 12:14 14:24 25:4 26:15 26:16 26:21 27:21 27:21 34:25 42:11 43:24 45:20 47:11 | | year(1) 14:2 | |
| told(6) 9:6 9:8 10:3 28:21 38:13 39:23 | | want(15) 7:23 8:15 18:15 23:22 25:8 28:13 28:18 28:18 29:5 29:25 38:12 39:2 41:1 51:7 | | | | years(4) 11:6 22:17 37:3 39:7 | |
| tomorrow(1) 7:12 | | | | | | yes(3) 19:20 36:12 41:17 | |
| too(2) 24:13 29:8 | | | | which(39) 4:8 4:10 5:1 5:4 5:5 5:14 5:15 8:4 8:13 9:2 13:19 14:23 15:4 15:16 16:11 17:7 18:4 21:24 24:2 24:5 26:8 27:19 30:7 32:22 32:24 35:17 35:21 36:5 36:13 37:13 38:15 38:23 43:8 43:10 44:24 46:1 46:4 47:17 48:13 | | yet(1) 39:23 | |
| took(1) 7:13 | | | | | | york(1) 1:35 50:18 50:20 | |
| total(1) 9:17 | | wanted(8) 3:11 9:9 10:5 22:19 38:2 38:6 39:11 44:9 | | | | you(129) 3:11 3:12 3:14 3:14 3:25 4:4 4:5 4:14 4:21 5:1 5:3 5:20 7:3 7:5 7:6 7:14 7:18 8:18 9:2 10:11 10:16 11:6 11:9 11:10 11:20 12:1 12:11 13:1 13:10 13:11 13:17 13:18 13:19 14:5 14:5 14:16 14:23 15:4 15:17 15:18 16:12 16:14 16:14 16:14 16:15 16:15 16:21 16:22 17:5 17:5 17:24 19:6 19:7 19:12 20:12 20:18 21:18 21:21 25:20 26:11 26:20 27:1 28:18 29:6 29:13 29:25 29:25 30:3 31:6 31:9 31:25 32:6 32:15 32:16 32:18 33:19 33:21 34:5 34:19 35:2 35:6 36:10 36:10 36:10 36:18 36:24 37:14 37:14 37:15 37:18 37:22 38:2 38:3 38:8 38:25 39:11 39:17 39:19 39:20 40:3 40:8 40:11 40:14 41:4 41:10 41:14 41:15 42:15 42:22 42:24 43:5 43:14 43:23 44:2 44:6 44:11 44:15 45:24 47:15 47:17 47:18 48:14 48:14 50:1 50:14 50:21 50:22 51:10 51:12 51:15 | |
| totaling(1) 4:23 | | | | | | | |
| tough(1) 48:9 | | | | | | | |
| trade(2) 11:1 14:10 | | | | | | | |
| train(1) 50:23 | | wants(1) 49:1 | | | | | |
| transaction(1) 45:21 | | warrant(2) 30:7 42:2 | | | | | |
| transcript(1) 1:25 1:53 9:3 51:20 | | warranted(2) 26:2 34:6 | | while(4) 8:15 10:3 10:15 48:19 | | | |
| transcription(2) 1:46 1:53 | | was(95) 3:17 4:4 4:14 4:25 5:12 5:14 5:22 5:24 6:23 7:6 7:7 7:8 7:10 7:12 7:17 8:19 8:22 8:24 9:1 9:7 10:1 10:19 11:11 11:15 11:21 11:22 13:16 14:25 17:15 17:16 17:17 17:18 17:23 18:4 18:23 19:18 19:25 20:3 20:4 20:4 20:7 20:15 20:20 20:23 21:7 21:8 22:8 23:3 23:9 24:1 24:24 24:5 24:17 25:13 25:13 25:14 27:16 27:18 27:19 28:4 28:5 28:5 28:6 28:8 28:20 28:21 28:24 29:16 29:24 31:9 33:16 33:20 34:2 35:9 35:10 35:18 36:15 36:16 36:17 37:2 37:4 37:6 37:10 38:13 39:7 39:8 40:23 43:10 44:5 45:2 45:5 45:21 46:12 47:1 51:7 | | who(5) 32:24 37:19 38:19 40:16 48:21 | | | |
| transfer(22) 5:8 19:17 19:25 20:3 20:8 20:9 20:15 20:17 20:25 21:6 22:8 28:3 28:12 28:21 44:23 45:4 45:17 45:20 46:6 46:12 49:8 49:14 | | | | who's(1) 31:3 11:3 48:14 | | | |
| | | | | whole(3) 13:20 28:18 30:17 | | | |
| | | | | why(16) 3:13 6:14 8:15 8:17 8:22 10:2 11:11 23:4 37:23 38:6 39:15 41:2 42:22 42:23 44:3 46:4 | | | |
| transferred(1) 9:23 | | | | | | | |
| transfers(18) 3:16 4:23 17:4 23:25 25:2 25:4 25:6 26:25 27:3 27:21 28:1 35:21 36:5 39:19 39:22 40:11 46:20 47:7 | | | | widgets(1) 45:24 | | you'll(4) 4:2 4:3 8:23 38:15 | |
| | | | | will(20) 8:11 9:20 16:25 22:10 30:18 32:18 40:7 40:8 40:8 45:6 45:8 45:13 46:6 47:23 49:6 49:11 49:17 49:20 50:3 51:9 | | you're(8) 4:8 10:7 19:17 39:17 40:1 41:11 47:16 50:20 | |
| | | wasn't(6) 7:15 7:15 30:1 38:14 38:14 | | | | | |
| treated(1) 11:17 | | wasting(1) 34:15 | | | | you've(2) 14:17 44:8 | |
| trial(16) 32:25 34:16 34:22 35:1 36:12 39:12 40:13 40:16 40:20 40:21 47:12 49:2 49:3 50:4 50:10 51:8 | | water(1) 21:15 | | wilmington(4) 1:11 1:41 2:8 3:1 | | | |
| | | way(4) 4:7 29:1 42:12 50:12 | | wire(63) 4:24 4:25 5:8 5:11 5:24 6:4 8:13 8:14 8:18 8:22 8:24 9:1 9:22 9:24 9:25 10:2 10:2 10:7 10:17 10:19 10:24 10:25 11:6 11:9 11:11 11:12 11:12 11:15 12:1 14:8 14:9 14:17 17:17 17:23 19:17 19:24 20:3 20:8 20:8 20:9 20:25 21:6 25:12 25:14 26:16 27:21 28:1 28:3 28:12 36:25 37:5 37:6 37:10 37:11 38:20 42:3 44:23 45:4 45:17 45:19 46:6 49:8 49:14 | | your(144) 3:5 3:8 3:11 3:15 4:5 4:7 4:17 4:21 5:3 5:9 5:11 6:3 6:4 6:12 6:15 6:22 7:20 7:21 7:25 8:3 8:14 8:22 9:25 10:7 10:11 10:18 11:4 11:4 11:8 11:16 11:17 11:20 12:8 12:9 12:20 13:8 13:16 14:1 14:5 14:15 14:20 15:14 16:1 16:3 16:8 16:10 16:11 16:14 16:20 17:7 17:9 17:11 17:14 17:21 18:6 18:10 18:17 19:3 19:7 19:9 19:10 19:12 19:20 19:22 20:5 20:6 20:18 21:4 21:10 24:18 25:2 26:3 26:21 26:24 27:14 27:20 28:1 28:2 28:17 28:18 29:5 29:9 29:17 30:5 31:18 31:25 32:6 32:7 32:16 32:18 32:19 33:8 33:11 33:23 34:2 34:12 34:12 35:5 35:6 35:13 35:15 36:12 36:21 36:24 37:12 37:18 37:25 38:9 38:23 39:2 39:6 39:9 39:12 39:15 39:19 39:24 40:2 40:3 40:20 41:3 41:9 41:10 41:17 43:5 43:13 43:16 43:23 44:9 44:11 50:2 50:4 50:9 50:18 50:24 51:12 51:15 | |
| | | we'd(1) 36:14 | | | | | |
| | | we'll(9) 8:13 8:25 16:13 16:19 35:2 36:20 41:7 41:8 50:7 | | | | | |
| tried(1) 6:14 | | | | | | | |
| true(2) 13:13 26:3 | | | | | | | |
| trust(1) 1:14 | | | | | | | |
| trustee(4) 1:13 1:31 3:7 4:12 | | | | | | | |
| trustee's(1) 3:9 | | we're(15) 3:8 3:13 4:14 4:18 7:21 8:15 9:14 20:24 25:16 28:16 29:6 30:14 43:19 50:10 51:7 | | | | | |
| try(2) 4:15 32:19 | | | | | | | |
| twa(5) 15:15 27:5 27:7 27:11 27:15 | | | | | | | |
| two(13) 3:14 4:3 4:3 9:4 16:1 17:12 22:17 24:4 34:10 39:7 46:9 46:20 47:10 | | | | wires(5) 7:24 10:13 10:21 13:7 13:14 | | | |
| | | | | with(63) 3:15 3:25 5:7 7:21 10:2 11:4 14:6 14:8 19:1 19:4 19:17 21:5 21:19 22:8 23:15 23:22 23:24 25:3 26:21 27:15 33:12 34:16 34:25 35:3 35:9 35:10 35:13 36:17 36:25 39:3 39:4 41:24 42:3 44:7 45:5 45:10 45:17 45:23 46:4 46:8 46:25 47:5 47:14 47:18 47:24 48:2 48:6 48:11 48:20 48:23 49:11 49:14 50:13 51:6 | | | |
| | | we've(4) 5:14 11:10 35:8 41:19 | | | | | |
| type(3) 38:4 38:5 38:11 | | wednesday(1) 3:1 | | | | | |
| types(1) 30:17 | | weeks(1) 15:23 | | | | | |
| typical(1) 7:21 | | weight(4) 33:5 47:25 48:4 49:21 | | | | | |
| um-hum(2) 7:19 20:11 | | welcome(1) 41:11 | | | | | |
| uncommon(1) 23:20 | | well(24) 3:13 10:7 12:3 12:15 13:6 14:16 14:21 15:11 15:19 16:19 16:19 19:15 29:8 29:17 36:23 37:12 42:7 43:16 44:5 47:6 48:1 50:8 51:4 51:6 | | within(13) 15:17 15:18 26:6 26:8 26:17 27:17 27:18 27:22 27:23 29:17 32:11 40:2 41:22 | | | |
| under(10) 5:13 6:18 6:23 18:23 25:5 33:9 36:18 44:1 44:20 49:25 | | | | | | | |
| | | | | | | | |
| understand(3) 11:25 34:1 34:12 | | | | | | | |
| understandable(1) 34:1 | | | | without(5) 11:23 12:25 22:6 22:15 23:5 | | | |
| understanding(3) 3:13 21:21 22:20 | | were(50) 6:13 7:9 7:10 8:1 8:2 8:8 10:3 10:20 12:6 13:13 13:14 15:6 15:8 15:22 15:22 17:23 18:3 19:4 21:8 21:20 21:25 23:2 24:4 24:6 24:9 24:14 24:15 24:16 25:6 26:16 26:25 27:2 27:3 27:8 27:10 27:12 27:17 27:22 30:11 30:11 30:18 31:11 31:17 33:23 36:12 38:13 38:16 38:21 41:24 45:19 | | witness(4) 4:12 4:12 36:20 36:20 | | | |
| understood(1) 51:12 | | | | witnesses(1) 36:15 | | | |
| unfortunately(2) 4:13 4:17 | | | | won't(1) 21:16 | | | |
| united(2) 1:1 1:27 | | | | word(1) 10:23 | | | |
| unless(3) 4:5 19:5 50:1 | | | | words(4) 9:1 12:16 12:16 18:17 | | | |
| unlike(1) 7:3 | | | | work(7) 18:4 37:6 37:8 39:25 49:3 50:12 51:6 | | yourselves(1) 50:13 | |
| unsecured(3) 8:9 10:15 38:25 | | | | | | | |
| unsuccessful(1) 4:15 | | | | | | | |
| upon(3) 3:22 20:25 25:5 | | | | works(3) 7:4 38:17 38:17 | | | |
| use(2) 35:25 46:23 | | weren't(2) 24:12 33:15 | | would(70) 4:5 6:4 6:8 6:13 10:9 10:23 11:18 11:19 11:22 11:24 12:4 12:5 13:23 14:4 15:4 15:15 15:20 15:24 16:20 18:6 21:9 24:19 24:21 24:22 26:8 26:14 26:15 27:20 29:3 32:19 33:3 33:6 33:9 34:2 34:4 34:7 34:9 34:13 34:14 34:14 34:18 34:20 36:14 36:21 36:25 37:11 37:18 37:24 39:17 39:17 39:20 39:21 39:21 40:3 41:15 42:1 42:23 42:25 46:22 47:3 47:7 47:17 48:12 48:16 49:3 50:3 50:4 50:5 50:6 50:21 | | | |
| used(1) 10:23 | | what(42) 4:20 5:10 9:25 10:11 11:12 13:45 13:5 13:22 16:12 16:14 16:14 17:5 17:22 19:17 20:20 20:23 28:5 28:6 29:11 34:20 34:22 35:11 36:11 36:24 37:22 38:3 38:8 38:21 38:25 39:14 39:17 39:20 40:23 45:4 45:18 45:19 47:1 47:2 47:5 47:23 48:1 48:14 48:23 | | | | | |
| useful(1) 36:6 | | | | | | | |
| uses(1) 26:13 | | | | | | | |
| using(2) 22:22 47:4 | | | | | | | |
| value(50) 3:21 14:13 14:14 16:11 16:12 16:13 16:18 16:21 16:24 17:4 17:10 17:17 22:6 28:10 30:4 30:6 30:19 31:9 31:16 31:16 31:22 39:3 39:4 39:11 39:12 39:16 39:20 39:23 39:25 40:2 40:4 40:22 41:2 41:4 41:6 42:9 42:9 42:12 42:16 42:21 42:23 42:23 43:10 45:15 46:5 48:8 48:17 49:2 49:13 49:15 | | what's(4) 11:8 11:11 12:3 16:3 | | | | | |
| | | whatever(1) 40:3 | | | | | |
| | | whatsoever(1) 29:4 | | | | | |
| | | wheelbarrow(1) 7:16 | | | | | |
| | | when(14) 7:6 7:13 22:3 26:14 29:13 30:10 31:16 33:19 36:16 39:4 40:16 40:20 41:8 47:15 | | | | | |
| various(1) 7:18 | | | | | | | |
| vendor(4) 22:24 23:4 35:6 35:9 | | where(22) 4:18 7:3 7:16 12:1 12:21 12:23 12:24 13:25 15:16 16:9 16:23 22:20 22:2 30:1 30:3 33:14 34:21 34:24 36:23 40:13 44:5 44:6 | | wouldn't(5) 13:15 14:11 15:9 29:2 44:3 | | | |
| verdict(1) 33:7 | | | | write(3) 28:22 29:25 38:11 | | | |
| version(1) 33:3 | | | | wrong(8) 33:25 37:1 38:7 38:7 42:10 42:19 42:19 43:4 | | | |
| versus(1) 14:25 | | | | | | | |
| very(9) 8:21 23:20 24:17 24:21 24:24 28:10 31:7 31:22 32:8 | | whereupon(1) 51:17 | | www.diazdata.com(1) 1:50 | | | |
| | | | | yeah(3) 21:12 32:6 50:1 | | | |