```
                    IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE

IN RE:                           )    Case No. 07-11047(CSS)
                                 )    (Jointly Administered)
                                 )
AMERICAN HOME MORTGAGE           )    Chapter 11
HOLDINGS, INC., et al.,          )
                                 )    Courtroom 6
          Debtors.               )    824 Market Street
                                 )    Wilmington, Delaware
STEVEN D. SASS, AS PLAN          )
TRUSTEE OF THE AMERICAN HOME     )    July 13, 2011
MORTGAGE PLAN TRUST              )    2:00 p.m.
                                 )
          Plaintiff,             )    Adv Proc No 09-51761(CSS)
                                 )
     - against -                 )
                                 )
P.M.C. INVESTIGATIONS &          )
SECURITY, INC.,                  )
                                 )
          Defendant.             )
```

                        TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Plan Trustee:          Hahn & Hessen, LLP
                           BY: EDWARD SCHNITZER, ESQ.
                           BY: NICHOLAS RIGANO, ESQ.
                           488 Madison Avenue
                           New York, NY  10022
                           (212) 478-7200

                           Blank Rome, LLP
                           BY: ALAN ROOT, ESQ.
                           1201 Market Street, Suite 800
                           Wilmington, DE  19801
                           (302) 425-6400

ECRO:                      LESLIE MURIN

Transcription Service:     DIAZ DATA SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For P.M.C. Investigation    Law Offices of James Tobia, LLC
& Security:                 BY: JAMES TOBIA, ESQ.
                            1716 Wawaset Street
                            Wilmington, DE  19806
                            (302) 655-5303

1

1    WILMINGTON, DELAWARE, WEDNESDAY, JULY 13, 2011, 2:05 P.M.

2              THE CLERK:  All rise.

3              THE COURT:  Please be seated.  Good afternoon.

4              MR. SCHNITZER:  Good afternoon, Your Honor.

5    Edward Schnitzer from Hahn & Hessen on behalf of the

6    American Home liquidating trustee.

7              Your Honor, we're here this afternoon regarding

8    cross motions for summary judgment filed by the trustee and

9    by P.M.C., the defendant.  Your Honor, unless you have a

10   particular order you would like, my intent was to argue

11   first and then have you hear from the defense counsel, but

12   I'm happy to do as the Court wishes.

13             THE COURT:  No, that's fine.  Yeah, we'll switch

14   back and forth, but please address both motions in your

15   argument.

16             MR. SCHNITZER:  Your Honor, definitely.  Your

17   Honor, just to briefly recap from something I said at this

18   earlier argument at 12:00.  Your Honor, just so you know,

19   this matter like the other matters before you, has gone

20   through extensive discovery.  There's been a deposition.

21   There was also a mediation.  Unfortunately, the mediation

22   was unsuccessful so that's what brings us here to you today.

23   This matter is a little different than the other four in one

24   particular procedural issue and that is that the parties so

25   as to clarify things between themselves and particularly for

1   hopefully the helpfulness of this Court, came up with a

2   stipulation of uncontested facts.  You can find that

3   stipulation of uncontested facts as --

4                    THE COURT:  Exhibit D, yeah.

5                    MR. SCHNITZER:  Correct.  Exhibit D to Exhibit 1.

6                    THE COURT:  Right.

7                    MR. SCHNITZER:  Your Honor, I believe that clears

8   a lot of things up in terms of what's before the Court

9   that's not in dispute.

10                    THE COURT:  I think it makes clear that it would

11  be appropriate to enter summary judgment on the prima facie

12  case.  Is that correct?

13                    MR. SCHNITZER:  I agree, Your Honor, yes.

14                    THE COURT:  Well I'll allow response to that if

15  necessary, but that's how I read it.

16                    MR. SCHNITZER:  Okay.  The other thing, Your

17  Honor, I believe it makes clear just to again differentiate

18  this from something you heard earlier today.  There is also

19  no dispute.  You see this kind of in the stipulation of

20  uncontested facts, but you see it actually in our briefs.

21  We do not contest P.M.C.'s claim that it has new value for

22  the amount of $5,431.25.

23                    THE COURT:  I saw that.

24                    MR. SCHNITZER:  So should this Court enter a

25  judgment in our favor as we request, we would, of course, be

1  okay with it being reduced by that new value, we'll call it

2  a set off.

3          What issues are before the Court today is the

4  ordinary course of business defense along with the ordinary

5  business terms defense which are both part of the ordinary

6  course, but as you know, of course, separate prongs.

7          Your Honor, we see this case as simply when you

8  look at the history here and the history here was long.  It

9  was several years when we examined and what's set forth in

10  the stipulation of uncontested facts is for these purposes,

11  we looked at a one year history.  When you look at a one

12  year history, what you see is the invoices on average were

13  paid by check which cleared --

14          THE COURT:  Well the issue really is it's pretty

15  clear that if you the date the funds were transferred were

16  well outside the ordinary course.  And if you use the date

17  the checks were received were perhaps well inside the

18  ordinary course, although you may want to argue that.  And

19  the legal argument comes down as it faces these facts as to

20  what you count.  And (c)(3) seems to indicate you count

21  receipt date, but the cases indicate that there is a

22  presumption that is outside, in effect outside ordinary

23  course if it's more than 30 days because of the UCC.  So I

24  mean, it's a pretty narrow issue as far as I can tell in

25  connection with the ordinary course of business defense.  At

1   least as to the subjective one.

2             MR. SCHNITZER:  Yes, Your Honor.  I would make

3   two we'll call them exceptions.  One, that's for we'll call

4   it the service payments which total approximately $130,000 -

5   -

6             THE COURT:  Right.  And the termination payment

7   is different.

8             MR. SCHNITZER:  Correct.  The other point I want

9   to make is, Your Honor, while that is I believe the legal

10  issue before you or to some extent the central legal issue,

11  I do think there's a little bit more than that in that what

12  we also argue and I believe correctly so needs to go in the

13  ordinary course analysis between the parties is the conduct

14  of the Defendant in A, not depositing the checks in an

15  ordinary fashion which under the UCC is 30 days and, in

16  fact, for some or all of the checks, in fact, not depositing

17  the checks until they heard what I believe is some type of

18  news broadcast saying that American Home was contemplating

19  filing for bankruptcy.

20            THE COURT:  Well why did that matter?

21            MR. SCHNITZER:  Because, Your Honor, I believe it

22  goes to the ordinary course between the parties.  The

23  ordinary course between the parties was for a check to be

24  mailed, the defendant to receive it, the defendant to

25  shortly thereafter go to the bank.

1          THE COURT:  Right.

2          MR. SCHNITZER:  So I believe when you look at the

3   historical norm, you need to consider the whole, the start

4   of the check, the sending of the check, the receipt of the

5   check, the travel to the bank with the check.  That to me

6   all needs to be considered.  When you look at it in the

7   preference period, you'll see the check mailed received and

8   then you see something like almost three months where they

9   wait to deposit the check and, in particular, the reason why

10  they finally go the bank is because of the potential

11  bankruptcy --

12          THE COURT:  Well that's my -- that last point is

13  my question as to so what.

14          MR. SCHNITZER:  Your Honor --

15          THE COURT:  As to the fact, the motivation of

16  actually -- unless it -- unless you're countering the

17  motivation in the holding of the check, but that's a

18  slippery slope for you because we start to get into

19  discussing the motivation for holding the check, we've got a

20  dispute of fact.

21          MR. SCHNITZER:  No, I understand, Your Honor.

22  We're not disputing it.  In fact, I mean, Paragraph 12 of

23  the stipulated facts specifically says that one or more of

24  the preference transfers was deposited in July of 2007 after

25  P.M.C.'s president --

1          THE COURT:  Yeah, no, I understand the fact is

2    true.  The question is what's the legal significant, if any?

3          MR. SCHNITZER:  I believe it's significant that -

4    - and more importantly this waiting period.  I believe it's

5    not just the question of law and do you look at receipt date

6    or deposit date?  I believe you also look at when you

7    consider the history between the parties, you don't just

8    consider check date to deposit date, you consider the whole

9    history between the parties which includes this what did the

10   Defendant normally do with the checks?  What it normally did

11   with its checks is deposit them within a few days.  And the

12   preference period it did not.

13         So while I think that's relevant, I think it goes

14   as to the ordinary course between the parties is not just

15   simply how long did the check take from check date from, you

16   know, invoice date to receipt date.  I think the ordinary

17   course of business between the parties includes what they

18   did with the transfers.  Whether they, in fact, held them

19   regularly or whether they just deposited them.  I believe

20   that's also important, Your Honor.

21         THE COURT:  All right, I understand.  But that

22   goes to -- that's a question of why.  Why did they do that?

23   And there's no -- there's nothing in the stipulated facts

24   that indicates why he held the checks.

25         MR. SCHNITZER:  That -- well there is for one or

1    more of the checks, Your Honor, but -- well, no, not why he

2    held it, but why he finally went.  Your Honor, yes, I agree

3    that's --

4              THE COURT:  So it's both sides of the coin is my

5    point.

6              MR. SCHNITZER:  No, I'm just saying, Your Honor,

7    and I'm not -- I think I'm confusing perhaps the Court and

8    myself.  I'm not trying to suggest that the motive --

9              THE COURT:  I'm easily confused, so that's quite

10   possible.

11             MR. SCHNITZER:  I'm not trying to suggest that

12   the motivation is the issue.  I definitely do not want to go

13   down that slippery slope.

14             THE COURT:  I didn't think so.

15             MR. SCHNITZER:  But I'm saying when you look at

16   ordinary course of business for any preference matter and

17   you look at the history, I don't believe the Courts only

18   look at just invoice date to check date, they look at

19   discussions between the party.  They look at things like --

20   they probably should look at other things.  One of the

21   things I suggest and what you have before the Court here is

22   you have that historically, the Defendant got a check and

23   deposited it.  Regardless of reason, that's what the

24   defendant did.

25             THE COURT:  Um-hum.

1          MR. SCHNITZER:  And that's what most businesses

2    do, you get money, you want to deposit it so that you have

3    the money.  Here in the preference period, non-ordinarily, I

4    would submit the defendant got the check and kept it.

5    Regardless of the reason, it did something it did not

6    ordinarily do.  So it's our --

7          THE COURT:  I'm with you.

8          MR. SCHNITZER:  What?

9          THE COURT:  I'm with you so far.

10          MR. SCHNITZER:  It's our position that that in

11    and of itself makes the preference period transfers non-

12    ordinary, but it's between it and the debtor because between

13    P.M.C. and the debtor it's ordinary practice was to take the

14    checks and go to the bank within a day or two.  In the

15    preference period, it did not follow that ordinary practice.

16    So regardless of as a legal matter which date you look at

17    received or deposit date --

18          THE COURT:  I got it.

19          MR. SCHNITZER:  -- as a factual matter not in

20    dispute, they held the checks which I do know is unusual.

21    Usually, it's a debtor who holds the checks for cash flow

22    issues.  This is a strange situation, but --

23          THE COURT:  All right.  Well I got all that, but

24    then you went one -- and maybe you're backing off of it, but

25    then you went one step further and you wanted me to consider

1 the -- as part of your position the fact that the only

2 reason, I think it was two of the checks, maybe it was one,

3 were deposited when they were was because the defendants'

4 principal had seen a news report that American Home was on

5 the brink of collapse and bankruptcy.  That was really what

6 I was getting to with the colloquy that we've been on for

7 the last 4 or 5 minutes.  And my point there is if you're

8 going to get into the motivation of why he didn't win,

9 doesn't the flipside of that get into the motivation of why

10 he held it?

11        MR. SCHNITZER:  Your Honor, just my only point in

12 mentioning that is I believe again, in looking at ordinary

13 course between the parties, the Court can and regularly does

14 look at the totality of the circumstances of what happened

15 historically and what happened in the preference period.  So

16 I believe that is one of the circumstances that's mentioned

17 and not -- and it's not -- it doesn't -- and I don't think

18 any factor by itself is dispositive, but I think that factor

19 is something to consider.  I believe without that factor, it

20 wouldn't make a difference.  You still have this non-

21 ordinary action of not going to the bank in a timely

22 fashion.

23        But we mention it -- and mostly because, Your

24 Honor, it came up at the deposition and we were actually

25 surprised when the president admitted when we asked, you

1  know, why did you eventually deposit these?  And he said

2  well because I heard on TV.  And, Your Honor, I'll read you

3  the quote which again, I understand your point, but the

4  quote from Mr. Salatino which is in his deposition where it

5  says Exhibit 6, he states, well, I heard American Home

6  Mortgage was going out of business.  I saw it on the News 12

7  Long Island TV report that American Home Mortgage had filed

8  for bankruptcy.  So that 180 day thing I figured went out

9  the window.  So I figured let me run to the bank and deposit

10  any checks I have remaining and that is what I did.

11          THE COURT:  What's the 180 day thing that went

12  out the window?

13          MR. SCHNITZER:  I believe what he was referring

14  to, I believe we discussed early in the deposition the

15  essence that a check is okay for 180 days.  That if you get

16  a check, as long as you cash it within 180 days, a bank will

17  still clear it, whereas if you wait longer than that, you're

18  in trouble.  So I believe that's what he's referring to.

19          Your Honor, turning to the legal issue and I will

20  try not to repeat too much of what was, you know, stated in

21  our brief.  We argued and I believe correctly so that Your

22  Honor receipt date is only applicable if a check is

23  deposited in the UCC customary 30 days.  We believe --

24          THE COURT:  But that's a presumption.

25          MR. SCHNITZER:  Correct.  That the Courts have

1   said you will --

2           THE COURT:  Presumed to be reasonable if

3   deposited in the 30 days.  That's what the UCC says.

4           MR. SCHNITZER:  Correct.  And the Courts that

5   have cited that with respect to ordinary course has said we

6   will use receipt date on a check for ordinary course

7   business purposes if the check was deposited in the UCC

8   customary 30 days.  We --

9           THE COURT:  In the bankruptcy, do those Courts

10  recognize the fact that that is just a presumption and there

11  may be evidence that would indicate that even though it

12  wasn't done in the 30 days, it would nonetheless be

13  sufficiently commercially reasonable so that you would still

14  look at receipt date?

15          MR. SCHNITZER:  I don't believe that -- I don't

16  believe they discussed that, Your Honor --

17          THE COURT:  Aren't they missing the boat if they

18  do?

19          MR. SCHNITZER:  No, Your Honor, because I don't

20  think they were presented with the situation we have here.

21  So it wasn't a situation where these Courts and --

22          THE COURT:  So it's not -- so it's an open issue?

23          MR. SCHNITZER:  It -- there is not a case on

24  point requiring a holding one way or the other whether it's

25  in this circuit or not.  But the cases that have spoken on

1  using receipt date when they've discussed why, they've

2  explained that they consider a receipt date reasonable as

3  long as the check was deposited in a customary manner which

4  under the UCC they explained is 30 days.  So I --

5          THE COURT:  But under the facts of those cases,

6  they didn't need to get into the whole issue that it's a

7  presumption as opposed to a hard line rule?

8          MR. SCHNITZER:  Correct.  That is correct, Your

9  Honor.  We would argue that here the flipside of that and

10  this isn't a case where it's 31 days, 32, 33, so we don't

11  think this is a case where we're trying to take a hard line

12  against somebody because, you know, there was a vacation and

13  they got back --

14          THE COURT:  Isn't it -- but what I was confused

15  about is the record really -- I can't see anything in the

16  record which sort of explains  -- there's a vague reference

17  to there was some sort of dispute, I suppose in the

18  termination of services.  But there's nothing really in the

19  record that explains the delay one way or the other.

20          MR. SCHNITZER:  That is correct, Your Honor.

21  What the parties agreed to for the stipulated facts is that

22  the delay --

23          THE COURT:  Occurred.

24          MR. SCHNITZER:  -- we'll call it was not on --

25  and it was on the debtors side.  It was not a situation for

1    today's purposes.  And I'm not sure that would change later

2    either.  We are not suggesting or arguing that American Home

3    held the checks.  They were delivered and the debtor -- and

4    the defendant got them.  The defendant then did not deposit

5    them.  There is -- you are correct, Your Honor.  There is

6    nothing in the record that explains why it was held.  The

7    parties have discussed that, but that's not something that's

8    in the record.  So they're -- that fortunately or

9    unfortunately is not before the Court today so the

10   motivation issue at least isn't before the Court.  What

11   happened is there was a termination, there were checks

12   received.  Those checks were held by P.M.C. for on average

13   more than 90 -- around 90 days.

14             THE COURT:  Um-hum.

15             MR. SCHNITZER:  And then P.M.C. went to the back

16   on, I believe three separate occasions and deposited them.

17             THE COURT:  Okay.

18             MR. SCHNITZER:  And like I said, Your Honor, on

19   the legal point, understanding your point, Your Honor, that

20   yes, those cases are not directly on point, I do just repeat

21   that.  We don't believe that controls and that was what we

22   tried to make the point of in our reply brief.  Even if

23   there is an exception to the customary rule, as you stated,

24   because since the Courts didn't address that issue, what

25   happen outside -- even if that were the case, had a Court

1   decided that regardless of when it's deposited we look at

2   receipt date, we would still submit to you that, Your Honor,

3   and we think that the Court could find on a matter for

4   summary judgment that this was still not the ordinary course

5   between the parties because historically that's not what

6   they did.  And you still need to compare historical period

7   to preference period.

8           If this was a case where historically they always

9   held we'll call it, sat, whatever word you want to use on

10  checks for an extended period of time, this would be a

11  different case and, respectfully, Your Honor, we wouldn't be

12  here.  This is not that case.  Like I said, long history

13  here, never happened historically.  We submit that makes it

14  outside the ordinary course.

15          With respect to the termination transfer, Your

16  Honor, we submit as I believe you noted before, this is not

17  a transfer incurred in the ordinary course of business this

18  -- the debt --

19          THE COURT:  Well, but the contract provides for a

20  payment in the event of termination.

21          MR. SCHNITZER:  The termination agreement does,

22  Your Honor.  We submit the termination agreement itself was

23  not an ordinary debt.  Because if you look at the private

24  security agreement which is Tab D.

25          THE COURT:  Um-hum.

1              MR. SCHNITZER:  Paragraph 2, it specifically says

2    this agreement may be terminated by either party for an

3    justifiable reason upon 30 days advance written notice.  It

4    then further says this agreement may be terminated by

5    client, client being American Home, for any reason or no

6    reason upon 30 days advance written notice.  So that was the

7    agreement between the parties.  American Home could have

8    walked away from the agreement with no reason, just on

9    notice.

10             Instead, it and P.M.C. entered into this

11   termination agreement that required this payment.  We submit

12   that that agreement and that payment, the debt was not

13   incurred in the ordinary course of business between the

14   parties because that was not their ordinary course of

15   business to pay $25,000 to terminate an agreement when these

16   parties that had multiple agreements over multiple years had

17   never done that and that was not American Home's business.

18   And this is in, of course, addition to the issue of this

19   check then got deposited approximately, I think 100 days

20   after its receipt which again, we submit is not ordinary

21   between the parties.

22             Lastly, Your Honor, I would mention ordinary

23   business terms.  The defendant, P.M.C., brings it up in both

24   I believe their opposition and their moving papers.  I would

25   submit, Your Honor, that they have not met their burden,

1  have not met their burden both under 547(g) and also a

2  matter of summary judgment in terms of denying our right to

3  summary judgment in full here because they've not offered

4  any admissible evidence as to what the ordinary business

5  terms in the industry are.  They've made allegations

6  conclusory, but no actual evidence of any industry terms

7  that this Court could consider.  So I believe without that

8  evidence before you, this Court can grant summary judgment

9  in our favor because the Defendant has not met its

10  requirements to prevent that.  I have no further --

11        THE COURT:  Okay, thank you.

12        MR. SCHNITZER:  Thank you, Your Honor.

13        MR. TOBIA:  Good afternoon, Your Honor.  James

14  Tobia for the defendant, P.M.C. Investigations & Security.

15        I don't want to confuse the order in which we're

16  dealing with these things.  I agree with Your Honor, that

17  you hit the nail on the head that the really only issue that

18  we're dealing with is the delivery -- date of delivery or

19  date of honor standard with respect to these payments.

20        I do want to point out one thing just so the

21  Court understands it.  I'm not sure how much relevance it is

22  -- there is to this, but all the contested transfers were

23  actually made prior to the preference period.  That's to say

24  that the checks were cut before the preference period.  They

25  were all deposited and honored within the preference period.

1    And we recognize that they were transfers under 547(b), but

2    the only question is whether the date of receipt or the date

3    of honor applies.

4                And as my colleague stated, we were not aware of

5    any case that controls in the Third Circuit so --

6                THE COURT:  So let me ask you a couple of

7    questions.

8                MR. TOBIA:  Sure.

9                THE COURT:  You don't dispute that the prima

10   facie case is appropriate for summary judgment?

11               MR. TOBIA:  Well, Your Honor, the -- I think we

12   need to look at the case law that's appropriate here for the

13   defense.  And I think that there is a valid defense that my

14   client has.

15               THE COURT:  I understand the defense.

16               MR. TOBIA:  Yes.

17               THE COURT:  That the 547(c) is used, but when you

18   actually come to the elements of a prima facie case by the

19   debtor, the way I read the stipulation, there's no dispute.

20               MR. TOBIA:  Other than the defense, yes.

21               THE COURT:  Okay.

22               MR. TOBIA:  Yes.

23               THE COURT:  Second, why did your client hold the

24   checks?

25               MR. TOBIA:  Your Honor, I'm not 100 percent sure.

1  The -- my client has said that there was no real reason for

2  it.  His testimony at deposition was that he thought he had

3  180 days to cash it.  He put it aside and I guess he forgot

4  it, but he thought he had 180 days.  And then when he saw

5  the news report, he realized that maybe that 180 days didn't

6  apply.

7          THE COURT:  But in the previous dealings in the

8  year before the preference period, he did not generally hold

9  the checks for that long.

10         MR. TOBIA:  What I think my client has testified

11 on -- regarding this is that the relationship is now over

12 and for some reason, he made a distinction.  I don't want to

13 put words into his mouth, but he put the checks aside.  He

14 was no longer in a direct business relationship with them.

15 This was the end of their business relationship and he put

16 the checks aside.  And I can't explain beyond that.

17         THE COURT:  Okay.

18         MR. TOBIA:  I would like to turn to the case law

19 because I think that the case law is actually pretty fairly

20 in my client's favor here.  We're not aware of a case that

21 controls in the Third Circuit.  Neither party has found

22 that.  The defendant cites to a case from Bankruptcy Court

23 in the Western District of Pennsylvania from 2003 which was

24 affirmed by the Third Circuit in 2005.  The case is

25 *Scharffenberger vs. United Creditors Alliance Corp.*  It's

1  cited in our briefs.  It's directly on point with respect to

2  the ordinary course of business defense.  The Court stated

3  that the relevant date regarding said checks is the date of

4  such checks rather than the date upon which the same either

5  cleared or were deposited/posted.  No qualification.  The

6  Third Circuit affirmed, but this issue does not -- was not

7  addressed by the Court's opinion.  It goes not appear to

8  have been --

9            THE COURT:  Who wrote that?

10            MR. TOBIA:  -- on appeal.

11            THE COURT:  Is that out of the Western District?

12            MR. TOBIA:  Yes.

13            THE COURT:  Is that what you said?

14            MR. TOBIA:  Yes.

15            THE COURT:  Do you know the Judge?

16            MR. TOBIA:  I have the case in here, Your Honor.

17 It was McVerry.

18            THE COURT:  Okay.

19            MR. TOBIA:  And like I said, the Third Circuit

20 affirmed, but this was not addressed.  I don't think it was

21 appealed.  The U.S. Supreme Court summarized the state of

22 affairs in a footnote in the case of *Barnhill vs. Johnson*,

23 Footnote 9.  It was concerned with when a transfer occurs

24 under 547(b).  But in the footnote, it notes that those

25 Courts of Appeals to have considered the issue are unanimous

1 | in concluding that a date of delivery rule should apply to

2 | check payments for purpose of 547(c).

3 | And the plaintiff has not refuted any of this,

4 | but rather presented some case law from -- that dates back

5 | to the 1980's, 1984 and 1988 where a conditional phrase was

6 | added to the opinion referencing presentment within the 30

7 | day period deemed reasonable under the UCC.  Those cases

8 | don't really analyze the UCC requirement.  It's probably

9 | dicta just added on.  There's really no explicit statement

10 | as to what the consequences of presentation on Day 31 or

11 | later would be.  Certainly not controlling here.

12 | The 1988 *Durham* case cited by -- first by the

13 | plaintiff on the UCC point actually finds in favor of the

14 | defendants' ordinary course defense and also recognizes the

15 | decisions among the Bankruptcy Court's nationwide on whether

16 | the transfer of funds -- as to when the transfer of funds by

17 | check occurs.  I think we should focus more on the Supreme

18 | Court decision in *Barnhill* again stating that Courts are

19 | unanimous in concluding that a date of delivery rule should

20 | apply and also to *Scharffenberger.*

21 | So I guess what the plaintiffs are really asking

22 | this Court to do is to make new law.  To issue a holding

23 | that it is the law that for purposes of 547(c)(2), all

24 | payments must clear within a certain time period after

25 | presentment.  And that harkens back to the old version of

1   the statute where for ordinary course purposes, payment had

2   to be made within 45 days of when the underlying debt was

3   first incurred.  Congress eliminated that requirement.  The

4   plaintiff would have this Court instead of Congress rewrite

5   the statute to add some time limit.

6            In any event, that's the dispute and I think the

7   case law is relatively clear that date of delivery should

8   control without any time restriction.  And so the parties

9   disagreement as to when to count this transfer explains why

10  the parties have such a disparity in their numbers.  The

11  plaintiff used the date the checks cleared the bank and the

12  defendant calculated based on the dates the checks were

13  issued and also when they were delivered.  We've done both.

14  And what we see is that the payments during the preference

15  period were made on average within a few days of the

16  historical payment history, variances between one and four

17  days.  And each individual payment was well within the

18  historical range and close enough to average to

19  statistically insignificant variance and that should be

20  sufficient to support the defendants' ordinary course

21  defense.  This is all set forth in the briefs and in the

22  affidavits.

23           As to the termination payment, I think what I

24  heard plaintiffs' counsel state was that the termination

25  agreement was not ordinary more so than the termination

1  payment.  And I think that's really a little bit of a

2  different argument than the one that's before the Court

3  right now.  The plaintiff hasn't really attacked the

4  agreement, not making any argument that there was a lack of

5  consideration for example or some sort of fraud in creation

6  of this agreement.  And I think they've conceded that

7  payments were made consistent with the terms of the

8  agreement.  And in that sense, it would be ordinary other

9  than their allegation that the agreement itself is not

10  ordinary.  And I think that's a little bit different than

11  what we're here on today.

12            Very simply, all the payments throughout the

13  history were made under the terms of various contracts.  Not

14  just one, various contracts.  So in the sense that payments

15  were now made under the termination agreement, it is

16  entirely consistent with their behavior.  The attack is

17  again, on the creation of this agreement, it's happening

18  before the preference period.  Not with the performance

19  under the agreement because the performance is exactly in

20  line with the terms of the agreement.  Both parties

21  completed their obligations, including the debtor delivering

22  payment to the defendant and that was later honored.  So I

23  think this is actually pretty straightforward.  You know,

24  where payments are made within the contract terms, generally

25  that's consistent with the ordinary course of business.

1          And finally, considering the -- why -- again why

2     it took my client so long to deposit the money.  I think,

3     Your Honor, is correct that, you know, so what.  The

4     payments were made. It doesn't really matter what happens

5     after that.  If the defendant changes his own procedures for

6     --

7          THE COURT:  Well if I buy that the presumption of

8     reasonableness is limited to negotiating the check within 30

9     days, you need to rebut that presumption with some evidence

10    that would explain why in this instance it's nonetheless

11    reasonable.  So my question is what evidence do you have to

12    that effect that's in the record?

13         MR. TOBIA:  Your Honor --

14         THE COURT:  Other than the parties relationship

15    had terminated.  Your client needed -- knew he had 180 days

16    and I guess God bless him, didn't need the money right away.

17                        (Laughter)

18         MR. TOBIA:  Right, Your Honor, that's the --

19    that's what the record shows at this point.  But, you know,

20    I would again respectfully submit that what the defendant

21    does after he receives the check is his own business.

22    People routinely cash checks on the days they receive it to

23    make sure they get the funds.  Not everyone is doing

24    something wrong.  Or at least is the plaintiff arguing that

25    the debtor had issued bad checks and didn't have the funds

1   available to pay the checks already issued?  I'm not really

2   sure what the suggestion is that my client could have --

3   would have done something wrong here by choosing not to

4   deposit the checks.  Or that any change in his behavior

5   after the relationship is over is somehow retroactively

6   imparted.

7            You know, not to give a crazy hypothetical, but,

8   you know, if someone gives me a check and rather than

9   deposit -- you know, it's a check that is directed to --

10  that is made out to James Tobia and rather than depositing

11  it in my operating account, I put in my personal account,

12  obviously, that's a change from my ordinary course of

13  practice.  Is that something that is really a difference

14  from ordinary course for purposes of the preference action?

15  I don't think so.  I don't really see how that's relevant.

16           That's all I have at this time, Your Honor.

17           THE COURT:  Just give me a minute, I want to

18  check something.  I may have a question.  You can be seated.

19  Let's see if I know how to work this thing.  Okay.  Thank

20  you.  Reply?

21           MR. SCHNITZER:  Your Honor, I'd just like to make

22  a few brief points.  One, if you go to the stipulated facts,

23  a simple comparison of Paragraph 5 to Paragraph 10 expresses

24  the point I've been trying to make.  Paragraph 5 talks about

25  checks being deposited within two days of receipt

1  historically.  Paragraph 10 says during the preference date

2  it's within approximately 70 days, 70 to 90 days of receipt

3  of such transfer.  I believe that's the -- at least those

4  are the facts before you which I believe compel effectively

5  a finding that it was non-ordinary.  That's the first point.

6           Second, Your Honor, I believe P.M.C. is arguing

7  that well the reason it was different is because the

8  relationship was over at that point.  I don't believe that

9  makes a difference.  I don't believe the code says the

10  ordinary course of business between the parties --

11           THE COURT:  All right, I'm going to back up.  So

12  -- but what was -- but the receipt times were basically on

13  average identical.  But the pre-preference period holding

14  period before depositing was about two days, whereas during

15  the preference period it's 70?

16           MR. SCHNITZER:  70 to 90, correct.

17           THE COURT:  All right.

18           MR. SCHNITZER:  Correct, Your Honor.

19           THE COURT:  I gotcha.

20           MR. SCHNITZER:  The second point I was going to

21  make is it doesn't make a difference that this relationship

22  was over.  I address that for a couple of reasons.  One, the

23  code doesn't talk about that.  It's the ordinary course of

24  business between the parties.  It doesn't say the ordinary

25  course between the parties until they receive the check.

1   It's the ordinary course of business between the parties if

2   you look to the historical, you compare it to the preference

3   period.

4           And I would also note, you have a situation here

5   where technically speaking, I mean, the termination

6   agreement is dated March 1.  The checks at issue here in the

7   preference period if you look at Exhibit 4 are all dated

8   April or later.  So you'd have a situation here where you

9   have checks dated after it's terminated.  So if they're

10  arguing well, they don't have a business relationship

11  anymore, then I think that would even go stronger that this

12  is not in the ordinary course of business.

13          So I wanted to make that point because I don't

14  think that's something for you to take into account, this

15  argument well since the business relationship was over they

16  can do whatever they want with the checks and it doesn't

17  play a factor.  I don't believe that's correct.

18          The third point to make is Your Honor, I believe

19  when you look at the cases that talk about using the

20  delivery date or receipt date, they explain that the basis,

21  the ones that have explained why, they explain that the

22  basis for that is based on this presumption of a customary

23  deposit within -- a deposit within the customary 30 days

24  under the UCC.  And I believe the Courts -- that's why they

25  use that date for both ordinary course purposes and new

1   value purposes --

2         THE COURT:  But, I mean, that 30 days and that's

3   what I was double checking.  That 30 days deals with a

4   notice to dishonor a check and having you -- I mean, that's

5   really not what's going on here.  I'm not quite sure why

6   that statute is referenced as a guideline.  I mean is there

7   any explanation in the cases?

8         MR. SCHNITZER:  I believe it's referenced because

9   the Courts that have looked at this issue and they've

10  considered it both for ordinary course purposes, as well as,

11  contemporaneous exchange purposes are looking at what's a

12  reasonable period so as to give a defendant effectively

13  credit for receiving the check and not hold them to the fact

14  that they had it deposited immediately and have a bank

15  deposit immediately.  And so that's why they've kind of

16  bifurcated the date of the transfer.

17        The answer to the question of what's the date of

18  the transfer has two different answers.  It depends on what

19  section of 547 you're under.  If you're under 547(b), the

20  date of the transfer as you know is the date it clears the

21  debtors' bank.  Plain, simple, not a question.  The date of

22  transfer when you're under 547(c), that's different.  Then

23  you look and can consider the day delivered, date of receipt

24  based upon the Court's presumption and giving the defendant

25  credit for the fact that well it's not their fault if the

1  bank takes a few days, but based upon the assumption, that

2  things will clear within 30 days of the date of the check so

3  that you don't have this huge disparity between check date

4  and actual loss of fund dates.  Because obviously as you

5  know, Your Honor, the check date doesn't affect the debtors'

6  estate until it cleared, but for the defenses, the Courts

7  have considered allowing the defendant credit on the absence

8  of if there's a business relationship between the two

9  parties and you send me a check and I get it, most -- or a

10 lot of businesses won't wait until it clears to feel like

11 they got paid.  They'll feel like the receipt of the check

12 is good enough and if they were waiting for that until, you

13 know, shipping new goods, that would be good enough.  I

14 believe that's the reason why the Courts have considered

15 this.  And they've looked to the UCC for guidance in terms

16 of what's a reasonable period of time given, you know,

17 banking issues, holidays, weekends, stuff like that and the

18 UCC considered that 30 days.

19         Next, Your Honor, I turn to the termination

20 agreement.  The payment here was not made consistent with

21 the agreement.  So not only is the debt itself not ordinary,

22 it's also the payment was not made in the ordinary course of

23 business.  I reiterate the point that it's their burden to

24 establish the debt was ordinary.  I understand counsel's

25 point that we haven't alleged that the termination agreement

1    was a fraudulent transfer.  That's correct.  We haven't

2    alleged that.  Is it?  I don't know, it could be, but that's

3    not before you today.  We don't need to allege that.  They

4    need to show, it's their burden to show that the debt for

5    which the termination payment paid was incurred in the

6    ordinary course of business.  That's not the same as saying

7    we have to show it's a fraudulent transfer or fraudulent

8    obligation by entering into it.  We're not making that

9    argument here today.

10                   THE COURT:  Um-hum.

11                   MR. SCHNITZER:  The argument here is simply that

12   debt was not incurred in the ordinary course between the

13   parties because that wasn't the type of debt that the

14   parties incurred in the ordinary course of business.

15   There's no historical similar debt and there's no basis for

16   the debt which I understand sounds like a fraudulent

17   transfer, but that's not what we're saying.  That's not what

18   we're arguing.  And most importantly, that's not what we

19   have to show to, if you want to call it defeat, to defeat

20   this argument that the termination payment was or is

21   protected by the ordinary course defense.

22                   THE COURT:  Okay.

23                   MR. SCHNITZER:  Thank you, Your Honor.

24                   THE COURT:  Last thoughts?

25                   MR. TOBIA:  Your Honor, just to clarify.  The

1   stipulated facts, Paragraph 5 vs. 10, those are when the

2   checks were deposited.  I'm not really sure what the

3   relevance of that reference is here.  Obviously, the other

4   issues that we're dealing with today will be more relevant

5   to whether there is an ordinary course or not so anyway.

6          I believe counsel said that in addressing that

7   the relationship was over that they had the ordinary course

8   of business when receiving the check.  Maybe I might of just

9   misunderstood him, but I was not -- I'm not suggesting that

10  the fact that the relationship was over justifies, explains

11  why he didn't deposit the checks.  I don't know why.  He has

12  stated that it was for no particular reason.  The only sort

13  of explanation we have is that he looked at the check and

14  said it's good for 180 days and he thought that he had 180

15  days.  That's it.  My -- I'm not making any sort of

16  suggestion that the fact that the relationship was over

17  somehow has some significance.  This is just what he had

18  said.

19         If we look at this -- the case law.  There really

20  is no reason why the USC -- UCC is cited.  In fact, the

21  first case, the main case that has been cited by the

22  plaintiff, *Durham vs. Smith Metal and Iron Company*, it

23  references, it mentions the UCC once in a quote that is put

24  forth in the briefing.  To me, it looks like it's an

25  arbitrary measure that's put in there.  It could have very

1   well have said whether the bank honors within the 180 days

2   that's written on the check.

3             THE COURT:  Um-hum.

4             MR. TOBIA:  I don't know why the Court put the

5   UCC in there.  That's why I said it's probably dicta.  It

6   definitely doesn't rise to the level that the plaintiff is

7   trying to assert that it makes law here.

8             And with respect to the termination agreement,

9   counsel says that the payments were not made in the ordinary

10  course, but I'm not sure why not.  What was not made in the

11  ordinary course?  Is it specifically because of the date to

12  pay?  Again, that's kind to assert their argument that we're

13  discussing here, but the payments were made within the terms

14  included on the termination agreement.  That is all I have,

15  Your Honor.

16            THE COURT:  Thank you.

17            MR. TOBIA:  Thank you.

18            THE COURT:  Anything else?

19            MR. SCHNITZER:  Your Honor, I'll just briefly

20  notice you can tell from our brief, the cases that cite the

21  UCC include the Fourth Circuit, the Fourth -- the First

22  Circuit, and the Sixth Circuit, as well as, other circuits.

23  While understanding obviously those are not binding, you

24  know, on you or this Court, I would just note I doubt it was

25  a -- I'd like to say I doubt it was a mistake of those three

1  Circuit Courts to happen to cite to the same --

2           THE COURT:  Um-hum.

3           MR. SCHNITZER:  -- UCC section for what it's

4  worth.  Thank you, Your Honor.

5           THE COURT:  Um-hum.  Yes?

6           MR. TOBIA:  Your Honor, I did not say it was a

7  mistake, but it's a random arbitrary --

8           THE COURT:  Um-hum.  I understand your argument.

9  Okay.  I'm ready to rule.

10          MR. TOBIA:  And again those cases are from the

11  '80s.

12          THE COURT:  Well we all remember what was going

13  on in the '80s.  At least I do, you guys probably don't

14  actually, too damn young.  All right.  I'm ready to rule.

15  I'm not -- I don't need to get into the intricacies of the

16  summary judgment standard.  As I said earlier today, it's

17  well known.  I am going to grant in part and deny in part

18  plaintiffs' motion for summary judgment.  As I read the

19  prime facie elements to be uncontested, I will find and rule

20  in favor of plaintiff summary judgment on the prima facie

21  case for preference under 547.

22          In addition, I will grant plaintiffs' motion for

23  summary judgment in connection with the asserted affirmative

24  defense that the $25,000 termination payment was made during

25  the ordinary course of business.  I agree with the argument

1  that the issue isn't necessarily the payment.  It's the

2  entering into the contract under which the payment was made.

3  Clearly, in this instance, I believe that and find that

4  entering into that contract especially given that it was not

5  required under the PSA.  Is that right, PSA?  It makes it

6  not in the ordinary course to have entered into it.

7           I will deny the plaintiffs' motion for summary

8  judgment in connection with the remaining transfers in the

9  affirmative defense in connection with those remaining

10 transfers regarding the finding -- regarding the defense

11 that they were made in the ordinary course of business.

12          I deny that motion or that motion in connection

13 with the affirmative defense of ordinary course for the non-

14 termination payments because I find as a matter of law that

15 the date to be looked at is invoices versus check receipt.

16 And that the evidence indicates that the pre-preference

17 period and the post-preference period for all intents and

18 purposes, those dates were identical and that there was no

19 change in the ordinary course of the business relationship

20 such that there was either a material increase or decrease

21 in the time period during the preference period under which

22 the checks were issued and received by the defendant as

23 compared to the invoice date.

24          I find that and hold that the 30 day presumption

25 argument which if applied here would require some evidence

1  which is lacking for a reasonable reason that the checks

2  were held by the defendant as long as they were.  However, I

3  find that the 30 day presumption is first of all nowhere to

4  be found in the preference statute or the legislative

5  history and that its adoption from the UCC in this instance

6  is frankly, reaching and random by the Courts that have so

7  ruled.

8          I think it's important to focus on what is

9  preference designed to do?  Preference is designed to pull

10 back payments made on the eve of bankruptcy that put the

11 recipient in a better position than other creditors.  Once

12 these checks hit the mail, there was nothing left for the

13 debtor to do.  It was solely in connection with the

14 defendants holding the checks and taking the risk of

15 insolvency or a stoppage being put on the check that that

16 defendant decided to hold those checks.  I really don't view

17 that in any way determinative for purposes of asserting the

18 ordinary course of business defense under 547(c).  The

19 bullet was out of the gun as far as the debtor was concerned

20 and its creditors.

21         So I agree with the Courts that have held that

22 for purposes of the ordinary course affirmative defense,

23 receipt date is applicable.  And I disagree that there

24 should be any presumption one way or the other relating to

25 how long those checks were held to somehow take away the

1   reasonableness or the applicability of the ordinary course

2   of business defense.

3         Which takes me to the flipside and that's the

4   defendants' motion for summary judgment.  First, as there's

5   no dispute, I will grant the summary judgment motion of

6   defendant in connection with the new value defense of

7   $5,431.25.  I will deny the motion for summary judgment in

8   connection with the $25,000 termination payment for the

9   reasons already discussed.  And I will grant the summary

10  judgment motion in favor of defendant in connection with the

11  rest of the payments as being in the ordinary course of

12  business based on receipt date as previously discussed.  I

13  would ask the parties to confer and agree on a form of order

14  and submit it to the Court under certification.

15        To summarize, I'm entering judgment in favor --

16  the net result of this is they'll be judgment in favor of

17  plaintiff for $25,000.  And the rest of the amount received

18  will be judgment in favor of defendant.  I'm not applying a

19  new value defense to the $25,000 termination payment to

20  reduce it because I think those matters are completely

21  unrelated.  Okay?  All right.  Thank you very much, we are

22  adjourned.

23        MR. TOBIA:  Thank you, Your Honor.

24     (Whereupon, at 3:00 p.m., the hearing was adjourned.)

25

1                          CERTIFICATION

2          I certify that the foregoing is a correct

3  transcript from the electronic sound recording of the

4  proceedings in the above-entitled matter.

5

6

7  _____          14 July 2011
8  Traci L. Calaman, Transcriber                Date

| Word | Page:Line |
|---|---|
| **07-11047(css)** 1:4 | |
| **09-51761(css)** 1:16 | |
| **547(c)(2)(1)** 22:23 | |
| **about**(5) 14:15 26:24 27:14 27:23 28:19 | |
| **aboveentitled** (1) 38:4 | |
| **absence**(1) 30:7 | |
| **account**(3) 26:11 26:11 28:14 | |
| **action**(2) 11:21 26:14 | |
| **actual**(2) 18:6 30:4 | |
| **actually**(9) 4:20 7:16 11:24 18:23 19:18 20:19 22:13 24:23 34:14 | |
| **add**(1) 23:5 | |
| **added**(2) 22:6 22:9 | |
| **addition**(2) 17:18 34:22 | |
| **address**(3) 3:14 15:24 27:22 | |
| **addressed**(2) 21:7 21:20 | |
| **addressing**(1) 32:6 | |
| **adjourned**(2) 37:22 37:24 | |
| **administered**(1) 1:5 | |
| **admissible**(1) 18:4 | |
| **admitted**(1) 11:25 | |
| **adoption**(1) 36:5 | |
| **adv**(1) 1:16 | |
| **advance**(2) 17:3 17:6 | |
| **affairs**(1) 21:22 | |
| **affect**(1) 30:5 | |
| **affidavits**(1) 23:22 | |
| **affirmative**(4) 34:23 35:9 35:13 36:22 | |
| **affirmed**(3) 20:24 21:6 21:20 | |
| **after**(7) 7:24 17:20 22:24 25:5 25:21 26:5 28:9 | |
| **afternoon**(4) 3:3 3:4 3:7 18:13 | |
| **again**(10) 4:17 11:12 12:3 17:20 22:18 24:17 25:11 25:20 33:12 34:10 | |
| **against**(2) 1:18 14:12 | |
| **agree**(6) 4:13 9:2 18:16 34:25 36:21 37:13 | |
| **agreed**(1) 14:21 | |
| **agreement**(25) 16:21 16:22 16:24 17:2 17:4 17:7 17:8 17:11 17:12 17:15 23:25 24:4 24:6 24:8 24:9 24:15 24:17 24:19 24:20 28:6 30:20 30:21 30:25 33:8 33:14 | |
| **agreements**(1) 17:16 | |
| **alan**(1) 1:39 | |
| **all**(21) 3:2 6:16 7:6 8:21 10:23 10:23 18:22 18:25 22:23 23:21 24:12 26:16 27:11 27:17 28:7 33:14 34:12 34:14 35:11 36:3 37:21 | |
| **allegation**(1) 24:9 | |
| **allegations**(1) 18:5 | |
| **allege**(1) 31:3 | |
| **alleged**(2) 30:25 31:2 | |
| **alliance**(1) 20:25 | |
| **allow**(1) 4:14 | |
| **allowing**(1) 30:7 | |
| **almost**(1) 7:8 | |
| **along**(1) 5:4 | |
| **already**(2) 26:1 37:9 | |
| **also**(11) 3:21 4:18 6:12 8:6 8:20 18:1 22:14 22:20 23:13 28:4 30:22 | |
| **although**(1) 5:18 | |
| **always**(1) 16:8 | |
| **american**(10) 1:13 3:6 6:18 11:4 12:5 12:7 15:2 17:5 17:7 17:7 17:17 | |
| **among**(1) 22:15 | |
| **amount**(2) 4:22 37:17 | |
| **analysis**(1) 6:13 | |
| **analyze**(1) 22:8 | |

| Word | Page:Line |
|---|---|
| **and**(149) 3:8 3:11 3:14 3:24 3:25 5:8 5:9 5:16 5:18 5:20 6:6 6:12 6:15 7:7 7:9 8:4 8:5 8:11 8:23 9:7 9:7 9:16 9:21 9:22 10:1 10:4 10:11 10:12 10:13 10:14 10:24 10:25 11:5 11:7 11:13 11:15 11:17 11:17 11:17 11:23 11:24 12:1 12:2 12:9 12:10 12:12 12:21 13:4 13:10 13:21 14:9 14:12 14:25 15:1 15:3 15:3 15:15 15:16 15:18 15:21 16:3 16:6 16:11 17:10 17:12 17:17 17:18 17:24 18:1 18:25 19:1 19:4 19:13 20:3 20:4 20:12 20:15 20:16 21:19 22:3 22:5 22:14 22:20 22:25 23:6 23:8 23:11 23:13 23:14 23:16 23:17 23:18 23:19 23:21 24:1 24:6 24:8 24:10 24:22 25:1 25:16 25:25 26:8 26:10 28:4 28:16 28:24 28:25 29:2 29:4 29:9 29:13 29:14 29:15 29:23 29:24 30:4 30:9 30:9 30:12 30:15 30:17 31:15 31:18 32:13 32:14 32:22 33:8 33:12 34:10 34:17 34:19 35:3 35:16 35:17 35:17 35:18 35:22 35:24 36:5 36:6 36:14 36:20 36:23 37:3 37:9 37:13 37:14 37:17 | |
| **answer**(1) 29:17 | |
| **answers**(1) 29:18 | |
| **any**(17) 8:2 9:16 11:18 12:10 17:5 18:4 18:6 19:5 22:3 23:6 23:8 24:4 26:4 29:7 32:15 36:17 36:24 | |
| **anymore**(1) 28:11 | |
| **anything**(2) 14:15 33:18 | |
| **anyway**(1) 32:5 | |
| **appeal**(1) 21:10 | |
| **appealed**(1) 21:21 | |
| **appeals**(1) 21:25 | |
| **appear**(1) 21:7 | |
| **applicability**(1) 37:1 | |
| **applicable**(2) 12:22 36:23 | |
| **applied**(1) 35:25 | |
| **applies**(1) 19:3 | |
| **apply**(3) 20:6 22:1 22:20 | |
| **applying**(1) 37:18 | |
| **appropriate**(3) 4:11 19:10 19:12 | |
| **approximately**(3) 6:4 17:19 27:2 | |
| **april**(1) 28:8 | |
| **arbitrary**(2) 32:25 34:7 | |
| **are**(18) 5:3 5:5 15:2 15:5 15:20 18:5 21:25 22:18 22:21 24:24 27:4 28:7 29:11 32:1 33:23 34:10 37:20 37:21 | |
| **aren't**(1) 13:17 | |
| **argue**(4) 3:10 5:18 6:12 14:9 | |
| **argued**(1) 12:21 | |
| **arguing**(5) 15:2 25:24 27:6 28:10 31:18 | |
| **argument**(13) 3:15 3:18 5:19 24:2 24:4 28:15 31:9 31:11 31:20 33:12 34:8 34:25 35:25 | |
| **around**(1) 15:13 | |
| **aside**(3) 20:3 20:13 20:16 | |
| **ask**(2) 19:6 37:13 | |
| **asked**(1) 11:25 | |
| **asking**(1) 22:21 | |
| **assert**(2) 33:7 33:12 | |
| **asserted**(1) 34:23 | |
| **asserting**(1) 36:17 | |
| **assumption**(1) 30:1 | |
| **attack**(1) 24:16 | |
| **attacked**(1) 24:3 | |
| **available**(1) 26:1 | |
| **avenue**(1) 1:34 | |
| **average**(5) 5:12 15:12 23:15 23:18 27:13 | |
| **aware**(2) 19:4 20:20 | |
| **away**(3) 17:8 25:16 36:25 | |
| **back**(7) 3:14 14:13 15:15 22:4 22:25 27:11 36:10 | |
| **backing**(1) 10:24 | |
| **bad**(1) 25:25 | |
| **bank**(12) 6:25 7:5 7:10 10:14 11:21 12:9 12:16 23:11 29:14 29:21 30:1 33:1 | |

| Word | Page:Line |
|---|---|
| **banking**(1) 30:17 | |
| **bankruptcy**(10) 1:1 1:27 6:19 7:11 11:5 12:8 13:9 20:22 22:15 36:10 | |
| **barnhill**(2) 21:22 22:18 | |
| **based**(5) 23:12 28:22 29:24 30:1 37:12 | |
| **basically**(1) 27:12 | |
| **basis**(3) 28:20 28:22 29:15 | |
| **because**(26) 5:23 6:21 7:10 7:18 10:12 11:3 11:23 12:2 13:19 14:12 15:24 16:5 16:23 17:14 18:3 18:9 20:19 24:19 27:7 28:13 29:8 30:4 31:13 33:11 35:14 37:20 | |
| **been**(5) 3:20 11:6 21:8 26:24 32:21 | |
| **before**(17) 1:26 3:19 4:8 5:3 6:10 9:21 15:9 15:10 16:16 18:8 18:24 20:8 24:2 24:18 27:4 27:14 31:3 | |
| **behalf**(1) 3:5 | |
| **behavior**(2) 24:16 26:4 | |
| **being**(5) 5:1 17:5 26:25 36:15 37:11 | |
| **believe**(39) 4:7 4:17 6:9 6:12 6:17 6:21 7:2 8:3 8:4 8:6 8:19 9:17 11:12 11:16 11:19 12:13 12:14 12:18 12:21 12:23 13:15 13:16 15:16 15:21 16:16 17:24 18:7 27:3 27:4 27:6 27:8 27:9 28:17 28:18 28:24 29:8 30:14 32:6 35:3 | |
| **better**(1) 36:11 | |
| **between**(24) 3:25 6:13 6:22 6:23 8:7 8:9 8:14 8:17 9:19 10:12 10:12 11:13 16:5 17:7 17:13 17:21 23:16 27:10 27:24 27:25 28:1 30:3 30:8 31:12 | |
| **beyond**(1) 20:16 | |
| **bifurcated**(1) 29:16 | |
| **binding**(1) 33:23 | |
| **bit**(3) 6:11 24:1 24:10 | |
| **blank**(1) 1:38 | |
| **bless**(1) 25:16 | |
| **boat**(1) 13:17 | |
| **both**(9) 3:14 5:5 9:4 17:23 18:1 23:13 24:20 28:25 29:10 | |
| **brief**(4) 12:21 15:22 26:22 33:20 | |
| **briefing**(1) 32:24 | |
| **briefly**(2) 3:17 33:18 | |
| **briefs**(3) 4:20 21:1 23:21 | |
| **brings**(2) 3:22 17:23 | |
| **brink**(1) 11:5 | |
| **broadcast**(1) 6:18 | |
| **bullet**(1) 36:19 | |
| **burden**(4) 17:5 18:1 30:23 31:4 | |
| **business**(35) 5:4 5:5 5:25 8:17 9:16 12:6 13:7 16:17 17:13 17:15 17:17 17:23 18:4 20:14 20:15 21:2 24:25 25:21 27:10 27:24 28:1 28:10 28:12 28:25 30:8 30:23 31:6 31:14 32:8 34:25 35:11 35:19 36:18 37:2 37:12 | |
| **businesses**(2) 10:1 30:10 | |
| **but**(50) 3:11 3:14 4:15 4:20 5:6 5:21 7:1 8:21 9:1 9:2 9:15 10:12 10:22 10:25 10:24 11:18 11:23 12:3 12:24 13:25 14:5 14:14 14:18 15:7 16:19 18:6 18:22 19:1 19:17 20:4 20:7 20:13 21:11 21:20 21:24 22:4 25:19 26:7 27:12 27:12 27:13 29:2 30:1 30:6 31:2 31:17 32:9 33:10 33:13 34:7 | |
| **buy**(1) 25:7 | |
| **c)(3**(1) 5:20 | |
| **calculated**(1) 23:12 | |
| **call**(6) 5:1 6:3 6:3 14:24 16:9 31:19 | |
| **came**(2) 4:1 11:24 | |
| **can**(8) 4:2 5:24 11:13 18:8 26:18 28:16 29:23 33:20 | |
| **can't**(2) 14:15 20:16 | |

| Word | Page:Line |
|---|---|
| **case**(28) 1:4 4:12 5:7 13:23 14:10 14:11 15:25 16:8 16:11 16:12 19:5 19:10 19:12 19:18 20:18 20:19 20:20 20:22 20:24 21:16 21:22 22:4 22:12 23:7 32:19 32:21 32:21 34:21 | |
| **cases**(9) 5:21 13:25 14:5 15:20 22:7 28:19 29:7 33:20 34:10 | |
| **cash**(4) 10:21 12:16 20:3 25:22 | |
| **central**(1) 6:10 | |
| **certain**(1) 22:24 | |
| **certainly**(1) 22:11 | |
| **certification**(2) 37:14 38:1 | |
| **certify**(1) 38:2 | |
| **change**(4) 15:1 26:4 26:12 35:19 | |
| **changes**(1) 25:5 | |
| **chapter**(1) 1:7 | |
| **check**(43) 5:13 6:23 7:4 7:4 7:5 7:5 7:7 7:9 7:17 7:19 8:8 8:15 8:15 9:18 9:22 10:4 12:15 12:16 12:23 13:7 14:3 17:19 22:22 22:17 25:8 25:21 26:8 26:9 26:18 27:25 29:4 29:13 30:2 30:5 30:9 30:11 32:8 32:13 33:2 35:15 36:15 | |
| **checking**(1) 29:3 | |
| **checks**(42) 5:17 6:14 6:16 6:17 8:10 8:11 8:24 9:1 10:14 10:20 10:21 11:2 12:10 15:3 15:11 15:12 16:10 18:14 19:24 20:9 20:13 20:16 21:3 21:4 23:11 23:12 25:22 25:25 26:1 26:4 26:25 28:6 28:9 28:16 32:2 32:11 35:22 36:1 36:12 36:14 36:16 36:25 | |
| **choosing**(1) 26:3 | |
| **christopher**(1) 1:26 | |
| **circuit**(10) 13:25 19:5 20:21 20:24 21:6 21:19 33:21 33:22 33:22 34:1 | |
| **circuits**(1) 33:22 | |
| **circumstances**(2) 11:14 11:16 | |
| **cite**(2) 33:20 34:1 | |
| **cited**(5) 13:5 21:1 22:12 32:20 32:21 | |
| **cites**(1) 20:22 | |
| **claim**(1) 4:21 | |
| **clarify**(2) 3:25 31:25 | |
| **clear**(7) 4:10 4:17 5:15 12:17 22:24 23:7 30:2 | |
| **cleared**(4) 5:13 21:5 23:11 30:6 | |
| **clearly**(1) 35:3 | |
| **clears**(3) 4:7 29:20 30:10 | |
| **clerk**(1) 3:2 | |
| **client**(9) 17:5 17:5 19:14 19:23 20:1 20:10 25:2 25:15 26:2 | |
| **client's**(1) 20:20 | |
| **close**(1) 23:18 | |
| **code**(2) 27:9 27:23 | |
| **coin**(1) 9:4 | |
| **collapse**(1) 11:5 | |
| **colleague**(1) 19:4 | |
| **colloquy**(1) 11:6 | |
| **come**(1) 19:18 | |
| **comes**(1) 5:19 | |
| **commercially**(1) 13:13 | |
| **company**(1) 32:22 | |
| **compare**(2) 16:6 28:2 | |
| **compared**(1) 35:23 | |
| **comparison**(1) 26:23 | |
| **compel**(1) 27:4 | |
| **completed**(1) 24:21 | |
| **completely**(1) 37:20 | |
| **conceded**(1) 24:6 | |
| **concerned**(2) 21:23 36:19 | |
| **concluding**(2) 22:1 22:19 | |
| **conclusory**(1) 18:6 | |
| **conditional**(1) 22:5 | |
| **conduct**(1) 6:13 | |
| **confer**(1) 37:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **confuse**(1) 18:15 | | **date**(49) 5:15 5:16 5:21 8:5 8:6 8:8 8:8 8:15 8:16 8:16 9:18 9:18 10:16 10:17 12:22 13:6 13:14 14:1 14:2 16:2 18:18 18:19 19:2 19:2 21:3 21:3 21:4 22:1 22:19 23:7 23:11 27:1 28:20 28:20 28:25 29:16 29:17 29:20 29:20 29:21 29:23 30:2 30:3 30:5 33:11 35:15 35:23 36:23 37:12 | | **difference**(4) 11:20 26:13 27:9 27:21 | | **exhibit**(5) 4:4 4:5 4:5 12:5 28:7 | |
| **confused**(2) 9:9 14:14 | | | | **different**(8) 3:23 6:7 16:11 24:2 24:10 27:7 29:18 29:22 | | **explain**(4) 20:16 25:10 28:20 28:21 | |
| **confusing**(1) 9:7 | | | | | | **explained**(3) 14:2 14:4 28:21 | |
| **congress**(2) 23:3 23:4 | | | | | | **explains**(5) 14:16 14:19 15:6 23:9 32:10 | |
| **connection**(9) 5:25 34:23 35:8 35:9 35:12 36:13 37:6 37:8 37:10 | | | | **differentiate**(1) 4:17 | | **explanation**(2) 29:7 32:13 | |
| | | | | **direct**(1) 20:14 | | **explicit**(1) 22:9 | |
| | | | | **directed**(1) 26:9 | | **expresses**(1) 26:23 | |
| **consequences**(1) 22:10 | | | | **directly**(2) 15:20 21:1 | | **extended**(1) 16:10 | |
| **consider**(9) 7:3 8:7 8:8 8:8 8:8 10:25 11:19 14:2 18:7 29:23 | | | | **disagree**(1) 36:23 | | **extensive**(1) 3:20 | |
| | | | | **disagreemen**(1) 23:9 | | **extent**(1) 6:10 | |
| | | **dated**(3) 28:6 28:7 28:9 | | **discovery**(1) 3:20 | | **faces**(1) 5:9 | |
| **considered**(1) 24:5 | | **dates**(4) 22:4 23:12 30:4 35:18 | | **discussed**(6) 12:14 13:16 14:1 15:7 37:9 37:12 | | **facie**(5) 4:11 19:10 19:18 34:19 34:20 | |
| **considered**(6) 7:6 21:25 29:10 30:7 30:14 30:18 | | **day**(8) 10:14 12:8 12:11 22:7 22:10 29:23 35:24 36:3 | | | | **fact**(14) 6:16 6:16 7:15 7:20 7:22 8:1 8:18 11:1 13:10 29:13 29:25 32:10 32:16 32:20 | |
| | | | | **discussing**(2) 7:19 33:13 | | | |
| **considering**(1) 25:1 | | **days**(37) 5:23 6:15 8:11 12:15 12:16 12:23 13:3 13:8 13:12 14:4 14:10 15:13 17:3 17:6 17:19 20:3 20:4 20:5 23:2 23:15 23:17 25:9 25:15 25:22 26:25 27:2 27:2 27:14 28:23 29:2 29:3 30:1 30:2 30:18 32:14 32:15 33:1 | | **discussions**(1) 9:19 | | **factor**(4) 11:18 11:18 11:19 28:17 | |
| **consistent**(4) 24:7 24:16 24:25 30:20 | | | | **dishonor**(1) 29:4 | | **facts**(12) 4:2 4:3 4:20 5:10 5:19 7:23 8:23 14:5 14:21 26:22 27:4 32:1 | |
| **contemplating**(1) 6:18 | | | | **disparity**(2) 23:10 30:3 | | | |
| **contemporaneous**(1) 29:11 | | | | **dispositive**(1) 11:18 | | **factual**(1) 10:19 | |
| **contest**(1) 4:21 | | | | **dispute**(9) 4:9 4:19 7:20 10:20 14:17 19:9 19:19 23:6 37:5 | | **fairly**(1) 20:19 | |
| **contested**(1) 18:22 | | **dealing**(3) 18:16 18:18 32:4 | | | | **far**(3) 5:24 10:9 36:19 | |
| **continued**(1) 2:2 | | **dealings**(1) 20:7 | | | | **fashion**(2) 6:15 11:22 | |
| **contract**(4) 16:19 24:24 35:2 35:4 | | **deals**(1) 29:3 | | **disputing**(1) 7:22 | | **fault**(1) 29:25 | |
| **contracts**(2) 24:13 24:14 | | **debt**(11) 16:18 16:23 17:12 23:2 30:21 30:24 31:4 31:12 31:13 31:15 31:16 | | **distinction**(1) 20:12 | | **favor**(9) 4:25 18:9 20:20 22:13 34:20 37:10 37:15 37:16 37:18 | |
| **control**(1) 23:8 | | | | **district**(3) 1:2 20:23 21:11 | | | |
| **controlling**(1) 22:11 | | **debtor**(9) 10:12 10:13 10:21 15:3 19:19 24:21 25:25 36:13 36:19 | | **does**(4) 11:13 16:21 21:6 25:21 | | **feel**(2) 30:10 30:11 | |
| **controls**(3) 15:21 19:5 20:21 | | | | **doesn't**(9) 11:9 11:17 25:4 27:21 27:23 27:24 28:16 30:5 33:6 | | **few**(4) 8:11 23:15 26:22 30:1 | |
| **corp**(1) 20:25 | | | | | | **figured**(1) 12:8 12:9 | |
| **correct**(15) 4:5 4:12 6:8 12:25 13:4 14:8 14:8 14:15 15:5 25:3 27:16 27:18 28:17 31:1 38:2 | | **debtors**(4) 1:10 14:25 29:21 30:5 | | **doing**(1) 25:23 | | **filed**(2) 3:8 12:7 | |
| | | **decided**(2) 16:1 36:16 | | **don't**(28) 8:7 9:17 11:17 13:15 13:15 13:19 14:10 15:21 18:15 19:9 20:12 21:20 22:8 26:15 26:15 27:8 27:8 29:10 28:13 28:17 30:3 31:2 31:3 32:11 33:4 34:13 34:15 36:16 | | **filing**(1) 6:19 | |
| | | **decision**(1) 22:18 | | | | **finally**(3) 7:10 9:2 25:1 | |
| **correctly**(2) 6:12 12:21 | | **decisions**(1) 22:15 | | | | **find**(7) 4:2 16:3 34:19 35:3 35:14 35:24 36:3 | |
| **could**(6) 16:3 17:7 18:7 26:2 31:2 32:25 | | **decrease**(1) 35:20 | | | | | |
| **counsel**(4) 3:11 23:24 32:6 33:9 | | **deemed**(1) 22:7 | | **done**(4) 13:12 17:17 23:13 26:3 | | **finding**(2) 27:5 35:10 | |
| **counsel's**(1) 30:24 | | **defeat**(2) 31:19 31:19 | | **double**(1) 29:3 | | **finds**(1) 22:13 | |
| **count**(3) 5:20 5:20 23:9 | | **defendant**(28) 1:23 3:9 6:14 6:24 6:24 8:10 9:22 9:24 10:4 15:4 15:4 17:23 18:9 18:14 20:22 23:12 24:22 25:5 25:20 29:24 30:7 35:22 36:2 36:16 37:6 37:10 37:18 | | **doubt**(2) 33:24 33:25 | | **fine**(1) 3:13 | |
| **countering**(1) 7:16 | | | | **down**(2) 5:19 9:13 | | **first**(8) 3:11 22:12 23:3 27:5 32:21 33:21 36:3 37:4 | |
| **couple**(2) 19:6 27:22 | | | | **durham**(2) 22:12 32:22 | | | |
| **course**(55) 4:25 5:4 5:6 5:6 5:16 5:18 5:23 5:25 6:13 6:22 6:23 8:14 8:17 9:16 11:13 13:5 13:6 16:4 16:14 16:17 17:13 17:14 17:18 21:2 22:14 23:1 23:20 24:25 26:12 26:14 27:10 27:23 27:25 28:1 28:12 28:25 29:10 30:22 31:6 31:12 31:14 31:2 32:5 32:7 33:10 33:11 34:25 35:6 35:11 35:13 35:19 36:18 36:22 37:1 37:11 | | **defendants**(5) 11:3 22:14 23:20 36:14 37:1 | | **during**(5) 23:14 27:1 27:14 34:24 35:21 | | **flipside**(3) 11:9 14:9 37:3 | |
| | | **defense**(21) 3:11 5:4 5:5 5:25 19:13 19:13 19:15 19:20 21:2 22:14 31:21 31:24 32:1 35:9 35:10 35:13 36:18 36:22 37:2 37:6 37:19 | | **each**(2) 3:17 | | **flow**(1) 10:21 | |
| | | **defenses**(1) 30:6 | | **earlier**(3) 3:18 4:18 34:16 | | **focus**(2) 22:17 36:8 | |
| | | **definitely**(3) 3:16 9:12 33:6 | | **early**(1) 12:14 | | **follow**(1) 10:15 | |
| **court**(93) 1:1 3:3 3:12 3:13 4:1 4:4 4:6 4:8 4:10 4:14 4:23 4:24 5:3 5:14 6:6 6:20 7:1 7:12 7:15 8:1 8:21 9:4 9:7 9:9 9:14 9:21 9:25 10:7 10:9 10:18 10:23 11:3 12:11 12:24 13:2 13:9 13:17 13:22 14:5 14:14 14:23 15:9 15:10 15:16 15:17 15:25 16:3 16:19 16:25 18:7 18:8 18:11 18:21 19:6 19:9 19:15 19:17 19:21 19:23 20:7 20:17 20:22 21:2 21:9 21:11 21:13 21:15 21:18 21:21 22:18 22:22 23:4 24:2 25:7 25:14 26:17 27:11 27:17 27:19 29:2 31:10 31:22 31:24 33:3 33:4 33:16 33:18 33:24 34:2 34:5 34:8 34:12 37:14 | | **delaware**(5) 1:2 1:11 3:1 | | **easily**(1) 9:9 | | **footnote**(3) 21:22 21:23 21:24 | |
| | | **delay**(2) 14:19 14:22 | | **ecro**(1) 1:44 | | **for**(69) 1:2 1:31 2:4 3:8 3:25 4:21 5:10 6:3 6:16 6:18 6:23 7:18 7:19 8:25 9:16 10:21 11:6 12:8 12:15 13:6 14:21 14:25 15:12 16:3 16:10 16:19 17:2 17:5 18:14 19:10 19:12 20:1 20:9 20:12 22:20 22:23 23:1 24:5 25:5 26:14 27:22 28:14 28:22 28:25 29:10 29:13 29:25 30:6 30:12 30:15 31:4 31:15 32:12 32:14 34:3 34:18 34:21 34:22 35:7 35:13 35:17 36:1 36:12 36:17 36:22 37:4 37:7 37:8 37:17 | |
| | | **delivered**(3) 15:3 23:13 29:23 | | **edward**(2) 1:32 3:5 | | | |
| | | **delivering**(1) 24:21 | | **effect**(5) 5:22 25:12 | | | |
| | | **delivery**(6) 18:18 18:18 22:1 22:19 23:7 28:20 | | **effectively**(2) 27:4 29:12 | | | |
| | | | | **either**(4) 15:2 17:2 21:4 35:20 | | | |
| **court's**(3) 21:7 22:15 29:24 | | | | **electronic**(1) 1:52 38:3 | | | |
| **courtroom**(1) 1:9 | | **deny**(4) 34:17 35:7 35:12 37:7 | | **elements**(2) 19:18 34:19 | | | |
| **courts**(15) 9:17 12:25 13:4 13:9 13:21 15:24 21:25 22:18 28:24 29:9 30:6 30:14 34:1 36:6 36:21 | | **denying**(1) 18:2 | | **else**(1) 33:18 | | **foregoing**(1) 38:2 | |
| | | **depends**(1) 29:18 | | **end**(1) 20:15 | | **forgot**(1) 20:3 | |
| | | **deposit**(16) 7:9 8:6 8:8 8:11 10:2 10:17 12:1 12:9 15:4 25:2 26:4 26:9 28:23 28:23 29:15 32:11 | | **enough**(3) 23:18 30:12 30:13 | | **form**(1) 37:13 | |
| | | | | **enter**(2) 4:11 4:24 | | **forth**(4) 3:14 5:9 23:21 32:24 | |
| | | | | **entered**(2) 17:10 35:6 | | **fortunately**(1) 15:8 | |
| **crazy**(1) 26:7 | | **deposited**(15) 7:24 8:19 9:23 11:3 12:23 13:3 13:7 14:3 15:16 16:1 17:19 18:25 26:25 29:14 32:2 | | **entering**(4) 31:8 35:2 35:4 37:15 | | **found**(2) 20:21 36:4 | |
| **creation**(1) 24:17 | | | | **entirely**(1) 24:16 | | **four**(2) 3:23 23:16 | |
| **credit**(3) 29:13 29:25 30:7 | | | | **especially**(1) 35:4 | | **fourth**(2) 33:21 33:21 | |
| **creditors**(3) 20:25 36:11 36:20 | | **deposited/posted**(1) 21:5 | | **esq**(4) 1:32 1:33 1:39 2:5 | | **frankly**(1) 36:6 | |
| **cross**(1) 3:8 | | **depositing**(4) 6:14 6:16 26:10 27:14 | | **essence**(1) 12:15 | | **fraud**(1) 24:5 | |
| **customary**(6) 12:23 13:8 14:3 15:23 28:22 28:23 | | **deposition**(5) 3:20 11:24 12:4 12:14 20:2 | | **establish**(1) 30:24 | | **fraudulent**(4) 31:1 31:7 31:7 31:16 | |
| | | **designed**(2) 36:9 36:9 | | **estate**(1) 30:6 | | **from**(17) 3:5 3:11 3:17 4:18 8:15 8:15 12:4 17:8 20:22 20:23 22:4 26:12 26:14 33:20 34:10 36:5 38:3 | |
| | | **determinative**(1) 36:17 | | **eve**(1) 36:10 | | | |
| **cut**(1) 18:24 | | **diaz**(1) 1:46 | | **even**(4) 13:11 15:22 15:25 28:11 | | | |
| **damn**(1) 34:14 | | **dicta**(2) 22:9 33:5 | | **event**(2) 16:20 23:6 | | **full**(1) 18:3 | |
| **data**(1) 1:46 | | **did**(18) 6:20 8:9 8:10 8:12 8:15 8:18 8:22 9:24 10:5 10:5 10:15 12:1 12:10 15:4 16:6 19:23 20:8 34:6 | | **eventually**(1) 12:1 | | **fund**(1) 30:4 | |
| | | | | **everyone**(1) 25:23 | | **funds**(5) 5:15 22:16 22:16 25:23 25:25 | |
| | | | | **evidence**(11) 18:13 18:4 18:6 18:8 25:9 25:11 35:16 35:25 | | **further**(3) 10:25 17:4 18:10 | |
| | | **didn't**(8) 9:14 11:8 14:6 15:24 20:5 25:16 25:25 32:11 | | **exactly**(1) 24:19 | | **generally**(2) 20:8 24:24 | |
| | | | | **examined**(1) 5:9 | | | |
| | | | | **example**(1) 24:5 | | | |
| | | | | **exception**(1) 15:23 | | | |
| | | | | **exceptions**(1) 6:3 | | | |
| | | | | **exchange**(1) 29:11 | | | |

| Word | Page:Line |
|---|---|
| get(9) | 7:18 10:2 11:8 11:9 12:15 14:6 25:23 30:9 34:15 |
| getting(1) | 11:6 |
| give(3) | 26:7 26:17 29:12 |
| given(2) | 30:16 35:4 |
| gives(1) | 26:8 |
| giving(1) | 29:24 |
| god(1) | 25:16 |
| goes(4) | 6:22 8:13 8:22 21:7 |
| going(8) | 11:8 11:21 12:6 27:11 27:20 29:5 34:12 34:17 |
| gone(1) | 3:19 |
| good(6) | 3:3 3:4 18:13 30:12 30:13 32:14 |
| goods(1) | 30:13 |
| got(9) | 7:19 9:22 10:4 10:18 10:23 14:13 15:4 17:19 30:11 |
| gotcha(1) | 27:19 |
| grant(5) | 18:8 34:17 34:22 37:5 37:9 |
| guess(3) | 20:3 22:21 25:16 |
| guidance(1) | 30:15 |
| guideline(1) | 29:6 |
| gun(1) | 36:19 |
| guys(1) | 34:13 |
| had(15) | 11:4 12:7 15:25 17:16 17:16 20:2 20:4 23:1 25:15 25:15 25:25 29:14 32:7 32:14 32:17 |
| hasn't(1) | 24:3 |
| have(46) | 3:19 9:1 9:21 9:22 10:2 11:20 12:10 12:25 13:3 13:20 13:25 15:7 17:7 17:25 18:1 18:10 21:8 21:16 21:25 23:4 23:10 25:11 25:25 26:2 26:5 26:18 28:4 28:8 28:10 28:21 29:9 29:14 30:3 30:7 30:14 31:7 31:19 32:13 32:25 33:1 33:14 35:6 36:6 36:21 |
| haven't(2) | 30:25 31:1 |
| having(1) | 29:4 |
| he's(1) | 12:18 |
| head(1) | 18:17 |
| hear(1) | 3:11 |
| heard(5) | 4:18 6:17 12:2 12:5 23:24 |
| hearing(1) | 37:24 |
| held(12) | 8:18 8:24 9:2 10:20 11:10 15:3 15:6 15:12 16:9 36:2 36:21 36:25 |
| helpfulness(1) | 4:1 |
| here(28) | 3:7 3:22 5:8 5:8 9:21 10:3 10:30 14:9 16:12 16:13 18:3 19:3 20:1 21:16 22:11 24:11 26:3 28:4 28:6 28:8 29:5 30:20 31:9 31:11 32:3 33:7 33:13 35:25 |
| hessen(2) | 1:31 3:5 |
| him(2) | 25:16 32:9 |
| his(6) | 12:4 20:2 20:13 25:5 25:21 26:4 |
| historical(6) | 7:3 16:6 23:16 23:18 28:2 31:15 |
| historically(6) | 9:22 11:15 16:5 16:8 16:13 27:1 |
| history(11) | 5:8 5:8 5:11 5:12 8:7 8:9 9:17 16:12 23:16 24:13 36:5 |
| hahn(2) | 1:31 3:5 |
| happen(2) | 15:25 34:1 |
| happened(4) | 11:14 11:15 15:11 16:13 |
| happening(1) | 24:17 |
| happens(1) | 25:4 |
| happy(1) | 3:12 |
| hard(1) | 14:7 14:11 |
| harkens(1) | 22:25 |
| harrisburg(1) | 1:48 |
| has(13) | 3:19 4:21 13:5 18:9 19:14 20:1 20:10 20:21 22:3 29:18 32:11 32:17 32:2 |

| Word | Page:Line |
|---|---|
| hit(2) | 18:17 36:12 |
| hold(5) | 19:23 20:8 29:13 35:24 36:16 |
| holding(6) | 7:17 7:19 13:24 22:22 27:13 36:14 |
| holdings(1) | 1:8 |
| holds(1) | 10:21 |
| holidays(1) | 31:17 |
| home(10) | 1:7 1:13 3:6 6:18 11:4 12:5 12:7 15:2 17:5 17:7 |
| home's(1) | 17:17 |
| honor(62) | 3:4 3:7 3:9 3:16 3:17 3:18 4:7 4:13 4:17 5:7 6:2 6:9 6:21 7:14 7:21 8:20 9:1 9:2 9:6 11:11 11:24 12:2 12:19 12:23 13:16 13:19 14:9 14:20 15:5 15:18 15:19 16:2 16:11 16:16 16:22 17:25 17:25 18:13 18:13 18:16 18:19 19:3 19:11 19:25 21:1 25:3 25:13 25:18 26:16 26:21 27:6 27:18 28:18 30:5 30:19 31:23 31:25 33:15 33:16 34:4 34:6 37:23 |
| honorable(1) | 1:26 |
| honored(2) | 18:25 24:22 |
| honors(1) | 33:1 |
| hopefully(1) | 4:1 |
| however(1) | 36:2 |
| huge(1) | 30:3 |
| hypothetical(1) | 26:7 |
| i'd(2) | 26:21 33:25 |
| i'll(3) | 4:14 12:2 33:19 |
| i'm(25) | 3:12 9:6 9:7 9:7 9:8 9:9 9:11 9:15 10:7 10:9 15:1 18:21 19:25 26:1 27:11 29:5 32:2 32:9 32:15 33:10 34:9 34:14 34:15 37:15 37:18 |
| i've(1) | 26:24 |
| identical(2) | 27:13 35:18 |
| immediately(2) | 29:14 29:15 |
| imparted(1) | 26:6 |
| important(2) | 8:20 36:8 |
| importantly(2) | 8:4 31:18 |
| inc(2) | 1:8 1:21 |
| include(1) | 33:21 |
| included(1) | 33:14 |
| includes(2) | 8:9 8:17 |
| including(1) | 24:21 |
| increase(1) | 35:20 |
| incurred(6) | 16:17 17:13 23:3 31:5 31:12 31:14 |
| indicate(3) | 5:20 5:21 13:11 |
| indicates(2) | 8:24 35:16 |
| individual(1) | 23:17 |
| industry(2) | 18:5 18:6 |
| inside(1) | 5:17 |
| insignificant(1) | 23:19 |
| insolvency(1) | 36:15 |
| instance(3) | 25:10 35:3 36:5 |
| instead(2) | 17:10 23:4 |
| intent(1) | 3:10 |
| intents(1) | 35:17 |
| into(12) | 7:18 11:8 11:9 14:6 17:10 20:13 28:14 31:18 34:15 35:2 35:4 35:6 |
| intricacies(1) | 34:15 |
| investigation(1) | 2:4 |
| investigations(1) | 1:20 18:14 |
| invoice(3) | 8:16 9:18 35:23 |
| invoices(2) | 5:12 35:15 |
| iron(1) | 32:22 |
| island(1) | 12:7 |
| isn't(4) | 14:10 14:14 15:10 35:1 |
| issue(19) | 3:24 5:14 5:24 6:10 6:10 9:12 12:19 13:22 14:6 15:10 15:24 17:18 18:1 21:6 21:25 22:22 28:6 29:9 35:1 |
| issued(4) | 23:13 25:25 26:1 35:22 |

| Word | Page:Line |
|---|---|
| issues(4) | 5:3 10:22 30:17 32:4 |
| it's(43) | 5:14 5:23 5:24 8:3 8:4 9:4 10:6 10:10 10:12 10:13 10:21 11:17 13:22 13:22 13:24 14:6 14:10 16:1 20:25 21:1 22:8 24:17 25:10 26:9 27:2 27:15 27:23 28:1 28:9 29:8 29:25 30:22 30:23 31:4 31:7 32:14 32:24 33:5 34:3 34:7 34:16 35:1 36:8 |
| its(5) | 8:11 17:20 18:9 36:5 36:20 |
| itself(5) | 10:11 11:18 16:22 24:9 30:21 |
| james(4) | 2:4 2:5 18:13 26:10 |
| johnson(1) | 21:22 |
| jointly(1) | 1:5 |
| judge(3) | 1:26 1:27 21:15 |
| judgment(20) | 3:8 4:11 4:25 16:4 18:2 18:3 18:8 19:10 34:16 34:18 34:20 34:23 37:4 37:5 37:7 37:10 37:15 37:16 37:18 |
| july(4) | 1:13 3:1 7:24 38:7 |
| just(23) | 3:17 3:18 4:17 8:5 8:7 8:14 8:19 9:6 9:18 11:11 13:10 15:20 17:8 18:20 22:9 24:14 26:17 26:21 31:25 32:8 32:17 33:19 33:24 |
| justifiable(1) | 17:3 |
| justifies(1) | 32:10 |
| kept(1) | 10:4 |
| kind(3) | 4:19 29:15 33:12 |
| knew(1) | 25:15 |
| know(23) | 3:18 5:6 8:16 10:20 12:1 12:20 14:12 21:15 24:23 25:3 25:19 26:7 26:8 26:9 26:19 29:20 30:5 30:13 30:16 31:2 32:11 33:4 33:24 |
| known(1) | 34:17 |
| lack(1) | 24:4 |
| lacking(1) | 36:1 |
| last(3) | 7:12 11:7 31:24 |
| lastly(1) | 17:22 |
| later(4) | 15:1 22:11 24:22 28:8 |
| laughter(1) | 25:17 |
| law(12) | 2:4 8:5 19:12 20:18 20:19 22:4 22:22 22:23 23:7 32:19 33:7 35:14 |
| least(5) | 6:1 15:10 25:24 27:3 34:13 |
| left(1) | 36:12 |
| legal(5) | 5:19 6:9 6:10 8:2 10:16 12:19 15:19 |
| legislative(1) | 36:4 |
| leslie(1) | 1:44 |
| let(2) | 12:9 19:6 |
| let's(1) | 26:19 |
| level(1) | 33:6 |
| like(15) | 3:10 3:19 7:8 9:19 15:18 16:12 20:18 21:19 26:21 30:10 30:11 30:17 31:16 32:24 33:25 |
| limit(1) | 23:5 |
| limited(1) | 25:8 |
| line(13) | 14:7 14:11 24:20 |
| little(4) | 8:13 6:11 24:1 24:10 |
| llc(1) | 2:4 |
| llp(2) | 1:31 1:38 |
| long(10) | 5:8 8:15 12:7 12:16 14:3 16:12 20:9 25:2 36:2 36:25 |
| longer(2) | 12:17 20:14 |
| look(23) | 5:8 5:11 7:2 7:6 8:5 8:6 9:15 9:17 9:18 9:18 9:19 9:20 10:16 11:14 13:14 16:1 16:23 19:12 28:2 28:7 28:19 29:23 32:19 |
| looked(5) | 5:11 29:9 30:15 32:13 35:15 |
| looking(2) | 11:12 29:11 |
| looks(1) | 32:24 |
| loss(1) | 30:4 |
| lot(2) | 4:8 30:10 |

| Word | Page:Line |
|---|---|
| made(20) | 18:5 18:23 20:12 23:2 23:15 24:7 24:13 24:15 24:22 25:4 26:10 30:20 30:22 33:9 33:10 33:13 34:24 35:2 35:11 36:10 |
| madison(1) | 1:34 |
| mail(1) | 36:12 |
| mailed(2) | 6:24 7:7 |
| main(1) | 32:21 |
| make(12) | 6:2 6:9 11:20 15:22 22:22 25:23 26:21 26:24 27:21 27:21 28:13 28:18 |
| makes(7) | 4:10 4:17 10:11 16:13 27:9 33:7 35:5 |
| making(3) | 24:4 31:8 32:15 |
| manner(1) | 14:3 |
| march(1) | 28:6 |
| market(2) | 1:10 1:40 |
| material(1) | 35:20 |
| matter(11) | 3:19 3:23 6:20 9:16 10:16 10:19 16:3 18:22 25:4 35:14 38:4 |
| matters(2) | 3:19 37:20 |
| may(5) | 5:18 13:11 17:2 17:4 26:18 |
| maybe(4) | 10:24 11:2 20:5 32:8 |
| mcverry(1) | 21:17 |
| mean(6) | 5:24 7:22 28:5 29:2 29:4 29:6 |
| measure(1) | 32:25 |
| mediation(2) | 3:21 3:21 |
| mention(1) | 11:23 17:22 |
| mentioned(1) | 11:16 |
| mentioning(1) | 11:12 |
| mentions(1) | 32:23 |
| merican(1) | 1:7 |
| met(3) | 17:25 18:1 18:9 |
| metal(1) | 32:22 |
| might(1) | 32:8 |
| minute(1) | 26:17 |
| minutes(1) | 11:7 |
| missing(1) | 13:17 |
| mistake(2) | 33:25 34:7 |
| misunderstood(1) | 32:9 |
| money(4) | 10:2 10:3 25:2 25:16 |
| months(1) | 7:8 |
| more(9) | 5:23 6:11 7:23 8:4 9:1 15:13 22:17 23:25 32:4 |
| mortgage(4) | 1:7 1:14 12:6 12:7 |
| most(3) | 10:1 30:9 31:18 |
| mostly(1) | 11:23 |
| motion(9) | 34:18 34:22 35:7 35:12 35:12 37:4 37:5 37:7 37:10 |
| motions(2) | 3:8 3:14 |
| motivation(7) | 7:15 7:17 7:19 9:12 11:8 11:9 15:10 |
| motive(1) | 9:8 |
| mouth(1) | 20:13 |
| moving(1) | 17:24 |
| much(3) | 12:20 18:21 37:21 |
| multiple(2) | 17:16 17:16 |
| murin(1) | 1:44 |
| must(1) | 22:24 |
| myself(1) | 9:8 |
| nail(1) | 18:17 |
| narrow(1) | 5:24 |
| nationwide(1) | 22:15 |
| necessarily(1) | 35:1 |
| necessary(1) | 4:15 |
| need(9) | 7:3 14:6 16:6 19:12 25:9 25:16 31:3 31:4 34:15 |
| needed(1) | 25:15 |
| needs(2) | 6:12 7:6 |
| negotiating(1) | 25:8 |
| neither(1) | 20:21 |
| net(1) | 37:16 |
| never(2) | 16:13 17:17 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| new(8) 1:35 4:21 5:1 22:22 28:25 30:13 37:6 37:19 | | our(10) 4:20 4:25 10:6 10:10 12:21 15:22 18:2 18:9 21:1 33:20 | | presentment(2) 22:6 22:25 | | record(7) 14:15 14:16 14:19 15:6 15:8 25:12 25:19 | |
| | | | | president(2) 7:25 11:25 | | | |
| news(4) 6:18 11:4 12:6 20:5 | | out(7) 12:6 12:8 12:12 18:20 21:11 26:10 36:19 | | presumed(1) 13:2 | | recorded(1) 1:52 | |
| next(1) 30:19 | | | | presumption(11) 5:22 12:24 13:10 14:7 25:7 25:9 29:22 29:24 35:24 36:3 36:24 | | recording(2) 1:52 38:3 | |
| nicholas(1) 1:33 | | | | | | reduce(1) 37:20 | |
| non(3) 10:11 11:20 35:13 | | outside(5) 5:16 5:22 5:22 15:25 16:14 | | | | reduced(1) 5:1 | |
| non-ordinarily(1) 10:3 | | over(9) 17:16 20:11 26:5 27:8 27:22 28:15 32:7 32:10 32:16 | | pretty(4) 5:14 5:24 20:19 24:23 | | reference(2) 14:16 32:3 | |
| non-ordinary(1) 27:5 | | | | prevent(1) 18:10 | | referenced(2) 29:6 29:8 | |
| nonetheless(2) 13:12 25:10 | | | | previous(1) 20:7 | | references(1) 32:23 | |
| norm(1) 7:3 | | own(2) 25:5 25:21 | | previously(1) 37:12 | | referencing(2) 22:6 | |
| normally(2) 8:10 8:10 | | | | prima(4) 4:11 19:9 19:18 34:20 | | referring(2) 12:13 12:18 | |
| not(96) 4:9 4:21 6:14 6:16 6:16 7:22 8:5 8:12 8:14 9:1 9:7 9:8 9:11 9:12 10:5 10:15 10:19 11:17 11:17 11:21 12:20 13:22 13:23 13:25 14:24 14:25 15:1 15:2 15:4 15:7 15:9 15:20 16:4 16:5 16:12 16:16 16:23 17:12 17:14 17:17 17:20 17:25 18:3 18:9 18:21 19:4 19:25 20:8 20:20 21:6 21:6 21:7 21:20 22:3 22:11 23:25 24:4 24:9 24:13 24:18 25:23 26:1 26:3 26:7 28:12 29:5 29:5 29:13 29:21 29:25 30:20 30:21 30:21 30:22 31:3 31:6 31:8 31:12 31:17 31:17 31:18 32:2 32:5 32:9 32:9 32:15 33:9 33:10 33:10 33:10 33:23 34:6 34:15 35:4 35:6 37:18 | | p.m(3) 1:14 3:1 37:24 p.m.c(10) 1:20 2:4 3:9 10:13 15:12 15:15 17:10 17:23 18:14 27:6 | | prime(1) 34:19 | | refuted(1) 22:3 | |
| | | | | principal(1) 11:4 | | regarding(5) 3:7 20:11 21:3 35:10 35:10 | |
| | | | | prior(1) 18:23 | | regardless(4) 9:23 10:5 10:16 16:1 | |
| | | | | private(1) 16:23 | | regularly(2) 8:19 11:13 | |
| | | p.m.c.'s(2) 4:21 7:25 | | proc(1) 1:16 | | reiterate(1) 30:23 | |
| | | paid(5) 5:13 30:11 31:5 | | procedural(1) 3:24 | | relating(1) 36:24 | |
| | | papers(1) 17:24 | | procedures(1) 25:9 | | relationship(14) 20:11 20:14 20:15 25:14 26:5 27:8 27:21 28:10 28:15 30:8 32:7 32:10 32:16 35:19 | |
| | | paragraph(7) 7:22 17:1 26:23 26:23 26:24 27:1 32:1 | | proceedings(3) 1:25 1:52 38:4 | | | |
| | | part(4) 5:5 11:1 34:17 34:17 | | produced(1) 1:53 | | | |
| | | particular(4) 3:10 3:24 7:9 32:12 | | prongs(1) 5:6 | | relatively(1) 23:7 | |
| | | particularly(1) 3:25 | | protected(1) 31:21 | | relevance(2) 18:21 32:3 | |
| | | party(3) 9:19 17:2 20:21 | | provides(1) 16:19 | | relevant(4) 8:13 21:3 26:15 32:4 | |
| | | pay(3) 17:15 26:1 33:12 | | psa(2) 35:5 35:5 | | remaining(2) 12:10 35:8 35:9 | |
| note(2) 28:4 33:24 | | | | pull(1) 36:9 | | remember(1) 34:12 | |
| noted(1) 16:16 | | payment(19) 6:6 16:20 17:11 17:12 23:1 23:16 23:17 23:23 24:1 24:2 30:20 30:22 31:5 31:20 34:24 35:1 35:2 37:8 37:19 | | purpose(1) 22:2 | | repeat(2) 12:20 15:20 | |
| notes(1) 21:24 | | | | purposes(13) 5:10 13:7 15:1 22:23 23:1 26:14 28:25 29:1 29:10 29:11 35:18 36:17 36:22 | | reply(2) 12:25 26:20 | |
| nothing(1) 34:8 | | | | | | report(3) 11:4 12:7 20:5 | |
| notice(5) 17:3 17:6 17:9 29:4 33:20 | | | | | | request(1) 4:25 | |
| now(3) 20:11 24:3 24:15 | | payments(15) 6:4 18:19 22:2 22:24 23:14 24:7 24:12 24:14 24:24 24:24 25:4 33:9 33:13 35:14 36:10 37:11 | | put(10) 20:3 20:13 20:13 20:15 26:11 32:23 32:25 33:4 36:10 36:15 | | require(1) 35:25 | |
| nowhere(1) 36:3 | | | | | | required(2) 17:11 35:5 | |
| numbers(1) 23:10 | | | | qualification(1) 21:5 | | requirement(2) 22:8 23:3 | |
| | | | | question(9) 7:13 8:12 8:5 8:22 19:2 25:11 26:18 29:17 29:21 | | requirements(1) 18:10 | |
| obligation(1) 31:8 | | | | | | requiring(1) 13:24 | |
| obligations(1) 24:21 | | pennsylvania(2) 1:48 20:23 | | | | respect(5) 13:5 16:15 18:1 21:1 33:8 | |
| obviously(4) 26:12 30:4 32:3 33:23 | | people(1) 25:22 | | questions(1) 19:7 | | respectfully(2) 16:11 25:20 | |
| occasions(1) 15:16 | | percent(1) 19:25 | | quite(2) 9:9 29:5 | | response(1) 4:14 | |
| occurred(1) 14:23 | | performance(2) 24:18 24:19 | | quote(3) 12:3 12:4 32:4 | | rest(2) 37:11 37:17 | |
| occurs(2) 21:23 22:17 | | perhaps(2) 5:17 9:7 | | | | restriction(1) 23:8 | |
| off(2) 5:2 10:24 | | period(29) 7:7 8:4 8:12 10:3 10:11 10:15 11:15 11:16 16:10 16:18 18:23 18:24 18:25 20:8 22:7 22:24 23:15 24:18 27:13 27:14 27:15 28:3 28:7 29:12 30:16 35:17 35:17 35:21 35:21 | | random(1) 34:7 36:6 | | result(1) 37:16 | |
| offered(1) 18:3 | | | | range(1) 23:18 | | retroactively(1) 26:5 | |
| offices(1) 2:4 | | | | rather(4) 21:4 22:4 26:8 26:10 | | rewrite(1) 23:4 | |
| okay(12) 4:16 5:1 12:15 15:17 18:11 19:21 20:17 21:18 26:19 31:22 34:9 37:21 | | | | read(4) 4:15 12:2 12:19 34:18 | | rigano(1) 1:33 | |
| | | | | ready(2) 34:9 34:14 | | right(14) 4:6 6:6 7:1 8:21 10:23 18:2 24:3 25:16 25:18 27:11 27:17 34:14 35:5 37:21 | |
| old(1) 22:25 | | | | real(1) 20:1 | | | |
| once(2) 32:23 36:11 | | | | realized(1) 20:5 | | | |
| one(21) 3:23 5:11 5:11 6:1 6:3 7:23 8:25 9:20 10:24 10:25 11:2 11:16 13:24 14:19 18:20 23:16 24:2 24:14 26:22 27:22 36:24 | | | | really(18) 5:14 11:5 14:15 14:18 18:17 22:8 22:9 22:21 24:1 24:3 25:4 26:1 26:13 26:15 29:5 32:2 32:19 36:16 | | rise(2) 3:2 33:6 | |
| | | personal(1) 26:11 | | | | risk(1) 36:14 | |
| | | phrase(1) 22:5 | | | | rome(1) 1:38 | |
| | | plain(1) 29:21 | | | | root(1) 1:39 | |
| | | plaintiff(11) 1:16 22:3 22:13 23:4 23:11 24:3 25:24 32:22 33:6 34:20 37:17 | | reason(15) 7:9 9:23 10:5 11:2 17:3 17:5 17:6 17:8 20:1 20:12 27:7 30:14 32:12 32:20 36:1 | | root(1) 1:39 | |
| ones(1) 28:21 | | | | | | routinely(2) 25:22 | |
| only(8) 9:17 11:1 11:11 12:22 18:17 19:2 30:21 32:12 | | | | | | rule(14) 14:7 15:23 22:1 22:19 34:9 34:14 34:19 | |
| | | plaintiff's(5) 22:21 23:24 34:18 34:22 35:7 | | reasonable(8) 13:2 13:13 14:2 22:7 25:11 29:12 30:16 36:1 | | | |
| open(1) 13:22 | | plan(3) 1:12 1:14 1:31 | | | | ruled(1) 36:7 | |
| operating(1) 26:11 | | play(1) 28:17 | | | | run(1) 12:9 | |
| opinion(2) 21:7 22:6 | | please(2) 3:3 3:14 | | reasonableness(2) 25:8 37:1 | | said(16) 3:17 12:1 13:1 13:5 15:18 16:12 20:1 21:3 21:13 21:19 22:6 32:14 32:18 33:1 33:5 34:16 | |
| opposed(1) 14:7 | | point(23) 6:8 7:12 9:5 11:7 11:11 12:3 13:24 15:19 15:19 15:20 15:22 18:20 22:13 22:13 25:19 26:24 27:5 27:8 27:20 28:13 28:18 30:23 30:25 | | reasons(2) 27:22 37:9 | | | |
| opposition(1) 17:24 | | | | rebut(1) 25:9 | | | |
| order(3) 3:10 18:15 37:13 | | | | recap(1) 3:17 | | | |
| ordinarily(1) 10:6 | | | | receipt(21) 5:21 7:4 8:5 8:16 12:22 13:6 13:14 14:1 14:2 16:22 17:10 19:2 26:25 27:2 27:12 28:20 29:23 30:11 35:15 36:21 37:12 | | salatino(1) 12:4 | |
| ordinary(67) 5:4 5:4 5:5 5:16 5:18 5:22 5:25 6:13 6:15 6:22 6:23 8:4 8:14 8:16 9:16 10:12 10:13 10:15 11:12 11:21 13:5 13:6 16:4 16:14 16:17 16:17 17:13 17:14 17:22 18:4 21:2 22:14 23:1 23:20 23:25 24:8 24:10 24:25 26:12 26:14 27:10 27:22 27:24 28:1 28:12 28:25 29:10 30:21 30:24 31:6 31:12 31:14 31:21 32:2 33:3 33:11 34:25 35:6 35:11 35:13 35:19 36:18 36:22 37:1 37:11 | | points(1) 26:22 | | | | same(3) 21:4 31:6 34:1 | |
| | | position(3) 10:10 11:1 36:11 | | | | sass(1) 1:12 | |
| | | possible(1) 9:10 | | | | sat(1) 16:9 | |
| | | post-preference(1) 35:17 | | | | saw(3) 4:23 12:6 20:4 | |
| | | potential(1) 7:10 | | receive(3) 6:24 25:22 27:25 | | say(4) 18:23 27:24 33:25 34:6 | |
| | | ppearances(1) 1:29 2:1 | | received(6) 5:17 7:7 10:17 15:12 35:22 37:17 | | saying(5) 6:18 9:6 9:15 31:6 31:17 | |
| | | practice(3) 10:13 10:15 26:13 | | | | says(8) 7:23 12:5 13:3 17:1 17:4 27:1 27:9 33:9 | |
| | | pre-preference(2) 27:13 35:16 | | | | | |
| other(14) 3:19 3:23 4:16 6:8 9:20 13:24 14:19 19:20 24:14 25:14 32:3 33:22 36:11 36:24 | | preference(25) 7:7 7:24 8:12 9:16 10:3 10:11 10:15 11:15 16:7 18:23 18:24 18:25 20:8 23:14 24:18 26:14 27:1 27:15 28:2 28:7 34:21 35:21 36:4 36:9 36:9 | | receives(1) 25:21 | | scharffenberger(2) 20:25 22:20 | |
| | | | | receiving(2) 29:13 32:8 | | | |
| | | | | recipient(1) 36:11 | | | |
| | | | | recognize(2) 13:10 19:1 | | | |
| | | presentation(1) 22:10 | | recognizes(1) 22:14 | | | |
| | | presented(2) 13:20 22:4 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| schnitzer(48) 1:32  3:4  3:5  3:16  4:5  4:7  4:13  4:16  4:24  6:2  6:8  6:21  7:2  7:14  7:2  8:3  8:25  9:6  9:11  9:15  10:1  10:8  10:10  10:19  11:11  12:13  12:25  13:4  13:15  13:9  13:23  14:8  14:20  14:24  15:15  15:18  16:2  17:1  18:12  26:21  27:16  27:18  27:20  29:8  31:11  31:23  33:19  34:3 | | stoppage(1) 36:15  straightforward(1) 24:23  strange(1) 10:22  street(4) 1:10  1:40  1:47  2:6  stronger(1) 28:11  stuff(1) 30:17  subjective(1) 6:1  submit(10) 10:4  16:2  16:13  16:16  16:22  17:11  17:20  17:25  25:20  37:14 | | that(247) 3:24  3:24  4:2  4:7  4:10  4:12  4:14  4:21  4:23  5:1  5:15  5:18  5:21  5:22  6:9  6:11  6:11  6:18  6:20  7:5  7:12  7:23  8:21  8:22  8:24  8:25  9:8  9:11  9:13  9:22  10:2  10:10  10:10  10:15  10:23  11:1  11:4  11:5  11:6  11:9  11:12  11:16  11:18  11:19  12:7  12:8  12:10  12:11  12:15  12:15  12:17  12:21  12:25  13:4  13:5  13:10  13:10  13:11  13:11  13:13  13:15  13:16  13:25  14:2  14:6  14:8  14:9  14:9  14:19  14:20  14:21  15:1  15:2  15:6  15:7  15:8  15:19  15:21  15:21  15:21  15:24  15:25  16:1  16:2  16:3  16:4  16:12  16:13  17:6  17:11  17:12  17:12  17:18  17:14  17:16  17:17  17:17  17:25  18:7  18:7  18:10  18:16  18:17  18:17  18:24  19:1  19:5  19:9  19:13  19:13  19:17  20:1  20:2  20:5  20:5  20:9  20:11  20:16  20:19  20:20  20:22  21:3  21:9  21:11  21:13  21:24  22:1  22:4  22:18  22:19  22:23  22:23  22:25  23:3  23:7  23:14  23:19  23:24  24:4  24:6  24:8  24:9  24:14  24:22  25:3  25:5  25:7  25:9  25:10  25:12  25:20  25:24  26:2  26:4  26:9  26:10  26:13  26:13  27:5  27:7  27:8  27:8  27:21  27:22  27:23  28:11  28:13  28:18  28:19  28:20  28:21  28:21  28:22  28:25  29:2  29:3  29:6  29:9  29:14  29:25  30:1  30:3  30:12  30:13  30:17  30:18  30:23  30:25  30:25  31:  31:3  31:4  31:8  31:11  31:13  31:13  31:20  32:3  32:4  32:6  32:6  32:7  32:9  32:10  32:12  32:13  32:14  32:19  32:22  32:23  33:6  33:7  33:9  33:12  33:14  33:20  34:24  35:1  35:3  35:3  35:4  35:4  35:5  35:11  35:12  35:12  35:14  35:16  35:16  35:18  35:20  35:24  36:3  36:3  36:5  36:6  36:10  36:15  36:15  36:17  36:21  36:2  36:23  38:2 | | the(301) 1:1  1:2  1:13  1:26  3:2  3:3  3:5  3:8  3:9  3:11  3:12  3:13  3:19  3:21  3:23  3:24  4:1  4:4  4:6  4:8  4:10  4:11  4:14  4:16  4:19  4:22  4:23  5:3  5:3  5:4  5:5  5:8  5:8  5:10  5:12  5:14  5:14  5:15  5:15  5:16  5:16  5:17  5:17  5:19  5:21  5:23  5:25  6:1  6:4  6:6  6:6  6:8  6:9  6:10  6:12  6:13  6:13  6:14  6:14  6:15  6:16  6:17  6:20  6:22  6:22  6:22  6:23  6:24  6:24  6:25  7:1  7:2  7:3  7:3  7:4  7:4  7:4  7:4  7:4  7:5  7:5  7:6  7:7  7:9  7:9  7:10  7:10  7:12  7:15  7:15  7:15  7:16  7:17  7:17  7:19  7:19  7:23  7:24  8:1  8:1  8:2  8:2  8:5  8:7  8:7  8:8  8:9  8:9  8:10  8:11  8:14  8:14  8:15  8:16  8:17  8:18  8:21  8:23  8:24  9:1  9:4  9:4  9:7  9:8  9:9  9:12  9:12  9:14  9:17  9:17  9:19  9:19  9:20  9:21  9:22  9:23  9:25  10:3  10:3  10:4  10:4  10:5  10:7  10:9  10:11  10:12  10:13  10:13  10:14  10:14  10:18  10:20  10:21  10:23  11:1  11:1  11:1  11:2  11:3  11:5  11:6  11:7  11:8  11:9  11:9  11:13  11:13  11:14  11:14  11:15  11:16  11:21  11:24  11:25  12:3  12:3  12:6  12:9  12:9  12:11  12:11  12:12  12:14  12:14  12:19  12:23  12:24  12:25  13:2  13:3  13:3  13:4  13:7  13:7  13:9  13:9  13:10  13:12  13:17  13:17  13:20  13:22  13:24  13:25  14:3  14:4  14:5  14:5  14:6  14:9  14:14  14:15  14:15  14:17  14:18  14:19  14:19  14:21  14:21  14:22  14:23  14:25  15:3  15:3  15:4  15:4  15:6  15:6  15:8  15:9  15:9  15:10  15:14  15:15  15:17  15:19  15:22  15:23  15:24  15:25  16:3  16:4  16:5  16:14  16:15  16:17  16:18  16:19  16:19  16:20  16:21  16:22  16:23  16:25  17:6  17:7  17:8  17:12  17:13  17:13  17:18  17:21  17:23  18:4  18:5  18:9  18:11  18:14  18:15  18:17  18:17  18:17  18:18  18:20  18:22  18:23  18:24  18:24  18:25  19:2  19:2  19:2  19:5  19:6  19:9  19:9  19:11  19:12  19:12  19:15  19:15  19:17  19:18  19:18  19:19  19:19  19:20  19:21  19:23  19:23 |
| schuylkill(1) 1:47  seated(2) 3:3  26:18  second(3) 19:23  27:6  27:20  section(2) 29:19  34:3  security(4) 1:21  2:5  16:24  18:14  see(10) 4:19  4:20  5:7  5:12  7:7  7:8  14:15  23:14  26:16  26:19 | | such(4) 21:4  23:10  27:3  35:20  sufficient(1) 23:20  sufficiently(1) 13:13  suggest(3) 9:8  9:11  9:21  suggesting(2) 15:2  32:9  suggestion(2) 26:2  32:16  suite(1) 1:40  summarize(1) 37:15  summarized(1) 21:21  summary(16) 3:8  4:11  16:4  18:2  18:3  18:8  19:10  34:14  34:18  34:20  34:23  35:7  37:4  37:5  37:7  37:9 | | | | |
| seems(1) 5:20  seen(1) 11:4  send(1) 30:9  sending(1) 7:4  sense(2) 24:8  24:14  separate(2) 5:6  15:16  service(3) 1:46  1:53  6:4  services(2) 1:46  14:18  set(3) 5:2  5:9  23:21  several(1) 5:9  shipping(1) 30:13  shortly(1) 6:25  should(8) 4:24  9:20  22:1  22:17  22:19  23:7  23:19  36:24 | | support(1) 23:20  suppose(1) 14:17  supreme(2) 21:21  22:17  sure(9) 15:1  18:21  19:8  19:25  25:23  26:2  29:5  32:2  33:10 | | that's(56) 3:13  3:22  4:9  4:15  6:3  7:12  7:17  8:13  8:20  8:22  9:3  9:9  9:23  10:1  11:16  12:18  12:24  13:3  15:7  15:7  16:5  18:23  19:12  23:6  24:1  24:2  24:10  24:25  25:12  25:18  25:19  26:12  26:15  26:16  27:3  27:5  28:14  28:17  28:24  29:2  29:4  29:15  29:22  30:14  31:1  31:2  31:6  31:17  31:17  31:18  32:15  32:25  33:2  33:5  33:12  37:3 | | |
| show(2) 31:4  31:4  31:7  31:19  shows(1) 25:19  side(1) 14:25  sides(1) 9:4  significance(1) 32:17  significant(2) 8:2  8:3  similar(1) 31:15  simple(2) 26:23  29:21  simply(4) 5:7  8:15  24:12  31:11  since(2) 15:24  28:15  situation(6) 10:22  13:20  13:21  14:25  28:4  28:8 | | surprised(1) 11:25  switch(1) 3:13  tab(1) 16:24  take(5) 8:15  10:13  14:11  28:14  36:25  takes(2) 30:1  37:3  taking(1) 36:14  talk(2) 27:23  28:19  talks(1) 26:24  technically(1) 28:5  tell(2) 5:24  33:20  terminate(1) 17:15  terminated(4) 17:2  17:4  25:15  28:9  termination(23) 6:6  14:18  15:11  16:15  16:20  16:21  16:22  17:11  23:23  23:24  23:25  24:15  28:5  30:19  30:25  31:5  31:20  33:8  33:14  34:24  35:14  37:8  37:19 | | | | |
| sixth(1) 33:22  slippery(2) 7:18  9:13  slope(2) 7:18  9:13  smith(1) 32:22  solely(1) 36:13  some(11) 6:10  6:16  6:17  14:17  20:12  22:1  23:5  24:5  25:9  32:17  35:25  somebody(1) 14:12  somehow(3) 26:5  32:17  36:25  someone(1) 26:8  something(11) 3:17  4:18  7:8  10:5  11:19  15:7  25:24  26:3  26:13  26:18  28:14 | | terms(12) 4:8  5:5  17:23  18:2  18:5  18:6  24:7  24:13  24:20  24:24  30:15  33:13  testified(1) 20:10  testimony(1) 20:2  than(15) 3:23  5:23  6:11  12:17  15:13  19:20  21:4  23:25  24:2  24:9  24:10  25:14  26:8  26:10  36:11  thank(9) 18:11  18:12  26:19  31:23  33:16  33:17  34:4  37:21  37:23 | | | | |
| sontchi(1) 1:26  sort(5) 14:16  14:17  24:5  32:12  32:15  sound(2) 1:52  38:3  sounds(1) 31:16  speaking(1) 28:5  specifically(3) 7:23  17:1  33:11  spoken(1) 13:25  standard(2) 18:19  34:16  start(2) 7:3  7:18  state(2) 21:21  23:24  stated(5) 12:20  15:23  19:4  21:2  32:12  statement(1) 22:9  states(3) 1:1  1:27  12:5  stating(1) 22:18  statistically(1) 23:19  statute(4) 23:1  23:5  29:6  36:4  step(1) 10:25  steven(1) 1:12  still(6) 11:20  12:17  13:13  16:2  16:4  16:6  stipulated(5) 7:23  8:23  14:21  26:22  32:1  stipulation(5) 4:2  4:3  4:19  5:10  19:19 | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 20:1 20:5 20:7 20:7 20:7 20:8 20:9 20:11 20:13 20:15 20:16 20:17 20:17 20:18 20:19 20:21 20:22 20:23 20:24 20:24 21:2 21:2 21:3 21:3 21:4 21:4 21:5 21:7 21:9 21:11 21:11 21:13 21:15 21:15 21:16 21:18 21:19 21:21 21:21 21:22 21:24 21:25 22:3 22:5 22:6 22:6 22:7 22:8 22:10 22:12 22:12 22:13 22:13 22:14 22:15 22:16 22:16 22:17 22:21 22:23 22:25 23:1 23:2 23:3 23:5 23:6 23:6 23:8 23:10 23:10 23:11 23:11 23:11 23:12 23:12 23:14 23:14 23:15 23:17 23:20 23:21 23:21 23:23 23:24 23:25 24:1 24:2 24:3 24:3 24:7 24:7 24:9 24:12 24:13 24:14 24:15 24:16 24:17 24:18 24:18 24:19 24:19 24:20 24:20 24:21 24:22 24:24 24:25 25:1 25:2 25:3 25:5 25:7 25:7 25:8 25:12 25:14 25:14 25:16 25:18 25:19 25:20 25:21 25:22 25:23 25:24 25:25 25:25 26:1 26:2 26:4 26:5 26:14 26:17 26:22 26:24 27:1 27:3 27:4 27:5 27:7 27:7 27:9 27:9 27:10 27:11 27:12 27:13 27:15 27:17 27:19 27:20 27:22 27:23 27:24 27:24 27:25 27:25 28:1 28:2 28:2 28:5 28:6 28:6 28:12 28:15 28:16 28:18 28:19 28:19 28:20 28:21 28:21 28:23 28:24 28:24 29:2 29:7 29:9 29:13 29:13 29:16 29:16 29:17 29:17 29:18 29:19 29:20 29:20 29:20 29:21 29:23 29:24 29:24 29:25 29:25 30:1 30:2 30:2 30:5 30:5 30:6 30:7 30:7 30:8 30:11 30:11 30:14 30:14 30:15 30:17 30:19 30:20 30:21 30:21 30:22 30:22 30:23 30:24 30:25 31:4 31:5 31:5 31:6 31:10 31:11 31:12 31:12 31:13 31:13 31:14 31:16 31:20 31:21 31:22 31:24 31:25 32:1 32:2 32:2 32:7 32:7 32:8 32:10 32:10 32:11 32:12 32:13 32:16 32:16 32:19 32:20 32:20 32:21 32:21 32:23 32:24 33:1 33:1 33:2 33:3 33:4 33:4 33:6 33:8 33:9 33:9 33:10 33:11 33:13 33:13 33:14 33:16 33:18 33:20 33:20 33:21 33:21 33:22 34:1 34:2 34:5 34:8 34:10 34:12 34:13 34:15 34:18 34:20 34:23 34:24 34:25 34:25 35:1 | | **these**(8) 5:10 5:19 12:1 13:21 17:15 18:16 18:19 36:12 | | **trustee**(4) 1:13 1:31 3:6 3:8 | | **we're**(12) 3:7 7:22 14:11 18:15 18:18 20:20 24:11 31:8 31:17 31:18 32:4 33:12 |
| | | | | **try**(1) 12:20 | | |
| | | **they**(43) 6:17 7:8 7:10 8:17 8:18 8:19 8:22 9:18 9:19 9:20 10:20 11:3 13:16 13:17 13:17 13:20 14:2 14:4 14:6 14:13 15:3 16:6 16:8 17:25 18:24 19:1 23:13 25:22 25:23 27:25 28:10 28:15 28:16 28:20 28:21 28:24 29:14 30:11 30:12 31:2 32:7 35:11 36:2 | | **trying**(5) 9:8 9:11 14:11 26:24 33:7 | | **we've**(3) 7:19 11:6 23:13 |
| | | | | **turn**(2) 20:18 30:19 | | **wednesday**(1) 3:1 |
| | | | | **turning**(1) 12:19 | | **weekends**(1) 30:17 |
| | | | | **two**(7) 6:3 10:14 11:2 26:25 27:14 29:18 30:8 | | **well**(24) 4:14 5:14 5:16 5:17 6:20 7:12 8:25 9:1 10:23 12:2 12:5 16:19 19:11 23:17 25:7 27:7 28:10 28:11 29:20 29:25 33:1 33:22 34:12 34:17 |
| **theirll**(2) 30:11 37:16 | | | | | | |
| **they're**(2) 15:8 28:9 | | **type**(2) 6:17 31:13 | | | |
| **they've**(8) 14:1 14:1 18:3 18:5 24:6 29:9 29:15 30:15 | | **u.s.**(1) 21:21 | | **went**(6) 9:2 10:24 10:25 12:8 12:11 15:15 |
| | | | | **ucc**(18) 5:23 6:15 12:23 13:3 13:7 14:4 22:7 22:8 22:13 28:24 30:15 30:18 32:20 33:1 33:3 33:5 33:21 34:3 36:5 | | **were**(37) 5:12 5:15 5:15 5:17 5:17 11:3 11:3 11:24 13:20 15:3 15:11 15:12 15:25 18:22 18:24 18:25 19:1 19:4 21:5 23:12 23:13 23:15 24:7 24:13 24:15 25:4 27:12 30:12 32:2 33:9 33:13 35:11 35:18 35:22 36:2 36:2 36:25 |
| **thing**(5) 4:16 12:8 12:11 18:20 26:19 | | | | | | |
| **things**(7) 3:25 4:8 9:19 9:20 9:21 18:16 30:2 | | **um-hum**(8) 9:25 15:14 16:25 31:10 33:3 34:2 34:5 34:8 | | | |
| | | | | | | **western**(2) 20:23 21:11 |
| **think**(32) 4:10 6:11 8:13 8:13 8:16 9:7 9:14 11:2 11:17 11:18 13:20 14:11 16:3 17:19 19:11 19:13 20:10 20:19 21:20 22:17 23:6 23:23 24:1 24:6 24:10 24:23 25:2 26:15 28:11 28:14 36:8 37:20 | | **unanimous**(2) 21:25 22:19 | | | |
| | | | | **uncontested**(5) 4:2 4:3 4:20 5:10 34:19 | | **what**(54) 3:22 5:3 5:12 5:20 6:11 6:17 7:13 8:9 8:10 8:17 9:21 9:23 10:1 10:8 11:5 11:14 11:15 12:10 12:13 12:18 12:20 13:3 14:14 14:21 15:10 15:21 15:24 16:5 18:4 20:10 21:13 22:10 22:21 23:14 23:23 24:11 25:3 25:4 25:11 25:19 25:20 26:2 27:12 29:3 29:18 31:17 31:17 31:18 32:17 33:10 34:3 34:12 36:8 |
| | | | | **under**(20) 6:15 14:4 14:5 18:1 19:1 21:24 22:7 24:13 24:15 24:19 28:24 29:19 29:19 29:22 34:21 35:2 35:5 35:21 36:18 37:16 | | |
| **third**(6) 19:5 20:21 20:24 21:6 21:19 | | | | | | |
| **this**(61) 3:7 3:17 3:19 3:23 4:1 4:18 4:19 4:24 5:7 8:4 8:9 10:22 11:20 13:25 14:10 14:11 16:4 16:8 16:10 16:12 16:16 16:17 17:2 17:4 17:10 17:11 17:18 17:18 18:7 19:8 18:22 20:11 20:15 21:6 21:20 22:3 22:22 23:4 23:9 23:22 24:1 24:4 24:23 25:10 25:19 26:16 26:19 27:21 28:11 28:14 28:22 29:9 30:3 30:15 31:20 32:17 32:19 33:24 35:3 36:5 37:16 | | **underlying**(1) 23:2 | | **what's**(8) 4:8 5:9 8:2 12:11 29:5 29:11 29:17 30:16 |
| | | **understand**(8) 7:21 8:1 8:21 12:3 19:15 30:24 31:16 34:8 | | | |
| | | **understanding**(2) 15:19 33:23 | | **whatever**(2) 16:9 28:16 |
| | | **understands**(1) 18:21 | | | |
| | | **unfortunately**(2) 3:21 15:9 | | **when**(24) 5:7 5:9 5:11 7:2 7:6 8:6 9:15 11:3 11:25 11:25 14:1 16:1 17:15 19:17 20:4 21:23 22:16 23:2 23:9 23:13 28:19 29:22 32:1 32:8 |
| **those**(16) 13:9 14:5 15:12 15:20 21:24 22:7 27:3 32:1 33:23 33:25 34:10 35:9 35:18 36:16 36:25 37:20 | | **united**(3) 1:1 1:27 20:25 | | | |
| | | **unless**(3) 3:9 7:16 7:16 | | | |
| | | **unrelated**(1) 37:21 | | **where**(11) 7:8 12:4 13:21 14:10 14:11 16:8 22:5 23:1 24:24 28:5 28:8 |
| **though**(1) 13:11 | | **unsuccessful**(1) 3:22 | | | |
| **thought**(3) 20:2 20:4 32:14 | | **until**(5) 6:17 27:25 30:6 30:10 30:12 | | | |
| **thoughts**(1) 31:24 | | **unusual**(1) 10:20 | | **whereas**(2) 12:17 27:14 |
| **three**(3) 7:8 15:16 33:25 | | **upon**(5) 17:3 17:6 21:4 29:24 30:1 | | **whereupon**(1) 37:24 |
| **through**(1) 3:20 | | **usc**(1) 32:20 | | **whether**(7) 8:18 8:19 13:24 19:2 22:15 32:5 33:1 |
| **throughout**(1) 24:12 | | **use**(4) 5:16 13:6 16:9 28:25 | | |
| **time**(7) 16:10 22:24 23:5 23:8 26:16 30:16 35:21 | | **used**(2) 19:17 23:11 | | |
| | | **using**(2) 14:1 28:19 | | **which**(24) 5:5 5:13 6:4 6:15 8:9 10:16 10:20 12:3 12:4 14:3 14:16 16:24 17:20 18:15 20:23 23:4 27:4 31:5 31:16 35:2 35:21 35:25 36:1 37:3 |
| **timely**(1) 11:21 | | **usually**(1) 10:21 | | |
| **times**(1) 27:12 | | **vacation**(1) 14:12 | | |
| **tobia**(26) 2:4 2:5 18:13 18:14 19:8 19:11 19:16 19:20 19:22 19:25 20:10 20:18 21:10 21:12 21:14 21:16 21:19 25:13 25:18 26:10 31:25 33:4 33:17 34:6 34:10 37:23 | | **vague**(1) 14:16 | | **while**(3) 6:9 8:13 33:23 |
| | | **valid**(1) 19:13 | | **who**(2) 10:21 21:9 |
| | | **value**(5) 4:21 5:1 29:1 37:6 37:19 | | **whole**(3) 7:3 8:8 14:6 |
| **today**(9) 3:22 4:18 5:3 15:9 24:11 31:3 31:9 32:4 34:16 | | **variance**(1) 23:19 | | **why**(28) 6:20 7:9 8:22 8:22 8:24 9:1 9:2 11:8 11:9 12:1 14:1 15:6 19:23 23:9 25:1 25:1 25:10 28:21 28:24 29:5 29:15 30:14 32:11 32:11 32:20 33:4 33:5 33:10 |
| **today's**(1) 15:1 | | **variances**(1) 23:16 | | |
| **too**(2) 12:20 34:14 | | **various**(2) 24:13 24:14 | | |
| **took**(1) 25:2 | | **version**(1) 22:25 | | |
| **total**(1) 6:4 | | **versus**(1) 35:15 | | |
| **totality**(1) 11:14 | | **very**(3) 24:12 32:25 37:21 | | **will**(13) 12:16 12:19 13:1 13:6 30:2 32:4 34:19 34:22 35:7 37:5 37:7 37:9 37:18 |
| **transcript**(3) 1:25 1:53 38:3 | | **view**(1) 36:16 | | |
| **transcription**(2) 1:46 1:53 | | **wait**(3) 7:9 12:17 30:10 | | |
| **transfer**(14) 16:15 16:17 21:23 22:16 22:16 23:9 27:3 29:16 29:18 29:20 29:22 31:1 31:7 31:17 | | **waiting**(2) 8:4 30:12 | | **wilmington**(4) 1:11 1:41 2:7 3:1 |
| | | **walked**(1) 17:8 | | **win**(1) 11:8 |
| | | **want**(11) 5:18 6:8 9:12 10:2 16:9 18:15 18:20 20:12 26:17 28:16 31:19 | | **window**(2) 12:9 12:12 |
| | | | | | | **wishes**(1) 3:12 |
| **transferred**(1) 5:15 | | | | | | **with**(43) 4:1 5:1 5:4 5:25 7:5 8:10 8:11 8:18 10:7 10:9 11:6 13:5 13:20 16:15 17:8 18:16 18:16 18:18 18:19 20:14 21:1 21:23 24:7 24:16 24:18 24:20 24:25 25:9 28:16 29:3 30:20 32:4 33:8 34:23 34:25 35:8 35:9 35:13 36:13 36:21 37:6 37:8 37:10 |
| **transfers**(7) 7:24 8:10 8:11 18:22 19:1 35:8 35:10 | | **wanted**(2) 10:25 28:13 | | | |
| | | **was**(89) 3:10 3:21 3:22 5:8 5:9 6:18 6:23 7:24 10:13 11:2 11:2 11:3 11:4 11:5 11:6 12:6 12:13 12:20 13:7 14:3 14:12 14:14 14:17 14:24 14:25 14:25 15:6 15:11 15:22 16:4 16:8 16:22 17:6 17:12 17:14 17:17 20:1 20:2 20:14 20:15 20:23 21:6 21:17 21:20 21:20 21:23 22:5 23:2 23:17 23:24 23:25 24:4 24:22 27:5 27:7 27:8 27:12 27:14 27:20 27:22 28:15 29:3 30:20 30:22 30:24 31:1 31:5 31:12 31:20 32:7 32:9 32:10 32:12 32:16 33:10 33:24 33:25 34:12 34:24 35:3 35:4 35:18 35:20 36:12 36:13 36:19 36:19 37:24 | | |
| **travel**(1) 7:5 | | | | | | |
| **tried**(1) 15:22 | | | | | | **within**(18) 8:11 10:14 12:16 18:25 22:6 22:24 23:2 23:15 23:17 24:24 25:8 26:25 27:2 28:23 28:23 30:17 33:13 |
| **trouble**(1) 12:18 | | | | | | |
| **true**(1) 8:2 | | **wasn't**(3) 13:12 13:21 31:13 | | |
| **trust**(1) 1:14 | | **wawaset**(1) 2:6 | | **without**(3) 11:19 18:7 23:8 |
| | | **way**(5) 13:24 14:19 19:19 36:17 36:24 | | **won't**(1) 30:10 |
| | | **we'll**(6) 3:13 5:1 6:3 6:3 14:24 16:9 | | **word**(1) 16:9 |

| **their**(14) 17:14 17:24 17:24 17:25 18:1 20:15 23:10 24:9 24:16 24:21 29:25 30:23 31:4 33:12 | |

| **them**(9) 6:3 8:11 8:18 8:19 15:4 15:5 15:16 20:14 29:13 | |

| **themselves**(1) 3:25 | |
| **then**(11) 3:11 7:8 10:24 10:25 15:4 15:15 17:4 17:19 24:4 28:11 29:22 | |

| **there**(27) 3:21 4:18 5:21 8:25 11:7 13:10 13:23 14:12 14:17 15:5 15:5 15:11 15:11 15:23 18:22 19:13 20:1 24:4 29:6 32:5 32:19 32:25 33:5 35:18 35:20 36:12 36:23 | |

| **there's**(12) 3:20 6:11 8:23 8:23 14:16 14:18 19:19 22:9 30:8 31:15 31:15 37:4 | |

| **thereafter**(1) 6:25 | |

| Word | Page:Line |
|---|---|

**words**(1) 20:13
**work**(1) 26:19
**worth**(1) 34:4
**would**(27) 3:10  4:10  4:25  6:2  10:4  13:11
13:12  13:13  14:9  15:1  16:2  16:10  17:22
17:24  20:18  22:11  23:4  24:8  25:10  25:20
26:3  28:4  28:11  30:13  33:24  35:25  37:13

**wouldn't**(2) 11:20  16:11
**written**(3) 17:3  17:6  33:2
**wrong**(2) 25:24  26:3
**wrote**(1) 21:9
**www.diazdata.com**(1) 1:50
**yeah**(3) 3:13  4:4  8:1
**year**(3) 5:11  5:12  20:8
**years**(2) 5:9  17:16
**yes**(10) 4:13  6:2  9:2  15:20  19:16  19:20
19:22  21:12  21:14  34:5

**york**(1) 1:35
**you**(110) 3:9  3:10  3:11  3:18  3:19  3:22  4:2
4:18  4:19  4:20  5:6  5:7  5:11  5:12  5:15
5:16  5:18  5:20  5:20  6:10  7:2  7:3  7:6  7:8
7:18  8:5  8:6  8:6  8:7  8:8  8:15  9:15  9:17
9:21  9:22  10:2  10:2  10:2  10:7  10:9  10:16
10:24  10:25  10:25  11:20  11:25  12:1  12:2
12:15  12:16  12:17  12:20  13:1  13:13  14:12
15:5  15:23  16:2  16:6  16:9  16:16  16:23
18:8  18:11  18:12  18:17  19:6  19:9  19:17
21:13  21:15  24:23  25:3  25:9  25:11  25:19
26:7  26:8  26:9  26:18  26:20  26:22  27:4
28:2  28:2  28:4  28:7  28:8  28:14  28:19
29:4  29:20  29:23  30:3  30:4  30:9  30:12
30:16  31:3  31:19  31:23  33:16  33:17  33:20
33:23  33:24  34:4  34:13  37:21  37:23

**you'd**(1) 28:8
**you'll**(1) 7:7
**you're**(7) 7:16  10:24  11:7  12:17  29:19
29:19  29:22

**young**(1) 34:14
**your**(66) 3:4  3:7  3:9  3:14  3:16  3:16  4:7
4:13  4:16  5:7  6:2  6:9  6:21  7:14  7:21  8:20
9:1  9:2  9:6  11:1  11:11  11:23  12:2  12:3
12:19  12:21  13:16  13:19  14:8  14:20  15:5
15:18  15:19  15:19  16:2  16:11  16:15  16:22
17:22  17:25  18:12  18:13  18:16  19:11
19:23  19:25  21:16  25:3  25:13  25:15  25:18
26:16  26:21  27:6  27:18  28:18  30:5  30:19
31:23  31:25  33:15  33:19  34:4  34:6  34:8
37:23

**your**(1) 3:18