# EXHIBIT II

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :    Jointly Administered
                                                                :
    Debtors.                                                    :
---------------------------------------------------------------------- x    **Ref. Docket No. _____**

### ORDER SUSTAINING PLAN TRUST'S EIGHTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the eighty-third omnibus (substantive) objection to claims

(the "Objection") of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of

February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors, by

which the Plan Trustee respectfully requests the entry of an order pursuant to section 502(b) of

title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy

Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware, disallowing in full, reclassifying,

and/or modifying such Disputed Claims[2] identified on Exhibits A, B and C attached hereto; and

it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby modified to and/or fixed at the dollar values under the column titled "Modified Amount" in Exhibit A; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit B are hereby modified to and/or fixed at the dollar values under the column titled "Modified Amount" in Exhibit B and reclassified to the priority levels indicated in the column titled "Modified Amount" in Exhibit B; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit C are hereby disallowed in their entirety; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       August ___, 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT A

## Modified Amount Claims

# Exhibit A

## Modified Amount Claim

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim | | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | Case Number | Total Amount Claimed | | |
| APPRAISAL SERVICES<br>13043 EMERALD DR<br>HAYDEN, ID 83835 | 4735 | 12/6/07 | 07-11053 | - (S)<br>- (A)<br>- (P)<br>$900.00 (U)<br>$900.00 (T) | - (S)<br>- (A)<br>- (P)<br>$825.00 (U)<br>$825.00 (T) | Claimant asserts a liquidated unsecured nonpriority claim in the amount of $900.00 for 3 appraisals ordered pre-petition and an unliquidated nonpriority claim for late fees. The Debtors do not have a loan for the property identified on invoice 8938F attached to the proof of claim form and therefore the allowed amount should be reduced by $75.00, which is the amount claimed on account of invoice 8938F. With respect to the claimed late fees, general unsecured creditors are not entitled to late fees that would have accrued post-petition under the Bankruptcy Code. Accordingly, the claim should be modified and/or fixed as an unsecured nonpriority claim in the amount of $825.00 |
| I MORTGAGE<br>ATTN AVP, ACCOUNTING, IMS<br>2570 BOYCE PLAZA RD<br>PITTSBURGH, PA 15227 | 2160 | 11/14/07 | 07-11053 | - (S)<br>- (A)<br>- (P)<br>$34,005.00 (U)<br>$34,005.00 (T) | - (S)<br>- (A)<br>- (P)<br>$34,005.00 (U)<br>$34,005.00 (T) | Claimant asserts a claim in the amount of $34,005.00 for pre-petition work but their supporting documentation reflects the invoices totaled at $34,355.00. The claimant wrote on their proof of claim form that the documentation attached in support of the claim did not reflect a $350.00 credit in favor of the Debtors that they applied to their claim. As such, the claim should be modified and/or fixed as an unsecured nonpriority claim in the amount of $34,005.00. |
| MCNAMARA & COMPANY<br>9203 BAILEYWICK RD STE 103<br>RALEIGH, NC 27615-1978 | 1519 | 10/4/07 | 07-11053 | - (S)<br>- (A)<br>- (P)<br>$2,075.00 (U)<br>$2,075.00 (T) | - (S)<br>- (A)<br>- (P)<br>$2,075.00 (U)<br>$2,075.00 (T) | Claimant asserts a liquidated unsecured nonpriority claim in the amount of $2,075.00 for appraisals fees in connection with pre-petition orders and an unliquidated nonpriority claim for interest. There is no basis under the Bankruptcy Code for allowing this claimant post-petition interest and therefore the claim should be modified and/or fixed as an unsecured nonpriority claim in the amount of $2,075.00. |

—— Objectionable Claim ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | | Modified Amount | | Comments |
|---|---|---|---|---|---|---|---|---|
| ORELLANA, KIRK R.<br>16311 S DAN OCONNELL DR<br>PLAINFIELD, IL 605869008 | 8971 | 1/11/08 | 07-11051 | - (S)<br>- (A)<br>$576.00 (P)<br>- (U)<br>$576.00 (T) | | - (S)<br>- (A)<br>$576.00 (P)<br>- (U)<br>$576.00 (T) | | Claimant asserted that his claim is priority contingent claim in the amount of $576.00 but did not provide any supporting documentation. Nonetheless, based on a review of the Debtors' books and records, the Plan Trustee has determined that the claimant is entitled to 48 hours of unused vacation time in the amount of $576.00. In order to have the claims register updated to accurately reflect the proper treatment of this claim, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed priority unsecured claim in the amount of $576.00. |
| VAIDEN, MARY K<br>2742 CANDLEWOOD CT<br>APOPKA, FL 32703 | 4558 | 12/5/07 | 07-11051 | - (S)<br>- (A)<br>$994.98 (P)<br>- (U)<br>$994.98 (T) | | - (S)<br>- (A)<br>$994.98 (P)<br>- (U)<br>$994.98 (T) | | Claimant asserted she is owed $994.98 on account of unused vacation time and $461.44 on account of unused sick time. Based on a review of the Debtor's books and records the claimant is entitled to 69 hours of unused vacation time in the amount of $994.98. However, unused sick/personal time is not owed to this claimant as per company written policy. Accordingly, the claim should be modified and reduced to a priority unsecured claim in the amount of $994.98. |
| **Totals:** | **5 Claims** | | | - (S)<br>- (A)<br>$1,570.98 (P)<br>$36,980.00 (U)<br>$38,550.98 (T) | | - (S)<br>- (A)<br>$1,570.98 (P)<br>$36,905.00 (U)<br>$38,475.98 (T) | | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

## Modified Amount Reclassified Claims

**Exhibit B**

**Modified Amount Reclassified Claims**

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim | | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | Case Number | Total Amount Claimed | | |
| SACKMAN, BEVERLEY W. 431 TIMBER RIDGE DR LONGWOOD, FL 32779 | 1102 | 9/18/07 | 07-11051 | - (S) <br> - (A) <br> $10,950.00 (P) <br> $582.47 (U) <br> $11,532.47 (T) | - (S) <br> - (A) <br> - (P) <br> $582.47 (U) <br> $582.47 (T) | In accordance with the proof of claim form, the claimant asserted a liquidated unsecured nonpriority claim for expenses in the amount of $582.47 and a priority unsecured claim in the amount of the $10,950.00 for minimum compensation. In the supporting documentation attached to the proof of claim, the claimant appears to be also asserting a claim for minimum compensation in the amount of $120,000.00. Based on the Debtors' records, the claimant was paid minimum compensation in the amount of $15,000.00 on the 7/25/07 pay date for the pay period of 7/01/2007-7/15/2007. However, pursuant to the express terms of the employee's contract attached to the claim form, the claimed minimum compensation is not payable. Specifically, as noted in the Minimum Compensation section of the Senior Loan Officer Employment Agreement (see page 9 of 11), the minimum compensation is payable only if the employee is employed with the Company on the scheduled payment date. The scheduled payment date for the next pay period of 7/16/2007-7/30/2007 was 8/07/2007. The claimant was not employed on the applicable scheduled payment date and, therefore, is not entitled to the claimed minimum compensation. As such, the claim should be modified and/or fixed as an allowed unsecured nonpriority claim in the amount of $582.47 for the expense report portion of the claim. |

————— Objectionable Claim —————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| STEWART, ALTHEA<br>64 IROQUOIS AVE<br>SELDE | 791 | 9/14/07 | 07-11051 | - (S)<br>- (A)<br>$384.90 (P)<br>- (U)<br>$384.90 (T) | - (S)<br>- (A)<br>$384.90 (P)<br>$384.90 (U) | Based on the proof of claim form, the claimant apparently asserted a liquidated priority unsecured claim in the amount of $384.90 and an unliquidated secured claim for unused vacation time. The Debtors' records reflect that the claimant is entitled to $384.90 on account of unused vacation. There is no basis under the Bankruptcy Code for secured status of this claim and the assertion of such status may have been inadvertent. Accordingly, in order to have the claims register updated to accurately reflect the proper treatment of this claim, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed priority unsecured claim in the amount of $384.90. |
| Totals: | 2 Claims | | | - (S)<br>- (A)<br>$11,334.90 (P)<br>$582.47 (U)<br>$11,917.37 (T) | - (S)<br>- (A)<br>$384.90 (P)<br>$582.47 (U)<br>$967.37 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

## No Liability Claims

## Exhibit C
## No Liability Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| CARROLL INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA, BRUCE MEDLEY<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>PO BOX 13430<br>ARLINGTON, TX 76094-0430 | 1588 | 8/13/07 | 07-11051 | $1,387.97 (S)<br>- (A)<br>- (P)<br>- (U)<br>$1,387.97 (T) | Claim relates to 2007 personal property taxes for account 11705477. The Plan Trustee's representatives have verified on the Tarrant County Tax Website that the there are currently no taxes due for this account for the claimed tax year. As such, the Debtors have no liability on account of this claim. |
| CITY OF CEDAR HILL<br>ELIZABETH BANDA, BRUCE MEDLEY<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>PO BOX 13430<br>ARLINGTON, TX 76094-0430 | 1590 | 8/13/07 | 07-11051 | $365.54 (S)<br>- (A)<br>- (P)<br>- (U)<br>$365.54 (T) | Claim relates to 2006 and 2007 personal property taxes for account 9905101116000000. The Plan Trustee's representatives have obtained a Duplicate Tax Receipt dated 4/15/2011 from the Dallas County Tax Assessor – Collector evidencing that the claimed taxes for this account have been paid and that there is zero balance. Accordingly, the Debtors have no liability on account of this claim. |
| DALLAS COUNTY<br>ELIZABETH WELLER<br>LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>2323 BRYAN ST STE 1600<br>DALLAS, TX 75201 | 10114 | 3/17/08 | 07-11051 | $1,160.03 (S)<br>- (A)<br>- (P)<br>- (U)<br>$1,160.03 (T) | Claim relates to 2006 and 2007 personal property taxes for account 9905101116000000. The Plan Trustee's representatives have obtained a Duplicate Tax Receipt dated 4/15/2011 from the Dallas County Tax Assessor - Collector evidencing that the claimed taxes for this account have been paid and that there is zero balance. Accordingly, the Debtors have no liability on account of this claim. |
| DESCHUTES COUNTY TAX COLLECTOR<br>DAVID LILLEY, CHIEF TAX DEPUTY<br>1300 NW WALL ST STE 200<br>BEND, OR 97701 | 9892 | 2/4/08 | 07-11051 | $301.36 (S)<br>- (A)<br>- (P)<br>- (U)<br>$301.36 (T) | Claim relates to 2007 personal property taxes for account 205307. The Plan Trustee's representatives have obtained an updated Statement of Tax Account on 5/17/2011 from the claimant evidencing that the claimed taxes for this account have a zero balance and there are no taxes due. Accordingly, the Debtors have no liability on account of this claim. |
| EHED, LLC<br>GLENN ZAGOREN<br>79 BRIDGE ST<br>BROOKLYN, NY 11201 | 1717 | 10/22/07 | 07-11052 | - (S)<br>- (A)<br>- (P)<br>$15,000.00 (U)<br>$15,000.00 (T) | By this claim, the claimant asserted a claim for $15,000 in connection with the termination of an agreement between the claimant and debtor AHM Holdings, Inc. The Debtors have no liability on account of this claim since the claimant signed an Agreement and General Release dated May 5, 2011 expressly releasing this claim (and any other claims) against this Debtor and AHM Holdings, Inc. As such, this claim should be disallowed and expunged in its entirety. |

—— Objectionable Claim ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| EL PASO COUNTY TREASURER<br>ATTN SANDRA J DAMRON<br>PO BOX 2007<br>COLORADO SPRINGS, CO 80901-2007 | 1838 | 10/29/07 | 07-11051 | $1,100.00 (S)<br>- (A)<br>- (P)<br>$266.00 (U)<br>$1,366.00 (T) | Claim relates to 2007 estimated personal property taxes for account 86,359 and 2007 real property taxes for account 64274-05-015. The Plan Trustee's representatives called claimant's office on 7/12/2011 and verified that there are no outstanding 2007 personal property taxes due for account 86,359 and that the claimed 2007 taxes for 64274-05-015 were paid in full. Accordingly, the Debtors have no liability on account of this claim. |
| KNOX COUNTY TRUSTEE<br>ATTN FRED A. SISK, TRUSTEE<br>P.O. BOX 70<br>KNOXVILLE, TN 37901 | 2878 | 11/9/07 | 07-11051 | $642.67 (S)<br>- (A)<br>- (P)<br>- (U)<br>$642.67 (T) | Claim relates to 2006 personal property taxes for property 1336785 and 2007 personal property taxes for properties 1339038 and 1338438. The Plan Trustee's representatives have verified on the Knox County website that the claimed taxes for each parcel are marked as paid in full and all have a zero balance. Accordingly, the Debtors have no liability on account of this claim. |
| RUTHERFORD COUNTY TRUSTEE<br>ATTN TEB BATEY<br>PO BOX 1316<br>MURFREESBORO, TN 37133-1316 | 1850 | 10/29/07 | 07-11051 | - (S)<br>- (A)<br>$266.00 (P)<br>- (U)<br>$266.00 (T) | Claim relates to 2007 personal property taxes for account P12399696000. The Plan Trustee's representatives have obtained a Duplicate Tax Bill on 4/18/2011 from the claimant evidencing that the claimed taxes for this account have a zero balance and there are no taxes due. Accordingly, the Debtors have no liability on account of this claim. |
| **Totals:** | **8 Claims** | | | **$4,957.57 (S)**<br>**- (A)**<br>**$266.00 (P)**<br>**$15,266.00 (U)**<br>**$20,489.57 (T)** | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.