# EXHIBIT A

**Modified Amount Claims**

# Exhibit A

## Modified Amount Claim

| | Objectionable Claim | | | | Modified | |
|---|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
| BP KINGSTOWNE OFFICE K LP<br>C/O J DAVID FOLDS<br>MCKENNA LONG & ALDRIDGE LLP<br>1900 K STREET, NW<br>WASHINGTON, DC 20006 | 8485 | 1/10/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$155,791.58 (U)<br>$155,791.58 (T) | - (S)<br>- (A)<br>- (P)<br>$49,737.05 (U)<br>$49,737.05 (T) | Claim pertains to lease rejection damages. The applicable real property lease was rejected (effective as of August 31, 2007) by an order of the court [Docket No. 779] entered on September 17, 2007. Claimant was paid post-petition rent through March 15, 2008 in the amount of $78,841.92 pursuant to the terms of a stipulation executed by the parties, which was approved by an order of the court [Docket No. 6218]. As such, claimant is entitled to a lease rejection claim in the total amount of $49,737.05, which is based on the rental amounts owed from March 16, 2008 through August 31, 2008 minus the $10,561.75 claimant held as a cash security deposit under the lease. |

—— Objectionable Claim ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| CALYON NEW YORK BRANCH<br>ATTN JOHN-CHARLES VAN ESSCHE<br>CALYON BUILDING<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019 | 8067 | 1/10/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$770,449.76 (U)<br>$770,449.76 (T) | - (S)<br>- (A)<br>- (P)<br>$808,285.78 (U)<br>$808,285.78 (T) | Claimant asserts: (i) a liquidated claim against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048) in the total amount of $770,449.76 on account of amounts purportedly owed by AHMIC under the Back-End and Front-End Master Agreements (as each is defined in Exhibit A to the claim form) (the "Liquidated Portion"); (ii) an unliquidated claim for swap-related losses (the "Unliquidated Swap Losses Portion"); and (iii) unliquidated claims for all permitted costs and expenses incurred by claimant, including attorneys' fees (the "Costs and Expenses Portion" and together with the Unliquidated Swap Losses Portion, the "Unliquidated Portion"). The claim also includes a reservation of rights with respect to, among other things, the classification of the claim in the event it is determined the foregoing claims are subject to setoff or otherwise determined to be administrative, priority or secured claims.<br><br>Based on an extensive review of the applicable documents, the Plan Trustee essentially agrees with the amounts claimed through the Liquidated Portion, however, the Plan Trustee believes it has identified an additional $37,836.02 owed to claimant on account of interest differential payment/receipt & fees. As such, the Plan Trustee would agree to the allowance of $808,285.78 in connection with the Liquidated Portion of this claim. With respect to the Unliquidated Portion, however, upon information and belief the Plan Trustee contends no additional amounts are owed since the subject transaction terminated in September 2007, claimant has provided no data on any additional costs that may have been incurred and all applicable loans have been liquidated and no further swap-related losses were incurred by claimant. Lastly, there is no basis for classifying this claim as anything other than general unsecured since no other collateral was pledged to claimant under this agreement and claimant did not file an administrative expense claim by the applicable bar date. Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim in the amount of $808,285.78. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| CALYON NEW YORK BRANCH<br>ATTN JOHN-CHARLES VAN ESSCHE<br>CALYON BUILDING<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019 | 8068 | 1/10/08 | 07-11050 | - (S)<br>- (A)<br>- (P)<br>$36,498,888.27 (U)<br>$36,498,888.27 (T) | - (S)<br>- (A)<br>- (P)<br>$36,498,888.27 (U)<br>$36,498,888.27 (T) | Claimant asserts: (i) a liquidated claim against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHMSV") (Case No. 07-11050) in the total amount of $36,498,888.27 on account of amounts purportedly owed by AHMSV under the Back-End and Front-End Master Agreements (as each is defined in Exhibit A to the claim form) (the "Liquidated Portion"); (ii) an unliquidated claim for swap-related losses (the "Unliquidated Swap Losses Portion"); and (iii) unliquidated claims for all permitted costs and expenses incurred by claimant, including attorneys' fees (the "Costs and Expenses Portion" and together with the Unliquidated Swap Losses Portion, the "Unliquidated Portion"). The claim also includes a reservation of rights with respect to, among other things, the classification of the claim in the event it is determined the foregoing claims are subject to setoff or otherwise determined to be administrative, priority or secured claims.<br><br>Based on an extensive review of the applicable documents, the Plan Trustee calculated a very slight difference in the amounts owed from that asserted by the claimant but nonetheless essentially agrees with the amounts claimed through the Liquidated Portion. As such, the Plan Trustee will agree to the allowance of the amount claimed through this portion - $36,498,888.27. With respect to the Unliquidated Portion, however, upon information and belief the Plan Trustee contends no additional amounts are owed since the subject transaction terminated in September 2007, claimant has provided no data on any additional costs that may have been incurred and all applicable loans have been liquidated and no further swap-related losses were incurred by claimant. Lastly, there is no basis for classifying this claim as anything other than general unsecured since no other collateral was pledged to claimant under this agreement and claimant did not file an administrative expense claim by the applicable bar date. Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim in the amount of $36,498,888.27. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| CITIBANK, N.A.<br>ATTN CAROL FLATON, MANAGING DIRECTOR<br>388 GREENWICH STREET<br>NEW YORK, NY 10013 | 8854 | 1/11/08 | 07-11050 | - (S)<br>- (A)<br>- (P)<br>$37,609,372.04 (U)<br>$37,609,372.04 (T) | - (S)<br>- (A)<br>- (P)<br>$37,609,372.04 (U)<br>$37,609,372.04 (T) | Claimant asserts a claim against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV, Inc.") (Case No. 07-11050) in the total amount of $37,609,372.04 in connection with certain mortgage loan purchase and swap agreements. This claim is essentially identical to Claim 8855 but is properly asserted against both AHM SV, Inc. and AHMIC on account of certain contractual indemnification and guarantee obligations. The claim consists of several portions including, among other things: (i) amounts claimed on account of swap losses in connection with swap facilities (the "Swap Losses Portion"); (ii) claimed legal ($358,671.80) and consulting expenses ($231,725.56) in the total amount of $590,397.36 allegedly incurred in connection with the auction and legal representation due to the Debtors' purported defaults (the "Fees/Expenses Portion"); (iii) amounts for any additional unliquidated claims portion for any future legal fees and expense and any additional damages under the Master Agreement (the "Additional Unliquidated Claims Portion"); and (iv) a reservation of rights to assert additional claims and to seek to reclassify all or a portion of the claim as secured, priority and/or an administrative expense (the "Reservation of Rights Portion").<br><br>Based on an extensive review of the applicable documents, the Plan Trustee essentially agrees with the amounts claimed by the Swap Losses Portion of this claim. After accounting for the value of posted collateral and other credits and deductions, the Plan Trustee believes the amount owed to claimant for swap-related transactional losses is $37,018,974.68. The Plan Trustee also agrees to the allowance of the amounts claimed through the Fees/Expenses Portion of the claim. With respect to the Additional Unliquidated Claims Portion, upon information and belief, no amounts are owed for this portion since no additional costs were incurred by the claimant, the transaction terminated in September 2007, claimant provided no evidence since September 2007 indicating that additional costs are likely, and claimant has provided no evidence of any other contingent or unliquidated damages. Lastly, upon information and belief, the claimant is not entitled to any additional amounts in relation to the Reservation of Rights Portion because no additional costs were or will be incurred by the claimant and, moreover, there is no basis for reclassifying any portion of this claim as anything other than general unsecured since no additional collateral was pledged under the applicable agreement and claimant did not file an administrative |

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | | | | expense claim on or before the administrative expense claim bar date.<br><br>Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) in the amount of $37,609,372.04. |

Objectionable Claim

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| CITIBANK, N.A.<br>ATTN CAROL FLATON, MANAGING DIRECTOR<br>388 GREENWICH STREET<br>NEW YORK, NY 10013 | 8855 | 1/11/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$37,609,372.04 (U)<br>$37,609,372.04 (T) | - (S)<br>- (A)<br>- (P)<br>$37,609,372.04 (U)<br>$37,609,372.04 (T) | Claimant asserts a claim against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048) in the total amount of $37,609,372.04 in connection with certain mortgage loan purchase and swap agreements. This claim is essentially identical to Claim 8854 but is properly asserted against both AHM SV, Inc. and AHMIC on account of certain contractual indemnification and guarantee obligations. The claim consists of several portions including, among other things: (i) amounts claimed on account of swap losses in connection with swap facilities (the "Swap Losses Portion"); (ii) claimed legal ($358,671.80) and consulting expenses ($231,725.56) in the total amount of $590,397.36 allegedly incurred in connection with the auction and legal representation due to the Debtors' purported defaults (the "Fees/Expenses Portion"); (iii) amounts for any additional unliquidated claims portion for any future legal fees and expense and any additional damages under the Master Agreement (the "Additional Unliquidated Claims Portion"); and (iv) a reservation of rights to assert additional claims and to seek to reclassify all or a portion of the claim as secured, priority and/or an administrative expense (the "Reservation of Rights Portion").<br><br>Based on an extensive review of the applicable documents, the Plan Trustee essentially agrees with the amounts claimed by the Swap Losses Portion of this claim. After accounting for the value of posted collateral and other credits and deductions, the Plan Trustee believes the amount owed to claimant for swap-related transactional losses is $37,018,974.68. The Plan Trustee also agrees to the allowance of the amounts claimed through the Fees/Expenses Portion of the claim. With respect to the Additional Unliquidated Claims Portion, upon information and belief, no amounts are owed for this portion since no additional costs were incurred by the claimant, the transaction terminated in September 2007, claimant provided no evidence since September 2007 indicating that additional costs are likely, and claimant has provided no evidence of any other contingent or unliquidated damages. Lastly, upon information and belief, the claimant is not entitled to any additional amounts in relation to the Reservation of Rights Portion because no additional costs were or will be incurred by the claimant and, moreover, there is no basis for reclassifying any portion of this claim as anything other than general unsecured since no additional collateral was pledged under the applicable agreement and claimant did not file an administrative |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | | | | expense claim on or before the administrative expense claim bar date.<br><br>Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048) in the amount of $37,609,372.04. |
| DEUTSCHE BANK AG<br>STEVEN KESSLER, ESQ.<br>60 WALL STREET, 36TH FL<br>NEW YORK, NY 10005-2858 | 10020 | 3/3/08 | 07-11048 | - (S)<br>- (A)<br>$4,083,159.22 (U)<br>$4,083,159.22 (T) | - (S)<br>- (A)<br>$4,448,159.22 (U)<br>$4,448,159.22 (T) | Claimant asserts a claim against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048) in the total amount of $4,448,159.22 in connection with certain swap-related losses and legal expenses incurred in connection with AHMIC's purported defaults under the DBAG Agreements (as defined in the addendum to the claim form). Specifically, the claimant asserts it is owed $4,083,159.22 under the DBAG Agreements (the "Swap Losses Portion") and $365,000 due to legal expenses incurred through the date the claim was filed (the "Legal Expenses Portion" and together with the Swap Losses Portion, the "Liquidated Portion"). The claim also includes an unliquidated damages portion relating to any potential future liabilities including, breaches, interest owed, premiums and any and all indemnification obligations (the "Unliquidated Damages Portion").<br><br>The Plan Trustee agrees to the allowance of the amounts claimed through the Liquidated Portion of this claim. However, no amounts are owed to the claimant in connection with the Unliquidated Damages Portion since claimant has not provided any evidence of any other damages (liquidated, contingent or unliquidated) after the claim was filed on January 11, 2008 and, moreover, there is no evidence that any other claims are imminent. Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim in the amount of $4,448,159.22 against AHMIC (Case No. 07-11048). |
| METROPOLITAN LIFE INSURANCE COMPANY<br>ATTN ROBERT GOLDSTEIN, COUNSEL<br>2400 LAKEVIEW PARKWAY, SUITE 400<br>ALPHARETTA, GA 30004 | 8498 | 1/10/08 | 07-11051 | $117,324.34 (A)<br>- (P)<br>$573,578.31 (U)<br>$690,802.65 (T) | - (S)<br>$117,324.34 (A)<br>- (P)<br>$573,578.31 (U)<br>$690,902.65 (T) | The claim needs to be modified to correct the total claimed amount to $690,902.65 as the claimant incorrectly wrote the total claimed amount as $690,802.65 on their proof of claim. |

Printed on 6/16/2011 at 2:25:17PM

Page 7 of 10

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| SOVEREIGN BANK FSB<br>ATTN STEPHEN E BURSE, VICE PRESIDENT<br>75 STATE STREET<br>MA1-SST-0413<br>BOSTON, MA 02109 | 8529 | 1/10/08 | 07-11050 | - (S)<br>- (A)<br>- (P)<br>$13,558,882.64 (U)<br>$13,558,882.64 (T) | - (S)<br>- (A)<br>- (P)<br>$12,912,922.64 (U)<br>$12,912,922.64 (T) | Claimant asserts a claim against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) in the total amount of $13,559,191.51 in connection with certain mortgage loan purchase and swap agreements. The claim consists of several portions including, among other things: (i) $12,709,281.20 claimed on account of swap losses in connection with two swap facilities (the "Swap Losses Portion"); (ii) unliquidated swap losses in the estimated amount of $645,960 attributable to the Broadhollow facility (the "Estimated Swap Payout Portion"); (iii) claimed legal ($128,021.66) and consulting expenses ($75,619.78) in the total amount of $203,641.44 allegedly incurred for evaluating the Debtors' mortgage portfolio, formulating a sale proposal and/or legal representation for the claimant in connection with the Debtors' purported defaults (the "Fees/Expenses Portion"); and (iv) a reservation of rights based on potential future swap-related losses (the "Reservation of Rights Portion").<br><br>Based on an extensive review of the applicable documents, the Plan Trustee agrees to the allowance of the amounts claimed by the Swap Losses Portion and Fees/Expense Portion of this claim. With respect to the Estimated Swap Payout Portion, no amounts are owed for this portion since no swap payout was paid out or requested on the sale of the remaining Broadhollow loans. Thus, this portion has no validity and total claimed amount should be reduced by $645,960. Lastly, upon information and belief, the claimant is not entitled to any additional amounts in relation to the Reservation of Rights Portion because no additional costs were or will be incurred by the claimant, the transaction terminated in September 2007, and all applicable loans have been liquidated and no further swap losses were incurred.<br><br>Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) in the amount of $12,912,922.64 |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| SOVEREIGN BANK FSB<br>ATTN STEPHEN E BURSE, VICE PRESIDENT<br>75 STATE STREET<br>MA1-SST-0413<br>BOSTON, MA 02109 | 8530 | 1/10/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$13,837,333.58 (U)<br>$13,837,333.58 (T) | - (S)<br>- (A)<br>- (P)<br>$13,191,373.58 (U)<br>$13,191,373.58 (T) | Claimant asserts a claim against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) in the total amount of $13,837,333.58 in connection with certain mortgage loan purchase and swap agreements. The claim consists of several portions including, among other things: (i) $12,983,363.93 claimed on account of swap losses in connection with swap facilities (the "Swap Losses Portion"); (ii) unliquidated swap losses in the estimated amount of $645,960 attributable to the Broadhollow facility (the "Estimated Swap Payout Portion"); (iii) claimed legal ($130,767.79) and consulting expenses ($77,241.86) in the total amount of $208,009.65 allegedly incurred for evaluating the Debtors' mortgage portfolio, formulating a sale proposal and/or legal representation for the claimant in connection with the Debtors' purported defaults (the "Fees/Expenses Portion"); and (iv) a reservation of rights based on potential future swap-related losses (the "Reservation of Rights Portion").<br><br>Based on an extensive review of the applicable documents, the Plan Trustee agrees to the allowance of the amounts claimed by the Swap Losses Portion and Fees/Expense Portion of this claim.  With respect to the Estimated Swap Payout Portion, no amounts are owed for this portion since no swap payout was paid out or requested on the sale of the remaining Broadhollow loans.  Thus, this portion has no validity and the total claimed amount should be reduced by $645,960.  Lastly, upon information and belief, the claimant is not entitled to any additional amounts in relation to the Reservation of Rights Portion because no additional costs were or will be incurred by the claimant, the transaction terminated in September 2007, and all applicable loans have been liquidated and no further swap losses were incurred.<br><br>Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing this claim as an allowed general unsecured claim against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) in the amount of $13,191,373.58. |

———— Objectionable Claim ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| **Totals:** | 9 Claims | | | - (S)<br>$117,324.34 (A)<br>- (P)<br>$144,696,827.44 (U)<br>$144,814,051.78 (T) | - (S)<br>$117,324.34 (A)<br>- (P)<br>$143,701,688.93 (U)<br>$143,819,013.27 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

**No Liability Claims**

**Exhibit B**

**No Liability Claims**

| Name/Address of Claimant | Objectionable Claim ||||  Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | |
| DEUTSCHE BANK AG<br>STEVEN KESSLER, ESQ.<br>60 WALL STREET, 36TH FL<br>NEW YORK, NY 10005-2858 | 10021 | 3/3/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$4,083,159.22 (U)<br>$4,083,159.22 (T) | This claim is asserted against debtor American Home Mortgage Corp. ("AHM Corp.") (Case No. 07-11051) but is otherwise identical to claim no. 10020 ("Claim 10020"), which was filed against debtor American Home Mortgage Investment Corp. ("AHMIC") (Case No. 07-11048). While the Plan Trustee agrees to the allowance of the amounts claimed against AHMIC through Claim 10020, Debtor AHM Corp. has no liability on account of this claim (no. 10021). Specifically, AHM Corp. has no liability because AHM Corp. was not a party to the DBAG Agreements (as defined in the addendum to the claim form), has no indemnification obligations in connection with the DBAG Agreements, and did not otherwise guarantee AHMIC's obligations under the DBAG Agreements. Moreover, AHM Corp. has no liability to this claimant in connection with the ISDA Master Agreement dated as November 20, 2006 (the "AHM Corp. ISDA Agreement") entered into between AHM Corp. and the claimant since there are no outstanding transactions or swap-related losses owing to the claimant under the AHM Corp. ISDA Agreement. Accordingly, AHM Corp. has no direct liability to the claimant under the AHM Corp. ISDA Agreement and no indirect liability by way of indemnification and/or guarantee obligations stemming from AHMIC's obligations to the claimant under the DBAG Agreements. As such, the Plan Trustee requests entry of an order disallowing this claim in its entirety. |
| MERRILL LYNCH CREDIT CORPORATION<br>ATTN VADIM J RUBINSTEIN, ESQ<br>LOEB & LOEB LLP<br>345 PARK AVE<br>NEW YORK, NY 10154 | 8345 | 1/10/08 | 07-11050 | Unspecified* | Claimant asserted this contingent and unliquidated claim in the event that the Debtors breached any potential future indemnification obligations. This claim should be disallowed in its entirety since the claimant has not provided any evidence or made any allegations that such breaches have occurred or will ever occur in the future. |
| MERRILL LYNCH CREDIT CORPORATION<br>ATTN VADIM J RUBINSTEIN, ESQ<br>LOEB & LOEB LLP<br>345 PARK AVE<br>NEW YORK, NY 10154 | 8346 | 1/10/08 | 07-11051 | Unspecified* | Claimant asserted this contingent and unliquidated claim in the event that the Debtors breached any potential future indemnification obligations. This claim should be disallowed in its entirety since the claimant has not provided any evidence or made any allegations that such breaches have occurred or will ever occur in the future. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| STATE OF HAWAII, DEPARTMENT OF TAXATION<br>ATTN: BANKRUPTCY UNIT<br>PO BOX 259<br>HONOLULU, HI 96809 | 10904 | 5/16/11 | 07-11051 | - (S)<br>- (A)<br>$18,721.00 (P)<br>$4,320.25 (U)<br>$23,041.25 (T) | The claimed amount is duplicative of the amounts claimed through POC No. 10019. The Plan Trustee filed the Plan Trust's Seventy-ninth Omnibus Objection to Claims seeking, among other things, to modify and reclass POC No. 10019 in the exact amounts and priorities as this claim [See Docket No. 10015 - Exhibit A]. The Plan Trustee anticipates a court order will be entered in the near future sustaining the 79th omnibus objection with respect to, among other claims, POC No. 10019. Based on the foregoing, this claim should be disallowed in its entirety as it seeks duplicative relief. |
| WELLS FARGO BANK, NA, AS MASTER SERVICER<br>ATTN WILLIAM FAY - CORPORATE TRUST SVCS<br>ASSET SECURITIZATION GROUP<br>9062 OLD ANNAPOLIS RD<br>COLUMBIA, MD 21045 | 8861 | 1/11/08 | 07-11050 | - (S)<br>- (A)<br>- (P)<br>$731,914.41 (U)<br>$731,914.41 (T) | Already settled as part of a global settlement, Docket 8843. Claimaint paid out of Servicing Sale cure escrow account. |
| **Totals:** | **5 Claims** | | | - (S)<br>- (A)<br>$18,721.00 (P)<br>$4,819,393.88 (U)<br>$4,838,114.88 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.