IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-11047(CSS) |
| | ) | (Jointly Administered) |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Chapter 11 |
| HOLDINGS, INC., et al., | ) | |
| | ) | Courtroom 6 |
| Debtors. | ) | 824 Market Street |
| | ) | Wilmington, Delaware |
| STEVEN D. SASS, AS PLAN | ) | |
| TRUSTEE OF THE AMERICAN HOME | ) | July 15, 2011 |
| MORTGAGE PLAN TRUST | ) | 2:00 p.m. |
| | ) | |
| Plaintiff, | ) | Adv Proc No 09-51611(CSS) |
| | ) | |
| - against - | ) | |
| | ) | |
| VECTOR CONSULTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Plan Trustee:          Hahn & Hessen, LLP
                           BY: EDWARD SCHNITZER, ESQ.
                           BY: JOSEPH ORBACH, ESQ.
                           488 Madison Avenue
                           New York, NY  10022
                           (212) 478-7200


                           Blank Rome, LLP
                           BY: ALAN ROOT, ESQ.
                           1201 Market Street, Suite 800
                           Wilmington, DE  19801
                           (302) 425-6400


ECRO:                      LESLIE MURIN

Transcription Service:     DIAZ DATA SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Vector Consulting:    Morris James
                          BY: ERIC MONZO, ESQ.
                          500 Delaware Avenue, Suite 1500
                          Wilmington, DE  19801
                          (302) 888-6800

1    WILMINGTON, DELAWARE, FRIDAY, JULY 15, 2011, 2:07 P.M.

2              THE CLERK:  All rise.

3              THE COURT:  Please be seated.  Mr. Schnitzer?

4              MR. SCHNITZER:  Good afternoon, Your Honor.  For

5    the record, Edward Schnitzer from Hahn & Hesson on behalf of

6    the liquidating trustee.

7              Your Honor, the matter that's on the calendar now

8    is the competing summary judgment motions in the trustees'

9    preference action against Vector Consulting.  Your Honor,

10   it's unfortunate to report that this is a preference action

11   for $29,200, but unfortunately, the parties have difference

12   of opinions as to both our elements and the defenses such

13   that it unfortunately needs judicial assistance to resolve

14   itself.

15             Your Honor, unless the Court has a different

16   plan, my intent would be to address the points made in the

17   plaintiffs' motion for summary judgment, as well as, our

18   points made in opposition to Vector's motion for summary

19   judgment.

20             THE COURT:  Yes, that's fine.

21             MR. SCHNITZER:  Okay.  Your Honor, with respect

22   to the 547(b) elements, there are only two elements

23   allegedly in dispute; one is the interest in the debtors'

24   property and one is what we'll call the Chapter 7

25   hypothetical element.  We submit that neither dispute is

1   legitimate.  There is no issue of material fact.  There's

2   also no issue of law that we believe a summary judgment

3   should be granted in the trustees' favor.

4          With respect to the debtors' property, the

5   evidence we provided is in essentially three categories.

6   One you can look at the checks which are part of our motion

7   for summary judgment and you'll see on the face of them they

8   say American Home Mortgage Corp., and you'll see the stamp

9   reflecting when they cleared in date.  More importantly, if

10  you look at the declaration as Exhibit 2 to our motion,

11  attached to our motion for summary judgment by Belinda Jones

12  who is currently employed by the plan trust when she --

13  prior to being employed by the trust, she was employed by

14  the debtors as an accounts payable analyst for approximately

15  five years.  She states unequivocally in the Paragraph 3 of

16  her declaration, the preference transfers were made from the

17  bank account of the debtor, American Home Mortgage

18  Corporation.  Attached as Exhibit A to this declaration are

19  true and accurate copies of the front and back of the

20  preference transfers along with the date each preference

21  transfer cleared the debtors' bank account.

22          To add to that, Your Honor, if you are to turn to

23  their opening brief and then Item No. C which is the

24  affidavit of -- sorry, Your Honor, I'm trying to find it.

25          THE COURT:  Whose brief?

1            MR. SCHNITZER:  Vector's brief.

2            THE COURT:  On their motion?

3            MR. SCHNITZER:  Correct.  Their opening brief.

4    You would see the declaration of Manver Corona.  I apologize

5    if I'm not pronouncing it correctly.  He apparently is the

6    Chief Executive Officer of Vector Consulting.  I note in

7    Paragraph 9 of his declaration he states and I'm quoting

8    from pieces of it.  He states --

9            THE COURT:  Which exhibit is the declaration?

10           MR. SCHNITZER:  Exhibit 2.

11           THE COURT:  Exhibit 2.

12           MR. SCHNITZER:  Of their opening brief.

13           THE COURT:  All right.  What page?

14           MR. SCHNITZER:  Paragraph 9 on Page 4.

15           THE COURT:  Okay.

16           MR. SCHNITZER:  Go three lines down and I see

17   during the preference AHM made four payments to Vector.  I

18   go down to three lines from the bottom of that paragraph I

19   see were paid concurrently by AHM.  And then flip to the

20   next page on page -- on Paragraph 12, the first sentence

21   says the payments by AHM during the preference period.

22           THE COURT:  Um-hum.

23           MR. SCHNITZER:  I gave you those three examples

24   of just what I believe are admissions that the payments were

25   made by American Home.  This is just in addition to the

1  facts of the actual checks and the facts of Ms. Jones'

2  affidavit regarding where the money came from.

3          Your Honor, in response, Vector offers what I

4  will term a red herring.  They say well we're relying on an

5  accounts payable record that wasn't produced in original

6  discovery responses.  Two points, Your Honor.  First of all,

7  we're not, that's not what we're relying on, we're relying

8  on her declaration where she says these checks and transfers

9  were from the debtors' bank account.  I submit that ends the

10 question.

11         Secondly, even if we were relying on that

12 accounts payable record, it was produced in compliance with

13 discovery.  As this Court knows, you have an obligation to

14 comply with discovery and you have a further obligation to

15 supplement if you locate a document that you believe is

16 responsive, you should produce it.  That's what we did.  We

17 located the document afterwards.  We realized it was

18 responsive.  We produced it as soon as we located it and

19 realized it was responsive.  I do apologize that it was not

20 produced with our original production, but I believe that

21 the way we produced it was fine.  But I again reiterate it's

22 of no moment.  The declaration by itself stands.  We do not

23 need that exhibit.

24         The second element that's in dispute is the

25 Chapter 7 hypothetical element.  I believe again there is no

1   legitimate factual dispute or legal dispute.  There's no

2   dispute that Vector was an unsecured creditor.  It's not an

3   instance where they're secured or had some sort of security

4   where under Chapter 7 perhaps they could get paid in full.

5   They would have been an unsecured creditor.  That's not in

6   dispute.  The only dispute they challenge is they try to get

7   into a liquidation analysis question.  And the problem you

8   have here is twofold.

9          One, the cases they rely on are cases when there

10   was no liquidation analysis.  And the reason as it appears

11   why there was none is those cases were Chapter 7 cases it

12   appears from the beginning were from early on such that

13   there was never a plan stage for there to have been a

14   liquidation analysis.  In this case, Your Honor, as you

15   remember, there was a plan that was confirmed, but then took

16   a long period of time to go effective due to cash issues.

17   It then went effective.  There was a liquidation analysis.

18   It was not a pretty liquidation analysis, but unfortunately

19   this is not a pretty case in terms of distributions to

20   unsecured creditors.  What do the liquidation analysis show?

21   Small distributions in the 1 percent range.  That's also

22   what the plan shows in this case.

23          In this liquidation analysis, the other question

24   Vector posited is well this liquidation analysis was

25   prepared a while ago.  How do we know it's accurate?  Well,

1  Your Honor, it was actually prepared after the sale of the

2  servicing business.  And as you probably recall in this

3  case, that was the main asset that American Home had to

4  sell.  So it was prepared after that.  That was taken into

5  consideration.  Are there other assets?  Yes.  Are they big?

6  No.  And when you think about the claim pool here, just so

7  we can put this in perspective, even if we, the trust, were

8  able to recover a billion dollars more since that

9  liquidation analysis, this would still not be a 100 percent

10  case.  And I will submit, Your Honor, and I hope this

11  doesn't surprise you, we have not recovered a billion

12  dollars more since the liquidation analysis.

13          So I submit that, Your Honor, the Chapter 7

14  element there is no question.  This is not a case where we

15  have like a 97 percent distribution and so you're right on

16  the edge and the Court perhaps should or could have some

17  concern, this is not that case.  I wish it were, Your Honor,

18  because I get a lot of calls from unsecured creditors and I

19  hate having to tell them I have bad news, you're not going

20  to get a large check, but that is the case it is.

21          Your Honor, that ends the 547(b) elements.  We

22  then turn to 547(c).  There are a couple defenses raised.

23  First, there's ordinary course.  Your Honor, we submit this

24  is a clear case based upon the numbers of non-ordinarness.

25  The case we cited to was a decision from the Delaware

1    District Court in 2006 in the *Forklift* bankruptcy.   It's

2    directly on point.   If anything, our facts are stronger than

3    that and in that case, the Judge found it to be non-

4    ordinary.

5             What you have in this case is simple.

6    Historically, invoices were paid in terms.   Terms were 30

7    days.   Invoices were paid on average 24.7 days.   80 percent

8    of invoices were paid in terms.   What happens in the

9    preference period vast change.   Average goes up to 57.4 so

10   33 days greater, huge difference.   20 -- only now 20 percent

11   of invoices were paid in terms, the other 80 percent, 54

12   days later or more on 30 day terms.   Drastic shift.   In

13   *Forklift* it was similar.   You had an average of 97 jumping

14   to an average of 154.   In *Forklift*, you had 59 percent of

15   invoices were paid between 61 to 90 days, but then in the

16   preference period, that number dropped to 16 percent.   And

17   the Court found that based upon those facts, it just simply

18   wasn't ordinary.

19            We also submit this is like a decision out of the

20   Delaware Bankruptcy Court in 2000 in *Color Tile* where the

21   Court found in granting summary judgment that from the

22   historical average going from 48.8 to 67.5 days to pay, that

23   was non-ordinary.   And again, I repeat that from here it

24   went from 24.7 to 57.4.   That's a 132 percent increase.   And

25   it's not just -- I'm not suggesting like say, you know, 2

1  days to 4 days would be 100 percent increase, but it's only

2  2 days.  This is 33 days.  It's a huge increase and

3  particularly when you take into consideration the terms of

4  30 days.  Historically, paid within terms.  Preference

5  period not at all.  To add to that, there's also evidence of

6  collection emails and collection calls.

7           And lastly on the numbers point and then I'll

8  explain more of this later.  Even if we went with their

9  numbers because there are some factual discrepancies here,

10 Your Honor, which I don't believe you need to consider an

11 issue of material fact to deny summary judgment because I

12 don't believe they would make a difference.  Even if we

13 didn't use our numbers and used their numbers which I submit

14 are wrong, it wouldn't make a difference.  Because if you

15 used their numbers according to their documents, the

16 historical average was 26, the preference period was 51.

17 It's not that much different from the numbers I am telling

18 you which is 24.7 to 57.4.  It's still the point of there's

19 a huge change from the historical to the preference period.

20          But let me get into their data, Your Honor,

21 because I submit it is a reason specifically that their

22 motion should be denied.  I submit that our motion should be

23 granted because there is no issue of material fact.  It's

24 not ordinary course regardless of the numbers, but a

25 specific reason for why their motion should be denied is

1  there is an issue of material fact in that their data is

2  simply wrong.  And it's wrong and shown wrong by their own

3  records so I don't believe it's an issue of where two people

4  need to be heard.  Their own emails from the time of the

5  transfers which I submit are 100 percent entirely more

6  reliable than statements in an affidavit you see on a motion

7  for summary judgment.  Their own documents say otherwise.

8         And also importantly, Your Honor, if you look at

9  the checks here that were submitted with our motion, you

10  will see the checks include remittance stubs.  As the Court

11  knows, in general, remittance stubs control the application.

12         THE COURT:  Um-hum.

13         MR. SCHNITZER:  If a defendant receives a check

14  and it says it's to be applied to this number, if the

15  defendant does not dispute that, challenge that, seek it to

16  be different, that is how that check is to be applied.

17  That's the case here, Your Honor.  Our numbers use those

18  stubs.  We provided the Court and the defendant has them as

19  well, every single stub.  Those stubs control.

20         But more importantly, the defendant knew that at

21  the time.  They've changed, I think recently, I don't know

22  why.  I would surmise it's, you know, perhaps for these

23  purposes, but they changed.  And let me give you an example

24  of that so you can see what I have in mind.  One of the

25  invoices paid in the preference period was 23702.  We claim

1  it was paid on July 11.  They claim it was paid on June 6, a

2  month different.  It makes a huge difference between because

3  it's an April invoice, makes a huge difference between

4  whether it was paid -- not a huge difference, it makes a

5  difference if it was paid in June versus July.  Not a few

6  days, that's a whole more than a month difference.

7            But here's what you have to look at.  If you go

8  to our motion -- sorry, Your Honor, I just want to make sure

9  I'm referring to the right thing, sorry.  If you go to our

10 answering brief --

11           THE COURT:  On their motion.

12           MR. SCHNITZER:  Correct.  And you go to Exhibit 2

13 which is the declaration of Belinda Jones.

14           THE COURT:  Um-hum.

15           MR. SCHNITZER:  There is an exhibit attached to

16 that which is a four page email summary.  And if we can

17 start with the back of that.

18           THE COURT:  All right.

19           MR. SCHNITZER:  We see the first email is Vector

20 sending this Invoice 23702 on April 23.  The second email

21 reading up from the bottom is Vector asking when they can

22 expect payment.  And the subject heading actually says past

23 due Invoice 23702.  This email is dated June 12, Your Honor.

24 They suggest in their summary judgment papers that this

25 invoice was paid on June 6.

1          THE COURT:  But if you look at the text, it's not

2     what it says.

3          MR. SCHNITZER:  It says please let me know when

4     we can expect payment on this invoice and Invoice 23737.

5          THE COURT:  Ah, thank you.

6          MR. SCHNITZER:  But then even more it continues,

7     Your Honor.  If that was the only email, perhaps not good

8     enough.  If we go to Page 2 of this email chain, the bottom

9     email, second from the bottom after you see the Wednesday,

10    June 13 email, again subject re: past due Invoice 23702.

11    Thank you for your help with these invoices.  Please let me

12    know if you need me to send you these invoices to process

13    for payment.  Again, past due Invoice 23702.

14         And then the last email, Your Honor, which starts

15    at the bottom of the first page.  It's dated June 26.

16    Again, it's from Vector Consulting.  It says do you know if

17    a check was sent on these two past invoices?  If not, please

18    let me know when we can expect payment.  Invoice 23702 is

19    more than 60 days past due.  So on June 26, Vector is

20    affirmatively telling American Home we have not been paid on

21    Invoice 23702 it's in fact 60 days past due.  So on June 26,

22    it was clearly not paid according to Vector, yet in their

23    motion papers, they suggest it was paid on June 6.  I assume

24    that that's impossible.  The records from the time

25    contemporaneous, a person at Vector sending an email June 26

1    saying the invoice hasn't been paid.  Your Honor, that

2    covers ordinary course of business between the parties.

3            The next issue is ordinary business terms.  They

4    suggest that these payments were made according to ordinary

5    business terms.  Their basis for that is a report which they

6    provided.  As you probably saw in the papers, first they

7    provide an expert report.  We essentially objected to it

8    because an expert report in and of itself is inadmissible

9    hearsay.  So then in reply, they attach an affidavit from

10   the supposed expert saying I incorporate it within the

11   report.  Doesn't necessarily much matter for today's

12   hearing, but I wanted to discuss the expert report.

13           First of all, let's assume that the expert was

14   actually qualified.  We submit he's not.  Let's assume that

15   he's actually basing his conclusion on the actual payment

16   data, not this flawed data like for instance with respect to

17   that invoice because his information is Vector's current

18   information, not what really happened.  So he's basing his

19   data on incorrect numbers.  What the expert concludes when

20   you read through his report and you put those assumptions to

21   the side, here's what he essentially concludes.  He

22   concludes that the 2009 to 2010 industry standards are 20.3

23   days to pay for small companies and 40.6 days to pay for

24   large companies.  What you're comparing that to, Your Honor,

25   is preference period payments which made according to us

1   57.4 days.  And even if you use their numbers, it's versus

2   51 days.  So you have an expert who's concluding either 20

3   or 40 is the norm.  It's unclear which one applies here.   I

4   would submit, Your Honor, although I don't think it matters,

5   I believe Vector is a small company so I really think it's

6   the 21, but their expert never explains that.  He says it's

7   20 or 40.  Even if you assume 40 was the case, you have

8   payments here made 57.4 days.  So his -- what he determines

9   does not sustain a burden of proof for ordinary business

10  terms.  The reason for I submit that their motion needs to

11  be denied.  But I also believe even the facts of it, even if

12  you take it as true, it's not a basis to deny our motion

13  because he's not giving you any data which would change the

14  conclusion.

15         And, Your Honor, and the way I explain the expert

16  report, let me just make a point that was also referenced in

17  our paper.  What he relies on for his conclusion because he

18  himself doesn't know what's standard to industry.  I'm not

19  saying he should be expected to, he looks to other data.

20  The data he looked to was a 2009-2010 industry report.  I

21  make the point of that, Your Honor, because as you know, the

22  preference period was in the Summer of 2007.  While I don't

23  claim to know the IT industry that well, I would submit that

24  an industry report for 2009-2010 is not an industry report

25  you should be looking to or can look to to opine on what's

1  ordinary in 2010, at least not even with an explanation.

2  There was not an explanation that well, 2009 is similar to

3  2007.  There was nothing.  But again, I reiterate my point,

4  Your Honor.  We submit it doesn't make a difference.  Even

5  if you took everything he said is true, even if you assumed

6  he was qualified, his conclusion -- even if you assume his

7  conclusion is correct that 40 is the average, this was not

8  made according to that.

9       Your Honor, there are three more issues to

10  mention.  One, they made a claim of being a mere conduit.

11  They base that on the fact that essentially Vector had one

12  employee that they were paying who was working on the

13  American Home matter.  They claim that they're a conduit

14  and, therefore, they should not be liable.  Essentially, I

15  assume asserting that we should go after Mr. Linder, the

16  individual.

17       Your Honor, I submit their claim is wrong and

18  here's why.  Under the established case law to make and

19  succeed on a conduit defense, you have to show that you

20  lacked remaining in control over the funds.  They didn't

21  establish that.  They didn't even really allege that.  What

22  you have here is simple.  The agreement required American

23  Home to pay Vector, not the individual.  so there's not a

24  direct pass through here.  It's not like a situation where a

25  law firm is holding some type of escrow funds or an agency

1   agreement.

2         Second, Vector, not American Home employ Mr.

3   Linder.  Third, Vector, not American Home was obligated to

4   pay Mr. Linder.  Fourth, Vector was obligated to pay him

5   regardless of whether American Home paid Vector.  They were

6   on the hook regardless.

7         And perhaps what's most importantly, and if you

8   go to our answering brief and if you look at Page 12 of that

9   answering brief, Your Honor, we produced a table made from

10  the records here.  And what's important about the table is

11  it shows the fall of money.  In a good conduit defense, the

12  money has to flow from the debtor to the defendant, from the

13  defendant to the third party.  And in theory, they have to

14  keep it separate, protected, and they had an obligation to

15  pay it.  It has to go in that order because effectively it

16  has to be the same money.  It has to be the debtors' money.

17        When you look at what happened here, that's not

18  what happened here.  What happened here is the case of a

19  normal defendant.  Preference defendants as any business

20  entities have employees.  They have obligations.  They

21  should pay those obligations because that's what businesses

22  are supposed to do, otherwise they're forced to file for

23  bankruptcy.  What Vector did was it paid its obligation to

24  Mr. Linder.  It paid it before American Home paid it.  So

25  Vector was not using American Home money to pay Linder.

1   Particularly, not the American Home money for those

2   services.  So for instance, if you look at this table, I

3   give you an example.  One of the invoices was for services

4   in the latter half of February.  Vector paid Mr. Linder for

5   those services on March 15, approximately two weeks after

6   the services because that's how their payroll worked.  When

7   did Vector get paid by American Home for those -- for that

8   work?  May 16.  So two months later, after Vector had

9   already paid Mr. Linder, American Home paid Vector.  That is

10  not a conduit, that is an extension of credit.  Vector

11  extended credit to American Home.  Vector paid its

12  obligations as an operating solvent business should do.

13  American Home later paid Vector.  Vector then can do

14  whatever it wants with that money.  Why?  Because that's

15  what it was allowed to do.  The agreement doesn't say it has

16  to hold that money separately or have to pay Mr. Linder.

17  And, in fact, it didn't pay Mr. Linder.  In fact, even if it

18  had, it would have kept some of their money for itself

19  because the agreement specifically has, you know,

20  effectively a margin.

21          So there's really -- there's no conduit defense

22  here whatsoever, Your Honor.  It's a simple defendant had

23  obligations, they paid them.  They just happened to have one

24  employee.

25

1          Next, we go to new value, Your Honor.  There are

2    two invoices they submit are new value.  I submit they both

3    have problems.  The first one, they have not shown with

4    admissible evidence that the services provided in Invoice

5    23799 was after a preference transfer was received.  That's

6    their burden both under 547(g) and on their motion.  They

7    don't show it.  They say this invoice had services and they

8    say preference period, but they haven't shown it.  They've

9    shown no admissible evidence showing that.  That's the first

10   problem.

11          The second Invoice 23911, the problem is simple.

12   It was never produced.  It wasn't produced in discovery.  At

13   least we have our discovery request called for the

14   production of that invoice.  We asked for new value

15   invoices.  We asked for documents they used at trial,

16   multiple requests in which it should have been called for.

17   It was not.  What Vector tells you in response is well

18   that's okay because it was provided with the expert report.

19   Well here's what happened, Your Honor.  They provided the

20   expert report.  And what do we do in response?  We send a

21   letter asking for the information the expert relied upon

22   because under Rule 26, we're entitled to that information.

23   Only then did they send us a batch of documents that had

24   that.  Not from their original production because they had

25   produced documents in response to discovery, this is now

1   something separate that they only gave the expert.  And they

2   didn't give it to us voluntarily.  It's not like what we did

3   on our supplemental document production, Your Honor.  This

4   was only because we asked.  Had we not asked for that 26

5   information, I would submit that we would have never seen

6   that invoice.  We submit that that invoice for that reason,

7   they cannot meet their burden.  That cannot be considered.

8   For that reason, their motion should be denied.

9          Lastly, and just briefly, Your Honor, as part of

10  their motion, they requested that the fraudulent transfer

11  claim to be dismissed.  Your Honor, based upon the facts of

12  this case which are different from the one you heard earlier

13  where there were some claims as to, you know, someone being

14  a debtor, someone not being a debtor, this is not a

15  fraudulent transfer case.  There was no allegation.  Mr.

16  Monzo, can correct me if I'm wrong of, you know, not being a

17  debtor or something like that.  This not that case and

18  that's why in response to this motion we had no objection to

19  dismissal of it.  It's the first time they asked us.  We had

20  no objection to it.  We've done it in other matters where

21  there isn't a fraudulent transfer situation.

22          THE COURT:  Okay.

23          MR. SCHNITZER:  Thank you, Your Honor.

24          THE COURT:  You're welcome.

25          MR. MONZO:  Good afternoon, Your Honor.  Eric

1  Monzo on behalf of the defendant.

2              Just to clarify the record on the last point, I

3  think Your Honor understands the issues we're seeking here

4  as a result of an alleged preference.  And for purposes of

5  argument today, I think that with regard to the burden of

6  proof for the 547(b) elements, we'll rely upon our papers on

7  those points, especially with regard to the liquidation

8  analysis that was provided in reply.  With regard to the

9  first element whether the -- there's an interest in the

10 debtors' property, we do believe there's some evidentiary

11 issues regarding the information that was relied upon,

12 especially the accounts receivable information that was

13 relied upon by Ms. Jones in her declaration.  But with

14 regard to -- and also with regard to her knowledge of the

15 actual payments that were made, we'll let the papers stand

16 on those points.

17             I think Your Honor, I think what the focus should

18 be here is with regard to the -- their motion, as well as,

19 our motion for summary judgment with regard to the 547(c)

20 defenses.  And most relevant, I think is the ordinary course

21 of business [indiscernible] by 547(c)(2).

22             First of all, I think that the record, if

23 anything, with regard to their motion for summary judgment

24 suggests that there is an issue of material fact on this

25 issue with regard to their motion because as a non-moving

1  party, I think we have that right under the standards that's

2  in place regarding summary judgment rules and Summary

3  Judgment Rule 56.

4           But with regard to our motion, I think that the

5  analysis that the plaintiffs is relying upon first of all is

6  flawed.  I think that the 547(c)(2) elements are satisfied.

7  And as Your Honor is well aware, that the -- there are two

8  of the three subparts of 547(c)(2) have to establish.  I

9  don't think there's any dispute regarding the first element

10 of the 547(c) that that is satisfied.  That the transferred

11 weren't payment of a debt incurred by the debtors in the

12 ordinary course of business or financial affairs of the

13 debtor and Vector.  I don't think that's an issue.  There

14 was a contract in place.  The arrangement was governed by

15 that contract and Vector agreed to provide staffing service

16 to the debtor.

17          The other issue is with regard to Vector

18 supplying staffing needs of the debtor.  And Mr. Linder as

19 counsel alluded to was provided with regard to the use in

20 the debtors' business.  So I don't think there's any regard

21 to the first preference, first prong, excuse me.

22          The second prong, I think with regard to the

23 subjective standard between the parties, I think that's

24 established, Your Honor, as well as, and I'll get into it

25 with regard to the third prong with regard to the objective

1   industry standard.  But between the parties, Your Honor, I

2   think that there is, you know, as Your Honor, and especially

3   with regard to your recent *Archway Cookies* case sets out the

4   standard that the Court has to look to.  And there's five

5   factors that the Court will look to with regard to 547(c),

6   the subject prong.  And the first length of the time the

7   parties engaged in this type of dealings.  The parties have

8   a nine month course of history.  It was the contract that's

9   in play.  And I think that the length in time is sufficient.

10  If Your Honor is -- has any concern with regard to the

11  amount of time that the parties were engaged, I think that

12  Your Honor should look to the -- Mr. Stancewicz's expert

13  report with regard to the -- his opinion and the industry

14  stdandard.  And his opinion, he did conclude that, in fact,

15  that this was, in fact, ordinary.

16          The second prong, Your Honor, is whether the

17  transfers were an amount more than usually paid.  Now, Your

18  Honor, the similarity of the transaction, this is the way to

19  describe this would be -- and I think there was a dispute.

20  There was a dispute regarding our analysis and what we use

21  and what my client is using with regard to the application

22  of those payments and the plaintiffs' position.  The

23  plaintiff, in fact, in their analysis relies upon the clear

24  date which is just simply wrong that the *Barnhart* case from

25  the Supreme Court establishes that the date that it was

1   received with regard to the 547 defenses is controlling.

2   And our analysis we believe is correct.  And looking at

3   that, that Your Honor, the range of the prepetition historic

4   payments were consistent with the range of the preference

5   period.  The range of the prepayment -- pre-preference

6   historical payments range between $4,600 and $1,200.  The

7   range during the preference period pretty much the same,

8   within that range, $5,400 to $12,920.  So the range was

9   actually right on.

10          All four -- using Vector's analysis, all four of

11   the alleged preference payments were made between 34 and 62

12   days after invoice.  Now the range of dates pre-preference

13   were 7 to 67 days.  And all, in our opinion, all of the

14   preference payments fall within that range remain between 34

15   and 62 days.  So the range, as well as, not only amount, but

16   the days after invoice the range is there as well.

17          So, Your Honor, even if you use and this is why I

18   think that our motion should be granted.  It's why Your

19   Honor should grant our motion is because even if you use the

20   plaintiffs' analysis which I believe is flawed based on the

21   clear date, however, Your Honor, they did provide that

22   information regarding the receipt date and -- or my expert,

23   Mr. Stanciewicz used that information and it was part of his

24   analysis.  And if you refer to the analysis that Mr.

25   Sincowitz relied upon and looking simply upon their -- the

1   plaintiffs' analysis here, their -- and I'm referring to

2   which is my reply brief, it's Docket No. 41, it's Exhibit B

3   as attached to the report and it's Bates labeled as SEIN-34,

4   it's the payments per plaintiff using checks received date.

5   And there, Your Honor, there are the four transfers that are

6   in play here.  And the range being the ordinary course of

7   business.  One was made within 19 days.  That's comparable

8   to two or three invoiced during the historic period which

9   made 21, 22, 23 days.  And then two other invoices that were

10  made Invoice No. 23577 and 23625 were made 45 and 60 days,

11  both within the range of the historic period.  And again,

12  these are using the plantiffs' numbers.

13          So the issue comes down to the two remaining

14  invoices, Your Honor.  And as counsel alluded to, the

15  invoices in question here are 23702 and 23737.  According to

16  the plaintiff, one was made 80 days, received 80 days after

17  invoice and the other one was made 62 days after invoice.

18  And if your refer to the email chain that Mr. Smith's

19  referred to previously, and specifically the June 7, 2007

20  email where the accounts payable representative from

21  American Home Mortgage said she did not receive those

22  invoices, she did not receive those invoices so the reason

23  why, if any, why they were late, even according to the

24  plantiffs' records which we believe that our records are

25  controlling, but according to the invoice, the email chain,

1   that they did not receive these invoices and when they did

2   receive them in June of '07, it paid them less than a month

3   later.

4           So even if you use the plaintiffs' analysis of

5   when the invoice was actually received and acknowkledged by

6   American Home Mortgage, this is an 80 day perference with

7   regard -- or 80 day period with regard to 20 -- Invoice No.

8   23702, rather it was paid according to again referring back

9   to the receipt information, this was paid in or about July

10  the 9th, 2007, Your Honor.  So that's approximately less

11  than three weeks, 20, 21 days.  So and that falls

12  consistently, consistently with the range of the pre-

13  preference numbers and the transfers.  So the average that

14  they're looking to in the *Forklift* decision is simply off

15  base.  The range, even the number that's outside the range,

16  outside the range, there's a reason for it.  The reason for

17  it is that that invoice was lost and when it was found, it

18  was paid.  There wasn't any unusual collection activity

19  regarding that, it was simply hey, what's going on with this

20  payment?  Oh, we didn't receive it, send it again.  We sent

21  it and it was paid.  They sent out the letter and it was

22  paid.

23          So the third prong of the analysis or the third

24  factor whether these payments at issue were tendered in a

25  matter differently than the previous payments, they weren't,

1  they were all by check.

2          And the fourth factor which the Court will look

3  to whether it appears to be any unusual collection activity,

4  there wasn't.  There was that invoice -- that email chain

5  that the plaintiff alludes to as showing when these invoices

6  were paid, but again, it wasn't an unusual circumstance, it

7  was simply saying that this invoice was misplaced and then

8  it was -- a payment was issued three weeks later.

9          So and finally, whether there was anything to

10 give the creditor any advantage to gain additional security

11 in light of the debtors' deteriorating final condition.

12 There's absolutely nothing, nothing in the record that

13 suggests that.  So I think, Your Honor, that the first prong

14 -- well this is the second prong, but the objective, the

15 most objective prong, I'm sorry, with regard to the ordinary

16 course of business under 547(c) is established.

17         Now even if Your Honor believes that that --

18 there's an issue of material fact on that point which I

19 don't think there is, but, even taking that to the other

20 prong which is the third prong with regard to the industry

21 norms, I think that the record is pretty clear that that's

22 undisputed.  We produced an expert, they didn't.  They had

23 the opportunity to depose our expert, they chose not to.  We

24 provided all of the information that Mr. Smith alluded to as

25 part of our Rule 26 obligation regarding the information

1  that Mr. Sinkowitz relied upon.  And Mr. Smith is attempting

2  now to attack the credibility of an expert during summary

3  judgment, but now, Your Honor, he had the chance during

4  deposition.  And, Your Honor, I think the record is close on

5  that point that we have an expert, they don't.  Our opinion

6  by our expert suggests and he establishes during -- in his

7  report that the ordinary course of business regarding the

8  industry norms have been established.

9          And with regard to the information that he has

10  provided, if you look at all the information, the transfers

11  with regard to this can only be avoided if they would fall

12  outside the broad range of the practice customary in the

13  creditors industry.  And I'm referring to the *Mona* Dicuscal

14  decision there, Your Honor.  And the information that Mr.

15  Sinkowitz, that he replied upon, certainly would be adequate

16  to show that the information was, in fact, within the

17  industry.

18          Again, it's a -- go on cases in this district,

19  even *Forklift* that the broad range of credit practices so

20  long as they're in harmony with the range of terms

21  prevailing in some relevant industry norms.  I think that's

22  clearly established by his report.

23          And finally, Your Honor, with regard to the

24  ordinary course of business.  There isn't anything somewhat

25  unique that would fall outside the broad range of the

1  industry practices.  This wasn't a case in which my client

2  new that the debtor was going under.  There isn't anything

3  that suggests that.  So I think, you know, as the whole

4  purpose of the ordinary course of business defense is Your

5  Honor that to keep the debtor dealing as they were even

6  outside the preference period is what they were doing.

7  There wasn't anything unsual that would really shock the

8  conscience of the Court in this instance.

9          Now with regard to the subsequent new value

10 defense, Your Honor.  I think that the Court -- if you go

11 that far.  I think we have a 100 percent no liability with

12 regard to ordinary course of business, but if Your Honor is

13 inclined to go down the road of the 547 subsequent new value

14 defense, the exposure is substantially reduced.  It's

15 reduced approximately $29,000 to $23,000.  And I think that

16 the information that we provided, the information we

17 provided in support of our motion and the affidavit that

18 includes the -- not only the invoice, but also the time

19 records show when Mr. Litner was at the debtors' -- at the

20 property, but whenever they were, in fact, working on behalf

21 of the debtor and that the payment that was received on

22 5/7/09 of $12,920 that the time records show that Mr. Litner

23 was there.  That he received compensation in the amount of

24 $4,080 for his work between 5/7/07 and 5/15/07.  And then

25 again there is a separate time entry, a time sheet that was

1   signed by the debtors' representative.  It was, in fact, I

2   believe the same individual who signed off on the payments

3   later on with regard to the missing invoices in 5/16/07 to

4   5/17/07 for another $1,360.  So the total amount of new

5   value that reduces the amount is $5,440.

6          So again, Your Honor, just in closing, I don't

7   think that the plaintiff has established it's burden

8   especially with regard to refutting the facts as we see

9   them.  Specifically, in regard to the 547 defenses, 547(c)

10  defenses, and I think you should -- the Court may grant our

11  motion with regard to ordinary course for the reasons I've

12  already stated and that they -- I've seen a number of cases,

13  Your Honor, and when the range there when the amount is

14  there and there aren't any issues with regard to unusual

15  facts and *** activies and so on for the board which aren't

16  here that here's certainly an ordinary course of business

17  expense.  Thank you, Your Honor.

18          THE COURT:  Thank you.  Mr. Schnitzer?

19          MR. SCHNITZER:  Your Honor, if I could just

20  respond briefly.

21          First, I think there's a disagreement as to the

22  standard.  The standard that Vector is asserting is that

23  well as long as your payments in the perference period are

24  within the historical range of the total payments, then

25  that's ordinary.  I don't believe that's the standard.  I

1   don't believe that's what the law, actual statute says or

2   what the case law holds.  It's not looking at the entire

3   ranges, that's why it's the ordinary course of business not

4   just the course of the business.  It would be a lot perhaps

5   easier if that were the case where you would just say

6   historical payments went from, you know, 200 to 300 so,

7   therefore, if payments in the perference period if they're

8   between 200 and 300 fine, but that's not the standard.  The

9   Courts look to the ordinary course of business.  And what

10  you see in the ordinary course of business here, you use

11  tools such as averages, medians.  You see what the ordinary

12  course was was to pay within terms.  You see in the

13  preference period the ordinary course was to pay outside of

14  terms.  They're not the same.

15          Second, Your Honor, Vector made a point of trying

16  to explain why that one invoice was paid late.  I submit

17  that you can't do that on a one off basis.  You can't pick

18  out one invoice that was paid really late and say okay, let

19  me explain why that one actually should be reduced by 60

20  days because of someone said they didn't have the invoice.

21  Someone may have gotten some later.  If you were to get in

22  that analysis, you would, in fact, have to do that to every

23  invoice to determine why every invoice individually was

24  paid.  And I'd also submit, Your Honor, a lost invoice,

25  assuming it was lost, multiple calls, and emails checking on

1  the invoice is unusual.  It's unusual at least because they

2  haven't shown that it was usual.  They haven't shown that

3  Vector regularly did that which would be their burden to

4  show.

5          Lastly, with respect to the expert, Your Honor.

6  Again, I think we have a difference of opinion as to what is

7  the standard.  Vector would submit that if party in a

8  litigation provides an expert report and if the other side

9  doesn't get their own expert or depose that person, case

10 over, they win, you have to accept everything the expert

11 says is true regardless of whether it actually says it's

12 ordinary or not, I don't think that's the situation.  If

13 that were the law, it would require experts to be deposed

14 just for the sake of deposing them.  We made a conscious

15 decision not to depose the expert.  And the reason why, Your

16 Honor, as fiduciaries, we have an obligation to the estate.

17 Counsel for Vector pointed out that if we wanted to depose

18 him under the rules we would have to pay for the expert's

19 fees to fly him to whereever we wanted to depose him and pay

20 him for his time in preparing for the deposition and taking

21 the deposition.  As a fiduciary, that did not make sense to

22 -- for the estate to incur that money.  But that doesn't

23 mean his then word is accepted 100 percent.  Similar to we

24 are not required to have an expert on something that's their

25 burden that they can't meet.  Thank you, Your Honor.

1              THE COURT:  Okay.

2              MR. MONZO:  Just one point, Your Honor, on that

3     last point.  Your Honor, the burden shifts, the burden

4     shifts.  Once I offer evidence, it is up to the plaintiff to

5     offer evidence alone.  And in response to that, we believe

6     we've established our burden with regard to both prongs of

7     ordinary course and we only have to show one.  And industry

8     standard, we offered evidence on that point.  So it would

9     then shift to the plaintiff to make a point on that to

10    refute that and they haven't done that.  So I'll leave with

11    that.  Thank you, Your Honor.

12             THE COURT:  All right, thank you.  Well I'll deal

13    with the plaintiffs' motion first.  And on the 547(b)

14    element of making a prima facie case, I will grant summary

15    judgment on all elements in favor of the plaintiff.  I think

16    and find that the disclosure statement and confirmation

17    order and the plan which are part of the docket in the main

18    case and from which the Court can take judicial notice,

19    verify and are evidence of what everybody knows is the case

20    that with common sense that these people who received these

21    preference payments received more than they would have in a

22    hypotehtical Chapter 7 liquidation.  Really it's frankly

23    silly to argue otherwise.

24             Give me just a sec.  Similarly, with the issue of

25    whether the transfers were property of the debtors' estate,

1  I think that the initial affidavit as supplemented albeit

2  after the discovery deadline, but not in violation of the

3  rules and indeed in compliane with the rules is sufficient

4  for -- to make the case abudently clear that this was

5  property of the debtor.  So I will grant summary judgment on

6  547(b) and deny defendants' motion on 547(b).

7           When it comes to the defenses asserted by

8  defendant, I will deny summary judgment completely on behalf

9  of both parties.  Frankly, I think the parties argument

10 indicates beyond any kind of reasonable doubt that these are

11 inherently factual issues for which there is material

12 disputed facts.  Just because you file an expert report

13 doesn't win the day.  I don't even know if I need an expert

14 report under Rule 701 to analyze the ordinary course

15 payments.  But even if I do, that doesn't mean the Court

16 can't weigh the actual facts itself.  That's one example.

17 On new value, I think there's an actual dispute over when

18 those invoices were received and when the new value, if any,

19 occurred.  A conduit theory is inherently a factual finding

20 because it's an equitable doctrine.  How the heck do I grant

21 summary judgment on an equitable case?  It doesn't make any

22 sense.  Again, there's clearly a dispute over the objective

23 and subjective ordinary course defenses.  This is at least

24 on the defenses' side a clear case of summary juydgment

25 motions, frankly, that shouldn't have been brought.

1         So anyway, I will grant plaintiffs' motion on

2  547(b) and deny defendants' motion on the same.  And I'll

3  deny the balance of both summary judgment motions by both

4  parties and I ask counsel to consult and submit an order.

5  All right, we're adjourned.

6         MR. SCHNITZER:  Thank you, Your Honor.

7         MR. MONZO:  Thank you, Your Honor.

8      (Whereupon, at 2:53 p.m., the hearing was adjourned.)

9

10                 CERTIFICATION

11        I certify that the foregoing is a correct

12  transcript from the electronic sound recording of the

13  proceedings in the above-entitled matter.

14

15

16  _____     19 July 2011

17  Traci L. Calaman, Transcriber        Date

| Word | Page:Line |
|---|---|
| 07-11047(css) | 1:4 |
| 09-51611(css) | 1:16 |
| 547(c)(2)(3) | 21:21 22:6 22:8 |
| able(1) | 8:8 |
| about(3) | 8:6 17:10 26:9 |
| aboveentitled (1) | 35:13 |
| absolutely(1) | 27:12 |
| abudently(1) | 34:4 |
| accept(1) | 32:10 |
| accepted(1) | 32:23 |
| according(9) | 10:15 13:22 14:4 14:25 16:8 25:15 25:23 25:25 26:8 |
| account(3) | 4:17 4:21 6:9 |
| accounts(5) | 4:14 6:5 6:12 21:12 25:20 |
| accurate(2) | 4:19 7:25 |
| acknowledged(1) | 26:5 |
| action(2) | 3:9 3:10 |
| activies(1) | 30:15 |
| activity(2) | 26:18 27:3 |
| actual(6) | 6:1 14:15 21:15 31:1 34:16 34:1 |
| actually(8) | 8:1 12:22 14:14 14:15 24:9 26:5 31:19 32:11 |
| add(2) | 4:22 10:5 |
| addition(1) | 5:25 |
| additional(1) | 27:10 |
| address(1) | 3:16 |
| adequate(1) | 28:15 |
| adjourned(2) | 35:5 35:8 |
| administered(1) | 1:5 |
| admissible(2) | 19:4 19:9 |
| admissions(1) | 5:24 |
| adv(1) | 1:16 |
| advantage(1) | 27:10 |
| affairs(1) | 22:12 |
| affidavit(6) | 4:24 6:2 11:6 14:9 29:17 34:1 |
| affirmatively(1) | 13:20 |
| after(12) | 8:1 8:4 13:9 16:15 18:5 18:8 19:5 24:12 24:16 25:16 25:17 34:2 |
| afternoon(2) | 3:4 20:25 |
| afterwards(1) | 6:17 |
| again(16) | 6:21 6:25 9:23 13:10 13:13 13:16 16:3 25:11 26:8 26:20 27:6 28:18 29:25 30:6 32:6 34:22 |
| against(2) | 1:18 3:9 |
| agency(1) | 16:25 |
| ago(1) | 7:25 |
| agreed(1) | 22:15 |
| agreement(4) | 16:22 17:1 18:15 18:19 |
| ahm(3) | 5:17 5:19 5:21 |
| alan(1) | 1:38 |
| albeit(1) | 34:1 |
| all(18) | 3:2 5:13 6:6 10:5 12:18 14:13 21:22 22:5 24:10 24:10 24:13 24:13 27:1 27:24 28:10 33:12 33:15 35:5 |
| allegation(1) | 20:15 |
| allege(1) | 16:21 |
| alleged(2) | 21:4 24:11 |
| allegedly(1) | 3:23 |
| allowed(1) | 18:15 |
| alluded(3) | 22:19 25:14 27:24 |
| alludes(1) | 27:5 |
| alone(1) | 33:5 |
| along(1) | 4:20 |
| already(2) | 18:9 30:12 |
| also(10) | 4:2 7:21 9:19 10:5 11:8 15:11 15:16 21:14 29:18 31:24 |
| although(1) | 15:4 |
| american(20) | 1:13 4:8 4:17 5:25 8:3 13:20 16:13 16:22 17:2 17:3 17:5 17:24 17:25 18:1 18:7 18:9 18:11 18:13 25:21 26:6 |
| amount(7) | 23:11 23:17 24:15 29:23 30:4 30:5 30:13 |
| analysis(23) | 7:7 7:10 7:14 7:17 7:18 7:20 7:23 7:24 8:9 8:12 21:8 22:5 23:20 23:23 24:2 24:10 24:20 24:24 24:24 25:1 26:4 26:23 31:22 |
| analyst(1) | 4:14 |
| analyze(1) | 34:14 |
| and(163) | 3:12 3:24 4:7 4:8 4:19 4:19 4:23 5:7 5:16 5:19 6:1 6:8 6:14 6:18 7:7 7:10 8:2 8:6 8:10 8:10 8:15 8:16 8:18 9:3 9:16 9:23 9:24 10:2 10:6 10:7 10:7 10:13 11:2 11:14 11:18 11:23 12:12 12:16 12:22 13:4 13:14 14:8 14:20 14:23 15:1 15:15 15:15 16:14 16:17 16:17 17:7 17:8 17:10 17:13 17:14 18:17 19:6 19:7 19:20 20:1 20:9 20:17 21:4 21:14 21:20 22:2 22:7 22:13 22:15 22:18 22:24 23:2 23:4 23:6 23:9 23:13 23:14 23:19 23:20 23:22 23:24 24:2 24:2 24:6 24:11 24:13 24:15 24:17 24:22 24:23 24:24 24:25 25:3 25:3 25:5 25:6 25:9 25:10 25:11 25:14 25:15 25:17 25:18 25:19 26:1 26:5 26:11 26:13 26:17 26:21 26:21 27:2 27:7 27:9 28:1 28:4 28:6 28:9 28:13 28:14 28:23 29:15 29:17 29:21 29:24 29:24 30:10 30:12 30:13 30:14 30:15 30:15 31:9 31:18 31:24 31:25 32:8 32:15 32:17 32:20 33:5 33:7 33:7 33:10 33:13 33:16 33:16 33:17 33:19 34:3 34:6 34:18 34:23 35:2 35:2 35:4 35:4 |
| another(1) | 30:4 |
| answering(3) | 12:10 17:8 17:9 |
| any(13) | 15:13 17:19 22:9 22:20 23:10 25:23 26:18 27:3 27:10 30:14 34:10 34:18 34:21 |
| anything(6) | 9:2 21:23 27:9 28:24 29:2 |
| anyway(1) | 35:1 |
| apologize(2) | 5:4 6:19 |
| apparently(1) | 5:5 |
| appears(3) | 7:10 7:12 27:3 |
| application(2) | 11:11 23:21 |
| applied(2) | 11:14 11:16 |
| applies(1) | 15:3 |
| approximately(4) | 4:14 18:5 26:10 29:15 |
| april(2) | 12:3 12:20 |
| archway(1) | 23:3 |
| are(31) | 3:22 4:6 4:18 4:22 5:24 7:9 8:5 8:5 8:22 9:2 10:9 10:14 11:5 14:22 16:9 17:22 19:1 19:2 20:12 22:6 22:7 25:5 25:5 25:12 25:15 25:24 30:23 32:24 33:1 33:19 34:10 |
| aren't(2) | 30:14 30:15 |
| argue(1) | 33:23 |
| argument(2) | 21:5 34:9 |
| arrangement(1) | 22:14 |
| ask(1) | 35:4 |
| asked(5) | 19:14 19:15 20:4 20:4 20:19 |
| asking(2) | 12:21 19:21 |
| asserted(1) | 34:7 |
| asserting(2) | 16:15 30:22 |
| asset(1) | 8:3 |
| assets(1) | 8:5 |
| assistance(1) | 3:13 |
| assume(6) | 13:23 14:13 14:14 15:7 16:6 16:15 |
| assumed(1) | 16:5 |
| assuming(1) | 31:25 |
| assumptions(1) | 14:20 |
| attach(1) | 14:9 |
| attached(4) | 4:11 4:18 12:15 25:3 |
| attack(1) | 28:2 |
| attempting(1) | 28:1 |
| avenue(2) | 1:33 2:6 |
| average(8) | 9:7 9:9 9:13 9:14 9:22 10:16 16:7 26:13 |
| averages(1) | 31:11 |
| avoided(1) | 28:11 |
| aware(1) | 22:7 |
| back(3) | 4:19 12:17 26:8 |
| bad(1) | 8:19 |
| balance(1) | 35:3 |
| bank(3) | 4:17 4:21 6:9 |
| bankruptcy(5) | 1:1 1:26 9:1 9:20 17:23 |
| barnhart(1) | 23:24 |
| base(2) | 16:11 26:15 |
| based(4) | 8:24 9:17 20:11 24:20 |
| basing(2) | 14:15 14:18 |
| basis(3) | 14:5 15:12 31:17 |
| batch(1) | 19:23 |
| bates(1) | 25:3 |
| because(27) | 8:18 10:9 10:11 10:14 10:21 10:23 12:2 14:8 14:17 15:13 15:17 15:21 17:15 17:21 18:6 18:14 18:19 19:18 19:22 19:24 20:4 21:25 24:19 31:20 32:1 34:12 34:20 |
| been(7) | 7:5 7:13 13:20 14:1 19:16 28:8 34:25 |
| before(2) | 1:25 17:24 |
| beginning(1) | 7:12 |
| behalf(4) | 3:5 21:1 29:20 34:8 |
| being(6) | 4:13 16:10 20:13 20:14 20:16 10:12 11:3 15:5 15:11 21:10 24:2 24:20 25:24 30:2 30:25 31:1 33:5 |
| believes(1) | 27:17 |
| belinda(2) | 4:11 12:13 |
| between(11) | 9:15 12:2 12:3 14:2 22:23 23:1 24:6 24:11 24:14 29:24 31:8 |
| beyond(1) | 34:10 |
| big(1) | 8:5 |
| billion(2) | 8:8 8:11 |
| blank(1) | 1:37 |
| board(1) | 30:15 |
| both(8) | 3:12 19:2 19:6 25:11 33:6 34:9 35:3 35:3 |
| bottom(5) | 5:18 12:21 13:8 13:9 13:15 |
| brief(9) | 4:23 4:25 5:1 5:3 5:12 12:10 17:8 17:9 25:2 |
| briefly(2) | 20:9 30:20 |
| broad(3) | 28:12 28:19 28:25 |
| brought(1) | 34:25 |
| burden(10) | 15:9 19:6 20:7 21:5 30:7 32:3 32:25 33:3 33:3 33:6 |
| business(21) | 8:2 14:2 14:3 14:5 15:9 17:19 18:12 21:21 22:12 22:20 25:7 27:16 28:7 28:24 29:4 29:12 30:16 31:3 31:4 31:9 31:10 |
| businesses(1) | 17:21 |
| but(36) | 3:11 6:20 6:21 7:15 7:18 8:20 9:15 10:1 10:20 10:24 11:20 11:23 12:7 13:1 13:6 14:12 15:6 15:11 16:3 19:8 21:13 22:4 23:1 24:15 25:25 27:6 27:14 27:19 28:3 29:12 29:18 29:20 31:8 32:22 34:2 34:15 |
| calendar(1) | 3:7 |
| call(1) | 3:24 |
| called(2) | 19:13 19:16 |
| calls(3) | 8:18 10:6 31:25 |
| came(1) | 6:2 |
| can(12) | 4:6 8:7 11:24 12:16 12:21 13:4 13:18 15:25 18:13 20:16 28:11 33:18 |
| can't(4) | 31:17 31:17 32:25 34:16 |
| cannot(2) | 20:7 20:7 |
| case(32) | 1:4 7:14 7:19 7:22 8:3 8:10 8:14 8:17 8:20 8:24 8:25 9:3 9:5 11:17 15:7 16:18 17:18 20:12 20:15 20:17 23:3 23:24 29:1 31:2 31:5 32:9 33:14 33:18 33:19 34:4 34:21 34:24 |
| cases(6) | 7:9 7:9 7:11 7:11 28:18 30:12 |
| cash(1) | 7:16 |
| categories(1) | 4:5 |
| certainly(2) | 28:15 30:16 |
| certification(1) | 35:10 |
| certify(1) | 35:11 |
| chain(4) | 13:8 25:18 25:25 27:4 |
| challenge(2) | 7:6 11:15 |
| chance(1) | 28:3 |
| change(3) | 9:9 10:19 15:13 |
| changed(2) | 11:21 11:23 |
| chapter(7) | 1:7 3:24 6:25 7:4 7:11 8:13 33:22 |
| check(5) | 8:20 11:13 11:16 13:17 27:1 |
| checking(1) | 31:25 |
| checks(6) | 4:6 6:1 6:8 11:9 11:10 25:4 |
| chief(1) | 5:6 |
| chose(1) | 27:23 |
| christopher(1) | 1:25 |
| circumstance(1) | 27:6 |
| cited(1) | 8:25 |
| claim(8) | 8:6 11:25 12:1 15:23 16:10 16:13 16:17 20:11 |
| claims(1) | 20:13 |
| clarify(1) | 21:2 |
| clear(6) | 8:24 23:23 24:21 27:21 34:4 34:2 |
| cleared(2) | 4:9 4:21 |
| clearly(3) | 13:22 28:22 34:22 |
| clerk(1) | 3:2 |
| client(2) | 23:21 29:1 |
| close(1) | 28:4 |
| closing(1) | 30:6 |
| collection(4) | 10:6 10:6 26:18 27:3 |
| color(1) | 9:20 |
| comes(2) | 25:13 34:7 |
| common(1) | 33:20 |
| companies(2) | 14:23 14:24 |
| company(1) | 15:5 |
| comparable(1) | 25:7 |
| comparing(1) | 14:24 |
| compensation(1) | 29:23 |
| competing(1) | 33:8 |
| completely(1) | 34:8 |
| compliance(1) | 6:12 |
| compliane(1) | 34:3 |
| comply(1) | 6:14 |
| concern(2) | 8:17 23:10 |
| conclude(1) | 23:14 |
| concludes(3) | 14:19 14:21 14:22 |
| concluding(1) | 15:2 |
| conclusion(5) | 14:15 15:14 15:17 16:6 16:7 |
| concurrently(1) | 5:19 |
| condition(1) | 27:11 |
| conduit(7) | 16:10 16:13 16:19 17:11 18:10 18:21 34:19 |
| confirmation(1) | 33:16 |
| confirmed(1) | 7:15 |
| conscience(1) | 29:8 |
| conscious(2) | 32:14 |
| consider(1) | 10:10 |
| consideration(2) | 8:5 10:3 |
| considered(1) | 20:7 |
| consistent(1) | 24:4 |
| consistently(2) | 26:12 26:12 |
| consult(1) | 35:4 |
| consulting(5) | 1:20 2:4 3:9 5:6 13:16 |
| contemporaneous(1) | 13:25 |
| continued(1) | 2:2 |
| continues(1) | 13:6 |
| contract(3) | 22:14 22:15 23:8 |

| Word | Page:Line |
|---|---|
| control(3) | 11:11 11:19 16:20 |
| controlling(2) | 24:1 25:25 |
| cookies(1) | 23:3 |
| copies(1) | 4:19 |
| corona(1) | 5:4 |
| corp(1) | 4:8 |
| corporation(1) | 4:18 |
| correct(6) | 5:3 12:12 16:7 20:16 24:2 35:1 |
| correctly(1) | 5:5 |
| could(3) | 7:4 8:16 30:19 |
| counsel(4) | 22:19 25:14 32:17 35:4 |
| couple(1) | 8:22 |
| course(23) | 8:23 10:24 14:2 21:20 22:12 23:8 25:6 27:16 28:7 28:24 29:4 29:12 30:11 30:16 31:3 31:4 31:9 31:10 31:12 31:13 33:7 34:14 34:23 |
| court(39) | 1:1 3:3 3:15 3:20 4:25 5:2 5:9 5:11 5:13 5:15 5:22 6:13 8:16 9:1 9:17 9:20 9:21 11:10 11:12 11:18 12:11 12:14 12:18 13:1 13:3 13:24 20:24 23:4 23:5 23:25 27:2 29:8 29:10 30:10 30:18 33:1 33:12 33:18 34:15 |
| courtroom(1) | 1:9 |
| courts(1) | 31:9 |
| covers(1) | 14:2 |
| credibility(1) | 28:2 |
| credit(3) | 18:10 18:11 28:19 |
| creditor(3) | 7:2 7:5 27:10 |
| creditors(3) | 7:20 8:18 28:13 |
| current(1) | 14:17 |
| currently(1) | 4:12 |
| customary(1) | 28:12 |
| data(9) | 1:45 10:20 11:1 14:16 14:16 14:19 15:13 15:19 15:20 |
| date(7) | 4:9 4:20 23:24 23:25 24:21 24:22 25:4 |
| dated(2) | 12:23 13:15 |
| dates(1) | 24:12 |
| day(31) | 9:7 9:7 9:10 9:12 9:15 9:22 10:1 10:1 10:2 10:2 10:4 10:5 13:19 13:21 14:23 14:23 15:1 15:2 15:8 24:12 24:13 24:15 24:16 25:7 25:9 25:10 25:16 25:16 25:17 26:11 31:20 |
| deadline(1) | 34:2 |
| deal(1) | 33:12 |
| dealing(1) | 29:5 |
| dealings(1) | 23:7 |
| debt(1) | 22:11 |
| debtor(12) | 4:17 17:12 20:14 20:14 20:17 22:13 22:16 22:18 29:2 29:21 34:5 |
| debtors(14) | 1:10 3:23 4:4 4:14 4:21 6:9 17:16 21:10 22:11 22:20 27:11 29:19 30:1 33:25 |
| decision(5) | 8:25 9:19 26:14 28:14 32:15 |
| declaration(10) | 4:10 4:16 4:18 5:4 5:7 5:9 6:8 6:22 12:13 21:13 |
| defendant(11) | 1:22 11:13 11:15 11:18 11:20 17:12 17:13 17:19 18:22 21:1 34:8 |
| defendants(3) | 17:19 34:6 35:2 |
| defense(6) | 16:19 17:11 18:21 29:4 29:10 29:14 |
| defenses(9) | 3:12 8:22 21:20 24:1 30:9 30:10 34:7 34:23 34:24 |
| delaware(6) | 1:1 1:11 2:6 3:1 8:25 9:20 |
| denied(4) | 10:22 10:25 15:11 20:8 |
| deny(5) | 15:12 34:6 34:8 35:2 35:3 |
| depose(5) | 27:23 32:9 32:15 32:17 32:19 |
| deposed(1) | 32:13 |
| deposing(1) | 32:14 |
| deposition(3) | 28:4 32:20 32:21 |
| describe(1) | 23:19 |
| deteriorating(1) | 27:11 |
| determine(1) | 31:23 |
| determines(1) | 15:8 |
| diaz(1) | 1:45 |
| dicuscal(1) | 28:13 |
| did(13) | 6:16 17:23 18:7 19:23 20:2 23:14 24:21 25:21 25:22 26:1 26:1 32:3 32:21 |
| didn't(8) | 10:13 16:20 16:21 18:17 20:2 26:20 27:22 31:20 |
| difference(11) | 3:11 9:10 10:12 10:14 12:2 12:3 12:4 12:5 12:6 16:4 32:6 |
| differently(1) | 26:25 |
| direct(1) | 16:24 |
| directly(1) | 9:2 |
| disagreement(1) | 30:21 |
| disclosure(1) | 33:16 |
| discovery(7) | 6:6 6:13 6:14 19:12 19:13 19:25 34:2 |
| discrepancies(1) | 10:9 |
| discuss(1) | 14:12 |
| dismissal(1) | 20:19 |
| dismissed(1) | 20:11 |
| dispute(14) | 3:23 3:25 6:24 7:1 7:1 7:2 7:6 11:15 22:9 23:19 23:20 34:17 34:22 |
| disputed(1) | 34:12 |
| distribution(1) | 8:15 |
| distributions(2) | 7:19 7:21 |
| district(3) | 1:2 9:1 28:18 |
| docket(2) | 25:2 33:17 |
| doctrine(1) | 34:20 |
| document(3) | 6:15 6:17 20:3 |
| documents(5) | 10:15 11:7 19:15 19:23 |
| does(2) | 11:15 15:9 |
| doesn't(10) | 8:11 14:11 15:18 16:4 18:15 32:9 32:22 34:13 34:15 34:21 |
| doing(1) | 29:6 |
| dollars(2) | 8:8 8:12 |
| don't(17) | 10:10 10:12 11:3 11:21 15:4 15:22 19:7 22:9 22:13 22:20 27:19 28:5 30:6 30:25 31:1 32:12 34:13 |
| done(2) | 20:20 33:10 |
| doubt(1) | 34:10 |
| down(4) | 5:16 5:18 25:13 29:13 |
| drastic(1) | 9:12 |
| dropped(1) | 9:16 |
| due(6) | 7:16 12:23 13:10 13:13 13:19 13:23 |
| during(7) | 5:17 5:21 24:7 25:8 28:2 28:3 28:6 |
| each(1) | 4:20 |
| earlier(1) | 20:12 |
| early(1) | 7:12 |
| easier(1) | 31:5 |
| ecro(1) | 1:43 |
| edge(1) | 8:16 |
| edward(2) | 1:31 3:5 |
| effective(2) | 7:16 7:17 |
| effectively(2) | 17:15 18:20 |
| either(1) | 15:2 |
| electronic(2) | 1:51 35:12 |
| element(7) | 3:25 6:24 6:25 8:14 21:9 22:9 33:14 |
| elements(7) | 3:12 3:22 3:22 8:21 21:6 22:6 33:15 |
| email(14) | 12:16 12:19 12:20 12:23 13:7 13:8 13:9 13:10 13:14 13:25 25:18 25:20 25:25 27:4 |
| emails(3) | 10:6 11:4 31:25 |
| employ(1) | 17:2 |
| employed(3) | 4:12 4:13 4:13 |
| employee(2) | 16:12 18:24 |
| employees(1) | 17:20 |
| ends(2) | 6:9 8:21 |
| engaged(2) | 23:7 23:11 |
| enough(1) | 13:8 |
| entire(1) | 31:2 |
| entirely(1) | 11:5 |
| entities(1) | 17:20 |
| entitled(1) | 19:22 |
| entry(1) | 29:25 |
| equitable(2) | 34:20 34:21 |
| eric(2) | 2:5 20:25 |
| escrow(1) | 16:25 |
| especially(4) | 21:7 21:12 23:2 30:8 |
| esq(4) | 1:31 1:32 1:38 2:5 |
| essentially(5) | 4:5 14:7 14:21 16:11 16:14 |
| establish(2) | 16:21 22:8 |
| established(7) | 16:18 22:24 27:16 28:8 28:22 30:7 33:6 |
| establishes(2) | 23:25 28:6 |
| estate(3) | 32:16 32:22 33:25 |
| even(26) | 6:11 8:7 10:8 10:12 13:6 15:1 15:7 15:11 15:11 16:1 16:4 16:5 16:6 16:21 18:17 24:17 24:19 25:23 26:4 26:15 27:17 27:19 28:19 29:5 34:13 34:15 |
| every(3) | 11:19 31:22 31:23 |
| everybody(1) | 33:19 |
| everything(2) | 16:5 32:10 |
| evidence(8) | 4:5 10:5 19:4 19:9 33:4 33:5 33:8 33:19 |
| evidentiary(1) | 21:10 |
| example(3) | 11:23 18:3 34:16 |
| examples(1) | 5:23 |
| excuse(1) | 22:21 |
| executive(1) | 5:6 |
| exhibit(9) | 4:10 4:18 5:9 5:10 5:11 6:23 12:12 12:15 25:2 |
| expect(3) | 12:22 13:4 13:18 |
| expected(1) | 15:19 |
| expense(1) | 30:17 |
| expert(28) | 14:7 14:8 14:10 14:12 14:13 14:19 15:2 15:6 15:15 19:18 19:20 19:21 20:1 23:12 24:22 27:22 27:23 28:2 28:5 28:6 32:5 32:8 32:9 32:10 32:24 34:12 34:13 |
| expert's(1) | 32:18 |
| experts(1) | 32:13 |
| explain(4) | 10:8 15:15 31:16 31:19 |
| explains(1) | 15:6 |
| explanation(2) | 16:1 16:2 |
| exposure(1) | 29:14 |
| extended(1) | 18:10 |
| extension(1) | 18:10 |
| face(1) | 4:7 |
| facie(1) | 33:14 |
| fact(17) | 4:1 10:11 10:23 11:1 13:21 16:11 18:17 18:17 21:24 23:14 23:15 23:23 27:18 28:16 29:20 30:1 31:22 |
| factor(2) | 26:24 27:2 |
| factors(1) | 23:5 |
| facts(10) | 6:1 6:1 9:2 9:17 15:11 20:11 30:8 30:15 34:12 34:16 |
| factual(4) | 7:1 10:9 34:11 34:19 |
| fall(4) | 17:11 24:14 28:11 28:25 |
| falls(1) | 26:11 |
| far(1) | 29:11 |
| favor(2) | 4:3 33:15 |
| february(1) | 18:4 |
| fees(2) | 32:19 |
| few(1) | 12:5 |
| fiduciaries(1) | 32:16 |
| fiduciary(1) | 32:21 |
| file(2) | 17:22 34:12 |
| final(1) | 27:11 |
| finally(2) | 27:9 28:23 |
| financial(1) | 22:12 |
| find(2) | 4:24 33:16 |
| finding(1) | 34:19 |
| fine(3) | 3:20 6:21 31:8 |
| firm(1) | 16:25 |
| first(20) | 5:20 6:6 8:23 12:19 13:15 14:6 14:13 19:3 19:9 20:19 21:9 21:22 22:5 22:9 22:21 22:21 23:6 27:13 30:21 33:13 |
| five(2) | 4:15 23:4 |
| flawed(3) | 14:16 22:6 24:20 |
| flip(1) | 5:19 |
| flow(1) | 17:12 |
| fly(1) | 32:19 |
| focus(1) | 21:17 |
| for(59) | 1:2 1:30 2:4 3:4 3:11 3:17 3:18 4:7 4:11 4:14 7:13 10:25 11:7 11:22 13:11 13:13 14:5 14:11 14:16 14:23 14:23 15:9 15:10 15:17 15:24 17:22 18:1 18:2 18:3 18:4 18:7 18:7 18:18 18:13 19:14 19:15 19:16 19:21 20:4 20:6 20:8 21:4 21:6 21:19 21:23 26:16 26:16 29:24 30:4 30:11 30:15 32:14 32:17 32:18 32:20 32:20 32:22 34:4 34:11 |
| forced(1) | 17:22 |
| foregoing(1) | 35:11 |
| forklift(5) | 9:1 9:13 9:14 26:14 28:19 |
| found(4) | 9:3 9:17 9:21 20:17 26:17 |
| four(5) | 5:17 12:16 24:10 24:10 25:5 |
| fourth(2) | 17:4 27:2 |
| frankly(3) | 33:22 34:9 34:25 |
| fraudulent(3) | 20:10 20:15 20:21 |
| friday(1) | 3:1 |
| from(32) | 3:5 4:16 5:8 5:18 6:2 6:9 7:12 7:12 8:18 8:25 9:21 9:22 9:23 9:24 10:17 10:19 11:4 12:21 13:9 13:16 13:24 14:9 17:9 17:12 17:12 19:24 20:12 23:24 25:22 31:6 33:18 35:12 |
| front(1) | 4:19 |
| full(1) | 7:4 |
| funds(2) | 16:20 16:25 |
| further(1) | 6:14 |
| gain(1) | 27:10 |
| gave(2) | 5:23 20:1 |
| general(1) | 11:11 |
| get(9) | 9:7 7:4 7:6 8:18 8:20 10:20 18:7 22:24 31:21 32:9 |
| give(5) | 11:23 18:3 20:2 27:10 33:24 |
| giving(1) | 15:13 |
| goes(1) | 9:9 |
| going(4) | 8:19 9:22 26:19 29:2 |
| good(4) | 3:4 13:7 17:11 20:25 |
| gotten(1) | 31:21 |
| governed(1) | 22:14 |
| grant(6) | 24:19 30:10 33:14 34:5 34:20 |
| granted(3) | 4:3 10:23 24:18 |
| granting(1) | 9:3 |
| greater(1) | 9:10 |
| had(17) | 7:3 8:3 9:13 9:14 16:11 17:14 18:8 18:18 18:22 19:7 19:23 19:24 20:18 20:19 27:22 28:3 |
| hahn(2) | 1:30 3:5 |
| half(1) | 18:4 |

| Word | Page:Line |
|---|---|
| happened(6) | 14:18 17:17 17:18 18:23 19:19 |
| happens(1) | 9:8 |
| harmony(1) | 28:20 |
| harrisburg(1) | 1:47 |
| has(12) | 3:15 11:18 17:12 17:15 17:16 17:16 18:15 18:19 23:4 23:10 28:9 30:7 |
| hasn't(1) | 14:1 |
| hate(1) | 8:19 |
| have(46) | 3:11 6:13 6:14 7:5 7:8 7:13 8:11 8:15 8:16 8:19 9:5 11:24 12:7 13:20 15:2 15:7 16:19 16:22 17:13 17:20 17:20 18:2 18:18 18:23 19:3 19:3 19:13 19:16 20:5 22:1 22:8 23:7 28:5 28:8 29:11 31:20 31:21 31:22 32:6 32:10 32:16 32:18 32:24 33:7 33:21 34:25 |
| haven't(4) | 19:8 32:2 32:2 33:10 |
| having(1) | 8:19 |
| he's(4) | 14:14 14:15 14:18 15:13 |
| heading(1) | 12:22 |
| heard(2) | 11:4 20:12 |
| hearing(2) | 14:12 35:8 |
| hearsay(1) | 14:9 |
| heck(1) | 34:20 |
| help(1) | 13:11 |
| her(4) | 4:16 6:8 21:13 21:14 |
| here(22) | 7:8 8:6 9:23 10:9 11:9 11:17 15:3 15:8 16:22 16:24 17:10 17:17 17:18 18:22 21:3 21:18 25:1 25:6 25:15 30:16 31:10 |
| here's(5) | 12:7 14:21 16:18 19:19 30:16 |
| herring(1) | 6:4 |
| hessen(1) | 1:30 |
| hesson(1) | 3:5 |
| hey(1) | 26:19 |
| him(5) | 17:4 32:18 32:19 32:19 32:20 |
| himself(1) | 15:18 |
| his(17) | 5:7 14:15 14:17 14:18 14:20 15:8 15:17 16:6 16:16 23:13 23:14 24:23 28:6 28:22 29:24 32:20 32:23 |
| historic(3) | 24:3 25:8 25:11 |
| historical(6) | 9:22 10:16 10:19 24:6 30:24 31:6 |
| historically(2) | 9:6 10:4 |
| history(1) | 23:8 |
| hold(1) | 18:16 |
| holding(1) | 16:25 |
| holdings(1) | 1:8 |
| holds(1) | 31:2 |
| home(21) | 1:7 1:13 4:8 4:17 5:25 8:3 13:20 16:13 16:23 17:2 17:3 17:7 17:25 18:1 18:7 18:9 18:11 18:13 25:21 26:6 |
| honor(81) | 3:4 3:7 3:9 3:15 3:21 4:22 4:24 6:3 6:6 7:14 8:1 8:10 8:13 8:17 8:21 8:23 10:10 10:20 11:8 11:17 12:8 12:23 13:7 13:14 14:1 14:24 15:4 15:15 15:21 16:4 16:9 16:17 17:9 18:22 19:1 19:19 20:3 20:9 20:11 20:23 20:25 21:3 21:17 22:7 22:24 23:1 23:2 23:10 23:12 23:16 24:17 24:19 24:21 24:21 25:5 25:14 26:10 27:13 27:17 28:3 28:9 28:14 28:23 29:5 29:10 29:12 30:6 30:13 30:17 30:19 31:15 31:24 32:5 32:16 32:25 33:2 33:3 33:11 35:6 35:7 |
| honorable(1) | 1:25 |
| hook(1) | 17:6 |
| hope(1) | 8:10 |
| how(4) | 7:25 11:16 18:6 34:20 |
| however(1) | 24:21 |
| huge(6) | 9:10 10:2 10:19 12:2 12:3 12:4 |
| hypothetical(1) | 33:22 |
| hypothetical(2) | 3:25 6:25 |
| i'd(1) | 31:24 |
| i'll(5) | 10:7 22:24 33:10 33:12 35:2 |
| i'm(10) | 4:24 5:5 5:7 9:25 12:9 15:18 20:16 25:1 27:15 28:13 |
| i've(2) | 30:11 30:12 |
| important(1) | 17:10 |
| importantly(4) | 4:9 11:8 11:20 17:7 |
| impossible(1) | 13:24 |
| inadmissible(1) | 14:8 |
| inc(2) | 1:8 1:20 |
| inclined(1) | 29:13 |
| include(1) | 11:10 |
| includes(1) | 29:18 |
| incorporate(1) | 14:10 |
| incorrect(1) | 14:19 |
| increase(3) | 9:24 10:1 10:2 |
| incur(1) | 32:22 |
| incurred(1) | 22:11 |
| indeed(1) | 34:3 |
| indicates(1) | 34:10 |
| indiscernible(1) | 21:21 |
| individual(3) | 16:16 16:23 30:2 |
| individually(1) | 31:23 |
| industry(15) | 14:22 15:18 15:20 15:23 15:24 23:1 23:13 27:20 28:8 28:13 28:17 28:21 29:1 33:7 |
| information(18) | 14:17 14:18 19:21 19:22 20:5 21:11 21:12 24:22 24:23 26:9 27:24 27:25 28:9 28:10 28:14 28:16 29:16 29:18 29:21 |
| inherently(2) | 34:11 34:19 |
| initial(1) | 34:1 |
| instance(4) | 7:3 14:16 18:2 29:8 |
| intent(1) | 3:16 |
| interest(3) | 3:23 21:9 |
| into(5) | 7:7 8:4 10:3 10:20 22:24 |
| invoice(37) | 12:3 12:20 12:23 12:25 13:4 13:4 13:10 13:13 13:18 13:21 14:1 19:4 19:7 19:11 19:14 20:6 20:6 24:12 24:16 25:10 25:17 25:17 25:25 26:5 26:7 26:17 27:4 27:7 29:18 31:16 31:18 31:20 31:23 31:24 32:1 |
| invoiced(1) | 25:8 |
| invoices(21) | 9:6 9:7 9:8 9:11 9:15 11:25 13:11 13:12 13:17 18:3 19:2 19:15 25:9 25:14 25:15 25:22 25:22 26:1 27:5 30:3 34:18 |
| isn't(3) | 30:21 28:24 29:2 |
| issue(15) | 4:1 4:2 10:11 10:23 11:1 11:3 14:3 21:24 21:25 22:13 22:17 25:13 26:24 27:18 33:24 |
| issued(1) | 27:8 |
| issues(6) | 7:16 16:9 21:3 21:11 30:14 34:1 |
| it's(43) | 3:10 6:21 7:2 7:25 9:1 9:25 10:1 10:2 10:17 10:18 10:23 11:2 11:3 14:1 11:22 12:3 13:1 13:15 13:16 13:21 15:1 15:3 15:5 15:6 15:12 16:24 18:2 18:20 19:24 18:25 24:2 25:2 25:3 25:4 28:18 29:14 30:7 31:2 31:3 32:1 32:11 33:22 34:20 |
| item(1) | 4:23 |
| its(2) | 17:23 18:11 |
| itself(5) | 3:14 6:22 14:8 18:18 34:16 |
| james(1) | 2:4 |
| jointly(1) | 1:5 |
| jones(4) | 4:11 6:1 12:13 21:13 |
| joseph(1) | 1:32 |
| judge(3) | 1:25 1:26 9:3 |
| judgment(20) | 3:8 3:17 3:19 4:2 4:11 9:21 10:11 11:7 12:24 21:19 21:23 22:2 22:3 28:3 33:15 34:5 34:8 34:21 35:3 |
| judicial(3) | 2:13 33:18 |
| july(6) | 1:13 3:1 12:1 12:5 26:9 35:16 |
| jumping(1) | 9:13 |
| june(12) | 12:1 12:5 12:23 12:25 13:10 13:15 13:19 13:21 13:23 13:25 25:19 26: |
| just(19) | 5:24 5:25 8:6 9:17 9:25 12:8 15:16 18:23 20:9 21:2 23:24 30:6 30:19 31:4 31:5 32:14 33:2 33:24 34:12 |
| juydgment(1) | 34:24 |
| keep(2) | 17:14 29:5 |
| kept(1) | 18:18 |
| kind(1) | 34:10 |
| knew(1) | 11:20 |
| know(18) | 7:25 9:25 11:21 11:22 13:3 13:12 13:16 13:18 15:18 15:21 15:23 18:19 20:13 20:16 23:2 29:3 31:6 34:13 |
| knowledge(1) | 21:14 |
| knows(3) | 6:13 11:11 33:19 |
| labeled(1) | 25:3 |
| lacked(1) | 16:20 |
| large(2) | 8:20 14:24 |
| last(3) | 13:14 21:2 33:3 |
| lastly(3) | 10:7 20:9 32:5 |
| late(3) | 25:23 31:16 31:18 |
| later(8) | 9:12 10:8 18:8 18:13 26:3 27:8 30:3 31:21 |
| latter(1) | 18:4 |
| law(4) | 6:2 16:18 16:25 31:1 31:2 32:13 |
| least(4) | 16:1 19:13 32:1 34:23 |
| leave(1) | 33:10 |
| legal(1) | 7:1 |
| legitimate(2) | 4:1 7:1 |
| length(2) | 23:6 23:9 |
| leslie(1) | 1:43 |
| less(2) | 26:2 26:10 |
| let(8) | 10:20 11:23 13:3 13:11 13:18 15:16 21:15 31:18 |
| let's(2) | 14:13 14:14 |
| letter(2) | 19:21 26:21 |
| liability(1) | 29:11 |
| liable(1) | 16:14 |
| light(1) | 27:11 |
| like(7) | 8:15 9:19 9:25 14:16 16:24 20:2 20:17 |
| linder(10) | 16:15 17:3 17:4 17:24 17:25 18:4 18:9 18:16 18:17 22:18 |
| lines(2) | 5:16 5:18 |
| liquidating(1) | 3:6 |
| liquidation(12) | 7:7 7:10 7:14 7:17 7:18 7:20 7:23 7:24 8:9 8:12 21:7 33:22 |
| litigation(1) | 32:8 |
| litner(2) | 29:19 29:22 |
| llp(2) | 1:30 1:37 |
| locate(1) | 6:15 |
| located(2) | 6:17 6:18 |
| long(3) | 7:16 28:20 30:23 |
| look(15) | 4:6 4:10 11:8 12:7 13:1 15:25 17:8 17:17 18:2 23:4 23:5 23:12 27:2 28:10 31:9 |
| looked(1) | 15:20 |
| looking(5) | 15:25 24:2 24:25 26:14 31:2 |
| looks(1) | 15:19 |
| lost(3) | 26:17 31:24 31:25 |
| lot(2) | 8:18 31:4 |
| made(21) | 3:16 3:18 4:16 5:17 5:25 14:4 14:25 15:8 16:8 16:10 17:9 21:15 24:11 25:7 25:10 25:10 25:16 25:17 31:15 32:14 |
| madison(1) | 1:33 |
| main(2) | 8:3 33:17 |
| make(11) | 10:12 10:14 12:8 15:16 15:21 16:4 16:18 32:21 33:9 34:4 34:21 |
| makes(3) | 12:2 12:3 12:4 |
| making(1) | 33:14 |
| manver(1) | 5:4 |
| march(1) | 18:5 |
| margin(1) | 18:20 |
| market(2) | 1:10 1:39 |
| material(7) | 4:1 10:11 10:23 11:1 21:24 27:18 34:11 |
| matter(5) | 3:7 14:11 16:13 26:25 35:13 |
| matters(2) | 15:4 20:20 |
| may(3) | 18:8 30:10 31:21 |
| mean(2) | 32:23 34:15 |
| medians(1) | 31:11 |
| meet(2) | 20:7 32:25 |
| mention(1) | 16:10 |
| mere(1) | 16:10 |
| merican(1) | 1:7 |
| mind(1) | 11:24 |
| misplaced(1) | 27:7 |
| missing(1) | 30:3 |
| moment(1) | 6:22 |
| mona(1) | 28:13 |
| money(11) | 6:2 17:11 17:12 17:16 17:16 17:25 18:1 18:14 18:16 18:18 32:22 |
| month(4) | 12:2 12:6 23:8 26:2 |
| months(1) | 18:8 |
| monzo(6) | 2:5 20:16 20:25 21:1 33:2 35:7 |
| more(13) | 4:9 8:8 8:12 9:12 10:8 11:5 11:20 12:6 13:6 13:19 16:9 23:17 33:21 |
| morris(1) | 2:4 |
| mortgage(6) | 1:7 1:14 4:8 4:17 25:21 26:6 |
| most(3) | 17:7 21:20 27:15 |
| motion(33) | 3:17 3:18 4:6 4:10 4:11 5:2 10:22 10:22 10:25 11:6 11:9 12:8 12:11 13:23 15:10 15:12 19:6 20:8 20:10 20:18 21:18 21:19 21:23 21:25 22:4 24:18 24:19 29:17 30:11 33:13 34:6 35:1 35:2 |
| motions(3) | 3:8 34:25 35:3 |
| much(3) | 10:17 14:11 24:7 |
| multiple(2) | 19:16 31:25 |
| murin(1) | 1:43 |
| necessarily(1) | 14:11 |
| need(5) | 6:23 10:10 11:4 13:12 34:13 |
| needs(3) | 3:13 15:10 22:18 |
| neither(1) | 3:25 |
| never(4) | 7:13 15:6 19:12 20:5 |
| new(10) | 1:34 19:1 19:2 19:14 29:2 29:9 29:13 30:4 34:17 34:18 |
| news(1) | 8:19 |
| next(3) | 5:20 14:3 19:1 |
| nine(1) | 23:8 |
| non(1) | 9:3 |
| non-moving(1) | 21:25 |
| non-ordinaress(1) | 8:24 |
| non-ordinary(1) | 9:23 |
| none(1) | 7:11 |
| norm(1) | 15:3 |
| normal(1) | 17:19 |
| norms(3) | 27:21 28:8 28:21 |
| not(72) | 5:5 6:7 6:7 6:19 6:22 7:2 7:5 7:18 7:19 8:9 8:11 8:14 8:17 8:19 9:25 9:25 10:5 10:17 10:24 11:15 12:4 12:5 13:1 13:7 13:17 13:20 13:22 14:14 14:16 14:18 15:9 15:12 15:13 15:18 15:24 16:1 16:2 16:7 16:14 16:23 16:23 16:24 17:2 17:3 17:17 17:25 18:1 18:10 19:3 19:17 19:24 20:2 20:4 20:14 20:14 20:16 20:17 24:15 25:21 25:22 26:1 27:23 29:18 31:2 31:3 31:8 31:14 32:12 32:15 32:21 32:24 34:2 |
| note(1) | 5:6 |
| nothing(3) | 16:3 27:12 27:12 |
| notice(1) | 33:18 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| now(9) 3:7 9:10 19:25 23:17 24:12 27:17 28:2 28:3 29:9 | | parties(10) 3:11 14:2 22:23 23:1 23:7 23:7 23:11 34:9 34:9 35:4 | | prima(1) 33:14 | | referring(4) 12:9 25:1 26:8 28:13 | |
| | | party(3) 17:13 22:1 32:7 | | prior(1) 4:13 | | reflecting(1) 4:9 | |
| number(4) 9:16 11:14 26:15 30:12 | | pass(1) 16:24 | | probably(2) 8:2 14:6 | | refute(1) 33:10 | |
| numbers(13) 8:24 10:7 10:9 10:13 10:13 10:15 10:17 10:24 11:17 14:19 15:1 15:2 26:13 | | past(6) 12:22 13:10 13:13 13:17 13:19 13:21 | | problem(3) 7:7 19:10 19:11 | | refutting(1) 30:8 | |
| | | | | problems(1) 19:3 | | regard(37) 21:5 21:7 21:8 21:14 21:14 21:18 21:19 21:23 21:25 22:4 22:17 22:19 22:20 22:22 22:25 22:25 23:3 23:5 23:10 23:13 23:21 24:1 26:7 26:7 27:15 27:20 28:9 28:11 28:23 29:9 29:12 30:3 30:8 30:9 30:11 30:14 33:6 | |
| objected(1) 14:7 | | pay(15) 9:22 14:23 14:23 16:23 17:4 17:4 17:15 17:21 17:25 18:16 18:17 31:12 31:13 32:18 32:19 | | proc(1) 1:16 | | | |
| objection(2) 20:18 20:20 | | | | proceedings(3) 1:24 1:51 35:13 | | | |
| objective(4) 22:25 27:14 27:15 34:22 | | payable(4) 4:14 6:5 6:12 25:20 | | process(1) 13:12 | | | |
| obligated(2) 17:3 17:4 | | paying(1) 16:12 | | produce(1) 6:16 | | | |
| obligation(6) 6:13 6:14 17:14 17:23 27:25 32:16 | | payment(9) 12:22 13:4 13:13 13:18 14:15 22:11 26:20 27:8 29:21 | | produced(11) 1:52 6:5 6:12 6:20 6:21 17:9 19:12 19:12 19:25 27:22 | | regarding(9) 6:2 21:11 22:2 22:9 23:20 24:22 26:19 27:25 28:7 | |
| obligations(5) 17:20 17:21 18:12 18:23 | | payments(22) 5:17 5:21 5:24 14:4 14:25 15:8 21:15 23:22 24:4 24:6 24:11 24:14 25:4 26:24 26:25 30:2 30:23 30:24 31:6 31:7 31:21 34:15 | | production(4) 6:20 19:14 19:24 20:3 | | regardless(4) 10:24 17:5 17:6 32:11 | |
| occurred(1) 34:19 | | | | prong(11) 22:21 22:22 22:25 23:6 23:16 26:23 27:13 27:14 27:15 27:20 27:20 | | regularly(1) 32:3 | |
| off(3) 26:14 30:2 31:17 | | payroll(1) 18:6 | | | | reiterate(2) 6:21 16:3 | |
| offer(2) 33:4 33:5 | | pennsylvania(1) 1:47 | | prongs(1) 33:6 | | relevant(1) 28:21 | |
| offered(1) 33:8 | | people(2) 11:3 33:20 | | pronouncing(1) 5:5 | | relevant(1) 21:20 | |
| offers(1) 6:3 | | per(1) 25:4 | | proof(2) 15:9 21:6 | | reliable(1) 11:6 | |
| officer(1) 5:6 | | percent(13) 7:21 8:9 8:15 9:7 9:10 9:11 9:14 9:16 9:24 10:1 11:5 29:11 32:23 | | property(6) 3:24 4:4 21:10 29:20 33:25 34:5 | | relied(5) 19:21 21:11 21:13 24:25 28:1 | |
| okay(6) 3:21 5:15 19:18 20:22 31:18 33:1 | | | | | | relies(2) 15:17 23:23 | |
| once(1) 33:4 | | perference(3) 26:6 30:23 31:7 | | protected(1) 17:14 | | rely(2) 7:9 21:6 | |
| one(22) 3:23 3:24 4:6 7:9 11:24 15:3 16:10 16:11 18:3 18:23 19:3 20:12 25:7 25:16 25:17 31:16 31:17 31:18 31:19 33:3 33:7 34:16 | | perhaps(6) 7:4 8:16 11:22 13:7 17:7 31:4 | | provide(3) 14:7 22:15 24:21 | | relying(5) 6:4 6:7 6:7 6:11 22:5 | |
| only(12) 3:22 7:6 9:10 10:1 13:7 19:23 20:1 20:4 24:15 28:11 29:18 33:7 | | period(20) 5:21 7:16 9:9 9:16 10:5 10:16 10:19 11:25 14:25 15:22 19:8 24:5 24:7 25:8 25:11 26:7 29:6 30:23 31:7 31:13 | | provided(12) 4:5 11:18 14:6 19:4 19:18 19:19 21:8 22:19 27:24 28:10 29:16 29:1 | | remain(1) 24:14 | |
| | | | | | | remaining(2) 16:20 25:13 | |
| opening(3) 4:23 5:3 5:12 | | person(2) 13:25 32:9 | | provides(1) 32:8 | | remember(1) 7:15 | |
| operating(1) 18:12 | | perspective(1) 8:7 | | purpose(1) 29:4 | | remittance(2) 11:10 11:11 | |
| opine(1) 15:25 | | pick(1) 31:17 | | purposes(2) 11:23 21:4 | | repeat(1) 9:23 | |
| opinion(5) 23:13 23:14 24:13 28:5 32:6 | | pieces(1) 5:9 | | put(2) 8:7 14:20 | | replied(1) 28:15 | |
| opinions(1) 3:12 | | place(2) 22:2 22:14 | | qualified(2) 14:14 16:6 | | reply(3) 14:9 21:8 25:2 | |
| opportunity(1) 27:23 | | plaintiff(9) 1:16 23:23 25:4 25:16 27:5 30:7 33:9 33:15 | | question(5) 6:10 7:7 7:23 8:14 25:15 | | report(20) 3:10 14:5 14:7 14:8 14:11 14:12 14:20 15:16 15:20 15:24 15:24 19:18 19:20 23:13 25:3 28:7 28:22 32:8 34:12 34:14 | |
| opposition(1) 3:18 | | | | quoting(1) 5:7 | | | |
| orbach(1) 1:32 | | plaintiffs(8) 3:17 22:5 23:22 24:20 25:1 26:4 33:13 35:1 | | raised(1) 6:3 | | representative(2) 25:20 30:1 | |
| order(3) 17:15 33:17 35:4 | | | | range(24) 7:21 24:3 24:4 24:5 24:6 24:7 24:8 24:8 24:12 24:14 24:15 24:16 25:6 25:11 26:12 26:15 26:15 26:16 26:18 28:19 28:20 28:25 30:13 30:24 | | request(1) 19:13 | |
| ordinary(30) 8:23 9:4 9:18 10:24 14:2 14:3 14:4 15:9 16:1 21:20 22:12 23:15 25:6 27:15 28:7 28:24 29:4 29:12 30:11 30:16 30:25 31:3 31:9 31:10 31:11 31:13 32:12 33:7 34:14 34:23 | | plan(1) 1:12 1:14 1:30 3:16 4:12 7:13 7:15 7:22 33:17 | | | | requested(1) 20:10 | |
| | | plantiffs(2) 25:12 25:24 | | ranges(1) 31:3 | | requests(1) 19:16 | |
| | | play(2) 23:9 25:6 | | rather(1) 26:8 | | require(1) 32:13 | |
| | | please(4) 3:3 13:3 13:11 13:17 | | read(1) 14:20 | | required(2) 16:22 32:24 | |
| original(3) 6:5 6:20 19:24 | | point(14) 9:2 10:7 10:18 15:16 15:21 16:3 21:2 27:18 28:5 31:15 33:2 33:3 33:8 33:9 | | reading(1) 12:21 | | resolve(1) 3:13 | |
| other(10) 7:23 8:5 9:11 15:19 20:20 22:7 25:9 25:17 27:19 32:8 | | | | realized(2) 6:17 6:19 | | respect(4) 3:21 4:4 14:16 32:5 | |
| otherwise(3) 11:7 17:22 33:23 | | pointed(1) 32:17 | | really(7) 14:18 15:5 16:21 18:21 29:7 31:18 33:22 | | respond(1) 30:20 | |
| our(34) 3:12 3:17 4:6 4:10 4:11 6:20 9:2 10:13 10:22 11:9 11:17 12:8 12:9 12:12 15:17 17:8 19:13 20:3 21:6 21:19 22:4 23:20 24:2 24:13 24:18 24:19 25:24 27:23 27:25 28:5 28:6 29:17 30:10 33:6 | | points(5) 3:16 3:18 6:6 21:7 21:16 | | | | response(6) 6:3 19:17 19:20 19:25 20:18 33:5 | |
| | | pool(1) 8:9 | | reason(10) 7:10 10:21 10:25 15:10 20:6 20:8 25:22 26:16 26:16 32:15 | | | |
| | | posited(1) 7:24 | | | | responses(1) 6:6 | |
| out(5) 9:19 23:3 26:21 31:18 32:17 | | position(1) 23:22 | | reasonable(1) 34:10 | | responsive(3) 6:16 6:18 6:19 | |
| outside(6) 26:15 26:16 28:12 28:25 29:6 31:13 | | ppearances(2) 1:28 2:1 | | reasons(1) 30:11 | | result(1) 21:4 | |
| over(4) 16:20 32:10 34:17 34:22 | | practice(1) 28:12 | | recall(1) 8:2 | | right(8) 5:13 8:15 12:9 12:18 22:1 24:9 33:12 35:5 | |
| own(4) 11:2 11:4 11:7 32:9 | | practices(2) 28:19 29:1 | | receipt(2) 24:22 26:9 | | | |
| p.m(3) 1:14 3:1 35:8 | | pre(1) 26:12 | | receivable(1) 21:12 | | rise(1) 3:2 | |
| page(6) 5:13 5:14 5:20 5:20 12:16 13:8 13:15 17:8 | | pre-preferanct(1) 24:5 | | receive(5) 25:21 25:22 26:1 26:2 26:20 | | road(1) 29:13 | |
| | | pre-preference(1) 24:12 | | received(10) 19:5 24:1 25:4 25:16 26:5 29:21 29:23 33:20 33:21 34:18 | | rome(1) 1:37 | |
| | | preference(28) 3:9 3:10 4:16 4:20 4:20 5:17 5:21 9:9 9:16 10:4 10:16 10:19 11:25 14:25 15:22 17:19 19:5 19:8 21:4 22:21 24:4 24:7 24:11 24:14 26:13 29:6 31:13 33:21 | | | | root(1) 1:38 | |
| paid(40) 5:19 7:4 9:6 9:7 9:8 9:11 9:15 10:4 11:25 12:1 12:1 12:4 12:5 12:25 13:20 13:22 13:23 14:1 17:5 17:23 17:24 17:24 18:4 18:7 18:9 18:9 18:11 18:13 18:23 23:17 26:2 26:8 26:9 26:18 26:21 26:22 27:6 31:16 31:18 31:24 | | | | receives(1) 11:13 | | rule(4) 19:22 22:3 27:25 34:14 | |
| | | | | recent(1) 23:3 | | rules(4) 22:2 32:18 34:3 34:18 | |
| | | prepared(3) 7:25 8:1 8:4 | | recently(1) 11:21 | | said(3) 16:5 25:21 31:20 | |
| | | preparing(1) 32:20 | | record(8) 3:5 6:5 6:12 21:2 21:22 27:12 27:21 28:4 | | sake(1) 32:14 | |
| | | prepayment(1) 24:5 | | | | sale(1) 8:1 | |
| | | prepetition(1) 24:3 | | | | same(5) 17:16 24:7 30:2 31:14 35:2 | |
| | | pretty(4) 7:18 7:19 24:7 27:21 | | recorded(1) 1:51 | | sass(1) 1:12 | |
| paper(1) 15:17 | | prevailing(1) 28:21 | | recording(2) 1:51 35:12 | | satisfied(2) 22:6 22:10 | |
| papers(5) 12:24 13:23 14:6 21:6 21:15 | | previous(1) 26:25 | | records(7) 11:3 13:24 17:10 25:24 25:24 29:19 29:22 | | saw(1) 14:6 | |
| paragraph(5) 4:15 5:7 5:14 5:18 5:20 | | previously(1) 25:19 | | recover(1) 8:8 | | say(9) 4:8 6:4 9:25 11:7 18:15 19:7 19:8 31:5 31:18 | |
| part(5) 4:6 20:9 24:23 27:25 33:17 | | | | recovered(1) 8:11 | | | |
| particularly(2) 10:3 18:1 | | | | red(1) 6:4 | | saying(4) 14:1 14:10 15:19 27:7 | |
| | | | | reduced(3) 29:14 29:15 31:19 | | says(11) 5:21 6:8 11:14 12:22 13:2 13:3 13:16 15:6 31:1 32:11 32:11 | |
| | | | | reduces(1) 30:5 | | schnitzer(22) 1:31 3:3 3:4 3:5 3:21 5:1 5:3 5:10 5:12 5:14 5:16 5:23 11:13 12:12 12:15 12:19 13:3 13:6 20:23 30:18 30:19 35:6 | |
| | | | | refer(2) 24:24 25:18 | | | |
| | | | | referenced(1) 15:16 | | schuylkill(1) 1:46 | |
| | | | | referred(1) 25:19 | | seated(1) 3:3 | |

| Word | Page:Line |
|---|---|
| sec(1) 33:24 | |
| second(9) 6:24 12:20 13:9 17:2 19:11 22:22 23:16 27:14 31:15 | |
| secondly(1) 6:11 | |
| secured(1) 7:3 | |
| security(2) 7:3 27:10 | |
| see(14) 4:7 4:8 5:4 5:19 11:6 11:10 11:24 12:19 13:9 30:8 31:10 31:11 31:12 | |
| seek(1) 11:15 | |
| seeking(1) 21:3 | |
| seen(2) 20:5 30:12 | |
| sein-34(1) 25:3 | |
| sell(1) 8:4 | |
| send(4) 13:12 19:20 19:23 26:20 | |
| sending(2) 12:20 13:25 | |
| sense(3) 3:21 33:20 34:22 | |
| sent(3) 13:17 26:20 26:21 | |
| sentence(1) 5:20 | |
| separate(3) 17:14 20:1 29:25 | |
| separately(1) 18:16 | |
| service(3) 1:45 1:52 22:15 | |
| services(7) 1:45 18:2 18:3 18:5 18:6 19:4 19:7 | |
| servicing(1) 8:2 | |
| sets(1) 23:3 | |
| she(6) 4:12 4:13 4:15 4:15 6:8 25:21 25:22 | |
| sheet(1) 29:25 | |
| shift(2) 9:12 33:9 | |
| shifts(2) 33:3 33:4 | |
| shock(1) 29:7 | |
| should(20) 4:3 6:16 8:16 10:22 10:22 10:25 15:19 15:25 16:14 16:15 17:21 18:12 19:16 20:8 21:17 23:12 24:18 24:19 30:10 31:19 | |
| shouldn't(1) 34:25 | |
| show(8) 7:20 16:19 19:7 28:16 29:19 29:22 32:4 33:7 | |
| showing(2) 19:9 27:5 | |
| shown(6) 11:2 19:3 19:8 19:9 32:2 32:2 | |
| shows(2) 7:22 17:11 | |
| side(3) 14:21 32:8 34:24 | |
| signed(2) 30:1 30:2 | |
| silly(1) 33:23 | |
| similar(3) 9:13 16:2 32:23 | |
| similarity(1) 23:18 | |
| similarly(1) 33:24 | |
| simple(4) 9:5 16:22 18:22 19:11 | |
| simply(7) 9:17 11:2 23:24 24:25 26:14 26:19 27:7 | |
| since(2) 8:8 8:12 | |
| sincowitz(1) 24:25 | |
| single(1) 11:19 | |
| sinkowitz(2) 28:1 28:15 | |
| situation(3) 16:24 20:21 32:12 | |
| small(3) 7:21 14:23 15:5 | |
| smith(2) 27:24 28:1 | |
| smith's(1) 25:18 | |
| solvent(1) 18:12 | |
| some(9) 7:3 8:16 10:9 16:25 18:18 20:13 21:10 28:21 31:21 | |
| someone(4) 20:13 20:14 31:20 31:21 | |
| something(3) 20:1 20:17 32:24 | |
| somewhat(1) 28:24 | |
| sontchi(1) 1:25 | |
| soon(1) 6:18 | |
| sorry(4) 4:24 12:8 12:9 27:15 | |
| sort(1) 7:3 | |
| sound(2) 1:51 35:12 | |
| specific(1) 10:25 | |
| specifically(4) 10:21 18:19 25:19 30:9 | |
| staffing(2) 22:15 22:18 | |
| stage(1) 7:13 | |

| Word | Page:Line |
|---|---|
| stamp(1) 4:8 | |
| stancewicz's(1) 23:12 | |
| stanciewicz(1) 24:23 | |
| stand(1) 21:15 | |
| standard(10) 15:18 22:23 23:1 23:4 30:22 30:22 30:25 31:8 32:7 33:8 | |
| standards(2) 14:22 22:1 | |
| stands(1) 6:22 | |
| start(1) 12:17 | |
| starts(1) 13:14 | |
| stated(1) 30:12 | |
| statement(1) 33:16 | |
| statements(1) 11:6 | |
| states(5) 1:1 1:26 4:15 5:7 5:8 | |
| statute(1) 31:1 | |
| stdanard(1) 23:14 | |
| steven(1) 1:12 | |
| still(2) 8:9 10:18 | |
| street(3) 1:10 1:39 1:46 | |
| stronger(1) 9:2 | |
| stub(1) 11:19 | |
| stubs(4) 11:10 11:11 11:18 11:19 | |
| subject(3) 12:22 13:10 23:6 | |
| subjective(2) 22:23 34:23 | |
| submit(24) 3:25 6:9 8:10 8:13 8:23 9:19 10:13 10:21 10:22 11:5 14:14 15:4 15:10 15:23 16:4 16:17 19:2 19:22 20:5 20:6 31:16 31:24 32:7 35:4 | |
| submitted(1) 11:9 | |
| subparts(1) 22:8 | |
| subsequent(2) 29:9 29:13 | |
| substantially(1) 29:14 | |
| succeed(1) 16:19 | |
| such(3) 3:12 7:12 31:11 | |
| sufficient(2) 23:9 34:3 | |
| suggest(3) 12:24 13:23 14:4 | |
| suggesting(1) 9:25 | |
| suggests(4) 21:24 27:13 28:6 29:3 | |
| suite(2) 1:39 2:6 | |
| summary(22) 3:8 3:17 3:18 4:2 4:7 4:11 9:21 10:11 11:7 12:16 12:24 21:19 21:23 22:2 22:2 28:2 33:14 34:5 34:8 34:21 34:24 35:3 | |
| summer(1) 15:22 | |
| supplement(1) 6:15 | |
| supplemental(1) 20:3 | |
| supplemented(1) 34:1 | |
| supplying(1) 22:18 | |
| support(1) 29:17 | |
| supposed(2) 14:10 17:22 | |
| supreme(1) 23:25 | |
| sure(1) 12:8 | |
| surmise(1) 11:22 | |
| surprise(1) 8:11 | |
| sustain(1) 15:9 | |
| table(3) 17:9 17:10 18:2 | |
| take(3) 10:3 15:12 33:18 | |
| taken(1) 8:4 | |
| taking(2) 27:19 32:20 | |
| tell(1) 8:19 | |
| telling(2) 10:17 13:20 | |
| tells(1) 19:17 | |
| tendered(1) 26:24 | |
| term(1) 6:4 | |
| terms(14) 7:19 9:6 9:6 9:8 9:11 9:12 10:3 10:4 14:3 14:5 15:10 28:20 31:12 31:14 | |
| text(1) 13:1 | |
| than(9) 9:2 11:6 12:6 13:19 23:17 26:2 26:11 26:25 33:21 | |
| thank(10) 13:5 13:11 20:23 30:17 30:18 32:25 33:11 33:12 35:6 35:7 | |

| Word | Page:Line |
|---|---|
| that(226) 3:10 3:13 3:25 4:2 4:22 5:18 5:24 6:5 6:9 6:11 6:15 6:19 6:20 6:23 7:12 7:15 8:3 8:3 8:4 8:4 8:8 8:13 8:17 8:20 8:21 9:3 9:3 9:16 9:17 9:21 9:22 9:23 10:15 10:17 10:21 10:22 11:1 11:9 11:15 11:15 11:16 11:16 11:20 11:24 12:16 12:17 12:24 13:17 13:24 14:1 14:4 14:5 14:13 14:14 14:17 14:22 14:24 15:6 15:10 15:16 15:21 15:23 15:23 15:24 16:8 16:11 16:11 16:12 16:21 16:22 16:23 16:21 16:21 17:8 17:15 18:7 18:9 18:10 18:14 18:16 19:4 19:9 19:14 19:22 19:23 19:24 20:1 20:4 20:5 20:6 20:6 20:6 20:7 20:8 20:10 20:17 20:17 21:5 21:8 21:11 21:12 21:15 21:22 21:24 22:1 22:4 22:5 22:6 22:7 22:10 22:10 22:10 22:15 23:2 23:4 23:7 23:9 23:11 23:11 23:14 23:15 23:24 23:25 23:25 24:3 24:3 24:8 24:14 24:18 24:21 24:23 24:24 25:5 25:9 25:18 25:24 26:1 26:11 26:13 26:17 26:19 26:19 27:4 27:4 27:5 27:7 27:12 27:13 27:13 27:17 27:17 27:18 27:19 27:21 27:21 27:24 28:1 28:5 28:7 28:9 28:14 28:15 28:16 28:19 28:25 29:3 29:3 29:5 29:7 29:10 29:11 29:15 29:16 29:17 29:21 29:21 29:22 29:23 29:25 30:5 30:7 30:12 30:16 30:22 30:22 31:22 32:2 32:2 32:3 32:3 32:7 32:9 32:13 32:17 32:21 32:22 32:22 32:25 33:3 33:5 33:8 33:9 33:10 33:10 33:11 33:16 33:20 33:20 34:1 34:4 34:10 34:15 34:25 35:11 | |
| that's(36) 3:7 3:20 6:7 6:16 6:24 7:5 7:21 9:24 11:17 12:6 13:24 17:17 17:21 18:6 18:14 19:5 19:9 19:18 21:1 22:1 22:13 22:23 23:8 25:7 26:10 26:15 27:21 28:21 30:25 30:25 31:1 31:3 31:8 32:12 32:24 34:16 | |

| Word | Page:Line |
|---|---|
| the(301) 1:1 1:2 1:13 1:25 3:2 3:3 3:5 3:6 3:7 3:7 3:8 3:8 3:11 3:12 3:15 3:16 3:16 3:20 3:22 3:23 3:23 3:23 3:24 4:3 4:4 4:4 4:6 4:7 4:8 4:10 4:12 4:13 4:14 4:15 4:16 4:16 4:17 4:19 4:19 4:20 4:21 4:23 4:25 5:2 5:4 5:5 5:9 5:9 5:11 5:13 5:15 5:17 5:18 5:19 5:20 5:21 5:21 5:22 5:24 5:25 6:1 6:1 6:2 6:9 6:9 6:17 6:21 6:22 6:24 6:24 7:6 7:7 7:9 7:10 7:12 7:20 7:21 7:22 7:23 8:1 8:1 8:3 8:6 8:7 8:12 8:13 8:16 8:16 8:20 8:21 8:24 8:25 8:25 9:1 9:3 9:8 9:11 9:15 9:17 9:19 9:20 9:21 10:3 10:7 10:15 10:16 10:17 10:18 10:19 10:19 10:24 11:4 11:4 11:9 11:10 11:10 11:11 11:12 11:14 11:17 11:18 11:18 11:20 11:21 11:24 11:25 12:9 12:11 12:13 12:14 12:17 12:18 12:19 12:20 12:21 12:22 13:1 13:1 13:5 13:7 13:8 13:9 13:9 13:14 13:15 13:15 13:24 13:24 14:1 14:2 14:3 14:6 14:10 14:10 14:12 14:13 14:15 14:19 14:21 14:22 15:3 15:6 15:7 15:10 15:11 15:13 15:15 15:15 15:20 15:21 15:21 15:22 15:23 16:7 16:11 16:12 16:15 16:18 16:20 16:22 16:23 17:6 17:10 17:10 17:11 17:11 17:12 17:12 17:12 17:13 17:16 17:16 17:18 18:1 18:3 18:4 18:6 18:15 18:19 19:3 19:4 19:9 19:11 19:11 19:13 19:18 19:19 19:21 19:21 20:1 20:10 20:11 20:12 20:19 20:22 20:24 21:1 21:2 21:2 21:3 21:5 21:6 21:7 21:8 21:9 21:9 21:11 21:12 21:14 21:15 21:17 21:18 21:19 21:20 21:22 22:1 22:4 22:5 22:6 22:7 22:8 22:9 22:10 22:11 22:11 22:12 22:14 22:16 22:17 22:18 22:19 22:20 22:21 22:22 22:22 22:23 22:25 23:1 23:3 23:4 23:5 23:6 23:6 23:6 23:7 23:8 23:9 23:10 23:11 23:12 23:13 23:13 23:16 23:16 23:18 23:18 23:21 23:22 23:22 23:23 23:24 23:25 23:25 24:1 24:3 24:3 24:4 24:4 24:5 24:5 24:6 24:7 24:7 24:8 24:11 24:12 24:13 24:15 | |
| the(204) 24:16 24:16 24:19 24:20 24:22 24:24 24:25 25:3 25:4 25:5 25:6 25:6 25:8 25:11 25:12 25:12 25:13 25:13 25:14 25:16 25:17 25:18 25:19 25:20 25:22 25:23 25:25 25:25 26:4 26:5 26:9 26:10 26:12 26:12 26:13 26:13 26:14 26:15 26:15 26:15 26:16 26:16 26:21 26:23 26:23 26:23 26:25 27:2 27:2 27:5 27:10 27:11 27:12 27:13 27:14 27:14 27:14 27:15 27:19 27:20 27:20 27:21 27:23 27:24 27:25 28:2 28:3 28:4 28:7 28:7 28:9 28:10 28:10 28:12 28:12 28:12 28:13 28:14 28:16 28:16 28:19 28:20 28:23 28:25 28:25 29:2 29:3 29:4 29:5 29:6 29:7 29:8 29:9 29:10 29:13 29:13 29:14 29:16 29:16 29:17 29:18 29:18 29:19 29:19 29:19 29:21 29:21 29:22 29:23 30:1 30:2 30:2 30:3 30:4 30:5 30:7 30:8 30:9 30:10 30:11 30:13 30:13 30:15 30:18 30:21 30:22 30:23 30:24 30:24 30:25 31:1 31:2 31:2 31:3 31:4 31:4 31:5 31:7 31:8 31:8 31:9 31:10 31:11 31:12 31:13 31:14 31:20 32:1 32:2 32:7 32:8 32:10 32:12 32:13 32:14 32:15 32:15 32:16 32:18 32:18 32:20 32:21 32:22 33:1 33:3 33:3 33:4 33:4 33:9 33:12 33:13 33:13 33:13 33:16 33:17 33:17 33:17 33:18 33:19 33:24 33:25 33:25 34:1 34:2 34:2 34:3 34:4 34:5 34:7 34:4 34:13 34:14 34:15 34:16 34:18 34:20 34:22 34:24 35:2 35:3 35:8 35:11 35:12 35:12 35:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **their**(40) 4:23 5:2 5:3 5:12 10:8 10:13 10:15 10:15 10:20 10:21 10:25 11:1 11:2 11:4 11:7 12:11 12:24 13:22 14:5 15:1 15:6 15:10 16:17 18:6 18:18 19:6 19:6 19:24 20:7 20:8 20:10 21:18 21:23 21:25 23:23 24:25 25:1 32:3 32:9 32:24 | | **took**(2) 7:15 16:5 **tools**(1) 31:11 **total**(2) 30:4 30:24 **transaction**(1) 23:18 **transcript**(3) 1:24 1:52 35:12 **transcription**(2) 1:45 1:52 **transfer**(5) 4:21 19:5 20:10 20:15 20:21 **transferred**(1) 22:10 **transfers**(9) 4:16 4:20 6:8 11:5 23:17 25:5 26:13 28:10 33:25 | | **was**(105) 4:13 6:12 6:17 6:19 6:19 6:21 7:2 7:10 7:11 7:13 7:15 7:15 7:17 7:18 7:24 8:1 8:3 8:4 8:4 8:25 9:13 9:23 10:16 10:16 11:25 12:1 12:1 12:4 12:5 12:25 13:7 13:17 13:22 13:23 14:13 15:7 15:16 15:20 15:22 16:2 16:3 16:6 16:7 16:12 17:3 17:4 17:23 17:25 18:3 18:15 19:5 19:5 19:12 19:17 19:18 20:4 20:15 21:8 21:11 21:12 22:14 22:14 22:19 23:8 23:15 23:19 23:20 23:25 24:8 24:23 25:7 25:16 25:17 26:5 26:8 26:9 26:17 26:17 26:18 26:19 26:21 26:21 27:4 27:7 27:7 27:8 27:8 27:9 28:16 29:2 29:19 29:21 29:23 29:25 30:1 31:12 31:12 31:13 31:16 31:18 31:23 31:25 32:2 34:4 35:8 | | **will**(9) 6:4 8:10 11:10 23:5 27:2 33:14 34:5 34:8 35:1 **wilmington**(4) 1:11 1:40 2:7 3:1 **win**(2) 32:10 34:13 **wish**(1) 8:17 **with**(60) 3:21 4:4 4:20 6:12 6:14 6:20 10:8 11:9 12:17 13:11 14:16 16:1 18:14 19:3 19:18 21:5 21:7 21:8 21:13 21:14 21:18 21:19 21:23 21:25 22:4 22:17 22:19 22:22 22:25 22:25 23:3 23:5 23:10 23:13 23:21 24:1 24:4 26:6 26:7 26:12 26:19 27:15 27:20 28:9 28:11 28:20 28:23 29:9 29:11 30:3 30:8 30:11 30:14 32:5 33:6 33:10 33:13 33:20 33:24 34:3 |
| **them**(8) 4:7 8:19 11:18 18:23 26:2 26:2 30:9 32:14 | | **trial**(1) 19:15 **true**(4) 4:19 15:12 16:5 32:11 **trust**(4) 1:14 4:12 4:13 8:7 **trustee**(3) 1:13 1:30 3:6 **trustees**(2) 3:8 4:3 | | **wasn't**(8) 6:5 9:18 19:12 26:18 27:4 27:6 29:1 29:7 | | **within**(9) 10:4 14:10 24:8 24:14 25:7 25:11 28:16 30:24 31:12 |
| **then**(18) 4:23 5:19 7:15 7:17 8:22 9:15 10:7 13:6 13:14 14:9 18:13 19:23 25:9 27:7 29:24 30:24 32:23 33:9 | | **try**(1) 7:6 **trying**(4) 4:24 31:15 **turn**(2) 4:22 8:22 **two**(11) 3:22 6:6 11:3 13:17 18:5 18:8 19:2 22:7 25:8 25:9 25:13 | | **way**(3) 6:21 15:15 23:18 **we'll**(3) 3:24 21:6 21:15 **we're**(7) 6:4 6:7 6:7 6:7 19:22 21:3 35:5 **we've**(2) 20:20 33:6 | | **word**(1) 32:23 **work**(2) 18:8 29:24 **worked**(1) 18:6 **working**(2) 16:12 29:20 |
| **theory**(2) 17:13 34:19 **there**(47) 3:22 4:1 6:25 7:9 7:11 7:13 7:13 7:15 7:17 8:5 8:14 8:22 10:9 10:23 11:1 12:15 16:2 16:3 16:9 19:1 20:13 20:15 20:21 21:24 22:7 22:13 23:2 23:19 23:20 24:16 25:5 25:5 26:18 27:4 27:4 27:9 27:19 28:14 28:24 29:2 29:7 29:23 29:25 30:13 30:14 30:14 34:11 | | **twofold**(1) 7:8 **type**(2) 16:25 23:7 **um-hum**(3) 5:22 11:12 12:14 **unclear**(1) 15:3 **under**(9) 7:4 16:18 19:6 19:22 22:1 27:16 29:2 32:18 34:14 | | **wednesday**(1) 13:9 **weeks**(3) 18:5 26:11 27:8 **weigh**(1) 34:16 **welcome**(1) 20:24 **well**(17) 3:17 6:4 7:24 7:25 11:19 15:23 16:2 19:17 19:19 21:18 22:7 22:24 24:15 24:16 27:14 30:23 33:12 | | **would**(27) 3:16 5:4 7:5 8:9 10:1 10:12 11:22 15:4 15:13 15:23 18:18 20:5 20:5 23:19 28:11 28:15 28:25 29:7 31:4 31:5 31:22 32:3 32:7 32:13 32:18 33:8 33:21 **wouldn't**(1) 10:14 **wrong**(7) 10:14 11:2 11:2 11:2 16:17 20:16 23:24 |
| **there's**(19) 4:1 7:1 8:23 10:5 10:18 16:23 18:21 18:21 21:9 21:10 22:20 22:20 23:4 26:16 27:12 27:18 30:21 34:17 34:22 | | **understands**(1) 21:3 **undisputed**(1) 27:22 **unequivocally**(1) 4:15 **unfortunate**(1) 3:10 **unfortunately**(3) 3:11 3:13 7:18 **unique**(1) 28:25 **united**(2) 1:1 1:26 **unless**(1) 3:15 **unsecured**(4) 7:2 7:5 7:20 8:18 **unusual**(1) 29:7 **unusual**(6) 26:18 27:3 27:6 30:14 32:1 **upon**(8) 8:24 9:17 19:21 20:11 21:6 21:11 21:13 22:5 23:23 24:25 24:25 28:1 28:15 **use**(9) 10:13 11:17 15:1 22:19 23:20 24:11 24:19 26:4 31:10 | | **went**(4) 7:17 9:24 10:8 31:6 **were**(40) 4:16 5:19 5:24 6:9 6:11 7:11 7:12 8:7 8:17 9:6 9:6 9:7 9:8 9:11 9:15 11:9 14:4 16:12 17:5 20:3 21:15 23:17 24:4 24:11 24:13 25:9 25:10 25:23 26:24 27:1 27:6 29:5 29:6 29:20 31:5 31:21 32:13 33:25 34:18 **weren't**(2) 22:11 26:25 **what**(40) 3:24 5:13 5:24 6:3 6:7 6:16 7:20 7:22 9:18 11:24 12:7 13:2 14:18 14:19 14:21 14:24 15:8 15:17 16:21 17:17 17:18 17:18 17:21 17:23 18:15 19:17 19:19 19:20 20:2 21:17 23:20 23:21 29:6 31:1 31:2 31:9 31:11 32:6 33:19 | | **www.diazdata.com**(1) 1:49 **years**(1) 4:15 **yes**(2) 3:20 8:5 **yet**(1) 13:22 **york**(1) 1:34 **you**(96) 4:6 4:10 4:22 5:4 5:23 6:13 6:14 6:15 6:15 6:16 7:7 7:14 8:2 8:6 8:11 9:5 9:13 9:14 9:25 10:3 10:10 10:18 11:6 11:8 11:9 11:22 11:23 11:24 12:7 12:7 12:9 12:12 13:1 13:5 13:9 13:11 13:12 13:12 13:16 14:6 14:20 14:20 15:1 15:2 15:7 15:7 15:12 15:13 15:21 15:25 16:5 16:5 16:6 16:19 16:19 16:22 17:7 17:8 17:17 18:2 18:3 18:19 19:17 20:12 20:13 20:16 20:23 23:2 24:17 24:19 24:24 26:4 28:10 29:3 29:10 30:10 30:17 30:18 31:5 31:6 31:10 31:10 31:11 31:12 31:17 31:17 31:21 31:22 32:10 32:25 33:11 33:12 34:12 35:6 35:7 |
| **therefore**(2) 16:14 31:7 **these**(13) 6:8 11:22 13:11 13:12 13:17 14:4 25:12 26:1 26:24 27:5 33:20 33:20 34:10 **they**(72) 4:7 4:9 6:4 7:4 7:5 7:6 7:6 7:9 8:5 10:12 11:23 12:1 12:21 12:24 13:23 14:3 14:5 14:6 14:9 16:10 16:11 16:12 16:13 16:14 16:20 16:21 17:5 17:13 17:14 17:20 17:20 18:23 18:23 19:2 19:2 19:3 19:6 19:7 19:7 19:8 19:15 19:19 19:23 19:24 20:1 20:1 20:7 20:10 20:19 24:21 25:23 26:1 26:1 26:21 26:25 27:1 27:22 27:22 27:23 28:5 28:11 29:5 29:6 29:20 30:12 31:20 32:1 32:2 32:10 32:25 33:10 33:21 **they're**(7) 7:3 16:13 17:22 26:14 28:20 31:7 31:14 | | | | **what's**(5) 15:18 15:25 17:7 17:10 26:19 **whatever**(1) 18:14 **whatsoever**(1) 18:22 **when**(21) 4:9 4:12 7:9 8:6 10:3 12:21 13:3 13:18 14:19 17:17 18:6 26:1 26:5 26:17 27:5 27:19 30:13 30:13 34:7 34:17 34:18 **where**(1) 29:20 **where'**(12) 6:2 6:8 7:3 7:4 8:14 9:20 11:3 16:24 20:13 20:20 25:20 31:5 | | **you'll**(2) 4:7 4:8 **you're**(4) 8:15 8:19 14:24 20:24 **your**(85) 3:4 3:7 3:9 3:15 3:21 4:22 4:24 6:3 6:6 7:14 8:1 8:9 8:13 8:17 8:21 8:23 10:10 10:20 11:8 11:17 12:8 12:23 13:7 13:11 13:14 14:1 14:24 15:4 15:15 15:21 16:4 16:9 16:17 17:9 18:22 19:1 19:19 20:3 20:9 21:10 20:25 21:3 21:17 22:7 22:24 23:1 23:2 23:3 23:10 23:12 23:16 23:17 24:3 24:17 24:18 24:21 25:5 25:14 25:18 26:10 27:13 27:17 28:3 28:4 28:14 28:23 29:4 29:10 29:12 30:6 30:13 30:17 30:19 30:23 31:15 31:24 32:5 32:15 32:25 33:2 33:3 33:11 35:6 35:7 |
| **they've**(2) 11:21 19:8 **thing**(1) 12:9 **think**(41) 8:6 11:21 15:4 15:5 21:3 21:5 21:17 21:17 21:20 21:22 22:1 22:4 22:20 22:9 22:13 22:20 22:22 22:23 23:2 23:9 23:11 23:19 24:18 27:13 27:19 27:21 28:14 28:21 29:3 29:10 29:11 29:15 30:7 30:10 30:21 32:6 32:12 33:15 34:1 34:9 34:17 | | | | | | |
| **third**(6) 17:3 17:13 22:25 26:23 26:23 27:20 | | **used**(4) 10:13 10:15 19:15 24:23 **using**(5) 17:25 23:21 24:10 25:4 25:12 **usual**(1) 32:2 **usually**(1) 23:17 **value**(8) 19:1 19:2 19:14 29:9 29:13 30:5 34:17 34:18 **vast**(1) 9:9 **vector**(40) 1:20 2:4 3:9 5:6 5:17 6:3 7:2 7:24 12:19 12:21 13:16 13:19 13:22 13:25 15:5 16:11 16:23 17:2 17:3 17:4 17:5 17:23 17:25 18:4 18:7 18:8 18:10 18:11 18:13 18:13 19:17 22:13 22:15 22:17 30:21 31:15 32:3 32:7 32:17 | | **whereever**(1) 32:19 **whereupon**(1) 35:8 **whether**(9) 12:4 17:5 21:9 23:16 26:24 27:3 27:9 32:11 33:25 **which**(30) 4:6 4:23 5:9 10:10 10:13 10:18 11:5 12:13 12:16 13:14 14:5 14:25 15:3 15:13 19:16 20:12 23:24 24:20 25:2 25:8 25:24 27:2 27:18 27:20 29:1 30:15 32:3 33:17 33:18 34:11 | | |
| **this**(53) 3:10 4:18 5:25 6:13 7:14 7:19 7:22 7:23 7:24 8:2 8:7 8:9 8:10 8:14 8:17 8:23 9:5 9:19 10:2 10:8 11:14 12:20 12:23 12:24 13:4 13:8 14:16 16:7 18:2 19:7 19:25 20:3 20:12 20:14 20:17 20:18 21:24 23:7 23:15 23:18 23:19 24:17 26:6 26:9 26:19 27:7 27:14 28:11 28:18 29:1 29:8 34:4 34:23 | | **vector's**(4) 3:18 5:1 14:17 24:10 **verify**(1) 33:19 **versus**(2) 12:15 15:1 **violation**(1) 34:2 **voluntarily**(1) 20:2 **want**(1) 12:8 **wanted**(3) 14:12 32:17 32:19 **wants**(1) 18:14 | | | | |
| **those**(16) 5:23 7:11 9:17 11:17 11:19 14:20 17:21 18:1 18:5 18:7 21:7 21:16 23:22 25:21 25:22 34:18 | | | | **while**(2) 7:25 15:22 **who**(4) 4:12 16:12 30:2 33:20 **who's**(1) 15:2 **whole**(2) 12:6 29:3 **whose**(1) 4:25 **why**(15) 7:11 10:25 11:22 16:18 18:14 20:18 24:17 24:18 25:23 25:23 31:3 31:16 31:19 31:23 32:15 | | |
| **three**(9) 4:5 5:16 5:18 5:23 16:9 22:8 25:8 26:11 27:8 | | | | | | |
| **through**(2) 14:20 16:24 **tile**(1) 9:20 **time**(13) 7:16 11:4 11:21 13:24 20:19 23:6 23:9 23:11 29:18 29:22 29:25 29:25 32:20 | | | | | | |
| **today**(1) 21:5 **today's**(1) 14:11 | | | | | | |