IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-11047(CSS) |
| | ) | (Jointly Administered) |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Chapter 11 |
| HOLDINGS, INC., et al., | ) | |
| | ) | Courtroom 6 |
| Debtors. | ) | 824 Market Street |
| | ) | Wilmington, Delaware |
| STEVEN D. SASS, AS PLAN | ) | |
| TRUSTEE OF THE AMERICAN HOME | ) | July 15, 2011 |
| MORTGAGE PLAN TRUST | ) | 12:00 p.m. |
| | ) | |
| Plaintiff, | ) | Adv Proc No 09-52300(CSS) |
| | ) | |
| - against - | ) | |
| | ) | |
| TRADE SHOW FABRICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Plan Trustee: Hahn & Hessen, LLP
BY: EDWARD SCHNITZER, ESQ.
BY: JOSEPH ORBACH, ESQ.
488 Madison Avenue
New York, NY 10022
(212) 478-7200

Blank Rome, LLP
BY: ALAN ROOT, ESQ.
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

ECRO: LESLIE MURIN

Transcription Service: DIAZ DATA SERVICES
331 Schuylkill Street
Harrisburg, Pennsylvania 17110
(717) 233-6664
www.diazdata.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service

APPEARANCES:
(Continued)

| | |
|---|---|
| For Trade Show Fabrications, Inc.: | Morris James<br>BY: ERIC MONZO, ESQ.<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>(302) 888-6800 |
| | Legum Law Offices<br>BY: STEVEN LEGUM, ESQ. |

WILMINGTON, DELAWARE, FRIDAY, JULY 15, 2011, 12:09 P.M.

THE CLERK: All rise.

THE COURT: Please be seated. You don't trust me? Good afternoon.

MR. SCHNITZER: Good afternoon, Your Honor. Edward --

THE COURT: Nice to have a hearing that won't end up in the paper. Go ahead.

MR. SCHNITZER: Afternoon, Your Honor. Edward Schnitzer from Hahn & Hessen on behalf of the American Home liquidating trustee.

We're here today for the 12:00 hearing with respect to the preference action against Trade Show Fabrications. As you know, Your Honor, both sides have filed motions for summary judgment and opposition papers.

THE COURT: Um-hum.

MR. SCHNITZER: Unless the Court has a preference, I am prepared to go ahead, argue both the trustees' motion, as well as, the opposition to Trade Show's motion.

THE COURT: Yep. They're obviously interrelated.

MR. SCHNITZER: That's correct, Your Honor. Your Honor, one of the initial issues that was raised in both Trade Show's opposition, as well as, their paper was the statute of limitations issue. They have taken -- they've

made I guess what I'll term a bold argument and suggested that tolling agreements are unenforceable as a matter of law. Your Honor, the trustee submits that that's simply incorrect. It's incorrect for numerous reasons, the simplest of which is 546 is not jurisdictional and so, therefore, it can be extended by agreement by the parties. The cases they cite to you are completely off point. Not a single case they cite to addresses as a situation of a tolling agreement.

The facts here are quite simple. The committees' agent, RMS who sent out demand letters in this case, sent a demand letter to Trade Show. Was in contact with Trade Show's counsel, Mr. Legum informing Mr. Legum that an action would have to be brought due to statute of limitations. It was suggested that perhaps a tolling agreement could be entered into. With Mr. Legum's advice, Trade Show Fabrications President, Ronald Suissa then signed a tolling agreement. That tolling agreement we submit is enforceable. It's not as if this tolling agreement was signed without advice of counsel or there's any sort of problems with the tolling agreement. The tolling agreement specifically says and provides that if the complaint was filed as is, it would not be subject to a statute of limitations defense or any of the type of defenses that Trade Show is raising at this time as to its timeliness. I believe that's quite clear, Your

Honor.

The next issues to move onto is the 547(b) elements. With respect to the 547(b) elements, only two elements that are actively being challenged by Trade Show. I would submit the rest are -- have been shown in our papers as either undisputed or admitted. The two at issue are whether Trade Show was, in fact, a creditor of the debtors and whether there was antecedent debt with respect to one particular invoice.

First, with respect to the creditor claim. Your Honor, Trade Show's position is they are claiming that they are a creditor of American Brokers Conduit, not American Home Mortgage Corp. It's simply untrue. It's untrue for many reasons, the first of which American Brokers Conduit is American Home Mortgage Corp. It's a d/b/a. We've set forth in papers. I've given you -- given the Court numerous papers including filings with the New York State to show that fact. But even better, Your Honor, is Trade Show's own words. The easiest one to look at is you look at their proof of claim. Their proof of claim signed by the company president says exactly that. And to find that proof of claim if you go to Tab B and then you go to No. 3 and it's Exhibit 1A, you can see the proof of claim. The proof of claim --

THE COURT: Tab B?

MR. SCHNITZER: So it's -- there are --

THE COURT: Tab B is the complaint.

MR. SCHNITZER: The hearing binder has like an overall A section which is our motion and response and then B which is their motions and response.

THE COURT: All right. I understand that.

MR. SCHNITZER: But if you to the B --

THE COURT: Which one are you on, their motion?

MR. SCHNITZER: Correct, their motions.

THE COURT: All right. And where am I looking here?

MR. SCHNITZER: Tab 3 which is our objection to the motion.

THE COURT: No, it's not but do you want me to look at your objection?

MR. SCHNITZER: Correct.

THE COURT: Tab 5, all right. Exhibit B?

MR. SCHNITZER: Sorry, Your Honor, I apologize, I had a different --

THE COURT: That's all right.

MR. SCHNITZER: If you look at our objection and if you go to my declaration.

THE COURT: All right, hang on.

MR. SCHNITZER: And then you flip to the first exhibit which is the proof of claim.

THE COURT: Yes. All right, got it.

MR. SCHNITZER: As you can see, Your Honor, this is a proof of claim submitted by Trade Show Fabrications received by the claim agent sometime in November of 2007. I direct your attention to two parts. First, down at the bottom you'll see it's signed by Ronald Suissa, I believe is his name. He was the person who was deposed. In and his deposition transcript which is also among the exhibits, he verified that this, in fact, was his signature and his proof of claim. He signs this in November. And if you go up to the top of the proof of claim, you'll see name of debtor against whom claim is held. You'll see typed in American Home Mortgage Corp.

If you then flip to the next couple of pages, you'll see what is attached to the proof of claim. Which attached to the proof of claim are Trade Show Fabrication's invoices very similar to the invoices at issue here. You'll see that while they state billed to American Broker Conduit, it's clear by their conduct in filing a proof of claim under penalties of perjury stating that they have a claim against American Home Mortgage Corp, they themselves understand fully well who they have a claim against, who was obligated to them, and thus who paid them.

THE COURT: Is this proof of claim form when it was sent, did it include the name of the debtor against

which the claim is held?

MR. SCHNITZER: I don't know the answer to that, Your Honor. I don't know if that part was filled in. I do believe the name and address of creditor part is filled in by, I believe Epic when they send it out. I don't know if the rest of it is filled in or not. I do know obviously the signature and date and the amount and the dates in Section 2 and 4 --

THE COURT: Um-hum.

MR. SCHNITZER: -- were not.

THE COURT: Probably not since everything else in this proof of claim was handwritten.

MR. SCHNITZER: That's possible, Your Honor.

THE COURT: Okay. Go ahead.

MR. SCHNITZER: Your Honor, so you have in November of 2007, Trade Show Fabrications acknowledging that it was a creditor of American Home Mortgage Corp., based upon invoices that it says are to American Brokers Conduit.

To continue the story, Your Honor, when this preference action was contemplated and RMS who I told you was the committees' agent, sent a letter to Trade Show, in fact, RMS sent them a copy of that proof of claim as it could constitute or could have the backing for new value. Despite that, Trade Show Fabrications after the lawsuit was filed, files and answer. In the answer, they specifically

actually state they did not file a proof of claim. As we know from looking at the proof of claim, that's not correct. We then have a deposition on the matter. I ask about it. He confirms, the president of the company, that he filed the proof of claim --

THE COURT: Does it really matter what they know or don't know? Isn't what matters what the reality is?

MR. SCHNITZER: Yes, Your Honor. The reason I bring up what they know and don't know is it's kind of -- it's a changing story so it -- on the one hand there is the proof of claim, there was no question. Then there's the answer so I thought maybe there's a mistake here. Then there's a deposition where they confirm the proof of claim and now I'm not sure if they're still saying the proof of claim is there or isn't there. So I bring up the background so that you understand what we've attempted to do here attempting to get a verification that this proof of claim, in fact, was theirs, was accurate, they haven't as far as I know, I haven't' seen any notice of it, haven't sought to withdraw this, haven't sought to change this. Have not sought to say anything in this was incorrect. And so I think that it stands on its face. But I think to Your Honor that's not -- if the proof of claim is just it, I understand your concerns as to who typed what.

The deposition, president of Trade Show

Fabrications admits -- strike that for a second. Let me go to the corporate records. Part of what I provided to you at evidence was a 10K which in part of the 10K you'll see that American Broker Conduit was listed as a 100 percent owned subsidiary of American Brokers Corp. I provided you with two affidavits from a man named Carlo Colagiacomo who was a former counsel for American Home. He's now employed by the trust in which he provides a secretary's certificate among other documents showing what, in fact, American Brokers Conduit is which at the time in question here was simply a d/b/a of American Brokers Corp. It's not -- it was not at this time a separate company, it was American Brokers -- American -- sorry, American Home Mortgage Corp. It's one in the same.

And then lastly, I refer you to the actual checks in which you can see they're from American Home Mortgage Corp., which I understand is not the same as saying they're a creditor, but that's also who they're receiving money from. There was no dispute as to them receiving the money. They were receiving money from, in fact, a company they were doing business with. And, in fact, if you look at one of the contracts which was also attached to my declaration, you see that one of the contracts actually says American Home Mortgage Corp. We submit that there really is no real dispute that Trade Show Fabrication was, in fact, a creditor

of American Home Mortgage Corp.

The next issue 547(b) issue that's in dispute at least to a little bit is antecedent debt. And I believe the only dispute is with respect to one invoice which is the large invoice in this case. When you look at all the invoices, Your Honor, just on a simple date issue and this was detailed in Page 8 and 9 of our brief, every invoice is dated prior to the payment. The services refer to the invoice are services that were done prior to the payment, hence the antecedent debt. In fact, Trade Show Fabrication's officer at that position, I went through at length each invoice and asked him were the services for which this invoice relates to provided prior to the payment and the answer after each question was yes. And one I believe he was not sure and said but he believed it was the case.

When we go to the particular invoice at question which is for this construction of particular exhibits, you have the contract before you, Your Honor. And what the contract is quite clear is that payment is due at completion. Completion was supposed to be eight to ten weeks from January. You have a final invoice sent in March indicating the exhibits have been completed. That invoice is then paid in June, three months after the goods have been completed. At that point, based upon the simple terms of

the contract, American Home was legally obligated to pay them because the exhibits were completed. So at that point when they paid them in June when the exhibits were done in March, there's clearly an antecedent debt.

So so much of the creditor issue, we don't think there really is a legitimate dispute. There is no issue of material fact and, therefore, summary judgment should be granted in plaintiffs' favor with respect to the 547(b) elements, as well as, the statute of limitation issue.

I next turn to ordinary course. I start with ordinary course of business between the parties. I submit, Your Honor, they have not met their burden and let me break it down. Let's talk about the eight, we'll call them the smaller payments. These are for what's called show services which are either delivery, installation, de-installation, or storage. What they claim is they say well these payments were all made within 30 days of invoice and according to terms.

What's important to look at is what they say and what the actual case is. So first, if you look at Page 14 of their brief, they say, "the invoice provided payments terms of net 30". That's similar to, in fact, the affidavit they submit which in Paragraph 3 says the terms were net 30. Well when you go to the actual invoices, Your Honor which are attached to our moving paper, you see the box called

terms on ever single invoice and what it says is due on receipt. It does not say net 30. The important point being there is their affidavit, it's not correct. The invoices are quite clear, it's due on receipt. So just saying, trying to say that these payments are ordinary course between the parties just because they were paid within terms when they're not even correct about terms, clearly I submit cannot meet their burden.

And also as of course Your Honor knows, a showing for ordinary course of business, you're supposed to compare the preference period transfers to what happened in some type of baseline dealings, some type of historical period. There is no showing of that whatsoever. All they argue and submit is it was paid within terms which I've already said is not actually the case. So if you take away paid within terms since it's simply not true based upon the documents and there's no question about these invoices being the actual invoices, there's nothing left to their ordinary course of business defense. Based upon that, Your Honor, I submit they have not met their burden, and, therefore, their motion should be denied as to that element.

I also note, Your Honor, and we pointed this out and I won't repeat it verbatim in Page 19 of our objection, there are serious questions, I believe concerning the inconsistencies and the testimony of their representative.

From the simplest of at a deposition, he refused to acknowledge that he had a title. In fact, he said there were no titles at his company. And few months later, he apparently has no problem signing an affidavit saying that he's the president. That's the simplest, but they go on from there to simple -- to points about at his deposition he says he had no knowledge of certain facts. In his affidavit, all of a sudden he's quite knowledgeable and seems to be aware of so many circumstances. For instance, at the deposition, he had no knowledge of any phone calls or any communications, but in his affidavit, he quite clearly says --

THE COURT: Well doesn't -- isn't the fact that you're raising issues that would be used to impeach the veracity of testimony establish there's a genuine issue of material fact? I mean, if you want me weigh whether he's telling the truth or not, that's an evidentiary issue.

MR. SCHNITZER: I don't think you need to get to that here, Your Honor. I don't think you need to get to that on ordinary course just because of the simple -- what the actual documents say and of their failure to bring any evidence before you.

THE COURT: Well course of conduct can overcome what the documents say.

MR. SCHNITZER: But they've provided no evidence

of that. And they've actually stated -- they use quotes --

THE COURT: Sure they did. They have an affidavit that says it was net 30.

MR. SCHNITZER: And they said the invoices are termed net 30.

THE COURT: Okay.

MR. SCHNITZER: The invoices are not termed net 30.

THE COURT: So you'll have a nice opportunity to impeach him on the stand.

MR. SCHNITZER: I understand, Your Honor. I believe there's enough before this Court since there's no evidence of historical time being and it's not a situation where these are the first dealings between the parties. If it was the first dealings between the parties, a defendant could meet the burden under ordinary course by just relying upon what happened in the preference period. But in a case where there is historical, they have the burden to show, not only do they have the burden under 547(g), they particularly have the burden on their motion to show that the preference period is ordinary compared to the history. They haven't even alleged that, let alone shown any fact as to what happened historical. There is nothing in the affidavit giving any particulars to this Court whatsoever as to what happened particular.

I understand what you're saying about could they be arguing its customs in the preference period that that's what it means. It could be. First of all, I don't think that's what the affidavit says, but that would be of no moment because they haven't shown historical what happened, what were the parties? What was the parties ordinary course of business? They've done nothing to show that.

Your Honor, the next defense that's at issue here is contemporaneous exchange. This is the main invoice. It's the bulk of what's being sought here as a preference. It's based upon a contract. The contract originally had 50 percent prepay. And then two 25 percent payments afterwards. It was then apparently modified so it just became the 50 percent prepay and the final payment. The final payment was due according to the contract ten weeks from the quotes made in January, ten weeks brings you to March. They issue the invoice on March 21, around March 21, it's Invoice 1338 for the final 50 percent invoice.

What's important when you look at this contract is and I briefly explained this earlier and from my understanding from deposition of their witness, there's a contract for construction of goods and then there's what's called show services. Those are two different things. Construction obviously it's building. Show service is transportation, installation, setting up, removing, sending

back, and storage.

This contract was not for show services. In fact, the contract which I will take you to in a second is again an exhibit to my declaration in the objection. It's Exhibit F. On Exhibit F, this contract states under -- has a heading called not inclusive, it says show services - union labor for installation, dismantle, shipping, et cetera - quoted under separate cover. And that's what some of those other invoices are for that had payments. If you look at the invoices, you'll see and I'll just read from a few of them just to give you some flavor. You'll see freight, you see storage, you see installation, you see dismantle, you see supervision, you see freight, you see handling, labor, rental, delivery and taxes, some storage. Those are what are called the show service invoices. Those are separate. Those are handled by the HX.

This check at issue, this ninth check which is for roughly $190,000 is under this contract which does not include show services. So you have a contract which is for the construction of custom made exhibits. Goods -- the exhibits are completed in March, an invoice was sent out. That invoice is not paid until January. Oh, sorry, June. It was paid June 22. At that point, as I already addressed, the debt is antecedent. There's nothing contemporaneous. There's neither a contemporaneous intent or there's -- and

there's not a contemporaneous in fact. At this point, you have like I said, those were done, finished exhibits completed back in March, payment in June, three months later where the intent was to pay at completion didn't happen, paid at the end, exhibits have already been used. There's no exchange at that point.

What the defendants' arguing, Your Honor is that while the exchange is well at some point after the payment, Trade Show Fabrications, American Home also used these exhibits again. And that Trade Show Fabrications delivered these exhibits to American Home for use at a subsequent mortgage convention.

My point, Your Honor, separating the contract from the other invoices, that's not what this payment is for. That's not what the contract was for. It wasn't for delivery. Those delivery are separate invoices, separate payments. So what this transfer was for, what this contract was for was for the construction. That's already done. That was already provided. Those services were being used and granted, the exhibits were used more than once, but that's already happened. So there is no contemporaneous exchange at the time of the payment. Neither an intent at the time of the payment nor actually and, in fact, at the time of the payment.

Your Honor, two final issues to bring up. One of

the last points they make they in their motion is that they claim certain pleading deficiencies. Effectively, it appears it's almost like a 12(b)(6) motion, but done in the manner of a summary judgment motion asserting essentially that there wasn't sufficient information in the complaint.

Your Honor, we submit the complaints were sufficient. They provided sufficient information. We think it's clear that at this point the defendant has sufficient information, although had at the time of the complaint. Anyway, even this Court were to believe at this time that the complaint looking back several years didn't provide sufficient information, we think it would be within this Court's power and we would request it if necessary to amend the complaint to basically include everything that's been produced in discovery so far which they obviously have and they're obviously aware.

As this Court knows, the purpose of those pleading requirements is to provide them with notice so that they can, you know, have an active, knowledgeable defense. I don't think there's any question here that they have that information and they have that ability. To the extent which I assume if there was known to the extent there was any detail missing from the complaint, it has clearly been provided in the documents, in the exchange of information, in the deposition. To the extent that I don't think the

defendant has been harmed in any way. And, in fact, amending the complaint at this point, I'm not really sure what it would accomplish. It would really almost be a paper pushing exercise, but should that be required, I am more than happy to revise the complaint either just to attach voluminous documents or to actually revise the paragraph.

They also claim that the fraudulent transfer was not adequately asserted. As Your Honor knows because you've probably seen this in other of our complaints, we plead that count in the alternative. It's in the alternative we face certain defendants who try to argue that it's not a preference for what I'll call certain technical reasons. One of those technical reasons could be what you have before you today which is we didn't owe a debt to the debtor. The debtor paid us, but they didn't actually owe us anything. I think, Your Honor, that would be a classic fraudulent transfer if that was the case.

But regardless of that, Your Honor, our fraudulent transfer was sufficiently pled. There is case law that holds Rule 9 does not apply, the requirements do not apply to a fraudulent transfer brought in this context. Therefore, the allegations we made were sufficient. And while there are other situations and you'll hear it later this afternoon in your next case where the trustee is more than willing to dismiss the fraudulent transfer count where

those alternative situations are not applicable. This we don't believe is one of those for exactly the reason of what they're alleging about American Brokers Conduit. While we submit it's wrong as American Brokers Conduit is American Home Mortgage Corp., if for some reason somehow it was considered not to be, then this would be a debtor paying a debt for which it didn't owe relating to a non-debtor that could easily be a fraudulent transfer and we would move forward on that ground.

Your Honor, just to briefly sum up. I believe we've met the 547(b) elements. I don't believe they've met their burden in establishing the 547(c) elements both under 547(g) as their burden or as their burden as to summary judgment and even as their burden in having to oppose our motion.

I think what you have before you, Your Honor is Trade Show is asking the Court to ignore certain documents and accept certain documents. It's asking you to ignore the tolling agreement that was signed by their president. Ignore the proof of claim that was signed by their president. Ignore the contract that was signed by their president. Ignore the sworn deposition of the same person, I can't call him the president because on that day he didn't agree he was the president. And, instead, want you to accept everything as true set forth in the affidavit despite

the fact that he's admitted to having a lack of personal knowledge. And under a motion for summary judgment, affidavits have to be someone with personal knowledge. He's admitted he didn't have personal knowledge in the deposition. The vast majority of his statements in the affidavit are conclusory so they're not something for which summary judgment should be granted or denied. And the fact that many of the statements in the affidavit are directly contracted by his sworn deposition testimony.

Your Honor, unless you have any particular questions, I --

THE COURT: I do not.

MR. SCHNITZER: Thank you, Your Honor.

MR. LEGUM: If Your Honor please, Steven Legum representing the Defendant.

First, I'm a little taken aback by some disingenuous comments made by counsel. Let's talk about the proof of claim briefly. And it's not a big issue, but I think the Court has to be aware of what happened.

Mr. Suissa had testified at his deposition that he gets these proofs of claim all the time and he generally throws them in the garbage because he never gets any money from them. He had no recollection of signing this proof of claim. Counsel produced the proof of claim. He said, yeah, I guess I signed this one. I right there on the record said

given that you've represented that this is filed and Mr. Suissa has acknowledged that he signed it, we are withdrawing that defense and it should be deemed withdrawn. It's right on the record at deposition counsel was there. So why he's raising this and why he says I'm not sure what they're saying now is beyond me. That's a game. It's diversionary for good reason. It's diversionary because the party who's failed to meet the burden here is the plaintiff.

You see, we have an affidavit from a party with knowledge. You can't oppose summary judgment by calling into question the veracity of the statements made. Those are trial issues as Your Honor alluded. The only way to raise a tryable issue of fact is with an affidavit by a party with knowledge. That's what Rule 56 says. The only affidavits we have here are from counsel and counsel's statement.

First of all, we need not even get to that because there is a pleading deficiency passively admitted by counsel in his argument. The *Valley Media* case makes it very clear. The complaint needs an identification of the nature and amount of each antecedent debt. There is no identification of the nature of the claimed antecedent debt. There's just that chart. That doesn't meet that element.

Next, the name of the debtor transferor. Well, counsel has produced what I think are persuasive documents

now to establish that ABC, the party which whom we dealt is, in fact, American Home. I acknowledge those documents establish that they're one in the same. However, that's not identified in the complaint. I can't tell that from the complaint. That's his burden on the complaint. The complaint is jurisdictionally defective. The complaint should be dismissed on that ground alone. We need not move under Rule 12. We can reserve that and raise that at any point we want. That's a jurisdictional issue. And, in fact, they were on notice of the deficiency because the first affirmative defense we alleged was the failure to state a claim upon which relief can be granted. So they were on notice of that.

Now let's get to if the Court gets beyond that and says it's not a jurisdictional issue and holds that way, nevertheless, we have an ordinary course here. Let's talk about what these invoices were. They were forms sent out not prepared by lawyers. Mr. Suissa had testified that the ordinary course in the industry in his company, in the industry, and the way he did business with this party was you pay within 30 days. Even due on -- even if it's due immediately, if a payment is made within 30 days, it would be deemed in the ordinary course. And everyone of these payments was -- of those eight payments were made within the 30 days.

So even if you don't view it as net 30 because this invoice not prepared by an attorney didn't use the term net 30, nevertheless, they were promptly paid within the normal billing cycle of 30 days. Again, that's what the affidavit in support says. No affidavit from the other side is saying no, that's not the way it was, that's not the ordinary course, the ordinary course was ten days, the ordinary course was two days. That's un-rebutted. That stands un-rebutted.

The most important one obviously as counsel mentioned is the big one of $190,000. Now counsel says that -- I wrote it down. The kits were completed in March. Apparently, that's what counsel seems to believe. There's no evidence of that. There's no evidence from a party with knowledge. In fact, here's what happened. These kits, these exhibits were to be completed basically in two tranches. There was the first group. The $190,000 represented about half of the payment for the second group. This is all laid out in Mr. Suissa's affidavit. Now they may say there's no evidence to document it, but it's funny, it seems to overlook the bill of lading which shows the shipment of those additional kits.

How counsel can get up here and tell this Court that there was no new value is mindboggling. Take a look at their papers. They claim that they were coerced. The

debtor was coerced into paying $190,000. Was coerced. What does that mean? It means they needed these new kits. That's what it means. They were coerced because Trade Show said look, we are not shipping to you unless you pay. We're not giving up these kits unless you pay. They needed those new kits for another show. But they didn't say to them in response, hey, whoa, wait a minute, those are our kits, you've already delivered them, you're just holding them for us, those are ours, what do you mean? Uh-huh, that's not what happened. They went scurrying about to immediately raise the $190,000 to put it together, overnight it, at which point the shipment was made the day we received the check and the check cleared the next day. This was a three day window. Courts have already held that ten days as a matter of law is sufficient for a contemporaneous exchange.

Now counsel also misrepresented when he talks about due upon completion. It's not that. Exhibit G, his Exhibit G right at the end says FOB Las Vegas, Nevada and FOB Long Island, New York. It doesn't matter when it was internally completed. FOB is a shipment term. It was when it was completed and shipped, that's at the end. That's what FOB means. That's what this deal was. This argument when it's completed is preposterous.

That's like saying Honda, built a car in Japan. They built the car in January. The car got shipped to the

United States in March, sat on the dock for another month, went to the dealer and got delivered in June. If that car got delivered in June and was paid for in June, there's a contemporaneous exchange in June. Where that car was built is irrelevant for the purpose. It's measured -- as matter of law, it's measured from the time of the exchange. How do they explain why they paid this money immediately, but for the fact that there was a contemporaneous exchange?

There is not a scintilla of evidence about this date that counsel comes forward with saying it was completed in March. That was a target date for the completion set forth in his paper. There was no guarantee it would be completed in ten weeks. That was a target date. Where is there evidence from a party with knowledge other than counsel's opinion that this was completed in March? It wasn't. It was completed then and that's when they wanted it, that's when they needed it, FOB New York. They needed the kits. They were kits that were not delivered. He attaches documents which are inadmissible because there's no foundation laid, but if the Court wants to review those documents, you'll see, no response saying we paid for these things already. These are our kits that you've already delivered. You're just storing them. That's not what happened. These were new kits and that's consistent with the agreement here. So there was an exchange. They needed

these kits for shows.

Trade Show as the president of the company decided -- and by way just as an aside, when he said about the titles, he said in the office we don't have formal titles. I don't call somebody my controller. I don't call somebody this. When the affidavit was prepared since he is -- it is a corporation, he's the corporate president, we set forth his title as corporate president. But in any event, he knew what this was about. This was his decision. He said I am not shipping unless and until I am paid. They needed those new kits. They sent the money and they got it -- they were preloaded because they needed them. They were released that day and the bill of lading is attached to prove this.

So we have set forth evidence before the Court in proper evidentiary form from a party with knowledge supported by the necessary documents. The answer is simply counsel's opinion. There is no evidence as necessary and mandated by Rule 56 to rebut it. While our affidavits certainly at the minimum would raise an issue of fact with respect to his main claim, with respect to our defenses and which we're moving on, they stand as un-rebutted. Based upon which, we'd respectfully request that the Court dismiss this I believe on jurisdictional grounds for failure to state a claim or if not, based upon the fact that these were

clearly made the eight payments in the ordinary course of business. And there's no question of that as the documents establish, the big payment was in contemporaneous exchange for new value.

THE COURT: All right, thank you.

MR. LEGUM: Thank you, Your Honor.

MR. SCHNITZER: Your Honor, I'll be brief. First of all with respect to the bill of lading, I don't believe that document is admissible. I don't believe they've established -- it's clearly not prepared by them. I don't believe they've established that that's admissible. Anyway, even if it were admissible, Your Honor, it's unclear what it shows. It doesn't show what was shipped. It talks about, you know, crates. It's actually hard to read in the middle because it's kind of blacked out. It is not in any way proof that this is a delivery of these exhibits that they say it's a delivery of.

And actually when you look at it, it's kind of interesting because counsel's made a point that well actually, payment wasn't due upon completion even though that's what the contract says. He says no, a payment wasn't due until completion until shipped per the contract he says because it says FOB Las Vegas and New York. Well the bill of lading that he's relying on says it was shipped to Florida. Florida is neither Las Vegas or New York so I

don't even know where that goes.

Your Honor, it goes back to the contract. The terms were clear, completion. Not completion and shipment, completion because shipment was a separate thing not included in the contract which would be handled by other dealings between the parties. An invoice which would establish a contractual relationship separate apart from the contract for actually construction of the equipment. The president of the company was quite clear at his deposition, this contract was just for construction. He was clear because that's what the contract says. They've now varied a little bit on that, but that is what the contract's for and the other invoices make that clear.

As for the March completion date, he says we show no evidence of that. First of all, not our burden to show evidence of it when they're arguing that it's in June. Second of all, even if there was no, it's a target. The contract doesn't say it's a target. The contract says ten weeks. Second of all, you have this invoice. You have this invoice in March issued by Trade Show Fabrications. To accept their version of the events, you would have to believe that Trade Show Fabrications in March, exhibits not finished decides to send out the completion invoice. The invoice that's supposed to be due when exhibits are complete. An invoice for approximately $190,000. You would

have to believe that they sent out in March despite the fact that they didn't finish the exhibits for three months. It makes absolutely no sense. And so, therefore, like I said, this isn't just imagination. This is what the documents are showing you as to when it was completed.

And just lastly as to the contemporaneous exchange. Again, this was payment for delivery. Let me take that back. What they're talking about is yes. The exhibits or something was shipped according to this bill of lading if we're to believe it's accurate. Something was shipped a little bit after this payment was received, but that's not the exchange. That's not what the payment was for, that's not the exchange. The payment was for the construction of the exhibits. Payment for shipping of it was done by other invoices. So those are two different things, Your Honor. Thank you.

THE COURT: You're welcome. Anything else?

MR. LEGUM: If I might just address that.

THE COURT: Um-hum.

MR. LEGUM: First, it's mischaracterizing what happened here about this March invoice. The deposition transcript is before the Court. Mr. Suissa explained in his deposition that this was a big item. There was an older invoice. They do this at times with larger invoices to alert the people to get ready to have your money ready. FOB

New York is where the transfer is taking place. It was shipped to Florida because that's where they wanted the exhibit to go. I don't know what counsel's talking about. Then counsel says to the Court, well how do we know it was shipped? Well, you represent that entity. Come in with an affidavit from somebody saying no, that's not what was shipped. Mr. Suisse's affidavit says this is what was shipped. That stands as un-rebutted.

So what we have here -- and finally to say it was shipped somewhat later. That's not what happened. It was -- as Mr. Suissa's affidavit explains, they called, he preloaded, he got the check, he shipped immediately, the check cleared the next day. If this isn't a contemporaneous exchange, I don't know what is. The mere fact that there's a date for completion doesn't establish that that's when it was completed, nor does it establish when the transfer was. The transfer we've established by an affidavit of a party with knowledge supported by the bill of lading not refuted by anything other than counsel's assertion is that these were the second group of kits that they required being shipped to a show in Florida. And it defies credibility that these people would have gone and sent $190,000 in for no reason for kits that they already owned and then after they sent it in and received it, did they ever come back and say wow, you know what, we already paid you for that, give

us the money back.

The argument counsel is making is unsupported by any evidence by a party with knowledge for one reason, it's not so. We clearly have a case of contemporaneous exchange. Thank you, Your Honor.

THE COURT: You're welcome. Final comments, Mr. Schnitzer?

MR. SCHNITZER: No, Your Honor, thank you.

THE COURT: All right. I'm ready to rule. I'll start with plaintiffs' motion for summary judgment. A lot -- and these issues cross, but just for purposes of going through it in some sort of orderly fashion.

In connection with the prima facie case under 547(b), I will grant the plaintiffs' motion for summary judgment except on the issue of whether the $199,000 approximately invoice was on the basis of antecedent debt. There is a dispute of material fact between what the contracted invoice says and what apparently happened. It's unclear to me at this point which should control. And I think I'm going to need evidence in order to deal with making a determination of that fact.

The defense or response that American Brokerage Conduit and the debtor are not the same entity I think has been waived, but in any event if it hasn't, I will overrule that objection because the Court can take judicial notice of

the certificates and other evidence which indicates that the debtor and ABC are, in fact, the same entity and ABC was the doing business name.

The statute of limitations argument is also overruled. First, the statute of limitations in my mind is not jurisdictional, notwithstanding some cases that go the other way. There was a valid tolling agreement entered into and complied with so the complaint was timely filed.

On the failure to state a claim under Rule 12, first of all, having ruled that the jurisdiction point is invalid, the fact that 12(b) jurisdictional challenge can be raised at any time is irrelevant. The rest of the argument is really, frankly, an argument on a motion to dismiss for failure to state a claim. And it's too late in the game for that. That's what -- while a motion to dismiss can be considered a summary judgment motion, I'm not sure a summary judgment motion can be considered a motion to dismiss. This is what discovery was for. You filed an answer. You -- and by you, I mean the defendant. The defendant filed an answer and had an opportunity for discovery. The notice pleading standards of *Twombly* really aren't applicable at this point because there was an opportunity to actually develop the facts and the facts were developed.

In connection with the plaintiffs' motions on affirmative defenses, as to the ordinary course, both

subjective and objective, I will deny that motion for summary judgment. There is a dispute of material fact again over the invoices whether they were net 30, whether they were due now, what the parties actually did as opposed to what the documents said and that would -- so in that event, I believe -- and this would to the extent necessary also apply to the $199,000 transfer.

And moving to that, the contemporaneous exchange, I'll deny the motion of the plaintiff for summary judgment on that because again, there's a dispute of fact between what the contracts and invoice say and what actually occurred. We have to look to the parties intent and I'm -- with that conflict, I'm going to have to hear evidence.

In connection with the defendants' motion, I'm going to deny that in full again, for pretty much the same reasons. The motion to dismiss/*Twombly* issue is not applicable. I think the fraudulent conveyance action was properly pled. Again, it's constructive not actual fraud. The statute of limitations defense in invalid. The ordinary course defenses and the contemporaneous exchange defenses are subject to a disputed of material fact. So they'll have to be tried. And I'd ask counsel to consult and submit a form of order consistent with my rulings. All right?

MR. SCHNITZER: Thank you, Your Honor.

MR. LEGUM: Thank you, Your Honor.

THE COURT: All right, we're adjourned. Thank you.

MR. LEGUM: Thank you, Your Honor.

(Whereupon, at 12:54 p.m., the hearing was adjourned.)

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Traci Calaman

Digitally signed by Traci Calaman
DN: cn=Traci Calaman, c=US, o=DiazDataServices, ou=DiazDataServices, email=info@diazdata.com
Date: 2011.07.25 11:10:20 -04'00'

19 July 2011

Traci L. Calaman, Transcriber | Date

**Word** Page:Line

**07-11047(css**(1) 1:4
**09-52300(css**(1) 1:16
**12(b)(6**(1) 19:3
**aback**(1) 22:16
**abc**(3) 24:1 34:2 34:2
**ability**(1) 19:21
**about**(19) 9:3 12:13 13:7 13:17 14:6 16:1 21:3 22:17 24:17 25:18 26:10 26:17 27:9 28:3 28:9 29:13 31:8 31:21 32:3
**aboveentitled** (1) 36:9
**absolutely**(1) 31:3
**accept**(3) 21:18 21:25 30:21
**accomplish**(1) 20:3
**according**(3) 12:17 16:15 31:9
**accurate**(2) 9:18 31:10
**acknowledge**(2) 14:2 24:2
**acknowledged**(1) 23:2
**acknowledging**(1) 8:16
**action**(4) 3:13 4:13 8:20 35:17
**active**(1) 19:19
**actively**(1) 5:4
**actual**(6) 10:15 12:20 12:24 13:18 14:21 35:18
**actually**(14) 9:1 10:23 13:15 15:1 18:23 20:6 20:15 29:14 29:18 29:20 30:8 34:22 35:4 35:11
**additional**(1) 25:22
**address**(2) 8:4 31:18
**addressed**(1) 17:23
**addresses**(1) 4:8
**adequately**(1) 20:8
**adjourned**(2) 36:1 36:4
**administered**(1) 1:5
**admissible**(3) 29:9 29:11 29:12
**admits**(1) 10:1
**admitted**(4) 5:6 22:1 22:4 23:18
**adv**(1) 1:16
**advice**(2) 4:16 4:20
**affidavit**(21) 12:22 13:3 14:4 14:8 14:11 15:3 15:23 16:4 21:25 22:6 22:8 23:9 23:13 25:5 25:5 25:19 28:6 32:6 32:7 32:11 32:17
**affidavits**(4) 10:6 22:3 23:15 28:19
**affirmative**(2) 24:11 34:25
**after**(6) 8:24 11:14 11:24 18:8 31:11 32:2
**afternoon**(4) 3:4 3:5 3:9 20:24
**afterwards**(1) 16:13
**again**(8) 17:4 18:10 25:4 31:7 35:2 35:10 35:15 35:18
**against**(6) 1:18 3:13 7:12 7:20 7:22 7:25
**agent**(3) 4:11 7:4 8:21
**agree**(1) 21:24
**agreement**(11) 4:6 4:9 4:15 4:18 4:18 4:19 4:21 4:21 21:19 27:25 34:7
**agreements**(1) 4:2
**ahead**(3) 3:8 3:18 8:14
**alan**(1) 1:38
**alert**(1) 31:25
**all**(24) 3:2 6:6 6:10 6:17 6:20 6:23 7:1 11:5 12:17 13:13 14:8 16:3 22:21 23:17 25:19 29:5 29:8 30:15 30:17 30:19 33:9 34:10 35:23 36:1
**allegations**(1) 20:22
**alleged**(2) 15:22 24:11
**alleging**(1) 21:3
**alluded**(1) 23:12
**almost**(2) 19:3 20:3
**alone**(2) 15:22 24:7
**already**(12) 13:14 17:23 18:5 18:18 18:19 18:21 26:8 26:14 27:22 27:22 32:23 32:25

**Word** Page:Line

**also**(10) 7:8 10:18 10:22 13:9 13:22 18:9 20:7 26:16 34:4 35:6
**alternative**(3) 20:10 20:10 21:1
**although**(1) 19:9
**amend**(1) 19:13
**amending**(1) 20:2
**american**(30) 1:13 3:10 5:12 5:12 5:14 5:15 7:12 7:18 7:21 8:17 8:18 10:4 10:5 10:7 10:9 10:11 10:12 10:13 10:13 10:16 10:23 11:1 12:1 18:9 18:11 21:3 21:4 21:4 24:2 33:22
**among**(2) 7:8 10:8
**amount**(2) 8:7 23:21
**and**(143) 3:15 4:1 4:5 4:22 5:8 5:21 5:22 5:22 6:4 6:4 6:5 6:10 6:21 6:24 7:7 7:9 7:10 7:23 8:4 8:7 8:7 8:7 8:8 8:20 8:25 9:9 9:14 9:21 10:15 10:21 11:3 11:6 11:7 11:12 11:14 11:14 11:15 11:19 12:7 12:12 12:17 12:19 13:1 13:9 13:13 13:17 13:20 13:22 13:23 13:25 14:3 14:8 14:21 15:1 15:4 15:13 16:12 16:14 16:20 16:20 16:22 17:1 17:8 17:10 17:14 17:25 18:10 18:20 18:23 19:13 19:15 19:21 20:1 20:22 20:23 21:8 21:14 21:18 21:24 22:2 22:7 22:18 22:21 23:1 23:3 23:5 23:15 23:21 24:8 24:9 24:15 24:15 24:20 24:23 25:23 26:13 26:18 26:21 27:2 27:3 27:16 27:24 28:3 28:10 28:11 28:13 28:18 28:21 29:2 29:18 29:23 30:3 30:12 31:3 31:6 32:9 32:21 32:22 32:23 32:24 32:24 33:11 33:18 33:19 33:23 34:1 34:2 34:2 34:8 34:14 34:18 34:20 34:23 35:1 35:5 35:6 35:8 35:11 35:11 35:12 35:20 35:22 35:22
**another**(2) 26:6 27:1
**answer**(8) 8:2 8:25 8:25 9:12 11:14 28:17 34:18 34:19
**antecedent**(8) 5:8 11:3 11:10 12:4 17:24 23:21 23:22 33:16
**any**(19) 4:20 4:23 9:19 14:10 14:11 14:21 15:22 15:24 19:20 19:22 20:1 22:10 22:22 24:8 28:8 29:15 33:3 33:24 34:12
**anything**(4) 9:21 20:15 31:17 32:19
**anyway**(2) 19:10 29:11
**apart**(1) 30:7
**apologize**(1) 6:18
**apparently**(4) 14:4 16:13 25:13 33:18
**appears**(1) 19:3
**applicable**(3) 21:1 34:21 35:17
**apply**(3) 20:20 20:21 35:7
**approximately**(2) 30:25 33:16
**are**(49) 4:2 4:7 4:10 5:4 5:5 5:6 5:11 5:12 6:1 6:8 7:16 8:18 11:9 12:14 12:15 12:25 13:4 13:5 13:24 15:4 15:7 15:14 16:23 17:9 17:14 17:15 17:15 17:16 17:21 18:16 20:23 21:1 22:6 22:8 23:2 23:12 23:15 23:25 26:4 26:7 26:9 27:19 27:22 30:24 31:4 31:15 33:23 34:2 35:21
**aren't**(1) 34:21
**argue**(3) 3:18 13:13 20:11
**arguing**(3) 16:2 18:7 30:16
**argument**(7) 4:1 23:19 26:22 33:2 34:4 34:12 34:13
**around**(1) 16:17
**aside**(1) 28:3
**ask**(2) 9:3 35:22
**asked**(1) 11:12
**asking**(2) 21:17 21:18
**asserted**(1) 20:8
**asserting**(1) 19:4
**assertion**(1) 32:19
**assume**(1) 19:22
**attach**(1) 20:5

**Word** Page:Line

**attached**(5) 7:15 7:16 10:22 12:25 28:13
**attaches**(1) 27:19
**attempted**(1) 9:16
**attempting**(1) 9:17
**attention**(1) 7:5
**attorney**(1) 25:2
**avenue**(2) 1:33 2:6
**aware**(3) 14:9 19:16 22:19
**away**(1) 13:15
**back**(7) 17:1 18:3 19:11 30:2 31:8 32:24 33:1
**background**(1) 9:15
**backing**(1) 8:23
**bankruptcy**(2) 1:1 1:26
**based**(7) 8:17 11:25 13:16 13:19 16:11 28:22 28:25
**baseline**(1) 13:12
**basically**(2) 19:14 25:16
**basis**(1) 33:16
**became**(1) 16:14
**because**(23) 12:2 13:6 14:20 16:5 20:8 21:23 22:22 23:7 23:18 24:10 25:1 26:3 27:19 28:12 29:15 29:19 29:23 30:4 30:11 32:2 33:25 34:22 35:10
**been**(8) 5:5 11:23 11:24 18:5 19:14 19:23 20:1 33:24
**before**(8) 1:25 11:19 14:22 15:12 20:13 21:16 28:15 31:22
**behalf**(1) 3:10
**being**(7) 5:4 13:2 13:17 15:13 16:10 18:19 32:20
**believe**(21) 4:25 7:6 8:4 8:5 11:3 11:15 13:24 15:12 19:10 21:2 21:10 21:11 25:13 28:24 29:8 29:9 29:11 30:22 31:1 31:10 35:6
**believed**(1) 11:15
**better**(1) 5:18
**between**(7) 12:11 13:6 15:14 15:15 30:6 33:17 35:10
**beyond**(2) 23:6 24:14
**big**(4) 22:18 25:11 29:3 31:23
**bill**(6) 25:21 28:13 29:8 29:23 31:9 32:18
**billed**(1) 7:18
**billing**(1) 25:4
**binder**(1) 6:3
**bit**(3) 11:3 30:12 31:11
**blacked**(1) 29:15
**blank**(1) 1:37
**bold**(1) 4:1
**both**(5) 3:14 3:18 3:23 21:12 34:25
**bottom**(1) 7:6
**box**(1) 12:25
**break**(1) 12:12
**brief**(3) 11:7 12:21 29:7
**briefly**(3) 16:20 21:10 22:18
**bring**(4) 9:9 9:15 14:21 18:25
**brings**(1) 16:16
**broker**(2) 7:18 10:4
**brokerage**(1) 33:22
**brokers**(9) 5:12 5:14 8:18 10:5 10:9 10:11 10:12 21:3 21:4
**brought**(2) 4:14 20:21
**building**(1) 16:24
**built**(3) 26:24 26:25 27:4
**bulk**(1) 16:10
**burden**(14) 12:12 13:8 13:20 15:16 15:18 15:19 15:20 21:12 21:13 21:13 21:14 23:8 24:5 30:15

**Word** Page:Line

**business**(8) 10:21 12:11 13:10 13:19 16:7 24:20 29:2 34:3
**but**(26) 5:18 6:7 6:14 9:22 10:18 11:15 14:5 14:11 14:25 15:17 16:4 18:20 19:3 20:4 20:15 20:18 22:18 25:20 26:6 27:7 27:20 28:8 30:12 31:11 33:11 33:24
**call**(5) 12:13 20:12 21:23 28:5 28:5
**called**(6) 12:14 12:25 16:23 17:6 17:15 32:11
**calling**(1) 23:10
**calls**(1) 14:10
**can**(13) 4:6 5:23 7:2 10:16 14:23 19:19 24:8 24:12 25:23 33:25 34:11 34:15 34:17
**can't**(3) 21:23 23:10 24:4
**cannot**(1) 13:8
**car**(5) 26:24 26:25 26:25 27:2 27:4
**carlo**(1) 10:6
**case**(14) 1:4 4:8 4:11 11:5 11:16 12:20 13:15 15:17 20:17 20:19 20:24 23:19 33:4 33:13
**cases**(2) 4:7 34:6
**certain**(6) 14:7 19:2 20:11 20:12 21:17 21:18
**certainly**(1) 28:20
**certificate**(1) 10:8
**certificates**(1) 34:1
**certification**(1) 36:6
**certify**(1) 36:7
**cetera**(1) 17:7
**challenge**(1) 34:11
**challenged**(1) 5:4
**change**(1) 9:20
**changing**(1) 9:10
**chapter**(1) 1:7
**chart**(1) 23:23
**check**(6) 17:17 17:17 26:13 26:13 32:12 32:13
**checks**(1) 10:15
**christopher**(1) 1:25
**circumstances**(1) 14:9
**cite**(2) 4:7 4:8
**claim**(43) 5:10 5:20 5:20 5:22 5:23 5:24 6:25 7:3 7:4 7:10 7:11 7:12 7:15 7:16 7:19 7:20 7:22 7:24 8:1 8:12 8:22 9:1 9:2 9:5 9:11 9:13 9:15 9:17 9:23 12:16 19:2 20:7 21:20 22:18 22:21 22:24 22:24 24:12 25:25 28:21 28:25 34:9 34:14
**claimed**(1) 23:22
**claiming**(1) 5:11
**classic**(1) 20:16
**clear**(10) 4:25 7:19 11:20 13:4 19:8 23:20 30:3 30:9 30:10 30:13
**cleared**(2) 26:13 32:13
**clearly**(7) 12:4 13:7 14:11 19:23 29:1 29:10 33:4
**clerk**(1) 3:2
**coerced**(4) 25:25 26:1 26:1 26:3
**colagiacomo**(1) 10:6
**come**(2) 32:5 32:24
**comes**(1) 27:10
**comments**(2) 22:17 33:6
**committees**(2) 4:10 8:21
**communications**(1) 14:11
**company**(8) 5:20 9:4 10:12 10:20 14:3 24:19 28:2 30:9
**compare**(1) 13:10
**compared**(1) 15:21

Word Page:Line

**complaint**(16) 4:22 6:2 19:5 19:9 19:11 19:14 19:23 20:2 20:5 23:20 24:4 24:5 24:5 24:6 24:6 34:8
**complaints**(2) 19:6 20:9
**complete**(1) 30:25
**completed**(16) 11:23 11:25 12:2 17:21 18:3 25:12 25:16 26:20 26:21 26:23 27:10 27:13 27:15 27:16 31:5 32:16
**completely**(1) 4:7
**completion**(13) 11:21 11:21 18:4 26:17 27:11 29:20 29:22 30:3 30:3 30:4 30:14 30:23 32:15
**complied**(1) 34:8
**concerning**(1) 13:24
**concerns**(1) 9:24
**conclusory**(1) 22:6
**conduct**(2) 7:19 14:23
**conduit**(9) 5:12 5:14 7:18 8:18 10:4 10:10 21:3 21:4 33:23
**confirm**(1) 9:13
**confirms**(1) 9:4
**conflict**(1) 35:13
**connection**(3) 33:13 34:24 35:14
**considered**(3) 21:6 34:16 34:17
**consistent**(2) 27:24 35:23
**constitute**(1) 8:23
**construction**(8) 11:18 16:22 16:24 17:20 18:18 30:8 30:10 31:14
**constructive**(1) 35:18
**consult**(1) 35:22
**contact**(1) 4:12
**contemplated**(1) 8:20
**contemporaneous**(14) 16:9 17:24 17:25 18:1 18:21 26:15 27:4 27:8 29:3 31:6 32:13 33:4 35:8 35:20
**context**(1) 20:21
**continue**(1) 8:19
**continued**(1) 2:2
**contract**(26) 11:19 11:20 12:1 16:11 16:11 16:15 16:19 16:22 17:2 17:3 17:5 17:18 17:19 18:13 18:15 18:17 21:21 29:21 29:22 30:2 30:5 30:8 30:10 30:11 30:18 30:18
**contract's**(1) 30:12
**contracted**(2) 22:9 33:18
**contracts**(3) 10:22 10:23 35:11
**contractual**(1) 30:7
**control**(1) 33:19
**controller**(1) 28:5
**convention**(1) 18:12
**conveyance**(1) 35:17
**copy**(1) 8:22
**corp**(12) 5:13 5:15 7:13 7:21 8:17 10:5 10:11 10:13 10:17 10:24 11:1 21:5
**corporate**(3) 10:2 28:7 28:8
**corporation**(1) 28:7
**correct**(7) 3:22 6:9 6:16 9:2 13:3 13:7
**could**(8) 4:15 8:23 8:23 15:16 16:1 16:3 20:13 21:8
**counsel**(18) 4:13 4:20 10:7 22:17 22:24 23:4 23:15 23:19 23:25 25:10 25:11 25:13 25:23 26:16 27:10 32:4 33:2 35:22
**counsel's**(6) 23:15 27:15 28:18 29:19 32:3 32:19
**count**(2) 20:10 20:25
**couple**(1) 7:14

Word Page:Line

**course**(19) 12:10 12:11 13:5 13:9 13:10 13:19 14:20 14:23 15:16 16:6 24:16 24:19 24:23 25:7 25:7 25:8 29:1 34:25 35:20
**court**(48) 1:1 3:3 3:7 3:16 3:17 3:21 5:16 5:25 6:2 6:6 6:8 6:10 6:14 6:17 6:20 6:23 7:1 7:24 8:9 8:11 8:14 9:6 14:13 14:23 15:2 15:6 15:9 15:12 15:24 19:10 19:17 21:17 22:12 22:19 24:14 25:23 27:20 28:15 28:23 29:5 31:17 31:19 31:22 32:4 33:6 33:9 33:25 36:1
**court's**(1) 19:13
**courtroom**(1) 1:9
**courts**(1) 26:14
**cover**(1) 17:8
**crates**(1) 29:14
**credibility**(1) 32:21
**creditor**(8) 5:7 5:10 5:12 8:4 8:17 10:18 10:25 12:5
**cross**(1) 33:11
**custom**(1) 17:20
**customs**(1) 16:2
**cycle**(1) 25:4
**d/b/a**(2) 5:15 10:11
**data**(1) 1:45
**date**(7) 8:7 11:6 27:10 27:11 27:13 30:14 32:15
**dated**(1) 11:8
**dates**(1) 8:7
**day**(6) 21:23 26:12 26:13 26:14 28:13
**days**(8) 12:17 24:21 24:22 24:25 25:4 25:7 25:8 26:14
**de-installation**(1) 12:15
**deal**(2) 26:22 33:20
**dealer**(1) 27:2
**dealings**(4) 13:12 15:14 15:15 30:6
**dealt**(1) 24:1
**debt**(10) 5:8 11:3 11:10 12:4 17:24 20:14 21:7 23:21 23:22 33:16
**debtor**(9) 7:11 7:25 20:14 20:15 21:6 23:24 26:1 33:23 34:2
**debtors**(2) 1:10 5:7
**decided**(1) 28:3
**decides**(1) 30:23
**decision**(1) 28:9
**declaration**(3) 6:22 10:22 17:4
**deemed**(2) 23:3 24:23
**defective**(1) 24:6
**defendant**(7) 1:22 15:15 19:8 20:1 22:15 34:19 34:19
**defendants**(3) 18:7 20:11 35:14
**defense**(8) 4:23 13:19 16:8 19:19 23:3 24:11 33:22 35:19
**defenses**(5) 4:24 28:21 34:25 35:20 35:20
**deficiencies**(1) 19:2
**deficiency**(2) 23:18 24:10
**defies**(1) 32:21
**delaware**(4) 1:2 1:11 2:6 3:1
**delivered**(6) 18:10 26:8 27:2 27:3 27:18 27:23
**delivery**(7) 12:15 17:14 18:16 18:16 29:16 29:17 31:7
**demand**(2) 4:11 4:12
**denied**(2) 13:21 22:7
**deny**(3) 35:1 35:9 35:15
**deposed**(1) 7:7

Word Page:Line

**deposition**(17) 7:8 9:3 9:13 9:25 14:1 14:6 14:10 16:21 19:25 21:22 22:5 22:9 22:20 23:4 30:9 31:21 31:23
**despite**(3) 8:24 21:25 31:1
**detail**(1) 19:23
**detailed**(1) 11:7
**determination**(1) 33:21
**develop**(1) 34:22
**developed**(1) 34:23
**diaz**(1) 1:45
**did**(6) 7:25 9:1 15:2 24:20 32:24 35:4
**didn't**(10) 18:4 19:11 20:14 20:15 21:7 21:23 22:4 25:2 26:6 31:2
**different**(3) 6:19 16:23 31:15
**direct**(1) 7:5
**directly**(1) 22:8
**discovery**(3) 19:15 34:18 34:20
**disingenuous**(1) 22:17
**dismantle**(2) 17:7 17:12
**dismiss**(5) 20:25 28:23 34:13 34:15 34:17
**dismiss/twombly**(1) 35:16
**dismissed**(1) 24:7
**dispute**(8) 10:19 10:25 11:2 11:4 12:6 33:17 35:2 35:10
**disputed**(1) 35:21
**district**(1) 1:2
**diversionary**(2) 23:7 23:7
**dock**(1) 27:1
**document**(2) 25:20 29:9
**documents**(16) 10:9 13:16 14:21 14:24 19:24 20:6 21:17 21:18 23:25 24:2 27:19 27:21 28:17 29:2 31:4 35:5
**does**(6) 9:6 13:2 17:18 20:20 26:2 32:16
**doesn't**(6) 14:13 23:23 26:19 29:13 30:18 32:15
**doing**(2) 10:21 34:3
**don't**(24) 3:3 8:2 8:3 8:5 9:7 9:9 12:5 14:18 14:19 16:3 19:20 19:25 21:2 21:11 25:1 28:4 28:5 28:5 29:8 29:9 29:10 30:1 32:3 32:14
**done**(7) 11:9 12:3 16:7 18:2 18:18 19:3 31:15
**down**(3) 7:5 12:13 25:12
**due**(12) 4:14 11:20 13:1 13:4 16:15 24:21 24:21 26:17 29:20 29:22 30:24 35:4
**each**(3) 11:12 11:14 23:21
**earlier**(1) 16:20
**easiest**(1) 5:19
**easily**(1) 21:8
**ecro**(1) 1:43
**edward**(3) 1:31 3:6 3:9
**effectively**(1) 19:2
**eight**(4) 11:21 12:13 24:24 29:1
**either**(3) 5:6 12:15 20:5
**electronic**(2) 1:51 36:8
**element**(2) 13:21 23:23
**elements**(6) 5:3 5:3 5:4 12:9 21:11 21:12
**else**(2) 8:11 31:17
**employed**(1) 10:7
**end**(4) 3:7 18:5 26:18 26:21
**enforceable**(1) 4:18
**enough**(1) 15:12
**entered**(2) 4:16 34:7
**entity**(3) 32:5 33:23 34:2
**epic**(1) 8:5
**equipment**(1) 30:8
**eric**(1) 2:5
**esq**(5) 1:31 1:32 1:38 2:5 2:11
**essentially**(1) 19:4
**establish**(7) 14:15 24:1 24:3 29:3 30:7 32:15 32:16

Word Page:Line

**established**(3) 29:10 29:11 32:17
**establishing**(1) 21:12
**even**(13) 5:18 13:7 15:22 19:10 21:14 23:17 24:21 24:21 25:1 29:12 29:20 30:1 30:17
**event**(3) 28:8 33:24 35:5
**events**(1) 30:21
**ever**(2) 13:1 32:24
**every**(1) 11:7
**everyone**(1) 24:23
**everything**(3) 8:11 19:14 21:25
**evidence**(17) 10:3 14:22 14:25 15:13 25:14 25:14 25:20 27:9 27:14 28:15 28:18 30:15 30:16 33:3 33:20 34:1 35:13
**evidentiary**(2) 14:17 28:16
**exactly**(2) 5:21 21:2
**except**(1) 33:15
**exchange**(18) 16:9 18:6 18:8 18:22 19:24 26:15 27:4 27:6 27:8 27:25 29:3 31:7 31:12 31:13 32:14 33:4 35:8 35:20
**exercise**(1) 20:4
**exhibit**(9) 5:23 6:17 6:25 17:4 17:5 17:5 26:17 26:18 32:3
**exhibits**(19) 7:8 11:18 11:23 12:2 12:3 17:20 17:21 18:2 18:5 18:10 18:11 18:20 25:16 29:16 30:22 30:24 31:2 31:9 31:14
**explain**(1) 27:7
**explained**(2) 16:20 31:22
**explains**(1) 32:11
**extended**(1) 4:6
**extent**(4) 19:21 19:22 19:25 35:6
**fabrication**(1) 10:25
**fabrication's**(2) 7:16 11:11
**fabrications**(12) 1:20 2:5 3:14 4:17 7:3 8:16 8:24 10:1 18:9 18:10 30:20 30:22
**face**(2) 9:22 20:10
**facie**(1) 33:13
**fact**(38) 5:7 5:18 7:9 8:22 9:18 10:9 10:20 10:21 10:25 11:10 12:7 12:22 14:2 14:13 14:16 15:22 17:3 18:1 18:23 20:1 22:1 22:7 23:13 24:2 24:10 25:15 27:8 28:20 28:25 31:1 32:14 33:17 33:21 34:2 34:11 35:2 35:10 35:21
**facts**(4) 4:10 14:7 34:23 34:23
**failed**(1) 23:8
**failure**(5) 14:21 24:11 28:24 34:9 34:14
**far**(2) 9:18 19:15
**fashion**(1) 33:12
**favor**(1) 12:8
**few**(2) 14:3 17:10
**file**(1) 9:1
**filed**(8) 3:15 4:22 8:25 9:4 23:1 34:8 34:18 34:19
**files**(1) 8:25
**filing**(1) 7:19
**filings**(1) 5:17
**filled**(3) 8:3 8:4 8:6
**final**(6) 11:22 16:14 16:15 16:18 18:25
**finally**(1) 32:9
**find**(1) 5:21
**finish**(1) 31:2
**finished**(2) 18:2 30:23
**first**(17) 5:10 5:14 6:24 7:5 12:20 15:14 15:15 16:3 22:16 23:17 24:11 25:17 29:7 30:15 31:20 34:5 34:10
**flavor**(1) 17:11
**flip**(2) 6:24 7:14
**florida**(4) 29:25 29:25 32:2 32:21
**fob**(7) 26:18 26:19 26:20 26:22 27:17 29:23 31:25

Word Page:Line

**for**(74) 1:2 1:30 2:4 3:12 3:15 4:4 5:13 8:23 10:1 10:7 11:12 11:18 12:14 13:10 14:9 16:18 16:22 17:2 17:7 17:9 17:18 17:19 18:11 18:15 18:15 18:15 18:17 18:18 18:18 20:12 21:2 21:5 21:7 22:2 22:6 23:7 25:18 26:6 26:8 26:15 27:1 27:3 27:5 27:7 27:11 27:21 28:1 28:24 29:4 30:8 30:10 30:12 30:14 30:25 31:2 31:7 31:13 31:13 31:14 32:15 32:22 32:23 32:25 33:3 33:10 33:11 33:14 34:13 34:14 34:18 34:20 35:1 35:9 35:15
**foregoing**(1) 36:7
**form**(3) 7:24 28:16 35:23
**formal**(1) 28:4
**former**(1) 10:7
**forms**(1) 24:17
**forth**(5) 5:15 21:25 27:12 28:8 28:15
**forward**(2) 21:9 27:10
**foundation**(1) 27:20
**frankly**(1) 34:13
**fraud**(1) 35:18
**fraudulent**(7) 20:7 20:16 20:19 20:21 20:25 21:8 35:17
**freight**(2) 17:11 17:13
**friday**(1) 3:1
**from**(27) 3:10 9:2 10:6 10:16 10:19 10:20 11:22 14:1 14:6 16:16 16:20 16:21 17:10 18:14 19:23 22:23 23:9 23:15 24:4 25:5 25:14 27:6 27:14 28:16 30:7 32:6 36:8
**full**(1) 35:15
**fully**(1) 7:22
**funny**(1) 25:20
**game**(2) 23:6 34:14
**garbage**(1) 22:22
**generally**(1) 22:21
**genuine**(1) 14:15
**get**(7) 9:17 14:18 14:19 23:17 24:14 25:23 31:25
**gets**(3) 22:21 22:22 24:14
**give**(2) 17:11 32:25
**given**(3) 5:16 5:16 23:1
**giving**(2) 15:24 26:5
**goes**(2) 30:1 30:2
**going**(4) 33:11 33:20 35:13 35:15
**gone**(1) 32:22
**good**(3) 3:4 3:5 23:7
**goods**(3) 11:24 16:22 17:20
**got**(6) 7:1 26:25 27:2 27:3 28:11 32:12
**grant**(1) 33:14
**granted**(4) 12:8 18:20 22:7 24:12
**ground**(2) 21:9 24:7
**grounds**(1) 28:24
**group**(3) 25:17 25:18 32:20
**guarantee**(1) 27:12
**guess**(2) 4:1 22:25
**had**(11) 6:19 14:2 14:7 14:10 16:11 17:9 19:9 22:20 22:23 24:18 34:20
**hahn**(2) 1:30 3:10
**half**(1) 25:18
**hand**(1) 9:10
**handled**(2) 17:16 30:5
**handling**(1) 17:13
**handwritten**(1) 8:12
**hang**(1) 6:23
**happen**(1) 18:4
**happened**(13) 13:11 15:17 15:23 15:25 16:5 18:21 22:19 25:15 26:10 27:24 31:21 32:10 33:18
**happy**(1) 20:5
**hard**(1) 29:14
**harmed**(1) 20:1
**harrisburg**(1) 1:47

**has**(11) 3:17 6:3 14:4 17:5 19:8 19:23 20:1 22:19 23:2 23:25 33:23
**hasn't**(1) 33:24
**have**(51) 3:7 3:14 3:25 4:14 5:5 7:20 7:22 8:15 8:23 9:3 9:20 11:19 11:22 11:23 11:24 12:12 13:20 15:2 15:9 15:18 15:19 15:20 17:19 18:2 18:5 19:15 19:19 19:20 19:21 20:13 21:16 22:3 22:4 22:10 23:9 23:15 24:16 26:14 28:4 28:15 30:19 30:19 30:21 31:1 31:25 32:9 32:22 33:4 35:12 35:13 35:21
**haven't**(6) 9:18 9:19 9:19 9:20 15:21 16:5
**having**(3) 21:14 22:1 34:10
**he's**(9) 10:7 14:5 14:8 14:16 22:1 22:3 23:5 28:7 29:24
**heading**(1) 17:6
**hear**(2) 20:23 35:13
**hearing**(4) 3:7 3:12 6:3 36:4
**held**(3) 7:12 8:1 26:14
**hence**(1) 11:10
**here**(18) 3:12 4:10 6:11 7:17 9:12 9:16 10:10 14:19 16:8 16:10 19:20 23:8 23:15 24:16 25:23 27:25 31:21 32:9
**here's**(1) 25:15
**hessen**(2) 1:30 3:10
**hey**(1) 26:7
**him**(3) 11:12 15:10 21:23
**his**(21) 7:7 7:7 7:9 7:9 14:3 14:6 14:7 14:11 22:5 22:9 22:20 23:19 24:5 24:19 26:17 27:12 28:8 28:9 28:21 30:9 31:22
**historical**(5) 13:12 15:13 15:18 15:23 16:5
**history**(1) 15:21
**holding**(1) 26:8
**holdings**(1) 1:8
**holds**(2) 20:20 24:15
**home**(18) 1:7 1:13 3:10 5:13 5:15 7:13 7:21 8:17 10:7 10:13 10:16 10:23 11:1 12:1 18:9 18:11 21:5 24:2
**honda**(1) 26:24
**honor**(50) 3:5 3:9 3:14 3:22 3:23 4:3 5:1 5:11 5:18 6:18 7:2 8:3 8:13 8:15 8:19 9:8 9:22 11:6 11:19 12:12 12:24 13:9 13:19 13:22 14:19 15:11 16:8 18:7 18:13 18:25 19:6 20:8 20:16 20:18 21:10 21:16 22:10 22:13 22:14 23:12 29:6 29:7 29:12 30:2 31:16 33:5 33:8 35:24 35:25 36:3
**honorable**(1) 1:25
**how**(3) 25:23 27:6 32:4
**however**(1) 24:3
**i'd**(1) 35:22
**i'll**(6) 4:1 17:10 20:12 29:7 33:9 35:9
**i'm**(10) 9:14 20:2 22:16 23:5 33:9 33:20 34:16 35:12 35:13 35:14
**i've**(2) 5:16 13:14
**identification**(2) 23:20 23:22
**identified**(1) 24:4
**ignore**(5) 21:17 21:18 21:20 21:21 21:22
**imagination**(1) 31:4
**immediately**(4) 24:22 26:10 27:7 32:12
**impeach**(2) 14:14 15:10
**important**(4) 12:19 13:2 16:19 25:10
**inadmissible**(1) 27:19
**inc**(2) 1:8 2:5
**inc.**(1) 1:20
**include**(3) 7:25 17:19 19:14
**included**(1) 30:5
**including**(1) 5:17
**inclusive**(1) 17:6
**inconsistencies**(1) 13:25
**incorrect**(3) 4:4 4:4 9:21
**indicates**(1) 34:1

**indicating**(1) 11:23
**industry**(2) 24:19 24:20
**information**(6) 19:5 19:7 19:9 19:12 19:21 19:24
**informing**(1) 4:13
**initial**(1) 3:23
**installation**(4) 12:15 16:25 17:7 17:12
**instance**(1) 14:9
**instead**(1) 21:24
**intent**(4) 17:25 18:4 18:22 35:12
**interesting**(1) 29:19
**internally**(1) 26:20
**interrelated**(1) 3:21
**into**(4) 4:16 23:11 26:1 34:7
**invalid**(2) 34:11 35:19
**invoice**(31) 5:9 11:4 11:5 11:7 11:9 11:12 11:13 11:17 11:22 11:23 12:17 12:21 13:1 16:9 16:17 16:18 16:18 17:21 17:22 25:2 30:6 30:19 30:20 30:23 30:24 30:25 31:21 31:24 33:16 33:18 35:11
**invoices**(20) 7:17 7:17 8:18 11:6 12:24 13:3 13:17 13:18 15:4 15:7 17:9 17:10 17:15 18:14 18:16 24:17 30:13 31:15 31:24 35:3
**irrelevant**(2) 27:5 34:12
**island**(1) 26:19
**isn't**(5) 9:7 9:15 14:13 31:4 32:13
**issue**(21) 3:25 5:6 7:17 11:2 11:2 11:6 12:5 12:6 12:9 14:15 14:17 16:8 16:17 17:17 22:18 23:13 24:9 24:15 28:20 33:15 35:16
**issued**(1) 30:20
**issues**(6) 3:23 5:2 14:14 18:25 23:12 33:11
**it's**(55) 4:4 4:19 5:13 5:13 5:15 5:22 6:1 6:14 7:6 7:19 9:9 9:10 10:11 10:13 13:3 13:4 13:16 15:13 16:10 16:11 16:18 16:24 17:4 19:3 19:8 20:10 20:11 21:4 21:18 22:18 23:4 23:6 23:7 24:15 24:21 25:20 26:17 26:23 27:5 27:6 29:10 29:12 29:14 29:15 29:17 29:18 30:16 30:17 30:18 31:10 31:20 33:3 33:18 34:14 35:18
**item**(1) 31:23
**its**(3) 4:25 9:22 16:2
**james**(1) 2:4
**january**(4) 11:22 16:16 17:22 26:25
**japan**(1) 26:24
**jointly**(1) 1:5
**joseph**(1) 1:32
**judge**(2) 1:25 1:26
**judgment**(13) 3:15 12:7 19:4 21:14 22:2 22:7 23:10 33:10 33:15 34:16 34:17 35:2 35:9
**judicial**(1) 33:25
**july**(3) 1:13 3:1 36:12
**june**(10) 11:24 12:3 17:22 17:23 18:3 27:2 27:3 27:3 27:4 30:16
**jurisdiction**(1) 34:10
**jurisdictional**(6) 4:5 24:9 24:15 28:24 34:6 34:11
**jurisdictionally**(1) 24:6
**just**(20) 9:23 11:6 13:4 13:6 14:20 15:16 16:13 17:10 17:11 20:5 21:10 23:23 26:8 27:23 28:3 30:10 31:4 31:6 31:18 33:11
**kind**(3) 9:9 29:15 29:18
**kits**(15) 25:12 25:15 25:22 26:2 26:5 26:6 26:7 27:18 27:18 27:22 27:24 28:1 28:11 32:20 32:23
**knew**(1) 28:9
**know**(18) 3:14 8:2 8:3 8:5 8:6 9:2 9:6 9:7 9:9 9:9 9:19 19:19 29:14 30:1 32:3 32:4 32:14 32:25

**knowledge**(12) 14:7 14:10 22:2 22:3 22:4 23:10 23:14 25:15 27:14 28:16 32:18 33:3
**knowledgeable**(2) 14:8 19:19
**known**(1) 19:22
**knows**(3) 13:9 19:17 20:8
**labor**(2) 17:7 17:13
**lack**(1) 22:1
**lading**(6) 25:21 28:13 29:8 29:24 31:10 32:18
**laid**(2) 25:19 27:20
**large**(1) 11:5
**larger**(1) 31:24
**las**(3) 26:18 29:23 29:25
**last**(1) 19:1
**lastly**(2) 10:15 31:6
**late**(1) 34:14
**later**(4) 14:3 18:3 20:23 32:10
**law**(5) 2:10 4:3 20:20 26:15 27:6
**lawsuit**(1) 8:24
**lawyers**(1) 24:18
**least**(1) 11:3
**left**(1) 13:18
**legally**(1) 12:1
**legitimate**(1) 12:6
**legum**(11) 2:10 2:11 4:13 4:13 22:14 22:14 29:6 31:18 31:20 35:25 36:3
**legum's**(1) 4:16
**length**(1) 11:12
**leslie**(1) 1:43
**let**(4) 10:1 12:12 15:22 31:7
**let's**(4) 12:13 22:17 24:14 24:16
**letter**(2) 4:12 8:21
**letters**(1) 4:11
**like**(5) 6:3 18:2 19:3 26:24 31:3
**limitation**(1) 12:9
**limitations**(6) 3:25 4:14 4:23 34:4 34:5 35:19
**liquidating**(1) 3:11
**listed**(1) 10:4
**little**(4) 11:3 22:16 30:12 31:11
**llp**(2) 1:30 1:37
**long**(1) 26:19
**look**(14) 5:19 5:19 6:15 6:21 10:21 11:5 12:19 12:20 16:19 17:9 25:24 26:4 29:18 35:12
**looking**(3) 6:10 9:2 19:11
**lot**(1) 33:10
**made**(12) 4:1 12:17 16:16 17:20 20:22 22:17 23:11 24:22 24:24 26:12 29:1 29:19
**madison**(1) 1:33
**main**(2) 16:9 28:21
**majority**(1) 22:5
**make**(2) 19:1 30:13
**makes**(2) 23:19 31:3
**making**(2) 33:2 33:21
**man**(1) 10:6
**mandated**(1) 28:19
**manner**(1) 19:4
**many**(3) 5:14 14:9 22:8
**march**(16) 11:22 12:4 16:17 16:17 16:17 17:21 18:3 25:12 27:1 27:11 27:15 30:14 30:20 30:22 31:1 31:21
**market**(2) 1:10 1:39
**material**(5) 12:7 14:16 33:17 35:2 35:21
**matter**(7) 4:2 9:3 9:6 26:15 26:19 27:5 36:9
**matters**(1) 9:7
**may**(1) 25:20
**maybe**(1) 9:12
**mean**(4) 14:16 26:2 26:9 34:19
**means**(4) 16:3 26:2 26:3 26:22
**measured**(2) 27:5 27:6

Word Page:Line

**media**(1) 23:19
**meet**(4) 13:8 15:16 23:8 23:23
**mentioned**(1) 25:11
**mere**(1) 32:14
**merican**(1) 1:7
**met**(4) 12:12 13:20 21:11 21:11
**middle**(1) 29:14
**might**(1) 31:18
**mind**(1) 34:5
**mindboggling**(1) 25:24
**minimum**(1) 28:20
**minute**(1) 26:7
**mischaracterizing**(1) 31:20
**misrepresented**(1) 26:16
**missing**(1) 19:23
**mistake**(1) 9:12
**modified**(1) 16:13
**moment**(1) 16:5
**money**(8) 10:18 10:19 10:20 22:22 27:7 28:11 31:25 33:1
**month**(1) 27:1
**months**(4) 11:24 14:3 18:3 31:2
**monzo**(1) 2:5
**more**(3) 18:20 20:4 20:24
**morris**(1) 2:4
**mortgage**(13) 1:7 1:14 5:13 5:15 7:13 7:21 8:17 10:13 10:16 10:24 11:1 18:12 21:5
**most**(1) 25:10
**motion**(23) 3:19 3:20 6:4 6:8 6:13 13:21 15:20 19:1 19:3 19:4 21:15 22:2 33:10 33:14 34:13 34:15 34:16 34:17 34:17 35:1 35:9 35:14 35:16
**motions**(4) 3:15 6:5 6:9 34:24
**move**(3) 5:2 21:8 24:7
**moving**(3) 12:25 28:22 35:8
**much**(2) 12:5 35:15
**murin**(1) 1:43
**name**(6) 7:7 7:11 7:25 8:4 23:24 34:3
**named**(1) 10:6
**nature**(2) 23:21 23:22
**necessary**(4) 19:13 28:17 28:18 35:6
**need**(5) 14:18 14:19 23:17 24:7 33:20
**needed**(7) 26:2 26:5 27:17 27:17 27:25 28:11 28:12
**needs**(1) 23:20
**neither**(3) 17:25 18:22 29:25
**net**(9) 12:22 12:23 13:2 15:3 15:5 15:7 25:1 25:3 35:3
**nevada**(1) 26:18
**never**(1) 22:22
**nevertheless**(2) 24:16 25:3
**new**(14) 1:34 5:17 8:23 25:24 26:2 26:6 26:19 27:17 27:24 28:11 29:4 29:23 29:25 32:1
**next**(9) 5:2 7:14 11:2 12:10 16:8 20:24 23:24 26:13 32:13
**nice**(2) 3:7 15:9
**ninth**(1) 17:17
**non-debtor**(1) 21:7
**nor**(2) 18:23 32:16
**normal**(1) 25:4

**not**(82) 4:5 4:7 4:19 4:23 5:12 6:14 8:6 8:10 8:11 9:1 9:2 9:14 9:20 9:23 10:11 10:11 10:17 11:15 12:12 13:2 13:3 13:7 13:15 13:16 13:20 14:17 15:7 15:13 15:18 17:2 17:6 17:18 17:22 18:1 18:14 18:15 20:2 20:8 20:11 20:20 20:21 21:1 21:6 22:6 22:12 22:18 23:5 23:17 24:3 24:7 24:15 24:18 25:2 25:6 25:6 26:4 26:5 26:9 26:17 27:9 27:18 27:23 28:10 28:25 29:10 29:15 30:3 30:4 30:15 30:22 31:12 31:12 31:13 32:6 32:10 32:18 33:4 33:23 34:6 34:16 35:16 35:18
**note**(1) 13:22
**nothing**(4) 13:18 15:23 16:7 17:24
**notice**(6) 9:19 19:18 24:10 24:13 33:25 34:20
**notwithstanding**(1) 34:6
**november**(3) 7:4 7:10 8:16
**now**(10) 9:14 10:7 23:6 24:1 24:14 25:11 25:19 26:16 30:11 35:4
**numerous**(2) 4:4 5:16
**objection**(6) 6:12 6:15 6:21 13:23 17:4 33:25
**objective**(1) 35:1
**obligated**(2) 7:22 12:1
**obviously**(6) 3:21 8:6 16:24 19:15 19:16 25:10
**occurred**(1) 35:12
**off**(1) 4:7
**office**(1) 28:4
**officer**(1) 11:11
**offices**(1) 2:10
**okay**(2) 8:14 15:6
**older**(1) 31:23
**once**(1) 18:20
**one**(18) 3:23 5:8 5:19 6:8 9:10 10:13 10:21 10:23 11:4 11:14 18:25 20:13 21:2 22:25 24:3 25:10 25:11 33:3
**only**(5) 5:3 11:4 15:19 23:12 23:14
**onto**(1) 5:2
**opinion**(2) 27:15 28:18
**opportunity**(3) 15:9 34:20 34:22
**oppose**(2) 21:14 23:10
**opposed**(1) 35:4
**opposition**(3) 3:15 3:19 3:24
**orbach**(1) 1:32
**order**(2) 33:20 35:23
**orderly**(1) 33:12
**ordinary**(18) 12:10 12:11 13:5 13:10 13:18 14:20 15:16 15:21 16:6 24:16 24:19 24:23 25:7 25:7 25:8 29:1 34:25 35:19
**originally**(1) 16:11
**other**(13) 10:9 17:9 18:14 20:9 20:23 25:5 27:14 30:5 30:13 31:15 32:19 34:1 34:7
**our**(15) 5:5 6:4 6:12 6:21 11:7 12:25 13:23 20:9 20:18 21:14 26:7 27:22 28:19 28:21 30:15
**ours**(1) 26:9
**out**(9) 4:11 8:5 13:22 17:21 24:17 25:19 29:15 30:23 31:1
**over**(1) 35:3
**overall**(1) 6:4
**overcome**(1) 14:23
**overlook**(1) 25:21
**overnight**(1) 26:11
**overrule**(1) 33:24
**overruled**(1) 34:5
**owe**(3) 20:14 20:15 21:7
**own**(1) 5:18
**owned**(2) 10:4 32:23

**p.m**(3) 1:14 3:1 36:4
**page**(3) 11:7 12:20 13:23
**pages**(1) 7:14
**paid**(16) 7:23 11:24 12:3 13:6 13:14 13:15 17:22 17:23 18:5 20:15 25:3 27:3 27:7 27:21 28:10 32:25
**paper**(5) 3:8 3:24 12:25 20:3 27:12
**papers**(5) 3:15 5:5 5:16 5:17 25:25
**paragraph**(2) 12:23 20:6
**part**(4) 8:3 8:4 10:2 10:3
**particular**(5) 5:9 11:17 11:18 15:25 22:10
**particularly**(1) 15:19
**particulars**(1) 15:24
**parties**(10) 4:6 12:11 13:6 15:14 15:15 16:6 16:6 30:6 35:4 35:12
**parts**(1) 7:5
**party**(10) 23:8 23:9 23:14 24:1 24:20 25:14 27:14 28:16 32:17 33:3
**passively**(1) 23:18
**pay**(5) 12:1 18:4 24:21 26:4 26:5
**paying**(2) 21:6 26:1
**payment**(22) 11:8 11:9 11:13 11:20 16:14 16:15 18:3 18:8 18:14 18:22 18:23 18:24 24:22 25:18 29:3 29:20 29:21 31:7 31:11 31:12 31:13 31:14
**payments**(10) 12:14 12:16 12:21 13:5 16:12 17:9 18:17 24:24 24:24 29:1
**penalties**(1) 7:20
**pennsylvania**(1) 1:47
**people**(2) 31:25 32:22
**per**(1) 29:22
**percent**(5) 10:4 16:12 16:12 16:14 16:18
**perhaps**(1) 4:15
**period**(5) 13:11 13:12 15:17 15:21 16:2
**perjury**(1) 7:20
**person**(2) 7:7 21:22
**personal**(3) 22:1 22:3 22:4
**persuasive**(1) 23:25
**phone**(1) 14:10
**place**(1) 32:1
**plaintiff**(3) 1:16 23:8 35:9
**plaintiffs**(4) 12:8 33:10 33:14 34:24
**plan**(3) 1:12 1:14 1:30
**plead**(1) 20:9
**pleading**(4) 19:2 19:18 23:18 34:20
**please**(2) 3:3 22:14
**pled**(2) 20:19 35:18
**point**(17) 4:7 11:25 12:2 13:2 17:23 18:1 18:6 18:8 18:13 19:8 20:2 24:9 26:12 29:19 33:19 34:10 34:21
**pointed**(1) 13:22
**points**(2) 14:6 19:1
**position**(2) 5:11 11:11
**possible**(1) 8:13
**power**(1) 19:13
**ppearances**(2) 1:28 2:1
**preference**(9) 3:13 3:18 8:20 13:11 15:17 15:20 16:2 16:10 20:12
**preloaded**(2) 28:12 32:12
**prepared**(5) 3:18 24:18 25:2 28:6 29:10
**prepay**(2) 16:12 16:14
**preposterous**(1) 26:23
**president**(14) 4:17 5:21 9:4 9:25 14:5 21:19 21:21 21:22 21:23 21:24 28:2 28:7 28:8 30:9
**pretty**(1) 35:15
**prima**(1) 33:13
**prior**(3) 11:8 11:9 11:13
**probably**(2) 8:11 20:9
**problem**(1) 14:4
**problems**(1) 4:20
**proc**(1) 1:16

**proceedings**(3) 1:24 1:51 36:9
**produced**(4) 1:52 19:15 22:24 23:25
**promptly**(1) 25:3
**proof**(28) 5:20 5:20 5:21 5:23 5:23 6:25 7:3 7:9 7:11 7:15 7:16 7:19 7:24 8:12 8:22 9:1 9:2 9:5 9:11 9:13 9:14 9:17 9:23 21:20 22:18 22:23 22:24 29:16
**proofs**(1) 22:21
**proper**(1) 28:16
**properly**(1) 35:18
**prove**(1) 28:14
**provide**(2) 19:11 19:18
**provided**(8) 10:2 10:5 11:13 12:21 14:25 18:19 19:7 19:24
**provides**(2) 4:22 10:8
**purpose**(2) 19:17 27:5
**purposes**(1) 33:11
**pushing**(1) 20:4
**put**(1) 26:11
**question**(8) 9:11 10:10 11:14 11:17 13:17 19:20 23:11 29:2
**questions**(2) 13:24 22:11
**quite**(7) 4:10 4:25 11:20 13:4 14:8 14:11 30:9
**quoted**(1) 17:8
**quotes**(2) 15:1 16:16
**raise**(4) 23:13 24:8 26:11 28:20
**raised**(2) 3:23 34:12
**raising**(3) 4:24 14:14 23:5
**read**(2) 17:10 29:14
**ready**(3) 31:25 31:25 33:9
**real**(1) 10:24
**reality**(1) 9:7
**really**(7) 9:6 10:24 12:6 20:2 20:3 34:13 34:21
**reason**(6) 9:8 21:2 21:5 23:7 32:23 33:3
**reasons**(5) 4:4 5:14 20:12 20:13 35:16
**rebut**(1) 28:19
**receipt**(2) 13:2 13:4
**received**(4) 7:4 26:12 31:11 32:24
**receiving**(3) 10:18 10:19 10:20
**recollection**(1) 22:23
**record**(2) 22:25 23:4
**recorded**(1) 1:51
**recording**(2) 1:51 36:8
**records**(1) 10:2
**refer**(2) 10:15 11:8
**refused**(1) 14:1
**refuted**(1) 32:18
**regardless**(1) 20:18
**relates**(1) 11:13
**relating**(1) 21:7
**relationship**(1) 30:7
**released**(1) 28:13
**relief**(1) 24:12
**relying**(2) 15:16 29:24
**removing**(1) 16:25
**rental**(1) 17:14
**repeat**(1) 13:23
**represent**(1) 32:5
**representative**(1) 13:25
**represented**(2) 23:1 25:18
**representing**(1) 22:15
**request**(2) 19:13 28:23
**required**(2) 20:4 32:20
**requirements**(2) 19:18 20:20
**reserve**(1) 24:8
**respect**(9) 3:13 5:3 5:8 5:10 11:4 12:8 28:21 28:21 29:8
**respectfully**(1) 28:23
**response**(5) 6:4 6:5 26:7 27:21 33:22
**rest**(3) 5:5 8:6 34:12
**review**(1) 27:20

| Word | Page:Line |
|---|---|

**revise**(2) 20:5 20:6
**right**(13) 6:6 6:10 6:17 6:20 6:23 7:1 22:25 23:4 26:18 29:5 33:9 35:23 36:1
**rise**(1) 3:2
**rms**(3) 4:11 8:20 8:22
**rome**(1) 1:37
**ronald**(2) 4:17 7:6
**root**(1) 1:38
**roughly**(1) 17:18
**rule**(6) 20:20 23:14 24:8 28:19 33:9 34:9
**ruled**(1) 34:10
**rulings**(1) 35:23
**said**(13) 11:15 13:14 14:2 15:4 18:2 22:24 22:25 26:4 28:3 28:4 28:10 31:3 35:5
**same**(7) 10:14 10:17 21:22 24:3 33:23 34:2 35:15
**sass**(1) 1:12
**sat**(1) 27:1
**say**(15) 9:21 12:16 12:19 12:21 13:2 13:5 14:21 14:24 25:20 26:6 29:17 30:18 32:9 32:25 35:11
**saying**(11) 9:14 10:17 13:4 14:4 16:1 23:6 25:6 26:24 27:10 27:21 32:6
**says**(28) 4:21 5:21 8:18 10:23 12:23 13:1 14:7 14:12 15:3 16:4 17:6 23:5 23:14 24:15 25:5 25:11 26:18 29:21 29:21 29:22 29:23 29:24 30:11 30:14 30:18 32:4 32:7 33:18
**schnitzer**(31) 1:31 3:5 3:9 3:10 3:17 3:22 6:1 6:3 6:7 6:9 6:12 6:16 6:18 6:21 6:24 7:2 8:2 8:10 8:13 8:15 9:8 14:18 14:25 15:4 15:7 15:11 22:13 29:7 33:7 33:8 35:24
**schuylkill**(1) 1:46
**scintilla**(1) 27:9
**scurrying**(1) 26:10
**seated**(1) 3:3
**second**(6) 10:1 17:3 25:18 30:17 30:19 32:20
**secretary's**(1) 10:8
**section**(2) 6:4 8:7
**see**(21) 5:23 7:2 7:6 7:11 7:12 7:15 7:18 10:3 10:16 10:23 12:25 17:10 17:11 17:12 17:12 17:12 17:13 17:13 17:13 23:9 27:21
**seems**(3) 14:9 25:13 25:21
**seen**(2) 9:19 20:9
**send**(2) 8:5 30:23
**sending**(1) 16:25
**sense**(1) 31:3
**sent**(12) 4:11 4:11 7:25 8:21 8:22 11:22 17:21 24:17 28:11 31:1 32:22 32:24
**separate**(7) 10:12 17:8 17:15 18:16 18:16 30:4 30:7
**separating**(1) 18:13
**serious**(1) 13:24
**service**(4) 1:45 1:52 16:24 17:15
**services**(10) 1:45 11:8 11:9 11:12 12:14 16:23 17:2 17:6 17:19 18:19
**set**(5) 5:15 21:25 27:11 28:7 28:15
**setting**(1) 16:25
**several**(1) 19:11
**shipment**(5) 25:22 26:12 26:20 30:3 30:4
**shipped**(14) 26:21 26:25 29:13 29:22 29:24 31:9 31:11 32:2 32:5 32:7 32:8 32:10 32:12 32:21
**shipping**(4) 17:7 26:4 28:10 31:14
**should**(7) 12:7 13:21 20:4 22:7 23:3 24:7 33:19

| Word | Page:Line |
|---|---|

**show**(39) 1:20 2:4 3:13 4:12 4:16 4:24 5:4 5:7 5:17 7:3 7:16 8:16 8:21 8:24 9:2 10:25 11:10 12:14 15:18 15:20 16:7 16:2 16:24 17:2 17:6 17:15 17:19 18:9 18:10 21:17 26:3 26:6 28:2 29:13 30:14 30:15 30:20 30:22 32:21
**show's**(5) 3:19 3:24 4:13 5:11 5:18
**showing**(4) 10:9 13:9 13:13 31:5
**shown**(3) 5:5 15:22 16:5
**shows**(3) 25:21 28:1 29:13
**side**(1) 25:5
**sides**(1) 3:14
**signature**(2) 7:9 8:7
**signed**(9) 4:17 4:19 5:20 7:6 21:19 21:20 21:21 22:25 23:2
**signing**(2) 14:4 22:23
**signs**(1) 7:10
**similar**(2) 7:17 12:22
**simple**(5) 4:10 11:6 11:25 14:6 14:20
**simplest**(3) 4:5 14:1 14:5
**simply**(5) 4:3 5:13 10:10 13:16 28:17
**since**(4) 8:11 13:16 15:12 28:6
**single**(2) 4:8 13:1
**situation**(2) 4:8 15:13
**situations**(2) 20:23 21:1
**smaller**(1) 12:14
**some**(10) 13:11 13:12 17:8 17:11 17:14 18:8 21:5 22:16 33:12 34:6
**somebody**(3) 28:5 28:6 32:6
**somehow**(1) 21:5
**someone**(1) 22:3
**something**(3) 22:6 31:9 31:10
**sometime**(1) 7:4
**somewhat**(1) 32:10
**sontchi**(1) 1:25
**sorry**(3) 6:18 10:13 17:22
**sort**(2) 4:20 33:12
**sought**(4) 9:19 9:20 9:21 16:10
**sound**(2) 1:51 36:8
**specifically**(2) 4:21 8:25
**stand**(2) 15:10 28:22
**standards**(1) 34:21
**stands**(3) 9:22 25:9 32:8
**start**(2) 12:10 33:10
**state**(7) 5:17 7:18 9:1 24:12 28:25 34:9 34:14
**stated**(1) 15:1
**statement**(1) 23:16
**statements**(3) 22:5 22:8 23:11
**states**(4) 1:1 1:26 17:5 27:1
**stating**(1) 7:20
**statute**(7) 3:25 4:14 4:23 12:9 34:4 34:5 35:19
**steven**(3) 1:12 2:11 22:14
**still**(1) 9:14
**storage**(4) 12:16 17:1 17:12 17:14
**storing**(1) 27:23
**story**(2) 8:19 9:10
**street**(3) 1:10 1:39 1:46
**strike**(1) 10:1
**subject**(2) 4:23 35:21
**subjective**(1) 35:1
**submit**(11) 4:18 5:5 10:24 12:11 12:23 13:7 13:14 13:20 19:6 21:4 35:22
**submits**(1) 4:3
**submitted**(1) 7:3
**subsequent**(1) 18:11
**subsidiary**(1) 10:5
**sudden**(1) 14:8
**sufficient**(7) 19:5 19:7 19:7 19:8 19:12 20:22 26:15
**sufficiently**(1) 20:19

| Word | Page:Line |
|---|---|

**suggested**(2) 4:1 4:15
**suissa**(6) 4:17 7:6 22:20 23:2 24:18 31:22
**suissa's**(2) 25:19 32:11
**suisse's**(1) 32:7
**suite**(2) 1:39 2:6
**sum**(1) 21:10
**summary**(13) 3:15 12:7 19:4 21:13 22:2 22:7 23:10 33:10 33:14 34:16 34:16 35:2 35:9
**supervision**(1) 17:13
**support**(1) 25:5
**supported**(2) 28:17 32:18
**supposed**(3) 11:21 13:10 30:24
**sure**(6) 9:14 11:15 15:2 20:2 23:5 34:16
**sworn**(2) 21:22 22:9
**tab**(5) 5:22 5:25 6:2 6:12 6:17
**take**(5) 13:15 17:3 25:24 31:8 33:25
**taken**(2) 3:25 22:16
**taking**(1) 32:1
**talk**(3) 12:13 22:17 24:16
**talking**(2) 31:8 32:3
**talks**(2) 26:16 29:13
**target**(4) 27:11 27:13 30:17 30:18
**taxes**(1) 17:14
**technical**(2) 20:12 20:13
**tell**(2) 24:4 25:23
**telling**(1) 14:17
**ten**(7) 11:21 16:15 16:16 25:7 26:14 27:13 30:18
**term**(3) 4:1 25:2 26:20
**termed**(2) 15:5 15:7
**terms**(10) 11:25 12:18 12:22 12:23 13:1 13:6 13:7 13:14 13:16 30:3
**testified**(2) 22:20 24:18
**testimony**(3) 13:25 14:15 22:9
**than**(5) 18:20 20:5 20:25 27:14 32:19
**thank**(10) 22:13 29:5 29:6 31:16 33:5 33:8 35:24 35:25 36:1 36:3
**that**(171) 3:7 3:23 4:2 4:3 4:13 4:15 4:18 4:22 4:24 5:4 5:11 5:18 5:21 5:21 6:6 7:9 7:18 7:20 8:2 8:3 8:16 8:18 8:22 8:24 9:4 9:16 9:17 9:22 10:1 10:3 10:23 10:24 10:25 11:9 11:11 11:20 11:23 11:25 12:2 13:5 13:13 13:19 13:21 14:2 14:4 14:13 14:14 14:19 14:20 15:1 15:3 15:20 15:22 16:2 16:4 16:7 17:9 17:22 17:23 18:6 18:7 18:10 18:19 19:1 19:5 19:8 19:10 19:18 19:20 19:20 19:21 19:25 20:4 20:7 20:9 20:11 20:16 20:17 20:18 20:20 21:7 21:9 21:19 21:20 21:21 21:23 22:1 22:8 22:20 23:1 23:1 23:2 23:3 23:17 23:23 23:23 23:23 24:1 24:3 24:4 24:7 24:8 24:8 24:13 24:14 24:15 24:18 25:8 25:11 25:14 25:24 25:25 26:2 26:14 26:17 27:2 27:4 27:8 27:10 27:11 27:13 27:15 27:18 27:22 28:13 28:23 28:25 29:2 29:9 29:11 29:16 29:16 29:19 29:24 30:1 30:12 30:12 30:13 30:15 30:16 30:22 31:1 31:2 31:8 31:18 31:23 32:5 32:8 32:14 32:15 32:19 32:20 32:22 32:23 32:25 33:21 33:22 33:25 34:1 34:6 34:10 34:11 34:15 35:1 35:5 35:5 35:8 35:10 35:13 35:15 36:7
**that's**(53) 3:22 4:3 4:25 6:20 8:13 9:2 9:23 10:18 11:2 12:22 14:5 14:17 16:2 16:4 16:8 17:8 18:14 18:15 18:18 18:21 19:14 23:6 23:14 24:3 24:5 24:9 25:4 25:6 25:6 25:8 25:13 26:3 26:9 26:21 26:21 26:22 26:24 27:16 27:17 27:23 27:24 29:11 29:21 30:11 30:24 31:12 31:12 31:13 32:2 32:6 32:10 32:15 34:15

| Word | Page:Line |
|---|---|

**the**(301) 1:1 1:2 1:13 1:25 3:2 3:3 3:7 3:8 3:10 3:12 3:13 3:16 3:17 3:18 3:19 3:21 3:23 3:24 4:3 4:4 4:6 4:7 4:10 4:10 4:20 4:21 4:22 4:24 5:2 5:2 5:3 5:5 5:6 5:7 5:10 5:14 5:16 5:17 5:19 5:20 5:23 5:23 5:25 6:2 6:2 6:3 6:6 6:7 6:8 6:10 6:13 6:14 6:17 6:20 6:23 6:24 6:25 7:1 7:4 7:5 7:7 7:8 7:11 7:11 7:14 7:15 7:16 7:17 7:24 7:25 7:25 8:1 8:2 8:4 8:6 8:6 8:7 8:7 8:9 8:11 8:14 8:19 8:21 8:23 8:24 8:25 9:2 9:3 9:4 9:4 9:4 9:6 9:7 9:8 9:10 9:10 9:11 9:13 9:14 9:15 9:23 9:25 10:2 10:3 10:7 10:10 10:14 10:15 10:17 10:19 10:22 10:23 11:2 11:3 11:4 11:5 11:8 11:8 11:8 11:9 11:10 11:12 11:13 11:14 11:15 11:17 11:19 11:19 11:23 11:24 11:25 12:1 12:2 12:3 12:5 12:8 12:9 12:11 12:13 12:13 12:20 12:21 12:22 12:23 12:24 12:25 13:2 13:3 13:6 13:11 13:15 13:16 13:17 13:24 13:25 14:1 14:5 14:5 14:10 14:13 14:13 14:14 14:17 14:20 14:21 14:23 14:24 15:2 15:4 15:6 15:7 15:9 15:10 15:14 15:14 15:15 15:15 15:16 15:17 15:18 15:19 15:20 15:20 15:21 15:23 16:2 16:4 16:6 16:6 16:8 16:9 16:10 16:11 16:14 16:14 16:14 16:15 16:16 16:17 16:18 17:3 17:4 17:10 17:15 17:16 17:20 17:20 17:24 18:4 18:5 18:7 18:8 18:8 18:13 18:14 18:15 18:18 18:20 18:22 18:22 18:23 18:23 18:23 18:24 19:1 19:3 19:5 19:6 19:8 19:9 19:9 19:11 19:14 19:17 19:21 19:22 19:23 19:24 19:24 19:25 19:25 19:25 20:2 20:5 20:6 20:7 20:10 20:10 20:14 20:14 20:17 20:20 20:22 20:24 20:25 21:2 21:11 21:12 21:17 21:18 21:20 21:21 21:22 21:22 21:23 21:24 21:25 22:1 22:4 22:5 22:5 22:7 22:8 22:8 22:12 22:15 22:17 22:19 22:21 22:22 22:24 22:25 23:4 23:7 23:8 23:8 23:11 23:11 23:12 23:14 23:19 23:20 23:20 23:22 23:22 23:24 23:24 24:1 24:3 24:4 24:4
**the**(178) 24:5 24:5 24:6 24:10 24:10 24:11 24:14 24:18 24:19 24:19 24:20 24:23 24:24 25:2 25:3 25:4 25:5 25:6 25:6 25:7 25:7 25:10 25:11 25:12 25:17 25:17 25:18 25:18 25:21 25:21 25:25 26:11 26:12 26:12 26:12 26:13 26:13 26:18 26:21 26:25 26:25 26:25 27:1 27:2 27:5 27:6 27:6 27:8 27:11 27:18 27:20 27:25 28:2 28:2 28:4 28:4 28:6 28:7 28:11 28:13 28:15 28:17 28:17 28:20 28:23 28:25 29:1 29:1 29:2 29:3 29:5 29:8 29:14 29:21 29:22 29:23 30:2 30:2 30:5 30:6 30:7 30:8 30:8 30:9 30:11 30:12 30:13 30:14 30:17 30:18 30:21 30:23 30:23 31:1 31:2 31:4 31:6 31:8 31:12 31:12 31:13 31:13 31:13 31:14 31:17 31:19 31:21 31:22 31:25 32:1 32:2 32:4 32:12 32:12 32:13 32:14 32:16 32:17 32:18 32:20 33:1 33:2 33:6 33:9 33:13 33:14 33:15 33:15 33:16 33:17 33:22 33:23 33:23 33:25 34:1 34:1 34:2 34:2 34:4 34:5 34:6 34:8 34:9 34:10 34:11 34:12 34:12 34:14 34:19 34:19 34:20 34:22 34:23 34:24 34:25 35:3 35:4 35:5 35:6 35:7 35:8 35:9 35:9 35:11 35:12 35:14 35:15 35:16 35:17 35:19 35:19 35:20 36:1 36:4 36:7 36:8 36:8 36:9
**their**(28) 3:24 5:19 5:20 6:5 6:8 6:9 7:19 12:12 12:21 13:3 13:8 13:18 13:20 13:20 13:25 14:21 15:20 16:21 19:1 21:12 21:13 21:13 21:14 21:19 21:20 21:21 25:25 30:21
**theirs**(1) 9:18
**them**(17) 7:23 7:23 8:22 10:19 12:2 12:3 12:13 17:11 19:18 22:22 22:23 26:6 26:8 26:8 27:23 28:12 29:10
**themselves**(1) 7:21

**Word** Page:Line

**then**(17) 4:17 5:22 6:4 6:24 7:14 9:3 9:11 9:12 10:15 11:24 16:12 16:13 16:22 21:6 27:16 32:4 32:23

**there**(41) 5:8 6:1 9:10 9:11 9:15 9:15 10:19 10:24 12:6 12:6 13:3 13:13 13:24 14:2 14:6 15:18 15:23 18:21 19:5 19:22 19:22 20:19 20:23 22:25 23:4 23:18 23:21 25:17 25:24 27:8 27:9 27:12 27:14 27:25 28:18 30:17 31:23 33:17 34:7 34:22 35:2

**there's**(27) 4:20 9:11 9:12 9:13 12:4 13:17 13:18 14:15 15:12 15:12 16:21 16:22 17:24 17:25 17:25 18:1 18:5 19:20 23:23 25:13 25:14 25:20 27:3 27:19 29:2 32:14 35:10
**therefore**(5) 4:6 12:7 13:20 20:22 31:3
**these**(23) 12:14 12:16 13:5 13:17 15:14 18:9 18:11 22:21 24:17 24:23 25:15 25:16 26:2 26:5 27:21 27:22 27:24 28:1 28:25 29:16 32:19 32:22 33:11

**they**(89) 3:25 4:7 4:8 5:11 5:11 7:18 7:20 7:21 7:22 8:5 8:25 9:1 9:6 9:9 9:13 9:18 10:20 10:20 12:3 12:12 12:16 12:16 12:19 12:21 12:23 13:6 13:13 13:20 14:5 15:1 15:2 15:2 15:4 15:18 15:19 15:19 15:21 16:1 16:5 16:17 19:1 19:1 19:1 19:7 19:15 19:19 19:20 19:21 20:7 20:15 24:10 24:12 24:17 25:3 25:19 25:25 25:25 26:2 26:3 26:5 26:6 26:10 26:25 27:7 27:7 27:16 27:17 27:17 27:18 27:25 28:10 28:11 28:11 28:12 28:12 28:12 28:22 29:16 31:1 31:2 31:24 32:2 32:11 32:20 32:23 32:24 32:24 35:3 35:3

**they'll**(1) 35:21
**they're**(13) 3:21 9:14 10:16 10:17 10:18 13:7 19:16 21:3 22:6 23:6 24:3 30:16 31:8
**they've**(8) 3:25 14:25 15:1 16:7 21:11 29:9 29:11 30:11

**thing**(1) 30:4
**things**(3) 16:23 27:22 31:16
**think**(17) 9:22 9:22 12:5 14:18 14:19 16:3 19:7 19:12 19:20 19:25 20:16 21:16 22:1 23:25 33:20 33:23 35:17

**this**(81) 4:11 4:19 4:24 7:2 7:9 7:10 7:24 8:12 8:19 9:17 9:20 9:20 9:21 10:12 11:5 11:6 11:13 11:18 13:22 15:12 15:24 16:9 16:19 16:20 17:2 17:5 17:17 17:17 17:18 18:1 18:14 18:17 18:17 19:8 19:10 19:10 19:12 19:17 20:2 20:9 20:21 20:24 21:1 21:6 22:23 22:25 23:1 23:5 24:20 25:2 25:19 25:23 26:13 26:22 26:22 27:7 27:9 27:15 28:6 28:9 28:9 28:14 28:24 29:16 30:10 30:19 30:19 31:4 31:4 31:7 31:9 31:11 31:21 31:23 31:24 32:7 32:13 33:19 34:17 34:21 35:6

**those**(22) 16:23 17:9 17:14 17:15 17:16 18:2 18:16 18:19 19:17 20:13 21:1 21:2 23:11 24:2 24:24 25:22 26:5 26:7 26:9 27:20 28:11 31:15

**though**(1) 29:20
**thought**(1) 9:12
**three**(4) 11:24 18:3 26:13 31:2
**through**(2) 11:11 33:12
**throws**(1) 22:22
**thus**(1) 7:23
**time**(12) 4:24 10:10 10:12 15:13 18:22 18:23 18:24 19:9 19:10 22:21 27:6 34:12

**timeliness**(1) 4:25
**timely**(1) 34:8
**times**(1) 31:24
**title**(2) 14:2 28:8

**titles**(3) 14:3 28:4 28:5
**today**(2) 3:12 20:14
**together**(1) 26:11
**told**(1) 8:20
**tolling**(10) 4:2 4:9 4:15 4:17 4:18 4:19 4:21 4:21 21:19 34:7

**too**(1) 34:14
**top**(1) 7:11
**trade**(28) 1:20 2:4 3:13 3:19 3:24 4:12 4:12 4:16 4:24 5:4 5:7 5:11 5:18 7:3 7:16 8:16 8:21 8:24 9:25 10:25 11:10 18:9 18:10 21:17 26:3 28:2 30:20 30:22

**tranches**(1) 25:17
**transcript**(5) 1:24 1:52 7:8 31:22 36:8
**transcription**(2) 1:45 1:52
**transfer**(11) 18:17 20:7 20:17 20:19 20:21 20:25 21:8 32:1 32:16 32:17 35:7

**transferor**(1) 23:24
**transfers**(1) 13:11
**transportation**(1) 16:25
**trial**(1) 23:12
**tried**(1) 35:22
**true**(2) 13:16 21:25
**trust**(3) 1:14 3:3 10:8
**trustee**(5) 1:13 1:30 3:11 4:3 20:24
**trustees**(1) 3:19
**truth**(1) 14:17
**try**(1) 20:11
**tryable**(1) 23:13
**trying**(1) 13:5
**turn**(1) 12:10
**two**(10) 5:3 5:6 7:5 10:6 16:12 16:23 18:25 25:8 25:16 31:15

**twombly**(1) 34:21
**type**(3) 4:24 13:12 13:12
**typed**(2) 7:12 9:24
**uh-huh**(1) 26:9
**um-hum**(3) 3:16 8:9 31:19
**un-rebutted**(4) 25:8 25:9 28:22 32:8
**unclear**(2) 29:12 33:19
**under**(11) 7:19 15:16 15:19 17:5 17:8 17:18 21:12 22:2 24:8 33:13 34:9

**understand**(7) 6:6 7:21 9:16 9:23 10:17 15:11 16:1

**understanding**(1) 16:21
**undisputed**(1) 5:6
**unenforceable**(1) 4:2
**union**(1) 17:7
**united**(3) 1:1 1:26 27:1
**unless**(5) 3:17 22:10 26:4 26:5 28:10
**unsupported**(1) 33:2
**until**(4) 17:22 28:10 29:22 29:22
**untrue**(2) 5:13 5:13
**upon**(11) 8:18 11:25 13:16 13:19 15:17 16:11 24:12 26:17 28:23 28:25 29:20

**use**(3) 15:1 18:11 25:2
**used**(5) 14:14 18:5 18:9 18:19 18:20
**valid**(1) 34:7
**valley**(1) 23:19
**value**(3) 8:23 25:24 29:4
**varied**(1) 30:11
**vast**(1) 22:5
**vegas**(3) 26:18 29:23 29:25
**veracity**(2) 14:15 23:11
**verbatim**(1) 13:23
**verification**(1) 9:17
**verified**(1) 7:9
**version**(1) 30:21
**very**(2) 7:17 23:20
**view**(1) 25:1
**voluminous**(1) 20:6
**wait**(1) 26:7

**waived**(1) 33:24
**want**(4) 6:14 14:16 21:24 24:9
**wanted**(2) 27:16 32:2
**wants**(1) 27:20
**was**(127) 3:23 3:24 4:12 4:15 4:19 4:22 5:7 5:8 7:7 7:7 7:9 7:22 7:25 8:3 8:12 8:17 8:20 8:21 8:24 9:11 9:18 9:18 9:21 10:3 10:4 10:6 10:10 10:11 10:12 10:19 10:22 10:25 11:7 11:14 11:15 11:15 11:21 12:1 13:14 15:3 15:15 16:6 16:13 16:15 17:2 17:21 17:23 18:4 18:15 18:17 18:18 18:18 18:19 19:22 19:22 20:7 20:17 20:19 21:5 21:19 21:20 21:21 21:24 23:4 24:11 24:20 24:24 25:6 25:7 25:8 25:17 25:24 26:1 26:1 26:12 26:13 26:19 26:20 26:21 26:22 27:3 27:4 27:8 27:10 27:11 27:12 27:13 27:15 27:16 27:25 28:6 28:9 28:9 29:3 29:13 29:24 30:4 30:9 30:10 30:10 30:17 31:5 31:7 31:9 31:10 31:11 31:12 31:13 31:15 31:23 31:23 32:1 32:4 32:6 32:7 32:9 32:10 32:16 32:16 33:16 34:2 34:7 34:8 34:18 34:22 35:17 36:4

**wasn't**(5) 18:15 19:5 27:16 29:20 29:21
**way**(8) 20:1 23:12 24:15 24:20 25:6 28:3 29:15 34:7

**we'd**(1) 28:23
**we'll**(1) 12:13
**we're**(5) 3:12 26:4 28:22 31:10 36:1
**we've**(4) 5:15 9:16 21:11 32:17
**weeks**(5) 11:22 16:15 16:16 27:13 30:19
**weigh**(1) 14:16
**welcome**(2) 31:17 33:6
**well**(14) 3:19 3:24 7:22 12:9 12:16 12:24 14:13 14:23 18:8 23:24 29:19 29:23 32:4 32:5
**went**(3) 11:11 26:10 27:2
**were**(40) 8:10 10:20 10:20 11:9 11:12 12:2 12:3 12:17 12:23 13:6 14:3 16:6 18:2 18:19 18:20 19:6 19:10 20:22 24:10 24:13 24:17 24:17 24:24 25:3 25:12 25:16 25:25 26:3 27:18 27:18 27:24 28:12 28:12 28:25 29:12 30:3 32:20 34:23 35:3 35:4

**what**(79) 4:1 7:15 9:6 9:7 9:7 9:9 9:16 9:24 10:2 10:9 11:19 12:16 12:19 12:20 13:1 13:11 14:20 14:24 15:17 15:22 15:24 16:1 16:3 16:4 16:5 16:6 16:6 17:8 17:14 18:7 18:14 18:15 18:17 18:17 20:3 20:12 20:13 21:2 21:16 22:19 23:5 23:14 23:25 24:17 25:4 25:13 25:15 26:1 26:3 26:9 26:10 26:22 26:22 27:23 28:9 29:12 29:13 29:21 30:11 30:12 31:4 31:8 31:12 31:20 32:3 32:6 32:7 32:9 32:10 32:14 32:25 33:17 33:18 34:15 34:18 35:4 35:5 35:11 35:11
**what's**(5) 12:14 12:19 16:10 16:19 16:22
**whatsoever**(2) 13:13 15:24
**when**(24) 7:24 8:5 8:19 11:5 11:17 12:3 12:3 12:24 13:7 16:19 26:16 26:19 26:20 26:23 27:16 27:17 28:3 28:6 29:18 30:16 30:24 31:5 32:15 32:16

**where**(12) 6:10 9:13 15:14 15:18 18:4 20:24 20:25 27:4 27:13 30:1 32:1 32:2

**whereupon**(1) 36:4
**whether**(6) 5:7 5:8 14:16 33:15 35:3 35:3
**which**(43) 4:5 5:14 6:4 6:5 6:8 6:12 6:25 7:8 7:15 8:1 10:3 10:8 10:10 10:16 10:17 10:22 11:4 11:13 11:18 12:15 12:23 12:24 13:14 17:3 17:17 17:18 17:19 19:15 19:21 20:14 21:7 22:6 24:1 24:12 25:21 26:12 27:19 28:22 28:23 30:5 30:6 33:19 34:1

**while**(6) 7:18 18:8 20:23 21:3 28:19 34:15
**who**(10) 4:11 7:7 7:22 7:22 7:23 8:20 9:24 10:6 10:18 20:11

**who's**(1) 23:8
**whoa**(1) 26:7
**whom**(2) 7:12 24:1
**why**(3) 23:5 23:5 27:7
**will**(4) 17:3 33:14 33:24 35:1
**willing**(1) 20:25
**wilmington**(4) 1:11 1:40 2:7 3:1
**window**(1) 26:14
**with**(39) 3:12 4:12 4:16 4:20 5:3 5:8 5:10 5:17 10:5 10:21 11:4 12:8 12:10 19:18 22:3 23:9 23:13 23:14 24:20 25:14 27:10 27:14 27:24 28:16 28:20 28:21 29:8 31:24 32:5 32:18 33:3 33:10 33:13 33:20 34:8 34:24 35:13 35:14 35:23

**withdraw**(1) 9:20
**withdrawing**(1) 23:3
**withdrawn**(1) 23:3
**within**(9) 12:17 13:6 13:14 13:15 19:12 24:21 24:22 24:24 25:3

**without**(1) 4:19
**witness**(1) 16:21
**won't**(2) 3:7 13:23
**words**(1) 5:19
**would**(22) 4:14 4:22 5:5 14:14 16:4 19:12 19:13 20:3 20:3 20:16 21:6 21:8 24:22 27:12 28:20 30:5 30:6 30:21 30:25 32:22 35:5 35:6

**wow**(1) 32:25
**wrong**(1) 21:4
**wrote**(1) 25:12
**www.diazdata.com**(1) 1:49
**yeah**(1) 22:24
**years**(1) 19:11
**yep**(1) 3:21
**yes**(4) 7:1 9:8 11:14 31:8
**york**(7) 1:34 5:17 26:19 27:17 29:23 29:25 32:1

**you**(90) 3:3 3:14 4:7 5:16 5:19 5:22 5:22 5:23 6:7 6:8 6:14 6:21 6:22 6:24 7:2 7:10 7:14 8:15 8:20 9:16 10:2 10:5 10:15 10:16 10:21 10:22 11:5 11:18 11:19 11:22 12:20 12:24 12:25 13:15 14:16 14:18 14:19 14:22 16:16 16:19 17:3 17:9 17:11 17:11 17:12 17:12 17:12 17:13 17:13 17:19 18:1 19:19 20:13 20:14 21:16 21:16 21:18 21:24 22:10 22:13 23:9 23:10 24:21 25:1 26:4 26:4 26:5 26:9 29:5 29:6 29:14 29:18 30:19 30:19 30:21 30:25 31:5 31:16 32:5 32:25 32:25 33:5 33:8 34:18 34:18 34:19 35:24 35:25 36:2 36:3

**you'll**(11) 7:6 7:11 7:12 7:15 7:17 10:3 15:9 17:10 17:11 20:23 27:21

**you're**(7) 13:10 14:14 16:1 26:8 27:23 31:17 33:6

**you've**(4) 20:8 23:1 26:8 27:22
**your**(55) 3:5 3:9 3:14 3:22 3:22 4:3 4:25 5:10 5:18 6:15 6:18 7:2 7:5 8:3 8:13 8:15 8:19 9:8 9:22 9:24 11:6 11:19 12:12 12:24 13:9 13:19 13:22 14:19 15:11 16:8 18:7 18:13 18:25 19:6 20:8 20:16 20:18 20:24 21:10 21:16 22:10 22:13 22:14 23:12 29:6 29:7 29:12 30:2 31:16 31:25 33:5 33:8 35:24 35:25 36:3