IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware corporation, ) | Case No. 07-11047 (CSS) |
| et al.¹ ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| ------------------------------------------------------------ ) | |

**CERTIFICATION OF COUNSEL REGARDING CONSENT ORDER
APPOINTING MEDIATOR IN CONNECTION WITH CLAIMS
FILED BY DELENA SIGMON LAMACCHIA**

On or about January 26, 2009, Ms. Lamacchia filed claim numbered 10651 ("Claim 10651") against all Debtor-entities asserting secured and unsecured damages in the aggregate amount of $600,000. Shortly thereafter, Ms. Lamacchia filed a Motion of Delena Lamacchia for Order Deeming Proofs of Claims [sic] Timely Filed or, in the Alternative, Allowing Proofs of Late Filed Claims [D.I. 6915] (the "Initial Late Claims Motion").

Upon receipt of the Initial Late Claim Motion, Debtors' counsel attempted to resolve Initial Late Claims Motion with Ms. Lamacchia. Following good faith negotiations, the parties consented to an order that permitted Ms. Lamacchia to file late proofs of claims only against (i) AHM Holdings, (ii) AHM Acceptance, (iii) AHM SV, and (iv) AHM Corp. (the "Lamacchia Claims") within ten (10) business days of entry of the Consent Order. The Debtors

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.



reserved their rights, as well as the rights of any and all parties in interest, to contest the merits of the claims on any and all grounds, and their rights to all defenses and counterclaims against Ms. Lamacchia.

The Lamacchia Claims were submitted on March 12, 2009, and were assigned a single claim number of 10686.

Following the Effective Date of the Debtors' chapter 11 plan, Ms. Lamacchia and counsel for the Plan Trustee engaged in good faith negotiations regarding the Lamacchia Claims, however, after several months were unable to reach a resolution.

On April 4, 2011, Ms. Lamacchia filed (i) a motion to allow the late filing of an administrative expense claim and (ii) a motion to allow the late filing of an equitable subordination of Wells Fargo's claims (collectively, the "Late Filed Motions"). The Plan Trustee objected to the Late Filed Motions.

On May 11, 2011, the Court held a hearing (the "Hearing") to consider the Late Filed Motions and related objections. At the hearing, the Court denied the Late Filed Motions, stating, among other things, that the claims Ms. Lamacchia is asserting relate to prepetition actions and therefore, would be general unsecured claims.

Following the Hearing, the parties again engaged in good faith negotiations regarding the disposition of the Lamacchia Claims, portions of which have been asserted as secured and unsecured. The Plan Trustee then recommended that the parties voluntarily mediate the dispute and Ms. Lamacchia agreed. The parties believe that mediation would be beneficial to facilitate a resolution regarding the Lamacchia Claims.

The Plan Trustee has worked with Ms. Lamacchia to select an appropriate mediator and has offered the option of telephonic appearance of Ms. Lamacchia at the mediation.

Both parties have consented to the form of order attached hereto as Exhibit A (the "Proposed Order").

Accordingly, the Plan Trustee respectfully requests that the Court enter the Proposed Order at its earliest convenience without further notice or hearing.

Dated: Wilmington, Delaware
July 28, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Margaret Whiteman Greecher*
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Co-Counsel to the Plan Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware corporation, ) | Case No. 07-11047 (CSS) |
| et al.[2] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| ------------------------------------------------------- ) | |

**CONSENT ORDER APPOINTING MEDIATOR IN CONNECTION
WITH CLAIMS FILED BY DELENA SIGMON LAMACCHIA**

Upon agreement of Ms. Delena Sigmon Lamacchia and Steven D. Sass, as liquidating trustee (the " Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"); and it appearing that mediation is in the best interests of all parties; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The disputes in connection with all remaining claims filed by Ms. Lamacchia, specifically claim numbers 10651 and 10686, and the objections of the Plan Trustee thereto, are referred to a mediation conducted in accordance with Local Rule 9019-5, except as otherwise set forth herein or agreed upon by the parties and the mediator in writing.

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New

2. Anthony M. Saccullo is appointed mediator.

3. All parties are permitted to attend the mediation in person or telephonically.

4. The submission of materials to the mediator pursuant to Local Rule 9019-5(c)(ii) shall be submitted directly to the mediator, but shall not be provided to the other party. The mediator must keep confidential each submission.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2011

_____
Christopher S. Sontchi
UNITED STATES BANKRUPTCY JUDGE

CONSENTED TO BY:

*/s/ Delena Sigmon Lamacchia*
Ms. Delena Sigmon Lamacchia, *pro se*

*/s/ Margaret W. Greecher*
Margaret Whiteman Greecher, counsel for Plan Trustee

---

York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.