IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :   Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                  :
                                                                    :   Jointly Administered
        Debtors.                                                    :
                                                                    :
------------------------------------------------------------------- x

### STIPULATION BY AND BETWEEN THE PLAN TRUSTEE, WELLS FARGO FUNDING, INC., AND WELLS FARGO BANK, N.A. RESOLVING POTENTIAL OBJECTIONS TO CERTAIN PROOFS OF CLAIM

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), Wells Fargo Funding, Inc. ("WFF"), and Wells Fargo Bank ("WF Bank" and, together with the Plan Trustee and WFF, the "Parties"), as of the date set forth below. The Parties hereby stipulate and agree that the following terms shall govern the treatment of the claims identified herein.[2]

### RECITALS

WHEREAS, on January 11, 2008, WFF filed (i) proof of claim numbered 8985 ("Claim 8985") against Debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning given to such terms as set forth in the Plan.

No. 07-11050) and (ii) proof of claim numbered 8986 ("Claim 8986") against Debtor American Home Mortgage Corp. (Case No. 07-11051);

WHEREAS, on January 11, 2008, WF Bank filed proof of claim numbered 9033 ("Claim 9033") against Debtor American Home Mortgage Corp. (Case No. 07-11051);

WHEREAS, Claim 8985, Claim 8986, and Claim 9033 asserted, among other things, EPD/Breach Claims (as defined in the Plan);

WHEREAS, under Article 7 of the Plan, a protocol (the "EPD/Breach Claims Protocol") was established to liquidate EPD/Breach Claims because of the complexity and anticipated expense of litigating issues concerning such claims;

WHEREAS, prior to confirmation of the Plan, the Debtors agreed, based upon data and documents contained in the Debtors' business records and/or submitted by WF Bank and WFF, and further based upon the Plan's proposed EPD/Breach Claims Protocol, that (i) Claim 9033 should be allowed in an amount not less than four-hundred thousand dollars ($400,000); (ii) Claim 8985 should be allowed in an amount not less than two million dollars ($2,000,000); and (iii) Claim 8986 should be allowed in an amount not less than thirteen million, six-hundred thousand dollars ($13,600,000);

WHEREAS, on February 23, 2009, the Bankruptcy Court entered an order confirming the Plan and approving, among other things, the EPD/Breach Claims Protocol;

WHEREAS, (i)(A) on or about August 9, 2010, WFF filed proof of claim numbered 10791 ("Claim 10791"), which amended Claim 8985 to include an unliquidated claim for indemnification on account of certain post-petition litigation, and proof of claim numbered 10816 ("Claim 10816"), which amended Claim 8986 to include an unliquidated claim for indemnification on account of certain post-petition litigation; (B) on or about November 11, 2010, WFF filed proof of claim numbered 10817 ("Claim 10817"), which further amended

Claim 8985 to include an additional unliquidated claim for indemnification on account of certain post-petition litigation; and (C) on or about November 16, 2010, WFF filed proof of claim numbered 10813 ("Claim 10813" and, collectively with Claim 8985, 8986, 10791, 10816 and 10817, the "WFF Claims"), which further amended Claim 8986 to include an additional unliquidated claim for indemnification on account of certain post-petition litigation; and (ii)(A) on or about August 9, 2010, WF Bank filed proof of claim numbered 10792 ("Claim 10792"), which amended Claim 9033 to include an unliquidated claim for indemnification on account of certain post-petition litigation; and (B) on or about November 16, 2010, WF Bank filed proof of claim numbered 10812 ("Claim 10812" and, together with Claim 9033 and 10792, the "WF Bank Claims"), which further amended Claim 9033 to include an additional unliquidated claim for indemnification on account of certain post-petition litigation;

WHEREAS, the Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010;

WHEREAS, subsequent to the Effective Date, the Parties have conferred in good faith to reach an agreement as to the allowed amount of the WF Bank Claims and the WFF Claims;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to Claims, such as the WF Bank Claims and the WFF Claims, without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan); and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

    1.    WF Bank agrees that Claim 9033 and Claim 10792 are hereby disallowed as superseded by Claim 10812.

2.  WFF agrees that (i) Claim 8985 and Claim 10791 are hereby disallowed as superseded by Claim 10817, and (ii) Claim 8986 and Claim 10813 are hereby disallowed as superseded by Claim 10816.

3.  The Plan Trustee agrees that (i) Claim 10812 shall be Allowed as a general unsecured claim in the amount of four-hundred thousand dollars ($400,000) against Debtor American Home Mortgage Corp. (Case No. 07-11051); (ii) Claim 10817 shall be Allowed as a general unsecured claim in the amount of two million dollars ($2,000,000) against Debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050); and (iii) Claim 10816 shall be Allowed as a general unsecured claim in the amount of thirteen million, six-hundred thousand dollars ($13,600,000) against Debtor American Home Mortgage Corp. (Case No. 07-11051).

4.  Subject to the terms and conditions of the confirmed Plan, effective upon the docketing of this Stipulation with the Bankruptcy Court, each of WF Bank, WFF, and the Plan Trustee (on behalf of itself and the Plan Trust, the Debtors, and the Estates) do hereby mutually and fully release and discharge each other (including their respective predecessors, successors and assigns), and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, advisors and partnerships associated with each of WF Bank, WFF, the Plan Trustee and the Debtors, from any and all debts, Claims, liabilities, demands, liens, actions, rights, remedies, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and Causes of Action of any kind in law, in equity, or otherwise, in connection with or otherwise relating to the WF Bank Claims or the WFF Claims, whether presently in existence or which may hereafter accrue, be asserted and/or held by WF Bank, WFF, the Plan Trustee, the Plan Trust, the Debtors and the Estates.

6. Subject to the terms and conditions of the confirmed Plan, the Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

7. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client(s).

8. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

[SIGNATURE PAGE FOLLOWS]

STIPULATED AND AGREED this 11th day of July, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

*Counsel to the Plan Trustee*


SIDLEY AUSTIN LLP

_____
Paul S. Caruso
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc.*