# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x

In re:                                                                  :  Chapter 11
                                                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                      :
                                                                        :  Jointly Administered
      Debtors.                                                          :
                                                                        :  **Ref. Docket Nos. 8174, 8299, 10057**
                                                                        :  **& 10092**
----------------------------------------------------------------------- x

## CERTIFICATION OF COUNSEL SUBMITTING STIPULATED ORDER REGARDING (I) THE DEBTORS' FORTY-FOURTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS SOLELY WITH RESPECT TO CLAIM NOS. 8347 & 8348 FILED BY MERRILL LYNCH MORTGAGE LENDING, INC., AND (II) THE PLAN TRUST'S EIGHTY-FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS SOLELY WITH RESPECT TO CLAIM NOS. 8345 & 8346 FILED BY MERRILL LYNCH CREDIT CORPORATION

The undersigned counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors") hereby certifies as follows:

**A.      Claim Nos. 8347 & 8348 Filed By Merrill Lynch Mortgage Lending, Inc.**

1.      On January 10, 2008, Merrill Lynch Mortgage Lending, Inc. ("ML Mortgage") filed (i) claim number 8347 ("Claim 8347") against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) ("AHMSV"), and (ii) claim number 8348 ("Claim 8348 and together with Claim 8347, the "ML Mortgage Claims") against

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

debtor American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.").  The ML Mortgage Claims are EPD/Breach Claims.

2.      On October 13, 2009, the Debtors filed the *Debtors' Forty-Fourth (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1* [Docket No. 8174] (the "44th Objection").  By the 44th Objection, the Debtors requested, *inter alia*, that the Court modify and fix the ML Mortgage Claims in accordance with the EPD/Breach Protocol based on the completed EPD/Breach Claims Questionnaire (as such terms are defined in the Plan) submitted by ML Mortgage.

3.      On November 13, 2009, the Court entered an order [Docket No. 8299] sustaining the 44th Objection in part, and adjourning the 44th Objection with respect to, *inter alia,* the ML Mortgage Claims.  As set forth herein, the parties have reached a consensual resolution of the 44th Objection as it pertains to the ML Mortgage Claims.

**B.      Claim Nos. 8345 & 8346 Filed By Merrill Lynch Credit Corporation**

4.      On January 10, 2008, Merrill Lynch Credit Corporation ("ML Credit Corp.") filed proof of claim number 8345 ("Claim 8345") against AHMSV and claim number 8346 ("Claim 8346" and together with Claim 8345, the "ML Credit Corp. Claims") against AHM Corp.  The ML Credit Corp. Claims are EPD/Breach Claims.

5.      On June 17, 2011, the Plan Trustee filed the *Plan Trust's Eighty-First (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1* [Docket No. 10057] (the "81st Objection").  By the 81st Objection, the Plan Trustee requested, *inter alia*, that the Court disallow the ML Credit Corp. Claims in their entirety on the grounds that ML Credit Corp. had failed to

provide any evidence or make any allegations that the breaches referenced in these claims occurred or will ever occur.

6.       The hearing to consider the relief requested in the 81ST Objection was scheduled for July 19, 2011.  Responses to the 81st Objection were due on or before July 12, 2011 at 4:00 p.m. (the "Response Deadline").  Prior to the Response Deadline, counsel for the Plan Trustee, ML Mortgage and ML Credit Corp. (collectively, the "Parties") entered into discussions in an attempt to reach a consensual resolution of the 44th Objection and 81st Objection as they pertained to the ML Mortgage Claims and ML Credit Corp. Claims, respectively.  In the interim, the Plan Trustee agreed to adjourn the 81st Objection with respect to the ML Credit Corp. Claims.

7.       On July 18, 2011, the Court entered an order [Docket No. 10092] (the "Original Order") sustaining the 81st Objection except with respect to certain claims filed by Citibank, N.A.  Unfortunately, the undersigned counsel for the Plan Trustee inadvertently did not remove the ML Credit Corp. Claims from the applicable exhibit to the proposed form of order and therefore the Original Order provides that the ML Credit Corp. Claims are disallowed and expunged in their entirety.

C.       **The Parties Agreement With Respect To The ML Mortgage Claims And The ML Credit Corp. Claims**

8.       Notwithstanding the inadvertent disallowance of the ML Credit Corp. Claims, as a result of extensive discussions and good faith negotiations, the Parties have agreed to the following treatment of the ML Mortgage Claims and ML Credit Corp. Claims: (i) the ML Mortgage Claims shall be disallowed in their entirety; (ii) Claim 8345 shall be an allowed general unsecured claim in the amount of $1,165,886 against AHMSV; and (iii) Claim 8346 shall be an allowed general unsecured claim in the amount of $1,165,886 against AHM Corp.

9.      To correct the inadvertent disallowance of the ML Credit Corp. Claims through the Original Order, and provide for the proper treatment of the ML Mortgage Claims and ML Credit Corp. Claims, the Parties have agreed to the proposed form of stipulated order (the "Stipulated Order") attached hereto as Exhibit A.   Subject to Court approval, the Stipulated Order provides, among other things, that:  (i) the ML Mortgage Claims are disallowed; (ii) the Original Order is vacated solely with respect to the ML Credit Corp. Claims; and (iii) the ML Credit Corp. Claims shall receive the treatment set forth above.

10.     The Parties have consented to the entry of the Stipulated Order and the Plan Trustee submits that the Stipulated Order is appropriate and consistent with the agreement between the Parties.

*[Signature page follows]*

WHEREFORE, based on the foregoing, the Plan Trustee respectfully requests that the Court enter the Stipulated Order at its earliest convenience.

Dated: August 18, 2011
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel to the Plan Trustee*

# EXHIBIT A

**Proposed Stipulated Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                        :
                                                          :    Jointly Administered
                                                          :
        Debtors.                                          :    **Ref. Docket Nos. 8174, 8299, 10057**
                                                          :    **& 10092**

----------------------------------------------------------------------- x

### STIPULATED ORDER REGARDING (I) THE DEBTORS' FORTY-FOURTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS SOLELY WITH RESPECT TO CLAIM NOS. 8347 & 8348 FILED BY MERRILL LYNCH MORTGAGE LENDING, INC., AND (II) THE PLAN TRUST'S EIGHTY-FIRST (SUBSTANTIVE)  OBJECTION TO CLAIMS SOLELY WITH RESPECT TO CLAIM NOS. 8345 & 8346 FILED BY MERRILL LYNCH CREDIT CORPORATION

This stipulated order (the "Stipulated Order") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan")[2] in the Chapter 11 cases of the above-captioned debtors (the "Debtors"), Merrill Lynch Mortgage Lending, Inc. ("ML Mortgage"), and Merrill Lynch Credit Corporation ("ML Credit Corp." and collectively with the Plan Trustee and ML Mortgage, the "Parties"), as of the date set forth below.  The Parties hereby stipulate and agree that, subject to approval of the

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]        Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

Court, the following terms and conditions shall govern the treatment of the claims identified herein.

**RECITALS**

WHEREAS, on January 10, 2008, ML Mortgage filed (i) claim number 8347 ("Claim 8347") against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) ("AHMSV"), and (ii) claim number 8348 ("Claim 8348" and together with Claim 8347, the "ML Mortgage Claims") against debtor American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.");

WHEREAS, on October 13, 2009, the Debtors filed the *Debtors' Forty-Fourth (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1* [Docket No. 8174] (the "44th Objection");

WHEREAS, by the 44th Objection, the Debtors requested, *inter alia*, that the Court modify and fix the ML Mortgage Claims in accordance with the EPD/Breach Protocol based on the completed EPD/Breach Claims Questionnaire (as such terms are defined in the Plan) submitted by ML Mortgage.

WHEREAS, on November 13, 2009, the Court entered an order [Docket No. 8299] sustaining the 44th Objection in part, and adjourning the 44th Objection with respect to, *inter alia*, the ML Mortgage Claims;

WHEREAS, on January 10, 2008, ML Credit Corp. filed (i) proof of claim number 8345 ("Claim 8345") against AHMSV, and (ii) claim number 8346 ("Claim 8346" and together with Claim 8345, the "ML Credit Corp. Claims") against AHM Corp.;

2

WHEREAS, on June 17, 2011, the Plan Trustee filed the *Plan Trust's Eighty-First (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1* [Docket No. 10057] (the "81st Objection" and together with the 44th Objection, the "Objections");

WHEREAS, by the 81st Objection, the Plan Trustee requested, *inter alia*, that the Court disallow the ML Credit Corp. Claims in their entirety on the grounds that ML Credit Corp. had failed to provide any evidence or make any allegations that the breaches referenced in these claims occurred or will ever occur;

WHEREAS, after the 81st Objection was filed, the Parties entered into discussions in an attempt to reach a consensual resolution of the Objections as they pertain to the ML Mortgage Claims and ML Credit Corp. Claims.  In the interim, the Plan Trustee agreed to adjourn the 81st Objection with respect to the ML Credit Corp. Claims;

WHEREAS, on July 18, 2011, the Court entered an order [Docket No. 10092] (the "Original Order") sustaining the 81st Objection except with respect to certain claims filed by Citibank, N.A.;

WHEREAS, counsel for the Plan Trustee inadvertently did not remove the ML Credit Corp. Claims from the applicable exhibit to the proposed form of order for the 81st Objection and, therefore, the Original Order provides that the ML Credit Corp. Claims are disallowed and expunged in their entirety;

WHEREAS, the Parties have conferred regarding a potential resolution of the foregoing matters and have agreed to submit this Stipulated Order to accurately reflect the Parties' agreement and appropriate treatment for the ML Mortgage Claims and ML Credit Corp. Claims.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.    Claim 8347 and Claim 8348, filed by Merrill Lynch Mortgage Lending, Inc., are disallowed in their entirety.

2.    The Original Order is vacated solely with respect to Claim 8345 and Claim 8346.

3.    Claim 8345 shall be an allowed general unsecured claim in the amount of $1,165,886 against debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050).

4.    Claim 8346 shall be an allowed general unsecured claim in the amount of $1,165,886 against American Home Mortgage Corp. (Case No. 07-11051).

5.    Upon the Court's entry of this Stipulated Order, the Parties do hereby fully release and discharge each other, the Debtors and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating solely to the ML Mortgage Claims and/or the ML Credit Corp. Claims, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties.  This Stipulated Order is intended to relate only to the ML Mortgage Claims and ML Credit Corp. Claims.

6.    Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the claims identified herein, the Objections and this Stipulated Order.

YCST01: 11342017.2                                                                                                    066585.1001

7.    This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulated Order.

8.    The undersigned counsel represent that they have the authorization to execute this Stipulated Order on behalf of their respective clients.

9.    This Stipulated Order may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

STIPULATED AND AGREED this 18th day of August, 2011

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel to the Plan Trustee*

POTTER ANDERSON & CORROON LLP

*/s/ R. Stephen McNeill*
R. Stephen McNeill
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 984-6171
Facsimile: (302) 778-6171

-and-

WILLKIE FARR & GALLAGHER LLP
Ana Alfonso
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8244
Facsimile: (212) 728-9244

*Counsel to Merrill Lynch Mortgage Lending, Inc.*
*and Merrill Lynch Credit Corporation*

**SO ORDERED:**

Dated: Wilmington, Delaware
_____ ___, 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE