IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Certified mail NO: 9171 9690 0698 20 6105 7992

IN RE:                                                      Chapter 11

AMERICAN HOME MORTGAGE           Case No. 07-11047 (CSS)

HOLDINGS, INC., et al

A Delaware corporation

Debtors

## MOTION FOR JUDGMENT AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM ENTERED

Comes now Hussain Kareem, Creditor/Claimant moves this honorable court to address his administrative claim against the debtors under Fed. Rules of Civ. Procedures, Rule 50 (a), 1, (A) & (B) for reasons enumerated below:

### Summary of Undisputed Facts

1.

Claimant entered this court by meeting the bar dated on January 5, 2011 for administrative claims and by filing his Proof of Claim, Form B10 (see Docket No.9692). Claimant maintains that he was not given any prior notice by the Debtor or by their counsel. Their failure caused to delay him from participating in this insolvency proceedings. The lack of receiving notice by the Debtors, has prevented the Claimant, Mr. Kareem, from knowing or making several other procedural deadlines. Mr. Kareem has been deprived of his substantive rights by the debtors. This Administrative Claim is Claimant's last hope to find justice on his issues.

2.

10148
8/29/2011

At issue are direct Contractual Breaches by the Debtor for their dilatory actions to give adequate notices by their failure to Rescind his loan under applicable Federal Truth-in-Lending Act 15 USC §1635 (e);§§1640 and under Georgia's Fair Lending Act O.C.G. A. §7-6A-7(e) for high cost loan. Claimants loan does meet the threshold for such determination by the nature of it being a negative amortization loan product.

3.

In the instant action, Claimant submitted his proof of claim authorizing this court to review and determine his entitlement for his TILA Rescission Demand Failure by the Debtors and Breach of Contract failure due not giving notice of insolvency and failure to give transfer of servicing rights after insolvency under RESPA. Claimant has provided proof of U.S. Certified Mail Delivery that the Debtor received Claimant's Notice for Rescission of the Note and the Mortgage (See Docket No. 9692 Exhibit C). Yet, Debtors never responded timely.

4.

Claimant has suffered actual monetary and tort damages related to the Debtor's insolvency and by Debtor's failure to notify him. The Contract (Consisting of the Adjustable Rate Note- First Five Year Fixed Payment- 12 MTA (See Docket No. 9692 Exhibit A) and the Security Deed (See Exhibit B2 Attached ) contractually required the Debtors to give adequate notices expressed under terms found in the instruments. Under the Note, Covenants Section 4 (j) Notice of Changes and Section 8 on page 4 of 6 Giving of Notices, the relevant terms provides:

> "**4. Notice of Changes…(j)** "The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me…"

"8. **Giving of Notices.** "Unless Applicable Law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail..."

5.

Furthermore, the Security Deed is witnessed by filed instruments in the Superior Court of Gwinnett County, Georgia's Records and Deeds in Book 46756 Pages 425- 440 required the Debtors to give same written notice for important changes in the note performance or before the principals commence in any judicial proceedings. Under the Security Instrument, Covenants Page 434 Section 15 and Pages 435-436 Section 20 paragraph 2, in relevant parts, expressly provides:

"15. **Notices.** All Notices given by Borrower or Lender in connection with this security instrument must be in writing."

"20. **Sale of Note: Change of Loan Servicer; Notice of Grievance......**

Neither Borrower nor Lender May commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after giving of such notice to take corrective action...."

The relevance to the above "Contractual Requirements" to instant action is that Debtors have shown a pattern of disregard for giving or receiving written notices to the Home Owner/mortgagor. The failure to give notification has led to their apparent breach of contract.

6.

In the instant action, Borrower proved that he sent to Michael Straus, CEO of American Home Mortgage Holdings, Inc. a timely Rescission Demand Notice dated on October 18, 2008,

by U.S. Certified Mail No. 70081300000127430907 (See Docket No. 9692 Exhibit C). Claimant requests this court to honor the fact that his instrument is discharged. The fact that the Debtors are cited for their inactions to address the Rescission Demand by the Claimant the Debtors are time-barred in raising any defense. Even if Debtors attempted to raise a defense to deny the Claimant his claims in this proceeding, they are estopped as an operation of law. In most recent unopposed answer held at the Hearing in this Court on July 19, 2011 (See Docket 10104) is an example of their continued pattern of default on the issue complying with a bona fide TILA Rescission Demand.

7.

**Adjourment and Set of New Hearing Unjust to Claimant's Rights**

Claimant has been more than patient on the matter. The adjournment and rescheduling works to the disadvantage of the Claimant for reasons to wit:

a. The July 19th 2011 hearing was held without the Claimant receiving any notice at all. Counsel for the Debtors indicated that the Administrative claim does not mandate for them to give notice to parties affected by determination under an administrative remedy. Thus, he was not given any opportunity to be present at the hearing.

b. The deadline for the Debtors to give an answer under the administrative hearing, on claims submitted from the January 5th Administrative claims was extended to July 4th, 2011. Yet, at the hearing on July 19th, 2011, no answer was forthcoming. Claimant was at an undue disadvantage and could not oppose or object due to his non-presence or lack of representation at the hearing. As an operation of law, Claimant was not given his full due process to oppose an adjournment or the setting of a new hearing.

c. Claimant has no opportunity, without adequate notice, to know when the new hearing will occur. Endangered is his ability to have representation at the new hearing or to preserve his right to raise oral arguments at the new extended hearing.

d. Claimant sees that there are two possible outcomes which may affect him, as follows:

1). A discharge of his indebtedness to his favor, and

2). monetary compensation.

Claimant wants an immediate determination that the Note and Mortgage are dischargable. The monetary portion can be determined separately, either by adversarial proceeding or sua sponte, by the court. In either case, Claimant wants the ability to be present at any new hearing.

8.

### Judgment as a Matter of Law

Under Fed. R. Civ. P., Rule 50. Judgment as a Matter of Law in a Jury Trial; provides the relevant right for this honorable court to determine as follows:

"(a) **Judgment as a Matter of Law.**

(1) In General. ….the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

(See UNITHERM FOOD SYSTEMS, INC. v. SWIFT-ECKRICH, INC., dba CONAGRA REFRIGERATED FOODS, Certiorari to the United States Court of Appeals for the Federal Circuit, Argued November 2, 2005--Decided January 23, 2006, Case No. 04-597).

9.

Notwithstanding the above points, Claimant seeks a Judgment as a Matter of Law on the validity of his rescission demand made and the subsequent failure by Debtors to unwind the "Loan Transaction" timely upon receipt of Debtors Rescission Notice (See Motion for Entry of Administrative Claim with Brief in Support Docket No. 9692).

10.

Claimant's Motion for Entry of Administrative Claim with Brief in Support (See Docket 9692) has not been opposed. Thus, it must be deemed reasonable by this Court to admit his claim as true at a minimum, if not in whole but, in part. Debtors had adequate time since October 18, 2008 to respond to the Claimant. There does not appear to be anything that the Defendants can controvert Claimant's factual claims. If there is a rebuttal, then Claimant seeks leave of the court to proceed in an Adversarial Proceeding on all remaining issues.

11.

**Relief Sought**

For all reasons asserted in above paragraphs 1-10, Claimant has shown by good cause, that the Debtors have a pattern of costly dilatory actions against the Claimant, who seeks the following relief:

Grant Claimant his administrative claim on his rescission of his mortgage. The Debtors were given notice within the statutory time, required under the operation of applicable law and by contractual covenants.

Grant damages to be determined by either adversarial proceedings or sua sponte, by this Court's Honorable Judge Chris Sontchi.

Grant Claimant to be given adequate future notices of any new hearings, so that, he may be participate at its occurrence.

Grant Claimant expense of trial to be cast upon the Debtors.

Grant Claimant what is deemed reasonable and just.

If this court rules unfavorably adverse to Claimant's requests, then Claimant requests for fully supported fact finding under Fed. Rules of Civ. Procedures, Rule 50 (a), 1, (A) & (B).

Claimant sayeth no more.

With all due respects to this Court,

Submitted on or about August 12, 2011.

*/s/ Hussain Kareem*

Hussain Kareem, Pro Se , A.R.R.

2197 Carlysle Creek Drive

Lawrenceville, GA 30044

Tel: [redacted]

Certified Mail NO: 7196 9006 9820 6105 7192

## Certificate of Service

I, Hussain Kareem, do certify that I have mailed by first class U.S. Mail on about August 12, 2011, the foregoing to the following at his/her address below:

Counsel For Debtors:

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Sean M. BEACH

Patrick A. Jackson

1000 West St., 17th Floor

P.O. Box 391

Wilmington, DE 19801

Tel: (302) 571-6600

Counsel for the Plan Trustee:

**HAHN & HAESSEN LLP**

Mark S. Indelicato

Edward L. Schnitzer

488 Madison Avenue

New York, N.Y. 10022

Tel: (212) 478-7200

**The Plan Trustee:**

Steven D. Stass

AHM Liquidating Trust

P.O. Box 10550

Melville, NY 11747

Date: August 12, 2011

_[signature]_ Hussain Kareem, Claimant

Mathis K. Wright, President

NAACP CHAPTER #5160

P.O. BOX 1296

AMERICUS, GA 31709