**EXHIBIT "1"**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held<br>AMERICAN HOME MORTGAGE CORP | Case No. of Debtor<br>**07-11051(CSS)** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

### THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor :** (and name and address where notices should be sent if different from Creditor)

Ronald T. and Traci A. Ginnona
AHM (MERGE2.DBF,SCHED_NO) SCHEDULE #: 751058290*****
GINNONA VS. AMERICAN HOME MORTGAGE CORP.
AKA COMNET NO02-15135 COURT COMMON PLEAS
GREGORY NOONAN ESQ WALFISH & NOONAN, LLC
528 DEKALB STREET
NORRISTOWN PA 19401

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Your claim is scheduled by the Debtors as:
UNSECURED
UNLIQUIDATED
DISPUTED
CONTINGENT
UNDETERMINED

**Telephone number:** 610  277-7899
**Email Address:**

| Account or other number by which creditor identifies debtor: | Check here if this claim:<br>☐ replaces        ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other breach of contract, conversion (explain) fraud, intentional misrepresentation, etc.

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#:  ___  ___  ___

Unpaid compensation for services performed

from _____ to _____
(date)           (date)

**2. Date debt was incurred:**
12/2000

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 221,189.61 + _____ + _____ = 221,189.61
(unsecured nonpriority)    (secured)    (unsecured priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim:** $ 221,189.61
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

**DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

JAN 1 1 2008

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date<br>1/10/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) <br><br>Gregory R. Noonan, Esq. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA.

04 JUL 12 PM 3: 55

WALFISH & NOONAN, LLC
Gregory R. Noonan, Esquire
ID NO. 48544
John L. Walfish, Esquire
ID NO. 30386
528 DeKalb Street
Norristown, PA 19401
(610) 277-7899                                                    Attorneys for Plaintiff

---

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

|  |  |
|---|---|
| RONALD T. GINNONA and<br>TRACI A. GINNONA<br>　　　Plaintiffs,<br><br>　　　vs.<br><br>AMERICAN HOME MORTGAGE, INC.,<br>successor-in-interest to and formerly<br>COMNET MORTGAGE SERVICES, INC.<br>　　　Defendant | **NO.  02-15135**<br><br>**CIVIL ACTION** |

### C O M P L A I N T

1.     The Plaintiffs, Ronald T. Ginnona and Traci A. Ginnona, husband and wife (the

"Ginnonas"), are individuals and consumers with a principal residence located at 443 Abrams

Mill Road, King of Prussia, Pennsylvania 19406. Prior thereto, their principal residence from

October 1980 to July 1, 2003 was 148 Walker Lane, King of Prussia, Pennsylvania 19406.

2.     The Defendant, American Home Mortgage, Inc. ("AHM"), is believed to be a

Pennsylvania corporation with a principal place of business located at P.O. Box 2101, Valley

Forge, Pennsylvania 19482-2101.  AHM is the successor-in-interest to and formerly known as

Comnet Mortgage Services, Inc. ("Comnet"), then a division of Commonwealth Bank

("Commonwealth Bank").

3.    At all times relevant hereto, Plaintiffs and the Defendant were acting in their own

capacity and through their respective representatives, agents, employees, heirs, partners,

affiliates, predecessors-in-interest, successors-in-interest and/or assigns, and vice versa.

4.    Ronald T. Ginnona purchased the property located at 148 Walker Lane, King of Prussia,

Pennsylvania on September 30, 1980. The property was refinanced in the amount of $66,000.00

in January 1987 through Horizon Financial Savings and Loan, which bank was taken over by the

Resolution Trust Corporation ("RTC") and later sold to Comnet.

5.    Prior to July, 1993, Plaintiffs fell behind in their mortgage payments because they did not

have sufficient household income to pay their mortgage as well as their monthly bills and the

health and welfare expenses for their family.

6.    Because Plaintiffs fell behind on their mortgage and Comnet commenced a foreclosure

action against them, they were forced to file a Chapter 13 bankruptcy on December 1, 1993. (See

Exhibit "1"). The Chapter 13 plan would permit Plaintiffs to cure all mortgage arrearages;

however, they would also be required to continue making the normal monthly mortgage

payments going forward.

7.    In the bankruptcy filed by Plaintiffs in December, 1993, Comnet filed a Proof of Claim

alleging that pre-petition arrearages owed by the Ginnonas were $11,260.68. (See Exhibit "2").

8.    Plaintiffs made all payments required in their five-year Chapter 13 Plan, including

$11,260.68, which sum was paid to Comnet by the Chapter 13 Standing Trustee, Frederick

Reigle (the "Trustee"). (See Exhibit "3").

9.    During Plaintiffs five-year plan, they made all monthly payments to the bankruptcy

Trustee who in turn forwarded said amounts to Comnet.

- 2 -

10. During the pendency of the bankruptcy, Plaintiffs also made all normal monthly mortgage payments to Comnet subsequent to the bankruptcy filing.

11. Once Plaintiffs made their last payment in bankruptcy, they were "in essence" out of bankruptcy with a reinstated mortgage with Comnet.

12. Once Plaintiffs made their last payment in bankruptcy, Comnet told them that there was still an outstanding arrearage balance on their mortgage, i.e., their mortgage was still not current.

13. Additionally, since the filing of Plaintiffs' bankruptcy, Plaintiffs tax escrow account with Comnet was overfunded in the amount of $8,897.34 and these funds have never been returned to Plaintiffs after repeated demands.

14. Since Comnet claimed that Plaintiffs' mortgage was not current, they had reported to the various credit bureaus that Plaintiffs had a delinquent account with them showing that they were more than 120 days late in their monthly mortgage payments. (See Exhibit "4").

15. The negative reporting that Comnet made to the various credit bureaus damaged Plaintiffs' credit rating. Plaintiffs incurred the following consequential damages:

    a. When Plaintiffs first refinanced their home at 148 Walker Lane, King of Prussia in December, 2000 at $87,500.00, they were forced to take and adjustable rate mortgage ("ARM") of 8.85% with Option One, Inc., a subprime lender. They should have been entitled to an annual rate of 7%. The increased interest rate amortized to December, 2003 (the date of the next refinancing) calculates to $4,049.28 of sums paid over and above what could have been paid at the 7% rate;

    b. When Plaintiffs refinanced their home at 148 Walker Lane in December, 2003 under a 30 year ARM at 5 1/4%, they should have gotten an ARM rate of 4 3/4%, which

calculates to $9,623.81 sums to be paid over the life of the 30 year loan over and above what they should have paid had the rate been 4 3/4%;

c.     When Plaintiffs purchased their current residence at 443 Abrams Mill Road, King of Prussia, PA 19406 for $330,000.00, they were forced to take an ARM of 7.025% on $204,000.00 and a second mortgage of $66,000.00 at the fixed rate of 11 3/4% for a 30 year period. They should have been entitled to a fixed rate of 5% on the total purchase price of $330,000.00. The increased interest rate over and above 5% over the 30 year term of the loan calculates to $91,927.16 of sums to be paid over what would have been paid had Plaintiffs received the rate of 5%.

16.     Subsequent to the Plaintiffs' making their last payment in bankruptcy, Comnet continued to harrass and threaten them even after their attorney contacted Comnet with a request that the harassing and threatening cease and desist. Comnet's representatives advised Plaintiffs that if they did not bring their mortgage current or pay an additional amount, between $507.96 to $6,029.90 (the number changed every time they were contacted by Comnet) that Comnet would begin foreclosure proceedings once again against them.

17.     Additionally, after repeated demands, Comnet has never returned Plaintiffs' overfunded tax escrow account to them which Plaintiffs believe to be $8,897.34.

18.     Plaintiffs' credit rating has never been restored from the inaccurate and derogatory reporting made by Comnet even though Comnet said that they would fix the credit report. (See Exhibit "5").

19.     Plaintiffs negatively affected credit rating has damaged them with higher interest rates on their current mortgage and credit denials from various prospective lenders.

25.    Assuming *arguendo*, that this Honorable Court finds that no contract existed, the relationship between the parties warrant *quantum meruit* relief, and therefore warranting a return of those funds that are due them from Comnet, and consequential damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $$8,897.34, consequential damages of $105,600.25, punitive damages in excess of $50,000.00, court costs, and any other relief which this Court deems appropriate.

## C. COUNT III
## CONVERSION
### Plaintiffs v. AHM

26.    Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1 through 25  above as though the same were set forth herein at length.

27.    Conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights; it is an unauthorized act which deprives an owner of his property permanently or for an indefinite period of time.

28.    The actions of Comnet constitute conversion thereby warranting actual, consequential and punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $8,897.34, consequential damages of $105.600.25, lost wages of $5,000.00, punitive damages in excess of $50,000.00, court costs, and any other relief which this Court deems appropriate.

34.    The actions of Comnet constitute misrepresentation thereby warranting actual, consequential and punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $8,897.34, consequential damages of $24,000.00, punitive damages in excess of $50,000.00, court costs, and any other relief which this Court deems appropriate.

### F. COUNT VI
### NEGLIGENT MISREPRESENTATION
#### (Plaintiffs v. AHM)

35.    Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1 through 34  above as though the same were set forth herein at length.

36.    Negligent misrepresentation is a false representation made by a person who has not reasonable grounds for believing it to be true, though he does not know it is untrue, or even believes it to be true.

37.    The actions of Comnet constitute negligent misrepresentation thereby warranting actual, consequential and punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $8,897.34, consequential damages of $105,600.25, lost wages of $5,000.00, punitive damages in excess of $50,000.00, court costs, and any other relief which this Court deems appropriate.

### G. COUNT VII
### VIOLATION OF THE BANK FRAUD ACT
#### (Plaintiffs v. AHM)

38.    Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1 through 37  above as though the same were set forth herein at length.

39.    Plaintiffs believe and therefore aver that the actions of AHM constitute bank fraud under 18 U.S.C. §1344.

40.    The actions of Comnet constitute bank fraud thereby warranting actual, consequential and punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $8,897.34, consequential damages of $105,600.25, lost wages of $5,000.00, punitive damages in excess of $50,000.00, court costs, and any other relief which this Court deems appropriate.

## H.  COUNT VIII
### FALSE PRETENSES
(Plaintiffs v AHM)

41.    Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1 through 40 above as though the same were set forth herein at length.

42.    The actions of AHM constitute false pretense since Comnet intentionally misrepresented material facts underlying the tax escrow account, (ii) Plaintiffs continued making payments to Comnet for both the mortgage payment and tax escrows, and (iii) the intentional misrepresentations made by Comnet were made with the purpose of misleading Plaintiffs and defrauding them out of money that rightfully belonged to them.

43.    The actions of AHM constitute false pretenses thereby warranting actual, consequential and punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $8,897.34, consequential damages of $105,600.25, lost wages of $5,000.00, punitive damages in excess of $50,000.00, court costs, and any other relief which this Court deems appropriate.

# I. COUNT IX
## VIOLATION OF THE UNFAIR TRADE PRACTICES ACT
### (Plaintiffs v AHM)

44.     Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1 through 43 above as though the same were set forth herein at length.

45.     Plaintiffs believe and therefore aver that the actions of AHM constitute a violation of the Unfair Trade Practices and Consumer Protection laws of Pennsylvania, 73 P.S. 201, et seq ("UTPCPL").

46.     As such, Plaintiffs are entitled to treble damages, interest and attorneys fees all pursuant to the UTPCPL.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for treble damages in the amount of $26,692.02 ($8,897.34 x3), attorneys fees, interest, court costs, and any other relief which this Court deems appropriate.

# J. COUNT X
## BREACH OF FIDUCIARY DUTY
### (Plaintiffs v AHM)

47.     Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1 through 46 above as though the same were set forth herein at length.

48.     The actions of AHM constitute a breach of fiduciary duty by them not returning the overfunded tax escrow account to Plaintiffs.  As such, Plaintiffs are entitled to actual and consequential damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendants for actual damages of $8,897.34, consequential damages of $105,600.25, lost wages of $5,000.00, court costs, and any other relief which this Court deems appropriate.

## K. COUNT X
## BREACH OF THE FAIR CREDIT REPORTING ACT
### (Plaintiffs v AHM)

49.     Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1

through 48 above as though the same were set forth herein at length.

50.     The actions of AHM in reporting inaccurate information which is both negative and

derogatory and which affected the credit scores of Plaintiffs and their ability to obtain credit,

represents a violation of the Fair Credit Reporting Act.  As such, Plaintiffs are entitled to actual

and punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against

Defendants for actual damages of $8,897.34, punitive damages in excess of $50,000.00, court

costs, and any other relief which this Court deems appropriate.


## L. COUNT XII
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiffs v AHM)

51.     Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1

through 50 above as though the same were set forth herein at length.

52.     The actions of AHM in harassing the Plaintiffs without sending out proper notices or

investigating their claims that they are in fact current constitute a violation of the Fair Debt

Collection Practices Act.  As such, Plaintiffs are entitled to actual and consequential damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against

Defendants for actual damages of $8,897.34, lost wages of $5,000.00, statutory damages of

$1,000.00, attorneys fees, punitive damages in excess of $50,000.00, court costs, and any other

relief which this Court deems appropriate.

## M. COUNT XIII
## PUNITIVE DAMAGES
### (Plaintiffs v AHM)

53.   Plaintiffs incorporates herein by reference all the allegations set forth in Paragraphs 1

through 52 above as though the same were set forth herein at length.

54.   The actions of the Defendant AHM constitutes such wilful, wanton, reckless and

outrageous conduct that cannot be tolerated in a civilized society, thereby warranting punitive

damages.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against

Defendants for actual damages of $8,897.34, consequential damages of $105,600.25, punitive

damages in excess of $50,000.00, court costs, and any other relief which this Court deems

appropriate.

Date:    6|24|04

WALFISH & NOONAN, LLC

By: _____
     Gregory R. Noonan, Esquire
     ID No. 48544
     John L. Walfish, Esquire
     ID No. 30386
     Attorney for Plaintiffs
     I.D. No. 48544
     528 DeKalb Street
     Norristown, PA 19401

EXHIBIT "1"

900 Market Street
Suite 400
Philadelphia, PA 19107

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF PENNSYLVANIA

Case Number: 93 - 16948 sr

IN RE(NAME OF DEBTOR)
Ronald T. Ginnona , 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
Traci A. Ginnona , 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

ORDER DISCHARGING DEBTOR AFTER COMPLETION
OF CHAPTER 13 PLAN

The court finds that the debtor filed a petition under title 11, United States Code, on 12/01/93, that the debtor's plan has been confirmed, and that the debtor has fulfilled all requirements under the plan.

IT IS ORDERED THAT:

1. Pursuant to 11 U.S.C. sec. 1328(c), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. sec. 502, except any debt:

(a) provided for under 11 U.S.C. sec. 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due;

(b) in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor in connection with a separation agreement divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. sec. 523(a) (5):a

(c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. sec. 523 (a) (8) in any case in which discharge is granted prior to October 1, 1996;

(d) for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. sec. 523 (a)(9), in a case commenced on or after November 15, 1990;

(e) for restitution included in a sentence on the debtor's conviction of a crime, in a case filed on or after November 15, 1990; or

(f) for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. sec. 1328 (d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. sec. 1305(a)(2) if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, the debtor is not discharged from any debt made non-dischargeable by 18 U.S.C. sec. 3613(f) by certain provisions of titles 10,37,38,42 and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

Dated: 6/17/99

BY THE COURT

*Stephen Raslavich*
United States Bankruptcy Judge

**EXHIBIT "2"**



**ComNet**
MORTGAGE SERVICES INC.

February 23, 1994

Salvatore Bello, Esq.
144 E. DeKalb Pike, Suite 200
King of Prussia, PA  19406-0215

RE:   Bankruptcy Petition Filed
      Case #:   93-16948SR
      Name:    Ronald T. Ginnona and Traci A. Ginnona

Dear Mr. Bello:

Please be advised we are in receipt of an acknowledgement that a bankruptcy petition has
been filed on behalf of the above captioned debtor by your office. Attached is a copy of our
"Proof of Claim" which has been forwarded to the bankruptcy court for filing purposes.

Please forward our office a copy of the listing of the debtor's creditors and a schedule of
liabilities. These documents should be forwarded to my attention at our address located
below.

If you have any further questions regarding this matter, please contact me at 1-800-338-9763,
extension 1722.

Very truly yours,

Debra Petrini
Foreclosure/Bankruptcy Representative
Loan Administration Division

/1.BNK

Attachment

## UNITED STATES BANKRUPTCY COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re

ML        0108205439

Debtor

Ronald T. Ginnona and Traci A. Ginnona
148 Walker Lane
King of Prussia, PA  19406

Case No.    93-16948SR

Chapter      13

### PROOF OF CLAIM

1.  [ ]  Claimant is an individual claiming for himself.
         The undersigned _____ who is the claimant, herein,
         resides at _____
                         (Mailing Address)

    [ ]  Claimant is a partnership claiming through a member.
         The undersigned _____ who is the claimant, herein,
         resides at _____
                         (Mailing Address)
         is a member of _____ a partnership, composed of
         the undersigned and _____ and _____ of
         _____ and doing business at
         _____
                         (Mailing Address)
         _____ and is authorized
         _____
                         (Mailing Address)
         to this proof of claim in behalf of the partnership.

    [X]  Claimant is a corporation claiming through an authorized officer
         The undersigned <u>Debra Petrini</u> who resides at <u>P. O. Box 2101, Valley Forge, PA</u>
         <u>19482-2101</u> (Mailing Address) is the <u>Foreclosure/Bankruptcy Assistant</u> of
         <u>Commonwealth Federal Savings and Loan</u>, a corporation organized under the laws of
         <u>Pennsylvania</u> and doing business at <u>70 Valley Stream Parkway, Valley Forge, PA</u>
         <u>19482</u> and is authorized to make this proof of claim on behalf of this
         corporation.

    [ ]  Claimant is an agent.
         The undersigned _____ who
         resides at _____
                         (Mailing Address)
         is the agent of _____ of
         _____
                         (Mailing Address)

2.  The debtor as, at the time of the filing of the petition initiating this case,
    and still is indebted or liable to this claimant in the sum of $11,260.68.

3.  The consideration for this debt or ground of liability is as follows:
                         148 Walker Lane
                         King of Prussia, PA  19406

    [X]  If filed in Chapter 7 or 13 cases.

    Itemize all charges in addition to principal amount; state basis for inclusion
    and computation; set forth any other consideration relevant to the legality of
    the charge _____ See Attached Status Sheet _____

4.  If the claim is founded on a writing.

    [X]  The writing or a duplicate is attached.  (Mortgage & Note)

    [ ]  The writing or a duplicate is attached for the reason set forth in the attached

5.          This claim is founded on an open account.

[ X ]     The account fell due on December 1, 1992.

[  ]     No note or negotiable instrument was received in full or partial payment of the
          account.

[  ]     The original or copy of the note or negotiable instrument received in full or
          partial payment of the account is attached.

[  ]     The note or other negotiable instrument received in full or partial payment of
          the account is not attached for the reason set forth in the attached statement.

6.          No judgement has been rendered on the claim except .
7.          The amount of all payments on this claim has been deducted for the purpose of
          making this proof of claim.

8.          This claim is not subject to any setoff or counterclaim except _____.
9.          No security interest is held for this claim except        Mortgage Note        .
          Evidence of perfection of such security interest is attached.

[ X ]     The undersigned claims a security interest under the writing referred to in
          paragraph four above.

[  ]     Under a separate writing the original or duplicate of which is attached.

[  ]     Under a separate writing which cannot be attached for the reasons set forth in
          the attached statement.

10.       [  ]     This is general unsecured claim except to the extent that the security interest,
          if any, described in paragraph nine, is sufficient to satisfy the claim.

[  ]     If priority is claimed, state the amount and basis thereof._____

                              COMMONWEALTH FEDERAL SAVINGS AND LOAN ASSOCIATION

Date:  February 23, 1994

BY: ___Debra Petrini_____     BY: _____
          (Printed Signature)                    (Signature)

4.LEG

**STATUS SHEET**

Mortgage No.   0108205439

Mortgagor(s)   Ronald T. Ginnona
               Traci A. Ginnona

Premises: 148 Walker Lane
          King of Prussia, PA   19406

Monthly Payment Terms:

| | |
|---|---|
| Pr. & Int: | $664.52 |
| Escrow: | $273.48 |
| **TOTAL:** | **$938.00** |

Petition Filed: December 1, 1993  Bankruptcy No. 93-16948SR

AMOUNT OWED as of:        December 1, 1993

| | |
|---|---|
| Principal Balance | $49,940.59 |
| Interest Owed to Date | $ 4,801.58 |
| Escrow Deficit (if any) | $ 1,583.78 |
| Accrued Late Charges | $   199.38 |
| Attorney's Fees and Costs (Foreclosure) | $   417.30 |
| Subtotal | $56,942.63 |
| Subtract Unapplied Funds Received | $     0.00 |
| Subtract Escrow Balance (if any) | $     0.00 |
| **TOTAL AMOUNT OWED** | **$56,942.63** |

ARREARAGES as of: December 1, 1993

| | |
|---|---|
| Delinquent Monthly Payments | $10,644.00 |
| 10 mos. at $819.00 | |
| 3 mos. at $818.00 | |
| Accrued Late Charges | $   199.38 |
| Attorney's Fees and Costs (Foreclosure) | $   417.30 |
| Subtotal | $11,260.68 |
| Subtract Unapplied Funds Received | $     0.00 |
| **TOTAL ARREARAGES** | **$11,260.68** |

\*   Any credit life or disability insurance maintained by the mortgagor(s)
     may have lapsed if the mortgagor(s) failed to make a regular mortgage
     payment when due.  In the event of lapse, the mortgagor(s) must reapply
     to the insurance if coverage is desired.

\*\*   Calculated at contract rate using declining balance method.

7.LEG

**EXHIBIT "3"**

UNITED STATES BANKRUPTCY COURT

PAGE  1

IN THE MATTER OF:

|  |  |
|---|---|
|  | ) |
|  | )    CHAPTER 13 |
|  | )    CASE NO.    9316948  SR |
|  | ) |
|  | )    DATE FILED: 12/01/1993 |
| RONALD T. & TRACI A. GINNONA | )    DATE CONFIRMED: 07/08/1994 |
| 148 WALKER LANE | )    DATE CONCLUDED: 05/18/1999 |
|  | ) |
| KING OF PRUSSIA, PA  19406      DEBTOR (S) | ) |
|  | ) |

STANDING CHAPTER 13 TRUSTEE'S FINAL REPORT
CLOSED COMPLETED

Pursuant to 11 U.S.C. Section 1302(b)(1) and Rule 2015, the Trustee has
maintained detailed reports of receipts and disbursements which are as follows

| Claim Creditor's Name | Amount Allowed | Paid to Date | Balance Due |
|---|---|---|---|
| SECURED | | | |
| 002 COMMONWEALTH FEDERAL SAVINS & | 11,260.68 | 11,260.68 | 0.00 |
| 003 CONTINENTAL BANK | 1,244.10 | 1,244.10 | 0.00 |
| 005 PA DEPARTMENT OF REVENUE | 2,035.34 | 2,035.34 | 0.00 |
| 006 UPPER MERION TOWNSHIP-SEWER | 241.94 | 241.94 | 0.00 |
| | | 14,782.06 | |
| PRIORITY | | | |
| 004 PA DEPARTMENT OF REVENUE | 1,326.23 | 1,326.23 | 0.00 |
| | | 1,326.23 | |
| UNSECURED | | | |
| 007 PECO ENERGY COMPANY | 1,149.80 | 392.16 | 757.64 |
| 008 MAIN LINE FEDERAL SAVINGS BANK | 645.04 | 200.56 | 444.48 |
| 009 GREENWOOD TRUST/DISCOVER CARD | 2,542.65 | 867.26 | 1,675.39 |
| 010 SAFETY-KLEEN CORP | 91.16 | 18.17 | 72.99 |
| 011 THE MAY CREDIT SERVICE CENTER | 154.29 | 43.11 | 111.18 |
| 012 SEARS | 1,316.14 | 448.92 | 867.22 |
| | | 1,970.18 | |
| TRUSTEE EXPENSE | | | |
| 001 FREDERICK L REIGLE TRUSTEE | 17.00 | 17.00 | 0.00 |
| | | 17.00 | |
| DEBTOR ATTORNEY | | | |
| 00 SALVATORE F BELLO JR ESQ | 0.00 | 0.00 | 0.00 |
| | | 0.00 | |

UNITED STATES BANKRUPTCY COURT

PAGE    2

IN THE MATTER OF:

)        CHAPTER 13
)    CASE NO.    9316948   SR
)
RONALD T. & TRACI A. GINNONA                )        DATE FILED: 12/01/1993
148 WALKER LANE                             )    DATE CONFIRMED: 07/08/1994
                                            )    DATE CONCLUDED: 05/18/1999
KING OF PRUSSIA, PA  19406        DEBTOR(S) )
                                            )

STANDING CHAPTER 13 TRUSTEE'S FINAL REPORT
CLOSED COMPLETED

| TOTAL RECEIPTS | DISBURSED | TRUSTEE FEES | CASH ON HAND |
|---|---|---|---|
| 19,608.06 | 18,095.47 | 1,512.59 | 0.00 |

HEREFORE, the Trustee prays that a Final Decree be entered discharging him/her
s Trustee and releasing the Trustee and the Trustee's surety from any and all
iability on account of the within proceedings, and closing the estate, and for
uch other relief as is just.
ursuant to FRBP 5009, I certify the case has been fully administered.

FREDERICK L REIGLE TRUSTEE
2901 ST LAWRENCE AVENUE
P O BOX 4010
READING, PA  19606

PAGE    1

21/1998
20 AM

CASE REPORT
FROM 12/01/1993 TO 01/21/1998
CASE # 9316948

| | | |
|---|---|---|
| IALD T. & TRACI A. GINNONA | ATTORNEY: | PET FILED    12/01/1993    JUDGE    RASLA |
| I WALKER LANE | SALVATORE F BELLO JR ESQ | PLAN FILED   12/21/1993    STATUS.    1 |
| | COMMENTS: | DATE 1ST MEETING 01/14/1994   TRUSTEE EXP %  7.20 |
| IG OF PRUSSIA PA 19406 | AM PL TIER | DATE CONFIRMED  07/08/1994   TRUSTEE COMP %  0.00 |
| | | DATE CLOSED |

'MENT    340.89  PAYMENTS/MO 1  PERCENT PLAN 100.00  MIN BAL    0.00  UNDIST FORWARD    7.62

| DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| /25/94 | 200.00 | 02/18/94 | 200.00 | 03/21/94 | 200.00 | 04/19/94 | 200.00 | 05/19/94 | 200.00 | 06/17/94 | 200.00 |
| 7/19/94 | 340.88 | 08/19/94 | 340.88 | 09/19/94 | 340.88 | 10/19/94 | 340.88 | 11/29/94 | 340.88 | 12/28/94 | 340.88 |
| 1/27/95 | 340.88 | 02/21/95 | 340.88 | 03/27/95 | 340.88 | 04/20/95 | 340.88 | 05/23/95 | 340.88 | 06/22/95 | 340.86 |
| 7/19/95 | 340.88 | 08/21/95 | 340.88 | 09/19/95 | 340.88 | 10/25/95 | 340.88 | 11/22/95 | 340.88 | 12/22/95 | 340.88 |
| 7/24/96 | 340.88 | 02/27/96 | 340.88 | 03/21/96 | 340.88 | 04/24/96 | 340.88 | 05/22/96 | 340.88 | 06/19/96 | 340.88 |
| 7/23/96 | 340.88 | 08/23/96 | 340.88 | 09/24/96 | 340.88 | 10/25/96 | 340.88 | 11/26/96 | 340.88 | 12/26/96 | 340.88 |
| 1/23/97 | 340.88 | 02/27/97 | 340.88 | 03/26/97 | 340.88 | 04/25/97 | 340.88 | 05/27/97 | 340.88 | 07/01/97 | 340.88 |
| 7/25/97 | 340.98 | 08/27/97 | 340.88 | 09/29/97 | 340.88 | 10/28/97 | 340.88 | 11/24/97 | 340.88 | 12/29/97 | 340.88 |

| a Cred Name | Cl Pr Md | Per Mo | Amt Sch | Appr Debt | Frg | Amt Due | Int Ernd | Amt Paid | Balance | Assigned St |
|---|---|---|---|---|---|---|---|---|---|---|
| ) SALVATORE F | 09 50 | 0.00 | 0.00 | 0.00 | 0.0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 0 |
| 1 FREDERICK L | 07 05 | 0.00 | 17.00 | 17.00 | 0.0 | 17.00 | 0.00 | 17.00 | 0.00 | 0.00 2 |
| 'MENT ------> 34 NOTICES | | | | | | | | | | |
| 2 COMMONWEALTH | 01 30 A | 188.53 | 58,000.00 | 11,260.68 | 0.0 | 11,260.68 | 0.00 | 9,404.11 | 1,856.57 | 0.00 1 |
| 3 CONTINENTAL | 01 34 A | 23.04 | 32,000.00 | 1,244.10 | 0.0 | 1,244.10 | 0.00 | 1,051.25 | 192.85 | 0.00 1 |
| 4 PA DEPARTMEN | 02 35 | 0.00 | 1,494.95 | 1,326.23 | 0.0 | 1,326.23 | 0.00 | 1,326.23 | 0.00 | 0.00 2 |
| 5 PA DEPARTMEN | 01 35 | 0.00 | 408.37 | 2,035.34 | 0.0 | 2,035.34 | 0.00 | 2,035.34 | 0.00 | 0.00 2 |
| 6 UPPER MERION | 01 35 | 0.00 | 241.99 | 241.94 | 0.0 | 241.94 | 0.00 | 241.94 | 0.00 | 0.00 1 |
| 7 PECO ENERGY | 03 40 | 0.00 | 1,149.80 | 1,149.80 | 0.0 | 1,149.80 | 0.00 | 33.12 | 1,116.68 | 0.00 1 |
| 8 MAIN LINE FE | 03 40 | 0.00 | 692.03 | 645.04 | 0.0 | 645.04 | 0.00 | 18.58 | 626.46 | 0.00 1 |
| 9 GREENWOOD TR | 03 40 | 0.00 | 2,599.36 | 2,542.65 | 0.0 | 2,542.65 | 0.00 | 73.26 | 2,469.39 | 0.00 1 |
| 0 SAFETY-KLEEN | 03 40 | 0.00 | 113.04 | 91.16 | 0.0 | 91.16 | 0.00 | 0.00 | 91.16 | 2.83 1 |
| 1 THE MAY CRED | 03 40 | 0.00 | 150.06 | 154.29 | 0.0 | 154.29 | 0.00 | 0.00 | 154.29 | 4.79 1 |
| 2 SEARS | 03 40 | 0.00 | 1,263.28 | 1,316.14 | 0.0 | 1,316.14 | 0.00 | 37.92 | 1,278.22 | 0.00 1 |
| | TOTALS: | | 98,129.88 | 22,024.37 | | 22,024.37 | 0.00 | 14,238.75 | 7,785.62 | 7.62 |

| | | | |
|---|---|---|---|
| TAL NET RECEIPTS - | 15,516.96 | SPECIAL RECEIPTS - | 0.00 |
| TAL PAID TRUSTEE COMP - | 0.00 | BASE PLAN - | 19,608.06 |
| TAL PAID TRUSTEE EXP - | 1,270.59 | | |
| TAL PAID CREDITORS - | 14,238.75 | | |
| DISTRIBUTED FORWARD - | 7.62 | | |
| AN BALANCE - | 4,091.10 | | |
| TO UNSECURED - | 10.57 | | |

------ TIER DATA ---------
/21/1993 1    200.00
/21/1994 1    340.89

**EXHIBIT "4"**

**ComNet**
MORTGAGE SERVICES
A Division of Commonwealth Bank.
P.O. Box 2101
Valley Forge, PA 19482-2101

YOU MAY SEEK COUNSELING ASSISTANCE THROUGH
ANY H.U.D. APPROVEI AGENCY IN YOUR AREA.
PLEASE CALL 1-800-220-805U FOR INFORMATION
REGARDING THE AGENCIES IN YOUR AREA.

ANY INQUIRIES REGARDING LATE CHARGE
NOTICES MUST BE SUBMITTED IN WRITING.
ACCOUNTS DUE FOR 2 MONTHS REQUIRE INSPECTION.

|  |  |
|---|---|
| LOAN NO. | 0108205439 |
| DATE | 3/01/00 |
| DUE DATE | 11/01/99 |
| TOTAL LATE CHARGES | 1,362.43 |
| TOTAL AMOUNT DUE | 6,029.93 |

RONALD T GINNONA
TRACI A GINNONA
148 WALKER LN
KING OF PRUSSIA PA 19406-2323

If you have any questions concerning this Information, please call our Customer Service Department at 800-220-8050.

---

**ComNet**
MORTGAGE SERVICES
A Division of Commonwealth Bank.
P.O. Box 2101
Valley Forge, PA 19482-2101

PAST DUE NOTICE

YOU MAY SEEK COUNSELING ASSISTANCE THROUGH
ANY H.U.D. APPROVED AGENCY IN YOUR AREA.
PLEASE CALL 1-800-220-8050 FOR INFORMATION
REGARDING THE AGENCIES IN YOUR AREA.

ANY INQUIRIES REGARDING LATE CHARGE
NOTICES MUST BE SUBMITTED IN WRITING.
ACCOUNTS DUE FOR 2 MONTHS REQUIRE INSPECTION.

|  |  |
|---|---|
| LOAN NO. | 0108205439 |
| DATE | 8/02/99 |
| DUE DATE | 4/01/99 |
| TOTAL LATE CHARGES | 1,129.82 |
| TOTAL AMOUNT DUE | 5,708.32 |

RONALD T GINNONA
TRACI A GINNONA
148 WALKER LN
KING OF PRUSSIA PA 19406-2323

If you have any questions concerning this Information, please call our Customer Service Department at 800-220-8050.

**EXHIBIT "5"**



**ComNet**
MORTGAGE SERVICES

November 8, 2000

Ronald & Traci Ginnona
148 Walker Lane
King of Prussia, PA 19406

RE: Mortgage Account #108205439

Dear Mortgagor(s):

This letter is to serve as an apology for the erroneous delinquency credit ratings, which are appearing on your credit report. This derogatory reporting is due to an incorrect reporting by ComNet Mortgage Services. Your loan is not in past due and was never past due for the months of September, 1999 through July, 2000. Please be assured that procedures are in place to clear this derogatory information from your account to avoid any future derogatory credit reporting.

Kindly utilize this letter in any way you see fit to clear up any questions or concerns which may arise from this matter, since it may take a period of 30 to 60 days to actually clear your rating.

A copy of this correspondence will be placed in your permanent loan file for future reference. Again, we sincerely apologize for any inconvenience that this situation has caused you since it is never ComNet Mortgage Services's intention to treat their customers unfairly.

If I can be of any assistance to you in the future, please do not hesitate to contact me personally. My direct telephone line is (610) 313-1722 or toll free at 1-800-220-8050 ext 1722.

Sincerely,

*William Martinez*

William Martinez
Loss Mitigation Supervisor



## ComNet
### MORTGAGE SERVICES

August 16, 2000

Law Office of Vincent Cirella
21 E. Airy Street
Norristown, PA 19401

RE:    CMS Loan #:  108205439
       Borrower(s):  Ronald & Traci Ginnona

Dear Mr. Cirella:

I am writing this letter as a follow up to our conversation today regarding the above referenced borrowers.

On July 23, 1993 and December 29, 1993 we advanced funds from a suspense account to pay for legal fees and costs incurred during the foreclosure process. These transactions created a negative suspense account on this loan. When the borrowers forwarded their payments according to the Bankruptcy Plan, we applied them towards the negative suspense balance instead of the monthly mortgage payments. I have made the corrections to the loan to reflect the new due date of August 1, 2000 with a principal balance of $11,237.35. I have also waived all late charges assessed to the loan.

I apologize for any inconvenience this error may have caused our mutual customer and assure you that all steps have been taken to correct this matter.

If you should have any questions please feel free to contact me directly at 610-220-8050, extension 1722.

Sincerely,

William Martinez
Loss Mitigation Supervisor

Cc:    Ronald & Traci Ginnona




A Division of Commonwealth Bank



**ComNet Mortgage Services**
P.O. BOX 2101
VALLEY FORGE, PA 19482-2101

**ANNUAL LOAN STATEMENT FOR 1999**

LOAN NUMBER   108205439

COLLATERAL DESCRIPTION
148 WALKER LANE

RONALD T GINNONA
TRACI A GINNONA
148 WALKER LN
KING OF PRUSSIA PA 19406-2323

STATEMENT DATE   12/31/99

1/01/99 ESCROW BALANCE   1,035.99
1/01/99 LOAN BALANCE   23,001.97
CURRENT LATE CHARGES DUE   1,295.97

| TRAN DATE | DUE DATE | TR CO | DISB CODE | PRIN. AMOUNT | INTEREST AMOUNT | ESCROW AMOUNT | OTHER AMOUNT | ESCROW BALANCE | PRINCIPAL BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| 11999 | | UN | | | | | 824.00 | 1035.99 | 23,001.97 |
| 11999 | | UN | | | | | 835.00- | 1035.99 | 23,001.97 |
| 11999 | 100198 | EP | | 494.40 | 170.12 | 170.48 | | 1206.47 | 22,507.57 |
| 21799 | | UN | | | | | 824.00 | 1206.47 | 22,507.57 |
| 21799 | | UN | | | | | 835.00- | 1206.47 | 22,507.57 |
| 21799 | 110198 | EP | | 498.06 | 166.46 | 170.48 | | 1376.95 | 22,009.51 |
| 22499 | | EO | 21 | | | 520.97- | | 855.98 | 22,009.51 |
| 32299 | | UN | | | | | 824.00 | 855.98 | 22,009.51 |
| 32299 | | UN | | | | - | 835.00- | 855.98 | 21,507.77 |
| 32299 | 120198 | EP | | 501.74 | 162.78 | 170.48 | | 1026.46 | 21,507.77 |
| 42199 | | UN | | | | | 824.00 | 1026.46 | 21,507.77 |
| 42199 | | UN | | | | | 835.00- | 1026.46 | 21,002.32 |
| 42199 | 10199 | EP | | 505.45 | 159.07 | 170.48 | | 1196.94 | 21,002.32 |
| 52199 | | UN | | | | | 824.00 | 1196.94 | 21,002.32 |
| 52199 | | UN | | | | | 835.00- | 1196.94 | 20,493.13 |
| 52199 | 20199 | EP | | 509.19 | 155.33 | 170.48 | | 1367.42 | 20,493.13 |
| 62299 | | UN | | | | | 824.00 | 1367.42 | 20,493.13 |
| 62299 | | UN | | | | | 835.00- | 1367.42 | 19,980.17 |
| 62299 | 30199 | EP | | 512.96 | 151.56 | 170.48 | | 1537.90 | 19,980.17 |
| 71599 | | EO | 22 | | | 1078.18- | 824.00 | 459.72 | 19,980.17 |
| 80399 | | UN | | | | | 834.00 | 459.72 | 19,980.17 |
| 81699 | | UN | | | | | 1670.00- | 459.72 | 19,463.42 |
| 90899 | | UN | | | | | | 630.20 | 19,463.42 |
| 90899 | 40199 | EP | | 516.75 | 147.77 | 170.48 | | 800.68 | 18,942.85 |
| 90899 | 50199 | EP | | 520.57 | 143.95 | 170.48 | | 800.68 | 18,942.85 |
| 91599 | | UN | | | | | 824.00 | 800.68 | 18,418.43 |
| 91599 | | UN | | | | | 835.00- | 800.68 | 18,418.43 |
| 91599 | 60199 | EP | | 524.42 | 140.10 | 170.48 | | 971.16 | 18,418.43 |
| 101899 | | UN | | | | 550.00- | 846.00 | 971.16 | 18,418.43 |
| 111199 | | EO | 13 | | | | | 421.16 | 18,418.43 |
| 112299 | | UN | | | | | 846.00 | 421.16 | 18,418.43 |
| 122199 | | UN | | | | | 846.00 | 421.16 | 18,418.43 |
| 122199 | | UN | | | | | 2505.00- | 421.16 | 17,890.13 |
| 122199 | 70199 | EP | | 528.30 | 136.22 | 170.48 | | 591.64 | 17,357.92 |
| 122199 | 80199 | EP | | 532.21 | 132.31 | 170.48 | | 762.12 | 16,821.78 |
| 122199 | 90199 | EP | | 536.14 | 128.38 | 170.48 | | 332.60 | 16,821.78 |
| 122999 | | EO | 19 | | | 46.04- | | 836.56 | 16,821.78 |

CURR. INT-RATE  8.875   SOCIAL SEC. #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
END PRIN  16,821.78  END ESC.  886.50
PRIN PAID  6,180.19  INS DISB  599.04
PRIN DISB  .00  TAX PAID  1,599.15
IRS INT.  1,794.05  INT PAID  1,794.05
BEG UNAP  700.23  END UNAP  634.23

COMNET MORTGAGE SERVICES
DIV OF COMMONWEALTH BANK
P. O. BOX 2101
VALLEY FORGE  PA 19482-2101

(800) 327-9885