## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                  :   Chapter 11
                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,  :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹        :
                                        :   Jointly Administered
        Debtors.                        :
                                        :   Response Deadline: September 30, 2011 at 4:00 p.m. (ET)
                                        :   Hearing Date: October 7, 2011 at 10:00 a.m. (ET)
------------------------------------------------------------ x
```

### PLAN TRUST'S EIGHTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (collectively, the "Disputed Claims") listed on Exhibits A, B, C, and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit III,² pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and requests the entry of an

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

² The Plan Trustee does not object to any claims listed on the exhibits to the Proposed Order that are identified as "Surviving Claims," and the term "Disputed Claims" as used herein does not include such "Surviving Claims."

order reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below. In support of this Objection, the Plan Trustee relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's Eighty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Plan Trustee respectfully represents as follows:

<strong><u>JURISDICTION</u></strong>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

<strong><u>BACKGROUND</u></strong>

2.      On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.      On August 14, 2007, the United States Trustee for the District of Delaware (the "<u>Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4.      On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5.    On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.    On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.    To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8.      By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reassigning or disallowing and expunging in full each of the Disputed Claims as indicated in further detail below.  This Objection complies in all respects with Local Rule 3007-1.

### A.      Late Filed Claim

9.      The claim listed in <u>Exhibit A</u> to the Proposed Order (the "<u>Late Filed Claim</u>") was filed after the deadline for submitting such claim had passed.  As set forth in the Bar Date Order [Docket No. 1708], the deadline for filing claims was January 11, 2008, or, in the case of government units, February 4, 2008.  The claim listed in <u>Exhibit A</u> was filed after the applicable bar date, on the date listed under the column labeled "Date Filed."  Therefore, the Plan Trust hereby objects to the Late Filed Claim and requests entry of an order disallowing in full and expunging the Late Filed Claim.

### B.      Wrong Debtor Claims

10.      The claims listed on <u>Exhibit B</u> to the Proposed Order (the "<u>Wrong Debtor Claims</u>") were filed by the applicable claimant against certain Debtors under the case numbers listed under the column titled "Objectionable Claims" on <u>Exhibit B</u>.  After reviewing the Debtors' books and records, the Plan Trust believes it has determined which Debtors the Wrong Debtor Claims should have been filed against and has listed the new case numbers for the Wrong Debtor Claims under the column titled "New Case Number" (the "<u>New Case Numbers</u>").  The Plan Trustee believes that the claimants asserting the Wrong Debtor Claims intended to assert such claims under the New Case Numbers.

11.      Failure to reassign the Wrong Debtor Claims would result in such claims being improperly asserted against the wrong Debtors.  Therefore, to correct the claims register,

the Plan Trust hereby objects to the Wrong Debtor Claims and requests entry of an order reassigning the Wrong Debtor Claims to the New Case Numbers as indicated on <u>Exhibit C</u>.

### C. Satisfied Claims

12.     The claims listed in <u>Exhibit C</u> to the Proposed Order (the "<u>Satisfied Claim</u>") has been satisfied post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court. Failure to disallow and expunge the Satisfied Claims would result in the claimant receiving an unwarranted double recovery against the Debtors' estates. Therefore, the Plan Trust hereby objects to the Satisfied Claims and requests entry of an order disallowing in full and expunging the Satisfied Claims.

### D. Insufficient Documentation Claims

13.     The claims listed on <u>Exhibit D</u> to the Proposed Order (the "<u>Insufficient Documentation Claims</u>") were submitted without sufficient alleged facts or documentation to support either the validity or amount of these alleged claims, which are contingent and unliquidated claims.   The Insufficient Documentation Claims have some documentation attached, but such documentation is not adequate to allow the Plan Trust to determine whether the Debtors have any liability for these claims.  Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f)." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim.  If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." *In re Planet Hollywood Int'l*, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

14. The claimants asserting the Insufficient Documentation Claims failed to allege facts sufficient and/or attach documentation sufficient to determine the validity or appropriate amount of their claims. Therefore their claims are not *prima facie* valid. *See in re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claims are not *prima facie* valid, the Plan Trust hereby objects to them and requests the Court to enter an order disallowing in full and expunging each of the Insufficient Documentation Claims identified in Exhibit D to the Proposed Order.

## BORROWER CLAIMS

15. Certain of the claims being addressed by the Objection are "Borrower Claims" as that term is defined in the Plan. Specifically, (i) the Wrong Debtor Claim filed by Kevin and/or Julie Stinnett (number 10012), which is listed in Exhibit B to the Proposed Order; and (ii) the Satisfied Claims listed on Exhibit C to the Proposed Order, are Borrower Claims. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. In accordance with Article 17 of the Plan, Eileen Wanerka, on behalf of the Plan Trustee, sent each of the claimants asserting these Borrower Claims a letter in an attempt to obtain their written consent to reassign or, as applicable, disallow their claim to the appropriate debtor entity as indicated on Exhibit B, but received no responses. Additionally, the Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order.

6

## RESERVATION OF RIGHTS

16.     The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

17.     The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit III, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: September 7, 2011          YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
      Wilmington, Delaware

                                              /s/ Michael S. Neiburg
                                              Sean M. Beach (No. 4070)
                                              Michael S. Neiburg (No. 5275)
                                              The Brandywine Building
                                              1000 West Street - 17th Floor
                                              P.O. Box 391
                                              Wilmington, Delaware  19899
                                              Telephone: (302) 571-6600
                                              Facsimile: (302) 571-1253

                                              -and-

                                              HAHN & HESSEN LLP
                                              Mark S. Indelicato
                                              Edward L. Schnitzer
                                              488 Madison Avenue
                                              New York, New York 10022
                                              Telephone: (212) 478-7200
                                              Facsimile: (212) 478-7400

                                              *Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
```
In re:                                      :    Chapter 11
                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,      :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]          :
                                            :    Jointly Administered
        Debtors.                            :
```
------------------------------------------------------------------ x
```

## DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S EIGHTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the above-captioned debtors and debtors in possession (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's Eighty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC ("Epiq"). These efforts resulted in the identification of the "Late Filed Claim", "Wrong Debtor Claims", "Satisfied Claims" and "Insufficient Documentation Claims", as defined in the Objection and identified on Exhibits A, B, C, and D to the Proposed Order, respectively.

3.       The information contained in Exhibits A, B, C and D to the Proposed Order is true and correct to the best of my knowledge.

4.       The Plan Trust has determined based upon a review of the claims docket and the claim identified on Exhibit A to the Proposed Order that such claim was filed after the deadline for filing this claim had passed, as set forth in the Bar Date Order and/or Notice of Effective Date of the Plan.  Accordingly, the Plan Trust seeks to expunge and disallow in full the Late Filed Claim listed on Exhibit A to the Proposed Order.

5.       The Plan Trust has further determined based upon a review of the claims docket and their books and records that the claimants asserting the claims identified on Exhibit B to the Proposed Order asserted such claims against the wrong Debtor entities.  Accordingly, to correct the claims register and prevent the claimants from receiving a recovery from the wrong Debtors, the Plan Trust seeks to reassign the Wrong Debtor Claims to the appropriate Debtors as outlined in Exhibit B to the Proposed Order.

6.       The Plan Trust has further determined based upon a review of the claimant's own website, the claims docket and/or the claims identified on Exhibit C to the Proposed Order that such claims have been satisfied post-petition in accordance with the Bankruptcy Code, applicable rules or an order of this Court.  Accordingly, to prevent the claimants from recovering on a claim that has already been satisfied, the Plan Trust seeks to expunge and disallow in full the Satisfied Claims.

2

7.     The Plan Trust has further determined based upon a review of the claims docket and the claims identified on Exhibit D to the Proposed Order that such claims were filed without sufficient supporting documentation and/or failed to allege facts sufficient to support the validity of the claim or the amount claimed therein.   The Plan Trust has made reasonable efforts to reconcile each of the Insufficient Documentation Claims against the Debtors' books and records and believe that these claims do not provide *prima facie* evidence of the validity of the amount claimed.   Accordingly, the Plan Trust seeks to expunge and disallow in full the Insufficient Documentation Claims.

*[Signature page follows]*

YCST01:11413324.1                                                                                   066585.1001

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September __7__, 2011

Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

# Exhibit II

**Certification of Counsel**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                             :    Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   :    Jointly Administered
         Debtors.                                                  :
                                                                   :

------------------------------------------------------------ x

### PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE PLAN TRUST'S EIGHTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

In connection with the Plan Trust's Eighty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2], the undersigned counsel for the Plan Trustee hereby certifies that the Objection complies in all respects with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. Specifically, the Plan Trustee has used reasonable efforts to contact: (i) Kevin and/or Julie Stinnett [POC No. 10012]; (ii) Sara Matson [POC No. 1267]; and (iii) Tommy Widjaya [POC No. 1863], the borrower-claimants included in the Objection, to obtain written consent to the proposed treatment of their claims as set forth in the Objection, but received no responses. Furthermore, the Plan Trustee has served the Objection on these

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]       Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

borrower-claimants along with a notice that apprises the claimants of their right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances.  To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Plan Trustee will make reasonable efforts to notify these claimants as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: September 7, 2011
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*