# EXHIBIT III

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
        Debtors.                                                       :
                                                                       :   Ref. Docket No. ___
---------------------------------------------------------------------- x

### ORDER SUSTAINING PLAN TRUST'S EIGHTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the eighty-sixth omnibus (non-substantive) objection to claims (the "Objection") of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), by which the Plan Trustee respectfully requests the entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), reassigning or disallowing and expunging in full each of the Disputed Claims[2] identified on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

Exhibits A, B, C and D attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and the Court having determined that the Objection complies with Article 17 of the Plan and the Confirmation Order; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibits A, C and D are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit B are hereby reassigned to the New Case Numbers as indicated on Exhibit B; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      October ____, 2011

                                       CHRISTOPHER S. SONTCHI
                                       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Late Filed Claim**

# Exhibit A

## Late Filed Claim

| Name/Address of Claimant | Objectionable Claim | | | | |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | Bar Date |
| CLEVELAND COUNTY TREASURER<br>201 S JONES SUITE 100<br>NORMAN, OK 73069 | 10906 | 7/6/11 | 07-11047 | - (S)<br>- (A)<br>$119.22 (P)<br>- (U)<br>$119.22 (T) | 1/11/2008 |
| Totals: | 1 Claim | | | - (S)<br>- (A)<br>$119.22 (P)<br>- (U)<br>$119.22 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT B

**Wrong Debtor Claims**

## Exhibit B
## Wrong Debtor Claims

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claims Case Number | | New Case Number |
|---|---|---|---|---|---|
| 84 LUMBER COMPANY 2006CV0468<br>MASON, SCHILLING & MASON, CO, LPA<br>11340 MONTGOMERY ROAD, SUITE 210<br>CINCINATTI, OH 45249 | 7720 | 1/8/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$25,000.00 (U)<br>$25,000.00 (T) | 07-11049 |
| STINNETT, KEVIN AND/OR JULIE<br>6370 PEACOCK WAY<br>PILOT HILL, CA 95664 | 10012 | 2/29/08 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$37,869.00 (U)<br>$37,869.00 (T) | 07-11051 |
| Totals: | | 2 Claims | | - (S)<br>- (A)<br>- (P)<br>$62,869.00 (U)<br>$62,869.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

**Satisfied Claims**

## Exhibit C

### Satisfied Claim

**Objectionable Claim**

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| MATSON, SARA<br>641 FIELD CLIFF DR<br>STONE MTN, GA 30087-4909 | 1267 | 9/25/07 | 07-11047 | $21,588.93 (S)<br>- (A)<br>- (P)<br>- (U)<br>$21,588.93 (T) | Claim relates to unfunded portion of a construction loan. The Plan Trustee has determined that the claimed amount has been previously satisfied. Specifically, the Plan Trustee has discovered that the amounts underlying in the claim, were paid by AHM Trustee of Servicers FHA 203K Mortgagors. The bank has confirmed that the checks cleared on October 3, 2007, October 19, 2007 and December 4, 2007. |
| WIDJAYA, TOMMY<br>1657 SAN DAMIAN RD<br>TALLAHASSEE, FL 32303 | 1863 | 11/1/07 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$700.00 (U)<br>$700.00 (T) | Claim relates to a $700 overpayment that was supposed to be applied to principal. Based on an investigation of the Claim, the Plan Trustee has determined that the Claim has been previously satisfied. Specifically, the Plan Trustee has discovered that the amounts underlying in the Claim were paid by American Home Mortgage Corp to the claimant on November 12, 2008. |
| **Totals:** | **2 Claims** | | | $21,588.93 (S)<br>- (A)<br>- (P)<br>$700.00 (U)<br>$22,288.93 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

**Insufficient Documentation Claims**

# Exhibit D

## Insufficient Documentation Claims

| Name/Address of Claimant | Objectionable Claim | | | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | | |
| ACE AMERICAN INSURANCE COMPANY, ET AL<br>JENNIFER L. HOAGLAND, ESQUIRE<br>BAZELON LESS & FELDMAN, P.C.<br>1515 MARKET ST.<br>PHILADELPHIA, PA 19102 | 8728 | 1/11/08 | 07-11047 | Unspecified* | Claimants filed this placeholder contingent, unliquidated claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. The claim is therefore not prima facie valid and should be disallowed. |
| ACE AMERICAN INSURANCE COMPANY, ET AL<br>JENNIFER L. HOAGLAND, ESQUIRE<br>BAZELON LESS & FELDMAN, P.C.<br>1515 MARKET ST<br>PHILADELPHIA, PA 19102 | 8729 | 1/11/08 | 07-11051 | Unspecified* | Claimants filed this placeholder contingent, unliquidated claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. The claim is therefore not prima facie valid and should be disallowed. |
| ILLINOIS NATIONAL INSURANCE CO. ET AL<br>AIG BANKRUPTCY COLLECTIONS<br>DAVID A. LEVIN, AUTHORIZED REP.<br>70 PINE STREET, 28TH FLOOR<br>NEW YORK, NY 10270 | 8455 | 1/10/08 | 07-11048 | Unspecified* | Claimants filed this placeholder contingent, unliquidated claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. The claim is therefore not prima facie valid and should be disallowed. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| ILLINOIS NATIONAL INSURANCE CO., ET AL<br>AIG BANKRUPTCY COLLECTIONS<br>DAVID A. LEVIN, AUTHORIZED REP.<br>70 PINE STREET, 28TH FLOOR<br>NEW YORK, NY 10270 | 8458 | 1/10/08 | 07-11047 | Unspecified* | Claimants filed this placeholder contingent, unliquidated claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. The claim is therefore not prima facie valid and should be disallowed. |
| ILLINOIS NATIONAL INSURANCE CO., ET AL<br>AIG BANKRUPTCY COLLECTIONS<br>DAVID A. LEVIN, AUTHORIZED REP.<br>70 PINE STREET, 28TH FLOOR<br>NEW YORK, NY 10270 | 8459 | 1/10/08 | 07-11050 | Unspecified* | Claimants filed this placeholder contingent, unliquidated claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. The claim is therefore not prima facie valid and should be disallowed. |
| ILLINOIS NATIONAL INSURANCE CO., ET AL<br>AIG BANKRUPTCY COLLECTIONS<br>DAVID A. LEVINE, AUTHORIZED REP.<br>70 PINE STREET, 28TH FLOOR<br>NEW YORK, NY 10270 | 8460 | 1/10/08 | 07-11051 | Unspecified* | Claimants filed this placeholder contingent, unliquidated claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. The claim is therefore not prima facie valid and should be disallowed. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, ETAL<br>MICHELLE A. LEVITT, ESQ.<br>175 WATER STREET, 18TH FL<br>NEW YORK, NY 10038 | 10841 | 1/5/11 | 07-11047 | Unspecified* | Claimants filed this placeholder contingent, unliquidated administrative expense claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. Moreover, as a general matter, entities seeking compensation or reimbursement under section 503(b) of the Bankruptcy Code have a "heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." In re Bernard Techs., Inc., 342 B.R. 174, 177 (Bankr. D. Del. 2006). Claimants have not met this burden. Based on the foregoing, the claim should be disallowed. |
| ILLINOIS NATIONAL INSURANCE COMPANY, ETAL<br>MICHELLE A. LEVITT, ESQ.<br>175 WATER STREET, 18TH FL<br>NEW YORK, NY 10038 | 10842 | 1/5/11 | 07-11048 | Unspecified* | Claimants filed this placeholder contingent, unliquidated administrative expense claim in connection with various pre-petition insurance agreements purportedly entered into between the claimants and various debtor entities. The claim was apparently filed to preserve whatever rights these claimants have under the applicable agreements. The claim form and attached addendum, however, fail to assert any actual money damages owed to these claimants and are insufficient to allow the Plan Trustee to assess the validity of the claim. Moreover, as a general matter, entities seeking compensation or reimbursement under section 503(b) of the Bankruptcy Code have a "heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." In re Bernard Techs., Inc., 342 B.R. 174, 177 (Bankr. D. Del. 2006). Claimants have not met this burden. Based on the foregoing, the claim should be disallowed. |
| JAKE A. PARROTT INSURANCE AGENCY<br>ATTN JAKE PARROTT<br>P O BOX 3545<br>KINSTON, NC 28501 | 4856 | 12/7/07 | NO DEBTOR | Unspecified* | Claimant failed to allege any facts or attach documents sufficient to allow the Plan Trustee to assess the validity of this claim. As such, the claim is not prima facie valid and should be disallowed. |
| ROUTH CRABTREE OLSEN<br>13555 SE 36TH ST STE 300<br>BELLEVUE, WA 98006-1489 | 8642 | 1/11/08 | 07-11050 | Unspecified* | Claimant filed this placeholder, contingent, unliquidated claim to preserve its rights in the event that this claimant is not compensated for post-petition services. Claimant, however, has failed to allege any facts or attach any supporting documentation to allow the Plan Trustee to determine the validity of this claim. As such, the claim is not prima facie valid and should be disallowed. |

———— Objectionable Claim ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| Totals: | 10 Claims | | | Unspecified* | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.