IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
   Debtors.                                                      :
                                                                 :   Response Deadline: September 30, 2011 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: October 7, 2011 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

**PLAN TRUST'S EIGHTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B, C and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full or modifying, reclassifying, and/or reassigning such Disputed Claims as described herein. In

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

support of this Objection, the Plan Trust relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's Eighty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5.      On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.      On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8.  By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full or modifying, reclassifying, and/or reassigning the Disputed Claims listed in Exhibits A, B, C and D to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

**A.    Modified Amount Claims**

9.  The claimants asserting the claims identified in Exhibit A to the Proposed Order (the "Modified Amount Claims") asserted amounts that are higher than the amount of liability reflected in the Debtors' books and records. Based on an extensive review of the documents applicable to these claims, the Plan Trust believes the amounts of the Modified Amount Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claims" in Exhibit A should be modified by reducing the amounts to the dollar values listed under the column titled "Modified Amount" in Exhibit A.

**B.    Modified Amount Reclassified Claim**

10.  The claimant asserting the claim identified in Exhibit B to the Proposed Order (the "Modified Amount Reclassified Claim") asserted an amount that is higher than the amount of liability reflected in the Debtors' books and records. The Plan Trust believes the amount of the Modified Amount Reclassified Claim identified, or otherwise substantiated by the claimant's supporting documentation, under the column titled "Objectionable Claims" in Exhibit B should be modified by reducing the amount to the dollar value listed under the column titled "Modified Amount" in Exhibit B.

11. Additionally, the claimant asserting the Modified Amount Reclassified Claim asserted that this claim is entitled to secured status. After reconciling the Modified Amount Reclassified Claim against the Debtors' books and records, the Plan Trust has determined that this claim is not entitled to secured status and therefore the priority level of this claim should be adjusted to reflect the proper priority level of such claim. Consequently, the Plan Trust believes that the Modified Amount Reclassified Claim should be reclassified as indicated in the "Modified Amount" column in Exhibit B.

### C. Modified Amount Reclassified Wrong Debtor Claim

12. The claimant asserting the claim identified in Exhibit C to the Proposed Order (the "Modified Amount Reclassified Wrong Debtor Claim") asserted a contingent, unliquidated claim. Based on an extensive review of the claim, its supporting documentation and the Debtors' books and records, the Plan Trust believes the amount of the Modified Amount Reclassified Wrong Debtor Claim should be modified and/or fixed by fixing the amount to the dollar value listed under the column titled "Modified Amount" in Exhibit C.

13. Additionally, the claimant asserting the Modified Amount Reclassified Wrong Claim asserted that this claim may be entitled to secured status. After reconciling the Modified Amount Reclassified Wrong Debtor Claim against the Debtors' books and records, the Plan Trust has determined that this claim is not entitled to secured status and therefore the priority level of this claim should be adjusted to reflect the proper priority level of such claim. Consequently, the Plan Trust believes that the Modified Amount Reclassified Wrong Debtor Claim should be reclassified as indicated in the "Modified Amount" column in Exhibit C.

14. Lastly, the claimant asserting the Modified Amount Reclassified Wrong Debtor Claim filed this against the incorrect Debtor under the case numbers listed under the column titled "Objectionable Claims" on Exhibit C. After reviewing the Debtors' books and

records, the Plan Trust believes it has determined which Debtor this claim should have been filed against and has listed the new case number for the Modified Amount Reclassified Wrong Debtor Claim under the column titled "New Case Number" (the "New Case Number").

15. Based on the foregoing, the Plan Trust requests entry of an order: (i) modifying and/or fixing this claim by fixing the amount to the dollar value listed under the column titled "Modified Amount" in Exhibit C; (ii) reclassifying this claim as indicated in the "Modified Amount" column in Exhibit C; and (iii) reassigning this claim to the New Case Number identified on Exhibit C.

D. **No Liability Claims**

16. After reviewing each of the claims identified in Exhibit D to the Proposed Order (the "No Liability Claims") and supporting materials as well as the Debtors' books and records, which the Plan Trust believes to be accurate, the Plan Trust has determined that the Debtors are not liable with respect to the No Liability Claims. Moreover, the Plan Trust cannot justify these claims as valid. Consequently, the Plan Trust believes the No Liability Claims identified in Exhibit D should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Plan Trust hereby objects to the No Liability Claims and requests entry of an order disallowing and expunging in full each of the No Liability Claims identified in Exhibit D.

17. The No Liability Claim filed by Patricia Jenkins [POC No. 10064], which is listed in Exhibit D to the Proposed Order, is a "Borrower Claim" as that term is defined in the Plan. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. In accordance with Article 17 of the Plan, Eileen Wanerka, on behalf of the Plan Trustee, sent this claimant asserting a Borrower Claim a letter in

an attempt to obtain written consent to have her claim disallowed since the Plan Trust received verification that the construction loan forming the basis of this claim was, in fact, fully funded on Exhibit B, but received no response. Additionally, the Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order.

## RESERVATION OF RIGHTS

18.  The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

19.  The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit III, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: September 7, 2011  
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Michael S. Neiburg  
Sean M. Beach (No. 4070)  
Michael S. Neiburg (No. 5275)  
The Brandywine Building  
1000 West Street - 17th Floor  
P.O. Box 391  
Wilmington, Delaware  19899  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

066585.1001

# EXHIBIT I

**Declaration of Eileen Wanerka**

YCST01:11413326.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
          Debtors.                                               :
---------------------------------------------------------------- x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S
EIGHTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.  I am the Director of Claims Administration for the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's Eighty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC. These efforts resulted in the identification of the "Modified Amount Claims", "Modified Amount Reclassified Claim", "Modified Amount Reclassified Wrong Debtor Claim", and "No Liability Claims", as defined in the Objection and identified on Exhibits A, B, C and D to the Proposed Order.

3. The information contained in Exhibits A, B, C and D to the Proposed Order is true and correct to the best of my knowledge.

4. The Plan Trust has reviewed the Debtors' books and records and determined that the claims identified in Exhibit A to the Proposed Order should be modified to the amounts listed in Exhibit A. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Plan Trustee seeks to modify by reducing the Modified Amount Claims.

5. The Plan Trust has reviewed the Debtors' books and records and determined that the claim identified in Exhibit B to the Proposed Order should be modified to the amount listed in Exhibit B and reclassified to the priority level listed on Exhibit B. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Plan Trust seeks to modify and reclassify the Modified Amount Reclassified Claim.

6. The Plan Trust has reviewed the Debtors' books and records and determined that the claim identified in Exhibit C to the Proposed Order should be modified to or fixed at the amount listed in Exhibit C, reclassified to the priority level listed on Exhibit C, and reassigned to the New Case Number listed on Exhibit C. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Plan Trust seeks to modify, reclassify and reassign the Modified Amount Reclassified Wrong Debtor Claim.

7. The Plan Trust has reviewed the No Liability Claims, related supporting documentation, and the Debtors' books and records and determined that they have no record of any liability on account of the claims identified in Exhibit D to the Proposed Order. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Plan Trust seeks to expunge and disallow in full the No Liability Claims.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 7, 2011

*Eileen Wanerka*
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

066585.1001

# Exhibit II

**Certification of Counsel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                             :
                                                             :  Jointly Administered
        Debtors.                                             :
                                                             :
                                                             :
------------------------------------------------------------ x
```

### PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE PLAN TRUST'S EIGHTY-SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

In connection with the Plan Trust's Eighty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection")², the undersigned counsel for the Plan Trustee hereby certifies that the Objection complies in all respects with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. Specifically, the Plan Trustee has used reasonable efforts to contact Patricia Jenkins [POC No. 10064], the borrower-claimant included in the Objection, to obtain written consent to have her claim disallowed since the Plan Trust received verification that the construction loan underlying the claim was fully funded, but received no responses. Furthermore, the Plan Trustee has served the Objection on this borrower-claimant along with a

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

notice that apprises the claimant of her right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Plan Trustee will make reasonable efforts to notify this claimant as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: September 7, 2011  
Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

2