# EXHIBIT III

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                            :    Chapter 11

                                      :

AMERICAN HOME MORTGAGE HOLDINGS, INC.,   :    Case No. 07-11047 (CSS)

a Delaware corporation, et al.,[1]              :

                                        :    Jointly Administered

     Debtors.                              :

------------------------------------------------------------------ x    **Ref. Docket No. _____**

## ORDER SUSTAINING PLAN TRUST'S EIGHTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, <u>BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1</u>

Upon consideration of the eighty-seventh omnibus (substantive) objection to claims (the "<u>Objection</u>") of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors, by which Steven D. Sass, as the Plan Trustee, respectfully requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, disallowing in full or modifying, reclassifying and/or reassigning such Disputed Claims[2] identified on <u>Exhibits A, B, C</u> and <u>D</u> attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

              066585.1001

adequate notice of the Objection having been given under the circumstances; and the Court having determined that the Objection complies with Article 17 of the Plan and the Confirmation Order; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby modified to the dollar values under the column titled "Modified Amount" in Exhibit A; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit B is hereby modified to the dollar value under the column titled "Modified Amount" in Exhibit B and reclassified to the priority level indicated in the column titled "Modified Amount" in Exhibit B; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit C is hereby modified to and/or fixed at the dollar value under the column titled "Modified Amount" in Exhibit C, reclassified to the priority level indicated in the column titled "Modified Amount" in Exhibit C, and reassigned to New Case Number as indicated in Exhibit C; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit D are hereby disallowed in their entirety; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

YCST01:11413326.1                                                                                        066585.1001

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       October \_\_\_, 2011

                                      _____
                                      CHRISTOPHER S. SONTCHI
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Modified Amount Claims

# Exhibit A

## Modified Amount Claim

| Name/Address of Claimant | Objectionable Claim | | | | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | | |
| BEAR, STEARNS & CO. INC.<br>ATTN GERALD J RUSSELLO<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9027 | 1/11/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$555,250.00 (U)<br>$555,250.00 (T) | - (S)<br>- (A)<br>- (P)<br>$162,165.00 (U)<br>$162,165.00 (T) | The claimant asserted this claim against debtor AHM Investment Corp in connection with certain TBA Transactions (as defined in the claim) and that certain Master Repurchase Agreement, dated as of September 26, 2003 (the "MRA"). The claim consists of a liquidated portion in the amount of $552,700 (the "Liquidated Claim") and a contingent, unliquidated portion (the "Contingent Claim"). Based on an extensive analysis of the underlying transactions and the related securities, the Plan Trustee asserts that the value of the Liquidated Claim should be modified and reduced to $162,165 to accurately reflect the parties' respective liabilities to each other under the MRA or other agreements entered into between the claimant and AHM Investment Corp. Specifically, the claimant failed to credit AHM Investment Corp. for $393,085 on account of the surplus in favor of AHM Investment Corp. that resulted from a liquidation of the purchased securities held under the MRA. With respect to the Contingent Claim, the claimant has not asserted any additional amounts are owed or provided any documentation showing additional amounts are owed to claimant in connection with the MRA. Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing the allowed amount of this claim at $162,165. |

—— Objectionable Claim ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| BEAR, STEARNS & CO. INC.<br>ATTN GERALD J RUSSELLO<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9028 | 1/11/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$552,700.00 (U)<br>$552,700.00 (T) | - (S)<br>- (A)<br>- (P)<br>$421,133.00 (U)<br>$421,133.00 (T) | The claimant asserted this claim in connection with that certain Master Securities Forward Transaction Agreement, dated as of August 4, 2004 (the "MSFTA"). The claim consists of a liquidated portion in the amount of $552,700 (the "Liquidated Claim") and a contingent, unliquidated portion (the "Contingent Claim"). Based on an extensive analysis of the underlying transaction and the related securities, the Plan Trustee asserts that the value of the Liquidated Claim should be modified and reduced to $421,133 to accurately reflect the Debtors' liability to the claimant on account of the closing out of transactions under the MSFTA. With respect to the Contingent Claim, the claimant has not asserted any additional amounts are owed or provided any documentation showing additional amounts are owed to claimant in connection with the MSFTA. Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or fixing the allowed amount of this claim at $421,133. |
| **Totals:** | **2 Claims** | | | - (S)<br>- (A)<br>- (P)<br>$1,107,950.00 (U)<br>$1,107,950.00 (T) | - (S)<br>- (A)<br>- (P)<br>$583,298.00 (U)<br>$583,298.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

## Modified Amount Reclassified Claim

## Exhibit B

### Modified Amount Reclassified Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| MORGAN STANLEY & CO., INC. ATTN RICHE MCKNIGHT, ESQ. LEGAL & COMPLIANCE DIVISION 1633 BROADWAY, 25TH FLOOR NEW YORK, NY 10019 | 8172 | 1/10/08 | 07-11048 | $178,382.28 (S) - (A) - (P) - (U) $178,382.28 (T) | - (S) - (A) - (P) $178,382.28 (U) $178,382.28 (T) | The claimant asserted this claim against debtor AHM Investment Corp in connection with that certain Master Repurchase Agreement, dated as of November 23, 2003 (the "MRA"). The claim consists of a liquidated portion in the amount of $178,382.28 (the "Liquidated Claim") and a contingent, unliquidated portion (the "Contingent Claim"). The Plan Trustee agrees to allow this claim in the amount of the Liquidated Claim, however, the claimant has not asserted any additional amounts are owed or provided any documentation showing additional amounts are owed to claimant in connection with the MRA. Moreover, there is no basis for this claim to be provided secured status since the claimant has no property of the estates against which to offset AHM Investment Corp's obligations under the MRA. Based on the foregoing, the Plan Trustee requests entry of an order modifying and/or – fixing the allowed amount of this claim at $178,382.28 and reclassifying this claim as a general unsecured claim. |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Totals:** | 1 Claim | | | $178,382.28 (S) - (A) - (P) - (U) $178,382.28 (T) | - (S) - (A) - (P) $178,382.28 (U) $178,382.28 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

**Modified Amount Reclassified Wrong Debtor Claim**

**Exhibit C**

**Modified Amount, Reclassified Wrong Debtor Claim**

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim | | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| | | | Case Number | Total Amount Claimed | | | |
| UNITED GUARANTY RESIDENTIAL INS CO ET AL ATTN SARA F MILLARD, AUTHORIZED REP. LAW DEPARTMENT 230 N. ELM, SUITE 27401, P.O. BOX 20597 GREENSBORO, NC 27420 | 8534 | 1/10/08 | 07-11047 | Unspecified* | 07-11051 | - (S) - (A) - (P) $6,360.00 (U) $6,360.00 (T) | Claimants filed this contingent, unliquidated claim in connection with insurance, insurance services and/or contract services that claimants provided to American Home Mortgage Corp. (d/b/a American Brokers Conduit). Although the claimants failed to assert a liquidated claim amount, based on the documentation attached to the claim form, the Plan Trustee agrees that claimants are currently owed $6,360 for such services. With respect to the unliquidated claim, upon information and belief, the Plan Trustee contends no additional amounts are since (i) the Debtors' records reflect no outstanding liabilities other than the $6,360 mentioned above, and (ii) claimants have provided no data or documentation showing that any additional amounts are owed. Moreover, there is no basis for classifying this claim as anything other than a general unsecured claim. Lastly, the claimants improperly asserted this claim against AHM Holdings, Inc. rather than AHM Corp. (d/b/a American Brokers Conduit), which is the debtor entity that entered into the applicable agreements with these claimants. Based on the foregoing, the Plan Trustee requests the entry of an order: (i) modifying and fixing this claim as a general unsecured claim in the amount of $6,350; and (ii) reassigning the claim to AHM Corp. (Case No. 07-11051). |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| **Totals:** | 1 Claim | | | Unspecified* | | - (S) | |
| | | | | | | - (A) | |
| | | | | | | - (P) | |
| | | | | | | $6,360.00 (U) | |
| | | | | | | $6,360.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

**No Liability Claims**

## Exhibit D

### No Liability Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| FARMERS INSURANCE COMPANY, INC.<br>ATTN JERRI L. SOLOMON, ESQ.<br>4680 WILSHIRE BLVD.<br>LOS ANGELES, CA 90010 | 8914 | 1/11/08 | 19, 07-11050, 07 | Unspecified* | This contingent, unliquidated claim relates to a pre-petition state court action filed against debtor AHM Acceptance in the Circuit Court of St. Louis City, Missouri (Case No. 0722CC07997) (the "State Court Action"). The State Court Action is no longer pending and the claims of the plaintiff and the cross claims of Farmers Insurance (the "Claimant") for contribution and/or indemnification against AHM Acceptance were dismissed with prejudice pursuant to a stipulated order entered by the state court. The Claimant did not suffer any losses and made no payment in connection with the State Court Action. As such, the Claimant suffered no losses and, therefore, the Debtors have no liability on account of this claim for contribution and/or indemnification. |
| JENKINS, PATRICIA<br>246 SHEPARD AVE<br>EAST ORANGE, NJ 07018 | 10064 | 3/12/08 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$289,000.00 (U)<br>$289,000.00 (T) | The Claim appears to be based upon unfunded portions of a construction loan. However, based on an investigation of the Claim, the Plan Trustee has determined that the construction loan was fully funded. Pursuant to the Debtors' records, the loan was transferred to ABN AMRO/CCO in November 2008. The ABN AMRO/CCO has verified that the construction loan was funded and the final draw was issued on April 13, 2009, at which time the loan converted to a permanent loan. Based on the foregoing, the Debtors have no liability and this claim should therefore be disallowed in its entirety. |
| MNL GLOBAL INC.<br>C/O ANNIE VERDRIES<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>650 TOWN CENTER DRIVE, SUITE 1400<br>COSTA MESA, CA 92626 | 9246 | 1/11/08 | NO DEBTOR | - (S)<br>- (A)<br>- (P)<br>$49,611.50 (U)<br>$49,611.50 (T) | Claimant signed an Agreement and General Release releasing their claim. |

--- Objectionable Claim ---

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| Totals: | | 3 Claims | | | |
| | | | | - (S) | |
| | | | | - (A) | |
| | | | | - (P) | |
| | | | | $338,611.50 (U) | |
| | | | | $338,611.50 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.