IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 07-11047(CSS) |
| | ) | (Jointly Administered) |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Chapter 11 |
| HOLDINGS, INC., et al., | ) | |
| | ) | Courtroom 6 |
| Debtors. | ) | 824 Market Street |
| | ) | Wilmington, Delaware |
| STEVEN D. SASS, AS PLAN | ) | |
| TRUSTEE OF THE AMERICAN HOME | ) | September 19, 2011 |
| MORTGAGE HOLDING PLAN TRUST, | ) | 10:00 a.m. |
| | ) | |
| Plaintiff, | ) | Adv Proc No 09-52300(CSS) |
| | ) | |
| - against - | ) | |
| | ) | |
| TRADE SHOW FABRICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| STEVEN D. SASS, AS PLAN | ) | |
| TRUSTEE OF THE AMERICAN HOME | ) | |
| MORTGAGE PLAN TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adv Proc No 09-51611(CSS) |
| | ) | |
| - against - | ) | |
| | ) | |
| VECTOR CONSULTING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Plan Trustee:          Hahn & Hessen, LLP
                           BY: EDWARD SCHNITZER, ESQ.
                           BY: JEFF ZAWARDZKI, ESQ.
                           488 Madison Avenue
                           New York, NY  10022
                           (212) 478-7200

ECRO:                      LESLIE MURIN

Transcription Service:     DIAZ DATA SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Vector/Trade Show:     Morris James, LLP
                           BY: ERIC MONZO, ESQ.
                           500 Delaware Avenue, Suite 1500
                           Wilmington, DE  19801
                           (302) 888-5848

For Steven Sass:           Blank Rome
                           BY: VICTORIA GUILFOYLE, ESQ.
                           1201 Market Street, Suite 800
                           Wilmington, DE  19801
                           (302) 425-6400

TELEPHONIC APPEARANCES:

For Plan Trustee:          Hahn & Hessen, LLP
                           BY: JOSEPH ORBACH, ESQ.
                           (212) 478-7200

1

1    WILMINGTON, DELAWARE, MONDAY, SEPTEMBER 19, 2011, 10:03 A.M.

2              THE COURT:  All rise.

3              THE COURT:  Please be seated.  We're on the clock

4    this morning unfortunately, so let's go.

5              MR. SCHNITZER:  Good morning, Your Honor.  Edward

6    Schnitzer from Hahn & Hessen on behalf of Steven Sass, the

7    plan trustee of American Home.

8              Your Honor, originally there were three matters

9    on the calendar.  I'm happy to inform you one of them have

10   settled so you only have two.  What's before you today are

11   two pretrial conferences; one in the adversary against Trade

12   Show Fabrications.

13             THE COURT:  Um-hum.

14             MR. SCHNITZER:  It's 09-52300.  And the other is

15   the pretrial conference with respect to the adversary

16   against Vector Consulting which is Adversary 09-51611.

17             Your Honor, in both adversaries, the parties did

18   exchange and did come to a final version of a joint pretrial

19   memorandum which was --

20             THE COURT:  Which I received, thank you.

21             MR. SCHNITZER:  -- filed, okay.  Your Honor, I'm

22   not sure how you wanted to handle today's conference with

23   respect to both adversaries.  There are some pretrial

24   issues.  I don't know if you wanted to discuss them today or

25   if you wanted to discuss them simply on the day of trial, so

1    I defer to the Court as to what you would like to hear.

2              THE COURT:  Well let me -- we're looking for

3    trial dates in both instances.  Correct?

4              MR. SCHNITZER:  Your Honor, in chambers, you had

5    previously given us trial dates for both.

6              THE COURT:  Okay.

7              MR. SCHNITZER:  Vector is scheduled for trial

8    this Friday, the 23rd.

9              THE COURT:  Okay, that's right.

10             MR. SCHNITZER:  Trade Show Fabrications is

11   scheduled for trial on Monday, October 3.

12             THE COURT:  Okay.  So let's start with it's

13   Vector for Friday?

14             MR. SCHNITZER:  Correct.

15             THE COURT:  All right.  What are the open issues,

16   if any?

17             MR. SCHNITZER:  The only open issues, Your Honor,

18   with respect to Vector, I'll group them into two categories.

19   One -- well, let me just put it as one category.  Your

20   Honor, there are some documents, as well as, a witness that

21   Vector wishes to present which we have noted in our pretrial

22   memorandum as something that we would object to because of a

23   failure to disclose either the identity of the witness or a

24   failure to produce the documents pursuant to discovery

25   requests.

1              THE COURT:  All right.

2              MR. SCHNITZER:  That to me would be the only

3    issue in Vector.  I suppose the other issue just to note is

4    because of that, the parties have a slight different

5    anticipation of how long the trial will last.  They believe

6    it will last longer, but that's because they believe they

7    will have three witnesses.  We believe it will be shorter

8    because we believe they should only be allowed to present

9    two witnesses.

10             THE COURT:  All right.  Let's get through

11   plaintiff/defendant's positions.

12             MR. SCHNITZER:  Your Honor, that would be on Page

13   14 of the joint pretrial where the plan trustee explains its

14   argument.

15             THE COURT:  With regard to those witnesses?

16             MR. SCHNITZER:  Correct.  With regard to the

17   witness and the documents.  And the defendant responds on

18   Page 23.

19             THE COURT:  That's the only open issue for that

20   trial?

21             MR. SCHNITZER:  Correct, Your Honor.

22             THE COURT:  All right.  Let's deal with it right

23   now.  Give me your position and then I'll hear from the

24   defendant.

25             MR. SCHNITZER:  Your Honor, our position is with

1    respect to three categories of documents that we identified

2    in the pretrial memorandum.  The first is what we'll call

3    the new value invoices with respect to two invoices and a

4    timesheet.  We submit that because these documents were not

5    produced in response to our discovery request, they may not

6    use them at trial.  I know earlier, Your Honor --

7            THE COURT:  And this is the -- excuse me.  This

8    is the -- these are in connection with the defendant's new

9    value defense?

10            MR. SCHNITZER:  Correct.

11            THE COURT:  All right.  And this is the invoices

12    23653, 23991?

13            MR. SCHNITZER:  Correct, Your Honor.

14            THE COURT:  And the timesheet?

15            MR. SCHNITZER:  Correct.

16            THE COURT:  Okay.

17            MR. SCHNITZER:  I do know in response to summary

18    judgment arguments, Your Honor, the defendant had argued

19    well one of those invoices was produced and that it was

20    included with their discovery package for the expert.  When

21    they gave us the expert report, we sent them a letter saying

22    please provide all information your experts relied upon.  In

23    response to that, they sent us a packet of documents

24    including many things, but one of the things was that

25    invoice.  We submit, Your Honor, that is not sufficient.

1   That was when, in fact, discovery was closed.  It should

2   have been produced in response to our discovery request

3   which obviously, Your Honor, and clearly asked for, you

4   know, all documents in support of new value and invoices and

5   the like.  We submit for that reason, Your Honor, they

6   should not be permitted to use it at trial.

7          Your Honor, the second category is a witness.

8   They've identified in a joint pretrial memorandum that they

9   would like Tracy Belton to testify as a witness.  She's an

10  employee of Vector.  We think this one is pretty simple.

11  Vector, as you know, provided initial disclosures when they

12  were required in the scheduling order.  She was not

13  identified.  They identified three witnesses.  She was not

14  identified.  Subsequently, we served them with

15  interrogatories.  In the interrogatories, we also asked for

16  the names of people.  Again, she was not identified.  The

17  first time where they've identified her as a witness was

18  back when we exchanged copies of this.  Your Honor --

19          THE COURT:  But they -- she's just there to

20  authenticate.  Correct?

21          MR. SCHNITZER:  That's what they list, Your

22  Honor.  The situation is this.  She is the sender and

23  recipient of many emails that the parties have exchanged

24  and, in fact, are listed as documents by both sides.  I'm

25  not sure that that's what she is and even if that is what

1  she -- all that she will be testifying to is this is an

2  accurate copy of an email that I sent or I received.  Your

3  Honor, I would still submit that under the initial

4  disclosures, as well as the interrogatories, that they

5  should have identified her as a person with knowledge, let

6  alone a person that they were going to call to testify.

7           THE COURT:  Well do you dispute the

8  authentication or do you have a hearsay objection to the

9  documents?

10          MR. SCHNITZER:  Well, Your Honor, we have a

11 question about it.  And the concern is and maybe just part

12 of it's going to be an interpretation question.  They

13 interpret one of the emails in one way that we don't think

14 it's correct.  Your Honor, for your purposes, if we could

15 agree, whether it be by Court order or by agreement among

16 the parties, that she will not testify as to what anything

17 means, simply that this is a copy, period, full stop,

18 nothing else, Your Honor, we would not have -- and, in fact,

19 Your Honor, if that was the case, I think we could simplify

20 it and just have the parties admit that all these emails

21 we're talking about can come in for the truth of the matter.

22 but just for what they say, no -- well no -- Ms. Belton can

23 try to explain what she meant when she wrote something or

24 what she understood when she read something.

25          THE COURT:  Okay.

1          MR. SCHNITZER:  If it's just for the face of the

2  email, Your Honor, we do not have a problem.

3          THE COURT:  All right.  And what's the last

4  point, produce the emails from Belton to Abraham?

5          MR. SCHNITZER:  Yeah, Your Honor, our point for

6  raising this is defined.  These emails, we think it goes to

7  Ms. Belton as a witness.  That they've tried to kind of,

8  what we would argue, sneak her in at the last second as a

9  witness and yet they failed to ever produce to us any emails

10  that she sent or received.  The emails we have are ones from

11  American Homes files that were included within the AP file,

12  which is something you'll hear about at the trial on Friday.

13  But we questioned whether -- we question the discovery here

14  when they're trying to use similar -- those emails that we

15  produced and yet have failed to produce anything from her.

16  So we think in conjunction with the fact that they're naming

17  her at this last second and yet never affirmatively produced

18  anything from their own files on her, nor explained why they

19  weren't, we think that's in question.  But like I said, Your

20  Honor --

21          THE COURT:  Have you taken her deposition?

22          MR. SCHNITZER:  We have not, Your Honor.

23          THE COURT:  When did you find out that Ms. Belton

24  was going to be produced as a witness?

25          MR. SCHNITZER:  I believe it was -- when did we

1   receive it, Tuesday?  Last Tuesday, Your Honor.

2            THE COURT:  All right.

3            MR. SCHNITZER:  Your Honor, again, I would

4   suggest, and I did try to reach out to counsel.  I admit it

5   was late on Friday so we haven't had a chance to discuss.

6   We could solve issues we'll call it 2 and 3 with if the

7   parties or pursuant to a Court order, if the emails were to

8   come in with no objection to hearsay, but simply Ms. Belton

9   not testify, that would at least from the plan trustee that

10  would satisfy our concerns.

11           THE COURT:  Okay.

12           MR. SCHNITZER:  Thank you, Your Honor.

13           MR. MONZO:  Good morning, Your Honor.  Eric

14  Monzo, counsel for Vector Consulting.

15           The issues with regard to the documents and I'll

16  just jump right to the issue, the documents, as well as, Ms.

17  Belton's testimony, I think are rather clear.  The documents

18  that they seek to, I guess, preclude are documents that were

19  produced either as part of their discovery to us, between

20  the parties, between the debtor and the defendant or also

21  the documents that were sent from -- during discovery from

22  us.  For example, he mentioned the timesheets and invoices

23  that were sent as part of the expert disclosure, so expert

24  -- so they've had them for over a year.

25           With regard to Ms. Belton's testimony,

1  Ms. Belton --

2          THE COURT:  Well if you attach documents in

3  support of your expert's testimony, that doesn't mean those

4  documents are admissible.  But your point is they would

5  satisfy the discovery standards?

6          MR. MONZO:  Well I think their argument is that

7  well we -- these documents should not come in.  And we'll

8  authenticate the documents and that's the point of Ms.

9  Belton's testimony is to authenticate some of the documents.

10 But the issue with regard to disclosure of those documents,

11 one they're between the parties so they did have access to

12 those documents.  And two, they were produced during the

13 discovery period.

14         THE COURT:  Right.

15         MR. MONZO:  So that's the argument with regard to

16 the documents.  Now Ms. Belton's testimony, we're simply

17 going to offer her to authenticate documents that were

18 produced from them.  Emails were exchanged as part of, I

19 believe, through their accounts receivable, accounts payable

20 file.  And if there's an issue with regard to those

21 documents, she will come in and she'll fly from Georgia to

22 Delaware to testify to the authenticity of those documents

23 because --

24         THE COURT:  Well, in the event that I find

25 something in the case to be ambiguous say in the email --

1            MR. MONZO:  Um-hum.

2            THE COURT:  -- do you intend to offer her as a

3    witness in connection with resolving the ambiguity?

4            MR. MONZO:  As far as the interpretation of the

5    emails?

6            THE COURT:  Yes.

7            MR. MONZO:  Your Honor, if -- we don't believe

8    there's any ambiguity to the email, but if Your Honor would

9    find, then Ms. Belton would be the person that could testify

10   or there could be other individuals at Vector that could

11   testify to that point that were listed in the initial

12   disclosures, that were listed as part of the discovery

13   response and so on.

14           THE COURT:  All right.

15           MR. MONZO:  So Ms. Belton's testimony, we

16   believe, is simply -- and she's an employee of Vector.  She

17   sent emails.  And she could testify as to those emails if

18   Your Honor would be so inclined.  And if they want to take

19   their deposition, I realize, you know, the trial's on

20   Friday, but if we want to take their deposition prior to

21   trial, we can certainly do that.

22           THE COURT:  Okay.  I understand.

23           MR. MONZO:  So all -- both of these issues, Your

24   Honor, I believe, are simple.

25           THE COURT:  All right.

1          MR. MONZO:  Thanks.

2          THE COURT:  Very good.  Reply?

3          MR. SCHNITZER:  Your Honor, just to reiterate,

4    the new value invoice, yes, it was produced as you know, but

5    with the expert disclosures which has not -- which is when

6    fact discovery was long closed.  The scheduling order, you

7    know, had two periods.

8          THE COURT:  Um-hum.

9          MR. SCHNITZER:  There was the fact discovery and

10   then the expert discovery.

11         And lastly, again as to Ms. Belton as to what you

12   just heard, I think there's no question there -- let me back

13   up from that.  There could be argued that there is an

14   ambiguity only because we think they mean one thing and they

15   think they mean something else so I think this Court could

16   have a question about that.  I think, Your Honor, it would

17   be our position that to allow her to testify as to what she

18   believes they mean when this witness was clearly not

19   identified, clearly known to them --

20         THE COURT:  All right.

21         MR. SCHNITZER:  -- since she works for them.

22         THE COURT:  Okay.

23         MR. SCHNITZER:  Thank you, Your Honor.

24         THE COURT:  I will not exclude the documents

25   identified based on the argument that they were not timely

1    produced, et cetera.  For those purposes, if there is no

2    other issue, they'll be admissible.  I am not making any

3    ruling on their admissibility for any other reason or any

4    other objection.

5              In connection with Ms. Belton's testimony, I will

6    allow it, but solely to the issue of authentication.  I will

7    not allow any substantive testimony in connection with what

8    she thinks anything might mean.  As I'm doing that, I fully

9    expect the parties will be able to reach some sort of

10   stipulation that the documents are authenticated and would

11   be admissible, however, that would also preserve any other

12   substantive objections as to their admissibility other than

13   the fact that they are what they purport to be which is

14   emails by one party to another and that they would, to the

15   extent -- how do we deal with the hearsay objections?  Are

16   you going to have a hearsay objection?

17             MR. SCHNITZER:  Well, Your Honor, subject to the

18   parties working something out, what I would suggest and

19   consistent with your ruling as to what you would allow Ms.

20   Belton to testify as to, I would suggest that the parties

21   agree to waive all hearsay objections as to the emails, but

22   obviously that's my suggestion --

23             THE COURT:  Right.

24             MR. SCHNITZER:  -- before Mr. Monzo has a chance

25   to consider that.

1          THE COURT:  Well -- right.  To the extent there

2   is a hearsay objection that she can deal with, I would allow

3   her to testify in connection with whatever the hearsay

4   objection might be.  And again, that would go to simply

5   dealing with whatever exceptions may apply, business

6   records, et cetera, admission of a party opponent, et

7   cetera.  If you can agree to that everything is going to be

8   admissible or at least that there will be no hearsay

9   objections and no authentication objections, she doesn't

10  need to come here because that would be the only testimony I

11  would allow her to present.

12          MR. MONZO:  And, Your Honor, that's the only

13  reason that she'd be offered.

14          THE COURT:  All right.

15          MR. SCHNITZER:  Can I just have one clarification

16  and then one further small issue that just came up?

17          THE COURT:  Yes, sir.

18          MR. SCHNITZER:  I realize when you say with

19  respect to hearsay objections, would that be both sides

20  because there's part of the email which they could object to

21  as hearsay, could I also then use Ms. Belton to cure that,

22  if necessary?  You mentioned admission by a party opponent.

23  I believe one of the emails has that.  In theory, I might

24  need to prove that she qualifies for that.

25          THE COURT:  Well if any -- if we're dealing with

1    anything, any communication from defendant to plaintiff that

2    you object to on the grounds of hearsay, and to the extent

3    they contest that, yes, I think it would fair for you to be

4    in a position to make an argument as to what's hearsay or

5    not.  And they would be having to deal with whatever defense

6    to the hearsay argument exists.  So that would be sort of

7    their burden.  And she would be available to do that in

8    connection with documents you produced to them that you

9    would have a hearsay objection to?  I'm confused.

10              MR. SCHNITZER:  Your Honor, the emails go both

11    ways.  There will be an email from Ms. Belton --

12              THE COURT:  Right.

13              MR. SCHNITZER:  -- to American Home.

14              THE COURT:  Right.  You're not going to object

15    that your client's statements or the predecessor of your

16    client's statements are hearsay?  That would be up to them

17    to make a hearsay argument.

18              MR. SCHNITZER:  Correct.  If I try to bring it

19    in, Your Honor.

20              THE COURT:  Um-hum.

21              MR. SCHNITZER:  We're on -- this may be

22    interesting in that we'd probably want in some of what they

23    wrote in emails, and they want what we wrote as emails.  So

24    I just --

25              THE COURT:  Well if they wrote an email that's

1   contrary to the argument they're making or arguably, then

2   it's admission of a party opponent.  I don't think there's -

3   - why don't you try to work out the hearsay stuff because I

4   think, I'm 99 percent sure you'll be able to work out 99

5   percent of the issues.  And if you do that and if you work

6   out authentication, I don't think Ms. Belton's testimony is

7   relevant.

8           MR. SCHNITZER:  Understood, Your Honor.  The

9   second issue I wanted to raise just because I realize Mr.

10  Monzo raised it when he was here, he talked about other

11  witnesses and I'm a little surprised by that.

12          THE COURT:  Well who are the witnesses that the

13  parties have identified?

14          MR. SCHNITZER:  They have identified their CEO,

15  and they have identified their purported expert, and then

16  they have identified Ms. Belton.  It was my understanding

17  that those would be the only possible three people that they

18  could call as witnesses.

19          THE COURT:  Let me hear.  Is that right?

20          MR. MONZO:  That's right.  Your Honor, there

21  aren't any other witnesses.

22          THE COURT:  All right.

23          MR. MONZO:  Those individuals can certainly

24  testify to the issues that are going to be before Your

25  Honor.

1          THE COURT:  All right.  So we have the CEO, the

2   expert, and Ms. Belton for a very narrow issue to the extent

3   you can't resolve those issues.  And on your side we have?

4          MR. SCHNITZER:  If necessary, we have a witness,

5   Belinda Jones who is a current former account payable

6   person.

7          THE COURT:  All right.  Okay.  All right.  I

8   think that resolves that.  And we have a trial date of

9   Friday.  Is there anything we need to deal with otherwise

10  between now and Friday?

11          MR. SCHNITZER:  No, Your Honor, not that I'm

12  aware of.

13          THE COURT:  Okay.

14          MR. MONZO:  No.

15          THE COURT:  And then the other one is Trade

16  Show --

17          MR. SCHNITZER:  Trade Show Fabrications, Your

18  Honor.

19          THE COURT:  Right.

20          MR. SCHNITZER:  That one is scheduled for trial

21  on October 3, so not as soon as Vector.

22          THE COURT:  Is there someone here on behalf of

23  Trade Show?

24          MR. MONZO:  Your Honor --

25          THE COURT:  Oh, you're there.

1          MR. MONZO:  -- it's my office as well.

2          THE COURT:  Okay.  So any open issues there?

3          MR. SCHNITZER:  Yes, Your Honor.  The main open

4    issue I would say is this.  The parties as required under

5    your rules, we did provide to them a draft during pretrial

6    memorandum.  We through various iterations of it.  You have

7    the final product before you.

8          THE COURT:  Um-hum.

9          MR. SCHNITZER:  Your Honor, we still have

10   concerns regarding it.  And rather than submit two competing

11   joint pretrial memorandums which would perhaps defeat the

12   purpose of it being called joint --

13         THE COURT:  I think it would.

14                    (Laughter)

15         MR. SCHNITZER:  -- we agreed to do it the

16   following way, but we have, I guess objections, concerns

17   that we wanted to bring to this Court's attention because we

18   think if these concerns can be dealt with today, the trial

19   on October 3 would be a lot quicker.

20         THE COURT:  Okay.  So what are they?

21         MR. SCHNITZER:  The concerns is a refusal, in our

22   opinion, of Trade Show to agree to certain facts as

23   undisputed.  And these are facts that were essentially found

24   by you at the hearing on summary judgment.  If you recall,

25   Your Honor, you granted summary judgment in our favor on

1  certain issues.

2          THE COURT:  Um-hum.

3          MR. SCHNITZER:  Those issues were our 547(b) case

4  on all the transfers except for one.

5          THE COURT:  Um-hum.

6          MR. SCHNITZER:  On the one transfer, you granted

7  on all the issues except for antecedent debt.  Despite that,

8  they have not allowed us to put as an undisputed fact the

9  fact that the payments were antecedent debt.  They have not

10  allowed us to put as an undisputed fact, the fact that the

11  payments were from a bank account maintained by the debtor.

12          THE COURT:  Well I withheld summary judgment on

13  antecedent debt.

14          MR. SCHNITZER:  Just on the one invoice, the

15  large invoice.

16          THE COURT:  Okay.

17          MR. SCHNITZER:  But the small ones you did not.

18  We wanted the small ones as undisputed.  We wanted the fact

19  that the money was from the debtor which again if you recall

20  this is the one where they said, well no, our business was

21  with American Brokers Conduit, not American Home, even

22  though they're the same company.

23          THE COURT:  But I've ruled that you've satisfied

24  everything in connection with 547(b) other than that one

25  piece.

1              MR. SCHNITZER:  Correct.  On that one transfer.

2              THE COURT:  On that one piece solely to the

3    antecedent debt issue.

4              MR. SCHNITZER:  Correct.

5              THE COURT:  Well how can that not be undisputed?

6              MR. MONZO:  Your --

7              THE COURT:  Well maybe it's disputed, but I've

8    ruled.  I mean, maybe that's the point.

9              MR. MONZO:  That's right.  Your Honor, you ruled

10   on it.  It doesn't need to be in the pretrial as far as an

11   undisputed fact.  Your Honor's ruling is Your Honor's

12   ruling.

13             THE COURT:  All right.

14             MR. MONZO:  And we'll leave it at that.

15             THE COURT:  Well I think you're there on 547(b)

16   by my previous ruling.  And that's res judicata at least in

17   connection with those issues for trial, but they're fully

18   preserved for appeal purposes.

19             MR. MONZO:  Thank you, Your Honor.

20             THE COURT:  Is that sufficient?

21             MR. SCHNITZER:  That's fine, Your Honor.  I guess

22   we just wanted to be clear, like I said.  And if you look at

23   the joint pretrial memorandum, 1 through 10, in our opinion

24   are ones already covered by your order so it's our opinion

25   at least at trial we do not have to prove those because

1  those have already been --

2           THE COURT:  Well I've already ruled.  Yeah, you

3  don't have to prove any of them at trial because the Court's

4  already made a ruling.

5           MR. SCHNITZER:  Okay.  Then there are no issues

6  other than that that I know of, Your Honor, with Trade Show.

7  Thank you.

8           THE COURT:  Very good.  Anything for the

9  defendant?

10          MR. MONZO:  I don't believe so, Your Honor.

11          THE COURT:  Great, all right.  Anything else for

12 today?

13          MR. SCHNITZER:  Nothing, Your Honor.

14          THE COURT:  Okay.  See you on Friday and see you

15 in October.

16          MR. SCHNITZER:  Thank you, Your Honor.

17          THE COURT:  Very good.  Thank you so much for

18 your presentation.  I have another matter where I had to

19 leave in about ten minutes, so I appreciate you helping me

20 get there.  All right.  We're adjourned.

21

1    (Whereupon, at 10:24 a.m., the hearing was adjourned.)

2

3                          CERTIFICATION

4         I certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____          20 September 2011

10   Traci L. Calaman, Transcriber              Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| 07-11047(css) 1:4 | | asked(2) 7:3 7:15 | | conference(2) 3:15 3:22 | | documents(28) 4:20 4:24 5:17 6:1 6:4 |
| 09-51611(css) 1:28 | | attach(1) 11:2 | | conferences(1) 3:11 | | 6:23 7:4 7:24 8:9 10:15 10:16 10:17 |
| 09-52300(css) 1:16 | | attention(1) 19:17 | | confused(1) 16:9 | | 10:18 10:21 11:2 11:4 11:7 11:8 11:9 |
| a.m(3) 1:14 3:1 23:1 | | authenticate(4) 7:20 11:8 11:9 11:17 | | conjunction(1) 9:16 | | 11:10 11:12 11:16 11:17 11:21 11:22 |
| able(2) 14:9 17:4 | | authenticated(1) 14:10 | | connection(8) 6:8 12:3 14:5 14:7 15:3 | | 13:24 14:10 16:8 |
| about(6) 8:11 8:21 9:12 13:16 17:10 22:19 | | authentication(4) 8:8 14:6 15:9 17:6 | | 16:8 20:24 21:17 | | |
| aboventitled (1) 23:6 | | authenticity(1) 11:22 | | | | doesn't(3) 11:3 15:9 21:10 |
| abraham(1) 9:4 | | available(1) 16:7 | | consider(1) 14:25 | | doing(1) 14:8 |
| access(1) 11:11 | | avenue(2) 1:45 2:6 | | consistent(1) 14:19 | | don't(8) 3:24 8:13 12:7 17:2 17:3 17:6 |
| account(2) 18:5 20:11 | | aware(1) 18:12 | | consulting(3) 1:32 3:16 10:14 | | 22:3 22:10 |
| accounts(2) 11:19 11:19 | | back(2) 7:18 13:12 | | contest(1) 16:3 | | |
| accurate(1) 8:2 | | bank(1) 20:11 | | continued(1) 2:2 | | draft(1) 19:5 |
| adjourned(2) 22:20 23:1 | | bankruptcy(2) 1:1 1:38 | | contrary(1) 17:1 | | during(3) 10:21 11:12 19:5 |
| administered(1) 1:5 | | based(1) 13:25 | | copies(1) 7:18 | | earlier(1) 6:6 |
| admissibility(2) 14:3 14:12 | | because(14) 4:22 5:4 5:6 5:8 6:4 11:23 | | copy(2) 8:2 8:17 | | ecro(1) 1:49 |
| admissible(4) 11:4 14:2 14:11 15:8 | | 13:14 15:10 15:20 17:3 17:9 19:17 21:25 | | correct(13) 4:3 4:4 5:16 5:21 6:10 6:13 | | edward(2) 1:43 3:5 |
| admission(3) 15:6 15:22 17:2 | | 22:3 | | 6:15 7:20 8:14 16:18 21:1 21:4 23:4 | | either(2) 4:23 10:19 |
| admit(2) 8:20 10:4 | | been(2) 7:2 22:1 | | | | electronic(1) 1:57 23:5 |
| adv(2) 1:16 1:28 | | before(5) 1:37 3:10 14:24 17:24 19:7 | | could(12) 8:14 8:19 12:9 12:10 12:10 | | else(3) 8:18 13:15 22:11 |
| adversaries(2) 3:17 3:23 | | behalf(2) 3:6 18:22 | | 12:17 13:13 13:15 15:20 15:21 17:18 | | email(7) 8:2 9:2 11:25 12:8 15:20 16:11 |
| adversary(3) 3:11 3:15 3:16 | | being(1) 19:12 | | | | 16:25 |
| affirmatively(1) 9:17 | | believe(11) 5:5 5:6 5:7 5:8 9:25 11:19 | | counsel(2) 10:4 10:14 | | |
| again(5) 7:16 10:3 13:11 15:4 20:19 | | 12:7 12:16 12:24 15:23 22:10 | | court(83) 1:1 3:2 3:3 3:13 3:20 4:1 4:2 | | emails(19) 7:23 8:13 8:20 9:4 9:6 9:9 |
| against(4) 1:18 1:30 3:11 3:16 | | | | 4:6 4:9 4:12 4:15 5:1 5:10 5:15 5:19 5:22 | | 9:10 9:14 10:7 11:18 12:5 12:17 12:17 |
| agree(4) 8:15 14:21 15:7 19:22 | | believes(1) 13:18 | | 6:7 6:11 6:14 6:16 7:19 8:7 8:15 8:25 | | 14:14 14:21 15:23 16:10 16:23 16:23 |
| agreed(1) 19:15 | | belinda(1) 18:5 | | 9:3 9:21 9:23 10:2 10:7 10:11 11:2 11:14 | | |
| agreement(1) 8:15 | | belton(14) 7:9 8:22 9:4 9:7 9:23 10:8 | | 11:24 12:2 12:6 12:14 12:22 12:25 13:2 | | employee(2) 7:10 12:16 |
| all(27) 3:2 4:15 5:1 5:10 5:22 6:11 6:22 | | 11:1 12:9 13:1 14:11 14:20 15:21 16:11 17:16 | | 13:8 13:15 13:20 13:22 13:24 14:23 15:1 | | eric(2) 2:5 10:13 |
| 7:4 8:1 8:20 9:3 10:2 12:14 12:23 12:25 | | 18:2 | | 15:14 15:17 15:25 16:12 16:14 16:20 | | esq(5) 1:43 1:44 2:5 2:11 2:19 |
| 13:20 14:21 15:14 17:22 18:1 18:7 18:7 | | belton's(7) 10:17 10:25 11:9 11:16 12:15 | | 16:25 17:12 17:19 17:22 18:1 18:7 18:13 | | essentially(1) 19:23 |
| 20:4 20:7 21:13 22:11 22:20 | | 14:5 17:6 | | 18:15 18:19 18:22 18:25 19:2 19:9 19:13 | | even(2) 7:25 20:21 |
| | | | | 19:20 20:2 20:5 20:12 20:16 20:23 21:2 | | event(1) 11:24 |
| allow(6) 13:17 14:6 14:7 14:19 15:2 15:11 | | between(4) 10:19 10:20 11:11 18:10 | | 21:5 21:7 21:13 21:15 21:20 22:2 22:8 | | ever(1) 9:9 |
| allowed(3) 5:8 20:8 20:10 | | blank(1) 2:10 | | 22:11 22:14 22:17 | | everything(2) 15:7 20:24 |
| alone(1) 8:6 | | both(8) 3:17 3:23 4:3 4:5 7:24 12:23 | | | | example(1) 10:22 |
| already(4) 21:24 22:1 22:2 22:4 | | 15:19 16:10 | | court's(2) 19:17 22:3 | | except(2) 20:4 20:7 |
| also(4) 7:15 10:20 14:11 15:21 | | | | courtroom(1) 1:9 | | exceptions(1) 15:5 |
| ambiguity(3) 12:3 12:8 13:14 | | bring(2) 16:18 19:17 | | covered(1) 21:24 | | exchange(1) 3:18 |
| ambiguous(1) 11:25 | | brokers(1) 20:21 | | cure(1) 15:21 | | exchanged(3) 7:18 7:23 11:18 |
| american(7) 1:13 1:25 3:7 9:11 16:13 | | burden(1) 16:7 | | current(1) 18:5 | | exclude(1) 13:24 |
| 20:21 20:21 | | business(2) 15:5 20:20 | | data(1) 1:51 | | excuse(1) 6:7 |
| | | but(19) 5:6 6:24 7:19 8:22 9:13 9:19 10:8 | | date(1) 18:8 | | exists(1) 16:6 |
| among(1) 8:15 | | 11:4 11:10 12:8 12:20 13:4 14:6 14:21 | | dates(2) 4:3 4:5 | | expect(1) 14:9 |
| and(68) 3:14 3:18 5:17 5:17 5:23 6:3 6:7 | | 19:16 20:17 20:23 21:7 21:17 | | day(1) 3:25 | | expert(6) 6:20 6:21 10:23 10:23 13:5 |
| 6:11 6:14 6:19 7:3 7:4 7:4 7:22 7:24 7:25 | | | | deal(5) 5:22 14:15 15:2 16:5 18:9 | | 13:10 17:15 18:2 |
| 8:11 8:11 8:18 8:20 9:3 9:9 9:15 9:17 | | calendar(1) 3:9 | | dealing(2) 15:5 15:25 | | |
| 10:4 10:6 10:15 10:20 10:22 11:7 11:8 | | call(6) 4:2 8:6 10:6 17:18 | | dealt(1) 19:18 | | expert's(1) 11:3 |
| 11:12 11:20 11:21 12:12 12:16 12:17 | | called(1) 19:12 | | debt(4) 20:7 20:9 20:13 21:3 | | experts(1) 6:22 |
| 12:18 13:9 13:11 13:14 14:10 14:14 14:18 | | came(1) 15:16 | | debtor(3) 10:20 20:11 20:19 | | explain(1) 8:23 |
| 15:4 15:9 15:12 15:16 16:2 16:5 16:7 | | can(9) 8:21 8:22 12:21 15:2 15:7 15:15 | | debtors(1) 1:10 | | explained(1) 9:18 |
| 16:23 17:5 17:5 17:11 17:15 17:15 18:2 | | 17:23 19:18 21:5 | | defeat(1) 19:11 | | explains(1) 5:13 |
| 18:3 18:8 18:10 18:15 19:10 19:23 21:14 | | | | defendant(8) 1:22 1:34 5:17 5:24 6:18 | | extent(4) 14:15 15:1 16:2 18:2 |
| 21:16 21:22 22:14 | | can't(1) 18:3 | | 10:20 16:1 22:9 | | fabrications(4) 1:20 3:12 4:10 18:17 |
| | | case(1) 1:4 8:19 11:25 20:3 | | | | face(1) 9:1 |
| another(2) 14:14 22:18 | | categories(2) 4:18 6:1 | | defendant's(1) 6:8 | | fact(13) 7:1 7:24 8:18 9:16 13:6 13:9 |
| antecedent(4) 20:7 20:9 20:13 21:3 | | category(2) 4:19 7:7 | | defense(2) 6:9 16:5 | | 14:13 20:8 20:9 20:10 20:10 20:18 21:11 |
| anticipation(1) 5:5 | | ceo(2) 17:14 18:1 | | defer(1) 4:1 | | |
| any(13) 4:16 9:9 12:8 14:2 14:3 14:3 14:7 | | certain(2) 19:22 20:1 | | defined(1) 9:6 | | facts(2) 19:22 19:23 |
| 14:11 15:25 16:1 17:21 19:2 22:3 | | certainly(2) 12:21 17:23 | | delaware(5) 1:2 1:11 2:6 3:1 11:22 | | failed(2) 9:9 9:15 |
| | | certification(1) 23:3 | | deposition(3) 9:21 12:19 12:20 | | failure(2) 4:23 4:24 |
| anything(8) 8:16 9:15 9:18 14:8 16:1 18:9 | | certify(1) 23:4 | | despite(1) 20:7 | | fair(1) 16:3 |
| 22:8 22:11 | | cetera(3) 14:1 15:6 15:7 | | diaz(1) 1:51 | | far(2) 12:4 21:10 |
| | | chambers(1) 4:4 | | did(8) 3:17 3:18 9:23 9:25 10:4 11:11 | | favor(1) 19:25 |
| appeal(1) 21:18 | | chance(2) 10:5 14:24 | | 19:5 20:17 | | file(2) 9:11 11:20 |
| appearances(1) 2:16 | | chapter(1) 1:7 | | | | filed(1) 3:21 |
| apply(1) 15:5 | | christopher(1) 1:37 | | different(1) 5:4 | | files(2) 9:11 9:18 |
| appreciate(1) 22:19 | | clarification(1) 15:15 | | disclose(1) 4:23 | | final(2) 3:18 19:7 |
| are(21) 3:10 3:23 4:15 4:20 6:8 7:24 9:10 | | clear(2) 10:17 21:22 | | disclosure(2) 10:23 11:10 | | find(3) 9:23 11:24 12:9 |
| 10:17 10:18 11:4 12:24 14:10 14:13 14:1 | | clearly(3) 7:3 13:18 13:19 | | disclosures(4) 7:11 8:4 12:12 13:5 | | fine(1) 21:21 |
| 16:16 17:12 17:24 19:20 19:23 21:24 22:3 | | client's(2) 16:15 16:16 | | discovery(14) 4:24 6:5 6:20 7:1 7:2 9:13 | | first(2) 6:2 7:17 |
| | | clock(1) 3:3 | | 10:19 10:21 11:5 11:13 12:12 13:6 13:9 | | firstly(1) 6:3 |
| aren't(1) 17:21 | | closed(2) 7:1 13:6 | | 13:10 | | fly(1) 11:21 |
| arguably(1) 17:1 | | come(6) 3:18 8:21 10:8 11:7 11:21 15:16 | | discuss(3) 3:24 3:25 10:5 | | following(1) 19:16 |
| argue(1) 9:8 | | communication(1) 16:1 | | dispute(1) 8:7 | | for(37) 1:2 1:42 2:4 2:10 2:18 4:2 4:5 4:7 |
| argued(2) 6:18 13:13 | | company(1) 20:22 | | disputed(1) 21:7 | | 4:11 4:13 5:19 6:20 7:3 7:5 7:15 8:14 |
| argument(8) 5:14 11:6 11:15 13:25 16:4 | | competing(1) 19:10 | | district(1) 1:2 | | 8:21 8:22 9:1 9:5 10:14 10:22 10:24 |
| 16:6 16:17 17:1 | | concern(1) 8:11 | | | | 13:21 14:1 14:3 14:13 16:3 18:20 |
| | | concerns(5) 10:10 19:10 19:16 19:18 19:21 | | | | 20:4 20:7 21:17 21:18 22:3 22:21 22:21 |
| arguments(1) 6:18 | | conduit(1) 20:21 | | | | foregoing(1) 23:4 |

| Word | Page:Line |
|------|-----------|
| former(1) 18:5 | |
| found(1) 19:23 | |
| friday(8) 4:8 4:13 9:12 10:5 12:20 18:9 18:10 22:14 | |
| from(17) 3:6 5:23 9:4 9:10 9:15 9:18 10:9 10:21 10:21 11:18 11:21 13:13 16:1 16:1 20:11 20:19 23:5 | |
| full(1) 8:17 | |
| fully(2) 14:8 21:17 | |
| further(1) 15:16 | |
| gave(1) 6:21 | |
| georgia(1) 11:21 | |
| get(2) 5:10 22:20 | |
| give(1) 5:23 | |
| given(1) 4:5 | |
| goes(1) 9:6 | |
| going(8) 8:6 8:12 9:24 11:17 14:16 15:7 16:14 17:24 | |
| good(5) 3:5 10:13 13:2 22:8 22:17 | |
| granted(2) 19:25 20:6 | |
| great(1) 22:11 | |
| grounds(1) 16:2 | |
| group(1) 4:18 | |
| guess(3) 10:18 19:16 21:21 | |
| guilfoyle(1) 2:11 | |
| had(6) 4:4 6:18 10:5 10:24 13:7 22:18 | |
| hahn(3) 1:42 2:18 3:6 | |
| handle(1) 3:22 | |
| happy(1) 3:9 | |
| harrisburg(1) 1:53 | |
| has(3) 13:5 14:24 15:23 | |
| have(39) 3:9 3:17 4:21 5:4 5:7 7:2 7:23 8:5 8:8 8:10 8:18 8:20 9:2 9:10 9:15 9:22 9:22 11:11 13:16 14:16 15:15 16:9 17:13 17:14 17:15 17:16 18:1 18:3 18:4 18:8 19:6 19:9 19:16 20:8 20:9 21:25 22:1 22:3 22:18 | |
| haven't(1) 10:5 | |
| having(1) 16:5 | |
| hear(4) 4:1 5:23 9:12 17:19 | |
| heard(1) 13:12 | |
| hearing(3) 19:24 23:1 | |
| hearsay(17) 8:8 10:8 14:1 14:15 14:16 14:21 15:2 15:3 15:8 15:19 15:21 16:2 16:4 16:6 16:9 16:16 16:17 17:3 | |
| helping(1) 22:19 | |
| her(12) 7:17 8:5 9:9 9:15 9:17 9:18 9:21 11:17 12:2 13:17 15:3 15:11 | |
| here(4) 9:13 15:10 17:10 18:22 | |
| hessen(3) 1:42 2:18 3:6 | |
| holding(1) 1:14 | |
| holdings(1) 1:8 | |
| home(6) 1:7 1:13 1:25 3:7 16:13 20:21 | |
| homes(1) 9:11 | |
| honor(59) 3:5 3:8 3:17 3:21 4:4 4:17 4:20 5:12 5:21 5:25 6:6 6:13 6:18 6:25 7:3 7:5 7:7 7:18 7:22 8:3 8:10 8:14 8:18 8:19 9:2 9:5 9:20 9:22 10:1 10:3 10:12 10:13 12:7 12:8 12:18 12:24 13:3 13:16 13:23 14:17 15:12 16:10 16:19 17:8 17:20 17:25 18:11 18:18 18:24 19:3 19:9 19:25 21:9 21:19 21:21 22:6 22:10 22:12 23:16 | |
| honor's(2) 21:11 21:11 | |
| honorable(1) 1:37 | |
| how(4) 3:22 5:5 14:15 21:5 | |
| however(1) 14:11 | |
| i'll(3) 4:18 5:23 10:15 | |
| i'm(8) 3:9 3:21 7:24 14:8 16:9 17:4 17:11 18:11 | |
| i've(3) 20:23 21:7 22:2 | |

| Word | Page:Line |
|------|-----------|
| identified(14) 6:1 7:8 7:13 7:13 7:14 7:16 7:17 8:5 13:19 13:25 17:13 17:14 17:15 17:16 | |
| identity(1) 4:23 | |
| inc(2) 1:8 1:32 | |
| inc.(1) 1:20 | |
| inclined(1) 12:18 | |
| included(2) 6:20 9:11 | |
| including(1) 6:24 | |
| individuals(2) 12:10 17:23 | |
| inform(1) 3:9 | |
| information(1) 6:22 | |
| initial(3) 7:11 8:3 12:11 | |
| instances(1) 4:3 | |
| intend(1) 12:2 | |
| interesting(1) 16:22 | |
| interpret(1) 8:13 | |
| interpretation(2) 8:12 12:4 | |
| interrogatories(3) 7:15 7:15 8:4 | |
| into(1) 4:18 | |
| invoice(4) 6:25 13:4 20:14 20:15 | |
| invoices(6) 6:3 6:3 6:11 6:19 7:4 10:22 | |
| issue(13) 5:3 5:3 5:19 10:16 11:10 11:20 14:2 14:6 15:16 17:9 18:2 19:4 21:3 | |
| issues(15) 3:24 4:15 4:17 10:6 10:15 12:23 17:5 17:24 18:3 19:2 20:1 20:3 20:7 21:17 22:5 | |
| it's(9) 3:14 4:12 8:12 8:14 9:1 17:2 19:1 21:7 21:24 | |
| iterations(1) 19:6 | |
| its(1) 5:13 | |
| james(1) 2:4 | |
| jeff(1) 1:44 | |
| joint(6) 3:18 5:13 7:8 19:11 19:12 21:23 | |
| jointly(1) 1:5 | |
| jones(1) 18:5 | |
| joseph(1) 2:19 | |
| judge(2) 1:37 1:38 | |
| judgment(4) 6:18 19:24 19:25 20:12 | |
| judicata(1) 21:16 | |
| jump(1) 10:16 | |
| just(16) 4:19 5:3 7:19 8:11 8:20 8:22 9:1 10:16 13:3 13:12 15:15 15:16 16:24 17:9 20:14 21:22 | |
| kind(1) 9:7 | |
| know(9) 3:24 6:6 6:17 7:4 7:11 12:19 13:4 13:7 22:6 | |
| knowledge(1) 8:5 | |
| known(1) 13:19 | |
| large(1) 20:15 | |
| last(6) 5:5 5:6 9:3 9:8 9:17 10:1 | |
| lastly(1) 13:11 | |
| late(1) 10:5 | |
| laughter(1) 19:14 | |
| least(4) 10:9 15:8 21:16 21:25 | |
| leave(2) 21:14 22:19 | |
| leslie(1) 1:49 | |
| let(5) 4:2 4:19 8:5 13:12 17:19 | |
| let's(4) 3:4 4:12 5:10 5:22 | |
| letter(1) 6:21 | |
| like(5) 4:1 7:5 7:9 9:19 21:22 | |
| list(1) 7:21 | |
| listed(3) 7:24 12:11 12:12 | |
| little(1) 17:11 | |
| llp(3) 1:42 2:4 2:18 | |
| long(2) 5:5 13:6 | |
| longer(1) 5:6 | |
| look(1) 21:22 | |
| looking(1) 4:2 | |
| lot(1) 19:19 | |
| made(1) 22:4 | |
| madison(1) 1:45 | |
| main(1) 19:3 | |
| maintained(1) 20:11 | |

| Word | Page:Line |
|------|-----------|
| make(2) 16:4 16:17 | |
| making(2) 14:2 17:1 | |
| many(6) 6:24 7:23 | |
| market(2) 1:10 2:12 | |
| matter(3) 8:21 22:18 23:6 | |
| matters(1) 3:8 | |
| may(3) 6:5 15:5 16:21 | |
| maybe(3) 8:11 21:7 21:8 | |
| mean(6) 11:3 13:14 13:15 13:18 14:8 21:8 | |
| means(1) 8:17 | |
| meant(1) 8:23 | |
| memorandum(6) 3:19 4:22 6:2 7:8 19:6 21:23 | |
| memorandum(1) 19:11 | |
| mentioned(2) 10:22 15:22 | |
| merican(1) 1:7 | |
| might(3) 14:8 15:4 15:23 | |
| minutes(1) 22:19 | |
| monday(2) 3:1 4:11 | |
| money(1) 20:19 | |
| monzo(24) 2:5 10:13 10:14 11:6 11:15 12:1 12:4 12:7 12:15 13:23 13:1 14:24 15:12 17:10 17:20 17:23 18:14 18:24 19: 21:6 21:9 21:14 21:19 22:10 | |
| morning(3) 3:4 3:5 10:13 | |
| morris(1) 2:4 | |
| mortgage(3) 1:7 1:14 1:26 | |
| much(1) 22:17 | |
| murin(1) 1:49 | |
| names(1) 7:16 | |
| naming(1) 9:16 | |
| narrow(1) 18:2 | |
| necessary(2) 15:22 18:4 | |
| need(4) 15:10 15:24 18:9 21:10 | |
| never(1) 9:17 | |
| new(5) 1:46 6:3 6:8 7:4 13:4 | |
| nor(1) 9:18 | |
| not(31) 3:22 6:4 6:5 6:25 7:6 7:12 7:13 7:16 7:25 8:16 8:18 9:2 9:20 11:7 13:5 13:18 13:24 13:25 14:2 14:7 16:5 16:14 18:11 18:21 20:8 20:9 20:17 20:21 21:5 21:25 | |
| note(1) 5:3 | |
| noted(1) 4:21 | |
| nothing(2) 8:18 22:13 | |
| now(3) 5:23 11:16 18:10 | |
| object(4) 4:22 15:20 16:2 16:14 | |
| objection(7) 8:8 10:8 14:4 14:16 15:2 15:4 16:9 | |
| objections(7) 14:12 14:15 14:21 15:9 15:9 15:19 19:16 | |
| obviously(2) 7:3 14:22 | |
| october(4) 4:11 18:21 19:19 22:15 | |
| offer(2) 11:17 12:2 | |
| offered(1) 15:13 | |
| office(1) 19:1 | |
| okay(16) 3:21 4:6 4:9 4:12 6:16 8:25 10:11 12:22 13:22 18:7 18:13 19:2 19:20 20:16 22:5 22:14 | |
| one(24) 3:9 3:11 4:19 4:19 6:19 6:24 7:10 8:13 8:13 11:11 13:14 14:14 15:15 15:16 15:23 18:15 18:20 20:4 20:6 20:14 20:20 20:24 21:1 21:2 | |
| ones(4) 9:10 20:17 20:18 21:24 | |
| only(9) 3:10 4:17 5:2 5:8 5:19 13:14 15:10 15:12 17:17 | |
| open(5) 4:15 4:17 5:19 19:2 19:3 | |
| opinion(3) 19:22 21:23 21:24 | |
| opponent(3) 15:6 15:22 17:2 | |
| orbach(1) 2:19 | |
| order(5) 7:12 8:15 10:7 13:6 21:24 | |

| Word | Page:Line |
|------|-----------|
| originally(1) 3:8 | |
| other(13) 3:14 5:3 12:10 14:2 14:3 14:4 14:11 14:12 17:10 17:21 18:15 20:24 22:6 | |
| otherwise(1) 18:9 | |
| our(13) 4:21 5:25 6:5 7:2 9:5 10:10 13:17 19:21 19:25 20:3 20:20 21:23 21:24 | |
| out(6) 9:23 10:4 14:18 17:3 17:4 17:6 | |
| over(1) 10:24 | |
| own(1) 9:18 | |
| package(1) 6:20 | |
| packet(1) 6:23 | |
| page(2) 5:12 5:18 | |
| part(6) 8:11 10:19 10:23 11:18 12:12 | |
| parties(13) 3:17 5:4 7:23 8:16 8:20 10:7 10:20 11:11 14:9 14:18 14:20 17:13 19:4 | |
| party(4) 14:14 15:6 15:22 17:2 | |
| payable(2) 11:19 18:5 | |
| payments(2) 20:9 20:11 | |
| pennsylvania(1) 1:53 | |
| people(2) 7:16 17:17 | |
| percent(2) 17:4 17:5 | |
| perhaps(1) 19:11 | |
| period(2) 8:17 11:13 | |
| periods(1) 13:7 | |
| permitted(1) 7:6 | |
| person(4) 8:5 8:6 12:9 18:6 | |
| piece(2) 20:25 21:2 | |
| plaintiff(3) 1:16 1:28 16:1 | |
| plaintiff/defendant's(1) 5:11 | |
| plan(9) 1:12 1:14 1:24 1:26 1:42 2:18 3:7 5:13 10:9 | |
| please(2) 3:3 6:22 | |
| point(6) 9:4 9:5 11:4 11:8 12:11 21:8 | |
| position(4) 5:23 5:25 13:17 16:4 | |
| positions(1) 5:11 | |
| possible(1) 17:17 | |
| ppearances(2) 1:40 2:1 | |
| preclude(1) 10:18 | |
| predecessor(1) 16:15 | |
| present(3) 4:21 5:8 15:11 | |
| presentation(1) 22:18 | |
| preserve(1) 14:11 | |
| preserved(1) 21:18 | |
| pretrial(12) 3:11 3:15 3:18 3:23 4:21 5:13 6:2 7:8 19:6 21:11 21:10 21:23 | |
| pretty(1) 7:10 | |
| previous(1) 21:16 | |
| previously(1) 4:5 | |
| prior(1) 12:20 | |
| probably(1) 16:22 | |
| problem(1) 9:2 | |
| proc(2) 1:16 1:28 | |
| proceedings(3) 1:36 1:57 23:6 | |
| produce(4) 4:24 9:4 9:9 9:15 | |
| produced(13) 1:58 6:5 6:19 7:2 9:15 9:17 9:24 10:9 11:12 11:18 13:4 14:1 16:8 | |
| product(1) 19:7 | |
| prove(3) 15:24 21:25 22:3 | |
| provide(2) 6:22 19:5 | |
| provided(1) 7:11 | |
| purport(1) 14:13 | |
| purported(1) 17:15 | |
| purpose(1) 19:12 | |
| purposes(3) 8:14 14:1 21:18 | |
| pursuant(2) 4:24 10:7 | |
| put(3) 4:19 20:8 20:10 | |
| qualifies(1) 15:24 | |
| question(6) 8:11 8:12 9:13 9:19 13:12 13:16 | |
| questioned(1) 9:13 | |
| quicker(1) 19:19 | |
| raise(1) 17:9 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| raised(1) 17:10 | | services(1) 1:51 | | that(109) 4:20 4:22 5:2 5:4 5:12 5:19 6:1 6:4 6:19 6:23 6:24 6:25 7:1 7:5 7:8 7:23 7:25 7:25 8:1 8:2 8:3 8:4 8:6 8:13 8:16 8:17 8:19 8:20 9:7 9:10 9:11 9:14 9:16 9:23 10:9 10:9 10:18 10:21 10:23 11:3 11:6 11:17 11:24 12:9 12:10 12:11 12:11 12:12 12:21 13:13 13:13 13:16 13:17 13:25 14:8 14:10 14:11 14:13 14:14 14:20 14:25 15:2 15:4 15:7 15:8 15:10 15:13 15:16 15:19 15:21 15:23 15:24 15:24 16:1 16:3 16:6 16:7 16:8 16:15 16:16 16:22 17:5 17:11 17:12 17:17 17:17 17:19 17:24 18:8 18:11 18:20 19:17 19:23 20:7 20:9 20:10 20:19 20:23 20:24 21:1 21:2 21:5 21:14 21:20 22:6 22:6 23:4 | | they(46) 5:5 5:6 5:6 5:8 6:5 6:21 6:23 7:5 7:8 7:11 7:13 7:19 7:21 8:4 8:6 8:12 8:22 9:9 9:18 10:18 11:4 11:11 11:12 12:18 13:14 13:14 13:15 13:18 13:25 14:13 14:13 14:14 15:20 16:3 16:5 16:22 16:23 16:25 17:14 17:15 17:16 17:17 19:20 20:8 20:9 20:20 |
| raising(1) 9:6 | | settled(1) 3:10 | | | | | |
| rather(2) 10:17 19:10 | | she(23) 7:12 7:13 7:16 7:22 7:25 8:1 8:1 8:16 8:23 8:23 8:24 8:24 9:10 11:21 12:16 12:17 13:17 13:21 14:8 15:2 15:9 15:24 16:7 | | | | they'll(1) 14:2 | |
| reach(2) 10:4 14:9 | | | | | | they're(6) 9:14 9:16 11:11 17:1 20:22 | |
| read(1) 8:24 | | | | | | they've(4) 7:8 7:17 9:7 10:24 | |
| realize(3) 12:19 15:18 19:4 | | | | | | thing(1) 13:14 | |
| reason(3) 7:5 14:3 15:13 | | she'd(1) 15:13 | | | | things(2) 6:24 6:24 | |
| recall(2) 19:24 20:19 | | she'll(1) 11:21 | | | | think(21) 7:10 8:13 8:19 9:6 9:16 9:19 | |
| receivable(1) 11:19 | | she's(3) 7:9 7:19 12:16 | | that's(16) 4:9 5:6 5:19 7:21 7:25 9:19 11:8 11:15 14:22 15:12 16:25 17:20 21:8 21:9 21:16 21:21 | | 10:17 11:16 13:12 13:14 13:15 13:15 13:16 16:3 17:2 17:4 17:6 18:8 19:13 19:18 21:15 | |
| receive(1) 10:1 | | shorter(1) 5:7 | | | | | |
| received(3) 3:20 8:2 9:10 | | should(5) 5:8 7:1 7:6 8:5 11:7 | | | | | |
| recipient(1) 7:23 | | show(9) 1:20 2:4 3:12 4:10 18:16 18:17 18:23 19:22 22:6 | | | | thinks(1) 14:8 | |
| recorded(1) 1:57 | | | | the(262) 1:1 1:2 1:13 1:25 1:37 3:2 3:3 3:3 3:6 3:9 3:11 3:13 3:14 3:15 3:15 3:17 3:20 3:25 4:1 4:2 4:6 4:8 4:9 4:12 4:15 4:15 4:17 4:23 4:23 4:24 5:1 5:2 5:3 5:4 5:5 5:10 5:13 5:13 5:15 5:16 5:17 5:17 5:19 5:19 5:22 5:23 6:2 6:2 6:3 6:7 6:7 6:8 6:8 6:11 6:11 6:14 6:14 6:16 6:18 6:20 6:21 6:24 7:5 7:7 7:12 7:15 7:16 7:16 7:19 7:22 7:22 7:23 8:3 8:4 8:7 8:7 8:8 8:11 8:13 8:16 8:19 8:20 8:21 8:21 8:25 9:1 9:1 9:3 9:3 9:4 9:8 9:10 9:11 9:12 9:13 9:16 9:21 9:23 10:2 10:6 10:7 10:9 10:11 10:15 10:15 10:16 10:16 10:17 10:20 10:20 10:20 10:21 10:22 10:23 11:1 11:5 11:8 11:8 11:9 11:10 11:11 11:12 11:14 11:15 11:16 11:22 11:24 11:24 11:25 11:25 12:2 12:4 12:4 12:6 12:8 12:9 12:11 12:12 12:14 12:19 12:22 12:25 13:2 13:4 13:5 13:6 13:8 13:9 13:10 13:20 13:22 13:24 13:24 13:25 14:6 14:9 14:10 14:13 14:14 14:15 14:17 14:20 14:21 14:23 15:1 15:1 15:3 15:10 15:12 15:14 15:17 15:20 15:23 15:25 16:2 16:20 16:6 16:10 16:12 16:14 16:15 16:20 16:23 17:1 17:3 17:5 17:8 17:12 17:12 17:12 17:17 17:19 17:22 17:24 18:1 18:1 18:1 18:2 18:7 18:13 18:15 18:15 18:19 18:22 18:25 19:2 19:3 19:4 19:7 19:8 19:11 19:13 19:15 19:18 19:20 19:21 19:24 20:1 20:4 20:5 20:6 20:7 20:8 20:9 20:10 20:10 20:11 20:12 20:14 20:14 20:16 20:17 20:18 20:18 20:19 20:19 20:20 20:22 20:23 21:2 21:2 21:5 21:7 21:8 21:10 21:11 21:13 21:15 21:20 21:23 22:2 22:3 22:8 22:8 22:11 22:14 22:17 23:1 23:4 23:5 23:5 23:6 | | 16:3 17:2 17:4 17:6 18:8 19:13 19:18 21:15 | |
| recording(2) 1:57 23:5 | | | | | | those(17) 5:15 6:19 9:14 11:3 11:10 11:12 11:20 11:22 12:17 14:1 17:17 17:23 18:3 20:3 21:17 21:25 22:1 | |
| records(1) 15:6 | | side(1) 18:3 | | | | | |
| refusal(1) 19:21 | | sides(2) 7:24 15:19 | | | | | |
| regard(7) 5:15 5:16 10:15 10:25 11:10 11:15 11:20 | | similar(2) 9:14 | | | | though(1) 20:22 | |
| | | simple(2) 7:10 12:24 | | | | three(5) 3:8 5:7 6:1 7:13 17:17 | |
| | | simplify(1) 8:19 | | | | through(4) 5:10 11:19 19:6 21:23 | |
| regarding(1) 19:10 | | simply(6) 3:25 8:17 10:8 11:16 12:16 15:7 | | | | time(1) 7:17 | |
| reiterate(1) 13:3 | | since(1) 13:21 | | | | timely(1) 13:25 | |
| relevant(1) 17:7 | | sir(1) 15:17 | | | | timesheet(2) 6:4 6:14 | |
| relied(1) 6:22 | | situation(1) 7:22 | | | | timesheets(1) 10:22 | |
| reply(1) 13:2 | | slight(1) 5:4 | | | | today(4) 3:10 3:24 19:18 22:12 | |
| report(1) 6:21 | | small(3) 15:16 20:17 20:18 | | | | today's(1) 3:22 | |
| request(2) 6:5 7:2 | | sneak(1) 9:8 | | | | tracy(1) 7:9 | |
| requests(1) 4:25 | | solely(2) 14:6 21:2 | | | | trade(8) 1:20 3:11 4:10 18:15 18:17 18:23 19:22 22:6 | |
| required(2) 7:12 19:4 | | solve(1) 10:6 | | | | | |
| res(1) 21:16 | | some(5) 3:23 4:20 11:9 14:9 16:22 | | their(12) 6:20 9:18 10:19 11:6 11:19 12:19 12:20 14:3 14:12 16:7 17:14 17:15 | | | |
| resolve(1) 18:3 | | someone(1) 18:22 | | | | transcript(3) 1:36 1:58 23:5 | |
| resolves(1) 18:8 | | something(7) 4:22 8:23 8:24 9:12 11:25 13:15 14:18 | | | | transcription(2) 1:51 1:58 | |
| resolving(1) 12:3 | | | | | | transfer(2) 20:6 21:1 | |
| respect(6) 3:15 3:23 4:18 6:1 6:3 15:19 | | | | | | transfers(1) 20:4 | |
| responds(1) 5:17 | | sontchi(1) 1:37 | | them(15) 3:9 3:24 3:25 4:18 6:6 6:21 7:14 10:24 11:18 13:19 13:21 16:8 16:16 19:5 22:3 | | trial(17) 3:25 4:3 4:5 4:7 4:11 5:5 5:20 6:6 7:6 9:12 12:21 18:18 18:20 19:18 21:17 21:25 22:3 | |
| response(5) 6:5 6:17 6:23 7:2 12:13 | | soon(1) 18:21 | | | | | |
| right(30) 4:9 4:15 5:1 5:10 5:22 5:22 6:1 9:3 10:2 10:16 11:14 12:14 12:25 13:20 14:23 15:1 15:14 16:12 16:14 17:19 17:20 17:22 18:1 18:7 18:7 18:19 21:9 21:13 22:11 22:20 | | sort(2) 14:9 16:6 | | | | | |
| | | sound(2) 1:57 23:5 | | | | | |
| | | standards(1) 11:5 | | then(9) 5:23 12:9 13:10 15:16 15:21 17:1 17:15 18:15 22:5 | | trial's(1) 12:19 | |
| | | start(1) 4:12 | | | | tried(1) 9:7 | |
| | | statements(2) 16:15 16:16 | | | | trust(2) 1:14 1:26 | |
| rise(1) 3:2 | | states(2) 1:1 1:38 | | | | trustee(7) 1:13 1:25 1:42 2:18 3:7 5:13 10:9 | |
| rome(1) 2:10 | | steven(4) 1:12 1:24 2:10 3:6 | | theory(1) 15:23 | | | |
| ruled(4) 20:23 21:8 21:9 22:2 | | still(2) 8:3 19:9 | | there(21) 3:8 3:23 4:20 7:19 12:10 13:9 13:12 13:13 13:13 14:1 15:1 15:1 15:8 16:11 17:20 18:9 18:22 18:25 19:2 21:15 22:5 22:20 | | | |
| rules(1) 19:5 | | stipulation(1) 14:10 | | | | truth(1) 8:21 | |
| ruling(6) 14:3 14:19 21:11 21:12 21:16 22:4 | | stop(1) 8:17 | | | | try(4) 8:23 10:4 16:18 17:3 | |
| | | street(3) 1:10 1:52 2:12 | | | | trying(1) 9:14 | |
| | | stuff(1) 17:3 | | | | tuesday(2) 10:1 10:1 | |
| said(3) 9:19 20:20 21:22 | | subject(1) 14:17 | | there's(5) 11:20 12:8 13:12 15:20 17:2 | | two(8) 3:10 3:11 4:18 5:9 6:3 11:12 13:7 19:10 | |
| same(1) 20:22 | | submit(5) 6:4 6:25 7:5 8:3 19:10 | | these(8) 6:4 6:8 8:20 9:6 11:7 12:23 19:18 19:23 | | | |
| sass(4) 1:12 1:24 2:10 3:6 | | subsequently(1) 7:14 | | | | | |
| satisfied(1) 20:23 | | substantive(2) 14:7 14:12 | | | | um-hum(7) 3:13 12:1 13:8 16:20 19:8 20:2 20:5 | |
| satisfy(2) 10:10 11:5 | | sufficient(2) 6:25 21:20 | | | | | |
| say(4) 8:22 11:25 15:18 19:4 | | suggest(3) 10:4 14:18 14:20 | | | | | |
| saying(1) 6:21 | | suggestion(1) 14:22 | | | | under(2) 8:3 19:4 | |
| scheduled(3) 4:7 4:11 18:20 | | suite(2) 2:6 2:12 | | | | understand(1) 12:22 | |
| scheduling(2) 7:12 13:6 | | summary(6) 4:17 19:24 19:25 20:12 | | | | understanding(1) 17:16 | |
| schnitzer(59) 1:43 3:5 3:6 3:14 3:21 4:4 4:7 4:10 4:14 4:17 5:2 5:12 5:16 5:21 5:25 6:10 6:13 6:15 6:17 7:21 8:10 9:1 9:5 9:22 9:25 10:3 10:12 13:3 13:9 13:21 13:23 14:17 14:24 15:15 15:18 16:10 16:13 16:18 16:21 17:8 17:14 18:4 18:11 18:17 18:20 19:3 19:9 19:15 19:21 20:3 20:6 20:14 20:17 21:1 21:4 21:21 22:5 22:13 22:16 | | support(2) 7:4 11:3 | | | | understood(2) 8:24 17:8 | |
| | | suppose(1) 5:3 | | | | undisputed(6) 19:23 20:8 20:10 20:18 21:5 21:11 | |
| | | sure(3) 3:22 7:25 17:4 | | | | | |
| | | surprised(1) 17:11 | | | | | |
| | | take(2) 12:18 12:20 | | | | unfortunately(1) 3:4 | |
| | | taken(1) 9:21 | | | | united(2) 1:1 1:38 | |
| | | talked(1) 17:10 | | | | upon(1) 6:22 | |
| | | talking(1) 8:21 | | | | use(4) 6:6 7:6 9:14 15:21 | |
| schuylkill(1) 1:52 | | telephonic(1) 2:16 | | | | value(4) 6:3 6:9 7:4 13:4 | |
| seated(1) 3:3 | | ten(1) 22:19 | | | | various(1) 19:6 | |
| second(4) 7:7 9:8 9:17 17:9 | | testify(12) 7:9 8:6 8:16 10:9 11:22 12:9 12:11 12:17 13:17 14:20 15:3 17:24 | | | | vector(13) 1:32 3:16 4:7 4:13 4:18 4:21 5:3 7:10 7:11 10:14 12:10 12:16 12:18 | |
| see(2) 22:14 22:14 | | | | | | | |
| seek(1) 10:18 | | | | | | | |
| sender(1) 7:22 | | testifying(1) 8:1 | | | | | |
| sent(7) 6:21 6:23 8:2 9:10 10:21 10:23 12:17 | | testimony(10) 10:17 10:25 11:3 11:9 11:16 12:15 14:5 14:7 15:10 17:6 | | | | | |
| | | | | | | | |
| september(3) 1:13 3:1 23:9 | | than(4) 14:12 19:10 20:24 22:6 | | | | | |
| served(1) 7:14 | | thank(7) 3:20 10:12 13:23 21:19 22:7 22:16 22:17 | | | | | |
| service(2) 1:51 1:58 | | | | | | | |
| | | thanks(1) 13:1 | | | | | |

| Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|
| **vector/trade**(1) 2:4 | | **year**(1) 10:24 | |

**version**(1) 3:18

**very**(4) 13:2  18:2  22:8  22:17

**victoria**(1) 2:11

**waive**(1) 14:21

**want**(4) 12:18  12:20  16:22  16:23

**wanted**(8) 3:22  3:24  3:25  17:9  19:17
20:18  20:18  21:22

**was**(23) 3:19  6:19  6:19  6:24  7:1  7:1  7:12
7:13  7:16  7:17  8:19  9:24  9:25  10:5  13:4
13:6  13:9  13:18  17:10  17:16  20:19  20:20
23:1

**way**(2) 8:13  19:16

**ways**(1) 16:11

**we'd**(1) 16:22

**we'll**(4) 6:2  10:6  11:7  21:14

**we're**(7) 3:3  4:2  8:21  11:16  15:25  16:21
22:20

**well**(25) 4:2  4:19  4:20  6:19  8:4  8:7  8:10
8:22  10:16  11:2  11:6  11:7  11:24  14:17
15:1  15:5  16:25  17:12  19:1  20:12  20:20
21:5  21:7  21:15  22:2

**were**(19) 3:8  6:4  7:12  8:6  9:11  10:7  10:18
10:21  10:23  11:12  11:17  11:18  12:11
12:12  13:25  19:23  20:3  20:9  20:11

**weren't**(1) 9:19

**what**(20) 4:1  4:15  6:2  7:21  7:25  7:25
8:16  8:22  8:23  8:24  9:8  13:11  13:17  14:7
14:13  14:18  14:19  16:22  16:23  19:20

**what's**(3) 3:10  9:3  16:4

**whatever**(3) 15:3  15:5  16:5

**when**(13) 6:20  7:1  7:11  7:18  8:23  8:24
9:14  9:23  9:25  13:5  13:18  15:18  17:10

**where**(4) 5:13  7:17  20:20  22:18

**whereupon**(1) 23:1

**whether**(2) 8:15  9:13

**which**(12) 3:16  3:19  3:20  4:21  7:3  9:12
13:5  13:5  14:13  15:20  19:11  20:19

**who**(2) 17:12  18:5

**why**(2) 9:18  17:3

**will**(13) 5:5  5:6  5:7  5:7  8:1  8:16  11:21
13:24  14:5  14:6  14:9  15:8  16:11

**wilmington**(4) 1:11  2:7  2:13  3:1

**wishes**(1) 4:21

**with**(40) 3:15  3:22  4:12  4:18  5:15  5:16
5:22  5:25  6:3  6:8  6:20  7:14  8:5  9:16  10:6
10:8  10:15  10:25  11:10  11:15  11:20  12:3
13:5  14:5  14:7  14:15  14:19  15:2  15:3
15:5  15:18  15:25  16:5  16:8  18:9  19:18
20:21  20:24  21:17  22:6

**withheld**(1) 20:12

**within**(1) 9:11

**witness**(12) 4:20  4:23  5:17  7:7  7:9  7:17
9:7  9:9  9:24  12:3  13:18  18:4

**witnesses**(8) 5:7  5:9  5:15  7:13  17:11
17:12  17:18  17:21

**work**(3) 17:3  17:4  17:5

**working**(1) 14:18

**works**(1) 13:21

**would**(38) 4:1  4:22  5:2  5:12  7:9  8:3  8:18
9:8  10:3  10:9  10:10  11:4  12:8  12:9  12:18
13:16  14:10  14:11  14:14  14:18  14:19
14:20  15:2  15:4  15:10  15:11  15:19  16:3
16:5  16:6  16:7  16:9  16:16  17:17  19:4
19:11  19:13  19:19

**wrote**(4) 8:23  16:23  16:23  16:25

**www.diazdata.com**(1) 1:55

**yeah**(2) 9:5  22:2

**yes**(5) 12:6  13:4  15:17  16:3  19:3

**yet**(3) 9:9  9:15  9:17

**york**(1) 1:46

**you**(54) 3:9  3:10  3:10  3:20  3:22  3:24  3:25
4:1  4:4  7:3  7:11  8:7  8:8  9:21  9:23  10:12
11:2  12:2  12:19  13:4  13:6  13:11  13:23
14:16  14:19  15:7  15:18  15:22  16:2  16:3
16:8  16:8  17:3  17:5  17:5  18:3  19:6  19:7
19:24  19:24  19:25  20:6  20:17  20:19  21:9
21:19  21:22  22:2  22:7  22:14  22:14  22:16
22:17  22:19

**you'll**(2) 9:12  17:4

**you're**(3) 16:14  18:25  21:15

**you've**(1) 20:23

**your**(74) 3:5  3:8  3:17  3:21  4:4  4:17  4:19
5:12  5:21  5:23  5:25  6:6  6:13  6:18  6:22
6:25  7:3  7:5  7:7  7:18  7:21  8:2  8:10  8:14
8:14  8:18  8:19  9:2  9:5  9:19  9:22  10:1
10:3  10:12  10:13  11:3  11:4  12:7  12:8
12:18  12:23  13:3  13:16  13:23  14:17  14:19
15:12  16:10  16:15  16:15  16:19  17:8  17:20
17:24  18:3  18:11  18:17  18:24  19:3  19:5
19:9  19:25  21:6  21:9  21:11  21:11  21:19
21:21  21:24  22:6  22:10  22:13  22:16  22:18

**zawardzki**(1) 1:44