## Exhibit J

**Affidavit of Jose Colon**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUSSAIN KAREEM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:10-CV-00762-B |
| | § | |
| AMERICAN HOME MORTGAGE | § | |
| HOLDINGS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' APPENDIX TO BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

FRANK ALVAREZ
State Bar No. 00796122
BRENT W. MARTINELLI
State Bar No. 24037037
PAMELA S. RATLIFF
State Bar No. 24002802

HERMES SARGENT BATES, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

ATTORNEYS FOR DEFENDANTS

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**


By: */s/ Pamela S. Ratliff*
    **FRANK ALVAREZ**
    State Bar No. 00796122
    **BRENT W. MARTINELLI**
    State Bar No. 24037037
    **PAMELA S. RATLIFF**
    State Bar No. 24002802

901 Main Street, Suite 5200
Dallas, Texas  75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of October, 2010 a true and correct copy of the foregoing document was forwarded via certified mail, return receipt requested, to Plaintiff:

Hussain Kareem
2197 Carlyle Creek Drive
Lawrenceville, Georgia  30044


    */s/ Pamela S. Ratliff*
    **PAMELA S. RATLIFF**

# APPENDIX

- Plaintiff's Corrected Amended Verified Complaint: RESPA, TILA and Tort Claims Pursuant to 42 U.S.C. 1983 ..............................................APP 0001-0043

- Defendant American Home Mortgage Servicing, Inc.'s Answers to Plaintiff's First Interrogatories..................................................................APP  0044-0082

- Defendants' Responses to Plaintiff's First Request for Production..................APP 0083-0113

- Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment; Alternately Judgment on the Pleading.............................APP 0114-0159

- Affidavit of Jose D. Colon.............................................................................APP 0160-0178

1159003

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUSSAIN KAREEM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:10-CV-00762-B |
| | § | |
| AMERICAN HOME MORTGAGE | § | |
| HOLDINGS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF JOSE D. COLON

Before me the undersigned authority, personally appeared, Jose D. Colon, who being by me duly sworn, deposed as follows:

My name is Jose D. Colon, I am over eighteen (18) years of age, of sound mind and memory and am otherwise fully competent to make this affidavit. The facts stated in this affidavit are based on my personal knowledge and they are true and correct.

From 2009 through the present, I have been employed as the Default Litigation Specialist II at American Home Mortgage Servicing, Inc. ("AHMSI"). In my capacity as Default Litigation Specialist II at AHMSI, I act as a custodian of records for AHMSI. Attached as Exhibits 1-4 hereto are true and correct copies of the following records related to Loan No. 0031256902 of borrower Hussain Kareem, secured by borrower's property located at 2197 Carlysle Creek Drive, Lawrenceville, Georgia, 30044, namely, correspondence to and from Mr. Kareem related to said loan:

1.   AHMSI's August 7, 2008-May 7, 2009 Notices of Default to Mr. Kareem

2.   Mr. Kareem's October 18, 2008 Rescission Demand Notice

3.   AHMSI's February 6, 2009 Letter Denying Mr. Kareem's Rescission Demand

4.    AHMSI's September 18, 2009 Acknowledgment of Mr. Kareem's Qualified Written Request

These records attached as Exhibits 1-4 hereto are kept by AHMSI in the regular course of business, and with respect to correspondence sent to Mr. Kareem, it was the regular course of business of AHMSI for an employee or representative of AHMSI with personal knowledge of the act, event, or opinion to prepare such correspondence.    With respect to AHMSI's correspondence to Mr. Kareem, the records attached hereto are exact duplicates of the originals. With respect to correspondence received from Mr. Kareem, the record attached hereto are exact duplicates of the originals and displays AHMSI's "received" date stamp and the loan number assigned by AHMSI to Mr. Kareem's loan for identification purposes. Marking documents with the date of receipt and loan number is done in the regular course of business.

FURTHER AFFIANT SAYETH NOT

By: _____

Name: Jose D. Colon

Title: Default Litigation Specialist II

STATE OF FLORIDA          §
                          §
COUNTY OF DUVAL           §

SUBSCRIBED AND SWORN TO BEFORE ME on this 20ᵗʰ day of October, 2010 to certify which witness my hand and seal of office.

Notary Public in and for the State of Florida
Gerhard Heckermann

My Commission Expires: _9-23-2012_

GERHARD V. HECKERMANN
Notary Public - State of Florida
My Comm. Expires Sep 23, 2012
Commission # DD 818844

**EXHIBIT 1**

APP 0162



www.ahmsi3.com

08/07/2008

HUSSAIN KAREEM
2197 CARLYSLE CREEK DR
LAWRENCEVILLE, GA 30044-2274

RE: American Home Mortgage Servicing, Inc. Loan No: 0031256902
    Borrower(s):                        HUSSAIN KAREEM
    Encumbered Property Address:     2197 CARLYSLE CREEK DR
                                    LAWRENCEVILLE, GA 30044

ORIGINAL MORTGAGE AMOUNT: $159,200.00
FIRST PAYMENT DATE:            09/01/2006

Pursuant to the terms of the Promissory Note and/or Security Instrument along with all Riders thereto, which were executed by the Borrower(s) in connection with the Loan (both as referenced above), you are hereby served notice of the following:

(a) The Promissory Note and/or Security Instrument, including all Riders thereto, are presently in default due to the non-payment of the 07/01/2008 and the subsequent payments.

(b) The total amount currently due on the Loan in order to cure the default, is as follows:

| | |
|---|---|
| Total Monthly Payment(s) Due: | $1,161.02 |
| Accrued Late Charges: | $78.21 |
| NSF Fee Due: | $0.00 |
| Other Fees Due: | $0.00 |
| Less Suspense Amount: | $0.00 |
| ***TOTAL DUE***: | $1,239.23 |

If any other payments or expenses become due at or prior to the time an attempt is made to cure this default, they will be added to the Total Due and must also be paid in order to cure the default.

(c) To cure this default, payment must be made, IN THE FORM OF CERTIFIED FUNDS (CASHIER'S CHECK, MONEY ORDER OR QUICK COLLECT), in the full amount as stated above per item (b), directly to AMERICAN HOME MORTGAGE SERVICING, INC as follows:

Overnight Mail Address           Western Union Quick Collect
American Home Mortgage Servicing, Inc   Pay to: American Home Mortgage Servicing, Inc
4600 Regent Blvd., Suite 200         Code City: Option
Irving, TX 75063-1730             Code State: CA

(d) If American Home Mortgage Servicing, Inc is not in possession of the amount that is necessary to cure the default within 30 days of the date of this notice, American Home Mortgage Servicing, Inc will accelerate the Loan balance and proceed with foreclosure. In such case, the Encumbered Property, as referenced above, will be sold at a duly held foreclosure sale or sheriff's sale and all occupants will be required to vacate.

Page 1 of 2
Loan #: 0031256902
2210795533



Corporate Offices: 4600 Regent Blvd., Suite 200 ● Irving, Texas 75063

APP 0163

(c) You are further advised that the Borrower(s) shall have the right to reinstate the Loan after acceleration and the right to bring any defenses that may exist to the acceleration and sale, including a court action to assert the non-existence of a default.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS DOES NOT IMPLY THAT AMERICAN HOME MORTGAGE SERVICING, INC IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

As required by law, you are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the Loan.

IF YOU DID NOT SIGN THE NOTE BUT HOLD A LEGAL OR BENEFICIAL INTEREST IN THE ENCUMBERED PROPERTY, THIS NOTICE IS PROVIDED TO YOU AS A COURTESY TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE LOAN IS NOT PAID AS SET FORTH ABOVE, YOU MAY LOSE YOUR INTEREST IN THE ENCUMBERED PROPERTY.

American Home Mortgage Servicing, Inc is dedicated to providing the best customer service possible. Should you have any questions regarding this matter, you may contact an American Home Mortgage Servicing, Inc representative at (877) 304-3100. American Home Mortgage Servicing, Inc's office hours are Monday through Friday 7am to 9pm CT, Saturday 7am to 1pm CT.

Sincerely,

American Home Mortgage Servicing, Inc

Page 2 of 2
Loan #: 0031256902
2210795533

APP 0164



www.ahmsi3.com

09/03/2008

HUSSAIN KAREEM
2197 CARLYSLE CREEK DR
LAWRENCEVILLE, GA 30044-2274

RE: American Home Mortgage Servicing, Inc. Loan No: 0031256902
    Borrower(s):                              HUSSAIN KAREEM
    Encumbered Property Address:        2197 CARLYSLE CREEK DR
                                       LAWRENCEVILLE, GA 30044

ORIGINAL MORTGAGE AMOUNT: $159,200.00
FIRST PAYMENT DATE:          09/01/2006

Pursuant to the terms of the Promissory Note and/or Security Instrument along with all Riders thereto, which were executed by the Borrower(s) in connection with the Loan (both as referenced above), you are hereby served notice of the following:

(a) The Promissory Note and/or Security Instrument, including all Riders thereto, are presently in default due to the non-payment of the 08/01/2008 and the subsequent payments.

(b) The total amount currently due on the Loan in order to cure the default, is as follows:

| | |
|---|---|
| Total Monthly Payment(s) Due: | $1,161.02 |
| Accrued Late Charges: | $77.75 |
| NSF Fee Due: | $0.00 |
| Other Fees Due: | $0.00 |
| Less Suspense Amount: | $0.00 |
| ***TOTAL DUE***: | $1,238.77 |

If any other payments or expenses become due at or prior to the time an attempt is made to cure this default, they will be added to the Total Due and must also be paid in order to cure the default.

(c) To cure this default, payment must be made, IN THE FORM OF CERTIFIED FUNDS (CASHIER'S CHECK, MONEY ORDER OR QUICK COLLECT), in the full amount as stated above per item (b), directly to AMERICAN HOME MORTGAGE SERVICING, INC as follows:

Overnight Mail Address
American Home Mortgage Servicing, Inc
4600 Regent Blvd., Suite 200
Irving, TX 75063-1730

Western Union Quick Collect
Pay to: American Home Mortgage Servicing, Inc
Code City: Option
Code State: CA

(d) If American Home Mortgage Servicing, Inc is not in possession of the amount that is necessary to cure the default within 30 days of the date of this notice, American Home Mortgage Servicing, Inc will accelerate the Loan balance and proceed with foreclosure. In such case, the Encumbered Property, as referenced above, will be sold at a duly held foreclosure sale or sheriff's sale and all occupants will be required to vacate.

Page 1 of 2
Loan #: 0031256902
2255309847



Corporate Offices: 4600 Regent Blvd., Suite 200 ● Irving, Texas 75063

APP 0165

(c) You are further advised that the Borrower(s) shall have the right to reinstate the Loan after acceleration and the right to bring any defenses that may exist to the acceleration and sale, including a court action to assert the non-existence of a default.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS DOES NOT IMPLY THAT AMERICAN HOME MORTGAGE SERVICING, INC IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

As required by law, you are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the Loan.

IF YOU DID NOT SIGN THE NOTE BUT HOLD A LEGAL OR BENEFICIAL INTEREST IN THE ENCUMBERED PROPERTY, THIS NOTICE IS PROVIDED TO YOU AS A COURTESY TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE LOAN IS NOT PAID AS SET FORTH ABOVE, YOU MAY LOSE YOUR INTEREST IN THE ENCUMBERED PROPERTY.

American Home Mortgage Servicing, Inc is dedicated to providing the best customer service possible. Should you have any questions regarding this matter, you may contact an American Home Mortgage Servicing, Inc representative at (877) 304-3100. American Home Mortgage Servicing, Inc's office hours are Monday through Friday 7am to 9pm CT, Saturday 7am to 1pm CT.

Sincerely,

American Home Mortgage Servicing, Inc

Page 2 of 2
Loan #: 0031256902
2211307847

APP 0166



www.ahmsi3.com

10/07/2008

HUSSAIN KAREEM
2197 CARLYSLE CREEK DR
LAWRENCEVILLE, GA 30044-2274

RE: American Home Mortgage Servicing, Inc. Loan No: 0031256902
  Borrower(s):                          HUSSAIN KAREEM
  Encumbered Property Address:          2197 CARLYSLE CREEK DR
                                        LAWRENCEVILLE, GA 30044

ORIGINAL MORTGAGE AMOUNT: $159,200.00
FIRST PAYMENT DATE:          09/01/2006

Pursuant to the terms of the Promissory Note and/or Security Instrument along with all Riders thereto, which were executed by the Borrower(s) in connection with the Loan (both as referenced above), you are hereby served notice of the following:

(a) The Promissory Note and/or Security Instrument, including all Riders thereto, are presently in default due to the non-payment of the 09/01/2008 and the subsequent payments.

(b) The total amount currently due on the Loan in order to cure the default, is as follows:

| | |
|---|---|
| Total Monthly Payment(s) Due: | $1,161.02 |
| Accrued Late Charges: | $77.29 |
| NSF Fee Due: | $0.00 |
| Other Fees Due: | $0.00 |
| Less Suspense Amount: | $0.00 |
| ***TOTAL DUE***: | $1,238.31 |

If any other payments or expenses become due at or prior to the time an attempt is made to cure this default, they will be added to the Total Due and must also be paid in order to cure the default.

(c) To cure this default, payment must be made, IN THE FORM OF CERTIFIED FUNDS (CASHIER'S CHECK, MONEY ORDER OR QUICK COLLECT), in the full amount as stated above per item (b), directly to AMERICAN HOME MORTGAGE SERVICING, INC as follows:

| Overnight Mail Address | Western Union Quick Collect |
|---|---|
| American Home Mortgage Servicing, Inc | Pay to: American Home Mortgage Servicing, Inc |
| 4600 Regent Blvd., Suite 200 | Code City: Option |
| Irving, TX 75063-1730 | Code State: CA |

(d) If American Home Mortgage Servicing, Inc is not in possession of the amount that is necessary to cure the default within 30 days of the date of this notice, American Home Mortgage Servicing, Inc will accelerate the Loan balance and proceed with foreclosure. In such case, the Encumbered Property, as referenced above, will be sold at a duly held foreclosure sale or sheriff's sale and all occupants will be required to vacate.

Page 1 of 2
Loan #: 0031256902
2212060275



Corporate Offices: 4600 Regent Blvd., Suite 200 • Irving, Texas 75063

**APP 0167**

(e) You are further advised that the Borrower(s) shall have the right to reinstate the Loan after acceleration and the right to bring any defenses that may exist to the acceleration and sale, including a court action to assert the non-existence of a default.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS DOES NOT IMPLY THAT AMERICAN HOME MORTGAGE SERVICING, INC IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

As required by law, you are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the Loan.

IF YOU DID NOT SIGN THE NOTE BUT HOLD A LEGAL OR BENEFICIAL INTEREST IN THE ENCUMBERED PROPERTY, THIS NOTICE IS PROVIDED TO YOU AS A COURTESY TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE LOAN IS NOT PAID AS SET FORTH ABOVE, YOU MAY LOSE YOUR INTEREST IN THE ENCUMBERED PROPERTY.

American Home Mortgage Servicing, Inc is dedicated to providing the best customer service possible. Should you have any questions regarding this matter, you may contact an American Home Mortgage Servicing, Inc representative at (877) 304-3100. American Home Mortgage Servicing, Inc's office hours are Monday through Friday 7am to 9pm CT, Saturday 7am to 1pm CT.

Sincerely,

American Home Mortgage Servicing, Inc

Page 2 of 2
Loan #: 0031256902
2212060275

APP 0168



www.ahmsi3.com

11/17/2008

HUSSAIN KAREEM
2197 CARLYSLE CREEK DR
LAWRENCEVILLE, GA 30044-2274

RE: American Home Mortgage Servicing, Inc. Loan No: 0031256902
   Borrower(s):                      HUSSAIN KAREEM
   Encumbered Property Address:     2197 CARLYSLE CREEK DR
                                     LAWRENCEVILLE, GA 30044

ORIGINAL MORTGAGE AMOUNT: $159,200.00
FIRST PAYMENT DATE:         09/01/2006

Pursuant to the terms of the Promissory Note and/or Security Instrument along with all Riders thereto, which were executed by the Borrower(s) in connection with the Loan (both as referenced above), you are hereby served notice of the following:

(a) The Promissory Note and/or Security Instrument, including all Riders thereto, are presently in default due to the non-payment of the 10/01/2008 and the subsequent payments.

(b) The total amount currently due on the Loan in order to cure the default, is as follows:

| | |
|---|---|
| Total Monthly Payment(s) Due: | $1,161.02 |
| Accrued Late Charges: | $76.83 |
| NSF Fee Due: | $0.00 |
| Other Fees Due: | $0.00 |
| Less Suspense Amount: | $0.00 |
| ***TOTAL DUE***: | $1,237.85 |

If any other payments or expenses become due at or prior to the time an attempt is made to cure this default, they will be added to the Total Due and must also be paid in order to cure the default.

(c) To cure this default, payment must be made, IN THE FORM OF CERTIFIED FUNDS (CASHIER'S CHECK, MONEY ORDER OR QUICK COLLECT), in the full amount as stated above per item (b), directly to AMERICAN HOME MORTGAGE SERVICING, INC as follows:

<u>Overnight Mail Address</u>               <u>Western Union Quick Collect</u>
American Home Mortgage Servicing, Inc    Pay to: American Home Mortgage Servicing, Inc
4600 Regent Blvd., Suite 200            Code City: Option
Irving, TX 75063-1730                   Code State: CA

(d) If American Home Mortgage Servicing, Inc is not in possession of the amount that is necessary to cure the default within 30 days of the date of this notice, American Home Mortgage Servicing, Inc will accelerate the Loan balance and proceed with foreclosure. In such case, the Encumbered Property, as referenced above, will be sold at a duly held foreclosure sale or sheriff's sale and all occupants will be required to vacate.

Page 1 of 2
Loan #: 0031256902
2213067387



Corporate Offices: 4600 Regent Blvd., Suite 200 ● Irving, Texas 75063

APP 0169

(c) You are further advised that the Borrower(s) shall have the right to reinstate the Loan after acceleration and the right to bring any defenses that may exist to the acceleration and sale, including a court action to assert the non-existence of a default.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS DOES NOT IMPLY THAT AMERICAN HOME MORTGAGE SERVICING, INC IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

As required by law, you are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the Loan.

IF YOU DID NOT SIGN THE NOTE BUT HOLD A LEGAL OR BENEFICIAL INTEREST IN THE ENCUMBERED PROPERTY, THIS NOTICE IS PROVIDED TO YOU AS A COURTESY TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE LOAN IS NOT PAID AS SET FORTH ABOVE, YOU MAY LOSE YOUR INTEREST IN THE ENCUMBERED PROPERTY.

American Home Mortgage Servicing, Inc is dedicated to providing the best customer service possible. Should you have any questions regarding this matter, you may contact an American Home Mortgage Servicing, Inc representative at (877) 304-3100. American Home Mortgage Servicing, Inc's office hours are Monday through Friday 7am to 9pm CT, Saturday 7am to 1pm CT.

Sincerely,

American Home Mortgage Servicing, Inc

APP 0170



www.ahmsi3.com

12/18/2008

HUSSAIN KAREEM
2197 CARLYSLE CREEK DR
LAWRENCEVILLE, GA 30044-2274

RE: American Home Mortgage Servicing, Inc. Loan No: 0031256902
    Borrower(s):                                HUSSAIN KAREEM
    Encumbered Property Address:                2197 CARLYSLE CREEK DR
                                                LAWRENCEVILLE, GA 30044

ORIGINAL MORTGAGE AMOUNT: $159,200.00
FIRST PAYMENT DATE:       09/01/2006

Pursuant to the terms of the Promissory Note and/or Security Instrument along with all Riders thereto, which were
executed by the Borrower(s) in connection with the Loan (both as referenced above), you are hereby served notice of the
following:

(a) The Promissory Note and/or Security Instrument, including all Riders thereto, are presently in default due to the
    non-payment of the 11/01/2008 and the subsequent payments.

(b) The total amount currently due on the Loan in order to cure the default, is as follows:

|                              |           |
| ---------------------------- | --------- |
| Total Monthly Payment(s) Due: | $1,161.02 |
| Accrued Late Charges:        | $105.40   |
| NSF Fee Due:                 | $0.00     |
| Other Fees Due:              | $0.00     |
| Less Suspense Amount:        | $0.00     |
| ***TOTAL DUE***:             | $1,266.42 |

If any other payments or expenses become due at or prior to the time an attempt is made to cure this default, they
will be added to the Total Due and must also be paid in order to cure the default.

(c) To cure this default, payment must be made, IN THE FORM OF CERTIFIED FUNDS (CASHIER'S CHECK,
    MONEY ORDER OR QUICK COLLECT), in the full amount as stated above per item (b), directly to AMERICAN
    HOME MORTGAGE SERVICING, INC as follows:

Overnight Mail Address                     Western Union Quick Collect
American Home Mortgage Servicing, Inc      Pay to: American Home Mortgage Servicing, Inc
4600 Regent Blvd., Suite 200               Code City: Option
Irving, TX 75063-1730                      Code State: CA

(d) If American Home Mortgage Servicing, Inc is not in possession of the amount that is necessary to cure the default
    within 30 days of the date of this notice, American Home Mortgage Servicing, Inc will accelerate the Loan balance
    and proceed with foreclosure. In such case, the Encumbered Property, as referenced above, will be sold at a duly
    held foreclosure sale or sheriff's sale and all occupants will be required to vacate.

Page 1 of 2
Loan #: 0031256902
2213664610



Corporate Offices: 4600 Regent Blvd., Suite 200 ● Irving, Texas 75063

**APP 0171**

(c) You are further advised that the Borrower(s) shall have the right to reinstate the Loan after acceleration and the right to bring any defenses that may exist to the acceleration and sale, including a court action to assert the non-existence of a default.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR BUT DOES NOT IMPLY THAT AMERICAN HOME MORTGAGE SERVICING, INC. IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHOSE DEBT HAS BEEN DISCHARGED PURSUANT TO (OR WHO IS UNDER THE PROTECTION OF) THE BANKRUPTCY LAWS OF THE UNITED STATES; IN SUCH INSTANCES, IT IS INTENDED SOLELY FOR INFORMATIONAL PURPOSES AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT.

As required by law, you are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the Loan.

To obtain a list of counseling organizations offering homeownership counseling, you may either call the Department of Housing & Urban Development ("HUD") at 1-800-569-4287 or visit the HUD website at www.HUD.gov.

IF YOU DID NOT SIGN THE NOTE BUT HOLD A LEGAL OR BENEFICIAL INTEREST IN THE ENCUMBERED PROPERTY, THIS NOTICE IS PROVIDED TO YOU AS A COURTESY TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE LOAN IS NOT PAID AS SET FORTH ABOVE, YOU MAY LOSE YOUR INTEREST IN THE ENCUMBERED PROPERTY.

American Home Mortgage Servicing, Inc is dedicated to providing the best customer service possible. Should you have any questions regarding this matter, you may contact an American Home Mortgage Servicing, Inc representative at (877) 304-3100. American Home Mortgage Servicing, Inc's office hours are Monday through Friday 7am to 9pm CT, Saturday 7am to 1pm CT.

Sincerely,

American Home Mortgage Servicing, Inc

Page 2 of 2
Loan #: 0031256902
2213884810

APP 0172

**EXHIBIT 2**

APP 0173



RECEIVED
OCT 3 0 2008
RESEARCH DEPT

THIS IS NOT A PUBLIC
COMMUNICATION
Notice to Agent is Notice to Principle
Notice to Principle is Notice to Agent
Applicable to all successors and assigns
Silence is Acquiescence/Agreement/Dishonor
This is self-executing contract.

DATE: Oct. 18, 2008

Hussain L Kareem, without prejudice
2197 Carlysle Creak Dr
Lawrenceville, GA 30044

Sent Certified Mail # 7008 1300 0001 2343 0907
Re: Rescission Demand Notice

With proof of service to:
Michael Straus, CEO individually and
American Home Mortgage, Inc., AHMSI, and ET AL
538 Broadhollow Rd.
Melville, NY 11747

OCT 21 2008

0031256902

RE: Alleged Loan # 1001350490 Property Address: 1927 Carlysle Creek Drive, GA 30044

Dear Sir:
In response to my most recent letters from you dated 07/08/2008 regarding my property, I am rescinding your alleged Loan Number 1001350490, as related to the above subject property. You, your bank and your Servicing Company, AHMSI, have received my Affidavit of Non- Response for Debt Validation and my Affidavit Of Security Deed Illegality respectively (see Exhibits), pursuant to, but not limited, to my rights under the Fair Debt Collection Practices Act (FDCPA), and the Uniform Commercial Code (UCC), State Commercial Code, Contract Law, Fair Credit Billing Act (FCBA) and the State of Georgia Statues O.C.G.A. § 44-14-236 and O.C.G.A. § 9-13-27, respectively. You and your interested parties are in default and dishonor. You will have to cease and desist from any collection activities. My rights should not allow you as a debtor, under Federal Bankruptcy protection, Chapter 11, Case No. 07-11047 (CSS) from adhering to the Federal Rescission Demand.

Furthermore, please be advised that I am exercising my rights under Regulation Z of the Truth In Lending Act (TILA) to rescind my mortgage loan transaction (Reg. Z §§ 226.15(a)(2), 226.23(a)(2), Official Staff Commentary §226.23(a)(2)-1) and 15 U.S.C. §1635(b).

FAILURE of the Lender to take necessary and appropriate action to reflect the fact that the security interest was automatically terminated by the rescission within twenty (20) days of creditor's receipt of the rescission notice, is a violation of 15 USC 1635(b);Reg.Z15(d)(2),226.23(d)(2), ( also see "Ameriquest Mortgage Company Mortgage Lending Practices Litigation," M.D.L. No. 1715, Lead Case No. 05-cv07097 (N.D.Jll.)

Therefore, my demand is for you to uphold the all the laws and statues cited and to comply with this rescission demand notice, immediately. Please forward to me a complete accounting of all payments that I have made toward the promissory note. Non compliance shall result in our pursuit of all civil and criminal remedies against all parties, with prejudice.

Sincerely,

Hussain Kareem
All Rights Reserved.

Notary

JAMES T. OWENS
COMMISSION EXPIRES
JAN.
7
2012
★ NEWTON CO. GEORGIA ★
NOTARY PUBLIC

**EXHIBIT 3**

APP 0175



February 6, 2009

<u>VIA: U.S. MAIL</u>

Mr Hassain Kareem
2197 Carlysle Creek
Lawrenceville, GA 30044

Re:    Loan Number: 0031256902

Dear Mr. Kareem,

This responds to your correspondence received with respect to the above referenced account and forwarded to my attention for research and response.

Your letter attempts to pay off your mortgage using one or more of the following methods : (i) remitting non-United States negotiable funds such as a bearer bond; (ii) the unauthorized preparation of a release of mortgage document without accompanying payment; (iii) unilaterally altering the Promissory Note, Deed of Trust or Mortgage regarding the above mortgage loan or (iv) in some other manner.

AHMSI will only accept United States funds for payment. Remittance of non-negotiable currencies and/or bonds cannot be accepted. Any attempt to record a unilateral release or satisfaction of your Mortgage Loan Document, without the authorization of AHMSI, is illegal, and of no force or effect.

Should you have any further questions, please do not hesitate to contact me directly at (214) 260-7000 ext 7101 (M-F 7:00am – 4:00pm CST).

Very truly yours,

Timothy Navarro
Legal Department
American Home Mortgage Servicing, Inc.

This communication is from a debt collector but does not imply that American Home Mortgage Servicing, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

4600 Regent Blvd., Suite 200, Irving, Texas 75063

APP 0176

**EXHIBIT 4**



September 18, 2009

**VIA: U.S MAIL ONLY**
Hussain Kareem
2197 Carlysle Creek Dr
Lawrenceville, GA 30044

Re: AHMSI Loan No(s): 0031256902

Dear Borrower:

This is to acknowledge receipt by American Home Mortgage Servicing, Inc. ("AHMSI") of the above referenced complaint you forwarded to us in a letter dated September 07, 2009. The Legal Department of AHMSI received your correspondence on September 18, 2009, and is in the process of preparing a response, which will be forwarded to you shortly.

We appreciate your patience while we thoroughly review the file to address each of the concerns or inquiries.

Respectfully,


Legal Department
American Home Mortgage Servicing, Inc.

This communication is from a debt collector but does not imply that American Home Mortgage Servicing, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

1525 S. Beltline Rd., Coppell, Texas 75019

**Exhibit K**

**October 2008 Letter**

066585.1001

YCST01: 11468637.1



DATE: Oct. 18, 2008

THIS IS NOT A PUBLIC
COMMUNICATION
Notice to Agent is Notice to Principle
Notice to Principle is Notice to Agent
Applicable to all successors and assigns
Silence is Acquiescence/Agreement/Dishonor
This is self-executing contract.

Hussain L Kareem, without prejudice
2197 Carlysle Creek Dr
Lawrenceville, GA 30044

Sent Certified Mail # 7008 1300 0001 2743 0907
Re:   Rescission Demand Notice

With proof of service to:
Michael Straus, CEO individually and                                OCT 21 2008
American Home Mortgage, Inc., AHMSI, and ET AL
538 Broadhollow Rd.
Melville, NY 11747                    0031256902

RE: Alleged Loan # 1001350490 Property Address: 1927 Carlysle Creek Drive , GA 30044

Dear Sir:
In response to my most recent letters from you dated 07/08/2008 regarding my property, I am rescinding
your alleged Loan Number 1001350490, as related to the above subject property.  You, your bank and your
Servicing Company, AHMSI, have received my Affidavit of Non-Response for Debt Validation and my
Affidavit Of Security Deed Illegality respectively (see Exhibits), pursuant to , but not limited, to my rights
under the Fair Debt Collection Practices Act (FDCPA), and the Uniform Commercial Code (UCC), State
Commercial Code, Contract Law, Fair Credit Billing Act (FCBA) and the State of Georgia Statues
O.C.G.A. § 44-14-236 and O.C.G.A. § 9-13-27, respectively. You and your interested parties are
in default and dishonor. You will have to cease and desist from any collection activities. My
rights should not allow you as a debtor, under Federal Bankruptcy protection, Chapter 11, Case
No. 07-11047 (CSS) from adhering to the Federal Rescission Demand.

Furthermore, please be advised that I am exercising my rights under Regulation Z of the Truth In Lending
Act (TILA) to rescind my mortgage loan transaction (Reg. Z §§ 226.15(a)(2), 226.23(a)(2), Official Staff
Commentary §226.23(a)(2)-1) and 15 U.S.C. §1635(b).

FAILURE of the Lender to take necessary and appropriate action to reflect the fact that the
security interest was automatically terminated by the rescission within twenty (20) days of
creditor's receipt of the rescission notice, is a violation of 15 USC
1635(b);Reg.Z.15(d)(2),226.23(d)(2), ( also see "Ameriquest Mortgage Company Mortgage
Lending Practices Litigation," M.D.L. No. 1715, Lead Case No. 05-cv07097 (N.D.Ill.)

Therefore, my demand is for you to uphold the all the laws and statues cited and to comply with this
rescission demand notice, immediately. Please forward to me a complete accounting of all payments
that I have made toward the promissory note. Non compliance shall result in our pursuit of all civil
and criminal remedies against all parties, with prejudice.

Sincerely,

Hussain Kareem
All Rights Reserved.

Notary

**Exhibit L**

**Georgia Action Complaint**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 2 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ALTANTA DIVISION

Hussain Kareem, Claimant
2197 Carlysle Creek Dr.
Lawrenceville, GA 30044
**Tel: 678-887-4965**

Civil Action No.: **1 09-MI-0403**

**Plaintiff, Pro se,**

**JURY DEMAND**

V.

AMERICAN HOME MORTGAGE HOLDINGS, INC.
AMERICAN HOME MORTAGE SERVICING³, INC. AND MORTGAGE
ELECTRONICS REGISTRATION SYSTEMS, INC.
**Defendants ,**

## FEDERAL COMPLAINT:
## VIOLATION OF NATIONAL BANKING ACT, TILA AND DAMAGE CLAIMS
## UNDER 42 U.S.C. 1983, 1985, & 1986, RESPECTIVELY

1.  Now come, Hussain Kareem, herein referred to as Plaintiff, respectfully submits

    to the United States District Court in the above numbered, captioned, styled and

    entitled cause, seeking injunctive and monetary relief enumerated pursuant to

    exercising all rights and privileges within, but not limited to The Public Law **42**

    **Stat 13-15 and** 12 U.S.C. CH. 2, SUB. CH. 1 §38 NBA , 15 U.S.C §1635 et seq.

    TILA, 15 U.S.C. §1692 FDCPA, 15 U.S.C. 1601 FCBA, 18 U.S.C. 47 § 1005

    Bank Entries reports & transactions, 18 U.S.C. 31 § 656 Embezzlement, Breach

    of Private duty UCC §3-307, defenses and recoupment UCC §3-305 , UCC § 3-

    306 claim to an instrument, UCC §3-110 identification of payee,  UCC §2-302

    unconscionable contract or clause, UCC §3-407 alteration of instrument pursuant

    and fraud and monetary claims under Georgia statutes Title 11, respectively.

2.  The Plaintiff brings forth his complaint and claims against  the Defendants,

2.

AMERICAN HOME MORTGAGE HOLDINGS, INC, herein referred to as (AHMH), AMERICAN HOME MORTGAGE SERVICING³, INC, herein referred to as (AHMSI) and MORTGAGE ELECTRONICS REGISTRATION. INC, herein referred to as (MERS). Defendants are joint-feasors for their violations of the National Banking Act (NBA), Truth-In-Lending Act (TILA), Uniform Commercial Code (UCC) adopted as under Georgia Commercial Code as Title 11 and damages claims arising from their actions.

3. Plaintiff asserts that Defendants violations are found under Federal Public Law, and not limited to statues under the State of Georgia, as follows:

### Questions Before the Court

4. Plaintiff request this court to produce by fact finder or declaratory statements consistent with OCGA 9-11-52, when fact finder requests are made before court and before any adverse rulings to cover on the following questions:

5. How much diligence must be demonstrated that gives the mortgagor the right to annul the contract when the lender/payee/mortgagee or their successor or assign has breached their private duty and proven "unclean and unjust hands" by prima facie evidence?

6. If the original lender made an alteration of the contract without notification to the obligor, when does the instrument looses its enforceability pursuant to UCC §3-407, UCC §3-420- conversion of instrument and UCC §3-305 defenses in recoupment?

3.

7. Did not Congress see their public responsibility to include swift remedy and justice for the "natural" man by giving them power, to rescind contracts when one detects predatory violations by financial institutions who have coerced, made fraudulent acts or obtained unjust enrichment?

8. Was the intent of the Truth and Lending Act (TILA) to be liberal and broad enough to help offset imbalances and breaches of private duty when cited?

9. Did congress intend for banks to deny implementation of TILA rescission at the whims of the creditors discretion? Whereby, the creditors denial to implement a TILA demand, unjustly abridges the right of the obligor and only leaves the option for judicial remedy as recourse?

10. Is the National Banking Act of 1864 (NBA), enforceable upon the banks who operate within its lending and disclosure guidelines including their third party nominees, such as MERS? Does MERS have legal title to any promissory note?

11. Are breaches of private duty a violation under the NBA?

12. Can lenders coerce a waiver of borrower's rights for the purpose of undue advantage on behalf of the creditor? Does not this attempt to gain a signature in the twelfth hour at a closing table, constitute UCC § 2-302 violations of public policy or lending practices and gives an automatic right to the consumer to void the contract on its face?

4.

13. Does not the offer of a waiver of borrower's r ght constitute constructive fraud by failing to disclose to the borrower/maker/grantor, in timely manner, that the waiver of right is a condition to complete the transaction, thereby requires full disclosure?

14. Upon insolvency by the creditor, was MERS holding any assets or claims in which they failed to report to the U.S. Bankruptcy Court? Does their nominee position ends upon insolvency or do they new to establish a new contract with a surviving party?

**Summary of Facts**

15. Plaintiff's home is located 2197 Carlysle Creek Drive, Lawrencville, GA 30044. The Plaintiff sought a favorable Adjustable Rate Note of 1.9%, and favorable terms through American Conduit Brokers, herein referred to as (ABC).

16. The refinance was executed on July 7, 2006 at the law office of Georgia Closing Associates, 1000, Presidential Parkway, Atlanta, GA 30346.

17. The alleged closing attorney is unknown is not identifiable by signature or by Georgia Bar license number or any other discernable proof. It is not known who was acting in the capacity as an Attorney on that day or if that person was a paralegal and not an attorney, as alleged on the Closing Attorney Affidavit.

5.

18. The alleged Closing Attorney represented the interests of ABC, and did not disclose if he represented the interests of MERS, as a principal, subsidiary or servicing agent or any capacity in conjunction with ABC with respect to promissory note or with respect to the security deed. The contract does not disclose what requirements are being met by law to reference MERS, or as legal entity or in what legal capacity a nominee means to the benefit of the mortgagor in the transaction.

19. At closing on July 7th, 2006, no disclosure was made that the promissory note would be converted into a securitized instrument or that a conversion to the benefit of the lender/mortgagee would ever take place.

20. At closing, an attempted waiver of borrowers right document was presented, and the Plaintiff was induced to sign it. The waiver, as a rider, was presented as a mandatory document to be signed along with nearly 200 other pages and other papers with little or no explanation. The mortgagor did not have and was not given the legal representation of the facts, nor was the mortgagor allowed to take the documents home or afforded the opportunity for a third party for review on his behalf. The mortgagor was dependant that the presentments where true and correct on behalf of ABC, being one of the largest mortgage lender in the country at the time of the transaction of mortgages, and being duly licensed and regulated by governmental agencies.

6.

21. Plaintiff denies ever being in debt to AHMSI or to MERS nor was there any "meeting of the minds" which would constitute an agreement to provide any kind of service or role in the transaction with ABC or to the mortgagor.

22. ABC became insolvent, on or about August 6, 2007, along with its holding parent companies American Home Mortgage Holdings, Inc. (AHMH) involving case number 07-11047, American Home Mortgage Investment Corp. (AHMIC) case number 07-11048 and American Home Servicing, Inc. (AHMSI) participated in case number 07-11050 in United States Bankruptcy Court for the District of Delaware Chapter 11 insolvency proceedings. Allegedly, AHMS³I took possession of ABC's asset without notification to the obligor/mortgagor and created a new loan number 0031256902 and replaced the original loan number 0001350490, without full disclosure.

23. AHMSI acting as ABC's loan servicer, changed its name to AHMS³I without notification or full disclosure to the mortgagor and in violation of Real Estate Settlement Procedures Act, (RESPA) and TILA under the pretense that they were still a part of the same conglomerate held by American Home Mortgage Holdings (AHMH).

24. Failures by AHMSI to give due notice to the mortgagor or to comply to the terms of the Security Deed and Promissory Note were sent to the U.S. Attorney's Office , David Nahmias, of the Northern District of Georgia and to the Department of HUD RESPA Division initiating a RESPA Case Number 09-1699,

by RESPA Investigator Kevin Stevens, on or about April 29, 2009, respectively.

All notices by the Plaintiff were made to the Defendants and their principals

namely, Michael Straus, President & CEO of AHMH, or David Friedman, CEO

of AHMS³I or AHMSI's Legal Counsel Timothy Navarro.

25. Plaintiff made three demands for rescission under 15 U.S.C. §1635 (b) and in

each occasion was denied the right of execution by AHMSI on or about August

26, 2008, February 24, 2009 and again on or about September 27, 2009.

26. AHMSI partially responded to the demand notices, on July 7, 2008 by presenting

a copy of the promissory note and no audited  edger report per (GAAP).  At issue,

the Annual Percentage Rage (APR) per 12 C.F.R. §226.22(a)(2) appears to

exceed the amount required by law.  Secondly, the Finance Charge per 12 C.F.R.

§§226.23(g), 226.23(h) appears to be understated.  By defaulting on the audit

request, the loan servicer has no legal standing to deny a rescission.

27. Furthermore, the July 7, 2008 presentments , incriminates the principals of ABC

for illegal conversion.  Their own records showe that  the **"Note"** contains an  altered

signature by Assistant Secretary Lisa Furco.  ABC converted the note to their benefit

without disclosing or sharing the proceeds to the obligor's benefit.

a.  AHMSI had been referencing a loan number 10001350490, which is not the loan

number contracted or secured to ABC at closing. That original loan number is

0001350490.  In the data, AHMSI began referencing a new account number

0031256902  without any re-contract or notification.  How would this be

accounted for under an audit?

8

b.   Mortgagor found through forensic research that ABC and AHMSI had created securitized stocks and bonds against the promssory note without full disclosure or benefit to the primary beneficiary, the Trusor.

c.   The Directors of AHMH, ABC, AHMSI involved in the transactions of herein noted as the holders of a note/bond and represented under their oath of office to abide by the laws of financial institutions stated at The National Bank ng Act Public Law Volume 13 38th Congress Stat 99-118 and have violated their oath which is held at the Office of the Comptroller of Currency of the United States. Defendants actions appear in violation and exceeded their authority under the law.

d.   Either the Department of the Treasury of a Federal Reserve has issued bonds to the above mentioned Respondents and the United States Comptroller of the Currency has registered the bonds to the Directors of American Brokers Conduit and/or American Home Mortgage Servicing Inc. in exchange for a fraudulently endorsed negotiable instrument, where no consideration was provided to the Plaintiff.

e.   Plaintiff preserves the right to subpoena the Office of The Comptroller of Currency, a department under the Treasury Department to ascertain any records to provide the prima facie evidence pursuant to Rule 26 Federal Civil Procedures.

f.   Directors of the previously stated financial institutions cannot prove they made a loan based on the properly following the laws of Public Law Volume 13 38th Congress Stat 99-118 which they are on record as sworn under oath to uphold such laws or face the penal actions for their violations.

g.   Plaintiff/Claimant will use the above listed Statutes at Large which express the Original Intent of Congress and not the prima facie code of title 12 Banks and Banking or other related code. The Statutes at Large have been continuously adjudicated as law and superior to code that is prima facie and when a question of the authenticity of the law arises each of the Circuit courts, appeals courts and Supreme Court have ruled that the Statutes at large hold lawful/legal precedence over the United States Code. The issue of this case which is the original note and subsequent notes were converted into bonds, in which the bonds CUSIPS (Committee on Uniform Securities Identification Procedures) are known, the issue of its authenticity cannot be tested without using the original intent of

9.

Congress as expressed through the aforementioned Statutes at Large as enacted by the Congress of the United States of America. Thus the claimant will use that de jure body of law to make his claims upon the respondents and defendants with a note of strict proof of the case law stating the legal precedence of the Statutes at Large over the Code (see attachment EXHIBIT 100):

28.  In the last attempt by the plaintiff to settle the matter without judicial review, AHMSI, hired, on or about August 17, 2009, a third party law firm, Moss & Codilis, LLP on or about to intimidate and threaten foreclosure proceedings and to ignore all previous demands for FDCPA, TILA and RESPA Defaults and Fraud and to deny due process of law.

29. Most requests and notices sent to the Defendants, by the Plaintiff, were verified and sent by certified copies via certified mail to the U.S. Attorney's office for the Northern District of Georgia as a material witness.

### Cause of Actions

30. The Defendants appeared to have violated Public Law at 42 Stat 13-15 as Original Intent of Congress prima facie code USC 42 §1983, known as the National Banking Act of 1864 by offering a 30 year mortgage beyond the 5 year term as permitted under the law pursuant to 12 U.S.C. 2 (I) § 29 ab initio on July 7, 2009 at closing.

31 . If ABC has allegedly transferred the original note to AHMSI, then the original promissory note contains misrepresentation of material facts, fraudulent conversion and an inducement of the Plaintiff to refinance the loan for 30 years, a time exceeding the years mandated by law.

31B. AHMSI has failed to remedy the default once the facts were made known, by willingly taking illegal payments, by refusing to rescind the mortgage as a remedy, and by an illegal conversion of

10.

instruments to benefit themselves on about August 27, 2008, March 31, 2009 and August 27, 2009 and at all times that they knowingly attempted to cover their actions.

32. AHMSI failed to disclose that ABC and themselves securitization of a promissory note allegedly belonging to the borrower. ABC securitized investments of account number 0001350490 on or about July 7, 2006 and AHMSI securitized investments under a new account number 0031256902 on or about July 8, 2008, without the benefit or knowledge of the mortgagor.

33. Plaintiff cites actions for possible violations by AHMSI and predecessors, which includes but not limited to 12 U.S.C. 5 § 582, Receipt of United States or bank notes as collateral, abusive behavior pursuant to 12 U.S.C. 2§ 24 (seventh) Corporate powers of association, 18 U.S.C. 31 §656 theft, embezzlement or misapplication by bank officer and 18 U.S.C. 47 § 1005 bank entries, reports and transactions to defraud an individual on or about July 8, 2008

34. Additionally, AHMSI violations consisted of breaches of contract of private duty pursuant to the Official Codes Georgia Annotated (OCGA)  OCGA 23-2-51 and U.S.C. when, AHMSI participated along with MERS and ABC,  in  actual and constructive fraud ab initio, including multiple misrepresentations by not disclosing to the Plaintiff, how they acquired the promissory note after bankruptcy proceedings, switching  account numbers without permission form the trustor/mortgagor, and making securitized investments without disclosure.

35. Plaintiff discovered by forensic research that illegal waivers are against public policy and are severable per OCGA 13-8-1 and OCGA 13-8-2, and UCC 2-302, respectively. Plaintiff now asserts his defenses in recoupment under UCC§ 3-305.

36. Plaintiff asserted his rights as a grantor/mortgagor that AHMSI, acting on behalf of the grantee/mortgagee or holder of the note in due course, failed to provide audited, third party proof that the double book entry ledger is true and correct.  AHMSI's Legal Department, headed by

11.

Timothy Navarro, received by certified mail on or about February 24, 2009 from the Plaintiff for the debt validation notices and rescission demand notices yet defaulted.

37. AHMSI committed additional Defaults against the contractual rights contained within the Security Deed in paragraphs Section 15, 17 and with TILA and RESPA section 6. On or about March 31, 2009 and other subsequent notices of defaults given in writing.

38. Furthermore, the Plaintiff cited failure to deliver an "original promissory note" for inspection against alterations per UCC §3-407, but founded prima facie evidence of an altered note by the copy presented by the legal department of AHMSI on July 7th 2008.

39. On or about April 20, 2008, February 24, 2009, again on September 7, 2009, AHMSI failed to validate the debt pursuant to FDCPA 15 U.S.C. §1692 and FCBA 15 U.S.C. §1601, which continued a pattern of continued breaches of private duty and "unclean hands".

40. AHMSI defaulted when the Plaintiff demanded TILA rescission notice and 20 day remedy to cure on or about August 27, 2008, March 31, 2009, and again on or about September 7, 2009 pursuant to TILA 15 U.S.C. §2605 et seq.

41. AHMSI reacted to the notices and proceeded with retaliatory actions by involving third parties and agents MOSS and Codilis, LLP to continue their fraudulent and tortuous acts against the Plaintiff's rights, demands, home and illegal collection activities on or about August 27, 2009.

### JURISDICTION:

42. By virtue of the federal regulated promissory and security instrument contracts, the loan servicer and the holder of the note in due course are in default to uphold the regulations under United States Codes for TILA, RESPA, FDCPA and NBA, but not

12.

limited to Title 18 of the United States Code, the United States District Courts becomes the proper court defined under the statues to bring this hearing.

43. Jurisdiction is proper by diversity of locations of Defendants principal places of business. Thereby, the Plaintiff exercises his rights in a competent court for subject and venue matter jurisdiction.

### Legal Discussions

44. The loan numbers were switched to the new loan numbers as noted in the above paragraphs, 22, 32 and 34 by AHMSI with no legal right, disclosure or good cause. The NBA holds the bank officers as "trustees" and thereby, the mortgagor/trustor is the true beneficiary was violated.

45. AHMSI failed to uphold the TILA and RESPA statues, in which Plaintiff was entitled to have exercised when demanded. This controversy establishes the need for litigation for breach of private duty and fraud.

46. AHMSI has "unclean hands", whereby Plaintiff denies being in debt when AHMSI. AHMSI has failed or refused to comply in verifying any debt by using standard industry practices of General Accepted Accounting Principles (GAAP) audit, to have been performed by an independent third party and consistent with the Fair Debt Collections Practicing Act (FDCPA) and Fair Collection Billing Act (FCBA) requirements.

47. AHMSI actions toward Plaintiff appears to be actual fraud and per OCGA 23-2-51 (a),(b) and OCGA 23-2-52.

13.

**48.** AHMSI used their status as the loan servicer to block, refuse, deny or violate any claims or demands by the borrower and to give the appearance that the borrower breached their terms of the contract. Thereby, Plaintiff seeks full rescission and annulment of the contract .

**49.** AHMSI actions were hostile and arrogant with no regards to the preservation of mortgagor or consumer equitable rights. AHMSI have not shown equity, thereby they cannot receive equity but should receive judgment as a matter of law.

**50.** Plaintiff asserts that Defendants behavior falls under violations per OCGA 23-2-53, but not limited to other fraud statues and breach of duty. The Defendants used suppression of a material facts to cause harm, injury and breaches in their fiduciary duty in following ways:

    a.  Never produced the original note when requested in writing by the mortgagor per Promissory/ Security contractual agreement.

    b.  Breached their private duty to honor all written notices, however, provided prima facie evidence that a copy of the promissory note sent by AHMSI's legal department, shows incrimination on behalf of ABC's alteration of the contract made after closing. The copy is the best primary evidence of fraud by alteration according to the Federal Rules of Evidence.

    c.  Misrepresentation by omission of material facts includes actions by AHMSI and MERS by failing to authenticate, who is the holder of the note in due course, after the insolvency of ABC.

    d.  AHMSI failed to fully disclose to the mortgagor that they had invested the promissory note under a "new loan/account numbers" and the profits were

14.

not shared with the mortgagor. Plaintiff seeks enforcement under 18 U.S.C. 47 § 1005.

e.    AHMSI used the promissory note to securitized the instrument into the market without disclosing the Borrower, constitutes fraud by embezzlement pursuant to 18 U.S.C. 31§ 656. This is not merely a coincidence. If correct, then AHMSI along with MERS are guilty of breach of private duty tort under OCGA 51-1-6, OCGA 51-1-8 and tort fraud claim under OCGA 51-6-1, respectively.

### Claims for Damages

51. In the interest of justice and to preserve the Constitutional Rights of the pro se litigant and this trial court do not hold pro se to the same high standards as Attorney's, Plaintiff respectfully having stated its causes of actions make claims against the Defendants and Plaintiff is in need of the following relief against all Defendants jointly and severally:

52. **Count I** -Plaintiff claims torts exists by virtue of, but not limited to violations pursuant to private legal right and public duty OCGA 51-1-1, private duty breach pursuant to OCGA 51-1-6, and torts under OCGA 51-12-30 involving harm and damages by joint tort- feasors and violations under the National Banking Act by AHMSI's Bank officers David Friedman, CEO, and Timothy Navarre , Legal Counsel, AHM & ABC's Bank officer Michael Straus CEO for AHM & ABC and Asst. Secretary Lisa Furco and MERS R. .K. Arnold , President & CEO seeks value $600,000 for abuses, falsification of records and neglect.

15.

53. **Count II**- Fraud by artifice to deceive by virtue of using an attempted waiver of right, ab initio, against public policy pursuant to UCC 2-302, OCGA 13-8-1 and OCGA 13-8-2, respectively, was continued by Defendants. Plaintiff seeks the Court order to have the Plaintiff restored of a.l monies paid into the note, interests and fees, as actual monetary damages estimated before auditing including interests to be in the sum of $45,003.00.

54. **Count III**- By virtue of refusal of TILA rescission demands on three attempts, Plaintiff seeks full reconveyance of the title and cancellation of the security instrument and promissory note pursuant to Georgia's equity code OCGA 23-2-31.

55. **Count IV**- By virtue of Fraud by omissions and deceit on behalf of the Defendants their successors or assigns, as their interests may appear, who have unjustly enriched themselves through their trading activities of the security instruments, Plaintiff seeks this Court order a subpoena duces tecum an accounting of all such profits and a disgorgement of the profits, gains and unjust advantages that the Defendants have obtained to date.

56. **Count V**- Upon finding violations rights complained herein, Plaintiff seeks the Court to award a sum of $350,000 to the Plaintiff as part of the actual damage for concealment, embezzlement, misapplication of bank records and defrauding an individual per act pursuant to OCGA 23-2-51(a)(b), 18 U.S.C 47 1005 and 18 U.S.C. 31 §656.

57. **Count VI**- Plaintiff seeks to have court order to return total control of the bonds invested into the market, known and identified by their CUSIPs, as assets belonging to the Plaintiff pursuant to set –off and recoupment UCC §3-305.

16.

58. **Count VII.-**  That the Court order such an award reasonable and customary for fees , commensurate with all attorney fees, court fees, and recoupment of all costs in bringing this action, as permitted by law.

59. **Count VIII-** That Court sanctions and order injunctive relief to stop all collection activities on the alleged mortgage with an immediate cease and desist order, until this case is fully adjudicated, instanter.

60. **Count IX –** That the Court issue an immediate injunction to stay any proceedings or actions by the Defendants in the lower courts against the property, until these matters are resolved within this courts jurisdiction.

61. **Count X-  To remove the license of those practicing law and to fine the principals and bar them from future banking activities for their breach of obligations under the laws.**

62. **Count  XI-** The Court address all counts by Defendants on false reporting to the Credit Reporting Agencies and made liable for a monetary reward of $100,000.00

63. **Count XII-** That the court dismiss all claims on behalf of the Defendants, with prejudice.

64. **Count XIII-** That the Court make an award for emotional stress and grief made upon plaintiffs in the amount of $15,000.00 per each count enumerated in this complaint.

65. Plaintiff moves for a jury trial on all questions of fact raised by this complaint where the law must prevail over equity and where Defendant denies an allegation.

## Prayer for Relief

* Plaintiff seeks this court for an immediate injunctive relief to stay all collection activities with an immediate cease and desist order, until the matter is completely resolved.

*Plaintiff seeks trial by jury on all issues of facts that are in controversy.

*Plaintiff seeks awards on all damages and of infractions made by the Defendants.

*Plaintiff ask this court to declare rights on issues raised, before an adverse dismissal of any issue is warranted.  Specifically, Plaintiff seeks to declare the rights for the violations by the Defendants under 18 U.S.C. 31 §656 and 18 U.S.C 47 § 1005 and allow for a separate trial or sentencing to occur, so that, all civil issues go forward.

*Plaintiff seeks to dismiss any claim by MERS of any legal standing with respect to the promissory note with prejudice.

*Plaintiff seek to proceed in pauperis, but eminent violations by Defendants required to start case instanter, but wishes to preserve the right and make such application.

*Plaintiff seeks this court to recognize the standard that Pro Se litigants are not to be treated to the same high standards as attorneys and that this court grant leniency in all pleadings.


Submitted this day __22__ September, 2009


_____
Hussain Kareem, A.R.R. Pro Se
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
Phone: 678-887-4965

18.

## Certificate of Service

I , Hussain Kareem, Plaintiff in the cause of action entitled  FEDERAL
COMPLAINT:   VIOLATION OF NATIONAL BANKING ACT, TILA AND
DAMAGE CLAIMS, certify that I have served by sheriff summons or by registered
or certified mail at the following:

Mortgage Electronic Registration Systems, Inc., 330C SW, 34th Ave Ste 101 Ocala, FL
34474 c/o R.K. Arnold CEO

**American Home Mortgage Holdings, Inc. 520 Broadhollow Rd., Melville N.Y. 11747
C/O Michael Straus, President & CEO**

**American Home Mortgage Servicing[3] Inc. , 4600 Regent Blvd. Ste 200, Irving, TX
75063 c/o David Friedman, CEO**

Hussain Kareem, Pro Se, A.R.R.
2197 Carlysle Creek Dr.
Lawrenceville, GA 30044

19.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Hussain Kareem, Claimant
2197 Carlysle Creek Dr.
Lawrenceville, GA 30044                                   Civil Action No.: _____
         **Plaintiff, Pro se,**

V.

AMERICAN HOME MORTGAGE HOLDING, INC.
AMERICAN HOME MORTGAGE SERVICING³, INC. AND MORTGAGE
ELECTRONICS REGISTRATION SYSTEMS, INC.
         **Defendants ,**

## FEDERAL COMPLAINT:
### VIOLATION OF NATIONAL BANKING ACT, TILA AND TORT CLAIMS

## AFFIDAVIT OF STATEMENTS AND FACTS

Now Come, Hussain Kareem, herein referred to as Plaintiff, in the above cause of action, against the above named Defendants , affirms under the penalty of perjury, that all of the statements, allegations and  claims contained in this complaint, are true and correct to the best of my knowledge and beliefs. Pursuant to OCGA 9-10-111, I attest and depose before an officer who administers oaths and confirm by my signature as being executed:

Signed  before me, on this day ___2ND___ September, 2009.

Notary

                                              _Hussain Kareem, A.R.R._

Name:                        Seal

                        20.

**EXHIBIT 100**

Case Law to be used for lawful-legal precedence of Statutes at Large Original Constitutional intent of Congress

## CASE LAW IN ALL CIRCUITS & THE SUPREME COURT OF THE UNITED STATES SUPPORTING USE OF STATUTES AT LARGE AS SUPERIOR TO TITLE 12 BANKS & BANKING

The official source of the United States Law is Statutes at Large and the United States Code is only prima facie evidence of such laws
*Royers Inc. vs. United States 1959CA3Pa 265 F. 2d 615, 59-USTC 9371, 3AFTR 2d 1137*

Statutes at Large are 'legal; evidence' of laws contained therein and are accepted as proof of those laws in any court of the United States.
*Bear vs. United States (1985 DC Neb) 611 supp 589, aff'd (1987) (Cas Neb) 810F 2d 153*

Unless Congress affirmatively enacts title of United States Code into law, title is only prima facie evidence of law
*Preston vs. Heckler (1984 CA9 Alaska) 734 F2d 1359 34 CCH EPD 34433 later proceeding (1984 DC Alaska) 586 F. supp 1158*

Where the Title has not been enacted into positive law, title is only prima facie or rebuttable evidence of law, and if construction is necessary, recourse may be had to original statutes themselves
*United States vs. Zuger (1984) DC Conn 602 F supp 889 affd*

Even codification into positive law will not give code precedence where there is conflict between codification and Statutes at Large
*Warner vs. Goltra (1934)293 US 155, 79 L ED 254 55 S Ct 46 Stephens vs. United States (1943) 319 US 423, 87L Ed 1490, 63 S Ct 1135 United States vs. Weldon (1964) 377 US 95, 12L 2d 152, 84 S Ct 1082*

United States Code does not prevail over Statutes at Large when the two are inconsistent
*Stephens vs. United States (1943) 319 US 423, 87 L Ed 1490, 635 Ct 1135 Peart vs. The Motor Vessel Bering Explorer 1974, DC Alaska 373 F. supp 927*

Although United States Code establishes prima facie what laws of the United States are to the extent that provisions of the United States Code are inconsistent with Statutes at Large, Statutes at Large will prevail. *Best Food Inc. v United States (1965) 37 Cust Ct. 1, 147 F Supp. 749.*

Where there is conflict between codification and Statutes at Large, Statutes at Large must prevail.
*American Export Lines Inc. v United States (1961) 153 Ct Cl 201, 290 F 2d 925 Abell vs.*

21.

(Exhibit 100 continued Part 2...)

**United States (1975) 207 Ct Cl 207, 518 F 2d 1369, cert den (1976) 929, US 817, 50L Ed 2d 76, 97 S Ct. 59**

Case law Supporting Statutes at Large as holding lawful and legal precedence over United States Code is found in all Circuits of the Federal Jurisdiction and the Supreme Court of the United States

### United States Supreme Court

**Warner vs Goltra** (1934) 293 US 155, 79 L Ed 254 55 S Ct. 46
**Stephens vs United States** (1943) 319 US 423 87 L Ed. 1490, 63 S Ct. 1135
**Nashville Milk Co. vs. Carnation Co.** (1958) 355 US 373, 2 L Ed 2d 340 785 Ct 352
**United States vs. Weldon** (1964) 377 US 95, 12 L. Ed 2d 152 845 Ct. 1082
**United States vs. Neifert-White Co.** (1968) 390 US 228, 19 L Ed. 2d 106 1, 88 S Ct. 959
**Goldstein vs. Cox** (1970) 396 US 471, 24 L, Ed 2d 663, 90 S Ct. 671
**United States vs. Bornstein** (1976) 423 US 303, 46 L. Ed 2d 514, 96 S Ct. 523
**American Bank & Trust Co. vs. Dallas County** (1983) 463 US 855 77L. Ed 2d 1072 103 S Ct 3369

### Second Circuit

**Leonard vs. Chase Nat. Bank** (1936) CA 2 NY 81 F 2d 19, cert den 298 US 677, 80 L Ed 1398, 56 S Ct. 941

**United States ex rel Kessler vs. Mercur Corp.** (1936, CA 2 NY) 83 F 2d 178 cert den 299 US 576, 81 L. Ed. 424 57 S Ct. 40

**United States vs. Zuger** (1984) DC Conn 602 F. Supp 889 aff'd 755 F. 2d 915 cert den 474 US 805, 88 L. Ed. 32 106 S Ct. 38

### Third Circuit

**Royers Inc. vs. United States** (1959, CA3 Pa.) 265 F 2d. 615
**Crilly vs. Septa** (9175, CA 3 Pa) 529 F 2d 1355
**United States vs. Hibbs** (1976 Ed Pa) 420 F. Supp. 1365 vacated on other grounds 56 S F 2d 347

### Fourth Circuit

**United States vs. Shively** (1936 DC Va) 15 F. Supp 107

### Fifth Circuit

**Murrell vs. Western Union Tel Co.** (1947, CA5 Fla) 160 F 2d 787

### Sixth Circuit

**Rose vs. National Cash register Corp** (1983 CA 6 Mich) 703 2d 225 cert den 464 US 939, 78 L. Ed 2d 317, 104 S Ct. 352 (1983)

**(Exhibit 100 continued Part 3...)**

_Mary vs. Centran Corp_ (1984 CA 6 Ohio) 747 F 2d 1536. Cert den 471 US 1125, 86 L. Ed. 2d 273, 105 S Ct. 2656 (1985)
_United States ex rel Boyd vs. McMunty_ (1933, WD Ky) 5 F supp. 515

### Seventh Circuit

_United States vs. Vivian_ (1955, CA 7111) 224 F 2d 53
_Lode vs. Leonardo_ (1982 ND ILL) 557 F Supp 675
_Young vs. IRS_ (1984, ND Ind) 596 F. Supp 141

_United States vs. Burgess_ (December 1 1987 ND ILL) 1937 U.S. District LEXIS 11227 1987 WL 39092

### Eighth Circuit

_United States vs Wodtke_ (1985 ND Iowa) 627 F. Supp. 1034

### Ninth Circuit

_Preston vs. Heckler_ (1984, CA Alaska) 734 F 2d 1359 34 CCH EPD P 34433
_Ryan vs. Bilby_ (1985, CA9 Ariz) 764 F 2d 1325
_Woner vs. Lewis_ (1935, DC Cal) 13 F. Supp. 45
_Peart vs. The Motor Vessel Bering Explorer_ (1974) DC Alaska 373 F. Supp 927

### District of Columbia Circuit

Where the language of the Statutes at Large conflicts with the language of the United states Code that has been not enacted into positive law, the language of the Statutes at Large Controls.
_Fire Flag S Pipeline Co vs Dep. of Transportation_ (1988) App DC 854 F Ld 1438

It is important at this point to detail a Summary of Legal Guidelines of Public Laws Volume 13 38th Congress Stat 99-118 National Banking Act which are the de jure laws on Banking and Financial Institutions in the United States of America. These are the standing laws that will prove the color of authority actions carried out by the listed respondents.
Notes on National Bank/Currency Act STATUTUTES AT LARGE Public Law 13 Stat 99-118 38th Congress

23.

Exhibit J

# INTERROGATIVES Depositions for Disclosure & Discovery
## DEFENDANT/ALLEGED DEBT COLLECTOR/CREDITOR DISCLOSURE STATEMENT

*This statement and the answers contained herein may be used by the Issuer & Maker, if necessary, in any court of competent jurisdiction*

### Interrogatives re: Federal Complaint Case No#_____

<u>Notice</u>: This Defendant's Disclosure Statement must be completed in accordance with the O.C.G.A. § 9-11-26 et seq., *Fair Debt Collection Practices Act*, 15 USC § 1692g and the Freedom of Information Act 5 USCA § 552, applicable portions of *Truth in Lending (Regulation Z)*, 12 CFR 226 Contract Disclosure and O.C.G.A. § 11-1-207, and demands as cited above in Offer of Performance. Defendants must make all required disclosures clearly and conspicuously in writing re the following:

1. NAME and ADDRESS OF DEFENDANT/ALLEGED DEBT COLLECTOR/CREDITOR:
...........................................................................................................................

2. Are you required to register with the United States Department of Treasury as a financial institution?     YES    NO

3. Please provide the Documents that certify that you are a financial institution registered with the federal government through the United States Department of Treasury.

4. Address of Plaintiff/Alleged Debtor/Obligor:

5. Alleged Account Number:

6. Alleged debt owed:  $.

7. Date alleged debt became payable: .................................... .......................................................

8. What is the name and address of the alleged Original Creditor who actually provided funds to the Plaintiff/Alleged Debtor/Obligor, if different from Defendant/Alleged Debt Collector/Creditor?
...........................................................................................................................
...........................................................................................................................
...........................................................................................................................
...........................................................................................................................

9. If Defendant/Debt Collector/Creditor is different from alleged Original Creditor, does Defendant/Debt Collector/Creditor have a bona fide affidavit of assignment including the signature of the Plaintiff/Alleged Debtor/Obligor as an assignment for entering into alleged original contract between alleged Original Creditor and Plaintiff/Alleged Debtor/Obligor?     YES    NO

10. Did Defendant/Debt Collector/Creditor purchase this alleged account from the alleged Original Creditor?     YES    NO     N/A (Not Applicable)

11. Are you the holder of the Original note/contract?     YES    NO

12. Are you the holder in due course of the Original Note and or Contract and if so please provide front and back copies of the original contract and or note.

## Exhibit J

13. If applicable, provide the date of purchase of this alleged account from alleged Original Creditor, purchase amount, and a copy of the original transaction:

Date:

Amount: $

14. Did Defendant/Debt Collector/Creditor purchase this alleged account from a previous debt Collector/Creditor?

      YES    NO    N/A (Not Applicable)

15. If applicable, provide the date of purchase this alleged account from previous debt Collector/Creditor, purchase amount, and a copy of the original transaction:

Date:

Amount: $

16. What are the terms of the transfer of rights in re this alleged account?

.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................

17. If the transfer of rights re this alleged account was by assignment, was there consideration?

    YES  NO  N/A

18. What is the nature and cause of the consideration cited in #17 above?

.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?   YES

    NO    N/A (Not Applicable)

20. What is the nature and cause of any value cited in #19 above?

.............................................................................................................................
.............................................................................................................................
.............................................................................................................................
.............................................................................................................................

## Exhibit J

21. If the transfer of rights re this alleged account was by novation, was consent given by Plaintiff/Alleged Debtor/Obligor?

    YES    NO    N/A (Not Applicable)

22. What is the nature and cause of any consent cited in #21 above?

......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................

23. Has the alleged Defendant/Debt Collector/Creditor provided Plaintiff/Alleged Debtor/Obligor with the requisite **_verification_**

    of the alleged debt as required by the **_Fair Debt Collection Practices Act_**?

    YES    NO

24. Date said verification cited above in #23 was provided to Plaintiff/Alleged Debtor/Obligor with official copy and certification

    that it was sent to Plaintiff/Alleged Debtor/Obligor: ....................................................................................

25. Was said verification cited above in #23 in the form of a sworn or affirmed oath, affidavit, or deposition? YES    NO

26. Verification cited above in #23 was provided to Plaintiff/Alleged Debtor/Obligor in the form of :

    OATH    AFFIDAVIT    DEPOSITON

27. Does Defendant/Debt Collector/Creditor have knowledge of any claim(s)/Defense(s) re this alleged account?

    YES    NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account?

......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................

29. Does Defendant/Debt Collector/Creditor receive Letter of Credit Financing from a major financial institution to run its

    operational budget?    YES    NO

30. Please provide the 1096 and 1098 Tax Returns for this account.

31. Please provide the 1099 OID and the 1099 INT forms for this account

32. Are you [Defendant/Alleged Creditor] the payor or the recipient on the 1099 OID forms?    YES    NO

33. Does this account operate as a pooling and servicer agreement?    YES    NO

34. Are you [Defendant/Alleged Creditor] in this contract serving in the status of a pooler or servicer for the Original Lender?

    YES    NO

35. Have you [Defendant/Alleged Creditor] ever received any benefit from a third party financial institution due to the alleged

    contract with the alleged obligor? YES    NO

36. Have you [Defendant/Alleged Creditor] ever received stocks, bonds, securities or any other commercial items from any

    third party institutions in respect to the alleged contract with the obligor?    YES    NO

37. Are there any stocks, bonds, or securities attached to the contract between you [Defendant/Alleged Creditor] and the

    alleged obligor?    YES    NO

## Exhibit J

38. If the answer to the former question is yes could you please provide the CUSIP number for the said financial instrument?

     CUSIP: ...................................................................

39. Is this account in any way connected to any financial and or securities fraud?    YES    NO

40. Please provide certified copies of the N-8A registration filed pursuant to section 8A of the Investment Company Act of 1940, the 10 K annual report, the S-3 registration statement and the S-4 prospective filed pursuant to Rule 425 (b) 5 with the Securities and Exchange Commission under section 13 & 15 (d) of the Securities and Exchange Act of 1934 in reference to this account and any certificated or uncertificated stocks, bonds, securities, or other financial instruments associated with this account.

41. Was Plaintiff/Alleged Debtor/Obligor provided with a loan by Defendant/Debt Collector/Creditor?    YES    NO

42. If the Plaintiff/Alleged Debtor/Obligor was provided with a loan does the Defendant/Debt Collector/Creditor have proof that assets were provided from the financial institution to the Plaintiff/Alleged Obligor. Please provide certified copies, front and back of all documentary proof.

43. Was Plaintiff/Alleged Debtor/Obligor sold any products/services by Defendant/Debt Collector/Creditor?    YES    NO

44. Does there exist a verifiable, bona fide, original commercial instrument [note or contract] between Defendant/Alleged Debt Collector/Creditor and Plaintiff/Alleged Debtor/Obligor containing alleged Plaintiff's bona fide signature?    YES    NO

45. What is the nature and cause of any verifiable commercial instrument cited above in # 44?

     ...................................................................................

     ...................................................................................

     ...................................................................................

     ...................................................................................

46. Does there exist verifiable evidence of an exchange of a benefit or detriment between Defendant/Alleged Debt Collector/Creditor and Plaintiff/Alleged Debtor/Obligor?    YES    NO

47. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 46?

     ...................................................................................

     ...................................................................................

     ...................................................................................

     ...................................................................................

48. At the time the alleged original contract was executed; were all parties apprised of the meaning of the terms and conditions of said alleged original contract and was full disclosure of the nature of the contract provided to the Plaintiff/Alleged obligor?    YES    NO

49. At the time the alleged original contract was executed; were all parties advised of the importance of consulting a licensed Legal professional before executing the alleged contract?    YES    NO

50. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit Instrument?    YES    NO

## Exhibit J

Defendant's failure, both intentional and otherwise, in completing/answering points "1" through "50" above and returning this Defendant Disclosure Statement, as well as providing the Plaintiff with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Defendant's tacit agreement that Defendant has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Defendant tacitly agrees that Defendant waives all claims against the Plaintiff and indemnifies and holds the Plaintiff harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove—referenced alleged account.

PLEASE NOTE:
**Certified Copy**: means- "A copy of a document or record, signed and certified as a true copy by the officer to whose custody the original is in trusted"
**Verified Copy**: means- "Copy of document which is shown by independent evidence to be true. A copy, if successive witness trace the original into the hands of a witness who made or compared the copy. See: *Nu Car Carriers v. Treynor, 75 U.S.App.D.C. 174, 125 F.2d 47, 48.*"
**Verification**; means- "Confirmation of correctness, truth, or authenticity, by affidavit, oath, deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party. See *Sheeley v. City of Santa Clara, 215 Cal.App.2d 83, 30 Cal.Rptr. 121,123.* Sworn or equivalent confirmation of truth...In accounting, the process of substantiating entries in books of account."
**Assure**: means- "To make certain and put beyond doubt. To declare, aver, avouch, assert, or ensure positively. To declare solemnly; to assure to any one with design of inspiring belief or confidence."
**Assurance**: means- "The act or action of assuring...A declaration tending to inspire full confidence."

The above definitions are from Black's Law dictionary, 6th Ed. "In the absence of a statutory definition, courts give terms their ordinary meeting." *Bass. Terri L v. Stolper, Koritzinsky, 111 F.3d 1325, 7th Cir. Apps. (1996).* Plain meaning can be determined by using a dictionary. As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States v. Ron Pair Enterprises. Inc., 489 U.S. 235, 241-242 (1989); United States v. Goldenberg, 168 U.S. 95,102-103 (1897); Oneale v. Thornton. 6 Cranch 53, 68.* When the words of a statute are unambiguous, then this first canon is also the last: "judicial inquiry is complete". *Rubin v. United States, 449 U.S. 424, 430 (1981)* and *Ron Pair Enterprises, supra, at 24." Conn. Nat'l Bank v. Germain, 503 U.S. 249 (1992).* "[T]he legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States, 369 U.S. 1 (1962).*
Declaration: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Defendant Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

| Date: | Printed Name of Signatory: |
|---|---|

_____          _____
Official Title of Signatory                    Authorized Signature for Debt
Collector/Creditor

Defendant must timely complete and return this Defendant Disclosure Statement, along with all required documents referenced in said Defendant Disclosure Statement. Defendant's response will not be considered if any portion of this Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act at 15 USC § 1692, Freedom of Information Act 5 USCA § 552 et seq.,* and which states in relevant part: *"A debt Collector/Creditor may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,"* which includes *"the false representation of the character, or legal status of any debt,"* and *"the threat to take any action that cannot legally be taken,"* all of which are violations of law.

If Defendant does not respond as required by law, the Defendant response at a later date will not be considered and Defendant may be liable for damages for any continued collection efforts, as well as any other injury sustained by Maker of this Document. Please allow thirty (30) days for processing after Plaintiff's receipt of Defendant's response.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Hussain Kareem, Pro Se
           PLAINTIFF

vs.                                          CIVIL ACTION NO. _____

                                                Judge's initial

American Home Mortgage Holdings, Inc., (AHMH)
c/o Michael Straus, CEO and individually
American Home Mortgage Servicing[3], Inc., (AHMSI)
c/o David Friedman, CEO and individually
Mortgage Electronics Systems, Inc.(MERS)
c/o R.K. Arnold, CEO and individually

## AFFIDAVIT OF SERVICE

I, (name the person who actually mailed the summons/complaint), hereby declare that on the _____ day of  September, 2009, I mailed a copy of the summons and complaint, certified mail return receipt requested, to AHMH c/o Michael Straus and individually. Attached hereto is the certified green card acknowledging service.

**STAPLE GREEN CARD HERE**
Make sure it bears the original signature of the person
who signed for the summons and complaint.


Hussain Kareem, Pro se, A.R.R.
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
Telephone : 678-887-4965

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Hussain Kareem, Pro Se
                PLAINTIFF

vs.                                           CIVIL ACTION NO. _____

                                                      Judge`s initial

American Home Mortgage Holdings, Inc., (AHMH)
c/o Michael Straus, CEO and individually
American Home Mortgage Servicing[3], Inc., (AHMSI)
c/o David Friedman, CEO and individually
Mortgage Electronics Systems, Inc.(MERS)
c/o R.K. Arnold, CEO and individually

## AFFIDAVIT OF SERVICE

I, (name the person who actually mailed the summons/complaint), hereby declare that on the _____ day of  September, 2009, I mailed a copy of the summons and complaint, certified mail return receipt requested, to MERS c/o R.K. Arnold and individually. Attached hereto is the certified green card acknowledging service.

**STAPLE GREEN CARD HERE**
Make sure it bears the original signature of the person
who signed for the summons and complaint.

Hussain Kareem, Pro se, A.R.R.
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
Telephone : 678-887-4965

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 22 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CIVIL ACTION CASE _____ 1 09-MI-0403

## INDEX

Index -Table of Content                                        page 1

Federal Civil Complaint & Federal Questions                   pages 2-4

Statement of Facts                                            pages 5-10

Cause of Action                                               pages 10-12

Jurisdiction                                                  page 12

Legal Discussion                                             pages 13-14

Monetary Damages & other Claims                              pages 15-17

Prayer for Relief                                            page 18

Certificate of Service                                       page 19

Affidavit of Facts                                           page 20

Exhibit 1OO -  CASE LAW IN ALL CIRCUITS & THE SUPREME COURT OF THE UNITED
STATES SUPPORTING USE OF STATUTES AT LARGE AS SUPERIOR TO TITLE 12 BANKS &
BANKING -                                                     pages 21-23

Exhibit "J" Interrogatories & Discoveries                    pages 1-5

1.

JS44 (Rev. 1/08 NDGA)    CIVIL COVER SHEET    1:09-MI-0403

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

**I. (a) PLAINTIFF(S)**

Hussain Kareem,
Pro Se

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** GWINNETT
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Hussain Kareem
Pro Se

**DEFENDANT(S)**

American Home Mortgage Holdings, Inc.
American Home Mortgage Servicing, Inc.
Mortgage Electronics Registration, Inc.

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**ATTORNEYS** (IF KNOWN)

AMERICAN Home Mortgage Servicers Attorney is Timothy Navarro

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF
☐ 2 U.S. GOVERNMENT DEFENDANT
☒ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
☒ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | ☒ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | ☒ 2 | ☒ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☒ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 ORIGINAL PROCEEDING
☐ 2 REMOVED FROM STATE COURT
☐ 3 REMANDED FROM APPELLATE COURT
☐ 4 REINSTATED OR REOPENED
☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
☐ 6 MULTIDISTRICT LITIGATION
☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

**V. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of 42 U.S.C. §1983 Violating Property Rights & Due Process
Violations of National Banking ACT, Public Law 42, Stat 13-15
Violations of 15 U.S.C. 1692 FDCPA & FCBA
Violations of 15 U.S.C. 1635(b) TILA

**(IF COMPLEX, CHECK REASON BELOW)**

☐ 1. Unusually large number of parties.
☐ 2. Unusually large number of claims or defenses.
☐ 3. Factual issues are exceptionally complex
☐ 4. Greater than normal volume of evidence.
☐ 5. Extended discovery period is needed.

☒ 6. Problems locating or preserving evidence
☐ 7. Pending parallel investigations or actions by government.
☐ 8. Multiple use of experts.
☐ 9. Need for discovery outside United States boundaries.
☐ 10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

NP    GGB

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT $ _____ APPLYING IFP _____ MAG. JUDGE (IFP) _____

JUDGE _____ MAG. JUDGE _____ (Referral) NATURE OF SUIT _____ CAUSE OF ACTION _____

371    15:161

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- Alien Detainee
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS - Filed Pro se
- [ ] 555 PRISON CONDITION(S) - Filed Pro se

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS - Filed by Counsel
- [ ] 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 R.R. & TRUCK
- [ ] 650 AIRLINE REGS.
- [ ] 660 OCCUPATIONAL SAFETY / HEALTH
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] ARBITRATION (Confirm / Vacate / Order / Modify)

(Note: Mark underlying Nature of Suit as well)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $ ~~920,000.00~~ *plus Attorney fees, treble, compensatory & punitive*

JURY DEMAND [X] YES [ ] NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

---

## VIII. RELATED/REFILED CASE(S) IF ANY    DOCKET NO._____

JUDGE_____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)

- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- [ ] 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case [ ] IS [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_H. Halevi_ _Pro Se_    _A.R.K._    DATE _9/22/09_

SIGNATURE OF ATTORNEY OF RECORD

**Exhibit M**

**(Third) Amended Complaint**

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 1 2010

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

Hussain Kareem, Claimant

Civil Action No.: **3:10-CV-00762-B**

**Plaintiff, Pro se,**

**JURY DEMAND**

V.

AMERICAN HOME MORTGAGE SERVICING, INC.
AND DAVID FRIEDMAN, CEO AND INDIVIDUALLY,
MORTGAGE ELECTRONICS REGISTRATION
SYSTEMS, INC. AND R.K. ARNOLD, PRESIDENT
AND CEO, INDIVIDUALLY

**Defendants ,**

## CORRECTED
## AMENDED VERIFIED COMPLAINT: RESPA, TILA AND TORT CLAIMS
## PURSUANT TO 42 U.S.C. 1983

1. Now come, Hussain Kareem, Title holder/ Grantor/ Mortgagor/ Trustor/ Settlor/

Owner, herein referred to as Plaintiff, respectfully submits to the United States

District Court in the above numbered, captioned, styled and entitled cause,

seeking injunctive and monetary relief enumerated pursuant to exercising all

rights, claims and privileges arising from but not limited to violations under

Federal Statutes 12 U.S.C. CH.27 Sec 2601 et seq. for RESPA , 15 U.S.C §1635

and 1640 et seq. for TILA, 15 U.S.C. §1692 for FDCPA, 15 U.S.C. 1601 for

FCBA, and Georgia's Commercial Code Statutes; Breach of Private Duty and

Contract OCGA §11-3-307*, Failure to authenticate a debt to an alleged debtor

under OCGA 11-9-902, OCGA 11-9-602 , OCGA 11-9-625, with failure by proof

per  OCGA §11-8-301 delivery  of an negotiable instrument, OCGA §11-3-407

alteration of instrument, OCGA § 11-9-303 Defendants lack enforceability of

instrument, respectively and pursuant to but rot limited to 42 U.S.C.1983:

Acting under the color of law by depriving equal protections of laws and rights,

by the above Defendants and none of the Defendants are the Real Parties of

interests per the Federal Rule of Civil Procedures Rule 17(a), as follows:

### JURISDICTION:

a.  The U.S. District Court shall **original jurisdiction under federal questions under 28 U.S.C. §1331,** for civil actions arising from the Constitution, laws and statutes.

b.  **It appears that the U.S. District Court has jurisdiction under 28 U.S.C 1367 SUPPLEMENTAL JURISDICTION, whereas it is stated:** in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

c.  **Additionally, it appears the U.S. District Court has jurisdiction under Title 42 U.S.C. § 1983** and 1985 whereas it is stated: Every person who, under color or any statute, ordinance, regulation, custom or usage, of any State of Territory, subjects ... any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

d. **Whereas, Plaintiff has sought for this Court, by motion to transfer this case to the appropriate United States District Court where the venue would be most proper and in the interests of justice.**

e. Thus, United States District Court for the Southern District of Texas determined in Case Number 4:09-CV-3774 that the United States District Court for the Northern District of Texas, was the proper court defined under the statues to bring this hearing to address the federal questions, where many of the cause of action arose in transactions emanating from the North Texas office of AHMS[3]I.

f. **The parties of controversy are as follows:**

(1). The Plaintiff, Hussain Kareem, title holder/ Mortgagor/Claimant, whose home is at all times, lies in the State of Georgia, located at 2197 Carlysle Creek Drive, Lawrenceville, GA 30044.

(2). The Defendant, AMERICAN HOME MORTGAGE SERVICING[3], INC., known as an alleged loan servicer, herein referred to as, (AHMS[3]I), whose principal place of doing business is at 1525 S. Beltline Rd, Coppell, TX 75019.

(3). The Defendant, David Friedman, CEO for AHMSI, whose principal place of doing business is at 1525 S. Beltline Rd, Coppell, TX 75019.

(4). The Defendant, Mortgage Electronic Registration Systems, Inc., an alleged Party claiming interest in a Promissory Note, herein referred to as (MERS), at all times considers the proper place for receiving summons located at 3300 SW, 34th Ave Ste 101 Ocala, FL 34474.

(5). The Defendant, R.K. Arnold,  President and CEO for  MERS, at all times considers the proper place for receiving summons located at  3300 SW, 34th Ave., Ste 101,  Ocala, FL  34474.

g.    Jurisdiction is established by virtue of the federally regulated promissory and security instrument contracts, whereas it is stated: " the governing and applicable laws are federal …"

## STATEMENT OF FACTS AND REASONS FOR AMENDING COMPLAINT

2.    AHMS³I, the alleged servicer of the loan and MERS, the alleged the holder of the note by in due course at some time were in default of Interstate Commerce. Interstate Commerce has mandatory laws and regulations under United States Codes for TILA, RESPA, FDCPA.  Additionally, Interstate Commerce regulates communications by the postal carrier, in which deceptive billing or Civil Rights violations, not limited to 42 U.S.C. 1983 and 1986 of the United States Codes, may be found against the Defendants,  as follows:

3.    The Plaintiff's home is located 2197 Carlysle Creek Drive, Lawrenceville, GA 30044. The Plaintiff sought a favorable refinanced Adjustable Rate Note of 1.9%, and favorable terms through American Brokers Conduit, herein referred to as (ABC), a wholly owned subsidiary of AMERICAN HOME MORTGAGE HOLDINGS, INC, herein referred to as, AHMH.

4.    MERS never invited the Plaintiff to closing, took a credit application, provided consideration which could be construed as a loan, serviced the loan,  nor has there been any "meeting of the minds".  Whatever MERS rights were, became dissolved

upon the insolvency of AHMH in the Bankruptcy case being held by the United

States District Court of Delaware, Case No# 07-11047 et. al.

5.  The refinance was executed on July 7, 2006 at the law office of Georgia Closing

Associates, 1000, Presidential Parkway, Atlanta, GA 30346, between the mortgagor and

ABC with a recorded loan number of 0001350490.

6.  At closing on July 7th, 2006, no disclosure was made that the promissory note would

be converted into a securitized instrument or that a conversion to the benefit of the

lender/mortgagee would ever take place.

7.  Plaintiff denies ever being indebted to AHMS³I or to MERS.  Nor has there any

"meeting of the minds", which would constitute or be construed to be an agreement to

provide any kind of service or role in the transaction between ABC and the mortgagor.

8.  At bar before this court, the Plaintiff originally brought forth his complaint and

claims on or about November 11th, 2009, which included AMERICAN HOME

MORTGAGE HOLDINGS, INC, for misrepresentation of a material facts related to the

promissory and security instrument in collusion with the remaining above tort-feasors.

9.  On or about December 4, 2009, without AHMH involvement, the above Defendants

have acted in tort to violate the rights of the Plaintiff by attempting to seize the property

in an alleged foreclosure scheme, directed by AHMS³I through the law firm of McCurdy

& Candler, LLC of Decatur, GA (See **Exhibit A**).

10. This blatant attempt of property seizure was done despite all presentments made by

the Plaintiff, including on going litigation and summons activities made by the U.S.

District Courts and the U.S. Marshals ( See **Exhibit B**).

11. On or about January 5th, McCurdy and Candler, LLC, withdrew the alleged foreclosure sale to avoid litigation on their behalf. However, false reporting with the credit bureaus and liable had already occurred by initiation of the "unclean hands" of AHMS[3]I and MERS.

12. On or about January 8, 2010, AHMH filed into United States District Court for the Southern District of Texas, a Suggestion of Bankruptcy involving the their bankruptcy status by the Illinois law firm of VARGA BERGER LEDSKY HAYES & CASEY (See **Docket # 13**).

13. Plaintiff has voluntarly agreed by misjoinder of AHMH and proceed by way of amended complaint against the other remaining Defendants in Case No. 4:09-CV-3774.

14. The Bankruptcy status did not include neither AHMS[3]I nor MERS nor the individuals, David Friedman, nor R.K. Arnold, all acting in their corporate capacities, respectively, who continued to unlawfully attempt to seize the Plaintiff's property.

15. Stating for purposes of clarity of record before this court, AHMS[3]I is not the same company AHMSI or AHM SV, Inc., a wholly owned subsidiary of AHMH. It appears that AHMS[3]I is owned by another entity, yet to be declared before this court under rule 7.1 (a).

16. AHMSVI did act as ABC's loan servicer, however, AHMS[3]I apparently, changed its name to appear to be the same or similar company, but failed to give proper transfer notification or full disclosure to the mortgagor and in violation of Real Estate Settlement Procedures Act, (RESPA) and TILA.

17. AHMS³I acted under the pretense to deceive mortgagors that they were still a part of the same conglomerate held by American Home Mortgage Holdings (AHMH), for purposes of continued false billing.

18. For these reasons cited above are sufficient to amend the original petition for more definite statements related to the cause of actions, continuous attempts to harm or deprive the Plaintiff's rights, under the color of authority and law and in violation pursuant to 42 U.S.C. 1983 and 1985, but not limited to other federal laws in this case.

## CAUSE OF ACTIONS BY AHMS³I

19. AHMS³I appears to have violated the 15 USC 1635 et seq. Truth-In-Lending Act (TILA), and the Uniform Commercial Codes (UCC) as enacted under Official Code Georgia Annotated Commercial Code (OCGA Title 11) by the Georgia Assembly of elected Representatives to enact laws, by refusing several demands by the mortgagor to rescind the loan upon discovering the fraud or deceit.

20. AHMS³I caused libel damages by inaccurate and unlawful reporting of derogatory credit information, when they should have been constrained by RESPA Section 6 and FDCPA debt validation notice requirements, to cease reporting and collection activities and until issues were resolved.

21. AHMS³I converted the original loan numbers issued by AHMH subsidiary American Brokers Conduit, Inc. (ABC) and created a new account number and then proceeded to securitized an instrument unassigned to them.

22. Insomuch that AHMS³I created a false loan account number then, began a history of false billing to the Plaintiff. Inclusive of their tortuous acts are coupled with mail fraud, Breach of Private Duty and Breach of Contract.

23.    Plaintiff asserts that AHMS³I made alterations of the contract without notification to the obligor, and that the alleged debt is unenforceable pursuant to (UCC) OCGA §11-3-407, (UCC) OCGA §11-3-420- conversion of instrument and (UCC) OCGA §11-3-305 defenses in recoupment raised by the obligor and OCGA §11-9-303 perfection of interest in a negotiable instrument by possession.

24.    Thereby, in citing the above violations, AHMS³I is not a real party of interest with the ability to enforce a mortgage agreement.

25.    The Plaintiff sought a private remedy to exercise his rights. On or about March 31, 2009, using RESPA Section 6 guidelines, the Plaintiff began writing AHMS³I by the Written Qualified Request to get a resolution on his debt validation notice, TILA Rescission Demand Notice, only to be refused by the alleged loan servicer. Requests for an audited financial report to clarify any discrepancies between the old loan number and the newly created account number, were refused or ignored (See **Exhibit B and C**).

26.    On or about April 4, 2009, the Plaintiff sought redress from the Department of HUD, Office of RESPA for an investigation on alleged the violations by AHMS³I.

27.    Subsequently, on or about September 18th 2009, HUD Office of RESPA agreed with the Plaintiff's concerns and issued a written "Right to Sue" letter for the Plaintiff to pursue litigation against AHMS³I for improper RESPA transfer notice and other violations (See **Exhibit D**).

28.    AHMS³I began a series of retaliatory actions by assigning various different law firms to try and attempt or coerce a foreclosure sale upon knowing that the HUD investigation was on going.

29. On or about August 17, 2009, in the last attempt by the plaintiff to settle the matter without litigation, AHMSI responded to Plaintiffs Notice of Revocation of Power of Attorney by hiring a third party law firm, Moss & Codilis, LLP of Englewood, CO on or about September 7th, 2009, in an attempt to intimidate and threaten foreclosure proceedings and to ignore all previous demands for FDCPA, TILA and RESPA Defaults and Fraud allegations.

30. The most recent attempted property seizure sale ended on December 4th, 2009, by McCurdy & Candler of Decatur, GA.

31. On or about January 5th, McCurdy and Candler, LLC, withdrew the alleged foreclosure sale to avoid litigation on their behalf. However, false reporting with the credit bureaus and libel had already occurred.

32. Throughout the process of notice writing, David Friedman was personally addressed to witness the wrongful actions of his company. He chose to ignore or allowed the tortuous acts to continue unabated. Therefore, David Friedman, a principal officer has incurred personal liability for the actions of his company, when he had the authority and capacity to stop the ongoing torts in violation of 42 USC 1983 and 42 USC 1985, respectively (See **Exhibits B, C, D, and E**).

## TILA AND FDCPA VIOLATIONS

33. Plaintiff made three demands for rescission under 15 U.S.C. §1692 and in each occasion was denied the right of execution by AHMSI on or about August 26, 2008, on or about February 24, 2009 and again on or about September 27, 2009. Thus, by statutory requirements under TILA, the demands were made timely (see **Exhibit C**).

34.    Furthermore, OCGA 11-9-210 and OCGA 11-9-602, requires the secured party or their agent to authenticate the debt by request of the alleged debtor. These code establish that there is no leave way for the secured party or their agents not to authenticate the debt upon request. Texas equivalent code is Chapter 1.9.210, Chapter 1.9.620 and Chapter 1.9.625, respectively.

35.    AHMSI refused to provide any kind of independent audit meeting the General Accounting Accepted Practices (GAAP) report standards, which would contain the correct and exact double book entries for the actual ledger of account activities and thus their actions supports contentions raised by the Plaintiff, as no denials of any irregularities for breach of private duty has been presented by AHMS³I.

## CAUSE OF ACTIONS BY MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (MERS)

36.    Plaintiff asserts that AHMS³I together with MERS, took possession of ABC's asset without notification to the obligor/mortgagor or to the United States Bankruptcy Trustee and replaced the original loan number 10001350490 with a newly created a new loan number 0031256902 to continue their deception and false billing practices, without full disclosure to the obligor.

37.    Plaintiff asserts that neither AHMS³I nor MERS have legal rights or authority to enforce or transfer the alleged security instrument when the right of enforcement lies with the promissory note. Thus, they are not the Real Parties of Interests per FRCP 17(a) nor have they acted on behalf of the Real Parties. There exists no servicing agreement or servicing disclosure statement that appoints AHMSI as a

third party servicer nor is there anything that assigns MERS as a contributory

obligee to the promissory note.

38.    Neither AHMS³I nor MERS appear to have received any permission from the

United States Bankruptcy Trustee to attempt the enforcement an alleged debt owed by the

Plaintiff or to collect payments on the Bankruptcy Trustee's behalf.

39.    Plaintiff asserts that neither AHMS³I nor MERS, nor their corporate executives,

have acted on behalf of the original grantee/mortgagee or holder of the note in due course.

Nor have the Defendants provided any audited, third party proof that the alleged debt,

with a full double book entry ledger report is true and correct per FDCPA guidelines for

determination of parties of interests or commercial code law for authenticating the debt.

40.    MERS made themselves a tort- feasor on the December 4ᵗʰ 2009, by virtue of the

Default letter that the Plaintiff received from McCurdy &  Candler ( see Exhibit A:

Notice of Sale Under Power page 3) in an alleged claim of interest to the security deed ,

in which they allegedly transferred to CitiBank, N.A.

41.    MERS participated in the public libel by reporting falsely the DEED UNDER

POWER SALE, violating the Plaintiff's civil liberties in an attempt to seize the

titleholder property under the color of law and in violation of 42 U.S.C. 1983 and 1985.

42.    In light of the Suggestion of Bankruptcy Notice enter into United States District

Court of the Southern District of Texas, the question has to be asked, when did MERS get

the right to enforce the security deed without the promissory note?  Is not the asset of the

original mortgagee tied up with the U.S. Bankruptcy Trustee? How then can they transfer

the instrument to any other assignee without permission?

43.    There appears to be no Bankruptcy Trustee permission to remove the asset from

bankruptcy proceedings. Yet account numbers were switched or changed, without

permission from the either the Bankruptcy Trustee or the trustor/mortgagor, an artifice to

deceive the homeowner.

### Cause of Actions Under 42 USC 1983 and 1985

44.    The Defendants appeared, with intent, to have violated the civil rights of the

homeowner/ title holder against 42 USC §1983, with repeated denials to enforce laws

enacted by Congress to the protection of consumers against predatory lending practices.

45.    AHMS³I has failed to remedy the default once the facts were made known, by

willingly taking illegal payments, by refusing to rescind the mortgage as a remedy, and

by an illegal conversion of instruments to benefit themselves.

46.    AHMS³I failed to disclose that the principal was insolvent and thus promissory note

may have been discharged through Bankruptcy proceedings.

49.    On or about December 4th, 2009, MERS participated in the collusion with AHMS³I

by attempting an unlawful foreclosure while pending Federal action was known to both

parties (see **Docket # (s) 4 through 9**), thus R.K. Arnold President and CEO becomes

liable for MERS actions.

50.    Plaintiff asserts violations by the Defendants consists of breach of contract and

breach of private duty pursuant to OCGA 23-2-51. The Promissory Note appears to have

been converted to a bill of exchange. Whereas, Georgia's Commercial Code OCGA 11-9-

102(64) [Texas Code 1.9.102 (64)] expressly prohibits this action by stating.." (64)

"Promissory note" means an <u>instrument</u> that evidences a <u>promise</u> to pay a monetary

obligation, does not evidence an _order_ to pay, and does not contain an acknowledgment by a _bank_ that the _bank_ has received for _deposit_ a sum of _money_ or funds."

51.  Whereas, all presentments made by AHMSI to the Plaintiff show's a promissory note stamped and signed "Pay to the Order of" and then signed by an Assistant Vice President of ABC (See **Exhibit F** _last page at the bottom_). By this evidence, then ABC has been either satisfied or the debt is discharged or the instrument has gone through an unlawful conversion or alteration per OCGA 11-3-407, thus it is void on its face.

52.     On December 4th, 2009, Intent to Foreclosure Letter shows prima facie evidence that AHMS[3]I participated with MERS, in an actual and constructive fraud by multiple misrepresentations of collection activities on an alleged promissory note without proper financial accounting (See **Exhibit A**).

53.  Thus violations under 42 U.S.C. 1983 & 1985 becomes apparent and intentional.

54.  AHMSI used their status as the loan servicer to block, refuse, deny or violate any claims or demands  by the borrower and to give the appearance that the borrower breached their terms of the contract. Thereby, Plaintiff seeks full rescission, Right to Cancel or annulment of the contract.

55.  MERS made false claims to seized the property without being a lender, loan servicer, or giving consideration to the homeowner.

56.  The Defendants action were hostile and arrogant and with no regards to the preservation of mortgagor equitable rights.

57.  The Defendants have not shown equity, therefore they should not receive equity, but should receive judgment, as a matter of law.

**Claims for Damages**

58.   By incorporating all statements above in paragraphs 1 through 56, and the Plaintiff respectfully demands the following count for claims:

59.   **Count I** - Plaintiff claims torts exists by virtue of, but not limited to violations pursuant to private legal right and public duty OCGA 51-1-1,  private duty breach pursuant to OCGA 51-1-6, and torts under OCGA 51-12-30 involving harm and damages by joint tort- feasors and violations under the  Federal Banking Regulatory Act by AHMS³I's Bank officers,  David Friedman, CEO, and Timothy Navarro, Legal Counsel and by R. .K. Arnold, President & CEO of MERS by willfully using deceptive practices to try and enforce an unverified debt. Plaintiff asserts $1 million dollars, jointly and severally, for abuses, falsification of records and neglect or disregard for 42 U.S.C. 1983 violations.

60.   **Count II**- By virtue of refusal of TILA rescission demands on three attempts, Plaintiff seeks full reconveyance of the title and cancellation or annulment of the security instrument and promissory note pursuant to Georgia's equity code OCGA  23-2-31 with all fees and monies paid back.

61. **Count III**- By virtue of Fraud by omissions and deceit on behalf of the Defendants their successors or assigns, as their interests may appear, who have unjustly enriched themselves through their trading activities of the security instruments, Plaintiff seeks this Court order a subpoena duces tecum an accounting of all such profits and a disgorgement of the profits, gains and unjust advantages that the Defendants have obtained to date to determine the award commensurate with the damage.

62.    **Count IV-** Plaintiff asserts a return of all monies collected to AHMS$^3$I and to add punitive damages amount of 3 times equaling to $477,000.00 plus a compensatory amount of the value of the alleged loan $159,000.00, plus interest.

63.    **Count VI-** That the Court order such an award reasonable and customary for fees , commensurate with all litigation fees, court fees, and recoupment of all costs in bringing this action, as permitted by law.

64.    **Count VII-** That Court sanctions and order injunctive relief to stop all collection activities with an immediate cease and desist order, until this case is fully adjudicated, instanter.

65.    **Count VIII –** That the Court issue an immediate injunction to stay any proceedings or actions by the Defendants in the lower courts against the property, until these matters are resolved within this courts jurisdiction per OCGA 11-9-625 Judicial orders against Secured Parties not providing an authenticated debt.

66.    **Count IX-  To remove the license of those practicing law and to fine the principals and bar them from future banking activities for their breach of obligations under the laws.**

67.    **Count  X-** The Court address all counts by Defendants on false reporting to the Credit Reporting Agencies and made liable for a monetary reward of $250,000.00

68.    **Count XII-** That the court dismiss all claims on behalf of the Defendants, with prejudice.

69.    **Count XIII-** That the Court make an award for emotional stress and grief made upon plaintiffs in the amount of $50,000.00 per each count enumerated in this complaint or $600,000.00

70.    Plaintiff demands a jury trial on all questions of fact raised by this complaint where the law must prevail over equity or where Defendants deny an allegation.

### Relief Sought

71.    As enumerated and incorporated in the above paragraphs 1 through 69, the Plaintiff seeks this court for an immediate injunctive relief to stay all collection activities with an **immediate cease and desist order** , by any lower courts, until the matter is completely adjudicated.

72.    Plaintiff asserts trial by jury on all issues of facts that are in controversy.

73.    Plaintiff reserves the right to add other tort-feasors to this federal complaint.

74.    Plaintiff seeks awards on all counts of infractions made by the Defendants, jointly and severally, in the total amount of $2.236 million.

75.    Plaintiff ask this court to declare rights on issues demanded by the Plaintiff, before any adverse ruling on any issue, deemed warranted under FRCP rule 52a.

76.    Plaintiff seeks to dismiss any claim by AHMSI and MERS or their executive officers, to have any legal standing with respect to the promissory note with prejudice.

77.    Plaintiff seeks this court to recognize the standard the Pro Se litigants are not to be treated to the same high standards as attorneys and that this court grant leniency in all pleadings.

**Submitted this day** 4th **of June , 2010**

Hussain Kareem, A.R.R. Pro Se
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
Phone: 678-887-4965

EXHIBIT A- NOTICE OF INTENT  POWER OF SALE

LAW OFFICES
# McCURDY & CANDLER, L.L.C.
SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

MAILING ADDRESS:

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1989)

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
DEBORAH Y. CHANDLER
CHRISTIE B. HENNINGS

FRANK R. OLSON*
A. BRETT VERNER
LAURA A. GRIFKA*
C. ELIZABETH JONES
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
ROBERT J. WILKINSON*
DANIEL K. BARBAGELATA
OF COUNSEL:

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

*Exhibit A* (handwritten)

December 4, 2009

Certified Mail
Return Requested 7009 2250 0004 0826 4476
and Regular Mail

Hussain Kareem
2197 Carlysle Creek Drive
Lawrenceville, GA 30044

RE:   NOTICE OF FORECLOSURE SALE ENCLOSED
      Our File No.:      09-26039
      Loan No.:          0031256902
      Borrower Name:    Hussain Kareem
      Property Address: 2197 Carlysle Creek Drive
                        Lawrenceville, GA 30044

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

Servicer:   American Home Mortgage Servicing, Inc. as successor in interest to Option One Mortgage Corporation
Address:    6591 Irvine Center Drive
            Irvine, CA 92618
Phone Number: (877) 304-3100

**Creditor: Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass-Through Certificates, Series 2006-3**

Dear Sir or Madam:

By letter dated December 4, 2009, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling. That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

A failure to comply with the terms of the above loan with Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass-Through Certificates, Series 2006-3 has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass-Through Certificates, Series 2006-3 on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on January 5, 2010 , before the courthouse door of Gwinnett County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced. Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by Official Code of Georgia, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at (877) 304-3100 immediately regarding your situation. You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to Gwinnett Daily Post for publication.

BE GOVERNED ACCORDINGLY.

McCurdy & Candler, L.L.C.

*Anthony DeMarlo*

Anthony DeMarlo
Attorney for Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass-Through Certificates, Series 2006-3

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

### NOTICE OF SALE UNDER POWER

GEORGIA, GWINNETT COUNTY

Because of default in the payment of the indebtedness, secured by a Security Deed executed by Hussain Kareem to Mortgage Electronic Registration Systems, Inc. dated July 7, 2006 in the amount of $159,200.00, and recorded in Deed Book 46756, Page 425, Gwinnett County, Georgia Records; as last transferred to Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass-Through Certificates, Series 2006-3 by assignment; the undersigned, Citibank, N.A. as Trustee for American Home Mortgage Assets Trust 2006-3 Mortgage-Backed Pass-Through Certificates, Series 2006-3 pursuant to said deed and the note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said deed, will on the first Tuesday in January, 2010 , during the legal hours of sale, at the Courthouse door in Gwinnett County, sell at public outcry to the highest bidder for cash, the property described in said deed to-wit:

All that tract or parcel of land lying and being in Land Lot 37 of the 7th District, of Gwinnett County, Georgia, and being Lot 68, Block A of Carlysle, Unit Four, as per Plat recorded in Plat Book 75, Page 97 of Gwinnett County, Georgia, which Plat is incorporated herein and made a part hereof by reference.

which has the property address of 2197 Carlysle Creek Drive, Lawrenceville, Georgia., together with all fixtures and other personal property conveyed by said deed.

The sale will be held subject to any unpaid taxes, assessments, rights-of-way, easements, protective covenants or restrictions, liens, and other superior matters of record which may affect said property.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

Notice has been given of intention to collect attorneys' fees in accordance with the terms of the note secured by said deed.

Said property will be sold as the property of Hussain Kareem and the proceeds of said sale will be applied to the payment of said indebtedness, the expense of said sale, all as provided in said deed, and the undersigned will execute a deed to the purchaser as provided in the aforementioned Security Deed.

> Citibank, N.A. as Trustee for American Home Mortgage Assets
> Trust 2006-3 Mortgage-Backed Pass-Through Certificates,
> Series 2006-3
> Attorney in Fact for
> Hussain Kareem

Anthony DeMarlo, Attorney/kandrade
McCurdy & Candler, L.L.C.
(404) 373-1612
www.mccurdycandler.com
File No. 09-26039 /CONV
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Case 3:10-cv-00762-B Document 360-6 Filed 06/01/10 Page 21 of 43   PageID 185

*Sent to McCurdy & Candler*

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>Hussain Kareem, pro se | COURT CASE NUMBER<br>4:09cv3774 |
| DEFENDANT<br>David Friedman, individually and C.E.O. | TYPE OF PROCESS<br>Summon & Complaint |

**SERVE AT** { NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
David Friedman, individually and C.E.O. c/o American Home Mortgage Servicing , Inc.
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
1525 S. Beltline Rd., Coppell, Tx 75019

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Hussain Kareem, Pro Se<br>2197 Caylysle Creek Drive<br>Lawrenceville, GA 3004 | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Fold

Exhibit A,

Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>713 250-5574 | DATE<br>12/4/09 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process<br>1 | District of Origin<br>No. 79 | District to Serve<br>No. 79 | Signature of Authorized USMS Deputy or Clerk | Date<br>12-3-09 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address (complete only different than shown above) | Date<br>12/21/09 | Time<br>1200 ☒ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee<br>8.00 | Total Mileage Charges including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>$0.00 |
|---|---|---|---|---|---|

REMARKS:
12-15-09  Sent via certified mail 7008 0150 0003 3157 4947
12-21-09  Served via certified mail.

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

EXHIBIT B- QUALIFIED WRITTEN REQUEST / DEBT VALIDATION NOTICE



March 31, 2009

Attn: Timonthy Navarro,
Legal Department
American Home Mortgage Servicing, Inc. (AHMSI)
4600 Regents Blvd, Ste 200
Irving,TX 75063

Per your recent letter dated March 3, 2009, I am responding with another "qualified
written Request" under 12 U.S.C. 2605 Section 6 of the Real Estate Settlement
Procedures Act (RESPA) and the TILA Statue 15 U.S.C. §· 1635(e) 1 (A) and (B), under
oath.

I am writing to re-affirm my legal standing in which, you received my correspondence on
or about February 27, 2009, on behalf of AHMSI, the loan servicer by certified U.S. Mail
No.#s: 70082810000199565995 and 70082810000199566008, respectively. As you
recall, the following items were sent to you collectively, as follows:

   *    Rescission Demand Notice given and to American Home Mortgage, Corp.
(AHM) on behalf of the defunct America Brokers Conduit ((ABC) and AHMSI, by
certified letters
   • Affidavit Rescission Demand Default on behalf of American Home Mortgage,
     Inc. (AHM), America Brokers Conduit (ABC), AHMSI, its successors or assigns
     or as their interest may appear.
   • Affidavit of Non Response Debt Validation Notice given to AHM, on or about
     April 20, 2008, by certified mail no.#70072560000312993819.
   • Affidavit Rescission of Deed Under Power; Revocattion of Limited Power of
     Attorney by virtue of Defaults.
These documents were forwarded to the current CEO off AHMSI , to you with a copy
sent to the U.S. Attorney's Office, David Nahmias, Northern District of Georgia.

Your response letter, did not include any controverted or rebutted affidavits.
However, you did send me a copy of two exhibits 1 & 2, which, in my legal
understanding I have found many counts of fraud and negligence, as follows:

   • Exhibit 1 a copy of the promissory note, with alleged signatures and initials and
     with a promissory note which appears to be materially altered.
   • Your attempt to provide unverified originals, are time barred under the above
     Statues, in paragraph one of this letter, in which AHMSI or the holder of the note
     in due course had 20 days to respond and 60 days to resolve, starting back in
     August, 2008.
   • AHM, AHMSI, and their successors have already defaulted and refuses to
     rescind the loan or to cease billing or to request an administrative hearing with the
     Department of HUD to resolve our dispute. All of thus is in violation of the
     RESPA and TILA Statues.

- Under the TILA statues, I am making payments under coercion, yet I expect to get all fees and payments back once resolved under injunctive relief. For I have asked in writing, ( see Exhibit "A1 & A2" Debt Validation Letter dated April 20, 2008, page 4 of 4) for cease and desist and for you to comply with all Federal statutes FDCPA, UCC, TILA, RESPA, etc, by stop reporting to the credit bureaus because, we are in dispute. Yet, AHMSI keeps sending reports to the Credit Reporting Agencies and you are doing this regardless of my rights. This is obvious retaliatory actions on your part.

- It appears that you have violated RESPA's and the Breach of Duty within the Alleged Security Deed. The Security Deed warrants to give notices to the obligor in Section 8 and it is required under RESPA § 3500.21 and within TILA 15 U.S.C. § 1635. AHMSI has violated the following provisions:

- Count I- The loan account number has changed. Therefore, the Security Deed and payments and accounts do not match up. The original account number was 0001350490 recorded in State Records. It has changed from 100130490 as recent as April 3, 2008. Now, you are billing under a new loan number 0031256902. Which one is the real number and is it an account number or loan number? This is a violation of GAAP (see Exhibit "B1"& Exhibit "2?")

- Count II- The Address has changed from P.O. Box 660029, Dallas , TX 75266- 00029 to 4600 Regent Blvd., Suite 200, Irving, TX 775063-1730. AHMSI is reported to be owned by W.L. ROSS & Co., LLC, beginning around the early part of 2009 and yet there was no transfer notice given to this effect. Upon such a transfer, sell or otherwise, AHMSI and W.L. Ross & Co., LLC had a combined 30 days to give notification and disclose writing. This is a violation under RESPA.

- Count III- AHMSI was a subsidiary of AHM Holdings of Melville, N.Y., along with AHM. All companies went under Federal Bankruptcy Protection some time in late 2008. I received no notification to this effect. Violation per RESPA 24 CFR Ch. 12 § 3500.21 (ii) (B) notice of commencement of bankruptcy.

- Count IV- Nor did I receive any statement from AHMSI in regards to how the bankruptcy might effect my legal obligation. Violation under the terms of the Security Deed Section 8 , breach of contract to give notice and under RESPA 24 CFR Ch. 12 § 3500.21 (ii) (B) notice of commencement of bankruptcy.

- Count V- If W.L. Ross is the new Holder of the note in due course, then it was never disclosed per RESPA 24 CFR Ch. 12 § 3500.21. Failure to serve proper notice under the terms of the Security Deed Section 8 is a breach of Contract.

- Count VI- It appears that the Promissory note has been "cashed in". It is stated on all documents that I am the grantor of the Promissory Note, then the Grantee has failed to disclosed when, where and to whom has paid my note off for consideration. This is a fraud of embezzlement and violation of the Fiduciary Duty by the Grantee or by Trustee. It was never disclosed under TILA or RESPA that the Note would be cashed in Full face value and the proceeds not shared the beneficiary of the Deed of Trust or with the Grantor. This appears to be false billing under FCBA and FDCPA statues, respectively.

- Count VII- State consumer protection laws have been violated whenever, TILA and RESPA were VIOLATED. These laws are not preemptive due to the gross violations and negligence.
- Count VIII- The Borrowers Waiver of Right is fraudulent. It purports that I knowingly, willingly and I bargained for the waiver of rights in order to get the loan. Under Georgia Case Law, "...Contract containing invalid waiver, unconnected with purposes of contract, is severable.... containing an attempted waiver of a right which cannot be waived because contrary to public policy..." Brenau College V Mincey, 68 Ga App. 137. This document was only presented at the closing session and had to be signed or no alleged loan and I was hurried to sign, for the closing lasted less than one hour. It falsely purports that the Closing Attorney explained my waiver of Constitutional and I Bill of Rights under both Georgia and The Untied States. This alleges that nearly 300 pages were to have been signed at the settlement table, with full legal understanding contained within the multiple copies and the Pro Se party had the same advantages as a trained professional attorney and with equal knowledge. I deny this to be the truth (See Affidavit of Illegality Exhibit "C1"). I was never given a signed copy in "blue ink" nor a notarized copy of the original contract, nor did I meet the notary, nor did I witness the notary witnessed the Closing Attorney's signature. It has never has been disclosed to me the name of the Attorney who represented the lender. The signature does not disclose it and without a printed name, no one can be identified, nor is their an Attorney Bar Number to reference or identify the person who swore an affidavit against me. This constitute a gross misrepresentation of the facts. Furthermore, over the three days wait period, I was never given the documents to take home to study or to know the details of the closing package or to research the full meaning nor the legal effect of the contract that was to be signed. I was told to "think it over and within three days let them know if I had any questions or by law it would close then". I came represented as Pro Se and the lender had a professionally trained attorney to represent them. I depended on a fair and truthful loan closing with full disclosures. The attorney was not under any obligation to advise me. The attorney never disclosed that they were acting in a dual agency capacity or if they could act in a dual agency capacity. This would have been better and would have preserved my right for them to counsel me. The attorney would have upheld their oath of office to protect the Constitution and the rights of all parties, under Georgia's Bill of Rights Paragraph I & II respectively, and the rights of due process under the 14th Amendment. This closing was intentionally deceptive to give the full advantage to the lender.

Therefore, my recent payment made, which you should have received through my bank draft, was made under duress until I get an injunction from the Secretary of HUD or from a court of equity. I am seeking my rights under TILA and RESPA based on the Fraud, which has been enumerated, but not limited to other offenses in which, I reserve the right to state those at a later time.

I understand that under Section 6 of RESPA and under TILA, 15 U.S.C. § 1635 (e), you are required to acknowledge my request for immediate resolution. Since this is my

second "qualified written request" within the last 60 days, you may write me to resolve immediately. But as of or around April 6, 2009, the 60 days for resolution by the legal department of AHMSI would have passed. I shall be holding all the principals and you, their legal counsel accountable under the full extent of the law.

I have called your office and left several messages and Mrr. Navarro, as of this writing, you have refused to respond even though your letter gives me the invitation to call you. I have had your customer service department try and contact you, as well.

I do solemnly swear, under the penalty of perjury, that this letter is the truth, to the best of my knowledge and that I am more than 18 years of age and of sound mind and competent.

_____                    _____
Hussain Kareem©, A.R.R., Affiant                                         Notary

*[Notary seal: JAMES T. OWENS / COMMISSION EXPIRES / JAN. 7 2012 / WALTON CO. GEORGIA / NOTARY PUBLIC]*

Cc: U.S. Attorney's Office, David Nahmias, Northern District Georgia 75 Spring St., Ste 600, Atlanta, GA 30303

David Friedman, CEO, AHMSI, 4600, Regent Blvd., Suite 200, Irving, TX 75063

*See Exhibits "7" & "D" as Reference*
*Regarding Fraud Complaint*

## Exhibit B

EXHIBIT C- TILA RESCISSION DEMAND NOTICE

**Exhibit C**

Certified No: 7008 2810 0001 9956 5995

### AFFIDAVIT CERTIFICATE OF DEFAULT: Rescission Demand

I, Hussain L. Kareem©, do hereby certify under the penalty of perjury that I have received no response to my Rescission Demand Notice submitted to AMERICAN HOME MORTGAGE, Inc. via certified letter, certified number 7007 2560 0003 1229 3727, dated on or about June 5th, 2008, to the attention of Michael Strauss, CEO, with a copy of the demand sent to American Home Mortgage Servicing, Inc. (AHMSI) dated on or about August 26, 2008, sent via U.S. Certified Mail No. 7001 1140 0002 2538 0064, pertaining to my property with a known address of 2197 Carlysle Creek Drive, Lawrenceville, GA 30044 , as related to the alleged loan number 1001350490, which as been recently changed in late 2008 by American Home Mortgage Servicing, Inc. (AHMSI), to loan number 0031256902, respectively.

In accordance with the Federal Statues for TILA, RESPA and UCC and Georgia Statues, you have failed to respond and are in default and dishonor in complying with the rescission of the mortgage note.

On this 24th day of February, 2009.

_Angela Tran_

unofficial witness

_H. Kareem_

Hussain L. Kareem©, Affiant, A.R.R.

### Notary

Date of Signature: 2-24-09

JAMES T. OWENS

Printed Name:

My commission expires on: 01 - 24 - 2012

By _James T. Owens_

seal:

JAMES T. OWENS
COMMISSION EXPIRES
JAN.
7
2012
WALTON CO. GEORGIA
NOTARY PUBLIC

EXHIBIT D9 HUD RESPA LETTER

**Exhibit D**



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410-8000

OFFICE OF HOUSING

September 22, 2009

Hussain Kareem
2197 Carlysle Creek Drive
Lawrenceville, GA 30044

Subject:  RESPA Case Number R-09-1699

Dear Hussain Kareem:

　　　Thank you for your letter concerning certain problems you have experienced in the transfer of servicing of your loan with American Home Mortgage Servicing, Inc.(AHMSI). HUD's Office of RESPA and Interstate Land Sales administers the Real Estate Settlement Procedures Act, more commonly called RESPA.  A RESPA fact sheet is enclosed.

　　　You sent a qualified written request to the lender explaining the problem.  Please note that lenders do not have an obligation to explain why they have sold the servicing of your loan. You should have received a notice of the transfer of your loan servicing at least 15 days before the effective date of the transfer from your old servicer and no later than 15 days after the effective date of the transfer from your new servicer. HUD's office of RESPA further inquired to AHMSI regarding their alleged failure to provide you with proper notification. AHMSI's response to this inquiry is enclosed. Unfortunately, HUD has no penalty if the lenders fail to give timely notice.  If you sustained damages, however, you may be able to recover them in court. Please consult with an attorney for further legal advice.

　　　Under RESPA, the servicer has 60 business days in which to respond to a qualified written request.  If your servicer fails to comply with the complaint resolution process set out in Section 6 of RESPA, you could sue for money damages.  We are unable to sue for damages on behalf of an individual.  This office generally does not get involved in disputes over payments but would become involved if the lender failed to comply with Section 6's provisions.  Please let us know if your servicer fails to correct the problem to your satisfaction.  We will then be able to better monitor this servicer for future compliance with our regulatory requirements.

　　　We hope your letter brings about the results you desire. Should you have any questions concerning this matter, please contact Kevin L Stevens at (202) 708-0502.

　　　　　　　　　　　　　Sincerely,

*Ivy M Jackson*

Ivy M. Jackson
Director
Office of RESPA and
    Interstate Land Sales

# Exhibit D

EXHIBIT F- Adjustable Rate Note

**Exhibit F**

## ADJUSTABLE RATE NOTE
### FIRST FIVE YEAR FIXED PAYMENT – 12MTA

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. BECAUSE MY INTEREST RATE WILL CHANGE MORE FREQUENTLY THAN MY MONTHLY PAYMENT, AND BECAUSE THERE ARE LIMITATIONS ON MY MONTHLY PAYMENT INCREASES, THE AMOUNT OF MY MONTHLY PAYMENT MAY NOT FULLY PAY THE INTEREST THAT ACCRUES.  AS A RESULT, THE PRINCIPAL AMOUNT I MUST REPAY COULD BE LARGER THAN THE AMOUNT I ORIGINALLY BORROWED, BUT NOT MORE THAN _110.000%_ OF THE ORIGINAL AMOUNT (OR $_175,120.00_ ).  MY INTEREST RATE CAN NEVER EXCEED THE LIMIT STATED IN THIS NOTE OR ANY RIDER TO THIS NOTE. A BALLOON PAYMENT MAY BE DUE AT MATURITY.

_July 7, 2006_                    _ATLANTA_                    _Georgia_
                                      (City)                          (State)

_2197 Carlysle Creek Drive, Lawrenceville, GA 30044_
                    (Property Address)

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ _159,200.00_ plus any amounts added in accordance with Section 4 (G) below, (this amount is called "Principal"), plus interest, to the order of the Lender.  The Lender is _American Brokers Conduit_ . I will make all payments under this Note in form of cash, check or money order.  I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder".

### 2. INTEREST

Interest will be charged on unpaid Principal until the full amount has been paid. I will pay interest at a yearly rate of _1.900%_ until _July 31, 2006_ , and the initial monthly payment provided for in Section 3(B) of this Note will be based on this rate (the "Initial Rate"). Commencing _August 1, 2006_ , I will pay interest at a yearly rate of _6.832%_ (the "Subsequent Rate"). Thereafter, the interest rate I will pay may change in accordance with Section 4 of this Note. The interest rate required by this Section 2 and Section 4 of this Note is the interest rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay Principal and interest by making payments every month.  In this Note, unless otherwise specified "payment" refers to the Principal and interest payment only, although other charges such as taxes, insurance and/or late charges may also be payable with the monthly payment.

I Will make my monthly payments on _1st_ day of each month beginning on _September , 2006_ . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on _August 1, 2036_ , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my monthly payments at _PO Box 660029, Dallas, TX 75266-0029_ , or at a different place if required by the Note Holder.

DOC #:944866                    APPL #:0001350490                    Rev. 1/27/06

Page 1 of 6                                        AHM-2032N(MULT) (0106)

_N. K._

**EXHIBIT** _1_

**(B) Amount of My Initial Monthly Payments**

Each of my monthly payments until the first Payment Change Date will be in the amount of U.S.$ ___580.51___, unless adjusted at an earlier time under Section 4(H) of this Note.

**(C) Payment Changes**

My monthly payment will be recomputed, according to Sections 4(E)(F)(G)(H) and (I) of this Note, to reflect changes in the Principal balance and interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The interest rate I will pay may further change on the ___1st___ day of ___September___, ___2006___, and on that day every month thereafter. Each such date on which my interest rate could change is called a "Change Date."

**(B) The Index**

On each Change Date, my interest rate will be based on an Index. The "Index" is the Twelve-Month Average, determined as set forth below, of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H. 15)" (the "Monthly Yields"). The Twelve-Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12.

The most recent Index figure available as the 15 days before each interest rate Change Date is called the "Current Index". If the Index is no longer available, the Note holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding ___Two and 400 Thousandths___ percentage points ___2.400___ % ("Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-thousandth of one percentage point (0.001). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. In the event a new Index is selected, pursuant to paragraph 4(B), a new Margin will be determined. The new Margin will be the difference between the average of the old Index for the most recent three year period which ends on the last date the Index was available plus the Margin on the last date the old Index was available and the average of the new Index for the most recent three year period which ends on that date (or if not available for such three year period, for such time as it is available). This difference will be rounded to the next higher 1/8 of 1%.

**(D) Interest Rate Limit**

My interest rate will never be greater than ___Nine and 950 Thousandths___ percentage points ___9.950___ % ("Cap"), except that following any sale or transfer of the property which secures repayment of this Note after the first interest rate Change Date, the maximum interest rate will be the higher of the Cap or 5 percentage points greater than the interest rate in effect at the time of such sale or transfer.

**(E) Payment Change Dates**

Effective commencing ___September 1, 2011___, (the "First Payment Change Date") and on the same date each twelfth month thereafter ("Payment Change Date"), the Note Holder will determine the amount of the monthly payment that would be sufficient to repay the projected principal balance I am expected to owe as of the Payment Change Date in full on the Maturity Date at the interest rate that will become effective one month prior to the Payment Change Date in substantially equal payments. The result of this calculation is the new amount of my monthly payment, subject to Section 4(F) below, and I will make payments in the new amount until the next Payment Change Date. My payments can change at any time, before or after the First Payment Change Date or any Payment Change Dates under Section 4(H) of this Note.

DOC #:944857                                   APPL #:0003350490                           Rev 1/27/06
                                                  Page 2 of 6                                AHM-2032N(MULT) (0106)

*H.K.*

**(F) Monthly Payment Limitations**

Unless Section 4(H) and 4(I) below apply, the amounts of my new monthly payment, beginning with a Payment Change Date following the First Payment Change Date under Section 4(E), will be limited to 7 ½% more or less than the amount I have been paying. This payment cap applies only to the principal and interest payment and does not apply to any escrow payments Lender may require under the Security Instrument.

**(G) Changes in My Unpaid Principal Due to Negative Amortization or Accelerated Amortization**

Since my initial monthly payment will be based on the Initial Rate, which may be different than the Subsequent Rate, my initial monthly payment could be less or greater than the amount of the interest portion (the "Interest Portion") of the monthly principal and interest payment that would be sufficient to repay the unpaid Principal I owe in full on the Maturity Date in substantially equal payments. Additionally, since my payment amount changes less frequently than the interest rate and since the monthly payment is subject to the payment limitations described in Section 4(F), my monthly payment could be less or greater than the amount of the Interest Portion. For each month that the monthly payment is less than the Interest Portion, the Note Holder will subtract the monthly payment from the amount of the Interest Portion and will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the current interest rate. For each month that the monthly payment is greater than the Interest Portion, the Note Holder will apply the excess towards a principal reduction of the Note.

**(H) Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid Principal can never exceed a maximum amount equal to _____110.000%____ of the principal amount originally borrowed. In the event my unpaid Principal would otherwise exceed that 110.000% limitation, I will begin paying a new monthly payment until the next Payment Change Date notwithstanding the 7 ½% annual payment increase limitation. The new monthly payment will be an amount which would be sufficient to repay my then unpaid Principal in full on the Maturity Date at the interest rate in effect one month prior to the payment due date in substantially equal payments.

**(I) Required Full Monthly Payment**

On the ____Five____ anniversary of the due date of the first monthly payment, and on that same day every ____Five____ year thereafter, the monthly payment will be adjusted without regard to the payment cap limitation in Section 4(F).

**(J) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(K) Failure to Make Adjustments**

If for any reason Note Holder fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Note Holder may, upon discovery of such failure, then make the adjustment as if they had been made on time. I also agree not to hold Note Holder responsible for any damages to me which may result from Note Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess monies which I may have paid to partial Prepayment of unpaid Principal.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment". When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will apply all of my prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

Rev 1/27/06

DOC #:944868                     APPL #:0001350490                     AHM-2032N(MULT) (0106)

Page 3 of 6

*H. K.*

My partial prepayment may have the effect of reducing the amount of my monthly payments, but only after the first Payment Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

Miscellaneous Fees: I understand that the Note Holder will also charge a return item charge in an amount permitted and otherwise in accordance with Applicable Law in the event a payment that I make in connection with repayment of this loan is not honored by the financial institution on which it is drawn. Lender reserves the right to change the fee from time to time without notice except as may be required by law.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of Principal and interest. I will pay this late charge promptly but only once for each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 10 days after the date on which the notice is delivered or mailed to me (or, if the Federal National Mortgage Association or the Federal Home Loan Mortgage Corporation buys all or part of Lender's rights under the Security Instrument, in which case the notice will specify a date, not less than 30 days from the date the notice is given to Borrower).

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note, whether or not a lawsuit is brought, to the extent not prohibited by Applicable Law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless Applicable Law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

*H. S.*

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower.

If all or any part of the Property or any interest in the Property is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) the request to assume is made after one year following recordation of the Deed of Trust, (b) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (c) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument or other obligations related to the Note or other loan document is acceptable to Lender, (d) Assuming party executes Assumption Agreement acceptable to Lender at its sole choice and discretion, which Agreement may include an increase to Cap as set forth below and (e) payment of Assumption Fee if requested by Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption and Lender may increase the maximum rate limit to the higher of the Cap or 5 percentage points greater than the interest rate in effect at the time of the transfer. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender has entered into a written Assumption Agreement with transferee and formally releases Borrower.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay

DOC #:944870                    APPL #:0001350490                          Rev 1/27/06

                                      Page 5 of 6                    AHM-2032N(MULT) (0106)

*H. K.*

these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12. MISCELLANEOUS PROVISIONS**

In the event the Note Holder at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical or ministerial mistake, calculation error, computer error, printing error or similar error (collectively "Errors"), I agree, upon notice from the Note Holder, to reexecute any Loan Documents that are necessary to correct any such Errors and I also agree that I will not hold the Note Holder responsible for any damage to me which may result from any such Errors.

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Note Holder delivers to me an indemnification in my favor, signed by the Note Holder, then I will sign and deliver to the Note Holder a Loan Document identical in form and content which will have the effect of the original for all purposes.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)                    _____ (Seal)
Hussain Kareem          -Borrower                                            -Borrower

_____ (Seal)                    _____ (Seal)
                        -Borrower                                            -Borrower

_____ (Seal)                    _____ (Seal)
                        -Borrower                                            -Borrower

_____ (Seal)                    _____ (Seal)
                        -Borrower                                            -Borrower

DOC #:944871                    APPL #:0001350490

                                Page 6 of 6                          AHM-2032N(MULT) (0106)

                                PAY TO THE ORDER OF

                                WITHOUT RECOURSE
                                BY: AMERICAN BROKERS CONDUIT

                                LISA FIRGO
                                ASST. SECRETARY

Exhibit F

EXHIBIT E- MOSS & CODILIS COMMMUNICATION NOTICE

THIS IS NOT A PUBLIC
COMMUNICATION
Notice to Agent is Notice to Principle
Notice to Principle is Notice to Agent
Applicable to all successors and assigns
Silence is Acquiescence/Agreement/Dishonor
This is self-executing contract.
Sent Certified Mail # __

DATE:  September 7, 2009

**Exhibit E**

    7009 1680 0002 3488 0161

Hussain Kareem©, without prejudice
2197 Carlysle Creek Drive.
Lawrenceville, GA 30044

### Notice of Default: Debt Validation, Rescission Demand & Breach of Private Duty

With proof of service to:
Leo Stawairski, Gerald Moss, And Ernest Codilis , individually and
MOSS, CODILIS, L.L.P.,
C/O American Home Mortgage Serv.icing, Inc (AHMSI), ET AL.

Mailing Address:                           Corporate Address:
6560 GREENWOOD PLAZA, SUITE 100       9200 E. Mineral Dr., Suite 329
Englewood, CO 80111-7100                 Englewood, CO 80112

RE: Alleged Accounts #00312569022 & previous loan # 1001350490
                Property Address: 2197 Carlysle Creek Dr., Lawrenceville, GA 30044

Dear Sirs:
In response to your company letter dated August 18, 2009, through your legal department, this is a written "Qualified Request Notice" per Section 6 of RESPA and per notices to be given pursuant to the Security Deed and Promissory Note Section 1:.5 and Section 7 respectively, with American Brokers Conduit.  I deny being in debt of the alleged amount that you have indicated and pursuant to 15U.S.C. §1692, you are a third party debt collector and you must comply to the fullest extent of the Federal Statute as mandated by an Act of Congress, to ensure that you are not party to violations and collection harassments and any violations of the 1st amendment, 5th amendment, 1 4th amendments due process of the United States Constitution.

If allegedly,  American Home Mortgage Servicing. Inc. (AHMSI) or any assignee, transferee, grantee, is Holder of the Note in due course, then they are in Default and dishonor. The mortgagee/grantee has failed to rescind my home loan on two attempts. Also, the mortgagee/grantee/assignee has failed  an investigation by the Department of HUD RESPA, which has confirmed that AHMSI has failed under their guidelines.

 I am asserting  lack of non responses ; to previous notices given and the obvious ignoring these demanded upon AHMSI to honor my Rescission Demand Notice. Previous Debt Validation Notices were given which is evidenced by U.S. Attorney' 's office in the Northern District of Georgia,  yet AHMSI continues to breach their private duty pursuant to t but, not limited to  OCGA 51-1-8, OCGA 51-6-1.  Therefore, this is MY Notice  to you, as a third party collection firm , whose actions are governed by the Fair Debt Collections Practicing Act,  (FDCPA)) 15 U.S.C.§ 1692 and the Fair Collection Billing Act, (FCBA) 15 U.S.C.§ 1666 (a)(e).  All fiduciaries,  including the holder of the note in due course are in default, as well as, any agents acting on their behalf. II am disputing any alleged debt until you provide me with a complete remedy for all of my rights under the ' TILA, by observing the RESPA Statutes on notices given under Section 6 and by providing a full independent third party audit of the account meeting all General Accepted Accounting Practices (GAAP) on the  double book entries showing all payments, credits, asset and liabilities in relation to the mortgage . .

Furthermore, my Rescission Demand  has gone unsatisfied by either AHMSI or the holder of the note in due course, which is a breach of private duty.      Please be advised that I am exercising my rights for immediate enforcement under Regulation Z of the Truth In Lending Act (TILA) and RESPA.

**You are hereby notified to rescind my mortgage loan transaction within seventy –two hours of**

EX : E

receipt of this **Default Notice** pursuant to (Reg. Z §§ 226.15(n)(2), 226.23(a)(2), **Official Staff Commentary §226.23(a)(2)-1) and 15 U.S.C. §1635(b).**

It appears to me from your correspondence that you area debt collector, that I am a consumer, and that this is an alleged debt subject to the Federal provisions of the FDCPA, FCBA, RESPA, TILA, UCC and GEORGIA Commercial Code in regards to this collection proceeding for an alleged debt owed by me and breaches to alteration of the Promissory Note. The Federal Trade Commission and the Office of the Controller of Currency may be involved to protect the mortgagor/grantor consumer's rights and breaches by the bank in executing the FEDERAL STATUTES including the **National Banking Act 12 U.S.C Ch. 2 SubCh. 1 §38 et seq.**

Pursuant to the above cited statutes, you must **CEASE and DESIST** from any and all collection activity, in any and every form, until you provide and the full remedy and have the your principal AHMSI, explain my allegations for their defaults including how they are time barred to enforce the instrument without Rescission or producing an unaltered original note between myself and any parties other than American Brokers Conduit. **(Request AHMSI to produce written notices of Affidavits Exhibits for Rescission Demand Notice, Revocation of Limited Power of Attorney, Non Response Defaults for Debt Validation and Rescission Demand).**

Your failure to provide anything less than the rescinding the Note, refunding back all payments made as mandated under the law and herein or by continuing to attempt to collect on the alleged debt may be deemed a violation of, but not limited to, violations under TILA, FCBA, FDCPA, UCC & RESPA for participating in false, misleading and/or deceptive lending practices, collection practices, billing practices and misrepresenting the character, amount and/or legal status of the alleged debt for the purpose of harassment and coercion as well as failure to provide verification of the alleged debt and fraud. If you are an attorney, it may be deemed as a violation of your Code of Professional Responsibility and Civil Rule-11 and Georgia Code on Ethical Cannons and Disciplinary Rules. Your violations may fall under, but not limited to OCGA 51-12-30, joint- tort feasor and OCGA 10-6-85 exceeding legal authority as an agent.

Any claims of money alleged to be owed based on an instrument/note/contract, as an operation of law, are subject to UCC § 3-305, which states, in part:
The right to enforce the obligation of a party to pay an instrument is subject to the following:
(1) a defense of the obligor based on
        (ii)      duress, lack of legal capacity, or illegally of the transaction which, under the law, nullifies the obligation of the obligor when fraud has induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or discharge of the obligor in insolvency proceedings.

I may be willing to have matters resolved through private arbitration after a verified Audit has been conducted or discharge the Debt through a U.S. Department of Treasury account in which I possess.

If I get an immediate resolution and response by either your office or through AHMSI, et al to abide by the cited laws, then my legal challenges become moot with the proper release of all debt obligations against my property. You are given seventy-two (72) hours to confirm your intention after receiving this notice.

**I, request all communications on this matter in writing, unless we mutually agree otherwise. Should** you have any questions or concerns, you may expedite a written response to fax number 404-795-9031 or use the above address.

Notary Seal

Hussain Kareem©, A.R.R.

CC: Timothy Navarro, AHMSI Legal Department
      U.S. Attorney's Office North District of Georgia, David Nahmias, 75 Spring Street, Suite 600, Atlanta,
GA 30303                                                    2 of 2

WILLIAM M. BROWN JR.
NOTARY PUBLIC
DOUGLAS COUNTY
STATE OF GEORGIA
My Commission Expires February 24, 2011

## Certificate of Service

I , Hussain Kareem, Plaintiff in the cause of action entitled CORRECTED AMENDED FEDERAL COMPLAINT:VIOLATION OF RESPA, TILA AND TORT CLAIMS PURUSANT TO 42 U.S.C. 1983, certify that I have served by U.S. Mail prepaid first class at the following:

Mortgage Electronic Registration Systems, Inc.,  &  R.K. Arnold CEO 3300 SW, 34th Ave Ste 101 Ocala, FL  34474

American Home Mortgage Servicing[3] Inc. and c/o David Friedman, CEO, 1525 S. Beltline Rd, Coppell, TX 75019

C/O Hermes, Sargent, Bates, LLP, Attorney's for the Defendants
Attorneys Brent W. Martinelli & Pamela Ratliff, et al
901 Main Street, Suite 5200
Dallas, Tx 75202

Submitted this day 4th of June, 2010

_____
Hussain Kareem, Pro Se, A.R.R.
2197 Carlysle Creek Dr.
Lawrenceville, GA 30044
678-887-4965

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

Hussain Kareem, Claimant
2197 Carlysle Creek Dr.
Lawrenceville, GA 30044
    **Plaintiff, Pro se,**

                                Civil Action No.: **3:10-CV-00762-B**

V.

AMERICAN HOME MORTAGE SERVICING[3], INC.
AND DAVID FRIEDMAN, CEO AND INDIVIDUALLY,
MORTGAGE ELECTRONICS REGISTRATION
SYSTEMS, INC. AND R.K. ARNOLD, PRESIDENT
AND CEO, INDIVIDUALLY
    **Defendants,**

## CORRECTED AMENDED FEDERAL COMPLAINT: VIOLATION OF RESPA, TILA AND TORT CLAIMS PUSUANT TO 42 U.S.C. 1983

### AFFIDAVIT OF STATEMENTS AND FACTS

Now Come, Hussain Kareem, herein referred to as Plaintiff, in the above cause of action, against the above named Defendants , affirms under the penalty of perjury, that all of the statements contained in the complaint are true and correct to the best of my personal knowledge and beliefs. Pursuant to 28 USC §1746, I attest and depose and confirm by my signature as follows:

Signed  before me, on this day 4th of June, 2010.

                                  Hussain Kareem, A.R.R.