IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                               :   Chapter 11
                                                     :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,  :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                   :
                                                     :   Jointly Administered
     Debtors.                                        :
                                                     :   Proposed Objection Deadline: at the hearing
                                                     :   Proposed Hearing Date: October 7, 2011 at 10:00 a.m. (ET)
---------------------------------------------------------------- x

**PLAN TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTION 107(B)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 GRANTING
AUTHORIZATION TO FILE EXHIBITS TO THE PLAN TRUST'S
OMNIBUS OBJECTION TO (I) MOTION FOR JUDGMENT AS A MATTER
OF LAW OF ADMINISTRATIVE CLAIM ENTERED, (II) MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM WITH
BRIEF IN SUPPORT; AND (III) CLAIMS NUMBERED 10870, 10875 AND 10887
<u>FILED BY HUSSAIN KAREEM UNDER SEAL</u>**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), having filed contemporaneously herewith the **Plan Trust's Omnibus Objection to (i) Motion for Judgment as a Matter of Law of Administrative Claim Entered, (ii) Motion for Allowance and Payment of Administrative Claim with Brief in Support; and (iii) Claims Numbered 10870, 10875 and 10887 Filed by Hussain Kareem Under Seal** (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

"Objection"),[2] hereby moves (the "Seal Motion") for entry of an order (the "Proposed Order"), pursuant to section 107(b) and (c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Plan Trustee to file certain of the exhibits to Objection (the "Confidential Exhibits")[3] under seal. In support of the Seal Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 107(b) and (c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection. The Plan Trustee shall file the Objection with slipsheets in place of the Confidential Exhibits for public disclosure and will deliver the Objection and all exhibits in complete and unredacted form to chambers in accordance with Local Rule 9018-1(b). Mr. Kareem will be served with the Objection and all Confidential Exhibits in complete and unredacted form.

[3] The Confidential Exhibits are Exhibits A, C, D, E, G & I to the Objection. In addition to filing the Confidential Exhibits under seal, the Plan Trustee has redacted certain identifying information contained in certain proofs of claim and other documents attached as exhibits to Objection.

4

3. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Plan [Docket No. 7029]. The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

4. The Objection is intended to provide an outline of the legal, factual and documentary support for the relief requested by the Plan Trustee in the Objection with respect to Mr. Kareem's assertions of claims – administrative and otherwise – against the Debtors. The Plan Trustee has identified certain facts and several documents pertinent to the Objection that may contain confidential, personal, and/or financial information of Mr. Kareem.

## RELIEF REQUESTED

5. By this Motion, the Plan Trustee respectfully requests that this Court enter the Proposed Order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Plan Trustee to file the Confidential Exhibits under seal, and directing that the Confidential Exhibits shall remain under seal, confidential and not made available to anyone, except for the Court, the Office of the United States Trustee, the applicable Claimant, or others upon further Court order.

## BASIS FOR RELIEF

6. Section 107 of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in pertinent part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information

>   (2)   protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title. . . .
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosures of such information would create undue risk of identity theft or other unlawful injury to the individual or individual's property:
>
>   (A) any means of identification . . . contained in a paper filed, or to be filed, in a case under this title . . . .

11 U.S.C. § 107(b) and (c).

7. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107 of the Bankruptcy Code. Local Rule 9018-1 requires that any party seeking to file documents under seal file a motion to that effect. *See* Del. Bankr. L.R. 9018-1(b).

8. Unlike the analogous provision in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking to file documents under seal to demonstrate "good cause." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *see Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (citation omitted)). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original).

9. Notwithstanding the fact that "good cause" is not a prerequisite, the Plan Trustee submits that good cause exists for the Court to grant the relief requested herein. As noted above, a majority of the information contained in the Confidential Exhibits is sensitive personal and/or financial information such as Mr. Kareem's social security numbers, contact information, and financial statements. Moreover, public disclosure of these exhibits is unnecessary to a full and fair resolution of the Objection and merely opens the door for personal and/or financial harm to Mr. Kareem, including a significant potential for identity theft. As such, the Confidential Exhibits should be protected from public disclosure based on the protections provided pursuant to section 107 of the Bankruptcy Code.

*[Remainder of page intentionally left blank]*

## NOTICE

10. Notice of this Motion will be provided to the Office of the United States Trustee for the District of Delaware; counsel for the Plan Oversight Committee; Mr. Kareem; and those parties requesting notice pursuant to Bankruptcy Rule 2002. The Plan Trustee respectfully submits that no other or further notice is necessary under the circumstances.

WHEREFORE, the Plan Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated: September 30, 2011
Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Margaret Whiteman Greecher
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*