IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------------- x
In re:                                                                          :   Chapter 11
                                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                              :
                                                                                :   Jointly Administered
         Debtors.                                                               :
                                                                                :   Ref. Docket Nos. 10057 & 10092
                                                                                :
------------------------------------------------------------------------------- x

**CERTIFICATION OF COUNSEL SUBMITTING CONSENSUAL ORDER
REGARDING THE PLAN TRUST'S EIGHTY-FIRST OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS SOLELY WITH RESPECT
TO CLAIM NUMBERS 8854 AND 8855 FILED BY CITIBANK, N.A.**

The undersigned counsel to Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby certifies as follows:

1.      On January 11, 2008, Citibank, N.A. ("Citibank") filed proof of claim number 8854 ("Claim 8854") against debtor AHM SV, Inc. (f/k/a/ American Home Mortgage Servicing, Inc.) (Case No. 07-11050) ("AHM Servicing").  Pursuant to Claim 8854, Citibank asserts: (i) a general, unsecured, non-priority claim in the amount of $36,195,160.72 (the "SV Swap Losses Portion") on account of amounts owed pursuant to a ISDA Master Agreement, dated 7, 2005, by and between Citibank and AHM Servicing (the "SV Agreement"); (ii) a general, unsecured, non-priority claim in the amount of $590,397.36 on account of legal and consulting fees and expenses

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

YCST01: 11434677.1                                                                              066585.1001

owed pursuant to the SV Agreement (the "SV Fees/Expenses Portion"); (iii) a general, unsecured, non-priority claim for unliquidated amounts owed pursuant to the SV Agreement (the "SV Additional Unliquidated Claims Portion"); and (iv) a reservation of rights to assert additional amounts and to seek to reclassify any amounts alleged pursuant to that claim (the "SV Reservation of Rights Portion").

2. On January 11, 2008, Citibank also filed proof of claim number 8855 ("Claim 8855") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment"). Pursuant to Claim 8855, Citibank asserts: (i) a general, unsecured, non-priority claim in the amount of $36,195,160.72 (the "Investment Swap Losses Portion") on account of amounts owed pursuant to a ISDA Master Agreement, dated June 7, 2005, by and between Citibank and AHM Investment (the "Investment Agreement"); (ii) a general, unsecured, non-priority claim in the amount of $590,397.36 on account of legal and consulting fees and expenses owed pursuant to the Investment Agreement (the "Investment Fees/Expenses Portion"); (iii) a general, unsecured, non-priority claim for unliquidated amounts owed pursuant to the Investment Agreement (the "Investment Additional Unliquidated Claims Portion"); and (iv) a reservation of rights to assert additional amounts and to seek to reclassify any amounts alleged pursuant to that claim (the "Investment Reservation of Rights Portion").

3. On June 17, 2011, the Plan Trustee filed the Plan Trust's Eighty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (the "Objection") [Docket No. 10057]. By the Objection, the Plan Trustee requested, *inter alia*, that the Court enter an order (i) modifying and/or fixing Claim 8854 against AHM Servicing as a general, unsecured, non-priority claim totaling $37,609,372.04 in full satisfaction of that claim, and (ii) modifying and/or

fixing Claim 8855 against AHM Investment as a general, unsecured, non-priority claim totaling $37,609,372.04 in full satisfaction of that claim.

4. In the Objection, the Plan Trustee essentially agreed with the SV Swap Losses Portion and SV Fees/Expenses Portion asserted in Claim 8854, but denied that there were any amounts owed for the SV Additional Unliquidated Claims Portion and the SV Reservation of Rights Portion. Similarly, the Plan Trustee essentially agreed with the Investment Swap Losses Portion and Investment Fees/Expenses Portion asserted in Claim 8855, but denied that there were any amounts owed for the Investment Additional Unliquidated Claims Portion and the Investment Reservation of Rights Portion.

5. After the Objection was filed, the Plan Trustee and Citibank (collectively, the "Parties") engaged in discussions regarding the Objection and Claims 8854 and 8855. The Plan Trustee agreed to adjourn the Objection to allow Citibank to investigate whether there were any previously unliquidated damages relating to these claims and provide an opportunity for the Parties to engage in further discussions to reach a consensual resolution of the Objection with respect to these claims. On July 18, 2011, the Court entered an order [Docket No. 10092] sustaining the Objection in part and adjourning the Objection with respect to Claims 8854 and 8855.

6. As a result of subsequent discussions, the Parties have agreed that Claim 8854 and Claim 8855 shall receive the proposed treatment set forth in the Objection and respectfully request that the Court enter the proposed form of consensual order, attached hereto as **Exhibit A** (the "Consensual Order").

WHEREFORE, the Plan Trustee respectfully requests that the Court enter the Consensual Order sustaining the Objection as it pertains to Claims 8854 and 8855 at its earliest convenience.

Dated: October 4, 2011
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Justin P. Duda (No. 5478)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

4
YCST01: 11434677.1                                                                                                            066585.1001

# **EXHIBIT A**

**Proposed Consensual Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x
In re:                                                                  :    Chapter 11
                                                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                  :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                      :
                                                                        :    Jointly Administered
         Debtors.                                                       :
                                                                        :    **Ref. Docket Nos. 10057 & 10092**
                                                                        :
----------------------------------------------------------------------- x

### ORDER SUSTAINING THE PLAN TRUST'S EIGHTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS SOLELY WITH RESPECT TO CLAIM NUMBERS 8854 AND 8855 FILED BY CITIBANK, N.A.

Upon consideration of the eighty-first omnibus (substantive) objection to claims [Docket No. 10057] and the *Certification of Counsel Submitting Consensual Order Regarding the Plan Trust's Eighty-First Omnibus (Substantive) Objection to Claims Solely with Respect to Claim Numbers 8854 and 8855 Filed by Citibank, N.A.* (the "Certification of Counsel");[2] and the Court having entered an order [Docket No. 10092] sustaining the Objection in part and adjourning the Objection with respect to Claims 8854 and 8855 filed by Citibank; and the Parties having agreed that Claims 8854 and 8855 should receive the treatment set forth in the Objection; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Certification of Counsel.

2

ORDERED that the Objection is sustained as it pertains to Claims 8854 and 8855; and it is further

ORDERED that Claim 8854 shall be allowed against AHM Servicing (Case No. 07-11050) and is hereby modified and/or fixed as a general, unsecured, non-priority claim in the amount of $37,609,372.04 in full satisfaction of that claim; and it is further

ORDERED that Claim 8855 shall be allowed against AHM Investment (Case No. 07-11048) and is hereby modified and/or fixed as a general, unsecured, non-priority claim in the amount of $37,609,372.04 in full satisfaction of that claim; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Objection and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____ \_\_\_, 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE