IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| AMERICAN HOME MORTGAGE | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al | |
| A Delaware corporation | |
| Debtors | |

**Claimant's Opposition to Notice of Plan Trust's Omnibus Objection to (I) Motion for Judgment as a Matter of Law of Administrative Claim Entered, (II) Motion for Allowance and Payment of Administrative Calim With Brief in Support; and (III) Calims Numbered 10870, 10875 and 10887: With Claimant's Motion to Continue**

Comes now Hussain Kareem, Creditor/Claimant enters his Opposition in brevity his entire opposition and objection to as entered by Steven D. Stass Trustee (the Plan Trustee) for reasons to wit:

**Summary of Facts to be Determined**

1.

The claimant received this notice on or about October 1, 2011 (See Exhibit A Fed Express Package date stamped for September 30, 2011). Claimant has had less than seven (7) days to review, respond and defend. In contrast, the Debtors have had several motions filed and adequate time to prepare their responses since January 5th, 2011. Claimant is asking for appropriate leniency and fairness by which he puts forth reasons that the Hearing granted for October 7th, 2011, would not be in the interest of justice. Claimant reasons below:

10204
10/6/2011

2.

Claimant has not been given proper due process to respond or oppose Motions entered by the Debtors or by the Plan Trustee. Exhibits A show that Documents were received on after September 30, 2011. This calculates that less than 7 days is given to appear before this court without any consideration for other schedule conflicts that prohibits Claimant from participating.

3.

The Motion entered to shorten the time for the hearing was not done by mutual agreement. If such hearing is held, Mr. Kareem would be deprived of his substantive rights. He would not have the appropriate time to prepare and meet his burden to address each of the debtor's objections. Claimant is therefore concerned that the notice is inappropriate and due process need to be given fully prepared to oppose the objections entered against his claims.

4.

To be determined is if this court may modify, amend or reconsider its order affecting **Rule 9006-1 Time for Service and Filing of Motions and Objections**, which provides,

"All Other Motions.
(i) Service of Motion Papers. Unless the Fed. R. Bankr. P.
or these Local Rules state otherwise, all motion papers
shall be filed and served in accordance with Local Rule
2002-1(b) at least fifteen (15) days (eighteen (18) days
if service is by mail; sixteen (16) days if service is
by overnight delivery) prior to the hearing date.
(ii) Objection Deadlines. Where a motion is filed and served
in accordance with Local Rule 9006-1(c)(i), the
deadline for objection(s) shall be no later than five
(5) days before the hearing date. To the extent a motion
is filed and served in accordance with Local Rule
2002-1(b) at least twenty-three (23) days prior to the
hearing date, however, the movant may establish any
objection deadline that is no earlier than eighteen (18)

days after the date of service and no later than five (5) days before the hearing date. Any objection deadline may be extended by agreement of the movant; provided, however, that no objection deadline may extend beyond the deadline for filing the agenda. In all instances, any objection must be filed and served so as to be received on or before the applicable objection deadline.
(d) Reply Papers. Reply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda.
(e) Shortened Notice. No motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for a hearing."

5.

Claimant reasons that he has timely entered his objection within 5 days of receiving the notice and that he has schedule conflicts that prevent him from participating in the hearing. The Telephonic Hearing, is not an adequate option and the complexity of the case requires a full evidentiary hearing. He does not have electronic filing as a method for him to respond, so he only has the mail to use to timely enter his responses.

6.

Claimant opposes to and objects to all of Debtors inferences and particularly to the facts that related to the following:

   a. TILA rescission,

   b. RESPA findings by the Department of HUD

   c. His claim was not entered for about $19,000, but for $250, 000.00,

   d. Claimant needs more time to explain his claims against the objections in detail.

e. There is no need to seal the hearing nor to shorten the time, so he opposes such motion.

### 7.

### Summary and Conclusion

For reasons cited above in paragraphs 1 through 6, and for other motions entered previously in this court, Claimant seeks the following relief deemed to be reasonable before this honorable court:

1. Grant Claimant's Motion for Continuance on the Hearing to reschedule it in 30 days from the date of receipt of notice from Debtors or thereafter.

2. Allow Claimant, is pro se, and needs time to seek counsel because the issues are complex.

3. Accept Claimants entry of objection until a more complete opposition and objection can be entered. Noticeably, there are significant evidentiary details that show that conflict in the securitization purchase made by Debtors. Claimant ask for the customary time to present such evidence for determination of wrong doings and right of claims.

4. This court to reconsider, amend or change its order as stated for reasons cited hereinto.

Claimant sayeth no more.

With all due respects to this Court,

Submitted on or about October 4th, 2011.

*[signature]*

Hussain Kareem, Pro Se , A.R.R.

Express mail NO: EI 166906725 US

2197 Carlysle Creek Drive

Lawrenceville, GA 30044

Tel: ~~■■■■■■~~