IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x
In re:                                                                  :   Chapter 11
                                                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                  :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                                        :
                                                                        :   Jointly Administered
       Debtors.                                                         :
                                                                        :   Ref. Dkt. No. 10014
----------------------------------------------------------------------- x

### STIPULATION BY AND AMONG THE PLAN TRUSTEE AND DB STRUCTURED PRODUCTS, INC. AND CERTAIN AFFILIATES RESOLVING CERTAIN PROOFS OF CLAIM

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and DB Structured Products, Inc. ("DBSP"), Deutsche Bank Securities, Inc. ("DBSI"), Aspen Funding Corp. ("Aspen"), Gemini Securitization Corp., LLC ("Gemini"), Newport Funding Corp. ("Newport"), and Sedona Capital Funding Corp., LLC ("Sedona" and, together with the Plan Trustee, DBSP, DBSI, Aspen, Gemini, and Newport, the "Parties"), by and through their undersigned counsel.

WHEREAS, DBSP timely filed (i) proofs of claim #9054, #10453, and #10758 against AHM Corp. and (ii) proofs of claim #9056, #10454, and #10759 against AHM SV;

---

* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

WHEREAS, DBSI timely filed (i) proof of claim #9059 against AHM Investment, (ii) proofs of claim #10456 and #10761 against AHM Corp. and (ii) proofs of claim #10455 and #10760 against AHM SV;

WHEREAS, Aspen timely filed (i) proof of claim #9062 against AHM Investment, (ii) proof of claim #9060 against AHM Corp. and (ii) proof of claim #9061 against AHM SV;

WHEREAS, Gemini timely filed (i) proof of claim #9065 against AHM Investment, (ii) proof of claim #9063 against AHM Corp. and (ii) proof of claim #9064 against AHM SV;

WHEREAS, Newport timely filed (i) proof of claim #9071 against AHM Investment, (ii) proof of claim #9066 against AHM Corp. and (ii) proof of claim #9067 against AHM SV;

WHEREAS, Sedona timely filed (i) proof of claim #9074 against AHM Investment, (ii) proof of claim #9072 against AHM Corp. and (ii) proof of claim #9073 against AHM SV;

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, the Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010 (the "Plan Effective Date"), at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to proofs of claim;

WHEREAS, on April 11, 2011, the Plan Trustee filed the *Seventy-Sixth Omnibus (Substantive) Objection to Claims* [D.I. 9933] (the "76th Omnibus Objection"), which included

an objection to proofs of claim #9054, #9056, #10453, and #10454 (the "Superseded DBSP Claims") on the basis that they were amended and superseded by proofs of claim #10758 and #10759 (the "Surviving DBSP Claims"), as applicable;

WHEREAS, on May 9, 2011, the Bankruptcy Court entered a consent order [D.I. 9994] granting the 76th Omnibus Objection in part and disallowing the Superseded DBSP Claims (but deeming them incorporated into the Surviving DBSP Claims);

WHEREAS, on May 20, 2011, the Plan Trustee filed the *Seventy-Eighth Omnibus (Substantive) Objection to Claims* [D.I. 10014] (the "78th Omnibus Objection"), which included an objection to the Surviving DBSP Claims on the basis that there was insufficient documentation from which the Plan Trustee could assess the validity of the claims set forth therein;

WHEREAS, the Parties have conferred in good faith to reach an agreement as to the allowed amount of the Surviving DBSP Claims and the claims of DBSI, Aspen, Gemini, Newport, and Sedona;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances; and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. **DBSP Claims.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, (i) the 78th Omnibus Objection shall be withdrawn as to the Surviving DBSP Claims, (ii) proof of claim #10758 shall be allowed as a general unsecured claim in the amount of $7,210,862.66 against AHM Corp. ($710,862.66 premium recapture + $6,500,000 indemnification); and (iii) proof of claim #10759 shall be allowed as a general unsecured claim in the amount of $6,500,000 against AHM SV (indemnification).

2. **DBSI Claims.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, (i) proof of claim #9059 shall be allowed as a general unsecured claim against AHM Investment in the amount of $969,102, (ii) proofs of claim #10456 and #10761 against AHM Corp. shall be disallowed, and (ii) proofs of claim #10455 and #10760 against AHM SV shall be disallowed.

3. **Aspen Claims.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, (i) proof of claim #9062 against AHM Investment shall be allowed as a general unsecured claim in the amount of $92,656, (ii) proof of claim #9060 against AHM Corp. shall be allowed as a general unsecured claim in the amount of $92,656 and (ii) proof of claim #9061 against AHM SV shall be disallowed.

4. **Gemini Claims.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, (i) proof of claim #9065 against AHM Investment shall be allowed as a general unsecured claim in the amount of $92,656, (ii) proof of claim #9063 against AHM Corp. shall be allowed as a general unsecured claim in the amount of $92,656, and (ii) proof of claim #9064 against AHM SV shall be disallowed.

5. **Newport Claims.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, (i) proof of claim #9071 against AHM Investment shall be allowed as a

general unsecured claim in the amount of $92,656, (ii) proof of claim #9066 against AHM Corp. shall be allowed as a general unsecured claim in the amount of $92,656, and (ii) proof of claim #9067 against AHM SV shall be disallowed;

6. **Sedona Claims.** The Plan Trustee further agrees that, effective upon the docketing of this Stipulation with the Bankruptcy Court, (i) proof of claim #9074 against AHM Investment shall be allowed as a general unsecured claim in the amount of $92,656, (ii) proof of claim #9072 against AHM Corp. shall be allowed as a general unsecured claim in the amount of $92,656, and (ii) proof of claim #9073 against AHM SV shall be disallowed.

7. Subject to the terms and conditions of the confirmed Plan, the Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

8. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective client(s).

9. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

10. This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

11. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

[SIGNATURE PAGE FOLLOWS]

Dated: Wilmington, Delaware
October 13, 2011

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Sean M. Beach*
        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee

Dated: New York, New York
October 17, 2011

        BINGHAM McCUTCHEN LLP

        */s/ Steven Wilamowsky*
        Steven Wilamowsky
        Erin K.H. Mautner
        399 Park Avenue
        New York, New York 10022-4689
        Telephone: (212) 705-7960

        Counsel for DB Structured Products, Inc.,
        Deutsche Bank Securities, Inc.,
        Aspen Funding Corp.,
        Gemini Securitization Corp., LLC,
        Newport Funding Corp., and
        Sedona Capital Funding Corp., LLC