# EXHIBIT III

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x

In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    :    Jointly Administered
        Debtors.                                    :
                                                    :    **Ref. Docket No. _____**
------------------------------------------------------------------------ x

### ORDER SUSTAINING PLAN TRUST'S NINETY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the ninety-first omnibus (substantive) objection to claims

(the "Objection") of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of*

*Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11

cases of the above-captioned debtors, by which Steven D. Sass, as the Plan Trustee, respectfully

requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code,

Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware, disallowing in full or modifying, reclassifying and/or reassigning such

Disputed Claims[2] identified on Exhibits A, B, C, D, E and F attached hereto; and it appearing

that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

due and adequate notice of the Objection having been given under the circumstances; and the Court having determined that the Objection complies with Article 17 of the Plan and the Confirmation Order; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit A</u> is hereby modified to the dollar value under the column titled "Modified Amount" in <u>Exhibit A</u>; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit B</u> is hereby modified to and/or fixed at the dollar values under the column titled "Modified Amount" in <u>Exhibit B</u> and reassigned to the corresponding New Case Number as indicated in <u>Exhibit B</u>; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit C</u> is hereby modified to the dollar value under the column titled "Modified Amount" in <u>Exhibit C</u> and reclassified to the priority level indicated in the column titled "Modified Amount" in <u>Exhibit C</u>; and it is further

ORDERED that the Disputed Claims identified on the attached <u>Exhibit D</u> are hereby disallowed in their entirety; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit E</u> is hereby reclassified to the priority level indicated in the column titled "Modified Amount" in <u>Exhibit E</u>; and it is further

ORDERED that the Disputed Claim identified on the attached <u>Exhibit F</u> is hereby reclassified to the priority level indicated in the column titled "Modified Amount" in <u>Exhibit F</u> and reassigned to the New Case Number as indicated in <u>Exhibit F</u>; and it is further

01:11607428.1                                                                                              066585.1001

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
        December ___, 2011

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Modified Amount Claim**

**Exhibit A**

**Modified Amount Claim**

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim | | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| | | | Case Number | Total Amount Claimed | | |
| PINER, CONNIE E.<br>C/O HARTZELL & WHITEMAN, LLP<br>2626 GLENWOOD AVENUE, SUITE 500<br>RALEIGH, NC 27608 | 8471 | 1/10/08 | 07-11051 | Unspecified* | - (S)<br>- (A)<br>- (P)<br>$158,938.00 (U)<br>$158,938.00 (T) | Claim relates to short and long term disability payments allegedly owed to the claimant. The parties have agreed that the claim should be modified and fixed as a general unsecured claim in the amount of $158,938.00. |
| **Totals:** | 1 Claim | | | Unspecified* | - (S)<br>- (A)<br>- (P)<br>$158,938.00 (U)<br>$158,938.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

# EXHIBIT B

**Modified Amount Wrong Debtor Claim**

## Exhibit B
## Modified Wrong Debtor Claim

| | | | Objectionable Claim | | | | |
|---|---|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
| BANC OF AMERICA SECURITIES LLC<br>ATTN: JAMIE FRAZER<br>NY1-633-28-01<br>1633 BROADWAY<br>NEW YORK, NY 10019 | 8164 | 1/10/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$1,956,516.44 (U)<br>$1,956,516.44 (T) | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$230,930.44 (U)<br>$230,930.44 (T) | - (S) Claimant asserts amounts owed in connection with (i) a Master Repurchase Agreement entered into between claimant and Debtor AHM Investment Corp (the "Repo Portion"), and (ii) transactions for the purchase and sale of mortgage pass-through securities for future settlement at an agreed upon date (the "TBA Transactions Portion"). The Plan Trustee agrees with the total amount claimed, however, the TBA Transactions Portion of this claim should be reassigned to Debtor AHM Corp. (Case No. 07-11051) since these transactions were entered into between claimant and AHM Corp. rather than AHM Investment Corp. Accordingly, the Plan Trustee requests entry of an order fixing (and to the extent applicable, reassigning) this claim as follows: (i) a general unsecured claim in the amount of $230,931 against AHM Investment Corp. on account of the Repo Portion; and (ii) a general unsecured claim in the amount of $1,725,586 against AHM Corp. on account of the TBA Transactions Portion. |
| | | | | | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,725,586.00 (U)<br>$1,725,586.00 (T) | |
| **Totals:** | **1 Claim** | | | - (S)<br>- (A)<br>- (P)<br>$1,956,516.44 (U)<br>$1,956,516.44 (T) | | - (S)<br>- (A)<br>- (P)<br>$1,956,516.44 (U)<br>$1,956,516.44 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT C

## Modified Amount Reclassified Claim

# Exhibit C

## Modified Amount Reclassified Claims

| | | | Objectionable Claim | | | |
|---|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
| LEHMAN BROTHERS SPECIAL FINANCING INC LATHAM WATKINS LLP ATT ROBERT J ROSENBERG & MICHAEL J RIELA 885 THIRD AVENUE NEW YORK, NY 10022 | 9035 | 1/11/08 | 07-11048 | $684,083.76 (S) - (A) - (P) - (U) $684,083.76 (T) | - (S) - (A) - (P) $394,153.00 (U) $394,153.00 (T) | Claim relates to an ISDA Master Agreement (collectively with the related credit support annex (as amended), the "Master Agreement") entered into between the claimant and AHM Investment Corp. Claimant asserts the termination value of the Master Agreement is $8,748,374 and the value of the underlying collateral was $8,064,290 as of the termination date. After crediting AHM Investment Corp. with the asserted value of the collateral, and applying interest, the claimant asserts a claim in the total net amount of $702,092. Based on an extensive analysis of the underlying collateral, the Plan Trustee asserts that the claim should be modified and reduced to $394,153. The reduced claim amount is based on (i) a termination value of $8,535,696 in favor of claimant, (ii) a collateral value of $8,141,542, and (iii) $0 interest since claimant is not entitled to post-petition interest. Moreover, the claimant asserted a contingent, unliquidated claim for post-petition admin expenses which should be disallowed since claimant has provided no proof of such expenses. Lastly, claimant asserts the claim is entitled to secured status. However, claimant is not entitled to secured status for the allowed amount of the claim since it has already exercised its right of setoff against the posted collateral. Based on the foregoing, the claim should be reduced to $394,153 and reclassified to a general unsecured claim. |

—— Objectionable Claim ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| Totals: | | 1 Claim | | $684,083.76 (S) | - (S) | |
| | | | | - (A) | - (A) | |
| | | | | - (P) | - (P) | |
| | | | | - (U) | $394,153.00 (U) | |
| | | | | $684,083.76 (T) | $394,153.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT D

## No Liability Claims

## Exhibit D

### No Liability Claims

| Name/Address of Claimant | Objectionable Claim | | | | Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE - JOAN BOHER BANKRUPTCY REVIE SECT - BANKRUPTCY DIVISION - PO BOX 280946 HARRISBURG, PA 17128-0946 | 10858 | 1/6/11 | 07-11047 | - (S) $715.55 (A) - (P) - (U) $715.55 (T) | Claim relates to 2007-2010 Corporation Taxes for American Home Mortgage Ventures, LLC. This entity was a pass-through entity that was wholly owned by American Home Mortgage Holdings, Inc., a corporate entity that was never registered with the Claimant and never transacted business within the Commonwealth of Pennsylvania. As such, this debtor has no liability to the claimant and the claim should be disallowed. |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE - JOAN BOHER BANKRUPTCY REVIE SECT - BANKRUPTCY DIVISION - PO BOX 280946 HARRISBURG, PA 17128-0946 | 10859 | 1/6/11 | 07-11047 | - (S) $715.55 (A) - (P) - (U) $715.55 (T) | Claim relates to 2007-2010 Corporation Taxes for Homegate Settlement Services, Inc.. The requisite 2007 Form RCT-101 was filed and marked final and as such there is no further liability for the 2008, 2009 and 2010 tax years. The claim should therefore be disallowed in its entirety. |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE - JOAN BOHER BANKRUPTCY REVIE SECT - BANKRUPTCY DIVISION - PO BOX 280946 HARRISBURG, PA 17128-0946 | 10860 | 1/6/11 | 07-11047 | - (S) $51,083.28 (A) - (P) - (U) $51,083.28 (T) | Claim relates to 2007-2010 Corporation Taxes and 2009-2010 Employer Withholding Taxes for American Home Mortgage Acceptance, Inc.. The requisite 2007 Form RCT-101 was filed and marked final and as such there is no further liability for the 2008, 2009 and 2010 tax years. American Home Mortgage Acceptance, Inc. has not conducted business within Pennsylvania since the bankruptcy petition was filed and the company had no employees. Thus, there is no liability for the 2009 and 2010 employer withholding tax. Based on the foregoing, the claim should be disallowed in its entirety. |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE - JOAN BOHER BANKRUPTCY REVIE SECT - BANKRUPTCY DIVISION - PO BOX 280946 HARRISBURG, PA 17128-0946 | 10861 | 1/6/11 | 07-11047 | - (S) $7,155.06 (A) - (P) - (U) $7,155.06 (T) | Claim relates to 2007-2010 Corporation Taxes and 2008-2010 Employer Withholding Taxes for AHMSV, Inc. (f/k/a American Home Mortgage Servicing, Inc). The 2007, 2008 and 2009 Forms RCT-101 were filed. The 2010 Form RCT-101 was marked final and was submitted along with the required Business Account Cancellation form.. There is no liability with respect to the employer withholding taxes because: (i) American Home Mortgage Servicing, Inc.was sold to a non-debtor in April 2008; (ii) all returns have been filed; and (iii) the debtor entity has no employees. Based on the foregoing, the claim should be disallowed in its entirety. |

| | | | — Objectionable Claim — | | |
|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE - JOAN BOHER BANKRUPTCY REVIE SECT - BANKRUPTCY DIVISION - PO BOX 280946 HARRISBURG, PA  17128-0946 | 10862 | 1/6/11 | 07-11047 | $1,637,836.83 (S) $1,637,836.83 (A) - (P) - (U) $1,637,836.83 (T) | Claim relates to 2007-2010 Corporation Taxes for American Home Mortgage Corp.  The last requisite form (2007 Form RCT-101) was filed and marked final and that there is no income tax liability.  As such there is no further liability for the 2007 or the 2008, 2009 and 2010 tax years.  Based on the foregoing, the claim should be disallowed in its entirety. |
| HATCHETT VS. AMERICAN HOME MORTGAGE CASE#06CH5839 COOK CO IL M WEINBERG LEGAL ASSIST FOUNDATION MERTRO CHICAGO 111 W. JACKSON STREET, SUITE 300 CHICAGO, IL  60604 | 7608 | 1/7/08 | 07-11051 | $137,750.00 (S) - (A) - (P) - (U) $137,750.00 (T) | The state court action to quiet title, which forms the basis of this claim, has been resolved and dismissed.  The claimant's counsel agreed to withdraw the claim, however, no notice of withdrawal has been submitted.  Thus, the Plan Trustee requests entry of an order disallowing the claim. |
| LEHMAN BROTHERS INC. LATHAM WATKINS LLP ATT ROBERT J ROSENBERG & MICHAEL J RIELA 885 THIRD AVENUE NEW YORK, NY  10022 | 9034 | 1/11/08 | 07-11048 | $3,956,603.41 (S) - (A) - (P) - (U) $3,956,603.41 (T) | Claim primarily relates to purported deficiencies owed to claimant in connection with (i) a liquidation of a master repurchase agreement entered into between claimant and debtor AHM Investment Corp., and (ii) certain forward trades.  Based on an extensive analysis of the transactions and a valuation of the underlying securities, there was a surplus on account of the liquidation of the securities.  Moreover, a reconciliation of the TBA trades shows that claimant would have been entitled to approx. $363,000 on account of this portion of the claim.  However, when the mutual debts owing between the parties are reconciled, the claimant is owed no amounts.  The remaining portions of this claim are contingent, unliquidated claims in connection with an adv. proc, a potential admin expense claim and reservation of rights.  As of this date, claimant has no provided no documentation that would support any claims on account of the unliquidated portions of the claim.  Based on the foregoing, the claim should be disallowed in its entirety. |
| LEHMAN BROTHERS SPECIAL FINANCING INC LATHAM WATKINS LLP ATT ROBERT J ROSENBERG & MICHAEL J RIELA 885 THIRD AVENUE NEW YORK, NY  10022 | 9036 | 1/11/08 | 07-11051 | $749,057.95 (S) - (A) - (P) - (U) $749,057.95 (T) | Claim relates to an ISDA Master Agreement (the "Master Agreement") dated February 27, 2003 entered into between claimant and AHM Corp.  Claimant asserts the termination value of the Master Agreement in favor of claimant on the termination date is $1,491,690 and that the value of the posted collateral is $742,632 on that same sate.  Claimant also asserts a claim for $19,452 on account of accrued interest and a contingent, unliquidated claim for post-petition admin expenses.  Based on an extensive analysis of the swap metrics and the value of the posted collateral, the Plan Trustee requests entry of an order disallowing the claim in its entirety.  Specifically, the Plan Trustee has determined that the net sum of swap termination value and the posted collateral valuation results in no amounts being owed to claimant.  Moreover, the claimant is not entitled to post-petition interest and has failed to provide proof supporting its contingent claim.  Based on the foregoing, the claim should be disallowed in its entirety. |

_____ Objectionable Claim _____

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| PENNSYLVANIA DEPARTMENT OF REVENUE ATTN JAMES M. FOSTER, CHIEF BANKRUPTCY DIVISION PO BOX 280946 HARRISBURG, PA  17128-0946 | 1933 | 11/1/07 | 07-11052 | - (S)<br>- (A)<br>$639.00 (P)<br>$60.00 (U)<br>$699.00 (T) | Claim relates to 2004-2006 Corporation Taxes for American Home Mortgage Ventures, LLC.  This entity was a pass-through entity that was wholly owned by American Home Mortgage Holdings, Inc., a corporate entity that was never registered with the Claimant and did not conduct business within Pennsylvania. Accordingly, the claim should be disallowed in its entirety. |
| US BANCORP BUSINESS EQUIP. FINANCE GROUP ATTN: CORPORATE ATTORNEY 1310 MADRID STREET, SUITE 100 MARSHALL, MN  56258 | 10639 | 12/17/08 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$156,370.72 (U)<br>$156,370.72 (T) | Duplicative of claim 8539 which has already been accepted and reclassified by court order, Docket 7234. |
| US BANCORP MANIFEST FUNDING SERVICES ATTN CORPORATE ATTORNEY 1450 CHANNEL PARKWAY MARSHALL, MN  56258 | 10638 | 12/17/08 | 07-11047 | - (S)<br>- (A)<br>- (P)<br>$71,515.01 (U)<br>$71,515.01 (T) | Duplicative of claim 8782 which was already accepted and reclassified by court order, Docket 7234. |

**Totals:**    11 Claims

$4,843,411.36 (S)
$1,697,606.27 (A)
$639.00 (P)
$227,945.73 (U)
$6,769,502.36 (T)

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT E

**Reclassified Claim**

# Exhibit E

## Reclassified Claims

| Name/Address of Claimant | | Objectionable Claim | | | | |
|---|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | Reclassified Amount | Comments |
| FALLON, DAVID M 63 LAKEVIEW DRIVE HAMBURG, NJ 07419 | 10296 | 4/28/08 | 07-11051 | $591.78 (S) - (A) - (P) - (U) $591.78 (T) | - (S) - (A) - (P) $591.78 (U) $591.78 (T) | Claimant seeks the recovery of $591.78 representing a principal & interest payment made on a HELOC loan. The Plan Trustee agrees to allow the claim in the claimed amount, however, the claim should be reclassified to a general unsecured claim since there is no basis for the asserted secured status of this claim. |
| **Totals:** | **1 Claim** | | | $591.78 (S) - (A) - (P) - (U) $591.78 (T) | - (S) - (A) - (P) $591.78 (U) $591.78 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT F

## Reclassified Wrong Debtor Claim

# Exhibit F

## Reclassified Wrong Debtor Claim

| Name/Address of Claimant | Claim Number | Date Filed | Objectionable Claim Case Number | Total Amount Claimed | New Case Number | Modified Amount | Comments |
|---|---|---|---|---|---|---|---|
| MARTINEZ, JAIME<br>10515 PLEASANT VILLAS LN<br>HOUSTON, TX  77075-3059 | 8888 | 1/11/08 | NO DEBTOR | $299,145.87 (S)<br>- (A)<br>- (P)<br>- (U)<br>$299,145.87 (T) | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$299,145.87 (U)<br>$299,145.87 (T) | Claim relates to a construction loan entered into on or about November 7, 2006. The Plan Trustee agrees to allow the claim in the claimed amount, however: (i) the claim should be reclassified to a general unsecured claim since there is no basis for the asserted secured status of this claim; and (ii) the claim should be reassigned to debtor AHM Corp. (Case No. 07-11051). |
| **Totals:** | **1 Claim** | | | $299,145.87 (S)<br>- (A)<br>- (P)<br>- (U)<br>$299,145.87 (T) | | - (S)<br>- (A)<br>- (P)<br>$299,145.87 (U)<br>$299,145.87 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.