IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   Ref. Docket No. 10211
---------------------------------------------------------------- x

## ORDER SUSTAINING IN PART PLAN TRUST'S EIGHTY-EIGHTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the eighty-eighth omnibus (non-substantive) objection to claims (the "Objection") of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors, by which the Plan Trustee respectfully requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, reassigning or disallowing and expunging in full each of the Disputed Claims[2] identified on Exhibits A, B and C attached hereto; and it appearing that the Court has jurisdiction

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

01: 11608370.1                                                                                    066585.1001

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Objection is adjourned with respect to proof of claim number 5500 filed by American Express Travel Related Svcs Co.; and it is further

ORDERED that, for the avoidance of doubt, the Objection is deemed withdrawn solely with respect to proof of claim numbers 10047 and 10048 filed by Moody's Investors Service, Inc. and Moody's Wall Street Analytics, Inc., respectively; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibits A and B are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit C is hereby reassigned to the New Case Number as indicated on Exhibit C; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
11/18 , 2011

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE