IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., *et al.*,[1]                                     :
                                                                 :   Jointly Administered
        Debtors.                                                 :
                                                                 :   Docket Ref No. _10219_
                                                                 :
---------------------------------------------------------------- x

## ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AUTHORIZING AND APPROVING (I) THE STIPULATION AND SETTLEMENT AGREEMENT BY AND AMONG THE PLAN TRUSTEE, JPMORGAN CHASE BANK, N.A., AND J.P. MORGAN SECURITIES INC., (II) THE RELEASES CONTAINED THEREIN, AND (III) RELEASE OF PROCEEDS FROM, AND TERMINATION OF, ESCROW ACCOUNT

Upon consideration of the motion of Steven D. Sass, as liquidating trustee (the "Trustee") for the Plan Trust[2] established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for Approval of (i) the Stipulation and Settlement Agreement attached hereto as Exhibit 1 (the "Settlement Agreement") by and among the Trustee and JPMorgan

---

[1] The debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).

[2] Terms used but not defined herein shall have the meaning ascribed to such terms in the Motion or the Settlement Agreement.

Chase Bank, N.A. ("JPMC") and J.P. Morgan Securities Inc. ("JPMS"), (ii) the releases contained in the Settlement Agreement and (iii) the release of proceeds from, and termination of, the Escrow Account (the "Motion")[3] filed herein by the Trustee; and the Court having determined that granting the relief requested by the Motion is in the best interest of the Plan Trust and its creditors; and it appearing that due and adequate notice of the Motion has been given and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the settlement set forth in the Settlement Agreement is authorized and approved in all respects.

3. The releases embodied in the Settlement Agreement are authorized and approved in all respects.

4. The Trustee is authorized to relinquish any claim or right to the L/C cash collateral funds in the amount of $160,600, representing funds currently in JPMC's possession.

5. Upon release of the proceeds from the Escrow Account in accordance with the Settlement Agreement, any rights or obligations that the Plan Trust has with respect to the Escrow Account, including the Escrow Obligations, shall terminate and be of no further force or effect.

6. The Resolved JPMC Claims, namely Claim Number 7969, Claim Number 8398, Claim Number 8248, Claim Number 8258, Claim Number 8262 (which corresponds to schedule no. 748000630), Claim Number 8383, Claim Number 8397 and collectively with any

---

[3] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

corresponding liabilities listed in the Debtors' Schedules of Assets and Liabilities filed on or about October 5, 2007, as they may have been amended or restated, are disallowed in their entirety without right to amend or supplement, and JPMC and JPMS shall be deemed to have withdrawn, waived, released and relinquished all rights to payment, reimbursement or recovery from the Debtors, the Plan Trust or the Trustee on account of the Resolved JPMC Claims, except with respect to the Escrow Account distribution and the L/C cash collateral described above.

7. Epiq Bankruptcy Solutions, LLC, the Court-approved noticing, claims, and solicitation agent, is hereby authorized and directed to amend the claims register maintained in this case in accordance with this Order.

8. This Order and the Settlement Agreement shall be binding upon the parties and all other parties-in-interest.

9. The Plan Trust, JPMC, and JPMS, as well as their respective officers, employees, and agents, shall be, and hereby are authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions and provisions of the Settlement Agreement, including, without limitation, executing all necessary ancillary documents, granting the releases and making the payments and distributions contemplated thereby.

10. The failure to include any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement Agreement be authorized and approved in its entirety.

11. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order and the Stipulation and Settlement Agreement.

Dated: Wilmington, Delaware
November 18, 2011

Christopher S. Sontchi
United States Bankruptcy Judge