**<u>EXHIBIT 1</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | X   Case No.   07-11047-CSS<br>(Jointly Administered) |
| AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,[1] | |
| Debtors. | CHAPTER 11<br>Hon. Christopher S. Sontchi |
| | X |
| STEVEN D. SASS, AS PLAN TRUSTEE OF<br>THE AMERICAN HOME MORTGAGE<br>PLAN TRUST, | Adv. Pro. No. 09-51702-CSS |
| Plaintiff, | |
| - against - | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |
| | X |
| JPMORGAN CHASE BANK, N.A., | |
| Counterclaimant, | |
| - against – | |
| AMERICAN HOME MORTGAGE CORP.<br>and AMERICAN HOME MORTGAGE<br>INVESTMENT CORP., | |
| Counterclaim Defendants. | |
| | X |

## STIPULATION AND SETTLEMENT AGREEMENT

---

[1] The debtors in these chapter 11 cases (the "Debtors", along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).

This stipulation and settlement agreement (the "Stipulation") is entered into by and between Plaintiff, Steven D. Sass, as Plan Trustee of the American Home Mortgage Plan Trust (the "Trustee") and Defendant and Counterclaim Plaintiff, JPMorgan Chase Bank, N.A. ("JPMC") and J.P. Morgan Securities LLC (f/k/a J.P. Morgan Securities, Inc.) ("JPMS") with reference to the following:

A. Pursuant to the "1/06 Senior Secured Credit Agreement," dated January 24, 2006 (together with amendments to it, the "Credit Agreement"), JPMC provided $200 million in a revolving line of credit to the American Home Mortgage Corp. and American Home Mortgage Investment Corp. (the "Debtors", to be secured by mortgage loans that were originated and/or owned by the Debtors (the "Warehouse Facility"). Article VII of the Credit Agreement states that the Debtors grant to JPMC a first-priority lien and security interest in the collateral described in the Credit Agreement (collectively, the "Warehouse Facility Collateral"). JPMC recorded UCC-1 Financing Statements describing the collateral pledged under the Warehouse Facility.

B. On August 6, 2007 (the "Petition Date"), the Debtors and certain subsidiaries and affiliates filed petitions under chapter 11 of the Bankruptcy Code, and continued to operate and manage their business in the ordinary course as debtors in possession.

C. On December 22, 2007 the Debtors filed their "*Motion of the Debtors for Orders: (A)(I) Approving Sale Procedures; (II) Approving Payment of Expense Reimbursement; (III) Scheduling a Hearing to Consider Sale of Certain Non-Performing Loans; (IV) Approving Form and Manner of*

Notice Thereof; and (V) Granting Related Relief; and (B)(I) Authorizing
the Sale of Non-Performing Loans Free and Clear of Liens, Claims,
Encumbrances and Other Interests; (II) Authorizing and Approving Sale
Agreement Thereto; (III) Authorizing the Distribution of the Proceeds;
and (IV) Granting Related Relief" [Docket No. 2490] (the "Sale
Motion"),

D.    On March 14, 2008 the Court entered the "Order Pursuant to
Sections 105 and 363 of the Bankruptcy Code: (I) Authorizing the Sale
of JPM Non-Performing Loans and REO Property Free and Clear of
Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and
Approving Sale Agreement Thereto; (III) Authorizing the Distribution of
the Proceeds; and (IV) Granting Related Relief [Docket No. 3314].
Paragraph 10(iv) of this Order provided that proceeds attributable to the
sale of parcels of real property that had been acquired by the Debtors
through foreclosure (or deed in lieu of foreclosure) of Warehouse
Facility Collateral (hereinafter the "REO Assets") in which JPMC
claimed a security interest would be deposited in a segregated escrow
account (the "Escrow Account"), pending a further order of the Court.

E.    On September 10, 2008, JPMC filed its "Motion of JPMC Chase Bank,
National Association for Relief From Automatic Stay, Pursuant to 11
U.S.C. § 362(d)". The parties reached a stipulated resolution of this
motion, and on December 1, 2008, the Court entered the Order
Approving Stipulation Settling Motion of JPMC Chase Bank, N.A. for
Relief From the Automatic Stay and Providing for Mediation of Certain

*Disputes*" (the "Stipulated Order").  Among other things, the Stipulated

Order provided that the Debtors would transfer to JPMC substantially

all mortgages that then constituted Warehouse Facility Collateral.  This

transfer was completed in February of 2009.  Pursuant to the Stipulated

Order all proceeds attributable to REO Assets in which JPMC asserted a

security interested were to be deposited in the Escrow Account, pending

further order of the Court.  As of the date hereof, the total sum of

$17,649,831.24 from the disposition of the REO Assets has been

deposited in and remains in the Escrow Account.  As of August 31,

2011, interest, less wire fees and other charges, has accrued on such

funds in the total amount of $365,180.80.

F.        This adversary proceeding was commenced on July 31, 2009 by the

filing of the Complaint herein by American Home Mortgage Corp. and

American Home Mortgage Investment Corp., debtors and debtors in

possession in these chapter 11 cases (hereinafter the "Debtors"), and the

Official Committee of Unsecured Creditors (the "Committee"), as

plaintiffs.  JPMC answered and filed certain counterclaims (the

"Counterclaims").  The Debtors and the Committee moved to dismiss

certain of the Counterclaims for failure to state valid claims for relief.

On June 30, 2011, after oral argument, the Court denied this motion.

G.        The "Amended Chapter 11 Plan of Liquidation of the Debtors Dated

February 18, 2009" (the "Plan") provided that, upon its effective date,

certain of Debtors' claims, including those alleged in this case, would

become assets of the Plan Trust established for the benefit of unsecured

3

creditors by the Plan, with Steven D. Sass as trustee (the "Trustee").
The Plan became effective on November 30, 2010 and, pursuant to the
Plan and stipulation of the parties, the Trustee was substituted as the
Plaintiff in this case.

H. On February 7, 2011, the Trustee (having substituted as Plaintiff in the
place of the Debtors and the Committee) filed the Amended Complaint,
On or about February 22, 2011 JPMC filed its "Answer and
Counterclaims of JPMorgan Chase Bank, N.A. to First Amended
Complaint, containing, among other things, the Counterclaims. On or
about March 8, 2011, Plaintiff filed the "Answer to Counterclaims
Contained in the Answer and Counterclaims of JPMorgan Chase Bank
N.A."

I. In addition, JPMC and JPMS filed the following proofs of claim in these
chapter 11 cases (collectively and with any corresponding liabilities
listed in the Debtors' Schedules of Assets and Liabilities filed on or
about October 5, 2007, as they may have been amended or restated, the
"Resolved JPM Claims"):

1. Claim No. 7969 filed by J. P. Morgan Securities Inc. against
AHM Investment in the amount of approximately $88,175;

2. Claim No. 8398 filed by J. P. Morgan Securities Inc. against
AHM Investment in the amount of approximately
$1,397,266;

3. Claim No. 8248 filed by JPMC against Homegate in the
amount of approximately $413,567;

4

4. Claim No. 8258 filed by JPMC against AHM Corp. in an unliquidated amount;

5. Claim No. 8262 (which corresponds to schedule no. 748000630) filed by JPMC against AHM Investment in an unliquidated amount;

6. Claim No. 8383 filed by JPMC against AHM Corp. in the amount of approximately $2,005; and

7. Claim No. 8397 filed by JPMC against AHM Corp. in the amount of approximately $160,600.

J.      On or about August 18, 2006, JPMC, at the request of AHM Corp. as applicant and account party, established that certain $160,600.00 irrevocable letter of credit no. TBPS-278100 (the "L/C") for the benefit of STWB Inc. (c/o Smith Kline Beecham PLC as agent to STWB Inc.) (the "Beneficiary"). As collateral to support the establishment of the L/C, AHM Corp. provided $160,600.00 cash to JPMC which amount continues to be held by JPMC. By letter dated January 23, 2008, AHM Corp. notified JPMC that it elected not to renew the L/C and instructed JPMC to notify the Beneficiary that the L/C will terminate and not be renewed in accordance with the terms of the L/C agreement. On or about May 2, 2008, JPMC confirmed to AHM Corp. that the L/C was terminated and the JPMC intended to retain the AHM Corp. cash collateral as the Beneficiary had not drawn on the L/C prior to the termination date. The JPMC asserted interest in the L/C is also

1761973

described in Claim No. 8397 filed against AHM Corp. in these chapter 11 proceedings.

K.    The Plan Trustee represents that he has received funds from American Home Mortgage Servicing, Inc. ("AHMSI") that are being held (and will continue to be held) in a segregated interest bearing account and which, as of September 30, 2011, total $728,819.80 (the "Additional Funds"). The Trustee further represents that since receiving the Additional Funds, (1) the Trustee has requested additional information from AHMSI regarding the Additional Funds, (2) AHMSI has informed the Trustee that the Additional Funds are funds attributable to the Warehouse Facility, (3) AHMSI has not identified any loans or REO under the Warehouse Facility from which the Additional Funds were derived and (4) AHMSI has not provided additional information which the Trustee deems sufficient to determine whether any portion of such Additional Funds are due and owing to JPMC.

L.    The parties hereto have reached the following settlement of all disputes contained in this adversary proceeding and certain related matters.

NOW THEREFORE, in consideration of the foregoing and the mutual agreements of the parties as set forth below, the parties hereto stipulate and agree as follows:

1.    Approval Order. This Stipulation shall become effective on the date that this Stipulation (a) has been approved by the Bankruptcy Court pursuant to an order, in a form reasonably acceptable to the Trustee and JPMC (the "Approval Order") and (b) the Approval Order has become a final, non-appealable order (such date, the "Finality Date").

1761973

2.    <u>Distribution of Escrow Account and Effective Date</u>.  Upon the Finality Date, the funds in the Escrow Account shall be disbursed as follows:

      a.  The sum of $10,200,000 shall be transferred to the Trustee;

      b.  The remainder of the Escrow Account shall be transferred to JPMC;

The date on which the Escrow Account is disbursed in accordance with this paragraph is hereinafter referred to as the "Effective Date".

3.    <u>Distribution of JPMC Cash Collateral</u>.  Upon the Effective Date, the Trustee relinquishes any claim of any kind to the sum of $160,600, representing funds in JPMC's possession which JPMC contends is its cash collateral pursuant to claim no. 8397.

4.    <u>Disallowance/Withdrawal of Certain Claims</u>.  Upon the occurrence of the Effective Date, the Resolved JPM Claims shall be deemed to be disallowed in their entirety without right to amend or supplement, and JPMC and JPMS shall be deemed to have withdrawn, waived, released and relinquished all rights to payment, reimbursement or recovery from the Debtors, the Plan Trust or the Trustee on account of the Resolved JPM Claims, except as set forth in paragraphs 2 and 3 herein.

5.    <u>Treatment of Additional Funds</u>.  The Trustee and JPMC both reserve all rights related to the disposition and payment of the Additional Funds.  For the avoidance of doubt, none of the releases contained in paragraphs 7 and 8 herein shall have any force or effect with respect to the rights of either the Trustee or JPMC with respect to the Additional Funds or any other funds attributable to the Warehouse Facility that AHMSI may hereafter advise that it has in its possession and/or that AHMSI turns over to the Trustee.

6.    <u>Destruction of Discovery Materials</u>.  Consistent with paragraph 18 of the Stipulated Consumer Protection Order entered by the Court on April 12, 2010 [D.I. 47], within ninety (90) days after the Effective Date, all documents designated as Confidential or Highly

7

Confidential Consumer Information and received by a party in connection with this adversary proceeding shall be destroyed.  In addition, within ninety (90) days after the Effective Date, counsel for each party shall destroy all work-product containing or describing documents it received designated as Confidential or Highly Confidential Consumer Information.

     7.    <u>Release by JPMC and JPMS</u>.  Except with respect to the obligations under this Stipulation , effective upon the Effective Date, JPMC and JPMS forever waive, release and discharge any and all claims of any nature whatsoever (including, without limitation, administrative claims, secured claims, unsecured claims, tort claims, and contract claims), causes of action, obligations, suits, judgments, damages, demands, debts, interests and liabilities that have been brought, asserted, threatened or could have been brought or asserted, whether liquidated or unliquidated, fixed or contingent, at law or in equity, known or unknown (collectively, the "JPM Claims") against the Plan Trust, the Trustee, the Debtors and each of their respective estates, affiliates, predecessors, successors, agents, assigns, professionals, attorneys, employees, officers and directors arising in any way out of, or from the facts and circumstances related to (a) the Credit Agreement, any and all amendments thereto, the 1/06 Custody Agreement dated as of January 24, 2006 and all amendments thereto (the "Custody Agreement"), the Warehouse Facility, the Warehouse Facility Collateral and any and all other agreements and documents entered into in connection with the Credit Agreement, including, without limitation, all promissory notes, security agreements, and other agreements, covenants, representations, warranties or any other matter whatsoever arising therefrom, (b) the Counterclaims alleged by JPMC in this adversary proceeding, (c) the Escrow Account and (d) the Resolved JPM Claims ((a) through (d) collectively, the "JPM Released Claims").  For the avoidance of doubt, nothing in this Stipulation shall be construed as a release by JPMC, JPMS

1761973

or any subsidiary or affiliate of either of any claim against the Plan Trust, the Trustee or the

Debtors other than the JPM Released Claims.

8.     Releases by The Plan Trust, Trustee and Debtors.  Except with respect to the

obligations under this Stipulation, effective upon the Effective Date, the Plan Trust, the

Trustee, acting in his capacity as the Trustee of the Plan Trust, and the Debtors, hereby forever

waive, release and discharge any and all claims of any nature whatsoever (including, without

limitation, administrative claims, secured claims, unsecured claims, tort claims, and contract

claims), causes of action, obligations, suits, judgments, damages, demands, debts, interests and

liabilities that have been brought, asserted, threatened or could have been brought or asserted,

whether liquidated or unliquidated, fixed or contingent, at law or in equity, known or unknown

(collectively, the "Trustee Claims") against JPMC and JPMS and each of their respective

estates, affiliates, predecessors, successors, agents, assigns, professionals, attorneys,

employees, officers and directors arising in any way out of, or from the facts and

circumstances related to, (a) the Credit Agreement, any and all amendments thereto, the

Custody Agreement, the Warehouse Facility, the Warehouse Facility Collateral and any and all

other agreements and documents entered into in connection with the Credit Agreement,

including, without limitation, all promissory notes, security agreements, and other agreements,

covenants, representations, warranties or any other matter whatsoever arising therefrom, (b)

the claims for relief alleged by the Trustee, the Committee, American Home Mortgage Corp.

and American Home Mortgage Investment Corp in this adversary proceeding and (c) the

Escrow Account.  ((a) through (c) collectively, the "Trustee Released Claims").  For the

avoidance of doubt, nothing in this Stipulation shall be construed as a release by the Plan

Trust, the Trustee or the Debtors of any claim against JPMC, JPMS or any subsidiary or

affiliate of either of them other than the Trustee Released Claims.

9.      Dismissal.  Upon the Effective Date, the Amended Complaint and the Amended Counterclaims filed in this adversary proceeding shall be dismissed with prejudice and the parties hereto shall execute such additional documents or pleadings reasonably necessary to accomplish such dismissals.

10.      Jurisdiction.  The Bankruptcy Court shall retain exclusive jurisdiction with respect to all disputes arising out of and/or relating to this Stipulation, notwithstanding the dismissal of the Amended Complaint and Amended Counterclaims as provided in paragraph 9 above, including, without limitation, jurisdiction with respect to a request by any party to enforce the provisions of this Stipulation or with respect to the Additional Funds or any other funds attributable to the Warehouse Facility that AHMSI may hereafter advise that it has in its possession and/or that AHMSI turns over to the Trustee.

11.      Governing Law.  This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice-of-law principles.

12.      Counterparts.  This Stipulation may be executed in any number of counterparts (including by means of facsimile transmission), each of which when so executed shall be deemed to be an original, and such counterparts together shall constitute and be one and the same instrument.

1761973

Dated: Wilmington, Delaware
     October 28, 2011

**YOUNG, CONAWAY, STARGATT & TAYLOR, LLP**

_____

Robert S. Brady  (No. 2202)
John T. Dorsey  (No. 2988)
Sean M. Beach  (No. 4070)
Erin Edwards  (No. 4392)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone     (302) 571-6600
Facsimile     (302) 571-1253

- and -

**MCKOOL SMITH PC**
Michael A. Morris  (admitted _pro hac vice_ )
Jeanne Irving  (admitted _pro hac vice_)
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone     (213) 694-1200
Facsimile     (213) 694-1234

_Co-Counsel to Plaintiff Steven D. Sass, as Plan Trustee_
_of the American Home Mortgage Plan Trust_

11

1761973

Dated: Wilmington, Delaware
      October 28, 2011

**LANDIS RATH & COBB LLP**

Daniel B. Rath (No. 3022)
Matthew B. McGuire (No. 4366)
James S. Green, Jr., (No. 4406)
919 Market Street Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

**WACHTELL, LIPTON, ROSEN & KATZ**
Harold S. Novikoff, Esq.
Emil A. Kleinhaus, Esq.
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000

*Counsel to JPMorgan Chase Bank, N. A .and J.P. Morgan
Securities LLC (f/k/a J.P. Morgan Securities, Inc.)*

12

1761973