IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x  Chapter 11

In re:                                                          :
                                                                :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :
a Delaware corporation, et al.,[1]                              :
                                                                :  Jointly Administered
                                                                :  Ref/ Docket No. 10184, 10183 & 10182
              Debtors.                                          :
                                                                :
                                                                :
--------------------------------------------------------------- x

### MOTION IN LIMINE CERTAIN DOCUMENTS BY DEFENDANTS

Comes now, Hussain Kareem, the Title Holder/Owner/Mortgagor, herein referred to as Claimant, moves this court to strike, declare inadmissible, irrelevant for purposes of the highest and best use of documents relevant to the subject-matter at bar. By virtue of the plethora of questionable documents entered by the Defendants, the Rules of Evidence requires a determination to done when raised by a Judicial Notice. Thus, moves the court as enumerated:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

10260
11/21/2011

1. Many documents entered or attempted by Defendants in their Objections to Claims relate to court proceedings in the U.S. Fifth Circuit Court of Appeals, Case no. 11-10701 related to rulings and activities not directly related to AHMH Breach of Contract to the Mortgagor of loan number 001350490.

2. The rulings in the cause of Action in U.S. District are not the outcome effecting AHMH. These many issues were inapposite to the parties of interests in the contract or loan made on July 7, 2006. AHMSI, for example was not in existence as a legal entity at such time that the transaction occurred.

3. As Appellant in the above stated appeals case, there is a high likelihood of success to overcome many of the evidentiary and procedural errors made in the course of litigation.

4. All non original documents are for the most part for the conversation purposes only. Debtors are requested to explain and account for where the genuine originals are being held and made available for authentication of signatures.

5. Claimant request the court to declare the relevant use of as materials before any determination can be cast, in truth on the facts in this case, including the Original Promissory Note, the Adjustable Rate Note, First Five Year Fixed Payment-12 MTA and Security Deed. Thus, many of the documents are irrelevant or inadmissible.

6. Claimant finds many unauthenticated documents, no proof of delivery, unsigned documents with an attempt to have an Affidavit like the one by Jose Colon and employee of AHMSI to be used in this proceeding without a personal appearance to testify.

7. Accounting records show no independent audit or testimony from AHMH's employees. It is believed that during the securitization process, the Master Servicer was Wells Fargo. It would stand to reason that records must be reconciled from the Master Servicer. Therefore, Claimant only present his cause to haved authenticated the documents presented . Anything less, without a testimony is a plain error and inappropriate.

8. Entry of documents by the counsel is only an attempt to confuse the court or a jury and must be stricken for failing to meet admissible standards or the ability to cross examine or to be depose properly.

9. Counsel makes many statements in which may persuade the court as though there is personal knowledge to the facts and intent of the Plaintiff. These statements must be deemed hearsay or admitted only if Counsel(s) have been sworn into the record. As counsel for Defendants, have indicated that they seek to be the only expert witnesses for the Defendants. As a rule, attorneys representing their clients in court are *not permitted to testify as to facts about which they have no personal, first-hand knowledge* ... and, if they do so, they should be disqualified as counsel for their client and placed under oath (Emphasis).

10. Plaintiff seeks to have counsel cross-examined or deposed under deposition or subpoena, for purposes of impeachment. Plaintiff wants to remove all immunities on any issues of perjury made by counsel.

**RELIEF SOUGHT**

11. Plaintiff moves the court to grant his Motion In Liminie as a matter of law, under the Federal Rules of Evidence. For reasons cited above incorporated in paragraphs 1 through 10.

12. Motion is Limine is supported by the fact that **Claimant had Requested for Discovery prior to the Evidentiary Hearing With Brief in Support**, filed in the court record.

13. Claimant notices that the court order denying discovery and request reconsideration in order to fulfill requests made in this motion.

14. Plaintiff seeks evidentiary hearing on all matters related only to support this cause of action at bar before this court.

15. That if this court disagrees with the Plaintiffs right for the hearing, then Plaintiff requests this court by Rule 52 (a)(1) for the fact findings or conclusions for the denial of the motion submitted by the Plaintiff.

H.L.K. See Attached Exhibits 100, 100B, 100C & 200 Respectively.

Signed on this day 18th of November, 2011.

_H. Kareem_

Hussain Kareem, A.R.R.
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
Phone: ▓▓▓▓▓▓▓