# EXHIBIT 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x
In re:                                                              :  Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                                    :
                                                                    :  Jointly Administered
    Debtors.                                                        :
                                                                    :  Ref. Dkt. Nos. 5181, 5356 & 9933
                                                                    :
                                                                    :
--------------------------------------------------------------------- x

### STIPULATION BY AND AMONG THE PLAN TRUSTEE AND DEUTSCHE BANK NATIONAL TRUST CO. RESOLVING CLAIMS AGAINST THE DEBTORS' ESTATES

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and Deutsche Bank National Trust Co., in various capacities ("DBNTC" and, together with the Plan Trustee, the "Parties"), by and through their undersigned counsel.

### RECITALS

WHEREAS, DBNTC timely filed proof of claim #9189 (as supplemented by proof of claim #9972, the "Master Proof of Claim") against AHM Acceptance, which set forth DBNTC's claims in various capacities against each of the Debtors; the Integrated Proof of Claim was incorporated by reference in proofs of claim #9183-9188 and #9225 (collectively with the

---

\* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

1

Master Proof of Claim, the "Integrated Proofs of Claim"), filed against AHM Ventures, AHM Corp., AHM SV, AHM Investment, Great Oak, AHM Holdings, and Homegate, respectively;

WHEREAS, DBNTC also timely filed proof of claim #9950 against AHM Acceptance (the "AHMIT 2006-2 Transition Claim" and, together with the Integrated Proofs of Claim, the "DBNTC Proofs of Claim"), which asserted a contingent, unliquidated claim related to the transition of servicing for the AHMIT 2006-2 Transaction (as defined in the AHMIT 2006-2 Transition Claim);

WHEREAS, on July 18, 2008, the Debtors filed their *Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 5181] (the "13th Omnibus Objection"), which sought disallowance of proofs of claim #9183-9189;

WHEREAS, DBNTC responded to the 13th Omnibus Objection on August 11, 2008 [D.I. 5356]; thereafter, the 13th Omnibus Objection was continued indefinitely by agreement of the Debtors and DBNTC;

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, among other things, the Plan provides that claims for damages resulting from the Debtors' breach of repurchase obligations arising from breaches of representations and warranties in connection with the sale of mortgage loans prepetition ("EPD/Breach Claims") shall be liquidated and allowed in accordance with a defined protocol (the "EPD/Breach Claims Protocol"); the Integrated Proofs of Claim assert, *inter alia*, EPD/Breach Claims;

WHEREAS, by order dated May 11, 2010, the Bankruptcy Court approved the *Stipulation by and Among the Debtors and Deutsche Bank National Trust Co. Resolving Cure Claims Asserted in Connection with the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)* (the "Cure Stipulation"), which, *inter alia*, allowed the Integrated Proofs of Claim in part (i) against AHM Acceptance as a general unsecured claim in the amount of $227,740, and (ii) against AHM SV as a general unsecured claim in the amount of $191,443;

WHEREAS, the effective date of the Plan was November 30, 2010 (the "Plan Effective Date"), at which time (i) the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim;

WHEREAS, on April 11, 2011, the Plan Trustee filed the *Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 9933] (the "76th Omnibus Objection," and together with the 13th Omnibus Objection, the "Pending Objections"), which sought disallowance of proofs of claim #9183-9189, #9950 and #9972;

WHEREAS, following the filing of the 76th Omnibus Objection, the Parties collaborated in good faith regarding the application of the EPD/Breach Claims Protocol to the applicable DBNTC Proofs of Claim, based upon loan data reasonably available to the Parties;

WHEREAS, the Parties desire to avoid costly litigation over the DBNTC Proofs of Claim and the Pending Objections and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims, such as the DBNTC Proofs of Claim and the Pending Objections, without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan); and

WHEREAS, the Plan Trustee has presented this Stipulation to the non-interested member of the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

### STIPULATION

1. **Effectiveness.** This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation. After the execution of this Stipulation by all Parties, the Plan Trustee shall file an appropriate pleading with the Bankruptcy Court seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable.

2. **Withdrawal of Pending Objections.** Upon entry of the Approval Order by the Bankruptcy Court, the Pending Objections shall be deemed withdrawn with prejudice as to the DBNTC Proofs of Claim.

3. **Claims Against AHM Acceptance.** Upon entry of the Approval Order by the Bankruptcy Court, (i) proof of claim #9189 against AHM Acceptance shall be disallowed

with prejudice as amended and superseded by proof of claim #9972, (ii) the AHMIT 2006-2 Transition Claim shall be disallowed with prejudice, and (iii) proof of claim #9972 against AHM Acceptance shall be allowed as a general unsecured claim in the amount of $28,483,360, which is inclusive of the amount previously allowed pursuant to the Cure Stipulation, and which shall be allocated by DBNTC among the securitization trusts identified in the Integrated Proof of Claim as set forth in the table attached as Exhibit A hereto.

4. **Claims Against AHM Corp.** Upon entry of the Approval Order by the Bankruptcy Court, proof of claim #9184 against AHM Corp. shall be allowed as a general unsecured claim in the amount of $15,744,380, which shall be allocated by DBNTC among the securitization trusts identified in the Integrated Proof of Claim as set forth in the table attached as Exhibit B hereto.

5. **Claims Against AHM SV.** Upon entry of the Approval Order by the Bankruptcy Court, proof of claim #9185 shall be allowed as a general unsecured claim in the amount of $191,443, which is inclusive of the amount previously allowed pursuant to the Cure Stipulation, which shall be allocated by DBNTC among the securitization trusts identified in the Integrated Proof of Claim as set forth in the table attached as Exhibit C hereto.

6. **Disallowed Claims.** Upon entry of the Approval Order by the Bankruptcy Court, proofs of claim #9183, #9186, #9187, #9188, and #9225 against AHM Ventures, AHM Investment, Great Oak, AHM Holdings, and Homegate, respectively, shall be disallowed with prejudice.

7. **Release by DBNTC.** Upon entry of the Approval Order by the Bankruptcy Court, DBNTC, on behalf of itself, any securitization trusts identified on Exhibits A-C hereto, and any affiliates, successors, assigns, officers, directors, employees, or agents shall be

deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors, the Plan Trustee, or the Estates (including, but not limited to any Claims asserted in the DBNTC Proofs of Claim), whether such claims and/or causes of action are known or unknown at this time, fixed or contingent, liquidated or unliquidated; provided, however, that DBNTC does not waive or release any claims allowed pursuant to this Stipulation.

8. **Distributions from Plan Trust.** For the avoidance of doubt, the allocations set forth in Exhibit A-C of this Stipulation are for DBNTC's internal purposes only and shall not require the Plan Trustee to issue multiple checks or make multiple wires to DBNTC on account of DBNTC's distributions from the Estates of AHM Acceptance, AHM Corp. and AHM SV, respectively.

9. **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

10. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

11. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

12. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

13. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving

effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

14. **Construction**. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

15. **Execution in Counter-Parts**. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

*[Signature page follows]*

Dated:  Wilmington, Delaware
        December 2, 2011

                          HAHN & HESSEN LLP
                          Mark S. Indelicato
                          Edward L. Schnitzer
                          488 Madison Avenue
                          New York, New York 10022
                          Telephone: (212) 478-7200

                          -and-

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                          */s/ Patrick A. Jackson*
                          Sean M. Beach (No. 4070)
                          Patrick A. Jackson (No. 4976)
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, Delaware 19801
                          Telephone: (302) 571-6600
                          Facsimile: (302) 571-1253

                          Co-Counsel for the Plan Trustee

Dated:  New York, New York
        December 5, 2011

                          NIXON PEABODY LLP

                          Dennis Drebsky
                          437 Madison Avenue
                          New York, NY 10022
                          Telephone: (212) 940-3000

                          Counsel for Deutsche Bank National Trust Co., in
                          various capacities

*[Signature Page to Stipulation Resolving Claims against Debtors' Estates]*

# EXHIBIT A

| Allocation of Allowed Claims against AHM Acceptance | | |
|---|---|---|
| **Issue ID#** | **Securitization Trust** | **Allowed Amount (Rounded to Whole $)** |
| AH0501 | American Home Mortgage Inv. Trust 2005-1 | $ 1,829,209 |
| AH0502 | American Home Mortgage Inv. Trust 2005-2 | $ 3,884,595 |
| AH0503 | American Home Mortgage Inv. Trust 2005-3 | $ 516,973 |
| AH05S1 | American Home Mortgage Inv. Trust 2005-SD1 | $ 31,362 |
| AH0601 | American Home Mortgage Inv. Trust 2006-1 | $ 686,783 |
| AH0602 | American Home Mortgage Inv. Trust 2006-2 | $ 562,757 |
| AH0603 | American Home Mortgage Inv. Trust 2006-3 | $ 3,694,532 |
| AH0701 | American Home Mortgage Inv. Trust 2007-1 | $ 298,980 |
| AH0702 | American Home Mortgage Inv. Trust 2007-2 | $ 2,064,964 |
| AH07AS/AH07S1 | American Home Mortgage Inv. Trust 2007-A/2007-SD1 | $ 14,881,839 |
| AH07S2 | American Home Mortgage Inv. Trust 2007-SD2 | $ 31,362 |

## EXHIBIT B

| Allocation of Allowed Claims against AHM Corp. | | |
|---|---|---|
| Issue ID# | Securitization Trust | Allowed Amount Rounded to Whole $ |
| AH05A1 | American Home Mortgage Assets Trust 2005-1 | $ 137,036 |
| AH05A2 | American Home Mortgage Assets Trust 2005-2 | $ 31,111 |
| AH06A1 | American Home Mortgage Assets Trust 2006-1 | $ 31,111 |
| AH06A2 | American Home Mortgage Assets Trust 2006-2 | $ 33,842 |
| AH06A5 | American Home Mortgage Assets Trust 2006-5 | $ 41,489 |
| AH06A6 | American Home Mortgage Assets Trust 2006-6 | $ 48,576 |
| AH07A1 | American Home Mortgage Assets Trust 2007-1 | $ 325,895 |
| AH07A2 | American Home Mortgage Assets Trust 2007-2 | $ 168,859 |
| AH07A3 | American Home Mortgage Assets Trust 2007-3 | $ 4,605,238 |
| AH07A4 | American Home Mortgage Assets Trust 2007-4 | $ 31,111 |
| AH07A5 | American Home Mortgage Assets Trust 2007-5 | $ 210,470 |
| GC0614 | Harborview 2006-14 | $ 27,597 |
| GC06H6 | Harborview 2006-6 | $ 58,068 |
| GC06H7 | Harborview 2006-7 | $ 721,753 |
| GC07H2 | Harborview 2007-2 | $ 31,111 |
| GC07H5 | Harborview 2007-5 | $ 230,599 |
| GC07H6 | Harborview Mortgage Loan Trust 2007-6 | $ 31,111 |
| GS0610 | GSAA 2006-10 | $ 31,111 |
| GS0611 | GSAA 2006-11 | $ 31,111 |
| GS064S | GSAMP 2006-S4 | $ 29,033 |
| GS066S | GSAMP TRUST 2006-S6 | $ 8,007,338 |
| GS06O1 | GSR 2006-OA1 | $ 34,146 |
| GS07O1 | GSR TRUST-2007-OA1 | $ 31,111 |
| HB07A1 | HSI Asset Loan Obligation Trust 2007-1 | $ 31,111 |
| HB07L1 | HSI Asset Loan Obligation Trust 2007-AR1 | $ 31,111 |
| HB07L2 | HSI Asset Loan Obligation Trust 2007-AR2 | $ 454,194 |
| MS0403 | MORGAN STANLEY 2004-3 | $ 31,111 |
| MS0404 | Morgan Stanley MSM 2004-4AR | $ 31,111 |
| MS0406 | Morgan Stanley 2004-AR6 | $ 31,111 |
| MS0409 | Morgan Stanley MSM 2004-9AR | $ 31,111 |
| MS0501 | Morgan Stanley Mortgage Loan Trust 2005-1 | $ 31,111 |

| Allocation of Allowed Claims against AHM Corp. |||
|---|---|---|
| Issue ID# | Securitization Trust | Allowed Amount Rounded to Whole $ |
| MS0502 | Morgan Stanley MSM 2005-2AR | $ 31,111 |
| MS0506 | Morgan Stanley 2005-6AR | $ 81,360 |
| MS0507 | Morgan Stanley Mortgage Loan Trust | $ 31,111 |

## EXHIBIT C

| Allocation of Allowed Claims against AHM SV ||| 
|---|---|---|
| Issue ID# | Securitization Trust | Allowed Amount Rounded to Whole $ |
| AH0501 | American Home Mortgage Inv. Trust 2005-1 | $ 7,895 |
| AH0502 | American Home Mortgage Inv. Trust 2005-2 | $ 16,767 |
| AH0503 | American Home Mortgage Inv. Trust 2005-3 | $ 2,231 |
| AH05A1 | American Home Mortgage Assets Trust 2005-1 | $ 596 |
| AH05A2 | American Home Mortgage Assets Trust 2005-2 | $ 135 |
| AH05S1 | American Home Mortgage Inv. Trust 2005-SD1 | $ 135 |
| AH0601 | American Home Mortgage Inv. Trust 2006-1 | $ 2,964 |
| AH0602 | American Home Mortgage Inv. Trust 2006-2 | $ 2,429 |
| AH0603 | American Home Mortgage Inv. Trust 2006-3 | $ 15,946 |
| AH06A1 | American Home Mortgage Assets Trust 2006-1 | $ 135 |
| AH06A2 | American Home Mortgage Assets Trust 2006-2 | $ 147 |
| AH06A5 | American Home Mortgage Assets Trust 2006-5 | $ 181 |
| AH06A6 | American Home Mortgage Assets Trust 2006-6 | $ 211 |
| AH0701 | American Home Mortgage Inv. Trust 2007-1 | $ 1,290 |
| AH0702 | American Home Mortgage Inv. Trust 2007-2 | $ 8,913 |
| AH07A1 | American Home Mortgage Assets Trust 2007-1 | $ 1,418 |
| AH07A2 | American Home Mortgage Assets Trust 2007-2 | $ 735 |
| AH07A3 | American Home Mortgage Assets Trust 2007-3 | $ 20,037 |
| AH07A4 | American Home Mortgage Assets Trust 2007-4 | $ 135 |
| AH07A5 | American Home Mortgage Assets Trust 2007-5 | $ 916 |
| AH07AS/AH07S1 | American Home Mortgage Inv. Trust 2007-A/2007-SD1 | $ 64,233 |
| AH07S2 | American Home Mortgage Inv. Trust 2007-SD2 | $ 135 |
| GC0614 | Harborview 2006-14 | $ 120 |
| GC06H6 | Harborview 2006-6 | $ 253 |
| GC06H7 | Harborview 2006-7 | $ 3,140 |
| GC07H2 | Harborview 2007-2 | $ 135 |
| GC07H5 | Harborview 2007-5 | $ 1,003 |
| GC07H6 | Harborview Mortgage Loan Trust 2007-6 | $ 135 |
| GS0610 | GSAA 2006-10 | $ 135 |
| GS0611 | GSAA 2006-11 | $ 135 |
| GS064S | GSAMP 2006-S4 | $ 126 |

| Allocation of Allowed Claims against AHM SV |
| --- | --- | --- |
| Issue ID# | Securitization Trust | Allowed Amount Rounded to Whole $ |
| GS066S | GSAMP TRUST 2006-S6 | $ 34,840 |
| GS06O1 | GSR 2006-OA1 | $ 149 |
| GS07O1 | GSR TRUST-2007-OA1 | $ 135 |
| HB07A1 | HSI Asset Loan Obligation Trust 2007-1 | $ 135 |
| HB07L1 | HSI Asset Loan Obligation Trust 2007-AR1 | $ 135 |
| HB07L2 | HSI Asset Loan Obligation Trust 2007-AR2 | $ 1,976 |
| MS0403 | MORGAN STANLEY 2004-3 | $ 135 |
| MS0404 | Morgan Stanley MSM 2004-4AR | $ 135 |
| MS0406 | Morgan Stanley 2004-AR6 | $ 135 |
| MS0409 | Morgan Stanley MSM 2004-9AR | $ 135 |
| MS0501 | Morgan Stanley Mortgage Loan Trust 2005-1 | $ 135 |
| MS0502 | Morgan Stanley MSM 2005-2AR | $ 135 |
| MS0506 | Morgan Stanley 2005-6AR | $ 354 |
| MS0507 | Morgan Stanley Mortgage Loan Trust | $ 135 |