IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                             :
                                                             :   Jointly Administered
       Debtors.                                              :
                                                             :
                                                             :
------------------------------------------------------------ x
```

**CERTIFICATION OF COUNSEL SUBMITTING PROPOSED ORDER
APPROVING STIPULATION BY AND BETWEEN THE PLAN TRUSTEE AND
LIQUID FUNDING, LTD. REGARDING MASTER REPURCHASE
AGREEMENT AND CLAIM NO. 9029 FILED BY LIQUID FUNDING, LTD.**

The undersigned counsel to Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby certifies as follows:

1.      Debtor American Home Mortgage Investment Corp. ("AHM Investment") and Liquid Funding, Ltd. ("Liquid Funding") were parties to that certain Master Repurchase Agreement dated as of March 18, 2005 (as amended, supplemented or otherwise modified from time to time, and together with all annexes, schedules, exhibits and related agreements and other documents, the "Repurchase Agreement").

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2.     Under the Repurchase Agreement, AHM Investment transferred various securities and other assets to Liquid Funding (the "Securities") against the transfer of funds by Liquid Funding to AHM Investment with a simultaneous agreement that Liquid Funding would transfer the Securities to AHM Investment at a date certain, or upon demand, against the transfer of funds by AHM Investment to Liquid Funding (such funds, the "Repurchase Price").

3.     On August 1, 2007, Bear Stearns Bank plc (n/k/a J.P. Morgan Bank Dublin plc) ("BSB"), as investment manager to Liquid Funding, sent AHM Investment a notice of default, pursuant to which Liquid Funding declared an event of default had occurred, accelerated AHM Investment's obligations under the Repurchase Agreement and terminated the Repurchase Agreement.

4.     On September 7, 2007, BSB sent AHM Investment a letter stating that Liquid Funding had liquidated the Securities and the liquidation value of the Securities exceeded the sum of the Repurchase Price and all other allowed damages under the Repurchase Agreement.    Liquid Funding caused such excess funds to be deposited into an account maintained at Bear Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.) ("Clearing") in the name of AHM Investment (account no. 851-25064 F33) (the "Disputed Account").

5.     On January 11, 2008, Liquid Funding filed proof of claim number 9029 (the "Liquid Funding Claim") asserting a contingent and unliquidated claim against AHM Investment in connection with the Repurchase Agreement.

6.     The effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to the rights and obligations of the Debtors, including, but not limited to, objecting to and settling Claims, and prosecuting or settling Causes of Action (as each are

2

defined in the Plan).  Article 8 of the Plan permits the Plan Trustee to resolve Claims and Causes

of Action without notice or hearing subject to the consent of the Plan Oversight Committee (as

defined in the Plan).

       7.     The Plan Trustee and Liquid Funding (collectively, the "Parties") have

conferred in good faith to reach a consensual resolution concerning the proper treatment of the

Liquid Funding Claim and the funds in the Disputed Account.  As a result of these discussions,

the Parties have entered into the *Stipulation Regarding Master Repurchase Agreement And

Claim No. 9029 Filed By Liquid Funding, Ltd.* (the "Stipulation").  The Plan Oversight

Committee has consented to the terms of the Stipulation.

       8.     Subject to Court approval, the Stipulation provides for, among other

things: (i) the disallowance of the Liquid Funding Claim in its entirety upon the Court's entry of

a final, non-appealable order approving the Stipulation (the "Effective Date"); (ii) the delivery

via wire transfer of all funds held in the Disputed Account, in an amount not less than

$2,065,944.04, to the Plan Trustee within ten (10) business days of the Effective Date; and (iii)

the grant of broad mutual releases from all claims and causes of actions relating to the Liquid

Funding Claim, the Repurchase Agreement, and/or the liquidation of the Securities.

       9.     Attached hereto as **Exhibit A** is a proposed form of order (the "Proposed

Order") approving the Stipulation, which is attached to the Proposed Order as **Exhibit 1**.

*[Signature page follows]*

WHEREFORE, the Plan Trustee respectfully requests that the Court enter the

Proposed Order approving the Stipulation at its earliest convenience.

Dated: December 23, 2011
      Wilmington, Delaware

                      YOUNG CONAWAY STARGATT & TAYLOR, LLP

                      Sean M. Beach (No. 4070)
                      Michael S. Neiburg (No. 5275)
                      Justin P. Duda (No. 5478)
                      The Brandywine Building
                      1000 West Street, 17th Floor
                      Wilmington, Delaware  19801
                      Telephone: (302) 571-6756
                      Facsimile: (302) 571-1253

                      *Counsel to the Plan Trustee*

                                          

# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------ x
In re:                                        :    Chapter 11
                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,        :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹              :
                                              :    Jointly Administered
        Debtors.                              :
                                              :
------------------------------------------------------------------------ x
```

## ORDER APPROVING STIPULATION BY AND BETWEEN THE PLAN TRUSTEE AND LIQUID FUNDING, LTD. REGARDING MASTER REPURCHASE AGREEMENT AND CLAIM NO. 9029 FILED BY LIQUID FUNDING, LTD.

Upon consideration of the *Stipulation Regarding Master Repurchase Agreement And Claim No. 9029 Filed By Liquid Funding, Ltd.* (the "Stipulation");² and the Plan Trustee and Liquid Funding having agreed that the Liquid Funding Claim should receive the treatment set forth in the Stipulation; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Stipulation attached hereto as **Exhibit 1** is APPROVED; and it is further

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

ORDERED that the terms of the Stipulation shall be effective once this Order has become final and non-appealable; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____ ___, 20__

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2

**Exhibit 1**


**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                            :   Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,            :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                  :
                                                  :   Jointly Administered
        Debtors.                                  :
                                                  :
-------------------------------------------------------------- x
```

## STIPULATION REGARDING MASTER REPURCHASE AGREEMENT
## AND CLAIM NO. 9029 FILED BY LIQUID FUNDING, LTD.

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass,

as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended*

*Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the

chapter 11 cases of the above-captioned debtors (the "Debtors"), and Liquid Funding, Ltd.

("Liquid Funding" and collectively with the Plan Trustee, the "Parties"), as of the date set forth

below. The Parties hereby stipulate and agree that the following terms shall govern (i) the

treatment of proof of claim number 9029 (the "Liquid Funding Claim") filed by Liquid Funding,

and (ii) the Parties' respective rights, obligations and liabilities relating to the Repurchase

Agreement (defined below).

---

¹       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

WHEREAS, Debtor American Home Mortgage Investment Corp. ("AHM Investment") and Liquid Funding were parties to that certain Master Repurchase Agreement dated as of March 18, 2005 (as amended, supplemented or otherwise modified from time to time, and together with all annexes, schedules, exhibits and related agreements and other documents, the "Repurchase Agreement");

WHEREAS, under the Repurchase Agreement, AHM Investment transferred various securities and other assets to Liquid Funding (the "Securities") against the transfer of funds by Liquid Funding to AHM Investment with a simultaneous agreement that Liquid Funding would transfer the Securities to AHM Investment at a date certain, or upon demand, against the transfer of funds by AHM Investment to Liquid Funding (such funds, the "Repurchase Price");

WHEREAS, on August 1, 2007, Bear Stearns Bank plc (n/k/a J.P. Morgan Bank Dublin plc) ("BSB"), as investment manager to Liquid Funding, sent AHM Investment a notice of default, pursuant to which Liquid Funding declared an event of default had occurred, accelerated AHM Investment's obligations under the Repurchase Agreement and terminated the Repurchase Agreement;

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

2

WHEREAS, on September 7, 2007, BSB sent AHM Investment a letter stating that Liquid Funding had liquidated the Securities and the liquidation value of the Securities exceeded the sum of the Repurchase Price and all other allowed damages under the Repurchase Agreement;

WHEREAS, Liquid Funding caused such excess funds to be deposited into an account maintained at Bear Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.) ("Clearing") in the name of AHM Investment (account no. 851-25064 F33) (the "Disputed Account");

WHEREAS, on January 11, 2008, Liquid Funding filed the Liquid Funding Claim asserting a contingent and unliquidated claim against AHM Investment in connection with the Repurchase Agreement;

WHEREAS, the balance in the Disputed Account as of September 30, 2011 was $2,065,944.04; and

WHEREAS, the Parties have conferred in good faith to reach an agreement concerning the proper treatment of the Liquid Funding Claim and the funds in the Disputed Account.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.  The terms of this Stipulation shall be effective upon the Bankruptcy Court's entry of a final, non-appealable order approving this Stipulation (the "Effective Date").

2.  Upon the Effective Date, the Liquid Funding Claim shall be disallowed in its entirety.

3

3.    Liquid Funding shall cause Clearing to deliver all funds held in the Disputed Account, in an amount not less than $2,065,944.04 to the Plan Trustee (as assignee of AHM Investment's estate pursuant to the Plan) within ten (10) business days of the Effective Date. The funds shall be delivered via wire transfer to an account designated by the Plan Trustee.

4.    As of the Effective Date, Liquid Funding, BSB and Clearing, on the one hand, and AHM Investment, the other Debtors and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the Liquid Funding Claim, the Repurchase Agreement, and/or the liquidation of the Securities, whether presently in existence or which may hereafter accrue, be asserted and/or held by Liquid Funding, BSB, Clearing, AHM Investment, the Plan Trustee or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

5.    For the avoidance of doubt, nothing in paragraph 4 of this Stipulation is intended or shall be deemed to constitute a waiver or release of any causes of action, claims or defenses in connection with matters and/or agreements that are not related to the Liquid Funding Claim, the Repurchase Agreement or the liquidation of the Securities including, without limitation, any matters relating to any proof of claim other than the Liquid Funding Claim filed

01: 11462687.4                                                              066585.1001

by any affiliate of JPMorgan Chase & Co. or The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC) in the cases of any of the Debtors.

      6.    The Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

      7.    The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective clients.

      8.    This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice-of-law principles.

      9.    This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

      10.    This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

      11.    The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

5

STIPULATED AND AGREED this 23rd day of December, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone: (302) 576-3590

*Counsel to the Plan Trustee*

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400

*Counsel to Liquid Funding, Ltd.*

6

01: 11462687.4                                                                                          066585.1001