# Exhibit 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
        Debtors.                                                 :
                                                                 :
---------------------------------------------------------------- x

## STIPULATION REGARDING MASTER REPURCHASE AGREEMENT AND CLAIM NO. 9029 FILED BY LIQUID FUNDING, LTD.

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the chapter 11 cases of the above-captioned debtors (the "Debtors"), and Liquid Funding, Ltd. ("Liquid Funding" and collectively with the Plan Trustee, the "Parties"), as of the date set forth below. The Parties hereby stipulate and agree that the following terms shall govern (i) the treatment of proof of claim number 9029 (the "Liquid Funding Claim") filed by Liquid Funding, and (ii) the Parties' respective rights, obligations and liabilities relating to the Repurchase Agreement (defined below).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

## RECITALS

WHEREAS, Debtor American Home Mortgage Investment Corp. ("AHM Investment") and Liquid Funding were parties to that certain Master Repurchase Agreement dated as of March 18, 2005 (as amended, supplemented or otherwise modified from time to time, and together with all annexes, schedules, exhibits and related agreements and other documents, the "Repurchase Agreement");

WHEREAS, under the Repurchase Agreement, AHM Investment transferred various securities and other assets to Liquid Funding (the "Securities") against the transfer of funds by Liquid Funding to AHM Investment with a simultaneous agreement that Liquid Funding would transfer the Securities to AHM Investment at a date certain, or upon demand, against the transfer of funds by AHM Investment to Liquid Funding (such funds, the "Repurchase Price");

WHEREAS, on August 1, 2007, Bear Stearns Bank plc (n/k/a J.P. Morgan Bank Dublin plc) ("BSB"), as investment manager to Liquid Funding, sent AHM Investment a notice of default, pursuant to which Liquid Funding declared an event of default had occurred, accelerated AHM Investment's obligations under the Repurchase Agreement and terminated the Repurchase Agreement;

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on September 7, 2007, BSB sent AHM Investment a letter stating that Liquid Funding had liquidated the Securities and the liquidation value of the Securities exceeded the sum of the Repurchase Price and all other allowed damages under the Repurchase Agreement;

WHEREAS, Liquid Funding caused such excess funds to be deposited into an account maintained at Bear Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.) ("Clearing") in the name of AHM Investment (account no. 851-25064 F33) (the "Disputed Account");

WHEREAS, on January 11, 2008, Liquid Funding filed the Liquid Funding Claim asserting a contingent and unliquidated claim against AHM Investment in connection with the Repurchase Agreement;

WHEREAS, the balance in the Disputed Account as of September 30, 2011 was $2,065,944.04; and

WHEREAS, the Parties have conferred in good faith to reach an agreement concerning the proper treatment of the Liquid Funding Claim and the funds in the Disputed Account.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The terms of this Stipulation shall be effective upon the Bankruptcy Court's entry of a final, non-appealable order approving this Stipulation (the "Effective Date").

2. Upon the Effective Date, the Liquid Funding Claim shall be disallowed in its entirety.

3.  Liquid Funding shall cause Clearing to deliver all funds held in the Disputed Account, in an amount not less than $2,065,944.04 to the Plan Trustee (as assignee of AHM Investment's estate pursuant to the Plan) within ten (10) business days of the Effective Date. The funds shall be delivered via wire transfer to an account designated by the Plan Trustee.

4.  As of the Effective Date, Liquid Funding, BSB and Clearing, on the one hand, and AHM Investment, the other Debtors and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the Liquid Funding Claim, the Repurchase Agreement, and/or the liquidation of the Securities, whether presently in existence or which may hereafter accrue, be asserted and/or held by Liquid Funding, BSB, Clearing, AHM Investment, the Plan Trustee or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

5.  For the avoidance of doubt, nothing in paragraph 4 of this Stipulation is intended or shall be deemed to constitute a waiver or release of any causes of action, claims or defenses in connection with matters and/or agreements that are not related to the Liquid Funding Claim, the Repurchase Agreement or the liquidation of the Securities including, without limitation, any matters relating to any proof of claim other than the Liquid Funding Claim filed

by any affiliate of JPMorgan Chase & Co. or The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC) in the cases of any of the Debtors.

6. The Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

7. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective clients.

8. This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice-of-law principles.

9. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

10. This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

11. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

STIPULATED AND AGREED this 23rd day of December, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 576-3590

*Counsel to the Plan Trustee*


LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400

*Counsel to Liquid Funding, Ltd.*