IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x
In re:

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corporation, et al.,[1]

    Debtors.

-------------------------------------------------------------- x

: Chapter 11
:
: Case No. 07-11047 (CSS)
:
: Jointly Administered
:
:
: 9692, 9693, 10148, 10182

**CERTIFICATION OF COUNSEL REGARDING SCHEDULING ORDER
REGARDING POST-TRIAL BRIEFING FOR (I) MOTION FOR JUDGMENT
AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM ENTERED [D.I. 10148];
(II) MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM
WITH BRIEF IN SUPPORT [D.I. 9692]; AND (III) CLAIMS NUMBERED 10870, 10875
AND 10887 FILED BY HUSSAIN KAREEM**

On November 18, 2011, this Court held a trial (the "Trial") regarding the (i)

*Motion for Judgment as a Matter of Law of Administrative Claim Entered* [D.I. 10148]; (ii)

*Motion for Allowance and Payment of Administrative Claim with Brief in Support* [D.I. 9692]

(together with D.I. 10148, the "Kareem Motions"); and (iii) claims numbered 10870, 10875 and

10887 filed by Hussain Kareem (collectively, the "Kareem Claims"); and related objection [D.I.

10182] filed by the Plan Trustee (the "Objection").

At the conclusion of the Trial, the Court requested post-trial briefing, which shall

include identification of all legal and factual issues, as well as evidence to be admitted and any

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

objections thereto.    At the Trial, the Court acknowledged that a briefing schedule would likely be dependent upon receipt of the transcript for the Trial.

Following receipt of the transcript, undersigned counsel provided Mr. Kareem with a copy of the transcript and a proposed scheduling order.  The scheduling order attached hereto as Exhibit A (the "Scheduling Order") has been modified to reflect Mr. Kareem's changes, and has been accepted by the Plan Trustee.

Therefore, the Plan Trustee respectfully requests that the Court enter the proposed Scheduling Order as its earliest convenience.

Dated: January 6, 2012
       Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------  x  Chapter 11
In re:                                                      :
                                                            :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,[1]          :  Jointly Administered
                                                            :
   Debtors.                                                 :
                                                            :  9692, 9693, 10148, 10182
----------------------------------------------------------  x
```

**SCHEDULING ORDER REGARDING POST-TRIAL BRIEFING FOR (I) MOTION
FOR JUDGMENT AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM
ENTERED [D.I. 10148]; (II) MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE CLAIM WITH BRIEF IN SUPPORT [D.I. 9692]; AND
(III) CLAIMS NUMBERED 10870, 10875 AND 10887 FILED BY HUSSAIN KAREEM**

The Court having held a trial November 18, 2011 (the "Trial") regarding the (i)

*Motion for Judgment as a Matter of Law of Administrative Claim Entered* [D.I. 10148]; (ii)

*Motion for Allowance and Payment of Administrative Claim with Brief in Support* [D.I. 9692]

(together with D.I. 10148, the "Kareem Motions"); and (iii) claims numbered 10870, 10875 and

10887 filed by Hussain Kareem (collectively, the "Kareem Claims"); and related objection [D.I.

10182] filed by the Plan Trustee (the "Objection");[2] and the Court having determined that post-

trial briefing is warranted as set forth on the record at the Trial;

IT IS HEREBY ORDERED AND DECREED as follows:

---

[1]　　　The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]　　　Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1.    Mr. Kareem's post-trial brief in support of the Kareem Motions and the Kareem Claims shall be filed on or before February 10, 2012 (the "Opening Post-Trial Brief"). The Opening Post-Trial Brief shall include (i) all causes of actions, along with citation to applicable law, being asserted against the Debtors' estates; (ii) all facts presented at the Trial that support each element for cause of action, and (iii) identification of all evidence to be admitted by Mr. Kareem and the basis for such admission.  The Opening Post-Trial Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible.  References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

2.    The Plan Trust's brief in response shall be filed on or before March 12, 2012 (the "Answering Brief").

3.    The Answering Brief shall include (i) all responses to the Opening Post-Trial Brief; (ii) all affirmative defensives, if any, to the causes of action set forth in the Opening Post-Trial Brief; (iii) all facts presented at the trial that support the positions set forth in the Answering Brief; (iv) identification of all evidence to be admitted by the Plan Trust and the bases for such admission; (v) identification of any objections to the admission of Mr. Kareem's evidence.  The Answering Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible.  References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

4.    Mr. Kareem's brief in reply to the Answering Brief shall be filed on or before March 26, 2012 (the "Reply Brief").

5.    The Reply Brief shall be limited to (i) responses to the positions set forth in the Answering Brief, including responses to evidentiary objections, and (ii) identification of

any objections to the admission of the Plan Trust's evidence.  The Reply Brief shall not include

causes of action, facts or evidence that were not presented at Trial and/or are not otherwise

admissible.  References to facts and evidence in the briefs shall include citation to the transcript

and/or exhibit.

6.       The Plan Trust's sur-reply, if any, shall be filed on or before April 9, 2012

(the "Sur-Reply Brief").  The Sur-Reply Brief is limited to responses to the positions set forth in

the Reply Brief, including responses to evidentiary objections.  The Sur-Reply Brief shall not

include facts or evidence that were not presented at Trial and/or are not otherwise admissible.

References to facts and evidence in the briefs shall include citation to the transcript and/or

exhibit.

7.       Deadlines contained in this Scheduling Order may be extended only by the

Court and only upon written motion for good cause shown.


Dated: January ___, 2012
        Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge