LEROY SMITH, State Bar No. 107702
County Counsel, County of Ventura
JOHN E. POLICH, State Bar No. 179295
Assistant County Counsel
800 South Victoria Avenue, L/C #1830
Ventura, California 93009-1830
Telephone:   (805) 654-2592
Facsimile:   (805) 654-2185
E-mail:      john.polich@ventura.org

Attorneys for Creditor Ventura County
Treasurer-Tax Collector

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>**OPPOSITION OF CREDITOR VENTURA COUNTY TREASURER-TAX COLLECTOR TO PLAN TRUST'S NINETY-SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS**<br><br>Hearing Date: 1/19/12<br>Time:          1:00 p.m. ET<br>Courtroom:    6 |

I

**INTRODUCTION**

1. Steven D. Sass, liquidating trustee ("Plan Trustee") for the Plan Trust established in connection with the bankruptcy of the above-captioned debtors ("Debtors"), has filed a Ninety-Second Omnibus (Non-Substantive) Objection to Claims ("Objection") requesting, among other things, an order ("Proposed Order") disallowing the second amended claim of the Ventura County Treasurer-Tax Collector ("County") for delinquent unsecured real property taxes. The basis for the Objection is that County's second amended claim "added three additional parcels ... that were not on the original claim," and that the second amended claim (at least with respect to the additional parcels) is therefore a new "late" claim filed after the Administrative Claims deadline. (Proposed

1

Order, Exh. B, Claim No. 10928.) County opposes the Objection on the grounds that its second amended claim is not a new claim, but a proper amendment of its original claim.

## II

## THE OBJECTION SHOULD BE DENIED BECAUSE VENTURA COUNTY PROPERLY AMENDED ITS ORIGINAL CLAIM

A. **Background**

2. County's original claim in this matter identified $33.88 in unsecured property taxes owed by Debtors on a parcel of real property in Ventura County. (Proof of Administrative Claim For California Property Taxes, attached hereto as Exhibit 1.) County subsequently filed a first amended claim identifying a total of $4,646.03 in unsecured property taxes owed by Debtors on the parcel identified in the original claim and two additional parcels. (Amended Proof of Administrative Claim For California Property Taxes, attached hereto as Exhibit 2.)

3. On May 20, 2011, the Plan Trustee filed a Seventy-Ninth Omnibus (Substantive) Objection to Claims requesting an order disallowing County's first amended claim. The basis for the Seventy-Ninth Omnibus (Substantive) Objection to Claims was that Debtors had no ownership interest in the real property during the applicable tax years. ([Proposed] Order Sustaining Plan Trust's Seventy-Ninth Omnibus (Substantive) Objection to Claims, Exh. C, Claim No. 10865.) A hearing on the objection was set for June 21, 2011.

4. On June 14, 2011, County filed an opposition alleging that Debtors did, in fact, own an interest in the real property during the applicable tax years. (Opposition of Creditor Ventura County Treasurer-Tax Collector to Plan Trust's Seventy-Ninth Omnibus (Substantive) Objection to Claims.) The opposition included a declaration explaining the legal basis for the first amended claim and exhibits documenting Debtors' purchase and sale of the parcels.

/ / /

/ / /

5. On June 20, 2011, the Court issued an order adjourning the Plan Trustee's Seventy-Ninth Omnibus (Substantive) Objection to Claims with respect to County's first amended claim. No further hearing date has been set.

6. County filed its second amended claim on November 17, 2011. (Second Amended Proof of Administrative Claim For California Property Taxes, attached hereto as Exhibit 3.) In addition to the parcels and unsecured property taxes identified in the first amended claim, the amended claim identified an additional $4,045.76 owed by Debtors on three additional parcels of real property in Ventura County.

B. **Argument**

7. Whether to allow an amendment to a timely filed proof of claim is an equitable determination within the authority of the bankruptcy court. (*In re Hemmingway Transp., Inc.*, (Bankr. 1st Cir. 1992) 954 F.2d 1, 10 ("*Hemmingway*").) To support such a determination, the court must conclude, first, that the amended claim is not "a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim." (*Ibid.*) Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the amendment must not have resulted from "bad faith or dilatory tactics" on the part of the claimant. (*Ibid.*) If allowed, an amendment relates back to the filing of the original proof of claim. (*Ibid.*)

8. County's second amended claim does not assert a new right to payment. The original and first and second amended claims identify unsecured real property taxes owed by Debtors on parcels of real property in Ventura County. The basis for the tax liability attributable to each parcel is Debtors' short-term ownership and sale of the property prior to the date that County issued secured property tax bills for the applicable tax year. (See Declaration of Mary Barnes, attached hereto as Exhibit 4 ("Barnes Decl."), ¶ 5.) In each case, Debtors' pro rata share of the annual property tax liability (as determined based on the portion of the year during which Debtors owned the property) was added to unsecured property tax roll pursuant to section 75.54, subdivision (c) of the California Revenue and

3

Taxation Code. The second amended claim lists three additional parcels of real property owned by Debtors during the applicable time period, but asserts no new cause of action and no new basis for tax liability.

9. Nor can it be said that Debtors are unfairly surprised or prejudiced by County's second amended claim. As discussed above, County filed an original and first amended claim alerting Debtors of its intent to collect unsecured property taxes resulting from Debtors' short-term ownership of real property in Ventura County. When Debtors objected that they did not own the identified parcels, County filed an opposition including detailed documentation of the purchase and sale of each parcel and an explanation of the legal basis for the claim. Debtors are presumably aware of what real property they buy and sell, and should know what properties they owned in Ventura County that could be subject to similar claims. Indeed, well before the filing of County's second amended claim, County had mailed Debtors assessment notices and tax bills notifying them of the taxes owed on each of the additional parcels identified in the second amended claim. (Barnes Decl., ¶¶ 9-11.) Debtors were also notified of the recordation of unsecured tax liens with respect to the taxes owed on each parcel. (*Ibid.*)

10. Finally, County's second amended claim did not result from bad faith or dilatory tactics. At the time of the filing of County's original and first amended claims, County staff investigated Debtors' property ownership in Ventura County and located records of the purchase and sale of the three parcels identified in the first amended claim. (Barnes Decl., ¶¶ 6-7.) Later in 2011, County staff initiated new processes for records searches in connection with bankruptcy claims. These new processes enabled the staff to discover documents relating to the three additional parcels identified in County's second amended claim. (Barnes Decl., ¶ 8.)

### III

### RESERVATION OF RIGHTS

11. County reserves its rights to amend, modify or supplement this opposition.

///

4

OPP. OF CREDITOR VEN. CTY. TREASURER-TAX COLLECTOR TO PLAN TRUST'S OBJECTION

# IV
# CONCLUSION

12. County's second amended claim in these proceedings does not assert a new right to payment or cause of action, does not prejudice Debtors or any unsecured creditor in these proceedings, and did not result from County's bad faith or dilatory tactics. Under *Hemmingway*, the second amended claim is thus a valid amendment of County's original claim that relates back to the filing of the original claim. The Objection, with respect to County's second amended claim, should be overruled.

# V
# ADDITIONAL INFORMATION

13. Address to which the Plan Trustee may send any reply to this opposition:

John E. Polich
Assistant County Counsel
Office of the County Counsel
800 South Victoria Avenue, L/C #1830
Ventura, California 93009
Telephone No.: (805) 654-2592
Facsimile No.: (805) 654-2185

14. Person possessing ultimate authority to reconcile, settle or otherwise resolve the claim on behalf of Ventura County:

Chief Deputy Tax Collector
800 South Victoria Avenue, L/C #1290
Ventura, California 93009

Telephone: Please contact through the attorney above at (805) 654-2592.

15. Claim No. 10928 (Unsecured Real Property Tax): Parcel Number 660-0-020-325, $72.54; Plan Trustee does not seek to reduce claim. Parcel Number 111-0-060-235, $33.88; Plan Trustee does not seek to reduce claim. Parcel Number 689-0-320-085, $4,539.61; Plan Trustee does not seek to reduce claim. Parcel Number 072-0-240-285,

///
///
///
///

**OPP. OF CREDITOR VEN. CTY. TREASURER-TAX COLLECTOR TO PLAN TRUST'S OBJECTION**

1  $1,746.14; Plan Trustee seeks to reduce claim to zero.  Parcel Number 102-0-086-055,
2  $1,249.02; Plan Trustee seeks to reduce claim to zero.  Parcel Number 200-0-422-245,
3  $1,050.60; Plan Trustee seeks to reduce claim to zero.

LEROY SMITH
County Counsel, County of Ventura

Dated: 1/11/12

By _John Polich_
JOHN E. POLICH
Assistant County Counsel

Attorneys for Ventura County Treasurer-Tax Collector

6

OPP. OF CREDITOR VEN. CTY. TREASURER-TAX COLLECTOR TO PLAN TRUST'S OBJECTION

**PROOF OF SERVICE**
*In re: American Home Mortgage Holdings, Inc., et al., United States Bankruptcy Case No. 07-11047 (CSS)*

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

The undersigned declares: I am a citizen of the United States and I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 800 South Victoria Avenue, Ventura, California 93009-1830.

On January 11, 2012, I served the within **OPPOSITION OF CREDITOR VENTURA COUNTY TREASURER-TAX COLLECTOR TO PLAN TRUST'S NINETY-SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS** on:

**SEE ATTACHED SERVICE LIST**

[ ]  **by addressing an envelope** to the above-named person(s) as indicated above, and placed in the envelope a true copy of each of said documents, and by then sealing and depositing said envelope, with postage thereon fully prepaid, in the United States mail at Ventura, California, where is located the office of the person by and for whom said service was made.

[ ]  **by electronic mail transmission,** a true copy of the above-stated document in Portable Document Format (PDF) to the e-mail addresses as indicated above.

[ ]  **by facsimile transmission** of said document(s) from fax telephone number (805) 654-2185 to the above-named person(s) at the fax number(s) as indicated above. This transmission was reported as complete and without error.

[X]  **by an overnight service carrier,** (a guaranteed next day delivery service), a true copy of the above-stated document in an envelope or package designated by said carrier and addressed to the person(s) on whom it is to be served.

[ ]  **by personal service.** I delivered said document by hand to the above-named person(s) as indicated above in the manner provided in FRCivP 5(b) or CCP §1011.

[ ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on, at Ventura, California.

[X]  **(FEDERAL)** I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 11, 2012, at Ventura, California.

*/s/ Milane Acevedo*
MILANE ACEVEDO

**PROOF OF SERVICE MAILING LIST**
*In re: American Home Mortgage Holdings, Inc., et al., United States Bankruptcy Case 07-11047 (CSS)*

| | |
|---|---|
| Michael S. Neiburg<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street - 17th Floor<br>Wilmington, Delaware 19899 | Attorney for Debtors |
| Hahn & Hessen LLP<br>Mark S. Indelicato<br>Edward L. Schnitzer<br>488 Madison Avenue<br>New York, New York 10022 | Attorney for Plan Trustee |