## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN HOME MORTGAGE | § | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | § | |
| et al., | § | (Jointly Administered) |
| | § | |
| | § | |
| Debtors. | § | **Hearing Date: February 17, 2012 at 10:00 a.m. (ET)** |
| | § | **Objection Deadline: February 10, 2012  at 4:00 p.m. (ET)** |
| | § | |

## MOTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION FOR AN ORDER (I) ENFORCING THE TERMS OF THE STAY RELIEF ORDER AND (II) DIRECTING THE PLAN TRUSTEE TO TURNOVER FUNDS

JPMorgan Chase Bank, National Association ("JPMC"), by and through its undersigned counsel, hereby submits this Motion for an Order (i) enforcing the terms of the Stay Relief Order (as defined below) and (ii) directing the Trustee (as defined below) to turnover funds (the "Motion"), and in support hereof, respectfully states as follows:

### PRELIMINARY STATEMENT

The Trustee currently holds funds in excess of $728,000 which belong to JPMC. The funds were received by the Trustee on account of collections from mortgage loans pledged to JPMC under the Warehouse Facility (as defined below). Consistent with the Stay Relief Order (as defined below), any funds received by the Trustee on account of collections from the mortgage loans pledged to JPMC under the Warehouse Facility are due and owing to JPMC. Nevertheless, the Trustee has failed and refused to turnover such funds rightfully due to JPMC. JPMC brings this Motion seeking an Order (i) enforcing the terms of the Stay Relief Order and JPMC's rights thereunder, and (ii) directing the Trustee to turn over the funds rightfully due to JPMC.

## BACKGROUND

1.      On August 6, 2007 (the "Petition Date"), each of the above captioned debtors (the "Debtors") filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On February 23, 2009, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* [Docket No. 7042] (the "Confirmation Order").  The Plan became effective on November 30, 2010 (the "Plan Effective Date").

3.      Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass is the duly appointed trustee (the "Trustee") for the Plan Trust.  The Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

4.      Prior to the Petition Date, the Debtors and their affiliates were among the largest residential real-estate lenders by volume in the United States.  The Debtors' principal business consisted of originating and servicing residential mortgage loans.

5.      Pursuant to the "1/06 Senior Secured Credit Agreement," dated January 24, 2006 (together with amendments to it, the "Credit Agreement"), JPMC provided $200 million in a revolving line of credit to the American Home Mortgage Corp. and American Home Mortgage Investment Corp. (the "Debtors"), to be secured by mortgage loans that were originated and/or owned by the Debtors (the "Warehouse Facility").  Article VII of the Credit Agreement states that the Debtors grant to JPMC a first-priority lien and security interest in the

collateral described in the Credit Agreement (collectively, the "Warehouse Facility Collateral").

6.      On the Petition Date, the Debtors filed their *Emergency Motion of the Debtors for Orders: (A)(i) Approving Sale Procedures; (ii) Scheduling a Hearing to Consider Sale of Certain Assets Used In the Debtors' Loan Servicing Business; (iii) Approving Form and Manner of Notice Thereof; and (iv) Granting Related Relief; and (B)(i) Authorizing the Sale of Such Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (ii) Authorizing and Approving Purchase Agreement Thereto; (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iv) Granting Related Relief* [Docket No. 11] (the "Initial Servicing Sale Motion"). By Order dated August 9, 2007 [Docket No. 113], the Court granted the Initial Servicing Sale Motion.

7.      On September 21, 2007, the Debtors filed their *Motion of the Debtors for Order Pursuant to Sections 105(a), 363, 364, 365, and 503(b) of the Bankruptcy Code and Rules 2002, 4001, 6004, 6006, 7062, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving Revised Procedures for the Sale of the Debtors' Mortgage Servicing Business; (B) Approving Certain Protections for the Stalking Horse Bidder in Such Sale; (C) Directing that Certain Notices of Such Sale and Deadline be Given; and (D) Authorizing, on an Interim Basis, the Debtors to Grant Certain Liens and Other Protections for the Purchaser's Collateral Effective After the Initial Closing* [Docket No. 865]. The Court approved the revised motion by order dated September 25, 2007 [Docket No. 937].

8.      On October 15, 2007, the Court conducted a sale hearing. Thereafter, on October 30, 2007, the Court entered the *Order Pursuant to Sections 105, 363, 364, 365, and 503(B) of the Bankruptcy Code, and Rules 2002, 4001, 6004, 6006, 7062, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (A) Approving (i) the Sale of the Debtors' Mortgage*

*Servicing Business Free and Clear of Liens, Claims and Interests, (ii) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (B) Granting Certain Related Relief* [Docket No. 1711] (the "Servicing Sale Order") authorizing the sale of the Debtors' servicing business to AH Mortgage Acquisition Co., Inc. (k/n/a American Home Mortgage Servicing, Inc. ("AHMSI")) and approving the Asset Purchase Agreement dated as of September 25, 2007.

9.    Prior to the entry of the Servicing Sale Order, the Debtors, in the ordinary course of business and as the servicer of mortgage loans pledged to JPMC as Warehouse Facility Collateral, would remit collections from such mortgage loans to JPMC in partial satisfaction of amounts due and owing under the Credit Agreement.    After the Servicing Sale Order was entered, AHMSI became the servicer of those mortgage loans pledged to JPMC as Warehouse Facility Collateral and also continued to remit collections from mortgage loans to JPMC. Throughout the course of these bankruptcy cases, the Debtors and AHMSI transferred in excess of $40 million to JPMC on account of collections from mortgage loans pledged to JPMC as Warehouse Facility Collateral.

10.    On September 10, 2008, JPMC filed its *"Motion of JPMorgan Chase Bank, National Association for Relief From Automatic Stay, Pursuant to 11 U.S.C. § 362(d)"*. The parties reached a stipulated resolution of this motion and on December 1, 2008, the Court entered the *Order Approving Stipulation Settling Motion of JPMorgan Chase Bank, N.A. for Relief From the Automatic Stay and Providing for Mediation of Certain Disputes"* [D.I. 6643] (the "Stay Relief Order").    A copy of the Stay Relief Order is attached hereto as Exhibit A. Among other things, the Stay Relief Order provides that the Debtors would transfer to JPMC ownership of and complete dominion and control over all of the Warehouse Facility Collateral,

excluding certain disputed real estate owned property (the "REO Property") (such transferred loans, the "Transferred Loans"). This transfer was completed in February of 2009. JPMC thus received ownership of and complete dominion and control over the Transferred Loans and the rights to any proceeds thereof.

11.    Also pursuant to the Stay Relief Order, all proceeds attributable to REO Property in which JPMC asserted a security interest were to be deposited in an escrow account, pending further order of the Court. The parties then attempted to mediate their disputes related to the REO Property. Mediation proved unsuccessful and, on July 31, 2009, Debtors American Home Mortgage Corp. and American Home Mortgage Investment Corp., and the Official Committee of Unsecured Creditors (the "Committee") filed a complaint against JPMC to commence an adversary proceeding [Adv. Proc. No. 09-51702-CSS] (the "Adversary Proceeding"). JPMC answered the plaintiffs' complaint and filed counterclaims.

12.    On February 7, 2011, the Trustee, having substituted for the Debtors and Committee as plaintiff, filed the Amended Complaint [Adv. Proc. D.I. 0077]. On or about February 22, 2011 JPMC filed its *"Answer and Counterclaims of JPMorgan Chase Bank, N.A. to First Amended Complaint"* [Adv. Proc. D.I. 83]. On or about March 8, 2011, the Trustee filed the *"Answer to Counterclaims Contained in the Answer and Counterclaims of JPMorgan Chase Bank N.A"* [Adv. Proc. D.I. 84].

13.    In October 2011, the Trustee and JPMC reached a settlement of all disputes contained in the Adversary Proceeding (the "Settlement Agreement"). On November 18, 2011, the Court entered the *Order Pursuant To Sections 105 And 363 Of The Bankruptcy Code And Bankruptcy Rule 9019 Authorizing And Approving (I) The Stipulation And Settlement Agreement By And Among The Plan Trustee, JPMorgan Chase Bank, N.A., And J.P. Morgan*

*Securities Inc., (II) The Releases Contained Therein, And (III) Release Of Proceeds From, And*
*Termination Of, Escrow Account* [D.I. 10258].  Among other things, the Settlement Agreement
provided for the distribution of proceeds of REO Property held in an escrow account, the waiver
of certain claims by JPMC and mutual releases between the Trustee and JPMC.

        14.     As further set forth in the Settlement Agreement, the Plan Trustee
acknowledged that he has received funds from AHMSI that are being held in a segregated,
interest bearing account and which, as of September 30, 2011, total $728,819.80 (the "Additional
Funds").  The Trustee has advised JPMC that AHMSI has informed him that the Additional
Funds are funds attributable to collections on account of Warehouse Facility Collateral.
Disposition and treatment of the Additional Funds was specifically carved out of the Settlement
Agreement, and the Trustee and JPMC reserved all rights regarding the future disposition of the
Additional Funds.  Notwithstanding AHMSI's representation to the Trustee that the Additional
Funds being held by the Trustee were collected on account of the disposition of Warehouse
Facility Collateral, and thus are the property of JPMC, the Trustee has refused to turn over the
Additional Funds to JPMC.  The Trustee has claimed that his failure to turn over the Additional
Funds to JPMC is because  AHMSI has not provided the Trustee with additional information
which he deems sufficient to validate the claim that the Additional Funds are attributable to the
Warehouse Facility.  The Trustee has not provided JPMC with any additional justification for
withholding the Additional Funds from JPMC.

## JURISDICTION AND VENUE

        15.     JPMC brings this Motion pursuant to section 105(a) of the Bankruptcy
Code. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This matter is a
core proceeding under 28 U.S.C. § 157(b)(2). Venue is appropriate in this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

16.    JPMC moves the Court for an order (i) enforcing the terms of the Stay Relief Order and (ii) directing the Plan Trustee to turn over the Additional Funds to JPMC.

## BASIS FOR RELIEF

17.    It is well settled that "[p]ursuant to 11 U.S.C. § 105(a), 'the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.' Thus, the Code provides the Court with broad equitable powers enabling it to preserve its own jurisdiction." *In re Johns-Manville Corp.*, 91 B.R. 225, 227 (Bankr. S.D.N.Y. 1988); *Travelers Indemnity Co. v. Bailey,* 557 U.S. 137, 129 S. Ct. 2195, 2205 (2009) (affirming Bankruptcy Court's jurisdiction to enjoin claims against insurers who funded the bankruptcy estate in exchange for claims injunction and holding that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders…What is more, it expressly retained jurisdiction to enforce its injunctions").

18.    The Stay Relief Order provides that "the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Stipulation on motion of any party hereto." (¶ 21.)  Specifically, the Stay Relief Order provided that the Debtors were to transfer to JPMC "ownership of and complete dominion and control over [the Transferred Loans].".  Consistent with such ownership rights, JPMC is entitled to the proceeds received on account of disposition of the Transferred Loans.  As a result, the Trustee should be required to transfer the Additional Funds to JPMC pursuant to JPMC's vested ownership rights in the Transferred Loans.

19.    The Trustee has advised JPMC that AHMSI, as servicer of the Warehouse

Facility Collateral prior to the Transfer Date has represented to him that the Additional Funds represent collections on account of the Warehouse Facility Collateral pledged by the Debtors to JPMC to secure obligations owing under the Credit Agreement. In the ordinary course of business, both the Debtors and AHMSI, respectively, routinely transferred funds received from collections or disposition of Warehouse Facility Collateral to reduce obligations owing under the Credit Agreement. During the course of these bankruptcy cases, the Debtors and AHMSI combined to transfer in excess of $40 million to JPMC on account of collections or dispositions of Warehouse Facility Collateral. The Additional Funds represent similar such collections and should be turned over to JPMC consistent with the terms of the Stay Relief Order and Credit Agreement. The Trustee has provided JPMC with no basis for withholding the Additional Funds other than the Trustee's apparent dissatisfaction with the quality of information provided by AHMSI with respect to the Additional Funds. Such apparent dissatisfaction is not an appropriate basis upon which the Trustee may rely to deprive JPMC of its rights to receive the Additional Funds.

WHEREFORE, JPMC hereby requests that this Court (i) enter an order enforcing the terms of the Stay Relief Stipulation and directing the Plan Trustee to turnover JPMC's funds; and (ii) grant JPMC such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
       January 31, 2012

**LANDIS RATH & COBB LLP**

Daniel B. Rath (No. 3022)
Matthew B. McGuire (No. 4366)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel for JPMorgan Chase Bank, National Association*