**Exhibit 1**

**Stipulation**

01: 11815321.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                         :  Chapter 11
                                                               :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                         :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                             :
                                                               :  Jointly Administered
         Debtors.                                              :
                                                               :
---------------------------------------------------------------- x

### STIPULATION REGARDING (I) MORTGAGE LOAN SALE AGREEMENT; (II) FLOW MORTGAGE LOAN INTERIM SERVICING AGREEMENT AND; (III) CLAIM NOS. 8261, 8396 & 8399 FILED BY J.P. MORGAN MORTGAGE ACQUISITION CORP.

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan")[2] in the chapter 11 cases of the above-captioned debtors (the "Debtors"), and J.P. Morgan Mortgage Acquisition Corp. ("JPMMAC" and collectively with the Plan Trustee, the "Parties"), as of the date set forth below. The Parties hereby stipulate and agree that the following terms shall govern (i) the treatment of proof of claim numbers 8261 ("Claim 8261"), 8396 ("Claim 8396") and 8399 ("Claim 8399" and together with Claims 8261 and 8396, the "JPMMAC Claims") filed by JPMMAC, and (ii) the Parties' respective rights, obligations and liabilities relating to the MLSA and FMLISA (defined below).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

## RECITALS

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, Debtors American Home Mortgage Corp. ("AHM Corp.") and American Home Mortgage Servicing, Inc. n/k/a AHM SV, Inc. ("AHM SV") and JPMMAC were parties to that certain Mortgage Loan Sale Agreement dated as of April 1, 2006 (and related Terms Letters and Assignment and Conveyance Agreements, the "MLSA");

WHEREAS, pursuant to the MLSA, AHM Corp. sold pools of residential mortgage loans to JPMMAC, and AHM SV serviced those loans on an interim basis until the servicing was transferred to JPMMAC or its designee. The interim servicing by AHM SV was also subject to the terms of the Flow Mortgage Loan Interim Servicing Agreement ("FMLISA"), made as of April 1, 2006, by and between JPMMAC and AHM SV. Under the terms of the MLSA, AHM Corp. was obligated to (i) pay JPMMAC for repurchase of loans in the event of an early payment default by a mortgagor (as described more fully in the MLSA), (ii) reimburse JPMMAC for the purchase premium in the event of an early payoff of a mortgage loan (as described more fully in the MLSA), and (iii) pay JPMMAC damages for breaches by AHM Corp. or AHM SV of the representations, warranties and covenants set forth in the MLSA and FMLISA;

WHEREAS, as of the Petition Date, AHM Corp. and AHM SV were indebted to JPMMAC for damages for breaches of warranties, representations and covenants and for other amounts due in connection with the MLSA and FMLISA;

WHEREAS, on January 10, 2008, JPMMAC filed the JPMMAC Claims against the Debtors' estates for breaches of the MLSA and FMLISA; specifically, the JPMMAC Claims are comprised of the following:

    a. Claim 8261 against AHM Corp. in the amount of $96,844,421.32;

    b. Claim 8396 against AHM SV in the amount of $20,223.38; and

    c. Claim 8399 against AHM Corp. in the amount of $308,000.

WHEREAS, on February 23, 2009, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* [Docket No. 7042] (the "Confirmation Order");

WHEREAS, paragraph 66 of the Confirmation Order provided that Claims 8261 and 8399 were to be allowed in the aggregate amount of $27.3 million, subject to "validation of EPD status for any loans on account of which EPD Claims are asserted"; based upon information in the Debtors' possession at the time of confirmation of the Plan, the Debtors and JPMMAC agreed that the aggregate amount of the JPMMAC Claims would not be less than $23 million;

WHEREAS, on February 7, 2011, the Plan Trust filed its *Seventy-Third Omnibus (Substantive) objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 9771] (the "Claim Objection"). Pursuant to the Claim Objection, the Plan Trust sought to reduce and allow Claims 8261 and 8399 in the aggregate amount of $23 million alleging that JPMMAC had not sufficiently validated the EPD status for loans on account of which EPD Claims were asserted in the JPMMAC Claims as required by the Confirmation Order;

WHEREAS, the Parties have conferred in good faith to reach an agreement concerning the proper treatment of the JPMMAC Claims and the Claim Objection;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims, such as the JPMMAC Claims and the Claim Objection, without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan); and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The terms of this Stipulation shall be effective upon the Bankruptcy Court's entry of a final, non-appealable order approving this Stipulation (the "Effective Date").

2. Upon the Effective Date, Claim 8261 against AHM Corp. shall be reduced and allowed as a general unsecured claim in the amount of $25 million.

3. Upon the Effective Date, Claim 8396 against AHM SV and Claim 8399 against AHM Corp. shall be disallowed in their entirety.

4. Upon the Effective Date, the Claim Objection shall be deemed withdrawn, with prejudice.

5. As of the Effective Date, JPMMAC, on the one hand, and AHM Corp. and AHM SV, the other Debtors, and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses,

4

01:11808490.1

suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the JPMMAC Claims, the MLSA, and/or the FMLISA, whether presently in existence or which may hereafter accrue, be asserted and/or held by JPMMAC, AHM Corp., AHM SV, the Plan Trustee, or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

6. For the avoidance of doubt, nothing in paragraph 5 of this Stipulation is intended or shall be deemed to constitute a waiver or release of any causes of action, claims or defenses in connection with matters and/or agreements that are not related to the JPMMAC Claims, the MLSA or the FMLISA, including, without limitation, any matters relating to any proof of claim other than the JPMMAC Claims filed by any affiliate of JPMorgan Chase & Co. in the cases of any of the Debtors.

7. The Parties acknowledge that, unless and until the Effective Date occurs, nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings.

8. The Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

9. The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective clients.

10. This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice-of-law principles.

11. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

12. This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

13. The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

STIPULATED AND AGREED this 22nd day of February, 2012

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 576-3590

*Counsel to the Plan Trustee*

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400

*Counsel to J.P. Morgan Mortgage Acquisition Corp.*