IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                                   :
                                                                   : Jointly Administered
     Debtors.                                                      :
                                                                   : Ref. Dkt. Nos. 5181 & 10122
                                                                   :
------------------------------------------------------------------ x

### STIPULATION BY AND AMONG THE PLAN TRUSTEE AND FINANCIAL GUARANTY INSURANCE COMPANY RESOLVING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS' ESTATES

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and Financial Guaranty Insurance Company ("FGIC" and, together with the Plan Trustee, the "Parties"), by and through their undersigned counsel.

### RECITALS

WHEREAS, in three mortgage loan securitizations sponsored by certain of the Debtors, the AHMIT 2005-1, AHMIT 2005-2 and AHMIT 2005-4A mortgage loan securitizations (the "Securitizations"), FGIC delivered insurance policies insuring certain

---

\* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

1

01: 11754171.2

payments to third-party investors on securities issued by the securitization trusts; the securities are backed by mortgage loans sold and were serviced by certain of the Debtors;

WHEREAS, FGIC asserts it is a party to insurance agreements with American AHM Acceptance, AHM SV, and AHM Investment delivered in the Securitizations, and that it is also an express third party beneficiary of additional agreements delivered in such Securitizations by AHM Acceptance and AHM SV;

WHEREAS, FGIC filed the following proofs of claim (the "FGIC Proofs of Claim") in the following cases in connection with the Securitizations:

| Debtor | Case Number | Proof of Claim Number |
|---|---|---|
| AHM Acceptance | 07-11047 | 8264 |
| AHM Acceptance | 07-11049 | 8711 |
| AHM SV | 07-11047 | 8453 |
| AHM SV | 07-11050 | 8710 |
| AHM Investment | 07-11047 | 8452 |
| AHM Investment | 07-11048 | 8712 |

WHEREAS, FGIC filed (i) the above-referenced claim against AHM Acceptance under the case number designated for such debtor and a duplicate claim in the jointly administered case, (ii) the above-referenced claim against AHM SV under the case number designated for such debtor and a duplicate claim in the jointly administered case and (iii) the above-referenced claim against AHM Investment under the case number designated for such debtor and a duplicate claim in the jointly administered case; claims were filed in both the individual cases and the jointly administered case because the claim order and filing procedures did not specify whether claims should be filed in the individual cases or in the jointly administered case;

2

01: 11754171.2

WHEREAS, the FGIC Proofs of Claim included, among other claims, a claim (i) relating to the AHMIT 2005-1 Securitization in the amount of at least $1,098,848.09 based on the alleged failure of AHM Acceptance and AHM SV to administer the AHMIT 2005-1 Securitization in "Rapid Amortization" as required by and set forth in the transaction documents relating thereto, (ii) relating to the AHMIT 2005-2 Securitization in the amount of at least $2,041,581.87 based on the alleged failure of AHM Acceptance and AHM SV to administer the AHMIT 2005-2 Securitization in "Rapid Amortization" as required by and set forth in the transaction documents relating thereto, and (iii) relating to the AHMIT 2005-4A Securitization in the amount of at least $1,944,264.08 based on the alleged failure of AHM Acceptance and AHM SV to administer the AHMIT 2005-4A Securitization in "Rapid Amortization" as required by and set forth in the transaction documents relating thereto (collectively, the "RAE Claims");

WHEREAS, U.S. Bank National Association, in its capacity as Trustee of the AHMIT 2005-4A Securitization (solely in such capacity, "U.S. Bank") has also asserted claims relating to the AHMIT 2005-4A Securitization (the "U.S. Bank 2005-4A Claims"), including a claim of at least $1,944,264.08 based on the alleged failure of AHM Acceptance and AHM SV to administer the AHMIT 2005-4A Securitization in "Rapid Amortization" as required by and set forth in the transaction documents relating thereto;

WHEREAS, on July 18, 2008, the Debtors filed their *Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* [D.I. 5181] (the "Initial Claim Objection"), which sought disallowance of the FGIC Proofs of Claim;

WHEREAS, FGIC filed a response to the Initial Claim Objection on August 11, 2008 [D.I. 5351];

01: 11754171.2

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010 (the "Plan Effective Date"), at which time (i) the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim;

WHEREAS, on or about February 7, 2011, the Plan Trustee filed a re-notice of the Initial Claim Objection with respect to the FGIC Proofs of Claim [D.I. 9768];

WHEREAS, on or about August 10, 2011, the Plan Trustee filed the *Eighty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* [D.I. 10122] which included the FGIC Proofs of Claim on Exhibit A to the proposed order attached thereto (such objection, together with the Initial Claim Objection, the "Pending Objections");

WHEREAS, the Parties desire to avoid costly litigation over the FGIC Proofs of Claim and the Pending Objections and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims, such as the remaining Proofs of Claim and the Pending Objections, without further approval of or application to the Bankruptcy Court, subject

01: 117541712

to the approval of the Plan Oversight Committee (as defined in the Plan) in certain circumstances not present with respect to this Stipulation; and

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness.** This Stipulation shall be effective upon its docketing with the Bankruptcy Court in the above-captioned cases.

2. **Withdrawal of Pending Objections.** The Pending Objections are hereby withdrawn with prejudice as to the FGIC Proofs of Claim.

3. **Disallowance of Certain Proofs of Claim.** FGIC agrees that (i) proofs of claim #8264, #8452, and #8453 filed in the jointly administered case, number 07-11047, shall be withdrawn and otherwise disallowed with prejudice as duplicative of the remaining FGIC Proofs of Claim, and (ii) the remaining FGIC Proofs of Claim shall be withdrawn and otherwise disallowed except to the extent set forth and allowed in paragraph 4 below.

4. **Allowance of Certain Proofs of Claim.** The Plan Trustee agrees that (i) proof of claim #8710 shall be allowed as a general unsecured claim against AHM SV in the amount of $1,884,258, (ii) proof of claim #8711 shall be allowed as a general unsecured claim against AHM Acceptance in the amount of $1,884,258, and (iii) proof of claim #8712 shall be allowed as a general unsecured claim against AHM Investment in the amount of $1,884,258, all on account of the RAE Claims relating to the AHMIT 2005-1 and AHMIT 2005-2 Securitizations.

5. **Withdrawal of AHMIT 2005-4A Claims.** The FGIC Proofs of Claim relating to the AHMIT 2005-4A Securitization are hereby withdrawn, which withdrawal shall be without prejudice to any and all rights of FGIC vis-à-vis U.S. Bank with respect to any recovery by U.S. Bank on the U.S. Bank 2005-4A Claims.

6. **Release by FGIC.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, FGIC fully and forever releases, surrenders, gives up and discharges the Plan Trustee and the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that FGIC ever had, may have had or may have against the Plan Trustee or the Debtors with respect to the FGIC Proofs of Claim, including but not limited to any and all claims for actual, punitive and/or statutory damages asserted or which could have been asserted against the Plan Trustee or the Debtors, provided, however, that nothing in this paragraph 6 shall constitute a waiver or release of any claims allowed pursuant to this Stipulation. FGIC further covenants not to sue or authorize a suit against the Plan Trustee or the Debtors in connection with any of the foregoing released claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages.

7. **Release by Plan Trust and Debtors.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, the Plan Trustee and the Debtors fully and forever release, surrender, give up and discharge FGIC from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that the Plan Trustee or the Debtors ever had, may have had or may have against FGIC with respect to the FGIC Proofs of Claim, including but not limited to any and all claims for actual, punitive and/or statutory damages asserted or which

could have been asserted against FGIC. The Plan Trustee and the Debtors further covenant not to sue or authorize a suit against FGIC in connection with any of the foregoing released claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages.

8. **Successors.** This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, the Debtors, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

9. **No Evidence.** Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto or the debtors other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith or (c) to prove that the parties have stipulated to the relief described herein.

10. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

11. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

12. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

01: 11754171.2

13. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

14. **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[SIGNATURE PAGE FOLLOWS]

Dated: Wilmington, Delaware
February 23, 2012

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Sean M. Beach*
        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        Michael S. Neiburg (No. 5275)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee

Dated: Omaha, Nebraska
February 21, 2012

        KUTAK ROCK LLP

        */s/ Bruce A. Wilson*
        Bruce A. Wilson (NE Bar #18885) (admitted *pro hac vice*)
        1650 Farnam Street
        Omaha, Nebraska 68102
        Telephone: (402) 346-6000
        Facsimile: (402) 346-1148

        Counsel for Financial Guaranty Insurance Company

*[Signature Page to Stipulation Resolving Certain Proofs of Claim]*