## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[2] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Ref. Dkt. Nos. 2226, 2466 & 9628** |
| | : |

------------------------------------------------------------------- x

### CERTIFICATION OF COUNSEL SUBMITTING PROPOSED ORDER APPROVING STIPULATION RESOLVING SELLERS' CURE CLAIMS AND ADMINISTRATIVE EXPENSE CLAIM ASSERTED BY CITIMORTGAGE, INC.

The undersigned counsel to Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby certifies as follows:

1.      Certain Debtors and CitiMortgage, Inc. ("CMI") were parties to two contracts (the "Assumed CMI Contracts") that were assumed and assigned to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser") by order of this Court entered October 30, 2007 [D.I. 1711] (the "Sale Order"). Pursuant to the Sale Order, a $10 million escrow (the "Cure Escrow") was established for the payment of certain cure claims under contracts assigned to the Purchaser. The Cure Escrow is currently held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent"). Per

---

[2]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

the Sale Order the Cure Escrow is subject to the liens of Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other prepetition lenders, and any funds remaining in the Cure Escrow net of the Sellers' Cure Amount must be paid to the Administrative Agent.

2.      CMI asserted certain cure claims against the Cure Escrow [D.I. 2226 & 2466] (the "Sellers' Cure Claims"), which remain pending.  Pursuant to the Sale Order, the Debtors and the Administrative Agent each have the right to object to the Sellers' Cure Claims.

3.      The effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to the rights of the Debtors, including, but not limited to, the right to object to and/or settle the Sellers' Cure Claims.

4.      On January 5, 2011, CMI asserted an administrative claim for amounts allegedly due and owing under the Assumed CMI Contracts [D.I. 9628] (the "Administrative Expense Claim").  On November 4, 2011, the Plan Trustee filed an objection to the Administrative Expense Claim [D.I. 10222].

5.      The Plan Trustee, CMI, and the Administrative Agent have conferred in good faith to reach a consensual resolution concerning the proper treatment of CMI's Sellers' Cure Claims and Administrative Expense Claim.  As a result of these discussions, the Plan Trustee and CMI, with the consent of the Administrative Agent, have entered into the *Stipulation Resolving Sellers' Cure Claims and Administrative Expense Claim Asserted by CitiMortgage, Inc.* (the "Stipulation").  As set forth in the Stipulation, CMI has agreed to accept a payment of $75,000 from the Cure Escrow in full satisfaction of its Sellers' Cure Claims and Administrative Expense Claims.

6.    Article 8 of the Plan permits the Plan Trustee to settle the Sellers' Cure Claims and the Administrative Expense Claim on the terms set forth in the Stipulation without notice or a hearing, or order of this Court.  However, the Stipulation contemplates entry of an order by this Court, among other reasons, to facilitate the disbursement of the settlement payment to CMI by the Escrow Agent.  Accordingly, attached hereto as **Exhibit A** is a proposed form of order (the "Proposed Order") (i) approving the Stipulation, which is attached to the Proposed Order as **Exhibit 1**, (ii) authorizing and directing the Escrow Agent to make the settlement payment to CMI within five (5) business days after entry of the order, and (iii) waiving the 14-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable.[3]

WHEREFORE, the Plan Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation at its earliest convenience.

Dated: March 2, 2012
     Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

*Counsel to the Plan Trustee*

---

[3]    Given that the Plan is effective and provides for the resolution of claims without Court order, the Plan Trustee submits that Rule 6004(h) would not be applicable in any event.

01: 11817560.1

## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                       :    Chapter 11
                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,       :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,              :
                                             :    Jointly Administered
          Debtors.                           :
                                             :    Ref. Dkt. Nos. 2226, 2466 & 9628
------------------------------------------------------------ x
```

## ORDER APPROVING STIPULATION RESOLVING SELLERS' CURE CLAIMS AND ADMINISTRATIVE EXPENSE CLAIM ASSERTED BY CITIMORTGAGE, INC.

Upon consideration of the *Stipulation Resolving Sellers' Cure Claims and Administrative Expense Claim Asserted by CitiMortgage, Inc.* (the "Stipulation");[1] and the Plan Trustee and CMI having agreed that the Seller Cure Claims and the Administrative Expense Claim should receive the treatment set forth in the Stipulation; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Stipulation attached hereto as **Exhibit 1** is APPROVED; and it is further

ORDERED that the Escrow Agent hereby is authorized and directed to pay $75,000 from the Cure Escrow to CMI within five (5) business days following entry of this Order, pursuant to wire instructions to be provided by CMI; and it is further

ORDERED that this Order shall be effective immediately notwithstanding the 14-day stay imposed by Fed. R. Bankr. P. 6004(h), to the extent applicable; and it is further

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
      _____ \_\_\_, 2012

                                        _____
                                        CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE

2

# Exhibit 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                            :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                  :
                                                                 :    Jointly Administered
        Debtors.                                                 :
                                                                 :    **Ref. Dkt. Nos. 1703, 1711, 2166, 2226,**
                                                                 :    **2236, 2466, 4084, 4738, 5308, 7248,**
                                                                 :    **8594, 9628 & 10222**
---------------------------------------------------------------- x

## STIPULATION RESOLVING SELLERS' CURE CLAIMS AND ADMINISTRATIVE EXPENSE CLAIM ASSERTED BY CITIMORTGAGE, INC.

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass,

as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended*

*Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the

above-captioned cases, and CitiMortgage, Inc. ("CMI" and, together with the Plan Trustee, the

"Parties"), by and through their undersigned counsel.

### RECITALS

WHEREAS, on October 30, 2007, the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court") entered an order [D.I. 1711] (the "Sale Order")[1]

which, inter alia authorized the assumption and assignment of certain executory contracts (the

"Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently

amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the

"Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co.,

Inc.) (the "Purchaser");

---

[1]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order or APA (as hereinafter defined).

01: 11817567.2

WHEREAS the Assumed Contracts included two contracts to which CMI is a party (such contracts, the "Assumed CMI Contracts");

WHEREAS, pursuant to the Sale Order, the Cure Escrow was established for the payment of certain claims asserted by counterparties to Assumed Contracts that arose prior to the Initial Closing (each, a "Sellers' Cure Amount");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, the Debtors (i) listed the Initial Cure Amount under both of the Assumed CMI Contracts as $0 in Schedule 1 of the Sale Order [D.I. 1703] and (ii) listed the Interim Cure Amount under both of the Assumed CMI Contracts as $0 in a schedule of proposed Interim Cure Amounts filed by the Debtors on November 26, 2007 [D.I. 2166];

WHEREAS, CMI filed (i) the *Cure Claim And Objection of CitiMortgage, Inc. for the Period Prior to Entry of that Certain Sale Order (Docket Nos. 11, 1703 and 1711)* on November 29, 2007 [D.I. 2226] (as subsequently amended, the "Initial Cure Claim") and (ii) the *Interim Period Cure Claim and Objection of CitiMortgage, Inc. to Debtors' Interim Period Cure Schedule (Docket Nos. 11, 1703, 1711, 2166, 2226 and 2236)* on December 21, 2007 [D.I. 2466] (the "Interim Cure Claim" and, together with the Initial Cure Claim, the "Sellers' Cure Claims"), in objection to the Debtors' proposed Initial Cure Amount and Interim Cure Amount, and asserted an Initial Cure Amount of $113,745.67, and an Interim Cure Amount of $5,392.48;

WHEREAS, pursuant to the Sale Order, the Debtors and Bank of America, N.A., as administrative agent (the "Administrative Agent"), each have the right to object to any Sellers' Cure Amount, including the Sellers' Cure Claims;

2

01: 11817567.2

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [D.I. 7042] confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan) arising pursuant to, *inter alia*, (i) the Sale Order and (ii) the *Order Approving and Authorizing Stipulation of Settlement Among (i) the Debtors, (ii) Bank of America, N.A., as Administrative Agent, and (iii) the Official Committee of Unsecured Creditors and Granting Related Relief* entered on August 5, 2008 [D.I. 5308];

WHEREAS, CMI filed its *Motion for an Order Allowing and Directing Payment of its Administrative Expense Claim (Docket Nos. 66, 1711, 7029, 7042 and 9519)* on January 5, 2011 [D.I. 9628], pursuant to which CMI asserted an administrative expense claim of $106,582.85 (the "Administrative Expense Claim") against the Debtors;

WHEREAS, the Plan Trustee filed the *Plan Trust's Objection to CitiMortgage, Inc.'s Motion for an Order Allowing and Directing Payment of its Administrative Expense Claim* on November 4, 2011 [D.I. 10222];

WHEREAS, the Parties desire to avoid costly litigation over the Sellers' Cure Claims and the Administrative Expense Claim, and, to that end, have agreed, in consultation with the Administrative Agent, upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Administrative Agent has advised the Parties that it has no objection to the terms of this Stipulation;

01: 11817567.2

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1.    **Effectiveness**.  This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation, authorizing the Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to CMI, and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Stipulation.  Within three (3) business days after the execution of this Stipulation by all Parties, the Plan Trustee shall file an appropriate pleading with the Bankruptcy Court (the "Approval Request") seeking approval of this Stipulation and waiver of the 14-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable.  If the Approval Order is not entered within thirty (30) days after execution of the Stipulation by all parties, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

2.    **Allowed Cure Claim.**  Effective upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $75,000 (the "Allowed Cure Claim").  The Allowed Cure Claim shall be paid to CMI from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by CMI.

3.    **Treatment of Administrative Expense Claim**.  Effective upon CMI's receipt of payment of the Allowed Cure Claim, the Administrative Expense Claim shall be deemed withdrawn with prejudice.

4

4.    **Release by CMI.**  Effective upon CMI's receipt of payment of the Allowed Cure Claim from the Cure Escrow, CMI, on behalf of itself and its successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors, the Plan Trustee, or the Cure Escrow (i) arising under the Assumed CMI Contracts with respect to acts or omissions that occurred prior to the Initial Closing Date, (ii) arising under the Assumed CMI Contracts with respect to acts or omissions that occurred between the Initial Closing Date and the Final Closing Date, or (iii) for out-of-pocket costs and expenses incurred by CMI as a result of the assumption and assignment of the Assumed CMI Contracts to the Purchaser, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, including, but not limited to, the Sellers' Cure Claims and the Administrative Expense Claim; provided, however, that CMI does not waive or release (i) any claims allowed pursuant to this Stipulation or (ii) any general unsecured claims asserted by CMI in proofs of claim nos. 8522, 8523 and 8524.

5.    **No Evidence.**  The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

6.    **Successors.**  This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

7.    **Entire Agreement.**  This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

8.    **Descriptive Headings.**  Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

9.    **Governing Law; Jurisdiction.**  This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, title 11 of the United States Code, as amended.  The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

10.    **Construction.**  The Parties have cooperated in the drafting and preparation of this Stipulation.  Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

11.    **Execution in Counterparts.**  This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument.  This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[Signature pages follow]

Dated:    Wilmington, Delaware
          February 27, 2012

                  HAHN & HESSEN LLP
                  Mark S. Indelicato
                  Edward L. Schnitzer
                  488 Madison Avenue
                  New York, New York 10022
                  Telephone: (212) 478-7200

                  -and-

                  YOUNG CONAWAY STARGATT & TAYLOR, LLP

                  Sean M. Beach (No. 4070)
                  Patrick A. Jackson (No. 4976)
                  Michael S. Neiburg (No. 5275)
                  The Brandywine Building
                  1000 West Street, 17th Floor
                  Wilmington, Delaware 19801
                  Telephone: (302) 571-6600
                  Facsimile: (302) 571-1253

                  Co-Counsel for the Plan Trustee

01: 11817567.2

Dated:    Wilmington, Delaware
          February 28, 2012

                          FEATHERSTONE PETRIE DESISTO LLP
                          Andrew J. Petrie
                          600 17th Street, Suite 2400S
                          Denver, Colorado 80202-5424
                          Telephone: (303) 626-7139
                          Facsimile: (303) 626-7101

                          -and-

                          MORRIS JAMES LLP

                          Brett D. Fallon (No. 2480)
                          500 Delaware Avenue, Suite 1500
                          P.O. Box 2306
                          Wilmington, Delaware 19899-2306
                          Telephone: (302) 888-6888
                          Facsimile: (302) 571-1750

                          Counsel for CitiMortgage, Inc.