# Exhibit 1

**Stipulation**

01: 11817560.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                            : Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,            : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                   :
                                                  : Jointly Administered
    Debtors.                                      :
                                                  : **Ref. Dkt. Nos. 1703, 1711, 2166, 2226,**
                                                  : **2236, 2466, 4084, 4738, 5308, 7248,**
                                                  : **8594, 9628 & 10222**
------------------------------------------------------------------ x

### STIPULATION RESOLVING SELLERS' CURE CLAIMS AND ADMINISTRATIVE EXPENSE CLAIM ASSERTED BY CITIMORTGAGE, INC.

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and CitiMortgage, Inc. ("CMI" and, together with the Plan Trustee, the "Parties"), by and through their undersigned counsel.

### RECITALS

WHEREAS, on October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 1711] (the "Sale Order")[1] which, inter alia authorized the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order or APA (as hereinafter defined).

WHEREAS the Assumed Contracts included two contracts to which CMI is a party (such contracts, the "Assumed CMI Contracts");

WHEREAS, pursuant to the Sale Order, the Cure Escrow was established for the payment of certain claims asserted by counterparties to Assumed Contracts that arose prior to the Initial Closing (each, a "Sellers' Cure Amount");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, the Debtors (i) listed the Initial Cure Amount under both of the Assumed CMI Contracts as $0 in Schedule 1 of the Sale Order [D.I. 1703] and (ii) listed the Interim Cure Amount under both of the Assumed CMI Contracts as $0 in a schedule of proposed Interim Cure Amounts filed by the Debtors on November 26, 2007 [D.I. 2166];

WHEREAS, CMI filed (i) the *Cure Claim And Objection of CitiMortgage, Inc. for the Period Prior to Entry of that Certain Sale Order (Docket Nos. 11, 1703 and 1711)* on November 29, 2007 [D.I. 2226] (as subsequently amended, the "Initial Cure Claim") and (ii) the *Interim Period Cure Claim and Objection of CitiMortgage, Inc. to Debtors' Interim Period Cure Schedule (Docket Nos. 11, 1703, 1711, 2166, 2226 and 2236)* on December 21, 2007 [D.I. 2466] (the "Interim Cure Claim" and, together with the Initial Cure Claim, the "Sellers' Cure Claims"), in objection to the Debtors' proposed Initial Cure Amount and Interim Cure Amount, and asserted an Initial Cure Amount of $113,745.67, and an Interim Cure Amount of $5,392.48;

WHEREAS, pursuant to the Sale Order, the Debtors and Bank of America, N.A., as administrative agent (the "Administrative Agent"), each have the right to object to any Sellers' Cure Amount, including the Sellers' Cure Claims;

2

01: 11817567.2

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [D.I. 7042] confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan) arising pursuant to, *inter alia*, (i) the Sale Order and (ii) the *Order Approving and Authorizing Stipulation of Settlement Among (i) the Debtors, (ii) Bank of America, N.A., as Administrative Agent, and (iii) the Official Committee of Unsecured Creditors and Granting Related Relief* entered on August 5, 2008 [D.I. 5308];

WHEREAS, CMI filed its *Motion for an Order Allowing and Directing Payment of its Administrative Expense Claim (Docket Nos. 66, 1711, 7029, 7042 and 9519)* on January 5, 2011 [D.I. 9628], pursuant to which CMI asserted an administrative expense claim of $106,582.85 (the "Administrative Expense Claim") against the Debtors;

WHEREAS, the Plan Trustee filed the *Plan Trust's Objection to CitiMortgage, Inc.'s Motion for an Order Allowing and Directing Payment of its Administrative Expense Claim* on November 4, 2011 [D.I. 10222];

WHEREAS, the Parties desire to avoid costly litigation over the Sellers' Cure Claims and the Administrative Expense Claim, and, to that end, have agreed, in consultation with the Administrative Agent, upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Administrative Agent has advised the Parties that it has no objection to the terms of this Stipulation;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness**. This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation, authorizing the Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to CMI, and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Stipulation. Within three (3) business days after the execution of this Stipulation by all Parties, the Plan Trustee shall file an appropriate pleading with the Bankruptcy Court (the "Approval Request") seeking approval of this Stipulation and waiver of the 14-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable. If the Approval Order is not entered within thirty (30) days after execution of the Stipulation by all parties, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

2. **Allowed Cure Claim**. Effective upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $75,000 (the "Allowed Cure Claim"). The Allowed Cure Claim shall be paid to CMI from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by CMI.

3. **Treatment of Administrative Expense Claim**. Effective upon CMI's receipt of payment of the Allowed Cure Claim, the Administrative Expense Claim shall be deemed withdrawn with prejudice.

4. **Release by CMI.** Effective upon CMI's receipt of payment of the Allowed Cure Claim from the Cure Escrow, CMI, on behalf of itself and its successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors, the Plan Trustee, or the Cure Escrow (i) arising under the Assumed CMI Contracts with respect to acts or omissions that occurred prior to the Initial Closing Date, (ii) arising under the Assumed CMI Contracts with respect to acts or omissions that occurred between the Initial Closing Date and the Final Closing Date, or (iii) for out-of-pocket costs and expenses incurred by CMI as a result of the assumption and assignment of the Assumed CMI Contracts to the Purchaser, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, including, but not limited to, the Sellers' Cure Claims and the Administrative Expense Claim; provided, however, that CMI does not waive or release (i) any claims allowed pursuant to this Stipulation or (ii) any general unsecured claims asserted by CMI in proofs of claim nos. 8522, 8523 and 8524.

5. **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

6. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

7. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

8. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

9. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, title 11 of the United States Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

10. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

11. **Execution in Counterparts.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[Signature pages follow]

Dated:   Wilmington, Delaware
         February 27, 2012

                HAHN & HESSEN LLP
                Mark S. Indelicato
                Edward L. Schnitzer
                488 Madison Avenue
                New York, New York 10022
                Telephone: (212) 478-7200

                -and-

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Sean M. Beach
                Sean M. Beach (No. 4070)
                Patrick A. Jackson (No. 4976)
                Michael S. Neiburg (No. 5275)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, Delaware 19801
                Telephone: (302) 571-6600
                Facsimile: (302) 571-1253

                Co-Counsel for the Plan Trustee

Dated: Wilmington, Delaware
February 28, 2012

        FEATHERSTONE PETRIE DESISTO LLP
        Andrew J. Petrie
        600 17th Street, Suite 2400S
        Denver, Colorado 80202-5424
        Telephone: (303) 626-7139
        Facsimile: (303) 626-7101

        -and-

        MORRIS JAMES LLP

        */s/ Brett D. Fallon*
        Brett D. Fallon (No. 2480)
        500 Delaware Avenue, Suite 1500
        P.O. Box 2306
        Wilmington, Delaware 19899-2306
        Telephone: (302) 888-6888
        Facsimile: (302) 571-1750

        Counsel for CitiMortgage, Inc.