## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re:                                                   :    Chapter 11
                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                       :
                                                         :    Jointly Administered
          Debtors.                                       :
                                                         :    **Response Deadline: April 2, 2012 at 4:00 p.m. (ET)**
                                                         :    **Hearing Date: April 9, 2012 at 10:00 a.m. (ET)**

---------------------------------------------------------------- x

## PLAN TRUST'S NINETY-FIFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to

each of the claims and interests (the "Disputed Claims") listed on Exhibits A and B to the

proposed form of order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full or

reassigning such Disputed Claims as described herein. In support of this Objection, the Plan

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

Trust relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's Ninety-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Plan Trustee respectfully represents as follows:

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

### BACKGROUND

2.      On August 4, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4.      On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

### BAR DATE AND PROOFS OF CLAIM

5.      On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these

chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.     On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.     To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8.     By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-

1, disallowing in full or reassigning the Disputed Claims listed in Exhibits A and B to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A.    Amended Claims

9.    The claims identified under the column titled "Objectionable Claim" on Exhibit A to the Proposed Order (the "Amended Claims") have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit A (the "Surviving Claims"). The Amended Claims, thus, no longer represent valid claims against the Debtors' estates.

10.    Failure to disallow the Amended Claims will result in the claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Furthermore, no prejudice will result to the holder of the Amended Claims because it will receive the same treatment as other similarly-situated claimants for its Surviving Claims. Accordingly, the Plan Trust hereby objects to the Amended Claims and requests entry of an order disallowing and expunging in full the Amended Claims as indicated on Exhibit A.

### B.    Wrong Debtor Claim

11.    The claim listed on Exhibit B to the Proposed Order (the "Wrong Debtor Claim") was filed by the claimant against a certain Debtor under the case number listed under the column titled "Objectionable Claims" on Exhibit B. After reviewing the Debtors' books and records, the Plan Trust believes it has determined which Debtor the Wrong Debtor Claim should have been filed against and has listed the new case number for the Wrong Debtor Claim under the column titled "New Case Number" (the "New Case Number"). The Plan Trust believes that

the claimant asserting the Wrong Debtor Claim intended to assert such claim under the New Case Number.

12.    Failure to reassign the Wrong Debtor Claim would result in such claim being improperly asserted against the wrong Debtor.  Therefore, to correct the claims register, the Plan Trust hereby objects to the Wrong Debtor Claim and requests entry of an order reassigning the Wrong Debtor Claim to the New Case Number as indicated on Exhibit B.

## BORROWER CLAIMS

13.    The Wrong Debtor Claim filed by Roger Loy [POC No. 5338], which is listed in Exhibit B to the Proposed Order, is a "Borrower Claim" as that term is defined in the Plan.  Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims.  In accordance with Article 17 of the Plan, counsel for the Plan Trustee, sent this claimant's counsel a letter in an attempt to obtain additional documentation and to reach a consensual resolution of this claim, but the claimant failed to respond to his own counsel's inquiries.    Additionally, the Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order.

## RESERVATION OF RIGHTS

14.    The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

15.     The Plan Trustee has provided notice of this Objection to (i) the Office of

the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan

Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy

Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Plan Trust respectfully requests entry of an order,

substantially in the form attached hereto as Exhibit III, sustaining this Objection in all respects

and granting such other and further relief as the Court deems just and proper.

Dated: March 9, 2012                    YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
      Wilmington, Delaware

                                        */s/ Justin H. Rucki*
                                        Sean M. Beach (No. 4070)
                                        Michael S. Neiburg (No. 5275)
                                        Justin H. Rucki (No. 5304)
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware  19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253

                                        -and-

                                        HAHN & HESSEN LLP
                                        Mark S. Indelicato
                                        Edward L. Schnitzer
                                        488 Madison Avenue
                                        New York, New York 10022
                                        Telephone: (212) 478-7200
                                        Facsimile: (212) 478-7400

                                        *Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
                                        :
In re:                                  :   Chapter 11
                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,  :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]      :
                                        :   Jointly Administered
                                        :
        Debtors.                        :
------------------------------------------------------------------- x
```

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S NINETY-FIFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan.  In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's Ninety-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC.  These efforts

resulted in the identification of the "Amended Claims" and "Wrong Debtor Claim", as defined in

the Objection and identified on Exhibits A and B to the Proposed Order.

3.      The information contained in Exhibits A and B to the Proposed Order is true and

correct to the best of my knowledge.

4.      The Plan Trust has determined based upon a review of the claims docket that the

claims identified on Exhibit A to the Proposed Order have been amended and superseded by

subsequently filed claims.  Accordingly, to prevent the claimant from receiving an unwarranted

recovery, the Plan Trust seeks to expunge and disallow in full the Amended Claims listed on

Exhibit A to the Proposed Order.

5.      The Plan Trust has further determined based upon a review of the claims docket

and their books and records that the claimant asserting the claim identified on Exhibit B to the

Proposed Order asserted such claim against the wrong Debtor entity.  Accordingly, to correct the

claims register and prevent the claimant from receiving a recovery from the wrong Debtor, the

Plan Trust seeks to reassign the Wrong Debtor Claim to the appropriate Debtor as outlined in

Exhibit B to the Proposed Order.

*[Signature page follows]*

01:11844271.1                                                                                                    066585.1001

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge and belief.

Executed on March  9 , 2012

Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

01:11844271.1                                                                066585.1001

# Exhibit II

**Certification of Counsel**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                        : Chapter 11
                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹              :
                                              : Jointly Administered
        Debtors.                              :
                                              :
------------------------------------------------------------------ x
```

### PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE PLAN TRUST'S NINETY-FIFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

In connection with the Plan Trust's Ninety-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2], the undersigned counsel for the Plan Trustee hereby certifies that the Objection complies in all respects with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. Specifically, the Plan Trustee has used reasonable efforts to contact Roger Loy [POC No. 5338], the borrower-claimant included in the Objection, to obtain additional documentation and to attempt a consensual resolution of his claim, but received no responses. Furthermore, the Plan Trustee has served the Objection on this borrower-claimant's counsel along with a notice that apprises the claimant of his right to appear telephonically at the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Plan Trustee will make reasonable efforts to notify these claimants as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: March 9, 2012         YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
   Wilmington, Delaware

         */s/ Justin H. Rucki*
         Sean M. Beach (No. 4070)
         Michael S. Neiburg (No. 5275)
         Justin H. Rucki (No. 5304)
         Rodney Square
         1000 North King Street
         Wilmington, Delaware  19801
         Telephone: (302) 571-6600
         Facsimile: (302) 571-1253

         -and-

         HAHN & HESSEN LLP
         Mark S. Indelicato
         Edward L. Schnitzer
         488 Madison Avenue
         New York, New York 10022
         Telephone: (212) 478-7200
         Facsimile: (212) 478-7400

         *Co-Counsel to the Plan Trustee*

2