IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
            Debtors.                                                   :
                                                                       :   Ref. Dkt. Nos. 5181 & 10122
                                                                       :
---------------------------------------------------------------------- x

**STIPULATION BY AND AMONG THE PLAN TRUSTEE, THE BANK OF NEW YORK MELLON, AS TRUSTEE, AND MBIA INSURANCE CORPORATION RESOLVING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS' ESTATES**

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the cases of the above-captioned debtors (collectively, the "Debtors"), The Bank of New York, Mellon, as trustee ("BNYM") of the Securitization (as defined below) and MBIA Insurance Corporation ("MBIA" and, together with the Plan Trustee and BNYM, the "Parties"), by and through their undersigned counsel.

## RECITALS

WHEREAS, in a mortgage loan securitization sponsored by certain of the Debtors, the AHMIT 2004-4 mortgage loan securitization (the "Securitization"), MBIA

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

1

01: 11801881.3

delivered an insurance policy insuring certain payments to third-party investors on securities issued by the securitization trust; the securities are backed by mortgage loans sold and were serviced by certain of the Debtors;

WHEREAS, MBIA asserts it is a party to an insurance agreement with AHM Acceptance, AHM SV, and AHM Investment delivered in the Securitization, and that it is also an express third party beneficiary of additional agreements delivered in such Securitization by AHM Acceptance and AHM SV;

WHEREAS, MBIA filed the following proofs of claim (the "MBIA Proofs of Claim") in the following cases in connection with the Securitizations:

| Debtor | Case Number | Proof of Claim Number |
|---|---|---|
| AHM Acceptance | 07-11047 | 8272 |
| AHM Acceptance | 07-11049 | 8724 |
| AHM SV | 07-11047 | 8270 |
| AHM SV | 07-11050 | 8726 |
| AHM Investment | 07-11047 | 8271 |
| AHM Investment | 07-11048 | 8725 |

WHEREAS, MBIA filed (i) the above-referenced claim against AHM Acceptance under the case number designated for such Debtor and a duplicate claim in the jointly administered case, (ii) the above-referenced claim against AHM SV under the case number designated for such Debtor and a duplicate claim in the jointly administered case and (iii) the above-referenced claim against AHM Investment under the case number designated for such Debtor and a duplicate claim in the jointly administered case; claims were filed in both the individual cases and the jointly administered case because the claim order and filing procedures did not specify whether claims should be filed in the individual cases or in the jointly administered case;

01: 11801881.3

WHEREAS, the MBIA Proofs of Claim included, among other claims, a claim relating to the AHMIT 2004-4 Securitization in the amount of at least $1,012,226.17 based on the alleged failure of AHM Acceptance and AHM SV to administer the AHMIT 2004-4 Securitization in "Rapid Amortization" as required by and set forth in the transaction documents relating thereto (collectively, the "MBIA RAE Claim");

WHEREAS, BNYM, in its capacity as Trustee of the AHMIT 2004-4 Securitization has also asserted (i) proof of claim #8609 against AHM Acceptance, which was amended and superseded by proof of claim #10116, and (ii) proof of claim #8607 against AHM SV, which claim was amended and superseded by proof of claim #8942, which claim was amended and superseded by proof of claim #10117 (the "BNYM Proofs of Claim"). The BNYM Proofs of Claim included, among other claims, (i) claims based on the alleged failure of AHM Acceptance and AHM SV to administer the AHMIT 2004-4 Securitization in "Rapid Amortization" as required by and set forth in the transaction documents relating thereto (the "BNYM 2004-4 RAE Claim"), and (ii) contingent and unliquidated claims against AHM SV for breaches of representations, warranties, and obligations contained in certain contracts (the "BNYM Servicing Breach Claims");

WHEREAS, the BNYM 2004-4 RAE Claim and the BNYM Servicing Breach Claims survived that certain *Stipulation by and among the Debtors and The Bank of New York Mellon in Various Capacities (I) Resolving Cure Claims Asserted in Connection with the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) and (II) Partially Resolving Certain Proofs of Claim* dated October 27, 2009, as approved by order of the Bankruptcy Court on November 13, 2009 [D.I. 8298];

WHEREAS, on July 18, 2008, the Debtors filed their *Thirteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* [D.I. 5181] (the "Initial Claim Objection"), which sought disallowance of the MBIA Proofs of Claim;

WHEREAS, MBIA filed a response to the Initial Claim Objection on August 11, 2008 [D.I. 1532];

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010 (the "Plan Effective Date"), at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim;

WHEREAS, on or about February 7, 2011, the Plan Trustee filed a re-notice of the Initial Claim Objection with respect to the MBIA Proofs of Claim [D.I. 9768];

WHEREAS, on or about August 10, 2011, the Plan Trustee filed the *Eighty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1* [D.I. 10122] which included the MBIA Proofs of Claim on Exhibit A to the proposed order attached thereto (such objection, together with the Initial Claim Objection, the "Pending Objections");

WHEREAS, the Plan Trustee takes the position that the BNYM 2004-4 RAE Claim is duplicative of the MBIA 2004-4 RAE Claim, and that no amounts are due with respect to the BNYM Servicing Breach Claims;

4

WHEREAS, the Parties desire to avoid costly litigation over the MBIA Proofs of Claim, the BNYM Proofs of Claim, and the Pending Objections and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation; and

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims, such as the remaining MBIA Proofs of Claim, the remaining BNYM Proofs of Claim, and the Pending Objections, without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) in certain circumstances not present with respect to this Stipulation;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness.** This Stipulation shall be effective upon its docketing with the Bankruptcy Court in the above-captioned cases.

2. **Withdrawal of Pending Objections.** The Pending Objections are hereby withdrawn with prejudice as to the MBIA Proofs of Claim.

3. **Disallowance of Certain MBIA Proofs of Claim.** MBIA agrees that (i) proofs of claim #8270, #8271, and #8272 filed in the jointly administered case, number 07-11047, shall be withdrawn and otherwise disallowed with prejudice as duplicative of the remaining MBIA Proofs of Claim, and (ii) the remaining MBIA Proofs of Claim shall be

withdrawn and otherwise disallowed except to the extent set forth and allowed in paragraph 4 below.

4. **Allowance of Certain Proofs of Claim.** The Plan Trustee agrees that (i) proof of claim #8725 shall be allowed as a general unsecured claim against AHM Investment in the amount of $607,336, (ii) proof of claim #8724 shall be allowed as a general unsecured claim against AHM Acceptance in the amount of $607,336, and (iii) proof of claim #8726 shall be allowed as a general unsecured claim against AHM SV in the amount of $607,336, all on account of the MBIA RAE Claim.

5. **Disallowance of BNYM 2004-4 RAE Claim.** The BNYM 2004-4 RAE Claim shall be disallowed with prejudice as duplicative of the MBIA RAE Claim.

6. **Disallowance of BNYM Servicing Breach Claims.** The BNYM Servicing Breach Claims shall be disallowed with prejudice.

7. **Release by MBIA and BNYM.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, each of MBIA and BNYM fully and forever releases, surrenders, gives up and discharges the Plan Trustee and the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that MBIA and BNYM, as the case may be, ever had, may have had or may have against the Plan Trustee or the Debtors with respect to the MBIA Proofs of Claim, the BNYM 2004-4 RAE Claim, and the BNYM Servicing Breach Claims, including but not limited to any and all claims for actual, punitive and/or statutory damages asserted or which could have been asserted against the Plan Trustee or the Debtors, provided, however, that nothing in this paragraph 7 shall constitute a waiver or release of any claims allowed pursuant to this Stipulation. Each of MBIA

and BNYM further covenant not to sue or authorize a suit against the Plan Trustee or the Debtors in connection with any of the foregoing released claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages.

8. **Release by Plan Trust and Debtors.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, the Plan Trustee and the Debtors fully and forever release, surrender, give up and discharge MBIA and BNYM from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that the Plan Trustee or the Debtors ever had, may have had or may have against MBIA and BNYM, as the case may be, with respect to the MBIA Proofs of Claim, the BNYM 2004-4 RAE Claim, and the BNYM Servicing Breach Claims, including but not limited to any and all claims for actual, punitive and/or statutory damages asserted or which could have been asserted against MBIA or BNYM. The Plan Trustee and the Debtors further covenant not to sue or authorize a suit against MBIA or BNYM in connection with any of the foregoing released claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages.

9. **Successors.** This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of all the Parties, the Debtors, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

10. **No Evidence.** Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto or the Debtors other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or

injunctive relief in connection therewith or (c) to prove that the Parties have stipulated to the relief described herein.

11. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

12. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

13. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

14. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

15. **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

01: 11801881.3

Dated: Wilmington, Delaware
March 16, 2012

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        _/s/ Sean M. Beach_____
        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        Michael S. Neiburg (No. 5275)
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee

Dated: Omaha, Nebraska
March 15, 2012

        KUTAK ROCK LLP

        _/s/ Bruce A. Wilson_____
        Bruce A. Wilson (NE Bar #18885) (admitted *pro hac vice*)
        1650 Farnam Street
        Omaha, Nebraska 68102
        Telephone: (402) 346-6000
        Facsimile: (402) 346-1148

        Counsel for MBIA Insurance Corporation

*[Signature Page to Stipulation Resolving Certain Proofs of Claim (Page 1)]*

01: 11801881.3

Dated:    New York, New York
          March 16, 2012

                                  PILLSBURY WINTHROP SHAW PITTMAN LLP

                                  /s/ Margot P. Erlich
                                Margot P. Erlich
                                1540 Broadway
                                New York, New York  10036
                                Telephone: (212) 858-1000
                                Facsimile: (212) 858-1500

                                Counsel for The Bank of New York Mellon, as trustee

*[Signature Page to Stipulation Resolving Certain Proofs of Claim (Page 2)]*

01: 11801881.3