## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Jointly Administered |
| | **Docket Ref. No. 9626** |
| Debtors. | |

## PLAN TRUST'S OBJECTION TO REQUEST BY CITY OF HARTFORD, CONNECTICUT FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), to administrative classification of the claim asserted in the *Request by City of Hartford, Connecticut for Payment of Administrative Expense* filed by the City of Hartford ("Hartford") on January 4, 2011 [D.I. 9626] (the "Admin Request"). A copy of the Admin Request is attached hereto as Exhibit A. In support of this Objection, the Plan Trustee states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

## JURISDICTION AND STATUTORY AUTHORITY

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

2.      The statutory basis for the relief requested herein is section 502 of Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

### A.      General Background

3.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Between the Petition Date and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.      On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order").  The Plan became effective on November 30, 2010 (the "Plan Effective Date").

5.      Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust.  The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

01: 11698644.3

**B.      The Admin Request**

6.      On January 4, 2011, Hartford filed its Admin Request asserting a claim for municipal personal property tax liability in the amount of $945.11.  According to the Admin Request, "[d]uring the course of the administration of this estate, the Debtors failed to pay municipal personal property taxes to [Hartford] when due."  Thus, Hartford asserted that it had an administrative claim in light of the "post-petition property taxes" that the Debtors had failed to pay.  Hartford included a copy of a tax bill with the Admin Request.

**OBJECTION**

7.      By this Objection, the Plan Trustee requests, pursuant to Section 502 of the Bankruptcy Code, that the Court enter an order reclassifying the tax claim asserted by Hartford in the Admin Request as a priority claim rather than an administrative expense claim.

8.      Section 503 of the Bankruptcy Code provides expressly that administrative claims do not include those tax claims specified in section 507(a)(8).  11 U.S.C. § 503(b)(1)(B)(i).  Section 507(a)(8) provides that tax claims are properly considered priority claims when the tax is "a property tax incurred <u>before</u> the commencement of the case and last payable without penalty after one year before the date of the filing of the petition."  11 U.S.C. § 507(a)(8)(B) (emphasis added).  Thus, a property tax claim incurred prepetition is not entitled to administrative priority.

9.      Similarly, a prepetition tax claim is not properly the basis of postpetition tax liability.  *See Hollytex Carpet Mills, Inc. v. Okla. Emp't Sec. Comm'n (In re Hollytex Carpet Mills, Inc.)*, 73 F.3d 1516 (10th Cir. 1996) (adopting district court's holding that taxing authority could not use debtor's failure to pay pre-petition tax liability, which was due post-petition, to

3

assess higher rates against the reorganized debtor post-confirmation); 4 Collier on Bankruptcy ¶ 502.10, at 502-73 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("As a general rule, it seems clear that a tax which accrues or is incurred during a prepetition period is not to be considered a postpetition tax claim even though a return of or payment on such tax claim is not due until after the petition is filed.").

10.     The Admin Request asserts that the taxes owed by the Debtors entitle Hartford to an administrative expense claim because the requested amounts were due post-petition.  However, the tax bill included with the Admin Request states that the bill is for tax year "2006" and that the Debtors are the property owner as of "OCT 1".  Thus, on its face, the Admin Request seeks payment of personal property taxes that were assessed as of October 1, 2006.  While the taxes were due in two installments, both of which fell after the Petition Date, the tax liability was both incurred and fixed in 2006.  As a result, Hartford's claim arose prepetition and it is entitled to priority status rather than administrative expense status.

11.     Therefore, the Plan Trustee respectfully requests that the Admin Request be reclassified in its entirety as a priority claim.

### RESERVATION OF RIGHTS

12.     The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection.

*[Remainder of page intentionally left blank]*

4

01: 11698644.3

WHEREFORE, for the foregoing reasons the Plan Trustee respectfully requests
that the Court enter an order substantially in the form of order attached hereto as <u>Exhibit B</u>
sustaining the Objection and granting such other and further relief as the Court deems just and
proper.

Dated: March 22, 2012              YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
      Wilmington, Delaware

Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

01: 11698644.3

## Exhibit A

**ADMIN REQUEST**

01: 11698644.3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------

*In re*         :   Chapter 11
AMERICAN HOME MORTGAGE  :   Case No. 07-11047 (CSS)
HOLDINGS, INC.       :   Jointly Administered
a Delaware corporation, *et al,* Debtors :

---------------------------------------------------------

### REQUEST BY CITY OF HARTFORD, CONNECTICUT
### FOR PAYMENT OF ADMINISTRATIVE EXPENSE

1.  The undersigned, the City Of Hartford, Connecticut, the Claimant herein, has its principal place of business at Municipal Building, 550 Main Street, Hartford, CT 06103.

2.  This case was commenced by the filing of a petition by American Home Mortgage Holdings, *et al,* the Debtors herein, on August 6, 2007 seeking relief under Chapter 11 of Title 11, United States Code.

3.  During the course of the administration of this estate, the Debtors failed to pay municipal personal property taxes to the Claimant when due.

4.  No part of said post-petition property taxes has been paid to the Claimant. There is thus due and owing to the Claimant as of the date hereof the sum of $945.11. A copy of the unpaid tax bill is attached hereto as Exhibit A. (The pre-petition portion of the property taxes shown on said Exhibit is the subject of Proof of Claim # 9178.)

5.  By reason of the foregoing, the Claimant has an administrative claim herein.

WHEREFORE, the undersigned prays that this Court enter its order, after notice and hearing, directing the Debtors to pay Claimant the sum of $945.11 as an administrative expense pursuant to section 503 of the Bankruptcy Code.

Dated January 3, 2011     THE CITY OF HARTFORD, CONNECTICUT

             By *Kenneth B. Kaufman*
              Kenneth B. Kaufman, its Attorney
              The Law Office of Kenneth B. Kaufman, LLC
              63 Forest Hills Drive
              Farmington, CT 06032
              Tel/ Fax:  860-677-4727
              Email:   kenneth@attorneykaufman.com

CERTIFICATE OF SERVICE

I, Kenneth B. Kaufman, certify that I am not less than 18 years of age, and that service of the attached "Request by City of Hartford, Connecticut for Payment of Administrative Expense" was made via USPS overnight delivery on January 3, 2011 upon:

*Counsel for the Debtors:*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach
Patrick A. Jackson
1000 West St., 17th Floor
P.O. Box 391
Wilmington, DE 19801

*Counsel for the Plan Trustee:*
HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, NY 10022

*The Plan Trustee:*
Steven D. Sass
AHM Liquidating Trust
P.O. Box 10550
Melville, NY 11747

Under penalty of perjury, I declare the foregoing is true and correct.

Date: January 3, 2011

Kenneth B. Kaufman



EXHIBIT A

## Exhibit B

**PROPOSED ORDER**

7

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1], | Jointly Administered |
| | **Docket Ref. No. 9626** |
| Debtors. | |

## ORDER SUSTAINING PLAN TRUST'S OBJECTION TO REQUEST BY CITY OF HARTFORD, CONNECTICUT FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Upon consideration of the *Plan Trust's Objection to Request by City of Hartford for Payment of Administrative Expense* (the "Objection");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good and sufficient cause to sustain the Objection, and good and adequate notice of the Objection having been given under the circumstances; it is hereby:

ORDERED that the Objection is sustained; and it is further

ORDERED that any tax asserted by the Admin Request, whether by or on behalf of the City of Hartford, Connecticut, is hereby reclassified as a priority claim; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

01: 11698644.3

11 cases including, without limitation, the claim that is the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this order.

Dated: _____, 2012
      Wilmington, Delaware

                                     _____
                                     The Honorable Christopher S. Sontchi
                                     United States Bankruptcy Judge

01: 11698644.3