IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE                                        :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]            :
                                                              :   Jointly Administered
            Debtors.                                          :
                                                              :   Objection Deadline: April 2, 2012 at 4:00 PM (ET)
                                                              :   Hearing Date: April 9, 2012 at 10:00 AM (ET)
------------------------------------------------------------- x

## PLAN TRUSTEE'S SECOND MOTION FOR AN ORDER EXTENDING THE TIME TO OBJECT TO CLAIMS

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan")[2] in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") this Court, pursuant to Article 10, Section B of the Plan, Paragraph 32 of the Confirmation Order, section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order extending the deadline by which the Plan Trustee may file an objection to a Claim for approximately one hundred twenty (120) days

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

01:11515423.3

through and including September 30, 2012. In support of this Motion, the Plan Trustee respectfully represents as follows:

### JURISDICTION AND STATUTORY AUTHORITY

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

### BACKGROUND

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the Petition and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order"). The Plan became effective on November 30, 2010 (the "Plan Effective Date").

5. Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

6. Pursuant to Article 10, Section B of the Plan and Paragraph 32 of the Confirmation Order, the Plan Trustee was provided one year from the Plan Effective Date to file objections to Claims (the "Claims Objection Deadline"). The Claims Objection Deadline is currently May 29, 2012 (the "Current Deadline") [D.I. 10351]. The Plan further provides that "the Plan Trustee may request (and the Bankruptcy Court may grant) extensions of such deadline, or of any Bankruptcy Court approved extensions thereof, by filing a motion with the Bankruptcy Court without any requirement to provide notice to any party, based upon a reasonable exercise of the Plan Trustee's business judgment." Plan, Art. 10B.

## RELIEF REQUESTED

7. By this Motion, the Plan Trustee seeks entry of an order extending the Claims Objection Deadline for approximately one hundred twenty (120) days through and including September 30, 2012. The Plan Trustee further requests that the extension proposed herein be granted without prejudice to its right to seek further extensions of the Claims Objection Deadline.[3]

## BASIS FOR RELIEF REQUESTED

8. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. See 11 U.S.C. § 105(a). Additionally, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process." Id.

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Deadline shall automatically extend such deadline until the Court acts on this Motion without the necessity for the entry of a bridge order.

9. Moreover, Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by previous order ….

Fed. R. Bankr. P. 9006(b)(1).

10. Pursuant to Article 10, Section B of the Plan, the Plan Trustee may seek to extend the Claims Objection Deadline upon motion to the Court (which motion may be made without notice).

11. The Plan Trustee submits that cause exists to extend the Claims Objection Deadline to allow the Plan Trustee additional time to reconcile Claims and prosecute claim objections. Since the Plan Effective Date, the Plan Trustee and its professionals have worked diligently in (i) reviewing and analyzing the Proofs of Claim that have been filed; (ii) performing the required due diligence to determine the objectionable Claims; and (iii) negotiating resolutions to certain Claims that best maximize the Plan Trust's recoveries. The Plan Trustee has made substantial progress in analyzing and reconciling the Claims filed in the Debtors' chapter 11 cases. Nevertheless, given the number and complex nature of the Claims filed, many Claims are still being evaluated by the Plan Trustee to determine whether such Claims have asserted valid amounts, priorities, and classification.

12. The claims reconciliation process is significantly advanced but not yet complete; an extension of the Claims Objection Deadline is therefore necessary to allow the Plan Trustee sufficient time to finish its evaluation of all outstanding Claims and to ensure the efficient and accurate completion of this process. To date, approximately 11,000 Claims—notably including a large number of EPD/Breach Claims—have been asserted against the Plan

Trust and the Debtors' estates. Many of these Claims involve complex legal issues and require time-consuming factual analysis. The Debtors or the Plan Trustee filed ninety-five (95) omnibus claim objections as of the date hereof, and the Court has entered approximately 200 orders related to those objections. Also, with respect to certain Claims which were the subject of omnibus claim objections, the Plan Trustee has sought to resolve such Claims consensually with appropriate claimants, some of whom have asserted significant amounts owed, and in doing so, the Plan Trustee has negotiated resolutions which have been subsequently memorialized in court-approved agreed orders. All told, only a couple hundred of the approximately 11,000 Claims remain. This progress notwithstanding, the Plan Trustee is still working its way through numerous Claims, many of which are complex and require significant time and attention.

13. Accordingly, extending the Claims Objection Deadline is necessary and in the best interests of the Plan Trustee, the Debtors, and their estates and creditors. By extending the Claims Objection Deadline, the Plan Trustee simply seeks to ensure that the Proofs of Claim filed in these chapter 11 cases are reconciled completely and accurately in accordance with the Debtors' books and records and applicable law. As such, this extension request is a reasonable exercise of the Plan Trustee's business judgment. The Plan Trustee submits that it will continue to work diligently to resolve all outstanding claims objections and complete the claims reconciliation process. The Plan Trustee further submits that the extension requested in this Motion is not sought for the purposes of delay and is in the best interests of the all parties in interest. A complete reconciliation will prevent creditors from potentially receiving an unwarranted recovery to the detriment of other creditors. Therefore, extending the Claims Objection Deadline will not prejudice any of the Plan Trust's creditors and will preserve the rights of the Plan Trustee to object to Claims so as to maximize recovery to appropriate creditors.

01:11515423.3

## RESERVATION OF RIGHTS

14. The Plan Trustee reserves the right to seek further extensions of the Claims Objection Deadline.

## NOTICE

15. In accordance with Article 10, Section B of the Plan, the Plan Trustee is not required to provide notice of this Motion to any creditors. Notice of this Motion has been provided to those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein and the terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Plan Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as the Court deems necessary and appropriate.

Dated: Wilmington, Delaware
March 23, 2012

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

7

01:11515423.3