IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             : Jointly Administered
    Debtors.                                                 :
                                                             : Response Deadline: May 1, 2012 at 4:00 p.m. (ET)
                                                             : Hearing Date: May 8, 2012 at 10:00 a.m. (ET)
------------------------------------------------------------ x

**PLAN TRUST'S NINETY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit II, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full such Disputed Claims as described herein. In support of this Objection, the Plan Trust relies on the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01: 11921617.1

Declaration of Eileen Wanerka in Support of the Plan Trust's Ninety-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors. On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") as claims and noticing agent in these

01: 11921617.1

chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, <u>inter alia</u>, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

      6.      On October 30, 2007, this Court entered an order (the "<u>Bar Date Order</u>") establishing January 11, 2008 at 4:00 p.m. (ET) (the "<u>Bar Date</u>") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the <u>Dallas Morning Star</u>, the <u>Saint Louis Post-Dispatch</u> and the national edition of <u>The New York Times</u> on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

      7.      To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

      8.      By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-

01: 11921617.1

1, disallowing in full the Disputed Claims listed in Exhibit A to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

### A.     Duplicate Claims

9. The claims identified under the column titled "Objectionable Claim" on Exhibit A to the Proposed Order (the "Duplicate Claims") are duplicative of the previously-filed proofs of claim identified under the column titled "Surviving Claims" on Exhibit A (the "Surviving Claims"). Specifically, as set forth on Exhibit A, the Surviving Claims have been modified and reduced by a prior order of the Court. The Duplicate Claims seek identical amounts as the Surviving Claims for the same reason – unused vacation time. The Plan Trustee believes that it was not the intention of the claimants asserting these claims to seek a double recovery against the Debtors' estates. Instead, the filing of the Duplicate Claims appears to be a function of the claimants filing such claims out of an abundance of caution. Regardless of the claimants' reasons for filing the Duplicate Claims, however, only one claim (the Surviving Claims) should be allowed for each claimant.

10. Failure to disallow the Duplicate Claims will result in the claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases. Accordingly, the Plan Trust hereby objects to the Duplicate Claims and requests entry of an order disallowing and expunging in full the Duplicate Claims identified on Exhibit A.

### RESERVATION OF RIGHTS

11. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

12. The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

WHEREFORE, the Plan Trust respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit II</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: April 5, 2012  
       Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ *Michael S. Neiburg*  
Sean M. Beach (No. 4070)  
Michael S. Neiburg (No. 5275)  
Justin H. Rucki (No. 5304)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

01: 11921617.1

# EXHIBIT I

**Declaration of Eileen Wanerka**

01: 11921617.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   : Jointly Administered
        Debtors.                                                   :
------------------------------------------------------------------ x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S NINETY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's Ninety-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01: 11921617.1

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC. These efforts resulted in the identification of the "Duplicate Claims", as defined in the Objection and identified on <u>Exhibit A</u> to the Proposed Order.

3. The information contained in <u>Exhibit A</u> to the Proposed Order is true and correct to the best of my knowledge.

4. The Plan Trust has determined based upon a review of the claims docket that the claims identified on <u>Exhibit A</u> to the Proposed Order are duplicative of other claims filed in these chapter 11 cases. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Plan Trust seeks to expunge and disallow in full the Duplicate Claims listed on <u>Exhibit A</u> to the Proposed Order.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 5, 2012

*[signature]*
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration