# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware | ) | |
| corporation, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**STIPULATION OF AMERICAN HOME MORTGAGE SERVICING, INC. AND
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

JPMorgan Chase Bank, National Association ("JPMC") caused a subpoena to be issued from this Court to American Home Mortgage Servicing, Inc. ("AHMSI") on March 26, 2012. [D.I. 10381] That subpoena, attached here as Exhibit A (the "Subpoena"), commanded AHMSI to produce documents on April 9, 2012 and a witness for a 30(b)(6) deposition on April 16, 2012. JPMC and AHMSI now stipulate as follows:

1. AHMSI's deadline for producing documents in response to the Subpoena is extended from April 9, 2012 to May 9, 2012. AHMSI's obligation to produce documents by May 9, 2012 is contingent upon its reaching an agreement with JPMC by April 13, 2012 on the Subpoena's scope. In the absence of that agreement, the deadline of May 9, 2012 shall be extended to a mutually agreed upon date. Upon and subject to an agreement with JPMC regarding the scope of the Subpoena, AHMSI will produce documents responsive to the Subpoena on a rolling basis prior to May 9, 2012 to the extent possible.

2. JPMC withdraws the Subpoena's command that AHMSI produce a witness for a 30(b)(6) deposition on April 16, 2012. The date of the 30(b)(6) deposition, if that deposition proves to be necessary, will be mutually agreed upon by JPMC and AHMSI.

3. AHMSI reserves any objections to the Subpoena and need not serve JPMC with objections.

STIPULATED AND AGREED TO THIS 5th day of April 2012.

/s/ *Victoria W. Counihan*
Victoria W. Counihan (BAR #3488)
GREENBERG TAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

Craig Simon (TX 00784968)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
(214) 220-3939

*Counsel for American Home Mortgage Servicing, Inc.*


/s/ *Matthew B. McGuire*
Matthew B. McGuire (BAR #4366)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(302) 467-4400

*Counsel for JPMorgan Chase Bank, National Association*

# EXHIBIT A

| IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE | |
|---|---|
| In re: AMERICAN HOME MORTGAGE HOLDINGS, INC.., *et. al*, Debtors.<br><br>American Home Mortgage Servicing, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**<br><br>Chapter 11<br>Case No. 07-11047 (CSS)<br>(Jointly Administered) |

| ☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case. | |
|---|---|
| PLACE OF TESTIMONY: | COURTROOM: |
| | DATE AND TIME: |

| ■ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the topics for the deposition are set forth on the attached Schedule B. | |
|---|---|
| **PLACE OF DEPOSITION:**<br><br>LANDIS RATH & COBB LLP<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801 | **DATE AND TIME:**<br>April 16, 2012 at 10:00 a.m. |

| ■YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **All documents requested and described on the attached Schedule A.** | |
|---|---|
| PLACE:<br>**LANDIS RATH & COBB LLP**<br>**919 Market Street, Suite 1800**<br>**Post Office Box 2087**<br>**Wilmington, Delaware 19899** | DATE AND TIME:<br>On or before April 9, 2012 |

| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br><br>Attorney for JPMorgan Chase Bank, National Association | DATE<br><br>March 26, 2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew B. McGuire (No. 4366)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400

{519.005-W0020046.}

| PROOF OF SERVICE |||
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME)<br><br>American Home Mortgage Servicing, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | MANNER OF SERVICE ||
| SERVED BY (PRINT NAME) | TITLE ||
| DECLARATION OF SERVER |||
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.<br><br>Executed on _____<br>DATE                               SIGNATURE OF SERVER<br><br>_____<br>ADDRESS OF SERVER<br><br>_____ |||

**Rule 45, Fed.R.Civ.P., Parts (c) & (d):**
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, exceptthat, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Schedule A**
**Attachment to Subpoena**
**Document Requests**

**DEFINITIONS**

The following definitions, including grammatical variations, shall apply in responding to the document requests of the subpoena. All words contained in the subpoenaed document requests shall have their normal contextual meaning, unless otherwise defined herein.[1]

1. The term "JPMC" refers to JPMorgan Chase Bank, National Association, and includes its respective agents, representatives, employees, affiliates, associates, consultants, accountants, attorneys and/or anyone acting on its behalf, either individually or collectively.

2. The term "Debtors" refers to the debtors captioned in the subpoena, and include their respective agents, representatives, employees, affiliates, associates, consultants, accountants, attorneys and/or anyone acting on their behalf, either individually or collectively, specifically, American Home Mortgage Corp. and American Home Mortgage Investment Corp.

3. The term "Plan Trust" means that certain Plan Trust of American Home Mortgage Holdings, Inc. *et al.* established pursuant to the Plan and Confirmation Order in the Debtors chapter 11 cases.

4. The term "Plan Trustee" means Steven D. Sass, in his capacity as Plan Trust of American Home Mortgage Holdings, Inc. *et al.* and includes his respective agents, representatives, employees, affiliates, associates, consultants, accountants, attorneys and/or anyone acting on their behalf, either individually or collectively.

5. The term "AHMSI" means American Home Mortgage Servicing, Inc.

6. The term "Bankruptcy Code" refers to title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq., as in effect on the Petition Date.

7. The term "Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Delaware.

8. The term "Motion" refers to that certain Motion of JPMorgan Chase Bank, National Association for an Order (I) Enforcing the Terms of the Stay Relief Order and (II) Directing the Plan Trustee to Turnover Funds, dated January 31, 2012. A true and correct copy of the Motion is attached hereto as Exhibit A.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{519.005-W0020036.}   1

9. The term "Response" refers to the Plan Trust's Objection to Motion of JPMorgan Chase Bank, National Association for an Order (I) Enforcing the Terms of the Stay Relief Order and (II) Directing the Plan Trustee to Turnover Funds, dated February 14, 2012. A true and correct copy of the Response is attached hereto as Exhibit B.

10. The term "Martinez Declaration" means the Declaration of Scott Martinez in Support of Plan Trust's Objection to Motion of JPMorgan Chase Bank, National Association for an Order (I) Enforcing the Terms of the Stay Relief Order and (II) Directing the Plan Trustee to Turnover Funds, dated February 14, 2012. A true and correct copy of the Martinez Declaration is attached hereto as Exhibit C.

11. The term "Bankruptcy Case" refers to the Debtors' bankruptcy cases jointly administered under Case No. 07-11047 (CSS) in the Bankruptcy Court.

12. The term "Petition Date" refers to August 6, 2007, the date the Debtors petitioned for bankruptcy.

13. The term "REO Proceeds" refers to the proceeds from the disposition of the REO Property.

14. The term "REO Property" refers to any real property acquired (and presently owned or formerly owned) by the Debtors or any other entity through foreclosure or by deed in lieu of foreclosure of the Warehouse Facility Mortgages.

15. The term "JPMC Wire" refers to that certain remittance of $728,623.99 by AHMSI to "Investor Account Q04" on or about October 10, 2010.

16. The term "communication" means any form whatsoever of correspondence, discussion, instruction, reports, and/or written or oral exchange, between two or more persons, and includes electronic communications and voice mail communications.

17. The term "person" includes natural persons, and any and all such person's principals, employees, agents, attorneys, consultants, and other representatives, and shall also include proprietorships, partnerships, firms, corporations, joint ventures, independent establishments, government agencies or corporations (federal or otherwise), any divisions or subsidiaries of any of the above, and any other group or combination acting as an entity, as well as any "financial institution" as defined above.

18. The terms "reflect," "refer to," "related to" and "relating to" are defined so as to encompass each document that constitutes, concerns, directly or indirectly deals with, or is in any way pertinent to or connected with the given subject, including without limitation, documents now or previously attached or appended,

underlying, supporting, or used in the preparation of any document responsive to each request.

      19.     The term "identify" means:

(a)     When used in reference to a natural person, to state (i) his or her full name, (ii) present or last known home and business addresses, (iii) present or last known home and business telephone numbers, and (iv) present or last known employer and job title.

(b)     When used in reference to a business concern, to state (i) the full name of the business, (ii) its last known address and main telephone number, (iii) the nature of such business concern, and (iv) the name of its chief executive officer.

(c)     When used in reference to a document, to state (i) the name or title of the document, (ii) its date, (iii) its author(s), (iv) its recipient(s) or the Person(s) for whom it was prepared, (v) the type of document (e.g., letter, memorandum, chart, email, etc.), (vi) its present location or custodian, (vii) a summary of its contents, including the specific provisions of such document that you relied on for any of your objections and contentions, and (viii) any other information necessary to render the document distinguishable from all others and subject to ready location. In lieu of identifying a document, a copy of the document may be supplied.

(d)     When used in reference to a communication or action, to state (i) the persons present when the communication or act occurred, (ii) the date and location of such communication or act, (iii) the substance of such communication or act, and (iv) all documents that record, refer to or otherwise concern such communication or act.

      20.     The terms "you" or "your" refer to the entity responding to the subpoena, and include its respective agents, representatives, employees, affiliates, associates, consultants, accountants, attorneys and/or anyone acting on its behalf, either individually or collectively.

      21.     The term "document" shall mean and include all "documents and tangible things" to the very broadest extent included within the scope of the Federal Rule 34, including but not limited to, the originals and all drafts and copies, together with any annotations or highlighted copies containing all or part of the information requested, in the possession, custody or control of you, your attorneys, representatives, employees, agents or any other natural person or business or legal entity acting or purporting to act for or on your behalf, or their respective directors, officers, representatives, employees or agents, as the case may be. Also, the term "document" or "writing" means any medium whatsoever, including all electronic, recorded and digital media of any kind, upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any written material, correspondence, electronic mail, note, file, book, pamphlet, printout, chart, record, report, periodical, letter, memorandum (including any memorandum or report of a meeting or

conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper, chart, paper, print, drawing, sketch, graph, index, list, and any written, recorded, transcribed, punched, taped, filmed, or graphic matter whatsoever, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control. The term "document" or "writing" shall also include all copies or drafts of documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original.

22. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all," "including" means "including but not limited to," "and" and "or" encompass both "and" and "or," "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these requests all responses that might otherwise be construed to be outside its scope. The terms "each" and "any" as used herein also mean "every." Words in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENTS TO BE PRODUCED

1. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting the reconciliations of the "AHM Investors" as set forth in the email between Edward Lam and Scott Martinez in Exhibit 1 of the Martinez Declaration. A copy of the spreadsheet referenced in this request is attached hereto as Exhibit D.

2. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting the identity of "Investor Q4" as disclosed in Exhibit 2 to the Martinez Declaration. A copy of the spreadsheet referenced in this request is attached hereto as Exhibit E.

3. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting the preparation of the spreadsheet in Exhibit 2 to the Martinez Declaration. A copy of the spreadsheet referenced in this request is attached hereto as Exhibit F.

4. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting the preparation of the spreadsheet in Exhibit 5 to the Martinez Declaration. A copy of the spreadsheet referenced in this request is attached hereto as Exhibit G.

5. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting the preparation of the spreadsheet in Exhibit 6 to the Martinez Declaration. A copy of the spreadsheet referenced in this request is attached hereto as Exhibit H.

6. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting the JPMC Wire.

7. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting that any part of the JPMC Wire included collections of principal and interest.

8. All documents, including all communications among you (including all your agents, employees and representatives) or between you and the Debtors, Plan Trust or any other third party, relating to or reflecting that any part of the JPMC Wire included REO Proceeds.

9. All documents identified, used in the preparation of, or referred to in your responses to this subpoena.

10. All bank statements for accounts controlled by AHMSI on behalf of Investor 7 (and later Investor Q4) for the time period of January 1, 2008 to the present.

**Schedule B**
**Attachment to Subpoena**
**Deposition Topics**

Pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure and Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rule 7030-1, JPMorgan Chase Bank, N.A. ("JPMC") through its undersigned counsel, will take the deposition of AHMSI.[2] The deposition will commence on April 6, 2012 beginning at 9:00 a.m. (ET), at Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, or on such other date and at such other location as mutually agreed by JPMC and AHMSI. The deposition will continue from day to day thereafter until complete. The deposition will proceed before an officer authorized by law to administer oaths and may be recorded by audio, video and/or stenographic means. You are hereby invited to attend and examine the witness.

Pursuant to Rule 30(b)(6), AHMSI shall designate one or more former or current officers, directors, managing agents, or other persons who consent to testify on its behalf as to the following topics:

1. The facts and circumstances relating to the reconciliations of the "AHM Investors" as set forth in the email between Edward Lam and Scott Martinez in Exhibit 1 of the Martinez Declaration.

2. The facts and circumstances relating to the identity of "Investor Q4" as disclosed in Exhibit 2 to the Martinez Declaration.

3. The facts and circumstances relating to the preparation of the spreadsheet in Exhibit 2 to the Martinez Declaration.

4. The facts and circumstances relating to the preparation of the spreadsheet in Exhibit 5 to the Martinez Declaration.

5. The facts and circumstances relating to the preparation of the spreadsheet in Exhibit 6 to the Martinez Declaration.

6. The facts and circumstances relating to the JPMC Wire.

For each person designated to testify as to these matters, AHMSI is requested to produce at the deposition all documents[3] that the person has reviewed in preparing to testify with respect to the matters as to which the person is designated to testify.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Schedule A.
[3] "Document" or "documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure.