IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                    :
                                                                   : Jointly Administered
    Debtors.                                                       :
                                                                   : **Ref. Docket Nos. 10385**
                                                                   :
------------------------------------------------------------------ x

**PLAN TRUST'S OBJECTION TO AMENDED MOTION TO COURT FOR
FINAL ORAL ARGUMENT AND MOTION TO STRIKE
CERTAIN DOCUMENTS, CLAIMS NUMBERED 10870, 10875 AND 10887**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby objects (the "Objection") to Amended Motion for Court for Final Oral Argument and Motion to Strike Certain Documents, Claims Numbered 10870, 10875, 10887 filed by Mr. Hussain Kareem [D.I. 10385] (the "Motion"). In support of this Objection, the Plan Trustee respectfully represents as follows:

By his Motion, Mr. Kareem (i) requests oral argument and (ii) seeks to strike certain of the Plan Trust's exhibits. The Court has already held a full trial on this matter, and at the conclusion of the trial, requested post-trial briefing in lieu of argument. (11/18/11 Tr. 171:10-19) (Court requesting post-trial briefing and advising Mr. Kareem that such briefing was his chance to tell the Court what his legal argument is based on what happened at trial). The parties have submitted extensive post-trial briefing in the form of opening and answering briefs. As a result, the Plan Trustee does not believe that oral argument is necessary and opposes this request.

01: 11904952.4

The Plan Trustee further objects to Mr. Kareem's request to strike certain of the Plan Trust's exhibits. As a threshold matter, objections to the admission of the Plan Trustee's exhibits were to be filed in connection with Mr. Kareem's Reply Brief on or before March 26, 2012. As set forth more fully in the *Plan Trust's Motion to Strike (I) Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections, (II) Amended Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections, and (III) to the Exhibits Attached Thereto* (the "Plan Trust's Motion to Strike"), which is incorporated by reference herein, Mr. Kareem first filed his Motion on April 3, 2012, over a week after the Court-ordered March 26th Reply Deadline. As a result, any objections to the Plan Trustee's exhibits should be overruled as late.

Moreover, Mr. Kareem's objections are without merit. The Court determined to review Mr. Kareem's motion *in limine* on a case-by-case basis as a relevancy objection and prejudice objection. (Tr. 21:9-23.) The Court has not made a previous determination regarding the subject exhibits. As set forth more fully in the Plan Trustee's Answering Brief [D.I. 10360], the Plan Trustee is asserting that, in the event the Fifth Circuit affirms the District Court Order (PT Ex. 26) which adopted the findings of the Magistrate Judge (PT Ex. 25), this Court may apply the doctrine of issue/fact preclusion to deny certain, if not all, of Mr. Kareem's claims. The Court may take judicial notice of these orders and, in the event of an affirmance, may – and should – utilize the facts and conclusions therein for judicial economy and consistency.

Plan Trust Exhibit 20 is the Affidavit of Jose D. Colon (the "Colon Affidavit"). The Colon Affidavit is a business records affidavit by Mr. Colon as the custodian of certain documents of American Home Mortgage Servicing, Inc., the purchaser of the Debtors' servicing

business ("AHMSI"), which was included as evidence in the underlying Texas Action.[1] To be clear, the Plan Trustee seeks the admission of the exhibits attached to the Colon Affidavit as business records under Fed. R. Evid. 806. Among other things, such documents evidence (i) Mr. Kareem defaulted on the Kareem Loan prior to any "recast" of the loan, (ii) Mr. Kareem had information regarding his current servicer's contact information prior to the rescission demand to the Debtors, (iii) that AHMSI timely received Mr. Kareem's demand for rescission, (iv) AHMSI refused Mr. Kareem's rescission request directly; (v) Mr. Kareem had direct contact with his current servicer who was the proper party for loan issues. The fact that the Colon Affidavit and related documents were utilized in the Texas Action do not make them irrelevant here – especially given that Mr. Kareem asserts that he was confused as to the appropriate party to discuss his loan.[2]

For the foregoing reasons, the Plan Trustee requests that the Court deny the Motion and admit the Plan Trust's exhibits.

---

[1] The Affidavit was included in the *Defendants' Appendix to Brief in Support of Motion for Summary Judgment* [D.I. 85, Case No. 10-762], and the documents attached thereto were cited in the Magistrate's findings to support granting the Defendants' motion for summary judgment [D.I. 112, Case No. 10-762] (PT Ex. 25, p. 4).

[2] In his reply brief, Mr. Kareem asserts that he may pursue "any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." (Br. 18.). While parties are generally able to assert different theories of recovery under a particular set of facts, parties are not able to assert contradictory facts – or otherwise seek to have facts thrown out – simply because such facts are not advantageous to the party's argument *du jour*. *See, e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003) ("[A]bsent any good explanation, a party should not be allowed to gain an advantage by litigation in one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.")

01: 11904952.4

Dated: April 9, 2012
       Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

01: 11904952.4