IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Ref. Docket Nos. 10384, 10385** |
| | : | **Objection Deadline: April 30, 2012 at 4:00 p.m. (ET)** |
| | x | **Hearing Date: TBD** |

**PLAN TRUST'S MOTION TO STRIKE (I) CLAIMANT'S POST TRIAL BRIEF REPLY TO PLAN TRUST'S ANSWER AND PLAN TRUSTEE'S OMNIBUS OBJECTIONS, (II) AMENDED CLAIMANT'S POST TRIAL BRIEF REPLY TO PLAN TRUST'S ANSWER AND PLAN TRUSTEE'S OMNIBUS OBJECTIONS, AND (III) TO THE EXHIBITS ATTACHED THERETO**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") to strike the (i) *Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections* file by Mr. Hussain Kareem [D.I. 10384][1] (the "Reply Brief"), (ii) *Amended Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections* [D.I. 10385], and (iii) exhibits attached thereto. In support of this Motion, the Plan Trustee submits the declaration of Margaret Whiteman Greecher (the "Whiteman Greecher Decl."), attached hereto as Exhibit 1 and incorporated herein by reference. In further support of this Motion, the Plan Trustee respectfully represents as follows:

---

[1] The Reply Brief and Amended Reply Brief were docketed as part of the Mr. Kareem's *Motion to Court for Final Oral Argument and Motion to Strike Certain Documents. Claims Numbered 10870, 10875 and 10877* and *Amended: Motion to Court for Final Oral Argument and Motion to Strike Certain Documents. Claims Numbered 10870, 10875 and 10877*, respectively. The Plan Trustee addresses the relief requested in the motions to strike by separate pleading.

## RELEVANT FACTS

1. Following trial held on November 18, 2011, this Court requested post-trial briefing in connection with Mr. Kareem's motions for administrative expense, related claims, and the related Plan Trustee's objection. The Court ordered the parties to confer after receiving the trial transcript and agree to a scheduling order. (Tr. 172-73).

2. Following receipt of transcript on December 20, 2011, counsel for Plan Trustee provided Mr. Kareem with a copy of the transcript and a draft scheduling order. *See* Whiteman Greecher Decl. – Exhibit "A".

3. On January 5, 2012, Mr. Kareem provided comments to the draft scheduling order, including a request for additional time to file his initial brief. Mr. Kareem provided a revised scheduling order in which he set forth the extended dates for all filings, including the March 26, 2012 deadline for Mr. Kareem to file his reply brief. *See* Whiteman Greecher Decl. – Exhibit "B".

4. The Plan Trustee consented to all of Mr. Kareem's changes,[2] and on January 6, 2012, this Court entered the *Scheduling Order Regarding Post-Trial Briefing for (i) Motion for Judgment as a Matter of Law of Administrative Claim Entered [D.I. 10148]; (ii) Motion for Allowance and payment of Administrative Claim with Brief in Support [D.I. 9692]; and (iii) Claims Numbered 10870, 10875 and 10887 Filed By Hussain Kareem.* [D.I. 10306] (the "<u>Scheduling Order</u>"). *See* Whiteman Greecher Decl. – Exhibit "D".

5. Pursuant to the Scheduling Order, Mr. Kareem's brief in reply (the "<u>Reply Brief</u>") to the Plan Trustee's Answering Brief was to be filed on or before March 26, 2012 (the "<u>Reply Deadline</u>").

---

[2] *See* Whiteman Greecher Decl. – Exhibit "C".

6. Counsel to the Plan Trustee first received a copy of the Reply Brief on April 3, 2012, over one week after the Reply Deadline.

7. On the same day, the Court docketed the Reply Brief, as well as the Amended Reply Brief, with a receipt stamp of April 3, 2012.

8. On April 5, 2012, the Plan Trustee received a copy of the Amended Reply Brief.

**RELIEF REQUESTED**

9. By this Motion, the Plan Trustee respectfully requests that this Court strike Mr. Kareem's Reply Brief, Amended Reply Brief and related exhibits as a result of numerous direct violations of the express terms of the Court-approved Scheduling Order.

**ARGUMENT**

10. The Scheduling Order expressly provides that Mr. Kareem's Reply Brief must be filed on or before March 26, 2012. *See* Whiteman Greecher Decl. – Exhibit "D", at ¶ 4. Without request to this Court or any contact with Plan Trustee's counsel (as he has done in his other cases),[3] Mr. Kareem failed to meet the Reply Deadline. Instead, Mr. Kareem mailed, by first class mail, copies of his Reply Brief on March 29, 2012,[4] which were not received by the Court or counsel to the Plan Trustee until April 3, 2012. Mr. Kareem also submitted an Amended Reply Brief thereafter. Because the Reply Brief was submitted over one week late,

[3] *E.g., Unopposed Motion for Extension of Time for filing Reply Brief* filed by Mr. Kareem on January 6, 2012 before the Fifth Circuit Court of Appeals (Case No. 11-10701) and *Motion for Extension of Time for filing a Joinder of Parties or Amendment of Pleadings* [Texas Action D.I. 49] (Case No. 10-762). *See* Whiteman Greecher Decl. – Exhibit "E".

[4] Despite Mr. Kareem's certificate of service stating that the documents were mailed on March 27, 2012, the postage stamp indicates that the Reply Brief was mailed on March 29, 2012. *See* Whiteman Greecher Decl. – Exhibit "F". Additionally, it should be noted that, despite previously emailing correspondence to Plan Trustee's counsel including his opening brief, which was emailed to Plan Trustee's counsel on February 13, 2012, Mr. Kareem specifically did not send his Reply Brief by email and noted such in his certificate of service.

this Court should strike the Reply Brief and related exhibits. Similarly, any amendments to an untimely brief (*i.e.,* the Amended Reply Brief) should also be stricken.

11. Not only are Mr. Kareem's briefs inexplicably late, both the Reply Brief and Amended Reply Brief fail to adhere to the Scheduling Order's requirements regarding contents of the reply brief. The Scheduling Order provides:

> The Reply Brief shall be limited to (i) responses to the positions set forth in the Answering Brief, including responses to any evidentiary objections,[5] and (ii) identification of any objections to admission of the Plan Trust's evidence. *The Reply Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible.* References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

*See* Whiteman Greecher Decl. – Exhibit "D", at ¶ 5.

12. Both briefs are fraught with facts not in evidence, particularly the inclusion and discussion of nine (9) new exhibits,[6] all of which are untimely and none of which should be admitted. *See, e.g., Abbott Laboratories v. Teva Pharmaceuticals USA, Inc.,* No. 02-1512-KAJ, 2005 WL 6225546, at *4 (D. Del. 2005) (finding that Court will decline to rule on argument raised for first time in reply because argument should have been raised in opening brief). The Plan Trustee objects to the admission of each and every exhibit as late, and the Plan Trustee also objects to the admission of exhibits as set forth below:

- Exhibit 500 appears to be registered agent information for the AHMA 2007-SD2 Trust, but is not authenticated. All parties have agreed that the Kareem Loan is located in the AHMA 2006-3 Trust. Accordingly, any documents relating to the AHMA 2007-SD2 Trust are irrelevant.

- Exhibit 700 appears to be a websearch of license information regarding Mr. Kareem's broker, Global Mortgage, but is not authenticated.

[5] As set forth more fully in the Scheduling Order, Mr. Kareem was to identify ***all*** evidence to be admitted with his Opening Post-Trial Brief, which was due on February 10, 2012.

[6] It appears that the exhibits are the same in both the Reply Brief and Amended Reply Brief. Accordingly, they are discussed only once.

Moreover, Exhibit 700 is unclear whether the appropriate Global Mortgage entity is identified therein. To the extent that it is a broker whose license is revoked as of February 7, 2007, the information is irrelevant because Mr. Kareem (i) has not alleged any wrongdoing of the broker, and (ii) the broker was licensed at the time of Mr. Kareem's closing. Importantly, the license for the Global Mortgage entity located in Lawrenceville, GA (where Mr. Kareem's property is) expired by its own terms on October 2, 2008, over two years after the origination of Mr. Kareem's loan.

- Exhibit 800 appears to be a web search of license information regarding American Brokers Conduit, a d/b/a of AHM Corp., but is not authenticated. Moreover, Exhibit 800 is irrelevant because (i) Mr. Kareem has not alleged any licensing defects of the Debtors, and (ii) the Debtor was licensed as of the closing of Mr. Kareem's loan. Indeed, consistent with information provided to this Court throughout the case, the Debtors ceased their loan origination business immediately before filing these bankruptcy cases on August 6, 2007, and subsequently sought to withdraw or otherwise suspend their origination-related licenses.

- Exhibits 900 through 1100 appear to be part of a compliance audit of Mr. Kareem's loan, which is essentially an expert report without an expert and unauthenticated, inadmissible hearsay. Moreover, the audit was supposedly performed on March 27, 2012, over four months following the trial, two months after Mr. Kareem was to identify all evidence, and a day after the deadline for Mr. Kareem to file his Reply Brief. In addition to denying admission of these exhibits as untimely, unauthenticated and hearsay, admission of these exhibits should be denied for the following:

  - Among other things, Exhibit 1000 purports to identify the documents the self-proclaimed "certified operator [] reviewed … which were known to matched the transaction …." Notably, while the Adjustable Rate Note was included, the Adjustable Rate Rider, which modifies the Note, was not listed as a document provided as part of the audit.

  - It appears that some of the audit conclusions are based upon the determination that the broker's and/or lender's licenses were not active as of the time of Mr. Kareem's closing. However, such information appears to be belied by Mr. Kareem's own Exhibits 700 and 800, which indicate that, to the extent the licenses are no longer active, such termination or withdraw of the licenses occurred *after* the closing of Mr. Kareem's loan.

- Both Exhibit 900 and 1000 identify that the loan "failed" the test for State Rules requirements; however, a review of the section titled "States Rules Review" provides that the test was "not completed" rather than "failed."[7]

  - Exhibit 1000 provides for three attachments, but the "Revocation Under Georgia's Banking Code Violations Report" is not included. Accordingly, the Exhibits are incomplete.

  - Exhibit 1100 appears to be a press release regarding the software, which is irrelevant and not a sufficient basis for this court to accept an expert opinion based on such software.

- Exhibit 1200 appears to be a "Cease and Desist Order" against First Liberty Savings and Credit Union, but it unauthenticated. Moreover, the order is against First Liberty Savings and Credit Union, a non-party (and not an affiliate of any party) and is, thus, irrevelant.

- Exhibit D3 appears to be duplicative of Plan Trustee Ex. 7.

13. Accordingly, the Plan Trustee submits the Reply Brief, Amended Reply Brief and related exhibits should be stricken – or otherwise denied admission, and the Plan Trustee should be excused from responding to the same. Mr. Kareem was provided a full opportunity to present his case at trial on November 18, 2012, and the Plan Trustee should not be required to address late arguments or evidence.

**CONCLUSION**

For the foregoing reasons, the Plan Trustee respectfully requests that the Court grant the Motion and enter an order substantially in the form attached hereto as Exhibit 2 and grant the Plan Trustee such other and further relief as the Court deems just and proper.

---

[7] It should be noted that the audit appears to confirm that Mr. Kareem's loan "passed" under the "high cost" loan test, the "APR" disclosure, and the TILA Right of Rescission test, Mr. Kareem's original arguments.

01: 11905477.7

Dated: April 9, 2012
Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*

Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*