**EXHIBIT 1**

**WHITEMAN GREECHER DECL.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                                          :      Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,       :      Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :      Jointly Administered
          Debtors.                                              :
                                                                :      **Ref. Docket Nos.  10384, 10385**
------------------------------------------------------------------ x

### DECLARATION OF MARGARET WHITEMAN GREECHER IN SUPPORT OF PLAN TRUST'S MOTION TO STRIKE (I) CLAIMANT'S POST TRIAL BRIEF REPLY TO PLAN TRUST'S ANSWER AND PLAN TRUSTEE'S OMNIBUS OBJECTIONS, (II) AMENDED CLAIMANT'S POST TRIAL  BRIEF REPLY TO PLAN TRUST'S ANSWER AND PLAN TRUSTEE'S OMNIBUS OBJECTIONS, AND (III) TO THE EXHIBITS ATTACHED THERETO

I, MARGARET WHITEMAN GREECHER, pursuant to 28 U.S.C. §§ 1746,

declare:

1.      I am an attorney with the law firm of Young Conaway Stargatt & Taylor,

LLP ("Young Conaway").  Young Conaway is co-counsel to Steven D. Sass, as liquidating

trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11

Plan of Liquidation of the Debtors Dated as of February 18, 2009 in connection with the Chapter

11 cases of the above-captioned debtors.  I make this declaration based upon my own personal

knowledge and in support of the *Plan Trust's Motion to Strike (I) Claimant's Post Trial Brief*

*Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections, (II) Amended Claimant's*

*Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections, and (III)*

*to the Exhibits Attached Thereto* (the "Motion").[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      Attached hereto as Exhibit "A" is a true and correct copy of an email dated December 21, 2011 from Margaret Whiteman Greecher to Hussain Kareem attaching a copy of the November 18, 2011 hearing transcript and a draft scheduling order.[2]

3.      Attached hereto as Exhibit "B" are true and correct copies of an email dated January 5, 2012 from Kareem Hussain to Margaret Whiteman Greecher and the draft scheduling orders attached to the email.

4.      Attached hereto as Exhibit "C" is a true and correct copy of an email dated January 6, 2012 from Margaret Whiteman Greecher to Hussain Kareem.

5.      Attached hereto as Exhibit "D" is a true and correct copy of the *Scheduling Order Regarding Post-Trial Briefing for (i) Motion for Judgment as a Matter of Law of Administrative Claim Entered [D.I. 10148]; (ii) Motion for Allowance and payment of Administrative Claim with Brief in Support [D.I. 9692]; and (iii) Claims Numbered 10870, 10875 and 10887 Filed By Hussain Kareem.* [D.I. 10306].

5.      Attached hereto as Exhibit "E" are true and correct copies of the: (i) *Unopposed Motion for Extension of Time for filing Reply Brief* filed by Hussain Kareem in the United States Court of Appeals for the Fifth Circuit (Case No. 11-10701); and (ii) *Motion for Extension of Time for filing a joinder of Parties or Amendment of Pleadings* filed by Kareem Hussain in the United States District Court for the Northern District of Texas (Civil Action No. 3:10-CV-00762-B).

6.      Attached hereto as Exhibit "F" is a true and correct copy of the envelope in which Hussain Kareem mailed the Reply Brief.

---

[2]      Due to the voluminous nature of the hearing transcript, a copy of the transcript is not attached hereto but is available upon request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 9, 2012                         */s/ Margaret Whiteman Greecher*
                                             Margaret Whiteman Greecher

**EXHIBIT A**

## Greecher, Margaret Whiteman

| | |
|---|---|
| **From:** | Greecher, Margaret Whiteman |
| **Sent:** | Wednesday, December 21, 2011 10:45 AM |
| **To:** | lateefkareem@juno.com |
| **Cc:** | Keep Track Changes |
| **Subject:** | AHM - Briefing Schedule |
| **Attachments:** | American Home Mortgage.11.18.11.pdf; 11675920_1.DOCX.docx |

Mr. Kareem –

I received the transcript from our trial yesterday, which is now attached to this email, along with a draft scheduling order. I attempted to set forth dates so that your holidays should not be impacted. Please review and approve or comment by the end of this week.

Additionally, I have not received comments on the Seal Order or redacted exhibits. If I do not receive comments to these by the end of the week, I will file with the Court providing that you did not contest the order or redactions.

Have a great holiday,
Maggie

Margaret Whiteman Greecher
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-6753
Facsimile: 302-576-3416
mgreecher@ycst.com

1

11/18/2011 Transcript

Omitted due to volume, but available upon request

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ---------------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | 9692, 9693, 10148, 10182 |
| ---------------------------------------------------------- x | | |

**SCHEDULING ORDER REGARDING POST-TRIAL BRIEFING FOR (I) MOTION
FOR JUDGMENT AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM
ENTERED [D.I. 10148]; (II) MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE CLAIM WITH BRIEF IN SUPPORT [D.I. 9692]; AND
(III) CLAIMS NUMBERED 10870, 10875 AND 10887 FILED BY HUSSAIN KAREEM**

The Court having held a trial November 18, 2011 (the "Trial") regarding the (i)

*Motion for Judgment as a Matter of Law of Administrative Claim Entered* [D.I. 10148]; (ii)

*Motion for Allowance and Payment of Administrative Claim with Brief in Support* [D.I. 9692]

(together with D.I. 10148, the "Kareem Motions"); and (iii) claims numbered 10870, 10875 and

10887 filed by Hussain Kareem (collectively, the "Kareem Claims"); and related objection [D.I.

10182] filed by the Plan Trustee (the "Objection");[2] and the Court having determined that post-

trial briefing is warranted as set forth on the record at the Trial;

IT IS HEREBY ORDERED AND DECREED as follows:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

01: 11675920.1                              066585.1001

1.      Mr. Kareem's post-trial brief in support of the Kareem Motions and the Kareem Claims shall be filed on or before January 27, 2011 (the "Opening Post-Trial Brief"). The Opening Post-Trial Brief shall include (i) all causes of actions, along with citation to applicable law, being asserted against the Debtors' estates; (ii) all facts presented at the Trial that support each element for cause of action, and (iii) identification of all evidence to be admitted by Mr. Kareem and the basis for such admission. The Opening Post-Trial Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

2.      The Plan Trust's brief in response shall be filed on or before February 28, 2011 (the "Answering Brief").

3.      The Answering Brief shall include (i) all responses to the Opening Post-Trial Brief; (ii) all affirmative defensives, if any, to the causes of action set forth in the Opening Post-Trial Brief; (iii) all facts presented at the trial that support the positions set forth in the Answering Brief; (iv) identification of all evidence to be admitted by the Plan Trust and the bases for such admission; (v) identification of any objections to the admission of Mr. Kareem's evidence. The Answering Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

4.      Mr. Kareem's brief in reply to the Answering Brief shall be filed on or before March 16, 2011 (the "Reply Brief").

5.      The Reply Brief shall be limited to (i) responses to the positions set forth in the Answering Brief, including responses to evidentiary objections, and (ii) identification of

any objections to the admission of the Plan Trust's evidence. The Reply Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

      6.    The Plan Trust's sur-reply, if any, shall be filed on or before April 4, 2011 (the "Sur-Reply Brief"). The Sur-Reply Brief is limited to responses to the positions set forth in the Reply Brief, including responses to evidentiary objections. The Sur-Reply Brief shall not include facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

      7.    Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

Dated: December ___, 2011
       Wilmington, Delaware

                                      _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

**EXHIBIT B**

## Greecher,  Margaret Whiteman

| | |
|---|---|
| **From:** | lateefkareem@juno.com |
| **Sent:** | Thursday, January 05, 2012 7:23 PM |
| **To:** | Greecher,  Margaret Whiteman |
| **Subject:** | Re: AHM - Briefing Schedule & Order for 2012 |
| **Attachments:** | 11675920_1.JMOLOrder2012.doc; 11675920_Proposed MotionTrial Order2012.doc |

Maggie,

I took the liberty to change the dates to give myself an extra 10 days. The dates were edited to reflect 2012 calender date events.

I have another brief due in January around your initial proposed time, so I would appreciate the consideration for the extra time.If you agree to the dates, then you can submit to Judge Sontchi.

I did read the redaction notes on my personal data. I have no problem with what is being redacted. However, I did not see reference to the Exhibits, previous admissions,or statements that were stricken from the record and what remains as potential evidence. Please ensure that I have those items or that I know the precise exhibits.

I am of the opinion that nothing from the WAMU case (Washington, DC cause of action) is to be used as admission for reasons of potential prejudice. Additionally, we (at hearing) were meticulous in what was allowed from the Dallas Case on Appeal to be used in the current case in Delaware.

Lastly, I did detect typos from the take down. It could have been my verbiage was not clearly understood. I want to make sure some of the words are the right words so that the transcript does not loose any meaning.How do we recommend or submit changes on the take down?

I awaited your response,

Hussain Kareem

---

53 Year Old Mom Looks 33
The Stunning Results of Her Wrinkle Trick Has Botox Doctors Worried
http://thirdpartyoffers.juno.com/TGL3141/4f063f3a9f30187793cst02vuc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x   Chapter 11
In re:                                                       :
                                                             :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.,[1]           :   Jointly Administered
                                                             :
    Debtors.                                                 :
                                                             :   9692, 9693, 10148, 10182
------------------------------------------------------------ x
```

**SCHEDULING ORDER REGARDING POST-TRIAL BRIEFING FOR (I) MOTION
FOR JUDGMENT AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM
ENTERED [D.I. 10148]; (II) MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE CLAIM WITH BRIEF IN SUPPORT [D.I. 9692]; AND
<u>(III) CLAIMS NUMBERED 10870, 10875 AND 10887 FILED BY HUSSAIN KAREEM</u>**

The Court having held a trial November 18, 2011 (the "<u>Trial</u>") regarding the (i)

*Motion for Judgment as a Matter of Law of Administrative Claim Entered* [D.I. 10148]; (ii)

*Motion for Allowance and Payment of Administrative Claim with Brief in Support* [D.I. 9692]

(together with D.I. 10148, the "<u>Kareem Motions</u>"); and (iii) claims numbered 10870, 10875 and

10887 filed by Hussain Kareem (collectively, the "<u>Kareem Claims</u>"); and related objection [D.I.

10182] filed by the Plan Trustee (the "<u>Objection</u>");[2] and the Court having determined that post-

trial briefing is warranted as set forth on the record at the Trial;

IT IS HEREBY ORDERED AND DECREED as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("<u>AHM SV</u>"), a Maryland corporation (7267); American
Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware
limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great
Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1.      Mr. Kareem's post-trial brief in support of the Kareem Motions and the Kareem Claims shall be filed on or before February 10, 2012 (the "Opening Post-Trial Brief"). The Opening Post-Trial Brief shall include (i) all causes of actions, along with citation to applicable law, being asserted against the Debtors' estates; (ii) all facts presented at the Trial that support each element for cause of action, and (iii) identification of all evidence to be admitted by Mr. Kareem and the basis for such admission. The Opening Post-Trial Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

2.      The Plan Trust's brief in response shall be filed on or before March 12, 2012 (the "Answering Brief").

3.      The Answering Brief shall include (i) all responses to the Opening Post-Trial Brief; (ii) all affirmative defensives, if any, to the causes of action set forth in the Opening Post-Trial Brief; (iii) all facts presented at the trial that support the positions set forth in the Answering Brief; (iv) identification of all evidence to be admitted by the Plan Trust and the bases for such admission; (v) identification of any objections to the admission of Mr. Kareem's evidence. The Answering Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

4.      Mr. Kareem's brief in reply to the Answering Brief shall be filed on or before March 26, 2012 (the "Reply Brief").

5.      The Reply Brief shall be limited to (i) responses to the positions set forth in the Answering Brief, including responses to evidentiary objections, and (ii) identification of

any objections to the admission of the Plan Trust's evidence. The Reply Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

6.      The Plan Trust's sur-reply, if any, shall be filed on or before April 9, 2012 (the "Sur-Reply Brief"). The Sur-Reply Brief is limited to responses to the positions set forth in the Reply Brief, including responses to evidentiary objections. The Sur-Reply Brief shall not include facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

7.      Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

Dated: January ___, 2012
        Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| ---------------------------------------------------------------- x | Chapter 11 |
| In re: : | |
| : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE : | |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] : | Jointly Administered |
| : | |
| Debtors. : | |
| : | 9692, 9693, 10148, 10182 |
| ---------------------------------------------------------------- x | |

**SCHEDULING ORDER REGARDING POST-TRIAL BRIEFING FOR (I) MOTION
FOR JUDGMENT AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM
ENTERED [D.I. 10148]; (II) MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE CLAIM WITH BRIEF IN SUPPORT [D.I. 9692]; AND
(III) CLAIMS NUMBERED 10870, 10875 AND 10887 FILED BY HUSSAIN KAREEM**

The Court having held a trial November 18, 2011 (the "Trial") regarding the (i)

*Motion for Judgment as a Matter of Law of Administrative Claim Entered* [D.I. 10148]; (ii)

*Motion for Allowance and Payment of Administrative Claim with Brief in Support* [D.I. 9692]

(together with D.I. 10148, the "Kareem Motions"); and (iii) claims numbered 10870, 10875 and

10887 filed by Hussain Kareem (collectively, the "Kareem Claims"); and related objection [D.I.

10182] filed by the Plan Trustee (the "Objection");[2] and the Court having determined that post-

trial briefing is warranted as set forth on the record at the Trial;

IT IS HEREBY ORDERED AND DECREED as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American
Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware
limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great
Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1.    Mr. Kareem's post-trial brief in support of the Kareem Motions and the Kareem Claims shall be filed on or before February 10, 2012 (the "Opening Post-Trial Brief"). The Opening Post-Trial Brief shall include (i) all causes of actions, along with citation to applicable law, being asserted against the Debtors' estates; (ii) all facts presented at the Trial that support each element for cause of action, and (iii) identification of all evidence to be admitted by Mr. Kareem and the basis for such admission. The Opening Post-Trial Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

2.    The Plan Trust's brief in response shall be filed on or before March 12, 2012 (the "Answering Brief").

3.    The Answering Brief shall include (i) all responses to the Opening Post-Trial Brief; (ii) all affirmative defensives, if any, to the causes of action set forth in the Opening Post-Trial Brief; (iii) all facts presented at the trial that support the positions set forth in the Answering Brief; (iv) identification of all evidence to be admitted by the Plan Trust and the bases for such admission; (v) identification of any objections to the admission of Mr. Kareem's evidence. The Answering Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

4.    Mr. Kareem's brief in reply to the Answering Brief shall be filed on or before March 26, 2012 (the "Reply Brief").

5.    The Reply Brief shall be limited to (i) responses to the positions set forth in the Answering Brief, including responses to evidentiary objections, and (ii) identification of

any objections to the admission of the Plan Trust's evidence.  The Reply Brief shall not include

causes of action, facts or evidence that were not presented at Trial and/or are not otherwise

admissible.  References to facts and evidence in the briefs shall include citation to the transcript

and/or exhibit.

> 6.    The Plan Trust's sur-reply, if any, shall be filed on or before April 9, 2012

(the "Sur-Reply Brief").  The Sur-Reply Brief is limited to responses to the positions set forth in

the Reply Brief, including responses to evidentiary objections.  The Sur-Reply Brief shall not

include facts or evidence that were not presented at Trial and/or are not otherwise admissible.

References to facts and evidence in the briefs shall include citation to the transcript and/or

exhibit.

> 7.    Deadlines contained in this Scheduling Order may be extended only by the

Court and only upon written motion for good cause shown.

Dated: January ___, 2012
      Wilmington, Delaware

                                      _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

**EXHIBIT C**

## Greecher, Margaret Whiteman

| | |
|---|---|
| **From:** | Greecher, Margaret Whiteman |
| **Sent:** | Friday, January 06, 2012 10:34 AM |
| **To:** | 'lateefkareem@juno.com' |
| **Cc:** | ESchnitzer@hahnhessen.com |
| **Subject:** | RE: AHM - Briefing Schedule & Order for 2012 |

The date changes are acceptable, and I will file both orders and the redacted exhibits today. The Trial exhibits are not placed on the docket, and the Seal Motion (and Order) only references the exhibits that were attached to our filed Objection.

All evidence, whether it be exhibits or admissions, are indicated in the trial transcript which you have. With respect to exhibits and admissions that the Plan Trust utilized, you were provided copies of those at Trial.

Furthermore, the Court specifically required both parties to identify any and all evidence to be admitted in the case in their brief, as well as any objections to the evidence sought to be admitted by the other party. That is set forth in paragraphs 1, 3, 5, and 6 of the proposed order. For instance, paragraph 1 includes "identification of all evidence to be admitted by Mr. Kareem and the basis for such admission," and paragraph 5 includes "identification of any objections to the admission of the Plan Trust's evidence."

With respect to your last paragraph, you should address any proposed corrections of the transcript to the court reporter, with a cc to me. The transcript is supposed to be an exact transcription of what was recorded at the Trial. If there were mistakes in the transcript as confirmed by the actual recording (i.e. someone said "red light", but the transcript incorrectly states "yellow light"), those can be fixed. On the other hand, suggested edits that do not conform with the actual recording will typically not be made by the reporter (i.e. someone said "red light" and the transcript states "red light" but someone wants the transcript to say "yellow light" instead), as changes are not meant to be an opportunity to change what actually transpired. You are free to suggest changes to the court reporter and we can then respond to those suggestions at that time.

Regards,
Maggie

-----Original Message-----
From: lateefkareem@juno.com [mailto:lateefkareem@juno.com]
Sent: Thursday, January 05, 2012 7:23 PM
To: Greecher, Margaret Whiteman
Subject: Re: AHM - Briefing Schedule & Order for 2012

Maggie,

I took the liberty to change the dates to give myself an extra 10 days. The dates were edited to reflect 2012 calender date events.

I have another brief due in January around your initial proposed time, so I would appreciate the consideration for the extra time.If you agree to the dates, then you can submit to Judge Sontchi.

I did read the redaction notes on my personal data. I have no problem with what is being redacted. However, I did not see reference to the Exhibits, previous admissions,or statements that were stricken from the record and what remains as potential evidence. Please ensure that I have those items or that I know the precise exhibits.

1

I am of the opinion that nothing from the WAMU case (Washington, DC cause of action) is to be used as admission for reasons of potential prejudice. Additionally, we (at hearing) were meticulous in what was allowed from the Dallas Case on Appeal to be used in the current case in Delaware.

Lastly, I did detect typos from the take down. It could have been my verbiage was not clearly understood. I want to make sure some of the words are the right words so that the transcript does not loose any meaning.How do we recommend or submit changes on the take down?

I awaited your response,

Hussain Kareem

---

53 Year Old Mom Looks 33
The Stunning Results of Her Wrinkle Trick Has Botox Doctors Worried
http://thirdpartyoffers.juno.com/TGL3141/4f063f3a9f30187793cst02vuc

**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re:                                                          :        Chapter 11
                                                                :
                                                                :        Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, et al.,[1]              :        Jointly Administered
                                                                :
        Debtors.                                                :
                                                                :        9692, 9693, 10148, 10182
--------------------------------------------------------------- x

**SCHEDULING ORDER REGARDING POST-TRIAL BRIEFING FOR (I) MOTION
FOR JUDGMENT AS A MATTER OF LAW OF ADMINISTRATIVE CLAIM
ENTERED [D.I. 10148]; (II) MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE CLAIM WITH BRIEF IN SUPPORT [D.I. 9692]; AND
(III) CLAIMS NUMBERED 10870, 10875 AND 10887 FILED BY HUSSAIN KAREEM**

        The Court having held a trial November 18, 2011 (the "Trial") regarding the (i)

*Motion for Judgment as a Matter of Law of Administrative Claim Entered* [D.I. 10148]; (ii)

*Motion for Allowance and Payment of Administrative Claim with Brief in Support* [D.I. 9692]

(together with D.I. 10148, the "Kareem Motions"); and (iii) claims numbered 10870, 10875 and

10887 filed by Hussain Kareem (collectively, the "Kareem Claims"); and related objection [D.I.

10182] filed by the Plan Trustee (the "Objection");[2] and the Court having determined that post-

trial briefing is warranted as set forth on the record at the Trial;

        IT IS HEREBY ORDERED AND DECREED as follows:

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American
Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware
limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great
Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road,
Melville, New York 11747.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

01: 11675920.2                          066585.1001



1.      Mr. Kareem's post-trial brief in support of the Kareem Motions and the Kareem Claims shall be filed on or before February 10, 2012 (the "Opening Post-Trial Brief"). The Opening Post-Trial Brief shall include (i) all causes of actions, along with citation to applicable law, being asserted against the Debtors' estates; (ii) all facts presented at the Trial that support each element for cause of action, and (iii) identification of all evidence to be admitted by Mr. Kareem and the basis for such admission. The Opening Post-Trial Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

2.      The Plan Trust's brief in response shall be filed on or before March 12, 2012 (the "Answering Brief").

3.      The Answering Brief shall include (i) all responses to the Opening Post-Trial Brief; (ii) all affirmative defensives, if any, to the causes of action set forth in the Opening Post-Trial Brief; (iii) all facts presented at the trial that support the positions set forth in the Answering Brief; (iv) identification of all evidence to be admitted by the Plan Trust and the bases for such admission; (v) identification of any objections to the admission of Mr. Kareem's evidence. The Answering Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

4.      Mr. Kareem's brief in reply to the Answering Brief shall be filed on or before March 26, 2012 (the "Reply Brief").

5.      The Reply Brief shall be limited to (i) responses to the positions set forth in the Answering Brief, including responses to evidentiary objections, and (ii) identification of

any objections to the admission of the Plan Trust's evidence. The Reply Brief shall not include causes of action, facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

6.     The Plan Trust's sur-reply, if any, shall be filed on or before April 9, 2012 (the "Sur-Reply Brief"). The Sur-Reply Brief is limited to responses to the positions set forth in the Reply Brief, including responses to evidentiary objections. The Sur-Reply Brief shall not include facts or evidence that were not presented at Trial and/or are not otherwise admissible. References to facts and evidence in the briefs shall include citation to the transcript and/or exhibit.

7.     Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

Dated: January _6_, 2012
      Wilmington, Delaware

                              Christopher S. Sontchi
                              United States Bankruptcy Judge

**EXHIBIT E**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
CIVIL DIVISION

| | | |
|---|---|---|
| HUSSAIN KAREEM | § | |
| | § | |
| Plaintiff, | § | No. 11-10701 |
| | § | |
| V. | § | USDC NO. 3:10-CV-00762-B |
| | § | |
| AMERICAN HOME MORTGAGE | § | |
| HOLDINGS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

_U.S. COURT OF APPEALS RECEIVED JAN 06 2012 FIFTH CIRCUIT_

### Unopposed Motion For Extension of Time for filing Reply Brief

**TO THE UNITED STATES DISTRICT JUDGE:**

COMES NOW Hussain Kareem (hereinafter "Appellant") moves the court, to extend the time for filing his Appeal Reply Brief, pursuant to the following reasons to wit:

On or about November 2, 2011, Appellant and Appellees entered into a stipulated agreement which unopposed each others request for an extension of time relevant to Appellee's initial Brief response and the corresponding Appellant's Reply Brief.

As noted in Document 00511654304 in which Appellee entered into this court indicating that their brief would be entered on or before December 19, 2011 and that the Appellant would be allowed to respond by Reply Brief on or before January 20, 2012, was a mutual condition made by the parties.

Appellant enters this motion to remind the court that due to holiday travels and other extended planned activities, he requests this honorable court to fully comply with the prior notice given. Thus, Appellant makes a clear request for extension of time to enter his reply brief on or before January 20, 2012 which is unopposed and agreed.

### Relief Sought

Plaintiff seeks in the interest of justice, for an extension of time to file his reply brief to

Appellees' initial response entered on or about December 19th, 2011 by January 20th, 2012.

Plaintiff seeks leniency from this court, for as a pro se, has made every attempt to follow

orders and rules.

Executed on this day January 3, 2011

HUSSAIN KAREEM, APPELLANT
All Rights, Immunities and Privileges Reserved

Certified Mail Number: 7009 2250 0003 6894 0182

U,S, Court of Appeals
Fifth Circuit
Clerk of the Court
600 S. Maestri Place
New Orleans, La 70130

## CERTIFICATE OF SERVICE

I certify that on January 3, 2012, I filed the foregoing document with the clerk of the U.S. Court of Appeals, 5th Circuit, by certified mail, prepaid first class mail without using the electronic case filing system of the court.  This <u>Motion For Extension of Time to file Reply Brief</u> *to the following:*

**FRANK ALVAREZ**
State Bar No. 00796122
*Attorney in Charge*
**BRENT W. MARTINELLI**
State Bar No. 24037037
**KATHERINE K. ELRICH**
State Bar No. 24007158
**HERMES SARGENT BATES, LLP**
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749.6000 (Telephone)
(214) 749.6100 (Telecopier)
Frank.Alvarez@hsblaw.com
Brent.Martinelli@hsblaw.com

**ATTORNEYS FOR APPELLEES**
**AMERICAN HOME MORTGAGE**
**SERVICING, INC., et al.**

**EXECUTED THIS DAY ON JANUARY 3, 2012**

Hussain Kareem, Pro Se
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
678-250-5753



ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 19 2010

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

| | | |
|---|---|---|
| HUSSAIN KAREEM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:10-CV-00762-B |
| | § | |
| AMERICAN HOME MORTGAGE | § | |
| HOLDINGS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**Motion For Extension of Time for filing a Joinder of Parties or Amendment of Pleadings**

**TO THE UNITED STATES DISTRICT JUDGE:**

COME NOW Hussain Kareem (hereinafter "Plaintiff") moves the court, to extend the time

for filing either an Amended pleading or Joinder of parties. pursuant to the Court's Scheduling Order

of July 16, 2010, as follows:

On August 13, 2010 and on August 16th, 2010, Plaintiff and counsel for Defendants conferred

pursuant to Section II, Paragraph 2 of the Court's Scheduling Order and outstanding discovery,

whereby the litigants were made aware that an Amended pleading nor joinder of parties would be

meaningful without the needed evidence to be obtained from discovery and disclosure requirements.

Thus, the Plaintiff assert for this court to recognized a potential disadvantage would be

imposed on the Plaintiff. Without the Defendants fulfilling their mandatory F.R.C.P. Rule 7.1

Corporate disclosure requirements (also required by local rules) including outstanding discovery

requests, it appears that Defendants have been held back in "bad faith".

The pattern established by the Defendants, is that they will meet the court ordered deadlines

on orders, but, outside of the court orders, the Defendants have willing failed to provide timely disclosures and discoveries as required in the operation of law. In confirmation of these allegations of the Plaintiff concerns, are validated by the docket no.# [31],[34]. [37] entries which show no good cause to resolve. Delinquencies and failures to provide documents, records, corporate disclosures and sworn interrogatories, still exists.

Thus, pursuant to Section II, Paragraph 2 of the Court's Scheduling Order, filing an Amended Pleading or Joinder of Parties, at this time would not allow the Plaintiff the maximum opportunity to take advantage of the evidence that should be forth coming. The justifiable request for a delay in filing the Amended Pleading or Joinder of Parties would help, in the interest of justice, the Plaintiff to form or to assert more accurate claims. Especially, since all attempts to acquire evidence is being stymied by the Defendants.

### Relief Sought

Plaintiff seeks in the interest of justice, for an extension of time to file by motion the joinder of parties and or an amended pleading until after discovery is completed schedule for 12/13/ 2010.

Plaintiff seeks leniency from this court, for as a pro se, has made every attempt to follow orders and rules.

**Executed on this day August 16, 2010**

_____

**HUSSAIN KAREEM, PLAINTIFF**
**All Rights, Immunities and Privileges Reserved**

## CERTIFICATE OF SERVICE

I certify that on August 16, 2010, I filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, by certified mail, prepaid first class mail without using the electronic case filing system of the court. This Motion For Extension of Time for filing Joinder of Parties or Amendment of Pleadings to the following:

**FRANK ALVAREZ**
State Bar No. 00796122
*Attorney in Charge*
**BRENT W. MARTINELLI**
State Bar No. 24037037
**PAMELA S. RATLIFF**
State Bar No. 24002802

**HERMES SARGENT BATES, LLP**
901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749.6000 (Telephone)
(214) 749.6100 (Telecopier)
Frank.Alvarez@hsblaw.com
Brent.Martinelli@hsblaw.com
Pamela.Ratliff@hsblaw.com

**ATTORNEYS FOR DEFENDANTS**
**AMERICAN HOME MORTGAGE**
**SERVICING, INC., et al.**

**EXECUTED THIS DAY ON AUGUST 16, 2010**

Hussain Kareem, Pro Se
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
678-887-4965: Phone Line

Certified Mail # 7    7009 2250 0003 6894 0106



AUG 1 6 2010

CERTIFIED MAIL

7009 2250 0003 6894 0306

RETURN RECEIPT
REQUESTED

Clerk of the Court
United States District Court
1100 Commerce St., Rm 1452
Dallas, TX 75242

RETURN RECEIPT
REQUESTED

Hussain Kaream
2197 Carlysle Creek Dr.
Lawrenceville, GA 3004-2274

RECEIVED
AUG 1 9 2010

12.24

**EXHIBIT F**

U.S. POSTAGE
$2.70
FCM LG ENV
3009G
Date of sale
03/29/12
02 1P00
06896798

From: 2197 Carlyle Creek Dr.
Lawrenceville, GA
30044.

Young Conaway Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

Attn: Margie Greecher