## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                    :
                                          :   Chapter 11
                                          :
AMERICAN HOME MORTGAGE                     :
HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,  1        :
                                          :   Jointly Administered
       Debtors.                           :
                                          :   Ref. Docket No.: _____
                                          :
------------------------------------------------------------ x
```

### ORDER APPROVING THE FOURTH STIPULATION BY AND AMONG THE PLAN TRUST AND CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS FOR AN ORDER GRANTING RELIEF FROM THE PLAN INJUNCTION AND STAY TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PARTIES

Upon consideration of the motion (the "Motion")² of Steven D. Sass, as

liquidating trustee ("the Plan Trustee") for the Plan Trust established pursuant to the *Amended*

*Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in

connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), for entry

of an order approving the fourth stipulation (the "Fourth Stipulation")³ by and among the Plan

Trust and certain present and former directors, officers, and employees of the Debtors, a copy of

which is attached hereto as Exhibit 1; and it appearing that the Fourth Stipulation and the relief

requested in the Motion is in the best interests of the Plan Trust, the Debtors, their estates and

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

² Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

³ All terms not otherwise defined herein shall be given the meanings ascribed to them in the Stipulation.

creditors; and it appearing that the Court has jurisdiction to consider the Motion and the relief

requested therein; and due notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and after due deliberation and sufficient cause

appearing therefore; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Fourth Stipulation is approved; and its is further

ORDERED that nothing in this Order or the Fourth Stipulation shall constitute a

determination that the proceeds of the Insurance Policies are property of the Debtors' estates or

Plan Trust, and the rights of all parties in interest to assert that the proceeds of the Insurance

Policies are, or are not, property of the Debtors' estates or Plan Trust are reserved; and it is

further

ORDERED that the injunction and stay set forth in Article 12 of the Plan and

paragraphs 7 and 8 of the Confirmation Order shall be lifted for the sole and limited purpose of

effectuating the Fourth Stipulation; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from or related to the interpretation or implementation of this Order.

Date:   Wilmington, Delaware

_____, 2012          _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

01:11902191.3

2

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :         Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]               :
                                                :    Jointly Administered
                                                :
       Debtors.                                 :
------------------------------------------------------------x

## FOURTH STIPULATION BY AND AMONG THE PLAN TRUST AND CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS OF THE DEBTORS FOR AN ORDER GRANTING RELIEF FROM THE PLAN INJUNCTION AND STAY TO ENFORCE INSURANCE POLICY IN FAVOR OF INSURED PERSONS

This Fourth Stipulation and Agreement for an Order Granting Relief From the Plan Injunction and Stay ("Stipulation") is made by and among: (i) Stephen D. Sass, as liquidating trustee (the "Plan Trustee") for the American Home Mortgage Plan Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, "AHM" or the "Debtors") and (ii) Michael Strauss, Stephen Hozie, Robert Bernstein, Richard Loeffler, Thomas McDonough, Simon Sakamoto, Rebecca Brichta, Mary Feder, Dawn Greenbaum, John A. Johnston, Nicholas R. Marfino, Michael A. McManus, Jr., Nicholas Parrinelli, C. Cathleen Raffaeli, Kristian R. Salovaara, Kenneth P. Slosser, and Irving J. Thau (with the Plan Trustee, the "Parties").

Based on the facts set forth herein, the Parties hereto stipulate and agree that the Insured Persons (as defined herein) shall be granted immediate relief from the injunction and stay set

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. *f/k/a* American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

forth in Article 12 of the Plan and paragraphs 7 and 8 of the Confirmation Order (defined below)

(collectively, the "Plan Stay") to enforce their rights and/or receive payments for Defense Costs

(as defined in the Insurance Policies (as defined herein)) of up to $4,321,937.55, in the aggregate

for all Insured Persons, of the policy proceeds payable under the Directors, Officers and

Corporate Liability/General Partners and Limited Partnership Liability Insurance Policy, policy

number 673-84-28, as amended and modified, from time to time (the "Primary Insurance

Policy") ($10.0 million in coverage), with Chartis Insurance, National Union Fire Insurance

Company of Pittsburgh, Pa. (the "Primary Insurer"), and of the policy proceeds payable under

the excess insurance policies (collectively the "Excess Policies") issued as follows by the

specified insurers (collectively the "Excess Insurers"):

    i.      Lloyd's of London, policy number 146/LDUSA0601849 ($10.0 million in excess coverage);

    ii.     Zurich American Insurance Company, policy number 9680911-00 ($10.0 million in excess coverage);

    iii.    Chartis Insurance, Illinois National Insurance Company, policy number 673-86-10 ($10.0 million in excess coverage); and

    iv.    ACE American Insurance Company, policy number DOX G23651439-001 ($10.0 million in excess coverage, solely for the Insured Persons).

The Excess Policies and the Primary Insurance Policy shall be collectively referred to as the

"Insurance Policies," the carriers shall be collectively referred to as the "Insurers," and, for the

purposes of this Stipulation, all present and former directors, officers and employees of any of

the Debtors who are Natural Person Insureds within the meaning of the Primary Insurance Policy

and (1) are named in the Actions (defined below) or (2) are named in the Utah Retirement Action

(defined below) or (3) are named in the Mass Mutual Action (defined below) or (4) are now, or

in the future, named (or otherwise required to incur legal and related expenses covered by the

Insurance Policies) in any other actions, including without limitation governmental

investigations (collectively, the "Other Actions"), including, but not limited to Michael Strauss,

Stephen Hozie, Robert Bernstein, Richard Loeffler, Thomas McDonough, Rebecca Brichta,

Mary Feder, Dawn Greenbaum, John A. Johnston, Nicholas R. Marfino, Michael A. McManus,

Jr., Nicholas Parrinelli, C. Cathleen Raffaeli, Kristian R. Salovaara, Kenneth P. Slosser, and

Irving J. Thau shall be collectively referred to as "Insured Persons." The Insured Persons

collectively with the Debtors shall be referred to as "Insured Parties."

  In support thereof, the Parties state as follows:

  1.  On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy

Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court"). The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1005(b)

of the Federal Rules of Bankruptcy Procedure. Other than their mortgage loan servicing

business, the Debtors had ceased substantially all business operations prior to the Petition Date.

Between the Petition Date and the Plan Effective Date (defined below), each Debtor managed its

properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

  2.  The Bankruptcy Court entered and order confirming the Plan under section 1129

of the Bankruptcy Code on February 23, 2009 (the "Confirmation Order"). The Plan became

effective on November 30, 2010 (the "Plan Effective Date").

3.      Pursuant to the Plan, as of the Plan Effective Date, the Plan Trust was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, the Confirmation Order and that certain American Home Mortgage Plan Trust Agreement.

4.      Prior and subsequent to the Petition Date, certain of the Insured Parties were named as defendants in twenty complaints, which complaints generally fall into the category of Class Action Securities Litigation. On December 19, 2007, the Judicial Panel on Multidistrict Litigation (the "Panel") transferred nineteen actions then pending to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1407, where they have been assigned to the Honorable Thomas C. Platt. The Consolidated Amended Class Action Complaint was filed on June 4, 2008. On April 2, 2008, an additional class action complaint was filed against certain of the Insured Parties, and on October 8, 2008, that action was transferred to the Eastern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Thomas C. Platt. These twenty actions shall be referred to collectively as the "Actions."

5.      Subsequent to the Petition Date, on July 27, 2009, certain of the Insured Parties were named as defendants in an action generally falling into the category of securities litigation by Utah Retirement Systems. The case, *Utah Retirement Systems v. Strauss, et al.*, No. 09 Civ. 3221 (TCP) was filed in the Eastern District of New York. The action shall be referred to as the "Utah Retirement Action." The parties have since resolved the matter and agreed to voluntarily dismiss the case, and the court entered an order dismissing the case with prejudice on June 30, 2011 [Doc. 87].

6.      On July 30, 2009, Judge Platt issued an Order preliminary approving settlement of the Actions. Pursuant to the terms of the settlement agreement, defendants, including certain Insured Parties, agreed to pay a settlement amount of $24 million. On September 8, 2009, this Court authorized the settling defendants to utilize the proceeds of the Insurance Policies to fund the settlement amount [Doc. 8030].

7.      On September 4, 2009, this Court also approved a settlement on behalf of certain Insured Parties and the Official Committee of Unsecured Creditors of the Debtors for $5.625 million. The Court authorized the settlement amount to be paid from the proceeds of the Insurance Policies [Doc. 8009].

8.      Subsequent to the Petition Date, on April 28, 2009, certain of the Insured Parties were named as defendants in an enforcement action filed by the Securities and Exchange Commission in the Southern District of New York ("SEC Action").

9.      Subsequent to the Petition Date, on May 5, 2011, certain of the Insured Parties were named as defendants in an action generally falling into the category of securities litigation by Massachusetts Mutual Life Insurance Co. The case, *Massachusetts Mutual Life Insurance Co. v. Goldman Sachs Mortgage Co, et al.*, No. 3:11-cv-30126 (MAP) is currently pending in the District of Massachusetts. The action shall be referred to as the "Mass Mutual Action."

10.     The defendants in the Actions, the Utah Retirement Action, and the Mass Mutual Action are certain of the Insured Parties. Currently, because of the Plan Stay, the Actions are stayed as against AHM. However, the Actions, the Utah Retirement Action, the Mass Mutual Action, and certain Other Actions are proceeding as against certain of the other Insured Parties. Accordingly, certain of the Insured Persons are incurring legal and related expenses in connection with defending themselves in those proceedings. Although they believe that the

allegations in the Actions, the Utah Retirement Action, the Mass Mutual Action, and those certain Other Actions that are currently proceeding are without merit, the Insured Persons face exposure with respect to costs of defense.

11.     Prior to the commencement of the Actions, the Utah Retirement Action, the Mass Mutual Action, and the SEC Action, the Debtors purchased the Insurance Policies for the benefit of those identified as insureds within the meaning of the Insurance Policies.

12.     Pursuant to the Insurance Policies, the Insured Persons are entitled to have certain legal fees and expenses incurred by them in the defense of the Actions, the Utah Retirement Action, the Mass Mutual Action, the SEC Action and Other Actions, and covered by the Insurance Policies, advanced to them by the Insurers, subject to the Insurers' right to be repaid by an Insured Person any amount advanced to or on behalf of such Insured Person in the event and to the extent such Insured Person shall not be entitled under the terms and conditions of the Insurance Policies to payment of such legal fees and expenses.

13.     In accordance with the Insurance Policies, the Insured Persons have made, and will continue to make demands on the Insurers to advance the Defense Costs (as defined in the Insurance Policies) they have and will continue to incur in defending themselves in the Actions, the Utah Retirement Action, the SEC Action, the Mass Mutual Action, and in Other Actions.

14.     On April 13, 2008, this Court entered an Order Approving Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons (the "Order"). The Order permitted the Insured Persons to receive up to $5 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy for any past, present or

future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

15.    On January 9, 2009, this Court entered an Order Approving Second Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons (the "Second Order"). The Second Order permitted the Insured Persons to receive up to $10 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy for any past, present or future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

16.    On December 18, 2010, this Court entered an Order Approving Third Stipulation By and Among the Debtors, Certain Current and Former Directors and Officers of the Debtors, the Primary Insurer, and the Official Committee of Unsecured Creditors for an Order Granting Relief from the Automatic Stay, to Enforce Insurance Policy in Favor of Insured Persons (the "Third Order"). The Third Order permitted the Insured Persons to receive up to $15 million in the aggregate for all Insured Persons combined under the Primary Insurance Policy for any past, present or future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions or Other Actions.

17.    The Parties have entered into this Stipulation for relief from the Plan Stay with the understanding that it is only an interim resolution to permit the Primary Insurer and the Excess Insurers to advance defense costs to the Insured Persons. The Parties shall continue to attempt to negotiate a more global agreement regarding the Insurance Policies and reserve all rights to seek or oppose any additional relief regarding the Insurance Policies or anything related thereto.

18.    Based on the foregoing, it is hereby Stipulated and Agreed to by and between the Parties as follows:

a)    Subject to Bankruptcy Court approval, the provisions of Article 12 of the Plan and paragraphs 7 and 8 of the Confirmation Order are modified to permit the Insured Persons to receive up to an additional $4,321,937.55 (beyond the $15 million permitted by the Third Order) in the aggregate for all Insured Persons combined under the Primary Insurance Policy and the Excess Policies (the "Stipulated Payment Amount") for any past, present or future Defense Costs (as defined in the Primary Insurance Policy) incurred or to be incurred by any Insured Person in connection with the Actions, the Utah Retirement Action, the SEC Action, the Mass Mutual Action, or Other Actions.

b)    Except with respect to the lifting of the Plan Stay pursuant to paragraph a) hereof, the Parties reserve all rights, including but not limited to asserting that the proceeds of the Insurance Policies are, or are not, property of the Plan Trust. The advance of Defense Costs up to the Stipulated Payment Amount shall be without prejudice to the (i) right of each of the Insured Persons to request, from the Bankruptcy Court or otherwise, in accordance with the terms of the Insurance Policies, the advance of additional Defense Costs in excess of the Stipulated Payment Amount, and the payment of all other elements of covered loss to which each of the Insured Persons is entitled up to the full limit of liability under the Insurance Policies; and (ii) right of the Plan Trust to oppose

any such request.

c)    Following the approval of this Stipulation by the Bankruptcy Court, counsel for the Insured Persons whose fees and costs are actually paid by the Insurers with regard to the Actions or Other Actions shall, within 30 days following the final day of January of this year, and then within 30 days following the final day of each of March, June, September and December deliver to counsel for the Plan Trustee a statement setting forth the total aggregate amount of fees and costs actually paid by the Insurer pursuant to this Stipulation, identifying and providing a brief status of the Actions or Other Actions for which such fees and costs were advanced.

d)    This Stipulation is subject to and does not alter or amend the terms and/or conditions of any of the Insurance Policies or any reservations of rights under those policies, including, without limitation, any right to reimbursement of an advance from an Insured Person and any right by the Debtors to make claims under or to receive payment of loss under the Insurance Policies subject to the terms and conditions of the Insurance Policies.

e)    This Stipulation, and any disputes that may arise out of this Stipulation, shall be subject to the jurisdiction of the Bankruptcy Court.

f)    This Stipulation shall be interpreted in accordance with the laws of the State of Delaware, without regard to any conflicts of laws principles.

g)    This Stipulation may be executed in any number of counterparts and by

facsimile or electronic transmission, each of which shall be an original, with the same effect as if the signatures hereto were upon the same document.

STIPULATED AND AGREED:

Dated: _April 24, 2012_

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_[signature]_

James L. Patton, Jr. (No. 2202)
Pauline K. Morgan (No. 3650)
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Tel:  (302) 571-6600
Fax:  (302) 571-1253

and

HAHN & HESSEN, LLP
Mark S. Indelicato
Mark T. Power
Edward L. Schnitzer
488 Madison Avenue
New York, NY  10022
Telephone:  (212) 478-7200
Facsimile:  (212) 478-7400

_Co-Counsel for the Plan Trustee_

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*

MORRISON & FOERSTER

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*

LANKLER SIFFERT & WOHL

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*

MORRISON & FOERSTER

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*

LANKLER SIFFERT & WOHL

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

SIMPSON THACHER & BARTLETT LLP

Paul C. Curnin
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Michael Strauss*


MORRISON & FOERSTER

Jack C. Auspitz
Larry Gerschwer
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8046
Facsimile: (212) 468-7900

*Counsel for Stephen Hozie*


LANKLER SIFFERT & WOHL LLP

Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Robert Bernstein*

PARK & JENSEN LLP

_____

Tai H. Park
630 Third Avenue
New York, New York 10017
Telephone: (646) 200-6300
Facsimile:  (646) 200-6301

*Counsel for Rebecca Brichta, Mary Feder, Dawn
Greenbaum, and Nicholas Parrinelli*


WILLKIE FARR & GALLAGHER LLP


_____

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*


ALLEN & OVERY LLP


_____

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for Nicholas R. Marfino,
Michael A. McManus, Jr., C. Cathleen
Raffaeli, Kristian R. Salovaara,
Kenneth P. Slosser, and Irving J. Thau*

PARK & JENSEN LLP

Tai H. Park
369 Lexington Avenue
New York, New York 10017
Telephone: (212) 661 3966
Facsimile: (212) _____

*Counsel for Rebecca Brichta, Mary Feder, Dawn*
*Greenbaum, and Nicholas Parrinelli*

WILLKIE FARR & GALLAGHER LLP

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*

ALLEN & OVERY LLP

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for Nicholas R. Marfino,*
*Michael A. McManus, Jr., C. Cathleen*
*Raffaeli, Kristian R. Salovaara,*
*Kenneth P. Slosser, and Irving J. Thau*

PARK & JENSEN LLP

_____

Tai H. Park
369 Lexington Avenue
New York, New York 10017
Telephone: (212) 661 3966
Facsimile: (212) _____

*Counsel for Rebecca Brichta, Mary Feder, Dawn*
*Greenbaum, and Nicholas Parrinelli*


WILLKIE FARR & GALLAGHER LLP

_____

Mei Lin Kwan-Gett
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Richard Loeffler*


ALLEN & OVERY LLP

_____

Pamela Rogers Chepiga
Patricia M. Hynes
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363

*Counsel for Nicholas R. Marfino,*
*Michael A. McManus, Jr., C. Cathleen*
*Raffaeli, Kristian R. Salovaara,*
*Kenneth P. Slosser, and Irving J. Thau*

GIBSON, DUNN & CRUTCHER LLP

~~Wesley G. Howell~~
Marshall R. King
~~Kenneth Juan Figueroa~~
200 Park Avenue
New York, New York  10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

*Attorneys for John A. Johnston*

NO OBJECTION:

Chartis Insurance o/b/o National Union
and Illinois National Insurance Companies

By: _____

Zurich American Insurance Company

By: _____