IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x

In re:                                                                                                : Chapter 11
                                                                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                  : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                                    :
                                                                                                          : Jointly Administered
          Debtors.                                                                                :
                                                                                                          : **Ref. Docket No. 10429**
-------------------------------------------------------------------- x

**PLAN TRUST'S OBJECTION TO MOTION FOR EXTENSION OF
TIME FOR FILING OPPOSITION AND REPLY TO PLAN TRUST'S
DOCKET NO. 10410 AND 10411 AND MOTION TO FILE AMENDED
POST TRIAL REPLY AND MOTION TO STRIKE OUT OF TIME**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of

February 18, 2009 (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors (the "Debtors"), hereby objects (the "Objection") to *Plan Trust's Objection to Motion for*

*Extension of Time for Filing Opposition and Reply to Plan Trust's Docket No. 10410 and 10411*

*and Motion to File Amended Post Trial Reply and Motion to Strike Out of Time* (the "Motion").

In support of this Objection, the Plan Trustee respectfully represents as follows:

By his Motion, Mr. Kareem requests an extension of time to respond to the *Plan*

*Trust's Motion to Strike (I) Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan*

*Trustee's Omnibus Objections, (II) Amended Claimant's Post Trial Brief Reply to Plan Trust's*

*Answer and Plan Trustee's Omnibus Objections, and (III) to the Exhibits Attached Thereto* [D.I.

10411] (the "PT Motion to Strike"). Mr. Kareem has represented that the basis of his request is

to allow Mr. Kareem sufficient time to compete an application for the "Independent Foreclosure

Review" for his affected properties. As set forth more fully below, the Plan Trust opposes his

request because, among other things (i) Mr. Kareem has already failed to meet the deadlines in

the Scheduling Order and the Plan Trust does not wish to further delay decision on this matter,

(ii) it appears that the April 30th deadline for applications for the Independent Foreclosure

Review has been extended to July 31st, and (iii) based on the evidence before this Court, Mr.

Kareem does not have any property that would be eligible for the Independent Foreclosure

Review.  To the extent that Mr. Kareem's other properties are deemed eligible, the Plan Trust

may seek additional briefing to contest Mr. Kareem's claims on judicial estoppel grounds.

Additionally, the Motion and related Order appear to request that the Court

approve Mr. Kareem's late-filed pleadings that are subject to the PT Motion to Strike.  Mr.

Kareem, however, does not address (i) why his filings were late, (ii) why he could not make a

timely request for an extension, and (iii) why the late filings do not comply with the other terms

of the Scheduling Order.  Accordingly, the Plan Trustee opposes such relief.

### RELEVANT BACKGROUND

Mr. Kareem submitted two requests for administrative claims as well as multiple

proofs of claim.  Per these pleadings, Mr. Kareem requested immediate action, and the Court

initially scheduled an evidentiary hearing on October 7, 2011.  The Plan Trustee reached out to

Mr. Kareem and sought to resolve the matter and/or adjourn the October 7, 2011 hearing to

continue settlement discussions on a formal or informal basis.  Mr. Kareem rejected these offers

and provided that he intended to move forward.  Thereafter, shortly before the October 7th

hearing was to occur, Mr. Kareem requested his own adjournment which was granted and the

Court rescheduled the matter for November 18, 2011.

On November 18, 2011, the Court held a full trial on this matter.  At the

conclusion of the trial, requested post-trial briefing in lieu of argument.  (11/18/11 Tr. 171:10-

19) (Court requesting post-trial briefing and advising Mr. Kareem that such briefing was his chance to tell the Court what his legal argument is based on what happened at trial). The parties worked together, by e-mail, to agree on the terms of a scheduling order, which was ultimately entered by this Court on January 6, 2012 [D.I. 10306] (the "Scheduling Order").

Pursuant to the Scheduling Order, Mr. Kareem's brief in reply (the "Reply Brief") to the Plan Trustee's Answering Brief was to be filed on or before March 26, 2012 (the "Reply Deadline"), and any sur-reply, if necessary, was to be filed on or be April 9, 2012 (the "Sur-Reply Deadline").

Without contact with counsel to the Plan Trust or this Court, Mr. Kareem failed to meet the Reply Deadline. Instead, counsel first received a copy of the Reply Brief on April 3, 2012, over one week after the Reply Deadline. On the same day, the Court docketed the Reply Brief, as well as an Amended Reply Brief.

The Amended Reply Brief was not received by counsel to the Plan Trustee until April 5, 2012.

~~On April 9, 2012 (i.e., the Sur-Reply Deadline), the Plan Trust filed the PT Motion to Strike, which sought to strike the Reply Brief and Amended Reply Brief because they~~ were inexplicably late and failed to otherwise comply with the terms of the Court-approved Scheduling Order. The deadline to respond to the PT Motion to Strike is April 30, 2012 (*i.e.*, 21 days after the filing).

On April 9, 2012, the Plan Trustee served Mr. Kareem with the PT Motion to Strike by e-mail and overnight delivery. Copies of the e-mail correspondence and tracking confirmation are attached hereto as Exhibit A.

On April 11, 2012, following this Court's determination that a Clerk-scheduled hearing was unnecessary in the Kareem litigation, counsel to Plan Trustee advised Mr. Kareem that no hearing was going forward and reminded Mr. Kareem of the April 30, 2012 deadline to file his response to the PT Motion to Strike.

Mr. Kareem acknowledged receipt of the April 11, 2012 e-mail by further e-mail correspondence the same day.  Copies of both correspondences are attached hereto as Exhibit B.

On April 25, 2012, Mr. Kareem sought Plan Trustee consent to extend the April 30 deadline, the basis for which was to allow Mr. Kareem to apply for an Independent Foreclosure Review related to Mr. Kareem's other properties.  A copy of the e-mail is attached hereto as Exhibit C.

The following day, counsel to the Plan Trust advised Mr. Kareem that the Plan Trust did not consent to the continuance.  A copy of the e-mail is attached hereto as Exhibit D.

On April 27, 2012, Mr. Kareem provided the Plan Trust a copy of the Motion.

## OBJECTION

The Plan Trust opposes further extension of the deadlines in this matter.  Despite Mr. Kareem's initial request for immediate action by this Court (see D.I. 10148, p. 9) and previous denial of extension requested by the Plan Trust, Mr. Kareem has already sought and received consensual extensions related to the timing of the trial as well as the deadlines set forth in the Scheduling Order.  Most recently, Mr. Kareem has attempted to unilaterally extend his deadlines to file the Reply Brief and ignore the terms of the consensual and Court-approved Scheduling Order.  Now, as Mr. Kareem is required to explain such actions, he again seeks to delay in the matter.[1]

---

[1] Notably, Mr. Kareem asserts that additional time is necessary to research the "mailbox rule," however, as evidenced by exhibits to the PT Motion to Strike, Mr. Kareem did not mail the late filings as of the Reply Deadline.

Additionally, the basis for the extension – that Mr. Kareem must file an application for the Independent Foreclosure Review on or before April 30, 2012 - appears to be without merit because the deadlines for filing such applications have been extended to July 31, 2012. *See* Website of Board of Governors of the Federal Reserve System, http://www.federalreserve.gov/consumerinfo/ independent-foreclosure-review.htm (footnote 1 stating that the deadline has been extended from April 30, 2012 to July 31, 2012); Independent Foreclosure Review website, https://independentforeclosurereview.com/ (stating that the deadline for all Requests for Review Forms must be submitted no later July 31, 2012); and Website of the Office of the Comptroller of the Currency, http://www.occ.gov/topics/consumer-protection/foreclosure-prevention/correcting-foreclosure-practices.html (stating that requests for review must be received by July 31, 2012). Copies of the websites are attached hereto as Exhibit F.

Moreover, based on the evidence before this Court, Mr. Kareem does not have any property that would be eligible for the Independent Foreclosure Review. Pursuant to the websites attached hereto, to be eligible for the Independent Foreclosure Review, among other things, the subject mortgage loan (i) must be secured by the party's primary residence and (ii) serviced by one of the participating servicers. However, the evidence before this Court is that Mr. Kareem's home is located at 2197 Carlyle Creek Drive, Lawrenceville, GA (the "Lawrenceville Home") which is the property that is subject to this litigation (11/18/11 Tr. 55-56) and secured by a loan that is serviced by the purchaser of the Debtors' servicing business,

---

In fact, (i) his initial pleadings are dated the day after the Reply Deadline, (ii) includes new exhibits that are dated after the Reply Deadline, and (iii) the stamp on the service copy shows that Mr. Kareem did not mail the documents until March 29, 2012 (i.e., three days after the Reply Deadline). Moreover, Mr. Kareem has previously briefed the mailbox rule in connection with another litigation, wherein Mr. Kareem's case was dismissed for failure to meet the filing deadlines and his motion for reconsideration under Fed. R. 59(e) was denied for failure to meet the filing deadline. See Kareem v. FDIC, Case No. 09-1820, (D.D.C.) Docket Nos. 19, 27, 29, 30, 33, 39 (A copy of the Court's Order Denying Reconsideration is attached hereto as Exhibit G; additional docket items will be made available upon request). The case is currently on appeal.

American Home Mortgage Servicing Inc. ("AHMSI") (D.I. 10328 Br. 4).  AHMSI (not to be confused with America's Servicing Co.) is not a participating servicer.

Based on Mr. Kareem's e-mail to Plan Trust's counsel requesting continuance, Mr. Kareem intends to request an Independent Foreclosure Review for actions related to properties other than the Lawrenceville Home.  To be eligible for such request, Mr. Kareem must assert that such property is his primary residence.  Accordingly, by requesting this extension, Mr. Kareem is essentially admitting that the Lawrenceville Home is not his primary residence, which is directly inconsistent with the facts of this case and representations made to this Court.

Such a material change in fact raises substantial legal issues in this matter that would require additional briefing.  Specifically, issues of judicial estoppel are raised as well as the applicability of consumer-related statutes such as TILA and RESPA.  *See* 15 U.S.C. § 1603 (TILA is not applicable to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes...."); *see also* 12 C.F.R. Pt. 226, Supp. I, cmt. 226.3(a)-3 (The Federal Reserve Board, in its Official Staff Interpretations, has interpreted § 1603 to mean that "[c]redit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes."); *See* 12 U.S.C. § 2606(a)(1) (stating that RESPA does not apply to transactions involving extensions of credit "primarily for business, commercial, or agricultural purposes.").

For the foregoing reasons, the Plan Trustee requests that the Court deny the Motion and require Mr. Kareem's response to the PT Motion to Strike be filed on or before April 30, 2012.  In addition, the Plan Trustee requests an opportunity to brief issues relating to Mr. Kareem's representations that other properties are eligible for Independent Foreclosure Review as they are his primary residence.

Dated: April ___, 2012
Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

01:12052990.2

## Exhibit A

### E-mail and Tracking Confirmations

## Greecher, Margaret Whiteman

| | |
|---|---|
| **From:** | Laskin, Debbie |
| **Sent:** | Monday, April 09, 2012 4:16 PM |
| **To:** | lateefkareem@juno.com |
| **Cc:** | Greecher, Margaret Whiteman; Neiburg, Michael |
| **Subject:** | American Home Mortgage - |
| **Attachments:** | 10411 - Plan Trustee MOT to Strike Kareem's Post Trial Reply.pdf; 10410 - OBJ to Kareem Amended Motion to Strike.pdf |

Mr. Kareem,

Attached find the following as filed:

Docket No. 10410 - Objection to Amended Motion to Court for Final Oral Argument and Motion to Strike Certain Documents, Claims Numbered 10870, 10875 and 10887

Docket No. 10411 - Motion to Strike (I) Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections, (II) Amended Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan Trustee's Omnibus Objections, and (III) to the Exhibits Attached Thereto

Debbie E. Laskin
Paralegal/Bankruptcy Technology Specialist Young Conaway Stargatt & Taylor, LLP Rodney Square
1000 North King Street
Wilmington, DE 19801
P 302.571.6710
F 302.576.3377
Dlaskin@ycst.com

1

**Due to volume, attachments to the email are not included.**

**They are available upon request.**

DLASK
YOUNG CONAWAY STARGATT & TAYLOR, LLP
RODNEY SQUARE
1000 NORTH KING STREET
WILMINGTON, DELAWARE 19801

DLASK 531
66585.1001

Hussain Kareem
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
066585.1001/531

Fed Ex
Std. overnight

Ref: 66585.1001/0531   Date: 09Apr12
Dep:                   Wgt: 0.60 LBS
                       DV:          0.00
        SHIPPING:      11.77
        SPECIAL:        1.65
        HANDLING:       0.00
        TOTAL:         13.42
Svcs: STANDARD OVERNIGHT
TRCK: 9833 9305 4875

TV   4/9/2012

🖨 Print page | Close ⊗



## Detailed Results

| Tracking no.: 983393054875 | Select time format: **12H** |
|---|---|

### Delivered

Signed for by: Signature not required

| Shipment Dates | Destination |
|---|---|
| Ship date  Apr 9, 2012<br>Delivery date  Apr 10, 2012 12:02 PM | LAWRENCEVILLE, GA<br>Proof of Delivery |

### Shipment Options

**Hold at FedEx Location**
Hold at FedEx Location service is not available for this shipment.

### Shipment Facts

| Service type | Standard Envelope | Delivered to | Residence |
|---|---|---|---|
| Weight | 1.0 lbs/.5 kg | Reference | 66585.1001/0531 |

### Shipment Travel History

Select time zone: Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Apr 10, 2012 12:02 PM | Delivered | LAWRENCEVILLE, GA | Left at front door. Package delivered to recipient address - release authorized |
| Apr 10, 2012 7:54 AM | On FedEx vehicle for delivery | NORCROSS, GA | |
| Apr 10, 2012 7:38 AM | At local FedEx facility | NORCROSS, GA | |
| Apr 10, 2012 4:55 AM | At destination sort facility | ATLANTA, GA | |
| Apr 10, 2012 3:01 AM | Departed FedEx location | MEMPHIS, TN | |
| Apr 10, 2012 12:05 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Apr 9, 2012 8:50 PM | Left FedEx origin facility | NEW CASTLE, DE | |
| Apr 9, 2012 8:03 PM | Picked up | NEW CASTLE, DE | |
| Apr 9, 2012 7:00 PM | Shipment information sent to FedEx | | |

## Exhibit B

**April 11, 2012 Correspondences**

## Greecher, Margaret Whiteman

| | |
|---|---|
| **From:** | Greecher, Margaret Whiteman |
| **Sent:** | Wednesday, April 11, 2012 1:50 PM |
| **To:** | lateefkareem@juno.com |
| **Cc:** | Danielle_Gadson@deb.uscourts.gov |
| **Subject:** | AHM - Deadlines and Cancellation of Hearing |

Mr. Kareem –

The Court has requested that the Plan Trustee delay filing a Notice of Completion of Post-Trial Briefing until briefing on (i) your Amended Motion for Oral Argument and Motion to Strike and (ii) the Plan Trustee's Motion to Strike are completed (please note that your deadline to file an objection to the Plan Trustee's Motion to Strike is April 30th).  Once briefing is completed, the Plan Trustee will provide all pleadings to the Court for his review.

The Court has further advised that no hearing on either motion to strike is necessary at this time.  Once briefing is completed, the Court will review all the documents and, if the Court believes that oral argument on the post-trial briefing or argument on either motion to strike is necessary, the Court will contact the parties and set the matter for a hearing.  Please note that the Court may determine that no hearing is necessary and enter appropriate orders without further hearing.

Accordingly, while the Clerk's Office identified May 8th as a date for your motion to strike to be heard, this date is wrong.  Please do not make travel arrangements because nothing will be going forward at that time.  If you have any questions regarding this matter, you may contact me or the Court's Courtroom Deputy, Ms. Danielle Gadson.

Regards,
Maggie

Margaret Whiteman Greecher
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P 302.571.6753
F 302.576.3416
mgreecher@ycst.com

This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message.  Thank you for your cooperation.

## Greecher, Margaret Whiteman

**From:**       lateefkareem@juno.com
**Sent:**       Wednesday, April 11, 2012 7:49 PM
**To:**         Greecher, Margaret Whiteman
**Subject:**    Re: AHM - Deadlines and Cancellation of Hearing


Thank You, once again.

Peace,

Lateef

_____

53 Year Old Mom Looks 33
The Stunning Results of Her Wrinkle Trick Has Botox Doctors Worried
http://thirdpartyoffers.juno.com/TGL3141/4f86188b916743415aest04vuc

## Exhibit C

**April 25, 2012 Correspondence**

**Greecher, Margaret Whiteman**

| | |
|---|---|
| **From:** | lateefkareem@juno.com |
| **Sent:** | Wednesday, April 25, 2012 4:48 PM |
| **To:** | Greecher, Margaret Whiteman |
| **Cc:** | Danielle_Gadson@deb.uscourts.gov |
| **Subject:** | Re: AHM - Deadline for Objection due for April 30th: Extension of T      ime Requested |

Maggie,

I received your email dated April 11, 2012, in which I believe is related to the following subject matters:

1. My response or Objection to the Plan Trustee's Objection to My Motion Strike Certain Documents, including the Affidavit by Jose Colon filed in the Plan Trust's Reply Brief. My objection has been granted to be due on or before April 30th.

2. There will be no hearing as previously scheduled for May 8th, 2012 on related Motions to Strike by both parties.

I am confused in the way that I have received the recent Plan Trustee's replies. Some information is coming to me on different days mixed in with other case matters. Some of the documents are copied on both sides and not single sided. It would be helpful if, matters related specifically to the post trial brief or my claim is sent to me as one set of documents single sided.

For example, I have received Doc. No. 10410 Plan Trust's Objection to Amended Motion for the Court Final Oral Arugument, entered on 4/9/ 2012.

Then I recieved Doc No. 10411 entered 4/9/12 Plan Trust's Motion to Strike (I) Claimants Post Trial Brief Reply (II) Amended Claimant's Post Trial Brief Reply...(III)To The Exhibits Attached Thereto (sent doubled sided which is hard to read and follow the continuity).

Additionally, I have received the other documents before, on or about the same time as follows (excerpted for purposes of simplicity):

Doc No. 10360 entered 3/12/12 Plan Trust's Post-Trail Answer...

Doc. No. 10304 entered 1/6/11 Notice of Filing Redacted Confidential Exhibits.....

Doc. No. 10302 entered 1/6/11 Certification of Counsel Regarding Scheduling Regarding Post-trial Briefing....

Doc. No. 10303 entered 1/6/11 Certification of Counsel Regarding... Granting Authorization to File Exhibits to the Plan Trust's Omnibus Objection...

Doc No. 10227 entered 11/9/11 Notice of Correction in Plan Trust's Ominus Objection.... (I),(II) & (III)

Please certify that the above documents are the most recent docket entries by the Plan Trust, no other entries are missing from my possession. I want all documents sent to me that may be relevant to the Post Trial Brief.

Additionally, please send to me any filing that The Plan Trust has made against my claim, but is not shown above or may not be in my possession related to my cause of action. You may send those requested documents to me electronically. It would be helpful to indicate the date of entry and docket number as I have done above. The Docket Report is rather confusing to manage and to find or interpret, as their are so many Plan Trust's filings unrelated to my cause of action or claim.

Notwithstanding the above concerns, as you may recall, I am facing other judicial and administrative deadlines. More pressing is the National Deadline set for April 30th by the Independent Foreclosure Review. My properties are affected and requires a submission on my part. This requires my response into the Administrator, who is acting on authority of the Office of the Comptroller of Currency on actions related to WAMU, MERS, Citibank and others. I would appreciate your cooperation for an extension of time to respond to The Plan Trust's recent Motions entered on April 9th, Doc. No.(s)10410 and 10411, respectively, rescheduled and set due by May 10th, 2012.

Please inform me (by April 26th) immediately of your approval or opposition, so that, I may simultaneously inform Ms. Danielle Gadson of our pending Stipulated Agreement on the extension to file my response by the above new date, May 10th, 2012.  I believe that would give you time to send over electronic copies along with the notations with respect to the date of entry and docket number. If this is opposed by you, then I would be compelled to file a motion for an extension of time. However, I believe we have come to a reasonable resolutions in the past.

My new number is ████████ . My number changed about six weeks ago. But I do want for us to stay in touch.

With all due respect,
Hussain Kareem

 Thank You in advance for your consideration.

---

57 Year Old Looks 27
Local Woman Reveals Wrinkle Secret That Has Doctors Angry.
http://thirdpartyoffers.juno.com/TGL3141/4f98635aadfb994cc9st01vuc

## Exhibit D

**April 26, 2012 Correspondence**

**Greecher, Margaret Whiteman**

| | |
|---|---|
| From: | Greecher, Margaret Whiteman |
| Sent: | Thursday, April 26, 2012 11:32 AM |
| To: | 'lateefkareem@juno.com' |
| Cc: | Danielle_Gadson@deb.uscourts.gov |
| Subject: | RE: AHM - Deadline for Objection due for April 30th: Extension of Time Requested |

Mr. Kareem –

Your email addresses many items, which I will attempt to respond to in turn.

First, post-trial briefing is complete. The only remaining item is the response deadline to the Plan Trust's Motion to Strike Certain Documents because, among other things, you inexplicably missed the deadline to file your Reply Brief and inappropriately sought to introduce new evidence in your Reply Brief. The deadline to file this response is April 30, which you were advised of through service of the document by e-mail and overnight mail on April 9 (the date the Motion was filed), and again by email on April 11. You are correct that no hearing will take place on May 8th with respect to any Motion to Strike. As I stated in my April 11 email, you do not need to attend the May 8th hearing. To the extent that the Court wishes to have argument on these matters, the Court will advise both parties, but the Court may enter orders on all matters without further hearing.

Second, given that the deadlines in this matter have already moved passed the deadlines set forth in the Scheduling Order, and that a review of the relevant government sites appear to indicate that the deadline to file an application for an Independent Foreclosure Review was extended from April 30 to July 31 (you would need to confirm whether this extension applies to you), the Plan Trustee opposes any extension in this matter. Moreover, a comparison between the facts and evidence before this Court and the eligibility requirements for the Independent Foreclosure Review appear to be inconsistent.

As a result, to the extent that you desire additional time to respond to the Plan Trust's Motion to Strike, you will need to seek an extension from the Court and identify what properties are subject to an Independent Foreclosure Review and how they meet the eligibility requirements, which include that the subject mortgage loan (i) must be secured by your primary residence (i.e., your home) and (ii) was serviced by one of the participating servicers.

Third, you have received all relevant documents filed by the Plan Trust immediately following their filing, which is consistent with Federal and local rules. Because items related to your case had various deadlines and occurred at various times, they were provided to you on various dates. It is your responsibility to maintain these documents and any relevant deadlines. To the extent that you would like to review the docket, you may do so for free at the website for the Debtors' claim agent, http://dm.epiq11.com/AHM/Docket. Whether documents are single or double sided are generally based on the volume of the document, and either method is acceptable for service purposes. Should you chose, you may print a document from the above website in the manner that you prefer.

Finally, I did receive your voicemail which was a follow-up to your email. I believe this response addresses all of the issues in your email, and thus, no response call is necessary. Please feel free to email me with any further concerns so that I may address them as promptly as possible.

Best,
Maggie

Margaret Whiteman Greecher

Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P 302.571.6753
F 302.576.3416
mgreecher@ycst.com


This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message.  Thank you for your cooperation.


-----Original Message-----
From: lateefkareem@juno.com [mailto:lateefkareem@juno.com]
Sent: Wednesday, April 25, 2012 4:48 PM
To: Greecher, Margaret Whiteman
Cc: Danielle_Gadson@deb.uscourts.gov
Subject: Re: AHM - Deadline for Objection due for April 30th: Extension of T ime Requested

Maggie,

I received your email dated April 11, 2012, in which I believe is related to the following subject matters:

1. My response or Objection to the Plan Trustee's Objection to My Motion Strike Certain Documents, including the Affidavit by Jose Colon filed in the Plan Trust's Reply Brief. My objection has been granted to be due on or before April 30th.

2. There will be no hearing as previously scheduled for May 8th, 2012 on related Motions to Strike by both parties.

I am confused in the way that I have received the recent Plan Trustee's replies. Some information is coming to me on different days mixed in with other case matters. Some of the documents are copied on both sides and not single sided. It would be helpful if, matters related specifically to the post trial brief or my claim is sent to me as one set of documents single sided.

For example, I have received Doc. No. 10410 Plan Trust's Objection to Amended Motion for the Court Final Oral Arugument, entered on 4/9/ 2012.

Then I recieved Doc No. 10411 entered 4/9/12 Plan Trust's  Motion to Strike (I)  Claimants Post Trial Brief Reply (II) Amended Claimant's Post Trial Brief Reply...(III)To The Exhibits Attached Thereto (sent doubled sided which is hard to read and follow the continuity).

Additionally, I have received the other documents before, on or about the same time as follows (excerpted for purposes of simplicity):


Doc No. 10360 entered 3/12/12 Plan Trust's Post-Trail Answer...

Doc. No. 10304 entered 1/6/11 Notice of Filing Redacted Confidential Exhibits.....

Doc. No. 10302 entered 1/6/11 Certification of Counsel Regarding Scheduling Regarding Post-trial Briefing....

Doc. No. 10303 entered 1/6/11 Certification of Counsel Regarding... Granting Authorization to File Exhibits to the Plan Trust's Omnibus Objection...

Doc No. 10227 entered 11/9/11 Notice of Correction in Plan Trust's Ominus Objection.... (I),(II) & (III)

Please certify that the above documents are the most recent docket entries by the Plan Trust, no other entries are missing from my possession. I want all documents sent to me that may be relevant to the Post Trial Brief.

Additionally, please send to me any filing that The Plan Trust has made against my claim, but is not shown above or may not be in my possession related to my cause of action. You may send those requested documents to me electronically. It would be helpful to indicate the date of entry and docket number as I have done above. The Docket Report is rather confusing to manage and to find or interpret, as their are so many Plan Trust's filings unrelated to my cause of action or claim.

Notwithstanding the above concerns, as you may recall, I am facing other judicial and administrative deadlines. More pressing is the National Deadline set for April 30th by the Independent Foreclosure Review. My properties are affected and requires a submission on my part. This requires my response into the Administrator, who is acting on authority of the Office of the Comptroller of Currency on actions related to WAMU, MERS, Citibank and others. I would appreciate your cooperation for an extension of time to respond to The Plan Trust's recent Motions entered on April 9th, Doc. No.(s)10410 and 10411, respectively, rescheduled and set due by May 10th, 2012.

Please inform me (by April 26th) immediately of your approval or opposition, so that, I may simultaneously inform Ms. Danielle Gadson of our pending Stipulated Agreement on the extension to file my response by the above new date, May 10th, 2012.  I believe that would give you time to send over electronic copies along with the notations with respect to the date of entry and docket number. If this is opposed by you, then I would be compelled to file a motion for an extension of time. However, I believe we have come to a reasonable resolutions in the past.

My new number is ~~■■■■■■~~. My number changed about six weeks ago. But I do want for us to stay in touch.

With all due respect,
Hussain Kareem

Thank You in advance for your consideration.

---

57 Year Old Looks 27
Local Woman Reveals Wrinkle Secret That Has Doctors Angry.
http://thirdpartyoffers.juno.com/TGL3141/4f98635aadfb994cc9st01vuc

## Exhibit E

**Copy of Kareem Motion to Extend Deadlines**

**OMITTED**

## Exhibit F

**Governmental Websites Regarding Independent Foreclosure Review**

What's New · What's Next · Site Map · A-Z Index · Careers · RSS · All Videos · Current FAQs

Search | Advanced Search

## Board of Governors of the Federal Reserve System

| About the Fed | News & Events | Monetary Policy | Banking Information & Regulation | Payment Systems | Economic Research & Data | Consumer Information | Community Development | Reporting Forms | Publications |



WHAT YOU NEED TO KNOW:
# Independent Foreclosure Review

## Background

The Federal Reserve Board issued enforcement actions against four large mortgage servicers --GMAC Mortgage, HSBC Finance Corporation, SunTrust Mortgage, and EMC Mortgage Corporation--in April 2011. Under those actions, the four servicers were required to retain independent consultants to review foreclosures that were initiated, pending, or completed during 2009 or 2010. The review is intended to determine if borrowers suffered financial harm directly resulting from errors, misrepresentations, or other deficiencies that may have occurred during the foreclosure process. The servicers are required to compensate borrowers for financial injury resulting from deficiencies in their foreclosure processes.

If you had a mortgage loan on your primary residence and believe you were financially harmed during the mortgage foreclosure process by any of the four servicers in 2009 or 2010, you can request an independent review and potentially receive compensation. The four servicers are required to make the independent reviews available to borrowers as part of their compliance with the April 2011 enforcement actions.

A number of servicers supervised by the Office of the Comptroller of the Currency (OCC) are also required to conduct independent reviews. (See below for the full list of servicers.)

## Eligibility for Review

Borrowers are eligible for an independent foreclosure review if they meet the following criteria:

the property securing the loan was the borrower's primary residence;

the mortgage was in the foreclosure process (initiated, pending, or completed) at any time between January 1, 2009, and December 31, 2010; and

the mortgage was serviced by one of the following mortgage servicers:

| America's Servicing Company | Countrywide | National City Mortgage |
| Aurora Loan Services | EMC Mortgage Corporation | PNC Mortgage |
| BAC Home Loans Servicing | EverBank/EverHome Mortgage Company | Sovereign Bank |
| Bank of America | Financial Freedom | SunTrust Mortgage |
| Beneficial | GMAC Mortgage | U.S. Bank |
| Chase | HFC | Wachovia Mortgage |
| Citibank | HSBC | Washington Mutual (WaMu) |
| CitiFinancial | IndyMac Mortgage Services | Wells Fargo Bank, N.A. |
| CitiMortgage | MetLife Bank | Wilshire Credit Corporation |

If you previously filed a complaint with these servicers about foreclosures pending during the review period, you may still seek an independent review of your foreclosure.

There are no costs associated with being included in the review; the review is a free program. Beware of anyone who wants payment to assist you in connection with the independent foreclosure review or any other foreclosure assistance program.

## Review Process

Information about the review process, including how to request an independent review, was mailed to potentially eligible borrowers in November and December 2011. If you believe that you meet the three criteria but have not received a mailing, call 888-952-9105, Monday through Friday from 8 a.m. to 10 p.m. (ET), and Saturday from 8 a.m. to 5 p.m. (ET). Individuals can also get more information about the review through a website set up by the servicers, www.IndependentForeclosureReview.com. A list of Frequently Asked Questions and Answers are available on the website.

Individuals will be sent an acknowledgement letter from the review administrator within one week after their request for an independent review is received. Individuals will be notified in writing of the results of the review. Because the review process will be a thorough and complete examination of many details and documents, it could take several months to complete the review.

### Useful terms...

**mortgage loan**
A loan that uses your property as collateral to guarantee repayment.

**Download PDF**

◇ **Webinar for Counselors**

### Other resources...

Bank Accounts and Services
Credit Cards
Identity Theft
Leasing
Mortgages
Personal Finance
Federal Agency Contacts

### More of this series...
WHAT YOU NEED TO KNOW:

New Credit Card Rules Effective Aug. 22
New Credit Card Rules Effective Feb. 22
New Overdraft Rules for Debit and ATM Cards
New Rules about Credit Decisions and Notices
New Rules for Gift Cards
New Rules for Mortgage Transfers





Rust Consulting was selected and hired by the servicers to serve as the central administrator of the independent foreclosure review. Rust Consulting will notify borrowers, receive requests for a review, and respond to questions about the independent foreclosure review process.

## Deadline to Request a Review

Requests for review by the servicers' independent consultants must be received by **July 31, 2012.**[1]  Borrowers are encouraged to carefully consider the information about the review program to determine if they are eligible to participate.

## Federal Reserve's Role

The Federal Reserve's role is to ensure compliance with the enforcement actions issued in April 2011. As required by those actions, independent consultants will conduct the reviews of foreclosures and determine whether errors, misrepresentations, or other deficiencies resulted in financial injury. The Federal Reserve will monitor the independent foreclosure review process and the servicer's outreach efforts.

1. The original deadline to request a review, April 30, 2012, has been extended to July 31, 2012. *See* Federal Reserve Board and OCC announce deadline to request review under the Independent Foreclosure Review extended to July 31. Return to text

## Related Links

Federal Reserve Board releases action plans for supervised financial institutions to correct deficiencies in residential mortgage loan servicing and foreclosure processing

Federal Reserve Board releases action plans for three supervised financial institutions to correct deficiencies in residential mortgage loan servicing and foreclosure processing

Federal Reserve Board and OCC announce deadline to request review under the Independent Foreclosure Review extended to July 31

Federal Reserve Board announces that borrowers from four mortgage servicers can request an independent review and potentially receive compensation

Interagency Review of Foreclosure Policies and Practices

OCC's Correcting Foreclosure Practices

**Last update: April 5, 2012**
Home | Consumer Information
Accessibility   Contact us   Disclaimer ☒ Linking Policy   FOIA            PDF Reader ☒

# Independent Foreclosure Review

## In foreclosure in 2009 or 2010?
## You may be eligible for compensation or other remedy.

If your primary residence was involved in a foreclosure process between January 1, 2009 and December 31, 2010, you may qualify for a free Independent Foreclosure Review.

The Independent Foreclosure Review will determine whether individual borrowers suffered financial injury and should receive compensation or other remedy because of errors or other problems during their home foreclosure process.

If you believe you are eligible to participate in the program, you may complete and submit a Request for Review Form. It is important that you complete the form to the best of your ability; all information you provide can be useful.

**All Requests for Review Forms must be submitted online or postmarked no later than July 31, 2012.**



## Submit a Request for Review Form online. Get started now!

① Check your eligibility → ② Complete the Request for Review Complaint Form → ③ Submit your completed form and print a copy for your records

**You must have been a customer of one of the mortgage servicers listed below.**
**Select your mortgage servicer: (Not sure who your servicer is?)**

| | | |
|---|---|---|
| America's Servicing Co. | Countrywide | National City Mortgage |
| Aurora Loan Services | EMC | PNC Mortgage |
| BAC Home Loans Servicing | EverBank/EverHome Mortgage Company | Sovereign Bank |
| Bank of America | Financial Freedom | SunTrust Mortgage |
| Beneficial | GMAC Mortgage | U.S. Bank |
| Chase | HFC | Wachovia |
| Citibank | HSBC | Washington Mutual |
| CitiFinancial | IndyMac Mortgage Services | Wells Fargo |
| CitiMortgage | MetLife Bank | Wilshire Credit Corporation |

### THE INDEPENDENT FORECLOSURE REVIEW IS FREE.
Watch out for scams—there is only one Independent Foreclosure Review.
Beware of anyone who asks you to pay a fee for any foreclosure review service, such as completing the Request for Review Form.

**For help completing the form or to have questions answered, call 1-888-952-9105.**
Monday through Friday, 8 am - 10 pm ET
Saturday, 8 am - 5 pm ET

Llame al 1-888-952-9105 para hablar con un representante que le podrá brindar gratuitamente traducciones de la información que le envió la Revisión Independiente de la Ejecución Hipotecaria y responder a sus preguntas acerca de la Revisión Independiente de la Ejecución Hipotecaria o completar el Formulario de Solicitud de Revisión.

The Independent Foreclosure Review is monitored by federal bank regulators, the Office of the Comptroller of the Currency and the Board of Governors of the Federal Reserve System, to ensure a fair and impartial process.

Assistance is available in over 200 languages, including: Chinese, Korean, Vietnamese, Tagalog, Hmong and Russian.

提供中文幫助。                Trợ giúp hiện có bằng tiếng Việt.              Peb muaj cov neeg hais lus Hmoob pab nej.

한국어 도움을 제공합니다.        Available ang tulong sa wikang Tagalog.        Помощь на русском языке.

For additional information, visit the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Prevent Loan Scams, or the Loan Scam Alert websites.

Esta información es precisa a la fecha de impresión y está sujeta a cambios sin previo aviso.
This information is accurate as of the date of printing and is subject to change without notice.

| Frequently Asked Questions | Preguntas más frecuentes | Privacy Policy | PDF Reader |

# Independent Foreclosure Review

## Frequently asked questions and answers

### Q1. What is the Independent Foreclosure Review?

As part of a consent order with federal bank regulators, the Office of the Comptroller of the Currency (OCC), the Office of Thrift Supervision (OTS) (independent bureaus of the U.S. Department of the Treasury), and the Board of Governors of the Federal Reserve System, fourteen mortgage servicers and their affiliates are identifying customers who were part of a foreclosure action on their primary residence during the period of January 1, 2009 to December 31, 2010.

The Independent Foreclosure Review is providing homeowners the opportunity to request an independent review of their foreclosure process. If the review finds that financial injury occurred because of errors or other problems during their home foreclosure process, the customer may receive compensation or other remedy.

### Q2. What is a foreclosure action? What foreclosure actions are part of the Independent Foreclosure Review?

Foreclosure actions include any of the following occurrences on a primary residence between the dates of January 1, 2009 and December 31, 2010:

- The property was sold due to a foreclosure judgment.
- The mortgage loan was referred into the foreclosure process but was removed from the process because payments were brought up-to-date or the borrower entered a payment plan or modification program.
- The mortgage loan was referred into the foreclosure process, but the home was sold or the borrower participated in a short sale or chose a deed-in-lieu or other program to avoid foreclosure.
- The mortgage loan was referred into the foreclosure process and remains delinquent but the foreclosure sale has not yet taken place.

### Q3. How do I know if I am eligible for the Independent Foreclosure Review?

Your loan must first meet the following initial eligibility criteria:

- Your mortgage loan was serviced by one of the participating mortgage servicers in Question 4.
- Your mortgage loan was active in the foreclosure process between January 1, 2009 and December 31, 2010.
- The property was your primary residence.

If your mortgage loan does not meet the initial eligibility criteria outlined above, you can still have your mortgage concerns considered by calling or writing your servicer directly.

### Q4. Who are the participating servicers? What mortgage servicers and their affiliates are part of the Independent Foreclosure Review process?

The list of participating servicers includes:

America's Servicing Co.
Aurora Loan Services
BAC Home Loans Servicing
Bank of America
Beneficial

Chase
Citibank
CitiFinancial
CitiMortgage
Countrywide
EMC
EverBank/EverHome Mortgage Company
Financial Freedom
GMAC Mortgage
HFC
HSBC
IndyMac Mortgage Services
MetLife Bank
National City Mortgage
PNC Mortgage
Sovereign Bank
SunTrust Mortgage
U.S. Bank
Wachovia Mortgage
Washington Mutual (WaMu)
Wells Fargo Bank, N.A.
Wilshire Credit Corporation

## Q5. What are some examples of financial injury due to errors, misrepresentations or other deficiencies in the foreclosure process?

Listed below are examples of situations that may have led to financial injury. This list does not include all situations.

- The mortgage balance amount at the time of the foreclosure action was more than you actually owed.
- You were doing everything the modification agreement required, but the foreclosure sale still happened.
- The foreclosure action occurred while you were protected by bankruptcy.
- You requested assistance/modification, submitted complete documents on time, and were waiting for a decision when the foreclosure sale occurred.
- Fees charged or mortgage payments were inaccurately calculated, processed, or applied.
- The foreclosure action occurred on a mortgage that was obtained before active duty military service began and while on active duty, or within 9 months after the active duty ended and the servicemember did not waive his/her rights under the Servicemembers Civil Relief Act.

## Q6. How does my mortgage loan get reviewed as part of the Independent Foreclosure Review?

Homeowners meeting the initial eligibility criteria will be mailed notification letters with an enclosed Request for Review Form before the end of 2011.

If you believe that you may have been financially injured, you must submit a Request for Review Form postmarked no later than **July 31, 2012**. Forms postmarked after this date will not be eligible for the Independent Foreclosure Review.

If you have more than one mortgage account that meets the initial eligibility criteria for an independent review, you will receive a separate letter for each. You will need to submit a separate Request for Review Form for each account. It is important that you complete the form to the best of your ability. All information you provide may be useful.

## Q7. How can I submit the Request for Review Form?

Homeowners meeting the initial eligibility criteria will be mailed notification letters with an enclosed Request for Review Form before the end of 2011. If you received the notification letter, you can send in your Request for Review Form in the prepaid envelope provided, postmarked no later than **July 31, 2012**.

If your loan is part of the initial eligible population and you need a new form by mail, have questions, or need help completing the form you have received in the mail, call 1-888-952-9105, Monday through Friday, 8 a.m.–10 p.m. ET or Saturday, 8 a.m.–5 p.m. ET.

## Q8. Who can submit or sign the Request for Review Form?

Either the borrower or a co-borrower of the mortgage loan can submit and sign the form. The borrower signing the Request for Review Form should be authorized by all borrowers to proceed with the request for review. In the event of a finding of financial injury, any possible compensation or remedy will take into consideration all borrowers listed on the loan, either directly or to their trusts or estates.

## Q9. What if one of the borrowers has died or is injured or debilitated?

Any borrower, co-borrower or attorney-in-fact can sign the form. In the event of a finding of financial injury, any possible compensation or other remedy will take into account all borrowers listed on the mortgage loan either directly or to their trusts or estates.

## Q10. Do I need an attorney to request or submit the Request for Review Form?

No. However, if your mortgage loan meets the initial eligibility criteria and you are currently represented by an attorney with respect to a foreclosure or bankruptcy case regarding your mortgage; please refer to your attorney.

The Independent Foreclosure Review is free. Beware of anyone who asks you to pay a fee in exchange for a service to complete the Request for Review Form.

## Q11. If I have already submitted a complaint to my servicer, do I need to submit a separate Request for Review Form to participate in this process?

If your mortgage loan meets the initial eligibility criteria, you should submit a Request for Review Form to ensure your foreclosure action is included in the Independent Foreclosure Review process.

## Q12. What happens during the review process?

You will be sent an acknowledgement letter within one week after your Request for Review Form is received by the independent review administrator. Your request will be reviewed for inclusion in the Independent Foreclosure Review. If your request meets the eligibility requirements, it will be reviewed by an independent consultant.

Your servicer will provide relevant documents along with any findings and recommendations related to your request for review to the independent consultant for review. Your servicer may be asked to clarify or confirm facts and disclose reasons for events that occurred related to the foreclosure process. You could be asked to provide additional information or documentation. Because the review process will be a thorough and complete examination of many details and documents, the review could take several months.

The Independent Foreclosure Review will determine whether financial injury has occurred as a result of errors, misrepresentations or other deficiencies in the foreclosure process. You will receive a letter with the findings of the review and information about possible compensation or other remedy.

### Q13. How do I know who my servicer is? How do I find them?

The company you sent your monthly mortgage payments to is your mortgage servicer. It is not necessarily the company whose name is on the actual foreclosure documents (although in most cases, it is). If you don't remember the name of the servicer for your foreclosed property, we suggest you review cancelled checks, bank statements, online statements or other records for this information.

If you are still unsure of who your mortgage servicer is or do not see their name listed in Q4, please call 1-888-952-9105, Monday through Friday, 8 a.m.–10 p.m. ET or Saturday, 8 a.m.–5 p.m. ET.

### Q14. If I request an Independent Foreclosure Review, is there a cost or will there be a negative impact to my credit?

The Independent Foreclosure Review is a free program. Beware of anyone who asks you to pay a fee in exchange for a service to complete the Request for Review Form.

The review will not have an impact on your credit report or any other options you may pursue related to your foreclosure.

### Q15. Where can I call if I need help completing the form or have any questions about the review process?

Call 1-888-952-9105 Monday through Friday, 8 a.m.–10 p.m. ET or Saturday, 8 a.m.–5 p.m. ET. If you have already submitted a Request for Review Form, please have your Reference Number available to expedite your call.

### Q16. How are military servicemembers affected by the Independent Foreclosure Review?

In the review, servicers are required to include all loans covered by the Servicemembers Civil Relief Act that meet the qualifying criteria. However, servicemembers or co-borrowers may also request a review through this process. Financial injury may have occurred if the foreclosure action occurred on a mortgage that was obtained before active duty military service began and while on active duty, or within 9 months after the active duty ended.

### Q17. How am I affected if I submit a Request for Review Form while in active bankruptcy?

If you submit a Request for Review Form and a review is conducted of your foreclosure process, this will have no impact on your bankruptcy. The letter being sent to you about the Independent Foreclosure Review is not an attempt to collect a debt. If you are in bankruptcy, please refer this letter to your attorney.

### Q18. I'm still working with my servicer to prevent a foreclosure sale. Will I still be able to work with them?

Yes, continue to work with your servicer. Participating in the review will not impact any effort to prevent a foreclosure sale. The review is not intended to replace current active efforts with your servicer.

### Q19. How long will the review process take and when can I expect a response?

You will be sent an acknowledgement letter within one week after your Request for Review Form is received by the independent review administrator. Because the review process will examine many details and documents, the review could take several months. The Independent Foreclosure Review will determine if financial injury occurred because of errors or other problems during the home foreclosure process. You will

receive a letter with the findings of the review and information about possible compensation or other remedy. Not every finding will result in compensation or other remedy.

### Q20. What happens if the review finds that I was financially injured as a result of errors, misrepresentations or other deficiencies in the foreclosure process?

You will receive a letter with the findings of the review and information about possible compensation or other remedy. The compensation or other remedy you may receive will be determined by your specific situation. Not every finding will result in compensation or other remedy.

### Q21. What happens if the review finds that I was not financially injured as a result of errors, misrepresentations or other deficiencies in the foreclosure process?

You will receive a letter with the findings of the review. Not every finding will result in compensation or other remedy.

### Q22. What if I disagree with the eligibility requirements or the result of the Independent Foreclosure Review?

The decision of the review is considered final and there is no further recourse within the Independent Foreclosure Review process. The Independent Foreclosure Review will not have an impact on any other options you may pursue related to the foreclosure process of your mortgage loan.

### Q23. Does filing a Request for Review Form prevent me from filing other litigation or action against the servicer?

No. Submitting a request for an Independent Foreclosure Review will not preclude you from any other options you may pursue related to your foreclosure.

### Q24. How do I know this is legitimate?

For additional information, visit the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Prevent Loan Scams, or the Loan Scam Alert websites.

The Independent Foreclosure Review is free. Watch out for scams—there is only one Independent Foreclosure Review. Beware of anyone who asks you to pay a fee for any foreclosure review service, such as completing the Request for Review Form.

### Q25. Who is Rust Consulting?

Rust Consulting serves as the central administrator of the Independent Foreclosure Review. The firm has been hired to notify customers and receive Request for Review Forms. Rust will also respond to questions about the Independent Foreclosure Review.

### Q26. List of supported browsers

- Internet Explorer v7.0+ (download: Windows)
- Google Chrome v13+ (download: Windows Mac Linux)
- Firefox v3.6+ (download: Windows Mac Linux)
- Safari v4.0+ (download: Mac Windows)

Comptroller of the Currency
Administrator of National Banks
US Department of the Treasury

**Correcting Foreclosure Practices**

*Updated February 15, 2012*

On April 13, 2011, the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, and the Office of Thrift Supervision announced enforcement actions against 14 large residential mortgage servicers and two third-party vendors for unsafe and unsound practices related to residential mortgage servicing and foreclosure processing.

**Independent Foreclosure Review**

As part of those consent orders, federal regulators required servicers to engage independent firms to conduct a multi-faceted review of foreclosure actions in process in 2009 and 2010. Under the orders, independent consultants are charged with evaluating whether borrowers suffered financial injury through errors, misrepresentations, or other deficiencies in foreclosure practices and determining appropriate remediation for those customers. Where a borrower suffered financial injury as a result of such practices, the agencies' orders require financial remediation to be provided.

As part of that program, the 14 mortgage servicers covered by the enforcement actions will begin mailings November 1, 2011 that will continue through the end of the year. The mailings are intended to provide information to potentially eligible borrowers on how to request a review of their case if they believe they suffered financial injury as a result of errors, misrepresentations, or other deficiencies in foreclosure proceedings related to their primary residence between January 1, 2009 and December 31, 2010. The mailings will include a request for review form.

Borrowers may also visit **www.IndependentForeclosureReview.com** [http://www.independentforeclosurereview.com] for more information about the review and claim process. Assistance with the form and answers to questions about the process are available at **1-888-952-9105**, Monday through Friday from 8 a.m. to 10 p.m. (ET) and Saturday from 8 a.m. to 5 p.m. (ET).

Requests for review must be received by **July 31, 2012.**

The third-party consultant will assess whether any errors, misrepresentations, or other deficiencies resulted in financial injury to borrowers. Where a borrower suffered financial injury as a result of such practices, the consent orders require remediation to be provided. During the review, customers may be contacted by mortgage servicers for additional information at the direction of the independent consultant.

**Eligibility for Review**

To be eligible, the mortgage must have been active in the foreclosure process between January 1, 2009, and December 31, 2010, the property securing the loan must have been the primary residence, and the mortgage must have been serviced by one of the following mortgage servicers:

| | | |
|---|---|---|
| • America's Servicing Co. | • EMC | • PNC Mortgage |
| • Aurora Loan Services | • EverBank/EverHome Mortgage Company | • Sovereign Bank |
| • BAC Home Loans Servicing | • Financial Freedom | • SunTrust Mortgage |
| • Bank of America | • GMAC Mortgage | • U.S. Bank |
| • Beneficial | • HFC | • Wachovia Mortgage |
| • Chase | • HSBC | • Washington Mutual (WaMu) |
| • Citibank | • IndyMac Mortgage Services | • Wells Fargo Bank, N.A. |
| • CitiFinancial | • MetLife Bank | • Wilshire Credit Corporation |
| • CitiMortgage | • National City Mortgage | |
| • Countrywide | | |

**Engagement Letters**

The OCC also released engagement letters that describe how the independent consultants, retained by the servicers, will conduct their file reviews and claims processes to identify borrowers who suffered financial injury as a result of deficiencies identified in the OCC's consent orders. See the engagement letters.

**Interim Report**

The report, "Interim Status Report: Foreclosure-Related Consent Orders," summarizes progress on activities related to the independent foreclosure review announced November 1, 2011, as well as other activities to enhance mortgage servicing operations, strengthen oversight of third-party service providers and activities related to Mortgage Electronic Registration Systems (MERS), improve management information systems, assess and manage risk, and ensure compliance with applicable laws and regulations. Read the report.

## Exhibit G

**Order Denying Motion for Reconsideration**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HUSSAIN KAREEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1820 (RWR) |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction and Background.**

Pro se Plaintiff Hussain Kareem sued the Federal Deposit Insurance Corporation (FDIC)

and Johnson & Freedman II, LLC, a law firm, about matters involving foreclosure proceedings

on his home mortgage. *See* Am. Federal Compl., ECF No. 15. The Court dismissed all claims

against the FDIC because Plaintiff filed his complaint one day late. *Kareem v. F.D.I.C.*, No. 09-

cv-1820, 2010 WL 2943149 (D.D.C. July 27, 2010). The Court reasoned that Plaintiff "timely

filed a claim with the FDIC"; "the FDIC had until July 1, 2009, to make a determination" on

Plaintiff's claims, but failed to do so; under 18 U.S.C. § 1821(d)(6)(B), Plaintiff "had sixty days

from July 1, 2009 to file a civil complaint against the FDIC"; under Federal Rule of Civil

Procedure 6, Plaintiff thus had "to file his complaint on or before Monday, August 31, 2009";

Plaintiff "mailed the complaint . . . on August 31, 2009"; the complaint "was received by the

clerk's office for filing on September 1, 2009"; and "the date the complaint is received by the

clerk's office is the date the complaint is deemed filed for purposes of determining whether a

complaint is timely filed." *Id.* at *1. The Court concluded that "[b]ecause Kareem's complaint

against the FDIC was not received by the clerk's office for filing on or before August 31, 2009,

the claims against the FDIC are time-barred, depriving this court of subject matter jurisdiction."

*Id.* The Court therefore dismissed all claims against the FDIC, declined to exercise supplemental

jurisdiction over the remaining claims concerning the law firm, and dismissed this case. *Id.*

Plaintiff now moves for reconsideration of that dismissal, ostensibly under Federal Rule

of Civil Procedure 59(e). *See* Amended Mot. for Reconsideration Pursuant to FRCP Rule 59(e),

ECF No. 30 ("Mot. for Reconsideration"). The Court will construe this motion as though made

under Federal Rule of Civil Procedure 60(b). Because Plaintiff's arguments concern only rules

and regulations unrelated to the filing date of his complaint, this motion will be denied.

Plaintiff also moves for judgment as a matter of law, to set aside or to vacate the

judgment, or for a new trial. *See* Mot. for J. as Matter of Law and Mot. to Set Aside or Vacate J.

Alternately; Mot. for New Trial, ECF No. 36 ("Mot. for JML, to Set Aside or Vacate, or for New

Trial"). To the extent that Plaintiff seeks reconsideration of the dismissal, the Court will

construe this motion as though made under Rule 60(b) and deny the motion. The remainder of

~~the motion will be denied as not ripe.~~

~~Plaintiff also moves for entry of default and judgment on such default, or for judgment on~~

the pleadings, and for a hearing on that motion. *See* Notice to the Clerk of Court to Enter

Default J. Pursuant to Federal Rules of Civil Procedure 55(b)(1) & on Pleading, ECF No. 34

("Mot. for Default & Default J. or J. on the Pleadings"); Judicial Notice: Pl.'s Request for

Hearing on Notice for Entry of Default J. & on Pleading, ECF No. 35 ("Mot. for Hearing").

These motions will be denied as moot.

- 3 -

## II.    Analysis.

### A.    The Motion for Reconsideration.

Both Rules 59(e) and 60(b) provide mechanisms for relief from final judgments. *See*

Fed. R. Civ. P. 59(e), 60(b). A Rule 59(e) motion "must be filed no later than 28 days after the

entry of the judgment," Fed. R. Civ. P. 59(e), but a Rule 60(b) motion need only be filed "within

a reasonable time" and, depending on the basis for the reconsideration, "no more than a year

after the entry of the judgment," Fed. R. Civ. P. 60(c)(1). Thus, "[i]f a person files a motion for

reconsideration within twenty-eight days of the judgment or order of which he complains, courts

consider it a Rule 59(e) motion; otherwise, they treat it as a Rule 60(b) motion." *S.E.C. v.*

*Bilzerian*, 729 F. Supp. 2d 9, 12 (D.D.C. 2010). This 28-day period "runs from the date of entry

of judgment and not from the date of service of the challenged judgment." *United States v. Zaia*,

751 F. Supp. 2d 132, 144–45 (D.D.C. 2010). According to Federal Rule of Civil Procedure 5, a

motion is filed when it is delivered to the clerk of the Court. Fed. R. Civ. P. 5(d)(2)(A).

Therefore, when a non-prisoner plaintiff mails a motion to the Court, the filing date is the date on

which the motion was received, not the date on which the motion was sent. *See, e.g.*, *Reed v.*

*Gulf Coast Cmty. Coll.*, No. 5:09-c-v237, 2010 WL 2926556, at *3 (N.D. Fla. June 29, 2010).[1]

According to the title of his motion, Plaintiff purports to bring his reconsideration motion

under Rule 59(e). *See* Mot. for Reconsideration at 1. The Court entered the judgment from

which Plaintiff seeks relief on July 27, 2010. *See Kareem*, 2010 WL 2943149. Plaintiff claims

to have mailed his original motion for reconsideration—which has since been amended—on

August 24, 2010. Mot. for Reconsideration Pursuant to FRCP 59(e), at 17, ECF No. 29.

---

[1] *Cf. Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a motion into the prison mail system). Plaintiff is not a prisoner, nor was he when he mailed his motion.

- 4 -

However, it was not received by the clerk's office until August 26, 2010. *See id.* at 1 (showing

dated receipt stamp). That was the thirty-first day after July 27, 2010. Because Plaintiff filed his

motion more than 28 days after the date of the entry of the judgment he now challenges, the

motion will be considered under Rule 60(b).

> Rule 60(b) allows for relief from a final judgment for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not
> > have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic),
> > misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on
> > an earlier judgment that has been reversed or vacated; or applying it prospectively
> > is no longer equitable; or
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he decision to grant or deny a rule 60(b) motion is committed to the

discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984

F.2d 469, 476 (D.C. Cir. 1993).

Plaintiff first argues that certain provisions of the Code of Federal Regulations applicable

to the FDIC show that his complaint was timely filed. Mot. for Reconsideration at 2–5 (citing 12

C.F.R. §§ 308.1, 308.10, 308.12). These provisions have nothing to do with whether Plaintiff's

civil complaint was timely filed with this Court. Section 308.1 specifies that the regulatory

provisions upon which Plaintiff relies "prescribe[] rules of practice and procedure applicable to

adjudicatory proceedings as to which hearings on the record are provided for" regulatory actions

taken by the FDIC. § 308.1. Such proceedings are those before the FDIC, not this Court. *See*

*Nickols v. F.D.I.C.*, 9 F. Supp. 2d 137, 142 (D. Conn. 1998) (discussing section 308.1 and noting

that "[t]hese regulations do not govern filing of claims under 12 U.S.C. § 1821(d)"—the statute

under which Plaintiff brought his claim in this case). Sections 308.10 and 308.12, which govern

- 5 -

filing papers and construing time limits, respectively, therefore have no bearing on whether

Plaintiff timely filed his complaint.

Plaintiff next points to Federal Rule of Civil Procedure 5(b)(2)(F), incorrectly cited as

Rule 5(F). Mot. for Reconsideration at 6. That rule provides that a paper may be served on a

defendant "by any other means that the person consented to in writing—in which event service is

complete when the person making service delivers it to the agency designated to make delivery."

Fed. R. Civ. P. 5(b)(2)(F). But that rule applies only to service of papers once a case has begun,

not service of the complaint that begins a case, and does not address the further question of when

a complaint is deemed to be filed. Plaintiff's remaining arguments have nothing to do with

whether he timely filed his complaint. *See* Mot. for Reconsideration at 7–17. Because Plaintiff

has made no argument warranting reconsideration under Rule 60(b), the motion for

reconsideration will be denied.

**B.    The Motion for Judgment as a Matter of Law, to Set Aside or to Vacate the
        Judgment, or for a New Trial.**

Plaintiff asserts that he "seeks full relief from the judgment pursuant to F.R.C.P. Rule

50(c)." Mot. for JML, to Set Aside or Vacate, or for New Trial at 1. Rule 50(c) governs

renewed motions for judgment as a matter of law, not motions for relief from a final judgment.

Instead, rules 59(e) and 60(b) are the appropriate mechanisms for seeking relief from a final

judgment. Because Plaintiff filed this motion on June 29, 2011—well more than 28 days after

entry of the judgment on July 27, 2010—the Court will construe this portion of the motion as

though made under Rule 60(b). See Part II.A. above for a discussion of the legal standard

applicable to such a motion.

Plaintiff argues that there is a "Mail Box Rule" that should govern the filing date of his

complaint. Mot. for JML, to Set Aside or Vacate, or for New Trial at 7–9. Plaintiff is simply

incorrect. It is well settled that "the date on which the complaint was received by the clerk of court for filing is the critical filing date for statute of limitations purposes." *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 72 (D.D.C. 2010). Plaintiff's remaining arguments have nothing to do with whether he timely filed his complaint. *See* Mot. for JML, to Set Aside or Vacate, or for New Trial at 1–7, 9–17.

Plaintiff also seeks judgment as a matter of law under Federal Rules of Civil Procedure 50(a), 50(c), and 52(c). *Id.* at 16–17. Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Plaintiff has not been fully heard at trial because this case was dismissed before any trial took place. Any request for judgment as a matter of law is therefore not ripe. Rule 50(c), which governs *renewed* motions for judgments as a matter of law, is irrelevant; this is not a renewed motion. Fed. R. Civ. P. 50(c). Rule 52(c), which governs judgment on partial findings, is also irrelevant; the Court is not entering and has not entered judgment on partial findings. Fed. R. Civ. P. 52(c).

Finally, Plaintiff moves for a new trial. Mot. for JML, to Set Aside or Vacate, or for New Trial at 1, 17. A new trial is appropriate only "*after* a jury trial" or "*after* a nonjury trial." Fed. R. Civ. P. 59(a)(1)(A)–(B) (emphasis added). This case was dismissed before any trial took place. Any request for a *new* trial is therefore not ripe.

### C.   The Motion for Entry of Default and Default Judgment or Judgment on the Pleadings and the Motion for a Hearing.

Plaintiff also moves for entry of default and judgment on the default or for judgment on the pleadings, and for a hearing on that motion. *See* Mot. for Default & Default J. or J. on the

Pleadings; Mot. for Hearing.  Because this case has been dismissed and that dismissal will not be reconsidered, these motions are moot and will be denied.

**III.    Order.**

Accordingly, it is hereby

**ORDERED** that the Amended Motion for Reconsideration Pursuant to FRCP Rule 59(e), ECF No. 30, is **DENIED**; it is

**FURTHER ORDERED** that the Notice to the Clerk of Court to Enter Default Judgment Pursuant to Federal Rules of Civil Procedure 55(b)(1) & on Pleading, ECF No. 34, is **DENIED**, it is

**FURTHER ORDERED** that the Judicial Notice: Plaintiff's Request for Hearing on Notice for Entry of Default Judgment & on Pleading, ECF No. 35, is **DENIED**; and it is

**FURTHER ORDERED** that the Motion for Judgment as a Matter of Law and Motion to Set Aside or Vacate Judgment Alternately; Mot. for New Trial, ECF No. 36, is **DENIED**.

**SO ORDERED** this 15th day of September, 2011.

/s/
RICHARD W. ROBERTS
United States District Judge