IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
        Debtors.                                                 :
                                                                 : Ref. Docket Nos.: 10123 & 10152
                                                                 :
---------------------------------------------------------------- x

**CERTIFICATION OF COUNSEL SUBMITTING PROPOSED ORDER SUSTAINING IN PART THE PLAN TRUST'S EIGHTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The undersigned counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors") hereby certifies as follows:

1.      On August 10, 2011, the Plan Trustee filed the Plan Trust's Eighty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 10123] (the "Objection"). By the Objection, the Plan Trust sought entry of an order disallowing, among other claims, proof of claim number 8651 ("Claim 8651") filed by Ronald T. and Traci A. Ginnona (the "Claimants") on the grounds that debtor American Home Mortgage Corp. ("AHM Corp.") had no liability on account of Claim 8651.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12070644.1

2.  On or about September 2, 2011, the Claimants filed a response [Docket No. 10152] to the Objection. The parties consensually agreed to adjournment of the Objection as it pertained to Claim 8651.

3.  The undersigned subsequently provided the Claimants with documentation supporting the Plan Trustee's assertions that AHM Corp. is not a successor in interest to Comnet Mortage Services, Inc., as alleged by the Claimants. The Claimants failed to respond to several requests with respect to reaching an agreement that Claim 8651 should either be withdrawn or disallowed.

4.  On April 5, 2012, the Plan Trustee filed the Re-Notice of Ninety-Second Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 10396] (the "Re-Notice"). Claim 8651 was identified on Exhibit A to the Re-Notice. By the Re-Notice, the Plan Trustee notified the Claimants that the Plan Trustee intended to move forward with the Objection as it pertains to Claim 8651 at the May 8, 2012 omnibus hearing in these bankruptcy cases. The Re-Notice further notified the Claimants that responses to the Objection, if any, had to be filed on or before May 1, 2012 at 4:00 p.m. (ET).

5.  The undersigned hereby certifies that, as of the date hereof, no answer, informal response, objection or other responsive pleading to the Re-Notice has been received. Moreover, the Court's docket which was last updated May 3, 2012, reflects that no responses to the Re-Notice have been filed. A proposed form of order (the "Proposed Order") providing for the disallowance of Claim 8651 as requested by the Objection is attached hereto as Exhibit 1.

WHEREFORE, based on the foregoing, the Plan Trustee respectfully requests that the Court enter the Proposed Order at its earliest convenience.

Dated: May 3, 2012  
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*  
Sean M. Beach (No. 4070)  
Michael S. Neiburg (No. 5275)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware  19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400  

*Co-Counsel to the Plan Trustee*

# EXHIBIT 1

**Proposed Order**

01:12070644.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   : Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                       :
                                                                         : Jointly Administered
       Debtors.                                                          :
                                                                         : **Ref. Docket Nos.: 10123 &**
------------------------------------------------------------------------ x **10152**

**ORDER SUSTAINING IN PART THE PLAN TRUST'S EIGHTY-FIFTH
OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
3003 AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the eighty-fifth omnibus (substantive) claims objection (the "Objection"),[2] by which the Plan Trustee respectfully requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware disallowing the Disputed Claim identified on Exhibit A attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and that due and adequate notice of the Objection and the Re-Notice [Docket

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

01:12070644.1

No. 10396] having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained in part as set forth herein; and it is further

ORDERED that Disputed Claim identified on the attached Exhibit A is disallowed in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2012

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

# No Liability Claim

01:12070644.1

**Exhibit A**

**No Liability Claims**

| Name/Address of Claimant | Objectionable Claim | | | | Comments |
|---|---|---|---|---|---|
| | Claim Number | Date Filed | Case Number | Total Amount Claimed | |
| GINNONA, RONALD T. AND TRACI A.<br>AKA COMNET N002-15135 COURT COMMON PLEAS<br>GREGORY NOONAN ESQ WALFISH & NOONAN, LLC<br>528 DEKALB STREET<br>NORRISTOWN, PA 19401 | 8651 | 1/11/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$221,189.61 (U)<br>$221,189.61 (T) | The claim relates to an underlying state court action for, among other things, breach of contract and conversion in connection with a mortgage foreclosure initiated by Comnet Mortgage Services, Inc. ("Comnet"). Upon information and belief, Comnet is the residential mortgage division of Commonwealth Bank, a subsidiary of Commonwealth Bancorp. Pursuant to the complaint attached to the claim form, the claimants filed this claim against debtor AHM Corp. (07-11051) because AHM Corp. was purportedly a successor-in-interest to formerly known as non-debtor Comnet. Contrary to the claimants' assertions, AHM Corp. is not a successor-in-interest to Comnet and was never known as or otherwise affiliated with Comnet. Rather pursuant to an Asset Purchase Agreement, dated February 8, 2001, by and between AHM Corp. and Commonwealth Bank (the "APA"), AHM Corp. acquired certain discrete assets related to the ComNet mortgage origination business, which such assets were primarily limited to the real property leases of five loan production offices of ComNet located in PA and MD, a mortgage application pipeline, and certain fixed assets. Given the limited nature of the assets and liabilities purchased by AHM Corp. under the APA, AHM Corp. is not a successor-in-interest to Comnet with respect to any liabilities connected to the mortgage foreclosure that is the subject of the claimants' complaint. As such, the Debtors have no liability on account of this claim and it should be disallowed in it's entirety. After the Objection was originally filed, counsel to the claimant was provided with publicly filed documents that show the extent of the assets sold to AHM Corp. The claimant has failed to respond to follow-up inquiries by the plan trustee with respect to reaching an agreement that the claim should be disallowed. |