IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :
                                                                    :     Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,      :     Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                     :
                                                                    :     Jointly Administered
                                                                    :     **Ref. Docket Nos.  10411, 10445**
     Debtors.                                                       :
                                                                    :
------------------------------------------------------------------- x

**PLAN TRUST'S REPLY TO MR. KAREEM'S OPPOSITION TO PLAN TRUST'S
OBJECTION TO AMENDED MOTION TO COURT FOR FINAL ARGUMENT
AND MOTION TO STRIKE AND OPPOSITION TO PLAN TRUSTS'
POST TRIAL BRIEF AND POST TRIAL REPLY BRIEF INCLUDING
<u>DECLARATION OF MARGARET WHITEMAN GREECHER</u>**

Steven D. Sass, as liquidating trustee (the "<u>Plan Trustee</u>") for the Plan Trust

established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of

February 18, 2009 (the "<u>Plan</u>") in connection with the Chapter 11 cases of the above-captioned

debtors (the "<u>Debtors</u>"), hereby files its reply (the "<u>Reply</u>") to the *Opposition to Plan Trust's*

*Objection to Amended Motion to Court for Final Argument and Motion to Strike and Opposition*

*to Plan Trust's Post Trial Brief and Post Trial Reply Brief Including Declaration of Margaret*

*Whiteman Greecher* filed by Mr. Hussain Kareem [D.I. 10445] (the "<u>Opposition</u>").   In further

support of this Reply, the Plan Trustee respectfully represents as follows:

<u>**PROCEDURAL POSTURE AND RELEVANT FACTS**</u>

        1.       Following trial held on November 18, 2011, this Court requested post-trial

briefing in connection with Mr. Kareem's motions for administrative expense, related claims,

and the related Plan Trustee's objection.  On January 6, 2012, this Court entered the *Scheduling*

*Order Regarding Post-Trial Briefing for (i) Motion for Judgment as a Matter of Law of*

*Administrative Claim Entered [D.I. 10148]; (ii) Motion for Allowance and payment of*

*Administrative Claim with Brief in Support [D.I. 9692]; and (iii) Claims Numbered 10870,*

*10875 and 10887 Filed By Hussain Kareem* [D.I. 10306] (the "Scheduling Order").

2.      The Scheduling Order provided Mr. Kareem an opportunity to submit an

Opening Post-Trial Brief on or before February 10, 2012,[1] inclusive of "(i) all causes of actions,

along with citation to applicable law, being asserted against the Debtors' estates; (ii) all facts

presented at the Trial that support each element for cause of action, and (iii) *identification of all*

*evidence to be admitted by Mr. Kareem and basis for such admission*." (Scheduling Order, ¶ 1

(emphasis added).)

3.      Following the filing of Plan Trustee's Answering Brief [D.I. 10360], Mr.

Kareem was provided an opportunity to file a Reply Brief on or before March 26, 2012 (the

"Reply Deadline"). The Scheduling Order expressly limited the Reply Brief to "(i) responses to

the positions set forth in the Answering Brief, including responses to evidentiary objections, and

(ii) identification of any objections to the admission of the Plan Trustee's evidence."

(Scheduling Order, ¶ 5.) The Scheduling Order further prohibited causes of actions, facts or

evidence that were not presented at Trial and/or are not otherwise admissible. (Id.)

4.      The Plan Trustee was provided an opportunity to file a sur-reply on or

before April 9, 2012. (Scheduling Order, ¶ 6.)

5.      The Scheduling Order further provided that the deadlines therein could

only be extended by the Court and only upon written motion for good cause shown. (Scheduling

Order, ¶ 7.)

6.      Despite the March 26, 2012 Reply Deadline, neither the Court nor counsel

to the Plan Trustee received a copy of the Reply Brief until April 3, 2012, over one week after

---

[1] Pursuant to the Scheduling Order, the deadline to file the Opening Post-Trial Brief was February 10, 2012. Mr. Kareem did not file the Opening Post-Trial Brief until February 13, 2012 [D.I. 10328]. The Plan Trustee did not contest the late filing.

the Reply Deadline.  On the same day, the Court docketed an Amended Reply Brief

(collectively, the "Reply Briefs"), of which the Plan Trustee received a service copy on the April

5, 2012.

       7.     In addition to the Reply Brief and Amended Reply Brief, Mr. Kareem

simultaneously filed a motion to strike and an amended motion to strike (as amended, the

"Kareem Motion to Strike") [D.I. 10384, 10385].  The Kareem Motion to Strike asserts

objections to certain of the Plan Trustee's exhibits.

       8.     By not receiving any copy of the Reply Briefs until April 3, 2012, the Plan

Trustee was provided only four (4) business days to respond to the plethora of new evidence and

allegations set forth in the Reply Briefs.

       9.     On April 5, 2012, in lieu of the sur-reply, the Plan Trustee filed its (i) *Plan*

*Trust's Motion to Strike (I) Claimant's Post Trial Brief Reply to Plan Trust's Answer and Plan*

*Trustee's Omnibus Objections, (II)* Amended *Claimant's Post Trial Brief Reply to Plan Trust's*

*Answer and Plan Trustee's Omnibus Objections, and (III) to the Exhibits Attached Thereto* [D.I.

10411] (the "PT Motion to Strike"), and (ii) an objection to the Kareem Motion to Strike [D.I.

10410] (the "PT Objection to Kareem Motion to Strike").[2]

       10.     The deadline for Mr. Kareem to file his response to the PT Motion to

Strike was April 30, 2012.  Mr. Kareem filed a motion for continuance on April 30, 2012 [D.I.

10429] which the Plan Trustee opposed [D.I. 10430].  The Court has not ruled on the Motion for

Continuance.

       11.     On May 7, 2012, the Court docketed the current Opposition [D.I. 10445].

---

[2] While the Scheduling Order contemplated that Mr. Kareem's evidentiary objections would be included as part of Mr. Kareem's Reply Brief and responses part of the Plan Trustee's sur-reply, the Plan Trustee filed an objection to the Kareem Motion to Strike rather than a sur-reply to comply with the procedural posture set up by Mr. Kareem while maintaining the deadlines set forth in the Scheduling Order.

01:12077828.5

## REPLY[3]

12.     As noted by Mr. Kareem, he fully briefed relevant issues in his Opening Post-Trial Brief (Opposition, 33) (Mr. Kareem stating that his Opening Post-Trial Brief is rich with factual evidence and law), and the Plan Trustee responded through its Answering Brief. However, the pleadings that the Plan Trustee does seek to strike – namely, the Reply Brief, Amended Reply Brief and their related exhibits – seek to improperly introduce new arguments and evidence that were neither (i) introduced to this Court at trial, (ii) provided to counsel at trial, nor (iii) even raised in the Opening Post-Trial Brief.  For that reason, they should be stricken as procedurally improper and unduly prejudicial to the Plan Trustee.  By moving to strike only the late and improper Reply Briefs and related exhibits, the Plan Trustee has appropriately balanced its request with the interests of justice.

13.     The crux of the Plan Trustee's argument is two-fold.  First, because Mr. Kareem failed to meet the Reply Deadline (and otherwise failed to seek Court approval to extend the deadline as contemplated by the Scheduling Order), Mr. Kareem's Reply Brief and related Amended Reply Brief are late.  Second, the Reply Briefs should be stricken because they seek to present evidence and argument which are outside the scope of any reply brief and expressly excluded by the terms of the Scheduling Order.  Mr. Kareem fails to adequately address either issue, and his Opposition only raises more questions regarding the authenticity and credibility of the late evidence.  As a result, the Court should strike the Reply Briefs and related exhibits.

---

[3] The majority of Mr. Kareem's Opposition appears to reiterate his arguments set forth in his post-trial briefs rather than address the merits of the current motions.  Because these issues were addressed by the Plan Trustee's Answering Brief, the Plan Trustee does not address them here.  Moreover, Mr. Kareem's response to the Plan Trustee's opposition to the Kareem Motion to Strike is the equivalent of a reply.  The Plan Trustee believes that the Objection to Kareem Motion to Strike sufficiently addresses the Kareem Motion to Strike and does not seek leave to file, or otherwise file, a sur-reply.  Such action should not be construed as an admission or waiver by the Plan Trustee.

14. First, in response to the Reply Briefs being late, Mr. Kareem asserts that he mailed the original Reply Brief on the March 26, 2012 Reply Deadline, and attaches Exhibits 1300 and 1300B as evidence of such mailing. However, the documents executed by Mr. Kareem (i.e., the Kareem Motion to Strike, the Reply Brief and the related certificates of service) are dated March 27, 2012.[4] In addition to his own documents, the exhibits that Mr. Kareem seeks to admit as authentic and credible are also dated March 27, 2012. See Exhibit 900 p. 1 (Mavent Report identifying the "review date" as March 27, 2012); Exhibit 1000 (Verification dated March 27, 2012 by Walter Fordham regarding the Mavent Report verifying that the Mavent Report was performed on March 27, 2012); Exhibit 800 (Printout of Department of Banking and Finance website with print-date of March 27, 2012 at 8:46 PM); and Exhibit 700 (Printout of GA Mortgage Licensee Search with print-date of March 27, 2012 at 8:43 PM). Either Mr. Kareem did not mail the Reply Brief on March 26, 2012 as he has represented to this Court[5] or his exhibits dated March 27, 2012 were inappropriately post-dated (and the verification of the Mr. Fordham includes false testimony). As a result, this provides (at minimum) yet another basis for an authenticity objection to the inclusion of the late evidence.

15. Second, and perhaps more fundamental, inclusion of new evidence and argument is impermissible at this late stage in the litigation. The trial concluded over four months ago. This additional information could have, and indeed should have, been made available for trial, especially given that the evidence purportedly supports claims for which Mr.

---

[4] The Motion and Reply Brief are dated "on or about March 27, 2012" while the certificates of service are each dated "on March 27, 2012."
[5] Even had Mr. Kareem filed his original pleadings on March 26, 2012, such an action is insufficient pursuant to the terms of the Scheduling Order. The Scheduling Order provides that Mr. Kareem's brief in reply to the Answering Brief shall be "*filed* on or before March 26, 2012." (emphasis added.) Accordingly, the mailing of the document at that time is insufficient. While Mr. Kareem argues a "mail box rule," no such rule is applicable here. In his Opposition, Mr. Kareem claims that the Plan Trustee's reference to other filings by Mr. Kareem to evidence Mr. Kareem's knowledge of the mailbox rule is overreaching. (Opposition, 11 n.4, 31.) The Plan Trustee submits that it is more than appropriate to address the inconsistencies of the claimant's statements in the current actions with his action in other matters.

01:12077828.5

Kareem brought in the first instance – namely, predatory lending and breach of contract.  Prior to the trial, Mr. Kareem filed claims and administrative expense motions which identified his claims, and the Plan Trustee filed its objection [D.I. 10182] providing 26-pages outlining the facts, defenses and arguments that the Plan Trustee intended to raise against Mr. Kareem's claims, as well as over 200 pages of exhibits supporting the objection.  Thereafter, Mr. Kareem sought - and received - a continuance of the trial for over a month.  At trial, Mr. Kareem was provided a full opportunity to present all testimony and evidence to support his claims, including his claims for predatory lending and breach of contract.  Mr. Kareem was provided all evidence used by the Plan Trustee in an exhibit binder at trial, as well as an opportunity to cross-examine the Plan Trustee's witness.

16.    Following trial, Mr. Kareem reviewed, commented upon, and consented to the Scheduling Order entered by this Court.  By his Opening Post-Trial Brief (filed nearly two months after trial), Mr. Kareem was provided the opportunity to – and did - identify **all** of his exhibits for admission (Scheduling Order, ¶1) and to present his factual and legal arguments, as well as to question the credibility of the Plan Trustee's defenses to such actions, including the credibility of the Plan Trustee's witness (Id.).  Evidence not presented at or prior to trial or in Mr. Kareem's Opening Post-Trial Brief, cannot now be used to prejudice the procedural and due process rights of the Plan Trustee.

17.    Mr. Kareem seeks to insert additional evidence that is late and otherwise inadmissible.[6]  Not only is this action in direct contravention of express terms of the Scheduling Order, it goes beyond the scope of *any* reply brief.  See, *e.g.*, Del. Bankr. L.R. 7007-2(b)(ii)[7] (requiring that "the party filing the opening brief shall not reserve material for the reply brief that

---

[6] Evidentiary objections with respect to the new exhibits were set forth in the PT Motion to Strike.
[7] The rule relate to adversary proceedings but is made applicable to all briefs through Section 2(a)(vi) of this Court's *General Chambers Procedures* dated June 30, 2011.

should have been included in a full and fair opening brief"); Del. Dist. L.R. 7.1.3(c)(2) (District Court rule providing same).  Moreover, Mr. Kareem's inexcusably belated filings deprive the Plan Trustee of the right to cross-examine the witnesses regarding such evidence and test the veracity of the documents in a proper evidentiary setting creating an unfair prejudice should the evidence be admitted.  This is most evident when one compares Mr. Kareem's Exhibit 400 (Cherry Hill loan audit included as part of his Opening Post-Trial Brief which provides that AHM *overstated* the APR by .6746% and finance charges by $27,055.66) --  which was addressed by the Plan Trust's Answering Brief (p. 18 n. 13) as overstatements of APR and charges not being in violation of relevant statues -- to his late Exhibit 900 (Mavent loan audit included as part of his Reply Briefs which now provides that AHM *understated* the APR by .0699%  and finance charges by $4,658.82).

    18.  Accordingly, the Court should strike the Reply Briefs and related exhibits. See, *e.g.*, LaTrobe Steel Co. v. United Steel Workers, Etc., 545 F.2d 1336, 1350 (3d Cir. 1976) (it is well-established that bankruptcy courts, based on the reference of the inherent power of the district court contained in section 157(c) of title 28 of the United State Code, and on the broad statutory grant of equitable powers in section 105 of the Bankruptcy Code, have the inherent authority to enforce compliance with their lawful orders, to the extent such power is not restricted by statute); Abbott Laboratories v. Teva Pharmaceuticals USA, Inc., No. 02-1512-KAJ, 2005 WL 6225546, at *4 n.3 (D. Del. May 6, 2005) (Court declining to rule on an argument raised for first time in reply because argument should have been raised in opening brief); Netquote, Inc. v. Byrd, No. 07-cv-00630-DME-MEH, 2009 U.S. Dist. LEXIS 32740, *32 (D. Colo. Apr. 1, 2009) (same); see also Fed. R. Evid. 403 (Court may exclude evidence if value is substantially outweighed by danger of unfair prejudice or undue delay).

19.     For these reasons, as well as those set forth in the Plan Trustee's Motion to

Strike, the Plan Trustee respectfully requests that this Court strike Mr. Kareem's Reply Brief,

Amended Reply Brief and related exhibits as a result of numerous direct violations of the express

terms of the Court-approved Scheduling Order.

Dated: May 14, 2012                  YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
      Wilmington, Delaware

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

01:12077828.5