**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,<br><br>　　　　　　　　　　Debtors | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>Hearing Date: June 5, 2012 at 11:00 a.m.] (ET)<br>Objection Deadline: May 29, 2012 at 4:00 p.m. (ET) |

**MOTION FOR ENTRY OF ORDER, TO THE EXTENT
NECESSARY, AUTHORIZING THE USE OF THE PROCEEDS OF THE
D&O POLICIES TO FUND
THE DPM SECURITIES LITIGATION SETTLEMENT**

Michael Strauss, Stephen A. Hozie, Robert Bernstein, John A. Johnston, Michael A. McManus, Jr., C. Cathleen Raffaeli, Nicholas R. Marfino, Kenneth P. Slosser, Irving J. Thau, and Kristian R. Salovaara (the "Director & Officer Defendants") hereby move (the "Motion") this Court for entry of an order, to the extent necessary, authorizing the use of the proceeds of the directors and officers liability insurance policies (the "D&O Policies") to fund the Stipulation and Agreement of Settlement (the "Settlement"), described herein, between the Director & Officer Defendants and Citigroup Global Market Inc. (together, the "Settling Defendants"), on the one hand, and the plaintiff in a securities litigation brought against the Settling Defendants, on the other hand. In support of this Motion, the Director & Officer Defendants respectfully state the following:

**INTRODUCTION**

1.　　This motion seeks the Court's authorization to use $40,000 of the D&O Policies issued for the benefit of the directors and officers of a Debtor in this bankruptcy to fund a settlement of a securities lawsuit brought against certain former officers and directors of the Debtor (the Director and Officer Defendants) and others. The plaintiff in the settled action is a

defined pension plan for former employees of DPM, an Ohio limited partnership. If granted, the instant motion will permit the liability insurance policies to help fund resolution of the final known remaining pending claims implicating the D&O Policies that arise from securities fraud charges by common stock purchasers of American Home Mortgage Investment Corp. ("AHMIC," one of the Debtors herein). As set forth herein, this Motion is reasonable and appropriate, and accordingly, should be granted.

## JURISDICTION

2. The relief is sought out of an abundance of caution and to satisfy the terms of the Settlement as the Director & Officer Defendants do not believe that such an order is necessary because the proceeds of the D&O Policies are not property of the Debtors' Estates.

3. To the extent the Motion is necessary, the Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 362(d), as supplemented by Fed. R. Bankr. P. 4001 and 9014.

## BACKGROUND

4. As set forth below, this Court has previously granted substantially the same relief that the Director & Officer Defendants seek in this Motion with respect to the settlement of other litigation. *See* Docket Item Nos. 8030 and 10037.

5. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc. and its affiliated entities (collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

6. On February 23, 2009, the Court entered an Order Confirming the Amended Chapter 11 Plan of Liquidation of the Debtors dated February 18, 2009 (the "Plan"). The Plan is now effective.

7. Prior to the Petition Date and commencing on or about July 31, 2007, a number of securities actions were filed in and/or transferred to the United States District Court for the Eastern District of New York (the "District Court"), alleging violations of certain federal securities laws by AHMIC, the Settling Defendants and certain other defendants. On March 19, 2008, the District Court entered an order consolidating the actions under *In re American Home Mortgage Securities Litigation*, Case No. 07-MD-1898 (TCP) (the "Securities Class Action").

8. The Securities Class Action was settled in 2009.

9. After the Securities Class Action was settled in 2009, certain Securities Class Action settling parties sought and obtained from this Court substantially the same relief that the Director & Officer Defendants seek on this Motion. Specifically, on August 11, 2009, those settling parties filed a motion in this Court for entry of an order authorizing to the extent necessary, the use of the proceeds of the D&O Policies to fund the settlement of the Securities Class Action. This Court granted that motion by Order dated September 8, 2009 (Docket Item No. 8030), finding legal and factual bases and just and sufficient cause for granting relief. On January 14, 2010, the District Court presiding over the Securities Class Action entered a Judgment and Order approving that settlement.

10. In 2009, an additional opt-out securities lawsuit (the "Opt-Out Securities Litigation") was filed by a state retirement system alleging violations of federal securities laws.

11. The Opt-Out Securities Litigation was settled in 2011.

12. After Opt-Out Securities Litigation was settled in 2011, the director and officer defendants in that suit sought and obtained from this Court substantially the same relief that the Director & Officer Defendants seek on this Motion. Specifically, on May 23, 2011, the director and officer defendants in the Opt-Out Securities Litigation moved for entry of an order authorizing, to the extent necessary, the use of the proceeds of the D&O Policies to fund the settlement in the Opt-Out Securities Litigation. This Court granted that motion by Order dated June 9, 2011 (Docket Item No. 10037), finding legal and factual bases and just and sufficient cause for granting relief.

13. On March 5, 2010, an additional lawsuit was filed in the United States District Court, Northern District of Ohio, *D.P.M., Ltd. Defined Benefit Pension Plan v. American Home Mortgage Investment Corp., et al.*, No. 10-cv-00478-SO for alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act and violations of Sections 10(b) and 20 of the Exchange Act and Rule 10b-5 promulgated thereunder. Pursuant to the April 12, 2010 Conditional Transfer Order of the United States Judicial Panel on Multidistrict Litigation, which became effective on April 30, 2010, the lawsuit was transferred to the Eastern District of New York and assigned to the Honorable Thomas C. Platt in Case No. 10 Civ. 1296 (TCP) (AKT) (the "DPM Securities Litigation").

14. Pursuant to an order of the District Court, the DPM Securities Litigation was excluded from the Securities Class Action, as the plaintiff in that action was deemed to have timely and validly opted out.

15. The parties to the DPM Securities Litigation have reached an agreement to settle the claims alleged in the DPM Securities Litigation.

16. The Settlement between the Settling Defendants and Plaintiff provides, *inter alia*, that:[1]

(A) Upon the Effective Date, Plaintiff on behalf of itself and its administrators, trustees, beneficiaries, participants, predecessors, successors, affiliates, representatives and assigns, releases and shall be deemed by operation of law to have released, waived, discharged and dismissed with prejudice each and every Settled Claim against each and all of the Released Parties.

(B) Upon the Effective Date, each of the Settling Defendants and each of the other Released Parties, on behalf of themselves and their respective heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, affiliates and assigns, releases and shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Parties' Claims against Plaintiff and its counsel.

17. The Debtors maintain the following D&O Policies providing coverage in the aggregate amount of $50 Million:

> National Union Fire Insurance Co. of Pittsburgh, Pa., Policy No.
> 673-84-28, R/N 494-00-39
>
> ACE American Insurance Company, Policy No. DOX G23651439
> DO1
>
> Lloyd's, Policy No. 246/LDUSA0601849
>
> Zurich American Insurance Company, Policy No. E0C9680911 00
>
> Illinois National Insurance Company, Policy No. 673-86-10

(Each of the foregoing insurance companies is an "Insurer.")

---

[1] The following is intended to be a summary only of the terms of the Settlement, is not intended to displace the Settlement and is qualified in its entirety by the Settlement. Capitalized terms shall have the meaning ascribed to them in the Settlement.

18. It is the intent of the Director & Officer Defendants that proceeds of the D&O Insurance be used to fund their obligations under the Settlement. As relevant to this Motion, under the Settlement the Director & Officer Defendants shall pay or cause to be paid a sum that will result in a drawdown on the D&O Policies in the amount of $40,000.

19. The Director & Officer Defendants now move for Bankruptcy Court approval as required by the Settlement. This Motion is intended to satisfy that requirement of the Settlement and seeks substantially the same relief as this Court has previously granted in connection with the settlements of the Securities Class Action and Opt-Out Securities Litigation.

20. By this Motion and as part of the settlement process contemplated by the parties' DPM Securities Litigation Settlement, the Director & Officer Defendants seek an Order of this Court, to the extent necessary, permitting the use of the proceeds of the D&O Policies (the "D&O Proceeds") to fund the Settlement.

### THE USE OF THE PROCEEDS OF THE D&O POLICIES TO FUND THE SETTLEMENT IS PROPER AND SHOULD BE ALLOWED

21. Courts have drawn a clear distinction between a directors and officers liability policy and its proceeds, holding that while the policy itself is part of the debtor's estate, the debtor corporation has no ownership interest in the proceeds of the policy. The Fifth Circuit recognized the unique workings of directors and officers liability policies, such as those at issue here, in the seminal case of *In re Louisiana World Exposition*, 832 F.2d 1391 (5th Cir. 1987), finding a distinction between a corporation's mere ownership of the policy and its interest in the policy proceeds. In *Louisiana World*, the Fifth Circuit declared that the proceeds of a directors and officers liability policy were not assets of the estate, but belonged instead to the directors and officers as beneficiaries of the directors and officers liability policy. *See id.* at 1401. As a result,

the automatic stay did not apply. *Id., see also Ochs v. Lipson* (*In re First Central Fin. Corp.*), 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999) ("[T]here is an increasing view that a distinction should be drawn when considering treatment of proceeds arising under such [D&O] policies."); *In re Daisy Systems Sec. Litig.*, 132 B.R. 752 (N.D. Cal. 1991) (finding that the proceeds of the directors and officers policies are not property of the estate); *In re Youngstown Osteopathic Hosp. Ass'n*, 271 B.R. 544 (N.D. Ohio 2002) (allowing payments to be made under the directors and officers policy by the insurer to the directors for litigation defense costs and holding that the proceeds of the directors and officers policy were not the property of the estate); *In re CHS Electronics Inc.*, 261 B.R. 538 (S.D. Fla. 2001) (granting the class action plaintiffs relief to settle the securities class action using the proceeds of the directors and officers liability insurance and holding that the proceeds of the D&O policy were not the property of the estate).

22. This Court, in *In re Allied Digital Tech. Corp.*, 306 B.R. 505 (Bankr. D. Del. 2004), thoroughly analyzed the various situations under which a debtor is entitled to coverage under a directors and officers liability insurance policy and found that the nature of the coverage provided must be considered to determine the debtor's interest. *Id.* at 511-12. When the policy provides only direct coverage to directors and officers, and not to the company, the proceeds are not part of the estate. *Id.* at 512; *see also Miller v. McDonald (In re World Health Alternatives, Inc.*), 369 B.R. 805, 811 (Bankr. D. Del. 2007) (holding that where a policy provides coverage for a company's directors and officers (generally referred to as side A coverage), the proceeds are not property of the estate). Where there is entity coverage, including indemnification coverage to the company for directors and officer liabilities, the proceeds may be property of the estate. *Allied*, 306 B.R. at 512. The Court held that "when the liability policy provides the debtor with indemnification coverage, but indemnification either has not occurred, is

hypothetical, or speculative, the proceeds are not property of the bankruptcy estate." *Id.* Although a company is entitled "to indemnification proceeds only when and to the extent it has indemnified the directors and officers," *id.* at 514, when entity coverage is merely hypothetical, the proceeds of the D&O insurance policy are not considered part of the estate. *Id.* at 512.

23. The threshold question is "whether the Debtors have a significant interest . . . in the *proceeds* of its liability insurance policies." *Santa Fe Minerals, Inc. v. BEPCO* (*In re 15375 Memorial Corp.*), 382 B.R. 652, 687 (Bankr. D. Del. 2008) (emphasis in original) (involving a debtor's general liability insurance policy rather than a directors and officers liability policy), *rev'd and remanded on other grounds*, 400 B.R. 420 (D. Del. 2009). It is not sufficient to find that a debtor has a significant interest in the policy proceeds merely because a debtor has less liability if an insurer pays on a claim under a policy maintained by the debtor. The *Santa Fe* Court correctly stated that:

> to hold that the debtor has a legal or equitable interest in property used to pay the covered claims because payment of the covered claims by some other party with that party's property may decrease the debtor's overall liability, is utterly backward.

382 B.R. at 688 (internal quotation marks and citations omitted).

24. The *Santa Fe* Court further noted that despite the absence of a Third Circuit decision directly addressing the issue of whether the proceeds of liability insurance are property of a debtor's estate, "the limited body of case law in [the Third] Circuit addressing analogous [D&O insurance] issues suggests that the Third Circuit would follow the reasoning of [*Houston v. Edgeworth* (*In re Edgeworth*), 993 F.2d 51 (5th Cir. 1993)] and its progeny." *Santa Fe*, 382 B.R. 688. The Fifth Circuit in *Edgeworth* held "without reservation that proceeds of typical liability insurance policies are *not* estate property," thereby extending that court's earlier analysis

of directors and officers insurance in *Louisiana World*. *See Edgeworth*, 993 F.2d at 55; *see also Santa Fe*, 382 B.R. at 687.

25. As explained by the *Santa Fe* Court:

> [T]his Court has repeatedly held that the bankruptcy estate has no protectable property interest in the proceeds of D&O liability insurance when it appeared unlikely that the proceeds of the D&O insurance would be totally exhausted by the non-debtor claims being presented under it or the debtor was not itself subject to claims that were at risk of being left uninsured . . . In such situations this Court has recognized that 'the proceeds of the Debtor's insurance policy are not property of the estate' because the estate's interest in the proceeds is defined by the terms of the policies and [is] in no way superior to the interest of other, non-debtor parties intended to be benefited by the policies.

*Santa Fe*, 382 B.R. at 689 (quoting *World Health*, 369 B.R. at 810-11 (citing *Allied Digital*, 306 B.R. at 512-13)); *see also Reliance Acceptance Group, Inc. v. Levin* (*In re Reliance Acceptance Group, Inc.*), 235 B.R. 548 (D. Del. 1999).

26. The D&O Policies here provide Side A Coverage for claims against AHMIC's directors and officers. In addition, the D&O Policies provide Side B Coverage, including coverage to the Debtors for indemnification costs paid by the Debtors to its officers and directors. The Director & Officer Defendants are not aware of any indemnification claims that have been paid by the Debtors; thus, any claims based on indemnification are merely hypothetical and not sufficient to give the estate an interest in the policies. Therefore, the D&O Proceeds here are not property of the estate and are available to fund the obligations of the Director & Officer Defendants under the Settlement.

27. The decision by the Massachusetts Bankruptcy Court in *Boles v. Turner* (*In re Enivid, Inc.*), 364 B.R. 139 (Bankr. D. Mass. 2007), is instructive. In that case, the shareholder plaintiffs and the director and officer defendants in a then pending securities class action filed a motion, similar to the Motion here, to modify the automatic stay, to the extent necessary, to

approve the use of the proceeds of the debtor's directors and officers liability insurance policy to fund a settlement between those parties of the shareholder litigation. The Massachusetts bankruptcy court granted the motion and simultaneously denied motions by the trustees of the two related-debtor estates to enjoin the prosecution and settlement of the shareholders class action litigation until the estates' purported claims, if any, against the *Enivid* directors and officers were liquidated.

28. In their attempt to enjoin the shareholder litigation, the trustees argued, *inter alia*, that the creditors of their respective estates had a priority with respect to the policy proceeds. Rejecting the trustees' argument, Judge Feeney followed the "well-reasoned decision" of the United States District Court for the District of Delaware in *Reliance Acceptance Group*, which the court stated, acknowledged the distinction between claims by shareholders from those of creditors despite the fact that the claims were asserted against the same defendants. *See Enivid*, 364 B.R. at 157 (finding the trustees' claims distinct from those of the shareholder plaintiffs).

29. As in *Enivid*, the DPM Securities Litigation involves claims of certain federal securities law violations by non-debtor defendants. The claims against the Director & Officer Defendants in the DPM Securities Litigation are based on a different theory than the claims of other creditors, such as the unsecured creditors, against the same, or substantially the same, parties. Indeed, under the Debtors' confirmed Plan, the plaintiff in the DPM Securities Litigation receives no distribution on account of its claims and, therefore, would not benefit from any recovery to unsecured creditors from claims asserted against potentially common defendants.

30. As in *Enivid*, 364 B.R. at 158, and as contemplated by *Reliance*, 235 B.R. at 561, there is no basis to give estate claims any priority over claims by the plaintiff in the DPM Securities Litigation with respect to the D&O Proceeds.

31. Furthermore, the Primary D&O Policy includes a priority or order of payments provision requiring that claims under Side A, such as claims by the plaintiff in the DPM Securities Litigation, be paid first before other claims, such as those for entity coverage. *See* Primary D&O Policy, Endorsement #1, ¶ 15 (annexed hereto as **Exhibit B**). Thus, as a matter of contract law, the Debtors have no interest in the D&O Proceeds until all claims against the Director & Officer Defendants have been fully satisfied.

## NOTICE

32. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Creditors; (iv) counsel to the Trustee; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b). In light of the nature of the relief requested herein, movants submit that no other or further notice is required.

## CONCLUSION

33. Based upon the foregoing, the relief requested in the Motion allowing the D&O Proceeds to be used to fund the Settlement is reasonable and appropriate and, accordingly, should be granted.

34. Because the D&O Proceeds are not property of the Debtors' estates, there is no legal basis to preclude the use of the D&O Proceeds to fund the Settlement. Moreover, this Motion seeks substantially the same relief as this Court has previously granted in connection with the settlement of the Securities Class Action in 2009 and the Opt-Out Securities Litigation in 2011. *See* Docket Item Nos. 8030 and 10037.

35. Accordingly, the Director and Officer Defendants respectfully request entry of an Order (substantially in the form annexed hereto as **Exhibit A**), to the extent necessary,

authorizing the use of the proceeds of the D&O Policies to fund the Settlement and granting such other and further relief as the Court deems just and proper.

Dated: May 15, 2012
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNEL LLP**

*/s/ Erin R. Fay*
Derek C. Abbott (Bar No. 3376)
Erin R. Fay (Bar No. 5268)
1201 North Market Street
P.O. Box 1347
Wilmington, D.E. 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:  dabbott@mnat.com
       efay@mnat.com

*Bankruptcy Court Counsel to Director and Officer Defendants*

**SIMPSON THACHER & BARTLETT LLP**
Paul C. Curnin
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for Defendant Michael Strauss*

**GIBSON, DUNN & CRUTCHER LLP**
Marshall R. King
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel for Defendant John A. Johnston*

**ALLEN & OVERY LLP**
Patricia M. Hynes
Andrew Rhys Davies
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

*Counsel for Defendants Michael A. McManus, Jr., C. Cathleen Raffaeli, Nicholas R. Marfino, Kenneth P. Slosser, Irving J. Thau, and Kristian R. Salovaara*

**MORRISON & FOERSTER LLP**
Jamie A. Levitt
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for Defendant Stephen A. Hozie*

**LANKLER SIFFERT & WOHL LLP**
Frank H. Wohl
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-8399
Facsimile: (212) 764-3701

*Counsel for Defendant Robert Bernstein*