UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x    Chapter 11
In re:                                                       :
                                                             :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                       :
HOLDINGS, INC., a Delaware corporation, et al.,              :    Jointly Administered
                                                             :
            Debtors.²                                        :    Hearing Date: July 10, 2012 at 10:00 AM (ET)
                                                             :    Objection Deadline: June 18, 2012 at 4:00 PM (ET)
                                                             :
------------------------------------------------------------ x
```

PLAN TRUST'S MOTION FOR AN ORDER AUTHORIZING THE
ABANDONMENT OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN,
TO THE EXTENT THE PLAN TRUST HAS ANY INTEREST THEREIN

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), moves (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 1142(a) and/or 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Plan Trustee to abandon the Iron Mountain Documents (as defined below), to the extent the Plan Trust has any interest therein. In support of the Motion, the Plan Trustee respectfully represents and states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District

---

² The Debtors in these cases, are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

3

Court for the District of Delaware dated as of February 29, 2012. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The statutory predicates for the relief requested herein are sections 105(a), 1142(a), and/or 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007(a).

## BACKGROUND

**A.     General Background**

2.     On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors had ceased all or substantially all business operations other than their mortgage loan servicing business (the "Servicing Business") prior to the Petition Date. Between the Petition Date and the Plan Effective Date (as defined below), each Debtor managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

*The Servicing Sale*

3.     On the Petition Date, the Debtors filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their Servicing Business, including the assumption and assignment of certain executory contracts.

4.     On September 21, 2007, the Debtors filed a motion [D.I. 865] to approve a form of Asset Purchase Agreement (as subsequently amended, the "APA") by and among certain

Debtors and stalking-horse bidder American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. ("AHMSI").

5. On October 30, 2007, the Court entered an order [D.I. 1711] (the "Sale Approval Order") granting the Sale Motion, approving the APA, and authorizing the assumption and assignment pursuant to section 365 of the Bankruptcy Code of each of the Assumed Contracts (as defined in the APA).

6. The sale closed on April 11, 2008 (the "Closing"), at which time legal title to the Purchased Assets (as defined in the APA) vested in AHMSI and Assumed Contracts were assumed and assigned to AHMSI. The "Purchased Assets" included all "Books and Records that are not Excluded Assets" as well as all rights and benefits under Assumed Contracts. (APA § 2.1(b)(i) & (d).) As defined in the APA, "Books and Records" means "all books, ledgers, files, reports, plans, records, manuals and other materials (in any form or medium) Related to the Business *or directly relating to the Purchased Assets, and the Assumed Liabilities.*" (Id § 1.1 (emphasis added).)

*The Chapter 11 Plan*

7. The Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009. The Plan became effective on November 30, 2010 (the "Plan Effective Date").

8. Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

9. Article 8F, Section 5(c)(xviii) of the Plan authorizes the Plan Trustee to abandon documents in accordance with the Disposition Orders (as defined below). Abandonment of documents that do not fall within the scope of the Disposition Orders requires approval by the Court.

**B.     The Disposition Orders**

10. In the ordinary course of the Debtors' pre-petition loan origination business, the Debtors maintained individual loan files, including copies of consumer loan applications, closing documents, titles and home appraisals. The Debtors' loan origination personnel transmitted their mortgage loan files to the Debtors' headquarters in Melville, NY (collectively, the "Hard Copy Loan Files") for central storage in compliance with applicable federal and state laws.

11. Due to, among other things, the volume of Hard Copy Loan Files, on December 14, 2007, the Debtors filed their motion [D.I. 2395] seeking entry of an order, pursuant to sections 105, 363 and 554 of the Bankruptcy Code, authorizing the Debtors to abandon and destroy the Duplicate Hard Copy Loan Files or, alternatively, to return Hard Copy Loan Files (to the extent a request was received prior to destruction of same) to the owner of such loans upon written request.

12. On January 14, 2008, the Court entered an order (the "First Disposition Order") authorizing the immediate abandonment and destruction of only those Duplicate Hard Copy Loan Files for loan applications that did not close (i.e., files related to withdrawn, canceled or rejected loans) (the "Imaged Withdrawn/Denied Files") [Docket No. 2724].

13. The Court entered a second order on February 19, 2008 [Docket No. 3010] (the "Second Disposition Order"), which, among other things, authorized the Debtors to return

6

01:12085689.2

Hard Copy Loan Files to the legal owners and/or master servicers of the underlying loans upon the filing of a written request.

14. On June 25, 2008, the Court authorized the Debtors to abandon and destroy the Non-Requested Loan Files [Docket No. 4858] (the "Third Disposition Order").

15. On December 22, 2010, the Plan Trustee filed a motion seeking to return or destroy all Hard Copy Loan Files [D.I. 9591]. The Court authorized the Plan Trustee to destroy any and all Non-Requested Loan Files [D.I. 9727] (the "Fourth Disposition Order" and collectively with the First, Second and Third Disposition Orders, the "Disposition Orders"). The Fourth Disposition Order provided, however, that the Plan Trustee must maintain mortgage loan files for loans that originated in 2003, 2004, and 2005, in either hard copy or electronic form, until further order of the Court.

C. **The Iron Mountain Documents**

16. Prior to the Petition Date, the Debtors contracted with Iron Mountain Information Management, Inc. (collectively with its affiliated entities, "Iron Mountain") for the provision of document and data storage, and document shredding services, at various locations around the country. The Debtors and Iron Mountain maintained several accounts, including the account numbered 04421.0M070K (the "M070K Account"), which was for hard-copy document storage utilized by the Servicing Business.

17. The Debtors' records indicate that the M070K Account was one of several accounts governed by that certain Customer Agreement dated as of November 1, 2001, by and between Iron Mountain and Columbia National, Incorporated (the "CNI Customer Agreement"). The APA identified the CNI Customer Agreement as a contract that was assumed by AHMSI.

18. In September 2010, Iron Mountain contacted the Debtors regarding outstanding payments on the M070K Account because, although AHMSI was using the account and paying some invoices thereunder, it was not paying ongoing invoices on that account in full.

19. On January 5, 2011, Iron Mountain filed a request for payment of alleged administrative expenses with respect to the M070K Account [D.I. 9636], in the amount of $473,527.57, plus continuing interest, fees, and costs, which had not been paid by AHMSI.

20. Also on January 5, 2011, AHMSI filed a request for payment of alleged administrative expenses, seeking indemnification for any amounts it may be required to pay to Iron Mountain relating to the M070K Account. AHMSI has taken the position that certain of the documents stored under the M070K Account (the "Iron Mountain Documents") belong to the Debtors, and, therefore, AHMSI is not responsible for amounts owed to Iron Mountain.

21. The Plan Trustee believes that the Iron Mountain Documents are AHMSI's property and are not property of the Debtors' estates. Pursuant to the terms of the Sale Approval Order and the APA, the Debtors sold AHMSI all of the Books and Records that were being stored pursuant to the CNI Customer Agreement and AHMSI agreed to assume all obligations under such agreement. Furthermore, upon information and belief, none of the "Excluded Assets" set forth in the APA encompass documents stored pursuant to the M070K Account. Nevertheless, out of an abundance of caution, the Plan Trustee seeks this Court's approval to abandon the Iron Mountain Documents.

22. The Plan Trustee has contacted Iron Mountain to determine the precise nature of the documents being stored under the M070K Account. Iron Mountain provided the Plan Trustee with a listing of boxes stored under the M070K Account, but the Plan Trustee has been unable to identify the nature of the documents from this listing. However, upon

information and belief, the Iron Mountain Documents may include human resources documents and loan applications.

## RELIEF REQUESTED

23. By this Motion, the Plan Trust requests entry of an order pursuant to sections 105(a), 1142(a), and/or 554(a) of the Bankruptcy Code authorizing the Plan Trustee to abandon the Iron Mountain Documents.

## BASIS FOR RELIEF

24. Section 1142(a) of the Bankruptcy Code provides that an entity organized for the purpose of carrying out a chapter 11 plan "shall carry out the plan and shall comply with any orders of the court." 11 U.S.C. § 1142(a). Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy, ¶ 105.01 at 105-6 (15th ed. rev. 1999).

25. The Plan permits the Plan Trustee to abandon documents subject to approval by the Court. (See Plan Art. 8F, Section 5(c)(xviii).) The Plan does not contain a standard by which a request for approval would be evaluated. However, section 554(a) of the Bankruptcy Code, which applies by analogy,[3] provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

---

[3] On the Plan Effective Date, all property of the Debtors' estates vested in the Plan Trust. Thus, after the Plan Effective Date, there was no "property of the estate" to which § 554(a) could apply literally. See Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 165 (3d Cir. 2004) (noting that the estate does not exist post-confirmation).

9

01:12085689.2

26. As with a trustee's decision to reject an executory contract,[4] courts apply a business judgment standard in reviewing a trustee's decision to abandon property that is either of inconsequential value or burdensome to the estate. See In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("The trustee's power to abandon property is discretionary. . . . The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted); Reich v. Burke (In re Reich), 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985) ("[I]f a trustee feels an asset is of inconsequential value and benefit to the estate *or* that it is 'burdensome to the estate,' he may abandon it." (emphasis in original)).

27. The Plan Trustee's abandonment of the Iron Mountain Documents is warranted under this standard, to the extent applicable. As a threshold matter, as set forth above, the Plan Trustee believes the Iron Mountain Documents were sold to AHMSI; accordingly, this Motion is filed solely out of an abundance of caution to the extent the Plan Trust has any interest in the Iron Mountain Documents. Even assuming *arguendo* the Plan Trust has an interest in them, upon information and belief, the Iron Mountain Documents provide no benefit to the Plan Trust. As noted above, the Plan Trustee has been unable to determine the contents of the boxes stored under the M070K Account. However, the Plan Trustee believes that the Iron Mountain Documents consist of loan applications and human resources applications relating to the Servicing Business. Given that the Debtors shut down the loan origination business almost five years ago, sold the Servicing Business more than four years ago, and liquidated most of their

---

[4] The decision to reject an executory contract is subject to the court's finding that such decision is a product of the debtor in possession's sound business judgment. See Sharon Steel Corp. v. National Fuel Gas Distr. Corp., 872 F.2d 36, 39 (3d Cir. 1989).

01:12085689.2

other business assets prior to the Plan Effective Date, the Plan Trustee does not need the Iron Mountain Documents for any business operations or the remaining chapter 11 process.

28. In addition, upon information and belief, the Iron Mountain Documents are burdensome to the Plan Trust. Because the Plan Trustee believes he has no need for the Iron Mountain Documents, any expenses incurred to store them, to the extent payable by the Plan Trust,[5] would impose an unnecessary burden on the Plan Trust.

29. Finally, to the extent the Iron Mountain Documents consist of Imaged Withdrawn/Denied Files or Non-Requested Loan Files, the Plan Trustee believes that he may abandon such documents pursuant to the provisions of the Plan and this Court's Disposition Orders.

30. For all of the foregoing reasons, the Plan Trustee submits that its decision to abandon the Iron Mountain Documents, to the extent the Plan Trust has any interest therein, is the product of its sound business judgment and should therefore be approved.

## RESERVATION OF RIGHTS

31. Through discovery, the Plan Trustee intends to seek additional information with respect to the contents of the boxes stored pursuant to the M070K Account. The Plan Trustee reserves all rights to amend, supplement, or withdraw this Motion in response to information obtained through discovery.

## NOTICE

32. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) all claimants whose claims have not been resolved; (iii) counsel to

---

[5] The Plan Trustee contends that such storage expenses do not constitute administrative expenses of the Plan Trust, among other reasons, because the Plan Trust realizes no benefit from the storage of unnecessary documents. The Plan Trustee reserves all rights with respect to the allowance and payment of administrative expenses relating to the Iron Mountain Documents.

11

01:12085689.2

Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (iv) the offices of the attorneys general of the fifty states and the District of Columbia; (v) the Federal Trade Commission; (vi) counsel to AHMSI; (vii) the Securities and Exchange Commission; (viii) counsel to Iron Mountain; and (ix) all parties entitled to notice under Del. Bankr. LR 2002-1(b). No previous request for the relief sought in this Motion has been made to this or any other court.

12

## CONCLUSION

WHEREFORE, the Plan Trust respectfully requests that this Court enter an order (i) authorizing the Plan Trustee to abandon the Iron Mountain Documents, to the extent the Plan Trust has any interest therein, and (ii) granting the Plan Trustee any further relief that the Court deems just and proper.

Dated: May 31, 2012  
       Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Patrick A. Jackson
_____
Sean M. Beach (No. 4070)  
Margaret Whiteman Greecher (No. 4652)  
Patrick A. Jackson (No. 4976)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
Joseph Orbach  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*