IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
In re:                                            : Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,            : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                   :
                                                  : Jointly Administered
                          Debtors.                :
                                                  : Hearing: 7/10/2012 at 10:00 am
                                                  : Obj. Deadline: 6/18/12 4:00 pm
------------------------------------------------------------------x

Re: D.I. 10467

## OBJECTION TO PLAN TRUSTEE'S MOTION TO ABANDON CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN

The National Credit Union Administration ("NCUA"), in its capacity as conservator and liquidating agent for certain corporate credit unions ("CCU") and pursuant to Rule 6007(b) of the Federal Rules of Bankruptcy Procedure, hereby respectfully objects to the Plan Trustee's Motion For An Order Authorizing The Abandonment Of Certain Documents Held By Iron Mountain ("The Plan Trustee's Motion"). In support of its objection, the NCUA states as follows:

1. The NCUA is an independent Agency of the Executive Branch of the United States that among other things charters and regulates CCU.

2. Pursuant to its authority under the Federal Credit Union Act, 12 U.S.C. § 1786(h), the NCUA placed various CCU into conservatorship beginning on March 20, 2009.

3. These CCU had assets including residential mortgage backed securities ("RMBS"). RMBS are securities backed or collateralized by residential mortgages. Certain of the RMBS purchased by the CCU are backed by mortgages originated by the debtors American Home Mortgage Corp. and American Home Mortgage Investment Corp. ("the debtors/originators").

1

3656018.1

4. The NCUA has filed suit against the underwriters and depositors of certain of these RMBS for violations of the Securities Act of 1933 ("the '33 Act"), 15 U.S.C. §§77k and 77$l$(a)(2), and various state securities laws.

5. In addition, the NCUA anticipates filing additional lawsuits against other underwriters and depositors where the debtors'/originators' loans are collateral for the RMBS at issue.

6. The RMBS which the NCUA has sued on (or intends to pursue in litigation absent settlement) are listed in Exhibit A.

7. The gravamen of these lawsuits is that the offering documents by which the RMBS were sold contained untrue statements of material fact concerning the origination practices regarding the mortgage loans collateralizing the RMBS. The suits further allege that the originators of the loans collateralizing the RMBS pervasively or systematically disregarded their stated loan underwriting guidelines.

8. To prove its case, the NCUA intends to re-underwrite certain loan files of the debtors/originators to determine whether they were underwritten according to the debtors'/originators' underwriting guidelines. The actual loan files are integral to the re-underwriting process.

9. Thus, to the extent the documents held by Iron Mountain include loan files, there is a duty to preserve them as relevant to current or future litigation. *See Smith v. American Founders Fin. Corp.*, 365 B.R. 647, 681 (S.D. Tex. 2007) (in case challenging the trustee's destruction of documents, coincidentally stored by vendor Iron Mountain: "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to the litigation or when a party should have known that the evidence may be relevant to future litigation.")

3656018.1

(internal citations omitted); *cf. In re Advanced Modular Power Systems, Inc. v. Hsu*, 413 B.R. 643, 664 (S.D. Tex. 2009) (duty to preserve extends to "current or future litigation").

10. Under the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1(b), discovery is generally stayed in '33 Act cases pending the adjudication of the motion to dismiss. In each RMBS case filed by the NCUA, a motion to dismiss is currently pending, so the NCUA cannot yet seek to obtain the loan files through discovery in those cases.

11. The NCUA's outside counsel was sent the Plan Trustee's Motion the evening of June 16, 2012.

12. The NCUA respectfully objects to the extent the Plan Trustee intends to abandon any documents that constitute the loan files or portions of them, including without limitation the borrower's loan application, for loans backing the RMBS specified in Exhibit A.[1]

13. The NCUA also respectfully objects to the abandonment of the documents to the extent the Plan Trustee does not know and thus cannot describe the nature and extent of the documents it proposes to abandon. *See* Plan Trustee's Motion at ¶22 ("...the Plan Trustee has been unable to identify the nature of the documents from the listing [provided by document storage vendor Iron Mountain].") The NCUA needs more information regarding the nature of the documents which the Plan Trustee proposes to abandon including but not limited to:

   a) Whether the loan applications sought be abandoned were for loans that were approved and funded;

   b) The date(s) (by year) of the loan applications;

---

[1] The Plan Trustee's Motion is vague with respect to the precise nature of the loan applications it proposes to abandon. Paragraph 10 of the Plan Trustee's Motion refers to "consumer loan applications" as a component of "Hard Copy Loan Files." In contrast, ¶22 of the Plan Trustee's Motion proposes to abandon "loan applications." It is unclear whether the "loan applications" that the Plan Trustee proposes to abandon are the same as "consumer loan applications" which are a part of the "Hard Copy Loan files." It is further unclear whether the Plan Trustee's Motion is seeking to modify the Fourth Disposition Order which requires the Plan Trustee to maintain mortgage loan files originated through 2005. *Id.* at ¶15.

   c) If the Plan Trustee has such information, whether the loan applications were for loans which collateralize any of the RMBS specified in Exhibit A.

To the extent the Plan Trustee contemplates seeking additional information regarding the documents it proposes to abandon, *see* Plan Trustee's Motion at ¶31, the NCUA respectfully requests that the Plan Trustee share any such additional information with the NCUA in advance of abandoning the documents.

14.   The NCUA further objects to the Plan Trustee's Motion to abandon "human resource documents," *id.*, to the extent such documents concern retaliation by the debtors/originators in response to employees of the debtors/originators who attempted to correct any improper loan origination practices. This information, if it exists, is relevant because under the '33 Act the defendant securities underwriter has a due care/due diligence affirmative defense. *See* 15 U.S.C. §§ 77k(b)(3) and 77*l*(a)(2). Thus, the human resource documents may be relevant for the NCUA to counter any such defense that the securities underwriters were unable, through the exercise of reasonable due diligence or reasonable due care, to know of the alleged systematic disregard of the loan underwriting guidelines by the debtors/originators.

Wherefore, the NCUA respectfully requests that the Court deny the Plan Trustee's Motion.

Dated: June 18, 2012                                              Respectfully submitted,

                                                                  */s/ Virginia Whitehill Guldi*
                                                                  Virginia Whitehill Guldi (ID No. 2792)
                                                                  ZUCKERMAN SPAEDER LLP
                                                                  1800 M Street, N.W. Suite 1000
                                                                  Washington, DC 20036
                                                                  (202) 778-1898 (telephone)
                                                                  (202) 822-8106 (facsimile
                                                                  vguldi@zuckerman.com
                                                                      - and -

MARK C. HANSEN
DAVID C. FREDERICK
dfrederick@khhte.com
WAN J. KIM
JOSEPH S. HALL
GREGORY G. RAPAWY
SCOTT K. ATTAWAY
KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

GEORGE A. ZELCS
STEPHEN M. TILLERY
DOUGLAS R. SPRONG
PETER H. RACHMAN
ROBERT L. KING
DIANE E. MOORE
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, Missouri 63101-1625
Tel: (314) 241-4844
Fax: (314) 241-3525

MICHAEL J. MCKENNA
*General Counsel*
JOHN K. IANNO
*Associate General Counsel*
KEVIN S. TUININGA
*Trial Attorney*
NATIONAL CREDIT UNION
ADMINISTRATION
1775 Duke Street
Alexandria, Virginia 22314-3428
Tel: (703) 518-0540

*Attorneys for Plaintiff
National Credit Union Administration
Board*

3656018.1

# EXHIBIT A

| CUSIP | Offering | Filed Complaint |
|---|---|---|
| 026930AS6 | American Home Mortgage Assets Trust 2007-2 | - |
| 026935AD8 | American Home Mortgage Assets Trust 2007-3 | NCUAB v. RBS Securities, Inc., et al.  No. 11-cv-05887 (C.D. Cal.)<br>NCUAB v. J.P. Morgan Securities LLC, et al.  No. 11-cv-02341 (D. Kan.) |
| 026932AE3<br>026932AE3 | American Home Mortgage Investment Trust 2007-1 | - |
| 02660CAC4<br>02660CAD2<br>02660CAE0 | American Home Mortgage Investment Trust 2007-2 | - |
| 362631AD5<br>362631AD5 | GSR Mortgage Loan Trust 2006-OA1 | NCUAB v. Goldman Sachs & Co., et al.  No. 11-cv-06521 (C.D. Cal.) |
| 41162NAH0<br>41162NAD9<br>41162NAE7 | HarborView 2006-14 | NCUAB v. RBS Securities, Inc., et al.  No. 11-cv-02340 (D. Kan.)<br>NCUAB v. RBS Securities, Inc., et al.  No. 11-cv-05887 (C.D. Cal.) |
| 41161UAD4<br>41161UAF9 | HarborView 2006-6 | NCUAB v. RBS Securities, Inc., et al.  No. 11-cv-02340 (D. Kan.) |
| 41164LAC3 | HarborView 2007-2 | NCUAB v. RBS Securities, Inc., et al.  No. 11-cv-05887 (C.D. Cal.) |
| 41165AAC6<br>41165AAD4 | HarborView 2007-5 | NCUAB v. RBS Securities, Inc., et al.  No. 11-cv-05887 (C.D. Cal.) |
| 45257BAA8<br>45257BAE0 | Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4 | - |
| 45257EAD6 | Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-5 | - |
| 46628UAD0<br>46628UAE8 | J.P. Morgan Alternative Loan Trust 2006-A3* | NCUAB v. J.P. Morgan Securities LLC, et al.  No. 11-cv-02341 (D. Kan) |
| 466278AC2<br>466278AC2 | J.P. Morgan Alternative Loan Trust 2007-A2* | NCUAB v. J.P. Morgan Securities LLC, et al.  No. 11-cv-02341 (D. Kan.) |
| 466275AB0 | J.P. Morgan Alternative Loan Trust 2007-S1* | NCUAB v. J.P. Morgan Securities LLC, et al.  No. 11-cv-02341 (D. Kan.) |
| 55028BAB3 | Luminent Mortgage Trust 2006-7 | - |
| 576431AB6<br>576431AE0 | MASTR Adjustable Rate Mortgages Trust 2007-1 | - |

* NCUA notes that three RMBS offerings on its list, JPALT 2006-A3, JPALT 2007-A2 & JPALT 2007-S1 also appear on Exhibit A of The Limited Objection And Reservation Of Rights Of The JPM Litigation Defendants To The Motion Of The Plan Trustee For An Order Pursuant To 11 U.S.C. §§ 105, 363 And 554 Authorizing The Plan Trustee To Return Or Destroy All Hard Copy Loan Files (D.I. 9650).

3656018.1

## **CERTIFICATE OF SERVICE**

I, Virginia Whitehill Guldi, hereby certify that on this 18th day of June, 2012, I caused a copy of the forgoing to be served by facsimile and first class United States mail, postage pre-paid, on the following:

Sean M. Beach
Margaret Whiteman Greecher
Patrick A. Jackson
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-1253

Mark Indelicato
Edward Schnitzer
Joseph Orbach
HAHN & HESSEN LLP
488 Madison Avenue
New York, NY  10022
(212) 478-7400

                                                          */s/ Virginia Whitehill Guldi*
                                                          Virginia Whitehill Guldi

3656018.1