**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, | : |
| et al., | : Jointly Administered |
| | : |
| Debtors. | : Related to D.I. 10467 |
| | : Objection Deadline: 6/18/2012 @ 4:00 PM |
| | : Hearing Date: 7/10/2012 @ 10:00 AM |

**LIMITED OBJECTION OF TRIAD GUARANTY INSURANCE CORPORATION
TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT
OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN**

Triad Guaranty Insurance Corporation ("Triad"), by its undersigned attorneys, hereby objects to the Trustee's Motion For An Order Authorizing the Abandonment of Certain Documents Held by Iron Mountain ("Motion") and in support thereof states as follows:

**Background**

1. Triad is a residential mortgage insurer which offered private residential mortgage guaranty insurance that protected lenders against the risk of borrower default.

2. In issuing mortgage guaranty insurance, Triad agreed, in exchange for an insurance premium, to cover a portion of a lender's risk of loss from a loan default. Under the typical mortgage guaranty insurance policy, the mortgage guaranty insurer pays an agreed percentage of the lender's loss which occurs when the borrower defaults on the loan, and following a foreclosure and a sale, the loan has still not been paid in full. Because the risk of loss from the borrower's default is directly related to the borrower's qualifications to borrow the money from the lender, Triad depends upon accurate underwriting of the loan before the insurance is placed. By express agreement of the parties, this essential underwriting function was delegated by Triad to the Debtors.

3. On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On February 23, 2009, the Court entered an order (D.I. 7042) confirming the amended Chapter 11 plan of liquidation of the Debtors dated as of February 18, 2009 (D.I. 7029) (the "Plan"). The Plan became effective on November 30, 2010.

5. The Confirmation Order specifically addresses informal objections to the Plan raised by Triad. Specifically, paragraph 62 of the Confirmation Order states as follows:

> 62. Triad. Triad Guaranty Insurance Corp. ("Triad") has raised informal objections to the Plan which are resolved herein. Triad's rights and claims, to the extent they exist as of the Effective Date, against the Debtors, their successors, and all insureds under Triad insurance policies, including but not limited to equitable claims of setoff and rescission of its policies, are hereby preserved and not discharged pursuant to the Plan. Nothing in the Plan, any exhibit to the Plan, any Supplemental Plan Document, or this Order, shall impair any rights or defenses of Triad, the Debtors or the Plan Trustee pursuant to the policies or under applicable non-bankruptcy law. <u>Triad insured loan files, to the extent they currently exist, that are currently retained by the Debtors and are not subject to prior orders of the Bankruptcy Court, shall be preserved by the Debtors and Plan Trust subject to further order of the Bankruptcy Court.</u> The Bankruptcy Court shall retain jurisdiction over the rights and claims related to the Triad insurance policies. (Emphasis supplied)

6. On September 4, 2009, Triad filed a Complaint commencing an adversary proceeding in this Court seeking rescission of multiple master mortgage guaranty insurance policies ("Master Policies") and declaratory relief, Case No. 09-52193-CSS (the "Rescission Action").

2

7.     The Rescission Action is a defendant class action with the defendant class consisting of owners of the individual loans insured by the Master Policies identified on Exhibits A and B to the Complaint in the Rescission Action (the "Class"). AHM has sold to third parties a large portion of approximately 39,000 loans it insured through the Master Policies.

## **OBJECTION TO THE MOTION**

8.     On at least four previous occasions, Debtors have attempted to destroy certain files.

9.     On December 14, 2007, the Debtors filed its motion for an order pursuant to 11 U.S.C. §§ 105, 363 and 547, authorizing the (i) abandonment and destruction of certain duplicate mortgage loan files or (ii) return of mortgage loan files to the owner of such loans upon payment of reasonable costs and expenses (D.I. 2395) (the "First Destruction Motion"). This First Destruction Motion, sought authorization to abandon and destroy original hard copy files of certain of the Debtors' mortgage loan files, including, presumably, files allegedly insured by Triad.

10.     Triad objected to the First Destruction Motion contending that the destruction of any Hard Copy Loan Files relating to any mortgage allegedly insured by Triad was prejudicial to Triad's ability to defend an earlier adversary proceeding, American Home Mortgage Investment Corp., et al. v. Triad Guaranty Insurance Corp., Case No. 07-51747 (CSS), which was subsequently dismissed.

11.     In June 2008, Debtors filed its Motion for an Order Authorizing the Destruction of Non-Requested Loan Files (D.I. 4387) (the "Second Destruction Motion").

12.     Triad objected to the Second Destruction Motion. As a result, Debtors represented that Triad insured loans would not be destroyed. This Court entered an order on June 25, 2008, (D.I. 4858) which stated in part:

3

WILMINGTON\155558\1 269084.000

> Ordered that nothing herein shall be deemed to be
> an authorization to destroy or otherwise dispose of
> documents relating to pending or threatened
> litigation against the debtors or claims filed against
> the Debtors' estates...

13. In September 2009, Debtors filed its Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Certain Documents and Records (D.I. 8081) (the "Third Destruction Motion").

14. Triad, among others, objected to the Third Destruction Motion (D.I. 8135). On October 23, 2009, Debtors withdrew the Third Destruction Motion without prejudice (D.I. 8203).

15. In December 2010, the Plan Trustee filed his Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Plan Trustee to Return or Destroy all Hard Copy Loan Files (D.I. 9591) (the "Fourth Destruction Notice").

16. Triad, among others, objected to the Fourth Destruction Motion (D.I. 9261). After a hearing on the Motion and the Objections, this Court entered an Order on January 31, 2011 (D.I. 9727), which stated in part:

> Ordered that nothing herein shall be deemed to be
> an authorization to destroy or otherwise dispose of
> documents relating to pending or threatened
> litigation against the debtors or unresolved claims
> filed against the Debtors' estates...

17. By filing this limited objection, Triad seeks to assure that the Trustee will preserve files relating to Triad insured files and the pending Rescission Action as required by the Confirmation Order and the various Orders regarding the destruction and preservation of the Debtors' records.

18. Triad objects to the destruction of any files relating to Triad insured files retained by the Trustee as well as other files which may impact the Rescission Action.

WHEREFORE, Triad Guaranty Insurance Corp. respectfully requests that the Court (i) deny the Motion to the extent that the Trustee seeks to abandon or destroy any files or records relating to mortgages allegedly insured by Triad and subject to the Rescission Action; and (ii) grant Triad such other and further relief as the Court deems just and proper.

Dated: June 18, 2012

Respectfully submitted,
COZEN O'CONNOR

/s/ Barry Klayman
_____
Mark E. Felger (No. 3919)
Barry M. Klayman (No. 3676)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000

*Attorneys for Triad Guaranty Insurance Corp.*

Of Counsel:
Jacob C. Cohn (admitted *pro hac vice)*
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000