IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                         :
                                                                :    Jointly Administered
        Debtors.                                          :
                                                                :    **[Re: Docket No. 10467]**
                                                                :
                                                                :
----------------------------------------------------------------------- x

**LIMITED RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO
PLAN TRUST'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT
OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN, TO THE EXTENT THE
<u>PLAN TRUST HAS ANY INTEREST THEREIN</u>**

U.S. Bank National Association, in its capacity as trustee for the Securitization

Trusts (as defined below) or such other capacities as it may have under the Trust Documents (as

defined below) ("<u>U.S. Bank</u>"), [1] by and through the undersigned counsel, hereby submits this

limited response (the "<u>Limited Response</u>") to the Plan Trust's Motion for an Order Authorizing

the Abandonment of Certain Documents Held by Iron Mountain, to the Extent the Plan Trust Has

Any Interest Therein (the "<u>Abandonment Motion</u>") (Docket No. 10467).  In support of the

Limited Response, U.S. Bank respectfully states as follows:

1.        U.S. Bank acts as trustee with respect to numerous mortgage-backed

securitization transactions sponsored by the Debtors (the "<u>Securitization Trusts</u>").  As a result of

the Sale Approval Order, and pursuant to the terms of the APA, AHMSI became the servicer for

the mortgage loans held in the majority of the Securitization Trusts.  Wells Fargo Bank, National

Association is the master servicer ("<u>Wells Fargo</u>", and together with AHMSI and any other

---

[1]        Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Abandonment
Motion.

relevant master servicer, the "Servicers" and individually, each a "Servicer") for the mortgage loans held in certain of the Securitization Trusts.

2.    Pursuant to the Abandonment Motion, the Plan Trustee proposes to abandon a number of documents currently held by Iron Mountain.  The Abandonment Motion states that the Plan Trustee has not been able to identify the contents of the boxes stored in Iron Mountain.  The Plan Trustee, however, states that upon information and belief, the boxes may include loan applications.  The loan applications, and potentially other documents customarily constituting part of the "servicing file," are documents that a loan servicer would retain in order to fulfill its duties as loan servicer.

3.    The Abandonment Motion does not contain enough information for U.S. Bank to ascertain whether any of the documents that the Plan Trustee proposes to abandon (and which Iron Mountain, presumably, will destroy if its fees for maintaining them are not paid) relate to mortgage loans that the Servicers are currently servicing for U.S. Bank as trustee of the Securitization Trusts.  Consequently, U.S. Bank is unable to determine if any of the documents should be retained by the Plan Trust and/or Servicers.

4.    Furthermore, it is U.S. Bank's presumption and U.S. Bank has been advised by AHMSI that AHMSI has possession of all documents that are necessary to perform its obligations as a Servicer.  It is U.S. Bank's presumption that each other Servicer has possession of all documents that are necessary to perform its obligations as a Servicer.  U.S. Bank believes, however, that it is the responsibility of each Servicer to determine whether it needs any of the documents being abandoned, such as loan applications and potentially other documents that customarily constitute part of the servicing file.  Each Servicer should employ industry/accepted servicing standards based on the contents of the documents to decide whether

any of the documents need to be retained.  If any of the documents subject to the Abandonment

Motion are necessary for each Servicer to perform its obligations as servicer, such Servicer

immediately should negotiate with Iron Mountain to obtain possession of any such documents it

needs.

          5.     U.S. Bank has communicated or is communicating the foregoing position

to the Servicers and requests that the Plan Trustee allow enough time before proceeding with

abandoning the documents to let each Servicer determine if it has possession of all documents

that it deems necessary to perform its obligations as servicer or negotiate with Iron Mountain to

obtain possession of those documents.

Dated:    June 18, 2012

        **DORSEY & WHITNEY (DELAWARE) LLP**

        By: /s/ Robert W. Mallard
        Eric Lopez Schnabel(DE No. 3672)
        Robert W. Mallard (DE No. 4279
        300 Delaware Avenue, Suite 1010r
        Wilmington, Delaware 19801
        Telephone:  (302) 425-7171

        **and**

        **DORSEY & WHITNEY LLP**
        Charles Sawyer (MN #140351)
        Katherine A. Constantine (MN #123341)
        50 South Sixth Street, Suite 1500
        Minneapolis, MN  55402
        Telephone:  (612) 340-2600

        *Attorneys for U.S. Bank National Association, in its*
        *capacity as Trustee*