# EXHIBIT 1

## (Stipulation)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **AMERICAN HOME MORTGAGE** | : | **Case No. 07-11047 (CSS)** |
| **HOLDINGS, INC., a Delaware** | : | |
| **corporation, et al.,** | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | **Re: Docket Nos. 4084 and 5286** |

**STIPULATION REGARDING THE OBJECTION OF
WELLS FARGO BANK, NATIONAL ASSOCIATION
TO PROPOSED PURCHASER'S CURE AMOUNTS**

**RECITALS**

1. On August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2. Prior to the Petition Date, Wells Fargo Bank, National Association ("Wells Fargo"), and the Debtors entered into certain agreements in connection with securitizations (collectively, the "Wells Fargo Agreements"),[1] pursuant to which, among other things, the Debtors agreed to service or subservice certain mortgage loans.

---

[1] The Wells Fargo Agreements are listed in the Purchaser's Cure Amount Notice (as such term is defined below) as: (1) Assignment, Assumption and Recognition Agreement, dated as of April 28, 2006, among American Home Mortgage Servicing, Inc., American Home Mortgage Corp., GS Mortgage Securities Corp., and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-6, and as acknowledged by JPMorgan Chase Bank, National Association, as master servicer; (2) Servicing Agreement, dated as of December 21, 2004, among American Home Mortgage Servicing, Inc., as RMBS Master Servicer, American Home Mortgage Investment Trust 2002-4, as Issuer, and The Bank of New York, as Indenture Trustee (the "2004-4 RMBS Servicing Agreement"); (3) Mortgage Loan Sale and Servicing Agreement, dated as of December 1, 2005, between American Home Mortgage Corp., as Seller, American Home Mortgage Servicing, Inc., as Servicer, and Goldman Sachs Mortgage Company, as Purchaser; and (4) Assignment, Assumption and Recognition Agreement, dated as of April 26, 2006, among American Home Mortgage Servicing, Inc., GS Mortgage Securities Corp., and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-9, and as acknowledged by JP Morgan Chase Bank, National Association, as master servicer.

589623.4 6/19/12

3. On October 30, 2007, the Court entered an order (the "Sale Order") approving the sale of the Debtors' mortgage loan servicing business to American Home Mortgage Servicing, Inc., a Delaware corporation (f/k/a AH Mortgage Acquisition Co., Inc.), which has changed its name to Homeward Residential, Inc. (the "Purchaser"). The Sale Order, among other things, authorized the Debtors to assume and assign and/or transfer to the Purchaser certain contracts (collectively, the "Assumed Contracts"). The Sale Order also apportioned the cure amounts related to the Assumed Contracts among the Debtors and the Purchaser such that the Debtors are responsible for all cure amounts arising from defaults based on acts or omissions occurring prior to the initial closing of the sale on November 16, 2007 (the "Initial Closing"), and the Purchaser is responsible for funding the Debtors' payment of cure amounts (the "Purchaser's Cure Amounts") arising from defaults based on acts or omissions occurring during the period from the Initial Closing to the final closing of the sale on April 11, 2008.

4. On May 19, 2008, the Debtors filed the Notice of (I) Debtors' Proposed Purchaser's Cure Amounts and (II) Deadline for Filing Objections to the Proposed Purchaser's Cure Amounts [Docket No. 4084] (the "Purchaser's Cure Amount Notice"), which designates, among other things, the Wells Fargo Agreements as Assumed Contracts and lists the proposed Purchaser's Cure Amounts associated with such contracts as $0.

5. On July 31, 2008, Wells Fargo filed its Objection of Wells Fargo Bank, National Association to Proposed Purchaser's Cure Amounts [Docket No. 5286] (the "Objection"), where, among other things, Wells Fargo objected to the Debtors' proposed Purchaser's Cure Amounts.

6. On February 23, 2009, the Debtors' reorganization plan (the "Plan") was confirmed and went effective on November 30, 2009. Pursuant to the Plan, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and

interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust (the "Plan Trustee").

7. The Purchaser and Wells Fargo have reached an agreement, subject to Court approval, that resolves the Objection on the terms set forth below.

## AGREEMENT

A. The Purchaser shall pay Wells Fargo $5,370 in full satisfaction of any and all Purchaser's Cure Amounts with respect to the Wells Fargo Agreements (the "Settlement Proceeds"). Wells Fargo hereby waives all rights it may have, if any, to assert any additional Purchaser's Cure Amounts against the Purchaser, the Debtors, the Plan Trust or the Plan Trustee in connection with the Wells Fargo Agreements.

B. The Purchasers shall pay the Settlement Proceeds to Wells Fargo within ten (10) calendar days of entry of a final order approving this Stipulation.

C. Upon Wells Fargo's receipt of the Settlement Proceeds, the Plan Trust, the Plan Trustee and the Debtors shall be deemed to release and discharge the Purchaser from any claims or causes of action relating to the Purchaser's obligation, if any, to fund and be liable for any and all Purchaser's Cure Amounts with respect to the Wells Fargo Agreements.

D. The Court shall retain jurisdiction to interpret and enforce this Stipulation.

Dated:  June 19, 2012

/s/ Mark Minuti
Mark Minuti (DE No. 2659)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840

- and -

Daniel P. Winikka, Esquire (TX 00794873)
Debra K. Simpson, Esquire (TX 24027986)
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
(214) 220-3939

*Attorneys for Homeward Residential, Inc.*


Dated:  June 19, 2012

/s/ Patrick A. Jackson
James L. Patton, Jr. (DE No. 2202)
Sean M. Beach (DE No. 4070)
Patrick A. Jackson (DE No. 4976)
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600

- and -

Mark S. Indelicato
Edward L. Schnitzer
HAHN & HESSEN LLP
488 Madison Avenue
New York, NY  10022
(212) 478-7200

*Attorneys for the Debtors, the Plan Trust and the Plan Trustee*


Dated:  June 19, 2012

/s/ Todd C. Schiltz
Todd C. Schiltz (DE No. 3253)
DRINKER BIDDLE & REATH, LLP
1100 N. Market Street
Wilmington, DE 19801
(302) 467-4225

- and -

Franklin H. Top, III, Esquire
CHAPMAN and CUTLER LLP
111 West Monroe Street, 18th Floor
Chicago, IL  60603

*Attorneys for Wells Fargo Bank, National Association*