UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
In re                                              :
                                                   :   Chapter 11
American Home Mortgage Holdings, Inc.,             :
et al.                                             :   Case No. 07-11047 (CSS)
                                                   :   (Jointly Administered)
         Debtors.                                  :
                                                   :   Re: D.I. 10467
                                                   :   Objection Deadline: Extended by counsel to the
                                                   :   Plan Trustee to June 22, 2012
                                                   :   Hearing Date: July 10, 2012 at 10:00 a.m. (ET)
---------------------------------------------------- x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE JPM
LITIGATION DEFENDANTS TO THE MOTION OF THE PLAN TRUST FOR AN
ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 1142(a), 554(a), AND RULE 6007(a) OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE
ABANDONMENT OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN, TO
THE EXTENT THE PLAN TRUST HAS ANY INTEREST THEREIN**

The JPM Litigation Defendants (defined below) hereby file this limited objection and reservation of rights (the "Response") to the Motion of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for an Order Pursuant to 11 U.S.C. §§ 105(a), 1142(a) and 554(a), and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure Authorizing the Abandonment of Certain Documents Held by Iron Mountain (defined below) to the Extent the Plan Trust has any Interest Therein, dated May 31, 2012 [D.I. 10467] (the "Motion"), and in support thereof respectfully submit as follows:

**RELEVANT BACKGROUND**

1.  On December 22, 2010, the Plan Trustee filed a Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Plan Trustee to Return or Destroy all Hard Copy Loan Files [D.I. 9591] (the "Destruction Motion"). Pursuant to the Destruction Motion, the Debtors sought authority to destroy or return copies of the Debtors' mortgage loan files (collectively, the "Hard Copy Loan Files") that were previously maintained at storage

{519.005-W0021438.}

facilities or left on employees' desks upon the abrupt cessation of the Debtors' business. The Destruction Motion on its face was unclear as to which mortgage loans originated by the Debtors the Hard Copy Loan Files related.

2. J.P. Morgan Acceptance Corporation I ("JPMAC I") and certain other related persons (collectively, the "JPM Litigation Defendants") are named defendants in numerous complaints filed in various courts throughout the United States (collectively, the "Litigations"). On January 7, 2011, the JPM Litigation Defendants filed a limited objection to the Plan Trustee's Destruction Motion [D.I. 9650] ("Objection to Destruction Motion") which provided notice to the Plan Trustee of each of the Litigations, the JPM Litigation Defendants named in each of the Litigations and its obligation to take reasonable steps to preserve relevant documents in its possession, custody or control. See Objection to Destruction Motion.

3. As noted in the Objection to Destruction Motion, the plaintiffs in the Litigations purport to bring the causes of actions asserted therein on behalf of persons who (i) acquired certain mortgage pass-through certificates (the "Certificates") pursuant and/or traceable to certain registration statements and accompanying prospectuses and prospectus supplements alleged to be filed by certain of the JPM Litigation Defendants; or (ii) issued insurance policies guaranteeing the timely payment of principal and interest payable on certain Certificates issued in securitization transactions sponsored by one of the JPM Litigation Defendants. The collateral underlying each series of the Certificates were distinct pools of mortgage loans acquired and/or held by certain JPM Litigation Defendants from various mortgage loan lenders, including the Debtors. Accordingly, certain loans originated by the Debtors and acquired by the JPM Litigation Defendants (the "AHM Originated Loans") are related to transactions that are the subject of the Litigations (collectively, the "Transactions").

4.     On January 31, 2011, this Court entered an order [D.I. 9727] (the "Destruction Order") which incorporated a settlement between the JPM Litigation Defendants and the Plan Trustee requiring the JPM Litigation Defendants to file with the Court and serve on counsel to the Plan Trustee a Loan File Return Declaration that provided: (i) a list of each Hard Copy Loan File requested, identified by AHM loan number; (ii) the name and contact information for the JPM Litigation Defendants and a contact person or persons as applicable; (iii) a sworn declaration that the JPM Litigation Defendants have a legal right to receive each loan or will maintain each file requested as custodian and will maintain such files in compliance with applicable consumer privacy laws and that the declarant has the requisite authority to make such a declaration; (iv) the JPM Litigation Defendants' preferred method to receive the Hard Copy Loan Files, including (a) retrieval/pick-up, or (b) delivery (with location); (v) an attestation that the JPM Litigation Defendants shall pay all the reasonable costs and expenses associated with the preferred delivery method; and (vi) an acknowledgment that such costs are subject to increase upon further order of the court.

5.     On February 2, 2001, JPM Litigation Defendants filed with the Court and served upon the counsel to the Plan Trustee: (i) Loan File Return Declaration of Christian T. Greco on Behalf of Certain JPM Litigation Defendants [D.I. 9752]; (ii) Loan File Return Declaration of Thomas Tarantino on Behalf of A EMC Mortgage Corporation [D.I. 9753]; and, (iii) Loan File Return Declaration of Nancy S. Ullerich on Behalf of Washington Mutual Mortgage Securities Corp. [D.I. 9754] (collectively, the "Declarations"). Each of the Declarations complied with the Court's Destruction Order.

6.     Pursuant to the Plan Trustee's current Motion, the Plan Trustee seeks to abandon certain documents (the "Iron Mountain Documents") held by Iron Mountain

Information Management, Inc. (collectively with its affiliated entities, "Iron Mountain") in the account numbered 04421.0M070K (the "M070K Account"). In the Motion, the Plan Trustee asserts that the Iron Mountain Documents are the property of American Home Mortgage Servicing, Inc. f/k/a AH Mortgage Acquisition Co., Inc. ("AHMSI") as the purchaser of the Debtors' mortgage loan servicing business approved by an order of this Court on October 30, 2007 [D.I. 1711]. As provided in the Motion, the Plan Trustee has been unable to identify the nature of the Iron Mountain Documents, but notes, upon information and belief, that the Iron Mountain Documents may include human resources documents and loan applications. Prior to the filing of this Response, Counsel for the JPM Litigation Defendants reached out to counsel for the Plan Trustee for a representation that the Iron Mountain Documents did not contain loan files related to the Transactions and/or AHM Originated Loans. Given that the Plan Trustee was unable to provide such confirmation, the JPM Litigation Defendants file this limited objection and reservation or rights.

## **LIMITED OBJECTION**

7. The Plan Trustee is on notice of the Litigations and therefore must take reasonable steps to preserve relevant documents in its possession, custody or control. Accordingly, in light of the Litigations and the Plan Trustee's obligations, this Court should not authorize the Plan Trustee to abandon any of the Iron Mountain Documents that relate to the Transactions and/or the AHM Originated Loans.

8. As set forth in Exhibit A of the Objection to Destruction Motion, the Declarations and the spreadsheets submitted with the Declarations, the JPM Litigation Defendants have provided the Plan Trustee with a list of the Transactions containing AHM Originated Loans that are the subject of the Litigations. Given the Plan Trustee's recent filing of the Motion, the JPM Litigation Defendants are continuing to investigate whether there are any

additional litigations which may implicate additional AHM Originated Loans and, if so, the JPM Litigation defendants will submit additional Declarations as necessary.

9. As of the date hereof, the JPM Litigation Defendants have not received confirmation that the Iron Mountain Documents do not contain documents relating to the Transactions and/or AHM Originated Loans. Accordingly, the JPM Litigation Defendants request that this Court require the Plan Trustee and/or Iron Mountain to confirm whether any of the Iron Mountain Documents relate to the Transactions and/or AHM Originated Loans, and if so that they are delivered to the JPM Litigation Defendants in accordance with the previously filed Declarations.

## RESERVATION OF RIGHTS

10. Nothing asserted in this Response shall be construed as a waiver of any rights, privileges, or remedies available under applicable law. The JPM Litigation Defendants hereby reserve the right to amend, alter, revise or supplement this Response in light of any other information provided by the Plan Trustee. In addition, the filing of this Response is not exclusive of any other responses, objections, or loan file or information requests by the JPM Litigation Defendants or any affiliated or related entities, and is without prejudice to such parties' rights to make any such other responses, objections, or requests.

Dated: June 22, 2012
Wilmington, Delaware

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

{519.005-W0021438.}  5

SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Alex R. Rovira

*Counsel for the JPM Litigation Defendants*