UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 : Jointly Administered
                Debtors.                                         :
---------------------------------------------------------------- x

## RESPONSE OF HOMEWARD RESIDENTIAL, INC. F/K/A AMERICAN HOME MORTGAGE SERVICING, INC. TO PLAN TRUST'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN, TO THE EXTENT THE PLAN TRUST HAS ANY INTEREST THEREIN [DOCKET NO. 10467]

Subject to the clarifications set forth in this response, Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. (the "Purchaser"),[2] does not object to the Plan Trust's request to abandon certain documents that the Plan Trust owns, as provided in the above-referenced motion [Docket No. 10467] (the "Motion to Abandon"). This response is, nonetheless, necessary for three reasons: (i) to clarify which documents are subject to the Motion to Abandon; (ii) to address certain concerns raised by parties in pleadings filed with the Court and informally with the Purchaser; and (iii) to note for the record that the Purchaser disputes certain statements contained in the Motion to Abandon.

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc.; American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] On October 30, 2007, the Court entered an order [D.I. 1711] approving the sale of the mortgage loan servicing business of the above-captioned debtors (collectively, the "Debtors") to the Purchaser pursuant to the terms of an Asset Purchase Agreement dated as of September 25, 2007 (as amended, the "APA") among certain of the Debtors and the Purchaser.

DLI-6405631v2

I.     **The Purchaser's Documents Are Not Subject to the Motion to Abandon**

The Plan Trust does not identify with any specificity which documents it wants to abandon. Rather, the Plan Trust seeks to abandon all documents stored with Iron Mountain Information Management, Inc. and its affiliates (collectively, "Iron Mountain") under account number 04421.0M070K (the "M070K Account") to the extent the Plan Trust has any interest in the documents. (See Motion to Abandon at 1.) Of course, the Plan Trust has no interest in documents that the Purchaser purchased from the Debtors under the APA. Pursuant to the APA, the Purchaser acquired all documents primarily used in connection with, or directly related to, the servicing business. (See APA § 2.1(d).) It is clear to the Purchaser that the only documents it bought from the Debtors that were stored by Iron Mountain as of the final closing date of April 1, 2008 were certain documents stored in the Dallas-Fort Worth area because those were the only documents stored at Iron Mountain that related to the servicing business. Subsequent to the sale, the Purchaser began storing with Iron Mountain in Los Angeles, California and Jacksonville, Florida documents generated post-sale or acquired from entities unrelated to the Debtors.

There is, however, an ongoing dispute among the Plan Trust, Iron Mountain and the Purchaser regarding whether documents stored by Iron Mountain in the Baltimore, Maryland area (collectively, the "Baltimore Documents") are owned by the Plan Trust. For the several reasons that the Purchaser explained in its objection to Iron Mountain's claims (see Docket No. 10326), **the Purchaser did not purchase the Baltimore Documents, which remain property of the Debtors' estates. The Baltimore Documents primarily relate to Columbia National, Inc. inactive loans, which were not loans included in the sale of the servicing business.** In point of fact, several years ago, with the assistance of a certified records manager,

the Purchaser did an accounting of the Baltimore Documents for the purpose of determining whether and to what extent any of the Baltimore Documents were, in fact, documents that related to the servicing business that the Purchaser bought. This accounting verified that the Baltimore Documents do not relate to the servicing business and, therefore, were not sold to the Purchaser. Although it does not concede that it owns the documents, the Plan Trust undoubtedly filed the Motion to Abandon because of a concern that it ultimately would be found responsible for the Baltimore Documents.

It is the Purchaser's understanding that the only documents that the Plan Trust proposes to abandon are the Baltimore Documents. However, if the Plan Trust is seeking to abandon any other documents other than the Baltimore Documents, the Purchaser requests that the Plan Trust promptly identify specifically which other documents it seeks to abandon pursuant to its Motion to Abandon.

## II.     The Purchaser Has Access to the Documents It Needs To Perform Its Obligations As a Servicer

U.S. Bank National Association, as well as certain other parties, have indicated that they are confused about whether or not the Plan Trust is proposing to abandon documents that the Purchaser needs in order to perform its obligations as servicer. (See Docket No. 10484.) But, as indicated above, in its Motion to Abandon the Plan Trust seeks to abandon only those documents stored with Iron Mountain that are owned by the Plan Trust. Because the Debtors sold all documents directly related to the servicing business to the Purchaser, the Plan Trust does not own, and therefore could not propose to abandon, any documents that the Purchaser uses in connection with its servicing business. **The Motion to Abandon simply does not implicate, impact or relate to any documents that the Purchaser needs to conduct its business.** The Purchaser is mindful of its obligations as a servicer of loans. To that end, the Purchaser can

confirm that it has access to the documents it needs to satisfy its obligations, including documents that relate to mortgage loans that it is currently servicing.[3]

### III. The Purchaser Disputes Certain Statements Contained in the Motion to Abandon

The Motion to Abandon states that (i) the M070K Account applies only to hard-copy document storage utilized by the servicing business (Motion to Abandon ¶ 16); (ii) the M070K Account was governed by an executory contract assumed by the Purchaser (id. ¶17); and (iii) all the Debtors' documents stored by Iron Mountain were purchased by the Purchaser (id. ¶ 21). The Purchaser disputes each of these statements and reserves all rights with respect thereto. To be clear, (a) the Purchaser did not assume the contract governing the M070K Account, (b) the M070K Account included documents that were not related to the servicing business and (c) the Baltimore Documents continue to be owned by the Debtors' estates.

---

[3] U.S. Bank states that it has been advised by the Purchaser that the Purchaser has possession of all documents that it needs to conduct its business. (See Docket No. 10326.) To clarify, the Purchaser either has physically possession of those documents or has them stored with Iron Mountain in Texas, California or Florida.

Dated: June 22, 2012
      Wilmington, Delaware

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*
Victoria W. Counihan (DE Bar #3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000

and

JONES DAY
Dan B. Prieto (TX 24048744)
Basheer Y. Ghorayeb (TX 24027392) (Pro hac vice application to be filed)
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939

COUNSEL FOR HOMEWARD RESIDENTIAL, INCL., FORMERLY KNOWN AS AMERICAN HOME MORTGAGE SERVICING, INC.

DEL 86,407,421v1 6-22-12