IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 07-11047-CSS, et seq.<br>(Jointly Administered)<br><br>**Re: Dkt. No. 10467** |

### OBJECTION TO PLAN TRUSTEE'S MOTION TO ABANDON CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN

The Federal Deposit Insurance Corporation, in its capacity as Receiver for certain failed banks and pursuant to Rule 6007(b) of the Federal Rules of Bankruptcy Procedure, hereby respectfully objects to the Plan Trustee's Motion for an Order Authorizing the Abandonment of Certain Documents Held by Iron Mountain. In support of its objection, the FDIC states as follows:

1.　　The FDIC has been appointed the Receiver for various banks that were placed into receivership beginning in November 2008. Pursuant to 12 U.S.C. § 1281(d), the FDIC as Receiver succeeds to all rights, titles, powers, and privileges of the failed banks and has the authority to investigate and pursue claims on behalf of the receiverships.

2.　　The assets of many of these failed banks included residential mortgage backed securities ("RMBS"). Certain of the RMBS that the banks purchased are backed by mortgage loans originated by American Home Mortgage Corporation or American Home Mortgage Investment Corporation, both debtors in this case (collectively, "American Home Mortgage").

3.　　The FDIC has filed suit against the underwriters and issuers of certain of these RMBS for violations of the Securities Act of 1933, 15 U.S.C. §§77k and 77l(a)(2), and of various state securities laws. The FDIC is investigating potential claims with respect to other

institutions in receivership that also purchased RMBS backed by mortgage loans originated by American Home Mortgage.

4. Exhibit A lists the RMBS trusts on which the FDIC already has sued or is investigating potential claims and that are backed by loans originated by American Home Mortgage. The FDIC's objection to the Trustee's motion, however, is not limited to documents relating to these trusts, because the FDIC's investigation of potential claims on behalf of the failed banks is ongoing.

5. The FDIC's lawsuits allege that the offering documents by which the RMBS were sold contained untrue or misleading statements of material fact concerning, among other things, the origination practices of the entities that originated the mortgage loans collateralizing the RMBS, including that the originators pervasively or systematically disregarded their stated underwriting guidelines.

6. To prove its case, the FDIC intends to review and re-underwrite certain loan files of the originators (including American Home Mortgage) to determine whether the loans were underwritten according to the applicable underwriting guidelines. To do that, the FDIC needs the actual loan files and the applicable underwriting guidelines.

7. The FDIC therefore objects to the Plan Trustee's motion to the extent that the Plan Trustee intends to abandon any documents that constitute loan files or portions of them, including but not limited to loan applications submitted by borrowers.

8. The FDIC also objects to the Plan Trustee's motion to the extent that the Plan Trustee does not know and cannot describe the precise nature and extent of the documents that the Trustee proposes to abandon. *See* Plan Trustee Motion at ¶ 22 ("[T]he Plan Trustee has been unable to identify the nature of the documents from the listing [provided by Iron Mountain],"

but, "upon information and belief [the documents] may include human resources documents and loan applications").

9. Based on the FDIC's review of the list of boxes referred to in paragraph 22 of the Plan Trustee's motion, the Plan Trustee requests the abandonment of materials from several American Home Mortgage corporate departments that may have information relevant to the FDIC's claims and its ongoing investigation. Examples of these departments include "Quality Control," "Project Review," "Chief Financial Office," "Bankruptcy and Foreclosure," "Office of the Chairman," and "Legal Services."

10. The FDIC also objects to the Plan Trustee's motion to abandon "human resource documents" to the extent that such documents concern retaliation by American Home Mortgage against employees who complained about or attempted to correct any improper loan origination practices. Such information, if it exists, is relevant to the FDIC's claims in several ways, including because it may be used to refute a defense that the underwriters of the securities were unable, through the exercise or reasonable diligence or due care, to know that the originators were systematically disregarding the applicable underwriting standards.

WHEREFORE, the FDIC respectfully requests that the Court deny the Plan Trustee's motion.

Dated: June 25, 2012    Respectfully submitted,
Wilmington, Delaware

HILLER & ARBAN, LLC

/s/ Brian Arban
Adam Hiller (DE No. 4105)
Brian Arban (DE No. 4511)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 442-7676 telephone
barban@hillerarban.com

3

                    -and-

GRAIS & ELLSWORTH LLP
David J. Grais, Esq.
Kathryn E. Matthews, Esq.
Benjamin W. Thorn, Esq.
1211 Avenue of the Americas
New York, New York 10036
Tel. (212) 755-0100
Fax (212) 755-0052