UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| AMERICAN HOME MORTGAGE | ) | |
| HOLDINGS, INC., | ) | Case No. 07-11047 (CSS) |
| a Delaware corporation, *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related D.I. No. 10467** |

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S
RESPONSE TO THE PLAN TRUST'S MOTION FOR AN ORDER
AUTHORIZING THE ABANDONMENT OF CERTAIN DOCUMENTS HELD BY
IRON MOUNTAIN, TO THE EXTENT THE PLAN TRUST HAS ANY
<u>INTEREST THEREIN</u>**

Iron Mountain Information Management, Inc. ("Iron Mountain") respectfully

submits this response ("Response") to the Plan Trust's Motion for an Order Authorizing

the Abandonment of Certain Documents Held by Iron Mountain, to the Extent the Plan

Trust has any Interest Therein (the "Abandonment Motion") (Docket No. 10467) to assist

the Court and interested parties in resolving the issues raised in the Abandonment

Motion.  Iron Mountain is storing approximately 113,509 boxes of hardcopy records (the

"Records") belonging to either the Plan Trust or Homeward Residential, Inc. (f/k/a,

American Home Mortgage Servicing, Inc., "HRI").

Based on prior pleadings and discussions with representatives of the Plan Trust

and HRI, Iron Mountain believes that a significant portion of the Records can now be

destroyed.  However, Iron Mountain has been unable to obtain clear instructions from the

Plan Trust and HRI as to which subset of the Records belongs to HRI and which subset

belongs to the Plan Trust.  Moreover, Iron Mountain is receiving payment for only some

of its monthly invoices for storage and other charges relating to the Records.  Hence, Iron

Mountain submits that it is appropriate that the Court direct HRI to specify with particularity which of the boxes listed on the Exhibits appended hereto are its property and should be retained (the "HRI Claimed Records").  Any portion of the Records (the "Orphaned Records") not claimed by HRI should be queued immediately for destruction by Iron Mountain.

It is worth noting that there will be a significant costs associated with the secure destruction of the Orphaned Records.  By way of example, if 50,000 boxes of the Records were immediately queued for destruction, this process would likely take six months to complete.  Assuming the discounted rates contained in the M070K agreement governed these services, additional storage during the destruction phase in this example would be approximately $25,000 and retrieval and destruction charges would be approximately $100,000.00.  Iron Mountain believes that the M070K contract was assumed and assigned to HRI and that the bulk of the payment responsibility relating to storage and disposition of the Orphaned Records belongs to HRI.  However, apportionment of payment responsibility between HRI and the Plan Trust and others could be determined by the Court at a later date.

In addition to the future charges described above with respect to Orphaned Records, Iron Mountain is presently owed $537,138.16 for past storage and other services provided with respect to the Records.  As in the example above, these charges assume that the M070K agreement was assumed and assigned to HRI.  Should it be determined that the M070K agreement was not assumed and assigned to HRI, then these rates will be significantly higher.   In addition to the open invoices totaling $537,138.16, the Court should also be aware that HRI has suggested that it mistakenly paid Iron Mountain

invoices totaling approximately $300,000 that should have been paid by the debtors.

While reserving its rights with respect to the issues described above, Iron Mountain believes that HRI should enter into a new agreement with Iron Mountain on usual and customary terms regarding the HRI Claimed Materials and cure any arrearages owing with respect to the HRI Claimed Records.

Summarized below are locations, quantities and other pertinent information regarding the Records.

| Exhibit | Location | Account Number | Box Count | Earliest Receipt Date | Most Recent Receipt Date | Amount Owing on Account |
|---|---|---|---|---|---|---|
| A. | Atlanta | TS421 | 2260 | 7/27/2001 | 4/5/2010 | $10,447.40 |
| B. | Los Angeles | FX042 | 38,399 | 8/10/1995 | 6/13/2012 | $8,887.68 |
| C. | Baltimore | M070K | 17,492 | 4/06/1988 | 5/14/2007 | $517,803.08 |
| D. | Jacksonville | M070K | 253 | 10/20/2009 | 4/4/2012 | |
| E. | Los Angeles | M070K | 41,487 | 10/02/1995 | 5/29/2009 | |
| F. | New Jersey | M070K | 8 | 1/28/2004 | 4/26/2006 | |
| G. | Dallas | M070K | 13,609 | 4/6/1988 | 2/14/2011 | |
| **Total** | | | **113,508** | | | **$537,138.16** |

ARCHER & GREINER, P.C.

By:  */s/ Charles J. Brown, III*

Dated:  June 28, 2012

Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Ph: 302-777-4350 / Fax: 302-777-4352
cbrown@archerlaw.com

and

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Ph: 617-422-0200/ Fax: 617-896-6275
ffm@bostonbusinesslaw.com

*Counsel to Iron Mountain Information
Management, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I caused true and correct copies of the foregoing

to be served via first-class mail, postage prepaid upon the following:


Sean M. Beach
Margaret Whiteman Greecher
Patrick A. Jackson
Young, Conaway, Stargatt & Taylor, LLP
Rodney Square
1000 N. King Street
Wilmington, DE  19801

Mark S. Indelicato
Edward L. Schnitzer
Joseph Orbach
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY  10022

<div style="margin-left:40%">

ARCHER & GREINER, P.C.

By:  */s/ Charles J. Brown, III*

Dated:  June 28, 2012      Charles J. Brown, III (No. 3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE  19801
Ph: 302-777-4350 / Fax: 302-777-4352
cbrown@archerlaw.com

</div>