IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 11-10701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2012

Lyle W. Cayce
Clerk

HUSSAIN KAREEM,

                Plaintiff-Appellant,

versus

AMERICAN HOME MORTGAGE SERVICING, INC.;
MORTGAGE ELECTRONICS REGISTRATION SYSTEMS INC;
DAVID FRIEDMAN, CEO and Individually;
R. K. ARNOLD, President and CEO,

                Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:10-CV-762

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10701

Hussain Kareem, proceeding *pro se*, sued alleging that the defendants acted improperly in their efforts to collect on his mortgage loan and in their attempt to foreclose on his property located in Lawrenceville, Georgia. He asserted violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, civil rights statutes, and Georgia state law. Kareem appeals a summary judgment.

We review a summary judgment *de novo*. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate if the evidence shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(a). We view all facts and draw all inferences in the light most favorable to the party opposing summary judgment. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Kareem takes issue with the decision that his claim for rescission under the Truth in Lending Act was brought outside the three-year statute of limitations. *See* 15 U.S.C. § 1635(f). He contends that under Georgia law, the time for bringing the claim was longer. Even if we assume that Georgia had the authority to extend limitations for claims under the Truth in Lending Act, the argument fails. The Georgia statute permits rescission of certain "high-cost home loans" for up to five years, but Kareem points to no evidence that his loan qualifies for that treatment. GA. CODE ANN. § 7-6A-7(e).

Kareem contends that the defendants violated the Real Estate Settlement Procedures Act by failing to notify him when there was a change in his loan servicer. That statute requires a servicer to notify the borrower of an assignment, sale, or transfer of the servicing of the loan. 12 U.S.C. § 2605(b); *see* 24 C.F.R. § 3500.21(d)(1). Kareem points to no evidence that the defendants failed to comply with that requirement. Moreover, even if we assume that he did not receive the notice, he does not explain what actual damages he suffered. *See* § 2605(f)(1); § 3500.21(f)(1)(i).

No. 11-10701

Kareem presses his 42 U.S.C. § 1983 claim against only one of the defendants, R. K. Arnold. The district court rejected the claim on the basis that none of the defendants was a state actor. Although Kareem contends that Arnold is a state actor for purposes of § 1983 because he is a licensed attorney, private attorneys are not official state actors and generally are not subject to suit under § 1983. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

In support of his state-law claim that the defendants wrongfully attempted to foreclose on his property, Kareem argues that they made a "false assignment" and a "reckless advertisement of a public sale" and that they used "robo signers." To establish a wrongful foreclosure under Georgia law, a plaintiff must establish "(1) a legal duty owed to it by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages." *Canton Plaza, Inc. v. Regions Bank, Inc*, 2012 WL 1034465, at *3 (Ga. Ct. App. Mar. 29, 2012). Kareem has put forward nothing to show that any of the defendants breached a legal duty owed to him or that he suffered any damages. The foreclosure sale did not take place, and Kareem is still living in his house. His unsupported assertions are insufficient to raise a triable issue. *See Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).

In his opening brief, Kareem fails to address the district court's resolution of a number of other issues, including the claim under the Fair Debt Collections Practices Act, the adequacy of the defendants' responses to his inquiries under the Real Estate Settlement Procedures Act, civil rights claims against defendants other than Arnold, and various other state-law claims. Those issues are abandoned, so we do not address them. *See Carmona v. Sw. Airlines Co.*, 536 F.3d 344, 347 n.5 (5th Cir. 2008); *Tharling v. City of Port Lavaca*, 329 F.3d 422, 430 (5th Cir. 2003). Although we liberally construe *pro se* briefs, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even they must comply with the rule that arguments that are not briefed on appeal are abandoned, *see Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).

No. 11-10701

Kareem contends that the district court improperly denied his discovery motions and requests for evidentiary hearings and argues that the court improperly struck some of his submissions. Kareem has not established that any of those rulings was an abuse of discretion. *See Pierce v. Underwood,* 487 U.S. 552, 558 n.1 (1988) (case management rulings); *McCorvey v. Hill,* 385 F.3d 846, 850 (5th Cir. 2004) (denial of evidentiary hearing); *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 876 (5th Cir. 2000) (denial of discovery motions).

Kareem contends that the court erred in denying his motion for judgment as a matter of law and for a new trial, but he has not made a clear showing that the court abused its discretion in denying a new trial, *see Garriott v. NCsoft Corp.,* 661 F.3d 243, 427 (5th Cir. 2011), and he has shown no error in the denial of judgment as a matter of law, *see McBeth v. Carpenter,* 565 F.3d 171, 176 (5th Cir. 2009).

The judgment is AFFIRMED.

4

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2012

Lyle W. Cayce
Clerk

No. 11-10701
Summary Calendar

D.C. Docket No. 3:10-CV-762

HUSSAIN KAREEM,

    Plaintiff - Appellant

v.

AMERICAN HOME MORTGAGE SERVICING, INC.; MORTGAGE ELECTRONICS REGISTRATION SYSTEMS INC; DAVID FRIEDMAN, CEO and individually; R. K. ARNOLD, President and CEO,

    Defendants - Appellees

Appeal from the United States District Court for the
Northern District of Texas, Dallas

Before REAVLEY, SMITH and PRADO, Circuit Judges.

## JUDGMENT

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE:

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
             Deputy

New Orleans, Louisiana