IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x  Chapter 11
In re:                                                           :
                                                                 :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :
a Delaware corporation, et al.,[1]                               :  Jointly Administered
                                                                 :  Ref/ Docket Nos.9692, 10148, 10183, 10182 &
                                    Debtors.                     :  10507
                                                                 :
---------------------------------------------------------------- x

## Judicial Notice

1.

Comes now Claimant, Hussain Kareem acknowledging that there has been a preliminary ruling in the Fifth Circuit Court of Appeals. Claimant request that despite an urgent sense of notification given to this court of the ruling adverse to the Claimant arising out of the Texas Action, the ruling should not affect the merits of this case for the following reasons:

2.

## Clarification of Facts Effected by the Rulings

I. The parties in the Fifth Circuit Court of Appeals Case No. 11-10701 are Hussain Kareem v. American Home Mortgage Servicing, Inc., Mortgage Electronics Registration Inc., David Friedman and R.K. Arnold. The case and trial never involved American Home Mortgage

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM InvestWne ent"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

1

Holdings and the Plan Trustee. The issues were related to The U.S. Department of HUD RESPA Servicing Notification Investigation Right to Sue, TILA Rescission Demands on Assignees, Questionable Assignments made by MERS and AHMSI into Georgia Land Records and Wrongful Foreclosure Attempt, among other things considered.

II. Noticeably, this instant action does not involve American Home Mortgage Holdings (AHMH), the Plan Trustee, claims for contract breach issues, failure to give notice, TILA Rescission Demand (by the Principal), discharge ability of the instrument by AHMH (the Principal), the Note Holder and/or Predatory Lending Practices. The ongoing issues are distinguishable from the *Texas Action* and the instant action does not involve the same parties. Therefore, the inference of *res judicata,* as defined under the law, fails.

III. The claims by Mr. Kareem before this Court were honorably conducted by the entry of a proof of claim, a trial date, which included among other things, an evidentiary hearing on documents, bankruptcy records and where testimonies are part of the records of this court.

IV. Mr. Kareem is the appellant in the Fifth Circuit action Case No. 11-10701. He plans to exercise his rights to request a re-hearing under the Federal Rules of Appellate Procedures. That matter would be pending and determinable under its own merits.

V. Notwithstanding the above supported reasons, the instant matter has had extensively more factual presentments and procedures that were applied during the course at trial. The trial facts are not dependant on the outcome of issues made in other courts. The ongoing merits of the case are well defined and are independent from the outside court actions and their determinations with their respective parties.

3.
## Summary

## Plan Trustee's Arguments Fails against Claimants Demands

*Doctrine of Preclusion Fails*

I. The Plan Trustee have made concerted efforts to try and deflect Mr. Kareem's claims by trying to establish a basis for res judicata or collateral estoppel. In the instant action, it simply does not work. However, the four threshold elements that The Plan Trustee are trying to convince the court that exists for preclusion does not exists at all.

Whereas, the Plan Trustee presumptions are flawed as stated sequentially below:

> A. Element (1) requires that *the identical issues were previously adjudicated* fails. Claimant has supported his reasoning as cited above.
>
> AHMH negligence actions may have given rise to the other third-parties actions, but the current action has its own merits.
>
> B. Element (2) requires that the actions were litigated and settled. Claimant continues to pursue his due process rights within the U.S. Fifth Circuit Court of Appeals. Therefore, Element (2) fails as a basis to grant the Plan Trustee relief.
>
> C. Element (3) does not comply because Elements (1) and (2) are inapplicable. Any decision by the Fifth Circuit would be mutually exclusive of the Claimants rights in this action.

D. Element (4) fails because AHMH was never represented in the Texas action. Therefore, regardless of the Fifth Circuit Court of Appeals rulings, its jurisdiction did not cover AHMH as a party and it would not encompass the

3

contract matters related between the loan origination, compliance issues, and broker defaults.

E.    Besides, under Georgia's law on contracts provides, "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." (Emphasis supplied). OCGA §9-2-4. See Saunders, Stuckey & Mullis, Inc. v. Citizens Bank & Trust Company, (265 Ga. 453), (458 SE2d 337), (1995). Also see, Supreme Court of Georgia's ruling in Beiter v. Decatur Fed. S & L Assn., 222 Ga. 516, 518 (2) (150 SE2d 687) (1966) "Right to recover unsecured claims".

Accordingly, Mr. Kareem is well within his legal rights to pursue his remedies to protect his estate, homestead and interests in multiple forums until he receives satisfaction. It is reasonable for this court to presume that multiple parties injured Mr. Kareem in different ways[2].

**EXECUTED THIS DAY ON OR ABOUT JULY 3, 2012**

*[signature]*

Hussain Kareem, Pro Se

**404-0907-0177 (Phone Line)**

---

[2]  Under Georgia law, damages are compensated 'Whether such damages as are here sued for arise by reason of a tort or the breach of a contract, they are given to the injured party as compensation for the injury sustained. (Cits.) . . .' [Cit.]" *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 706 (2) (402 SE2d 783) (1991). " ' "Damages are given as compensation for the injury done." "There can be but one satisfaction of the same damage or injury." ' [Cit.]" *Nannis Terpening &c. v. Mark Smith Constr. Co.*, 171 Ga. App. 111, 113 (1) (318 SE2d 89) (1984).

4

# CERTIFICATE OF SERVICE

I, the undersign, certify that on or about July 3, 2012 I filed the foregoing document with the opposing counsel filed electronically with electronic signature and by certified mail, prepaid first class mail without using the electronic email of the counsel *to the following:*

Counsel for Debtors:
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Margaret Whiteman Greecher
Rodney Square
1000 North King Street
Wilmington, DE 19801
P 302.571.6753
F 302.576.3416
mgreecher@ycst.com  Counsel for the Plan Trustee:

**HAHN & HAESSEN LLP**
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, N.Y. 10022
Tel: (212) 478-7200
**The Plan Trustee:**
Steven D. Stass
AHM Liquidating Trust
P.O. Box 10550
Melville, NY 11747

Mathis K. Wright, President
NAACP CHAPTER #5160
P.O. BOX 1296
AMERICUS, GA 31709

**EXECUTED THIS DAY ON**
**JULY 3, 2012**

/S/ _____

Hussain Kareem, Pro Se
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
404-907-0177: Phone Line

Delivery Confirmation # MA5JWPNY1DWWG
U.P.S.

5