# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS,<br>INC., a Delaware corporation, *et al.*,<br><br>Debtors. | x  Chapter 11<br>:<br>:  Case No. 07-11047 (CSS)<br>:<br>:  Jointly Administered<br>:<br>:  **Hearing Date: July 10, 2012 at 10:00 AM (ET)**<br>:  **Objection Date: July 5, 2012 at 4:00 PM (ET)**<br>x  **(as extended by stipulation with counsel for the Plan Trustee)** |

## MASSMUTUAL'S OBJECTION TO MOTION
## AUTHORIZING THE ABANDONMENT OF CERTAIN DOCUMENTS

Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its attorneys, respectfully submits this Objection to the Plan Trustee's Motion for an Order Authorizing the Abandonment of Certain Documents Held by Iron Mountain, to the Extent the Plan Trust Has Any Interest Therein ("Motion") (Dkt. No. 10467), pursuant to section 554(a) of title 11 of the United States Code and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure. As set forth below, MassMutual respectfully submits that the requested abandonment should not be allowed where the true ownership of the documents is not established, and where the documents may be directly relevant to existing litigation claims.

## BACKGROUND

1.    Between February 2, 2011 and December 29, 2011, MassMutual commenced 11 actions in the United States District Court for the District of Massachusetts arising from its purchases of residential mortgage-backed securities, including seven cases predicated in part upon a total of 15 securitizations of mortgage loans originated or acquired by Debtor American Home Mortgage Investment Corp. ("AHMIC"). *See MassMutual v. DB Structured Prods., Inc., et al.*, Case No. 11-30039-MAP; *MassMutual v. RBS Fin. Prods., Inc., et al.*, Case No. 11-

1

30044-MAP; *MassMutual v. DLJ Mortg. Capital, Inc., et al.*, Case No. 11-30047-MAP; *MassMutual v. J.P. Morgan Chase Bank, N.A., et al.*, Case No. 11-cv-30094-MAP; *MassMutual v. Goldman Sachs Mortgage Co., et al.*, Case No. 11-cv-30126-MAP; *MassMutual v. Impac Funding Corp., et al.*, Case No. 11-30127-MAP; *MassMutual v. Countrywide Fin. Corp., et al.*, Case No. 11-30215-MAP (collectively, the "Massachusetts Cases").

2. The 15 securitizations of AHMIC mortgage loans at issue in the Massachusetts Cases are: (1) American Home Mortgage Investment Trust, Series 2005-4; (2) American Home Mortgage Assets Trust, Series 2006-1; (3) American Home Mortgage Investment Trust, Series 2006-1; (4) American Home Mortgage Assets Trust, Series 2006-2; (5) American Home Mortgage Investment Trust, Series 2006-2; (6) American Home Mortgage Investment Trust, Series 2007-2; (7) Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AF1; (8) Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AR2; (9) Deutsche Alt-A Securities Inc., Mortgage Loan Trust, Series 2006-AR5; (10) ACE Securities Corp. Home Equity Loan Trust, Series 2007-SL1; (11) HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2007-2; (12) CSAB Mortgage-Backed Trust, Series 2006-4; (13) Structured Asset Mortgage Investments II Trust, Series 2006-AR5; (14) Impac Mortgage Pass-Through Certificates, Series 2006-4; and (15) Banc of America Funding Corp., Mortgage Pass-Through Certificates, Series 2006-H (collectively, the "Certificates").

3. In each of the Massachusetts Cases, MassMutual has alleged that the offering materials for the Certificates misrepresented the underwriting standards applicable to the underlying mortgage loans originated or acquired by AHMIC, along with certain characteristics of those loans. MassMutual has asserted claims against the underwriters of the Certificates and

their control persons for violations of Section 410 of the Massachusetts Uniform Securities Act. The claims have survived motions to dismiss and are now the subject of discovery.

4. To prove its claims and demonstrate that the representations in the offering materials about the underlying mortgage loans and the applicable underwriting guidelines were materially misleading, MassMutual must obtain discovery of the actual loan documents for the underlying mortgage loans, including mortgage applications, credit reports, appraisals, and other information typically contained in loan files. It appears that the 113,509 boxes of hard copy documents stored in seven separate cities under the M070K Account at issue in the Motion (the "Iron Mountain Documents") include loan documents that are potentially relevant to the Massachusetts Cases. Indeed, the dates on the boxes identified by Iron Mountain correspond with the time period in which AHMIC originated loans underlying the Certificates. *See* Resp. of Iron Mountain Info. Mgmt., Inc., Exs. A-C, E-G (listing boxes covering, *inter alia*, the years 2005-2007).

5. In addition, based on a review of the list of boxes identified in the Plan Trustee's Motion, it appears that the Iron Mountain Documents contain materials from several AHMIC corporate departments that may also have information relevant to MassMutual's claims, including but not limited to "Quality Control," "Project Review," "Chief Financial Office," "Bankruptcy and Foreclosure," "Office of the Chairman," and "Legal Services."

## RELIEF REQUESTED

6. MassMutual respectfully requests that the Court first determine which entity owns the Iron Mountain Documents. There appears to be a significant dispute as to whether the Iron Mountain Documents are the property of American Home Mortgage Servicing, Inc., a non-Debtor servicing entity ("AHMSI"), or the Debtors' estates. *See* Mot. ¶¶ 20-21; *see also* Resp.

3

of Homeward Residential, Inc. at 2-4; Resp. of Iron Mountain Info. Mgmt., Inc. at 1. In the event that AHMSI is determined to be the owner, the Plan Trustee's Motion should be denied as moot. In contrast, should it be determined that the Debtors' estates are the true owner, MassMutual requests that the Court defer its ruling on the Motion for an additional 30 days in order to allow MassMutual time to enter into discussions with the Plan Trustee so that it may negotiate a resolution regarding the preservation and/or acquisition of the Iron Mountain Documents.

## BASIS FOR OBJECTION AND RELIEF REQUESTED

7. The Plan Trustee's Motion seeking the authorization to abandon the Iron Mountain Documents is premature. Ownership of the documents is presently contested. The Plan Trustee contends that "the Iron Mountain Documents are AHMSI's property and are not property of the Debtors' estates." *Id.* ¶ 21. In contrast, AHMSI apparently has taken the position that "certain of the documents stored under the M070K Account ... belong to Debtors, and, therefore, AHMSI is not responsible" for any storage costs owed to Iron Mountain. *Id.* ¶ 20.

8. If AHMSI, a non-Debtor, is the true owner of the Iron Mountain Documents, this Court lacks jurisdiction to order the requested abandonment. In that event, the Plan Trustee's Motion should be denied, and the Debtors should seek recourse against AHMSI to take possession of the Iron Mountain Documents and pay the storage fees and costs due Iron Mountain.

9. In contrast, if the Plan Trust owns the Iron Mountain Documents, MassMutual respectfully requests 30 days of additional time to negotiate a resolution with the Plan Trustee to ensure the preservation of the documents and/or potentially acquire their contents. As described in the Motion, the Iron Mountain Documents appear to contain mortgage "loan applications." *Id.*

¶ 22. Although the Motion does not describe the Iron Mountain Documents with any greater specificity, the Iron Mountain Documents may include loan applications for the mortgage loans originated or acquired by AHMIC that were included in the 15 securitizations now at issue in the Massachusetts Cases. Given the potential relevance of the Iron Mountain Documents to its litigation, MassMutual has an interest in a more thorough examination of the contents of the documents and time to ensure the preservation and/or acquisition of potentially relevant documents.

10. In addition to the procedural concerns described above, certain legal and ethical obligations also caution against granting the Plan Trustee's requested abandonment of the Iron Mountain Documents at this time. If the documents are the property of Debtors' estates, the Plan Trustee may have a legal duty to preserve this evidence, given the likelihood of future claims against Debtors. "The trustee's right to abandon is not absolute." *See In re Doyle Lumber, Inc.*, 137 B.R. 197, 201 (Bankr. W.D.Va. 1992); *see also U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 244 (1989) ("the trustee is not to have *carte blanche* to ignore nonbankruptcy law"). "[P]ersons who are actually involved in litigation (or know that they will likely be involved) have a duty to preserve evidence for use by others who will also be involved in that litigation." *Fletcher v. Dorchester Mut. Ins. Co.*, 773 N.E.2d 420, 425 (Mass. 2002). "[O]nce 'a litigant or its expert knows or reasonably should know that the evidence might be relevant to a possible action,'" courts "impose[ ] a duty to preserve such evidence in the interests of fairness." *Id.* at 426; *see also In re Wechsler*, 121 F. Supp. 2d 404, 415 (D. Del. 2000) ("A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit.") (collecting cases); *Smith v. Am. Founders Fin. Corp.*, 365 B.R. 647, 680-82 (Bankr. S.D. Tex. 2007) (contemplating that, had the trustee been on notice of litigation at the

time it abandoned the relevant documents under section 554, the abandonment could have been in bad faith and sanctionable).

11. No Debtor is currently a party to the Massachusetts Cases. However, AHMIC ultimately may face liability as a result of those actions. Pursuant to agreements between various underwriters and AHMIC, as well as statutory and common law, AHMIC may owe the underwriters indemnification and/or contribution for costs and expenses incurred in defending against MassMutual's claims, and for any judgment entered against those underwriters. *Cf. Allstate Ins. Co. v. ACE Sec. Corp.*, No. 11 Civ. 1914(LBS), 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011) (considering whether underwriters had filed timely proofs of claim for indemnification in originators' bankruptcy proceedings when determining "related to" jurisdiction); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 418-19 (E.D.N.Y. 2008) (finding that defendants established "related to" jurisdiction because they "filed proofs of claim in the AHM bankruptcy proceeding"). Because the Plan Trustee knows, or reasonably should know, of likely claims from underwriters resulting from the Massachusetts Cases, the Plan Trustee has a legal duty to preserve the Iron Mountain Documents.

12. AHMSI also has a legal duty to preserve the Iron Mountain Documents if it is their true owner. AHMSI is the Servicer for all six securitizations at issue in the *MassMutual v. Goldman Sachs* action, Case No. 11-cv-30126-MAP, as well as one securitization at issue in the *MassMutual v. J.P. Morgan Chase Bank* action, Case No. 11-cv-30094-MAP. *See supra* Paragraph 2, Nos. 1-6, 13. As Servicer, AHMSI has the responsibility to oversee the ongoing management of the individual mortgage loans underlying the Certificates issued in those securitizations. AHMSI also has a contractual duty to provide, and thus to preserve, documents

related to those mortgage loans. *See, e.g.*, RMBS Servicing Agreement, § 3.09 (June 30, 2006), *available at* http://www.sec.gov/Archives/edgar/data/1365771/000088237706002740/d529189a.htm. Accordingly, to the extent that the Iron Mountain Documents are within its possession, custody, or control, AHMSI has a legal obligation to preserve evidence potentially relevant to MassMutual's claims. *See Fletcher*, 773 N.E.2d at 425 (recognizing a duty to prevent spoliation arising out of contract, for which liability may attach). To the extent applicable, MassMutual expects that AHMSI will fulfill its legal obligations as Servicer to preserve all relevant mortgage loan files and prevent spoliation.

## CONCLUSION

For the reasons set forth above, MassMutual respectfully requests that this Court deny the Plan Trustee's Motion in its entirety.

DATED: July 5, 2012
Wilmington, Delaware

SEITZ, VAN OGTROP & GREEN, P.A.

By: /s/ R. Karl Hill
R. Karl Hill
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
Telephone: (302) 888-0600
Fax: (302) 888-0606

*Attorneys for Massachusetts Mutual Life Insurance Company*

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

Eric Winston
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100