# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC. a Delaware corporation, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br>Jointly Administered<br><br>**Hearing Date: July 10, 2012 at 10:00 a.m. (EDT)**<br>**Objection Deadline: July 5, 2012 at 4:00 p.m. (EDT)**<br>(as extended by stipulation with counsel for the Plan Trustee)<br><br>Re: Docket No. 10467 |

## LIMITED OBJECTION TO PLAN TRUST'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN, TO THE EXTENT THE PLAN TRUST HAS ANY INTEREST HEREIN

The Federal Housing Finance Agency ("FHFA" or the "Conservator"), in its capacity as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac") and the Federal National Mortgage Association ("Fannie Mae" and, together with Freddie Mac, the "Enterprises"), hereby files this limited objection[1] and reservation of rights to the Plan Trust's Motion for an Order Authorizing the Abandonment of Certain Documents held by Iron Mountain, to the Extent the Plan Trust has Any Interest Herein dated May 31, 2012 [Docket No. 10467] (the "Motion"), as such abandonment might result in the destruction of documents responsive to federal subpoenas. In support, the Conservator states as follows:

## BACKGROUND

A. The Motion Seeks Permission to Abandon Unidentified Documents

1. On May 31, 2012, the Plan Trust filed its Motion seeking an order permitting the Plan Trust to abandon certain documents held by Iron Mountain. Per the Motion,

---

[1] This limited objection, which FHFA files in order to protect its statutory rights with respect to subpoenas not otherwise at issue in this bankruptcy proceeding, shall not be deemed an admission of or submission to the jurisdiction of this Court for any purpose.

RLF1 6216466v. 1

prior to the Petition Date, the Debtors contracted with Iron Mountain Information Management, Inc. (collectively with its affiliated entities, "Iron Mountain").[2] Iron Mountain maintained several accounts, including the account numbered 04421.0M070K (the "M070K Account"), which contains hard-copy documents relating to the Debtors' mortgage loan servicing business (the "Iron Mountain Documents"). *See* Mot. at ¶ 16.

2.  In September 2010, Iron Mountain contacted the Debtors regarding outstanding payments on the M070K Account because, although AHMSI was using the account and paying some invoices thereunder, it was not paying ongoing invoices on that account in full. *Id.* at ¶ 18. On January 5, 2011, Iron Mountain filed a request for payment of alleged administrative expenses with respect to the M070K Account in the amount of $473,527.57 plus continuing interest, fees, and costs, which has not been paid by AHMSI. *Id.* at ¶ 19. *See* Motion for Allowance and Payment of Administrative Expenses [Docket No. 9636].

3.  The Plan Trustee has taken the position that the Iron Mountain Documents were sold pursuant to the Sale Approval Order and the Asset Purchase Agreement ("APA"), along with other books and records, to American Home Mortgage Servicing Inc. ("AHMSI"). The Plan Trustee asserts that AHMSI agreed to assume "all obligations" under the relevant agreements, but contends that it seeks the Court's approval to abandon the Iron Mountain Documents out of an abundance of caution. *See* Mot. at ¶ 21.

4.  AHMSI has taken the contrary position that certain of the Iron Mountain Documents in fact belong to the Debtors. *Id.* at ¶ 20. On January 5, 2011, the same day that Iron Mountain filed its request for payment, AHMSI filed a request seeking indemnification for any

---

[2] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp. *See* Mot. at Note 2.

amounts it may be required to pay to Iron Mountain relating to the M070K Account. *Id.* at ¶ 20. *See* Motion for Allowance and Payment of an Administrative Expense Claim [Docket No. 9640].

5.  Now, by its June 25, 2012 response to the instant Motion (the "AHMSI Response"), AHMSI appears to have limited the scope of the disputed Iron Mountain Documents (which, AHMSI contends, are located in numerous facilities in different locations) but continues to disclaim ownership of those documents at issue held at an Iron Mountain facility in Baltimore, Maryland. *See* Response to Plan Trust's Motion for an Order Authorizing the Abandonment of Certain Documents [Docket No. 10495] at 2.

6.  The Plan Trustee argues in support of its Motion that the Plan permits the Plan Trustee to abandon documents subject to approval by the Court; that the Iron Mountain Documents are "either of inconsequential value or burdensome to the estate," and that they may therefore be abandoned under the Bankruptcy Code. *See* Mot. at ¶¶ 25, 26.

7.  However, the Plan Trustee also admits that it contacted Iron Mountain to attempt to determine the contents of the subject documents, and that "Iron Mountain provided the Plan Trustee with a listing of boxes stored under the M070K Account, but the Plan Trustee has been *unable to identify the nature of the documents* from this listing. However, upon information and belief, the Iron Mountain Documents may include human resources documents and loan applications." *Id.* at ¶ 22 (emphasis added).[3]

---

[3] The AHMSI Response states that the Iron Mountain documents in Baltimore—of which AHMSI continues to disclaim ownership—"primarily relate to Columbia National, Inc. inactive loans" not relevant to its servicing business. It apparently grounds that assertion in its understanding of some level of review of the Baltimore documents "several years ago, with the assistance of a certified records manager." But AHMSI makes no representation of the amount of care with which the Baltimore documents were examined, and further does not confirm or deny the presence of documents potentially responsive to the FHFA's subpoenas within the files at issue herein.

B. The Iron Mountain Documents May be Responsive to Subpoenas Issued by FHFA

8. On July 8, 2010, in furtherance of its duties as Conservator to Fannie Mae and Freddie Mac and in accordance with 12 U.S.C. § 4617(b)(2)(1), FHFA issued two subpoenas, FRE-002 and FNM-001 (together the "Subpoenas"), to American Home Mortgage Servicing, Inc. ("AHMSI").

9. The Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C. § 4501 *et seq.*) pursuant to which FHFA assumed and undertook its duties as Conservator, including the issuance of the Subpoenas, embodies a recognition by Congress of the importance of FHFA's right to access potentially relevant documents and evidence. *See* 12 U.S.C. § 4617(b)(2)(I) which provides that the Conservator may issue subpoenas "for purposes of carrying out any power, authority or duty" that Congress has mandated. This mandate includes the Conservator's duty to "preserve and conserve the assets and property" of the conservatorship estates. *See* 12 U.S.C. § 4617(b)(2)(B).

10. The two Subpoenas target substantially the same kinds of documents, falling into the following categories:

- Documents used in connection with, and relating to the origination, underwriting and servicing of mortgage loans underlying specific securities/securitization transactions;

- Copies of origination, underwriting and servicing policies, directives, guidelines or similar documents;

- Communications to or from the entity that originated loan underlying the securities/securities transactions identified in attachments;

- Servicing files, payment histories, collection notes, mortgage loan schedules and related documents maintained with respect to the mortgage loans underlying the securitization transactions listed in the subpoena attachments;

- Ratings, assessments and/or evaluations of the securities/securitization transactions identified in the subpoena attachments;

4

RLF1 6216466v. 1

- Communications, including but not limited to, third-party communications referring or relating to any rating, assessment, evaluation, or performance of the securities/securitization transactions identified in subpoena attachments; and

- Analyses of the performance and/or anticipated or expected performance of the securities/securitization transactions identified in subpoena attachments.

AHMSI has produced certain documents responsive to the Subpoenas, making its most recent production to FHFA on May 18, 2012, but has not yet identified and produced all documents requested by the Subpoenas. Upon information and belief, FHFA believes that more than 60,000 loan origination files responsive to FRE-002 and 2,159 responsive to FNM-001 have not yet been produced. AHMSI disputes FHFA's figures but agrees that tens of thousands of origination and servicing files have not yet been produced despite ongoing efforts of almost two years. Therefore, AHMSI's compliance with the subpoenas is not yet complete.

## OBJECTION TO THE MOTION

11. To date the Plan Trustee has not ascertained the contents of the Iron Mountain Documents—though it has stated that it intends to "seek additional information" regarding those contents at some unspecified future date. *See* Mot. at ¶ 31.

12. However, the Plan Trustee explicitly disclaims responsibility for any outstanding fees owed to Iron Mountain for maintenance and storage of those documents; but simultaneously acknowledges that AHMSI likewise disclaims such responsibility (*but see supra* at Note 3); and offers no guarantee that if the Plan Trustee is permitted to abandon the Iron Mountain Documents, Iron Mountain will not destroy or otherwise make the Documents unavailable to FHFA.

13. The Plan Trustee acknowledges that the Iron Mountain Documents may consist of, among other things, loan applications—a category of the documents sought by the FHFA Subpoenas directed to AHMSI. The Iron Mountain Documents may therefore include

5

some of the tens of thousands of documents that are responsive to its outstanding Subpoenas, but which have not yet been produced. To the extent any of the Iron Mountain Documents are responsive to the FHFA Subpoenas, the destruction of such documents would prevent FHFA from obtaining the evidentiary material it requires to protect and conserve the Enterprises' assets. As such, any order allowing the abandonment of documents held by Iron Mountain that are responsive to its lawful federal subpoenas would prevent FHFA from carrying out its duties as Conservator.

14. Given the lack of information provided to the Court and parties in interest regarding the contents of the Iron Mountain Documents, FHFA respectfully submits that the Motion should be denied without prejudice unless and until either AHMSI or the Plan Trustee conducts a reasonable inspection of the Iron Mountain Documents to determine whether or not such documents are responsive to the Subpoenas, and then (as warranted by the results of that inspection) either produces or causes to be produced to FHFA any such responsive documents, or affirms that no such subpoenaed documents are maintained under the Iron Mountain account at issue and for which Iron Mountain seeks the Court's permission to abandon or destroy. Only after AHMSI or the Plan Trustee has completed this inspection and announced its results to the Court and parties in interest should the Court consider the relief requested in the Motion.

**WHEREFORE**, for the foregoing reasons, FHFA respectfully requests that the Court deny the Plan Trust's Motion for an Order Authorizing the Abandonment of Certain Documents held by Iron Mountain, to the Extent the Plan Trust has Any Interest Herein dated May 31, 2012.

Dated: July 5, 2012
      Wilmington, Delaware

*/s/ Amanda R. Steele*
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
       steele@rlf.com

- and, of counsel -

Eric B. Bruce
Scott K. McCulloch
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Attorneys for the Federal Housing Finance Agency, As Conservator*