**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**CERTIFICATION OF COUNSEL SUBMITTING
STIPULATION CONCERNING ORDER SUSTAINING
PLAN TRUST'S NINETY-EIGHTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

The undersigned hereby certifies as follows:

1.      On June 8, 2012, Steven D. Sass (the "Trustee"), as liquidating trustee for the

Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors

Dated As Of February 18, 2009 (D.I. 7029), filed the Plan Trust's Ninety-Eighth Omnibus (Non-

Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") (D.I. 10477).

2.      In the Objection, the Trustee sought, *inter alia*, disallowance of that certain Claim

No. 10922 (the "Claim") filed by Countrywide Securities Corporation ("Countrywide") in the

bankruptcy case of American Home Mortgage Investment Corp.

3.      On July 9, 2012, the Court entered the Order Sustaining Plan Trust's Ninety-

Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the

Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Disallowance

Order") (D.I. 10522), granting the Objection.

4.      Countrywide has asserted that service of the Objection with respect to the Claim

was deficient.

01:12310304.1

US_ACTIVE-110093337.1

5.      Countrywide and the Trustee have entered into the Stipulation Concerning Order Sustaining Plan Trust's Ninety-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Stipulation") attached as Exhibit 1, resolving the foregoing.

6.      The Trustee respectfully requests that the Court enter the proposed order attached as Exhibit 2, which, *inter alia*, (a) approves the Stipulation as an Order of this Court, (b) vacates the Disallowance Order solely to the extent it relates to the Claim, (c) disallows the Claim pursuant to Section 502(e)(1)(B) of the Bankruptcy Code (without prejudice to (i) Countrywide's right to move the Court to reconsider the Claim pursuant to Section 502(j) of the Bankruptcy Code, and (ii) the Trustee's right to oppose any such motion to reconsider the Claim), and (d) provides for this Court's retention of jurisdiction of any dispute relating hereto.

I certify under penalty of perjury that the foregoing is true and correct.

Wilmington, Delaware
Dated:   July 23, 2012

Respectfully submitted,

By:     /s/ *Patrick A. Jackson*
        Sean M. Beach(No. 4070)
        Patrick A. Jackson (No. 4976)
        YOUNG, CONAWAY, STARGATT &
        TAYLOR, LLP
        Rodney Square
        1000 North King Street
        Wilmington, DE 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        -- and --

        Mark S. Indelicato
        Edward L. Schnitzer
        HAHN & HESSEN LLP
        488 Madison Avenue
        New York, NY 10022
        Telephone:  (212) 478-7200
        Facsimile:  (212) 478-7400
        E-mail:  mindelicato@hahnhessen.com
                 eschnitzer@hahnhessen.com

01:12310304.1

US_ACTIVE-110093337.1

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, <u>et al.</u>, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**STIPULATION CONCERNING ORDER SUSTAINING PLAN TRUST'S
NINETY-EIGHTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

This **Stipulation Concerning Order Sustaining Plan Trust's Ninety-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1** (the "<u>Stipulation</u>") dated July ___, 2012, is made by and between Countrywide Securities Corporation ("<u>Countrywide</u>"); and Steven D. Sass (the "<u>Trustee</u>"), as liquidating trustee for the Plan Trust (as defined below) of American Home Mortgage Holdings, Inc. and their debtor-affiliates (collectively, the "<u>Debtors</u>"). Countrywide and the Trustee shall collectively be referred to as the "<u>Parties</u>."

**<u>RECITALS</u>**

WHEREAS, on or about August 6, 2007 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the Bankruptcy Court for the District of Delaware (the "<u>Court</u>");

WHEREAS, on or about October 30, 2007, the Court entered an order (the "<u>Bar Date Order</u>") establishing January 11, 2008 at 4:00 p.m. (ET) (the "<u>Bar Date</u>") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date.

WHEREAS, on or about February 23, 2009, the Court entered an order (the "<u>Confirmation Order</u>") (D.I. 7042) confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated As Of February 18, 2009 (the "<u>Plan</u>") (D.I. 7029);

WHEREAS, pursuant to, among other things, Article 8 of the Plan and Paragraph 11 of the Confirmation Order, the confirmed Plan contemplated the establishment of a plan trust (the "<u>Plan Trust</u>") from and after the effective date of the Plan (the "<u>Effective Date</u>"), pursuant to which, among other things, the Debtors' affairs would be wound down;

WHEREAS, on November 30, 2009, the Effective Date occurred;

WHEREAS, the Trustee is duly serving as trustee of the Plan Trust;

WHEREAS, on or about August 29, 2011, Countrywide filed that certain Claim No. 10922 (the "Claim") in the Debtor's bankruptcy case, asserting a contingent and unliquidated indemnification claim against the Debtor;

WHEREAS, on June 8, 2012, the Trustee filed the Plan Trust's Ninety-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection") (D.I. 10477) in which, *inter alia*, the Trustee sought the disallowance of the Claim as late filed;

WHEREAS, on July 9, 2012, the Court entered the Order Sustaining Plan Trust's Ninety-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Disallowance Order") (D.I. 10522), granting the Objection; and

WHEREAS, Countrywide has asserted that service of the Objection with respect to the Claim was deficient;

NOW, THEREFORE, subject to approval of the Court, the Parties agree as follows:

## STIPULATION

1.      Disallowance Order Vacated in Part.  Upon the Court's approval of this Stipulation, the Disallowance Order shall be vacated solely to the extent it relates to the Claim. Without limiting the foregoing, to the extent the Court disallowed the Claim in the Disallowance Order, the effect of any such disallowance is vacated retroactively to the date of entry of the Disallowance Order.

2.      Disallowance of Claim.  Upon the Court's approval of this Stipulation, the Claim shall be disallowed pursuant to Section 502(e)(1)(B) of the Bankruptcy Code, effective as of the date of the Court's approval of this Stipulation.

3.      Parties Not Prejudiced.  The disallowance of the Claim pursuant to paragraph 2 of this Stipulation is without prejudice to (i) Countrywide's right to move the Court to reconsider the Claim pursuant to Section 502(j) of the Bankruptcy Code, and (ii) the Trustee's right to oppose any such motion to reconsider the Claim on any grounds including those set forth in the Objection.  If and to the extent Countrywide moves the Court to reconsider the Claim, the Parties shall retain all rights, remedies, claims and defenses, as though such motion for reconsideration and other related requests for relief were filed as of the date of the Court's approval of this Stipulation.

4.      Approval by Bankruptcy Court.  In the event that the Bankruptcy Court denies approval of this Stipulation, this Stipulation shall be deemed null and void; the Parties' rights shall be preserved and restored as if this Stipulation had not been made; and no part of this Stipulation shall be admissible in evidence for any purpose.

5.     <u>Authority of Signatories</u>.  The persons executing this Stipulation on behalf of the Parties each represent and warrant that they have the authority to do so.

6.     <u>Binding Effective; Successors and Assigns</u>.  This Stipulation shall be binding upon the Parties and their respective successors and assigns and shall inure to the benefit of the Parties and each of their respective successors and assigns.

7.     <u>Interpretation</u>.  The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, accordingly, no inferences shall be drawn against any party on the basis of authorship of all or part of this Stipulation.  The underlined paragraph headings used in connection with this Stipulation are inserted for convenience only and will not affect in any way the meaning or interpretation of this Stipulation.

8.     <u>Entire Agreement</u>.  This Stipulation represents the entire agreement of the Parties with respect to the subject matter hereof, and all prior negotiations, understandings and agreements are incorporated herein.  This Stipulation may not be modified, changed, amended, supplemented or rescinded except pursuant to a written instrument signed by both of the Parties.

9.     <u>Non-Severability</u>.  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall invalidate the remainder of this Stipulation.

10.     <u>Counterparts</u>.   This Stipulation may be executed in one or more counterparts, including by facsimile or .pdf, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

01:12310315.1

**FOR THE TRUSTEE:**

By: _/s/ Edward L. Schnitzer_
    Mark S. Indelicato
    Edward L. Schnitzer
    HAHN & HESSEN LLP
    488 Madison Avenue
    New York, NY 10022
    Telephone:  (212) 478-7200
    Facsimile:  (212) 478-7400
    E-mail:  mindelicato@hahnhessen.com
        eschnitzer@hahnhessen.com

Dated: July 23, 2012

*Counsel for Steven D. Sass, as Liquidating Trustee*

**FOR COUNTRYWIDE:**

By: _/s/ Timothy P. Reiley_
    Richard A. Robinson (No. 5059)
    Timothy P. Reiley (No. 5435)
    REED SMITH LLP
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone:  (302) 778-7500
    Facsimile:  (302) 778-7575
    E-mail:  rrobinson@reedsmith.com
        treiley@reedsmith.com

Dated: July 23, 2012

*Counsel for Countrywide Securities Corporation*

01:12310315.1

**EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE HOLDINGS, | ) | Case No. 07-11047 (CSS) |
| INC., a Delaware corporation, <u>et</u> <u>al.</u>, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### ORDER APPROVING STIPULATION CONCERNING ORDER SUSTAINING PLAN TRUST'S NINETY-EIGHTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY <u>CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1</u>

Upon consideration of the Stipulation Concerning Order Sustaining Plan Trust's Ninety-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "<u>Stipulation</u>"), attached as <u>Exhibit 1</u> to the Certification of Counsel Concerning the Stipulation and incorporated herein, and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED THAT, the Stipulation is APPROVED;

ORDERED THAT, the Disallowance Order[1] is vacated solely to the extent it relates to the Claim;

ORDERED THAT, the Claim shall be disallowed pursuant to Section 502(e)(1)(B) of the Bankruptcy Code, effective as of the date of this Order;

ORDERED THAT, the disallowance of the Claim pursuant to this Order is without prejudice to (i) Countrywide's right to move the Court to reconsider the Claim pursuant to Section 502(j) of the Bankruptcy Code, and (ii) the Trustee's right to oppose any such motion to reconsider the Claim on any grounds including those set forth in the Objection.  If and to the

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Stipulation.

extent Countrywide moves the Court to reconsider the Claim, the Parties shall retain all rights,

remedies, claims and defenses, as though such motion for reconsideration and other related

requests for relief were filed as of the date of this Order;

ORDERED THAT, to the extent of any inconsistency between this Order and the

Disallowance Order or the Stipulation, this Order shall control; and it is further

ORDERED THAT, this Court shall retain jurisdiction with respect to all matters arising

from or related to the interpretation and implementation of this Order.


Dated: _____, 2012
      Wilmington, Delaware             _____
                                     CHRISTOPHER S. SONTCHI
                                     UNITED STATES BANKRUPTCY JUDGE