## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Docket Ref. No. 9630**<br><br>**Response Deadline: September 11, 2012 at 4:00 PM (ET)**<br>**Hearing Date: September 18, 2012 at 2:00 PM (ET)** |

## NOTICE OF PLAN TRUST'S OBJECTION TO LEWISVILLE INDEPENDENT SCHOOL DISTRICT'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(1)(B)(i)

TO:    (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) COUNSEL FOR THE LEWISVILLE INDEPENDENT SCHOOL DISTRICT; (III) COUNSEL FOR THE PLAN OVERSIGHT COMMITTEE; AND (IV) THOSE PARTIES WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002, IN ACCORDANCE WITH DEL. BANKR. L.R. 2002-1(b).

PLEASE TAKE NOTICE that Steven S. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), has filed the **Plan Trust's Objection to Lewisville Independent School District's Request for Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(B)(i)** (the "Objection") with the United States Bankruptcy Court for the District of Delaware. As set forth in the Objection, the Plan Trust seeks to modify and reduce your administrative expense claim.

PLEASE TAKE FURTHER NOTICE that responses to the Objection, if any, must be filed on or before **September 11, 2012 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Plan Trustee so that the response is received on or before the Response Deadline.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

PLEASE TAKE FURTHER NOTICE that questions about the Objection should be directed to counsel for the Plan Trustee (Michael S. Neiburg, (302) 576-3590 or mneiburg@ycst.com). YOU SHOULD NOT CONTACT THE CLERK OF THE COURT TO DISCUSS THE MERITS OF YOUR CLAIM.

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE OBJECTION WILL BE HELD ON **SEPTEMBER 18, 2012 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801. YOU HAVE THE RIGHT TO APPEAR TELEPHONICALLY AT THE HEARING ON THE OBJECTION BY FOLLOWING THE PROCEDURES ESTABLISHED BY THE COURT AND AVAILABLE ON THE COURT'S WEBSITE: WWW.DEB.USCOURTS.GOV.

YOU MAY ALSO CONTACT THE UNDERSIGNED FOR A COPY OF THE TELEPHONIC APPEARANCE PROCEDURES.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: August 17, 2012        YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
      Wilmington, Delaware

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., a Delaware<br>corporation, et al.[1],<br><br>      Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Docket Ref. No. 9630**<br><br>**Response Deadline: September 11, 2012 at 4:00 PM (ET)**<br>**Hearing Date: September 18, 2012 at 2:00 PM (ET)** |

**PLAN TRUST'S OBJECTION TO LEWISVILLE INDEPENDENT SCHOOL
DISTRICT'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE
PURSUANT TO 11 U.S.C. § 503(b)(1)(B)(i)**

    Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors (the "Debtors"), hereby objects (the "Objection"), pursuant to section 502 of title 11 of

the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), to the *Request for*

*Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(B)(i)* [D.I. 9630] (the

"Admin Request") filed by the Lewisville Independent School District (the "Lewisville ISD") on

January 5, 2011, a copy of which is attached hereto as Exhibit A. By this Objection, the Plan

Trustee respectfully requests entry of an order, substantially in the form of the proposed order

(the "Proposed Order") attached hereto as Exhibit B, modifying by reducing and fixing the

Admin Request from $2,428.35 to $947.02 to reflect the Debtors' actual tax liabilities to the

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

Lewisville ISD.  In support of this Objection, the Plan Trustee submits the Declaration of Eileen Wanerka (the "Wanerka Decl.") attached hereto as Exhibit C.  In further support of this Objection, the Plan Trustee states as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1.    This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The statutory basis for the relief requested herein is section 502 of Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

### A.    The Chapter 11 Cases

3.    On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4.    The Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042].  The Plan became effective on November 30, 2010 (the "Plan Effective Date").

01:11658246.3

5.    Pursuant to the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust.  The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

**B.    The Sale to Indymac**

6.    In the weeks prior to the Petition Date, the Debtors operated hundreds of leased loan-production offices (the "Production Offices") at locations in forty-seven (47) states and the District of Columbia.  However, shortly prior to the Petition Date, the Debtors discontinued their loan-origination business in their Production Offices.  Wanerka Decl., ¶ 3.

7.    During the days leading up to the Petition Date, the Debtors, aided by their professional advisors, were in contact with certain entities in the mortgage industry that expressed an interest in taking immediate control of the Debtors' Production Offices.  In particular, Indymac Bank, F.S.B. ("Indymac") approached the Debtors and inquired as to the assumption and assignment of certain real property leases relating to the Debtors' Production Offices and the potential purchase of the furniture, fixtures and equipment located therein on an expedited basis.  Shortly thereafter, the Debtors and Indymac entered into negotiations concerning the potential sale.

8.    As a result of those negotiations, on August 7, 2007, the Debtors and Indymac entered into a letter agreement (the "Letter Agreement"), whereby Indymac agreed and was bound to take assignment of, and assume the liabilities under, ninety-eight (98) office leases (collectively, the "Assumed Office Leases"), and to purchase certain furniture, fixtures and equipment (the "FF&E") located therein.

9.    On August 24, 2007, the Court entered an order approving the Letter Agreement [D.I. 357] (the "Original Sale Order"). The Original Sale Order authorized the Debtors to, among other things, consummate the Sale by assuming and assigning the Assumed Office Leases and selling the FF&E to Indymac.

10.    Prior to closing the sale, however, Indymac requested that the Debtors remove fifteen (15) leases (the "Rejected Office Leases") from the list of Assumed Office Leases to be assigned. After additional negotiations with Indymac and a full evaluation of Indymac's request, the Debtors agreed to the removal of the Rejected Office Leases.

11.    Accordingly, on February 22, 2008, the Debtors moved the Court for an order modifying the terms of the Letter Agreement and the Original Sale Order and authorizing the Debtors to reject the Rejected Office Leases and to abandon the personal property therein [D.I. 3059]. In connection with this motion, the Debtors also filed with the Court the final Asset Purchase Agreement by and between American Home Mortgage Corp. and American Home Mortgage Holdings, Inc. and Indymac [D.I. 3061] (the "APA").

12.    On February 28, 2008, the Court entered an order that (i) approved the final version of the APA, and (ii) authorized the Debtors to reject the Rejected Office Leases and to abandon any personal property located in those Production Offices [D.I. 3114] (the "Final Sale Order"). According to the Final Sale Order, the Rejected Office Leases were deemed rejected pursuant to section 365(a) of the Bankruptcy Code as of February 29, 2008, and "[a]ny FF&E remaining at the premises of the Rejected Office Leases as of February 29, 2008 shall be deemed abandoned pursuant to 11 U.S.C. § 554(a) effective as of February 29, 2008."

C.    **The Lewisville ISD's Admin Request**

13.    On January 5, 2011, the Lewisville ISD filed the Admin Request asserting an administrative expense tax claim in the total amount of $2,428.35 for 2008, 2009 and 2010 *ad valorem* taxes on the Debtors' business personal property located within the Lewisville ISD's taxing jurisdiction.  The Admin Request includes a copy of a tax bill attached thereto as Exhibit A (the "Tax Bill").  According to the Tax Bill, the claimed taxes accrued in connection with the Debtors' personal property located at "3305 Long Prairie #115, Flower Mound" (the "Texas Production Office").  Wanerka Decl., ¶ 4.  The Lewisville ISD asserts that the Debtors became liable for the following amounts:  $947.02 for tax year 2008, $881.41 for tax year 2009, and $599.92 for tax year 2010.  *See* Admin Request, p. 2.  The Admin Request further asserted that these liabilities accrued post-petition on January 1st of each year, at which time a first-priority lien also attached to the Debtors' personal property.  *Id.* at p. 1.

14.    Contrary to the Lewisville ISD's assertions, the Debtors have no liability for the claimed 2009 and 2010 taxes.  The lease applicable to the Texas Production Office is one of the Rejected Office Leases.  *See* Final Sale Order, Exhibit B and Wanerka Decl., ¶ 5.  In accordance with the Final Sale Order, any of the Debtors' personal property remaining at the Texas Production Office was deemed abandoned as of February 29, 2008.  *Id.*  Thus, the Debtors had no personal property located within the taxing authority's jurisdiction during 2009 and 2010.

## OBJECTION

15.    By this Objection, the Plan Trustee respectfully requests, pursuant to Section 502 of the Bankruptcy Code, that the Court enter the Proposed Order modifying by reducing and fixing the Lewisville ISD's administrative expense claim from $2,428.35 to

$947.02 to accurately reflect the amounts owed by the Plan Trust (as assignee of the Debtors' estates pursuant to the Plan) on account of the 2008 business personal property taxes.

16.    Section 503 of the Bankruptcy Code does provide that tax claims may be allowed as administrative expenses in certain circumstances. *See* 11 U.S.C. § 503(b)(1)(B)(i). However, section 502 provides that upon objection, a court shall disallow a claim that is unenforceable against the debtor and the property of the debtor under applicable law. 11 U.S.C. § 502(b)(1).

17.    Section 554 of the Bankruptcy Code expressly provides that "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Property abandoned under this section "ceases to be part of the estate." *Dewsnup v. Timm* (*In re Dewsnup*), 908 F.2d 588, 590 (10th Cir. 1990) (citations omitted), *aff'd*, 502 U.S. 410 (1992). Moreover, abandoned property "is not property administered by the estate." *Id.*

18.    Here, the Lewisville ISD's Admin Request asserts an alleged secured *ad valorem* tax on the Debtors' business personal property in the total amount of $2,428.35 arising out of the tax years 2008, 2009, and 2010. However, as noted above, under the Final Sale Order, as of February 29, 2008, the real property lease applicable to the Texas Production Office was rejected, and any personal property therein was abandoned and was no longer property of the Debtors' estates. Consequently, the Debtors had no personal property within Lewisville ISD's jurisdiction as of the 2009 and 2010 assessment dates and have no liability for property taxes for 2009 and 2010.

19.    Therefore, the Plan Trustee respectfully requests that the taxes claimed for 2009 ($881.41) and 2010 ($599.92) be denied in full such that the Admin Request be modified

8

and fixed at an allowed administrative expense claim in the total amount of $947.02 on account of the 2008 tax year.

20.    Furthermore, to the extent that the alleged tax claim described in the Admin Request purports to be secured by a tax lien upon any property of the Debtors' estates or of the Plan Trust (as assignee of the Debtors' estates pursuant to the Plan), such tax lien must be null and void as a violation of the automatic stay pursuant to 11 U.S.C. § 362 and the plan injunction pursuant to Article 12, Section A of the Plan.

## RESERVATION OF RIGHTS

21.    Nothing contained in this Objection shall be deemed an admission by the Plan Trustee of liability on any claims against the Debtors' estates or the Plan Trust, and the Plan Trustee does not waive any rights against any party.  The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection in response to any information obtained from the Lewisville ISD.

*[Remainder of page intentionally left blank]*

9

01:11658246.3

WHEREFORE, for the foregoing reasons, the Plan Trustee respectfully requests that the Court enter the Proposed Order and grant the Plan Trustee such other and further relief as the Court deems just and proper.

Dated: August 17, 2012
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

01:11658246.3

**Exhibit A**

**ADMIN REQUEST**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11** |
| | § | |
| **AMERICAN HOME MORTGAGE** | § | **CASE NO. 07-11047 (CSS)** |
| **HOLDINGS, INC., *et al.*** | § | |
| | § | |
| Debtors. | § | **Jointly Administered** |
| | § | |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE
PURSUANT TO 11 U.S.C. §503(b)(1)(B)(i)**

Now comes the Lewisville Independent School District (hereinafter "LISD") and files its Request for Payment of Administrative Expense Pursuant to 11 U.S.C. §503(b)(1)(B)(i).  In support of its Request, LISD would respectfully show the following:

1.      LISD is a taxing authority duly organized under the laws of the State of Texas and is authorized to impose and collect ad valorem taxes on property located within its jurisdiction on January 1st of each year.

2.      On January 1, 2008, January 1, 2009, and January 1, 2010 after the commencement of these cases, Debtor became liable for the 2008, 2009 and 2010 ad valorem taxes respectively assessed by Claimant on Debtor's business personal property located in Claimant's taxing jurisdiction pursuant to Texas Tax Code §32.07.

3.      In addition, on January 1 of each tax year, a first priority lien attached to Debtor's personal property located in Claimant's taxing jurisdiction to secure payment of the ad valorem taxes, respectively, pursuant to Texas Tax Code §§32.01(a) and 32.05(b).

1

4.      Pursuant to 11 U.S.C. § 503(b)(1)(B) and the Administrative Bar Date, Claimant hereby files this request for payment and seeks allowance of its administrative claim for the 2008, 2009 and 2010 taxes in the total amount of $2,428.35 consisting of the following:

> 2008 Tax Liability (as of January 1, 2011)        $947.02
>
> 2009 Tax Liability (as of January 1, 2011)        $881.41
>
> 2010 Tax Liability (as of January 1, 2011)        $599.92[1]

5.      Payments, if any, on this claim have been credited and deducted for purposes of making this claim.

WHEREFORE, premises considered, Lewisville Independent School District respectfully requests that its administrative claim for 2008, 2009 and 2010 tax liabilities be allowed, including amounts continuing to accrue under state law, requests payment of such claims in accordance with Debtors' Plan, and further requests such other relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Andrea Sheehan
Andrea Sheehan
Texas Bar No. 24002935
Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, Texas 75205
(214) 521-8000 Telephone
(214) 521-1738 Facsimile

ATTORNEYS FOR LEWISVILLE
INDEPENDENT SCHOOL DISTRICT

---

[1] Copies of detailed tax records for Account 946682DEN from the Denton County Tax Assessor / Collector, the tax assessor for Lewisville Independent School District ("LISD") are attached hereto as Exhibit A. LISD is identified in the attached Exhibit A as "Unit S09".

2

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the foregoing  Request

for Payment of Administrative Expense to the parties listed below via electronic delivery through

the Court's CM/ECF system and/or United States first class mail this 5th day of January, 2011.

Sean M. Beach
Patrick A. Jackson
Young, Conaway, Stargatt & Taylor
1000 West Street
17th Floor
Wilmington, DE 19801

Mark S. Indelicato
Edward L. Schnitzer
Hahn & Hessen LLP
488 Madison Avenue
New York, New York 10022

Steven D. Sass
AHM Liquidating Trust
P.O. Box 10550
Melville, NY 11747

Tax Office

Page 1 of 1

**Property Tax Record**

[ New Search ]

| | |
|---|---|
| Account: 946682DEN | |
| APD: P946682 | |
| Location: 0003305LONG PRAIRIE RD | |
| Legal: PERSONAL PROPERTY - MORTGAGE C | |
| OMPANY LOCATION: 3305 LONG PRA | |
| IRIE #115, FLOWER MOUND | |
| Owner: AMERICAN HOME MORTGAGE CORP | |
| 538 BROADHOLLOW RD | |
| MELVILLE NY 11747-367 | |

| | |
|---|---|
| Acres: 0.000 | |
| Yr Built: 0 | |
| Sq Ft: 0 | |
| Def. Start: NONE | |
| Def. End: NONE | |
| Roll: P | |
| UDI: 100% | |

| | |
|---|---|
| 2010 Values | |
| Personal | 38227 |
| 2010 Exemptions | |

Click on the e-Payment button to make a credit card or eCheck payment

[ Current status ]  [ All years ]        [ Tax Estimator ]  [ e-Payment ]  [ e-Statement ]

| Year | Unit | Levy Amount | Amount Paid | Levy Due | Penalty | Interest | Col Penalty | Total Due | Receipt Date |
|---|---|---|---|---|---|---|---|---|---|
| 2010 | 061 | 115.17 | 0.00 | 115.17 | 0.00 | 0.00 | 0.00 | 115.17 | -- |
| 2010 | C07 | 189.10 | 0.00 | 189.10 | 0.00 | 0.00 | 0.00 | 189.10 | -- |
| 2010 | S09 | 599.92 | 0.00 | 599.92 | 0.00 | 0.00 | 0.00 | 599.92 | -- |
| 2010 Totals | | 904.19 | 0.00 | 904.19 | 0.00 | 0.00 | 0.00 | 904.19 | |
| 2009 | 061 | 105.04 | 0.00 | 105.04 | 12.61 | 12.61 | 26.05 | 156.31 | -- |
| 2009 | C07 | 189.10 | 0.00 | 189.10 | 22.69 | 22.69 | 46.89 | 281.37 | -- |
| 2009 | S09 | 592.35 | 0.00 | 592.35 | 71.08 | 71.08 | 146.90 | 881.41 | -- |
| 2009 Totals | | 886.49 | 0.00 | 886.49 | 106.38 | 106.38 | 219.84 | 1,319.09 | |
| 2008 | 061 | 99.14 | 0.00 | 99.14 | 11.90 | 23.79 | 26.97 | 161.80 | -- |
| 2008 | C07 | 189.10 | 0.00 | 189.10 | 22.69 | 45.39 | 51.44 | 308.62 | -- |
| 2008 | S09 | 580.28 | 0.00 | 580.28 | 69.63 | 139.27 | 157.84 | 947.02 | -- |
| 2008 Totals | | 868.52 | 0.00 | 868.52 | 104.22 | 208.45 | 236.25 | 1,417.44 | |
| 2007 | 061 | 90.17 | 0.00 | 90.17 | 10.82 | 32.46 | 26.69 | 160.14 | -- |
| 2007 | C07 | 171.91 | 0.00 | 171.91 | 20.63 | 61.89 | 50.89 | 305.32 | -- |
| 2007 | S09 | 523.71 | 0.00 | 523.71 | 62.85 | 188.54 | 116.27 | 891.37 | -- |
| 2007 Totals | | 785.79 | 0.00 | 785.79 | 94.30 | 282.89 | 193.85 | 1,356.83 | |
| 2006 | 061 | 99.10 | 99.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11/7/2006 |
| 2006 | C07 | 192.16 | 192.16 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11/7/2006 |
| 2006 | S09 | 700.78 | 700.78 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11/7/2006 |
| 2006 Totals | | 992.04 | 992.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 2005 | 061 | 43.62 | 43.62 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11/17/2005 |
| 2005 | C07 | 79.56 | 79.56 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11/17/2005 |
| 2005 | S09 | 313.17 | 313.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11/17/2005 |
| 2005 Totals | | 436.35 | 436.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Grand Totals | | 4,873.38 | 1,428.39 | 3,444.99 | 304.90 | 597.72 | 649.94 | 4,997.55 | |

Read our Privacy Policy

Steve Mossman
Denton County Tax Assessor/Collector

Copyright© 2010 All Rights Reserved.
Site Design by Spindlemedia



Exhibit "A"

## Exhibit B

### PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1], | Jointly Administered |
| | **Docket Ref. No. 9630** |
| Debtors. | |

### ORDER SUSTAINING PLAN TRUST'S OBJECTION TO LEWISVILLE INDEPENDENT SCHOOL DISTRICT'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(1)(B)(i)

Upon consideration of the *Plan Trust's Objection to Lewisville Independent School District's Request for Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(B)(i)* (the "Objection")[2] and the Admin Request; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding good and sufficient cause to sustain the Objection, and good and adequate notice of the Objection having been given under the circumstances; and the Court having determined that, for the reasons stated in the Objection, it is hereby:

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that (i) the taxes asserted by the Lewisville ISD for tax years 2009 and 2010 are hereby disallowed, with prejudice, and (ii) the Admin Request is hereby modified such that the amounts owed by the Plan Trust (as assignee of the Debtors' estates pursuant to the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The address for all of the Debtors is:  AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

Plan) to the Lewisville ISD shall be reduced and fixed at $947.02 to reflect the amounts owed on account of the asserted 2008 business personal property taxes; and it is further

ORDERED that any tax lien purporting to secure the tax indebtedness described in the Admin Request against property of the Debtors' estates or of the Plan Trust (as assignee of the Debtors' estates pursuant to the Plan) shall be null and void; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claim that is the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this order.

Dated: _____, 2012
      Wilmington, Delaware

                                             _____
                                           The Honorable Christopher S. Sontchi
                                           United States Bankruptcy Judge

**Exhibit C**

**WANERKA DECLARATION**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1], | Jointly Administered |
| Debtors. | |

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF
### PLAN TRUST'S OBJECTION TO LEWISVILLE INDEPENDENT SCHOOL
### DISTRICT'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE
### PURSUANT TO 11 U.S.C. § 503(B)(1)(B)(I)

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.        I am the Director of Claims Administration for the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan.  In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the *Plan Trust's Objection to Lewisville Independent School District's Request for Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(B)(i)* (the "Objection"),[2] and am directly, or by and through my personnel or agents, familiar with the information contained therein and the exhibits attached thereto.

2.        The information contained in the Objection is true and correct to the best of my knowledge.

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The address for all of the Debtors is:  AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]        Capitalized terms used but not defined herein have the meanings ascribed to them in the Objection.

3.      Based on a thorough review of the Debtors' records, the Plan Trustee has determined that: (i) prior to the Petition Date, the Debtors operated hundreds of Production Offices at locations in a majority of states, including Texas; and (ii) the Debtors discontinued their Loan Origination Business in their Production Offices prior to the Petition Date.

4.      Considerable resources and time have been expended in reviewing and reconciling the Admin Request filed by the Lewisville ISD.   The tax claims therein were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel.   These efforts resulted in the conclusion that the 2008, 2009 and 2010 *ad valorem* taxes asserted by the Lewisville ISD were assessed on the Debtors' business personal property allegedly located at 3305 Long Prairie #115, Flower Mound, Texas (the "Texas Production Office").

5.      Based on my review of the Final Sale Order and Exhibit B attached thereto, as of February 29, 2008, the real property lease applicable to the Texas Production Office was deemed rejected, and any of the Debtors' personal property remaining at the Texas Production Office was deemed abandoned.   Accordingly, as of February 29, 2008, the Debtors had no business personal property within the Lewisville ISD's jurisdiction.

*[Signature page follows]*

2

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 17, 2012

Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

3