## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.[1],<br><br>              Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Docket Ref. No. 9608**<br><br>Response Deadline: September 11, 2012 at 4:00 PM (ET)<br>Hearing Date: September 18, 2012 at 2:00 PM (ET) |

## NOTICE OF OBJECTION OF THE PLAN TRUSTEE TO PAUL M. DECK'S REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM SEEKING ADMINISTRATIVE CLAIM OF THIRTY-FOUR HUNDRED DOLLARS ($3,400.00) USC

TO:    (I) THE OFFICE OF THE UNITED STATES TRUSTEE; (II) PAUL M. DECK; (III) COUNSEL FOR THE PLAN OVERSIGHT COMMITTEE; AND (IV) THOSE PARTIES WHO HAVE REQUESTED NOTICE PURSUANT TO BANKRUPTCY RULE 2002, IN ACCORDANCE WITH DEL. BANKR. L.R. 2002-1(b).

PLEASE TAKE NOTICE that Steven S. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), has filed the **Objection of the Plan Trustee to Paul M. Deck's Request for Payment of Administrative Claim Seeking Administrative Claim of Thirty-Four Hundred Dollars ($3,400.00) USC** (the "Objection") with the United States Bankruptcy Court for the District of Delaware. As set forth in the Objection, the Plan Trust seeks to disallow your administrative expense claim.

PLEASE TAKE FURTHER NOTICE that responses to the Objection, if any, must be filed on or before **September 11, 2012 at 4:00 p.m. (ET)** (the "Response Deadline") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of the response upon the undersigned counsel to the Plan Trustee so that the response is received on or before the Response Deadline.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12388860.1

PLEASE TAKE FURTHER NOTICE that questions about the Objection should be directed to counsel for the Plan Trustee (Michael S. Neiburg, (302) 576-3590 or mneiburg@ycst.com). YOU SHOULD NOT CONTACT THE CLERK OF THE COURT TO DISCUSS THE MERITS OF YOUR CLAIM.

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE OBJECTION WILL BE HELD ON **SEPTEMBER 18, 2012 AT 2:00 P.M. (ET)** BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM NO. 6, WILMINGTON, DE 19801. YOU HAVE THE RIGHT TO APPEAR TELEPHONICALLY AT THE HEARING ON THE OBJECTION. A COPY OF THE COURT'S PROCEDURES REGARDING TELEPHONIC APPEARANCES IS ENCLOSED WITH THIS NOTICE.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: August 17, 2012
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

INSTRUCTIONS FOR TELEPHONIC APPEARANCES
EFFECTIVE JANUARY 5, 2005
Revised April 27, 2009

The United States Bankruptcy Court for the District of Delaware has arranged for parties to participate by telephonic appearance in hearings using CourtCall, an independent conference call company.

**Under no circumstances may any participant record or broadcast the proceedings conducted by the Bankruptcy Court.**

I.    POLICY GOVERNING TELEPHONIC APPEARANCES
      **Local counsel must appear in person in all matters before the court.**

      Telephonic appearances are allowed in all matters before Court except the following:

      1.  Trials and evidentiary hearings        -      all counsel and all witnesses must appear in person;

      2.  Chapter 11 status conferences          -      debtor and debtor's counsel must appear in person, other parties in interest may appear telephonically;

      3.  Chapter 11 confirmation hearings       -      debtor, debtor's counsel, and all objecting parties must appear in person;

      4.  Hearings on reaffirmation agreements   -      debtor must appear in person;

      5.  Any matter designated by the court as one requiring a personal appearance.

      No telephonic appearance will be allowed unless it is made through CourtCall pursuant to the procedures set forth in section II.

      Parties filing a motion, application or other pleading, including, without limitation, an objection or response thereto, may participate by telephonic appearance. Any party not submitting a pleading, but interested in monitoring the court's proceedings, may participate by telephonic appearance in "listen-only" mode.

      If an individual schedules a telephonic appearance and then fails to respond to the call of a matter on calendar, the court may pass the matter or may treat the failure to respond as a failure to appear. Individuals making use of the conference call service are cautioned that they do so at their own risk.

      To ensure the quality of the record, the use of car phones, cellular phones, speaker phones, public telephone booths or phones in other public places is prohibited. Each time you speak, you must identify yourself for the record. Do not place the call on hold at any time. When the Judge informs the participants that the hearing is completed, you may disconnect.

II.    SCHEDULING A TELEPHONIC APPEARANCE

    1.    Participants must notify CourtCall by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business days prior to the hearing.  Individual Chambers must be contacted regarding any late requests for telephonic appearances.

    2.    Participants must provide the following information:

        a.  Case name and number
        b.  Name of Judge
        c.  Hearing date and time
        d.  Name, address, phone number of participant
        e.  Party whom participant represents
        f.  Matter on which the participant wishes to be heard or whether the participant intends to monitor the proceeding in "listen-only" mode.

    3.    Participants intending to be heard by the Bankruptcy Court must send written notification to debtor's counsel and/or opposing counsel providing same information as above.

    4.    Participants will receive fax confirmation and instructions for telephonic appearance from CourtCall.   It is the participant's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing.

    5.    Any questions about telephonic appearances should be directed to CourtCall at 866-582-6878.

III.    FEES

The fee for the telephonic appearance is fixed by CourtCall depending on the length of time the participant is on the call, regardless of whether the participant is actually heard by the Bankruptcy Court or is in "listen only" mode. Each participant will be charged or billed an initial fee of $50.00 at the time of reservation with CourtCall, with appropriate increments, if any, to be charged or billed based upon the Fee Rate.

The Fee Rate for telephonic appearances is as follows:

| Call Length | Fee |
| --- | --- |
| 0-90 minutes | $ 50.00 |
| 91-180 minutes | $ 80.00 |
| 181-270 minutes | $120.00 |
| 271-360 minutes | $160.00 |
| 361 minutes and above | $ 40.00 per each additional 90 minute increment |

There are no subscription fees and no special equipment is required to use the service.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Jointly Administered |
| | **Docket Ref. No. 9608** |
| Debtors. | Response Deadline: September 11, 2012 at 4:00 PM (ET) |
| | Hearing Date: September 18, 2012 at 2:00 PM (ET) |

### OBJECTION OF THE PLAN TRUSTEE TO PAUL M. DECK'S REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM SEEKING ADMINISTRATIVE CLAIM OF THIRTY-FOUR HUNDRED DOLLARS ($3,400.00) USC

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the Debtors")[2], submits this objection (the "Objection"), pursuant to 11 U.S.C. §§ 502, 503, 510(b), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to Paul M. Deck's ("Deck") Request for Payment of Administrative Claim Seeking Administrative Claim of Thirty-Four Hundred Dollars ($3,400.00) USC [D.I. 9608] (the "Application"), a copy of which is attached hereto as Exhibit A. In support of the Objection, the Plan Trustee respectfully represents as follows:

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

01:12388860.1

## BACKGROUND

1.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

2.      The Plan was confirmed under section 1129 of the Bankruptcy Code by order dated February 23, 2009 [D.I. 7042] (the "Confirmation Order"). The Plan became effective on November 30, 2010 (the "Effective Date").

3.      Pursuant to the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

### A.      General Bar Date

4.      By order dated October 30, 2007 (the "Bar Date Order"), the Bankruptcy Court established January 11, 2008 at 4:00 p.m. (prevailing Eastern Time) as the last date and time for the filing of proofs of claim for prepetition claims in these chapter 11 cases (the "General Bar Date"). Pursuant to the Bar Date Order, the Bankruptcy Court required that "any entity holding a prepetition claim against the Debtors [was required to] file a proof of claim …on or before January 11, 2008." (Bar Date Order, ¶ 5). In addition, the Bankruptcy Court held that any entity which failed to abide by the Bar Date Order "shall not be treated as a creditor for

purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim." (Bar Date Order, ¶ 15).

5.      On or about November 6, 2007, the Debtors' court-approved claims and noticing agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent" or "Epiq") (a) mailed a Bar Date Notice Package (including a copy of the Bar Date Notice and a Proof of Claim Form) to all known entities holding potential pre-petition claims and their counsel (if known), all parties that have requested notice in these cases, all equity holders, all indenture trustees, the Office of the United States Trustee and all taxing authorities for the jurisdictions in which the Debtors conducted business; and (b) published the Bar Date Notice in the Dallas Morning Star, Saint Louis Post-Dispatch, and the national edition of The New York Times.

**B.      Administrative Bar Date**

6.      The Plan provides that: "requests for payment of Administrative Claims must be Filed and served…no later than (a) thirty (30) days after a notice of the Effective Date is filed with the Bankruptcy Court and served." (Plan, Art. 3(B)(2)). On the Effective Date, the Debtors filed the Notice of (I) Occurrence of the Effective Date of the Plan; (II) Deadlines to File Administrative Claims, Professional Claims, Rejection Damages Claims, and Subordination Statements, and to Submit Invoices for Indenture Trustee Expenses; and (III) Appointment of Borrower Information Ombudsperson [Docket No. 9519] (the "Effective Date Notice"). The Effective Date Notice clearly provides that requests for payment of Administrative Claims were to be filed and served no later than Wednesday, January 5, 2011 (the "Administrative Bar Date").

## THE DECK CLAIMS

7.      Prior to the Petition Date, on June 15, 2007, American Home Mortgage Investment Corp. ("AHM Investment") declared a quarterly cash dividend of $0.70 per share on AHM Investment's common stock that was to be paid on June 27, 2007 to all shareholders of

record as of July 9, 2007. On the same day, AHM Investment also declared a dividend on its

Series A Preferred Stock and Series B Preferred Stock to be paid on July 31, 2007 to

shareholders of record as of July 9, 2007.

8.     On July 28, 2007, AHM Investment announced its Board of Directors'

decision to delay payment of its quarterly cash dividend on AHM Investment's common stock

and the likely delayed payment of its quarterly cash dividends on its Series A Preferred Stock

and Series B Preferred Stock in order to preserve liquidity.

9.     The Debtors' books and records indicate that, prior to the Petition Date,

Deck held approximately 73.14 shares of AHM Investment common stock.

10.     On November 19, 2007, Deck filed a proof of claim in an unspecified

amount[3], which claim was assigned number 2533 by the Claims Agent ("Claim No. 2533"). On

the proof of claim form, Deck indicated the basis for Claim No. 2533 was the "purchase of

stock".

11.     On June 17, 2008, the Debtors filed the Tenth (Non-Substantive)

Objection to Claims Pursuant to 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and

3007, and Local Rule 3007-1 (the "10th Omnibus Objection"). Claim No. 2533 was included on

Exhibit C to the 10th Omnibus Objection, as such claim was "filed by a shareholder based solely

on ownership of stock of the Debtors, and not on account of damages or a claim against the

Debtors." The Debtors subsequently withdrew the 10th Omnibus Objection as it pertained to,

*inter alia*, Claim No. 2533.

12.     On March 6, 2009, the Debtors filed the Thirty-First (Substantive)

Objection to Claims Pursuant to 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and

3007, and Local Rule 3007-1 (the "31st Omnibus Objection"). Claim No. 2533 was included on

---

[3]     Deck did not identify which Debtor Claim No. 2533 was against.

Exhibit J to the 31st Omnibus Objection, as such claim was filed by a claimant "who own or owned equity interests in the Debtors and allege that, as a result of the Debtors' alleged fraud, misstatements or other securities violations, they suffered harm." The 31st Omnibus Objection further asserted that such claim was a Subordinated Claim (as that term is defined in the Plan).

13.    On April 6, 2009, the Court entered an Order Sustaining Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "31st Omnibus Order"). Pursuant to the 31st Omnibus Order, Claim No. 2533 was deemed a Subordinated Claim and "therefore subordinated in right of payment to other claims against the Debtors as provided for in the Plan."[4]

14.    On December 27, 2010, Deck filed his Application seeking allowance and payment of a administrative expense claim in the amount of $3,400.00 (the "Deck Claim"). In the Application, Deck asserts that he "sent a check in the amount of TWO-THOUSAND, FOUR HUNDRED DOLLARS ($2,400.00) to American Home Mortgage Investment Corp. on or about December 15, 2006" as an apparent equity investment. Deck further argues that:

> AMERICAN HOME MORTGAGE HOLDINGS INC. (A.K.A. AMERICAN HOME MORTGAGE INC.) further practiced FRAUD by announcing a 'special dividend payment' and then filing for BANKRUPTCY only one (1) day before said payment was to be made. It is the contention of CREDITOR, PAUL M. DECK that the aforementioned corporation did this with the express intent to lure in more investors. Application at ¶5.

15.    By the Application, Deck seeks reimbursement of his original investment of $2,400.00, plus an additional $1,000.00 for his costs (i.e., postage, copying, and time) as "a punitive measure" against the Debtors.

---

[4]    Claim No. 2533 was included on Exhibit J (Equity Fraud Claims) on the 31st Omnibus Order.

16.     The Deck Claim and Claim No. 2533 appear to seek duplicative relief since both arise from Deck's investment in AHM Investment.  Given that the Court has already entered an order declaring Claim No. 2533 a Subordinated Claim, the Deck Claim is redundant and has essentially been mooted.  Nonetheless, out of an abundance of caution, the Plan Trustee hereby objects to the Deck Claim.

## JURISDICTION

17.     The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

18.     The statutory predicates for the relief requested herein are sections 502, 503 and 510(b) of the Bankruptcy Code and Rules 3003 and 3007 of the Bankruptcy Rules.

## RELIEF REQUESTED

19.     The Plan Trustee objects to the allowance of the Deck Claim as an administrative expense of the estate and seeks the entry of an order (i) disallowing and expunging the Deck Claim as duplicative of Claim No. 2533, or, alternatively, (ii) subordinating the Deck Claim to the payment of other allowed Claims in these chapter 11 cases pursuant to the Plan and section 510(b) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

**A.     The Deck Claim Should Be Denied in Full as Duplicative of Claim No. 2533**

20.     As noted above, the Deck Claim and Claim No. 2533 appear to be duplicative.  Accordingly, the Deck Claim should be denied in full since it seeks relief that is

duplicative of Claim No. 2533, which has already been declared a Subordinated Claim by the

31ˢᵗ Omnibus Order.

**B.      Deck's Equity Interest in AHM Investment is Subordinated
         Under the Plan and Section 510(b) of the Bankruptcy Code.**

21.     Even if Claim No. 2533 and the Deck Claim are not deemed duplicative,

the Deck Claim arising from his investment in AHM Investment is also subordinated under the

Plan and section 510(b) of the Bankruptcy Code.  Under the Plan, Interests[5] in AHM Investment

are classified in Class 2E.  Article 4.K. of the Plan provides that:

> Each of Classes 1D, 2D, 3D, 4D, 5D, 6D, 7D, 8D, 1E, 2D, 3E, 4E, 5E, 6E,
> 7E, and 8E, which are Impaired, consist of Subordinated Claims against
> all of the Debtors and Interests in all of the Debtors.
>
> Holders of Claims or Interests in Classes 1D, 2D, 3D, 4D, 5D, 6D, 7D,
> 8D, 1E, 2D, 3E, 4E, 5E, 6E, 7E, and 8E shall receive no distribution or
> dividend on account of such Claims or Interests.  The entry of the
> Confirmation Order shall act as an order approving and effecting the
> cancellation of all Interests (and all securities convertible or exercisable
> for or evidencing any other right in or with respect to the Interests)
> outstanding immediately prior to the Effective Date without any
> conversion thereof or distribution with respect thereto.
>
> Plan at Article 4.K.

22.     Subordinated Claim is defined in the Plan as:

> Any Claim (other than a Subordinated Trust Preferred Claim) that (i) is
> subordinate in right of payment to another Class of claims by (a) an
> agreement that is enforceable pursuant to § 510(a) of the Bankruptcy Code
> or (b) Order of the Bankruptcy Court pursuant to §§ 509(c) or 510(c) of
> the Bankruptcy Code, (ii) *arises from rescission of a purchase or sale of
> a security of any Debtor, for damages arising from the purchase or sale
> of such a security, or for reimbursement of contribution allowed under
> §502 of the Bankruptcy Code on account of such a Claim*, or (iii) is for
> any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive
> damages arising before the Petition Date, to the extent such fine, penalty,
> forfeiture, or damages are not compensation for actual pecuniary loss
> suffered by the Holder of such Claim.

---

[5]  Interest means, with respect to any Debtor, any "equity security" as such term is defined in Bankruptcy Code
Section 101(16).  Interests shall also include, without limitation, all stock, partnership, membership interest,
warrants, options, or other rights to purchase or acquire any equity interest in any Debtor.  Plan, Article 1.A.

01:12388860.1

7

Plan at Article 1.A. (emphasis added); see also 11 U.S.C. § 510(b) (providing for the subordination of claims for (i) rescission of a purchase or sale of a security of the debtor or an affiliate of the debtor, (ii) damages arising from the purchase or sale of such security, and (iii) reimbursement or contribution allowed under section 502 on account of any such claims).

23.    According to the Application, Deck made a prepetition equity investment in AHM Investment in the amount of $2,400.00. Additionally, while Deck's timing is incorrect, the Application appears to reference the quarterly cash dividend on AHM Investment's common stock that was declared on June 15, 2007, and subsequently delayed by AHM Investment's Board of Directors on July 28, 2007 (approximately 2 weeks prior to the Petition Date).

24.    As set forth above, any claim Deck may have for damages arising from the purchase of securities of AHM Investment is subordinated under the Plan and section 510(b) of the Bankruptcy Code. Additionally, Article 4.K. of the Plan provides that Interests in Class 2E shall not receive any distribution in these chapter 11 cases, and the entry of the Confirmation Order effected the cancellation of such Interests.

25.    Accordingly, Deck is not entitled to any distribution from the Plan Trust on account of his alleged Interest in AHM Investment, and any claims Deck may have for damages arising from such Interest are subordinated under the terms of the Plan and section 510(b) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

26.    Nothing contained in this Objection shall be deemed an admission by the Plan Trustee of liability on any claims against the Debtors' estates or the Plan Trust, and the Plan Trustee does not waive any rights against any party. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection in response to any information obtained from Deck.

01:12388860.1

8

## CONCLUSION

For the foregoing reasons, the Plan Trustee respectfully requests that this Court enter an order (i) denying the Application and (ii) expunging the Deck Claim as duplicative of Claim No. 2533, or alternatively, subordinating payment of the Deck Claim in accordance with section 510(b) of the Bankruptcy Code and the Plan.

Dated: August 17, 2012               YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
      Wilmington, Delaware

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Alison M. Ladd
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

01:12388860.1

9

# Exhibit A

# Application

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN HOME MORTGAGE HOLDINGS, INC | : | Chapter 11 |
| a Delaware Corporation, et. al | : | Case No. 07-11047 (CSS) |
| Debtors, | : | Jointly Administered |
| | : | |
| vs. | : | |
| | : | |
| PAUL M. DECK, | : | |
| PRO SE. | : | |
| Creditor. | : | |

REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM
SEEKING ADMINISTRATIVE CLAIM OF
THIRTY-FOUR HUNDRED DOLLARS ($3400,00) USC

TO THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI-UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Paul M. Deck, Creditor in the above-titled action, filing his
"REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM" and submits the following facts
in support thereof;

1). On December 06, 2010, Creditor PAUL M. DECK sent a letter via FIRST
CLASS, UNITED STATES MAIL as directed by "ORDER OF THE BANKRUPTCY COURT"
(dated NOVEMBER 30, 2010) to "DEBBIE LASKIN-PARALEGAL, YOUNG, CONAWAY,
STARGATT and TAYLOR, LLP. 1000 WEST ST. 17th FLOOR , P.O. BOX 391, WILMINGTON,
DE. 19801" requesting a copy of the "CONFIRMATION ORDER" as of the date of
Petitioner's "REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM" Petitioner has
NOT been afforded a copy of the aforementioned and is therefore 'going in
blind'-Petitioner asks this Honorable Court for latitude in this matter.

2). CREDITOR, PAUL M. DECK sent a check in the amount of TWO-THOUSAND, FOUR
HUNDRED DOLLARS ($2400.00) to AMERICAN HOME MORTGAGE INVESTMENT CORP. on
or about December 15, 2006.

3). That CREDITOR, PAUL M. DECK is the named and true account holder of
account number "0000010810" with AMERICAN HOME MORTGAGE INVESTMENT CORP.

4). It is the contention (and always has been) of CREDITOR, PAUL M. DECK,

- 1 -

that he was/has been DEFRAUDED by AMERICAN HOME MORTGAGE INVESTMENT CORP by their use of FRAUDULENT and UNSCRUPULOUS business practices.

5).  AMERICAN HOME MORTGAGE HOLDINGS INC. (A.K.A. AMERICAN HOME MORTGAGE INC.) further practiced FRAUD by annoucing a 'special dividend payment' and then filing for BANKRUPTCY only one (1) day before said payment was to be made. It is the contention of CREDITOR, PAUL M. DECK that the aforementioned -corporation did this with the express intent to lure in more investors.

6).  CREDITOR, PAUL M. DECK is claiming a reimbursement of (his original investment) TWENTY-FOUR HUNDRED DOLLARS ($2400.00). CREDITOR believes that he is owed more due to the unscrupulous business practice of the aforementioned corporation and seeks to be paid an additional ONE-THOUSAND DOLLARS ($1000.00), (postage, copying, time) for a TOTAL CLAIM of THIRTY-FOUR HUNDRED DOLLARS ($3400.00) as a punitive measure against AMERICAN HOME MORTGAGE HOLDINGS, INC. which CREDITOR believes to be a fair amount due to the time that the above-corporation held his funds in abeyance.

WHEREFORE CREDITOR, PAUL M. DECK requests that this HONORABLE COURT and HONORABLE JUDGE CHRISTOPHER S. SONTCHI will award/grant him his CLAIM of THIRTY-FOUR HUNDRED DOLLARS ($3400.00), for this your Petitioner ever prays.

DATED: December 27, ,2010

Respectfully submitted,

PAUL M. DECK, BW-0041
SCI-DALLAS
1000 FOLLIES RD.
DALLAS, PENNA. 18612-9515

- 2 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN HOME MORTGAGE HOLDINGS, INC.  :     Chapter 11
a Delaware Corp. et al.                :     Case No. 07-11047 (CSS)
               DEBTOR,                  :     Jointly Administered
                                        :
               VS.                      :
                                        :
PAUL M. DECK,                           :
               CREDITOR,                :

## VERIFICATION

I, PAUL M. DECK, state that the averments made in the foregoing "REQUEST
FOR PAYMENT OF ADMINISTRATIVE CLAIM" are true and correct  upon my personal
knowledge, information and belief. This satement is made subject to the
penalties of perjury-relating to unsworn falsification to authorities.

DATED: December 27 , 2010

Respectfully submitted,

PAUL M. DECK, BW-0041
SCI-DALLAS
1000 FOLLIES RD.
DALLAS, PENNA. 18612-9515

- 3 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Chapter 11
a Delaware corporation, et al.          :    Case No. 07-11047 (CSS)
                    DEBTORS,             :    Jointly Administered
                                         :
              vs.                        :
                                         :
PAUL M. DECK                             :
                    CREDITOR,            :

### CERTIFICATE OF SERVICE

I **PAUL M. DECK**, hereby certify that on this 27th day of DECEMBER, 2010, I duly served a true and correct copy of Petitioner's "REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM" upon the person(s) listed below and in the manner indicated.

Service by pre-paid, FIRST CLASS UNITED STATES MAIL and sent to:

COUNSEL FOR THE DEBTOR:
YOUNG, CONAWAY, STARGATT and TAYLOR, LLP
SEAN M. BEACH
PATRICK A. JACKSON              COUNSEL FOR PLAN TRUSTEE:
1000 WEST ST., 17th FLOOR       HAHN and HESSEN, LLP
P.O. BOX 391                    MARK S. INDELICATO
WILMINGTON, DE. 19801           EDWARD L. SCHNITZER
                                488 MADISON AVE.
                                NEW YORK, N.Y. 10022

THE PLAN TRUSTEE:
STEVEN D. SASS
AHM LIQUIDATING TRUST
P.O. BOX 10550
MELVILLE, N.Y. 11747

DATED: December 27 , 2010          Respectfully submitted,

                                   PAUL M. DECK, BW-0041
                                   SCI-DALLAS
                                   1000 FOLLIES RD.
                                   DALLAS, PENNA. 18612-9515

- 4 -

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

**In Re:**
American Home Mortgage Holdings, Inc.

**Case No.:**07−11047−CSS

**Chapter:**11

### ADMINISTRATIVE CLAIM NOTICE

Your administrative expense claim has been received, and has been added to the docket and the claims register in this bankruptcy case. Your claim will not be noticed for a hearing at this time. You will receive written notice in the future when your administrative expense claim will be scheduled for a hearing.

BY THE COURT

Date: 12/30/10

David D. Bird, *Clerk of Court*

(VAN−439)

# Notice Recipients

District/Off: 0311−1                  User: Matt                      Date Created: 12/30/2010
Case: 07−11047−CSS              Form ID: van439                Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
intp         Paul M. Deck
                                                                            TOTAL: 1