IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
      Debtors.                                                   :
                                                                 :   Response Deadline: September 11, 2012 at 4:00 p.m. (ET)
                                                                 :   Hearing Date: September 18, 2012 at 2:00 p.m. (ET)
---------------------------------------------------------------- x

**PLAN TRUST'S ONE HUNDRED SECOND OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A, B and C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full, modifying or reclassifying such Disputed Claims as described herein. In support of this

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12382323.1

Objection, the Plan Trust relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's One Hundred Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 4, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

01:12382323.1

**BAR DATE AND PROOFS OF CLAIM**

5.  On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.  On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.  To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

01:12382323.1

**RELIEF REQUESTED**

8.  By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full, modifying or reclassifying the Disputed Claims listed in Exhibits A, B and C to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

A.  **Modified Amount Claims**

9.  The claimants asserting the claims identified in Exhibit A to the Proposed Order (the "Modified Amount Claims") asserted amounts that are higher than the amounts of liability reflected in the Debtors' books and records. Consequently, the Plan Trustee believes the amounts of the Modified Amount Claims identified, or otherwise substantiated by the claimants' supporting documentation, under the column titled "Objectionable Claim" in Exhibit A should be modified by reducing the amount to the dollar values listed under the column titled "Modified Amount" in Exhibit A.

10. Failure to modify the Modified Amount Claims as set forth in Exhibit A will result in each claimant receiving an improper claim amount to the detriment of other creditors in these cases. Accordingly, the Plan Trust hereby objects to the Modified Amount Claims and requests entry of an order modifying and reducing the values of the Modified Amount Claims as set forth in Exhibit A.

B.  **No Liability Claim**

11. After reviewing the claim identified in Exhibit B to the Proposed Order (the "No Liability Claims") and supporting materials as well as the Debtors' books and records, which the Plan Trust believes to be accurate, the Plan Trust has determined that the Debtors are not liable with respect to the No Liability Claim. Moreover, the Plan Trust cannot justify this

01:12382323.1

claim as valid. Consequently, the Plan Trust believes the No Liability Claim identified in Exhibit B should be disallowed and expunged in its entirety. Failure to disallow the No Liability Claim will result in the claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Plan Trust hereby objects to the No Liability Claim and requests entry of an order disallowing and expunging in full the No Liability Claim identified in Exhibit B.

### C. Reclassified Claims

12. The claimants asserting the claims identified on Exhibit C to the Proposed Order (the "Reclassified Claims") asserted that such claims are entitled to secured status. After reconciling the Reclassified Claims against the Debtors' books and records, the Plan Trust has determined that these claims are not entitled to secured status. To the contrary, to Plan Trust believes that these claims are entitled only to general unsecured status. Consequently, the Plan Trust believes that the Reclassified Claims should be reclassified as indicated in the "Modified Amount" column in Exhibit C.

### BORROWER CLAIMS

13. Certain of the claims being addressed by the Objection are "Borrower Claims" as that term is defined in the Plan. Specifically, the (i) No Liability Claim filed by Trinidad Cruz (POC No. 6536); (ii) Reclassified Claim filed by Saul Lopez & Carlos Torres (POC No. 6537); and (iii) Reclassified Claim filed by Antonio Solis (POC No. 6535), are Borrower Claims. Each of these claimants is represented by the same attorney. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. In accordance with Article 17 of the Plan, counsel to the Plan Trustee sent a letter to common counsel to Mr. Cruz, Mr. Lopez, Mr. Torres and Mr. Solis (collectively, the "Borrower Claimants") seeking supporting information to establish the prima facie validity of a

01:12382323.1

5

claim, withdrawal of a claim and/or settlement to reassign their respective claims as indicated on the applicable exhibit. To date, a response from the Borrower Claimants' counsel has not been received. Additionally, the Plan Trustee has attached a certification of counsel attached hereto as <u>Exhibit II</u>, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order

### RESERVATION OF RIGHTS

14. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

### NOTICE

15. The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit III</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: August 17, 2012  YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
       Wilmington, Delaware

/s/ *Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

01:12382323.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                                             :  Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                                   :
                                                                   :  Jointly Administered
         Debtors.                                                  :
------------------------------------------------------------------ x
```

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S
ONE HUNDRED SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1. I am the Director of Claims Administration for the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's One Hundred Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12382323.1

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC. These efforts resulted in the identification of the "Modified Amount Claims", "No Liability Claim", and "Reclassified Claims", as defined in the Objection and identified on Exhibits A, B and C to the Proposed Order.

3.      The information contained in Exhibits A, B and C to the Proposed Order is true and correct to the best of my knowledge.

4.      The Plan Trust has reviewed the Debtors' books and records and determined that the claims identified in Exhibit A to the Proposed Order should be modified and/or fixed to the amounts listed in Exhibit A. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Plan Trustee seeks to modify by fixing the Modified Amount Claims.

5.      The Plan Trust has reviewed the No Liability Claim, related supporting documentation, and the Debtors' books and records and determined that they have no record of any liability on account of the claim identified in Exhibit B to the Proposed Order. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Plan Trust seeks to expunge and disallow in full the No Liability Claim.

6.      The Plan Trust has reviewed the Debtors' books and records and determined that the claims identified in Exhibit C to the Proposed Order should be reclassified to the priority levels listed on Exhibit C. Accordingly, to prevent the claimants from receiving an unwarranted recovery, the Plan Trust seeks to reclassify the Reclassified Claims.

01:12382323.1

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 17, 2012

*[signature]*
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

# Exhibit II

**Certification of Counsel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
    Debtors.                                                     :
                                                                 :
---------------------------------------------------------------- x

**PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING
COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11
PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN
CONNECTION WITH THE PLAN TRUST'S ONE HUNDRED SECOND OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF
THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007,
AND LOCAL RULE 3007-1**

In connection with the Plan Trust's One Hundred Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2], the undersigned counsel for the Plan Trustee hereby certifies that the Objection complies in all respects with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. Specifically, the Plan Trustee has used reasonable efforts to contact: (i) Trinidad Cruz (POC No. 6536); (ii) Saul Lopez & Carlos Torres (POC No. 6537); and (iii) Antonio Solis (POC No. 6535), the borrower-claimants included in the Objection through their common counsel, to seek supporting information to meet the prima facie validity of a claim and/or obtain written consent to have their respective claims receive the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

01:12382323.1

proposed treatment set forth in the Objection, but received no responses. Furthermore, the Plan Trustee has served the Objection on counsel to these borrower-claimants along with a notice that apprises the parties of their right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Plan Trustee will make reasonable efforts to notify these claimants, through their counsel, as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: August 17, 2012
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ *Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*