## EXHIBIT C

**Claim #8706**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>American Home Mortgage Claims Processing Center<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered | Filed: USBC - District of Delaware<br>American Home Mortgage Holdings, Inc., Et Al.<br>07-11047 (CSS)      0000008706 |
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Investment Corp | Case No. of Debtor<br>07-11048 | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Creditor:          Notices should be sent to Creditor and:

CIFG Assurance North America, Inc.      King & Spalding LLP
825 Third Avenue              1185 Avenue of the Americas
6th Floor                   New York, NY 10036
New York, NY 10022            Attn: Barry N. Seidel
Attn: Michael Knopf            Attn: Stefanie J. Greer

Telephone number: (212) 909-0419      Tel. number: (212) 556-2100
Email Address:   m.knopf@cifg.com      Email: sjgreer@kslaw.com

☑ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**Account or other number by which creditor identifies debtor:** N/A

**Check here if this claim:**  ☐ replaces  ☐ amends a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☑ Other  See Attached Rider   (explain)

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last Four Digits of your SS#: ___ ___ ___ ___
   Unpaid compensation for services performed
   from _____ to _____
        (date)        (date)

2. **Date debt was incurred:** From and After June 30, 2006

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ See Attached Rider + _____ + See Attached Rider = _____
   (unsecured nonpriority)  (secured)  (unsecured priority)  (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $ See Attached Rider
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☑ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ See Attached Rider
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**
**JAN 11 2008**
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date<br>1/11/2008 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>**Michael S. Knopf**<br>**Managing Director and Vice President** |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re American Home Mortgage Investment Corp.
Case No. 07-11048
United States Bankruptcy Court for the District of Delaware

## ATTACHMENT TO PROOF OF CLAIM OF CIFG ASSURANCE NORTH AMERICA, INC. AGAINST AMERICAN HOME MORTGAGE INVESTMENT CORP.

1. The following constitutes a brief summary of the claims held by CIFG Assurance North America, Inc. ("CIFG") against American Home Mortgage Investment Corp. ("AHMIC") and certain of its affiliated debtors (collectively, the "Debtors").

### A. The AHMIT 2006-2 Transaction

2. CIFG is the insurer of American Home Mortgage Investment Trust 2006-2, Mortgage-Backed Notes, Series 2006-2, Class V-A (the "Securities"), which are collateralized by a pool of prime quality home equity lines of credit that were sold to American Home Mortgage Investment Trust 2006-2, a Delaware statutory trust (the "Trust"), and was serviced by American Home Mortgage Acceptance, Inc. ("AHMA") until January 11, 2008 (the "AHMIT 2006-2 Transaction"). Deutsche Bank National Trust Company serves as the indenture trustee for the Trust (the "Trustee").

3. The following documents govern the AHMIT 2006-2 Transaction, and are the basis for CIFG's claims against the Debtors (as may be amended from time to time, collectively, the "Transaction Documents"):[1]

- Indemnification Agreement dated as of June 30, 2006, among CIFG, AHMIC, UBS Securities LLC, Goldman, Sachs & Co., Lehman Brothers Inc. and Greenwich Capital Markets, Inc. (the "Indemnification Agreement");

---

[1] The Transaction Documents are too voluminous to attach. Copies of the Transaction Documents will be made available to any party in interest upon written request and payment of duplicating costs. Upon information and belief, the Debtors have copies of each of the Transaction Documents in their possession or control.

1

- HELOC Servicing Agreement dated as of June 30, 2006, among American Home Mortgage Investment Trust 2006-2, Deutsche Bank Trust Company Americas, AHMA and GMAC Mortgage Corporation (the "Servicing Agreement");

- Indenture dated as of June 30, 2006, among American Home Mortgage Investment Trust 2006-2, Wells Fargo Bank, N.A. and Deutsche Bank Trust Company Americas;

- Mortgage Loan Purchase Agreement dated as of June 30, 2006, among AHMA and American Home Mortgage Securities LLC ("MLPA");

- Financial Guaranty Insurance Policy (CIFG NA-1041) issued by CIFG, effective as of June 30, 2006 (the "Policy"); and

- Insurance and Indemnity Agreement dated as of June 30, 2006, among CIFG, American Home Mortgage Corp. ("AHMC") and American Home Mortgage Securities LLC ("Insurance and Indemnity Agreement").

4. Pursuant to the Policy, CIFG insures the full and timely payment of regularly scheduled interest and the final payment of principal on the Securities. Under the Transaction Documents, to the extent CIFG makes any payments on account of principal or interest on the Securities, CIFG is subrogated to the rights and remedies available to the Trustee under the Transaction Documents. Accordingly, CIFG hereby asserts any and all claims against the Debtors that have been asserted or that will be asserted by the Trustee, as detailed in the proofs of claim which have been filed or may be filed by the Trustee. Without limiting the foregoing, such claims include claims arising from:

- AHMA's obligation to repurchase mortgage loans, in excess of $1.7 million under the MLPA and certain of the other Transaction Documents;

- AHMA's failure to deposit over $2.2 million of collections on HELOC Mortgage Loans into the appropriate accounts as required upon the occurrence of a "Rapid Amortization Event" under the Transaction Documents, and the improper diversion of such collections to fund new draws on such loans, under the Servicing Agreement, the MLPA, the Indenture and certain other Transaction Documents.

2

- AHMA's breaches of the Servicing Agreement;

- Servicing transfer costs that have been or may be incurred by the Trust under the Servicing Agreement; and

- AHMA's failure to fund draws under home equity lines of credit under the MLPA and certain of the other Transaction Documents.

5. In addition to its subrogation rights, CIFG hereby asserts: (i) claims against AHMA under the Transaction Documents for fees, costs and expenses (including, but not limited to, attorneys fees and costs) incurred in connection with administering, monitoring and preserving rights thereunder, (ii) contingent claims against AHMC under the Insurance and Indemnity Agreement for indemnification and/or reimbursement, and (iii) contingent claims against AHMIC under the Indemnification Agreement for indemnification and/or reimbursement.

**B.  Reservation of Rights and Notice**

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend and/or supplement this Proof of Claim in all respects, to assert additional, supplementary and/or amended proofs of claim based on events, information and/or documents obtained through discovery or otherwise and with full reservation of the rights and/or claims of CIFG against any party other than AHMIC. Actions may be taken by third parties subsequent to filing of this claim which may result in further claims under the Transaction Documents, and all of such claims are hereby reserved.

7. CIFG reserves the right to assert any and all claims against AHMIC (including those asserted herein) as priority administrative expense claims pursuant to 11 U.S.C. §§ 503(b) and 507, except to the limited extent waived by CIFG under the Order of the Court in this case

dated December 14, 2007. CIFG asserts an administrative claim for misapplication of funds arising from or related to the occurrence of a "Rapid Amortization Event" after the commencement of the Debtors' bankruptcy cases.

8. CIFG also reserves the right to file a separate proof of claim (or amend this and/or any subsequent claim) against AHMA related to the transition of the servicing for the AHMIT 2006-2 Transaction to GMAC Mortgage Corporation.

9. CIFG issued the Policy and the Insurance and Indemnity Agreement in express reliance on certain covenants, representations and warranties contained in the various Transaction Documents. To the extent that AHMIC or any of the other Debtors, the Debtors' affiliates, or their respective officers, agents or representatives have acted or failed to act or have taken or take positions inconsistent with these covenants, representations and warranties, CIFG has or may have claims against these parties for violation of federal and state securities laws, common law fraud, misrepresentation, unjust enrichment, and the imposition of constructive trusts or equitable liens on some or all of the AHMIC's or the other Debtors' assets. CIFG reserves the right to supplement or amend this Proof of Claim to include such claims.

10. The filing of this Proof of Claim is not intended and should not be construed to be an election of remedies, waiver of any past, present or future defaults or events of default, or a waiver of limitation of any rights, remedies, or claims of CIFG.

11. CIFG reserves its right to assert claims against other affiliated entities of AHMIC, including the other Debtors, should it become evident that such parties are the proper parties, under principles of law or equity. In addition, CIFG reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Proof of Claim.

12. All notices concerning this Proof of Claim shall be sent to:

> CIFG Assurance North America, Inc.
> 825 Third Avenue, 6th Floor
> New York, NY 10022
>
> Attn:   Michael Knopf, Esq.
>
> -with a copy to-
>
> King & Spalding LLP
> Counsel to CIFG Assurance Corporation
> 1185 Avenue of the Americas
> New York, New York 10036
>
> Attn:   Barry N. Seidel, Esq.
>         Stefanie J. Greer, Esq.