**EXHIBIT E**

**Claim #9963**

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
American Home Mortgage Claims Processing Center
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>American Home Mortgage Holdings, Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS)<br>Jointly Administered |
|---|---|
| Name of Debtor Against Which Claim is Held<br>American Home Mortgage Acceptance, Inc. | Case No. of Debtor<br>07-11049 |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

## PROOF OF CLAIM

Filed: USBC - District of Delaware
American Home Mortgage Holdings, Inc., Et Al.
07-11047 (CSS)       0000009963

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Creditor:

CIFG Assurance North America, Inc.
825 Third Avenue
6th Floor
New York, NY 10022
Attn: Michael Knopf

Notices should be sent to Creditor and:

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
Attn: Barry N. Seidel
Attn: Stefanie J. Greer

Telephone number: (212) 909-0419       Tel. number: (212) 556-2100
Email Address:       m.knopf@cifg.com       Email: sjgreer@kslaw.com

☑ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Account or other number by which creditor identifies debtor:
N/A

Check here if this claim:
☐ replaces       ☐ amends a previously filed claim, dated:_____

| 1. | Basis for Claim |
|---|---|
| | ☐ Goods sold |
| | ☐ Services performed |
| | ☐ Money loaned |
| | ☐ Personal injury/wrongful death |
| | ☐ Taxes |
| | ☑ Other___See Attached Rider_____ (explain) |

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last Four Digits of your SS#: _____ _____ _____ _____
Unpaid compensation for services performed
from _____ to _____
      (date)              (date)

2. Date debt was incurred:
   From and After June 30, 2006

3. If court judgment, date obtained:      .

4. Total Amount of Claim at Time Case Filed: $ __See Attached Rider__ + _____ + __See Attached Rider__ = _____
   (unsecured nonpriority)      (secured)      (unsecured priority)      (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate       ☐ Motor Vehicle
   ☐ Other_____

   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in
   secured claim, if any: $_____

6. **Unsecured Nonpriority Claim:** $ __See Attached Rider__
   ☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
   ☑ Check this box if you have an unsecured priority claim
   Amount entitled to priority $__See Attached Rider__
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
   **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**FILED / RECEIVED**

**FEB 13 2008**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date<br>2/12/2008 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| | **Michael S. Knopf**<br>**Managing Director and Vice President** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## DEFINITIONS

*Debtor*

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof of Claim*

A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed

*Secured Claim*

A claim is a secured claim if the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began. In some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. *(See also Unsecured Claim)*

*Unsecured Claim*

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

*Unsecured Priority Claim*

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Name of Debtor and Case Number:**

Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.

| | |
|---|---|
| American Home Mortgage Holdings, Inc | 07-11047 |
| American Home Morgage Investment Corp | 07-11048 |
| American Home Mortgage Acceptance, Inc | 07-11049 |
| American Home Mortgage Servicing, Inc | 07-11050 |
| American Home Mortgage Corp | 07-11051 |
| American Home Mortgage Ventures LLC | 07-11052 |
| Homegate Settlement Services, Inc. | 07-11053 |
| Great Oak Abstract Corp | 07-11054 |

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
   Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
   Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
   If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Total Amount of Claim at Time Case Filed:**
   Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Secured Claim:**
   Check the appropriate place if the claim is a secured claim. You must state the type and value of the property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above).

6. **Unsecured Nonpriority Claim:**
   Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

7. **Unsecured Priority Claim:**
   Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

8. **Credits:**
   By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

9. **Supporting Documents:**
   You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

In re American Home Mortgage Acceptance, Inc.
Case No. 07-11049
United States Bankruptcy Court for the District of Delaware

## ATTACHMENT TO PROOF OF CLAIM OF CIFG ASSURANCE NORTH AMERICA, INC. AGAINST AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

1.    By filing this Proof of Claim, CIFG Assurance North America, Inc. ("CIFG")

asserts a contingent, unliquidated claim against American Home Mortgage Acceptance, Inc.

("AHMA") related to the transition of the servicing for the AHMIT 2006-2 Transaction (defined

below) from AHMA to GMAC Mortgage Corporation ("GMAC").

**A.    The AHMIT 2006-2 Transaction**

2.    CIFG is the insurer of American Home Mortgage Investment Trust 2006-2,

Mortgage-Backed Notes, Series 2006-2, Class V-A (the "Securities"), which are collateralized

by a pool of prime quality home equity lines of credit that were sold to American Home

Mortgage Investment Trust 2006-2, a Delaware statutory trust (the "Trust"), and was serviced by

AHMA until January, 2008 (the "AHMIT 2006-2 Transaction"). Deutsche Bank National Trust

Company serves as the indenture trustee for the Trust (the "Trustee").

3.    The following documents govern the AHMIT 2006-2 Transaction (as may be

amended from time to time, collectively, the "Transaction Documents"):[1]

- Indemnification Agreement dated as of June 30, 2006, among CIFG, American Home Mortgage Investment Corp., UBS Securities LLC, Goldman, Sachs & Co., Lehman Brothers Inc. and Greenwich Capital Markets, Inc.;

- HELOC Servicing Agreement dated as of June 30, 2006, among American Home Mortgage Investment Trust 2006-2, Deutsche Bank Trust Company

---

[1]    The Transaction Documents are too voluminous to attach. Copies of the Transaction Documents will be made available to any party in interest upon written request and payment of duplicating costs. Upon information and belief, AHMA has copies of each of the Transaction Documents in its possession or control.

Americas, AHMA and GMAC Mortgage Corporation (the "Servicing Agreement");

- Indenture dated as of June 30, 2006, among American Home Mortgage Investment Trust 2006-2, Wells Fargo Bank, N.A. and Deutsche Bank Trust Company Americas;

- Mortgage Loan Purchase Agreement dated as of June 30, 2006, among AHMA and American Home Mortgage Securities LLC;

- Financial Guaranty Insurance Policy (CIFG NA-1041) issued by CIFG, effective as of June 30, 2006 (the "Policy"); and

- Insurance and Indemnity Agreement dated as of June 30, 2006, among CIFG, American Home Mortgage Corp. and American Home Mortgage Securities LLC.

4.    Pursuant to the Policy, CIFG insures the full and timely payment of regularly scheduled interest and the final payment of principal on the Securities. Under the Transaction Documents, to the extent CIFG makes any payments on account of principal or interest on the Securities, CIFG is subrogated to the rights and remedies available to the Trustee under the Transaction Documents. CIFG has made certain payments with respect to the Securities, and thus is subrogated to the Trustee's rights and remedies under the Transaction Documents. Accordingly, CIFG hereby asserts any and all claims against AHMA that have been asserted or that will be asserted by the Trustee related to the transition of the servicing from AHMA to GMAC, as detailed in the proofs of claim which have been filed or may be filed by the Trustee.

5.    Pursuant to the Servicing Agreement, AHMA previously served as servicer for the AHMIT 2006-2 Transaction. By order entered by the Bankruptcy Court on December 14, 2007, AHMA's rights and obligations as servicer for the AHMIT 2006-2 Transaction were terminated as of January 14, 2008, and the servicing was transitioned to GMAC (the "Transition Order"). Among other things, the Transition Order obligates AHMA to cooperate with affected

parties in effectuating such transition. The Transition Order also provides that February 13, 2008 is the deadline for CIFG, among others, to file proofs of claim related to the transition.

**B.      Reservation of Rights and Notice**

6.      This Proof of Claim is filed with a full reservation of rights, including the right to amend and/or supplement this Proof of Claim in all respects, to assert additional, supplementary and/or amended proofs of claim related to the transition of servicing from AHMA to GMAC, based on events, information and/or documents obtained by CIFG in the future through discovery or otherwise and with full reservation of the rights and/or claims of CIFG against any party other than AHMA.

7.      CIFG reserves the right to assert any and all claims against AHMA (including those asserted herein) as priority administrative expense claims pursuant to 11 U.S.C. §§ 503(b) and 507, except to the limited extent waived by CIFG under the Transition Order.

8.      The filing of this Proof of Claim is not intended and should not be construed to be an election of remedies, waiver of any past, present or future defaults or events of default, or a waiver or limitation of any rights, remedies, or claims of CIFG.

9.      CIFG reserves its right to assert claims against other affiliated entities of AHMA, including its affiliated debtors, should it become evident that such parties are the proper parties, under principles of law or equity.  In addition, CIFG reserves any rights of setoff and/or recoupment it may have in connection with the claims asserted in this Proof of Claim.

10.     All notices concerning this Proof of Claim shall be sent to:

           CIFG Assurance North America, Inc.
           825 Third Avenue, 6th Floor
           New York, NY 10022

           Attn:   Michael Knopf, Esq.

           -with a copy to-

           King & Spalding LLP
           Counsel to CIFG Assurance Corporation
           1185 Avenue of the Americas
           New York, New York 10036

           Attn:   Barry N. Seidel, Esq.
                    Stefanie J. Greer, Esq.