**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:                                     : | CHAPTER 11 |
| : | |
| AMERICAN HOME MORTGAGE        : | CASE NO: 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.[1] : | Jointly Administered |
| : | |
| DEBTORS                        : | : **Objection Deadline: 9/11/2012 at 4:00 (ET)** |
| : | : **Hearing Date: 9/18/2012 at 2:00 (ET** |
| : | |

**MOTION FOR AN ORDER DIRECTING THE PLAN TRUSTEE TO EXECUTE AND
DELIVER AN ASSIGNMENT OF MORTGAGE AND, TO THE EXTENT
APPLICABLE, GRANTING HOMESALES, INC. RELIEF FROM THE AUTOMATIC
STAY AND RELIEF FROM ANY OTHER STAYS/INJUNCTIONS IMPOSED BY THE
CONFIRMED PLAN OF LIQUIDATION**

Homesales, Inc., ("Homesales"), by its undersigned attorneys, hereby files this motion

"Motion") for an Order, in substantially the form attached hereto as **Exhibit "A"**, directing

D. Sass, as liquidating Trustee (the "Plan Trustee") in the above-captioned chapter 11 cases, to

execute and deliver an assignment of mortgage (the "Assignment") in the form attached hereto as

**Exhibit "B"** relating to a certain mortgage granted by Lydia Elliot to American Home Mortgage

Corp. d/b/a American Brokers Conduit ("ABC") dated May 29, 2007, which was recorded in the

Office of the City Register of the City of New York, on June 14, 2007, under CRFN

2007000309185 (the "Mortgage") against property commonly known as 107 West 132nd Street,

New York, NY 10027 (the "Property"). To the extent applicable, Homesales also moves this

Court for an order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d) and

from any other stays injunctions imposed by the confirmed plan of liquidation, so that it may

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp. ("AHM Investment") a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); American Home Mortgage Servicing, Inc. ("AHM Servicing"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp.") a New York Corporation (8580).

to establish and enforce its rights in and to the Mortgage in the state courts of New York.  In

support the Motion, Homesales relies on the Declaration of Lisa A. Shepherd (the "Shepherd

Declaration"), a true and correct copy of which is being filed contemporaneously herewith.  In

further support the Motion, Homesales respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28

U.S.C. §§ 157(b) and 1334(b) and the *Amended Standing Order of Reference from the United

States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core

proceeding arising under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et

seq.* (the "Bankruptcy Code"), and the Court has authority to hear and determine this matter

within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G).

2.      The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d) and 11

U.S.C. § 105.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

**A.    Relevant Bankruptcy History**

3.      On August 4, 2007, the above-captioned debtors (collectively, the "Debtors"),

including ABC, each filed a voluntary petition with this Court under chapter 11 of the

Bankruptcy Code.  ABC's bankruptcy case was consolidated for procedural purposes only into

the above-captioned jointly administered case by order dated August 7, 2007.

4.      On February 23, 2009, the Court entered an Order [Docket No. 7042] confirming

the Amended Chapter 11 Plan of Liquidation of the Debtors, Dated as of February 18, 2009

[Docket No. 7029] (the "Plan").[2]  The Effective Date of the Plan was November 30, 2010 (the

---

[2] Unless otherwise set forth herein, capitalized terms shall have the same meaning as ascribed to them in the Plan.

2

DM3\2272405.2

"Effective Date").

5.      Pursuant to Articles 8(E) and 8(F) of the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass was appointed to be the Plan Trustee for the Plan Trust.  The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order and the Plan Trust Agreement.

6.      Pursuant to Article 8(F)(3)(b) of the Plan, the Plan Trustee is deemed "the Estates' representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority and responsibilities specified in this Plan and the Plan Trust Agreement, including, without limitation, the powers of a trustee under sections 704, 108 and 1106 of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules (including commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting claims, defenses, offsets and privileges), to the extent not inconsistent with the status of the Plan Trust as a 'liquidating trust' for federal income tax purposes within the meaning of Treasury Regulation 301.7701-4(d)."

7.      The Plan's injunctive provisions (the "Plan Injunction") are set forth in Article 12(A).  Pursuant to Article 12, all parties with claims against the Debtors that arose prior to the Effective Date are permanently enjoined from, on account of such claims, "commencing or continuing in any manner, directly or indirectly, any action or other proceeding against" any Plan trustee or the debtors' estates.  The Plan Injunction also prohibits any party from "collecting, or recovering in any manner, directly or indirectly, any judgment, award, decree, or order against" the Plan Trustee or the Debtors' estates, among others. *Id.*

**B.    History of The Elliott Loan**

8.      On May 29, 2007, Lydia Elliott (the "Mortgagor") took title to the Property as

3

DM3\2272405.2

evidenced by a deed from Raphael Legier and Janie Legier (the "Deed"). The Deed was in the Office of the City Register on June 14, 2007 under CRFN 2007000309184. A true copy of the Deed, including the recording information is attached to the Shepherd Declaration as Exhibit A.

9.      On May 29, 2007, the Mortgagor executed and delivered a Note to ABC in the amount of $1,207,500.00 (the "Note"). A true copy of the Note is attached to the Shepherd Declaration as Exhibit B.

10.     The Note is secured by the Mortgage, which was granted by the Mortgagor to ABC on May 29, 2007. A true copy of the Mortgage is attached to the Shepherd Declaration as Exhibit C.

11.     On June 20, 2008, ABC assigned all of its rights, title and interest in the Note and Mortgage to Homesales, as evidenced by that certain Assignment of Mortgage (the "Original Assignment") executed by ABC's agent. A true copy of the Original Assignment is attached to the Shepherd Declaration as Exhibit D.

12.     As a result of the Original Assignment, Homesales is the holder of the Note and Mortgage.

13.     On June 25, 2008, Homesales filed an action to foreclose the Mortgage with the Supreme Court of New York (the "Foreclosure Action"). The law firm of Steven J. Baum, P.C. (the "Baum Firm") originally represented Homesales in the Foreclosure Action. However, in late 2011, the Baum Firm began to shut down its mortgage foreclosure practice.

14.     A subsequent review of the Original Assignment revealed that it was executed by Elpiniki Bechakas, Esq., as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Brokers Conduit.

4

15.     Elpiniki Bechakas was an attorney at the Baum Firm.

16.     In October 2011, the Supreme Court of New York, Queens County issued a decision expressing concern regarding the propriety of foreclosure counsel executing mortgage assignments on behalf of lenders and noted the potential conflict of interest arising from such conduct. *See Bank of New York Mellon v. Martinez*, 33 Misc. 3d 1215A (Sup. Ct. Queens Cty. Oct. 28, 2011).   New York courts have also questioned MERS' authority to execute an assignment while the prior entity holding the mortgage is in bankruptcy. *See U.S. Bank Natl. Ass'n. v Bressler*, 33 Misc. 3d 1231A, at **2-3 (Sup. Ct. Kings Cty. Dec. 7, 2011) (stating that MERS lacked authority to execute an assignment from Fremont Investment & Loan, since that entity was in bankruptcy).

17.     Given the concern expressed by the Supreme Court in New York, Homesales filed a motion to discontinue the Foreclosure Action ("Motion to Discontinue") in order to remedy the deficient Original Assignment.

18.     On August 1, 2012, the Supreme Court of New York granted the Motion to Discontinue.

### Relief Requested

19.     Based on the aforementioned facts, Homesales respectfully requests the entry of an Order directing the Plan Trustee to:  (i) execute the Assignment in the form attached hereto as Exhibit "B"; and (ii) deliver the Assignment to Homesales for recording with the Office of the City Register of the City of New York.   Homesales shall pay all costs and fees associated with the preparation of and recording of the Assignment.

20.     Homesales also moves for relief from the automatic stay and any stay imposed the Plan, including the Plan Injunction, to the extent applicable, so that it may commence an

action in the state court to establish and enforce its rights and remedies under the Note and Mortgage.

21.    But for this Chapter 11 proceeding and the imposition of the automatic stay, the Plan Injunction and any other stay imposed by the Plan, Homesales would have been entitled to file an action to quiet title vis-à-vis the Mortgage in the Supreme Court of New York, if ABC had failed and/or refused to execute and deliver an assignment of the Mortgage to Homesales.

### Basis for Relief Requested

**A.    The Plan Trustee Should Be Directed to Execute and Deliver the Assignment**

22.    Section 1142(a) of the Bankruptcy Code provides that an entity organized for the purpose of implementing a chapter 11 plan "shall carry out the plan and comply with any orders of the court." 11 U.S.C. § 1142(a).    In addition, § 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."    The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 *Collier on Bankruptcy*, 105.01 at 105-6 (15th ed. rev. 1999).

23.    As set forth above, pursuant to Article 8(E) of the Plan, the Plan Trust was established and the assets of the Debtors' estates were transferred and vested for administration in the Plan Trust.    The Plan Trustee is the Estates' representative and has all the powers, authority and responsibilities set forth in the Plan and the Plan Trust Agreement, including the powers of a trustee under sections 704, 108 and 1106 of the Bankruptcy Code.

24.    Based upon the foregoing, the Plan Trustee is authorized and should be directed execute and deliver the Assignment to Homesales.    To the extent ABC has retained bare legal

6

interest in the Mortgage, the Plan Trustee should be directed to deliver the Assignment in order

consummate the transfer of ownership in and to the Mortgage, which was previously delivered to

Homesales with the Note.

**B.    Homesales Is Entitled to Relief from the Automatic Stay**

25.    Section 362(d) of the Bankruptcy Code authorizes relief from the automatic stay

under certain circumstances and provides in pertinent part, that:

> (d) On request of a party in interest and after notice and a hearing,
> the court shall grant relief from the stay provided by subsection (a)
> of this section, such as by terminating, annulling, modifying or
> conditioning such stay
>
> > (1) for cause, including the lack of adequate protection of
> > an interest in property of such party in interest;

26.    Here, the lack of an enforceable assignment of the Mortgage clouds Homesales'

interest in the Mortgage and impairs its ability to foreclose and otherwise enforce its rights and

remedies with respect to the Note and Mortgage.  Moreover, the Debtors' chapter 11 estates have

no legally enforceable interest in the Mortgage, which ABC transferred to Homesales several

years ago.  Finally, the Mortgagors have defaulted under the terms of the Note and Mortgage.

27.    Based on the foregoing, cause exists for the Court to grant Homesales relief from

the automatic stay, the Plan Injunction, and any other stay imposed by the Plan, to the extent

applicable, so that Homesales can establish and enforce its rights in the Mortgage and Note in

the state courts of New York.

## NO PRIOR APPLICATION

28.    Homesales has not made any prior motion or application for the relief requested

herein to this Court or to any other court and expressly reserves its rights to seek such other

relief as it deems appropriate.

DM3\2272405.2

## NOTICE

29.     This Motion and a notice hereof is being served on (a) counsel for the Debtors, (b) counsel for the Plan Trustee, (c) the Office of the United States Trustee for the District of Delaware; and (d) all parties requesting notice in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Bankruptcy Rules.

WHEREFORE, for all of the foregoing reasons, Homesales respectfully requests that this Honorable Court enter an order in substantially the form attached hereto as **Exhibit "A"**, (i) directing the Plan Trustee to execute and deliver the Assignment to Homesales, Inc.; (ii) granting relief from the automatic stay, the Plan Injunction and any other stay imposed by the Plan, to the extent applicable, in order that Homesales may establish and enforce its rights, remedies and interests under the Note and Mortgage in New York state court; (iii) waiving the fourteen (14) day waiting requirement set forth in Bankruptcy Rule 4011(a)(3); and (iv) granting such other relief as it deems just and proper.

Respectfully submitted,

Dated:  August 29, 2012
       Wilmington, Delaware

DUANE MORRIS, LLP
*Attorneys for Homesales, Inc.*


*/s/ Sommer L. Ross*
Sommer L. Ross (DE 4598)
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 657-4951
Email: slross@duanemorris.com

and

Sanjay P. Ibrahim, Esq.
Joseph H. Lemkin, Esq.
Parker Ibrahim & Berg LLC

8

270 Davidson Avenue
Somerset, NJ 08873
Telephone: (908) 725-9700
Email: sanjay.ibrahim@piblaw.com
       joseph.lemkin@piblaw.com

*Counsel to Homesales, Inc.*

DM3\2272405.2