## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x

In re:                                                    :   Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                     :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]        :
                                                          :   Jointly Administered
       Debtors.                                           :
                                                          :   **Obj. Deadline: Sept. 11, 2012, at 4:00 PM (ET)**
-------------------------------------------------------------------- x   **Hr'g Date:  Sept. 18, 2012, at 2:00 PM (ET)**

## PLAN TRUSTEE'S MOTION FOR AN ORDER EXTENDING
## (1) THE GENERAL CLAIMS OBJECTION DEADLINE AND
## (2) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of

February 18, 2009 (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned

debtors (the "Debtors"), hereby moves (the "Motion") this Court, pursuant to Article 10,

Section B and Article 3, Section B(2)(ii) of the Plan; Paragraphs 32 and 46 of the Confirmation

Order; section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

"Bankruptcy Code"); Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"); and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order

extending (1) the General Claims Objection Deadline and (2) the Administrative Claims

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp. , a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating
Trust, P.O. Box 10550, Melville, New York 11747.

[2]      All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

01:12377530.3

Objection Deadline (each as defined below) for approximately one hundred eighty (180) days

through and including March 29, 2013. In support of this Motion, the Plan Trustee respectfully

represents as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory bases for the relief sought herein are § 105(a) of the

Bankruptcy Code, Bankruptcy Rule 9006(b)(1), and Local Rule Rule 9006-2.

## BACKGROUND

**A.      General Background**

3.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the

Petition and the Plan Effective Date (as hereinafter defined), each Debtor operated its business

and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and

are being jointly administered pursuant to an order of this Court.

4.      On February 23, 2009, the Court entered an order confirming the Plan

[D.I. 7042] (the "Confirmation Order"). The Plan became effective on November 30, 2010 (the

"Plan Effective Date").

5.      Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan

Trust") was established and all of the Debtors' assets, causes of action, claims, rights and

interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly

appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

**B.      General Claims Objection Deadline**

6.      Pursuant to Article 10, Section B of the Plan and Paragraph 32 of the Confirmation Order, the Plan Trustee was provided one year from the Plan Effective Date to file objections to Claims generally (the "General Claims Objection Deadline"). The Plan further provides that "the Plan Trustee may request (and the Bankruptcy Court may grant) extensions of such deadline, or of any Bankruptcy Court approved extensions thereof, by filing a motion with the Bankruptcy Court without any requirement to provide notice to any party, based upon a reasonable exercise of the Plan Trustee's business judgment." Plan, Art. 10B.

7.      Pursuant to the terms of the Plan, the General Claims Objection Deadline was extended first to May 29, 2012 [D.I. 10351] and then to September 30, 2012 [D.I. 10404].

**C.      Administrative Claims Objection Deadline**

8.      Pursuant to Article 3, Section B(2)(ii) of the Plan and Paragraph 46 of the Confirmation Order, all objections to allowance of Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than ninety (90) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline" and together with the General Claims Objection Deadline, the "Claims Objection Deadlines"). The Plan further provides that "the Administrative Claims Objection Deadline may be further extended by an Order of the Bankruptcy Court, which Order may be granted without notice to any creditors." Plan, Art. 3B(2)(ii).

9.      Pursuant to the terms of the Plan and various orders of the Court, the current Administrative Claims Objection Deadline is September 30, 2012 [D.I. 10405].

10.     The claims reconciliation process is significantly advanced but not yet complete. Therefore, out of an abundance of caution and to avoid any potential misdistribution of Plan Trust proceeds, the Plan Trustee seeks an extension of both the General Claims Objection Deadline and the Administrative Claims Objection Deadline to March 29, 2013.

## RELIEF REQUESTED

11.     By this Motion, the Plan Trustee seeks entry of an order extending (1) the General Claims Objection Deadline and (2) the Administrative Claims Objection Deadline to March 29, 2013.[3] The Plan Trustee further requests that the extension proposed herein be without prejudice to its right to seek further extensions of the Claims Objection Deadlines.

## BASIS FOR RELIEF REQUESTED

12.     Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Id.

13.     Bankruptcy Rule 9006 provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

---

[3]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Claims Objection Deadlines shall serve to extend automatically each Claims Objection Deadline, without the necessity for the entry of a bridge order, until the Court rules on this Motion.

14.     The Plan Trustee may seek to extend the General Claims Objection Deadline and/or the Administrative Claims Objection Deadline upon motion to the Court without notice. *See* Plan Art. 10, § B; Plan Art. 3, § B(2)(ii).

15.     The Plan Trustee submits that cause exists to extend the Claims Objection Deadlines to allow the Plan Trustee additional time to reconcile Claims, including Administrative Claims, and to prosecute claim objections.  Since the Plan Effective Date, the Plan Trustee and its professionals have worked diligently in (i) reviewing and analyzing the Claims that have been filed; (ii) performing the required due diligence to determine the objectionable Claims; and (iii) negotiating resolutions to certain Claims that best maximize the Plan Trust's recoveries.  The Plan Trustee has made substantial progress in analyzing and reconciling the Claims filed in the Debtors' chapter 11 cases.  Nevertheless, given the number and complex nature of the Claims filed, many Claims are still being evaluated by the Plan Trustee to determine whether such Claims have asserted valid amounts, priorities, and classification.

16.     Extension of the Claims Objection Deadlines is therefore necessary to allow the Plan Trustee sufficient time to finish its evaluation of all outstanding Claims, including Administrative Claims, and to ensure the efficient and accurate completion of this process.  To date, more than 200 Administrative Claims and approximately 11,000 total Claims have been asserted against the Plan Trust and the Debtors' estates.  Many of these Claims involve complex legal issues and require time-consuming factual analysis.  The Debtors and/or the Plan Trustee have filed over one hundred (100) omnibus objections to Claims as of the date hereof, and the Court has entered approximately 230 orders related to those objections.  Also, with respect to certain Claims that are the subject of omnibus objections, the Plan Trustee has sought to resolve

such Claims consensually with appropriate claimants, some of whom have asserted significant amounts owed, and in doing so, the Plan Trustee has negotiated resolutions, which have been subsequently memorialized in court-approved agreed orders. Moreover, approximately 130 Administrative Claims have been expunged or withdrawn, and nearly 50 have been accepted by the Plan Trustee as validly filed or following modification by this Court. All told, only a couple hundred of the 11,000 total Claims and just a handful of the 200-plus Administrative Claims remain. Even so, the Plan Trustee is still working its way through numerous Claims, many of which are complex and require significant time and attention.

17.     Accordingly, extending the Claims Objection Deadlines is necessary and in the best interest of the Plan Trustee, the Debtors, and their estates and creditors. By extending the Claims Objection Deadlines, the Plan Trustee simply seeks to insure that all Claims, including Administrative Claims, filed in these chapter 11 cases are reconciled completely and accurately in accordance with the Debtors' books and records and applicable law. As such, this extension request is a reasonable exercise of the Plan Trustee's business judgment. The Plan Trustee submits that it will continue to work diligently to resolve all outstanding claims objections and complete the claims reconciliation process. The Plan Trustee further submits that the extension request in this Motion is not sought for purposes of delay and is in the best interests of all parties in interest. A complete reconciliation will prevent creditors from potentially receiving an unwarranted recovery to the detriment of other creditors. Therefore, extending the Claims Objection Deadlines will not prejudice any of the Plan Trust's creditors and will preserve the rights of the Plan Trustee to object to Claims, including Administrative Claims, so as to maximize recovery to appropriate creditors.

## RESERVATION OF RIGHTS

18.     The Plan Trustee reserves its right to seek further extensions of the Claims

Objection Deadlines.

## NOTICE

19.     In accordance with Article 3, Section B(2)(ii) and Article 10, Section B of

the Plan, the Plan Trustee is not required to provide notice of this Motion to any creditors.

Notice of the Motion has been provided to (i) the United States Trustee for the District of

Delaware, (ii) the Plan Oversight Committee, and (iii) those parties requesting notice pursuant to

Rule 2002 of the Bankruptcy Rules.  In light of the nature of the relief requested herein and the

terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Plan Trustee respectfully requests entry of an order (i) extending (1) the General Claim Claims Objection Deadline and (2) the Administrative Claims Objection Deadline through and including March 29, 2013, without prejudice to the Plan Trust's right to seek additional extensions of time and (ii) granting the Plan Trust such other and further relief as this Court deems just and proper.

Dated:   Wilmington, Delaware
         August 30, 2012

<div style="margin-left:auto;">

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ Margaret Whiteman Greecher
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York  10022
Telephone:  (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

</div>