IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.[1],               :
                                                                 :   Jointly Administered
           Debtors.                                              :
                                                                 :   Ref. Docket No. 10559
---------------------------------------------------------------- x

**PLAN TRUSTEE'S OBJECTION TO MOTION FOR AN ORDER
DIRECTING THE PLAN TRUSTEE TO EXECUTE AND DELIVER AN
ASSIGNMENT OF MORTGAGE AND, TO THE EXTENT
APPLICABLE, GRANTING HOMESALES, INC. RELIEF
FROM THE AUTOMATIC STAY AND RELIEF FROM
ANY OTHER STAYS/INJUNCTIONS IMPOSED BY THE
CONFIRMED PLAN OF LIQUIDATION [D.I. 10559]**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby objects (the "Objection") to the *Motion for an Order Directing the Plan Trustee to Execute and Deliver an Assignment of Mortgage and, to the Extent Applicable, Granting Homesales, Inc. Relief from the Automatic Stay and Relief From Any Other Stays/Injuctions Imposed by the Confirmed Plan of Liquidation* [D.I. 10559] (the "Motion") filed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

01:12446688.1

by Homesales, Inc. ("Homesales"). In support of this Objection, the Plan Trustee respectfully represents as follows:

## RELEVANT BACKGROUND

1. Prior to the Petition, on or about May 29, 2007, AHM Corp. d/b/a American Brokers Conduit ("ABC") originated a loan in the amount of $1,207,500.00 (the "Loan") to Ms. Lydia Elliott ("Ms. Elliott"). The Loan was evidenced by a note (the "Note") and secured by a mortgage (the "Mortgage") on the property located at 107 West 132nd Street, New York, NY 10027 (the "Elliott Property"). Copies of the Note and Mortgage are attached to the Shepherd Declaration (as defined below).

2. Pursuant to the Mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS") was appointed as nominee for ABC, as Lender, and its successors and assigns.

3. On or about June 28, 2007, ABC sold the Loan to JPMorgan Chase Bank, N.A. ("JPM") on a "servicing released" basis. Accordingly, none of the Debtors owned or serviced the Loan as of the Petition Date.

4. The Debtors have no further records regarding subsequent secondary market sales or assignments. Upon information and belief, such records are maintained by MERS as nominee for the Lenders under the Mortgage.

A. **General Background**

5. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the Petition and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

6. On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order"). The Plan became effective on November 30, 2010 (the "Plan Effective Date").

7. Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

8. On August 29, 2012, Homesales filed the instant Motion and related declaration of Ms. Lisa Shepherd [D.I. 10561] (the "Shepherd Declaration").

## **OBJECTION**

9. By the Motion, Homesales seeks entry of an order (i) forcing the Plan Trustee to execute an assignment from ABC to Homesales, and (ii) lifting the automatic stay and related stays/injunctions under the Plan. As set forth more fully below, the Plan Trustee objects to these requests because, among other things, (i) the Debtors' records indicate a sale of the Loan to JPM, not Homesales, and (ii) the Loan and related Mortgage were never property of the Debtors' estates and thus not subject to any stay or injunction put in place by the Debtors' bankruptcy.

10. First, the Debtors' records indicate that the Loan and related Mortgage were sold on or about June 28, 2007 to JPM, not Homesales. Because the sale was on a "servicing released" basis, the Debtors no longer serviced the loan after the sale. As a result, the

Debtors no longer had any interest or involvement in the Loan or Mortgage and have no records regarding subsequent sales. The Plan Trustee, thus, has no knowledge whether Homesales is the current owner or holder of the Loan and Mortgage and cannot execute a direct assignment for their benefit.

11. Homesales is not without remedy, however. MERS, in its capacity as nominee for the Lender and its assigns, has the ability to execute assignments as it apparently did in this case on or about June 20, 2008 (the "Original Assignment"). As the Homesales' Motion and Shepherd Declaration indicate, the issue does not appear to be whether MERS can properly execute an assignment, but rather whether the foreclosure attorney had the authority to execute the assignment on behalf of MERS without conflict. Assuming Homesales is an appropriate assignee, it should seek an assignment from MERS executed by a properly-authorized officer.

12. Second, because the Debtors sold the Loan prepetition, neither the Note nor Mortgage are property of the estate subject to the automatic stay or stays/injunctions under the Debtors' Plan. While the Plan Trustee is cognizant of parties' desire not to run afoul of the automatic stay, Homesales did not seek relief when it recorded the Original Assignment or commenced the foreclosure against the Elliott Property, both of which occurred post-petition. To provide a "comfort" order when there is no dispute that the Debtors had no interest in the Note or Mortgage as of the Petition Date would open the floodgates for any and all subsequent noteholders to seek such orders. This is particularly troubling here, where the Debtors originated and sold over a million loans prior to the Petition Date.

## CONCLUSION

For the reasons above, the Plan Trustee respectfully requests entry of an order denying the relief requested by the Motion.

Dated:  Wilmington, Delaware
September 11, 2012

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400