IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                       :   Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                           :
                                                             :   Jointly Administered
         Debtors.                                            :
                                                             :   Response Deadline: October 9, 2012 at 4:00 p.m. (ET)
                                                             :   Hearing Date: October 16, 2012 at 1:00 p.m. (ET)
------------------------------------------------------------- x

**PLAN TRUST'S ONE HUNDRED THIRD OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full such Disputed Claims as described herein. In support of this Objection, the Plan Trust relies on the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12508941.1

Declaration of Eileen Wanerka in Support of the Plan Trust's One Hundred Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

01:12508941.1

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order [Docket No. 1708] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases [Docket No. 222]. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

## RELIEF REQUESTED

8.  By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full the Disputed Claims listed in <u>Exhibit A</u> to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

A.  **No Liability Claims**

9.  After reviewing the claims identified in <u>Exhibit A</u> to the Proposed Order (the "<u>No Liability Claims</u>") and supporting materials as well as the Debtors' books and records, which the Plan Trust believes to be accurate, the Plan Trust has determined that the Debtors are not liable with respect to the No Liability Claims. Moreover, the Plan Trust cannot justify these claims as valid. Consequently, the Plan Trust believes the No Liability Claims identified in <u>Exhibit A</u> should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the claimants receiving unwarranted recoveries against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Plan Trust hereby objects to the No Liability Claims and requests entry of an order disallowing and expunging in full the No Liability Claims identified in <u>Exhibit A</u>.

## BORROWER CLAIMS

10.  Certain of the claims being addressed by the Objection are "Borrower Claims" as that term is defined in the Plan. Specifically, the No Liability Claims filed by (i) Emmett & Elaine Reavely and Larry Thomas (POC No. 1263), (ii) Kent Michael Heinlen (POC No. 10163), (iii) Keyvan, Samini, Esq. (POC No. 10361), and (iv) Craig Farland (POC No. 10822) are Borrower Claims. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. In accordance with Article 17 of the Plan, the Plan Trustee sent a letter to the borrower claimants or their respective counsel, as

01:12508941.1

4

appropriate, seeking supporting information to establish the prima facie validity of a claim, withdrawal of a claim[2] and/or providing a reasonable settlement offer. To date, no responses have been received. Additionally, the Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order.

## RESERVATION OF RIGHTS

11. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

12. The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

*[Remainder of page intentionally left blank]*

---

[2] With respect to the Heinlens, the Plan Trustee sent letters to the Heinlens and the escrow agent disclaiming any interest in the escrow funds and seeking a withdrawal of the Heinlens' claim for such funds.

01:12508941.1

5

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit III</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: September 14, 2012  
       Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*  
Sean M. Beach (No. 4070)  
Margaret Whiteman Greecher (No. 4652)  
Michael S. Neiburg (No. 5275)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

01:12508941.1