# EXHIBIT III

**Proposed Order**

01:12508941.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                     :
                                                                       :   Jointly Administered
        Debtors.                                                       :
                                                                       :   Ref. Docket No. _____
---------------------------------------------------------------------- x

**ORDER SUSTAINING PLAN TRUST'S ONE HUNDRED THIRD
OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the one hundred third omnibus (substantive) objection to claims (the "Objection") of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors, by which Steven D. Sass, as the Plan Trustee, respectfully requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, disallowing in full such Disputed Claims[2] identified on Exhibit A attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and adequate notice of the Objection having been given under the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

01:12508941.1

circumstances; and the Court having determined that the Objection complies with Article 17 of the Plan and the Confirmation Order; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claims identified on the attached <u>Exhibit A</u> are hereby disallowed in their entirety; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      October ___, 2012

                                      CHRISTOPHER S. SONTCHI
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**No Liability Claims**

01:12508941.1

## Exhibit A
## No Liability Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| FARLAND, CRAIG M.<br>3634 PLAYERS CLUB DR<br>SOUTHPORT, NC 28461 | 10822 | 12/9/10 | 07-11047 | - (S)<br>$3,710.54 (A)<br>- (P)<br>- (U)<br>$3,710.54 (T) | It appears the amounts asserted by Farland are based on (i) $2,553.54 for various escrows withheld and fees charged, (ii) $1,157.00 paid to waive escrow post-closing, and (iii) $4,973.22 for closing costs related to a subsequent refinancing. The Plan Trustee has determined that the Debtors handled Farland's escrow account appropriately and were not involved in any decision to refinance his loan, and thus, the estate has no liability to Farland on account of Claim No. 10822. |
| GILES, BERNADETTE<br>52 FLOYD ROAD<br>DERRY, NH 03038 | 2377 | 11/16/07 | 07-11051 | - (S)<br>- (A)<br>$1,164.42 (P)<br>- (U)<br>$1,164.42 (T) | Claim relates to a scheduled item for regular pay and unused vacation time. Claimant was paid the regular pay in their paycheck dated 8/24/2007. The Debtor's books and records show the employee has no unused vacation time owing to them. |
| HEINLEN, KENT MICHAEL<br>6699 ELK CREEK RD<br>MIDDLETOWN, OH 45044 | 10163 | 3/31/08 | NO DEBTOR | $10,000.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$10,000.00 (T) | The claim relates to amounts held in escrow pursuant an escrow agreement dated December 27, 2005. The escrowed funds are being held by the settlement agent. On March 29, 2006, the Debtors sold the loan underlying the Escrow Agreement to the AHMIT 2006-1 Trust. Upon information and belief, Deutsche Bank National Trust Company ("DBNTC") is the Indenture Trustee for the AHMIT 2006-1 Trust, and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc.) is the servicer of the loan. Following the sale, the Debtors no longer had an interest in the loan or the related escrowed funds. Rather, DBNTC, in its capacity as Indenture Trustee for the AHMIT 2006-1 Trust, is the successor in interest to the rights of American Home Mortgage Acceptance, Inc. as Lender under the Escrow Agreement.<br><br>The Plan Trustee sent a letter to the escrow agent disclaiming any interest in the escrowed funds. Accordingly, any claims for the escrowed funds should be between the current owner and/or servicer of the loan, the escrow agent and the Claimants, not the Debtors' estates |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| REAVELY, EMMETT, ELAINE & LARRY THOMAS<br>ROBERT F SALVIN, ESQ<br>COMMUNITY IMPACT LEGAL SERVICES, INC<br>1003 E LINCOLN HWY<br>COATESVILLE, PA 19320-3539 | 1263 | 9/24/07 | 07-11047 | - (S)<br>- (A)<br>$60,977.90 (P)<br>$87,122.10 (U)<br>$148,100.00 (T) | Claim is based on an alleged misuse of fire insurance proceeds by AHM SV. Following a fire at the Claimant's home, the Claimants sent an insurance check to their servicer, AHM SV, who applied the proceeds to satisfy the balance of the mortgage and returned the surplus amounts to the Claimants. In 2006, Claimants commenced a lawsuit in the Eastern District of Pennsylvania (Case No. 06-cv-4484) seeking (i) to reinstate the mortgage and have the insurance proceeds used for the construction of the home, and (ii) damages relating to AHM SV's application of insurance proceeds. During litigation, without admitting liability, the parties agreed to reinstate the mortgage and allow the Claimants to use the proceeds to construct the house. Accordingly, the issue of damages remained. Prior to the Debtors' bankruptcy filing, discovery had been completed and summary judgment motions fully briefed. These motions were pending decision when the Debtors filed bankruptcy.<br><br>The Plan Trustee has reviewed the Claim and Underlying Litigation and determined that the claim and evidence produced in discovery of the underlying litigation does not substantiate a claim for damages. First, the Claim is not prima facie valid because it does not provide supporting documentation regarding calculation of damages. Second, even if the claim was prima facie valid, the Claimants failed to provide any admissible and credible evidence that the Debtors breached the loan agreement when it applied the insurance proceeds to satisfy the mortgage. The loan agreement provides that the insurance proceeds can be used for restoration purposes if, among other things, the Lender's security is not lessened. Because Claimants fail to show that this condition has been met, and all theories of liability are premised on entitlement to the insurance proceeds, the Claim fails. Third, Claimants do not provide any supporting documentation regarding damages. Claimants also failed to show that the requested damages were the result of the alleged breach or tort rather than the result of the fire. Moreover, the broad categories of damages do not appear to be compensable or are fully mitigated. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| SAMINI, KEYVAN<br>22896 HUNTER CREEK<br>MISSION VIEJO, CA 92692 | 10361 | 4/29/08 | 07-11051 | - (S)<br>- (A)<br>$2,425.00 (P)<br>- (U)<br>$2,828,849.00 (T) | Claim is based on a failure to fund a construction loan. The Plan Trustee has investigated the allegations in the Claim and has determined that the Debtors have no liability for this Claim. Specifically, the Plan Trustee has no record of any disbursement requests on this loan. Moreover, Claimant had breached the terms of his loan agreement through (i) financial delinquencies on the loan and/or (ii) failure to timely commence construction. Had the Claimant been cured his defaults and requested a draw, funds were available for this Construction Loan pursuant to the certain Stipulation By and Between Debtors and JPMorgan Chase Bank, N.A., approved by this Court on or about August 9, 2007 [D.I. 105] until the occurrence of the Conversion Date of February 1, 2008. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL WALL, ESQUIRE<br>SENIOR VP, SEC. GENERAL COUNSEL<br>101 SOUTH STRATFORD ROAD<br>WINSTON SALEM, NC 27104 | 8965 | 1/11/08 | 07-11051 | Unspecified* | The claim is based on Counterclaims asserted by claimant in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding"). However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76]. One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice. No liability exists and the claim should be disallowed in full. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL WALL, ESQUIRE<br>SENIOR VP, SEC. GENERAL COUNSEL<br>101 SOUTH STRATFORD ROAD<br>WINSTON-SALEM, NC 27104 | 8966 | 1/11/08 | 07-11050 | Unspecified* | The claim is based on Counterclaims asserted by claimant in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding"). However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76]. One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice. No liability exists and the claim should be disallowed in full. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL F. WALL, SEN. VP & GEN. COUNS.<br>101 SOUTH STRATFORD ROAD<br>WINSTON-SALEM, NC 27104 | 9079 | 1/11/08 | 07-11048 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding"). However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76]. One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice. No liability exists and the claim should be disallowed in full. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| **Totals:** | 8 Claims | | | $10,000.00 (S)<br>$3,710.54 (A)<br>$64,567.32 (P)<br>$87,122.10 (U)<br>$2,991,823.96 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.