```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

IN RE:                              )   Case No. 07-11047(CSS)
                                    )   (Jointly Administered)
                                    )
AMERICAN HOME MORTGAGE              )   Chapter 11
HOLDINGS, INC., a Delaware          )
corporation, et al.,                )
                                    )   Courtroom 6
         Debtors.                   )   824 Market Street
                                    )   Wilmington, Delaware
                                    )
                                    )   September 18, 2012
                                    )   2:00 p.m.
                                    )


                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE CHRISTOPHER S. SONTCHI
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Liquidating          Young Conaway Stargatt & Taylor
Trustee:                 BY: MARGARET WHITEMAN GREECHER,
                         ESQ.
                         Rodney Square
                         1000 North King Street
                         Wilmington, DE  19801
                         (302) 571-6600

                         Hahn & Hessen, LLP
                         BY:  EDWARD SCHNITZER, ESQ.
                         488 Madison Avenue
                         New York, NY  10022
                         (212) 478-7200

ECRO:                    LESLIE MURIN

Transcription Service:   DIAZ DATA SERVICES, LLC
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664
                         www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

TELEPHONIC APPEARANCES:
(Continued)

For Liquidating Trustee:     Hahn & Hessen, LLP
                             BY: ALISON LADD, ESQUIRE
                             488 Madison Avenue
                             New York, NY  10022
                             (212) 478-7329

WILMINGTON, DELAWARE, TUESDAY, SEPTEMBER 18, 2012, 2:11 P.M.

1        THE CLERK:  All rise.

2        THE COURT:  Please be seated.

3        MS. GREECHER:  Good afternoon, Your Honor.

4        THE COURT:  Good afternoon.

5        MS. GREECHER:  Margaret Whiteman Greecher on
6   behalf of the Liquidating Trust for American Home Mortgage
7   Holdings.

8        Your Honor, we have several items on the agenda
9   today, a couple of which have been resolved.  And I did have
10  contact with your chambers yesterday and today regarding the
11  resolutions of those.  So, do you have the amended agenda?

12       THE COURT:  I do.

13       MS. GREECHER:  Okay.  Your Honor entered orders
14  with respect to Matters 23 through 25.

15       And then taking a look at the agenda again,
16  Matter 26 is going forward on a contested basis, as is
17  Matter 27.

18       Matter 28 is the Motion for Administrative Claim
19  with respect to Bernalillo County.  As I indicated to
20  chambers, we've resolved this matter and anticipate filing
21  as revised proposed form of order under certification of
22  counsel.

23       And with respect to Matter 29, this is the Motion
24  of Homesales to Execute and Deliver an Assignment and

1  granting stay relief.  That has been adjourned until October
2  16, so the parties can discuss the matter further.
3              THE COURT:  Okay.
4              MS. GREECHER:  That means without further adieu,
5  we can move to Matter No. 26, if that makes sense.
6              THE COURT:  Yes.
7              MS. GREECHER:  Your Honor, Matter No. 26 is the
8  Debtors' Fifteenth Omnibus Objection to claims.  The sole
9  remaining claim on this is that filed by Ms. Shervonne
10 Powell.  The Debtors filed a Supplemental Declaration in
11 response to Ms. Powell's response to the initial filing of
12 the objection.
13             Since then, the Debtors have worked with Ms.
14 Powell on several occasions to try to resolve the matter.
15 It has not gone to resolution.  This has been four years in
16 the matter.  And on several occasions, Ms. Powell's counsel
17 has requested adjournments.  We have done so for four years
18 and have attempted on several occasions to move this along.
19 And finally, have reached a point where we determined it was
20 no longer worthwhile to continue discussions and to move
21 forward.
22             Approximately three weeks ago, we relayed that
23 information to Ms. Powell's counsel.  I did have a
24 conversation with her.  I sent her a copy of the
25 Supplemental Declaration and attempted to have further

1  negotiations with her.  She did not respond.

2  Last week, I attempted again to have
3  conversations with her to address the evidentiary hearing
4  and how she would like to proceed.  She again, did not
5  respond.  She did respond on Friday saying she would talk to
6  her client and respond to me.  It is now clearly the hearing
7  time and she has not indicated any response to me.  And I do
8  not believe she's here today or on the phone.

9  As a result, my suggestion would be to seek to
10 admit the declaration or submit the declaration of Ms.
11 Wanerka in connection with Ms. Powell's claim and to seek
12 the admission of the exhibits attached to the declaration.

13 Ms. Wanerka is here today.  And Mr. Schnitzer did
14 travel here with the anticipation of this being an
15 evidentiary hearing.  And as a result, we would like to move
16 forward in that context, have the declaration submitted, the
17 exhibits admitted, and have Ms. Wanerka available to cross
18 examine or to have any of your questions answered in
19 connection to this matter.

20 THE COURT:  Okay.  Just for the record, is there
21 anyone here on the phone or in Court on behalf of Ms.
22 Powell?

23 (No audible response.)

24 THE COURT:  I hear and see none.  This has
25 obviously gone on long enough.  The Debtor has worked --

1   excuse me, the Plan Administrator has worked diligently.

2   The declaration of Ms. Wanerka and the exhibits thereto

3   which are docket items at 10565 are admitted without

4   objection.  And based on that declaration, I'm prepared to

5   approve the order.

6              MS. GREECHER:  I do have an order, if I may

7   approach?

8              THE COURT:  Yes.  Thank you.  If you receive

9   further communication from Ms. Powell or her attorney, you

10  can tell them that the Judge says don't bother to file a

11  Motion for Reconsideration, you will lose.  They had more

12  than enough time to deal with this.

13             MS. GREECHER:  Your Honor, I will relay that

14  information.

15             The next matter is Matter No. 27 which is in

16  respect to Mr. Deck's request for administrative expense.  I

17  don't know why I can't talk today.  But Mr. Schnitzer is

18  here and we'll move forward with that.

19             THE COURT:  Very good.  And just again, for the

20  record, is there anyone present on the phone or in Court on

21  behalf of Mr. Deck?

22                  (No audible response.)

23             THE COURT:  Okay.  I hear and see none.  Mr.

24  Schnitzer?

25             MR. SCHNITZER:  Good afternoon, Your Honor.

1    Edward Schnitzer from Hahn & Hessen on behalf of the Plan
2    Trustee.
3                Your Honor, Item No. 27 is a request for payment
4    of an administrative claim by Mr. Deck seeking $3,400.  And
5    the Plan Trustee's objection to this claim as set forth in
6    our paper, Your Honor, we object for two reasons.  One, we
7    believe this is duplicative of the proof of claim that Mr.
8    Deck filed, which, pursuant to the Thirty-First Omnibus
9    Objection, was subordinated pursuant to Section 510 of the
10   Code and the Plan because this is really a claim arising out
11   of the purchase of securities.  This administrative claim,
12   Your Honor, is no different.  It is based upon the purchase
13   of securities and Mr. Deck's contention that he should have
14   received a dividend or was defrauded in some respect with
15   those purchase of securities.
16                Your Honor, it's the Trustee's position that as
17   510 is quite clear, as is the Plan, that a claim must be
18   subordinated if it arises from the purchase of a security of
19   the Debtor, including any damages arising from it, and this
20   would, at best, need to be subordinated.  We think in this
21   case, Your Honor, since this administrative claim is
22   actually identical to the proof of claim, the only
23   difference is he now puts an amount.  And obviously, he
24   seeks it to be administrative, but it's obviously based upon
25   a pre-petition purchase of securities.  This administrative

1  claim should actually be disallowed in full, not -- there
2  should be no subordination.
3         Your Honor, the other thing I'd note, after
4  preparing the objection, we did look into the matter a
5  little further just in case the Court wanted to know, there
6  are cases that have, you know, expanded.  While I think 510
7  of the Code is quite clear, just to -- for Your Honor's
8  purposes, there are decisions that make it quite clear that
9  the purchase of securities, any claims arising or relating
10 to that is to be construed broadly, even if a party seeks to
11 call it either a contract claim or a tort claim.
12         THE COURT:  Um-hum.
13         MR. SCHNITZER:  Your Honor, I'd just give you two
14 decisions for the record.  One is *International Wireless*
15 *Communications*, a Delaware District Court decision from
16 2002.  It's 279 B.R. 463.  There's also a decision out of
17 the Third Circuit in *Telegroup,* which is 281 F.3rd 133.
18 Again, those decisions do stand for the fact that a claim
19 relating kind of in any way to a purchase of securities
20 should be subordinated both under an applicable plan, as
21 well as, Section 510 of the Code.
22         THE COURT:  Okay.  Anyone else, anything?
23              (No audible response.)
24         THE COURT:  I'm prepared to deny the request for
25 administrative expense claim.  I agree completely with

1  Debtors' position.  This is duplicative of a previous claim
2  that has already been subordinated and as an administrative
3  expense claim, you know, frankly, it's not an administrative
4  expense claim in any event, so I will deny the request.  Do
5  you have an order?
6          MR. SCHNITZER:  I do.  May I approach, Your
7  Honor?
8          THE COURT:  Yes.
9          MR. SCHNITZER:  Thank you, Your Honor.
10         THE COURT:  Mr. Deck has had his two bites of the
11 apple.  He's not going to get a third.
12         MR. SCHNITZER:  Thank you, Your Honor.
13         THE COURT:  You're welcome.  Anything else?
14              (No audible response.)
15         Have a nice day.  We're adjourned.
16         MR. SCHNITZER:  Thank you.
17    (Whereupon, at 2:20 p.m., the hearing was adjourned.)
18
19                        CERTIFICATION
20      I certify that the foregoing is a correct
21 transcript from the electronic sound recording of the
22 proceedings in the above-entitled matter.
23
24 _____            25 September 2012
25 Traci L. Calaman, Transcriber                    Date

**AMERICAN HOME MORTGAGE 09.18.12.TLC.DOC**

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **07-11047(css)**(1) 1:4 | | **certification**(2) 3:22 9:19 | | **else**(2) 8:22 9:13 | | **it's**(4) 7:16 7:24 8:16 9:3 | |
| **aboveentitled** (1) 9:22 | | **certify**(1) 9:20 | | **enough**(2) 5:25 6:12 | | **item**(1) 7:3 | |
| **actually**(2) 7:22 8:1 | | **chambers**(2) 3:11 3:21 | | **entered**(1) 3:14 | | **items**(2) 3:9 6:3 | |
| **address**(1) 5:3 | | **chapter**(1) 1:7 | | **esq**(2) 1:27 1:34 | | **jointly**(1) 1:5 | |
| **adieu**(1) 4:4 | | **christopher**(1) 1:20 | | **esquire**(1) 2:5 | | **judge**(3) 1:20 1:21 6:10 | |
| **adjourned**(3) 4:1 9:15 9:17 | | **circuit**(1) 8:17 | | **even**(1) 8:10 | | **just**(5) 5:20 6:19 8:5 8:7 8:13 | |
| **adjournments**(1) 4:17 | | **claim**(19) 3:19 4:9 5:11 7:4 7:5 7:7 7:10 7:11 7:17 7:21 7:22 8:1 8:11 8:11 8:18 8:25 9:1 9:3 9:4 | | **event**(1) 9:4 | | **kind**(1) 8:19 | |
| **administered**(1) 1:5 | | | | **evidentiary**(2) 5:3 5:15 | | **king**(1) 1:29 | |
| **administrative**(10) 3:19 6:16 7:4 7:11 7:21 7:24 7:25 8:25 9:2 9:3 | | | | **examine**(1) 5:18 | | **know**(4) 6:17 8:5 8:6 9:3 | |
| | | | | **excuse**(1) 6:1 | | **ladd**(1) 2:5 | |
| | | **claims**(2) 4:8 8:9 | | **execute**(1) 3:25 | | **last**(1) 5:2 | |
| **administrator**(1) 6:1 | | **clear**(3) 7:17 8:7 8:8 | | **exhibits**(3) 5:12 5:17 6:2 | | **leslie**(1) 1:39 | |
| **admission**(1) 5:12 | | **clearly**(1) 5:6 | | **expanded**(1) 8:6 | | **like**(2) 5:4 5:15 | |
| **admit**(1) 5:10 | | **clerk**(1) 3:2 | | **expense**(4) 6:16 8:25 9:3 9:4 | | **liquidating**(3) 1:25 2:4 3:7 | |
| **admitted**(2) 5:17 6:3 | | **client**(1) 5:6 | | **f.3rd**(1) 8:17 | | **little**(1) 8:5 | |
| **after**(1) 8:3 | | **code**(3) 7:10 8:7 8:21 | | **fact**(1) 8:18 | | **llc**(1) 1:41 | |
| **afternoon**(3) 3:4 3:5 6:25 | | **communication**(1) 6:9 | | **fifteenth**(1) 4:8 | | **llp**(2) 1:33 2:4 | |
| **again**(5) 3:16 5:2 5:4 6:19 8:18 | | **communications**(1) 8:15 | | **file**(1) 6:10 | | **long**(1) 5:25 | |
| **agenda**(3) 3:9 3:12 3:16 | | **completely**(1) 8:25 | | **filed**(3) 4:9 4:10 7:8 | | **longer**(1) 4:20 | |
| **ago**(1) 4:22 | | **conaway**(1) 1:25 | | **filing**(2) 3:21 4:11 | | **look**(2) 3:16 8:4 | |
| **agree**(1) 8:25 | | **connection**(2) 5:11 5:19 | | **finally**(1) 4:19 | | **lose**(1) 6:11 | |
| **alison**(1) 2:5 | | **construed**(1) 8:10 | | **for**(16) 1:2 1:25 2:4 3:7 3:19 4:17 5:20 6:11 6:16 6:19 7:3 7:6 8:7 8:14 8:18 8:24 | | **madison**(2) 1:35 2:6 | |
| **all**(1) 3:2 | | **contact**(1) 3:11 | | | | **make**(1) 8:8 | |
| **along**(1) 4:18 | | **contention**(1) 7:13 | | | | **makes**(1) 4:5 | |
| **already**(1) 9:2 | | **contested**(1) 3:17 | | **foregoing**(1) 9:20 | | **margaret**(2) 1:26 3:6 | |
| **also**(1) 8:16 | | **context**(1) 5:16 | | **form**(1) 3:22 | | **market**(1) 1:11 | |
| **amended**(1) 3:12 | | **continue**(1) 4:20 | | **forth**(1) 7:5 | | **matter**(15) 3:17 3:18 3:19 3:21 3:24 4:2 4:5 4:7 4:14 4:16 5:19 6:15 6:15 8:4 9:22 | |
| **american**(1) 3:7 | | **continued**(1) 2:2 | | **forward**(4) 3:17 4:21 5:16 6:18 | | | |
| **amount**(1) 7:23 | | **contract**(1) 8:11 | | **four**(2) 4:15 4:17 | | | |
| **and**(32) 3:10 3:11 3:16 3:21 3:24 3:25 3:25 4:16 4:18 4:19 4:20 4:25 5:4 5:6 5:7 5:7 5:11 5:13 5:15 5:17 5:24 6:2 6:4 6:18 6:19 6:23 7:4 7:10 7:13 7:19 7:23 9:2 | | **conversation**(1) 4:24 | | **frankly**(1) 9:3 | | **matters**(1) 3:15 | |
| | | **conversations**(1) 5:3 | | **friday**(1) 5:5 | | **may**(2) 6:6 9:6 | |
| | | **copy**(1) 4:24 | | **from**(6) 6:9 7:1 7:18 7:19 8:15 9:21 | | **means**(1) 4:4 | |
| | | **corporation**(1) 1:9 | | **full**(1) 8:1 | | **merican**(1) 1:7 | |
| | | **correct**(1) 9:20 | | **further**(5) 4:2 4:4 4:25 6:9 8:5 | | **more**(1) 6:11 | |
| | | **counsel**(3) 3:23 4:16 4:23 | | **get**(1) 9:11 | | **mortgage**(2) 1:7 3:7 | |
| **answered**(1) 5:18 | | **county**(1) 3:20 | | **give**(1) 8:13 | | **motion**(3) 3:19 3:24 6:11 | |
| **anticipate**(1) 3:21 | | **couple**(1) 3:10 | | **going**(2) 3:17 9:11 | | **move**(5) 4:5 4:18 4:20 5:15 6:18 | |
| **anticipation**(1) 5:14 | | **court**(21) 1:1 3:3 3:5 3:13 4:3 4:6 5:20 5:21 5:24 6:8 6:19 6:20 6:23 8:5 8:12 8:15 8:22 8:24 9:8 9:10 9:13 | | **gone**(2) 4:15 5:25 | | **murin**(1) 1:39 | |
| **any**(6) 5:7 5:18 7:19 8:9 8:19 9:4 | | | | **good**(4) 3:4 3:5 6:19 6:25 | | **must**(1) 7:17 | |
| **anyone**(3) 5:21 6:20 8:22 | | | | **granting**(1) 4:1 | | **need**(1) 7:20 | |
| **anything**(2) 8:22 9:13 | | | | **greecher**(9) 1:26 3:4 3:6 3:6 3:14 4:4 4:7 6:6 6:13 | | **negotiations**(1) 5:1 | |
| **appearances**(1) 2:1 | | **courtroom**(1) 1:10 | | | | **new**(2) 1:36 2:7 | |
| **apple**(1) 9:11 | | **cross**(1) 5:17 | | | | **next**(1) 6:15 | |
| **applicable**(1) 8:20 | | **damages**(1) 7:19 | | **had**(2) 6:11 9:10 | | **nice**(1) 9:15 | |
| **approach**(2) 6:7 9:6 | | **data**(1) 1:41 | | **hahn**(3) 1:33 2:4 7:1 | | **none**(2) 5:24 6:23 | |
| **approve**(1) 6:5 | | **day**(1) 9:15 | | **harrisburg**(1) 1:43 | | **north**(1) 1:29 | |
| **approximately**(1) 4:22 | | **deal**(1) 6:12 | | **has**(10) 4:1 4:15 4:15 4:17 5:7 5:24 5:25 6:1 9:2 9:10 | | **not**(8) 4:15 5:1 5:4 5:7 5:8 8:1 9:3 9:11 | |
| **are**(4) 6:3 6:3 8:6 8:8 | | **debtor**(2) 5:25 7:19 | | | | **note**(1) 8:3 | |
| **arises**(1) 7:18 | | **debtors**(5) 1:11 4:8 4:10 4:13 9:1 | | | | **now**(2) 5:6 7:23 | |
| **arising**(3) 7:10 7:19 8:9 | | **decision**(2) 8:15 8:16 | | **have**(19) 3:9 3:10 3:10 3:12 4:13 4:17 4:18 4:19 4:23 4:25 5:2 5:16 5:17 5:18 6:6 7:13 8:6 9:5 9:15 | | **object**(1) 7:6 | |
| **assignment**(1) 3:25 | | **decisions**(3) 8:8 8:14 8:18 | | | | **objection**(6) 4:8 4:12 6:4 7:5 7:9 8:4 | |
| **attached**(1) 5:12 | | **deck**(4) 6:21 7:4 7:8 9:10 | | | | **obviously**(3) 5:25 7:23 7:24 | |
| **attempted**(3) 4:18 4:25 5:2 | | **deck's**(2) 6:16 7:13 | | | | **occasions**(3) 4:14 4:16 4:18 | |
| **attorney**(1) 6:9 | | **declaration**(8) 4:10 4:25 5:10 5:10 5:12 5:16 6:2 6:4 | | **he's**(1) 9:11 | | **october**(1) 4:1 | |
| **audible**(4) 5:23 6:22 8:23 9:14 | | | | **hear**(2) 5:24 6:23 | | **okay**(5) 3:14 4:3 5:20 6:23 8:22 | |
| **available**(1) 5:17 | | | | **hearing**(4) 5:3 5:6 5:15 9:17 | | **omnibus**(2) 4:8 7:8 | |
| **avenue**(2) 1:35 2:6 | | **defrauded**(1) 7:14 | | **her**(6) 4:24 4:24 5:1 5:3 5:6 6:9 | | **one**(2) 7:6 8:14 | |
| **b.r**(1) 8:16 | | **delaware**(5) 1:2 1:8 1:12 3:1 8:15 | | **here**(5) 5:8 5:13 5:14 5:21 6:18 | | **only**(1) 7:22 | |
| **bankruptcy**(2) 1:1 1:21 | | **deliver**(1) 3:25 | | **hessen**(3) 1:33 2:4 7:1 | | **order**(4) 3:22 6:5 6:6 9:5 | |
| **based**(3) 6:4 7:12 7:24 | | **deny**(2) 8:24 9:4 | | **his**(1) 9:10 | | **orders**(1) 3:14 | |
| **basis**(1) 3:17 | | **determined**(1) 4:19 | | **holdings**(2) 1:8 3:8 | | **other**(1) 8:3 | |
| **because**(1) 7:10 | | **diaz**(1) 1:41 | | **home**(2) 1:7 3:7 | | **our**(1) 7:6 | |
| **been**(4) 3:10 4:1 4:15 9:2 | | **did**(7) 3:10 4:23 5:1 5:4 5:5 5:13 8:4 | | **homesales**(1) 3:25 | | **out**(2) 7:10 8:16 | |
| **before**(1) 1:20 | | **difference**(1) 7:23 | | **honor**(16) 3:4 3:9 3:14 4:7 6:13 6:25 7:3 7:6 7:12 7:16 7:21 8:3 8:13 9:7 9:9 9:12 | | **p.m**(3) 1:15 3:1 9:17 | |
| **behalf**(4) 3:7 5:21 6:21 7:1 | | **different**(1) 7:12 | | | | **paper**(1) 7:6 | |
| **being**(1) 5:14 | | **diligently**(1) 6:1 | | | | **parties**(1) 4:2 | |
| **believe**(2) 5:8 7:7 | | **disallowed**(1) 8:1 | | **honor's**(1) 8:7 | | **party**(1) 8:10 | |
| **bernalillo**(1) 3:20 | | **discuss**(1) 4:2 | | **honorable**(1) 1:20 | | **payment**(1) 7:3 | |
| **best**(1) 7:20 | | **discussions**(1) 4:20 | | **how**(1) 5:4 | | **pennsylvania**(1) 1:43 | |
| **bites**(1) 9:10 | | **district**(2) 1:2 8:15 | | **i'd**(2) 8:3 8:13 | | **phone**(3) 5:8 5:21 6:20 | |
| **both**(1) 8:20 | | **dividend**(1) 7:14 | | **i'm**(2) 6:4 8:24 | | **plan**(6) 6:1 7:1 7:5 7:10 7:17 8:20 | |
| **bother**(1) 6:10 | | **docket**(1) 6:3 | | **identical**(1) 7:22 | | **please**(1) 3:3 | |
| **broadly**(1) 8:10 | | **don't**(2) 6:10 6:17 | | **inc**(1) 1:8 | | **point**(1) 4:19 | |
| **but**(2) 6:17 7:24 | | **done**(1) 4:17 | | **including**(1) 7:19 | | **position**(2) 7:16 9:1 | |
| **call**(1) 8:11 | | **duplicative**(2) 7:7 9:1 | | **indicated**(2) 3:20 5:7 | | **powell**(4) 4:10 4:14 5:22 6:9 | |
| **can**(3) 4:2 4:5 6:10 | | **ecro**(1) 1:39 | | **information**(2) 4:23 6:14 | | **powell's**(4) 4:11 4:16 4:23 5:11 | |
| **can't**(1) 6:17 | | **edward**(2) 1:34 7:1 | | **initial**(1) 4:11 | | **ppearances**(1) 1:23 | |
| **case**(3) 1:4 7:21 8:5 | | **either**(1) 8:11 | | **international**(1) 8:14 | | **pre-petition**(1) 7:25 | |
| **cases**(1) 8:6 | | **electronic**(2) 1:47 9:21 | | **into**(1) 8:4 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **prepared**(2) 6:4  8:24 | | **stand**(1) 8:18 | | **welcome**(1) 9:13 | |
| **preparing**(1) 8:4 | | **stargatt**(1) 1:25 | | **well**(1) 8:21 | |
| **present**(1) 6:20 | | **states**(2) 1:1  1:21 | | **where**(1) 4:19 | |
| **previous**(1) 9:1 | | **stay**(1) 4:1 | | **whereupon**(1) 9:17 | |
| **proceed**(1) 5:4 | | **street**(3) 1:11  1:29  1:42 | | **which**(5) 3:10  6:3  6:15  7:8  8:17 | |
| **proceedings**(3) 1:19  1:47  9:22 | | **submit**(1) 5:10 | | **while**(1) 8:6 | |
| **produced**(1) 1:48 | | **submitted**(1) 5:16 | | **whiteman**(2) 1:26  3:6 | |
| **proof**(2) 7:7  7:22 | | **subordinated**(5) 7:9  7:18  7:20  8:20  9:2 | | **why**(1) 6:17 | |
| **proposed**(1) 3:22 | | **subordination**(1) 8:2 | | **will**(3) 6:11  6:13  9:4 | |
| **purchase**(7) 7:11  7:12  7:15  7:18  7:25  8:9  8:19 | | **suggestion**(1) 5:9 | | **wilmington**(3) 1:12  1:30  3:1 | |
| **purposes**(1) 8:8 | | **supplemental**(2) 4:10  4:25 | | **wireless**(1) 8:14 | |
| **pursuant**(2) 7:8  7:9 | | **taking**(1) 3:16 | | **with**(14) 3:11  3:15  3:20  3:24  4:13  4:24  5:1  5:3  5:11  5:14  6:12  6:18  7:14  8:25 | |
| **puts**(1) 7:23 | | **talk**(2) 5:5  6:17 | | | |
| **questions**(1) 5:18 | | **taylor**(1) 1:25 | | **without**(2) 4:4  6:3 | |
| **quite**(3) 7:17  8:7  8:8 | | **telegroup**(1) 8:17 | | **worked**(3) 4:13  5:25  6:1 | |
| **reached**(1) 4:19 | | **telephonic**(1) 2:1 | | **worthwhile**(1) 4:20 | |
| **really**(1) 7:10 | | **tell**(1) 6:10 | | **would**(5) 5:4  5:5  5:9  5:15  7:20 | |
| **reasons**(1) 7:6 | | **than**(1) 6:12 | | **www.diazdata.com**(1) 1:45 | |
| **receive**(1) 6:8 | | **thank**(4) 6:8  9:9  9:12  9:16 | | **years**(2) 4:15  4:17 | |
| **received**(1) 7:14 | | **that**(21) 4:1  4:4  4:5  4:9  4:22  5:16  6:4  6:10  6:13  6:18  7:7  7:13  7:16  7:17  8:6  8:8  8:8  8:10  8:18  9:2  9:20 | | **yes**(3) 4:6  6:8  9:8 | |
| **reconsideration**(1) 6:11 | | | | **yesterday**(1) 3:11 | |
| **record**(3) 5:20  6:20  8:14 | | | | **york**(2) 1:36  2:7 | |
| **recorded**(1) 1:47 | | | | **you**(12) 3:12  6:8  6:8  6:9  6:11  8:6  8:13  9:3  9:5  9:9  9:12  9:16 | |
| **recording**(2) 1:47  9:21 | | **the**(92) 1:1  1:2  1:20  3:2  3:3  3:5  3:7  3:9  3:11  3:12  3:13  3:16  3:19  3:24  4:2  4:2  4:3  4:6  4:7  4:8  4:10  4:11  4:12  4:13  4:14  4:16  4:24  5:3  5:6  5:8  5:10  5:10  5:12  5:12  5:12  5:14  5:16  5:16  5:20  5:20  5:21  5:24  5:25  6:1  6:2  6:2  6:5  6:8  6:10  6:15  6:19  6:19  6:20  6:23  7:1  7:5  7:7  7:8  7:9  7:10  7:11  7:12  7:16  7:17  7:18  7:19  7:22  7:22  8:3  8:4  8:4  8:5  8:7  8:9  8:12  8:14  8:17  8:18  8:21  8:22  8:24  8:24  9:4  9:8  9:10  9:10  9:13  9:17  9:20  9:21  9:21  9:22 | | | |
| **regarding**(1) 3:11 | | | | **you're**(1) 9:13 | |
| **relating**(2) 8:9  8:19 | | | | **young**(1) 1:25 | |
| **relay**(1) 6:13 | | | | **your**(19) 3:4  3:9  3:11  3:14  4:7  5:18  6:13  6:25  7:3  7:6  7:12  7:16  7:21  8:3  8:7  8:13  9:6  9:9  9:12 | |
| **relayed**(1) 4:22 | | | | | |
| **relief**(1) 4:1 | | | | | |
| **remaining**(1) 4:9 | | | | | |
| **request**(4) 6:16  7:3  8:24  9:4 | | | | | |
| **requested**(1) 4:17 | | | | | |
| **resolution**(1) 4:15 | | **them**(1) 6:10 | | | |
| **resolutions**(1) 3:12 | | **then**(2) 3:16  4:13 | | | |
| **resolve**(1) 4:14 | | **there**(5) 5:20  6:20  8:1  8:5  8:8 | | | |
| **resolved**(2) 3:10  3:21 | | **there's**(1) 8:16 | | | |
| **respect**(5) 3:15  3:20  3:24  6:16  7:14 | | **thereto**(1) 6:2 | | | |
| **respond**(4) 5:1  5:5  5:5  5:6 | | **they**(1) 6:11 | | | |
| **response**(7) 4:11  4:11  5:7  5:23  6:22  8:23  9:14 | | **thing**(1) 8:3 | | | |
| | | **think**(2) 7:20  8:6 | | | |
| **result**(2) 5:9  5:15 | | **third**(2) 8:17  9:11 | | | |
| **revised**(1) 3:22 | | **thirty-first**(1) 7:8 | | | |
| **rise**(1) 3:2 | | **this**(18) 3:21  3:24  4:9  4:15  4:18  5:14  5:19  5:24  6:12  7:5  7:7  7:10  7:11  7:19  7:20  7:21  7:25  9:1 | | | |
| **rodney**(1) 1:28 | | | | | |
| **saying**(1) 5:5 | | | | | |
| **says**(1) 6:10 | | | | | |
| **schnitzer**(11) 1:34  5:13  6:17  6:24  6:25  7:1  8:13  9:6  9:9  9:12  9:16 | | **those**(3) 3:12  7:15  8:18 | | | |
| | | **three**(1) 4:22 | | | |
| | | **through**(1) 3:15 | | | |
| **schuylkill**(1) 1:42 | | **time**(2) 5:7  6:12 | | | |
| **seated**(1) 3:3 | | **today**(5) 3:10  3:11  5:8  5:13  6:17 | | | |
| **section**(2) 7:9  8:21 | | **tort**(1) 8:11 | | | |
| **securities**(6) 7:11  7:13  7:15  7:25  8:9  8:19 | | **transcript**(3) 1:19  1:48  9:21 | | | |
| **security**(1) 7:18 | | **transcription**(2) 1:41  1:48 | | | |
| **see**(2) 5:24  6:23 | | **travel**(1) 5:14 | | | |
| **seek**(2) 5:9  5:11 | | **trust**(1) 3:7 | | | |
| **seeking**(1) 7:4 | | **trustee**(3) 1:26  2:4  7:2 | | | |
| **seeks**(2) 7:24  8:10 | | **trustee's**(2) 7:5  7:16 | | | |
| **sense**(1) 4:5 | | **try**(1) 4:14 | | | |
| **sent**(1) 4:24 | | **tuesday**(1) 3:1 | | | |
| **september**(3) 1:14  3:1  9:24 | | **two**(3) 7:6  8:13  9:10 | | | |
| **service**(2) 1:41  1:48 | | **um-hum**(1) 8:12 | | | |
| **services**(1) 1:41 | | **under**(2) 3:22  8:20 | | | |
| **set**(1) 7:5 | | **united**(2) 1:1  1:21 | | | |
| **several**(4) 3:9  4:14  4:16  4:18 | | **until**(1) 4:1 | | | |
| **she**(6) 5:1  5:4  5:4  5:5  5:5  5:7 | | **upon**(2) 7:12  7:24 | | | |
| **shervonne**(1) 4:9 | | **very**(1) 6:19 | | | |
| **she's**(1) 5:8 | | **wanerka**(4) 5:11  5:13  5:17  6:2 | | | |
| **should**(4) 7:13  8:1  8:2  8:20 | | **wanted**(1) 8:5 | | | |
| **since**(2) 4:13  7:21 | | **was**(4) 4:19  7:9  7:14  9:17 | | | |
| **sole**(1) 4:8 | | **way**(1) 8:19 | | | |
| **some**(1) 7:14 | | **we'll**(1) 6:18 | | | |
| **sontchi**(1) 1:20 | | **we're**(1) 9:15 | | | |
| **sound**(2) 1:47  9:21 | | **we've**(1) 3:21 | | | |
| **square**(1) 1:28 | | **week**(1) 5:2 | | | |
| | | **weeks**(1) 4:22 | | | |