IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
        Debtors.                                                 :
                                                                 :   Ref. Dkt. No. 10558
                                                                 :
---------------------------------------------------------------- x

## STIPULATION BY AND AMONG THE PLAN TRUSTEE AND CIFG ASSURANCE NORTH AMERICA, INC. RESOLVING CERTAIN PROOFS OF CLAIM

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and CIFG Assurance North America, Inc. ("CIFG" and, together with the Plan Trustee, the "Parties"), by and through their undersigned counsel.

WHEREAS, CIFG timely filed proof of claim no. 8706 ("Claim 8706") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048);

WHEREAS, CIFG timely filed proof of claim no. 8707 ("Claim 8707") against debtor American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.");

WHEREAS, by order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on January 17, 2012 [D.I. 10313], Claim 8707 was

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12467141.1

disallowed as amended and superseded by proof of claim no. 10926 ("Claim 10926") filed by CIFG against AHM Corp.;

WHEREAS, CIFG timely filed proof of claim no. 8708 ("Claim 8708") against debtor American Home Mortgage Acceptance, Inc. (Case No. 07-11049) ("AHM Acceptance");

WHEREAS, CIFG timely filed proof of claim no. 9963 ("Claim 9963" and together with Claims 8706, 8708 and 10926, the "CIFG Claims") against AHM Acceptance;

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, the Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to proofs of claim;

WHEREAS, on August 28, 2012, the Plan Trustee filed the *Plan Trust's Motion for an Order Estimating the Claims of CIFG Assurance North America, Inc. for Purposes of Allowance and Distribution Under the Plan* [D.I. 10558] (the "Estimation Motion");

WHEREAS, by the Estimation Motion, the Plan Trustee sought entry of an order estimating (i) each of Claims 8706, 8708 and 9963 at the maximum amount of zero dollars ($0.00), and (ii) Claim 10926 as a general unsecured claim in the maximum amount of four million, eighty-nine thousand, four hundred forty-six dollars ($4,089,546), for purposes of allowance and distribution under the Plan;

WHEREAS, the Parties desire to avoid costly litigation over the CIFG Claims and the Estimation Motion and, to that end, have engaged in good-faith negotiations in an attempt to reach an agreement as to the appropriate treatment of the CIFG Claims;

01:12467141.1

WHEREAS, as a result of those negotiations, the Parties have agreed upon a compromise with respect to the CIFG Claims;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances; and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. **Effectiveness.** This Stipulation shall be effective immediately upon its docketing in the Bankruptcy Court.

2. **Withdrawal of the Estimation Motion.** The Estimation Motion is hereby withdrawn.

3. **Disallowance of Certain CIFG Claims.** CIFG agrees that Claims 8706, 8708 and 9963 shall be, and hereby are, disallowed and expunged in their entirety.

4. **Allowance of Claim 10926.** The Plan Trustee agrees that Claim 10926 shall be, and hereby is, allowed as a general unsecured claim in the amount of six million, six-hundred thousand dollars ($6,600,000) against AHM Corp.

5. **Release by CIFG.** Effective upon the docketing of this Stipulation, CIFG hereby fully and forever releases, surrenders, gives up and discharges the Plan Trustee, the Plan Trust, and the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether

3

01:12467141.1

now known or hereinafter known, that CIFG ever had, may have had or may have against the Plan Trustee, the Plan Trust, or the Debtors (including, but not limited to the CIFG Claims), provided, however, that nothing in this paragraph 5 shall constitute a waiver or release of any claims allowed pursuant to this Stipulation.

6. **Release by the Plan Trustee, the Plan Trust and the Debtors.** Effective upon the docketing of this Stipulation, the Plan Trust, the Plan Trustee and the Debtors hereby fully and forever release, surrender, give up and discharge CIFG, its agents, principals, supervisors, administrators, members, fiduciaries, sponsors, present and former employees, officers, directors, attorneys, servants, trustees, shareholders, predecessors, successors, any parent companies, subsidiaries, affiliates, member companies, other related companies, and assigns and all persons acting for, by, through, under or in concert with any of them (the "CIFG Releasees"), from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that the Plan Trust, the Plan Trustee or the Debtors ever had, may have had or may have against CIFG and the CIFG Releasees arising out of or relating to the CIFG Claims.

7. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

8. **Jurisdiction.** Subject to the terms and conditions of the confirmed Plan, the Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

9. **Execution in Counterparts.** This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

Dated: Wilmington, Delaware
October 11, 2012

    HAHN & HESSEN LLP
    Mark S. Indelicato
    Edward L. Schnitzer
    488 Madison Avenue
    New York, New York 10022
    Telephone: (212) 478-7200

    -and-

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    */s/ Patrick A. Jackson*

    Sean M. Beach (No. 4070)
    Patrick A. Jackson (No. 4976)
    Rodney Square
    1000 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 571-6600
    Facsimile: (302) 571-1253

    Co-Counsel for the Plan Trustee

Dated: New York, New York
October 11, 2012

    [signature]
    Michael Knopf
    General Counsel
    CIFG
    850 Third Avenue
    New York, New York 10022
    Telephone: (212) 909-0425

01:12467141.1