IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re:                                                              :   Chapter 11
                                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                  :
                                                                    :   Jointly Administered
          Debtors.                                                  :
                                                                    :   **Ref. Docket No.: 10579 & 10607**
                                                                    :
------------------------------------------------------------------- x

### CERTIFICATION OF COUNSEL REGARDING REVISED PROPOSED ORDER WITH RESPECT TO PLAN TRUST'S ONE HUNDRED THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

The undersigned counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors") hereby certifies as follows:

1.  On September 14, 2012, through the undersigned counsel, the Plan Trustee filed the *Plan Trust's One Hundred Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 10579] (the "Objection"). By the Objection, the Plan Trust sought, *inter alia*, to disallow proof of claim number 10361 ("Claim 10361") filed by Keyvan Samini

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12628357.1

and proof of claim number 10822 ("Claim 10822") filed by Craig Farland on the grounds that the Debtors had no liability on account of these claims. Claims 10361 and 10822 are "Borrower Claims" as that term is defined in the Plan.

2. After the Objection was filed, the undersigned counsel for the Plan Trustee reached a consensual resolution of Claims 10361 and 10822 with Messrs. Samini and Farland, respectively. On October 10, 2012, in light of these resolutions, the Plan Trustee filed a Notice of Partial Withdrawal [D.I. 10607] of the Objection with respect to Claims 10361 and 10822. A revised proposed form of order (the "Revised Proposed Order") reflecting the withdrawal of the Objection with respect to these claims is attached hereto as Exhibit 1.

3. Responses to the Objection were to be filed and served no later than October 9, 2012 at 4:00 p.m. (ET). The undersigned hereby certifies that, as of the date hereof, no other comment, answer, objection or other responsive pleading to the Objection has been received. The undersigned further certifies that the Court's docket has been reviewed in this case and no answer, objection or other responsive pleading to the Objection appears thereon.

*[Signature page follows]*

3

WHEREFORE, based on the foregoing, the Plan Trustee respectfully requests that the Court enter the Revised Proposed Order at its earliest convenience.

| | |
|---|---|
| Dated: October 12, 2012<br>Wilmington, Delaware | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP<br><br>*/s/ Michael S. Neiburg*<br>Sean M. Beach (No. 4070)<br>Michael S. Neiburg (No. 5275)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware  19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>HAHN & HESSEN LLP<br>Mark S. Indelicato<br>Edward L. Schnitzer<br>488 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 478-7200<br>Facsimile: (212) 478-7400<br><br>*Co-Counsel to the Plan Trustee* |

# EXHIBIT 1

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   :   Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                       :
                                                                         :   Jointly Administered
          Debtors.                                                       :
                                                                         :   Ref. Docket No. 10579 & 10607
------------------------------------------------------------------------ x

### REVISED ORDER SUSTAINING IN PART PLAN TRUST'S ONE HUNDRED THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the one hundred third omnibus (substantive) objection to claims (the "Objection") of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors, by which the Plan Trust respectfully requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, disallowing in full such Disputed Claims[2] identified on Exhibit A attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]   All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

01:12628357.1

and that due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that, for the avoidance of doubt, the Objection is withdrawn with respect to proof of claim number 10361 filed by Keyvan Samini and proof of claim number 10822 filed by Craig Farland; and it is further

ORDERED that the Disputed Claims identified on the attached Exhibit A are hereby disallowed in their entirety; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____ \_\_\_, 2012

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**No Liability Claims**

01:12628357.1

# Exhibit A

## No Liability Claims

|  |  |  | Objectionable Claim |  |  |
|---|---|---|---|---|---|
| **Name/Address of Claimant** | **Claim Number** | **Date Filed** | **Case Number** | **Total Amount Claimed** | **Comments** |
| GILES, BERNADETTE<br>52 FLOYD ROAD<br>DERRY, NH  03038 | 2377 | 11/16/07 | 07-11051 | - (S)<br>- (A)<br>$1,164.42 (P)<br>- (U)<br>$1,164.42 (T) | Claim relates to a scheduled item for regular pay and unused vacation time.  Claimant was paid the regular pay in their paycheck dated 8/24/2007.  The Debtor's books and records show the employee has no unused vacation time owing to them. |
| HEINLEN, KENT MICHAEL<br>6699 ELK CREEK RD<br>MIDDLETOWN, OH  45044 | 10163 | 3/31/08 | NO DEBTOR | $10,000.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$10,000.00 (T) | The claim relates to amounts held in escrow pursuant an escrow agreement dated December 27, 2005.  The escrowed funds are being held by the settlement agent.  On March 29, 2006, the Debtors sold the loan underlying the Escrow Agreement to the AHMIT 2006-1 Trust.  Upon information and belief, Deutsche Bank National Trust Company ("DBNTC") is the Indenture Trustee for the AHMIT 2006-1 Trust, and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc.) is the servicer of the loan.  Following the sale, the Debtors no longer had an interest in the loan or the related escrowed funds.  Rather, DBNTC, in its capacity as Indenture Trustee for the AHMIT 2006-1 Trust, is the successor in interest to the rights of American Home Mortgage Acceptance, Inc. as Lender under the Escrow Agreement.<br><br>The Plan Trustee sent a letter to the escrow agent disclaiming any interest in the escrowed funds.  Accordingly, any claims for the escrowed funds should be between the current owner and/or servicer of the loan, the escrow agent and the Claimants, not the Debtors' estates |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| REAVELY, EMMETT, ELAINE & LARRY THOMAS<br>ROBERT F SALVIN, ESQ<br>COMMUNITY IMPACT LEGAL SERVICES, INC<br>1003 E LINCOLN HWY<br>COATESVILLE, PA  19320-3539 | 1263 | 9/24/07 | 07-11047 | - (S)<br>- (A)<br>$60,977.90 (P)<br>$87,122.10 (U)<br>$148,100.00 (T) | Claim is based on an alleged misuse of fire insurance proceeds by AHM SV.  Following a fire at the Claimant's home, the Claimants sent an insurance check to their servicer, AHM SV, who applied the proceeds to satisfy the balance of the mortgage and returned the surplus amounts to the Claimants.  In 2006, Claimants commenced a lawsuit in the Eastern District of Pennsylvania (Case No. 06-cv-4484) seeking (i) to reinstate the mortgage and have the insurance proceeds used for the construction of the home, and (ii) damages relating to AHM SV's application of insurance proceeds.  During litigation, without admitting liabiltiy, the parties agreed to reinstate the mortgage and allow the Claimants to use the proceeds to construct the house.  Accordingly, the issue of damages remained.  Prior to the Debtors' bankruptcy filing, discovery had been completed and summary judgment motions fully briefed.  These motions were pending decision when the Debtors filed bankruptcy.<br><br>The Plan Trustee has reveiwed the Claim and Underlying Litigation and determined that the claim and evidence produced in discovery of the underlying litigation does not substantiate a claim for damages.  First, the Claim is not prima facie valid because it does not provide supporting documentation regarding calculation of damages.  Second, even if the claim was prima facie valid, the Claimants failed to provide any admissible and credible evidence that the Debtors breached the loan agreement when it applied the insurance proceeds to satisfy the mortgage.  The loan agreement provides that the insurance proceeds can be used for restoration purposes if, among other things, the Lender's security is not lessened.   Because Claimants fail to show that this condition has been met, and all theories of liability are premised on entitlement to the insurance proceeds, the Claim fails.  Third, Claimants do not provide any supporting documentation regarding damages.  Claimants also failed to show that the requested damages were the result of the alleged breach or tort rather than the result of the fire.  Moreover, the broad categories of damages do not appear to be compensable or are fully mitigated. |

—— **Objectionable Claim** ——

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL WALL, ESQUIRE<br>SENIOR VP, SEC. GENERAL COUNSEL<br>101 SOUTH STRATFORD ROAD<br>WINSTON SALEM, NC  27104 | 8965 | 1/11/08 | 07-11051 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding").  However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76].  One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice.  No liabilty exists and the claim should be disallowed in full. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL WALL, ESQUIRE<br>SENIOR VP, SEC. GENERAL COUNSEL<br>101 SOUTH STRATFORD ROAD<br>WINSTON-SALEM, NC  27104 | 8966 | 1/11/08 | 07-11050 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding").  However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76].  One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice.  No liabilty exists and the claim should be disallowed in full. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL F. WALL, SEN. VP & GEN. COUNS.<br>101 SOUTH STRATFORD ROAD<br>WINSTON-SALEM, NC  27104 | 9079 | 1/11/08 | 07-11048 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding").  However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76].  One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice.  No liabilty exists and the claim should be disallowed in full. |
| **Totals:** | | **6  Claims** | | $10,000.00 (S)<br>- (A)<br>$62,142.32 (P)<br>$87,122.10 (U)<br>$159,264.42 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

\* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.