# EXHIBIT A

DEL 86,419,777v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
                  Debtors.                                       :
                                                                 :   Ref. Docket Nos. 4828, 6460, 9636, 9637,
                                                                 :   9640, 10273, 10274, 10326 & 10467
---------------------------------------------------------------- x

## STIPULATED SCHEDULING ORDER

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in the chapter 11 cases of the above-captioned debtors, Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)) ("HRI"), and Iron Mountain Information Management, LLC (f/k/a Iron Mountain Information Management, Inc.) (collectively with its affiliated entities, "Iron Mountain" and, together with the Plan Trustee and HRI, the "Parties") hereby stipulate and agree to the following discovery schedule in connection with (i) the cure claim filed by Iron Mountain on June 25, 2008 [D.I. 4828] (the "IM Cure Claim"); (ii) the administrative expense requests filed by Iron Mountain on October 24, 2008 [D.I. 6460], and January 5, 2011 [D.I. 9639 & 9637] (collectively, the "IM Admin Claims"), (iii) the administrative expense request filed by HRI on January 5, 2011 [D.I. 9640] (the "HRI Admin Claim"), and (iv) the Plan Trustee's motion to abandon certain documents held by Iron Mountain, to the extent the Plan Trust has any

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

DLI-6412847

interest therein [D.I. 11047] (the "Abandonment Motion" and, together with the IM Cure Claim, the IM Admin Claims, and the HRI Admin Claim, the "Contested Matters"), each of which is a contested matter under Fed. R. Bankr. P. 9014:

   1. **Written Fact Discovery**.  All written fact discovery must be served by November 12, 2012.  By November 15, 2012, each Party must, without awaiting a discovery request, provide to the other Parties the information required by Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv).  Written fact discovery will close on January 11, 2013.

   5. Written responses to any written fact discovery shall be served within thirty (30) days of the date on which the fact discovery was served on the responding Party.  All documents responsive to any Requests for Production of Documents shall be served within sixty (60) days of the date on which the applicable document requests were served on the producing Party.  The Parties will attempt to reach an agreement by November 12, 2012 about the format and method for producing electronically stored information.  In the event the Parties are unable to agree, the Parties will seek intervention by the Court to determine such method and format.  All discovery requests and any written responses thereto may be served electronically by email on counsel.

   6. **Fact Witness Depositions**.  The Parties will seek to schedule all depositions of any fact witnesses, including any corporate designees pursuant to Fed. R. Civ. P. 30(b)(6) so that all the depositions are scheduled to take place no earlier than the day after the close of written discovery and no later than 30 days after the close of written fact discovery.  The Parties will seek to have the Court resolve any objection regarding discovery at least two (2) business days prior to any deposition for which that objection is relevant; however, a deposition may not be cancelled or postponed merely because the Court is unavailable to hold a hearing on the objection prior to the deposition's scheduled time.

DLI-6412847

7. **Expert Discovery**. The Parties do not presently believe that expert testimony will be necessary in the Contested Matters. However, if a Party determines that expert testimony will be necessary, such Party shall give notice to the other Parties by the close of written discovery, regarding the anticipated subject matter of such expert testimony. In the event such notice is timely given, the Parties will attempt to reach an agreement to modify this Scheduling Order to permit the identification of experts, the exchange of expert reports (if applicable) and the completion of any expert discovery, including depositions of such expert witness(es). In the event the Parties are unable to agree, the Party intending to provide expert testimony will seek intervention by the Court to permit such expert discovery.

8. The Parties will exchange witness lists for fact witnesses to be called either live or by deposition in the Parties' respective cases-in-chief on or before March 15, 2013. If expert testimony is allowed by agreement or a Court order pursuant to section 4 of this Order, the Parties will also include in the witness lists the names of the experts to be called, either live or by deposition, in the Parties' respective cases-in-chief.

9. The Parties will exchange exhibit lists on or before March 15, 2013. A status conference on the Contested Matters will be held at the first regularly scheduled omnibus hearing date that is later than March 15, 2013.

10. Any deadline contained in this Scheduling Order may be extended by the unanimous consent of the Parties and upon the filing of an amended Stipulated Scheduling Order; or by the Court upon written motion and for good cause shown.

STIPULATED AND AGREED THIS 15th DAY OF October 2012.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
✳ Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*


GELLERT SCALI BUSENKELL & BROWN, LLC

_____

Charles J. Brown, III (No. 3368)
913 Market St., 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 425-5813

-and-

BARTLETT HACKETT FEINBERG P.C.
Frank F. McGinn, Esq.
155 Federal Street, 9th Floor
Boston, Massachusetts 02110
Telephone: (617) 422-0200
Facsimile: (617) 896-6275

*Counsel for Iron Mountain Information Management, Inc.*

[ADDITIONAL SIGNATURE PAGE FOLLOWS]

4

DLI-6412847

STIPULATED AND AGREED THIS __th DAY OF _____ 2012.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

GELLERT SCALI BUSENKELL & BROWN, LLC

_____
Charles J. Brown, III (No. 3368)
913 Market St., 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 425-5813

-and-

BARTLETT HACKETT FEINBERG P.C.
Frank F. McGinn, Esq.
155 Federal Street, 9th Floor
Boston, Massachusetts 02110
Telephone: (617) 422-0200
Facsimile: (617) 896-6275

*Counsel for Iron Mountain Information Management, Inc.*

[ADDITIONAL SIGNATURE PAGE FOLLOWS]

4

DLI-6412847

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*

Victoria W. Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000

    -and-

JONES DAY
Dan B. Prieto (TX 24048744)
Basheer Ghorayeb (TX 24027392)
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939

*Counsel for Homeward Residential, Inc.*

5

DLI-6412847

# **EXHIBIT B**

4

DEL 86,419,777v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:  : Chapter 11

AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[2]

: Jointly Administered

Debtors.

: Ref. Docket Nos. 4828, 6460, 9636, 9637,
: 9640, 10273, 10274, 10326 & 10467

---

## ORDER GRANTING PARTIES' STIPULATED SCHEDULING ORDER

Upon consideration of the Parties' Stipulated Scheduling Order regarding the Contested Matters, IT IS HEREBY ORDERED:

1. **Written Fact Discovery**. All written fact discovery must be served by November 12, 2012. By November 15, 2012, each Party must, without awaiting a discovery request, provide to the other Parties the information required by Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). Written fact discovery will close on January 11, 2013.

5. Written responses to any written fact discovery shall be served within thirty (30) days of the date on which the fact discovery was served on the responding Party. All documents responsive to any Requests for Production of Documents shall be served within sixty (60) days of the date on which the applicable document requests were served on the producing Party. The Parties will attempt to reach an agreement by November 12, 2012 about the format and method for producing electronically stored information. In the event the Parties are unable to agree, the Parties will seek intervention by the Court to determine such method and format.

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

All discovery requests and any written responses thereto may be served electronically by email on counsel.

6. **Fact Witness Depositions**. The Parties will seek to schedule all depositions of any fact witnesses, including any corporate designees pursuant to Fed. R. Civ. P. 30(b)(6) so that all the depositions are scheduled to take place no earlier than the day after the close of written discovery and no later than 30 days after the close of written fact discovery. The Parties will seek to have the Court resolve any objection regarding discovery at least two (2) business days prior to any deposition for which that objection is relevant; however, a deposition may not be cancelled or postponed merely because the Court is unavailable to hold a hearing on the objection prior to the deposition's scheduled time.

7. **Expert Discovery**. The Parties do not presently believe that expert testimony will be necessary in the Contested Matters. However, if a Party determines that expert testimony will be necessary, such Party shall give notice to the other Parties by the close of written discovery, regarding the anticipated subject matter of such expert testimony. In the event such notice is timely given, the Parties will attempt to reach an agreement to modify this Scheduling Order to permit the identification of experts, the exchange of expert reports (if applicable) and the completion of any expert discovery, including depositions of such expert witness(es). In the event the Parties are unable to agree, the Party intending to provide expert testimony will seek intervention by the Court to permit such expert discovery.

8. The Parties will exchange witness lists for fact witnesses to be called either live or by deposition in the Parties' respective cases-in-chief on or before March 15, 2013. If expert testimony is allowed by agreement or a Court order pursuant to section 4 of this Order, the Parties will also include in the witness lists the names of the experts to be called, either live or by deposition, in the Parties' respective cases-in-chief.

DLI-6412847

9. The Parties will exchange exhibit lists on or before March 15, 2013. A status conference on the Contested Matters will be held at the first regularly scheduled omnibus hearing date that is later than March 15, 2013.

10. Any deadline contained in this Scheduling Order may be extended by the unanimous consent of the Parties and upon the filing of an amended Stipulated Scheduling Order; or by the Court upon written motion and for good cause shown.

Date: Wilmington, Delaware
_____ \_\_\_, 2012

_____
Christopher S. Sontchi
United States Bankruptcy Judge

cc: Counsel of Record