# EXHIBIT A

**No Liability Claims**

01:12628357.1

# Exhibit A

## No Liability Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| GILES, BERNADETTE<br>52 FLOYD ROAD<br>DERRY, NH 03038 | 2377 | 11/16/07 | 07-11051 | - (S)<br>- (A)<br>$1,164.42 (P)<br>- (U)<br>$1,164.42 (T) | Claim relates to a scheduled item for regular pay and unused vacation time. Claimant was paid the regular pay in their paycheck dated 8/24/2007. The Debtor's books and records show the employee has no unused vacation time owing to them. |
| HEINLEN, KENT MICHAEL<br>6699 ELK CREEK RD<br>MIDDLETOWN, OH 45044 | 10163 | 3/31/08 | NO DEBTOR | $10,000.00 (S)<br>- (A)<br>- (P)<br>- (U)<br>$10,000.00 (T) | The claim relates to amounts held in escrow pursuant an escrow agreement dated December 27, 2005. The escrowed funds are being held by the settlement agent. On March 29, 2006, the Debtors sold the loan underlying the Escrow Agreement to the AHMIT 2006-1 Trust. Upon information and belief, Deutsche Bank National Trust Company ("DBNTC") is the Indenture Trustee for the AHMIT 2006-1 Trust, and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc.) is the servicer of the loan. Following the sale, the Debtors no longer had an interest in the loan or the related escrowed funds. Rather, DBNTC, in its capacity as Indenture Trustee for the AHMIT 2006-1 Trust, is the successor in interest to the rights of American Home Mortgage Acceptance, Inc. as Lender under the Escrow Agreement.<br><br>The Plan Trustee sent a letter to the escrow agent disclaiming any interest in the escrowed funds. Accordingly, any claims for the escrowed funds should be between the current owner and/or servicer of the loan, the escrow agent and the Claimants, not the Debtors' estates |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| REAVELY, EMMETT, ELAINE & LARRY THOMAS<br>ROBERT F SALVIN, ESQ<br>COMMUNITY IMPACT LEGAL SERVICES, INC<br>1003 E LINCOLN HWY<br>COATESVILLE, PA 19320-3539 | 1263 | 9/24/07 | 07-11047 | - (S)<br>- (A)<br>$60,977.90 (P)<br>$87,122.10 (U)<br>$148,100.00 (T) | Claim is based on an alleged misuse of fire insurance proceeds by AHM SV. Following a fire at the Claimant's home, the Claimants sent an insurance check to their servicer, AHM SV, who applied the proceeds to satisfy the balance of the mortgage and returned the surplus amounts to the Claimants. In 2006, Claimants commenced a lawsuit in the Eastern District of Pennsylvania (Case No. 06-cv-4484) seeking (i) to reinstate the mortgage and have the insurance proceeds used for the construction of the home, and (ii) damages relating to AHM SV's application of insurance proceeds. During litigation, without admitting liability, the parties agreed to reinstate the mortgage and allow the Claimants to use the proceeds to construct the house. Accordingly, the issue of damages remained. Prior to the Debtors' bankruptcy filing, discovery had been completed and summary judgment motions fully briefed. These motions were pending decision when the Debtors filed bankruptcy.<br><br>The Plan Trustee has reviewed the Claim and Underlying Litigation and determined that the claim and evidence produced in discovery of the underlying litigation does not substantiate a claim for damages. First, the Claim is not prima facie valid because it does not provide supporting documentation regarding calculation of damages. Second, even if the claim was prima facie valid, the Claimants failed to provide any admissible and credible evidence that the Debtors breached the loan agreement when it applied the insurance proceeds to satisfy the mortgage. The loan agreement provides that the insurance proceeds can be used for restoration purposes if, among other things, the Lender's security is not lessened. Because Claimants fail to show that this condition has been met, and all theories of liability are premised on entitlement to the insurance proceeds, the Claim fails. Third, Claimants do not provide any supporting documentation regarding damages. Claimants also failed to show that the requested damages were the result of the alleged breach or tort rather than the result of the fire. Moreover, the broad categories of damages do not appear to be compensable or are fully mitigated. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL WALL, ESQUIRE<br>SENIOR VP, SEC. GENERAL COUNSEL<br>101 SOUTH STRATFORD ROAD<br>WINSTON SALEM, NC 27104 | 8965 | 1/11/08 | 07-11051 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding"). However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76]. One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice. No liability exists and the claim should be disallowed in full. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL WALL, ESQUIRE<br>SENIOR VP, SEC. GENERAL COUNSEL<br>101 SOUTH STRATFORD ROAD<br>WINSTON-SALEM, NC 27104 | 8966 | 1/11/08 | 07-11050 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding"). However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76]. One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice. No liability exists and the claim should be disallowed in full. |
| TRIAD GUARANTY INSURANCE CORP.<br>ATTN EARL F. WALL, SEN. VP & GEN. COUNS.<br>101 SOUTH STRATFORD ROAD<br>WINSTON-SALEM, NC 27104 | 9079 | 1/11/08 | 07-11048 | Unspecified* | The claim is based on Counterclaims asserted by claimaint in Adversary Proceeding Case No. 07-51747 (CSS) (the "Adversary Proceeding"). However, on or about September 29, 2008 the parties to the Adversary Proceeding filed the Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 76]. One September 30, 2008, the Court entered the Order Granting Joint Stipulation Of Voluntary Dismissal Of Action [Adv. D.I. 77] (the "Dismissal Order") and the Dismissal Order provides that the Adversary Proceeding is dismissed with prejudice. No liability exists and the claim should be disallowed in full. |

**Totals:** 6 Claims

$10,000.00 (S)
- (A)
$62,142.32 (P)
$87,122.10 (U)
$159,264.42 (T)

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.