**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[2] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | **Ref. Docket Nos. 4828, 6460, 9636, 9637, 9640, 10273, 10274, 10326 & 10467** |

**ORDER GRANTING PARTIES' STIPULATED SCHEDULING ORDER**

Upon consideration of the Parties' Stipulated Scheduling Order regarding the Contested Matters, IT IS HEREBY ORDERED:

1. **Written Fact Discovery**. All written fact discovery must be served by November 12, 2012. By November 15, 2012, each Party must, without awaiting a discovery request, provide to the other Parties the information required by Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). Written fact discovery will close on January 11, 2013.

5. Written responses to any written fact discovery shall be served within thirty (30) days of the date on which the fact discovery was served on the responding Party. All documents responsive to any Requests for Production of Documents shall be served within sixty (60) days of the date on which the applicable document requests were served on the producing Party. The Parties will attempt to reach an agreement by November 12, 2012 about the format and method for producing electronically stored information. In the event the Parties are unable to agree, the Parties will seek intervention by the Court to determine such method and format.

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

All discovery requests and any written responses thereto may be served electronically by email on counsel.

6. **Fact Witness Depositions**. The Parties will seek to schedule all depositions of any fact witnesses, including any corporate designees pursuant to Fed. R. Civ. P. 30(b)(6) so that all the depositions are scheduled to take place no earlier than the day after the close of written discovery and no later than 30 days after the close of written fact discovery. The Parties will seek to have the Court resolve any objection regarding discovery at least two (2) business days prior to any deposition for which that objection is relevant; however, a deposition may not be cancelled or postponed merely because the Court is unavailable to hold a hearing on the objection prior to the deposition's scheduled time.

7. **Expert Discovery**. The Parties do not presently believe that expert testimony will be necessary in the Contested Matters. However, if a Party determines that expert testimony will be necessary, such Party shall give notice to the other Parties by the close of written discovery, regarding the anticipated subject matter of such expert testimony. In the event such notice is timely given, the Parties will attempt to reach an agreement to modify this Scheduling Order to permit the identification of experts, the exchange of expert reports (if applicable) and the completion of any expert discovery, including depositions of such expert witness(es). In the event the Parties are unable to agree, the Party intending to provide expert testimony will seek intervention by the Court to permit such expert discovery.

8. The Parties will exchange witness lists for fact witnesses to be called either live or by deposition in the Parties' respective cases-in-chief on or before March 15, 2013. If expert testimony is allowed by agreement or a Court order pursuant to section 4 of this Order, the Parties will also include in the witness lists the names of the experts to be called, either live or by deposition, in the Parties' respective cases-in-chief.

9. The Parties will exchange exhibit lists on or before March 15, 2013. A status conference on the Contested Matters will be held at the first regularly scheduled omnibus hearing date that is later than March 15, 2013.

10. Any deadline contained in this Scheduling Order may be extended by the unanimous consent of the Parties and upon the filing of an amended Stipulated Scheduling Order; or by the Court upon written motion and for good cause shown.

Date: Wilmington, Delaware
10/16, 2012

Christopher S. Sontchi
United States Bankruptcy Judge

cc: Counsel of Record