# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
In re:                                                               :   Chapter 11
                                                                     :
                                                                     :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                :
a Delaware corporation, et al.,[1]                                   :   Jointly Administered
                                                                     :
                    Debtors.                                         :   Objection Deadline: November 6, 2012 at 4:00 p.m. (ET)
                                                                     :   Hearing Date: November 13, 2012 at 3:00 p.m. (ET)
                                                                     :
------------------------------------------------------------------- x
```

## PLAN TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 AND 11 U.S.C. § 105(a) FOR AN ORDER (I) APPROVING THE STIPULATION BY AND AMONG THE PLAN TRUSTEE, CITIBANK, N.A., AS TRUSTEE, AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING (A) CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (B) CERTAIN PROOFS OF CLAIM, AND (II) GRANTING RELATED RELIEF, INCLUDING LIMITED RELEASES AND EXCULPATION

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the plan trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned

debtors (collectively, the "Debtors"), hereby moves (the "Motion") this Court, pursuant to Rule

9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section

105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order

(i) approving the stipulation (the "Settlement Stipulation"),[2] attached as Exhibit 1[3] to the

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: AHM Holdings (6303); AHM Investment, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); AHM Corp., a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The mailing address for all of the Debtors is P.O. Box 10550, Melville, New York, 11747.

[2]        Capitalized terms not defined in this Motion or the Settlement Stipulation shall have the meanings ascribed

proposed form of order (the "Proposed Order") attached hereto as Exhibit A, by and among (a) the Plan Trustee, (b) Citibank, N.A., in its capacity as successor trustee to U.S. Bank National Association with respect to Securitization Trust MASTR 2006-2 (as defined below) ("Trustee Citibank"), and (c) U.S. Bank National Association, in its capacity as trustee for the Securitization Trusts (as defined below) at all times that it served in such capacity, or such other capacities as it may have under the Trust Documents (as defined below) (in all such capacities, "Trustee U.S. Bank" and, together with Trustee Citibank, the "Securitization Trustees" and each a "Securitization Trustee" and, together with Trustee Citibank and the Plan Trustee, the "Parties") and in its capacity as Custodian (as defined below), and (ii) granting related relief, including limited releases and exculpation.    In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

---

to them in the Plan.

[3]    The Parties note that the version of the  Settlement Stipulation attached as Exhibit 1 to the Proposed Order corrects two minor typographical errors contained in certain prior versions of the Settlement Stipulation. Specifically, paragraph 1 was inadvertently split into two paragraphs and the final sentence of paragraph 4 (now paragraph 3) incorrectly ended with "Claim" rather than the correct "Claims."  Paragraph numbering and references have been updated accordingly.  The attached version of the Settlement Stipulation submitted by the Parties for approval is free of these noted typographical errors.

## GENERAL BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition commencing the above-captioned cases under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases").   As of the Petition Date, the Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order").  The Effective Date of the Plan occurred on November 30, 2010.

4.      Pursuant to the Plan and Plan Trust Agreement [D.I. 6944], the Plan Trustee is permitted to, among other things, prosecute, abandon, collect, compromise and settle any Causes of Action.

## RELEVANT BACKGROUND

**A.      The Sellers' Cure Claims**

5.      On the Petition Date, the Debtors filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts.

6.      On October 30, 2007, this Court entered an order [D.I. 1711] (the "Sale Order") approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser").

7.       The Assumed Contracts included certain contracts (i) to which a Securitization Trustee is a party or (ii) under which a Securitization Trustee is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed Securitization Trustee Agreements").

8.       Pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount (as defined in the Sale Order), (ii) the Interim Cure Amount (as defined in the Sale Order), and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs").   The Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA).

9.       In accordance with the Sale Order, Trustee U.S. Bank timely filed (i) the *Initial Cure Amount and Transfer Cost Claim Estimate of U.S. Bank National Association, as Trustee* on November 29, 2007 [D.I. 2231] (the "Initial Cure Claim") and (ii) the *Interim Period Cure Claim, Objection to the Debtors' Interim Period Cure Schedule, and Amendment to Initial Claim of U.S. Bank National Association, as Trustee* on December 26, 2007 [D.I. 2503] (the "Interim Cure Claim"), and (iii) the *Transfer Cost Claim of U.S. Bank National Association, as Trustee* on May 7, 2008 [D.I. 3975] (the "Transfer Cost Claim" and, together with the Initial Cure Claim and the Interim Cure Claim, the "Sellers' Cure Claims"), which asserted aggregate claims of $764,560 as a Sellers' Cure Amount (as defined in the Sale Order).

10.      On April 2, 2009, the Debtors filed an objection to the Sellers' Cure Claims [D.I. 7224] (the "Cure Claim Objection").

11.     Subsequent to the Debtors' filing of the Cure Claim Objection, the Debtors (succeeded by the Plan Trustee), the Securitization Trustees, and Bank of America, N.A., as Administrative Agent (the "Administrative Agent"),[4] negotiated in good faith regarding the terms of a consensual resolution of the Sellers' Cure Claims.  As a result of such negotiations, the Parties agreed upon a compromise, embodied in the Settlement Stipulation, which they believe is fair and reasonable in light of the risks and costs inherent in any litigation. In addition, this compromise was presented to the Administrative Agent and the Plan Oversight Committee, both of which have approved it in all respects.

**B.     The U.S. Bank Proofs of Claim**

12.     Trustee U.S. Bank timely filed certain proofs of claim (each, a "U.S. Bank Proof of Claim" and collectively, the "U.S. Bank Proofs of Claim") against certain of the Debtors, asserting claims relating to certain securitization trusts (the "Securitization Trusts"), as indicated in the following table:

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8279 | AHM Corp. | JPMALT 2006-S3 |
| 8280 | AHM Corp. | JPMALT 2006-A4 |
| 8281 | AHM Corp. | JPMALT 2006-A6 |
| 8282 | AHM Corp. | JPMMT 2006-S2 |
| 8283 | AHM Corp. | JPMMT 2006-A6 |
| 8284 | AHM Corp. | JPMALT 2006-A3 |
| 8285 | AHM Corp. | BoA Funding 2007-3 |
| 8286 | AHM Corp. | BoA Funding 2007-4 |
| 8287 | AHM Corp. | BoA Funding 2006-8T2 |
| 8288 | AHM Corp. | BoA Funding 2007-1 |
| 8289 | AHM Corp. | BoA Funding 2007-2 |
| 8569 | AHM Corp. | All |

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8585 | AHM Holdings | All |
| 8586 | AHM SV | AHMIT 2005-4C |
| 8587 | AHM Acceptance | AHMIT 2005-4A |
| 8588 | AHM SV | GSR 2006-AR1 |
| 8589 | AHM SV | GSAA 2006-6 |
| 8590 | AHM SV | BS 2006-AC4 |
| 8591 | AHM SV | JPMALT 2006-A3 |
| 8592 | AHM SV | MASTR 2006-OA2 |
| 8593 | AHM SV | MASTR 2007-3 |
| 8594 | AHM SV | MASTR 2007-1 |
| 8595 | AHM SV | BS 2007-AC1 |

---

4       The Administrative Agent has a lien upon the Cure Escrow, and therefore a residual interest in any amounts left therein after the payment of all Sellers' Cure Claims.

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8596 | AHM Corp. | MLMI 2003-A6 |
| 8597 | AHM SV | MASTR 2006-2 |
| 8598 | AHM SV | MASTR 2006-OA1 |
| 8665 | AHM SV | BS 2006-AC3 |
| 8666 | AHM SV | GSAA 2006-9 |
| 8668 | AHM Acceptance | All |
| 8680 | AHM SV | All |
| 8682 | AHM SV | AHMIT 2005-4A |
| 10616 | AHM Corp. | MS 2006-12XS |
| 10617 | AHM Corp. | MS 2007-8XS |
| 10618 | AHM Corp. | MS 2006-11 |
| 10619 | AHM Corp. | MS 2006-15XS |
| 10620 | AHM Corp. | MS 2006-17XS |
| 10621 | AHM Corp. | MS 2007-1XS |
| 10622 | AHM Corp. | MS 2007-2AX |
| 10623 | AHM Corp. | MS 2007-3XS |
| 10624 | AHM Corp. | MS 2007-6XS |
| 10625 | AHM Corp. | MS 2007-7AX |
| 10626 | AHM Corp. | MS 2007-8XS |
| 10627 | AHM SV | MS 2006-11 |
| 10628 | AHM SV | MS 2006-15XS |

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 10629 | AHM SV | MS 2006-17XS |
| 10630 | AHM Corp. | MS 2006-11 |
| 10631 | AHM Corp. | MS 2006-15XS |
| 10632 | AHM Corp. | MS 2006-17XS |
| 10633 | AHM Corp. | MS 2007-1XS |
| 10634 | AHM Corp. | MS 2007-3XS |
| 10635 | AHM Corp. | MS 2007-7AX |
| 10907 | AHM Corp. | MS 2006-13ARX |
| 10908 | AHM Corp. | MS 2006-2 |
| 10909 | AHM Corp. | MSM 2006-4SL |
| 10910 | AHM Corp. | MS 2007-4SL |
| 10911 | AHM Corp. | MS 2007-5AX |
| 10912 | AHM Corp. | MS 2007-9SL |
| 10913 | AHM Corp. | MS 2006-5AR |
| 10914 | AHM Corp. | MS 2006-6AR |
| 10915 | AHM Corp. | MS 2006-9AR |
| 10916 | AHM Corp. | MS 2006-16AX |
| 10917 | AHM SV | MS 2006-16AX |
| 10918 | AHM SV | MS 2006-6AR |
| 10919 | AHM SV | MS 2006-8AR |
| 10920 | AHM SV | MS 2006-5AR |
| 10921 | AHM Corp. | MS 2006-8AR |

13.    U.S. Bank Proofs of Claim #10616, #10617, #10618, #10619, #10620, #10621, #10622, #10623, #10624, #10625, #10626, #10627, #10628, #10629, #10630, #10631, #10632, #10633, #10634 and #10635 amended and superseded proofs of claim #9014, #9015 and #9016 (the "LaSalle Claims") filed by LaSalle Bank National Association in its capacity as trustee with respect to certain trusts described therein (including some of the Securitization Trusts).

14.    U.S. Bank Proofs of Claim #10907, #10908, #10909, #10910, #10911, #10912, #10913, #10914, #10915, #10916, #10917, #10918, #10919, #10920 and #10921

amended and superseded (i) the LaSalle Claims and (ii) respectively, proofs of claim #10782, #10784, #10783, #10770, #10772, #10781, #10774, #10779, #10771, #10776, #10780, #10778, #10777, #10775 and #10773 (collectively, the "BANA Claims") filed by Bank of America, National Association, as successor to LaSalle Bank National Association, in its capacity as trustee with respect to certain Morgan Stanley Mortgage Loan Trusts described therein (including some of the Securitization Trusts).

15.     On May 12, 2008, the Debtors filed their *Seventh Omnibus (Non-Substantive) Objection to Claims* [D.I. 4028] (the "7th Omnibus Objection"), which included objections to Proofs of Claim #8586, #8588, #8589, #8590, #8591, #8592, #8593, #8594, #8595 and #8597.  On June 4, 2008, Trustee U.S. Bank timely filed a reply to the 7th Omnibus Objection [D.I. 4362].

16.     The Securitization Trustees have represented to the Plan Trustee that, on May 15, 2009, Trustee Citibank succeeded to Trustee U.S. Bank as trustee solely with respect to one of the Securitization Trusts, the MASTR Asset Securitization Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 ("Securitization Trust MASTR 2006-2"), and Trustee U.S. Bank transferred to Trustee Citibank on such date all of its rights, powers and trusts as trustee under the relevant pooling and servicing agreement, all as more fully set forth in the Resignation, Successor Appointment and Acceptance Agreement dated as of May 15, 2009, between Trustee Citibank, Trustee U.S. Bank, and Mortgage Asset Securitization Transactions, Inc., as depositor.

17.     U.S. Bank National Association, in its capacity as Custodian (the "Custodian"), timely filed proof of claim #8681 (the "Custodian Claim") against AHM SV.  On March 6, 2009, the Debtors filed their *Thirty-First Omnibus (Substantive) Objection to Claims* [D.I. 7084] (the "31st Omnibus Objection"), which included an objection to the Custodian

Claim.  On April 6, 2009, the Court entered an order [D.I. 7234] sustaining the 31st Omnibus

Objection and allowing the Custodian Claim in the amount of $12,382 against AHM SV.

18.    Among other things, the Plan provides that claims for damages resulting

from the Debtors' breach of repurchase obligations arising from breaches of representations and

warranties in connection with the sale of mortgage loans prepetition shall be liquidated and

allowed in accordance with a defined protocol (the "EPD/Breach Claims Protocol").

19.    On October 13, 2009, the Debtors filed their *Forty-Fourth Omnibus*

*(Substantive) Objection to Claims* [D.I. 8174] (the "44th Omnibus Objection"), which included

objections to the LaSalle Claims and U.S. Bank Proofs of Claim #8279, #8280, #8281, #8282,

#8283, #8284, #8285, #8286, #8287, #8288, and #8289 on the basis of the EPD/Breach Claims

Protocol.

20.    On July 16, 2010, the Debtors filed their *Sixtieth Omnibus (Non-*

*Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,*

*Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 9018] (the "60th Omnibus

Objection"), which included objections to the LaSalle Claims on the basis that such claims have

been amended and superseded by subsequently-filed proofs of claim.

21.    On the Effective Date, (i) the Plan Trustee succeeded to certain rights and

obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to

the Custodian Claim, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and the Pending

Objections (defined below), and (ii) a bar date was established for the filing requests for payment

of administrative claims (the "Administrative Bar Date").  On January 5, 2011, the Securitization

Trustee filed a motion to extend the Administrative Bar Date for the Securitization Trustee

through and including April 5, 2011 [D.I. 9635], which was granted by order of this Court dated

February 9, 2011 [D.I. 9780].

22.    On March 9, 2012, the Plan Trustee (i) re-noticed the 7th Omnibus Objection for hearing and (ii) filed its *Ninety-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 10356] (the "95th Omnibus Objection" and, together with the 7th Omnibus Objection, the Cure Claim Objection, the 44th Omnibus Objection and the 60th Omnibus Objection, collectively, the "Pending Objections"), which included objections to the BANA Claims on the basis that such claims have been amended and superseded by subsequently-filed proofs of claim.

23.    The Debtors (succeeded by the Plan Trustee) and the Securitization Trustees have negotiated in good faith regarding the terms of a consensual resolution of the Pending Objections, as well as the application of the EPD/Breach Claims Protocol to the remaining U.S. Bank Proofs of Claim not subject to the Pending Objections. As a result of such negotiations, the Parties agreed upon a compromise, embodied in the Settlement Stipulation, which they believe is fair and reasonable in light of the risks and costs inherent in any litigation. In addition, this compromise was presented to the Plan Oversight Committee, which has approved it in all respects.

**C.    Proposed Distributions and Notice to Beneficial Holders**

24.    The Securitization Trustees have represented to the Plan Trustee that after the distributions to the Securitization Trusts pursuant to the Plan and the Settlement Stipulation (the "Distributions") are made, the Securitization Trustees desire that the Master Servicer, Trust Administrator, or other party that makes distributions on behalf of the Securitization Trusts (the "Designated Distribution Agent") promptly make distributions to beneficial holders and other interested parties (the "Beneficial Holders") in accordance with the terms of the documents governing each Securitization Trust (the "Trust Documents").

25.     The Securitization Trustees have further represented to the Plan Trustee that they believe that all Distributions should be deemed subsequent recoveries in respect of previously suffered losses to avoid misapplication of funds, and administrative difficulties, including without limitation the Designated Distribution Agents' reluctance to disburse the Distributions to the appropriate Beneficial Holders or the Securitization Trust's books and records incorrectly identifying the amount due on a particular mortgage in default (which, according to the Securitization Trustees, could lead to an improper windfall for the underlying mortgagor).

26.     The Securitization Trustees have further represented to the Plan Trustee that they believe that whether a loss has been suffered should be determined as of a designated date, and that establishing a cutoff date for "losses suffered" during the month in which the Distributions are received by a Designated Distribution Agent will allow the Designated Distribution Agent to promptly allocate and disburse the Distributions.

27.     The Securitization Trustees have further represented to the Plan Trustee that based on the circumstances set forth in the Settlement Stipulation, the Securitization Trustees believe it is reasonable, fair, and appropriate that the recovery be deemed a *pro rata* recovery on account of all Debtor-originated loans that suffered losses.

28.     The Securitization Trustees have further represented to the Plan Trustee that they believe no Designated Distribution Agent should have any liability to the Debtors' estates or to any Beneficial Holder or future Beneficial Holder arising out of, relating to, or in connection with the proposed treatment of Distributions as set forth above and in the Settlement Stipulation (as discussed further below), or any actions taken or not taken in connection therewith.

29.    Trustee U.S. Bank has also represented to the Plan Trustee that in May 2012, it provided notice (the "Initial Notices") to the Beneficial Holders of the Securitization Trusts, other than the Beneficial Holders of Securitization Trust MASTR 2006-2 and of the Securitization Trusts in the table below (the "Remaining Securitization Trusts"), of the terms of the proposed settlement of the Pending Objections, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and any potential administrative claims that might be asserted by the Securitization Trustees, and the proposed treatment of Distributions as described in the Settlement Stipulation.

| |
|---|
| Morgan Stanley Mortgage Loan Trust 2006-13ARX |
| Morgan Stanley Mortgage Loan Trust 2006-16AX |
| Morgan Stanley Mortgage Loan Trust 2006-2 |
| Morgan Stanley Mortgage Loan Trust 2006-5AR |
| Morgan Stanley Mortgage Loan Trust 2006-6AR |
| Morgan Stanley Mortgage Loan Trust 2006-8AR |
| Morgan Stanley Mortgage Loan Trust 2006-9AR |
| Morgan Stanley Mortgage Loan Trust 2007-4SL |
| Morgan Stanley Mortgage Loan Trust 2007-5AX |
| Morgan Stanley Mortgage Loan Trust 2007-9SL |
| Morgan Stanley Mortgage Loan Trust 2006-4SL |
| J.P. Morgan Alternative Loan Trust 2007-S1 |
| J.P. Morgan Mortgage Trust 2007-S2 |
| J.P. Morgan Mortgage Trust 2007-S3 |

30.    Trustee U.S. Bank has further represented to the Plan Trustee that on or about August 16, 2012, Trustee Citibank and Trustee U.S. Bank entered into a letter agreement which provides, among other things, that regarding paragraph 5 of the Settlement Stipulation, Distributions with respect to the Allowed Cure Claim and the Allowed General Unsecured Cure Claim allocable to Securitization Trust MASTR 2006-2 (the "MASTR 2006-2 Distributions") shall be paid to Trustee U.S. Bank for the benefit of Securitization Trust MASTR 2006-2, but that Trustee U.S. Bank shall be entitled to reimburse U.S. Bank National Association from the

MASTR 2006-2 Distributions for fees and expenses incurred by U.S. Bank National Association on behalf of Securitization Trust MASTR 2006-2.

31.     Trustee U.S. Bank has further represented to the Plan Trustee that in August 2012, Trustee Citibank provided notice (the "MASTR 2006-2 Notice") to Beneficial Holders of Securitization Trust MASTR 2006-2 of the terms of the proposed settlement of the Pending Objections, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and any potential administrative claims that might be asserted by the Securitization Trustees, and the proposed treatment of Distributions as described in the Settlement Stipulation.

32.     Trustee U.S. Bank has further represented to the Plan Trustee that in August 2012, Trustee U.S. Bank provided notice (the "Second Notices") to the Beneficial Holders of J.P. Morgan Alternative Loan Trust 2007-S1, J.P. Morgan Mortgage Trust 2007-S2, and J.P. Morgan Mortgage Trust 2007-S3 (collectively, the "JPM Securitization Trusts") of the terms of the proposed settlement of the Pending Objections, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and any potential administrative claims that might be asserted by the Securitization Trustees, and the proposed treatment of Distributions as described in the Settlement Stipulation.

33.     Trustee U.S. Bank has further represented to the Plan Trustee that in August 2012, Trustee U.S. Bank confirmed that the Beneficial Holders of Remaining Securitization Trusts other than the JPM Securitization Trusts had in fact been provided with the Initial Notices and therefore provided Second Notices only to Beneficial Holders of the JPM Securitization Trusts.

34.     Trustee U.S. Bank has further represented to the Plan Trustee that in August 2012, Trustee U.S. Bank discovered that the Second Notices contained an incorrect attachment and therefore, in September 2012, Trustee U.S. Bank provided corrected notice of the

terms of the proposed settlement of the Pending Objections, the Sellers' Cure Claims, the U.S.

Bank Proofs of Claim, and any potential administrative claims that might be asserted by the

Securitization Trustees, and the proposed treatment of Distributions as described in the

Settlement Stipulation, to Beneficial Holders of the JPM Securitization Trusts (such notices,

together with the Initial Notices, MASTR 2006-2 Notice and Second Notices, the "Notices of

Proposed Settlement").

35.     Trustee U.S. Bank has further represented to the Plan Trustee that

notwithstanding the distribution of Notices of Proposed Settlement, and the opportunity for

Beneficial Holders to respond to same as provided therein, the specified 30-day response period

has passed with respect to each Notice of Proposed Settlement.

36.     Trustee U.S. Bank has further represented to the Plan Trustee that on

information and belief, as of the date of filing of this Motion, no Beneficial Holder timely

submitted an opposition in accordance with the Notices of Proposed Settlement.

## THE SETTLEMENT STIPULATION

37.     The principal terms of the Settlement Stipulation are set forth below:[1]

(1)     **Effectiveness**.  The Settlement Stipulation shall be effective upon entry
of an order by this Court (the "Approval Order") approving the
Settlement Stipulation, authorizing the Escrow Agent to pay the Allowed
Cure Claim (as hereinafter defined) to Trustee U.S. Bank from the Cure
Escrow, and authorizing the Parties to take any and all actions that are
necessary or appropriate to implement the Settlement Stipulation.

(2)     **Allowed Cure Claim.**  Effective upon entry of the Approval Order, the
Sellers' Cure Claims shall be allowed in the aggregate amount of
$332,623 (the "Allowed Cure Claim").  The Allowed Cure Claim shall
be paid to Trustee U.S. Bank from the Cure Escrow within five (5)
business days following entry of the Approval Order, pursuant to wire
instructions or other instructions to be provided by Trustee U.S. Bank.

---

[1]     The terms of the Settlement Stipulation set forth herein are a summary only, and all terms not defined
herein shall be given the meanings ascribed to them in the Settlement Stipulation.  To the extent of any
inconsistency between this summary and the Settlement Stipulation, the terms of the Settlement Stipulation shall
govern.

(3)    **Treatment of Omnibus Objections**.  Effective upon and subject to entry of the Approval Order: (a) the 7th Omnibus Objection shall be deemed withdrawn with prejudice as to U.S. Bank Proofs of Claim #8586, #8588, #8589, #8590, #8591, #8592, #8593, #8594, #8595, and #8597; (b) the 44th Omnibus Objection shall be deemed withdrawn with prejudice as to U.S. Bank Proofs of Claim #8279, #8280, #8281, #8282, #8283, #8284, #8285, #8286, #8287, #8288, and #8289; (c) Trustee U.S. Bank shall be deemed to waive any objection it may have to the relief sought in the 60th Omnibus Objection with respect to the LaSalle Claims; and (d) Trustee U.S. Bank shall be deemed to waive any objection it may have to the relief sought in the 95th Omnibus Objection with respect to the BANA Claims.

(4)    **Allowed Unsecured Claims**.  Effective upon entry of the Approval Order, (i) U.S. Bank Proof of Claim #8680 shall be allowed as a general unsecured claim against AHM SV in the amount of $179,104, and U.S. Bank Proof of Claim #8668 shall be allowed as a general unsecured claim against AHM Corp. in the amount of $179,104 (together, the "Allowed General Unsecured Cure Claim"), each of which claims shall be an aggregate claim of the following Securitization Trusts: AHMIT 2005-4C, GSR 2006-AR1, GSAA 2006-6, BS 2006-AC4, JPMALT 2006-A3, MASTR 2006-OA2, MASTR 2007-3, MASTR 2007-1, BS 2007-AC1, MASTR 2006-2, MASTR 2006-OA1, BS 2006-AC3, GSAA 2006-9, JPALT 2007-S1, JPMMT 2007-S2, JPMMT 2007-S3, AHMIT 2005-4A and MLMI 2003-A6 (such Securitization Trusts, the "Seller-Cure-Claimant Securitization Trusts"); and, in addition, (ii) certain other U.S. Bank Proofs of Claim shall be allowed as general unsecured claims of the respective Securitization Trusts against the respective Debtors in the respective amounts (the "Allowed Amounts") set forth more fully in the Settlement Stipulation but totaling (A) $23,251,035 against AHM Corp., (B) $988,284 against AHM SV, and (C) $2,001,218 against AHM Acceptance.

(5)    **Provisions Regarding Distributions.**  The Securitization Trustees will distribute any Distributions with respect to the Allowed Cure Claim and the Allowed General Unsecured Cure Claim equally among the Seller-Cure-Claimant Securitization Trusts, subject to the prior payment of all fees and expenses of the Securitization Trustees by each Seller-Cure-Claimant Securitization Trust.  Except to the extent that the Trust Documents expressly provide to the contrary, the Securitization Trustees will treat any Distributions by the Plan Trust to each of the Securitization Trusts as subsequent recoveries in respect of previously suffered losses, determined as of a monthly determination date immediately preceding the date of such distributions (the "Determination Date"), and allocated *pro rata* in respect of all mortgage loans sold by the Debtors to each Securitization Trust, based on the amount of the loss on each such mortgage loan, as against the aggregate losses suffered on all such mortgage loans (e.g., if the Securitization Trust experienced total losses of $10,000,000 through the Determination Date on account of mortgage loans sold by a Debtor and received a Distribution of $100,000 from the Plan Trust, the Securitization Trust would be deemed to have received

$.01 of subsequent recovery on account of each $1 of loss previously suffered on such mortgage loans). Each Securitization Trustee is authorized and empowered to take any and all actions that are reasonably necessary or appropriate to implement and effect the Approval Order, including, but not limited to, allocating and disbursing Distributions as provided in the Settlement Stipulation.

(6)     **Terms of Approval Request and Proposed Order**. The Approval Request shall request that the Approval Order include the relief set forth in paragraph 39 below.

(7)     **Release by the Securitization Trustees.** Effective upon payment by the Escrow Agent of the Allowed Cure Claim from the Cure Escrow, (a) each of U.S. Bank National Association, in its capacity as a Securitization Trustee, and Citibank, N.A., in its capacity as a Securitization Trustee, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors, the Plan Trustee, or the Cure Escrow (i) arising under the Assumed Securitization Trustee Agreements with respect to acts or omissions that occurred prior to the Initial Closing Date or (ii) for Transfer Costs in connection with the Assumed Securitization Trustee Agreements, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, and (b) each Debtor, the Plan Trustee and the Cure Escrow, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against each of U.S. Bank National Association, in its capacity as Securitization Trustee, or Citibank, N.A., in its capacity as Securitization Trustee, in each case arising under the Assumed Securitization Trustee Agreements with respect to acts or omissions that occurred prior to the Initial Closing Date, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Effective upon entry of the Approval Order and allowance of the Allowed General Unsecured Cure Claim and the Allowed Amounts as general unsecured claims in accordance with the Settlement Stipulation, (a) each of U.S. Bank National Association, in its capacities as a Securitization Trustee and the Custodian, and Citibank, N.A., in its capacity as a Securitization Trustee, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or the Plan Trustee (i) arising out of any transaction or occurrence referenced in the U.S. Bank Proofs of Claim or (ii) resulting from any act or omission that occurred prior to the Plan Effective Date, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, and (b) each Debtor and the Plan Trustee, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to

have forever waived and released any and all claims and/or causes of action of any nature that it may have against each of U.S. Bank National Association, in its capacities as a Securitization Trustee and the Custodian, or Citibank, N.A., in its capacity as a Securitization Trustee, in each case (i) arising out of any transaction or occurrence referenced in the U.S. Bank Proofs of Claim or (ii) resulting from any act or omission that occurred prior to the Plan Effective Date, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Notwithstanding the foregoing, each of U.S. Bank National Association, in its capacities as the Securitization Trustee and the Custodian, and Citibank, N.A., in its capacity as a Securitization Trustee, does <u>not</u> waive or release the Custodian Claim or any claims (i) for the Purchaser's Cure Amount (as defined in the Sale Order) under the Assumed Securitization Contracts, or (ii) which are allowed pursuant to the Settlement Stipulation.

## **RELIEF REQUESTED**

38.     By this Motion, and in accordance with § 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Plan Trustee respectfully requests entry of an order approving the Settlement Agreement and authorizing the Plan Trustee to enter into the same. The Plan Trustee weighed the costs, risks and disruption that would arise from litigating the numerous matters identified above against the compromises contained within the Settlement Stipulation. In the Plan Trustee's judgment, the Settlement Stipulation is reasonable and serves the best interests of the Plan Trust, and the Debtors' estates and creditors, particularly when compared with the costs and disruption of further litigation.

39.     In addition, in accordance with the Settlement Stipulation, the Plan Trustee hereby requests that the Approval Order include decretal paragraphs substantially similar to and substantively the same as the following (collectively, the "<u>Beneficial Holder Provisions</u>"):

> ***ORDERED that the Beneficial Holders have had fair and reasonable notice of the Approval Request and this Order and a reasonable opportunity to object to the Approval Request; and it is further***
>
> ***ORDERED that all objections, including without limitation any objection of any Beneficial Holders or future Beneficial Holders to the Approval Request, and all portions thereof, that have not been withdrawn, waived, or settled, and all reservations of rights in such objections, are hereby overruled on the merits; and it is further***

*ORDERED that this Order is final, binding, and effective on all current, former, and future Beneficial Holders as well as each Securitization Trustee or successors thereto. Each Securitization Trustee and its current and former officers, directors, shareholders, employees, agents, attorneys, successors, and assigns (the "Trustee Parties") and any Designated Distribution Agent that acts in reliance upon this Order shall be and hereby is fully exculpated and shall have no liability to the Debtors' estates or to any Beneficial Holder or future Beneficial Holder (the "Enjoined Parties") arising out of, relating to, or in connection with the Approval Request. All Enjoined Parties shall be, and hereby are, bound by this Order, and shall be permanently and irrevocably enjoined from commencing or continuing in any manner any action or proceeding against the Trustee Parties arising out of, relating to, or in connection with the Approval Request, the Distributions, or any actions taken or not taken in connection therewith.*

## BASIS FOR RELIEF REQUESTED

### I.    Approval of the Settlement Stipulation

40.    Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also In re Penn Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979) ("'administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims . . . .'") (*quoting In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

41.    In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated, and estimate[] the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." *In re Penn Cent. Transp. Co.*, 596 F.2d 1127, 1153 (3d Cir. 1979); *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (quoting, *In re*

*Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997) (describing "the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'")).

42.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a settlement should be approved.  The four enumerated factors are:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); accord *Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006).

43.     The decision to approve a settlement "is within the sound discretion of the bankruptcy court."  *In re World Health Alternatives, Inc.*, 344 B.R. at 296; *see also In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in *Meyers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996).  A bankruptcy court should not substitute its judgment for that of the debtors, or in this case, the Plan Trustee.  *See Neshaminy Office Bldg.*, 62 B.R. at 803.  A court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness.  *See In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities.") (internal citations and quotations omitted).

44.     The Plan Trustee respectfully requests that the Court approve the Settlement Stipulation because its terms lie within the range of reasonable potential litigation possibilities.  In addition, each of the applicable *Martin* factors weighs in favor of approving the

Settlement Stipulation.  Accordingly, the Settlement Stipulation should be approved pursuant to Bankruptcy Rule 9019.

### A.    The Probability Of Success In Litigation

45.    While the Plan Trustee believes he has a strong litigation position and would ultimately prevail in the Pending Objections and further objections to the remaining U.S. Bank Proofs of Claim not subject to the Pending Objections, such litigation (as with any litigation) has an inherent level of risk and uncertainty.  In light of the litigation risks, costs and distraction from the Plan Trustee's efforts to effectuate a liquidation of the Debtors in accordance with the terms of the Plan, the Plan Trustee believes that the resolution of these matters under the terms of the Settlement Stipulation, without the need for further litigation, is a favorable outcome because it will save the Plan Trustee considerable time and effort, spare the Debtors' estates the expense attendant with litigation, and avoid any further distraction to the Plan Trustee's efforts to maximize and expedite recoveries for the Debtors' creditors.

### B.    The Likely Difficulties In Collection

46.    The Plan Trustee respectfully submits that this *Martin* factor is not implicated by the Settlement Stipulation.

### C.    The Complexity Of The Litigation Involved And The Expense, Inconvenience And Delay Necessarily Attending It

47.    The Settlement Stipulation satisfies the third factor in *Martin's* four-factor test largely for the reasons set forth above.  In determining whether to enter into the Settlement Stipulation, the Plan Trustee, in consultation with his professionals, analyzed the likely cost of litigating the Pending Objections and any future objections to the remaining U.S. Bank Proofs of Claim not subject to the Pending Objections to enforce the Plan's EPD/Breach Claims Protocol. These costs would likely include, among other things, further motions practice and trial preparation.  As a result of such consultations, the Plan Trustee believes the Settlement

Stipulation is a cost-effective and efficient resolution of all matters.

### D.    The Paramount Interest Of Creditors

48.    Entry into the Settlement Stipulation serves the paramount interest of the Debtors' creditors.  The Settlement Stipulation's resolution of the claims and defenses asserted among the Parties represents a savings for the Debtors' creditors by obviating further litigation. The benefit to creditors is amply demonstrated by the Administrative Agent's and the Plan Oversight Committee's approval of the compromises embodied in the Settlement Stipulation. Therefore, the "paramount interest of creditors" factor of *Martin's* four-factor test is satisfied and weighs in favor of the Court approving the Settlement Agreement.

### E.    Summary

49.    In sum, the resolution of the matters embodied in the Settlement Stipulation represents a settlement that rests within the reasonable range of potential litigation outcomes, obviates the expense, delay, and inconvenience attendant in any litigation, and advances the paramount interests of creditors.  Therefore, the Settlement Stipulation satisfies Bankruptcy Rule 9019 and should be approved by the Court.

## II.    The Beneficial Holder Provisions

50.    Trustee U.S. Bank has represented to the Plan Trustee that it previously obtained relief similar to the Beneficial Holder Provisions and the additional relief described in the Proposed Order in *In re Credit-Based Asset Servicing and Securitization LLC*, Case No. 10-16040 (ALG) (Bankr. S.D.N.Y. April 25, 2011) [ECF No. 403] ("*C-BASS*"), and in *In re Ownit Mortgage Solutions, Inc.*, Case No. 1:06-12579 KT (Bankr. C.D. Cal. June 21, 2010) [ECF No. 4651] ("*Ownit*").  True and accurate copies of the applicable orders from the *C-BASS* case and the *Ownit* cases are attached hereto as Exhibit B and Exhibit C, respectively.

51.     In addition, the Securitization Trustees have represented that they provided Notices of Proposed Settlement to Beneficial Holders to the Beneficial Holders of each Securitization Trust, which included notice of the Beneficial Holder Provisions, and that the settlement was not opposed by any Beneficial Holders.

## NO PREVIOUS REQUEST

52.     No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

53.     Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) counsel to U.S. Bank National Association, (iii) counsel to Citibank, N.A., (iv) counsel to the Administrative Agent; and (v) all parties entitled to notice under Del. Bankr. LR 2002-1(b).  In light of the nature of the relief requested herein, the Plan Trustee submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Plan Trustee respectfully requests that this Court enter the Proposed Order, attached hereto as Exhibit A, pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code, (i) approving the Settlement Stipulation, (ii) authorizing the Escrow Agent to pay the Allowed Cure Claim to Trustee U.S. Bank from the Cure Escrow, (iii) authorizing the Parties to take any and all actions that are necessary or appropriate to implement the Settlement Stipulation, and (iv) granting such other and further relief as may be just and proper.

Dated: October 19, 2012
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Patrick A. Jackson*
_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Co-Counsel for the Plan Trustee

01:12218091.6