# EXHIBIT A

# Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

               Debtors.

--------------------------------------------------------------------- x

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Ref. Docket No.: _____**

### ORDER APPROVING THE STIPULATION BY AND AMONG THE PLAN TRUSTEE, CITIBANK, N.A., AS TRUSTEE, AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING (I) CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM

Upon consideration of the motion (the "Motion")[2] of the Plan Trustee for entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving the stipulation (the "Settlement Stipulation") by and among (i) the Plan Trustee, (ii) Citibank, N.A., in its capacity as successor trustee to U.S. Bank National Association with respect to Securitization Trust MASTR 2006-2 ("Trustee Citibank"), and (iii) U.S. Bank National Association, in its capacity as trustee for the Securitization Trusts, at all times that it served in such capacity, or such other capacities as it may have under the Trust

---

[1]      The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AHM Holdings (6303); AHM Investment, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); AHM Corp., a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is P.O. Box 10550, Melville, New York, 11747.

[2]      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Documents (in all such capacities, "<u>Trustee U.S. Bank</u>" and, together with Trustee Citibank, the "<u>Securitization Trustees</u>" and each a "<u>Securitization Trustee</u>" and, together with Trustee Citibank and the Plan Trustee, the "<u>Parties</u>") and in its capacity as Custodian; and it appearing that the Settlement Stipulation and the relief requested in the Motion is in the best interests of the Plan Trust, and the Debtors' creditors and estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Settlement Stipulation, attached hereto as <u>Exhibit 1</u>, is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED that the Escrow Agent hereby is authorized and directed to pay $332,623 from the Cure Escrow to Trustee U.S. Bank within five (5) business days following entry of this Order, pursuant to wire instructions to be provided by Trustee U.S. Bank; and it is further

ORDERED that the U.S. Bank Proofs of Claim shall be treated as set forth in paragraph 3 and 4 of the Settlement Stipulation; and it is further

ORDERED that nothing in this Order or the Settlement Stipulation is intended, nor shall it be construed, to affect the Custodian Claim previously allowed by order of this Court; and it is further

ORDERED that the Plan Trustee and the Securitization Trustee are authorized and empowered to take all actions that are necessary or appropriate to effectuate the terms of the

Settlement Stipulation, including, but not limited to, distribution of funds to the Securitization Trusts; and it is further

ORDERED that the Beneficial Holders have had fair and reasonable notice of the Motion and this Order and a reasonable opportunity to object to the Motion; and it is further

ORDERED that the entry into the Settlement Stipulation by each Securitization Trustee, including without limitation the provisions providing for the application of the EPD/Breach Claims Protocol to estimate the remaining U.S. Bank Proofs of Claim not subject to the Pending Objections, is fair, prudent and reasonable and represents good, sufficient and sound business purposes and justification; and it is further

ORDERED that except to the extent that the Trust Documents expressly provide to the contrary, the Securitization Trustees will treat any distributions by the Plan Trust (the "Distributions") to each of the Securitization Trusts as subsequent recoveries in respect of previously suffered losses, determined as of a monthly determination date immediately preceding the date of such distributions (the "Determination Date"), and allocated *pro rata* in respect of all mortgage loans sold by the Debtors to each Securitization Trust, based on the amount of the loss on each such mortgage loan, as against the aggregate losses suffered on all such mortgage loans (e.g., if the Securitization Trust experienced total losses of $10,000,000 through the Determination Date on account of mortgage loans sold by a Debtor and received a Distribution of $100,000 from the Plan Trust, the Securitization Trust would be deemed to have received $.01 of subsequent recovery on account of each $1 of loss previously suffered on such mortgage loans); and it is further

ORDERED that all objections, including without limitation any objection of any Beneficial Holders or future Beneficial Holders to the Motion, and all portions thereof, that have

not been withdrawn, waived, or settled, and all reservations of rights in such objections, are hereby overruled on the merits; and it is further

ORDERED that this Order is final, binding, and effective on all current, former, and future Beneficial Holders as well as each Securitization Trustee or successors thereto; and it is further

ORDERED that each Securitization Trustee, on behalf of itself and any current or former affiliates, successors, assigns, officers, directors, shareholders, employees, agents, and attorneys (the "Trustee Parties"), and any Designated Distribution Agent that acts in reliance upon this Order, shall be and hereby is fully exculpated and shall have no liability to the Debtors' estates or to any Beneficial Holder or future Beneficial Holder or other interested parties (the "Enjoined Parties") arising out of, relating to, or in connection with the Approval Request or the Distributions; and it is further

ORDERED that all Enjoined Parties shall be, and hereby are, bound by this Order, and shall be permanently and irrevocably enjoined from commencing or continuing in any manner any action or proceeding against the Trustee Parties arising out of, relating to, or in connection with the Motion, the Distributions, or any actions taken or not taken in connection therewith; and it is further

ORDERED that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order; and it is further

ORDERED that any stay of this Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED, and the Order shall become effective immediately upon entry on the docket in this case.

Date:   Wilmington, Delaware
        _____, 2012

                                        _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

# EXHIBIT 1

# Settlement Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, <u>et al.</u>,* | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Ref. Dkt. Nos. 1711, 2166, 2231, 2503,** |
| | : | **3975, 4028, 4362, 7084, 7224, 7234,** |
| | : | **8174 & 9018** |
| ------------------------------------------------------------------ x | | |

**STIPULATION BY AND AMONG THE PLAN TRUSTEE, CITIBANK, N.A., AS TRUSTEE,  AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING (I) CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH <u>MORTGAGE ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM</u>**

This stipulation (the "<u>Stipulation</u>") is entered into by and among (i) Steven D. Sass, as trustee (the "<u>Plan Trustee</u>") of the liquidating trust (the "<u>Plan Trust</u>") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "<u>Plan</u>") in the above-captioned cases, (ii) Citibank, N.A., in its capacity as successor trustee to U.S. Bank National Association with respect to Securitization Trust MASTR 2006-2 (as defined below) ("<u>Trustee Citibank</u>"), and (iii) U.S. Bank National Association, in its capacity as trustee for the Securitization Trusts (as defined below) at all times that it served in such capacity, or such other capacities as it may have under the Trust Documents (as defined below) (in all such capacities, "<u>Trustee U.S. Bank</u>" and, together with Trustee Citibank, the "<u>Securitization Trustees</u>" and each a "<u>Securitization Trustee</u>" and, together with Trustee Citibank and the Plan Trustee, the "<u>Parties</u>") and in its capacity as the Custodian (as defined below), by and through their undersigned counsel.

1

## RECITALS

WHEREAS, on August 6, 2007, the above-captioned debtors (collectively, the "Debtors") filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts;

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS the Assumed Contracts included certain contracts (i) to which a Securitization Trustee is a party or (ii) under which a Securitization Trustee is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed Securitization Trustee Agreements");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs");

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, in accordance with the Sale Order, Trustee U.S. Bank timely filed (i) the *Initial Cure Amount and Transfer Cost Claim Estimate of U.S. Bank National Association, as Trustee* on November 29, 2007 [D.I. 2231] (the "Initial Cure Claim") and (ii) the *Interim Period Cure Claim, Objection to the Debtors' Interim Period Cure Schedule, and Amendment to Initial Claim of U.S. Bank National Association, as Trustee* on December 26, 2007 [D.I. 2503] (the "Interim Cure Claim"), and (iii) the *Transfer Cost Claim of U.S. Bank National Association, as Trustee* on May 7, 2008 [D.I. 3975] (the "Transfer Cost Claim" and, together with the Initial Cure Claim and the Interim Cure Claim, the "Sellers' Cure Claims"), which asserted aggregate claims of $764,560 as a Sellers' Cure Amount;

WHEREAS, the Trustee U.S. Bank timely filed certain proofs of claim (each, a "U.S. Bank Proof of Claim" and collectively, the "U.S. Bank Proofs of Claim") against certain of the Debtors, asserting claims relating to certain securitization trusts (the "Securitization Trusts"), as indicated in the following table:

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8279 | AHM Corp. | JPMALT 2006-S3 |
| 8280 | AHM Corp. | JPMALT 2006-A4 |
| 8281 | AHM Corp. | JPMALT 2006-A6 |
| 8282 | AHM Corp. | JPMMT 2006-S2 |
| 8283 | AHM Corp. | JPMMT 2006-A6 |
| 8284 | AHM Corp. | JPMALT 2006-A3 |
| 8285 | AHM Corp. | BoA Funding 2007-3 |
| 8286 | AHM Corp. | BoA Funding 2007-4 |
| 8287 | AHM Corp. | BoA Funding 2006-8T2 |

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8288 | AHM Corp. | BoA Funding 2007-1 |
| 8289 | AHM Corp. | BoA Funding 2007-2 |
| 8569 | AHM Corp. | All |
| 8585 | AHM Holdings | All |
| 8586 | AHM SV | AHMIT 2005-4C |
| 8587 | AHM Acceptance | AHMIT 2005-4A |
| 8588 | AHM SV | GSR 2006-AR1 |
| 8589 | AHM SV | GSAA 2006-6 |

3

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8590 | AHM SV | BS 2006-AC4 |
| 8591 | AHM SV | JPMALT 2006-A3 |
| 8592 | AHM SV | MASTR 2006-OA2 |
| 8593 | AHM SV | MASTR 2007-3 |
| 8594 | AHM SV | MASTR 2007-1 |
| 8595 | AHM SV | BS 2007-AC1 |
| 8596 | AHM Corp. | MLMI 2003-A6 |
| 8597 | AHM SV | MASTR 2006-2 |
| 8598 | AHM SV | MASTR 2006-OA1 |
| 8665 | AHM SV | BS 2006-AC3 |
| 8666 | AHM SV | GSAA 2006-9 |
| 8668 | AHM Acceptance | All |
| 8680 | AHM SV | All |
| 8682 | AHM SV | AHMIT 2005-4A |
| 10616 | AHM Corp. | MS 2006-12XS |
| 10617 | AHM Corp. | MS 2007-8XS |
| 10618 | AHM Corp. | MS 2006-11 |
| 10619 | AHM Corp. | MS 2006-15XS |
| 10620 | AHM Corp. | MS 2006-17XS |
| 10621 | AHM Corp. | MS 2007-1XS |
| 10622 | AHM Corp. | MS 2007-2AX |
| 10623 | AHM Corp. | MS 2007-3XS |
| 10624 | AHM Corp. | MS 2007-6XS |
| 10625 | AHM Corp. | MS 2007-7AX |
| 10626 | AHM Corp. | MS 2007-8XS |

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 10627 | AHM SV | MS 2006-11 |
| 10628 | AHM SV | MS 2006-15XS |
| 10629 | AHM SV | MS 2006-17XS |
| 10630 | AHM Corp. | MS 2006-11 |
| 10631 | AHM Corp. | MS 2006-15XS |
| 10632 | AHM Corp. | MS 2006-17XS |
| 10633 | AHM Corp. | MS 2007-1XS |
| 10634 | AHM Corp. | MS 2007-3XS |
| 10635 | AHM Corp. | MS 2007-7AX |
| 10907 | AHM Corp. | MS 2006-13ARX |
| 10908 | AHM Corp. | MS 2006-2 |
| 10909 | AHM Corp. | MSM 2006-4SL |
| 10910 | AHM Corp. | MS 2007-4SL |
| 10911 | AHM Corp. | MS 2007-5AX |
| 10912 | AHM Corp. | MS 2007-9SL |
| 10913 | AHM Corp. | MS 2006-5AR |
| 10914 | AHM Corp. | MS 2006-6AR |
| 10915 | AHM Corp. | MS 2006-9AR |
| 10916 | AHM Corp. | MS 2006-16AX |
| 10917 | AHM SV | MS 2006-16AX |
| 10918 | AHM SV | MS 2006-6AR |
| 10919 | AHM SV | MS 2006-8AR |
| 10920 | AHM SV | MS 2006-5AR |
| 10921 | AHM Corp. | MS 2006-8AR |

WHEREAS, U.S. Bank Proofs of Claim #10616, #10617, #10618, #10619, #10620, #10621, #10622, #10623, #10624, #10625, #10626, #10627, #10628, #10629, #10630, #10631, #10632, #10633, #10634 and #10635 amended and superseded proofs of claim #9014, #9015 and #9016 (the "LaSalle Claims") filed by LaSalle Bank National Association in its

capacity as trustee with respect to certain trusts described therein (including some of the Securitization Trusts);

WHEREAS, U.S. Bank Proofs of Claim #10907, #10908, #10909, #10910, #10911, #10912, #10913, #10914, #10915, #10916, #10917, #10918, #10919, #10920 and #10921 amended and superseded (i) the LaSalle Claims and (ii) respectively, proofs of claim #10782, #10784, #10783, #10770, #10772, #10781, #10774, #10779, #10771, #10776, #10780, #10778, #10777, #10775 and #10773 (collectively, the "BANA Claims") filed by Bank of America, National Association, as successor to LaSalle Bank National Association, in its capacity as trustee with respect to certain Morgan Stanley Mortgage Loan Trusts described therein (including some of the Securitization Trusts);

WHEREAS, U.S. Bank National Association, in its capacity as Custodian (the "Custodian"), timely filed proof of claim #8681 (the "Custodian Claim") against AHM SV;

WHEREAS, on May 12, 2008, the Debtors filed their *Seventh Omnibus (Non-Substantive) Objection to Claims* [D.I. 4028] (the "7th Omnibus Objection"), which included objections to Proofs of Claim #8586, #8588, #8589, #8590, #8591, #8592, #8593, #8594, #8595 and #8597;

WHEREAS, on June 4, 2008, the Trustee U.S. Bank timely filed a reply to the 7th Omnibus Objection [D.I. 4362];

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] confirming the Plan;

WHEREAS, among other things, the Plan provides that claims for damages resulting from the Debtors' breach of repurchase obligations arising from breaches of representations and warranties in connection with the sale of mortgage loans prepetition shall be

liquidated and allowed in accordance with a defined protocol (the "EPD/Breach Claims Protocol");

WHEREAS, on March 6, 2009, the Debtors filed their *Thirty-First Omnibus (Substantive) Objection to Claims* [D.I. 7084] (the "31st Omnibus Objection"), which included an objection to the Custodian Claim;

WHEREAS, on April 2, 2009, the Debtors filed an objection to the Sellers' Cure Claims [D.I. 7224] (the "Cure Claim Objection");

WHEREAS, on April 6, 2009, the Court entered an order [D.I. 7234] sustaining the 31st Omnibus Objection and allowing the Custodian Claim in the amount of $12,382 against AHM SV;

WHEREAS, on May 15, 2009, Trustee Citibank succeeded to Trustee U.S. Bank as trustee solely with respect to one of the Securitization Trusts, the MASTR Asset Securitization Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 ("Securitization Trust MASTR 2006-2"), and Trustee U.S. Bank transferred to Trustee Citibank on such date all of its rights, powers and trusts as trustee under the relevant pooling and servicing agreement, all as more fully set forth in the Resignation, Successor Appointment and Acceptance Agreement dated as of May 15, 2009, between Trustee Citibank, Trustee U.S. Bank, and Mortgage Asset Securitization Transactions, Inc., as depositor.

WHEREAS, on October 13, 2009, the Debtors filed their *Forty-Fourth Omnibus (Substantive) Objection to Claims* [D.I. 8174] (the "44th Omnibus Objection"), which included objections to the LaSalle Claims and U.S. Bank Proofs of Claim #8279, #8280, #8281, #8282, #8283, #8284, #8285, #8286, #8287, #8288, and #8289 on the basis of the EPD/Breach Claims Protocol;

WHEREAS, on July 16, 2010, the Debtors filed their *Sixtieth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 9018] (the "60th Omnibus Objection", which included objections to the LaSalle Claims on the basis that such claims have been amended and superseded by subsequently-filed proofs of claim;

WHEREAS, the effective date of the Plan was November 30, 2010 (the "Plan Effective Date"), at which time (i) the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to the Custodian Claim, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and the Pending Objections (defined below), and (ii) a bar date was established for the filing requests for payment of administrative claims (the "Administrative Bar Date");

WHEREAS, on March 9, 2012, the Plan Trustee (i) re-noticed the 7th Omnibus Objection for hearing and (ii) filed its *Ninety-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 10356] (the "95th Omnibus Objection" and, together with the 7th Omnibus Objection, the Cure Claim Objection, the 44th Omnibus Objection and the 60th Omnibus Objection, collectively, the "Pending Objections"), which included objections to the BANA Claims on the basis that such claims have been amended and superseded by subsequently-filed proofs of claim;

WHEREAS, after the distributions to the Securitization Trusts pursuant to the Plan and the Stipulation (the "Distributions") are made, the Securitization Trustees desire that the Master Servicer, Trust Administrator, or other party that makes distributions on behalf of the Securitization Trusts (the "Designated Distribution Agent") promptly make distributions to

7

beneficial holders and other interested parties (the "<u>Beneficial Holders</u>") in accordance with the terms of the documents governing each Securitization Trust (the "<u>Trust Documents</u>");

WHEREAS, the Securitization Trustees believe that all Distributions should be deemed subsequent recoveries in respect of previously suffered losses to avoid misapplication of funds, and administrative difficulties, including without limitation the Designated Distribution Agent's reluctance to disburse the Distributions to the appropriate Beneficial Holders or the Securitization Trust's books and records incorrectly identifying the amount due on a particular mortgage in default (which could lead to an improper windfall for the underlying mortgagor);

WHEREAS, the Securitization Trustees believe that whether a loss has been suffered should be determined as of a designated date, and that establishing a cutoff date for "losses suffered" during the month in which the Distributions are received by a Designated Distribution Agent will allow the Designated Distribution Agent to promptly allocate and disburse the Distributions;

WHEREAS, based on the circumstances set forth herein, the Securitization Trustees believe it is reasonable, fair, and appropriate that the recovery be deemed a *pro rata* recovery on account of all Debtor-originated loans that suffered losses;

WHEREAS, the Securitization Trustees believe that no Designated Distribution Agent should have any liability to the Debtors' estates or to any Beneficial Holder or future Beneficial Holder arising out of, relating to, or in connection with the proposed treatment of Distributions as set forth above and in paragraph 5 below, or any actions taken or not taken in connection therewith;

WHEREAS, Trustee U.S. Bank provided notice to the Beneficial Holders of the Securitization Trusts, other than the Remaining Securitization Trusts (defined below), of the

terms of the proposed settlement of the Pending Objections, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and any potential administrative claims that might be asserted by the Securitization Trustees, and the proposed treatment of Distributions as set forth in paragraph 5 below in May 2012;

WHEREAS, the Securitization Trustees intend to provide notice to the Beneficial Holders of the Securitization Trusts listed in Exhibit A (the "Remaining Securitization Trusts") of the terms of this Stipulation and the proposed treatment of Distributions as set forth above and in paragraph 5 below;

WHEREAS, the Parties desire to avoid costly litigation over the Pending Objections, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and any potential administrative claims that might be asserted by the Securitization Trustees, and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee (as defined in the Plan), which has approved it in all respects;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1.    **Effectiveness**.  This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation, authorizing the

Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to Trustee U.S. Bank from the Cure Escrow, and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Stipulation.  After the execution of this Stipulation by all Parties, the Plan Trustee shall file an appropriate pleading and proposed order in form reasonably satisfactory to the Securitization Trustees with the Bankruptcy Court (the "Approval Request") seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h); provided that, unless otherwise agreed by the Parties, such a filing shall not be made less than 38 days after the date of this Stipulation.  If either Securitization Trustee withdraws from this Stipulation in accordance with paragraph 8 below, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

2.        **Allowed Cure Claim.**  Effective upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $332,623 (the "Allowed Cure Claim").  The Allowed Cure Claim shall be paid to Trustee U.S. Bank from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions or other instructions to be provided by the Trustee U.S. Bank.

3.        **Treatment of Omnibus Objections**.  Effective upon and subject to entry of the Approval Order: (a) the 7th Omnibus Objection shall be deemed withdrawn with prejudice as to U.S. Bank Proofs of Claim #8586, #8588, #8589, #8590, #8591, #8592, #8593, #8594, #8595, and #8597; (b) the 44th Omnibus Objection shall be deemed withdrawn with prejudice as to U.S. Bank Proofs of Claim #8279, #8280, #8281, #8282, #8283, #8284, #8285, #8286, #8287, #8288, and #8289; (c) Trustee U.S. Bank shall be deemed to waive any objection it may have to the relief sought in the 60th Omnibus Objection with respect to the LaSalle Claims; and (d) Trustee U.S. Bank shall be deemed to waive any objection it may have to the relief sought in the 95th Omnibus Objection with respect to the BANA Claims.

10

4.      **Allowed Unsecured Claims**.  Effective upon entry of the Approval Order, (i) U.S. Bank Proof of Claim #8680 shall be allowed as a general unsecured claim against AHM SV in the amount of $179,104, and U.S. Bank Proof of Claim #8668 shall be allowed as a general unsecured claim against AHM Corp. in the amount of $179,104 (together, the "Allowed General Unsecured Cure Claim"), each of which claims shall be an aggregate claim of the following Securitization Trusts: AHMIT 2005-4C, GSR 2006-AR1, GSAA 2006-6, BS 2006-AC4, JPMALT 2006-A3, MASTR 2006-OA2, MASTR 2007-3, MASTR 2007-1, BS 2007-AC1, MASTR 2006-2, MASTR 2006-OA1, BS 2006-AC3, GSAA 2006-9, JPALT 2007-S1, JPMMT 2007-S2, JPMMT 2007-S3, AHMIT 2005-4A and MLMI 2003-A6 (such Securitization Trusts, the "Seller-Cure-Claimant Securitization Trusts"); and, in addition, (ii) the following U.S. Bank Proofs of Claim shall be allowed as general unsecured claims of the respective Securitization Trusts against the respective Debtors and in the respective amounts (the "Allowed Amounts") set forth in the following table:

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 8279 | AHM Corp. | JPMALT 2006-S3 | **$3,084** |
| 8280 | AHM Corp. | JPMALT 2006-A4 | **$7,327** |
| 8281 | AHM Corp. | JPMALT 2006-A6 | **$3,429** |
| 8282 | AHM Corp. | JPMMT 2006-S2 | **$26,609** |
| 8283 | AHM Corp. | JPMMT 2006-A6 | **$2,811** |
| 8284 | AHM Corp. | JPMALT 2006-A3 | **$13,186** |
| 8285 | AHM Corp. | BoA Funding 2007-3 | **$6,405,391** |
| 8286 | AHM Corp. | BoA Funding 2007-4 | **$302,321** |
| 8287 | AHM Corp. | BoA Funding 2006-8T2 | **$699,274** |
| 8288 | AHM Corp. | BoA Funding 2007-1 | **$4,433,177** |
| 8289 | AHM Corp. | BoA Funding 2007-2 | **$1,555,012** |
| 8569 | AHM Corp. | JPMALT 2007-A2 | **$150,832** |
| 8585 | AHM Corp. | AHMIT 2005-4A | **$252,833** |
| 8586 | AHM SV | AHMIT 2005-4C | **$0** |
| 8587 | AHM Acceptance | AHMIT 2005-4A | **$2,001,218** |

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 8588 | AHM SV | GSR 2006-AR1 | **$0** |
| 8589 | AHM SV | GSAA 2006-6 | **$0** |
| 8590 | AHM SV | BS 2006-AC4 | **$0** |
| 8591 | AHM SV | JPMALT 2006-A3 | **$0** |
| 8592 | AHM SV | MASTR 2006-OA2 | **$0** |
| 8593 | AHM SV | MASTR 2007-3 | **$0** |
| 8594 | AHM SV | MASTR 2007-1 | **$0** |
| 8595 | AHM SV | BS 2007-AC1 | **$0** |
| 8596 | AHM Corp. | MLMI 2003-A6 | **$0** |
| 8597 | AHM SV | MASTR 2006-2 | **$0** |
| 8598 | AHM SV | MASTR 2006-OA1 | **$0** |
| 8665 | AHM SV | BS 2006-AC3 | **$0** |
| 8666 | AHM SV | GSAA 2006-9 | **$0** |
| 8682 | AHM SV | AHMIT 2005-4A | **$252,833** |
| 10616 | AHM Corp. | MS 2006-12XS | **$153,190** |
| 10617 | AHM Corp. | MS 2007-8XS | **$307,001** |
| 10618 | AHM Corp. | MS 2006-11 | **$858,748** |
| 10619 | AHM Corp. | MS 2006-15XS | **$618,536** |
| 10620 | AHM Corp. | MS 2006-17XS | **$634,602** |
| 10621 | AHM Corp. | MS 2007-1XS | **$539,552** |
| 10622 | AHM Corp. | MS 2007-2AX | **$1,135,695** |
| 10623 | AHM Corp. | MS 2007-3XS | **$15,411** |
| 10624 | AHM Corp. | MS 2007-6XS | **$106,502** |
| 10625 | AHM Corp. | MS 2007-7AX | **$1,056,551** |
| 10626 | AHM Corp. | MS 2007-8XS | **$0** |
| 10627 | AHM SV | MS 2006-11 | **$0** |
| 10628 | AHM SV | MS 2006-15XS | **$0** |
| 10629 | AHM SV | MS 2006-17XS | **$0** |
| 10630 | AHM Corp. | MS 2006-11 | **$0** |
| 10631 | AHM Corp. | MS 2006-15XS | **$0** |
| 10632 | AHM Corp. | MS 2006-17XS | **$0** |
| 10633 | AHM Corp. | MS 2007-1XS | **$0** |
| 10634 | AHM Corp. | MS 2007-3XS | **$0** |
| 10635 | AHM Corp. | MS 2007-7AX | **$0** |

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 10907 | AHM Corp. | MS 2006-13ARX | **$313** |
| 10908 | AHM Corp. | MS 2006-2 | **$543** |
| 10909 | AHM Corp. | MS 2006-4SL | **$275,900** |
| 10910 | AHM Corp. | MS 2007-4SL | **$31,159** |
| 10911 | AHM Corp. | MS 2007-5AX | **$1,000,131** |
| 10912 | AHM Corp. | MS 2007-9SL | **$1,923,681** |
| 10913 | AHM Corp. | MS 2006-5AR | **$105,542** |
| 10914 | AHM Corp. | MS 2006-6AR | **$10,328** |
| 10915 | AHM Corp. | MS 2006-9AR | **$2,783** |
| 10916 | AHM Corp. | MS 2006-16AX | **$619,333** |
| 10917 | AHM SV | MS 2006-16AX | **$619,333** |
| 10918 | AHM SV | MS 2006-6AR | **$10,328** |
| 10919 | AHM SV | MS 2006-8AR | **$248** |
| 10920 | AHM SV | MS 2006-5AR | **$105,542** |
| 10921 | AHM Corp. | MS 2006-8AR | **$248** |

     5.     **Provisions Regarding Distributions.**  The Securitization Trustees will distribute any Distributions with respect to the Allowed Cure Claim and the Allowed General Unsecured Cure Claim equally among the Seller-Cure-Claimant Securitization Trusts, subject to the prior payment of all fees and expenses of the Securitization Trustees by each Seller-Cure-Claimant Securitization Trust.  Except to the extent that the Trust Documents expressly provide to the contrary, the Securitization Trustees will treat any Distributions by the Plan Trust to each of the Securitization Trusts as subsequent recoveries in respect of previously suffered loses, determined as of a monthly determination date immediately preceding the date of such distributions (the "Determination Date"), and allocated *pro rata* in respect of all mortgage loans sold by the Debtors to each Securitization Trust, based on the amount of the loss on each such mortgage loan, as against the aggregate losses suffered on all such mortgage loans (e.g., if the Securitization Trust experienced total losses of $10,000,000 through the Determination Date on account of mortgage loans sold by a Debtor and received a Distribution of $100,000 from the

13

Plan Trust, the Securitization Trust would be deemed to have received $.01 of subsequent

recovery on account of each $1 of loss previously suffered on such mortgage loans).  Each

Securitization Trustee is authorized and empowered to take any and all actions that are

reasonably necessary or appropriate to implement and effect the Approval Order, including, but

not limited to, allocating and disbursing Distributions as provided in the Stipulation.

    6.  **Terms of Approval Request and Proposed Order**.  The Approval

Request shall request that the Approval Order include relief substantially similar to and

substantively the same as the following:

> ORDERED that the Beneficial Holders have had fair and reasonable notice of the Approval Request and this Order and a reasonable opportunity to object to the Approval Request; and it is further

> ORDERED that all objections, including without limitation any objection of any Beneficial Holders or future Beneficial Holders to the Approval Request, and all portions thereof, that have not been withdrawn, waived, or settled, and all reservations of rights in such objections, are hereby overruled on the merits; and it is further

> ORDERED that this Order is final, binding, and effective on all current, former, and future Beneficial Holders as well as each Securitization Trustee or successors thereto.  Each Securitization Trustee and its current and former officers, directors, shareholders, employees, agents, attorneys, successors, and assigns (the "Trustee Parties") and any Designated Distribution Agent that acts in reliance upon this Order shall be and hereby is fully exculpated and shall have no liability to the Debtors' estates or to any Beneficial Holder of future Beneficial Holder (the "Enjoined Parties") arising out of, relating to, or in connection with the Approval Request.  All Enjoined Parties shall be, and hereby are, bound by this Order, and shall be permanently and irrevocably enjoined from commencing or continuing in any manner any action or proceeding against the Trustee Parties arising out of, relating to, or in connection with the Approval Request, the Distributions, or any actions taken or not taken in connection therewith.

    7.  **Releases.**  Effective upon payment by the Escrow Agent of the Allowed

Cure Claim from the Cure Escrow, (a) each of U.S. Bank National Association, in its capacity as

a Securitization Trustee, and Citibank, N.A., in its capacity as a Securitization Trustee, each on

behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors, the Plan Trustee, or the Cure Escrow (i) arising under the Assumed Securitization Trustee Agreements with respect to acts or omissions that occurred prior to the Initial Closing Date or (ii) for Transfer Costs in connection with the Assumed Securitization Trustee Agreements, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, and (b) each Debtor, the Plan Trustee and the Cure Escrow, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against each of U.S. Bank National Association, in its capacity as Securitization Trustee, or Citibank, N.A., in its capacity as Securitization Trustee, in each case (i) arising under the Assumed Securitization Trustee Agreements with respect to acts or omissions that occurred prior to the Initial Closing Date, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated.  Effective upon entry of the Approval Order and allowance of the Allowed General Unsecured Cure Claim and the Allowed Amounts as general unsecured claims in accordance with paragraph 4 above, (a) each of U.S. Bank National Association, in its capacities as a Securitization Trustee and the Custodian, and Citibank, N.A., in its capacity as a Securitization Trustee, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors or the Plan Trustee (i) arising out of any transaction or occurrence referenced in the U.S. Bank Proofs of Claim or (ii) resulting from any act or omission that

15

occurred prior to the Plan Effective Date, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, and (b) each Debtor and the Plan Trustee, each on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against each of U.S. Bank National Association, in its capacities as a Securitization Trustee and the Custodian, or Citibank, N.A., in its capacity as a Securitization Trustee, in each case (i) arising out of any transaction or occurrence referenced in the U.S. Bank Proofs of Claim or (ii) resulting from any act or omission that occurred prior to the Plan Effective Date, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Notwithstanding the foregoing, each of U.S. Bank National Association, in its capacities as a Securitization Trustee and the Custodian, and Citibank, N.A., in its capacity as a Securitization Trustee, does not waive or release any claims (i) for the Purchaser's Cure Amount (as defined in the Sale Order) under the Assumed Securitization Contracts or (ii) which are allowed pursuant to this Stipulation.

8. **Reservation.**  Notwithstanding anything to the contrary in this Stipulation, the Parties acknowledge and agree that (i) this Stipulation shall not prevent either Securitization Trustee, upon receiving written and sufficient direction from the requisite percentage of the securities owners of any Securitization Trust (as specified in the transaction documents for such Securitization Trust), from withdrawing from this Stipulation consistent with such direction; provided that such withdrawal occurs prior to the filing of the Approval Request by the Plan Trustee pursuant to paragraph 1 above, and (ii) this Stipulation shall not prevent either Securitization Trustee, upon issuance of an Approval Order that does not approve the Stipulation

in its entirety, other than with respect to the provisions of Paragraph 6 herein, from withdrawing from this Stipulation.  Upon any withdrawal of either Securitization Trustee in accordance with this paragraph 8, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

9.      **No Evidence.**  The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

10.      **Successors.**  This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

11.      **Entire Agreement.**  This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

12.      **Descriptive Headings.**  Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

13.      **Governing Law; Jurisdiction.**  This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended.  The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

14.      **Construction.**  The Parties have cooperated in the drafting and preparation of this Stipulation.  Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

15.      **Execution in Counter-Parts**.  This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which,

when taken together, shall constitute one and the same instrument.  This Stipulation may be

executed by exchange of facsimile or electronic signatures (in PDF or comparable format),

which shall be deemed original signatures.


Dated:      Wilmington, Delaware
            July 26, 2012

                        HAHN & HESSEN LLP
                        Mark S. Indelicato
                        Edward L. Schnitzer
                        488 Madison Avenue
                        New York, New York 10022
                        Telephone: (212) 478-7200

                        -and-

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP


                        Sean M. Beach (No. 4070)
                        Patrick A. Jackson (No. 4976)
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, Delaware 19801
                        Telephone: (302) 571-6600
                        Facsimile: (302) 571-1253

                        Co-Counsel for the Plan Trustee



Dated:      St. Paul, Minnesota
            July __, 2012

                        U.S. BANK NATIONAL ASSOCIATION, in its
                        capacity as Trustee U.S. Bank and Custodian


                        Name:  Pamela Wieder
                        Title:  Vice President


                                    18

when taken together, shall constitute one and the same instrument. This Stipulation may be

executed by exchange of facsimile or electronic signatures (in PDF or comparable format),

which shall be deemed original signatures.

Dated:     Wilmington, Delaware
           July __, 2012

                              HAHN & HESSEN LLP
                              Mark S. Indelicato
                              Edward L. Schnitzer
                              488 Madison Avenue
                              New York, New York 10022
                              Telephone: (212) 478-7200

                              -and-

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP


                              _____
                              Sean M. Beach (No. 4070)
                              Patrick A. Jackson (No. 4976)
                              The Brandywine Building
                              1000 West Street, 17th Floor
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Co-Counsel for the Plan Trustee


Dated:     St. Paul, Minnesota
           August /3, 2012

                              U.S. BANK NATIONAL ASSOCIATION, in its
                              capacity as Trustee U.S. Bank and Custodian

                              _____
                              Name:  Pamela Wieder
                              Title:  Vice President

Dated:    New York, New York
          July **31**, 2012

CITIBANK, N.A., in its capacity as Trustee Citibank

_____

Name:  Jennifer McCourt
Title:  Vice President

19

## <u>EXHIBIT A TO STIPULATION</u>

MASTR Asset Securitization Trust 2006-2
Morgan Stanley Mortgage Loan Trust 2006-13ARX
Morgan Stanley Mortgage Loan Trust 2006-16AX
Morgan Stanley Mortgage Loan Trust 2006-2
Morgan Stanley Mortgage Loan Trust 2006-5AR
Morgan Stanley Mortgage Loan Trust 2006-6AR
Morgan Stanley Mortgage Loan Trust 2006-8AR
Morgan Stanley Mortgage Loan Trust 2006-9AR
Morgan Stanley Mortgage Loan Trust 2007-4SL
Morgan Stanley Mortgage Loan Trust 2007-5AX
Morgan Stanley Mortgage Loan Trust 2007-9SL
Morgan Stanley Mortgage Loan Trust 2006-4SL
J.P. Morgan Alternative Loan Trust 2007-S1
J.P. Morgan Mortgage Trust 2007-S2
J.P. Morgan Mortgage Trust 2007-S3