**In re:  AMERICAN HOME MORTGAGE HOLDINGS, INC.,**
**a Delaware corporation, <u>et</u> <u>al.</u>**

**CERTIFICATION OF COUNSEL**

**<u>EXHIBIT 41</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------- x
In re:                                                :    Chapter 11
                                                      :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                      :
                                                      :    Jointly Administered
        Debtors.                                      :
                                                      :    Ref. Dkt. Nos. 1711, 2166, 2231, 2503,
                                                      :    3975, 4028, 4362, 7084, 7224, 7234,
                                                      :    8174, 9018 and [___]
-------------------------------------------------------------------- x
```

## DECLARATION OF MAILING OF WELLS FARGO BANK, NATIONAL

## ASSOCIATION, AS SECURITIES ADMINISTRATOR

I, Joshua Kelly, hereby declare as follows:

1.      I am an Account Manager of Wells Fargo Bank, National Association ("Wells"
and in its capacity as securities administrator for the Trust (as defined below), the "Securities
Administrator"), and I am authorized to make this declaration for and on its behalf and solely
in its capacity as Securities Administrator for the MORGAN STANLEY MORTGAGE LOAN
TRUST 2006-12XS (the "Trust").

2.      At the request of U.S. Bank National Association, in its capacity as trustee for
the Trust, the notice attached as Exhibit A (the "Notice") was distributed on May 23, 2012, (a)
via email to The Depository Trust Company at lensnotices@dtcc.com, and (b) via posting to
the Securities Administrator website.

3.      At the request of U.S. Bank National Association, in its capacity as trustee for
the Trust, with respect to any certificates issued under the Trust that are privately held and/or
held in physical form, service was made via UPS to the address for such certificate holder set
forth in the Certificate Register maintained by the Securities Administrator.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Columbia, Maryland, on July 3, 2012.

JOSHUA KELLY

## EXHIBIT A



Corporate Trust Services
60 Livingston Avenue
St. Paul, MN 55107-2292

## Notice concerning American Home Mortgage Corp.
## and certain of its affiliates
## to the holders of securities issued by the trusts listed on Exhibit A
CUSIP: see attached Exhibit D*

**Please forward this notice to beneficial holders ("Holders").**

U.S. Bank National Association is the trustee (or, in some instances, the successor trustee to LaSalle Bank National Association and/or Bank of America, National Association) and may serve in other capacities (the "Trustee") under the trusts identified on Exhibit A (the "Trusts") in connection with the issuance of certain certificates identified on Exhibit A (the "Certificates").

On August 6, 2007, American Home Mortgage Holdings, Inc. and certain of its affiliates[1] (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' Bankruptcy Cases are being jointly administered under the lead case *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047. On February 23, 2009, the Bankruptcy Court confirmed the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* [Docket No. 7029] filed in the Bankruptcy Cases (the "Bankruptcy Plan"). The Bankruptcy Plan went effective on November 30, 2010.

The claims held by each Trust against the Debtors include, but are not limited to, claims against certain Debtors described on Exhibit A hereto (with respect to each claim, the "Subject Debtor"). Such claims arise from the breach of representations and warranties ("Breach Claims") and early payment defaults ("EPD Claims"), servicing claims, including, without limitation, fees, expenses, and indemnification claims (the "Servicing Claims"), and/or other claims described in the Proofs of Claim (defined below) regarding mortgage loans sold by the Subject Debtor that are now owned by the Trust. Certain Trusts also hold claims against certain of the Debtors for cure claims and transfer costs related to the sale of certain portions of the Debtors' business and the assumption and assignment of certain executory contracts (the "Cure Claims").

---

* CUSIP numbers for these certificates are attached hereto as Exhibit D. The Trustee is not responsible for the selection or use of CUSIP. It is included solely for Holder convenience.

[1] American Home Mortgage Investment Corp., a Maryland corporation, 07-11048; American Home Mortgage Acceptance, Inc., a Maryland corporation, 07-11049; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation, 07-11050; American Home Mortgage Corp., a New York corporation, 07-11051; American Home Mortgage Ventures LLC, a Delaware limited liability company, 07-11052; Homegate Settlement Services, Inc., a New York corporation, 07-11053; Great Oak Abstract Corp., a New York corporation, 07-11054.

4842-4716-4421\6

On May 3, 2012, the Trustee and Steven D. Sass, as trustee for the Debtors' liquidating trust (the "Plan Trustee") entered into a settlement agreement (the "Settlement Agreement") regarding, among other things, the proofs of claim filed against the Subject Debtor by the Trustee on behalf of each Trust (the "Proofs of Claim") and the Cure Claims. A copy of the Settlement Agreement is attached hereto as Exhibit B.

The Trustee may, upon receiving written direction from Holders of a majority in principal amount of the Certificates relating to any particular Trust, withdraw from the Settlement Agreement, provided that such withdrawal occurs prior to the filing of the Approval Request (defined below) with the Bankruptcy Court, and provided further that the Trustee may be under no obligation to take any directed action unless and until security or indemnity reasonably satisfactory to the Trustee has been provided. Any Holder wishing to direct the Trustee to withdraw from the Settlement Agreement must submit direction and provide satisfactory indemnity to the Trustee within 30 days after the date of this notice. Such direction and indemnity must be in writing and submitted to the Trustee at the address below.

In the event the Trustee does not withdraw from the Settlement Agreement because it has not been so directed by the Holders, as described above, then under the Settlement Agreement, the Plan Trustee will, no later than June 29, 2012, file an appropriate pleading and proposed order seeking Bankruptcy Court approval of the Settlement Agreement (the "Approval Request"), along with a notice of the Approval Request (the "Notice of Approval Request"). The Trustee is advised that a copy of the Approval Request and Notice of Approval Request will be available at the website http://dm.epiq11.com/6473/Docket. Any Holder wishing to file an objection to the Approval Request must file an objection with the Bankruptcy Court no later than the date indicated in, and in accordance with all instructions set forth in, the Notice of Approval Request.

Under the Settlement Agreement, the Proofs of Claim will be allowed as general unsecured claims against the Subject Debtor in the amounts listed on Exhibit C hereto (the "Allowed Claim Amount"). The Allowed Claim Amounts are derived, in part, from application of a protocol established under the Bankruptcy Plan, accurate application of which has not been verified by the Trustee. The Trustee has been advised by co-counsel for the Plan Trustee that the amount distributed with respect to the Proofs of Claim will be between 0.19% and 1.3% of the Allowed Claim Amount.

Also under the Settlement Agreement, the Cure Claims will be allowed in the aggregate amount of $332,623 (the "Allowed Cure Claim"). The amount distributed with respect to the Allowed Cure Claim will be 100% of the Allowed Cure Claim, and will be paid to the Securitization Trustee within five (5) business days following entry of the order approving the Settlement Agreement.

The Settlement Agreement sets forth how the Trustee will allocate and distribute funds it receives from the Debtors.

Additionally, the Settlement Agreement provides for a mutual waiver and release of certain claims by the Trustee, the Plan Trustee, the escrow from which the Allowed Cure Claim is to be paid, and any affiliates, successors, assigns, officers, directors, employees, or agents of any of the foregoing. Implementation of the Settlement Agreement is contingent upon, among other things, approval of the Settlement Agreement by the Bankruptcy Court.

The foregoing is not a complete description of the Approval Request, Notice of Approval Request, or the Settlement Agreement (together, the "Settlement Documents") or of all the dates and deadlines contained therein. The Trustee encourages you to review copies of such documents and other pertinent orders for a complete understanding of their terms. In the event there are any discrepancies between the description in this notice and the Settlement Documents, the terms of the Settlement Documents govern. While the Trustee has endeavored to accurately describe certain of the terms of the Settlement Documents, Holders should not rely on this notice as a comprehensive description of the Settlement Documents.

Prior to any distribution to Holders, funds held under the documents governing each respective Trust are to be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. This includes, but is not limited to, compensation for Trustee time spent, and the fees and costs of counsel and other agents it employs to pursue remedies or other actions to protect the interests of Holders.

Holders with questions regarding this Notice should direct their inquiries, in writing, to Pamela Wieder, Vice President, U.S. Bank National Association, 60 Livingston Ave., St. Paul, MN 55107-2292 or to Pamela.Wieder@usbank.com. Holders with other questions may contact U.S. Bank at (800) 934-6802, option #4; or at **www.usbank.com/corp_trust/bondholder_ contact.html**.

The Trustee may conclude that a specific response to particular inquiries from individual Holders is not consistent with equal and full dissemination of information to all Holders. Holders should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations, gives no investment advice, and gives no tax advice. Each Holder should seek tax advice from an independent tax advisor based on such Holder's particular circumstances.

**U.S. Bank National Association,**                                                      **May 22, 2012**
**as Trustee**

## EXHIBIT A TO NOTICE TO HOLDERS

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 8279 | J.P. Morgan Alternative Loan Trust 2006-S3; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | Breach Claims |
| 8280 | J.P. Morgan Alternative Loan Trust 2006-A4; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | Breach Claims |
| 8281 | J.P. Morgan Alternative Loan Trust 2006-A6; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | Breach Claims |
| 8282 | J.P. Morgan Mortgage Trust 2006-S2; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | Breach Claims |
| 8283 | J.P. Morgan Mortgage Trust 2006-A6; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | Breach Claims |
| 8284 | J.P. Morgan Alternative Loan Trust 2006-A3; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | Breach Claims |
| 8285 | Banc of America Funding 2007-3 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-3 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims and Breach Claims |
| 8286 | Banc of America Funding 2007-4 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-4 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims and Breach Claims |
| 8287 | Banc of America Funding 2006-8T2 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-8T2 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims and Breach Claims |
| 8288 | Banc of America Funding 2007-1 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-1 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims and Breach Claims |

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 8289 | Banc of America Funding 2007-2 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-2 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims and Breach Claims |
| 8569 | All Trusts | American Home Mortgage Corp. (Case No. 07-11051) | Servicing Claims and Breach Claims |
| 8585 | All Trusts | American Home Mortgage Holdings, Inc. (Case No. 07-11047) | Servicing Claims and Breach Claims |
| 8586 | American Home Mortgage Investment Trust 2005-4C; Trust Certificates, 2005-4C | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8587 | American Home Mortgage Investment Trust 2005-4A; Trust Certificates, 2005-4A | American Home Mortgage Acceptance, Inc. (Case No. 07-11049) | Servicing Claims |
| 8588 | GSR Mortgage Loan Trust 2006-AR1; Mortgage Pass-Through Certificates Series 2006-AR1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8589 | GSAA Home Equity Trust 2006-6; Asset-Backed Certificates, Series 2006-6 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8590 | Bear Stearns Asset Backed Securities I Trust 2006-AC4; Asset-Backed Certificates Series 2006-AC4 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8591 | J.P. Morgan Alternative Loan Trust 2006-A3; Mortgage Pass Through Certificates | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8592 | MASTR Adjustable Rate Mortgages Trust 2006-OA2; Mortgage Pass-Through Certificates, Series 2006-OA2 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 8593 | MASTR Adjustable Rate Mortgages Trust 2007-3; Mortgage Pass-Through Certificates, Series 2007-3 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8594 | MASTR Adjustable Rate Mortgages Trust 2007-1; Mortgage Pass-Through Certificates, Series 2007-1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8595 | Bear Stearns Asset Backed Securities I Trust 2007-AC1; Asset-Backed Certificates Series 2007-AC1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8596 | Merrill Lynch Mortgage Investors Trust; Mortgage Pass-Through Certificates, MLMI Series 2003-A6 | American Home Mortgage Corp. (Case No. 07-11051) | Servicing Claims |
| 8597 | MASTR Asset Securitization Trust 2006-2; Mortgage Pass Through Certificates, Series 2006-2 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8598 | MASTR Adjustable Rate Mortgages Trust 2006-OA1; Mortgage Pass-Through Certificates, Series 2006-OA1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8665 | Bear Stearns Asset Backed Securities I Trust 2006-AC3; Asset-Backed Certificates Series 2006-AC3 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8666 | GSAA Home Equity Trust 2006-9; Asset-Backed Certificates, Series 2006-9 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 8668 | All Trusts | American Home Mortgage Acceptance, Inc. (Case No. 07-11049) | Breach Claims and Servicing Claims |
| 8680 | All Trusts | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Breach Claims and Servicing Claims |

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 8682 | American Home Mortgage Investment Trust 2005-4A; Trust Certificates, 2005-4A | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 10616 | Morgan Stanley Mortgage Loan Trust 2006-12XS; Mortgage Pass-Through Certificates, Series 2006-12XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10617 | Morgan Stanley Mortgage Loan Trust 2007-8XS; Mortgage Pass-Through Certificates, Series 2007-8XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10618 | Morgan Stanley Mortgage Loan Trust 2006-11; Mortgage Pass-Through Certificates, Series 2006-11 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10619 | Morgan Stanley Mortgage Loan Trust 2006-15XS; Mortgage Pass-Through Certificates, Series 2006-15XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10620 | Morgan Stanley Mortgage Loan Trust 2006-17XS; Mortgage Pass-Through Certificates, Series 2006-17XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10621 | Morgan Stanley Mortgage Loan Trust 2007-1XS; Mortgage Pass-Through Certificates, Series 2007-1XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10622 | Morgan Stanley Mortgage Loan Trust 2007-2AX; Mortgage Pass-Through Certificates, Series 2007-2AX | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10623 | Morgan Stanley Mortgage Loan Trust 2007-3XS; Mortgage Pass-Through Certificates, Series 2007-3XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10624 | Morgan Stanley Mortgage Loan Trust 2007-6XS; Mortgage Pass-Through Certificates, Series 2007-6XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |

Ex. A-4

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 10625 | Morgan Stanley Mortgage Loan Trust 2007-7AX; Mortgage Pass-Through Certificates, Series 2007-7AX | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10626 | Morgan Stanley Mortgage Loan Trust 2007-8XS; Mortgage Pass-Through Certificates, Series 2007-8XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10627 | Morgan Stanley Mortgage Loan Trust 2006-11; Mortgage Pass-Through Certificates, Series 2006-11 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 10628 | Morgan Stanley Mortgage Loan Trust 2006-15XS; Mortgage Pass-Through Certificates, Series 2006-15XS | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 10629 | Morgan Stanley Mortgage Loan Trust 2006-17XS; Mortgage Pass-Through Certificates, Series 2006-17XS | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Servicing Claims |
| 10630 | Morgan Stanley Mortgage Loan Trust 2006-11; Mortgage Pass-Through Certificates, Series 2006-11 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10631 | Morgan Stanley Mortgage Loan Trust 2006-15XS; Mortgage Pass-Through Certificates, Series 2006-15XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10632 | Morgan Stanley Mortgage Loan Trust 2006-17XS; Mortgage Pass-Through Certificates, Series 2006-17XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10633 | Morgan Stanley Mortgage Loan Trust 2007-1XS; Mortgage Pass-Through Certificates, Series 2007-1XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10634 | Morgan Stanley Mortgage Loan Trust 2007-3XS; Mortgage Pass-Through Certificates, Series 2007-3XS | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 10635 | Morgan Stanley Mortgage Loan Trust 2007-7AX; Mortgage Pass-Through Certificates, Series 2007-7AX | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10907 | Morgan Stanley Mortgage Loan Trust 2006-13ARX; Mortgage Pass-Through Certificates, Series 2006-13ARX | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10908 | Morgan Stanley Mortgage Loan Trust 2006-2; Mortgage Pass-Through Certificates, Series 2006-2 | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10909 | Morgan Stanley Mortgage Loan Trust 2006-4SL; Mortgage Pass-Through Certificates, Series 2006-4SL | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10910 | Morgan Stanley Mortgage Loan Trust 2007-4SL; Mortgage Pass-Through Certificates, Series 2007-4SL | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10911 | Morgan Stanley Mortgage Loan Trust 2007-5AX; Mortgage Pass-Through Certificates, Series 2007-5AX | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10912 | Morgan Stanley Mortgage Loan Trust 2007-9SL; Mortgage Pass-Through Certificates, Series 2007-9SL | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10913 | Morgan Stanley Mortgage Loan Trust 2006-5AR; Mortgage Pass-Through Certificates, Series 2006-5AR | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10914 | Morgan Stanley Mortgage Loan Trust 2006-6AR; Mortgage Pass-Through Certificates, Series 2006-6AR | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10915 | Morgan Stanley Mortgage Loan Trust 2006-9AR; Mortgage Pass-Through Certificates, Series 2006-9AR | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |

| Proof of Claim Number | Trust; Certificates | Debtor | Claims |
|---|---|---|---|
| 10916 | Morgan Stanley Mortgage Loan Trust 2006-16AX; Mortgage Pass-Through Certificates, Series 2006-16AX | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |
| 10917 | Morgan Stanley Mortgage Loan Trust 2006-16AX; Mortgage Pass-Through Certificates, Series 2006-16AX | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Breach Claims and Servicing Claims |
| 10918 | Morgan Stanley Mortgage Loan Trust 2006-6AR; Mortgage Pass-Through Certificates, Series 2006-6AR | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Breach Claims and Servicing Claims |
| 10919 | Morgan Stanley Mortgage Loan Trust 2006-8AR; Mortgage Pass-Through Certificates, Series 2006-8AR | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Breach Claims and Servicing Claims |
| 10920 | Morgan Stanley Mortgage Loan Trust 2006-5AR; Mortgage Pass-Through Certificates, Series 2006-5AR | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | Breach Claims and Servicing Claims |
| 10921 | Morgan Stanley Mortgage Loan Trust 2006-8AR; Mortgage Pass-Through Certificates, Series 2006-8AR | American Home Mortgage Corp. (Case No. 07-11051) | EPD Claims, Breach Claims and Servicing Claims |

**EXHIBIT B TO NOTICE TO HOLDERS**

See attached.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x
In re:                                             :   Chapter 11
                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,             :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                    :
                                                   :   Jointly Administered
        Debtors.                                   :
                                                   :   Ref. Dkt. Nos. 1711, 2166, 2231, 2503,
                                                   :   3975, 4028, 4362, 7084, 7224, 7234,
                                                   :   8174 & 9018
-------------------------------------------------- x
```

**STIPULATION BY AND AMONG THE PLAN TRUSTEE AND
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING (I) CURE
CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO
AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH
MORTGAGE ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM**

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and U.S. Bank National Association, in its capacity as trustee for the Securitization Trusts (as defined below) or such other capacities as it may have under the Trust Documents (as defined below) (in all such capacities, the "Securitization Trustee" and, together with the Plan Trustee, the "Parties") and in its capacity as the Custodian (as defined below), by and through their undersigned counsel.

**RECITALS**

WHEREAS, on August 6, 2007, the above-captioned debtors (collectively, the "Debtors") filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts;

4814-7574-1449\13

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS the Assumed Contracts included certain contracts (i) to which the Securitization Trustee is a party or (ii) under which the Securitization Trustee is otherwise entitled to enforce the Debtors' obligations (such agreements, the "Assumed U.S. Bank Agreements");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract (such costs/expenses, "Transfer Costs");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, in accordance with the Sale Order, the Securitization Trustee timely filed (i) the *Initial Cure Amount and Transfer Cost Claim Estimate of U.S. Bank National*

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

2

*Association, as Trustee* on November 29, 2007 [D.I. 2231] (the "Initial Cure Claim") and (ii) the

*Interim Period Cure Claim, Objection to the Debtors' Interim Period Cure Schedule, and*

*Amendment to Initial Claim of U.S. Bank National Association, as Trustee* on December 26,

2007 [D.I. 2503] (the "Interim Cure Claim"), and (iii) the *Transfer Cost Claim of U.S. Bank*

*National Association, as Trustee* on May 7, 2008 [D.I. 3975] (the "Transfer Cost Claim" and,

together with the Initial Cure Claim and the Interim Cure Claim, the "Sellers' Cure Claims"),

which asserted aggregate claims of $764,560 as a Sellers' Cure Amount;

   WHEREAS, the Securitization Trustee timely filed certain proofs of claim (each,

a "U.S. Bank Proof of Claim" and collectively, the "U.S. Bank Proofs of Claim") against certain

of the Debtors, asserting claims relating to certain securitization trusts (the "Securitization

Trusts"), as indicated in the following table:

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8279 | AHM Corp. | JPMALT 2006-S3 |
| 8280 | AHM Corp. | JPMALT 2006-A4 |
| 8281 | AHM Corp. | JPMALT 2006-A6 |
| 8282 | AHM Corp. | JPMMT 2006-S2 |
| 8283 | AHM Corp. | JPMMT 2006-A6 |
| 8284 | AHM Corp. | JPMALT 2006-A3 |
| 8285 | AHM Corp. | BoA Funding 2007-3 |
| 8286 | AHM Corp. | BoA Funding 2007-4 |
| 8287 | AHM Corp. | BoA Funding 2006-8T2 |
| 8288 | AHM Corp. | BoA Funding 2007-1 |
| 8289 | AHM Corp. | BoA Funding 2007-2 |
| 8569 | AHM Corp. | All |
| 8585 | AHM Holdings | All |
| 8586 | AHM SV | AHMIT 2005-4C |
| 8587 | AHM Acceptance | AHMIT 2005-4A |
| 8588 | AHM SV | GSR 2006-AR1 |

| Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|
| 8589 | AHM SV | GSAA 2006-6 |
| 8590 | AHM SV | BS 2006-AC4 |
| 8591 | AHM SV | JPMALT 2006-A3 |
| 8592 | AHM SV | MASTR 2006-OA2 |
| 8593 | AHM SV | MASTR 2007-3 |
| 8594 | AHM SV | MASTR 2007-1 |
| 8595 | AHM SV | BS 2007-AC1 |
| 8596 | AHM Corp. | MLMI 2003-A6 |
| 8597 | AHM SV | MASTR 2006-2 |
| 8598 | AHM SV | MASTR 2006-OA1 |
| 8665 | AHM SV | BS 2006-AC3 |
| 8666 | AHM SV | GSAA 2006-9 |
| 8668 | AHM Acceptance | All |
| 8680 | AHM SV | All |
| 8682 | AHM SV | AHMIT 2005-4A |
| 10616 | AHM Corp. | MS 2006-12XS |

| Proof of Claim # | Debtor | Securitization Trust | Proof of Claim # | Debtor | Securitization Trust |
|---|---|---|---|---|---|
| 10617 | AHM Corp. | MS 2007-8XS | 10634 | AHM Corp. | MS 2007-3XS |
| 10618 | AHM Corp. | MS 2006-11 | 10635 | AHM Corp. | MS 2007-7AX |
| 10619 | AHM Corp. | MS 2006-15XS | 10907 | AHM Corp. | MS 2006-13ARX |
| 10620 | AHM Corp. | MS 2006-17XS | 10908 | AHM Corp. | MS 2006-2 |
| 10621 | AHM Corp. | MS 2007-1XS | 10909 | AHM Corp. | MSM 2006-4SL |
| 10622 | AHM Corp. | MS 2007-2AX | 10910 | AHM Corp. | MS 2007-4SL |
| 10623 | AHM Corp. | MS 2007-3XS | 10911 | AHM Corp. | MS 2007-5AX |
| 10624 | AHM Corp. | MS 2007-6XS | 10912 | AHM Corp. | MS 2007-9SL |
| 10625 | AHM Corp. | MS 2007-7AX | 10913 | AHM Corp. | MS 2006-5AR |
| 10626 | AHM Corp. | MS 2007-8XS | 10914 | AHM Corp. | MS 2006-6AR |
| 10627 | AHM SV | MS 2006-11 | 10915 | AHM Corp. | MS 2006-9AR |
| 10628 | AHM SV | MS 2006-15XS | 10916 | AHM Corp. | MS 2006-16AX |
| 10629 | AHM SV | MS 2006-17XS | 10917 | AHM SV | MS 2006-16AX |
| 10630 | AHM Corp. | MS 2006-11 | 10918 | AHM SV | MS 2006-6AR |
| 10631 | AHM Corp. | MS 2006-15XS | 10919 | AHM SV | MS 2006-8AR |
| 10632 | AHM Corp. | MS 2006-17XS | 10920 | AHM SV | MS 2006-5AR |
| 10633 | AHM Corp. | MS 2007-1XS | 10921 | AHM Corp. | MS 2006-8AR |

WHEREAS, U.S. Bank Proofs of Claim #10616, #10617, #10618, #10619, #10620, #10621, #10622, #10623, #10624, #10625, #10626, #10627, #10628, #10629, #10630, #10631, #10632, #10633, #10634 and #10635 amended and superseded proofs of claim #9014, #9015 and #9016 (the "LaSalle Claims") filed by LaSalle Bank National Association in its capacity as trustee with respect to certain trusts described therein (including some of the Securitization Trusts);

WHEREAS, U.S. Bank Proofs of Claim #10907, #10908, #10909, #10910, #10911, #10912, #10913, #10914, #10915, #10916, #10917, #10918, #10919, #10920 and #10921 amended and superseded (i) the LaSalle Claims and (ii) respectively, proofs of claim #10782, #10784, #10783, #10770, #10772, #10781, #10774, #10779, #10771, #10776, #10780, #10778, #10777, #10775 and #10773 (collectively, the "BANA Claims") filed by Bank of

4

America, National Association, as successor to LaSalle Bank National Association, in its capacity as trustee with respect to certain Morgan Stanley Mortgage Loan Trusts described therein (including some of the Securitization Trusts);

WHEREAS, U.S. Bank National Association, in its capacity as Custodian (the "Custodian"), timely filed proof of claim #8681 (the "Custodian Claim") against AHM SV;

WHEREAS, on May 12, 2008, the Debtors filed their *Seventh Omnibus (Non-Substantive) Objection to Claims* [D.I. 4028] (the "7th Omnibus Objection"), which included objections to Proofs of Claim #8586, #8588, #8589, #8590, #8591, #8592, #8593, #8594, #8595 and #8597;

WHEREAS, on June 4, 2008, the Securitization Trustee timely filed a reply to the 7th Omnibus Objection [D.I. 4362];

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] confirming the Plan;

WHEREAS, among other things, the Plan provides that claims for damages resulting from the Debtors' breach of repurchase obligations arising from breaches of representations and warranties in connection with the sale of mortgage loans prepetition shall be liquidated and allowed in accordance with a defined protocol (the "EPD/Breach Claims Protocol");

WHEREAS, on March 6, 2009, the Debtors filed their *Thirty-First Omnibus (Substantive) Objection to Claims* [D.I. 7084] (the "31st Omnibus Objection"), which included an objection to the Custodian Claim;

WHEREAS, on April 2, 2009, the Debtors filed an objection to the Sellers' Cure Claims [D.I. 7224] (the "Cure Claim Objection");

5

WHEREAS, on April 6, 2009, the Court entered an order [D.I. 7234] sustaining the 31st Omnibus Objection and allowing the Custodian Claim in the amount of $12,382 against AHM SV;

WHEREAS, on October 13, 2009, the Debtors filed their *Forty-Fourth Omnibus (Substantive) Objection to Claims* [D.I. 8174] (the "44th Omnibus Objection"), which included objections to the LaSalle Claims and U.S. Bank Proofs of Claim #8279, #8280, #8281, #8282, #8283, #8284, #8285, #8286, #8287, #8288, and #8289 on the basis of the EPD/Breach Claims Protocol;

WHEREAS, on July 16, 2010, the Debtors filed their *Sixtieth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 9018] (the "60th Omnibus Objection", which included objections to the LaSalle Claims on the basis that such claims have been amended and superseded by subsequently-filed proofs of claim;

WHEREAS, the effective date of the Plan was November 30, 2010 (the "Plan Effective Date"), at which time (i) the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to the Custodian Claim, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and the Pending Objections (defined below), and (ii) a bar date was established for the filing requests for payment of administrative claims (the "Administrative Bar Date");

WHEREAS, on January 5, 2011, the Securitization Trustee filed a motion to extend the Administrative Bar Date for the Securitization Trustee through and including April 5, 2011 [D.I. 9635], which was granted by order of the Bankruptcy Court dated February 9, 2011 [D.I. 9780];

6

WHEREAS, on March 9, 2012, the Plan Trustee (i) re-noticed the 7th Omnibus Objection for hearing and (ii) filed its *Ninety-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 10356] (the "95th Omnibus Objection" and, together with the 7th Omnibus Objection, the Cure Claim Objection, the 44th Omnibus Objection and the 60th Omnibus Objection, collectively, the "Pending Objections"), which included objections to the BANA Claims on the basis that such claims have been amended and superseded by subsequently-filed proofs of claim;

WHEREAS, after the distributions to the Securitization Trusts pursuant to the Plan and the Stipulation (the "Distributions") are made, the Securitization Trustee desires that the Master Servicer, Trust Administrator, or other party that makes distributions on behalf of the Securitization Trusts (the "Designated Distribution Agent") promptly make distributions to beneficial holders and other interested parties (the "Beneficial Holders") in accordance with the terms of the documents governing each Securitization Trust (the "Trust Documents");

WHEREAS, the Securitization Trustee believes that all Distributions should be deemed subsequent recoveries in respect of previously suffered losses to avoid misapplication of funds, and administrative difficulties, including without limitation the Designated Distribution Agent's reluctance to disburse the Distributions to the appropriate Beneficial Holders or the Securitization Trust's books and records incorrectly identifying the amount due on a particular mortgage in default (which could lead to an improper windfall for the underlying mortgagor);

WHEREAS, the Securitization Trustee believes that whether a loss has been suffered should be determined as of a designated date, and that establishing a cutoff date for "losses suffered" during the month in which the Distributions are received by a Designated

7

Distribution Agent will allow the Designated Distribution Agent to promptly allocate and disburse the Distributions;

WHEREAS, based on the circumstances set forth herein, the Securitization Trustee believes it is reasonable, fair, and appropriate that the recovery be deemed a *pro rata* recovery on account of all Debtor-originated loans that suffered losses;

WHEREAS, the Securitization Trustee believes that no Designated Distribution Agent should have any liability to the Debtors' estates or to any Beneficial Holder or future Beneficial Holder arising out of, relating to, or in connection with the proposed treatment of Distributions as set forth above and in paragraph 5 below, or any actions taken or not taken in connection therewith;

WHEREAS, the Securitization Trustee intends to provide notice to the Beneficial Holders of this Stipulation and the proposed treatment of Distributions as set forth above and in paragraph 5 below;

WHEREAS, the Parties desire to avoid costly litigation over the Pending Objections, the Sellers' Cure Claims, the U.S. Bank Proofs of Claim, and any potential administrative claims that might be asserted by the Securitization Trustee, and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee (as defined in the Plan), which has approved it in all respects;

8

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

<u>STIPULATION</u>

     1.     **Effectiveness**. This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "<u>Approval Order</u>") approving this Stipulation, authorizing the Escrow Agent to pay the Allowed Cure Claim (as hereinafter defined) to the Securitization Trustee from the Cure Escrow, and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Stipulation. After the execution of this Stipulation by all Parties, the Plan Trustee shall file an appropriate pleading and proposed order in form reasonably satisfactory to the Securitization Trustee with the Bankruptcy Court (the "<u>Approval Request</u>") seeking approval of this Stipulation and waiver of the 10-day stay established by Fed. R. Bankr. P. 6004(h); <u>provided</u>, that such a filing shall occur during the period beginning on June 15, 2012 and ending June 29, 2012. If the Approval Order is not entered within forty-five (45) days after the filing of the Approval Request or the Securitization Trustee withdraws from this Stipulation in accordance with paragraph 8 below, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

     2.     **Allowed Cure Claim**. Effective upon entry of the Approval Order, the Sellers' Cure Claims shall be allowed in the aggregate amount of $332,623 (the "<u>Allowed Cure Claim</u>"). The Allowed Cure Claim shall be paid to the Securitization Trustee from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions or other instructions to be provided by the Securitization Trustee.

9

3. **Treatment of Omnibus Objections**. Effective upon and subject to entry of the Approval Order: (a) the 7th Omnibus Objection shall be deemed withdrawn with prejudice as to U.S. Bank Proofs of Claim #8586, #8588, #8589, #8590, #8591, #8592, #8593, #8594, #8595, and #8597; (b) the 44th Omnibus Objection shall be deemed withdrawn with prejudice as to U.S. Bank Proofs of Claim #8279, #8280, #8281, #8282, #8283, #8284, #8285, #8286, #8287, #8288, and #8289; (c) the Securitization Trustee shall be deemed to waive any objection it may have to the relief sought in the 60th Omnibus Objection with respect to the LaSalle Claims; and (d) the Securitization Trustee shall be deemed to waive any objection it may have to the relief sought in the 95th Omnibus Objection with respect to the BANA Claims.

4. **Allowed Unsecured Claims**. Effective upon entry of the Approval Order, (i) U.S. Bank Proof of Claim #8680 shall be allowed as a general unsecured claim against AHM SV in the amount of $179,104, and U.S. Bank Proof of Claim #8668 shall be allowed as a general unsecured claim against AHM Corp. in the amount of $179,104 (together, the "Allowed General Unsecured Cure Claim"), each of which claims shall be an aggregate claim of the following Securitization Trusts: AHMIT 2005-4C, GSR 2006-AR1, GSAA 2006-6, BS 2006-AC4, JPMALT 2006-A3, MASTR 2006-OA2, MASTR 2007-3, MASTR 2007-1, BS 2007-AC1, MASTR 2006-2, MASTR 2006-OA1, BS 2006-AC3, GSAA 2006-9, JPALT 2007-S1, JPMMT 2007-S2, JPMMT 2007-S3, AHMIT 2005-4A and MLMI 2003-A6 (such Securitization Trusts, the "Seller-Cure-Claimant Securitization Trusts"); and, in addition, (ii) the following U.S. Bank Proofs of Claim shall be allowed as general unsecured claims of the respective Securitization Trusts against the respective Debtors and in the respective amounts (the "Allowed Amounts") set forth in the following table:

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 8279 | AHM Corp. | JPMALT 2006-S3 | $3,084 |

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 8280 | AHM Corp. | JPMALT 2006-A4 | $7,327 |
| 8281 | AHM Corp. | JPMALT 2006-A6 | $3,429 |
| 8282 | AHM Corp. | JPMMT 2006-S2 | $26,609 |
| 8283 | AHM Corp. | JPMMT 2006-A6 | $2,811 |
| 8284 | AHM Corp. | JPMALT 2006-A3 | $13,186 |
| 8285 | AHM Corp. | BoA Funding 2007-3 | $6,405,391 |
| 8286 | AHM Corp. | BoA Funding 2007-4 | $302,321 |
| 8287 | AHM Corp. | BoA Funding 2006-8T2 | $699,274 |
| 8288 | AHM Corp. | BoA Funding 2007-1 | $4,433,177 |
| 8289 | AHM Corp. | BoA Funding 2007-2 | $1,555,012 |
| 8569 | AHM Corp. | JPMALT 2007-A2 | $150,832 |
| 8585 | AHM Corp. | AHMIT 2005-4A | $252,833 |
| 8586 | AHM SV | AHMIT 2005-4C | $0 |
| 8587 | AHM Acceptance | AHMIT 2005-4A | $2,001,218 |
| 8588 | AHM SV | GSR 2006-AR1 | $0 |
| 8589 | AHM SV | GSAA 2006-6 | $0 |
| 8590 | AHM SV | BS 2006-AC4 | $0 |
| 8591 | AHM SV | JPMALT 2006-A3 | $0 |
| 8592 | AHM SV | MASTR 2006-OA2 | $0 |
| 8593 | AHM SV | MASTR 2007-3 | $0 |
| 8594 | AHM SV | MASTR 2007-1 | $0 |
| 8595 | AHM SV | BS 2007-AC1 | $0 |
| 8596 | AHM Corp. | MLMI 2003-A6 | $0 |
| 8597 | AHM SV | MASTR 2006-2 | $0 |
| 8598 | AHM SV | MASTR 2006-OA1 | $0 |
| 8665 | AHM SV | BS 2006-AC3 | $0 |
| 8666 | AHM SV | GSAA 2006-9 | $0 |
| 8682 | AHM SV | AHMIT 2005-4A | $252,833 |
| 10616 | AHM Corp. | MS 2006-12XS | $153,190 |
| 10617 | AHM Corp. | MS 2007-8XS | $307,001 |
| 10618 | AHM Corp. | MS 2006-11 | $858,748 |
| 10619 | AHM Corp. | MS 2006-15XS | $618,536 |
| 10620 | AHM Corp. | MS 2006-17XS | $634,602 |
| 10621 | AHM Corp. | MS 2007-1XS | $539,552 |

| Proof of Claim # | Debtor | Securitization Trust | Allowed Amount |
|---|---|---|---|
| 10622 | AHM Corp. | MS 2007-2AX | $1,135,695 |
| 10623 | AHM Corp. | MS 2007-3XS | $15,411 |
| 10624 | AHM Corp. | MS 2007-6XS | $106,502 |
| 10625 | AHM Corp. | MS 2007-7AX | $1,056,551 |
| 10626 | AHM Corp. | MS 2007-8XS | $0 |
| 10627 | AHM SV | MS 2006-11 | $0 |
| 10628 | AHM SV | MS 2006-15XS | $0 |
| 10629 | AHM SV | MS 2006-17XS | $0 |
| 10630 | AHM Corp. | MS 2006-11 | $0 |
| 10631 | AHM Corp. | MS 2006-15XS | $0 |
| 10632 | AHM Corp. | MS 2006-17XS | $0 |
| 10633 | AHM Corp. | MS 2007-1XS | $0 |
| 10634 | AHM Corp. | MS 2007-3XS | $0 |
| 10635 | AHM Corp. | MS 2007-7AX | $0 |
| 10907 | AHM Corp. | MS 2006-13ARX | $313 |
| 10908 | AHM Corp. | MS 2006-2 | $543 |
| 10909 | AHM Corp. | MS 2006-4SL | $275,900 |
| 10910 | AHM Corp. | MS 2007-4SL | $31,159 |
| 10911 | AHM Corp. | MS 2007-5AX | $1,000,131 |
| 10912 | AHM Corp. | MS 2007-9SL | $1,923,681 |
| 10913 | AHM Corp. | MS 2006-5AR | $105,542 |
| 10914 | AHM Corp. | MS 2006-6AR | $10,328 |
| 10915 | AHM Corp. | MS 2006-9AR | $2,783 |
| 10916 | AHM Corp. | MS 2006-16AX | $619,333 |
| 10917 | AHM SV | MS 2006-16AX | $619,333 |
| 10918 | AHM SV | MS 2006-6AR | $10,328 |
| 10919 | AHM SV | MS 2006-8AR | $248 |
| 10920 | AHM SV | MS 2006-5AR | $105,542 |
| 10921 | AHM Corp. | MS 2006-8AR | $248 |

5.    **Provisions Regarding Distributions.** The Securitization Trustee will

distribute any Distributions with respect to the Allowed Cure Claim and the Allowed General

Unsecured Cure Claim equally among the Seller-Cure-Claimant Securitization Trusts, subject to

12

the prior payment of all fees and expenses of the Securitization Trustee by each Seller-Cure-Claimant Securitization Trust. Except to the extent that the Trust Documents expressly provide to the contrary, the Securitization Trustee will treat any Distributions by the Plan Trust to each of the Securitization Trusts as subsequent recoveries in respect of previously suffered loses, determined as of a monthly determination date immediately preceding the date of such distributions (the "Determination Date"), and allocated *pro rata* in respect of all mortgage loans sold by the Debtors to each Securitization Trust, based on the amount of the loss on each such mortgage loan, as against the aggregate losses suffered on all such mortgage loans (e.g., if the Securitization Trust experienced total losses of $10,000,000 through the Determination Date on account of mortgage loans sold by a Debtor and received a Distribution of $100,000 from the Plan Trust, the Securitization Trust would be deemed to have received $.01 of subsequent recovery on account of each $1 of loss previously suffered on such mortgage loans). The Securitization Trustee is authorized and empowered to take any and all actions that are reasonably necessary or appropriate to implement and effect the Approval Order, including, but not limited to, allocating and disbursing Distributions as provided in the Stipulation.

6.      **Terms of Approval Request and Proposed Order**. The Approval Request shall request that the Approval Order include relief substantially similar to and substantively the same as the following:

> ORDERED that the Beneficial Holders have had fair and reasonable notice of the Approval Request and this Order and a reasonable opportunity to object to the Approval Request; and it is further

> ORDERED that all objections, including without limitation any objection of any Beneficial Holders or future Beneficial Holders to the Approval Request, and all portions thereof, that have not been withdrawn, waived, or settled, and all reservations of rights in such objections, are hereby overruled on the merits; and it is further

13

ORDERED that this Order is final, binding, and effective on all current, former, and future Beneficial Holders as well as the Securitization Trustee or successors thereto. The Securitization Trustee and its current and former officers, directors, shareholders, employees, agents, attorneys, successors, and assigns (the "Trustee Parties") and any Designated Distribution Agent that acts in reliance upon this Order shall be and hereby is fully exculpated and shall have no liability to the Debtors' estates or to any Beneficial Holder of future Beneficial Holder (the "Enjoined Parties") arising out of, relating to, or in connection with the Approval Request. All Enjoined Parties shall be, and hereby are, bound by this Order, and shall be permanently and irrevocably enjoined from commencing or continuing in any manner any action or proceeding against the Trustee Parties arising out of, relating to, or in connection with the Approval Request, the Distributions, or any actions taken or not taken in connection therewith.

7.    **Releases.** Effective upon the Securitization Trustee's receipt of payment

of the Allowed Cure Claim from the Cure Escrow, (a) U.S. Bank National Association, in its

capacity as the Securitization Trustee, on behalf of itself and any affiliates, successors, assigns,

officers, directors, employees, or agents, shall be deemed to have forever waived and released

any and all claims and/or causes of action of any nature that it may have against the Debtors, the

Plan Trustee, or the Cure Escrow (i) arising under the Assumed U.S. Bank Agreements with

respect to acts or omissions that occurred prior to the Initial Closing Date or (ii) for Transfer

Costs in connection with the Assumed U.S. Bank Agreements, whether any such claim and/or

cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated,

and (b) each Debtor, the Plan Trustee and the Cure Escrow, each on behalf of itself and any

affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have

forever waived and released any and all claims and/or causes of action of any nature that it may

have against the U.S. Bank National Association, in its capacity as Securitization Trustee

(i) arising under the Assumed U.S. Bank Agreements with respect to acts or omissions that

occurred prior to the Initial Closing Date, whether any such claim and/or cause of action is

known or unknown at this time, fixed or contingent, liquidated or unliquidated. Effective upon

14

entry of the Approval Order and allowance of the Allowed General Unsecured Cure Claim and

the Allowed Amounts as general unsecured claims in accordance with paragraph 4 above, (a)

U.S. Bank National Association, in its capacities as the Securitization Trustee and the Custodian,

on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or

agents, shall be deemed to have forever waived and released any and all claims and/or causes of

action of any nature that it may have against the Debtors or the Plan Trustee (i) arising out of any

transaction or occurrence referenced in the Proofs of Claim or (ii) resulting from any act or

omission that occurred prior to the Plan Effective Date, whether any such claim and/or cause of

action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, and (b)

each Debtor and the Plan Trustee, each on behalf of itself and any affiliates, successors, assigns,

officers, directors, employees, or agents, shall be deemed to have forever waived and released

any and all claims and/or causes of action of any nature that it may have against U.S. Bank

National Association, in its capacities as the Securitization Trustee and the Custodian (i) arising

out of any transaction or occurrence referenced in the Proofs of Claim or (ii) resulting from any

act or omission that occurred prior to the Plan Effective Date, whether any such claim and/or

cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated.

Notwithstanding the foregoing, U.S. Bank National Association, in its capacities as the

Securitization Trustee and the Custodian, does not waive or release any claims (i) for the

Purchaser's Cure Amount (as defined in the Sale Order) under the Assumed U.S. Bank Contracts

or (ii) which are allowed pursuant to this Stipulation.

        8.    **Reservation.**  Notwithstanding anything to the contrary in this Stipulation,

the Parties acknowledge and agree that (i) this Stipulation shall not prevent the Securitization

Trustee, upon receiving written and sufficient direction from the requisite percentage of the

securities owners of any Securitization Trust (as specified in the transaction documents for such Securitization Trust), from withdrawing from this Stipulation consistent with such direction; provided that such withdrawal occurs prior to the filing of the Approval Request by the Plan Trustee pursuant to paragraph 1 above, and (ii) this Stipulation shall not prevent the Securitization Trustee, upon issuance of an Approval Order that does not approve the Stipulation in its entirety, other than with respect to the provisions of Paragraph 6 herein, from withdrawing from this Stipulation. Upon any withdrawal of the Securitization Trustee in accordance with this paragraph 8, this Stipulation shall be void *ab initio* unless otherwise agreed by the Parties.

9.    **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

10.    **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

11.    **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

12.    **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

13.    **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

16

14.    __Construction__.  The Parties have cooperated in the drafting and preparation of this Stipulation.  Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

15.    __Execution in Counter-Parts__.  This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument.  This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated:    Wilmington, Delaware
          April 30, 2012

                              HAHN & HESSEN LLP
                              Mark S. Indelicato
                              Edward L. Schnitzer
                              488 Madison Avenue
                              New York, New York 10022
                              Telephone: (212) 478-7200

                              -and-

                              YOUNG CONAWAY STARGATT & TAYLOR, LLP


                              Sean M. Beach (No. 4070)
                              Patrick A. Jackson (No. 4976)
                              Rodney Square
                              1000 North King Street
                              Wilmington, Delaware 19801
                              Telephone: (302) 571-6600
                              Facsimile: (302) 571-1253

                              Co-Counsel for the Plan Trustee


[ADDITIONAL SIGNATURE PAGE FOLLOWS]


17

Dated:    St. Paul, Minnesota
          _May 3_____, 2012

U.S. BANK NATIONAL ASSOCIATION, in its
capacity as Securitization Trustee and Custodian

_Pamela Wieder_
Name: Pamela Wieder
Title: Vice President

18

### EXHIBIT C TO NOTICE TO HOLDERS

Proof of claim #8680 shall be allowed as a general unsecured claim against AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) in the amount of $179,104, and proof of claim #8668 shall be allowed as a general unsecured claim against American Home Mortgage Corp. (Case No. 07-11051) in the amount of $179,104, each of which claims shall be an aggregate claim of the following Trusts: AHMIT 2005-4C, GSR 2006-AR1, GSAA 2006-6, BS 2006-AC4, JPMALT 2006-A3, MASTR 2006-OA2, MASTR 2007-3, MASTR 2007-1, BS 2007-AC1, MASTR 2006-2, MASTR 2006-OA1, BS 2006-AC3, GSAA 2006-9, JPALT 2007-S1, JPMMT 2007-S2, JPMMT 2007-S3, AHMIT 2005-4A and MLMI 2003-A6; and, in addition, (ii) the proofs of claim shall be allowed as general unsecured claims of the respective Trusts against the respective Debtors and in the respective amounts set forth in the following table:

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 8279 | J.P. Morgan Alternative Loan Trust 2006-S3; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $3,084 |
| 8280 | J.P. Morgan Alternative Loan Trust 2006-A4; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $7,327 |
| 8281 | J.P. Morgan Alternative Loan Trust 2006-A6; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $3,429 |
| 8282 | J.P. Morgan Mortgage Trust 2006-S2; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $26,609 |
| 8283 | J.P. Morgan Mortgage Trust 2006-A6; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $2,811 |
| 8284 | J.P. Morgan Alternative Loan Trust 2006-A3; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $13,186 |
| 8285 | Banc of America Funding 2007-3 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-3 | American Home Mortgage Corp. (Case No. 07-11051) | $6,405,391 |

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 8286 | Banc of America Funding 2007-4 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-4 | American Home Mortgage Corp. (Case No. 07-11051) | $302,321 |
| 8287 | Banc of America Funding 2006-8T2 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-8T2 | American Home Mortgage Corp. (Case No. 07-11051) | $699,274 |
| 8288 | Banc of America Funding 2007-1 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-1 | American Home Mortgage Corp. (Case No. 07-11051) | $4,433,177 |
| 8289 | Banc of America Funding 2007-2 Trust; Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-2 | American Home Mortgage Corp. (Case No. 07-11051) | $1,555,012 |
| 8569 | J.P. Morgan Alternative Loan Trust 2007-A2; Mortgage Pass-Through Certificates | American Home Mortgage Corp. (Case No. 07-11051) | $150,832 |
| 8585 | American Home Mortgage Investment Trust 2005-4A; Trust Certificates, 2005-4A | American Home Mortgage Corp. (Case No. 07-11051) | $252,833 |
| 8586 | American Home Mortgage Investment Trust 2005-4C; Trust Certificates, 2005-4C | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8587 | American Home Mortgage Investment Trust 2005-4A; Trust Certificates, 2005-4A | American Home Mortgage Acceptance, Inc. (Case No. 07-11049) | $2,001,218 |
| 8588 | GSR Mortgage Loan Trust 2006-AR1; Mortgage Pass-Through Certificates Series 2006-AR1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 8589 | GSAA Home Equity Trust 2006-6; Asset-Backed Certificates, Series 2006-6 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8590 | Bear Stearns Asset Backed Securities I Trust 2006-AC4; Asset-Backed Certificates Series 2006-AC4 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8591 | J.P. Morgan Alternative Loan Trust 2006-A3; Mortgage Pass Through Certificates | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8592 | MASTR Adjustable Rate Mortgages Trust 2006-OA2; Mortgage Pass-Through Certificates, Series 2006-OA2 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8593 | MASTR Adjustable Rate Mortgages Trust 2007-3; Mortgage Pass-Through Certificates, Series 2007-3 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8594 | MASTR Adjustable Rate Mortgages Trust 2007-1; Mortgage Pass-Through Certificates, Series 2007-1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8595 | Bear Stearns Asset Backed Securities I Trust 2007-AC1; Asset-Backed Certificates Series 2007-AC1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8596 | Merrill Lynch Mortgage Investors Trust; Mortgage Pass-Through Certificates, MLMI Series 2003-A6 | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 8597 | MASTR Asset Securitization Trust 2006-2; Mortgage Pass Through Certificates, Series 2006-2 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8598 | MASTR Adjustable Rate Mortgages Trust 2006-OA1; Mortgage Pass-Through Certificates, Series 2006-OA1 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 8665 | Bear Stearns Asset Backed Securities I Trust 2006-AC3; Asset-Backed Certificates Series 2006-AC3 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8666 | GSAA Home Equity Trust 2006-9; Asset-Backed Certificates, Series 2006-9 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 8682 | American Home Mortgage Investment Trust 2005-4A; Trust Certificates, 2005-4A | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $252,833 |
| 10616 | Morgan Stanley Mortgage Loan Trust 2006-12XS; Mortgage Pass-Through Certificates, Series 2006-12XS | American Home Mortgage Corp. (Case No. 07-11051) | $153,190 |
| 10617 | Morgan Stanley Mortgage Loan Trust 2007-8XS; Mortgage Pass-Through Certificates, Series 2007-8XS | American Home Mortgage Corp. (Case No. 07-11051) | $307,001 |
| 10618 | Morgan Stanley Mortgage Loan Trust 2006-11; Mortgage Pass-Through Certificates, Series 2006-11 | American Home Mortgage Corp. (Case No. 07-11051) | $858,748 |
| 10619 | Morgan Stanley Mortgage Loan Trust 2006-15XS; Mortgage Pass-Through Certificates, Series 2006-15XS | American Home Mortgage Corp. (Case No. 07-11051) | $618,536 |
| 10620 | Morgan Stanley Mortgage Loan Trust 2006-17XS; Mortgage Pass-Through Certificates, Series 2006-17XS | American Home Mortgage Corp. (Case No. 07-11051) | $634,602 |
| 10621 | Morgan Stanley Mortgage Loan Trust 2007-1XS; Mortgage Pass-Through Certificates, Series 2007-1XS | American Home Mortgage Corp. (Case No. 07-11051) | $539,552 |
| 10622 | Morgan Stanley Mortgage Loan Trust 2007-2AX; Mortgage Pass-Through Certificates, Series 2007-2AX | American Home Mortgage Corp. (Case No. 07-11051) | $1,135,695 |

Ex. C-4

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 10623 | Morgan Stanley Mortgage Loan Trust 2007-3XS; Mortgage Pass-Through Certificates, Series 2007-3XS | American Home Mortgage Corp. (Case No. 07-11051) | $15,411 |
| 10624 | Morgan Stanley Mortgage Loan Trust 2007-6XS; Mortgage Pass-Through Certificates, Series 2007-6XS | American Home Mortgage Corp. (Case No. 07-11051) | $106,502 |
| 10625 | Morgan Stanley Mortgage Loan Trust 2007-7AX; Mortgage Pass-Through Certificates, Series 2007-7AX | American Home Mortgage Corp. (Case No. 07-11051) | $1,056,551 |
| 10626 | Morgan Stanley Mortgage Loan Trust 2007-8XS; Mortgage Pass-Through Certificates, Series 2007-8XS | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 10627 | Morgan Stanley Mortgage Loan Trust 2006-11; Mortgage Pass-Through Certificates, Series 2006-11 | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 10628 | Morgan Stanley Mortgage Loan Trust 2006-15XS; Mortgage Pass-Through Certificates, Series 2006-15XS | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 10629 | Morgan Stanley Mortgage Loan Trust 2006-17XS; Mortgage Pass-Through Certificates, Series 2006-17XS | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $0 |
| 10630 | Morgan Stanley Mortgage Loan Trust 2006-11; Mortgage Pass-Through Certificates, Series 2006-11 | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 10631 | Morgan Stanley Mortgage Loan Trust 2006-15XS; Mortgage Pass-Through Certificates, Series 2006-15XS | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 10632 | Morgan Stanley Mortgage Loan Trust 2006-17XS; Mortgage Pass-Through Certificates, Series 2006-17XS | American Home Mortgage Corp. (Case No. 07-11051) | $0 |

Ex. C-5

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 10633 | Morgan Stanley Mortgage Loan Trust 2007-1XS; Mortgage Pass-Through Certificates, Series 2007-1XS | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 10634 | Morgan Stanley Mortgage Loan Trust 2007-3XS; Mortgage Pass-Through Certificates, Series 2007-3XS | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 10635 | Morgan Stanley Mortgage Loan Trust 2007-7AX; Mortgage Pass-Through Certificates, Series 2007-7AX | American Home Mortgage Corp. (Case No. 07-11051) | $0 |
| 10907 | Morgan Stanley Mortgage Loan Trust 2006-13ARX; Mortgage Pass-Through Certificates, Series 2006-13ARX | American Home Mortgage Corp. (Case No. 07-11051) | $313 |
| 10908 | Morgan Stanley Mortgage Loan Trust 2006-2; Mortgage Pass-Through Certificates, Series 2006-2 | American Home Mortgage Corp. (Case No. 07-11051) | $543 |
| 10909 | Morgan Stanley Mortgage Loan Trust 2006-4SL; Mortgage Pass-Through Certificates, Series 2006-4SL | American Home Mortgage Corp. (Case No. 07-11051) | $275,900 |
| 10910 | Morgan Stanley Mortgage Loan Trust 2007-4SL; Mortgage Pass-Through Certificates, Series 2007-4SL | American Home Mortgage Corp. (Case No. 07-11051) | $31,159 |
| 10911 | Morgan Stanley Mortgage Loan Trust 2007-5AX; Mortgage Pass-Through Certificates, Series 2007-5AX | American Home Mortgage Corp. (Case No. 07-11051) | $1,000,131 |
| 10912 | Morgan Stanley Mortgage Loan Trust 2007-9SL; Mortgage Pass-Through Certificates, Series 2007-9SL | American Home Mortgage Corp. (Case No. 07-11051) | $1,923,681 |
| 10913 | Morgan Stanley Mortgage Loan Trust 2006-5AR; Mortgage Pass-Through Certificates, Series 2006-5AR | American Home Mortgage Corp. (Case No. 07-11051) | $105,542 |

Ex. C-6

| Proof of Claim Number | Trust; Certificates | Debtor | Allowed Claim Amount |
|---|---|---|---|
| 10914 | Morgan Stanley Mortgage Loan Trust 2006-6AR; Mortgage Pass-Through Certificates, Series 2006-6AR | American Home Mortgage Corp. (Case No. 07-11051) | $10,328 |
| 10915 | Morgan Stanley Mortgage Loan Trust 2006-9AR; Mortgage Pass-Through Certificates, Series 2006-9AR | American Home Mortgage Corp. (Case No. 07-11051) | $2,783 |
| 10916 | Morgan Stanley Mortgage Loan Trust 2006-16AX; Mortgage Pass-Through Certificates, Series 2006-16AX | American Home Mortgage Corp. (Case No. 07-11051) | $619,333 |
| 10917 | Morgan Stanley Mortgage Loan Trust 2006-16AX; Mortgage Pass-Through Certificates, Series 2006-16AX | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $619,333 |
| 10918 | Morgan Stanley Mortgage Loan Trust 2006-6AR; Mortgage Pass-Through Certificates, Series 2006-6AR | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $10,328 |
| 10919 | Morgan Stanley Mortgage Loan Trust 2006-8AR; Mortgage Pass-Through Certificates, Series 2006-8AR | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $248 |
| 10920 | Morgan Stanley Mortgage Loan Trust 2006-5AR; Mortgage Pass-Through Certificates, Series 2006-5AR | AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) | $105,542 |
| 10921 | Morgan Stanley Mortgage Loan Trust 2006-8AR; Mortgage Pass-Through Certificates, Series 2006-8AR | American Home Mortgage Corp. (Case No. 07-11051) | $248 |

## EXHIBIT D TO NOTICE TO HOLDERS

**MORGAN STANLEY MORTGAGE LOAN TRUST 2006-12XS
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-12XS**

| Class | CUSIP |
|-------|-------|
| A-1 | 61749EAA5 |
| A-2A | 61749EAB3 |
| A-2B | 61749EAC1 |
| A-3 | 61749EAD9 |
| A-4 | 61749EAE7 |
| A-5A | 61749EAF4 |
| A-5B | 61749EAG2 |
| A-6A | 61749EAH0 |
| A-6B | 61749EAJ6 |
| A-R | 61749EAU1 |
| M-1 | 61749EAK3 |
| M-2 | 61749EAL1 |
| M-3 | 61749EAM9 |
| M-4 | 61749EAN7 |
| M-5 | 61749EAP2 |
| M-6 | 61749EAQ0 |
| B-1 | 61749EAR8 |
| B-2 | 61749EAS6 |
| B-3 | 61749EAT4 |
| P | 61749EAW7 |
| OC | 61749EAV9 |