IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x   Chapter 11
In re:                                                              :
                                                                    :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :
a Delaware corporation, et al.,[1]                                  :
                                                                    :   Jointly Administered
                                                                    :   Ref/ Docket Nos.9692, 10148, 10183, 10182,
                         Debtors.                                   :   10507 & 10620
                                                                    :
------------------------------------------------------------------- x

**Judicial Notice**

1.

Comes now Claimant, Hussain Kareem acknowledging that there has been a ruling in the Fifth Circuit Court of Appeals. Claimant request that despite an urgent sense of notification given to this court by the Plan Trustee on or about October 16, 2012, with respect to the ruling adverse to the Claimant arising out of the Texas Action, the ruling should not affect the merits of this case. Mr. Kareem has since, perfected his land title which carries with it protection rights and immunities which should be honored, as a matter of law. Claimant supports his reasoning as follows:

2.

**Clarification of Facts Effected by the Rulings**

I. The parties in the Fifth Circuit Court of Appeals Case No. 11-10701 are Hussain Kareem v. American Home Mortgage Servicing, Inc., Mortgage Electronics Registration Inc., David Friedman and R.K. Arnold. The case and trial never involved American Home Mortgage Holdings, the Plan Trustee, nor AHMA Loan

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM InvestWne ent"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

Trust 2006-3. The issues were related to The U.S. Department of HUD RESPA Servicing Notification Investigation Right to Sue, TILA Rescission Demands on Assignee (passed on to AHMSI, the loan servicer), Questionable Assignments made by MERS and AHMSI into Georgia Land Records and a Wrongful Foreclosure Attempt, among other things considered.

II. Noticeably, this instant action does not involve American Home Mortgage Holdings (AHMH), the Plan Trustee, claims for contract breach issues, failure to give notice, TILA Rescission Demand (by the Principal), discharge ability of the instrument by AHMH (the Principal), the Note Holder and/or Predatory Lending Practices. The ongoing issues are distinguishable from the *Texas Action* and the instant action does not involve the same parties. Therefore, the inference of *res judicata,* as defined under the law, fails.

III. The claims by Mr. Kareem before this Court were honorably conducted by the entry of a proof of claim, a trial date, which included among other things, an evidentiary hearing on documents, bankruptcy records and where testimonies are part of the records of this court.

IV. Notwithstanding the above supported reasons, the instant matter has had extensively more factual presentments and followed procedures from this competent court that were applied during the course at trial, to ensure due process. The trial facts were not dependant on the outcome of issues made in other courts. The ongoing merits of the case are well defined and are independent from the outside court actions and their determinations with respect to third-parties.

3.

**Conclusion Supporting that**

**Plan Trustee's Notice Arguments Fails against Claimant's Demands**

*Doctrine of Preclusion Fails*

I. The Plan Trustee have made concerted efforts to try and deflect Mr. Kareem's claims by trying to establish a basis for *res judicata* or collateral estoppel. In the instant action, it simply does not work. Whereas, the four threshold elements that The Plan Trustee are trying to convince the court that exists for preclusion does not exists at all.

Whereas, the Plan Trustee assumptions are flawed as stated sequentially below:

2

A. Element (1) requires that *the identical issues were previously adjudicated* fails. Claimant has supported his reasoning as cited above.

AHMH negligence actions may have given rise to the other third-parties actions, but the current action has its own merits and has been fully adjudicated by factual testimonies.

B. Element (2) requires that the actions were litigated and settled. The settled issues do not address the following:

(1). Claimant's pursuit his due process rights with respect to veracity of the TILA Rescission Demand given to all liable parties, including the Asset Backed Security Trust[2] under 15 USC §1601 et seq. and under the applicable Regulation Z. Neither AHMH, the creditor nor AHMA Loan Trust 2006-3, the assignee, sought declaratory relief to contest the rescission demand. Their combined failure, as Creditor and Assignee, voids the chain of title to the Note and Security Instrument, as a matter of law.

(2). Quiet Title with respect to AHMH impairment of the security lien has been requested in this court. AHMH placed an unlawful fiduciary on the mortgage (namely, MERS) which cannot be amended, and;

(3). Neither American Home Mortgage Holdings nor its subsidiaries, nor the Plan Trustee are attempting to enforce their rights as creditors against the instruments. Therefore, the instrument is presumed abandon under the applicable Georgia's commercial code OCGA §11-3-604.

(4). Therefore, conclusively, AHMH and the Plan Trustee have abandoned any interests in the debt which was passed on to a defunct Asset Backed Securitized Trust, in which the loan originator, sponsor and depositor are insolvent. The question arises before this court; How can the Mortgage loan Trust exists without the active roles of responsible parties to the REMIC trust?

---

[2] AHMA Loan Trust 2006-3, with CitiBank N.A., as Trustee, were not a part of the *Texas Action*. If the loan trust remains the Assignee and it is statutorily in good standing, then under 15 USC 1641 (c) the Regulation Z rescission liability falls upon it. There is every reason to believe, by sufficient evidence, that AHMA Loan Trust 2006-3 does not exists and has lost its REMIC status. It is presumed defunct. The investment may be trading, but no registered agent exists to serve the trust's administrators interest in a court of jurisdiction.

3

Wherefore, Element (2) fails as a basis to grant the Plan Trustee relief.

C. Element (3) does not comply because Elements (1) and (2) are inapplicable. Any decision by the Fifth Circuit would be mutually exclusive of the Claimant's rights in this action.

D. Element (4) fails because neither AHMH nor AHMA Loan Trust 2006-3 were prosecuted or represented in the Texas action. Therefore, regardless of the Fifth Circuit Court of Appeals rulings, its jurisdiction did not cover AHMH nor AHMA Loan Trust 2006-3 as parties in their privies. Furthermore, the *Texas Action* did not encompass the contract matters related between the loan origination, compliance issues, broker defaults, and rights related to AHMA Loan Trust 2006-3.

E.   Besides, under Georgia's law on contracts provides, "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." (Emphasis supplied). OCGA §9-2-4. See Saunders, Stuckey & Mullis, Inc. v. Citizens Bank & Trust Company, (265 Ga. 453), (458 SE2d 337), (1995). Also see, Supreme Court of Georgia's ruling in Beiter v. Decatur Fed. S & L Assn., 222 Ga. 516, 518 (2) (150 SE2d 687) (1966) "Right to recover unsecured claims".

## New Failures by Plan Trustee and AHMA Loan TRUST 2006-3 to Contest Perfected Title Supports Acquiescence Claims

On or about August 21, 2012, Mr. Kareem sent a constructive notice and engaged Margaret Greecher, attorney and counsel for the Plan Trustee, his legal notice that the Secretary of State of Georgia, through Georgia Division of Archives and History had updated the Georgia Government's original land grant and conveyance to include the property held by Mr. Kareem's estate. Thereby, the 1820 Land Lottery Gwinnett County Register of Grants and the Register of Plat perfects Mr. Kareem's land title grant and plat under said land patent or grant by his application and acceptance as a matter of law[3].

---

[3] See Exhibit- xx1900 Letter to Margaret Greecher, re: Legal Notice by Publication, Exhibit – xx1920 Gwinnett Daily Post Receipt Public Legal Notice by Publication, Exhibit – xx1930 Certified Mail of Notices sent to CitiBank, N.A. and to Young Conaway Stargatt & Taylor, LLP for the Plan Trustee. Also see Certified Copies of the Originals: Exhibit – 0080838 Declaration of Acceptance of Land Patent filed in

The above aforementioned land grant, conveyance, proclamations and updates have been duly filed in Gwinnett County, Georgia. The appropriate public legal notice by publication has been given "to all [men] whom these presents shall comer". As well, notices were served by certified U.S. mail to known parties who may have an express interests. Effectively, the said security lien recorded by AHMH's subsidiary, American Broker Conduit, and any assignments are contested matters, to be resolved under applicable U.S. land patent/grant rights.

Whereas, noticeably AHMH, the Plan Trustee, and Citibank, N.A., as trustee, for AHMA Loan Trust 2006-3 were given adequate notice and the same have abandoned or waived all of their interests related to their title claim of the underlying instruments filed in Gwinnett County Records and Deeds. All previous instruments contained an unperfected legal description and unperfected chain of title by the operation of law embracing the land patent/grant and plat of the 1820 Land Lottery of Gwinnett County, Georgia. The grant and plat are evidenced by the then Governor, George M. Troup conveyance to Joseph Collins, for the behoof and benefit of assignees and beneficiaries. The original grant of land by the Governor of Georgia has been honored by the Secretary of State, Steven Engerrand, the Interim Director, State Archives of Georgia on April 4th, 2012.

Whereas, the 60-day time limit to contest the veracity by the above parties of interests have elapsed, as an operation of law. Presumptively, the rights that have been waived by the parties who were given adequate notice accordingly, speaks for themselves[4].

---

Gwinnett County records on August 8, 2012, Deed Book 51560 Pages 422-425, Exhibit-xx1954 Land Lottery Gwinnett County Register of Grants update filed in Gwinnett County records, Deed Book 51560 Pages 426-427 and Exhibit-xx1964 Page 245 of 1820 Land Lottery Gwinnett County Register of Plats update filed in Gwinnett County records, Deed Book 51560 Pages 428-429, respectively.

[4] The legal notification affirms that the undersigned has held physical possession since 2006 and claims full and complete title to the private property and land, being the, beneficiary, successor-in-interests heir and assignee under the original Land Grant and Plat. That the Land Patent/Grant is evidence of absolute title as determined in precedent United States Supreme Court Rulings citing on authorities in the following case law in support of my claim and standing : See *Summa Corp. v California, 466 US 198*, also see *Surplus Trading Company v. Cook, 281 U.S. 647;* also see *Western Union Telegraph Co. v. Chiles, 214 U.S. 274;* also see *Arlington Hotel v. Fant, 278 U.S. 439;* also see *Pacific Coast Dairy v. Department of Agriculture,* also see *318 U.S. 285* , *U.S. v. Stone 2 US 525*, and see *Legal title to property is contingent upon the patent issuing from the Government: Sabo v. Horvath, 553 p. 2d 1039, 1040 (Aka 1976),* case in point *Ruddy v.Rossi, (1918) 248 US 104.*

## Summary

Wherefore, by considering all of the factual matters shown above, Mr. Kareem is well within his legal and equitable rights to have his remedies determined in this court to protect his estate, homestead and interests. The multiple forums do not deprive him of his due process rights until he receives satisfaction. It is reasonable for this court to presume that multiple parties have injured Mr. Kareem in different ways[5]. Wherefore, Mr. Kareem stands firm of his pursuit of his claim as a matter of law in this competent jurisdiction.

**EXECUTED THIS DAY ON OR ABOUT OCTOBER 29 th, 2012**

*[signature]*
Hussain Kareem, Pro Se

**404-0907-0177 (Phone Line)**

---

[5] Under Georgia law, damages are compensated 'Whether such damages as are here sued for arise by reason of a tort or the breach of a contract, they are given to the injured party as compensation for the injury sustained. (Cits.) . . .' [Cit.]" *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 706 (2) (402 SE2d 783) (1991). " ' "Damages are given as compensation for the injury done." "There can be but one satisfaction of the same damage or injury." ' [Cit.]" *Nannis Terpening &c. v. Mark Smith Constr. Co.*, 171 Ga. App. 111, 113 (1) (318 SE2d 89) (1984).

6

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on or about October 29th, 2012, I sent the foregoing document to the U.S. Bankruptcy Court, Honorable Judge Christopher Sontchi, opposing counsel or legal agents by certified mail, prepaid first class mail without *to the following:*

Counsel for Debtors:
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Margaret Whiteman Greecher
Rodney Square
1000 North King Street
Wilmington, DE 19801
P 302.571.6753
F 302.576.3416
mgreecher@ycst.com Counsel for the Plan Trustee:

**HAHN & HAESSEN LLP**
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, N.Y. 10022
Tel: (212) 478-7200
**The Plan Trustee:**
Steven D. Stass
AHM Liquidating Trust
P.O. Box 10550
Melville, NY 11747

**CitiBank, N.A.**
**c/o Cheryl J. Hollingsworth, CEO**
**100 Citibank Drive**
**San Antonio, TX 78245**

**EXECUTED THIS DAY ON**
**OCTOBER 29, th 2012**

/S/ *H. Calaft*

Hussain Kareem, Pro Se
2197 Carlysle Creek Drive
Lawrenceville, GA 30044
404-907-0177: Phone Line

7