IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   : Jointly Administered
     Debtors.                                                      :
                                                                   : Response Deadline: December 4, 2012 at 4:00 p.m. (ET)
                                                                   : Hearing Date: December 11, 2012 at 2:00 p.m. (ET)
------------------------------------------------------------------ x

**PLAN TRUST'S ONE HUNDRED FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full such Disputed Claims as described herein. In support of this Objection, the Plan Trust relies on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12767578.1

the Declaration of Eileen Wanerka in Support of the Plan Trust's One Hundred Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as <u>Exhibit I</u>. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "<u>Plan</u>"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

## BAR DATE AND PROOFS OF CLAIM

5. On August 17, 2007, this Court entered an order [Docket No. 222] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order [Docket No. 1708] (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8.  By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full the Disputed Claims listed in Exhibits A and B to the Proposed Order for the reasons set forth below.  This Objection complies in all respects with Local Rule 3007-1.

A.  **Late Filed Claim**

9.  The claim listed in Exhibit A to the Proposed Order (the "Late Filed Claim") was filed after the applicable deadline for submitting such claim had passed.  As set forth in the Bar Date Order [Docket No. 1708], the deadline for filing claims was January 11, 2008, or, in the case of government units, February 4, 2008.  Further, as set forth in the Notice of the Effective Date of the Plan [Docket No. 9519], the deadline for filing administrative expense claims was January 5, 2011.  The claim listed in Exhibit A was filed after the applicable bar dates, on the date listed under the column labeled "Date Filed."  Therefore, the Plan Trust hereby objects to the Late Filed Claim and requests entry of an order disallowing in full and expunging the Late Filed Claim.

B.  **Insufficient Documentation Claim**

10.  The claim listed on Exhibit B to the Proposed Order (the "Insufficient Documentation Claim") was submitted without sufficient alleged facts or documentation to support either the validity or amount of this alleged claim.  The Insufficient Documentation Claim has some documentation attached, but such documentation is not adequate to allow the Plan Trustee to determine either the reason why the claimant filed the claim or whether the Plan Trust (as assignee of the Debtors' estates pursuant to the Plan) has any liability for this claim.  Local Rule 3007-1(d)(vi) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach

01:12767578.1

sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f)." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." *In re Planet Hollywood Int'l*, 247 B.R. 391, 395 (Bankr. D. Del. 2001)

11. The claimant asserting the Insufficient Documentation Claim failed to allege facts sufficient and/or attach documentation sufficient to determine the validity or appropriate amount of their claims. Therefore the claim is not *prima facie* valid. *See in re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). Because the Insufficient Documentation Claim is not *prima facie* valid, the Plan Trust hereby objects to claim and requests the Court to enter an order disallowing in full and expunging the Insufficient Documentation Claim identified in Exhibit B to the Proposed Order.

### BORROWER CLAIMS

12. The Insufficient Documentation Claim filed by Ira Ames, III [POC No. 10364], which is listed in Exhibit B to the Proposed Order, is a "Borrower Claim" as that term is defined in the Plan. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. In accordance with Article 17 of the Plan, representatives for the Plan Trustee made requests for additional information from the claimant, but the claimant failed to respond to the inquiries. Additionally, the Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order.

01:12767578.1

5

## RESERVATION OF RIGHTS

13. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## NOTICE

14. The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit III</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 9, 2012<br>Wilmington, Delaware | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP<br><br>/s/ *Michael S. Neiburg*<br>Sean M. Beach (No. 4070)<br>Michael S. Neiburg (No. 5275)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>HAHN & HESSEN LLP<br>Mark S. Indelicato<br>Edward L. Schnitzer<br>488 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 478-7200<br>Facsimile: (212) 478-7400<br><br>*Co-Counsel to the Plan Trustee* |

01:12767578.1

# EXHIBIT I

Declaration of Eileen Wanerka

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    : Jointly Administered
      Debtors.                                      :
---------------------------------------------------------------- x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S
ONE HUNDRED FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.  I am the Director of Claims Administration for the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's One Hundred Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

2.  Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12767578.1

personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC. These efforts resulted in the identification of the "Late Filed Claim", and the "Insufficient Documentation Claim", as defined in the Objection and identified on Exhibits A and B to the Proposed Order.

3. The information contained in Exhibits A and B to the Proposed Order is true and correct to the best of my knowledge.

4. The Plan Trust has determined based upon a review of the claims docket and the claim identified on Exhibit A to the Proposed Order that such claim was filed after the deadline for filing that claim had passed, as set forth in the Bar Date Order and/or Notice of Effective Date of the Plan. Accordingly, the Plan Trust seeks to expunge and disallow in full the Late Filed Claim listed on Exhibit A to the Proposed Order.

5. The Plan Trust has determined based upon a review of the claims docket and the claim identified on Exhibit B to the Proposed Order that such claim was filed without sufficient supporting documentation and/or failed to allege facts sufficient to support the validity of the claim or the amount claimed therein. The Plan Trustee has made reasonable efforts to reconcile the Insufficient Documentation Claim against the Debtors' books and records and believe that the claim does not provide *prima facie* evidence of the validity of the amount claimed. Accordingly, the Plan Trust seeks to expunge and disallow in full the Insufficient Documentation Claim.

*[Signature page follows]*

01:12767578.1                              2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 8, 2012

*Eileen Wanerka*
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

# Exhibit II

**Certification of Counsel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          : Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                : Jointly Administered
    Debtors.                                                    :
                                                                :
---------------------------------------------------------------- x

**PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING
COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11
PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN
CONNECTION WITH THE PLAN TRUST'S ONE HUNDRED FOURTH OMNIBUS
(NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007,
AND LOCAL RULE 3007-1**

In connection with the Plan Trust's One Hundred Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection")[2], the undersigned counsel for the Plan Trustee hereby certifies that the Objection complies in all respects with Article 17 of the Debtors' confirmed Plan and the Confirmation Order. Specifically, the Plan Trustee has used reasonable efforts to contact Ira Ames, III [POC No. 10364], the borrower-claimant included in the Objection, in order to obtain additional information from the claimant, but the claimant failed to respond to the inquiries. Furthermore, the Plan Trustee has served the Objection on the borrower-claimant along with a notice that apprises the claimant of his right to appear

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

01:12767578.1

telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Plan Trustee will make reasonable efforts to notify this claimant as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: November 9, 2012
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Michael S. Neiburg
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*