IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   : Jointly Administered
    Debtors.                                                       :
                                                                   : Response Deadline: December 4, 2012 at 4:00 p.m. (ET)
                                                                   : Hearing Date: December 11, 2012 at 2:00 p.m. (ET)
------------------------------------------------------------------ x

**PLAN TRUST'S ONE HUNDRED FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to each of the claims and interests (the "Disputed Claims") listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests the entry of an order disallowing in full such Disputed Claims as described herein. In support of this Objection, the Plan Trust relies on the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12764233.1

Declaration of Eileen Wanerka in Support of the Plan Trust's One Hundred Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I. In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2. On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee"). On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4. On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan"). The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

**BAR DATE AND PROOFS OF CLAIM**

5. On August 17, 2007, this Court entered an order [Docket No. 222] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases. Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6. On October 30, 2007, this Court entered an order [Docket No. 1708] (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date. Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities. Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business. In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007. Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7. To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8. By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full the Disputed Claims listed in Exhibit A to the Proposed Order for the reasons set forth below. This Objection complies in all respects with Local Rule 3007-1.

A. **No Liability Claims**

9. After reviewing the claims identified in Exhibit A to the Proposed Order (the "No Liability Claims") and supporting materials as well as the Debtors' books and records, which the Plan Trust believes to be accurate, the Plan Trust has determined that the Debtors are not liable with respect to the No Liability Claims. Moreover, the Plan Trust cannot justify these claims as valid. Consequently, the Plan Trust believes the No Liability Claims identified in Exhibit A should be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims will result in the claimants receiving unwarranted recoveries against the Debtors' estates, to the detriment of creditors in these cases. Accordingly, the Plan Trust hereby objects to the No Liability Claims and requests entry of an order disallowing and expunging in full the No Liability Claims identified in Exhibit A.

**BORROWER CLAIMS**

10. A claim being addressed by the Objection is a "Borrower Claim" as that term is defined in the Plan. Specifically, the No Liability Claim filed by John Russell Griffin, as counsel to, and on behalf of, Kevin J. Johnson, Lolita R. Johnson, and Vivian Johnson (POC No. 3748), is a Borrower Claim. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. In accordance with Article 17 of the Plan, counsel to the Plan Trustee sent a letter to the borrower-claimants' counsel seeking consent to have the claim disallowed or otherwise have the claim withdrawn since the underlying

01:12764233.1

4

civil action (the "Underlying Litigation") upon which this Borrower Claim is based was dismissed with prejudice with respect to all parties, including the Debtor defendant entity. Counsel to these borrower-claimants responded that he did not disagree with the Plan Trustee's request, but he could not consent since he has had no contact with the claimants for several years. Counsel suggested that the Plan Trustee simply object to the claim and send a notice to the borrower-claimants' last known address. In light of: (i) the fact that the Underlying Action was dismissed with prejudice pursuant to a stipulation signed by counsel to all parties (including these borrower-claimants); and (ii) the efforts made by the Plan Trustee to comply with Article 17 of the Plan and the Confirmation Order in seeking a consensual resolution of these matters, the Plan Trustee requests a limited waiver of the strict requirements of Article 17 of the Plan and the Confirmation Order such that the Court would not require the Plan Trustee to make further efforts to obtain the borrower-claimants' prior consent to the relief requested in this Objection. A copy of the Objection, along with a copy of the Court's procedures regarding telephonic appearances, will be promptly delivered to the borrower-claimants' last known address. The Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which sets forth the foregoing efforts made by the Plan Trust to comply with the requirements of Article 17 of the Plan and the Confirmation Order.

## RESERVATION OF RIGHTS

11. The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

01:12764233.1

## NOTICE

12. The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) the holders of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit III</u>, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2012  YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Wilmington, Delaware

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :  Jointly Administered
    Debtors.                                                     :
---------------------------------------------------------------- x

**DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S
ONE HUNDRED FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1. I am the Director of Claims Administration for the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Plan Trust's One Hundred Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:12764233.1

2. Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC. These efforts resulted in the identification of the "No Liability Claims", as defined in the Objection and identified on <u>Exhibit A</u> to the Proposed Order.

3. The information contained in <u>Exhibit A</u> to the Proposed Order is true and correct to the best of my knowledge.

4. The Plan Trust has reviewed the No Liability Claims, related supporting documentation, and the Debtors' books and records and determined that they have no record of any liability on account of the claims identified in <u>Exhibit A</u> to the Proposed Order. Accordingly, to prevent the claimants from receiving unwarranted recoveries, the Plan Trust seeks to expunge and disallow in full the No Liability Claims.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 8, 2012

*/s/ Eileen Wanerka*
Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

# Exhibit II

**Certification of Counsel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                            :
                                                              :   Jointly Administered
     Debtors.                          :
                                                              :
------------------------------------------------------------- x

PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING
ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION
OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 AND REQUEST FOR A
LIMITED WAIVER OF STRICT COMPLIANCE WITH SUCH PROVISIONS IN
CONNECTION WITH THE PLAN TRUST'S ONE HUNDRED FIFTH OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF
THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007,
<u>AND LOCAL RULE 3007-1</u>

In connection with the Plan Trust's One Hundred Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "<u>Objection</u>"),[2] the undersigned counsel for the Plan Trustee hereby certifies that the Plan Trustee made reasonable efforts in connection with the Objection to comply with the requirements of Article 17 of the Debtors' confirmed Plan and the Confirmation Order. Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims. The No Liability Claim filed by John Russell Griffin,

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

01:12764233.1

as counsel to, and on behalf of, Kevin J. Johnson, Lolita R. Johnson, and Vivian Johnson (POC No. 3748), is a Borrower Claim.

The docket of the underlying civil action upon which that claim is based (the "Underlying Litigation") reflects that, on May 30, 2008, the District Court of Maryland approved a Stipulation of Dismissal,[2] pursuant to which the Underlying Litigation was dismissed with prejudice, in its entirety. The Stipulation of Dismissal had been signed by counsel to all parties to the Underlying Litigation, including counsel to the borrower-claimants. In accordance with Article 17 of the Plan, counsel to the Plan Trustee sent a letter to the borrower-claimants' counsel of record seeking consent to have the claim disallowed, or otherwise have the claim withdrawn, on the grounds that the Underlying Litigation was dismissed with prejudice with respect to all parties, including the Debtor defendant entity against which the claim is asserted. Counsel responded that he did not disagree with the Plan Trustee's request, but he could not consent since he has had no contact with the borrower-claimants for several years. Counsel suggested that the Plan Trustee simply object to the claim and send a notice to the borrower-claimants' last known address. Based on the foregoing, the Plan Trustee requests that the Court grant a limited waiver with respect to Article 17 of the Plan and the Confirmation Order, so that the Plan Trustee does not have to strictly comply with such provisions, and is not required to make further efforts to obtain the borrower-claimants' prior consent to the relief requested in the Objection. The undersigned counsel to the Plan Trustee submits that the requested limited waiver is appropriate given the aforementioned efforts and the fact that the claimants have stipulated to the dismissal with prejudice of the action upon which their claim is based.

---

[2] A copy of the referenced Stipulation of Dismissal can be made available to the Court or any party in interest upon request.

01:12764233.1

A copy of the Objection, along with a copy of the Court's procedures regarding telephonic appearances, will be promptly delivered to the borrower-claimants' last known address. To avoid the unnecessary multiplication of costs relating to telephonic appearances, the Plan Trustee will make reasonable efforts to notify these borrower-claimants as soon as practicable concerning any adjournment of the hearing on the Objection.

Dated: November 9, 2012  YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
       Wilmington, Delaware

/s/ Michael S. Neiburg
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*