# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x  Chapter 11
In re:                                                        :
                                                              :  Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :
a Delaware corporation, et al.,[1]                            :  Jointly Administered
                                                              :
                    Debtors.                                  :  **Ref. Docket No.: 10625**
                                                              :
------------------------------------------------------------- x

## ORDER APPROVING THE STIPULATION BY AND AMONG THE PLAN TRUSTEE, CITIBANK, N.A., AS TRUSTEE, AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, RESOLVING (I) CURE CLAIMS ASSERTED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LOAN SERVICING AGREEMENTS TO AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.) AND (II) CERTAIN PROOFS OF CLAIM

Upon consideration of the motion (the "Motion")[2] of the Plan Trustee for entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving the stipulation (the "Settlement Stipulation") by and among (i) the Plan Trustee, (ii) Citibank, N.A., in its capacity as successor trustee to U.S. Bank National Association with respect to Securitization Trust MASTR 2006-2 ("Trustee Citibank"), and (iii) U.S. Bank National Association, in its capacity as trustee for the Securitization Trusts, at all times that it served in such capacity, or such other capacities as it may have under the Trust

---

[1]  The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AHM Holdings (6303); AHM Investment, a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); AHM Corp., a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is P.O. Box 10550, Melville, New York, 11747.

[2]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

01:12218091.7

Documents (in all such capacities, "Trustee U.S. Bank" and, together with Trustee Citibank, the "Securitization Trustees" and each a "Securitization Trustee" and, together with Trustee Citibank and the Plan Trustee, the "Parties") and in its capacity as Custodian; and it appearing that the Settlement Stipulation and the relief requested in the Motion is in the best interests of the Plan Trust, and the Debtors' creditors and estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Settlement Stipulation, attached hereto as Exhibit 1, is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED that the Escrow Agent hereby is authorized and directed to pay $332,623 from the Cure Escrow to Trustee U.S. Bank within five (5) business days following entry of this Order, pursuant to wire instructions to be provided by Trustee U.S. Bank; and it is further

ORDERED that the U.S. Bank Proofs of Claim shall be treated as set forth in paragraph 3 and 4 of the Settlement Stipulation; and it is further

ORDERED that nothing in this Order or the Settlement Stipulation is intended, nor shall it be construed, to affect the Custodian Claim previously allowed by order of this Court; and it is further

ORDERED that the Plan Trustee and the Securitization Trustee are authorized and empowered to take all actions that are necessary or appropriate to effectuate the terms of the

Settlement Stipulation, including, but not limited to, distribution of funds to the Securitization Trusts; and it is further

ORDERED that the Beneficial Holders have had fair and reasonable notice of the Motion and this Order and a reasonable opportunity to object to the Motion; and it is further

ORDERED that the entry into the Settlement Stipulation by each Securitization Trustee, including without limitation the provisions providing for the application of the EPD/Breach Claims Protocol to estimate the remaining U.S. Bank Proofs of Claim not subject to the Pending Objections, is fair, prudent and reasonable and represents good, sufficient and sound business purposes and justification; and it is further

ORDERED that except to the extent that the Trust Documents expressly provide to the contrary, the Securitization Trustees will treat any distributions by the Plan Trust (the "Distributions") to each of the Securitization Trusts as subsequent recoveries in respect of previously suffered losses, determined as of a monthly determination date immediately preceding the date of such distributions (the "Determination Date"), and allocated *pro rata* in respect of all mortgage loans sold by the Debtors to each Securitization Trust, based on the amount of the loss on each such mortgage loan, as against the aggregate losses suffered on all such mortgage loans (e.g., if the Securitization Trust experienced total losses of $10,000,000 through the Determination Date on account of mortgage loans sold by a Debtor and received a Distribution of $100,000 from the Plan Trust, the Securitization Trust would be deemed to have received $.01 of subsequent recovery on account of each $1 of loss previously suffered on such mortgage loans); and it is further

ORDERED that all objections, including without limitation any objection of any Beneficial Holders or future Beneficial Holders to the Motion, and all portions thereof, that have

not been withdrawn, waived, or settled, and all reservations of rights in such objections, are hereby overruled on the merits; and it is further

ORDERED that this Order is final, binding, and effective on all current, former, and future Beneficial Holders as well as each Securitization Trustee or successors thereto; and it is further

ORDERED that each Securitization Trustee, on behalf of itself and any current or former affiliates, successors, assigns, officers, directors, shareholders, employees, agents, and attorneys (the "Trustee Parties"), and any Designated Distribution Agent that acts in reliance upon this Order, shall be and hereby is fully exculpated and shall have no liability to the Debtors' estates or to any Beneficial Holder or future Beneficial Holder or other interested parties (the "Enjoined Parties") arising out of, relating to, or in connection with the Approval Request or the Distributions; and it is further

ORDERED that all Enjoined Parties shall be, and hereby are, bound by this Order, and shall be permanently and irrevocably enjoined from commencing or continuing in any manner any action or proceeding against the Trustee Parties arising out of, relating to, or in connection with the Motion, the Distributions, or any actions taken or not taken in connection therewith; and it is further

ORDERED that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order; and it is further

01:12218091.7

ORDERED that any stay of this Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED, and the Order shall become effective immediately upon entry on the docket in this case.

Date:  Wilmington, Delaware
       November 14, 2012

*Christopher S. Sontchi*
United States Bankruptcy Judge