IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        : Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS,                              : Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,[1]                      :
                                                              : Jointly Administered
    Debtors.                                                  :
                                                              : Response Deadline: December 31, 2012 at 4:00 p.m. (ET)
                                                              : Hearing Date: January 7, 2013 at 10:00 a.m. (ET)
------------------------------------------------------------- x

## MOTION OF THE PLAN TRUSTEE FOR AN ORDER AUTHORIZING CLAIMS AGENT TO REFLECT CERTAIN CLAIMS THAT HAVE BEEN SATISFIED AS PAID IN FULL OR IN PART

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan")[1] in connection with the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby files this motion (the "Motion") pursuant to 11 U.S.C. § 105(a) and 502 and Rules 3001, 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing Epiq Bankruptcy Solutions, LLC (the "Claims Agent" or "Epiq"), the Debtors' court-approved claims and noticing agent, to reflect in its records that certain claims

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

01:12959206.1

(collectively, the "Satisfied Claims") listed in Exhibits A and B to the proposed order (the "Proposed Order"), a copy of which is attached hereto as **Exhibit 1**, were previously satisfied or paid in full or in part, and therefore are entitled to no additional distribution from the Debtors' estates or the Plan Trust for those amounts which have previously been paid. In support of the Motion, the Plan Trustee submits the Declaration of Eileen Wanerka, a copy of which is attached hereto as **Exhibit 2** and incorporated herein by reference, and respectfully represents as follows:

## GENERAL BACKGROUND

1. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

2. The Plan was confirmed under section 1129 of the Bankruptcy Code by order dated February 23, 2009 [D.I. 7042] (the "Confirmation Order"). The Plan became effective on November 30, 2010 (the "Effective Date").

3. Pursuant to the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

01:12959206.1

## RELEVANT BACKGROUND

a. **Employee-Related Relief**

4. On the Petition Date, the Debtors filed the Motion for an Order (A) Authorizing, But Not Directing, the Debtors to (I) Pay Certain Pre-Petition Wages, Compensation and Employee Benefits; (II) Continue Payment of Wages, Compensation and Employee Benefits in the Ordinary Course of Business; and (III) Pay Certain Unpaid Compensation to Terminated Employees; and (B) Authorizing and Directing Applicable Banks and Other Financial Institutions to Process and Pay All Checks Presented for Payment and to Honor all Transfer Requests Made By the Debtors Relating to the Foregoing [D.I. 9] (the "Employee Motion") and the Motion for Interim and Final Orders Authorizing Debtors to Implement Non-Insider Employee Retention Plan Pursuant to Sections 105, 363 and 503 of the Bankruptcy Code [D.I. 10] (the "Non-Insider Employee Retention Motion").

5. On August 7, 2007, the Court entered an order approving the Employee Motion [D.I. 69] (the "Employee Order") and authorizing the Debtors, *inter alia*, in the reasonable exercise of their business judgment, to (a) pay and honor certain Employee Obligations (as defined in the Employee Motion) as they became due and owing, up to the $10,950 priority limit established in section 507(a)(4) of the Bankruptcy Code and subject to any reduction under 507(a)(5) of the Bankruptcy Code (except with respect to accrued vacation time), and (b) pay and honor the Terminated Employee Obligations (as defined in the Employee Motion), up to the $10,950 priority limit established in section 507(a)(4) of the Bankruptcy Code and subject to any reduction under 507(a)(5) of the Bankruptcy Code.

6. On August 9, 2007, the Court entered an order approving a portion of the Non-Insider Employee Retention Motion [D.I. 112] (the "<u>Interim Non-Insider Employee Retention Order</u>") and authorizing the Debtors to, among other things, adopt and implement the Non-Insider Employee Retention Plan, provided that Retention Payments not exceed $600,000 in the aggregate. On August 24, 2007, the Court entered a final order approving in part the Non-Insider Employee Retention Motion [D.I. 355] (the "<u>Final Non-Insider Employee Retention Order</u>") and authorized the implementation of the Non-Insider Employee Retention Plan (as modified at the hearing to consider the final order), provided that Retention Payments not exceed $8.5 million in the aggregate. On November 14, 2007, the Court entered an order modifying certain terms of the Non-Insider Employee Retention Plan [D.I. 2001].

**b.    Schedules and Bar Dates**

7. On October 5, 2007, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 1335 - 1350] (as amended by 1820-1824, the "<u>Schedules</u>"). In the Schedules, the Debtors listed a number of employee claims representing certain prepetition amounts owed to the Debtors' employees, as reflected in the Debtors' books and records as of the Petition Date. In many instances, these employee claims, or a portion thereof, were scheduled as general unsecured priority claims pursuant to Section 507 of the Bankruptcy Code. The Debtors listed the employee claims as contingent, as it was expected that these claims would be paid pursuant to various employee-related orders.

8. By order dated October 30, 2007 (the "<u>Bar Date Order</u>"), the Bankruptcy Court established January 11, 2008 at 4:00 p.m. (prevailing Eastern Time) as the last date

and time for the filing of proofs of claim for prepetition claims in these chapter 11 cases (the "General Bar Date"). Pursuant to the Bar Date Order, the Bankruptcy Court required that "any entity holding a prepetition claim against the Debtors [was required to] file a proof of claim …on or before January 11, 2008." (Bar Date Order, ¶ 5). In addition, the Bankruptcy Court held that any entity which failed to abide by the Bar Date Order "shall not be treated as a creditor for purposes of voting upon, or receiving distributions under, any chapter 11 plan or plans in these chapter 11 cases in respect of that claim." (Bar Date Order, ¶ 15).

c. **Amended Schedules**

9. In the course of reviewing and resolving certain employee claims, the Plan Trustee has learned that there may have been a miscommunication among the Debtors' management and employees as to whether it was necessary for employees to file proofs of claim for any outstanding prepetition liabilities, despite the fact that such claims were clearly identified as "continent" in the Schedules.

10. Accordingly, concurrently herewith, the Plan Trustee has filed amendments to the Schedules (the "Amending Schedules") which, among other things, reflect corrected amounts owing as of the Petition Date and remove the "contingent" designation where appropriate. Although the Amending Schedules identify the amounts owing as of the Petition Date in accordance with bankruptcy law, many of these claims have been satisfied post-petition pursuant to employee-related and other orders of the Court or applicable law.

## JURISDICTION

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) and Bankruptcy Rules 3001, 3007 and 9014.

## RELIEF REQUESTED

13. The Plan Trustee, with the assistance of its professionals, has reviewed the Satisfied Claims and has determined that (i) the holders of the Satisfied Claims identified on Exhibit A to the Proposed Order have received one or more payments satisfying, in full, the obligations on account of the liabilities associated with the Satisfied Claims and (ii) the holders of the Satisfied Claims identified on Exhibit B to the Proposed Order have received one or more payments satisfying, in part, the obligations on account of the liabilities associated with the Satisfied Claims. Accordingly, the Plan Trustee seeks an order authorizing the Claims Agent to reflect in its records that the Satisfied Claims listed on Exhibit A to the Proposed Order have been satisfied in full and that the Satisfied Claims listed on Exhibit B to the Proposed Order have been satisfied in part to the extent set forth therein.

## BASIS FOR RELIEF

14. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liabilities. See 11 U.S.C. §§ 101(5), 101(10). By contrast, there is no right to payment – and therefore no claim – to the extent that the asserted liabilities already have been paid or otherwise are not due and owing by a debtor.

01:12959206.1

15. The Satisfied Claims subject to this Motion identify pre-petition liabilities for which the respective claimants have received payment in full or in part on a post-petition basis in accordance with the Bankruptcy Code, applicable rules or orders of this Court. Specifically, the claimants identified on <u>Exhibits A and B</u> to the Proposed Order are former employees of the Debtors who received one or more post-petition payments in full or partial satisfaction of amounts due and owing to such Claimants as of the Petition Date.

16. Given these post-petition payments by the Debtors or the Plan Trust, the claims have been either fully or partially satisfied. Failure to identify the respective Satisfied Claims as "satisfied" on the claims register in accordance with <u>Exhibits A and B</u> to the Proposed Order would result in the claimant receiving an unwarranted double recovery against the Debtors' estates.

Accordingly, the Claims Agent should be authorized to reflect in the Claims Register that such Satisfied Claims have been paid in full or in part as appropriate and to further reflect what, if any, amounts remain owing.

## **RESERVATION OF RIGHTS**

17. The Plan Trustee expressly reserves the right to amend, modify or supplement this Motion, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors or the Plan Trust. Should the relief requested herein be denied, the Plan Trustee reserves its right to amend its Schedules or object to the Satisfied Claims on any other ground that bankruptcy and non-bankruptcy law permits.

01:12959206.1

WHEREFORE, the Plan Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit 1**, authorizing the Claims Agent to reflect on the Claims Register that the Satisfied Claims listed on Exhibit A to the Proposed Order have been satisfied in full and that the Satisfied Claims listed on Exhibit B to the Proposed Order have been satisfied in part to the extent set forth therein.

Dated:  Wilmington, Delaware
        December 3, 2012

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/  Justin P. Duda
> Sean M. Beach (No. 4070)
> Justin P. Duda (No. 5478)
> Rodney Square
> 1000 North King Street
> Wilmington, Delaware 19801
> Telephone:   (302) 571-6600
> Facsimile:   (302) 571-1253
>
> -and-
>
> HAHN & HESSEN LLP
> Mark S. Indelicato
> Alison M. Ladd
> 488 Madison Avenue
> New York, New York 10022
> Telephone:   (212) 478-7200
> Facsimile:   (212) 478-7400
>
> *Co-Counsel for the Plan Trustee*