# EXHIBIT A

**No Liability Claims**

# Exhibit A

## No Liability Claims

| Name/Address of Claimant | Objectionable Claim: Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| BEAR STEARNS INTERNATIONAL LIMITED<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9026 | 1/11/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$386,500.00 (U)<br>$386,500.00 (T) | Claim relates to a certain TBMA/ISMA Global Master Repurchase Agreement, dated as of October 28, 2004 (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits and any related agreements and other documents, collectively, the "GMRA") between Bear Stearns International Limited ("BSIL") and debtor American Home Mortgage Investment Corp ("AHMIC"). The liquidated claim of $386,500 represents alleged amounts owed for legal costs, fees and expenses. The claim indicates that, as of January 11, 2008, BSIL held collateral in the amount of $201,000 (the "Excess Collateral") and that BSIL reserved its rights to assert claims for, among other things, liabilities, losses and damages. Based on an extensive investigation, the Plan Trustee believes that AHMIC has no liability to BSIL (or any successor in interest) on account of the claim since the aggregate total of: (i) the proceeds of BSIL's August 2007 sale of the notes and certificates it held in connection with the GMRA; (ii) accrued interest and July 2007 principal & interest payments received by BSIL in late August 2007 (such sums are to be credited to reduce AHMIC's repurchase obligations or increase the value of BSIL's sale proceeds); and (iii) the $10,224,632 in cash collateral held by BSIL, exceeds the sum total of AHMIC's repurchase obligations under the GMRA and the claimed $386,500 in fees, costs and expenses. Upon information and belief, BSIL has offset the claimed $386,500 against the cash collateral it held under the GMRA, so those amounts have been paid in full. Consequently, no amounts are owed to BSIL (or any successor in interest) and the claim should be disallowed in its entirety. The Plan Trustee further believes that the Excess Collateral (valued at $201,000, as alleged by BSIL) represents excess cash collateral that is not subject to setoff. The Plan Trustee reserves all rights to take any and all appropriate actions to recover any excess cash collateral held by BSIL (or any successor in interest). |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| BEAR STEARNS MORTGAGE CAPITAL CORP.<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9020 | 1/11/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$3,371,600.00 (U)<br>$3,371,600.00 (T) | Claim nos. 9020-9022 (each a "Claim" and collectively, the "Claims") are identical claims filed by Bear Stearns Mortgage Capital Corporation ("BSMCC") against debtors American Home Mortgage Corp. ("AHM Corp"), American Home Mortgage Investment Corp ("AHMIC"), and American Home Mortgage Acceptance, Inc ("AHMA"), respectively. Each Claim asserts a general unsecured claim in the liquidated amount of not less than $3,371,600 (representing alleged repurchase obligation deficiencies and purportedly unpaid principal & interest payments) against the applicable debtor entity in connection with a Whole Loan Master Repurchase Agreement dated as of June 23, 2004 (together with all amendments, the "MRA"). Collectively, AHM Corp, AHMIC and AHMA are "Sellers" under the MRA. None of these Debtors have any liability on account of the Claims since (i) BSMCC subsequently waived or otherwise released, among other claims, any claims for deficiencies in connection with the MRA, and (ii) the Debtors were contractually entitled to the claimed principal and interest payments.<br><br>Specifically, on October 22, 2007, BSMCC, EMC Mortgage Corporation, AHM Corp, AHMIC, AHMA and Debtor American Home Mortgage Servicing, Inc. (n/k/a AHM SV, Inc.) entered into a settlement agreement (the "Settlement Agreement") resolving adversary proceeding no. 07-51701. On November 5, 2007, the Court entered an order [D.I. 1796] approving the Settlement Agreement. Pursuant to paragraph 12 of the Settlement Agreement, BSMCC "release[d] and waive[d] all claims (as that term is defined in section 105(a) of the Bankruptcy Code), except claims related to principal and interest payments received by the Debtor-Defendants with respect to the Mortgage Loans....in each case limited to the Mortgage Loans, the Servicing Rights, and any of the other transactions contemplated by the [MRA]." (emphasis added). Accordingly, those portions of the Claims pertaining to a purported deficiency under the MRA and related legal expenses were waived by BSMCC pursuant to the Settlement Agreement.<br><br>With respect to the principal and interest payment portion of the Claims, Section 5 of the MRA provides in pertinent part that "all payments and distributions, whether in cash or in kind, made on or with respect to the Purchased Mortgage Loans shall, unless otherwise mutually agreed by [BSMCC] and [Sellers] and so long as an Event of Default on the part of [Sellers] shall not have occurred and be continuing, be paid directly to [Sellers]... (emphasis added) To the best of the Plan Trustee's knowlege, information and belief, none of the Debtor parties to the MRA were in default of the MRA during July 2007, which is the time period during which the |

Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | | | | | claimed principal and interest payments were received by those Debtors, so they were entitled to those funds in accordance with the terms of the MRA. The Plan Trustee further understands that the Debtors complied with the terms of the Settlement Agreement with respect to remitting any subsequently received principal and interest payments to BSMCC.<br><br>Based on the foregoing, the Claims should be disallowed in their entirety. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| BEAR STEARNS MORTGAGE CAPITAL CORP.<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9021 | 1/11/08 | 07-11048 | - (S)<br>- (A)<br>- (P)<br>$3,371,600.00 (U)<br>$3,371,600.00 (T) | Claim nos. 9020-9022 (each a "Claim" and collectively, the "Claims") are identical claims filed by Bear Stearns Mortgage Capital Corporation ("BSMCC") against debtors American Home Mortgage Corp. ("AHM Corp"), American Home Mortgage Investment Corp ("AHMIC"), and American Home Mortgage Acceptance, Inc ("AHMA"), respectively. Each Claim asserts a general unsecured claim in the liquidated amount of not less than $3,371,600 (representing alleged repurchase obligation deficiencies and purportedly unpaid principal & interest payments) against the applicable debtor entity in connection with a Whole Loan Master Repurchase Agreement dated as of June 23, 2004 (together with all amendments, the "MRA"). Collectively, AHM Corp, AHMIC and AHMA are "Sellers" under the MRA. None of these Debtors have any liability on account of the Claims since (i) BSMCC subsequently waived or otherwise released, among other claims, any claims for deficiencies in connection with the MRA, and (ii) the Debtors were contractually entitled to the claimed principal and interest payments.<br><br>Specifically, on October 22, 2007, BSMCC, EMC Mortgage Corporation, AHM Corp, AHMIC, AHMA and Debtor American Home Mortgage Servicing, Inc. (n/k/a AHM SV, Inc.) entered into a settlement agreement (the "Settlement Agreement") resolving adversary proceeding no. 07-51701. On November 5, 2007, the Court entered an order [D.I. 1796] approving the Settlement Agreement. Pursuant to paragraph 12 of the Settlement Agreement, BSMCC "release[d] and waive[d] all claims (as that term is defined in section 105(a) of the Bankruptcy Code), except claims related to principal and interest payments received by the Debtor-Defendants with respect to the Mortgage Loans....in each case limited to the Mortgage Loans, the Servicing Rights, and any of the other transactions contemplated by the [MRA]." (emphasis added). Accordingly, those portions of the Claims pertaining to a purported deficiency under the MRA and related legal expenses were waived by BSMCC pursuant to the Settlement Agreement.<br><br>With respect to the principal and interest payment portion of the Claims, Section 5 of the MRA provides in pertinent part that "all payments and distributions, whether in cash or in kind, made on or with respect to the Purchased Mortgage Loans shall, unless otherwise mutually agreed by [BSMCC] and [Sellers] and so long as an Event of Default on the part of [Sellers] shall not have occurred and be continuing, be paid directly to [Sellers]... (emphasis added) To the best of the Plan Trustee's knowlege, information and belief, none of the Debtor parties to the MRA were in default of the MRA during July 2007, which is the time period during which the |

Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | | | | | claimed principal and interest payments were received by those Debtors, so they were entitled to those funds in accordance with the terms of the MRA. The Plan Trustee further understands that the Debtors complied with the terms of the Settlement Agreement with respect to remitting any subsequently received principal and interest payments to BSMCC.<br><br>Based on the foregoing, the Claims should be disallowed in their entirety. |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| BEAR STEARNS MORTGAGE CAPITAL CORP.<br>ATTN GERALD J RUSSELLO<br>C/O BEAR STEARNS & CO. INC.<br>320 PARK AVENUE<br>NEW YORK, NY 10022 | 9022 | 1/11/08 | 07-11049 | - (S)<br>- (A)<br>- (P)<br>$3,371,600.00 (U)<br>$3,371,600.00 (T) | Claim nos. 9020-9022 (each a "Claim" and collectively, the "Claims") are identical claims filed by Bear Stearns Mortgage Capital Corporation ("BSMCC") against debtors American Home Mortgage Corp. ("AHM Corp"), American Home Mortgage Investment Corp ("AHMIC"), and American Home Mortgage Acceptance, Inc ("AHMA"), respectively. Each Claim asserts a general unsecured claim in the liquidated amount of not less than $3,371,600 (representing alleged repurchase obligation deficiencies and purportedly unpaid principal & interest payments) against the applicable debtor entity in connection with a Whole Loan Master Repurchase Agreement dated as of June 23, 2004 (together with all amendments, the "MRA"). Collectively, AHM Corp, AHMIC and AHMA are "Sellers" under the MRA. None of these Debtors have any liability on account of the Claims since (i) BSMCC subsequently waived or otherwise released, among other claims, any claims for deficiencies in connection with the MRA, and (ii) the Debtors were contractually entitled to the claimed principal and interest payments.<br><br>Specifically, on October 22, 2007, BSMCC, EMC Mortgage Corporation, AHM Corp, AHMIC, AHMA and Debtor American Home Mortgage Servicing, Inc. (n/k/a AHM SV, Inc.) entered into a settlement agreement (the "Settlement Agreement") resolving adversary proceeding no. 07-51701. On November 5, 2007, the Court entered an order [D.I. 1796] approving the Settlement Agreement. Pursuant to paragraph 12 of the Settlement Agreement, BSMCC "release[d] and waive[d] all claims (as that term is defined in section 105(a) of the Bankruptcy Code), except claims related to principal and interest payments received by the Debtor-Defendants with respect to the Mortgage Loans....in each case limited to the Mortgage Loans, the Servicing Rights, and any of the other transactions contemplated by the [MRA]." (emphasis added). Accordingly, those portions of the Claims pertaining to a purported deficiency under the MRA and related legal expenses were waived by BSMCC pursuant to the Settlement Agreement.<br><br>With respect to the principal and interest payment portion of the Claims, Section 5 of the MRA provides in pertinent part that "all payments and distributions, whether in cash or in kind, made on or with respect to the Purchased Mortgage Loans shall, unless otherwise mutually agreed by [BSMCC] and [Sellers] and so long as an Event of Default on the part of [Sellers] shall not have occurred and be continuing, be paid directly to [Sellers]... (emphasis added) To the best of the Plan Trustee's knowlege, information and belief, none of the Debtor parties to the MRA were in default of the MRA during July 2007, which is the time period during which the |

## Objectionable Claim

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | | | | | claimed principal and interest payments were received by those Debtors, so they were entitled to those funds in accordance with the terms of the MRA. The Plan Trustee further understands that the Debtors complied with the terms of the Settlement Agreement with respect to remitting any subsequently received principal and interest payments to BSMCC.<br><br>Based on the foregoing, the Claims should be disallowed in their entirety. |
| JOHNSON ET AL V. WHEELER, AMERICAN HOME MORTGAGE CORP ET AL NO. 06-CV-2196-PJM<br>JOHN R. GRIFFIN, HARTMAN & EGELI, LLP<br>116 DEFENSE HIGHWAY, SUITE 300<br>ANNAPOLIS, MD 21401 | 3748 | 11/29/07 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$1,000,000.00 (U)<br>$1,000,000.00 (T) | Claim is based a lawsuit then-pending in the District of Maryland (Case No. 06-cv-02196) (the "Underlying Litigation"). Pursuant to a Stipulation of Dismissal approved by the District Court of Maryland on May 30, 2008, the Underlying Litigation was dismissed with prejudice with respect to all parties, including AHM Corp. Based on the foregoing, the Claim should be disallowed. |
| **Totals:** | **5 Claims** | | | **- (S)**<br>**- (A)**<br>**- (P)**<br>**$11,501,300.00 (U)**<br>**$11,501,300.00 (T)** | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.