# **EXHIBIT A**

# **Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------------ x <br> In re: <br> <br> AMERICAN HOME MORTGAGE HOLDINGS, INC., <br> a Delaware corporation, et al.,[1] <br> <br>     Debtors. <br> <br> ------------------------------------------------------------------ x | Chapter 11 <br> <br> Case No. 07-11047 (CSS) <br> <br> Jointly Administered <br> <br> **Ref. Dkt Nos. 4828, 6460, 9636, 9637, 9640, 10273, 10274, and ___** |
| STEVEN D. SASS, as Plan Trustee of the <br> American Home Mortgage Plan Trust, <br> <br>     Plaintiff, <br> <br> v. <br> <br> IRON MOUNTAIN INCORPORATED <br> d/b/a IRON MOUNTAIN RECORDS MANAGEMENT, <br> <br>     Defendant. <br> ------------------------------------------------------------------ x | <br> <br> <br> <br> <br> <br> Adv. Proc. No. 09-51696 (CSS) <br> <br> **Ref. Dkt. No. ___** |
| STEVEN D. SASS, as Plan Trustee of the <br> American Home Mortgage Plan Trust, <br> <br>     Plaintiff, <br> <br> v. <br> <br> IRON MOUNTAIN OFF-SITE DATA PROTECTION <br> INC. d/b/a IM OFF SITE DATA PROTECTION, <br> <br>     Defendant. <br> ------------------------------------------------------------------ x | <br> <br> <br> <br> <br> <br> Adv. Proc. No. 09-51697 (CSS) <br> <br> **Ref. Dkt. No. ___** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 224 Sherwood Road, Farmingdale, NY 11735.

**ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE §§ 105(a), 1142, AND 362(d) (I) APPROVING THE STIPULATION BY AND AMONG THE PLAN TRUSTEE, IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, AND HOMEWARD RESIDENTIAL, INC. (F/K/A AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.)) RESOLVING CLAIMS RELATING TO THE DEBTORS' ACCOUNTS WITH IRON MOUNTAIN; AND (II) GRANTING RELIEF FROM STAY TO, AND AUTHORIZING DESTRUCTION OF CERTAIN DOCUMENTS HELD BY, IRON MOUNTAIN**

Upon consideration of the motion (the "Motion")[2] of the Plan Trustee for entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a), 1142, and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), (i) approving the stipulation attached as Exhibit 1 hereto (the "Settlement Stipulation") by and among the Plan Trustee, Iron Mountain Information Management, LLC (f/k/a Iron Mountain Information Management, Inc.) (collectively with its affiliated entities, "Iron Mountain"), and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)) ("Homeward" and, together with the Plan Trustee and Iron Mountain, the "Parties"), and (ii) granting related from stay to Iron Mountain and authorizing it to destroy the Baltimore Documents; and it appearing that the Settlement Stipulation and the relief requested in the Motion is in the best interests of the Plan Trust, and the Debtors' creditors and estates; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

ORDERED that the Settlement Stipulation is approved pursuant to sections 105(a), 1142, and 362(d) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED that the IM Cure Claim is hereby allowed in the aggregate amount of $50,000, and the Escrow Agent hereby is authorized and directed to pay $50,000 from the Cure Escrow to Iron Mountain within five (5) business days following entry of this Order, pursuant to wire instructions to be provided by Iron Mountain; and it is further

ORDERED that the Second Homeward Admin Request, the IM Admin Requests, and the IM Proof of Claim shall be treated as set forth in paragraphs 3, 5, and 7, respectively, of the Settlement Stipulation; and it is further

ORDERED that the automatic stay is hereby modified to the extent necessary to permit Iron Mountain to exercise its remedies with respect to the Baltimore Documents, and Iron Mountain is hereby authorized to destroy the Baltimore Documents, at its own cost, and to retain any proceeds from the sale of the resulting shredded materials, unless it receives current payment of all Storage Costs and Access Costs in accordance with paragraph 8 of the Settlement Stipulation,; and it is further

ORDERED that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order; and it is further

ORDERED that any stay of this Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED, and the Order shall become effective immediately upon entry on the docket in the above-captioned chapter 11 case and adversary proceedings.

Date:   Wilmington, Delaware
        _____, 2012          _____
                                        Christopher S. Sontchi
                                        United States Bankruptcy Judge

01:13008902.1

3

# EXHIBIT 1

# Settlement Stipulation

**EXECUTION VERSION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
    Debtors.                                                     :
                                                                 :
                                                                 :
---------------------------------------------------------------- x
STEVEN D. SASS, as Plan Trustee of the                           :
American Home Mortgage Plan Trust,                               :
                                                                 :
    Plaintiff,                                                   :
                                                                 :
v.                                                               :   Adv. Proc. No. 09-51696 (CSS)
                                                                 :
IRON MOUNTAIN INCORPORATED                                       :
d/b/a IRON MOUNTAIN RECORDS MANAGEMENT,                          :
                                                                 :
    Defendant.                                                   :
---------------------------------------------------------------- x
STEVEN D. SASS, as Plan Trustee of the                           :
American Home Mortgage Plan Trust,                               :
                                                                 :
    Plaintiff,                                                   :
                                                                 :
v.                                                               :   Adv. Proc. No. 09-51697 (CSS)
                                                                 :
IRON MOUNTAIN OFF-SITE DATA PROTECTION                           :
INC. d/b/a IM OFF SITE DATA PROTECTION,                          :
                                                                 :
    Defendant.                                                   :
---------------------------------------------------------------- x

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 224 Sherwood Road, Farmingdale, NY 11735.

**STIPULATION BY AND AMONG THE PLAN TRUSTEE, IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, AND HOMEWARD RESIDENTIAL, INC. RESOLVING ADVERSARY PROCEEDINGS, CURE CLAIM, AND ADMINISTRATIVE EXPENSE REQUESTS**

This stipulation (the "Stipulation") is entered into by Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, Iron Mountain Information Management, LLC (f/k/a Iron Mountain Information Management, Inc.) (collectively with its affiliated entities, "Iron Mountain"), and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)) ("Homeward" and, together with the Plan Trustee and Iron Mountain, the "Parties"), through their undersigned counsel.

## RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, prior to the Petition Date, certain of the Debtors contracted with Iron Mountain for the provision of document and data storage, and document shredding services, at various locations around the United States; the Debtors and Iron Mountain maintained several accounts (collectively, the "Iron Mountain Accounts"), including, but not limited to (i) the accounts numbered 55243.021501 (the "215 Account") and 04421.0M070K (the "M070K Account" and, together with the 215 Account, the "Disputed Accounts");

2

*The Servicing Sale and the IM Cure Claim*

WHEREAS, on the Petition Date, the Debtors filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts;

WHEREAS, on October 30, 2007, the Court entered an order [D.I. 1711] (the "Sale Order") approving the Sale Motion and authorizing the sale of the Servicing Business and the assumption and assignment of certain executory contracts (the "Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers"), one the one hand, and Homeward, on the other hand;

WHEREAS, the Assumed Contracts included a certain contract with Iron Mountain (the "Assumed IM Contract"); the Plan Trust contends that the Assumed IM Contract governs both of the Disputed Accounts; Homeward contends that the Assumed IM Contract governs only the 215 Account;

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of certain cure amounts in connection with the Assumed Contracts; the Cure Escrow is currently held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, on June 25, 2008, Iron Mountain filed its *Notice of Iron Mountain Information Management, Inc's Interim Cure Claim* [D.I. 4828] (the "IM Cure Claim"), asserting cure claims totaling $211,654.84 against the Debtors and/or Homeward;

*The IM Proof of Claim*

WHEREAS, on or about November 30, 2007, Iron Mountain filed proof of claim #3852 (the "IM Proof of Claim") against AHM Holdings, asserting claims totaling $95,579.29 secured, in part, by a warehouseman's lien on the documents stored in Iron Mountain's facilities;

*The Chapter 11 Plan*

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010 (the "Plan Effective Date"), at which time the Plan Trustee succeeded to the rights and obligations of the Debtors and their estates (as set forth in the Plan) with respect to, among other things, the IM Cure Claim, the IM Proof of Claim, the Second Motion to Compel (as defined below), and the Avoidance Actions (as defined below);

*The Avoidance Actions*

WHEREAS, on July 30, 2009, the Official Committee of Unsecured Creditors of the Debtors (the "Committee") commenced the above-captioned adversary proceedings (the "Avoidance Actions") seeking avoidance and recovery of approximately $147,000 transferred from the Debtors to Iron Mountain prior to the Petition Date;

*The IM Admin Requests*

WHEREAS, on December 20, 2007, Iron Mountain filed a motion to compel payment of administrative expenses [D.I. 2465] (the "Motion to Compel") consisting of $140,208.99 in postpetition invoices (through December 17, 2007) under the Iron Mountain Accounts, plus interest and fees;

WHEREAS, on January 7, 2008, the Debtors wired Iron Mountain $128,471.07 as partial payment of Iron Mountain's asserted administrative claim, subject to reservations of certain rights;

WHEREAS, on October 17, 2008, the Court approved a stipulation [D.I. 6275] between the Debtors and Iron Mountain resolving the Motion to Compel and outstanding payments for all services performed by Iron Mountain between the Petition Date and December 17, 2007; Iron Mountain was subsequently paid $7,500 pursuant to the stipulation and, accordingly, withdrew the Motion to Compel [D.I. 6479];

WHEREAS, on October 24, 2008, Iron Mountain filed a second motion to compel payment of administrative expenses [D.I. 6460] (the "Second Motion to Compel") consisting of $170,585.51 in postpetition invoices (from December 18, 2007, through September 22, 2008), plus interest, fees, and costs, under various Iron Mountain Accounts;

WHEREAS, on January 5, 2011, Iron Mountain filed requests for payment of alleged administrative expenses (collectively with the Second Motion to Compel, the "IM Admin Requests") with respect to (i) the 215 Account [D.I. 9637], in the amount of $17,139.85, plus continuing interest, fees, and costs; and (ii) the M070K Account [D.I. 9636], in the amount of $473,527.57, plus continuing interest, fees, and costs;

### *The Homeward Admin Requests*

WHEREAS, on May 23, 2008, Homeward filed a motion for allowance of an administrative expense claim of approximately $17 million for alleged breaches of the APA [D.I. 4233] (as subsequently amended by D.I. 5495, the "First Homeward Admin Request");

WHEREAS, the First Homeward Admin Request was resolved by that certain Release and Settlement Agreement between the Sellers and Homeward dated as of March 16,

2010 (the "Homeward-AHM Settlement Agreement"), which was approved by order of the Court on May 11, 2010 [D.I. 8844];

WHEREAS, on January 5, 2011, Homeward filed the *Request of American Home Mortgage Servicing, Inc., Formerly Known as AH Mortgage Acquisition Co., Inc., for Allowance and Payment of an Administrative Expense Claim* [D.I. 9640] (the "Second Homeward Admin Request"), asserting a contingent and unliquidated claim for indemnification for any amounts Homeward may be required to pay Iron Mountain relating to the M070K Account;

### The Contested Matters and the Settlement Term Sheet

WHEREAS, on December 12, 2011, the Plan Trust filed (i) an objection to the Second Homeward Admin Request [D.I. 10273] and (ii) an objection to the IM Cure Claim and the IM Admin Requests [D.I. 10274];

WHEREAS, on February 10, 2012, Homeward filed an objection to the IM Cure Claim and the IM Admin Requests [D.I. 10326];

WHEREAS, on May 31, 2012, the Plan Trust filed the *Plan Trust's Motion for an Order Authorizing the Abandonment of Certain Documents Held by Iron Mountain, to the Extent that the Plan Trust has any Interest Therein* [D.I. 10467] (the "Abandonment Motion");

WHEREAS, on June 22, 2012, Homeward filed a response to the Abandonment Motion [D.I. 10495], in which Homeward disputed the Plan Trust's contention that Homeward owned the documents subject to the Abandonment Motion;

WHEREAS, on June 28, 2012, Iron Mountain filed a response to the Abandonment Motion [D.I. 10506];

WHEREAS, on October 15, 2012, the Parties entered into a *Stipulated Scheduling Order* governing discovery with respect to the IM Cure Claim, the IM Admin Requests, the

Second Homeward Admin Request, and the Abandonment Motion, which was entered by the Court on October 16, 2012 [D.I. 10622] (as subsequently amended by D.I. 10653, the "Scheduling Order");

WHEREAS, the Parties desire to avoid costly litigation over the IM Cure Claim, the IM Admin Requests, the Second Homeward Admin Request, and the Abandonment Motion, and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Parties memorialized the material terms of such compromise in a term sheet on December 5, 2012 (the "Settlement Term Sheet"), subject to further documentation by means of this Stipulation;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness**. Except as otherwise provided herein, this Stipulation shall be effective upon entry of an order by the Court (the "Approval Order") (i) approving this Stipulation, and (ii) granting Iron Mountain relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code and authorizing Iron Mountain to destroy the documents stored by Iron Mountain in one or more locations in the Baltimore-Washington region under the M070K Account (the "Baltimore Documents"), at its own cost, and to retain any proceeds from

the sale of the resulting shredded materials, unless it receives current payment of all Storage Costs and Access Costs (as defined below) in accordance with paragraph 8 of this Stipulation.

2. **Approval Request.** After the execution of this Stipulation by all Parties, the Plan Trustee shall file with the Court a motion (the "Approval Request"), requesting entry of the Approval Order.

3. **Homeward-Iron Mountain Settlement Agreement.** This paragraph 3 shall be effective immediately upon execution of this Stipulation by all Parties. The Second Homeward Admin Request is hereby withdrawn, with prejudice. Homeward and Iron Mountain acknowledge that they have entered into that certain Settlement Agreement and Release of Claims dated December 13, 2012 (the "Homeward-Iron Mountain Settlement Agreement"), and that the Homeward-Iron Mountain Settlement Agreement was effective immediately upon execution thereof by Homeward and Iron Mountain, and is not in any way be contingent upon entry of the Approval Order.

4. **Allowed IM Cure Claim.** The IM Cure Claim shall be allowed in the aggregate amount of $50,000 (the "Allowed Cure Claim"). The Allowed Cure Claim shall be paid to Iron Mountain from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by Iron Mountain.

5. **Allowed IM Admin Claim.** The IM Admin Requests shall be allowed in the aggregate amount of $65,000 (the "Allowed Admin Claim"). The Allowed Admin Claim shall be paid to Iron Mountain by the Plan Trust within five (5) business days following entry of the Approval Order, by wire transfer or check as is customary for the Plan Trustee.

6. **Dismissal of Avoidance Actions.** The Avoidance Actions shall be dismissed with prejudice, with each side to bear its own costs and expenses. The Plan Trustee

shall file stipulations of dismissal in the Avoidance Actions memorializing the foregoing within five (5) business days following entry of the Approval Order.

7.  **The IM Proof of Claim.**  The IM Proof of Claim is hereby (i) withdrawn, with prejudice, to the extent it asserts general unsecured claims, and (ii) deemed satisfied in full, to the extent it asserts secured claims.

8.  **Baltimore Documents.**  Beginning December 1, 2012, Iron Mountain shall be entitled to payment (i) at the current contract rate for storage of the Baltimore Documents (but not including any charges relating to documents not actually present in Iron Mountain's facilities), but in no event more than $8,000 per month (the "Storage Costs"), and (ii) at its customary rates for on-site access to and retrieval/replacement of the Baltimore Documents ("Access Costs"), provided that Iron Mountain shall provide the Plan Trustee and his designee(s), on no less than two (2) business days' notice, free of charge, on-site access to the Baltimore Documents for up to two days as requested by the Plan Trustee, during which time the Plan Trustee and his designee(s) may retrieve/replace and inspect up to 10% of the Baltimore Documents, free of charge.  Prior to the hearing on the Approval Request, the Plan Trustee and Iron Mountain shall stipulate to, and file with the Court a notice of, the monthly Storage Costs and Iron Mountain's customary rates for Access Costs.  The Plan Trust shall pay Iron Mountain any Storage Costs accruing from December 1, 2012, until the Court has held a hearing to consider the Approval Request.

9.  **Release by Iron Mountain.**  Effective upon Iron Mountain's receipt of payment of the Allowed Cure Claim and the Allowed Admin Claim, Iron Mountain, on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any

nature that it may have against the Debtors, the Plan Trustee, the Plan Trust, or the Cure Escrow arising out of or relating to the Iron Mountain Accounts, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Notwithstanding the foregoing, Iron Mountain does **not** waive or release any claims allowed pursuant to, or otherwise arising under, this Stipulation.

10. **Release by Homeward.** Effective upon entry of the Approval Order, Homeward, on behalf of itself and any affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the Debtors, the Plan Trustee, the Plan Trust, or the Cure Escrow arising out of or relating to the Iron Mountain Accounts, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Notwithstanding the foregoing, Homeward does **not** waive or release any claims (i) allowed pursuant to, or otherwise arising under, this Stipulation, or (ii) that are identified on Exhibit C to the Homeward-AHM Settlement Agreement.

11. **Release by the Plan Trustee.** Effective upon entry of the Approval Order, the Plan Trustee, on behalf of himself, the Plan Trust, the Debtors, and each of their respective affiliates, successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against Iron Mountain or Homeward arising out of or relating to the Iron Mountain Accounts, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Notwithstanding the foregoing, the Plan Trustee does **not** waive or release any claims (i) allowed pursuant to, or otherwise arising under,

this Stipulation, or (ii) that are identified on <u>Exhibit C</u> to the Homeward-AHM Settlement Agreement.

13. **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

13. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

14. **Entire Agreement.** Except as otherwise provided in paragraph 3, this Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

15. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

16. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

17. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

18. **Execution in Counter-Parts**. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be

executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: Wilmington, Delaware
December 17, 2012

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

[Additional signature page follows]

Dated: Boston, Massachusetts
December 17, 2012

        BARTLETT HACKETT FEINBERG P.C.

        _____
        Frank F. McGinn, Esq.
        155 Federal Street, 9th Floor
        Boston, Massachusetts 02110
        Telephone: (617) 422-0200
        Facsimile: (617) 896-6275

        *Counsel for Iron Mountain*
        *Information Management, LLC*

Dated: Dallas, Texas
December 17, 2012

        JONES DAY

        _____
        Dan B. Prieto (TX 24048744)
        Basheer Ghorayeb (TX 24027392)
        2727 North Harwood Street
        Dallas, Texas 75201-1515
        Telephone: (214) 220-3939

        *Counsel for Homeward Residential, Inc.*

Dated: Boston, Massachusetts
December 17, 2012

        BARTLETT HACKETT FEINBERG P.C.

---

Frank F. McGinn, Esq.
155 Federal Street, 9th Floor
Boston, Massachusetts 02110
Telephone: (617) 422-0200
Facsimile: (617) 896-6275

*Counsel for Iron Mountain
Information Management, LLC*

Dated: Dallas, Texas
December 17, 2012

        JONES DAY

*/s/ Basheer Ghorayeb*
Dan B. Prieto (TX 24048744)
Basheer Ghorayeb (TX 24027392)
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939

*Counsel for Homeward Residential, Inc.*

13