# EXHIBIT B
# Summary of Responses to Abandonment Motion

| Responding Party | Nature of Response |
|---|---|
| Federal Home Loan Banks of Chicago, Indianapolis, and Boston ("FHLBs") | FHLBs have sued parties involved in issuance of private-label residential mortgage-backed securities ("RMBS") backed by American Home Mortgage ("AHM")-originated loans and believe they may need discovery of the documents to be abandoned.<br><br>FHLBs request that the Plan Trustee investigate and report back whether any of the documents to be abandoned relate to the following:<br><br>(a) Compliance with loan origination guidelines, including the compensation paid to loan originators or loan underwriters, and the identity of the most productive loan originators;<br><br>(b) Due diligence performed on the mortgages to confirm that they complied with underwriting guidelines;<br><br>(c) Property appraisals for the mortgages, including documents relating to any appraisers that were either black-listed or granted preferential treatment;<br><br>(d) Credit ratings of the RMBS identified by the FHLBs, including documents regarding the information provided to the rating agencies regarding the quality of AHM's mortgages or the process used to originate mortgages;<br><br>(e) Compliance with any state or federal predatory lending laws, including any steps taken to verify compliance; and<br><br>(f) Whether the borrower intended to occupy the property as his or her primary residence. |

| **Responding Party** | **Nature of Response** |
|---|---|
| Federal Deposit Insurance Corporation ("FDIC"), Federal Home Loan Bank of Seattle ("FHLBSea"), Federal Home Loan Bank of San Francisco ("FHLBSF") | In the context of pending or future litigation, FDIC, and FHLBSea and FHLBSF may "re-underwrite" loans originated by AHM which collateralize RMBS identified on the exhibit to the objection, using AHM's underwriting standards. Accordingly, they believe they will need documents relating to loans and underwriting standards, and they object to abandonment of documents that the Plan Trustee has not yet identified.<br><br>Also, they object to abandonment of "human resources documents" to the extent they would demonstrate retaliation by AHM against whistleblower employees questioning the improper loan origination practices. |
| National Credit Union Administration ("NCUA") | In the context of pending or future litigation, NCUA may "re-underwrite" loans originated by AHM which collateralize the RMBS identified by NCUA, using AHM's underwriting standards.<br><br>Accordingly, NCUA requests disclosure (a) whether the documents sought to be abandoned include applications for loans that were approved and funded, (b) the date(s) (by year) of any such loan applications, and (c) whether such applications were for loans which collateralize any of the RMBS identified by NCUA.<br><br>NCUA also objects to abandonment of "human resources documents" to the extent they would demonstrate retaliation by AHM against whistleblower employees questioning the improper loan origination practices. |
| Triad Guaranty Insurance Corporation ("Triad") | Objects to abandonment of any Triad-insured loan files, to the extent they currently exist, that are currently retained by the Plan Trust and not subject to prior orders authorizing abandonment/destruction of documents. |
| U.S. Bank National Association, as Trustee | Does not oppose the relief requested, provided that its servicers (including Homeward) have all the documents they need to service their loans, and that they have sufficient time to make arrangements with Iron Mountain to obtain such documents if not. |

| Responding Party | Nature of Response |
|---|---|
| Federal Housing Finance Agency ("FHFA") | FHFA previously issued two subpoenas to Homeward, covering:<br><br>• Documents used in connection with, and relating to the origination, underwriting and servicing of mortgage loans underlying specific RMBS.<br><br>• Copies of origination, underwriting and servicing policies, directives, guidelines or similar documents.<br><br>• Communications to or from the entity that originated loans underlying the RMBS identified in attachments.<br><br>• Servicing files, payment histories, collection notes, mortgage loan schedules and related documents maintained with respect to the mortgage loans underlying the RMBS listed in the subpoena attachments.<br><br>• Ratings, assessments, and/or evaluations of the RMBS identified in the subpoena attachments.<br><br>• Communications referring to relating to any rating, assessment, evaluation, or performance of the RMBS identified in subpoena attachments.<br><br>• Analyses of the performance and/or anticipated or expected performance of the RMBS identified in subpoena attachments.<br><br>FHFA contends that Homeward and the Plan Trustee should be required to investigate the documents to be abandoned and report to the Court that none are responsive to the subpoenas. |
| JPM Litigation Defendants ("JPM") | JPM objects to abandonment of any documents relating to the AHM-originated loans acquired by JPM that are the subject of the pending litigation with the Plan Trust, including any files requested in JPM's prior loan file return declarations [D.I. 9752, 9753, and 9754]. |

| Responding Party | Nature of Response |
|---|---|
| Massachusetts Mutual Life Ins. Co. ("Mass Mutual") | Mass Mutual has sued in connection with 15 issuances of RMBS, and to prove its case it believes it needs "actual loan documents for the underlying mortgage loans, including mortgage applications, credit reports, appraisals, and other information typically contained in loan files."<br><br>If Homeward is determined to own the documents at issue, Mass Mutual contends the Abandonment Motion should be denied as moot. If Homeward is not determined to be the owner of the documents, Mass Mutual requests deferral of ruling on the abandonment motion for 30 days. |