# **<u>EXHIBIT C</u>**

# **Settlement Term Sheet**

01:13008902.1

SUBJECT TO FRE 408

## AGREED TERMS OF SETTLEMENT

This term sheet (the "Term Sheet") outlines the agreement by and among:

(a) Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in the chapter 11 cases of American Home Mortgage Holdings, Inc., and certain affiliates (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

(b) Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)) ("HRI"); and

(c) Iron Mountain Information Management, LLC (f/k/a Iron Mountain Information Management, Inc.) (collectively with its affiliated entities, "Iron Mountain" and, together with the Plan Trustee and HRI, the "Parties");

in connection with the following:

(v) the cure claim filed in the Bankruptcy Cases by Iron Mountain on June 25, 2008 [D.I. 4828] (the "IM Cure Claim");

(w) the administrative expense requests filed in the Bankruptcy Cases by Iron Mountain on October 24, 2008 [D.I. 6460], and January 5, 2011 [D.I. 9639 & 9637] (collectively, the "IM Admin Claims");

(x) the administrative expense request filed in the Bankruptcy Cases by HRI on January 5, 2011 [D.I. 9640] (the "HRI Admin Claim");

(y) the Plan Trustee's motion in the Bankruptcy Cases to abandon certain documents held by Iron Mountain, to the extent the Plan Trust has any interest therein [D.I. 11047]; and

(z) certain related matters.

The terms set forth herein are subject to final documentation by the parties, and shall be memorialized in a stipulation (the "Stipulation") to be entered into by the Parties and approved by the Bankruptcy Court, and in such other ancillary documents as the Parties deem necessary or appropriate.

**I.     Restatement of HRI Account.** HRI shall identify by no later than December 31, 2012, which of the documents currently stored by Iron Mountain are owned by HRI (the "HRI Documents"). Iron Mountain and HRI shall enter into new statements of work pursuant to a new master service agreement and/or SOWs in respect of the HRI Documents and will assign these documents new account numbers by geographic location.

1

SUBJECT TO FRE 408

**II.     Payment by HRI.** HRI shall pay Iron Mountain $130,000 by no later than December 31, 2012, in full compromise settlement of all claims by Iron Mountain against HRI arising through and including November 12, 2012, which claims include but are not limited to all claims relating to the HRI Documents and any other accounts or services that Iron Mountain has alleged to be HRI's responsibility. HRI shall pay all post-November 12, 2012, charges relating to the HRI Documents in the ordinary course in accordance with the terms of its agreement(s) with Iron Mountain. HRI shall have no liability for any storage or other costs or claims associated with the Baltimore Documents (as defined below).

**III.    Payment by the Plan Trust.** The Plan Trust shall pay Iron Mountain $115,000 as soon as practicable following Bankruptcy Court approval of the Stipulation, in full compromise settlement of the IM Cure Claim and the IM Admin Claims.

**IV.    Costs Associated with the Baltimore Documents.** The term "Baltimore Documents" means the documents stored by Iron Mountain in one or more locations in the Baltimore-Washington region under the account numbered M070K. Beginning December 1, 2012, and continuing until the Bankruptcy Court has held a hearing to consider approval of the Stipulation, the Plan Trust shall pay Iron Mountain the current contract rate for storage of the Baltimore Documents (but not including any charges relating to documents not actually present in Iron Mountain's facility), but in no event more than $8,000 per month. If any objections to the destruction of the Baltimore Documents as set forth below are filed with the Bankruptcy Court, the Plan Trustee will request that the Bankruptcy Court establish procedures for review/retrieval of the Baltimore Documents by the objecting parties, with such parties to bear all related storage, staging, and retrieval/replacement costs.

**V.     Document Destruction.** The Plan Trustee's motion to approve the Stipulation shall request authority for Iron Mountain to destroy the Baltimore Documents. Upon receiving such authority, Iron Mountain shall promptly destroy the Baltimore Documents at its own cost, and it shall be entitled to retain any proceeds received from the sale of the shredded materials. Iron Mountain shall provide certification to the Plan Trust when such destruction has been completed.

**VI.    Inspection of Baltimore Documents.** After the signing of this Term Sheet, Iron Mountain shall provide the Plan Trustee and his designee(s), on no less than two (2) business days' notice, free of charge, on-site access to the Baltimore Documents for up to two days as requested by the Plan Trustee, during which time the Plan Trustee and his designee(s) may retrieve/replace and inspect up to 10% of the Baltimore Documents, free of charge. Iron Mountain shall provide on-site access to and retrieval/replacement of the Baltimore Documents to parties other than the Plan Trustee and his designee(s) at its customary rates.

**VII.   Mutual Releases.** The Parties shall release all claims against one another arising out of or relating to any accounts with Iron Mountain (including, but not limited to, the IM Cure Claim, the IM Admin Claims, the HRI Admin Claim, the pending avoidance action against Iron Mountain, and all proofs of claim filed by Iron Mountain in the Chapter 11 Cases), other than claims between Iron Mountain and HRI arising from and after November 13, 2012, relating to the HRI Documents. For the avoidance of doubt, claims between HRI, on the one hand, and the Debtors or the Plan Trust, on the other hand, that are identified on Exhibit C to the *Release and Settlement Agreement* dated March 16, 2010, by and among HRI, American Home Mortgage

2

SUBJECT TO FRE 408

Corp., American Home Mortgage Investment Corp., and AHM SV, Inc., shall not be released except insofar as such claims directly arise from or relate to accounts with Iron Mountain.

**VIII.   Documentation and Bankruptcy Court Approval.** After the signing of this Term Sheet, the Parties shall confer in good faith to finalize the Stipulation and related documentation, and to file a motion to approve the Stipulation by no later than December 17, 2012, so as to have the motion heard at the January 7, 2013, omnibus hearing in the Bankruptcy Cases.

Dated: December 5, 2012        **BARTLETT HACKETT FEINBERG P.C.**
**Boston, Massachusetts**

_____
Frank F. McGinn, Esq. (Mass. BBO No. 564729)
155 Federal Street, 9th Floor
Boston, Massachusetts 02110
Telephone: (617) 422-0200

*Counsel to Iron Mountain Information Management, LLC*

Dated: December __, 2012       **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
**Wilmington, Delaware**

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200

*Co-Counsel to the Plan Trustee*

Dated: December 5, 2012        **JONES DAY**
**Dallas, Texas**

_____
Dan B. Prieto (TX 24048744)
Basheer Ghorayeb (TX 24027392)
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939

3

**SUBJECT TO FRE 408**

*Counsel for Homeward Residential, Inc.*

4