IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | x | Chapter 11 |
| In re: | : | |
| | : | Case No. 07-11047 (CSS) |
| AMERICAN HOME MORTGAGE HOLDINGS, | : | |
| INC., a Delaware corporation, *et al.*, | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: January 7, 2013 at 10:00 AM (ET)** |
| | x | **Objection Date: January 3, 2013 at 11:00 AM (ET)** |
| | | **(extended by agreement)** |

## MASSMUTUAL'S LIMITED OBJECTION TO THE PLAN TRUSTEE'S MOTION APPROVING THE STIPULATION RESOLVING THE CLAIMS RELATING TO THE DEBTORS' ACCOUNTS WITH IRON MOUNTAIN

Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its attorneys, respectfully submits this Limited Objection to the Plan Trustee's Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code §§ 105(a), 1142, and 362(d) for an Order (I) Approving the Stipulation By and Among the Plan Trustee, Iron Mountain Information Management, LLC, and Homeward Residential, Inc. (F/K/A American Home Mortgage Servicing, Inc. (F/K/A AH Mortgage Acquisition Co., Inc.)) Resolving Claims Relating to the Debtors' Accounts With Iron Mountain; and (II) Granting Relief From Stay to, and Authorizing Destruction of Certain Documents Held By, Iron Mountain ("Motion")[1] (Dkt. No. 10697), pursuant to section 554(a) of title 11 of the United States Code and Rule 6007(a) of the Federal Rules of Bankruptcy Procedure. As set forth below, MassMutual respectfully requests that any order approving the Motion and authorizing the abandonment and destruction of documents be held in abeyance with respect to a limited set of documents that are potentially relevant to ongoing litigation involving MassMutual, to permit MassMutual (together with any other

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion.

objectors) and the Plan Trustee to finalize an agreement regarding the preservation of certain documents.

## BACKGROUND

1.    Between February 2, 2011 and December 29, 2011, MassMutual commenced 11 actions in the United States District Court for the District of Massachusetts arising from its purchases of residential mortgage-backed securities, including seven cases predicated in part upon a total of 15 securitizations of mortgage loans originated or acquired by Debtor American Home Mortgage Investment Corp. ("AHMIC"). *See MassMutual v. DB Structured Prods., Inc., et al.*, Case No. 11-30039-MAP; *MassMutual v. RBS Fin. Prods., Inc., et al.*, Case No. 11-30044-MAP; *MassMutual v. DLJ Mortg. Capital, Inc., et al.*, Case No. 11-30047-MAP; *MassMutual v. J.P. Morgan Chase Bank, N.A., et al.*, Case No. 11-cv-30094-MAP; *MassMutual v. Goldman Sachs Mortgage Co., et al.*, Case No. 11-cv-30126-MAP; *MassMutual v. Impac Funding Corp., et al.*, Case No. 11-30127-MAP; *MassMutual v. Countrywide Fin. Corp., et al.*, Case No. 11-30215-MAP (collectively, the "Massachusetts Cases").

2.    The 15 securitizations of AHMIC mortgage loans at issue in the Massachusetts Cases are: (1) American Home Mortgage Investment Trust, Series 2005-4; (2) American Home Mortgage Assets Trust, Series 2006-1; (3) American Home Mortgage Investment Trust, Series 2006-1; (4) American Home Mortgage Assets Trust, Series 2006-2; (5) American Home Mortgage Investment Trust, Series 2006-2; (6) American Home Mortgage Investment Trust, Series 2007-2; (7) Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AF1; (8) Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Series 2006-AR2; (9) Deutsche Alt-A Securities Inc., Mortgage Loan Trust, Series 2006-AR5; (10) ACE Securities Corp. Home Equity Loan Trust, Series 2007-SL1; (11) HarborView Mortgage Loan Trust, Mortgage Loan Pass-

Through Certificates, Series 2007-2; (12) CSAB Mortgage-Backed Trust, Series 2006-4; (13) Structured Asset Mortgage Investments II Trust, Series 2006-AR5; (14) Impac Mortgage Pass-Through Certificates, Series 2006-4; and (15) Banc of America Funding Corp., Mortgage Pass-Through Certificates, Series 2006-H (collectively, the "Certificates").

3.    In each of the Massachusetts Cases, MassMutual has alleged that the offering materials for the Certificates misrepresented the underwriting standards applicable to the underlying mortgage loans originated or acquired by AHMIC, along with certain characteristics of those loans. MassMutual has asserted claims against the underwriters of the Certificates and their control persons for violations of Section 410 of the Massachusetts Uniform Securities Act. The claims have survived motions to dismiss and are now the subject of discovery.

4.    In support of its assertions that the representations in the offering materials about the underlying mortgage loans and the applicable underwriting guidelines were materially misleading, MassMutual seeks discovery of the actual loan documents for the underlying mortgage loans, including mortgage applications, credit reports, appraisals, and other information typically contained in loan files. An on-site review by the Plan Trustee on December 18, 2012, revealed that approximately 600 of the 113,509 boxes of hard copy documents stored in seven separate cities under the M070K Account at issue in the Motion include loan documents that are potentially relevant to the Massachusetts Cases. MassMutual's Limited Objection concerns only those 600 boxes that appear to be relevant to the Massachusetts Cases (the "Relevant Iron Mountain Documents").

5.    The Plan Trustee and MassMutual are currently working on an agreement regarding the preservation of the Relevant Iron Mountain Documents. There may be other

objectors who also have an interest in preserving the Relevant Iron Mountain Documents; those objectors also may be part of an agreement on the Relevant Iron Mountain Documents.

## LIMITED OBJECTION

6.    MassMutual objects to the Motion to the extent it seeks authorization for the destruction of the Relevant Iron Mountain Documents.  MassMutual respectfully requests that to the extent any order approving the Motion provides for abandonment of documents by the Plan Trustee, and authorizes destruction of documents by Iron Mountain, such order should be held in abeyance with respect to the Relevant Iron Mountain Documents for forty-five (45) days to permit MassMutual (together with any other objectors) and the Plan Trustee to finalize an agreement regarding the preservation of Relevant Iron Mountain Documents.

## CONCLUSION

For the reasons set forth above, MassMutual respectfully requests that this Court the relief set forth in this Limited Objection and such other and further relief as the Court deems appropriate.

DATED:    January 3, 2013         SEITS, VAN OGTROP & GREEN, P.A.
          Wilmington, Delaware

By: /s/ R. Karl Hill
    R. Karl Hill  #2747
    222 Delaware Avenue, Suite 1500
    P.O. Box 68
    Wilmington, DE  19899
    Telephone:  (302) 888-0600
    Fax:  (302) 888-0606

    *Attorneys for Massachusetts Mutual Life
    Insurance Company*

4

Of counsel:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Fax (212) 849-7100

Eric Winston
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Fax (213) 443-3100

## CERTIFICATE OF SERVICE

I, R. Karl Hill, Esquire, certify that on January 3, 2013, I caused copies of the

foregoing *Objection* to be served upon the parties listed below as follows:

**VIA HAND DELIVERY**
Sean M. Beach, Esquire
Margaret Whitman Greecher, Esquire
Patrick A. Jackson, Esquire
Young, Conaway, Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801

**VIA FIRST CLASS MAIL**
Mark S. Indelicato, Esquire
Edward L. Schnitzer, Esquire
Hahn & Hessen LLP
488 Madison Avenue
New York NY  10022

**VIA HAND DELIVERY**
Mark Kenney, Esquire
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE  19801

/s/ R. Karl Hill

_____
R. Karl Hill, Esquire (#2747)

#2801 v1