# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC. a Delaware corporation, et al.,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Re: D.I. 10467, 10518 & 10697** |
| STEVEN D. SASS, as Plan Trustee of the American Home Mortgage Plan Trust,<br><br>  Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INCORPORATED d/b/a IRON MOUNTAIN RECORDS MANAGEMENT,<br><br>  Defendant. | Adv. Proc. No. 09-51696 (CSS)<br><br>**Re: D.I. 35** |
| STEVEN D. SASS, as Plan Trustee of the American Home Mortgage Plan Trust,<br><br>  Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN OFF-SITE DATA PROTECTION INC. d/b/a IM OFF SITE DATA PROTECTION,<br><br>  Defendant. | Adv. Proc. No. 09-51697 (CSS)<br><br>**Re: D.I. 35** |

## LIMITED OBJECTION TO PLAN TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE §§ 105(a), 1142 AND 362(d) FOR AN ORDER (I) APPROVING THE STIPULATION BY AND AMONG THE PLAN TRUSTEE, IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, AND

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 224 Sherwood Road, Farmingdale, NY 11735.

RLF1 7783510v.1

**HOMEWARD RESIDENTIAL, INC. (F/K/A AMERICAN HOME MORTGAGE SERVICING, INC (F/K/A AH MORTGAGE ACQUISITION CO., INC.)) RESOLVING CLAIMS RELATING TO THE DEBTORS' ACCOUNTS WITH IRON MOUNTAIN; AND (II) GRANTING RELIEF FROM STAY TO, AND AUTHORIZING DESTRUCTION OF CERTAIN DOCUMENTS HELD BY, IRON MOUNTAIN**

The Federal Housing Finance Agency ("FHFA" or the "Conservator"), in its capacity as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac") and the Federal National Mortgage Association ("Fannie Mae" and, together with Freddie Mac, the "Enterprises"), hereby files this limited objection[2] and reservation of rights (this "Limited Objection") to the *Plan Trustee's Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code §§ 105(a), 1142 and 362(d) for an Order (I) Approving the Stipulation by and Among the Plan Trustee, Iron Mountain Information Management, LLC, and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)) Resolving Claims Relating to the Debtors' Accounts with Iron Mountain, and (II) Granting Relief from Stay to, and Authorizing Destruction of Certain Documents Held by, Iron Mountain* [D.I. 10697; Adv. Pro. 09-51696 D.I. 35; Adv. Pro. 09-51697 D.I. 35] (the "Motion"). In support, the Conservator states as follows:

### BACKGROUND

1.    On May 31, 2012, Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the plan trust established pursuant to the chapter 11 liquidation plan confirmed in the above-captioned bankruptcy cases, filed the *Plan Trust's Motion for an Order Authorizing the Abandonment of Certain Documents Held by Iron Mountain, to the Extent that the Plan Trust Has Interest Therein* [D.I. 10467] (the "Abandonment Motion"), seeking an order permitting the

---

[2] This Limited Objection, which FHFA files in order to protect its statutory rights with respect to subpoenas not otherwise at issue in this bankruptcy proceeding, shall not be deemed an admission of or submission to the jurisdiction of this Court for any purpose.

2

Plan Trustee to abandon certain documents (the "Documents") held by Iron Mountain Information Management, LLC (collectively, with its affiliated entities, "Iron Mountain").

2. On July 5, 2012, FHFA filed an objection to the Abandonment Motion [D.I. 10518] (the "Abandonment Motion Objection") because certain of the Documents may contain information responsive to FHFA Subpoenas.[3] The information and arguments set forth in the Abandonment Motion Objection, a copy of which is attached hereto as <u>Exhibit A</u>, are incorporated herein by reference.

3. In addition to the Abandonment Motion Objection, several other parties filed objections to the Abandonment Motion, including other parties that may require access to the Documents for discovery purpose (together with FHFA, the "Abandonment Objectors"), Homeward Residential Inc. ("Homeward") [D.I. 10495] and Iron Mountain [D.I. 10506].

4. The Plan Trustee adjourned the Abandonment Motion while it negotiated a resolution of various issues with Iron Mountain and Homeward. As a result of these negotiations, it has entered into a settlement stipulation (the "Settlement Stipulation") with Homeward and Iron Mountain. The Motion seeks this Court's approval of the Settlement Stipulation and authority to abandon the Documents. Accordingly, approval of the Motion will moot the Abandonment Motion.

5. In connection with these negotiations and in an effort to resolve the Abandonment Objectors' concerns, the Plan Trustee agreed to maintain the Documents through and including January 7, 2013, the date of the hearing on the Motion, at which time it intends to abandon the Documents (subject to this Court's approval of such abandonment). Iron Mountain has further agreed to permit third parties, including FHFA and other Abandonment Objectors,

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Abandonment Motion Objection.

RLF1 7783510v.1

access to review the Documents. The Plan Trustee has identified approximately six hundred boxes of Documents which it believes may be relevant to the Abandonment Objectors' outstanding discovery requests (collectively, with any other Documents that are designated at any time, the "Designated Documents").

## LIMITED OBJECTION TO THE MOTION AND RESERVATION OF RIGHTS

6. Pursuant to this Limited Objection to the Motion, FHFA continues to reserve its rights with respect to the Designated Documents as well as any other Documents that may be responsive to the Subpoenas but that the Plan Trustee has not designated.

7. FHFA respectfully requests that to the extent the Court authorizes the Plan Trustee to abandon the Documents, such abandonment be held in abeyance through January 31, 2013 so that FHFA has an opportunity to review the Plan Trustee's inventory of the Documents and the Documents themselves, if FHFA determines that such review is necessary, to determine whether any additional Documents should be designated as potentially responsive to the Subpoenas.

8. FHFA further requests that to the extent the Court authorizes the Plan Trustee to abandon the Documents, the abandonment of any Designated Documents, including any Documents that are designated prior to January 31, 2013, be delayed a minimum of six months, with possible extension, following the entry of any order approving the Motion or the Abandonment Motion for FHFA to complete its review of the Designated Documents.

9. FHFA submits that its position is appropriate in order to allow adequate time to determine if there are subpoenaed materials in the Documents. Destruction of these Documents without adequate time to determine if such Documents are responsive to FHFA's valid subpoenas which were issued as part of FHFA's statutory mandate as Conservator for

Freddie Mac and Fannie Mae will prejudice FHFA in its obligation to collect monies due and owing to the insolvent Enterprises, and expose the subpoena recipients and their agents to violations of federal subpoenas. In contrast, the rights of the Plan Trustee, Homeward, Iron Mountain or any other creditors or interested parties, will not be prejudiced by the preservation of the Documents through the end of January 2013 and the subsequent preservation of Designated Documents until the review of such Designated Documents is completed.

**WHEREFORE**, FHFA respectfully requests that the Court modify the relief requested in the Motion to delay the abandonment of (i) the Documents through January 31, 2013 and (ii) the Designated Documents for a minimum of six months from the entry of any order authorizing the Plan Trustee to abandon the Documents.

Dated: January 3, 2013
Wilmington, Delaware

/s/ *Amanda R. Steele*
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
steele@rlf.com

- and, of counsel -

Eric B. Bruce
Scott K. McCulloch
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Attorneys for the Federal Housing Finance Agency, As Conservator*