# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                        :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                              :
                                                              :   Jointly Administered
       Debtors.                                               :
                                                              :   Ref. Dkt Nos. 10467 and 10697
                                                              :
                                                              :
------------------------------------------------------------- x
STEVEN D. SASS, as Plan Trustee of the                        :
American Home Mortgage Plan Trust,                            :
                                                              :
       Plaintiff,                                             :
                                                              :
v.                                                            :   Adv. Proc. No. 09-51696 (CSS)
                                                              :
IRON MOUNTAIN INCORPORATED                                    :   Ref. Dkt. No. 35
d/b/a IRON MOUNTAIN RECORDS MANAGEMENT,                       :
                                                              :
       Defendant.                                             :
------------------------------------------------------------- x
STEVEN D. SASS, as Plan Trustee of the                        :
American Home Mortgage Plan Trust,                            :
                                                              :
       Plaintiff,                                             :
                                                              :
v.                                                            :   Adv. Proc. No. 09-51697 (CSS)
                                                              :
IRON MOUNTAIN OFF-SITE DATA PROTECTION                        :   Ref. Dkt. No. 35
INC. d/b/a IM OFF SITE DATA PROTECTION,                       :
                                                              :
       Defendant.                                             :
------------------------------------------------------------- x
```

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 224 Sherwood Road, Farmingdale, NY 11735.

01:13072263.2

## DECLARATION OF SCOTT MARTINEZ IN SUPPORT OF THE PLAN TRUSTEE'S MOTION TO ABANDON CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN AND MOTION TO APPROVE SETTLEMENT STIPULATION WITH IRON MOUNTAIN AND HOMEWARD RESIDENTIAL

I, Scott Martinez, pursuant to 28 U.S.C. § 1746, declare:

1.   I am currently employed by Zolfo Cooper, LLC ("ZC"), the financial advisor to the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan"). As a Director with ZC, and in connection with its retention by the Debtors and the Plan Trust, I am responsible for, among other things, assisting with resolving disputes, including litigation and the claims reconciliation process. As a result of my tenure with the Debtors and the Plan Trust, my review of public and non-public documents, and my discussions with employees and outside professionals of the Debtors and the Plan Trust, I have gained a working knowledge of the Debtors' business, policies and procedures, and books and records. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have gained knowledge of such matters from the Debtors' and the Plan Trust's employees and retained advisors that report to me in the ordinary course of my responsibilities. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

2.   I submit this Declaration in support of (i) the *Plan Trust's Motion for an Order Authorizing the Abandonment of Certain Documents Held by Iron Mountain, to the Extent the Plan Trust Has Any Interest Therein* filed May 31, 2012 [D.I. 10467] (the "Abandonment Motion"), and (ii) the *Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code §§ 105(a), 1142, and 362(d) for an Order (I) Approving the Stipulation by and Among the Plan Trustee, Iron Mountain Information Management, LLC, and Homeward Residential, Inc. (f/k/a*

01:13072263.2

*American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)), Resolving Claims Relating to the Debtors' Accounts with Iron Mountain, (II) Granting Relief from Stay to, and Authorizing the Destruction of Certain Documents Held by, Iron Mountain* filed December 17, 2012 [D.I. 10697; Adv. D.I. 35] (the "Settlement Motion" and, collectively with the Abandonment Motion, the "Motions"). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Motion.

3. This Declaration is intended to provide additional factual information regarding the nature of the Baltimore Documents, based upon a review of a sampling of the Baltimore Documents conducted by me, the Plan Trustee, Eileen Wanerka, and Jason Burzenski on December 18, 2012.

4. On June 28, 2012, Iron Mountain filed a response to the Abandonment Motion [D.I. 10506] (the "Iron Mountain Response") in which it identified 113,508 boxes of documents it asserted were owned either by the Plan Trust or by Homeward. Iron Mountain's pleading indicated that (i) 2,260 of these boxes were located in Atlanta and were stored under an account number ending "TS421," (ii) 38,399 of these boxes were located in Los Angeles and were stored under an account number ending "FX042," and (iii) the remainder of the boxes were located in Baltimore (17,492 boxes), Jacksonville (253 boxes), Los Angeles (41,487 boxes), New Jersey (8 boxes), or Dallas (13,609 boxes) and were stored under the M070K Account. The Debtors have no record of any account numbered "TS421" or "FX042," or any account based in Atlanta, Los Angeles, Jacksonville, or Dallas.

5. On August 29, 2012, I received an Excel file from Iron Mountain titled "AHM Inventory Report SR 90706349.xslx" (the "Excel Spreadsheet"), in response to the Plan Trust's request for an inventory of all documents stored by Iron Mountain under the

01:13072263.2

M070K Account. I understand that the Excel Spreadsheet was kept in the ordinary course of Iron Mountain's business and that the data in the Excel Spreadsheet regarding the documents was provided by, or derived from information provided by, persons with knowledge of the documents. I also understand that the Excel Spreadsheet was an updated version of the business record upon which the inventory of documents stored under the M070K Account set forth in the Iron Mountain Response was based. In addition to the boxes identified in the Iron Mountain Response, the Excel Spreadsheet identified a single box located in Minneapolis. As set forth in the Settlement Motion (at 14 n.6), the Plan Trust requested transfer of the New Jersey and Minneapolis boxes to Iron Mountain's the Baltimore-area facilities. Accordingly, the term "Baltimore Documents" as used in the Settlement Motion and herein comprises the documents shown in the Excel Spreadsheet as located in Baltimore, New Jersey, and Minneapolis.

6. On November 12, 2012, representatives of and counsel for the Plan Trust, Homeward, and Iron Mountain met in Atlanta, Georgia to discuss the IM Cure Claim, the IM Admin Requests, the Second Homeward Admin Request, the Abandonment Motion, and related issues. I was present at this meeting, as was the Plan Trustee. Based on the information exchanged at this meeting, it was established that all of the documents in Atlanta, Los Angeles, Jacksonville, and Dallas belonged either to Homeward or to one or more other non-AHM affiliated, non-debtor entities, and that the only documents in which the Plan Trust arguably may have an interest are the Baltimore Documents. I understand that Homeward identified the documents in which it acknowledged having an interest in the context of the Homeward-Iron Mountain Settlement Agreement, and that new account agreements were negotiated between Homeward and Iron Mountain with respect to these documents. Accordingly, I understand that

neither Iron Mountain nor Homeward contest that the Baltimore Documents are the only documents in which the Plan Trust arguably may have an interest.

7. The data in the Excel Spreadsheet includes, among other things, the date a box was received by Iron Mountain and, for certain boxes: (i) the date range of documents in the box, (ii) the name of the department to which the documents relate, (iii) "major" and "minor" descriptions of the documents, and (iv) the date the box was last accessed. Based on this data, among other things, I do not believe the Baltimore Documents are necessary for the remaining business of the Plan Trust. Accordingly, I believe that (i) the Baltimore Documents are of inconsequential value and benefit to the Plan Trust, and (ii) the Baltimore Documents would be burdensome to the Plan Trust in the event that the Plan Trust were determined to be responsible for the costs of storing or disposing of them.

8. Ten objections have been submitted in response to the Abandonment Motion. In general, the objecting parties appear concerned with the preservation of documents relating to the Debtors' prepetition loan underwriting practices and certain loans originated by the Debtors in 2004 or later. I believe that if the Plan Trust were called upon to locate and produce such documents (e.g., in response to a validly issued subpoena), the Plan Trust would look to sources other than the Baltimore Documents.

9. On December 18, 2012, I visited the Iron Mountain storage location at 8230 Patuxent Road, Jessup, Maryland 20794 with the Plan Trustee and two employees of the Plan Trust (Eileen Wanerka and Jason Burzenski, each of whom was formerly employed by the Debtors). From 8:30 a.m. to 5:00 p.m., we reviewed a number of Baltimore Documents from among the sampling of boxes that had been identified by the Plan Trust and requested from Iron Mountain for review.

10. The scope of this sampling was determined in light of the objections to the Abandonment Motion, using the data in the Excel Spreadsheet to exclude from review boxes that were not reasonably likely to contain documents responsive to the objecting parties' concerns. The criteria used to exclude boxes, and the number of boxes excluded from the Baltimore Documents by reason of the application of such criteria, are as follows:

    a. all boxes received by Iron Mountain (column S in the Excel Spreadsheet) prior to 2004 (excluded 14,689 boxes);

    b. all boxes with a "To Date" (column U in the Excel Spreadsheet) prior to 2004 (excluded 518 boxes);

    c. all boxes with a "Department Name" (column H in the Excel Spreadsheet) that did not include one of the following: "Bankruptcy and Foreclosure," "Human Resources and Training," "Project Review," "Quality Control," and "Unknown" (excluded 1,187 boxes);

    d. all boxes with a "Major" description (column AD in the Excel Spreadsheet) that included one of the following: (i) daily cash balancing and posting; (ii) lockbox accounts; (iii) accounts payable, expenses, or payroll; BCBS; GNMA; (iv) Columbia National, Inc. ("CNI") (which was a predecessor to the Debtor AHM SV, Inc.); (v) Paine Weber (which was a predecessor to CNI); (vi) closed foreclosure files, closed loss mitigation files, closed loans and closed real-estate owned ("REO") files; and (vii) documents described by date which predate 2004 (excluded 469 boxes); and

    e. all boxes with a "Minor" description (column AE in the Excel Spreadsheet) that included one of the following: (i) documents described by date, which predate 2004; (ii) daily cash balancing and posting; (iii) lockbox accounts; and (iv) benefits (Metlife and Liberty) (excluded 26 boxes).

11. The Plan Trust requested that the following boxes be made available for inspection and review on December 18: (i) the 603 boxes remaining after application of the foregoing criteria (545 of which were provided by Iron Mountain and reviewed on December 18), (ii) the eight boxes formerly located in New Jersey (all of which were provided by Iron Mountain and reviewed on December 18), (iii) the one box formerly located in Minneapolis

(which was provided by Iron Mountain and reviewed by the Plan Trust subsequent to December 18), and (iv) 43 additional boxes (which were provided by Iron Mountain and reviewed on December 18), comprising a random 1% or 1-box sample (as applicable) of boxes that were excluded by means of each of the criteria (b)-(e) in the foregoing paragraph, as well as a random 20-box sample of boxes that were excluded by means of the criterion (a) in the foregoing paragraph.

12. The procedure used by me and my team to review the sampled documents on December 18 was as follows:

> a. pull a box from the pallet of boxes made available for inspection and review by Iron Mountain;
>
> b. match the box number on the Excel Spreadsheet to the number on the box;
>
> c. confirm the date received by Iron Mountain on the box matches the date received by Iron Mountain in the Excel Spreadsheet;
>
> d. confirm the "From Date" and "To Date" in/on the box match those in the Excel Spreadsheet;
>
> e. confirm the "Major" and "Minor" descriptions in/on the box match those in the Excel Spreadsheet;
>
> f. determine whether the information on the Excel Spreadsheet is consistent with the contents of the boxes;
>
> g. if the information on the Excel Spreadsheet is inconsistent with the contents of the boxes, document the differences;
>
> h. if the Excel Spreadsheet did not have any information in the "Major" or "Minor" description fields, document the contents of the boxes and any other relevant information; and
>
> i. close the box and put it onto a new pallet for return to the warehouse.

The box that was located in Minneapolis was sent to the Plan Trust's office in New York and reviewed by Eileen Wanerka on January 2, 2013.

13. Based upon the foregoing review by me and my team, I believe that the data provided in the Excel Spreadsheet was accurate, with the exception only of the following, minor discrepancies (along with number of boxes affected):

   a. error in the "Receipt Date" (illegible, incorrect, or not stated) (19 boxes);

   b. incorrect "To Date" or "From Date" (3 boxes);

   c. typos in the "Major" descriptions (e.g., "box 11" vs. "box 10," or "Inma" vs. "FNMA") (4 boxes), and "Major" descriptions that did not include all data contained in the box (2 boxes);

   d. "Minor" descriptions had numbers transposed or were not all-inclusive (2 boxes); and

   e. the Minneapolis box was found to contain recorded mortgages originated by non-AHM affiliated, non-debtor third parties.

14. I also believe that the review conducted by me and my team confirms that (i) the Baltimore Documents are of inconsequential value and benefit to the Plan Trust, and (ii) the Baltimore Documents would be burdensome to the Plan Trust in the event that the Plan Trust were determined to be responsible for the costs of storing or disposing of them.

01:13072263.2

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Melville, New York
January 3, 2013

_____
Scott Martinez

01:13072263.2