# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ------------------------------------------------------------ x | |
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
|  | Ref. Dkt Nos. 4828, 6460, 9636, 9637, 9640, 10273, 10274, 10467, 10697 and 10707 |
| ------------------------------------------------------------ x | |
| STEVEN D. SASS, as Plan Trustee of the American Home Mortgage Plan Trust, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 09-51696 (CSS) |
| IRON MOUNTAIN INCORPORATED d/b/a IRON MOUNTAIN RECORDS MANAGEMENT, | Ref. Dkt. No. 35 |
| Defendant. | |
| ------------------------------------------------------------ x | |
| STEVEN D. SASS, as Plan Trustee of the American Home Mortgage Plan Trust, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 09-51697 (CSS) |
| IRON MOUNTAIN OFF-SITE DATA PROTECTION INC. d/b/a IM OFF SITE DATA PROTECTION, | Ref. Dkt. No. 35 |
| Defendant. | |
| ------------------------------------------------------------ x | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 224 Sherwood Road, Farmingdale, NY 11735.

**ORDER PURSUANT TO BANKRUPTCY RULES 9019 AND 6007(a), BANKRUPTCY CODE §§ 105(a), 1142, 362(d) AND/OR 554(a) (I) APPROVING THE STIPULATION BY AND AMONG THE PLAN TRUSTEE, IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, AND HOMEWARD RESIDENTIAL, INC. (F/K/A AMERICAN HOME MORTGAGE SERVICING, INC. (F/K/A AH MORTGAGE ACQUISITION CO., INC.)) RESOLVING CLAIMS RELATING TO THE DEBTORS' ACCOUNTS WITH IRON MOUNTAIN; (II) GRANTING RELIEF FROM STAY TO, AND AUTHORIZING DESTRUCTION OF CERTAIN DOCUMENTS HELD BY, IRON MOUNTAIN; AND (III) AUTHORIZING THE ABANDONMENT OF CERTAIN DOCUMENTS HELD BY IRON MOUNTAIN, TO THE EXTENT THE PLAN TRUST HAS ANY INTEREST THEREIN**

Upon consideration of the motion (the "Settlement Motion")[2] of the Plan Trustee for entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a), 1142, and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), (i) approving the stipulation attached as Exhibit 1 hereto (the "Settlement Stipulation") by and among the Plan Trustee, Iron Mountain Information Management, LLC (f/k/a Iron Mountain Information Management, Inc.) (collectively with its affiliated entities, "Iron Mountain"), and Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.)) ("Homeward" and, together with the Plan Trustee and Iron Mountain, the "Parties"), and (ii) granting relief from stay to Iron Mountain and authorizing it to destroy the Baltimore Documents, as set forth in this Order; as well as the motion (the "Abandonment Motion," and together with the Settlement Motion, the "Motions") of the Plan Trustee for entry of an order, pursuant to sections 105(a), 1142(a) and/or 554(a) of the Bankruptcy Code, and Bankruptcy Rule 6007(a), authorizing the Plan Trustee to abandon the Baltimore Documents, as set forth in this Order, to the extent the Plan Trust has any

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Settlement Motion.

01:13008902.9

2

interest therein; and it appearing that the Settlement Stipulation and the relief requested in the Motions are in the best interests of the Plan Trust, and the Debtors' creditors and estates; and it appearing that the Court has jurisdiction to consider the Motions and the relief requested therein; and due notice of the Motions having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motions are GRANTED as set forth herein; and it is further

ORDERED that, for purposes of this Order, (i) the term "Designated Parties" refers to the following parties: National Credit Union Administration; Triad Guaranty Insurance Corporation; U.S. Bank National Association, as Trustee; the JPM Litigation Defendants; Federal Deposit Insurance Corporation, as Receiver for certain failed banks ("FDIC"); Federal Home Loan Bank of Seattle; Federal Home Loan Bank of San Francisco; Federal Home Loan Bank of Chicago; Federal Home Loan Bank of Indianapolis; Federal Home Loan Bank of Boston; Massachusetts Mutual Life Insurance Company; and Federal Housing Finance Agency, as Conservator for Fannie Mae and Freddie Mac ("FHFA"); and (ii) the term "Designated Documents" refers to the Baltimore Documents identified in Exhibit 2 to this Order; and it is further

ORDERED that the Settlement Stipulation, as modified by this Order, is approved pursuant to sections 105(a) and 1142 of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED that the IM Cure Claim is hereby allowed in the aggregate amount of $50,000, and the Escrow Agent hereby is authorized and directed to pay $50,000 from the Cure

Escrow to Iron Mountain within five (5) business days following entry of this Order, pursuant to wire instructions to be provided by Iron Mountain; and it is further

ORDERED that the Second Homeward Admin Request, the IM Admin Requests, and the IM Proof of Claim shall be treated as set forth in paragraphs 3, 5, and 7, respectively, of the Settlement Stipulation, provided that the Allowed Admin Claim set forth in paragraph 7 of the Settlement Stipulation shall be in the amount of $80,538.79; and it is further

ORDERED that the Plan Trust is authorized to immediately abandon any and all Baltimore Documents other than the Designated Documents without further notice or hearing; and it is further

ORDERED that, effective May 16, 2013, and absent further order of this Court, the Plan Trust shall be authorized to abandon any and all Designated Documents without further notice or hearing; and it is further

ORDERED that, from and after the date of abandonment of any Baltimore Documents in accordance with this Order, the Plan Trust shall have no liability to any person arising from or relating to the Baltimore Documents; and it is further

ORDERED that Iron Mountain is hereby authorized to destroy the Baltimore Documents other than the Designated Documents, at its own cost, and Iron Mountain shall be entitled to retain any proceeds from the sale of the resulting shredded materials; and it is further

ORDERED that, effective May 16, 2013, and absent further order of this Court, Iron Mountain shall be authorized to destroy the Designated Documents, at its own cost, and Iron Mountain shall be entitled to retain any proceeds from the sale of the resulting shredded materials; and it is further

ORDERED that Iron Mountain shall notify the Plan Trust when it completes the destruction of documents in accordance with the foregoing two paragraphs; and it is further

ORDERED that, subject to the following two paragraphs, the Designated Parties (including the employees, agents, and consultants for each party) are hereby authorized to review, inspect, and copy the Designated Documents, and any electronic images thereof received by the Plan Trustee after the date of entry of this Order, without need for formal legal process, provided that Del. Bankr. L.R. 9018-1(d) shall be deemed to apply to the Designated Documents, which shall be kept confidential by the Designated Parties and, absent an order of a court of competent jurisdiction authorizing or compelling disclosure, shall be disclosed only to members and employees of the law firms representing the Designated Parties, and provided further that the foregoing confidentiality proviso, including the review restrictions and Del. Bankr. L.R. 9018-1(d), shall not apply to FHFA and any Designated Documents obtained by FHFA pursuant to subpoena; and it is further

ORDERED that, notwithstanding the foregoing paragraph, a court of competent jurisdiction may authorize disclosure and use of the Designated Documents upon a showing of cause, provided that such disclosure or use shall remain subject to any applicable protective orders and any other applicable laws; and it is further

ORDERED that Iron Mountain shall provide the Designated Parties, on no less than two (2) business days' notice, on-site access to the Designated Documents, provided that such Designated Parties, other than FHFA and FDIC, shall have paid Iron Mountain, in advance, for the retrieval, staging, and re-filing of such Designated Documents at the rates set forth in Exhibit 3 hereto; and it is further

ORDERED that Iron Mountain shall have no liability to any third party as a result of its full and good-faith compliance with this Order; and it is further

ORDERED that any stay of this Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED, and the Order shall become effective immediately upon entry on the docket in the above-captioned chapter 11 case and adversary proceedings.

Date:  Wilmington, Delaware
       January 10, 2013

_____
Christopher S. Sontchi
United States Bankruptcy Judge

01:13008902.9