IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                  :   Chapter 11
                                                                        :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                  :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                                        :
                                                                        :   Jointly Administered
   Debtors.                                                             :   Response Deadline: February 25, 2013 at
                                                                        :   4:00 p.m. (ET)
                                                                        :   Hearing Date: March 4, 2013 at 10:00
                                                                        :   a.m. (ET)
---------------------------------------------------------------------- x

**PLAN TRUST'S OBJECTION PURSUANT TO BANKRUPTCY CODE SECTION 502(b) AND BANKRUPTCY RULE 3007 TO CLAIMS #10447 AND #10477 FILED BY COUNTRYWIDE BANK, F.S.B. AND COUNTRYWIDE HOME LOANS, INC.**

Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby objects (the "Objection") pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to (i) claim number 10447 filed by Countrywide Bank, F.S.B. ("CW Bank") and (ii) claim number 10477 filed by Countrywide Home Loans, Inc.

---

* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is P.O. Box 10550, Melville, New York 11747.

1

("CW Home Loans") (collectively, the "Claims"),[1] and requests entry of an order, substantially in the form attached as Exhibit A hereto (the "Proposed Order") liquidating and allowing the Claims in accordance with the EPD/Breach Claims Protocol set forth in the Plan. In support of this Objection, the Plan Trustee relies upon the Declaration of Scott Martinez attached as Exhibit B hereto. In further support of this Objection, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012, from the United States District Court for the District of Delaware. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

---

[1] True and accurate copies of the Claims are attached as Exhibits C and D hereto.

4. On October 30, 2007, this Court entered an order establishing January 11, 2008 at 4:00 p.m. (ET) as the deadline for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen, prior to the Petition Date.

5. On February 23, 2009, the Court entered an order confirming the Plan. Among other things, the Plan provides that claims for damages resulting from the Debtors' breach of repurchase obligations arising from breaches of representations and warranties in connection with the sale of mortgage loans prepetition ("EPD/Breach Claims") shall be liquidated and allowed, if at all, as general unsecured claims in accordance with the protocol set forth in Article 7 of the Plan (the "EPD/Breach Claims Protocol").

6. On November 30, 2010 (the "Effective Date"), the Plan became effective, and the Plan Trust was established. The Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim.

## THE COUNTRYWIDE CLAIMS

7. CW Bank filed proof of claim #9440 against AHM Corp., which was subsequently amended by proof of claim #10447. CW Home Loans filed proofs of claim #9190-9197 against each of the Debtors, certain of which were subsequently amended by proofs of claim #9326-9329, #10476-10477, and #10480-10481. Proofs of claim #9190-9197, #9326-9329, #9440, #10476, and #10480-10481 were subsequently disallowed by orders of this Court. [D.I. 4289, 7233, 8186, 8654, and 9551]. Proofs of claim #10447 and 10477 (the "Surviving POCs")[2] assert the following claims against AHM Corp.:

---

[2] Countrywide also filed proofs of claim #10847-10851, asserting administrative expenses under section 503(b) of the Bankruptcy Code, which claims are the subject of a separate objection filed contemporaneously herewith.

| Nature of Claim | Claimant (POC#) | Amount |
|---|---|---|
| Repurchase and Indemnification Obligations | CW Bank (10447) | At least $15,751,634[3] |
| Repurchase and Indemnification Obligations | CW Home Loans (10477) | At least $224,344,935 |
| Unspecified "fees, costs, and other amounts" | CW Bank (10447) | $500,000 |
| Unspecified "fees, costs, and other amounts" | CW Home Loans (10477) | $10,000,000 |

8. On April 11, 2011, the Plan Trustee filed the *Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 9933] (the "76th Omnibus Objection"), objecting to the Surviving POCs on the basis that Countrywide had not provided (i) the information necessary under the EPD/Breach Claims Protocol to evaluate CW Bank's and CW Home Loans' EPD/Breach Claims (i.e., the repurchase/indemnification claims), or (ii) any information or documentation to support the other claims asserted in the Surviving POCs. Countrywide subsequently provided the Plan Trust information from which the Plan Trust could determine CW Bank's and CW Home Loans' EPD/Breach Claims, in consideration of which the Plan Trust adjourned indefinitely the 76th Omnibus Objection. Countrywide did not formally respond to the 76th Omnibus Objection, and contemporaneously herewith, the Plan Trust will file a Notice of Withdrawal (without prejudice) of such objection.

9. Based on the information provided by Countrywide, the Plan Trust has determined that (i) CW Bank is entitled to allowance of EPD/Breach Claims of not more than $8,766,028 under the EPD/Breach Claims Protocol, and (ii) CW Home Loans is entitled to allowance of EPD/Breach Claims of not more than $66,374,480 under the EPD/Breach Claims

---

[3] This amount includes, among other things, $87,385 relating to alleged premium recapture obligations and $75,023 relating to alleged remittance shortages.

Protocol. On information and belief, Countrywide agrees with the Plan Trust's calculation of the maximum allowed amounts of CW Bank's and CW Home Loans' EPD/Breach Claims.[4]

10.  To date, Countrywide has not provided documentation or other information to support the remaining claims set forth in the Surviving POCs.

## OBJECTION

11.  Under section 502(a) of the Bankruptcy Code, a properly filed claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a). Accordingly, Bankruptcy Rule 3001(f) provides that a properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). However, even against this backdrop, it is well established that the burden of proof with respect to a proof of claim "rests initially, and ultimately, with the claimant who must allege facts sufficient to support their claim." *In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997) (internal quotations and citation omitted). If a claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of *prima facie* validity, and the burdens of going forward and of proving its claim by a preponderance of the evidence are on [the claimant]." *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (claimant is only entitled to have the claim considered "*prima facie* valid" if the claimant alleges facts "sufficient to support the claim").

12.  Section 502(b)(1) provides for the disallowance of a claim to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or

---

[4] For this reason, the voluminous Excel spreadsheets supporting the calculations are omitted from this Objection. If these amounts are disputed by Countrywide, the Plan Trust reserves the right to supplement this Objection as appropriate to support its calculation of the allowed EPD/Breach Claims.

applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

   13. As discussed above, by virtue of the information provided in response to the 76th Omnibus Objection, and subject fully to the Plan Trustee's right to object further to the EPD/Breach Claims on the grounds set forth in Article 7(D) of the Plan,[5] the Plan Trust acknowledges that (i) CW Bank has established valid EPD/Breach Claims of not more than $8,766,028 and (ii) CW Home Loans has established valid EPD/Breach Claims of not more than $66,374,480. In addition, in light of the anticipated distributions in these chapter 11 cases, the Plan Trust does not challenge the *prima facie* validity of the claims asserted by CW Bank with respect to premium recapture ($87,385) and remittance shortages ($75,023).

   14. However, the Surviving POCs do not contain, nor has Countrywide provided, any information with respect to Countrywide's conclusory assertions regarding (i) the unspecified "fees, costs, and other amounts" allegedly due to Countrywide, or (ii) any alleged indemnification obligations of the Debtors. Absent such information, the Plan Trust cannot meaningfully formulate a response to the Surviving POCs, and Countrywide cannot support its burden. *See In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000); In re 20/20 Sport, Inc., 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy, courts have traditionally analogized a creditor's claim to a civil complaint, [and] a trustee's objection to an answer . . . ."). Because Countrywide has not met its burden of establishing any claims other than the EPD/Breach Claims and the amounts with respect to premium recapture and remittance shortages, such claims

---

[5] Article 7(D) provides: "To the extent any EPD Claims or Breach of Warranty Claims are asserted by multiple parties with respect to the same loan or pool of loans, nothing in this EPD/Breach Claims Protocol shall prejudice the Plan Trustee's right to object to such claims as duplicative and/or to seek judicial determination of the parties' standing to assert such claims under the governing documents and applicable law."

01:13144613.3

are unenforceable against the Debtors and property of the Debtors under applicable law, and should be disallowed under section 502(b)(1) of the Bankruptcy Code.

## **NOTICE**

15. The Plan Trustee has provided notice of this Objection to: (a) the U.S. Trustee; (b) counsel to Countrywide; and (c) all persons who have filed a request for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested, the Plan Trustee respectfully submits that no further notice of this Objection is required.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, the Plan Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order annexed hereto as Exhibit A, (i) allowing proof of claim #10447 filed by CW Bank as a general unsecured claim against AHM Corp. in the reduced amount of $8,928,436, (ii) allowing proof of claim #10477 filed by CW Home Loans as a general unsecured claim against AHM Corp. in the reduced amount of $66,374,480, and (iii) granting the Plan Trustee such other and further relief as is just and proper.

Dated:   Wilmington, Delaware
         February 1, 2013

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Patrick A. Jackson*

        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee