# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | Obj. Deadline: Feb. 25, 2013 at 4:00 PM (ET) |
| | Hr'g Date: March 4, 2013 at 4:00 PM (ET) |

**PLAN TRUSTEE'S MOTION FOR AN ORDER EXTENDING
(1) THE GENERAL CLAIMS OBJECTION DEADLINE AND
(2) THE ADMINISTRATIVE CLAIMS OBJECTION DEADLINE**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") this Court, pursuant to Article 10, Section B and Article 3, Section B(2)(ii) of the Plan; Paragraphs 32 and 46 of the Confirmation Order; section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order extending (1) the General Claims Objection Deadline and (2) the Administrative Claims

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] All terms used but not defined herein shall have the meaning ascribed to such terms under the Plan.

01:13271329.1

Objection Deadline (each as defined below) for approximately one hundred eighty (180) days through and including September 25, 2013. In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief sought herein are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1), and Local Rule 9006-2.

## BACKGROUND

**A.    General Background**

3. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Between the Petition and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

4. On February 23, 2009, the Court entered an order confirming the Plan [D.I. 7042] (the "Confirmation Order"). The Plan became effective on November 30, 2010 (the "Plan Effective Date").

5. Pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly

appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order, and Plan Trust Agreement.

**B.    General Claims Objection Deadline**

6. Pursuant to Article 10, Section B of the Plan and Paragraph 32 of the Confirmation Order, the Plan Trustee was provided one year from the Plan Effective Date to file objections to Claims generally (the "General Claims Objection Deadline"). The Plan further provides that "the Plan Trustee may request (and the Bankruptcy Court may grant) extensions of such deadline, or of any Bankruptcy Court approved extensions thereof, by filing a motion with the Bankruptcy Court without any requirement to provide notice to any party, based upon a reasonable exercise of the Plan Trustee's business judgment." Plan, Art. 10B.

7. Pursuant to the terms of the Plan and various orders of the Court, the current General Claims Objection Deadline is March 29, 2013 [D.I. 10582].

**C.    Administrative Claims Objection Deadline**

8. Pursuant to Article 3, Section B(2)(ii) of the Plan and Paragraph 46 of the Confirmation Order, all objections to allowance of Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than ninety (90) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline" and together with the General Claims Objection Deadline, the "Claims Objection Deadlines"). The Plan further provides that "the Administrative Claims Objection Deadline may be further extended by an Order of the Bankruptcy Court, which Order may be granted without notice to any creditors." Plan, Art. 3B(2)(ii).

9. Pursuant to the terms of the Plan and various orders of the Court, the current Administrative Claims Objection Deadline is March 29, 2013 [D.I. 10582].

10. To date, approximately 11,000 Claims have been filed in the Debtors' chapter 11 cases. Although the claims reconciliation process is significantly advanced, it is not yet complete. Therefore, out of an abundance of caution, and to avoid any potential misdistribution of Plan Trust proceeds, the Plan Trustee seeks further extensions of both the General Claims Objection Deadline and the Administrative Claims Objection Deadline to September 25, 2013.

### RELIEF REQUESTED

11. By this Motion, the Plan Trustee seeks entry of an order extending (1) the General Claims Objection Deadline and (2) the Administrative Claims Objection Deadline to September 25, 2013.[3] The Plan Trustee further requests that the extension proposed herein be without prejudice to its right to seek further extensions of the Claims Objection Deadlines.

### BASIS FOR RELIEF REQUESTED

12. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

13. Bankruptcy Rule 9006 provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Claims Objection Deadlines shall serve to extend automatically each Claims Objection Deadline, without the necessity for the entry of a bridge order, until the Court rules on this Motion.

14. The Plan Trustee may seek to extend the General Claims Objection Deadline and/or the Administrative Claims Objection Deadline upon motion to the Court without notice. *See* Plan Art. 10, § B; Plan Art. 3, § B(2)(ii).

15. Cause exists to extend the Claims Objection Deadlines to allow the Plan Trustee additional time to reconcile Claims, including Administrative Claims, and to prosecute claim objections. Since the Plan Effective Date, the Plan Trustee and its professionals have worked diligently in: (i) reviewing and analyzing the Claims that have been filed; (ii) performing the required due diligence to determine the objectionable Claims; and (iii) negotiating resolutions to certain Claims that best maximize the Plan Trust's recoveries. The Plan Trustee has made substantial progress in analyzing and reconciling the Claims filed in the Debtors' chapter 11 cases. Nonetheless, given the number and complex nature of the Claims filed, many Claims are still being evaluated by the Plan Trustee to determine whether such Claims have asserted valid amounts, priorities, and/or classification.

16. Extension of the Claims Objection Deadlines is therefore necessary to allow the Plan Trustee sufficient time to finish evaluating all outstanding Claims, including Administrative Claims, and to ensure the efficient and accurate completion of this process. To date, more than two hundred (200) Administrative Claims and approximately 11,000 total Claims have been asserted against the Plan Trust and the Debtors' estates. Many of these Claims involve complex legal issues and require time-consuming factual analysis. The Debtors and/or the Plan Trustee have filed one hundred nine (109) omnibus objections to Claims as of the date hereof, and the Court has entered approximately two hundred thirty (230) orders related to those objections. Also, with respect to certain Claims that are the subject of omnibus objections, the Plan Trustee has sought to resolve such Claims consensually with the applicable claimants, some

of whom have asserted significant amounts owed, and in doing so, the Plan Trustee has negotiated resolutions, which have been subsequently memorialized in court-approved agreed orders.  Moreover, approximately one hundred thirty (130) Administrative Claims have been expunged or withdrawn, and nearly fifty (50) have been accepted by the Plan Trustee as validly filed or following modification by this Court.  All told, approximately one hundred of the 11,000 total Claims and just a handful of the 200-plus Administrative Claims remain.  Even so, the Plan Trustee is still working its way through numerous Claims, many of which are complex and require significant time and attention.

17.    Accordingly, extending the Claims Objection Deadlines is necessary and in the best interest of the Plan Trustee, the Debtors, and their estates and creditors.  By extending the Claims Objection Deadlines, the Plan Trustee simply seeks to ensure that all Claims, including Administrative Claims, filed in the Debtors' chapter 11 cases are reconciled completely and accurately in accordance with the Debtors' books and records and applicable law.  As such, this extension request is a reasonable exercise of the Plan Trustee's business judgment.  The Plan Trustee will continue to work diligently to resolve all outstanding claims objections and complete the claims reconciliation process.  The Plan Trustee submits that the extension request in this Motion is not sought for purposes of delay and is in the best interests of all parties in interest.  A complete reconciliation will prevent creditors from potentially receiving unwarranted recoveries to the detriment of other creditors.  Therefore, extending the Claims Objection Deadlines will not prejudice any of the Plan Trust's creditors and will preserve the rights of the Plan Trustee to object to Claims, including Administrative Claims, so as to maximize recovery to appropriate creditors.

## RESERVATION OF RIGHTS

18.     The Plan Trustee reserves its right to seek further extensions of the Claims Objection Deadlines.

## NOTICE

19.     In accordance with Article 3, Section B(2)(ii) and Article 10, Section B of the Plan, the Plan Trustee is not required to provide notice of this Motion to any creditors. Notice of the Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) the Plan Oversight Committee, and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein and the terms of the Plan, the Plan Trustee submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

**CONCLUSION**

WHEREFORE, the Plan Trustee respectfully requests entry of an order: (i) extending (1) the General Claim Claims Objection Deadline and (2) the Administrative Claims Objection Deadline through and including September 25, 2013, without prejudice to the Plan Trustee's right to seek additional extensions of time; and (ii) granting the Plan Trustee such other and further relief as this Court deems just and proper.

Dated:   Wilmington, Delaware
         February 11, 2013

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Michael S. Neiburg*
        Sean M. Beach (No. 4070)
        Margaret Whiteman Greecher (No. 4652)
        Michael S. Neiburg (No. 5275)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        -and-

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York  10022
        Telephone:  (212) 478-7200
        Facsimile: (212) 478-7400

        *Counsel for the Plan Trustee*