IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------x
                                                  :   Chapter 11
In re:                                            :
                                                  :   Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., *et al.*,[1]   :   (Jointly Administered)
                                                  :
                                  Debtors.         :
                                                  :
------------------------------------------------------------------------x

**STIPULATION BY AND AMONG THE PLAN TRUSTEE AND THE FEDERAL
HOUSING ADMINISTRATION OF THE UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT RESOLVING CERTAIN PROOFS OF
CLAIM AGAINST THE DEBTORS' ESTATE**

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as

trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended*

*Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the cases of

the above-captioned debtors (collectively, the "Debtors") and the Federal Housing

Administration of the United States Department of Housing and Urban Development (the

"FHA" and, together with the Plan Trustee, the "Parties"), by and through their

undersigned counsel.

RECITALS

WHEREAS,  on August 6, 2007 (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the

---

[1]  The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580).  The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

"Bankruptcy Code"). Each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court;

WHEREAS, the Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan became effective on November 30, 2010 (the "Effective Date");

WHEREAS, pursuant to the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement;

WHEREAS, prior to the Petition Date, AHM SV and AHM Corp. serviced and/or held loans insured by the FHA pursuant to the FHA's single family mortgage insurance program (the "SFMI Program");

WHEREAS, the FHA asserts that it is owed certain amounts from AHM SV and AHM Corp. for (a) unpaid mortgage insurance premiums and (b) losses incurred by the FHA that AHM SV and AHM Corp. agreed to indemnify the FHA for pursuant to certain indemnification agreements;

WHEREAS, the FHA has filed (a) proof of claim #9890 against AHM SV, which claim was amended and superseded by proof of claim #10931, and (b) proof of claim #9889 against AHM Corp., which claim was amended and superseded by proof of claim #10932 (the "FHA Proofs of Claim"). The FHA Proofs of Claim are detailed below:

2

| Proof of Claim No. | Debtor | Unsecured | Admin. Priority |
|---|---|---|---|
| 9889 | AHM Corp. | $2,266,563.09 | $0 |
| 9890 | AHM SV | $1,805,017.90 | $0 |
| 10931 | AHM SV | $1,076,622.34 | $10,839.75 |
| 10932 | AHM Corp. | $2,310,139.75 | $122,554.07 |

WHEREAS, the FHA Proofs of Claim include, amount other things, claims based on (a) prepetition mortgage insurance premiums, (b) post-petition mortgage insurance premiums, (c) actual indemnification losses, and (d) contingent unliquidated indemnification losses;

WHEREAS, on January 4, 2011, in addition to the FHA Proofs of Claim, the FHA filed *The United States' Request for Payment of Chapter 11 Administrative Expenses* [D.I. 9622] (the "FHA Administrative Claim"), whereby the FHA asserts an administrative expense claim for unpaid post-petition mortgage insurance premiums against AHM Corp. in the amount of $105,208.16 and against AHM SV in the amount of $28,578.21 ;

WHEREAS the Plan Trustee takes the position that there is no basis to establish that any unpaid mortgage insurance premiums, related to pre-petition insurance agreements but incurred post-petition, could qualify as an administrative liability as the FHA was not providing any post-petition benefit to the estate;

WHEREAS the Debtors may have potential claims against the FHA for insurance benefits as set forth in 24 C.F.R. Part 203, Subpart B, including but not limited to partial claims and claims resulting from losses incurred when the Debtors' borrowers defaulted on their FHA insured loans and the proceeds from a foreclosure or pre-foreclosure sale were

insufficient to fully cover the amounts due on the loan and other expenditures (the "AHM Insurance Claims");

WHEREAS, the Parties desire to avoid costly litigation of the FHA Proofs of Claim, the FHA Administrative Claim, and the AHM Insurance Claims and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation; and

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, herby stipulate and agree as follows:

## STIPULATION

1.    **Effectiveness.**  This Stipulation shall be effective upon its docketing with the Bankruptcy Court in the above-captioned cases.

2.    **Disallowance of Certain Proofs of Claim.**  The FHA agrees that (a) proofs of claim #9889 and #9890 shall be disallowed as amended and superseded by proofs of claim #10932 and #10931, respectively, and (b) the FHA Administrative Claim shall be withdrawn and otherwise disallowed.

3.    **Allowance of Certain Proofs of Claim.**  The Plan Trustee agrees that (a) proof of claim #10932 shall be allowed as a general unsecured claim against AHM Corp. in the amount of $1,975,563 and (b) proof of claim #10931 shall be allowed as a general unsecured claim against AHM SV in the amount of $824,437.

4

4. **Release by FHA.** Effective upon the docketing of this Stipulation with the Bankruptcy Court, the FHA forever releases, surrenders, gives up and discharges the Plan Trustee and the Debtors from any and all claims, actions, causes of action, rights debts, costs charges, losses, demands and damages of whatsoever nature or kind in law or equipment, whether now known or hereinafter known, that FHA ever had or may have against the Plan Trustee or the Debtors relating to the FHA Proofs of Claim or the FHA Administrative Claim, provided, however, that nothing in this paragraph 4 shall constitute a waiver or release of any claims allowed pursuant to this Stipulation.

5. **Reservation by United States**. Notwithstanding any provision to the contrary in this Stipulation, the following rights of the United States shall be preserved and remain unaffected: (a) the setoff and recoupment rights of the United States, including the FHA; and (b) any rights, claims or defenses of the United States (i) under the False Claims Act, 31 U.S.C. § 3729 et seq., the Program Frauds Civil Remedies Act, 31 U.S.C. § 3801 et seq., the Civil Monetary Penalties Statute, 42 U.S.C. § 1320a-7a, or for common law fraud, (ii) for any civil, criminal or administrative liability arising under Title 26 of the United States Code, (iii) for any criminal liability arising under Title 18 of the United States Code, or (iv) for any civil, criminal or administrative liability under federal environmental laws.

6. **Release by Plan Trustee and Debtors.**

a. Effective upon the docketing of this Stipulation with the Bankruptcy Court, the Plan Trustee and the Debtors fully and forever release, surrender, give up and discharge the FHA from any and all claims, actions, causes of action, rights of debtors, costs, charges, losses, demands and damages of whatsoever nature or kind in

5

law or equity, whether known or hereafter known, that the Plan Trustee or the
Debtors ever had, or may have had or may have against FHA relating to: (i) the
AHM Insurance Claims; (ii) the FHA Proofs of Claim; and (iii) the FHA
Administrative Claim.

b.  Nothing in this Paragraph 6 shall constitute a waiver or release of any claim of
any third-parties against the FHA for loans insured by the FHA.

c.  For the purposes of clarification, the Debtors, the Plan Trustee, and each of their
respective executors, heirs, successors and assigns, including without limitation any
chapter 7 trustee appointed to administer the Debtors' estates, (i) are bound by the
release in the Paragraph 6.a.; and (ii) are not third-parties for the purposes of
Paragraph 6.b.

7.      **Successors.**  This Stipulation and all the provisions hereof shall be binding
upon and inure to the benefit of the Parties, the Debtors, and each of their respective
executors, heirs, successors and assigns, including without limitation any chapter 7 trustee
appointed to administer the Debtors' estates.

8.      **No Evidence.**  Neither this Stipulation nor any terms contained herein shall
be offered or received in evidence or in any way referred to in any legal action or
administrative proceeding among or between the Parties hereto or the Debtors other than as
may be necessary (a) to obtain approval of or enforce this Stipulation, (b) to seek damages
or injunctive relief in connection therewith or (c) to prove that the Parties have stipulated to
the relief described herein.

6

9.    **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

10.    **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with (a) federal law and (b) to the extent that federal law does not apply, the internal laws of the State of Delaware without giving effect to the rule governing conflict of laws. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

11.    **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expense.

12.    **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated:          Wilmington, Delaware
                March 4, 2013


                                        STUART DELERY
                                        Principal Deputy Assistant Attorney
                                        General

                                        CHARLES M. OBERLY, III
                                        United States Attorney

                                        J. CHRISTOPHER KOHN
                                        Director, Civil Division


                                        TRACY J. WHITAKER
                                        MICHAEL R. SEW HOY
                                        U.S. Department of Justice-Civil Division
                                        Commercial Litigation Branch
                                        P.O. Box 875
                                        Ben Franklin Station
                                        Washington, DC 20044
                                        Tel:  (202) 307-3571
                                        Fax: (202) 514-9163
                                        michael.r.sew.hoy@usdoj.gov

                                        **Attorneys for the United States of
                                        America**

Dated:    Wilmington, Delaware
          March 4, 2013

                                        YOUNG CONAWAY STARGATT &
                                        TAYLOR, LLP


                                        Sean M. Beach (No. 4070)
                                        Michael S. Neiburg (No. 5275)
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253

                                        -and-

                                        HAHN & HESSEN LLP
                                        Mark S. Indelicato
                                        Edward L. Schnitzer
                                        Alison M. Ladd
                                        488 Madison Avenue
                                        New York, New York 10022
                                        Telephone: (212) 478-7200

                                        **Co-Counsel for the Plan Trustee**