IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| Debtors. | : | |

**STIPULATION BY AND BETWEEN THE PLAN TRUSTEE, BEAR STEARNS INTERNATIONAL LIMITED, AND BEAR STEARNS MORTGAGE CAPITAL CORPORATION RESOLVING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS' ESTATES**

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"), Bear Stearns International Limited (now known as J.P. Morgan Markets Limited) ("BSIL"), and Bear Stearns Mortgage Capital Corporation ("BSMCC" and, together with the Plan Trustee, the "Parties"), as of the date set forth below.

**RECITALS**

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

WHEREAS, on January 11, 2008, BSIL filed proof of claim numbered 9026 (the "BSIL Claim") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment") asserting an unsecured liquidated claim in the amount of not less than $386,500 in connection with that certain TBMA/ISMA Global Master repurchase Agreement (2000 version), dated as of October 28, 2004 (as amended, supplemented or otherwise modified from time, and including all annexes, schedules, exhibits and any related agreements and other documents, collectively, the "GMRA") between BSIL and AHM Investment;

WHEREAS, by the BSIL Claim, BSIL reserved its rights with respect to any contingent unliquidated claims it may have under the GMRA, including, without limitation, the right to setoff such claims against $201,000 in cash collateral (the "Collateral") held by BSIL pursuant to the GMRA;

WHEREAS, on January 11, 2008, BSMCC filed the following proofs of claim for breaches of that certain Whole Loan Master Repurchase Agreement, dated as of June 23, 2004 (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits and any related agreements and other documents, collectively, the "MRA") between BSMCC and certain Debtors:

    a.    Proof of claim numbered 9020 ("Claim 9020") against American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.") in the amount of $3,371,600 (general unsecured);

    b.    Proof of claim numbered 9021 ("Claim 9021") against AHM Investment in the amount of $3,371,600 (general unsecured); and

c. Proof of claim numbered 9022 ("Claim 9022" and together with Claims 9020 and 9021, the "BSMCC Claims") against American Home Mortgage Acceptance, Inc. (Case No. 07-11049) ("AHM Acceptance") in the amount of $3,371,600 (general unsecured);

WHEREAS, on November 9, 2012, the Plan Trustee filed the *Plan Trust's One Hundred Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 10642] (the "Objection") seeking to disallow the BSIL Claim and the BSMCC Claims on the grounds that the Debtors had no liability on account of those claims;

WHEREAS, on December 17, 2012, the Bankruptcy Court entered an order [D.I. 10696] adjourning the Objection with respect to the BSIL Claim and the BSMCC Claims;

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim;

WHEREAS, the Parties have conferred in good faith to reach an agreement concerning the proper treatment of the BSIL Claim, the BSMCC Claims and the Objection;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances; and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

1. **Effectiveness.** This Stipulation shall be effective immediately upon its docketing in the Bankruptcy Court (such date, the "Effective Date").

2. **Payment by BSIL.** BSIL shall make a payment in the amount of $125,000 (the "Payment") to the Plan Trustee within five (5) business days of the later of (a) the Effective Date and (b) the date that BSIL receives wire transfer instructions from the Plan Trustee. The Payment shall be delivered via wire transfer to an account designated by the Plan Trustee.

3. **Allowance of BSMCC Claims.** Upon the Plan Trustee's receipt of the Payment: (i) Claim 9020 shall be deemed an allowed general unsecured claim in the amount of $1,500,000 against AHM Corp.; (ii) Claim 9021 shall be deemed an allowed general unsecured claim in the amount of $1,500,000 against AHM Investment; and (iii) Claim 9022 shall be deemed an allowed general unsecured claim in the amount of $1,500,000 against AHM Acceptance, and the Plan Trustee shall direct the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, to update the claims register relating to the Debtors' Chapter 11 bankruptcy cases to reflect the allowed amount of Claims 9020, 9021 and 9023 as set forth herein.

4. **Withdrawal of the BSIL Claim and the Objection.** Upon the Plan Trustee's receipt of the Payment: (i) the BSIL Claim shall be deemed withdrawn; (ii) BSIL consents to allowing the Plan Trustee to direct the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, to update the claims register relating to the Debtors' Chapter 11 bankruptcy

cases to reflect the withdrawal of the BSIL Claim; and (iii) the Objection shall be deemed withdrawn with prejudice.

5. **No Setoff Rights.** For the avoidance of doubt, the Payment is not subject to any setoff or recoupment rights, if any, that either BSIL or BSMCC may have against any of the Debtors, and BSMCC shall receive distributions on account of the allowed BSMCC Claims in accordance with the terms and conditions of the Plan.

6. **Mutual Releases.** Upon the Plan Trustee's receipt of the Payment, BSIL and BSMCC, on the one hand, and the Debtors and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the BSIL Claim, the BSMCC Claims, the GMRA, the MRA and/or the Collateral (collectively, the "Settled Matters"), whether presently in existence or which may hereafter accrue, be asserted and/or held by BSIL, BSMCC, the Plan Trustee, or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation. For the avoidance of doubt, the releases set forth in this paragraph are of no effect with respect to any claims of any affiliates of BSIL or BSMCC against the Debtors or the Plan Trustee unrelated to the Settled Matters, or claims of the Debtors or the Plan Trustee against any such affiliate unrelated to the Settled Matters, and each of the Debtors, the Plan Trustee and such affiliates reserve all rights with respect to any such claims.

7. **Successors.**  This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of the Parties, the Debtors, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

8. **No Evidence.**  Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties or the Debtors other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith or (c) to prove that the Parties have stipulated to the relief described herein.

9. **Entire Agreement.**  This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

10. **Descriptive Headings.**  Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

11. **Governing Law; Jurisdiction.**  This Stipulation shall be construed and enforced in accordance with (a) the internal laws of the State of Delaware without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended.  The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

12. **Construction.**  The Parties have cooperated in the drafting and preparation of this Stipulation.  Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against either of the Parties on that basis.  Each of the

Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

13. **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

***[Signature page follows]***

Dated: Wilmington, Delaware
March 12, 2013

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Co-Counsel for the Plan Trustee

Dated: New York, New York
March 12, 2013

SIDLEY AUSTIN LLP

*/s/ Alex R. Rovira*
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Counsel to BSIL and BSMCC

01:13267733.12