IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x
In re:                                                           :   Chapter 11
                                                                 :
                                                                 :   Case No. 07-11047 (CSS)
American Home Mortgage Holdings, Inc., et al.,[1]                :   (Jointly Administered)
                                                                 :
                                      Debtors.                   :
                                                                 :
-----------------------------------------------------------------x

### STIPULATION BY AND AMONG THE PLAN TRUSTEE AND BANC OF AMERICA LEASING & CAPITAL, LLC RESOLVING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS' ESTATE

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the cases of the above-captioned debtors (collectively, the "Debtors") and Banc of America Leasing & Capital, LLC ("BALC" and, together with the Plan Trustee, the "Parties"), by and through their undersigned counsel.

### RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Each Debtor operated its business and managed its properties as a

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is PO Box 10550, Melville, New York 11747.

debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court;

WHEREAS, the Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan became effective on November 30, 2010 (the "Effective Date");

WHEREAS, pursuant to the Plan, as of the Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement;

WHEREAS, prior to the Petition Date, American Home Mortgage Corp. ("AHM Corp."), one of the Debtors, entered into numerous Equipment Lease Agreements (together with all individual leasing records, schedules, riders and other attachments thereto, the "Leases") with Ricoh Customer Finance Corp. for copiers and related office equipment that were assigned to BALC;

WHEREAS, on January 4, 2011, BALC filed a Request for Allowance and Payment of Administrative Expense Claim (the "Application") asserting (i) lease rejection damages in the amount of $1,118,114 and (ii) an administrative claim of $236,665.32;

WHEREAS, On January 5, 2011, BALC also filed a proof of claim against AHM Corp. in the amount of $1,118,114, which claim was assigned number 10843 by the Debtors' claims and noticing agent ("Claim No. 10843", and together with the Application,

the "BALC Claims"). BALC asserts that $236,665.32 of Claim No. 10843 is entitled to priority status pursuant to 11 U.S.C. §507(a)(2);

WHEREAS, the Plan Trustee contends that (a) the administrative priority portion of the BALC Claims should be reclassified as general unsecured since all of the Leases in question were either rejected as of September 30, 2007 or assumed and assigned in connection with the sale of the Debtors' servicing business and (b) BALC's lease rejection damages are inflated;

WHEREAS, the Parties desire to avoid costly litigation of the BALC Claims, and, to that end, have engaged in good-faith negotiations in an attempt to reconcile their positions;

WHEREAS, as a result of such negotiations, the Parties have agreed upon a comprise they believe is fair and reasonable in light of the risks and costs inherent in any litigation; and

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, herby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness.** This Stipulation shall be effective upon its docketing with the Bankruptcy Court in the above-captioned cases (the "Effective Date").

2. **Allowed Claims.** In full and final satisfaction of the BALC Claims, BALC shall be allowed a general unsecured claim against AHM Corp. in the amount of $700,000 (the "Allowed BALC Unsecured Claim") and an administrative priority claim against AHM Corp. in the amount of $16,632 (the "Allowed BALC Administrative Claim"). The Allowed BALC Administrative Claim shall be paid within 30 days of the Effective Date of

the Stipulation. The Allowed BALC Unsecured Claim shall be satisfied in accordance with the Plan.

3.  **Release by BALC**. Effective upon the docketing of this Stipulation with the Bankruptcy Court, BALC, on behalf of itself, and any of its affiliates, successors and assigns, forever releases, surrenders, gives up and discharges the Plan Trustee and the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter discovered, that BALC ever had or may have against the Plan Trustee or the Debtors relating in any way to the Leases, including without limitation the equipment described therein, Claim No. 10843 or the Application, provided, however, that nothing in this paragraph 3 shall constitute a waiver or release of the claims allowed pursuant to paragraph 2 of this Stipulation.

4.  **Release by Plan Trustee and Debtors**. Effective upon the docketing of this Stipulation with the Bankruptcy Court, the Plan Trustee and the Debtors fully and forever release, surrender, give up and discharge BALC from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter discovered, that the Plan Trustee or the Debtors ever had, or may have had or may have against BALC relating to Leases, including without limitation the equipment described therein, Claim No. 10843 or the Application.

5.  **Successors.** This Stipulation and all the provisions hereof shall be binding upon and inure to the benefit of the Parties, the Debtors, and each of their respective

executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

6. **Power and Authority.** BALC represents and warrants that it has not sold, transferred or otherwise assigned the BALC Claims to any other person or entity and maintains full rights, power and authority to settle the BALC Claims as described herein.

7. **No Evidence.** Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto or the Debtors other than as may be necessary (a) to obtain approval of or enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith or (c) to prove that the Parties have stipulated to the relief described herein.

8. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

9. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with (a) the internal laws of the State of Delaware without giving effect to the rules governing conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

10. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the

Stipulation shall not be construed for or against any Party on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expense.

11. **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: Wilmington, Delaware
MARCH 25, 2013

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Alison M. Ladd
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200

Co-Counsel for the Plan Trustee

Dated: Wilmington, Delaware
March 21, 2013

CAPEHART & SCATCHARD, P.A.

John R. Weaver, Jr. (No. 911)
831 North Tatnall Street, Suite 200
Wilmington, Delaware 19801
Telephone: (302) 428-1077
Facsimile: (302) 655-3608

CAPEHART & SCATCHARD, P.A.
William G. Wright
8000 Midlantic Drive, Suite 300S
Mount Laurel, NJ 08054
Telephone: (856) 234-6800

Counsel for Banc of America Leasing & Capital