# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : Case No. 07-11047 (CSS) |
| Debtors. | : Jointly Administered<br>  Ref/ Docket Nos. 9692, 10148, 10183, 10182<br>: 10384, 10384, 10410, 10411, 10713, 10741,<br>  10750, 10752. 10763, 10764, & 10765 |
|  | : **District Court Appeal Case No: 13-295** |

## Motion to File Designated Records for Appeal; Statement of Issues Presented for Appeal Out of Time

Comes now, Claimant/Appellant who shows cause by excusable neglect and pray for relief to file the designated records needed for appeal and Statement of Issues Presented for Appeal under Federal Bankruptcy Rule 8006 out of time, *nunc pro tunc*.

1.

Contemporaneously, Claimant files with this motion, his requisite Judicial Notice: Second Instructions to the Clerk of the Court to Transmit Designated Records for Appeal; Statement of Issues Presented for Appeal, which should mitigate any deficiencies from the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland Corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

*Priority Delivery # 420 19801 9505 5000 1562 3078 0005 54*

delayed filing. Furthermore, Mr. Kareem prays that the Clerk of the Court and this court view this request in the light of excusable circumstances that are reasoned below:

3.

### Background

On or about January 22, 2013, the Court denied [see Doc. No. 10752]Claimant's post-judgment Amended Motion for Reconsideration and Motion for New Trial [see Doc. No. 10750].

On or about February 6, 2013, Claimant filed a Notice of Appeal [see Doc. No. 10763] affecting the Final Order [See Doc. No(s). 10741 and 10752, respectively]. In Mr. Kareem's Notice of Appeal, the Claimant expressly petitioned in ¶2 the following:

> *"Claimant Requests the Clerk of the Court to delete nothing from the trial transcript and all Post hearing Reponses and replies and prepare said appeal for the United States District Court embracing the appeal from the Bankruptcy case. Upon completion of compling the case to invoice the Claimant the costs of appeal."*

On or about 2/7/013, the Clerk of the Court sent notice to Claimant entitled, "Clerk's Notice Regarding Filing of Appeal" indicating that the Notice of Appeal was timely received cross-referenced against the above Court's Orders [Doc. No(s). 10741 and 10752, respectively]. See Attachment Exhibit A. This communication showed where at least a significant portion of Rule 8006 requirement should have been complied.

On or about 2/7/013, Mr. Kareem was sent notice that Appeal cost was set for $298.00 [see Doc. No. 10764]. In which Mr. Kareem transmitted payment accordingly.

On or about 2/25/13, the U.S. District Court for the District of Delaware, sent a Notice of Docketing for Case No. 13-295 cross-referencing Bankruptcy Case No. 07-11047 CSS AP No. 13-17 [see Doc. No. 2]. In the Notice of Docketing, the Clerk of the Court gave notice of the following:

> *"...this case shall be referred to a United States Magistrate Judge to determine the appropriateness of mediation. Briefing will be deferred."*

4.

### Causes of Error and Neglect

On or about March 17, 2013, Mr. Kareem received from HAHN HESSEN, attorneys for the Plan Trustee, a notice that Appellant had inadvertently failed to file a designation of items to be included in the record on appeal and a statement of issues to be presented under Bankruptcy Rule 8006. Wherefore, this motion is being file to mitigate any errors or deficiencies required under the Rule 8006. Such requisite documents are being filed to state with more clarity the designated items and the issues that are being presented to the Appellate District Court.

Whereas, Claimant/Appellant believes that the errors are amendable and have not prejudiced the Plan Trustee as enumerated in the following:

1. Appellant is pro se and some level of leniency is required.[2]
2. There were factual and inadvertent communication gaps between what Mr. Kareem presumed had been instructed to the Clerk of the Court and what was not processed [See Doc. No. 10763]. For example, Mr. Kareem Notice of Appeal gave instructions to the Clerk of the Court, in which, he presumed that the information would have been transmitted to all parties according to Rule 8006 which states in relevant parts:

*"Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record."*

3. Wherefore, in light of the above, Claimant/Appellant shows cause that certain communications by him and with the clerk of the Bankruptcy to confirm Mr. Kareem's attempted to engaged to process records as it ought to have been. Claimant shows where no bad faith was intended by any inadvertent communication miscues.[3]

---

[2] Citing In re: Arnold et al, **252 B.R. 778 (2000), 9th. Cir.** The court noticed that the Arnolds appeared *pro se* on this appeal. *Pro se* appellants are accorded some leeway, but cannot ignore the Code and Rules, and the rules of this court. *Matter of Thompson,* **140 B.R. 979, 982-985 & n. 9 (N.D.Ill.1992)** (dismissing *pro se* debtors' appeal for failure to provide record, *inter alia*), aff'd, 4 F.3d 997 (7th Cir.1993).

[3] In Pioneer Investment Servs. Co. v. Brunswick Assocs. Limited Partnership, 507 U.S. 380, 393-94, the Supreme Court held that "the enlargement of prescribed time periods under the 'excusable neglect's standard . . . is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." See id. at 391. The Court concluded that the determination of excusable neglect "is at

4. Whereas, the outstanding items does not deprive the District Court of its jurisdiction to take the appeal and noticeably where the court has designated a pending mediation would not prejudice the Plan Trustee with any factual preparedness concerns.[4]

5. Although no pending order is contemplated, Appellant's notice and motion should be sufficient to correct or amend and cure the deficiencies as stated herein.[5]

5.

## Request for Relief

Claimant seeks relief that the time to file his designated record and Statement of Issues are enlarged and allowed out of time as duly noted herein. This request in light of all circumstances is represented to be deemed reasonable by the courts.

Claimant shows where no bad faith occurred and where excusable neglect considerations are ripe for all reasons shown on the records between the two courts and stated herein.

Claimant shows that the Plan Trustee should not be prejudiced by any correction by the second instructions to the Clerk of the Court, *nunc pro tunc*.

Claimant sayeth naught more.

EXECUTED THIS DAY ON OR ABOUT MARCH 19, 2013

*[signature]*
Hussain Kareem, Pro Se
404-0907-0177 (Phone Line)

---

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. Though the Court noted that excusable neglect is a "somewhat 'elastic concept'"

[4] Several courts have held that prejudice, like bad faith, must be shown by "clear and convincing" evidence. See *In re Yonikus*, 996 F.2d 866, 872 (7th Cir.1993); *Brown, supra*, 56 B.R. at 958 and n. 10; *Kobaly v. Slone (In re Kobaly)*, 142 B.R. 743, 748 (Bankr.W.D.Pa. 1992).

[5] The Courts may consider curing deficiencies of the Rule 8006 under excusable neglect. Wherefore, Mr. Kareem has supported his belief why the court should grant him relief for his opportunity to cure. Furthermore, no significant lapse of time has occurred where the principle of *nunc pro tunc* can not be administered to correct any error. See Pioneer Investment Servs. Co. v. Brunswick Assocs. Limited Partnership, 507 U.S. 380, 393-94.