IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
13 APR -2 AM 9: 46

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

Debtors.

---

: Chapter 11

: Case No. 07-11047 (CSS)

: Jointly Administered
  Ref/ Docket Nos. 9692, 10148, 10183, 10182
: 10384, 10384, 10410, 10411, 10713, 10741,
  10763, 10764, & 10765

: **District Court Appeal Case No: 13-295**

## Judicial Notice:
## Second Instruction to the Clerk of the Court to Transmit Designated Records for Appeal; Statement of Issues Presented for Appeal

1.

### Designation of Records for Appeal

Comes now, Mr. Kareem, appellant who seeks the following documents to be prepared and transmitted by the Clerk of the Court to the District Court for Appellate Review:

1. Transcript from November 18th, 2011 hearing.
2. Claimant's Post Hearing Brief
3. Plan Trustee Post Hearing Reply
4. Claimant's Opposition to Plan Trustee Reply

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM InvestWne ent"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

*Priority Delivery # 420 19801 5000 5623 0780 0035 4*

5. Claimants Amended Post Hearing Repply Brief In Opposition To Plan Trustee
6. Claimants Judicial Notice entered on or about October 29, 2012
7. January 2, Findings of Fact and Conclusion s of Law Following Trial and Post Trial Briefing.
8. Claimant's Amended Motions for Reconsideration and New Trial
9. Judicial Notice of Hearing On Motion for Reconsideration Set for March 5, 2013
10. January 27th Order Denying Claimant's Motions
11. Claimant's Notice of Appeal Entered on February 6th
12. February 6th Notice of Filing Fee Due

## Statement of Issues Presented For Appeal

I. This appeal Comes to the District Court for De novo review on the following Standards:

II. Appellant cites that the Standard under Judgment As A Matter Or Law (JMOL) requires "clear and convincing Proof" relevant to the applicable law and for the Bankruptcy Court in the exercise of its duty in a contested matters without a jury trial, applied the correct legal standard. The District Court Appellate Panel may review legal issues de novo related to the bankruptcy court's factual findings under a clearly erroneous standard applied. See _Village Nurseries v. Gould (In re Baldwin Builders)_, 232 **B.R.** 406, 409 (9th Cir. BAP 1999)

III. Mr. Kareem's claims were denied altogether. Effectively, the denial of all of his claims for damages in whole. Wherefore, the questions arises with respect to the trial court's selection the correct legal standard in computing [or denying] damages is to be reviewed de novo. _Mackie v. Rieser, 296 F.3d 909, 916 (9th Cir. 2002)_.

IV. A bankruptcy court's "good faith determination," and "best interests of creditors" determination are all findings of fact. see _Kane v. Johns-Manville Corp., 843 F.2d 636, 649 (2d Cir.1988)_ (best interests of creditors) and reviewable de novo.

V. It is clear that the Appellant has conceded certain fact findings by the court. However, Mr. Kareem maintains that the Court erred in its conclusion of law related to the Mortgagor's contract impairment, his right of redemption under TILA as the failure was time barred for recovery and the Court abused Mr. Kareem's his due process consideration by cancelling oral arguments set for March 5th, 2013

VI. Court abused Mr. Kareem's property rights to be heard at a scheduled March 5th hearing. This right is supported by Georgia's Property Law.

VII. Claimant asserts that all of the below enumerations attests to unresolved issues at law. Claimant shows where the court may have abused its discretion or made plain errors in its JMOL determination, as reasoned below:

(1). Breach of Contract by Mortgagee- Failure to give adequate notice under the Security Instrument Sections 15, 20 and 22, respectively were not addressed by the court.

(2). Breach of TILA by Mortgagee or Assignee are time barred– Failure to rescind or to give notice of rescission to Assignee *AHMA Loan Trust 2006-3* was a duty under the ell settled consumer protection law. The requisite standard were not applied.

(3). Breach of Contract to fully disclose the Adjustable Rate Feature. Testimonies at the oral hearing supports that No verification of delivery of documents by AHMH were given to Mr. Kareem.

(4). AHMH Broker torts were brought into question, during oral argument and the Court refused to consider evidence of contributory breach of contract by agents of AHMH.

(5). Breach of Contract by impairment of security instrument by placing MERS on the security instrument was unlawful as noted under Georgia's fiduciary law was abandoned

(6). Debt Discharged by accommodation was not given adequate consideration under Georgia's case law. Whereby, the Court may have used the wrong legal conclusion of endorsement in blank.

(7). Mr. Kareem challenged the veracity of AHMH knowingly, leaving their lien instrument to impair his land records when AHMH and the Plan Trustee has no expressed interest to enforce the lien against Mr. Kareem.

(8). The Plan Trustee failed to provide any evidence where AHMA Loan Trust 2006-3 is shown to be statutorily in existence to make any claim to AHMH security instrument. The Loan trust had AHMH subsidiaries insolvent which imputes a collapse of the trust.

(9). The legal description for underlying property has been perfected by recent Georgia Historical Land Grant updates. Any claim would be in conflict to land patent/grant laws. Plan Trustee has failed to remedy/

(7). The court's lack of fairness to the creditor toward his property interests is a matter to be determined.

(8). Procedural defect in the Order denying the Amended Motion for Reconsideration. The ruling overstepped the right for the Plan Trustee to respond to the final post judgment motions. Such a right to hearing is a precedent condition under Georgia's property laws.[2]

## Conclusion

Wherefore, Appellant brings the above issues for de novo determination by the District Court.

**EXECUTED THIS DAY ON OR ABOUT MARCH 19, 2013**

Hussain Kareem, Pro Se
**404-0907-0177 (Phone Line)**

---

[2] See Jennings v. Suggs, 180 Ga. 141. Also see Robitzch v. State, 189 Ga. 637. Includes notice and hearings, as a matter of right, in matters where one's property rights are involved.