# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>**Response Deadline: April 30, 2013 at 4:00 p.m.**<br>**Hearing Date: May 20, 2013 at 11:00 a.m.**<br><br>Related to Docket No. 10794 |

## PLACER COUNTY TAX COLLECTOR'S RESPONSE TO PLAN TRUST'S ONE HUNDRED ELEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1; DECLARATION OF JENNY MCMURTRY IN SUPPORT THEREOF

Placer County Tax Collector (the "County"), a creditor and party in interest in these jointly administered chapter 11 cases, by and through its undersigned counsel, hereby responds (the "Response") to the Plan Trust (the "Plan Trust")'s One Hundred Eleventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), as follows:

### PRELIMINARY STATEMENT

1. On August 6, 2007 (the "Petition Date"), American Home Mortgage Holdings, Inc., *et al.* (collectively, the "Debtors") each filed voluntary petitions pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

2. On January 12, 2011, the County timely filed proof of claim no. 10874 in the amount of $6,098.23 (the "Secured Tax Claim"), which arises from the Debtors' delinquent secured tax claims related to ten (10) different assessments in connection with various real properties owned by at least one of the Debtors.[2] A true and correct copy of the Secured Tax Claim is attached as Exhibit "A" to the Declaration of Jenny McMurtry (the "McMurtry Decl."), filed concurrently herewith.

3. On March 22, 2013, the Plan Trust filed this instant Objection, seeking to, among other things, disallow the County's Secured Tax Claim in its entirety.

## SUMMARY OF PLAN TRUST'S OBJECTION

4. The Plan Trust contends that the County's Secured Tax Claim should be disallowed because:

> *Three of the 10 assessments show an ownership change date before April 11, 2008, which was the date of the 'final closing' of the Debtors' sale of their mortgage servicing business to a non-debtor entity f/k/a Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("Homeward Residential"). The Debtors forwarded these 3 assessments to Homeward Residential after which Homeward Residential paid the taxes applicable to these three assessments. The Debtors had no interest in the remaining 7 assessments during the applicable time period since these assessments have an ownership change date after April 11, 2008 and any outstanding tax bills should be forwarded to Homeward Residential for research and/or payment. Based on the foregoing, this claim should be disallowed in its entirety".*

*See* Objection, Exhibit "A", page 1.

Thus, the Plan Trust is alleging that the Debtors are not liable for seven (7) out of the ten (10) assessments due to an "ownership change," and with regard to the remaining three (3) assessments, Homeward Residential paid the taxes applicable to these three (3) assessments.

---

[2] Here, the unsecured personal property taxes became delinquent. Pursuant to California Revenue and Taxation Code ("RTC") § 2191.3, the County recorded certificates of tax liens. Recording such a certificate constitutes a lien upon all of the Debtors' personal and real property in the county where the certificate is recorded and has the force, effect, and priority of a judgment lien. *See* RTC § 2191.4. Moreover, Section 2191.4 also provides that such lien attaches "from the time of the filing of the certificate for record pursuant to Section 2191.3."

However, as described below in greater detail, the Plan Trust's contention must fail and the Secured Tax Claim should be allowed in its entirety.

## ARGUMENT

### A. The Plan Trust's Contention That The Debtors Held No Interest In Seven (7) Out Of Ten (10) Assessments Is Without Merit

5. As set forth above, the Plan Trust claims that because there was an "ownership change" after April 11, 2008, the Debtors are not liable for the seven (7) assessments in issue because these assessments were allegedly incurred after the ownership change. This is a complete and utter misreading of the law.

6. According to the delinquent tax bills which were previously issued to the Debtors with regard to the Secured Tax Claim, such tax bills clearly state that ***"[t]he lien date owner (assessee 12:01 a.m. on January 1) is responsible for payment of this tax bill"*** and that ***"[t]he sale or disposal of property does not relieve the assessee of the obligation to pay these taxes"***. True and correct copies of these tax bills are collectively attached to the McMurtry Decl. as Exhibit "B".

7. The law is well settled that the obligation to pay California property tax fixes on the lien date preceding the fiscal year for which the taxes are due. *See* Cal. Rev. & Tax Code §§ 401.3, 2192. Here, the lien dates were January 1, 2007 and January 1, 2008 for the 2007-2008 and 2008-2009 tax years respectively. *See* Cal. Rev. & Tax Code §§ 117, 405, 2192. Thus, under California law, the taxpayer is liable for the taxes on the property he/she/it owns on the lien date even if the taxpayer no longer owns, controls, or possesses the property during the assessment year (the July 1- June 30 period following the lien date) to which the taxes relate and in which the taxes are due.

8. For example, in *In re Western States Wire Corp.* 490 F.2d 1065 (9th Cir. 1974), the trustee in bankruptcy owned, possessed, and controlled property on the lien date and thus was obligated to pay the tax on the property, even though property was sold prior to the year corresponding to the taxes. Similarly, in the case entitled *Seegmiller v. City of Nevada*, 53 Cal.

App. 4th 1397, 1402-03 (1997), the taxpayer's possession of property on the lien date made him responsible for the full amount of property taxes; the fact that he and the property being taxed were not in within the county or the State for the full tax year to which the taxes related was irrelevant.

9. Since the Debtors clearly owned, possessed and/or controlled these properties on the lien dates (January 1, 2007 and January 1, 2008), which preceded the date of the Debtors' final closing (namely, April 11, 2008), the Debtors are clearly liable for the delinquent taxes and the Plan Trust's request to disallow the County's claim arising in connection with these seven (7) assessments must be denied.

**B.   The County Has Not Received Payment On Account Of The Three (3) Remaining Assessments**

10. The Plan Trust's objection to the three (3) remaining assessments arises from its assertion that "[t]he Debtors forwarded these 3 assessments to Homeward Residential after which Homeward Residential paid the taxes applicable to these three assessments". *See* Objection, Exhibit, p. 1.

11. As set forth in the McMurtry Decl., while it is true that the County received certain checks from Homeward Residential, the County promptly returned such checks to Homeward Residential because such checks contained, at best, vague and undisclosed information concerning the identity of the Debtors, or the appropriate assessments and/or parcels that such checks pertained to. The County also requested clarification with respect to these checks because the County was unable to apply proper payment. After communicating with counsel for the Plan Trust, the County made multiple requests for Homeward Residential and/or the Debtors to reissue such checks, without any success. As of the date of the filing of this Response, the County still has not recovered the checks on account of these three (3) assessments, and is uncertain whether or not the delinquent taxes will ever be paid (which taxes continue to accrue applicable penalties and interest until paid, in full). *See* McMurtry Decl., ¶¶

5-6. Thus, the County respectfully requests entry of an Order compelling prompt payment on account of these outstanding taxes from the proper party.

### C. The Secured Tax Claim Continues To Accrue Applicable Penalties And Interest Until Paid In Full

12. The implementation of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005 ("BAPCPA") enacted Section 511 of the Bankruptcy Code, which statute was designed to prevent bankruptcy judges from using their equitable powers to alter and reduce the interest rate and penalties on a tax claim from the rates imposed under state law, particularly where *ad valorem* taxes are concerned.

13. RTC § 2922(a)(b) provides that the County is entitled to a 10% delinquent penalty in the event the Debtors fail to pay unsecured personal property taxes within the time limit, as follows:

> (a) Taxes on the unsecured roll as of July 31, if unpaid, are delinquent at 5 p.m., or the close of business, whichever is later, on August 31 and thereafter subject to a delinquent penalty of 10 percent.
>
> (b) Taxes added to the unsecured roll after July 31, if unpaid are delinquent and subject to a penalty of 10 percent at 5 p.m., or the close of business, whichever is later, on the last day of the month succeeding the month of enrollment.

RTC § 2922(a)(b).

14. Moreover, Section 506(b) of the Bankruptcy Code provides for "interest on such claim, and any reasonable fees, costs or charges provided under the agreement or *State statute* under which such claim arose". The 10% interest under RTC § 2922(b) is exactly that – "interest" under § 506(b). The plain reading of § 506(b) provides for both "interest and any reasonable fees, costs or charges provided under . . . State statute". Thus, the Debtors cannot purport to receive special treatment and avoid having to pay interest and penalties on its taxes under § 506(b) just because Debtor has filed for bankruptcy. Clearly, Congress intended that

delinquent debtors should not gain an unfair advantage with regard to claims of governmental entities, such as the County, by filing bankruptcy.

15. Furthermore, RTC § 2922(c) and (d) provides additional redemption penalties at 18% per year (1.5% per month) on the unsecured personal property tax claim. Specifically, RTC § 2922(c) and (d) provide, as follows:

> (c) Taxes transferred to the unsecured roll pursuant to any provision of law and already subject to penalties also transferred, shall be subject only to the additional penalties and costs prescribed in subdivisions (d) and (e), which shall attach beginning July 1 and on the first day of each month thereafter.
>
> (d) Unsecured taxes remaining unpaid at 5 p.m., or the close of business, whichever is later, on the last day of the second month after the 10-percent penalty attaches shall be subject to an additional penalty of 1 1/2 percent attaching on the first day of each succeeding month on the amount of the original tax. The additional penalties shall continue to attach until the time of payment or until the time a court judgment is entered for the amount of unpaid taxes and penalties, whichever occurs first.

See RTC § 2922(c)(d).

16. As this Court is well aware, Section 511 was enacted because Congress determined that pre-BAPCPA law was deficient in that bankruptcy judges held certain equitable powers to alter (or reduce) state and local governmental statutory interest rates provided for under applicable law, which resulted in numerous inconsistencies based on the lack of uniformity for determining interest on tax claims. Thus, in order to afford the County with complete relief, Section 511 cannot be ignored and must be read in conjunction with Section 506(b).

17. Moreover, consistent with the goals of Congress to provide fair and consistent protection for *ad valorem* taxes, Section 511 was specifically added to protect state, local, or federal taxing authorities to allow for such authorized governmental entities to receive interest on their claim, at the "applicable nonbankruptcy" interest rate where *ad valorem* taxes are concerned in all bankruptcy cases. Again, pursuant to Section 511, this Court cannot modify, reduce or alter the interest rate on delinquent ad valorem taxes if California law authorizes a stated rate in the applicable state statutes.

18. Accordingly, the County submits that the Secured Tax Claim's penalties and interest must be paid, in full. As of the filing of this Response, the County is owed not less than $7,722.07, which amount properly includes applicable penalties and interest through April 30, 2013 (and which amount will continue to accrue interest and penalties until paid, in full).

## RESERVATION OF RIGHTS

19. The County expressly reserves its rights to supplement and amend this Response, seek discovery with respect to same, and introduce evidence at any hearing relating to this Response.

## CONCLUSION

20. WHEREFORE, the Placer County Tax Collector respectfully requests that the Court: (i) overrule the Plan Trust's Objection and allow the County's Secured Tax Claim, in full, with accrued penalties and interest until paid, in full; and (ii) grant such further relief as the Court deems just and proper.

Dated: April 30, 2013

REGER RIZZO & DARNALL LLP

*/s/ Marc J. Phillips*
Marc J. Phillips (No. 4445)
1001 N. Jefferson Street, Suite 202
Wilmington, DE 19801
Phone: 302-652-3611
Fax: 302-652-3620

-and-

Barry S. Glaser
Jacquelyn H. Choi
STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor
Los Angeles, CA 90071
Telephone: (213) 229-2868
Facsimile: (213) 229-2870
*Attorneys for Placer County Tax Collector*