# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | : : : | Case No. 07-11047 (CSS) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Re: Docket Nos. 4084 and 5287 |

### ORDER APPROVING STIPULATION REGARDING THE OBJECTION OF U.S. BANK NATIONAL ASSOCIATION TO THE DEBTORS' PROPOSED PURCHASER'S CURE AMOUNTS

The Court having reviewed and considered the Stipulation Regarding the Objection of U.S. Bank National Association to the Debtors' Proposed Purchaser's Cure Amounts (the "Stipulation") attached hereto as **Exhibit 1**; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that there is just cause to approve the Stipulation.

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. This Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

2

3. Any stay of this Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is WAIVED, and the Order shall become effective immediately upon entry on the docket in this case.

4. The Clerk of this Court is authorized to take all actions necessary or appropriate to give effect to this Order and the Stipulation.

Dated: _____, 2013

_____<br>
Christopher S. Sontchi<br>
United States Bankruptcy Judge

# EXHIBIT 1

## (Stipulation)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,**[1] | : | **Case No. 07-11047 (CSS)** |
| | : | |
| | : | **Jointly Administered** |
| | : | |
| **Debtors.** | : | |
| | : | Re: Docket Nos. 4084 and 5287 |

## STIPULATION REGARDING THE OBJECTION OF U.S. BANK NATIONAL ASSOCIATION TO THE DEBTORS' PROPOSED PURCHASER'S CURE AMOUNTS

This stipulation (the "Stipulation") is entered into by and among (i) Homeward Residential, Inc. (the "Purchaser"), (ii) Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust (the "Plan Trust") established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009 (the "Plan") in the above-captioned cases, (iii) Citibank, N.A., in its capacity as successor trustee to U.S. Bank National Association with respect to Securitization Trust MASTR 2006-2 (as defined below) ("Trustee Citibank"), and (iv) U.S. Bank National Association, in its capacity as trustee for the Securitization Trusts (as defined below) at all times that it served in such capacity, or such other capacities as it may have under the Trust Documents (as defined below) (in all such capacities, "Trustee U.S. Bank") and, together with Trustee Citibank, the "Securitization Trustees" and each a "Securitization Trustee" and, together with Trustee Citibank, the Purchaser and the Plan Trustee, the "Parties").

## RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Debtors'

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: American Home Mortgage Holdings, Inc., (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York, 11747, except for AHM Servicing, whose address is 4600 Regent Blvd., Suite 200, Irving, Texas 75063.

chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly;

WHEREAS, prior to the Petition Date, Trustee U.S. Bank and the Debtors entered into certain agreements in connection with the Securitization Trusts (collectively, the "U.S. Bank Agreements"),[2] pursuant to which, among other things, the Debtors agreed to service or subservice certain mortgage loans;

WHEREAS, on October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Sale Order") approving the sale of the Debtors' mortgage loan servicing business to the Purchaser (f/k/a AH Mortgage Acquisition Co., Inc., f/k/a American Home Mortgage Servicing, Inc., a Delaware corporation) and, among other things, i) authorizing the Debtors to assume and assign and/or transfer to the Purchaser certain executory contracts (collectively, the "Assumed Contracts"), ii) apportioning the cure amounts related to the Assumed Contracts among the Debtors and the Purchaser such that the Debtors are responsible for all cure amounts arising from defaults based on acts or omissions occurring prior to the initial closing of the sale on November 16, 2007 (the "Initial Closing"), and iii) providing that the Purchaser is responsible for funding the Debtors' payment of cure amounts (the "Purchaser's Cure Amounts") arising from defaults based on acts or omissions relating to the Assumed Contracts occurring during the period from the Initial Closing to the final closing of the sale on April 11, 2008;

WHEREAS, on May 19, 2008, the Debtors filed the Notice of (I) Debtors' Proposed Purchaser's Cure Amounts and (II) Deadline for Filing Objections to the Proposed Purchaser's Cure Amounts [Docket No. 4084] (the "Purchaser's Cure Amount Notice"), which designates, among other things, the U.S. Bank Agreements as Assumed Contracts and lists the proposed Purchaser's Cure Amounts associated with such contracts as $0;

WHEREAS, on July 31, 2008, Trustee U.S. Bank filed its Objection to the Debtors' Proposed Purchaser's Cure Amounts [Docket No. 5287] (the "Objection"), where, among other things, Trustee U.S. Bank objected to the Debtors' proposed Purchaser's Cure Amounts;

WHEREAS, on February 23, 2009, the Debtors' reorganization plan (the "Plan") was confirmed and went effective on November 30, 2010;

WHEREAS, pursuant to the Plan, the Plan Trust was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. The Plan Trustee is the duly appointed plan trustee for the Plan Trust;

WHEREAS, Trustee Citibank and Trustee U.S. Bank have represented to Purchaser and the Plan Trustee that, on May 15, 2009, Trustee Citibank succeeded to Trustee U.S. Bank as trustee solely with respect to one of the Securitization Trusts, the MASTR Asset Securitization Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 ("Securitization Trust MASTR 2006-2"), and Trustee U.S. Bank transferred to Trustee Citibank on such date all

---

[2]  The U.S. Bank Agreements are listed on the attached Schedule A.

of its rights, powers and trusts as trustee under the relevant pooling and servicing agreement, all as more fully set forth in the Resignation, Successor Appointment and Acceptance Agreement dated as of May 15, 2009, between Trustee Citibank, Trustee U.S. Bank, and Mortgage Asset Securitization Transactions, Inc., as depositor; and

WHEREAS, the Purchaser, the Plan Trustee, Trustee Citibank, and Trustee U.S. Bank have reached an agreement, subject to Court approval, that resolves the Objection on the terms set forth below;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## AGREEMENT

1. **Effectiveness**. This Stipulation shall be effective upon entry of a final order by the Court (the "Approval Order") approving this Stipulation.

2. **Satisfaction of Purchaser's Cure Amounts**. The Purchaser shall pay Trustee U.S. Bank $10,150 in full satisfaction of any and all Purchaser's Cure Amounts with respect to the U.S. Bank Agreements (the "Settlement Proceeds"). Trustee U.S. Bank and Trustee Citibank hereby waive all rights they may have, if any, to assert any additional Purchaser's Cure Amounts against the Purchaser, the Debtors, the Plan Trust or the Plan Trustee in connection with the U.S. Bank Agreements. Trustee Citibank hereby waives and releases all rights it may have to the Settlement Proceeds. The Purchaser shall pay the Settlement Proceeds to Trustee U.S. Bank within ten (10) calendar days of the entry of the Approval Order. Nothing herein is intended to affect, nor shall it affect, the *Stipulation by and Among the Plan Trustee, Citibank, N.A., as Trustee, and U.S. Bank National Association, as Trustee, Resolving (I) Cure Claims Asserted in Connection with the Assumption and Assignment of Certain Loan Servicing Agreements to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) and (II) Certain Proofs of Claim* filed with the Court on October 19, 2012 [Docket No. 10625], and/or the order of the Court dated November 14, 2012 [Docket No. 10652] approving same.

3. **Releases**. Upon Trustee U.S. Bank's receipt of the Settlement Proceeds, the Plan Trust, the Plan Trustee and the Debtors shall be deemed to release and discharge the Purchaser from any claims or causes of action relating to the Purchaser's obligation, if any, to fund and be liable for any and all Purchaser's Cure Amounts arising from or relating to the U.S. Bank Agreements.

4. **No Evidence**. The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

5. **Successors**. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

6. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

7. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

8. **Jurisdiction.** The Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of the Approval Order.

9. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

10. **Execution in Counter-Parts.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

*[Remainder of page intentionally left blank]*

Dated:   Wilmington, Delaware
         May 20, 2013

_____

Mark Minuti (DE No. 2659)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840

*Attorneys for Homeward Residential, Inc.*

Dated:   Boston, Massachusetts
         May ___, 2013

U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee U.S. Bank

*/s/ Laura L. Moran*

Name: Laura L. Moran
Title: Vice President

Dated:   Wilmington, DE
         May 2, 2013

_/s/ Sean M. Beach_

Sean M. Beach (DE No. 4070)
Patrick A. Jackson (DE No. 4976)
YOUNG CONAWAY STARGATT
 & TAYLOR LLP
Rodney Square
1000 W. King Street
Wilmington, DE 19801
(302) 571-6600

         - and -

Mark S. Indelicato
Edward L. Schnitzer
HAHN & HESSEN LLP
488 Madison Avenue
New York, NY 10022
(212) 478-7200

*Attorneys for the Debtors, the Plan Trust and the Plan Trustee*

Dated:    New York, New York
          May __, 2013

CITIBANK, N.A., in its capacity as Trustee Citibank

_____

Name: Jennifer McCourt
Title: Vice President

## SCHEDULE A

| U.S. Bank Agreement | Trust |
|---|---|
| Assignment, Assumption and Recognition Agreement, made on the 1st day of January, 2006, among American Home Mortgage Servicing, Inc., as seller, American Home Mortgage Corp. as servicer, U.S. Bank National Association, not in its individual capacity but solely as trustee on behalf of GSR Mortgage Loan Trust 2006-AR1, and GS Mortgage Securities Corp., as assignor and is acknowledged by Wells Fargo Bank, N.A., as master servicer; and related documents | GSR Mortgage Loan Trust 2006-AR1 |
| Assignment, Assumption and Recognition Agreement made the 28th day of April, 2006, among American Home Mortgage Servicing, Inc., a Maryland corporation, American Home Mortgage Corp., GS Mortgage Securities Corp., a Delaware corporation, and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-6, and as acknowledged by JPMorgan Chase Bank, National Association, as master servicer; and related documents | GSAA Home Equity Trust 2006-6 |
| Assignment, Assumption and Recognition Agreement, made as of April 28, 2006, among EMC Mortgage corporation, U.S. Bank National Association, not individually but solely as trustee for the holders of Bear Stearns Asset Backed Securities I Trust 2006-AC3, Asset-Backed Certificates, Series 2006-AC3, American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.; and related documents | Bear Stearns Asset Backed Securities I Trust 2006-AC3 |
| Assignment, Assumption and Recognition agreement, made the 26th day of May, 2006, among American Home Mortgage Servicing, Inc., a Maryland corporation, GS Mortgage Securities Corp., a Delaware corporation, and U.S. Bank National Association, not in its individual capacity, but solely as trustee on behalf of GSAA Home Equity Trust 2006-9, and as acknowledged by JPMorgan Chase Bank, National Association, as master servicer; and related documents | GSAA Home Equity Trust 2006-9 |
| Assignment, Assumption and Recognition Agreement, made as of June 30, 2006, among EMC Mortgage Corporation, U.S. Bank National Association, not individually but solely as trustee for the holders of Bear Stearns Asset Backed Securities I Trust 2006-AC4, Asset-Backed Certificates, Series 2006-AC4, American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.; and related documents | Bear Stearns Asset Backed Securities I Trust 2006-AC4 |

| U.S. Bank Agreement | Trust |
|---|---|
| Assignment, Assumption and Recognition Agreement, dated as of June 1, 2006, entered into among J.P. Morgan Acceptance Corporation I, a Delaware corporation, U.S. Bank National Association, as trustee of J.P. Morgan Alternative Loan Trust 2006-A3, J.P. Morgan Mortgage Acquisition Corp., American Home Mortgage Servicing, Inc., as the servicer and Wells Fargo Bank, N.A.; and related documents | J.P. Morgan Alternative Loan Trust 2006-A3 |
| Assignment, Assumption and Recognition Agreement, dated as of November 15, 2006, among UBS Real Estate Securities Inc., Mortgage Asset Securitization Transactions, Inc., American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.; and related documents | MASTR Adjustable Rate Mortgages Trust 2006-OA2 |
| Assignment, Assumption and Recognition Agreement, dated as of January 16, 2007, among UBS Real Estate Securities Inc., as Assignor, Mortgage Asset Securitization Transactions, Inc., as Assignee, American Home Mortgage Corp., and American Home Mortgage Servicing, Inc., as Servicer; and related documents | MASTR Adjustable Rate Mortgages Trust 2007-1 |
| Assignment, Assumption and Recognition Agreement, dated as of May 15, 2007, among UBS Real Estate Securities Inc., Mortgage Asset Securitization Transactions, Inc., American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.; and related documents | MASTR Adjustable Rate Mortgages Trust 2007-3 |
| Assignment, Assumption and Recognition Agreement, made as of January 30, 2007, among EMC Mortgage Corporation, U.S. Bank, National Association, not individually but solely as trustee for the holders of Bear Stearns Asset Backed Securities I Trust 2007-AC1, Asset-Backed Certificates, Series 2007-AC1, American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.; and related documents | Bear Stearns Asset Backed Securities I Trust 2007-AC1 |
| RMBS Servicing Agreement, dated as of October 7, 2005, among Wells Fargo Bank, N.A., as RMBS Master Servicer, American Home Mortgage Investment Trust 2005-4A, as Issuer, U.S. Bank National Association, as Indenture Trustee, American Home Mortgage Acceptance, Inc., as Seller, and American Home Mortgage Acceptance, Inc., as RMBS Servicer; and related documents | American Home Mortgage Investment Trust 2005-4A |
| RMBS Subservicing Agreement, dated as of October 7, 2005, among American Home Mortgage Investment Trust 2005-4A, as Issuer, U.S. Bank National Association, as Indenture Trustee, American Home Mortgage Servicing, Inc., as RMBS Subservicer, and American Home Mortgage Acceptance, Inc., as RMBS Servicer; and related documents | American Home Mortgage Investment Trust 2005-4A |

| U.S. Bank Agreement | Trust |
|---|---|
| Servicing Agreement, dated as of October 7, 2005, among Wells Fargo Bank, N.A., as RMBS Master Servicer, American Home Mortgage Investment Trust 2005-4C, as Issuer, U.S. Bank National Association, as Indenture Trustee, American Home Mortgage Acceptance, Inc., as Seller, and American Home Mortgage Servicing, Inc., as RMBS Servicer; and related documents | American Home Mortgage Investment Trust 2005-4C |
| Master Mortgage Loan Purchase and Servicing Agreement, dated as of September 1, 2003, among Merrill Lynch Mortgage Capital, Inc., as Purchaser, and American Home Mortgage Corp., as Seller and Servicer[1]; and related documents | MLMI 2003-A6 |
| Assignment, Assumption and Recognition Agreement, dated as of March 29, 2006, among UBS Real Estate Securities Inc., Mortgage Asset Securitization Transactions, Inc., American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.[2]; and related documents | MASTR Alternative Loan Trust 2006-2 |
| Assignment, Assumption and Recognition Agreement, dated as of April 20, 2006, among UBS Real Estate Securities Inc., Mortgage Asset Securitization Transactions, Inc., American Home Mortgage Corp. and American Home Mortgage Servicing, Inc.[3]; and related documents | MASTR Adjustable Rate Mortgages Trust 2006-OA1 |

---

[1] Although Debtors' schedules do not identify U.S. Bank as associated with this agreement, Trustee U.S. Bank has independently confirmed, and the parties to this Stipulation agree, that this agreement and the related trust are properly included in this Stipulation.

[2] Although Debtors' schedules do not identify U.S. Bank as associated with this agreement, Trustee U.S. Bank has independently confirmed, and the parties to this Stipulation agree, that this agreement and the related trust are properly included in this Stipulation.

[3] Although Debtors' schedules do not identify U.S. Bank as associated with this agreement, Trustee U.S. Bank has independently confirmed, and the parties to this Stipulation agree, that this agreement and the related trust are properly included in this Stipulation.