## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,  :    Case No. 07-11047 (CSS)
a Delaware corporation, et al., [1]                       :
                                                          :    Jointly Administered
                                                          :
Debtors.                                                  :    **Response Deadline: July 8, 2013 at 4:00 p.m. (ET)**
                                                          :    **Hearing Date: July 15, 2013 at 10:00 a.m. (ET)**

-------------------------------------------------------------- x

### PLAN TRUST'S ONE HUNDRED FOURTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors (the "Debtors"), through the undersigned counsel, hereby objects (the "Objection") to the

claims or interests (the "Disputed Claims") listed on Exhibits A and B to the proposed form of

order (the "Proposed Order") attached hereto as Exhibit III, pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") and requests the entry of an order disallowing in full, or modifying

and fixing, such Disputed Claims as described herein.  In support of this Objection, the Plan

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

Trust relies on the Declaration of Eileen Wanerka in Support of the Plan Trust's One Hundred Fourteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, attached hereto as Exhibit I.  In further support, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## BACKGROUND

2.      On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3.      On August 14, 2007, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors.  On October 21, 2008, the Trustee appointed an Official Committees of Borrowers.

4.      On February 23, 2009, the Court entered an order [Docket No. 7042] confirming the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [Docket No. 7029] (the "Plan").  The Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010.

01:13720488.1

## **BAR DATE AND PROOFS OF CLAIM**

5.     On August 17, 2007, this Court entered an order [Docket No. 222] appointing Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent in these chapter 11 cases.  Epiq is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, inter alia, information regarding the name and address of each claimant, the date the proof of claim was received by Epiq, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

6.     On October 30, 2007, this Court entered an order [Docket No. 1708] (the "Bar Date Order") establishing January 11, 2008 at 4:00 p.m. (ET) (the "Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Petition Date and approving the form and manner of notice of the Bar Date.  Pursuant to the Bar Date Order, the Court established a bar date of February 4, 2008 for government entities.  Pursuant to the Bar Date Order, actual notice of the Bar Date was sent to (i) all known entities holding potential prepetition claims and their counsel (if known); (ii) all parties that have requested notice in these cases; (iii) all equity security holders; (iv) the United States Trustee; (v) the Securities and Exchange Commission; and (vi) all taxing authorities for the jurisdictions in which the Debtors do business.  In addition, notice of the Bar Date was published in the Dallas Morning Star, the Saint Louis Post-Dispatch and the national edition of The New York Times on November 6, 2007.  Affidavits of service and publication confirming such actual and publication notice of the Bar Date have been filed with this Court [Docket Nos. 2439, 2460, 2461, 3284].

7.     To date, in excess of 10,000 proofs of claim have been filed in these chapter 11 cases.

**RELIEF REQUESTED**

8.      By this Objection, the Plan Trust seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full, or modifying and fixing, the Disputed Claims listed in Exhibits A and B to the Proposed Order for the reasons set forth below.  This Objection complies in all respects with Local Rule 3007-1.

**A.      No Liability Claim**

9.      After reviewing the claim identified in Exhibit A to the Proposed Order (the "No Liability Claim") and supporting materials as well as the Debtors' books and records, which the Plan Trust believes to be accurate, the Plan Trust has determined that the Plan Trust (as assignee of the Debtors' estates pursuant to the Plan) is not liable with respect to the No Liability Claim.  Moreover, the Plan Trust cannot justify this claim as valid.  Consequently, the Plan Trust believes the No Liability Claim identified in Exhibit A should be disallowed and expunged in its entirety.  Failure to disallow the No Liability Claim will result in the claimant (or his estate) receiving unwarranted recoveries against the Debtors' estates, to the detriment of creditors in these cases.  Accordingly, the Plan Trust hereby objects to the No Liability Claim and requests entry of an order disallowing and expunging in full the No Liability Claim identified in Exhibit A.

**B.      Modified Amount Claim**

10.      The claimant asserting the claim identified in Exhibit B to the Proposed Order (the "Modified Amount Claim") asserted an unliquidated, general unsecured claim in an amount of not less than $250,000 based on alleged discrimination in 2005.  However, neither the documentation attached to claim form nor the complaint filed in the referenced district court action allows the Plan Trustee to determine either the validity of the claimed amount or whether

the Modified Amount Claim has any merit.  On October 8, 2009, the district court action referenced in the attachment to the Modified Amount Claim form was dismissed without prejudice upon motion of the claimant.  Counsel to the Plan Trustee made several attempts to contact claimant's counsel and eventually spoke with such counsel on or about January 18, 2013. During that call, claimant's counsel stated that (i) they hadn't spoken with the claimant for a couple of years and were unable to locate her, (ii) they believed that claimant had since divorced and changed her name, and (iii) they would attempt to locate and speak with the claimant to obtain a liquidated claim amount to resolve the claim.  Claimant's counsel has made no further communications with the Plan Trustee's counsel on these matters and has not responded to follow-up inquiries by the Plan Trustee's counsel.  The Plan Trustee does not believe that the Debtor against which the Modified Amount Claim was asserted has any liability for this claim and the Plan Trustee has been unable to resolve the claim on a consensual basis given the claimant's absence and lack of communication by her counsel.  Accordingly, the Plan Trustee hereby objects object to the Modified Amount Claim in order to fix or otherwise determine the extent of the Plan Trust's liability on account of this claim and requests entry of an order modifying and fixing the value of the Modified Amount Claim to the dollar value listed under the column titled "Modified Amount" in Exhibit B.

## BORROWER CLAIMS

11.    The No Liability Claim filed by Richard Horvath [POC No. 90000], which is listed in Exhibit A to the Proposed Order, is a "Borrower Claim" as that term is defined in the Plan.  Article 17 of the Plan and the Confirmation Order set forth certain requirements with respect to objections to Borrower Claims.  In accordance with Article 17 of the Plan, the Plan Trustee proposed a reasonable settlement to the claimant.  However, the settlement letter was returned as undeliverable since the claimant no longer lived at the address.  The Plan Trustee's

representatives performed an investigation and, upon information and belief, such investigation revealed that the claimant unfortunately is now deceased. The Plan Trustee's representatives made numerous attempts to locate an estate representative or family member of the claimant, however, such attempts were not successful. Further, the Plan Trustee has checked the case docket and confirmed with the claims agent that neither the claimant's family (if any) nor his estate has provided updated contact information. Additionally, the Plan Trustee has attached a certification of counsel attached hereto as Exhibit II, which states that the Plan Trust has complied with the requirements of Article 17 of the Plan and the Confirmation Order.

## **RESERVATION OF RIGHTS**

12.    The Plan Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection.

## **NOTICE**

13.    The Plan Trustee has provided notice of this Objection to (i) the Office of the United States Trustee; (ii) holder (or their counsel) of the Disputed Claims; (iii) counsel for the Plan Oversight Committee; and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. L.R. 2002-1(b).

*[Remainder of page intentionally left blank]*

WHEREFORE, the Plan Trustee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit III, sustaining this Objection in all respects and granting such other and further relief as the Court deems just and proper.

Dated: June 14, 2013
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

# EXHIBIT I

**Declaration of Eileen Wanerka**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------- x
In re:                                          :   Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,          :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹               :
                                                :   Jointly Administered
        Debtors.                                :
------------------------------------------------------------------- x
```

### DECLARATION OF EILEEN WANERKA IN SUPPORT OF PLAN TRUST'S ONE HUNDRED FOURTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Eileen Wanerka, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Director of Claims Administration for the above-captioned debtors (the "Debtors") and the AHM Liquidating Trust (the "Plan Trust"), which was established pursuant to the Plan.   In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.   I have read the Plan Trust's One Hundred Fourteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

---

¹       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

2.      Considerable resources and time have been expended in reviewing and reconciling the proofs of claim filed or pending against the Debtors in these cases. The claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel, including the Debtors' claims agent Epiq Bankruptcy Solutions, LLC. These efforts resulted in the identification of the "No Liability Claim" and "Modified Amount Claim", as defined in the Objection and identified in <u>Exhibits A</u> and <u>B</u> to the Proposed Order.

3.      The information contained in <u>Exhibits A</u> and <u>B</u> to the Proposed Order is true and correct to the best of my knowledge.

4.      The Plan Trust has reviewed the No Liability Claim, related supporting documentation, and the Debtors' books and records and determined that there is no record of any liability on account of the claim identified in <u>Exhibit A</u> to the Proposed Order. Accordingly, to prevent the claimant (or his estate) from receiving an unwarranted recovery, the Plan Trust seeks to expunge and disallow in full the No Liability Claim.

5.      The Plan Trust has reviewed the documentation referenced in the Modified Amount Claim, and the Debtors' books and records, and determined that the claim identified in <u>Exhibit B</u> to the Proposed Order should be modified and fixed to the amount listed in <u>Exhibit B</u>. Accordingly, to prevent the claimant from receiving an unwarranted recovery, the Plan Trustee seeks to modify by fixing the Modified Amount Claim.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct to the best of my knowledge and belief.

Executed on June 14, 2013

Eileen Wanerka
AHM Liquidating Trust
Director of Claims Administration

01:13720488.1

3

# Exhibit II

**Certification of Counsel**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------ x
In re:                                            :  Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                  :
                                                  :  Jointly Administered
        Debtors.                                  :
                                                  :
------------------------------------------------------------------ x
```

### PLAN TRUSTEE'S CERTIFICATION OF COUNSEL REGARDING COMPLIANCE WITH ARTICLE 17 OF THE DEBTORS' AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTORS DATED AS OF FEBRUARY 18, 2009 IN CONNECTION WITH THE PLAN TRUST'S ONE HUNDRED FOURTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

In connection with the Plan Trust's One Fourteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"),[2] the undersigned counsel for the Plan Trustee hereby certifies that the Objection complies in all respects with Article 17 of the Debtors' confirmed Plan and the Confirmation Order.  Specifically, in accordance with Article 17 of the Plan, the Plan Trustee proposed a reasonable settlement to Richard Horvath, the borrower-claimant identified in Exhibit A to the Objection.  However, the settlement letter was returned as undeliverable since the claimant no longer lived at the address.  The Plan Trustee's representatives performed an investigation and, upon information and belief, such investigation

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

01:13720488.1

revealed that the claimant unfortunately is now deceased. The Plan Trustee's representatives made numerous attempts to locate an estate representative or family member of the claimant, however, such attempts were not successful. Further, the Plan Trustee has checked the case docket and confirmed with the claims agent that neither the claimant's family (if any) nor his estate has provided updated contact information. Furthermore, the Plan Trustee has served the Objection on the borrower-claimant's last known address along with a notice that apprises his family or estate representative of their right to appear telephonically at the hearing on the Objection and a copy of the Bankruptcy Court's procedures regarding telephonic appearances.

Dated: June 14, 2013
     Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

/s/ Michael S. Neiburg
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

Co-Counsel to the Plan Trustee

01:13720488.1