# EXHIBIT III

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                          :    Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                              :
                                                                :    Jointly Administered
Debtors.                                                        :
------------------------------------------------------------------------ x    **Ref. Docket No. _____**

## ORDER SUSTAINING PLAN TRUST'S ONE HUNDRED FOURTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the one hundred fourteenth omnibus (substantive) objection to claims (the "Objection") of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors, by which Steven D. Sass, as the Plan Trustee, respectfully requests the entry of an order pursuant to section 502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, disallowing in full, or modifying and fixing, such Disputed Claims[2] identified on Exhibits A and B attached hereto; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that due and

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

adequate notice of the Objection having been given under the circumstances; and the Court having determined that the Objection complies with Article 17 of the Plan and the Confirmation Order; and sufficient cause appearing thereof; it is hereby

ORDERED that the Objection is sustained as set forth herein; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit A is hereby disallowed in its entirety; and it is further

ORDERED that the Disputed Claim identified on the attached Exhibit B is hereby modified and fixed at the dollar value noted under the column titled "Modified Amount" in Exhibit B; and it is further

ORDERED that the Plan Trustee reserves the right to amend, modify or supplement this Objection, and to file additional objections to any claims filed in these chapter 11 cases including, without limitation, the claims that are the subject of this Objection; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
      July ___, 2013

                                        _____
                                        CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## No Liability Claim

01:13720488.1

## Exhibit A

## No Liability Claims

──────── Objectionable Claim ────────

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| HORVATH, RICHARD 550 S CRIMSON ROAD MESA, AZ 85208 | 90000 | 11/26/06 | 07-11047 | Unspecified* | On August 31, 2007, the borrower-claimant ("Claimant") filed a stay relief motion [D.I. 612] to permit him to continue prosecution of a pending district court action. In that action, Claimant alleged the Debtor violated Section 6 of Respa (12 USC Sec. 2605), FCRA (15 USC Sec 1681) and Arizona statutes in connection with servicing a construction loan relating to real property located in Maricopa County, Arizona. The Debtors filed an objection [D.I. 192] to the motion and Claimant filed a response [D.I. 996] in support of his motion. On October 9, 2007, the Court entered an order [D.I. 1389] which (i) denied the motion without prejudice, and (ii) provided that the motion and response are deemed a proof of claim in the amount asserted (approx. $363,959). In February 2009, the Debtors requested additional information from the Claimant in order to assess the validity and/or amount of the claim. In April 2009, Claimant provided documentation and outlined the alleged bases for the asserted amount of the claim. The Plan Trustee investigated the allegations in the claim, and the documentation provided by the Claimant, and believes the Debtors have no liability on account of this claim. Nonetheless, on February 4, 2013, as required by the Plan, the Plan Trustee proposed a reasonable settlement to the Claimant. However, the settlement letter was returned as undeliverable since the Claimant no longer lived at the address. The Plan Trustee's representatives have performed an investigation and, upon information and belief, such investigation revealed that the Claimant unfortunately is now deceased. The Plan Trustee subsequently made numerous attempts to locate an estate representative or family member of the Claimant, however, such attempts were not successful. Further, the Plan Trustee has checked the case docket and confirmed with the claims agent that neither the Claimant's family (if any) nor his estate has provided updated contact information. So, the Plan Trust finds itself in the unfortunate position of having to object to a claim that was filed by a person now believed to be deceased and for which the Plan Trustee has no contact information for any family members or an estate representative. Given the status of these cases generally, and, more specifically, of the claims reconciliation process, the Plan Trustee feels compelled to object to the claim. For the reasons set forth below, the Plan Trustee respectfully requests that the Court disallow the claim in its entirety.<br><br>In sum, the claim alleges the Debtors improperly serviced claimant's loan and contends there were issues surrounding the transfer of servicing and failure to timely file certain closing documents in connection with the loan. These allegations are without merit. First, servicing of the loan was transferred to debtor AHM SV Inc (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV") on or about March 16, 2006. Due to the servicing transfer, Claimant was provided a 60-day grace period (through and including May 15, 2006) for payments as required by law. Claimant failed to timely make payments after the expiration of this 60-day grace period and the resulting delinquency relates to the date the payment would originally have been due, not the expiration date of the grace period. Second, part of the claim is premised on an alleged failure to timely provide Claimant with a letter indicating that servicing of his loan was transferred to AHM SV. The Debtor's records however, reveal that the prior servicer (Union Federal Bank) and debtor AHM Corp. sent Claimant a notice dated March 1, 2006 indicating that the servicing of his construction loan was being transferred from the bank to AHM SV. The letter contains all necessary information which both the bank and Debtor AHM Corp. are required by law to provide to Claimant. A copy of that letter is available upon request. Lastly, another part of the claim is premised on the allegation that AHM SV did not timely file certain closing documents, including the "Affidavit of Affixture" for Claimant's home in October 2005, which purportedly affected the payment of Claimant's motor vehicle and property taxes. This assertion is wrong since AHM SV did not originate the loan and only became the servicer in March 2006. Thus, AHM SV could not have been responsible for filing any closing documents in October 2005. Moreover, even though AHM SV was not responsible for filing any closing documents in October 2005, the Maricopa County recorder's website verifies that the Affidavit of Affixture was recorded on October 16, 2006 as Document # 2006'1362076. A printout from the website is |

———— Objectionable Claim ————

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | | | | | available upon request. Further, the Debtors' records indicate that when AHM SV became aware that 3 loan documents were not properly executed at the time of closing, AHM SV notified the Claimant by letter dated January 9, 2007. Those 3 loan documents were subsequently executed in February 2007. Based on the foregoing, the Debtors have no liability for the claim and it should be disallowed in its entirety. |
| **Totals:** | **1 Claim** | | | **Unspecified*** | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.

# EXHIBIT B

**Modified Amount Claim**

## Exhibit B

## Modified Claims

――――――― Objectionable Claims ―――――――

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Modified Amount | Comments |
|---|---|---|---|---|---|---|
| VAN HOOZER, KARLA<br>3737 WOODLAND AVE STE 630<br>W DES MOINES, IA 50266-1937 | 9262 | 1/1/08 | 07-11051 | - (S)<br>- (A)<br>- (P)<br>$250,000.00 (U)<br>$250,000.00 (T) | - (S)<br>- (A)<br>- (P)<br>$1.00 (U)<br>$1.00 (T) | Claimant asserted that this unliquidated, general unsecured claim "has a value of at least $250,000." However, neither the documentation attached to claim form nor the complaint filed in the district court action allows the Plan Trustee to determine either the validity of the claimed amount or whether the claim has any merit. On October 8, 2009, the district court action referenced in the attachment to the claim form was dismissed without prejudice upon motion of the claimant. On November 5, 2012, counsel to the Plan Trustee sent a letter to the claimant's counsel requesting a liquidated claim amount, but initially received no response. Counsel to the Plan Trustee made further attempts to contact claimant's counsel and eventually spoke with such counsel on or about January 18, 2013. During that call, claimant's counsel stated that (i) they hadn't spoken with the claimant for a couple of years and are unable to locate her, (ii) they believed that claimant had since divorced and changed her name, and (iii) they would not attempt to locate and speak with the claimant to obtain a liquidated claim amount to resolve the claim. Claimant's counsel has made no further communications with the Plan Trustee's counsel on these matters and has not responded to follow-up inquiries by the Plan Trustee's counsel. The Plan Trustee does not believe that debtor AHM Corp has any liability on account of this claim and has been unable to resolve the claim on a consensual basis given the claimant's absence and lack of communication by her counsel. Given the status of these cases generally, and, more specifically, of the claims reconciliation process, the Plan Trustee feels compelled to object to this unliquidated claim in order to fix or otherwise determine the extent of the Plan Trust's liability on account of this claim. Based on the foregoing, the Plan Trustee requests that the Court enter an order modifying and fixing this claim in the amount of $1 (general unsecured). |
| **Totals:** | **1 Claim** | | | - (S)<br>- (A)<br>- (P)<br>$250,000.00 (U)<br>$250,000.00 (T) | - (S)<br>- (A)<br>- (P)<br>$1.00 (U)<br>$1.00 (T) | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.