IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: July 8, 2013, 4:00pm |
| | ) | Hearing Date:     July 15, 2013, 10:00am |

## MOTION OF STONE RIDGE AT FAIRFIELD CONDOMINIUM ASSOCIATION, INC. FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Stone Ridge at Fairfield Condominium Association, Inc. ("Stone Ridge"), through its undersigned counsel, respectfully moves this Honorable Court for a motion for relief from automatic stay under Section 362 of the Bankruptcy Code (the "Motion") with respect to certain real property located at 100 Stone Ridge Way, Unit 3C, Fairfield, Connecticut 06825. In support of this Motion, Stone Ridge states the following:

1.   Stone Ridge is a condominium association that has a statutory lien against certain real property commonly known as 100 Stone Ridge Way, Unit 3C, Fairfield, Connecticut 06825 (the "Property"). Stone Ridge seeks to foreclose a statutory lien for unpaid condominium assessment fees and costs in the Superior Court of the State of Connecticut. American Home Mortgage Holdings, Inc. (the "Debtor") either has no interest, or holds a subordinate security interest, in the Property. Upon information and belief, the Debtor has no equity in the Property. The Property is not necessary for the effective reorganization of the Debtor, and Stone Ridge is not adequately protected. Accordingly, Stone Ridge seeks relief from the automatic stay to execute its statutory lien.

1

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 14099(a). The statutory basis for the relief requested in this Motion is 11 U.S.C. §§ 362 and 105.

3.      On April 2, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possessions pursuant to §§ 11079(a) and 1108 of the Bankruptcy Code.

4.      Stone Ridge is a condominium association which holds a statutory lien against the Property pursuant to § 47-258 of the Connecticut Common Interest Ownership Act ("Section 47-258"). (A true and correct copy of the statutory provisions is attached hereto as **Exhibit A**.) Under Section 47-258, under certain circumstances, the lien has priority over first and second mortgages. Stone Ridge intends on executing the lien to recover unpaid assessments and other sums that are overdue to the association.

5.      The record holder of the Property is Kent P. Farrington. (A true and correct copy of the title report of the Property is attached hereto as **Exhibit B**.) The title indicates that there is a first mortgage on the Property held by Mortgage Electronic Registration Systems, Inc. ("MERS"). In accordance with the title, MERS holds the mortgage as the nominee of the Debtor. Debtor was the lender under the mortgage. Under Connecticut law, MERS' interest in the Property is considered the barest of legal title. Therefore, the Debtor, as the nominor, must be named as a party to the foreclosure action pursuant to Connecticut law.

6.      Upon information and belief, the Debtor assigned the mortgage and no longer has an interest in the mortgage. Even if the Debtor did not assign its mortgage interest, the Stone Ridge statutory lien has priority, and executing on the lien would have *de minimus* or no effect

2

on the Debtor's collateral position with respect to the Property. Thus, the Debtor has no equity (or *de minimus* equity) in the Property. The Debtor either no longer holds a security interest in the Property or is a junior lien holder to Stone Ridge. Because the Debtor either has no interest in the Property, or its junior interest adds *de minimus* or no value to the estate, the Property is not necessary for the Debtor's reorganization.

7. Furthermore, upon information and belief, the value of the Property is decreasing, or not increasing, at the same rate of the debts owed to Stone Ridge, leaving Stone Ridge inadequately secured. Stone Ridge does not know whether the Property is being adequately maintained by the obligor, and its collateral position may be rapidly dissipating.

8. Accordingly, relief from the automatic stay is appropriate pursuant to § 363(d)(2) of the Bankruptcy Code because the Debtor has no equity in the Property; the Property is not necessary for the effective reorganization of the Debtor; and Stone Ridge's interest in the Property is not adequately protected.

WHEREFORE, for the foregoing reasons, Stone Ridge respectfully requests that this Court enter an Order terminating the automatic stay allowing Stone Ridge to exercise its non-bankruptcy rights and remedies to the Property including, but not limited to, foreclosure of the Mortgage, and granting such other and further relief as the Court deems just and proper.

                                                COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

                                                James F. Harker, Esquire (Bar I.D. No. 255)
                                                Scott T. Earle, Esquire (Bar I.D. No. 4541)
                                                Nemours Building, Suite 1130
                                                1007 North Orange Street
                                                Wilmington, DE  19801
                                                (302) 425-5089
                                                *Attorneys for Stone Ridge at Fairfield Condominium Association, Inc*

DATED:    June 21, 2013