# EXHIBIT "A"

§ 47-258. Lien for assessments and other sums due association. Enforcement - WestlawN... Page 1 of 2

Case 07-11047-CSS    Doc 10838-1    Filed 06/21/13    Page 2 of 3

WestlawNext

§ 47-258. Lien for assessments and other sums due association. Enforcement
Connecticut General Statutes Annotated Title 47. Land and Land Titles  Effective: July 1, 2010  (Approx. 3 pages)

Title 47. Land and Land Titles
Chapter 828. Common Interest Ownership Act (Refs & Annos)
Part III. Management of Common Interest Communities (Refs & Annos)

Proposed Legislation

Effective: July 1, 2010

C.G.S.A. § 47-258

§ 47-258. Lien for assessments and other sums due association. Enforcement

Currentness

(a) The association has a statutory lien on a unit for any assessment attributable to that unit or fines imposed against its unit owner. Unless the declaration otherwise provides, reasonable attorneys' fees and costs, other fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) and (12) of subsection (a) of section 47-244 and any other sums due to the association under the declaration, this chapter, or as a result of an administrative, arbitration, mediation or judicial decision, are enforceable in the same manner as unpaid assessments under this section. If an assessment is payable in installments, the full amount of the assessment is a lien from the time the first installment thereof becomes due.

(b) A lien under this section is prior to all other liens and encumbrances on a unit except (1) liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to, (2) a first or second security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent, or, in a cooperative, a first or second security interest encumbering only the unit owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent, and (3) liens for real property taxes and other governmental assessments or charges against the unit or cooperative. The lien is also prior to all security interests described in subdivision (2) of this subsection to the extent of (A) an amount equal to the common expense assessments based on the periodic budget adopted by the association pursuant to subsection (a) of section 47-257 which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce either the association's lien or a security interest described in subdivision (2) of this subsection and (B) the association's costs and attorney's fees in enforcing its lien. A lien for any assessment or fine specified in subsection (a) of this section shall have the priority provided for in this subsection in an amount not to exceed the amount specified in subparagraph (A) of this subsection. This subsection does not affect the priority of mechanics' or materialmen's liens or the priority of liens for other assessments made by the association.

(c) Unless the declaration otherwise provides, if two or more associations have liens for assessments created at any time on the same property, those liens have equal priority.

(d) Recording of the declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is required.

(e) A lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessments becomes due; provided, that if an owner of a unit subject to a lien under this section files a petition for relief under the United States Bankruptcy Code,[1] the period of time for instituting proceedings to enforce the association's lien shall be tolled until thirty days after the automatic stay of proceedings under Section 362 of the Bankruptcy Code[2] is lifted.

(f) This section does not prohibit actions against unit owners to recover sums for which subsection (a) of this section creates a lien or prohibit an association from taking a deed in lieu of foreclosure.

NOTES OF DECISIONS (23)
Amount of priority debt
Attorney fees
Litigation expenses
Notice
Pleadings
Priority of liens
Remedies available
Res judicata

(g) A judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party.

(h) The association on request made in a record shall furnish to a unit owner a statement in recordable form setting forth the amount of unpaid assessments against the unit. The statement shall be furnished within ten business days after receipt of the request and is binding on the association, the executive board and every unit owner.

(i) In a cooperative, on nonpayment of an assessment on a unit, the unit owner may be evicted in the same manner as provided by law in the case of an unlawful holdover by a tenant, and the lien may be foreclosed as provided by this section.

(j) The association's lien may be foreclosed in like manner as a mortgage on real property.

(k) In any action by the association to collect assessments or to foreclose a lien for unpaid assessments, the court may appoint a receiver of the unit owner pursuant to section 52-504 to collect all sums alleged to be due from that unit owner prior to or during the pendency of the action. The court may order the receiver to pay any sums held by the receiver to the association during the pendency of the action to the extent of the association's common expense assessments based on a periodic budget adopted by the association pursuant to subsection (a) of section 47-257.

(*l*) If a holder of a first or second security interest on a unit forecloses that security interest, the purchaser at the foreclosure sale is not liable for any unpaid assessments against that unit which became due before the sale, other than the assessments which are prior to that security interest under subsection (b) of this section. Any unpaid assessments not satisfied from the proceeds of sale become common expenses collectible from all unit owners, including the purchaser.

(m) An association may not commence an action to foreclose a lien on a unit under this section unless: (1) The unit owner, at the time the action is commenced, owes a sum equal to at least two months of common expense assessments based on the periodic budget last adopted by the association pursuant to subsection (a) of section 47-257; (2) the association has made a demand for payment in a record; and (3) the executive board has either voted to commence a foreclosure action specifically against that unit or has adopted a standard policy that provides for foreclosure against that unit.

(n) Every aspect of a foreclosure, sale or other disposition under this section, including the method, advertising, time, date, place and terms, shall be commercially reasonable.

**Credits**
(1983, P.A. 83-747, § 59, eff. Jan. 1, 1984; 1984, P.A. 84-472, § 16, eff. June 8, 1984; 1989, P.A. 89-254, § 14; 1991, P.A. 91-341, § 15, eff. July 3, 1991; 1991, P.A. 91-359, § 1, eff. July 5, 1991; 1995, P.A. 95-187, § 22, eff. Oct. 1, 1995; 2009, P.A. 09-225, § 32, eff. July 1, 2010; 2010, P.A. 10-186, § 13, eff. July 1, 2010.)

| Notes of Decisions (23) |
|---|

| Footnotes |
|---|
| 1 | 11 U.S.C.A. § 101 et seq. |
| 2 | 11 U.S.C.A. § 362. |

C. G. S. A. § 47-258, CT ST § 47-258
Current with Public Acts enrolled and approved by the Governor on or before June 1, 2013 and effective on or before July 1, 2013

End of Document    © 2013 Thomson Reuters. No claim to original U.S. Government Works.

Preferences | My Contacts | Offers | Getting Started | Help | Live Chat | Sign Off
WestlawNext. © 2013 Thomson Reuters | Privacy Statement | Accessibility | Contact Us | 1-800-REF-ATTY (1-800-733-2889) | Improve WestlawNext

THOMSON REUTERS