IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | : | (Jointly Administered) |
| a Delaware Corporation, et al., | : | |
| | : | **Hearing Date: July 15, 2013 @ 10:00 a.m.** |
| Debtors. | : | **Obj. Deadline: July 8, 2013 @ 4:00 p.m.** |
| | : | |
| | : | Re: D.I. 10123, 10828 |

------------------------------------------------------------------x

**CLAIMANT TORRENCE CALDWELL'S RESPONSE TO
EIGHTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULES 3007-1**

Claimant Torrence Caldwell ("Claimant"), by and through his undersigned attorneys

Gellert Scali Busenkell & Brown, LLC, as and for his response to the Eighty-Fifth Omnibus

(Substantive) Objections to Claims Pursuant To Section 502(b) Of The Bankruptcy Code,

Bankruptcy Rules 3003 And 3007, And Local Rules 3007-1 (the "Objection"), respectfully sets

forth as follows:

**BACKGROUND**

1.      On February 8, 2010, Claimant slipped and fell on ice (the "Incident") that

accumulated in front of premises known as and located at 104 West 120th Street, New York, New

York and sustained a fractured ankle and other injuries.  According to the deed duly recorded with

the New York City County Clerk (attached hereto as Exhibit 1), the premises was owned on the

Incident date by one of the Debtors herein, American Home Mortgage Acceptance, Inc. (the

"Debtor").  On or about April 30, 2010, the Debtor sold the premises to Omega Venture Capital III,

LLC for $550,000.00.  A copy of the April 30, 2010 deed is attached as Exhibit 2.  Thus, the Debtor

was the owner of record of the premises on February 8, 2010, the date of Claimant's Incident. A printout from the New York City Department of Finance, Office of the City Register (attached hereto as Exhibit 3), confirms the history of title to the premises from the time the Debtor acquired it.

2.       According to Section 7-210 of the Administrative Code of the City of New York (attached hereto as Exhibit 4 hereto), effective September 14, 2003 the owner of real property is liable for failure to maintain the sidewalk in a reasonably safe condition, including negligent failure to remove snow and ice[1]. Hence, the Debtor is liable for the condition of the sidewalk in front of and adjacent to the Premises at the time of Claimant's Incident.

3.       Claimant commenced an action solely against the Debtor to recover damages for his injuries in the New York State Supreme Court in and for New York County (Index No. 150162/2010) on August 6, 2010 (the "State Court Action"). A copy of the Supplemental Summons and Amended Verified Complaint is attached as Exhibit 5. The Debtor's Verified Answer (attached hereto as Exhibit 6) admits that the Debtor owned the premises on the date of Claimant's Incident. See Exhibit 6, ¶2.

4.       Claimant timely filed its claim based on the Incident on December 28, 2010, at claim number 10852 (the "Claim").

5.       The Trustee now seeks an Order disallowing the Claim because, according to the Trustee:

> The Debtors have no interest in the subject property referenced in the personal injury complaint attached to the claim form. Moreover, non-debtor AHMSI[2] has insurance

---

[1] We note that the Code contains an exemption for one, two or three-family residential property that is in whole or part owner occupied and used exclusively for residential purposes. Although the premises is a three-family residential property, it was not owner occupied on the date of the incident and the exemption is inapplicable.

[2] The alleged non-debtor, AHMSI, apparently refers to American Home Mortgage Servicing Inc. According to footnote 1 of the Re-Notice related to the Objection, AHMSI became debtor AHM SV, Inc., a Maryland corporation [i.e., "AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing Inc.)"] and another entity is using its name.

to cover the personal injury claim and its in-house counsel acknowledged receipt of the personal injury complaint and indicated that non-debtor AHMSI would address the matters raised in this complaint.  Based on the foregoing, the claim should be disallowed in the entirety.

See Objection, Exhibit A - Objectionable Claim.

## ARGUMENT

6.        Pursuant to Fed. R. Bankr. P. 3001(f), a timely proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added); Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 22 n.2 (2002) (noting that, under Federal Rules of Bankruptcy Procedure, proof of claim is prima facie evidence of claim's validity and amount).

7.        A debtor or trustee objecting to a claim has the burden of producing evidence rebutting the *prima facie* validity of such claim.  See In re Reilley, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with sufficient evidence rebutting the validity of a properly filed proof of claim.").  Only then does the burden revert back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. See In re Reilley, 245 B.R. at 773-74; Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995).

8.        To satisfy its burden, the objecting party must produce evidence that is of equal force to the proof of claim.  See In re Reilley, 245 B.R. at 773; In re Consol. Pioneer Mort., 178 B.R. at 226; see also Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000)

("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.").

9.    AHMSI's "indication" that it "would address the matters raised in the Complaint" does not provide evidence sufficient to meet the Trustee's burden in order to rebut the *prima facie* validity of the Claim.  In fact, the Trustee's statement provides no evidence to support the basis for the disallowance of the Claim.  Presumably, the Trustee's position is based on  the letter from the Trustee's counsel dated September 23, 2011 (attached hereto as Exhibit 7, pp. 2-3), as set forth below:

The Mortgage Loan

On October 6, 2004 AHM Acceptance originated a mortgage loan . . . (the "Loan") with respect to the real property identified in the State Court Action (the "Property"). On March 13, 2007, the loan was securitized and sold to a securitization trust . . . (the "Trust").  Upon the completion of this sale, all of AHM Acceptance's interests in the loan were transferred to the Trust; however, the servicing rights were retained by American Home Mortgage Servicing, Inc., which at that time was an affiliate of AHM Acceptance.  AHM Acceptance never repurchased the Loan from the Trust or otherwise had any further involvement with this loan or the Property.[3]  Moreover, as discussed below, the Debtor's servicing rights to the loan were sold to a non-debtor third party almost two years prior to the date of Mr. Caldwell's (Claimant) alleged injuries.

The Debtors' Bankruptcy Cases and Sale of the Mortgage Loan Servicing Business

On August 6, 2007, AHM Acceptance and its affiliated Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United  States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  During the Bankruptcy Cases, the Debtors filed a motion (the "Sale Motion") seeking an order from the Bankruptcy Court approving the proposed asset purchase agreement (the "APA") and authorizing the Debtors to sell their mortgage loan servicing business (the "Servicing Business") to the non-debtor AH Mortgage Acquisition Co., Inc. (the "Purchaser"), an entity which was established for the

---

[3] This is clearly not accurate since the property was deeded to AHM Acceptance (the Debtor/defendant) on October 18, 2007 (see Exhibit 1) and it remained the beneficial/deed owner of the property until it sold same on or about April 30, 2010 (see Exhibit 2).

purpose of this sale and is controlled by non-debtor WL Ross & Co.

On October 30, 2007, the Bankruptcy Court entered an Order . . . approving the Sale Motion.   To promote an easier transition of the Servicing Business, the APA provided, among other things, that the Purchaser: (i) would operate the Servicing Business from the Debtor's former loan servicing headquarters . . . ; and (ii) would use the name "American Home Mortgage Servicing, Inc." on a going forward basis. The debtor entity f/k/a American Home Mortgage Servicing, Inc. officially changed its name to AHM SV, Inc. . . . . Thus, after April, 2008, neither AHM Acceptance or any other Debtor had an interest in the Loan, the servicing rights thereto or the related Property.[4]

10.      While the Trustee and his counsel have tried to advance every possible argument to the contrary, the undisputable fact remains that the Debtor was the legal owner of the premises on the date of the Incident, February 28, 2010, and has admitted same in the State Court Action.

11.      In fact, at or about the same time that the Debtor was selling its mortgage servicing business, it purchased beneficial ownership of the premises at issue for $91,000.00 at a foreclosure sale (see Exhibits 1 and 7) and retained legal title to the premises for approximately 2 1/2 years thereafter (see Exhibit 2).   The Debtor then chose to sell the premises two (2) months after Claimant's Incident for $550,000.00.   The Trustee's counsel stated that "AHM Acceptance received no proceeds from the sale" and the "foreclosure and subsequent sale" were "in error and invalid since AHM Acceptance had no involvement in the sale and had no interest in either the Loan, the servicing rights or Property after the securitization and sale of the Loan to the Trust on March 13, 2007" (see Exhibit 7, p. 3).   However, as discussed above, the deeds (see Exhibits 1 and 2) demonstrate otherwise.

12.      Disallowance of the Claim would severely prejudice the Claimant in the State Court Action because the only defendant in the State Court Action is the Debtor, and defense

---

[4] Once again, this is clearly not accurate.  See footnote 3.

counsel has refused to identify any other responsible defendant or stipulate to substitute another

entity for the Debtor. Thus, if the Claim is disallowed, such action in this Court would effectively

end the State Court Action and leave Claimant with no source from which to seek and obtain redress

for the injuries he sustained.

13.    Accordingly, this Court should deny the Trustee's Objection in its entirety. In the

alternative, as a Court of equity, this Court should fashion an appropriate remedy to protect the

Claimant which would allow his State Court Action to continue and allow him his right to a trial by

jury.

WHEREFORE, Claimants respectfully requests that this Court deny the Trustee's Objection

and grant such other relief as this Court deems just and proper.

Dated: Wilmington, Delaware
       July 8, 2013

                                        Gellert Scali Busenkell & Brown, LLC

                                        By: _____
                                            Michael Busenkell (DE No. 3933)
                                            Brya M. Keilson (DE 4643)
                                            913 N. Market Street 10th Floor
                                            Wilmington, Delaware 19801
                                            302-425-5800 (phone)
                                            302-425-5814 (fax)
                                            mbusenkell@gsbblaw.com
                                            bkeilson@gsbblaw.com

                                        *Attorneys for Claimant Torrence Caldwell*

# EXHIBIT 1



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2008032000650001001E6D5E |

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 3

| Document ID: 2008032000650001 | Document Date: 10-10-2007 | Preparation Date: 03-20-2008 |
|---|---|---|

Document Type: DEED
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| BARRETTA REALTY SKYLINE (BRSR PICK-UP) | OMNI TITLE AGENCY |
| 175 REMSEN STREET | 6800 JERICHO TURNPIKE, SUITE 207W |
| OMNI TITLE AGENCY (0701-295361) | SYOSSET, NY 11791 |
| BROOKLYN, NY 11201 | |
| 718-306-1154 | |
| kavitajurakan@realtyskyline.com | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1904 | 137 | Entire Lot | 104 WEST 120 STREET |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or  Document ID_____ or _____ Year_____ Reel _____ Page _____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| BRUCE FEFFER | AMERICAN HOME MORTGAGE ACCEPTANCE, INC. |
| 30 BROAD STREET, 15TH FLOOR | 4600 REGENT BOULEVARD #200 |
| NEW YORK, NY 10004 | IRVING, TX 75063 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | 75.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 3,354.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | |
| MTA: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| NYCTA: | $ | 0.00 | CITY OF NEW YORK | |
| Additional MRT: | $ | 0.00 | Recorded/Filed       03-27-2008 10:00 | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | |
| Recording Fee: | $ | 47.00 | 2008000122578 | |
| Affidavit Fee: | $ | 0.00 | | |

*City Register Official Signature*

<u>REFEREE'S DEED IN FORECLOSURE</u> - <u>STATUTORY FORM F</u>

This DEED made October _18_, 2007, between BRUCE FEFFER, ESQ., Referee with offices at 30 Broad St., 15th Flr, NY, NY 10004 duly appointed in the action hereinafter mentioned, Grantor, and American Home Mortgage Acceptance, Inc. with offices at 4600 Regent Blvd., Irving, Texas 70563, grantee.

WITNESSETH, that the Grantor, the Referee appointed in an action between the Mortgage Electronic Registration Systems, Inc as nominee for American Home Mortgage Acceptance, Inc., plaintiff, against Keren Estime a/k/a Karen Estime, held in the Supreme Court of the State of New York, New York County under Index No. 112860/05 foreclosing a mortgage recorded on the 20th day of December, 2004 in the Office of the Clerk of the County of New York in CRFN # 2004000779655, in pursuance of a judgment entered at an IAS Term Part 23 of the Supreme Court of the State of New York on September 5, 2007 held in and for the County of New York on October 10, 2007, and in consideration of the sum of NINETY ONE THOUSAND AND 00/100 ($91,000.00) DOLLARS paid by the Grantee, being the highest sum bid at the sale under said judgment, the Grantor hereby grant and convey unto the Grantee in the foreclosure action.

All that certain plot, piece or parcel of land, with the buildings and improvements thereon, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 120th Street, distant 103 feet westerly from the southwesterly corner of 120th Street and Lenox Avenue;

RUNNING THENCE westerly along the southerly side of 120th Street 18 feet;

THENCE southerly parallel with Lenox Avenue and part of the way through a party wall 100 feet 11 inches;

THENCE easterly parallel with 120th Street 18 feet;

THENCE northerly parallel with Lenox Avenue and part of the way through another party wall 100 feet and 11 inches to the point or place of BEGINNING.

Said premises being known as 104 West 120th Street.

Block: 1904        Lot: 137

To Have and to Hold the premises herein granted unto the Grantee, their heirs and assigns forever, subject to the following:

1.   Any state of facts an accurate survey or physical inspection may disclose.

2.   Covenants, restrictions, easements, agreements and reservations, if any, of record.

3.   Regulations and ordinances of any municipal authority having jurisdiction thereof.

4.   Real Estate Taxes, if any.

5.   Water and water meter charges and sewer rents, if any.

6.   Assessment, if any.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, the date first above written.

In Presence of:

BRUCE FEFFER, ESQ.
Referee

STATE OF NEW YORK  :
                                    : ss.:
COUNTY OF NEW YORK:

On the _19_ day of October, in the year 2007, before me, the undersigned, a notary public in and for said state, personally appeared BRUCE FEFFER, ESQ., personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public                                               SEAL

CINDY MILLER
Notary Public, State of New York
No. 01MI6163794
Qualified in Bronx County
Commission Expires Jan. 12, 20__

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER



2008032000650001001SA3DF

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2008032000650001 | Document Date: 10-10-2007 | Preparation Date: 03-20-2008 |
| Document Type: DEED | | |

ASSOCIATED TAX FORM ID: 2008031900070

SUPPORTING DOCUMENTS SUBMITTED:

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 1 |

| FOR CITY USE ONLY | | | | |
|---|---|---|---|---|
| C1. County Code | | C2. Date Deed Recorded | Month   Day   Year | |
| C3. Book OR C5. CRFN | | C4. Page | | |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

**PROPERTY INFORMATION**

| 1. Property Location | 104 | WEST 120 STREET | | MANHATTAN | | 10027 |
|---|---|---|---|---|---|---|
| | STREET NUMBER | STREET NAME | | BOROUGH | | ZIP CODE |

2. Buyer Name

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

| LAST NAME / COMPANY | FIRST NAME |
|---|---|
| LAST NAME / COMPANY | FIRST NAME |

3. Tax Billing Address — Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)

| | LAST NAME / COMPANY | FIRST NAME |
|---|---|---|
| STREET NUMBER and STREET NAME | CITY OR TOWN | STATE   ZIP CODE |

4. Indicate the number of Assessment Roll parcels transferred on the deed    1    # of Parcels   OR   ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

5. Deed Property Size    _____ FRONT FEET   X   _____ DEPTH   OR   _____ ACRES

8. Seller Name

| FEFFER | | BRUCE |
|---|---|---|
| LAST NAME / COMPANY | | FIRST NAME |
| LAST NAME / COMPANY | | FIRST NAME |

9. Check the box below which most accurately describes the use of the property at the time of sale:

| A | ✓ One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F | Apartment | H | Community Service | J | Public Service |

**SALE INFORMATION**

10. Sale Contract Date    10 / 10 / 2007
    Month   Day   Year

11. Date of Sale / Transfer    10 / 10 / 2007
    Month   Day   Year

12. Full Sale Price $                    0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

| A | | Sale Between Relatives or Former Relatives |
|---|---|---|
| B | | Sale Between Related Companies or Partners in Business |
| C | | One of the Buyers is also a Seller |
| D | | Buyer or Seller is Government Agency or Lending Institution |
| E | ✓ | Deed Type not Warranty or Bargain and Sale (Specify Below) |
| F | | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | | Significant Change in Property Between Taxable Status and Sale Dates |
| H | | Sale of Business is Included in Sale Price |
| I | | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | | None |

**ASSESSMENT INFORMATION** – Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class    C 2

16. Total Assessed Value (of all parcels in transfer)

17. Borough, Block and Lot / Roll Identifier(s)  ( If more than three, attach sheet with additional Identifier(s) )

MANHATTAN 1904 137

**CERTIFICATION** — I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| BUYER | | BUYER'S ATTORNEY | |
|---|---|---|---|
| | | Weinreb | Alan |
| BUYER SIGNATURE | DATE | LAST NAME | FIRST NAME |
| | | 516 | 945-6055 |
| STREET NUMBER | STREET NAME (AFTER SALE) | AREA CODE | TELEPHONE NUMBER |
| | | **SELLER** | |
| | | Bruce Feffer | 10-18-07 |
| CITY OR TOWN | STATE   ZIP CODE | SELLER SIGNATURE | DATE |
| | | Reserve | |

2007101600237201

FOR CITY USE ONLY

C1. County Code

C2. Date Deed
Recorded _____ / _____ / _____
              Month   Day   Year

C3. Book _____
OR
C4. Page _____

C5. CRFN _____

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

PROPERTY INFORMATION

| 1. Property Location | 104 | WEST 120 STREET | | MANHATTAN | | 10027 |
|---|---|---|---|---|---|---|
| | STREET NUMBER | STREET NAME | | BOROUGH | | ZIP CODE |

2. Buyer Name
AMERICAN HOME MORTGAGE ACCEPTANCE, INC.
LAST NAME / COMPANY                                   FIRST NAME

LAST NAME / COMPANY                                   FIRST NAME

3. Tax Billing Address
Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY                  FIRST NAME

STREET NUMBER AND STREET NAME        CITY OR TOWN        STATE    ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed    1    # of Parcels    OR    ___ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size
FRONT FEET ___ X ___ DEPTH    OR    ___ ACRES

Check the boxes below as they apply:
6. Ownership Type is Condominium ☐
7. New Construction on Vacant Land ☐

8. Seller Name
FEFFER                                   BRUCE
LAST NAME / COMPANY                       FIRST NAME

LAST NAME / COMPANY                       FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

| A ☐ | One Family Residential | C ☐ | Residential Vacant Land | E ☐ | Commercial | G ☐ | Entertainment / Amusement | I ☐ | Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B ☑ | 2 or 3 Family Residential | D ☐ | Non-Residential Vacant Land | F ☐ | Apartment | H ☐ | Community Service | J ☐ | Public Service |

SALE INFORMATION

10. Sale Contract Date    10 / 10 / 2007
                         Month  Day  Year

11. Date of Sale / Transfer    10 / 10 / 2007
                               Month  Day  Year

12. Full Sale Price $                    0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

| A ☐ | Sale Between Relatives or Former Relatives |
|---|---|
| B ☐ | Sale Between Related Companies or Partners in Business |
| C ☐ | One of the Buyers is also a Seller |
| D ☐ | Buyer or Seller is Government Agency or Lending Institution |
| E ☑ | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F ☐ | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G ☐ | Significant Change in Property Between Taxable Status and Sale Dates |
| H ☐ | Sale of Business is Included in Sale Price |
| I ☐ | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J ☐ | None |

ASSESSMENT INFORMATION  – Data should reflect the latest Final Assessment Roll and Tax Bill

15. Building Class    C, 2

16. Total Assessed Value (of all parcels in transfer)

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN  1904  137

CERTIFICATION    I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER                                              BUYER'S ATTORNEY

BUYER SIGNATURE               DATE            LAST NAME                          FIRST NAME

                                              516       945-6055
STREET NUMBER    STREET NAME (AFTER SALE)     AREA CODE    TELEPHONE NUMBER
                                                           SELLER

CITY OR TOWN    STATE    ZIP CODE            SELLER SIGNATURE                    DATE

CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER                                                    BUYER'S ATTORNEY

| BUYER SIGNATURE | | DATE | LAST NAME | | | FIRST NAME |
|---|---|---|---|---|---|---|
| | | | 516 | 945-6055 | | |
| STREET NUMBER | STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER | | |

SELLER

| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | DATE |
|---|---|---|---|---|

2008031900070201



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of   MANHATTAN
   Block: 1904                                    Lot: 137

(2) Account Number (if applicable):
   Meter Number (if available–include the letter):

(3) Street Address of Property Receiving Service:
   Street  104 WEST 120 STREET                     City NY               State  NY   Zip 10027

(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
   (please provide information on owner ONLY; do NOT give information on property manager or tenant):
   Owner's Name        Business: AMERICAN HOME MORTGAGE ACCEPTANCE, INC.
                      or Individual:
                                        (Last Name)              (First Name)                (MI)
   Street 4600 REGENT BLVD. #200                  City  IRVING          State TX    Zip 75063
   Home Phone(Numbers only):                      Business Phone(Numbers only):

## Customer Billing Information:

PLEASE NOTE:

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

B. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

C. Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
   Name of Party to Receive Duplicate Copies of Bills:

(6) Mailing Address: Street                    City              State           Zip

(7) Relationship to Owner (check one):   Managing Agent ☐          Mortgagee ☐
                                        Tenant ☐     Other (please explain):

## Owner's Approval

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

(8) E-mail:

(9) Name of Owner:

(10) Signature:
   Name and Title of Person Signing for Owner, if applicable:
   Date(mm/dd/yyyy):          /         /

BCS-7CRF Rev. 05/2003                                        2007101600237101

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York    )
                     ) SS.:
County of            )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 104 WEST 120 STREET | | |
|---|---|---|
| Street Address | | Unit/Apt. |
| MANHATTAN | New York, | 1904        137     (the "Premises"); |
| Borough | | Block         Lot |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

| Name of Grantor (Type or Print) | Name of Grantee (Type or Print) |
|---|---|
| Signature of Grantor | Signature of Grantee |
| Sworn to before me this ____ date of _____ 19 ____ | Sworn to before me this ____ date of _____ 19 ____ |

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.

( 1 )

2008031900070101

EXHIBIT 2



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | |

2010050400729001001E88B4

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| Document ID: 2010050400729001 | Document Date: 04-30-2010 | Preparation Date: 05-04-2010 |

Document Type: DEED
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| MADISON TITLE AGENCY, LLC (PICK-UP-RAPID) AS AGENT FOR OLD REPUBLIC 1125 OCEAN AVENUE LAKEWOOD, NJ 08701 212-808-9400 pickup@rapidrecording.com | B. DAVID SCHREIBER, ESQ 366 PEARSALL AVENUE SUITE 1 CEDARHURST, NY 11516 MTANY-057585 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1904 | 137 | Entire Lot | 104 WEST 120TH STREET |

Property Type: DWELLING ONLY - 4 FAMILY

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or _____ Year_____ Reel ___ Page _____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| AMERICAN HOME MORTGAGE ACCEPTANCE, INC. C/O FEIN, SUCH, KLEIN & SHEPARD, PC, 7 CENTURY DRIVE, SUITE 201 PARSIPPANY, NJ 07054 | OMEGA VENTURE CAPITAL III LLC 1365 48TH STREET BROOKLYN, NY 11219 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 250.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 14,437.50 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 2,200.00 |
| Spec (Additional): | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | |
| TASF: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| MTA: | $ | 0.00 | CITY OF NEW YORK | |
| NYCTA: | $ | 0.00 | Recorded/Filed    05-07-2010 16:03 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 0.00 | 2010000154821 | |
| Recording Fee: | $ | 52.00 | *Annette M Hill* | |
| Affidavit Fee: | $ | 0.00 | *City Register Official Signature* | |

# Bargain & Sale Deed

THIS INDENTURE, made this _As of_ 30th day of _April_ , 2010

BETWEEN

AMERICAN HOME MORTGAGE ACCEPTANCE, INC. , c/o Fein. Such, Klein, + Shepard, PC – 7 century Drive, STE 201 _Grantor,_
AND    Parsippany, N.J. 07054

OMEGA VENTURE CAPITAL III, LLC, whose address is 1365 48th Street, Brooklyn, NY 11219    _Grantee,_

WITNESSETH, that the grantor, in consideration of Five Hundred and Fifty Thousand AND NO/100 ($550,000.00) paid by the grantee hereby grants and releases unto the grantee, the heirs or successor and assigns of the grantee forever,

### SEE ATTACHED SCHEDULE A LEGAL DESCRIPTION

THIS CONVEYANCE IS SUBJECT TO all easements, covenants and restrictions of record, if any, affecting the premises.

BEING AND INTENDING TO CONVEY part of the same premises conveyed to the Grantor herein by Referee's Deed dated October 18, 2007 given by Bruce Feffer, ESQ, as Referee, and recorded on March 27, 2008 in the New York County Clerk's Office in CRFN#2008000122578.

This transfer does not constitute all or substantially all of the assets of the corporation and same is given in the ordinary and regular course of business actually conducted by the grantor corporation.

Property Address:    104 West 120th Street, New York, NY 10027

Tax Information.:    1904-137

Tax Mailing Address:

TOGETHER with the appurtenances and all the estate and rights of the grantor in and to said premises.

TO HAVE AND TO HOLD the premises herein granted unto the grantee, the heirs or successors and assigns of the grantee forever.  AND the said grantor covenants that the grantor has not done or suffered anything whereby the said premises have been encumbered in any way whatever.  This deed is subject to the trust provisions of Section 13 of the Lien Law.

The words "grantor" and "grantee" shall be construed to read in the plural whenever the sense of this deed so requires.

IN WITNESS WHEREOF, the grantor has executed this deed the day and year first above written.

*In presence of:*

AMERICAN    HOME    MORTGAGE
ACCEPTANCE, INC.

By: *Chiante Proctor*

Chiante Proctor        (Print Name)
Assistant Secretary
Title: _____

STATE OF _____Texas_____    )
COUNTY OF ____Dallas____    )    ss.:

On the 24th day of March, in the year 2010 before me, the undersigned, personally appeared ____Chiante Proctor____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon be half of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the  State of California, County of ____Dallas____ .

_____
Notary Public

SEAL

CARI STUMP
My Commission Expires
September 1, 2013

# Old Republic National Title Insurance Company

Title No.: MTANY-057585

## SCHEDULE A CONTINUED

### LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of New York, County of New York, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 120th Street, distant 103 feet westerly from the southwesterly corner of 120th Street and Lenox Avenue;

RUNNING THENCE westerly along the southerly side of 120th Street 18 feet;

THENCE southerly parallel with Lenox Avenue and part of the way through a party wall 100 feet 11 inches;

THENCE easterly parallel with 120th Street 18 feet;

THENCE northerly parallel with Lenox Avenue and part of the way through another party wall, 100 feet 11 inches to the point or place of BEGINNING.

NOTE:  Being District , Section , Block(s) 1904, Lot(s) 137, Tax Map of the Borough of New York, County of New York.

NOTE: Lot and Block shown for informational purposes only.

*For Policy*

Issued by:
**Madison Title Agency, LLC**
**1125 Ocean Avenue, Lakewood, NJ 08701**
Telephone: 212-808-9400 Fax: 212-808-9420

{057585.PFD/057585/33}

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

2010050400729001001S4635

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

| Document ID: 2010050400729001 | Document Date: 04-30-2010 | Preparation Date: 05-04-2010 |
|---|---|---|
| Document Type: DEED | | |

ASSOCIATED TAX FORM ID: 2010032400312

SUPPORTING DOCUMENTS SUBMITTED:

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 2 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 3 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

| FOR CITY USE ONLY | | | | | |
|---|---|---|---|---|---|
| C1. County Code | | C2. Date Deed Recorded | | | REAL PROPERTY TRANSFER REPORT |
| | | Month    Day    Year | | | STATE OF NEW YORK |
| C3. Book | | | | | STATE BOARD OF REAL PROPERTY SERVICES |
| OR | | C4. Page | | | **RP - 5217NYC** |
| C5. CRFN | | | | | (Rev 11/2002) |

**PROPERTY INFORMATION**

1. Property Location   | 104 | WEST 120TH STREET | | MANHATTAN | 10027
   STREET NUMBER    STREET NAME    BOROUGH    ZIP CODE

2. Buyer Name   OMEGA VENTURE CAPITAL III LLC
   LAST NAME / COMPANY    FIRST NAME

   LAST NAME / COMPANY    FIRST NAME

3. Tax Billing Address   Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
   LAST NAME / COMPANY    FIRST NAME

   STREET NUMBER AND STREET NAME    CITY OR TOWN    STATE    ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed    1    # of Parcels  OR   [ ] Part of a Parcel

   4A. Planning Board Approval - N/A for NYC
   4B. Agricultural District Notice - N/A for NYC

5. Deed Property Size    ____ X ____  OR  ____
   FRONT FEET    DEPTH    ACRES

   Check the boxes below as they apply:
   6. Ownership Type is Condominium   [ ]
   7. New Construction on Vacant Land   [ ]

8. Seller Name   AMERICAN HOME MORTGAGE ACCEPTANCE, INC.
   LAST NAME / COMPANY    FIRST NAME

   LAST NAME / COMPANY    FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

| A [ ] | One Family Residential | C [ ] | Residential Vacant Land | E [ ] | Commercial | G [ ] | Entertainment / Amusement | I [ ] | Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B [ ] | 2 or 3 Family Residential | D [ ] | Non-Residential Vacant Land | F [✓] | Apartment | H [ ] | Community Service | J [ ] | Public Service |

**SALE INFORMATION**

10. Sale Contract Date    2 / 10 / 2010
    Month  Day  Year

11. Date of Sale / Transfer    4 / 30 / 2010
    Month  Day  Year

12. Full Sale Price $    5 5 0 0 0 0

( Full Sale Price is the total amount paid for the property including personal property.
This payment may be in the form of cash, other property or goods, or the assumption of
mortgages or other obligations.)  Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

| | |
|---|---|
| A [ ] | Sale Between Relatives or Former Relatives |
| B [ ] | Sale Between Related Companies or Partners in Business |
| C [ ] | One of the Buyers is also a Seller |
| D [ ] | Buyer or Seller is Government Agency or Lending Institution |
| E [ ] | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F [ ] | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G [ ] | Significant Change in Property Between Taxable Status and Sale Dates |
| H [ ] | Sale of Business is Included in Sale Price |
| I [ ] | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J [✓] | None |

**ASSESSMENT INFORMATION  - Data should reflect the latest Final Assessment Roll and Tax Bill**

15. Building Class   C, 2      16. Total Assessed Value (of all parcels in transfer)

17. Borough, Block and Lot / Roll Identifier(s)  ( If more than three, attach sheet with additional identifier(s) )

   MANHATTAN 1904  137

**CERTIFICATION**   I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the
making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

| BUYER | | BUYER'S ATTORNEY | |
|---|---|---|---|
| BUYER SIGNATURE | DATE | LAST NAME | FIRST NAME |
| STREET NUMBER | STREET NAME (AFTER SALE) | AREA CODE | TELEPHONE NUMBER |
| | | SELLER | |
| CITY OR TOWN | STATE    ZIP CODE | SELLER SIGNATURE | DATE |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

| FOR CITY USE ONLY | | |
|---|---|---|
| C1. County Code | | C2. Date Deed Recorded |
| | | MONTH   DAY   YEAR |
| C3. Book OR | | C4. Page |
| C5. CRFN | | |

**PROPERTY INFORMATION**

1. Property Location:  104   WEST 120TH STREET   MANHATTAN   10027
   STREET NUMBER   STREET NAME   BOROUGH   ZIP CODE

2. Buyer Name:  OMEGA VENTURE CAPITAL III LLC
   LAST NAME / COMPANY   FIRST NAME
   LAST NAME / COMPANY   FIRST NAME

3. Tax Billing Address: Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
   LAST NAME / COMPANY   FIRST NAME
   STREET NUMBER AND STREET NAME   CITY OR TOWN   STATE   ZIP CODE

4. Indicate the number of Assessment Roll parcels transferred on the deed   1   # of Parcels   OR   ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium   ☐
7. New Construction on Vacant Land   ☐

5. Deed Property Size:   FRONT FEET   X   DEPTH   OR   ACRES

6. Seller Name:  AMERICAN HOME MORTGAGE SERVICING, INC.
   LAST NAME / COMPANY   FIRST NAME
   LAST NAME / COMPANY   FIRST NAME

9. Check the box below which most accurately describes the use of the property at the time of sale:

| A | One Family Residential | C | Residential Vacant Land | E | Commercial | G | Entertainment / Amusement | I | Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | 2 or 3 Family Residential | D | Non-Residential Vacant Land | F ☑ | Apartment | H | Community Service | J | Public Service |

**SALE INFORMATION**

10. Sale Contract Date:   2  /  10  /  2010
    Month   Day   Year

11. Date of Sale / Transfer:   3  /  31  /  2010
    Month   Day   Year

12. Full Sale Price $   5 5 0 0 0 0 0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  Please round to the nearest whole dollar amount.

13. Indicate the value of personal property included in the sale

14. Check one or more of these conditions as applicable to transfer:

| A | Sale Between Relatives or Former Relatives |
|---|---|
| B | Sale Between Related Companies or Partners in Business |
| C | One of the Buyers is also a Seller |
| D | Buyer or Seller is Government Agency or Lending Institution |
| E | Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | Significant Change in Property Between Taxable Status and Sale Dates |
| H | Sale of Business is Included in Sale Price |
| I | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J ✓ | None |

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

15. Building Class   C 7
16. Total Assessed Value (of all parcels in transfer)

17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN 1904 137

**CERTIFICATION**   I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

BUYER

1365  -18 m  STREET
SIGNATURE/SIGNATURE   DATE  4/30/10

Brooklyn   N.Y. 11219
CITY/TOWN   STATE   ZIP CODE

BUYER'S ATTORNEY
LAST NAME   FIRST NAME
AREA CODE   TELEPHONE NUMBER

SELLER
Chaunta Procter   3.29.10
DATE SIGNATURE   DATE

20100324003

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

| | | | | |
|---|---|---|---|---|
| BUYER | | | BUYER'S ATTORNEY | |
| BUYER'S SIGNATURE | DATE | LAST NAME | | FIRST NAME |
| STREET NUMBER | STREET NAME (AFTER SALE) | APARTMENT | TELEPHONE NUMBER | |
| | | SELLER | | |
| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | DATE |

*Chiante Thacker* 3·29.10

201003240031:...:07

Affidavit of Compliance with Smoke Detector Requirement for One and Two Family Dwellings

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York      }
County of  Nassau      } SS.:

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

**104 WEST 120TH STREET**

Street Address                                                                 Unit/Apt.

| MANHATTAN | New York, | 1904 | 137 | (the "Premises"); |
|-----------|-----------|------|-----|-------------------|
| Borough   |           | Block | Lot |                  |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

| | |
|---|---|
| **Chiante Proctor** | Omega Ventures Capital III, LLC |
| Name of Grantor (Type or Print) | By Ari Feldman, mem. |
| *Chiante Proctor* | Name of Grantee (Type or Print) |
| Signature of Grantor | *Ari* |
| | Signature of Grantee |

Sworn to before me                         Sworn to before me
this 24th date of March, 19 2010          this 20 date of April, 20 10

*Cari Stump*  SEAL

MARTIN SILVERSTEIN
Notary Public, State of New York
No. 01-SI-4698011
Qualified in Nassau County
Commission Expires Nov. 30, 2013

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.



CARI STUMP
My Commission Expires
September 1, 2013

1

2010032400312101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY   11373-5108

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)   Property receiving service: BOROUGH: MANHATTAN          BLOCK: 1904          LOT: 137

(2)   Property Address: 104 WEST 120TH STREET, NEW YORK, NY 10027

(3)   Owner's Name:      OMEGA VENTURE CAPITAL III LLC

Additional Name:

### Affirmation:

[✓]   You have visited DOF's Mailing Address Update website and indicated that your water & sewer bill should be sent to the mailing address provided on that site. If no information was entered your water & sewer bill be sent to the property address.

### Customer Billing Information:

Please Note:

A.   Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.   Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address.** DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS   REV. 8/08

2

2010032400312101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY  11373-5108

## Customer Registration Form for Water and Sewer Billing

**Property and Owner Information:**

(1)  Property receiving service: BOROUGH: MANHATTAN          BLOCK: 1904          LOT: 137

(2)  Property Address: 104 WEST 120TH STREET, NEW YORK, NY 10027

(3)  Owner's Name:          OMEGA VENTURE CAPITAL III LLC

Additional Name:

**Affirmation:**

☑  Your water & sewer bills will be sent to the property address shown above.

**Customer Billing Information:**

Please Note:

A.  Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B.  Original bills for water and/or sewer service will be mailed to the owner, at the property address or to an alternate mailing address. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

**Owner's Approval:**

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: *Chiante Proctor*          Date (mm/dd/yyyy) 3/24/10

Name and Title of Person Signing for Owner, if applicable:          Chiante Proctor
                                                                    Assistant Secretary

BCS-CRF-ACRIS  REV. 6/05

2

2010032400312

EXHIBIT 3

**New York City Department of Finance**
**Office of the City Register**

[Click help for additional instructions]
Selecting a help option will open new window

**Current Search Criteria:**

**Borough:** MANHATTAN / NEW YORK
**Block:** 1904
**Lot:** 137    **Unit:** N/A
**Date Range:** To Current Date
**Document Class:** All Document Classes

# Search Results By Parcel Identifier

Records 1 - 10 << previous    next >>    Max Rows  10    [ Search Options ] [ New BBL Search] [Edit Current Search] [View Tax Map] [Print Index]

| View | Reel/Pg/File | CRFN | Lot | Partial | Doc Date | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/ Other | More Party 1/2 Names | Corrected/ Remarks | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DET  IMG |  | 2012000054341 | 137 | ENTIRE LOT | 1/26/2012 | 2/8/2012 12:35:09 PM | MORTGAGE | 26 | DOWNES, MELODY | MERS |  |  |  | 1,560,000 |
| DET  IMG |  | 2012000054340 | 137 | ENTIRE LOT | 1/26/2012 | 2/8/2012 12:35:08 PM | DEED | 4 | OMEGA VENTURE CAPITAL III LLC | DOWNES, MELODY |  |  |  | 1,950,000 |
| DET  IMG |  | 2011000070624 | 137 | ENTIRE LOT | 2/9/2011 | 2/28/2011 9:47:54 AM | CERTIFICATE | 4 | OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY | OMEGA VENTURE CAPITAL III, LLC |  |  |  | 0 |
| DET  IMG |  | 2011000070623 | 137 | ENTIRE LOT | 2/9/2011 | 2/28/2011 9:47:53 AM | ZONING LOT DESCRIPTION | 4 | OMEGA VENTURE CAPITAL III, LLC |  |  |  |  | 0 |
| DET  IMG |  | 2010000163549 | 137 | PARTIAL LOT | 4/30/2010 | 5/14/2010 3:17:08 PM | DISCHARGE OF TAX LIEN | 4 | THE BANK OF NEW YORK MELLON |  |  |  |  | 0 |
| DET  IMG |  | 2010000154821 | 137 | ENTIRE LOT | 4/30/2010 | 5/7/2010 4:03:07 PM | DEED | 4 | AMERICAN HOME MORTGAGE ACCEPTANCE, INC. | OMEGA VENTURE CAPITAL III LLC |  |  |  | 550,000 |
| DET  IMG |  | 2008000280686 | 137 | ENTIRE LOT | 6/26/2008 | 7/15/2008 4:39:07 PM | TAX LIEN SALE CERTIFICATE | 27 | CITY OF NEW YORK | BANK OF NEW YORK |  |  |  | 0 |
| DET  IMG |  | 2008000122578 | 137 | ENTIRE LOT | 10/10/2007 | 3/27/2008 10:00:10 AM | DEED | 3 | FEFFER, BRUCE | AMERICAN HOME MORTGAGE ACCEPTANCE, INC. |  |  |  | 0 |
| DET  IMG |  | 2005000264442 | 137 | ENTIRE LOT | 3/18/2005 | 5/6/2005 10:12:41 AM | SATISFACTION OF MORTGAGE | 2 | ESTIME, KEREN | FAIRMONT FUNDING, LTD. |  |  |  | 0 |
| DET  IMG |  | 2005000264441 | 137 | ENTIRE LOT | 3/15/2005 | 5/6/2005 10:12:40 AM | ASSIGNMENT, MORTGAGE | 2 | FAIRMONT FUNDING, LTD. | WELLS FARGO BANK, N.A. |  |  |  | 0 |

[ Search Options ]   New Parcel Identifier Search   Edit Current Search   View Tax Map

Go To: Finance Home Page | NYC.gov Home Page | Contact NYC.gov | FAQs | Privacy Statement | Site Map

# EXHIBIT 4

New York City, N.Y., Code  7-210
NEW YORK CITY CHARTER, CODE, AMENDMENTS & RULES
NEW YORK CITY ADMINISTRATIVE CODE
TITLE 7. LEGAL AFFAIRS
CHAPTER 2. ACTIONS AGAINST NEW YORK CITY.

Currency up to Local Law 40 of 2012 and Chapters 1 - 447 of the Laws of the State of New York for 2012

Currency up to Local Law 40 of 2012 and Chapters 1 - 447 of the Laws of the State of New York for 2012

§ 7-210. Liability of real property owner for failure to maintain sidewalk in a reasonably safe condition.

a. It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.

b. Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. This subdivision shall not apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes.

c. Notwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two-or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes) in a reasonably safe condition. This subdivision shall not be construed to apply to the liability of the city as a property owner pursuant to subdivision b of this section.

d. Nothing in this section shall in any way affect the provisions of this chapter or of any other law or rule governing the manner in which an action or proceeding against the city is commenced, including any provisions requiring prior notice to the city of defective conditions.

HISTORICAL NOTE

Section added L.L. 49/2003 § 1, eff. Sept. 14, 2003 and applying to accidents

occurring on or after such date.

CASE NOTES

¶ 1. The City is generally liable for accidents caused by sidewalk defects that occurred prior to September 14, 2003. Rodriguez v. City of New York, 12 A.D.3d 282, 784 N.Y.S.2d 855 (1st Dept. 2004). Where a sidewalk accident occurred prior to that date, the abutting property owner is not liable unless the owner either caused the defect to occur because of some special use, or actually created the defect. The mere fact that the accident occurred in a sidewalk area adjacent to that portion used by the owner as a driveway does not, without more, establish liability against the owner. Zektser v. City of New York, 18 A.D.3d 869, 796 N.Y.S.2d 656 (App.Div. 2d Dept. 2005).

EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

TORRENCE CALDWELL,

                    Plaintiff,

              -against-

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

                    Defendant.

---

Index No.: 150163/2010
Date Filed: 8/6/2010

SUPPLEMENTAL
SUMMONS

Plaintiff designates
NEW YORK County as the
place of trial

The basis of venue is
Plaintiff's Residence

Plaintiff resides at:
103 West 120th Street
New York, New York 10027

---

To the above named Defendant

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       September 21, 2010

                                 ANTHONY P. BORDEN

                By:        ANTHONY P. BORDEN, ESQ.
                        Attorney for Plaintiff
                        20 Vesey Street – Suite 310
                        New York, New York 10007
                        (212) 631-7447

---

Defendant's Address:
1. American Home Mortgage Acceptance, Inc., 538 Broadhollow Road, Melville, N.Y. 11747

The nature of this action is set forth in the Complaint.

The relief sought is set forth in Complaint.

Upon your failure to appear, judgment will be taken and disbursements against you by default for an  amount that exceeds the jurisdictional limits of all lower courts and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

TORRENCE CALDWELL,

Plaintiff,

-against-

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

Defendant.

---

AMENDED
VERIFIED COMPLAINT

Index No.: 150163/2010

Plaintiff, **TORRENCE CALDWELL**, complaining of the defendant by his attorney, ANTHONY P. BORDEN, ESQ., respectfully sets forth and alleges as follows:

1.       At all times hereinafter mentioned, the plaintiff **TORRENCE CALDWELL** was and still is a resident of the County, City and State of New York.

2.       At all times hereinafter mentioned, the defendant **AMERICAN HOME MORTGAGE ACCEPTANCE, INC.** was and still is a foreign corporation licensed to do business in the State of New York.

3.       At all times hereinafter mentioned, defendant **AMERICAN HOME MORTGAGE ACCEPTANCE, INC.** owned the premises 104 West 120th Street, New York, New York.

4.       At all times hereinafter mentioned, defendant **AMERICAN HOME MORTGAGE ACCEPTANCE, INC.** maintained the premises known as and located at 104 West 120th Street, New York, New York.

5.    At all times hereinafter mentioned, defendant AMERICAN HOME MORTGAGE ACCEPTANCE, INC. controlled the premises known as and located at 104 West 120th Street, New York, New York.

6.    At all times hereinafter mentioned, defendant AMERICAN HOME MORTGAGE ACCEPTANCE, INC. managed the premises known as and located at 104 West 120th Street, New York, New York.

7.    At all times hereinafter mentioned, defendant AMERICAN HOME MORTGAGE ACCEPTANCE, INC. inspected the premises known as and located at 104 West 120th Street, New York, New York.

8.    At all times hereinafter mentioned, defendant AMERICAN HOME MORTGAGE ACCEPTANCE, INC. repaired the premises known as and located at 104 West 120th Street, New York, New York.

9.    At al times hereinafter mentioned, the premises 104 West 120th Street, New York, New York was and still is a multiple dwelling containing in excess of five (5) dwelling units.

10.    At all times hereinafter mentioned, plaintiff TORRENCE CALDWELL was a pedestrian lawfully traversing the sidewalk in front of the premises known as and located at 104 West 120th Street, New York, New York.

11.    On or before February 28, 2010, the defendant, AMERICAN HOME MORTGAGE ACCEPTANCE, INC. through its officers, agents, servants and/or employees owned, operated, managed, maintained, inspected and controlled the aforesaid premises and more specifically the adjacent sidewalk therein, in a defective, dangerous, icy, slippery, wet, hazardous and traplike condition thereby constituting a nuisance, trap and menace to the life and limb of persons lawfully upon said premises and, in particular, to the plaintiff TORRENCE CALDWELL.

12.     On or about February 28, 2010 and for some time prior thereto, the defendant, AMERICAN HOME MORTGAGE ACCEPTANCE, INC. its officers, agents, servants and/or employees suffered, caused, permitted and allowed the premises 104 West 120th Street, New York, New York and more specifically the adjacent sidewalk therein, to be, become and remain in a defective, wet, slippery, icy, hazardous, traplike and dangerous condition so as to constitute a menace, nuisance, hazard and trap to the life and limb of persons lawfully utilizing the sidewalk therein and, in particular, to the plaintiff, TORRENCE CALDWELL, all of which the defendant, its officers, agents, servants and/or employees had notice of, or in the exercise of reasonable care and caution, should have had notice thereof.

13.     On or about February 28, 2010 at approximately 8:30 p.m., the plaintiff TORRENCE CALDWELL was lawfully traversing upon the adjacent sidewalk at the aforesaid location, when suddenly and without notice or warning he was then and there caused to slip and fall due to the carelessness, recklessness and negligence of the defendant in its ownership, maintenance, management, repair, operation and control of the aforesaid premises and by reason of the icy, slippery, wet, hazardous and defective condition of the adjacent sidewalk then and there existing.

14.     As a result of the aforesaid occurrence, the plaintiff TORRENCE CALDWELL sustained severe, serious and permanent personal injuries.

15.     The aforesaid occurrence was caused solely and wholly by reason of the carelessness and negligence of the defendant, its officers, agents, servants and/or employees.

16.     The provisions of CPLR Article 16 are not applicable in as much as one or more exceptions in section 1602 apply herein, including, but not limited to, paragraphs # 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and/or 12.

17.     By reason of the aforesaid occurrence, plaintiff TORRENCE CALDWELL sustained severe and serious permanent personal injuries, was rendered sick, sore, lame and disabled,

upon information and belief permanently injured and so remains and was caused to suffer and will continue to suffer great physical pain and mental anguish, and was and has been compelled to incur various obligations in an effort to cure himself of his said injuries, and upon further information and belief, will be compelled to incur such obligations for an extensive period of time in the future and was forced to remain away from his usual duties for an extended period of time, all to his damage in a sum which exceeds the jurisdictional limits of all lower Courts which might be otherwise have jurisdiction.

WHEREFORE, plaintiff TORRENCE CALDWELL demands judgement against the defendant in a sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction together with the costs and disbursements of this action

Dated: New York, New York
       September 21, 2010

Yours, etc,

ANTHONY P. BORDEN

BY:

ANTHONY P. BORDEN, ESQ.
Attorney for Plaintiff
Office and P.O. Address
20 Vesey Street – Suite 310
New York, New York 10007
(212) 631-7447

INDIVIDUAL VERIFICATION

The undersigned, being duly sworn, deposes and says:

I am the plaintiff in the within action; I have read the foregoing SUPPLEMENTAL SUMMONS & AMENDED VERIFIED COMPLAINT and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon my own knowledge of information and belief and as to those matters, I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigations and information received by me or my attorney.

Dated: New York, New York
      September 21, 2010

_TORRENCE CALDWELL_
TORRENCE CALDWELL

Sworn to before me this
21ST day of September 2010

_____
Notary Public

ANTHONY P. BORDEN
NOTARY PUBLIC, State of New York
No. 02B04865956
Qualified in Nassau County
Commission Expires July 7, 2014

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF  NEW YORK
-----------------------------------------------------x
TORRENCE CALDWELL,

               Plaintiff(s)/Petitioner(s),              Index No.  150163/2010

         - against -
AMERICAN HOME MORTGAGE ACCEPTANCE,
INC.
              Defendant(s)/Respondent(s).
-----------------------------------------------------x

## COURT NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, described below.  Filing and service of papers by electronic means cannot be made by a party nor electronic service be made upon a party unless that party has consented to use of the system.  Within ten days after service of this Notice, each party served must indicate whether or not it consents to electronic filing and service through NYSCEF for this case.

### General Information

      In New York State, actions may be commenced and cases processed by means of the NYSCEF system in (1) tort, commercial, and tax certiorari cases in the Supreme Court in New York City and in Albany, Essex, Livingston, Monroe, Nassau, Niagara, Onondaga, Suffolk, Sullivan and Westchester Counties; and (2) any case type in Broome and Erie County Supreme Courts as authorized by the court.  Electronic filing is also authorized for cases in the Court of Claims and Surrogate's Court cases in  Chautauqua, Erie, Monroe, Queens and Suffolk Counties and in no fault cases in New York City Civil Court.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served in a simple, convenient and expeditious manner.  NYSCEF case

documents are filed with the County Clerk and the court by filing on the NYSCEF Website (www.nycourts.gov/efile), which can be done at any time of the day or night on any day of the week. Documents in Supreme Court cases are deemed filed when received by the NYSCEF server (with payment if required), regardless of whether the court or the County Clerk's Office is open. Service between and among consenting users is effectuated by posting documents with the Website, which immediately sends automatic e-mail notice to all such parties. There is no fee to use the NYSCEF system, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. The use of NYSCEF in Supreme Court is governed by Section 202.5-b of the Uniform Rules for the Trial Courts.

### Instructions

1.    Service of this Notice constitutes a statement of intent by the undersigned that the NYSCEF system be used in this case. When an action or proceeding is being commenced by means of the NYSCEF system, this Notice must accompany service of the initiating papers.

2.    **Within ten days after service of this Notice**, the party served shall file with the court and serve on all parties the attached Consent to E-Filing, or, if the party does not wish to consent, a declination of consent. Consent to electronic filing does not constitute an appearance in the action. If the party served is represented by an attorney who has already registered as a NYSCEF Filing User, that attorney may consent electronically on the NYSCEF site. Consent to NYSCEF is required of all current parties to the case in order for it to proceed as a NYSCEF matter, or, if fewer than all parties consent, where permitted by the court, NYSCEF may be used by and between or among consenting parties only.

3.    Once parties agree that the case will be subject to NYSCEF, each participating attorney, unless already registered, must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4.    For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the

Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or cfile@courts.state.ny.us).

Dated: 9/21/2010 _____

Anthony P. Borden, Esq. _____ (Name)

Anthony P. Borden, Esq. _____ (Firm)

20 Vesey Street Suite 310 _____ (Address)

New York, New York 10007 _____

(212) 631-7447 _____ (Phone)

(212) 631-7448 _____ (Fax)

apbordenesq@aol.com _____ (E-Mail)

Attorney(s) for Torrence Caldwell _____

9/19/08

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
TORRENCE CALDWELL,

Plaintiff,

-against-                                    INDEX#:150163/2010

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

Defendant.

---

## SUPPLEMENTAL SUMMONS
## &
## AMENDED COMPLAINT

---

ANTHONY P. BORDEN, ESQ.
Attorney for Plaintiff
20 Vesey Street
Suite 310
New York, New York 10007
(212) 631-7447

EXHIBIT 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————————————X

TORRENCE CALDWELL,
               Plaintiff,                          Index No.: 150163/10

    -against-                                     VERIFIED
AMERICAN HOME MORTGAGE ACCEPTANCE, INC.,    ANSWER TO
                                            AMENDED
               Defendant.              COMPLAINT
———————————————————————————X

       Defendant, AMERICAN HOME MORTGAGE ACCEPTANCE, INC. by its attorneys,

WHITE FLEISCHNER & FINO, LLP, as and for its verified answer to the plaintiff's amended

verified complaint, respectfully alleges:

           1.     Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "1" and "2".

           2.     Upon information and belief denies those allegations set forth in paragraphs

numbered "3", "4", "5", "6", "7" and "8" of the amended complaint, except admits that on

February 28, 2010, AMERICAN HOME MORTGAGE ACCEPTANCE CORP. owned the

premises located at 104 West 120th Street, New York, New York, and refers all other questions

of law or fact to the Honorable Court.

           3.     Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "9" and "10" and refers all other questions of law

or fact to the Honorable Court.

           4.     Denies each and every allegation set forth in paragraphs numbered "11", "12",

"13", "14", "15" and "17".

           5.     Denies each and every allegation set forth in paragraphs numbered "16" and

leaves all matters of law to the honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Pursuant to CPLR Article 16, the liability of defendant AMERICAN HOME MORTGAGE ACCEPTANCE CORP., to the plaintiff herein for non-economic loss is limited to defendant, AMERICAN HOME MORTGAGE ACCEPTANCE CORP., equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The defendant(s) not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A FORTH AFFIRMATIVE DEFENSE

Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the instrumentality which forms the basis of this complaint was in good working order, said alleged accident being caused solely by the plaintiff's misuse of the instrumentality at the time of the alleged incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

That at no time relevant to the within action did defendant, AMERICAN HOME MORTGAGE ACCEPTANCE CORP., have a duty to operate, manage, maintain, or control the portion of the public sidewalk adjacent to its premises upon which plaintiff claims his alleged accident occurred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That AMERICAN HOME MORTGAGE ACCEPTANCE CORP. did not own the sidewalk adjacent to its premises and did not the sidewalk adjacent to its premises and did not

make any special use or derive any special benefit from the aforementioned sidewalk.

WHEREFORE, defendant, AMERICAN HOME MORTGAGE ACCEPTANCE CORP. demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: White Plains, New York
        December 15, 2010

                    Yours, etc.,

                    WHITE FLEISCHNER & FINO, LLP

                    By: _Nathan [signature]_____
                        Nathan Loshan
                    Attorneys for Defendant
                    303 Old Tarrytown Road
                    White Plains, New York 10603
                    (914) 509-2910
                    Our File No.: 248-15290

TO:    (See Attached Affidavit)

ATTORNEY VERIFICATION

STATE OF NEW YORK          )

COUNTY OF WESTCHESTER) SS

Nathan Losman, an attorney admitted to practice law in the Courts of this State, affirms the following under the penalties of perjury and pursuant to CPLR 2106:

That I am the attorney for defendant, AMERICAN HOME MORTGAGE ACCEPTANCE CORP. and has read the foregoing Answer, and knows the contents thereof and that same is true to the best of my knowledge except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

The affirmant further states that the source of information and the grounds of belief, as to all the matters herein stated upon knowledge are as follows: investigation caused to be made by your affirmant and information acquired by him in the course of his duties as attorney for such aforesaid party.

The reason this affirmation is being made by your affirmant and not by defendant, AMERICAN HOME MORTGAGE ACCEPTANCE CORP. is that the defendant AMERICAN HOME MORTGAGE ACCEPTANCE CORP. is not within the county where your affirmant maintains his office

Dated: December 15, 2010
         White Plains, New York

                                                  _____
                                                  Nathan Losman

STATE OF NEW YORK )
COUNTY OF WESTCHESTER ) ss:

*Antonietta Spadafora*, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in *Yorktown Heights, New York.*

That on December 15, 2010, deponent served the within VERFIED ANSWER TO AMENDED COMPLAINT upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

Anthony P. Borden, Esq.
KAHN GORDON TIMKO & RODRIQUES, P.C.
Attorney for Plaintiff
20 Vesey Street – Suite 310
New York, New York 10007
212-631-7447



_Antonietta Spadafora_
Antonietta Spadafora

Sworn to before me this
15th day of December 2010

_Nathan Losman_
Notary Public

NATHAN LOSMAN
Notary Public, State of New York
No. 02LO4968461
Qualified in Rockland County
Commission Expires June 25, 20_14_

Index No. 150163/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

TORRENCE CALDWELL,

Plaintiff,

- against -

AMERICAN HOME MORTGAGE ACCEPTANCE, INC.,

Defendant,

## VERIFIED ANSWER TO AMENDED COMPLAINT

### WHITE FLEISCHNER & FINO, LLP

*Attorneys for     Defendant*

303 OLD TARRYTOWN ROAD
WHITE PLAINS, NEW YORK 10603
(914) 509-2910

To:

*Attorney(s) for*

*Service of a copy of the within*          is hereby admitted.

*Dated:*

..........................
*Attorney(s) for*

PLEASE TAKE NOTICE

☐ *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*

NOTICE OF
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the Hon.*

☐ *one of the judges of the within named Court, at , on , at .*

NOTICE OF
SETTLEMENT

*Dated:*

### WHITE FLEISCHNER & FINO, LLP

*Attorneys for*     DEFENDANT
303 OLD TARRYTOWN ROAD
WHITE PLAINS, NEW YORK 10603

# EXHIBIT 7

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
NEILLI MULLEN WALSH
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER

PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY
ADAM W. POFF
SEAH M. BEACH
JOSEPH M. BARRY
SHARON M. ZIEG
DAVID R. HURST
TIMOTHY E. LENGKEEK
MATTHEW B. LUNN
DANIEL F.X. GEOGHAN
(NY, NJ, MI ONLY)

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338
WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-576-3590
DIRECT FAX: 302-576-3281
mneiburg@ycst.com

IAN J. BAMBRICK
RYAN M. BARTLEY
DONALD J. BOWMAN, JR.
ELISABETH S. BRADLEY
MICHOLE SHERETTA BURDAX
EMILY V. BURTON
ERIKA R. CAESAR
JEFFREY T. CASTELLANO
DOUGLAS T. COATS
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
JUSTIN P. DUDA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
MARIS FINNEGAN
DAVID M. FRY
WILLIAM E. GAMGORT
MARGARET WHITEMAN GREECHER
SEAN T. GREECHER
A. DAVID HANSEN
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON

COUNSEL:
CURTIS J. CROWTHER
ADRIA B. MARTINELLI
KAREN L. PASCALE

KAREN E. KELLER
JENNIFER M. KINKUS
SARA BETH A. R. KOHUT
EVANGELOS KOSTOULAS
PILAR G. KRAMAN
JOHN C. KUFFEL
PAUL J. LOUGHMAN
JAIME N. LUTON
ANDREW L. MAGAZINER
KATHALEEN McCORMICK
TAMMY L. MERCER
LAUREN E. MOAK
MICHAEL S. NEIBURG
JENNIFER R. NOEL
ROBERT F. POPPITI, JR.
NICHOLAS J. ROHRER
JUSTIN H. RUCKI
ANDREW E. RUSSELL
CHERYL A. SANTANIELLO
MORGAN L. SEWARD
MONTÉ T. SQUIRE
MICHAEL R. STAFFORD
RICHARD J. THOMAS
JAMES M. YOCH, JR.

OF COUNSEL:
BRUCE M. STARGATT

September 23, 2011

**Via Email**
Nicholas Timko
Thomas B. Grunfeld
Kahn Gordon Timko & Rodriques, P.C.
20 Vesey Street
New York, NY 10007
Nitimko@KGTRPC.com
Tgrunfeld@KGTRPC.com

**Via Email**
Nathan Losman
White Fleischner & Fino, LLP
303 Old Tarrytown Road
White Plains, NY 10603
nlosman@wff-law.com



Re: *In re American Home Mortgage Holdings, Inc., et al.*, Case No. 07-11047
(Bankr. D. Del.) (CSS) – Claim filed by Torrence Caldwell and related
state court action (*Caldwell v. American Home Mortgage Acceptance, Inc.*
Index No. 150163/10)

Dear Counsel:

As discussed during our separate conversations, my firm represents Steven D.
Sass, as Plan Trustee (the "Plan Trustee") of the American Home Mortgage Plan Trust
established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of
February 18, 2009* [Docket No. 7029] (the "Plan") in connection with the Chapter 11 cases of
American Home Mortgage Acceptance, Inc. ("AHM Acceptance") and its affiliated debtors
(collectively, the "Debtors").[1] The Plan Trustee is charged with, among other things, resolving

---

[1]    The Debtors are as follows: American Home Mortgage Holdings, Inc.; American Home Mortgage
Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage
Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement
Services, Inc.; and Great Oak Abstract Corp.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 23, 2011
Page 2

claims against the Debtors' estates pursuant to the terms of the Plan, the order confirming the Plan [Docket No. 7042], and the Plan Trust Agreement [Docket No. 6944], filed in connection with the above-cited chapter 11 cases (the "Bankruptcy Cases"). This letter is intended to provide background information pertinent to claim number 10852 (the "Claim") filed against AHM Acceptance by Torrence Caldwell ("Plaintiff") in the Bankruptcy Cases and the related state court action captioned *Caldwell v. American Home Mortgage Acceptance, Inc.* (Index. No. 150163/10) (the "State Court Action") and propose a consensual resolution of these matters.

As an initial matter, the Plan Trustee contends there is no basis for asserting the Claim or continuing to prosecute the State Court Action against AHM Acceptance or any of the Debtors. Nonetheless, in an effort to obtain an expeditious and satisfactory outcome for all interested parties, the Plan Trustee would consider entering into a stipulation containing the following pertinent provisions: (i) Plaintiff will be entitled to move forward with prosecuting the State Court Action provided that he agrees his recovery, if any, is limited to the applicable insurance coverage limits; (ii) Plaintiff agrees that the Claim will be estimated at $1 and he shall receive no distribution from the Debtors' estates; and (iii) the Plan Trustee, the Debtors and the Debtors' current and former officers/directors are provided with broad releases with respect to any and all claims or causes of action, whether known or unknown, relating to the Claim and/or the State Court Action. I will defer to you as to whether or not the insurer needs to be a party to the stipulation.

A summary overview of the pertinent facts, transactions and occurrences supporting the Plan Trustee's position that AHM Acceptance has no liability in these matters follows:

*The Mortgage Loan*

On October 6, 2004, AHM Acceptance originated a mortgage loan [loan no. 621449] (the "Loan") with respect to the real property identified in the State Court Action (the "Property"). On March 13, 2007, the Loan was securitized and sold to a securitization trust [AHM 2007-SD1] (the "Trust"). Upon the completion of this sale, all of AHM Acceptance's interests in the Loan were transferred to the Trust; however, the servicing rights were retained by American Home Mortgage Servicing, Inc., which at that time was an affiliate of AHM Acceptance. AHM Acceptance never repurchased the Loan from the Trust or otherwise had any further involvement with this loan or the Property. Moreover, as discussed below, the Debtors' servicing rights to the Loan were sold to a non-debtor third party almost two years prior to the date of Mr. Caldwell's alleged injuries.

*The Debtors' Bankruptcy Cases and Sale of the Mortgage Loan Servicing Business*

On August 6, 2007, AHM Acceptance and its affiliated Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). During the Bankruptcy Cases, the Debtors filed a motion (the "Sale Motion") seeking an order from the Bankruptcy Court approving the proposed asset purchase agreement (the "APA") and authorizing the Debtors to sell their mortgage loan servicing business (the "Servicing Business") to the non-

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 23, 2011
Page 3

debtor, AH Mortgage Acquisition Co., Inc. (the "Purchaser"), an entity which was established for the purpose of this sale and is controlled by non-debtor WL Ross & Co.

On October 30, 2007, the Bankruptcy Court entered an order [Docket No. 1711] approving the Sale Motion. To promote an easier transition of the Servicing Business, the APA provided, among other things, that the Purchaser: (i) would operate the Servicing Business from the Debtors' former loan servicing headquarters located at 4600 Regent Blvd, Suite 200, Irving, TX 75063; and (ii) would use the name "American Home Mortgage Servicing, Inc." on a going forward basis. The debtor entity f/k/a American Home Mortgage Servicing, Inc. officially changed its name to AHM SV, Inc. Due to regulatory issues, the sale was completed in two steps, and the final closing occurred in April 2008. Thus, after April 2008, neither AHM Acceptance nor any other Debtor had an interest in the Loan, the servicing rights thereto or the related Property.

<u>The Foreclosure Concerning the Property and Subsequent Sale</u>

Counsel for Plaintiff has provided the Plan Trustee with documents reflecting that a deed in lieu of foreclosure, dated October 18, 2007, was purportedly granted in favor of AHM Acceptance. The alleged address for AHM Acceptance is listed as 4600 Regent Blvd, Suite 200, Irving, TX 75063, which, as discussed above, was the former headquarters for debtor AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) and is the current headquarters for non-debtor American Home Mortgage Servicing, Inc. AHM Acceptance conducted its business at 538 Broadhollow Road, Melville, NY 11747. The documents provided by counsel also show that the Property was purportedly sold by AHM Acceptance to a third-party on April 30, 2010, which is approximately two months after Plaintiff was allegedly injured on the Property. AHM Acceptance received no proceeds from the sale of the Property. Moreover, upon information and belief, this sale was effectuated by representatives of non-debtor American Home Mortgage Servicing, Inc. The foreclosure and subsequent sale nominally on behalf of AHM Acceptance were, therefore, in error and invalid since AHM Acceptance had no involvement in the sale and had no interest in either the Loan, the servicing rights or Property after the securitization and sale of the Loan to the Trust on March 13, 2007.

<u>The State Court Action and Applicable Insurance Coverage</u>

Based on his alleged injuries, on or about September 21, 2010, Plaintiff initiated the State Court Action by filing a complaint against AHM Acceptance, as the alleged owner of the Property at the relevant time. Upon receipt of the complaint, counsel for the Debtors contacted non-debtor American Home Servicing, Inc. and were informed that it had insurance coverage to cover Plaintiff's claims and would work with the insurer to defend the matter. My understanding is that defense counsel sent Plaintiff's counsel documents that confirm non-debtor American Home Mortgage Servicing, Inc. is the primary insured party. I further understand that counsel answered the amended complaint purportedly on behalf of AHM Acceptance due to its alleged ownership interest in the Property.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 23, 2011
Page 4

   Based on the foregoing, AHM Acceptance has no liability relating to Mr. Caldwell's alleged injuries because neither AHM Acceptance nor any other Debtor had any interest in the Loan, the servicing rights thereof or the Property as of the date such injuries occurred. Specifically, there is no cognizable cause of action against AHM Acceptance (or any of the Debtors) because AHM Acceptance sold the Loan to the Trust on March 13, 2007 and AHM Acceptance: (i) did not repurchase the Loan at any time; (ii) did not own or otherwise have any interest in the Loan at the time of the deed in lieu of foreclosure was completed; (iii) did not participate in the sale of the Property and received none of the proceeds; and (iv) did not receive a deed concerning the Property. That being said, as noted above, the Plan Trustee is willing to work with all interested parties to reach a fair and equitable resolution.

   I am available should you wish to discuss these matters.

        Sincerely,

        /s/ Michael S. Neiburg

        Michael S. Neiburg

MN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:                                            :          Chapter 11
                                                  :
AMERICAN HOME MORTGAGE                            :          Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                   :          (Jointly Administered)
            a Delaware Corporation, et al.,        :
                                                  :
                Debtors.                           :
                                                  :
                                                  :
-------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Brya M. Keilson, Esquire, hereby certify that on July 8, 2013, a true and correct copy

of the *Claimant Torrence Caldwell's Response To Eighty-Fifth Omnibus (Substantive) Objection*

*To Claims Pursuant To Section 502(b) Of The Bankruptcy Code, Bankruptcy Rules 3003 and*

*3007, And Local Rules 3007-1* was caused to be served upon the parties listed below via First

Class Mail, postage prepaid.

Young Conaway Stargatt & Taylor, LLP
Sean Beach
Margaret Whiteman Greecher
Patrick A. Jackson
Michael S. Neiburg
1000 North King Street
Wilmington, DE 19899

Hahn & Hessen LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022

GELLERT SCALI BUSENKELL &
BROWN, LLC

/s/ Brya M. Keilson
Brya M. Keilson (DE 4643)