# EXHIBIT A

**No Liability Claim**

01:13720488.1

## Exhibit A

## No Liability Claims

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Objectionable Claim Comments |
|---|---|---|---|---|---|
| HORVATH, RICHARD<br>550 S CRIMSON ROAD<br>MESA, AZ 85208 | 90000 | 11/26/08 | 07-11047 | Unspecified* | On August 31, 2007, the borrower-claimant ("Claimant") filed a stay relief motion [D.I. 612] to permit him to continue prosecution of a pending district court action. In that action, Claimant alleged the Debtor violated Section 6 of Respa (12 USC Sec. 2605), FCRA (15 USC Sec 1681) and Arizona statutes in connection with servicing a construction loan relating to real property located in Maricopa County, Arizona. The Debtors filed an objection [D.I. 922] to the motion and Claimant filed a response [D.I. 996] in support of his motion. On October 9, 2007, the Court entered an order [D.I. 1389] which (i) denied the motion without prejudice, and (ii) provided that the motion and response are deemed a proof of claim in the amount asserted (approx. $363,959). In February 2009, the Debtors requested additional information from the Claimant in order to assess the validity and/or amount of the claim. In April 2009, Claimant provided documentation and outlined the alleged bases for the asserted amount of the claim. The Plan Trustee investigated the allegations in the claim, and the documentation provided by the Claimant, and believes the Debtors have no liability on account of this claim. Nonetheless, on February 4, 2013, as required by the Plan, the Plan Trustee proposed a reasonable settlement to the Claimant. However, the settlement letter was returned as undeliverable since the Claimant no longer lived at the address. The Plan Trustee's representatives have performed an investigation and, upon information and belief, such investigation revealed that the Claimant unfortunately is now deceased. The Plan Trustee subsequently made numerous attempts to locate an estate representative or family member of the Claimant, however, such attempts were not successful. Further, the Plan Trustee has checked the case docket and confirmed with the claims agent that neither the Claimant's family (if any) nor his estate has provided updated contact information. So, the Plan Trust finds itself in the unfortunate position of having to object to a claim that was filed by a person now believed to be deceased and for which the Plan Trustee has no contact information for any family members or an estate representative. Given the status of these cases generally, and, more specifically, of the claims reconciliation process, the Plan Trustee feels compelled to object to the claim. For the reasons set forth below, the Plan Trustee respectfully requests that the Court disallow the claim in its entirety.<br><br>In sum, the claim alleges the Debtors improperly serviced claimant's loan and contends there were issues surrounding the transfer of servicing and failure to timely file certain closing documents in connection with the loan. These allegations are without merit. First, servicing of the loan was transferred to debtor AHM SV Inc (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV") on or about March 16, 2006. Due to the servicing transfer, Claimant was provided a 60-day grace period (through and including May 15, 2006) for payments as required by law. Claimant failed to timely make payments after the expiration of this 60-day grace period and the resulting delinquency relates to the date the payment would originally have been due, not the expiration date of the grace period. Second, part of the claim is premised on an alleged failure to timely provide Claimant with a letter indicating that servicing of his loan was transferred to AHM SV. The Debtors' records however show that the prior servicer (Union Federal Bank) and debtor AHM Corp. sent Claimant a notice dated March 1, 2006 indicating that the servicing of his construction loan was being transferred from the bank to AHM SV. The letter contains all necessary information which both the bank and Debtor AHM Corp. are required by law to provide to Claimant. A copy of that letter is available upon request. Lastly, another part of the claim is premised on the allegation that AHM SV did not timely file certain closing documents, including the "Affidavit of Affixture" for Claimant's home in October 2005, which purportedly affected the payment of Claimant's motor vehicle and property taxes. This assertion is wrong since AHM SV did not originate the loan and only became the servicer in March 2006. Thus, AHM SV could not have been responsible for filing any closing documents in October 2005. Moreover, even though AHM SV was not responsible for filing any closing documents in October 2005, the Maricopa County recorder's website verifies that the Affidavit of Affixture was recorded on October 16, 2006 as Document # 20061362076. A printout from the website is |

―――― Objectionable Claim ――――

| Name/Address of Claimant | Claim Number | Date Filed | Case Number | Total Amount Claimed | Comments |
|---|---|---|---|---|---|
| | | | | | available upon request. Further, the Debtors' records indicate that when AHM SV became aware that 3 loan documents were not properly executed at the time of closing, AHM SV notified the Claimant by letter dated January 9, 2007. Those 3 loan documents were subsequently executed in February 2007. Based on the foregoing, the Debtors have no liability for the claim and it should be disallowed in its entirety. |
| **Totals:** | 1 Claim | | | Unspecified* | |

(S) - Secured
(A) - Administrative
(P) - Priority
(U) - Unsecured
(T) - Total Claimed

* The term "unspecified" refers to claims for dollar amounts listed as "unknown", "$0.00", "unascertainable", "undetermined", or where no dollar amounts were entered in the spaces provided on the proof of claim form.