**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

AMERICAN HOME
MORTGAGE HOLDINGS, INC., et al.,

Debtors.

---

:    Chapter 11
:    Case No. 07-11047 (CSS)
:    (Jointly Administered)
:
:    Ref. Docket No. 10123 & 10847
:

## STIPULATION GRANTING CLAIMANT LIMITED RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND PLAN INJUNCTION

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors"),[1] and Torrence Caldwell ("Claimant" and together with the Plan Trustee, the "Parties"). The Parties request entry of an order approving this Stipulation for the purpose of allowing the Claimant to continue the personal injury action currently pending against Debtor American Home Mortgage Acceptance, Inc. ("AHM Acceptance") in the Supreme Court of the State of New York (County of New York) entitled *Torrence Caldwell v. American Home Mortgage Acceptance, Inc.* (Index No. 150163/20100) (the "State Court Action"), so as to allow the Claimant to pursue a recovery from certain insurance proceeds.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

703200/004-

703200/004-3096274.6

## RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' Chapter 11 cases, including the chapter 11 case of Debtor AHM Acceptance, are being jointly administered for procedural purposes only under the case of American Home Mortgage Holdings, Inc. (Case No. 07-11047);

WHEREAS, on February 23, 2009, the Court entered an order [Docket No. 7042] (the "Confirmation Order") confirming the Plan. The Plan became effective on November 30, 2010 (the "Plan Effective Date");

WHEREAS, pursuant to the Plan, as of the Plan Effective Date, a plan trust (the "Plan Trust") was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order, and the Plan Trust Agreement;

WHEREAS, on August 6, 2010, the Claimant commenced the State Court Action against AHM Acceptance seeking monetary damages based on alleged injuries he suffered on February 28, 2010 as a result of an alleged slip and fall (the "Caldwell Claims") on property located at 104 West 120th Street, New York, New York (the "Premises");

WHEREAS, on December 28, 2010, the Claimant filed proof of claim numbered 10852 (the "Proof of Claim") against AHM Acceptance. The Proof of Claim

directly relates to the State Court Action and a copy of the complaint filed by the Claimant in that action is attached to the Proof of Claim;

WHEREAS, AHM Acceptance alleges that it held no economic interest in the Premises at the time of the alleged slip and fall or any time thereafter, and, upon information and belief, the beneficial owner of the Premises at the time of the alleged slip and fall rested with the securitization trust American Home Mortgage Investment Trust 2007-SD1 ("AHMIT 2007-SD1") and was serviced by a non-debtor, non-affiliate Homeward Residential, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (the "Insured");

WHEREAS, in a letter dated January 6, 2011, White Fleischner & Fino, LLP, attorneys assigned by the liability insurance carrier, identified the Insured's applicable policy as being policy # QBS10002 (the "Insurance Policy") from QBE Specialty Insurance, Inc. ("QBE");

WHEREAS, continuation of the State Court Action against AHM Acceptance was stayed pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"). Since the Plan Effective Date, continuation of the State Court Action has also been stayed in accordance with Art. 12 of the Plan; and

WHEREAS, the Parties desire to enter into this Stipulation to permit the Claimant to proceed with the State Court Action for the sole purpose of pursuing a recovery from any available insurance proceeds of the Insurance Policy.

NOW THEREFORE, SUBJECT TO THE BANKRUPTCY COURT'S APPROVAL, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned Parties as follows:

1. Notwithstanding the post-confirmation injunction or automatic stay which may otherwise apply to the State Court Action pursuant to the Plan and/or section 362 of the Bankruptcy Code (collectively, the "Stay"), the Stay shall be modified and lifted solely to permit the Claimant to (a) prosecute the State Court Action against AHM Acceptance nominally with respect to the Caldwell Claims and (b) to the extent a judgment is obtained, collect such judgment exclusively from the Insurance Policy; *provided, however*, that the Plan Trustee and the Debtors' estates shall not be required to answer or appear with respect to the State Court Action, although Claimant shall be permitted to serve discovery upon the Plan Trustee as it relates to the State Court Action subject to the Plan Trustee's right to object to any such discovery requests.

2. In the event that Claimant obtains a judgment against AHM Acceptance in connection with the State Court Action, Claimant may not collect such judgment from AHM Acceptance, the Debtors, the Debtors' estates, the Plan Trust or the Plan Trustee.

3. Except for the limited purposes set forth in paragraph 1 above, the Stay shall remain in effect, and this Stipulation shall be without prejudice to any Party's right to seek further modification, relief, or re-imposition of the Stay. For the avoidance of doubt, the Stay shall remain in effect for any individual or entity not a party to this Stipulation, and, absent being granted prior relief from the Stay by the Bankruptcy Court, any and all such individuals or entities are in no way permitted to take actions or initiate litigation against the Debtors, the Plan Trust or Plan Trustee concerning, or in any way related to, the State Court Action.

4. The Proof of Claim filed by the Claimant against AHM Acceptance is allowed in the amount of one dollar ($1.00) for purposes of distribution only.

5. The Claimant agrees that he shall have no claim or cause of action of any kind, description or nature whatsoever, or settle or resolve the State Court Action in a manner that would result in any other person or entity having a claim or cause of action of any kind, description or nature whatsoever, against the Debtors' estates, the Plan Trust, the Plan Trustee, or any of their respective officers, directors, employees, agents, attorneys, professionals, members, or representatives, and that the Claimant's sole remedy and right of recourse regarding any of the foregoing in connection with, or in any way related to, the State Court Action is against the applicable Insurance Policy and the limits of liability contained therein. Neither the Plan Trust nor the Plan Trustee, in executing this Stipulation, makes any representation as to the existence of, or applicability of the Insurance Policy (or any other insurance policy) to the State Court Action.

6. The Claimant shall not make any demand or seek to collect any sums from the Debtors, the Debtors' estates, the Plan Trust, or the Plan Trustee, irrespective of whatever recovery may be obtained by the Claimant from QBE through the Insurance Policy including:

> (i) any sum within the scope of any deductible or self-insured retention contained in the Insurance Policy or any other applicable insurance policy; and (ii) any deficiency which may arise by virtue of a judgment obtained in excess of the limit of coverage in the Insurance Policy or any other applicable insurance policy.

7. This Stipulation shall not be construed to permit any party to whom the Debtors may owe any duties of indemnification or contribution to prosecute such claims against the Debtors, the Plan Trust, or the Plan Trustee.

8. Nothing herein is intended to, nor shall it be construed to, waive or release any defenses, claims, counterclaims or objections of the Debtors, the Plan Trust, the Plan Trustee or Claimant to the State Court Action.

9. Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary to obtain approval of or to enforce this Stipulation or to seek damages or injunctive relief in connection with any breach thereof.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. The Parties expressly consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties hereto arising from or related to this Stipulation. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court.

11. Each of the undersigned represents that (s)he is authorized to execute this Stipulation on behalf of the respective Party.

12. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: August 30, 2013

        YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

        *Margaret Whiteman Greecher*
        Sean M. Beach (No. 4070)
        Margaret Whiteman Greecher (No. 4652)
        Michael S. Neiburg (No. 5275)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        -and-

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200
        Facsimile: (212) 478-7400

        *Co-Counsel to the Plan Trustee*

Dated: August 30, 2013

        KAHN GORDON TIMKO & RODRIGUES, P.C.

        *Nicholas I. Timko*
        20 Vesey Street, Suite 300
        New York, New York 10007
        Telephone: (212) 233-2040

        *State Court Action Attorneys for Torrence Caldwell*

Dated: August 30, 2013

        GELLERT SCALI BUSENKELL & BROWN, LLC

        *Brya Keilson*
        913 N. Market Street 10th Floor
        Wilmington, Delaware 19801
        Telephone: (302) 425-5800

        *Bankruptcy Attorneys for Torrence Caldwell*