IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 : Jointly Administered
        Debtors.                                                 :
                                                                 :
---------------------------------------------------------------- x

## STIPULATION BY AND BETWEEN THE PLAN TRUSTEE AND BANK OF AMERICA, N.A. RESOLVING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS' ESTATES

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), and Bank of America, N.A. ("BoA" and, together with the Plan Trustee, the "Parties"), as of the date set forth below.

## RECITALS

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:13731062.22

10174706.1

WHEREAS, on October 22, 2007, Broadhollow Funding, LLC ("Broadhollow"), Melville Funding, LLC ("Melville"), and Debtor AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM Servicing") filed a complaint in the Court commencing the adversary proceeding captioned Adv. Pro. No. 07-51738 (CSS) (the "Adversary Proceeding") against defendant BoA regarding amounts allegedly owed by BoA pursuant to the Front Swaps (as defined below);

WHEREAS, on January 10, 2008, BoA filed proof of claim numbered 8159 ("Claim 8159") against Debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment") asserting an unliquidated claim (the "AHM Investment Claim") pursuant or relating to the following documents (collectively, the "Transaction Documents"):

(i) that certain Master Loan Purchase and Servicing Agreement among Broadhollow, Debtor American Home Mortgage Corp. ("AHM Corp."), AHM Servicing, and AHM Investment, dated May 27, 2004 (the "Broadhollow MLPSA");

(ii) that certain Master Loan Purchase and Servicing Agreement among Melville, AHM Corp., AHM Servicing, and AHM Investment, dated May 27, 2004 (the "Melville MLPSA," together with the Broadhollow MLPSA, the "MLPSAs");

(iii) that certain ISDA Master Agreement between BoA and Broadhollow, dated May 27, 2004 (together with certain related documents, the "Broadhollow Swap");

(iv) that certain ISDA Master Agreement between BoA and Melville, dated May 27, 2004 (together with certain related documents, the "Melville Swap," and together with the Broadhollow Swap, the "Front Swaps");

10174706.1

(v) that certain ISDA Master Agreement between BoA and AHM Servicing, dated May 27, 2004, as amended and restated as of June 7, 2005 and May 22, 2007 (together with certain related documents, the "AHM Servicing Swap"); and

(vi) that certain ISDA Master Agreement between BoA and AHM Investment, dated May 27, 2004, as amended and restated as of May 22, 2007 (together with certain related documents, the "AHM Investment Swap," and together with the AHM Servicing Swap, the "Back Swaps");

WHEREAS, on January 10, 2008, BoA filed proof of claim numbered 8160 ("Claim 8160") against AHM Servicing asserting an unliquidated claim (the "AHM Servicing Claim") pursuant or relating to the Transaction Documents;

WHEREAS, on January 10, 2008, BoA filed proof of claim numbered 8161 ("Claim 8161") against Debtor American Home Mortgage Acceptance, Inc. ("AHM Acceptance") asserting an unliquidated claim (the "AHM Acceptance Claim") pursuant or relating to the Transaction Documents;

WHEREAS, on January 10, 2008, BoA filed proof of claim numbered 8162 ("Claim 8162," collectively with Claim 8159, Claim 8160, and Claim 8161, the "Proofs of Claim") against AHM Corp. asserting an unliquidated claim (the "AHM Corp. Claim," collectively, with the AHM Investment Claim, the AHM Servicing Claim, and the AHM Acceptance Claim, the "BoA Claims") pursuant or relating to the Transaction Documents;

WHEREAS, in the Proofs of Claim, BoA asserts that the BoA Claims are secured by $3,644,462.87 in cash collateral (the "Cash Collateral") held by BoA pursuant to the Back Swaps;

3

10174706.1

WHEREAS, on May 22, 2012, following the execution of a settlement among the parties to the Adversary Proceeding, the Adversary Proceeding was dismissed with prejudice;

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances;

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects; and

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

1. **Effectiveness.** This Stipulation shall be effective immediately upon its execution by the Parties (such date, the "Effective Date").

2. **Allowance of the BoA Claims.** Upon the Effective Date: (i) Claim 8159 shall be modified and limited, to the extent necessary, and allowed as a general unsecured claim in the amount of $3,332,143.13 against AHM Investment; (ii) Claim 8160 shall be modified and limited, to the extent necessary, and allowed as a general unsecured claim in the amount of $3,083,282 against AHM Servicing; and (iii) Claim 8161 and 8162 against AHM Acceptance

4

10174706.1

and AHM Corp., respectively, shall be deemed withdrawn and disallowed with prejudice, and the Plan Trustee shall direct the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, to update the claims register relating to the Debtors' chapter 11 bankruptcy cases to reflect the modification, limitation and allowance of Claims 8159 and 8160 and the withdrawal and disallowance of Claims 8161 and 8162.

3. **Cash Collateral.** BoA is entitled to retain the Cash Collateral, and the allowed amount of the BoA Claims pursuant to this Stipulation shall not be subject to setoff against the Cash Collateral.

4. **Mutual Releases.** Upon the Effective Date, BoA, on the one hand, and the Debtors and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the BoA Claims, the Transaction Documents, and the Cash Collateral (collectively, the "Settled Matters"), whether presently in existence or which may hereafter accrue, be asserted and/or held by BoA, the Plan Trustee, or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

5. **Successors.** This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of the Parties, the Debtors, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

10174706.1

6. **No Evidence.** Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties or the Debtors other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith or (c) to prove that the Parties have stipulated to the relief described herein.

7. **Entire Agreement.** This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

8. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

9. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with (a) the internal laws of the State of Delaware without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

10. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against either of the Parties on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

11. **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties

10174706.1

in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

*[Signature page follows]*

10174706.1

Dated:   Wilmington, Delaware
         9/4/13, 2013

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Justin P. Duda (No. 5478)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Co-Counsel for the Plan Trustee

Dated:   New York, New York
         August 30, 2013

WILLKIE FARR & GALLAGHER LLP

Ana Alfonso
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8244
Facsimile: (212) 728-9244

Counsel to Bank of America, N.A.