IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,*                                   :
                                                                   : Jointly Administered
       Debtors.                                                    :
                                                                   : Ref. Dkt. Nos. 1711 & 2476
                                                                   :
                                                                   :
------------------------------------------------------------------ x

**STIPULATION BY AND AMONG THE PLAN TRUSTEE, AMERICAN
SECURITY INSURANCE COMPANY, STANDARD GUARANTY INSURANCE
COMPANY, VOYAGER INDEMNITY INSURANCE COMPANY, AND
ASSURANT GROUP RESOLVING CURE CLAIMS ASSERTED IN CONNECTION
WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS**

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, on the one hand, and American Security Insurance Company, Standard Guaranty Insurance Company, Voyager Indemnity Insurance Company, and Assurant Group (collectively, the "Insurance Companies" and, together with the Plan Trustee, the "Parties"), on the other hand, by and through their undersigned counsel.

---

* The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The address for all of the Debtors is 538 Broadhollow Road, Melville, New York 11747.

{00794185;v1 }
01:14197031.1

## RECITALS

WHEREAS, on October 30, 2007, the Bankruptcy Court entered an order [D.I. 1711] (the "Sale Order")[1] authorizing the sale of the above-captioned debtors' mortgage loan servicing business and the assumption and assignment of certain executory contracts in connection therewith, including certain contracts with the Insurance Companies (the "Assumed Insurance Contracts");

WHEREAS, pursuant to the Sale Order, a reserve of $10 million (the "Cure Escrow") was established on or about November 16, 2007, for the payment of the Sellers' Cure Amount, which, as to the Assumed Insurance Contracts, included (i) the Initial Cure Amount, and (ii) the Interim Cure Amount;

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, the Sale Order established $34,732 as the maximum Initial Cure Amount relating to the Assumed Insurance Contracts; in accordance with the Sale Order, the Insurance Companies timely filed the *Cure Objection of American Security Insurance Company, Standard Guaranty Insurance Company, Voyager Indemnity Insurance Company and Assurant Group to Debtors' Notice of Interim Period Cure Schedule Relating to Certain Assumed Executory Contracts and Unexpired Leases in Connection with the Sale of its Servicing Business* [D.I. 2476] (the "Interim Cure Claim"), which asserted additional cure claims of $71,933 in the aggregate;

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] confirming the Plan; the effective date of the Plan was November 30, 2010 [D.I. 9519], at which

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order.

time (i) the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to the reconciliation and payment of the Sellers' Cure Amount from the Cure Escrow;

WHEREAS, the Parties have conferred in good faith regarding the Interim Cure Claim, and the Insurance Companies have agreed to withdraw the Interim Cure Claim provided the Initial Cure Claim is paid from the Cure Escrow;

WHEREAS, the Initial Cure Claim was paid to counsel for the Insurance Companies via check drawn on the Cure Escrow on or about September 11, 2013;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties herby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness**. This Stipulation shall be effective upon its docketing with the Bankruptcy Court.

2. **Withdrawal of Interim Cure Claim**. The Interim Cure Claim is hereby withdrawn, with prejudice.

3. **Entire Agreement**. This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

4. **Execution in Counter-Parts**. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated:    Wilmington, Delaware
October 9, 2013

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee

[Additional signature page follows]

4

01:14197031.1

Dated: Wilmington, Delaware
October 8, 2013

    ASHBY & GEDDES, P.A.

    /s/ *signature*

    Don A. Beskrone (Bar No. 4380)
    Leigh-Anne M. Raport (Bar No. 5055)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, Delaware 19801
    Telephone: (302) 654-1888
    Facsimile: (302) 654-2067

    -and-

    JORDEN BURT LLP
    Raul A. Cuervo (*pro hac vice*)
    777 Brickell Avenue
    Suite 500
    Miami, Florida 33131-2803
    Telephone: (305) 371-2600
    Facsimile: (305) 372-9928

    Counsel to the Insurance Companies