## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                     :    Jointly Administered
a Delaware corporation, *et al.*,[1]                :
                                                    :    **Response Deadline:  November 6, 2013 by 4:00 p.m. (ET)**
                          Debtors.                  :    **Hearing Date: November 13, 2013 at 11:00 a.m. (ET)**
                                                    :

------------------------------------------------------------------- x

### PLAN TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AMENDMENT TO THE SETTLEMENT AGREEMENT RESOLVING CERTAIN EMPLOYMENT-RELATED CLAIMS

Steven D. Sass, as the liquidating trustee (the "Plan Trustee") of the trust established

pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,*

*2009* in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), by

and through his undersigned counsel, hereby moves this Court (the "Motion") pursuant to

Section 105 of Title 11 of the United States Code (the "Bankruptcy Code") for the entry of

for an order, substantially in the form annexed hereto as **Exhibit B**, approving the *First*

*Amendment to Settlement and Release Agreement* dated as of October 18, 2013, annexed hereto

as **Exhibit A** (the "Amendment") to that certain *Settlement and Release Agreement* dated

August 10, 2009 (the "Settlement Agreement") by and among the Debtors, the Official

Committee of Unsecured Creditors of the Debtors and class representatives Kathy S. Koch,

Jarrett Perry, Gina Pulliam, Michael S. Surowiec, Kathleen Wielgus, and Patricia Williams

(the "Class Representatives"), on behalf of themselves and similarly situated class members

(together with the Class Representatives, the "Class Members") resolving certain

---

[1]  The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home
Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American
Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures
LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

employment-related claims asserted under the *Worker Adjustment and Retraining Notification Act* and similar state statutes (collectively, the "WARN Act"), and in support thereof respectfully represents as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is Section 105(a) of the Bankruptcy Code.

## General Background

2.      On August 6, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court commencing their bankruptcy cases.

3.      On February 23, 2009, the Court entered an order confirming the Plan.

4.      On November 30, 2010 (the "Effective Date"), the Plan became effective and, pursuant to the terms thereof, that certain *Plan Trust Agreement* (the "Trust Agreement") was executed, thereby creating the Trust and appointing the Plan Trustee as trustee of the Trust.

5.      Pursuant to the Plan, as of the Effective Date, the Plan Trustee was authorized to, *inter alia*, object to and compromise claims against the Debtors and administer distributions pursuant to the Plan.

## Relevant Background

6.      On or about August 8, 2007, the Class Representatives commenced an adversary proceeding against the Debtors by filng a class-action complaint asserting various claims under the WARN Act, which claims were ultimately resolved pursuant to the

Settlement Agreement.

7.      On December 14, 2009, the Court entered a final order approving the

Settlement Agreement.

8.      In pertinent part, the Settlement Agreement provides for the establishment of

a settlement fund for the Class Members in a maximum potential amount of $6.5 million

(the "Settlement Fund"), which is funded through a fifty percent (50%) share of the first $13

million ($13,000,000) in estate funds which would otherwise be available for distribution to

holders of general unsecured claims.  Furthermore, the Settlement Agreement provides that

distribution of the Settlement Fund "shall be made by the Liquidating Trust only when the

Liquidating Trust make distributions to holders of general unsecured claims on account of

such general unsecured claims." Settlement Agmt., ¶2.

9.      Although the estate currently possesses sufficient funds to be able to satisfy all

unpaid administrative and priority claims and has at least $13 million for distribution on

general unsecured claims, there are disputed and unliquidated claims which presently

prevent the Plan Trustee from making distributions to holders of allowed non-priority

unsecured claims on account of such claims.[2]  As such, absent an amendment to the

Settlement Agreement, the Plan Trustee may not make any distribution of Settlement Fund

payments to the Class Members.

10.      After consulting with counsel to the Class Members, the Plan Trustee and

Class Members have entered into the Amendment in order to allow a distribution of the

Settlement Fund without prejudicing either the Class Members or the holders of allowed

general unsecured claims.  To do so, the Amendment provides that the Plan Trustee may

___

[2] Given the projected distribution on account of allowed general unsecured claims, it simply does not make economic sense for the Trust to conduct an interim distribution to the holders of such claims.

also distribute Settlement Fund payments in the event that he "… reserves an amount equal

to the Settlement Fund payments for distribution to holders of general unsecured claims on

account of such general unsecured claims." Amendment, ¶1.1.[3]

## Relief Requested

11.     By the Motion, the Plan Trustee requests the entry of an order, substantially

in the form of the Proposed Order, approving the Amendment.

## Basis for Relief Requested

12.     Section 105(a) of the Bankruptcy Code provides bankruptcy courts with the

power to "issue any order, process, or judgment that is necessary or appropriate [.]" 11

U.S.C. § 105(a).

13.     The Plan Trustee has determined that there are sufficient estate funds to make

the full $6.5 million in Settlement Fund payments to the Class Members as well as to reserve

an additional $6.5 million for distributions on account of allowed general unsecured claims.

Despite this, the Plan Trustee is currently unable to distribute the Settlement Fund to the

Class Members because, without the Amendment, the Settlement Agreement only permits

such a distribution if made simultaneously with a distribution to holders of allowed general

unsecured claims, which distribution the Plan Trust is presently unable to accomplish due to

several disputed and unliquidated claims.

14.     Absent approval of the Amendment, the Class Members, a subset of the

Debtors' former employees, will be prejudiced.  While the Plan Trustee anticipates making

---

[3] In addition, the Amendment extends the time by which the Settlement Fund payments not otherwise negotiated would be disposed of from six (6) months to "the earlier of (i) eighteen (18) months after their date of issuance or (ii) ten (10) days after the filing of a motion by the Plan seeking the entry of an order closing the Debtors' chapter 11 cases," Amendment, ¶ 1.2, to ensure that sufficient time exists to address any issues relating to the distribution of the Settlement Fund payments or the issuance of related I.R.S. Forms W-2 and 1099 by the Trust.

distributions on account of other allowed, employee wage claims prior to the end of this calendar year, he would be precluded from distributing the Settlement Fund payments on account of the Class Members' employment-related claims this year without the Amendment.

15.    As the Amendment only permits distribution of the Settlement Fund if the Plan Trustee reserves the same amount for distribution to general unsecured claimants, the Amendment does not adversely impact holders of general unsecured claims or any other party-in-interest.

16.    Given that the funds are available and approval of the Amendment would not prejudice any other party-in-interest, the Plan Trustee believes that approval is appropriate.

**[Remainder of page left intentionally blank]**

01:14265730.1

**WHEREFORE**, the Plan Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (a) approving the Amendment, and (b) granting such other and further relief as may be just and proper.

Dated:  October 22, 2013

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
1000 North King Street
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

01:14265730.1