# EXHIBIT 4

## PROPOSED FINAL APPROVAL ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                                  :    Jointly Administered
a Delaware corporation, *et al.*,[1]                             :
                                                                 :    **Ref. Docket No. ____**
                                            Debtors.             :
---------------------------------------------------------------- x

### FINAL ORDER APPROVING SETTLEMENT AGREEMENT
### BETWEEN THE PLAN TRUSTEE AND OREGON PLAINTIFFS

The Court has considered the joint motion (the "Motion") of Steven D. Sass, as the liquidating trustee (the "Plan Trustee") of the trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* of the above-captioned debtors (the "Debtors"), prospective class and collective representative Zoa Woodward (*f/k/a* Zoa Nielsen) (the "Class Representative"), on behalf of herself and similarly situated prospective class members (together with the Class Representative, the "Class Members" and collectively with the Plan Trustee, the "Parties"), for an order approving the proposed *Settlement and Release Agreement* (the "Settlement Agreement" or "Settlement") settling class claims under the federal *Fair Labor Standards Act* ("FLSA"), Oregon's wage and hour laws and certain other claims. The Court finds:

    A.    The Court has entered an Order on November __, 2013 conditionally certifying a class and collective of plaintiffs (collectively, the "Class"), granting preliminary

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

approval of the Settlement Agreement and approving the form and manner of notice of conditional Class certification, the Settlement and the deadline for opting out of the Class and/or filing objections to the Settlement to be given to all Class Members.

      B.    Due notice has been given to the Class of the Settlement, the right to opt out of the Class and/or object to the Settlement and the right to appear in person or by counsel at the Fairness Hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances.

      C.    The Court has held a fairness hearing on _____, 2013 to consider final approval of the Settlement Agreement.

      D.    All Class Members who did not exercise the right to opt-out of the Class (the "Opt-Outs") are bound by this Order and the terms of the Settlement Agreement.

      E.    All Class Members who negotiate any settlement check received pursuant to the Settlement Agreement shall have affirmatively opted in to the Class for FLSA settlement purposes.

      F.    The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23, made applicable to these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure, the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and 29 U.S.C. § 216(b).

      G.    The Settlement Agreement was negotiated at arm's-length and in good faith, is fair equitable and in the best interest of the Debtors' estate.

3

H.  Class counsel's request for its fees and costs (collectively, "Class Counsel's Fees") and the service payment to the Class Representative (the "Service Payment") is fair and reasonable.

I.  Other good and sufficient cause exists for granting the relief requested in the Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Settlement Agreement is **APPROVED** in its entirety.

2.  Class Counsel's Fees and the Service Payment are approved.

3.  The Plan Trustee is authorized to take any and all actions that are reasonably necessary or appropriate to implement and effectuate the terms of the Settlement Agreement and this Order.

4.  Epiq Bankruptcy Solutions LLC, as the official claims and noticing agent in these chapter 11 cases, is hereby authorized and directed to make such revisions to the Debtors' official register of claims as are necessary to reflect the effect of the Settlement Agreement and this Order including, but not limited to, expunging any claims released pursuant to the terms of the Settlement Agreement.

5. This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

Dated: Wilmington, Delaware
_____, 2013

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE