**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                                                   :     Chapter 11
                                                                                               :
AMERICAN HOME MORTGAGE                                      :     Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                                          :     Jointly Administered
a Delaware corporation, *et al.*,[1]                                  :
                                                                                               :     Response Deadline: November 6, 2013 by 4:00 p.m. (ET)
                                                                                               :     Hearing Date: November 13, 2013 at 11:00 a.m. (ET)
                                              Debtors.                      :
---------------------------------------------------------------- x

**JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 107 AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING EXHIBIT A TO THE SETTLEMENT AGREEMENT RESOLVING CERTAIN EMPLOYMENT-RELATED CLAIMS TO BE FILED UNDER SEAL**

Steven D. Sass, as the liquidating trustee (the "Plan Trustee") of the trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), and prospective class and collective representative Zoa Woodward (*f/k/a* Zoa Nielsen (the "Class Representative"), on behalf of herself and similarly situated prospective class and collective members, by and through their respective counsel, hereby move this Court (the "Motion") pursuant to Sections 105 and 107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of for an order authorizing the Plan Trustee and the Class Representative (collectively, the "Parties") to submit under seal Exhibit A to the *Settlement and Release Agreement* dated as of July 10, 2013

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

01:14273729.1

703200/006-3974653.1

(the "Settlement Agreement")² annexed to the *Joint Motion for Entry of Order (I) Approving a Settlement Pursuant to Fed. R. Bankr. P. 9019, (II) Certifying a Class and Collective of Claimants for Settlement Purposes only, Appointing Class/Collective Counsel and a Class/Collective Representative, and Preliminarily Approving the Settlement Pursuant to Fed. R. Bankr. P. 7023, (III) Approving the Form and Manner of Notice to Class/Collective Members of the Class/Collective Certification and Settlement, (IV) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement, (V) Finally Approving the Settlement Pursuant to Fed. R. Bankr. P. 7023 and 29 U.S.C. § 216(b) after the Fairness Hearing, and (VI) Granting Related Relief* (the "9019 Motion"), filed contemporaneously herewith, and in support thereof, respectfully represent as follows:

## Jurisdiction

1.　　This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105(a) and 107(c)(1) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## Relief Requested

2.　　Exhibit A to the Settlement Agreement contains confidential employment information and sensitive personal information concerning the Debtors' former employees including, *inter alia*, their names, addresses, social security numbers and the amounts they will receive pursuant to the Settlement Agreement (the "Personal Information").  As such, and as contemplated in the Settlement Agreement, the Parties request that this Court issue an order authorizing the Parties to file Exhibit A to the Settlement Agreement under seal to

---

² Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

01:14273729.1

2

protect the privacy of the employees by preventing the unnecessary disclosure of the Personal Information to the public at large.

3. Section 105(a) of the Bankruptcy Code provides bankruptcy courts with the power to "issue any order, process, or judgment that is necessary or appropriate[.]" 11 U.S.C. § 105(a). The Court may use the broad grant of authority provided under this section to protect entities from the potential harm that may result from the disclosure of certain confidential information. *See Gegert v. Trans. Admin. Servs.*, 260 F.3d 909, 918-19 (8th Cir. 2001) (noting that plaintiff "could have prevented public disclosure … [by seeking] a protective order under the 'necessary and appropriate' provision of 11 U.S.C. § 105(a)").

4. Section 107 of the Bankruptcy Code authorizes the Court to issue orders to protect individuals from the potential harm that may result from the disclosure of certain confidential personal information. In relevant part, Section 107 provides that

> [t]he bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property … (A) [a]ny means of identification … contained in a paper filed, or to be filed, in a case under this title … (B) other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

5. The Local Rules define the procedure by which a party may move for relief under Section 107 and require that "[a]ny party who seeks to file documents under seal must file a motion to that effect." DEL. BANKR. L.R. 9018-1(b).

6. Here, public disclosure of the Personal Information poses an unnecessary risk to the former employees and serves no useful purpose as the 9019 Motion itself, which is available to public scrutiny, contains all of the relevant information that any party-in-interest

01:14273729.1

requires to form an opinion on the settlement's relative benefit to the estate. Given the financial harm that Debtors' former employees could suffer from the public disclosure of the Personal Information, ample cause exists for authorizing the Parties to file <u>Exhibit A</u> to the Settlement Agreement under seal.

**WHEREFORE**, the Parties respectfully request that this Court enter an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, (a) authorizing the submission of <u>Exhibit A</u> to the Settlement Agreement under seal, and (b) granting such other and further relief as may be just and proper.

Dated: October 23, 2013

| YOUNG, CONAWAY, STARGATT & TAYLOR, LLP | JON M. EGAN, PC |
|---|---|
| /s/ Sean M. Beach | /s/ Jon M. Egan |
| Sean M. Beach (No. 4070) | Jon M. Egan |
| Margaret Whiteman Greecher (No. 4652) | 240 Sixth Street |
| Patrick A. Jackson (No. 4976) | Lake Oswego, Oregon 97034 |
| Michael S. Neiburg (No. 5275) | Telephone: (503) 697-3427 |
| 1000 North King Street | Facsimile: (866) 311-5629 |
| Wilmington, Delaware 19899 | |
| Telephone: (302) 571-6600 | *Proposed Counsel for the Prospective* |
| Facsimile: (302) 571-1253 | *Class/Collective Members* |

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*