IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                           :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                               :
                                                                 :   Jointly Administered
      Debtors.                                                   :
                                                                 :   Ref. Dkt. Nos. 8939 & 10685
                                                                 :
---------------------------------------------------------------- x

### STIPULATION BY AND AMONG THE PLAN TRUSTEE AND ASSURED GUARANTY CORP. RESOLVING CERTAIN PROOFS OF CLAIM

This stipulation (the "Stipulation") is entered into by and among Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, and Assured Guaranty Corp. ("Assured" and, together with the Plan Trustee, the "Parties"), by and through their undersigned counsel.

WHEREAS, Assured timely filed proofs of claim (i) #8701 and #9955 against debtor AHM Acceptance, (ii) #8702, #8703, and #9957 against debtor AHM Investment, (iii) #8704, #8709, and #9956 against debtor AHM SV, and (iv) #8705 against debtor AHM Corp. (collectively, the "Assured Claims");

WHEREAS, on February 23, 2009, the Court entered its order [D.I. 7042] (as subsequently amended, the "Confirmation Order") confirming the Plan;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation ("AHM Investment") (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation ("AHM Acceptance") (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation ("AHM SV") (7267); American Home Mortgage Corp., a New York corporation ("AHM Corp.") (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is 224 Sherwood Road, Farmingdale, NY 11735.

01:13927229.7

WHEREAS, on June 18, 2010, the Debtors filed their *Fifty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 8939] (the "59th Omnibus Objection"), which sought, among other things, entry of an order reducing and reclassifying claims #8701, #8702, and #8709;

WHEREAS, the Effective Date of the Plan (as defined in the Plan) occurred on November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, with respect to proofs of claim;

WHEREAS, on December 7, 2012, the Plan Trustee filed the *Plan Trust's One Hundred Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 10685] (the "106th Omnibus Objection" and, together with the 59th Omnibus Objection, the "Pending Objections"), which sought, among other things, entry of an order disallowing and expunging claims #9955, #9956, and #9957;

WHEREAS, the Parties desire to avoid costly litigation over the Assured Claims and the Pending Objections and, to that end, have engaged in good-faith negotiations in an attempt to reach an agreement as to the appropriate treatment of the Assured Claims;

WHEREAS, as a result of those negotiations, the Parties have agreed upon a compromise with respect to the Assured Claims;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims without further approval of or application to the

Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances; and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. **Effectiveness.** This Stipulation shall be effective immediately upon its docketing in the Bankruptcy Court, provided, however, that Sections 2 through 7 hereof, including the releases between and among the Parties, shall not become effective until Assured's receipt of the full amount of the Assured Settlement Payment (as hereinafter defined). The Plan Trustee shall file this Stipulation within three (3) business days of its execution by the Parties.

2. **Withdrawal of the Pending Objections.** The Pending Objections are hereby withdrawn as to any Assured Claims.

3. **Disallowance of Certain Assured Claims.** Assured agrees that claims #9955, #9956, and #9957 shall be, and hereby are, disallowed in their entirety.

4. **Conditional Withdrawal of Remaining Assured Claims.** Assured agrees that, upon Assured's receipt of the full amount of the Assured Settlement Payment, claims #8701, #8702, #8703, #8704, #8705, and #8709 (the "Settled Assured Claims") shall be deemed withdrawn with prejudice.

5. **Assured Settlement Payment.** In full compromise settlement of the Settled Assured Claims, the Plan Trustee shall distribute the amount of $1.35 million (the "Assured Settlement Payment") in good funds to Assured within seven (7) business days after the initial payment is made by the Plan Trust under the settlement agreement that was approved

01:13927229.7

3

by the Bankruptcy Court's *Final Order Approving WARN Act Class Action Settlement Agreement* entered December 14, 2009 [D.I. 8415].

6. **Release by Assured.** Effective only upon Assured's receipt of the full amount of the Assured Settlement Payment, Assured hereby fully and forever releases, surrenders, gives up and discharges the Plan Trustee, the Plan Trust, and the Debtors from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that Assured ever had, may have had or may have against the Plan Trustee, the Plan Trust, or the Debtors (including, but not limited to the Assured Claims), provided, however, that nothing in this paragraph 6 shall constitute a waiver or release of any claims allowed pursuant to this Stipulation.

7. **Release by the Plan Trustee, the Plan Trust and the Debtors.** Effective only upon Assured's receipt of the full amount of the Assured Settlement Payment, the Plan Trust, the Plan Trustee and the Debtors hereby fully and forever release, surrender, give up and discharge Assured, its agents, principals, supervisors, administrators, members, fiduciaries, sponsors, present and former employees, officers, directors, attorneys, servants, trustees, shareholders, predecessors, successors, any parent companies, subsidiaries, affiliates, member companies, other related companies, and assigns and all persons acting for, by, through, under or in concert with any of them (the "Assured Releasees"), from any and all claims, actions, causes of action, rights, debts, costs, charges, losses, demands and damages of whatsoever nature or kind in law or equity, whether now known or hereinafter known, that the Plan Trust, the Plan Trustee or the Debtors ever had, may have had or may have against Assured and the Assured

01:13927229.7

Releasees arising out of or relating to the Assured Claims and the underlying agreements and transactions referenced therein (collectively, the "Transactions").

8. **Limitation on Releases.** Nothing contained in this Stipulation is intended to release, or will have the effect of releasing, any party to the Transactions other than those parties expressly provided for herein.

9. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis. Each of the Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

10. **Amendment.** This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties. This Stipulation shall be binding upon, and inure to the benefit of, the successors of the parties hereto. This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that state's choice of law principles.

11. **Jurisdiction.** Subject to the terms and conditions of the confirmed Plan, the Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

12. **Execution in Counterparts.** This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or email, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

Dated:  Wilmington, Delaware
        November 5, 2013

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        _/s/_____
        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee

Dated: Nov. 4, 2013

ASSURED GUARANTY CORP.

By: James M. Michener
Title: General Counsel

01:13927229.7