IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :    Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :    Case No. 07-11047 (CSS)
a Delaware corporation, et al., [1]                                    :
                                                                       :    Jointly Administered
   Debtors.                                                            :
                                                                       :
---------------------------------------------------------------------- x

**STIPULATION BY AND BETWEEN THE PLAN TRUSTEE AND
CITIGROUP GLOBAL MARKETS INC.**

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") of the Plan Trust[2] established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors") and Citigroup Global Markets Inc. ("CGMI" and, together with the Plan Trustee, the "Parties"), as of the date set forth below.

**RECITALS**

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] The Plan Trust is assignee of the Debtors' estates pursuant to the Plan.

WHEREAS, on January 11, 2008, CGMI filed proof of claim numbered 8837 ("Claim 8837") against debtor American Home Mortgage Holdings Inc. (Case No. 07-11047) ("AHM Holdings") asserting a liquidated claim in the amount of not less than $556,132.74 in connection with that certain forward purchase agreement, dated as of July 30, 2007, (as amended, supplemented or otherwise modified from time, and including all annexes, schedules, exhibits and any related agreements and other documents, collectively, the "Forward Purchase Agreement") and reserved its rights with respect to any contingent unliquidated claims it may have under the Forward Purchase Agreement, including, without limitation, the right to setoff such claims;

WHEREAS, the Plan Trustee disputes and maintains his rights to object to Claim 8837;

WHEREAS, on January 11, 2008, CGMI filed proof of claim numbered 9203 ("Claim 9203") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment") asserting a liquidated claim in the amount of not less than $608,671.80 in connection with that certain Underwriting Agreement, dated as of April 30, 2007 (as amended, supplemented or otherwise modified from time, and including all annexes, schedules, exhibits and any related agreements and other documents, collectively, the "Underwriting Agreement") and reserved its rights with respect to any contingent unliquidated claims it may have under the Underwriting Agreement, including, without limitation, the right to setoff such claims;

WHEREAS, the Plan Trustee disputes and maintains his rights to object to Claim 9203;

WHEREAS, on January 11, 2008, CGMI filed proof of claim numbered 9206 ("Claim 9206") against AHM Investment asserting a liquidated claim in the amount of not less than $20,124,241.15 in connection with that certain Master Repurchase Agreement, dated as of March 17, 2003 (as amended, supplemented or otherwise modified from time, and including all annexes, schedules, exhibits and any related agreements and other documents, collectively, the "Repurchase Agreement") and reserved its rights with respect to any contingent unliquidated claims it may have under the Repurchase Agreement, including, without limitation, the right to setoff such claims;

WHEREAS, Claim 8837, Claim 9203 and Claim 9206 are collectively referred to as the "CGMI Claims";

WHEREAS, on May 1, 2008, CGMI filed proof of claim numbered 10377 ("Claim 10377") against debtor American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.") asserting a liquidated claim in the amount of not less than $68,828,757.78 in connection with that certain Master Mortgage Loan Purchase and Servicing Agreement, dated as of September 1, 2005. Claim 10377 is an EPD/Breach Claim subject to the EPD/Breach Protocol (as such terms are defined in the Plan) set forth in the Plan;

WHEREAS, on October 13, 2009, the Debtors filed the *Debtors' Forty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 8174] seeking entry of an order modifying and fixing Claim 10377 as a general unsecured claim against AHM Corp. in the amount of $14,580,015.00, which amount was based on the completed EPD/Breach Claims Questionnaire (as defined in the Plan) submitted by CGMI;

WHEREAS, on November 13, 2009, the Bankruptcy Court entered an order [Docket No. 8299] modifying and/or fixing Claim 10377 as an allowed general unsecured claim against AHM Corp. in the amount of $14,580,015.00 (the "Allowed EPD/Breach Claim");

WHEREAS, on April 11, 2011, the Plan Trustee filed the *Plan Trust's Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 9933] (the "Non-Substantive Claim Objection") seeking an entry of an order disallowing and expunging Claim 9206 on the basis of insufficient documentation;

WHEREAS, after the Non-Substantive Claim Objection was filed, the Parties agreed to an adjournment of the Non-Substantive Claim Objection with respect to Claim 9206 and engaged in several discussions in an attempt to resolve that claim.  In connection with those discussions, CGMI provided the Plan Trustee with additional documentation and information that provided further explanation of the nature and alleged bases of Claim 9206;

WHEREAS, the Plan Trustee filed a notice of partial withdrawal, without prejudice, of the Non-Substantive Claim Objection [Docket No. 10066] solely with respect to Claim 9206, but the Plan Trustee has continued to dispute and maintain his rights to further object to Claim 9206;

WHEREAS, CGMI is currently holding $1,736,541.95 in funds (the "HELOC Funds") that were wired to AHM Investment's prime brokerage account at CGMI.  The Plan Trustee contends that the full amount is owed to the Debtors' estates and CGMI contends that it is entitled retain the HELOC Funds;

WHEREAS, the Parties have conferred in good faith to reach an agreement concerning the proper treatment of the CGMI Claims and payment of the HELOC Funds;

01:14183505.3

4

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [Docket No. 7042] confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim;

WHEREAS, Article 8 of the Plan permits the Plan Trustee to compromise or settle claims and potential objections to claims without further approval of or application to the Bankruptcy Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances; and

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects;

NOW, THEREFORE, the Parties, in consultation with counsel and intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

1. **Effectiveness.** This Stipulation shall be effective immediately upon its docketing in the Bankruptcy Court (such date, the "Effective Date").

2. **Payment by CGMI.** CGMI shall make a payment in the amount of $868,270.00 (the "Payment") to the Plan Trustee within five (5) business days of the later of (a) the Effective Date or (b) the date that CGMI receives wire transfer instructions from the Plan Trustee. The Payment shall be delivered via wire transfer to an account designated by the Plan Trustee. The Payment shall be deemed to fully and completely satisfy the Plan Trustee and the Plan Trust's claims for payment of the Heloc Funds.

01:14183505.3

5

3. **Disallowance of CGMI Claims.** Upon the Effective Date: (i) Claim 8837 shall be disallowed in its entirety; (ii) Claim 9203 shall be disallowed in its entirety; and (iii) Claim 9206 shall be disallowed in its entirety, and the Plan Trustee shall direct the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, to update the claims register relating to the Debtors' Chapter 11 bankruptcy cases to reflect the disallowance of each of the CGMI Claims as set forth herein.

4. **No Setoff Rights.** For the avoidance of doubt, the Payment is not subject to any setoff or recoupment rights, if any, that CGMI may have against any of the Debtors, and to the extent that CGMI has asserted claims other than the CGMI Claims against the Debtors, and any such claims are deemed an Allowed Claim (as defined in the Plan), including, without limitation, the Allowed EPD/Breach Claim, CGMI shall receive distributions on account of those claims in accordance with the terms and conditions of the Plan.

5. **Mutual Releases.** Upon the Plan Trustee's receipt of the Payment, CGMI, on the one hand, and the Debtors and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the CGMI Claims, the Forward Purchase Agreement, the Underwriting Agreement, the Repurchase Agreement and/or the HELOC Funds (collectively, the "Settled Matters"), whether presently in existence or which may hereafter accrue, be asserted and/or held by CGMI, the Plan Trustee, or any of the Debtors; provided, however, the Parties reserve their

rights to bring any and all claims or causes of action related to any breach of this Stipulation. For the avoidance of doubt, the releases set forth in this paragraph relate only to the Settled Matters and are of no effect with respect to the Allowed EPD/Breach Claim and CGMI shall receive distributions on account of the Allowed EPD/Breach Claim in accordance with the terms and conditions of the Plan.

6. **Payment of Applicable Taxes.** The Plan Trustee and the Plan Trust shall be exclusively responsible for the filing of any federal, state or local tax returns and for the payment of any federal, state and local taxes that may be owed by the Plan Trustee, the Plan Trust, or the Debtors' estates in connection with their respective receipt of the Payment provided to them pursuant to this Stipulation. CGMI shall be exclusively responsible for the filing of any federal, state or local tax returns and for the payment of any federal, state and local taxes that may be owed by CGMI in connection with the portion of the HELOC Funds being retained by CGMI pursuant to this Stipulation, including taxes relating to any interest that has accrued on the HELOC Funds since the Petition Date.

7. **Successors.** This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of the Parties, the Debtors, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

8. **Non-Admission.** This Stipulation does not constitute an admission of any kind on the part of any Party that any of them has violated any law, statute, regulation or has otherwise committed any wrongful act of any kind whatsoever, and each Party specifically denies having done so. This Stipulation is an amicable resolution of the Parties' dispute and neither this Stipulation nor any terms contained herein shall be offered or received in evidence or

01:14183505.3

in any way referred to in any legal action or administrative proceeding among or between the Parties or the Debtors other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith or (c) to prove that the Parties have stipulated to the relief described herein.

9. **Entire Agreement.** This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

10. **Supplements, Modifications, Amendment, Waiver**. No supplement, modification or amendment of this Stipulation shall be binding unless executed in writing by each of the Parties affected thereby. No waiver of any provisions of this Stipulation shall be deemed or constitute a waiver of any other provision, whether similar or not similar; nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless set forth in writing and signed by the Party or Parties making the waiver.

11. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

12. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with (a) the internal laws of the State of Delaware without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

13. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against either of the Parties on that basis. Each of the

01:14183505.3

Parties shall bear its own costs and expenses in connection with this matter, including legal fees and expenses.

14. **Execution in Counterparts.** Each of the undersigned represents that he or she is authorized to execute this Stipulation. This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

*[Signature page follows]*

Dated: Wilmington, Delaware
November 8, 2013

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/* Michael S. Neiburg
        Sean M. Beach (No. 4070)
        Michael S. Neiburg (No. 5275)
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Counsel for the Plan Trustee

Dated: New York, New York
November 8, 2013

        KIRKLAND & ELLIS LLP

        */s/* Joshua A. Sussberg
        Joshua A. Sussberg
        601 Lexington Avenue
        New York, New York 10022-4611
        Telephone: (212) 446-4829
        Facsimile: (212) 446-6460

        Counsel to Citigroup Global Markets Inc.