IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al.,[1] | Case No. 07-11047 (CSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 3879, 4295 & 10901** |

---

**CERTIFICATION OF COUNSEL REGARDING PROPOSED CONSENSUAL ORDER VACATING IN PART THE ORDER GRANTING THE DEBTORS' FIFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO PROOF OF CLAIM NO. 9323**

The undersigned counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors certifies as follows:

1. On April 8, 2008, the above-captioned debtors (the "Debtors") filed the *Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 3879] (the "Objection"). By the Objection, the Debtors sought, *inter alia*, to disallow proof of claim numbered 9323 ("Claim 9323") filed by Ms. Teresa Bevelle on the grounds that Claim 9323 had been filed after the bar date applicable to such claims had passed.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box. 10550, Melville, New York 11747.

01:14575618.2

2. Claim 9323 asserts claims for amounts owed (total $3,337.85) on account of unpaid vacation time and purported violations of the WARN Act and California WARN Act.

3. On May 28, 2008, the Court entered an order [D.I. 4295] (the "Omnibus Order") adjourning the Objection with respect to various claims and sustaining the Objection with respect to, among other claims, Claim 9323.

4. On November 4, 2013, Ms. Bevelle filed a motion for reconsideration [D.I. 10901] (the "Motion") of the Omnibus Order as it relates to Claim 9323.

5. After the Motion was filed, the Plan Trustee and Ms. Bevelle entered into discussions concerning Claim 9323. As a result of those discussions, the parties have agreed that: (i) the Omnibus Order should be vacated solely with respect to Claim 9323; (ii) Claim 9323 should allowed as a priority unsecured claim in the amount of $953.85 on account of unpaid vacation time; and (iii) the parties agreement in respect of Claim 9323 does not impact or otherwise affect the distribution that Ms. Bevelle is entitled to receive in connection with the Settlement Agreement[2] resolving the WARN Action, which distribution shall be paid to Ms. Bevelle in accordance with the terms and provisions of the Settlement Agreement.

6. A proposed form of consensual order (the "Proposed Order") reflecting the parties' agreement is attached hereto as Exhibit A.

*[Remainder of page intentionally left blank]*

---

[2] On December 14, 2009, the Court entered a final order [D.I. 8415] approving the proposed settlement and release agreement (the "Settlement Agreement") regarding claims asserted under the WARN Act and the California WARN Act in the WARN Action. Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Settlement Agreement.

01:14575618.2

WHEREFORE, based on the foregoing, the Plan Trustee respectfully requests that the Court enter the Proposed Order at its earliest convenience.

| | |
|---|---|
| Dated: December 12, 2013<br>Wilmington, Delaware | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP<br><br>*/s/ Michael S. Neiburg*<br>Sean M. Beach (No. 4070)<br>Michael S. Neiburg (No. 5275)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware  19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>HAHN & HESSEN LLP<br>Mark S. Indelicato<br>Edward L. Schnitzer<br>488 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 478-7200<br>Facsimile: (212) 478-7400<br><br>*Co-Counsel to the Plan Trustee* |

**EXHIBIT A**

**PROPOSED ORDER**

01:14575618.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------------------ x <br> In re: <br> <br> AMERICAN HOME MORTGAGE HOLDINGS, INC., <br> a Delaware corporation, et al.,[1] <br> <br>     Debtors. <br> ------------------------------------------------------------------------ x | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br> <br> Case No. 07-11047 (CSS) <br> <br> Jointly Administered <br> <br> **Ref. Docket No. 3879 & 4295** |

### CONSENSUAL ORDER VACATING IN PART THE ORDER GRANTING THE DEBTORS' FIFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO PROOF OF CLAIM NO. 9323

Upon consideration of the fifth omnibus (non-substantive) objection to claims [D.I. 3879] (the "Objection") of the above-captioned debtors (the "Debtors") and the certification of counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors; and the Court having entered an order [D.I. 4295] (the "Omnibus Order") sustaining the Objection in part with respect to, among other claims, proof of claim number 9323 ("Claim 9323") filed by Ms. Teresa Bevelle; and the Plan Trustee and Ms. Bevelle having agreed that the Omnibus Order should be vacated solely with respect to Claim 9323 and that Claim 9323 should receive the treatment set forth herein; and it appearing that the Court has

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box. 10550, Melville, New York 11747.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Omnibus Order is vacated solely with respect to Claim 9323 as set forth herein; and it is further

ORDERED that Claim 9323 shall be allowed as a priority unsecured claim in the amount of $953.85 on account of unpaid vacation time, which amount shall be paid to Ms. Bevelle in accordance with the terms and provisions of the Plan; and it is further

ORDERED that nothing in this Order impacts or otherwise affects the distribution that Ms. Bevelle is entitled to receive in connection with the Settlement Agreement[2] resolving the WARN Action, which distribution shall be paid to Ms. Bevelle in accordance with the terms and provisions of the Settlement Agreement; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____ \_\_\_, 2013

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

---

[2] On December 14, 2009, the Court entered a final order [D.I. 8415] approving the proposed settlement and release agreement (the "Settlement Agreement") regarding claims asserted under the WARN Act and the California WARN Act in the WARN Action. Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Settlement Agreement.

01:14575618.2