## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------- x
In re:                                              :  Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                  :
                                                    :  Jointly Administered
         Debtors.                                   :
                                                    :  Ref. Docket No. 5447 & 6217
------------------------------------------------------------------------- x
```

### CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER AMENDING IN PART THE ORDER GRANTING THE DEBTORS' FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO PROOF OF CLAIM NOS. 2421, 5861 & 7766

The undersigned counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors certifies as follows:

1.  On August 15, 2008, the above-captioned debtors (the "Debtors") filed the *Debtors' Fifteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 5447] (the "Objection"). By the Objection, the Debtors sought, *inter alia*, to: (i) modify by reducing and fixing the amount claimed in proof of claim numbered 2421 ("Claim 2421") filed by Ms. Mary Kalk; (ii) modify by fixing the amount of proof of claim numbered 5861 ("Claim 5861") filed by

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box. 10550, Melville, New York 11747.

Ms. Cindy Morris; and (iii) reassign and modify by reducing and fixing the amount claimed in 7766 ("Claim 7766") filed by Ms. Lisa Schollmeyer, on the grounds that the Debtors' books and records reflected the amounts claimed through Claims 2421, 5861 and 7766 were greater than the Debtors' liabilities to such claimants.

2. On October 10, 2008, the Court entered an order [D.I. 6217] (the "Omnibus Order") adjourning the Objection with respect to various claims and sustaining the Objection with respect to, among other claims, Claims 2421, 5861 and 7766.

3. The Debtors agreed (and the Plan Trustee also agrees) that Claims 2421, 5861 and 7766 are entitled to priority status, as modified and reduced (or fixed) in amount pursuant to the Omnibus Order. However, upon review of the Objection, the Omnibus Order and the claims register, it appears that Claims 2421, 5861 and 7766 were inadvertently and mistakenly reclassified from priority unsecured claims to general unsecured claims.

4. Accordingly, the Plan Trustee submits the proposed form of order (the "Proposed Order") attached hereto as Exhibit A. The Proposed Order revises or otherwise amends the Omnibus Order solely with respect to the Claims 2421, 5861 and 7766 by reclassifying such claims (as modified and reduced in amount pursuant to the Omnibus Order) from general unsecured claims to priority unsecured claims in order to correct the claims register and to ensure the claimants holding these claims receive appropriate recoveries from the Debtors' estates.

WHEREFORE, based on the foregoing, the Plan Trustee respectfully requests that the Court enter the Proposed Order at its earliest convenience.

Dated: December 14, 2013
     Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP


*/s/ Michael S. Neiburg*             
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

**EXHIBIT A**

**PROPOSED ORDER**

01:14592446.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------  x
In re:                                                                    :    Chapter 11
                                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,1                                          :
                                                                          :    Jointly Administered
           Debtors.                                                       :
------------------------------------------------------------------------  x    Ref. Docket No. 5447 & 6217
```

## PROPOSED ORDER AMENDING IN PART THE ORDER GRANTING THE DEBTORS' FIFTEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO PROOF OF CLAIM NOS. 2421, 5861 & 7766

Upon consideration of the fifteenth omnibus (substantive) objection to claims [D.I. 5447] (the "Objection") of the above-captioned debtors (the "Debtors") and the certification of counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the AHM Liquidating Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors; and the Court having entered an order [D.I. 6217] (the "Omnibus Order") sustaining the Objection in part with respect to, among other claims:  (i) proof of claim numbered 2421 ("Claim 2421") filed by Ms. Mary Kalk; (ii) proof of claim numbered 5861 ("Claim 5861") filed by Ms. Cindy Morris; and (iii) proof of claim numbered 7766 ("Claim 7766") filed by Ms. Lisa Schollmeyer (as modified and reduced or fixed in amount pursuant to the Omnibus Order, Claims 2421, 5861 and 7766 are the "Modified Claims"); and the Plan

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is:  AHM Liquidating Trust, P.O. Box. 10550, Melville, New York 11747.

Trustee having requested that the Omnibus Order be revised or otherwise amended solely with respect to the Modified Claims and that the Modified Claims should receive the treatment set forth herein; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Omnibus Order is revised or otherwise amended solely with respect to the Modified Claims as set forth herein; and it is further

ORDERED that the Modified Claims shall be reclassified to priority unsecured claims, and allowed as such in the amounts set forth in the Omnibus Order; and it is further

ORDERED that payments to the claimants holding the Modified Claims will be made in accordance with the terms and provisions of the Plan; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____ ____, 2013

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE