IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :  Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[*]                                    :
                                                                       :  Jointly Administered
    Debtors.                                       :
                                                                       :  **Ref. Dkt. Nos. 1711, 2140 & 2285**
                                                                       :
                                                                       :  **Response Deadline: January 7, 2014 at 4:00 p.m. (ET)**
                                                                       :  **Hearing Date: February 11, 2014 at**
---------------------------------------------------------------------- x  **11:00 a.m. (ET)**

### PLAN TRUSTEE'S OBJECTION TO CURE CLAIMS ASSERTED BY SECURITY CONNECTIONS, INC. IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

Steven D. Sass, as trustee (the "Plan Trustee") of the liquidating trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "Plan") in the above-captioned cases, hereby objects and responds, as applicable (the "Objection") to the *Notice of Cure Amount Due Security Connections, Inc.* [D.I. 2140] and *Security Connections, Inc.'s Limited Objection to Notice of Interim Period Cure Schedule* [D.I. 2285] (collectively, the "Cure Claims") filed by Security Connections, Inc. ("Security Connections"). In support of this Objection, the Plan Trustee respectfully represents as follows:

---

[*]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:14212645.1

## BACKGROUND

1.     On August 6, 2007 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale of the assets used in their mortgage loan servicing business (the "Servicing Business"), including the assumption and assignment of certain executory contracts.

2.     On September 25, 2007, the Debtors filed an executed Asset Purchase Agreement [D.I. 931] (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and AH Mortgage Acquisition Co., Inc. (the "Purchaser").  The APA contemplated a two-step closing: first, an "economic" close (the "Initial Closing"), at which the Purchaser would tender the purchase price and after which the Debtors would continue to operate the Servicing Business in the ordinary course for the benefit and risk of the Purchaser, using working capital to be provided by the Purchaser; and second, a "legal" close (the "Final Closing"), at which legal title to the assets of the Servicing Business would vest in the Purchaser and which would be the effective date of assumption and assignment of any executory contracts and unexpired leases, including a certain Processing Agreement between Security Connections and AHM SV.

3.     The Court entered an order [D.I. 1711] (the "Sale Order") approving the Sale Motion and the APA on October 30, 2007.  The Sale Order provided that a reserve of $10 million (the "Cure Escrow") would be established for the payment of the "Sellers' Cure Amount," which includes (i) the Initial Cure Amount, (ii) the Interim Cure Amount, and (iii) any reasonable out-of-pocket costs and expenses (a) incurred by a counterparty to an Assumed Contract as a result of the assumption and assignment of such contract to the Purchaser *and* (b) chargeable under the Assumed Contract.  (Sale Ord. ¶¶ 32-39.)  The Sale Order expressly

reserved the rights of the Debtors, the Official Committee of Unsecured Creditors, and Bank of America, N.A., as Administrative Agent to object to any Sellers' Cure Amount. (Id. ¶ 35).

4. With respect to Security Connections, the Sale Order acknowledged that Security Connections had exercised recoupment rights with respect to $140,344.14 (the "Recoupment Amount") due and owing to it from AHM SV, and provided that, in the event that such recoupment was successfully challenged, Security Connections would have a setoff right against the Cure Escrow in an amount equal to the Recoupment Amount. (Id. ¶ 59).

5. The Initial Closing under the APA occurred on November 16, 2007, at or about which time the Cure Escrow was established and funded as required by the Sale Order. The Final Closing occurred on April 11, 2008. In accordance with the Sale Order, Security Connections timely filed the Cure Claims, asserting $203,320.99 (inclusive of the Recoupment Amount) as a cure amount in connection with the assumption and assignment of its Processing Agreement to the Purchaser. To date, Security Connections' recoupment of the Recoupment Amount has not been challenged.

6. Prior to filing this Objection, the Plan Trustee requested additional information and documentation from Security Connections to validate the amounts set forth in the Cure Claims, because the Debtors' books and records alone were insufficient for this purpose. To date, Security Connections has not provided any further information or documentation.

**OBJECTION**

7. Section 365 of the Bankruptcy Code generally requires a debtor, as a prerequisite to assumption and assignment of an executory contract, to cure any defaults under

3

such contract and compensate the counterparty to such contract for any pecuniary losses resulting from such defaults.  11 U.S.C. § 365(b)(1)(A) & (B), (f)(2)(A).

8. Unlike proofs of claim filed pursuant to section 501 of the Bankruptcy Code, cure claims asserted pursuant to section 365(b)(1) of the Bankruptcy Code are accorded no initial presumption of validity.  In re Joshua Slocum, Ltd., 103 B.R. 601, 605-06 (Bankr. E.D. Pa. 1989).  Thus, like a plaintiff in a lawsuit, the party asserting a cure claim pursuant to section 365(b)(1) must prove every element of its entitlement to a cure claim by a preponderance of the evidence.  Id.  Holding cure claimants to the same burden of production and persuasion as an ordinary civil plaintiff is appropriate in light of the fact that cure claims are afforded *de facto* administrative expense priority.  Cf. Shaw Group, Inc. v. Bechtel Jacobs Co. (In re IT Group, Inc.), 350 B.R. 166, 178-79 (Bankr. D. Del. 2006) (noting that cure claims are *de facto* priority claims because they are paid dollar-for-dollar from assets that would otherwise be available to the bankruptcy estate for distribution to creditors); In re Bernard Techs., Inc., 342 B.R. 174, 177 (Bankr. D. Del. 2006) (holding that an applicant seeking reimbursement of expenses as an administrative priority claim "must prove his entitlement to the requested . . . expense reimbursement by a preponderance of the evidence").

9. As noted above, Security Connections' recoupment of the Recoupment Amount was never challenged.  Accordingly, the Cure Claims should be disallowed as satisfied to the extent of the Recoupment Amount.  Beyond this, the Cure Claims do not contain sufficient information or documentation from which the Plan Trustee can determine whether the amounts sought are validly due and owing to Security Connections.  Accordingly, the Plan Trustee objects to allowance of the Cure Claims and reserves the right to supplement this Objection in response to any further pleadings, or information or documentation provided, by Security Connections.

**CONCLUSION**

WHEREFORE, the Plan Trustee respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A hereto, disallowing the Cure Claims asserted by Security Connections and granting the Plan Trustee such other and further relief as is just and proper.

Dated:    Wilmington, Delaware
          December 17, 2013

          HAHN & HESSEN LLP
          Mark S. Indelicato
          Edward L. Schnitzer
          488 Madison Avenue
          New York, New York 10022
          Telephone: (212) 478-7200

          -and-

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          */s/ Patrick A. Jackson*
          _____
          Sean M. Beach (No. 4070)
          Patrick A. Jackson (No. 4976)
          Rodney Square
          1000 North King Street
          Wilmington, Delaware 19801
          Telephone: (302) 571-6600
          Facsimile: (302) 571-1253

          Co-Counsel for the Plan Trustee

## Exhibit A

**Proposed Order**

01:14212645.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                 :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[*]                                     :
                                                                       :   Jointly Administered
         Debtors.                                                      :
                                                                       :   **Ref. Docket Nos. ____**
                                                                       :
---------------------------------------------------------------------- x

**ORDER SUSTAINING PLAN TRUSTEE'S OBJECTION TO CURE CLAIMS ASSERTED BY SECURITY CONNECTIONS, INC. IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Upon consideration of the objection (the "Objection")[1] of Steven D. Sass, as the Plan Trustee of the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 Cases of the above-captioned debtors, to the Cure Claims asserted by Security Connections; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the District Court dated February 29, 2012, that this is a core matter within the meaning of 28 U.S.C. § 157(b), and that the Court can enter a final order consistent with Article III of the United States Constitution; and it appearing that due and adequate notice of the Objection was given under the circumstances; and after due deliberation, and cause appearing therefor, it is hereby

---

[*] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. ("AHM Holdings"), a Delaware corporation (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Objection.

01:14212645.1

2

ORDERED that the Objection is SUSTAINED; and it is further

ORDERED that the Cure Claims are disallowed, with prejudice; and it is further

ORDERED that the Plan Trustee is authorized and empowered to take any action necessary or appropriate to implement the terms of this Order; and it is further

ORDERED that the Court shall retain jurisdiction over matters concerning the interpretation or enforcement of this Order.

_____, 2013                                             _____
                                                                                                  Christopher S. Sontchi
                                                                                                  United States Bankruptcy Judge