## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x
|  |  |
|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | : | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.[1], | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : | **Ref. Docket Nos. 9933 & 9994** |
|  | : |  |

------------------------------------------------------------------------- x

### CERTIFICATION OF COUNSEL SUBMITTING STIPULATION BY AND BETWEEN THE PLAN TRUSTEE, UBS SECURITIES LLC, UBS REAL ESTATE SECURITIES INC. AND UBS AG RESOLVING (I) THE PLAN TRUST'S SEVENTY-SIXTH (NON-SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NUMBER 10787 FILED BY UBS SECURITIES LLC, AND (II) RELATED ISSUES

The undersigned counsel to Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), hereby certifies as follows:

1.      On January 11, 2008, UBS Securities LLC ("UBS Securities") filed proof of claim number 8924 ("Claim 8924") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment"). On June 24, 2010, UBS Securities filed proof of claim number 10787 ("Claim 10787") amending Claim 8924. Pursuant to Claim 10787, UBS

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

Securities asserts an unsecured claim[2] against AHM Investment in an amount not less than $11,675,819.31 in connection with that certain Master Repurchase Agreement between AHM Investment and UBS Securities, dated September 8, 2003 (the "Repurchase Agreement") .

2.    On April 11, 2011, the Plan Trustee filed the *Plan Trust's Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1* (the "Objection") [Docket No. 9933]. By the Objection, the Plan Trustee sought entry of an order disallowing Claim 10787 on the grounds that the documentation attached to the claim was insufficient to allow the Plan Trustee to assess the validity and/or amount of the claim.

3.    On May 9, 2011, the Court entered an order [Docket No. 9994] sustaining the Objection in part and adjourning the Objection with respect to, *inter alia*, Claim 10787 and expunging and disallowing Claim 8924.

4.    On January 11, 2008, UBS Real Estate Securities Inc. ("UBS RE") filed proof of claim number 8925 ("Claim 8925") against debtor American Home Mortgage Corporation (Case No. 07-11061) ("AHMC").  On October 14, 2009, UBS RE filed proof of claim number 10736 ("Claim 10736") amending Claim 8925.  On June 24, 2010, UBS RE filed proof of claim number 10788 ("Claim 10788," together with Claim 8925 and Claim 10736, collectively, the "UBS RE Claims") amending Claim 10736.   Pursuant to Claim 10788, UBS RE asserts a general unsecured claim[3] against AHMC in an amount not less than $8,498,893.06, less setoff of certain amounts set forth in the Claims, in connection with a Master Seller's Purchase, Warranties and Interim Servicing Agreement, dated as of May 1, 2005, entered into by AHMC and UBS RE and a Master Loan Purchase and Servicing Agreement, dated as of December 1, 2005, entered into

---

[2]    UBS also indicates that the amount sought in Claim 10787 may also be secured by collateral.

[3]    UBS RE also indicates that the amount sought in Claim 10788 may also be secured by collateral.

by AHMC, UBS RE and others (collectively, the "Whole Loan Repurchase Agreement").  On March 8, 2011, the Court entered an Order [Docket No. 9819] expunging and disallowing Claims 8925 and 10736.  By Order entered on March 9, 2011[Docket No. 9822], the Court ordered, among other things, that Claim 10788 be allowed as a general unsecured claim in the amount of $2,563,594.00.  On March 2, 2012, UBS RE filed proof of claim number 10929 ("Claim 10929") against AHMC purporting to amend Claim 10788 by asserting a general unsecured claim of not less than $7,758,715.38.

5.    UBS AG and AHM Investment are parties to that certain ISDA Master Agreement dated September 26, 2003 (as may have been amended, including in January 24, 2006) (the "Master Agreement").  AHM Investment provided certain collateral to UBS AG under the Master Agreement and contends that UBS AG is holding excess collateral proceeds (the "Excess Swap Collateral").

6.    The Plan Trustee, UBS Securities, UBS RE and UBS AG, collectively, "UBS," and UBS collectively with the Plan Trustee, the "Parties") have engaged in extensive discussions and good faith negotiations in an effort to reach a consensual resolution of the Objection as it pertains to Claim 10787 and other related issues.  As a result of such discussions, the Parties have entered into the *Stipulation By And Between The Plan Trustee, UBS Securities LLC, UBS Real Estate Securities Inc And UBS AG Resolving (I) The Plan Trust's Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Objections With Respect To Claim Number 10787 Filed By UBS Securities LLC, And (II) Related Issues* (the "Stipulation")[4].

7.    Subject to Court approval, the Stipulation provides for, among other things, the following: (i) Claim 10787 shall be disallowed in its entirety; (ii) Claim 10929 shall be deemed

---

[4]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

withdrawn with prejudice; (iii) Claim 10788 shall be an allowed general unsecured claim in the amount of $2,563,594.00; (iv) UBS shall promptly pay $453,000.00 on account of the Excess Swap Collateral (the "Settlement Amount"); and (v) UBS shall be entitled to retain the Repo Securities, which have been held by UBS Securities in accounts established for the purpose of holding "Purchased Securities" pursuant to (and as defined in) the Repurchase Agreement. Effective as of February 17, 2014, to the extent any interest of the Debtors, the Plan Trustee or the Plan Trust existed after such securities were transferred to UBS under the Repurchase Agreement, the Plan Trustee hereby abandons, disclaims and otherwise waives any interest of the Plan Trust in the Repo Securities, including any past or future cash flows relating to and any and all proceeds resulting from the sale, liquidation or other disposition of those securities.

8.    Attached hereto as **Exhibit A** is a proposed form of order (the "Proposed Order") approving the Stipulation, which is attached to the Proposed Order as **Exhibit 1**.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Plan Trustee respectfully requests that the Court enter the Proposed

Order approving the Stipulation at its earliest convenience.

Dated: December 27, 2013
      Wilmington, Delaware

                      YOUNG CONAWAY STARGATT & TAYLOR, LLP

                      */s/ Sean M. Beach*
                      Sean M. Beach (No. 4070)
                      Michael S. Neiburg (No. 5275)
                      Justin P. Duda (No. 5478)
                      Rodney Square
                      1000 North King Street
                      Wilmington, Delaware  19801
                      Telephone: (302) 571-6756
                      Facsimile: (302) 571-1253

                      *Co-Counsel to the Plan Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x

In re:                                                                                    :    Chapter 11
                                                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,              :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                            :
                                                                                             :    Jointly Administered
          Debtors.                                                                    :
                                                                                             :    **Ref. Docket Nos. 9933 & 9994**
                                                                                             :
---------------------------------------------------------------------- x

**ORDER APPROVING STIPULATION BY AND BETWEEN THE PLAN
TRUSTEE, UBS SECURITIES LLC, UBS REAL ESTATE SECURITIES
INC. AND UBS AG RESOLVING (I) THE PLAN TRUST'S SEVENTY-
SIXTH (NON-SUBSTANTIVE) OBJECTION TO CLAIMS WITH
RESPECT TO CLAIM NUMBER 10787 FILED BY UBS SECURITIES
LLC, AND (II) RELATED ISSUES**

Upon consideration of the *Stipulation By And Between The Plan Trustee, UBS Securities
LLC, UBS Real Estate Securities Inc. And UBS AG Resolving (I) The Plan Trust's Seventy-Sixth
Omnibus (Non-Substantive) Objection to Claims Objections With Respect To Claim Number
10787 Filed By UBS Securities LLC, And (II) Related Issues* (the "Stipulation");[2] and the Plan
Trustee and UBS (collectively, the "Parties") having agreed that Claim 10787, Claim 10788 and
Claim 10929 should receive the treatment set forth in the Stipulation; and it appearing that the
Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due
deliberation and sufficient cause appearing therefor; it is hereby

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax
identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage
Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a
Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a
Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558);
American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate
Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York
corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box
10550, Melville, New York 11747.

[2]        Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such
terms in the Stipulation.

ORDERED that the Stipulation attached hereto as **Exhibit 1** is APPROVED; and it is further

ORDERED that, in accordance with the Stipulation, the Objection is sustained in part and Claim 10787 shall be disallowed and expunged in its entirety; and it is further

ORDERED that, in accordance with the Stipulation, Claim 10788 shall be allowed as a general unsecured claim against AHMC in the amount of $2,563,594.00; and it is further

ORDERED that, in accordance with the Stipulation, Claim 10929 shall be deemed withdrawn with prejudice; and it is further

ORDERED that, in accordance with the Stipulation, UBS shall pay the Settlement Amount by wire to the AHM Liquidating Trust, within fifteen (15) days of entry of this Order; and it is further

ORDERED that, in accordance with the Stipulation, UBS shall be entitled to retain the Repo Securities, which have been held by UBS Securities in accounts established for the purpose of holding "Purchased Securities" pursuant to (and as defined in) the Repurchase Agreement. Effective as of February 17, 2014, to the extent any interest of the Debtors, the Plan Trustee or the Plan Trust existed after such securities were transferred to UBS under the Repurchase Agreement, the Plan Trustee hereby abandons, disclaims and otherwise waives any interest of the Plan Trust in the Repo Securities, including any past or future cash flows relating to and any and all proceeds resulting from the sale, liquidation or other disposition of those securities; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____ ____, 2014

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------------- x
In re:                                                      :   Chapter 11
                                                            :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                      :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                            :
                                                            :   Jointly Administered
           Debtors.                                         :
                                                            :   Ref. Docket Nos. 9933 & 9994
----------------------------------------------------------------------- x
```

### STIPULATION BY AND BETWEEN THE PLAN TRUSTEE, UBS SECURITIES LLC, UBS REAL ESTATE SECURITIES INC. AND UBS AG RESOLVING (I) THE PLAN TRUST'S SEVENTY-SIXTH (NON-SUBSTANTIVE) OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NUMBER 10787 FILED BY UBS SECURITIES LLC, AND (II) RELATED ISSUES

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), UBS Securities LLC ("UBS Securities"), UBS Real Estate Securities Inc. ("UBS RE") and UBS AG ("UBS AG" and together with UBS Securities and UBS RE, "UBS," and UBS collectively with the Plan Trustee, the "Parties"), as of the date set forth below.  The Parties hereby stipulate and agree that the following terms shall govern the treatment of the objection to the claim identified herein and related issues.

---

¹       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors:  AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

## RECITALS

WHEREAS, on January 11, 2008, UBS Securities filed proof of claim number 8924 ("Claim 8924") against debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment");

WHEREAS, on June 24, 2010, UBS Securities filed proof of claim number 10787 ("Claim 10787"), amending Claim 8924;

WHEREAS, pursuant to Claim 10787, UBS Securities asserts an unsecured claim[2] against AHM Investment in an amount not less than $11,675,819.31 in connection with a Master Repurchase Agreement, dated September 8, 2003 (the "Repurchase Agreement"), entered into between AHM Investment and UBS Securities;

WHEREAS, pursuant to the Repurchase Agreement, AHM Investment transferred to UBS Securities, on or before July 25, 2007, the following securities: (i) AHM 2004-1 2A Cusip 02660TAJ25; (ii) AHM 2004-2 M3 Cusip 02660TBH59; (iii) AHM 2005-SD1 1M1 Cusip 02660THM80; (iv) AHM 2005-SD1 1M2 Cusip 02660THN63; and (v) AHM 2005-SD1 1M3 Cusip 02660THP12 (collectively, the "Repo Securities").

WHEREAS, on April 11, 2011, the Plan Trustee filed the *Plan Trust's Seventy-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007 and Local Rule 3007-1* (the "Objection") [Docket No. 9933] seeking entry of an order*, inter alia*, disallowing Claim 10787 on the grounds that UBS Securities had failed to provide documentation sufficient to allow the Plan Trustee to ascertain the validity of the claim;

WHEREAS, on May 9, 2011, the Court entered an order [Docket No. 9994] sustaining

---

[2]        UBS also indicates that the amount sought in Claim 10787 may also be secured by collateral.

the Objection in part and adjourning the Objection with respect to, *inter alia*, Claim 10787 and expunging and disallowing Claim 8924;

WHEREAS, on January 11, 2008, UBS RE filed proof of claim number 8925 ("<u>Claim 8925</u>") against debtor American Home Mortgage Corporation (Case No. 07-11061) ("<u>AHMC</u>");

WHEREAS, on October 14, 2009, UBS RE filed proof of claim number 10736 ("<u>Claim 10736</u>") amending Claim 8925;

WHEREAS, on June 24, 2010, UBS RE filed proof of claim number 10788 ("<u>Claim 10788</u>," together with Claim 8925 and Claim 10736, collectively, the "<u>UBS RE Claims</u>") amending Claim 10736;

WHEREAS, pursuant to Claim 10788, UBS RE asserts a general unsecured claim[3] against AHMC in an amount not less than $8,498,893.06, less setoff of certain amounts set forth in the Claims, in connection with a Master Seller's Purchase, Warranties and Interim Servicing Agreement, dated as of May 1, 2005, entered into by AHMC and UBS RE and a Master Loan Purchase and Servicing Agreement, dated as of December 1, 2005, entered into by AHMC, UBS RE and others (collectively, the "<u>Whole Loan Repurchase Agreement</u>");

WHEREAS, by Order entered on March 8, 2011 [Docket No. 9819], the Court expunged and disallowed Claims 8925 and 10736;

WHEREAS, by Order entered on March 9, 2011[Docket No. 9822], the Court ordered, among other things, that Claim 10788 be modified and allowed as a general unsecured claim in the amount of $2,563,594.00;

WHEREAS, on March 2, 2012, UBS RE filed proof of claim number 10929 ("<u>Claim 10929</u>") against AHMC purporting to amend Claim 10788 by asserting a general unsecured claim of not less than $7,758,715.38

---

[3]    UBS RE also indicates that the amount sought in Claim 10788 may also be secured by collateral.

WHEREAS, UBS AG and AHM Investment are parties to that certain ISDA Master Agreement dated September 26, 2003 (as may have been amended, including in January 24, 2006) (the "Master Agreement");

WHEREAS, AHM Investment provided certain collateral to UBS AG under the Master Agreement and contends that UBS AG is holding excess collateral proceeds (the "Excess Swap Collateral"); and

WHEREAS, the Parties have conferred with respect to reaching a consensual resolution of (i) the Objection as it pertains to Claim 10787, (ii) other claims issues, (iii) the Excess Swap Collateral; and (iv) related issues.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.      The Objection shall be sustained in part and Claim 10787 shall be disallowed and expunged in its entirety.

2.      Claim 10929 shall be deemed withdrawn with prejudice.

3.      Claim 10788 shall be allowed as a general unsecured claim against AHMC in the amount of $2,563,594.00.

4.      UBS shall pay AHM Investment the sum of $453,000 on account of the Excess Swap Collateral (the "Settlement Amount").

5.      UBS shall pay the Settlement Amount by wire to the AHM Liquidating Trust, within fifteen (15) days of the Court's entry of an order approving this Stipulation.

6.      UBS shall be entitled to retain the Repo Securities, which have been held by UBS Securities in accounts established for the purpose of holding "Purchased Securities" pursuant to (and as defined in) the Repurchase Agreement.  Effective as of February 17, 2014, to the extent

any interest of the Debtors, the Plan Trustee or the Plan Trust existed after such securities were transferred to UBS under the Repurchase Agreement, the Plan Trustee hereby abandons, disclaims and otherwise waives any interest of the Plan Trust in the Repo Securities, including any past or future cash flows relating to and any and all proceeds resulting from the sale, liquidation or other disposition of those securities.

7.    Upon the payment of the Settlement Amount by UBS to the Plan Trustee in the full amount as contemplated by paragraphs 4 and 5 of this Stipulation , the Parties do hereby fully release and discharge each other, the Plan Trust, the Debtors and their estates and any and all past, present and future persons, employees, former employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liabilities, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, known or unknown, relating to or arising under the Repurchase Agreement, the Master Agreement or any other transactions and agreements entered into by and between UBS and its affiliates, on the one hand, and any of the Debtors, on the other hand, whether presently in existence or which may hereafter accrue, be asserted and/or held by the Parties; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

8.    Each of the Parties shall bear its own costs and attorney's fees incurred in connection with the Objection and this Stipulation.

9.    This Court shall retain jurisdiction to resolve any disputes or controversy arising from or related to this Stipulation.

10.    The undersigned counsel represent that they have the authorization to execute this

Stipulation on behalf of their respective client.

      11.    This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

*[Signature page follows]*

STIPULATED AND AGREED this 27th day of December, 2013.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Sean M. Beach*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Justin P. Duda (No. 5478)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253


*Co-Counsel to the Plan Trustee*


CLIFFORD CHANCE US LLP


*/s/ Rick Antonoff*
Rick Antonoff
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile:  (212) 878-8375

*Counsel to UBS Securities LLC, UBS Real Estate Inc. and UBS AG*