IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
In re:                                                             : Chapter 11
                                                                   :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                             : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                 :
                                                                   : Jointly Administered
    Debtors.                                                       :
                                                                   : Ref. Dkt. Nos. 2233 & 2234
                                                                   :
------------------------------------------------------------------ x

**CERTIFICATION OF COUNSEL SUBMITTING PROPOSED ORDER
APPROVING STIPULATION RESOLVING SELLERS' CURE CLAIMS
ASSERTED BY RESIDENTIAL FUNDING COMPANY LLC AND
GMAC MORTGAGE, LLC (f/k/a GMAC MORTGAGE CORPORATION)**

The undersigned counsel to Steven D. Sass, as liquidating trustee (the "AHM Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "AHM Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "AHM Debtors"), hereby certifies as follows:

    1.    Certain AHM Debtors were parties to certain contracts (the "Assumed GMAC Contracts") with Residential Funding Company LLC ("RFC") and GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation) ("GMACM") that were assumed and assigned to American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser") by order of this Court entered October 30, 2007 [D.I. 1711] (the "Sale Order"). Pursuant to the Sale Order, a $10 million escrow (the "Cure Escrow") was established for the payment of certain cure claims under contracts assigned to the Purchaser. The Cure Escrow is

---

[1]     The AHM Debtors, along with the last four digits of each AHM Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the AHM Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

01:15150824.5

currently held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent"). Per the Sale Order, the Cure Escrow is subject to the liens of Bank of America, N.A., as administrative agent (the "Administrative Agent") for itself and certain other prepetition lenders, and any funds remaining in the Cure Escrow net of the Sellers' Cure Amount must be paid to the Administrative Agent.

2. RFC and GMACM asserted certain cure claims against the Cure Escrow [D.I. 2233 & 2234] (the "Sellers' Cure Claims"), which remain pending. Pursuant to the Sale Order, the AHM Debtors and the Administrative Agent each have the right to object to the Sellers' Cure Claims.

3. The effective date of the AHM Plan was November 30, 2010, at which time the AHM Plan Trustee succeeded to the rights of the AHM Debtors, including, but not limited to, the right to object to and/or settle the Sellers' Cure Claims.

4. RFC and GMACM, together with certain affiliates (collectively, the "ResCap Debtors"), subsequently filed for chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York. A chapter 11 plan for the ResCap Debtors (the "ResCap Plan") was confirmed on December 11, 2013, and went effective on December 17, 2013. Under the ResCap Plan, a liquidating trust (the "ResCap Liquidating Trust") was created and succeeded to the rights of RFC and GMACM with respect to the Sellers' Cure Claims.

5. The AHM Plan Trustee, the ResCap Liquidating Trust, and the Administrative Agent have conferred in good faith to reach a consensual resolution concerning the proper treatment of the Sellers' Cure Claims. As a result of these discussions, the AHM Plan Trustee and the ResCap Liquidating Trust, with the consent of the Administrative Agent, have entered into the *Stipulation Resolving Sellers' Cure Claims Asserted by Residential Funding Company LLC and GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation)* (the

"Stipulation"). As set forth in the Stipulation, the ResCap Liquidating Trust has agreed to accept cash payments of $39,580.86 and $15,216.01 from the Cure Escrow in full satisfaction of the Sellers' Cure Claims of RFC and GMACM, respectively.

6. Article 8 of the AHM Plan permits the AHM Plan Trustee to settle the Sellers' Cure Claims on the terms set forth in the Stipulation without notice or a hearing, or order of this Court. However, the Stipulation contemplates entry of an order by this Court, among other reasons, to facilitate the disbursement of the settlement payments to the ResCap Liquidating Trust by the Escrow Agent. Accordingly, attached hereto as **Exhibit A** is a proposed form of order (the "Proposed Order") (i) approving the Stipulation, which is attached to the Proposed Order as **Exhibit 1**, (ii) authorizing and directing the Escrow Agent to make the settlement payments to the ResCap Liquidating Trust within five (5) business days after entry of the order, and (iii) waiving the 14-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable.[2]

---

[2] Given that the AHM Plan is effective and provides for the resolution of claims without Court order, the AHM Plan Trustee submits that Rule 6004(h) would not be applicable in any event.

01:15150824.5

3

WHEREFORE, the AHM Plan Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation at its earliest convenience.

Dated: May 5, 2014
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

*Counsel to the AHM Plan Trustee*

## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re: : Chapter 11
:
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al., :
: Jointly Administered
Debtors. :
: **Ref. Dkt. Nos. 2233 & 2234**
---------------------------------------------------------------- x

### ORDER APPROVING STIPULATION RESOLVING SELLERS' CURE CLAIMS ASSERTED BY RESIDENTIAL FUNDING COMPANY LLC AND GMAC MORTGAGE, LLC (f/k/a GMAC MORTGAGE CORPORATION)

Upon consideration of the *Stipulation Resolving Sellers' Cure Claims and Administrative Expense Claim Asserted by Residential Funding Company LLC and GMAC Mortgage LLC (f/k/a GMAC Mortgage Corporation)* (the "Stipulation");[1] and the AHM Plan Trustee and ResCap Liquidating Trust having agreed that the Seller Cure Claims should receive the treatment set forth in the Stipulation; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Stipulation attached hereto as **Exhibit 1** is APPROVED; and it is further

ORDERED that the Escrow Agent hereby is authorized and directed to pay $54,796.87 from the Cure Escrow to the ResCap Liquidating Trust within five (5) business days following entry of this Order, pursuant to wire instructions to be provided by the ResCap Liquidating Trust; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

01:15150824.5

2

        ORDERED that this Order shall be effective immediately notwithstanding the 14-day stay imposed by Fed. R. Bankr. P. 6004(h), to the extent applicable; and it is further

        ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
        _____ \_\_\_, 2014

                                        CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          :  Chapter 11
                                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                          :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                 :
                                                                :  Jointly Administered
     Debtors.                                                   :
                                                                :  Ref. Dkt. Nos. 2233 & 2234
                                                                :
---------------------------------------------------------------- x

## STIPULATION RESOLVING SELLERS' CURE CLAIMS ASSERTED BY RESIDENTIAL FUNDING COMPANY, LLC AND GMAC MORTGAGE, LLC (f/k/a GMAC MORTGAGE CORPORATION)

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as trustee (the "AHM Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "AHM Plan") in the above-captioned cases, on the one hand, and the liquidating trust for the Chapter 11 estates of Residential Capital, LLC and its debtor-affiliates (the "ResCap Liquidating Trust" and, together with the AHM Plan Trustee, the "Parties") established pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "ResCap Plan") in the jointly administered chapter 11 bankruptcy cases captioned *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (the "ResCap Cases"), on the other hand, by and through their undersigned counsel.

### RECITALS

WHEREAS, on October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 1711] (the "Sale Order")[1] which, inter alia authorized the assumption and assignment of certain executory contracts (the

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order or APA (as hereinafter defined).

"Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS, the Assumed Contracts included certain contracts to which Residential Funding Company LLC ("RFC") or GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation) ("GMACM") is a party (such contracts, the "Assumed GMAC Contracts");

WHEREAS, pursuant to the Sale Order, the Cure Escrow was established for the payment of certain claims asserted by counterparties to Assumed Contracts that arose prior to the Initial Closing (each, a "Sellers' Cure Amount");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, the AHM Debtors listed the Initial Cure Amount under the Assumed GMAC Contracts as $0 in Schedule 1 of the Sale Order [D.I. 1703];

WHEREAS, on November 29, 2007, and in objection to the AHM Debtors' proposed Initial Cure Amount, (i) RFC filed the *Notice of Cure Amount Due Residential Funding Company LLC* [D.I. 2233] asserting an Initial Cure Amount of $98,952.15 (the "GMAC-RFC Cure Claim"); and (ii) GMACM filed the *Notice of Cure of GMAC Mortgage LLC, Formerly Known As GMAC Mortgage Corporation* [D.I. 2234] asserting an Initial Cure Amount of $38,040.03 (the "GMACM Cure Claim" and, together with the RFC Cure Claim, the "Sellers' Cure Claims");

WHEREAS, pursuant to the Sale Order, the AHM Debtors and Bank of America, N.A., as administrative agent (the "Administrative Agent"), each have the right to object to any Sellers' Cure Amount, including the Sellers' Cure Claims;

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [D.I. 7042] confirming the AHM Plan;

WHEREAS, the effective date of the AHM Plan was November 30, 2010, at which time the AHM Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the AHM Plan) arising pursuant to, *inter alia*, (i) the Sale Order and (ii) the *Order Approving and Authorizing Stipulation of Settlement Among (i) the Debtors, (ii) Bank of America, N.A., as Administrative Agent, and (iii) the Official Committee of Unsecured Creditors and Granting Related Relief* entered on August 5, 2008 [D.I. 5308];

WHEREAS, on May 14, 2012, GMACM, RFC, and certain affiliated entities commenced the ResCap Cases in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, on December 11, 2013, the court in the ResCap Cases entered an order confirming the ResCap Plan (the "ResCap Confirmation Order");

WHEREAS the effective date of the ResCap Plan occurred on December 17, 2013, at which time the ResCap Liquidating Trust succeeded to the rights of RFC and GMACM with respect to the Sellers' Cure Claims;

WHEREAS, under the ResCap Plan and ResCap Confirmation Order, the ResCap Liquidating Trust is authorized to compromise the Sellers' Cure Claims without any further notice to or action, order or approval of the court in the ResCap Cases;

WHEREAS, the Parties desire to avoid costly litigation over the Sellers' Cure Claims and, to that end, have agreed, in consultation with the Administrative Agent, upon a

compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Administrative Agent has advised the Parties that it has no objection to the terms of this Stipulation;

NOW, THEREFORE, the Parties, in consultation with their respective counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

## STIPULATION

1. **Effectiveness**. This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation, authorizing the Escrow Agent to pay the Allowed Cure Claims (as hereinafter defined) to the ResCap Liquidating Trust, and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Stipulation. Within three (3) business days after the execution of this Stipulation by all Parties, the AHM Plan Trustee shall file an appropriate pleading with the Bankruptcy Court (the "Approval Request") seeking approval of this Stipulation and waiver of the 14-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable.

2. **Allowed Cure Claims**. Effective upon entry of the Approval Order, the RFC Cure Claim shall be allowed in the amount of $39,580.86 and the GMACM Cure Claim shall be allowed in the amount of $15,216.01 (the "Allowed Cure Claims"). The Allowed Cure Claims shall be paid to the ResCap Liquidating Trust from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by the ResCap Liquidating Trust.

3. **Release by RFC and GMACM**. Effective upon the ResCap Liquidating Trust's receipt of payment of the Allowed Cure Claims from the Cure Escrow, each of the

01:15150824.5

4

ResCap Liquidating Trust, RFC, and GMAMC, each on behalf of itself and its successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the AHM Debtors, the AHM Plan Trustee, or the Cure Escrow (i) arising under the Assumed GMAC Contracts with respect to acts or omissions that occurred prior to the Initial Closing Date, (ii) arising under the Assumed GMAC Contracts with respect to acts or omissions that occurred between the Initial Closing Date and the Final Closing Date, or (iii) for out-of-pocket costs and expenses incurred by GMAC-RFC or GMACM as a result of the assumption and assignment of the Assumed GMAC Contracts to the Purchaser, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, including, but not limited to, the Sellers' Cure Claims; provided, however, that the ResCap Liquidating Trust, GMAC-RFC, and GMACM do not waive or release (i) any claims allowed pursuant to this Stipulation or (ii) any general unsecured claims (A) asserted by RFC or GMACM in proofs of claim nos. 5996 or 8447, or (B) scheduled by the AHM Debtors other than as contingent, unliquidated, or disputed.

4. **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

5. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

6. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

7. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

8. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, title 11 of the United States Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

9. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

10. **Execution in Counterparts.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[Signature Pages Follow]

Dated: Wilmington, Delaware
May 2, 2014

        HAHN & HESSEN LLP
        Mark S. Indelicato
        Edward L. Schnitzer
        488 Madison Avenue
        New York, New York 10022
        Telephone: (212) 478-7200

        -and-

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Sean M. Beach

        Sean M. Beach (No. 4070)
        Patrick A. Jackson (No. 4976)
        Rodney Square
        1000 N. King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253

        Co-Counsel for the Plan Trustee

Dated: Wilmington, Delaware
May 5, 2014

        REED SMITH LLP

        /s/ Kimberly E. C. Lawson

        Kimberly E. C. Lawson (No. 3966)
        1201 Market Street, Suite 1500
        Wilmington, Delaware 19801
        Telephone: (302) 778-7500
        Facsimile: (302) 778-7575

        Counsel for the ResCap Liquidating Trust, Residential
        Funding Company, LLC, and GMAC Mortgage, LLC