# Exhibit 1

## Stipulation

01:15150824.5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                       :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                              :
                                                             :  Jointly Administered
       Debtors.                                              :
                                                             :  Ref. Dkt. Nos. 2233 & 2234
                                                             :
                                                             :
------------------------------------------------------------ x

### STIPULATION RESOLVING SELLERS' CURE CLAIMS ASSERTED BY RESIDENTIAL FUNDING COMPANY, LLC AND GMAC MORTGAGE, LLC (f/k/a GMAC MORTGAGE CORPORATION)

This stipulation (the "Stipulation") is entered into by and between Steven D. Sass, as trustee (the "AHM Plan Trustee") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "AHM Plan") in the above-captioned cases, on the one hand, and the liquidating trust for the Chapter 11 estates of Residential Capital, LLC and its debtor-affiliates (the "ResCap Liquidating Trust" and, together with the AHM Plan Trustee, the "Parties") established pursuant to the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "ResCap Plan") in the jointly administered chapter 11 bankruptcy cases captioned *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (the "ResCap Cases"), on the other hand, by and through their undersigned counsel.

### RECITALS

WHEREAS, on October 30, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. 1711] (the "Sale Order")[1] which, inter alia authorized the assumption and assignment of certain executory contracts (the

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Order or APA (as hereinafter defined).

01:15150824.5

"Assumed Contracts") pursuant to that certain Asset Purchase Agreement (as subsequently amended, the "APA") by and among AHM Investment, AHM Corp., and AHM SV (the "Sellers") and American Home Mortgage Servicing, Inc. (f/k/a AH Mortgage Acquisition Co., Inc.) (the "Purchaser");

WHEREAS, the Assumed Contracts included certain contracts to which Residential Funding Company LLC ("RFC") or GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation) ("GMACM") is a party (such contracts, the "Assumed GMAC Contracts");

WHEREAS, pursuant to the Sale Order, the Cure Escrow was established for the payment of certain claims asserted by counterparties to Assumed Contracts that arose prior to the Initial Closing (each, a "Sellers' Cure Amount");

WHEREAS, the Cure Escrow is held by Capital One, N.A., successor by merger to North Fork Bank, as escrow agent (the "Escrow Agent") pursuant to the terms of the Cure Escrow Agreement (as defined in the APA);

WHEREAS, the AHM Debtors listed the Initial Cure Amount under the Assumed GMAC Contracts as $0 in Schedule 1 of the Sale Order [D.I. 1703];

WHEREAS, on November 29, 2007, and in objection to the AHM Debtors' proposed Initial Cure Amount, (i) RFC filed the *Notice of Cure Amount Due Residential Funding Company LLC* [D.I. 2233] asserting an Initial Cure Amount of $98,952.15 (the "GMAC-RFC Cure Claim"); and (ii) GMACM filed the *Notice of Cure of GMAC Mortgage LLC, Formerly Known As GMAC Mortgage Corporation* [D.I. 2234] asserting an Initial Cure Amount of $38,040.03 (the "GMACM Cure Claim" and, together with the RFC Cure Claim, the "Sellers' Cure Claims");

WHEREAS, pursuant to the Sale Order, the AHM Debtors and Bank of America, N.A., as administrative agent (the "Administrative Agent"), each have the right to object to any Sellers' Cure Amount, including the Sellers' Cure Claims;

WHEREAS, on February 23, 2009, the Bankruptcy Court entered its order [D.I. 7042] confirming the AHM Plan;

WHEREAS, the effective date of the AHM Plan was November 30, 2010, at which time the AHM Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the AHM Plan) arising pursuant to, *inter alia*, (i) the Sale Order and (ii) the *Order Approving and Authorizing Stipulation of Settlement Among (i) the Debtors, (ii) Bank of America, N.A., as Administrative Agent, and (iii) the Official Committee of Unsecured Creditors and Granting Related Relief* entered on August 5, 2008 [D.I. 5308];

WHEREAS, on May 14, 2012, GMACM, RFC, and certain affiliated entities commenced the ResCap Cases in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, on December 11, 2013, the court in the ResCap Cases entered an order confirming the ResCap Plan (the "ResCap Confirmation Order");

WHEREAS the effective date of the ResCap Plan occurred on December 17, 2013, at which time the ResCap Liquidating Trust succeeded to the rights of RFC and GMACM with respect to the Sellers' Cure Claims;

WHEREAS, under the ResCap Plan and ResCap Confirmation Order, the ResCap Liquidating Trust is authorized to compromise the Sellers' Cure Claims without any further notice to or action, order or approval of the court in the ResCap Cases;

WHEREAS, the Parties desire to avoid costly litigation over the Sellers' Cure Claims and, to that end, have agreed, in consultation with the Administrative Agent, upon a

compromise they believe is fair and reasonable in light of the risks and costs inherent in any litigation;

WHEREAS, the Administrative Agent has advised the Parties that it has no objection to the terms of this Stipulation;

NOW, THEREFORE, the Parties, in consultation with their respective counsel and intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

### STIPULATION

1. **Effectiveness**. This Stipulation shall be effective upon entry of an order by the Bankruptcy Court (the "Approval Order") approving this Stipulation, authorizing the Escrow Agent to pay the Allowed Cure Claims (as hereinafter defined) to the ResCap Liquidating Trust, and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Stipulation. Within three (3) business days after the execution of this Stipulation by all Parties, the AHM Plan Trustee shall file an appropriate pleading with the Bankruptcy Court (the "Approval Request") seeking approval of this Stipulation and waiver of the 14-day stay established by Fed. R. Bankr. P. 6004(h), to the extent applicable.

2. **Allowed Cure Claims**. Effective upon entry of the Approval Order, the RFC Cure Claim shall be allowed in the amount of $39,580.86 and the GMACM Cure Claim shall be allowed in the amount of $15,216.01 (the "Allowed Cure Claims"). The Allowed Cure Claims shall be paid to the ResCap Liquidating Trust from the Cure Escrow within five (5) business days following entry of the Approval Order, pursuant to wire instructions to be provided by the ResCap Liquidating Trust.

3. **Release by RFC and GMACM**. Effective upon the ResCap Liquidating Trust's receipt of payment of the Allowed Cure Claims from the Cure Escrow, each of the

ResCap Liquidating Trust, RFC, and GMAMC, each on behalf of itself and its successors, assigns, officers, directors, employees, or agents, shall be deemed to have forever waived and released any and all claims and/or causes of action of any nature that it may have against the AHM Debtors, the AHM Plan Trustee, or the Cure Escrow (i) arising under the Assumed GMAC Contracts with respect to acts or omissions that occurred prior to the Initial Closing Date, (ii) arising under the Assumed GMAC Contracts with respect to acts or omissions that occurred between the Initial Closing Date and the Final Closing Date, or (iii) for out-of-pocket costs and expenses incurred by GMAC-RFC or GMACM as a result of the assumption and assignment of the Assumed GMAC Contracts to the Purchaser, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, including, but not limited to, the Sellers' Cure Claims; provided, however, that the ResCap Liquidating Trust, GMAC-RFC, and GMACM do not waive or release (i) any claims allowed pursuant to this Stipulation or (ii) any general unsecured claims (A) asserted by RFC or GMACM in proofs of claim nos. 5996 or 8447, or (B) scheduled by the AHM Debtors other than as contingent, unliquidated, or disputed.

4. **No Evidence.** The Parties acknowledge that nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings except to enforce or defend the terms hereof.

5. **Successors.** This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, purchasers and representatives.

6. **Entire Agreement.** This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

7. **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

8. **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with the (a) the internal laws of the State of New York without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, title 11 of the United States Code, as amended. The Bankruptcy Court shall have exclusive jurisdiction with respect to all disputes arising out of this Stipulation.

9. **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

10. **Execution in Counterparts.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

[Signature Pages Follow]

Dated: Wilmington, Delaware
May 2, 2014

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Patrick A. Jackson (No. 4976)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Co-Counsel for the Plan Trustee

Dated: Wilmington, Delaware
May 5, 2014

REED SMITH LLP

Kimberly E. C. Lawson (No. 3966)
1201 Market Street; Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

Counsel for the ResCap Liquidating Trust, Residential Funding Company, LLC, and GMAC Mortgage, LLC

01:15150824.5

7