## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
In re:                                          :  Chapter 11
                                                :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                :
                                                :  Jointly Administered
          Debtors.                              :
                                                :  Ref. Docket Nos.: 10793 and 10794
-------------------------------------------------------------- x
```

### CERTIFICATION OF COUNSEL

The undersigned counsel for Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with the Chapter 11 cases of the above-captioned debtors (the "Debtors") hereby certifies as follows:

1.    On March 22, 2013, through the undersigned counsel to the Plan Trustee, the Plan Trustee filed the Plan Trust's One Hundred Tenth (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 10793] and (the "110th Objection"). By the 110th Objection, the Plan Trustee sought, *inter alia*, to disallow proof of claim number 10699 ("Claim 10699") filed by the J.P. Morgan Acceptance Corp. I, et al. ("JPMorgan").

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

2.      On March 22, 2013, through the undersigned counsel to the Plan Trustee, the Plan Trustee filed the Plan Trust's One Hundred Eleventh (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 10794] (the "111th Objection", collectively, with the 110th Objection, the "Objections").  By the 111th Objection, the Plan Trustee sought, *inter alia*, to disallow proof of claim number 10276 ("Claim 10276" and together with Claim 10699, the "JPMorgan Claims") filed by JPMorgan.

3.      Responses to the Objections were to be filed and served no later than April 16, 2013 at 4:00 p.m. (ET).  Representatives of JPMorgan informally contacted the undersigned counsel to respond to the Objections.  The Plan Trustee and JPMorgan have consensually resolved the JPMorgan Claims, the Objections and the parties' respective rights, obligations and liabilities relating to the AHM Transactions (as defined in the attached stipulation).

4.      A terms of the settlement are set forth in the stipulation (the "Stipulation") attached as Exhibit A to the proposed order annexed hereto as Exhibit 1 (the "Proposed Order").

*[Remainder of page intentionally left blank]*

01:13536498.2

WHEREFORE, based on the foregoing, the Plan Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation at its earliest convenience.

Dated: June 5, 2014  
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*

Sean M. Beach (No. 4070)  
Margaret Whiteman Greecher (No. 4653)  
Michael S. Neiburg (No. 5275)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware  19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP  
Mark S. Indelicato  
Edward L. Schnitzer  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

3

# EXHIBIT 1

**Proposed Order**

01:13536498.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------ x
In re:                                                                    :    Chapter 11
                                                                          :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                    :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]                                        :
                                                                          :    Jointly Administered
         Debtors.                                                         :
------------------------------------------------------------------------ x    **Ref. Docket Nos. 10793 &
                                                                              10794**

**ORDER APPROVING STIPULATION IN SETTLEMENT OF (I) CLAIM #10699 FILED
BY J.P. MORGAN ACCEPTANCE CORPORATION I AND RELATED ENTITIES AND
(II) CLAIM #10276 FILED BY J.P. MORGAN PARTIES ON BEHALF OF PLUMBERS'
& PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST  & PIPEFITTERS'
LOCAL #562 PENSION FUND AND (III) ALL OTHER CLAIMS
RELATED TO THE AHM TRANSACTIONS**

        Upon consideration of the one hundred tenth omnibus (non-substantive) objection

to claims and the one hundred eleventh omnibus (substantive) objection to claims (the

"Objections") of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of

February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned

debtors, by which the Plan Trustee respectfully requests the entry of an order pursuant to section

502(b) of title 11 of the United States Code, Rules 3003 and 3007, of the Federal Rules of

Bankruptcy Procedure, and Rule 3007-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware, it is hereby

---

[1]        The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM
SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home
Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited
liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak
Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is 224 Sherwood Rd,
Farmingdale, New York 11735.

ORDERED that the stipulation attached hereto as Exhibit A is APPROVED; and it is further

ORDERED that, in accordance with the Stipulation, (i) Claim #10699 shall be allowed as a general unsecured claim against AHM Corp. in the amount of $27 million, which shall be satisfied in accordance with the terms of the Plan, (ii) Claim #10276 shall be disallowed in its entirety, and (iii) the Objections shall be deemed withdrawn as moot; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
_____ ___, 2014

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT A

# STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------------- x
In re:                                                 :    Chapter 11
                                                       :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                 :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,¹                       :
                                                       :    Jointly Administered
        Debtors.                                       :
                                                       :
-------------------------------------------------------------------- x
```

### STIPULATION IN SETTLEMENT OF (I) CLAIM #10699 FILED BY J.P. MORGAN ACCEPTANCE CORPORATION I AND RELATED ENTITIES AND (II) CLAIM #10276 FILED BY J.P. MORGAN PARTIES ON BEHALF OF PLUMBERS' & PIPEFITTERS' LOCAL #562 SUPPLEMENTAL PLAN & TRUST & PIPEFITTERS' LOCAL #562 PENSION FUND AND (III) ALL OTHER CLAIMS <u>RELATED TO THE AHM TRANSACTIONS</u>

This stipulation (the "<u>Stipulation</u>") is entered into by and among Steven D. Sass, as trustee (the "<u>Plan Trustee</u>") of the liquidating trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated February 18, 2009* (the "<u>Plan</u>")² in the chapter 11 cases of the above-captioned debtors (the "<u>Debtors</u>"), and J.P. Morgan Acceptance Corporation I ("<u>JPMAC I</u>") on behalf of (i) itself, its directors and officers, its affiliates (including J.P. Morgan Securities, Inc. ("<u>JPMSecurities</u>")) and subsidiaries and all other related entities (including, without limitation, Bear, Stearns & Co. Inc., Bear Stearns Asset Backed Securities I LLC, and EMC Mortgage Corp.) who may have rights, remedies or claims in

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

² Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

connection with the AHM Transactions (as defined below) (all such purported claimants, collectively, "JPMorgan") and (ii) the Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust and Plumbers' & Pipefitters' Local #562 Pension Fund (together, "P&P"). JPMorgan and the Plan Trustee shall hereinafter collectively be referred to as the "Parties." The Parties hereby stipulate and agree that the following terms shall govern (i) the treatment of proof of claim numbered 10276 ("Claim #10276"), (ii) the treatment of proof of claim numbered 10699 ("Claim #10699" and together with Claim #10276, the "JPMorgan Claims"), and (iii) the Parties' respective rights, obligations and liabilities relating to the AHM Transactions (defined below).

## RECITALS

WHEREAS, on August 6, 2007, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on or about April 1, 2006, American Home Mortgage Corp. ("AHM Corp."), as seller, AHM SV, as servicer, and J.P. Morgan Mortgage Acquisition Corp. ("JPMMAC"), as purchaser, entered into that certain Mortgage Loan Sale Agreement (the "MLSA"). Pursuant to the MLSA and a certain Flow Mortgage Loan Interim Servicing Agreement of even date between JPMMAC and AHM SV (the "FMLISA"), AHM Corp. sold pools of residential mortgage loans to JPMMAC and AHM SV agreed to service those loans on an interim basis until the servicing was transferred to JPMMAC or its designee;

WHEREAS, JPMMAC assigned certain mortgage loans it purchased from AHM Corp. under the MLSA to JPMAC I for securitization. JPMAC I was the depositor and JPMSecurities was the underwriter for certain of the resulting securities issuances, including, among others: (i) the J.P. Morgan Acceptance Corporation I Mortgage Pass-Through

Certificates, Series 2006-A3, (ii) the J.P. Morgan Acceptance Corporation I Mortgage Pass-Through Certificates, Series 2006-A5, (iii) the J.P. Morgan Acceptance Corporation I Mortgage Pass-Through Certificates, Series 2007-A2, (iv) the J.P. Morgan Acceptance Corporation I Mortgage Pass-Through Certificates, Series 2007-S1, (v) the J.P. Morgan Acceptance Corporation I Mortgage Pass-Through Certificates, Series 2007-S2, and (vi) the J.P. Morgan Acceptance Corporation I Mortgage Pass-Through Certificates, Series 2007-S3 (collectively, the "Securities");

WHEREAS, between June 2006 and May 2007, AHM Corp. and JPMAC I entered into certain indemnification agreements (the "Indemnification Agreements"), with respect to the six Securities;

WHEREAS, on April 25, 2008, JPMorgan filed proof of claim #10275 ("Claim #10275") on behalf of JPMorgan against AHM Corp. Claim #10275 asserted contingent, unliquidated claims for contractual, statutory or common law indemnification, contribution and/or reimbursement for amounts that have been or may be incurred, liquidated, unliquidated, paid, unpaid, fixed or otherwise contingent and arising from or related to certain existing, potential or threatened litigation or other proceedings that relate to the sale, assignment, assumption or securitization of certain mortgage loans originated by the Debtors and the issuance of any related Certificates in connection with, or relating to, any information provided by the Debtors, including, but not limited to information contained in any registration statements or prospectus supplements (collectively the "AHM Transactions").  In further support of its claim, JPMorgan identified the lawsuit captioned *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust and Plumbers' & Pipefitters' Local #562 Pension Fund, et al. v. J.P. Morgan Acceptance Corporation I, et al.*, Index No. 5675/08, pending in the Supreme Court of the State

3

of New York, County of Nassau (the "Nassau County Action")[3] and attached two of the Indemnification Agreements relating to certain Securities identified to the Nassau County Action;

WHEREAS, on April 25, 2008, JPMorgan filed Claim #10276 on behalf of P&P, who are putative plaintiff class claimants in the Nassau County Action, against AHM Corp.;

WHEREAS, Claim #10275 was subsequently amended on April 10, 2009 by Claim #10699. Claim #10699 asserted contingent, unliquidated claims for contractual, statutory or common law indemnification, contribution and/or reimbursement for amounts that have been or may be incurred, liquidated, unliquidated, paid, unpaid, fixed or otherwise contingent and arising from or related to certain existing, potential or threatened litigation or other proceedings that relate to the AHM Transactions. In further support of its amended claim, JPMorgan identified the lawsuit captioned *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., et al.*, Index No. 600767/2009, originally pending in the Supreme Court of the State of New York, County of New York, Commercial Division (the "New York Action,"[4] and together with the Nassau County Action, the "Identified Securities Litigations") and attached the remaining three Indemnification Agreements relating to certain Securities identified in the New York Action;

WHEREAS, by order dated August 15, 2011 [D.I. 10130], Claim #10275 was disallowed as amended and superseded by Claim #10699;

---

[3]     This litigation has been removed to the Eastern District of New York, Case No. 2:08-cv-1713 (ERK) (WDW).

[4]     This litigation was removed to the Southern District of New York, Case No. 1:09-cv-3701 (JGK) (JCF).

4

WHEREAS, on March 22, 2013, the Plan Trustee filed omnibus claim objections [D.I 10793 and 10794] (the "Pending Objections") that included objections to the JPMorgan Claims;

WHEREAS, JPMorgan responded informally to the Pending Objections, providing additional information regarding the Identified Securities Litigations;

WHEREAS, in its informal response, JPMorgan also asserted that the JPMorgan Claims and the AHM Transactions includes indemnification, contribution or reimbursement for liabilities in connection with additional litigations in which JPMorgan (including without limitation, Bear, Stearns & Co. Inc., Bear Stearns Asset Backed Securities I LLC, and EMC Mortgage Corp.) was a named defendant, and may have been based upon contractual, statutory or common law indemnification, contribution and/or reimbursement rights with one or more of the Debtors (collectively, the "Additional Transactions" which, for the avoidance of doubt, are included in the definition of AHM Transactions);

WHEREAS, the Parties have conferred in good faith to reach an agreement concerning the proper treatment of the Claim #10276, Claim #10699, the Pending Objections, and the AHM Transactions;

WHEREAS, the Plan Trustee has presented this Stipulation to the Plan Oversight Committee, which has approved it in all respects.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.      The terms of this Stipulation shall be effective upon the Bankruptcy Court's entry of a final, non-appealable order approving this Stipulation (the "Effective Date").

5

2.      Upon the Effective Date, Claim #10699 shall be allowed as a general unsecured claim against AHM Corp. in the amount of $27 million, which shall be satisfied in accordance with the terms of the Plan.

3.      Upon the Effective Date, Claim #10276 shall be disallowed in its entirety with prejudice.

4.      Upon the Effective Date, the Pending Objections shall be deemed withdrawn as moot.

5.      As of the Effective Date, JPMorgan, on the one hand, and the Debtors and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, affiliates, stockholders, investors, attorneys, representatives, corporations, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the JPMorgan Claims and/or the AHM Transactions, whether presently in existence or which may hereafter accrue, be asserted and/or held by JPMorgan and any of their affiliates (including without limitation, Bear, Stearns & Co. Inc., Bear Stearns Asset Backed Securities I LLC, and EMC Mortgage Corp.), the Plan Trustee, or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation.

6.      The Parties acknowledge that, unless and until the Effective Date occurs, nothing contained herein shall constitute or be introduced, treated, deemed, or otherwise interpreted or construed as evidence in any judicial or arbitration proceedings.

ACTIVE 200831033v.7

7.     The Parties agree that the Bankruptcy Court shall have jurisdiction for the resolution of any disputes or controversies arising from or related to this Stipulation.

8.     Each person signing this Stipulation represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such party and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  The undersigned counsel represent that they have the authorization to execute this Stipulation on behalf of their respective clients.

9.     This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice-of-law principles.

10.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

11.     This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, thereof.

*Remainder of Page Left Blank By Intention*

7

12.    The Parties have cooperated in the drafting and preparation of this

Stipulation.  Therefore, in any construction to be made of this Stipulation, the Stipulation shall

not be construed for or against any Party on that basis.

STIPULATED AND AGREED this 5th day of June.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6753

*Counsel to the Plan Trustee*


SIDLEY AUSTIN LLP


*/s/ Alex R. Rovira*
Alex R. Rovira
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 893-5989

*Counsel to JPMorgan*

ACTIVE 200831033v.7