## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                     :    Chapter 11

                        :

AMERICAN HOME MORTGAGE HOLDINGS, INC., :    Case No. 07-11047 (CSS)
a Delaware corporation, et al.,          :

                        :    Jointly Administered

             Debtors.[1]         :

                        :

                        :

------------------------------------------------------------------ x

                        :

STEVEN D. SASS, as PLAN TRUSTEE of the    :
AMERICAN HOME MORTGAGE PLAN TRUST    :    Adv. Proc. No. 11-51851 (CSS)

                        :

             Plaintiff,         :

                        :

    v.                        :

                        :

BARCLAYS BANK PLC and            :
BARCLAYS CAPITAL INC.            :

                        :

             Defendants.      :

------------------------------------------------------------------ x

**CERTIFICATION OF COUNSEL SUBMITTING PROPOSED ORDER REGARDING STIPULATION AND RELEASE BY AND BETWEEN THE PLAN TRUSTEE, BARCLAYS BANK PLC, AND BARCLAYS CAPITAL INC. SETTLING (I) THE ADVERSARY PROCEEDING, (II) THE BARCLAYS APPEAL, (III) CLAIM NUMBER 8979 FILED BY BARCLAYS BANK PLC, (IV) CLAIM NUMBER 8980 FILED BY BARCLAYS CAPITAL INC., (V) CLAIM NUMBERS 8976-8978 & 8981 FILED BY BARCLAYS BANK PLC, AND (VI) RELATED ISSUES**

       The undersigned counsel to Steven D. Sass, as liquidating trustee (the "Plan Trustee") for

the Plan Trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the*

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

*Debtors Dated as of February 18, 2009* (the "<u>Plan</u>") in connection with the chapter 11 cases of the above-captioned debtors (the "<u>Debtors</u>"), hereby certifies as follows:

1.      On April 28, 2011, the Plan Trustee commenced the above-captioned adversary proceeding, Adv. Proc. No. 11-51851 (CSS) (the "<u>Adversary Proceeding</u>"), by filing a Complaint and Objection to Claims [Adv. D.I. 1] (the "<u>Original Complaint</u>")[2] against Defendants asserting both (i) affirmative claims seeking an award of damages in excess of $12 million based on Barclays Bank's alleged failure to return the Swap Collateral Surplus to AHM Investment, and (ii) objections to the Swap Claim, the Repurchase Claim, and the Whole Loan Repo Claims.

2.      On June 30, 2011, Defendants filed a motion to dismiss the Original Complaint. On July 20, 2011, the Plan Trustee filed a First Amended Complaint and Objection to Claims [Adv. D.I. 20] (the "<u>Amended Complaint</u>").

3.      On August 18, 2011, Defendants filed a motion to dismiss the Amended Complaint [Adv. D.I. 26] (the "<u>Motion to Dismiss</u>").

4.      On November 8, 2013, the Court entered its Opinion [Adv. D.I. 42] and Order [Adv D.I. 43] (together, the "<u>Opinion and Order</u>") denying the Motion to Dismiss in its entirety.

5.      On November 22, 2013, Defendants filed (i) a Notice of Appeal [Adv. D.I. 47] of the Opinion and Order (the "<u>Notice of Appeal</u>") and (ii) a motion for leave [Adv. D.I. 48 & 49] (together, the "<u>Motion for Leave</u>") to pursue an interlocutory appeal of the Opinion and Order. On December 6, 2013, the Plan Trustee filed a brief [Adv. D.I. 59] in opposition to the Motion for Leave.

6.      On January 7, 2014, Defendants filed a motion for certification [D. Del. D.I. 8 & 9] (the "<u>Certification Motion</u>," and collectively with the Notice of Appeal and the Motion for

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Original Complaint.

Leave, the "Barclays Appeal") for direct appeal of the Opinion and Order to the United States Court of Appeals for the Third Circuit. On January 23, 2014, the Plan Trustee filed a response [D. Del. D.I. 10] to the Certification Motion. The United States District Court for the District of Delaware has not ruled on the Motion for Leave or the Certification Motion.

7.      The Parties thereafter agreed to participate in non-binding mediation in an attempt to reach an agreement concerning their disputes over the Swap Collateral Surplus and the proper treatment of Defendants' claims.

8.      On May 5, 2014, the undersigned counsel filed the Parties' proposed Stipulation Regarding Appointment of Mediator and Confidentiality Agreement and Stipulation Concerning Mediation and Non-Waiver of Privilege [Adv. D.I. 72].

9.      On May 6, 2014, the Court entered (i) the Order Approving (I) Stipulation Regarding Appointment Of Mediator, And (II) Confidentiality Agreement And Stipulation Concerning Mediation And Non-Waiver Of Privilege [Adv. D.I. 73] and (ii) a related order [Adv. D.I. 74] assigning the Adversary Proceeding to mediation and appointing retired Judge Arthur J. Gonzalez as mediator.

10.     The Parties conferred in good faith and participated in a non-binding mediation on June 2, 2014, which produced a settlement in principle of all issues between the Parties. The Parties have since entered into the *Stipulation and Release By and Between the Plan Trustee, Barclays Bank PLC, and Barclays Capital Inc. Settling (I) the Adversary Proceeding, (II) the Barclays Appeal, (III) Claim Number 8979 Filed by Barclays Bank PLC, (IV) Claim Number 8980 Filed by Barclays Capital Inc., (V) Claim Numbers 8976-8978 & 8981 Filed by Barclays Bank PLC, and (VI) Related Issues* (the "Stipulation").

11.     The Plan Oversight Committee (as defined in the Plan) has approved the Stipulation.

12.     Subject to Court approval, the Stipulation provides for, among other things, the following:  (i) a payment of $4,950,000 by Defendants to the Plan Trustee, (ii) the disallowance of (a) the Swap Claim (POC No. 8979), (b) the Repurchase Claim (POC No. 8980), and (c) the Whole Loan Repo Claims (POC Nos. 8976, 8977, 8978 & 8981), in their entirety; (iii) the dismissal of the Adversary Proceeding with prejudice; (iv) the dismissal of the Barclays Appeal with prejudice; and (v) the granting of mutual releases of any and all claims or causes of action relating to the Swap Claim, the Repurchase Claim, the Cash Collateral, the Swap Collateral Notes, the Purchased Securities, and the Whole Loan Repo Claims, and anything related thereto that was asserted or could have been asserted in Adversary No. 11-51851 (CSS) or Bankruptcy Case No. 07-11047 (CSS).

13.     Attached hereto as **Exhibit A** is a proposed form of order (the "Proposed Order") approving the Stipulation, which is attached to the Proposed Order as **Exhibit 1**.

WHEREFORE, the Plan Trustee respectfully requests that the Court enter the Proposed Order approving the Stipulation at its earliest convenience.

Dated: June 27, 2014
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Michael S. Neiburg*
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6756
Facsimile: (302) 571-1253

01:15610578.1

4

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

# Exhibit A

# Proposed Order

01:15610578.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                                        :   Chapter 11
                                                              :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                         :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                               :
                                                              :   Jointly Administered
                              Debtors.¹                        :
                                                              :   Re: D.I. _____
                                                              :
                                                              :
------------------------------------------------------------- x
                                                              :
STEVEN D. SASS, as PLAN TRUSTEE of the                        :
AMERICAN HOME MORTGAGE PLAN TRUST                             :   Adv. Proc. No. 11-51851 (CSS)
                                                              :
                              Plaintiff,                      :
                                                              :
     v.                                                       :
                                                              :
BARCLAYS BANK PLC and                                         :
BARCLAYS CAPITAL INC.                                         :   Re: D.I. _____
                                                              :
                              Defendants.                     :
------------------------------------------------------------- x
```

### ORDER APPROVING STIPULATION AND RELEASE BY AND BETWEEN THE PLAN TRUSTEE, BARCLAYS BANK PLC, AND BARCLAYS CAPITAL INC. SETTLING (I) THE ADVERSARY PROCEEDING, (II) THE BARCLAYS APPEAL, (III) CLAIM NUMBER 8979 FILED BY BARCLAYS BANK PLC, (IV) CLAIM NUMBER 8980 FILED BY BARCLAYS CAPITAL INC., (V) CLAIM NUMBERS 8976-8978 & 8981 FILED BY BARCLAYS BANK PLC, AND (VI) RELATED ISSUES

Upon consideration of the *Stipulation and Release By and Between the Plan Trustee,*

*Barclays Bank PLC, and Barclays Capital Inc. Settling (I) the Adversary Proceeding, (II) the*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

*Barclays Appeal, (III) Claim Number 8979 Filed by Barclays Bank PLC, (IV) Claim Number 8980 Filed by Barclays Capital Inc., (V) Claim Numbers 8976-8978 & 8981 Filed by Barclays Bank PLC, and (VI) Related Issues* (the "<u>Stipulation</u>");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Stipulation attached hereto as **<u>Exhibit 1</u>** is APPROVED.

2.      In accordance with the Stipulation, on the Effective Date, (i) the Swap Claim (POC No. 8979), (ii) the Repurchase Claim (POC No. 8980), and (iii) the Whole Loan Repo Claims (POC Nos. 8976, 8977, 8978 & 8981) are deemed disallowed and expunged in their entirety.

3.      In accordance with the Stipulation, Defendants shall make the Payment ($4,950,000) to the Plan Trustee within ten (10) business days of the later of (a) the Effective Date and (b) the date that Barclays receives wire transfer instructions from the Plan Trustee. The Payment shall be delivered via wire transfer to an account designated by the Plan Trustee. Defendants shall have the right in their sole discretion to allocate between them the obligation for making the Payment, but shall be jointly and severally liable for the Payment.

4.      In accordance with the Stipulation, within three (3) business days of the Plan Trustee's receipt of the Payment, the Plan Trustee shall file a Stipulation of Dismissal signed by all Parties dismissing the Adversary Proceeding with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and Federal Rule of Bankruptcy Procedure 7041.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

5.      In accordance with the Stipulation, within three (3) business days after the Effective Date, Defendants shall prepare and file with the Clerk of the United States District Court for the District of Delaware an agreement signed by the Parties providing for the dismissal with prejudice of the Barclays Appeal (including the Motion for Leave and Certification Motion) and with each Party to bear its own costs in connection with the Barclays Appeal.

6.      The mutual releases set forth in the Stipulation are approved and shall be effective upon the Plan Trustee's receipt of the Payment.

7.      This Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation, interpretation or enforcement of this Order and the Stipulation.

Dated: Wilmington, Delaware
          _____ ___, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:15610578.1

3

# Exhibit 1

# Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                               :  Chapter 11
                                                     :
AMERICAN HOME MORTGAGE HOLDINGS, INC., :  Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                      :
                                                     :  Jointly Administered
                                 Debtors.¹           :
                                                     :
                                                     :
                                                     :
------------------------------------------------------------- x
                                                     :
                                                     :
STEVEN D. SASS, as PLAN TRUSTEE of the               :
AMERICAN HOME MORTGAGE PLAN TRUST                    :  Adv. Proc. No. 11-51851 (CSS)
                                                     :
                                 Plaintiff,          :
                                                     :
       v.                                            :
                                                     :
BARCLAYS BANK PLC and                                :
BARCLAYS CAPITAL INC.                                :
                                                     :
                                 Defendants.         :
------------------------------------------------------------- x
```

## STIPULATION AND RELEASE BY AND BETWEEN THE PLAN TRUSTEE, BARCLAYS BANK PLC, AND BARCLAYS CAPITAL INC. SETTLING (I) THE ADVERSARY PROCEEDING, (II) THE BARCLAYS APPEAL, (III) CLAIM NUMBER 8979 FILED BY BARCLAYS BANK PLC, (IV) CLAIM NUMBER 8980 FILED BY BARCLAYS CAPITAL INC., (V) CLAIM NUMBERS 8976-8978 & 8981 FILED BY BARCLAYS BANK PLC, AND (VI) RELATED ISSUES

This settlement stipulation and release (the "Stipulation") is entered into by and between

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant

---

¹     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc., a Delaware corporation (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), Barclays Bank PLC ("Barclays Bank"), and Barclays Capital Inc. ("Barclays Capital" and together with Barclays Bank, the "Defendants"). Collectively, the Defendants and the Plan Trustee are referred to herein as the "Parties"), as of the date set forth below.

## RECITALS

WHEREAS, on August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on February 23, 2009, the Court entered its order [Docket No. 7042] confirming the Plan;

WHEREAS, the effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan), including, but not limited to, objecting to and settling proofs of claim and prosecuting, collecting, compromising and settling causes of action;

WHEREAS, Article 8 of the Plan permits the Plan Trustee (i) to compromise or settle claims and potential objections to claims, and (ii) to prosecute, collect, compromise and settle causes of action, without further approval of or application to the Court, subject to the approval of the Plan Oversight Committee (as defined in the Plan) under certain circumstances;

WHEREAS, prior to the Petition Date, debtor American Home Mortgage Investment Corp. (Case No. 07-11048) ("AHM Investment") and Barclays Bank entered into that certain ISDA Master Agreement (Multicurrency-Cross Border), dated as of March 13, 2006, that certain Schedule to the Master Agreement, dated as of March 13, 2006, that certain ISDA Credit

Support Annex (Bilateral Form), dated as of March 13, 2006, and certain related Confirmations, and other related transactional documents, as amended, supplemented and modified (collectively, the "Swap Agreement");

WHEREAS, the Swap Agreement was terminated by Barclays Bank on August 2, 2007 (the "Swap Termination Date");

WHEREAS, during the term of the Swap Agreement, AHM Investment provided Barclays Bank with collateral in the form of cash and certain securities (collectively, the "Swap Collateral") pursuant to the requirements of the Swap Agreement. As of the Swap Termination Date, the Swap Collateral consisted of approximately $5.2 million in cash (the "Cash Collateral") and three notes (AHM 2005-SD1 2M2, AHM 2005-SD1 2M4, and AHM 2006-1 1M6) (collectively, the "Swap Collateral Notes");

WHEREAS, on January 11, 2008, Barclays Bank filed proof of claim number 8979 (the "Swap Claim") against AHM Investment asserting a general unsecured claim in an amount not less than $10,830 in connection with the Swap Agreement. Barclays Bank also asserts contingent claims for all indemnities of Barclays Bank set forth in the Swap Agreement and contends that such claim is secured to the extent of the Swap Collateral or through a right of setoff under applicable law;

WHEREAS, prior to the Petition Date, AHM Investment and Barclays Capital entered into that certain Master Repurchase Agreement dated as of February 8, 2006 (together with all annexes, confirmations and schedules thereto and as amended, supplemented and/or modified, the "Repurchase Agreement");

WHEREAS, pursuant to the Repurchase Agreement, AHM Investment transferred certain securities (collectively, the "Purchased Securities") to Barclays Capital;

WHEREAS, the Repurchase Agreement was terminated by Barclays Capital on August 3, 2007;

WHEREAS, on January 11, 2008, Barclays Capital filed proof of claim number 8980 (the "Repurchase Claim") against AHM Investment asserting a general unsecured claim in the total amount of not less than $45,064,682 under the Repurchase Agreement and reserved its rights with respect to any contingent, unliquidated claims it may have under the Repurchase Agreement, including, without limitation, the right to setoff such claims;

WHEREAS, prior to the Petition Date, debtors AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) (Case No. 07-11050) ("AHM SV"), American Home Mortgage Acceptance, Inc. (Case No. 07-11049) ("AHM Acceptance"), American Home Mortgage Corp. (Case No. 07-11051) ("AHM Corp.") and AHM Investment, on the one hand, and Barclays Bank PLC, individually as a Buyer, as Administrative Agent and as agent for other Buyers ("Barclays"), on the other hand, entered into that certain Master Repurchase Agreement dated as of November 14, 2006 and other related transactional documents (as amended, supplemented and modified from time to time, collectively, the "Whole Loan Repo Agreement");

WHEREAS, the Whole Loan Repo Agreement was terminated by Barclays on August 1, 2007;

WHEREAS, on January 11, 2008, Barclays filed the following identical proofs of claim against certain Debtors for alleged breaches of the Whole Loan Repo Agreement: (a) proof of claim number 8976 against AHM SV; (b) proof of claim number 8977 against AHM Acceptance; (c) proof of claim number 8978 against AHM Investment; and (d) proof of claim number 8981 against AHM Corp. (collectively, proofs of claim numbered 8976, 8977, 8978 and 8981 are the "Whole Loan Repo Claims");

WHEREAS, pursuant to the Whole Loan Repo Claims, Barclays asserts (i) a $1,770 general unsecured claim in connection with Barclays' enforcement of the Whole Loan Repo Agreement, and (ii) contingent claims for all indemnities of Barclays set forth in the Whole Loan Repo Agreement;

WHEREAS, on April 28, 2011, the Plan Trustee commenced the above-captioned adversary proceeding, Adv. Proc. No. 11-51851 (CSS) (the "Adversary Proceeding"), by filing a Complaint and Objection to Claims [Adv. D.I. 1] (the "Original Complaint") against Barclays Bank and Barclays Capital asserting both (i) affirmative claims seeking an award of damages in excess of $12 million based on Barclays Bank's alleged failure to return to AHM Investment the excess Swap Collateral remaining (the "Swap Collateral Surplus") after any amounts owed by AHM Investment to Barclays Bank under the Swap Agreement were offset against the Swap Collateral, and (ii) objections to the Swap Claim, the Repurchase Claim, and the Whole Loan Repo Claims;

WHEREAS, on June 30, 2011, Barclays Bank and Barclays Capital filed a motion to dismiss the Original Complaint;

WHEREAS, on July 20, 2011, the Plan Trustee filed a First Amended Complaint and Objection to Claims [Adv. D.I. 20] (the "Amended Complaint");

WHEREAS, on August 18, 2011, Barclays Bank and Barclays Capital filed a motion to dismiss the Amended Complaint [Adv. D.I. 26] (the "Motion to Dismiss");

WHEREAS, on November 8, 2013, the Court entered its Opinion [Adv. D.I. 42] and Order [Adv D.I. 43] (together, the "Opinion and Order") denying the Motion to Dismiss in its entirety;

WHEREAS, on November 22, 2013, Barclays Bank and Barclays Capital filed (i) a Notice of Appeal [Adv. D.I. 47] of the Opinion and Order (the "Notice of Appeal") and (ii) a motion for leave [Adv. D.I. 48 & 49] (together, the "Motion for Leave") to pursue an interlocutory appeal of the Opinion and Order. On December 6, 2013, the Plan Trustee filed a brief [Adv. D.I. 59] in opposition to the Motion for Leave;

WHEREAS, on January 7, 2014, Barclays Bank and Barclays Capital filed a motion for certification [D. Del. D.I. 8 & 9] (the "Certification Motion," and collectively with the Notice of Appeal and the Motion for Leave, the "Barclays Appeal") for direct appeal of the Opinion and Order to the United States Court of Appeals for the Third Circuit. On January 23, 2014, the Plan Trustee filed a response [D. Del. D.I. 10] to the Certification Motion;

WHEREAS, the United States District Court for the District of Delaware has not ruled on the Motion for Leave or the Certification Motion;

WHEREAS, the Parties thereafter agreed to participate in non-binding mediation in an attempt to reach an agreement concerning their disputes over the Swap Collateral Surplus and the proper treatment of Barclays Bank's and Barclays Capital's claims;

WHEREAS, on May 5, 2014, the Plan Trustee's counsel filed the Parties' proposed Stipulation Regarding Appointment of Mediator and Confidentiality Agreement and Stipulation Concerning Mediation and Non-Waiver of Privilege [Adv. D.I. 72];

WHEREAS, on May 6, 2014, the Court entered (i) the Order Approving (I) Stipulation Regarding Appointment Of Mediator, And (II) Confidentiality Agreement And Stipulation Concerning Mediation And Non-Waiver Of Privilege [Adv. D.I. 73] and (ii) a related order [Adv. D.I. 74] assigning the Adversary Proceeding to mediation and appointing retired Judge Arthur J. Gonzalez as mediator;

WHEREAS, the Parties have conferred in good faith and have participated in a non-binding mediation with retired Judge Arthur Gonzalez on June 2, 2014 (the "Mediation");

WHEREAS, the Mediation produced a settlement in principle of all issues between the Parties, which is documented herein;

WHEREAS, the Plan Trustee has sought and obtained Plan Oversight Committee approval of this Stipulation; and

NOW, THEREFORE, the Parties, in consultation with their respective counsel and intending to be legally bound hereby, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby stipulate and agree as follows:

### **STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.    **Effectiveness.** This Stipulation shall be effective upon the date the Court enters an order, in a form reasonably acceptable to the Parties, approving this Stipulation and authorizing its terms (the "Approval Order") and such Approval Order becomes a Final Order (as defined herein) (such date, the "Effective Date"). For the purpose of this Stipulation, a "Final Order" means an order or judgment (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired; or (b) in the event an appeal, writ of certiorari, or motion for reargument or rehearing has been filed, such judgment or order has finally adjudicated; or (c) in the event an appeal, writ of certiorari or motion for reargument or rehearing has been filed and no stay of the order or judgment has been granted. Notwithstanding anything to the contrary in this Paragraph, the Parties may by an authorized writing signed by both the Parties waive the requirement that the Approval Order be a Final Order.

2.   **Payment by Barclays.**  Defendants shall make a payment in the amount of $4,950,000 (the "Payment") to the Plan Trustee within ten (10) business days of the later of (a) the Effective Date and (b) the date that Barclays receives wire transfer instructions from the Plan Trustee.  The Payment shall be delivered via wire transfer to an account designated by the Plan Trustee.  Defendants shall have the right in their sole discretion to allocate between them the obligation for making the Payment, but shall be jointly and severally liable for the Payment.

3.   **Disallowance of the Claims.**  Upon the Effective Date, (i) the Swap Claim (POC No. 8979), (ii) the Repurchase Claim (POC No. 8980), and (iii) the Whole Loan Repo Claims (POC Nos. 8976, 8977, 8978 & 8981), shall be deemed disallowed and expunged in their entirety.

4.   **Dismissal of the Adversary Proceeding.**  Within three (3) business days of the Plan Trustee's receipt of the Payment, the Plan Trustee shall file a Stipulation of Dismissal signed by all Parties dismissing the Adversary Proceeding with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and Federal Rule of Bankruptcy Procedure 7041.

5.   **Dismissal or Withdrawal of the Barclays Appeal.**  Within three (3) business days after the Effective Date, Defendants shall prepare and file with the Clerk of the District Court an agreement signed by the Parties providing for the dismissal with prejudice of the Barclays Appeal (including the Motion for Leave and Certification Motion) and with each Party to bear its own costs in connection with the Barclays Appeal.

6.   **Mutual Releases.**  Upon the Plan Trustee's receipt of the Payment, Barclays Bank and Barclays Capital on the one hand, and the Debtors, the Plan Trust and the Plan Trustee, on the other hand, do hereby fully release and discharge each other and any and all past, present and future persons, employees, independent contractors, entities, parents, subsidiaries, affiliates,

stockholders, investors, attorneys, representatives, corporations, insurers, successors, assigns, agents, and partnerships associated with them, from any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, relating to the Swap Claim, the Repurchase Claim, the Cash Collateral, the Swap Collateral Notes, the Purchased Securities, and the Whole Loan Repo Claims, and anything related thereto that was asserted or could have been asserted in Adversary No. 11-51851 (CSS) or Bankruptcy Case No. 07-11047 (CSS), whether presently in existence, known or unknown, or which may hereafter accrue, be asserted and/or held by Barclays Bank, Barclays Capital, the Plan Trustee, the Plan Trust, or any of the Debtors; provided, however, the Parties reserve their rights to bring any and all claims or causes of action related to any breach of this Stipulation or enforcement of its terms.

7.    **Successors.** This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of the Parties, the Debtors, and each of their respective executors, heirs, successors and assigns, including without limitation any chapter 7 trustee appointed to administer the Debtors' estates.

8.    **No Evidence.** Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties or the Debtors other than as may be necessary (a) to obtain approval of or to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the Parties have stipulated to the relief described herein.

9.      **Entire Agreement.** This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes any prior agreements and understandings, both written and oral, thereof.

10.     **Descriptive Headings.** Descriptive headings of the several sections of this Stipulation are inserted for convenience only and do not constitute a part of this Stipulation.

11.     **Governing Law; Jurisdiction.** This Stipulation shall be construed and enforced in accordance with (a) the internal laws of the State of Delaware without giving effect to the rules governing the conflict of laws and (b) to the extent applicable, the Bankruptcy Code, as amended. The Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Stipulation.

12.     **Construction.** The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against either of the Parties on that basis.

13.     **Costs.** Each of the Parties shall bear its own costs and expenses in connection with the Adversary Proceeding, the Barclays Appeal and this Stipulation, including legal fees and expenses.

14.     **Authorization.** The undersigned counsel and their respective client represent and acknowledge that such counsel have the authorization to execute this Stipulation on behalf of their respective client. The Plan Trustee represents and warrants that the Plan Trustee has sought and obtained Plan Oversight Committee approval of this Stipulation.

15.     **Execution in Counterparts.** This Stipulation may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Stipulation may be executed by

01:15574943.2

exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: June 20, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/
_____
Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

HAHN & HESSEN LLP

/s/ _____
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022

*Co-Counsel to Plan Trustee*


Dated: June 20, 2014

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ _____
Gregory R. Werkheiser (No. 3553)
Erin R. Fay (No. 5268)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

01:15574943.2

11

exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

Dated: June 20, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

Sean M. Beach (No. 4070)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

HAHN & HESSEN LLP

/s/

Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022

*Co-Counsel to Plan Trustee*

Dated: June 20, 2014

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/

Gregory R. Werkheiser (No. 3553)
Erin R. Fay (No. 5268)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

01:15574943.2

11

- and -

DAVIS POLK & WARDWELL LLP

/s/

Benjamin S. Kaminetzky
Jessica L. Turner
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4259
Facsimile: (212) 701-5259

*Counsel for Barclays Bank PLC
and Barclays Capital Inc.*

01:15574943.2