# EXHIBIT A

# PROPOSED ORDER

01:15687812.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x

In re:                                      :    Chapter 11
                                            :
AMERICAN HOME MORTGAGE                      :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                             :    Jointly Administered
a Delaware corporation, *et al.*,[1]        :
                                            :
                         Debtors.           :    **Re: Docket No. _____**
------------------------------------------------------------------ x

### ORDER APPROVING STIPULATION AND RELEASE AGREEMENT BETWEEN THE PLAN TRUSTEE AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA RESOLVING CLAIMS ARISING FROM, AND RELEASE OF CASH COLLATERAL SECURING, DEBTORS' OBLIGATIONS IN CONNECTION WITH SURETY BONDS

Upon consideration of the motion (the "Motion")[2] of Steven D. Sass, as the

liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust") established pursuant

to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in

connection with the chapter 11 cases of the above-captioned debtors (collectively, the

"Debtors") seeking the entry of an order, pursuant to Rule 9019(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Section 105(a) of title 11 of the United

States Code (the "Bankruptcy Code"), approving and authorizing the stipulation and release

agreement (the "Settlement Stipulation") by and between the Plan Trustee and Travelers

Casualty and Surety Company of America ("Travelers"), and any responses to the relief

sought in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein; and venue of the Debtors' chapter 11 cases and the Motion being

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proper before the Court; and due and proper notice of the Motion having been given and no other or further notice being necessary; and the Motion having been considered at a hearing conducted before the Court on August 6, 2014 (the "Hearing"); and upon the record made at the Hearing and decision reached at the conclusion thereof; and the Court having determined that the relief sought in the Motion is in the best interests of the Plan Trust, its beneficiaries, the Debtors' creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the relief sought in the Motion is GRANTED; and it is further

ORDERED that the Settlement Stipulation, attached hereto as **Exhibit 1**, and the releases contained therein are approved pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and it is further

ORDERED that the Plan Trustee and Travelers are authorized to take any and all actions that are necessary or appropriate to effectuate the terms of the Settlement Stipulation; and it is further

ORDERED that Epiq Systems, Inc., as the Court-appointed claims and noticing agent, is hereby authorized and directed to amend the official claims register maintained in the Debtors' chapter 11 cases to reflect the effect of this Order and the Settlement Agreement on the Travelers Claims;

ORDERED that this Court shall retain jurisdiction to hear any and all disputes arising out of the interpretation or enforcement of this Order.

Dated: Wilmington, Delaware
_____, 2014

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:15687812.1

3

**EXHIBIT 1**

**SETTLEMENT STIPULATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                           :    Chapter 11
                                                 :
AMERICAN HOME MORTGAGE                           :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                  :    Jointly Administered
a Delaware corporation, *et al.*,[1]             :
                                                 :
                                                 :
                            Debtors.             :

------------------------------------------------------------ x

### STIPULATION AND RELEASE AGREEMENT BETWEEN THE PLAN TRUSTEE AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA RESOLVING CLAIMS ARISING FROM, AND RELEASE OF CASH COLLATERAL SECURING, DEBTORS' OBLIGATIONS IN CONNECTION WITH SURETY BONDS

This Stipulation and Release Agreement (the "Stipulation") is made and entered into by and between Steven D. Sass, as the liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), and Travelers Casualty and Surety Company of America ("Travelers" and together with the Plan Trustee, the "Parties").

### RECITALS

**WHEREAS**, on August 6, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware

---

[1]  The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

(the "Bankruptcy Court") commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases");

WHEREAS, on February 23, 2009, the Bankruptcy Court entered an order confirming the Plan;

WHEREAS, on November 30, 2010 (the "Effective Date"), the Plan became effective and pursuant to the terms thereof, that certain *Plan Trust Agreement* (the "Trust Agreement") was executed, thereby creating the Plan Trust and appointing the Plan Trustee as trustee of the Plan Trust;

WHEREAS, pursuant to the terms of the Plan and the Trust Agreement, as of the Effective Date, the Debtors' assets, including their interest in the Cash Collateral (as defined hereinbelow), were transferred to the Plan Trust and the Plan Trustee was granted authority and standing to pursue and compromise causes of action on behalf of the Debtors and object to and compromise claims against the Debtors;

WHEREAS, prior to the Petition Date, Travelers issued surety bonds on behalf of one or more of the Debtors (collectively, the "Prepetition Surety Bonds") which bonded the obligations of those Debtors as regulated residential mortgage loan bankers, brokers and/or servicers to comply with certain state laws and regulations.  To the extent that the Debtors violated any such state laws or regulations, consumers, among others, are permitted to file unresolved claims with the state regulator, who in turn could make a claim against the applicable Prepetition Surety Bond (a "Surety Claim");

WHEREAS, on October 31, 2003, Debtor American Home Mortgage Holdings, Inc. ("AHM Holdings") and Travelers entered into a *General Contract of Indemnity* (the "AHM Holdings Indemnity Agreement") in favor of Travelers pursuant to which AHM Holdings

- 2 -

was obligated to indemnify and reimburse Travelers for all actual losses, costs and damages sustained or incurred in connection with the Prepetition Surety Bonds including, but not limited to, reasonable counsel fees and expenses (collectively, "Losses");

WHEREAS, on March 21, 2007, Debtor American Home Mortgage Investment Corporation ("AHM Investment") and Travelers entered into a *General Contract of Indemnity* (the "AHM Investment Indemnity Agreement" and together with the AHM Holdings Indemnity Agreement, the "Prepetition Indemnity Agreements") in favor of Travelers pursuant to which AHM Investment was obligated to indemnify and reimburse Travelers for all actual Losses;

WHEREAS, on July 13, 2007, the Debtors posted $5 million in cash collateral (the "Cash Collateral") with Travelers to secure the payment of any Loss or other obligation under the Prepetition Surety Bonds or the Prepetition Indemnity Agreements;

WHEREAS, on October 1, 2007, the Bankruptcy Court entered its *Order (I) Approving and Authorizing Term Sheet with Travelers Insurance; (II) Authorizing Debtors to Obtain Surety Bonds; and (III) Granting Administrative Claims* approving a term sheet (the "Term Sheet") and a *General Contract of Indemnity* (the "Postpetition Indemnity Agreement" and together with the Prepetition Indemnity Agreements, the "Indemnity Agreements") between the Debtors and Travelers with respect to the issuance of additional surety bonds with an aggregate penal amount of $1.5 million on behalf of one or more of the Debtors (collectively, the "Postpetition Surety Bonds" and together with the Prepetition Surety Bonds, the "Surety Bonds");

WHEREAS, on October 16, 2007, (a) Travelers issued the Post-Petition Surety Bonds, and (b) Debtor American Home Mortgage Servicing, Inc. ("AHM Servicing") and

Travelers entered into the Postpetition Indemnity Agreement in favor of Travelers pursuant to which AHM Servicing was obligated to indemnify and reimburse Travelers for all Losses;

WHEREAS, pursuant to the Term Sheet, Travelers is entitled to retain the Cash Collateral to secure the Debtors' obligations under the Surety Bonds and the Indemnity Agreements until Travelers is presented with satisfactory evidence of the discharge of all Surety Bonds and the release of Travelers;

WHEREAS, the Surety Bonds were validly terminated and cancelled pursuant to notices of termination sent by Travelers to the appropriate parties. Notwithstanding, the possibility remains that a Surety Claim arising prior to such termination may still be asserted against Travelers under a Surety Bond until the expiration of the applicable statute of limitations;

WHEREAS, on or about January 10, 2008, Travelers filed five (5) proofs of claim asserting contingent, unliquidated claims arising from or relating to the Surety Bonds and the Indemnity Agreements against Debtor American Home Mortgage Acceptance, Inc., AHM Servicing, American Home Mortgage Corp., American Home Mortgage Ventures LLC and AHM Investment, which claims were assigned claim nos. 8357, 8358, 8359, 8360 and 8363, respectively ("Claim Nos. 8357, 8358, 8359, 8360 and 8363", and collectively, the "Travelers Claims"), which claims Travelers asserts are secured to the extent of the value of the Cash Collateral;

WHEREAS, as of June 26, 2014, after applying accrued interest and unused premiums and deducting Losses, Travelers holds approximately $4.818 million in Cash Collateral in an account at Morgan Stanley Smith Barney (the "Account"); and

**WHEREAS**, the Parties have participated in good faith settlement discussions and agreed on the treatment of the Travelers Claims and the immediate release and return of a significant amount of the Cash Collateral to the Plan Trustee in accordance with and subject to the terms of this Stipulation.

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated, consented to and agreed by and between the Parties, as follows:

1.      The foregoing recitals are incorporated herein by reference and are made a part hereof.

2.      This Stipulation shall be effective upon the entry of a final, non-appealable order of the Bankruptcy Court approving the Stipulation and authorizing the Parties to take any and all actions that are necessary or appropriate to implement this Settlement (the "Stipulation Effective Date").   In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect.   In such event, nothing contained in this Stipulation (including the Recitals), any motion or other pleading seeking approval of this Stipulation, or any correspondence or other communication relating to the negotiations, drafting or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation between any Parties.

3.      Within five (5) business days of the occurrence of the Stipulation Effective Date, Travelers will release and remit to the Plan Trustee $3,860,000 of the Cash Collateral

- 5 -

(the "Released Collateral") by wire transfer of immediately available funds to the following account:

| | |
|---|---|
| Bank: | Wells Fargo Bank, N.A. |
| Bank Address: | 150 East 42nd Street (35th Floor), New York, NY 10017 |
| Routing Number: | 121000248 |
| Account No.: | 2000059325336 |
| Account Name: | Hahn & Hessen LLP, Master Escrow Account |
| Reference: | AHM - Travelers Surety Bonds |

4.      Upon the Stipulation Effective Date and receipt of the Released Collateral by the Plan Trustee, the Trust hereby conveys, transfers and assigns all of its right, title and interest in and to the Account including the balance of the Cash Collateral (of approximately $958,000), free and clear of any claim or interest, to Travelers in full and final satisfaction of any and all contingent liabilities that may arise on account of potential Surety Claims and other Losses.  For the sake of clarity, the Trust irrevocably waives any right or claim to any amounts conveyed, transferred and assigned herein notwithstanding the actual amounts of Losses sustained after the Stipulation Effective Date.  The Plan Trustee hereby agrees to execute such documents as are necessary to effectuate the foregoing.

5.      Upon the occurrence of the indefeasible disposition of the Account including the balance of the Cash Collateral to Travelers as set forth in the preceding paragraph, each of the Travelers Claims shall be disallowed and expunged in their entirety.

6.      Effective upon the occurrence of the Stipulation Effective Date and receipt of the Released Collateral by the Plan Trustee, (a) Travelers shall be deemed to have forever waived and released any and all claims and/or causes of action of any kind or nature that it may have against any of the Debtors, their estates, the Plan Trustee, in his capacity as such, or the Plan Trust arising from or relating to the Surety Bonds or the Indemnity Agreements

whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated, and (b) the Plan Trustee, solely in his capacity as such, for and on behalf of the Debtors and the Plan Trust, shall be deemed to have forever waived and released any and all claims and/or causes of action of any kind or nature that the Debtors or the Plan Trust may have against Travelers arising from or relating to the Surety Bonds or the Indemnity Agreements, whether any such claim and/or cause of action is known or unknown at this time, fixed or contingent, liquidated or unliquidated. Notwithstanding the foregoing, (a) Travelers will continue to investigate, administer and, if required, pay Surety Claims, and the rights of Travelers and holders of Surety Claims shall not be impaired by this Stipulation, (b) the Plan Trustee, the Debtors and their estates, to the extent that the Plan Trust is still in existence, shall reasonably cooperate with such actions and continue to perform their respective non-financial obligations under the Indemnity Agreements, and (c) the Parties' rights or obligations expressly set forth in this Stipulation shall not be waived or released.

7.     The provisions contained in this Stipulation constitute the entire agreement between the Parties with regard to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as may be expressly provided herein. This Stipulation may not be modified, altered or amended except by written instrument signed by the Parties.

8.      This Stipulation and all of the provisions hereof shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and permitted assigns.

9.      The Parties agree that each of them has had the full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall neither be construed for nor against any Party.

10.     Each Party agrees to submit to the exclusive jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with the interpretation of or enforcement of this Stipulation.  Each Party agrees to waive any defenses based on the location or jurisdiction of the Bankruptcy Court with respect to this Stipulation.

11.     This Stipulation shall be construed and interpreted in accordance with (a) the laws of the State of New York, without regard to the choice of law principles of the State of New York which could otherwise require the application of the law of another jurisdiction and (b), to the extent applicable, the Bankruptcy Code.

12.     This Stipulation may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same document.  Delivery of an executed counterpart of a signature page of this Stipulation by facsimile or other electronic means (in .PDF or comparable format) shall be as effective as delivery of an original executed copy of this Stipulation.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the date set forth below.

Dated: June 27, 2014

HAHN & HESSEN LLP

By: _____
    Mark S. Indelicato
    Edward L. Schnitzer
    Jeffrey Zawadzki

    488 Madison Avenue
    New York, New York 10022
    Tel: (212) 478-7200

*Counsel for the Plan Trustee*

Dated: June 27, 2014

BINGHAM MCCUTCHEN LLP

By: _____
    Jonathan B. Alter

    One State Street
    Hartford, Connecticut 06103
    Tel: (860) 240-2969

*Counsel for Travelers*