## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------- x
                                                               :    Chapter 11
In re:                                                         :
                                                               :    Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE                                         :
HOLDINGS, INC., a Delaware corporation, et al.¹,               :    Jointly Administered
                                                               :
        Debtors.                                               :    Ref. Docket No. _____
                                                               :
                                                               :
-------------------------------------------------------------- x
```

### ORDER PURSUANT TO §§ 105 AND 1142 OF THE BANKRUPTCY CODE (I) AUTHORIZING FIRST DISTRIBUTION TO HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS AND (II) GRANTING RELATED RELIEF, INCLUDING CLARIFICATION OF THE PLAN AND ENFORCEMENT OF CERTAIN PLAN PROVISIONS AND COURT ORDERS

Upon the motion (the "Motion")[2] of Steven D. Sass, as liquidating trustee (the

"Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of

Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the

chapter 11 cases of the above-captioned debtors (the "Debtors"), for entry of an order, pursuant

to Articles 14(A)(8) 14(A)(12), and 14(P) of the Plan and sections 105(a) and 1142 of title 11 of

the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (i) authorizing the

Plan Trustee to make an interim distribution to holders of Allowed General Unsecured Claims,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

and (ii) granting related relief; and it appearing that sufficient notice of the Motion has been given, and it appearing that the relief requested in the Motion is in the best interest of the Plan Trust, the Plan Trustee, the Debtors, their Estates, and all other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor;

<b>IT IS HEREBY ORDERED THAT:</b>

1.      The Motion is GRANTED as set forth herein.

2.      The Plan Trustee is hereby authorized, in his discretion and in consultation with the Plan Oversight Committee, to make the Initial GUC Distribution. The Plan Trustee is authorized to reserve the balance of the Plan Trust Assets not included in the Initial GUC Distribution pending final distribution.

3.      For purposes of the Stipulated Asset Allocation under the Plan, the Plan Trustee is authorized and directed to allocate the Plan Trust Assets among the respective Estates in accordance with the "Corrected % Share" column in the following table:

| Estate | Plan % Share | Corrected % Share |
|---|---|---|
| AHM Holdings | 30.67% | **30.670%** |
| AHM Investment | 15.18% | **15.182%** |
| AHM Acceptance | 12.68% | **12.676%** |
| AHM SV | 3.27% | **3.270%** |
| AHM Corp. | 37.30% | **37.299%** |
| AHM Ventures | 0.43% | **0.425%** |
| Homegate | 0.11% | **0.109%** |
| Great Oak | 0.37% | **0.369%** |
| **TOTAL** | 100.01% | **100.000%** |

4.      For purposes of the Initial GUC Distribution, and except as otherwise ordered by the Court, the Plan Trustee is authorized and directed to treat the BofA Syndicate

Unsecured Claim as a "Disputed Claim" under the Plan, and to reserve for it based upon the $50,000,000 maximum amount allowable under the BofA Global Settlement Stipulation.

5.      For purposes of Article 9(D)(2) of the Plan, the rate of post-petition interest payable on the Zurich Claim is 4.83% per annum.

6.      After payment of the Zurich Claim with interest at the rate set forth in the preceding paragraph, the Plan Trustee is authorized and directed to reallocate any cash that is allocated to the Great Oak and AHM Ventures Estates under the Stipulated Asset Allocation to the other Estates in accordance with the "% Share of AHM Ventures/Great Oak Assets" column in the following table:

| Estate | Corrected % Share of All Plan Trust Assets | % Share of AHM Ventures/Great Oak Assets |
|---|---|---|
| AHM Holdings | 30.670% | **30.915%** |
| AHM Investment | 15.182% | **15.304%** |
| AHM Acceptance | 12.676% | **12.777%** |
| AHM SV | 3.270% | **3.296%** |
| AHM Corp. | 37.299% | **37.598%** |
| Homegate | 0.109% | **0.110%** |
| **TOTAL** | 99.206% | **100.000%** |

7.      For purposes of the Initial GUC Distribution, the Plan Trustee is authorized and directed to treat the Non-Debtor Subsidiary Claims as "Disputed Claims" under the Plan, and to reserve any distributions that would otherwise have been made on account of such claims pending further order of the Court.

8.      For purposes of the Initial GUC Distribution, the Plan Trustee is authorized and directed to treat $7,675,950 of the Plan Trust's commingled cash as Designated REO Assets that will not be distributed on account of the BofA Syndicate Unsecured Claim

(except indirectly, as a result of the distribution mechanics applicable to Subordinated Trust Preferred Claims).  Following the Initial GUC Distribution, no other Plan Trust Assets shall be deemed to constitute Designated REO Assets.

9.      For purposes of the Initial GUC Distribution, the Plan Trustee is authorized and directed to make the first $254,451 and $245,549 in distributions on account of Allowed Subordinated Trust Preferred Claims against AHM Holdings and AHM Investment, respectively, to the Indenture Trustees in the proportions indicated in the following table:

| AHM Holdings | | | | |
|---|---|---|---|---|
| **Indenture Trustee** | **SPE Issuer** | **Allowed Claims Represented** | **Pro Rata %** | **Payment Amount** |
| Law Debenture | Baylis Trust II | $52,746,454 | 17.12% | $43,573.70 |
| | Baylis Trust IV | $52,696,336 | 17.11% | $43,532.30 |
| | Baylis Trust V | $51,986,698 | 16.88% | $42,946.07 |
| Wilmington Trust | Baylis Trust III | $62,401,845 | 20.26% | $51,549.99 |
| | Baylis Trust VI | $31,181,335 | 10.12% | $25,758.82 |
| | Baylis Trust VII | $20,787,893 | 6.75% | $17,172.82 |
| | Baylis Trust VIII | $36,215,222 | 11.76% | $29,917.30 |
| | | | **Total** | **$254,451.00** |

| AHM Investment | | | | |
|---|---|---|---|---|
| **Indenture Trustee** | **SPE Issuer** | **Allowed Claims Represented** | **Pro Rata %** | **Payment Amount** |
| Law Debenture | Baylis Trust I | $52,746,454 | 31.56% | $77,501.38 |
| Wilmington Trust | Baylis Trust III | $62,401,845 | 37.34% | $91,688.23 |
| | Baylis Trust VI | $31,181,335 | 18.66% | $45,815.34 |
| | Baylis Trust VII | $20,787,893 | 12.44% | $30,544.05 |
| | | | **TOTAL** | **$245,549.00** |

10.      After payment of the Indenture Trustees in accordance with the preceding paragraph, the Plan Trustee is authorized and directed to allocate the remaining distributions on account of Allowed Subordinated Trust Preferred Claims against (I) AHM Holdings, to the BofA

Syndicate Unsecured Claim, and (II) AHM Investment, 20.88% to the Sovereign Claim and 79.12% to the reserve for the BofA Syndicate Unsecured Claim, provided that if the Allowed BofA Syndicate Unsecured Claim is determined to be less than $50,000,000, then the percentages will be adjusted to reflect the correct proportion of the Sovereign Claim to the Allowed BofA Syndicate Unsecured Claim, and the Holder of the Sovereign Claim will receive a supplemental distribution from amounts that had been reserved on account of the BofA Syndicate Unsecured Claim.

11.    The Plan Trustee is authorized and directed to allocate the funds underlying any Undeliverable Distributions that remain undeliverable as of December 2, 2014, to the respective Estates in accordance with the Stipulated Asset Allocation.

12.    Uncashed Distributions are "unclaimed distributions" subject to section 3.13 of the Plan Trust Agreement; accordingly, the Plan Trustee is authorized and directed to stop payment on any Uncashed Distributions and to allocate the underlying funds to the respective Estates in accordance with the Stipulated Asset Allocation.

13.    The Plan Trustee is authorized and directed to treat any Claims for which the Holders have not submitted an IRS Form W-9 as "Disputed Claims" for purposes of the Initial GUC Distribution, and to reserve any Missing W-9 Distributions pending receipt of Forms W-9 or further order of the Court.

14.    The Administrative Claim of the White Firm is hereby disallowed and expunged with respect to any unpaid amounts, for failure to provide an Accounting as required by the Fee Order.

15.     This Order shall be effective immediately upon its docketing notwithstanding any stay of effectiveness that would otherwise apply per the Federal Rules of Bankruptcy Procedure or local rules governing this Court.

16.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
_____, 2014

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE