**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ------------------------------------------------------------------ x | |
| In re: : | |
| : | Chapter 11 |
| AMERICAN HOME MORTGAGE : | |
| HOLDINGS, INC., a Delaware corporation, <u>et</u> : | Case No. 07-11047 (CSS) |
| <u>al.</u>,[1] : | |
| : | Jointly Administered |
| Debtors. : | |
| x | Hearing Date: 2/20/15 at 11:00 a.m. (ET) |
| ------------------------------------------------------------------ | Objection Deadline: 2/13/15 at 4:00 p.m. (ET) |

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363
AND 554 AUTHORIZING THE ABANDONMENT
AND DESTRUCTION OF DOCUMENTS AND RECORDS**

Steven D. Sass, as liquidating trustee (the "<u>Plan Trustee</u>") for the trust (the "<u>Plan Trust</u>") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "<u>Plan</u>")[2] in connection with the Chapter 11 cases of the above-captioned debtors (collectively, the "<u>Debtors</u>"), moves (the "<u>Motion</u>") this Court for entry of an order (the "<u>Document Destruction Order</u>"), pursuant to sections 105, 363 and 554 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), authorizing the Plan Trustee to abandon and destroy or otherwise dispose of certain documents and records in accordance with the form of order annexed hereto as Exhibit "A". In support of the Motion, the Plan Trustee respectfully relies on the declaration of Steven D. Sass, in his

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("<u>AHM SV</u>"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, PO Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

capacity as Plan Trustee, annexed hereto as Exhibit "B", and represents and states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 363 and 554 of the Bankruptcy Code, as complimented by Rule 6007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A.    General Background**

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Thereafter, each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

3. The Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042]. The Plan became effective on November 30, 2010 (the "Effective Date").

4. Pursuant to the Plan, as of the Effective Date, the Plan Trust was established and all of the Debtors' assets, causes of action, claims, rights and interests succeeded and transferred to, and vested in, the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

**B.     The Debtors' Pre-petition Retention of Hard Copy Loan Files and Previous Loan File Disposition Orders**

5.      In the ordinary course of the Debtors' pre-petition loan origination business, the Debtors maintained individual loan files, including copies of consumer loan applications, closing documents and home appraisals. Pre-petition, the Debtors' loan origination personnel transmitted mortgage loan files to the Debtors' headquarters in Melville, NY (collectively, the "Hard Copy Loan Files") for central storage in compliance with applicable federal and state laws. The Debtors utilized American Corporate Record Center, Inc. ("ACRC") as their main storage vendor, with operations located at a warehouse in Melville, NY (the "ACRC Facility"). In addition to the ACRC Facility, Hard Copy Loan Files were maintained at the Debtors' headquarters as well as other storage facilities (including, but not limited to, Moises Document Storage, Iron Mountain and GRM Information Management Services) for employee review and analysis in the ordinary course of their businesses. All Hard Copy Loan Files have been consolidated and are currently located in the Plan Trustee's facility in Farmingdale, New York.

6.      In September of 2005, the Debtors implemented a practice intended to image all new Hard Copy Loan Files and, since that time, have imaged approximately 490,000 loans (the "E-Loan Files"). The E-Loan Files are stored on servers maintained by the Plan Trustee.

7.      Due to, among other things, the volume of Hard Copy Loan Files and financial concerns surrounding the ACRC Facility, on December 14, 2007, the Debtors filed their motion [D.I. 2395] (the "First Disposition Motion") seeking entry of an order, pursuant to sections 105, 363 and 554 of the Bankruptcy Code, authorizing the Debtors to abandon and destroy those Hard Copy Loan Files that had been imaged (the "Duplicate Hard Copy Loan Files") or, alternatively, to return such files (to the extent a request was

3

received prior to destruction of same) to the owner of the related loans upon written request (the "Loan File Return Declaration") and payment of all reasonable costs and expenses associated with the retrieval, review and return of such files.

8. On January 14, 2008, the Court entered an order (the "First Disposition Order") authorizing the immediate abandonment and destruction of only those Duplicate Hard Copy Loan Files for loan applications that did not close (i.e., files related to withdrawn, canceled or rejected loans) (the "Imaged Withdrawn/Denied Files") [Docket No. 2724].

9. The Debtors supplemented the First Disposition Motion on February 5, 2008 [D.I. 2888], seeking to establish a method by which Hard Copy Loan Files could be returned to the owners of the loans. On February 19, 2008, the Court entered an order granting the Debtors' motion subject to certain restrictions and limitations [Docket No. 3010] (the "Second Disposition Order"). The Second Disposition Order authorized the Debtors to, among other things, return Hard Copy Loan Files to the legal owners and/or Master Servicers of the underlying loans (each, a "Requesting Party") to the extent such parties filed a Loan File Return Declaration by March 14, 2008 (the "Return Protocol"). The Second Disposition Order expressly provided that each Requesting Party shall be responsible for the reasonable costs and expenses (the "Return Costs") associated with the return of its requested Hard Copy Loan Files, the amount of such Return Costs being dependent upon the preferred delivery method. The collateral documents such as original notes, mortgage copies, title insurance, etc. (the "Collateral Documents") found during the Debtors' review of the Hard Copy Loan Files and the recorded documents received from recording agencies (the "Trailing Documents") were required to be forwarded to the proper custodians or owners of the loans at the Debtors' expense and were not subject to the Return Protocol.

10. On June 5, 2008, the Debtors filed a motion [D.I. 4387] (the "<u>Third Disposition Motion</u>") seeking authorization to destroy the Hard Copy Loan Files that were not subject to a Loan File Return Declaration, postpetition stipulation, or an order to return (the "<u>Non-Requested Loan Files</u>").

11. On June 25, 2008, the Court authorized the Debtors to destroy the Non-Requested Loan Files [Docket No. 4858] (the "<u>Third Disposition Order</u>"),[3] except for documents relating to pending or threatened litigation against or relating to the Debtors or claims filed against the Debtors (the "<u>Claim Hold Documents</u>")[4].

12. On December 22, 2010, the Plan Trustee filed a motion seeking application of the Second and Third Disposition Orders to all Hard Copy Loan Files and not just those stored in the ACRC Facility [D.I. 9591] (the "<u>Fourth Disposition Motion</u>"). On January 31, 2011, the Court entered an order granting the Fourth Disposition Motion [D.I. 9727] (the "<u>Fourth Disposition Order</u>").

13. The Fourth Disposition Order authorized the Plan Trustee to return all requested Hard Copy Loan Files in accordance with the Return Protocol set forth in the Second Disposition Order and to destroy any Non-Requested Loan Files in accordance with the Third Disposition Order. The Fourth Disposition Order contained certain additional restrictions not set forth in the Second or Third Disposition Orders, including, *inter alia*, a requirement to maintain the mortgage loan files for mortgages originated in and after 2003; however, such files could be maintained electronically.

---

[3] At the hearing held on June 25, 2008, with respect to the Third Disposition Motion, the Debtors agreed they would not destroy the Non-Requested Loan Files insured by Triad Guaranty Insurance Corporation because such files were related to pending litigation. Additionally, the Debtors also represented to the Court that they would not destroy any files related to two individual borrowers, Elisabeth Jackson and Edmund Andrews.

[4] The Trustee has been the recipient of numerous third-party subpoenas which have sought loan files and other Debtor Documents. As of today's date, the Trustee is in compliance with any and all outstanding subpoenas.

14. As set forth more fully above, the Debtors currently have authority pursuant to the First Disposition Order, Second Disposition Order, Third Disposition Order and Fourth Disposition Order (collectively, the "Disposition Orders") to destroy all Non-Requested Loan Files that (i) are Duplicate Hard Copy Loan Files or (ii) relate to loans that were originated prior to 2003 or (iii) that are separately imaged or have a corresponding E-Loan File, provided that in either case such Non-Requested Loan Files are not Claim Hold Documents.

15. Para 67 of Confirmation Oder provides, in relevant part, that

> [F]rom and after the Effective Date, the Plan Trustee shall preserve and maintain all documents files, records and electronic data (including, but not limited to, emails and email server back-up tapes) (collectively, the "Records") transferred by the Debtors to or otherwise acquired by the Plan Trust in accordance with the Plan and/or Plan Trust Agreement, provided, however, that the Plan Trustee may, in its sole discretion and without the prior approval of the Plan Oversight Committee or the Bankruptcy Court (i) abandon or destroy Records in accordance with, and to the extent permitted by the Orders previously entered by the Bankruptcy Court concerning the destruction of documents [D.I. 2724, 3010 and 4858] (the "Destruction Orders"), each of which Destruction Orders shall be preserved and shall continue in full effect against the Plan Trustee as successor to the Debtors, unless the Plan Trustee files a motion on notice to all interested Parties (including, but not limited to, the Teachers' Retirement System of Oklahoma and the Oklahoma Police Pension and Retirement System (collectively, the "Securities Plaintiffs") seeking to modify any such Destruction Order and (ii) abandon or transfer Records in accordance with, and to the extent permitted by, prior Orders of the Bankruptcy Court concerning the preservation and/or transfer of Records with respect to certain third parties.  Except as permitted by the Destruction Orders, the Plan Trustee shall not destroy any Records absent further Order of the Bankruptcy Court after notice to all interest Parties (including, but not limited to, the Securities Plaintiffs) with an opportunity to be heard.

See also Article 8(F)(5)(xvii) of Plan.

## RELIEF REQUESTED

16. The approximately 7,400 boxes of documents currently maintained by the Plan Trustee for which the Plan Trustee is requesting authorization herein to abandon and destroy or otherwise dispose of contain the following types of documents:

01:16601921.1

        a. Miscellaneous business records, as detailed on the annexed Exhibit "C" (collectively, the "<u>Miscellaneous Business Records</u>");

        b. Hard Copy Loan Files for loans originated in 2003, 2004 and prior to September of 2005, which are not subject to a Loan File Return Declaration (the "<u>2003/2004/2005 Loan Files</u>")[5]; and

        c. Hard Copy Loan Files subject to the Return Protocol but unreturnable because either (i) the related Requesting Party has not provided the Plan Trustee with sufficient delivery instructions and/or refused to pay the Return Costs as required under the Second Disposition Order, or (ii) the related Requesting Party no longer wants the Hard Copy Loan Files and has not withdrawn its Loan File Return Declaration (collectively, the "<u>Unreturned Loan Files</u>"). The Plan Trustee, however, reserves the right to seek payment or reimbursement for all costs incurred as a result of the Requesting Parties' failure to comply with the requirements under prior orders of the Court, including the administrative, legal and destruction costs resulting from such non-compliance.

        17.    By this Motion, the Plan Trustee requests entry of an order pursuant to sections 105, 363, and 554 of the Bankruptcy Code (i) authorizing the Plan Trustee to immediately abandon and destroy or otherwise dispose of the Miscellaneous Business Records and the 2003/2004/2005 Loan Files upon entry of the Document Destruction Order and (ii) authorizing the Plan Trustee to abandon and destroy or otherwise dispose of any Unreturned Loan Files for which the related Requesting Party has not provided the Plan Trustee with sufficient delivery instructions and/or Return Costs prior to the objection deadline. The Plan Trustee requests that he be authorized to destroy such documents in a manner consistent with the standard set forth in 16 C.F.R. § 682.3 and that he be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information.

### REMAINING RECORDS

        18.    The Plan Trustee is not seeking authority at this time to destroy (i) electronic records, including but not limited to, E-Loan Files, servers, back-up tapes, hard

---

[5] The Plan Trustee is not presently authorized to destroy these files because such loans were originated post 2002 and were not imaged by the Debtors.

drives and other similar storage media, or (ii) the Collateral Documents and Trailing Documents.

19. The Plan Trustee anticipates that it will be requesting authority to destroy these final remaining records in the near term and, in any event, no later than the closing of these chapter 11 cases.

## BASIS FOR RELIEF

### A. Applicable Statutory Authority

20. Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Further, section 363 of the Bankruptcy Code permits a trustee to "use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Additionally, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

21. The destruction or other disposal of the approximately 7,400 boxes of documents currently maintained by the Plan Trustee for which the Plan Trustee is requesting authorization herein to abandon and destroy or otherwise dispose of is also governed by Bankruptcy Rule 6007, which provides, in pertinent part, as follows:

> Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the

court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to the other entities as the court may direct.

Fed. R. Bankr. P. 6007.

22. "The abandonment power embodied in Section 554 enables the trustee to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate … and also protects the estate from diminution. In such manner, abandonment serves the creditors' interest in expeditiously obtaining a fair amount on settlement of their claims." In re Quanta Resources Corp., 739 F.2d 912, 916 (3d Cir. 1984).

23. A trustee's decision to abandon property of the estate is discretionary. See In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003). As is the case with a trustee's decision to reject an executory contract,[6] the business judgment standard applies to a trustee's decision to abandon property that is either of inconsequential value or burdensome to the estate. Id. ("The trustee's power to abandon property is discretionary . . . . The Court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority.") (internal citations omitted); Mele v. First Colony Ins. Co., 127 B.R. 82, 85 (D.D.C. 1991) ("[A]bandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate.").

**B.    The Plan Trustee Should Be Permitted to Destroy
the Miscellaneous Business Records and 2003/2004/2005 Loan Files**

24. The Plan Trustee's abandonment of the Miscellaneous Business Records and the 2003/2004/2005 Loan Files is warranted under section 554(a) of the

---

[6] The decision to reject an executory contract is subject to the court's finding that such decision is a product of the debtor in possession's sound business judgment. See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.,

9

Bankruptcy Code, and their destruction (including the incurrence of costs associated with destruction) is permitted under section 363 of the Bankruptcy Code.

25. The Plan Trustee no longer needs the Miscellaneous Business Records or the 2003/2004/2005 Loan Files for any business operations or the remaining wind-down of these chapter 11 cases.  Additionally, the Miscellaneous Business Records and the 2003/2004/2005 Loan Files are not subject to any outstanding third-party request nor are they related to any pending litigations directly involving the Debtors or any third-party litigations, as the Debtors have complied with all outstanding subpoena requests.

26. The Plan Trustee has received in excess of fifty (50) third-party subpoenas seeking thousands of individual loan files and/or other business records.  The Plan Trustee has complied with all such subpoenas to the satisfaction of the requesting parties.

27. Given that the Miscellaneous Business Records and the 2003/2004/2005 Loan Files provide no benefit to the administration of these estates, nor are they subject to any outstanding third-party requests, the Plan Trustee has determined that accrual of any expense to maintain these documents is an unnecessary administrative burden on the estates.

C. **The Unreturned Loan Files Should be Destroyed**

28. The destruction or abandonment of the Unreturned Loan Files is authorized under section 105 of the Bankruptcy Code.

29. The Loan File Return Declarations filed with respect to the Unreturned Loan Files were all filed over six years ago and, to date, the Requesting Parties

---

872 F.2d 36, 39 (3d Cir. 1989); see also In re Fleming Companies, Inc., 308 B.R. 689, 691 (Bankr. D. Del. 2004).

have failed to provide the Plan Trustee with sufficient delivery instructions and/or refused to pay the Return Costs as required under the Second Disposition Order.

30. There are approximately 20,000 Unreturned Loan Files. A listing of each Requesting Party which has failed to provide the Plan Trustee with sufficient delivery instructions and/or refused to pay the Return Costs as required under the Second Disposition Order is attached hereto as Exhibit "D". Twenty-four (24) of the Unreturned Loan Files are subject to Loan File Return Declarations filed by two Requesting Parties. A listing of the Unreturned Loan Files which are subject to Loan File Return Declarations filed by two Requesting Parties is attached hereto as Exhibit "E".

31. For all of the foregoing reasons, the Plan Trustee submits that his decision to abandon and destroy the (i) Miscellaneous Business Records and the 2003/2004/2005 Loan Files and (ii) Unreturned Loan Files for which the related Requesting Party has not provided the Plan Trustee with sufficient delivery instructions and/or Return Costs prior to the objection deadline is the product of the Plan Trustee's sound business judgment and should therefore be approved.

## **NOTICE**

32. Notice of this Motion will be provided to (i) the United States Trustee for the District of Delaware; (ii) all claimants whose claims have not been resolved; (iii) all known parties to threatened or pending litigation involving the Debtors; (iv) counsel to Bank of America, N.A., as Administrative Agent for the lenders under that certain Second Amended and Restated Credit Agreement dated August 10, 2006; (v) counsel to the Agent for the Debtors' Postpetition Lender; (vi) the offices of the attorneys general of the fifty states and the District of Columbia; (vii) the Federal Trade Commission; (viii) counsel to Homeward Residential Mortgage Servicing, Inc.; (ix) the Securities and Exchange Commission; (x) Staten Island Legal Services; (xi) all parties entitled to notice under Del.

Bankr. LR 2002-1(b); (xii) each Requesting Party; (xiii) Securities Plaintiffs (see Paragraph 67 of the Confirmation Order); (xiv) all parties who held or hold an interest in the Hard Copy Loan Files; and (xv) parties who have served a third-party subpoena on the Plan Trustee.  In light of the nature of the relief requested herein, the Plan Trustee submits that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, the Plan Trustee respectfully requests that this Court enter an order (i) authorizing the Plan Trustee to immediately abandon and destroy or otherwise dispose of the Miscellaneous Business Records and the 2003/2004/2005 Loan Files, (ii) authorizing the Plan Trustee to abandon and destroy or otherwise dispose of any Unreturned Loan Files for which the related Requesting Party has not provided the Plan Trustee with sufficient delivery instructions and/or Return Costs prior to the objection deadline and (iii) granting the Plan Trustee any further relief that the Court deems just and proper.

Dated: January 30, 2015
      Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
The Brandywine Building
1000 West Street - 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*