**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN HOME MORTGAGE | : | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et | : | |
| al.,[1] | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| ------------------------------------------------------------------ x | | |

## DECLARATION OF STEVEN D. SASS IN SUPPORT OF THE MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS

1.  My name is Steven D. Sass. I am over the age of 18 and competent to testify and make this Declaration (the "Declaration"). I am the Plan Trustee, as defined in the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [D.I. 7029] (the "Plan").

2.  In my capacity as Plan Trustee, I am responsible for, among other things, the preservation and maintenance of all documents and electronic data transferred to or otherwise acquired by the Plan Trust and/or, in my sole discretion and without prior approval, the abandonment or destruction of such records in accordance with prior orders of the Court.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is P.O. Box 10550, Melville, New York 11747

3. I am authorized to submit this Declaration on behalf of the Plan Trust in support of the *Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records* (the "Motion").[2]

4. All facts set forth in this Declaration are based upon my personal knowledge, upon my review of relevant documents, upon my opinion based upon my experience and knowledge of the Debtors' businesses and document storage practices or upon information provided to me by Trust employees or advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5. As set forth more fully in the Motion, the Debtors currently have authority pursuant to the Disposition Orders to destroy all Non-Requested Loan Files that (i) are Duplicate Hard Copy Loan Files (ii) relate to loans that were originated prior to 2003 or (iii) are separately imaged or have a corresponding E-Loan File, provided that in either case such Non-Requested Loan Files are not Claim Hold Documents.

6. However, in my capacity as Plan Trustee I am currently maintaining approximately 7,400 boxes of documents which I am now requesting authorization to abandon and destroy or otherwise dispose of. The approximately 7,400 boxes of documents include the following types of documents:

   i. Miscellaneous Business Records as detailed on Exhibit "C" to the Motion;

   ii. Hard Copy Loan Files for loans originated in 2003, 2004 and prior to September of 2005, which are not subject to a Loan File Return Declaration (the "2003/2004/2005 Loan Files"); and

   iii. Hard Copy Loan Files subject to the Return Protocol but unreturnable because either (i) the related Requesting Party has not provided the Plan Trustee with sufficient delivery instructions and/or refused to pay the Return Costs as required under the Second Disposition Order, or (ii) the related Requesting Party no longer wants the Hard Copy Loan

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Files and has not withdrawn its Loan File Return Declaration (collectively, the "<u>Unreturned Loan Files</u>").

7. I no longer need the Miscellaneous Business Records, the 2003/2004/2005 Loan Files or the Unreturned Loan Files for any business operations or the remaining wind-down of these chapter 11 cases.

8. The Miscellaneous Business Records and the 2003/2004/2005 Loan Files are not subject to any outstanding third-party request nor are they related to any pending litigations directly involving the Debtors or any third-party litigations, as the Debtors have complied with all outstanding subpoena requests. I have received in excess of fifty (50) third-party subpoenas seeking thousands of individual loan files and/or other business records. To the best of my knowledge, I have complied with all such subpoenas to the satisfaction of the requesting parties. Given that the Miscellaneous Business Records and the 2003/2004/2005 Loan Files provide no benefit to the administration of these estates, nor are they subject to any outstanding third-party requests, I have determined that accrual of any expense to maintain these documents is an unnecessary administrative burden on the estates.

9. With respect to the Unreturned Loan Files, the Requesting Parties have failed to provide me with sufficient delivery instructions and/or refused to pay the Return Costs as required under the Second Disposition Order. As such, and because the Unreturned Loan Files provide no benefit to the estates, I am requesting authority to destroy them.

10. Finally, I am not currently seeking authority at this time to destroy (i) electronic records, including but not limited to, E-Loan Files, servers, back-up tapes, hard drives and other similar storage media, or (ii) the Collateral Documents and Trailing Documents. However, I anticipate that I will be requesting authority to destroy these final

remaining records in the near term and, in any event, no later than the closing of these chapter 11 cases.

11. As a result, I believe that the relief requested in the Motion is in the best interests of the Plan Trust and the Debtors' estates and their creditors.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 30, 2015

*/s/ Steven D. Sass*
Steven D. Sass