UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 07-11047 (CSS) <br><br> Jointly Administered |

### NATIONAL CREDIT UNION ADMINISTRATION BOARD'S OBJECTION TO PLAN TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS (ECF NO. 11058)

Pursuant to Rule 6007 of the Federal Rules of Bankruptcy Procedure, the National Credit Union Administration Board ("NCUA"), in its capacity as conservator and liquidating agent for U.S. Central Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union ("WesCorp"), Members United Corporate Federal Credit Union ("Members United"), Constitution Corporate Federal Credit Union ("Constitution"), and Southwest Corporate Federal Credit Union ("Southwest," collectively, "Credit Unions") respectfully objects to the Plan Trustees' Motion For An Order Authorizing The Abandonment and Destruction of Documents and Records ("Motion"). ECF No. 11058. In support of its objection, the NCUA states as follows:

1. The NCUA is an independent agency of the Executive Branch of the United States that among other things charters and regulates federal credit unions and federally insured state credit unions.

2. Pursuant to its authority under the Federal Credit Union Act, 12 U.S.C. § 1751 *et seq.*, the NCUA placed U.S. Central and WesCorp into conservatorship on March 20, 2009, and into liquidation on October 1, 2010; placed Members United and Southwest into conservatorship

on September 24, 2010, and into liquidation on October 31, 2010; and placed Constitution into conservatorship on September 24, 2010, and into liquidation on November 30, 2010.  NCUA appointed itself as conservator and later liquidating agent for the Credit Unions.

3. The Credit Unions had purchased billions of dollars of residential mortgage backed securities ("RMBS"), which are structured securities collateralized by residential mortgages.

4. NCUA has brought suit under §§ 11 and 12 of the Securities Act of 1933 and various state blue sky laws against certain underwriters and depositors of the RMBS purchased by certain Credit Unions.  Fourteen such suits are pending in three federal district courts:  the District of Kansas, the Central District of California, and the Southern District of New York.

5. These lawsuits generally allege that the offering documents for the RMBS contained misrepresentations and misleading omissions regarding whether the underlying residential mortgage loans were originated according to applicable underwriting guidelines and regarding the collateral characteristics of the underlying loans (*e.g.*, the loan-to-value, debt-to-income, and owner-occupancy ratios).

6. The loan origination files and the underwriting guidelines for the underlying mortgage loans are important evidence in these lawsuits.  In particular, NCUA intends to rely in significant part on evidence obtained by examining these loan files and showing that the loans did not comply with the applicable underwriting guidelines, and that the loan files show the actual collateral characteristics of the loans were inconsistent with the collateral characteristics stated in the offering documents.

7. Defendants in NCUA's litigation moved to dismiss NCUA's complaints.  In large part, these motions were denied.  However, certain rulings resulted in the dismissal of NCUA's

claims with respect to particular RMBS ("Dismissed RMBS"), including all of the RMBS at issue in *NCUA v. Barclays Capital Inc.*, No. 12-2631 (D. Kan.). *See NCUA v. Barclays Capital Inc.* 2013 WL 3471369, at *2 (D. Kan. July 10, 2013). These rulings are currently the subject of a pending appeal in the Tenth Circuit for which oral argument was held on January 21, 2014. *See NCUA v. Barclays Capital Inc.*, No. 13-3183 (10th Cir.). If the Tenth Circuit reverses the district court, NCUA's claims with respect to the Dismissed RMBS will be reinstated.

8. NCUA has not yet had an opportunity to conduct discovery with respect to the Dismissed RMBS. In particular, NCUA has yet to subpoena third parties, such as American Home, to collect the loan files for the Dismissed RMBS, which are important to proving NCUA's claims.

9. The Dismissed RMBS for which NCUA has been unable to conduct discovery contain many loans originated by American Home. The Prospectus Supplement for one of the Dismissed RMBS – MASTR Adjustable Rate Mortgages Trust 2007-1 – represents that 78.27% of the relevant loans were originated by American Home. In addition, other Dismissed RMBS may contain smaller numbers of loans originated by American Home, as Prospectus Supplements are required to identify only the originators of 10 percent or more of the loans. *See* 17 C.F.R. § 229.1110(a). NCUA has not yet been able to determine whether other Dismissed RMBS contain loans from American Home because NCUA does not yet have the discovery materials that will show the complete listing of the underlying loans for the Dismissed RMBS. Accordingly, if American Home is allowed to destroy the Hard Copy Loan Files, important evidence in NCUA's pending litigation may be destroyed.

10. With respect to the RMBS for which NCUA's claims were not dismissed ("Live RMBS"), NCUA has subpoenaed third parties, including American Home, for the loan files. In

response to NCUA's subpoenas, American Home produced loan files from its PaperVision electronic database. American Home has stated that its servers overheated in the summer of 2011 resulting in certain data corruption issues which may have affected the PaperVision database and hence American Home's production to NCUA. American Home reported this overheating event to the Bankruptcy Court in 2011.

11. NCUA does not presently have reason to believe that American Home's production of loan files for the Live RMBS suffers from data corruption issues. However, NCUA's review of these loan files is still ongoing. Pending that review, NCUA may seek Hard Copy Loan Files that American Home now seeks to destroy.

12. NCUA has also subpoenaed American Home for applicable underwriting guidelines for the Live RMBS. NCUA understands that American Home created a compilation of guidelines in response to subpoenas received for separate litigation. American Home has produced that compilation of underwriting guidelines to NCUA. As NCUA reviews the loan files in its litigation, it may find that this compilation is incomplete and request that American Home conduct additional searches for underwriting guidelines. In particular, the Motion seeks to destroy certain Miscellaneous Business Records, including "Employer Communications" that contain "[m]anuals and handbooks, including underwriting guidelines." Motion at Ex. C. Such documents may need to be searched and produced if NCUA finds American Home's compilation of guidelines to be incomplete.

13. NCUA has also brought suits against the trustees of certain RMBS purchased by the Credit Unions. These suits allege that the trustees failed to perform certain duties, including ensuring that all collateral documents for the loan files (*e.g.*, the mortgage note) were delivered to the trustee and forcing the responsible parties to repurchase any loan that breached certain

representations and warranties (*e.g.*, that the loan complied with applicable underwriting guidelines). As with NCUA's securities claims, the loan files are key evidence in these cases, which NCUA intends to use to prove its claims.

14. NCUA's actions against the trustees are still at an early stage, and NCUA has yet to conduct any discovery. However, NCUA expects that this discovery will include the collection of loan files originated by American Home.

15. Given the substantial danger that evidence for NCUA's pending litigation will be destroyed as a result of the Motion, NCUA respectfully requests that the Motion be denied with respect to Hard Copy Loan Files – the 2003/2004/2005 Loan Files and the Unreturned Loan Files – and denied with respect to the "Employer Communications" category of the Miscellaneous Business Records.

16. In the alternative, NCUA requests that any order allowing the destruction of these documents be delayed until NCUA has had an opportunity to seek leave in its pending litigation to conduct discovery with respect to the Dismissed RMBS, and for NCUA to confer with American Home to ensure that evidence for the Dismissed RMBS is produced before it is destroyed.

Respectfully submitted, Dated: February 13, 2015

/s/ Steven S. Fitzgerald
Steven S. Fitzgerald
Rahil Kamran-Rad
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel:  (212) 382-3300
Fax:  (212) 382-0050
sfitzgerald@wmd-law.com
rrad@wmd-law.com

Stephen M. Tillery
Greg G. Gutzler
Robert L. King
Korein Tillery LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel:  (314) 241-4844
Fax:  (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
rking@koreintillery.com

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
Kellogg, Huber, Hansen, Todd,
   Evans & Figel, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com

George A. Zelcs
Korein Tillery LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel:  (312) 641-9750
Fax:  (312) 641-9751
gzelcs@koreintillery.com

*Attorneys for Plaintiff National Credit Union Administration Board*