IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., : | Case No. 07-11047 (CSS) |
| A Delaware corporation, *et al.*, : | |
| : | Jointly Administered |
| Debtors. : | |
| : | Re: ECF No. 11058 |
| : | |

**LIMITED OBJECTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO PLAN TRUST'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 363, AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS**

Pursuant to Bankruptcy Rule 6007, U.S. Bank National Association, solely in its capacity as trustee for the residential mortgage-backed securitization trust Citigroup Mortgage Loan Trust 2007-AR7 (the "Securitization Trustee"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the Plan Trust's motion for an order (the "Proposed Order") authorizing the abandonment and destruction of documents and records (the "Abandonment Motion") [ECF No. 11058].[1] In support of its Limited Objection, the Securitization Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Securitization Trustee served a third-party subpoena upon the Plan Trustee in early December 2014 in connection with a lawsuit the Securitization Trustee, in its capacity as trustee of a certain securitization trust, filed against Citigroup Global Markets Realty Corp. ("Citigroup") and CitiMortgage, Inc. ("CitiMortgage," and collectively with Citigroup, the "Citi Defendants"). The lawsuit relates to Citigroup's alleged breaches of various contractual

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Abandonment Motion. The original objection deadline to the Abandonment Motion was February 13, 2015, at 4:00 p.m., but was extended by mutual agreement between counsel for the Plan Trustee and counsel for the Securitization Trustee until February 17, 2015, at 4:00 p.m.

1

representations and warranties related to mortgage loans originated by certain of the above-captioned debtors (collectively, the "Debtors"), and Citigroup's obligation to cure those breaches or repurchase the subject loans in accordance with its contractual obligations.

2. Upon information and belief, the Plan Trustee may be seeking authority to destroy documents critical to the Securitization Trustee's claims against the Citi Defendants, as they evidence that the mortgage loans originated by the Debtors did not comply with Citigroup's representations and warranties about those loans. If the Proposed Order is entered in its current form, however, these critical documents in the Plan Trustee's possession may be destroyed and irretrievably lost—potentially placing the Securitization Trustee's case against the Citi Defendants in jeopardy, causing the Securitization Trustee to suffer substantial harm as a result.

3. While the Securitization Trustee has been in discussions with counsel for the Plan Trustee on these issues, they have not been resolved fully by the Securitization Trustee's extended objection deadline. Accordingly, the Securitization Trustee files this Limited Objection to protect its rights and ensure that no documents responsive to the Securitization Trustee's lawfully issued subpoena are destroyed as result of the Abandonment Motion while it continues to resolve the issues addressed herein.

**FACTUAL BACKGROUND**

4. The Securitization Trustee is the trustee of that certain Citigroup Mortgage Loan Trust 2007-AR7 (the "Securitization Trust"). Solely in its capacity as trustee, the Securitization Trustee, on behalf of the Securitization Trust, filed a complaint against the Citi Defendants on October 1, 2013, in the United States District Court for the Southern District of New York.[2] The action arises out of the Citi Defendants' alleged breaches of contract relating to a securitized

---

[2] The litigation is styled *U.S. Bank, National Association, solely in its capacity as Trustee for Citigroup Mortgage Loan Trust 2007-AR7 v. Citigroup Global Markets Realty Corp. and CitiMortgage, Inc.*, No. 13-CV-6989 (GBD) (S.D.N.Y.).

pool of 2,016 mortgage loans (the "Mortgage Loans"), 974 of which were originated by the Debtors. The Debtors sold the loans to Citigroup, which bundled them with other mortgage loans and placed them in the Securitization Trust for the benefit of the holders of certificates the Securitization Trust issued. The Mortgage Loans were originated between 2005 and 2007.

5. Citigroup made contractual representations and warranties regarding the origination of these Mortgage Loans, including their credit quality and their compliance with applicable laws. Although Citigroup made the representations and warranties, the warranted facts concern how *the Debtors* originated the Mortgage Loans (*e.g.*, whether the Debtors properly underwrote the loans and whether the borrower misrepresented facts to the Debtors in his loan application). The complaint alleges that hundreds of the Mortgage Loans breached Citigroup's representations and warranties, that the Citi Defendants knew of the breaches, but did not notify the Securitization Trustee as the agreements governing the Securitization Trust required, and that Citigroup thereafter failed to repurchase the defective Mortgage Loans, as the governing agreements also required.

6. As part of the litigation against the Citi Defendants, the Securitization Trustee lawfully issued to, and served upon, the Plan Trustee (as successor-in-interest to the Debtors) a third-party subpoena on December 9, 2014 (the "Subpoena").[3] The Subpoena seeks, among other things, all "Loan Files" for the Mortgage Loans,[4] all communications relating to repurchase requests for the Mortgage Loans, all documents related to due diligence on the Mortgage Loans, and all documents related to compensation paid to the Debtors related to the Mortgage Loans. Because such documents are crucial to proving Citigroup's breaches of the representations and warranties, they are essential to the Securitization Trustee's case against the

---

[3] A true and correct copy of the Subpoena is attached hereto as Exhibit A.
[4] A Loan File contains all of the documentation the lender (here, the Debtors) relied upon to underwrite and approve the Mortgage Loans, copies of required disclosures and other documents supporting the Mortgage Loans.

3

Citi Defendants. To date, the Plan Trustee has produced no documents in response to the Subpoena.

## LIMITED OBJECTION

7.  Through the Abandonment Motion, the Plan Trustee proposes to abandon and destroy a number of the Debtors' documents currently under the custody, possession, and control of the Plan Trust. The Abandonment Motion states that the Plan Trustee seeks the authority to abandon and destroy three categories of documents: (i) various "Miscellaneous Business Records"; (ii) "Hard Copy Loan Files" for loans originated in 2003, 2004, and part of 2005; and (iii) certain "Unreturned Loan Files." The Securitization Trustee's investigations to date indicate that at least a portion of the documents the Plan Trustee seeks the authority to destroy may be responsive to the Subpoena.

8.  By way of example, at least one Mortgage Loan at issue in the Citigroup litigation was originated prior to September 2005, and, if granted, the Plan Trustee would have the authority to destroy the sole copy of at least one of the loan files at issue. In addition, the "Miscellaneous Business Records" the Plan Trustee seeks authority to destroy may include, upon information and belief, the only hard copy correspondence responsive to the requests set forth in the Subpoena, including, without limitation, due diligence materials that may shed light on Citigroup's knowledge of the quality of the Mortgage Loans and the veracity of Citigroup's representations and warranties.

9.  The Abandonment Motion also does not contain enough information for the Securitization Trustee to ascertain whether any of the documents that the Plan Trustee proposes to abandon and destroy are responsive to the requests set forth in the Subpoena. Consequently, the Securitization Trustee is unable to determine if any of the documents slated for destruction

4

should be retained by the Plan Trust for production to the Securitization Trustee and has therefore filed this Limited Objection to ensure that none of the documents the Plan Trustee seeks to abandon and destroy come under the purview of the Subpoena.

10. Given the danger that critical evidence may nonetheless be destroyed and irretrievably lost if this Court enters the Proposed Order in its current form, the Securitization Trustee requests that the Abandonment Motion be denied with respect to (i) the "Hard Copy Loan Files" for loans originated in 2005 and (ii) the "Miscellaneous Business Records," at least until it can be determined that such Hard Copy Loan Files and Miscellaneous Business Records are non-responsive to the Subpoena.

11. At minimum, the Proposed Order should be amended to include the following language: *Nothing in this Order shall operate as an authorization, or be construed to authorize, the Plan Trustee to abandon and/or destroy those documents and records that are responsive to that certain third-party subpoena dated December 9, 2014, which U.S. Bank National Association, solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2007-AR7, lawfully issued to, and served upon, the Plan Trustee (as successor-in-interest to the Debtors).*

**WHEREFORE**, the Securitization Trustee respectfully requests that this Court (i) sustain the Limited Objection, (ii) modify the Proposed Order as suggested herein, and (iii) grant such other and further relief as this Court may deem just and proper under the circumstances.

Dated: February 17, 2015

        DORSEY & WHITNEY (DELAWARE) LLP

        By: /s/ Robert W. Mallard
        Eric Lopez Schnabel (DE No. 3672)
        Robert W. Mallard (DE No. 4279
        Alessandra Glorioso (DE No. 5757)
        300 Delaware Avenue, Suite 1010r
        Wilmington, Delaware 19801
        Telephone: (302) 425-7171

        -and-

        MCKOOL SMITH, P.C.
        Robert W. Scheef (*Admission Pro Hac Vice Pending*)
        Michael R. Carney (*Admission Pro Hac Vice Pending*)
        One Bryant Park, 47th Floor
        New York, NY 11036
        Telephone: (212) 402-9414
        Telephone: (212) 402-9444
        Email: rscheef@mckoolsmith.com
                mcarney@mckoolsmith.com

        *Attorneys for U.S. Bank National Association, solely in its capacity as Trustee of Citigroup Mortgage Loan Trust 2007-AR7*