## Exhibit A

**Subpoena to the Plan Trustee Dated December 9, 2014**

# McKool Smith

Courtney B. Statfeld
Direct Dial: (212) 402-9448
cstatfeld@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

December 9, 2014

**VIA EMAIL AND FEDEX**

Steven D. Sass, as Plan Trustee for American Home Mortgage Corp. and its affiliates
c/o Curtis J. Crowther
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

RE:     *U.S. Bank National Association, solely in its capacity as Trustee for Citigroup Mortgage Loan Trust 2007-AR7 v. Citigroup Global Markets Realty Corp. and CitiMortgage, Inc.*, No. 13-CV-6989 (S.D.N.Y.)

Dear Mr. Sass:

We represent plaintiff U.S. Bank National Association, solely in its capacity as Trustee for Citigroup Mortgage Loan Trust 2007-AR7. Enclosed with this letter is a copy of a third-party subpoena directed to you as the Plan Trustee for American Home Mortgage Corp. and its affiliates in connection with the above-referenced matter, which is currently pending in the United States District Court for the Southern District of New York.

The above-referenced matter involves claims for breaches of contract by Citigroup Global Markets Realty Corp. in agreements related to the Citigroup Mortgage Loan Trust Series, 2007-AR7.

Responsive documents should be produced according to the attached protective order, which has been entered in a related case. The parties have agreed that the terms of the attached protective order are currently applicable to the documents produced in this action. Should you have any questions or otherwise wish to discuss the subpoena further, please do not hesitate to contact me.

Very truly yours,

*Courtney B. Statfeld*

Courtney B. Statfeld

Enclosures

**McKool Smith**
**A Professional Corporation • Attorneys**
Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Silicon Valley  |  Washington, DC

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, solely in its capacity as Trustee for CITIGROUP MORTGAGE LOAN TRUST 2007-AR7 _____<br>*Plaintiff*<br>v.<br>CITIGROUP GLOBAL MARKETS REALTY CORP. and CITIMORTGAGE, INC.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  13 Civ. 6989 (GBD) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Steven D. Sass, as Plan Trustee for the trust established pursuant to the order confirming the Amended Chapter 11 Plan of Liquidation of American Home Mortgage Holdings, Inc., et. al.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached

| Place: Courtney Statfeld<br>McKool Smith, P.C.<br>One Bryant Park, 47th Flr, New York, NY 10036 | Date and Time:<br><br>01/08/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/09/2014 _____

CLERK OF COURT

_____     OR     *Courtney B Statfeld*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
_____ , who issues or requests this subpoena, are:

Courtney Statfeld, McKool Smith, One Bryant Park, 47th Flr, NY, NY 10036, cstatfeld@mckoolsmith.com, 2124029400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    13 Civ. 6989 (GBD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____            _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Daniels, G.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 01 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITIGROUP MORTGAGE LOAN
TRUST 2007-AMC3, by U.S. BANK,
NATIONAL ASSOCIATION, solely in its
capacity as Trustee,

        Plaintiff,

        v.

CITIGROUP GLOBAL MARKETS
REALTY CORP.,

        Defendant.

No. 13 Civ. 2843 (GBD)

ECF Case

## STIPULATION AND ▆▆▆▆▆ ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED, by and among the

undersigned attorneys for the respective parties in this action, that this Stipulation and

Order shall govern the handling of discovery in this action, including but not limited to

documents, responses to document requests, deposition testimony, deposition exhibits,

answers to interrogatories, responses to requests to admit and other written, recorded or

graphic material produced by or obtained from any party or non-party from whom

Discovery Material may be sought during this litigation.

## 1. PURPOSES AND LIMITATIONS

Discovery requests served in the above-captioned action (the "Action") might call

for the production of trade secret or other confidential research, development, or

commercial information within the meaning of Fed. R. Civ. P. 26(c), personally

identifying Non-Party Borrower Information subject to the protection of the Gramm-

Leach-Bliley Act and equivalent federal and state laws and regulations, or other private

or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting the Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d). The Parties acknowledge that this Order does not confer blanket protections on all discovery.

## 2. DEFINITIONS

    2.1    <u>Action</u>: the action listed in the above caption.

    2.2    <u>Party</u>: any party to the Action, including all of its officers, directors, and employees.

    2.3    <u>Non-Party</u>: any entity that is not a named party to the Action.

    2.4    <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphical matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in the Action.

    2.5    <u>Confidential Material</u>: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information

concerning individuals or other entities (including, but not limited to,

name, Social Security numbers, home telephone numbers and addresses,

tax returns, and medical, investment, credit and banking information).

2.6    Highly Confidential Material: any Producing Party may, subject to the

provisions of this Order, designate any Discovery Material as "Highly

Confidential," if the Producing Party reasonably and in good faith believes

the Discovery Material contains (i) trade secrets or other information that

the party reasonably believes would result in competitive, commercial or

financial harm to the disclosing party or its personnel, clients or

customers; or (ii) material that a Producing Party believes in good faith

would not otherwise be adequately protected under the procedures set

forth herein for Confidential Material.

2.7    Non-Party Borrower Information: for purposes of this Order, Non-Party

Borrower Information shall mean any information that constitutes

"nonpublic personal information" within the meaning of the Gramm-

Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing

regulations, including, but not limited to, any portion of a mortgage loan

file, spreadsheet or other document or data set that includes financial or

credit information for any person (including any credit history, report or

score obtained on any such person to determine the individual's eligibility

for credit) together with personally identifiable information with respect to

such person, including, but not limited to, name, address, Social Security

number, loan number, telephone number, or place or position of work. As

set forth in Section 19, this Order authorizes the disclosure of such Non-Party Borrower Information in the Action.

2.8    Producing Party: any Party or Non-Party that produces Discovery Material in the Action.

2.9    Receiving Party: any Party or Non-Party that receives Discovery Material from a Producing Party.

2.10    Designating Party: any Party or Non-Party that designates Discovery Material it produces as "Confidential" or "Highly Confidential."

2.11    Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential"; provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.12    Outside Counsel: attorneys, along with their paralegals, and other support personnel assisting with the Action, who are not employees of a Party but who are retained to represent or advise a Party in the Action. Outside Counsel does not include Experts or Consultants, which are addressed in paragraph 2.15 below. For the avoidance of doubt, Outside Counsel may include counsel who are retained to represent or advise a Party in the Action but who do not formally appear in the Action.

2.13   In-House Legal Personnel: attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing the Action for the Party.

2.14   Counsel (without qualifier): Outside Counsel and In-House Legal Personnel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, and law clerks).

2.15   Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel, to serve as an expert witness or as a consultant in the Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with the Action.

2.16   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

## 3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.

However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with the Action.

4.    **DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until each Party has returned to the Producing Party or destroyed all Protected Material pursuant to Section 10 below.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Designating Bulk Material for Protection</u>: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "clawback" procedures in this Order (Section 12) or as otherwise agreed in writing. In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential or Highly Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to Non-Party Borrower Information, underwriting guidelines, loan origination files, loan servicing files, materials reflecting due diligence on loans at issue in the Action, investor or servicer reports reflecting notes or other additional materials, information that a Producing Party notifies a Receiving Party in writing at or before the time of production, or such other categories as the Parties agree to in writing or the court orders.

Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted. If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation

5.2    Manner and Timing of Designations: Except as otherwise provided in this Order (see, e.g., Section 5.2(b)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    for information in documentary form (including transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, and include the confidentiality designation in the metadata produced for such document

(b)    for deposition and hearing transcripts and/or exhibits, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" either on the record at a deposition or hearing or in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of

7

changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate).

(c)     for information produced in electronic, audio, or video format, for bulk productions of documents produced in native format (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the Information or item is stored and/or on the document.

(d)     for documents produced in native format, that the Producing Party include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"), on the placeholder page to the extent one is created.

(e)     for reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party

8

responsible for its creation include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

5.3    Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make

reasonable efforts to assure that the material is treated in accordance with
the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Meet and Confer: If a Party elects to challenge a Designating Party's
confidentiality designation, it must do so in good faith and must begin the
process by notifying the Designating Party in writing of its challenge and
identifying the challenged material by production number. The objecting
Party and the Designating Party shall, within ten (10) calendar days after
service of the written objections, meet and confer concerning the
objection.

6.2    Judicial Intervention: If the Parties are not able to resolve a dispute about a
confidentiality designation during the meet and confer process set forth in
Section 6.1 above, the Party challenging the designation may seek relief
from the Court in accordance with its rules and procedures. In any judicial
proceeding challenging a confidentiality designation, the burden of
persuasion with respect to the propriety of the confidentiality designation
shall remain upon the Designating Party. Until the Court rules on the
dispute, all Parties shall continue to afford the material in question the
level of protection to which it is entitled under the Designating Party's
designation. In the event that the final ruling is that the challenged
material's designation should be changed, the Designating Party shall
reproduce copies of all materials with their designations removed or

changed in accordance with the ruling within fifteen (15) calendar days of

the ruling.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Subject to any other written agreement among or between Producing

Parties and/or Receiving Parties, a Receiving Party may access or use

Discovery Material that is disclosed or produced by a Producing Party

only in connection with the prosecution of, defense of, appeal of,

attempted settlement of, or the enforcement of insurance rights with

respect to, the Action. Except as provided herein or required by law,

Discovery Material may not be used for any other purpose, including,

without limitation, any business or commercial purpose, contractual

repurchase demands, any purpose related to any other investigation or

proceeding, or evaluation of other potential claims unrelated to the causes

of actions and transactions at issue in the Action. Protected Material may

be disclosed only to the categories of persons and under the conditions

described in this Order. Following the termination of the Action, each

Receiving Party must comply with the provisions of Section 10 below.

Given the limitation of access, use and disclosure hereunder, the

Producing Party agrees that the fact that a Receiving Party has received or

is in possession of Discovery Material may not be used against it or

anyone else in any other investigation or proceeding, or evaluation of

other potential claims.  For the avoidance of doubt, the foregoing

limitation shall not apply to Discovery Material to the extent that the

Discovery Material or the information reflected in the Discovery Material is in the possession, custody, or control of the Receiving Party, or otherwise is available to the Receiving Party from some source other than the Producing Party.

7.2 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.3 Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a) the Receiving Party;

(b) the Receiving Party's Counsel;

(c) any other Parties to the Action and their Counsel, and, to the extent that such disclosure is reasonably necessary for the Action, to current officers, directors, and employees of corporate Parties;

(d) former officers, directors, and employees of corporate Parties to the extent that such disclosure is reasonably necessary for the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(e)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not relate to the Action;

(f)     the Court and its personnel, subject to the requirements of Section 9 below;

(g)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(h)     court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for the Action;

(i)     the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature

of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(j)      deponents or witnesses in the Action, and their Counsel, to the extent that such disclosure is reasonably necessary for the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)      any other person agreed to by the Designating Party in writing; and

(l)      any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.4      Disclosure of Highly Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)      any person permitted to receive Confidential Material identified in Section 7.3 above, except that Highly Confidential Material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the Receiving Party other than Receiving Party's Counsel, or (ii) any current or former director, officer, or employee of any other Party to the Action other than Counsel for any other Parties to the Action;

14

(b)   deponents or witnesses in the Action who meet the requirements of
       Section 7.3 above;

(c)   any other person to whom the Designating Party agrees to disclose
       the Highly Confidential Material in writing in advance of the
       disclosure or on the record at a deposition or Court proceeding in
       advance of the disclosure;

(d)   any other person agreed to by the Designating Party in writing; and

(e)   any other person to whom the Court compels disclosure of the
       Highly Confidential Material or to whom disclosure of the Highly
       Confidential Material is required by law, subject to the
       requirements of Section 15 below.

7.5   Retention and Production of Exhibit A: Outside Counsel for the Party that
       obtains the signed "Agreement To Be Bound By Protective Order"
       (Exhibit A), as required above, shall retain them for six (6) months
       following the final termination of the Action, including any appeals, and
       shall make them available to other Parties upon good cause shown.
       Notwithstanding the foregoing, the Parties agree that they shall not be
       required to produce an "Agreement To Be Bound By Protective Order"
       that has been signed by a consultant who has not been disclosed and who
       is not required to be disclosed under the Federal Rules of Civil Procedure,
       Federal Rules of Evidence, or other common law.

7.6   Retention of Protected Material: Unless otherwise agreed to by the
       Producing Party in writing or ordered by the Court, Persons described in

Sections 7.3 (d), (e), (i), (j), (k), and (1) above who have been shown

Confidential Material shall not retain copies thereof. Persons described in

Sections 7.4 (b), (c), or (d) who have been shown Highly Confidential

Material shall not retain copies thereof.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it

has disclosed Protected Material to any person or in any circumstance not

authorized under this Order, the Receiving Party must, as soon as practicable,

but in any event, not longer than two (2) business days after discovery by

counsel of record of the disclosure, (a) notify in writing the Designating Party of

the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of

the Protected Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person

or persons to execute the "Agreement To Be Bound by Protective Order"

(Exhibit A). The Parties agree that irreparable harm would occur in the event of

unauthorized disclosure of Protected Material. Accordingly, the Parties shall be

entitled to seek equitable relief, including specific performance, in the event of

any unauthorized disclosure of Protected Material.

9.    FILING PROTECTED MATERIAL

In the event that before trial in the Action, or in connection with any

hearing in the Action or any matter relating to the Action, Counsel for any Party

determines to file or submit in writing to the Clerk of Court's office any Protected

Material, or any papers containing or making reference to the substance of such

material or Information, such documents or portions thereof containing or making

reference to such material or information shall be filed with a request that the

documents be filed under seal in accordance with the rules of the Court, and kept

under seal until further order of the Court. Where possible, only confidential

portions of filings with the Court shall be inscribed with the phrase: "Confidential-

Subject to Court Order." The Parties may satisfy their obligations under this

Section 9 by filing redacted copies of briefing or other documents through ECF.

Each Party is authorized hereunder to file a request that any Discovery

Materials and/or portions thereof be filed under seal in accordance with this Order and

the Court's individual practices.

10.    **FINAL DISPOSITION**

10.1    Except as provided by law or other regulatory authority or unless

otherwise ordered or agreed in writing by the Producing Party, within

sixty (60) calendar days after the final termination of the Action, including

any appeals, each Receiving Party shall undertake reasonable efforts to

return to the Producing Party all Protected Material or, at the option of the

Producing Party, to destroy all Protected Material. In either case, the

Receiving Party shall provide the Designating Party with a certification

stating that it has taken reasonable efforts to destroy or return the

Confidential or Highly Confidential documents, except for (1) such

information or material that was transmitted electronically and whose

removal or destruction from a Party's electronic systems would violate

applicable federal or state law, rule or regulation, or policies and

procedures reasonably designed to ensure compliance with such law, rule or regulation, and that (2) information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.

10.2    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of Section 10.1 within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of Section 10.1, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority. Notwithstanding this provision, as to those materials designated as Confidential or Highly Confidential that constitute counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in the Action, or filed with this Court, counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such counsel otherwise comply with this Order with respect to such retained material. Any such archival copies that have been designated Confidential

or Highly Confidential remain subject to this Order until the Producing

Party agrees otherwise in writing or this Court orders otherwise.

10.3    This Order shall survive the termination of the Action, and this Court shall

have continuing jurisdiction for enforcement of its provisions following

termination of the Action. No part of the restrictions imposed by this

Order may be waived or terminated, except by written stipulation executed

by Outside Counsel of record for each Designating Party or by an Order of

the Court for good cause shown.

## 11.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing

Party's, Receiving Party's, or any other person's use of its own documents, nor shall it

affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver

of its own prior designation with respect to its own Confidential Material or Highly

Confidential Material

## 12.    CLAW-BACK OF PRIVILEGED MATERIAL

12.1    In order to claw back Discovery Material protected from disclosure under

the attorney-client privilege, work product doctrine, and/or any other

applicable privilege or immunity from disclosure that was produced

inadvertently or was produced pursuant to subsection 12.4, the Producing

Party must provide notice in writing to the Receiving Party specifying the

production number of the Discovery Material it wishes to claw back, and

the basis of the claim of attorney-client privilege, work product doctrine,

and/or any other applicable privilege or immunity from disclosure, relied upon in support of its claw-back request.

12.2    Upon notice that a Producing Party wishes to claw back Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure that was produced inadvertently or was produced pursuant to subsection 12.4, the Receiving Party shall promptly undertake reasonable efforts to return to the Producing Party or destroy all summaries or copies of such documents, testimony, information, and/or things (notwithstanding the final sentence of Section 3 regarding compilations and abstracts reflecting the protected material referred to in this Section 12.2, which material must be destroyed or the claimed privilege material deleted pending resolution), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return or destroy such disclosed materials, and shall not use such items for any purpose until further order of the Court. In all events, such return or destruction and certification must occur within ten (10) business days of receipt of the request. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy the disclosed materials, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was

never privileged; however, the Receiving Party may not assert as a basis

for the relief it seeks the fact or circumstance that such privileged

documents have already been produced.  Alleged privileged documents

shall remain protected against disclosure and use during the pendency of

any dispute over their status. If a Party has produced documents in another

action, investigation or other proceeding without detailed, or any, review

to determine whether privilege or other immunity from discovery applies,

no Party shall claim that production of those documents in such other

action, investigation, or proceeding constitutes a waiver of any privilege or

protection with respect to the documents produced.

12.3    If, during a deposition, a Party claims that a document being used in the

deposition (e.g., marked as an exhibit, shown to the witness, or made the

subject of examination) is subject to attorney-client privilege, work

product doctrine, and/or any other applicable privilege or immunity from

disclosure, it may at its sole election (a) allow the document to be used in

that deposition without waiver of its claim of privilege or work-product

protection or (b) instruct the witness not to answer questions concerning

the document pending a prompt resolution of any disagreement

concerning the document's privileged or work-product protected status. If

the Party allows the examination concerning the document to proceed on a

non-waiver basis, the Parties shall sequester all copies of the purportedly

privileged or work-product protected document. Immediately following

the deposition, the Parties will commence the procedure outlined in the

preceding Sections to address the claim of privilege or other protection,

including the notice requirement set forth in Section 12.1 above. Until the

dispute is resolved, all Parties and any other persons who have access to

the transcript of such deposition shall treat that transcript as Confidential

Material. If any Party instructs the witness not to answer questions

concerning the document, the Parties will then cooperate in promptly

submitting the issue of the document's status to the Court. If the document

is ultimately determined not to be privileged or subject to other protection,

the Party or entity asserting the claim of privilege will be responsible for

ensuring that the deposing Party is given an opportunity to depose the

witness about the document, which in the case of Party-witnesses (or their

current employees) or any former employees of a Party who are

represented by counsel for such Party shall be within thirty (30) calendar

days of said determination, and in the case of other non-Party witnesses

shall be at the earliest practicable time for the witness and its counsel.

12.4    In order to facilitate expeditious production of voluminous documents, a

Producing Party may, at its sole option, but is not required to, produce

voluminous materials without detailed, or any, review to determine

whether a privilege or other immunity from discovery applies to some of

the documents. The materials that may be so produced shall be limited to

Non-Party Borrower Information, underwriting guidelines, loan

origination files, loan servicing files, materials reflecting due diligence on

loans at issue in the Action, investor reports, servicer reports, or such other

categories as a Producing Party notifies a Receiving Party in writing at or

before the time of production, or such other categories as the court orders.

Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other

Party that it, for any reason, disclosed documents, testimony, Information,

and/or things that are protected from disclosure under the attorney-client

privilege, work product doctrine, and/or any other applicable privilege or

immunity from disclosure, or the Receiving Party discovers such

disclosure (in which case the Receiving Party shall give the Producing

Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be

deemed a waiver in the Action or in any other proceeding, including in

federal or state proceedings of any applicable privilege or protection.

13.    USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any

Protected Material at hearings or at the trial of the Action not fewer than five (5) calendar

days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than

five (5) calendar days' notice, the Parties agree to meet and confer as soon as practicable

after receiving notice, but in any event, not fewer than twenty-four (24) hours in advance

of the hearing or trial. Notwithstanding the foregoing, if it is not practicable for the

Parties to meet and confer prior to the hearing or trial, a Receiving Party intending to use

Protected Material of the Producing Party shall notify the Producing Party of the

anticipated use of the Protected Material prior to the hearing or trial. The Parties may

agree to alter the timeframes contained in this Section 13 and shall work together in good

faith to notify and work out any issues relating to the use of Protected Material in

advance. The use of Protected Material at hearings or at trial shall not cause such
Protected Material to lose its status as Protected Material.

14.  ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from
rendering advice to his or her client with respect to the Action or from relying upon or
generally referring to Protected Material in rendering such advice; *provided, however,*
that, in rendering such advice or in otherwise communicating with his or her client, the
attorney shall not reveal or disclose the specific content of Protected Material if such
disclosure is not otherwise permitted under this Order.

15.  LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an
order issued in other litigation, or receives some other form of legal process from any
court, federal or state regulatory or administrative body or agency, legislative body or
other person or entity, that seeks disclosure of any information or items designated in the
Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to
the extent permitted by law, the Designating Party, in writing (by fax or electronic mail,
if possible), and describe in sufficient detail the applicable excerpts of the discovery
request, subpoena, order, or other form of legal process as soon as reasonably practicable
and in any event no later than ten (10) calendar days after receipt unless production is
required earlier, in which case the notice must be made in time for the Designating Party
to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the
discovery request, subpoena, order, or other form of legal process to issue that some or all

of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue. The Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or

agency, legislative body or other person or entity, such Discovery Material shall continue

to be treated in the Action in accordance with any designation as Protected Material.

16.    NON-PARTIES

Any Party, in conducting discovery from Non-Parties in connection with

the Action, shall provide any Non-Party from which it seeks discovery with a copy of this

Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party

provides discovery to any Party in connection with the Action, the provisions of this

Order shall apply to such discovery as if such discovery were being provided by a Party.

Under such circumstances, the Non-Party shall have the same rights and obligations

under the Order as held by the Parties to the Action.

17.    NOTICES

All notices required by this Order must be provided in writing to Outside

Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the

notice requirements herein may be waived in whole or in part, but only in writing signed

by an attorney for the Designating Party.

18.    AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order

in writing for good cause shown.

19.    DISCLOSURE OF NON-PARTY BORROWER INFORMATION

To the extent any federal or state law or other legal authority governing

the disclosure or use of Non-Party Borrower Information ("Non-Party Borrower

Information Law") permits disclosure of such information pursuant to an order of a court,

this Order shall constitute compliance with such requirement. To the extent any Non-

Party Borrower Information Law requires a Producing Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Producing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action. To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, Producing Parties are explicitly prohibited from providing such notice in the Action; *provided, however,* that this Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

20.   **MISCELLANEOUS**

20.1   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to

object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

20.2    <u>Governing Law</u>: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

EXHIBIT A

Agreement to Be Bound by Protective Order

I have been informed that on _____, 2013, the U.S. District Court for the Southern District of New York entered a protective order in *CMLTI 2007-AMC3, by U.S. Bank, N.A. v. Citigroup Global Markets Realty Corp.* I have read the protective order. I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protected order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

SO STIPULATED AND AGREED.

Dated September 26, 2013

MCKOOL SMITH, P.C.                    PAUL, WEISS, RIFKIND, WHARTON &
                                      GARRISON LLP

By: _____          By: _____

Gayle R. Klein                        Brad S. Karp
Robert W. Scheef                      Bruce Birenboim
Courtney B. Statfeld                  Susanna M. Buergel
One Bryant Park, 47th Floor           Kevin P. O'Keefe
New York, NY 10036                    1285 Avenue of the Americas
(212) 402-9400                        New York, NY 10019
gklein@mckoolsmith.com                (212) 373-3000
rscheef@mckoolsmith.com               bkarp@paulweiss.com
cstatfeld@mckoolsmith.com             bbirenboim@paulweiss.com
                                      sbuergel@paulweiss.com
                                      kokeefe@paulweiss.com

*Attorneys for Plaintiff U.S. Bank National
Association*                          *Attorneys for Defendant Citigroup Global
                                      Markets Realty Corp.*

SO ORDERED

*George B. Daniels*
George B. Daniels, U

Dated:   OCT 01 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, solely in its capacity as Trustee for CITIGROUP MORTGAGE LOAN TRUST 2007-AR7,<br><br>                              Plaintiff,<br><br>              v.<br><br>CITIGROUP GLOBAL MARKETS REALTY CORP. and CITIMORTGAGE, INC.,<br><br>                              Defendants. | No. 13 Civ. 6989 (GBD)<br><br>ECF Case<br><br>NOTICE OF SUBPOENA DUCES TECUM |

**NOTICE OF SUBPOENA *DUCES TECUM* TO STEVEN D. SASS,
AS PLAN TRUSTEE FOR THE TRUST ESTABLISHED PURSUANT
TO THE ORDER CONFIRMING THE AMENDED CHAPTER 11 PLAN OF
LIQUIDATION OF AMERICAN HOME MORTGAGE HOLDINGS, INC., ET. AL.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff U.S. Bank National Association, solely in its capacity as Trustee for Citigroup Mortgage Loan Trust 2007-AR7, by its undersigned counsel, will cause the attached subpoena to be issued and served upon Young Conaway Stargatt & Taylor, LLP, as counsel for Steven D. Sass, in his capacity as the Plan Trustee for the trust established pursuant to the order confirming the Amended Chapter 11 Plan of Liquidation of American Home Mortgage Holdings, Inc., et. al., dated as of February 18, 2009, in connection with lead case no. 07-11047 (Bankr. D. Del.) [ECF No. 7042], commanding the production for inspection and copying of all documents and things specified in the subpoena that are in the Plan Trustee's possession, custody, or control.

DATED: December 9, 2014

MCKOOL SMITH, P.C.

By_____ /s/ *Courtney B. Statfeld*

Gayle R. Klein (gklein@mckoolsmith.com)
Robert W. Scheef (rscheef@mckoolsmith.com)
Courtney B. Statfeld (cstatfeld@mckoolsmith.com)

One Bryant Park 47th Floor
New York, NY 10036

*Attorneys for Plaintiff U.S. Bank National*
*Association, solely in its capacity as Trustee for*
*Citigroup Mortgage Loan Trust 2007-AR7*

## Certificate of Service

On December 9, 2014, the foregoing document was served via email and U.S. Mail upon counsel of record for Citigroup Global Markets Realty Corp. and CitiMortgage, Inc.:

Susanna M. Buergel
Kevin P. O'Keefe
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
sbuergel@paulweiss.com
kokeefe@paulweiss.com

McKool Smith, P.C.

By _____ /s/ *Courtney B. Statfeld* _____

Gayle R. Klein (gklein@mckoolsmith.com)
Robert W. Scheef (rscheef@mckoolsmith.com)
Courtney B. Statfeld (cstatfeld@mckoolsmith.com)

One Bryant Park 47th Floor
New York, NY 10036

*Attorneys for Plaintiff U.S. Bank National
Association, solely in its capacity as Trustee for
Citigroup Mortgage Loan Trust 2007-AR7*

## SCHEDULE A
### DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA DUCES TECUM TO STEVEN D. SASS, AS PLAN TRUSTEE FOR THE TRUST ESTABLISHED PURSUANT TO THE ORDER CONFIRMING THE AMENDED CHAPTER 11 PLAN OF LIQUIDATION OF AMERICAN HOME MORTGAGE HOLDINGS, INC., ET. AL.

### DEFINITIONS

As used herein, the following terms shall have the meaning indicated below:

1.      "American Home" as used herein shall refer to American Home Mortgage Corp. and each of its current or former officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, advisors, accountants, subsidiaries (foreign or domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, departments and operating units, attorneys, and all persons and entities acting or purporting to act on its behalf.

2.      "Citigroup" as used herein shall refer to Citigroup Global Markets Realty Corp. and CitiMortgage, Inc., and any of their current or former officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, advisors, accountants, subsidiaries (foreign or domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, departments and operating units, attorneys, any business entity controlled by or operated on behalf of Citigroup, and all persons and entities acting or purporting to act on its behalf.

3.      "Communications" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4.      "Concerning," "referring to," and "relating to" are to be construed broadly to mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing,

1

showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or otherwise arising therefrom.

5. "Document(s)" is to be construed to the fullest extent permissible under law and shall mean, and is defined to be synonymous in meaning and equal in scope to the usage of the term, "documents or electronically stored information" as used in Fed. R. Civ. P. 34(a)(1)(A) and includes, the original and all copies and translations of any Communication or other such information in any written, recorded, electronic, or graphic form, such as memoranda, notes, inter-office and intra-office Communications, telegrams, letters, e-mail, computer models, spreadsheets, data, reports, accounts, records, calendars, diaries, minutes, contracts or other legal documents, insurance policies, telephonic or personal Communications, tape recordings, microfilm, film, stenographic notes, bulletins, notices, computer data, and other data or information sources in any written, printed, or recorded manner of any character in Your possession, custody, or control.  A draft or non-identical copy is a separate document within the meaning of this term.  Documents shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic storage device).

6. "Including," "include," and "includes" are used in the broadest sense and are not meant to be limiting.  Any list following any of these terms contains illustrative examples of the types of Documents responsive to the request.  The list is without limitation and does not constitute an exclusive, all-encompassing, or otherwise exhaustive listing of every type of Document responsive to the request.

7. "Metadata" means the metadata and coding fields that can be extracted from a Document, to the extent already in existence and reasonably accessible, including, "Custodian,"

"From," "To," "CC," "BCC," "Subject," "Date Sent," "Time Sent," "Native Format," "File Ext.," "File Name," "Author," "Date Created," "Time Created," "Date Modified," "Time Modified," "Date Accessed," "Time Accessed," "Last Saved By," "Revision Number," "Printed Date," "Original File Path," "File Size," and "Md5Hash."

8.      "Mortgage Loan Purchase Agreement" or "MLPA" means the agreement dated May 30, 2007, among Citigroup Mortgage Loan Trust, Inc., as Purchaser, and Citigroup Global Markets Realty, Corp., as Seller.

9.      "Mortgage Loan(s)" means the mortgage loans transferred and assigned to the Trustee pursuant to the Pooling and Servicing Agreement and includes any mortgage loans added, released, charged off, liquidated, removed, purchased, or repurchased from the Trust after the closing date.

10.     "Mortgage Loan Schedule" means the mortgage loan schedule as defined in Section 1.01 of the Pooling and Servicing Agreement.

11.     "Pooling and Servicing Agreement" or "PSA" means the agreement dated as of May 1, 2007, among Citigroup Mortgage Loan Trust, Inc., as Depositor, CitiMortgage, Inc., as Master Servicer and Trust Administrator, and U.S. Bank National Association as Trustee.

12.     "Trust" means the Citigroup Mortgage Loan Trust Inc., Series 2007-AR7 together with the underlying Mortgage Loans, related assets, agreements, and certificates.

13.     "Underwriting Guidelines" means any guidelines used or otherwise considered in determining whether or not a borrower's loan should be approved, including guidelines created by American Home and/or provided by Citigroup.

14.     "You" and "Your" as used herein shall refer to Steven D. Sass, in his capacity as Plan Trustee for the trust established pursuant to the order confirming the Amended Chapter 11

Plan of Liquidation of American Home Mortgage Holdings, Inc., et. al., dated as of February 18, 2009, in connection with lead case no. 07-11047 (Bankr. D. Del.) [ECF No. 7042].

## INSTRUCTIONS

1.     You are requested and instructed to produce the Documents requested herein within thirty (30) days of service of this subpoena, at the mutually agreed upon location.

2.     Unless otherwise indicated, the Documents requested by this subpoena are for those Documents in Your possession, custody, or control.  Without limitation of the terms "possession," "custody," or "control" as used in the preceding sentence, a Document is in Your possession, custody, or control if You have actual possession, custody, or the right to obtain the Document or a copy thereof upon demand from one or more of American Home's employers, prospective employers, employees, representatives, relatives, friends, agents, independent contractors, consultants, attorneys, or any other person or public or private entity that has actual physical possession thereof.

3.     With respect to the Documents You produce, they shall be produced as they were kept in the usual course of business.

4.     The fact that a Document has been or may be produced by another person shall not relieve You of the obligation to produce the Document.  The fact that a Document has been or may be produced in a non-electronic format (*e.g.*, paper), shall not relieve You of the obligation to produce the Document in its electronic format, if the Document is maintained in electronic format in the usual course of business.

5.     Electronic records and computerized information must be produced in their native format with all Metadata preserved and intact.

4

6.      Selection of Documents from files and other sources and the numbering of such Documents, shall be performed in such a manner as to ensure that the source of each Document may be determined.

7.      File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

8.      Documents attached to each other shall not be separated.

9.      A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not, and shall not be deemed to be, identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy of any Document if there is no actual original or ribbon copy.

10.      The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender.

11.      The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as permissible the scope of any request for production.

12.      The words "any" and "all" shall be construed as meaning "any and all."

13.      If any Document is withheld under any claim of privilege, including, the attorney-client privilege and/or attorney work product immunity, You must describe the nature of the Documents, Communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim by identifying, for each Document: (a) its date; (b) the name of its author(s) or preparer(s); (c) the name of each person who was sent or furnished with the Document or a copy thereof; (d) the title or a description of the Document sufficient to identify it; (e) the claim

of privilege under which it is withheld; and (f) a description of the subject matter of the Document.

14.    The use of capital letters, lower case letters, or quotation marks in the requests shall not be construed to limit the scope of any specific request contained herein.

15.    If Your response to a particular request is a statement that You are unable to comply with a request in whole or in part, You must specify whether Your inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control.  In the case that the Document is no longer in Your possession, custody, or control, You must provide the name and address of any person or entity known or believed by You to have possession, custody, or control of that item or category of information.

16.    These requests shall be deemed continuing so as to require further and supplemental responses by You in the event that You obtain or discover additional information after the time of Your initial response.

17.    If no Documents exist that are responsive to a particular request, state so in writing.

18.    If You object to any request below on the grounds that the request is ambiguous, vague, overbroad, or unduly burdensome, produce Documents responsive to that request as understood or narrowed to the least extent necessary, in Your judgment, to render that request not overbroad or unduly burdensome, and state specifically Your understanding of that request and/or the extent to which You have narrowed that request for the purposes of Your response.

19.    Unless otherwise stated in a specific request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, or

otherwise created or distributed or relating to the period from January 1, 2005 through the present.

## REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents relating to the Trust and the underlying Mortgage Loans.

### REQUEST FOR PRODUCTION NO. 2:

All Underwriting Guidelines and other such policies, procedures, manuals, and/or instructions concerning those Underwriting Guidelines relating to the origination of each Mortgage Loan.

### REQUEST FOR PRODUCTION NO. 3:

All Documents relating to suspected or known misrepresentations or omissions by borrowers that were or might have existed in the Mortgage Loans that American Home originated.

### REQUEST FOR PRODUCTION NO. 4:

All Documents relating to compensation paid by Citigroup to American Home in connection with the Mortgage Loans, including whether Citigroup negotiated lower sale prices for certain Mortgage Loans.

### REQUEST FOR PRODUCTION NO. 5:

All Documents relating to early payment defaults on the Mortgage Loans.

### REQUEST FOR PRODUCTION NO. 6:

Documents sufficient to identify the names and positions of all employees who underwrote, originated, and/or sold Mortgage Loans to Citigroup.

### REQUEST FOR PRODUCTION NO. 7:

All Documents relating to the due diligence conducted by Citigroup or a third party vendor on the Mortgage Loans prior to the execution of the MLPA.

### REQUEST FOR PRODUCTION NO. 8:

All Documents relating to the external mortgage brokers that American Home used to originate the Mortgage Loans, including, lists of approved mortgage brokers, lists of mortgage brokers that should not be used, and watch lists or gradings of those mortgage brokers.

### REQUEST FOR PRODUCTION NO. 9:

All Documents relating to the basis for determining the compensation paid to mortgage brokers who worked on the Mortgage Loans, including Documents showing whether any bonus payments were made and the bases for such bonuses.

### REQUEST FOR PRODUCTION NO. 10:

All Documents relating to the servicing and/or performance of the Mortgage Loans, including but not limited to, any Documents concerning the expected, projected, forecasted, or actual delinquency, default, modification, foreclosure, and/or liquidation of any Mortgage Loan.

**REQUEST FOR PRODUCTION NO. 11:**

All title policies for each Mortgage Loan.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to any prepayment charges for any of the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 13:**

All financial information that American Home collected relating to the borrowers' ability to repay the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to inspections of the properties underlying the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the status of each property underlying each Mortgage Loan, including whether each such property was occupied and whether each such property was a primary or secondary residence at the time of the origination.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to any primary mortgage insurance policies issued on any of the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to put-back/repurchase requests or notices of breaches of the Mortgage Loan representations and warranties made in the MLPA, including American Home's policies or procedures applicable to processing and responding to put-back/repurchase requests or notices of breaches with respect to the Mortgage Loans.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify the persons and/or committees responsible for processing and/or responding to put-back/repurchase requests or notices of breaches of the Mortgage Loan representations and warranties.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show American Home's corporate structure, including any organizational charts.

**REQUEST FOR PRODUCTION NO. 20:**

Documents shared between American Home and Citigroup—including any Documents relating to and drafts of those Documents—that concern the Mortgage Loans, including, settlement agreements, credit agreements, and warehouse agreements that reference early payment defaults, drop-out rates, or breaches of the representations and warranties in the MLPA.