IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x   Chapter 11
In re:                                                              :
                                                                    :   Case No. 07-11047 (CSS)
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                              :   Jointly Administered
a Delaware corporation, et al.,[1]                                  :
                                                                    :   Re: Docket No. 11058
                                       Debtors.                     :
------------------------------------------------------------------- x

**OBJECTION OF OCWEN LOAN SERVICING, LLC AND OCWEN FINANCIAL CORP. TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS**

Ocwen Loan Servicing, LLC ("Ocwen Servicing") and Ocwen Financial Corp. ("Ocwen Financial" and collectively with Ocwen Servicing, "Ocwen"), by and through their counsel, Reed Smith LLP, hereby file this objection (the "Objection") to the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records [D.I. 11058] (the "Motion") filed by Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust") established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"). In support of the Response, Ocwen respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: AHM Holdings (6303); American Home Mortgage Investment Corp. ("AHM Investment"), a Maryland corporation (3914); American Home Mortgage Acceptance, Inc. ("AHM Acceptance"), a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.) ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp. ("AHM Corp."), a New York corporation (1558); American Home Mortgage Ventures LLC ("AHM Ventures"), a Delaware limited liability company (1407); Homegate Settlement Services, Inc. ("Homegate"), a New York corporation (7491); and Great Oak Abstract Corp. ("Great Oak"), a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

## I.　FACTUAL BACKGROUND

1.　On August 6, 2007 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

### A.　Plan Confirmation

2.　On February 23, 2009, the Court entered an order [D.I. 7042] confirming the Plan (the "Confirmation Order").

3.　The effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors (as set forth in the Plan).

4.　Pursuant to Paragraph 67 of Confirmation Order:

> [F]rom and after the Effective Date, the Plan Trustee shall preserve and maintain all documents files, records and electronic data (including, but not limited to, emails and email server back-up tapes) (collectively, the "Records") transferred by the Debtors to or otherwise acquired by the Plan Trust in accordance with the Plan and/or Plan Trust Agreement, provided, however, that the Plan Trustee may, in its sole discretion and without the prior approval of the Plan Oversight Committee or the Bankruptcy Court (i) abandon or destroy Records in accordance with, and to the extent permitted by the Orders previously entered by the Bankruptcy Court concerning the destruction of documents [D.I. 2724, 3010 and 4858] (the "Destruction Orders"), each of which Destruction Orders shall be preserved and shall continue in full effect against the Plan Trustee as successor to the Debtors, unless the Plan Trustee files a motion on notice to all interested Parties … and (ii) abandon or transfer Records in accordance with, and to the extent permitted by, prior Orders of the Bankruptcy Court concerning the preservation and/or transfer of Records with respect to certain third parties. *Except as permitted by the Destruction Orders, the Plan Trustee shall not destroy any Records absent further Order of the Bankruptcy Court after notice to all interest Parties … with an opportunity to be heard.*

Confirmation Order ¶ 67 (emphasis added).

### B.　The Destruction Orders

5.　As set forth in the Motion, the Court entered Destruction Orders dated January 14, 2008 [D.I. 2724] (the "First Disposition Order"), February 19, 2008 [D.I. 3010] (the "Second

- 2 -

Disposition Order"), June 25, 2008 [D.I. 4858] (the "Third Disposition Order") and on January 31, 2011 [D.I. 9727] (the "Fourth Disposition Order" and together with the First Disposition Order, the Second Disposition Order and the Third Disposition Order, the "Destruction Orders").

6. Pursuant to the Third Disposition Order, "nothing herein shall be deemed to be an authorization to destroy or otherwise dispose of documents relating to pending or threatened litigation against the Debtors or claims filed against the Debtors' estates[.]"

### C. The Asset Purchase Agreement

7. On the Petition Date, the Debtors filed an emergency motion [D.I. 11] (the "Sale Motion") to authorize the sale (the "Sale") of the assets used in their mortgage loan servicing business (the "Servicing Business").

8. On September 25, 2007, the Debtors filed an executed Asset Purchase Agreement [D.I. 931] (as subsequently amended, the "APA") by and among AH Mortgage Acquisition Co., Inc. (the "Purchaser").

9. Following a five-day evidentiary hearing, the Court entered an order [D.I. 1711] (the "Servicing Sale Order") approving the Sale Motion and the APA.

10. Pursuant to the APA, an initial (economic) closing occurred on November 16, 2007 ("Initial Closing") and a final (legal) closing occurred on April 11, 2008 ("Final Closing").

11. After the Final Closing, AH Mortgage Acquisition Co., Inc. changed its name to American Home Mortgage Servicing, Inc., which later changed its name to Homeward Residential Inc., which was purchased by Ocwen Financial pursuant to a Merger Agreement dated October 3, 2012.

12. Pursuant to Section 6.3(b) of the APA, "Sellers shall preserve for a period of six years after the final Closing Date … all books and records Related to the Business prior to the Final Closing Date." APA § 6.3(b).

### D. Triad Guaranty Insurance Corp.

13. On or about September 4, 2009, Triad Guaranty Insurance Corp. ("Triad") initiated an adversary proceeding against, *inter alia*, the Plan Trustee and various Debtors, which proceeding was styled *Triad Guaranty Insurance Corp. v. AHM SV, Inc. et al*, docketed as Adv. No. 09-52193-CSS (the "Triad Adversary Proceeding").

14. In the Triad Adversary Proceeding, Triad sought declaratory relief authorizing Triad to rescind certain mortgage insurance policies.

15. Upon information and belief, a litigation hold was initiated during the pendency of the Triad Adversary Proceeding (the "Triad Litigation Hold").

16. In addition, according to the Motion, "[a]t the hearing held on June 25, 2008, with respect to the Third Disposition Motion, the Debtors agreed they would not destroy the Non-Requested Loan Files insured by Triad Guaranty Insurance Corporation because such files were related to pending litigation." See Motion at n.3.

17. The Triad Adversary Proceeding was dismissed on August 27, 2012.

18. Thereafter, on or about December 11, 2012, the Illinois Department of Insurance placed Triad in rehabilitation (the "Rehabilitation Proceedings").

19. In connection with the Rehabilitation Proceedings, Ocwen continues to engage in business with Triad Guaranty Insurance Corporation, In Rehabilitation ("Triad In Rehabilitation"), including by virtue of submitting claims under mortgage insurance policies issued by Triad (the "Continued Business"). In addition, Ocwen is also engaged in negotiations

with Triad In Rehabilitation with respect to a potential resolution of claims with respect to Triad's rescission of the mortgage insurance policies for over 9,500 loans (the "Rescinded Policies") which, upon information and belief, were previously set forth in the Triad Adversary Proceeding.

20. The loan origination files, the servicing files and the files with respect to any mortgage insurance claims made on account of the loans which are involved in the Continued Business or the Rescinded Policies (the "Relevant Documents") are important to Ocwen's Continued Business and its investigation of and negotiations with respect to the Rescinded Policies.

21. At this juncture, Ocwen has been unable to determine whether it has copies of all of the Relevant Documents or whether any portion of the Relevant Documents were not transferred to Ocwen (or its predecessor-in-interest) through the Sale (the "Missing Relevant Documents").

**II.    OBJECTION**

22. By the Motion, the Plan Trustee seeks authority to destroy the Miscellaneous Business Records, the 2003/2004/2005 Loan Files and the Unreturned Loan Files (as defined in the Motion).

23. It is unclear from Motion whether the Plan Trustee has possession of – or seeks to destroy – the Missing Relevant Documents that pertain to the Continued Business or the Rescinded Policies.

24. It is Ocwen's belief, however, that certain Missing Relevant Documents which would be integral to Ocwen's Continued Business and/or its position with respect to the Rescinded Policies may remain in the Plan Trustee's possession. As set forth above, pursuant to

the APA, the Debtors (and later the Plan Trustee) were required to maintain books and records – which may include certain Missing Relevant Documents – for a period of six (6) years after the Final Closing, or until April 11, 2014 (the "APA Document Retention Cutoff").  In addition, many of the Missing Relevant Documents were likely subject to the Triad Litigation Hold, which continued until at least August 27, 2012 (the "Triad Litigation Hold Cutoff" and together with the APA Document Retention Cutoff, the "Retention Cutoffs").  Because each of the Destruction Orders predate the Retention Cutoffs, and the Confirmation Order provides that the Plan Trustee cannot destroy documents except upon order of the Court, any Missing Relevant Documents that were in the Plan Trustee's possession prior to the Sale and the initiation of the Triad Adversary Proceeding should still remain in the Plan Trustee's possession today.

25. Ocwen's review of the documents necessary for the Continued Business and negotiations with respect to the Rescinded Policies vis-à-vis the Relevant Documents in Ocwen's possession is ongoing.  Ocwen may seek to take a Rule 2004 examination to determine whether the Plan Trustee remains in possession of any of the Missing Relevant Documents and to obtain copies thereof.

26. The Motion seeks to destroy certain Miscellaneous Business Records, including "documentation relating to compliance and regulatory matters … litigation and complaints", as well as certain loan files (the 2003/2004/2005 Loan Files and the Unreturned Loan Files). Given the substantial danger that documents necessary for Ocwen's Continued Business and negotiations with respect to the Rescinded Policies will be destroyed as a result of the Motion, Ocwen respectfully requests that the Motion be denied with respect to the Miscellaneous Business Records consisting of "documentation relating to compliance and regulatory matters …

litigation and complaints" and with respect the 2003/2004/2005 Loan Files and the Unreturned Loan Files.

27. In the alternative, Ocwen requests that any order allowing the destruction of documents be delayed until the Plan Trustee has attended and produced documents in connection with a Rule 2004 examination.

28. To the extent that the Plan Trustee attempts to argue that Missing Relevant Documents should be destroyed because Ocwen's predecessor-in-interest was afforded an opportunity to take possession of documents which it believed to be pertinent in connection with the Sale, such argument should be disregarded. There is simply no way that Ocwen's predecessor-in-interest could have predicted at the time of the Sale in 2007-2008 that the Triad Rehabilitation Proceedings would be initiated, causing documents which may not have been relevant in 2007-2008 to become crucial in 2015.

WHEREFORE, for all of the foregoing reasons, Ocwen respectfully requests that this Court enter an Order denying the relief sought by in the Motion.

Dated: February 17, 2015  
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Kurt F. Gwynne  
Kurt F. Gwynne (No. 3951)  
1201 Market Street; Suite 1500  
Wilmington, DE 19801  
Telephone: (302) 778-7550  
Facsimile: (302) 778-7575  
Email: kgwynne@reedsmith.com

Counsel for Ocwen Loan Servicing, LLC and Ocwen Financial Corp.