UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :  Chapter 11
                                                           :
AMERICAN HOME MORTGAGE HOLDINGS,                           :  Case No. 07-11047 (CSS)
INC., a Delaware corporation, et al.,                      :
                                                           :
            Debtors.                                       :  Jointly Administered
                                                           :
                                                           :  Re: Docket No. 11058
                                                           :  Objection Deadline: February 13, 2015
                                                           :  Hearing Date: February 20, 2015 at 11:00am
                                                           :
---------------------------------------------------------- x

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TCRS TO THE MOTION OF THE PLAN TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS

The Tennessee Consolidated Retirement System ("TCRS") hereby files this limited objection and reservation of rights (the "Response") to the Motion of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for an Order Pursuant to 11 U.S.C. §§ 105, 363, and 554 Authorizing the Abandonment and Destruction of Documents and Records, dated January 30, 2015 [Docket No. 11058] (the "Motion"), and in support thereof respectfully submit as follows:

### RELEVANT BACKGROUND

1.    On December 14, 2007, the above-captioned Debtors (the "Debtors") filed their motion (the "First Disposition Motion") seeking entry of an order, pursuant to sections 105, 363 and 554 of the Bankruptcy Code, authorizing the Debtors to abandon and destroy those hard copy loan files that had been imaged ("Duplicate Hard Copy Loan Files") or, alternatively, to return such files to the owner of the related loans upon written request [Docket No. 2395].

2.  On January 14, 2008, the Court entered an order (the "First Disposition Order") authorizing the immediate abandonment and destruction of only those Duplicate Hard Copy Loan Files for loan applications that did not close (i.e., files related to withdrawn, canceled, or rejected loans) [Docket No. 2724].

3.  The Debtors supplemented the First Disposition Motion on February 5, 2008 [Docket No. 2888], seeking to establish a method by which hard copy loan files could be returned to the owners of the loans. On February 19, 2008, the Court entered an order granting the Debtors' motion subject to certain restrictions and limitations [Docket No. 3010] (the "Second Disposition Order").

4.  On June 5, 2008, the Debtors filed a motion [Docket No. 4387] (the "Third Disposition Motion") seeking authorization to destroy the hard copy loan files that were not subject to a Loan File Return Declaration, postpetition stipulation, or an order to return (the "Non-Requested Loan Files"). On June 25, 2008, the Court authorized the Debtors to destroy the Non-Requested Loan Files [Docket No. 4858] (the "Third Disposition Order"), except for documents relating to pending or threatened litigation against or relating to the Debtors or claims filed against the Debtors.

5.  On December 22, 2010, the Plan Trustee filed a motion seeking application of the Second and Third Disposition Orders to all hard copy loan files and not just those stored in the Debtors' storage facility in Melville, NY [Docket No. 9591] (the "Fourth Disposition Motion"). On January 31, 2011, the Court entered an order granting the Fourth Disposition Motion [Docket No. 9727] (the "Fourth Disposition Order"). The Fourth Disposition Order authorized the Plan Trustee to return all requested hard copy loan files in accordance with the return protocol set forth in the Second Disposition Order (the "Return Protocol") and to destroy any Non-Requested Loan

Files in accordance with the Third Disposition Order. The Fourth Disposition Order contained certain additional restrictions not set forth in the Second or Third Disposition Orders, including a requirement to maintain the mortgage loan files for mortgages originated after 2002.

6. Subsequent to the entry of the First, Second, Third, and Fourth Disposition Orders, TCRS filed an action in Tennessee state court, *Tenn. Consol. Ret. Sys. v. J.P. Morgan Secs., LLC, et al.*, No. 13-1729-II (Ch. Ct., Davidson Cnty., Tenn.) (the "TCRS Action"), against various underwriters of residential mortgage-backed securities sold to TCRS. The collateral underlying those securities were pools of mortgage loans acquired by the underwriter defendants from various mortgage originators, including the Debtors. Attached hereto as Exhibit A is a chart listing the securities at issue in the TCRS Action backed by mortgages originated by the Debtors.

7. Pursuant to the Motion, the Plan Trustee seeks to abandon and destroy or otherwise dispose of 7,400 boxes of documents containing documents that the Motion categorizes into three groups: (1) hard copy loan files for loans originated in 2003, 2004, and prior to September 2005 ("2003/2004/2005 Hard Copy Loan Files"); (2) hard copy loan files subject to the Return Protocol that, for various reasons, have not been returned to the owners of the loans ("Unreturned Loan Files"); (3) miscellaneous business records described in Exhibit C to the Debtors' Motion ("Miscellaneous Business Records"). The Plan Trustee is not currently authorized to destroy the 2003/2004/2005 Hard Copy Loan Files because those files have not been electronically imaged and relate to loans originated after 2002.

## LIMITED OBJECTION

8. The Plan Trustee is on notice of the TCRS Action and therefore must take reasonable steps to preserve relevant documents in its possession, custody or control. Accordingly, this Court should not authorize the Plan Trustee to destroy any of the 2003/2004/2005 Hard Copy Loan Files in the 7,400 boxes identified in the Motion until the parties can determine whether any

relate to the TCRS Action or the loans underlying the securities listed in Exhibit A. TCRS does not oppose the proposed abandonment and destruction of the Unreturned Loan Files or Miscellaneous Business Records.

9. Counsel for TCRS are currently working with counsel for the Plan Trustee in attempt to identify any 2003/2004/2005 Hard Copy Loan Files that are related to the TCRS Action. As of the date hereof, TCRS has not received confirmation that the 2003/2004/2005 Hard Copy Loan Files do not relate to the TCRS Action or the 2003, 2004, and pre-September 2005 loans underlying the securities identified in Exhibit A. Accordingly, TCRS requests that this Court temporarily refrain from granting the relief requested in the Motion with respect to the 2003/2004/2005 Hard Copy Loan Files for a reasonable period of time until the Plan Trustee can determine whether any of those files proposed for destruction relate to the TCRS Action.

## RESERVATION OF RIGHTS

10. Nothing asserted in this Response shall be construed as a waiver of any rights, privileges, or remedies available under applicable law. TCRS hereby reserves the right to amend, alter, revise or supplement this Response in light of any other information provided by the Plan Trustee. In addition, the filing of this Response is not exclusive of any other responses, objection, or loan file or information requests by TCRS, and is without prejudice to TCRS's rights to make any such other responses, objections, or requests.

Dated: February 13, 2015
      Austin, Texas

                    REID COLLINS & TSAI LLP

                    /s/ Craig A. Boneau
                    Craig A. Boneau
                    cboneau@rctlegal.com
                    P. Jason Collins
                    jcollins@rctlegal.com
                    Jeremy H. Wells
                    jwells@rctlegal.com
                    1301 S. Capital of Texas Hwy, Suite C300
                    Austin, Texas 78746
                    T:  (512) 647-6100
                    F:  (512) 647-6129

                    ***Attorneys for Tennessee Consolidated Retirement System***

## EXHIBIT A

| Certificates |
|---|
| Citigroup Mortgage Loan Trust 2006-AR7 |
| GSAA Home Equity Trust 2006-10* |
| MASTR Alternative Loan Trust 2003-9* |

*Confirmed as including 2003, 2004, and pre-September 2005 loans