# EXHIBIT B

## The Reply

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x

In re:                                                   :

                                                         :   Chapter 11

AMERICAN HOME MORTGAGE                                    :

HOLDINGS, INC., a Delaware corporation, <u>et</u>        :   Case No. 07-11047 (CSS)

<u>al.</u>,[1]                                            :

                                                         :   Jointly Administered

       Debtors.                                          :

                                                         :   **Ref. Docket No. 11058, 11061, 11062,**

---------------------------------------------------------------------- x   **11063, 11064, 11065, 11066, 11067, 11070**

**REPLY TO OBJECTIONS TO MOTION FOR AN ORDER PURSUANT TO 11
U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT
AND DESTRUCTION OF DOCUMENTS AND RECORDS**

Steven D. Sass, as liquidating trustee (the "<u>Plan Trustee</u>") for the trust (the

"<u>Plan Trust</u>") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors*

*Dated as of February 18, 2009* (the "<u>Plan</u>") in connection with the Chapter 11 cases of the

above-captioned debtors (collectively, the "<u>Debtors</u>"), hereby submits this reply (the

"<u>Reply</u>") to the various objections filed to the *Motion for an Order Pursuant to 11 U.S.C. §§ 105,*

*363 and 554 Authorizing the Abandonment and Destruction of Documents and Records* (the

"<u>Motion</u>")[2], and respectfully states as follows:

1.       Pursuant to the Motion, the Plan Trustee requested entry of an order pursuant

to sections 105, 363, and 554 of the Bankruptcy Code (i) authorizing the Plan Trustee to

immediately abandon and destroy or otherwise dispose of the Miscellaneous Business

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, PO Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Records and the 2003/2004/2005 Loan Files and (ii) authorizing the Plan Trustee to abandon and destroy or otherwise dispose of any Unreturned Loan Files for which the related Requesting Party has not provided the Plan Trustee with sufficient delivery instructions and/or Return Costs prior to the objection deadline.

2.     In response to the Motion, the Plan Trustee has received approximately twelve (12) objections to the Motion, as more fully summarized in Exhibit "A" hereto (the "Objections").  Despite having already provided many of the objectors (the "Objectors") with documents pursuant to subpoena requests and the open-ended and vague nature of many of the Objections, the Plan Trustee submits that the protocol set forth in the Revised Proposed Order attached hereto as Exhibit "B" provides the Objectors with ample opportunity to review the 2003/2004/2005 Loan Files, Unreturned Loan Files and certain specifically identified Miscellaneous Business Records prior to their destruction.

## REPLY

### A.     Unrequested Miscellaneous Business Records

3.     Pursuant to the Motion, the Plan Trustee requested authority to, among other things, immediately abandon and destroy or otherwise dispose of the Miscellaneous Business Records, consisting of approximately 23 subcategories of documents.  The only subcategories of documents whose destruction has been objected to (in addition to the Objections to the destruction of the 2003/2004/2005 Loan Files and Unreturned Loan Files) are "Employer Communications" and "Legal" (the "Requested Miscellaneous Business Records").  No Objections were specifically filed to the immediate destruction of the remaining 21 subcategories of Miscellaneous Business Records set forth on Exhibit "C" to the Motion (the "Unrequested Miscellaneous Business Records").

2

4.      Accordingly, there is no question that the Unrequested Miscellaneous Business Records, which are no longer needed for any business operations or the remaining wind-down of these chapter 11 cases, should be immediately destroyed upon entry of the Revised Proposed Order.

### B.      <u>Revised Proposed Order</u>

5.      The Plan Trustee is in the process of winding down these chapter 11 cases, which inevitably includes the destruction of documents.   Given the sheer number of documents being maintained by the Plan Trustee at this time, the document destruction process is not one that can be completed overnight nor implemented in the closing stages of these cases.   Thus, the Plan Trustee filed the Motion with the goal of destroying the 2003/2004/2005 Loan Files, Unreturned Loan Files and Miscellaneous Business Records as part of his wind-down of these cases.   Notably, the Plan Trustee is not seeking authority at this time to destroy (i) electronic records, including but not limited to, E-Loan Files, servers, back-up tapes, hard drives and other similar storage media, or (ii) the Collateral Documents and Trailing Documents.

6.      The documents relevant to the Motion are not needed by the Plan Trust and no party is arguing that the Plan Trust must retain the records for administration of these Chapter 11 Cases.   Instead the Objectors claim they need or may possibly need some of these documents in connection with third-party litigations.   None of the Objectors have proposed an alternative solution which also considers the Plan Trustee's need to wind-down and ultimately close these cases.   Accordingly, in an attempt to resolve the Objections in a practical way, the Plan Trustee proposes that the Court enter the Revised Proposed Order, which provides for the following:

- The immediate abandonment and destruction of the Unrequested Miscellaneous Business Records;

3

- Objectors will be given 90 days following entry of the Revised Proposed Order (the "<u>Review Period</u>") to review and copy, at their own expense, the 2003/2004/2005 Loan Files, Unreturned Loan Files and Requested Miscellaneous Business Records (collectively, the "<u>Requested Documents</u>") in the Plan Trustee's facility in Farmingdale, New York (the "<u>Farmingdale Facility</u>");

- In lieu of a subpoena and in light of the Objections filed, any Objector who wishes to review the Requested Documents must advise the Plan Trustee of its request no later than 15 days following entry of the Revised Proposed Order (a "<u>Review Request</u>");

- Any review or production of the Requested Documents will be subject to a protective order or the Objector shall be prohibited from disclosing any Requested Documents or information obtained therefrom to any third party and the Objectors will be required to affirm same in writing prior to gaining access to the Requested Documents in the Farmingdale Facility;

- Following the expiration of the Review Period, the Plan Trustee shall be authorized to immediately abandon and destroy or otherwise dispose of the Requested Documents without further notice or a hearing.

### C.    <u>Summary of Objections</u>

7.    The Objections should be overruled in light of the protocol set forth in the Revised Proposed Order.  Given that many of the document requests in the Objections are open-ended and vague or have already been satisfied by the Plan Trustee, the additional 90 day Review Period for Objectors to review and copy the Requested Documents is more than sufficient to resolve the Objections.  The Objections can be grouped into the three categories described below and more fully outlined in Exhibit A hereto:

(i)    *Requests Have Already Been Satisfied*

8.    Many of the Objectors have already requested specific documents or categories of documents from the Plan Trustee pursuant to third-party subpoenas, which requests have been satisfied.  Similarly, Objector Ocwen Loan Servicing, LLC and Ocwen Financial Corp. is in possession of copies of "Relevant Documents" which were transferred

4

to Ocwen when it purchased Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc., the purchaser of the Debtors' servicing business and any requirements to further preserve documents under the purchase agreement have long since expired.

9.    Despite this, these Objectors object to the destruction of the Requested Documents because they have neglected (despite having the documents for months, or even years) to complete their review of the Trust's production or because they claim there is a remote possibility that something unforeseen could develop in their third-party litigations which may require them to revisit their previous requests.    These Objections should be overruled since the Objectors have already received requested documents from the Trust and the Review Period proposed by the Trustee is a more than adequate proposed resolution to these Objections.

*(ii)    Requests Can Be Satisfied During the Review Period*

10.    Several Objections, including those filed by Donald & Shaun Rosene, U.S Bank National Association and Phoenix Light, relate to specific document requests which the Trustee, upon proper cooperation from the parties, will satisfy during the proposed 90-day Review Period.

*(iii)    Requests are Open-Ended and Vague*

11.    Finally, several Objections are too vague for the Plan Trustee to meaningfully respond to at this time.    While the Plan Trustee does not wish to prohibit these Objectors from reviewing the Requested Documents and copying any relevant documents, it is unreasonable for the Objectors to expect to the Plan Trustee to indefinitely maintain the Requested Documents.    The Plan Trustee believes the proposed Review Period is a reasonable compromise which enables the Objectors, at their own time and expense, to review the Requested Documents and make a determination as to whether or not the

5

documents are relevant to their litigations.  Without such a process, the Plan Trustee will be forced to indefinitely maintain thousands of boxes of documents, hindering the administration and wind-down of these cases.

## **CONCLUSION**

WHEREFORE, the Plan Trustee respectfully requests that this Court overrule the Objections and enter the Revised Proposed Order and granting the Plan Trustee any further relief that the Court deems just and proper.

Dated: February 19, 2015             YOUNG,   CONAWAY,   STARGATT   &   TAYLOR,
      Wilmington, Delaware         LLP

                                           */s/ Margaret Whiteman Greecher*
                                           Sean M. Beach (No. 4070)
                                           Margaret Whiteman Greecher (No. 4652)
                                           The Brandywine Building
                                           1000 West Street - 17th Floor
                                           P.O. Box 391
                                           Wilmington, Delaware  19899
                                           Telephone: (302) 571-6600
                                           Facsimile: (302) 571-1253

                                           -and-

                                           HAHN & HESSEN LLP
                                           Mark S. Indelicato
                                           Edward L. Schnitzer
                                           488 Madison Avenue
                                           New York, New York 10022
                                           Telephone: (212) 478-7200
                                           Facsimile: (212) 478-7400

                                           *Co-Counsel to the Plan Trustee*

6

# EXHIBIT A

SUMMARY OF OBJECTIONS AND RESPONSES

01:16710576.1

EXHIBIT A

**Summary of Objections to Motion for an Order Pursuant to 11 U.S.C. 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records**

| Objector(s) | Summary of Objection | Requested Preservation | Previous Subpoena Requests | Related Objection Response |
|---|---|---|---|---|
| Federal Home Loan Bank of San Francisco; Federal Home Loan Bank of Seattle; Federal Deposit Insurance Corporation | Objectors have brought various litigations asserting claims relating to their purchase of RMBS. In some cases, securities are backed in whole or in part by loans AHM purchased or originated during 2004 or first eight months of 2005. Objectors allege that the offering materials contained misstatements relating to the underwriting of the underlying loans.<br><br>Objectors have already obtained discovery and will likely not need anything further but can't foreclose possibility if they need to respond to a position taken by a defendant or a request of the court | **Hard Copy Loan Files for loans originated in 2004 and January - August 2005** | FDIC - None<br><br>FHLB of San Francisco – Subpoenas issued to Trust in December 2011 and December 2012. Approximately 7,672 loan files were requested pursuant to the subpoena, and the Trust produced at least 13,443 electronic files in or about September 2012 (many loan files have 2 or 3 electronic files associated with it) on a 500 GB hard drive. On 5/23/2013 counsel for FHLB of SF sent an email to Trustee's counsel stating that FHLB of SF was letting the time to file a motion to compel with respect to the subpoenas expire.<br><br>FHLB of Seattle – Subpoena issued to Trust in November 2012. Approximately 1,440 loan files requested, with approximately 27 of them being loans dated before September 2005. The Trust produced 1,601 files on December 2012 in response to the subpoena. The only loan originated prior to September 2005 that not able to be produced electronically was loan number 877684, which is not in the hard copy loan files list of unreturned loans. | Requests have been satisfied.<br><br>Counsel was provided with a list of the hard copy loan files. To the extent not previously satisfied, request can be satisfied during Review Period. |
| Federal Home Loan Bank of Boston (Joinder in above Objection) | Objector has brought various litigations asserting claims relating to their purchase of RMBS. In some cases, securities are backed in whole or in part by loans AHM purchased or originated during 2004 or first eight months of 2005. Objector alleges that the offering materials contained misstatements relating to the underwriting of the underlying loans.<br><br>Objector has already obtained discovery, but can't foreclose possibility that they will need to seek additionally discovery of loan files. | **Hard Copy Loan Files for loans originated in 2004 and January - August 2005** | Subpoena issued to Trust on January 27, 2014. The Trust produced documents for 601 out of 835 requested loan numbers (150 of the remaining 234 loans were not in conformance with the Plan Trust's numbering system). FHLB of Boston informed the Trust that there were production issues regarding 182 of the loan files produced as a result of an overheating issue with respect to the Debtors' servers. | Requests have been satisfied.<br><br>To the extent not previously satisfied, request can be satisfied during Review Period. |
| Donald & Shaun Rosene | Rosenes brought a litigation pending in the US Eastern District Court in California which alleges fraud against the AHM Corp. relating to (among other things) the origination of their loan. | **Hard Copy Loan Files related to the Rosene loan** | None | Counsel to the Rosenes has indicated that the Rosenes only want copies of their loan files. Upon providing the Plan Trustee with a letter representing same, the Plan Trustee will provide the Rosenes with copies of their loan file(s). |
| Texas County and District of Retirement System | TCDRS filed an action in Texas state court against various underwriters of RMBS sold to TCDRS; the collateral underlying those securities were pools of mortgage loans acquired by the underwriter defendants from various mortgage originators, including the Debtors.<br><br>The securities at issue in the TCDRS action include AHM Assets Trust 2006-6; AHM Investment Trust 2005-4; AHM Assets Trust 2006-1; AHM Assets Trust 2006-2; Bayview Financial Mortgage Pass Through Trust 2007-A | **2003/2004/2005 Hard Copy Loan Files** | None | Request is open-ended and vague.<br><br>Counsel was provided with a list of the hard copy loan files. Request can be satisfied during Review Period. |

EXHIBIT A

**Summary of Objections to Motion for an Order Pursuant to 11 U.S.C. 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records**

| Tennessee Consolidated Retirement System | TCRS filed an action in Tenn. state court against various underwriters of RMBS sold to TCRS; the collateral underlying those securities were pools of mortgage loans acquired by the underwriter defendants from various mortgage originators, including the Debtors.<br><br>The securities at issue in the TCRS action include Citigroup Mortgage Loan Trust 2006-AR7; GSAA Home Equity Trust 2006-10; MASTR Alternative Loan Trust 2003-9 | **2003/2004/2005 Hard Copy Loan Files** | None | Request is open-ended and vague |
|---|---|---|---|---|
| Commonwealth of Virginia | Virginia intervened in a Virginia state court action against various underwriters of RMBS sold to the Virginia Retirement System; the collateral underlying those securities were pools of mortgage loans acquired by the underwriter defendants from various mortgage originators, including the Debtors.<br><br>The securities at issue in the Virginia action include AHM Assets Trust 2006-6; AHM Assets Trust 2006-5; AHM Assets Trust 2006-4; AHM Assets Trust 2006-2; Citigroup Mortgage loan Trust 2006-AR3; Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB4; Harbor View Mortgage Loan Trust 2006-14; MASTR Adjustable Rate Mortgages Trust 2007-3. | **2003/2004/2005 Hard Copy Loan Files** | None | Request is open-ended and vague.<br><br>Counsel was provided with a list of the hard copy loan files. Request can be satisfied during Review Period. |
| Phoenix Light | Phoenix light invested in RMBS and has brought five separation actions against trustees for failure to perform certain duties relating to the administration of RMBS trusts, including ensuring that all collateral documents for the loan files were delivered to the trustee and forcing responsible parties to repurchase any loans that breached reps and warranties. AHM Corp. originated loans underlying certain of Phoenix Light's RMBS purchases. Additionally, Deutche Bank and Wells Fargo (defendant's in the Phoenix litigation) have requested unreturned loan files that may relate to the lawsuits.<br><br>Securities at issue are DBALT 2006-AB4 Trust; Am 2006-1 Trust; JPALT 2007-A2 Trust; MSM 2006 16-AX Trust; MSM 2006-6AR Trust | **Any files or records relating to mortgage loans underlying the RMBS identified** | Received a subpoena after filing of this Motion requesting 2,993 loan files. The Trust intends to comply with the subpoena and has commenced searching its system to produce the requested loan files. | Counsel was provided with a list of the hard copy loan files and unreturned loan files. The Trust is also searching is files and will produce any documents it has which are responsive to Phoenix's subpoena request. The Trust anticipates that it will be able to comply with the subpoena within the proposed Review Period set forth in the Revised Proposed Order. |

EXHIBIT A

**Summary of Objections to Motion for an Order Pursuant to 11 U.S.C. 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records**

| | | | |
|---|---|---|---|
| Western and Southern Life Insurance Company | Western & Southern invested in RMBS, and has brought a litigation against JPM and WaMU defendants asserting claims involving mortgage loans and mortgage loan files underlying several RMBS (including claims that relate to AHM Corp. loans).<br><br>The securities at issue appear to be WMALT 2005-7 Trust (211 hard copy loan files); J.P. Morgan Alternative Loan Trust, Series 2005-Sl; J.P. Morgan Mortgage Trust, Series 2005-S3; J.P. Morgan Acquisition Trust, Series 2006-WFl; J.P. Morgan Acquisition Trust, Series 2007-CHl; Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2005-9 Trust; Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-4 Trust; Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-5 Trust; Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 Trust; and Washington Mutual Mortgage Pass-Through Certificates, WMALT Series2007-0A3 Trust.<br><br>Additionally, the JPM Litigation Defendants and JPM Securities have requested 100 unreturned loan files which may relate to loans underlying litigation | **Any files or records relating to mortgage loans underlying the RMBS identified in the Objection (no exhibit included)** | The Trust received subpoenas in February and April of 2013. The Trust produced 231 of 243 requested loan files in March and July 2013. The remaining 12 files were not located electronically and are not in the hard copy loan files list of unreturned loans. | Requests have been satisfied.<br><br>Counsel was provided with a list of the hard copy loan files and the JPM unreturned loan files. To the extent not previously satisfied, request can be satisfied during Review Period. |
| National Credit Union Administration Board | NCUA placed a number of credit unions in conservatorship and then liquidation. NCUA brought suit against underwriters and depositors of RMBS purchased by the credit unions (alleging misreps in the offering documents and misleading omissions). Some of these claims have been dismissed and are on appeal. NCUA has not yet conducted discovery with respect to the dismissed claims, and these litigations relate to at least one RMBS (MASTR Adjustable Rate Mortgages Trust 2007-1) that contain many loans originated by AHM (78%). With respect to litigations where NCUA has served subpoenas, and AHM has responded, they allude to concerns regarding overheating issue and corruption. They are also reviewing our underwriting guidelines, but may need additional discovery regarding Miscellaneous Business Records, including employee communications.<br><br>NCUA has also brought suits against the securitization trustees for failure to perform certain duties. These litigations are in early stages and discovery has not yet been conducted. | **2003/2004/2005 Hard Copy Loan Files**<br><br>**Unreturned Loan Files**<br><br>**"Employer Communications"** | The Trust received at least 3 separate subpoenas between October 2013 and June 2014. The Trust produced 653 loans in response to 5 separate requests for loan files. The bulk of the loan files were produced in January and March 2014 with three loan files being produced in September. 2014. All requested loans were produced. The Trust also produced underwriting guidelines in April/May 2014. | Requests have been satisfied.<br><br>To the extent not previously satisfied, request can be satisfied during Review Period. |
| U.S. Bank National Association, solely in its capacity as trustee for the residential mortgage-backed securitization trust Citigroup Mortgage Loan Trust 2007-AR7 | The securitization trustee filed a complaint against the Citi defendants alleging breaches of contract related to a pool of mortgages, 974 of which were originated by AHM. The loans were originated between 2005 and 2007.<br><br>As part of the litigation, the trustee issued a subpoena on December 9, 2014 which seeks all "Loan Files" for the mortgage loans, all communications relating to repurchase requests for the mortgage loans, all documents related to due diligence on the mortgage loans, and all documents related to compensation paid to the Debtors related to the mortgage loans. | **Hard Copy Loan Files for 2005**<br><br>**Miscellaneous Business Records (until it can be determined that they are non-responsive to the Subpoena)** | Subpoena issued to the Trust in December 2014. Counsel to the Trust spoke with counsel to U.S. Bank and explained the categories of documents available to be produced and costs associated with same. | The Trust has provided counsel with a list of the hard copy loan files and will continue to review its files and work with counsel to U.S. Bank in order to respond to its outstanding subpoena request. The Trust anticipates that it can comply with the subpoena within the Review Period. |

EXHIBIT A

**Summary of Objections to Motion for an Order Pursuant to 11 U.S.C. 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records**

| | | | |
|---|---|---|---|
| Ocwen Loan Servicing, LLC and Ocwen Financial Corp. | Ocwen continues to engage in business with Triad Guaranty Insurance Corporation, In Rehabilitation ("Triad in Rehabilitation"), including the submission of claims under mortgage insurance policies issued by Triad (the "Continued Business"). Ocwen is also engaged in negotiations with Triad in Rehabilitation with respect to a potential resolution of claims with respect to Triad's rescission of the mortgage insurance policies for over 9,500 loans (the "Rescinded Policies") which were subject of the Triad adversary proceeding.<br>Triad asserts that the loan origination files, the servicing files and the files with respect to any mortgage insurance claim made on account of the loans which are involved in the Continued Business or the Rescinded Polices are important to Ocwen's ongoing operations and its investigation of the Rescinded Policies. However, Ocwen has been unable to determine whether it has copies of all the relevant documents it needs or whether any position of such relevant documents were not transferred to Ocwen through the sale of the Debtors' servicing business. | **2003/2004/2005 Hard Copy Loan Files**<br><br>**Unreturned Loan Files**<br><br>**"Legal" Files** | Although not subject to a subpoena, the Debtors provided all information required under the servicing sale order to the purchaser of the Debtors' servicing business (Ocwen's predecessor), and maintained the remaining documents for the required six-years under the sale documents. In addition, throughout April, May and June of 2010, approximately 8 employees of the purchaser came to the Debtors' headquarters and reviewed the hard copy loans files and shipped any loan files that they deemed to be relevant to the continued operation of the servicing business. Subsequent to their independent review, the purchaser provided an additional request list, which was included in the Debtors' file sort database used in connection with the Loan File Return Protocol. | Requests have been satisfied.<br><br>Request is open-ended and vague.<br><br>To the extent not previously provided, request can be satisfied during Review Period. |
| Wells Fargo Bank/Wells Fargo Funding | Wells Fargo informally responded to the Motion, requesting delivery of their 6856 Unreturned Loan Files set forth on Exhibit D to the Motion. | | | The Trust has agreed to provide the the Wells Fargo Unreturned Loan Files upon receipt of the related Return Costs to be received no later than March 30, 2015. The parties have agreed upon language now included in the Revised Order. Accordingly, this matter is resolved. |
| Federal Home Loan Mortgage Corporation ("Freddie Mac") | Freddie Mac informally responded to the Motion, requesting delivery of its 118 Unreturned Loan Files set forth on Exhibit D to the Motion. | | | Freddie Mac provided an updated address, and the Plan Trust has shipped the Freddie Mac Unreturned Loan Files to the new location. Accordingly, this matter is resolved. |

**EXHIBIT B**

REVISED ORDER

8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | x |
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Ref. Docket No. 11058, 11061, 11062, 11063,** |
| ------------------------------------------------------------------ x | **11064, 11065, 11066, 11067, 11070** |

### ORDER GRANTING THE MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS

Upon consideration of the Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records (the "Motion")[2]; and upon the Declaration of Steven D. Sass in Support of the Motion; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and finding good and sufficient cause to grant the Motion as set forth herein; and good and adequate notice of the Motion having been given; it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that any objections to the Motion, including those relating to the abandonment and destruction of the Miscellaneous Business Records, 2003/2004/2005 Loan

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, PO Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or the Reply.

01:16710758.2

1

Files and the Unreturned Loan Files, are hereby overruled and the Objectors are subject to the terms and conditions set forth in this Order; and it is further

**ORDERED**, that the Plan Trustee is authorized to immediately abandon and destroy or otherwise dispose of the Unrequested Miscellaneous Business Records; and it is further

**ORDERED**, that with respect to the Unreturned Loan Files previously requested by Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. (the "Wells Fargo Documents"), Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. shall have until March 30, 2015 to make payment of the Return Costs to the Plan Trustee and provide a delivery address to the Plan Trustee for the delivery of the Wells Fargo Documents; in the event Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. fail to comply, the Plan Trustee shall be authorized to abandon and destroy the Wells Fargo Documents without further notice or order of the Court; and it is further

**ORDERED**, that the Objectors will be given 90 days following the entry of this Order (the "Review Period") to review and copy, at their own expense and during regular business hours, the 2003/2004/2005 Loan Files, Unreturned Loan Files and Requested Miscellaneous Business Records (collectively, the "Requested Documents") in the Plan Trustee's facility in Farmingdale, New York (the "Farmingdale Facility"); and it is further

**ORDERED**, that any Objector who wishes to review the Requested Documents must advise the Plan Trustee of its request no later than 15 days following entry of this Order (a "Review Request"); and it is further

**ORDERED**, that a Review Request shall constitute a lawfully issued subpoena from the Objector; and it is further

**ORDERED**, that since the Requested Documents contain Nonparty Borrower Information[3], this Court finds:

To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order and the volume of documents to be produced, there is good cause to excuse such requirement, and the Court hereby orders that the Party or nonparty is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order and the volume of documents to be produced, that the Parties and nonparties are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit any Party or nonparty from contacting any person or entity for any other purpose;

and it is further

**ORDERED**, that any review or production of the Requested Documents will be subject to a protective order or the Objector shall be prohibited from disclosing any Requested Documents or information obtained therefrom to any third party and the Objectors will be required to affirm same in writing prior to gaining access to the Requested Documents in the Farmingdale Facility; and it is further

---

[3] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligibility for credit) together with personally identifiable information with respect to such person (including, but not limited to name, address, social security number, loan numbers, telephone number, or place or position of work)); and (x) other sensitive personally identifiable information.

01:16710758.2

**ORDERED**, that following the expiration of the Review Period, the Plan Trustee shall be authorized to immediately abandon and destroy or otherwise dispose of the Requested Documents without further notice or a hearing; and it is further

**ORDERED,** that the Plan Trustee is authorized to destroy documents pursuant to this Order in a manner consistent with the standard set forth in 16 C.F.R. § 682.3 and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

**ORDERED** that the Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation of this Order.

Dated: February __, 2015

_____
HON. CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:16710758.2

4