IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
AMERICAN HOME MORTGAGE                                           :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et al.,[1]               :
                                                                 :   Jointly Administered
         Debtors.                                                :
                                                                 :   **Ref. Docket No. 11058, 11061, 11062, 11063,**
                                                                 :   **11064, 11065, 11066, 11067, 11070**
---------------------------------------------------------------- x

### ORDER GRANTING THE MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS

Upon consideration of the Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records (the "Motion")[2]; and upon the Declaration of Steven D. Sass in Support of the Motion; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and finding good and sufficient cause to grant the Motion as set forth herein; and good and adequate notice of the Motion having been given; it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that any objections to the Motion, including those relating to the abandonment and destruction of the Miscellaneous Business Records, 2003/2004/2005 Loan

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, PO Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or the Reply.

US_ACTIVE-                                    1

Files and the Unreturned Loan Files,[3] are hereby overruled and the Objectors are subject to the terms and conditions set forth in this Order; and it is further

**ORDERED**, that the Plan Trustee is authorized to immediately abandon and destroy or otherwise dispose of the Unrequested Miscellaneous Business Records; and it is further

**ORDERED**, that with respect to the Unreturned Loan Files previously requested by Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. (the "Wells Fargo Documents"), Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. shall have until March 30, 2015 to make payment of the Return Costs to the Plan Trustee and provide a delivery address to the Plan Trustee for the delivery of the Wells Fargo Documents; in the event Wells Fargo Bank, N.A. and Wells Fargo Funding, Inc. fail to comply, the Plan Trustee shall be authorized to abandon and destroy the Wells Fargo Documents without further notice or order of the Court; and it is further

**ORDERED**, that the Objectors will be given 90 days following the entry of this Order (or such longer period to which the Plan Trustee may agree, the "Review Period") to review and copy, at their own expense and during regular business hours, the 2003/2004/2005 Loan Files, Unreturned Loan Files, and Requested Miscellaneous Business Records (collectively, the "Requested Documents") in the Plan Trustee's facility in Farmingdale, New York (the "Farmingdale Facility"); and it is further

ORDERED, that in the event an Objector has reviewed and copied a portion of the Requested Documents, but has been unable with reasonable diligence to complete the process within the Review Period, such Objector may, no later than five (5) days after the expiration of the Review Period, petition the Court, upon good cause shown, for an extension of the Review Period for the Objector to complete the process; and it is further

---

[3] The listing of the Unreturned Loan Files by Requesting Party is attached hereto as Exhibit A.

**ORDERED**, that any Objector who wishes to review the Requested Documents must advise the Plan Trustee of its request no later than 15 days following entry of this Order (a "Review Request"); and it is further

**ORDERED**, that a Review Request shall constitute a lawfully issued subpoena from the Objector; and it is further

**ORDERED**, that since the Requested Documents contain Nonparty Borrower Information[4], this Court finds:

> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Order and the volume of documents to be produced, there is good cause to excuse such requirement, and the Court hereby orders that the Party or nonparty is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order and the volume of documents to be produced, that the Parties and nonparties are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit any Party or nonparty from contacting any person or entity for any other purpose;

and it is further

**ORDERED**, that any review or production of the Requested Documents will either be (i) subject to an existing protective order, or (ii) the Objector shall be prohibited from disclosing any

---

[4] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligibility for credit) together with personally identifiable information with respect to such person (including, but not limited to name, address, social security number, loan numbers, telephone number, or place or position of work)); and (x) other sensitive personally identifiable information.

Requested Documents or information obtained therefrom to any third party without the Objector first seeking a protective order. The Plan Trustee shall have no liability for any Objector's disclosure of the Requested Documents or information obtained therefrom in accordance with any order issued by a court of competent jurisdiction; ; and it is further

**ORDERED**, that following the expiration of the Review Period, the Plan Trustee shall be authorized to immediately abandon and destroy or otherwise dispose of the Requested Documents without further notice or a hearing; and it is further

**ORDERED,** that the Plan Trustee is authorized to destroy documents pursuant to this Order in a manner consistent with the standard set forth in 16 C.F.R. § 682.3 and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

**ORDERED** that the Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation of this Order.

Dated: February 20, 2015

HON. CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE