**EXHIBIT 2**

**DECLARATION OF JACK A. RAISNER**

01:16872242.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              : Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                     : Jointly Administered
a Delaware corporation, et al.,[1]                  :
                                                    : Response Deadline: _____, 2015 by 4:00 p.m. (ET)
                                                    : Hearing Date: May 1, 2015 at 2:00 p.m. (ET)
                          Debtors.                  :
---------------------------------------------------------------- x

**DECLARATION OF JACK A. RAISNER IN SUPPORT OF JOINT MOTION FOR ENTRY OF ORDER (I) APPROVING A SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019, (II) CERTIFYING A CLASS AND COLLECTIVE OF CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, APPOINTING CLASS/COLLECTIVE COUNSEL AND CLASS/COLLECTIVE REPRESENTATIVES, AND PRELIMINARILY APPROVING THE SETTLEMENT PURSUANT TO FED. R. BANKR. P. 7023, (III) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS/COLLECTIVE MEMBERS OF THE CLASS/COLLECTIVE CERTIFICATION AND SETTLEMENT, (IV) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, (V) FINALLY APPROVING THE SETTLEMENT PURSUANT TO FED. R. BANKR. P. 7023 AND 29 U.S.C. 216(b) AFTER THE FAIRNESS HEARING, AND (VI) GRANTING RELATED RELIEF**

I, JACK A. RAISNER, declare as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, and a member of its Class Action Practice Group and co-chair of its WARN Act Practice Group.

2. I am providing this declaration of counsel in support of the parties' above-mentioned joint motion.

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

703200/006-3974718.1

3. Along with lawyers from Nichols Kaster, PLLP ("Nichols Kaster") (together with O&G, "Plaintiffs' Counsel"), I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the proposed class of former loan officers against Debtors American Home Mortgage Investment Corp. ("AHM Investment") and American Home Mortgage Corp. ("AHM Corp.").

4. Proposed Class Counsel O&G is a 25+ attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including class-wide violations of wage and hour and WARN Act laws in federal district and bankruptcy courts around the country. These include the WARN Act class action in this Case: *Koch, et al. v American Home Mortgage Holdings, Inc.* Adv. Pro. No. 07-51688 (CSS).

5. Proposed Co-Class Counsel Nichols Kaster is a 30+ attorney firm with extensive experience in class action and wage and hour litigation. Nichols Kaster has represented thousands of employees in such cases and currently is counsel of record in over 125 class or collective cases across the country. Many of these cases are wage-and-hour cases, including loan officer overtime matters such as *Pontius v. Delta Financial Corp. and Delta Funding Corp.*, No. 08 Civ. 50606, in this Court.

6. With such experience, Co-Counsel and my firm were able to fully evaluate the claims asserted by Plaintiffs, defendant's defenses thereto, and to evaluate the class-wide potential damages suffered by the class of Loan Officers. Class Counsel firmly believes the Settlement is otherwise fair and proper, supporting preliminary and final approval by this Court.

7. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

8. I received a Juris Doctor degree from Benjamin Cardozo of Law in 1983.

9. I was admitted to the bar of the State of New York in 1984. I am also admitted to the bars of the United States District Courts for the Eastern and Southern Districts of New York, the District of Colorado, and the Second, Third and Fifth Circuit Courts of Appeal. I am a member in good standing of each of these bars.

10. From September 1991 through the present I have practiced law, exclusively representing plaintiffs in employment litigation and related employment rights matters.

11. I have been lead or co-lead counsel in other mortgage Loan Officer overtime class and collective actions, including with Nichols Kaster, *Westerfield v. Washington Mut. Bank*, Nos. 06 Civ. 2817, 08 Civ. 287, 2009 WL 6490084 (E.D.N.Y. June 26, 2009) (settled for over $30 million). O&G is or has been counsel in several wage and hour cases that have been certified as class actions and/or collective actions, including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008). Others include *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409 (S.D.N.Y. Mar. 12, 2012) (certifying class and approving settlement of wage and hour class action brought under New York, California, and federal law); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214, 2011 WL 6402303 (S.D.N.Y. Sept. 13, 2011) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405 (S.D.N.Y. May 17, 2011)

(same); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (same); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729 (S.D.N.Y. May 11, 2010) (certifying class and approving settlement of multi-state wage and hour class action); and *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008) (granting class certification and appointing O&G class counsel in multi-state wage and hour class action).

12. I am a Professor of Law at St. John's University, Tobin School of Business. I am a member of the National Employment Lawyers Association (NELA) and have spoken regarding attorney ethics at its national conferences on wage and hour litigation, and am a member of the America Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, since 2006, I have delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions.

13. Courts have repeatedly found O&G and Nichols Kaster and to be adequate class counsel in wage and hour class actions[2] and in other employment law class actions.[3]

---

[2] *See e.g., Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *4 (S.D.N.Y. Nov. 15, 2012) (appointing O&G as class counsel and noting firm's "years of experience prosecuting and settling wage and hour class actions"); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio*, 2012 WL 1058409, at *2 (appointing O&G as class counsel and noting firm's extensive experience prosecuting and settling nationwide wage and hour class and collective actions); *Matheson*, 2011 WL 6402303, at *3 (appointing O&G as class counsel and finding that firm's attorneys "have substantial experience prosecuting and settling . . . wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Johnson*, 2011 WL 1872405, at *2 (May 17, 2011) (appointing O&G as class counsel); *McMahon*, 2010 WL 2399328, at *6 (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Clark*, 2009 WL 6615729, at *5 (appointing O&G as class counsel); *Damassia*, 250 F.R.D. at 158 (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area"); *Latham*

4

**Adequacy Of The Named Plaintiffs**

14. Plaintiffs Chris Beckham, Tana Blachly-White, Kimberly A. Blackburn, Marvin R. Bodden, Priscilla Cabanillas-McKee, Bart Castricone, Ryan Chartrand, Jethro Chavez, Kelvin Clarke, Sydney Cooper, Steven W. DeLizza, Phillip Fenton, Sherri Frost, Dewey C. Johnson, Kevin J. Mory, Patti Murphy, Virginia Nolte, Beverly Stout, Maxine A. Sweet and Harry H. Teaford, Jr., are adequate class representatives.

---

*v. Branch Banking & Trust Co.*, No. 12 Civ. 00007, 2014 WL 464236, at *2 (M.D.N.C. Jan. 14, 2014) ("However, the difficulty of the legal issues involved, the skill and experience of [Nichols Kaster] in FLSA cases . . . make an enhancement of the lodestar amount appropriate in this case"); *Alvarez v. Diversified Maintenance Sys., Inc.*, No. 11 Civ. 3106 (D. Minn. Feb. 14, 2013) ("Nichols Kaster] are qualified attorneys with extensive experience in class action and wage and hour litigation and are hereby appointed as Class Counsel."); *Fearn v. Blazin' Beier Ranch*, Inc., No. 11 Civ. 743 (D. Minn. Jan. 30, 2012) ("the combined experience of Plaintiffs' counsel as well as the fact that employment law, particularly the representation of employees, forms a large part of both the firm and counsel's practice persuades this Court that . . . Nichols Kaster, PLLP, . . . will more than adequately protect the interests of the Class Members"); *Hart v. Rick's Cabaret Int'l Inc.*, No. 09 Civ. 3043, 2010 WL 5297221, at *6 (S.D.N.Y. Dec. 20, 2010) (Nichols Kaster as "class counsel have demonstrated their interest in vigorously pursuing the claims of the class"); *Karl v. Uptown Drink*, LLC, No. 27 Civ. 10-1926 (Nov. 17, 2010, Minn. Dist. Ct.) (Nichols Kaster has "qualified, experienced attorneys that are fully capable of conducting [] class action litigation...they are highly qualified, knowledgeable attorneys that are willing to invest the resources necessary to fully prosecute this case."); *Burch v. Qwest Commc'ns Int'l, Inc.*, 677 F. Supp. 2d 1101, 1128 (D. Minn. 2009) ("Nichols Kaster, PLLP, is experienced and qualified to litigate this [wage and hour ] matter."); *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08 Civ. 5458, 2009 WL 2482134, at *3 (S.D.N.Y. Aug. 13, 2009) (Nichols Kaster "is a reputable plaintiff-side employment litigation boutique with a nationwide practice and special expertise prosecuting FLSA cases"); *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 574 (C.D. Cal. 2008) (Nichols Kaster "has extensive experience handling [wage and hour] class actions . . . has demonstrated knowledge of the applicable law, and has adequate resources to represent the proposed classes); *Westerfield*, 2009 WL 6490084, at * 3 ("Courts have repeatedly found Nichols Kaster and O&G to be adequate class counsel in employment law class actions").

[3] *See, e.g., Jaffe v. Morgan Stanley & Co.*, No. C 06-3903, 2008 WL 346417, at *8 (N.D. Cal. Feb. 7, 2008) (O&G has "extensive experience and expertise in prosecuting employment discrimination class action cases"); *Ernst v. DISH Network, LLC*, No. 12 Civ. 8794 (S.D.N.Y. July 23, 2013) ("Nichols Kaster has demonstrated it is able fairly and adequately to represent the interests of the putative [FCRA] class").

15. Class Representative Chris Beckham is an individual residing in Columbia, South Carolina. Beckham was employed by AHM as a loan officer in Lexington, South Carolina from March 30, 2007 to July 13, 2007.

16. Class Representative Tana Blachly-White is an individual residing in Tacoma, Washington. Blachly-White was employed by AHM as a loan officer in Yakima, Washington from January 2, 2007 to August 3, 2007.

17. Class Representative Kimberly A. Blackburn is an individual residing in Indianapolis, Indiana. Blackburn was employed by AHM as a loan officer in Greenwood, Indiana from January 23, 2006 to August 3, 2007.

18. Class Representative Marvin R. Bodden is an individual residing in Boston, Massachusets. Bodden was employed by AHM as a loan officer in Quincy, Massachusetts from October 23, 2006 to August 3, 2007.

19. Class Representative Priscilla Cabanillas-McKee is an individual residing in Greensboro, North Carolina. Cabanillas-McKee was employed by AHM as a loan officer in Greensboro, North Carolina from March 14, 2005 to August 3, 2007.

20. Class Representative Bart Castricone is an individual residing in Litchfield Park, Arizona. Castricone was employed by AHM as a loan officer in Avondale, Arizona from November 2, 2006 to August 3, 2007.

21. Class Representative Ryan Chartrand is an individual residing in Long Beach, New York. Chartrand was employed by AHM as a loan officer in Uniondale, New York from May 15, 2006 to August 3, 2007.

22. Class Representative Jethro Chavez is an individual residing in Atlanta, Georgia. Chavez was employed by AHM as a loan officer in Stockbridge, Georgia from May 22, 2006 to August 3, 2007.

23. Class Representative Kelvin Clarke is an individual residing in Bethesda, Maryland. Clarke was employed by AHM as a loan officer in Vienna, Virginia from November 1, 2000 to August 3, 2007.

24. Class Representative Sidney Cooper is an individual residing in Pikesville, Maryland. Cooper was employed by AHM as a loan officer in Towson, Maryland from March 6, 2006 to March 26, 2007.

25. Class Representative Steven W. DeLizza is an individual residing in Middletown, New Jersey. DeLizza was employed by AHM as a loan officer in Matawan, New Jersey from January 23, 2006 to August 3, 2007.

26. Class Representative Phillip Fenton is an individual residing in Hendersonville, Tennessee. Fenton was employed by AHM as a loan officer in Hendersonville, Tennessee from August 1, 2004 to February 28, 2007.

27. Class Representative Sherri Frost is an individual residing in Princeville, Hawaii. Frost was employed by AHM as a loan officer in Anaheim, California from January 1, 2005 to April 18, 2007.

28. Class Representative Dewey C. Johnson is an individual residing in Bear, Delaware. Johnson was employed by AHM as a loan officer in Greenville, Delaware from August 3, 2004 to June 29, 2007.

29. Class Representative Kevin J. Mory is an individual residing in Watauga, Texas. Mory was employed by AHM as a loan officer in Kansas City, Missouri from June 14, 2007 to August 3, 2007.

30. Class Representative Patti Murphy is an individual residing in Bloomingdale, Illinois. Murphy was employed by AHM as a loan officer in Arlington Heights, Illinois from November 5, 1998 to August 3, 2007.

31. Class Representative Virginia Nolte is an individual residing in Reno, Nevada. Nolte was employed by AHM as a loan officer in Reno, Nevada from November 15, 2004 to August 3, 2007.

32. Class Representative Beverly Stout is an individual residing in Louisville, Kentucky. Stout was employed by AHM as a loan officer in Louisville, Kentucky from August 31, 2004 to August 3, 2007.

33. Class Representative Maxine A. Sweet is an individual residing in Erie, Pennsylvania. Sweet was employed by AHM as a loan officer in Erie, Pennsylvania from August 3, 2004 to August 3, 2007.

34. Class Representative Harry Teaford, Jr., is an individual residing in Islamorada, Florida. Teaford was employed by AHM as a loan officer in Tavenier, Florida from October 16, 2006 to August 3, 2007.

35. There is no evidence that the Plaintiffs' and the class members' interests are at odds.

36. Class Counsel also meet the adequacy requirement of Rule 23(a)(4).

**The Agreed-Upon Attorneys Fees Are Reasonable**

37. Based on my extensive experience litigating and settling employment class actions in general, and wage and hour class actions in particular, recovery of one third (1/3) of the settlement fund as attorneys' fees is reasonable. This is particularly so given the excellent results achieved, and the contingent risk involved in this case.

38. The attorneys' fees requested will be split among the two law firms serving as Class Counsel.

**The Reaction of The Class To The Settlement Has Been Positive**

39. Although notice of the settlement has not yet issued to the class, word of the

settlement has spread. Plaintiffs' counsel has taken calls from dozens of class members, all of whom have reacted positively to the settlement. Additionally, we have reached out to all the class representatives and, to date, no one has objected. Although the Court should more fully analyze this factor after notice issues and class members are given the opportunity to opt-out or object, it weighs in favor of preliminary and final approval.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 26th day of March, 2015
New York, New York.

_____
Jack A. Raisner
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000