## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                                  :    Chapter 11
                                                                        :
                                                                        :
AMERICAN HOME MORTGAGE                                                   :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                                         :    Jointly Administered
a Delaware corporation, *et al.*,[1]                                    :
                                                                        :    **Ref. No. 11106**
                                        Debtors.                        :

------------------------------------------------------------ x

### ORDER (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT BETWEEN THE PLAN TRUSTEE AND FLSA PLAINTIFFS, (II) CERTIFYING A CLASS AND COLLECTIVE OF CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS/COLLECTIVE COUNSEL AND CLASS/COLLECTIVE REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS/COLLECTIVE MEMBERS OF CONDITIONAL CLASS/COLLECTIVE CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (VI) GRANTING RELATED RELIEF

The Court has considered the joint motion (the "Motion") of Steven D. Sass, as the

liquidating trustee (the "Plan Trustee") of the trust established pursuant to the *Amended Chapter*

*11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* of the above-captioned

debtors (the "Debtors"), prospective class and collective representatives Chris Beckham, Tana

Blachly-White, Kimberly A. Blackburn, Marvin R. Bodden, Priscilla Cabanillas-McKee, Bart

Castricone, Ryan Chartrand, Jethro Chavez, Kelvin Clarke, Sydney Cooper, Steven W. DeLizza,

Phillip Fenton, Sherri Frost, Dewey C. Johnson, Kevin J. Mory, Patti Murphy, Virginia Nolte,

Beverly Stout, Maxine A. Sweet and Harry H. Teaford, Jr. (the "Class Representatives"), on

behalf of themselves and similarly situated prospective class and collective members (together

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

with the Class Representatives, the "Class Members"), and Edward Abram, Jr., Rosalyn Ceasar,

Anthony Faux, Dustin Jones, John Sogluizzo, Najla Waheed and Richard Zemel (the "Original

Plaintiffs" and together with the Plan Trustee and the Class Representatives, the "Parties") for

orders (i) preliminarily approving the proposed *Settlement and Release Agreement* (the

"Settlement Agreement" or "Settlement")[2] settling claims under the federal *Fair Labor*

*Standards Act* ("FLSA"), various state wage and hour laws and certain other claims; (ii)

certifying a class and collective of plaintiffs for settlement purposes only; (iii) appointing (a)

Outten & Golden LLP and (b) Nichols Kaster PLLP as class and collective counsel ("Class

Counsel") and the Class Representatives as class and collective representatives; (iv) approving

the form and manner of notice to the Class Members of the conditional certification of the Class

(as defined below) and the proposed Settlement; and (v) scheduling a fairness hearing to consider

the final approval of the Settlement (the "Fairness Hearing").  The Court finds that:

      A.     On March 90, 2015, the notice of the Motion (the "Notice") was served by first

class mail on the parties listed on the proof of service of the Notice filed with the Court.

      B.     The Notice given constituted the best notice practicable under the circumstances,

is adequate and no other notice need be given.

      C.     A full opportunity has been offered to the parties-in-interest to participate in the

hearing on the Motion.

      D.     For purposes of the Class Settlement, that Class Counsel has had extensive

experience handling wage and hour class and/or collective action litigation and has acted as class

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement
Agreement.

counsel in numerous such class and/or collective actions and that the Class Representatives do not have interests antagonistic to those of the Class.

E.      For the purposes of the Settlement, that: (i) the Class, consisting of two thousand six hundred and thirty-one (2,631) Class Members, is so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims of the Class Representatives are typical of the Class; (iv) the Class Representatives and the law firms of Outten & Golden LLP and Nichols Kaster PLLP have fairly and adequately protected the interests of the Class; (v) questions of law or fact common to the Class Members predominate over any questions affecting only the individual Class Members; and (vi) the class settlement mechanism is superior to other available methods of resolving the alleged FLSA claims and the other claims released in the Settlement Agreement.  Therefore, the Class should be certified for settlement purposes only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure, and 29 U.S.C. § 216(b), consisting of (a) a class comprising all persons who have been employed by the Debtors as loan officers and were misclassified as exempt, and therefore erroneously denied overtime, minimum wage, meal and rest period compensation as required by state wage and hour laws within the States of Arizona, California, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Missouri, Nevada, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Tennessee, Virginia and Washington, at any time between February 7, 2007 through August 6, 2007, and (b) a collective comprising all persons who have been employed by the Debtors as loan officers and were misclassified as exempt, and therefore erroneously denied overtime and minimum wage compensation as

required by federal wage and hour laws, at any time within the United States (other than the State

of Oregon) between February 7, 2007 through August 6, 2007.

      F.      Notice should be given to all of the Class Members, affording them the

opportunity to opt out of, or with respect to their FLSA claims, opt in to, the Class or object to

the proposed Settlement.

      G.      Based on the range of possible outcomes and the cost, delay, and uncertainty

associated with further litigation, the Settlement is reasonable and cost-effective, and preliminary

approval of the Settlement Agreement is warranted.

      H.      The Settlement Agreement should be preliminarily approved.

      I.      Notice to all individuals identified in **Exhibit A** to the Settlement Agreement by

first class mail, postage prepaid, at their last known address as indicated in the records of the

Debtors (and as updated by Class Counsel's searches for current addresses or as may otherwise

be determined by the Parties) is reasonable and the best notice practicable under the

circumstances and such mailing should be made by Class Counsel within ten (10) business days

following the entry of this Order.

      J.      The contents of the notice of settlement (the "Class Notice") annexed to the

Settlement Agreement as **Exhibit C** meet the requirements of Fed. R. Civ. P. 23(c)(2)(B).  The

Class Notice states the nature of the action, the issues and defenses.  The Class Notice also states

that the Settlement, if approved, will be binding on all Class Members.  The Class Notice also

summarizes the terms of the Settlement, the right of each Class Member to opt out of, or with

respect to their FLSA claims, opt in to, the Class or object to the Settlement, the right of each

Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is

available from Class Counsel upon request.  Further, the Class Notice informs the Class

Members that the Settlement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and costs. *See* FED. R. CIV. P. 23(h).

K.      The Fairness Hearing should be held no sooner than the earliest date for entry of a binding order under 28 U.S.C. § 1715 so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Motion, to opt out of the Class or object to the proposed Settlement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

L.      Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set for the below.

2.      The Settlement Agreement is hereby preliminarily approved.

3.      A class consisting of (a) a class comprising all persons who have been employed by the Debtors as loan officers and were misclassified as exempt, and therefore erroneously denied overtime, minimum wage, meal and rest period compensation as required by state wage and hour laws within the States of Arizona, California, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Maryland, Massachusetts, Missouri, Nevada, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Tennessee, Virginia and Washington, at any time between February 7, 2007 through August 6, 2007 (the "Rule 23 Class"), and (b) a collective comprising all persons who have been employed by the Debtors as loan officers and were misclassified as exempt, and therefore erroneously denied overtime and minimum wage compensation as required by federal wage and hour laws, within the United States (other than the

State of Oregon) at any time between February 7, 2007 through August 6, 2007 (the "Collective" and together with the Rule 23 Class, the "Class"), is hereby certified for settlement purposes only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, as made applicable to these proceedings pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure, and 29 U.S.C. § 216(b) with respect to the FLSA claims and the other claims against the Debtors released pursuant to the Settlement Agreement.

4.      Chris Beckham, Tana Blachly-White, Kimberly A. Blackburn, Marvin R. Bodden, Priscilla Cabanillas-McKee, Bart Castricone, Ryan Chartrand, Jethro Chavez, Kelvin Clarke, Sydney Cooper, Steven W. DeLizza, Phillip Fenton, Sherri Frost, Dewey C. Johnson, Kevin J. Mory, Patti Murphy, Virginia Nolte, Beverly Stout, Maxine A. Sweet and Harry H. Teaford, Jr. are hereby appointed as representatives of the Class.

5.      The law firms of Outten & Golden LLP and Nichols Kaster PLLP are hereby appointed as counsel for the Class.

6.      The form of the Class Notice and the service of the Class Notice by Class Counsel by first class mail, postage prepaid, to each individual identified in **Exhibit A** to the Settlement Agreement at his or her last known address contained in the Debtors' records (as updated by Class Counsel's searches for current addresses or as may otherwise be determined by the Parties) is hereby approved.

7.      The Class Notice shall be mailed by first class mail by Class Counsel to the individuals identified in **Exhibit A** to the Settlement Agreement within ten (10) business days following the entry of this Order.

8.      Objections or other responses to the final approval of the Settlement are to be filed with the Clerk of the Court and served upon counsel to the Plan Trustee, the Original

Plaintiffs and Class Counsel as set forth in the Class Notice so as to be received by no later than **4:00 p.m. (EST) on July 29, 2015**.

9.      Should a Class Member choose not to be bound by the Settlement, he or she must provide Class Counsel with a signed and dated, written notice of his or her intent to opt out of the Rule 23 Class (which notice shall include his or her name, address, telephone number and social security number) so as to be received by no later than so as to be received by no later than **4:00 p.m. (EST) on July 29, 2015**.

10.      The Court shall conduct a Fairness Hearing **on August 14, 2015 at 10:00 a.m.**

11.      In the event that the Plan Trustee determines that the number of Class Members that opt out of the Rule 23 Class certified under the Settlement is greater than five percent (5%) of the Class Member (each an "Opt-Out"), he may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within five (5) business days after receipt of the final list of Opt-Outs from Class Counsel.  If the Plan Trustee elects to terminate the Settlement Agreement based on the number of Opt-Outs:  (a) the Settlement Agreement and the recitals contained therein shall be without force or effect, and neither the Settlement Agreement, nor any of the statements contained therein, shall be admissible in any proceeding involving the Parties; (b) the findings set forth in paragraphs D and E of this Order shall be of no force or effect; (c) neither the Motion, nor any of the pleadings filed in support of the Motion shall be admissible in any proceeding involving the Parties; (d) the Plan Trustee reserves his right to object to certification of the Class and the scope of the Class; and (e) the complaint and proof of claim filed by the Original Plaintiffs and/or Class Representatives shall have the same status as they would have had this Order not been entered.

12.     This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

Dated: Wilmington, Delaware
_____4/27\_\_\_\_, 2015

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE