# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Case No. 07-11047 (CSS) Jointly Administered |
| | **Re: Docket Nos. 11106 & 11118** |
| Debtors. | |

## CERTIFICATION OF COUNSEL

The undersigned hereby certifies as follows:

1. On March 27, 2015, Steven D. Sass, as the liquidating trustee (the "Plan Trustee") of the trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in the chapter 11 cases of the above-captioned debtors, class and collective representatives Chris Beckham, Tana Blachly-White, Kimberly A. Blackburn, Marvin R. Bodden, Priscilla Cabanillas-McKee, Bart Castricone, Ryan Chartrand, Jethro Chavez, Kelvin Clarke, Sydney Cooper, Steven W. DeLizza, Phillip Fenton, Sherri Frost, Dewey C. Johnson, Kevin J. Mory, Patti Murphy, Virginia Nolte, Beverly Stout, Maxine A. Sweet and Harry H. Teaford, Jr. (the "Class Representatives"), on behalf of themselves and similarly situated prospective class and collective members, and Edward Abram, Jr., Rosalyn Ceasar, Anthony Faux, Dustin Jones, John Sogluizzo, Najla Waheed and Richard Zemel (the "Original Plaintiffs") filed their *Joint Motion for Entry of Order (I) Approving a Settlement Pursuant to Fed. R. Bankr. P. 9019, (II) Certifying a Class and Collective of Claimants for*

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

*Settlement Purposes Only, Appointing Class/Collective Counsel and a Class/Collective Representative, and Preliminarily Approving the Settlement Pursuant to Fed. R. Bankr. P. 7023, (III) Approving the Form and Manner of Notice to Class/Collective Members of the Class/Collective Certification and Settlement, (IV) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement, (V) Finally Approving the Settlement Pursuant to Fed. R. Bankr. P. 7023 and 29 U.S.C. § 216(b) after the Fairness Hearing, and (VI) Granting Related Relief* [Docket No. 11106] (the "Motion").[2]

2. On April 27, 2015, the Court entered an order preliminarily approving the Settlement and granting related relief (the "Preliminary Approval Order") [Docket No. 11118]. The Preliminary Approval Order set July 29, 2015 as the date by which parties were required to object to the Settlement and Class Members were required to opt-out of the Rule 23 Class. The undersigned has been informed counsel to the Original Plaintiffs and counsel to the Class Representatives ("Class Counsel") that Class Counsel mailed the court-approved notice to all Class Members on May 11, 2015 in accordance with the Preliminary Approval Order.

3. On July 16, 2015, Class Member James Shoop filed an objection to the Motion, which he subsequently withdrew on August 11, 2015. See Docket Nos. 11127 and 11131. No other objection or response was filed with respect to the Motion.

4. As of the date hereof, the undersigned has (a) received no unresolved objection or other responsive pleading to the Motion; (b) been informed by Class Counsel that he has not received any unresolved objection or other responsive pleading to the Motion; (c) reviewed the Court's docket in these cases and no unresolved objection or other responsive pleading to the Motion appears therein; and (d) been informed by Class Counsel

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

01:17480421.2

that only one Class Member, Ms. Rhonda Clayton, has elected to exercise her right to opt-out of the Rule 23 Class.

5. Attached hereto as **Exhibit A** is a proposed order granting final approval of the Settlement Agreement and related relief as requested in the Motion (the "Proposed Order").

6. It is hereby respectfully requested that the Court enter the Proposed Order at its earliest convenience.

Dated: August 11, 2015

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
1000 North King Street
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

01:17480421.2

## EXHIBIT A

## PROPOSED FINAL ORDER

01:17480421.2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | Case No. 07-11047 (CSS) <br> Jointly Administered <br><br> **Re: Docket Nos. 11106 & 11118** |
| Debtors. | |

## FINAL ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE PLAN TRUSTEE AND CLASS/COLLECTIVE PLAINTIFFS

The Court has considered the joint motion[2] of Steven D. Sass, as the liquidating trustee (the "Plan Trustee") of the trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* of the above-captioned debtors (the "Debtors"), prospective class and collective representatives Chris Beckham, Tana Blachly-White, Kimberly A. Blackburn, Marvin R. Bodden, Priscilla Cabanillas-McKee, Bart Castricone, Ryan Chartrand, Jethro Chavez, Kelvin Clarke, Sydney Cooper, Steven W. DeLizza, Phillip Fenton, Sherri Frost, Dewey C. Johnson, Kevin J. Mory, Patti Murphy, Virginia Nolte, Beverly Stout, Maxine A. Sweet and Harry H. Teaford, Jr. (the "Class Representatives"), on behalf of themselves and similarly situated prospective class and collective members (together with the Class Representatives, the "Class Members"), and Edward Abram, Jr.,

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the motion.

01:17480421.2

Rosalyn Ceasar, Anthony Faux, Dustin Jones, John Sogluizzo, Najla Waheed and Richard Zemel (the "Original Plaintiffs") for an order approving the proposed *Settlement and Release Agreement* (the "Settlement Agreement" or "Settlement") settling class claims under the federal *Fair Labor Standards Act* ("FLSA"), various state wage and hour laws and certain other claims. The Court finds:

      A.      The Court has entered an Order on April 27, 2015 conditionally certifying a class and collective of plaintiffs (collectively, the "Class"), granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of conditional Class certification, the Settlement and the deadline for opting out of the Class and/or filing objections to the Settlement to be given to all Class Members.

      B.      Due notice has been given to the Class of the Settlement, the right to opt out of the Rule 23 Class and/or object to the Settlement and the right to appear in person or by counsel at the fairness hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances.

      C.      The Court has considered final approval of the Settlement Agreement.

      D.      Any Class Member who did not exercise the right to opt-out of the Rule 23 Class is bound by this Order and the terms of the Settlement Agreement for Non-FLSA purposes.

      E.      Any Class Member who negotiates any settlement check received pursuant to the Settlement Agreement shall have affirmatively opted in to the Class for FLSA settlement purposes.

F.  The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23, made applicable to these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure, the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and 29 U.S.C. § 216(b).

G.  The Settlement Agreement was negotiated at arm's-length and in good faith, is fair equitable and in the best interest of the Debtors' estate.

H.  Class counsel's request for its fees and costs (collectively, "Class Counsel's Fees") and service payments to the Original Plaintiffs and Class Representatives (the "Service Payments") is fair and reasonable.

I.  Other good and sufficient cause exists for granting the relief requested in the Motion.

**1.  THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Settlement Agreement is **APPROVED** in its entirety.

2.  Class Counsel's Fees and the Service Payments are approved.

3.  The Plan Trustee is authorized to take any and all actions that are reasonably necessary or appropriate to implement and effectuate the terms of the Settlement Agreement and this Order.

4.  Epiq Bankruptcy Solutions LLC, as the official claims and noticing agent in these chapter 11 cases, is hereby authorized and directed to make such revisions to the Debtors' official register of claims as are necessary to reflect the effect of the Settlement

01:17480421.2

Agreement and this Order including, but not limited to, expunging any claims released pursuant to the terms of the Settlement Agreement.

       5.     This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

Dated: Wilmington, Delaware
      August __, 2015

                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE