# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware Corporation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047 (CSS)<br><br>Jointly Administered<br><br>Hrg. Date: Oct. 30, 2015 at 10:00 a.m.[1]<br>Re: D.I. 11146 |

**OBJECTION OF MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC TO PLAN TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED COLLATERAL DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION CONTAINED THEREON**

Morgan Stanley Mortgage Capital Holdings LLC, together with its affiliates (collectively, "Morgan Stanley"),[2] hereby submits this objection (the "Objection") to the Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers Electronic Storage Media and the Information Contained Thereon [D.I. 11146] (the "Motion") filed by Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust") established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"). In support of its Objection, Morgan Stanley states as follows:

---

[1] The Plan Trustee agreed to extend the objection deadline for Morgan Stanley to October 27, 2015 at 12:00 p.m.

[2] For purposes of this Objection, the relevant Morgan Stanley affiliates are Saxon Mortgage Services, Inc., Saxon Mortgage, Inc., SCI Services, Inc., Saxon Funding Management LLC, Saxon Securitized Assets, Saxon Capital Holdings, Inc., Saxon Asset Securities Company, and Saxon Capital, Inc.

## BACKGROUND

1. On August 6, 2007 (the "Petition Date"), the Debtors[3] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On February 23, 2009, the Court entered an order [D.I. 7042] confirming the Plan (the "Confirmation Order"). The effective date of the Plan was November 30, 2010, at which time the Plan Trustee succeeded to certain rights and obligations of the Debtors, as set forth in the Plan. Paragraph 67 of the Confirmation Order provides:

> [F]rom and after the Effective Date, the Plan Trustee shall preserve and maintain all documents files, records and electronic data (including, but not limited to, emails and email server back-up tapes) (collectively, the "Records") transferred by the Debtors to or otherwise acquired by the Plan Trust in accordance with the Plan and/or Plan Trust Agreement, provided, however, that the Plan Trustee may, in its sole discretion and without the prior approval of the Plan Oversight Committee or the Bankruptcy Court (i) abandon or destroy Records in accordance with, and to the extent permitted by the Orders previously entered by the Bankruptcy Court concerning the destruction of documents [D.I. 2724, 3010 and 4858] (the "Destruction Orders"), each of which Destruction Orders shall be preserved and shall continue in full effect against the Plan Trustee as successor to the Debtors, unless the Plan Trustee files a motion on notice to all interested Parties … and (ii) abandon or transfer Records in accordance with, and to the extent permitted by, prior Orders of the Bankruptcy Court concerning the preservation and/or transfer of Records with respect to certain third parties. Except as permitted by the Destruction Orders, the Plan Trustee shall not destroy any Records absent further Order of the Bankruptcy Court after notice to all interest Parties … with an opportunity to be heard.

Confirmation Order ¶ 67 (emphasis added).

3. As set forth in the Motion, the Court entered Destruction Orders dated January 14, 2008 [D.I. 2724] (the "First Disposition Order"); February 19, 2008 [D.I. 3010] (the "Second

---

[3] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

Disposition Order"); June 25, 2008 [D.I. 4858] (the "Third Disposition Order"); January 31, 2011 [D.I. 9727] (the "Fourth Disposition Order"); and February 20, 2015 [D.I. 11091] (the "Fifth Disposition Order," and together with the First Disposition Order, the Second Disposition Order, the Third Disposition Order and the Fourth Disposition Order, collectively, the "Destruction Orders").

4. Prior to the Petition Date, Morgan Stanley and certain of the Debtors were parties to several mortgage loan purchase agreements whereby Morgan Stanley purchased, from time to time, mortgage loans from the Debtors (the "Mortgage Loans"). Morgan Stanley sold certain of these Mortgage Loans into securitizations or to third parties, and made certain representations and warranties with respect thereto as of the applicable sale date. Further, Morgan Stanley may still own some of these Mortgage Loans.

5. Morgan Stanley and certain of its affiliates have been involved in various litigations related to their purchases of Mortgage Loans from the Debtors. For example, Morgan Stanley has been involved in the RMBS litigation, captioned In re Morgan Stanley Mortgage Pass-Through Certificates Litigation, Master File No. 09-cv-2137-KBF (S.D.N.Y. March 9, 2009),[4] which class action arose from the sale of certain residential mortgage-backed securities by Morgan Stanley entities during 2006 and 2007, as well as other actions and investigations involving the Mortgage Loans (collectively, the "Mortgage Loan Actions"). In connection with the Mortgage Loan Actions, Morgan Stanley has received instructions and is subject to discovery obligations to preserve, not destroy nor allow the destruction of documents concerning the Mortgage Loans. Accordingly, in order to respond to discovery requests, comply with a court preservation order or otherwise respond to discovery inquiries arising out of the Mortgage Loan

---

[4] Information on the RMBS litigation may be found at www.morganstanleyrmbssettlement.com.

Actions, Morgan Stanley may be required to access and/or produce the information contained on the Designated Servers, Designated Backup Tapes, Hard Drives, Unidentified Unreturned Collateral Documents, Unreturned Collateral Documents and/or other materials currently in the custody or control of the Plan Trustee. Thus, Morgan Stanley objects to the Motion to the extent that the Plan Trustee seeks to abandon, destroy or otherwise dispose of documents and other information that may be responsive or otherwise relevant to the Mortgage Loan Actions.

## OBJECTION

6. By the Motion, the Plan Trustee seeks (1) to establish a protocol to return or abandon, destroy, or otherwise dispose of unreturned collateral documents (the "Protocol"), and (2) authorization to return or abandon, destroy, or otherwise dispose of (a) Unreturned Collateral Documents, including Unidentified Custodian Collateral Documents, pursuant to the Protocol, and (b) certain servers, electronic storage media and the information contained thereon.

7. Morgan Stanley objects to the Motion to the extent that the Plan Trustee seeks to abandon, destroy or otherwise dispose of the (A) Designated Servers and Designated Backup Tapes and (B) Hard Drives, which may contain information and documents that are responsive or otherwise relevant to the Mortgage Loan Actions. In addition, Morgan Stanley (i) reserves all rights to object to the destruction of the Unidentified Custodian Collateral Documents, and (ii) seeks an Order to receive notice of and have an opportunity to review any Unreturned Collateral Documents that are unclaimed, returned to the Plan Trustee, or otherwise subject to abandonment, destruction, or other disposition by the Plan Trustee.

      A.    **The Court Should Prevent The Plan Trustee From Destroying the Designated Servers or the Designated Backup Tapes.**

8. Morgan Stanley objects to the Plan Trustee's proposed destruction of the Designated Servers and Designated Backup Tapes on the basis that the Plan Trustee fails to

provide any evidence to support his assertion that all of the data and information contained on the (i) Designated Servers and (ii) Designated Backup Tapes allegedly is also available on the Active Servers.

9. Where, as here, a party has notice that documents may be relevant to future litigation, that party is obligated to preserve such documents. See Smith v. American Founders Fin. Corp., 365 B.R. 647, 681 (S.D. Tex. 2007) ("'The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.'") (quoting Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y.2003)); see also In re Advanced Modular Power Systems, Inc. v. Hsu, 413 B.R. 643, 664-64 (S.D. Tex. 2009) ("While [the defendant and the agent of the debtor-defendant] may not have known what each and every box contained, this Court finds that he had a duty to preserve documents as they were potentially relevant to *current or future litigation*.") (emphasis added).

10. Morgan Stanley has been and continues to be involved in protracted litigation and investigations concerning the Mortgage Loans, and accordingly, is required by court orders and discovery obligations to preserve and not destroy documents and information that may be relevant to the Mortgage Loan Actions. In the Motion, however, the Plan Trustee provides no explanation as to the contents of the Designated Servers or the Designated Backup Tapes, so Morgan Stanley is unable to determine if the data is potentially relevant to the Mortgage Loan Actions. Nor does the Plan Trustee provide any evidence that *all* of the voluminous data and information (including custodial, metadata and similar e-discovery material) that currently resides on the Designated Servers and Designated Backup Tapes is fully available on the Active Servers. Instead, the Plan Trustee makes the unsupported statement that "[t]he Active Servers

contain all of the information stored on the Dormant and Stored Servers." (Motion at ¶ 20). This untested statement, however, is insufficient proof for Morgan Stanley to rely on with respect to the Mortgage Loan Actions.

11. With respect to the Designated Backup Tapes, the Plan Trustee provides no explanation with respect to the custodians or content of the 5,000 Designated Backup Tapes that he seeks to destroy, other than that the tapes allegedly "contain copies of the applications and data stored on the Servers dating as far back as 2002." (Id. at ¶ 21). This description in and of itself manifests the importance of preserving and not destroying the data on such tapes, which, as a result of their age, would otherwise be lost forever. Further, the fact that the Plan Trustee does not seek to destroy at this time the other 5,000 of the 10,000 backup tapes over which he has custody and control (Id. at ¶ 22) indicates that the information resident on such non-destroyed tapes *has* been used for discovery responses or is otherwise subject to preservation orders. There is no basis to arbitrarily preserve 5,000 backup tapes, but destroy the other 5,000 Designated Backup Tapes, on the sole ground that such tapes purportedly "have never been used to respond to any third-party subpoena." (Id.). Finally, the minimal extra cost to the Debtors to preserve 5,000 Designated Backup Tapes when the Plan Trustee is already preserving the other 5,000 backup tapes is negligible, and in any event, such cost is outweighed by the benefit of preserving data and information that otherwise would be lost forever.

12. Accordingly, until evidence is provided by the Plan Trustee to demonstrate conclusively that all data and information that currently reside on the Designated Servers and Designated Backup Tapes are fully available on the Active Servers, Morgan Stanley objects to the Plan Trustee's request to abandon, destroy or otherwise dispose of the Designated Servers and Designated Backup Tapes.

### B. The Court Should Prevent the Plan Trustee from Destroying 5,000 Hard Drives For Which No Custodial or Content Evidence Is Provided.

13.     Morgan Stanley also objects to the Motion on the grounds that the Plan Trustee seeks to destroy 5,000 "workstation hard drives which were removed from employees' computers prior to the Debtors' sale of substantially all of its assets in November 2007." (Motion at ¶ 21). The Plan Trustee, however, provides no explanation as to the identity or title of the employees who possessed the Hard Drives, nor does the Plan Trustee provide a description of the contents or time frames contained on the Hard Drives (other than they predate November 2007), which would allow Morgan Stanley to attempt to determine if the data is potentially relevant to the Mortgage Loan Actions. Nor has the Plan Trustee provided any statement, much less conclusive proof, that all of the data and information (including custodial, metadata and similar e-discovery material) that currently resides on the Hard Drives is fully available on the Active Servers.

14.     Moreover, there is no basis to arbitrarily destroy 5,000 Hard Drives on the sole ground that such Hard Drives purportedly have not been used to respond to subpoenas since November 2010. (Id. at ¶ 22). Finally, the minimal cost to the Debtors to preserve 5,000 Hard Drives (already removed from computers) is negligible, and in any event, such cost is outweighed by the benefit of preserving data and information that otherwise would be lost forever.

### C. Morgan Stanley Reserves All Rights to Object to Destruction of the Unidentified Unreturned Collateral Documents and Seeks An Order Authorizing Review and Preservation of Certain Unreturned Collateral Documents

15.     By the Motion, the Plan Trustee seeks authority to abandon, destroy or otherwise dispose of 2,000 Unidentified Custodian Collateral Documents after forty-five (45) days from

the date of entry of the Proposed Order on the Motion. Pursuant to the Motion, upon written request within fifteen (15) days of the entry of the Proposed Order, Morgan Stanley allegedly will have an opportunity to review a list containing the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents. (Motion at ¶ 19). To the extent Morgan Stanley requires additional time to complete its review and/or requires additional information to conduct its review of the Unidentified Custodian Collateral Documents, Morgan Stanley hereby reserves all rights to object to their abandonment, destruction, or other disposition by the Plan Trustee.

16. Further, with respect to the 19,000 Unreturned Collateral Documents, the Plan Trustee proposes to send a letter to the party or servicer to which the Debtors sold or transferred the applicable loan (the "Receiving Party") requiring the Receiving Party to confirm the address or to provide a new address to which the Unreturned Collateral Documents should be delivered. (Id. at ¶ 24). However, if the Plan Trustee does not receive a response from the Receiving Party within thirty (30) days, or if the Plan Trustee's letter is returned as undeliverable, the Plan Trustee seeks "to immediately abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents without any further order of the Court." (Id.). The Plan Trustee admits that he does not know the status of the loans related to the Unreturned Collateral Documents, but submits that because "in most instances" the Unreturned Collateral Documents (and Unidentified Custodian Collateral Documents) "relate to loans that are more than ten (10) years old" the loans "have likely been paid off or otherwise refinanced." (Id. at ¶ 31).

17. Accordingly, to the extent (i) Morgan Stanley fails to receive some or all of the Unreturned Collateral Documents to which it is entitled, and/or (ii) any Unreturned Collateral Documents are unclaimed, returned to the Plan Trustee, or otherwise are subject to abandonment,

destruction or other disposition by the Plan Trustee, Morgan Stanley respectfully requests that the Court order the Plan Trustee first notify Morgan Stanley of the circumstances surrounding (i) and/or (ii) set forth above, and provide Morgan Stanley access and at least ninety (90) days to review such documents prior to any abandonment, destruction or other disposition by the Plan Trustee.

## CONCLUSION

18. For the reasons set forth above, the Court should order the relief requested herein.

[*Remainder of page intentionally left blank*]

WHEREFORE, for the foregoing reasons, Morgan Stanley respectfully requests that this Court (i) deny the Motion with respect to the relief sought by the Plan Trustee for the Designated Servers, the Designated Backup Tapes and the Hard Drives, (ii) grant the relief requested by Morgan Stanley in Paragraphs 15, 16 and 17 of this Objection, and (iii) grant such other and further relief that the Court finds just and proper.

Dated: October 27, 2015
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Ashley R. Altschuler*
Ashley R. Altschuler (DE 3803)
R. Craig Martin (DE 5032)
Kaitlin M. Edelman (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: ashley.altschuler@dlapiper.com
            craig.martin@dlapiper.com
            kaitlin.edelman@dlapiper.com

*Counsel for Morgan Stanley Mortgage Capital Holdings LLC*