## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:

AMERICAN HOME MORTGAGE HOLDINGS, INC.,
a Delaware corporation, <u>et al.</u>,[1]

     Debtors.

------------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 07-11047 (CSS)

Jointly Administered

**Ref. Dkt Nos. 11146**

## <u>NOTICE OF REVISED PROPOSED ORDER</u>

     PLEASE TAKE NOTICE that Steven D. Sass, as liquidating trustee (the "<u>Plan</u>

<u>Trustee</u>") for the AHM Liquidating Trust (the "<u>Plan Trust</u>") established pursuant to the *Amended*

*Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in connection with

the Chapter 11 cases of the above-captioned debtors filed *Plan Trustee's Motion for an Order*

*pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Collateral Document*

*Protocol and (II) Authorizing the Abandonment, Destruction or Other Disposition of (A)*

*Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic*

*Storage Media and the Information Contained Thereon* [D.I. 11146] (the "<u>Motion</u>") on October

9, 2015.  You were previously served with a copy of the Motion.

     PLEASE TAKE FURTHER NOTICE that the Plan Trustee has filed a revised

proposed form of order granting the Motion (the "<u>Revised Order</u>"), a copy of which is annexed

hereto as <u>Exhibit A</u>.  For the convenience of the Court and parties in interest, annexed hereto as

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

<u>Exhibit B</u> is a blackline of the Revised Order against the proposed form of order filed with the

Motion.

PLEASE TAKE FURTHER NOTICE that the Plan Trustee intends to present the

Revised Order at the hearing to consider the Motion which will be held on October 30, 2015 at

10:00 a.m. before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the

District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

Dated: October 29, 2015
      Wilmington, Delaware        YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
Patrick A. Jackson (No. 4976)
Michael S. Neiburg (No. 5275)
1000 North King Street
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

EXHIBIT A

<u>**EXHIBIT A**</u>

**FORM OF PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------------------- x
In re:                                                  :
                                                        :  Chapter 11
AMERICAN HOME MORTGAGE                                   :
HOLDINGS, INC., a Delaware corporation, et al.,¹  :  Case No. 07-11047 (CSS)
                                                        :
                            Debtors.                    :  Jointly Administered
------------------------------------------------------------------------- x
```

**ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION CONTAINED THEREON**

Upon consideration of the *Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Document Protocol and (II) Authorizing the Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained Thereon* (the "Unreturned");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; and the Court having considered the Motion and any responses thereto; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED, that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED,  that any objection to the Motion not otherwise resolved or withdrawn is hereby OVERRULED; and it is further

ORDERED, the following Unreturned Document Protocol is APPROVED:

1. The Plan Trustee is hereby authorized to send a customized letter, substantially in the form attached the Motion as **Exhibit C** (an "Unreturned Document Letter"), as well as the form of Unidentified Custodian Collateral Document Declaration, to any custodian or owner of a loan relating to an Unreturned Collateral Document including, without limitation, those custodians and owners listed on **Exhibit B** to the Motion;

2. For purposes of the Unreturned Document Protocol, the "custodian or owner" of any given loan shall be the party or servicer to which the Debtors sold or transferred such loan;

3. The Unreturned Document Letter will provide each loan custodian or owner (each, a "Receiving Party") with thirty (30) days to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver the related Unreturned Collateral Documents or a new address to which such documents should be delivered;

4. In the event that the Receiving Party fails to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver such Unreturned Collateral Documents or a new address to which such documents should be delivered within that thirty (30) day period, at the end of such thirty (30) day period, the Plan Trustee shall be authorized to immediately abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents without any further order of the Court;

5. In the event that an Unreturned Document Letter is returned as undeliverable, the Plan Trustee shall be authorized to immediately abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents without any further order of the Court; and

6. The Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unidentified Custodian Collateral Documents on or after forty-five (45) days following the entry of this Order;

and it is further

ORDERED, that any party that has a good faith basis to believe it is an owner, custodian or servicer, wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents must submit a request (an "Unidentified Custodian Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 1** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that since the Unidentified Custodian Collateral Documents contain Nonparty Borrower Information,[3] this Court finds:

> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the precautions provided for the information disclosed in this Order, there is good cause to excuse such requirement, and the Court hereby orders that the party issuing an Unidentified Custodian Collateral Document Request is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, that any party issuing a Unidentified Custodian Collateral Document Request and the Plan Trustee are explicitly prohibited from providing such notice; provided, however, that this Order

---

[3] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligible for credit) together with personally identifiable information with respect to such person (including, but not limited to, name address, social security number, loan numbers, telephone number, or place or position of work)); and other sensitive personally identifiable information.

shall not prohibit any such party from contacting any person or entity for any other purpose;

and it is further

ORDERED, that the any party making an Unidentified Custodian Collateral Document Request shall be prohibited from disclosing to any third party any borrower or loan information received from the Plan Trustee in connection with such request without first seeking a protective order. The Plan Trustee shall have no liability for any receiving party's disclosure of any information provided in connection with an Unidentified Custodian Collateral Document Request in accordance with any order issued by a court of competent jurisdiction; and it is further

ORDERED, that any party who has issued a valid subpoena to the Plan Trust or the Debtors seeking documents in connection with residential mortgage-backed securities litigation wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unreturned Collateral Documents (including the Unidentified Custodian Collateral Documents) must submit a request (an "Unreturned Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 2** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that the Plan Trustee is authorized to immediately abandon, destroy or otherwise dispose of the Designated Servers, the Designated Backup Tapes and the Hard Drives; and it is further

ORDERED, that the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated Backup Tapes and the Hard Drives

pursuant to this Order in a manner consistent with the standard set forth in C.F.R. § 682.3 and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of the Order.

Dated:  October __, 2015

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**FORM OF**
**UNIDENTIFIED CUSTODIAN COLLATERAL DOCUMENT DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | :   Chapter 11 |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | :   Case No. 07-11047 (CSS) |
| | : |
| Debtors. | :   Jointly Administered |

------------------------------------------------------------------------- x

**UNIDENTIFIED CUSTODIAN COLLATERAL**
**DOCUMENT DECLARATION OF** _____

      I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

      1.     I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

      2.     I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers,*

*Electronic Storage Media and the Information Contained Thereon* entered by the Bankruptcy

Court on _____, 2015 (the "Collateral Document Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.    Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents (the "Information").

4.    In making its request for the Information, _____ has a good-faith basis to believe that it may be the proper owner or custodian of the underlying loans related to the Unidentified Custodian Collateral Documents.

5.    If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order.

6.    I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Executed on _____, 2015

_____
Name:
Title:

**<u>EXHIBIT 2</u>**

**FORM OF
UNRETURNED COLLATERAL DOCUMENT DECLARATION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x

In re:                                                :

                                                      :    Chapter 11

AMERICAN HOME MORTGAGE                                 :

HOLDINGS, INC., a Delaware corporation, *et al.*,[1]  :    Case No. 07-11047 (CSS)

                                                      :

                              Debtors.                :    Jointly Administered

------------------------------------------------------------------------- x

## UNRETURNED CUSTODIAN COLLATERAL
## DOCUMENT DECLARATION OF _____

I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

1.    I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

2.    I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers,*

*Electronic Storage Media and the Information Contained Thereon* entered by the Bankruptcy

Court on _____, 2015 (the "Collateral Document Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.      Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unreturned Collateral Documents (the "Information").

4.      In making its request for the Information, _____ has issued a valid subpoena to the Plan Trust or the Debtors on _____ seeking documents in connection with residential mortgage-backed securities litigation captioned

_____

(the "Litigation").

5.      If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order, and as "Confidential" under the terms of the applicable protective order in the Litigation.

6.      I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.


Executed on _____, 2015


_____
Name:
Title:

EXHIBIT B

## EXHIBIT A

### FORM OF PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | :    Case No. 07-11047 (CSS) |
| | : |
| Debtors. | :    Jointly Administered |

----------------------------------------------------------------------- x

## ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION CONTAINED THEREON

Upon consideration of the *Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Document Protocol and (II) Authorizing the Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained Thereon* (the "Unreturned");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; and the Court having considered the Motion and any responses thereto; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED, that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED,  that any objection to the Motion not otherwise resolved or withdrawn is hereby OVERRULED; and it is further

ORDERED, the following Unreturned Document Protocol is APPROVED:

1. The Plan Trustee is hereby authorized to send a customized letter, substantially in the form attached the Motion as **Exhibit C** (an "Unreturned Document Letter"), as well as the form of Unidentified Custodian Collateral Document Declaration, to any custodian or owner of a loan relating to an Unreturned Collateral Document including, without limitation, those custodians and owners listed on **Exhibit B** to the Motion;

2. For purposes of the Unreturned Document Protocol, the "custodian or owner" of any given loan shall be the party or servicer to which the Debtors sold or transferred such loan;

3. The Unreturned Document Letter will provide each loan custodian or owner (each, a "Receiving Party") with thirty (30) days to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver the related Unreturned Collateral Documents or a new address to which such documents should be delivered;

4. In the event that the Receiving Party fails to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver such Unreturned Collateral Documents or a new address to which such documents should be delivered within that thirty (30) day period, at the end of such thirty (30) day period, the Plan Trustee shall be authorized to immediately abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents without any further order of the Court;

5. In the event that an Unreturned Document Letter is returned as undeliverable, the Plan Trustee shall be authorized to immediately abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents without any further order of the Court; and

6. The Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unidentified Custodian Collateral Documents on or after forty-five (45) days following the entry of this Order;

and it is further

ORDERED, that any party that has a good faith basis to believe it is an owner, custodian or servicer, wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents must submit a request (an "Unidentified Custodian Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached to the Motion hereto as **Exhibit D 1** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that since the Unidentified Custodian Collateral Documents contain Nonparty Borrower Information,[3] this Court finds:

> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the precautions provided for the information disclosed in this Order, there is good cause to excuse such requirement, and the Court hereby orders that the party issuing an Unidentified Custodian Collateral Document Request is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, that any party issuing a Unidentified Custodian Collateral Document Request and the Plan Trustee are explicitly prohibited from providing such notice; provided, however, that this Order

---

[3] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligible for credit) together with personally identifiable information with respect to such person (including, but not limited to, name address, social security number, loan numbers, telephone number, or place or position of work)); and other sensitive personally identifiable information.

shall not prohibit any such party from contacting any person or entity for any other purpose;

and it is further

ORDERED, that the any party making an Unidentified Custodian Collateral Document Request shall be prohibited from disclosing to any third party any borrower or loan information received from the Plan Trustee in connection with such request without first seeking a protective order. The Plan Trustee shall have no liability for any receiving party's disclosure of any information provided in connection with an Unidentified Custodian Collateral Document Request in accordance with any order issued by a court of competent jurisdiction; and it is further

ORDERED, that any party who has issued a valid subpoena to the Plan Trust or the Debtors seeking documents in connection with residential mortgage-backed securities litigation wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unreturned Collateral Documents (including the Unidentified Custodian Collateral Documents) must submit a request (an "Unreturned Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 2** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that the Plan Trustee is authorized to immediately abandon, destroy or otherwise dispose of the Designated Servers, the Designated Backup Tapes and the Hard Drives; and it is further

ORDERED, that the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated Backup Tapes and the Hard Drives

pursuant to this Order in a manner consistent with the standard set forth in C.F.R. § 682.3 and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of the Order.

Dated:  October __, 2015

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT ~~D~~1

## FORM OF
## UNIDENTIFIED CUSTODIAN COLLATERAL DOCUMENT DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------------- x

In re:                                                        :
                                                              :    Chapter 11
AMERICAN HOME MORTGAGE                                         :
HOLDINGS, INC., a Delaware corporation, *et al.*,[1]  :    Case No. 07-11047 (CSS)
                                                              :
                              Debtors.                        :    Jointly Administered

------------------------------------------------------------------------- x

### UNIDENTIFIED CUSTODIAN COLLATERAL
### DOCUMENT DECLARATION OF _____

I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

1.     I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

2.     I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers,*

*Electronic Storage Media and the Information Contained Thereon* entered by the Bankruptcy

Court on _____, 2015 (the "Collateral Document Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.     Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents (the "Information").

4.     In making its request for the Information, _____ has a good-faith basis to believe that it may be the proper owner or custodian of the underlying loans related to the Unidentified Custodian Collateral Documents.

5.     If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order.

6.     I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.


Executed on _____, 2015


_____
Name:
Title:

**EXHIBIT 2**

**FORM OF**
**UNRETURNED COLLATERAL DOCUMENT DECLARATION**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ---------------------------------------------------------------- | x | |
| In re: | : | |
| | : | Chapter 11 |
| AMERICAN HOME MORTGAGE | : | |
| HOLDINGS, INC., a Delaware corporation, *et al.*,[1] | : | Case No. 07-11047 (CSS) |
| | : | |
| Debtors. | : | Jointly Administered |
| ---------------------------------------------------------------- | x | |

## UNRETURNED CUSTODIAN COLLATERAL
## DOCUMENT DECLARATION OF _____

I, _____, hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.    I am over eighteen years of age and am employed as _____ of _____.  I am authorized to submit this Declaration on behalf of _____.

2.    I have reviewed and am familiar with the contents of that certain *Order Granting Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained Thereon* entered by the Bankruptcy Court on _____, 2015 (the "Collateral Document Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.    Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unreturned Collateral Documents (the "Information").

4.    In making its request for the Information, _____ has issued a valid subpoena to the Plan Trust or the Debtors on _____ seeking documents in connection with residential mortgage-backed securities litigation captioned _____ (the "Litigation").

5.    If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order, and as "Confidential" under the terms of the applicable protective order in the Litigation.

6.    I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.


Executed on _____, 2015


_____
_____    Name:
_____    Title:

| Comparison Details | |
|---|---|
| Title | **pdfDocs compareDocs Comparison Results** |
| Date & Time | 10/29/2015 12:01:42 PM |
| Comparison Time | 1.66 seconds |
| compareDocs version | v4.1.500.10 |

| Sources | |
|---|---|
| Original Document | [#5616984] [v1] AHM/Form of Revised Proposed Order Authorizing Unreturned Collateral Document Protocol.docx |
| Modified Document | [#5616984] [v4] AHM/Form of Revised Proposed Order Authorizing Unreturned Collateral Document Protocol.docx |

| Comparison Statistics | |
|---|---|
| Insertions | 9 |
| Deletions | 1 |
| Changes | 2 |
| Moves | 0 |
| TOTAL CHANGES | 12 |
| | |
| | |
| | |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Formatting | Color only. |
| Changed lines | Mark left border. |
| Comments color | By Author. |
| Balloons | False |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after Saving | General | Always |
| Report Type | Word | Formatting |
| Character Level | Word | False |
| Include Headers / Footers | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include List Numbers | Word | True |
| Include Tables | Word | True |
| Include Field Codes | Word | True |
| Include Moves | Word | True |
| Show Track Changes Toolbar | Word | True |
| Show Reviewing Pane | Word | True |
| Update Automatic Links at Open | Word | False |
| Summary Report | Word | End |
| Include Change Detail Report | Word | Separate |
| Document View | Word | Print |
| Remove Personal Information | Word | False |
| Flatten Field Codes | Word | True |