# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :
                                                                 :   Chapter 11
AMERICAN HOME MORTGAGE                                           :
HOLDINGS, INC., a Delaware corporation, *et al.*,[1]             :   Case No. 07-11047 (CSS)
                                                                 :
                                        Debtors.                 :   Jointly Administered
---------------------------------------------------------------- x

**DECLARATION OF STEVEN D. SASS IN SUPPORT OF THE MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED COLLATERAL DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION CONTAINED THEREON**

I, STEVEN D. SASS, hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

1. I am over eighteen (18) years of age and the Plan Trustee, as defined in the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* [D.I. 7029] (the "Plan"). I am authorized to submit this declaration ("Declaration") on behalf of the Plan Trust in support of the *Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Document Protocol and (II) Authorizing the Abandonment, Destruction*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

*or Other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained Thereon* (the "Motion"). [2]

2. In my capacity as Plan Trustee, I am responsible for, among other things, the preservation and maintenance of all documents and electronic data transferred to or otherwise acquired by the Plan Trust and/or, the abandonment or destruction of such records in accordance with prior orders of the Court.

3. All facts set forth in this Declaration are based upon my personal knowledge, upon my review of relevant documents, upon my opinion based upon my experience and knowledge of the Debtors' businesses and document storage practices, or upon information provided to me by Plan Trust employees or advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

***Unreturned Collateral Documents***

4. The Plan Trust is in possession of approximately nineteen thousand (~19,000) Collateral Documents and Trailing Documents which have not yet been forwarded to the proper loan custodians, owners or servicers (collectively, the "Unreturned Collateral Documents") pursuant to the Second Disposition Order. Since the entry of that Order, the Debtors and the Plan Trust have engaged in an extensive due diligence review to identify the proper custodians, owners or servicers of the Unreturned Collateral Documents from more than six hundred (600+) known, unique initial purchasers of the related loans, a process hampered by the fact that many of the known initial purchasers no longer exist as a result of merger, acquisition or other reasons, or the Debtors' records do not reflect the initial purchaser of the related loan.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion (defined herein below).

5.  As a result of these extensive efforts, the entities listed on **Exhibit B** to the Motion represent, to the best of my knowledge, information and belief, the identities of the initial purchasers or servicers of the related loans or their successors and, therefore, the proper custodians of certain Unreturned Collateral Documents.  Moreover, given the inherent problems with the process discussed above, including subsequent dissolutions and/or mergers of financial institutions, I was unable to identify the proper custodian for approximately two thousand (~2,000) Unreturned Collateral Documents (this subset, collectively, the "Unidentified Custodian Collateral Documents").

6.  As these chapter 11 cases near their conclusion, the Plan Trust requires finality with respect to the Unreturned Collateral Documents and Unidentified Custodian Collateral Documents, which in most instances, relate to loans that are more than ten (10) years old and have likely been paid off or otherwise refinanced.  I believe that the Unreturned Document Protocol, which gives known initial purchasers notice and an opportunity to claim such documents prior to their destruction, and the Unidentified Custodian Collateral Documents Request, which gives parties an ability to determine if they may have an interest in the Unidentified Custodian Collateral Documents, provides an appropriate balance between the interests of owners of the underlying loans and the need for the Plan Trust to bring these cases to a conclusion.

7.  In response to certain informal requests by litigation parties, I have agreed to make available a list containing the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents and/or the Unreturned Collateral Documents for purposes of

identifying the proper custodian or owner thereof.[3] To maintain the confidentiality of any personally identifiable information contained within the documents, I propose that any party seeking to obtain the list must do so by sworn written declaration within fifteen (15) days of the entry of the Proposed Order. To provide any such requesting party with sufficient time to establish its entitlement to any Unreturned Collateral Document, I will not abandon, destroy or otherwise dispose of the Unidentified Custodian Collateral Documents or any Unreturned Collateral Documents for which a Receiving Party fails to provide me with confirmation of the address to which I should deliver such documents, until forty-five (45) days after the entry of the Proposed Order.

8.    I believe that the appropriate disposition of the Unreturned Collateral Documents, including the Unidentified Custodian Collateral Documents, whether through return or abandonment and destruction, and the ability for other parties in interest to request documents will relieve the estates of expending any more resources on their continued storage and maintenance, expenditures and efforts which have become both unnecessary and burdensome to the estate. Accordingly, I believe that the relief requested herein is in the best interests of these estates.

*Dormant Servers and Other Electronic Data*

9.    Prior to the Petition Date, the Debtors stored certain document files, records and electronic data, including, without limitation, the E-Loan Files, UNIFI loan origination system, network drives, intranet and emails, on servers and back-up tapes, all of which were transferred to the Plan Trust on the Effective Date. Presently, the Plan Trust maintains forty-eight (48) active servers (the "Active Servers"). In addition to the Active Servers, the

---

[3] The forms of such written sworn statements are annexed to the revised form of Proposed Order.

Plan Trust also maintains twenty-four (24) dormant servers at its Farmingdale facility (the "Dormant Servers") and has four (4) racks of servers in varying types and sizes different from those currently at its Farmingdale facility in storage at a warehouse in Centereach, New York (the "Stored Servers" and together with the Active and Dormant Servers, the "Servers"). The Active Servers contain all of the information stored on the Dormant and Stored Servers.

10. In addition to the Servers, the Plan Trust is also in possession of (a) approximately five thousand (~5,000) Server back-up tapes, which tapes contain copies of the applications and data stored on the Servers dating as far back as 2002 (the "Designated Backup Tapes") and (b) approximately five thousand (~5,000) workstation hard drives which were removed from employees' computers prior to the Debtors' sale of substantially all of its assets in November 2007 (the "Hard Drives").[4] The Designated Backup Tapes do not contain any emails or e-loan files and such emails and e-loan files within the Plan Trustee's possession, custody or control are all contained on the Retained Backup Tapes or Active Servicers.

11. I have received third-party subpoenas in over one hundred (100) cases, which have sought tens of thousands of loan files and other Debtor documents. To date, I am in compliance with any and all outstanding subpoenas to the satisfaction of the requesting parties.[5] Indeed, not one of such requesting parties formally objected to the relief requested in the Motion. Prior to receiving the objection of Morgan Stanley Mortgage Capital

---

[4] The Hard Drives were removed from the individual workstations and have not been used for over eight (8) years. There is no index as to what data may be on each Hard Drive, and the identity of the former user of each Hard Drive is presently unknown.

[5] Several requesting parties are still in the process of determining which loans in their securitization trusts were originated by the Debtors and/or the Debtors' origination loan numbers which are necessary for the Plan Trust to locate and produce the relevant loan files.


Holdings LLC ("MSMCH") on October 27, 2015, Morgan Stanley Mortgage Capital Holdings LLC had not served a subpoena on or otherwise requested documents from the Plan Trust, notwithstanding that MSMCH has been involved, by its own account, "in various litigation related to their purchase of Mortgage Loans from the Debtors" since March of 2009.[6] See D.I. 11154, at ¶ 5. At present, upon information and belief, the Plan Trust is under no legal compulsion to provide MSMCH with any documents, and in fact, may be precluded from providing documents to MSMCH pursuant to various state and federal laws.

12.     In response to the third party subpoenas, the Plan Trust has, and at the present time will continue, to produce five general categories of documents to parties to the extent they are responsive to validly issued subpoenas. Those categories of documents are: (i) the Ambac database[7] (ii) series of products, procedures and underwriting guidelines, (iii) imaged versions of loan files, (iv) emails (to the extent the party can identify the proper time period, custodians and search terms and pays the costs associated with restoring such emails), and (v) deposition transcripts of two Plan Trust employees (former employees of the Debtors). If the Motion is granted, these five categories of documents, including the ability to restore emails (to the extent presently available), will continue to be available for production in response to third party subpoenas.

---

[6] The Plan Trust has received, and responded to several subpoenas issued by plaintiffs where entities that may be affiliated with MSMCH may be a defendant. Those actions include actions commenced by: Morgan Stanley Mortgage Loan Trust 2006-4SL and Mortgage Pass Through-Certificates, Series 2006-4SL, FDIC as Receiver for United Western Bank, National Credit Union Administration Board, Cambridge Place Investment Management Inc., The Western and Southern Life Insurance Company, FDIC as Receiver for Franklin Bank, S.S.B. and Federal Housing Finance Agency (FHFA). Notice of the Motion was provided to counsel for each of these plaintiffs.

[7] The Ambac database consists of approximately 16,000 documents totaling approximately 125,000 pages and was compiled by attorneys for Ambac in a case titled Ambac Assurance Corp. v. EMC Mortgage Corp. following a court-ordered review of the Debtors' warehouse in Melville, NY in 2010.

13. In the eight (8) years since the Petition Date, the Debtors and the Plan Trust have never had to use the Designated Servers, Designated Backup Tapes or Hard Drives to respond to any subpoena. Productions to such subpoenas identified in the categories above have been made exclusively from information contained on the Active Servers and certain of the Retained Backup Tapes.

14. Accordingly, I believe that the destruction of the Designated Servers, Designated Backup Tapes or Hard Drives is in the best interests of these estates, and do not otherwise prejudice any parties in interest.

15. In conclusion, the Unreturned Collateral Documents and the information contained on the Designated Servers, Designated Backup Tapes and Hard Drives are not subject to any outstanding third-party requests or related to any pending litigations directly involving the Debtors, as the Debtors and the Plan Trust have complied with all outstanding subpoena requests. I no longer need the Unreturned Collateral Documents or the Designated Servers, Designated Backup Tapes and Hard Drives for any business operations or the remaining winddown of these chapter 11 cases.

16. Given that the Unreturned Collateral Documents and the Designated Servers, Designated Backup Tapes and Hard Drives provide no benefit to the administration of these estates and are not subject to any outstanding third-party requests, I have determined that the accrual of any expense to maintain these documents, servers and electronic storage media is an unnecessary administrative burden on the estates.

17. As a result, I believe that the relief requested in the Motion is in the best interests of the Plan Trust and its beneficiaries.

Dated: October 29, 2015

                                                */s/ Steven D. Sass*
                                                Steven D. Sass