IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x

In re:                                                                       :   Chapter 11
                                                                             :
AMERICAN HOME MORTGAGE HOLDINGS, INC.[1],       :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                              :
                                                                             :   Jointly Administered
        Debtors.                                                             :
------------------------------------------------------------------------- x   Ref. No. 11146, 11154

**CERTIFICATION OF COUNSEL REGARDING ORDER GRANTING MOTION FOR
AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN
UNRETURNED DOCUMENT PROTOCOL AND (II) AUTHORIZING THE
ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED
COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN
SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION
CONTAINED THEREON**

The undersigned counsel for the Plan Trustee hereby certifies as follows:

1.      On October 9, 2015, the Plan Trustee filed his Motion for an Order pursuant to 11

U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Document Protocol and (II)

Authorizing the Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral

Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the

Information Contained Thereon (the "Motion").  On October 27, 2015, Morgan Stanley

Mortgage Capital Holdings, LLC ("Morgan Stanley") filed an objection to the Motion.

2.      On October 30, 2015, this Court held a hearing (the "Hearing") to consider

the Motion and the related objection.  At the Hearing, the Court, over the objection of Morgan

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

Stanley, issued a ruling and per the Court's request, the parties agreed to provide a revised order regarding the Motion under certification of counsel.

3.        Attached hereto as <u>Exhibit A</u> is a revised order (the "<u>Revised Order</u>") that reflects the ruling of this Court and the negotiations between the Plan Trustee and counsel for Morgan Stanley with respect to the contents of the Revised Order.  For the convenience of the Court, annexed hereto as <u>Exhibit B</u> is a blackline of the Revised Order against the proposed form of order filed on October 29, 2015.

4.        The Plan Trustee provided counsel for Morgan Stanley with the Revised Order and counsel for Morgan Stanley has advised the Plan Trustee that the Revised Order appears to be consistent with the Court's ruling.

WHEREFORE, the Plan Trustee respectfully requests that the Revised Order, substantially in the form attached hereto, be entered at the earliest convenience of the Court.

*Remainder of Page Left Blank by Intention*

Dated: November 4, 2015
      Wilmington, Delaware       YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/ Margaret Whiteman Greecher*
Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
1000 North King Street
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Joseph Orbach
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------- x
In re:                                           :
                                                 :    Chapter 11
AMERICAN HOME MORTGAGE                            :
HOLDINGS, INC., a Delaware corporation, et al.,¹  :    Case No. 07-11047 (CSS)
                                                 :
                        Debtors.                  :    Jointly Administered
                                                 :
                                                 :    Ref. Docket No. 11146, 11154
-------------------------------------------------------------- x
```

**ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363
AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II)
AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION
OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION
THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND
THE INFORMATION CONTAINED THEREON**

Upon consideration of the *Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and
554 (I) Establishing an Unreturned Document Protocol and (II) Authorizing the Abandonment,
Destruction or Other Disposition of (A) Unreturned Collateral Documents in Connection
Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained
Thereon* (the "Motion");[2] and it appearing that the Court has jurisdiction over this matter
pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion was good and
sufficient under the circumstances and that no other or further notice need be given; and the
Court having considered the Motion and the objection thereto of Morgan Stanley Mortgage

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a
Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979);
AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American
Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a
Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation
(7491); and Great Oak Abstract Corp., a New York corporation (8580).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Capital Holdings, LLC, filed on October 27, 2015 (the "<u>Morgan Stanley Objection</u>"); and after

due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED, that any objection to the Motion not otherwise resolved or withdrawn,

including the Morgan Stanley Objection, is hereby OVERRULED; and it is further

ORDERED, the following Unreturned Document Protocol is APPROVED:

1. The Plan Trustee is hereby authorized to send a customized letter, substantially in the form attached the Motion as **<u>Exhibit C</u>** (an "<u>Unreturned Document Letter</u>"), as well as the form of Unidentified Custodian Collateral Document Declaration, to any custodian or owner of a loan relating to an Unreturned Collateral Document including, without limitation, those custodians and owners listed on **<u>Exhibit B</u>** to the Motion;

2. For purposes of the Unreturned Document Protocol, the "custodian or owner" of any given loan shall be the party or servicer to which the Debtors sold or transferred such loan;

3. The Unreturned Document Letter will provide each loan custodian or owner (each, a "<u>Receiving Party</u>") with thirty (30) days to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver the related Unreturned Collateral Documents or a new address to which such documents should be delivered;

4. In the event that the Receiving Party fails to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver such Unreturned Collateral Documents or a new address to which such documents should be delivered within that thirty (30) day period, the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents, without any further order of the Court, after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below);

5. In the event that an Unreturned Document Letter is returned as undeliverable, the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents, without any further order of the Court, after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below); and

6. The Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unidentified Custodian Collateral Documents after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below);

and it is further

ORDERED, that any party that has a good faith basis to believe it is an owner, custodian or servicer, wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents must submit a request (an "Unidentified Custodian Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 1** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that since the Unidentified Custodian Collateral Documents contain Nonparty Borrower Information,[3] this Court finds:

> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the precautions provided for the information disclosed in this Order, there is good cause to excuse such requirement, and the Court hereby orders that the party issuing an Unidentified Custodian Collateral Document Request is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, that any party issuing a Unidentified Custodian Collateral Document Request and the Plan Trustee are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit any such party from contacting any person or entity for any other purpose;

and it is further

---

[3] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligible for credit) together with personally identifiable information with respect to such person (including, but not limited to, name address, social security number, loan numbers, telephone number, or place or position of work)); and other sensitive personally identifiable information.

ORDERED, that any party making an Unidentified Custodian Collateral Document Request shall be prohibited from disclosing to any third party any borrower or loan information received from the Plan Trustee in connection with such request without first seeking a protective order. The Plan Trustee shall have no liability for any receiving party's disclosure of any information provided in connection with an Unidentified Custodian Collateral Document Request in accordance with any order issued by a court of competent jurisdiction; and it is further

ORDERED, that any party who has issued a valid subpoena to the Plan Trust or the Debtors seeking documents in connection with residential mortgage-backed securities litigation wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unreturned Collateral Documents (including the Unidentified Custodian Collateral Documents) must submit a request (an "Unreturned Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 2** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that objecting party Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley") shall provide to the Plan Trustee a list of addresses of plaintiffs' counsel in certain mortgage-related litigations to which Morgan Stanley or its affiliates are parties (collectively, the "MS Plaintiffs") within two (2) business days of entry of this Order. The Plan Trustee shall serve a notice of this Order (the "MS Plaintiffs Notice"), together with copies of this Order, the underlying Motion and the Morgan Stanley Objection, on the MS Plaintiffs at the respective addresses provided by Morgan Stanley (attached hereto as **Exhibit 3**) within five (5) business days of receipt of such addresses and the MS Plaintiffs shall have ninety (90) days

following the date of service of the MS Plaintiffs Notice, at the MS Plaintiffs' sole expense, to subpoena the Plan Trustee, review and obtain copies of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated Backup Tapes and/or the Hard Drives.

ORDERED, that after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice, the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated Backup Tapes and the Hard Drives pursuant to this Order in a manner consistent with the standard set forth in C.F.R. § 682.3 and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of the Order.

Dated:  November __, 2015


_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT 1</u>

**FORM OF
UNIDENTIFIED CUSTODIAN COLLATERAL DOCUMENT DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------------ x
In re:                                                             :
                                                                   :   Chapter 11
AMERICAN HOME MORTGAGE                                              :
HOLDINGS, INC., a Delaware corporation, et al.,¹                    :   Case No. 07-11047 (CSS)
                                                                   :
                                      Debtors.                     :   Jointly Administered
------------------------------------------------------------------ x
```

**UNIDENTIFIED CUSTODIAN COLLATERAL
<u>DOCUMENT DECLARATION OF _____</u>**

I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

1.      I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

2.      I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain*

*Servers, Electronic Storage Media and the Information Contained Thereon* entered by the

Bankruptcy Court on _____, 2015 (the "<u>Collateral Document Order</u>").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.      Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents (the "Information").

4.      In making its request for the Information, _____ has a good-faith basis to believe that it may be the proper owner or custodian of the underlying loans related to the Unidentified Custodian Collateral Documents.

5.      If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order.

6.      I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Executed on _____, 2015

_____
Name:
Title:

## **EXHIBIT 2**

**FORM OF
UNRETURNED COLLATERAL DOCUMENT DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------------- x
In re:                                       :
                                             :    Chapter 11
AMERICAN HOME MORTGAGE                        :
HOLDINGS, INC., a Delaware corporation, et al.,¹  :    Case No. 07-11047 (CSS)
                                             :
                              Debtors.       :    Jointly Administered
----------------------------------------------------------------- x
```

**UNRETURNED CUSTODIAN COLLATERAL
<u>DOCUMENT DECLARATION OF _____</u>**


I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

1.      I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

2.      I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain*

*Servers, Electronic Storage Media and the Information Contained Thereon* entered by the

Bankruptcy Court on _____, 2015 (the "<u>Collateral Document Order</u>").

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.      Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unreturned Collateral Documents (the "Information").

4.      In making its request for the Information, _____ has issued a valid subpoena to the Plan Trust or the Debtors on _____ seeking documents in connection with residential mortgage-backed securities litigation captioned

_____

(the "Litigation").

5.      If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order, and as "Confidential" under the terms of the applicable protective order in the Litigation.

6.      I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Executed on _____, 2015

_____
Name:
Title:

**<u>EXHIBIT 3</u>**

**FORM OF MS PLAINTIFFS NOTICE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------- x
In re:                                            :   Chapter 11
                                                  :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,            :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,[1]               :
                                                  :   Jointly Administered
        Debtors.                                  :
                                                  :   Ref. Dkt No. 11146
                                                  :
                                                  :
----------------------------------------------------------------- x
```

## NOTICE OF ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION CONTAINED THEREON

PLEASE TAKE NOTICE THAT:

On _____, 2015, the United States Bankruptcy Court for the District of

Delaware (the "Court") entered the *Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I)*

*Establishing an Unreturned Collateral Document Protocol and (II) Authorizing the*

*Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in*

*Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information*

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

*Contained Thereon* [D.I. _____] (the "<u>Destruction Order</u>").[2]  A copy of the Destruction Order is

attached hereto as Exhibit A.  A copy of the underlying motion by the Plan Trustee (without

exhibits) [D.I. 11146] (the "<u>Motion</u>") is attached hereto as Exhibit B.

Pursuant to the Destruction Order, the Plan Trustee is authorized to abandon, destroy or

otherwise dispose of certain Unreturned Collateral Documents, the Unidentified Custodian

Collateral Documents, the Designated Servers, the Designated Backup Tapes and the Hard

Drives on or after _____, 2015.  Parties seeking to obtain information from the Plan

Trustee prior to its destruction must do so in accordance with the terms and timeframes set forth

in the Destruction Order.

Dated: November ___, 2015          YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
       Wilmington, Delaware
                                           _____
                                           Sean M. Beach (No. 4070)
                                           Margaret Whiteman Greecher (No. 4652)
                                           1000 North King Street
                                           Wilmington, Delaware  19899
                                           Telephone: (302) 571-6600
                                           Facsimile: (302) 571-1253

                                           -and-

                                           HAHN & HESSEN LLP
                                           Mark S. Indelicato
                                           Edward L. Schnitzer
                                           Joseph Orbach
                                         488 Madison Avenue
                                         New York, New York 10022
                                         Telephone: (212) 478-7200
                                         Facsimile: (212) 478-7400

                                         *Co-Counsel to the Plan Trustee*

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Destruction Order.

3.    01:17

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------------- x

--------

In re:                                                    :    Chapter 11
                                                          :
AMERICAN HOME MORTGAGE                                     :    Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,[1]      :
                                                          :    Jointly Administered
                              Debtors.                    :
                                                          :    **Ref. Docket No. 11146, 11154**
                                                          :
--------------------------------------------------------------- x

------

**ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363
AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II)
AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION
OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION
THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND
THE INFORMATION CONTAINED THEREON**

Upon consideration of the *Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Document Protocol and (II) Authorizing the Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained Thereon* (the "Motion");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; and the Court having considered the Motion and ~~any responses thereto~~the objection thereto of Morgan

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Stanley Mortgage Capital Holdings, LLC, filed on October 27, 2015 (the "Morgan Stanley Objection"); and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED, that any objection to the Motion not otherwise resolved or withdrawn, including the Morgan Stanley Objection, is hereby OVERRULED; and it is further

ORDERED, the following Unreturned Document Protocol is APPROVED:

1. The Plan Trustee is hereby authorized to send a customized letter, substantially in the form attached the Motion as **Exhibit C** (an "Unreturned Document Letter"), as well as the form of Unidentified Custodian Collateral Document Declaration, to any custodian or owner of a loan relating to an Unreturned Collateral Document including, without limitation, those custodians and owners listed on **Exhibit B** to the Motion;

2. For purposes of the Unreturned Document Protocol, the "custodian or owner" of any given loan shall be the party or servicer to which the Debtors sold or transferred such loan;

3. The Unreturned Document Letter will provide each loan custodian or owner (each, a "Receiving Party") with thirty (30) days to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver the related Unreturned Collateral Documents or a new address to which such documents should be delivered;

4. In the event that the Receiving Party fails to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver such Unreturned Collateral Documents or a new address to which such documents should be delivered within that thirty (30) day period, ~~at the end of such thirty (30) day period,~~ the Plan Trustee ~~shall be~~is authorized to ~~immediately~~ abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents, without any further order of the Court, after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below);

5. In the event that an Unreturned Document Letter is returned as undeliverable, the Plan Trustee ~~shall be~~is authorized to ~~immediately~~ abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents, without any further order of the Court, after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below); and

6. The Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unidentified Custodian Collateral Documents ~~on or~~ after ~~forty-five (45~~the expiration of

ninety (90) days following the ~~entry of this Order~~date of service of the MS Plaintiffs Notice (as defined below);

and it is further

ORDERED, that any party that has a good faith basis to believe it is an owner, custodian or servicer, wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents must submit a request (an "Unidentified Custodian Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 1** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that since the Unidentified Custodian Collateral Documents contain Nonparty Borrower Information,[3] this Court finds:

> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the precautions provided for the information disclosed in this Order, there is good cause to excuse such requirement, and the Court hereby orders that the party issuing an Unidentified Custodian Collateral Document Request is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, that any party issuing a Unidentified Custodian Collateral Document Request and the Plan Trustee are explicitly prohibited from providing such notice; provided, however, that this

---

[3] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligible for credit) together with personally identifiable information with respect to such person (including, but not limited to, name address, social security number, loan numbers, telephone number, or place or position of work)); and other sensitive personally identifiable information.

Order shall not prohibit any such party from contacting any person or entity for any other purpose;

and it is further

ORDERED, that ~~the~~ any party making an Unidentified Custodian Collateral Document Request shall be prohibited from disclosing to any third party any borrower or loan information received from the Plan Trustee in connection with such request without first seeking a protective order.  The Plan Trustee shall have no liability for any receiving party's disclosure of any information provided in connection with an Unidentified Custodian Collateral Document Request in accordance with any order issued by a court of competent jurisdiction; and it is further

ORDERED, that any party who has issued a valid subpoena to the Plan Trust or the Debtors seeking documents in connection with residential mortgage-backed securities litigation wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unreturned Collateral Documents (including the Unidentified Custodian Collateral Documents) must submit a request (an "Unreturned Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 2** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that ~~the Plan Trustee is authorized to immediately abandon, destroy or otherwise dispose of the Designated Servers, the Designated Backup Tapes and the Hard Drives; and it is further~~ objecting party Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley") shall provide to the Plan Trustee a list of addresses of plaintiffs' counsel in certain mortgage-related litigations to which Morgan Stanley or its affiliates are parties (collectively, the "MS Plaintiffs") within two (2) business days of entry of this Order.  The Plan Trustee shall serve a notice of this Order (the "MS Plaintiffs Notice"), together with copies of

this Order, the underlying Motion and the Morgan Stanley Objection, on the MS Plaintiffs at the respective addresses provided by Morgan Stanley (attached hereto as **Exhibit 3**) within five (5) business days of receipt of such addresses and the MS Plaintiffs shall have ninety (90) days following the date of service of the MS Plaintiffs Notice, at the MS Plaintiffs' sole expense, to subpoena the Plan Trustee, review and obtain copies of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated Backup Tapes and/or the Hard Drives.

ORDERED, that after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice, the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated Backup Tapes and the Hard Drives pursuant to this Order in a manner consistent with the standard set forth in C.F.R. § 682.3 and shall be exempt from any other inconsistent federal or state laws or regulations, including with respect to the disposal or retention of non-public consumer information; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of the Order.

Dated: ~~October~~November ___, 2015

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**FORM OF**
**UNIDENTIFIED CUSTODIAN COLLATERAL DOCUMENT DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
--------
In re:                                               :
                                                     :     Chapter 11
                                                     :
AMERICAN HOME MORTGAGE                                :     Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,[1] :
                                                     :     Jointly Administered
                                       Debtors.      x
--------------------------------------------------------------
----

**UNIDENTIFIED CUSTODIAN COLLATERAL**
**DOCUMENT DECLARATION OF _____**


I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

1.      I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

2.      I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain*

*Servers, Electronic Storage Media and the Information Contained Thereon* entered by the

Bankruptcy Court on _____, 2015 (the "<u>Collateral Document Order</u>").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.    Pursuant to the Collateral Document Order, I submit this Declaration in support of

the request of _____ to the Plan Trust to review the list of borrower

names, subject property addresses and dates and amounts of mortgage for the underlying loans

related to the Unidentified Custodian Collateral Documents (the "<u>Information</u>").

4.    In making its request for the Information, _____ has a

good-faith basis to believe that it may be the proper owner or custodian of the underlying loans

related to the Unidentified Custodian Collateral Documents.

5.    If provided the Information, _____ shall treat the Information

according to the terms of the Collateral Document Order.

6.    I declare under penalty of perjury that, to the best of my knowledge, information

and belief, the foregoing is true and correct.


Executed on _____, 2015


_____
Name:
Title:

**<u>EXHIBIT 2</u>**

**FORM OF
UNRETURNED COLLATERAL DOCUMENT DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
--------
In re: : Chapter 11
:
AMERICAN HOME MORTGAGE : Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, *et al.*,[1]
:
: Jointly Administered
Debtors. x
--------------------------------------------------------------

**UNRETURNED CUSTODIAN COLLATERAL**
**DOCUMENT DECLARATION OF _____**

     I, _____, hereby declare, under penalty of perjury pursuant to

28 U.S.C. § 1746, as follows:

     1.    I am over eighteen years of age and am employed as _____ of

_____.  I am authorized to submit this Declaration on behalf of

_____.

     2.    I have reviewed and am familiar with the contents of that certain *Order Granting*

*Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned*

*Collateral Document Protocol and (II) Authorizing the Abandonment, Destruction or Other*

*Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain*

*Servers, Electronic Storage Media and the Information Contained Thereon* entered by the

Bankruptcy Court on _____, 2015 (the "Collateral Document Order").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

3.      Pursuant to the Collateral Document Order, I submit this Declaration in support of the request of _____ to the Plan Trust to review the list of borrower names, subject property addresses and dates and amounts of mortgage for the underlying loans related to the Unreturned Collateral Documents (the "Information").

4.      In making its request for the Information, _____ has issued a valid subpoena to the Plan Trust or the Debtors on _____ seeking documents in connection with residential mortgage-backed securities litigation captioned

_____

(the "Litigation").

5.      If provided the Information, _____ shall treat the Information according to the terms of the Collateral Document Order, and as "Confidential" under the terms of the applicable protective order in the Litigation.

6.      I declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Executed on _____, 2015


                                                    _____
                                                    Name:
                                                    Title:

**EXHIBIT 3**

**FORM OF MS PLAINTIFFS NOTICE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ----------------------------------------------------------------  x | |
| In re: | Chapter 11 |
| | |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., | Case No. 07-11047 (CSS) |
| a Delaware corporation, et al.,[1] | |
| | Jointly Administered |
| Debtors. | |
| | **Ref. Dkt No. 11146** |
| | |
| ----------------------------------------------------------------  x | |

**NOTICE OF ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND THE INFORMATION CONTAINED THEREON**

PLEASE TAKE NOTICE THAT:

On _____, 2015, the United States Bankruptcy Court for the District of

Delaware (the "Court") entered the *Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 (I)*

*Establishing an Unreturned Collateral Document Protocol and (II) Authorizing the*

*Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in*

*Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information*

*Contained Thereon* [D.I. _____] (the "Destruction Order").[2]  A copy of the Destruction Order is

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).  The address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.
[2]  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Destruction Order.

attached hereto as Exhibit A.  A copy of the underlying motion by the Plan Trustee (without

exhibits) [D.I. 11146] (the "Motion") is attached hereto as Exhibit B.

 Pursuant to the Destruction Order, the Plan Trustee is authorized to abandon, destroy or

otherwise dispose of certain Unreturned Collateral Documents, the Unidentified Custodian

Collateral Documents, the Designated Servers, the Designated Backup Tapes and the Hard

Drives on or after _____, 2015.  Parties seeking to obtain information from the Plan

Trustee prior to its destruction must do so in accordance with the terms and timeframes set forth

in the Destruction Order.

Dated: November ____, 2015
   Wilmington, Delaware

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
_____

Sean M. Beach (No. 4070)
Margaret Whiteman Greecher (No. 4652)
1000 North King Street
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Joseph Orbach
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*

Document comparison by Workshare Compare on Wednesday, November 04, 2015 1:47:04 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/17915958/1 |
| Description | #17915958v1<YCST01> - AHM - Dormant Service Destruction Order |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/17915958/3 |
| Description | #17915958v3<YCST01> - AHM - Dormant Service Destruction Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 66 |
| Deletions | 27 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 93 |