## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                                              :

                                   : Chapter 11

AMERICAN HOME MORTGAGE                                              :

HOLDINGS, INC., a Delaware corporation, *et al.*,[1]                : Case No. 07-11047 (CSS)

                                   :

                    Debtors.         : Jointly Administered

                                   :

                                   : **Ref. Docket No. 11146, 11154**

------------------------------------------------------------------- x

## ORDER GRANTING MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 (I) ESTABLISHING AN UNRETURNED DOCUMENT PROTOCOL AND (II) AUTHORIZING THE ABANDONMENT, DESTRUCTION OR OTHER DISPOSITION OF (A) UNRETURNED COLLATERAL DOCUMENTS IN CONNECTION THEREWITH AND (B) CERTAIN SERVERS, ELECTRONIC STORAGE MEDIA AND <u>THE INFORMATION CONTAINED THEREON</u>

Upon consideration of the *Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 (I) Establishing an Unreturned Document Protocol and (II) Authorizing the Abandonment, Destruction or Other Disposition of (A) Unreturned Collateral Documents in Connection Therewith and (B) Certain Servers, Electronic Storage Media and the Information Contained Thereon* (the "<u>Motion</u>");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; and the Court having considered the Motion and the objection thereto of Morgan Stanley Mortgage

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Capital Holdings, LLC, filed on October 27, 2015 (the "Morgan Stanley Objection"); and after

due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is GRANTED to the extent set forth herein; and it is further

ORDERED,   that any objection to the Motion not otherwise resolved or withdrawn,

including the Morgan Stanley Objection, is hereby OVERRULED; and it is further

ORDERED, the following Unreturned Document Protocol is APPROVED:

1. The Plan Trustee is hereby authorized to send a customized letter, substantially in the form attached the Motion as **Exhibit C** (an "Unreturned Document Letter"), as well as the form of Unidentified Custodian Collateral Document Declaration, to any custodian or owner of a loan relating to an Unreturned Collateral Document including, without limitation, those custodians and owners listed on **Exhibit B** to the Motion;

2. For purposes of the Unreturned Document Protocol, the "custodian or owner" of any given loan shall be the party or servicer to which the Debtors sold or transferred such loan;

3. The Unreturned Document Letter will provide each loan custodian or owner (each, a "Receiving Party") with thirty (30) days to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver the related Unreturned Collateral Documents or a new address to which such documents should be delivered;

4. In the event that the Receiving Party fails to provide the Plan Trustee with either confirmation of the address to which the Plan Trustee should deliver such Unreturned Collateral Documents or a new address to which such documents should be delivered within that thirty (30) day period, the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents, without any further order of the Court, after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below);

5. In the event that an Unreturned Document Letter is returned as undeliverable, the Plan Trustee is authorized to abandon, destroy or otherwise dispose of the related Unreturned Collateral Documents, without any further order of the Court, after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below); and

6. The Plan Trustee is authorized to abandon, destroy or otherwise dispose of the Unidentified Custodian Collateral Documents after the expiration of ninety (90) days following the date of service of the MS Plaintiffs Notice (as defined below);

and it is further

ORDERED, that any party that has a good faith basis to believe it is an owner, custodian or servicer, wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unidentified Custodian Collateral Documents must submit a request (an "<u>Unidentified Custodian Collateral Document Request</u>") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 1** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that since the Unidentified Custodian Collateral Documents contain Nonparty Borrower Information,[3] this Court finds:

> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information (Nonparty Borrower Information Law) permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Nonparty Borrower Information, the Court finds that, in view of the precautions provided for the information disclosed in this Order, there is good cause to excuse such requirement, and the Court hereby orders that the party issuing an Unidentified Custodian Collateral Document Request is exempted from obtaining a court ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure of Nonparty Borrower Information. To the extent that any Nonparty Borrower Information Law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, that any party issuing a Unidentified Custodian Collateral Document Request and the Plan Trustee are explicitly prohibited from providing such notice; <u>provided</u>, <u>however</u>, that this Order shall not prohibit any such party from contacting any person or entity for any other purpose;

and it is further

---

[3] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligible for credit) together with personally identifiable information with respect to such person (including, but not limited to, name address, social security number, loan numbers, telephone number, or place or position of work)); and other sensitive personally identifiable information.

ORDERED, that any party making an Unidentified Custodian Collateral Document Request shall be prohibited from disclosing to any third party any borrower or loan information received from the Plan Trustee in connection with such request without first seeking a protective order. The Plan Trustee shall have no liability for any receiving party's disclosure of any information provided in connection with an Unidentified Custodian Collateral Document Request in accordance with any order issued by a court of competent jurisdiction; and it is further

ORDERED, that any party who has issued a valid subpoena to the Plan Trust or the Debtors seeking documents in connection with residential mortgage-backed securities litigation wishing to review a list of the borrower name, subject property address and date and amount of mortgage for the underlying loans related to the Unreturned Collateral Documents (including the Unidentified Custodian Collateral Documents) must submit a request (an "Unreturned Collateral Document Request") by written sworn declaration from such party to the Plan Trustee in the form attached hereto as **Exhibit 2** by no later than fifteen (15) days following the entry of this Order; and it is further

ORDERED, that objecting party Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley") shall provide to the Plan Trustee a list of addresses of plaintiffs' counsel in certain mortgage-related litigations to which Morgan Stanley or its affiliates are parties (collectively, the "MS Plaintiffs") within two (2) business days of entry of this Order. The Plan Trustee shall serve a notice of this Order (the "MS Plaintiffs Notice"), together with copies of this Order, the underlying Motion and the Morgan Stanley Objection, on the MS Plaintiffs at the respective addresses provided by Morgan Stanley (attached hereto as **Exhibit 3**) within five (5) business days of receipt of such addresses and the MS Plaintiffs shall have ninety (90) days

following the date of service of the MS Plaintiffs Notice, at the MS Plaintiffs' sole expense, to

subpoena the Plan Trustee, review and obtain copies of the Unreturned Collateral Documents,

the Unidentified Custodian Collateral Documents, the Designated Servers, the Designated

Backup Tapes and/or the Hard Drives.

ORDERED, that after the expiration of ninety (90) days following the date of service of

the MS Plaintiffs Notice, the Plan Trustee is authorized to abandon, destroy or otherwise dispose

of the Unreturned Collateral Documents, the Unidentified Custodian Collateral Documents, the

Designated Servers, the Designated Backup Tapes and the Hard Drives pursuant to this Order in

a manner consistent with the standard set forth in C.F.R. § 682.3 and shall be exempt from any

other inconsistent federal or state laws or regulations, including with respect to the disposal or

retention of non-public consumer information; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation of the Order.

Dated: November 5, 2015

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE