**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN HOME MORTGAGE | ) | Case No. 07-11047 (CSS) |
| HOLDINGS, INC., *et al.,* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hearing Date: April 6, 2016 at 12:15 p.m. |
| | ) | Objection Deadline: March 21, 2016 at 4:00 p.m. |

**MOTION OF PETER LAMONICA AND EXINE LAMONICA FOR
RELIEF FROM AUTOMATIC STAY PURSUANT TO SECTION 362(d)
OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO AUGUST 6, 2007**

Peter LaMonica and Exine LaMonica (collectively, the "Movants"), by and through their undersigned counsel, hereby move this Honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S. C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of permitting the prosecution of the Movants' cause of action Deutsche Bank National Trust Company, formerly known as Bankers Trust Company California, N.A., as Trustee for American Home Mortgage Asset Trust 2007-3, A National Banking Association, and Ocwen Loan Servicing, LLC, a Delaware Limited Liability Company, in the Superior Court of the State of California, and specifically for an order granting relief *Nunc Pro Tunc* to the date of the filing of this case, August 6, 2007. In support of this Motion, the Movants respectfully show the Court as follows:

**THE PARTIES**

1. On August 6, 2007 (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Subsequent to the Petition Date, the Court entered an order jointly administering the Debtor's cases for procedural purposes.

1

2. An official committee of unsecured creditors has been appointed in this case.

3. Movants are residents of Sonoma County, California. Movants filed a lawsuit in the Superior Court of the State of California on October 3, 2014.

## BACKGROUND

4. Movants are the current owners of real property located at 223 E. Third Street, Coverdale, CA 95425 (the "Property"). The prior owner, John May, obtained a loan from American Brokers Conduit, which was initially serviced by American Home Mortgage Servicing. Movants recently discovered that both American Brokers Conduit and American Home Mortgage Servicing are trade names of Debtor, American Home Mortgage Holdings, Inc.

5. On or about August 14, 2007, Mr. May filed an action in the Superior Court of the State of California against Debtor, American Home Mortgage Holdings, Inc. (d/b/a American Brokers Conduit and American Home Mortgage Servicing) relating to his ownership interest in the Property. As Debtor did not answer such action, a default judgment was entered. Mr. May subsequently obtained a loan from Movants in 2009, then defaulted under that loan, and in 2011 Movants became the owners of the property pursuant to a Trustees Deed Upon Sale.

6. After the acquisition of the Property by the Movants, Debtor, American Home Mortgage Holdings, Inc. unsuccessfully moved twice to set aside the default entered against it without giving notice to Movants and without disclosing the filing of its Chapter 11 petition to the Superior Court. After its Motion was denied, it entered into a Stipulation with Mr. May, who no longer owned the property, to set aside the default judgment – again without notice to Movants. The successors in interest to American Home Mortgage Holdings, Inc. initiated a non-judicial foreclosure in 2014.

7. When they learned of the initiation of the non-judicial foreclosure in 2014, Movants brought a suit (the "Litigation") in the Superior Court of the State of California to quiet title to the Property. The lender defendants in that case, Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, have recently filed a Motion for Summary Judgment, or in the alternative Summary Adjudication of Issues, containing the primary argument that as a result of the 2007 bankruptcy filing of Debtor American Home Mortgage Holdings, Inc., the underlying action filed by John May and the subsequent entry of default and default judgment against defendants American Brokers Conduit and American Home Mortgage Servicing (both d/b/a's of the Debtor) in that action, is void.

8. Until very recently, no parties to the Litigation was aware of the Debtors' bankruptcy. Upon discovery, the successor in interest to the Debtor has asserted the automatic stay now for its own benefit, not the Debtor's. The Movants have moved quickly since learning of the bankruptcy filing.

9. Further, The Debtor no longer owns the relevant note and deed of trust, so there is no harm to the Debtor in granting relief.

10. Although Movants are in settlement negotiations with Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, if these prove unsuccessful, the Movants will need to file an opposition to the Motion for Summary Judgment and Summary Adjudication in mid-March.

**RELIEF REQUESTED**

11. By this Motion the Movants seek relief from the automatic stay *Nunc Pro Tunc* to the Petition Date, thus validating the default and amended default judgment obtained in the underlying action and allowing Movants to pursue their lawsuit to judgment or other resolution.

## BASIS FOR THE RELIEF REQUESTED

12. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay……for cause……

11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often……examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

13. Courts often follow the logic of the intent behind §362(d) which is that it is often appropriate to allow litigation to proceed in its initial forum, if no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d) (internal citations omitted).

14. This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and the creditor's probability of success on the merits. *See In re Tribune Co.,* 418 B. R. 116, 126 (Bankr. D. Del. 2009).

15. Here, the facts weigh in the Movants' favor on each of these three prongs. First, the Debtor will not suffer prejudice should the stay be lifted because the Debtor is no longer the owner of the relevant note and deed of trust and is not a party to the Litigation.

16. Second, the Movants will face substantial hardship if the stay is not lifted. This matter has been proceeding in California since 2014. In that time, the Movants have expended considerable time, effort, and money to clear title to the Property and are just now being subjected to a claim that the automatic stay is in place. Any further delay will only cost Movants more time and money.

17. Moreover, if the Movants are not permitted to litigate their claim in the forum of their choice, the litigation in Delaware will be before the United States District Court, 28 U.S. C. § 157(b)(5). The Superior Court of California is the more appropriate forum for a trial governed by California property law, especially because the California court has been familiar with the underlying facts of this case for several years. *See In re The Conference of African Union First Colored Methodist Protestant Church,* 184 B.R. 207, 218 (Bankr. D. Del 1987) (granting relief from stay to permit Family Court to determine issues which it had expertise).

18. By contrast, the Debtor will not suffer any hardship if the Movants' action is allowed to proceed in California. The action is a quiet title action which does not present factual or legal issues which will impact or distract the Debtor from the reorganization process. As indicated above, the Debtor sold the relevant note and has no pecuniary interest in the Property.

19. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del 1993). This prong also weighs in Movants' favor. No strong defenses appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where the decision-making process should be relegated to bodies other than [the bankruptcy] court."*In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

20. On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.,* 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); In re Rexene Products, Inc., 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

21. In accordance with 11 U.S.C. § 362(d), bankruptcy courts are authorized to grant an annulment of the stay to retroactively ratify violations of the automatic stay. *See In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994) (finding that a "post-petition sheriff's sale would have been validated as an exception to the void *ab initio* rule" if the bankruptcy court had granted an annulment of the stay). Here, a retroactive granting of stay relief is appropriate to ratify actions taken by the Debtors, their successors and certain third parties prior to the Movants learning of the existence of the Debtors' bankruptcy filing and the imposition of the automatic stay.

## CONCLUSION

**WHEREFORE,** the Movants respectfully requests the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow the Movants to prosecute the California action to judgment or other resolution.

Dated: March 2, 2016                        CROSS & SIMON, LLC

                                            By: */s/ Kevin S. Mann*
                                                Kevin S. Mann (No. 4576)
                                                1105 N. Market Street, Suite 901
                                                Wilmington, DE 19801
                                                (302) 777-4200
                                                (302) 777-4224 (Facsimile)
                                                kmann@crosslaw.com

                                                *Counsel for Peter LaMonica and Exine LaMonica*