IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, <u>et al.</u>,[1] | : |
| | : Case No. 07-11047 (CSS) |
| | : |
| | : Jointly Administered |
| Debtors. | : |
| | : **Hearing Date: April 6, 2016 at 12:15 p.m.** |

---

**OBJECTION TO MOTION OF PETER LAMONICA AND EXINE LAMONICA FOR RELIEF FROM THE AUOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO AUGUST 6, 2007**

Steven D. Sass, as liquidating trustee (the "<u>Plan Trustee</u>") for the trust (the "<u>Plan Trust</u>") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "<u>Plan</u>") in connection with the Chapter 11 cases of the above-captioned debtors (collectively, the "<u>Debtors</u>"), by and through his counsel Hahn & Hessen LLP and Young, Conaway, Stargatt & Taylor, LLP hereby objects to the motion of Peter LaMonica and Exine LaMonica (the "<u>Movants</u>") for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code *nunc pro tunc* to August 6, 2007 (the "<u>Motion</u>")[2]. In support of this Objection the Plan Trustee respectfully represents and states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc., a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, PO Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

## BACKGROUND

A.  **General Case Background**

1. On August 6, 2007 (the "<u>Petition Date</u>"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Thereafter, each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of this Court.

2. On February 23, 2009, this Court entered an order (the "<u>Confirmation Order</u>") confirming the Plan under section 1129 of the Bankruptcy Code [D.I. 7042]. The Plan became effective on November 30, 2010 (the "<u>Effective Date</u>").

3. Pursuant to the Plan, as of the Effective Date, the Plan Trust was established and all of the Debtors' assets, causes of action, claims, rights and interests succeeded and transferred to, and vested in, the Plan Trust. Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust. The Plan Trustee is vested with the rights, powers and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

4. Paragraph 51 of the Confirmation Order modified the automatic stay to permit certain specifically enumerated claims to proceed. Those claims included claims of: (a) borrowers under a mortgage loan against whom a foreclosure action was commenced by the Debtors or Plan Trust for the purpose of defending such action and asserting counterclaims solely for the purpose of halting a foreclosure; (b) borrowers under a mortgage loan originated or serviced by the Debtors to commence an action against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party; (c) borrowers under a mortgage loan for the purpose of obtaining discovery from the Debtors in

third party litigation; and (d) borrowers under a mortgage loan originated or serviced by the Debtors for the purpose of liquidating a Borrower Claim (as defined in the Plan) with prior written consent of the Plan Trustee (collectively, the "Enumerated Stay Exceptions"). A copy of paragraph 51 of the Confirmation Order is attached hereto as Exhibit A.

**B.    Background Specific to the Motion**

5.    On or about March 22, 2007, American Home Mortgage Corp. d/b/a American Brokers Conduit originated a loan (the "Loan") to John May ("May") for real property located at 223 E. Third Street, Cloverdale, CA 95425 (the "Property").

6.    According to the Debtors' records the Loan was sold on or about June 6, 2007, and was included in the AHMAT 2007-3 securitization.

7.    Eight days after the Petition Date, on August 14, 2007, May filed suit against, *inter alia,* "America's Broker Conduit" and "American Home Mortgage Servicing"[3] (the "Rescission Action"). The Debtors were not served with the Rescission Action. Records produced to the Debtors indicate that Northwest Trustee Services, Inc. as Agent for Mortgage Electronic Registration Systems, Inc. by First American Title Insurance Company, as Agent initiated a non-judicial foreclosure action against May on July 24, 2007.

8.    On August 12, 2008, May received a default judgment (the "Default Judgment") against "America's Broker Conduit" and "American Home Mortgage Servicing" granting May the remedy of rescission of the Loan secured by the Property. The Debtors were not served with the Default Judgment.

9.    Contrary to the Movants' claims, the Plan Trust first learned of the various litigations and disputes concerning the Loan when the Movants filed the Motion on March 2, 2016. While the Movants allege that "Debtor, American Home Mortgage

---

[3] Neither of these entities is the proper legal name of a Debtor.

Holdings, Inc. unsuccessfully moved twice to set aside the default entered against it without giving notice to Movants" and that the Debtor entered into a Stipulation with May to set aside the default without notice to the Movants, such statement is incorrect to the extent it implies that the Debtor, or the Plan Trust, took any post-petition action with respect the Loan.  Neither the Plan Trust, nor the Debtors, took any action with respect to this Loan after it was sold pre-petition on June 6, 2007.[4]

## Objection

10. By the Motion, the Movants seek (a) permission to initiate and continue the prosecution of their claims against the successors in interest to the Debtors, and (b) to modify the automatic stay *nunc pro tunc* to the Petition Date to validate the Default Judgment entered against America's Broker Conduit and American Home Mortgage Servicing.

11. The Plan Trustee does not object to the portion of the Motion to the extent the Movants are solely seeking to initiate or continue the prosecution of their claims against successors in interests to the Debtors, and such claims have been, and will continue to be, prosecuted in accordance with an Enumerated Stay Exception.[5]  However, the Movants shall be required to identify the Enumerated Stay Exception pursuant to which they are proceeding.  To the extent the Movants seek to initiate or continue claims that would be in violation of the Enumerated Stay Exception, the Plan Trustee objects to such relief as the Movants have not demonstrated sufficient cause.

---

[4] The Plan Trust does not know if the alleged actions were taken in the name of the Debtors by a third party, and if that third party taking such actions had the authority to take such actions pursuant to a power of attorney or other legal documentation.

01:18462589.1

12. The Plan Trustee, however, does object to the portion of the Motion by which the Movants are seeking to ratify violations of the automatic stay where the underlying relief sought was not an Enumerated Stay Exception.

13. "[T]he general principle [is] that any creditor action taken in violation of an automatic stay is void *ab initio*." In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994). However, a violation of the automatic stay may be permitted through *nunc pro tunc* relief. The standard for such relief in the Third Circuit is: "(1) whether the creditor was aware of the filing or encouraged violation of the automatic stay; (2) whether the debtor engaged in inequitable, unreasonable, or dishonest behavior; and (3) whether the creditor would be prejudiced." See In re Myers, 491 F.3d 120, 129 (3d Cir. 2007); see also Delaware Trust Company v. Energy Future Intermediate Holding Company LLC (In re Energy Future Holdings Corp.), Adv. Pro. No. 14-50363 (Bankr. Del. July 8, 2015) (articulating same standard).

14. The Motion does not specifically address this standard, but does assert that the Movants (but not May) were not aware of the bankruptcy filing. However, the Motion does not explain how the Movants would be prejudiced if the improper Default Judgment is not ratified by this Court. While the Movants state that retroactive relief "is appropriate to ratify actions taken by the Debtors, their successors and certain third parties prior to the Movants learning of the existence of the Debtors' bankruptcy filing" it is not clear what actions the Movants believe the Debtors have taken. Given the fact that the Debtors did not own the loan at the time of Default Judgment, it is difficult to understand

---

[5] While the Enumerated Stay Exceptions were only applicable after the Effective Date, the Plan Trustee does not contest any relief that is consistent with the Enumerated Stay Exceptions even if it was achieved through technical stay violations.

how this Default Judgment assists the Movants in litigating their claim regarding ownership of the Property.[6]

15. Furthermore, the Rescission Action was not permissible under the Enumerated Stay Exceptions because May did not proceed against the Debtors "**nominally** for the purpose of obtaining relief against a non-Debtor party." Instead, it appears that the primary purpose of the Rescission Action was to seek actual relief solely against the Debtors in violation of the automatic stay.

16. Additionally, if the Motion is denied, the Movants would still be able to litigate their claims against other parties[7] with alleged interests in the Property and may even name the Debtors as nominal defendants pursuant to the Enumerated Stay Exceptions. Accordingly, there is no need or basis to grant the Motion, and Movants may proceed as permitted, like any other borrower (or successor to a borrower) pursuant to this Court's Confirmation Order. In short, the Plan Trustee does not see any "cause" for why relief from the automatic stay should be granted or why such relief *nunc pro tunc* to the Petition Date is warranted. Accordingly, the Plan Trustee believes the Motion must be denied to the extent it seeks to ratify violations of the automatic stay where the underlying relief sought was not an Enumerated Stay Exception.[8]

## CONCLUSION

WHEREFORE, the Plan Trustee respectfully requests that this Court enter an order (a) denying the Motion in part with respect to the request to modify the automatic stay

---

[6] Additionally, the underlying papers regarding the Default Motion were never served on the Debtors.

[7] It is unclear if the Movants served this Motion on Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, the parties the Movants have identified in the Motion as the parties in interest to the Property.

[8] The Plan Trustee notes that the Debtors did not have an ownership interest in the Property on the Petition Date, the date the Rescission Action was commenced or the date the Default Judgment was entered. Furthermore, in the Rescission Action May failed to name any of the legal entities of the Debtors.

*nunc pro tunc* to the Petition Date to validate the Default Judgment entered against America's Broker Conduit and American Home Mortgage Servicing, (b) require the Movants to identify an Enumerated Stay Exception with respect to their request to initiate and continue the prosecution of their claims against the successors in interest to the Debtors, (c) such other relief as this Court may deem proper.

| | |
|---|---|
| Dated: March 21, 2016<br>Wilmington, Delaware | YOUNG, CONAWAY, STARGATT & TAYLOR, LLP<br><br> */s/ Sean M. Beach* <br>Sean M. Beach (No. 4070)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>HAHN & HESSEN LLP<br>Mark S. Indelicato<br>Edward L. Schnitzer<br>Joseph Orbach<br>488 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 478-7200<br>Facsimile: (212) 478-7400<br><br>*Co-Counsel to the Plan Trustee* |

---

Accordingly, the Plan Trustee is uncertain what import the Default Judgment has in light of these deficiencies; however the Plan Trustee files this Objection to avoid any ambiguity.

**EXHIBIT A**

Bar Date pursuant to Bankruptcy Rule 9006(b) to obtain Allowance of, and distribution upon, a Borrower Claim against any Debtor.

50.  **Rights of Borrowers Against Non-Debtor Parties.** Except as provided in Article 12D of the Plan with respect to Exculpated Parties, nothing in the Plan or this Confirmation Order shall (i) in any way affect the claims, defenses, or remedies of borrowers under mortgage loans originated or serviced by any Debtor as against any non-Debtor party, (ii) preclude or inhibit a borrower from asserting a claim against a non-Debtor party in a forum other than the Bankruptcy Court, without prior leave from the Bankruptcy Court, or (iii) preclude or inhibit the Holder of an Allowed Borrower Claim from filing and prosecuting a motion to equitably subordinate for distribution purposes all or part of another Allowed Claim to such Allowed Borrower Claim to the extent permitted by section 510(c)(1) of the Bankruptcy Code.

51.  **Modification of Injunction and Stays for Borrowers.** The injunctions and automatic stay provided in Article 12 of the Plan and any corresponding provisions of this Confirmation Order shall be deemed modified to the extent necessary to permit:

(i)  the borrower(s) under any mortgage loan against whom a foreclosure is commenced by or on behalf of the Plan Trust or any Debtor, (A) in the case of a judicial foreclosure, to assert and prosecute, in the foreclosure action, any defenses or counterclaims (including, without limitation, any right to set off or recoup a Borrower Claim against amounts due and owing on such mortgage loan) against the Plan Trust or Debtor that are otherwise available under applicable nonbankruptcy law, or, (B) in the case of a nonjudicial foreclosure, ~~to~~ solely to commence and prosecute an action ~~for declaratory and/or injunctive relief~~ against the Plan Trust, Debtor, and/or loan servicer ~~to halt~~ as necessary ~~and~~ to halt and for the purpose of halting the foreclosure;

(ii) the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence or continue an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party, provided, that the commencement or continuation of an action or cross-claim against a Debtor by a borrower which seeks relief against such Debtor shall not subject such borrower or his or her counsel to sanctions for violation of the automatic stay, Article 12A of the Plan, or Paragraph 8 of this Confirmation Order, to the extent such actions were taken in good faith and without knowledge of the Plan and Confirmation Order;

(iii) the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to compel third-party discovery from the Debtors and/or the Plan Trust in litigation with a non-Debtor party, provided, however, that nothing in Article 17 of the Plan shall be construed to require the Debtors or the Plan Trust, as applicable, to respond to any such request for discovery or prevent the Debtors or the Plan Trust, as applicable, from opposing any request for discovery on any grounds available under applicable law; and

(iv) the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence or continue an action against such Debtor(s) for the purpose of liquidating a Borrower Claim against such Debtor(s) with (A) prior leave of the Bankruptcy Court (whether obtained before or after the Effective Date) or (B) prior written consent from the Plan Trustee, without leave of the Bankruptcy Court.

52. **Objections to Borrowers' Claims.** Prior to objecting to a Borrower Claim, the Debtors, if before the Effective Date, or the Plan Trustee, if on or after the Effective Date, shall (i) use reasonable efforts to contact the borrower-claimant to obtain information regarding