IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF

| | |
|---|---|
| IN RE:<br><br>American Home Mortgage Holdings, Inc., *et al.,*<br>DETORS. | Chapter 11<br><br>Case No. 07-11047-CSS<br>(Jointly Administered) |
| Wells Fargo Bank, N.A.,<br>MOVANT<br><br>v.<br><br>American Home Mortgage Holdings, Inc.,<br>DEBTOR. | Hearing Date: 6/28/2016, 1 PM<br>Objection Deadline: 6/21/2016 at 4 PM |

**MOTION OF WELLS FARGO BANK, N.A. FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO SECTION 362(d)
OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO AUGUST 6, 2007**

COMES NOW Wells Fargo Bank, N.A. ("Movant") by and through its undersigned counsel, the Atlantic Law Group, LLC and hereby respectfully moves this Honorable Court pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 to enter an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 for the purpose of permitting the prosecution of Movant's cause of action in the Circuit Court of Prince George's County of the State of Maryland, and specifically for an Order granting relief *Nunc Pro Tunc* to the date of the filing of this case, August 6, 2007. In support of this request, Movant respectfully submits the following:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. The instant request for relief under Section 362 of the U.S. Bankruptcy Code is a contested matter within the meaning of 9014 and 4001 of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

3. On or about August 6, 2007, American Home Mortgage Holdings, Inc. *et al.*, (hereinafter collectively referred to as "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the District of Delaware. The Court entered an order to allow for the joint administration of the Debtors' cases for procedural purposes.

4. An official committee of unsecured creditors has been appointed in this case.

5. Movant is a national banking association organized under the laws of the United States of America.

## BACKGROUND

6. On or about May 29, 1990, Deno Fidelis Bocchi and Mary M. Bocchi (hereinafter "Obligors") obtained title to 4103 55th Ave, Bladensburg, Maryland 201710 ("the Property") pursuant to a Deed of Trust dated May 29, 1990, and recorded on May 31, 1990, at Deed Book 7659, Page 448, in the land records of Prince George's County, Maryland. A copy of the Deed of Trust is attached as **Exhibit A**.

7. On or about June 15, 1993, the Obligors executed and delivered to PaineWebber Mortgage Finance, Inc. a Deed of Trust in the principal amount of ONE-HUNDRED SEVEN THOUSAND SEVEN-HUNDRED FIFTY dollars ($107,750.00) (hereinafter the "1993 Deed of Trust"). A copy of the 1993 Deed of Trust is attached as **Exhibit B** and incorporated herein.

8. The 1993 Deed of Trust was recorded on June 29, 1993, at Deed Book 8860, Page 463, in the land records of Prince George's County, Maryland. A copy of the 1993 Deed of Trust is attached as **Exhibit B** and incorporated herein.

9. On or about November 2, 1998, the Obligors' refinanced the 1993 Deed of Trust with a new loan in the original principal amount of ONE-HUNDRED-NINE THOUSAND AND SIX-HUNDRED-TEN DOLLARS ($109,610.00) from AmeriGroup Mortgage Corporation (hereinafter "Refinance Loan").

10. The Refinance Loan was secured by a Deed of Trust dated November 25, 1998, and recorded on March 16, 1999, at Deed Book 12913, Page 229, in the land records of Prince George's County, Maryland (hereinafter "1998 Deed of Trust"). A copy of the 1998 Deed of Trust is attached as **Exhibit C** and incorporated herein.

11. As part of the 1998 Deed of Trust, the Obligors executed a Finance Affidavit, which referenced the 1993 Deed of Trust. The Finance Affidavit indicated that the refinanced loan with PaineWebber Mortgage Finance, Inc., related to the 1993 Deed of Trust had an unpaid principal balance of ONE-HUNDRED-TWO THOUSAND ONE DOLLARS AND NINETY-ONE CENTS ($102,001.91).

12. On or about July 10, 2003, the Obligors executed a Deed in Trust in favor of the Mortgage Electronic Registration Systems, Inc., solely as nominee for Lender and Lender's Successors and assigns, which named New Freedom Mortgage Corporation as the Lender (hereinafter the "2003 Deed of Trust"). A copy of the 2003 Deed of Trust is attached as **Exhibit D** and incorporated herein.

13. The 2003 Deed of Trust is recorded at deed book 21551, page 294 in the Land Records of Prince George's County, Maryland.

14. On or about September 30, 2011, the 2003 Deed of Trust was assigned to Movant. Movant is the secured party under the 2003 Deed of Trust and the holder and loan servicer of the loan seucred by the 2003 Deed of Trust.

15. An assignment of the 2003 Deed of Trust was recorded on October 26, 2011 at Book 33046, Page 239, in the land records of Prince George's County, Maryland (hereinafter the "Assignment"). A copy of the Assignment is attached hereto as **Exhibit E**.

16. On or about April 16, 2014, Movant filed a *lis pendens* action under Maryland law in the Circuit Court for Prince George's County against PaineWebber Mortgage Finance Inc. *et al.* that sought a declaratory judgment that Movant was entitled to a first position lien, interest, encumbrance against the Property pursuant to the Refinance Loan and 1998 Deed of Trust and that the PaineWebber Loan has been fully paid off and satisfied such that the 1993 Deed of Trust should be released. (Case No. CAE14-09263).

17. Upon information and belief the mortgage in favor of PaineWebber Mortgage Finance, Inc. and secured by the 1993 Deed of Trust was paid and satisfied, and, therefore, should have been released.

18. However, PaineWebber Mortgage Finance, Inc. and its successors and/or assigns have failed to release the 1993 Deed of Trust and have created a cloud on title to the Property.

19. On or about June 10, 2014, Movant filed a Suggestion of Bankruptcy with the Circuit Court for Prince George's County.

## RELIEF REQUESTED

20. Movant respectfully seeks relief from the automatic stay *Nunc Pro Tunc* to the Petition Date, August 6, 2007, to resume a *lis pendens* action pending in the Circuit Court for Prince George's County, Maryland.

## BASIS FOR THE RELIEF REQUESTED

21. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….. for cause…..

11 U.S.C. § 362(d). The term "cause" is not defined in the Bankruptcy Code; therefore, it must be determined on a case-by-case basis. *In re Rexene Prods. Co.*, 141 B. R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often….. examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B. R. 852, 856 (Bank. D. Del. 2007).

22. Courts often follow the logic of the intent behind § 362(d), which is that it is often appropriate to allow litigation to proceed in its initial forum, if no prejudice to the estate, 'in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B. R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d) (internal citations omitted)).

23. This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: 1) whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; 2) whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and 3) the creditor's probability of success on the merits. *See In Re Tribune Co.*, 418 B. R. 116, 126 (Bankr. D. Del. 2009).

24. Here, the facts weigh in the Movant's favor on each of the three prongs. First, the Debtor will not suffer prejudice should the stay be lifted because the Debtor is no longer the owner of the relevant satisfied note and 1993 Deed of Trust.

25. Second, the Movant will face substantial hardship if the stay is not lifted. This matter has been proceeding in Maryland since 2014. In that time, the Movant has expended considerable time, effort and money to clear title to the Property. Any further delay will only cost Movant time and money. If Movant is not permitted to finalize the pending *lis pendens* action in the forum of its choice, then the litigation must be transferred to the District of Delaware, 28 U.S.C. § 157(b)(5). The Circuit Court of Prince George's County Maryland is a

more appropriate forum within which to litigate an action governed by Maryland property law, especially in light of the factual familiarity the Maryland forum gained during the years of exposure to the *lis pendens* action there. *See In Re The Conference of African Union First Colored Methodist Protestant Church*, 184 B.R. 207, 218 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues which it had expertise). Debtors will not suffer any hardship if the Movant's action is allowed to proceed in Maryland. The action is a *lis pendens* action, which does not present factual or legal issues which will impact or distract Debtors from the reorganization process. Further, Debtors possess zero pecuniary interest in the Property.

26.     Third, the Court has instructed that "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). This prong, too, weighs in Movant's favor. No strong defense exists here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

27.     Movant respectfully submits that on the facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim; *In Re Rexene Prods. Inc.*, 141 B.R. at 576 (legislative history indicates that "cause" may be established by a single factor – such as permitting an action to proceed in a separate tribunal).

28.     In accordance with 11 U.S.C. § 362(d), bankruptcy courts are authorized to grant an annulment of the stay to ratify retroactively violations of the automatic stay. *See In re Siciliano*, 13 F.3D 748, 751 (3d Cir. 1994) (finding that a "post-petition sheriff's sale would have been validated as an exception to the void *ab initio* rule" if the bankruptcy court had granted an

annulment of the stay). Here, a retroactive grant of stay relief is appropriate to ratify actions taken by Movant, its successors, assigns and/or third parties prior to it learning of the existence of Debtors' bankruptcy filing and the imposition of the automatic stay.

## RELIEF REQUESTED

WHEREFORE, Movant respectfully requests the entry of an Order that modifies the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movant to prosecute the Maryland action to judgment or other resolution.

Respectfully submitted,

Date: May 26, 2016

/s/ Brenna A. Dolphin
Brenna A. Dolphin (DE Bar No. 5604)
Atlantic Law Group, LLC
913 N Market St, Suite 1011
Wilmington, DE 19801
302-448-4342 telephone
bdolphin@atlanticlawgrp.com
*Attorneys for Movant*