IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                              : Chapter 11
                                                    :
AMERICAN HOME MORTGAGE HOLDINGS, INC., : Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                     :
                                                    : Jointly Administered
                    Debtors.                        :
                                                    :
------------------------------------------------------------ x

### CERTIFICATION OF COUNSEL SUBMITTING CONSENT ORDER REGARDING MOTION OF WELLS FARGO BANK, N.A. FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

The undersigned counsel for Wells Fargo Bank, N.A. ("Wells Fargo"), hereby certifies as follows:

1. On May 26, 2016, Wells Fargo filed a Motion For Relief From the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code *Nunc Pro Tunc* to August 6, 2007 [D.I. 1121] (the "Motion"). The Motion was noticed for a hearing on June 28, 2016 and the objection deadline was set as June 21, 2016. The Motion was served on Deno and Mary Bocchi, owners of the property at issue in the Action (as defined below). No formal objections have been filed.

2. After the Motion was filed, counsel to Steven D. Sass, as trustee (the "Trustee") of the trust (the "Plan Trust") established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in the above-captioned cases contacted me to discuss the Motion, and following discussions the parties have agreed to the terms of a mutually acceptable order to resolve the Motion.

3. Pursuant to the Motion, Wells Fargo seeks stay relief to proceed with a *lis pendens* action commenced on or about April 14, 2014 in the Circuit Court For Prince George's County, Maryland (the "Action"). In addition to naming the property owners in the Action,

Wells Fargo named Paine Weber Mortgage Finance, Inc. k/n/a AHM SV, Inc. By the Action, Wells Fargo seeks to establish that a mortgage issued to Paine Weber Mortgage Finance, Inc. had been satisfied in 1998 and such lien on the property should be released. Additionally, Wells Fargo requested costs and attorney fees.

4. On June 10, 2014 the Plan Trust caused to be filed a Suggestion of Bankruptcy in the Action thereby causing the Action to be stayed.

5. Paragraph 7 of the Court's order confirming the Plan (the "Confirmation Order") [D.I. 7042] provides for the continuation of the automatic stay under § 362 of the Bankruptcy Code until the earlier of entry of a final decree or dissolution of the Plan Trust. Accordingly, stay relief is required to allow the Action to proceed.

6. The Plan Trust has reviewed their records and informed me that they have no record of an active loan or an active lien on the subject property, which is consistent with Wells Fargo's records that such loan was paid off through a refinancing in 1998. Accordingly, the Plan Trust has no objection to Paine Weber Mortgage Finance, Inc. k/n/a AHM SV, Inc. being a defendant in the Action to clear title to the property, provided that Wells Fargo agrees not to seek any costs, fees or claims against the Debtors, and that Wells Fargo will solely proceed on the declaratory action relief set forth in the Action.

7. Paragraph 51(ii) of the Confirmation Order (the "Nominal Defendant Provision") modifies the automatic stay prospectively, to the extent necessary to permit "the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence or continue an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party . . . ." The Action was commenced by Wells Fargo and not the borrowers under a loan from the Debtors; however, given that the Plan Trust has

determined it has no ownership rights in the property, the Plan Trust believes that relief from the automatic stay is consistent with the spirit of the Nominal Defendant Provision.

    8.  Accordingly, the undersigned and counsel for the Plan Trust have conferred and agreed upon on a form of consent order to resolve the Motion, which is attached hereto as Exhibit A.

WHEREFORE, Wells Fargo respectfully requests that the Court enter the order attached hereto as <u>Exhibit A</u> at its earliest convenience, without further notice or hearing. The undersigned is available to answer any questions the Court may have

Dated: Wilmington, Delaware  ATLANTIC LAW GROUP, LLC
    June 22, 2016

              /s/ *(signature)*
              Brenna A. Dolphin (DE No. 5604)
              913 North Market Street, Suite 1011
              Wilmington, Delaware 19801
              Telephone: (302) 448-4342
              Facsimile: (302) 213-0043
              bdolphin@atlanticlawgrp.com

              *Counsel for Wells Fargo Bank, N.A.*