**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: AMERICAN HOME MORTGAGE HOLDINGS, INC.,<br><br>Debtor.<br><br><br>COLONIAL SAVINGS, F.A.,<br><br>Movant,<br><br>and<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC.,<br><br>Debtor. | Chapter 11<br>Case No. 07-11047-CSS<br><br><br><br><br><br><br><br><br><br>**Objections due: 10/31/16 @ 4:00 p.m.**<br><br>**Hearing Date: 11/7/16 @ 10:00 a.m.** |

**MOTION OF COLONIAL SAVINGS, F.A. FOR RELIEF**
**FROM AUTOMATIC STAY**
**AS TO 234 EMMITSBURG ROAD, THURMONT, MD 21788**

Colonial Savings, F.A. ("Movant"), by and through its undersigned counsel, hereby moves this Court pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Fed. R. Bankr. P. 9014, for an order terminating the automatic stay of 11 U.S.C. § 362 (the "Motion") *nunc pro tunc*, to allow Movant and any subsequent holders of the loan and/or mortgage documents evidencing Movant's claim and security interest in certain real property in which the above-captioned Debtor (the "Debtor"), claims an interest, to exercise all rights and remedies as a secured creditor of Debtor with respect to such real property including, without limitation, filing a declaratory action as to 234 Emmitsburg Road, Thurmont, MD 21788 (hereinafter "Property"). In support of this Motion, Movant respectfully represents as follows:

**SUMMARY**

1. This is a motion for relief from the automatic stay regarding a Deed of Trust on real property. The Movant's records reflect that Debtor filed its Chapter 11 petition on August 6, 2007. Debtor holds a first Deed of Trust on real property on which Movant also holds a Deed of Trust. Movant wishes to file a declaratory action, which may affect Debtor's interest in the Property.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

**BACKGROUND**

3. The Borrowers, Charles H. Clark and Theresa Saylor-Clark (herinafter "Borrowers") are the owners of the Property. The Debtor is the holder of a note (the "Note"), in the principal amount of $50,600.00 executed by Borrowers (the "Prior Loan") on November 4, 2004.

4. The original Deed of Trust from Borrowers to American Home Mortgage was executed on November 4, 2004 and recorded on November 8, 2004 in Liber 4953, Folio 0165. A copy of the Deed of Trust is attached hereto as **Exhibit A**.

5. On March 9, 2005, Colonial Savings, N.A. ("Colonial" or "Movant") loaned the Borrowers $208,000 (the "Refinance Loan") and the Borrowers executed a promisorry note (the "Note"),

6. To secure repayment of the Note, the Borrowers executed a Deed of Trust ("Refinance Deed of Trust") dated March 9, 2005 which was recorded in Liber 5209, Folio 0598. The Refinance Deed of Trust was assigned to Colonial on October 21, 2013 which Assignemnt was recorded in Book 09828 Page 0310. Copies of the Note, Refinance Deed of Trust, and Assignment are attached respectively hereto as **Exhibits B, C, and D**.

7. By signing the Refinance Deed of Trust, the Borrowers intended to convey to Colonial a first priority lien and security interest in the Property. The Borrowers subsequently entered into a Home Affordable Modification Agreement, attached hereto as **Exhibit E.**

8. Upon information and belief, the debt secured by the Prior Deed of Trust has been fully paid off and discharged; however, due to inadvertence, the release of the Prior Deed of Trust was not recorded in the land records of Frederick County. A copy of the HUD 1 settlement sheet for the closing of the Refinance Loan reflecting a disbursement to American Hoem Mortgage Servicing Inc. of $200,649.95 is attached hereto as **Exhibit F.**

9. As a result, there is a cloud on the title to the Property and Movant seeks relief from stay in order to file a declaratory action so that it may proceed with a foreclosure proceeding..

10. Borrowers are in default of the Note and Refinance Deed of Trust obligations to Movant as they have failed to make any of the Note and Refinance Deed of Trust payments due July 1, 2013 through September 1, 2016. The payoff of the Note is currently $222,846.71 good through October 14, 2016, see Affidavit attached as **Exhibit G**.

11. According to Tax Assessement information obtained from Frederick County, the Property has a value of approximately $242,600.00. See printout of the Tax

Assessment attached as **Exhibit H.** It appears there is no equity in the Property after factoring in costs of sale.

## MOVANT IS ENTITLED TO RELIEF FROM STAY

12. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> (d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
>> (1) for cause, including lack of adequate protection of an interest in property;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>>
>>> (A) Debtor does not have equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d).

13. The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis. See In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992). As discussed below, ample "cause" exists to support Movant's request for relief from the automatic stay under section 362 of the Bankruptcy Code.

14. Section 362(d) provides that the court shall grant relief from the automatic stay for cause, including the lack of adequate protection. Therefore, relief is mandated if cause is shown. Moreover, when a creditor meets its initial burden on the issue of cause under section 362,, the burden shifts to Debtor to show how the creditor is adequately protected. In re Epic Capital Corp., 290 B.R. 514, 526 (Bankr. D. De. 2003); In re Hinchliffe, 164 B.R. 45, 48 (Bankr.

E.D. Pa. 1994). If Debtor does not meet this burden, then the court should grant the creditor's request for relief. Id.

15. Cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any and all subsequent holders of the Note and/or Refinance Deed of Trist, to take all actions necessary to exercise all rights and remedies against the Property including, without limitation, filing a declaratory action in order to remove the cloud on title. The justifications are, inter alia, that Movant's interest in the Property is not and cannot be adequately protected during the further maintenance of the automatic stay in this case as a result of Borrowers' failure to remit timely payments to Movant. Based upon available information, the Debtor no longer has an interest in this Property but this Motion is being filed in an abundance of caution because a lien interest appears of record. Relief from stay is necessary in order to perform necessary discovery and proceed to quiet title through a declaratory action.

## NOTICE

16. Notice of this Motion has been given to Debtor, Debtor's counsel, counsel for U.S. Trustee's office, counsel for the unsecured creditors' committee and the Borrowers. . Movant submits that no other or further notice is necessary with respect to the Motion.

**WHEREFORE,** Colonial Savings, F.A., respectfully requests that the Court enter an order: granting relief from stay to allow it, and any and all subsequent holders of the Note and/or Deed of Trust, to exercise all rights and remedies against the Property as a secured creditor of Borrowers in accordance with the Refinance Deed of Trust and applicable law, including without limitation, filing a declaratory action.

                                            McCABE, WEISBERG & CONWAY, P.C.

                                            */S/  Kristi J. Doughty*
                                            Janet Z. Charlton, Esquire (No. 2797)
                                            Chase N. Miller, Esquire (No. 5363)
                                            Kristi J. Doughty, Esquire (No. 3826)
                                            1407 Foulk Road, Suite 102
                                            Foulkstone Plaza
                                            Wilmington, DE 19803
                                            (302) 409-3520 [tel]
                                            (855) 425-1980 [fax]
                                            Attorney for Creditor

DATED: October 3, 2016