**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------------- x
In re:                                                                :   Chapter 11
                                                                      :
AMERICAN HOME MORTGAGE                                                :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et                            :
al.,[1]                                                               :   Jointly Administered
                                                                      :
                    Debtors.                                          :
---------------------------------------------------------------------- x

**DECLARATION OF STEVEN D. SASS IN SUPPORT OF THE MOTION**
**FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363**
**AND 554 AUTHORIZING THE ABANDONMENT**
**AND DESTRUCTION OF DOCUMENTS AND RECORDS**

    1.    My name is Steven D. Sass. I am over the age of 18 and competent to testify and make this Declaration (the "Declaration"). I am the Plan Trustee, as defined in the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 [D.I. 7029] (the "Plan").

    2.    In my capacity as Plan Trustee, I am responsible for, among other things, the preservation and maintenance of all documents and electronic data transferred to or otherwise acquired by the Plan Trust and/or, in my sole discretion and without prior approval, the abandonment or destruction of such records in accordance with prior orders of the Court.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc., a Maryland corporation (f/k/a American Home Mortgage Servicing, Inc.) (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The address for all of the Debtors is P.O. Box 10550, Melville, New York 11747

3. I am authorized to submit this Declaration on behalf of the Plan Trust in support of the *Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records* (the "Motion").[2]

4. All facts set forth in this Declaration are based upon my personal knowledge, upon my review of relevant documents, upon my opinion based upon my experience and knowledge of the Debtors' businesses and document storage practices or upon information provided to me by Plan Trust employees or advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5. As set forth more fully in the Motion, the Plan Trustee currently has authority pursuant to the Disposition Orders to destroy – and in fact has destroyed – all of its documents and records **except** its remaining servers and electronic storage media comprised of: (i) forty-eight active servers and four dormant servers and (ii) approximately 5,000 sever back-up tapes which contain copies of the applications and data stored on the servers dating back to 2002 (collectively, the "Remaining Records").

6. In my capacity as Plan Trustee, I am now requesting authorization to abandon and destroy the Remaining Records.

7. I no longer need the Remaining Records for any business operations or for completing the wind-down of these chapter 11 cases, which I anticipate will be substantially concluded by the end of 2017. Specifically, I am preparing to make a second distribution to creditors in the first quarter of 2017 and plan on exiting the Farmingdale Facility when the existing lease concludes on February 28, 2017[3]. Given the imminent close of these cases

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] To the extent I must renew the lease at the Farmingdale Facility, I must provide notice to the landlord on or before November 1, 2016. During the previous renewal, the Farmingdale Facility landlord was not amenable to a month-to-month lease arrangement.

01:19407275.1

and exit from the Farmingdale Facility which houses the Remaining Records, I am seeking authority to abandon and destroy the Remaining Records as soon as possible so I am able to undertake an orderly disposal of the servers and storage media over the next several months.

8. The Remaining Records are not related to any known pending litigations against the Debtors, nor are they necessary for any third-party litigations as I have complied with all outstanding subpoena requests to the best of my ability based on the information provided by the subpoenaing party. Specifically, for all third-party subpoenas seeking loan files in which the subpoenaing party has provided me or my professionals with Debtor loan numbers and/or sufficient information on the borrower and/or property address, all available imaged loan files have been produced in response to the subpoena. In instances where the subpoenaing party has not provided me or my professionals with Debtor loan numbers and/or sufficient information on the borrower and/or property address, despite request for such information, I have been unable, and am unable, to provide copies of any available imaged loan files. While some subpoenaing parties have reserved the right to request additional loan files or seek other documents from the Remaining Records, there are no pending specific requests for such additional loan files/documents.

9. Additionally, the small group of parties who expressed interest with respect to the Debtors' remaining documents and records in connection with the Fifth and Sixth Disposition Motions were given an opportunity to (and did) review and copy any remaining documents and records in the Farmingdale Facility which they deemed relevant.

10. As a result, I believe that the relief requested in the Motion is in the best interests of the Plan Trust and the Debtors' estates and their creditors.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 14, 2016

/s/ *Steven D. Sass*
Steven D. Sass