## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------- x

In re:                                                :   Chapter 11

                                                                      :

AMERICAN HOME MORTGAGE        :   Case No. 07-11047 (CSS)
HOLDINGS, INC., a Delaware corporation, et   :
al.[1],                                                   :   Jointly Administered

                                                                  :

        Debtors.                            :   **Obj. Deadline: October 28, 2016 at 4:00 p.m.**
                                                            x   **(ET)**
                                                                      **Hr'g Date:  November 7, 2016 at 10:00 a.m. (ET)**

---------------------------------------------------------------------

## SECOND MOTION FOR AN ORDER EXTENDING
## THE PLAN TRUST TERMINATION DATE

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust")

established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of*

*February 18, 2009* (the "Plan")[2] in connection with the chapter 11 cases of the above-captioned

debtors (collectively, the "Debtors"), hereby moves this Court (the "Motion") for the entry of an

order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to

Article 8, Section F(12) of the Plan, Paragraph 22 of the Confirmation Order (defined below),

Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule

9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580).  The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2]         Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

the term of the Plan Trust through and including December 31, 2017.  In support of the Motion, the Plan Trustee respectfully represents and states as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory bases for the relief sought herein are Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1).

## BACKGROUND

A.    **General Background**

3.      On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Between the Petition Date and the Plan Effective Date (as hereinafter defined), each Debtor operated its business and managed its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an Order of this Court.

4.      On February 23, 2009, the Court entered an Order confirming the Plan [D.I. 7042] (the "Confirmation Order").  The Plan became effective on November 30, 2010 (the "Plan Effective Date").

5.      Pursuant to the Plan, as of the Plan Effective Date, the Plan Trust was established and all of the Debtors' assets, causes of action, claims, rights and interests, succeeded, transferred and vested in the Plan Trust.  Steven D. Sass is the duly appointed Plan Trustee for the Plan Trust.  The Plan Trustee is vested with the rights, powers, and benefits set forth in the Plan, Confirmation Order and Plan Trust Agreement.

B.    **Claims Reconciliation**

6.    By Order dated October 30, 2007 [D.I. 1708], the Court established January 11,

2008 as the general bar date for filing of proofs of claim in the Debtors' chapter 11 cases.  All

proofs of claims, including general unsecured claims, received in these cases are recorded on the

official claims register maintained by Epiq Systems (f/k/a Epiq Bankruptcy Solutions LLC).

7.    To date, approximately 11,000 claims have been filed in the Debtors' chapter 11

cases.  The Plan Trustee has overseen the litigation or other resolution of substantially all claims

in the case, and only a handful of Disputed Claims[3] remain.  Pursuant to the terms of the Plan

and various orders of the Court, the deadline for the Plan Trust to object to Claims has been

extended through March 17, 2017.

C.    **Distributions**

8.    The Plan Trustee has made distributions to Holders of Allowed Secured,

Administrative and Priority Claims and, in or about May 2015, the Plan Trustee made a first

interim distribution to Holders of Allow General Unsecured Claims (the "Interim GUC

Distribution") pursuant to an Order of the Court entered on December 12, 2014 [D.I. 11050] (the

"Interim Distribution Order").

9.    Concurrently herewith, the Plan Trustee has filed a Motion (the "Second

Distribution Motion") seeking authorization to make a second distribution to the Holders of

Allowed General Unsecured Claims (the "Second GUC Distribution"), subject to appropriate

---

[3]    The Interim Distribution Order established a methodology for handling issues related to the Interim
GUC Distribution, including the treatment of certain claims as "Disputed Claims" as defined under the
Plan.  For example, the Interim Distribution Order authorized and directed the Plan Trustee "to treat any
Claims for which the Holders have not submitted an IRS Form W-9 as 'Disputed Claims' for purposes of
the Initial GUC Distribution, and to reserve any Missing W-9 Distributions pending receipt of Forms W-9
or further order of the Court." (Int. GUC Ord., at ¶ 13).

reserves for Disputed Claims.  To the extent the Court grants the Second Distribution Motion,

the Plan Trustee anticipates making the Second GUC Distribution in the first quarter of 2017.

## RELEVANT BACKGROUND

10.     Pursuant to the Plan,

> [t]he Plan Trust shall terminate after its liquidation, administration
> and distribution of the Plan Trust Assets in accordance with this
> Plan and its full performance of all other duties and functions set
> forth herein or in the Plan Trust Agreement.  The Plan Trust shall
> terminate no later than the fifth (5th) anniversary of the Effective
> Date; provided however, that, within a period of six (6) months
> prior to such termination date or any extended termination date, the
> Plan Trustee, with the consent of the Plan Oversight Committee,
> may extend the term of the Plan Trust if it is necessary to facilitate
> or complete the liquidation of the Plan Trust Assets administered
> by the Plan Trust; provided, further, however, that the aggregate of
> all such extensions shall not exceed three (3) years, unless the Plan
> Trustee receives a favorable ruling from the IRS that any further
> extension would not adversely affect the status of the Plan Trust as
> a "liquidating trust" for federal income tax purposes within the
> meaning of Treasury Regulation 301.7701-4(d).

Plan, Art. 8.F.12; *see also* Confirmation Order, p. 26.

11.     As the Effective Date was November 30, 2010, the original date on which the

Plan Trust was set to terminate under the terms of the Plan, Confirmation Order and the Plan

Trust Agreement was November 30, 2015 (the "Plan Trust Termination Date").

12.     On September 25, 2015, the Plan Trustee filed a motion seeking to further extend

the Plan Trust Termination Date until January 31, 2017 [D.I. 11141] (the "First Extension

Motion").  The Court entered an Order granting the First Extension Motion on October 13, 2015

[D.I. 11153] ("First Extension Order").

## RELIEF REQUESTED

13.     Absent the entry of an Order by this Court, the Plan Trust will terminate on

January 31, 2017. *See* First Extension Order, pg. 2.  As such, the Plan Trustee seeks the entry of

an order, substantially in the form of the Proposed Order, pursuant to Article 8, Section F(12) of

the Plan, Paragraph 22 of the Confirmation Order, Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1), extending the Plan Trust Termination Date through the earlier of (a) the finalization of the Plan Trust's liquidation, administration and distribution of the Plan Trust Assets and its full performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) December 31, 2017.  The Plan Trustee further requests that the extension proposed herein be without prejudice to his right to seek further extensions of the Plan Trust Termination Date, as necessary.

## BASIS FOR RELIEF

14.    As noted above, both the Plan and the Confirmation Order specifically contemplate an extension of the Plan Trust Termination Date provided that (i) any such extension is made with Plan Oversight Committee consent [(which consent has been obtained)], (ii) approved within six (6) months prior to the current Plan Trust Termination Date, and (iii), in the case of multiple extensions, the aggregate of all such extensions do not exceed three (3) years, absent a favorable ruling from the Internal Revenue Service ("IRS") that any extension in excess of that three (3) year period would not adversely affect the status of the Plan Trust within the meaning of the applicable Treasury Regulations.[4] *See id.*

15.    In addition, this Court has the authority to extend the Plan Trust Termination Date pursuant to Section 105(a) of the Bankruptcy Code, which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In doing so, the Court is not precluded from "taking any action or

---

[4]    The requirement to seek a favorable ruling from the IRS is not triggered by this Motion, as the three year extension period referenced in the Plan and Confirmation Order will expire on November 30, 2018.

making any determination necessary or appropriate to enforce or implement court orders [such as the Confirmation Order] or rules, or to prevent an abuse of process." *Id.*

16.    Furthermore, Bankruptcy Rule 9006(b)(1) permits the Court, in its discretion, to extend the Trust Termination Date for cause, with or without motion or notice.  Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period ...  by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period prescribed or as extended by a previous order . . . .

FED. R. BANKR. P. 9006(b)(1).  Here, the Plan Trustee is making this request prior to the current Plan Trust Termination Date and within the timeframe outlined in the Plan and Confirmation Order.  Accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

17.    Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 COLLIER ON BANKRUPTCY ¶ 9006.06 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).  In the context of determining whether "cause" exists regarding extensions of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See, e.g., In re Express One Int'l.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

18.    Since the Effective Date, the Plan Trustee has tirelessly worked with his professionals to reconcile the over 11,000 claims asserted against the Debtors and liquidate the Debtors' remaining assets.  With respect to the claims, the Plan Trustee has (i) diligently

reviewed and reconciled each of the claims asserted against the Debtors' estates, (ii) engaged with claimants to resolve claims whenever possible, and (iii) prosecuted and litigated objections to hundreds of claims, resulting in substantial reductions of the claims asserted against the Debtors' estates.  As a result of the Plan Trustee's diligent efforts, substantially all claims have been resolved and only a handful of "Disputed Claims" remain (including claims of Holders who have not yet provided the Plan Trustee with appropriate tax documentation).

19.     In addition, while the Plan Trustee has liquidated substantially all of the Debtors' assets and made certain distributions, including the Interim GUC Distribution, the Plan Trustee has concurrently filed the Second Distribution Motion, and does not anticipate making the Second GUC Distribution until the first quarter of 2017.

20.     Finally, the Plan Trustee continues to administer the Plan Trust and respond to various inquiries from creditors and former borrowers of the Debtors requesting information from the Plan Trustee.

21.     In short, given the status of the Debtors' chapter 11 cases and the remaining wind-down issues that need to be addressed in the coming months, the Plan Trustee submits that the relief requested herein is in the best interest of creditors (now, the beneficiaries of the Plan Trust), all parties-in-interest and judicial economy.  If the current Plan Trust Termination Date is not extended, the Plan Trustee may be forced to abandon remaining unliquidated assets and make a premature distribution of remaining Plan Trust Assets to creditors, which would significantly prejudice all parties-in-interest. *See* Plan Trust Agreement, § 8.1 ("Prior to and upon termination of the Plan Trust, the [Plan] Trust Assets will be distributed to the holders of Beneficial Interests….").  Accordingly, the Plan Trustee requests that this Court enter an order extending the current Plan Trust Termination Date to the earlier of (a) the finalization of the Plan Trust's liquidation, administration and distribution of the Plan Trust Assets and its full

performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) December 31, 2017.

## RESERVATION OF RIGHTS

22.     The Plan Trustee reserves his right to seek further extensions of the Plan Trust Termination Date, as necessary.

## NOTICE

23.     Notice of this Motion has been provided to (i) the Office of the United States Trustee and (ii) all parties who have filed a notice of appearance and request for service of papers in these chapter 11 cases.  In light of the nature of the relief requested, the Plan Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Plan Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (i) extending the current Plan Trust Termination Date to the earlier of (a) the finalization of the Plan Trust's liquidation, administration and distribution of the Plan Trust Assets and its full performance of all other duties and functions as set forth in the Plan and Plan Trust Agreement, and (b) December 31, 2017, and (ii) granting such other and further relief as the Court deems appropriate under the circumstances.

Dated: Wilmington, Delaware
         October 14, 2016

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By:     */s/ Patrick A. Jackson*
         Sean M. Beach (No. 4070)
         Patrick A. Jackson (No. 4976)
         Rodney Square
         1000 North King Street
         Wilmington, Delaware  19801
         Telephone:     (302) 571-6600
         Facsimile:     (302) 571-1253

01:19407274.1

- and -

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Alison M.
488 Madison Avenue
New York, New York 10022
Telephone:      (212) 478-7200
Facsimile:      (212) 478-7400

*Counsel to the Plan Trustee*

01:19407274.1