IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE HOLDINGS, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-11047-CSS, et seq.<br>(Jointly Administered) |

**LIMITED OBJECTION TO THE PLAN TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 554 AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF DOCUMENTS AND RECORDS**
*(related to Docket Number 11244)*

The Federal Deposit Insurance Corporation, in its capacity as Receiver for certain failed banks (the "FDIC"), respectfully submits this limited objection (the "Limited Objection") to the Plan Trustee's Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records (D.I. 11244) (the "Motion").

**LIMITED OBJECTION**

The FDIC respectfully requests that any order approving the Motion and authorizing the abandonment and destruction of loan files require the Trust to preserve loan files for a limited but sufficient period of time to enable the FDIC to obtain identifying information for loans relevant to ongoing securities litigation and serve subpoenas for the files relating to those loans.

The FDIC has brought various litigations in which it has asserted claims under federal and state securities laws related to the purchase by certain failed banks of residential mortgage backed securities. One of those cases—*Federal Deposit Insurance Corporation as Receiver for Colonial Bank v. Chase Mortgage Finance Corporation, et al.,* No. 12-cv-6166 (S.D.N.Y.)—remains in the early stages of fact discovery, and includes claims regarding one security containing mortgages known to have been originated by American Home Mortgage (CMALT

2007-A5). In connection with the *Colonial* case, the FDIC is working with the Trust to collect information that will enable the Trust to locate and produce relevant loan files. A second case, *Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Securities I LLC*, No. 12-CV-4000 (S.D.N.Y.), is on appeal, but the FDIC has strong reason to believe it will soon be remanded to the trial court and proceed to fact discovery.[1] That case includes claims regarding two securities containing mortgages known to have been originated by American Home Mortgage (CSMC 2006-6 and CMALT 2006-A6).

In both of these cases, the FDIC has alleged that the offering materials contained misstatements related to the underwriting of the underlying loans, as well as certain characteristics of the loans. In both cases, the FDIC anticipates that it will retain an expert who will testify about the underwriting of a sample of the underlying loans for each security, and who will need to review loan files that are subject to the Motion. In the *Colonial* case, the FDIC is diligently pursuing document discovery that will enable it to provide AHM loan numbers or other identifying information to the Trust sufficient to enable the Trust to locate and produce the relevant loan files. In the *Citizens National Bank/Strategic Capital Bank* case, the FDIC is diligently pursuing similar information and service of a loan file subpoena on the Trust, but it needs additional time to do so because the case is pending on appeal.[2]

---

[1] On November 9, 2015, the Second Circuit granted the FDIC's motion that the appeal be held in abeyance pending decision of the appeal in the *Colonial* case mentioned above because the two cases presented an identical legal issue related to the statute of repose. The *Colonial* case was decided in the FDIC's favor on May 19, 2016, and the *Citizens/Strategic* appeal was removed from abeyance and set for oral argument on November 8, 2016.

[2] After resolution of the Motion, the FDIC plans to seek permission to issue subpoenas under Federal Rule of Bankruptcy Procedure 2004 to three third parties known to have identifying information about the loan files it is seeking and to the Trustee for production of the loan files.

The FDIC believes that a period of 90 days, similar to the Review Period granted under this Court's Order dated February 20, 2015, which granted a prior motion to destroy a different group of documents, would be sufficient to ensure that documents vital to the FDIC's ongoing litigation are not destroyed.

## CONCLUSION

For the reasons set forth above, the FDIC respectfully asks that if the Motion is granted, it be subject to relief requested in this Limited Objection, and that the Court grant such other and further relief as it deems appropriate.

|  |  |
|---|---|
| Dated: October 20, 2016<br>Wilmington, Delaware | Respectfully submitted,<br><br>HILLER & ARBAN, LLC<br><br>**/s/ Brian Arban**<br>Adam Hiller (DE No. 4105)<br>Brian Arban (DE No. 4511)<br>1500 North French Street, 2nd Floor<br>Wilmington, Delaware 19801<br>(302) 442-7676 telephone<br>ahiller@hillerarban.com<br>barban@hillerarban.com<br><br>-and-<br><br>GRAIS & ELLSWORTH LLP<br>David J. Grais, Esq.<br>Kathryn E. Matthews, Esq.<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Tel. (212) 755-0100<br>Fax (212) 755-0052<br><br>*Counsel to FDIC as Receiver for Colonial Bank, FDIC as Receiver for Citizens National Bank, and FDIC as Receiver for Strategic Capital Bank* |