IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN HOME MORTGAGE HOLDINGS, INC., a Delaware corporation, et al., | Case No. 07-11047 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket No. 11242 |

---

**CERTIFICATION OF COUNSEL SUBMITTING CONSENT ORDER REGARDING MOTION OF COLONIAL SAVINGS, F.A. FOR LIMITED RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

The undersigned counsel for Colonial Savings, F.A. ("Colonial"), hereby certifies as follows:

1. On October 3, 2016, Colonial filed a Motion For Relief From the Automatic Stay Pursuant as to 234 Emmitsburg Road Thurmont, MD 21788 [D.I. 11242] (the "Motion"). The Motion was noticed for a hearing on November 7, 2016 and the objection deadline was set as October 31, 2016. The Motion was served on Charles and Theresa Clark, owners of the property at issue in the Action (as defined below). No formal objections have been filed.

2. After the Motion was filed, counsel to Steven D. Sass, as trustee (the "Trustee") of the trust (the "Plan Trust") established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in the above-captioned cases contacted me to discuss the Motion, and following discussions the parties have agreed to the terms of a mutually acceptable order to resolve the Motion.

3. Pursuant to the Motion, Colonial seeks stay relief to proceed with a *lis pendens* action commenced on or about June 25, 2015 in the Circuit Court For Prince George's County, Maryland (the "Action"). In addition to naming the property owners in the Action,

Colonial named American Home Mortgage AKA American Home Mortgage Corp. By the Action, Colonial seeks to establish that a mortgage issued to American Home Mortgage, Inc. had been satisfied in 2005 and such lien on the property should be released. Additionally, Colonial requested costs and attorney fees.

4. On July 27, 2015 the Plan Trust caused to be filed a Suggestion of Bankruptcy in the Action thereby causing the Action to be stayed.

5. Paragraph 7 of the Court's order confirming the Plan (the "Confirmation Order") [D.I. 7042] provides for the continuation of the automatic stay under § 362 of the Bankruptcy Code until the earlier of entry of a final decree or dissolution of the Plan Trust. Accordingly, stay relief is required to allow the Action to proceed.

6. The Plan Trust has reviewed their records and informed me that they have no record of an active loan or an active lien on the subject property, which is consistent with Colonial's records that such loan was paid off through a refinancing in 2005. Accordingly, the Plan Trust has no objection to American Home Mortgage AKA American Home Mortgage Corp. being a defendant in the Action to clear title to the property, provided that Colonial agrees not to seek any costs, fees or claims against the Debtors, and that Colonial will solely proceed on the declaratory action relief set forth in the Action.

7. Paragraph 51(ii) of the Confirmation Order (the "Nominal Defendant Provision") modifies the automatic stay prospectively, to the extent necessary to permit "the borrower(s) under any mortgage loan originated or serviced by one or more Debtors to commence or continue an action or cross-claim against such Debtor(s) nominally for the purpose of obtaining relief against a non-Debtor party . . . ." The Action was commenced by Colonial and not the borrowers under a loan from the Debtors; however, given that the Plan Trust has

determined it has no ownership rights in the property, the Plan Trust believes that relief from the automatic stay is consistent with the spirit of the Nominal Defendant Provision.

8. Accordingly, the undersigned and counsel for the Plan Trust have conferred and agreed upon on a form of consent order to resolve the Motion, which is attached hereto as Exhibit A.

WHEREFORE, Colonial respectfully requests that the Court enter the order attached hereto as Exhibit A at its earliest convenience, without further notice or hearing. The undersigned is available to answer any questions the Court may have

Dated: Wilmington, Delaware
November _____, 2016

MCCABE, WEISBERG & CONWAY, P.C.

*/s/ Kristi J. Doughty*_____________________________

Kristi J. Doughty (No. 3826)
1407 Foulk Road, Suite 102
Foulkstone Plaza
Wilmington, Delaware 19803
Telephone: (302) 409-3520
Facsimile: (302) 425-1980

*Counsel for Colonial Savings,F.A.*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------ x
In re:                                                                   :   Chapter 11
                                                                         :
AMERICAN HOME MORTGAGE HOLDINGS, INC.,                                   :   Case No. 07-11047 (CSS)
a Delaware corporation, et al.,                                          :
                                                                         :   Jointly Administered
                        Debtors.                                         :
                                                                         :   **Ref. Docket Nos. 11242 and _____**
                                                                         :
------------------------------------------------------------------------ x

# CONSENT ORDER GRANTING COLONIAL SAVINGS, F.A. LIMITED RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Upon consideration of the certification of counsel of Kristi J. Doughty, counsel for Colonial Savings, F.A.; and after due deliberation, and cause appearing therefor; it is hereby

ORDERED that the automatic stay is hereby modified to permit Colonial, to proceed on its *lis pendens* action commenced in the Circuit Court for the Prince George's County against American Home Mortgage AKA American Home Mortgage Corp. for the purpose of clearing title to the property located at 234 Emmitsburg Road Thurmont, MD 21788; and it is further

ORDERED that, for the avoidance of doubt, nothing in this Order is intended, nor shall it be construed to authorize Colonial to seek, obtain, or enforce any award of damages or other monetary relief, or to liquidate or collect upon any claim, against any of the above-captioned Debtors; and it is further

ORDERED that Colonial will take the necessary steps to ensure that the relief it sought in the original complaint concerning costs and fees will not be prosecuted, and the Plan

Trust's rights regarding any violation of the automatic stay are expressly preserved; and it is further

ORDERED that this Order shall become effective immediately upon entry by this Court; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: November _____, 2016

 

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Trust's rights regarding any violation of the automatic stay are expressly preserved; and it is further

ORDERED that this Order shall become effective immediately upon entry by this Court; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: November _____, 2016

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE