## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x  Chapter 11

In re:                                                       :

                                                             :  Case No. 07-11047 (CSS)

AMERICAN HOME MORTGAGE                                        :
HOLDINGS, INC., a Delaware corporation, et al.[1],           :  Jointly Administered

                                                             :  **Ref. Docket No. 11245**

Debtors.                                                     :

                                                             :

-------------------------------------------------------------- x

### ORDER PURSUANT TO §§ 105 AND 1142 OF THE BANKRUPTCY CODE (I) AUTHORIZING SECOND DISTRIBUTION TO HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS AND (II) GRANTING RELATED RELIEF, INCLUDING CLARIFICATION OF THE PLAN AND ENFORCEMENT OF CERTAIN PLAN PROVISIONS AND COURT ORDERS

Upon the motion (the "Motion")[2] of Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the Plan Trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009 (the "Plan") in connection with the chapter 11 cases of the above-captioned debtors (the "Debtors"), for entry of an order, pursuant to Articles 14(A)(8), 14(A)(12), and 14(P) of the Plan and sections 105(a) and 1142 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (i) authorizing the Plan Trustee to make a second distribution to holders of Allowed General Unsecured Claims, and (ii) granting

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.), a Maryland corporation (7267); American Home Mortgage Corp., a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp. , a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, P.O. Box 10550, Melville, New York 11747.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

01:19093147.6

related relief; and it appearing that sufficient notice of the Motion has been given, and it appearing that the relief requested in the Motion is in the best interest of the Plan Trust, the Plan Trustee, the Debtors, their Estates, and all other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The Plan Trustee is hereby authorized, in his discretion and in consultation with the Plan Oversight Committee, to make the Second GUC Distribution.  The Plan Trustee is authorized to reserve the balance of the Plan Trust Assets not included in the Second GUC Distribution pending further order of the Court.

3.     The Plan Trustee is authorized and directed to treat the Non-Debtor Subsidiary Claims as satisfied and to allocate any Distributions that would otherwise have been made on account of such Claims to the Plan Trust.

4.     The Plan Trustee is authorized and directed to allocate the funds underlying any Distributions identified in Exhibit C to the Motion to the Plan Trust.  The Claims identified on Exhibit C to the Motion are hereby deemed (A) disallowed and expunged for purposes of further Distributions under the Plan and (B) satisfied and released, with no recourse to the Plan Trust, the Plan Trustee or the Plan Trust Assets, to the same extent as if payment or distribution had been made to such Holder in accordance with the Plan.

5.     From and after entry of this Order, if a payment or Distribution to the Holder of an Allowed Claim is (i) returned for lack of a current address for the Holder or otherwise (an "Undeliverable Distribution"), (ii) not claimed by the Holder (an "Unclaimed Distribution"), or (iii) not cashed or otherwise presented for collection by the Holder (an "Uncashed Distribution" and, collectively with any Undeliverable Distribution or Unclaimed Distribution, the "Non-

01:19093147.6                               2

negotiated Distributions", and each a "Non-negotiated Distribution"), the Plan Trustee shall file with the Court the name, if known, and last known address of the Holder. If, after the passage of thirty (30) days, the payment or Distribution on an Allowed Claim still cannot be made, then (i) the Holder of such Claim shall cease to be entitled to the Non-negotiated Distribution made on account of such Claim, (ii) the Non-negotiated Distribution shall revert to the Plan Trust, and (iii) the Claim of such Holder shall be deemed (A) disallowed and expunged for purposes of further Distributions under the Plan and (B) satisfied and released, with no recourse to the Plan Trust, the Plan Trustee or the Plan Trust Assets, to the same extent as if payment or distribution had been made to such Holder in accordance with the Plan.

6.      Each Holder of a Claim identified in Exhibit D to the Motion must provide an executed Form W-9 so as to be received by the Plan Trust by November 30, 2016, failing which, (i) any Missing W-9 Distributions reserved for the benefit of such Holder shall revert to the Plan Trust, and (ii) Claims on account of which the Missing W-9 Distributions have reverted to the Plan Trust shall be deemed (A) disallowed and expunged for purposes of further Distributions under the Plan and (B) satisfied and released, with no recourse to the Plan Trust, the Plan Trustee or the Plan Trust Assets, to the same extent as if payment or distribution had been made to such Holder in accordance with the Plan. Executed Forms W-9 shall be directed to the AHM Liquidating Trust, Attn: Lynn K. Smalley, by mail to P.O. Box 10550, Melville, New York 11747, or email to general@americanhm.com.

7.      This Order shall be effective immediately upon its docketing notwithstanding any stay of effectiveness that would otherwise apply per the Federal Rules of Bankruptcy Procedure or local rules governing this Court.

8.    This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated:  Wilmington, Delaware
       11/4   , 2016

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE