IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.,*<br><br>             Debtors. | Chapter 11<br>Case No. 07-11047 (CSS), *et seq.*<br>(Jointly Administered)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline: TBD** |

**MOTION OF THE FDIC AS RECEIVER FOR CITIZENS NATIONAL BANK AND THE
FDIC AS RECIEVER FOR STRATEGIC CAPITAL BANK
FOR AN ORDER APPROVING LIMITED DISCOVERY
PURSUANT TO FED. R. BANKR. P. 2004**

The Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank (collectively, "FDIC"), plaintiff in an action currently on appeal before the U.S. Court of Appeals for the Second Circuit, by its undersigned attorneys, hereby moves, pursuant to Fed. R. Bankr. P. 2004, for an order authorizing the FDIC to serve limited discovery upon third-party Citicorp Mortgage Securities, Inc. ("CMSI"), the Plan Trust and the above captioned debtors (collectively, the "Debtors"), including, but not limited to, American Home Mortgage Corp. ("AHMC"). The discovery sought is necessary for the FDIC to identify and subpoena loan files that are scheduled for destruction pursuant to the Court's Order Granting the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records, dated November 7, 2016 [Docket No. 11263] (the "Order"). In support of its motion (the "Motion"), the FDIC respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 US.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for relief are 11 U.S.C. § 105(a), Fed. R. Bankr. P. 2004 and Del. Bankr. L.R. 2004-1.

## FACTS AND PROCEDURAL HISTORY

### A.  The FDIC's Claims

2.      Before filing for bankruptcy, AHMC was an originator of residential mortgage loans. Many of those loans were securitized in residential mortgage-backed securities ("RMBS") that were subsequently sold to investors.

3.      Strategic Capital Bank ("Strategic") purchased a certificate in CMALT 2006-A6, a securitization of residential mortgage loans that was issued in November 2006 and underwritten by RBS Securities Inc. ("RBS"). Approximately 30.9% of the loans backing the certificate that Strategic purchased were originated by AHMC. *See* Ex. A (prospectus supplement for CMALT 2006-A6, at 30).

4.      Both Strategic and Citizens National Bank ("Citizens") purchased certificates in another securitization, CSMC 2006-6, that was underwritten by Credit Suisse Securities (USA) LLC ("Credit Suisse"). Approximately 10.49% of the loans backing those certificates were originated by AHMC. *See* Ex. B (prospectus supplement for CSMC 2006-6, at S-5, S-40).

5.      Citizens and Strategic both failed on May 22, 2009, and the FDIC was appointed the Receiver for each.

6.      On May 18, 2012, the FDIC filed suit against certain issuers and underwriters of RMBS that Citizens and Strategic had purchased before they failed. *See* Complaint, *FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Secs., Inc., et al.*, No. 12-cv-4000 (LTS) (S.D.N.Y.). The complaint alleges that defendants violated the Securities Act of 1933 by making untrue or misleading statements in the offering documents for the RMBS that they offered for sale to Citizens and Strategic, including

2

CMALT 2006-A6 and CSMC 2006-6. The FDIC filed an amended complaint on October 12, 2012.

7.    Defendants moved to dismiss the amended complaint, and the court issued an order staying discovery while that motion was pending. On March 24, 2015, the court granted defendants' motion to dismiss the amended complaint on the ground that the FDIC's claims were time-barred under the three-year statute of repose in the 1933 Act. Under 12 U.S.C. § 1821(d)(14)(A) (the "extender statute"), the FDIC has three years from its appointment as receiver for a failed bank to bring any tort claim that was alive when the bank failed. The court's ruling dismissing the amended complaint was based on its conclusion that the extender statute does not apply to the statute of repose in the 1933 Act. The FDIC appealed the district court's ruling on April 7, 2015.

8.    In a separate appeal by the FDIC as Receiver for Colonial Bank of an identical ruling on the extender statute, the Second Circuit recently held that the extender statute does apply to the statue of repose in the 1933 Act. *FDIC as Receiver for Colonial Bank v. First Horizon Asset Secs., Inc.,* 821 F.3d 372 (2d Cir. 2016). It vacated the district court's ruling and remanded the case.[1] In light of that ruling, the FDIC's claims in the *Citizens/Strategic* case should be reinstated and remanded to the district court as well. Oral argument was held on November 8, 2016, and there is no reason to suspect that the Second Circuit will do anything inconsistent with its prior decision in *Colonial*, which addressed the very same issue.

---

[1] Defendants in *Colonial* have filed a petition for certiorari to the U.S. Supreme Court. But the Supreme Court already has refused to hear this issue twice, so the chances of the petition being granted are virtually non-existent. *See RBS Secs., Inc. v. FDIC as Receiver for Guaranty Bank,* 136 S. Ct. 1492 (2016); *Nomura Home Equity Loan, Inc. v. NCUA Bd.,* 135 S. Ct. 949 (2015).

**B.  The Requested Discovery**

9.      To prove its case against RBS and Credit Suisse in the *Citizens/Strategic* case, the FDIC needs access to the loan files for the AHMC loans that served as collateral for the certificates that Citizens and Strategic bought in CMALT 2006-A6 and CSMC 2006-6. The FDIC claims that RBS and Credit Suisse's untrue or misleading statements included statements that the underlying loans generally conformed to the underwriting guidelines that were stated to apply to them. To prove that, the FDIC intends to retain an expert who will re-underwrite the loans and offer his opinion on whether they conformed to the applicable guidelines or had compensating factors that justified a deviation from those guidelines. To identify the loans backing CMALT 2006-A6 that were originated by AHMC, the FDIC needs information about those loans – in particular, loan numbers or borrower names and addresses.[2]

10.     The FDIC has not been able to obtain the information necessary to identify the AHMC loans backing CMALT 2006-A6, or to obtain the relevant loan files for either securitization in the *Citizens/Strategic* case, because discovery was stayed for more than two and a half years while defendants' motion to dismiss was pending, and the case has been on appeal since April 7, 2015.

11.     By letters dated October 31, 2016, the FDIC sought the voluntary production of the information necessary to identify the AHMC loans backing CMALT 2006-A6 from both RBS (the underwriter of the securitization) and CMSI (the issuer of the securitization). RBS responded by letter dated November 3, 2016, stating that it has been unable to locate loan-level information. CMSI has stated that, in light of potential concerns about federal and state laws governing the disclosure of nonparty borrower information, it will not produce the requested

---

[2] The FDIC already obtained the information necessary to identify the AHMC loans in CSMC 2006-6 from Credit Suisse, and it has provided that information to the Trust.

information without a valid subpoena and appropriate protective order governing the treatment of confidential discovery material.

### C. The Court's Order Authorizing Destruction of AHMC Loan Files

12.    On November 7, 2016, this Court entered the Order granting, to the extent set forth in it, the Liquidation Trustee's Motion for an Order pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records [Docket No. 11244] (the "Abandonment Motion").  Pursuant to the Order, to obtain the AHMC loan files that it needs, the FDIC must (1) provide the Plan Trust with information sufficient to locate the loan files backing CMALT 2006-A6 and CSMC 2006-6 on or before December 31, 2016,[3] and (2) issue a valid subpoena to the Plan Trust or the Debtors for the loan files that it seeks by February 28, 2017.

13.    The FDIC cannot identify the AHMC loans backing CMALT 2006-A6 without obtaining loan numbers or other identifying information from CMSI. It cannot subpoena AHMC for the loan files for those loans until it obtains this information. If it does not do so before December 31, 2016, evidence highly relevant to its claims will be destroyed pursuant to the Order. And the FDIC needs the Court's authorization to serve a subpoena on the Trust for the loan files backing both CMALT 2006-A6 and CSMC 2006-6.

### RELIEF REQUESTED

14.    By this Motion, the FDIC respectfully seeks the entry of an order authorizing it to serve (1) a subpoena on CMSI to obtain loan numbers or other identifying information for the

---

[3] As noted above, the FDIC has already provided this information to the Trust for the loans in CSMC 2006-6.

AHMC loans in CMALT 2006-A6, and (2) a subpoena on the Plan Trust or the Debtors for the files of the loans in the relevant pools of CMALT 2006-A6 and CSMC 2006-6.[4]

15.    Fed. R. Bankr. P. 2004(a) permits any party-in-interest to move for an order of the Court authorizing the examination of "any entity." Such an examination "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate." *Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 354 n.6 (3d Cir. 2007); *see* Fed. R. Bankr. P. 2004(b). A bankruptcy court has the authority to permit discovery under Rule 2004(b) post-confirmation where it is "restricted to the administration of the estate post-confirmation." *In re Cinderella Clothing Indus., Inc*., 93 F.R. 373, 377 (Bankr. E.D. Pa. 1988); *see also In re Express One Intern., Inc.*, 217 B.R. 215, 216-17 (Bankr. E.D. Tex. 1998).

16.    The discovery sought by the FDIC relates to matters affecting the administration of the estate. The loan files that are subject to destruction pursuant to the Order are property of the estate, which the Plan Trustee moved to abandon or destroy in order to "speed[] the administration of the estate." Abandonment Motion at ¶¶ 21, 23. The Abandonment Motion was resolved by an Order that expressly contemplates the use of subpoenas by litigants like the FDIC to obtain loan files from the Trust. Order at 2.

17.    Upon entry of an order authorizing a Rule 2004 examination, the production of documents may be compelled by subpoena as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c). A party seeking authority to use Rule 2004 must establish good cause for the relief requested. *See, e.g., Official Comm. of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D.Ohio 1994) (party seeking examination has burden of showing good cause for the examination it seeks).

---

[4] The FDIC recognizes that the information sought may be covered by privacy protections under federal and state laws, and it is working on a consensual confidentiality stipulation to address this issue.

18.     Here, good cause exists to conduct the proposed discovery pursuant to Rule 2004. The AHMC loan files are critical to the FDIC's ability to prove its claims on the CMALT 2006-A6 and CSMC 2006-6 securitizations in the *Citizens/Strategic* case. Without the loan files, the FDIC will be unable to conduct the re-underwriting analysis necessary to demonstrate that the offering documents contained untrue or misleading statements of material fact about the underwriting of the loans. *See Express One,* 217 B.R. at 217 (good cause shown where denial of request for relief under Rule 2004 would impose undue hardship upon examiner). Further, the Order entered upon the Abandonment Motion expressly requires the FDIC to issue a subpoena to the Plan Trust or Debtors for production of the loan files it seeks.

19.     The forms of subpoenas that the FDIC seeks to serve are attached as **Exhibit 1** and **Exhibit 2** to the proposed order upon this Motion.

20.     Counsel for the FDIC has attempted to work with counsel for CMSI and the Plan Trust to obtain this discovery voluntarily and to minimize the burden and inconvenience of the requested discovery. But as previously explained, CMSI is unwilling to produce the requested information without a subpoena in light of potential concerns about federal and state laws governing the disclosure of nonparty borrower information. And the FDIC cannot subpoena the Plan Trust without the identifying information that the FDIC seeks from CMSI. Without the relief sought herein, evidence critical to the FDIC's claims in the *Citizens/Strategic* case will be destroyed pursuant to the Order. Therefore, the Motion should be granted.

## CERTIFICATION OF COUNSEL

21.     Pursuant to Del. Bankr. L.R. 2004-1(b), the undersigned certifies that, prior to filing this Motion, the FDIC, through counsel, attempted to obtain the discovery sought herein from CMSI and the Plan Trust, through counsel, on a consensual basis. As of the filing of

this Motion, the undersigned has not received commitments from CMSI or the Plan Trust to produce the requested information without subpoenas.

WHEREFORE, the FDIC respectfully requests that this Honorable Court enter an order authorizing the FDIC to (a) serve a subpoena upon CMSI for the information necessary to identify the AHMC loans in CMALT 2006-A6, and (b) serve a subpoena on the Plan Trust or Debtors for the files associated with the loans that the FDIC identifies backing CMALT 2006-A6 and CSMC 2006-6, and granting the FDIC such further relief as this Court deems just and proper.

Dated: November 11, 2016
       Wilmington, Delaware

Respectfully submitted,

HILLER & ARBAN, LLC

**/s/ Brian Arban**
Adam Hiller (DE No. 4105)
Brian Arban (DE No. 4511)
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 442-7676 telephone
ahiller@hillerarban.com
barban@hillerarban.com

-and-

GRAIS & ELLSWORTH LLP
David J. Grais, Esq.
Kathryn E. Matthews, Esq.
1211 Avenue of the Americas
New York, New York 10036
Tel. (212) 755-0100
Fax (212) 755-0052

*Counsel to FDIC as Receiver Citizens National Bank and FDIC as Receiver for Strategic Capital Bank*