IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.,*<br><br>Debtors. | Chapter 11<br>Case No. 07-11047 (CSS), *et seq.*<br>(Jointly Administered) |

### MOTION TO SHORTEN TIME
*(relates to Docket No. 11268)*

The Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank (collectively, "FDIC" or "Movant"), by its undersigned attorneys, files this Motion to Shorten Time (the "Motion to Shorten") in connection with the Motion of the FDIC as Receiver for Citizens National Bank and the FDIC as Receiver for Strategic Capital Bank for an Order Seeking Limited Discovery Pursuant to Fed. R. Bankr. P. 2004 (the "Motion"), and in support hereof respectfully states as follows:

1. The FDIC is the plaintiff in litigation currently pending in the U.S. Court of Appeals for the Second Circuit, in which the FDIC has asserted claims for violation of the Securities Act of 1933 against RBS Securities, Inc. and Credit Suisse Securities (USA) LLC. The FDIC's claims arise out of the purchase of residential mortgage-backed securities from the CMALT 2006-A6 and CSMC 2006-6 securitizations (the "Certificates"), among others. The Certificates were collateralized in part by mortgage loans originated by American Home Mortgage Corp. ("AHMC"), one of the Debtors in this case.

2. To prove its claims against RBS and Credit Suisse, the FDIC needs copies of the loan files for the AHMC loans backing the Certificates.

{G0030460.1}

3. On November 7, 2016, the Court entered an Order Granting the Motion for an Order Pursuant to 11 U.S.C. §§ 105, 363 and 554 Authorizing the Abandonment and Destruction of Documents and Records [Docket No. 11263] (the "Order"). Included among the records authorized for destruction pursuant to the Order are AHMC loan files.

4. Pursuant to the Order, to obtain the AMHC loan files that it needs to prove its claims in the *Citizens/Strategic* case, the FDIC must (1) provide the Plan Trust with information sufficient to locate the loan files on or before December 31, 2016, and (2) issue a valid subpoena to the Plan Trust or the Debtors for the loan files before February 28, 2017.

5. The FDIC cannot identify the relevant loan files backing CMALT 2006-A6 until it obtains loan-level information possessed by the issuer, Citicorp Mortgage Securities Inc. ("CMSI").[1] CMSI will not produce that information without a valid subpoena. As a result, the FDIC's ability to comply with the Order depends on its ability to issue subpoenas first to CMSI (for the information necessary to identify the loan files in CMALT 2006-A6) and then to the Plan Trust or the Debtors (for copies of the loan files for the loans backing both CMALT 2006-A6 and CSMC 2006-6).

6. Del. Bankr. L.R. 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

7. Given the December 31, 2016 deadline set forth in the Order, the FDIC is concerned that if the Motion is heard in the normal course, that will not allow sufficient time for the FDIC to issue the subpoena, for CMSI to respond with the requested information, and for the

---

[1] The FDIC has already obtained, and provided to the Trust, information sufficient to identify the AHMC loans backing CSMC 2006-6. As a result, to comply with the Order with respect to this securitization, it need only serve a subpoena on the Trust by February 28, 2017.

FDIC to provide that information to the Plan Trust so that it can locate the relevant loan files and copy them before they are destroyed. The FDIC therefore respectfully requests that this Court schedule a hearing on the Motion on or before November 22, 2016, or as soon thereafter within the Court's discretion.

8. Notice should be shortened on the Motion because it will enable the FDIC to provide the Plan Trust with information necessary to identify the relevant loan files as promptly as possible, in accordance with the Order. If this Motion to Shorten is not granted, the FDIC may be unable to comply with the deadlines in the Order, and evidence critical to its claims against RBS would be destroyed.

9. Notice of this Motion to Shorten is being given to: (i) counsel for the Debtors; (ii) counsel to the Plan Trustee; (iii) CMSI and its counsel; and (iv) the Office of the United States Trustee. *See* Del. Bankr. L.R. 2004-1(d). Movant submits that notice under these circumstances is appropriate. The FDIC consulted with counsel for the Plan Trustee who does not object to the relief sought in the Motion to Shorten.

10. Pursuant to Del. Bankr. L.R. 9006-1(e), the Court may rule on this Motion to Shorten without need for a hearing, and Movant respectfully requests that the Motion to Shorten be granted without further hearing.

WHEREFORE, Movant respectfully requests that the Court enter an order shortening the notice required for a hearing on the Motion and conduct a hearing on the Motion on or before November 22, 2016, or as soon thereafter within the Court's discretion, fixing an appropriate deadline for any responses to the Motion, and grant the Movant such further relief as this Court deems just and proper.

Dated: November 11, 2016
      Wilmington, Delaware

Respectfully submitted,

HILLER & ARBAN, LLC

 /s/ **Brian Arban**
Adam Hiller (DE No. 4105)
Brian Arban (DE No. 4511)
Johnna Darby (DE No. 5153)
1500 N. French Street, 2nd Floor
Wilmington, Delaware 19801
(302) 442-7676 telephone
barban@hillerarban.com
ahiller@hillerarban.com

-and-

GRAIS & ELLSWORTH LLP
David J. Grais, Esq.
Kathryn E. Matthews, Esq.
1211 Avenue of the Americas
New York, New York 10036
Tel. (212) 755-0100
Fax (212) 755-0052

*Counsel to FDIC as Receiver for Citizens National Bank and FDIC as Receiver for Strategic Capital Bank*