# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| AMERICAN HOME MORTGAGE | : |
| HOLDINGS, INC., a Delaware corporation, et al.,[1] | :    Case No. 07-11047 (CSS) |
| | : |
|     Debtors. | :    Jointly Administered |
| | : |
| | x    **Hearing Date: November 21, 2016** |
| |       **Re: Docket Number 11268** |

**PLAN TRUSTEE'S RESPONSE TO MOTION OF THE FDIC AS RECEIVER
FOR CITIZENS NATIONAL BANK AND THE FDIC AS RECEIVER
FOR STRATEGIC CAPITAL BANK FOR AN ORDER APPROVING
<u>LIMITED DISCOVERY PURSUANT TO FED. R. BANKR. P. 2004</u>**

Steven D. Sass, as liquidating trustee (the "Plan Trustee") for the trust (the "Plan Trust") established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the Chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), responds to the motion (the "Motion")[2] of the Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank (collectively, "FDIC") for an Order Approving Limited Discovery Pursuant to Fed. R. Bankr. P. 2004. In support of the Response, the Plan Trustee respectfully represents and states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: American Home Mortgage Holdings, Inc. (6303); American Home Mortgage Investment Corp., a Maryland corporation (3914); American Home Mortgage Acceptance, Inc., a Maryland corporation (1979); AHM SV, Inc. f/k/a American Home Mortgage Servicing, Inc. ("AHM SV"), a Maryland corporation (7267); American Home Mortgage Corp, a New York corporation (1558); American Home Mortgage Ventures LLC, a Delaware limited liability company (1407); Homegate Settlement Services, Inc., a New York corporation (7491); and Great Oak Abstract Corp., a New York corporation (8580). The mailing address for all of the Debtors is: AHM Liquidating Trust, PO Box 10550, Melville, New York 11747.

01:21202695.1

**PRELIMINARY STATEMENT**

1. The Plan Trustee is not opposed to producing loan files and underwriting guidelines to the FDIC for use in third party litigation, as he has done on nearly one hundred separate occasions for third party litigants since the Plan was confirmed. The Plan Trustee, however, is concerned whether this Court has subject matter jurisdiction to authorize the issuance of subpoenas that the FDIC seeks. In the absence of a valid subpoena, the Plan Trustee is prohibited from producing the loan files (which contain nonpublic personal information including social security numbers) to the FDIC. Accordingly, the Plan Trustee is compelled to raise this jurisdictional issue with the Court. In the event the Court determines it has jurisdiction and good cause to authorize the issuance of the subpoenas attached to the Motion, the Plan Trustee shall comply with such subpoenas and produce relevant documents in its possession assuming the FDIC provides the Plan Trustee with the necessary information in accordance with the deadlines set forth in the Document Destruction Order (as defined below). In the event the Court determines that it does not have jurisdiction to allow the issuance of the subpoenas, the Plan Trustee will produce documents to the FDIC only upon receipt of a validly issued subpoena within the time frame required under the Document Destruction Order.

**RELEVANT BACKGROUND**

2. On August 6, 2007 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Thereafter, each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Plan was confirmed under section 1129 of the Bankruptcy Code on February 23, 2009 [D.I. 7042] and became effective on November 30, 2010 (the "Effective

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

01:21202695.1                    2

Date"). Since the Effective Date, the Plan Trustee has worked diligently to effectuate the Plan, and in the course thereof filed various motions seeking orders regarding the maintenance and abandonment of certain documents in his possession.

4. On October 14, 2016, the Plan Trustee filed its motion for an order authorizing the abandonment and destruction of documents and records (D.I. 11244) (the "Document Destruction Motion"). On October 20, 2016, the FDIC objected to the Document Destruction Motion (D.I. 11248) (the "FDIC Objection"). In the FDIC Objection, the FDIC sought an additional 90 days before the Plan Trustee was authorized to destroy the Remaining Records (as defined in the Document Destruction Motion).

5. On November 7, 2016, the Court entered the order authorizing the abandonment and destruction of documents and records (D.I. 11263) (the "Document Destruction Order"). Pursuant to the Document Destruction Order, the Plan Trustee agreed to produce from the Preserved Documents (as defined in the Document Destruction Order) responsive documents to Complying Document Requesters (as defined in the Document Destruction Order). In order to become a Complying Document Requester, a party must, prior to December 31, 2016, provide the Plan Trustee with the Debtor's loan numbers or borrower names and party addresses if such party is seeking loan files. Additionally, and most relevant to the Motion at hand, the Complying Document Requester must provide the Plan Trustee with a validly issued subpoena.[3]

---

[3] The deadline to provide a valid subpoena in compliance with the terms of the Document Destruction Order is December 31, 2016. However, in light of the unique procedural circumstances in the matter of *FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Secs., Inc., et al.*, No. 12-cv-4000 (LTS) (S.D.N.Y.), the Plan Trustee agreed on the record at the November 7th hearing that solely for the FDIC, and only if the FDIC provides Debtor loan numbers or borrower names and addresses to the Plan Trustee by December 31, 2016, this deadline will extended to February 28, 2017.

01:21202695.1                                    3

**RESPONSE**

A.  **Subject Matter Jurisdiction**

6.  The Plan Trustee is concerned whether this Court has subject matter jurisdiction to authorize the issuance of the subpoenas the FDIC seeks.[4] The Third Circuit Court of Appeals has instructed that the "bankruptcy court's jurisdiction wanes" post-confirmation. *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012); *see also Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 167 (3d Cir. 2004) (bankruptcy courts have post-confirmation jurisdiction only where the dispute has a "close nexus" to plans or proceedings, meaning matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan…."); *Halperin v. MOR MGH Holdings, LLC (In re Green Field Energy Services, Inc.)*, 554 B.R. 315, 320 (Bankr. D. Del. 2016) (court held that it did not have jurisdiction to hear a third party complaint against a non-debtor third party despite having jurisdiction to hear the underlying complaint); *Seagate Technology (US) Holdings, Inc. v. Global Kato HG, LLC (In re Solyndra, LLC),* 2015 WL 6125246 (Bankr. D. Del. 2015) ("close nexus" required by the Third Circuit was not satisfied in a breach of contract action by two non-debtors).

7.  Although Rule 2004 examinations may be authorized post-confirmation, courts have held that the examination must be limited to issues that the court still has the power to entertain such that the examination is "restricted to the administration of the case post-confirmation". *In re VOX II, LLC*, 2008 Bankr. LEXIS 556, *1 (Bankr. D. Md. Mar. 4, 2008) (internal citations omitted). Furthermore, a Rule 2004 examination may not be used as a device to launch into an investigation of a non-debtor having no relationship to the debtor's affairs or

---

[4] "The obligation to examine subject matter jurisdiction exists even when there is no objection." *Halperin v. MOR MGH Holdings, LLC (In re Green Field Energy Services, Inc.)*, 554 B.R. 315, 319 (Bankr. D. Del. 2016) *citing*

the administration of the estate. *See* 9A Am.Jur.2d Bankruptcy § 1125; *In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984).

8. The Plan Trustee submits that the Court should consider the following relevant facts with respect to whether or not there exists subject matter jurisdiction to grant the relief sought by the FDIC:

   a. The Motion was filed several years after the Plan was confirmed;

   b. The underlying lawsuit for which the FDIC seeks discovery involves non-Debtors;

   c. The FDIC has asserted that the Plan Trustee, as the successor to the Debtors, is in the possession of relevant documents to that litigation;[5]

   d. Pursuant to the Document Destruction Order, the relevant documents are slated to be destroyed if the FDIC is unable to (i) provide Debtor loan numbers or borrower names and addresses to the Plan Trustee by December 31, 2016 and (ii) issue a valid subpoena by February 28, 2017; and

   e. Production of the requested documents within the timelines set forth in the Document Destruction Order will not materially impact the Debtors' estates[6] and thus the Plan Trustee is neither in favor of, nor against, their production.

**B. A Valid Subpoena is Required**

9. The information the FDIC has requested includes nonpublic personal information. Specifically, the draft subpoena attached to the motion seeks relevant loan files

---

*Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F. 3d 283, 293 (3d Cir. 2012); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[5] The Plan Trustee does not believe that he is the only party or even the best party holding the loan files at issue. Rather, the Plan Trustee believes that the proper custodian of the loan file (the owner, a trustee or some other responsible party) is holding the original hard copy loan file for the loans which may be at issue in the underlying FDIC litigation. Additionally, as the Plan Trustee has reported to the Court and parties in interest, the Plan Trustee's electronic records may not be complete due to a server overheating in the summer of 2011 which resulted in the loss of some electronic data.

[6] One of the requirements to become a Complying Document Requester is an agreement to pay the costs associated with producing such requested documents and files.

including "Uniform Residential Loan Application", "Verification of Deposit" and "IRS Forms 4506 and 4506-T and all tax returns". *See* Exhibit B, Appendix A to Motion. Such documents clearly contain "nonpublic personal information" as defined by 15 U.S.C. § 6809. Accordingly, pursuant to 15 U.S.C. § 6802(e)(8) and the Document Destruction Order, the Plan Trustee can only produce such information in response to a properly authorized subpoena. Should the FDIC (a) obtain authority to issue, and then issue, valid subpoenas for the loan files it seeks on or before February 28, 2017 and (b) provide the Plan Trustee with the Debtor loan numbers or borrower names and addresses for the requested loan files on or before December 31, 2016, the Plan Trustee shall comply with such subpoena and produce relevant documents in its possession.

Dated: November 17, 2016
      Wilmington, Delaware

**YOUNG, CONAWAY, STARGATT & TAYLOR, LLP**

*/s/ Sean M. Beach*
Sean M. Beach (No. 4070)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

**HAHN & HESSEN LLP**
Mark S. Indelicato
Edward L. Schnitzer
Joseph Orbach
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Co-Counsel to the Plan Trustee*