# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re

AMERICAN HOME MORTGAGE
HOLDINGS, INC., a Delaware corpration, et
al.,

Debtors.

Chapter 11
Case No. 07-11047 (CSS)

## [PROPOSED] STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL DISCOVERY MATERIAL

This matter comes before the Court by Stipulation of the Federal Deposit Insurance Corporation in its capacity as Receiver for Citizens National Bank and Strategic Capital Bank (collectively, "FDIC") and non-party Citicorp Mortgage Securities Inc. ("CMSI") (the FDIC and CMSI are referred to collectively herein as the "Parties") for the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information, if any, that non-party CMSI may produce in the course of discovery that may be ordered by this Court under Fed. R. Bankr. P. 2004, to the extent set forth below.

With the FDIC and CMSI, by and among their respective counsel, having stipulated and agreed to the terms set forth therein, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1.      This Order shall govern the disclosure and use of Confidential and Highly Confidential Discovery Material (as defined below), if any, that is produced by non-party CMSI pursuant to a subpoena authorized by this Court.

2.      As used in this Order, "Producing Person" refers to any person that produces

discovery material subject to the Order. "Receiving Person" refers to any person that receives discovery material subject to the Order.

3.      This Order designates as "Confidential Discovery Material" any material that is designated as such by CMSI because the material contains any of the following: confidential, sensitive, or nonpublic financial information or statements; confidential trade secrets; proprietary business information, including business plans or records of internal deliberations or decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; or individual personal information that is protected from disclosure under state or federal law, including identifying personal information and personal financial information about any party. It is possible that disclosure of this Confidential Discovery Material may cause harm to CMSI and its employees, as well as to nonparties.

4.      "Confidential Discovery Material" shall also include the following:

(a)      Information Protected By Law: Any information that CMSI is obligated by law to keep confidential, including but not limited to, nonpublic personal information such as social security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information, documents or data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a; "Nonparty Borrower Information," which for purposes of this Order shall mean any information that constitutes "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document that includes financial or credit information for any person (including any credit history, report, or score obtained on any such

person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person (including, but not limited to, name, address, Social Security number, loan numbers, telephone number, or place or position of work)); and other sensitive personally identifiable information. As set forth in Paragraph 11 below, this Order authorizes the disclosure of such Nonparty Borrower Information in the above-captioned action and in the Action, as defined below.

5.      This Order designates as "Highly Confidential Discovery Material" any material that is designated as such by CMSI because the discovery material contains sensitive, proprietary, confidential, and/or personal information which CMSI in good faith believes constitutes Confidential Discovery Material but for which "Confidential Discovery Material" status may not provide sufficient protection.

6.      Except as provided by the express terms of this Order, or as required by law, all persons subject to this Order shall refrain from disclosing in any manner any information set forth in any Confidential or Highly Confidential Discovery Material. However, notwithstanding any other provision in this Order, the transmission or lawful use of Confidential or Highly Confidential Discovery Material within the Federal Deposit Insurance Corporation shall not constitute a violation of this paragraph or of any other provision of this Order, provided that the transmission or use is for a purpose authorized by Paragraph 12(a) below. Any confidential material transmitted among various capacities of the Federal Deposit Insurance Corporation shall remain subject to this Order and its prohibition on disclosure.

7.      Nothing in this Order shall constitute a waiver by any party or nonparty of any privilege, protection or objection to production of any Confidential or Highly Confidential Discovery Material.

8.      Documents may be designated as Confidential or Highly Confidential Discovery Material at any time. Without limiting the foregoing sentence in any way, a Producing Person may designate a document as Confidential or Highly Confidential Discovery Material after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled. Any documents designated as Confidential or Highly Confidential Discovery Material prior to entry of this Order shall be treated the same in all respects as documents designated as Confidential or Highly Confidential Discovery Material after the entry of this Order. Materials designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" pursuant to this Order shall be designated and marked as follows:

(a)      <u>Documents or TIFF Images:</u>  Documents or TIFF images may be designated as Confidential or Highly Confidential Discovery Material by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or an equivalent thereof, on any such document or image. Unless the Parties otherwise agree or the Confidential or Highly Confidential Discovery Material is produced pursuant to the provisions of Paragraph 11 below, such legend shall be placed upon every page of each document or image containing Confidential or Highly Confidential Discovery Material. In lieu of marking the originals of documents, the disclosing party may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information ("ESI") produced in native format (together, "Natively Produced ESI") containing Confidential or Highly Confidential Discovery Material need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Producing Party shall use reasonable means to designate as Confidential or Highly Confidential

Discovery Material such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" mark; (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the Natively Produced ESI; or (iii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the label of the media or in the production letter for the Natively Produced ESI.

(b)    <u>Non-Paper Media:</u>  Where Confidential or Highly Confidential Discovery Material is produced in a non-paper medium (*e.g.*, video tape, audio tape, computer disks, etc.) that does not include TIFF images, the appropriate confidentiality notice as described in Paragraph 8(a) above should be placed on the face of both the medium, if possible, and its container, if any, so as to give clear notice of the designation. To the extent that any Receiving Person prints any of the information contained on non-paper media that is designated as containing Confidential or Highly Confidential Discovery Material, such printouts will be marked as described in Paragraph 8(a) above by the Receiving Person.

(c)    <u>Physical Exhibits:</u>  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 8(a) above.

(d)    <u>Written Discovery:</u>  In the case of Confidential or Highly Confidential Discovery Material incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the appropriate confidentiality designation as described in Paragraph 8(a) above shall be placed on the first page of the document and on each page containing answers or responses that contain Confidential or Highly Confidential Discovery Material.

(e)     For reports created by an expert or consultant relying on or incorporating Confidential or Highly Confidential Discovery Material in whole or in part, the Party responsible for its creation shall include the confidentiality designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the report.

9.      Confidential or Highly Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain information from documents designated as Confidential or Highly Confidential Discovery Material without the need for a separate confidential designation on the notes, work papers, or other work product.

10.     A Party may designate as Confidential or Highly Confidential any document or information produced by a Producing Party without a designation of Confidential or Highly Confidential provided that such document or information contains the upward designating Party's own confidential information as defined in Paragraphs 3-5 above.  Any such upward designation by a Party will be subject to the terms of this Stipulation and Order as if the documents or information upwardly designated were produced by the Party in the first instance.

11.     <u>Nonparty Borrower Information Designation:</u>

(a)     Any party (including non-parties) producing materials through discovery ordered by this Court may designate loan files, servicing records, or related documents that it produces, including, but not limited to, the Nonparty Borrower Information contained therein, as Confidential or Highly Confidential Discovery Material, as appropriate, because the materials constitute, contain, reveal, or evidence "non-public personal information."

(b)     Any party (including non-parties) receiving non-public personal information consisting of, derived from, or related to loan files or servicing records produced in discovery, regardless of whether such material bears any confidentiality designation, shall use

that material solely for the purpose of conducting the Action, as that terms is defined below. Notwithstanding the foregoing, nothing in this Order shall require any receiving party to disregard or violate any order, direction, or regulatory requirement of any governmental authority, subject to the provisions set forth in Paragraph 27.

(c)    In order to expedite production of loan files and servicing records, a Producing Person may, at its sole option, produce materials without a detailed or any review, subject to the "clawback" procedures in this Order, as set forth in Paragraph 19, or as otherwise agreed to. In doing so, the Producing Person may designate the contents of loan files, servicing records, or related documents that by their nature contain Nonparty Borrower Information with the appropriate designation even if some of the individual documents in the production do not qualify for such designation.

(d)    The Producing Person shall designate Nonparty Borrower Information material as follows:

i.    In the case of information in documentary form, the disclosing party shall designate the documents as Confidential or Highly Confidential Discovery Material in the manner described above in Paragraph 8, except that bulk productions may be designated as set forth in Paragraph 11 (d)(iii).

ii.    Nonparty Borrower Information may be used in depositions. The Party using such information in a deposition should designate any portion of the deposition testimony discussing such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the procedure outlined in Paragraph 14.

iii.    Any Nonparty Borrower Information produced in a non-paper media (*e.g.*, computer disks or drives) and/or bulk productions in native format or without Bates numbers

may be designated confidential by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container in which the information is stored and/or on the first page of a document and/or on the relevant page(s) of the document. In the event a Receiving Person generates any electronic copy, hard copy, transcription, or printout from any such designated non-paper media, that receiving party must treat each copy, transcription, or printout as confidential pursuant to the terms of this Order.

12.  <u>Treatment of Confidential and Highly Confidential Discovery Material</u>. Confidential and Highly Confidential Discovery Material shall be subject to the following restrictions:

(a)  Except as required by law, Confidential or Highly Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of the action entitled *FDIC as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank v. Bear Stearns Asset Backed Secs., Inc., et al.*, No. 12-cv-4000 (LTS) (S.D.N.Y.) (the "Action"), including any appeals thereof, and shall not be used by the Parties, the parties to the Action, or any other person for any commercial, business, competitive, or other purpose. Absent consent from a Producing Person, which shall be given solely in that Producing Person's discretion, no Confidential or Highly Confidential Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding.

(b)  Except as required by law, Confidential or Highly Confidential Discovery Material shall not be given, shown, made available, or communicated in any way to anyone except those persons specified in subparagraphs (c) and (d) below to whom it is reasonably necessary that such Confidential or Highly Confidential Discovery Material be given or shown

for the purposes permitted under subparagraph (a) above, and shall not be disclosed by them.

(c)    Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

i.    counsel of record for the Parties, and attorneys, paralegal, clerical, and other staff employed or retained by the Parties or their respective counsel who are assisting in the conduct of the Action;

ii.    those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

iii.    witnesses during or in preparation for any deposition or hearing in the Action, *provided, however*, that the witness shall not retain any documents marked as Confidential or Highly Confidential Discovery Material;

iv.    consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

v.    the Court, court personnel, and jurors, potential jurors, or alternate jurors;

vi.    court reporters and videographers used in connection with the conduct of the Action;

vii.    outside photocopying services, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

viii.    persons who are or were authors or recipients of the Confidential Discovery Material;

ix.      any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the Action or to indemnify or reimburse for payments made to satisfy a judgment;

x.      mediators, arbitrators, or discovery masters (and their support staff), if any, assisting in the Action;

xi.      any nonparty reasonably believed to have originated a loan at issue in the Action or to be in possession, custody, or control of a loan file at issue in the Action, which may only receive the specific Nonparty Borrower Information for that loan that it represents is necessary for it to locate the loan file; and

xii.      any nonparty reasonably believed to have conducted due diligence on the securitizations or mortgage loans at issue in the Action or to be in possession, custody, or control of documents related to such due diligence, which may only receive the specific Nonparty Borrower Information that it represents is necessary for it to locate documents relating to such due diligence.

(d)      Highly Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

i.      any Qualified Person identified in Paragraph 12(c), except that Highly Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated to (i) any current or former director, officer, or employee of the Receiving Person other than the Receiving Person's counsel; or (ii) any current or former director, officer, or employee of any other Party to the Action other than counsel for any Party to the Action; or (iii) any current or former director, officer, or employee of the Bank other than the Bank's counsel, provided, however, that Confidential or Highly Confidential Discovery Material

may be disclosed, summarized, described, characterized, or otherwise communicated to any current or former director, officer, or employee authored, received, or previously saw the Discovery Material; and further provided that any Discovery Material from the Bank's files may be disclosed, summarized, described, characterized, or otherwise communicated to any former director, officer, or employee of Colonial Bank.

(e)    Each person described in subparagraph 12(c)(iii), (iv), (ix), (x), (xi), and (xii) to whom Confidential or Highly Confidential Discovery Material is disclosed shall first be advised that such material is being disclosed pursuant and subject to the terms of this Order and that it may not be disclosed other than pursuant to the terms hereof. Prior to disclosing Confidential or Highly Discovery Material to any person described in subparagraphs 12(c)(iii), (iv), (ix), (x), (xi), and (xii) above, counsel shall cause each such person to execute a certificate in the form annexed hereto as Exhibit A, although no Exhibit A shall be required from persons or entities that receive only such Confidential or Highly Confidential Discovery Material to which they are reasonably believed to have had prior access. Counsel shall be responsible for retaining executed certificates for six (6) months following the final termination of the Action, including any appeals, and shall make them available to other Parties upon good cause shown. Any person receiving Confidential or Highly Confidential Discovery Material is enjoined from disclosing that information to any other person, except in accordance with this Order.

(f)    Confidential and Highly Confidential Discovery Material must be stored and maintained by a Receiving Person at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

13.    <u>Inadvertent Disclosure of Confidential or Highly Confidential Discovery Material</u>.  If any Receiving Person inadvertently discloses Confidential or Highly Confidential Discovery Material to persons who are not Qualified Persons, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential or Highly Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential or Highly Confidential Discovery Material in accordance with the terms of the Order. Such disclosure shall also promptly be reported in writing, via overnight delivery service or email, to the Producing Person who produced such inadvertently disclosed Confidential or Highly Confidential Discovery Material, and in no event later than two (2) business days from the discovery of such disclosure.

14.    <u>Confidential or Highly Confidential Discovery Material and Depositions</u>. Information or testimony disclosed at a deposition may be designated as Confidential or Highly Confidential Discovery Material by the person providing such testimony, by a Party or their respective counsel, or by a Producing Person if such person either:

(a)    identifies on the record at the deposition those portions of the testimony that are designated as Confidential or Highly Confidential Discovery Material; or

(b)    provides written notification to all Parties within thirty (30) calendar days of the court reporter's release of the transcript of the deposition as to those portions of the transcript that are designated as Confidential or Highly Confidential Discovery Material. If Confidential or Highly Confidential Discovery Material provided by a nonparty is used or testified about during a deposition, and if that nonparty is not present at the deposition, then the Party that noticed the deposition shall designate all such information and testimony as Confidential or Highly Confidential consistent with the original designation.

Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) calendar days after the court reporter's release of the transcript of the deposition. The deposition transcript that contains Confidential or Highly Confidential Discovery Material designated pursuant to subparagraph (a) or (b) above shall be stamped, as set forth in Paragraph 8 above, by the court reporter or by counsel. If counsel for any Party believes that a question posed to a witness being examined in a deposition will disclose Confidential or Highly Confidential Discovery Material, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such Confidential or Highly Confidential Discovery Material, such counsel may so notify the examining counsel, and, in that event, that portion of the deposition shall be taken in the presence only of counsel, Parties to the Action, the court reporter, video operator, and their assistants. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly.

15.    Filing Confidential or Highly Confidential Discovery Material.

(a)    In the event that before trial in the Action, or in connection with any hearing in the Action or any matter relating to the Action, counsel for any Party determines to file or submit in writing to the Clerk of Court's office any Confidential or Highly Confidential Discovery Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed with a request that the documents be filed under seal in accordance with the rules of the Court, and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be inscribed with the

phrase: "Confidential – Subject to Court Order." Each Party is authorized hereunder to file a request that any Discovery Materials and/or portions thereof be filed under seal in accordance with this Order and the Court's individual practices, and regardless of which Party originally produced the Confidential or Highly Confidential Discovery Material, the filing Party shall bear the burden of effecting the filing under seal.

(b)    To the extent documents containing Nonparty Borrower Information are to be filed with the Court or used as exhibits in any hearing, unless otherwise ordered by the Court, the filing party must either exclude from the exhibits or redact any Nonparty Borrower Information sufficiently to ensure that nonparty borrower identities, or information from which their identities could be ascertained, is masked and not discernible.

(c)    This Order does not address the use of Confidential or Highly Confidential Discovery Material at trial. The Parties agree to meet and confer regarding use of Confidential or Highly Confidential Discovery Material in connection with trial and to raise the issue with the Court at an appropriate time.  Such meet-and-confers shall take place after reasonable notice to, and an opportunity to participate by, any nonparty that has produced Confidential or Highly Confidential Discovery Material that any Party intends to use at trial.

16.    <u>Objections to Confidential Classification</u>.  No Party concedes that any Discovery Material designated by any other person as Confidential or Highly Confidential Discovery Material under any provision of this Order in fact contains or reflects trade secrets, proprietary, or confidential information, or has been properly designated as Confidential of Highly Confidential Discovery Material, and entering into the Stipulation shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of the Order. Nor does the availability of Confidential

or Highly Confidential Discovery Material status suggest that any documents or other materials are properly discoverable, and shall not affect any other valid objection to the production of documents or other materials.

A Receiving Person shall not be obliged to challenge the propriety of a designation of documents or other material as Confidential or Highly Confidential Discovery Material at the time made or thereafter, and failure to do so shall not preclude a subsequent challenge thereof. If at any time a Receiving Person objects to a designation under the Order (an "Objecting Party"), the Objecting Party shall notify the Producing Person in writing. The Objecting Party shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of the receipt of such written notice, the Producing Person and Objecting Party shall meet and confer in an effort to resolve their differences. If the disagreement cannot be resolved, the Objecting Party may apply to the Court within ten (10) calendar days for a conference with the Court. If the Objecting Party does not make such an application to the Court, the documents or material to which an objection was directed will still be considered Confidential or Highly Confidential Discovery Material under the Order. While any such application is pending, the documents or material subject to that application will remain Confidential or Highly Discovery Material until the Court rules.

17. <u>Breach of Confidentiality</u>. In the event that the Court determines that there is an actual or threatened violation of this Order by a Receiving Person, the Parties agree that the Producing Person would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of the Order, in addition to any other remedy to which the Producing Person may be entitled at law or in equity.

18.    <u>Legal Process</u>.  If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he, she, or it is a party, or (c) receives a demand or request for documents from a legal or regulatory organization with jurisdiction over it and such subpoena, demand, or request seeks Confidential or Highly Confidential Discovery Material, the Receiving Person shall (unless prohibited by law or regulation) give written notice, by hand or by e-mail, within the earlier of (i) seven (7) business days of receipt of such subpoena, demand, or request for documents or (ii) no fewer than seven (7) business days before any response to the subpoena, demand, or request is due, to all Parties, and to any nonparty who produced or designated the Discovery Material as Confidential or Highly Confidential Discovery Material, and in no event shall produce such requested material prior to providing such notice. Any Party or Producing Person may seek a protective order or other court-ordered relief to prevent the requested production. Should a Party or Producing Person seek a protective order or other court-ordered relief, then the Receiving Person shall not produce any of the Producing Person's Confidential or Highly Confidential Discovery Material, until a final decision that is no longer subject to appellate review orders such production, provided that a Party or Producing Person must file a Notice of Appeal or Motion for permission to Appeal from a lower court order not later than thirty (30) days after Notice of Entry of that order is served. If a Receiving Person is subpoenaed or requested to produce Confidential or Highly Confidential Discovery Material by a regulatory or self-regulatory agency with jurisdiction over it, through a process which by law, regulation, interpretive letter, regulatory policy, or compulsory process requires the Receiving Person to produce requested materials without objection, without notice to other Parties, or without delay, the Receiving Person shall be permitted to do so notwithstanding any provisions of this Order, including the advance notice provisions, to the contrary, but the

Receiving Person shall be required to provide prompt notice of such production to the Producing Party whose Confidential Discovery Material has been disclosed unless such notice is expressly prohibited by the entity requiring the production.

19.    <u>Clawback of Protected Produced Documents</u>. Upon notification that a document or other Discovery Material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other Discovery Material, the Party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such document or other Discovery Material and shall refrain from reading or reviewing said document or Discovery Material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including without limitation, use during the course of a deposition, review with witnesses, use by counsel or otherwise to prosecute or defend the Action or any other action, or any other use, disclosure, or review whatsoever. The Receiving Person shall also remove all references to the substance of such material from any attorney work product. The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this Paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted in the Action or in any other proceeding, including in federal or state proceedings. Notwithstanding the foregoing, nothing in this Paragraph shall prevent a Receiving Person, after promptly returning or destroying the Discovery Material, from challenging the Producing Person's designation of the document or Discovery Material as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with the relevant local rules, (b) any review by the Court of the materials in question is conducted *in*

*camera*, and (c) the challenge shall not assert as a ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

20.     This Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any Discovery Material (whether or not designated as Confidential or Highly Confidential Discovery Material) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any Discovery Material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

21.     Any additional parties that join or are joined in the Action may have access to materials produced pursuant to this Order only after the party executes and files with the Court a stipulation agreeing to be fully bound by the Order. Nonparties producing Discovery Materials may gain the benefits of this Order with respect to any discovery materials they produce by designating as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the Discovery Material they produce.

22.     <u>Final Disposition</u>.

(a)     Except as provided by law or other regulatory authority, or unless otherwise ordered or agreed to in writing by the Producing Person, within sixty (60) days after final termination of the Action, including any appeals or petitions for *certiorari* or discretionary review, each Receiving Person must, at its option, take commercially reasonable efforts to either return all Confidential or Highly Confidential Discovery Material to the Producing Person, or destroy it. Notwithstanding this provision, counsel for the Parties may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work

product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order until the Producing Person agrees otherwise in writing or this Court orders otherwise.

23.    This Order shall survive the termination of the Action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by outside counsel of record for each Producing Person or by an Order of the Court.

24.    The Parties may jointly seek to amend or modify this Order, subject to Court approval.  Any request for amendment or modification that would permit greater disclosure of Confidential or Highly Confidential Discovery Material than permitted hereunder shall be with reasonable notice to, and an opportunity to be heard by, any nonparty that has produced Confidential or Highly Confidential Discovery Material to the extent such request for amendment or modification will apply to Confidential or Highly Confidential Discovery Material produced by nonparties.

25.    Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a Party to make use of its own Discovery Material in any way it deems fit.

26.    Nothing in this Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any grounds to the admission in evidence of any fact or information.

27.    <u>Disclosure of Nonparty Borrower Information</u> To the extent any federal or state law or other legal authority governing the disclosure or use of Nonparty Borrower Information ("Nonparty Borrower Information Law") permits disclosure of such information pursuant to

judicial process, a subpoena or an order of a court, this Order is the result of such process, and the equivalent of a subpoena, and is such an order. To the extent any Nonparty Borrower Information Law requires a Party or a nonparty to give notice to or obtain consent form the Borrower for disclosure of any Nonparty Borrower Information, the protections provided for the information disclosed in this Order, the restrictions this Order imposes on the use or disclosure of the information and the ongoing oversight of the Court (together with the high volume of documents to be produced hereunder and the practical impossibility of identifying or giving individual notice to each Nonparty Borrower) sufficiently protect the Borrower and justify the waiver of requirements of such notice or consent, and compliance with them is excused. Any Producing Person may seek additional orders from this Court that it believes may be necessary to comply with any Nonparty Borrower Information Law.

.

Dated: November 18, 2016

By: /s/   Kathryn E. Matthews
    Kathryn E. Matthews

DAVID J. GRAIS
*dgrais@graisellsworth.com*
MARK B. HOLTON
*mholton@graisellsworth.com*
KATHRYN E. MATTHEWS
*kmatthews@graisellsworth.com*
GRAIS & ELLSWORTH LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:      (212) 755-0010
Facsimile:      (212) 755-0052

*Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank*

By:   /s/ Susanna M. Buergel
    Susanna M. Buergel

SUSANNA M. BUERGEL
*sbuergel@paulweiss.com*
CAITLIN E. GRUSAUSKAS
*cgrusauskas@paulweiss.com*
PAUL, WEISS, RIFKIND WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone:      (212) 373-3000
Facsimile:      (212) 757-3990

*Attorneys for Citicorp Mortgage Securities Inc.*

SO ORDERED:

_____

HONORABLE CHRISTOPER SONTCHI
UNITED STATES BANKRUPTCY JUDGE