IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMERICAN HOME MORTGAGE<br>HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 07-11047(CSS), *et seq.*<br>(Jointly Administered)<br><br>**Relates to Docket No(s).: 11268, 11277** |

## ORDER APPROVING MOTION OF THE FDIC AS RECEIVER FOR CITIZENS NATIONAL BANK AND THE FDIC AS RECIEVER FOR STRATEGIC CAPITAL BANK FOR AN ORDER APPROVING LIMITED DISCOVERY PURSUANT TO FED. R. BANKR. P. 2004

UPON CONSIDERATION OF the Motion for an Order Approving Limited Discovery Pursuant to Fed. R. Bankr. P. 2004 (the "Motion") filed by the FDIC as Receiver for Citizens National Bank and the FDIC as Receiver for Strategic Capital Bank (collectively, "FDIC"); and any responses to the Motion; and the Court having found that it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court being satisfied that the relief requested in the Motion is justified in accordance with Fed. R. Bankr. P. 2004 and 11 U.S.C. § 105(a), and the FDIC having satisfied the requirements set forth in Del. Bankr. L.R. 2004-1(b); it is HEREBY ORDERED as follows:

1. The Motion is hereby GRANTED. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2. The FDIC is authorized to issue and serve subpoenas on CMSI and the Debtors or Plan Trustee substantially similar in form to those attached as **Exhibit 1** and **Exhibit 2** hereto.

3. The Court retains jurisdiction to construe and enforce the terms of this order, as well as any discovery propounded in accordance herewith, and to enter an order concerning a confidentiality stipulation upon the consent of CMSI and the FDIC, and the non-objection of the Plan Trustee and the Office of the United States Trustee.

4. As the documents requested to be produced from the Plan Trustee contain Nonparty Borrower Information[1], this Court finds:

   a. To the extent that any Nonparty Borrower Information law requires that any person or entity be notified prior to disclosure of Nonparty Borrower Information except where such notice is prohibited by court order, the Court hereby orders, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, that the Plan Trustee is explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit the Plan Trustee from contacting any person or entity for any other purpose. The Plan Trustee may seek additional orders from this Court that it believes may be necessary to comply with any Nonparty Borrower Information Law; and

   b. All documents produced by the Plan Trustee are hereby designated as "Confidential Discovery Material", and the FDIC is prohibited from disclosing such documents until such documents are subject to the terms of a protective order.

Dated: __Nov. 21__ 2016

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

---

[1] Nonparty Borrower Information shall mean any information that constitutes nonpublic personal information within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. 6809, and its implementing regulations (including, but not limited to, any portion of a mortgage loan file or other document or data set that includes financial or credit information for any person (including any credit history, report, or score obtained on any such person to determine the individuals eligibility for credit) together with personally identifiable information with respect to such person (including, but not limited to name, address, social security number, loan numbers, telephone number, or place or position of work)); and (x) other sensitive personally identifiable information.