# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Delaware

In re   American Home Mortgage Holdings, Inc., et al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.  07-11047-CSS, et seq.

Chapter  11

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

Citicorp Mortgage Securities, Inc. c/o The Corporation Trust Company

To: Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Hiller & Arban, LLC<br>1500 North French Street, 2nd Floor<br>Wilmington, Delaware 19801 | DATE AND TIME |
|---|---|
| | |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Federal Deposit Insurance Corporation , who issues or requests this subpoena, are:  Brian Arban, Esq., Hiller & Arban, LLC
1500 North French Street, 2nd Floor, Wilmington, Delaware 19801, barban@hillerarban.com, (302) 442-7676

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

   My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## <u>INSTRUCTIONS AND DEFINITIONS</u>

A.     "Complaint" means the amended complaint filed October 12, 2012, in the action

designated Case No. 12-cv-4000 (LTS) in the United States District Court for the Southern

District of New York. A copy of the Complaint is attached hereto as Attachment A.

B.     The non-capitalized term "securitization" means the acquisition and pooling of

mortgage loans (as defined below) and the issuance of securities that are primarily serviced by

the cash flows of those mortgage loans. The capitalized term "Securitization" means

CitiMortgage Alternative Loan Trust, REMIC Pass-Through Certificates, Series 2006-A6

("CMALT 2006-A6"), referred to in the Complaint.

C.     "Mortgage loan" means any loan that is or was secured in whole or in part by a

residence.

D.     "Plaintiff" means the Federal Deposit Insurance Corporation in its capacity as

Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank.

E.     "You" or "Your" means Citicorp Mortgage Securities, Inc., its parents, affiliates,

subsidiaries, successors, officers, employees, and agents.

F.     "Document" means any and all information and material falling within the scope

of Federal Rule of Civil Procedure Rule 34(a)(1)(A) and Federal Rule of Evidence 101, together

with all non-identical copies of any such materials, including all computer data, disks, or film

copies thereof. A Document is to be considered non-identical if it contains any comment,

notation, or marking not contained on the produced original. Any draft or preliminary form is

also a "non-identical" Document.

G.     "Including" means including but not limited to.

1

H.     "Relate to" means regarding, reflecting, referring to, discussing, concerning, constituting, containing, embodying, explaining, showing, supporting, mentioning, pertaining to, alluding to, bearing on, or associated with.

I.     The following instructions apply to the production of Documents.

1.     Paper:

a.     Originals or duplicates of the originals should be produced in a way that preserves all information about how the Documents were kept (for example, which Documents were kept in which folder and the name of each folder, which Documents were stapled or clipped together, etc.).

2.     Electronic Documents:

a.     Responsive Documents should be produced in the form of black-and-white, single-page, 300 DPI, Group IV .tiff images, with each .tiff image file named with the corresponding Bates number, and with image and data load files compatible with the most recent versions of Concordance and Opticon. The format for delivery of load files will be .DAT and .OPT files.

b.     For each Document, the data load file should include information about the custodian or source from which the Document was collected; the file location (original file path of the Document) and all file locations (list of all file paths where the Document was stored); text that is extracted from the electronic file, not generated as an OCR file from the .tiff image(s); as well as: (i) the beginning Bates number (referring to the first page of the Document); (ii) the ending Bates

2

number (referring to the last page of the Document); (iii) each Document's MD5 Hash information (of the original native file that was processed) and the Family Hash (the hash value of the entire family group for the e-mail groups); (iv) the attachment count; (v) the date the Document was last modified; (vi) the file type of the Document; and (vii) the file size.

c.  For images of hard copy Documents, the load file should include information about the custodian or other source from which the Document was gathered; the beginning Bates number (referring to the first page of the Document); the ending Bates number (referring to the last page of the Document); the beginning attachment range, ending attachment range, and page count. For images of hard copy Documents, the load file should also contain text generated by OCR software. The format for delivery of the text/OCR file is a .TXT file corresponding to the beginning Bates number of each Document and placed in a folder entitled either "Text" or "OCR."

d.  All Microsoft Excel files (and other electronic spreadsheet files), audio files (e.g., .mp3, .mpa, .wav, .wma), and video files (e.g., .mpg, .mp4, .wmv, .flv, .jpg) should be produced in native format, including all formulae within the cells of the spreadsheet, any hidden rows or columns, and all other metadata contained in the file. All files produced in native format will have a corresponding single page .tiff placeholder stating "Document Produced in Native Format." If the file

3

needs to be redacted, and only then, converting to .tiff should be considered and discussed with the requesting party. Each Native File is to be named after the beginning Bates number. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent you have other file types that do not readily or easily and accurately convert to .tiff and searchable text, you may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

   e.  All Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables Plaintiff to reasonably manage and import those Documents into a useable database. The Documents must be accompanied with reasonably detailed, clear and focused Documentation explaining the Documents' content and format including but not limited to data dictionaries and diagrams. Some acceptable formats include: (i) XML format file(s); (ii) Microsoft SQL database(s); (iii) Access database(s); and/or (iv) fixed or variable length ASCII delimited files.

3.  Loan Files:

   a.  Loan file Documents should be produced in either of the following formats:

4

    i.  a single PDF of loan file Documents for each loan, or

    ii.  a single folder containing .tiff or PDF images of loan file Documents for each loan.

b.  Each page should be Bates numbered and branded for confidentiality as required under the law and/or the Protective Order and Amended Protective Order governing the production of documents in this case. The loan file Document PDF or folder should be named according to the loan number used for that loan on the mortgage loan schedule, if any. If any other loan number can be used to identify the loan (for example, a trustee loan number or a servicing loan number), we ask that you provide a cross-reference file listing each such number for all loans.

4.  Structured Data:

a.  As used here, structured data refers to databases which store information in computer systems such as loan origination systems or loan servicing systems.

b.  For each relevant structured database requested, please provide a data dictionary and/or other explanatory documentation, including but not limited to:

    i.  Explanation of various codes (business units, territories, parts, procedures, etc.);

    ii.  The interrelation of data components (for example, how various statuses are assigned to a transaction, which

batch/manual processes generate certain data, how to interpret log stamps, etc.);

   iii.  The relations between tables and fields;

   iv.  The unique/non-unique keys, primary-foreign keys, etc.

   v.  The names and descriptions of tables/fields/views/stored procedures;

   vi.  ERD or entity relations diagram;

   vii.  Lists of available canned reports;

   viii.  Schemas;

   ix.  Business logic reflected in the data vs. application layer; and/or

   x.  Field values, codes, and their definitions.

5.   If any Document is withheld, in whole or in part, for privilege reasons, please state with respect to each Document the following information to the extent it is available and not otherwise agreed upon by the parties or ordered by the court: (a) the privilege under which the Document is being withheld; (b) a general description of the subject matter of the Document; (c) the author of the Document; (d) all persons to whom the Document is addressed and all persons to whom copies of the Document were furnished; (e) the date of the Document; and (f) the present custodian and location of the Document.

J.   These requests cover the time period from and including January 1, 2003 to the present.

## **DOCUMENTS TO BE PRODUCED**

Please produce the following Documents:

1.      The closing loan data tapes and mortgage loan schedules of the Securitization, and any drafts of interim loan data tapes or mortgage loan schedules, including, but not limited to, columns containing the identity of the originator of the loans, loan numbers, borrower first and last names, property address, city, state, and ZIP Code.

7

# EXHIBIT 2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __American Home Mortgage Holdings, Inc., et al.__
_____
Debtor

Case No. __07-11047-CSS, et seq.__

_(Complete if issued in an adversary proceeding)_

Chapter __11__

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

American Home Mortgage Holdings, Inc. c/o Corporation Service Company

To: __2711 Centerville Road, Suite 400, Wilmington, Delaware 19808__

_(Name of person to whom the subpoena is directed)_

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Hiller & Arban, LLC<br>1500 North French Street, 2nd Floor<br>Wilmington, Delaware 19801 | DATE AND TIME |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__Federal Deposit Insurance Corporation__ , who issues or requests this subpoena, are: __Brian Arban, Esq., Hiller & Arban, LLC__
__1500 North French Street, 2nd Floor, Wilmington, Delaware 19801, barban@hillerarban.com, (302) 442-7676__

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## <u>INSTRUCTIONS AND DEFINITIONS</u>

A.      "Complaint" means the amended complaint filed October 12, 2012, in the action designated Case No. 12-cv-4000 (LTS) in the United States District Court for the Southern District of New York. A copy of the Complaint is attached hereto as Attachment A.

B.      The non-capitalized term "securitization" means the acquisition and pooling of mortgage loans (as defined below) and the issuance of securities that are primarily serviced by the cash flows of those mortgage loans. The capitalized term "Securitizations" means CitiMortgage Alternative Loan Trust, REMIC Pass-Through Certificates, Series 2006-A6 ("CMALT 2006-A6") and CSMC Mortgage-Backed Trust, Mortgage-Backed Pass-Through Certificates, Series 2006-6 ("CSMC 2006-6") referred to in the Complaint.

C.      "Primary Collateral Pool" means the group or groups of mortgage loans that directly back the certificate that Plaintiff purchased in the Securitizations. For CMALT 2006-A6, the Primary Collateral Pool means Pool I. Attached hereto as Attachment B is a list of the loans, identified by loan number. For CSMC 2006-6, the Primary Collateral Pool means Group 1. Attached hereto as Attachment C is a list of the loans, identified by loan number.

D.      "Mortgage loan" means any loan that is or was secured in whole or in part by a residence.

E.      "Plaintiff" means the Federal Deposit Insurance Corporation in its capacity as Receiver for Citizens National Bank and as Receiver for Strategic Capital Bank.

F.      "You" or "Your" means American Home Mortgage Holdings, Inc., its parents, affiliates, subsidiaries, successors, officers, employees, and agents.

G.      "Document" means any and all information and material falling within the scope

1

of Federal Rule of Civil Procedure Rule 34(a)(1)(A) and Federal Rule of Evidence 101, together with all non-identical copies of any such materials, including all computer data, disks, or film copies thereof. A Document is to be considered non-identical if it contains any comment, notation, or marking not contained on the produced original. Any draft or preliminary form is also a "non-identical" Document.

    H.    "Including" means including but not limited to.

    I.    "Relate to" means regarding, reflecting, referring to, discussing, concerning, constituting, containing, embodying, explaining, showing, supporting, mentioning, pertaining to, alluding to, bearing on, or associated with.

    J.    The following instructions apply to the production of Documents.

        1.    Paper:

            a.  Originals or duplicates of the originals should be produced in a way that preserves all information about how the Documents were kept (for example, which Documents were kept in which folder and the name of each folder, which Documents were stapled or clipped together, etc.).

        2.    Electronic Documents:

            a.  Responsive Documents should be produced in the form of black-and-white, single-page, 300 DPI, Group IV .tiff images, with each .tiff image file named with the corresponding Bates number, and with image and data load files compatible with the most recent versions of Concordance and Opticon. The format for delivery of load files will be .DAT and .OPT files.

2

b.  For each Document, the data load file should include information
    about the custodian or source from which the Document was collected;
    the file location (original file path of the Document) and all file
    locations (list of all file paths where the Document was stored); text
    that is extracted from the electronic file, not generated as an OCR file
    from the .tiff image(s); as well as: (i) the beginning Bates number
    (referring to the first page of the Document); (ii) the ending Bates
    number (referring to the last page of the Document); (iii) each
    Document's MD5 Hash information (of the original native file that
    was processed) and the Family Hash (the hash value of the entire
    family group for the e-mail groups); (iv) the attachment count; (v) the
    date the Document was last modified; (vi) the file type of the
    Document; and (vii) the file size.

c.  For images of hard copy Documents, the load file should include
    information about the custodian or other source from which the
    Document was gathered; the beginning Bates number (referring to the
    first page of the Document); the ending Bates number (referring to the
    last page of the Document); the beginning attachment range, ending
    attachment range, and page count. For images of hard copy
    Documents, the load file should also contain text generated by OCR
    software. The format for delivery of the text/OCR file is a .TXT file
    corresponding to the beginning Bates number of each Document and
    placed in a folder entitled either "Text" or "OCR."

3

d.  All Microsoft Excel files (and other electronic spreadsheet files), audio

files (e.g., .mp3, .mpa, .wav, .wma), and video files (e.g., .mpg, .mp4,

.wmv, .flv, .jpg) should be produced in native format, including all

formulae within the cells of the spreadsheet, any hidden rows or

columns, and all other metadata contained in the file. All files

produced in native format will have a corresponding single page .tiff

placeholder stating "Document Produced in Native Format." If the file

needs to be redacted, and only then, converting to .tiff should be

considered and discussed with the requesting party. Each Native File is

to be named after the beginning Bates number. A "Nativelink" entry

shall be included in the .dat load file indicating the relative file path to

each native file on the production media. To the extent you have other

file types that do not readily or easily and accurately convert to .tiff

and searchable text, you may elect to produce those files in native

format subject to the other requirements listed herein. Native files may

be produced within a separate root-level folder structure on deliverable

media entitled "Natives."

e.  All Documents and accompanying metadata created and/or stored in

structured electronic databases or files shall be produced in a format

that enables Plaintiff to reasonably manage and import those

Documents into a useable database. The Documents must be

accompanied with reasonably detailed, clear and focused

Documentation explaining the Documents' content and format

4

including but not limited to data dictionaries and diagrams. Some

acceptable formats include: (i) XML format file(s); (ii) Microsoft SQL

database(s); (iii) Access database(s); and/or (iv) fixed or variable

length ASCII delimited files.

3.    Loan Files:

   a.  Loan file Documents should be produced in either of the following

       formats:

          i.  a single PDF of loan file Documents for each loan, or

         ii.  a single folder containing .tiff or PDF images of loan file

              Documents for each loan.

   b.  Each page should be Bates numbered and branded for confidentiality

       as required under the law and/or the Protective Order and Amended

       Protective Order governing the production of documents in this case.

       The loan file Document PDF or folder should be named according to

       the loan number used for that loan on the mortgage loan schedule, if

       any. If any other loan number can be used to identify the loan (for

       example, a trustee loan number or a servicing loan number), we ask

       that you provide a cross-reference file listing each such number for all

       loans.

4.    Structured Data:

a.  As used here, structured data refers to databases which store information in computer systems such as loan origination systems or loan servicing systems.

b.  For each relevant structured database requested, please provide a data dictionary and/or other explanatory documentation, including but not limited to:

    i.  Explanation of various codes (business units, territories, parts, procedures, etc.);

    ii.  The interrelation of data components (for example, how various statuses are assigned to a transaction, which batch/manual processes generate certain data, how to interpret log stamps, etc.);

    iii.  The relations between tables and fields;

    iv.  The unique/non-unique keys, primary-foreign keys, etc.

    v.  The names and descriptions of tables/fields/views/stored procedures;

    vi.  ERD or entity relations diagram;

    vii.  Lists of available canned reports;

    viii.  Schemas;

    ix.  Business logic reflected in the data vs. application layer; and/or

    x.  Field values, codes, and their definitions.

6

5.    If any Document is withheld, in whole or in part, for privilege reasons, please state with respect to each Document the following information to the extent it is available and not otherwise agreed upon by the parties or ordered by the court: (a) the privilege under which the Document is being withheld; (b) a general description of the subject matter of the Document; (c) the author of the Document; (d) all persons to whom the Document is addressed and all persons to whom copies of the Document were furnished; (e) the date of the Document; and (f) the present custodian and location of the Document.

K.    These requests cover the time period from and including January 1, 2003 to the present.

## DOCUMENTS TO BE PRODUCED

Please produce the following Documents:

### Files on Each Loan

1.    Any of the mortgage loans in the Primary Collateral Pool, including the application for the mortgage loan, any documents submitted or obtained in connection with the loan application, and the underwriting and approval of the application for the loan. For each loan, the documents to be produced include, but are not limited to, all draft, estimate, initial, final, revised, and re-issued versions of the documents listed in Appendix A.

### Underwriting Standards

2.    Any underwriting standards, guidelines, criteria, policies, or procedures applicable to the consideration or approval of any of the mortgage loans in the Primary Collateral Pools.

7

## APPENDIX A

Among the documents typically included in a loan file are the following:

a. Uniform Residential Loan Application (Fannie Mae Form 1003 or 1003[S] or Freddie Mac Form 65);

b. All forms, applications, affidavits, and correspondence signed, drafted, or filled out by or on behalf of the borrower;

c. Request for Verification of Employment and all verifications received pursuant thereto;

d. Request for Verification of Deposit and all verifications received pursuant thereto;

e. All credit reports, including trimerge reports, and any other reports pertaining to the creditworthiness of the borrower, obtained before, after, and at the time of closing;

f. Any explanation by the borrower for any item on, or any alleged inaccuracy in, the credit report and any evaluation of that explanation;

g. All internal forms, checklists, scorecards, worksheets, conditions, notes, analysis and communications pertaining to the origination, underwriting, approval, and closing of the mortgage loan;

h. IRS Forms 4506 and 4506-T, and all tax returns, transcripts, and other documentation obtained pursuant thereto;

i. All documents relating to the title to the subject property, including preliminary title reports and the title commitment and insurance policy;

j. Hazard or flood insurance on the subject property and flood determination;

k. Homeowner association documents, condominium certifications, and planned unit development documentation;

l. Documents relating to the income, including rental income, expenses, assets, liabilities, and payment history of the borrower;

m. All documents relating to liens and encumbrances on the subject property;

n. Any information used to validate the reasonableness of the "stated income" of the borrower;

o. Any findings or other output of any automated underwriting system;

p. Any loan denial notices;

q. Documents relating to investor and internal lock commitments;

8

r.  Uniform Underwriting and Transmittal Summary (Fannie Mae Form 1008 or Freddie Mac Form 1077) and lender's loan approval;

s.  Any exception to applicable underwriting guidelines or "compensating factors" used to justify any such exception, including write-ups, comments, analyses, authorizing signatures, and other documents related to such exceptions;

t.  All disclosures, notices, estimates, and correspondence provided to the borrower before, after, and at the time of closing;

u.  Mortgage insurance certificate (if applicable);

v.  Any subordination agreements;

w.  Closing instructions;

x.  Uniform Residential Appraisal Report, USPAP Compliance Addendum, Appraisal Update and/or Completion Report, and all other documents relating to the appraisal of the subject property, including all automated valuation model (AVM) reports; and

y.  Contract of sale/purchase agreement, note, mortgage, deed of trust, HUD1- Settlement Statement, and all other documents executed or delivered at the closing of the mortgage loan.

9

**Attachment B**                    Loans in the Primary Collateral Pool                    CMALT 2006-A6

                    

*Loan numbers to be inserted prior to service of subpoena*

**Attachment C**

Loans in the Primary Collateral Pool

CSMC 2006-6

  

Loan numbers to be inserted prior
to service of subpoena