```
                      UNITED STATES BANKRUPTCY COURT
                           DISTRICT OF DELAWARE


IN RE:                              .  Chapter 11
                                    .
AMERICAN HOME MORTGAGE HOLDINGS,    .
INC., a Delaware Corporation,       .
et al.,                             .  Case No. 07-11047 (CSS)
                                    .
                                    .
                                    .  Courtroom No. 6
                                    .  824 Market Street
                                    .  Wilmington, Delaware 19801
                                    .
              Debtors.              .  November 21, 2016
. . . . . . . . . . . . . . . . . . .  12:00 P.M.

                          TRANSCRIPT OF HEARING
                BEFORE HONORABLE CHRISTOPHER S. SONTCHI
                     UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Plan Trustee:      Travis Buchanan, Esquire
                           Sean Beach, Esquire
                           YOUNG CONAWAY STARGATT & TAYLOR, LLP
                           1000 North King Street
                           Wilmington, Delaware 19801

                           Edward Schnitzer, Esquire
                           HAHN & HESSEN LLP
                           488 Madison Avenue
                           New York, New York 10022

ECRO:                      LESLIE MURIN

Transcription Service:     Reliable
                           1007 N. Orange Street
                           Wilmington, Delaware 19801
                           Telephone:  (302) 654-8080
                           E-Mail:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1  APPEARANCES (Continued):

2  For Federal Deposit Insurance Corporation:
                        Brian Arban, Esquire
3                       HILLER & ARBAN, LLC
                        1500 North French Street, 2nd Floor
4                       Wilmington, Delaware 19801

5                       Kathryn Matthews, Esquire
                        GRAIS & ELLSWORTH LLP
6                       1211 Avenue of the Americas
                        New York, New York 10036

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                    INDEX

2                                                                    Page

3   NOTICE OF AGENDA MATTERS:
    For the Plan Trustee, by Mr. Buchanan                               4
4   For the Plan Trustee, by Mr. Schnitzer                              4
    For the FDIC, by Mr. Arban                                          6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        (Proceedings commence at 12:00 p.m.)

2        (Call to order of the Court)

3            THE COURT:  Please be seated.

4            MR. BUCHANAN:  Good afternoon, Your Honor.

5            THE COURT:  Good afternoon.

6            MR. BUCHANAN:  For the record Travis Buchanan from
7 Young Conaway Stargatt & Taylor on behalf of the Plan Trust.

8            Your Honor, we have just one motion on the agenda
9 for today and that's the FDIC's motion for discovery pursuant
10 to Rule 2004.

11           Your Honor, with the Courts permission I'd like to
12 cede the podium to my co-counsel Ed Schnitzer from Hahn &
13 Hessen for a brief status update before we turn it over to
14 the FDIC.

15           THE COURT:  Okay.

16           MR. BUCHANAN:  Thank you.

17           MR. SCHNITZER:  Good afternoon, Your Honor, Edward
18 Schnitzer from Hahn & Hessen.  Your Honor, before I turn the
19 podium over to counsel for FDIC I just wanted to apprise the
20 Court of an update.

21           Your Honor, as you may recall, back in the summer
22 of 2011 we informed you of an overheating issue that we had
23 in the Debtors' data center room which lead to the loss and
24 corruption of certain data that included image loan files.
25 Your Honor, unfortunately we had another overheating issue

1  this weekend and since we were going to be before you today I
2  wanted to apprise you of it.
3         Your Honor, this weekend, what happened is, the
4  Debtors' air conditioning system failed.  After it failed, as
5  expected, the temperature rose.  When the temperature rose
6  the computer shut down.  The Plan Trustee's consultant
7  received notification of this and he immediately went over,
8  worked over the weekend to cool down the data center,
9  installed fans to cool down the system and then restarted the
10 computer systems.
11        At this point, Your Honor, I am happy to report we
12 don't believe there has been any data loss or corruption, but
13 I did want to inform the Court of this as soon as we were
14 before you
15        Your Honor, while the Plan Trustee is looking at
16 solutions because at this point the AC system, we believe, is
17 not working.  So what we have right now is fans.  While the
18 Plan Trustee is looking at other solutions he doesn't believe
19 at this point the Trustee should spend significant sums of
20 money given the late stage of this case and given the last
21 document destruction order this Court entered, but like I
22 said, Your Honor, I wanted to make you aware of the situation
23 and what happened this weekend.
24        THE COURT:  Okay.  Where are the computers
25 located?

1       MR. SCHNITZER: In Long Island.

2       THE COURT: Long Island. Well, hopefully, AC
3  won't be an issue. This is an adverse effect of global
4  warming, I guess, that you need air conditioning on November
5  19th, but, okay.

6       MR. SCHNITZER: That was our hope, Your Honor,
7  that given the document destruction order with the February
8  date that it's not expected to be or at least we hope it's
9  not expected to be warm between now and February; so the fans
10 should be sufficient.

11      THE COURT: Okay. All right. Thank you, Mr.
12 Schnitzer.

13      MR. SCHNITZER: Thank you, Your Honor.

14      MR. ARBAN: Good afternoon, Your Honor, Brian
15 Arban appearing on behalf of the FDIC as receivers for
16 Strategic Capital Bank and Citizens National Bank.

17      I have here in the Courtroom, Your Honor, Ms.
18 Kathryn E. Matthews who has been admitted *pro hac vice* to
19 appear in this Court.

20      With your permission, Your Honor, I'd like to
21 proceed -- first, thank you very much for hearing the FDIC's
22 motion on shortened notice. I understand that there have
23 been discussions with Citicorp Mortgage Securities, Inc., who
24 is the third party that is part of the Rule 2004 motion. We
25 filed a confidentiality stipulation on Friday along with a

1  revised proposed order in the event that Your Honor grants
2  the FDIC's 2004 motion.  Your Honor, it was filed as Exhibit
3  A to a notice of exhibits filed on Friday.
4              THE COURT:  Yeah.  Okay.
5              MR. ARBAN:  And that's the proposed
6  confidentiality stipulation between Citicorp and the FDIC in
7  the event that Your Honor grants the Rule 2004 motion.
8              Exhibit B, Your Honor, is a revised proposed form
9  of order.  And Exhibit C is just a blackline of it.
10             THE COURT:  Okay.
11             MR. ARBAN:  Your Honor, the Rule 2004 motion is
12 necessary because the FDIC has two matters pending, one of
13 which I'm going to talk about specifically.  That one matter
14 was dismissed in the Southern District of New York.  The FDIC
15 sued certain issuers of residential mortgage backed
16 securities.  Citicorp is one of the issuers.  The matter,
17 Your Honor, was commenced in 2012.  Discovery was stayed for
18 two and a half years while there was a motion to dismiss.
19 There was an amended complaint that was filed.  The motion to
20 dismiss in that litigation centered on whether it was
21 outside, I guess, the statute of limitations or statute of
22 repose as they call it.
23             The District Court dismissed the action around
24 April 2015, I believe.  It went up on appeal.  The FDIC is
25 pretty confident based upon separate litigation involving a

1   similar issue in which the Second Circuit had reversed the
2   District Courts dismissal of that complaint on similar
3   grounds that it will prevail on the merits of this case.  The
4   issue, Your Honor, is in the confirmation order there is, at
5   Paragraph 67, it deals with destruction of documents in this
6   case.
7              Certainly, the FDIC is sensitive to the issue, in
8   this case, that this matter needs to move along, that Your
9   Honor would like to see these cases close next year, I
10  believe, if I recall correctly based upon the last hearing
11  that I attended.  With that in mind, while the FDIC objected
12  to the Plan Trustee's, on a limited basis, last document
13  destruction motion which was issued pursuant or made pursuant
14  to the confirmation order.  It was a requirement.
15             The FDIC did put parties on notice that it would
16  be agreeable, you know, to a review period, but it was also
17  going to use Rule 2004, Your Honor, in order to get necessary
18  information, very limited information, but necessary
19  information so that it can comply with the document
20  destruction order that was going to be entered in this case.
21             It is my understanding, Your Honor, that Citicorp
22  has not objected to the relief.  The FDIC served a copy of
23  the Rule 2004 motion upon its counsel in the Southern
24  District of New York litigation and also I served a copy of
25  it by registered agent, to a registered agent here in

1  Delaware. I also served a copy of the order shortening time
2  upon, you know, the same entity in the same manner. As Your
3  Honor can see Citicorp, my understanding is they do not
4  object to the relief so long as an appropriate subpoena is
5  issued and a confidentiality order is entered into.
6        We feel -- the FDIC feels, Your Honor, that you
7  have to look at this entire issue holistically that the Rule
8  2004 relief is related to the document destruction order
9  which, itself, is related to the confirmation order that was
10 entered in this case. The FDIC submits that it believes that
11 if you look at Paragraph 67 of the confirmation order that it
12 clearly envisions that there would be a litigation stemming
13 from the collapse of the Debtors and that also required the
14 Plan Trustee to seek Court approval before destroying, you
15 know, relevant documents or documents, you know, and files in
16 this case.
17       So while we are sensitive to the Plan Trustee's
18 concern raised about subject matter jurisdiction, the FDIC
19 believes that this does bear a close nexus to the
20 consummation, the execution or administration of the
21 confirmed plan in this case. The FDIC would also point out
22 that Your Honor, under 11 U.S.C. Section 105, I know it's a
23 catchall that is often used, has general powers to enforce
24 decrees of this Court. And also under 11 U.S.C. Section 1142
25 provides that the Court may direct Debtor or any other

1 necessary party to perform any other act that is necessary
2 for consummation of the plan.
3             So, Your Honor, this is, you know, the FDIC
4 certainly acknowledges the unusual procedural posture of the
5 litigation in the Southern District of New York because
6 there's not, technically, a pending proceeding, but the FDIC
7 believes that this information is necessary in order to allow
8 to prosecute this action and to not grant the Rule 2004
9 motion would severely prejudice the FDIC and also create an
10 undue burden.
11             The FDIC has reason to believe that the files with
12 the information that maybe contain also servers may
13 potentially contain information that might not be available,
14 at least not with ease, elsewhere.  I can certainly if Your
15 Honor has any questions about that issue I can certainly cede
16 the podium to my co-counsel.
17             THE COURT:  That's not necessary.  Okay.  Thank
18 you.
19             MR. SCHNITZER:  Your Honor, I'll be brief.  Your
20 Honor, as set forth in the response that we filed on November
21 17th the Plan Trustee has no objection to producing loan
22 files and underwriting guidelines to the FDIC in response to
23 a badly issued subpoena.  The Plan Trustee's only concern was
24 whether this Court has subject matter jurisdiction to grant
25 their motion and, thus, issue the subpoenas.  If this Court

1 determines it does have the jurisdiction to grant their
2 motion the Trustee will comply with these subpoenas much like
3 it's complied with approximately a hundred other subpoenas
4 it's received.
5     If on the other hand this Court determines it does
6 not then the document destruction order is in effect and if
7 the FDIC finds another means to issue a valid subpoena to the
8 Trustee within the time parameters set forth in the document
9 destruction order the Trustee, of course, will comply with
10 it.  If the FDIC is unable to issue such a subpoena the
11 Trustee will go forward and destroy the documents when he's
12 permitted to do so.
13     THE COURT:  Okay.
14     MR. SCHNITZER:  Thank you, Your Honor.
15     THE COURT:  Thank you.
16     All right.  Well, I think it is a very important
17 question as to whether the Court has subject matter
18 jurisdiction to grant this motion which calls for the FDIC to
19 serve the subpoena on a third party not the Trustee or any
20 Debtor entity; reorganized or otherwise.  As a necessary
21 precursor to seeking something which the Court clearly has
22 jurisdiction over which is the FDIC issuing a subpoena or
23 getting a request to the Plan Trustee.
24     You know, I'm pushing the envelope to its greatest
25 extent, I think, if I were to grant the motion and taking the

1  idea of related jurisdiction, really, is about as far as it
2  could go.  I am going to do that.  I am going to grant the
3  motion and approve the order based on, primarily -- well, a
4  couple of things; based on wanting to keep the case moving
5  forward and balancing the destruction of the documents, which
6  is important, against the FDIC's interest in having access to
7  the documents that would be destroyed.
8  　　　　　Also, I find it significant that the party to the
9  subpoena Citizens National Bank, is that right or is it Citi?
10 　　　　　MS. MATTHEWS:  Citi is the subject of the
11 subpoena.
12 　　　　　THE COURT:  Citi.  Oh, I'm sorry.
13 　　　　　So, Citi hasn't objected and they're the ones that
14 are going to get the initial subpoena.  So I'll approve the
15 motion and if anybody appeals and I get yelled at by the
16 Third Circuit I'll yell at you.  We'll pay it forward.
17 　　　(Laughter)
18 　　　　　THE COURT:  But I'll sign the order.  Do you have
19 a clean copy?
20 　　　　　MR. ARBAN:  Yes, Your Honor, I do.
21 　　　　　THE COURT:  All right.  Please approach.
22 　　　　　MR. ARBAN:  Your Honor, there's also a protective
23 order that was Exhibit A. I have a copy of it, a clean copy
24 of it, Your Honor, that has the so ordered section in it in
25 the event that --

1       THE COURT:  Okay.

2       MR. ARBAN:  May I approach?

3       THE COURT:  Yes.  All right.  So what am I signing
4 here?  I'm signing the order approving the discovery?

5       MR. ARBAN:  Yes, Your Honor.  That's the first
6 order; the order approving motion of the FDIC as receiver for
7 Citizens National Bank, limited discovery pursuant to Rule
8 2004.  I do have Exhibit 1 and Exhibit 2, Your Honor.

9       THE COURT:  Yeah, it says there supposed to be
10 attached.

11      MR. ARBAN:  Yes.  I do actually have those
12 exhibits here.  May I approach?

13      THE COURT:  Yes, please. Oh, I see.  Okay.  I've
14 signed that.  What do I do with this stipulation and order?

15      MR. ARBAN:  Your Honor, that was ancillary
16 stipulation order that counsel for the FDIC and Citi had
17 entered into in the event that Your Honor grants the Rule
18 2004 motion which is necessary in order for Citi to produce
19 the information that's requested in the subpoena.

20      THE COURT:  Okay.  I've signed that.

21      MR. ARBAN:  Thank you, Your Honor.

22      One final note is that the subpoenas themselves,
23 we didn't know when this matter would be heard by the Court.
24 So we didn't necessarily put a return date on the subpoenas.
25 I don't know if Your Honor has a preference for how long to

1  allow Citi to return and, for that matter, the Plan Trustee.
2              THE COURT: Whatever you pick that's consistent
3  with the law. I'm not going to shorten that time.
4              MR. ARBAN: Okay. Thank you, Your Honor.
5              MS. MATTHEWS: Thank you, Your Honor.
6              THE COURT: Okay. Very good. Anything else? All
7  right. Thank you. We're adjourned.
8         (Court Adjourned)

CERTIFICATE

We certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Mary Zajaczkowski                        November 27, 2016
Mary Zajaczkowski, CET**D-531                        Date