IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| American Home Mortgage Holdings, Inc., *et al.,* DEBTORS. | Case No. 07-11047-CSS (Jointly Administered) |

**MOTION OF CITIMORTGAGE, INC. FOR AN ORDER AUTHORIZING THE TRUSTEE TO EXECUTE AND DELIVER AN ASSIGNMENT OF MORTGAGE AND, TO THE EXTENT APPLICABLE, FOR RELIEF FROM THE <u>AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE</u>**

COMES NOW CitiMortgage, Inc. ("Movant") by and through its undersigned counsel, the Atlantic Law Group, LLC and hereby respectfully moves this Honorable Court for an Order authorizing Steven D. Sass as trustee (the "Trustee") of the trust established pursuant to the Amended Chapter 11 Plan of Liquidation of the Debtors dated as of February 18, 2009, to execute and deliver an Assignment of Mortgage in the form attached hereto as **Exhibit A** relating to a certain mortgage granted by Anthony Rosati to American Business Mortgage Services Inc. ("AMBS"), dated April 7, 2003, which was recorded in the Suffolk County Registry of Deeds on May 13, 2003 in Book 31424 Page 085 (the "2003 Mortgage"), a copy of which is attached hereto as **Exhibit B**, against property commonly known as 53 Beal St, Winthrop, MA 02152 (the "Property"). To the extent applicable, Movant also moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) so that it may pursue the remedies available to it in the Commonwealth of Massachusetts under the Mortgage. In support thereof, Movant respectfully offers the following:

<u>JURISDICTION AND VENUE</u>

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising under Chapter 7 of Title 11 of the United

States Code, 11 U.S.C. § 101 et seq. and the Court has authority to hear and determine this matter within the meaning of 28 U.S.C. §157(b)(2)(A) and (G).

2. The instant request for the issuance of an order and request for relief under Section 362 of the U.S. Bankruptcy Code is a contested matter within the meaning of 9014 and 4001 of the Federal Rules of Bankruptcy Procedure.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d) and 11 U.S.C. § 105. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

4. On or about August 6, 2007, American Home Mortgage Holdings, Inc. *et al.*, (hereinafter collectively referred to as "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the District of Delaware. The Court entered an order to allow for the joint administration of the Debtors' cases for procedural purposes.

5. An official committee of unsecured creditors has been appointed in this case.

6. The Amended Chapter 11 Plan of Liquidation dated February 18, 2009, established Steven D. Sass as trustee (the "Trustee") in the above-captioned cases.

7. Movant is a national banking association organized under the laws of the United States of America.

## BACKGROUND

8. On or about April 7, 2003, Anthony Rosati ("Obligor") executed and delivered to American Business Mortgage Services, Inc. ("ABMS") a promissory note (the "2003 Note").

9. To secure the repayment of the sums due under the Note, the Obligor executed and delivered to ABMS a mortgage, deed of trust or comparable instrument of security (the "2003 Mortgage") on the Property dated April 7, 2003. A copy of the Mortgage is attached hereto as **Exhibit B** and incorporated herein.

10. On or about January 30, 2004, Mortgage Electronic Registration Systems, Inc. ("MERS") executed a release of the 2003 Mortgage and recorded same with the Suffolk County Registry of Deeds in Book 33805, page 196 (the "Release"). An affidavit signed by Steven G. Manchini, Esq. regarding the release and present status of the 2003 Mortgage is attached hereto as **Exhibit C**.

11. A transfer or assignment of the 2003 Mortgage from ABMS to MERS was not recorded; therefore, the Release is insufficient as a matter of Massachusetts real property law to clear the 2003 Mortgage as a matter of record title. The Release, executed by a non-record holder of the 2003 Mortgage, currently comprises a record title nullity; therefore, the 2003 Mortgage still exists as a matter of record title.

12. On or about July 1, 2008, the Obligor executed and delivered to U.S. Mortgage Corp. a promissory note (the "2008 Note") in the amount of $312,417.00, plus interest at the rate of 6.8750% per annum, attorneys' fees, costs and late charges to be paid over thirty years. A copy of the Note is attached hereto as **Exhibit D** and incorporated herein.

13. To secure the repayment of the sums due under the Note, the Obligor and Tania M. Roseti executed and delivered to MERS a mortgage, deed of trust or comparable instrument of security (the "2008 Mortgage") on the Property dated July 1, 2008. A copy of the Mortgage is attached hereto as **Exhibit E** and incorporated herein.

14. The 2008 Mortgage was recorded with the Suffolk County Registry of Deeds in Book 43782, Page 28.

15. Both the 2008 Note and 2008 Mortgage were later transferred to Movant and Movant is the holder of both the 2008 Note and 2008 Mortgage (the "2010 Assignment"). The 2010 Assignment reflects that MERS transferred the 2008 Mortgage to Movant; it is dated February 9, 2010, and recorded with the Sufflk County Registry of Deeds in Book 46098, Page 15. A copy of the Assignment is attached as **Exhibit F** and incorporated herein.

16. On or about August 13, 2010, the Obligor executed and delievered to Movant a Loan Modification for the Property. A copy of the Loan Modification is attached hereto as **Exhibit G** and incorporated herein.

17. Movant seeks to enforce and foreclose the 2008 Mortgage on the Property pursuant to the statutory power of sale contained therein and to pursue the other rights and remedies available to it as mortgagee, however, the insufficient Release of the 2003 Mortgage impedes Movant's ability to deliver clear record or marketable title upon foreclosure.

## RELIEF REQUESTED

18. Based on the aforementioned facts, Movant respectfully requests the entry of an Order that authorizes the Trustee to: (i) execute an assignment in the form attached hereto as **Exhibit A**; and (ii) deliver the assignment to Movant for recording with the Suffolk County Registry of Deeds. Movant shall pay all costs associated with preparing and recording the Assignment.

19. Movant also requests relief from the automatic stay, to the extent applicable, to pursue the remedies that are available to it with respect to the Property as a matter of property law in the Commonwealth of Massachusetts.

## BASIS FOR THE RELIEF REQUESTED

20. Under 11 U.S.C. § 362(d), "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause, including lack of adequate protection of an interest in property." The Bankruptcy Code does not define "cause". Therefore, the court must determine what constitutes cause based on the totality of the circumstances of each particular case. *Se In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997); *In re Rexene Prods. Co.,* 141 B. R. 574, 576 (Bankr. D. Del. 1992)(internal citations and quotations omitted). "Cause is a flexible concept and courts often….. examin[e] the totality of the circumstances to determine

whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B. R. 852, 856 (Bank. D. Del. 2007).

21. Courts often follow the logic of the intent behind § 362(d), which is that it is often appropriate to allow litigation to proceed in its initial forum, if no prejudice to the estate, 'in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B. R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)(internal citations omitted)).

22. This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: 1) whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; 2) whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and 3) the creditor's probability of success on the merits. *See In Re Tribune Co.,* 418 B. R. 116, 126 (Bankr. D. Del. 2009).

23. Here, the facts weigh in the Movant's favor on each of the three prongs. First, the Debtor, ABMS, will not suffer prejudice should the stay be lifted because the Debtor is no longer the equitable owner of the relevant satisfied note and 2003 Mortgage. Although no recording exists or can be located regarding the assignment of the 2003 Mortgage from ABMS to MERS, circumstantial evidence – MERS recording the Release of the 2003 Mortgage in 2013 – exists that supports the reasonable inference that the Debtor will not suffer any prejudice because it has neither pecuniary nor property interests in the Property at issue. Similarly, Anthony R. Rosati's credit report indicates that the account secured by the 2003 Mortgage was closed; this salient fact, too, supports the inference that the 2003 Mortgage was assigned and that ABMS is no longer its owner.

24. Second, the Movant will face substantial hardship if the stay is not lifted. Movant desires and is entitled to enforce and foreclose the 2008 Mortgage as well as pursue the other

rights and remedies available to it as mortgagee; however, above all else, Movant wants to be able to deliver clear record or marketable title upon the conclusion of the foreclosure.  Movant continues to expend considerable time, effort and money to clear title to the Property.  Here, Debtor will not suffer any hardship if the Movant's action is allowed to proceed in Massachusetts with respect to a property it no longer holds an interest in.  The action does not present factual or legal issues which will impact or distract Debtors from the reorganization process.  Further, Debtors possess zero pecuniary interest in the Property.

25. Third, the Court has instructed that "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993).  This prong, too, weighs in Movant's favor as no strong defense exists here that would allow the Debtor to successfully defend a state court foreclosure action on the 2008 Mortgage.  "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

26. Movant respectfully submits that on the facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990)("cause" utilized to permit litigation in another forum to liquidate personal injury claim; *In Re Rexene Prods. Inc.,* 141 B.R. at 576 (legislative history indicates that "cause" may be established by a single factor – such as permitting an action to proceed in a separate tribunal).

27. Cause here exists to lift the stay because the absence of an assignment of mortgage from AMBS to MERS clouds title and impairs Movant's interest in the Mortgage.  Moreover, the consolidated Chapter 11 estate herein has no interest in the Mortgage, and such estate is certainly not necessary for reorganization purposes.  Accordingly, cause exists for the

Court to grant relief from the automatic stay, to the extent applicable, in order that Movant may pursue the rights and remedies available to it under Massachusetts law.

28. For all of the foregoing reasons, Movant respectfully requests that this Honorable Court enter an order (i) authorizing the Trustee to execute and deliver an Assignment of Mortgage to Movant; and (ii) granting relief from the automatic stay, to the extent applicable to allow Movant to pursue the remedies that may be available to it with respect to the Mortgage; and (iii) granting such other relief as is just and proper.

### RELIEF REQUESTED

WHEREFORE, Movant respectfully requests the entry of an Order that permits the Debtor to assign the mortgage to Movant and that modifies the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movant to prosecute a Massachusetts action to judgment or other resolution.

Respectfully submitted,

/s/ *Jessica L. Mullenix Woodward*
Jessica L. Mullenix Woodward
(DE Bar No. 5516)
Atlantic Law Group, LLC
913 N Market St, Suite 1011
Wilmington, DE 19801
302-339-8800 telephone
302-213-0043 facsimile
bdolphin@atlanticlawgrp.com
*Attorneys for Movant*

Date: February 1, 2017