EXHIBIT G

Case 07-11047-CSS    Doc 11311-6    Filed 03/01/17    Page 2 of 6

When Recorded Return To:
CitiMortgage, Inc.
Attn: Loss Mitigation Department #0010
5280 Corporate Drive                                                         **Redacted**
Frederick, MD 21703                                                      Loan #

## LOAN MODIFICATION AGREEMENT
### (PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Agreement"), made 08/06/10, between ANTHONY R ROSATI
("Borrower") residing at 53 BEAL STREET WINTHROP, MA 02152, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. by assignment as Mortgagee of record (solely as nominee for Lender and
Lender's successors and assigns) ("Lender") having offices at 5280 Corporate Drive, Frederick, MD 21703 and
amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument")
dated 07/01/08 and recorded on 07/09/08, Document number 200800068426, Book number na, Page na in the
Official Records of SUFFOLK County, Massachusetts and (2) the Note bearing the same date as, and secured by
the Security Instrument , which covers the real and personal property described in the Security Instrument and
defined therein as the "Property", located at 53 BEAL STREET, WINTHROP, MA, 02152, the real property
described as being set forth as follows:

### (SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged , the parties hereto agree as follows
(notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 08/06/10, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance")
is U.S. $ 310,274.64. The Borrower acknowledges that interest has accrued but has not been paid and the Lender
has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or
enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total
amount of $ 44,298.54, have been added to the indebtedness under the terms of the Note and Security Instrument
and the loan re-amortized over 360 months. When payments resume on 10/01/10, the New Unpaid Principal
Balance will be $ 354,573.18.

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender.
Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.500% effective 09/01/10 (the
"Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $
1,796.57 (which does not include amounts required for Insurance and/or Taxes) beginning on 10/01/10 and
continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 09/01/40 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as
amended by this Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms
stated in the Note remain the same.

The Borrower will make such payments at Post Office Box 9481, Gaithersburg, MD 20898-9481, or at such
other place as the Lender may require.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the
Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written
consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security
Instrument.

Page 1

Case 05-10203-MFW   Doc 3713-6   Filed 09/02/14   Page 2 of 5

# Exhibit "A"
# Legal Description

All that certain parcel of land situated in Town of Winthrop, Suffolk County, Commonwealth of Massachusetts, being known and designated as Lot 11 on a plan dated 11/24/1916 in Book 4097, Page 183, containing 3,266 square feet of land.

Commonly known as 53 Beal Street, Winthrop, MA 02152.

Being the same property as conveyed from William R. McLean and Daniel L. McLean to Anthony R. Rosati, as described in Book 27112, Page 271, Dated 09/26/2001, Recorded 09/27/2001 in SUFFOLK County Records.

Tax ID:  Redacted

POLICY TO BE ISSUED:  2006 ALTA LOAN POLICY.

If the Lender exercises this option , the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

> (a) all terms and provisions of the Note and Security Instrument (if any) providing for implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and,
> (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Agreement.

6. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties thereunder shall remain in full force and effect except as herein expressly modified.

IN WITNESS  WHEREOF, the parties have signed, sealed and delivered this agreement on the date above written.

| 8/13/10 | *Anthony R. Rosati* |
| --- | --- |
| Date | Borrower - ANTHONY R ROSATI |

| | |
| --- | --- |
| Date | Borrower - |

| | |
| --- | --- |
| Date | Borrower - |

| | |
| --- | --- |
| Date | Borrower - |

Mortgage Electronic Registration Systems, Inc.

| 8/24/10 | By: | *[signature]* |
| --- | --- | --- |
| Date | Lender - | William Hapeman |
| | | Vice President |

Page 2

STATE OF     Massachusetts
COUNTY OF    SUFFOLK

EFFECTIVE DATE:    08/06/10
BORROWERS:         ANTHONY R ROSATI

PROPERTY:          53 BEAL STREET
                   WINTHROP, MA   02152
                   Redacted
LOAN NUMBER:

## COMPLIANCE AGREEMENT

The undersigned Borrower(s), in consideration of the loan modification of the above-described loan by CitiMortgage, Inc. and/or Assigns (Lender) in the amount of $ 354,573.18,as evidence by a Promissory Note Dated 07/01/08 and secured by a Deed of Trust or Mortgage of even date against real property commonly known as: 53 BEAL STREET, WINTHROP MA, 02152 agrees to fully cooperate with any reasonable requests made by the Lender, or its agent, (1) to complete such loan modifications; or (2) to enable Lender to sell, convey, seek a guaranty or obtain insurance for, or market said loan to any purchaser, including but not limited to, any investor or institution, the Federal National Mortgage Association, The Government Nation Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any municipal bonding authority, or to ensure enforceability of loan if kept in Lender's own portfolio. These requests may include, but are not limited to, all changes, corrections, re-executions or modifications of any documents related to such loan, or execution of any additional documents as may be required.

The undersigned will comply with all such requests within thirty (30) days from the date they are made by the Lender or it's agent. If Borrower(s) fails to meet its obligations hereunder, Borrower(s) agrees to be liable for and to pay or Reimburse Lender for all costs including, but not limited to, actual expenses, legal fees, court costs, and marketing Losses incurred or sustained by Lender to enforce its rights hereunder and caused by such failure.

DATED this __13th__ day of __August__ , 20_10_

_____
Borrower - ANTHONY R ROSATI

_____
Borrower -


_____
Borrower -

_____
Borrower -

Case 07-11047-CSS   Doc 11311-6   Filed 03/01/17   Page 6 of 6

NAME AFFIDAVIT

DATE:            08/06/10

SERVICER:      **CitiMortgage, Inc.**

BORROWER'S:    ANTHONY R ROSATI

PROPERTY ADDRESS    53 BEAL STREET
                    WINTHROP   MA  02152
LOAN NUMBER:        Redacted

The undersigned,  <u>ANTHONY R ROSATI</u>
certifies that he/she is one and the same person as:

<u>Anthony R. Rosati</u>
ANTHONY R ROSATI

as signed on any of the documents executed in connection with this real estate transaction.

Borrower - ANTHONY R ROSATI          Borrower -