## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x

In re:                                              :    Chapter 11
                                                    :
AMERICAN HOME MORTGAGE                              :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                     :    Jointly Administered
a Delaware corporation, *et al.*,[1]                :
                                                    :    **Response Deadline:  February 17, 2017 by 4:00 p.m. (ET)**
                          Debtors.                   :    **Hearing Date:  February 24, 2017 at 11:00 a.m. (ET)**
                                                    :

------------------------------------------------------------------- x

### JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 107 AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING EXHIBIT A TO THE SETTLEMENT AGREEMENT RESOLVING CERTAIN EMPLOYMENT-RELATED CLAIMS TO BE FILED UNDER SEAL

Steven D. Sass, as the liquidating trustee (the "Plan Trustee") of the trust established

pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18,*

*2009* in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"),

and prospective class and collective representatives Patrick Manley, Freya DeNitto, Shawn

O'Neil, Christian Kohl, Thomas Marinovich, Thomas Byrnes, David Livingstone, Kathleen

Mamer, Randy Mamer and Scott Robisch (the "Class Representatives"), on behalf of

themselves and similarly situated prospective class and collective members, by and through

their respective counsel, hereby move this Court (the "Motion") pursuant to Sections 105

and 107 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the

Local Rules of United States Bankruptcy Court for the District of Delaware (the "Local

Rules") for the entry of for an order authorizing the Plan Trustee and Class Representatives

(collectively, the "Parties") to submit under seal Exhibit A to the *Settlement and Release*

---

[1]  The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

*Agreement* dated as of January 20, 2017 (the "Settlement Agreement")[2] annexed to the *Joint*

*Motion for Entry of Order (I) Approving a Settlement Pursuant to Fed. R. Bankr. P. 9019, (II)*

*Certifying a Class and Collective of Claimants for Settlement Purposes only, Appointing*

*Class/Collective Counsel and a Class/Collective Representative, and Preliminarily Approving the*

*Settlement Pursuant to Fed. R. Bankr. P. 7023, (III) Approving the Form and Manner of Notice to*

*Class/Collective Members of the Class/Collective Certification and Settlement, (IV) Scheduling a*

*Fairness Hearing to Consider Final Approval of the Settlement, (V) Finally Approving the Settlement*

*Pursuant to Fed. R. Bankr. P. 7023 and 29 U.S.C. § 216(b) after the Fairness Hearing, and (VI)*

*Granting Related Relief* (the "9019 Motion"), filed contemporaneously herewith, and in

support thereof, respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334, the

Amended Standing Order of Reference dated February 29, 2012 of the United States

District Court for the District of Delaware, and Article 14 of the Plan.  This matter is a core

proceeding within the meaning of 28 U.S.C § 157(b)(2).  Venue is proper under 28 U.S.C. §§

1408 and 1409.  The statutory predicates for the relief sought herein are Sections 105(a) and

107(c)(1) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

### Relief Requested

2.      Exhibit A to the Settlement Agreement contains confidential employment

information and sensitive personal information concerning the Debtors' former employees

including, *inter alia*, their names, addresses, social security numbers and the amounts they

will receive pursuant to the Settlement Agreement (the "Personal Information").  As such,

---

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement
Agreement.

and as contemplated in the Settlement Agreement, the Parties request that this Court issue

an order authorizing the Parties to file Exhibit A to the Settlement Agreement under seal to

protect the privacy of the employees by preventing the unnecessary disclosure of the

Personal Information to the public at large.

3.       Section 105(a) of the Bankruptcy Code provides bankruptcy courts with the

power to "issue any order, process, or judgment that is necessary or appropriate[.]" 11

U.S.C. § 105(a).  The Court may use the broad grant of authority provided under this

section to protect entities from the potential harm that may result from the disclosure of

certain confidential information. *See Gegert v. Trans. Admin. Servs.*, 260 F.3d 909, 918-19 (8th

Cir. 2001) (noting that plaintiff "could have prevented public disclosure … [by seeking] a

protective order under the 'necessary and appropriate' provision of 11 U.S.C. § 105(a)").

4.       Section 107 of the Bankruptcy Code authorizes the Court to issue orders to

protect individuals from the potential harm that may result from the disclosure of certain

confidential personal information.  In relevant part, Section 107 provides that

> [t]he bankruptcy court, for cause, may protect an individual,
> with respect to the following types of information to the extent
> the court finds that disclosure of such information would create
> undue risk of identity theft or other unlawful injury to the
> individual or the individual's property … (A) [a]ny means of
> identification … contained in a paper filed, or to be filed, in a
> case under this title … (B) other information contained in a
> paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

5.       The Local Rules define the procedure by which a party may move for relief

under Section 107 and require that "[a]ny party who seeks to file documents under seal

must file a motion to that effect." DEL. BANKR. L.R. 9018-1(b).

6.       Here, public disclosure of the Personal Information poses an unnecessary risk

01:21512467.1

to the former employees and serves no useful purpose as the 9019 Motion itself, which is available to public scrutiny, contains all of the relevant information that any party-in-interest requires to form an opinion on the settlement's relative benefit to the estate.  Given the financial harm that the Debtors' former employees could suffer from the public disclosure of the Personal Information, ample cause exists for authorizing the Parties to file Exhibit A to the Settlement Agreement under seal.

**WHEREFORE**, the Parties respectfully request that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, (a) authorizing the submission of Exhibit A to the Settlement Agreement under seal, and (b) granting such other and further relief as may be just and proper.

01:21512467.1

Dated:  February 3, 2017

Young, Conaway, Stargatt & Taylor,
LLP

/s/ Sean M. Beach
Sean M. Beach (No. 4070)
1000 North King Street
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Hahn & Hessen LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

Getman & Sweeney, PLLC

/s/ Daniel C. Getman
Daniel C. Getman
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

*Proposed Counsel for the Prospective
Class/Collective Members and Representatives*

01:21512467.1