## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AMERICAN HOME MORTGAGE | : Case No. 07-11047 (CSS) |
| HOLDINGS, INC., | : Jointly Administered |
| a Delaware corporation, *et al*.,[1] | : |
| | : **Re: Docket No. 11313** |
| Debtors. | : |

------------------------------------------------------------- x

### CERTIFICATION OF NO OBJECTION

The undersigned hereby certifies as follows:

1.      On February 3, 2017, Steven D. Sass, as the liquidating trustee (the "<u>Plan Trustee</u>") of the trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* in the chapter 11 cases of the above-captioned debtors, and prospective class and collective representatives Patrick Manley, Freya DeNitto, Shawn O'Neil, Christian Kohl, Thomas Marinovich, Thomas Byrnes, David Livingstone, Kathleen Mamer, Randy Mamer and Scott Robisch (the "<u>Class Representatives</u>" and together with the Plan Trustee, the "<u>Parties</u>"), on behalf of themselves and similarly situated prospective class and collective members, filed their *Joint Motion for Entry of Order (I) Approving a Settlement Pursuant to Fed. R. Bankr. P. 9019, (II) Certifying a Class and Collective of Claimants for Settlement Purposes Only, Appointing Class/Collective Counsel and Class/Collective Representatives, and Preliminarily Approving the Settlement Pursuant to Fed. R. Bankr. P. 7023, (III) Approving the Form and Manner of Notice to Class/Collective Members of the Class/Collective Certification and Settlement, (IV) Scheduling a Fairness Hearing to Consider*

---

[1] The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

*Final Approval of the Settlement, (V) Finally Approving the Settlement Pursuant to Fed. R. Bankr. P. 7023 and 29 U.S.C. § 216(b) after the Fairness Hearing, and (VI) Granting Related Relief* [Docket No. 11313] (the "<u>Motion</u>").  Responses to the Motion were to be filed and served so as to be received no later than 4:00 p.m. (EST) on February 3, 2017.

2.      As of the date hereof, the undersigned has (a) received no objection or other responsive pleading to the Motion; (b) been informed by counsel to the Original Plaintiffs and proposed counsel to the Class Representatives, that he has not received any objection or other responsive pleading to the Motion; and (c) reviewed the Court's docket in these cases and no objection or other responsive pleading to the Motion appears therein.

3.      Attached hereto as **<u>Exhibit A</u>** is a proposed order granting preliminary approval of the Settlement Agreement and related relief as requested in the Motion (the "<u>Proposed Order</u>").

4.      It is hereby respectfully requested that the Court enter the Proposed Order at its earliest convenience.

Dated:  February 21, 2017

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

*/s/Sean M. Beach*
Sean M. Beach (No. 4070)
1000 North King Street
Wilmington, Delaware 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

HAHN & HESSEN LLP
Mark S. Indelicato
Edward L. Schnitzer
Jeffrey Zawadzki
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400

*Counsel for the Plan Trustee*

01:21595990.2

**<u>EXHIBIT A</u>**

<u>PROPOSED PRELIMINARY ORDER</u>

01:21595990.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re:                                                :    Chapter 11
                                                      :
AMERICAN HOME MORTGAGE                                 :    Case No. 07-11047 (CSS)
HOLDINGS, INC.,                                        :    Jointly Administered
a Delaware corporation, *et al.*,[2]                   :
                                                      :
                                    Debtors.           :
                                                      :
---------------------------------------------------------- x

## ORDER (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT BETWEEN THE PLAN TRUSTEE AND FLSA PLAINTIFFS, (II) CERTIFYING A CLASS AND COLLECTIVE OF CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS/COLLECTIVE COUNSEL AND CLASS/COLLECTIVE REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS/COLLECTIVE MEMBERS OF CONDITIONAL CLASS/COLLECTIVE CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (VI) GRANTING <u>RELATED RELIEF</u>

The Court has considered the joint motion (the "<u>Motion</u>") of Steven D. Sass, as the liquidating trustee (the "<u>Plan Trustee</u>") of the trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* of the above-captioned debtors (the "<u>Debtors</u>"), prospective class and collective representatives Patrick Manley, Freya DeNitto, Shawn O'Neil, Christian Kohl, Thomas Marinovich, Thomas Byrnes, David Livingstone, Kathleen Mamer, Randy Mamer and Scott Robisch  (the "<u>Class Representatives</u>"), on behalf of themselves and similarly situated prospective class and collective members (together with the Class Representatives, the "<u>Class Members</u>", and the Class Members together with the Plan Trustee, the "<u>Parties</u>") for orders (i) preliminarily approving the proposed

---

[2]  The Debtors in these cases are: American Home Mortgage Holdings, Inc.; American Home Mortgage Investment Corp.; American Home Mortgage Acceptance, Inc.; AHM SV, Inc. (f/k/a American Home Mortgage Servicing, Inc.); American Home Mortgage Corp.; American Home Mortgage Ventures LLC; Homegate Settlement Services, Inc.; and Great Oak Abstract Corp.

*Settlement and Release Agreement* (the "Settlement Agreement" or "Settlement")[3] settling claims

under the federal *Fair Labor Standards Act* ("FLSA") and state the wage and hour laws of New

York; (ii) certifying a class and collective of plaintiffs for settlement purposes only; (iii)

appointing Getman & Sweeney PLLC as class and collective counsel ("Class Counsel") and the

Class Representatives as class and collective representatives; (iv) approving the form and manner

of notice to the Class Members of the conditional certification of the Class (as defined below)

and the proposed Settlement; and (v) scheduling a fairness hearing to consider the final approval

of the Settlement (the "Fairness Hearing").  The Court finds that:

A.      On February 3, 2017, the notice of the Motion (the "Notice") was served by first

class mail on the parties listed on the proof of service of the Notice filed with the Court.

B.      The Notice given constituted the best notice practicable under the circumstances,

is adequate and no other notice need be given.

C.      A full opportunity has been offered to the parties-in-interest to participate in the

hearing on the Motion.

D.      For purposes of the Class Settlement, that Class Counsel has had extensive

experience handling wage and hour class and/or collective action litigation and has acted as class

counsel in numerous such class and/or collective actions and that the Class Representatives do

not have interests antagonistic to those of the Class.

E.      For the purposes of the Settlement, that: (i) the Class, consisting of two hundred

eleven (211) Class Members, is so numerous that joinder of all Class Members is impracticable;

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

(ii) there are questions of law or fact common to the Class; (iii) the claims of the Class

Representatives are typical of the Class; (iv) the Class Representatives and the law firm of

Getman & Sweeney, PLLC have fairly and adequately protected the interests of the Class; (v)

questions of law or fact common to the Class Members predominate over any questions affecting

only the individual Class Members; and (vi) the class settlement mechanism is superior to other

available methods of resolving the alleged FLSA claims and the other claims released in the

Settlement Agreement.  Therefore, the Class should be certified for settlement purposes only,

pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, made applicable to

these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure, and 29 U.S.C. §

216(b), consisting of a class (the "Rule 23 Class") and a collective (the "Collective" and together

with the Rule 23 Class, the "Class") comprised of any individual employed by AHM Investment

and AHM Corp. at any time between November 1, 1998 and July 7, 2007 as a Loan Officer,

Senior Loan Officer and Team Leader in MortgageSelect.com, a division of AHM Investment

and AHM Corp., who was employed in New York.

F.    Notice should be given to all of the Class Members, affording them the

opportunity to opt out of, or with respect to their FLSA claims, opt in to, the Class or object to

the proposed Settlement.

G.    Based on the range of possible outcomes and the cost, delay, and uncertainty

associated with further litigation, the Settlement is reasonable and cost-effective, and preliminary

approval of the Settlement Agreement is warranted.

H.    The Settlement Agreement should be preliminarily approved.

I.    Notice to all individuals identified in **Exhibit A** to the Settlement Agreement by

first class mail, postage prepaid, at their last known address as indicated on **Exhibit A** to the

Settlement Agreement (or to such updated address as may be provided to the Trust) is reasonable and the best notice practicable under the circumstances and such mailing should be made by the Trust within ten (10) business days following the entry of this Order.

J.      The contents of the notice of settlement (the "Class Notice") annexed to the Settlement Agreement as **Exhibit C** meet the requirements of Fed. R. Civ. P. 23(c)(2)(B).  The Class Notice states the nature of the action, the issues and defenses.  The Class Notice also states that the Settlement, if approved, will be binding on all Class Members.  The Class Notice also summarizes the terms of the Settlement, the right of each Class Member to opt out of, or with respect to their FLSA claims, opt in to, the Class or object to the Settlement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request.  Further, the Class Notice informs the Class Members that the Settlement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and costs. *See* FED. R. CIV. P. 23(h).

K.      The Fairness Hearing should be held no sooner than the earliest date for entry of a binding order under 28 U.S.C. § 1715 so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Motion, to opt out of the Class or object to the proposed Settlement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

L.      Other good and sufficient cause exists for granting the relief requested in the Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth below.

2.      The Settlement Agreement is hereby preliminarily approved.

3.      A class consisting of a class (the "Rule 23 Class") and a collective (the "Collective" and together with the Rule 23 Class, the "Class") comprised of any individual employed by AHM Investment and AHM Corp. at any time between November 1, 1998 and July 7, 2007 as a Loan Officer, Senior Loan Officer and Team Leader in MortgageSelect.com, a division of AHM Investment and AHM Corp., who was employed in New York.

4.      Patrick Manley, Freya DeNitto, Shawn O'Neil, Christian Kohl, Thomas Marinovich, Thomas Byrnes, David Livingston, Kathleen Mamer, Randy Mamer and Scott Robisch are hereby appointed as representatives of the Class.

5.      The law firm of Getman & Sweeney PLLC is hereby appointed as counsel for the Class.

6.      The form of the Class Notice and the service of the Class Notice by the Trust by first class mail, postage prepaid, to each individual identified in **Exhibit A** to the Settlement Agreement at his or her last known address listed on **Exhibit A** to the Settlement Agreement (or such updated address as may be provided to the Trust) is hereby approved.

7.      The Class Notice shall be mailed by first class mail by the Trust to the individuals identified in **Exhibit A** to the Settlement Agreement within ten (10) business days following the entry of this Order.

8.      Objections or other responses to the final approval of the Settlement are to be filed with the Clerk of the Court and served upon counsel to the Plan Trustee, the Original Plaintiffs and Class Counsel as set forth in the Class Notice so as to be received by no later than **4:00 p.m. (EST) on _____, 2017**.

01:21595990.2

9.      Should a Class Member choose not to be bound by the Settlement, he or she must provide Class Counsel with a signed and dated, written notice of his or her intent to opt out of the Rule 23 Class (which notice shall include his or her name, address, telephone number and social security number) so as to be received by no later than so as to be received by no later than **4:00 p.m. (EST) on _____, 2017**.

10.     The Court shall conduct a Fairness Hearing **on _____, 2017 at _____ __.m.**

11.     In the event that the Plan Trustee determines that the number of Class Members that opt out of the Rule 23 Class certified under the Settlement is greater than fifteen percent (15%) of the Class Members (each an "Opt-Out"), he may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within five (5) business days after receipt of the final list of Opt-Outs from Class Counsel.  If the Plan Trustee elects to terminate the Settlement Agreement based on the number of Opt-Outs:  (a) the Settlement Agreement and the recitals contained therein shall be without force or effect, and neither the Settlement Agreement, nor any of the statements contained therein, shall be admissible in any proceeding involving the Parties; (b) the findings set forth in paragraphs D and E of this Order shall be of no force or effect; (c) neither the Motion, nor any of the pleadings filed in support of the Motion shall be admissible in any proceeding involving the Parties; (d) the Plan Trustee reserves his right to object to certification of the Class and the scope of the Class; and (e) the complaint and proof of claim filed by the Class Representatives shall have the same status as they would have had this Order not been entered.

12.     This Court shall retain jurisdiction, even after the closing of these chapter 11 cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

Dated:  Wilmington, Delaware
             February ___, 2017

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:21595990.2